

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 0 2006

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

IN RE:    MDL-875 – ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)

This document relates to:                    )
                                             )
KENT BUTTARS, as Personal                    )
Representative on behalf of the Legal Heirs  )    D. Idaho, C.A. No. 1:05-373-EJL
of JEAROLD BUTTARS, Deceased,                )    (Judge Edward J. Lodge)
                                             )
              Plaintiff,                      )
                                             )
vs.                                          )    NOTICE OF MOTION TO VACATE OR
                                             )    STAY CONDITIONAL TRANSFER
ATLAS TURNER, INC., et al                    )    ORDER; MEMORANDUM IN SUPPORT
                                             )    OF MOTION
              Defendants.                     )
                                             )

          PLEASE TAKE NOTICE THAT Plaintiff KENT BUTTARS, as Personal Representative

on behalf of the legal heirs of Jearold Buttars, deceased, by his attorneys, hereby moves to vacate

or stay Conditional Transfer Order No. 254, to the extent it would transfer his case to the Eastern

District of Pennsylvania for consolidation with MDL 875 cases, until such time as the United

States District Court for the District of Idaho decides a fully briefed motion to remand, which

may be decided at any time.  Plaintiff bases this motion on the ground that removal of this action

from state court was indisputably procedurally defective, the removing defendant's arguments in

favor of removal are frivolous, the District of Idaho is better situated to decide the unique factual

issues and questions of Idaho law that are pertinent to the remand motion, and there are no issues

raised by the remand motion that would be uniquely raised in asbestos cases.

Dated:  January 1____, 2006                  BRAYTON PURCELL LLP


                                             By: _____
                                             S. Brook Millard
                                             215 S. State St. #900
                                             Salt Lake City, Utah 84111

                                             Michael R. Johnson
                                             BEVIS, CAMERON & JOHNSON
                                             P.O. Box 827
                                             Boise, Idaho 83706-3667

**OFFICIAL FILE COPY**    Attorneys for Plaintiff

**IMAGED** JAN 2 0 2006

## <u>MEMORANDUM IN SUPPORT OF MOTION TO VACATE OR STAY</u>

### I.

### <u>STATEMENT OF FACTS</u>

1.    On **May 27, 2005,** plaintiff Kent Buttars, as the personal representative of the heirs of Jearold Buttars, filed suit in the Idaho State Court seeking damages for wrongful death and loss of consortium based on the death of his father, Jearold Buttars, from mesothelioma as a result of Jearold Buttars' exposure to asbestos.  Plaintiff served a copy of the complaint via certified United States mail on **August 12, 2005,** and Defendant DaimlerChrysler acknowledged receipt of the complaint on **August 16, 2005.**  Declaration of S. Brook Millard, Exhibit A.

2.    The plaintiff also served the complaint on twenty-eight other defendants via certified United States mail in August 2005, and each of the defendants acknowledged receipt of the complaint between **August 15 and August 23, 2005**.  Millard Declaration, ¶ 3 and Exhibit B thereto.

3.    Ignoring the procedural requirements that a removing defendant obtain the unanimous consent of all served defendants within the statutory thirty days for removal, DaimlerChrysler filed a Notice of Removal on **September 14, 2005**, alleging that this case is removable based on its arising on a federal enclave (Idaho National Engineering Laboratory).  Millard Declaration, Exhibit C.

4.    On **October 14, 2005**, plaintiff filed a Motion to Remand.  Millard Declaration, ¶ 5 and Exhibit D thereto.

5.    Removing defendant DaimlerChrysler filed papers opposing the Motion to Remand on **November 7, 2005.**  Millard Declaration, ¶ 6 and Exhibit E thereto.

6.    Plaintiff filed his reply on **November 17, 2005**, and the matter is now fully briefed.  Millard Declaration, ¶ 7 and Exhibit F thereto.

7.    The matter is now awaiting decision on the remand motion.  Millard Declaration, ¶ 8.  Thus, the motion may be decided at any time.

8.    On **December 19, 2005**, plaintiff's counsel received Conditional Transfer Order 254.

9.    Plaintiff filed a Notice of Opposition to the proposed transfer on **December 30, 2005**.

2

## II.

## ARGUMENT

### A.  DaimlerChrysler's Removal of This Case Was Patently Improper

10.  DaimlerChrysler failed to obtain the unanimous consent of all other defendants who had been served at the time of removal.  Of the twenty-eight defendants who had been served as of September 14, 2005, some consented, a few consented late, and others did not consent at all. Millard Declaration, Exhibit D.

11.  DaimlerChrysler addresses its failure to obtain the consents of its co-defendants by arguing in its Response that it need only obtain the consents of the defendants of whose presence in the case it had actual notice or knowledge.  Millard Declaration, Exhibit E, p. 5.

12.  DaimlerChrysler also argues that it can simply ignore the consent requirement. Millard Declaration, Exhibit E, pp. 5-7.

13.  These arguments are unsupported by the law, which states that the removal statute requires all defendants to consent, and courts have held that this requirement is mandatory.

14.  To demonstrate to the panel the lack of merit of defendant's removal arguments, plaintiff discusses here the merits of the remand motion:

### 1.  Defendant Cannot Ignore the Procedural Requirements for Removal.

15.  DaimlerChrysler claims it can simply ignore the procedural requirements for removal.  But no courts have so held, and the cases defendant cited in its Response do not support this proposition.  Courts have noted that the removing party must prove not only that the court has jurisdiction, but also that the party has complied with the procedural requirements for removal.  *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir.1986), *aff'd*, 482 U.S. 386 (1987).  A removing defendant must file its petition for removal within thirty days of being served with the summons and complaint (28 U.S.C. § 1446(b)), and all defendants who were served at the time the removal petition was filed must timely join in the removal.  *Albonetti v. GAF Corporation Chemical Group*, 520 F.Supp. 825, 827 (S.D. Texas, Galveston Division 1981).

16.  Contrary to DaimlerChrysler's assertion, courts have held that, because removal is a right created by statute, the procedural requirements are mandatory.  *McShares v. Barry*, 979

3

F.Supp. 1338, 1342 (D. Kansas 1997). Moreover, "'[t]he consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction.'" *Ross v. Thousand Adventures of Iowa, Inc.*, 163 F.Supp.2d 1044, 1050 (S.D. Iowa 2001). "A court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty." *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D. Alabama 2000).

17. Although removing defendant filed its Notice of Removal within thirty days of service, it failed to obtain the consent of several other served defendants within the statutory thirty-day period for removal. DaimlerChrysler received the complaint on August 16, 2005. Millard Declaration, ¶ 2. It, therefore, had until September 15, 2005, in which to remove *and* obtain the written consent of all served co-defendants. Defendant filed its Notice of Removal on September 14, 2005. Millard Declaration, Exhibit C. Although some other defendants filed their consents, several others filed late consents or failed to file any consent at all. Thus, removal was improper as a matter of law. Millard Declaration ¶ 6 and Exhibit E thereto.

18. 28 U.S.C. § 1446(b) unequivocally states that a removal *shall* be filed within thirty days of receipt of the initial pleading. All served defendants must join in the removal, and such joinders must be filed within the thirty-day period for removal. *Teitelbaum v. Soloski*, 843 F.Supp. 614, 616 (C.D. Cal. 1994) (holding that later-served defendant who filed joinder to removal 34 days after service of complaint on the removing defendant made removal untimely).

19. It would contradict the express language of section 1446(b) to permit any individual defendant to circumvent the thirty-day requirement by joining in another defendant's removal after the prior-served defendant's time to remove had expired. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989) (holding that defendant lost the opportunity to remove when it failed to file the petition for removal within 30 days of receiving complaint).

20. Here DaimlerChrysler received the complaint and related papers on August 16, 2005, and twenty-eight co-defendants were served when the case was removed on September 14, 2005. Millard Declaration, ¶¶ 2 and 3 and Exhibits A and B thereto.

21. Approximately half of these co-defendants consented within the thirty-day period for removal, which expired on September 15, 2005. Millard Declaration, Exhibits D and F. Because

the remaining served defendants failed to consent to remove the case within the thirty-days

allowed by law, they lost the opportunity to join in the removal. *Cantrell v. Great Republican*

*Ins. Co., supra*, 873 F.2d at 1256. Even if the thirty-day time limit is construed to be thirty days

from the date each of these additional defendants was served, the joinders were still untimely.

### 2. DaimlerChrysler Did Not Provide Any Evidence That the Idaho National Engineering Laboratory Was a Federal Enclave.

22. Even if DaimlerChrysler had obtained the unanimous consent of its co-defendants to

the removal, the removal was still improper because defendant failed to demonstrate that there is

federal enclave jurisdiction here.

23. Defendant has no evidence proving that the Idaho National Engineering Laboratory

is a federal enclave, and it has the burden of proving this issue. *United Computer Systems v. AT*

*& T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

24. DaimlerChrysler asserts this court has federal question jurisdiction based on Article

I, section 8, clause 17 of the Constitution, known as "federal enclave jurisdiction." *Willis v.*

*Craig*, 555 F.2d 724, 726 (9th Cir. 1977). Specifically, DaimlerChrysler argues that the Idaho

National Engineering Laboratory was a federal enclave at the time of exposure.

25. As set forth by the United States Supreme Court not once, but three times over 60

years ago,[1] a parcel is a federal enclave if the state in which it is located ceded jurisdiction over

the facility, and the United States accepted that cession of jurisdiction. Defendant failed to prove

that these factors exist here.

26. Whether the site meets the requirements for a federal enclave is a factual question

that involves an inquiry into when the federal government purchased the land where the facility

sits and when the decedent's injuries occurred in order to determine if the cite was a federal

enclave at the time of the alleged injuries.

27. The documentation provided by DaimlerChrysler proves, at best, that the federal

government owned some of the land at the Laboratory site. In fact, the documents themselves

---

[1]

*Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 527-28, 58 S.Ct. 1009, 1013-14 (1938);
*James v. Dravo Contracting Co.*, 302 U.S. 134, 147-48, 58 S.Ct. 208, 215 (1937); and *Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, 207, 58 S.Ct. 233, 243-44 (1937).

demonstrate the uncertainty on the question of jurisdiction. Because DaimlerChrysler has the burden of proving federal jurisdiction, it must do more than raise a question of fact that the site might be a federal enclave.

**B.      The Panel Should Stay or Deny Transfer Until The Remand Motion is Decided**

28.  It is hard to imagine a more clear example of improper removal than this case, and thus it is especially appropriate for the Panel to delay transfer of this action until the pending motion can be decided. To do otherwise would reward a frivolous removal and encourage more of the same.

29.  At least once, the Panel has vacated a previously-granted final order of transfer in order to permit the transferor judge to rule on a motion to remand. *Vasura v. ACANDS*, 84 F.Supp.2d 531, 532-33 (S.D.N.Y. 2000).

30.  Similarly, as noted in *In re Consolidated Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y. 2003), this Panel has encouraged a transferor judge to decide a remand motion, unless he found that the issues raised by the motion are likely to be common issues raised by several of the consolidated cases. *See also Ivy v. Diamond Shamrock Chemicals Co.*, 901 F.2d 7, 9 (2d Cir. 1990).

31.  Here, the unanimous consent and federal enclave issues relating to DaimlerChrysler's removal are predominantly fact issues regarding previous procedural steps taken in this particular case and the status of the Idaho National Engineering Laboratory at the time of the decedent's injuries. The legal issues will be decided by Idaho law and/or by federal procedural statutes that are well known by any federal judge. Thus, if any judge is better equipped to decide the remand motion, it is the judge sitting in the District of Idaho, who sits closer to the relevant evidence and testimony and is better able to make determinations regarding local law, if necessary. That judge should be encouraged and allowed to decide the motion, by either vacating the CTO or staying this proceeding until the remand  motion is decided.

32.  Indeed, it is likely the remand motion will be heard and decided by the Idaho District Judge before this motion is heard, and if it is not, it should be soon.

33. For all of these reasons, plaintiff Kent Buttars respectfully requests that the panel vacate the Conditional Transfer Order and/or stay this proceeding until the motion to remand to state court is decided.

### III.

### CONCLUSION

Removal of this case from Idaho state court was grossly improper. Transfer of this case to the Eastern District of Pennsylvania would be a waste of judicial resources as there is no basis for concluding that the transferee court is better equipped to resolve the issues presented by the pending remand motion than the District Court for the District of Idaho. The motion to remand now fully briefed before the District of Idaho, and should remain before that court for decision, if indeed that Court has not already decided the remand motion by the time this Panel addresses this matter.

Dated: January 17th, 2006                    BRAYTON  PURCELL LLP

By: _____
S. Brook Millard
215 S. State St. #900
Salt Lake City, Utah 84111
801-366-9100

Attorney for Plaintiff Kent Buttars

7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 0 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, S. Brook Millard, of the law firm of Brayton❖Purcell, do hereby certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of the Notice of Motion to Vacate or Stay Conditional Transfer Order; Memorandum in Support of Motion to all counsel of record, including the attached panel service list, at their usual and regular mailing addresses.

| | |
|---|---|
| AMERICAN HONDA MOTOR CO. | Dale W. Storer<br>HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.<br>1000 Riverwalk Drive, Suite 200<br>P.O. Box 50130<br>Idaho Falls, ID 83405<br>T: (208) 523-0620<br>F: (208) 523-9518 |
| BRIDGESTONE/FIRESTONE, INC. | Eugene A. Ritti, ISB No. 2156<br>HAWLEY TROXELL ENNIS & HAWLEY LLP<br>877 Main Street, Suite 1000<br>P.O. Box 1617<br>Boise, ID 83701-1617<br>T: (208) 344-6000<br>F: (208) 342-3829<br>ear@hteh.com |
| BUDD COMPANY THE | RAY, QUINNEY & NEBEKER<br>Rick L. Rose Rrose@rqn.com<br>Gregory Roberts groberts@rqn.com<br>36 South State, #1400<br>Salt Lake City, UT 84145 |
| CLEAVER-BROOKS, a division of AQUA-CHEM, INC. | RICHARDS, BRANDT, MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com<br>50 South Main, #700<br>Salt Lake City, UT 84144<br><br>A. Bruce Larson ablatty@qwest.net<br>1070 Hiline Road<br>Horizon Plaza Suite #225<br>Pocatello, ID 28301<br>801-478-7600 |
| CROWN CORK & SEAL COMPANY | STRONG & HANNI asbestos@strongandhanni.com<br>Joseph J. Joyce<br>Three Triad Center, Suite 500<br>Salt Lake City, UT 84180 |



| | |
|---|---|
| DANA CORPORATION | **BAKER & HOSTETLER, LLP**<br>**Mary Price Birk** Mbirk@baker-hostetler.com<br>**Ronald L. Hellbusch** Rhellbusch@bakerlaw.com<br>303 East 17th Avenue, Suite 1100<br>Denver, CO 80203<br><br>**GREENER BANDUCCI SHOEMAKER P.A.**<br>**Wade L. Woodard** wwoodard@greenerlaw.com<br>8115 West Washington Street<br>Boise, ID 83702 |
| DAIMLERCHRYSLER CORPORATION | J. Walter Sinclair, ISB No.2243<br>jwsinclair@stoel.com<br>Nicole C. Hancock, ISB No.6899<br>nchancock@stoel.com<br>STOEL RIVES LLP<br>101 So. Capitol Blvd, Suite 1900<br>Boise, ID 83702<br>T: (208) 389-9000<br>F: (208) 389-9040 |
| FORD MOTOR COMPANY | GREENER BANDUCCI SHOEMAKER, PA<br>Christopher C. Burke<br>815 West Washington Street<br>Boise, Idaho 83702<br><br>SNELL & WILMER LLP swasbestos@swlaw.com<br>Bryon J. Benevento<br>Dan R. Larsen<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101-1004 |
| GARLOCK, INC. | HOLLAND & HART<br>Ted C. Murdock<br>Suite 1400, U.S. Bank Plaza<br>101 South Capitol Boulevard<br>Post Office Box 2527<br>Boise, ID 83701<br>F: (208) 343-8869<br>tmurdock@hollandhart.com |
| GENERAL MOTORS CORPORATION | GREENER BANDUCCI SHOEMAKER, PA<br>Christopher C. Burke<br>815 West Washington Street<br>Boise, Idaho 83702<br><br>SNELL & WILMER LLP swasbestos@swlaw.com<br>Bryon J. Benevento<br>Dan R. Larsen<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101-1004 |

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC. | Eric R. Bjorkman<br>PERKINS COIE<br>251 East Front Street, Suite 400<br>Boise, ID 83702-7310<br>T: (208) 343-3434<br>F: (208) 343-3232<br>ebjorkman@perkinscoie.com |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION | STRONG & HANNI asbestos@strongandhanni.com<br>Joseph J. Joyce<br>Three Triad Center, Suite 500<br>Salt Lake City, UT 84180<br><br>Josh Johnson jdj@racinelaw.net<br>208-395-0011<br>101 South Capitol Blvd.  Suite 208<br>Boise, ID 83702 |
| LEAR-SIEGLER DIVERSIFIED HOLDINGS CORPORATION | RAY QUINNEY & NEBEKER<br>Rick L. Rose rrose@rqn.com<br>Gregory Roberts groberts@rqn.com<br>36 South State, #1400<br>Salt Lake City, UT 84145 |
| LIBERTY MUTUAL GROUP | Joel Ponte<br>Liberty Mutual Croup<br>Complex & Emerging Risks Claims Department<br>100 Liberty Way<br>P.O. Box 1525<br>Dover, NH 03821-1525<br>T: (603) 749-2600 ext. 32175<br>F: (603) 334-8088<br>joel.ponte@libertymutual.com |
| MAREMONT CORPORATION | BAKER & HOSTETLER, LLP<br>Mary Price Birk Mbirk@baker-hostetler.com<br>Ronald L. Hellbusch Rhellbusch@bakerlaw.com<br>303 East 17th Avenue, Suite 1100<br>Denver, CO 80203<br><br>GREENER BANDUCCI SHOEMAKER P.A.<br>Wade L. Woodard  wwoodard@greenerlaw.com<br>8115 West Washington Street<br>Boise, ID 83702 |
| MORTON INTERNATIONAL, INC. a Rohm and Haas Company, which by reorganization assumed certain commercial business obligations of former Morton Thiokol, Inc., a successor in interest to the former Thiokol Corporation | RAY, QUINNEY & NEBEKER<br>Rick L. Rose Rrose@rqn.com<br>Gregory Roberts groberts@rqn.com<br>36 South State, #1400<br>Salt Lake City, UT 84145 |

| | |
|---|---|
| NISSAN NORTH AMERICA, INC. | Stephen R. Thomas, ISB No. 2326<br>MOFFATT, THOMAS, BARRETT, ROCK &<br>FIELDS, CHARTERED<br>101 So. Capitol Blvd., 10th Floor<br>P.O. Box 829<br>Boise, ID 83701<br>T: (208) 345-2000<br>F: (208) 385-5384<br>srt@moffatt.com |
| PARKER-HANNIFIN CORPORATION | HALL, FARLEY, OBERRECHT & BLANTON, P.A.<br>Richard E. Hall, Esq.<br>702 West Idaho Street, Suite 700<br>Boise, ID 83702<br>cc: sbd@hallfarley.com |
| PNEUMO ABEX LLC, Successor in Interest to Abex Corporation | BAKER & HOSTETLER, LLP<br>Mary Price Birk Mbirk@baker-hostetler.com<br>Ronald L. Hellbusch Rhellbusch@bakerlaw.com<br>303 East 17th Avenue, Suite 1100<br>Denver, CO 80203<br><br>GREENER BANDUCCI SHOEMAKER P.A.<br>Wade L. Woodard  wwoodard@greenerlaw.com<br>815 West Washington Street<br>Boise, ID 83702<br>T: 208-319-2600<br>F: 208-319-2601 |
| ROBERTSON-CECO CORPORATION | JONES, GLEDHILL, HESS FUHRMAN & EIDEN,<br>P.A.<br>Scott D. Hess, ISB #2897<br>225 North 9th Street, Suite 820<br>Boise, ID 83701-097<br>T: 208-331-1170<br>F: 208-331-1529 |
| STANDARD MOTOR PRODUCTS, INC. | HALL, FARLEY, OBERRECHT & BLANTON, P.A.<br>Richard E. Hall, Esq.<br>702 West Idaho Street, Suite 700<br>Boise, ID 83702<br>cc: sbd@hallfarley.com |
| SMITH CHEVROLET CO., INC.'S | GREENER BANDUCCI SHOEMAKER, PA<br>Christopher C. Burke<br>815 West Washington Street<br>Boise, Idaho 83702 |

| STUART-WESTERN, INC. | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Kara L. Pettit, ISB No.5276<br>Joseph P. Barrett, ISB No.8088<br>SNOW, CHRISTENSEN & MARTINEAU<br>10 Exchange Place, 11th Floor<br>P.O. Box 45000<br>Salt Lake City, UT 84145<br>T: (801) 521-9000 |
|---|---|
| UNION CARBIDE CORPORATION | BAKER & HOSTELLER, LLP<br>Mary Price Birk Mbirk@bakerhostetler.com<br>Ronald L. Hellbusch Rhellbusch@bakerlaw.com<br>303 East 17th Avenue, Suite 1100<br>Denver, CO 80203<br><br>GREENER BANDUCCI SHOEMAKER P.A.<br>Wade L. Woodard  wwoodard@greenerlaw.com<br>8115 West Washington Street<br>Boise, ID 83702 |
| VOLKSWAGEN OF AMERICA, INC. | Dale W. Storer<br>HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.<br>1000 Riverwalk Drive, Suite 200<br>P.O. Box 50130<br>Idaho Falls, ID 83405<br>T: (208) 523-0620<br>F: (208) 523-9518 |

DATED this 18th day of January, 2006.

BRAYTON❖PURCELL

S/ BROOK MILLARD

PAGE 1 of 2

**PANEL SERVICE LIST (Excerpted from CTO-254)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Kent Buttars, etc. v. Atlas Turner, Inc., et al.,* D. Idaho, C.A. No. 1:05-373

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Eric R. Bjorkman, Jr.
Perkins Coie, LLP
251 E. Front St.
Suite 400
P.O. Box 737
Boise, ID 83701-0737

Andrew C. Brassey
Brassey, Wetherell, Crawford
& McCurdy
P.O. Box 1009
Boise, ID 83701-1009

Christopher C. Burke
Greener, Banducci & Shoemaker, P.A.
Carnegie Building
815 W. Washington Street
Boise, ID 83702

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Christopher D. Comstock
Hall, Farley, Oberrecht & Blanton
Key Financial Center
702 West Idaho Street, Suite 700
P.O. Box 1271
Boise, ID 83701-1271

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Tracy Fowler
Snell & Wilmer
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott D. Hess
Jones, Gledhill, Hess, Fuhrman
& Eiden
P O Box 1097
Boise, ID 83701-1097

Michael R. Johnson
Bevis, Cameron & Johnson
960 Broadway Avenue
Suite 220
P.O. Box 827
Boise, ID 83706-3667

L. Charles Johnson, III
Johnson Olson Chartered
P.O. Box 1725
Pocatello, ID 83204-1725

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Dan R. Larsen
Snell & Wilmer
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004

A. Bruce Larson
Meyers, Thomasen & Larson
1070 Hiline Road
#225
Pocatello, ID 83201-2935

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Steven Brook Millard
Brayton Purcell, LLP
The Parkside Office Tower
215 South State Street
Suite 900
Salt Lake, UT 84111

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

David S. Perkins
Quane Smith
P O Box 519
Boise, ID 83701-0519

Shan B. Perry
Holden, Kidwell, Hahn & Crapo
P O Box  50130
Idaho Falls, ID 83405

PANEL SERVICE LIST (Excerpted from CTO-254) - MDL 875                    PAGE 2 of 2

Joseph N. Pirtle
Elam & Burke
251 E. Front Street
Suite 300
P.O. Box 1539
Boise, ID 83702

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Eugene A. Ritti
Hawley, Troxell, Ennis & Hawley
P.O. Box 1617
Boise, ID 83701

Gregory S. Roberts
Ray Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT 84145-0385

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

J. Walter Sinclair
Stoel Rives, LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID 83702

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Dale W. Storer
Holden, Kidwell, Hahn & Crapo
P O Box 50130
Idaho Falls, ID 83405

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Stephen R. Thomas
Moffatt, Thomas, Barrett, Rock
& Fields
P.O. Box 829
Boise, ID 83701

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Wade L. Woodard
Greener, Banducci & Shoemaker, P.A.
815 West Washington Street
Boise, ID 83702

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 20 2006

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

IN RE:MDL-875 – ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)

|  |  |
|---|---|
| This document relates to: ) | |
| ) | |
| KENT BUTTARS, as Personal ) | D. Idaho, C.A. No. 1:05-373-EJL |
| Representative on behalf of the Legal Heirs ) | (Judge Edward J. Lodge) |
| of JEAROLD BUTTARS, Deceased, ) | |
| ) | |
| Plaintiff, ) | DECLARATION OF BROOK MILLARD |
| vs. ) | IN SUPPORT |
| ) | |
| ATLAS TURNER, INC., et al ) | |
| ) | |
| Defendants. ) | |

I, S. Brook Millard, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of Utah, and admitted *pro hac vice* in the Federal District Court of Idaho in this case, and am an associate in the law firm of BRAYTON PURCELL LLP, attorneys of record for the Plaintiff herein.

2. Attached hereto as Exhibit A is a true and correct copy of the proof of service upon defendant DaimlerChrysler of the complaint in this action, showing that defendant received the document on August 16, 2005.

3. In August, 2005, plaintiff also served the complaint on twenty-eight other defendants via certified United States mail. Attached hereto as Exhibit B are true and correct copies of the Affidavits of Service on these defendants.

4. A true and correct copy of DaimlerChrysler's Notice of Removal and Affidavit of J. Walter Sinclair in support thereof is attached hereto as Exhibit C.

5. On October 14, 2005, plaintiffs filed a Motion to Remand, a true and correct copy of which is attached hereto as Exhibit D.

6.  Removing defendant DaimlerChrysler filed papers opposing the Motion to Remand on November 7, 2005.  A true and correct copy of those papers is attached hereto as Exhibit E. (Because the DaimlerChrysler's Affidavit in support of its response is so large, plaintiff has not included it here.)

7.  Plaintiffs filed their reply on November 17, 2005, a copy of which is attached hereto as Exhibit F.  The matter is now fully briefed.

8.  The matter is now awaiting decision on the remand motion.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

Executed this ____ day of January, 2006, in Salt Lake City, Utah.


S/ Brook Millard

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 0 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, S. Brook Millard, of the law firm of Brayton❖Purcell, do hereby certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of the Declaration of Brook Millard in Support to all counsel of record, including the attached panel service list, at their usual and regular mailing addresses.

| | |
|---|---|
| AMERICAN HONDA MOTOR CO. | Dale W. Storer<br>HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.<br>1000 Riverwalk Drive, Suite 200<br>P.O. Box 50130<br>Idaho Falls, ID 83405<br>T: (208) 523-0620<br>F: (208) 523-9518 |
| BRIDGESTONE/FIRESTONE, INC. | Eugene A. Ritti, ISB No. 2156<br>HAWLEY TROXELL ENNIS & HAWLEY LLP<br>877 Main Street, Suite 1000<br>P.O. Box 1617<br>Boise, ID 83701-1617<br>T: (208) 344-6000<br>F: (208) 342-3829<br>ear@hteh.com |
| BUDD COMPANY THE | RAY, QUINNEY & NEBEKER<br>Rick L. Rose Rrose@rqn.com<br>Gregory Roberts groberts@rqn.com<br>36 South State, #1400<br>Salt Lake City, UT 84145 |
| CLEAVER-BROOKS, a division of AQUA-CHEM, INC. | RICHARDS, BRANDT, MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com<br>50 South Main, #700<br>Salt Lake City, UT 84144<br><br>A. Bruce Larson ablatty@qwest.net<br>1070 Hiline Road<br>Horizon Plaza Suite #225<br>Pocatello, ID 28301<br>801-478-7600 |
| CROWN CORK & SEAL COMPANY | STRONG & HANNI asbestos@strongandhanni.com<br>Joseph J. Joyce<br>Three Triad Center, Suite 500<br>Salt Lake City, UT 84180 |



JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2006 JAN 19 A 10 20

RECEIVED
CLERK'S OFFICE

| | |
|---|---|
| DANA CORPORATION | **BAKER & HOSTETLER, LLP**<br>Mary Price Birk Mbirk@baker-hostetler.com<br>Ronald L. Hellbusch Rhellbusch@bakerlaw.com<br>303 East 17th Avenue, Suite 1100<br>Denver, CO 80203<br><br>**GREENER BANDUCCI SHOEMAKER P.A.**<br>Wade L. Woodard  wwoodard@greenerlaw.com<br>8115 West Washington Street<br>Boise, ID 83702 |
| DAIMLERCHRYSLER CORPORATION | J. Walter Sinclair, ISB No.2243<br>jwsinclair@stoel.com<br>Nicole C. Hancock, ISB No.6899<br>nchancock@stoel.com<br>STOEL RIVES LLP<br>101 So. Capitol Blvd, Suite 1900<br>Boise, ID 83702<br>T: (208) 389-9000<br>F: (208) 389-9040 |
| FORD MOTOR COMPANY | GREENER BANDUCCI SHOEMAKER, PA<br>Christopher C. Burke<br>815 West Washington Street<br>Boise, Idaho 83702<br><br>SNELL & WILMER LLP swasbestos@swlaw.com<br>Bryon J. Benevento<br>Dan R. Larsen<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101-1004 |
| GARLOCK, INC. | HOLLAND & HART<br>Ted C. Murdock<br>Suite 1400, U.S. Bank Plaza<br>101 South Capitol Boulevard<br>Post Office Box 2527<br>Boise, ID 83701<br>F: (208) 343-8869<br>tmurdock@hollandhart.com |
| GENERAL MOTORS CORPORATION | GREENER BANDUCCI SHOEMAKER, PA<br>Christopher C. Burke<br>815 West Washington Street<br>Boise, Idaho 83702<br><br>SNELL & WILMER LLP swasbestos@swlaw.com<br>Bryon J. Benevento<br>Dan R. Larsen<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101-1004 |

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC. | Eric R. Bjorkman<br>PERKINS COIE<br>251 East Front Street, Suite 400<br>Boise, ID 83702-7310<br>T: (208) 343-3434<br>F: (208) 343-3232<br>ebjorkman@perkinscoie.com |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION | STRONG & HANNI  asbestos@strongandhanni.com<br>Joseph J. Joyce<br>Three Triad Center, Suite 500<br>Salt Lake City, UT 84180<br><br>Josh Johnson  jdj@racinelaw.net<br>208-395-0011<br>101 South Capitol Blvd.  Suite 208<br>Boise, ID 83702 |
| LEAR-SIEGLER DIVERSIFIED HOLDINGS CORPORATION | RAY QUINNEY & NEBEKER<br>Rick L. Rose  rrose@rqn.com<br>Gregory Roberts  groberts@rqn.com<br>36 South State, #1400<br>Salt Lake City, UT 84145 |
| LIBERTY MUTUAL GROUP | Joel Ponte<br>Liberty Mutual Croup<br>Complex & Emerging Risks Claims Department<br>100 Liberty Way<br>P.O. Box 1525<br>Dover, NH 03821-1525<br>T: (603) 749-2600 ext. 32175<br>F: (603) 334-8088<br>joel.ponte@libertymutual.com |
| MAREMONT CORPORATION | BAKER & HOSTETLER, LLP<br>Mary Price Birk Mbirk@baker-hostetler.com<br>Ronald L. Hellbusch Rhellbusch@bakerlaw.com<br>303 East 17th Avenue, Suite 1100<br>Denver, CO 80203<br><br>GREENER BANDUCCI SHOEMAKER P.A.<br>Wade L. Woodard  wwoodard@greenerlaw.com<br>8115 West Washington Street<br>Boise, ID 83702 |
| MORTON INTERNATIONAL, INC. a Rohm and Haas Company, which by reorganization assumed certain commercial business obligations of former Morton Thiokol, Inc., a successor in interest to the former Thiokol Corporation | RAY, QUINNEY & NEBEKER<br>Rick L. Rose  Rrose@rqn.com<br>Gregory Roberts  groberts@rqn.com<br>36 South State, #1400<br>Salt Lake City, UT 84145 |

| | |
|---|---|
| NISSAN NORTH AMERICA, INC. | Stephen R. Thomas, ISB No. 2326<br>MOFFATT, THOMAS, BARRETT, ROCK &<br>FIELDS, CHARTERED<br>101 So. Capitol Blvd., 10th Floor<br>P.O. Box 829<br>Boise, ID 83701<br>T: (208) 345-2000<br>F: (208) 385-5384 |
| PARKER-HANNIFIN CORPORATION | HALL, FARLEY, OBERRECHT & BLANTON, P.A.<br>Richard E. Hall, Esq.<br>702 West Idaho Street, Suite 700<br>Boise, ID 83702<br>cc: sbd@hallfarley.com |
| PNEUMO ABEX LLC, Successor in Interest to Abex<br>Corporation | BAKER & HOSTETLER, LLP<br>Mary Price Birk Mbirk@baker-hostetler.com<br>Ronald L. Hellbusch Rhellbusch@bakerlaw.com<br>303 East 17th Avenue, Suite 1100<br>Denver, CO 80203<br><br>GREENER BANDUCCI SHOEMAKER P.A.<br>Wade L. Woodard  wwoodard@greenerlaw.com<br>815 West Washington Street<br>Boise, ID 83702<br>T: 208-319-2600<br>F: 208-319-2601 |
| ROBERTSON-CECO CORPORATION | JONES, GLEDHILL, HESS FUHRMAN & EIDEN,<br>P.A.<br>Scott D. Hess, ISB #2897<br>225 North 9th Street, Suite 820<br>Boise, ID 83701-097<br>T: 208-331-1170<br>F: 208-331-1529 |
| STANDARD MOTOR PRODUCTS, INC. | HALL, FARLEY, OBERRECHT & BLANTON, P.A.<br>Richard E. Hall, Esq.<br>702 West Idaho Street, Suite 700<br>Boise, ID 83702<br>cc: sbd@hallfarley.com |
| SMITH CHEVROLET CO., INC.'S | GREENER BANDUCCI SHOEMAKER, PA<br>Christopher C. Burke<br>815 West Washington Street<br>Boise, Idaho 83702 |
| STUART-WESTERN, INC. | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Kara L. Pettit, ISB No.5276<br>Joseph P. Barrett, ISB No.8088<br>SNOW, CHRISTENSEN & MARTINEAU<br>10 Exchange Place, 11th Floor<br>P.O. Box 45000<br>Salt Lake City, UT 84145<br>T: (801) 521-9000 |

| UNION CARBIDE CORPORATION | BAKER & HOSTELLER, LLP<br>Mary Price Birk Mbirk@bakerhostetler.com<br>Ronald L. Hellbusch Rhellbusch@bakerlaw.com<br>303 East 17th Avenue, Suite 1100<br>Denver, CO 80203<br><br>GREENER BANDUCCI SHOEMAKER P.A.<br>Wade L. Woodard  wwoodard@greenerlaw.com<br>8115 West Washington Street<br>Boise, ID 83702 |
| VOLKSWAGEN OF AMERICA, INC. | Dale W. Storer<br>HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.<br>1000 Riverwalk Drive, Suite 200<br>P.O. Box 50130<br>Idaho Falls, ID 83405<br>T: (208) 523-0620<br>F: (208) 523-9518 |

DATED this 18th day of January, 2006.

BRAYTON❖PURCELL

S. BROOK MILLARD

PAGE 1 of 2

**PANEL SERVICE LIST (Excerpted from CTO-254)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Kent Buttars, etc. v. Atlas Turner, Inc., et al.,* D. Idaho, C.A. No. 1:05-373

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Eric R. Bjorkman, Jr.
Perkins Coie, LLP
251 E. Front St.
Suite 400
P.O. Box 737
Boise, ID 83701-0737

Andrew C. Brassey
Brassey, Wetherell, Crawford
& McCurdy
P.O. Box 1009
Boise, ID 83701-1009

Christopher C. Burke
Greener, Banducci & Shoemaker, P.A.
Carnegie Building
815 W. Washington Street
Boise, ID 83702

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Christopher D. Comstock
Hall, Farley, Oberrecht & Blanton
Key Financial Center
702 West Idaho Street, Suite 700
P.O. Box 1271
Boise, ID 83701-1271

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Tracy Fowler
Snell & Wilmer
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott D. Hess
Jones, Gledhill, Hess, Fuhrman
& Eiden
P O Box 1097
Boise, ID 83701-1097

Michael R. Johnson
Bevis, Cameron & Johnson
960 Broadway Avenue
Suite 220
P.O. Box 827
Boise, ID 83706-3667

L. Charles Johnson, III
Johnson Olson Chartered
P.O. Box 1725
Pocatello, ID 83204-1725

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Dan R. Larsen
Snell & Wilmer
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004

A. Bruce Larson
Meyers, Thomasen & Larson
1070 Hiline Road
#225
Pocatello, ID 83201-2935

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Steven Brook Millard
Brayton Purcell, LLP
The Parkside Office Tower
215 South State Street
Suite 900
Salt Lake, UT 84111

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

David S. Perkins
Quane Smith
P O Box 519
Boise, ID 83701-0519

Shan B. Perry
Holden, Kidwell, Hahn & Crapo
P O Box 50130
Idaho Falls, ID 83405

PANEL SERVICE LIST (Excerpted from CTO-254) - MDL 875                    PAGE 2 of 2

Joseph N. Pirtle
Elam & Burke
251 E. Front Street
Suite 300
P.O. Box 1539
Boise, ID 83702

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Eugene A. Ritti
Hawley, Troxell, Ennis & Hawley
P.O. Box 1617
Boise, ID 83701

Gregory S. Roberts
Ray Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT 84145-0385

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

J. Walter Sinclair
Stoel Rives, LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID 83702

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Dale W. Storer
Holden, Kidwell, Hahn & Crapo
P O Box 50130
Idaho Falls, ID 83405

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Stephen R. Thomas
Moffatt, Thomas, Barrett, Rock
& Fields
P.O. Box 829
Boise, ID 83701

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Wade L. Woodard
Greener, Banducci & Shoemaker, P.A.
815 West Washington Street
Boise, ID 83702

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 0 2006

FILED
CLERK'S OFFICE

# EXHIBIT A

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David R. Donadio        (State Bar # 154436)<br>Brayton<>Purcell<br>222 Rush Landing Rd., Novato, California  94948-6169<br>TELEPHONE NO.: (415) 898-1555    FAX NO. *(Optional)*: (415) 898-1247<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ADA
STREET ADDRESS: IN THE DISTRICT COURT OF THE FOURTH JUDICIAL
MAILING ADDRESS: DISTRICT STATE OF IDAHO, IN AND FOR THE
CITY AND ZIP CODE: COUNTY OF ADA
BRANCH NAME:

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Grp 756 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X] summons
    b.  [X] complaint
    c.  [ ] Alternative Dispute Resolution (ADR) package
    d.  [ ] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [ ] other *(specify documents)*:

3.  a. Party served *(specify name of party as shown on documents served)*:
       DAIMLERCHRYSLER CORPORATION

    b. Person (name and title or relationship to the party named in item 3a):
       T. ROBBINS, Authorized Agent for Service, AUG 16, 2005

    Case 4:05-cv-00078-EJL    Document 62-2    Filed 05/04/2006    Page 14 of 40

4.  Address where the party was served: 1000 CHRYSLER DRIVE, CIMS 485-13-62
       AUBURN HILLS, MI 48326

5   I served the party *(check proper box)*
    a.  [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:        (2) at *(time)*:
    b.  [ ] **by substituted service.** On *(date)*:        at *(time)*:        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

       (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:        from *(city)*:        or [ ] a declaration of mailing is attached.

       (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. July 1, 2004] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* AUG 12, 2005          (2) from *(city):* NOVATO

(3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. [ ] as an individual defendant.
b. [ ] as the person sued under the fictitious name of *(specify):*
c. [ ] as occupant.
d. [X] On behalf of *(specify):* DAIMLERCHRYSLER CORPORATION
under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
a. Name: ALAN KWONG
b. Address: 222 Rush Landing Rd., Novato, CA. 94948-6169
c. Telephone number: (400) 898-1365   Document 52-2   Filed 10/14/2005   Page 2 of 40
d. The fee for service was: $
e. I am:
(1) [X] not a registered California process server.
(2) [ ] exempt from registration under Business and Professions Code section 22350(b).
(3) [ ] registered California process server:
(i) [ ] owner [ ] employee [ ] independent contractor.
(ii) Registration No.:
(iii) County:

8. [X] **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: SEPT 26, 2005

_____
ALAN KWONG
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

# EXHIBIT B

| Name, Address & Telephone number of Attorney(s): | SAB501074 |
|---|---|
| **BRAYTON & PURCELL**<br>**ATTORNEYS AT LAW**<br>**222 RUSH LANDING ROAD**<br>**P.O. BOX 6169 (ZIP: 94948-6169)**<br>**NOVATO, CA 94945**<br>**DAVID R. DONADIO, ESQ.** | |

Attorney(s) for: **PLAINTIFF**

| ADA COUNTY COURTHOUSE<br>200 W. FRONT STREET, BOISE, ID 83702 | |
|---|---|
| **KENT BUTTARS**<br><br>**VS.**<br>**ATLAS TURNER, INC.** | Case Number: **CVP10500201**<br><br># PROOF OF SERVICE |

I, ___**JAMES J. BROWN**_____declare:
I am a registered process server in the County of SACRAMENTO, California. I was and am on the dates herein mentioned over the age of eighteen years and not a party to the above entitled action. I am authorized to serve legal process in the State of California. The following facts are within my personal knowledge. If sworn as a witness I can and will truthfully testify thereto.

1) I served the following document(s):
   **SUMMONS & COMPLAINT**

2) Person or Entity Served:
   **STANDARD MOTOR PRODUCTS, INC.**

3) Place where Service was effected:
   **2730 GATEWAY OAKS DRIVE, STE 100**
   **SACRAMENTO, CA 95833**

Case 1:05-cv-00373-E-JL   Document 52-2   Filed 10/14/2005   Page 6 of 40

4) Date of Service:  **08/17/05**          Time of Service:  **02:35 PM**

5) Manner of Service:  □ Personal Service
                       □ Substituted Service by Serving: _____

                       □ Alternative Service: _____

                       ☒ **PRENTICE HALL, BY SERVING RHONDA MCCARTY,**_____
                          **AUTHORIZE TO ACCEPT SERVICE OF PROCESS**

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on **08/25/05** at SACRAMENTO, California.

Registration: SACRAMENTO COUNTY # 1999-19
JAMES J. BROWN
3750 AUBURN BLVD., STE. B
SACRAMENTO, CA 95821

Quest Discovery Services
Santa Clara, #886

_James J. Brown_
Signature

# PROOF OF SERVICE

morooco / PROOFSER

| Name, Address & Telephone number of Attorney(s): | SAB501075 |
|---|---|

**BRAYTON & PURCELL**
**ATTORNEYS AT LAW**
**222 RUSH LANDING ROAD**
**P.O. BOX 6169 (ZIP: 94948-6169)**
**NOVATO, CA 94945**
**DAVID R. DONADIO, ESQ.**

Attorney(s) for:  **PLAINTIFF**

ADA COUNTY COURTHOUSE
200 W. FRONT STREET, BOISE, ID 83702

| **KENT BUTTARS** | Case Number:  **CVP10500201** |
|---|---|
| vs. **ATLAS TURNER, INC.** | # PROOF OF SERVICE |

I,   **JAMES J. BROWN**                                                                    declare:
I am a registered process server in the County of SACRAMENTO, California. I was and am on the
dates herein mentioned over the age of eighteen  years and not a party to the above entitled action. I
am authorized to serve legal process in the State of California.  The following facts are within my
personal knowledge.  If sworn as a witness I can and will truthfully testify  thereto.

1) I served the following document(s):
   **SUMMONS & COMPLAINT**

2) Person or Entity Served:
   **PNEUMO ABEX LLC**

3) Place where Service was effected:  Document 52-2   Filed 10/14/2005   Page 7 of 40
   **2730 GATEWAY OAKS DRIVE, STE 100**
   **SACRAMENTO ,CA 95833**

4) Date of Service:  **08/17/05**                        Time of Service:  **02:35 PM**

5) Manner of Service:   □ Personal Service
                        □ Substituted Service by Serving: _____
                        _____

                        □ Alternative Service: _____
                        _____

                        ☒  **PRENTICE HALL, BY SERVING RHONDA MCCARTY,** _____
                        **AUTHORIZE TO ACCEPT SERVICE OF PROCESS** _____

    I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct and that this declaration is executed on __**08/25/05**__ at SACRAMENTO, California.

Registration: SACRAMENTO COUNTY #  1999-19
JAMES J. BROWN                                      Quest Discovery Services
3750 AUBURN BLVD., STE. B                           Santa Clara, #886
SACRAMENTO, CA  95821

_____
Signature

# PROOF OF SERVICE

| Name, Address & Telephone number of Attorney(s): | SAB501076 |
|---|---|
| **BRAYTON & PURCELL**<br>**ATTORNEYS AT LAW**<br>**222 RUSH LANDING ROAD**<br>**P.O. BOX 6169 (ZIP: 94948-6169**<br>**NOVATO, CA 94945**<br>**DAVID R. DONADIO, ESQ.** | |
| Attorney(s) for: **PLAINTIFF** | |

| ADA COUNTY COURTHOUSE<br>200 W. FRONT STREET, BOISE, ID 83702 | |
|---|---|
| **KENT BUTTARS**<br><br>VS.<br>**ATLAS TURNER, INC.** | Case Number: **CVP10500201** |
| | # PROOF OF SERVICE |

I, ___**JAMES J. BROWN**_____declare:
I am a registered process server in the County of SACRAMENTO, California. I was and am on the dates herein mentioned over the age of eighteen years and not a party to the above entitled action. I am authorized to serve legal process in the State of California. The following facts are within my personal knowledge. If sworn as a witness I can and will truthfully testify thereto.

1) I served the following document(s):
   **SUMMONS & COMPLAINT**

2) Person or Entity Served:
   **THE BUDD COMPANY**

3) Place where Service was effected:
   **2730 GATEWAY OAKS DRIVE, STE 100**
   **SACRAMENTO, CA 95833**

4) Date of Service:  **08/17/05**          Time of Service:  **02:35 PM**

5) Manner of Service:    ☐ Personal Service
                         ☐ Substituted Service by Serving: _____
                         _____
                         ☐ Alternative Service: _____
                         ☒ **PRENTICE HALL, BY SERVING RHONDA MCCARTY,**_____
                         **AUTHORIZE TO ACCEPT SERVICE OF PROCESS**_____

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on __**08/25/05**__ at SACRAMENTO, California.

Registration: SACRAMENTO COUNTY # 1999-19
JAMES J. BROWN
3750 AUBURN BLVD., STE. B
SACRAMENTO, CA 95821

Quest Discovery Services
Santa Clara, #886

*James V. Brown*
Signature

# PROOF OF SERVICE

mororco / PROOFSER

| Name, Address & Telephone number of Attorney(s): | SAB501073 |
|---|---|
| **BRAYTON & PURCELL**<br>**ATTORNEYS AT LAW**<br>**222 RUSH LANDING ROAD**<br>**P.O. BOX 6169 (ZIP: 94948-6169**<br>**NOVATO, CA 94945**<br>**DAVID R. DONADIO, ESQ.** | |

Attorney(s) for:  **PLAINTIFF**

| ADA COUNTY COURTHOUSE<br>200 W. FRONT STREET, BOISE, ID 83702 | |
|---|---|
| **KENT BUTTARS**<br><br>VS.<br>**ATLAS TURNER, INC.** | Case Number:  **CVP10500201** |
| | # PROOF OF SERVICE |

I,  **JAMES J. BROWN** _____ declare:
I am a registered process server in the County of SACRAMENTO, California.  I was and am on the dates herein mentioned over the age of eighteen  years and not a party to the above entitled action.  I am authorized to serve legal process in the State of California.  The following facts are within my personal knowledge.  If sworn as a witness I can and will truthfully testify  thereto.

1) I served the following document(s):
   **SUMMONS & COMPLAINT**

2) Person or Entity Served:
   **HONEYWELL INTERNATIONAL, INC.**

3) Place where Service was effected:  Document 52-2    Filed 10/14/2005    Page 9 of 40
   **2730 GATEWAY OAKS DRIVE, STE 100**
   **SACRAMENTO, CA 95833**

4) Date of Service:  **08/17/05**                    Time of Service:  **02:35 PM**

5) Manner of Service:      ☐ Personal Service
                           ☐ Substituted Service by Serving: _____
                           _____
                           ☐ Alternative Service: _____
                           _____
                           ☒  **PRENTICE HALL, BY SERVING RHONDA MCCARTY,**
                           _____ **AUTHORIZE TO ACCEPT SERVICE OF PROCESS** _____

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on  **08/25/05** _ at SACRAMENTO, California.

Registration: SACRAMENTO COUNTY # 1999-19
JAMES J. BROWN
3750 AUBURN BLVD., STE. B
SACRAMENTO, CA  95821

Quest Discovery Services

Santa Clara, #886

*James J. Brown*
Signature

# PROOF OF SERVICE

mereoco / PROOFSER

Name, Address & Telephone number of Attorney(s):

**BRAYTON & PURCELL**
**ATTORNEYS AT LAW**
**222 RUSH LANDING ROAD**
**P.O. BOX 6169 (ZIP: 94948-6169**
**NOVATO, CA 94945**
**DAVID R. DONADIO, ESQ.**

SAB501077

Attorney(s) for: **PLAINTIFF**

ADA COUNTY COURTHOUSE
200 W. FRONT STREET, BOSIE, ID  83702

**KENT BUTTARS**

VS.

**ATLAS TURNER, INC.**

Case Number:  **CVP10500201**

# PROOF OF SERVICE

I,   **JAMES J. BROWN**                                                          declare:
I am a registered process server in the County of SACRAMENTO, California.  I was and am on the dates herein mentioned over the age of eighteen  years and not a party to the above entitled action.  I am authorized to serve legal process in the State of California.  The following facts are within my personal knowledge.  If sworn as a witness I can and will truthfully testify  thereto.

1) I served the following document(s):
   **SUMMONS & COMPLAINT**

2) Person or Entity Served:
   **NISSAN NORTH AMERICA, INC.**

3) Place where Service was effected: Document 52-2    Filed 10/14/2005    Page 10 of 40
   **2730 GATEWAY OAKS DRIVE, STE 100**
   **SACRAMENTO, CA 95833**

4) Date of Service:  **08/17/05**                              Time of Service:  **02:35 PM**

5) Manner of Service:  □ Personal Service
                       □ Substituted Service by Serving: _____

                       □ Alternative Service: _____

                       ☒  **PRENTICE HALL, BY SERVING RHONDA MCCARTY,**
                           **AUTHORIZE TO ACCEPT SERVICE OF PROCESS**

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on __08/25/05__ at SACRAMENTO, California.

Registration: SACRAMENTO COUNTY # 1999-19
JAMES J. BROWN
3750 AUBURN BLVD., STE. B
SACRAMENTO, CA 95821

Quest Discovery Services
Santa Clara, #886

*James J. Brown*
Signature

# PROOF OF SERVICE

morasco / PROOFSER

LAM501218
POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name State Bar number, and address):*<br>DAVID R. DONADIO, ESQ.  Bar #: 154436<br>~ BRAYTON & PURCELL<br>222 RUSH LANDING ROAD<br>P.O. BOX 6169 (ZIP: 94948-6169<br>NOVATO, CA 94945<br>   TELEPHONE NO: 415/898-1555       FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF/KENT BUTTARS, ET AL. | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

   STREET ADDRESS:

   MAILING ADDRESS:

   CITY AND ZIP CODE:

   BRANCH NAME:

| PLAINTIFF/PETITIONER: KENT BUTTARS, ET AL.<br><br>DEFENDANT/RESPONDENT: ATLAS TURNER, INC., ET AL. | CASE NUMBER:<br>CVPI0500201 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>GROUP # 756 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  [X]  summons

    b.  [X]  complaint

    c.  [ ]  Alternative Dispute Resolution (ADR) package

    d.  [ ]  Civil Case Cover Sheet *(served in complex cases only)*

    e.  [ ]  cross-complaint

    f.  [ ]  other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on the documents served):*
        **BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC**

    b.  Person served:  [ ] party in item 3a  [X] other *(specify name and relationship to the party named in item 3a):*
        **NATIONAL REGISTERED AGENTS BY SERVING SOPHY KEO, AUTHORIZED AGENT TO
        ACCEPT SERVICE**

4.  Address where the party was served: **2030 MAIN STREET, STE. 1030
    IRVINE, CA 92614**

5.  I served the party *(check proper box)*

    a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date):* **08/23/05**       (2) at *(time):* **09:30 AM**

    b.  [ ]  **by substituted service.** On *(date):*       at *(time):*       I left the documents listed in item 2 with or
        in the presence of *(name and title or relationship to person indicated in item 3b):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed
             him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
             at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
             *(date):*       from *(city):*       or [ ] a declaration of mailing is attached.

        (5)  [ ]  I attached a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. July 1, 2004] | **PROOF OF SERVICE OF SUMMONS** | Code Civil Procedure § 417.10 |
|---|---|---|

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782,
Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code.
I am employed in the County of Los Angeles,, State of California. I am over the age of
18 and not a party to the within action. My business address is 5042 Wilshire Blvd.,
#507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as
**Summons and Complaint** on **Burris International Services Corporation**, 818 W. 7th
Street, 2nd Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome
Jones, authorized agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is
true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

## IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
## FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
|     Defendants. | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. I am employed in the County of Los Angeles,, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as summons and complaint on Garlock Sealing Technologies, LLC, 818 W. 7th Street, 2nd Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

_____
MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. I am employed in the County of Los Angeles,. State of California. I am over the age of 18 and not a party to the within action.  My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as summons and complaint on American Honda Motor Co., Inc., 818 W. 9th Street, 2nd Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

_MNl a_

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

## IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
## FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. I am employed in the County of Los Angeles,, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as summons and complaint on Union Carbide Corporation, 818 W. 7th Street, 2nd Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

_____
MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782,
Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code.
I am employed in the County of Los Angeles,, State of California.  I am over the age of
18 and not a party to the within action.  My business address is 5042 Wilshire Blvd.,
#507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as
Summons and Complaint on Data Corporation, 818 W. 7th Street, 2nd Floor, Los
Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent
for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is
true and correct.

_____
MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

### IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
### FOR THE COUNTY OF ADA

| | |
|---|---|
| KENT BUTTARS, ) | CASE NO. p1-0500201 |
| Plaintiff, ) | |
| ) | |
| vs. ) | PROOF OF SERVICE |
| ) | |
| ATLAS TURNER, INC., et al. ) | |
| Defendants. ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. I am employed in the County of Los Angeles,, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as Summons and Complaint on International Truck & Engine Corporation, 818 W. 7th Street, 2nd Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Case 1:05-cv-00373-EJL   Document 52-2   Filed 10/14/2005   Page 37 of 40

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. I am employed in the County of Los Angeles,, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as summons and complaint on General Motors Corporation, 818 W. 7th Street, 2 Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Case 1:05-cv-00373-EJL   on Document 52-2   Filed 10/14/2005   Page 18 of 40

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

## IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
## FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. I am employed in the County of Los Angeles,, State of California. I am over the age of 18 and not a party to the within action. My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036. My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as summons and complaint on Ford Motor Company, 818 W. 7th Street, 29th floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

## IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
## FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
|       Plaintiff, | ) | |
| | ) | |
|       vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
|       Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782,
Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code.
I am employed in the County of Los Angeles,, State of California. I am over the age of
18 and not a party to the within action. My business address is 5042 Wilshire Blvd.,
#507. Los Angeles, California  90036. My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as
Case in 05-cv-03712-Ehl on Document 21 ac., Filed 07/14/2005 2nd Page 20 of 40
Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent
for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is
true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782,
Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code.
I am employed in the County of Los Angeles,, State of California. I am over the age of
18 and not a party to the within action. My business address is 5042 Wilshire Blvd.,
#507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as
Summons and Complaint on Monroe International, Inc., 617 W. 7th Street, 2nd floor,
Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized
agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is
true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. I am employed in the County of Los Angeles,, State of California. I am over the age of 18 and not a party to the within action. My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036. My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as Summons and Complaint on Robenson Ceco Corporation, 601 W. 5th St. 7th Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. I am employed in the County of Los Angeles,, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as summons and complaint on BMW of North America, LLC, 818 W. 7th Street, 2nd Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

## IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
## FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

l am a duly registered Process Server in Los Angeles County (Registration Number 2782, Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code. l am employed in the County of Los Angeles,, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5042 Wilshire Blvd., #507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as Summons and Complaint on Volkswagen of America, Inc., 818 W. 7th Street, 2nd Floor, Los Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169
(415) 898-1555
Attorneys for Plaintiff

Group #756

## IN THE SUPERIOR COURT FOR THE STATE OF IDAHO
## FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| KENT BUTTARS, | ) | CASE NO. p1-0500201 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| | ) | |
| ATLAS TURNER, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

I am a duly registered Process Server in Los Angeles County (Registration Number 2782,
Expiration 11-1-2005) pursuant to Section 2235(a) of the Business and Professions Code.
I am employed in the County of Los Angeles,, State of California.  I am over the age of
18 and not a party to the within action.  My business address is 5042 Wilshire Blvd.,
#507. Los Angeles, California  90036.  My telephone number is (213) 487-4123.

On August 16, 2005 at 9:31 a.m., I served the foregoing documents described as
summons and complaint on Maremont Corporation, 818 W. 9th Street, 2nd Floor, Los
Angeles, CA  90017 by personally delivering a copy to Gerome Jones, authorized agent
for service of process for the Defendant.

Executed on August 19, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of Idaho that the above is
true and correct.

_MARK VALENTI, Process Server_
MARK VALENTI, Process Server
Registration Number 2782
Los Angeles County Expiration Date 11-1-2005

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David R. Donadio      (State Bar # 154436)<br>Brayton◇Purcell<br>222 Rush Landing Rd., Novato, California 94948-6169<br>TELEPHONE NO. (415) 898-1555    FAX NO. *(Optional)*: (415) 898-1247<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ADA
STREET ADDRESS: IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
MAILING ADDRESS: OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA
CITY AND ZIP CODE:
BRANCH NAME:

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Grp 756 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. [X]  summons
    b. [X]  complaint
    c. [  ]  Alternative Dispute Resolution (ADR) package
    d. [  ]  Civil Case Cover Sheet *(served in complex cases only)*
    e. [  ]  cross-complaint
    f. [  ]  other *(specify documents)*:

3.  a.  Party served *(specify name of party as shown on documents served)*:
       R.F. MACDONALD CO.

    b.  Person served: [  ] party in item 3a   [X] other *(specify name and relationship to the party named in item 3b)*:
        P. FURTSCH, Authorized Agent for Service, AUG 17, 2005

4.  Address where the party was served: 25920 EDEN LANDING ROAD
    HAYWARD, CA 94545

5.  I served the party *(check proper box)*
    a. [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  AUG 17, 2005   (2) at *(time)*:  11:40 AM
    b. [  ]  **by substituted service.** On *(date)*:            at *(time)*:            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

        (1) [  ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [  ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [  ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [  ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:          from *(city)*:          or [  ] a declaration of mailing is attached.

        (5) [  ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. July 1, 2004] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

Case 1:05-cv-00373-EJL   Document 147-2   Filed 10/14/2005   Page 29 of 130

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                  (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* R.F. MACDONALD CO.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: TOM MINDLING
  b. Address: 222 Rush Landing Rd., Novato, CA. 94948-6169
  c. Telephone number: (415) 898-1555    Document 52-2    Filed 10/14/2005    Page 27 of 40
  d. **The fee for service was:** $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ owner  ☒ employee  ☐ independent contractor.
      (ii) Registration No.: 119
      (iii) County: MARIN

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: SEPT 20, 2005

TOM MINDLING              ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| David R. Donadio     (State Bar # 154436)<br>Brayton<>Purcell<br>222 Rush Landing Rd., Novato, California  94948-6169<br>TELEPHONE NO.: (415) 898-1555   FAX NO. (Optional): (415) 898-1247<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ADA
STREET ADDRESS: IN THE DISTRICT COURT OF THE FOURTH JUDICIAL
MAILING ADDRESS: DISTRICT STATE OF IDAHO, IN AND FOR THE
CITY AND ZIP CODE: COUNTY OF ADA
BRANCH NAME:

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Grp 756 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      CROWN CORK & SEAL COMPANY, INC.

   b. Person served: ~~party in item 3a~~ [ ] other (specify name and relationship to the party named in item 3a):
      Case 3:05-cv-00373-EJL  Document ....................... filed 3a
      B. MCVAUGH, Authorized Agent for Service, AUG 16, 2005

4. Address where the party was served: 1 CROWN WAY
   PHILADELPHIA, PA 19154

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*:          at *(time)*:          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:          from *(city)*:          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* AUG 12, 2005         (2) from *(city):* NOVATO

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* CROWN CORK & SEAL COMPANY, INC.
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                               ☐ other:

7. **Person who served papers**
  a. Name: ALAN KWONG
  b. Address: 222 Rush Landing Rd., Novato, CA. 94948-6169
  c. Telephone number: (415) 898-1555    Case 1:05-cv-00789-EJL   Document 52-2    Filed 10/14/2005    Page 29 of 40
  d. The fee for service was: $
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: SEPT 26, 2005

ALAN KWONG          ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE )

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David R. Donadio        (State Bar # 154436)<br>Brayton◇Purcell<br>222 Rush Landing Rd., Novato, California  94948-6169<br>TELEPHONE NO.: (415) 898-1555      FAX NO. *(Optional):* (415) 898-1247<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ADA
STREET ADDRESS: IN THE DISTRICT COURT OF THE FOURTH JUDICIAL
MAILING ADDRESS: DISTRICT STATE OF IDAHO, IN AND FOR THE
CITY AND ZIP CODE: COUNTY OF ADA
BRANCH NAME:

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Grp 756 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      AQUA-CHEM, INC.

   b. Person served: ~~Case 2:05-cv-00373~~ Item 3a  ☒ ~~Document 52~~ other (specify name and relationship to the party ~~Filed 01/11/2006~~ named in item 3a):<br>      E. MEYERS, Authorized Agent for Service, AUG 16, 2005

4. Address where the party was served: 1950 W. LAKE PARK DRIVE<br>      MILWAUKEE, WI 53224

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. July 1, 2004] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* AUG 12, 2005      (2) from *(city):* NOVATO

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* AQUA-CHEM, INC.
      under the following Code of Civil Procedure section:

      ☒ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                       ☐ other:

7. **Person who served papers**
  a. Name: ALAN KWONG
  b. Address: 222 Rush Landing Rd., Novato, CA. 94948-6169
  c. Telephone number: (005/89 2-1655 **Document 52-2    Filed 10/14/2005    Page 31 of 40**
  d. The fee for service was: $
  e. I am:
    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    *or*

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: SEPT 26, 2005

| ALAN KWONG | ▶ (SIGNATURE) |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David R. Donadio     (State Bar # 154436)<br>Brayton⬦Purcell<br>222 Rush Landing Rd., Novato, Califoria  94948-6169<br>TELEPHONE NO.: (415) 898-1555   FAX NO. *(Optional)* (415) 898-1247<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ADA
STREET ADDRESS: IN THE DISTRICT COURT OF THE FOURTH JUDICIAL
MAILING ADDRESS: DISTRICT STATE OF IDAHO, IN AND FOR THE
CITY AND ZIP CODE: COUNTY OF ADA
BRANCH NAME:

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Grp 756 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      BUCYRUS INTERNATIONAL, INC.

   b. Person served: ☐ party in item 3a  ☒ other *(specify name and relationship to the party named in item 3a)*:
      K. PARKER, Authorized Agent for Service, AUG 15, 2005

   Case 1:05-cv-00373-EJL   Document 10-10   Filed 10/17/2005   Page 22 of 40

4. Address where the party was served: 520 PIKE STREET, #2610
   SEATTLE, WA 98101

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:          (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*:          at *(time)*:          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:          from *(city)*:          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

c. [ X ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* AUG 12, 2005       (2) from *(city):* NOVATO

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of *(specify):*

  c. [ ] as occupant.

  d. [ X ] On behalf of *(specify):* BUCYRUS INTERNATIONAL, INC.

    under the following Code of Civil Procedure section:

    [ X ] 416.10 (corporation)         [ ] 415.95 (business organization, form unknown)

    [ ] 416.20 (defunct corporation)     [ ] 416.60 (minor)

    [ ] 416.30 (joint stock company/association)   [ ] 416.70 (ward or conservatee)

    [ ] 416.40 (association or partnership)     [ ] 416.90 (authorized person)

    [ ] 416.50 (public entity)          [ ] 415.46 (occupant)

                           [ ] other:

7. **Person who served papers**

  a. Name: ALAN KWONG

  b. Address: 222 Rush Landing Rd., Novato, CA. 94948-6169

  c. Telephone number: (415) 898-1655    Case 2:05-cv-05373-EJL   Document 52-2   Filed 10/14/2005   Page 33 of 40

  d. The fee for service was: $

  e. I am:

    (1) [ X ] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] registered California process server:

      (i) [ ] owner [ ] employee [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: SEPT 26, 2005

ALAN KWONG
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶        (SIGNATURE)

*LexisNexis® Automated California Judicial Council Forms*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David R. Donadio     (State Bar # 154436)<br>Brayton◇Purcell<br>222 Rush Landing Rd., Novato, California  94948-6169<br>TELEPHONE NO: (415) 898-1555     FAX NO. *(Optional):* (415) 898-1247<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ADA<br>STREET ADDRESS: IN THE DISTRICT COURT OF THE FOURTH JUDICIAL<br>MAILING ADDRESS: DISTRICT STATE OF IDAHO, IN AND FOR THE<br>CITY AND ZIP CODE: COUNTY OF ADA<br>BRANCH NAME: | |
|---|---|
| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER:<br><br>PI-0500201 |
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br><br>Grp 756 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. [X] summons
   - b. [X] complaint
   - c. [ ] Alternative Dispute Resolution (ADR) package
   - d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   - e. [ ] cross-complaint
   - f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      LEAR SIEGLER DIVERSIFIED HOLDINGS CORPORATION

   b. Person served: [ ] party in item 3a  [ ] other *(specify name and relationship to the party named in item 3a):*
      R.P., Authorized Agent for Service, AUG 16, 2005

Case 1:05-cv-00373-EJL   Document 52   Filed 09/21/2005   Page 1 of 46

4. Address where the party was served: 1209 ORANGE STREET
                                        WILMINGTON, DE 19801

5. I served the party *(check proper box)*
   - a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*
   - b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*                    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. July 1, 2004] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* AUG 12, 2005      (2) from *(city):* NOVATO

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* LEAR SIEGLER DIVERSIFIED HOLDINGS CORPORATION
     under the following Code of Civil Procedure section:

     ☒ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                       ☐ other:

7. **Person who served papers**
   a. Name: ALAN KWONG
   b. Address: 222 Rush Landing Rd., Novato, CA. 94948-6169
   c. Telephone number: (415) 898-1555 Case 1:05-cv-00379-EJL   Document 52-2   Filed 10/14/2005   Page 35 of 40
   d. The fee for service was: $
   e. I am:
     (1) ☒ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☐ registered California process server:
        (i) ☐ owner   ☐ employee   ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    *or*

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: SEPT 26, 2005

ALAN KWONG             ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

*LexisNexis® Automated California Judicial Council Forms*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David R. Donadio        (State Bar # 154436)<br>Brayton◇Purcell<br>222 Rush Landing Rd., Novato, California 94948-6169<br>TELEPHONE NO (415) 898-1555     FAX NO. *(Optional):* (415) 898-1247<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ADA
STREET ADDRESS: IN THE DISTRICT COURT OF THE FOURTH JUDICIAL
MAILING ADDRESS: DISTRICT STATE OF IDAHO, IN AND FOR THE
CITY AND ZIP CODE: COUNTY OF ADA
BRANCH NAME:

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |
| PROOF OF SERVICE OF SUMMONS | Ref No or File No.: Grp 756 |

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.
2.   I served copies of:
   a.   [X]   summons
   b.   [X]   complaint
   c.   [ ]   Alternative Dispute Resolution (ADR) package
   d.   [ ]   Civil Case Cover Sheet *(served in complex cases only)*
   e.   [ ]   cross-complaint
   f.   [ ]   other *(specify documents):*

3.   a.   Party served *(specify name of party as shown on documents served):*
     SMITH CHEVROLET CO., INC.

   b.   Person served: [ ] party in item 3a   [X] other *(specify name and relationship to the party named in item 3a):*
     R. COX, Authorized Agent for Service, AUG 15, 2005

Case 1:05-cv-00373-EJL     Document 2     Filed 10/17/2005     Page 36 of 40

4.   Address where the party was served: 1255 N. HOLMES
                                 IDAHO FALLS, ID 83401
5.   I served the party *(check proper box)*
   a.   [ ]   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date):*        (2) at *(time):*
   b.   [ ]   **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or
        in the presence of *(name and title or relationship to person indicated in item 3b):*

     (1)   [ ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.

     (2)   [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.

     (3)   [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed
             him or her of the general nature of the papers.

     (4)   [ ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
             at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
             *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

     (5)   [ ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* AUG 12, 2005        (2) from *(city):* NOVATO

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [X] On behalf of *(specify):* SMITH CHEVROLET CO., INC.
    under the following Code of Civil Procedure section:

    [X] 416.10 (corporation)               [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)         [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)                [ ] 415.46 (occupant)
                                  [ ] other:

7. **Person who served papers**
  a. Name: ALAN KWONG
  b. Address: 222 Rush Landing Rd., Novato, CA. 94948-6169
  c. Telephone number: (415) 898-1655
  d. The fee for service was: $
  e. I am:
    (1) [X] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

Case 1:05-cv-00573-EJL   Document 52-2   Filed 10/14/2005   Page 37 of 40

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    *or*

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: SEPT 26, 2005

ALAN KWONG
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶              (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

*LexisNexis® Automated California Judicial Council Forms*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David R. Donadio   (State Bar # 154436)<br>Brayton<>Purcell<br>222 Rush Landing Rd., Novato, California  94948-6169<br>TELEPHONE NO.: (415) 898-1555   FAX NO. *(Optional)*: (415) 898-1247<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ADA
STREET ADDRESS: IN THE DISTRICT COURT OF THE FOURTH JUDICIAL
MAILING ADDRESS: DISTRICT STATE OF IDAHO, IN AND FOR THE
CITY AND ZIP CODE: COUNTY OF ADA
BRANCH NAME:

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Grp 756 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      PARKER-HANNIFIN CORP.

   b. Person served ~~same as item 3a~~ [X] other *(specify name and relationship to the party named in item 3a)*:
      Case 1:05-cv-00373-EJL   Document 107   Filed 07/14/2005   Page 58 of 140
      JOHN DOE, Authorized Agent for Service, AUG 15, 2005

4. Address where the party was served: 6035 PARKLAND BLVD.
                                        CLEVELAND, OH 44124

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date)*:                (2) at *(time)*:

   b. [ ] **by substituted service.** On *(date)*:           at *(time)*:           I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
              of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
              place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box. I informed
              him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
              at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
              *(date)*:           from *(city)*:           or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**   Code of Civil Procedure, § 417.10<br>*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF/PETITIONER: KENT BUTTARS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATLAS TURNER, INC. | PI-0500201 |

c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* AUG 12, 2005      (2) from *(city):* NOVATO

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* PARKER-HANNIFIN CORP.
      under the following Code of Civil Procedure section:

      ☒ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                        ☐ other:

7. **Person who served papers**
   a. Name: ALAN KWONG
   b. Address: 222 Rush Landing Rd., Novato, CA. 94948-6169
   c. Telephone number: (415) 898-1555
   d. The fee for service was: $
   e. I am:

     (1) ☒ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☐ registered Califomia process server:
        (i) ☐ owner ☐ employee ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: SEPT 26, 2005

ALAN KWONG
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)               ▶       (SIGNATURE)

*(overlay text):* Case 1:05-cv-00375-EJL   Document 52-2   Filed 10/14/2005   Page 39 of 40

| NAME AND ADDRESS OF SENDER: DAVID DONADIO, ESQ. - SB# 154436 BRAYTON <> PURCELL, LLP. 222 Rush Landing Road Novato, CA 94948-6169 | TELEPHONE NO.: (415) 898-1555 FAX NO  (415) 898-1247 | For Court Use Only: |
|---|---|---|

Insert name of court, judicial district or branch court, if any, and Post Office and Street Address:
Ada County Courthouse
200 W. Front Street
Boise, ID. 83702

PLAINTIFF:

KENT BUTTARS

DEFENDANT:

ATLAS TURNER, INC.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT | Case Number: P1-0500201 |
|---|---|

TO:  Monte S. Travis    (Plant Insulation Company)
(Insert name of Individual being served)

This summons and other documents(s) indicated below are being served pursuant to Section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it to me within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons and other document(s) are deemed served on the date you sign the Acknowledgment of Receipt below, if you return this form to me.

Dated:   Case 1:05-cv-00373-EJL   Document 52-2   Filed 10/14/2005   Page 40 of 40
August 12, 2005 # 756                                                        (Signature of sender)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of: (To be completed by sender before mailing)
1. [X] A copy of the summons and of the complaint.
2. [ ] A copy of the summons and of the Petition (Marriage) and:
   [ ] Blank Confidential Counseling Statement (Marriage)
   [ ] Order to Show Cause (Marriage)
   [ ] Blank Responsive Declaration
   [ ] Blank Financial Declaration
   [ ] Other: (Specify)

(To be completed by recipient)

August 15, 2005

Date of receipt: . . . . . . . . . . . . . . . . .

August 15, 2005

Date this form is signed: . . . . . . . . . . .

_Assistant_

(Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

_Plant Insulation_

Jamie Aaronson, Plant Insulation
(Type or print your name and name of entity, if any, on whose behalf this form is signed)

Form Approved by the
Judicial Council of California
Revised Effective January 1, 1975
Judicial Council Forms for HotDocs ™

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT**

CCP 415.30, 417.10;
Cal. Rules of Court,
Rule 1216

# EXHIBIT C

J. Walter Sinclair, ISB No. 2243
*Email: jwsinclair@stoel.com*
Nicole C. Hancock, ISB No. 6899
*Email: nchancock@stoel.com*
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for Defendant DaimlerChrysler Corporation

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| KENT BUTTARS, as Personal Representative on behalf of the Legal Heirs of JEAROLD BUTTARS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>ATLAS TURNER, INC.; AQUA-CHEM, INC.; BUCYRUS INTERNATIONAL, INC.; R.F. MACDONALD CO.; BELL ASBESTOS MINES LTD.; JOHN CRANE, INC.; DANA CORPORATION; FOSTER WHEELER L.L.C.; LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.; MORTON INTERNATIONAL, INC.; OWENS-ILLINOIS, INC.; PARKER-HANNIFIN CORPORATION; PLANT INSULATION COMPANY; UNION CARBIDE CORPORATION; CONGOLEUM CORPORATION; ROBERTSON-CECO CORPORATION; AMERICAN HONDA MOTOR CO., INC.; BMW OF NORTH AMERICA, LLC; NISSAN NORTH AMERICA, INC.; VOLKSWAGEN OF AMERICA, INC.; SMITH CHEVROLET CO. INC.; STUART-WESTERN, INC.; PNEUMO ABEX LLC; HONEYWELL INTERNATIONAL, INC.; THE BUDD COMPANY; CROWN, CORK & SEAL; | Case No. _____<br><br><br>**NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL** - 1

Boise-187547.1 0063393-00001

DAIMLERCHRYSLER CORPORATION;
FORD MOTOR COMPANY;
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL
MOTORS CORPORATION;
MAREMONT CORPORATION;
STANDARD MOTOR PRODUCTS, INC.;
INTERNATIONAL TRUCK & ENGINE
CORPORATION; BURNS
INTERNATIONAL SERVICES
CORPORATION; METROPOLITAN
LIFE INSURANCE COMPANY;
GARLOCK SEALING TECHNOLOGIES,
LLC; and DOES 1 through 800, inclusive,

Defendants.

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant DaimlerChrysler Corporation

("DaimlerChrysler"), by and through its undersigned counsel, and without waiver of any

defenses, including but not limited to insufficient service of process, jurisdiction, and venue, files

this Notice of Removal of the above action from the Fourth Judicial District of the State of Idaho

to the United States District Court for the District of Idaho.

Pursuant to Local Rules of Civil Practice, Rule 81.1, a true, correct, and complete copy of

the state court record and docket sheet are attached to the Affidavit of J. Walter Sinclair as

Exhibit D.

As grounds for this removal, DaimlerChrysler states as follows:

1.      Upon information and belief, on May 27, 2005, Plaintiffs commenced an action in

the Fourth Judicial District of the State of Idaho entitled *Kent Buttars, as Personal*

*Representative on behalf of the Legal Heirs of Jearold Buttars v. Atlas Turner, Inc., et al.*, Case

No. CV PI 0500201.  DaimlerChrysler received a copy of the Summons and Complaint on

August 16, 2005 via certified mail.  *See* Exhibit A to the Affidavit of J. Walter Sinclair.

2.      DaimlerChrysler's removal is filed within the time limits of 28 U.S.C. § 1446(b)

**NOTICE OF REMOVAL - 2**

Boise-187547.1 0063393-00001

as it is filed within thirty days of its receipt of the Summons and Complaint. In fact, DaimlerChrysler's time to remove this matter has neither expired nor even started because Plaintiffs have not effected proper service of process on DaimlerChrysler. *Murphy Brothers, Inc. v. Michettin Piper Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 1325 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the Summon and Complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by formal service.").

I.      **This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1331**

A.      This is an action in which the district courts of the United States have been given original jurisdiction under the provisions of 28 U.S.C. § 1331, as the underlying action arises (in part) by alleged exposure to asbestos or asbestos-containing products while employed by Westinghouse Electric Company as a nuclear refueling technician in Idaho Falls, Idaho from 1956-1973. (*See* Complaint, ¶19 and Exhibit A attached thereto). Upon information and belief, Westinghouse Electric Company conducted these operations on the Idaho National Engineering Laboratory (INEL), a federal enclave owned and operated by the United States government and its Department of Energy. Therefore, this action gives rise to federal enclave jurisdiction, which provides for removal under 28 U.S.C. § Section 1331. *See, e.g.*, U.S. Constitution, Art. I, §8, cl. 17; *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) ("Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as part of federal question jurisdiction."); *Willis v. Craig*, 555 F.2d 724, 726, n.4 (9th Cir. 1977).

B.      Plaintiff is attempting to avoid removal by no longer including an allegation of activities conducted on United States Army bases in Texas, Michigan, and Georgia, as he did in

**NOTICE OF REMOVAL - 3**

his first suit brought against these Defendants. *See* Case No. 04-CV-206; *See also* Request for

Judicial Notice filed contemporaneously with Removal Pleadings. In Plaintiff's original

Complaint filed on March 9, 2004, and attached as Exhibit B to the Affidavit of J. Walter

Sinclair, Plaintiff alleges that he was exposed to asbestos or asbestos-containing products while

employed by the U.S. Army at Ft. Bliss in El Paso, Texas, at Ft. Custer in Michigan, and at Ft.

Stewart in Georgia from 1951-1953. (*See* March 9, 2004 Complaint, ¶14 and Exhibit A attached

thereto; *see also* Case No. 04-CV-206, Docket Nos. 60 and 96). Because Texas, Michigan, and

Georgia have ceded exclusive jurisdiction over the lands where these bases are located to the

United States government, these bases are federal enclaves and removal under 28 U.S.C.

§ Section 1331 is proper. Plaintiff has removed these allegations from the current Complaint and

also from Exhibit A attached to the complaint in an attempt to thwart removal to U.S. District

Court.

## II.   Venue is Proper in this Court

    A.    The United States District Court for the District of Idaho is the appropriate court

for filing a Notice of Removal from the Fourth Judicial District of the State of Idaho, where the

action is pending.

## III.   DaimlerChrysler Has Complied with Removal Request

    A.    Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders in the

state court's file of which DaimlerChrysler is aware are filed with this Notice.

    B.    All defendants who have been served in this case have consented to this removal.

These consents are attached as Exhibit C to the Affidavit of J. Walter Sinclair.

    C.    A copy of this Notice of Removal will be filed with Clerk of the Fourth Judicial

District of the State of Idaho, and a copy has been served on the attorney for Plaintiffs, as

**NOTICE OF REMOVAL - 4**

indicated on the attached Certificate of Mailing.

WHEREFORE, Defendant DaimlerChrysler removes this action from the Fourth Judicial

District of the State of Idaho to the United States District Court for the District of Idaho.

DATED:  September 14, 2005

J. Walter Sinclair
Nicole C. Hancock
Attorneys for Defendant DaimlerChrysler

**NOTICE OF REMOVAL - 5**
Boise-187547.1 0063393-00001

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **NOTICE OF REMOVAL**

upon the following, in the matter indicated below on this 14th day of September, 2005:


Michael R. Johnson                         [√] Via U.S. Mail
BEVIS, CAMERON & JOHNSON                    [  ] Via Facsimile
960 Broadway Avenue, Suite 220             [  ] Via  Overnight Mail
P.O. Box 827                               [  ] Via Hand Delivery
Boise, ID 83706-3667                       [  ] Via Email
Telephone (208) 345-1040
Facsimile: (208) 345-0365


S. Brook Millard                           [√] Via U.S. Mail
BRAYTON PURCELL                            [  ] Via Facsimile
215 South State Street, Suite 900          [  ] Via Overnight Mail
Salt Lake City, UT 84111                   [  ] Via Hand Delivery
Telephone: (801) 366-9100                  [  ] Via Email
Facsimile: (801) 350-0065

**ATTORNEYS FOR PLAINTIFF**

A. Bruce Larson                            [√] Via U.S. Mail
1070 Hiline Road                           [  ] Via Facsimile
Horizon Plaza, Ste #225                    [  ] Via Overnight Mail
Pocatello, ID 83201                        [  ] Via Hand Delivery
Telephone: (208) 478-7600                  [  ] Via Email
Facsimile: (208) 233-4174


**NOTICE OF REMOVAL - 6**
Boise-187547.1 0063393-00001

Dale W. Storer
*Email: dstorer@holdenlegal.com*
HOLDEN KIDWELL HAHN & CRAPO
1000 Riverwalk Drive, Suite 200
PO Box 50130
Idaho Falls, ID 83405
Telephone: (208) 523-0620
Facsimile: (208) 523-9518

[ ✓ ] Via U.S. Mail
[ ] Via Facsimile
[ ] Via Overnight Mail
[ ] Via Hand Delivery
[ ] Via Email

Tracy H. Fowler
*Email: tfowler@swlaw.com*
James D. Gardner
*Email: jdgardner@swlaw.com*
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

[ ✓ ] Via U.S. Mail
[ ] Via Facsimile
[ ] Via Overnight Mail
[ ] Via Hand Delivery
[ ] Via Email

**ATTORNEYS FOR AMERICAN HONDA
MOTOR CO., INC. and VOLKSWAGEN OF
AMERICA, INC.**

Eugene A. Ritti
*Email: ear@hteh.com*
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P. O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829

[ ✓ ] Via U.S. Mail
[ ] Via Facsimile
[ ] Via Overnight Mail
[ ] Via Hand Delivery
[ ] Via Email

**ATTORNEYS FOR
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC**

**NOTICE OF REMOVAL - 7**

Boise-187547.1 0063393-00001

Christopher C. Burke
GREENER BANDUCCI SHOEMAKER, P.A.
815 West Washington Street
Boise, ID 83702
Telephone: (208) 319-2600
Facsimile: (208) 319-2601

[ ✓ ] Via U.S. Mail
[ ] Via Facsimile
[ ] Via Overnight Mail
[ ] Via Hand Delivery
[ ] Via Email

Dan R. Larsen
SNELL & WILMER, LLP
15 West South Temple, Suite 1200
Gateway Tower West
SLC, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

[✓] Via U.S. Mail
[ ] Via Facsimile
[ ] Via Overnight Mail
[ ] Via Hand Delivery
[ ] Via Email

**ATTORNEYS FOR FORD MOTOR
COMPANY and GENERAL MOTORS
CORPORATION**
Stephen R. Thomas
MOFFATT THOMAS BARRETT ROCK &
FIELDS, CHTD.
US Bank Plaza Building
101 S. Capitol Blvd, 10th Floor
Boise, ID 83701
Telephone: (208) 345-2000
Facsimile: (208) 385-5384

[ ✓ ] Via U.S. Mail
[ ] Via Facsimile
[ ] Via  Overnight Mail
[ ] Via Hand Delivery
[ ] Via Email

**ATTORNEYS FOR NISSAN NORTH
AMERICA, INC.**

[ ✓ ] Via U.S. Mail
[ ] Via Facsimile
[ ] Via Overnight Mail
[ ] Via Hand Delivery
[ ] Via Email

Richard E. Hall
reh@hallfarley.com
Kevin J. Scanlan
kjs@hallfarley.com
Chris D. Comstock
cdc@hallfarley.com
HALL, FARLEY, OBERRECHT & BLANTON,
P.A.
702 West Idaho, Suite 700
P.O. Box 1271
Boise, ID 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585

**ATTORNEYS FOR STANDARD MOTOR
PRODUCTS, INC. and PARKER-HANNIFIN
CORPORATION**

**NOTICE OF REMOVAL - 8**
Boise-187547.1 0063393-00001

Kara L. Petit
Joseph P. Barrett
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
P.O. Box 45000
SLC, UT 84145
Telephone: (801) 521-9000

[✓] Via U.S. Mail
[ ] Via Facsimile
[ ] Via Overnight Mail
[ ] Via Hand Delivery
[ ] Via Email

**ATTORNEYS FOR STUART WESTERN, INC.**

Nicole C. Hancock
Attorney for Defendant
DaimlerChrysler Corporation

**NOTICE OF REMOVAL - 9**

Boise-187547.1 0063393-00001

J. Walter Sinclair, ISB No. 2243
Email: jwsinclair@stoel.com
Nicole C. Hancock, ISB No. 6899
Email: nchancock@stoel.com
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for Defendant DaimlerChrysler Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| KENT BUTTARS, as Personal Representative on behalf of the Legal Heirs of JEAROLD BUTTARS, Deceased, | Case No. CIV05-373-S-EJL |
| Plaintiff, | |
| v. | **AFFIDAVIT OF J. WALTER SINCLAIR IN SUPPORT OF NOTICE OF REMOVAL** |
| ATLAS TURNER, INC.; AQUA-CHEM, INC.; BUCYRUS INTERNATIONAL, INC.; R.F. MACDONALD CO.; BELL ASBESTOS MINES LTD.; JOHN CRANE, INC.; DANA CORPORATION; FOSTER WHEELER L.L.C.; LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.; MORTON INTERNATIONAL, INC.; OWENS-ILLINOIS, INC.; PARKER-HANNIFIN CORPORATION; PLANT INSULATION COMPANY; UNION CARBIDE CORPORATION; CONGOLEUM CORPORATION; ROBERTSON-CECO CORPORATION; AMERICAN HONDA MOTOR CO., INC.; BMW OF NORTH AMERICA, LLC; NISSAN NORTH AMERICA, INC.; VOLKSWAGEN OF AMERICA, INC.; SMITH CHEVROLET CO. INC.; STUART-WESTERN, INC.; PNEUMO ABEX LLC; HONEYWELL INTERNATIONAL, INC.; THE BUDD | |

**AFFIDAVIT OF J. WALTER SINCLAIR IN SUPPORT OF NOTICE OF REMOVAL - 1**

COMPANY; CROWN, CORK & SEAL;
DAIMLERCHRYSLER CORPORATION;
FORD MOTOR COMPANY;
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL
MOTORS CORPORATION;
MAREMONT CORPORATION;
STANDARD MOTOR PRODUCTS, INC.;
INTERNATIONAL TRUCK & ENGINE
CORPORATION; BURNS
INTERNATIONAL SERVICES
CORPORATION; METROPOLITAN
LIFE INSURANCE COMPANY;
GARLOCK SEALING TECHNOLOGIES,
LLC; and DOES 1 through 800, inclusive,

             Defendants.

STATE OF IDAHO  )
               ) ss:
County of Ada    )

      J. Walter Sinclair, first being duly sworn upon oath, deposes and states:

      1.      I am a partner in the law firm of Stoel Rives, LLP, the attorneys of record for

Defendant DaimlerChrylser Corporation.  I make this affidavit on my personal knowledge and

belief.

      2.      Defendant DaimlerChrysler believes that additional grounds exist for the removal

of this matter based on diversity.

      3.      Plaintiffs' fail to allege a specific amount of damages over $75,000.

      4.      Defendants believe that Plaintiffs have named Smith Chevrolet simply to avoid

removal on diversity grounds.

      5.      During the deposition of Jearold Buttars taken on April 6, 2004, Jearold Buttars

mentioned Smith Chevrolet only two times.  Mr. Buttars indicated he purchased replacement

brake and clutch parts from Smith Chevrolet.  *See* Exhibit A attached hereto.

**AFFIDAVIT OF J. WALTER SINCLAIR IN SUPPORT OF NOTICE OF REMOVAL-2**
Boise-187707.1 0063393-00001

6.     Plaintiff Buttars also indicated that he purchased these same parts from Nick's

Auto Parts, Ellsworth Dodge and Hart Pontiac, yet they are not named defendants in this lawsuit.

*See* Exhibit A attached hereto.

7.     Smith Chevrolet, Inc. was incorporated after 1930. *See* Exhibit B attached hereto.

8.     Complete diversity exists upon all other defendants and plaintiffs, less Smith

Chevrolet. *See* Exhibit C attached hereto.

9.     If allowed to serve the requested limited discovery, attached as Exhibit D hereto,

DaimlerChrysler believes it can determine if grounds exist for removal based on diversity.

J. Walter Sinclair

SUBSCRIBED AND SWORN to before me this 22nd day of September, 2005.

Nancey Evans

NOTARY PUBLIC FOR IDAHO
Residing at: _Boise_
My Commission Expires: _6/12/09_

**AFFIDAVIT OF J. WALTER SINCLAIR IN SUPPORT OF NOTICE OF REMOVAL-3**
Boise-187707.1 0063393-00001

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2005, I served a copy of the foregoing

**AFFIDAVIT OF J. WALTER SINCLAIR IN SUPPORT OF NOTICE OF REMOVAL** on

CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

cburke@greenerlaw.com, tlauric@greenerlaw.com  (attorney for Ford/GM)
tfowler@swlaw.com  (attorney for Honda)
reh@hallfarley.com, klm@hallfarley.com (attorney for Parker-Hannifan/Standard Motors)
ablatty@qwest.com (attorney for Aqua-Chem, Inc.)
ear@hteh.com, jln@hteh.com, klr@htech.com (attorneys for Bridgestone/Firestone)
dstorer@holdenlegal.comm smueller@holdenlegal.com (attorneys for Honda/Volkswagen)
srt@moffatt.com, jch@moffatt.com, ecf@moffatt.com, moffattthomas@hotmail.com (attorneys for
Nissan North America)

Additionally, a copy of the foregoing **AFFIDAVIT OF J. WALTER SINCLAIR IN**

**SUPPORT OF NOTICE OF REMOVAL** was served on the parties in the manner indicated

below and addressed to:

Michael R. Johnson
Bevis Cameron & Johnson
P.O. Box 827
Boise, ID 83706-3667

[ ✓ ] Via U. S. Mail
[ ] Via Hand-Delivery
[ ] Via Overnight Delivery
[ ] Via Facsimile

Dan R. Larsen
Snell & Wilmer
15 W. South Temple #1200
SLC, UT 84101-1004

[ ✓ ] Via U. S. Mail
[ ] Via Hand-Delivery
[ ] Via Overnight Delivery
[ ] Via Facsimile

David Backenstoe
Eisenberg & Gilchrist
215 S. State St #900
SLC, UT 84111

[ ✓ ] Via U. S. Mail
[ ] Via Hand-Delivery
[ ] Via Overnight Delivery
[ ] Via Facsimile

Nicole Hancock
Attorney for Defendant
DaimlerChrysler Corporation

**AFFIDAVIT OF J. WALTER SINCLAIR IN SUPPORT OF NOTICE OF REMOVAL - 4**

Boise-187707.1 0063393-00001

# EXHIBIT "A"

Page 3

1  For the Defendant, Honeywell International:
2  MATTHEW MONCUR
3  BALLARD, SPAHR, ANDREWS & INGERSOLL
4    201 South Main Street, Suite 600
5    Salt Lake City, Utah  84111-2221
6  .
7  For the Defendant, International Truck & Engine
8  Corporation:
9  JAMES D. FRANCKOWIAK
10  STRONG & HANNI
11    3 Triad Center, Suite 500
12    Salt Lake City, Utah  84180
13  .
14  For the Defendants, Bridgestone/Firestone and
15  North American Tire, LLC:
16  KENNETH C. HOWELL
17  HAWLEY, TROXELL, ENNIS & HAWLEY
18    877 Main Street, Suite 1000
19    Boise, Idaho  83701-1617
20  .
21  .
22  .
23  .
24  .
25  .

Page 5

1  For the Defendant, John Crane:
2  FRED LEWIS
3  RACINE, OLSON, NYE, BUDGE & BAILEY
4    201 East Center
5    Pocatello, Idaho  83201-6329
6  .
7  For the Defendant, Toyota Motor Sales, U.S.A.,
8  Inc.:
9  ROBERT C. CRANE
10  BRYDON, HUGO & PARKER
11    135 Main Street, 20th Floor
12    San Francisco, California
13  .
14  Also Present:
15    Marilyn Buttars
16  .
17  .
18  .
19  .
20  .
21  .
22  .
23  .
24  .
25  .

Page 4

1  For the Defendant, Borg Warner:
2  JENNIFER D. LOYND
3  DAVIS, ROTHWELL, MULLIN, EARLE & XOCHIHUA
4    2850 Bank of America Tower
5    701 Fifth Avenue
6    Seattle, Washington  98104-7047
7  .
8  For the Defendant, Gatke:
9  PAUL C. FARR
10  SUITTER AXLAND
11    175 South West Temple, Suite 700
12    Salt Lake City, Utah  84101-1480
13  .
14  For the Defendants, Ford Motor Company, General
15  Motors and Honda Motors:
16  DAN R. LARSEN
17  SNELL & WILMER
18    15 West South Temple, Suite 1200
19    Salt Lake City, Utah  84101
20  .
21  For the Defendant, Daimler Chrysler Corporation:
22  EVAN C. NELSON
23  THELEN, REID & PRIEST
24    101 Second Street, Suite 1800
25    San Francisco, California  94105-3606

Page 6

1         INDEX
2  Witness                              Page
3  JEAROLD BUTTARS
4  Examination by Mr. Millard .................  10
5  Examination by Mr. Hellbusch ...............  222
6  .
7         EXHIBITS
8  Number                               Page
9  1 Diagram                            229
10  2 Diagram                            229
11  3 Diagram                            269
12  4 Page nine of IBEW Journal
13  .
14  .
15  .
16  .
17  .
18  .
19  .
20  .
21  .
22  .
23  .
24  .
25  .

Page 159

1  solvent or whatever we had available to wipe the
2  stuff down with.
3        And then the rags again would go into
4  the laundry bag. And I had a laundry company and
5  I think it was called American Linen out of, I
6  think it was Pocatello that would come up and
7  they would launder these same rags, bring it back
8  to us all nice and clean and folded up and we
9  would reuse them again.
10       I am sure you are all aware of seeing a
11  service station attendant with a red rag hanging
12  out his back pocket. That's, that's the type of
13  rags we used.
14    Q.   Okay. Have you now described in full
15  for us how you changed both the drum brake and
16  the disk brake?
17    A.   Well, we, like I said, we put the
18  caliper back on and then what we always would do
19  was get in the car and pump the pedal. And the
20  reason for that is is when you collapse that
21  piston back in you've got some room there and if,
22  if you turn the car over to a customer
23  immediately, you have no brakes until you pump
24  that up and put that piston back out there to
25  where it contacts the pad and the pads can

Page 160

1  contact the rotor.
2    Q.   Is there a common term for that process
3  that the rest of us might be aware of?
4    A.   Just more or less a checklist.
5    Q.   Is it like bleeding the brakes?
6    A.   No. No.
7    Q.   I am just--what is bleeding the brake?
8    A.   That's when you--each wheel cylinder,
9  each wheel cylinder has what they call a bleeding
10  set screw. It's hollow and it's, it's machined
11  to where it's round on the back end and when you
12  screw it clear in it makes a seal.
13       When you want to bleed the brakes you
14  have somebody pumping the brake pedal inside the
15  car. You loosen this little set screw up in
16  the--and it's hollow and the brake fluid will
17  squirt out. And you, when you bleed the brakes
18  you do that two or three times and make sure that
19  when, when the brake fluid comes out it's solid,
20  that there is no air in it.
21    Q.   Was that part of the process of
22  changing brakes?
23    A.   If need be.
24    Q.   Okay.
25    A.   Not always.

Page 161

1    Q.   Not always?
2    A.   If need be.
3    Q.   Okay.
4    A.   If we--let me back up just a second on
5  the shoe brakes again. If we--
6    Q.   That's with the drum brakes, right?
7    A.   Yeah.
8    Q.   Okay.
9    A.   If we, if we had a problem with the
10  wheel cylinder, like I told you, we hone the
11  cylinder out.
12    Q.   Right.
13    A.   Then you always have to bleed the
14  brakes then. But if you do a regular brake job,
15  so to speak, you don't have to bleed the brakes.
16       Then the next step after you push that
17  caliper back out and make the contact, you always
18  check the brake cylinder. Now, when I say the
19  brake cylinder, I am talking about the master
20  cylinder that holds the brake fluid because as, as
21  you, as you collapse this piston a lot of times
22  when you push that piston back you will push
23  brake fluid out and it will go clear back up
24  through and come out the overflow on the master
25  cylinder. So you want to be sure that the master

Page 162

1  cylinder is back full of brake fluid.
2    Q.   Have you now described the whole
3  process of changing brakes on both disk and drum
4  brakes?
5    A.   Uh-huh. Yes.
6    Q.   Okay. Do you recall where you
7  purchased replacement brake products from?
8    A.   Yes. I would call the parts house. I
9  called--I bought them from Nick's Auto Parts, I
10  bought them from Smith Chevrolet. I bought them
11  from Ellsworth Dodge. I bought them from Hart
12  Pontiac.
13    Q.   Repeat that again.
14    A.   Hart Pontiac.
15    Q.   Hart Pontiac?
16    A.   Yeah, which used to be Smith Hart
17  Company.
18       And I think another one that I thought
19  of after, after we done this questioning,
20  Robison's Service Parts. They are another,
21  another small parts house. B & G Service Parts.
22       And what I would do, once I got the car
23  in and figured out what, what we were going to
24  do, I would just take the make and the model and
25  call the parts house and say, I need brakes for

41 (Pages 159 to 162)

Page 163

1 1950 Chevy. And that's all I'd tell them and they
2 would send the parts to me and I wouldn't have
3 to, have to specify it's a 10-inch drum or a 12-
4 inch drum or what it was. They could tell by
5 going through their book and send the parts to
6 me.
7 Q. Okay. You didn't have to specify
8 exactly what size of brake pad or shoe?
9 A. No.
10 Q. Did you have to specify who
11 manufactured the brake pad or shoe?
12 A. No. I would take what they sent me.
13 Q. Okay. Do you recall when you--and I
14 want to again focus with the brakes that you
15 recall changing. Do you recall the manufacturer of
16 the brakes that you installed on any of the
17 vehicles you worked on in that ten years?
18 A. Borg Warner was big. Wagner was big.
19 EIS was big. And one reason for the EIS is
20 because the--they were a little cheaper and you
21 could get most any, any quality of brake pad that
22 you were--brake shoe that you wanted. They
23 usually had it broke down into three different
24 price ranges and--what's the other word I want to
25 use? Quality. And I would always use at least

Page 164

1 the middle model. Very seldom, if every, unless
2 it was somebody that come in and specified that
3 that's what they wanted, I would never use the,
4 the cheapest brand in any of those, the cheapest
5 product of any of these I've named, Borg Warner
6 or whatever.
7 Q. You always used at least the middle
8 grade replacement?
9 A. Middle grade or better.
10 Q. Can you--do you remember--you keep
11 saying EIS and I'm thinking ice as in ice that
12 freezes that water turns into. Is that how it's
13 spelled?
14 A. E-i-c-e I think it was.
15 Q. E-i-c-e is what you recall?
16 A. Uh-huh.
17 DEFENSE COUNSEL: I think the
18 rephrasing misstated what he just said.
19 MR. HELLBUSCH: Can you read back what
20 he said?
21 (Record read.)
22 BY MR. MILLARD:
23 Q. You are talking Borg Warner, EIS and
24 Wagner. Were there any other manufacturers of
25 brake parts that you recall installing?

Page 165

1 A. A.C. Delco.
2 Q. Okay. Others?
3 A. That's about all I can recall right at
4 this point.
5 Q. Okay. You named Hart Pontiac, Smith
6 Chevrolet, Ellsworth Dodge, Robison's, B & G and
7 Nick's as the different supply places you got
8 brake components. Did--do you recall which part
9 supply supplied Borg Warner parts?
10 A. As near as I can remember, almost all
11 of the parts houses stocked Borg Warner.
12 Q. Okay. How about EIS?
13 A. EIS, that was pretty well Nick's.
14 Q. Okay. How about A.C. Delco?
15 A. Most of them handled A.C. Delco. Most
16 of your dealers, your GM dealers would handle the
17 A.C. Delco.
18 Q. Okay.
19 A. Because A.C. Delco is a part of General
20 Motors actually.
21 Q. Okay.
22 (Discussion off the record.)
23 BY MR. MILLARD:
24 Q. How often during that ten years that
25 you were doing brake work did you have to arch

Page 166

1 the brakes?
2 A. We would do it every time, every time,
3 because the manufacturer did not put the pad--or
4 the lining on the shoe, per se, to where it would
5 fit the drum because of the wear in the drum over
6 a period of time.
7 Q. Did you have to do the arching with
8 disks and drums?
9 A. No. We never did do it with disk.
10 Q. Okay.
11 A. Because they come with just a--one flat
12 surface and if your piston is working properly and
13 it hits that pad the proper way, your pad will,
14 will move and wear evenly.
15 And another inspection that we do as we
16 take it off is we always would look at the wear
17 on the shoe or the pad and if it was wearing
18 even, we would not do anything with the, with the
19 caliper or the pad but we could pretty well tell
20 what we needed to do with the, with the shoe by
21 the wear on the shoe. Many times you would pull a
22 shoe off and it, it was down to less than a
23 quarter of an inch and you would be hitting right
24 out on the two ends of the shoe, nothing touching
25 in here in the, in the center. And so that's the

Page 183

1  take two to three of us to do that. We would get
2  the transmission out, then we would--the mechanic
3  that was assigned that particular job would remove
4  the components, clean it up, get it ready for the
5  new components.
6       And then the three of us would get
7  together--back together again and feed the
8  transmission back in.
9       I don't know if any of you have ever
10  changed a transmission or a clutch, but there is
11  splines on the output shaft of the transmission.
12  There is 12 splines on that shaft and it sticks
13  out of the transmission about six inches. You
14  have got to feed that through a spline that's on
15  the clutch. Then you got to feed it through that
16  spline into the spline of the back of the crank
17  shaft so that when that crank shaft's turning that
18  will turn your transmission.
19       And that's the reason why that it takes
20  that many people to line it up. And sometimes
21  you just shake, rattle and roll and get it in and
22  the next time it's just like a magnet, it will
23  pull it in.
24       Q.  Were you ever the one responsible for
25  taking the components off and cleaning it?

Page 184

1       A.  No. No.
2       Q.  No?
3       A.  No. No. I would, I would let the
4  employees do the dirty work and then when they
5  put it back together I would inspect the
6  installation of the new components.
7       Q.  How often did Jerry's 66 in that ten-
8  year period do a clutch job?
9       A.  One a month.
10      Q.  One a month?
11      A.  (Witness nods head.)
12      Q.  Okay. Do you recall the manufacturer
13  of any of the clutch products that you purchased
14  for installation at Jerry's?
15      A.  I know Borg Warner we used a lot. A.C.
16  Delco. They were about the same as the brake
17  suppliers.
18      Q.  Okay.
19      A.  There again, I would, I would never
20  specify I want a Borg Warner, I want a Wagner or
21  what, I would just give the parts man the
22  information and he would send me, I guess you
23  would say what he had on the shelf.
24      Q.  Okay.
25      A.  But if I ever bought from a dealer, a

Page 185

1  GM dealer, I would always expect an A.C. Delco.
2       Q.  Hart Pontiac, Smith Chevrolet were the
3  GM dealers?
4       A.  Yes.
5       Q.  What about Ellsworth Dodge, what did
6  you get from them.
7       A.  Chrysler products.
8       Q.  Okay. Do you remember, were there
9  specific brands that were Chrysler products?
10      A.  I don't.
11      Q.  Okay. Was Robinson's a dealer or--
12      A.  No. They were a parts house just like
13  Nick's. It's Robison's.
14      Q.  Robison?
15      A.  Yeah. They were just like Nick's, a
16  small parts house that carried every I guess you
17  could say after market type.
18      Q.  That's not parts made by the
19  manufacturer of the automobile, is that what you
20  understand?
21      A.  No. Most of the time not.
22      Q.  Okay. Was B & G one of those small
23  parts houses as well?
24      A.  Yes.
25      Q.  Did they supply a lot of different

Page 186

1  brands?
2       A.  Yes.
3       Q.  Okay. Your service station did engine
4  work. Did you do any engine work during that ten
5  years you were there?
6       A.  Yes, I did. I, I didn't, per se, do a
7  complete overhaul myself but I was involved with
8  different portions of it.
9       A good example is as we would tear the
10  engine apart we would have to mike the cylinders
11  so that we could, we could match the piston for
12  the right hole or the right cylinder. In other
13  words, you couldn't put a, a piston in the
14  cylinder with 25- or 30,000 scap on, you couldn't
15  do it. You would have to get a new piston to fit
16  that, that cylinder. And we would always mike the
17  cylinders and then if we had to--or--well, we
18  didn't--if we had to, we would. We would mike the
19  piston also and if we had to--if the cylinder was
20  too big for that piston, we would put a new
21  piston in it.
22      Q.  Something larger?
23      A.  Yes. Yes.
24      Q.  What do you use, what type of
25  instrument do you use to mike the cylinder?

47 (Pages 183 to 186)

# EXHIBIT "B"



# State of Idaho

## Department of State.

### CERTIFICATE OF INCORPORATION

I, JAS H. YOUNG, Secretary of State of the State of Idaho, and legal custodian of the corporation records of the State of Idaho, do hereby certify that the original of the articles of incorporation of

SMITH CHEVROLET CO. INC.

was filed in the office of the Secretary of State on the 12th day of November A.D. One Thousand Nine Hundred Fifty-eight and duly recorded on Film No. 101 of Record of Domestic Corporations, of the State of Idaho, and that the said articles contain the statement of facts required by Section 30-103, Idaho Code.

I FURTHER CERTIFY, That the persons executing the articles and their associates and successors are hereby constituted a corporation, by the name hereinbefore stated, for 50 years existence from the date hereof, with its registered office in this State located at Idaho Falls in the County of Bonneville

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Great Seal of the State. Done at Boise City, the Capital of Idaho, this 12th day of November, A.D., 19 58.

_____
Secretary of State.

Domestic

ARTICLES OF INCORPORATION

OF

SMITH CHEVROLET CO. INC.


KNOW ALL MEN BY THESE PRESENT: That we, the undersigned,
for the purpose of forming a corporation under and by virtue of
the laws of the State of Idaho relating to private corporation,
have this day voluntarily associated ourselves together and here-
by agree as follows:

### ARTICLE I.

The name of this corporation shall be and is the "SMITH
CHEVROLET CO. INC."

### ARTICLE II.

The time of the duration of this corporation shall be Fifty
(50) years, from and after the date of its incorporation, unless
sooner dissolved or disincorporated pursuant to law.

### ARTICLE III.

Said corporation is organized at, and the place of its
principal office and general business shall be, Idaho Falls, Idaho,
but branch places of business, each complete in itself for the
conducting and carrying on of any part of the business of the corp-
oration, or the whole thereof, may be established at such other
places, whether within or without the State of Idaho, within or
without the United States.

### ARTICLE IV.

The names of the incorporators and their places of residence
are as follows:

| | |
|---|---|
| David Smith | Idaho Falls, Idaho |
| Emily Smith | Idaho Falls, Idaho |
| Albon L. Smith | Idaho Falls, Idaho |

### ARTICLE V.

That the purpose, object and pursuit of this corporation
shall be to establish, operate, conduct, maintain, carry on and
transact any and every kind of business relating to a general

1

AUTOMOBILE sales business, in Idaho Falls, Idaho, and elsewhere, as in this articles provided; to contract with firms, persons, associations, co-partnerships, corporations, and with municipal, city, county, state and national governmental agencies within the United States or any other country; for the purchase and/or sale of any commodity in furtherance of a general automobile sales business.

To purchase, sell, mortgage, hypothecate, pledge, lease or otherwise acquire, encumber, dispose of and deal in, either on its own behalf or as agent for others all kinds and character or property, real, personal, or mixed, of this corporation or of any other corporation, firm or person, and while the owner thereof to exercise all the rights, powers, and privileges of ownership including, in the case of stocks and shares, the right to vote thereon.

And unless otherwise prohibited by law, to incur debt, borrow and lend money, with or without security, and to indorse or otherwise guarantee the obligations of others; to make, issue, and sell promissory notes, bills of exchange, bonds, debentures and other evidence of debt of all kinds; to secure payment of its notes, bills of exchange, bonds debentures, and other indebtedness if deemed necessary, by pledge, hypothecation, mortgage, deed of trust, or otherwise of all or any property then owned by the corporation, and if deemed best, of any and all property thereafter acquired; to sell or exchange its promissory notes, bonds, debentures, and other evidence of indebtedness for property of any kind whatsoever, real or personal, and to sell or exchange the stock of this corporation, or any part thereof, for any purpose that the Board of Directors may determine, including the exchange of the corporate stock of this company for the corporate stock of any other corporation; subscribe for, purchase, or otherwise acquire, hold, and own, or hold for investment purposes, with the same rights and privileges as to ownership as may be enjoyed by natural persons, all kinds of shares, stocks, bonds, assets and/or obligations of any other corporation, and to purchase, sell, own, hold, pledge, or

otherwise acquire or dispose of, shares of its own capital stock acquired from stockholders or otherwise.

To do all things necessary and convenient to further the interests of this corporation and carry on the general purposes for which it is organized.

### ARTICLE VI.

The total number of shares that may be issued by the corporation shall consist of One Thousand (1000) shares of common stock of the par value of One Hundred Dollars ($100.00) per share, amounting to the sum of $100,000.00.

The common stock shall be entitled to one vote for each share thereof issued and outstanding, and shall be the only stock of the corporation entitled to vote.

### ARTICLE VII.

That the incorporators and the amount of the capital stock subscribed for by each, are as follows:

| Name | Number of Shares |
|------|------------------|
| David Smith | Two |
| Emily Smith | Two |
| Albon L. Smith | Two |

### ARTICLE VIII.

The officers of this corporation shall consist of not less than three nor more than seven directors, each of whom shall be elected by the holders of a majority of the outstanding stock at any regular or special meeting called for that purpose; also a President, Vice-President, Secretary and Treasurer, each of whom shall be elected by the Board of Directors. The office of Secretary and Treasurer may be held by the same person; the officers of this corporation shall hold office for the period of one year or until their successors are duly elected and qualified; each officer of this corporation, in order to qualify as such, must be a common stockholder of this corporation and duly elected to such office as above set forth.

A director may be removed by a two-thirds vote of the out-

3

standing common stock at any special meeting called for that pur-
pose as provided by law.  Any officer of the corporation may resign
by filing with the President or Secretary of the corporation, his
resignation in writing; in the event of a vacancy in the board of
directors from any cause, the board of directors shall have power
to fill the vacancy and the director or directors so elected shall
continue in office and have all the powers of a director until the
stockholders meet in regular or special meeting to fill such vacancy.

### ARTICLE IX.

The first annual meeting of the stockholders for the election
of officers and the transaction of such other business as may
properly come before the meeting, shall be held on the first day
of July of each year, at the office of the corporation, or such
other place as may be designated by the Board of Directors, at
the hour of ten A.M., and subsequent annual meetings shall be
held annually thereafter on the same day, month and hour of each
succeeding year, except when that day is a holiday, in which case
on the next day which is not a holiday.  Special meetings of the
stockholders may be called at any time by the board of directors
and as provided by law.  A majority of the outstanding stock shall
constitute a quorum for a stockholders meeting.

### ARTICLE X.

Written notice of the time, place and purpose of meetings
including annual meetings shall be given by the secretary or other
person authorized so to do, to all stockholders entitled to vote
at such meetings, at least ten days prior to the day named for the
meeting.  If such written notice is placed in the United States
mail, postage prepaid, and addressed to a share-holder at his last
known post office address, notice shall be deemed to have been
given him.  Notice of time, place and purpose of any meeting of
shareholders may be waived by the written assent of a shareholder
entitled to notice filed with or entered upon the records of the

4

meeting either before or after the holding thereof.

### ARTICLE XI.

In the absence of by-laws provisions written notice of Directors meeting shall be given each director at his last known address at least three days before the meeting and shall specify the purpose of the meeting.  Such notice may be waived by a director in writing at the meeting or shall be conclusively deemed given if he be present at the meeting.  At a meeting of the board of directors a majority thereof shall constitute a quorum for the transaction of business of the corporation, and at any meeting of the Board of Directors, power of the corporation may be exercised by a majority of those present.

### ARTICLE XII.

The Board of Directors shall have complete control of the property and the business of the corporation.  It may, without the authority or consent of the stockholders, sell and mortgage any part or all of the real and/or personal property and assets of the corporation; borrow and lend money, pledge the credit and property of the corporation for the payment of corporate debts, obligations and liabilities and, in the absence of express limitation by the stockholders or by law, it may do anything and everything with the business and property of the corporation that it deems advisable for the interest and welfare of the corporation.  The board of directors shall have the power to make by-laws for the management of the business and property of the corporation, regulating the duties of its officers and their removal, and the transfer of its stock and such other rules and regulations as may be necessary or convenient for the carrying out of the objects of the corporation.

### ARTICLE XIII.

All stock of the corporation not subscribed for shall remain in the treasury as treasury stock and may be sold and issued by the corporation at such times and for such purposes and upon such

terms and conditions and to such persons as the board of directors may determine, including the power and authority to issue said stock, for consideration other than cash, such as for labor and services performed.

## ARTICLE XIV.

The private property of the stockholders of this corporation shall not be liable for the debts of the corporation.

## ARTICLE XV.

The officers of this corporation elected from the date of its incorporation and until their successors are duly elected and qualified, are as follows;towit:

| | |
|---|---|
| David Smith | President and Director |
| Emily Smith | Vice-President and Director |
| Albon L. Smith | Secretary-Treasurer and Director |

IN WITNESS WHEREOF, we have hereunto set our hands this 10th day of November, 1958.

David Smith

Emily Smith

Albon L. Smith

STATE OF IDAHO        )
                      )      ss.
County of Bonneville  )

David Smith, Emily Smith and Albon L. Smith, being first duly sworn on oath, each for himself and not for the other, deposes and says:

That he is a full age citizen of the United States and a resident of Idaho Falls, Idaho; that it is his bona fide intention and the bona fide intention of each of the subscribers of this agreement to commence and carry on the business mentioned in the foregoing agreement; that the stock subscribed for by the incorporators has been paid and that the foregoing Articles of Incorporation were duly signed by the respective incorporators therein set forth.

_____
David Smith

_____
Emily Smith

_____
Albon L. Smith

Subscribed and sworn to before me this _ll_ day of November, 1958.

_____
A.A. Merrill
Notary Public
Residence and P.O. Address
Idaho Falls, Idaho

SEAL

# EXHIBIT "C"

**Organizations**

Filter: Role In Case Containing Text "Defendant" (36 of 45)

| Full Name | Place of Business + | State of Inc. + |
|---|---|---|
| American Honda Motor Co., Inc. | California | California |
| Aqua-Chem, Inc. | | Delaware |
| Atlas Turner, Inc. | | Canada |
| Bell Asbestos Mines Ltd. | | Canada |
| BMW of North America, LLC | | Delaware |
| Bridgestone/Firestone North American Tire, LLC | Tennessee | Delaware |
| Bucyrus International, Inc. | Wisconsin | Delaware |
| Burns International Services Corporation | Illinois | Delaware |
| Congoleum Corporation | | Delaware |
| Crown, Cork & Seal | Pennsylvania | Pennsylvania |
| DaimlerChrysler | Michigan | Delaware |
| Dana Corporation | Ohio | Virginia |
| Ford Motor Company | | Delaware |
| Foster Wheeler LLC | New Jersey | Delaware |
| Garlock Sealing Technologies, LLC | New York | Delaware |
| General Motors Corporation | Michigan | Delaware |
| Honeywell International, Inc. | New Jersey | Delaware |
| International Truck & Engine Corporation | Illinois | Delaware |
| John Crane, Inc. | Illinois | Delaware |
| Lear Siegler Diversified Holdings Corp. | | Delaware |
| Maremont Corporation | Illinois | Delaware |
| Metropolitan Life Insurance Company | | New York |
| Morton International, Inc. | | Indiana |

Confidential Attorney Work Product.  Do Not Reproduce.

Confidential Attorney Work Product.  Do Not Reproduce.

# Organizations

Filter: Role In Case Containing Text "Defendant" (36 of 45)

| Full Name | Place of Business + | State of Inc. + |
|---|---|---|
| Nissan North America | | California |
| Owens-Illinois, Inc. | | |
| Parker Hannifin Corporation | Ohio | Ohio |
| Plant Insulation Company | | California |
| Pneumo Abex LLC | | Delaware |
| R.F. MacDonald Co. | California | California |
| Robertson-Ceco Corporation | | Delaware |
| Smith Chevrolet Co., Inc. | Idaho | Idaho |
| Standard Motor Products, Inc. | New York | New York |
| Stuart-Western, Inc. | | |
| The Budd Company | Michigan | Pennsylvania |
| Union Carbide Corporation | | New York |
| Volkswagen of America, Inc. | Michigan | New Jersey |

# EXHIBIT "D"

J. Walter Sinclair, ISB No. 2243
*Email: jwsinclair@stoel.com*
Nicole C. Hancock, ISB No. 6899
*Email: nchancock@stoel.com*
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone:  (208) 389-9000
Facsimile:  (208) 389-9040

Attorneys for Defendant DaimlerChrysler Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT BUTTARS, as Personal Representative on behalf of the Legal Heirs of JEAROLD BUTTARS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>ATLAS TURNER, INC.; AQUA-CHEM, INC.; BUCYRUS INTERNATIONAL, INC.; R.F. MACDONALD CO.; BELL ASBESTOS MINES LTD.; JOHN CRANE, INC.; DANA CORPORATION; FOSTER WHEELER L.L.C.; LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.; MORTON INTERNATIONAL, INC.; OWENS-ILLINOIS, INC.; PARKER-HANNIFIN CORPORATION; PLANT INSULATION COMPANY; UNION CARBIDE CORPORATION; CONGOLEUM CORPORATION; ROBERTSON-CECO CORPORATION; AMERICAN HONDA MOTOR CO., INC.; BMW OF NORTH AMERICA, LLC; NISSAN NORTH AMERICA, INC.; VOLKSWAGEN OF AMERICA, INC.; | Case No.   CIV05-373-S-EJL<br><br>**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION** |

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION - 1**

SMITH CHEVROLET CO. INC.;
STUART-WESTERN, INC.; PNEUMO
ABEX LLC; HONEYWELL
INTERNATIONAL, INC.; THE BUDD
COMPANY; CROWN, CORK & SEAL;
DAIMLERCHRYSLER CORPORATION;
FORD MOTOR COMPANY;
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL
MOTORS CORPORATION;
MAREMONT CORPORATION;
STANDARD MOTOR PRODUCTS, INC.;
INTERNATIONAL TRUCK & ENGINE
CORPORATION; BURNS
INTERNATIONAL SERVICES
CORPORATION; METROPOLITAN
LIFE INSURANCE COMPANY;
GARLOCK SEALING TECHNOLOGIES,
LLC; and DOES 1 through 800, inclusive,

Defendants.

**TO:   PLAINTIFF, KENT BUTTARS, as Personal Representative on**

**behalf of the Legal Heirs of JEAROLD BUTTARS, Deceased AND**

**HIS ATTORNEY OF RECORD**

YOU ARE HEREBY NOTIFIED that pursuant to Rule 36 of the Idaho Rules of Civil

Procedure, Defendant DaimlerChrysler Corporation ("DaimlerChrysler"), by and through its

undersigned counsel, hereby request that within fifteen (15) days of service hereof, Plaintiff

KENT BUTTARS, as Personal Representative on behalf of the Legal Heirs of JEAROLD

BUTTARS, Deceased, ("Plaintiff") respond to the following Request for Admission.

If a proper answer is not made, the matter of which an admission is requested shall be

deemed admitted pursuant to Idaho Rule of Civil Procedure 36(a).  Please note that in answering

this Request for Admission, you are required to furnish all responsive information available to

you, including not only information in your possession, or control, but also in that of your

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION - 2**
Boise-187524.1 0063393-00001

attorneys, agents, and other representatives, or anyone acting in cooperation or in concert with them. This request for admission is also continuing in nature as required by the Idaho Rules of Civil Procedure.

If you cannot answer the following request for admission in full, after exercising due diligence to secure the information to do so, so state, and answer the remainder, stating whatever information and knowledge you have concerning the unanswered portion.

If you contend that any information requested is privileged, in whole or in part, or otherwise object to any part of the request for admission, or believe that any requested information would be excludable from discovery, regardless of its relevance, you shall identify with particularity each piece of information for which you claim a privilege, state the reasons for such objection or grounds for exclusion, identify each person or entity having knowledge of the factual basis, if any, on which the privilege or ground is asserted, and identify each request for admission in any way related to either the privileged information or the factual basis for the claim or privilege.

If you deny the Request for Admission, please describe the facts known to you, or the documents or other physical evidence upon which you base your denial. In the alternative, please attach a copy of each such document or other piece of physical evidence, which you contend, supports your denial.

YOU ARE HEREBY FURTHER NOTIFIED that pursuant to Rule 34 of the Idaho Rules of Civil Procedure, DaimlerChrysler by and through its undersigned counsel, hereby request that within fifteen (15) days of service hereof, Plaintiff produce and permit the inspection and photocopying of the documents hereinafter designated at the offices of Stoel Rives LLP located at 101 S. Capitol Boulevard, Suite 1900, Boise, Idaho 83702.

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION - 3**
Boise-187524.1 0063393-00001

Please note, however, that production may be accomplished by mailing or otherwise delivering copies of the requested documents to Stoel Rives LLP, at the above address, provided that you make the originals of such documents available for inspection and photocopying at a later date upon reasonable notice by Defendant or its authorized representative.

In responding to these requests, you are required to produce all unprivileged documents available to you, including not only documents in your possession, custody or control, but also in that of your attorneys, agents, and other representative, or anyone acting in cooperation or in concert with them.

## DEFINITIONS AND INSTRUCTIONS

1.      These Requests for Production and Request for Admission relate and pertain to any and all documents and information that are in your possession, care, control or custody, or of any agent, servant, employee or representative, counsel or any other agent, servant, employee or representative counsel.

2.      For each document produced in response to any Request for Production, indicate the particular Request(s) to which the document responds.

3.      These Requests for Production are continuing in nature.  Accordingly, after your initial responses are served please advise counsel, by way of supplemental responses, of any additional information or documents within the scope of these Requests that you acquire subsequent to your initial response.

4.      If anything is added to or deleted from a document produced in response to any Request for Production, please state in each instance:

a.      the date of the addition or deletion;

b.      the reason for the addition or deletion;

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION - 4**
Boise-187524.1 0063393-00001

c.     the subject matter of the addition or deletion; and

d.     the identity of any person participating in or making such addition or deletion.

5.     If you cannot answer the following discovery requests in full, after exercising due diligence to secure the information to do so, so state, and answer the remainder, stating whatever information and knowledge you have concerning the unanswered portion.

6.     "Communication" or "Communications" shall mean any transmission of words, thoughts or information between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, correspondence, discussions, talks and reports, whether transmitted in person or by any electronic device such as telephone, computer or radio, and/or by documents as defined below.

7.     As used herein, the term "document" includes, but is not limited to, every form of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD rom, optical disk, or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" contained in Rule 1001 of the Idaho Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Idaho Rules of Civil Procedure. Every draft or non-identical copy of a document is a separate document as that term is used herein, such as, but not limited to, copies containing notations, insertions, corrections, marginal notes or any other variations.

8.     As used herein, the term "document" further means all writings, originals and duplicates as defined in Idaho Rule of Evidence 1001, whether in draft, or otherwise, including,

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION - 5**

but not limited to, copies and non-identical copies (whether different from the originals because of notes or marks made on or attached to said copies, or otherwise), together with any supplements or attachments thereto or enclosures therewith, whether or not approved or executed.

9.      "Relating to" or "relates to" means concerning, referring to, regarding, describing, identifying or comprising.

10.     As used herein, the term "person" means any and all entities including any individual, association, company, partnership, joint venture, corporation, trust, estate, public agency, department, bureau, or board or any other group or combination acting as a unit or acting as a form of legal entity.

11.     As used herein, the term "facts" mean all circumstances, events, and evidence pertaining to or touching upon the matter in question.

12.     As used herein, "Complaint" and "Lawsuit" refer to the Complaint on file in this action, file-stamped May 27, 2005.

13.     "Electronic Data" means the original and any non-identical copies of any computer program, software, database, file, e-mail, source code or operating system, including ASCII files, word processing documents, spreadsheets, charts, graphs and emails, whether active, deleted or fragmented.

14.     "Electronic Media" includes any magnetic or other storage device used to record, store, or maintain Electronic Data, including, but not limited to, computer hard disks, floppy disks, CD ROM, magnetic tapes, microfiche, punched cards and computer chips.

15.     "Electronic Memory" means any disk, minidisk, floppy disk, hard drive, disk drive, CD ROM, optical disk, memory card, personal computer, network, magnetic tape, back

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION - 6**

up, or any other means of storing, recording or retaining information generated or input to or on a computer.

## REQUEST FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that the total damages you are seeking to recover in this Lawsuit do not exceed the sum or value of seventy-five thousand dollars ($75,000).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce any files, draft documents, final documents, and notes, including, but not limited to, documents on Electronic Media or in Electronic Memory, that relate or refer to the damages identified in the Prayer of your Complaint in this matter.

### REQUEST FOR PRODUCTION NO. 2:

Please produce any purchase receipts, files, draft documents, final documents, and notes, including, but not limited to, documents on Electronic Media or in Electronic Memory, that relate, refer, or show any connection between the decedent Buttars and named Defendant, Smith Chevrolet.

DATED: September ___, 2005.

STOEL RIVES LLP

_____
J. Walter Sinclair
Nicole C. Hancock

Attorneys for Defendant
DaimlerChrysler Corporation

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION - 7**

## CERTIFICATE OF SERVICE

I hereby certify that on September ___, 2005, I served a copy of the foregoing

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION** on

CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

cburke@greenerlaw.com, tlauric@greenerlaw.com  (attorney for Ford/GM)
tfowler@swlaw.com  (attorney for Honda)
reh@hallfarley.com, klm@hallfarley.com (attorney for Parker-Hannifan/Standard Motors)
ablatty@qwest.com (attorney for Aqua-Chem, Inc.)
ear@hteh.com, jln@hteh.com, klr@htech.com (attorneys for Bridgestone/Firestone)
dstorer@holdenlegal.comm smueller@holdenlegal.com (attorneys for Honda/Volkswagen)
srt@moffatt.com, jch@moffatt.com, ecf@moffatt.com, moffattthomas@hotmail.com (attorneys for
Nissan North America)

Additionally, a copy of the foregoing **LIMITED DISCOVERY FOR PURPOSES OF**

**DETERMINING JURISDICTION** was served on the parties in the manner indicated below

and addressed to:

| | |
|---|---|
| Michael R. Johnson<br>Bevis Cameron & Johnson<br>P.O. Box 827<br>Boise, ID 83706-3667 | [ ] Via U. S. Mail<br>[ ] Via Hand-Delivery<br>[ ] Via Overnight Delivery<br>[ ] Via Facsimile |
| Dan R. Larsen<br>Snell & Wilmer<br>15 W. South Temple #1200<br>SLC, UT 84101-1004 | [ ] Via U. S. Mail<br>[ ] Via Hand-Delivery<br>[ ] Via Overnight Delivery<br>[ ] Via Facsimile |
| David Backenstoe<br>Eisenberg & Gilchrist<br>215 S. State St #900<br>SLC, UT 84111 | [ ] Via U. S. Mail<br>[ ] Via Hand-Delivery<br>[ ] Via Overnight Delivery<br>[ ] Via Facsimile |

_____

Nicole Hancock
Attorney for Defendant
DaimlerChrysler Corporation

**LIMITED DISCOVERY FOR PURPOSES OF DETERMINING JURISDICTION - 8**
Boise-187524.1 0063393-00001

# EXHIBIT D

Michael R. Johnson (Idaho State Bar No. 4706)
BEVIS, CAMERON & JOHNSON
960 Broadway Avenue, Suite 220
P.O. Box 827
Boise, Idaho 83706-3667
Telephone: (208) 345-1040
Facsimile: (208) 345-0365

S. Brook Millard (Utah State Bar #7415 *Pro Hac Vice admission pending*)
BRAYTON   PURCELL LLP
EISENBERG & GILCHRIST
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT BUTTARS, as Personal Representative on behalf of the Legal Heirs of JEAROLD BUTTARS, Deceased,  ) ) ) ) | No. CIV05-373-S-EJL |
| Plaintiff,  ) ) | NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; REQUEST FOR COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(C) |
| vs.  ) ) | |

ATLAS TURNER, INC.;   )
AQUA-CHEM, INC.;   )
BUCYRUS INTERNATIONAL, INC.;   )
R.F. MACDONALD CO.;   )
BELL ASBESTOS MINES LTD.;   )
JOHN CRANE, INC.;   )
DANA CORPORATION;   )
FOSTER WHEELER L.L.C.;   )
LEAR SIEGLER DIVERSIFIED HOLDINGS   )
  CORP.;   )
MORTON INTERNATIONAL, INC.;   )
OWENS-ILLINOIS, INC.;   )
PARKER-HANNIFIN CORPORATION;   )
PLANT INSULATION COMPANY;   )
UNION CARBIDE CORPORATION;   )
CONGOLEUM CORPORATION;   )
ROBERTSON-CECO CORPORATION;   )
AMERICAN HONDA MOTOR CO., INC.;   )
BMW OF NORTH AMERICA, LLC;   )
NISSAN NORTH AMERICA, INC.;   )

VOLKSWAGEN OF AMERICA, INC.;    )
SMITH CHEVROLET CO. INC.;    )
STUART-WESTERN, INC.;    )
PNEUMO ABEX LLC;    )
HONEYWELL INTERNATIONAL, INC.;    )
THE BUDD COMPANY;    )
CROWN, CORK & SEAL;    )
DAIMLERCHRYSLER CORPORATION;    )
FORD MOTOR COMPANY;    )
BRIDGESTONE/FIRESTONE NORTH    )
  AMERICAN TIRE, LLC;    )
GENERAL MOTORS CORPORATION;    )
MAREMONT CORPORATION;    )
STANDARD MOTOR PRODUCTS, INC.;    )
INTERNATIONAL TRUCK & ENGINE    )
  CORPORATION;    )
BURNS INTERNATIONAL SERVICES    )
  CORPORATION;    )
METROPOLITAN LIFE INSURANCE    )
  COMPANY;    )
GARLOCK SEALING TECHNOLOGIES, LLC;    )
and DOES 1 through 800, inclusive,    )
     )
       Defendants.    )
_____    )
     )

TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

    PlaintiffPlaintiff hereby moves the CoPlaintiff hereby moves the Court foPlaintiff hereby moves the C

DistrictDistrict District Court, StaDistrict Court, State of Idaho, and awarding costs and fees incurred in the mak

ThisThis motion is based This motion is based onThis motion is based on this Notice, the attached Memora

AffidavitAffidavit of Brook Millard, Esq., theAffidavit of Brook Millard, Esq., the allegations in plaintiff s compla

court record, and such matters that may be introduced at the hearing of this motion.

    PlaintiffPlaintiff seeks remand on the following grounds, two of which are procedural Plaintiff seeks rei

which pertain to the allegations of subject matter jurisdiction:

    (1)(1) The removal was defective because it was not properly(1) The removal was defective because it w

the defendants that had been served at the time the Notice of Removal was filed.

(2) The removal was also defective because the removing party improperly attempted to add a substantive allegations via an attorney affidavit beyond for removal. All jurisdictional allegations must be for removal. All jurisdictional allegations must the statutory time period.

(3) DaimlerChrysler s Notice of Removal does not enclave/federal question jurisdiction. Simply because a facility is States does not make it a federal enclave, and the removing defendant is erroneous and insufficient.

(4) This court lacks subject matter jurisdiction based on diversity of citizenship because, as defendant acknowledges, there is no complete diversity of citizenship.

Pursuant to 28 U.S.C. § 1447(c), plaintiff requests payment of the costs and in the making of this motion because the lack of proper consent to removal were clear under well-established law.

DATED this ____ day of October, 2005.

BEVIS, CAMERON & JOHNSON

By: _____

    Michael R. Johnson
    Attorneys for Plaintiff

## TABLE OF CONTENTS

PAGE

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.    REMOVAL WAS IMPROPER BECAUSE DAIMLERCHRYSLER FAILED TO
         SECURE CONSENTS FROM ALL OF THE SERVED DEFENDANTS. . . . . . 5

     B.    DAIMLERCHRYSLER S ATTEMPT TO ADD DIVERSITY JURISDICTION
         AS A BASIS FOR FEDERAL SUBJECT MATTER JURISDICTION WAS
         IMPROPER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     C.    DAIMLERCHRYSLER HAS NOT PLED AN ADEQUATE BASIS FOR
         FEDERAL ENCLAVE JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     D.    THERE IS NO BASIS FOR DIVERSITY OF CITIZENSHIP JURISDICTION
         BECAUSE COMPLETE DIVERSITY DOES NOT EXIST. . . . . . . . . . . . . . 14

     E.    PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS FEES. . . . . . . 17

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

STATUTES & CONSTITUTIONAL PROVISIONS

Article I, section 8, clause 17 of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . 1, 11

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 11

28 U.S.C. § 1446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8, 10

28 U.S.C. § 1447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17

i

28 U.S.C. § 1653 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Idaho Rules of Civil Procedure, Rule 4(i)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CASE LAW

*Albi v. Street & Smith Publ ns*, 140 F.2d 310 (9th Cir. 1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Audette v. ILWU*, 195 F.3d 1107 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Barrow Development Co., Inc. v. Fulton Insurance Co.*, 418 F.2d 316 (9th Cir. 1969) . . . . . . . 10

*Big B Automotive Warehouse Distributors, Inc. v. Cooperative Computing, Inc.*, 2000 WL

1677948*1,4 (N.D.Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040 (D. Nev. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

*Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 58 S.Ct. 1009, 1013-14 (1938) . . . . . . . 12

*Compare Vines v. City of Detroit*, 1997 WL 433508 (E.D. Mich. 1997) . . . . . . . . . . . . . . . . . . . 8

*Emrich v. Touch Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fillmore v. Bank of America*, 1991 WL 523838 *2 (C.D. Cal. 1991) . . . . . . . . . . . . . . . . . . . . . . 5

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Getty Oil Corp. v. INA*, 841 F.2d 1254 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Godman v. Sears, Roebuck and Co.*, 588 F.Supp. 121 (E.D.Mich.1984) . . . . . . . . . . . . . . . . . . 8

*Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hofler v. Aetna US Healthcare*, 296 F.3d 764 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*James v. Dravo Contracting Co.*, 302 U.S. 134, 58 S.Ct. 208, 215 (1937) . . . . . . . . . . . . . . . . . 12

*Jenkins v. Commonwealth Land Title Insurance Co.*, 95 F.3d 791 (9th Cir. 1996) . . . . . . . . . . 10

*Kanter v. Warner-Lambert*, 265 F.3d 853 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*London v. Standard Oil Company of California*, 417 F.2d 820 (9th Cir. 1969) . . . . . . . . . . . . . 10

*Martin v. Franklin Capital Corporation*, 251 F.3d 1284 (10th Cir. 2001) . . . . . . . . . . . . . . . . . 5

*Matheson v. Progressive Specialty Insurance Company*, 319 F.3d 1089 (9th Cir. 2003) . . . . . . . 5

*McAnally Enterprises v. McAnally*, 107 F.Supp.2d 1223 (C.D. Cal. 2000) . . . . . . . . . . . . . . . . 7

*McShares, Inc. v. Barry*, 979 F.Supp. 1338 n. 2 (D. Kan. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) . . . . . . . . . . . . . . 7

*Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342 (M.D. Alabama 2000) . . . . . . . . . . . . . 10

*Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987 (9th Cir. 1994) . . . 16

*Pafundi v. First Security Bank*, 2005 WL 1898598 (D.Idaho) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Pittenger v. Al. G. Barnes Circus*, 39 Idaho 807, 230 P. 1011 (1924) . . . . . . . . . . . . . . . . . . . . 7

*Pratt v. Kelly*, 585 F.2d 692 (4th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Prize Fire, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . 6

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Samura v. Kaiser Found. Health Plan, Inc.*, 715 F.Supp. 970 (N.D.Cal.1989) . . . . . . . . . . . . . 8

*Schmidt v. National Organization for Women*, 562 F.Supp. 210 (N.D. Fla. 1983) . . . . . . . . . . . 8

*Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, S.Ct. 233 (1937) . . . . . . . . 12

*Simpson v. Union Pacific RR Co.*, 282 F.Supp.2d 1151 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . 17

Smith v. The Health Center of Lake City, Inc., 252 F.Supp.2d 1336 (M.D. Fla. 2003) . . . . . . 8, 9

*Spencer v. United States District Court for the Northern District of California*, 393 F.3d 867 (9th

Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United Computer Systems, Inc. v. AT&T Corp*, 298 F.3d 756 (9th Cir. 2002) . . . . 5, 7, 8, 9, 15, 16

*United States v. Johnson*, 994 F.2d 980 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Williams v. Caterpillar Tractor Co., 786 F.2d 928 (9th Cir.1986), *aff'd,* 482 U.S. 386 (1987)  . . 5

*Willis v. Craig*, 555 F.2d 724 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Wilson v. Union Security Life Ins. Co.*, 250 F.Supp.2d 1260 (D. Idaho 2003) . . . . . . . . . . . . . 16

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This asbestos-related personal injury case must be remanded to the state court from which it was improvidently removed because defendant, DaimlerChrysler Corporation, failed to obtain the unanimous consent of its co-defendants as required by the removal statute, and two of the joinders it obtained were untimely. DaimlerChrysler also argued it had not been properly served, but then filed a Notice of Removal, answered the complaint, and even propounded discovery. It also attempted to allege this court has jurisdiction based on diversity of citizenship, but failed to include this allegation in the Notice of Removal. On a more fundamental level, remand is required because the removing defendant, who has the burden to demonstrate the existence of federal jurisdiction, failed to establish either federal question or diversity jurisdiction exists here.

DaimlerChrysler alleged this Court has subject matter jurisdiction based on the assertion that the Idaho National Laboratory was a federal enclave. The Notice of Removal grossly oversimplifies the law regarding federal enclave removal. A federal facility is not a federal enclave *per se*. Federal enclave jurisdiction, which is a species of federal question jurisdiction, arises only if the claim between two private parties accrued on a federal facility that was obtained for one of the purposes enumerated in Article I, section 8, clause 17 of the United States Constitution. Moreover, the removing party must demonstrate that the United States has not only obtained ownership of lands within a state, but also civil jurisdiction pursuant to a formal cession of jurisdiction by the state involved, either in the deed of conveyance or by statute, and such jurisdiction was *accepted* by the federal government. The mere fact that the

1

federal government owns and uses land as a proprietor does not establish that it has obtained

civil jurisdiction from the sovereign state in which the land sits. Unless the removing defendant

can establish, as a matter of law and fact, that all the elements of federal enclave jurisdiction are

present with respect to the Idaho National Engineering Laboratory at the time of the decedent s

exposure, federal question jurisdiction is unsupported.

DaimlerChrysler s argument regarding diversity jurisdiction must also be rejected

because there is no complete diversity.

Pursuant to 28 U.S.C. § 1447(c), plaintiff requests payment of the costs and attorneys

fees incurred in responding to this improper removal. Under Ninth Circuit law, an award of

costs under this section does not require a finding of bad faith; it simply requires a finding that

the removal was wrong as a matter of law.

Therefore, because there is no basis for the exercise of federal jurisdiction and the

removal is patently defective for failing to join all defendants who were served at the time of

removal, plaintiff respectfully requests that this Court order the immediate remand of this action

to the state court. In conjunction with that order of remand, plaintiff further requests that the

Court assess costs and fees in favor of plaintiff for the expense of opposing this improvident

removal.

## II.

## STATEMENT OF FACTS

On May 27, 2005, plaintiff Kent Buttars, as the personal representative of the heirs of

Jearold Buttars, filed suit in the Idaho State Court seeking damages for wrongful death and loss

of consortium based on the death of his father, Jearold Buttars, from mesothelioma as a result of

Jearold Buttar s exposure to asbestos. Exhibit D to Defendant s Notice of Removal. On August

2

12, 2005, plaintiff initiated service of the summons and complaint on defendant DaimlerChrysler

by sending defendant a copy of the summons and complaint via certified United States mail.

Affidavit of Brook Millard, ¶¶ 2-3 and Exhibit A thereto. Defendant received the summons and

complaint on August 16, 2005. Notice of Removal, ¶ 1.

The following other defendants were also served on the dates noted:

| Defendant | Date Received |
|---|---|
| American Honda Motor Co., Inc. | 8/16/05 |
| Aqua-Chem | 8/15/05 |
| BMW of North America, LLC | 8/16/05 |
| Bridgestone/Firestone North American Tire, LLC | 8/23/05 |
| Bucyrus International, Inc. | 8/15/05 |
| Budd Company, The | 8/17/05 |
| Burns International Service | 8/16/05 |
| Crown Cork & Seal Company, Inc. | 8/05 |
| Dana Corporation | 8/16/05 |
| Ford Motor Company | 8/16/05 |
| Garlock Sealing Technologies, LLC | 8/16/05 |
| General Motors Corporation | 8/16/05 |
| Honeywell International, Inc. | 8/17/05 |
| International Truck & Engine Corporation | 8/16/05 |
| John Crane, Inc. | 8/16/05 |
| Lear Siegler Diversified Holdings Corp. | 8/16/05 |
| Maremont Corporation | 8/16/05 |
| Morton International | 8/16/05 |
| Nissan North American, Inc. | 8/17/05 |
| Parker-Hannifin Corporation | 8/05 |
| Plant Insulation Company | 8/15/05 |
| Pneumo Abex LLC | 8/17/05 |
| R.F. MacDonald Co. | 8/17/05 |
| Robertson-Ceco Corporation | 8/16/05 |
| Smith Chevrolet Co., Inc. | 8/15/05 |
| Standard Motor Products, Inc. | 8/17/05 |
| Union Carbide Corporation | 8/16/05 |
| Volkswagen of America, Inc. | 8/16/05 |

Millard Affidavit, ¶¶ 4-5 and Exhibit B thereto.

DaimlerChrysler objected to the service, but, on September 14, 2005, it filed a Notice of Removal asserting original federal jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446. Notice of Removal. The basis for this assertion is the defendant s claim that the decedent, Jearold Buttars, was injured while working for Westinghouse at the Idaho National Engineering Laboratory, which defendant claims is a federal enclave. Notice of Removal, p. 6, ¶ IA. On the same day, defendants American Honda; Aqua-Chem; Bridgestone/Firestone; Bucyrus International; Crown Cork & Seal; Ford Motor Co.; General Motors; Nissan North American; Parker-Hannifin; Standard Motor Products; and Volkswagon of America filed Notices of Joinder in Removal. Affidavit of J. Walter Sinclair dated September 14, 2005, in Support of Notice of Removal, Exhibit C. On September 28, 2005, defendant Robertson-Ceco Corporation filed a Notice of Consent to Removal, and on October 3, 2005, the Budd Company, Lear Siegler, Morton Internationa, and Honeywell filed Notices of Consent to Removal. Millard Affidavit, ¶¶ 6-7 and Exhibit C thereto. No joinders were submitted by any of the other defendants who had been served as of the date of removal.

On September 22, 2005, DaimlerChrysler filed an Affidavit of J. Walter Sinclair in Support of Notice of Removal. This document appears to allege this Court has jurisdiction based on diversity of citizenship. Millard Affidavit, ¶ 8and Exhibit D thereto. Defendant did not include this allegation in its Notice of Removal filed on September 14, 2005.

### III.

### ARGUMENT

Because removal of an action to state court implicates federalism concerns and deprives the plaintiff of his chosen forum, the removal statutes must be strictly construed against

4

jurisdiction.[1] In addition, a   [d]efendant s right to remove and a plaintiff s right to choose his

forum are not on equal footing; . . . where a plaintiff and defendant clash about jurisdiction,

uncertainties are resolved in favor of remand.   [2]  If there is any doubt about the propriety of

removal, the case should be remanded to state court.[3] There is a   strong presumption against

removal jurisdiction.  [4]  A defendant that removes a case from state court bears the burden of

proving the removal was proper.[5]

     The removing party must prove not only that the court has jurisdiction, but also that the

party has complied with the procedural requirements for removal.   On a motion for remand, the

burden is on the party seeking to preserve the removal, not on the moving party, to show that the

requirements for removal have been met.  [6]

     Applying these principles to the specific issues raised by this case demonstrates that this

case should be remanded to state court.

**A.   REMOVAL WAS IMPROPER BECAUSE DAIMLERCHRYSLER
FAILED TO SECURE CONSENTS FROM ALL OF THE SERVED
DEFENDANTS.**

---

[1]  *Hofler v. Aetna US Healthcare*, 296 F.3d 764, 767 (9th Cir. 2002); *Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

[2]  *Martin v. Franklin Capital Corporation*, 251 F.3d 1284, 1289-1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

[3]  *Matheson v. Progressive Specialty Insurance Company*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[4]  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[5]  *United Computer Systems v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

[6]  *Fillmore v. Bank of America*, 1991 WL 523838 *2 (C.D. Cal. 1991) (*citing Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir.1986), *aff'd,* 482 U.S. 386 (1987)).

Removal of a case from state court in a multi-defendant case requires the unanimous consent of all served defendants. This unanimity requirement is based on 28 U.S.C. §1441(a) which provides that the defendant or defendants may remove the case. The courts have read these words to mean that if there is more than one defendant, then the defendants must act collectively to remove the case. [7] In this case, DaimlerChrysler has failed to obtain the consent of all of the named and served parties. Moreover, [w]here fewer than all the defendants have joined in a removed action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants *in the notice for removal*. [8] No such explanation appears in the Notice of Removal.

Twenty-eight defendants besides DaimlerChrysler were served with the summons and complaint between August 15 and August 23, 2005. Millard Affidavit ¶¶ 4-5 and Exhibit B thereto. Of those defendants, fewer than half timely joined in this removal. Although Robertson-Ceco Corporation, Morton International, the Budd Company, Lear Siegler, and Honeywell filed consents to removal, those consents were not filed within thirty days of service as required by the removal statute. Millard Affidavit, ¶¶ 6-7 and Exhibit C thereto. (Each of these defendants received the summons and complaint either on August 16 or 17, 2005. Therefore, their time to remove expired on September 16 or 17, 2005.) The cases cited above are clear that all defendants served at the time the Notice of Removal was filed must timely join in the removal.

---

[7] *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1044 (D. Nev. 2000) (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)).

[8] *Prize Fire, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (emphasis added).

6

DaimlerChrysler claims that its time for removal has not yet begun to run since it was not properly served with the summons and complaint. Notice of Removal, ¶ 2. Although the U.S. Supreme Court has held that a defendant must be properly served for the thirty-day time period to begin running,[9] that holding does not alter the fact that all served defendants must either remove or consent to removal within thirty days of themselves being served. Moreover, under Idaho law, a defendant who appears by filing a pleading has waived its right to object to service, and any defect in service is cured by the defendant s general appearance.[10] DaimlerChrysler has generally appeared by filing a Notice of Removal, as well as an answer. Millard Affidavit, ¶ 9 and Exhibit E thereto. Alternatively, if DaimlerChrysler has not been properly served, then it is not a party to this action and has no standing to remove.

Even if DaimlerChrysler was not properly served, the removal is still fatally defective because not all of the served defendants have consented to removal. As the Ninth Circuit noted, most courts adhere to the  first-served defendant  rule,[11] which holds that the thirty day time period for removal as to *all* defendants begins to run when the first defendant has been served. Another court noted:

> The provisions of section 1446(b) make it clear that a petition for removal must be filed within thirty days after service of summons upon the defendant. In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable). *See Brown* [ *v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986)]; 1A Moore's Federal Practice ¶ 0.168[3.-5-5] at 586 (1987). It follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no

---

[9] *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

[10] Idaho Rules of Civil Procedure, Rule 4(i)(1); *Pittenger v. Al. G. Barnes Circus,* 39 Idaho 807, 230 P. 1011 (1924).

[11] *United Computer Systems, Inc. v. AT&T Corp.,* 298 F.3d 756, 762 (9th Cir. 2002) (citing *McAnally Enterprises v. McAnally,* 107 F.Supp.2d 1223, 1226-28 (C.D. Cal. 2000)).

later than thirty days from the day on which the first defendant was served. This rule . . . promotes unanimity among the defendants without placing undue hardships on subsequently served defendants.[12]

Although the Ninth Circuit has not yet formally adopted the first-served defendant rule, it briefly discussed the rule in *United Computer Systems v. AT&T*.[13]  In *United Computers*, the plaintiff entered into a software licensing agreement with an AT&T subsidiary.  The agreement provided that any controversies would be submitted to arbitration.  The plaintiff filed a series of claims to the American Arbitration Association (AAA), each of which was resolved against the plaintiff.  The plaintiff then filed a state court action, naming an employee of the AAA as a party.  AT&T removed the action to federal district court on the basis of fraudulent joinder, claiming that joinder of the AAA employee was improper because neither the AAA nor its employee was a party to the software licensing agreement.

---

[12]  *Getty Oil Corp. v. INA*, 841 F.2d 1254, 1262-63 (5th Cir. 1988) (footnoted omitted). *See also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986); *Smith v. The Health Center of Lake City, Inc.*, 252 F.Supp.2d 1336, 1345-46 (M.D. Fla. 2003) (first-served defendant has 30 days to remove the case or consent to removal by another defendant; if it fails to do so it has waived its right to a federal forum and cannot consent to another defendant s attempt to remove); *McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1343 n. 2 (D. Kan. 1997) (first-served defendant rule is the majority rule); *Big B Automotive Warehouse Distributors, Inc. v. Cooperative Computing, Inc.*, 2000 WL 1677948*1,4 (N.D.Cal. 2000) (removal was untimely when filed more than 30 days after first-served defendant was served, even though removal was sought one day after added defendant was served); *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1044-45 (D. Nev. 2000) (first served defendant rule is majority rule and better rule in the court s opinion); *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F.Supp. 970, 971 (N.D.Cal.1989); *Godman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 123 (E.D.Mich.1984); *Schmidt v. National Organization for Women*, 562 F.Supp. 210, 212 (N.D. Fla. 1983) ("It is also generally agreed that where there are multiple defendants, the thirty day period commences to run upon the date of service on the first defendant served who is substantially entitled to petition for removal.").  *Compare Vines v. City of Detroit*, 1997 WL 433508 (E.D. Mich. 1997) (since the 30 day removal period begins when the first of the defendants is served, other defendants can consent to removal even before they have received service themselves, because waiting for service may leave them little time to file consents).

[13]  *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002).

In its motion to remand, the plaintiff argued that the removal was untimely because AT&T filed the notice of removal more than thirty days after the AAA employee had been served. The plaintiff argued that the time period for removal in multi-defendant cases begins to run when the first defendant is served. The Court noted that there is a split in authority regarding the applicability of the first-served defendant rule and that a majority of courts addressing the issue have adopted the first-served defendant rule.[14] But because it found that the plaintiff had fraudulently joined the AAA employee in that case, the Court held that the first-served defendant rule did not apply. Consequently, the Court did not express an opinion on the propriety of the rule.

The first-served defendant analysis revolves around the fairness to the defendants versus the plaintiff s right to choose his forum. As one court in this Circuit has observed, there is nothing unfair about barring removal in a multiple defendant case when the first-served defendant fails to act within thirty days, since the first-served defendant would be barred from removing if it was the sole defendant.[15] While some courts have criticized this rule as unfair to defendants who are served long after other defendants waived their right to removal because it deprives the latter-served defendants of the ability to take the lead in removing the case, that factual scenario does not exist here. All of the defendants were served within an eight-day window. Millard Affidavit, Exhibit B. Thus, the last-served defendants had over twenty days to secure consents to removal from the other defendants. That was ample time to take action.[16]

---

[14] *Id.* at 762.

[15] *Biggs, supra.,* 97 F.Supp.2d at 1045.

[16] *See Smith, supra,* 252 F.Supp.2d at 1346 (first served defendant rule was not unfair to the second defendant where it was served 12 days after first and thus had 18 days to remove and secure consents from the other defendants).

Moreover, if later-served defendants are precluded from removing because earlier served

defendants waived their rights, the reason for that result is the settled rule requiring unanimous

removal.

Thus, the Ninth Circuit s concern that a defendant might not have an opportunity to

remove or that a plaintiff might manipulate service to preclude removal are not issues in this

case. Because not all of the defendants who were served at the time of removal consented, the

removal is fatally defective, and remand is required.

### B. DAIMLERCHRYSLER S ATTEMPT TO ADD DIVERSITY JURISDICTION AS A BASIS FOR FEDERAL SUBJECT MATTER JURISDICTION WAS IMPROPER.

A defendant seeking removal must file a notice of removal with the district court that

specifically enumerates the grounds for removal. 28 U.S.C. § 1446(a). Although 28 U.S.C. §

1653 permits a defendant to amend its notice of removal prior to the expiration of the thirty-day

period for seeking removal,[17]  the removal petition cannot be thereafter amended to add

allegations of substance but solely to clarify  defective  allegations of jurisdiction previously

made. [18]  DaimlerChrysler filed an attorney affidavit on September 22, 2005, in which its

counsel stated it  believed  this Court might have subject matter jurisdiction based on diversity

of citizenship.  September 22, 2005, Affidavit of J. Walter Sinclair.  Because both the plain

language of 28 U.S.C. § 1653 and the Ninth Circuit cases interpreting it only permit a defendant

---

[17] *Newman v. Spectrum Stores, Inc.,* 109 F.Supp.2d 1342, 1347 (M.D. Alabama 2000)
(citations omitted).

[18] *Barrow Development Co., Inc. v. Fulton Insurance Co.,* 418 F.2d 316, 317 (9th Cir.
1969); *London v. Standard Oil Company of California,* 417 F.2d 820, 822 (9th Cir. 1969).  *See
also, Jenkins v. Commonwealth Land Title Insurance Co.,* 95 F.3d 791, 794 (9th Cir. 1996)
(permitting the defendant to amend the notice of removal to include both the state of
incorporation and principal place of business where original notice only contained state of
incorporation).

to cure defective allegations of jurisdiction, but not to add new ones, defendant s attempt to

include diversity of citizenship as a basis for jurisdiction here must be rejected.  Moreover, the

affidavit was filed more than thirty days after the time to remove had expired and was not in the

form of an amendment to the notice of removal, so it fails on those grounds as well.

### C.   DAIMLERCHRYSLER HAS NOT PLED AN ADEQUATE BASIS FOR FEDERAL ENCLAVE JURISDICTION.

In addition to the procedural defects, removing defendant s Notice of Removal is

substantively defective.  DaimlerChrysler alleges that the case is removable because some of

Jearold Buttars  injuries occurred while he was employed by Westinghouse Electric Company at

the Idaho National Engineering Laboratory (INEL).  DaimlerChrysler summarily claims this

facility is a federal enclave.  Notice of Removal, p. 3, ¶ IA.  A claim that arises on a federal

facility *might* be a basis for federal question jurisdiction and removal under 28 U.S.C. §§1331

and 1441, depending upon the nature of the particular federal facility.[19]

Article I, section 8, clause 17 of the United States Constitution gives the United States

Congress the power:

> To exercise *exclusive Legislation* in all Cases whatsoever, over such District (not
> exceeding ten Miles square) as may, by *Cession* of particular States, and the
> *Acceptance* of Congress, become the Seat of the Government of the United States,
> *and to exercise like Authority over all Places Purchased by the Consent of the
> Legislature of the State in which the Same shall be, for the Erection of Forts,
> Magazines, Arsenals, dock-Yards, and other needful buildings.*

(emphasis added).

Under this constitutional provision, courts have held that lands purchased by the United

States with the consent *and jurisdictional cession* of the state legislatures are  federal

---

[19]  *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977).

enclaves. [20]  The evaluation of removability is straightforward albeit esoteric: the claim must

have arisen on property that was obtained by the federal government with the consent of the state

legislature by means of a law ceding *civil* jurisdiction to the United States (some cessions are

limited to criminal jurisdiction).  Reference to the deed by which the forum state conveyed the

lands in question to the United States also might contain specific reservations of jurisdiction, and

thus the deed itself is a necessary piece of evidence that must be consulted to determine the

jurisdictional status of the land.[21] In sum, the question of state consent (i.e., cession of

jurisdiction) is answered by reference to the particular state s statutes and codes, and to the deed

of conveyance between the state and the United States.

Thus, the fact that the United States has purchased a particular parcel of land does not

mean that it has legal (in this case, civil) jurisdiction over it. The state must cede jurisdiction,

*and the United States must accept it.*[22]  If jurisdiction is not ceded and accepted, the United

States is simply a proprietor of the property, and civil disputes arise under state law no

differently than elsewhere within the state.[23] The *Johnson* court cited several U.S. Supreme

Court cases in which  the Supreme Court noted that the United States could not be forced to

accept unwanted legislative jurisdiction, and held that the general ceding statutes were

insufficient in themselves to transfer legislative authority. [24]

_____

[20]  *See, e.g.,  Willis v. Craig, supra*, 555 F.2d at 726.

[21]  *See Pratt v. Kelly*, 585 F.2d 692, 695-97 (4th Cir. 1978).

[22]  *United States v. Johnson*, 994 F.2d 980, 984-86 (2d Cir. 1993).

[23]  *Id* at 984.

[24]  *Id.* (citing *Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 527-28, 58 S.Ct. 1009,
1013-14 (1938); *James v. Dravo Contracting Co.*, 302 U.S. 134, 147-48, 58 S.Ct. 208, 215
(1937); and *Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, 207, 58 S.Ct. 233,
243-44 (1937)).

Applying these principles to the facts of this case, DaimlerChrysler must identify the legal and legislative details upon which a court could conclude that the State of Idaho ceded its jurisdiction over the INEL facilities, *and the United States accepted* that cession of jurisdiction. Defendant argues that Jearold Buttars worked for Westinghouse. It believes the Westinghouse facility was located at the Idaho National Engineering Laboratory. And, with no facts in support, DaimlerChrysler claims that the INEL is a federal enclave. Notice of Removal, p. 3, ¶ IA. But the site is not even a military base. The only information currently on the record is that the facility is occupied in whole or in part by the U.S. Department of Energy.

After failing to provide any facts to support federal enclave jurisdiction, DaimlerChrysler accuses the plaintiff of attempting to thwart removal to district court by choosing not to assert certain claims in his complaint. Notice of Removal, p. 4. This assertion contradicts the well-settled rule that a plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. [25] The plaintiff has every right to chose his forum. There is nothing clandestine much less improper in keeping this case where it belongs in state court. This is a basic state law tort case that does not raise any federal questions or involve any federal actors.

Thus, DaimlerChrysler has failed to provide factual allegations that support federal enclave jurisdiction. Its conclusory assertion that the the INEL is a federal enclave, without more, is inadequate and incorrect. Defendant does not identify any of the legal and legislative details upon which a court could conclude that Idaho ceded its jurisdiction over the facilities, and the United States accepted that cession of jurisdiction. The one thing that is clear is that the

---

[25] *Pafundi v. First Security Bank*, 2005 WL 1898598 (D.Idaho), citing *Audette v. ILWU*, 195 F.3d 1107, 1111 (9th Cir. 1999).

INEL is located within the State of Idaho and thus is presumed to be governed by Idaho state laws; DaimlerChrysler bears the burden of proving otherwise.

Without evidence that the site identified was, in fact, a federal enclave at the time of Jearold Buttars  injuries, federal court jurisdiction does not exist.  Therefore, this Court is without subject matter jurisdiction, and the case must be remanded to the state court from which it was removed.

**D.      THERE IS NO BASIS FOR DIVERSITY OF CITIZENSHIP
JURISDICTION BECAUSE COMPLETE DIVERSITY DOES NOT EXIST.**

Federal district courts have original jurisdiction over civil actions between citizens of different states.  28 U.S.C. § 1332(a).  For purposes of corporate citizenship, a corporation is a citizen of both the state where it is incorporated and where it has its principal place of business. 28 U.S.C. §1332(c)(1).  The complaint in this matter was filed in the Idaho State Court, Fourth Judicial District, and named Smith Chevrolet, which is an Idaho corporation with Idaho as its principal place of business.  Affidavit of J. Walter Sinclair in Support of Notice of Removal, dated September 22, 2005, Exhibit B.  Therefore, no complete diversity exists, and this court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

Despite this clear lack of diversity, DaimlerChrysler filed the September 22, 2005, Affidavit of J. Walter Sinclair in Support of Notice of Removal, in which it appears to be adding an allegation of federal jurisdiction based on diversity of citizenship.  The Affidavit states that Defendants believe that Plaintiffs have named Smith Chevrolet simply to avoid removal on diversity grounds.   Affidavit of J. Walter Sinclair in Support of Notice of Removal, p. 2, ¶ 4. This assertion cannot provide a proper basis for jurisdiction for two reasons.  First, there are no facts to support DaimlerChrysler s claim.  Because the burden is on the removing defendant to

14

establish that federal jurisdiction is proper, a mere statement about what it believes falls well

short of its required proof.

Second, the facts here actually demonstrate the validity of the plaintiff s claims against

Smith Chevrolet. The plaintiff named Smith Chevrolet, which is an Idaho corporation, in the

complaint. *See* Complaint, included in Exhibit D to Notice of Removal. The claims against

Smith Chevrolet are based on state law causes of action for negligence, strict liability, and failure

to warn. Complaint, pp. 3-23 and Exhibit B thereto. As DaimlerChrysler correctly noted in its

attorney affidavit, the decedent identified Smith Chevrolet as one of the places where he

purchased replacement brake parts. Affidavit of J. Walter Sinclair in Support of Notice of

Removal dated September 22, 2005, Exhibit A (162:6-12.; 165:5-11). Thus, the plaintiff has

stated causes of action against Smith Chevrolet, which are based on a clear, unequivocal

identification of asbestos-containing parts that Jearold Buttars purchased from this resident

defendant.

Despite such identification of Smith Chevrolet parts, DaimlerChrysler asserted that the

plaintiff included Smith Chevrolet for the sole purpose of defeating diversity jurisdiction.

September 22, 2005, Affidavit of J. Walter Sinclair in Support of Notice of Removal, p. 2, ¶ 4.

In essence, the removing defendant is claiming that Smith Chevrolet was fraudulently joined.

 Fraudulent joinder  is a term of art wherein a court will find a party was not properly joined if

the  plaintiff fails to state a cause of action against a resident defendant, and the failure is

obvious according to the well-settled rules of the state. [26] Some cases in which the Ninth Circuit

has found fraudulent joinder include where a diverse subsidiary corporation assigned contractual

---

[26] *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *United Computer Systems, Inc. v. AT&T Corporation,* 298 F.3d 756,761 (9th Cir. 2002).

rights to its non-diverse parent corporation;[27] where a plaintiff joined an employee of the arbitration association when the claims were based on a software licensing agreement to which the association was not a party;[28] and post-removal joinder of non-diverse defendant.[29]

DaimlerChrysler argues that the plaintiff s failure to join other identified sellers in the complaint somehow makes the joinder of Smith Chevrolet fraudulent. This argument is both logically and legally unsupportable. The Ninth Circuit has consistently held that a plaintiff s motives for joining a defendant are immaterial.[30] Moreover, a plaintiff s decision to include one defendant and not another is a strategic one that turns on numerous considerations, such as solvency, that are completely irrelevant to the question of federal jurisdiction. The only material question for the analysis of fraudulent joinder is whether the plaintiff has *any possibility* of stating a cause of action in state court, and the burden is on the removing defendant to demonstrate that no such claim could exist.[31] Because the decedent testified that he purchased brake parts from Smith Chevrolet, the plaintiff has articulated a valid theory that Jearold Buttars was exposed to asbestos-containing products he purchased from Smith Chevrolet. Thus, there is no basis for DaimlerChrysler s claim that Smith Chevrolet was not properly joined, so there is no complete diversity for purposes of federal jurisdiction.

### E.    PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS  FEES.

---

[27] *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987 (9th Cir. 1994).

[28] *United Computer Systems, Inc. v. AT&T Corporation, supra*, 298 F.3d 756.

[29] *Spencer v. United States District Court for the Northern District of California*, 393 F.3d 867 (9th Cir. 2004).

[30] *Albi v. Street & Smith Publ ns*, 140 F.2d 310, 312 (9th Cir. 1944).

[31] *Wilson v. Union Security Life Ins. Co.*, 250 F.Supp.2d 1260, 1262-63 (D. Idaho 2003) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002)).

Plaintiff requests fees and costs incurred in moving for remand pursuant to 28 U.S.C. § 1447(c) against DaimlerChrysler.  An award of attorneys  fees and costs may be made upon a simple finding that the removal was improper as a matter of law.[32]   [F]ees are proper when removal is wrong as a matter of law, even though the defendant's position may be  fairly supportable.  [33]  Here, DaimlerChrysler s removal was clearly wrong as a matter of law because DaimlerChrysler removed without securing the necessary consents to removal from its co-defendants, which are required for removal based on federal enclave jurisdiction.

The court may order remand immediately while retaining limited jurisdiction to determine and award fees and costs.[34]

## IV.

## CONCLUSION

The removal of this action was improper because it does not demonstrate the existence of federal question jurisdiction and was filed without the consent of all other served defendants. Remand to state court is necessary, and an award of costs and fees is appropriate.

DATED this ____ day of October, 2005.

BEVIS, CAMERON & JOHNSON, P.A.

By_____/s/_____
        Michael R. Johnson
        Attorneys for Plaintiff

---

[32] *Simpson v. Union Pacific RR Co.*, 282 F.Supp.2d 1151 (N.D. Cal. 2003) (citing *Kanter v. Warner-Lambert*, 265 F.3d 853, 861 (9th Cir. 2001); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 949 (9th Cir. 2001).

[33] *Hofler v. Aetna US Healthcare*, 296 F.3d 764, 770 (9th Cir. 2002).

[34] *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 444-45 (9th Cir. 1992). *See also Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000).

17

# EXHIBIT E

James C. Dale, ISB No. 2902
Email: jcdale@stoel.com
Nicole C. Hancock, ISB No. 6899
Email: nchancock@stoel.com
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000
Facsimile: (208) 389-9040



Attorneys for Defendant DaimlerChrysler Corporation

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| KENT BUTTARS, as Personal Representative on behalf of the Legal Heirs of JEAROLD BUTTARS, Deceased,<br><br>         Plaintiffs,<br><br>v.<br><br>ATLAS TURNER, INC.; et al.<br><br>         Defendants. | Case No.  CIV  05-373-S-EJL<br><br>**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005** |

## I. INTRODUCTION

Defendant DaimlerChrysler Corporation ("DCC") hereby opposes Plaintiffs' Motion to Remand to State Court; Request for Costs and Fees Pursuant to 28 U.S.C. § 1447(C) ("Motion to Remand") (Docket No. 53). DCC properly removed this matter and included all of the necessary consents from the other Defendants with its filing. This Court has jurisdiction pursuant to a federal question under 28 U.S.C. § 1331 and therefore the Court should not remand this matter.

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 1**

This Response is supported by the Affidavit of Nicole C. Hancock in Support of Response to Motion to Remand File 10/14/2005, the pleadings on file in this case, and the pleadings on file in *Buttars v. Crane, et al.*, Case No. 04-CV-206

## II. DISCUSSION

### A.   Defendants Properly Included All Necessary Consents For Removal

Plaintiffs incorrectly assert that the removing Defendant must file consents from every Defendant in this case. (Motion to Remand at 6.)  However, consents are only necessary from those to whom Plaintiffs correctly complied with the state service of process rules.  It is the latter limited number of defendants from whom DCC needed and obtained consents.

#### 1.   DCC Did Not Need Consents From Defendants Not Properly Served

Improperly served Defendants did not have to consent to removal.  "Defendants who are not served may be ignored, both for jurisdictional purposes and for the purpose of requiring their joinder in the notice of removal." *Asunto v. Shoup*, 132 F. Supp. 2d 445 (E.D. La. 2000) (quoting Wright, Miller & Cooper, Federal Practice and Procedure, § 3731, p. 274 (1998)).

Consent is required only from those Defendants who have been properly served "prior to removal." *See Roberts v. Palmer*, 354 F.Supp.2d 1041, 1044 (E.D. Mo. 2005); *see also Jones v. Kremer*, 28 F. Supp. 2d 1112, 1113 n.2 (D. Minn.1998); *see also Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 999-1000 (S.D.Iowa 2001) (holding unserved defendants excepted from joining in removal petition).  Once removal has occurred, it is not necessary to obtain the consents of subsequently served or appearing defendants. *See Roberts*, 354 F. Supp. 2d at 1045 ("the only action contemplated by § 1448 to be taken upon the post-removal service of a previously unserved defendant is for the defendant to move to remand the case to State

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 2**
Boise-189287.1 0063393-00001

court."); *see also id.* ("If Congress had intended the additional procedural requirement of affirmative consent, it could have so stated.).

Plaintiffs failed to serve in person all Defendants with registered agents in Idaho. For those Defendants not licensed to conduct business in Idaho, Plaintiffs failed to properly file a certificate of service with the State court as required by Idaho Rules of Civil Procedure.

### a.   Certified Mail is Not Proper Service if Entity Has Idaho Registered Agent

Plaintiffs' attempted service by certified mail to entities with registered agents in Idaho was ineffective. Idaho Rule of Civil Procedure 4(d)(4)(A) requires personal service upon a registered agent. Specifically, the rule provides:

> Upon a domestic or foreign corporation by delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by statute of this state to receive service of process, and upon a partnership or other unincorporated association which is subject to suit under a common name, *by delivering a copy of the summons and the complaint to an officer or the managing or general agent of the partnership or association, or to any other agent authorized by appointment or by statute of this state to receive service of process.*

(*Id.* (emphasis added)).

The following defendants have registered agents in Idaho and thus required personal service in order to be effective:

> American Honda Motor Co., Inc.
> BMW of North America, LLC
> Bridgestone/Firestone North American Tire, LLC
> Bucyrus International, Inc.
> Burns International Services Corporation
> DaimlerChrysler
> Ford Motor Company
> Foster Wheeler LLC
> General Motors Corporation
> Honeywell International, Inc.
> International Truck & Engine Corporation
> Lear Siegler Diversified Holdings Corp.

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 3**

Morton International, Inc.
Nissan North America
Parker Hannifin Corporation
Robertson-Ceco Corporation
Smith Chevrolet Co., Inc.
Union Carbide Corporation

*See* Affidavit of Nicole C. Hancock in Support of Defendant DaimlerChrysler's Response to

Motion to Remand Filed 10/14/2005 ("Hancock Aff.") ¶ 2.). Because Plaintiffs executed service

via certified mail only (*See* Affidavit of J. Walter Sinclair in Support of Notice of Removal

(Docket No. 2), Ex. A), Plaintiffs' service of process as to these Defendants was ineffective.[1]

Accordingly, consent from the improperly served defendants was not necessary.

### b.    No Appearance Requires Return Service to be Filed

Plaintiffs' failure to comply with the procedural requirements for service of process laws

affected DCC's ability to know of the Defendants from whom consents were needed. Pursuant

to Idaho Rule of Civil Procedure 4(g), Plaintiffs should have filed a return proof of service for all

Defendants who had not yet appeared in the case. Specifically, the rule provides:

> **Return.** Proof of service of process shall be in writing specifying
> the manner of service, the date and place of service and *unless the
> party served files an appearance the return must be filed with the
> court*:
>
> . . . .
>
> (4) If service is by certified or registered mail, then by affidavit of
> a person over the age of 18 years who mailed such process together
> with postal receipts indicating whether the person received the
> service of process by mail.

---

[1] Even if a defendant was registered in Idaho, but did not have a designated agent for
service of process, in which case certified mail service is an option, Plaintiff had an affirmative
duty to file proof of service of process with the state court. *See* Idaho R. Civ. Pro. 4(d)(4)(B).
Rule 4(d)(4)(B) specifically requires:

> The *party or attorney serving the corporation under this
> paragraph shall make a return certificate indicating compliance
> with the provision of this rule and attaching a receipt of the
> mailing.*

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED
10/14/2005 - 4**

Idaho R. Civ. Pro. 4(g) (emphasis added).

In this case, Plaintiffs never filed any return certificate indicating that they served any Defendant in this case.[2]  Consequently, DCC only had knowledge of the Defendants who had appeared, answered, or filed another sort of pleading in the state case.

DCC properly obtained consents from each of the Defendants to which DCC was aware. DCC included the state court docket with its removal, showing the extent of knowledge DCC had with respect to the other Defendants who had been served.  (Hancock Aff. ¶ 4, Ex. F.)  DCC properly obtained consents from every Defendant that DCC knew had appeared, answered or filed anything in the state court matter.[3]

Had Plaintiffs properly filed a return proof of service, DCC would have had knowledge of the other Defendants who were served and could have obtained consents from them as well. However, Plaintiffs' failure to comply with the rules prevented DCC from determining its ability to know of the other Defendants and as a result, DCC did not obtain their consents.

2.      **Even If Procedurally Defective, the Court Can Retain Jurisdiction**

Federal subject matter jurisdiction is not defeated even if removal was procedurally defective. *Mackay v. Unita Development Co.*, 229 U.S. 173, 176 (1913); *see also Parrino v.*

---

[2] Even though Plaintiff should not have made any further filings in state court once DCC removed this matter, Plaintiff has attempted to re-serve the complaint pursuant to a state court subpoena and the state court captioned complaint. (*See* Hancock Aff. Ex. F.)  Accordingly, Plaintiff must believe it can still file with the state court, yet it has not filed any proof of certified mail service.

[3] Honeywell International, Inc. ("Honeywell") filed a notice of appearance with the state court on September 13, 2005 (two days before DCC removed this matter).  (Hancock Aff. ¶ 5.) However, Honeywell served its appearance only on Plaintiff and the state court docket clerk did not have the appearance docketed when DCC called to confirm that it had all of the pleadings before it removed.  *Id.*  Accordingly, DCC did not have notice of Honeywell when it removed this matter.  (*Id.*)  Indeed, Honeywell did not know that the matter had been removed.  As soon as DCC learned of Honeywell and Honeywell learned that the matter had been removed, Honeywell consented to the removal. (Docket No. 24.)

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 5**

*FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) (holding that non-consenting defendants cured the

procedural defect when they subsequently filed their consents). The Supreme Court in *Mackay*

stated:

> Removal proceedings are in the nature of *process* to bring the
> parties before the United States court. As in other forms of
> *process*, the litigant has the right to rely upon the statute, and to
> insist that, in compliance with its terms, the case shall be taken
> from the state to the Federal court in the proper district, on motion
> of the proper person, at the proper time, and on giving the proper
> bond. But these provisions are for the benefit of the defendant, and
> intended to secure his appearance. When that result is
> accomplished by his voluntary attendance, the court will not, of its
> own motion, inquire as to the regularity of the issue or service of
> the process, or, indeed, whether there was any process at all, since
> it could be waived, in whole or in part, either expressly or by
> failing seasonably to object.

*Id.* at 176 (emphasis added); *see also Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 (11th

Cir. 1997) (citing with approval the *Mackay* opinion, stating that its ruling is still valid and

applicable to removal determinations).

In *Parrino*, the Ninth Circuit held that "a procedural defect existing at the time of

removal but cured prior to entry of judgment does not warrant reversal and remand of the matter

to state court." 146 F.3d at 703 (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 71 (1996)).

In this case, DCC filed consents for all Defendants who had been properly served and

either filed a notice of appearance or answered in the state court matter.[4] As of November 7,

---

[4] Plaintiff incorrectly suggests that the Ninth Circuit may lean toward applying the "first served rule." (Motion to Remand at Docket No. 53.) The Ninth Circuit has not yet been faced with whether it will adopt the "first served rule" and the question is not present in this case. Even if the "first served rule" were present in this case, the only indications given by the Ninth Circuit are that it does not agree with the affect that a first served rule creates. The court stated that "first served rule" would "encourage unfair litigation tactics." *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED
10/14/2005 - 6**

2005, all Defendants who have answered, appeared, or filed a pleading in either the state case or the federal case have consented to removal. (Hancock Aff. Ex. G.)

## B.    This Court Has Subject Matter Jurisdiction Based On Plaintiffs' Allegations Of Exposures On Federal Enclaves

This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 as the underlying action arises (in part) out of Plaintiffs' previously alleged exposure to asbestos or asbestos-containing products on federal enclaves. *See, e.g*, U.S. Constitution, Art. I, § 8, cl. 17; *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) ("Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as part of federal question jurisdiction."); *Willis v. Craig*, 555 F.2d 724, 726, n.4 (9th Cir. 1977). DCC removed this case (Docket No. 1) based upon the Plaintiffs' allegation that he was exposed while employed at the Idaho National Engineering Laboratory (INEL) and pursuant to its request that this Court take judicial notice of the Plaintiffs' earlier allegation of exposure during his military service at Fort Bliss, Texas and Fort Stewart, Georgia to establish enclave status (Docket No. 4).

The present lawsuit follows an earlier proceeding brought against DCC and virtually all of the other Defendants alleging Mr. Buttars' exposure to asbestos and asbestos related products. That case was then removed to federal court. *See* Case No. 04-CV-206 (hereafter "*Buttars I*") [5]. In *Buttars I* the plaintiff alleged that he was exposed to asbestos while serving in the United States military at the bases identified above. (*Buttars I*, Complaint (Docket No. 2).) Additionally, Mr. Buttars personally testified to the fact that he wore asbestos mittens at Fort Bliss and Fort Stewart. (*Buttars I*, Affidavit of Curtis McKenzie, ¶ 4, Ex. A, Deposition of Jearold Buttars, Vol. 2, pp. 423-426, 428, 448, Docket No. 55). As is the case here, plaintiffs in

---

[5] DCC acknowledges that the Plaintiff in the present complaint is the Personal Representative of the heirs of the plaintiff in the prior proceeding. *See* Complaint, ¶ 5.

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 7**

*Buttars I* filed a Motion to Remand the action to state court (*Buttars I*, Notice of Motion and

Motion to Remand to State Court; Request for Costs and Fees Pursuant to 28 U.S.C. § 1447 (c),

Docket No. 19.) DCC opposed that Motion (*Buttars I*, Memorandum in Support of Chrysler's

Motion to Dismiss Motion to Remand, Docket No. 94). DCC requests this Court to take judicial

notice of the pleadings in *Buttars I* for the purposes of establishing the jurisdictional basis for

removal in this subsequent proceeding. (Docket No. 4).

Although Plaintiffs have since omitted their allegations related to Mr. Buttars' exposure

to asbestos while in the military in this case, DCC respectfully submits that the Court cannot

ignore those earlier averments and deposition testimony to thwart the court's exclusive

jurisdiction. Additionally, DCC submits that the INEL is also a federal enclave which serves as

an independent basis for establishing the Court's exclusive jurisdiction. For these reasons the

Motion to Remand (Docket No. 51) should be denied.

    1.    **This Court Should Take Judicial Notice of the Pleadings Submitted in**
           ***Buttars I*, Which Establish that Fort Bliss and Fort Stewart are Federal**
           **Enclaves**

Following removal of *Buttars I* (Docket No. 56), Plaintiffs sought to remand the matter

for reasons which are similar, if not identical, to those presented in this proceeding. (*Buttars I*,

Notice of Motion and Motion for Remand to State Court; Request for Costs and Fees Pursuant to

28 U.S.C. 1447(c), Docket No. 73). DCC and at least one other Defendant responded to that

motion and presented persuasive authority that Plaintiffs' alleged exposures occurred on a

federal enclave and thereby established that removal was proper. (*Buttars I*, Memorandum in

Support of Chrysler's Motion to Dismiss Motion to remand, Docket No. 95; and Affidavit of

Curtis D. McKenzie, Docket No. 96). Plaintiffs' Motion to Remand in *Buttars I* was never

adjudicated because plaintiffs then moved for voluntary dismissal of their action pursuant to

Rule 41. (*Buttars I*, Plaintiffs' Rule 41 Motion for Voluntary Dismissal, Docket No. 97).

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED**
**10/14/2005 - 8**

DCC respectfully submits that this Court can now decide this motion by taking judicial notice of the pleadings filed in *Buttars I*, which conclusively establish that Texas and Georgia have ceded exclusive jurisdiction over the lands where those bases are located to the United States government. In *Jones v. United States*, 137 U.S. 202, 214, 11 S.Ct. 80, 84 (1890), the United States Supreme Court held that "[a]ll courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government whose laws they administer . . . as appearing from the public acts of the legislature and executive, although those acts are not formally put in evidence, nor in accord with the pleadings." *See also*, *United States v. Wilson*, 631 F. 2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of court records in another case). For these reasons DCC asks the Court to take judicial notice of the pleadings submitted in *Buttars I*, for the purposes of considering DCC's arguments and authorities demonstrating why removal is entirely proper.[6]

### 2.  Plaintiffs' Artful "Re-pleading" of the Instant Complaint Cannot Defeat the Court's Jurisdiction Based on Federal Enclave Status

Following the dismissal of *Buttars I*, Plaintiffs' resurrected their claims and filed the instant lawsuit in the Fourth Judicial District of the State of Idaho. While the allegations contained in the new Complaint are virtually identical to those appearing in *Buttars I*, the allegations that the decedent was exposed to asbestos while working on military bases that constitute federal enclaves are noticeably absent.[7] DCC submits that this was a purposeful attempt to circumvent this Court's jurisdiction. DCC respectfully submits that the Plaintiffs cannot evade removal by simply omitting reference to those factual allegations backed up by specific deposition testimony to that end.

---

[6] For ease of reference, DCC has attached copies of the pleadings, which it asks the Court to take judicial notice of from *Buttars I* in addressing this motion. *See* Docket No. 4 and Hancock Aff. Exs. N and M.

[7] Plaintiffs continue to allege an exposure to asbestos at the INEL.

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 9**

Although it is generally true that a plaintiff serves as the master of his own complaint, federal courts have long recognized that doctrine of "artful pleading," which prevents a party from avoiding jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Olquin v. Inspiration Consol. Copper*, 740 F. 2d 1468, 1472 (9th Cir. 1784) (overruled on other grounds by *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142 (9th Cir. 1988).)  When presented with such a circumstance, a federal court may recharacterize claims that, while pleaded under state law, are actually governed exclusively by federal law. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996); *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1372 (9th Cir.), *cert. denied*, 484 U.S. 850 (1987).

The Ninth Circuit Court of Appeals has also found the artful pleading doctrine will support removal where a plaintiff files his state law claims in state court in an attempt to circumvent the *res judicata* effect of a prior federal claim that has been reduced to judgment. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) *overruled on other grounds as recognized in Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, (9th Cir. 1988); *cf. Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1415-16 (9th Cir. 1990).  Moreover, this doctrine has been interpreted to allow a court to "delve beyond the face of the state court complaint and find federal question jurisdiction" by "recharacteriz[ing] a plaintiff's state-law claim as a federal claim." *Precision Pay Phones v. Qwest Communications Corp.*, 210 F. Supp. 2d 1106, 1112, 1123 (N.D.Cal. 2002) (*citing Hunter v. United Van Lines*, 746 F.2d 635, 640 (9th Cir. 1985)).

Finally, there is a corollary to the well-pleaded complaint rule referred to as the complete preemption doctrine.  That corollary applies where the pre-emptive force of a statute is

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 10**

extraordinary and the state law complaint becomes a federal claim for the purposes of the well pleaded complaint rule. *Sullivan*, 80 F.3d 344, *citing Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987).

Although each of those doctrines are only slightly different than the circumstances presented here, the same rationale and principles of justice should be applied here in the face of a blatant effort to avoid removal jurisdiction by disregarding certain facts. Plaintiffs have clearly tried to mask what they purposefully included in an earlier complaint. Moreover, those allegations were confirmed by the testimony of Mr. Buttars concerning his use of asbestos gloves while in the military—evidence which DCC submits is sufficient to establish federal enclave jurisdiction. (*See* Hancock Aff. Ex. M, *Buttars I*, Affidavit of Curtis McKenzie, ¶ 4.)

The Court may consider the omitted allegations together with Mr. Buttars' earlier deposition testimony in its analysis. *See Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997) (district court is not limited to evidence in record when removal is sought, because "[t]he test should simply be whether the evidence sheds light on the situation which existed when the case was removed"); *Sierminski v. Transouth Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (court can consider postremoval evidence because "there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition"). When that evidence is considered, it is clear that the Plaintiffs have attempted to recast facts, already disclosed, in order to avoid the operation of federal law which would mandate removal. This Court is asked to not turn away from facts showing where an alleged exposure occurred and–by taking judicial notice of the earlier pleadings filed in *Buttars I*–that the alleged exposures were on federal enclave so that this case must remain in federal court.

3.     **The INEL Should Also Be Considered as a Federal Enclave**

Putting aside the fact that the allegations from *Buttars I* and the decedent's prior

deposition testimony contain alleged exposure at Fort Bliss and Fort Stewart sufficient to raise a

significant issue of federal law, an alternate basis exists to support DCC's removal.

Paragraph nineteen of the Plaintiffs' present complaint states the following:

> Decedent herein, used, handled or was otherwise exposed to
> asbestos and asbestos-containing products referred to herein in a
> manner that was reasonably foreseeable. Decedent's exposure to
> asbestos and asbestos-containing products referred to herein
> occurred at various locations as set forth in Exhibit A, which is
> attached hereto and incorporated by reference herein.

Exhibit A to the complaint indicates that "Decedent's relevant work history to asbestos and

asbestos-containing products occurred at various locations both inside the State of Idaho,

including but not limited to" "AEC Idaho National Engineering [sic] Environmental Laboratory,

Idaho Falls, ID." Exhibit A indicates that Buttars was employed by Westinghouse Electric Co. at

the time of this alleged exposure. (Docket No. 2).

By virtue of the Sixth Supplemental National Defense Appropriation Act of 1942, P.L.

528, 77/2, April 28, 1942, ch. 247, 56 Stat. 226, the United States government placed two

military support facilities in Idaho. One of those facilities was the Naval Ordnance Plant at

Pocatello, established on April 1, 1942, under the command of the Navy's Bureau of Ordnance.

"History of the Naval Ordnance Plant, Pocatello, Idaho," p. 1, (Idaho Falls: INEEL, 1997), 29-

30; and United States, Building the Navy's Bases in World War II: History of the Bureau of

Yards and Docks and  the Civil Engineer Corps, 1940-1946, Vol. 1 (Washington D.C.:

Government Printing Office, 1947), 1-13. The Naval Plant was later expanded to an area of

federal land within the present boundaries of the INEL in 1946 for use as a Naval proving range.

Through a series of public land orders the existing federal land that became the INEL was

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED**
**10/14/2005 - 12**

initially withdrawn and reserved for the proving range. (Copies of the public land orders and a guidance issued by the Idaho Attorney General's Office discussing land held by the INEL are attached to Hancock Affidavit, Exs. L and K, respectfully.) Those lands were then transferred to the Atomic Energy Commission. Additional amounts of the land were subsequently added. *Id.*

While the Plaintiffs are correct that the establishment of a federal enclave requires a showing both that the State of Idaho had ceded exclusive jurisdiction to the United States and that the United States has accepted that tender, both so-called "acceptance" requirements have been satisfied here. First, Idaho Code §§ 58-701 and 702 are cession laws that provide both consent to purchase and exclusive jurisdiction to the United States. While each of these statutes provides a limited reservation of jurisdiction to serve process, that reservation does not operate to defeat the requirements for cession under the Constitution. *James v. Dravo Contracting Co.*, 302 U.S. 134, 148-49 (1937).

As for United States acceptance of the cession, Plaintiffs' description of the requirements found in *U.S. v. Johnson*,  994 F.2d 980 (2nd Cir. 1993), is only partially correct. While it is true that 40 U.S.C. § 255 had originally required that the United States file a formal acceptance for lands acquired after 1940, a second alternative existed under that statute, which provided that federal acceptance could occur by "such other manner as may be prescribed by the laws of the state where the where such lands are situated." *Johnson,* 994 F. 2d at 985. Reference to Idaho law reveals no such additional requirement in § 58-701. Idaho Code § 58-702, provides only that the United States "coordinate" the acquisitions with the board of county commissioners where the land is located. While DCC has not been able to yet obtain documentation of such local "coordination," INEL's longstanding operation and contributions to the counties where it has been located removes any doubt that the required element of coordination has occurred.

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 13**

In deciding this issue, the Court should note that a party relying on federal enclave jurisdiction need not show a chain of title to establish the territorial jurisdiction of the United States. *United States v. Blunt*, 558 F.2d 1245, 1246-47 (6th Cir. 1977) (Court of Appeals held that district court would have been correct to take judicial notice that federal institution was within the jurisdiction of the United States); *see also Snow v. Bechtel Construction, Inc.*, 647 F. Supp. 1514, 1515-16 (C.D. Cal. 1986) (granting defendant's motion for the court to take judicial notice that the San Onofre Nuclear Generating station was located on a federal enclave); and *Celli v. Shoell*, 995 F. Supp. 1337, 1341 (D. Utah 1998) (district court took judicial notice that Hill Air Force Base is a federal enclave subject to the exclusive jurisdiction of the United States based on a base jurisdiction map and a document entitled History of Hill Air Force Base). DCC submits that the records describing the history of the INEL demonstrate it is a federal enclave.

Applying the allegations found in *Buttars I* relating to Mr. Buttars' alleged exposure during the term of his military service and DCC's request for judicial notice, the pleadings filed in *Buttars I* conclusively demonstrate Fort Bliss and Fort Stewart are federal enclaves. So too is the Idaho National Engineering Laboratory. For these reasons jurisdiction is proper with this Court and Plaintiffs' instant Motion to Remand should be denied.

## C.    Defendants Did Not Remove On Diversity Jurisdiction

DCC removed based solely on federal question jurisdiction. *See* Notice of Removal (Docket No. 1.) DCC believes that there may also be grounds to remove this matter on diversity grounds as well. However, DCC cannot obtain the information to determine whether diversity jurisdiction exists without propounding discovery. DCC moved the Court for leave to conduct limited discovery prior to the commencement under the Federal Rules of Civil Procedure. (Docket No. 13.)

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 14**

DCC necessarily had to remove the matter based on federal question jurisdiction because its 30 days under § 1446 had expired.  As a precautionary matter, DCC attempted to continue gathering facts as to whether there was also grounds for removal based on diversity jurisdiction.  However, the Court has since denied DCC's motion to conduct limited discovery (Docket No. 71) and therefore there is no pending issue before the Court with respect to diversity jurisdiction.  DCC expressly reserves the right to re-remove this matter pursuant to diversity jurisdiction in the event the Court remands this matter.

**D.     Plaintiffs' Claim for Costs and Fees Under 28 U.S.C. § 1447(c) Are Premature**

Plaintiffs seek attorneys fees and costs pursuant to 28 U.S.C. Section 1447(c).  There has been no finding that removal was improper, and the Plaintiffs' request is clearly premature.  This Court retains limited jurisdiction to award such costs and fees should that be the case.  DCC will address this issue if and when that becomes necessary.  Only with the benefit of a ruling on this issue can DCC be in a position to demonstrate why such an award should be denied.  *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 & n.6 (9th Cir. 2000) (the Court retains discretion to not to award fees when the defendant's basis for removal had a sufficient basis in law).[8]  Until then, DCC submits removal was , at the very least, fairly supportable.  Accordingly, DCC should not be punished for exercising its procedural rights in effort to protect its legitimate interests.

---

[8]  As an aside, this Court should also take note that the United States Supreme Court recently granted certiorari in *Martin v. Franklin Capital Corp.*, 393 F. 3d 1143 (10th Cir. 2004), *cert. granted*, 161 L. Ed. 2d 772 (April 25, 2005), to determine precise legal standard for determining whether to award fees and expenses under 28 U.S.C. §1447(c) upon remanding a removed case to state court.

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 15**

### III. CONCLUSION

Based on the foregoing arguments and authorities, the Court is respectfully requested to deny Plaintiffs' Motion to Remand.

DATED: November ___, 2005.

STOEL RIVES LLP

_____
James C. Dale
Nicole C. Hancock

Attorneys for Defendant
DaimlerChrysler Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on November _____, 2005, I served a copy of the foregoing

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND**

**FILED 10/14/2005** on CM/ECF Registered Participants as reflected on the Notice of Electronic

Filing as follows:

wgd@elamburke.comm, buff@elamburke.com, jnp@elamburke.com, skh@elamburke.com, (attorney for Bucyrus)
reh@hallfarley.com, klm@hallfarley.com, cdc@hallfarley.com, pzb@hallfarley.com,, kjs@hallfarley.com, sls@hallfarley.com, (attorney for Parker-Hannifan/Standard Motors)
ablatty@qwest.com (attorney for Aqua-Chem, Inc.)
ear@hteh.com, jln@hteh.com, klr@htech.com (attorneys for Bridgestone/Firestone)
dstorer@holdenlegal.comm smueller@holdenlegal.com, sperry@holdenlegal.com, tfowler@swlaw.com, (attorneys for Honda )
srt@moffatt.com, jch@moffatt.com, ecf@moffatt.com, moffattthomas@hotmail.com (attorneys for Nissan North America)
cjlaw@allidaho.com (attorney for Crown, Cork & Seal)
mjohnson@bevislaw.com (attorney for Plaintiffs)
mbirk@bakerlaw.com, lchandler@bakerlaw.com; ralbee@bakerlaw.com, wwoodard@greenerlaw.com, hmaynard@greenerlaw.com, (attorney for Dana, Maremont, Pneumo & UCC)
ebjorkman@perkinscoie.com, Lloyd@perkinscoie.com,  (attorney for Honeywell)
shess@idalaw.com, sholmes@idalaw.com, (attorney for Robertson-Ceco).
cburke@greenerlaw.com, tlauric@greenerlaw.com, dlarsen@swlaw.com (attorneys for Ford/GM)
tmurdock@hollandhart.com, emulcahy@hollandhart.com, boiprojasst@hollandhart.com (attorney for Garlock Sealing)
rrose@rqn.com (attorneys for Budd/Morton/Lear)

Additionally, a copy of the foregoing **DEFENDANT DAIMLERCHRYSLER'S**

**RESPONSE TO MOTION TO REMAND FILED 10/14/2005** was served on the following in

the manner indicated below and addressed to:

S. Brook Millard (Plaintiffs)          [✓] Via U. S. Mail
Eisenberg & Gilchrist                  [ ] Via Hand-Delivery
215 S. State St. #900                  [ ] Via Overnight Delivery
SLC, UT 84111                          [ ] Via Facsimile

B. Newal Squyres (Garlock Sealing)     [✓] Via U. S. Mail
Holland & Hart                         [ ] Via Hand-Delivery
Suite 1400, U.S. Bank Plaza            [ ] Via Overnight Delivery
101 South Capitol Blvd                 [ ] Via Facsimile
Boise, ID 83701

**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 17**

Gregory S. Roberts  (Budd/Morton/Lear)
Ray Quinney & Nebeker
P.O. Box 45385
SLC, UT 84145-0385

[✓] Via U. S. Mail
[ ] Via Hand-Delivery
[ ] Via Overnight Delivery
[ ] Via Facsimile


David S. Perkins (Borg/Burns)
William G. Pope
QUANE SMITH LLP
Sixteenth Floor, U.S. Bank Plaza
101 S. Capitol Blvd
Boise, ID 83701

[✓] Via U. S. Mail
[ ] Via Hand-Delivery
[ ] Via Overnight Delivery
[ ] Via Facsimile


Kara L. Pettit (Stuart Western)
Jill L. Dunyon
Joseph P. Barrett
Snow Christensen & Martineau
10 Exchange Place, Eleventh Floor
SLC, UT 84145

[✓] Via U. S. Mail
[ ] Via Hand-Delivery
[ ] Via Overnight Delivery
[ ] Via Facsimile


James C. Dale
DaimlerChrysler Corporation


**DEFENDANT DAIMLERCHRYSLER'S RESPONSE TO MOTION TO REMAND FILED 10/14/2005 - 18**

Boise-189287.1 0063393-00001

# EXHIBIT F

Michael R. Johnson (Idaho State Bar No. 4706)
BEVIS, CAMERON & JOHNSON
960 Broadway Avenue, Suite 220
P.O. Box 827
Boise, Idaho 83706-3667
Telephone: (208) 345-1040
Facsimile: (208) 345-0365

S. Brook Millard (Utah State Bar #7415 *Pro Hac Vice admission pending*)
BRAYTON❖PURCELL
EISENBERG & GILCHRIST
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KENT BUTTARS, as Personal Representative on behalf of the Legal Heirs of JEAROLD BUTTARS, Deceased, | ) ) ) | No. CIV05-373-S-EJL |
| Plaintiff, | ) ) ) | REPLY MEMORANDUM IN SUPPORT OF MOTION FOR REMAND TO STATE COURT; REQUEST FOR COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(C) |
| vs. | ) ) | |
| ATLAS TURNER, INC.; et al., | ) ) | |
| Defendants. | ) ) ) | |

## I.
## INTRODUCTION

"*Straw man*. A person of little importance; nonentity; a weak argument or opposing view set up by a politician, debater, etc, so as to be able to attack it and gain an easy, showy victory; a person used to disguise another's intentions, activities, etc."[1]

In its Response to Plaintiff's Motion to Remand, DaimlerChrysler makes numerous untenable

arguments that are so absurd they defy any reasonable legal analysis.  These arguments are, in

---

[1] *Webster's New World Dictionary, College Dictionary*, Fourth Edition (2004) p. 1416.

essence, "straw man" arguments designed to disguise the fact that there is no basis for federal jurisdiction here. First, the removing defendant argues that it must have actual notice or knowledge of a defendant's presence in the case for that defendant's consent to be required. But, alas, the rules for removal do not revolve around DaimlerChrysler's subjective knowledge.

Removing defendant next argues this court has not just the right, but the *duty*, to add claims to provide a basis for federal enclave jurisdiction. Defendant then invokes the doctrine of res judicata, which is a claim preclusion doctrine, to support its absurd notion that this court can borrow claims from a different case as a basis for jurisdiction here. In its final, feeble attempt to disguise the lack of federal enclave jurisdiction, it argues federal preemption applies to this state law tort case.

**II.**
**LEGAL ARGUMENT**

**A.     DaimlerChrysler Failed to Obtain Unanimous Consent, Even From Defendants Who Had Appeared.**

     **1.     Service Was Proper Under Idaho Law.**

Defendant attempts to circumvent the unanimous consent requirement by attacking the service of the complaint on the other defendants. Idaho Rule of Civil Procedure 4(d)(4) states that service on domestic and foreign corporations can be completed:

> . . . by delivering a copy of the summons and complaint to an officer, managing or general agent, *or* to any other agent authorized by appointment *or* by statute of this state to receive service of process .
> . . .   IRCP 4(d)(4)(A). (Emphasis added.)

Idaho Code § 5-515 indicates that "[s]ervice of process upon any such person, firm, company, association or corporation who is subject to the jurisdiction of the courts of this state, as provided

herein, may be made by personally serving the summons upon the defendant outside the state with the same force and effect as though summons had been personally served within this state."

DaimlerChrysler erroneously asserts that all of the defendants with registered agents in Idaho "required personal service in order [for the service] to be effective." (Response, p. 3.) But nothing in either of the statutes just cited nor the Idaho caselaw prevents a plaintiff from serving a defendant outside of the state, even if that defendant has a designated agent for service in Idaho.

DaimlerChrysler then argues that the service on defendants without registered Idaho agents was also improper because plaintiff has not filed a return certificate. (Response, p. 4 and fn. 1.) IRCP 4(g) requires a return to be filed, unless the party served files an appearance. Moreover, IRCP 4(e)(2) specifically states that personal service is complete on the date of delivery, not when the return is filed. Here, plaintiff personally served the following defendants prior to removal, none of whom timely consented:

> BMW; Budd Company; Burns International; Dana Corporation; Garlock Sealing; Honeywell International; International Truck & Engine; John Crane, Inc.; Maremont Corporation; Morton International; Pneumo Abex; R.F. MacDonald Co.; Robertson-Ceco; and Union Carbide.

(Millard Affit. to Motion to Remand, ¶ 5 and Exhibit B thereto.) Defendant concedes none of these defendants timely consented. (Hancock Affit, Ex. A&G.) In addition, Plant Insulation Company signed an Acknowledgment of Receipt in lieu of personal service. (Millard Affid. to Motion to Remand, ¶ 5 and Exhibit B thereto.) IRCP 4(g) states that no return is required if the party signs an acknowledgment that it is accepting service of the summons and complaint. Consequently, the service is not "improper," even if the return had not been filed when this case was removed.

2.    **Actual Notice or Knowledge Is Not the Test for Unanimous Consent.**

3

DaimlerChrysler next argues it need only obtain consent from those defendants of whose presence in the case it had actual notice or knowledge. (Response, p.5.) Defendant cites no legal authority to support this contention because there is none. But, ironically, even using defendant's incorrect standard, its removal is still defective.

According to DaimlerChrysler, it only needed to obtain consents: 1) if the defendant had appeared in the case prior to removal; or 2) if the plaintiff filed a return indicating service of process. (Response, p. 5.) Defendant Stuart-Western filed its answer in state court over a week before removal, which the docket report attached to DaimlerChrysler's removal papers clearly indicates. (Sinclair Affit. to Mot. to Remand, Exhibit D.) Honeywell also filed an answer prior to removal. DaimlerChrysler argues Honeywell's timely consent was unnecessary because Honeywell's answer did not appear on the state court's docket when DaimlerChrysler contacted the court. (Response, p. 5.) But defendant concedes it "had knowledge of the Defendants who had appeared, answered, or filed another sort of pleading in the state case." (Response, p. 5.) Thus, even under defendant's distorted version of the rules, its failure to obtain timely consent from Stuart-Western and Honeywell made the removal defective.

DaimlerChrysler also had actual notice that four other defendants – Dana Corp., Maremont Corp., Pneumo Abex, and Union Carbide – had been served. This knowledge is evidenced by the signed consents dated September 14, 2005, from each of these defendants that are attached to DaimlerChrysler's Response. But none of those consents appears in the record. They were not attached to DaimlerChrysler's removal papers nor were they filed separately. (*See* Notice of Removal & exhibits attached thereto.) DaimlerChrysler obviously had copies of those consents, since it attached them to its Response. Because the consents were dated the same day the removal

4

was filed, DaimlerChrysler can hardly claim it had no notice of these defendants' presence in the case. As noted above, these defendants were personally served. Consequently, their consents were required, even under DaimlerChrysler's version of the rules.

DaimlerChrysler next asserts that it can just ignore the unanimous consent requirement. (Response, pp. 5-7.) This argument is legally incorrect. All defendants who were served at the time the removal petition was filed must timely join in the removal.[2] Because removal is a right created by statute, the procedural requirements are mandatory.[3] Moreover, "'[t]he consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction.'"[4] Courts must strictly construe these requirements.[5]

Defendant cites *Parrino v. FHP, Inc.*[6] and *Caterpillar, Inc. v. Lewis*[7] for the proposition that it has no obligation to comply with section 1446(b). But the court in *Parrino* did not dispense with the procedural requirements. In fact, the court stated the exact opposite. "We do not . . . read *Caterpillar* to authorize district courts to ignore the procedural requirements for removal: to the contrary, we agree with *Caterpillar* that '[t]he procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed.'

---

[2] *Albonetti v. GAF Corporation Chemical Group*, 520 F.Supp. 825, 827 (S.D. Texas, Galveston Division 1981).

[3] *McShares v. Barry*, 979 F.Supp. 1338, 1342 (D. Kansas 1997).

[4] *Ross v. Thousand Adventures of Iowa, Inc.*, 163 F.Supp.2d 1044, 1050 (S.D. Iowa 2001).

[5] *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D. Alabama 2000).

[6] *Parrino v. FPH, Inc.*, 146 F.3d 699 (9th Cir. 1988).

[7] *Caterpillar v. Lewis*, 519 U.S. 61 (1996).

5

[citations omitted]. We understand *Caterpillar* merely to permit *the Court of Appeals* to treat as cured a procedural defect in the removal process corrected before entry of judgment."[8]  The court in *Parrino* distinguished between the *appellate court's* ability to treat the requirements as cured and the district court's mandate to enforce the procedural requirements. Neither *Parrino* nor *Caterpillar* permits the district court to waive the mandatory procedural requirements.

DaimlerChrysler also relies on *Mackay v. Unita Development Co.*[9] But this case is inapposite here because it addresses a defendant's waiver of proper service by voluntarily appearing. (Response, p. 6.) This issue is irrelevant with respect to the procedural requirements for removal.

The record here is clear and DaimlerChrysler concedes, that the joinders from BMW, Robertson-Ceco, Honeywell, Stuart-Western, the Budd Company, Burns International, Garlock Sealing, and Lear Siegler were untimely. (Hancock Affit., Ex. G.) Moreover, consents from Dana, Maremont, Pneumo Abex, and Union Carbide were never filed at all.  And DaimlerChrysler does not even address International Truck, John Crane, Morton International, Plant Insulation, or R.F. MacDonald, all of whom were personally served prior to removal and none of whom have consented.

## B.     DaimlerChrysler Failed to Demonstrate that the INEL Is a Federal Enclave.

The Constitution permits the federal government to acquire land for forts, arsenals, dockyards, "and other needful buildings." Art. I., § 8, cl. 17.  But for purposes of federal enclave jurisdiction, the state must cede such jurisdiction and the federal government must accept it.[10] DaimlerChrysler acknowledges these requirements.  (Response, p. 13.)  Idaho Code § 58-702

---

[8]  *Parrino v. FHP, Inc., supra*, 146 F.3d at 703, fn 1 [emphasis in original].

[9]  *Mackay v. Unita Development Co.*, 229 U.S. 173 (1913.)

[10]  *Adams v. United States*, 319 U.S. 312 (1943); 40 U.S.C. § 255 (now 40 U.S.C. §§ 3111 and 3112).

provides consent from the State of Idaho to federal land purchases and cedes jurisdiction over those lands. That is one half of the requirement.

The second half requires the federal government to accept jurisdiction because it cannot be forced to assert jurisdiction it does not want.[11] As the Supreme Court noted, for purposes of federal enclave jurisdiction, "it is immaterial that [the state] statutes authorized the government to take jurisdiction, [when] at the critical time the jurisdiction had not been taken."[12]

Congress codified the federal acceptance requirement in 40 U.S.C. § 255 (now 40 U.S.C. §§ 3111 and 3112).[13] 40 U.S.C. § 3112(b) states, "The individual [federal government representative] shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated." 40 U.S.C. § 3112(b).

In its argument that the Idaho National Engineering Laboratory (INEL) is a federal enclave, defendant states that "Idaho Code § 58-702, provides only that the United States 'coordinate' the acquisition with the board of county commissioners where the land is located." (Response, p. 13.) Actually, this section establishes Idaho's consent to federal land purchases and cedes jurisdiction to the federal government. It does not provide an alternative mechanism for federal acceptance of jurisdiction. Where no evidence exists that notice of acceptance was sent to the governor, and the state has provided no other means for acceptance, there is no basis for federal enclave jurisdiction.[14]

---

[11] *United States v. Johnson*, 994 F.2d 980, 984-86 (2d Cir. 1993).

[12] *Adams v. United States*, 319 U.S. 312, 315 (1943).

[13] *Adams v. United States*, 319 U.S. 312, 314 (1943).

[14] *City of Cincinnati v. Nussbaum*, 233 N.E. 2d 152.

DaimlerChrysler's Response conspicuously fails to acknowledge the statutory language that states: "It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section." 40 U.S.C. § 3112(c).

In its feeble attempt to ignore this presumption, the removing defendant provides two documents that, like its arguments, are completely irrelevant. The first is a letter purportedly from the Idaho Attorney General. (Affidavit of Nicole Hancock, Exhibit K.) The letter is not on letterhead and provides no other indication that the Idaho Attorney General created it. The letter is also unsigned, and defendant provided no authentication.

Even without these evidentiary issues and assuming the letter was from the Idaho Attorney General, it provides no evidence that the INEL is a federal enclave. At best, the letter indicates that the federal government owns the real property within the INEL. But the federal government's proprietary interest does not establish federal enclave jurisdiction.[15] The letter provides no indication that the federal government accepted the jurisdictional cession conferred by Idaho Code § 58-702(1). In fact, just the opposite may be inferred from the letter, which simply states:

> In the past, substantial disputes in other jurisdictions and under other circumstances have occurred between the United States and a particular state because of the lack of clarity in federal legislation over the scope of state authority on a particular federal reservation. Your letter did not provide sufficient information about your concerns for this office to provide any guidance on the relative authority of the State of Idaho and the United States in this particular case. (Hancock Affit., Exhibit K.)

The excerpts from the Federal Register are equally useless in establishing that the federal government accepted jurisdiction over the INEL site. (Hancock Affit., Exhibit L.) These entries

---

[15] *United States, ex rel. Greer v. Pate*, 393 F.2d 44, 45 (7th Cir. 1968).

simply indicate that some lands went in and out of public land status for various purposes from 1946 through 1958. (Hancock Affit., Exhibit L.)

## C.   Federal Jurisdiction Cannot Be Based on Claims Not Asserted in This Case.

DaimlerChrysler makes the appalling argument that it may use facts and claims from a different case to establish *this* court's jurisdiction. Specifically, the removing defendant asks this court to assert federal enclave jurisdiction based on claims of asbestos exposure at Fort Bliss and Fort Stewart, neither of which is at issue here. (Response, pp. 7-11.) Moreover, as defendant acknowledges, the plaintiff is the master of his complaint (Response, p. 10) and certainly cannot be required to assert claims it does not intend to pursue.

In keeping with its "straw man" strategy to disguise its total lack of valid arguments, DaimlerChrysler asserts that the doctrine of res judicata should apply here to preclude the plaintiff from *not* asserting claims arising on Fort Bliss and Fort Stewart. (Response, p. 10.) Res judicata cannot apply here because the rule "constitutes an absolute *bar* to a subsequent act involving the same claim . . . or cause of action."[16] DaimlerChrysler argues that it is merely asking this court "recharacterize" the plaintiff's claims. (Response, p. 10.) But since there are no claims for injuries arising on either Fort Bliss or Fort Stewart, defendant's distortion of the doctrine would have the court *add* claims. This the court cannot do.

Daimler next argues that this case is "governed exclusively by federal law." (Response, p. 10.) That claim is so absurd it defies a straight-faced response. Of the thousands, if not hundreds of thousands, of asbestos-related cases that have been litigated over the course of 50 or more years, DaimlerChrysler is arguing that every one of them was improperly litigated in state court.

---

[16] Black's Law Dictionary 1174 (5th Ed. 1979) (emphasis added).

Daimler then argues federal preemption applies here. (Response, pp. 10-11.) This argument is beyond the absurd and into the surreal. Under the federal preemption doctrine,[17] federal law may supersede state law in two situations: 1) when Congress intends to legislate exclusively in an area of law, thus occupying the entire field;[18] or 2) when enforcing the state law would frustrate the purpose behind the federal legislation.[19] Here, Congress has not legislated at all in the area of state-law tort claims based on asbestos exposure. Hence, there can be no frustration of legislative purpose.

### III.
### CONCLUSION

If ever there was a case where the removal was improper on its face, this is it.  First, DaimlerChrysler attempts to convince the court it should assert subject matter jurisdiction based on claims that are not even at issue.  Then, it represents to this court that it obtained all necessary consents for removal despite the fact that it failed to obtain consents from six defendants whose presence in the litigation at the time of removal was demonstrated by its own papers.  Finally, it acknowledges that it has not properly established that the INEL is a federal enclave, but asks this court to assert subject matter jurisdiction on that basis anyway.  Because this removal is patently improper on both procedural and substantive grounds, the case must be remanded to state court and plaintiff should be awarded fees and costs in defending this frivolous removal.

DATED this ____ day of November, 2005.            BEVIS, CAMERON & JOHNSON

By: _____/S/_____
                       Michael R. Johnson
                       Attorneys for Plaintiff

---

[17] U.S. Const., art. VI, cl. 2 (Supremacy Clause); *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 19 (1824).

[18] *Northwest Central Pipeline Corp. v. State Corp. Comm'n*, 489 U.S. 493, 509 (1989).

[19] *Id.*

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of November, 2005, a true and correct copy of the

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR REMAND TO STATE COURT;

REQUEST FOR COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(C) was served by,

CM/ECF electronical mail to the following Registered Participants:


cburke@greenerlaw.com, tlauric@greenerlaw.com, wwoodard@greenerlaw.com,
hmaynard@greenerlaw.com (Attorney for Ford/GM)
tfowler@swlaw.com (Attorney for Honda)
reh@hallfarley.com, klm@hallfarley.com, cdc@hallfarely.com, pzb@hallfarley.com,
kjs@hallfarley.com, sls@hallfarley.com (Attorney for Parker-Hannifan/Standard Motors)
ablatty@qwest.net (Attorney for Aqua-Chem, Inc.)
ear@hteh.com, jln@hteh.com, klr@hteh.com (Attorneys for Bridgestone/Firestone)
dstorer@holdenlegal.com, smueller@holdenlegal.com, sperry@holdenlegal.com (Attorneys for
Honda/Volkswagen)
srt@moffatt.com, jch@moffatt.com, ecf@moffatt.com, moffatthomas@hotmail.com (Attorneys
for Nissan North America)
mbirk@bakerlaw.com (Attorney for Dana Corp, Pneumo Abex, Union Carbide Corp &
Maremont Corp)
nchancock@stoel.com, kejohnston@stoel.com, jwsinclair@stoel.com, boisedocket@stoel.com
(Attorneys for DaimlerChrysler Corp)
cjlaw@allidaho.com (Attorneys for Crown Cork & Seal)
dlarsen@swlaw.com (Attorneys for Ford Motor/GM)
tmurdock@hollandhart.com, emulcahy@hollandhart.com, boiprojasst@hollandhart.com
(Attorneys for Garlock Sealing Technologies)
eborkman@perkinscoie.com (Attorneys for Honeywell International)


and/or mailed by U.S. first class mail, postage prepaid to the following:

| BUDD COMPANY THE | RAY, QUINNEY & NEBEKER<br>Rick L. Rose<br>Gregory Roberts<br>36 South State Street, Suite 1400<br>SLC, UT 84145-0385 |
|---|---|

11

| STUART-WESTERN, INC. | SNOW, CHRISTENSEN & MARTINEAU<br>Jill L. Dunyon<br>Kara L. Pettit<br>Joseph P. Barrett<br>10 Exchange Place, 11th Floor<br>P.O. Box 45000<br>Salt Lake City, UT 84145 |

S. Brook Millard