MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 4 2006

FILED
CLERK'S OFFICE

1  **LUJAN AGUIGUI & PEREZ LLP**
   300 Pacific News Building
2  238 Archbishop Flores Street
   Hagåtña, Guam 96910
3  Telephone     (671) 477-8064
   Facsimile     (671) 477-5297
4

5  **BENJAMIN B. CASSIDAY III**
   5699 Kalanianaole Highway
6  Honolulu HI 96821
   Telephone     (808) 220-3200
7  Facsimile     (808) 373-7720

8  *Attorneys for Plaintiffs*

9

10        **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

11      *MDL-875:  IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

12          <u>PERTAINING TO CONDITIONAL TRANSFER ORDER 254</u>

13         **A Case Arising in the United States District Court of Guam**

14

15  **CESS NAVARRO OLMO** and          <u>**MDL No. 875**</u>
16  **RONNIE PASCUAL FERRERAS,**
                                        **(U. S. District Court of Guam**
17              Plaintiffs,             **Civil Action 05-00025)**

18              v.
                                        **MOTION TO VACATE CONDITIONAL**
19  **A. P. GREEN INDUSTRIES, INC., et al.,**  **TRANSFER ORDER 254 AS IT PERTAINS**
                                        **TO DISTRICT COURT OF GUAM CIVIL**
20              Defendants.             **ACTION 05-00025**

21

22

23

24

25

26      **OFFICIAL FILE COPY**          

27

28

**IMAGED** JAN 2 5 2006

ORIGINAL

1     Pursuant to Judicial Panel on Multidistrict Litigation Rule 7.4(d), the Plaintiffs respectfully

2  move to vacate Conditional Transfer Order 254 as it pertains to *Olmo and Ferreras v. A. P. Green*

3  *Industries, Inc., et al.*, a case arising in the U.S. District Court of Guam as Civil Action 05-00025.

4  The Conditional Transfer Order conditionally transfers the case to the United States District Court

5  for the Eastern District of Pennsylvania.

6     This Motion is supported by a brief filed concurrently with this Motion, and by other

7  materials as may be presented to the Panel.

8     Respectfully submitted this 21st day of January, 2006.

9

10              **LUJAN AGUIGUI & PEREZ** LLP

11

12        By:

13             **IGNACIO C. AGUIGUI, ESQ.**
               300 Pacific News Building

14            238 Archbishop Flores Street
               Hagåtña, Guam 96910

15            Telephone:  (671) 477-8064
               Facsimile :  (671) 477-5297

16

17            *Attorneys for Plaintiffs*

18        **<u>SCHEDULE OF ACTIONS INVOLVED [RULE 7.2(a)(ii)]</u>**

19
     The Plaintiffs are unaware of any related actions.

20

21

22

23

24

25

26

27

28

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 4 2006

FILED
CLERK'S OFFICE

1  **LUJAN AGUIGUI & PEREZ** LLP
300 Pacific News Building
2  238 Archbishop Flores Street
Hagåtña, Guam 96910
3  Telephone      (671) 477-8064
Facsimile      (671) 477-5297
4

5  **BENJAMIN B. CASSIDAY III**
5699 Kalanianaole Highway
6  Honolulu HI 96821
Telephone      (808) 220-3200
7  Facsimile      (808) 373-7720

8  *Attorneys for Plaintiffs*

9

10  **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

   *MDL-875: IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*
11

12  **PERTAINING TO CONDITIONAL TRANSFER ORDER 254**

   A **Case Arising in the United States District Court of Guam**
13

14

15  **CESS NAVARRO OLMO** and | **MDL No. 875**
   **RONNIE PASCUAL FERRERAS,** |
16                              | **(U. S. District Court of Guam**
         Plaintiffs,            | **Civil Action 05-00025)**
17
         v.                     |
18                              | **BRIEF IN SUPPORT OF PLAINTIFFS'**
   **A. P. GREEN INDUSTRIES, INC., et al.,** | **MOTION TO VACATE CONDITIONAL**
19                              | **TRANSFER ORDER 254 AS IT PERTAINS**
         Defendants.            | **TO DISTRICT COURT OF GUAM CIVIL**
20                              | **ACTION 05-00025**

21

22

23

24

25

26                                                    

27

28

ORIGINAL

**INTRODUCTION**

Pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Plaintiffs move to vacate Conditional Transfer Order 254 as it pertains to *Olmo and Ferreras v. A. P. Green Industries, Inc., et al.*, a case arising in the U.S. District Court of Guam as Civil Action 05-00025. On September 22, 2005, the Plaintiffs filed in the District Court a Notice of Preliminary Objection to Transfer of Case as Tag-Along Action. A true and correct copy of the Notice is attached hereto as Exhibit A.

As further explained below, the Plaintiffs asserted that transfer of this case to the Eastern District of Pennsylvania would not serve the "convenience of the parties and witnesses" or "promote the just and efficient conduct" of the litigation. 28 U.S.C. § 1407(a). The Plaintiffs contend the same in their instant Motion to Vacate, and accordingly respectfully request that the Panel vacate Conditional Transfer Order ("CTO") 254 as it pertains to District Court of Guam Civil Action 05-00025 and allow the case to remain in the district where it was filed – the District of Guam.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs are two terminally ill men who reside in the Philippines. (*See* First Amended Complaint, ¶¶ 2, 10 and 16, a true and correct copy of which is attached hereto as Exhibit B.) As alleged in the pleadings, Defendants manufactured, sold, and supplied certain generically similar asbestos products which were ultimately used on United States Navy vessels and on naval bases and installations, including Pearl Harbor, Hawaii, Guam, and Subic Bay in the Philippines. (*Id.*, ¶ 8.)

From approximately 1966 to 1992, the Plaintiffs were employed by the United States Navy and worked on various Navy vessels, bases, and/or installations in the Pacific area. (*Id.*, ¶ 9.) The vessels traveled throughout the Pacific, including the Philippines and Guam. (*Id.*, ¶ 9.) Asbestos products were repeatedly used in such vessels. (*Id.*)

During the course of the Plaintiffs' employment, the Plaintiffs were frequently, regularly and closely exposed to great quantities of asbestos, asbestos dust, and fibers, all of which were manufactured, sold, and/or supplied, directly or indirectly, by the Defendants. (*Id.*, ¶¶ 7-10.) The Plaintiffs claim that as a direct and proximate result of their exposure to the Defendants' asbestos products, each of them developed malignant mesothelioma, cancer and/or other asbestos-related

1   diseases and injuries. (*Id.*)   Such ailments were not discovered until about 2005. (*Id.*)

2   The Plaintiffs filed their instant suit against the Defendants on August 5, 2005, in the U.S.

3   District Court of Guam. An amended complaint was filed on August 16, 2005. Guam-based counsel

4   for some of the Defendants entered their appearances. Answers to the First Amended Complaint were

5   filed by some Defendants; others filed jurisdictional and venue-related motions to dismiss. None of

6   the motions have been heard by the District Court. A hearing was scheduled in January 2006, but then

7   taken off-calendar in light of CTO 254 issued by the MDL Panel.

8   In December 2005, counsel for the parties met and conferred, and agreed to a stipulated

9   scheduling order and discovery plan for the case. The District Court adopted the Scheduling Order

10   and Discovery Plan on December 22, 2005.   A true and correct copy of the Scheduling Order is

11   attached hereto as Exhibit C. The Panel issued CTO 254 on December 16, 2005.  The Plaintiffs filed

12   their Notice of Opposition to CTO 254 on January 3, 2006.  This Motion to Vacate followed.

13   <div align="center">**ARGUMENT**</div>

14   <div align="center">**TRANSFER OF *THIS* CASE, WHICH WAS FILED IN *GUAM*,**</div>
<div align="center">**WOULD NOT SERVE THE CONVENIENCE OF THE PARTIES**</div>
15   <div align="center">**AND WITNESSES OR PROMOTE THE JUST AND EFFICIENT**</div>
<div align="center">**CONDUCT OF THE LITIGATION**</div>
16

17   In 1991, the MDL Panel broke with a line of its prior decisions in considering the transfer and

18   consolidation of asbestos cases.  Prior to 1991, the Panel considered the question of transfer and

19   denied transfer in each instance.  *See In Re Asbestos and Asbestos Insulation Material Products*

20   *Liability Litigation,* 431 F. Supp. 906 (J.P.M.L. 1977); *In re Asbestos Products Liability Litigation*

21   *(No. II),* MDL-416 (J.P.M.L. March 1980) (unpublished order); *In re Asbestos School Products*

22   *Liability Litigation,* 606 F.Supp. 713 (J.P.M.L. 1985); *In re Ship Asbestos Products Liability*

23   *Litigation,* MDL-676 (J.P.M.L. Feb. 4, 1986) (unpublished order); and *In re Leon Blair Asbestos*

24   *Products Liability Litigation,* MDL-702 (J.P.M.L. Feb. 6, 1987) (unpublished order).   Having

25   reconsidered the question in 1991, the Panel decided to take a different course and allow the transfer

26   of asbestos cases to the Eastern District of Pennsylvania before the Hon. Charles R. Weiner, in light

27

28

of the large number of asbestos liability cases filed nationwide.[1]  *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415 (J.P.M.L. 1991).  Since then, the Panel has ordered the transfer of asbestos cases to the Eastern District of Pennsylvania in most, if not all, cases.  In view of the precedent developed by Panel since 1991, the Plaintiffs recognize that the odds are against them in opposing transfer of the case.

However, the Plaintiffs respectfully submit that *this particular case* is like no other pending before any other U.S. District Court.  The Panel must still, according to the relevant statute, determine that the transfer of the case will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the case.  28 U.S.C. §1407; *In re Midwest Milk Monopolization Litigation*, 483 F. Supp. 823, 824 (J.P.M.L. 1980); *In re A.H. Robins Co., Inc,* 505 F. Supp. 221, 223 (J.P.M.L. 1981).  In this particular case, transfer to the Eastern District of Pennsylvania would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.  Furthermore, the differences between this case and those cases that have been consolidated in the Eastern District of Pennsylvania outweigh any similarities.  *In re Amino Acid Lysine Antitrust Litigation,* 910 F. Supp. 696, 701-702 (J.P.M.L. 1995).

The major distinction between the case at bar and the other cases subject to CTO 254 is that the Plaintiffs in this case are individuals who reside in the Philippines and have sought relief in the United States forum that is physically closest to them.  The Plaintiffs oppose the transfer because of the oppression or vexation that such a move would impose on them, two terminally ill men who live a great distance from the mainland United States.  If the case were moved to the Eastern District of Pennsylvania, it would remove control of the discovery process from a court—the United States District Court of Guam—that is situated relatively near them – only 3½ hours by plane.

Given the presence of the Plaintiffs' lead counsel and competent local defense counsel in Guam, retention of the case in the Guam court would help control expenditures and is the most logical forum for conducting the proceedings.  Plaintiffs' counsel would be significantly burdened if

---

[1]Plaintiffs note that the current judge in the Eastern District of Pennsylvania to whom the asbestos cases are proposed to be assigned is Judge James T. Giles.

1  compelled to travel Pennsylvania – almost 10,000 miles away from Guam – in order to litigate in that

2  forum. The expenses for Plaintiffs' counsel would be considerable. Continental Airlines, the primary

3  carrier servicing Guam routes to the mainland U.S., quotes the current round trip, restricted, economy

4  air fare from Guam to Philadelphia between $1,600-$1,700.  In addition, there would be other

5  substantial expenses, including meals, lodging and incidentals, and the loss in time that would be

6  involved in traveling such a great distance. The employment of ancillary counsel in Pennsylvania is

7  not a feasible alternative for the Plaintiffs because of the expense that would entail and because

8  Plaintiffs' current attorneys have the requisite familiarity with the circumstances and nature of

9  Plaintiffs' claims to allow proper prosecution of the action.

10        The convenience of the parties and witnesses is benefitted by this case remaining in the

11  District of Guam. It is the forum closest to where Plaintiffs reside. Furthermore, the Plaintiffs *and*

12  the Defendants are represented in Guam by able and competent counsel. Plaintiffs do not foresee any

13  major obstacles in coordinating pretrial matters and discovery with Defendants' counsel if the case

14  remains on Guam.  Indeed, counsel for the parties have already been able to cooperate and work

15  together in agreeing to a schedule and plan for discovery and trial, as is apparent in the stipulated

16  Scheduling Order and Discovery Plan that has been adopted by the District Court. *See* Exhibit C. It

17  is also likely that a majority of the discovery in this case, particularly depositions of the Plaintiffs'

18  experts and other precipient witnesses, will occur in the Philippines and other areas in the Pacific

19  region. (*Id.*, ¶ 21(1).)  Under the circumstances it is unnecessary to transfer this case to the Eastern

20  District of Pennsylvania. In fact, such transfer would be contrary to the goals sought to be achieved

21  by the relevant MDL statutes.

22                                **CONCLUSION**

23        Before the Panel may transfer a case pursuant to 28 U.S.C.A. § 1407(a), it must make an

24  affirmative finding that the transfer (1) will be for the convenience of the parties and witnesses; and

25  (2) that the transfer will promote the just and efficient conduct of the case.  For the reasons set forth

26  above, the Plaintiffs respectfully submit that neither of the requisite findings can be made with respect

27  to the action brought by these Plaintiffs.  Accordingly, Conditional Transfer Order 254 should be

28  vacated as it pertains to the instant case.

Respectfully submitted this 21st day of January, 2006.

**LUJAN AGUIGUI & PEREZ LLP**


By: _____
     **IGNACIO C. AGUIGUI, ESQ.**
     300 Pacific News Building
     238 Archbishop Flores Street
     Hagåtña, Guam 96910
     Telephone: (671) 477-8064
     Facsimile: (671) 477-5297

     *Attorneys for Plaintiffs*

1

**LUJAN AGUIGUI & PEREZ** LLP

2

300 Pacific News Building
238 Archbishop Flores Street

3

Hagåtña, Guam 96910
Telephone    (671) 477-8064

4

Facsimile    (671) 477-5297

5

**BENJAMIN B. CASSIDAY III**

6

5699 Kalanianaole Highway
Honolulu HI 96821

7

Telephone    (808) 220-3200
Facsimile    (808) 373-7720

8

*Attorneys for Plaintiffs*

9

10

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

11

*MDL-875: IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

12

<u>PERTAINING TO CONDITIONAL TRANSFER ORDER 254</u>

13

**A Case Arising in the United States District Court of Guam**

14

15

**CESS NAVARRO OLMO** and
**RONNIE PASCUAL FERRERAS,**

16

17

Plaintiffs,

18

v.

19

**A. P. GREEN INDUSTRIES, INC., et al.,**

20

Defendants.

21

<table>
<tr><td>

**JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**JAN 2 4 2006**

**FILED
CLERK'S OFFICE**
</td></tr>
</table>

<u>**MDL No. 875**</u>

**(U. S. District Court of Guam
Civil Action 05-00025)**

**PROOF OF SERVICE OF MOTION TO
VACATE CONDITIONAL TRANSFER
ORDER 254 AS IT PERTAINS TO
DISTRICT COURT OF GUAM CIVIL
ACTION 05-00025**

22

23

24

25

26

27

28

ORIGINAL

1      I certify that on January 21, 2006, I caused a true and correct copy of (1) the Motion to Vacate

2  Conditional Transfer Order 254 as it Pertains to Guam District Court Civil Action 05-0025, (2) the

3  Brief in Support of Motion to Vacate Conditional Transfer Order 254 as it Pertains to Guam District

4  Court Civil Action 05-0025, and (3) this Proof of Service, to be served upon the Clerk of the U.S.

5  District Court of Guam and upon the counsel identified in the attached Panel Service List, by mail.

6      Respectfully submitted this 21st day of January, 2006.

7                      **LUJAN AGUIGUI & PEREZ** LLP

8

9               By:                                                    

10                 **IGNACIO C. AGUIGUI, ESQ.**
                            300 Pacific News Building

11                         238 Archbishop Flores Street
                         Hagåtña, Guam 96910

12                         Telephone: (671) 477-8064
                         Facsimile: (671) 477-5297

13

14                         *Attorneys for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PANEL SERVICE LIST (Excerpted from CTO-254)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Cess Navarro Olmo, et al v. A.P. Green Industries ,Inc .et al.,* D. Guam, C.A. No. 1:05-25

Anita Perez Arriola
Arriola, Cowan & Arriola
C and A Professional Building, Ste.201
259 Martyr Street
Hagatna, Guam 96910

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkey Building, 7th Floor
1501 Euclid Avenue
Cleveland OH 44115

Benjamin B. Cassiday, III
5699 Kalanianaole Highway
Honolulu, HI 96821

Adam M. Chud
Goodwin Procter. LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburg, PA 15212

David W. Dooley
Dooley, Lannen, Roberts & Fowler
Orlean Pacific Plaza, Suite 201
865 South Marine Drive
Tamuning, Guam 96913

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

J. Patrick Mason
Carlsmith Ball, LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
P.O. Box BF
Hagatna, Guam 96932-5027

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Aimee H. Oyasato
White & Tom
820 Mililani Street, Suite 711
Honolulu, HI 96813

John D. Roven
Roven-Kaplan,LLP
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Thomas C. Sterling
Blair, Sterling & Johnson,  et. al.
Pacific News Building
Suite 1008
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910-5205

Robert E. Swickle
Jaques Admiralty Law Firm P.C
1570 Penobscot Building
The Maritime Asbestosis
 Legal Clinic
Detroit, MI  48226

Stephen D. Tom
White & Tom
820 Mililani Street, Suite 711
Honolulu, HI 96813

PANEL SERVICE LIST (Excerpted from CTO-254) – MDL- 875

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N. E.
P.O. Box 998
Cedar Rapids, IA 52406

Louie J. Yanza
Maher Yanza Flynn Timblin, LLP
115 Hesler Place
Ground Floor
Governor Joseph Flores Bldg.
Hagatna, GU 96910-5004

Peter C. Perez
Lujan Aguigui & Perez LLP
300 Pacific News Building
238 Archbishop Flores Street
Hagatna, Guam 96910

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Jon A. Visosky
Dooley, Lannen, Roberts & Fowler
Orlean Pacific Plaza
Suite 201
865 South Marine Drive
Tamuning, Guam 96913

# EXHIBIT A

1

**LUJAN UNPINGCO AGUIGUI & PEREZ** LLP

2
300 Pacific News Building
238 Archbishop Flores Street

3
Hagåtña, Guam 96910
Telephone      (671) 477-8064

4
Facsimile      (671) 477-5297

5
**BENJAMIN B. CASSIDAY III**
5699 Kalanianaole Highway

6
Honolulu HI 96821
Telephone      (808) 220-3200

7
Facsimile      (808) 373-7720

8
*Attorneys for Plaintiffs*

9

FILED
DISTRICT COURT OF GUAM
SEP 22 2005
MARY L.M. MORAN
CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT OF GUAM**

10
**TERRITORY OF GUAM**

11

| | |
|---|---|
| **CESS NAVARRO OLMO** and **RONNIE FERRERAS,** | Civil Case No. **05-00025** |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF PRELIMINARY OBJECTION TO TRANSFER OF CASE AS TAG-ALONG ACTION** |
| v. | |
| **A. P. GREEN INDUSTRIES, INC., et al.,** | |
| Defendants. | |

12

13

14

15

16

17

18

19

20

1.     Counsel for defendant Owens-Illinois, Inc., filed on September 15, 2005, a Notice of Tag-Along Action stating that this case "is a potential 'tag-along action' which may be subject to transfer to the Eastern District of Pennsylvania."

2.     In anticipation that the Clerk of the District Court may issue a Conditional Transfer Order in accordance with the provisions of Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Plaintiffs preliminarily note their objection to the transfer of this case as a tag-along action.

3.     The Plaintiffs will timely file their objection as required by Rule 7.4 within 15 days of their receipt of a Conditional Transfer Order.

21

22

23

24

25

26

27

28

1       4.   The Plaintiffs are two terminally ill and aged men presently residing in the

2  Philippines.

3       5.   The Plaintiffs submit that the transfer of this case to the Eastern District of

4  Pennsylvania would not serve the convenience of the parties and witnesses or promote the just

5  and efficient conduct of the litigation. *In re Midwest Milk Monopolization Litigation*, 483 F.

6  Supp. 823, 824 (J. Panel on MDL 1980); *In re A.H. Robins Co., Inc,* 505 F. Supp. 221, 223 (J.

7  Panel on MDL 1981).

8       6.   The Plaintiffs further submit that a transfer is unwarranted because the differences

9  between Plaintiffs' case and those cases that have been consolidated in the Eastern District of

10  Pennsylvania outweigh any similarities. *In re Amino Acid Lysine Antitrust Litigation,* 910 F.

11  Supp. 696, 701-702 (J. Panel on MDL 1995).

12      Dated this 22nd day of September, 2005.

13                    Respectfully submitted,

14                    **LUJAN UNPINGCO AGUIGUI & PEREZ** LLP

15

16              By:

17                  **IGNACIO C. AGUIGUI, ESQ.**
                          *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27  **Cess Navarro Olmo and Ronnie Pascual Ferreras**
     **vs. A.P. Green Industries, Inc., et al.**

28  **Civil Case No. 05-00025**            2

Objection to Transfer of Case as Tag-Along Action

# EXHIBIT B

1  **LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP**
Attorneys at Law

2  Pacific News Building, Suite 300
238 Archbishop Flores Street

3  Hagåtña, Guam  96910
Telephone (671) 477-8064/5

4  Facsimile (671) 477-5297

5  **BENJAMIN B. CASSIDAY, III**
5699 Kalanianaole Hwy.

6  Honolulu, Hawaii 96821
Telephone (808)220-3200

7  Facsimile (808)373-7720

8  *Attorneys for Plaintiffs*

9

10  **IN THE UNITED STATES DISTRICT COURT OF GUAM**

11  **TERRITORY OF GUAM**

12

13  Cess Navarro Olmo, Ronnie Pascual          CIVIL CASE NO.05-00025
Ferreras,

14

15                    Plaintiffs,

16        -vs-

17

18  A.P. Green Industries, Inc., A.P. Green          **FIRST AMENDED**
Services, Inc., A.W. Chesterton Company,          **COMPLAINT**

19  Amchem Products, Inc., Armstrong World
Industries, Inc. Asbestos Claims

20  Management Corporation, Babcock &
Wilcox Company, Combustion

21  Engineering, Inc., Dow Chemical Company,
Dresser Industries, Inc., Flexitallic, Inc.,

22  Flintkote Company, Foster Wheeler Corp.,
GAF Corporation, Garlock, Inc., Georgia-

23  Pacific Corporation, Harbison-Walker
Refractories Co., Honeywell International,

24  Inc., John Crane, Inc., Kaiser Gypsum
Company, Inc., Metropolitan Life Insurance

25  Company, Owens Corning, Owens-Illinois,
Inc., Pittsburg Corning Corporation ,

26  Quigley Company, Inc., United States
Gypsum Company, Viacom, Inc.,.

27                    Defendants.

28

FILED
DISTRICT COURT OF GUAM
AUG 16 2005
MARY L.M. MORAN
CLERK OF COURT

**PLAINTIFFS** Cess Navarro Olmo and Ronnie Pascual Ferreras allege:

1. That this court has jurisdiction over the subject matter of this action pursuant to the diversity jurisdiction of this court, 28 USC Section 1332, as this is a civil action between citizens of a state and citizens of a foreign state and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

2. Plaintiffs are citizens and residents of the Republic of the Philippines.

3. Defendants and their places of incorporation are listed in Exhibit A attached hereto.

To the best of plaintiffs' information and belief, the Defendants are authorized to do business in their state of incorporation and, their principal place of business is the state where their headquarters are located.

4. Venue is proper in the Court under 28 U.S. C. Section 1391(a) (2) as a substantial part of the events giving rise to the claims occurred on Guam.

5. This Court has personal jurisdiction over the Defendants under applicable law because they have had "minimum contacts" with the territory of Guam through their transacting business within the territory.

6. Defendants are engaged in the business of manufacturing, and distributing asbestos and products containing asbestos.

7. Plaintiff is informed and believes, and upon such information and belief, alleges that all times and places mentioned herein, each of the Defendants was the agent or co-conspirator of each of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency or conspiracy.

8. About and during the period of time between 1925 and 1981, Defendants manufactured, sold, and supplied certain generically similar asbestos products which were ultimately used on United States Navy vessels and on naval bases and installations, including those located in and around the Pacific and other locations, including Pearl Harbor Naval

1 shipyard, Guam Naval shipyard, Subic Bay Naval shipyard, in the general overhaul, building,

2 refitting, and maintenance of ships and which products were ultimately used by those serving

3 and/or working in the U.S. Navy and/or to which they came into contact.

4        9.    Plaintiffs were employed by the United States Navy about or during 1966 to 1992

5 and worked on various Navy vessels, bases and installations including those located in and

6 around the Pacific and other locations including Pearl Harbor Shipyard and Subic Bay shipyard,

7 and, worked on board said ships going to and from the Philippines and Guam where the asbestos

8 products were repeatedly used.  Among the duties assigned to Plaintiffs was the removal and

9 replacement of certain piping and/or insulation in the ships.  The piping and/or insulation material

10 contained asbestos or was an asbestos product supplied to the Navy by some or all of the

11 Defendants.

12       10.    During the aforementioned employment, Plaintiffs were frequently, regularly, and

13 closely exposed to great quantities of asbestos, asbestos dust and asbestos fibers and on these and

14 other occasions, Plaintiffs inhaled asbestos dust and fibers from said asbestos products.  As a

15 direct and proximate result of said exposures and inhalation, Plaintiffs developed malignant

16 mesothelioma, cancer, and/or other asbestos-related diseases and injuries to their lungs, chest

17 cavity, cardiovascular system and other parts of their body which were not discovered and/or

18 were disguised until about 2005.

19       11.    Plaintiffs are workers who for a substantial length of time have closely used,

20 handled, or otherwise been exposed to the asbestos and asbestos products referred to in Paragraph

21 9 and 10 above, in a manner that was reasonably foreseeable.

22       12.    Plaintiff is informed and believes that asbestosis is a progressive lung disease

23 caused by inhalation of asbestos fibers without perceptible trauma, and that asbestosis results

24 from exposure to asbestos and asbestos products over a period of time.

25       13.    Plaintiff is informed and believes that malignant mesothelioma refers to the growth

26 of a malignant tumor of the cells lining the various organs in the body-specifically in the chest

27 (pleura), abdomen (peritoneum), and around the heart (pericardium).  Affected cells rapidly grow

28

1   and can eventually surround and destroy a functioning organ.  Mesothelioma is caused by

2   exposure to asbestos fibers that essentially imbed themselves within the layers of the lung.

3        14.    Defendants had a duty to plaintiffs to fully and adequately test their products, to

4   properly design their products, to discover the defects in their products, to warn users or

5   consumers of the dangers involved in using or handling their products, and to give adequate

6   instructions for the use of their products and Defendants breached their duty to Plaintiffs.

7   <center>**First Cause of Action:**</center>

8   <center>**Negligence**</center>

9        15.    At all times and places herein mentioned, Defendants and each of them negligently

10   tested or failed to test, manufactured, designed, developed, selected materials, assembled,

11   inspected, distributed, labeled, advertised, and sold asbestos and products containing asbestos,

12   and failed to give adequate warnings about the known or knowable dangerous nature of asbestos,

13   even though that substance was capable of causing and did, in fact, proximately cause personal

14   injuries to users, consumers, workers, and others, while being used in a reasonably foreseeable

15   manner, rendering those products defective and unsafe and unfit for use by the consumers, users,

16   bystanders, or workers in the way such products are customarily treated, used, and employed, and

17   also negligently failed to discover said defects and find or use a safe substitute insulating

18   material.

19        16.    As a direct and proximate result of the conduct of Defendants as stated above,

20   Plaintiffs are dying, in great pain of mind and body, suffering, and continue to suffer permanent

21   injuries to their person, body, and health, including but not limited to mesothelioma, asbestosis,

22   cancer, all to their general damage in a sum to be determined at trial.

23        17.    As a direct and proximate result of the conduct of the defendants, Plaintiffs have

24   incurred, are presently incurring and will incur in the future, liability for physicians, surgeons,

25   nurses, hospital care, medicine, x-rays, and other medical treatment, the exact amount being

26   unknown to Plaintiffs at this time.  Plaintiffs request permission to amend this complaint

27   accordingly when the exact cost of medical treatment is ascertained.

28   _____

18.   As a further direct and proximate result of the conduct of Defendants, Plaintiffs have incurred and will incur, loss of income, wages, a diminishment of earning potential, and other pecuniary losses, and loss of consortium, the full nature and extent of all of which are not yet known to Plaintiffs and Plaintiffs must endure pain and suffering as well. Permission is requested to amend this complaint to conform to proof at the time of trial.

### Second Cause of Action:

### Strict Liability

19.   Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 14 of the First Cause of Action.

20.   That at all times and places mentioned herein, Defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting, and supplying asbestos and asbestos products.

21.   That about the period of time between the years 1925 through 1981 and at other times mentioned herein, the above-described asbestos and asbestos products were in substantially the same condition as at the time of design, manufacture, assembling, testing, inspection, marketing, distribution and sale. Thus, the asbestos product was intended to and did reach the workers such as the Plaintiffs herein without substantial change in the condition in which it was sold.

22.   Products made of asbestos are defective, in that the substance was capable of causing and did, in fact, cause personal injuries, including asbestosis, mesothelioma, cancer an/or other lung damage, and cancer, to the users and consumers of it, while being used in a reasonably foreseeable manner, rendering it unsafe and unreasonably dangerous for use by consumers, users, and workers exposed to it.

23.   Alternatively, under a failure to warn claim, at all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, were unreasonably dangerous and in a defective condition as to design and marketing, and Defendants failed to warn

1  or give adequate warning calculated to reach the ultimate users or consumers of the dangers of

2  asbestos products, all of which directly and proximately resulted in the injuries and damages

3  sustained by Plaintiffs

4       24.    As a direct and proximate result of the conduct of Defendants as stated above,

5  Plaintiffs have suffered the injuries and damages previously alleged.

6       25.    By reason of the foregoing, Defendants and each of them, are strictly liable to

7  Plaintiffs.

8  **Third Cause of Action:**

9  **Warranty of Merchantability**

10      26.    Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 14 of

11  the First Cause of Action.

12      27.    That at all times and places mentioned herein Defendants, and each of them, at the

13  time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted

14  that said asbestos products as hereinabove described were of a merchantable quality, properly

15  designed, manufactured, and reasonably fit and suitable for ordinary use in the ship construction,

16  overhaul, repair, and refitting on U.S. Navy vessels, bases, and installations, including Pearl

17  Harbor shipyard, Subic Bay shipyard and other Pacific locations.

18      28.    At all times and places mentioned herein, Defendants, and each of them, breached

19  said warranty, in that, among other things, said asbestos products were not of merchantable

20  quality nor properly designed, manufactured, fabricated, assembled, supplied, marketed, sold and

21  were distributed in such a dangerous and defective condition that said asbestos products were

22  reasonably likely to harm, and further said asbestos products could not safely be used by a person

23  exercising ordinary and reasonably care.

24      29.    As a direct and proximate result of these breaches of expressed and implied

25  warranties, Plaintiffs suffered injury, disease, and damage as herein set forth.

26

27

28
───────────────────────

**Fourth Cause of Action:**

**Market Share Liability**

30.     Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 14 of the First Cause of Action.

31.     As a direct and proximate result of the Defendants manufacturing asbestos products such as insulation materials utilizing asbestos and placing them in the stream of interstate commerce, Plaintiffs have been injured as described herein.

32.     Plaintiffs through no fault of their own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

33.     Plaintiffs have joined as Defendants manufacturers representing a substantial share of this products market.

34.     Defendants are better able to discover and guard against product defects and to warn of harmful effects.

35.     As a direct and proximate result of Defendants' conduct as stated above, Plaintiffs have suffered the injuries and damages previously alleged.

36.     Each Defendant manufacturer is liable for Plaintiffs' injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

**Fifth Cause of Action:**

**Enterprise Liability**

37.     Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 14 of the First Cause of Action.

38.     As a direct and proximate result of the Defendants manufacturing asbestos material and placing them in the stream of interstate commerce and selling them to the U.S. Navy and/or its contractors and their subsequent use on Navy vessels, bases, and installations, and in shipyards and on ships, and so that the asbestos materials came into use by the Plaintiffs and to which Plaintiffs came into contact, Plaintiffs have been injured as described herein.

TPAUSDC Civil Case No.05-00025
A0019:AMENDED COMPLAINT
Page 7 of 11

39.     There is a high probability that the injuries stated herein were caused by the tortious behavior of some, one, or all of the Defendants.

40.     Defendants concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products. Defendants had a joint awareness of the risks at issue and a joint capacity to reduce or affect those risks.

41.     Each Defendant manufacturer is liable to Plaintiff for all injuries and damages stated herein by mixture of industry-wide or enterprise liability.

## Sixth Cause of Action:

## Unfit for Intended Use

42.     Paragraphs 1 through 14 are realleged and incorporated herein by reference.

43.     At all times and places mentioned herein, Defendants, and each of them, so designed manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended, and/or delivered the hereinabove described asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the way or manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiffs in their capacities as employees of the U.S. Navy.

## Seventh Cause of Action:

## Negligent Misrepresentation

44.     Paragraph 1 through 14 are realleged and in and incorporated herein by reference.

45.     Beginning in the late 1920's, based on information and belief conspirators Metropolitan Life Insurance Company (hereinafter sometimes referred to as "Metropolitan"), Johns-Manville, Raybestos-Manhattan and others such as Defendants herein undertook a duty to conduct research on asbestos-related health problems and to inform the consuming public about any health risks that could be associated therewith. In approximately 1929, Metropolitan, through its agents and employees acting within the scope of their agency and employment, including but not limited to Dr. Anthony J. Lanza (hereinafter sometimes referred to as "Lanza"), began an

1  investigation of asbestos-related health hazards.  In 1935, this study was altered by Lanza, with

2  the full knowledge of Metropolitan, at the request of and in concert with the asbestos industry in

3  order to wrongly influence the United States Public Health Service, the United States medical

4  community and various state legislatures.

5    46.    Thereafter, Metropolitan through the acts and omissions of its employees, most

6  notably Dr. Lanza, undertook a serious of activities with various members of the asbestos

7  industry including but not limited to Johns-Manville, Raybestos-Manhattan, United States

8  Gypsum, American Brake Blok, and others to suppress and misrepresent the dangers of exposure

9  to asbestos dust to employees of Metropolitan's insureds and the general public and the medical

10  community.

11    47.    The conspirators through their agent, Dr. Lanza of Metropolitan, made a concerted

12  effort to discredit and to terminate the studies and experiments of certain scientists who were

13  developing data of profound importance for the area of public health in relation to cancer hazard

14  which existed for workers and bystanders in the asbestos industry.

15    48.    As a direct and proximate result of Metropolitan's intentional publication of

16  deceptive and misleading medical data and information, and other conspiratorial acts and

17  omissions, Defendants caused asbestos to be used in the occupational settings where Plaintiffs

18  worked and subsequently breathed asbestos dust which resulted in Plaintiffs' injuries.

19  Metropolitan Life, through its agents and employees and officers, aided and abetted and gave

20  substantial assistance to Johns-Manville and Raybestos-Manhattan in their tortious selling of

21  asbestos products and voluntarily undertook a duty to warn the U.S. Navy, the U.S. Public Health

22  Service, the medical community, and others about the danger of asbestos and consciously and

23  negligently misrepresented the dangers of asbestos to the U.S. Navy, the U.S Public Health

24  Service, the medical community, and others, all to the ultimate harm of Plaintiffs herein.  As a

25  result of such conduct, Plaintiffs have suffered injuries and damages as further alleged herein.

26

27

28

**Eight Cause of Action:**

**Punitive Damages**

49.     Paragraphs 1 through 14 are realleged and incorporated herein by reference.

50.     Plaintiffs and others were employed by the United States Navy and were working in close proximity to the asbestos piping, and asbestos-related insulation materials of Defendants, and the presence of Plaintiffs as well as others in their position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

51.     The Defendants, and each of them, have been possessed since 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-related insulation products, were hazardous to the health and safety of Plaintiffs and others in their position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiffs have been severely damaged as is set forth below.

52.     At all times and places mentioned herein, Defendants, and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed, in a manner as to amount to malicious, fraudulent and/or oppressive disregard for the safety, health, welfare, and feelings of Plaintiffs, and for that reason, Plaintiffs claim punitive damages against each Defendant, in the amount to be shown at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendants for:

1.     General damages as are proven at the time of trial;

2.     Special damages as are proven at the time of trial;

3.     Punitive damages as are proven at the time of trial;

4.   For costs incurred herein; and

5.   For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a jury trial on all issues so triable.

Dated this 16th day of August, 2005.

LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP

By: _____

JOHN S. UNPINGCO
Attorneys for Plaintiffs

| Defendant | Headquarters | State of Incorporation | Agent for Service of Process |
|---|---|---|---|
| A. P. Green Industries, Inc. | Mexico MO 65265 | DE | CT Corporation System, 120 S. Central Av, Clayton MO 63105 |
| A. P. Green Services, Inc. | 30600 Telegraph Road, Bingham Farms MI 48025 | MI | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| A. W. Chesterton Company | 225 Fallon Rd., Stoneham MA 02180 | MA | Joseph E. Riley, % A. W. Chesterton Company, 225 Fallon Rd, Stoneham MA 02180 |
| Amchem Products, Inc. | 2200 Renaissance Blvd., Suite 200, Gulph Mills PA 19406 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Armstrong World Industries, Inc. | 2500 Columbia Ave., Lancaster PA 17603 | PA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Asbestos Claims Management Corporation | 2001 Rexford, Charlotte NC 28211 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Babcock & Wilcox Company | 1450 Poydras St., New Orleans LA 70112 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Combustion Engineering, Inc. | 900 Long Ridge Road, Stamford CT 06904 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Dow Chemical Company | 901 Loveridge Rd., Pittsburgh PA 94565 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Dresser Industries, Inc. | 4100 Clinton Dr., Houston TX 77020 | DE (DE records show no such corporation, may have gone bankrupt) | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |

| Flexitallic, Inc. | 6914 LaPorte Rd., Deer Park TX 77436 | TX (TX records show no such corporation, may have gone bankrupt) | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
| Flintkote Company | 777A Long Ridge Rd., Stamford CT 06902 | MA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Foster Wheeler Corporation | Perryville Corporate Park, Clinton NJ 088409-4000 | DE/NY (DE/NY records show no such corporation; Foster Wheeler Avon, Inc. is listed in DE). | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 (for Foster Wheeler Avon, Inc.) |
| GAF Corporation | Q361 Alps Rd., Wayne NJ 07470 | DE | Prentice-Hall Corporation Systems, Inc., 2711 Centerville Road, Suite 400, Wilmington DE 19808 |
| Garlock, Inc. | 4 Coiseum Centre, 2730 West Tyvola Rd., Charlotte NC 28217 | DE/OH (Ohio records show corporation "merged" out of existence.) | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Georgia-Pacific Corporation | 133 Peachtree St., Atlanta GA 30303 | GA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Harbison-Walker Refractories Co. | 400 Fairway Dr., Moon Twp. PA 15108 | DE (Harbison-Walker is subsidiary of AHN Refractories Company, same HQ. | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Honeywell International, Inc. | 101 Columbia Rd., Morristown NJ 07960 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| John Crane, Inc. | 6400 W. Oakton St., Morton Grove IL 60053 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |

| | | | |
|---|---|---|---|
| Kaiser Gypsum Company, Inc | 3000 Busch Rd., Pleasanton CA 90017 | WA | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
| Metropolitan Life Insurance Company | MetLife, Inc. 200 Park Avenue New York, NY 10166 | NY | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Owens Corning | One Owens Corning Parkway, Toledo OH 43569 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Owens-Illinois, Inc. | One Seagate, Toledo OH 43666 | OH | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
| Pittsburgh Corning Corporation | 800 Presque Isle Dr., Pittsburgh PA 15239 | PA | |
| Quigley Company, Inc. | C/O Pfizer, Inc., 235 East 42nd St., New York NY 10017-5755 | NY | CT Corporation System, 111 Eighth Avenue, New York NY 10011 |
| United States Gypsum Company | 125 South Franklin St., Chicago IL 60606 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Viacom, Inc. | 1515 Broadway New York NY 10036 | DE | Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE 19808 |

# EXHIBIT C

**FILED**

DISTRICT COURT OF GUAM

DEC 2 2 2005

MARY L.M. MORAN
CLERK OF COURT

### IN THE UNITED STATES

### DISTRICT COURT OF GUAM

| | |
|---|---|
| CESS NAVARRO OLMO, RONNIE PASCUAL FERRERAS, <br><br>         PLAINTIFFS, <br><br>  -VS- <br><br> A.P. GREEN INDUSTRIES, INC., et. al., <br><br>         DEFENDANTS. | CIVIL CASE NO. 05-00025 <br><br><br> **SCHEDULING ORDER AND DISCOVERY PLAN** |

Pursuant to Rule 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam, the Court hereby adopts the following proposed Scheduling Order:

1.     **Nature of the Case**: Plaintiffs allege the following: The Plaintiffs were employed by the United States Navy approximately between the years 1966 to 1992. During their employment the Plaintiffs worked aboard Navy vessels transiting between the Philippines and Guam and in Navy shipyards in Hawaii and the Philippines. During their employment the Plaintiffs were regularly and closely exposed to asbestos and asbestos-containing products that the Defendants manufactured, sold and distributed for use on the vessels and in the shipyards where the Plaintiffs were employed. As a result of their exposure to these ultrahazardous

Lujan, Unpingco Aguigui & Perez LLP

Date: 2 3 DEC 2005

Time: 11:57

Rec'd: BLG

-1-

POSTED

products, the Plaintiffs unknowingly inhaled asbestos dust and asbestos fiber, as a result of which they each contracted malignant mesothelioma, cancer, and/or other asbestos-related diseases, which illnesses were not discovered until about 2005.  Plaintiffs allege damages on the basis of (a) negligence; (b) strict liability; (c) warranty of merchantability; (d) market-share liability; (e) enterprise liability; (f) unfitness for intended use; and (g) negligent misrepresentation.  The Plaintiffs also seek punitive damages.  Defendants deny plaintiffs' allegations.

    2.      **The posture of the case is as follows:**

        (a)      **The following motions are on file:**  Certain of the Defendants have filed Motions to Dismiss for Lack of Personal Jurisdiction and for Improper Venue.  The date scheduled for these motions is January 17, 2006.  Certain of the Defendants have also filed a Notice of Tag-Along Action.  The Plaintiffs have filed a Preliminary Objection to Transfer of Case as Tag-Along Action.

        (b)      **The following motions have been resolved:**  None of the motions to dismiss have been resolved, as they will not be heard until January 17, 2006.

        (c)      **The following discovery has been initiated:**  No party has initiated discovery at this time.

    3.      **Motions to Add Parties or Claims:**  All motions to add parties and claims shall be filed on or before **December 22, 2006.**

    4.      **Motions to Amend Pleadings:**  All motions to amend pleadings shall be filed on or before **December 22, 2006.**

/ / /

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-2-

5.   **Status of Discovery:**

    (a)   The times for disclosures under Rule 26(a) and 26(e) of the Federal Rules of Civil Procedure are modified as follows:

        (1)   The "initial disclosures" described in subsections (A), (B), (C), and (D) of Fed. R. Civ. P. 26(a)(1) shall be made on or before **June 19, 2006.**

        (2)   Initial Fed. R. Civ. P. 26(a)(2) disclosures of expert witnesses shall be made on or before **July 17, 2006.** Rebuttal disclosures shall be made on or before **August 17, 2006.**

        (3)   The "pretrial disclosures" described in Fed. R. Civ. P. 26(a)(3)(A), (B) and (C) shall be made at least thirty (30) days before the trial date or by **August 24, 2007.**

    (b)   The following is a description of all pretrial discovery each party intends to initiate prior to the close of discovery:

Plaintiffs: Interrogatories, Requests to Produce, Admissions and Depositions.

Defendants: Interrogatories, Requests to Produce, Admissions and Depositions.

6.   The parties appeared before the District Court on **December 13, 2005, at 11 a.m.** for the Scheduling Conference.

7.   **Discovery Cut-Off Date:** The discovery cut-off date (defined as the last day to file responses to discovery) is **March 29, 2007.**

8.   **Discovery Motions Cut-Off Date:** All discovery motions shall be filed on or before **April 16 , 2007.**

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

9.     **Dispositive Motions.**  All dispositive motions shall be filed on or before  **June 15, 2007.**

10.     **Settlement Prospects**: Settlement prospects are unknown at this time.

11.     **Preliminary Pre-Trial Conference:**  The Preliminary Pre-Trial Conference shall be held on **September 4, 2007 at 10 a.m.**

12.     **Filing of Trial Documents:**  The parties' pretrial materials, discovery materials, witness lists, designations and exhibit lists as required by LR 16.7(d) shall be filed on or before **September 10, 2007.**   The deadlines for filing all other pretrial materials shall follow the deadlines established under the local rules.

13.     **Pre-Trial Order:**  The proposed Pre-Trial Order shall be filed on or before **September 10, 2007.**

14.     **Final Pre-Trial Conference:**  The Final Pre-Trial Conference shall be held on **September 17, 2007 at 10:00 a.m.**

15.     **Trial Date:**  The trial shall be held on **September 24, 2007 at 9:00 a.m.**

16.     **Jury:**  Plaintiffs have demanded trial by jury.

17.     **Length of Trial:**  It is presently anticipated that the trial will take 3-5 weeks.

18.     The names of counsel are as follows:

For Plaintiff:          **DAVID J. LUJAN, ESQ.**
                        **IGNACIO C. AGUIGUI, ESQ.**
                        **PETER C. PEREZ, ESQ.**
                        **LUJAN, AGUIGUI & PEREZ LLP**
                        300 Pacific News Building
                        238 Archbishop Flores Street
                        Hagåtña, Guam 96910
                        Telephone:     (671) 477-8064
                        Facsimile:     (671) 477-5297

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**BENJAMIN B. CASSIDAY III, ESQ.**
5699 Kalanianaole Highway
Honolulu, Hawaii 96821
Telephone:   (808) 220-3200
Facsimile:   (808) 373-7720

For Defendants:

**ANITA P. ARRIOLA, ESQ.**
**ARRIOLA COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Attorneys for Owens-Illinois, Inc.

**THOMAS C. STERLING, ESQ.**
**BLAIR STERLING & JOHNSON**
1008 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Attorneys for Metropolitan Life Insurance Company

**J. PATRICK MASON, ESQ.**
**CARLSMITH BALL LLP**
401 Bank of Hawaii Building
134 West Soledad Avenue
Hagåtña, Guam 96910
Attorneys for Georgia-Pacific Corporation, A. W.
Chesterton Company, and Kaiser Gypsum Company, Inc.

**LOUIE J. YANZA, ESQ.**
**MAHER, YANZA, FLYNN, TIMBLIN LLP**
115 Hesler Place
Hagåtña, Guam 96910
Attorneys for John Crane, Inc.

**JON A. VISOSKY, ESQ.**
**DOOLEY ROBERTS & FOWLER LLP**
201 Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Attorneys for Garlock, Inc., Viacom, Inc., Foster Wheeler
Corporation, Bayer CropScience, Inc., and The Dow
Chemical Company

19.   The parties do not wish to submit this case to a settlement conference.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

20.    The parties present the following suggestions for shortening trial:    The parties may present written or videotaped depositions of witnesses in lieu of live testimony.

21.    The following issues will affect the status or management of the case:

"Notices of Tag Along Action" have been filed by some of the defendants.  On September 22, 2005, Plaintiffs filed their Notice of Preliminary Objection to Transfer of Case as Tag-Along Action.

The following other considerations will affect the timing and management of this case:

1.    Some of the percipient witnesses who will testify about the presence or use of the defendants' products may be located in the Philippines or in foreign countries and arrangements will need to be made concerning their depositions.

2.    All of the parties will probably hire experts.  Coordinating the exchange of expert witness reports and the depositions of these experts may be time-consuming.

3.    All of the parties have off-island counsel, which may result in some delay in arranging schedules for discovery, depositions, and presentation of evidence and witnesses at trial.

4.    Not all of the defendants named in plaintiffs' First Amended Complaint have been served.   If there are additional defendants who have not yet appeared in the action, this may delay the action by the filing of pre-answer motions.

Date:  DEC 2 2 2005            .

/S/ Joaquin V.E. Manibusan **Jr.**

**HONORABLE JOAQUIN V.E. MANIBUSAN JR.**
**MAGISTRATE JUDGE,**
**DISTRICT COURT OF GUAM**

-6-

Approved as to form and content:

**LUJAN, AGUIGUI & PEREZ LLP**

By: _____

**ARRIOLA COWAN & ARRIOLA**

By: _____
    ANITA P. ARRIOLA, ESQ.

**BLAIR STERLING & JOHNSON**

By: _____
    THOMAS C. STERLING, ESQ.

**CARLSMITH BALL LLP**

By: _____
    J. PATRICK MASON, ESQ.

**MAHER, YANZA, FLYNN, TIMBLIN LLP**

By: _____
    LOUIE J. YANZA, ESQ.

**DOOLEY ROBERTS & FOWLER LLP**

By: _____
    JON A. VISOSKY