ꟿꟿꟿꟿ 875 ꟿ

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FEB - 9 2006

FILED
CLERK'S OFFICE

| | |
|---|---|
| CHARLES WILLE,<br>N.D. Ohio, C.A. No. 1:98-12997 | )<br>)<br>) |
| CHARLES RICH,<br>N.D. Ohio, C.A. No. 1:98-14094 | )<br>)<br>) |
| JAMES E. JACKSON,<br>N.D. Ohio, C.A. No. 1:99-10802 | )<br>)<br>) CIVIL ACTION NO. 2 MDL 875<br>) |
|      Plaintiffs, | )<br>) |
| v. | )<br>) |
| A-C PRODUCT LIABILITY TRUST, *et al.*, | )<br>) |
|      Defendants. | )<br>) |

## MOTION TO VACATE CONDITIONAL REMAND ORDER

Various non-shipowner Defendants in the captioned cases (hereinafter "opposing non-shipowner Defendants"),[1] by their undersigned counsel, hereby move to vacate the Conditional Remand Order issued with respect to the captioned cases on January 11, 2006.

1.     The opposing non-shipowner Defendants are defendants that have been designated by Plaintiffs as defendants against which they intend to proceed in one or more of the captioned cases.

2.     Plaintiffs have failed, as is discussed in the accompanying Brief in Support of

---

[1] A-C Product Liability Trust, Argo International Corp., The Anchor Packing Co., Auburn Manufacturing Co., Aurora Pump Division of General Signal Corp., A.B. Boyd Co., A.W. Chesterton, Belmont Packing, Goodrich Corp., Bryan Steam Corp., CertainTeed Corp., Coffin Turbo Pump, Inc., Coltec Industries, Inc., Crosby Valve, Inc., Elliot Turbomachinery Corporation, Inc., Foster Wheeler LLC, Garlock Sealing Technologies LLC, General Electric Co., Greene Tweed & Company, Pecora Corp., Preferred Utilities Mfg. Corp., Roper Pump, and Union Carbide Corp.  Not all of these defendants are in all three cases.

IMAGED FEB 0 9 2006  **OFFICIAL FILE COPY**

Motion to Vacate Conditional Remand Order, to comply with Administrative and Pretrial Orders governing the reinstatement and remand of these cases issued by the Transferee Court.

    3.      The opposing non-shipowner Defendants would be prejudiced by way of incurring unnecessary and asset-depleting costs of discovery if the three captioned cases are remanded to the Transferor Court.

    WHEREFORE, the opposing non-shipowner Defendants move for the Judicial Panel on Multidistrict Litigation to vacate its Conditional Remand Order and to return these cases to the Transferee Court.

James W. Bartlett, III
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 576-4833

Counsel for Foster Wheeler LLC

John A. Heller
Sidley & Austin
One First National Bank
Chicago, Illinois 60603
(312) 853-7704

Counsel for General Electric Co.


George F. Fitzpatrick, Jr.
Swanson, Martin & Bell, LLP
One IBM Plaza, Suite 3300
Chicago, Illinois 60611
(312) 321-8434

Counsel for Crosby Valve, Inc. and Coffin
Turbo Pump, Inc.

Gregg L. Spyridon
Spyridon, Koch & Palermo
Lakeway Three, Suite 3010
3838 N. Causeway Boulevard
Metairie, Louisiana 70002

Counsel for Argo International Corp., Auburn
Manufacturing Co., Aurora Pump Division of
General Signal Corp., A.B. Boyd Co., Bryan
Steam Corp., Ingersoll-Rand Corp., Pecora
Corp., and Preferred Utilities Mfg. Corp.

Eric H. Mann
Gallagher, Sharp, Fulton & Norman
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310

Counsel for A-C Product Liability Trust,
A.Y. McDonald Industries, Inc., and Goulds
Pumps

Nicholas L. Evanchan
Evanchan & Palmisano, LLP
One GOJO Plaza
Akron, Ohio 44311-1076
(330) 208-4520

Counsel for Foster Wheeler LLC

Kevin Kadlec
William D. Bonezzi
Joseph Ostrowski
Bonezzi, Switzer, Murphy, Polito & Hupp
LPA Leader Building, Suite 1400
526 Superior Avenue
Cleveland, Ohio 44114-1491
(216) 875-2767

Counsel for Elliot Turbomachinery
Corporation, Inc.

Richard D. Schuster
Sebastian E. Proels
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215

Counsel for CertainTeed Corp., Union
Carbide Corp., and B.F. Goodrich Corp.

Matthew C. O'Connell
Sutter, O'Connell & Farchone
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114
(216) 928-4509

Counsel for The Anchor Packing Co.,
Belmont Packing, Coltec Industries, Inc.,
Garlock Sealing Technologies LLC, and
Greene Tweed & Company

Jeffrey A. Healy
John P. Patterson
Tucker, Ellis & West LLP
925 Euclid Ave., Suite 1150
Cleveland, Ohio 44115
(216) 592-5000

Counsel for A.W. Chesterton



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 3 2006

FILED
CLERK'S OFFICE

G. Daniel Bruch, Jr.
Schwartz Campbell Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4312

Counsel for Roper Pump

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 7th day of February, 2006, a copy of this Motion

to Vacate Conditional Order and the accompanying Brief in Support of Motion to Vacate

Conditional Remand Order were mailed to all counsel on the attached Panel Service List.

James W. Bartlett, III

B0585646.WPDv.3

RECEIVED
CLERK'S OFFICE
2006 FEB -8  A 10:20
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CRO)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Charles Wille v. A-C Product Liability Trust,* E.D. Pennsylvania
   (N.D. Ohio, C.A. No. 1:98-12997)
*Charles Rich v. A-C Product Liability Trust*, E.D. Pennsylvania
   (N.D. Ohio, C.A. No. 1:98-14094)
*James Jackson v. A-C Product Liability Trust*, E.D. Pennsylvania
   (N.D. Ohio, C.A. No. 1:99-10802)

James W. Bartlett, III
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, MD 21201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 9 2006

FILED
CLERK'S OFFICE

| | |
|---|---|
| CHARLES WILLE,<br>N.D. Ohio, C.A. No. 1:98-12997 | ) |
| | ) |
| | ) |
| CHARLES RICH,<br>N.D. Ohio, C.A. No. 1:98-14094 | ) |
| | ) |
| | )   CIVIL ACTION NO. 2 MDL 875 |
| JAMES E. JACKSON,<br>N.D. Ohio, C.A. No. 1:99-10802 | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| A-C PRODUCT LIABILITY TRUST, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

BRIEF IN SUPPORT OF MOTION TO
VACATE CONDITIONAL REMAND ORDER

Various non-shipowner Defendants in the captioned cases (hereinafter "opposing non-shipowner Defendants"),[1] by their undersigned counsel, submit this Brief in Support of their Motion to Vacate Conditional Remand Order in connection with the captioned cases.

I.   FACTS

On May 2, 1996, Judge Charles R. Weiner of the United States District Court for the Eastern District of Pennsylvania, to whom these cases were assigned, entered an Order, Pleading

---

[1] A-C Product Liability Trust, Argo International Corp., The Anchor Packing Co., Auburn Manufacturing Co., Aurora Pump Division of General Signal Corp., A.B. Boyd Co., A.W. Chesterton, Belmont Packing, Goodrich Corp., Bryan Steam Corp., CertainTeed Corp., Coffin Turbo Pump, Inc., Coltec Industries, Inc., Crosby Valve, Inc., Elliot Turbomachinery Corporation, Inc., Foster Wheeler LLC, Garlock Sealing Technologies LLC, General Electric Co., Greene Tweed & Company, Pecora Corp., Preferred Utilities Mfg. Corp., Roper Pump, and Union Carbide Corp.  Not all of these defendants are in all three cases.

No. 113, which is attached hereto as Exhibit A.  By this Order, Judge Weiner administratively

dismissed all cases filed in the United States District Court for the Northern District of Ohio

assigned to the MARDOC portion of MDL 875.  The Order further provided that the cases could

be individually reinstated upon application demonstrating the following:

> 1.   Each Plaintiff requesting reinstatement must provide to this
> Court satisfactory evidence that the plaintiff has an
> asbestos-related personal injury compensable under the
> law.
>
> 2.   For each defendant which the plaintiff desires to pursue, the
> plaintiff must provide probative evidence of exposure to
> products connected to, or supplied, manufactured or
> installed by said defendant, or, if the defendant is a
> shipowner, evidence of service upon the defendant's
> ship(s).

Exhibit A at 2.

On March 17, 1997, Judge Weiner entered another Order, Pleading No. 182,

administratively dismissing all actions filed subsequent to the Order of May 2, 1996 and all as

yet unfiled cases and making them subject to the terms for reinstatement set forth in the May 2,

1996 Order.  Pleading No. 182 is attached hereto as Exhibit B.

Even earlier, Judge Weiner had set out prerequisites for settlement conferences that are to

take place before remand would be considered.  These prerequisites require a plaintiff to provide

"specific, not generic, description of all asbestos-containing products with exposure dates and

specific manner in which plaintiff claims he was exposed, and location of exposure" and other

specific information concerning products to which a plaintiff alleges exposure.   Pretrial Order

No. 3, attached hereto as Exhibit C, at 9-10.

The Complaints in the *Wille*, *Rich*, and *Jackson* cases were filed in the United States

2

District Court for the Northern District of Ohio in 1998 and 1999.  The three cases were

transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to

Conditional Transfer Orders.  The deposition of Charles J. Wille was taken on April 23-24, 2002.

The deposition of Charles P. Rich was taken on January 14, 2004.  The deposition of James E.

Jackson was taken on April 2, 2003 and May 5, 2003.  In none of these depositions was any

"probative evidence of exposure to products connected to, or supplied, manufactured or installed

by" the opposing non-shipowner Defendants elicited.  No other discovery related to exposure to

the products of the opposing non-shipowner Defendants has taken place in these three cases.  In

addition, Plaintiffs in these cases have not provided "a specific, not generic, description of all

asbestos-containing products [of the opposing non-shipowner Defendants] with exposure dates

and specific manner in which plaintiff claims he was exposed, and location of exposure" and

other exposure information required by Pretrial Order No. 3 (Exhibit C).

## II.  ARGUMENT

A.    Plaintiffs have not made the requisite showings for the reinstatement
      of these cases as to the non-shipowner Defendants.

The May 2, 1996 Order requires a plaintiff who seeks reinstatement of his case to

"provide [as to each defendant] probative evidence of exposure to products connect to, or

supplied, manufactured or installed **by said defendant** . . . ." (Emphasis added).  Thus, each

plaintiff was required, with respect to the non-shipowner defendants, to provide specific

probative evidence of exposure to products manufactured by each defendant in order to obtain

reinstatement as to that defendant.  Plaintiffs did not even attempt to comply with this

requirement, as their Motions for Reinstatement and Remand were devoid of any probative

3

evidence of exposure to products of any of the opposing non-shipowner Defendants.

The reinstatement criteria of the May 2, 1996 Order were included in the Order for a purpose, namely, to require a plaintiff to demonstrate exposure to a defendant's products before that defendant is compelled to incur the expenses associated with discovery in each case. To do otherwise would unnecessarily involve that defendant in protracted, resource-depleting depositions and other procedures.

An example of the extent of discovery that can ensue when discovery is permitted without such a showing occurred in *Stark v. Armstrong World Industries, Inc.,* Case Nos. 1:94CV11464 and 1:09CV20002 (N.D. Ohio). The *Stark* cases, one of which had been filed in Ohio and the other in Louisiana, were consolidated by the United States District Court for the Eastern District of Pennsylvania and remanded to the United States District Court for the Northern District of Ohio (the Court to which these cases would be remanded pursuant to the Conditional Transfer Order), where the consolidated cases were assigned to Judge Dan Aaron Polster. The disclosure criteria of the May 2, 1996 Order were not imposed on the *Stark* cases before remand, but the plaintiff prior to remand had dismissed 101 of the 115 defendants named in the consolidated actions, leaving 14 defendants in the cases. After remand, Judge Polster issued a Case Management Plan. In accordance with the schedule set forth in that Plan, the plaintiff designated 25 co-worker, fact witnesses. Depositions of 16 of those fact witnesses were taken. The plaintiff's deposition was taken three times. The plaintiff also designated seven expert witnesses, and depositions of most of those experts were taken. The defendants each named several experts, and depositions of some those experts were taken. After the close of discovery, the majority of the remaining manufacturer defendants filed motions for summary

4

judgment on the basis of lack of probative evidence of the plaintiff's exposure to the movants' products.  Judge Polster granted all of those motions for summary judgment.  Those rulings subsequently were affirmed on appeal.  *Stark v. Armstrong World Industries, Inc.,* 21 Fed. Appx. 371 (6th Cir. 2001); see also *Lindstrom v. A-C Product Liability Trust,* 424 F.3d 488, 2005 AMC 2425 (6th Cir. 2005).

Thus, in *Stark* 101 defendants were spared the unnecessary costs of discovery.  Most of the remaining 14 defendants, however, because the plaintiff never had to comply with the reinstatement criteria of the May 2, 1996 Order, had to incur those costs of discovery – only to be dismissed later due to lack of probative evidence of exposure to their products.

Here, the Judicial Panel on Multidistrict Litigation should not allow Plaintiffs to totally disregard the reinstatement criteria of the May 2, 1996 Order, because to do so would be to require the opposing non-shipowner Defendants to incur unnecessary and resource-depleting litigation expenses.

      B.      Plaintiffs have not provided counsel for each Defendant with Defendant-specific information that is a prerequisite to remand.

The goal of the multidistrict litigation ("MDL") process is to reduce transaction costs, streamline the pretrial and settlement procedures, and, if possible, dispose of cases without the need for a trial.  Remand should be considered only after all pretrial proceedings have been completed, information has been provided, and all avenues for settlement have been exhausted.  Moreover, retention of these cases is necessary to adhere to the Judicial Panel's overall goal of efficiently managing the national asbestos litigation in a cost-effective and just manner.

To this end, early in the MDL process Judge Weiner issued Orders as to the MARDOC

cases establishing a procedure for settlement conferences that are to take place before remand can

be considered.  This procedure requires a plaintiff to set forth certain information, including:

> (4)      a specific, not generic, description of all asbestos-
> containing products with exposure dates and specific manner in
> which plaintiff claims he was exposed, and location of exposure;
>
> (5)      the specific name of each asbestos-containing product to
> which exposure is alleged as well as the name of the manufacturer,
> distributor, and supplier of those products and the name of any
> company who performed any work involving asbestos at plaintiff's
> place of employment;
>
> (6)      with respect to each product identified, inclusive dates of
> exposure and each job site at which the exposure occurred;
>
> (7)      a listing of all product identification witnesses by name,
> address and telephone number and a statement as to whether or not
> each witness has been deposed in any case.  If so, the date and
> location of the depositions and the identity of the court reporter or
> stenographer.

Pretrial Order No. 3 (Exhibit C) at 9-10; see also Administrative Order No. 3, attached hereto as

Exhibit D, at ¶ II A.  Only after this information is submitted to counsel for each defendant at

least 20 days prior to a scheduled settlement conference may the case be considered for remand.

Pretrial Order No. 3, Exhibit C, at 10.  No such information has ever been provided to counsel

for the opposing non-shipowner Defendants.

### III.  CONCLUSION

As Plaintiffs in the *Wille*, *Rich*, and *Jackson* cases have failed to provide the probative

evidence against the opposing non-shipowner Defendants required for reinstatement under Judge

Weiner's Orders of May 2, 1996 and March 17, 1997 and have failed to provide each

Defendant's counsel with the information required by Pretrial Order No. 3, the criteria for

reinstatement and remand of these cases set by Judge Weiner have not been met, and therefore

the Judicial Panel on Multidistrict Litigation should not remand these cases as to the opposing

non-shipowner Defendants.

James W. Bartlett, III
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 576-4833

Counsel for Foster Wheeler LLC

John A. Heller
Sidley & Austin
One First National Bank
Chicago, Illinois 60603
(312) 853-7704

Counsel for General Electric Co.


George F. Fitzpatrick, Jr.
Swanson, Martin & Bell, LLP
One IBM Plaza, Suite 3300
Chicago, Illinois 60611
(312) 321-8434

Counsel for Crosby Valve, Inc. and Coffin
Turbo Pump, Inc.

Gregg L. Spyridon
Spyridon, Koch & Palermo
Lakeway Three, Suite 3010
3838 N. Causeway Boulevard
Metairie, Louisiana 70002

Counsel for Argo International Corp., Auburn
Manufacturing Co., Aurora Pump Division of
General Signal Corp., A.B. Boyd Co., Bryan
Steam Corp., Ingersoll-Rand Corp., Pecora
Corp., and Preferred Utilities Mfg. Corp.


Eric H. Mann
Gallagher, Sharp, Fulton & Norman
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310

Counsel for A-C Product Liability Trust,
A.Y. McDonald Industries, Inc., and Goulds
Pumps

Nicholas L. Evanchan
Evanchan & Palmisano, LLP
One GOJO Plaza
Akron, Ohio 44311-1076
(330) 208-4520

Counsel for Foster Wheeler LLC

7

Kevin Kadlec
William D. Bonezzi
Joseph Ostrowski
Bonezzi, Switzer, Murphy, Polito & Hupp
LPA Leader Building, Suite 1400
526 Superior Avenue
Cleveland, Ohio 44114-1491
(216) 875-2767

Counsel for Elliot Turbomachinery
Corporation, Inc.

Richard D. Schuster
Sebastian E. Proels
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215

Counsel for CertainTeed Corp., Union
Carbide Corp., and B.F. Goodrich Corp.

Matthew C. O'Connell
Sutter, O'Connell & Farchone
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114
(216) 928-4509

Counsel for The Anchor Packing Co.,
Belmont Packing, Coltec Industries, Inc.,
Garlock Sealing Technologies LLC, and
Greene Tweed & Company

Jeffrey A. Healy
John P. Patterson
Tucker, Ellis & West LLP
925 Euclid Ave., Suite 1150
Cleveland, Ohio 44115
(216) 592-5000

Counsel for A.W. Chesterton

G. Daniel Bruch, Jr.
Schwartz Campbell Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4312

Counsel for Roper Pump

B0473713.WPDv.3

8

**EXHIBIT A**

*RK*
*(fields page)*
**#113**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS    :
LIABILITY LITIGATION (No. VI)    :
_____ x

This Document Relates To:    :
                 :
       ALL ACTIONS       :
-------------------------------x

**FILED MAY 2 1996**

CIVIL ACTION NO. 2 MDL 875
(Maritime Actions)

Weiner, J.

May 1, 1996

### MEMORANDUM OPINION AND ORDER

In response to a discovery request of defense counsel, and after several telephone conferences, this Court, on July 18, 1995, entered Pretrial Order No. 6 (MARDOC) directing Plaintiffs' counsel to produce materials in 262 Mardoc cases. Despite being granted several extensions of time to comply with the directives of the July 18, 1995 order, plaintiffs' counsel failed to do so. As a result, defendants moved to dismiss plaintiffs' cases. Following the entry of Show Cause Orders, the Court held a hearing on February 28, 1996 and heard argument and statements of all counsel. The parties have further supplemented their positions with additional written statements. The Court, having considered all of the material presented, will grant the motion of the defendants as modified by the attached order.

## Background of Action

On July 29, 1991, the Judicial Panel On Multidistrict Litigation entered an order establishing MDL 875 and consolidating before this Court 26,639 civil asbestos personal-injury lawsuits, pending in 87 federal districts. At that time 4,022 of the actions transferred were in the Northern District of Ohio. The Panel Order provided for the transfer of overlooked cases and newly filed cases as "tag-along actions"[1]. The size of MDL 875 has now grown from 26,639 to 58,478, or an increase of 119.5%. During this same period, the number of cases in MDL 875 from the Northern District of Ohio has risen from 4,022 to 23,154, or an increase of 475.7%. At the same time, this Court has supervised the termination of 4,223 cases in the Northern District of Ohio jurisdiction, primarily traditional, land-based cases. The remaining 18,209 cases are predominantly Mardoc actions. The Panel statistics disclose that this Court has now disposed of more than 20,000 cases[2]. With only 37,000 cases remaining, approximately 50% are the Mardoc actions.

This Court has, in the conduct of its proceedings, taken

---

1. Rule 12, Rules of Judicial Panel On Multidistrict Litigation.

2. Although the Panel statistics show 20,560, this Court is aware of substantially more cases that are settled among the parties without the completion of terminating paperwork. Excluding Mardoc actions, this Court believes that the number of remaining cases is between 10,000 and 15,000.

very seriously all of the objectives of the Panel[3] while engaging
in its pretrial activities.  Where the parties and their counsel
have been cooperative and reasonable, the Court has been able to
effectuate settlements.  A major obstacle occurs, however, when
either side displays a lack of trust or credibility, or becomes
entrenched and confrontational, such as when the parties refuse to
cooperate in the disclosure of basic information which informs all
parties of the nature of the claims.

### Facts

      In the Mardoc cases, there is routinely filed with each
action an IDF (Initial Data Form) as required by the standing
asbestos orders for the Northern District of Ohio.  The information
contained on this form is not authenticated, and, except for naming
ships that the plaintiff may have sailed on, it provides no real
medical or exposure history for the plaintiff.  Until recently the
parties have been at a standoff; Plaintiffs seek settlements and
defendants have demanded proof of an asbestos-related medical
condition and exposure to their product.[4]  The defendants complain

---

3.  Judicial Panel On Multidistrict Litigation, Docket No. 875,
Order dated July 29, 1991, pages 9-12.

4.  This has always been the starting position of the parties;
however, in the land cases, the Plaintiffs have learned to supply
defendants with medical records, test results, and at least one
expert report, together with an affidavit of exposure.   In most
instances the affidavit of exposure suffices because the worksite
of the plaintiff has been subject to thorough discovery and the
credibility gap has been narrowed.  The defendants then treat the
action in the form of a claim and make an offer based upon the
historical averages achieved between the plaintiff's attorney and
the defendant for the location.

3

that Plaintiffs have not provided them with the materials they need to make a settlement offer or proceed to trial.  Both sides seek assistance of the Court.  After several conferences with the parties, the Court entered, on July 18, 1995, Pretrial Order No. 6 (MARDOC), requiring Plaintiffs' counsel to provide to defense counsel the necessary materials[5] in 262 randomly selected cases in order that they could be evaluated for medical and exposure criteria and for settlement.  At this Court's scheduled conference on August 18, 1995, Plaintiffs' counsel advised the Court that he could complete the disclosure of the required information in 30 days.  The Court ordered that this discovery be produced by plaintiffs to the defendants no later than September 21, 1995. Plaintiffs failed to produce the discovery by the discovery deadline, and after several more telephone conferences, defense counsel moved to dismiss the 261[6] cases.  This Court issued Show

_____

5.  The order specifically sets forth the materials to be provided: "copies of all medical records and reports, expert reports, x-ray records and reports, pathology reports, pulmonary function test results and reports, autopsy results and death certificates as applicable, work history and work records, social security records, answers to interrogatories, and evidence of specific exposure to each named defendant in each plaintiff's case.

6.  After the process began, it was discovered that one of the 262 numbers was in error and the parties proceeded with the remaining 261.

4

Cause orders on November 15, 1995, and a subsequent Notice of Hearing on February 1, 1996.

More than 7 months have passed since the Court issued its order of July 18, 1995, and by all rational standards plaintiffs' counsel has had adequate time and opportunity to comply with discovery in these matters. In fact, Plaintiffs have advised the Court that they have produced all of the discovery materials required. At the hearing on February 28, 1996, defendants produced two legal record boxes (approximately 12"H x 14"W x 24"L) which they identified as the total discovery received. Included in the boxes was 261 file folders, many with IDF forms, and many with recent letters from a "B" reader radiologist. It has been this Court's experience that one medical case could easily fill two legal record boxes. The parties agreed that the discovery produced included no documentation or evidence relating to plaintiffs' exposure to specific products. The Court also repeatedly asked Plaintiffs if they had any malignancy cases ready for trial and Plaintiffs did not identify any such cases.

## Discussion

The Judicial Panel on Multidistrict Litigation, convinced that the administration of justice in the federal court system was threatened by burgeoning numbers nationally of asbestos related personal-injury lawsuits, sought to relieve the burden, to provide

for uniform case management, and to reduce the transaction costs by transferring these cases to a multidistrict jurisdiction.  This Court has remained mindful of the Panel's priorities as set forth in the Panel order of July 29, 1991, and has initiated case management policies in conjunction with counsel representing all parties to achieve these goals.

Plaintiffs' counsel has taken the position that these 261 cases adequately reflect the nature of all of his filings, and that the "package"[7] is now ripe for settlement.  Defense counsel, although it was their expert who devised the method for selecting the 261 "random" cases, are more reluctant to characterize the 261 cases as a representative of the whole in all respects, but rather they urge the Court to find that the discovery provided is representative of the whole.  Defense counsel urge the Court to dismiss with prejudice the 261 cases due to plaintiffs' counsel's lack of compliance with this Court's orders.  Defense counsel also argue that even in the cases where some discovery has been provided, it is insufficient for the cases to proceed to settlement or trial.

The judicial system has been faced with an onslaught of personal injury, asbestos cases for more than twenty years.  Plaintiffs have sought damages against a multitude of defendants.  The courts have found that asbestos fibers are potentially

---

7.  Counsel in the asbestos litigation are prone to describe a group of cases, whether it is 5 or 5,000 in number, as a "package".

6

hazardous to one's health.   Sufficiency of exposure remains an unknown, however, and many plaintiffs initiated litigation without injury, but rather with knowledge of exposure.   The reasoning supporting this litigation has been the concern for the running of tolling statutes which may begin when the party becomes aware of an injury.   Injury can and has been defined in many ways resulting in inconsistent case law and approaches to this type of litigation among the states.

This Court is guided by the principles set forth by Judge Ginsberg in In Re Korean Air Lines Disaster of September 1, 1983, 829 F.2d 1171 (D.C.Cir. 1987).   She concludes that a transferee court's responsibility in the context of a 28 U.S.C. §1407 transfer is to follow the law of the transferee circuit, although the law of the transferor jurisdiction merits consideration.   In the matter before us, the Court feels that the law of the United States Court of Appeals for the Third Circuit is clear and that the United States Court of Appeals for the Sixth Circuit would draw a similar analysis to this problem.

Pennsylvania has recently joined a growing number of states which have analyzed this problem.

Four years ago Pennsylvania was a "one-injury" state. That is, if an exposed party sought damages as a result of his or her pleural disease which was causing some restriction in lung capacity, the party would also seek damages for fear of contracting other asbestos-related cancers, and for the increased risk in

7

contracting such malignancies which have longer latency periods.
The combination of longer latency periods and separate but multiple
diseases flowing from the same exposure caused the Pennsylvania
courts to review the course of the products liability law.  In
1992, Pennsylvania became a "two injury" state and joined a growing
number of states by holding that in asbestos cases, the plaintiff
is entitled to bring a second action for a subsequently diagnosed
malignancy, thereby eliminating claims for risk and fear, and
reducing the potential for speculative damages being awarded for an
injury that may not occur. Marinari v. Asbestos Corporation, Ltd.,
417 Pa. Super. 440, 612 A.2d 1021 (1992)[8]

Ohio is also among the many states which has adopted this
rule.  In Quick v. Sun Oil Co., et al., (No. 82-0292, Ct. Comm.
Pleas, Lucas Co., Ohio, 10/84), Judge Sumner E. Walters found that
the discovery of one asbestos-related disease does not trigger the
statute of limitations for other separate and distinct, later-
discovered asbestos diseases.

More recently, the issue of injury in an asbestos-related
action was tested before the Pennsylvania Supreme Court in Giffear
v. Johns-Manville Corporation, et al., (No.J-157-1995, Pa., April
4, 1996)  The Giffear Court focused on the distinction between
"injury" and "harm", and determined that a physical injury

---

8.  New York, New Jersey, Maryland, Delaware, Indiana, Illinois,
California and Hawaii also follow the two-disease rule.

sufficient to maintain a tort action must be accompanied by harm.
The Court concluded that asymptomatic pleural thickening or
scarring is not a compensable injury which gives rise to a cause of
action for damages for a physical injury or for emotional distress.
(Supra, pg 10,11,14)

　　　　If the action is brought under the Jones Act or the
F.E.L.A. statutes, the plaintiff is not relieved from his burden of
proof relating to injury. These laws protect the railroad workers
and mariners who might otherwise have a problem in proving
responsibility for an injury sustained by providing them with a
federal cause of action for the same injury against their employer
in addition to their tort claims against negligent manufacturers or
distributors. While the plaintiff's burden to establish liability
may be eased, a compensable injury remains a requirement for
recovery. In holding that an action for an asbestos-related injury
does not exist in a F.E.L.A. case, Circuit Judge Seitz of the
United States Court of Appeals for the Third Circuit Court stated:
"We believe, however, that subclinical injury resulting from
exposure to asbestos is insufficient to constitute the actual loss
or damage to a plaintiff's interest required to sustain a cause of
action under generally applicable principles of tort law....Requir-
ing manifest injury as a necessary element of an asbestos-related
tort action avoids these problems and best serves the underlying
purpose of tort law: the compensation of victims who have suf-

fered." Schweitzer v. Consolidated Rail Corp. (Conrail), 758 F.2d 936, 942 (3d Cir.1985)

Many states have created administrative vehicles to hold in abeyance these asymptomatic cases until counsel finds that the plaintiff is actually suffering from an impairment. Before an action is activated, certain criteria must be met. This Court has found that the use such an administrative device can reduce the Clerk's burden and still provide an atmosphere for settlement between the parties. Illinois, Maryland, Connecticut, Arizona and Hawaii utilize this procedure.

This is the atmosphere that exists today where every plaintiff's counsel has a working agreement with all or most of the principal defendants and the cases are submitted as claims. Criteria has been established and agreed to and this has resulted in large block settlements of cases or trials where there has been a good faith difference of opinion.

Soon after the multidistrict cases were sent to this Court, the Court convened counsel from the New England states and block settlements were achieved and agreements to treat future cases as claims resulted. This procedure has proved effective in many places in the nation and, as a result, there are no real blocks of cases unsettled[9] except for these Mardoc actions. In the

---

9. In several instances, plaintiffs may still have remaining in their cases some of the peripheral defendants whose presence represents a very small percentage of the value of the case. In other circumstances, plaintiffs may have settled with all but one primary defendant and these situations are being addressed.

10

Mardoc actions, none of the defendants have settled and plaintiffs have claims against an average of more than 80 defendants.

Although this Court retains a vigilant concern for all parties to the litigation, the Court has prioritized from the onset the victims of asbestos related disease, and in particular, those who suffer with malignant conditions as well as their families. The Court's focus is to administer these cases as it has all the others by seeing that they are resolved in an equitable and expeditious manner either by settlement or by trial while making certain there will be sufficient resources available to compensate those who are deserving.

## Findings

The Court, having spent many hours in conference with all counsel and after a hearing makes the following determinations:

Plaintiffs' counsel has failed to comply with this Court's order of July 18, 1995.  Plaintiffs' counsel has admitted that no details relating to exposure have been supplied and most of the documentation is described as new radiologist's reports and IDFs.  The defendants claim that all medical records, work records, social security records, answers to interrogatories, etc., as

---

9.  (...continued)
represents a very small percentage of the value of the case.  In other circumstances, plaintiffs may have settled with all but one primary defendant and these situations are being addressed.

11

required by the court order, have not been received by them. Plaintiffs' counsel has supplemented his argument presented at the hearing by submitting a copy of the "medicals" from <u>one</u> of the 261 cases[10]. It contains nine pages, none of which are dated earlier than September, 1995.

The second determination of the Court is that Plaintiffs' counsel has not provided critical material necessary for defendants either to evaluate the cases so that a meaningful dialogue can take place or for the cases to be prepared for trial if that fails. Plaintiffs' counsel categorizes his proof of exposure as follows[11]:

1) Everyone knows that the products of this manufacturer were all over the ships and could be found upon almost every ship;

2) This manufacturer advertised asbestos products in a marine catalogue and therefore it must have made and sold products to which the plaintiff was exposed, and;

3) Counsel has assured the Court that he can and will obtain statements from numerous Chief Engineers that these products were in use all over the ships.

---

10. <u>Pablo E. Hernandez v. American Ship, et al.</u>, Civil Action No. 90-0000, Northern District of Ohio

11. In this instance the Court is discussing the "manufacturer" defendants, as each plaintiff's sailing record will disclose the vessels upon which he sailed.

12

Plaintiffs' counsel takes the position that this specific evidence and discovery can await trial preparation and is not necessary for the filing of a case or for the settlement process.

Plaintiffs' counsel has presented, as part of the discovery package, doctor's reports that state that a significant number of the plaintiffs have no asbestos related injury. Defense counsel have advised the Court that the medicals received pursuant to this Court's order of July 18, 1995, *infra*, consist of a scant number of documents and only recent "medical" reports prepared in November, 1995, after this Court's order of July 18, 1995. The statements made to the Court disclose that only a fraction of the recently diagnosed plaintiffs have an asbestos-related condition, and many of these may be open to question. Numerous cases have either no diagnosis of an asbestos-related condition, or there is scant credible medical evidence. Further, the Court is informed that few, if any, of these plaintiffs have provided any evidence of a compensable injury sufficient to sustain a cause of action.

The Court believes that it is the responsibility of counsel to only file those cases which are ripe and ready to proceed. To file cases by the thousands and expect the Court to sort out the actionable claims is improper and a waste of the Court's time. Other victims suffer while the Court is clogged with such filings.

The Court enters its orders accordingly.

IN THE UNITED STATES DISTRICT COURT   # 113

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS            :
LIABILITY LITIGATION (No. VI)       :
_____X

This Document Relates To:           :        CIVIL ACTION NO. 2 MDL 875

                                    :           (Maritime Actions)

        ALL ACTIONS                 :
----------------------------------x

## Order

THE COURT HEREBY ORDERS that the cases filed in the Northern District of Ohio by the Plaintiffs assigned to the Mardoc portion of MDL 875, ARE ADMINISTRATIVELY DISMISSED WITHOUT PREJUDICE AND WITH ALL STATUTES OF LIMITATION TOLLED. The Court is specifically preserving the rights of the named plaintiffs to maintain an action should their circumstances warrant the furtherance of their case. Counsel is advised that this Court shall maintain jurisdiction, and that these cases may be individually reinstated upon application to the Court with the following showing:

14

1.   Each plaintiff requesting reinstatement must pro-
vide to this Court satisfactory evidence that the
plaintiff has an asbestos-related personal injury
compensable under the law.

2.   For each defendant which the plaintiff desires to
pursue, the plaintiff must provide probative evi-
dence of exposure to products connected to, or
supplied, manufactured or installed by said defen-
dant, or, if the defendant is a shipowner, evidence
of service upon the defendant's ship(s).

THE COURT FURTHER ORDERS that each case to be reinstated
shall be accompanied with the payment of a filing fee, unless such
case, both in its present form and in its earlier submissions,
contained Jones Act claims ONLY[12].  Counsel shall further be
entitled to amend his pleadings as necessary to set forth proper
claims, substitute parties and name defendants at the time of
reinstatement; PROVIDING HOWEVER, defendants may insert any and all
defenses to which they may be entitled.   The Court will issue
shortly hereafter a list of the affected actions in the Northern

_____

12.  The Court has examined the prior policy of allowing these
cases to be filed en masse without filing fees and finds that it is
inappropriate to continue.  This policy issue has been assigned by
Chief Judge George W. White of the Northern District of Ohio to the
MDL.  Specifically, the Court notes that 28, U.S.C. §1916 provides
that certain seamen's suits may proceed without prepayment of
costs, but that common law tort actions are not included therein.
Plaintiffs' counsel, without payment of any fees, has filed more
than 17,000 cases.  The costs applicable to these filings are great
and the burden and cost to the court system has been considerable.

District of Ohio.  All pending motions in these cases are hereby denied without prejudice and with leave to resubmit with the original filing date remaining in effect should the case be reinstated.

For the purposes of appeal, THIS IS NOT A FINAL ORDER.

BY THE COURT

Date:  5/2/96

Charles R. Weiner, Judge

ENTERED:  5/2/96

CLERK OF COURT

16

CRW



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS     :
LIABILITY LITIGATION (No. VI)     :
    X

---

This Document Relates To:     :     CIVIL ACTION NO. 2 MDL 875
    :        (Maritime Actions)
ALL ACTIONS     **F I L E D**

--------------------------------

MAR 17 1997

Weiner, J.                              March 14, 1997

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk        FILED MAR 17 1997

**ORDER**

THE COURT, having reviewed the motions, submittals, statements and arguments of the parties, and having conducted an omnibus hearing on February 19, 1997, determines as follows:

This Court, in the management of its docket and in the interest of fairness to ALL parties in the MARDOC portion of MDL 875, entered an order with a memorandum opinion on May 2, 1996. The Court choses not to reiterate the terms of that order, but to amplify them as follows:

       1. The administrative process by which the cases subject to the order were determined may have caused some actions to be inadvertantly omitted from the case list subject to the order. This administrative error may be brought to the attention of the Court at any time by an affidavit of a party or counsel, which, if unopposed, will correct the case list.

2.    As to actions filed subsequent to the Court's order of May 2, 1996, and cases yet unfiled, it is this Court's intention that they be administratively transferred to the Court's inactive docket of cases administratively dismissed without prejudice as established by the order of May 2, 1996, and that they be subject to the same terms for reinstatement set forth therein.  Plaintiffs may continue to seek routine amendments to their complaints while the cases remain in this status.  At the time of reinstatement of any case, answers are to be filed and the action will then proceed according to this Court's orders.

3.    Until further order, all cases subject to this order and the order of May 2, 1996 shall remain subject to the jurisdiction of this Court.

This is not a final order for the purposes of appeal, nor does this action by the Court resolve any case on its merits at this time.

BY THE COURT

Date: ___3/17/97___

_Charles R. Weiner_
Charles R. Weiner, Judge

ENTERED: ___3/17/97___

CLERK OF COURT

2

λe: all counsel on 02md575 as of 3/17/97

EXHIBIT C

FILED JAN 07 1992

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY     :
         LITIGATION (NO. VI)         :
                             x       :

CIVIL ACTION
NO. MDL 875

THIS DOCUMENT RELATES TO:   ALL ACTIONS:
                                  x

## PRETRIAL ORDER NO. 3

## TABLE OF CONTENTS

1. PROCEDURE .................................................. 1

    A. JOINT DEFENSE PRIVILEGE............................... 1

    B. SERVICE OF PLEADINGS ................................. 2

    C. NO WAIVER OF RIGHT OF REPRESENTATION ................. 3

2. ORGANIZATION OF PERIPHERAL DEFENDANTS' COUNSEL ............. 4

    A. DESIGNATION OF REPRESENTATIVES ....................... 4

    B. RIGHT OF PERIPHERAL DEFENDANT COUNSEL TO DISSENT ....... 5

    C. ENTRY OF ORDERS ...................................... 5

3. PROCEDURES FOR DISMISSAL ................................... 5

    I. LETTER MOTION PROCEDURES .............................. 5

    II. SHORT FORM SUMMARY JUDGMENT PROCEDURES................ 6

4. SETTLEMENT CONFERENCES...................................... 8

5. REMAND .................................................... 10

6. EFFECT .................................................... 11

EXHIBIT "A" ................................................. 12

EXHIBIT "B" ................................................. 14

EXHIBIT "C" ................................................. 16

EXHIBIT "D" ................................................. 18

ENTERED: _____ 1/8/93

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:   ASBESTOS PRODUCTS LIABILITY       :
         LITIGATION (NO. VI)               :
_____   X      CIVIL ACTION
                                                  NO. MDL 875
THIS DOCUMENT RELATES TO:   ALL ACTIONS:
_____   X

**FILED**

**PRETRIAL ORDER NO. 3**

JAN 07 1992

IT IS HEREBY ORDERED:

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

1.   **PROCEDURE**

   A.   **Joint Defense Privilege**

      The Court recognizes that, in order to maintain the
cost-effective administration of these cases, it is necessary that
counsel work together to coordinate discovery, pursue settlement
discussions, and conduct other activities in these cases.
Cooperative or collective efforts by or among the defendants in
the administration and handling of these consolidated cases shall
not waive the attorney-client privilege, the joint defense
privilege, the protection afforded attorney-work product, or any
other privilege to which a party, or its counsel, may otherwise be
entitled.  The designation of any attorney to act as spokesperson
for a group of plaintiffs or defendants, such as lead counsel and
liaison counsel, shall not preclude other counsel from
participating to the extent necessary to represent the individual
interests of their clients, as long as such participation does not
involve duplication or unnecessary delay.  Cooperative or
collective efforts among defense counsel relating to this

litigation are encouraged and shall not be discoverable, and shall not be communicated to the trier of fact.

### B.   Service of Pleadings

Any document filed with the Court must be served on liaison counsel for all other parties.  A party serving a pleading, motion, brief, memorandum, discovery requests or discovery response that relates to "All Actions" shall serve that document on liaison counsel prior to the submission to the Court or Clerk.  A certificate of service shall accompany each document specifying the name and address of those served, the date of service and the manner of service.  It is hereby Ordered by the Court that Conant Scott Rogers of Conant Corporation shall be the designated agent of the Court for the service of all documents filed with the Court relating to "All Actions".  Service of such documents that relate to individual actions shall be on all parties in accordance with the Federal Rules of Civil Procedure. Except as stated above, liaison counsel shall not accept service of pleadings on behalf of parties other than their own clients.

### C.   No Waiver of Right of Representation

1. The defendants shall cooperate in good faith to avoid filing of duplicative motions.  No party shall waive any rights by failing to attend a hearing on such motion unless the attendance of the party has been ordered by the Court.  The designation of any attorney to act as spokesperson for a group of plaintiffs or defendants shall not preclude other counsel from participating to the extent necessary to represent the individual

-2-

interests of their clients, as long as such participation does not involve duplication or unnecessary delay.

2. To further reduce the amount of unnecessary paperwork that would otherwise be filed with the Court and exchanged among counsel, each defendant (including direct defendants, third-party defendants, and defendants against whom cross claims are asserted) shall be deemed to have joined in and plead any dispositive motion against plaintiff where the granting of the motion would benefit it or all defendants generally. For example, if one defendant moves for summary judgment on the ground that plaintiff's claims are barred by the statute of limitations, it shall not be necessary for co-defendants to file duplicative motions, adopting the reasoning of the initial motion. All co-defendants shall be deemed to have joined in the initial motion unless specifically stated otherwise, and no specific pleading is required.

2. ORGANIZATION OF PERIPHERAL DEFENDANTS' COUNSEL

A. Designation of Representatives

Paragraph 6 at page 9 of Pretrial Order No. 1 entered by this court on September 17, 1991 is amended as follows: the contact person for the peripheral defendants for communication relating to "All Actions" from the Court, Plaintiffs' Lead or Liaison Counsel and Defendants' Liaison Counsel shall be David Craig Landin. Liaison counsel for peripheral defendants shall be: David Craig Landin and John J. Repcheck.

-3-

Duties of Peripheral Defendants' Liaison Counsel shall include:

> (1) Maintain and distribute to co-counsel and to Plaintiff's Liaison Counsel and Defendants' Co-Liaison Counsel an up-to-date service list;
>
> (2) Receive and, as appropriate, distribute to peripheral defendants' co-counsel Orders from the Court and documents from opposing parties and counsel;
>
> (3) When necessary, provide notices to all participating counsel, either directly or by appropriate means.
>
> (4) In the event that David Landin or his partner, James H. Price, III of McGuire, Woods, Battle & Boothe is unavailable, other Peripheral Defendants' liaison counsel shall serve as contact source for communications from the Court, Plaintiffs' Lead or Liaison Counsel and Defendants' Liaison Counsel.

B. <u>Right of Peripheral Defendant Counsel to Dissent</u>

Other counsel for peripheral defendants who disagree with actions of their liaison counsel or who have individual or divergent positions, may present written and oral arguments, conduct examinations at hearings or depositions, and otherwise act separately on behalf of their client(s) as appropriate.

C. **Entry of Orders**

No proposed Order relating to "All Actions" shall be submitted to the Court by any party without fifteen (15) days written notice to Liaison Counsel for plaintiffs, Liaison Counsel for the defendants and Liaison Counsel for the peripheral defendants.

3. **PROCEDURES FOR DISMISSAL**

The following procedures establish a mechanism for the fair, prompt and cost-effective resolution of requests for dismissals and short-form summary judgment motions by defendants:

I. **Letter Motion Procedures.**

A. Any time after the expiration of sixty (60) days after a moving party ("Movant") has filed an answer to plaintiff's complaint, the Movant may send a letter motion to plaintiff and all other parties of record with a proposed Order for Dismissal together with a supporting affidavit and other documents, if appropriate, stating that the Movant is entitled to a dismissal on one or more of the following grounds:

1. Movant did not come into existence until after plaintiff's alleged asbestos exposure;

2. Movant never manufactured, distributed, sold or otherwise supplied any asbestos-containing product prior to or at the time of plaintiff's alleged exposure;

3. Movant never manufactured, distributed, sold or otherwise supplied any asbestos-containing product to plaintiff's

employer or performed any work involving asbestos at plaintiff's place(s) of employment;

4. Any time after the expiration of one hundred eighty (180) days after the filing of plaintiff's complaint, movant may seek dismissal pursuant to these letter motion procedures based on the absence of evidence of exposure to Movant's asbestos-containing products; or other appropriate grounds.

B. Any opposition by a party ("Respondent") to Movant's request for dismissal shall be in letter form to the Movant delivered within thirty (30) days of receipt of Movant's letter. The letter shall set forth the specific evidentiary basis for opposition together with supporting documents, if appropriate.

C. If no opposition is received by the Movant within such thirty (30) day period, the Movant may file with the Court a proposed Order of Dismissal in the form attached hereto as Exhibit "A", which Order shall be entered by the Court.

D. If there is opposition from a Respondent, the Movant may proceed under Section II.

II. <u>Short Form Summary Judgment Procedures</u>.

A. Upon the expiration of such thirty (30) day period set forth in Section I.B. above, the Movant and/or any Respondent may commence discovery within a sixty (60) day period solely on those issues raised by the Movant's letter motion and responses in opposition to determine whether proper grounds for a dismissal exist. The discovery limitations set forth herein shall be

applicable solely to the procedures established by this Order and shall not operate as limitations on any other discovery rights or obligations.

B.  If the stated basis for opposition to dismissal is a need for further discovery and no discovery has been commenced by a Respondent within such sixty (60) day period, a Movant may submit a proposed Order to the Court in the form attached hereto as Exhibit "B", which Order shall be entered by the Court.

C.  If discovery is commenced by Movant or a Respondent within such sixty (60) day period, upon the completion of such discovery a Movant may submit a short form motion for summary judgment to the Court, in the form attached hereto as Exhibit "C", stating that discovery has failed to establish a genuine issue of material fact as to the proposed grounds for dismissal, along with a proposed Order.  Such motion shall be deemed a contested Rule 56 Motion unless certified as "uncontested".

D.  If the motion is certified as uncontested, the proposed order granting summary judgment shall be entered by the Court.

E.  Any Respondent wishing to oppose a short form motion for summary judgment may file within twenty (20) days a short form response not to exceed two (2) pages in the form attached hereto as Exhibit "D", setting forth any facts not included in paragraphs 6 and 7 of defendant's short form motion.

F.  Movant may file within ten (10) days a reply to said response not to exceed one (1) page.

G.  The Court may request that the parties submit memoranda of law not to exceed five (5) pages in support of their respective positions.

H.  This short form summary judgment motion procedure also shall be available to any defendant seeking summary judgment under Rule 56 on any other basis that may be asserted appropriately under said Rule.  Nothing in this Order shall affect the right of any party to file a standard motion for summary judgment under Rule 56.

I.  A Movant may group more than one case in a letter motion or Rule 56 Motion under this Order.

J.  The procedures set forth in Sections 3.I. and 3.II. of this Order shall also apply with respect to applications by third-party defendants seeking dismissal of third-party claims.

4.  **SETTLEMENT CONFERENCES**

A. The Court hereby establishes a procedure for Settlement Conferences in all cases consolidated under Civil Action No. MDL 875.  The Court encourages all counsel to request settlement conferences, consistent with this Order.

1. Until further Order of the Court, for all cases subject to settlement conferences to be held in 1992 and thereafter, plaintiffs and third-party plaintiffs shall specify the basis for liability as to each defendant in the form of a sworn affidavit.  The information contained in the affidavit shall include, at a minimum, the information requested under Subsection 2.c, including all subparts.

-8-

2. No settlement conference shall occur unless the following procedure is followed:

    a.  Counsel requesting a settlement conference must do so in writing and must identify by court, term, if applicable, and number, and full name of plaintiff and each defendant, each case to be discussed at the conference;

    b.  A copy of the request for a settlement conference must be served on counsel for each party and a certification of service must accompany the written request;

    c.  Counsel must certify that he or she has submitted to each party or parties' representative in the case, copies of all medical expert reports in counsel's possession and a verified affidavit of the claimant or, if the claimant is deceased, the executor or administrator of the plaintiff's estate, setting forth (if not previously supplied by way of discovery) the following information:

        (1) the name, address, social security number, and date of birth of claimant;

        (2) the identity of the specific defendants against whom plaintiff's claim is being made;

        (3) a complete employment history including location, employer, type of employment and inclusive dates of each;

        (4) a specific, not generic, description of all asbestos-containing products with exposure

-9-

dates and specific manner in which plaintiff claims
he was exposed, and location of exposure;

(5) the specific name of each asbestos
containing product to which exposure is alleged as
well as the name of the manufacturer, distributor,
and supplier of those products and the name of any
company who performed any work involving asbestos
at plaintiff's place of employment;

(6) with respect to each product identified,
inclusive dates of exposure and each job site at
which the exposure occurred;

(7) a listing of all product identification
witnesses by name, address and telephone number and
a statement as to whether or not each witness has
been deposed in any case. If so, the date and
location of the depositions and the identity of the
court reporter or stenographer.

3. Plaintiff shall submit the above information to
counsel for each defendant at least 20 days prior to a scheduled
conference. Failure to provide such information by this deadline
shall relieve defense counsel from participating in the
conference.

5. **REMAND**

Cases which are not settled, following a good faith attempt
by all parties, shall be subject to remand. All requests for a
suggestion of remand shall be accompanied by a written Statement

-10-

of Position regarding the remand.  It shall be served upon all remaining parties to the action no less than five (5) days prior to a telephone or personal conference on the matter which shall be scheduled by the party requesting the remand.  The Statement of Position shall set forth the names of all remaining parties, the efforts made to settle the case, the current status of settlement negotiations with each remaining party, and the envisioned impediments to settlement.  Opposing counsel may respond in writing or orally at the conference.  All parties shall be prepared to fully discuss A.D.R. solutions for the action.  The Court shall enter such orders following the conference as may be appropriate.

6. **EFFECT**

To the extent that any provisions of this order are inconsistent with those set forth in any pretrial order earlier entered by this Court, the provisions of this Order shall govern.

THE COURT:

_____
CHARLES R. WEINER, J.

DATED: 1/3/92

-11-

EXHIBIT "A"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:   ASBESTOS PRODUCTS LIABILITY :
        LITIGATION (NO. VI)       :
                          x    CIVIL ACTION NO. MDL 875
                          :

THIS DOCUMENT RELATES TO:    :
                          x

### ORDER OF DISMISSAL

AND NOW, this _____ day of _____, 199\_, pursuant to MDL 875 Pretrial Order No. 3, Section 3.I.C., upon consideration of the request for dismissal of defendant ABC Insulation Company, Inc. ("ABC"), all counsel of record having been served with its letter motion requesting dismissal by agreement, and there being no opposition to the entry of this Order;

IT IS HEREBY ORDERED that the request for dismissal is granted with prejudice as to the claims of _____ and without prejudice as to all crossclaims against defendant ABC for the following reason(s):

_____ 1. Movant did not come into existence until after plaintiff's alleged asbestos exposure.

_____ 2. Movant never manufactured, distributed, sold or otherwise supplied any asbestos-containing

-12-

product prior to or at the time of plaintiff's alleged exposure.

_____ 3. Movant never manufactured, distributed, sold or otherwise supplied any asbestos-containing product to plaintiff's employer or performed any work involving asbestos at plaintiff's place(s) of employment.

_____ 4. The absence of evidence of exposure to Movant's asbestos-containing products;

_____ 5. Other grounds.

SO ORDERED:

_____
HONORABLE CHARLES R. WEINER, U.S.D.J.

## EXHIBIT "B"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS LIABILITY :
        LITIGATION (NO. VI)        :
                               x      CIVIL ACTION NO. MDL 875

_____ :

THIS DOCUMENT RELATES TO:     :
                              x

_____

### ORDER GRANTING SUMMARY JUDGMENT

AND NOW, this _____ day of _____, 199_, upon consideration of the Motion for Summary Judgment of defendant ABC Insulation Company, Inc. ("ABC"), the Court finds as follows:

1.  ABC served a letter motion demanding dismissal of this matter upon all counsel of record on _____, 199_, and

2.  One or more parties ("opposing parties") opposed the demand of ABC for a dismissal of this matter, and

3.  Said opposing parties failed to commence discovery within sixty (60) days of the date of notice of opposition or otherwise come forward with evidence to substantiate that there is a genuine issue of material fact in this matter.

THEREFORE, pursuant to Section 3.II.B of MDL 875 Pretrial Order No. 3, and for good ~~cause shown~~.

IT IS on this _____ day of _____, 199_,

-14-

ORDERED that the letter motion of ABC Insulation Company, Inc. for Summary Judgment is GRANTED and summary judgment is hereby entered in favor of ABC Insulation Company, Inc. on all claims asserted by _____. All crossclaims asserted against ABC Insulation Company, Inc. are dismissed without prejudice.

SO ORDERED:

_____
HONORABLE CHARLES R. WEINER, U.S.D.J.

-15-

## EXHIBIT "C"

### Short Form Motion for Summary Judgment

_____ hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Section 3.II. of the Court's MDL 875 Pretrial Order No. 3 dated _____ (the "Order"), in all cases on the list attached hereto as Exhibit "A". The grounds for the motion are as follows:

1. Plaintiffs in each case allege exposure to asbestos products manufactured, distributed, sold or installed by defendants [during the period from _____ to _____] [in the course of their employment at _____].

2. On _____, movant delivered a letter motion pursuant to Section 3.I. A. of the Order, notifying all parties that movant is entitled to dismissal for the following reason(s):

   a. _____

   b. _____

   c. _____

3. Written opposition was served within the required thirty-day period by the following parties on the following grounds:

-16-

4.   Discovery was commenced by the following parties within the sixty (60) day period set forth in Section 3.II.C. of the Order:

5.   All discovery undertaken by the above party(ies) has been completed, and there are no pending discovery disputes.

6.   The facts on which movant relies in support of its motion are as follows:

7.   Evidence adduced in discovery relevant to the facts on which movant relies is as follows:

8.   Movant contends that the evidence adduced in discovery is insufficient to create a genuine issue of material fact.

WHEREFORE, defendant respectfully requests that the Court grant its motion and enter summary judgment in its favor and against _____ on all claims.  All crossclaims asserted against _____ shall be dismissed without prejudice.

-17-

EXHIBIT "D"


Short Form Opposition to Motion for Summary Judgment

_____ ("Respondent") hereby opposes
the short form motion for summary judgment of defendant
_____, in all cases on the list attached hereto as
Exhibit "A". The grounds for the opposition are as follows:

  1. The stated grounds for the motion are as follows:



  2. Facts relevant to a disposition of the motion not
presented in defendant's motion, or presented in a form that
Respondent contends is inaccurate or incomplete are as follows:



  3. Respondent contends that the evidence adduced in
discovery is sufficient to create a genuine issue of material
fact, and summary judgment should not be granted.

  WHEREFORE, Respondent respectfully requests that the
Court deny the motion for summary judgment.

-18-

FILED SEP  8 1992

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY      :
LITIGATION (NO. VI)                     :
                                        x    CIVIL ACTION NO. MDL 875
_____      **(Including MARDOC, FELA,
                                             and TIREWORKER cases)**

**This Document Relates to:**           :
    **ALL ACTIONS**                     :
                                        x
_____

## ADMINISTRATIVE ORDER NO. 3

It is the intention of the Court that the cases be resolved through negotiation wherever possible. The Court and all parties agree that, as that process proceeds, it is often necessary to give special attention to certain cases. Although all settlements represent steps toward the Court's ultimate goal, special efforts to resolve these cases are not a substitute for broad-based negotiations designed to reduce the docket backlog.

In accordance with **ADMINISTRATIVE ORDER NO. 2** Plaintiffs' counsel has previously submitted information to the Court relating to their malignancy and asbestosis cases. The Court has determined to give a priority to malignancy, death and total disability cases where the substantial contributing cause is an asbestos-related disease or injury. The following procedures are hereby established for review, settlement and/or further action in these cases:

### I    SELECTED CASES

Selected cases are identified by disease category. In each case, plaintiff's counsel must have a written medical opinion by a board certified specialist setting forth that exposure to asbestos or asbestos-containing products is a _substantial_ contributing cause to the condition or death of plaintiff (plaintiff's decedent). The disease categories are:

    A.   Mesothelioma, living and deceased.
    B.   Lung Cancer, living and deceased.
    C.   Other malignancies, living and deceased.
    D.   Asbestosis, total disability deceased or
         total disability living.

### II   PROCEDURES FOR PLAINTIFFS' COUNSEL

The Court will process all cases previously identified by Plaintiffs' counsel pursuant to **ADMINISTRATIVE ORDER NO. 2** as mesothelioma and lung cancer in accordance herewith **UNLESS** the

Court is advised that such cases do not meet the above criteria. Plaintiffs' counsel must affirmatively identify all other malignancy and asbestosis cases which meet the requirements hereof. In all instances hereunder, the cases shall be identified by plaintiff's name, the transferor jurisdiction, and the individual case number assigned by the transferor district. The Court will advise plaintiffs' counsel (with a copy to defense, plaintiff's and peripheral liaison counsel) when his/her cases are ready for processing. Plaintiffs' counsel shall then take the following steps:

A. Identify to the Court all remaining viable defendants from whom plaintiff expects to recover damages.

B. Provide the necessary fact information for defense counsel to process the cases for settlement. (work history, exposure information, date of birth/death, medical history, smoking history, Social Security Number, and printout or release etc.)

C. Provide defense counsel with X-rays and pathology in plaintiff's possession, together with necessary releases for medical and employment records.

D. Provide a reasonable settlement demand to each remaining defendant.

E. Notify the Court when each of the above requirements is completed.

III   PROCEDURES FOR DEFENSE COUNSEL

Each defendant shall be prepared to identify the counsel who will be available and able to conduct all settlement negotiations with any particular plaintiffs' counsel. Defense counsel shall take the following steps in these proceedings:

A. Within fifteen (15) days of receipt of notice that plaintiffs' counsel has complied with the requirements set forth in Section II above, notify the Court and Plaintiff's counsel by telephone and in writing as to any discrepancies in such notice, and set forth in detail all necessary additional information.

B. Within forty-five (45) days of receipt of the information from the plaintiff necessary to engage in settlement negotiations and the demand from plaintiffs' counsel, defense counsel shall review the same and accept such terms or make a reasonable offer for settlement.

## IV    SETTLEMENT NEGOTIATIONS

Following the initial procedures, all counsel shall make themselves readily available for personal and telephone settlement conferences. **AT THIS TIME, NEGOTIATION IS TO BE ONGOING AND IN GOOD FAITH.** All counsel are to report no less than once a week by telephone to the Court as to their progress. The Court will be available on a regular basis for participation in a settlement conference, either by telephone or in person. If, after thirty (30) days, any party feels that his/her opponent is not negotiating in good faith, they may request the Court to forward the matter to the Mediation Committee for a recommendation. If a request is made to refer the matter to the Mediation Committee, such request shall be honored by the Court. When the Court determines that further settlement discussions are unlikely to be productive, the Court will hold a termination conference to discover the status of all remaining parties to the action(s) in negotiation and to determine whether the case is to be forwarded to the Mediation Committee. A referral may be of one or a number of cases. If no request for referral is made, and the parties have been unable to resolve their differences, the Court shall determine whether the matter is appropriate for immediate remand.

## V    MEDIATOR

The Court shall appoint a neutral mediator for each case who is familiar with the jurisdiction. Once the Mediator is selected, he/she shall hear all referrals for that jurisdiction subject to resignation or Court reassignment. Upon receipt of a referral from the Court, the Mediator shall take the following action:

A.  Provide notice to each party of the time and place of a mediation hearing, which hearing shall take place no sooner than ten (10) days after such notice, but as soon thereafter as possible.

B.  Each party may provide a short position statement to his/her opponent and to the Mediator no less than five (5) days prior to the hearing.

C.  The Mediator shall set forth his/her own rules for proceeding on the referral and shall advise the participants.

D.  At the hearing the Mediator shall attempt to mediate settlement as to all parties. As to any case in the group that is not so resolved, the Mediator shall determine whether the participants have negotiated in good faith. This determination shall be made on a case by-case-basis.

E.    The Mediator shall make a report to the Court setting forth his/her determination regarding the good or bad faith of all parties to the negotiations. Upon receipt of the report from the Mediator, the Court shall allow those parties who have been negotiating in good faith a reasonable time to complete a settlement. There shall be a presumption that where the plaintiff has acted in good faith and one or more defendants have been found to be acting in bad faith, the case will be immediately remanded for trial as to such defendants. If all parties are acting in good faith the Court will make additional efforts to settle the case. If no settlement is achieved the matter will be remanded. The Court will act promptly in all respects upon receipt of a report from the Mediator.

F.    All information provided to the Mediator by the parties shall be kept in confidence except as set forth to the Court in the Mediator's report.

## VI    GOOD FAITH NEGOTIATIONS

In order for the participants to the settlement negotiations to be in good faith, there must be a reasonable relationship between their demand/offer and the following criteria:

A.    Historical settlement averages between the same defendants with the same plaintiff's counsel in the same jurisdiction in similar cases. Variances from such historical criteria can be justified by the following factors:
1.    Severity/mildness of disease.
2.    Lack of exposure to product.
3.    Personal factors, i.e.; smoking, age, occupation, etc.
4.    Other persuasive evidence.

B.    Historical averages by disease category for cases that have been previously settled in that jurisdiction with that plaintiff's counsel and with that defendant.

C.    If there is no historical settlement average by disease category between plaintiff's counsel and the defendant in the jurisdiction from which the case arises, then comparable settlement averages for similar cases in that same jurisdiction with that defendant shall be confidentially provided to the Mediator.

Because different viewpoints of the same case are equally understandable, a finding of bad faith is not necessary in all instances where the parties are unable to reconcile their differences and settle.

BY THE COURT:

Date: ___9/8/92___

_____
CHARLES R. WEINER, J.

ENTERED: ___9/8/92___

CLERK OF COURT