DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
visosky@guamlawoffice.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 9 2006

FILED
CLERK'S OFFICE

Attorneys for Defendants Garlock, Inc., Viacom, Inc.,
successor by merger to CBS Corporation, formerly known
as Westinghouse Electric Corporation, Foster Wheeler
Corporation, Bayer CropScience, Inc., as Successor-in-Interest
to Amchem Products, Inc., and The Dow Chemical Company

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRIST LITIGATION**
**MDL-875:  IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**PERTAINING TO CONDITIONAL TRANSFER ORDER 254**
**A Case Arising in the United States District Court of Guam**

| | |
|---|---|
| Cess Navarro Olmo and<br>Ronnie Pascual Perreras,<br><br>               Plaintiffs,<br><br>    vs.<br><br>A.P. Green Industries, Inc., A.P. Green Services,<br>Inc., A.W. Chesterton Company, Amchem<br>Products, Inc., Armstrong World Industries, Inc.,<br>Asbestos Claims Management Corporation,<br>Babcock & Wilcox Company, Combustion<br>Engineering, Inc., Dow Chemical Company,<br>Dresser Industries, Inc., Flexitallic, Inc., Flintkote<br>Company, Foster Wheeler Corp., GAF Corporation,<br>Garlock, Inc., Georgia-Pacific Corporation,<br>Harbison-Walker Refractories Co., Honeywell<br>International, Inc., John Crane, Inc., Kaiser Gypsum<br>Company, Inc., Metropolitan Life Insurance<br>Company, Owens Corning, Owens-Illinois, Inc.,<br>Pittsburg Corning Corporation, Quigley Company,<br>Inc., United States Gypsum Company, Viacom, Inc.,<br><br>               Defendants. | **MDL DOCKET NO. 875**<br>**CTO-254**<br><br>**U.S. District Court of Guam**<br>**Civil Action No. 05-00025**<br><br>**OPPOSITION TO PLAINTIFFS'**<br>**MOTION TO VACATE**<br>**CONDITIONAL TRANSFER**<br>**ORDER 254** |

OFFICIAL FILE COPY

IMAGED FEB 0 9 2006

Olmo, et al. v. A.P. Green, et al.
Docket No. MDL-875; CTO-254
Opposition to Plaintiffs' Motion to Vacate
Conditional Transfer Order

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION.**

In accordance with In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415

(J.P.M.L. 1991), 28 U.S.C. § 1407, and Rule 7.4 of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, on December 16, 2005, this Panel issued its Conditional Transfer Order,

transferring this action to the Eastern District of Pennsylvania. Plaintiffs now seek to vacate this

order.

Plaintiffs acknowledge that since 1991, the MDL Panel has ordered the transfer of most, if

not all, asbestos cases to the Eastern District of Pennsylvania. See Motion to Vacate, p. 4:2-4.

Counsel for Defendants The Dow Chemical Company and Bayer CropScience, Inc., as Successor-in-

Interest to Amchem Products, Inc., is not aware of any asbestos action filed in U. S. District Courts

of Guam or the nearby Northern Marianas Islands which has not been transferred. See Declaration

of Jon Visosky, ¶ 2. Plaintiffs concede that "the odds are against them in opposing transfer of the

case." See Motion to Vacate, p. 4:2-4. Nonetheless, they contend that this particular case should be

exempt from transfer because: (1) a transfer would not serve the convenience of the parties and

witnesses and the interests of justice, and (2) this case is different from the cases which have been

transferred to the Eastern District of Pennsylvania. See Motion to Vacate, p. 4:11-15. As

demonstrated below, not only have Plaintiffs failed to show why their case should be singled out for

special treatment from the tens of thousands of asbestos cases filed in the federal courts throughout

the United States and its territories, but Plaintiffs have also failed to bring forth any admissible

Olmo, et al. v. A.P. Green, et al.
Docket No. MDL-875; CTO-254
Opposition to Plaintiffs' Motion to Vacate
Conditional Transfer Order

evidence to support their argument.  Accordingly, Plaintiffs' Motion to Vacate should be denied and

this action should be transferred to the Eastern District of Pennsylvania.

II.   **BY CHOOSING TO FILE THEIR ACTION IN THE DISTRICT COURT OF GUAM, THE PHILIPPINE NATIONAL PLAINTIFFS VOLUNTARILY SUBJECTED THEMSELVES TO THE LAWS AND PROCEDURE OF THIS PANEL, INCLUDING, THE LONG ESTABLISHED PRECEDENT OF TRANSFERRING ASBESTOS CASES TO THE EASTERN DISTRICT OF PENNSYLVANIA.**

After careful consideration of over 26,000 asbestos personal injury/wrongful death cases

pending in 87 federal districts, and after extensive review of more than 180 responses to the Panel's

order to show cause why all pending federal district court actions involving asbestos personal injury

or wrongful death claims should not be centralized in a single forum under 18 U.S.C. § 1407, and

after hearing exhaustive oral argument from 37 counsel, the Judicial Panel on Multidistrict Litigation

held, in 1991, that these asbestos personal injury/wrongful death actions should be transferred to the

Eastern District of Pennsylvania, because the "actions involved common questions of fact," and the

"centralization of the actions would best serve the convenience of the parties and witnesses, and

promote the just and efficient conduct of litigation."  In re Asbestos Products Liability Litigation

(No. VI), 771 F.Supp. 415, 417 (J.P.M.L. 1991).  Counsel for Defendants is not aware of any

asbestos personal injury/wrongful death case filed in federal court since then which has not been

transferred.  Plaintiffs admit that since 1991, "most, if not all, cases" have been transferred, and fail

to identify a single exception to the rule of transfer.  See Motion to Vacate, p. 4:2-4.

This case involves claims by foreign plaintiffs against U.S. –based defendants. Plaintiffs are

citizens and residents of the Republic of Philippines who contend that they were exposed to asbestos

Olmo, et al. v. A.P. Green, et al.
Docket No. MDL-875; CTO-254
Opposition to Plaintiffs' Motion to Vacate
Conditional Transfer Order

while working aboard ships at various jobsites around the Pacific, including Subic Bay in the Philippines.  See First Amended Complaint, ¶ 9.  Rather than filing their complaint in the Philippines, Plaintiffs made a calculated decision to file this action in the District Court of Guam. As conceded in their Motion to Vacate, Plaintiffs chose to do so despite that since 1991, asbestos personal injury and wrongful death actions filed in the federal courts have been transferred to the Eastern District of Pennsylvania.  See Motion to Vacate, pp. 3:24-4:5.

Plaintiffs cannot avail themselves of the privilege of filing their action in the District Court of Guam, then argue that they should be exempt from the application of its laws and procedures.  By filing this action in Guam, Plaintiffs affirmatively subjected themselves to the well-established MDL procedure of transferring asbestos personal injury and wrongful death actions to the Eastern District of Pennsylvania.  See In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991), 28 U.S.C. § 1407, and Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  Accordingly, Plaintiffs have no basis upon which to challenge the conditional transfer order.

III.   **PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THEIR CLAIMS ARE DISTINGUISHABLE FROM THE TENS OF THOUSANDS OF ASBESTOS CASES WHICH HAVE BEEN TRANSFERRED.**

The MDL's initial transfer of asbestos personal injury and wrongful cases in 1991 involved well over 26,000 cases.  It cannot be disputed that, in the 15 years since, asbestos litigation remains a significant burden on the court system and shows no signs of letting up.  As such, tens of thousands more asbestos cases have been transferred to the Eastern District of Pennsylvania.

4

<u>Olmo, et al. v. A.P. Green, et al.</u>
Docket No. MDL-875; CTO-254
Opposition to Plaintiffs' Motion to Vacate
Conditional Transfer Order

Plaintiffs seek special treatment, yet have failed to justify why their cases above all others, are so different from the tens of thousands of other cases, so as to deserve an exception. Here, Plaintiffs claim that their case should be distinguished from the others because they are citizens and residents of the Republic of the Philippines, and, therefore, live far from Pennsylvania. Plaintiffs stated that they chose the District Court of Guam because it is only a 3-1/2 hour plane ride away. They argue that they should not be compelled to travel to Pennsylvania because of the distance and expense of travel. In addition, Plaintiffs contend that hiring local counsel in Pennsylvania is too expensive and not feasible. <u>See</u> Motion to Vacate, pp. 4:16-5:9. Not only have Plaintiffs failed to proffer any admissible evidence in support of their argument, but their arguments are without merit regardless.

## A.   PLAINTIFFS' ARGUMENTS REGARDING THE DISTANCE AND EXPENSE OF TRAVEL TO PENNSYLVANIA ARE WITHOUT MERIT.

Plaintiffs contend that this action should not be transferred to Pennsylvania because it would be more expensive for them to travel to Pennsylvania rather than Guam. Yet, instead of filing their action in the Philippines where they reside (which would not have required any time or expense for air travel), Plaintiffs chose to file their complaint in Guam. In doing so, they accepted the time and expense of a 3-1/2 hour flight. Moreover, as noted above, the Plaintiffs chose this District Court despite that since 1991 all asbestos personal injury and wrongful death cases have been transferred to the Eastern District of Pennsylvania, such that their case would likely be transferred as well. Thus, having purposefully availed themselves of this forum rather than filing an action in the Philippines, and given that asbestos personal injury and wrongful death cases have been transferred to Pennsylvania for the past 15 years, Plaintiffs have no basis upon which to complain about the transfer.

<u>Olmo, et al. v. A.P. Green, et al.</u>
Docket No. MDL-875; CTO-254
Opposition to Plaintiffs' Motion to Vacate
Conditional Transfer Order

In addition, defense counsel is informed and believes that asbestos actions filed in the U. S. District Court of the Northern Marianas Islands have been also transferred to the Eastern District of Pennsylvania. <u>See</u> Declaration of Jon A. Visosky, ¶ 3.  Since the distance from either Guam or the Northern Marianas Islands, to Pennsylvania, is almost the same distance, this is further reason why no exception should be made for Plaintiffs in this case.

Moreover, while Plaintiffs claim that they are being "compelled" to travel to Pennsylvania, this is not the case.  Under Rule 32 of the Federal Rules of Civil Procedure, Plaintiffs need not ever appear in a Pennsylvania court; instead, they may rely upon their deposition testimony for use at trial. Of course, this also applies to Plaintiffs' witnesses.

**B.    PLAINTIFFS' ARGUMENTS REGARDING THE EXPENSE AND INFEASIBILITY OF HIRING LOCAL COUNSEL IS WITHOUT MERIT.**

Plaintiffs contend that it would be too expensive to hire local Pennsylvania counsel.  If this were a reason not to transfer asbestos cases, almost no case would transfer, since transfer almost always requires the hiring of local counsel.  This is a risk which Plaintiffs assumed in filing their case.

Plaintiffs also claim that it would not be feasible to hire local counsel because their Guam counsel is familiar with this case.  This matter is still in the very initial stages: no depositions have been noticed or conducted and no discovery has been propounded. <u>See</u> Declaration of Jon A. Visosky, ¶ 4.  While the parties have agreed to a Scheduling Order and Discovery Plan, filed December 22, 2005, Defendants only participated in the mandatory meet and confer to avoid being charged with violating Rule 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam. <u>See</u> Declaration of Jon A. Visosky, ¶ 5. The Scheduling Order clearly states

6

Olmo, et al. v. A.P. Green, et al.
Docket No. MDL-875; CTO-254
Opposition to Plaintiffs' Motion to Vacate
Conditional Transfer Order

that Motions to Dismiss for Lack of Personal Jurisdiction and for Improper Venue are pending. See

Scheduling Order, paragraph 2(a). This Order confirms that "[n]o party has initiated discovery." See

Scheduling Order, ¶ 2(c). Since this case was only recently filed and no discovery has been undertaken

to date, it surely would not be an onerous task for a local Pennsylvania attorney to be brought "up to

speed" on this case.

**IV.     THE CASES CITED BY PLAINTIFFS ARE DISTINGUISHABLE.**

Plaintiffs cite In re Midwest Milk Monopolization Litigation, 483 F.Supp. 823 (J.P.M.L.

1980) and In Re A.H. Robins Co., Inc. 505 F. Supp. 221, 223 (J.P.M.L. 1981) in support of their

argument that the Panel must determine whether this transfer will be for the convenience of the

parties and witnesses and to promote justice. While the Panel must make this determination, neither

case supports keeping this case on Guam.

In Midwest Milk, the Panel determined that a transfer was not appropriate. In that case,

pretrial proceedings had been ongoing for *over two years and were nearly completed.* 483 F.Supp.

823, 825. Likewise, in A.H. Robins, the transfer of four cases was denied where the action had been

pending for *over five years and discovery of common issues had been completed in the transferee*

*court.* 505 F.Supp. 221, 223. These cases present a very different situation from the instant case.

As stated above, this case was filed relatively recently. As the Court's files will confirm,

upon service of the First Amended Complaint, Defendants promptly filed their respective Motions to

Dismiss for Lack of Personal Jurisdiction and for Improper Venue. And, unlike the Midwest Milk

and A.H. Robins cases where discovery had either been completed or was nearly completed, no

<u>Olmo, et al. v. A.P. Green, et al.</u>
Docket No. MDL-875; CTO-254
Opposition to Plaintiffs' Motion to Vacate
Conditional Transfer Order

discovery has been initiated or conducted in this case.  After this case is transferred to the Eastern

District of Pennsylvania, any witnesses who do not reside nearby may certainly have their testimony

preserved by deposition – just as if this case remained in Guam.  <u>See</u> F.R.C.P. Rule 32.

Moreover, while Plaintiffs have attempted to place great emphasis on *their* convenience, for

purposes of a change of venue, the U.S. Supreme Court has recognized that 28 U.S.C. § 1404(a) also

exists for the protection of the interests of justice which includes the convenience *of the Court*.  <u>See</u>

<u>Ferens v. John Deere Company</u>, 494 U.S. 516, 529 (1990).  Of course, the convenience of the Court

and the management of asbestos cases is one of the fundamental bases upon which the MDL Panel

concluded back in 1991 that asbestos personal injury and wrongful death actions should be

transferred to the Eastern District of Pennsylvania in the first instance.  <u>See</u> <u>In Re Asbestos Product</u>

<u>Liability Litigation (No. VI),</u> 771 F.Supp. 415 (J.P.M.L. 1991).

///


///


///


///


8

Olmo, et al. v. A.P. Green, et al.
Docket No. MDL-875; CTO-254
Opposition to Plaintiffs' Motion to Vacate
Conditional Transfer Order

## V.     **CONCLUSION.**

Defendants respectfully submit that Plaintiffs' Motion to Vacate Conditional Transfer Order

fails to set forth any reasonable basis to exempt this one case from the tens of thousands of asbestos

personal injury and wrongful death actions which are subject to transfer to the Eastern District of

Pennsylvania.  Accordingly, Plaintiffs' motion should be denied.

Dated February 7, 2006.                          DOOLEY ROBERTS & FOWLER LLP


By: _____

**JON A. VISOSKY**
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
E-mail Address:  visosky@guamlawoffice.com


F:\1\05 Civil\Asbestos Litigation\Judicial Panel\Motion to Vacate CTO\Motion to Vacate CTO- Opposition FINAL.DOC

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
visosky@guamlawoffice.com

Attorneys for Defendants Garlock, Inc., Viacom, Inc.,
successor by merger to CBS Corporation, formerly known
as Westinghouse Electric Corporation, Foster Wheeler
Corporation, Bayer CropScience, Inc., as Successor-in-Interest
to Amchem Products, Inc., and The Dow Chemical Company

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRIST LITIGATION**
**MDL-875:  IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**PERTAINING TO CONDITIONAL TRANSFER ORDER 254**
**A Case Arising in the United States District Court of Guam**

| | | |
|---|---|---|
| Cess Navarro Olmo and<br>Ronnie Pascual Perreras,<br><br>                          Plaintiffs,<br><br>        vs.<br><br>A.P. Green Industries, Inc., A.P. Green Services,<br>Inc., A.W. Chesterton Company, Amchem<br>Products, Inc., Armstrong World Industries, Inc.,<br>Asbestos Claims Management Corporation,<br>Babcock & Wilcox Company, Combustion<br>Engineering, Inc., Dow Chemical Company,<br>Dresser Industries, Inc., Flexitallic, Inc., Flintkote<br>Company, Foster Wheeler Corp., GAF Corporation,<br>Garlock, Inc., Georgia-Pacific Corporation,<br>Harbison-Walker Refractories Co., Honeywell<br>International, Inc., John Crane, Inc., Kaiser Gypsum<br>Company, Inc., Metropolitan Life Insurance<br>Company, Owens Corning, Owens-Illinois, Inc.,<br>Pittsburg Corning Corporation, Quigley Company,<br>Inc., United States Gypsum Company, Viacom, Inc.,<br><br>                        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MDL DOCKET NO. 875**<br>**CTO-254**<br><br>**U.S. District Court of Guam**<br>**Civil Action No. 05-00025**<br><br>**DECLARATION OF**<br>**JON A. VISOSKY IN SUPPORT OF**<br>**OPPOSITION TO PLAINTIFFS'**<br>**MOTION TO VACATE**<br>**CONDITIONAL TRANSFER**<br>**ORDER 254** |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 9 2006

FILED
CLERK'S OFFICE

Olmo, et al. v. A.P. Green, et al.
Docket No. MDL-875; CTO-254
Declaration of Jon A. Visosky

I, Jon A. Visosky, declare:

1.     I am an associate in the law firm of Dooley Roberts & Fowler LLP, attorneys for Defendants The Dow Chemical Company and Bayer CropScience, Inc., as Successor-in-Interest to Amchem Products, Inc.

2.     I am unaware of any asbestos action filed in U. S. District Courts of Guam or the nearby Northern Marianas Islands which has not been transferred to the Eastern District of Pennsylvania.

3.     I am informed and believe that all asbestos cases previously filed in the U.S. District Court of Guam, and the U.S. District Court of the Northern Marianas Islands, have been transferred to the Eastern District of Pennsylvania.

4.     No depositions have been noticed or conducted and no discovery has been propounded in this matter.

5.     Defendants only participated in the mandatory meet and confer to avoid being charged with violating Rule 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam.

6.     A true and correct copy of the Scheduling Order and Discovery Plan, filed December 22, 2005 is attached as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 7th, 2006, at Tamuning, Guam.

**JON A. VISOSKY**

F:\1\05 Civil\Asbestos Litigation\Bayer and Dow\Motion to Vacate CTO\Motion to Vacate CTO- Opposition - Declaration of JAV.DOC

**FILED**

DISTRICT COURT OF GUAM

DEC 2 2 2005

**MARY L.M. MORAN**
**CLERK OF COURT**

## IN THE UNITED STATES

## DISTRICT COURT OF GUAM

| | |
|---|---|
| CESS NAVARRO OLMO, RONNIE PASCUAL FERRERAS, <br><br> PLAINTIFFS, <br><br> -VS- <br><br> A.P. GREEN INDUSTRIES, INC., et. al., <br><br> DEFENDANTS. | CIVIL CASE NO. 05-00025 <br><br> **SCHEDULING ORDER AND DISCOVERY PLAN** |

Pursuant to Rule 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam, the Court hereby adopts the following proposed Scheduling Order:

1.     **Nature of the Case**: Plaintiffs allege the following: The Plaintiffs were employed by the United States Navy approximately between the years 1966 to 1992. During their employment the Plaintiffs worked aboard Navy vessels transiting between the Philippines and Guam and in Navy shipyards in Hawaii and the Philippines. During their employment the Plaintiffs were regularly and closely exposed to asbestos and asbestos-containing products that the Defendants manufactured, sold and distributed for use on the vessels and in the shipyards where the Plaintiffs were employed. As a result of their exposure to these ultrahazardous

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910



-1-



products, the Plaintiffs unknowingly inhaled asbestos dust and asbestos fiber, as a result of which they each contracted malignant mesothelioma, cancer, and/or other asbestos-related diseases, which illnesses were not discovered until about 2005. Plaintiffs allege damages on the basis of (a) negligence; (b) strict liability; (c) warranty of merchantability; (d) market-share liability; (e) enterprise liability; (f) unfitness for intended use; and (g) negligent misrepresentation. The Plaintiffs also seek punitive damages. Defendants deny plaintiffs' allegations.

2.      **The posture of the case is as follows:**

(a)      **The following motions are on file**: Certain of the Defendants have filed Motions to Dismiss for Lack of Personal Jurisdiction and for Improper Venue. The date scheduled for these motions is January 17, 2006. Certain of the Defendants have also filed a Notice of Tag-Along Action. The Plaintiffs have filed a Preliminary Objection to Transfer of Case as Tag-Along Action.

(b)      **The following motions have been resolved**: None of the motions to dismiss have been resolved, as they will not be heard until January 17, 2006.

(c)      **The following discovery has been initiated**: No party has initiated discovery at this time.

3.      **Motions to Add Parties or Claims:** All motions to add parties and claims shall be filed on or before **December 22, 2006**.

4.      **Motions to Amend Pleadings:** All motions to amend pleadings shall be filed on or before **December 22, 2006**.

/ / /

5. **Status of Discovery:**

(a)   The times for disclosures under Rule 26(a) and 26(e) of the Federal Rules of Civil Procedure are modified as follows:

(1)   The "initial disclosures" described in subsections (A), (B), (C), and (D) of Fed. R. Civ. P. 26(a)(1) shall be made on or before **June 19, 2006.**

(2)   Initial Fed. R. Civ. P. 26(a)(2) disclosures of expert witnesses shall be made on or before **July 17, 2006.**   Rebuttal disclosures shall be made on or before **August 17, 2006.**

(3)   The "pretrial disclosures" described in Fed. R. Civ. P. 26(a)(3)(A), (B) and (C) shall be made at least thirty (30) days before the trial date or by **August 24, 2007.**

(b)   The following is a description of all pretrial discovery each party intends to initiate prior to the close of discovery:

Plaintiffs:  Interrogatories, Requests to Produce, Admissions and Depositions.

Defendants:  Interrogatories, Requests to Produce, Admissions and Depositions.

6.   The parties appeared before the District Court on **December 13, 2005, at 11 a.m.** for the Scheduling Conference.

7.   **Discovery Cut-Off Date**:  The discovery cut-off date (defined as the last day to file responses to discovery) is **March 29, 2007.**

8.   **Discovery Motions Cut-Off Date:**  All discovery motions shall be filed on or before **April 16 , 2007.**

-3-

9.      **Dispositive Motions.**  All dispositive motions shall be filed on or before **June 15, 2007**.

10.     **Settlement Prospects**:  Settlement prospects are unknown at this time.

11.     **Preliminary Pre-Trial Conference:**  The Preliminary Pre-Trial Conference shall be held on **September 4, 2007 at 10 a.m.**

12.     **Filing of Trial Documents:**  The parties' pretrial materials, discovery materials, witness lists, designations and exhibit lists as required by LR 16.7(d) shall be filed on or before **September 10, 2007**.  The deadlines for filing all other pretrial materials shall follow the deadlines established under the local rules.

13.     **Pre-Trial Order:**  The proposed Pre-Trial Order shall be filed on or before **September 10, 2007.**

14.     **Final Pre-Trial Conference:**  The Final Pre-Trial Conference shall be held on **September 17, 2007 at 10:00 a.m.**

15.     **Trial Date:**  The trial shall be held on **September 24, 2007 at 9:00 a.m.**

16.     **Jury:**  Plaintiffs have demanded trial by jury.

17.     **Length of Trial:**  It is presently anticipated that the trial will take 3-5 weeks.

18.     The names of counsel are as follows:

For Plaintiff:          **DAVID J. LUJAN, ESQ.
                        IGNACIO C. AGUIGUI, ESQ.
                        PETER C. PEREZ, ESQ.
                        LUJAN, AGUIGUI & PEREZ LLP**
                        300 Pacific News Building
                        238 Archbishop Flores Street
                        Hagåtña, Guam 96910
                        Telephone:    (671) 477-8064
                        Facsimile:    (671) 477-5297

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**BENJAMIN B. CASSIDAY III, ESQ.**
5699 Kalanianaole Highway
Honolulu, Hawaii 96821
Telephone:     (808) 220-3200
Facsimile:     (808) 373-7720

For Defendants:     **ANITA P. ARRIOLA, ESQ.**
**ARRIOLA COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Attorneys for Owens-Illinois, Inc.

**THOMAS C. STERLING, ESQ.**
**BLAIR STERLING & JOHNSON**
1008 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Attorneys for Metropolitan Life Insurance Company

**J. PATRICK MASON, ESQ.**
**CARLSMITH BALL LLP**
401 Bank of Hawaii Building
134 West Soledad Avenue
Hagåtña, Guam 96910
Attorneys for Georgia-Pacific Corporation, A. W.
Chesterton Company, and Kaiser Gypsum Company, Inc.

**LOUIE J. YANZA, ESQ.**
**MAHER, YANZA, FLYNN, TIMBLIN LLP**
115 Hesler Place
Hagåtña, Guam 96910
Attorneys for John Crane, Inc.

**JON A. VISOSKY, ESQ.**
**DOOLEY ROBERTS & FOWLER LLP**
201 Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Attorneys for Garlock, Inc., Viacom, Inc., Foster Wheeler
Corporation, Bayer CropScience, Inc., and The Dow
Chemical Company

19.     The parties do not wish to submit this case to a settlement conference.

-5-

20.    The parties present the following suggestions for shortening trial:   The parties may present written or videotaped depositions of witnesses in lieu of live testimony.

21.    The following issues will affect the status or management of the case:

"Notices of Tag Along Action" have been filed by some of the defendants.  On September 22, 2005, Plaintiffs filed their Notice of Preliminary Objection to Transfer of Case as Tag-Along Action.

The following other considerations will affect the timing and management of this case:

1.    Some of the percipient witnesses who will testify about the presence or use of the defendants' products may be located in the Philippines or in foreign countries and arrangements will need to be made concerning their depositions.

2.    All of the parties will probably hire experts.  Coordinating the exchange of expert witness reports and the depositions of these experts may be time-consuming.

3.    All of the parties have off-island counsel, which may result in some delay in arranging schedules for discovery, depositions, and presentation of evidence and witnesses at trial.

4.    Not all of the defendants named in plaintiffs' First Amended Complaint have been served.   If there are additional defendants who have not yet appeared in the action, this may delay the action by the filing of pre-answer motions.

Date:**DEC  2 2 2005**_____.

/S/ Joaquin V.E. Manibusan Jr.

**HONORABLE JOAQUIN V.E. MANIBUSAN JR.**
**MAGISTRATE JUDGE,**
**DISTRICT COURT OF GUAM**

**Approved as to form and content:**

**LUJAN, AGUIGUI & PEREZ LLP**

By: _____

**ARRIOLA COWAN & ARRIOLA**

By: _____
         ANITA P. ARRIOLA, ESQ.

**BLAIR STERLING & JOHNSON**

By: _____
         THOMAS C. STERLING, ESQ.

**CARLSMITH BALL LLP**

By: _____
         J. PATRICK MASON, ESQ.

**MAHER, YANZA, FLYNN, TIMBLIN LLP**

By: _____
         LOUIE J. YANZA, ESQ.

**DOOLEY ROBERTS & FOWLER LLP**

By: _____
         JON A. VISOSKY

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
visosky@guamlawoffice.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 9 2006

FILED
CLERK'S OFFICE

Attorneys for Defendants Garlock, Inc., Viacom, Inc.,
successor by merger to CBS Corporation, formerly known
as Westinghouse Electric Corporation, Foster Wheeler
Corporation, Bayer CropScience, Inc., as Successor-in-Interest
to Amchem Products, Inc., and The Dow Chemical Company

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRIST LITIGATION
## MDL-875:  IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
## PERTAINING TO CONDITIONAL TRANSFER ORDER 254
### A Case Arising in the United States District Court of Guam

| | | |
|---|---|---|
| Cess Navarro Olmo and<br>Ronnie Pascual Perreras, | ) | **MDL DOCKET NO. 875**<br>**CTO-254** |
| | ) | |
| Plaintiffs, | ) | **U.S. District Court of Guam** |
| | ) | **Civil Action No. 05-00025** |
| vs. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| A.P. Green Industries, Inc., A.P. Green Services,<br>Inc., A.W. Chesterton Company, Amchem<br>Products, Inc., Armstrong World Industries, Inc.,<br>Asbestos Claims Management Corporation,<br>Babcock & Wilcox Company, Combustion<br>Engineering, Inc., Dow Chemical Company,<br>Dresser Industries, Inc., Flexitallic, Inc., Flintkote<br>Company, Foster Wheeler Corp., GAF Corporation,<br>Garlock, Inc., Georgia-Pacific Corporation,<br>Harbison-Walker Refractories Co., Honeywell<br>International, Inc., John Crane, Inc., Kaiser Gypsum<br>Company, Inc., Metropolitan Life Insurance<br>Company, Owens Corning, Owens-Illinois, Inc.,<br>Pittsburg Corning Corporation, Quigley Company,<br>Inc., United States Gypsum Company, Viacom, Inc., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Cess Navarro Olmo, et al. v. A.P. Green Industries, Inc., et al.
MDL Docket No. 875; CTO-254
Certificate of Service

I, Jon A. Visosky, caused the Defendants Bayer CropScience, Inc. and The Dow Chemical Company's Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order 254 and the Declaration of Jon A. Visosky to be submitted for filing by delivering via DHL Courier Service to:

> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E., Room G-255, North Lobby
> Washington, D.C.  20002-8004

and via hand delivery on the following:

> Ignacio Aguigui, Esq.
> LUJAN AGUIGUI & PEREZ LLP
> 300 Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910
> Attorneys for Plaintiffs

> Anita P. Arriola, Esq.
> ARRIOLA, COWAN & ARRIOLA
> 259 Martyr Street
> Suite 201, C&A Professional Building
> Hagåtña, Guam 96910
> Attorneys for Owens-Illinois, Inc.

> Thomas C. Sterling, Esq.
> BLAIR, STERLING, JOHNSON, MOODY,
> MARTINEZ & LEON GUERRERO
> 1008 Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam 96910
> Attorneys for Metropolitan Life Insurance Company

///

///

///

2

<u>Cess Navarro Olmo, et al. v. A.P. Green Industries, Inc., et al.</u>
MDL Docket No. 875; CTO-254
Certificate of Service

        J. Patrick Mason, Esq.
        CARLSMITH BALL LLP
        Bank of Hawaii Bldg., Suite 401
        134 West Soledad Avenue
        P.O. Box BF
        Hagåtña, Guam  96932-5027
        Attorneys for Georgia-Pacific Corporation, A.W. Chesterton Company, and
        Kaiser Gypsum Company, Inc.

        Louie J. Yanza, Esq.
        MAHER · YANZA · FLYNN · TIMBLIN, LLP
        115 Hesler Place, Ground Floor
        Governor Joseph Flores Building
        Hagåtña, Guam  96910
        Attorneys for John Crane, Inc.

and via regular mail to all the parties listed on the attached Panel Service List with the exception of

the hand deliveries listed above.

      Dated February 7th, 2006.        DOOLEY ROBERTS & FOWLER LLP

                                    By:    _____

                                          **JON A. VISOSKY**
                                          Suite 201, Orlean Pacific Plaza
                                          865 South Marine Corps Drive
                                          Tamuning, Guam  96913
                                          Telephone No. (671) 646-1222
                                          Facsimile No. (671) 646-1223
                                          E-mail Address: Visosky@guamlawoffice.com

**PANEL SERVICE LIST (Excerpted from CTO-254)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Cess Navarro Olmo, et al., v. A.P. Green Industries, Inc., et al.,* D. Guam, C.A. No. 1:05-25

Anita Perez Arriola
Arriola, Cowan & Arriola
C and A Professional Building, Ste. 201
259 Martyr Street
Hagatna, Guam 96910

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Benjamin B. Cassiday, III
5699 Kalanianaole Highway
Honolulu, HI 96821

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore center
106 Isabella St.
Pittsburgh, PA 15212

David W. Dooley
Dooley, Roberts & Fowler LLP
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 400
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

J. Patrick Mason
Carlsmith Ball, LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
P.O. Box BF
Hagatna, Guam 96932-5027

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Aimee H. Oyasuto
White & Tom
820 Mililani Street, Suite 711
Honolulu, HI 96813

Peter C. Perez
Lujan Aguigui & Perez, LLP
300 Pacific News Building
238 Archbishop Flores Street
Hagatna, GU 96910

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Thomas C. Sterling
Blair, Sterling & Johnson, et al.
Pacific News Building
Suite 1008
238 Archbishop F.C. Flores Street
Hagatna, GU 96910-5205

Robert E. Swickle
Jacques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis
  Legal Clinic
Detroit, MI 48226

Stephen D. Tom
White & Tom
820 Mililani Street
Suite 711
Honolulu, HI 96813

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

PANEL SERVICE LIST (Excerpted from CTO-254) – MDL-875

Jon A. Visosky
Dooley Roberts & Fowler LLP
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam  96913

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Louie J. Yanza
Maher Yanza Flynn Timblin, LLP
115 Hesler Place
Ground Floor
Governor Joseph Flores Bldg.
Hagatna, GU 96910-5004