JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 3 2006

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT DENNY and SHARON DENNY,

Plaintiffs,

v.

GOULD PUMPS (IPG) INC., et al.,

Defendants.

CASE NO. C05-1876RSM

ORDER OF REMAND

MDL- 875

RECOMMENDED ACTION

Vacate C00-257 one action

## I. INTRODUCTION

Approved/Date: _____

This matter comes before the Court on plaintiff's Motion to Remand. (Dkt. #10). Plaintiff argues that defendant, Elliott Company's ("Elliott"), notice of removal violated 28 U.S.C. §1446(b) because it was filed after the thirty-day deadline.[1]  Plaintiff also argues that the November 2, 2005 email exchange did not qualify as "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b). (Dkt. #10 at 4-5). Plaintiff further asserts that defendant does not meet the federal officer removal provisions contained in 28 U.S.C. §1442(a)(1). Specifically, plaintiff argues that defendant has failed to show they are a person acting under a federal officer. (Dkt. #10 at 6-12).

---

[1] The Court notes that Elliott is the only defendant that opposed the instant motion. Accordingly, the Court presumes that remaining defendants do not oppose remand.

ORDER
Page – 1

**OFFICIAL FILE COPY**

IMAGED FEB 1 3 2006

Defendant argues that its notice of removal was not late because it met the definition of "other paper" under 28 U.S.C. §1446(b). Specifically, defendant asserts that the complaint and style interrogatory answers did not put defendant on notice that the matter was subject to removal under the federal officer exception. (Dkt. #14 at 2-4). Defendant further argues that it meets the statutory requirements for a removable action under 28 U.S.C. §1442(a)(1) because defendant qualifies as a government contractor who acted under the direction of a federal agency or officer. (Dkt. #14 at 4-11).

For the reasons set forth below, the Court disagrees with defendant and GRANTS plaintiff's Motion to Remand.

## II. DISCUSSION

### A. Background

On July 1, 2005, plaintiff Robert Denny filed this lawsuit in King County Superior Court alleging that he was exposed to asbestos and asbestos-containing products that had been mined, manufactured, sold, supplied, marketed, installed or removed, produced, and/or placed into the stream of commerce by the defendants. In May 2005, plaintiff had been diagnosed with asbestosis. Plaintiff alleges the illness was a direct and proximate cause of his exposure to asbestos. (Dkt. #2, Ex. 1).

Plaintiff alleges that he was first exposed to asbestos while working as a machinist at Boeing Plant 2, Seattle from 1966-1968. He was again exposed while working at several shipyards in Seattle including Todd Shipyard, Lockheed Shipyard, Lake Union Shipyard, Seattle and Foss Shipyard from 1969-1973. From 1973-1998, plaintiff worked exclusively at Todd Shipyard as a machinist. (Dkt. #2, Ex. 1).

On July 11, 2005, plaintiff served defendant with a Summons and Complaint for Personal Injuries. (Dkt. #11, Ex. 2).

On July 15, 2005, plaintiff served defendant with style interrogatory responses. (Dkt.

ORDER
Page – 2

#11-4). Pursuant to a scheduling order issued as part of King County's ACR process, plaintiff must answer standard interrogatories as a routine part of any asbestos lawsuit, without first being served with the discovery by the defendants. In answer to style interrogatory number 11, plaintiff provided information regarding his work history identical to the information provided in his complaint. (Dkt. #11, Ex. 1 at 13).

Defendant did not file a notice of removal within thirty days of receiving either the complaint or the answer to the style interrogatories.

Instead, on October 28, 2005, defendant's counsel, Melissa Habeck, emailed plaintiff's counsel, Glenn Draper. The full text of her email was as follows: "What site you [sic] alleging exposure to Elliott products?" Mr. Draper responded by email on November 2, 2005. The full text of his email consisted of the following: "Mr. Denny encountered Elliott turbines while working at the Todd Shipyard, Lockheed Shipyard, and other shipyards." (Dkt. #10 at 3).

On November 11, 2005, defendant filed and served its Notice of Removal to this Court, alleging jurisdiction based on the federal officer removal provisions contained in 28 U.S.C. §1442(a)(1). (Dkt. #14). As part of its removal notice, defendant attached the email exchange claiming it as "other paper" cited in 28 U.S.C. §1446(b), thereby entitling it to file its notice of removal later than thirty days after receipt of the complaint and interrogatory responses. (Dkt. #14 at 2).

This Motion to Remand followed. (Dkt. #10).

**B. Removal Jurisdiction**

Under the well-pleaded complaint rule, a federal court has jurisdiction only when a federal question appears on the face of the complaint. <u>Caterpillar, Inc. v. Williams,</u> 482 U.S. 386, 392 (1987). A case may not be removed to federal court on the basis of federal law asserted as a defense. <u>Louisville & Nashville R.R. v. Mottley,</u> 211 U.S. 149 (1908). However, 28 U.S.C. §1442(a), also referred to as the Federal Officer Removal Statute, provides an

ORDER
Page – 3

exception to the well-pleaded complaint rule which would otherwise preclude removal even if a federal defense were alleged. Mesa v. California, 489 U.S. 121, 136 (1989).

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### C. "Other Paper" and Notice

Removal jurisdiction is guided by statute. The relevant statute here is 28 U.S.C. §1446(b), which states that

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. §1446(b).

The statute provides two thirty-day windows during which a case may be removed: (1) during the first thirty days after the defendant receives the initial pleading; or (2) during the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." Harris v. Bankers Life & Casualty Co., 425 F. 3d 689, 692 (9th Cir. 2005).

In the instant case, the parties differ on whether the November 2, 2005 email between counsel for both parties constitutes the paper from which it may first ascertain the case is removable.

ORDER
Page – 4

Defendant claims it could not determine which location gave rise to its alleged liability from the complaint, and it was only when it received the later email that it was able to determine that the site at issue was one where the defendant provided equipment as a contractor for the United States government. Plaintiff argues the email contained no new information giving rise to a federal defense that was not already contained in both the complaint and answers to the style interrogatories. Therefore, plaintiff argues the email is not "other paper" from which it may first be ascertained that there is a basis for removal. The Court agrees with plaintiff.

Both locations of asbestos exposure – Todd and Lockheed – were conveyed to the defendant not once, but twice. Identical language is contained in plaintiff's answers to style interrogatories, which were served on defendant on July 15, 2005. Plaintiff made no claims to have worked on naval vessels in his complaint or interrogatory answers. Defendant came to its own conclusion that work at Todd or Lockheed was necessarily work on naval vessels thereby creating the alleged federal officer removal jurisdiction. This conclusion could just as easily have been made from the face of plaintiff's complaint as it was from the email which related the same information. Accordingly, the Court finds that defendant had in its possession, no later than July 15, 2005, all of the information necessary for it to conclude and allege its basis for removal.

The only difference noted in the email was that plaintiff worked on turbines at Todd and Lockheed. Although defendant claims these turbines were made for the navy, defendant provides no supporting documentation. The only documentation which comes remotely close to supporting defendant's assertion that they build products for the navy at those sites is dated fifteen years prior to the date plaintiff first began working at the shipyard.

Accordingly, because the November 2, 2005 email was not paper from which it could first be ascertained that the issue is removable, the thirty-day time period began running on July 11, 2005 when defendant received plaintiff's complaint. Because the sites identified in the

ORDER
Page – 5

answers to the style interrogatory were identical to the sites identified in the complaint, the Court starts the thirty-day deadline beginning with the complaint. Therefore, defendant's filing of Notice of Removal on November 11, 2005 was late.

### D. Federal Officer Removal Statute

Even if defendant's notice of removal had been timely, it fails to demonstrate the federal officer exclusion. The Federal Officer Removal Statute states

> (a) A civil action or criminal prosecution commenced in a state court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. §1442(a)(1). To prevail, a defendant in a state civil or criminal court must (1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office. Mesa v. California, 489 U.S. 121, 131-32 (1989).

In order to demonstrate that it was acting under a federal officer and meet the first element of the Federal Officer Removal Statute, defendant must establish a nexus between the actions of the federal officers and the actions for which the defendant is being sued. Fung v. Abex Corporation, 816 F. Supp. 569, 572 (N.D.Cal.1992). A majority of courts have held that the federal official must have "direct and detailed control" over the defendant. Ryan v. Dow Chemical Co., 781 F. Supp. 934, 947 (E.D.N.Y.1992). The critical analysis is to what extent defendants acted under federal direction at the time they were engaged in conduct now being sued upon. Hughes Aircraft Company v. General Dynamics Corporation, 795 F. Supp. 965, 969 (D.Ariz. 1992) citing Gurda Farms, Inc. V. Monroe County Legal Assistance Corp., 358 F.

ORDER
Page – 6

Supp. 841, 844 (S.D.N.Y.1973). Federal courts have made clear that the defendant must act under the direction of a federal officer at the time of plaintiff's employment.

Defendant alleges it performs naval work at Todd and Lockheed. However, defendant has not provided the court with a copy of any contract with the navy, much less any sort of documentation that it or plaintiff worked with navy products during the time period plaintiff was employed at the shipyards. Defendant states it provided "naval equipment" but does not state which products were involved at any location for the relevant time period of 1969-1998.

What defendant does provide by way of naval specifications lends no support to a claim of jurisdiction in this case, with these facts, arising from this plaintiff's work at shipyards in Washington after 1969. The most recent document defendant provides in support of removal is dated fifteen years prior to the date plaintiff first began work at the shipyard.

In summary, defendant has provided no proof it was acting under a federal officer at the time it was engaged in conduct now being sued upon. Because defendant has provided no such proof, it fails to meet the first element of the Federal Officer Removal Statute, and remand is appropriate.

### III. CONCLUSION

Having reviewed plaintiff's motion to remand (Dkt. #10), defendant's opposition (Dkt. #14), plaintiff's reply (Dkt. #16), the declarations in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) The Court GRANTS plaintiff's Motion to Remand (Dkt. #10), and this case is hereby REMANDED to the King County Superior Court.

(2) The Court finds that plaintiff is entitled to an award of expenses incurred in opposing the improper removal. *See* 28 U.S.C. §1447(c). Plaintiff's petition for costs and fees shall be presented to the state court for approval.

(3) The Clerk SHALL close this file and send a certified copy of this Order to the Clerk

ORDER
Page – 7

1  of Court for King County Superior Court.  The Clerk shall also send uncertified copies of this

2  Order to all counsel of record.

3      DATED this 18th day of January, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
Page – 8