**MDL ┌ 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2006

FILED
CLERK'S OFFICE

# BEFORE THE UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### MDL-875 – IN RE ASBESTOS PRODUCTS
### LIABILITY LITIGATION (NO. VI)

---

## MOTION AND BRIEF TO VACATE
## THE CONDITIONAL TRANSFER ORDER

---

PLEADING NO. 4720

COMES NOW, the Plaintiffs, by and through counsel, and file this their Motion and Brief to Vacate the Conditional Transfer Order, and in support thereof states the following:

1.      These cases were properly filed in the Circuit Court of Pike County, Mississippi with valid Mississippi Corporations being named in the Complaint. The Defendants involved in these cases improperly removed them to Federal Court. There is not complete diversity between the parties, and no federal question exists that gives rise to Federal Court Jurisdiction. The cases subject to the Conditional Transfer Order are attached as Exhibit "A".

2.      Each individual Plaintiff has filed a Motion to Remand to the Circuit Court of Pike County, Mississippi, of which a representative copy is attached hereto as Exhibit "B". Each Motion to Remand for each Plaintiff was identical except for the named Plaintiff and Civil Action Number.

3.      Each individual Plaintiff has filed a Reply to Defendant's Opposition to Motion to Remand of which a representative copy is attached hereto as Exhibit "C". Each Reply to Defendant's Opposition to Motion to Remand was identical except for the named Plaintiff and Civil Action Number.

4.      The Plaintiffs are entitled to have their Motions to Remand granted and in turn have the cases remanded to the Circuit Court of Pike County, Mississippi. The Plaintiffs respectfully submit that the United States District Court for the Southern District of Mississippi, Southern

IMAGED FEB 1 7 2006          OFFICIAL FILE COPY

Division is the proper and most efficient forum in which to have these motions heard and ruled upon.

     5.     The Plaintiffs adopt and incorporate Exhibits "B" and "C" as their briefs in support of their Motion to Vacate the Conditional Transfer Order. As can be seen from these two Exhibits, the Defendants improperly removed these cases from State Court over three years from the time of their initial filing. Therefore, the Plaintiffs respectfully submit that these cases are not even properly in the federal judiciary system to begin with, and no further action should be taken by the federal judiciary system except to grant Plaintiffs' Motions to Remand.

     WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that the Conditional Transfer Order be vacated and that the Motions to Remand and Replies to Defense's Opposition to Motion to Remand be heard in the United States District Court for the Southern District of Mississippi Southern Division.

     DATED this the 14th day of February, 2006.

Respectfully submitted,

By: _____

John T. Givens
Attorney for Plaintiffs

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366

William S. Guy, MSB No. 5083
LAW OFFICES OF WILLIAM S. GUY
Post Office Box 509
909 Delaware Avenue
McComb, Mississippi  39649-0509
Telephone:  (601) 684-2793
Facsimile:   (601) 249-2507

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, John T. Givens,  attorney for the Plaintiffs, do hereby certify that I have this day mailed,
by United States mail, postage prepaid, a true and correct copy of the above and foregoing
PLAINTIFFS', MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER to all
counsel listed on the Attached Service List entitled Exhibit "D".

This the 14th day of February, 2006.

_____
JOHN  T. GIVENS

RECEIVED
CLERK'S OFFICE
2006 FEB 16  A 10: 52
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK'S OFFICE

## SCHEDULE OF ACTIONS (Excerpted from CTO-256)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

<u>Southern District of Mississippi</u>

*Robert L. Allen, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-505 (Judge Walter J. Gex III)
*Arnold E. Barkdull v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-506 (Judge Walter J. Gex III)
*Robert C. Bowers v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-507 (Judge Walter J. Gex III)
*Marvin E. Boyd v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-508 (Judge Walter J. Gex III)
*Donald Brent v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-509 (Judge Walter J. Gex III)
*Claude E. Brister v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-510 (Judge Walter J. Gex III)
*C.W. Brown v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-511 (Judge Walter J. Gex III)
*Decatur B. Byrd, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-512 (Judge Walter J. Gex III)
*Paul Carroll v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-513 (Judge Walter J. Gex III)
*Billy J. Case, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-514 (Judge Walter J. Gex III)
*Carl N. Chance v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-515 (Judge Walter J. Gex III)
*Sam Curry v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-516 (Judge Walter J. Gex III)
*Marion Davis v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-517 (Judge Walter J. Gex III)
*Jimmy T. Dickerson v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-518 (Judge Walter J. Gex III)
*Waldo M. Dixon, Jr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-519 (Judge Walter J. Gex III)
*J.P. Doss v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-520 (Judge Walter J. Gex III)
*Jesse W. Dulaney v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-521 (Judge Walter J. Gex III)
*Wilkie R. Dunaway, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-522 (Judge Walter J. Gex III)
*Marion C. Elledge v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-523 (Judge Walter J. Gex III)
*Samuel F. Farmer, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-524 (Judge Walter J. Gex III)
*Alvin Fitztgerald, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-525 (Judge Walter J. Gex III)
*Carroll S. Greer v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-526 (Judge Walter J. Gex III)
*David Hill, Jr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-527 (Judge Walter J. Gex III)
*Charles L. Holley v. Owens-Illinois, Inc.,* et al., C.A. No. 1:05-528 (Judge Walter J. Gex III)
*Osborne Jones v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-529 (Judge Walter J. Gex III)
*Jack H. Jordan v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-530 (Judge Walter J. Gex III)
*Charles W. Lewis, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-531 (Judge Walter J. Gex III)
*Frank Magruder, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-532 (Judge Walter J. Gex III)
*John E. Netherland, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-533 (Judge Walter J. Gex III)
*John E. Newman, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-534 (Judge Walter J. Gex III)
*Robert E. Parker v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-535 (Judge Walter J. Gex III)
*John W. Price, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-536 (Judge Walter J. Gex III)
*Buford E. Reeves v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-537 (Judge Walter J. Gex III)
*Sidney L. Scarborough v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-538 (Judge Walter J. Gex III)
*Dayton D. Smith, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-539 (Judge Walter J. Gex III)
*Samuel E. Smith, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-540 (Judge Walter J. Gex III)
*Curtis M. Standberry, Sr., etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-541 (Judge Walter J. Gex III)
*William R. Thornton, Sr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-542 (Judge Walter J. Gex III)
*D.S. Turner v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-543 (Judge Walter J. Gex III)
*James Vance v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-544 (Judge Walter J. Gex III)
*Floyd Westbrook v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-545 (Judge Walter J. Gex III)
*W. I. Westbrook v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-546 (Judge Walter J. Gex III)
*Grover E. White, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-547 (Judge Walter J. Gex III)
*C.L. Womack v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-548 (Judge Walter J. Gex III)
*Willie Young, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-549 (Judge Walter J. Gex III)



EXHIBIT

A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

ARNOLD E. BARKDULL                            **PLAINTIFF**

VS.                         **CIVIL ACTION NO. 1:05CV506WJG**

OWENS-ILLINOIS, INC., ET AL.                **DEFENDANTS**

---

## MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and move to remand this case to the Circuit Court of Pike County, Mississippi pursuant to 28 U.S.C. § 1447 (c), and would show unto the Court that the cases should be remanded for the following reasons:

**(A)**     **The Notice of Removal was not timely pursuant to 28 U.S.C. § 1446 (b).**

      1.     The Notice of Removal was not filed within thirty days of the second amended complaint which was filed on or about May 15, 2002.[1]

      2.     The Notice of Removal was filed outside the one year maximum for removal of cases. In fact it was filed more than three years after the original complaint was filed more than three years after the second amended complaint was filed.[2]

      3.     The Notice of Removal does not qualify for an equitable exception nor the "revived" exception to 28 U.S.C. § 1446.[3]

---

[1]See *Infra* Paragraphs 1, 6.

[2]See *Infra* Paragraph 6.

[3]See *Infra* Paragraphs 7, 8.



EXHIBIT

*B*

**(B)**     **There is no complete diversity between the Plaintiff and Defendants**

     1.     The Plaintiff has sued valid Mississippi Corporations.[4]

     2.     The Mississippi Corporations were not fraudulently joined.[5]

     3.     The same Defendants have been named in the complaint since it was originally filed in January 2002 without objection until now.  The Defendants do not get two bites at the apple, since this issue was not raised in 2002 the Defendants are now estopped from raising it now.[6]

**(C)**     **All of the named served Defendants have not joined in the removal which 28 U.S.C. § 1446 (a) has been interpreted to require.  Namely Belmont Packing and E.K. Strahan, a/k/a Dickerson Thermal Solutions have not consented to the removal.[7]**

     1.     This case was originally filed on or about January 17, 2002 in the Circuit Court of Jefferson County, Mississippi.  The Complaint was subsequently amended to add Otto Edward Melsa as a Plaintiff and was filed on or about March 4, 2002.  The Complaint was amended for a second time to add numerous more Plaintiffs and was filed on or about May 15, 2002.  The Defendants failed to file a Notice of Removal within thirty days of the last amended complaint filed on May 15, 2002.

     2.     As a result of various orders of the Jefferson County Circuit Court, the Plaintiffs

---

[4]See *Infra* Paragraphs 9, 10, 11, 12

[5]See *Infra* Paragraphs 13, 14, 15, 16, 17, 18

[6]See *Infra* Paragraph 19

[7]See *Infra* Paragraph 20

2

were forced to sever their claims, and each Plaintiff was required to file an Amended Complaint

in compliance with *Harold's Auto Parts v. Mangialardi,* 889 So.2d 493 (Miss. 2004).  This case

was re-filed on November 4, 2005 as a third amended complaint with the original Plaintiff and

the same Defendants minus various Defendants that were dismissed.

     3.     Plaintiff filed his Amended Complaint on or about November 4, 2005 in the

Circuit Court of Pike County, Mississippi.  Defendant, Owens-Illinois, Inc., filed its Notice of

Removal on November 16, 2005.  All of the other named Defendants joined and consented to

Owens-Illinois's removal except for Belmont Packing and E.K. Strahan.

     4.     Plaintiff has suffered injuries caused by exposure to asbestos-containing products

designed, manufactured, sold, and/or distributed by the Defendants.

     5.     Defendants named in the Amended Complaint of this action engaged in the

design, manufacturing, distribution, and/or sale of asbestos-containing products.

     6.     The Notice of Removal was not timely filed.  28 U.S.C. § 1446 (b) states in

relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may
> be filed within thirty days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading . . . from which it may first be
> ascertained that the case is one which is or has become removable, **except that a
> case may not be removed on the basis of jurisdiction conferred by section
> 1332 of this title more than 1 year after commencement of the action.**

Emphasis added.  This removal is based solely on diversity pursuant to 28 U.S.C. § 1332.  The

third amended complaint of the Plaintiff is a derivative of the original action filed on January 17,

2002.  The Defendants did not file a notice of removal within thirty days as to any of the first

three complaints.  The only Notice of Removal filed is the current one which was filed over three

years since the second amended complaint was filed on May 15, 2002. As such, more than a year

has elapsed since the commencement of the action, and therefore, removal based on section 1332

is barred, even if the first complaint was not removable.

      7.    The Defendants rely on a Fifth Circuit Case to state that the running of said time

period was tolled pursuant to the equitable exception to 28 U.S.C. § 1446 (b). *Tedford v.*

*Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2000). The Defendants have badly misinterpreted

*Tedford,* and the equitable exception does not apply to these facts. The Fifth Circuit in *Tedford*

held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining

federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity

may require that the one-year limit in § 1446 (b) be extended." 327 F.3d at 428-29. The

Plaintiff in *Tedford* could not state a valid claim against the sole non-diverse defendant, and

therefore, only hours after learning of the Defendant's intent to remove, the Plaintiff amended her

complaint to add her own physician. *Id.* at 427. The Plaintiff in *Tedford* then signed a Notice of

Nonsuit of her physician and post-dated the Notice prior to the expiration of the one-year period.

*Id.* The Notice of Nonsuit was not filed and Warner-Lambert was not notified of the Notice until

after the expiration of the one-year period from the initial filing of the complaint. *Id.* at 427-28.

In addition the Defendants in *Tedford* were actively trying to remove the case from the

beginning. *Id.* at 428. The Plaintiff here has attempted no manipulation of the statutory rules for

determining federal removal jurisdiction. The non-diverse Defendants in the present case have

been involved since the initial complaint was filed on January 17, 2002. A valid claim has and

continues to be stated against the non-diverse Defendantss in the present case. *See Supra.* Also,

the Defendants here have not actively been seeking removal since the complaint was initially

4

filed. Instead they waited over three years after the complaint was initially filed to first seek removal. Therefore, this case is easily distinguishable from *Tedford* and the equitable exception to § 1446 (b) should not apply to this Complaint.

8.      While the Defendants did not allege this in their Notice of Removal, the Plaintiff anticipates that the Defendants may try to argue that their right to remove was "revived" upon the filing of the Third Amended Complaint. The right to remove is "revived" only "where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir. 1982); quoting *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886). The third amended complaint is for all practical purposes the same cause of action as the original complaint minus the multiple plaintiffs and some Defendantss. Therefore, a substantially new suit has not been begun and the revival exception does not apply to this removal.

9.      The Defendants state that joinder of Belmont Packing and E.K. Strahan, Inc. to the action is fraudulent and improper. The Defendants state that the entities are dissolved and no longer exist. While it is true Belmont Packing is a dissolved corporation, E.K. Strahan is still a viable corporation, albeit under a different name. Belmont Packing was dissolved in 1989. Mississippi Code Annotated Section 79-1-17 allows for dissolution of a corporation and states in relevant part "[D]ebts due to and from the corporation shall not be extinguished by its dissolution, but debts due from the corporation shall be a charge upon its property." Another relevant statute is Mississippi Code Annotated Section 79-4-14.05 which state the effects of dissolution and in relevant part reads:

(b) Dissolution of a corporation does not:
. . .
(5) Prevent commencement of a proceeding by or against the corporation in its corporate name.

10.     The Mississippi Supreme Court has addressed this issue several times. Interpreting the predecessor to Miss. Code Ann. § 79-1-17, the supreme court stated the term "debts" included tort demands and contract demands, and that tort actions are preserved unimpaired upon dissolution of a corporation. *Bates v. Miss. Industrial Gas Co.,* 173 Miss. 361, 161 So. 133, 134 (Miss. 1935).  More recently the supreme court found that although a corporation had been administratively dissolved prior to the filing of an action, "the corporation was nevertheless amenable to suit under authority of Section 79-4-14.05 of the Mississippi Code." *Schustz v. Buccaneer, Inc.,* 850 So. 2d 209, 212 (¶8) (Miss. 2003).  Citing Miss. Code Ann. § 79-4-14.05 (b)(5) (Rev. 2001).  Therefore, Belmont Packing is capable of being sued in tort regardless of being dissolved.

11.     E.K. Strahan, Inc. is not a dissolved corporation.  E.K. Strahan, Inc.'s name was formally changed to Dickerson Thermal Solutions, Inc. on or about November 8, 2002, which became effective January 1, 2003.  At the time the original Complaint was filed in January of 2002, E.K. Strahan, Inc. was the name of this viable corporation, and the subsequent change to Dickerson Thermal Solutions, Inc. has no bearing upon the rights of the Plaintiff to hold E.K. Strahan, Inc., now known as Dickerson Thermal Solutions, liable in tort for damages suffered.

12.     Since both of these Mississippi Corporations are capable of being sued and in fact have been sued, diversity of citizenship does not exist and removal to federal court is therefore improper.

6

13.     The Defendants claim that the citizenship of Belmont Packing and E.K. Strahan does not defeat this Court's jurisdiction since the Plaintiff's joinder thereof to this action is fraudulent and improper. "The test for fraudulent joinder is whether the venue-fixing defendant is a party against whom liability could exist." *Stubbs v. Miss. Farm Bureau Cas. Ins. Co.,* 825 So. 2d 8, 13 (¶21) (Miss. 2002); *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003). The burden required to prove fraudulent joinder is a heavy one. *Harrison v. Chandler-Sampson Ins., Inc.,* 891 So.2d 224, 230 (¶17) (Miss. 2005); citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Harrison,* 891 So. 2d at 230 (¶17); citing *Cavallini,* 44 F.3d at 259.

14.     The Defendants claim that the "allegations of the complaint are devoid of facts, conclusory, and completely insufficient to state a colorable cause of action under substantive Mississippi law as set forth in *Harold's Auto Parts, Inc. v. Mangialardi,* 889 So. 2d 493 (Miss. 2004)." Defendants' Notice of Removal P. 3. That case is easily distinguishable. *Mangialardi* involved 264 plaintiffs against 137 named defendants and only stated that the plaintiffs were exposed to asbestos products. 889 So. 2d at 494. The complaint there did not state "which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time." *Id.* In contrast, this case involves one Plaintiff against nine named Defendants. The present Complaint also stated which products the various Defendants were responsible for manufacturing or distributing. The present Complaint also states with particularity where the Plaintiff worked and for what dates. Therefore, the Defendants's reliance

7

on *Mangialardi* is misplaced since this complaint was filed to be in compliance with *Mangialardi*.

15.     The Defendants also rely on *Randle v. Smithkline Beecham Corp.*, 338 F. Supp.2d 704, 708 (S.D. Miss. 2004) to state that as against non-diverse defendants allegations need to be factual, and not conclusory because the latter allegations do not state a claim.  This case is also readily distinguishable since the non-diverse named defendants in *Randle* submitted affidavits that they never worked for or were employed by Smithkline Beecham f/k/a Glaxo Wellcome and therefore never sold or marketed the drug Lotronex.  *Randle,* 338 F.Supp.2d at 708.  In *Randle*, the Plaintiffs only contradicted these affidavits with conclusory statements in their Complaint and Motion to Remand.  *Id.*  Here the Defendants have put forth no evidence that the non-diverse Defendants did not manufacture, sell, and/or distribute asbestos containing products.  The Defendants' allegations themselves are mere conclusory, and in one instance involving E.K. Strahan simply untrue, and are not supported by any facts.  Therefore, they have not met their heavy burden of proving the non-diverse Defendants were fraudulently joined for purposes of diversity jurisdiction.

16.     In addition, the Mississippi and Federal Rules of Civil Procedure require only that the Complaint make a "short and plaint statement of the claim showing that the pleader is entitled to relief," see Miss. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(a)(2).  The Plaintiff is not required to set forth detailed allegations against the local defendants.  The Defendants could have submitted proof that the Mississippi Defendants have no potential legal liability in this case, but the Defendants have failed to do so.  The Defendants rest their argument on the fact that the two Mississippi Defendants are dissolved and therefore no liability could exist.  As stated *Supra*, this

8

is not the law in Mississippi. A dissolved corporation can still be held liable in tort actions, and in addition, E.K. Strahan is not a dissolved corporation but merely has gone through a change of name.

17.     The non-diverse Defendants were not fraudulently joined, and the Plaintiff has a possibility of recovering against the non-diverse Defendants as sellers, distributors, and/or manufacturers of asbestos-containing products pursuant to Miss. Code. Ann. § 11-1-63.

18.     This Court lacks subject matter jurisdiction in that the in-state Defendants cannot be regarded as fraudulently joined because Mississippi's Product Liability Statute, Miss. Code Ann. §11-1-63, contemplates and imposes liability on sellers, suppliers, and retailers of defective products. *Thomas v. R.J. Reynolds Tobacco Company*, 11 F.Supp.2d 850, 851-53 (S.D. Miss. 1998) (finding that there is at least a possibility of recovery against sellers under the statute).

19.     In addition, the two Defendants that are complained of now have been named in the complaint since it was originally filed in January 2002. The Defendants have failed to object to the inclusion of the non-diverse Defendants until now. Since this issue was not raised in 2002, the Defendants have waived the issue and are estopped from raising the issue at this point in the proceedings.

20.     All of the named, served Defendants have not joined in the removal of this action. 28 U.S.C. § 1446 (a) has been interpreted to require that all properly joined and served defendants consent and join in the removal petition. *Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n. 3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326 (5th Cir. 1970). Belmont Packing nor E.K. Strahan have joined in the removal petition. Therefore the Notice of Removal is procedurally deficient

9

and the Plaintiff is entitled to remand

21.    Defendants' removal is simply a delay tactic to avoid trial and is the continued use of the federal courts as a mass dumping ground. Defendants's assertion is not timely, is groundless, and merely seeks to delay this proceeding. Belmont Packing and E.K. Strahan were not fraudulently joined. To the contrary, they are indispensable parties against whom the Plaintiff has more than a mere possibility of recovery.

22.    Plaintiffs respectfully request that the Court allow Plaintiffs to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447(c). The Plaintiff requests leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case. This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum. Costs should be awarded to the Plaintiff as the inability to legitimately apply the removal statute to this case was obvious. Even the Notice of Removal, within its four corners, indicates a possibility of recover against the in-state sellers. In addition, the Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, for sanctions against Defendants because the Notice of Removal is frivolous and totally without merit. In support of this Motion, the Plaintiff relies on the pleadings and this motion to remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Pike County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 14th day of December, 2005.

10

Respectfully submitted,


By:  /s/ John T.Givens
     John T. Givens
     Attorney for Plaintiffs


Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366

William S. Guy, MSB No. 5083
LAW OFFICES OF WILLIAM S. GUY
Post Office Box 509
909 Delaware Avenue
McComb, Mississippi  39649-0509
Telephone:  (601) 684-2793
Facsimile:   (601) 249-2507

11

## **CERTIFICATE OF SERVICE**

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **Motion to Remand** to all counsel of record.

This, the 14th day of December, 2005.

                                      /s/ John T. Givens

                              JOHN T. GIVENS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ARNOLD E. BARKDULL**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 1:05CV506WJG**

**OWENS-ILLINOIS, INC., ET AL.**                         **DEFENDANTS**

---

## PLAINTIFF'S REBUTTAL TO DEFENDANTS'
## OPPOSITION TO MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and files this his Rebuttal to

Defendant's Opposition to Motion to Remand, and in support thereof states the following:

### I. THE NOTICE OF REMOVAL WAS NOT TIMELY PURSUANT TO 28 U.S.C. § 1446 (B).

No matter how the Defendants wish to slice it, the Notice of Removal was not timely

pursuant to 28 U.S.C. § 1446 (b) which states:

> If the case stated by the initial pleading is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise,
> of a copy of an amended pleading . . . from which it may first be ascertained that the
> case is one which is or has become removable, **except that a case may not be
> removed on the basis of jurisdiction conferred by section 1332 of this title more
> than 1 year after commencement of the action**.

(emphasis added). If a party is seeking removal based on diversity of citizenship there are two time

restrictions that must be complied with under § 1446 (b). The case must be removed within thirty

days of receipt of the initial pleading or amended pleading, or the case must be removed within one

year after the action is commenced. 28 U.S.C. § 1446 (b). According to Rule 3 of the Mississippi

Rules of Civil Procedure, an action in Mississippi commences upon the filing of a complaint. The



**EXHIBIT**

C

second amended complaint was filed on May 15, 2002. This is the complaint from which this action was ordered to be severed. Therefore, the relevant date for removal is May 15, 2002, over three years from the filing of the Defendants' Notice of Removal. The Third Amended Complaint is nothing more than a continuation of the initial complaint, and is not a new suit begun on that day of filing.

The question that is rightfully before this Court is whether a removal is timely based on an amended complaint and the relation back doctrine pursuant to Rule 15 of the Mississippi and Federal Rules of Civil Procedure. The timeliness of removal is nothing more than "an exercise in statutory interpretation." *Sledz v. Flintkote Company,* 209 F.Supp.2d 559, 562 (D. Md. 2002). *Sledz* is a case directly on point. In *Sledz,* a plaintiff who suffered from mesothelioma filed an initial complaint on March 28, 2001 against 24 defendants that included non-diverse defendants. 209 F.Supp.2d at 560. Flintkote was not added into the action until about ten months later. *Id.* A Seventh Amended Complaint was filed on April 24, 2002 against 35 defendants after Plaintiff had added and dismissed various defendants. *Id.* Flintkote then filed its notice of removal on June 17, 2002 more than a year after the action had been commenced. *Id.* In the present action, the Plaintiff had filed suit initially on or about May 15, 2002 against numerous defendants. The initial action was ordered to be severed and through a Third Amended Complaint dismissing various defendants the Plaintiff filed this action on November 4, 2005, which was a continuation of the initial action. The November filing date is not of importance for timeliness of removal though, because removal relates back to when the action was commenced which was in 2002. As in *Sledz,* where removal was tried about a year and three months after the action was commenced, the Defendants here have tried removal more than three years after the Plaintiff commenced his action. This is not allowed by § 1446 (b) as will be discussed

2

*Infra.*

The District Court of Maryland relied on *Sasser v. Ford Motor Co.,* 126 F.Supp.2d 1333 (M.D. Ala. 2001) to resolve the issue similar to these facts. *Sledz,* 209 F.Supp.2d at 563. In *Sasser,* the plaintiff filed suit against non-diverse defendants on July 31, 1998, and on October 12, 1999, the plaintiff filed an amended complaint adding Ford, a diverse defendant. 126 F. Supp.2d at 1334. In March of 2000, the claims against the non-diverse defendants were dismissed and Ford filed a notice of removal. *Id.* at 1335. In finding that Ford failed to satisfy the one-year requirement of § 1446 (b), the court reasoned that commencement of the action occurred at the time of the filing of the initial complaint because removal statutes are to be narrowly and strictly construed and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1336; quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994); *See* also *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992). The Court in *Sasser* took note that Congress chose not to make § 1446 (b) party or claim specific. *Id.* "Section 1446 (b) does not contain a provision allowing for a new party or claim to reset the one-year time period." *Hill v. Ascent Assurance, Inc.,* 205 F.Supp.2d 606, 613 (N.D. Miss. 2002). The District Court of Maryland also rejected Flintkote's claims of the plaintiff's jurisdictional manipulation since the record did not support it. *Sledz,* 209 F.Supp.2d at 563-64. The same can be said here because the Plaintiffs originally filed this action in compliance with Mississippi law. The severance of Plaintiffs has no effect on original filing date.

The Northern District of Mississippi has held that "the statutory language is unambiguous in providing that no diversity case may be removed more than one year after commencement of the lawsuit." *Hill,* 205 F.Supp.2d at 614; quoting *Jenkins v. Sandoz Pharmaceuticals Corp.,* 965

3

F.Supp. 861, 869 (N.D. Miss. 1997). In *Hill*, as is the case here, the court was faced with the question of "when to measure the date of commencement." *Id.* The court clearly stated that "dismissing a defendant . . . does not affect when a cause of action commences . . . ." *Id.* at 615. The court noted that adding a plaintiff would affect when the action was commenced. *Id.* In this case, various defendants were dismissed and no new plaintiffs were added. Therefore, according to overwhelming authority this action was commenced in 2002, and the Defendants' removal was well outside the one year limitation provided by § 1446 (b).

## II. THE THIRD AMENDED COMPLAINT IS NOT A NEW "INITIAL PLEADING" AS CONTEMPLATED BY 28 U.S.C. § 1446 (b).

The Defendants argue that the Third Amended Complaint is an "Initial Pleading" and therefore this action was actually commenced on November 4, 2005, making their removal timely. The Defendants rely on *Crump v. Wal-Mart Group Health Plan,* 925 F.Supp.2d 1214 (W.D. Ky. 1996) to allege that severance in state court creates a separate civil suit that can trigger defendant's right to remove. *Crump* involved the severance of a claim not a severance of parties as is the case here. 925 F.Supp.2d at 1216. The state court allowed the severance of Crump's cross-claim against Wal-Mart from the underlying tort and subrogation claims, and the state court explicitly stated that the cross-claim would be treated as a separate action that would require realignment of the parties, making the plaintiff the defendant and vice-versa. *Id.* There has been no realignment of the parties in this action, and there were no actual claims severed, only individual plaintiffs. In addition, Wal-Mart had filed their notice of removal well within the one-year limitation provided in § 1446 (b) which is not the case here since this removal was filed more than three years after commencement of the action. *Id.* Therefore, *Crump* does not apply to these facts.

4

The Defendants also rely on *Caldwell v. Alfa Insurance Corp.,* 806 F.Supp. 623 which is also distinguishable from the present case. Once again, *Caldwell* involved the severance of claims, not individual parties, and the attempted removal was well within the one-year limitation provided by § 1446 (b). 806 F.Supp. at 624. The only thing severed in this case are the parties. The individual plaintiff's claims have remained the same albeit against different defendants. There are no new theories of recovery alleged in the Third Amended Complaint, only the dismissal of certain defendants. Therefore, the Third Amended Complaint is not an "initial pleading" for purposes of § 1446 (b).

In addition, if the Defendants were allowed to prevail on the initial pleading theory, the Plaintiff would be barred from even filing this action based on the statute of limitations. This amendment to the complaint falls under Rule 15 (c) of the Mississippi Rules of Civil Procedure and therefore relates back to the date of the original pleading which was May 15, 2002. Just because this action has a new cause number does not mean that this action is a "new action" as Defendants allege. This action has a new cause number because it was transferred to an entirely different county than where it was originally filed, but at its heart this action is still the same action that was filed in May of 2002 minus various defendants.   The Defendants state that they should not be prevented from removing because the case was misjoined and improperly filed under Mississippi law. This is only partially true because at the time this action was filed in 2002 it was properly joined and filed in compliance with Mississippi law regarding joinder. Subsequently, the Mississippi Supreme Court strictly construed the joinder rules and forced the plaintiff to amend his complaint and re-file in the proper venue. The change in joinder rules did not change Plaintiff's legal theory of liability and recovery, it simply disallowed mass joinder of plaintiffs. The Defendants also state several times

5

the Third Amended Complaint named several different Defendants. The Third Amended Complaint did not name any new **different** defendants, it simply did not name all of the defendants that were in the original complaint.[1] Therefore, the Third Amended Complaint is a continuation of the original action filed in May of 2002 and removal by the Defendants is not timely.

### III.   THE PLAINTIFF HAS NOT MANIPULATED JURISDICTION TO DEFEAT DIVERSITY JURISDICTION AND THEREFORE THE ONE-YEAR EQUITABLE EXCEPTION SHOULD NOT APPLY NOR SHOULD THE REVIVAL EXCEPTION APPLY.

The Defendants rely on a Fifth Circuit Case to state that the running of said time period was tolled pursuant to the equitable exception to 28 U.S.C. § 1446 (b). *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2000). The Defendants claim that the Plaintiff has badly misinterpreted *Tedford* and that it should apply to this case. The Plaintiff again states that the Defendant has misinterpreted *Tedford* as applying to these facts, and the equitable exception does not and should not apply to these facts. The Fifth Circuit in *Tedford* held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446 (b) be extended." 327 F.3d at 428-29. The Plaintiff in *Tedford* could not state a valid claim against the sole non-diverse defendant, and therefore, only hours after learning of the Defendant's intent to remove, the Plaintiff amended her complaint to add her own physician. *Id.* at 427. The Plaintiff in *Tedford* then signed a Notice of Nonsuit of her physician and post-dated the Notice prior to the expiration of the one-year period. *Id.* The Notice of Nonsuit was not filed and Warner-Lambert was not notified of the Notice until after the expiration of the one-year period from the initial filing of

---

[1]This is a result of various reasons. Numerous Defendants either settled or were properly dismissed over the course of litigating this case.

6

the complaint. *Id.* at 427-28. In addition the Defendants in *Tedford* were actively trying to remove the case from the beginning. *Id.* at 428.

Here, the Plaintiff has attempted no manipulation of the statutory rules for determining federal removal jurisdiction. The non-diverse Defendants in the present case have been involved since the complaint was filed on May 15, 2002. At the time of the initial filing in May of 2002, all defendants and plaintiffs were properly joined under existing Mississippi law. It was not until the Mississippi Supreme Court changed Mississippi's joinder rules that the Plaintiff was forced to file this Third Amended Complaint. A valid claim has and continues to be stated against the non-diverse Defendants in the present case. It is of no bearing that E.K. Strahan was dismissed by order of non-suit and dismissal, since this dismissal was without prejudice. Therefore, the Plaintiff is free to bring E.K. Strahan back into the action which he has clearly done. The affidavit of James Dickerson provided by the Defendants potentially has no bearing on this suit. There is no proof that James Dickerson was involved with E.K. Strahan during the alleged exposure dates. Most of these dates are over twenty years ago. Therefore, it would be quite possible that James Dickerson would have no knowledge of whether E.K. Strahan supplied or sold asbestos containing products to the work site in the Third Amended Complaint.

Also, the Defendants here have not actively been seeking removal since the complaint was initially filed. Instead they waited over three years after the complaint was first filed to seek removal. The only reason given by the Defendants for this delay is that the initial complaint was not removable because of other non-diverse defendants involved at that time. The Defendants give no reason why they could not have argued fraudulent joinder at that time like they are readily doing now.

7

The Defendant states that since the Plaintiff has decided not to sue some of the original non-diverse defendants he is guilty of manipulating jurisdiction. This is simply not so. Based on Mississippi Supreme Court law, the Plaintiff was forced to amend his complaint for a third time and the result of this amendment was the dismissal of various defendants. This does not constitute jurisdictional manipulation especially since the Defendants' right to removal expired in May of 2003. The Plaintiff had absolutely no motivation to manipulate jurisdiction because there was no fear of removal when filing the Third Amended Complaint. Therefore, this case is easily distinguishable from *Tedford* and the equitable exception to § 1446 (b) should not apply to this Complaint since the Defendants have continuously failed to show manipulation of the rules for removal jurisdiction on behalf of the Plaintiff.

The Defendants also argue that their right to remove was "revived" upon the filing of the Third Amended Complaint. The right to remove is "revived" only "where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir. 1982); quoting *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886). The third amended complaint is for all practical purposes the same cause of action as the original complaint minus the multiple plaintiffs and some Defendants as was discussed *Supra*. Therefore, a substantially new suit has not been begun and the revival exception does not apply to this removal.

## IV.   THE COMPLAINT IS *MANGIALARDI* COMPLIANT SINCE THE PLAINTIFF IS NOT REQUIRED TO STATE DETAILED FACTUAL ALLEGATIONS AGAINST THE DEFENDANTS AND THE IMPROPER JOINDER ARGUMENT IS MOOT.

8

The Mississippi Supreme Court has recently further clarified their intentions in regard to what is required for notice pleading under *Mangialardi*. In *3M Company, Et Al. v. Glass,* No. 2003-IA-00617-SCT (December 15, 2005) (¶8), the supreme court again iterated that Mississippi is a notice-pleading jurisdiction. In clarifying exactly what notice-pleading required, the supreme court in footnote 5 stated:

> Our decision in *Mangialardi* cannot fairly be read to say that every fact and detail must be pled. For compliance with *Mangialardi*, it is enough to say, for instance, that "plaintiff A brings suit against defendant B for XYZ wrongful conduct committed at defendant's ABC facility during the years 1999, 2000, and 2001."

*Glass*, 2003-IA-00617-SCT (December 15, 2005). This is exactly what the Plaintiff has done. The Plaintiff stated which Defendants he brought suit against and for what wrongful conduct. The Plaintiff also stated at which work sites he worked and for which particular years during his exposure period to asbestos. This is all the Mississippi Supreme Court requires to state a claim in an asbestos case in the notice-pleading jurisdiction of Mississippi. The Plaintiff is not required to state every fact and detail, or in other words prove his case in the complaint, as alleged by the Defendants. Therefore, the Plaintiff's Third Amended Complaint is not grossly deficient and does state a claim against the Defendants E.K. Strahan and Belmont Packing.

The Defendants continually argue that the Plaintiff can not state a colorable cause of action against the non-diverse defendants and therefore they were fraudulently joined. In regards to this issue, the Plaintiff rests his arguments on those put forth in his Motion to Remand. In addition, the Plaintiff asserts that the improper joinder arguments are moot since the notice of removal was not timely filed as discussed *Supra*.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this

urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Pike County,

Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. §

1447(c).

DATED this the 20th day of January, 2006.

Respectfully submitted,

By:    /s/ John T. Givens              
        John T. Givens
        Attorney for Plaintiffs

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768
Telephone: (601) 957-1173
Facsimile: (601) 957-7366

William S. Guy, MSB No. 5083
LAW OFFICES OF WILLIAM S. GUY
Post Office Box 509
909 Delaware Avenue
McComb, Mississippi 39649-0509
Telephone: (601) 684-2793
Facsimile: (601) 249-2507

10

## <u>CERTIFICATE OF SERVICE</u>

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **REBUTTAL TO OPPOSITION** to all counsel of record.

This, the 20th day of January, 2006.

                     /s/ John T. Givens

                     JOHN T. GIVENS



# PANEL SERVICE LIST (Excerpted from CTO-256)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Michael T. Bartley
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse
Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

William S. Guy
Law Offices of William S. Guy
909 Delaware Avenue
P.O. Box 509
McComb, MS 39649-0509

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Patricia Herlihy
Copeland, Cook, Taylor & Bush
200 Concourse
Suite 200
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

James Gordon House, III
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Alison E. O'Neal
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Joseph J. Stroble
Watkins & Eager
The Emporium Building
Suite 300
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

PANEL SERVICE LIST (Excerpted from CTO-256) - MDL-875

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mary W. Van Slyke
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Roy C. Williams
Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568-1407

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK'S OFFICE

# PORTER & MALOUF, P.A.

### ATTORNEYS AT LAW

TIMOTHY W. PORTER*
*also admitted in Louisiana

825 Ridgewood Road
Ridgeland, Mississippi 39157
P. O. Box 12768
Jackson, Mississippi 39236
Telephone (601) 957-1173
Fax (601) 957-7366

PATRICK C. MALOUF
KIMBERLY A. COURTNEY

February 15, 2006

**_VIA FACSIMILE_**
(202) 502-2888

Request for Extension of Time to File Motion/Brief
to Vacate CTO -- Filed by pltfs. in 47 MSS actions --
GRANTED  (cdm - 2/16/06)

Michael J. Beck, Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Re:   REQUEST FOR EXTENSION TO FILE Motion and Brief to Vacate Conditional
      Transfer Order ON <u>FEBRUARY 16, 2006</u>

Dear Mr. Beck:

We respectfully ask that you please accept our filing of the Motion and Brief to Vacate
Conditional Transfer Order as a late filing. The Motion and Brief was due on February 14, 2006.
Due to a mass filing that was due in the United States District Court for the Southern District of
Mississippi Southern Division on February 13, 2006, Plaintiffs' counsel was unable to properly and
finally prepare the Motion and Brief to Vacate Conditional Transfer Order by the due date of
February 14, 2006.

Our receptionist inadvertently did not complete the task of overnighting yesterday's package.
Therefore, we are asking that you grant our firm one additional day (until February 16, 2006) to file
the above-referenced documents. The package will be overnighted today (February 15, 2006) for
delivery tomorrow morning (February 16, 2006).

We apologize for any inconvenience that accepting this filing as late may impose upon the
Judicial Panel for Multidistrict Litigation. If you have any questions or if I can be of further
assistance please do not hesitate to call. Thank you for you assistance in this matter.

Sincerely,

John T. Givens
Attorney for Plaintiffs

cc: All Counsel of Record

## SCHEDULE OF ACTIONS (Excerpted from CTO-256)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

<u>Southern District of Mississippi</u>

*Troy Washington, Jr. v. Sellers Engineering Co., et al.*, C.A. 1:05-498 (Judge Walter J. Gex III)
*Robert L. Allen, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-505 (Judge Walter J. Gex III)
*Arnold E. Barkdull v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-506 (Judge Walter J. Gex III)
*Robert C. Bowers v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-507 (Judge Walter J. Gex III)
*Marvin E. Boyd v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-508 (Judge Walter J. Gex III)
*Donald Brent v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-509 (Judge Walter J. Gex III)
*Claude E. Brister v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-510 (Judge Walter J. Gex III)
*C.W. Brown v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-511 (Judge Walter J. Gex III)
*Decatur B. Byrd, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-512 (Judge Walter J. Gex III)
*Paul Carroll v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-513 (Judge Walter J. Gex III)
*Billy J. Case, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-514 (Judge Walter J. Gex III)
*Carl N. Chance v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-515 (Judge Walter J. Gex III)
*Sam Curry v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-516 (Judge Walter J. Gex III)
*Marion Davis v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-517 (Judge Walter J. Gex III)
*Jimmy T. Dickerson v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-518 (Judge Walter J. Gex III)
*Waldo M. Dixon, Jr. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-519 (Judge Walter J. Gex III)
*J.P. Doss v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-520 (Judge Walter J. Gex III)
*Jesse W. Dulaney v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-521 (Judge Walter J. Gex III)
*Wilkie R. Dunaway, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-522 (Judge Walter J. Gex III)
*Marion C. Elledge v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-523 (Judge Walter J. Gex III)
*Samuel F. Farmer, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-524 (Judge Walter J. Gex III)
*Alvin Fitztgerald, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-525 (Judge Walter J. Gex III)
*Carroll S. Greer v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-526 (Judge Walter J. Gex III)
*David Hill, Jr. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-527 (Judge Walter J. Gex III)
*Charles L. Holley v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-528 (Judge Walter J. Gex III)
*Osborne Jones v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-529 (Judge Walter J. Gex III)
*Jack H. Jordan v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-530 (Judge Walter J. Gex III)
*Charles W. Lewis, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-531 (Judge Walter J. Gex III)
*Frank Magruder, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-532 (Judge Walter J. Gex III)
*John E. Netherland, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-533 (Judge Walter J. Gex III)
*John E. Newman, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-534 (Judge Walter J. Gex III)
*Robert E. Parker v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-535 (Judge Walter J. Gex III)
*John W. Price, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-536 (Judge Walter J. Gex III)
*Buford E. Reeves v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-537 (Judge Walter J. Gex III)
*Sidney L. Scarborough v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-538 (Judge Walter J. Gex III)
*Dayton D. Smith, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-539 (Judge Walter J. Gex III)
*Samuel E. Smith, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-540 (Judge Walter J. Gex III)
*Curtis M. Standberry, Sr., etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-541 (Judge Walter J. Gex III)
*William R. Thornton, Sr. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-542 (Judge Walter J. Gex III)
*D.S. Turner v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-543 (Judge Walter J. Gex III)
*James Vance v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-544 (Judge Walter J. Gex III)
*Floyd Westbrook v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-545 (Judge Walter J. Gex III)
*W. I. Westbrook v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-546 (Judge Walter J. Gex III)
*Grover E. White, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-547 (Judge Walter J. Gex III)
*C.L. Womack v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-548 (Judge Walter J. Gex III)
*Willie Young, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-549 (Judge Walter J. Gex III)
*Caleb R. Jones v. Crane Co., et al.*, C.A. 1:05-555 (Judge Walter J. Gex III)



JUDICIAL PANEL MULTIDISTRICT LITIGATION

2006 FEB 15 P 4: 40

RECEIVED CLERK'S OFFICE