JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 7 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Asbestos Products Liability Litigation (No. VI) | ) ) ) | MDL Docket No. 875 |
| Ronald G. Toppins v. 3M Company E.D. Missouri, No. 4:05-CV-01356-ERW | ) ) ) | |

**PLAINTIFF'S MOTION TO VACATE THE PANEL'S CONDITIONAL
TRANSFER ORDER (CTO-257)**

Pursuant to JPML Rule 7.4(d), Plaintiff Ronald Toppins, by and through undersigned

counsel, hereby respectfully submits this Motion to Vacate the Panel's January 24, 2006

Conditional Transfer Order (CTO-257) conditionally transferring the above-captioned case to the

Eastern District of Pennsylvania for consolidation with the In re Asbestos Products Liability

Litigation proceeding. For the reasons set forth in the supporting Memorandum of Law in

Support submitted herewith, consolidation and transfer would be inappropriate and the Panel's

Order should be vacated.

Dated: February 13th, 2006

Respectfully submitted,

Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff

OFFICIAL FILE COPY

IMAGED FEB 1 7 2006

7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail:  jraskas@grlawstl.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail this 13th day of February 2006 to the following:

Richard E. Boyle
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
Attorneys for Defendant  3M Company
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
E-mail:  r.boyle@gundlachlee.com


Kent Munson, # 3914
The Stolar Partnership
Attorneys for Plaintiff
911 Washington Avenue
St. Louis, Missouri 63101
Phone: (314) 231-2800
Fax:    (314) 436-8400
E-mail:  hkm@stolarlaw.com


_Jerome F. Raskas_

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 7 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Asbestos Products Liability Litigation | ) | MDL Docket No. 875 |
| (No. VI) | ) | |
| | ) | |
| Ronald G. Toppins v. 3M Company | ) | |
| E.D. Missouri, No. 4:05-CV-01356-ERW | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER (CTO-257)**

**Preliminary Statement**

This case does not fall within the intended purpose of the multi-district court set

up to handle asbestos related cases. Plaintiff's claim involves damages resulting from the

failure of defendant's respirator to protect plaintiff from exposure to silicate dust. This

claim requires discovery particularly unique to silicosis claims and defendant's respirator,

and is different from asbestos claims which generally involve the liability of a seller or

manufacturer of an asbestos containing product. Judicial efficiency would be better

achieved in this case if the case remained in the federal district court of Missouri where

plaintiff resides and was injured, and where plaintiff's employer, physicians and co-

workers are located.

**Background**

Plaintiff was employed by ISP Minerals Inc. which produces the silicate pebbles affixed to roof tiles. ISP Minerals is located in Annapolis Missouri, and it was in ISP Mineral's building where plaintiff worked that he was exposed to both silicate dust and asbestos fibers. Large quarry rocks containing silicate were taken into the eight story ISP Minerals building where silicate dust, to which plaintiff was exposed, was produced by rock crushers in the manufacture of silicate pebbles. Plaintiff was exposed to asbestos fibers created by the job of mixing pure asbestos with oil to pack machinery bearings and the job of cutting asbestos siding inside the ISP Minerals building using a circular saw. The silicate dust and asbestos fibers created a need for adequate and properly working respirators to protect the workers from the inhalation of silicate and asbestos dust. 3M Company's respirators failed to provide plaintiff with this protection and plaintiff has been diagnosed with silicosis and asbestosis.

On August 26, 2005, plaintiff brought suit in the federal court in the Eastern District of Missouri against 3M for damages suffered when exposed to asbestos and silicate as a result of the failure of defendant 3M's respirators to perform properly. (Exhibit A, Plaintiff's Complaint). Defendant 3M moved to transfer the action to the United States District Court for the Eastern District of Pennsylvania for coordinated pretrial proceedings pursuant to 28 USC Section 1407 with In Re Asbestos Products Liability Litigation, 771 F.Supp. 415 (J.P.M.L. 1991), MDL-875. In In Re Asbestos Products Liability Litigation, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") centralized all personal injury and wrongful death *asbestos* actions. 771 F. Supp.

2

at 420. A conditional transfer order was entered by the JPML on January 24, 2006. (Exhibit B, Conditional Transfer Order (CTO-257)).

Pursuant to J.P.M.L. Rule of Procedure 7.4(d), plaintiff Ronald G. Toppins moves to vacate the Panel's January 24, 2006 Order. As set forth below, consolidation of the above captioned case would not promote 28 USC § 1407's central concerns of justice and judicial efficiency for the reason that plaintiff's silicosis claim requires discovery particularly unique to silicosis claims and different from discovery relating to asbestos claims. This case with its claims resulting from exposure to both asbestos fibers and silicate dust, is more likely to proceed with judicial efficiency if handled by one court in the forum and state where the injury took place, where all of the physicians who ever saw or treated plaintiff are located, where plaintiff's employer is located, where all of plaintiff's co-workers are located, where the plaintiff is located, and most importantly, where the United States District Court for the Eastern District of Missouri, which has a national reputation for handling cases efficiently and with dispatch, is located.

## Argument

I.      **Consolidation is appropriate when it will promote the just and efficient conduct of the litigation.**

When assessing the appropriateness of consolidation under § 1407, the Panel considers the following factors: (1) will consolidation promote the just and efficient conduct of the litigation; (2) will consolidation promote the convenience of the parties and witnesses; and (3) does the potential tag along action raise questions of fact common to actions previously transferred. In re Tobacco/Gov. Health Care Costs Litig., 76 F.Supp.2d 5, 7-8 (D.D.C. 1999) citing In re Stirling Homex Corp. Sec. Litig., 442 F.Supp. 547, 549 (J.P.M.L. 1977)).

The most important factor in determining whether consolidation of a tag along case is appropriate is whether consolidation would promote the just and efficient conduct of the litigation. In re Tobacco/Gov. Health Care Costs Litig., 76 F.Supp.2d 5, 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. Thus, the crucial issue in determining whether to grant transfer is whether the economies of transfer outweigh the resulting inconvenience to the parties. See In re Air Crash at Schenley Golf Course, Pittsburgh, Pa., 509 F.Supp. 252 (JPML 1979).

In In re East of the Rockies Concrete Pipe Antitrust Cases, 302 F.Supp. 244, 254-255 (J.P.M.L. 1969) J. Wiegel in his concurrence outlined several considerations in determining the appropriateness of transfer including the following questions: (1) How many common questions of fact are there? In the Toppins' case, the common questions of fact deal only with the disease of asbestosis. But there are unique questions of fact that deal with diagnosis, treatment and prognosis of silicosis and with the issues surrounding 3M Company's respirators. (2) Will transfer hasten or delay progress in cases? Id. Based upon the track record of defendant 3M Company in the Triplett case, infra, which took five years to dispose of, this answer appears obvious to plaintiff. (3) Who are the principal witnesses in the case and where do they reside? Id. In the Toppins' case, the plaintiff, plaintiff's co-workers, and every physician that has ever seen or treated plaintiff all reside in Missouri. (4) What detriment will be imposed upon any of the parties by ordering transfer? Id. In the Toppins' case, the detriment of delay and the resultant possibility that key witnesses will become unavailable to the plaintiff will be imposed upon plaintiff. (5) Will the advantages of transfer overcome the normal desirability of having the same judge who conducts the trial also conduct pre-trial proceedings? Id. In

4

the Toppins' case, not if plaintiff's suggestions, infra, are adopted by the court. (6) Will

transfer serve any ulterior motive of any party? Id. Based upon the track record of 3M

Company in the Triplett case, infra, it would appear that transfer in this case will cause

undue delay in bringing this case to conclusion.

J. Wiegel noted that "there are a number of inherent inconveniences in transfers

for coordinated or consolidated pretrial." 302 F.Supp. at 254-255. "Considerable time

and trouble are in the sheer mechanics of transferring and remanding. After transfer, the

process of segregating the pretrial matters which should be remanded for handling by the

transferor courts may be time consuming, as well as subject to reasonable disagreement.

Since remand must be by order of the Panel, the Panel may have to hold further hearing

to resolve disagreements among the parties." Id. In determining whether consolidation is

appropriate, a panel must consider "whether the objectives of the statute are sufficiently

served to justify the necessary inconveniences of transfer and remand." Id. For the

reasons cited above plaintiff suggests that the answer to this question is no.

## II.     Plaintiff's silicosis claims differentiate the issues of fact between the instant matter and the multidistrict asbestos litigation.

Pursuant to 28 USC § 1407 a case may only be characterized as a "tag-along

action" if it involves "common questions of fact with actions previously transferred."

In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415, 420 (J.P.M.L.

1991)(Citing J.P.M.L. Rule of Procedure 1.1) calls for the centralization of "personal

injury and wrongful death *asbestos* actions." Asbestos cases generally involve the

liability of a seller or manufacturer of an asbestos containing product. That is not the case

here. This is a case where there was ambient asbestos fibers. We are not suing the

producer of the asbestos; rather we are suing the producer of failed protection equipment. All of the common facts about identifying the product and the producer of the asbestos containing material are not involved in the instant matter. Moreover, there is nothing in the MDL-875 litigation which suggests that it was intended to bundle together and treat under one caption in Multidistrict Litigation, causes of action for injuries resulting from silicate exposure and asbestos exposure.

In the instant matter, plaintiff has alleged claims of product liability, breach of warranty and negligence against 3M which manufactured the respirators used by plaintiff to protect himself from silicate dust and asbestos fibers. (See Exhibit A, Plaintiff's Complaint). Plaintiff's damages arise from his contracting asbestosis and silicosis resulting from the failure to 3M's respirators to properly protect plaintiff.

This case involves unique issues regarding plaintiff's exposure to silicosis that are not present in MDL-875, which has been set up and designed for asbestos claims. A transfer would delay discovery of liability issues regarding silicosis and would possibly prejudice plaintiff's ability to obtain discovery from witnesses employed or controlled by defendant that were responsible for the design, manufacture, and sale of defendant's respirators, approximately 30 years ago. Some of the witnesses' information may go back in time to as early as 1972, and any delay now in obtaining depositions and/or documents could severely prejudice plaintiff's case.

The course of litigation in the case of Triplett v. 3M Company, United States District Court, Western District of Kentucky, Louisville Division, Cause No. 3:01-CV-11-S, previously referenced by defendants, is instructive on the likelihood of delays in the instant matter if this case is transferred. The Complaint in Triplett was filed on January 4,

2001. (Exhibit C, Civil Docket Report). A notice letter was went to the MDL Panel for possible transfer on February 6, 2001. Id. A Motion and Brief in Support of Transfer of the case to MDL-875 was not filed until November 30, 2001 Id. The order to stay the case pending the MDL decision on the motion to transfer was entered on February 5, 2002, over a year after the case had been filed. Id. A Motion by defendant 3M to suspend the transferor Court's scheduling order was filed on April 1, 2002. Id. On April 22, 2002, more than 14 months after the initial notice for inclusion in the MDL-875 was sent, the case was finally transferred to the Eastern District of Pennsylvania. Id. Then on August 25, 2004, over three and a half years after the case was first filed, and after approximately 28 months in the Eastern District of Pennsylvania after inclusion in the MDL-875, the case was remanded back to the transferor court. Id. The case has only finally been concluded after over five years, within the last week, pursuant to an order granting 3M summary judgment. Moreover, the Triplett case is distinguishable from the instant matter, in part, in that, (1) the Triplett case involved only claims related to asbestos and did not include the further complicating factor of a case involving both silicosis and asbestosis claims; and (2) the 3M Company respirator model 8500 which was at issue in Triplett is not involved in Toppins.

The timeline in Triplett stands in stark contrast to the resolution timeline reflected in the case management order for the case of Parker v. 3M Company, 4:05-CV-1358-TCM. Parker, like Toppins, brought suit against 3M alleging damages arising from silicate exposure and the failure of 3M' respirators to protect plaintiff from such exposure. (See Exhibit D, Parker Complaint; Exhibit E Amendment of Complaint by Interlineation). The Case Management Order has the jury trial set for March 19, 2007, for a cause of

7

action filed on August 26, 2005, which is the same day that Ronald G. Toppins case was filed. (Exhibit F, Parker Case Management Order). Thus trial is set to take place approximately a year and a half from the time of filing. Id.

Plaintiff Toppins likewise deserves that his case be adjudicated promptly and determined with the speed and alacrity proposed for the Parker case. In the instant matter, the goal of judicial economy would be better served by allowing plaintiff to pursue both his silicosis and asbestosis claims in the federal district court of Missouri where plaintiff resides and the occurrence took place, rather than in the multidistrict litigation created specifically for asbestos and not silicosis cases.

**III.   Transfer of Plaintiff's case should be denied because there are alternatives to transfer that will permit the case to be managed with greater efficiency than transfer.**

Judicial efficiency is served where consolidation will:  1) avoid duplicative discovery; 2) prevent inconsistent pretrial ruling, and 3) conserve resources of parties, their counsel and judiciary. In re Computervision Corp. Securities Litigation, 814 F.Supp. 85, 85-86 (J.P.M.L. 1993).

The Manual for Complex Litigation (Third), § 31.14 has directed, and the JPML has held, that where "suitable alternatives to § 1407 transfer are available to minimize the possibility of duplicative discovery," transfer should be denied. In re Pharmacy Benefit Plan Administrators Pricing Litig., 206 F.Supp.2d 1362 (J.P.M.L. 2002); In re Indian Motorcycle Bankruptcy and Receivership Litig., 206 F.Supp.2d 1365 (J.P.M.L. 2002); In re Monochloroactic Acid (MCAA) Antitrust Litig., 187 F.Supp.2d 1381 (J.P.M.L. 2002); In re Eli Lilly & Co. Patent Litig., 446 F.Supp. 242 (J.P.M.L. 1978). In the instant matter, the parties could easily craft an agreement by which this court could seek suggestions

8

from each of the parties by which discovery in MDL-875 relevant to the claims in

plaintiff's case could be used in this case without the need for duplication, and thereafter

craft an order to this affect.  Either or both parties could seek orders from Judge E.

Richard Webber in the Eastern District of Missouri and James T. Giles from the Eastern

District of Pennsylvania directing the parties to coordinate their pretrial efforts.  This

cooperation between the two district courts, while keeping this case in the Eastern

District of Missouri, will be sufficient to minimize the possibility of conflicting pretrial

rulings or duplicative discovery.  This alternative to transfer of the case suggests that the

conditional transfer order should be vacated.

For the reasons stated herein, plaintiff respectfully requests that the Panel grant

plaintiff's motion to vacate CTO-257, and for any further and other relief as the Court

deems just and proper.

Respectfully submitted,

Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail: jraskas@grlawstl.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S.
Mail this 13th day of February 2006 to the following:

9

Richard E. Boyle
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
Attorneys for Defendant 3M Company
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
E-mail:  r.boyle@gundlachlee.com


Kent Munson, # 3914
The Stolar Partnership
Attorneys for Plaintiff
911 Washington Avenue
St. Louis, Missouri 63101
Phone: (314) 231-2800
Fax:    (314) 436-8400
E-mail:  hkm@stolarlaw.com

Jerome F. Raskas

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 7 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Asbestos Products Liability Litigation | ) | MDL Docket No. 875 |
| (No. VI) | ) | |
| | ) | |
| Ronald G. Toppins v. 3M Company | ) | |
| E.D. Missouri, No. 4:05-CV-01356-ERW | ) | |
| | ) | |

## <u>REASONS WHY ORAL ARGUMENT SHOULD BE HEARD</u>

Plaintiff Ronald Toppins hereby requests oral argument because this case is unique to the

other asbestos cases that have been consolidated and the background thereof portraying the

uniqueness should be explained to the panel.

Respectfully submitted,

Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail:  jraskas@grlawstl.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by mail this 13th day of February 2006 to the following:

Richard E. Boyle
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
Attorneys for Defendant 3M Company
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
Phone: (618) 277-9000
Fax:    (618) 277-4594
E-mail: r.boyle@gundlachlee.com
Attorney for Defendant


Kent Munson, # 3914
The Stolar Partnership
Attorneys for Plaintiff
911 Washington Avenue
St. Louis, Missouri 63101
Phone: (314) 231-2800
Fax:    (314) 436-8400
E-mail: hkm@stolarlaw.com

Jerome F. Raskas

RECEIVED CLERK'S OFFICE
2006 FEB 14 A 11: 09
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 17 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Asbestos Products Liability Litigation (No. VI) | ) ) ) | MDL Docket No. 875 |
| Ronald G. Toppins v. 3M Company E.D. Missouri, No. 4:05-CV-01356-ERW | ) ) ) ) | |

## AMENDED CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion to Vacate,

Memorandum of Law in Support of Motion to Vacate and attached Exhibits 1-F, and Reasons

Why Oral Argument Should be Heard were served by U.S. mail on February 13, 2006, to Mr.

Richard E. Boyle and Mr. H. Kent Munson, and on February 15, 2006, to the remaining

attorneys on the attached Panel Service List.

Respectfully submitted,

*Jerome F. Raskas*

Jerome F. Raskas, #4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail: jraskas@grlawstl.com

2006 FEB 15 PM 4:09  RECEIVED CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Ronald G. Toppins v. 3M Co.*, E.D. Missouri, C.A. No. 4:05-1356  (Judge E. Richard Webber)
*Dwight R. Johnson v. 3M Co.*, E.D. Missouri, C.A. No. 4:05-1357  (Judge David D. Noce)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Richard E. Boyle
Gundlach, Lee, Eggman, Boyle
 & Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

H. Kent Munson
911 Washington Avenue
7th Floor
St. Louis, MO 63101

Jerome F. Raskas
Goffstein, Raskas, Pomerantz, Kraus
& Sherman, LLC
7701 Clayton Road
St. Louis, MO 63117-1371

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

2006 FEB 15  P 4: 09
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 17 2006

FILED
CLERK'S OFFICE

FILED

AUG 2 6 2005

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONALD G. TOPPINS,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )       Cause No.
                                      )
3M COMPANY, AS SUCCESSOR BY           )   05CV0 1356 E RW
MERGER TO MINNESOTA MINING            )
& MANUFACTURING COMPANY               )
AND/OR ITS PREDECESSORS/              )
SUCCESSORS IN INTEREST                )
    Serve:  Registered Agent          )
            CT Corporation System     )
            120 South Central Avenue  )
            Clayton, MO 63105         )       JURY TRIAL DEMANDED
                                      )
        Defendant.                    )

## COMPLAINT

Comes now Plaintiff Ronald Toppins, and for his cause of action against Defendant,

alleges and states as follows:

### PARTIES

1.  Plaintiff is now and at all times hereinafter mentioned was a resident and citizen

of the State of Missouri.

2.  At all relevant times hereinafter mentioned Plaintiff was employed by ISP

Mineral Inc., or its predecessor in interest, and primarily performed his job duties on the

premises of his employer in Annapolis, Missouri.

3.  Plaintiff's job duties involved working in areas containing asbestos and silica

dust.



EXHIBIT
A

4.   Defendant 3M Company (hereinafter "3M") is a Delaware Corporation with its principle place of business in Minnesota.

5.   3M is the successor in interest to Minnesota Mining and Manufacturing Company and is responsible for any liability for its own conduct and that of Minnesota Mining and Manufacturing.

6.   At all times herein, 3M was doing business in Missouri and may be served with process by sending a copy of the summons and complaint to its registered agent at the following address: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

## JURISDICTION AND VENUE

7.   3M is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

8.   3M is subject to personal jurisdiction of this Court by virtue of the fact that 3M did and/or does business in the state of Missouri and committed torts in whole or in part in this State against Plaintiff, in this judicial district, as more fully set forth herein.

9.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The events that give rise to this claim occurred in Iron County, Missouri which is in the judicial district for the United States District Court for the Eastern District of Missouri.

## FACTS COMMON TO ALL COUNTS

10.   For approximately twenty five (25) years, Plaintiff was employed by ISP Minerals, Inc.

11.   During the course of his employment, Plaintiff was continuously exposed to asbestos and silica dust.

2

12. 3M is the designer, manufacturer, distributor and seller of the respirators used by Plaintiff.

13. During the course of his employment, Plaintiff utilized respirators manufactured, designed, distributed, sold, and recommended by 3M.

14. The respirators utilized by Plaintiff failed to perform properly which resulted in Plaintiff developing silicosis and asbestosis.

15. At all times during his exposure to asbestos and silica dust, Plaintiff was unaware that 3M's respirators would fail and that this failure would cause Plaintiff serious adverse health conditions.

16. 3M knew, or should have known, that ordinary use of its product would not adequately protect users, like Plaintiff, from serious harm.  3M is liable for Plaintiff's bodily harm.

17. Therefore, under the aforesaid facts, Plaintiff is entitled to recovery against 3M under various legal theories, including product liability, breach of warranty, and negligence.

### PLAINTIFF'S DAMAGES

18. Plaintiff has suffered the following damages and personal injury for which he now seeks redress.

(a)    Plaintiff Ronald Toppins has suffered, now suffers and will continue to suffer great pain of body and anguish of mind throughout his lifetime;

(b)    Plaintiff Ronald Toppins has incurred hospital and/or medical and/or pharmaceutical and/or other expenses and Plaintiff will continue to incur such expenses in the future due to treatment necessary to prolong his life;

(c)    Plaintiff Ronald Toppins has suffered, now suffers and will continue to suffer this impairment in the future due to the disabling and non-curable character of silicosis and asbestosis;

3

(d)     Plaintiff Ronald Toppins suffers and will continue to suffer permanent disabilities and will be permanently disabled in the future due to the disabling character of asbestosis and silicosis;

(e)     Plaintiff Ronald Toppins has suffered loss of earnings and will continue to suffer loss of earnings and wages throughout the remainder of his work life expectancy;

(f)     Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities.  Due to the disabling effects of asbestosis and silicosis, Plaintiff has been and will be prevented from participating in said activities, which were normal to him prior to developing asbestosis and silicosis.  Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

(g)     Plaintiff Ronald Toppins has suffered, now suffers and will continue to suffer from a shortened life expectancy and the mental anguish thereby caused due to the terminal nature of asbestosis and silicosis;

(h)     Plaintiff Ronald Toppins has suffered, now suffers and will continue to suffer from shortness of breath, extensive coughing and wheezing, severe impairment and limitation of lung functions, and chest pain.  Further, Plaintiff has suffered, now suffers and will continue to suffer from mental anguish caused by the embarrassment of constantly coughing, wheezing, and sounding short of breath.

19.  Plaintiff also seeks punitive and exemplary damages.

## COUNT I

## PRODUCT LIABILITY

Comes now Plaintiff and for Count I of his Complaint against Defendant alleges:

20.  Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through nineteen and every sub paragraph therein as though they are fully set forth herein.

21.  At all material times, 3M was engaged in the business of manufacturing, distributing, supplying and/or marketing respirators intended to protect Plaintiff from silica dust and asbestos.

4

22.   3M's respirators were used by Plaintiff in order to protect Plaintiff from inhalation of asbestos and silica dust.

23.   3M's respirators failed to protect Plaintiff from inhaling silica dust and asbestos thereby directly causing or contributing to cause plaintiff damage.

24.   The respirators were in a defective condition, and unreasonably dangerous when sold by 3M.  Said defective, unreasonably dangerous condition caused or was a contributing cause of the injuries and damages made the basis of this suit.

25.   3M is liable to Plaintiff because as designers, manufacturers, distributors, and/or sellers of its products in a defective unreasonably dangerous condition, 3M owed Plaintiff a strict duty not to cause harm through the use of 3M's defective and unreasonably dangerous products.

26.   Further, 3M sold and placed in the stream of commerce defective and unreasonably dangerous products which were not safe for their reasonably anticipated use because 3M:

(a)    Knew, or with the exercise of reasonable care, should have known that its products would not protect against asbestos and/or silica dust and therefore the respirators were in a defective, unreasonably dangerous condition;

(b)    Failed to warn Plaintiff of such dangers that were posed by 3M's defective and unreasonably dangerous products;

(c)    Knew or, it was reasonably foreseeable that 3M's products would be used by users or consumers such as Plaintiff, in the manner in which 3M's products were used;

(d)    Failed to instruct Plaintiff in the proper use of 3M's products to protect Plaintiff from harm, if, in truth, there was a way that the product could protect from such harm;

(e)    Knew, or with the exercise of reasonable care, should have known that 3M's products were designed in a manner where the products did not properly fit Plaintiff and those similarly situated;

5

(f)     Knew, or with the exercise of reasonable care, should have known that 3M's product was ineffective in repelling asbestos and silica dust in that when Plaintiff used 3M's product in a manner which 3M intended for the product to be used, asbestos and silica dust would cake on the outside and the inside of the respirator causing Plaintiff to inhale the dangerous particles;

(g)     Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel asbestos or silica dust or prevent Plaintiff from breathing asbestos or silica dust.

27.   3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff Ronald Toppins and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)     In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)     Costs of suit;

(c)     Pre-judgment and post judgment interest;

(d)     Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)     Such other and further relief as this Court deems just and proper.

**COUNT II**

**BREACH OF WARRANTY**

Comes now Plaintiff and for Count II of his Complaint against Defendant alleges:

28.   Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through twenty seven and every sub paragraph therein as though they are fully set forth herein.

29.   At all material times, 3M was a merchant who sold respirators and as such, 3M breached its implied warranty of fitness for a particular purpose that its product would be safe

and not unreasonably dangerous for use by the general public, and breached its implied warranty of merchantability. Said breaches caused or were the contributing causes of Plaintiff's silicosis and asbestosis.

30. 3M knew or should have known that its respirators would be purchased and used in environments containing asbestos and silica dust particles. Further, 3M knew or should have known that its respirators would be purchased and used as a means of protecting Plaintiff from inhaling asbestos and silica dust particles.

31. Plaintiff reasonably relied on 3M's judgment that the respirators were fit for use in Plaintiff's work environment.

32. 3M's respirators were not fit for use in Plaintiff's work environment because the respirators failed to protect Plaintiff and others from inhaling asbestos and silica dust.

33. As a direct result of 3M's respirators being unfit for use in Plaintiff's work environment, Plaintiff was damaged in that he suffers from asbestosis and silicosis.

34. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)　In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)　Costs of suit;

(c)　Pre-judgment and post judgment interest;

(d)　Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)　Such other and further relief as this Court deems just and proper.

7

## COUNT III

### NEGLIGENCE

Comes now Plaintiff and for Count III of his Complaint against Defendant alleges as follows:

35.   Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through thirty four and every sub paragraph therein as though they are fully set forth herein.

36.   3M knew, or in the exercise of ordinary care, should have known of unreasonable risks of harm posed by use of its products.

37.   Despite its actual or constructive knowledge that its respirators pose an unreasonable risk of harm, 3M:

    (a)    Failed to provide adequate warning and/or instruction with regard to the masks;

    (b)    Failed to provide proper fitting;

    (c)    Failed to perform testing;

    (d)    Failed to properly design their masks;

    (e)    Failed to conduct monitoring and/or testing of persons who handled and worked with its respirators;

    (f)    Failed to accompany its respirators with adequate warnings;

    (g)    Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel asbestos or silica dust or prevent Plaintiff from breathing asbestos or silica dust.

38.   The acts and/or omissions by 3M directly caused or directly contributed to cause Plaintiff's asbestosis and silicosis damages as set forth herein.

8

39.  3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)     In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)     Costs of suit;

(c)     Pre-judgment and post judgment interest;

(d)     Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)     Such other and further relief as this Court deems just and proper.

9

_Jerome F. Raskas_

Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765

10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 24 2006

FILED
CLERK'S OFFICE

DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-257)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 80,139 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

EXHIBIT
B

Case MDL No. 875   Document 4721   Filed 02/17/06   Page 28 of 53

CLOSED

# U.S. District Court
## Western District of Kentucky (Louisville)
### CIVIL DOCKET FOR CASE #: 3:01-cv-00011-CRS

Triplett v. Minnesota Mining Mfg
Assigned to: Judge Charles R. Simpson, III
Demand: $75,000
Cause: 28:1332 Diversity-Product Liability

Date Filed: 01/04/2001
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Marilyn E. Triplett**
*Executrix of the Estate of James K. Triplett, deceased & individually*

represented by **Alton D. Priddy**
Priddy Cutler Miller & Meade, PLLC
429 W. Muhammad Ali Blvd.
800 Republic Building
Louisville, KY 40202-2346
502-587-8600
Fax: 502-569-2744
Email: apriddy@pimmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David V. Scott**
157 E. Main Street
P.O. Box 785
New Albany, IN 47151-0785
812-945-4555
Fax: 812-945-5335
Email: dave@davescott.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven H. Wodka**
P.O. Box 66
577 Little Silver Point Road
Little Silver, NJ 07739-0066
732-530-2815
Fax: 732-530-3627
Email: stevewodka@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Minnesota Mining and**

represented by **Basil A. DiSipio**


EXHIBIT
C

**Manufacturing Company**                                  Levin, Fishbein, Sedran & Berman
                                                           510 Walnut Street
                                                           Suite 500
                                                           Philadelphia, PA 19106
                                                           215-592-1500
                                                           Fax: 592-4663
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Byron N. Miller**
                                                           Thompson Miller & Simpson PLC
                                                           600 W. Main Street
                                                           Suite 500
                                                           Louisville, KY 40202
                                                           502-585-9900
                                                           Fax: 502-585-9993
                                                           Email: bmiller@tmslawplc.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **David Warner Mushlin**
                                                           Thompson Miller & Simpson PLC
                                                           600 W. Main Street
                                                           Suite 500
                                                           Louisville, KY 40202
                                                           502-585-9900
                                                           Fax: 502-585-9993
                                                           Email: dmushlin@tmslawplc.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kurt A. Scharfenberger**
                                                           Thompson Miller & Simpson PLC
                                                           600 W. Main Street
                                                           Suite 500
                                                           Louisville, KY 40202
                                                           502-589-9900
                                                           Fax: 502-585-9993
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**ICMS converted party type**

**James K. Triplett**                    represented by   **Alton D. Priddy**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **David V. Scott**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Steven H. Wodka**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/04/2001 | 1 | COMPLAINT filed. NO (Summons(es) issued) filing fee pd - receipt # 3011357 (ARK) (Entered: 01/04/2001) |
| 01/04/2001 | | MAGISTRATE JUDGE DESIGNATION: Mag. Judge Gambill (ARK) (Entered: 01/04/2001) |
| 01/04/2001 | 2 | ATTORNEY NOTICE: Steven H. Wodka failure to comply will result in this matter being brought to the attention of the presiding judge ; response to attorney notice due 1/16/01 (cc: aty. of note) (ARK) (Entered: 01/04/2001) |
| 01/12/2001 | 3 | MOTION by plaintiff E.Triplett, estate of James K. Triplett for attorney Steven H. Wodka to appear pro hac vice ; Affidavit in Support; order tendered--FILING FEE PAID, REC#11158. (ARK) (Entered: 01/16/2001) |
| 01/18/2001 | 4 | ORDER by Chief Judge Charles R. Simpson III granting motion for attorney Steven H. Wodka to appear pro hac vice [3-1] (cc: all counsel) [Entry Date: 1/18/01] (ARK) (Entered: 01/18/2001) |
| 02/06/2001 | | NOTICE LETTER sent to MDL Panel for possible transfer to MDL875 docket, per phone call from counsel-Kurt Scharfenberger. (ARK) (Entered: 02/06/2001) |
| 02/20/2001 | | WAIVER OF SERVICE upon defendant Minnesota Mining Mfg on 2/5/01 ; adding attorney Byron N. Miller (ARK) (Entered: 02/21/2001) |
| 03/06/2001 | 5 | ANSWER by defendant Minnesota Mining Mfg to [1-1] (ARK) (Entered: 03/07/2001) |
| 03/08/2001 | 6 | ORDER by Chief Judge Charles R. Simpson III Case referred to Mag Judge C. C. Gambill , purs. to 28 USC 636(b)(1)(A), for resolution of all litigation issues, entry of scheduling orders, disposition of all non-dispositive matters and conduct settlement conf., if needed and ; RULE 16 scheduling conf. set for 9:30 4/23/01 before Mag Judge C. C. Gambill (cc: all counsel) [Entry Date: 3/8/01] (ARK) (Entered: 03/08/2001) |
| 03/26/2001 | 7 | EMERGENCY MOTION by plaintiff E.Triplett for order directing the Clk. to rescind the reference of this matter under MDL 875 docket ; order tendered (ARK) (Entered: 03/26/2001) |
| 03/26/2001 | 8 | NOTICE OF DEFICIENCY: failure to comply will result in dismissal ; response to notice of deficiency due 4/5/01 --no order tendered w/#7 motioni. cc: counsel (ARK) (Entered: 03/26/2001) |

| 04/02/2001 | | RESPONSE TO NOTICE OF DEFICIENCY --order tendered. (ARK) (Entered: 04/02/2001) |
|---|---|---|
| 04/10/2001 | 9 | ORDER by Mag Judge C. C. Gambill; at the request of counsel the conf. set for 4/23/01 is CONTINUED to ; RULE 16 scheduling conf. set for 1:00 5/1/01 before Mag Judge C. C. Gambill (cc: all counsel) [Entry Date: 4/10/01] (ARK) (Entered: 04/10/2001) |
| 04/11/2001 | 10 | MOTION by defendant Minnesota Mining Mfg to extend time to file resp. to motion to rescind reference to MDL875 docket to 4/23/01 ; order tendered (ARK) (Entered: 04/12/2001) |
| 04/13/2001 | 11 | MOTION by defendant Minnesota Mining Mfg for order to revoke the Pla. counsel pro hac vice admission ; order tendered (ARK) (Entered: 04/16/2001) |
| 04/16/2001 | 12 | OPPOSITION--RESPONSE by plaintiff E.Triplett to motion to extend time to file resp. to motion to rescind reference to MDL875 docket to 4/23/01 [10-1] ; no order tendered (ARK) (Entered: 04/16/2001) |
| 04/16/2001 | 13 | NOTICE OF DEFICIENCY: failure to comply will result in dismissal ; response to notice of deficiency due 5/23/01 --no order tendered w/#12 motion. (ARK) (Entered: 04/16/2001) |
| 04/16/2001 | 14 | REPORT OF PARTIES PLANNING MEETING--LITIGATION PLAN by plaintiff, estate of, defendant (ARK) (Entered: 04/16/2001) |
| 04/23/2001 | 15 | REPLY by plaintiff E.Triplett to response to motion for order directing the Clk. to rescind the reference of this matter under MDL 875 docket [7-1] (ARK) (Entered: 04/23/2001) |
| 04/24/2001 | 16 | RESPONSE TO NOTICE OF DEFICIENCY by plaintiff E.Triplett, order tendered. (ARK) (Entered: 04/24/2001) |
| 04/26/2001 | | FILE SUBMITTED to CRS (NCS) (Entered: 04/26/2001) |
| 04/30/2001 | 17 | BRIEF IN OPPOSITION--RESPONSE by plaintiff E.Triplett to motion for order to revoke the Pla. counsel pro hac vice admission [11-1] ; order tendered (ARK) (Entered: 04/30/2001) |
| 05/01/2001 | | FILE RETURNED (ARK) (Entered: 05/01/2001) |
| 05/01/2001 | 18 | ORDER by Chief Judge Charles R. Simpson III, a conf. was held on pending motions on 5/1/01, denying motion for order to revoke the Pla. counsel pro hac vice admission [11-1], granting motion to extend time to file resp. to motion to rescind reference to MDL875 docket to 4/23/01 [10-1], denying motion for order directing the Clk. to rescind the reference of this matter under MDL 875 docket [7-1] (cc: all counsel) [Entry Date: 5/1/01] (ARK) (Entered: 05/01/2001) |
| 05/01/2001 | | FILE SUBMITTED to CCG (NCS) (Entered: 05/01/2001) |
| 05/15/2001 | 19 | MEMO OF RULE 16 CONF. & SCHEDULING ORDER Mag Judge C. C. Gambill ; amendments set for 7/1/01 before Chief Judge Charles R. Simpson III ; discovery set for 6/2/02 before Chief Judge Charles R. |

| | | |
|---|---|---|
| | | Simpson III ; disp mtn ddl set for 7/1/02 before Chief Judge Charles R. Simpson III ; telephone conf. set for 10:00 8/1/01 before Mag Judge C. C. Gambill ; scheduling conference held on 5/1/01 (cc: all counsel) [Entry Date: 5/15/01] (ARK) (Entered: 05/15/2001) |
| 05/15/2001 | | FILE RETURNED (ARK) (Entered: 05/15/2001) |
| 07/20/2001 | 20 | OBJECTION/RESPONSE TO REQUEST by defendant Minnesota Mining Mfg for production of documents (ARK) (Entered: 07/24/2001) |
| 07/20/2001 | 21 | OBJECTIONS/RESPONSES/ANSWER TO INTERROGATORIES by defendant Minnesota Mining Mfg (ARK) (Entered: 07/24/2001) |
| 07/26/2001 | | FILE SUBMITTED to CCG for conf. (NCS) (Entered: 07/26/2001) |
| 08/02/2001 | | FILE RETURNED (ARK) (Entered: 08/02/2001) |
| 08/02/2001 | 22 | REPORT--ORDER by Mag Judge C. C. Gambill ; telephone conference held on 8/1/01 after discussion w/counsel, a settlement conf. would not be productive at this time. (cc: all counsel) [Entry Date: 8/2/01] (ARK) (Entered: 08/02/2001) |
| 08/15/2001 | 23 | MOTION by plaintiff Marilyn E. Triplett to compel (plaintiff has till 10/5/2001 to reply) ; order tendered (ARK) Modified on 10/03/2001 (Entered: 08/15/2001) |
| 09/07/2001 | | FILE SUBMITTED to CCG (NCS) (Entered: 09/07/2001) |
| 09/19/2001 | 24 | RESPONSE by defendant Minnesota Mining Mfg to motion to compel [23-1] ; order tendered (ARK) (Entered: 09/19/2001) |
| 10/02/2001 | | REMARK stipulation for ext till 10/5/2001 to reply to mot to comp. (PAC) (Entered: 10/02/2001) |
| 10/03/2001 | 25 | STIPULATION FOR EXTENSION OF TIME by Mag Judge C. C. Gambill extending till 10/5/2001 for plaintiff to reply to mot to compel (cc: all counsel) [Entry Date: 10/3/01] (PAC) (Entered: 10/03/2001) |
| 10/05/2001 | 26 | REPLY by plaintiffs Marilyn E. Triplett and estate of James K. Triplett to dft response to pla motion to compel (pla has till 10/5/2001 to reply) [23-1] (JSS) (Entered: 10/05/2001) |
| 10/09/2001 | | REMARK agreed protective order (PAC) (Entered: 10/09/2001) |
| 10/09/2001 | 27 | MOTION by defendant for hearing on plaintiffs motion to compel ; order tendered (PAC) (Entered: 10/10/2001) |
| 10/11/2001 | 28 | AGREED PROTECTIVE ORDER by Mag Judge C. C. Gambill : concerning 3M documents and information (cc: all counsel) [Entry Date: 10/11/01] (PAC) (Entered: 10/11/2001) |
| 10/12/2001 | | FILE RETURNED (PAC) (Entered: 10/12/2001) |
| 10/12/2001 | 29 | ORDER by Mag Judge C. C. Gambill finding the motion for hearing on plaintiffs motion to compel [27-1] moot., granting motion to compel [23-1] (cc: all counsel) [Entry Date: 10/12/01] (PAC) (Entered: 10/12/2001) |

| 10/12/2001 | | BEGIN VOLUME # 2 with pleading # 30 (PAC) (Entered: 10/12/2001) |
|---|---|---|
| 10/15/2001 | 30 | AGREED PROTECTIVE ORDER by Mag Judge C. C. Gambill : (cc: all counsel) [Entry Date: 10/15/01] (PAC) (Entered: 10/15/2001) |
| 10/18/2001 | 31 | TRANSCRIPT of telephonic oral argument on 10/11/2001 filed. A. Wernecke C/R. (PAC) (Entered: 10/18/2001) |
| 11/30/2001 | | NOTICE by Minnesota Mining Mfg of motion and brief filed at USDC/EDPA for transfer of case for inclusion in the MDL-875. (PAC) (Entered: 12/06/2001) |
| 12/11/2001 | 32 | CORPORATE DISCLOSURE STATEMENT (PAC) (Entered: 12/11/2001) |
| 12/11/2001 | 33 | ATTORNEY APPEARANCE for Minnesota Mining Mfg by Basil A. DiSipio (PAC) (Entered: 12/11/2001) |
| 12/11/2001 | 34 | RESPONSE/OPPOSITION TO REQUEST by Minnesota Mining Mfg for production of admissions (Certificate of Necessity filed) (PAC) (Entered: 12/12/2001) |
| 12/11/2001 | 35 | MOTION by Minnesota Mining Mfg for protective order (resp due 01/15/02) , temporary stay of discovery until anticipated 1/2002 ruling by MDL panel on motion to transfer (resp due 01/15/02) ; Memorandum in Support; order tendered(PAC) Modified on 01/16/2002 (Entered: 12/12/2001) |
| 12/13/2001 | 36 | MOTION by plaintiff, to compel discovery (resp due 01/15/02) ; Exhibits in Support; order tendered (PAC) Modified on 01/16/2002 (Entered: 12/13/2001) |
| 12/19/2001 | 37 | RESPONSE/OBJECTION by plaintiff to motion for protective order [35-1], to motion temporary stay of discovery until anticipated 1/2002 ruling by MDL panel on motion to transfer [35-2] ; order tendered (PAC) (Entered: 12/19/2001) |
| 12/28/2001 | 38 | MOTION by defendant Minnesota Mining Mfg to extend time to respond to pla's mot to Compel, reply to mot for protective order, and temporary stay, and reply to mot to transfer ; order tendered (TLB) (Entered: 01/02/2002) |
| 01/09/2002 | | REMARK reply brief in support of mot for transfer of case (TLB) (Entered: 01/09/2002) |
| 01/15/2002 | 39 | REPLY by defendant Minnesota Mining Mfg in support of motion for protective order [35-1], motion temporary stay of discovery until anticipated 1/2002 ruling by MDL panel on motion to transfer [35-2] (TLB) (Entered: 01/16/2002) |
| 01/15/2002 | 40 | RESPONSE by defendant Minnesota Mining Mfg to motion to compel discovery [36-1] ; order tendered (TLB) (Entered: 01/16/2002) |
| 01/16/2002 | 41 | ORDER by Judge Charles R. Simpson III granting motion to extend time to respond to pla's mot to Compel, reply to mot for protective order, and |

| | | |
|---|---|---|
| | | temporary stay, and reply to mot to transfer [38-1]; resp due 01/15/02 (cc: all counsel) [Entry Date: 1/16/02] (TLB) (Entered: 01/16/2002) |
| 01/22/2002 | 42 | REPLY MEMORANDUM by Marilyn E. Triplett to response to motion to compel discovery [36-1] (TLB) (Entered: 01/22/2002) |
| 01/22/2002 | | FILE SUBMITTED to ns (NCS) (Entered: 01/22/2002) |
| 01/25/2002 | | FILE SUBMITTED to CCG (NCS) (Entered: 01/25/2002) |
| 02/05/2002 | | FILE RETURNED (PAC) (Entered: 02/05/2002) |
| 02/05/2002 | 43 | ORDER by Mag Judge C. C. Gambill denying motion to compel discovery without prejudice to reinstate should her suit remain pending in this district following the decision of the MDL panel [36-1], granting motion temporary stay of discovery until anticipated 1/2002 ruling by MDL panel on motion to transfer [35-2] , CASE STAYED (cc: all counsel) [Entry Date: 2/5/02] (PAC) (Entered: 02/05/2002) |
| 04/01/2002 | 44 | MOTION by defendant Minnesota Mining Mfg to suspend Ct's scheduling order ; order tendered (MLG) (Entered: 04/02/2002) |
| 04/01/2002 | 45 | LETTER from defendant Minnesota Mining Mfg re omission of Tab A to mot to suspend scheduling order; tab A attached to motion (TLB) (Entered: 04/02/2002) |
| 04/09/2002 | 46 | RESPONSE by plaintiff to motion to suspend Ct's scheduling order [44-1]; order tendered (TLB) (Entered: 04/10/2002) |
| 04/22/2002 | 47 | ORDER Case transferred to Dist of: Eastern District of Pennsylvania (cc: all counsel) [Entry Date: 4/23/02] (JSS) (Entered: 04/23/2002) |
| 04/23/2002 | | LETTER of transfer case from USDC WDKY at Louisville to USDC EDPA at Philadelphia (JSS) (Entered: 04/23/2002) |
| 08/27/2003 | 48 | MOTION for Summary Judgment by Minnesota Mining and Manufacturing Company. Responses due by 9/15/2003. (Attachments: # 1 Memorandum in Support # 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Errata F# 8 Proposed Order) (to be filed in this district per USDC (Bruce Lassman)). (TB) (Entered: 10/29/2003) |
| 10/27/2003 | 49 | RESPONSE by Marilyn E. Triplett to 48 MOTION for Summary Judgment. (Attachments: (1) Exhibit A; (2) Exhibit B-C; (3) Exhibit D,E,F; (4) Exhibit G-H; (5) Exhibit I; (6) Exhibit J; (7) Exhibit K# 8 Exhibit L; (9) Proposed Order)(filed in this district per USDC-PA (Bruce Lassman)). (TB) (Entered: 10/29/2003) |
| 12/22/2003 | 50 | SUPPLEMENTAL BRIEF IN OPPOSITION re 49 Response to Motion, by James K. Triplett ; Marilyn E. Triplett. (TB) (Entered: 12/23/2003) |
| 12/22/2003 | 51 | NOTICE of Deficiency re 50 Supplement (no order): failure to comply will be brought to the attention of the Court. (TB) (Entered: 12/23/2003) |
| 04/22/2004 | 52 | SUPPLEMENTAL BRIEF by plaintiffs re 49. (TLB) (Entered: 04/26/2004) |
| | | |

| 08/12/2004 | 53 | Certified Copy of Conditional Remand Order from EDPA that case has been remanded to transferor court (cc: cnsl ) (JSS) (Entered: 08/16/2004) |
| --- | --- | --- |
| 08/25/2004 | 54 | ORDER (EBOC) by Charles R. Simpson III on 8/23/2004; referring case to Magistrate Judge Dave Whalin with all powers, duties and responsibilities contained in court's original order of reference entered 3/8/2001 (DN 6); telephonic status/scheduling conference set for 10/5/2004 02:00 PM before Magistrate Judge Dave Whalin; status reports due 9/21/2004.(TLB) (Entered: 08/25/2004) |
| 09/09/2004 | 55 | NOTICE by Minnesota Mining and Manufacturing Company. (Attachments: # 1 Designation of Contents of Record to be Remanded to USDC WD/KY along with copies of Appropriate Documents# 2 Exhibits) (FILED IN FOLDER).(TLB) (Entered: 09/10/2004) |
| 09/20/2004 | 56 | NOTICE *Plaintiff's Designation of Additional Contents of the Record* by Marilyn E. Triplett (Attachments: # 1 Exhibit Plaintiff's Motion to Compel Discovery# 2 Exhibit 3M's Response to Motion to Compel Discovery# 3 Exhibit Plaintiff's Reply in Support of Motion to Compel# 4 Exhibit Plaintiff's Supplemental Brief in Opposition to Motion for Summary Judgment# 5 Exhibit Certificate of Service)(Wodka, Steven) (Entered: 09/20/2004) |
| 09/21/2004 | 57 | STATUS REPORT *of Plaintiff For Status/Scheduling Conference* by Marilyn E. Triplett. (Wodka, Steven) (Entered: 09/21/2004) |
| 09/21/2004 | 58 | STATUS REPORT by Minnesota Mining and Manufacturing Company. (TLB) (Entered: 09/22/2004) |
| 10/07/2004 | 59 | ORDER for proceedings held before Dave Whalin : status conference held on 10/5/2004; consideration of motion to compel and entry of scheduling order will be held in abeyance pending ruling by district court on question of repose. (TLB) (Entered: 10/07/2004) |
| 02/08/2005 | 60 | MEMORANDUM AND OPINION by Charles R. Simpson III on 2/8/2005; re defendant's motion for summary judgment; separate order will be entered in accordance with this opinion. cc:Counsel(TLB) (Entered: 02/08/2005) |
| 02/08/2005 | 61 | ORDER by Charles R. Simpson III on 2/8/2005; for reasons set forth in memorandum opinion entered this date; defendant's motion for summary judgment denied to extent it seeks judgment on ground of application of the Indiana statute of repose; remainder of motion remanded with leave to refile within 30 days of date of entry of this order 48; plaintiff's motion to compel discovery held in abeyance pending expiration of period for refiling motion of 3M for summary judgment and if filed for disposition of such motion 56.cc:Counsel(TLB) (Entered: 02/08/2005) |
| 03/10/2005 | 62 | RENEWED MOTION for Summary Judgment by Minnesota Mining and Manufacturing Company. Responses due by 3/28/2005. (Attachments: # 1 Exhibit # 2 Memorandum in Support # 3 Appendix # 4 Exhibit A# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D# 8 Exhibit E# 9 Exhibit F# 10 Proposed Order)(TLB) (Entered: 03/11/2005) |

| 03/25/2005 | 63 | RESPONSE to Motion re 62 MOTION for Summary Judgment by Marilyn E. Triplett. (Attachments: # 1 Appendix Appendix of Exhibits# 2 Exhibit Ex. 1: Newland Affidavit# 3 Exhibit Ex. 2: Gootee Affidavit# 4 Exhibit Ex. 3: Uhlar Report# 5 Exhibit Ex. 4: Asbestos and Silica# 6 Exhibit Ex. 5: Lucas Letter# 7 Exhibit Ex. 6: Cain Field Letter# 8 Exhibit Ex. 7: Cain Field Letter# 9 Exhibit Ex. 8: Barghini Field Letter# 10 Exhibit Ex. 9: McElroy Field Letter# 11 Exhibit Ex. 10: Barnard Field Letter# 12 Exhibit Ex. 11: Thorpe Field Letter# 13 Exhibit Ex. 12: Barghini & Toney Letter# 14 Exhibit Ex. 13: 8500 Packaging# 15 Exhibit Ex. 14: 8500 Warning Label# 16 Exhibit Ex. 15: OSHA Citation# 17 Exhibit Ex. 16: Greathouse Affidavit# 18 Exhibit Ex: 17: Colgate, May 11,1984# 19 Exhibit Ex. 18: Colgate, April 30, 1985# 20 Proposed Order # 21 Certificate of Service)(Wodka, Steven) (Entered: 03/25/2005) |
| 04/04/2005 | 64 | STIPULATION re 62 MOTION for Summary Judgment; reply due date extended by 5 days. (TLB) (Entered: 04/05/2005) |
| 04/12/2005 | 65 | ORDER by Charles R. Simpson III on 4/11/2005; re 62 MOTION for Summary Judgment filed by Minnesota Mining and Manufacturing Company; reply time extended by 5 days.cc:Counsel(TLB) (Entered: 04/12/2005) |
| 04/13/2005 | 66 | REPLY by Minnesota Mining and Manufacturing Company to Response to 62 MOTION for Summary Judgment. (TLB) (Entered: 04/14/2005) |
| 02/08/2006 | 67 | MEMORANDUM AND OPINION by Charles R. Simpson III on 2/2/2006; re 62 defendant's motion for summary judgment; separate order will be entered in accordance with this opinion.cc:Counsel(TLB) (Entered: 02/08/2006) |
| 02/08/2006 | 68 | ORDER by Charles R. Simpson III on 2/2/2006; for reasons set forth in memorandum opinion entered this date; defendant's motion for summary judgment 62 is granted; action dismissed with prejudice; this is final order.cc:Counsel(TLB) (Entered: 02/08/2006) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/09/2006 10:20:01 | | |
| PACER Login: | gr0451 | Client Code: |
| Description: | Docket Report | Search Criteria: 3:01-cv-00011-CRS |
| Billable Pages: | 5 | Cost: 0.40 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

AUG 2 6 2005

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

DWIGHT PARKER,　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　Cause No.
　　　　　　　　　　　　　　　)
3M COMPANY, AS SUCCESSOR BY　)
MERGER TO MINNESOTA MINING　 )
& MANUFACTURING COMPANY　　　)
AND/OR ITS PREDECESSORS/　　　)
SUCCESSORS IN INTEREST　　　　)
　　Serve: Registered Agent　　　)
　　　　　CT Corporation System　)
　　　　　120 South Central Avenue)　　JURY TRIAL DEMANDED
　　　　　Clayton, MO 63105　　　)
　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　)



4:05CV01358TCM—

### COMPLAINT

Comes now Plaintiff Dwight Parker, and for his cause of action against Defendant, alleges and states as follows:

### PARTIES

1. Plaintiff is now and at all times hereinafter mentioned was a resident and citizen of the State of Missouri.

2. At all relevant times hereinafter mentioned Plaintiff was employed by ISP Mineral Inc., or its predecessor in interest, and primarily performed his job duties on the premises of his employer in Annapolis, Missouri.

3. Plaintiff's job duties involved working in areas containing asbestos and silica dust.



EXHIBIT

D

4. Defendant 3M Company (hereinafter "3M") is a Delaware Corporation with its principle place of business in Minnesota.

5. 3M is the successor in interest to Minnesota Mining and Manufacturing Company and is responsible for any liability for its own conduct and that of Minnesota Mining and Manufacturing.

6. At all times herein, 3M was doing business in Missouri and may be served with process by sending a copy of the summons and complaint to its registered agent at the following address: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

### JURISDICTION AND VENUE

7. 3M is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

8. 3M is subject to personal jurisdiction of this Court by virtue of the fact that 3M did and/or does business in the state of Missouri and committed torts in whole or in part in this State against Plaintiff, in this judicial district, as more fully set forth herein.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The events that give rise to this claim occurred in Iron County, Missouri which is in the judicial district for the United States District Court for the Eastern District of Missouri.

### FACTS COMMON TO ALL COUNTS

10. For approximately twenty eight (28) years, Plaintiff was employed by ISP Minerals, Inc.

11. During the course of his employment, Plaintiff was continuously exposed to asbestos and silica dust.

2

12.  3M is the designer, manufacturer, distributor and seller of the respirators used by Plaintiff.

13.  During the course of his employment, Plaintiff utilized respirators manufactured, designed, distributed, sold, and recommended by 3M.

14.  The respirators utilized by Plaintiff failed to perform properly which resulted in Plaintiff developing silicosis and/or asbestosis.

15.  At all times during his exposure to asbestos and silica dust, Plaintiff was unaware that 3M's respirators would fail and that this failure would cause Plaintiff serious adverse health conditions.

16.  3M knew, or should have known, that ordinary use of its product would not adequately protect users, like Plaintiff, from serious harm.  3M is liable for Plaintiff's bodily harm.

17.  Therefore, under the aforesaid facts, Plaintiff is entitled to recovery against 3M under various legal theories, including product liability, breach of warranty, and negligence.

## PLAINTIFF'S DAMAGES

18.  Plaintiff has suffered the following damages and personal injury for which he now seeks redress.

(a)   Plaintiff Dwight Parker has suffered, now suffers and will continue to suffer great pain of body and anguish of mind throughout his lifetime;

(b)   Plaintiff Dwight Parker has incurred hospital and/or medical and/or pharmaceutical and/or other expenses and Plaintiff will continue to incur such expenses in the future due to treatment necessary to prolong his life;

(c)   Plaintiff Dwight Parker has suffered, now suffers and will continue to suffer this impairment in the future due to the disabling and non-curable character of silicosis and/or asbestosis;

3

(d)     Plaintiff Dwight Parker suffers and will continue to suffer permanent disabilities and will be permanently disabled in the future due to the disabling character of silicosis and/or asbestosis;

(e)     Plaintiff Dwight Parker has suffered loss of earnings and will continue to suffer loss of earnings and wages throughout the remainder of his work life expectancy;

(f)     Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities.  Due to the disabling effects of silicosis and/or asbestosis, Plaintiff has been and will be prevented from participating in said activities, which were normal to him prior to developing silicosis and/or asbestosis.  Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

(g)     Plaintiff Dwight Parker has suffered, now suffers and will continue to suffer from a shortened life expectancy and the mental anguish thereby caused due to the terminal nature of silicosis and/or asbestosis;

(h)     Plaintiff Dwight Parker has suffered, now suffers and will continue to suffer from shortness of breath, extensive coughing and wheezing, severe impairment and limitation of lung functions, and chest pain.  Further, Plaintiff has suffered, now suffers and will continue to suffer from mental anguish caused by the embarrassment of constantly coughing, wheezing, and sounding short of breath.

19.  Plaintiff also seeks punitive and exemplary damages.

## COUNT I

## PRODUCT LIABILITY

Comes now Plaintiff and for Count I of his Complaint against Defendant alleges:

20.  Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through nineteen and every sub paragraph therein as though they are fully set forth herein.

21.  At all material times, 3M was engaged in the business of manufacturing, distributing, supplying and/or marketing respirators intended to protect Plaintiff from silica dust and asbestos.

4

22. 3M's respirators were used by Plaintiff in order to protect Plaintiff from inhalation of asbestos and silica dust.

23. 3M's respirators failed to protect Plaintiff from inhaling silica dust and asbestos thereby directly causing or contributing to cause plaintiff damage.

24. The respirators were in a defective condition, and unreasonably dangerous when sold by 3M. Said defective, unreasonably dangerous condition caused or was a contributing cause of the injuries and damages made the basis of this suit.

25. 3M is liable to Plaintiff because as designers, manufacturers, distributors, and/or sellers of its products in a defective unreasonably dangerous condition, 3M owed Plaintiff a strict duty not to cause harm through the use of 3M's defective and unreasonably dangerous products.

26. Further, 3M sold and placed in the stream of commerce defective and unreasonably dangerous products which were not safe for their reasonably anticipated use because 3M:

      (a)    Knew, or with the exercise of reasonable care, should have known that its products would not protect against asbestos and/or silica dust and therefore the respirators were in a defective, unreasonably dangerous condition;

      (b)    Failed to warn Plaintiff of such dangers that were posed by 3M's defective and unreasonably dangerous products;

      (c)    Knew or, it was reasonably foreseeable that 3M's products would be used by users or consumers such as Plaintiff, in the manner in which 3M's products were used;

      (d)    Failed to instruct Plaintiff in the proper use of 3M's products to protect Plaintiff from harm, if, in truth, there was a way that the product could protect from such harm;

      (e)    Knew, or with the exercise of reasonable care, should have known that 3M's products were designed in a manner where the products did not properly fit Plaintiff and those similarly situated;

(f)    Knew, or with the exercise of reasonable care, should have known that 3M's product was ineffective in repelling asbestos and silica dust in that when Plaintiff used 3M's product in a manner which 3M intended for the product to be used, asbestos and silica dust would cake on the outside and the inside of the respirator causing Plaintiff to inhale the dangerous particles;

(g)    Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel asbestos or silica dust or prevent Plaintiff from breathing asbestos or silica dust.

27.  3M's aforestated conduct was done with conscious disregard for the safety of

Plaintiff Dwight Parker and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)    In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)    Costs of suit;

(c)    Pre-judgment and post judgment interest;

(d)    Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)    Such other and further relief as this Court deems just and proper.

## COUNT II

## BREACH OF WARRANTY

Comes now Plaintiff and for Count II of his Complaint against Defendant alleges:

28.  Plaintiff hereby restates and realleges each and every allegation contained in

paragraphs one through twenty seven and every sub paragraph therein as though they are fully

set forth herein.

29.  At all material times, 3M was a merchant who sold respirators and as such, 3M

breached its implied warranty of fitness for a particular purpose that its product would be safe

6

and not unreasonably dangerous for use by the general public, and breached its implied warranty of merchantability. Said breaches caused or were the contributing causes of Plaintiff's silicosis and/or asbestosis.

30. 3M knew or should have known that its respirators would be purchased and used in environments containing asbestos and silica dust particles. Further, 3M knew or should have known that its respirators would be purchased and used as a means of protecting Plaintiff from inhaling asbestos and silica dust particles.

31. Plaintiff reasonably relied on 3M's judgment that the respirators were fit for use in Plaintiff's work environment.

32. 3M's respirators were not fit for use in Plaintiff's work environment because the respirators failed to protect Plaintiff and others from inhaling asbestos and silica dust.

33. As a direct result of 3M's respirators being unfit for use in Plaintiff's work environment, Plaintiff was damaged in that he suffers from silicosis and/or asbestosis.

34. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

    (a)    In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

    (b)    Costs of suit;

    (c)    Pre-judgment and post judgment interest;

    (d)    Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

    (e)    Such other and further relief as this Court deems just and proper.

7

## COUNT III

### NEGLIGENCE

Comes now Plaintiff and for Count III of his Complaint against Defendant alleges as follows:

35.   Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through thirty four and every sub paragraph therein as though they are fully set forth herein.

36.   3M knew, or in the exercise of ordinary care, should have known of unreasonable risks of harm posed by use of its products.

37.   Despite its actual or constructive knowledge that its respirators pose an unreasonable risk of harm, 3M:

      (a)   Failed to provide adequate warning and/or instruction with regard to the masks;

      (b)   Failed to provide proper fitting;

      (c)   Failed to perform testing;

      (d)   Failed to properly design their masks;

      (e)   Failed to conduct monitoring and/or testing of persons who handled and worked with its respirators;

      (f)   Failed to accompany its respirators with adequate warnings;

      (g)   Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel asbestos or silica dust or prevent Plaintiff from breathing asbestos or silica dust.

38.   The acts and/or omissions by 3M directly caused or directly contributed to cause Plaintiff's silicosis and/or asbestosis damages as set forth herein.

8

39.  3M's aforestated conduct was done with conscious disregard for the safety of

Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)     In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)     Costs of suit;

(c)     Pre-judgment and post judgment interest;

(d)     Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)     Such other and further relief as this Court deems just and proper.

Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. |
| | ) | |
| 3M COMPANY, AS SUCCESSOR BY | ) | Division No. |
| MERGER TO MINNESOTA MINING | ) | |
| & MANUFACTURING COMPANY | ) | |
| AND/OR ITS PREDECESSORS/ | ) | |
| SUCCESSORS IN INTEREST | ) | |
| Serve: Registered Agent | ) | |
| CT Corporation System | ) | |
| 120 South Central Avenue | ) | JURY TRIAL DEMANDED |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDMENT OF COMPLAINT BY INTERLINEATION

Comes now Plaintiff and by leave of Court first had and obtained, hereby amends his

Complaint by interlineations as follows:

1. In paragraph 3 thereof on line 1 by striking the words "asbestos and".

2. In paragraph 11 thereof on the second line by striking the words "asbestos and".

3. In paragraph 14 thereof on the second line by striking the words "and/or asbestosis".

4. In paragraph 15 thereof on the first line by striking the words "asbestos and".

5. In paragraph 18(c) on the third line by striking the words "and/or asbestosis".

6. In paragraph 18(d) on the third line thereof by striking the words "and/or asbestosis".



EXHIBIT
E

7.  In paragraph 18(f) on the third line thereof by striking the words "and/or asbestosis" and on the fifth line thereof by striking the words "and/or asbestosis".

8.  In paragraph 18(g) on the third line thereof by striking the words "and/or asbestosis".

9.  In paragraph 21 thereof on line 3 by striking the words "and asbestos".

10. In paragraph 22 thereof on line 2 thereof by striking the words "asbestosis and".

11. In paragraph 23 thereof on line 1 by striking the words "and asbestos".

12. In paragraph 26(a) on line 2 thereof by striking the words "asbestos and/or".

13. In paragraph 26(f) on line 2 thereof by striking the words "asbestos and" and on line 4 thereof by striking the words "asbestos and".

14. In paragraph 26(g) on line 2 thereof by striking the words "asbestos or" and on line 3 thereof by striking the words "asbestos or".

15. In paragraph 29 thereof on the last line thereof by striking the words "and/or asbestosis".

16. In paragraph 30 on line 2 thereof by striking the words "asbestos and" and on line 4 thereof by striking the words "asbestos and".

17. In paragraph 32 on line 2 thereof by striking the words "asbestos and".

18. In paragraph 33 on line 2 thereof by striking the words "and/or asbestosis".

19. In paragraph 37(g) on line 2 thereof by striking the words "asbestos or" and on line 3 thereof by striking the words "asbestos or".

20. In paragraph 38 on line 2 thereof by striking the words "and/or asbestosis".

21. In all other respects Plaintiff restates and realleges each and every allegation contained in Plaintiff's Complaint.

2

Respectfully submitted,

/S/ Jerome F. Raskas
Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:   (314) 721-7765
E-mail:  jraskas@grlawstl.com

/S/ Kent Munson
Kent Munson, # 3914
The Stolar Partnership
Attorneys for Plaintiff
911 Washington Avenue
St. Louis, Missouri 63101
Phone: (314) 231-2800
Fax:   (314) 436-8400
E-mail:  hkm@stolarlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 11/03/2005, I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Richard E. Boyle
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
E-mail:  r.boyle@gundlachlee.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1358 TCM |
| | ) | |
| 3M COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>CASE MANAGEMENT ORDER - TRACK 3: COMPLEX</u>

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the Rule 16 Conference held on <u>December 13, 2005,</u>

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

I.    **SCHEDULING PLAN**

1.    This case has been assigned to Track 3 (Complex).

2.    All motions for joinder of additional parties or amendment of pleadings shall be filed no later than <u>May 1, 2006</u>.

3.    Disclosure shall proceed in the following manner:

(a)    The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than <u>February 15, 2006</u>.

(b)    Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than <u>June 12, 2006</u>, and shall make expert witnesses available for depositions, and have depositions completed, no later than <u>July 12, 2006</u>.



EXHIBIT
F

(c)     Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **August 12, 2006**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **September 11, 2006**.

All motions filed pursuant to **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579 (1993), shall be filed no later than **October 11, 2006**.

(d)     Each party will be allowed to take **15** depositions and will be allowed to propound **50** interrogatories to the other.

(e)     Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P., must be made no later than **September 12, 2006**, and any exam must be completed by **October 12, 2006**.

Plaintiff is granted a reasonable time to depose the examining physician following his/her examination of Plaintiff.

(f)     The parties shall complete **all** discovery in this case no later than **October 12, 2006**.

(g)     Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4.     This case shall be referred to alternative dispute resolution on **November 1, 2006**, and that reference shall terminate on **January 1, 2007**.

5.     Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than **October 2, 2006**. Opposition briefs shall be filed no later than **November 2, 2006**, and any reply brief may be filed no later than **November 12, 2006.**

## II.     ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **March 19, 2007**, at **9:00 a.m.** This is a **seven-day** trial.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.     **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any

- 2 -

objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.     **Witnesses:**

(a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.     **Exhibits:**

(a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Defendant Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b)     Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)     Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4.     **Depositions, Interrogatory Answers, and Request for Admissions:**

(a)     Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

       (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

       **5.**    **Instructions:**  Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.)

       **6.**    **Trial Brief:**  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

       **7.**    **Motions In Limine:**  File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers,</u> at least ten (10) days before trial.

       Failure to comply with any part of this order may result in the imposition of sanctions.

       Dated this  <u>19th</u>  day of  <u>December</u> , 2005.

                          <u>/s/ Thomas C. Mummert, III</u>
                          THOMAS C. MUMMERT, III
                          UNITED STATES MAGISTRATE JUDGE