8751

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 17 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Asbestos Products Liability Litigation (No. VI) | ) ) ) | MDL Docket No. 875 |
| Dwight R. Johnson v. 3M Company E.D. Missouri, No. 4:05-CV-01357-DDN | ) ) ) ) | |

### PLAINTIFF'S MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER (CTO-257)

Pursuant to JPML Rule 7.4(d), Plaintiff Dwight Johnson, by and through undersigned

counsel, hereby respectfully submits this Motion to Vacate the Panel's January 24, 2006

Conditional Transfer Order (CTO-257) conditionally transferring the above-captioned case to the

Eastern District of Pennsylvania for consolidation with the In re Asbestos Products Liability

Litigation proceeding.  For the reasons set forth in the supporting Memorandum of Law in

Support submitted herewith, consolidation and transfer would be inappropriate and the Panel's

Order should be vacated.

Dated:  February 13th, 2006

Respectfully submitted,

Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff

## OFFICIAL FILE COPY

IMAGED FEB 17 2006

PLEADING NO. 4722

7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail: jraskas@grlawstl.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail this 13th day of February 2006 to the following:

Richard E. Boyle
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
E-mail: r.boyle@gundlachlee.com


Kent Munson, # 3914
The Stolar Partnership
Attorneys for Plaintiff
911 Washington Avenue
St. Louis, Missouri 63101
Phone: (314) 231-2800
Fax:    (314) 436-8400
E-mail: hkm@stolarlaw.com

Jerome F. Raskas

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 7 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Asbestos Products Liability Litigation (No.VI) | ) ) ) | MDL Docket No. 875 |
| Dwight R. Johnson v. 3M Company E.D. Missouri, No. 4:05-CV-01357-DDN | ) ) ) ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER (CTO-257)

### Preliminary Statement

Plaintiff Dwight Johnson makes no claim based on his exposure to any asbestos containing product or for asbestosis or other asbestos related condition. This case simply does not fall within the intended purpose of the multi-district court set up to handle asbestos cases.

### Background

Plaintiff was employed by ISP Minerals Inc. which produces the silicate pebbles affixed to roof tiles. ISP Minerals is located in Annapolis, Missouri, and it was in ISP Mineral's building where plaintiff worked that he was exposed to silicate dust. Large quarry rocks containing silicate were taken into the eight story ISP Minerals building where silicate dust, to

which plaintiff was exposed, was produced by rock crushers in the manufacture of silicate

pebbles. The dust created a need for adequate and properly working respirators to protect the

workers' from the inhalation of silicate dust. 3M Company's respirators failed to provide

plaintiff with this protection and plaintiff has been diagnosed with silicosis.

On August 26, 2005, plaintiff brought suit in the federal court in the Eastern District of

Missouri against 3M for damages suffered  when exposed to silicate as a result of the failure of

defendant 3M's respirators to perform properly. (Exhibit A, Plaintiff's original Complaint).

Defendant 3M moved to transfer the action to the United States District Court for the Eastern

District of Pennsylvania for coordinated pretrial proceedings pursuant to 28 USC Section 1407

with In Re Asbestos Products Liability Litigation, 771 F.Supp. 415 (J.P.M.L. 1991), MDL-875.

In In Re Asbestos Products Liability Litigation, the Judicial Panel on Multidistrict Litigation

("JPML" or "Panel") centralized all personal injury and wrongful death *asbestos* actions. 771 F.

Supp. at 420 (emphasis supplied).  Thereafter, upon motion of plaintiff, the United States District

Court for the Eastern District of Missouri permitted plaintiff to file his amended Complaint in

which all allegations in the original complaint concerning asbestos were abandoned and removed.

(Exhibit B, Plaintiff's First Amended Complaint).  A conditional transfer order was entered by

the JPML on January 24, 2006.  (Exhibit C, Conditional Transfer Order (CTO-257)).

Pursuant to J.P.M.L. Rule of Procedure 7.4(d), plaintiff Dwight R. Johnson moves to

vacate the Panel's January 24, 2006 Order.  As set forth below, consolidation of the above

captioned case would not promote 28 USC § 1407's central concerns of justice and judicial

efficiency for the reason that plaintiff's silicosis claim requires discovery particularly unique to

silicosis claims and is different from discovery relating to asbestos claims. Johnson's claims arise

only from exposure to silicate dust and this case is more likely to proceed with judicial efficiency

if handled by one court in the forum and state where the injury took place, where all of the physicians who ever saw or treated plaintiff are located, where plaintiff's employer is located, where all of plaintiff's co-workers are located, where the plaintiff is located, and most importantly, where the United States District Court for the Eastern District of Missouri, which has a national reputation for handling cases efficiently and with dispatch, is located.

## ARGUMENT

### I.   There are no common issues of fact and consolidation does not promote judicial efficiency or convenience of the parties.

When assessing the appropriateness of consolidation under § 1407, the Panel considers the following factors:  (1) do the cases depend on the existence of common issues of fact; (2) will consolidation promote the just and efficient conduct of the litigation; and (3) will consolidation promote the convenience of the parties and witnesses.  28 USC §1407; In re Tobacco/Gov. Health Care Costs Litig., 76 F.Supp.2d 5, 7-8 (D.D.C. 1999) citing In re Stirling Homex Corp. Sec. Litig., 442 F.Supp. 547, 549 (J.P.M.L. 1977)).  In the instant matter, an evaluation of these factors does not favor consolidation under § 1407 of plaintiff's claims against defendant 3M Company.

### A. The Plaintiff's First Amended Complaint contains no claims related to asbestos.

The complaint in Johnson v. 3M Company, cause number 4:05-CV-01357-DDN, was filed on August 26, 2005 in the United States District Court for the Eastern District of Missouri. (Exhibit D, Civil Docket Report).  On November 25, 2005, defendant 3M Company filed a Notice of Tag-along Action for MDL-875 pursuant to In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415 (J.P.M.L. 1991). Id.

Since the filing of that notice, medical documents acquired by plaintiff's attorney indicated that asbestos and asbestosis would not be part of plaintiff's claim against defendant 3M Company. Plaintiff subsequently filed a Motion for Leave of Court to Amend the Complaint by Interlineation on November 3, 2005. Id. Plaintiff's Motion for Leave to Amend the Complaint was granted on November 22, 2005. Id. Plaintiff's First Amended Complaint was filed on November 23, 2005. Id. The First Amended Complaint omitted any mention of asbestos and/or asbestosis and extinguished any claims related to asbestos and/or asbestosis. (Exhibit B, Plaintiff's First Amended Complaint).

Plaintiff's counsel notified the Judicial Panel on Multidistrict Litigation of the proceedings discussed above which resulted in the filing of Plaintiff's First Amended Complaint. (Exhibit E, November 29, 2005 letter to Michael J. Beck, the Clerk of the Judicial Panel on Multidistrict Litigation – CC to defendant 3M Company's attorney Richard E. Boyle).

A case may only be characterized as a "tag-along action" if it involves "common questions of fact with actions previously transferred" under 28 USC § 1407. See J.P.M.L. Rule of Procedure 1.1. It is clear from reading In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415, 420 (J.P.M.L. 1991) that cases appropriately transferred to the Eastern District of Pennsylvania pursuant to a JPML transfer order are cases regarding "personal injury and wrongful death *asbestos* actions."

In the instant matter, plaintiff's case is not appropriately transferred to the multidistrict asbestos litigation. Nowhere in Plaintiff's First Amended Complaint is there any mention of asbestos or any claim for an asbestos injury. (See Exhibit B, Plaintiff's First Amended Complaint). Rather, Plaintiff's Complaint alleges that plaintiff suffers from *silicosis* as a result of the failure of defendant 3M's respirators to provide protection against the inhalation of silicate

4

dust, to which plaintiff was exposed at his place of employment. Plaintiff has alleged claims of negligence, product liability and breach of warranty against defendant 3M which manufactured respirators and sold them to plaintiff's employer. This case is simply not a case which shares common questions of fact with the asbestos cases consolidated in MDL 875.

## B. Consolidation will not promote the just and efficient conduct of the litigation.

The most important factor in determining whether consolidation of a tag along case is appropriate is whether consolidation would promote the just and efficient conduct of the litigation. In re Tobacco/Gov. Health Care Costs Litig., 76 F.Supp.2d 5, 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. Thus, the crucial issue in determining whether to grant transfer is whether the economies of transfer outweigh the resulting inconvenience to the parties. See In re Air Crash at Schenley Golf Course, Pittsburgh, Pa., 509 F.Supp. 252 (J.P.M.L. 1979).

This case involves unique issues regarding silicosis that are not present in MDL-875, which has been set up and designed for asbestos claims. A transfer would delay discovery of these liability issues regarding defendant's defective respirators combined with damages issues regarding silicosis and would serve no purpose other than to possibly prejudice plaintiff's ability to obtain discovery from witnesses employed or controlled by defendant that are responsible for the design, manufacture, and sale of defendant's respirators.

Moreover, a Rule 16 Order has already been entered in this case by the federal court in the eastern district of Missouri. (Ex. F, Order). If this case is not consolidated with the multidistrict asbestos litigation, it will be set for trial and heard within one year, by the end of Feb. 2007. (Ex. F, Order).

Furthermore, there is nothing in the MDL-875 litigation which suggests that it was intended to treat, in multidistrict litigation, independent causes of action for injuries resulting from silicate exposure. Clearly the most efficient use of judicial resources would be to not transfer this case from the court where the plaintiff resides, the injury took place, all physicians who ever saw or treated plaintiff are located, and plaintiff's employer and co-workers are all located.

For the reasons stated herein, Plaintiff respectfully requests that the Panel grant Plaintiff's motion to vacate CTO-257, and for any further and other relief as the Court deems just and proper.

Respectfully submitted,

Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail: jraskas@grlawstl.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail this 13th day of February 2006 to the following:

Richard E. Boyle
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
E-mail: r.boyle@gundlachlee.com

Kent Munson, # 3914
The Stolar Partnership
Attorneys for Plaintiff
911 Washington Avenue
St. Louis, Missouri 63101
Phone: (314) 231-2800
Fax:     (314) 436-8400
E-mail:  hkm@stolarlaw.com

Jerome F. Raskas

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 17 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Asbestos Products Liability Litigation | ) | MDL Docket No. 875 |
| (No. VI) | ) | |
| | ) | |
| Dwight R. Johnson v. 3M Company | ) | |
| E.D. Missouri, No. 4:05-CV-01357-DDN | ) | |
| | ) | |

## <u>REASONS WHY ORAL ARGUMENT SHOULD BE HEARD</u>

Plaintiff Dwight R. Johnson requests oral argument unless this panel is inclined to

rule in favor of Plaintiff's Motion to Vacate the Panel's Conditional Transfer Order

(CTO-257) without oral argument.  We are requesting oral argument because we feel

there has been an oversight on the part of the panel in issuing the conditional order of

transfer in this case since this case has nothing to do with exposure to asbestos products.

Respectfully submitted,



Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail:  jraskas@grlawstl.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by mail this 13th day of February 2006 to the following:

Richard E. Boyle
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
Attorneys for Defendant 3M Company
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
E-mail:  r.boyle@gundlachlee.com

Kent Munson, # 3914
The Stolar Partnership
Attorneys for Plaintiff
911 Washington Avenue
St. Louis, Missouri 63101
Phone: (314) 231-2800
Fax:     (314) 436-8400
E-mail:  hkm@stolarlaw.com

_____
Jerome F. Raskas

2006 FEB 14   A 11: 10
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 17 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Asbestos Products Liability Litigation | ) | MDL Docket No. 875 |
| (No. VI) | ) | |
| | ) | |
| Dwight R. Johnson v. 3M Company | ) | |
| E.D. Missouri, No. 4:05-CV-01357-DDN | ) | |
| | ) | |

## AMENDED CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion to Vacate,

Memorandum of Law in Support of Motion to Vacate and attached Exhibits 1-F, and Reasons

Why Oral Argument Should be Heard were served by U.S. mail on February 13, 2006, to Mr.

Richard E. Boyle and Mr. H. Kent Munson, and on February 15, 2006, to the remaining

attorneys on the attached Panel Service List.

Respectfully submitted,



Jerome F. Raskas, # 41245
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail: jraskas@grlawstl.com

# PANEL SERVICE LIST (Excerpted from CTO-257)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ronald G. Toppins v. 3M Co.*, E.D. Missouri, C.A. No. 4:05-1356  (Judge E. Richard Webber)
*Dwight R. Johnson v. 3M Co.*, E.D. Missouri, C.A. No. 4:05-1357  (Judge David D. Noce)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Richard E. Boyle
Gundlach, Lee, Eggman, Boyle
 & Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

H. Kent Munson
911 Washington Avenue
7th Floor
St. Louis, MO 63101

Jerome F. Raskas
Goffstein, Raskas, Pomerantz, Kraus
& Sherman, LLC
7701 Clayton Road
St. Louis, MO 63117-1371

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

2006 FEB 15 P 4:09

RECEIVED CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 17 2006

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
AUG 26 2005
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| DWIGHT R. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. |
| 3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/ SUCCESSORS IN INTEREST | ) 4 05CV0135 DDN |
| Serve:  Registered Agent CT Corporation System 120 South Central Avenue Clayton, MO 63105 | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

**COMPLAINT**

Comes now Plaintiff Dwight Johnson, and for his cause of action against Defendant, alleges and states as follows:

**PARTIES**

1. Plaintiff is now and at all times hereinafter mentioned was a resident and citizen of the State of Missouri.

2. At all relevant times hereinafter mentioned Plaintiff was employed by ISP Mineral Inc., or its predecessor in interest, and primarily performed his job duties on the premises of his employer in Annapolis, Missouri.

3. Plaintiff's job duties involved working in areas containing asbestos and silica dust.

EXHIBIT
4

4.  Defendant 3M Company (hereinafter "3M") is a Delaware Corporation with its principle place of business in Minnesota.

5.  3M is the successor in interest to Minnesota Mining and Manufacturing Company and is responsible for any liability for its own conduct and that of Minnesota Mining and Manufacturing.

6.  At all times herein, 3M was doing business in Missouri and may be served with process by sending a copy of the summons and complaint to its registered agent at the following address: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

## JURISDICTION AND VENUE

7.  3M is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

8.  3M is subject to personal jurisdiction of this Court by virtue of the fact that 3M did and/or does business in the state of Missouri and committed torts in whole or in part in this State against Plaintiff, in this judicial district, as more fully set forth herein.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The events that give rise to this claim occurred in Iron County, Missouri which is in the judicial district for the United States District Court for the Eastern District of Missouri.

## FACTS COMMON TO ALL COUNTS

10.  For approximately twenty eight (28) years, Plaintiff was employed by ISP Minerals, Inc.

11.  During the course of his employment, Plaintiff was continuously exposed to asbestos and silica dust.

2

12.   3M is the designer, manufacturer, distributor and seller of the respirators used by Plaintiff.

13.   During the course of his employment, Plaintiff utilized respirators manufactured, designed, distributed, sold, and recommended by 3M.

14.   The respirators utilized by Plaintiff failed to perform properly which resulted in Plaintiff developing silicosis and/or asbestosis.

15.   At all times during his exposure to asbestos and silica dust, Plaintiff was unaware that 3M's respirators would fail and that this failure would cause Plaintiff serious adverse health conditions.

16.   3M knew, or should have known, that ordinary use of its product would not adequately protect users, like Plaintiff, from serious harm.  3M is liable for Plaintiff's bodily harm.

17.   Therefore, under the aforesaid facts, Plaintiff is entitled to recovery against 3M under various legal theories, including product liability, breach of warranty, and negligence.

## PLAINTIFF'S DAMAGES

18.   Plaintiff has suffered the following damages and personal injury for which he now seeks redress.

     (a)      Plaintiff Dwight Johnson has suffered, now suffers and will continue to suffer great pain of body and anguish of mind throughout his lifetime;

     (b)      Plaintiff Dwight Johnson has incurred hospital and/or medical and/or pharmaceutical and/or other expenses and Plaintiff will continue to incur such expenses in the future due to treatment necessary to prolong his life;

     (c)      Plaintiff Dwight Johnson has suffered, now suffers and will continue to suffer this impairment in the future due to the disabling and non-curable character of silicosis and/or asbestosis;

3

(d)     Plaintiff Dwight Johnson suffers and will continue to suffer permanent disabilities and will be permanently disabled in the future due to the disabling character of silicosis and/or asbestosis;

(e)     Plaintiff Dwight Johnson has suffered loss of earnings and will continue to suffer loss of earnings and wages throughout the remainder of his work life expectancy;

(f)     Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities. Due to the disabling effects of silicosis and/or asbestosis, Plaintiff has been and will be prevented from participating in said activities, which were normal to him prior to developing silicosis and/or asbestosis. Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

(g)     Plaintiff Dwight Johnson has suffered, now suffers and will continue to suffer from a shortened life expectancy and the mental anguish thereby caused due to the terminal nature of silicosis and/or asbestosis;

(h)     Plaintiff Dwight Johnson has suffered, now suffers and will continue to suffer from shortness of breath, extensive coughing and wheezing, severe impairment and limitation of lung functions, and chest pain. Further, Plaintiff has suffered, now suffers and will continue to suffer from mental anguish caused by the embarrassment of constantly coughing, wheezing, and sounding short of breath.

19.  Plaintiff also seeks punitive and exemplary damages.

## COUNT I

## PRODUCT LIABILITY

Comes now Plaintiff and for Count I of his Complaint against Defendant alleges:

20.  Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through nineteen and every sub paragraph therein as though they are fully set forth herein.

21.  At all material times, 3M was engaged in the business of manufacturing, distributing, supplying and/or marketing respirators intended to protect Plaintiff from silica dust and asbestos.

4

22.  3M's respirators were used by Plaintiff in order to protect Plaintiff from inhalation of asbestos and silica dust.

23.  3M's respirators failed to protect Plaintiff from inhaling silica dust and asbestos thereby directly causing or contributing to cause plaintiff damage.

24.  The respirators were in a defective condition, and unreasonably dangerous when sold by 3M.  Said defective, unreasonably dangerous condition caused or was a contributing cause of the injuries and damages made the basis of this suit.

25.  3M is liable to Plaintiff because as designers, manufacturers, distributors, and/or sellers of its products in a defective unreasonably dangerous condition, 3M owed Plaintiff a strict duty not to cause harm through the use of 3M's defective and unreasonably dangerous products.

26.  Further, 3M sold and placed in the stream of commerce defective and unreasonably dangerous products which were not safe for their reasonably anticipated use because 3M:

(a)   Knew, or with the exercise of reasonable care, should have known that its products would not protect against asbestos and/or silica dust and therefore the respirators were in a defective, unreasonably dangerous condition;

(b)   Failed to warn Plaintiff of such dangers that were posed by 3M's defective and unreasonably dangerous products;

(c)   Knew or, it was reasonably foreseeable that 3M's products would be used by users or consumers such as Plaintiff, in the manner in which 3M's products were used;

(d)   Failed to instruct Plaintiff in the proper use of 3M's products to protect Plaintiff from harm, if, in truth, there was a way that the product could protect from such harm;

(e)   Knew, or with the exercise of reasonable care, should have known that 3M's products were designed in a manner where the products did not properly fit Plaintiff and those similarly situated;

(f)    Knew, or with the exercise of reasonable care, should have known that 3M's product was ineffective in repelling asbestos and silica dust in that when Plaintiff used 3M's product in a manner which 3M intended for the product to be used, asbestos and silica dust would cake on the outside and the inside of the respirator causing Plaintiff to inhale the dangerous particles;

(g)    Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel asbestos or silica dust or prevent Plaintiff from breathing asbestos or silica dust.

27.   3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff Dwight Johnson and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)    In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)    Costs of suit;

(c)    Pre-judgment and post judgment interest;

(d)    Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)    Such other and further relief as this Court deems just and proper.

<u>**COUNT II**</u>

<u>**BREACH OF WARRANTY**</u>

Comes now Plaintiff and for Count II of his Complaint against Defendant alleges:

28.   Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through twenty seven and every sub paragraph therein as though they are fully set forth herein.

29.   At all material times, 3M was a merchant who sold respirators and as such, 3M breached its implied warranty of fitness for a particular purpose that its product would be safe

6

and not unreasonably dangerous for use by the general public, and breached its implied warranty of merchantability. Said breaches caused or were the contributing causes of Plaintiff's silicosis and/or asbestosis.

30.  3M knew or should have known that its respirators would be purchased and used in environments containing asbestos and silica dust particles. Further, 3M knew or should have known that its respirators would be purchased and used as a means of protecting Plaintiff from inhaling asbestos and silica dust particles.

31.  Plaintiff reasonably relied on 3M's judgment that the respirators were fit for use in Plaintiff's work environment.

32.  3M's respirators were not fit for use in Plaintiff's work environment because the respirators failed to protect Plaintiff and others from inhaling asbestos and silica dust.

33.  As a direct result of 3M's respirators being unfit for use in Plaintiff's work environment, Plaintiff was damaged in that he suffers from silicosis and/or asbestosis.

34.  3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)     In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)     Costs of suit;

(c)     Pre-judgment and post judgment interest;

(d)     Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)     Such other and further relief as this Court deems just and proper.

7

## COUNT III

### NEGLIGENCE

Comes now Plaintiff and for Count III of his Complaint against Defendant alleges as follows:

35.  Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through thirty four and every sub paragraph therein as though they are fully set forth herein.

36.  3M knew, or in the exercise of ordinary care, should have known of unreasonable risks of harm posed by use of its products.

37.  Despite its actual or constructive knowledge that its respirators pose an unreasonable risk of harm, 3M:

    (a)    Failed to provide adequate warning and/or instruction with regard to the masks;

    (b)    Failed to provide proper fitting;

    (c)    Failed to perform testing;

    (d)    Failed to properly design their masks;

    (e)    Failed to conduct monitoring and/or testing of persons who handled and worked with its respirators;

    (f)    Failed to accompany its respirators with adequate warnings;

    (g)    Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel asbestos or silica dust or prevent Plaintiff from breathing asbestos or silica dust.

38.  The acts and/or omissions by 3M directly caused or directly contributed to cause Plaintiff's silicosis and/or asbestosis damages as set forth herein.

8

39.  3M's aforestated conduct was done with conscious disregard for the safety of

Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)     In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)     Costs of suit;

(c)     Pre-judgment and post judgment interest;

(d)     Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)     Such other and further relief as this Court deems just and proper.

9

_Jur. F. Raskus_
Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:05-cv-01357-DDN |
| | ) | |
| 3M COMPANY, AS SUCCESSOR BY | ) | |
| MERGER TO MINNESOTA MINING | ) | |
| & MANUFACTURING COMPANY | ) | |
| AND/OR ITS PREDECESSORS/ | ) | |
| SUCCESSORS IN INTEREST | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Comes now Plaintiff Dwight Johnson, and for his cause of action against Defendant,

alleges and states as follows:

**PARTIES**

1. Plaintiff is now and at all times hereinafter mentioned was a resident and citizen

of the State of Missouri.

2. At all relevant times hereinafter mentioned Plaintiff was employed by ISP

Mineral Inc., or its predecessor in interest, and primarily performed his job duties on the

premises of his employer in Annapolis, Missouri.

3. Plaintiff's job duties involved working in areas containing silica dust.

4. Defendant 3M Company (hereinafter "3M") is a Delaware Corporation with its

principle place of business in Minnesota.



EXHIBIT
B

5.  3M is the successor in interest to Minnesota Mining and Manufacturing Company and is responsible for any liability for its own conduct and that of Minnesota Mining and Manufacturing.

6.  At all times herein, 3M was doing business in Missouri and may be served with process by sending a copy of the summons and complaint to its registered agent at the following address: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

## JURISDICTION AND VENUE

7.  3M is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

8.  3M is subject to personal jurisdiction of this Court by virtue of the fact that 3M did and/or does business in the state of Missouri and committed torts in whole or in part in this State against Plaintiff, in this judicial district, as more fully set forth herein.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The events that give rise to this claim occurred in Iron County, Missouri which is in the judicial district for the United States District Court for the Eastern District of Missouri.

## FACTS COMMON TO ALL COUNTS

10.  For approximately twenty eight (28) years, Plaintiff was employed by ISP Minerals, Inc.

11.  During the course of his employment, Plaintiff was continuously exposed to silica dust.

12.  3M is the designer, manufacturer, distributor and seller of the respirators used by Plaintiff.

2

13. During the course of his employment, Plaintiff utilized respirators manufactured, designed, distributed, sold, and recommended by 3M.

14. The respirators utilized by Plaintiff failed to perform properly which resulted in Plaintiff developing silicosis.

15. At all times during his exposure to silica dust, Plaintiff was unaware that 3M's respirators would fail and that this failure would cause Plaintiff serious adverse health conditions.

16. 3M knew, or should have known, that ordinary use of its product would not adequately protect users, like Plaintiff, from serious harm.  3M is liable for Plaintiff's bodily harm.

17. Therefore, under the aforesaid facts, Plaintiff is entitled to recovery against 3M under various legal theories, including product liability, breach of warranty, and negligence.

## PLAINTIFF'S DAMAGES

18. Plaintiff has suffered the following damages and personal injury for which he now seeks redress.

    (a)    Plaintiff Dwight Johnson has suffered, now suffers and will continue to suffer great pain of body and anguish of mind throughout his lifetime;

    (b)    Plaintiff Dwight Johnson has incurred hospital and/or medical and/or pharmaceutical and/or other expenses and Plaintiff will continue to incur such expenses in the future due to treatment necessary to prolong his life;

    (c)    Plaintiff Dwight Johnson has suffered, now suffers and will continue to suffer this impairment in the future due to the disabling and non-curable character of silicosis;

    (d)    Plaintiff Dwight Johnson suffers and will continue to suffer permanent disabilities and will be permanently disabled in the future due to the disabling character of silicosis;

3

(e)   Plaintiff Dwight Johnson has suffered loss of earnings and will continue to suffer loss of earnings and wages throughout the remainder of his work life expectancy;

(f)   Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities. Due to the disabling effects of silicosis, Plaintiff has been and will be prevented from participating in said activities, which were normal to him prior to developing silicosis. Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

(g)   Plaintiff Dwight Johnson has suffered, now suffers and will continue to suffer from a shortened life expectancy and the mental anguish thereby caused due to the terminal nature of silicosis;

(h)   Plaintiff Dwight Johnson has suffered, now suffers and will continue to suffer from shortness of breath, extensive coughing and wheezing, severe impairment and limitation of lung functions, and chest pain. Further, Plaintiff has suffered, now suffers and will continue to suffer from mental anguish caused by the embarrassment of constantly coughing, wheezing, and sounding short of breath.

19.   Plaintiff also seeks punitive and exemplary damages.

## COUNT I

## PRODUCT LIABILITY

Comes now Plaintiff and for Count I of his Complaint against Defendant alleges:

20.   Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through nineteen and every sub paragraph therein as though they are fully set forth herein.

21.   At all material times, 3M was engaged in the business of manufacturing, distributing, supplying and/or marketing respirators intended to protect Plaintiff from silica dust.

22.   3M's respirators were used by Plaintiff in order to protect Plaintiff from inhalation of silica dust.

4

23.  3M's respirators failed to protect Plaintiff from inhaling silica dust thereby directly causing or contributing to cause plaintiff damage.

24.  The respirators were in a defective condition, and unreasonably dangerous when sold by 3M.  Said defective, unreasonably dangerous condition caused or was a contributing cause of the injuries and damages made the basis of this suit.

25.  3M is liable to Plaintiff because as designers, manufacturers, distributors, and/or sellers of its products in a defective unreasonably dangerous condition, 3M owed Plaintiff a strict duty not to cause harm through the use of 3M's defective and unreasonably dangerous products.

26.  Further, 3M sold and placed in the stream of commerce defective and unreasonably dangerous products which were not safe for their reasonably anticipated use because 3M:

> (a)    Knew, or with the exercise of reasonable care, should have known that its products would not protect against silica dust and therefore the respirators were in a defective, unreasonably dangerous condition;
>
> (b)    Failed to warn Plaintiff of such dangers that were posed by 3M's defective and unreasonably dangerous products;
>
> (c)    Knew or, it was reasonably foreseeable that 3M's products would be used by users or consumers such as Plaintiff, in the manner in which 3M's products were used;
>
> (d)    Failed to instruct Plaintiff in the proper use of 3M's products to protect Plaintiff from harm, if, in truth, there was a way that the product could protect from such harm;
>
> (e)    Knew, or with the exercise of reasonable care, should have known that 3M's products were designed in a manner where the products did not properly fit Plaintiff and those similarly situated;
>
> (f)    Knew, or with the exercise of reasonable care, should have known that 3M's product was ineffective in repelling silica dust in that when Plaintiff used 3M's product in a manner which 3M intended for the product to be used, silica

5

dust would cake on the outside and the inside of the respirator causing Plaintiff to inhale the dangerous particles;

(g)   Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust.

27.   3M's aforestated conduct was done with conscious disregard for the safety of

Plaintiff Dwight Johnson and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)   In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)   Costs of suit;

(c)   Pre-judgment and post judgment interest;

(d)   Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)   Such other and further relief as this Court deems just and proper.

## COUNT II

## BREACH OF WARRANTY

Comes now Plaintiff and for Count II of his Complaint against Defendant alleges:

28.   Plaintiff hereby restates and realleges each and every allegation contained in

paragraphs one through twenty seven and every sub paragraph therein as though they are fully

set forth herein.

29.   At all material times, 3M was a merchant who sold respirators and as such, 3M

breached its implied warranty of fitness for a particular purpose that its product would be safe

and not unreasonably dangerous for use by the general public, and breached its implied warranty

of merchantability.  Said breaches caused or were the contributing causes of Plaintiff's silicosis.

6

30.  3M knew or should have known that its respirators would be purchased and used in environments containing silica dust particles.  Further, 3M knew or should have known that its respirators would be purchased and used as a means of protecting Plaintiff from inhaling silica dust particles.

31.  Plaintiff reasonably relied on 3M's judgment that the respirators were fit for use in Plaintiff's work environment.

32.  3M's respirators were not fit for use in Plaintiff's work environment because the respirators failed to protect Plaintiff and others from inhaling silica dust.

33.  As a direct result of 3M's respirators being unfit for use in Plaintiff's work environment, Plaintiff was damaged in that he suffers from silicosis.

34.  3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)     In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)     Costs of suit;

(c)     Pre-judgment and post judgment interest;

(d)     Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)     Such other and further relief as this Court deems just and proper.

7

## COUNT III

### NEGLIGENCE

Comes now Plaintiff and for Count III of his Complaint against Defendant alleges as follows:

35.   Plaintiff hereby restates and realleges each and every allegation contained in paragraphs one through thirty four and every sub paragraph therein as though they are fully set forth herein.

36.   3M knew, or in the exercise of ordinary care, should have known of unreasonable risks of harm posed by use of its products.

37.   Despite its actual or constructive knowledge that its respirators pose an unreasonable risk of harm, 3M:

(a)    Failed to provide adequate warning and/or instruction with regard to the masks;

(b)    Failed to provide proper fitting;

(c)    Failed to perform testing;

(d)    Failed to properly design their masks;

(e)    Failed to conduct monitoring and/or testing of persons who handled and worked with its respirators;

(f)    Failed to accompany its respirators with adequate warnings;

(g)    Knew, or with the exercise of reasonable care, should have known that 3M's product contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust.

38.   The acts and/or omissions by 3M directly caused or directly contributed to cause Plaintiff's silicosis damages as set forth herein.

8

39. 3M's aforestated conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)    In an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)    Costs of suit;

(c)    Pre-judgment and post judgment interest;

(d)    Punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/S/ Jerome F. Raskas
Jerome F. Raskas, # 4124
Goffstein, Raskas, Pomerantz
Kraus, & Sherman, L.L.C.
Attorneys for Plaintiff
7701 Clayton Road
St. Louis, MO 63117
Phone: (314) 721-7171
Fax:    (314) 721-7765
E-mail:  jraskas@grlawstl.com

/S/ Kent Munson
Kent Munson, # 3914
The Stolar Partnership
Attorneys for Plaintiff
911 Washington Avenue
St. Louis, Missouri 63101
Phone: (314) 231-2800
Fax:    (314) 436-8400
E-mail:  hkm@stolarlaw.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on 11/23/2005, I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Richard E. Boyle
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
Phone: (618) 277-9000
Fax:    (618) 277-4594
E-mail: r.boyle@gundlachlee.com
Attorney for Defendant

/s/ Jerome F. Raskas

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 4 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-257)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 80,139 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

EXHIBIT
C

FULLCON, TRCK2

## U.S. District Court
### Eastern District of Missouri (LIVE) (St. Louis)
### CIVIL DOCKET FOR CASE #: 4:05-cv-01357-DDN

| | |
|---|---|
| Johnson v. 3M Company | Date Filed: 08/26/2005 |
| Assigned to: Mag Judge David D. Noce | Jury Demand: Both |
| Demand: $75,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Personal Injury | Jurisdiction: Diversity |

**Plaintiff**

**Dwight R. Johnson**                              represented by **Jerome F. Raskas, Sr.**
GOFFSTEIN AND RASKAS
7701 Clayton Road
St. Louis, MO 63117
314-721-7171
Fax: 314-721-7765
Email: jraskas@grlawstl.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**H. Kent Munson**
STOLAR PARTNERSHIP
911 Washington Avenue
Seventh Floor
St. Louis, MO 63101
314-231-2800
Fax: 314-436-8400
Email: hkm@stolarlaw.com
*ATTORNEY TO BE NOTICED*

**Kent F. Caruthers**
GOFFSTEIN AND RASKAS
7701 Clayton Road
St. Louis, MO 63117
314-721-7171
Fax: 314-721-7765
Email: kcaruthers@grlawstl.com
*ATTORNEY TO BE NOTICED*

**Lori R. Koch**
GOFFSTEIN AND RASKAS
7701 Clayton Road
St. Louis, MO 63117
314-721-7171
Fax: 314-721-7765
Email: lkoch@grlawstl.com
*ATTORNEY TO BE NOTICED*

**EXHIBIT**
*D*

V.

**Defendant**

**3M Company**
*as Successor by Merger to Minnesota*
*Mining & Manufacturing Company*
*and/or its Predecessors/Successors in*
*interest*

represented by **Richard E. Boyle**
GUNDLACH AND LEE
5000 W. Main Street
P.O. Box 23560
Belleville, IL 62226-0560
618-277-9000
Fax: 618-277-4594
Email: r.boyle@gundlachlee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/26/2005 | 1 | COMPLAINT against defendant 3M Company Waivers issued 1, in the amount of $250, Consents issued 2, Disclosure of Corporate Interest issued to deft, jury Demand,, filed by Dwight R. Johnson. (Attachments: # 1 Civil Cover Sheet # 2 Original Filing Form)(SAJ, ) (Entered: 08/26/2005) |
| 08/26/2005 | | Receipt # S2005-009873 in the amount of $250.00 for CIVIL FILING FEE, CIVIL FILING FEE-2ND 1/2 on behalf of GOFFSTEIN, ROSKAS, POMERANTZ, ET AL. (CSW,) (Entered: 08/26/2005) |
| 08/29/2005 | 2 | IT IS HEREBY ORDERED that plaintiff shall forthwith serve process in this matter or mail request(s) for waiver of service. Please refer to Order for further specifics. Signed by Judge David D. Noce on 8/29/05. (KLH, ) (Entered: 08/29/2005) |
| 10/25/2005 | 3 | ANSWER to Complaint by 3M Company.(Boyle, Richard) (Entered: 10/25/2005) |
| 10/25/2005 | 4 | NOTICE by Defendant 3M Company Tag Along Action and Motion to Stay Proceedings: (Boyle, Richard) (Entered: 10/25/2005) |
| 10/25/2005 | 5 | DISCLOSURE OF CORPORATION INTERESTS CERTIFICATE by Defendant 3M CompanyParent companies: None, Subsidiaries: The only publicly traded subsidiary not wholly owned by 3M Cmopany is 3M India Limited, Publicly held company: None,. (Boyle, Richard) (Entered: 10/25/2005) |
| 10/26/2005 | 6 | MOTION to Stay *and Notice of Tag Along Action* by Defendant 3M Company. (Boyle, Richard) (Entered: 10/26/2005) |
| 10/31/2005 | 7 | ENTRY of Appearance by H. Kent Munson for Plaintiff Dwight R. Johnson. (Munson, H.) (Entered: 10/31/2005) |
| 11/03/2005 | 8 | MOTION for Leave to Amend Complaint by Plaintiff Dwight R. Johnson. (Raskas, Jerome) (Entered: 11/03/2005) |

| 11/03/2005 | 9 | MEMORANDUM in Support of Motion re 8 MOTION for Leave to Amend Complaint filed by Plaintiff Dwight R. Johnson. (Attachments: # 1 Amendment of Complaint by Interlineation)(Raskas, Jerome) (Entered: 11/03/2005) |
| 11/16/2005 | 10 | MOTION for Leave to File Memorandum in Opposition to Defendant's Motion to Stay Proceedings by Plaintiff Dwight R. Johnson. (Koch, Lori) (Entered: 11/16/2005) |
| 11/16/2005 | 11 | MEMORANDUM in Opposition re 6 Defendant's Motion to Stay and 4 Notice, by Plaintiff Dwight R. Johnson. (Koch, Lori) Modified on 11/17/2005 (KLH, ). (Entered: 11/16/2005) |
| 11/17/2005 | 12 | ENTRY of Appearance by Lori R. Koch for Plaintiff Dwight R. Johnson. (Koch, Lori) (Entered: 11/17/2005) |
| 11/22/2005 | 13 | MEMORANDUM AND ORDER. IT IS HEREBY ORDERED that the motion of plaintiff to amend the complaint 8 is sustained. Plaintiff shall have 14 days in which to file an amended complaint. FURTHER ORDERED that the motion of defendant to stay this action 6 is denied. Signed by Judge David D. Noce on 11/22/05. (KLH, ) (Entered: 11/22/2005) |
| 11/22/2005 | 14 | RULE 16 ORDER. This case is assigned to Track: 2: Standard. Joint Scheduling Plan due by 12/19/2005. Rule 16 Conference set for 12/27/2005 02:00 PM in Telephone before Mag Judge David D. Noce. Magistrate Consent due by 12/19/2005. Signed by Judge David D. Noce on 11/22/05. (KLH, ) (Entered: 11/22/2005) |
| 11/23/2005 | 15 | AMENDED COMPLAINT against defendant 3M Company Amendment to 1 Complaint, jury demand, , filed by Dwight R. Johnson. Related document: 1 Complaint, filed by Dwight R. Johnson,.(Raskas, Jerome) (Entered: 11/23/2005) |
| 12/19/2005 | 16 | JOINT SCHEDULING PLAN by Plaintiff Dwight R. Johnson. *Pertaining to the December 27, 2005 Scheduling Conference.* (Raskas, Jerome) (Entered: 12/19/2005) |
| 12/27/2005 | 17 | FULL CONSENT has been received by Plaintiff Dwight R. Johnson, Defendant 3M Company. (KLH, ) (Entered: 12/27/2005) |
| 12/27/2005 | 18 | Minute Entry for proceedings held before Judge David D. Noce : Rule 16 Conference held on 12/27/2005. (Court Reporter or FTR Gold Operator initials:L Wildermuth.) (FTR Gold yes or no: yes.) (proceedings started: 1:40.) (proceedings ended: 1:48.) (LLW, ) (Entered: 12/27/2005) |
| 12/28/2005 | 19 | CASE MANAGEMENT ORDER This case is assigned to Track: 2 Standard Motion to Join Parties due by 5/1/2006. Discovery Completion due by 10/12/2006. ADR Future Reference 10/1/2006. Dispositive Motions due by 10/2/2006. Jury Trial set for 5/21/2007 09:00 AM before Mag Judge David D. Noce. Pretrial Conference set for 5/9/2007 10:00 AM before Mag Judge David D. Noce. Pretrial Compliance due by 5/1/2007.. Signed by Judge David D. Noce on 12/28/05. (CQL, ) |

| | | (Entered: 12/28/2005) |
|---|---|---|
| 12/28/2005 | 20 | ENTRY of Appearance by Kent F. Caruthers for Plaintiff Dwight R. Johnson. (Caruthers, Kent) (Entered: 12/28/2005) |
| 01/12/2006 | 21 | ANSWER to Amended Complaint by 3M Company.(Boyle, Richard) (Entered: 01/12/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/02/2006 09:39:29 | | |
| PACER Login: | gr0451 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:05-cv-01357-DDN |
| Billable Pages: | 2 | Cost: | 0.16 |

LAW OFFICES
**GOFFSTEIN, RASKAS, POMERANTZ**
**KRAUS & SHERMAN, L.L.C.**
7701 CLAYTON ROAD
ST. LOUIS, MISSOURI 63117-1371

TELEPHONE (314) 721-7171
FACSIMILE   (314) 721-7765

SANFORD GOFFSTEIN
JEROME F. RASKAS
SANFORD E. POMERANTZ          *ALSO ADMITTED TO THE ILLINOIS BAR
JEROME S. KRAUS
DON R. SHERMAN
ROBERT M. SUSMAN*
EDWARD L. ADELMAN*
LORI R. KOCH*                              November 29, 2005
ROBERT E. TUCKER*

PETER H. LOVE *
GRANT T. WILLIAMS
KENT F. CARUTHERS
ELLEN K. SIEGEL

BERNARD A. RUTHMEYER
MARK D. SADOW
LAWRENCE J. PERMUTER
BERNARD SUSMAN
JANE C. BURNS
Of Counsel

Michael J. Beck
Judicial Panel Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, Northeast, Room G-255, North Lobby
Washington, D.C. 20002-8004

      Re:    **Dwight R. Johnson v. 3M Company**
            **Cause No. 4:05-CE-01357-DDN**

Michael J. Beck:

      I am an attorney in St. Louis, Missouri representing Dwight Johnson in the above captioned case in the United States District Court for the Eastern District of Missouri. In this case Defendant 3M Company filed a Notice of Tag-along Action for MDL 875, In Re: Asbestos Products Liability.

      Since the filing of that notice, medical documents acquired by Plaintiff's attorney indicate that asbestos and asbestosis will not be part of Plaintiff's claim against Defendant 3M Company.

      Plaintiff filed a Motion for Leave to Amend the Complaint by Interlineation on November 3, 2005. Plaintiff's Motion for Leave to Amend the Complaint was granted by the Court on November 22, 2005. The Court further ordered Plaintiff to file an Amended Complaint. The First Amended Complaint was filed on November 23, 2005 which omitted any mention of asbestos and/or asbestosis and extinguished any claims related to asbestos and/or asbestosis.

      Please find enclosed a copy of the First Amended Complaint which is being submitted to aid in the determination of whether transfer of this case to the United States District Court for the Eastern District of Pennsylvania pursuant to In Re: Asbestos Products Liability Civil Action No. MDL 875 is appropriate.

      Thank you for your time and consideration in this matter.

                    Sincerely yours,

                    JEROME F. RASKAS

JFR/tj
Enclosure
Richard E. Boyle

**EXHIBIT**
_E_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DWIGHT R. JOHNSON,                    )
                                      )
              Plaintiff,              )
                                      )
       v.                             )        No. 4:05 CV 1357 DDN
                                      )
3M COMPANY,                           )
                                      )
              Defendant.              )

### ORDER SETTING RULE 16 CONFERENCE

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that,

**Consent:** This case has been randomly assigned to a United States Magistrate Judge.   Unless previously submitted, no later than **December 19, 2005**, each party must submit to the Clerk's Office the consent/option form either consenting to the jurisdiction of a United States Magistrate Judge or opting to have the case assigned to a United States District Judge.

1. **Scheduling Conference:** A Scheduling Conference pursuant to Rule 16, Fed.R.Civ.P., is set for **December 27, 2005**, at **2:00 p.m. by telephone with the undersigned**. At the scheduling conference counsel will be expected to discuss in detail all matters covered by Rule 16, Fed.R.Civ.P., as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3, and a firm and realistic trial setting will be established at or shortly after the conference.

2. **Meeting of Counsel:** Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following: the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and other topics listed below or in Rule 16 and Rule 26(f), Fed.R.Civ.P.   Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference, and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of



EXHIBIT
F

any offers or demands; and, suitability for Alternative Dispute Resolution.  This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only _one_ proposed scheduling plan may be submitted in any case, and it must be signed by counsel for _all_ parties.  It will be the responsibility of counsel for the plaintiff to actually submit the joint proposed scheduling plan to the Court.  If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3.  **Joint Proposed Scheduling Plan**: No later than **December 19, 2005**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan.  **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| Track 1: Expedited | Track 2: Standard | Track 3: Complex |
|---|---|---|
| *Disposition w/i 12 mos of filing | *Disposition w/i 18 mos of filing | *Disposition w/i 24 mos of filing |
| *120 days for discovery | *180-240 days from R16 Conf. for discovery/dispositive motions | *240-360 days from R16 Conf for discovery/dispositive motions |

**The parties' joint proposed scheduling plan shall include:**

(a)  whether the Track Assignment is appropriate; **NOTE: This case has been assigned to Track  2:  (  Standard  ).**

(b)  dates for joinder of additional parties or amendment of pleadings;

(c)  a discovery plan including:

(i)  a date or dates by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1), Fed.R.Civ.P.,

(ii)  whether discovery should be conducted in phases or limited to certain issues,

(iii)  dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(iv)  whether the presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five

(25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P. should apply in this case, and if not, the reasons for the variance from the rules,

(v) whether any physical or mental examinations of parties will be requested pursuant to Rule 35, Fed.R.Civ.P., and if so, by what date that request will be made and the date the examination will be completed,

(vi) a date by which all discovery will be completed **(see applicable track range, Section 3. above)** ;

(vii) any other matters pertinent to the completion of discovery in this case,

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e) dates for filing any motions to dismiss or motions for summary judgment **(see applicable track range, Section 3. above)** ;

(f) the earliest date by which this case should reasonably be expected to be ready for trial **(see applicable track range, Section 3. above)**;

**PLEASE NOTE:**

**The court has assigned this case to Track 2 for disposition prior to 18 months after commencement of the action. Therefore, please select a trial period which, for this case, will result in the final disposition of this action in this court before February 26, 2007. Further, Track 2 requires that the conclusion of pretrial discovery and the filing of dispositive motions occur within 180-240 days following the Rule 16 conference. Therefore, for this case, please select dates for the conclusion of discovery and the filing of dispositive motions before August 27, 2006.**

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

4. **Disclosure of Corporate Interests**: All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D.Mo. L.R. 2.09.

5.   **Pro Se Parties**: If any party appears in this action pro se, such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order.


_____

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**


Signed on November 22, 2005.


- 4 -