CARLSMITH BALL LLP

J. PATRICK MASON
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam  96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Kaiser Gypsum Company, Inc.

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
### MDL-875: IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
### PERTAINING TO CONDITIONAL TRANSFER ORDER 254
A Case Arising in the United States District Court of Guam

| | |
|---|---|
| CESS NAVARRO OLMO and RONNIE PASCUAL FERRERAS,<br><br>Plaintiffs,<br><br>vs.<br><br>A.P. GREEN INDUSTRIES, INC., A.P. GREEN SERVICES, INC., A.W. CHESTERTON COMPANY, AMCHEM PRODUCTS, INC., ARMSTRONG WORLD INDUSTRIES, INC., ASBESTOS CLAIMS MANAGEMENT CORPORATION, BABCOCK & WILCOX COMPANY, COMBUSTION ENGINEERING, INC., DOW CHEMICAL COMPANY, DRESSER INDUSTRIES, INC., FELITALLIC, INC., FLINTKOTE COMPANY, FOSTER WHEELER CORP., GAF CORPORATION, GARLOCK, INC., GEORGIA-PACIFIC CORPORATION, HARBISON-WALKER REFRACTORIES CO., HONEYWELL INTERNATIONAL, INC., JOHN CRANE, INC., KAISER GYPSUM COMPANY, INC., METROPOLITAN LIFE INSURANCE COMPANY, OWENS CORNING, OWENS-ILLINOIS, INC., PITTSBURG CORNING CORPORATION, QUIGLEY COMPANY, INC., UNITED STATES GYPSUM COMPANY, and VIACOM, INC.,<br><br>Defendants. | DOCKET NO. MDL-875<br>CTO-254<br><br>(U.S. District Court of Guam Civil Case No. 05-00025)<br><br>**DEFENDANT KAISER GYPSUM COMPANY, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NUMBER 254; DECLARATION OF SERVICE**<br><br>**Filed By Facsimile To (202) 502-2888** |

4832-9875-9936.1.000901-00030

IMAGED FEB 2 2 2006

OFFICIAL FILE COPY          ORIGINAL



Defendant Kaiser Gypsum Company, Inc. ("Kaiser Gypsum") submits this memorandum in Opposition to Plaintiffs' motion to vacate Conditional Transfer Order number 254.

## I. INTRODUCTION

This case was brought in the United States District Court of Guam. On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued a Conditional Transfer Order ("CTO-254") transferring the case to the Eastern District of Pennsylvania. After filing their Notice of Opposition, Plaintiffs filed a Motion to vacate the conditional transfer order as it pertains to this case.

## II. DISCUSSION

This case involves allegations of personal injury caused by asbestos. Therefore, this case is a classic tag-along action with the same questions of fact common to virtually every other asbestos personal injury or wrongful death case.

In their brief in support of their motion, Plaintiffs argue that the distinction between this case and other cases subject to CTO-254 is that the Plaintiffs are "individuals who reside in the Philippines and have sought relief in the Untied States forum that is physically closest to them." Pl's Brief at 4. Plaintiffs point out that Guam is relatively close to where they reside - only 3 1/2 hours by plane. *Id.* Plaintiffs argue that they are terminally ill and the transfer would be oppressive or vexing due to the distance from the Philippines to the mainland United States. *Id.* Plaintiffs add that Plaintiffs' counsel would be significantly burdened if compelled to travel to Pennsylvania which is almost 10,000 miles away from Guam. *Id.* at 4-5. However, Kaiser Gypsum submits that these arguments are contrary to the Panel's reasoning and prior holdings on the transfer of personal injury or wrongful death asbestos cases to the MDL Court.

As the Panel is aware, since July 1991, federal cases involving allegations of personal injury or wrongful death caused by asbestos have been centralized in the MDL Court. See *In Re*

*Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In *In Re Asbestos Products Liability Litigation (No. VI)*, this Panel was asked to decide whether over 26,000 asbestos related cases pending in 87 federal districts should be consolidated for pretrial proceedings before the MDL Court. The Panel found that "the actions in this litigation involve common questions of fact related to injuries or wrongful death allegedly causes by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id.* at 417. The Panel added that the magnitude of federal pending asbestos personal injury/wrongful death actions persuaded it that centralization of these cases would be for the convenience of parties and witnesses and would promote the just and efficient conduct of such actions. *Id.* at 418.

Regarding the burdens and inconvenience of transfer, the Panel stated:

> We remain sensitive to concerns of some parties that § 1407 transfer will be burdensome or inconvenient. We note that since § 1407 transfer is primarily for pretrial, there is usually no need for parties and witnesses to travel to the transferee district for depositions or otherwise. (citation). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. (citation). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel, and judiciary, thereby effectuating an overall savings of cost and a reduction of inconvenience to all concerned. (citation).

(Footnote omitted). *Id.* 422. In weighting the interests of all the plaintiffs and all the defendants and considering multiple litigation as a whole in the light of the purposes of the law, the Panel held: "It is this prospective that leads us to conclude that centralization in a single district of all pending federal personal injury and wrongful death asbestos actions is necessary." *Id.* at 420.

Additionally, the Panel mentioned the importance of the MDL Court's extensive experience in complex litigation in general and asbestos litigation in particular. *Id.* at 423. This

expertise is invaluable in such litigation. See <u>In Re Ivy</u>, 901 F.2d 7,9 (2d Cir. 1990) (there are real economies in transferring such complex cases to a judge who has been handling similar litigation for a significant period of time).

The following four personal injury-asbestos cases brought in the United States District Court for the Northern Mariana Islands were recently transferred to the MDL Court: <u>Dominador Javier v. Owens-Illinois, Inc, et al</u>, D. Northern Mariana Islands, C.A. No. 1:03-31; <u>Romeo Pascua, et al v. Owens-Illinois, Inc, et al</u>, D. Northern Mariana Islands, C.A. No. 1:03-32; <u>Rochelio Echon, et al v. Owens-Illinois, Inc, et al</u>, D. Northern Mariana Islands, C.A. No. 1:03-003; <u>Jose Reandino, et al v. Owens-Illinois, Inc, et al</u>, D. Northern Mariana Islands, C.A. No. 1:03-0034. See Attached Exhibit A: <u>In Re Asbestos Products Liability Litigation (No. VI)</u> Transfer Order (August 4, 2004). In these cases, the Plaintiffs brought motions to vacate the Panel's conditional transfer order. The Panel denied the motions. *Id.*

Like the case now before the Court, in the Northern Mariana Island cases, the Plaintiffs alleged that they are citizens and residents of the Republic of the Philippines. Both Guam and the Commonwealth of the Northern Mariana Islands (CNMI) are located in the chain of islands known as the Mariana Islands. Both the District Court of the Northern Mariana Islands and the District Court of Guam are approximately 3½ hours by plane from Manila and approximately 10,000 miles from Pennsylvania. Hence, any inconvenience and expense caused by the transfer of cases to the MDL Court is essentially the same for a transfer from the Guam District Court as it is for a transfer from the CNMI District Court. Nonetheless, the Panel held that the transfer was appropriate in the CNMI cases. Referencing <u>In re Asbestos Products Liability Litigation (No. VI)</u>, 771 F.Supp 415, the Panel stated:

> that transfer of the (CNMI) actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the

actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products.

See Attached Exhibit A at 1: <u>In Re Asbestos Products Liability Litigation (No. VI)</u> Transfer Order (August 4, 2004). The facts that Plaintiffs claim distinguish this case from other transferred cases are no different than the facts in the CNMI cases which were transferred by the Panel to the MDL Court.

### III. CONCLUSION

Based on the foregoing Kaiser Gypsum respectfully asks this Panel to issue an order denying Plaintiffs' motion to vacate the Conditional Transfer Order affecting this case and to transfer this case to the MDL Court.

DATED: Hagåtña, Guam, February 13, 2006.

CARLSMITH BALL LLP

_____
J. PATRICK MASON
Attorneys for Defendant
Kaiser Gypsum Company, Inc.

FEB 22 2006

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 4 2004

*DOCKET NO. 875*

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

Andrew S. Fink v. Todd Shipyards Corp., et al., E.D. Louisiana, C.A. No. 2:04-430
Louis Barletta, et al. v. Congoleum Corp., et al., D. New Jersey, C.A. No. 2:04-647
Dominador Javier v. Owens-Illinois, Inc., et al., D. Northern Mariana Islands, C.A. No. 1:03-31
Romeo Pasona, et al. v. Owens-Illinois, Inc., et al., D. Northern Mariana Islands, C.A. No. 1:03-32
Rochelle Behan, et al. v. Owens-Illinois, Inc., et al., D. Northern Mariana Islands, C.A. No. 1:03-33
Jean Ransalino, et al. v. Owens-Illinois, Inc., et al., D. Northern Mariana Islands, C.A. No. 1:03-34
Colleen Carter, et al. v. Buffalo Pumps, Inc., et al., E.D. Texas, C.A. No. 4:04-66

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN,[*] JUDGES OF THE PANEL*

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Eastern District of Louisiana action, one District of New Jersey action, four District of Northern Mariana Islands actions, and one Eastern District of Texas action. Movants seek to vacate the Panel's orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these seven actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

---

[*] Judge Hansen took no part in the decision of this matter. Additionally, Judge Motz took no part in the disposition of this matter with respect to the Eastern District of Louisiana and District of Northern Mariana actions.

[1] Some plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand their actions to state court. There is no need to delay transfer in order to accommodate such an

(continued...)

EXHIBIT A

-2-

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties in an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

We note that under Judge Weiner's stewardship, as of July 23, 2004, i) over 73,900 actions have been closed in the transferee district, and ii) over 1,290 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these seven actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman

---

(...continued)
interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

# DECLARATION OF SERVICE

I, J. PATRICK MASON, hereby declare and state:

1. I am a United States citizen over the age of 18 years;

2. I am an Attorney of the law firm of Carlsmith Ball LLP.

3. On February 13th, 2006, I served a filed copy of DEFENDANT KAISER GYPSUM COMPANY, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NUMBER 254 by hand delivery to the following:

Ignacio Aguigui, Esq.
Lujan, Unpingco, Aguigui & Perez, LLP
Suite 300, PDN Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

Thomas C. Sterling, Esq.
Klemm Blair Sterling & Johnson, P.C.
Suite 1008, Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

David W. Dooley, Esq.
Dooley Roberts & Fowler, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913

Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
Suite 201, C&A Professional Building
259 Martyr Street
Hagåtña, Guam 96910

Louie J. Yanza, Esq.
Maher Yanza Flynn Timblin, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910

4. On February 13th, 2006, I will also cause a copy of said documents to be served on the following by depositing same with the United States mail in sealed envelopes, postage prepaid, addressed as follows:

Susan Jansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN  55402

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, Texas  77018

Richard Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gray Street
P.O. Box 1008
Columbus, OH 43216

David Landin
Hinton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Benjamin B. Cassidy, III
5699 Kalanianaole Highway
Honolulu, HI 96821

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pitsburgh, PA 15212

Aimee H. Oyasato
White & Tom
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Reginald S. Kramer
Oldham & Dowling
195 South Marine Street, Suite 300
Arkon, OH 44308-1314

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, VA 23219

Adam Chud
Goodwin Proctor, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Ronald Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Robert Swickle
Jacques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Stephen D. Tom
White & Tom
820 Mililani Street
Suite 711
Honolulu, Hawaii 96813

| | |
|---|---|
| Ellen B. Furman<br>Goldfein & Hosmer<br>1600 Market Street, 33rd Floor<br>Philadelphia, PA 19103 | John Repcheck<br>Marks, O'Neill, O'Brien & Courtney<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 |
| Andrew Treveslise<br>Reed Smith, LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | James K. Weston, II<br>Tm Riley Loa Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 |

DATED: Hagåtña, Guam, February 13, 2006.

/s/ Pat M_____

J. PATRICK MASON

CARLSMITH BALL LLP

J. PATRICK MASON
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Georgia-Pacific Corporation and
Kaiser Gypsum Corporation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## MDL-875: IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
## PERTAINING TO CONDITIONAL TRANSFER ORDER 254
### A Case Arising in the United States District Court of Guam

| | |
|---|---|
| CESS NAVARRO OLMO and RONNIE PASCUAL FERRERAS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>A.P. GREEN INDUSTRIES, INC., A.P. GREEN SERVICES, INC., A.W. CHESTERTON COMPANY, AMCHEM PRODUCTS, INC., ARMSTRONG WORLD INDUSTRIES, INC., ASBESTOS CLAIMS MANAGEMENT CORPORATION, BABCOCK & WILCOX COMPANY, COMBUSTION ENGINEERING, INC., DOW CHEMICAL COMPANY, DRESSER INDUSTRIES, INC., FELITALLIC, INC., FLINTKOTE COMPANY, FOSTER WHEELER CORP., GAF CORPORATION, GARLOCK, INC., GEORGIA-PACIFIC CORPORATION, HARBISON-WALKER REFRACTORIES CO., HONEYWELL INTERNATIONAL, INC., JOHN CRANE, INC., KAISER GYPSUM COMPANY, INC., METROPOLITAN LIFE INSURANCE COMPANY, OWENS CORNING, OWENS-ILLINOIS, INC., PITTSBURG CORNING CORPORATION, QUIGLEY COMPANY, INC., UNITED STATES GYPSUM COMPANY, and VIACOM, INC.,<br><br>　　　　Defendants. | **DOCKET NO. MDL-875**<br>**CTO-254**<br><br>**(U.S. District Court of Guam<br>Civil Case No. 05-00025)**<br><br><br>**DECLARATION OF SERVICE** |

4813-6341-6832.1.000PM1-00001

I, J. PATRICK MASON, hereby declare and state:

1. I am a United States citizen over the age of 18 years;

2. I am an Attorney of the law firm of Carlsmith Ball LLP.

3. On February 22, 2006, I will cause a copy of the REQUEST LETTER RE MDL-875 RESPONSE TO MOTION/BRIEF TO VACATE CTO to be served on the following by depositing same with the United States mail in sealed envelopes, postage prepaid, addressed as follows:

Ignacio Aguigui, Esq.
Lujan, Unpingco, Aguigui & Perez, LLP
Suite 300, PDN Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

David W. Dooley, Esq.
Dooley Roberts & Fowler, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913

Louie J. Yanza, Esq.
Maher Yanza Flynn Timblin, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910

Susan Jansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Richard Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Thomas C. Sterling, Esq.
Klemm Blair Sterling & Johnson, P.C.
Suite 1008, Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
Suite 201, C&A Professional Building
259 Martyr Street
Hagåtña, Guam 96910

James K. Weston, II
Tm Riley Loa Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, Texas 77018

Reginald S. Kramer
Oldham & Dowling
195 South Marine Street, Suite 300
Arkon, OH 44308-1314

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gray Street
P.O. Box 1008
Columbus, OH 43216

David Landin
Hinton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Benjamin B. Cassidy, III
5699 Kalanianaole Highway
Honolulu, HI 96821

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Aimee H. Oyasato
White & Tom
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574
Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, VA 23219

Adam Chud
Goodwin Proctor, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Ronald Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Robert Swickle
Jacques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Stephen D. Tom
White & Tom
820 Mililani Street
Suite 711
Honolulu, Hawaii 96813
John Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Andrew Treveslise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

    DATED: Hagåtña, Guam, February 22, 2006.

                                        J. PATRICK MASON

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

BANK OF HAWAII BLDG., SUITE 401
134 WEST SOLEDAD AVENUE, P.O. BOX BF
HAGÅTÑA, GUAM 96932-5027
TELEPHONE 671.472.6813 FAX 671.477.4375
WWW.CARLSMITH.COM

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2006

FILED
CLERK'S OFFICE

DIRECT DIAL NO.
EXT. 303

PM1@CARLSMITH.COM

OUR REFERENCE NO.:
000901-00030

February 21, 2006

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, M.E., Room G-255
Washington, DC 20002-8004
**Attention: Teresa Bishop**

Request for Extension of Time to File Responses -- Filed by deft. Kaiser Gypsum Co., Inc., and deft. Georgia-Pacific Corp. in Olmo, et al., GU 1:05-25 -- GRANTED
(cdm - 2/22/06)

Re: <u>MDL-875 - Response to Motion/Brief to Vacate CTO</u>

Dear Ms. Bishop:

You have advised me that the following documents were received by the Court beyond the filing deadline:

1. Defendant Kaiser Gypsum Company, Inc.'s Memorandum In Opposition To Plaintiff's Motion To Vacate Conditional Transfer Order Number 254; Declaration Of Service; and

2. Defendant Georgia-Pacific Corporation's Memorandum In Opposition To Plaintiff's Motion To Vacate Conditional Transfer Order Number 254; Declaration Of Service.

The documents were due February 13, 2006. They were sent by facsimile on February 9, 2006. I then became aware that the documents would have to be mailed from Guam and received by the Court before they could be filed. As soon as I learned the documents would have to be mailed, they were sent by currier (DHL express) on February 12, 2006 (Washington's date). However, the documents were not received by the Court until February 16, 2006. Because of the distance from Guam to the Court and the delay in DHL delivery, we respectfully request that the documents be accepted for late filing.

Very truly yours,

*[signature]*

J. Patrick Mason

PM1
4816-8211-8400.1.000901-00030

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES