MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 3 2006

FILED
CLERK'S OFFICE

## IN THE UNITED STATES OF AMERICA
### JUDICIAL PANEL ON MULTI DISTRICT LITIGATION

IN RE:    MDL 875

IN RE:    ASBESTOS PRODUCTS LIABILITY

IN RE:    BEATRICE CHIASSON V. HONEYWELL, ET AL.
          ED CA CA 2:05-5221
          LA
          MOTION TO VACATE CONDITIONAL TRANSFER ORDER

1.    The within matter was initially filed in the State Court for Jefferson Parish Louisiana.

2.    Contrary to the law defendants removed the matter to the Federal Court for the Eastern District of Louisiana.

3.    A timely motion to remand asserting lack of subject matter jurisdiction in the Federal Court was timely filed and is still pending in the Eastern District of Louisiana.

4.    Since there is no subject matter jurisdiction in Federal Court the conditional transfer Order should be vacated and the matter remanded to Jefferson Parish Louisiana.

BY: *Robert E. Paul*
        Robert E. Paul
        PAUL, REICH & MYERS, P.C.
        1608 Walnut Street, #500
        Philadelphia, PA 19103
        (215) 735-9200
        (215) 735-3888 Fax

BY: S/*Julie Ardoin*
        Julie Ardoin
        MURRAY LAW FIRM
        909 Poydras Street
        Suite 2550, LL&E Tower
        New Orleans, LA 70112
        (504) 525-8100
        (504) 584-5224 Fax

OFFICIAL FILE COPY

IMAGED FEB 2 4 2006

PLEADING NO. 4729

RECEIVED
2006 FEB 23   P 1: 13

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 23 2006

IN THE UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTI DISTRICT LITIGATION   FILED
CLERK'S OFFICE

IN RE:      MDL 875

IN RE:      ASBESTOS PRODUCTS LIABILITY

IN RE:      BEATRICE CHIASSON V. HONEYWELL, ET AL.
            ED CA CA 2:05-5221

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER

I.   FACTS AND PROCEDURAL HISTORY

Mr. Chiasson worked with asbestos products at Hycalog and at
Sydney's Texaco, a gas station.   Sydney's had been originally
created and was operated as an unincorporated entity by Sydney
Bourgeois Senior and his wife and children.   Eventually the
business was incorporated as Sydney's Texaco by his wife and his
son Sydney Bourgeios Junior.   As a result of those employments Mr.
Chiasson developed the condition known as mesothelioma, a condition
whose only known cause is asbestos.   The action was filed just
before his death in the District Court for Jefferson Parish
Louisiana.   Plaintiffs then moved to Amend to add a death action
allegation and scheduled the deposition of decedent's brother, a
coworker.   Defendants at the deposition of the brother obtained an
injunction from the Jefferson Parish Court to stop the deposition.
Named as defendants in the initial Petition were the following
nondiverse residents of Louisiana:

            Eagle Inc.
            Car Quest Auto Parts of Marrero
            Sydney's Texaco

Subsequent to the depositions plaintiffs agreed to dismiss Car
Quest without prejudice.

Defendants then removed the matter to the United States Court for the Eastern Louisiana more than 30 days later on the grounds that Eagle and Sidney's were fraudulently joined and thus there was diversity jurisdiction.  They allege it was timely because of Hurricane Katrina.  Plaintiffs moved to remand and for leave to amend to plead more specifically against Eagle and to name the living corporate officers of Sidney's as defendants.  Defendants answered, plaintiffs replied, and defendants counter replied.  The matter is now pending before the court for the Eastern District of Louisiana.

## II.   LEGAL ISSUES

### A.   DEFENDANTS UNTIMELY REMOVED THIS MOTION TO FEDERAL COURT

They assert that the impact of Hurricane Katrina and the court orders extending deadlines vitiated the 30 days removal requirement of federal law.  Plaintiff does not agree that the order can overrule a Federal Statute and asserts that the removal was untimely and should be reversed.

### B.   SINCE NON DIVERSE DEFENDANTS EAGLE AND SYDNEY'S TEXACO WERE NAMED AND SUED AND REMAIN IN THE CASE THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION

28 USC§1332 provides federal subject matter jurisdiction only if there is complete diversity between the parties.  The issue is that defendants claim that Eagle and Sydney's, the nondiverse defendants, were fraudulently joined as plaintiff cannot recover from them.  They also assert that nondiverse defendants cannot be named now or the allegations as to Eagle amended.  There are a number of errors with those contentions.  Unlike the defendants in Jackson v. Pneumatic Production 2001 US DIST LEXIS 8264 (ED LA) who

presented evidence that exculpated the nondiverse party defendants herein offer no evidence or law to disprove the ability to recover from Eagle Inc.  Thus, this case is more like Cusimano (Exhibit A). In that case, like this one, defendants asserted that plaintiff had to prove exposure to Eagle to obtain remand.  Mr. Cusimano at deposition did not identify Eagle.  Nevertheless, the court properly rejected this contention since the burden is on defendants to prove subject matter jurisdiction in the Federal Court and fraudulent joinder.  They therefore must prove impossibility of recovery from Eagle.  At this moment they cannot do so.  They proffer no evidence of lack of exposure to Eagle and like Cusimano and thus remand is proper based on the presence of Eagle alone. This issue was discussed at length by Judge Feldman in Cusimano (attached as Exhibit A).  In that opinion he rejected the notion that because defendants claim Eagle can't be held liable it must be so.  That is for a different stage of the proceeding.  Since it is possible Eagle can be held liable on the present record remand is proper.  While through error no allegations were made against Eagle, that would be resolved by the Amended complaint. The issues as to Sydney's are discussed below in section C.  Defendant only last week sought to argue to the Eastern District that because Eagle and Sydney's were dismissed by that Court the motion for remand should be denied.  Judge Berrigan's original Order of dismissal on February 15 was vacated by her on the same day (see attached Exhibit B).

## C.   SYDNEY'S IS A PROPER DEFENDANT

Mr. Chiasson worked for the Sydney's Texaco gas station both

before and after that entity was incorporated.  The first fact question under Louisiana law is whether the incorporated Sydney's is the continuation of the old Sydney's.  To make this determination requires a review of Louisiana law and the facts.

The coworker, Leroy worked with Donald from 1977 to 1985, at Sydney's (Exhibit C).  This entity, which actually antedates the creation of the corporate entity in 1987, used the same name, used the same asets, had the same employees, and owners performed the same work and held itself out as continuance of old Sydney's.

There are several factors that allow a successor to be held.

Louisiana law recognizes that there must be relevant elements of continuity between a seller and purchaser companies to find successor liability under the mere continuity theory.  <u>Wolf v. Shreveport Gas, Elec. Light & Power Co.</u> 138 La 743, 759 (1916).  <u>Bourque v. Lehmann Lathe, Inc.</u> 476 So.2d 1125, 1127 (La.App. 3 Cir. 10/10/85).  Perhaps the clearest test used to apply Louisiana law in determining whether a new company is a mere continuation of an older company is evaluation of the eight facts state in <u>Hollowell v. Orleans Regional Hospital L.L.C.</u> 217 F.3d 379, 290 (5th Cir. 2000):

    1)    retention of the same employees;

    2)    retention of the same supervisory personnel;

    3)    retention of the same production facility in the same physical location;

    4)    production of the same product;

    5)    retention of the same name;

    6)    continuity of assets;

7)   continuity of general business operations; and

8)   whether the successor holds itself out as the continuation of the previous enterprise.

See also <u>Russell v. Sun America Securities, Inc.</u> 962 F.2d 1169, 1176 (5th Cir. 1992); <u>Mozingo v. Correct Mfg. Corp.</u>, 752 F.2d 168, 175 (5th Cir. 1985).

New Sydney's thus qualifies as successor to old Sydney's as the employer.

The question of whether the employer can be held liable in mesothelioma cases for pre 1975 exposures has roiled the Louisiana Courts. The case law appears clear that the key date on the matter is the date of exposure rather than the date of detection of the disease. See <u>Austin v. Abney Mills</u>  824 So.2d 1137 (LA 2002). In that mesothelioma case the court cited the Louisiana 4th Circuit's opinion in <u>Callaway v. Anco</u> 714 So.2d 730 (4th Cir. 1999) which held that as to pre-1975 exposures because the pre 1975 version of LA Rev Stat 23.1031.1 did not include mesothelioma as a covered disease or asbestos as a substance that caused disease plaintiffs could pursue their employers for pre 1975 exposures 824 So.2d 1137, 1145-1146.

Defendants and the Louisiana Fifth Circuit have seized on the next sentence of <u>Austin</u> in which the Court said that whether mesothelioma was a covered disease before 1975 was not at issue. However, it is submitted that the cases such as <u>Brunet v. Avondale</u> 772 So.2d 974 (LA app 5th Cir 2000) which disagree with the Fourth Circuit are in contravention of <u>Austin</u> and must be disregarded. The Supreme Court of Louisiana not Circuit Courts of Louisiana bind

this court on issues of Louisiana law <u>Austin</u> allows pre 1975 exposure cases to proceed against employers.

Thus, if as here the exposure was pre 1975, the effective dates of the 1975 amendments to the Workers Compensation or occupational Disease Act, then the law in effect in 1975 applies. At that time asbestosis was compensable but the act was silent as to mesothelioma.

Thus, as defendants admit see <u>Calloway v. Anco</u> 714 So.730 (LA App 4 Cir 1998), and <u>Meredith v. Asbestos</u> 707 So.2d 1334, <u>Thomas v. Armstrong World</u> 676 So.2d 1185 (La App 1st Cir) a number of the Louisiana appellate courts have determined that mesothelioma plaintiffs can pursue their employers for pre 1975 exposures although it is conceded that the Louisiana Fifth Circuit <u>Brunet v. Avondale</u> 772 So.2d 974 (La. app 5th 2000) and Louisiana Second Circuits <u>Adams v. ACL</u> 2005 LA app Lexis 2271 have concluded that they cannot.

In all of those cases, however, unlike this one, there was expert testimony from both sides as to whether or not asbestos is an oxygen or metal compound under the 1952 version of LA R.S.23:1031.1. Defendants proffer no such evidence to obtain a various from the language of the statutes. Further, none of the cases bind this court in any way as only <u>Abney</u> is a Supreme Court case and binding on this court. Since defendants, who have the burden, have not demonstrated with facts on the record that asbestos is an oxygen or metal compound they have not demonstrated their entitlement to the defense that Sydney's can't be held liable.

**D.   THE DEFENDANTS FAIL TO ADDRESS O'REGAN V. PREFERRED ENTERPRISES**

The Court of Appeals decisions on which defendants rely ignore the holding of the Louisiana Supreme Court in <u>O'Regan v. Preferred Enterprises</u> 758 So.2d 124, 134-135 (LA 2000).  In that case the Louisiana Supreme Court held that it was traditional law in pre 1975 exposures that when only specific diseases were listed plaintiff could sue in tort where his disease was not in the list of compensable diseases, citing <u>Samson v. Southern Bell Tel & Tel Co.</u> 205 So.2d 496, 500 (LA App Cir 1967).  Since mesothelioma wasn't a covered disease, the tort remedy against Sydney's continues.  The Supreme Court governs these matters.

**E.   THESE DEFENDANTS LACK STANDING TO ASSERT AN ARGUMENT ONLY SYDNEY'S CAN BRING**

Defendants seek to assert defenses for Sydney's which only Sydney's can assert.  They therefore lack standing to prevent these defense and their arguments are meritless.  Where as here an intricate analysis of fact and law is required the joinder cannot be fraudulent and remand is proper.  See e.g. <u>Lyons v. Lutheran Hazelet</u> 2004 US Dist Lexis 2028 (SD Ind).  <u>Massaro v. Bard Access</u> 209 FRD 363 (USDC EDPA 2002).

**F.   THE MOTION TO AMEND TO ADD NON DIVERSE DEFENDANTS CAN BE GRANTED AND AMPLIFY THE ALLEGATIONS AGAINST EAGLE REMAND GRANTED**

Plaintiffs asked leave before the Court in the Eastern District of Louisiana to Amend the Complaint to plead more specifically as to Eagle and to add members of the Bourgeois family and to plead under the corporate officer theory.  Defendants argued to the Eastern District that it was powerless to amend the

complaint and add nondiverse parties.  Two judges of the Eastern District of Louisiana have relied on the language of 28 USC 1447(e) which specifically allows the District Court to add nondiverse defendants and remand see <u>Rydell Bienaime v. Carolyn Kitzman</u> 2000 US Dist. Lexis 5624 (ED LA 2000).[1] <u>Geraldine Williams v. ADT Security Services</u> 1998 US Dist. Lexis 7420 (ED LA 1998).

For all these reasons the case should be remanded to Jefferson Parish Louisiana and plaintiff awarded costs and fees as in <u>Lyons & Massaro</u>.

BY: *Robert E. Paul*
Robert E. Paul
PAUL, REICH & MYERS, P.C.
1608 Walnut Street, #500
Philadelphia, PA 19103
(215) 735-9200
(215) 735-3888 FAX

BY: s/ *Julie Ardoin*
Julie Ardoin
MURRAY LAW FIRM
909 Poydras Street
Suite 2550 LL&E Tower
New Orleans, LA 70112
(504) 525-8100
(504) 585-5224 FAX

---

[1]Removing counsel Eric Shuman was counsel for a party in <u>Bienaime</u> so he should know that 28 USC 1447(e) allows amendments that defeat diversity.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 23 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Vacate Conditional Transfer and Brief in Support thereof was served upon all on the Panel Service List by placing same in the United States mail, first-class postage pre-paid, properly addressed and/or by facsimile on February 23, 2006.  A true copy of the Panel Service List is attached.

Robert E. Paul, Esquire
PAUL, REICH & MYERS, P.C.
1608 Walnut Street, #500
Philadelphia, PA 19103
(215) 735-9200
(215) 735-3888 FAX



Page 1 of 2

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al.*, E.D. Louisiana, C.A. No. 2:05-5221

Julie A. Ardoin
Murray Law Firm
909 Poydras Street
Suite 2550, LL&E Tower
New Orleans, LA 70112-4000

Troy N. Bell
Aultman, Tyner & Ruffin, Ltd.
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Gregory E. Bodin
Taylor, Porter, Brooks & Phillips
P.O. Box 2471
Baton Rouge, LA 70821

Pamela W. Carter
Baker, Donelson, Bearman,
Caldwell & Berkowtiz
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Robert Scott Eitel
U.S. Department of Education
Office of General Counsel
400 Maryland Avenue, S.W.
Washington, DC 20202

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John Joseph Hainkel III
Frilot, Partridge, Kohnke &
Clements, LC
Energy Center, Suite 3600
1100 Poydras Street
New Orleans, LA 70163-3600

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jennifer S. Kilpatrick
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Joseph E. Kilpatrick Jr.
Kilpatrick, Williams & Meeks
500 Broadway Place
Suite 404
Little Rock, AR 72201-3343

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Joseph E. Leblanc, Jr.
King, Leblanc & Bland, LLP
7500 San Felipe
Suite 800
Houston, TX 77063

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Robert E. Paul
Paul, Reich & Myers, P.C.
1608 Walnut Street
Suite 500
Philadelphia, PA 19103

Janika D. Polk
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Michael D. Roche
King, Leblanc & Bland, LLP
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170

PANEL SERVICE LIST - DOCKET NO. 875 (EXCEPTED FROM CTO-257)

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Mark Powell Seyler
Barkley & Thompson
1515 Poydras Street
Suite 2350
New Orleans, LA 70112

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Emmett C. Sole
Stockwell, Sievert, Viccellio, et al.
First National Bank Building
One Lakeside Plaza, Suite 400
P.O. Box 2900
Lake Charles, LA 70602

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Elizabeth S. Wheeler
King, Leblanc & Bland, LLP
201 St. Charles Avenue
Suite 3800
New Orleans, LA 70170

A

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 NOV 21  PM 3: 10

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
FELDMAN, J.
November 21, 2003

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES CUSIMANO | * | CIVIL ACTION |
| VERSUS | * | NO. 03-2854 |
| FLINTKOTE COMPANY, ET AL. | * | SECTION "F" |

Before the Court is plaintiff's motion to remand and defendant Flintkote's motions to dismiss.  For the reasons that follow, the plaintiff's motion to remand is GRANTED and the defendant's motion to dismiss is DENIED as moot.

### Background

The plaintiff filed this lawsuit in state court seeking damages for injuries he sustained from asbestos exposure when he operated a restaurant and snack bar at the Flintkote plant in New Orleans from 1951 to 1963 and when he operated an auto sales business from 1963 to 2003.  The defendants subsequently removed the case to this Court based on diversity jurisdiction.

Fee_____
X  Process_____
Dktd_____
CtRmDep_____
Doc. No._____

DATE OF ENTRY
NOV 2 6 2003

maintain that the plaintiff has fraudulently joined Eagle, Inc.,
Allstate Auto Supply, Inc. and the Flintkote Company executive
officers in an attempt to destroy diversity jurisdiction.   They
assert that the plaintiff cannot establish a cause of action
against these non-diverse defendants.   The plaintiff now moves to
remand the case to state court.

<u>Law and Application</u>

A party claiming fraudulent joinder carries a heavy burden of
persuasion.   "[T]he removing party must show either that there is
<u>no possibility</u> that the plaintiff would be able to establish a
cause of action against the in-state defendant in state court; or
that there has been outright fraud in plaintiff's pleadings of
jurisdictional facts."   <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d
545, 549 (5th Cir. 1981)   (emphasis in original) (footnote
omitted).

This Court does not "decide whether the plaintiff will
actually or even probably prevail on the merits, but look[s] only
for a possibility that he may do so."   <u>Dodson v. Spiliada Maritime
Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992) citing <u>Green v. Amerada
Hess Corp.</u>, 707 F.2d 201 (5th Cir. 1983), <u>cert. denied</u>, 464 U.S.
1039 (1984).   "[I]f there is even a possibility that a state court
would find a cause of action stated against any one of the named

2

in-state defendants on the facts alleged by plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the cause must be remanded to the state courts." B., Inc. v. Miller Brewing Corp., 663 F.2d at 550.

The Court finds that the defendants have not satisfied this burden. The plaintiff has presented a viable claim against Eagle, Inc. for damages he may have sustained from being exposed to Eagle products containing asbestos. The defendants assert that Mr. Cusimano's lack of knowledge about Eagle at his deposition proves that he has no claim against Eagle, and, therefore, Eagle has been fraudulently joined to defeat diversity jurisdiction. The Court does not agree. Mr. Cusimano's failure to recall information about Eagle does not establish that he has no cause of action or that there has been an outright fraud in his pleadings of the jurisdictional facts, which must be proved by a defendant asserting fraudulent joinder. See Id. at 549. Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002).

3

Taking all the allegations in the complaint as true, the Court finds that the plaintiff has sufficiently pleaded a potentially viable claim against Eagle.   Thus, complete diversity does not exist.   The Court expresses no opinion on the merits of the claim, but merely finds that the plaintiff has set forth the possibility of recovery under Louisiana law.

Accordingly,   IT IS ORDERED: that plaintiff's motion to remand is GRANTED.   The defendant's motion to dismiss is DENIED as moot.



4

**B**



MINUTE ENTRY
BERRIGAN, J.
FEBRUARY 15, 2006

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BEATRICE CHIASSON, ETC.                      CIVIL ACTION

VERSUS                                       NUMBER: 05-5221

HONEYWELL INTERNATIONAL, ET AL               SECTION: "C" 3

     The following case was called this date for counsel for the plaintiff to show cause why certain defendants should not be dismissed for failure to prosecute.

     Counsel for the plaintiff did not appear, therefore, the Court dismissed defendants Eagle, Inc., Lear Seigler, Inc, Eis Brake Division, Shaffer, Inc. and Sidney's Texaco, Inc. without prejudice for plaintiff's failure to prosecute.

     The Court was later notified that plaintiff filed a response to the call of the docket prior to the hearing; therefore,

     **IT IS ORDERED** that the dismissal ordered in open Court on February 15, 2006, is hereby VACATED.

     **IT IS FURTHER ORDERED** that this matter is hereby PASSED for 60 days.

_____
UNITED STATES DISTRICT JUDGE

JS-10:  00:01

Fee_____
_____Process_____
X  Dktd_____
_____CtRmDep_____
Doc.No._____

C

## AFFIDAVIT OF LEROY CHAISSON

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

LEROY CHAISSON

an adult resident of the Parish of Jefferson, who resides at 5169 Mt. Rushmore, Marrero Louisiana

70072, and who, after being duly sworn, did depose and state the following based on personal

knowledge.

1. I worked with decedent, Donald Chiasson at Sidney's Texaco from 1977 to 1985.

2. During those years, Donald and I worked on a daily basis with brake linings, clutches and gaskets on manifolds, valves and other parts of the vehicle.

3. In these operations, we were constantly exposed to and inhaled dust from electrical, grinding of the brake linings, clutches and gaskets.

4. During those years, we never saw warnings or were we ever warned of the hazards of asbestos.

5. I recall the following sellers of brake linings, gaskets and clutches:
   - Napa
   - Raloc
   - Genuine
   - Bendix
   - General Motors
   - Chrysler
   - Ford
   - Firestone
   - Motor Craft (Ford)
   - Mopar (Chrysler)
   - Goodrich
   - Rockwell
   - Goodyear
   - Kelsey hayes
   - CarQuest
   - Mack Truck
   - Victor Gasket (Dana)
   - Royal

_____
LEROY CHAISSON, Affiant

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 20 th
DAY OF June , 2005

_____
NOTARY PUBLIC

My Commission Expires: at death

JULIE A. ARDOIN
Notary Public, Bar No. 22925
State of Louisiana
My Commission is issued for Life

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al.*, E.D. Louisiana, C.A. No. 2:05-5221

Julie A. Ardoin
Murray Law Firm
909 Poydras Street
Suite 2550, LL&E Tower
New Orleans, LA 70112-4000

Troy N. Bell
Aultman, Tyner & Ruffin, Ltd.
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Gregory E. Bodin
Taylor, Porter, Brooks & Phillips
P.O. Box 2471
Baton Rouge, LA 70821

Pamela W. Carter
Baker, Donelson, Bearman,
Caldwell & Berkowtiz
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Robert Scott Eitel
U.S. Department of Education
Office of General Counsel
400 Maryland Avenue, S.W.
Washington, DC 20202

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John Joseph Hainkel III
Frilot, Partridge, Kohnke &
Clements, LC
Energy Center, Suite 3600
1100 Poydras Street
New Orleans, LA 70163-3600

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jennifer S. Kilpatrick
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Joseph E. Kilpatrick Jr.
Kilpatrick, Williams & Meeks
500 Broadway Place
Suite 404
Little Rock, AR 72201-3343

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Joseph E. Leblanc, Jr.
King, Leblanc & Bland, LLP
7500 San Felipe
Suite 800
Houston, TX 77063

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Robert E. Paul
Paul, Reich & Myers, P.C.
1608 Walnut Street
Suite 500
Philadelphia, PA 19103

Janika D. Polk
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Michael D. Roche
King, Leblanc & Bland, LLP
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170

PANEL SERVICE LIST - DOCKET NO. 875 (EXCEPTED FROM CTO-257)                Page 2 of 2

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Mark Powell Seyler
Barkley & Thompson
1515 Poydras Street
Suite 2350
New Orleans, LA 70112

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Emmett C. Sole
Stockwell, Sievert, Viccellio, et al.
First National Bank Building
One Lakeside Plaza, Suite 400
P.O. Box 2900
Lake Charles, LA 70602

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Elizabeth S. Wheeler
King, Leblanc & Bland, LLP
201 St. Charles Avenue
Suite 3800
New Orleans, LA 70170