JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

FEB 23 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION
IN AND FOR THE UNITED STATES OF AMERICA

| | |
|---|---|
| CECIL JACKSON, DECEASED, ET AL. ET AL § § § | |
| | MDL-875 |
| VS. § § § | (TXE 1:05-CV-0769) |
| KIMBERLY-CLARK CORPORATION § | |

| | |
|---|---|
| NEWBERN BROWN ADKINS, ET. AL. § § | |
| VS. § § § | MDL 875 (TXE 1:05-CV-0882) |
| LINCOLN ELECTRIC COMPANY, ET. AL. § | |



| | |
|---|---|
| THOMAS VODRY ALLEN, ET AL § § § § | |
| VS. § § § | MDL 875 (TXE 1:05-CV-0876) |
| KIMBERLY CLARK CORPORATION, ET. AL. § § § | |

**DEFENDANT KIMBERLY-CLARK CORPORATION'S RESPONSE
TO PLAINTIFFS' OPPOSITION TO CONDITIONAL TRANSFER ORDER 257**

**COMES NOW**, defendant, Kimberly-Clark Corporation (hereinafter sometimes "Kimberly-Clark", "KCC" or "defendant") and files this RESPONSE TO PLAINTIFFS' OPPOSITION TO CONDITIONAL TRANSFER ORDER 257 and for cause therefore would show unto this most Honorable Court as follows:

### I. Introduction

1. This cause represents the claims of eighty-three plaintiffs against Defendant Kimberly Clark Corporation. Plaintiffs contend injury as a result of alleged exposure to asbestos-containing

OFFICIAL FILE COPY
IMAGED FEB 2 4 2006

products on the premises of Defendant at the Coosa Pines facility located in Childersburg, Alabama during various decades.

## II. Procedural History

2. This case was originally commenced on Plaintiffs' motion, on or after September 9, 2005, when the claims of plaintiffs, Cecil Reuben Jackson, et al, and several defendants, were severed from the state court action Cause No. B-150,896; *Inez Martin, et al vs. A.C.&S., Inc, et al* into Cause No. B-150,896-AJ; *Cecil Jackson, et al vs. Kimberly-Clark, et al.* Although the *Jackson* case was not removable when originally filed, it became removable on either November 15, 2005 when plaintiff dismissed all of the remaining defendants from this case except for Kimberly Clark, or about October 28, 2005 when plaintiffs filed discovery responses ordered by the state court. In either event, this case has been removed within thirty days of its becoming removable. This remaining claims were commenced on Plaintiffs' motion, on or after November 29, 2005, when the claims of plaintiffs and several defendants, were severed from the state court action into various independent causes. Defendant subsequently removed each of these independent cases within thirty days of such severances. After removal of all independent causes, Defendant sought consolidation of each case into the Jackson matter. This case is the survivor of the consolidations of the following multiple causes.

3. Pursuant to 28 U.S.C. § 1404(a), Rule 7.4 of the RULES OF PROCEDURE OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, and 28 U.S.C. § 1407, Defendant presented motions to transfer the removed cases to *Asbestos Multi-District Litigation*, Cause No. MDL-875, In the United States Distrct Court for the Eastern District of Pennsylvania. The Judicial Panel subsequently issued a conditional transfer order for this case to MDL-875 and Plaintiff has indicated its opposition to such conditional transfer.

## III. Argument

4.  Further, this Honorable Panel's issuance of Conditional Transfer Order 257 is consistent with the interests and purposes of multi-district litigation. In 1991, the Judicial Panel on Multidistrict Litigation consolidated all federal asbestos cases into MDL-875 in the Eastern District of Pennsylvania. *In Re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In so doing the Judicial Panel clearly and unequivocally set forth the reasons for the creation of MDL-875:

> In our view, it is precisely this change that now leads us to conclude that centralization of all federal asbestos personal injury/wrongful death actions, in the words of 28 U.S.C. § 1407(a), "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." In short, we are persuaded that this litigation has reached a magnitude, not contemplated in the record before us in 1977, that threatens the administration of justice and that requires a new, streamlined approach...
>
> The most objectionable aspects of asbestos litigation can be briefly summarized: dockets in both federal and state courts continue to grow; long delays are routine; trials are too long; the same issues are litigated over and over; transaction costs exceed the victims' recovery by nearly two to one; exhaustion of assets threatens and distorts the process; and future claimants may lose altogether.

*In re Asbestos Products Liability Litigation*, 771 F. Supp. 415, 418-419 (J.P.M.L. 1991). In short, the Judicial Panel recognized the need for centralized administration of asbestos cases, of which the current cause is one.

5.  Plaintiffs lack any sufficient basis to oppose Conditional Transfer Order 257. In their opposition, Plaintiffs claim that this cause has been "improperly removed by Kimberly Clark Corporation." However, Plaintiffs fail to state any factual or legal basis in support of that proposition. Such a self-serving and global assertion fails to establish, even remotely, a reasonable or sufficient basis for opposition to this Honorable Court's conditional transfer order. In fact, Plaintiffs' opposition is

counter to the purpose and spirit of both the order creating MDL-875 and the conditional transfer order issued by the Judicial Panel.

6.   The purpose behind implementation of MDL-875 was and remains the prevention or minimization of the morass created by asbestos litigation.  MDL-875 has the means and more than a decade's experience of handling asbestos cases and considering the issues relevant to such litigation.  Plaintiffs' opposition fails to proffer any basis for support of such opposition.

7.   Plaintiffs' opposition to conditional transfer should be disallowed.

**WHEREFORE, PREMISES CONSIDERED**, defendant Kimberly-Clark requests that this Court deny Plaintiffs' Motion to Lift Stay and Motion to Sever and give defendant any other relief this Court deems appropriate.

Respectfully submitted,

BY _____
**KENT M. ADAMS**
STATE BAR NO. 00869200
ADAMS & COFFEY, P.C.
The Century Tower
550 Fannin, Suite 800
P. O. Box 7505
Beaumont, Texas  77726-7505
(409) 838-6767 – Phone
(409) 838-6950 – Fax
**ATTORNEY IN CHARGE FOR DEFENDANT, KIMBERLY-CLARK CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2006, a true and correct copy of the above and foregoing document was provided to the counsel on the list attached to Defendant, Kimberly Clark Corporation's Response to Plaintiffs' Opposition to Conditional transfer Order 257.

_____
KENT M. ADAMS

# PANEL SERVICE LIST (Excerpted from CTO-257)
## DOCKET NO. 875
## IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)

*Cecil Ruben Jackson, et al v. Kimberly Clark Corp.,* E.D. Texas, C.A. No. 1:05-769
*Thomas Vodry Allen, et al vs. Kimberly Clark Corp., et al;* E.D. Texas, C.A. No. 1-05-876
*Newbern Brown Adkins, et al v. Kimberl-Clark Corp., et a;* E.D. Texas, C.A. No. 1-05-882

Glen W. Morgan
Reaud, Morgan & Quinn, L.L.P.
801 Laurel Street
Beaumont, Texas 77720

Robert L. Adams
Kacal, Adams & Law
One Riverway, Suite 1200
Houston, Texas 77056

Jerry L. Beane
Andrews & Kurth
BankOne Center
1717 Main Street, Suite 3700
Dallas, Texas 75201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong Pipkin, Bissell & Ledyard
1111 Bagby Street
Suite 2300
Houston, Texas 77002

Paula H. Blazek
Germer Gertz
550 Fannin Street, Suite 700
Beaumont, Texas 77701

Eugene W. Brees II
Whitehurst Harkness, Ozmun & Brees
P.O. Box 1802
Austin, Texas 78767

George Read Carlton
Godwin Pappas Langley Ronquillo
1201 Elm Street
Suite 1700
Dallas, Texas 75207

Edward J. Cass
Gallagher Sharp, Fulton & Norman
Buckley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001

Sandra F. Clark
Mehaffy & Weber
P.O. Box 16
Beaumont, Texas 77704

David Damico
Burns White & Hickton
Fourth Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

James D. Dowell
Rienstra, Dowell & Flatton
595 Orleans Street, Suite 1007
Beaumont, Texas 77701

Gary D. Elliston
DeHay & Elliston, LLP
3500 Bank of America Plaza
901 Main Street
Dallas, Texas 75202

Michael M. Essmyer
Essmyer & Tritico
4300 Scotland
Houston, Texas 77007

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Frank G. Harmon, III
Crain, Caton, James
1401 McKinney, Suite 1900
Houston, Texas 77010

Kathryn Oakes Hermes
DeHay & Elliston LLP
901 Main Street, Suite 3500
Dallas, Texas 75202

John L. Hill, Jr.
Locke Liddell & Sapp
600 Travis Street
3400 JP Morgan Chase Tower
Houston, Texas

Paul J. Holmes
Paul J. Holmes, PC
550 Fannin
P.O. Box 3746
Beaumont, Texas 77701

Gail J. Jenkins
Jenkins & Martin
P.O. Box 26008
2615 Calder, Suite 500
Beaumont, Texas 77720

D. Allan Jones
Orgain, Bell & Tucker, LLP
P.O. Box 1751
Beaumont, Texas 77704

George J. Kacal, Jr.
Kacal, Adams, & Law
One Riverway, Suite 1200
Houston, Texas 77056

J. Frank Kinsel, Jr.
Cantey & Hanger, LLP
2100 Burnett Plaza
801 Cherry Street
Ft. Worth, Texas 76102

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

C. Robert Mace
Tekell, Book, Matthews & Limmer
4300 One Houston Center
1221 McKinney
Houston, Texas 77010

D. Ferguson McNiel
Vinson & Elkins
1001 Fannin Street, Suite 2300
Houston, Texas 77002

Peter A. Moir
Quilling Selander, Cummiskey,
2001 Bryan Street
Bryan Tower, Suite 1800
Dallas, Texas 75201

Ronald L. Motley
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29465

John J. Mundy
Mundy & Singley
816 Congress Avenue
 Suite 1230
Austin, Texas 78701

James R. Old, Jr.
Germer Gertz
550 Fannin Street, Suite 1700
Beaumont, Texas 77701

David Arthur Oliver, Jr.
Porter & Hedges, LLP
1000 main Street, Suite 1700
Beaumont, Texas 77701

Rex Wayne Peveto
Peveto Law Firm
118 Border Street
Orange, Texas 77630

Franklin A. Poff
Crisp, Boyd & Poff
2301 Moores Lane
P.O. Box 6297
Texarkana, Texas 75505

James H. Powers
Powers & Frost, LLP
2400 One Houston Center
1221 McKinney Street
Houston, Texas 77010

John J. Repcheck
Marks, O'Neil, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

H. Tracy Richardson, III
Strong Pipkin Nelson & Bissell
1400 San Jancinto Building
595 Orleans
Beaumont, Texas 77013

James M. Riley, Jr.
Coats Rose Yale Ryman & Lee
3 Greenway Plaza, Suite 2000
Houston, Texas 77046

Lauren Miller Robbins
Munisteri Sprott Rigby Newsom
3323 Richmond Avenue, Suite A
Houston, Texas 77098

John D. Roven
Roven-Kaplan LLP
2190 North Loop West
Suite 410
Houston, Texas 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley Jasons McGuire & Spinelli
Center Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jacques Admiralty Law Firm
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Thomas W. Taylor
Andrews & Kurth
600 Travis, Suite 4200
Houston, Texas 77002

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas J. Ward, Jr.
Law Office of T. John Ward
P.O. Box 1231
Longview, Texas 75606

James L. Ware
Sheehy, Serpe & Ware
2500 Two Houston Centre
909 Fannin
Houston, Texas 77010

James K. Weston II
Tom Riley Law Firm
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406

Gene M. Williams
Shook, Hardy & Bacon
Chase Tower, Suite 1600
600 Travis Street
Houston, Texas 77002