MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 24 2006

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Regarding:   Jacqueline D. Skinner, Timothy Hinson, Randy Hinson and Freddy Hinson
v. Atlantic Richfield Company (a/k/a ARCO) and ARCO Polymers, S.D.
Texas, C.A. No. 4:05-4094

## MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION:

COME NOW Plaintiffs Jacqueline Skinner, Timothy Hinson, Randy Hinson and Freddy Hinson, and file this their Motion and Brief to Vacate Conditional Transfer Order pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and would show the Panel as follows:

1. The Panel entered a Conditional Transfer Order (CTO) on January 24, 2006, in the above styled case conditionally transferring this action to the United States District Court for the Eastern District of Pennsylvania (MDL Docket No. 875). The CTO is attached as Exhibit 1.

2. In accordance with Rule 7.4(c), the Plaintiffs sent the Panel a Notice of Opposition by facsimile on February 8, 2006.

**OFFICIAL FILE COPY**

Rcv'd 2/23/06 @ 11:26

IMAGED FEB 2 4 2006

3. The Plaintiffs are the statutory heirs of Robert Hinson. Plaintiffs' Original Petition [1] alleges that Mr. Hinson died from an asbestos related disease as a result of the Defendant's gross neglect in exposing Mr. Hinson to asbestos during the course of his employment at an Atlantic Richfield Company facility in Pasadena, Texas.

4. The Texas Workers' Compensation Act is generally an employee's exclusive remedy against his employer when he is injured on the job. However, the Act allows the heirs of an employee who is killed through the gross neglect of the employer to bring a cause of action for punitive damages. Tex. Labor Code § 408.001. The cause of action is governed by art. XVI § 26 of the Texas Constitution and Tex. Civ. Prac. & Rem. Code § 41.003(a)(3).

5. The cause of action alleged by the Plaintiffs is against the employer, only, and for punitive damages, only. The petition does not allege that any defendant is liable as a manufacturer of asbestos-containing products and it does not seek compensatory damages against any defendant. In Texas practice, this type of case is often referred to as a "gross negligence" case.

6. This exact issue has been brought to the MDL 875 Transferee Court's attention in a number of gross negligence/employer cases pending in Texas. Judge Weiner has repeatedly ruled that gross negligence cases do not belong in the MDL 875 because: (a) the form of the action is dissimilar to traditional asbestos-related, personal injury actions; and (b) the defendant is an employer rather than a manufacturer or distributor of asbestos; the defendant is not a "traditional" defendant in asbestos actions, and there are no other

---

[1] Plaintiffs initially filed suit in State Court, Cause No. 2005-30026; Jacqueline D. Skinner, et al v. Atlantic Richfield Co., et al, In the District Court of Harris County, Texas, 280th Judicial District. Defendants then removed this action to the United States District Court for the Southern District of Texas, Houston Division.

asbestos defendants. The Panel has repeatedly remanded this type of case. See copies of suggestions of remand in *Hamilton v. Chevron*, Civil Action No. 1:90CV980 USDC E.D. Tex. (Sept. 18, 1991) (Exhibit 2); and *Mortensen v. Maxwell House Coffee Company*, Civil Action No. 4-95-736, USDC S.D. of Tex. (Sep. 27, 1995) (Exhibit 3).

7. Clearly, this is not the type of case that was contemplated by the Panel in their July 29, 1991 decision. This case involves defendants who are not sued as asbestos manufacturers or as normal third party defendants in asbestos cases. It involves a unique aspect of Texas Law, i.e., the right of a deceased employee's heirs to sue for gross negligence and punitive damages, only. Actual damages are not recoverable. In other words, there is no litigation crisis with respect to these Plaintiffs and these Defendants. There is no reason to take this case away from the Court where it is pending.

8. Prior to the February 3, 2006, transfer between judges (from Judge Sim Lake to Judge Jennifer Gilmore) in the U.S. District Court for the Southern District of Texas, this case was set for trial in November 2006. Both sides are working toward a mediated solution and the inclusion in the MDL will only delay ultimate resolution.

9. For the foregoing reasons, Plaintiffs respectfully ask that the Panel vacate the conditional transfer order of January 24, 2006.

Respectfully submitted,

PROVOST & UMPHREY
LAW FIRM, L.L.P.
490 PARK STREET
P. O. BOX 4905
(409) 835-6000
(409) 838-8888 (Fax)

BY: /s/ Aaryn K. Giblin
Aaryn K. Giblin
STATE BAR NO. 00784382

ATTORNEYS FOR PLAINTIFFS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 24 2006

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was sent via United Parcel Service February 22, 2006, to the attached Panel Service List.

*[signature]*
Aaryn K. Giblin

2006 FEB 23 A 11: 27
JUDICIAL PANEL
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Jacqueline D. Skinner, et al. v. Atlantic Richfield Co., et al.,* S.D. Texas, C.A. No. 4:05-4094

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Aaryn K. Giblin
Provost & Umphrey Law Firm, LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Thomas W. Taylor
Andrews & Kurth
600 Travis
Suite 4200
Houston, TX 77002-2778

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 24 2006

FILED
CLERK'S OFFICE

# EXHIBIT 1

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

January 24, 2006



TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached Schedule CTO-257)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: February 8, 2006** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By Teresa Bishop
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 24 2006

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*(SEE ATTACHED SCHEDULE)*

**CONDITIONAL TRANSFER ORDER (CTO-257)**

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 80,139 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*
Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO-257 - TAG-ALONG ACTIONS
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA NORTHERN** | |
| ALN 2 05-2148 | Mildred Armstead, et al. v. A.O. Smith Electrical Products Co., et al. |
| ALN 4 05-2316 | Linda McClain v. Dow Chemical Co., et al. |
| ALN 4 05-2466 | Charles Richard Archer, et al. v. Mead Corp., et al. |
| ALN 4 05-2472 | Rebekah Riggs, etc. v. Mead Corp., et al. |
| ALN 4 05-2473 | Alford McGuffie v. Mead Corp., et al. |
| **CALIFORNIA EASTERN** | |
| CAE 2 05-1751 | Dennis Morgen, et al. v. United States Department of the Navy |
| **CALIFORNIA NORTHERN** | |
| CAN 3 05-3107 | Ronald Dutton v. Todd Shipyards Corp., et al. |
| CAN 3 05-4084 | Charlton Clemmer v. Viad Corp., et al. |
| CAN 3 05-4085 | Radall Kash, et al. v. Viad Corp., et al. |
| CAN 3 05-4346 | Aurelio Sanchez v. General Electric Co., et al. |
| CAN 3 05-4347 | Richard Marcelja v. Todd Shipyards Corp., et al. |
| CAN 3 05-4348 | Joanne Thomas, et al. v. Viad Corp., et al. |
| CAN 3 05-4510 | Kevan Caverhill, et al. v. General Electric Co., et al. |
| **ILLINOIS SOUTHERN** | |
| ILS 3 05-685 | John Rogers v. Illinois Central Railroad Co. |
| **INDIANA SOUTHERN** | |
| INS 1 05-1572 | Janet Casper, et al. v. The Dow Chemical Co., et al. |
| INS 3 05-223 | Jack S. McGrath v. Consolidated Rail Corp., et al. |
| **LOUISIANA EASTERN** | |
| LAE 2 05-5221 | Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al. |
| LAE 2 05-6078 | Stanley Christian v. Gulf States Asphalt Co., Inc., et al. |
| **LOUISIANA MIDDLE** | |
| LAM 3 05-1406 | Michael J. McFarlain v. Northrop Grumman Systems Corp., et al. |
| **MASSACHUSETTS** | |
| MA 1 05-12184 | Michael Levesque, etc. v. Amchem Products, Inc., et al. |
| **MARYLAND** | |
| MD 1 94-3508 | Minnie Pulley v. Corhart Refractories Co., et al. |
| MD 1 05-2948 | Donald Faust, et al. v. Anchor Packing Co., et al. |
| MD 1 05-3277 | Carol E. Hunt, etc. v. Anchor Packing Co., et al. |
| **MINNESOTA** | |
| MN 0 05-2782 | Darrel Raymond Delage v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2784 | Kurt Gauthier, et al. v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2785 | Marvin Giese v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2786 | Melvin O. Haugen v. Garlock Sealing Technologies, L.L.C., et al. |

SCHEDULE CTO-257 - TAG-ALONG ACTIONS - MDL-875                    Page 2 of 3

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **MINNESOTA** | |
| MN 0 05-2787 | James J. Kozar v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2788 | Lawrence J. Lenk v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2789 | Robert J. Morton v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2790 | Loren Louis Radtke v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2791 | Warren Robert Salo v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2792 | Robert John Smith v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2793 | Anthony Robert Turk v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2794 | Bonnie Walden v. Garlock Sealing Technologies, L.L.C., et al. |
| **MISSOURI EASTERN** | |
| MOE 4 05-1356 | Ronald G. Toppins v. 3M Co. |
| MOE 4 05-1357 | Dwight R. Johnson v. 3M Co. |
| **MISSISSIPPI NORTHERN** | |
| MSN 1 05-158 | Edward M. Duncan v. Allied Signal, Inc., et al. |
| MSN 1 05-180 | Janet K. Flemmings, et al. v. Baldor Electric Co., et al. |
| MSN 1 05-181 | Mary Sue Fulgham, etc. v. Baldor Electric Co., et al. |
| MSN 1 05-182 | Elba Buchanan, etc. v. Baldor Electric Co., et al. |
| MSN 1 05-183 | Ivy Jane Fuller, etc. v. Baldor Electric Co., et al. |
| MSN 1 05-184 | Margaret Mims Foster, etc. v. Baldor Electric Co., et al. |
| MSN 1 05-255 | Claude Riley v. Georgia-Pacific Corp., et al. |
| MSN 1 05-260 | Kelsie Dickens v. Certainteed Corp., et al. |
| MSN 1 05-261 | William Carr v. Certainteed Corp., et al. |
| MSN 1 05-263 | Martha Harmon, etc. v. Garlock, Inc., et al. |
| MSN 1 05-274 | Bobby Gene Puckett v. Mississippi Rubber & Specialty Co., et al. |
| MSN 1 05-286 | Lillie Wilson v. Dowman Products, Inc., et al. |
| MSN 1 05-307 | Owen Wallace v. Dowman Producrts, Inc., et al. |
| MSN 2 05-116 | Roy R. Collins v. Autozone Mississippi, Inc., et al. |
| MSN 3 05-76 | Johnny L. Meeks v. Autozone Mississippi, Inc., et al. |
| **NORTH CAROLINA EASTERN** | |
| NCE 2 05-36 | Mary L. McCuller, et al. v. Albany International Corp., et al. |
| NCE 4 05-113 | Barbara Cox Sullivan, et al. v. Albany International Corp., et al. |
| **NORTH CAROLINA MIDDLE** | |
| NCM 1 05-935 | Ralph Arthur Denson, et al. v. Anchor Packing Co., et al. |
| NCM 1 05-963 | Bertie E. Eversley, et al. v. Anchor Packing Co., et al. |
| NCM 1 05-976 | Clarence M. Jackson, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 05-977 | Charles Douglas Peoples, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 05-1013 | Charles D. Harrison, et al. v. Airco, Inc., et al. |
| NCM 1 05-1026 | Harry Clark Carver, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 05-1027 | Charlie J. Richardson, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 05-1028 | Tony C. Heilig, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 05-1112 | John Thomas Simpson, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 05-1126 | Joe Louis Neal, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 05-1142 | Delmar E. Ritter v. Airco, Inc., et al. |
| NCM 1 05-1160 | Jamal Brown, etc. v. Aqua-Chem, Inc., et al. |
| **NORTH CAROLINA WESTERN** | |
| NCW 1 04-246 | David A. Henson, et al. v. Fluor Daniel, Inc., et al. |

SCHEDULE CTO-257 - TAG-ALONG ACTIONS - MDL-875                                                  Page 3 of 3

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **NORTH CAROLINA WESTERN** | |
| NCW 1 05-317 | Clarence J. Deck, et al. v. Airco, Inc., et al. |
| NCW 1 05-325 | Steve Hanak, Jr., et al. v. Airco, Inc., et al. |
| NCW 1 05-335 | Carol Thomas Jolley v. Aqua-Chem, Inc., et al. |
| NCW 1 05-336 | Lynn Wesley Jetton, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 05-337 | Aaron Masters, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 05-344 | Richard C. Mills, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 05-345 | Bobbie Williams, et al. v. Airco, Inc., et al. |
| NCW 1 05-350 | Douglas E. Mahaffey, et al. v. Aqua-Chem, Inc., et al. |
| **NEW YORK EASTERN** | |
| NYE 1 05-4784 | Carol J. March, etc. v. A.W. Chesterton Co., et al. |
| NYE 1 05-4838 | Carol Peterson, et al. v. A.W. Chesterton Co., et al. |
| NYE 1 05-4839 | Julius L. Shultz, et al. v. A.W. Chesterton Co., et al. |
| NYE 1 05-4933 | Francis G. O'Hara, etc. v. A.W. Chesterton Co., et al. |
| NYE 1 05-4952 | Arlene M. Reyenger, etc. v. A.W. Chesterton Co., et al. |
| NYE 1 05-5140 | Bruno Zagar, etc. v. A.W. Chesterton Co., et al. |
| NYE 1 05-5182 | Natalie Beni, etc. v. A.W. Chesterton Co., et al. |
| NYE 1 05-5553 | Leo G. George v. A.W. Chesterton Co., et al. |
| **NEW YORK SOUTHERN** | |
| NYS 1 05-4404 | Rafael Bueno Suano, et al. v. Garlock Sealing Technologies, LLC, et al. |
| NYS 1 05-4409 | Juan Antonio Consuegra Travieso, et al. v. General Electric Co., et al. |
| NYS 1 05-5508 | James P. Brosnan, et al. v. Amchem Products, Inc., et al. |
| NYS 1 05-8895 | Oscar O. Zavala v. United States Lines, Inc. Reorganization Trust |
| NYS 1 05-10038 | Willard E. Bartel, et al. v. United States Lines, Inc. Reorganization Trust |
| **OHIO NORTHERN** | |
| OHN 1 04-20006 | Donald Miller, et al. v. CSR, Ltd., et al. |
| OHN 1 05-10016 | Robert E. Goodwin v. A-C Product Liability Trust, et al. |
| OHN 1 05-10017 | Carlito C. Simon v. A-C Product Liability Trust, et al. |
| OHN 1 05-10018 | Luis Vazquez v. A-C Product Liability Trust, et al. |
| **PENNSYLVANIA WESTERN** | |
| PAW 2 05-1569 | Mary P. Kummer, etc. v. Allied Signal, Inc., et al. |
| **TEXAS EASTERN** | |
| TXE 1 05-769 | Cecil Reuben Jackson, et al. v. Kimberly-Clark Corp. |
| TXE 1 05-876 | Thomas Vodry Allen, et al. v. Kimberly-Clark Corp., et al. |
| TXE 1 05-877 | William Marshall Chandler v. Kimberly-Clark Corp., et al. |
| TXE 1 05-878 | Willie L. Jones v. Kimberly-Clark Corp., et al. |
| TXE 1 05-882 | Newbern Brown Adkins, et al. v. Kimberly-Clark Corp., et al. |
| **TEXAS SOUTHERN** | |
| TXS 4 05-4094 ✓ | Jacqueline D. Skinner, et al. v. Atlantic Richfield Co., et al. |
| **WASHINGTON WESTERN** | |
| WAW 2 05-1876 | Robert Denny, et al. v. Gould Pumps, Inc., et al. |
| WAW 2 05-1929 | Milton L. Anderson, et al. v. Saberhagen Holdings, Inc., et al. |

# **EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY :
LITIGATION (NO. VI)                :

─────────────────────────────────x

This Document Relates to:          : CIVIL ACTION NO. MDL 875

Mae Louise Hamilton

USDC - ED of Texas,
Beaumont Division,

C.A. No. 1:90CV980

FILED
SEP 1 8 1991
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## SUGGESTION OF REMAND

THIS MATTER being reviewed this 16th day of September, 1991, upon Plaintiff's Motion to Remand; and

THE COURT FINDS the following unusual circumstances are present:

a) The form of the action is dissimilar to traditional asbestos-related, personal injury actions, and

b) The defendant, Chevron, U.S.A., Inc., is named as an employer rather than a manufacturer or distributor of asbestos products. Furthermore, the defendant is not a "traditional" defendant in asbestos actions, and there are no other asbestos defendants.

THE COURT THEREFORE SUGGESTS to the Judicial Panel on Multidistrict Litigation that the above-entitled action be

REMANDED to the United States District Court, Eastern District of Texas, Beaumont Division, for further proceedings.

BY THE COURT:

Date: 9/16/91

_____
CHARLES R. WEINER, J.

xc 9/19/91: USDC ED of TX, Beaumont
MDL Panel
Andrew Trevelise
Robt Spinelli
Ronald Motley
Gene Locks
STRONG, PIPKIN, NELSON, BISSELL
Greg Thompson

# **EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

United States District Court
Southern District of Texas
FILED

SEP 27 1995

Michael N. Milby, Clerk of Court

This Document Relates to:

Civil Action No. MDL 875

Kris Mortensen and Leslie
Mortensen Huntington
Civil Action No. 4-95-736
USDC - SD of Texas
Houston Division

FILED
SEP 18 1995
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

9/19/95

## SUGGESTION OF REMAND

THIS MATTER being reviewed this 14th day of September, 1995, upon Plaintiff's Motion to Remand; and

THE COURT FINDS the following unusual circumstances are present:

(a) The form of the action is dissimilar to traditional asbestos-related, personal injury actions, and

(b) The defendant, Maxwell House Coffee Company, is named as an employer rather than a manufacturer or distributor of asbestos products. Furthermore, the defendant is not a "traditional" defendant in asbestos actions, and there are no other asbestos defendants.

THE COURT THEREFORE SUGGESTS to the Judicial Panel on Multidistrict Litigation that the above-entitled action be remanded to the United States District Court for the Southern District of Texas, Houston Division.

BY THE COURT:

_____
CHARLES R. WEINER, JR.

9/14/95

ENTERED: 9/18/95

CLERK OF COURT