MDL 875

# UNITED STATES DISTRICT COURT
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FEB 2 8 2006

### MDL DOCKET NO.: 875

FILED
CLERK'S OFFICE

**IN RE: ASBESTOS PRODUCTS** )

**LIABILITY LITIGATION (NO. VI)** )

To: Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255,
        North Lobby
Washington, D.C.  20002-8004

---

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-257) AND BRIEF IN SUPPORT THEREOF ON BEHALF OF PLAINTIFFS CHARLES ARCHER AND PATRICIA ARCHER

Now come the plaintiffs, *Charles Archer and Patricia Archer, Alford McGuffie and Iris McGuffie, and Rebekah Riggs* who have the following cases pending respectively, *Charles Archer and Patricia Archer v. Mead Corp., et al.*, (CV-05-S-2466-M) LN4 05-2466, *Alford McGuffie and Iris McGuffie, v. Mead Corp., et al.*, (CV 2005-2473-CLS-M) LN4 05-2472 and *Rebekah Riggs v. Mead Corp., et al.* (CV 2005, 2472-CLS-M) LN 05-2473, and as and for their ***Motion to Vacate Conditional Transfer Order (CTO-257) and Brief In Support Thereof***, state as follows:

### I.      FACTUAL AND PROCEDURAL HISTORY

Charles Archer, Alford McGuffie and Farrell Wade Riggs all worked at the Cement Asbestos Pipe Company (CAPCO) in Ragland, Alabama between the years 1964 and 1982.  The City of Ragland is located in St. Clair County in the State of Alabama.

IMAGED MAR 0 1 2006    OFFICIAL FILE COPY

Messrs. Archer, McGuffie and Riggs all lived within a mile of each other in Ragland and all three contracted asbestos related lung cancer (mesothelioma) as a result of their employment at CAPCO. Mr. Archer's personal injury case was commenced in the Circuit Court of St. Clair County, Alabama on January 7, 2005. The *Archer* Complaint was subsequently amended on June 23, 2005, and November 2, 2005. Mr. McGuffie and Mr. Riggs' personal injury and wrongful death cases were commenced in the Circuit Court of St. Clair County in the State of Alabama on November 2, 2005 on the same day Mr. Archer's Complaint was amended for the second time. The Complaints in *McGuffie* and *Riggs* filed on November 2, 2005 were identical to the amended complaint filed in the *Archer* case on the same day. These cases all sought compensatory and/or punitive damages under state law. On December 1, 2005, Defendants Mead and Meadwestvaco, filed a *Notice of Removal of Action Pursuant to U.S.C. §1446* (Exhibit A, attached hereto) Plaintiffs filed a *Motion to Remand and Brief in Support Thereof* in all three cases in the District Court for the Northern District of Alabama, Middle Division and a *Motion to Consolidate* the three cases for purposes of briefing and ruling on Plaintiffs' Remand Motions. Other than not objecting to Plaintiffs' *Motion to Consolidate* solely for the purpose of ruling on Plaintiffs' *Motion to Remand,* Defendants have responded to Plaintiffs' *Motion to Consolidate* by objecting to their consolidation for all other purposes such as discovery in direct contradiction to their argument in removing these matters to federal court and seeking their transfer to the MDL. The Court has still not set a schedule for defendants to respond to Plaintiff's *Motion to Remand* and said motion is still pending and awaiting decision.

## II.   SUMMARY OF ARGUMENTS OF THE PARTIES

Defendants' assert in their *Notice of Removal* that that these cases "expressly state a claim under federal law" and that under 42 U.S.C. sec. 113(b) the federal district court, therefore, has "original jurisdiction" over the cases. (Exhibit A, Paras. 1 & 5) Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the "well-pleaded complaint" rule and Defendants' acknowledge that "federal question jurisdiction exists only when a federal question is presented on the face of the complaint." (Exhibit A, Paras. 2 & 3) Defendants' argue that these cases "expressly state a claim under federal law" because in paragraphs fifty-eight and fifty-nine of their complaints, plaintiffs included the following language:

**58.   Pursuant to 42 U.S.C. § 7412(b)(1), asbestos is a hazardous air pollutant, and is therefore a "hazardous substance" as defined by Section 101(14) of U.S.C. § 9601 (14).**

**59.   Within the community of Ragland Alabama, there exists a pipeline connecting residences and local businesses to various utilities. The pipeline existing in Ragland, Alabama is a "facility" within the meaning of Section 101 (9) of CERCLA, 42 U.S.C. § 9601(9). This pipeline is composed of asbestos and asbestos products sold/manufactured by the Defendants.**

Based on the above two paragraphs, Defendants assert that "[p]aragraphs fifty-eight and fifty-nine of Plaintiffs' complaint are drafted so as to expressly state a claim under federal law. Plaintiffs' claims thus fall under the exclusive jurisdiction of the Federal Courts." (Exhibit A, Paras. 4 & 5.) Moreover, the Defendants argue that the adjudication of Plaintiffs' claims will "require the interpretation of federal statutes." (Exhibit A, Para. 6.)

3

In Paragraphs 58 and 59, Plaintiffs have merely made reference to CERCLA's definitions for "facility" and "hazardous substance" as they were defined in the United States Code. Defendants' argument is that, by referring to the CERCLA definitions of "facility" and "hazardous substance", Plaintiffs have somehow now "expressly state[d] a claim under federal law." Defendants contend that, by including these definitions in their pleading, the adjudication of Plaintiffs' claims "will require the interpretation of federal statutes" and as such, justify the removal of plaintiffs' complaint to Federal Court.

The gravaman of Plaintiffs' complaints lie in State Law and Plaintiffs have not "expressly stated a claim under federal law." Plaintiffs' fifteen count complaint asserts claims under (a) the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), (b) negligence, (c) Conspiracy, (d) Gross Negligence, Willful and Wanton and Intentional Wrongful Conduct, (e) Negligent Inspection and Negligent Undertaking (only against Mead and Meadwestvaco), (f) Fraudulent Suppression and Misrepresentation, (g) Negligent Use, Production, Storage, Release and Disposal of Hazardous Waste Products (only against Mead and Meadwestvaco), (h) Public Nuisance, (i) Tort of Outrage, (j) Battery (k) Intentional Infliction of Emotional Distress, (l) Negligent Infliction of Emotional Distress, (m) Breach of Warranty under Alabama Code sec. 7-2-314, (n) Strict Liability under the Second Restatement, and (o) Fraudulent Suppression. In all counts of Plaintiffs' Complaint, Plaintiffs seek *compensatory and punitive damages*.

The Conditional Transfer Order (CTO-257) should be vacated and, ultimately, these claims remanded back to State Court because (a) Plaintiffs' claims do not plead a federal cause of action anywhere in Plaintiffs' complaints, either expressly or impliedly, (b) Plaintiffs' expressly *disclaimed* all federal claims or causes of action in Paragraph

4

five of their Complaint, (c) the mere reference to a federal statute (in this case two definitions set forth in CERCLA for "facility" and "hazardous substance") do not convert otherwise state based personal injury and wrongful death claims into ones "expressly stat[ing] a claim under federal law" especially not under CERCLA which does not allow for personal injury damages such as are sought by Plaintiffs in these cases nor even for injunctive relief, and (d) in order to bring a "private citizen suit" under CERCLA, plaintiffs must satisfy several conditions precedent to bringing such an action such as Notice to the government prior to filing such a suit, such a suit can only be brought against a limited number of defendants (in this case, only two of the more than a dozen defendants) and then can only seek the costs expended for remediation and not for private damages unrelated to a cleanup. Here, since plaintiffs had no intention to bring a CERCLA claim for remediation costs, they did not give any notice to the government which would be necessary before such a claim could be brought and have not sought to recover remediation costs. Plaintiffs have only sought injunctive relief and compensatory and punitive damages, none of which are recoverable under CERCLA; and (e) although the defendants removed these claims to federal court on the grounds the complaints raised a federal question and sought to have them removed to the MDL for consolidated discovery proceedings, they have all since expressed their objection to consolidating these cases for the purpose of pretrial discovery in direct contradiction to their initial desire to have them sent to the MDL.

**III.    PLAINTIFFS ACTIONS SHOULD BE REMANDED BACK TO STATE COURT AS NO FEDERAL QUESTION IS RAISED BY PLAINTIFFS' COMPLAINT**

Plaintiffs' complaint does not "expressly state a claim under federal law", nor does it require "interpretation" of federal statutes.  Moreover, Plaintiffs contend that if the two offending paragraphs were removed, the revisions would hardly be noticeable. Additionally, Plaintiffs contend that, not only is a federal question nonexistent in their complaint, but no amount of mental gymnastics could create one from the face of the complaint.  However, if one were an Olympic caliber mental gymnast and could find a federal question in Plaintiffs' pleadings, no amount of stretching could make it so "direct and essential" to the action that it justified the federal court in exercising jurisdiction.

**A.      *Federal Question Must Be Disclosed Upon the Face of the Complaint; Plaintiff is the Master of the Complaint and May Eschew Federal Claims.***

Where, as here, federal jurisdiction is deemed to arise as a result of a "federal question", the question "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal".  *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112-13 (1936)(noting that the federal question cannot be "merely a conjectural or possible one").  Thus the rule allows the Plaintiffs, as "master of the complaint" to "choose to have the cause heard in state court" by eschewing claims based on federal law. *Calif. ex rel Lockyer v. Dynegy*, 375 F.3d 831, 839 (9th Cir. 2004).  Moreover, the well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question properly appears on the face of the Plaintiffs complaint.  *Columbia Gas*

_Transmission Corp. v. Drain_, 237 F.3d 366, 369-70 (4th Cir. 2001), citing _Merrell Dow_

_Pharm Inc. v. Thompson_, 487 U.S. 804, 808 (1986).

The Complaint in this matter asserts no federal claims.  In fact, contrary to

defendants' assertions that the Complaint "expressly state[s] a claim under federal law,"

the Plaintiffs have actually _expressly disclaimed any federal question, claims or causes of_

_action._

Paragraph 5 of Plaintiffs' complaints state as follows:

> Removal of this Action is improper for the following reasons: (a) the Federal courts lack subject matter jurisdiction over this action; (b) this action does not involve a federal question; (c) there is a lack of complete diversity of citizenship between the Plaintiffs and the Defendants; (d) the presence of Alabama defendants eliminates the defendants right of removal even when there is complete diversity of citizenship between the Plaintiffs and defendants; (e) the Plaintiffs expressly disclaim every claim arising under the Constitution, treaties or laws of the United States (including any right arising from an act or omission on a Federal enclave , or by any officer of the United States or any agency or person acting under him/her color of authority of such office); (f) no claim of admiralty or maritime law is raised; (g) the Plaintiffs sue no foreign state or agency; and (h) the Circuit Court of St. Clair, Alabama, is a proper venue for this action because, _inter alia_, several Defendants are located in St. Clair County and the wrongful act/injury occurred within St. Clair County.

(Exhibit B, para. 5) As can be seen, Plaintiffs included the above paragraph in

their complaints. Thus, defendants reliance upon Plaintiffs borrowing of the CERCLA's

definitions for "facility" and "hazardous substance" in their count for _Negligent Use,_

_Production, Storage, Release and Disposal of Hazardous Waste Products (only against_

_Defendants Mead and Meadwestvaco)_ in support of their removal is disingenuous to say

the least.

It is axiomatic that a plaintiff is "master of his complaint" and can choose to

forego all federal claims and remedies.  It is also clear that inclusion in a plaintiff's

7

complaint of language such as that quoted above, that expressly eschews all federal questions, is a substantive way of avoiding removal when defendants can *imply* a federal question notwithstanding plaintiff's artful drafting.  Defendants' argument, however, requires the opposite to be true; it requires the law to be that an express renunciation of all federal claims and remedies by the plaintiff can be overridden by the implication of a federal question in the complaint and assisted by the defendant's answer or notice of removal.  In other words, while the law allows a Plaintiff to expressly waive any and all federal questions and remedies and choose to proceed in State court, defendants' argument mandates that that same express renunciation of all federal claims and remedies can be overridden by the implication of a federal question.  Defendants' argument, therefore, is at best, disingenuous, and, at worst, frivolous.

**B.      Mere Reference to a Federal Statute is Insufficient to Establish a Federal Question**

Moreover, the gap between Plaintiffs' references to CERCLA and the Defendants' assertions that plaintiffs' claims now expressly raise a "direct and essential" federal question is as wide as the Grand Canyon.  The pertinent language which borrows the CERCLA definitions of "facility" and "hazardous substance" and which forms the basis for Defendants' removal and assertion of an "expressly pleaded" federal question is cited above. Nowhere is a federal question pled. These are the only references to a federal statute anywhere in the complaint. Plaintiffs' seek recovery in this Count of their complaints against only Mead and Meadwestvaco and do not seek any damages recoverable under CERCLA, but rather seek damages recoverable under State Law for compensatory and punitive damages. (Exhibit C, attached hereto)

8

Again it is axiomatic that mere references by a plaintiff to a federal statute in his complaint is not sufficient to establish federal jurisdiction nor does it necessarily raise a federal question. In *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996), the Ninth Circuit Court of Appeals in the context of a wrongful termination action, held that direct and indirect references to Title VII were not sufficient to establish federal jurisdiction.

Here, Plaintiffs merely referred to the definitions of "facility" and "hazardous substance" as they were defined under the CERCLA. By removing the "offending references" and doing nothing more, Plaintiffs do not change their cause of action in the least and their proofs do not change either. Clearly, the inclusion of these definitions therefore, do not change the gravaman of their Complaint from one entrenched in State law seeking damages for personal injury and wrongful death to one distinctly federal in character. In addition, Plaintiffs will still be able to point to the Defendants' violation of the various elements of the CERCLA statute (which are not pleaded) and to these definitions to support their claims of negligence under state law. *See Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994) and other cases *infra.* ("the violation of a federal standard as an element of state tort recovery does not change the state tort nature of the action".)

If Defendants' justification for removal is upheld here, it would result in still another preposterous outcome whereby a plaintiff who does *not* plead that a violation of a federal statute is evidence supporting his state law claim will keep his case in state court whereas the plaintiff who is more explicit in his theory of the case gets sent to federal court despite eschewing all federal questions. The facts of this case are even more

extreme since here Plaintiffs merely reference two definitions from CERCLA and do not even plead the elements of the federal statute that defendants claim is the gravaman of the plaintiffs action.

Defendants insist, however, that these references to CERCLA's definitions of "facility" and "hazardous substance" require "interpretation" of a federal statute. This is not the case or the law. Statutes only need interpretation by courts when they are vague and capable of several meanings.  Where, as here, we are dealing with the definition section of the CERCLA statute, it can be easily discerned as to what the legislature meant when it decided that "asbestos" is a "hazardous substance" or that a "pipe" was a "facility" under CERCLA.  No interpretation necessary. It is ironic that Defendants are left with arguing that Plaintiffs inclusion of these CERCLA definitions require federal interpretation of a federal statute when the entire purpose behind including those definitions in the Statute certainly was to eliminate confusion, clearly define the scope of the Act, *and leave as little of the Act to interpretation as possible.*

And even if the definitions themselves failed as models of clarity, as these do not, and interpretation were necessary, the state courts are "fully competent to interpret [a federal statute]" in the context of a state law claim.  *Kravitz v. Homeowners' Warranty Corp.*, 542 F.Supp.317, 319-20 (E.D. Pa. 1982).  Moreover, even assuming *arguendo* that somehow these two paragraphs could be seen as giving birth to a federal question, that question must be integral, or "direct and essential" to the action and not merely collateral. It is a "long settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Merrell Dow*

*Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Lippet v. Raymond James Fin. Svcs*. 340 F. 3d 1033, 1044-45 (9th Cir. 2003).

The gravamen of the Plaintiffs' claims are for personal injury and wrongful death and lie in State law. As such, Defendants cannot bootstrap a reference to a federal statute into an assertion that federal claims predominate or are central to this case. In *Florida Democratic Party v. Hood*, 342 F.Supp.2d 1073, 1078 (D. Fla. 2004), plaintiffs pled a common law contract action but referenced the Help America Vote Act (HAVA) requirements as evidence of defendants' breach of contract. The *Hood* court reasoned that, since HAVA did not create a private right of action, it followed that no federal claim justifying removal could be asserted in the Complaint. Here, in the instant cases, it must be noted that there are procedural obstacles that must be hurdled before a "citizen suit" can be pursued under CERCLA. *See* 42 U.S.C. 9659. Specifically, there are specific notice requirements that are conditions precedent to being able to pursue a citizen action under CERCLA that must be complied with before filing such a claim. *See* 42 U.S.C. 9659(d). Plaintiffs have not pled compliance with these conditions precedent and, in fact, have not given the notice as required in order to have the right to bring a "citizen suit" under CERCLA. As in the *Hood* case, therefore, without complying with these conditions precedent, no private right of action under CERCLA exists or can be asserted. Accordingly, no federal claim justifying removal could be asserted in the complaint and as a matter of law one cannot arise from the face of Plaintiffs' complaint.

### C.   Pleading A Violation of a Federal Statute as Evidence of the Standard of Care under State Claims Does not Raise a Federal Question

Finally, referencing a federal statute and pleading a violation of the statute as evidence of the standard of care or conduct breached under the asserted state claim does

11

not thereby grant federal court jurisdiction.  In *Greene v. General Motors Corp.*., 261

F.Supp.2d 414 (W.D.N.C. 2003), it was held that utilizing the Magnuson Moss Warranty

Act to set a standard of care or conduct relevant to the Plaintiff's prayer for relief (to have

a contract voided) did not state a federal claim. In fact, the 11th Circuit is among those

that have ruled on this issue and held, "[f]ederal question jurisdiction does not arise when

a state court plaintiff alleges that a federal statute provides a standard of care or conduct,

or otherwise refers to federal authority as evidence that a defendant violated state law."

*Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994) ("the violation of a federal standard

as an element of state tort recovery does not change the state tort nature of the action".)

The Plaintiffs are the "master of their Complaint."  They can choose to only plead

state law claims and thereby keep their action out of Federal Court.  In addition, they can

expressly eschew claims based on federal law.  Plaintiffs did both here.  In addition, the

mere reference to a federal statute is insufficient to create federal question jurisdiction,

and it is absolutely proper for a plaintiff to reference the violation of a federal statute as

evidence that a defendant violated state law. Plaintiffs have not plead compliance with

these conditions precedent and, in fact, have not given the notice as required in order to

have the right to bring a "citizen suit" under CERCLA entitled them to a remedy under

state law.  The Court agreed and held, not only that plaintiff's claims were "rooted in"

state law, but that the state courts "[were] fully competent to interpret the Magnuson-

Moss [Act]."  The Court declined to exercise jurisdiction, therefore, finding little reason

to assert federal question jurisdiction.

In *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envt'l Quality of
Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000), a case dramatically on point to the

matter herein, the 9th Circuit reasoned that **"the fact that [Plaintiff's] complaint makes repeated references to CERCLA does not mean the CERCLA creates the cause of action under which [Plaintiff] sues."** Moreover, the United States Supreme Court has stated that State law damage remedies can be used to enforce Federal Standards of care. *Silkwood v. Kerr McGee,* 464 U.S. 238, 251 (1984). The Supreme Court also has stated that there is no conflict between state and federal law, where federal laws provide no remedy. *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996). Therefore, Federal laws which provide no remedy can form the basis for a remedy under State law. *Id.*

Similarly, here, Plaintiffs claims are rooted in state law. Plaintiffs' here have merely referenced the CERCLA *definitions* of "asbestos" as a "hazardous substance" and "pipe" as a "facility," made no other reference to federal law and, at the same time, expressly waived any and all federal questions in the first five paragraphs of each and every one of their complaints. Plaintiffs' claims, therefore, clearly belong in state court. If such a thinly veiled pretense can be justified here to remove plaintiffs' claims as those that are set forth by the defendants in this case, then essentially all cases would be removable. Certainly, in most cases, a clever lawyer would be able to find some federal question that is related, although indirectly and tangentially, to the issue in the complaint as pled.

### D.    Burden of Proof on Removal falls on the Removing Party

Moreover, it is also well established that the burden is on the party seeking to preserve the district court's removal jurisdiction (here Defendants Mead and Meadwestvaco), not the party seeking remand to state court (here Plaintiffs Charles and Patricia Archer). *Kirkland v. Midland Mortgage Co.*, 243 F. 3d 1255 (11th Cir. 2000).

The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393, (9th Cir. 1998).When there is doubt as to the right of removal in the first instance, ambiguities are to be construed against the removal. *Samuel v. Langham*, 780 F. Supp. 424, 427 (N.D. Tex. 1992); see also *Fellhauer v. Geneva*, 673 F. Supp. 1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only when its authority to do so is clear." *Gorman v. Abbott Laboratories*, F. Supp. 1196, 1203 (D.R.I. 1986). "The removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Suregons v. Pitsch*, 776 F. Supp. 437, 439 (N.D.Wisc. 1991).

If the district court determines at any time that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court. 28 U.S.C. §1447 *see, e.g. ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). Because the existence of federal subject matter jurisdiction is a constitutional requirement, a district court must remand a removed case in which the lack of subject matter jurisdiction is discovered at any time prior to the entry of judgment. 28 U.S.C. §1447.

## IV.  CONCLUSION

Taking all evidence in the light most favorable to the non-removing party and construing the evidence against the removing party, the Plaintiffs' Motion for Remand is due to be granted due to the complete absence of any federal law claim to be adjudicated. Remand is mandated based on the facts that (a) no federal question arises from the "face" of plaintiffs' well pleaded complaint because plaintiffs expressly eschewed any federal

grounds for removal, did not plead necessary conditions precedent to filing a "citizen suit" under CERCLA, thus eliminating any federal questions for a federal court to decide and do not and cannot seek remediation damages which are the only recovery that can be sought under CERCLA; (b) mere references to federal statutes, do not confer jurisdiction on the federal courts, especially as here where other than setting forth definitions, plaintiffs make no other allegations, expressly or impliedly, relating to those definitions; (c) any federal question that could be implied as being raised from the definitional references, are just that, implied and speculative, thus not supporting removal nor overcoming the underlying claims which are for personal injury and wrongful death.

WHEREFORE, the Plaintiffs respectfully move this Court for an Order Vacating the Conditional Transfer Order (CTO-257) and, in addition, Remanding the present case to the Circuit Court of St. Clair County, Alabama as well as awarding attorneys' fees and costs to the plaintiffs for the time and expense invested in responding to this improvident removal by defendants and any and all other and further relief as this court deems just.

Respectfully Submitted on this the 27th day of February, 2006.

Martin K. Berks, Bar No. BER039
Attorneys for Plaintiffs
Charles and Patricia Archer, Plaintiffs
Alford and Iris McGuffie, Plaintiffs
Rebekah Riggs, Plaintiff

OF COUNSEL:
ENVIRONMENTAL ATTORNEYS, GROUP, P.C.
2145 14th Avenue South
Birmingham, AL 35205
(205) 326-1000 telephone
(205) 326-1007 facsimile
Email: **mberks@eaglawyers.com**

15

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 8 2006

FILED
CLERK'S OFFICE

### CERTIFICATE OF SERVICE

I hereby certify that I have this the 27th day of February, 2006, caused the above and foregoing Plaintiffs' Motion to Extend Time to be served on all counsel of record by facsimile and US Mail of true and correct copies thereof as indicated on the attached listing of counsel.

OF COUNSEL

2006 FEB 27  P 3: 32
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Charles Richard Archer, et al. v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2466
(Judge C. Lynwood Smith, Jr.)
*Rebekah Riggs, etc. v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2472
(Judge T. Michael Putnam)
*Alford McGuffie v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2473
(Judge C. Lynwood Smith, Jr.)

Martin Berks
Environmental Attorneys Group, PC
2145 14th Avenue South
Suite 100
Birmingham, AL 35205

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Christopher A. Bottcher
Sirote & Permutt, P.C.
2222 Arlington Avenue South
P.O. Box 55727
Birmingham, AL 35255

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Kevin E. Clark
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203

Timothy Allen Clarke
Vickers, Riis, Murray & Curran
P.O. Drawer 2568
Mobile, AL 36652-2568

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Timothy M. Davis
Adams & Reese, LLP
2100 Third Avenue North
Concord Center, Suite 1100
Birmingham, AL 35203-3367

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Samuel H. Franklin
Lightfoot, Franklin & White
400 North 20th Street
Birmingham, AL 35203

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Todd M. Higey
Adams & Reese/Lange
Simpson, LLP
2100 Third Avenue North
Concord Center, Suite 1100
Brimingham, AL 35203-3367

Charles Andrew Kitchen
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center
Suite 200
Birmingham, AL 35223-2484

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

PANEL SERVICE LIST - DOCKET NO. 875 (EXCEPTED FROM CTO-257)          Page 2 of 2

Donald C. Patridge
Forman, Perry, Watkins, Krutz &
Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Keith J. Pflaum
Porterfield, Harper, Mills &
Motlow, P.A.
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Stella Shackelford
Montgomery Barnett
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3200

John Albert Smyth, III
Maynard Cooper & Gale PC
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert H. Sprain, Jr.
Sadler, Sullivan PC
Southtrust Tower
Suite 2500
420 20th Street North
Birmingham, AL 35203

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Michael E. Turner
Cabaniss, Johnston, Gardner,
Dumas & O'Neal
2001 Park Place North
Suite 700
P.O. Box 830612
Birmingham, AL 35283

William L. Waudby
Adams & Reese/Lange Simpson
2100 Third Avenue North
Concord Center, Suite 1100
Brimingham, AL 35203-3367

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Allan R. Wheeler
Burr & Forman L.L.P.
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 8 2006

FILED
CLERK'S OFFICE

Exhibit A

RECEIVED
CLERK'S OFFICE
2006 FEB 27  P 3: 32
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

DEC 05 2005   1:27 PM FR MAYNARD COOPER  4205  25  ...

FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

2005 DEC - i  PM 2: 32

| | | |
|---|---|---|
| REBEKAH RIGGS, as PR for the Estate of FARRELL RIGGS, | ) ) ) | |
| Plaintiff, | ) ) | CV-05-TMP-2472-M |
| | ) | Civil Action No. _____ |
| MEAD CORPORATION, et al., | ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441 *et seq.*, Defendant MeadWestvaco Corporation (hereinafter referred to as "Mead") hereby notices removal of this civil action from the Circuit Court of St. Clair County, Alabama to the United States District Court for the Northern District of Alabama, Middle Division. This Court has removal jurisdiction because this is a civil action "of which the district courts have original jurisdiction" and an action "founded on a claim or right arising under . . . the laws of the United States." 28 U.S.C. § 1441(a) – (b); *see* 28 U.S.C. § 1331.

## I.  ORIGINAL JURISDICTION

1. With limited exceptions, 42 U.S.C. § 113(b) confers on the federal district courts "exclusive original jurisdiction over all controversies arising under" the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").

2. The Eleventh Circuit Court of Appeals has considered the issue of when original jurisdiction arises under CERCLA, § 113(b), and has concluded:

> In order to determine whether a claim arises under federal law within the meaning of Section 1331, a court must ascertain if a federal cause of action would appear on the face of a well-pleaded complaint.

*Hudson Ins. Co. v. American Electric Corp.*, 957 F.2d 826, 827 (1992).

01266488.1

3. "Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint." *Abele v. Tolbert*, 130 Fed. Appx. 342, 342, 2005 U.S. App. LEXIS 20605 (11th Cir. 2005); *see also Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

4. On November 2, 2005, Plaintiff filed her Complaint in the Circuit Court of St. Clair County (Alabama). Mead accepted service on November 15, 2005. (See letter attached as Exhibit A.) Paragraphs fifty-eight and fifty-nine of Plaintiff's Complaint state:

> 58. Pursuant to 42 U.S.C. § 7412(b)(1), asbestos is a hazardous air pollutant, and is therefore a "hazardous substance" as defined by Section 101(14) of U.S.C. § 9601 (14).

> 59. Within the community of Ragland Alabama, there exists a pipeline connecting residences and local businesses to various utilities. The pipeline existing in Ragland, Alabama is a "facility" within the meaning of Section 101 (9) of CERCLA, 42 U.S.C. § 9601(9). This pipeline is composed of asbestos and asbestos products sold/manufactured by the Defendants.

(Complaint, Attached as Exhibit "B")

5. Paragraphs fifty-eight and fifty-nine and Plaintiff's Complaint are drafted so as to expressly state a claim under federal law. Plaintiff's claims thus fall within the original jurisdiction of the district courts.

6. Additionally, Plaintiff's claims are removable as they require interpretation of federal statutes. Plaintiff's claims require adjudication regarding the definition of the terms "facility" and "hazardous substance" as contemplated by Congress. The Supreme Court has recently reaffirmed that the function of interpreting a federal statute is one arising under the original jurisdiction of the federal courts. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S. Ct. 2363, 2366 (June 13, 2005) (affirming original

jurisdiction exists when "the meaning of the federal statute is actually in dispute"); *see also Franchise Tax Bd. v. Constr. Labrorers Vacation Trust,* 463 U.S. 1, 9, 28 (1983).

## II.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

7.    Pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil procedure, this Notice of Removal is "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading, setting forth the claim for relief upon which such action or proceeding is based. . ." Plaintiff to date has not properly served a single Defendant. Rather, counsel for Plaintiff attempted to serve all Defendants through their Alabama counsel. Each of these improperly served Complaints were returned to Plaintiff's counsel so that Plaintiff's could re-attempt proper service. However, at Plaintiff's counsel's request, the undersigned counsel for Mead voluntarily waived Mead's right to proper service and accepted service on their behalf. As evidenced by counsel for Mead's letter to Plaintiff's counsel, attached as Exhibit "A", Mead accepted service on November 15, 2005.

8.    This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

9.    Defendant Mead has heretofore sought no similar relief.

10.    The prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

11.    As stated in paragraph seven (7), above, no other Defendant has been properly served in this matter. Accordingly, the consent of co-defendants is not required.

12.    Pursuant to 28 U.S.C. § 1446(d), a Notice of filing this Notice of Removal is being filed with the clerk of the Circuit Court of St. Clair County, Alabama, and served on Plaintiff's counsel.

13.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached to this Notice of Removal (Exhibit "B"), as is a copy of any other process, pleadings, and orders in the state court file to date (Exhibit "C").

WHEREFORE, Defendant Mead desiring to remove this civil action to the United States

District Court for the Northern District of Alabama, Middle Division being the district and

division for the county in which such civil action is pending, prays that the filing of this Notice

of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this

Notice of Removal with the Clerk of the Circuit Court of St. Clair County, Alabama, shall effect

the removal of said civil action to this Honorable Court.

Respectfully submitted,

John A. Smyth III
C. Andrew Kitchen
Attorneys for Defendant
MeadWestvaco Corporation

**Of Counsel:**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Phone:        (205) 254-1000
Facsimile:    (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that an original of the above and foregoing has been served upon the following counsel by faxing a copy and placing an original of same in the U.S. Mail, first-class postage prepaid and properly addressed:

Martin K. Berks
Environmental Attorneys Group, PC
PO Box 381403
Birmingham, Alabama  35238
Phone: (205) 326-1000
Facsimile: (205) 326-1007

On this the 1st day of December, 2005.

Of Counsel

01266488.1

Exhibit B

business in Alabama; (4) existing under and by virtue of the laws of some other state and have conducted business in Alabama. Exhibit "A" which identifies the Defendants by name is attached hereto and incorporated herein as if the same were fully set forth herein. Service of process may be had upon the Defendants by certified mail, return receipt requested. Each Plaintiff brings suit against all of the Defendants.

3.      The Fictitious Defendants, those defendants whose identities are presently unknown, will be temporarily identified as Fictitious Defendants 1 - 100. The Fictitious Defendants are more particularly described in Paragraphs 11, and 16 below and Exhibit "B". The Plaintiffs will amend their pleadings in this action when each Fictitious Defendant's true name is discovered and said Defendant will be given proper notice of the same. Exhibit "B" which identifies the Defendants by name is attached hereto and incorporated herein as if the same were fully set forth herein.

## VENUE

4.      Venue of this action is proper in St. Clair County as several of the Defendants reside therein by having a registered agent in and for said county and the wrongful acts of defendants occurred in St.Clair County. Venue is appropriate for the Plaintiffs' claims against the remaining Defendants since they are joint tort-feasors with the resident Defendants and/or their products caused injury to Plaintiffs in St. Clair County, Alabama.

## REMOVAL

5.      Removal of this Action is improper for the following reasons: (a) the Federal courts lack subject matter jurisdiction over this action; (b) this action does not involve a federal question; (c ) there is a lack of complete diversity of citizenship between the Plaintiffs and the Defendants; (d) the presence of Alabama defendants eliminates the defendants right of removal since there is not complete diversity of citizenship between the plaintiffs and defendants; (e) the Plaintiffs expressly disclaim

every claim arising under the Constitution, treaties or laws of the United States (including any right arising from an act or omission on a Federal enclave , or by any officer of the United States or any agency or person acting under him/her color of authority of such office); (f) no claim of admiralty or maritime law is raised; (g) the Plaintiffs sue no foreign state or agency; and (h) the Circuit Court of St. Clair County, Alabama, is a proper venue for this action because, *inter alia*, several defendants are located in Alabama and Plaintiff suffered injury in St. Clair County, Alabama.

6.    Removal based, in whole or in part, upon the bankruptcy of any Defendant, whether named or fictitious, any joint tort-feasor and/or predecessor, successor, subsidiary, affiliate, assignee, etc. thereof would be frivolous. Under Alabama law, the Defendants are jointly and severally liable to the plaintiffs with no right of contribution among them, any other joint tort-feasor and/or third persons. The plaintiffs in their sole discretion may choose to pursue a claim against one joint tort-feasor, all or any combination thereof.  Moreover, the Plaintiffs in their sole discretion may choose to collect any judgment entered against multiple defendants from only one, all or any combination thereof. Therefore, the bankruptcy of any entity referenced herein will have no effect on the removing defendant's liability to the plaintiffs whatsoever and plaintiffs intend to request that any claims against a defendant that files for bankruptcy be severed pending the outcome of that bankruptcy this case, whichever comes first.

## FACTUAL BACKGROUND

7.    The plaintiffs are longtime residents of Ragland, Alabama.  Richard Archer is presently suffering from mesothelioma fatal cancer of the lining of the lungs caused by asbestos exposure. In 1964, when it opened in Ragland, Alabama,  Mr. Archer

Exhibit C

hereto as Exhibit A.

5. At the present time, Plaintiff Charles Archer has been diagnosed with malignant pleural mesothelioma.  His condition is rapidly deteriorating and his prognosis is terminal.   Plaintiff Patricia Archer has suffered several cardiac episodes and is under the treatment of a psychiatrist to deal with the emotional stress related to her injuries and the imminent death of her husband.

6. Pursuant to Rule 15(c) of the *Alabama Rules of Civil Procedure*, Plaintiffs further amend their original Complaint attached as Exhibit A to include the following:

## COUNT EIGHT:
## NEGLIGENT USE, PRODUCTION, STORAGE, RELEASE AND DISPOSAL OF HAZARDOUS WASTE PRODUCTS OF DEFENDANT MEAD AND DEFENDANT MEADWESTVACO

7. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-6 as set out hereinabove.

8. Pursuant to 42 U.S.C. § 7412(b)(1), asbestos is a hazardous air pollutant, and is therefore a "hazardous substance" as defined by Section 101(14) of U.S.C. § 9601(14).

9. Within the community of Ragland, Alabama, there exists a pipeline connecting residences and local businesses to various utilities.  The pipeline existing in Ragland, Alabama is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).  This pipeline is composed of asbestos and asbestos products sold/manufactured by the Defendants.

10. Because of the negligence use, production, storage, release and disposal of

2

hazardous waste of Defendant Mead and Defendant Meadwestvaco, there has been an actual release and a continuous threatened release of hazardous substances into the environment of Ragland, Alabama.

11. Defendants Mead and Meadwestvaco conspired with Liberty Mutual Insurance Company to conceal the fact that harmful hazardous materials like asbestos were released into the environment in Ragland.

WHEREFORE, the Plaintiffs respectfully request that this Court (1) order the Defendants Mead and Meadwestvaco to incur the response costs and take the actions necessary to attain a degree of clean-up of hazardous substances, pollutants, and contaminants released into the environment which, at a minimum, assures the protection of human health and the environment. The Plaintiffs further request that this Court (2) grant such other further relief as the Court deems just and proper, including judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity.

## COUNT NINE:
## PUBLIC NUISANCE

12. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-11 as set out hereinabove.

13. The continued release of asbestos and other toxic chemicals into the environment in Ragland, Alabama by the Defendants has cause a public nuisance affecting public heath, safety, and general welfare within the Ragland community.

3