

MDL 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 8 2006

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ROGERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SDIL CAUSE NO: 05-685-DRH |
| ) | |
| ILLINOIS CENTRAL RAILROAD ) | |
| d/b/a CANADIAN NATIONAL/ ) | |
| ILLINOIS CENTRAL, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER CTO-257

COMES NOW, Plaintiff, John Rogers, by and through his attorneys, Rathmann &
O'Brien, L.L.C., and for his Motion to Vacate Conditional Transfer Order CTO-257,
states as follows:

1.     On September 29, 2005, Plaintiff's complaint was filed in the United
States District Court in the Southern District of Illinois.

2.     In Plaintiff's complaint, he asserted a claim for negligence under the
Federal Employers' Liability Act, FELA, 45 U.S.C. Section 51 et seq., and alleged
injuries due to an inadequate and unreasonably safe work environment that caused him
high levels of exposure to diesel fumes, diesel vapors and gases, as well as, exposure to
asbestos fibers, particles, and dust.



**OFFICIAL FILE COPY**

IMAGED MAR 0 1 2006

3.      On January 24, 2006, a Conditional Transfer Order, CTO-257, was filed before the Judicial Panel on Multi-District Litigation requesting the transfer of Plaintiff's complaint to Docket Number 875 which was expressly created for asbestos products liability litigation and related class action lawsuits.

4.      On February 8, 2006, Plaintiff filed his Notice of Opposition to Conditional Transfer Order, CTO-257.

5.      Plaintiff's cause of action concerns issues of fact that are unrelated to asbestos.  Should this Panel grant transfer, Plaintiff's diesel exposure claim, which deserves equal importance, will likely languish within the Multidistrict Litigation docket.

6.      Transfer will only unduly burden all parties involved with extra expenses and costs for travel.   Plaintiff's witnesses, treating physicians, and the Defendant itself all reside within the United States District Court for the Southern District of Illinois and transfer would not promote efficient litigation.

7.      The United States District Court of the Southern District of Illinois has merely 1,515 cases pending in litigation as opposed to the Eastern District of Pennsylvania which has in excess of 47, 126 pending cases.  Should the Panel grant transfer, Plaintiff's diesel exposure claim will likely languish within the system.

WHEREFORE, for the foregoing reasons Plaintiff respectfully files his Motion to Vacate Conditional Transfer Order CTO-257 with the Judicial Panel of Multi-District Litigation.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

_____
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 8 2006

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)          CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN          DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ROGERS )<br><br>Plaintiff, )<br><br>v. )<br>)      SDIL CAUSE NO: 05-685-DRH<br>ILLINOIS CENTRAL RAILROAD )<br>d/b/a CANADIAN NATIONAL/ )<br>ILLINOIS CENTRAL, )<br><br>Defendants. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO VACATE
CONDITIONAL TRANSFER ORDER CT0-257**

COMES NOW, Plaintiff, John Rogers, by and through his attorneys, Rathmann &

O'Brien, L.L.C., and for his Brief in Support of his Motion to Vacate Conditional

Transfer Order, CTO-257, states as follows:

**BACKGROUND**

Since 1966 Plaintiff, John Rogers has worked for the Defendant, Illinois Central

Railroad, (hereinafter "CN/IC") as a brakeman and conductor. *See Plaintiff's Complaint*

*attached hereto as Exhibit A.* As a brakeman and conductor plaintiff is required to spend

many hours within CN/IC's rail yards switching trains, moving diesel engines, and

switching railroad cars. *Id.* At times, Plaintiff spends up to 12 hours a day in the rail

yard performing these activities that expose him to asbestos in various varieties and

forms, as well as, diesel chemicals and products. *Id.* Specifically, Plaintiff's asbestos

exposure comes from equipment and products provided by and used by the Defendant,

CN/IC, such as brake pads and other brake equipment that caused particles, dust, and

silica to permeate the air within which Plaintiff works. *Id.* Additionally, plaintiff is

exposed to diesel products such as fumes, vapors, and solvents, and such exposure

contributes to his injuries today. *Id.*

     As a result of Plaintiff's exposure to both diesel fumes and asbestos, Plaintiff filed

a complaint against the Defendant, CN/IC, on September 29, 2005 in the United States

District Court in the Southern District of Illinois. *See Exhibit A.* Plaintiff's complaint

asserted claims for negligence under the Federal Employers' Liability Act, FELA, 45

U.S.C. Section 51 <u>et</u> <u>seq.</u>, and alleged injuries due to an inadequate and unreasonably

safe work environment that caused him high levels of exposure to diesel and asbestos

products. *Id.*

     On November 3, 2005 the Defendant sent Notice of Related Tag-Along Action to

the Judicial Panel of Multidistrict Litigation claiming that Plaintiff's cause of action fell

within the scope of the Judicial Panel's Order dated July 29, 1991. *See Defendant's*

*Notice of Related Tag-Along Action attached hereto as Exhibit B.* Shortly thereafter,

Plaintiff received a Conditional Transfer Order, CTO-257 and filed his Notice of

Opposition to the Conditional Transfer on February 8, 2006. *See Notice of Opposition to*

*Conditional Transfer attached hereto as Exhibit C.*

## LEGAL ARGUMENT

     Plaintiff's cause of action should not be transferred from the United States

District Court for the Southern District of Illinois to the Judicial Panel on Multidistrict

Litigation (hereinafter "Panel") in the United States District Court for the Eastern District of Pennsylvania. Under 28 U.S.C. § 1407 civil actions involving common questions of fact *may* be transferred to any judicial district for coordinated pretrial proceedings. To determine if transfer is warranted the Court examines whether: (1) there common questions of fact; (2) transfer convenient to both witnesses and parties; and (3) transfer promotes Judicial efficiency. *In re Asbestos Products Liability Litigation (No. VI) MDL No. 875*, 771 F.Supp. 415, 417-419, (J.P.M.D.L. 1991); 28 U.S.C. § 1407. If a party opposes transfer, the court will balance the above factors to determine if the case should in fact be transferred. *Id.*

In, *MDL No. 875,* the Court held that centralization of asbestos products litigation would be in the best interest of all parties involved, because it would "promote just and efficient conduct of litigation". At that time, the Court recognized the potential backlash that could occur from forcing transfer upon many litigants, and it was unwilling to "carve out exceptions to transfer". *Id. at 422.* Instead, the Court allowed the transferee court to make the decision whether the cause of action in question met the requirements for transfer. *Id.* And, the Court recognized that certain factual situations are unique to each action such that transfer is an inappropriate method to obtain judicial efficiency. *Id. at 418.*

In applying the Court's rules set forth in *MDL No. 875,* the action before this Panel should not be transferred. As stated supra, Plaintiff's cause of action contains claims against the Defendant for diesel exposure in addition to asbestos exposure. This action is not fact specific to asbestos, and by granting transfer Plaintiff's diesel exposure

claim, which deserves equal importance, it will likely languish within the Multidistrict Litigation docket.

Additionally, Plaintiff's claim is unique in that his exposure occurred over many years and within various cities and towns within the State of Illinois. Therefore, not only does the Defendant conduct business within the Southern District of the State of Illinois, but the majority of both Plaintiff's and Defendant's witnesses are also located within the District. Plaintiff's treating physicians are also located within the Southern District of Illinois. As such, transfer to this Panel would not promote the efficiency of justice or be convenient for witnesses and parties. However, it would unduly burden all parties and witnesses involved with extra expenses and costs for travel.

Plaintiff recognizes that this Panel was formed to specifically handle asbestos litigation. However, Plaintiff is concerned that his claim for diesel exposure, which is equally important, will be ignored and allowed to languish within the Multidistrict Litigation Docket. Additionally, it is important to note that the United States District Court of the Southern District of Illinois has merely 1,515 cases pending in litigation as opposed to the Eastern District of Pennsylvania which has in excess of 47, 126 pending cases. *See Statistical Court summaries attached hereto as Exhibit D.*   Any contention that transfer promotes judicial efficiency is without merit considering the high volume of cases that the transferee Court would have to contend with. And, since Plaintiff's cause of action contains a claim that concerns diesel exposure which is factually unique from asbestos litigation it is not efficient to allow transfer of such an issue to a court that solely handles asbestos litigation.

## CONCLUSION

For the reasons stated above, Plaintiff's cause of action should not be transferred to the Multidistrict Litigation docket.  Plaintiff's claim has a unique factual situation in that it concerns diesel exposure in addition to asbestos.  Additionally, all of Plaintiff's witnesses, treating, physicians, and the Defendant itself is located within the Southern District of Illinois.  Also, Plaintiff's diesel exposure claim would languish within a docket that solely handles asbestos claims.  As such, this Panel should prevent transfer Plaintiff's cause of action to the Multidistrict Litigation Panel.

WHEREFORE, Plaintiff, John Rogers, prays for this Panel to deny Conditional Transfer Order, CTO-257, and allow this cause of action to remain within the United States District Court of the Southern District of Illinois.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION FEB 2 8 2006

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

FILED
CLERK'S OFFICE

CIVIL ACTION NO. MDL 875

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ROGERS                    ) | |
|                    ) | |
|      Plaintiff,           ) | |
|                    ) | |
| v.                            ) | SDIL CAUSE NO:  05-685-DRH |
|                    ) | |
| ILLINOIS CENTRAL RAILROAD      ) | |
| d/b/a CANADIAN NATIONAL/       ) | |
| ILLINOIS CENTRAL,              ) | |
|                    ) | |
|      Defendants.          ) | |

**CERTIFICATE OF SERVICE**

I certify that on February 20, 2006, I filed Plaintiff's Motion to Vacate

Conditional Transfer Order, CTO-257 and Brief in Support upon the following

individuals and law firms included within the attached Panel Service List.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.
/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*John Rogers v. Illinois Central Railroad Co.,* S.D. Illinois, C.A. No. 3:05-685

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Mark R. Kurz
Gundlach, Lee, Eggman, Boyle
& Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Patrick S. O'Brien
Rathman & O'Brien
1031 Lami Street
St. Louis, MO 63104

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**IN THE UNITED STATES DISTRICT COURT OF**
**THE SOUTHERN DISTRICT OF ILLINOIS**   FEB 2 8 2006

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| JOHN ROGERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause: 05-cv-685 |
| | ) | |
| ILLINOIS CENTRAL RAILROAD | ) | |
| d/b/a CANADIAN NATIONAL/ | ) | |
| ILLINOIS CENTRAL, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that on February 20, 2006, I electronically filed Plaintiff's Motion to

Vacate Conditional Transfer Order, CTO-257 and Brief in Support with the Clerk of

Court using the CM/ECF system which will send notification of such filing(s) to the

following:

Mark R. Kurz

Respectfully submitted,
RATHMANN & O'BRIEN, L.L.C.
/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri 63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

**Attorneys for Defendant**
Mark R. Kurz
Gundlach Lee Eggmann Boyle & Roessler LLC
5000 West Main St., Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (Phone)
(618) 277-4594 (Facsimile)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 8 2006

FILED
CLERK'S OFFICE

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO. MDL 875

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JOHN ROGERS                         )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )    SDIL CAUSE NO: 05-685-DRH
ILLINOIS CENTRAL RAILROAD           )
d/b/a CANADIAN NATIONAL/            )
ILLINOIS CENTRAL,                   )
                                    )
        Defendants.                 )

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2006, I filed Plaintiff's Motion to Vacate

Conditional Transfer Order, CTO-257 and Brief in Support with the Clerk of Judicial

Panel on Multidistrict Litigation by mailing four (4) copies along with the original for a

total of five (5) documents along with an electronic disk copy containing each document

in Word Perfect 8 format to the Clerk of the Judicial Panel on Multidistrict Litigation,

Thurgood Marshall Federal Judiciary Building, One Columbus Circle, N.E., Room 6-

255, North Lobby, Washington, D.C. 20002.

Respectfully submitted,
RATHMANN & O'BRIEN, L.L.C.


Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

Attorneys for Defendant
Mark R. Kurz
Gundlach Lee Eggmann Boyle & Roessler LLC
5000 West Main St., Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (Phone)
(618) 277-4594 (Facsimile)

IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ROGERS<br>703 East Pembroke St.<br>Tuscola, IL 61953 | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     Cause |
| | ) |
| ILLINOIS CENTRAL RAILROAD<br>d/b/a CANADIAN NATIONAL/<br>ILLINOIS CENTRAL, | )<br>)<br>)     **JURY TRIAL DEMANDED** |
| | ) |
| SERVE:    CT Corporation<br>Registered Agent<br>208 S. LaSalle Street<br>Chicago, IL 60604 | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW plaintiff, John Rogers, by and through his attorneys, Rathmann

Law Offices, L.L.C., and for his cause of action against the defendant, Illinois Central

Railroad, d/b/a Canadian National/Illinois Central, a corporation, states:

### Jurisdictional Statement

1.    Plaintiff, John Rogers, is and was at all times relevant a resident of Tuscola,

Illinois.

2.    Defendant, Illinois Central Railroad, d/b/a Canadian National/Illinois

Central, is a corporation duly organized and existing according to law and duly

1



PLAINTIFF'S
EXHIBIT

A

authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which comprises the United States District Court of the Southern District of Illinois.

3.     Plaintiff was employed by defendant in interstate commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4.     This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

5.     Venue of this action is proper in the United States District Court for the Southern District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

### (Federal Employers' Liability Act)

6.     That from all times hereinafter mentioned Plaintiff, John Rogers, was employed by the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central, in interstate commerce.

7.     That since 1966, plaintiff, John Rogers, was employed by defendant, Canadian National/Illinois Central Railroad Company, as a conductor working in and around diesel and steam engines.

2

8.     That during the course of his employment, plaintiff, John Rogers, was exposed to and inhaled, ingested or otherwise absorbed asbestos, asbestos fibers, dust, powders, and/or particles in the air that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products he was working with while performing his railroad duties.

9.     During the course of his employment, plaintiff, John Rogers, was exposed to and inhaled, ingested or otherwise absorbed diesel exhaust, fumes, solvents, fuel, aromatic hydrocarbons, creasoate and/or other solvents that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products that he was working with while performing his railroad duties.

10.     In the course of his employment as described in paragraphs 8 and 9, above, plaintiff, John Rogers, was exposed to and contracted severe bodily disease and injury more fully described below, caused by one or more of the following negligent acts or omissions of defendant:

a.     It failed to provide plaintiff with a safe place to work;

b.     It failed to provide plaintiff with reasonably safe equipment;

c.     It failed to warn plaintiff of the dangers associated with exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when it knew or should have known of said dangers;

d.     It failed to provide plaintiff with safe methods of working with asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents; or

3

e.   It provided plaintiff with equipment utilizing asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when defendant knew or should have known that exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing said asbestos and/or diesel exhaust and/or fumes.

f.   Defendant failed to comply with OSHA regulations 29 C.F.R. 1910.1200 and 29 C.F.R. 1920.134 (b) (10) and Defendant knew or in the exercise of ordinary care should have known thereof and that such condition would likely cause substantial harm.

11.   As a direct and proximate cause of the negligence of defendant, Canadian National/Illinois Central Railroad Company, plaintiff suffered severe, disabling injuries. Plaintiff has developed or is at an increased risk to develop one or more of the following diseases: asbestosis, lung cancer, mesothelioma, asbestos related pleural disease, mixed dust, pneumoconiosis, occupational asthma, bronchitis, obstructive lung disease, chronic obstructive lung disease, silicosis, shortness of breath, reduced lung function, chronic persistent cough, chest congestion, sleep interruption, aggravation of pre-existing and co-existing disease, throat cancer, laryngeal cancer, lymphoma, gastrointestinal cancer, colon, stomach and rectal cancer, other asbestos related cancers, other diesel fume and exhaust related cancers, and other cancers associated with toxic exposure to solvents, chemicals, industrial products or chemicals, dusts, and/or particles.  Plaintiff has been under constant medical care and attention and will continue to receive same.  Plaintiff has undergone tests, surgery, and painful therapy, with severe side effects, all as a result of

4

defendant's negligence.  Plaintiff's life expectancy has been drastically shortened.  Plaintiff

has incurred medical expenses and will continue to do so in the future.  Plaintiff has suffered

loss of earning capacity and will continue to suffer same in the future.  Plaintiff has endured

pain and suffering both in the past and in the future.  Plaintiff has suffered emotional trauma

and distress, all as a result of the negligent conduct of defendant.

WHEREFORE, Plaintiff, John Rogers, prays that this Court enter Judgment against

the Defendant, Canadian National/Illinois Central Railroad Company, for a sum fair and

reasonable under the circumstances in excess of $75,000.00, the jurisdictional minimum of

the Court, together with his costs herein expended and Plaintiff's damages.

RATHMANN & O'BRIEN, L.L.C.


PATRICK S. O'BRIEN #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 (Telephone)
(314) 773-7238 (Facsimile)
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY      CIVIL ACTION
         LITIGATION (NO. VI)                NO. MDL 875

-----------------------------------------------------------------------------------------------------------------

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 05-685-DRH |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**JURY TRIAL DEMANDED**

## NOTICE OF RELATED TAG-ALONG ACTION

Defendant, Illinois Central Railroad Company, by and through its attorneys, Thomas R. Peters, Robert D. Andrekanic and Mark R. Kurz of Gundlach, Lee, Eggmann, Boyle & Roessler LLC, for its Notice of Related Tag-Along Action states:

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel of Multidistrict Litigation entered an order, (MDL Transfer Order), transferring all asbestos cases then pending in federal courts to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. That order also applies to tag-along actions or actions involving common questions of fact filed after January 17, 1991. MDL rule 7.5(e) provides;

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.



**PLAINTIFF'S
EXHIBIT**

*tables*

_B_

The undersigned hereby notifies the Court and the panel that this case is a potential tag-along action which may be subject to transfer to the Eastern District of Pennsylvania, and further moves this Court to stay the instant proceeding pending acknowledgment of the acceptance or rejection to the transfer.  The Clerk of the Panel may either: (1) enter a conditional Transfer Order pursuant to MDL Rule 7.4(a); or (2) file an Order to Show Cause why the action should not be transferred pursuant to MDL Rule 7.5(b).

This is also to certify that this same Notice of Related Tag-Along Action, together with a copy of the Complaint filed in this action, has been mailed this date to the Clerk of the Judicial Panel on Multidistrict Litigation, Thurgood Marshall federal Judiciary Building, One Columbus Circle, N.E., Room 6-255, North Lobby, Washington, D.C. 20002.

ILLINOIS CENTRAL RAILROAD COMPANY

s/Mark R. Kurz
Thomas R. Peters, #06195055
Robert D. Andrekanic, #06186973
Mark R. Kurz, #06211071
GUNDLACH, LEE, EGGMANN, BOYLE &
ROESSLER LLC
5000 West Main Street, Box 23560
Belleville, IL  62223-0560
Phone: (618) 277-9000
Fax: (618) 277-4594

ATTORNEY FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

JOHN ROGERS,                                     )
                                                 )
                    Plaintiff,                   )
                                                 )
V.                                               )            NO. 05-685-DRH
                                                 )
ILLINOIS CENTRAL RAILROAD COMPANY,               )
                                                 )
                    Defendant.                   )
                                                              **JURY TRIAL DEMANDED**


## CERTIFICATE OF SERVICE

I certify that on November 3, 2005, I electronically filed the Notice of Related Tag-Along

Action with the Clerk of Court using the CM/ECF system which will send notification of such

filing(s) to the following:

Patrick S. O'Brien

                                  Respectfully submitted,
                                  s/Mark R. Kurz
                                  Thomas R. Peters, #06195055
                                  Robert D. Andrekanic, #06186973
                                  Mark R. Kurz, #06211071
                                  Gundlach, Lee, Eggmann, Boyle & Roessler LLC
                                  5000 West Main Street, P.O. Box 23560
                                  Belleville, IL 62223-0560
                                  Phone:  (618) 277-9000
                                  Fax:  (618) 277-4594
                                  E-mail: M.Kurz@gundlachlee.com

**Attorneys for Plaintiff**
Patrick S. O'Brien
Rathmann & O'Brien, LLC
1031 Lami Street
St. Louis, MO 63104
(314) 773-3456 (Telephone)
(314) 773-7238 (Facsimile)

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)            CIVIL ACTION NO. MDL 875

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ROGERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | SDIL CAUSE NO: 05-685-DRH |
| ILLINOIS CENTRAL RAILROAD ) | |
| d/b/a CANADIAN NATIONAL/ ) | |
| ILLINOIS CENTRAL, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF OPPOSITION

COMES NOW, Plaintiff, John Rogers, by and through his attorneys, Rathmann &

O'Brien, L.L.C., and for his Notice of Opposition regarding Conditional Transfer Order

(CT-257), states as follows:

1.      On September 29, 2005, Plaintiff's complaint was filed in the United

States District Court in the Southern District of Illinois.

2.      In Plaintiff's complaint, he asserted a claim for negligence under the

Federal Employers' Liability Act, FELA, 45 U.S.C. Section 51 et seq., and alleged

injuries due to an inadequate and unreasonably safe work environment that caused him

high levels of exposure to asbestos fibers, particles, and dust.

3.      On January 24, 2006, a Conditional Transfer Order, CTO-257, was filed

before the Judicial Panel on Multi-District Litigation requesting the transfer of Plaintiff's

PLAINTIFF'S
EXHIBIT
tabbies®
C

complaint to Docket Number 875 which was expressly created for asbestos products liability litigation and related class action lawsuits.

    4.    Plaintiff opposes Conditional Transfer Order, CTO-257, as his cause of action is not part of an ongoing class action law suit against asbestos manufacturers that would warrant transfer to the Multi-District Litigation Docket.

    5.    Plaintiff's cause of action concerns issues of fact that are specific to his personal FELA claim, and if the Court grants transfer Plaintiff's claim would become lost within the Multi-District system.

    WHEREFORE, for the foregoing reasons Plaintiff respectfully files his Notice of Opposition regarding Conditional Transfer Order (CTO-257) with the Judicial Panel of Multi-District Litigation.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)          CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ROGERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | SDIL CAUSE NO: 05-685-DRH |
| ILLINOIS CENTRAL RAILROAD ) | |
| d/b/a CANADIAN NATIONAL/ ) | |
| ILLINOIS CENTRAL, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I certify that on February 8, 2006, I filed Plaintiff's Notice of Opposition

via facsimile at 202.502.2888 with the Clerk of Judicial Panel on Multidistrict Litigation

Respectfully submitted,
RATHMANN & O'BRIEN, L.L.C.
/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri 63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

Attorneys for Defendant
Mark R. Kurz
Gundlach Lee Eggmann Boyle & Roessler LLC
5000 West Main St., Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (Phone)
(618) 277-4594 (Facsimile)

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **ILLINOIS SOUTHERN** | | | 2005 | 2004 | 2003 | 2002 | 2001 | 2000 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,606 | 1,578 | 1,552 | 3,248 | 1,440 | 1,679 | U.S. | Circuit |
| | Terminations | | 1,597 | 1,504 | 1,457 | 3,263 | 1,515 | 1,634 | | |
| | Pending | | 1,515 | 1,500 | 1,417 | 1,332 | 1,344 | 1,399 | | |
| | % Change in Total Filings | Over Last Year | | 1.8 | | | | | 28 | 1 |
| | | Over Earlier Years | | | 3.5 | -50.6 | 11.5 | -4.4 | 62 | 5 |
| | Number of Judgeships | | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | .0 | .7 | 9.7 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 402 | 395 | 388 | 812 | 360 | 420 | 64 | 5 |
| | | Civil | 317 | 317 | 285 | 746 | 306 | 346 | 55 | 5 |
| | | Criminal Felony | 56 | 46 | 75 | 46 | 54 | 74 | 62 | 4 |
| | | Supervised Release Hearings** | 29 | 32 | 28 | 20 | - | - | 26 | 1 |
| | Pending Cases | | 379 | 375 | 354 | 333 | 336 | 350 | 53 | 3 |
| | Weighted Filings** | | 386 | 390 | 399 | 468 | 354 | 407 | 68 | 6 |
| | Terminations | | 399 | 376 | 364 | 816 | 379 | 409 | 62 | 5 |
| | Trials Completed | | 27 | 18 | 19 | 23 | 26 | 30 | 19 | 2 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 10.4 | 8.8 | 6.8 | 7.3 | 7.0 | 6.9 | 69 | 5 |
| | | Civil** | 9.5 | 9.7 | 9.0 | 2.1 | 8.4 | 8.0 | 42 | 5 |
| | From Filing to Trial** (Civil Only) | | 29.3 | 20.0 | 23.0 | 18.0 | 20.0 | 22.0 | 66 | 6 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 74 | 72 | 67 | 62 | 57 | 45 | | |
| | | Percentage | 5.7 | 5.4 | 5.5 | 5.2 | 4.8 | 3.8 | 50 | 6 |
| | Average Number of Felony Defendants Filed Per Case | | 1.7 | 1.7 | 1.6 | 1.9 | 1.4 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 32.32 | 39.83 | 48.95 | 42.13 | 41.40 | 35.04 | | |
| | | Percent Not Selected or Challenged | 30.0 | 41.8 | 51.1 | 38.6 | 42.6 | 40.1 | | |

| 2005 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1266 | 39 | 144 | 405 | 11 | 51 | 99 | 105 | 182 | 14 | 130 | - | 86 |
| Criminal* | 223 | 8 | 63 | 23 | 54 | 31 | 9 | 7 | 1 | 4 | 9 | 7 | 7 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

PLAINTIFF'S EXHIBIT
D

# SUMMARY OF MULTIDISTRICT LITIGATION BY CIRCUIT AND DISTRICT UNDER 28 U.S.C. § 1407
## CUMULATIVE FROM SEPTEMBER 1968 THROUGH SEPTEMBER 30, 2005

| Circuit and District | Index to Transferee District | 12 Months Ending September 30, 2005 | | | | | Cumulative 1968-2005 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Into Dist. | Out of Dist. | Net Change | Filed in Tr'e District | Terminated | Into Dist. | Out of Dist. | Net Change | Filed in Tr'e District | Terminated | Total Pending In Transferee District |
| **GRAND TOTALS** | | 8,874 | 8,874 | - | 8,277 | 12,032 | 185,035 | 185,035 | - | 43,431 | 159,370 | 69,096 |
| **DISTRICT OF COLUMBIA CIRCUIT** | | | | | | | | | | | | |
| TOTALS | | 9 | 21 | -12 | 15 | 34 | 2,144 | 535 | 1,609 | 288 | 2,404 | 28 |
| District of Columbia | 090 | 9 | 21 | -12 | 15 | 34 | 2,144 | 535 | 1,609 | 288 | 2,404 | 28 |
| **FIRST CIRCUIT** | | | | | | | | | | | | |
| TOTALS | | 140 | 77 | 63 | 8 | 136 | 715 | 5,258 | -4,543 | 601 | 1,160 | 156 |
| Maine | 100 | 3 | 13 | -10 | - | 1 | 86 | 669 | -583 | 2 | 59 | 29 |
| Massachusetts | 101 | 135 | 45 | 90 | 8 | 130 | 466 | 3,791 | -3,325 | 230 | 615 | 81 |
| New Hampshire | 102 | 2 | 9 | -7 | - | 4 | 108 | 262 | -154 | 42 | 104 | 46 |
| Rhode Island | 103 | - | 8 | -8 | - | - | - | 402 | -402 | - | - | - |
| Puerto Rico | 104 | - | 2 | -2 | - | 1 | 55 | 134 | -79 | 327 | 382 | 0 |
| **SECOND CIRCUIT** | | | | | | | | | | | | |
| TOTALS | | 628 | 534 | 94 | 232 | 745 | 6,429 | 16,962 | -10,533 | 3,295 | 6,132 | 3,592 |
| Connecticut | 205 | 30 | 45 | -15 | 18 | 17 | 459 | 1,966 | -1,507 | 321 | 656 | 124 |
| New York, N. | 206 | - | 34 | -34 | - | - | 4 | 806 | -802 | 3 | 7 | 0 |
| New York, E. | 207 | 173 | 154 | 19 | 11 | 62 | 1,465 | 3,589 | -2,124 | 760 | 1,937 | 288 |
| New York, S. | 208 | 425 | 191 | 234 | 203 | 666 | 4,501 | 9,555 | -5,054 | 2,211 | 3,532 | 3,180 |
| New York, W. | 209 | - | 100 | -100 | - | - | - | 958 | -958 | - | - | - |
| Vermont | 210 | - | 10 | -10 | - | - | - | 88 | -88 | - | - | - |
| **THIRD CIRCUIT** | | | | | | | | | | | | |
| TOTALS | | 4,051 | 330 | 3,721 | 3,326 | 1,108 | 117,150 | 10,129 | 107,021 | 16,158 | 86,068 | 47,240 |
| Delaware | 311 | 5 | 9 | -4 | 1 | - | 61 | 198 | -137 | 45 | 100 | 6 |
| New Jersey | 312 | 41 | 91 | -50 | 26 | 53 | 732 | 2,220 | -1,488 | 220 | 862 | 90 |
| Pennsylvania, E. | 313 | 4,001 | 187 | 3,814 | 3,297 | 1,046 | 116,065 | 6,243 | 109,822 | 15,654 | 84,593 | 47,126 |
| Pennsylvania, M. | 314 | - | 10 | -10 | - | - | 28 | 486 | -458 | 11 | 28 | 11 |
| Pennsylvania, W. | 315 | 4 | 32 | -28 | 2 | 9 | 264 | 872 | -608 | 228 | 485 | 7 |
| Virgin Islands | 391 | - | 1 | -1 | - | - | - | 110 | -110 | - | - | - |