

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MAR - 2 2006

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| CHARLES WILLE,<br>N.D. Ohio, C.A. No. 1:98-12997 | ) | |
| | ) | |
| CHARLES RICH,<br>N.D. Ohio, C.A. No. 1:98-14094 | ) | CIVIL ACTION NO. 2 MDL 875 |
| | ) | |
| JAMES E. JACKSON,<br>N.D. Ohio, C.A. No. 1:99-10802 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A-C PRODUCT LIABILITY TRUST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT CRANE CO.'S JOINDER IN MOTION
## TO VACATE CONDITIONAL REMAND ORDER

Defendant Crane Co., through its undersigned counsel, hereby joins in the Motion

To Vacate Conditional Remand Order for the reasons set forth in opposing non-shipowner

Defendants' Motion To Vacate Conditional Remand Order and the papers submitted and filed

with that motion on February 7, 2006 and attached hereto.

By:  _____

Nicholas P. Vari
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222
(412) 355-6500

*Counsel for Defendant Crane Co.*

DATED:   March 1, 2006

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
2006 MAR -2  A 10: 50
RECEIVED
CLERK'S OFFICE

ok to def not appm

# OFFICIAL FILE COPY

IMAGED MAR 0 3 2006

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

MAR - 2 2006

I hereby certify that on this 1st day of March 2006, a copy of Defendant Crisle FILED
CLERK'S OFFICE

Co.'s Joinder in the Motion To Vacate Conditional Remand Order was mailed to all counsel of

record on the attached Panel Service List.

By: _____

2006 MAR -2  A 10: 50
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CRO)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Charles Wille v. A-C Product Liability Trust,* E.D. Pennsylvania
    (N.D. Ohio, C.A. No. 1:98-12997)
*Charles Rich v. A-C Product Liability Trust*, E.D. Pennsylvania
    (N.D. Ohio, C.A. No. 1:98-14094)
*James Jackson v. A-C Product Liability Trust*, E.D. Pennsylvania
    (N.D. Ohio, C.A. No. 1:99-10802)

James W. Bartlett, III
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, MD 21201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| CHARLES WILLE,<br>N.D. Ohio, C.A. No. 1:98-12997<br><br>CHARLES RICH,<br>N.D. Ohio, C.A. No. 1:98-14094<br><br>JAMES E. JACKSON,<br>N.D. Ohio, C.A. No. 1:99-10802<br><br>   Plaintiffs,<br><br>v.<br><br>A-C PRODUCT LIABILITY TRUST, *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | CIVIL ACTION NO. 2 MDL 875 |

## MOTION TO VACATE CONDITIONAL REMAND ORDER

Various non-shipowner Defendants in the captioned cases (hereinafter "opposing non-shipowner Defendants"),[1] by their undersigned counsel, hereby move to vacate the Conditional Remand Order issued with respect to the captioned cases on January 11, 2006.

   1.  The opposing non-shipowner Defendants are defendants that have been designated by Plaintiffs as defendants against which they intend to proceed in one or more of the captioned cases.

   2.  Plaintiffs have failed, as is discussed in the accompanying Brief in Support of

---

[1] A-C Product Liability Trust, Argo International Corp., The Anchor Packing Co., Auburn Manufacturing Co., Aurora Pump Division of General Signal Corp., A.B. Boyd Co., A.W. Chesterton, Belmont Packing, Goodrich Corp., Bryan Steam Corp., CertainTeed Corp., Coffin Turbo Pump, Inc., Coltec Industries, Inc., Crosby Valve, Inc., Elliot Turbomachinery Corporation, Inc., Foster Wheeler LLC, Garlock Sealing Technologies LLC, General Electric Co., Greene Tweed & Company, Pecora Corp., Preferred Utilities Mfg. Corp., Roper Pump, and Union Carbide Corp.  Not all of these defendants are in all three cases.

Motion to Vacate Conditional Remand Order, to comply with Administrative and Pretrial Orders governing the reinstatement and remand of these cases issued by the Transferee Court.

      3.      The opposing non-shipowner Defendants would be prejudiced by way of incurring unnecessary and asset-depleting costs of discovery if the three captioned cases are remanded to the Transferor Court.

      WHEREFORE, the opposing non-shipowner Defendants move for the Judicial Panel on Multidistrict Litigation to vacate its Conditional Remand Order and to return these cases to the Transferee Court.

| | |
|---|---|
| James W. Bartlett, III | John A. Heller |
| Semmes, Bowen & Semmes | Sidley & Austin |
| 250 West Pratt Street, 16th Floor | One First National Bank |
| Baltimore, Maryland 21201 | Chicago, Illinois 60603 |
| (410) 576-4833 | (312) 853-7704 |
| | |
| Counsel for Foster Wheeler LLC | Counsel for General Electric Co. |

| | |
|---|---|
| George F. Fitzpatrick, Jr. | Gregg L. Spyridon |
| Swanson, Martin & Bell, LLP | Spyridon, Koch & Palermo |
| One IBM Plaza, Suite 3300 | Lakeway Three, Suite 3010 |
| Chicago, Illinois 60611 | 3838 N. Causeway Boulevard |
| (312) 321-8434 | Metairie, Louisiana 70002 |
| | |
| Counsel for Crosby Valve, Inc. and Coffin Turbo Pump, Inc. | Counsel for Argo International Corp., Auburn Manufacturing Co., Aurora Pump Division of General Signal Corp., A.B. Boyd Co., Bryan Steam Corp., Ingersoll-Rand Corp., Pecora Corp., and Preferred Utilities Mfg. Corp. |

2

Eric H. Mann
Gallagher, Sharp, Fulton & Norman
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310

Counsel for A-C Product Liability Trust,
A.Y. McDonald Industries, Inc., and Goulds
Pumps

Nicholas L. Evanchan
Evanchan & Palmisano, LLP
One GOJO Plaza
Akron, Ohio 44311-1076
(330) 208-4520

Counsel for Foster Wheeler LLC

Kevin Kadlec
William D. Bonezzi
Joseph Ostrowski
Bonezzi, Switzer, Murphy, Polito & Hupp
LPA Leader Building, Suite 1400
526 Superior Avenue
Cleveland, Ohio 44114-1491
(216) 875-2767

Counsel for Elliot Turbomachinery
Corporation, Inc.

Richard D. Schuster
Sebastian E. Proels
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215

Counsel for CertainTeed Corp., Union
Carbide Corp., and B.F. Goodrich Corp.

Matthew C. O'Connell
Sutter, O'Connell & Farchone
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114
(216) 928-4509

Counsel for The Anchor Packing Co.,
Belmont Packing, Coltec Industries, Inc.,
Garlock Sealing Technologies LLC, and
Greene Tweed & Company

Jeffrey A. Healy
John P. Patterson
Tucker, Ellis & West LLP
925 Euclid Ave., Suite 1150
Cleveland, Ohio 44115
(216) 592-5000

Counsel for A.W. Chesterton

3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 2 2006

FILED
CLERK'S OFFICE

G. Daniel Bruch, Jr.
Schwartz Campbell Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4312

Counsel for Roper Pump

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 7th day of February, 2006, a copy of this Motion

to Vacate Conditional Order and the accompanying Brief in Support of Motion to Vacate

Conditional Remand Order were mailed to all counsel on the attached Panel Service List.

James W. Bartlett, III

B0585646.WPDv.3

4

**PANEL SERVICE LIST (Excerpted from CRO)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Charles Wille v. A-C Product Liability Trust,* E.D. Pennsylvania
   (N.D. Ohio, C.A. No. 1:98-12997)
*Charles Rich v. A-C Product Liability Trust*, E.D. Pennsylvania
   (N.D. Ohio, C.A. No. 1:98-14094)
*James Jackson v. A-C Product Liability Trust*, E.D. Pennsylvania
   (N.D. Ohio, C.A. No. 1:99-10802)

James W. Bartlett, III
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, MD 21201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabeila St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 2 2006

FILED
CLERK'S OFFICE

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| CHARLES WILLE, | ) | |
| N.D. Ohio, C.A. No. 1:98-12997 | ) | |
| | ) | |
| CHARLES RICH, | ) | |
| N.D. Ohio, C.A. No. 1:98-14094 | ) | |
| | ) | CIVIL ACTION NO. 2 MDL 875 |
| JAMES E. JACKSON, | ) | |
| N.D. Ohio, C.A. No. 1:99-10802 | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A-C PRODUCT LIABILITY TRUST, *et al.*, | ) | |
| | ) | |
|      Defendants. | ) | |
| | ) | |

BRIEF IN SUPPORT OF MOTION TO
VACATE CONDITIONAL REMAND ORDER

Various non-shipowner Defendants in the captioned cases (hereinafter "opposing non-shipowner Defendants"),[1] by their undersigned counsel, submit this Brief in Support of their Motion to Vacate Conditional Remand Order in connection with the captioned cases.

I. FACTS

On May 2, 1996, Judge Charles R. Weiner of the United States District Court for the Eastern District of Pennsylvania, to whom these cases were assigned, entered an Order, Pleading

---

[1] A-C Product Liability Trust, Argo International Corp., The Anchor Packing Co., Auburn Manufacturing Co., Aurora Pump Division of General Signal Corp., A.B. Boyd Co., A.W. Chesterton, Belmont Packing, Goodrich Corp., Bryan Steam Corp., CertainTeed Corp., Coffin Turbo Pump, Inc., Coltec Industries, Inc., Crosby Valve, Inc., Elliot Turbomachinery Corporation, Inc., Foster Wheeler LLC, Garlock Sealing Technologies LLC, General Electric Co., Greene Tweed & Company, Pecora Corp., Preferred Utilities Mfg. Corp., Roper Pump, and Union Carbide Corp.  Not all of these defendants are in all three cases.

No. 113, which is attached hereto as Exhibit A.  By this Order, Judge Weiner administratively

dismissed all cases filed in the United States District Court for the Northern District of Ohio

assigned to the MARDOC portion of MDL 875.  The Order further provided that the cases could

be individually reinstated upon application demonstrating the following:

> 1.  Each Plaintiff requesting reinstatement must provide to this
>     Court satisfactory evidence that the plaintiff has an
>     asbestos-related personal injury compensable under the
>     law.
>
> 2.  For each defendant which the plaintiff desires to pursue, the
>     plaintiff must provide probative evidence of exposure to
>     products connected to, or supplied, manufactured or
>     installed by said defendant, or, if the defendant is a
>     shipowner, evidence of service upon the defendant's
>     ship(s).

Exhibit A at 2.

On March 17, 1997, Judge Weiner entered another Order, Pleading No. 182,

administratively dismissing all actions filed subsequent to the Order of May 2, 1996 and all as

yet unfiled cases and making them subject to the terms for reinstatement set forth in the May 2,

1996 Order.  Pleading No. 182 is attached hereto as Exhibit B.

Even earlier, Judge Weiner had set out prerequisites for settlement conferences that are to

take place before remand would be considered.  These prerequisites require a plaintiff to provide

"specific, not generic, description of all asbestos-containing products with exposure dates and

specific manner in which plaintiff claims he was exposed, and location of exposure" and other

specific information concerning products to which a plaintiff alleges exposure.  Pretrial Order

No. 3, attached hereto as Exhibit C, at 9-10.

The Complaints in the *Wille*, *Rich*, and *Jackson* cases were filed in the United States

District Court for the Northern District of Ohio in 1998 and 1999. The three cases were transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to Conditional Transfer Orders. The deposition of Charles J. Wille was taken on April 23-24, 2002. The deposition of Charles P. Rich was taken on January 14, 2004. The deposition of James E. Jackson was taken on April 2, 2003 and May 5, 2003. In none of these depositions was any "probative evidence of exposure to products connected to, or supplied, manufactured or installed by" the opposing non-shipowner Defendants elicited. No other discovery related to exposure to the products of the opposing non-shipowner Defendants has taken place in these three cases. In addition, Plaintiffs in these cases have not provided "a specific, not generic, description of all asbestos-containing products [of the opposing non-shipowner Defendants] with exposure dates and specific manner in which plaintiff claims he was exposed, and location of exposure" and other exposure information required by Pretrial Order No. 3 (Exhibit C).

## II. ARGUMENT

A.      Plaintiffs have not made the requisite showings for the reinstatement of these cases as to the non-shipowner Defendants.

The May 2, 1996 Order requires a plaintiff who seeks reinstatement of his case to "provide [as to each defendant] probative evidence of exposure to products connect to, or supplied, manufactured or installed **by said defendant** . . . ." (Emphasis added). Thus, each plaintiff was required, with respect to the non-shipowner defendants, to provide specific probative evidence of exposure to products manufactured by each defendant in order to obtain reinstatement as to that defendant. Plaintiffs did not even attempt to comply with this requirement, as their Motions for Reinstatement and Remand were devoid of any probative

evidence of exposure to products of any of the opposing non-shipowner Defendants.

The reinstatement criteria of the May 2, 1996 Order were included in the Order for a purpose, namely, to require a plaintiff to demonstrate exposure to a defendant's products before that defendant is compelled to incur the expenses associated with discovery in each case. To do otherwise would unnecessarily involve that defendant in protracted, resource-depleting depositions and other procedures.

An example of the extent of discovery that can ensue when discovery is permitted without such a showing occurred in *Stark v. Armstrong World Industries, Inc.,* Case Nos. 1:94CV11464 and 1:09CV20002 (N.D. Ohio). The *Stark* cases, one of which had been filed in Ohio and the other in Louisiana, were consolidated by the United States District Court for the Eastern District of Pennsylvania and remanded to the United States District Court for the Northern District of Ohio (the Court to which these cases would be remanded pursuant to the Conditional Transfer Order), where the consolidated cases were assigned to Judge Dan Aaron Polster. The disclosure criteria of the May 2, 1996 Order were not imposed on the *Stark* cases before remand, but the plaintiff prior to remand had dismissed 101 of the 115 defendants named in the consolidated actions, leaving 14 defendants in the cases. After remand, Judge Polster issued a Case Management Plan. In accordance with the schedule set forth in that Plan, the plaintiff designated 25 co-worker, fact witnesses. Depositions of 16 of those fact witnesses were taken. The plaintiff's deposition was taken three times. The plaintiff also designated seven expert witnesses, and depositions of most of those experts were taken. The defendants each named several experts, and depositions of some those experts were taken. After the close of discovery, the majority of the remaining manufacturer defendants filed motions for summary

4

judgment on the basis of lack of probative evidence of the plaintiff's exposure to the movants' products.  Judge Polster granted all of those motions for summary judgment.  Those rulings subsequently were affirmed on appeal.  *Stark v. Armstrong World Industries, Inc.,* 21 Fed. Appx. 371 (6th Cir. 2001); see also *Lindstrom v. A-C Product Liability Trust,* 424 F.3d 488, 2005 AMC 2425 (6th Cir. 2005).

Thus, in *Stark* 101 defendants were spared the unnecessary costs of discovery.  Most of the remaining 14 defendants, however, because the plaintiff never had to comply with the reinstatement criteria of the May 2, 1996 Order, had to incur those costs of discovery – only to be dismissed later due to lack of probative evidence of exposure to their products.

Here, the Judicial Panel on Multidistrict Litigation should not allow Plaintiffs to totally disregard the reinstatement criteria of the May 2, 1996 Order, because to do so would be to require the opposing non-shipowner Defendants to incur unnecessary and resource-depleting litigation expenses.

B.      Plaintiffs have not provided counsel for each Defendant with Defendant-specific
        information that is a prerequisite to remand.

The goal of the multidistrict litigation ("MDL") process is to reduce transaction costs, streamline the pretrial and settlement procedures, and, if possible, dispose of cases without the need for a trial.  Remand should be considered only after all pretrial proceedings have been completed, information has been provided, and all avenues for settlement have been exhausted.  Moreover, retention of these cases is necessary to adhere to the Judicial Panel's overall goal of efficiently managing the national asbestos litigation in a cost-effective and just manner.

To this end, early in the MDL process Judge Weiner issued Orders as to the MARDOC

cases establishing a procedure for settlement conferences that are to take place before remand can

be considered.  This procedure requires a plaintiff to set forth certain information, including:

> (4)      a specific, not generic, description of all asbestos-
> containing products with exposure dates and specific manner in
> which plaintiff claims he was exposed, and location of exposure;
>
> (5)      the specific name of each asbestos-containing product to
> which exposure is alleged as well as the name of the manufacturer,
> distributor, and supplier of those products and the name of any
> company who performed any work involving asbestos at plaintiff's
> place of employment;
>
> (6)      with respect to each product identified, inclusive dates of
> exposure and each job site at which the exposure occurred;
>
> (7)      a listing of all product identification witnesses by name,
> address and telephone number and a statement as to whether or not
> each witness has been deposed in any case.  If so, the date and
> location of the depositions and the identity of the court reporter or
> stenographer.

Pretrial Order No. 3 (Exhibit C) at 9-10; see also Administrative Order No. 3, attached hereto as

Exhibit D, at ¶ II A.  Only after this information is submitted to counsel for each defendant at

least 20 days prior to a scheduled settlement conference may the case be considered for remand.

Pretrial Order No. 3, Exhibit C, at 10.  No such information has ever been provided to counsel

for the opposing non-shipowner Defendants.

## III.  CONCLUSION

As Plaintiffs in the *Wille*, *Rich*, and *Jackson* cases have failed to provide the probative

evidence against the opposing non-shipowner Defendants required for reinstatement under Judge

Weiner's Orders of May 2, 1996 and March 17, 1997 and have failed to provide each

Defendant's counsel with the information required by Pretrial Order No. 3, the criteria for

6

reinstatement and remand of these cases set by Judge Weiner have not been met, and therefore

the Judicial Panel on Multidistrict Litigation should not remand these cases as to the opposing

non-shipowner Defendants.

James W. Bartlett, III
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 576-4833

Counsel for Foster Wheeler LLC

John A. Heller
Sidley & Austin
One First National Bank
Chicago, Illinois 60603
(312) 853-7704

Counsel for General Electric Co.

George F. Fitzpatrick, Jr.
Swanson, Martin & Bell, LLP
One IBM Plaza, Suite 3300
Chicago, Illinois 60611
(312) 321-8434

Counsel for Crosby Valve, Inc. and Coffin
Turbo Pump, Inc.

Gregg L. Spyridon
Spyridon, Koch & Palermo
Lakeway Three, Suite 3010
3838 N. Causeway Boulevard
Metairie, Louisiana 70002

Counsel for Argo International Corp., Auburn
Manufacturing Co., Aurora Pump Division of
General Signal Corp., A.B. Boyd Co., Bryan
Steam Corp., Ingersoll-Rand Corp., Pecora
Corp., and Preferred Utilities Mfg. Corp.

Eric H. Mann
Gallagher, Sharp, Fulton & Norman
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310

Counsel for A-C Product Liability Trust,
A.Y. McDonald Industries, Inc., and Goulds
Pumps

Nicholas L. Evanchan
Evanchan & Palmisano, LLP
One GOJO Plaza
Akron, Ohio 44311-1076
(330) 208-4520

Counsel for Foster Wheeler LLC

Kevin Kadlec
William D. Bonezzi
Joseph Ostrowski
Bonezzi, Switzer, Murphy, Polito & Hupp
LPA Leader Building, Suite 1400
526 Superior Avenue
Cleveland, Ohio 44114-1491
(216) 875-2767

Counsel for Elliot Turbomachinery
Corporation, Inc.

Richard D. Schuster
Sebastian E. Proels
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215

Counsel for CertainTeed Corp., Union
Carbide Corp., and B.F. Goodrich Corp.

Matthew C. O'Connell
Sutter, O'Connell & Farchone
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114
(216) 928-4509

Counsel for The Anchor Packing Co.,
Belmont Packing, Coltec Industries, Inc.,
Garlock Sealing Technologies LLC, and
Greene Tweed & Company

Jeffrey A. Healy
John P. Patterson
Tucker, Ellis & West LLP
925 Euclid Ave., Suite 1150
Cleveland, Ohio 44115
(216) 592-5000

Counsel for A.W. Chesterton

G. Daniel Bruch, Jr.
Schwartz Campbell Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4312

Counsel for Roper Pump

B0473713.WPDv.3

8