

8750

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MAR - 3 2006

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)     CIVIL ACTION NO. MDL 875

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

JOHN ROGERS                          )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )        SDIL CAUSE NO: 05-685-DRH
                                     )
ILLINOIS CENTRAL RAILROAD COMPANY,   )
                                     )
    Defendant.                   )

## DEFENDANT, ILLINOIS CENTRAL RAILROAD COMPANY'S BRIEF OPPOSING PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Comes now, Defendant, Illinois Central Railroad Company, by and through its attorneys, Gundlach,

Lee, Eggmann, Boyle & Roessler, LLC and Robert Andrekanic, and for its Brief Opposing the Plaintiff's

Motion to Vacate Conditional Transfer Order, CTO-257, states as follows:

### BACKGROUND

Defendant does not contest the Plaintiff's recitation of facts. Defendant acknowledges the Plaintiff's

Complaint filed in the United States District Court for the Southern District of Illinois alleges that Plaintiff

sustained personal injury as a result of exposure to asbestos and asbestos-containing products, as well as

diesel exhaust, fumes, solvents, fuel, aromatic hydrocarbons, creosote and other solvents while employed

by the defendant. *See Plaintiff's Complaint attached hereto as Exhibit A.* Plaintiff's Complaint asserts

1

OFFICIAL FILE COPY

IMAGED MAR 0 3 2006

claims for negligence and for damages pursuant to the Federal Employers' Liability Act, 45 U.S.C. Section 51 et seq.

## LEGAL ARGUMENT

Plaintiff's cause of action should be transferred to the United States District Court for the Eastern District of Pennsylvania for the reason that this action involves common questions of fact with actions that have been previously transferred to that court pursuant to MDL No. 875. Transfer of this action to the Eastern District of Pennsylvania for inclusion in the coordinated pretrial proceedings occurring in that district will serve the convenience of all the parties and promote the just and efficient conduct of asbestos related litigation. The instant action is not so different in its facts, ably recited by Plaintiff, and the law governing those facts as other actions previously transferred to, disposed of or currently pending in the Eastern District of Pennsylvania so as to bar transfer.

The primary basis for Plaintiff's objection to transfer is that his Complaint alleges exposure to deleterious substances other than asbestos while in the course and scope of his employment with the Defendant. It is these other exposures that Plaintiff argues should bar transfer. Plaintiff, in his Brief, goes so far to argue "this action is not specific to asbestos, and by granting transfer Plaintiff's diesel exposure claim, which deserves equal importance, it will likely languish within the Mulitidistrict Litigation docket." *See Plaintiff's Brief at page 3-4.* A tort victim, including actions filed pursuant to the Federal Employers Liability Act, *supra*, can obtain only one recovery for his harm. *Bosco v. Sherharit,* 836 F2d. 271(7th Cir. 1987). Plaintiff's instant action is for damages for personal injury based upon exposure to asbestos, as well as other substances while in defendant's employ. The exposures are so intrinsically linked with each

other that they cannot be separated. For Plaintiff to suggest that he has separate, independent claims for damages based upon exposure to asbestos and diesel exhaust flies in the face of established case law, the Federal Employer's Liability Act, *supra*, and the allegations of plaintiff's Complaint.

Plaintiff further argues the relative number of cases pending in the Eastern District of Pennsylvania versus that in the Southern District of Illinois. This argument, too, is without merit.

In this Panel's original decision establishing MDL 875, and in countless Panel Orders since seeking to vacate conditional transfer orders, this Panel has held that distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, <u>the docket condition of any specific federal district</u>, the stage of pretrial proceedings, <u>the presence of unique claims or additional claims not relating to asbestos injury</u> were considered and rejected as grounds for carving out objections to transfer to the District Court for the Eastern District of Pennsylvania.

Under the stewardship of the late Judge Charles Weiner, and currently under the hand of Judge James Giles, over 75,000 actions involving asbestos related injury have been closed in the transferee district and more than a thousand actions have been returned to the originating transferor districts for disposition. It should be noted that should Judge Giles deem remand of this action to the transferor court appropriate, procedures are available to accomplish the transfer with a minimum of delay. *See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-438.* There is no doubt that Judge Giles will continue to promptly review any argument the Plaintiff in this action might raise for returning this transferred action and promptly do so if and when he is convinced that retention in MDL 875 proceedings is no longer warranted.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Vacate Conditional Transfer Order, CTO-257 should be denied, and this action should be transferred to the United States District Court for the Eastern District of Pennsylvania in accordance with this Panel's prior orders.

Respectfully submitted,

ILLINOIS CENTRAL RAILROAD COMPANY

_____

GUNDLACH, LEE, EGGMANN, BOYLE & ROESSLER LLC
Thomas R. Peters, #06195055
Robert D. Andrekanic #06186973
5000 West Main Street
PO Box 23560
Belleville, IL  62223-0560
(618) 277-9000

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 3 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached document was deposited in the United States

Mail on this the ___1st___ day of ___March___, 2006, in Belleville, Illinois, with proper postage

prepaid, addressed to each of the following with the stated address appearing on the envelope:

**Attorneys for Plaintiff**
Mr. Patrick S. O'Brien, Esq.
Rathmann & O'Brien, LLC
1031 Lami Street
St. Louis, MO 63104

**And to the attached Panel Service List**

Robert D. Andrekanic

2006 MAR -2 A 10: 57
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*John Rogers v. Illinois Central Railroad Co.,* S.D. Illinois, C.A. No. 3:05-685

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Mark R. Kurz
Gundlach, Lee, Eggman, Boyle
& Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Patrick S. O'Brien
Rathman & O'Brien
1031 Lami Street
St. Louis, MO 63104

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406