**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 8 2006

FILED
CLERK'S OFFICE

| | |
|---|---|
| RONALD G. TOPPINS<br>v.<br>3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/SUCCESSOR IN INTEREST | MDL DOCKET NO. 875<br><br>FILE NO.: 4:05-CV-01356-ERW<br><br>E. D. MISSOURI |

## 3M COMPANY'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER (CTO-257)

Pursuant to the JPML Rule 7.4, Defendant, 3M Company ("3M"), by and through counsel, hereby respectfully submits this Motion in Opposition to Plaintiff's Motion to Vacate the Panel's Conditional Transfer Order (CTO-257) conditionally transferring the above-captioned matter to the Eastern District of Pennsylvania for consolidation with the *In Re Asbestos Product Liability Litigation* proceeding. For the reasons set forth in the Memorandum of Law in Support of 3M's Opposition to Plaintiff's Motion to Vacate the Panel's Conditional Transfer Order submitted herein, consolidation and transfer is appropriate and the Panel should not vacate CTO-257.

Respectfully submitted,

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY: _____
Basil A. DiSipio, Esquire / ID No. PA28212
Carolyn Lee McCormack, PA ID No. 87800
Counsel for Defendant, 3M Company

190 N. Independence Mall West,
Suite 500, 6th and Race Streets
Philadelphia, PA 19106
(215) 627-0303 (telephone)
(215) 627-2551 (fax)
bdisipio@lavin-law.com (e-mail)
cmccormack@lavin-law.com (e-mail)

Date: 3/6/06

**OFFICIAL FILE COPY**

IMAGED MAR 0 9 2006

# CERTIFICATE OF SERVICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 8 2006

FILED
CLERK'S OFFICE

I hereby certify that on this 6th day of March, 2006, I filed this document with the Clerk of the Judicial Panel on Multi-District Litigation and by US Mail on the parties listed on the attached MDL-875 Panel Service List.

_____
Basil A. DiSipio, Esquire

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44508-1314

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Richard E. Boyle, Esquire
Gundlach, Lee, Eggman, Boyle & Roessler
5000 West Main Street
P. O. Box 23560
Belleville, IL 62223-0560

David C. Landin, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli
Center Square West
15th Floor
Philadelphia, PA 19102

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Gene Locks, Esquire
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Adam M. Chud, Esquire
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001

Ronald L. Motley, Esquire
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Andrew J. Trevelise, Esquire
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, AP 19103

David A. Damico, Esquire
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

H. Kent Munson, Esquire
911 Washington Avenue
7th Floor
St. Louis, MO 63101

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, NE
P.O. Box 998
Cedar Rapids, IA 52406

Raymond P. Forceno, Esquire
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Jerome F. Raskas, Esquire
Goffstein, Raskas, Pomerantz, Krauss & Sherman, LLC
7701 Clayton Road
St. Louis, MO 63117-1371

Richard D. Schuster, Esquire
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Ellen B. Furman, Esquire
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John J. Repcheck, Esquire
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven, Esquire
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Susan M. Hansen, Esquire
Browson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| RONALD G. TOPPINS | MDL DOCKET NO. 875 |
| v. | FILE NO.: 4:05-CV-01356-ERW |
| 3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/SUCCESSOR IN INTEREST | E. D. MISSOURI |

### 3M COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER (CTO-257)

Defendant, 3M Company ("3M"), by counsel, hereby respectfully submits this Memorandum of Law in Support of its Opposition to Plaintiff's Motion to Vacate the Panel's Conditional Transfer Order (CTO-257).

### PROCEDURAL BACKGROUND

Plaintiff filed this matter in the United States District Court for the Eastern District of Missouri, Eastern Division, alleging he suffers from conditions resulting from exposure to asbestos dust. Plaintiff claims 3M is responsible for his personal injuries because his alleged exposure to the asbestos dust occurred while he was wearing respirators manufactured and/or supplied by 3M. 3M filed a Notice of Tag-Along action and Motion to Stay proceedings pursuant to the Order entered on July 29, 1991 by the Judicial Panel on Multidistrict Litigation. In the July 29, 1991 Order, (transfer Order establishing MDL -875), the Panel on Multidistrict Litigation transferred all asbestos-related cases then pending in the federal court system to the United States District Court for the Eastern District of Pennsylvania. The MDL transfer Order also applied to Tag-Along actions or actions involving common questions of fact filed after January 17, 1991. Defendant 3M moved to transfer the

instant action to the United States District Court for the Eastern District of Pennsylvania for coordinated pre-trial proceedings pursuant to 28 U.S.C. 1407. A Conditional Transfer Order was entered by the Judicial Panel on Multidistrict Litigation ("J.P.M.L." or Panel) on January 24, 2006 (Conditional Transfer Order 257). On February 15, 2006, Plaintiff filed a Motion to Vacate the Panel's Conditional Transfer Order. 3M hereby files this timely Opposition to Plaintiff's Motion to Vacate the Panel's Transfer Order.

## ARGUMENT

As set forth below, consolidation of and transfer of the above-captioned matter pursuant to 28 U.S.C. §1407 will promote the statute's central concerns of justice and judicial efficiency as all pretrial proceedings will be coordinated by the United States District Court for the Eastern District of Pennsylvania to allow common discovery matters to be performed once and not repeated indefinitely.

Plaintiff has two (2) grounds for opposing the transfer of this case to the MDL–875 Docket. They are:

- Transfer of Plaintiff's case will not promote a just and efficient conduct of this litigation.
- Plaintiff claims to have been exposed not only to asbestos, but to silica as well, and therefore this case does not contain common questions of law or fact to those cases on the MDL-875 Docket.

Plaintiff's arguments are based on erroneous assumptions and are, quite simply, wrong.

1. **The MDL-875 Docket Applies to Personal Injury Cases Caused by Asbestos; Transfer of this Case is Therefore Clearly Appropriate And Will Provide for Just and Efficient Conduct of this Litigation**

Plaintiff argues this case is not appropriate for consolidation into MDL-875 as this case does not involve the liability of a supplier of an asbestos-containing product. However, in his brief, Plaintiff admits that asbestos is one of the primary dusts to which he claims he was exposed and

which caused him injury. (Plaintiffs Memorandum of Law in Support of Motion to Vacate the Panel's Conditional Transfer Order at pg. 2).

On January 17, 1991, the Judicial Panel on Multi-District Litigation issued an order to show cause why all federal district court actions ***"involving allegations of personal injury and wrongful death caused by asbestos"*** should not be centralized in a single forum. *In Re Asbestos Products Liability Litigation*, 771 F. Supp. 415, 416 (J.P.M.L. 1991). On July 29, 1991, the Judicial Panel determined that centralization of such cases was appropriate, creating MDL-875.

In this action, Plaintiff claims the 3M respiratory protection equipment was allegedly defective. Plaintiff further claims that as a result, he suffered personal injuries caused by asbestos exposure. As such, this case falls squarely within the category of cases appropriate for transfer to MDL-875 and was appropriately accepted into MDL-875 by the Panel.

This is not a novel question for the Judicial Panel. The Judicial Panel has implicitly agreed that claims of asbestos exposure through respiratory protection equipment manufactured and/or supplied by 3M are appropriate for transfer to the MDL-875 Docket. The Panel has already accepted the transfer of this matter and hundreds of other asbestos personal injury suits in which 3M is a defendant into the MDL-875 Docket. Most of these cases involve product liability complaints regarding 3M masks or respirators. The MDL-875 Docket is open to all cases involving "personal injury or wrongful death caused by asbestos." Plaintiff admits this is such a case.

In short, the notion that the MDL-875 Docket is restricted only to claims against asbestos-containing product suppliers is simply wrong. The notion that asbestos cases involving claims against 3M for allegedly defective respiratory protection equipment should not be transferred is also wrong. This Panel has already appropriately transferred this matter into the MDL-875 Docket and should not vacate its Order.

MDL-875 Docket is the appropriate forum for this matter. The MDL-875 Docket has handled countless matters to their conclusion. By allowing this matter to remain as part of MDL-875, the Court will avoid duplicative discovery and prevent inconsistent pretrial rulings. Also, resources of the parties, counsel and the judiciary will be conserved by not having to engage in duplicative discovery.

Additionally, Plaintiff's references to the alleged delays in the *Tripplett* case are inapplicable to the instant mater. These references contain unsupported allegations of intentional delay on behalf of 3M. *Triplett* was appropriately handled by both the Unites States District Court for the Eastern District of Pennsylvania and the United States District Court for the Western District of Kentucky. *Triplett,* which involved allegations of allegedly defective 3M masks and respirators was transferred to MDL-875, is no different than the case at bar.

Therefore, in the instant matter, the Panel acted appropriately in granting the transfer of this matter into MDL-875. The objectives of the statute are sufficiently met to permit this mater to remain in MDL-875.

2. **Concurrent Exposure To Silica Does Not Negate The Common Questions Of Fact Between Plaintiff Toppins' Asbestos Exposure And The Other Cases In The MDL-875 Docket**

As noted above, in 1991, the Judicial Panel determined as a matter of law that asbestos personal injury claims ***involved one or more common questions of fact*** as required by 28 U.S.C. §1407(a). *In Re Asbestos Products Liability Litigation*, 771 F.Supp. 415 (J.P.M.L. 1991). On that basis, the Judicial Panel centralized all federal cases with "allegations of personal injury and wrongful death caused by asbestos." *Id.* at 416. Plaintiff would prefer this Court reconduct the 1991 analysis each time a motion to transfer to the MDL-875 Docket is received. Certainly, it is appropriate for the Judicial Panel to examine whether the case involves "allegations of personal injury or wrongful death caused by asbestos." But Plaintiff's suggestion that the Judicial Panel must reconduct the common questions of fact analysis in each case where transfer is sought is patently incorrect. This is an

asbestos personal injury action, regardless of the alleged additional exposure to silica, and that ends the inquiry.

It is apparent that Plaintiff is attempting to avoid a transfer to the MDL-875 Docket for strategic reasons. Nevertheless, Mr. Toppins' claim of alleged additional exposure to silica dust is a classic red herring. The alleged silica exposure is simply immaterial to the sole issue in a motion to transfer to the MDL-875 Docket, which is: Is this a case "involving allegations of personal injury or wrongful death caused by asbestos?"

Nearly every plaintiff in the MDL-875 Docket has been exposed to substances other than asbestos that may have affected their ultimate medical condition. That does not negate the claimed exposure to asbestos or the claimed injury from asbestos. Moreover, it does not negate the common questions of fact associated with similar asbestos exposure in other cases on the MDL-875 Docket.

Even on a case-level examination, the asbestos personal injury claims in this case involve innumerable common questions of fact with the other MDL-875 cases. Plaintiff, Ronald Toppins, was employed at ISP Minerals where he mixed pure asbestos and cut asbestos siding. (Plaintiff's Memorandum of Law in Support of Motion to Vacate the Panel's Conditional Transfer Order at pg. 2). Plaintiff alleges he wore 3M respiratory protection equipment on many occasions while at work. Plaintiff claims the respiratory protection equipment was defectively designed by virtue of the failure – starting some 25 years ago – to place a warning label on the products. This failure allegedly caused Mr. Toppins' asbestos exposure and injuries.

This is a defective design case involving failure to warn claims and clearly, whether additional exposure to silica is alleged or not, common questions of fact exist with the hundreds of other MDL-875 cases currently pending against 3M. The core issues in all these cases include the design of the 3M respiratory protection equipment, the state of the art with respect to the respiratory protection equipment, the medical and scientific literature regarding asbestos exposure and asbestos-related

injuries, calculations regarding air concentrations of asbestos, and the sufficiency of Plaintiff's asbestos causation proof. In sum, common issues of fact are apparent on the face of this case and exist throughout it. Accordingly, this matter has been appropriately transferred to MDL-875. The Panel should not vacate its decision transferring this matter into the MDL-875 Docket.

Plaintiff further argues this matter is "unique" and there are not sufficient common questions of law and fact for this matter to be part of MDL-875. (Plaintiffs Memorandum of Law in Support of Motion to Vacate the Panel's Conditional Transfer Order at pg. 4). Despite Plaintiff's assertion, this matter is not unique. No matter how Plaintiff attempts to dress up his claim, it is a MDL-875 case in which Plaintiff alleges personal injury caused by asbestos exposure to an individual who worked with raw asbestos and asbestos siding. The only unique aspect of this claim is that Mr. Toppins has elected to sue one defendant - - not the scores of asbestos product manufacturers, as it typically done. Accordingly, the Panel should not Vacate CTO-257 accepting this matter into the MDL-875 Docket.

## CONCLUSION

The decision that asbestos-related personal injury and wrongful death cases should be coordinated and consolidated into one district for pretrial proceedings has been decided. It is not necessary for a case to have a majority of common factual issues with previously transferred cases to be considered a Tag-Along action. It is also not fatal to the transfer of a Tag-Along action that there exist additional or differing legal theories as long as the underlying action arises from common factual nexus. Therefore, it is only necessary for the Panel to determine if a case filed after *In Re Asbestos Products Liability Litigation*, 771 F. Supp. 415 (J.P.M.L. 1991) has the same common nexus with the cases previously transferred to the MDL-875 Docket. The threshold question then becomes whether the case in which a transfer is being sought involves a claim for personal injury or wrongful death associated with asbestos exposure. In this case, the answer is a clear and resounding yes as evidenced by the Panel's granting the transfer.

3M respectfully requests the Panel to deny Plaintiff's Motion to Vacate CTO-257 and keep this action in the MDL-875 Docket as a Tag-Along action.

Respectfully submitted,

**LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO**

BY: _____
Basil A. DiSipio, Esquire / ID No. PA28212
Carolyn Lee McCormack  PA ID No. 87800
Counsel for Defendant, 3M Company

190 N. Independence Mall West,
Suite 500, 6th and Race Streets
Philadelphia, PA 19106
(215) 627-0303 (telephone)
(215) 627-2551 (fax)
bdisipio@lavin-law.com (e-mail)
cmccormack@lavin-law.com (e-mail)

Date: 3/6/06

-7-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 8 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March I filed this document with the Clerk of the Judicial Panel on Multi-District Litigation and by US Mail on the parties listed on the attached MDL-875 Panel Service List.

_____
Basil A. DiSipio, Esquire

2006 MAR -7 A 10: 42
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44508-1314

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Richard E. Boyle, Esquire
Gundlach, Lee, Eggman, Boyle & Roessler
5000 West Main Street
P. O. Box 23560
Belleville, IL 62223-0560

David C. Landin, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli
Center Square West
15th Floor
Philadelphia, PA 19102

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Gene Locks, Esquire
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Adam M. Chud, Esquire
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001

Ronald L. Motley, Esquire
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Andrew J. Trevelise, Esquire
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, AP 19103

David A. Damico, Esquire
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

H. Kent Munson, Esquire
911 Washington Avenue
7th Floor
St. Louis, MO 63101

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, NE
P.O. Box 998
Cedar Rapids, IA 52406

Raymond P. Forceno, Esquire
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Jerome F. Raskas, Esquire
Goffstein, Raskas, Pomerantz,
Krauss & Sherman, LLC
7701 Clayton Road
St. Louis, MO 63117-1371

Richard D. Schuster, Esquire
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Ellen B. Furman, Esquire
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John J. Repcheck, Esquire
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven, Esquire
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Susan M. Hansen, Esquire
Browson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| RONALD G. TOPPINS | MDL DOCKET NO. 875 |
| v. | FILE NO.: 4:05-CV-01356-ERW |
| 3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/SUCCESSOR IN INTEREST | E. D. MISSOURI |

**ORDER**

AND NOW THIS _____ day of _____, 2006, it is hereby ORDERED and DECREED that Plaintiff's Motion to Vacate the panel's Conditional Transfer Order (CTO-257) is hereby DENIED.

_____

J.