

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 14 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | § § § § | MDL DOCKET NO. 875 |

IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| LEWIS A. SEYMOUR,<br><br>*Plaintiff,*<br>vs.<br><br>SABERHAGEN HOLDINGS, INC., et al.,<br><br>*Defendants.* | § § § § § § § § | Civil Action No.<br>C05-2145 L |

IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| PRISCILLA ALIX, as Personal Representative of the Estate of ALFREDO GREGORIO,<br><br>*Plaintiff,*<br>vs.<br><br>SABERHAGEN HOLDINGS, INC., et al.,<br><br>*Defendants.* | § § § § § § § § § § | Civil Action No.<br>C05-2144 JLR |



**OFFICIAL FILE COPY**

**ORIGINAL**   IMAGED MAR 14 2006   ✓

1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 14 2006

FILED
CLERK'S OFFICE

## MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Plaintiffs, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, move the Panel to vacate its order of February 10, 2006 conditionally transferring the above-captioned cases to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and such other materials as may be presented to the Panel at the time of the hearing on the motion.

Pursuant to Rule 12(c), movants request the Clerk to set this motion for hearing at the next session of the Panel.

Respectfully submitted,

Matthew P. Bergman, WSBA #20894
David S. Frockt, WSBA #28568
Ari Y. Brown, WSBA #29570
BERGMAN & FROCKT
705 Second Ave., Suite 1601
Seattle, WA 98104
(206) 957-9510
(206) 957-9549 fax
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2006, a true and correct copy of the foregoing Motion to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multidistrict Litigation, in

addition to the counsel listed below.

**COUNSEL FOR KELLY-MOORE PAINT COMPANY**
Sharon Ambrosia-Walt
PREG O'DONNELL & GILLETT, PLLC
1800 – 9th Avenue #1500
Seattle, WA  98101
(206) 287-1775
(206) 287-9113 (facsimile)

_____
David S. Frockt

## PANEL SERVICE LIST (Excerpted from CTO-258)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Priscilla Alix, etc. v. Saberhagen Holdings, Inc., et al.,* W.D. Washington, C.A. No. 2:05-2144
*Lewis A. Seymour v. Saberhagen Holdings, Inc., et al.,* W.D. Washington, C.A. No. 2:05-2145

R. Dirk Bernhardt
Murray, Dunham & Murray
2225 4th Ave
Ste 200
Seattle, WA 98121

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Bruce D. Campbell
Perkins Coie, LLP
1201 Third Avenue
40th Floor
Seattle, WA 98101

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Christine E. Dinsdale
Soha & Lang, PS
701 Fifth Avenue
Suite 2400
Seattle, WA 98104

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Carl E. Forsberg
Forsberg & Umlauf
900 4th Avenue
Suite 1700
Seattle, WA 98164-1039

David S. Frockt
Bergman & Frockt
705 Second Avenue
Suite 1601
Seattle, WA 98104

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Ronald C. Gardner
Gardner, Bond, Trabolsi, McDonald
 & Clement
2200 Sixth Avenue
Suite 600
Seattle, WA 98121

E. Pennock Gheen
Bullivant, Houser, Bailey, et al.
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

James E. Horne
Kingman, Peabody, Pierson
 & Fitzharris
505 Madison Street
Suite 300
Seattle, WA 98104-1138

Mick A. Jaeger
Wilson, Smith, Cochran & Dickerson
1215 Fourth Avenue, 17th Floor
Seattle, WA 98161-1007

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Christopher S. Marks
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111-3926

John Michael Mattingly
Steven Rizzo, PC
Lincoln Place, Suite 350
1620 S.W. Taylor Street
Portland, OR 97205

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

PANEL SERVICE LIST (Excerpted from CTO-258) - MDL-875          PAGE 2 of 2

Jackson Schmidt
Pepple, Johnson, Cantu & Schmidt
1218 3rd Ave., Suite 1900
Seattle, WA 98104

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

G. William Shaw
Preston, Gates & Ellis, LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Katherine M. Steele
Stafford, Frey & Cooper, PC
601 Union Street
3100 Two Union Square
Seattle, WA 98101

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Timothy Kost Thorson
Carney Badley Spellman
701 Fifth Avenue
Suite 3600
Seattle, WA 98104-7010

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mark B. Tuvim
Corr Cronin Michelson Baumgardner
 & Preece
1001 4th Avenue
Ste. 3900
Seattle, WA 98154-1051

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 14 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§<br>§<br>§ | MDL DOCKET NO. 875 |

IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| LEWIS A. SEYMOUR,<br>     *Plaintiff*,<br>vs.<br>SABERHAGEN HOLDINGS, INC., et al.,<br>     *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>C05-2145 L |

IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| PRISCILLA ALIX, as Personal Representative<br>of the Estate of ALFREDO GREGORIO,<br>     *Plaintiff*,<br>vs.<br>SABERHAGEN HOLDINGS, INC., et al.,<br>     *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>C05-2144 JLR |

RECEIVED CLERK'S OFFICE 2006 MAR 14 A 8:19 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

ORIGINAL

BRIEF TO VACATE THE
CONDITIONAL TRANSFER ORDER

I. PRELIMINARY STATEMENT

Plaintiffs respectfully file this brief in support of their Motion to Vacate the Conditional Transfer Order (CTO-258) entered by the Judicial Panel on Multidistrict Litigation on February 10, 2006. Pursuant to Panel Rule 7.4(d), this Motion and Brief to Vacate the Conditional Transfer Order are being filed in support of plaintiffs' Notice of Opposition which was filed on February 27, 2006 (*See* notices attached as Exhibit A1-A2).

II. STATEMENT OF FACTS

Two plaintiffs, represented in two separate and distinct cases, brought claims against various manufacturers and distributors of asbestos products for asbestos-related injuries and deaths incurred from their exposure to these products. Despite the fact that both cases were filed in state court against *multiple* defendants, *one* defendant, Elliott Company filed a notice of removal in the cases on or about December 29, 2005, alleging government contractor immunity pursuant to 28 U.S.C. §1442 (a)(1). Since that time the Panel has issued a Conditional Transfer Order (CTO-258), further delaying, and possibly fatally jeopardizing, Mr. Seymour's and the other plaintiff's opportunity—and right—to have their day in court.

Pursuant to Panel Rule 7.4(b), plaintiffs filed their Notice of Opposition to the Conditional Transfer Order on February 27, 2006. Now, pursuant to Panel Rules 5.12(a), 5.13 and 7.4(d), plaintiffs file this Motion and Brief to Vacate the Conditional Transfer Order. This submission is being filed within 15 days of the filing of the Notice of

Opposition. For the reasons stated below, the Conditional Transfer Order should be vacated so that the claimants represented in the two cases originally removed by defendant Elliott Company can proceed in the timely resolution of their claims in *state* court.

### III.   ARGUMENT

**A. This Panel Should Vacate Its Conditional Transfer Order Because These Cases No More Belong In Federal Court Than They Do at MDL.**

Rule 1 of the Federal Rules of Civil Procedure calls for the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. In essence, every plaintiff is entitled to a speedy and efficient determination of his claim—that is, every plaintiff is entitled to his day in court. However, the transferee court's power does not allow it to actually *try* asbestos cases which have been transferred to MDL-875 but, rather, it merely presides over pretrial matters. Therefore, should these cases be transferred, the plaintiffs here would be denied, as dictated by the Federal Rules of Civil Procedure, their opportunity—and their *right*—to have a timely jury trial. Plaintiffs such as Mrs. Priscilla Alix will lose her chance to vindicate her deceased father's rights in a timely fashion.

As this MDL Panel is well aware, 28 U.S.C. §1407(a) states that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. §1407(a). The statute authorizes the transfers of such cases to the judicial panel on multidistrict litigation upon a determination that transfers would be "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Id. Although the Panel may, sua sponte, consider and order

transfer, the absence of any of the elements outlined in §1407 would make the Panel's application of the statute inappropriate.

> B. Despite the Conditional Transfer Order, The District Court Judge Still Can Remand These Removed Cases To State Court.

On or about January 9, 2006, plaintiffs filed their Intent to File Motions for Remand in the two asbestos-related cases removed by defendant Elliott Company. Despite the fact that the Judicial Panel on Multidistrict Litigation entered its Conditional Transfer Order *before* the plaintiffs were able to file their Motions for Remand, the USDC Western District of Washington at Seattle judges have not lost jurisdiction over these cases and, therefore, *can* make a determination as to plaintiffs' Motion for Remand. See Faulk, et al. v. Owens-Corning Fiberglass Corp., et al., 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also* Bartley, et al. v. Borden, Inc., et al., 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

In fact, the facts of the Faulk case strongly resemble the two cases before us now. In that case, defendants removed two separate asbestos cases from the 172nd Judicial District for Jefferson County, Texas. Faulk, supra at 656. Plaintiffs filed motions to remand in both cases but the Panel conditionally transferred these cases to the United States District Court for the Eastern District of Pennsylvania. Id. at 657. In a footnote, the court cited the Panel Rules in pointing out that, despite the Conditional Transfer Order, the U.S. District Court judge retained jurisdiction since the order did not become

effective until filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. Id. Further, "transmittal of this conditional order to said Clerk shall be stayed fifteen days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen day period, the stay will be continued until further order of the Panel." Id.

In the cases presented before us now, plaintiffs filed their notices of opposition on February 27, 2006, within the prescribed fifteen period. Therefore, transmittal of CTO-258 was stayed and continues to be stayed until further action by this Panel. Thus, not only do the United States District Court judges retain jurisdiction to rule on the soon to be pending Motions for Remand, but they may promptly do so and preserve the plaintiffs' right to a timely resolution of their claims.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Panel vacate CTO-258, its order conditionally transferring these cases to MDL, so that these cases can proceed to trial in a timely fashion.

Respectfully Submitted,

*/s/ signature*

Matthew P. Bergman, WSBA #20894
David S. Frockt, WSBA #28568
Ari Y. Brown, WSBA #29570
BERGMAN & FROCKT
705 Second Ave., Suite 1601
Seattle, WA 98104
(206) 957-9510
(206) 957-9549 fax
Counsel for Plaintiff

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 14 2006

**CERTIFICATE OF SERVICE**

FILED
CLERK'S OFFICE

      I hereby certify that on March 13, 2006, a true and correct copy of the foregoing Brief to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multidistrict Litigation, in addition to the counsel listed below.

**COUNSEL FOR KELLY-MOORE PAINT COMPANY**
Sharon Ambrosia-Walt
PREG O'DONNELL & GILLETT, PLLC
1800 – 9th Avenue #1500
Seattle, WA 98101
(206) 287-1775
(206) 287-9113 (facsimile)

_____
David S. Frockt



RECEIVED CLERK'S OFFICE
2006 MAR 14 A 8: 19
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-258)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Priscilla Alix, etc. v. Saberhagen Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:05-2144
*Lewis A. Seymour v. Saberhagen Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:05-2145

R. Dirk Bernhardt
Murray, Dunham & Murray
2225 4th Ave
Ste 200
Seattle, WA 98121

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Bruce D. Campbell
Perkins Coie, LLP
1201 Third Avenue
40th Floor
Seattle, WA 98101

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Christine E. Dinsdale
Soha & Lang, PS
701 Fifth Avenue
Suite 2400
Seattle, WA 98104

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Carl E. Forsberg
Forsberg & Umlauf
900 4th Avenue
Suite 1700
Seattle, WA 98164-1039

David S. Frockt
Bergman & Frockt
705 Second Avenue
Suite 1601
Seattle, WA 98104

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Ronald C. Gardner
Gardner, Bond, Trabolsi, McDonald
& Clement
2200 Sixth Avenue
Suite 600
Seattle, WA 98121

E. Pennock Gheen
Bullivant, Houser, Bailey, et al.
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

James E. Horne
Kingman, Peabody, Pierson
& Fitzharris
505 Madison Street
Suite 300
Seattle, WA 98104-1138

Mick A. Jaeger
Wilson, Smith, Cochran & Dickerson
1215 Fourth Avenue, 17th Floor
Seattle, WA 98161-1007

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Christopher S. Marks
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111-3926

John Michael Mattingly
Steven Rizzo, PC
Lincoln Place, Suite 350
1620 S.W. Taylor Street
Portland, OR 97205

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Jackson Schmidt  
Pepple, Johnson, Cantu & Schmidt  
1218 3rd Ave., Suite 1900  
Seattle, WA 98104  

Richard D. Schuster  
Vorys, Sater, Seymour & Pease, LLP  
52 East Gay Street  
P.O. Box 1008  
Columbus, OH 43216  

Neil Selman  
Selman, Breitman & Burgess  
11766 Wilshire Boulevard  
Sixth Floor  
Los Angeles, CA 90025  

G. William Shaw  
Preston, Gates & Ellis, LLP  
925 Fourth Avenue  
Suite 2900  
Seattle, WA 98104-1158  

Robert N. Spinelli  
Kelley, Jasons, McGuire & Spinelli  
Centre Square West  
15th Floor  
Philadelphia, PA 19102  

Katherine M. Steele  
Stafford, Frey & Cooper, PC  
601 Union Street  
3100 Two Union Square  
Seattle, WA 98101  

Robert E. Swickle  
Jaques Admiralty Law Firm, P.C.  
1570 Penobscot Building  
The Maritime Asbestosis Legal Clinic  
Detroit, MI 48226  

Timothy Kost Thorson  
Carney Badley Spellman  
701 Fifth Avenue  
Suite 3600  
Seattle, WA 98104-7010  

Andrew J. Trevelise  
Reed Smith, LLP  
2500 One Liberty Place  
1650 Market Street  
Philadelphia, PA 19103  

Mark B. Tuvim  
Corr Cronin Michelson Baumgardner  
 & Preece  
1001 4th Avenue  
Ste. 3900  
Seattle, WA 98154-1051  

James K. Weston II  
Tom Riley Law Firm  
4040 First Avenue, N.E.  
P.O. Box 998  
Cedar Rapids, IA 52406