MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION**

MAR 1 4 2006

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)       CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARL E. DRAKE, | ) | SDIL CAUSE NO: 05-686-GMP |
| DENNIS MONTAGUE, | ) | SDIL CAUSE NO: 05-666-WDS |
| BRIAN RITCHIE, | ) | SDIL CAUSE NO: 05-677-MJR |
| KIM W. THORP, | ) | SDIL CAUSE NO: 05-551-WDS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS CENTRAL RAILROAD | ) | |
| d/b/a CANADIAN NATIONAL/ | ) | |
| ILLINOIS CENTRAL, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER CTO-258**

COMES NOW, Plaintiffs Karl E. Drake, Dennis Montague, Brian Ritchie, and

Kim W. Thorp, by and through their attorneys, Rathmann & O'Brien, L.L.C., and for

their Motion to Vacate Conditional Transfer Order CTO-258, state as follows:

1.    Plaintiffs' complaints were filed in the United States District Court in the

Southern District of Illinois.

2.    In Plaintiffs' complaints, they asserted claims for negligence under the

Federal Employers' Liability Act, FELA, 45 U.S.C. Section 51 et seq., and allege injuries

due to an inadequate and unreasonably safe work environment that caused them high

**OFFICIAL FILE COPY**

IMAGED MAR 1 4 2006

levels of exposure to diesel fumes, diesel vapors and gases, as well as, exposure to asbestos fibers, particles, and dust.

3.      On February 10, 2006, a Conditional Transfer Order, CTO-258, was filed before the Judicial Panel on Multi-District Litigation requesting the transfer of Plaintiffs' complaints to Docket Number 875 which was expressly created for asbestos products liability litigation and related class action lawsuits.

4.      On February 27, 2006, Plaintiffs filed their Notices of Opposition to Conditional Transfer Order, CTO-258.

5.      Plaintiffs' causes of action concern issues of fact that are unrelated to asbestos.  Should this Panel grant transfer, Plaintiffs' diesel exposure claims, which deserve equal importance, will likely languish within the Multidistrict Litigation docket.

6.      Transfer will only unduly burden all parties involved with extra expenses and costs for travel.   Plaintiffs' witnesses, treating physicians, and the Defendant itself all reside within the United States District Court for the Southern District of Illinois and transfer would not promote efficient litigation.

7.      The United States District Court of the Southern District of Illinois has merely 1,515 cases pending in litigation as opposed to the Eastern District of Pennsylvania which has in excess of 47, 126 pending cases.  Should the Panel grant transfer, Plaintiffs' diesel exposure claims will likely languish within the system.

WHEREFORE, for the foregoing reasons Plaintiffs respectfully files their Motion to Vacate Conditional Transfer Order CTO-258 with the Judicial Panel of Multi-District Litigation.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

MAR 1 4 2006

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)     CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARL E. DRAKE, | ) | SDIL CAUSE NO: 05-686-GMP |
| DENNIS MONTAGUE, | ) | SDIL CAUSE NO: 05-666-WDS |
| BRIAN RITCHIE, | ) | SDIL CAUSE NO: 05-677-MJR |
| KIM W. THORP, | ) | SDIL CAUSE NO: 05-551-WDS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS CENTRAL RAILROAD | ) | |
| d/b/a CANADIAN NATIONAL/ | ) | |
| ILLINOIS CENTRAL, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO VACATE
CONDITIONAL TRANSFER ORDER CT0-258**

COMES NOW, Plaintiffs, Karl E. Drake, Dennis Montague, Brian Ritchie, and

Kim W. Thorp, by and through their attorneys, Rathmann & O'Brien, L.L.C., and for

their Brief in Support of their Motion to Vacate Conditional Transfer Order, CTO-258,

state as follows:

**BACKGROUND**

For the past twenty (20) to thirty (30) years the Plaintiffs have worked for the

Defendant, Illinois Central Railroad, (hereinafter "CN/IC") as brakemen, conductors,

trainmen, and engineers. *See Plaintiff s' Complaints attached hereto as Exhibit A.*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2006 MAR 13  P 4:

RECEIVED
CLERK'S OFFICE

brakemen, conductors, trainmen, and engineers the plaintiffs are required to spend many

hours within CN/IC's rail yards switching trains, moving diesel engines, switching

railroad cars, and sitting in locomotive cabs.  *Id.*  At times, each Plaintiff would spend up

to 12 hours a day in the rail yard performing these activities that would expose him to

asbestos in various varieties and forms, as well as, diesel fumes, chemicals, and products.

*Id.*  Specifically, Plaintiffs' asbestos exposure would come from equipment and products

provided by and used by the Defendant, CN/IC, such as brake pads and other brake

equipment that caused particles, dust, and silica to permeate the air within which they

worked.  *Id.*  Additionally, the plaintiffs were exposed to high levels of diesel fumes,

vapors, and solvents, and such exposure contributes to their injuries today. *Id.*

As a result of the Plaintiffs' exposure to both diesel fumes and asbestos, each

Plaintiff filed a complaint against the Defendant, CN/IC in the United States District

Court in the Southern District of Illinois.  *See Exhibit A.*  The complaints asserted claims

for negligence under the Federal Employers' Liability Act, FELA, 45 U.S.C. Section 51

et seq., and alleged injuries due to an inadequate and unreasonably safe work

environment that caused them serious and permanent illness and injury due to exposure in

unreasonably high levels to diesel and  asbestos products.  *Id.*

As a result of the Plaintiffs' complaints the Defendant sent Notice of Related Tag-

Along Action to the Judicial Panel of Multidistrict Litigation claiming that their causes of

action fell within the scope of the Judicial Panel's Order dated July 29, 1991.  *See*

*Defendant's Notices of Related Tag-Along Action attached hereto as Exhibit B.*  Shortly

thereafter, Plaintiffs received a Conditional Transfer Order, CTO-258 and filed their

Notices of Opposition to the Conditional Transfer on February 27, 2006. *See Notices of Opposition to Conditional Transfer attached hereto as Exhibit C.*

## **LEGAL ARGUMENT**

The Plaintiffs' causes of action should not be transferred from the United States District Court for the Southern District of Illinois to the Judicial Panel on Multidistrict Litigation (hereinafter "Panel") in the United States District Court for the Eastern District of Pennsylvania. Under 28 U.S.C. § 1407 civil actions involving common questions of fact *may* be transferred to any judicial district for coordinated pretrial proceedings. To determine if transfer is warranted the Court examines whether: (1) there common questions of fact; (2) transfer convenient to both witnesses and parties; and (3) transfer promotes Judicial efficiency. *In re Asbestos Products Liability Litigation (No. VI) MDL No. 875,* 771 F.Supp. 415, 417-419, (J.P.M.D.L. 1991); 28 U.S.C. § 1407. If a party opposes transfer, the court will balance the above factors to determine if the case should in fact be transferred. *Id.*

In, *MDL No. 875,* the Court held that centralization of asbestos products litigation would be in the best interest of all parties involved, because it would "promote just and efficient conduct of litigation". At that time, the Court recognized the potential backlash that could occur from forcing transfer upon many litigants, and it was unwilling to "carve out exceptions to transfer". *Id. at 422.* Instead, the Court allowed the transferee court to make the decision whether the cause of action in question met the requirements for transfer. *Id.* And, the Court recognized that certain factual situations are unique to each action such that transfer is an inappropriate method to obtain judicial efficiency. *Id. at 418.*

In applying the Court's rules set forth in *MDL No. 875,* the actions before this Panel should not be transferred. As stated supra, the Plaintiffs' causes of action contain claims against the Defendant for diesel exposure in addition to asbestos exposure. Their actions are not fact specific to asbestos, and by granting transfer the Plaintiffs' diesel exposure claims, which deserve equal importance, will likely languish within the Multidistrict Litigation docket.

Additionally, Plaintiffs' claims are unique in that their exposure occurred over many years and within various cities and towns within the State of Illinois. Therefore, not only does the Defendant conduct business within the Southern District of the State of Illinois, but the majority of the Plaintiffs' and Defendant's witnesses are also located within the District. Plaintiffs' treating physicians are also located within the Southern District of Illinois. As such, transfer to this Panel would not promote the efficiency of justice or be convenient for witnesses and parties. However, it would unduly burden all parties and witnesses involved with extra expenses and costs for travel.

The Plaintiffs recognize that this Panel was formed to specifically handle asbestos litigation. However, they are concerned that their claims for diesel exposure, which are equally important, will be ignored and allowed to languish within the Multidistrict Litigation Docket. Additionally, it is important to note that the United States District Court of the Southern District of Illinois has merely 1,515 cases pending in litigation as opposed to the Eastern District of Pennsylvania which has in excess of 47, 126 pending cases. *See Statistical Court summaries attached hereto as Exhibit D.* Any contention that transfer promotes judicial efficiency is without merit considering the high volume of

-4-

cases that the transferee Court would have to contend with. And, since Plaintiffs' causes

of action contain claims that concern diesel exposure which is factually unique from

asbestos litigation it is not efficient to allow transfer of such an issue to a court that solely

handles asbestos litigation.

## CONCLUSION

For the reasons stated above, Plaintiffs' causes of action should not be transferred

to the Multidistrict Litigation docket. Their claims have unique factual situations that

concern diesel exposure in addition to asbestos. Additionally, all of the Plaintiffs'

witnesses, treating, physicians, and the Defendant itself are located within the Southern

District of Illinois. Also, the diesel exposure claims would languish within a docket that

solely handles asbestos claims. As such, this Panel should prevent transfer Plaintiff's

cause of action to the Multidistrict Litigation Panel.

WHEREFORE, Plaintiffs, Karl E. Drake, Dennis Montague, Brian Ritchie, and

Kim W. Thorp pray for this Panel to deny Conditional Transfer Order, CTO-258, and

allow their causes of action to remain within the United States District Court of the

Southern District of Illinois.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri 63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 4 2006

FILED
CLERK'S OFFICE

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)                    CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARL E. DRAKE, ) | SDIL CAUSE NO: 05-686-GMP |
| DENNIS MONTAGUE, ) | SDIL CAUSE NO: 05-666-WDS |
| BRIAN RITCHIE, ) | SDIL CAUSE NO: 05-677-MJR |
| KIM W. THORP, ) | SDIL CAUSE NO: 05-551-WDS |

        )
        Plaintiffs,   )
        )
v.           )
        )
ILLINOIS CENTRAL RAILROAD   )
d/b/a CANADIAN NATIONAL/   )
ILLINOIS CENTRAL,    )
        )
        Defendants.   )

## CERTIFICATE OF SERVICE

      I certify that on March 10, 2006, I filed Plaintiffs' Motion to Vacate Conditional

Transfer Order, CTO-258 and Brief in Support concerning the attached schedule of

actions with the Clerk of Judicial Panel on Multidistrict Litigation by mailing four (4)

copies along with the original for a total of five (5) documents along with an electronic

disk copy containing each document in Word Perfect 8 format to the Clerk of the Judicial

Panel on Multidistrict Litigation, Thurgood Marshall Federal Judiciary Building, One

Columbus Circle, N.E., Room 6-255, North Lobby, Washington, D.C. 20002.

      I also certify that on March 10, 2006, I filed Plaintiffs' Motion to Vacate

Conditional Transfer Order, CTO-258 and Brief in Support concerning the attached

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 13 P 4: 42

RECEIVED
CLERK'S OFFICE

schedule of actions to the following individuals and law firms included within the

attached service panel list.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

Attorneys for Defendant
Mark R. Kurz
Gundlach Lee Eggmann Boyle & Roessler LLC
5000 West Main St., Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (Phone)
(618) 277-4594 (Facsimile)

## <u>SCHEDULE OF ACTIONS</u>

Karl E. Drake v. Illinois Central Railroad
Southern District of Illinois
Cause Number:  05-686-GMP

Dennis Montague v. Illinois Central Railroad
Southern District of Illinois
Cause Number:  05-666-WDS

Brian Ritchie v. Illinois Central Railroad
Southern District of Illinois
Cause Number:  05-677-MJR

Kim W. Thorp v. Illinois Central Railroad
Southern District of Illinois
Cause Number:  05-551-WDS

**PANEL SERVICE LIST (Excerpted from CTO-258)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Kim Thorp v. Illinois Central Railroad,* S.D. Illinois, C.A. No. 3:05-551
   (Judge William D. Stiehl)
*Dennis Montague v. Illinois Central Railroad,* S.D. Illinois,  C.A. No. 3:05-666
   (Judge William D. Stiehl)
*Brian Ritchie v. Illinois Central Railroad,* S.D. Illinois, C.A. No. 3:05-677
   (Judge Michael J. Reagan)
*Karl E. Drake v. Illinois Central Railroad,* S.D. Illinois, C.A. No. 3:05-686
   (Judge G. Patrick Murphy)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Mark R. Kurz
Gundlach, Lee, Eggman, Boyle &
Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Patrick S. O'Brien
Rathman & O'Brien
1031 Lami Street
St. Louis, MO 63104

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARL E. DRAKE<br>3101 Shannon Drive<br>Champaign, IL 61822 | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | Cause |
| ILLINOIS CENTRAL RAILROAD<br>d/b/a CANADIAN NATIONAL/<br>ILLINOIS CENTRAL, | ) <br> ) <br> ) <br> ) | **JURY TRIAL DEMANDED** |
| SERVE:   CT Corporation<br>Registered Agent<br>208 S. LaSalle Street<br>Chicago, IL 60604 | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW plaintiff, Karl E. Drake, by and through his attorneys, Rathmann

Law Offices, L.L.C., and for his cause of action against the defendant, Illinois Central

Railroad, d/b/a Canadian National/Illinois Central, a corporation, states:

### Jurisdictional Statement

1.      Plaintiff, Karl E. Drake, is and was at all times relevant a resident of

Champaign, Illinois.

2.      Defendant, Illinois Central Railroad, d/b/a Canadian National/Illinois

Central, is a corporation duly organized and existing according to law and duly

1

PLAINTIFF'S
EXHIBIT

A

tabbies

authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in  the State of Illinois and specifically in the territory which comprises the United States District Court of the Southern District of Illinois.

3.      Plaintiff was employed by defendant in interstate commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4.      This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

5.      Venue of this action is proper in the United States District Court for the Southern District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

### (Federal Employers' Liability Act)

6.      That from all times hereinafter mentioned Plaintiff, Karl E. Drake, was employed by the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central, in interstate commerce.

7.      That since 1977, plaintiff, Karl E. Drake, was employed by defendant, Canadian National/Illinois Central Railroad Company, as a brakeman and conductor working in and around diesel and steam engines.

2

8.     That during the course of his employment, plaintiff, Karl E. Drake, was exposed to and inhaled, ingested or otherwise absorbed asbestos, asbestos fibers, dust, powders, and/or particles in the air that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products he was working with while performing his railroad duties.

9.     During the course of his employment, plaintiff, Karl E. Drake, was exposed to and inhaled, ingested or otherwise absorbed diesel exhaust, fumes, solvents, fuel, aromatic hydrocarbons, creasoate and/or other solvents that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products that he was working with while performing his railroad duties.

10.     In the course of his employment as described in paragraphs 8 and 9, above, plaintiff, Karl E. Drake, was exposed to and contracted severe bodily disease and injury more fully described below, caused by one or more of the following negligent acts or omissions of defendant:

     a.    It failed to provide plaintiff with a safe place to work;

     b.    It failed to provide plaintiff with reasonably safe equipment;

     c.    It failed to warn plaintiff of the dangers associated with exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when it knew or should have known of said dangers;

     d.    It failed to provide plaintiff with safe methods of working with asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents; or

3

e.     It provided plaintiff with equipment utilizing asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when defendant knew or should have known that exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing said asbestos and/or diesel exhaust and/or fumes.

f.     Defendant failed to comply with OSHA regulations 29 C.F.R. 1910.1200 and 29 C.F.R. 1920.134 (b) (10) and Defendant knew or in the exercise of ordinary care should have known thereof and that such condition would likely cause substantial harm.

11.     As a direct and proximate cause of the negligence of defendant, Canadian National/Illinois Central Railroad Company, plaintiff suffered severe, disabling injuries. Plaintiff has developed or is at an increased risk to develop one or more of the following diseases: asbestosis, lung cancer, mesothelioma, asbestos related pleural disease, mixed dust, pneumoconiosis, occupational asthma, bronchitis, obstructive lung disease, chronic obstructive lung disease, silicosis, shortness of breath, reduced lung function, chronic persistent cough, chest congestion, sleep interruption, aggravation of pre-existing and co-existing disease, throat cancer, laryngeal cancer, lymphoma, gastrointestinal cancer, colon, stomach and rectal cancer, other asbestos related cancers, other diesel fume and exhaust related cancers, and other cancers associated with toxic exposure to solvents, chemicals, industrial products or chemicals, dusts, and/or particles. Plaintiff has been under constant medical care and attention and will continue to receive same. Plaintiff has undergone tests, surgery, and painful therapy, with severe side effects, all as a result of

defendant's negligence. Plaintiff's life expectancy has been drastically shortened. Plaintiff has incurred medical expenses and will continue to do so in the future. Plaintiff has suffered loss of earning capacity and will continue to suffer same in the future. Plaintiff has endured pain and suffering both in the past and in the future. Plaintiff has suffered emotional trauma and distress, all as a result of the negligent conduct of defendant.

WHEREFORE, Plaintiff, Karl E. Drake, prays that this Court enter Judgment against the Defendant, Canadian National/Illinois Central Railroad Company, for a sum fair and reasonable under the circumstances in excess of $75,000.00, the jurisdictional minimum of the Court, together with his costs herein expended and Plaintiff's damages.

RATHMANN & O'BRIEN, L.L.C.

PATRICK S. O'BRIEN #3127549
1031 Lami Street
St. Louis, Missouri 63104
(314) 773-3456 (Telephone)
(314) 773-7238 (Facsimile)
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT OF
## THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS L. MONTAGUE ) <br> 3037 E. Fitzgerald Road ) <br> Decatur, IL 62521 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ILLINOIS CENTRAL RAILROAD ) <br> d/b/a CANADIAN NATIONAL/ ) <br> ILLINOIS CENTRAL, ) <br> ) <br> SERVE:  CT Corporation ) <br> Registered Agent ) <br> 208 S.  LaSalle Street ) <br> Chicago, IL 60604 ) <br> ) <br> Defendants. ) | Cause   OS~ 666~ WDS <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW plaintiff, Dennis L. Montague, by and through his attorneys,

Rathmann Law Offices, L.L.C., and for his cause of action against the defendant, Illinois

Central Railroad, d/b/a Canadian National/Illinois Central, a corporation, states:

### Jurisdictional Statement

1.     Plaintiff, Dennis L. Montague, is and was at all times relevant a resident of

Decatur, Illinois.

2.     Defendant, Illinois Central Railroad, d/b/a Canadian National/Illinois

1

Central, is a corporation duly organized and existing according to law and duly authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which comprises the United States District Court of the Southern District of Illinois.

3.     Plaintiff was employed by defendant in interstate commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4.     This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

5.     Venue of this action is proper in the United States District Court for the Southern District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

### (Federal Employers' Liability Act)

6.     That from all times hereinafter mentioned Plaintiff, Dennis L. Montague, was employed by the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central, in interstate commerce.

7.     That since 1978, plaintiff Dennis L. Montague, was employed by defendant, Canadian National/Illinois Central Railroad Company, as a brakeman working in and around diesel and steam engines.

2

8.    That during the course of his employment, plaintiff, Dennis L. Montague, was exposed to and inhaled, ingested or otherwise absorbed asbestos, asbestos fibers, dust, powders, and/or particles in the air that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products he was working with while performing his railroad duties.

9.    During the course of his employment, plaintiff, Dennis L. Montague, was exposed to and inhaled, ingested or otherwise absorbed diesel exhaust, fumes, solvents, fuel, aromatic hydrocarbons, creasoate and/or other solvents that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products that he was working with while performing his railroad duties.

10.    In the course of his employment as described in paragraphs 8 and 9, above, plaintiff, Dennis L. Montague, was exposed to and contracted severe bodily disease and injury more fully described below, caused by one or more of the following negligent acts or omissions of defendant:

    a.    It failed to provide plaintiff with a safe place to work;

    b.    It failed to provide plaintiff with reasonably safe equipment;

    3.    It failed to warn plaintiff of the dangers associated with exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when it knew or should have known of said dangers;

    d.    It failed to provide plaintiff with safe methods of working with asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents; or

3

e.   It provided plaintiff with equipment utilizing asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when defendant knew or should have known that exposure to asbestos fibers, asbestos particles, asbestos dust,  diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing said asbestos and/or diesel exhaust and/or fumes.

f.   Defendant failed to comply with OSHA regulations 29 C.F.R. 1910.1200 and 29 C.F.R. 1920.134 (b) (10) and Defendant knew or in the exercise of ordinary care should have known thereof and that such condition would likely cause substantial harm.

11.   As a direct and proximate cause of the negligence of defendant, Canadian National/Illinois Central Railroad Company, plaintiff suffered severe, disabling injuries. Plaintiff has developed Asbestosis and is at an increased risk to develop one or more of the following diseases: lung cancer, mesothelioma, asbestos related pleural disease, mixed dust, pneumoconiosis, occupational asthma, bronchitis, obstructive lung disease, chronic obstructive lung disease, silicosis, shortness of breath, reduced lung function, chronic persistent cough, chest congestion, sleep interruption, aggravation of pre-existing and co-existing disease, throat cancer, laryngeal cancer, lymphoma, gastrointestinal cancer, colon, stomach and rectal cancer, other asbestos related cancers, other diesel fume and exhaust related cancers, and other cancers associated with toxic exposure to solvents, chemicals, industrial products or chemicals, dusts, and/or particles.  Plaintiff has been under constant medical care and attention and will continue to receive same.  Plaintiff has

undergone tests, surgery, and painful therapy, with severe side effects, all as a result of

defendant's negligence. Plaintiff's life expectancy has been drastically shortened. Plaintiff

has incurred medical expenses and will continue to do so in the future. Plaintiff has suffered

loss of earning capacity and will continue to suffer same in the future. Plaintiff has endured

pain and suffering both in the past and in the future. Plaintiff has suffered emotional trauma

and distress, all as a result of the negligent conduct of defendant.

WHEREFORE, Plaintiff, Dennis L. Montague, prays that this Court enter Judgment

against the Defendant, Canadian National/Illinois Central Railroad Company, for a sum fair

and reasonable under the circumstances in excess of $75,000.00, the jurisdictional minimum

of the Court, together with his costs herein expended and Plaintiff's damages.

RATHMANN & O'BRIEN, L.L.C.

PATRICK S. O'BRIEN #3127549
1031 Lami Street
St. Louis, Missouri 63104
(314) 773-3456 (Telephone)
(314) 773-7238 (Facsimile)
*Attorneys for Plaintiff*

5

IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

SEP 22 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

BRIAN RITCHIE                      )
16307 E. 400 North Road            )
Heyworth, IL 61745                 )
                                   )
          Plaintiff,               )
                                   )
vs.                                )   Cause No. 05-CV-677-MJR
                                   )   Division No.
ILLINOIS CENTRAL RAILROAD          )
d/b/a CANADIAN NATIONAL/           )
ILLINOIS CENTRAL,                  )   **JURY TRIAL DEMANDED**
                                   )
SERVE:     CT Corporation          )
           Registered Agent        )
           208 S.  LaSalle Street  )
           Chicago, IL 60604       )
                                   )
          Defendants.              )

## COMPLAINT

COMES NOW plaintiff, Brian Ritchie, by and through his attorneys, Rathmann

Law Offices, L.L.C., and for his cause of action against the defendant, Illinois Central

Railroad, d/b/a Canadian National/Illinois Central, a corporation, states:

### Jurisdictional Statement

1.     Plaintiff, Brian Ritchie, is and was at all times relevant a resident of

Heyworth, Illinois.

2.     Defendant, Illinois Central Railroad, d/b/a Canadian National/Illinois

1

Central, is a corporation duly organized and existing according to law and duly authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in  the State of Illinois and specifically in the territory which comprises the United States District Court of the Southern District of Illinois.

3.      Plaintiff was employed by defendant in interstate commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4.      This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

5.      Venue of this action is proper in the United States District Court for the Southern District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

### (Federal Employers' Liability Act)

6.      That from all times hereinafter mentioned Plaintiff, Brian Ritchie, was employed by the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central, in interstate commerce.

7.      That since 1978, plaintiff Brian Ritchie, was employed by defendant, Canadian National/Illinois Central Railroad Company, as a conductor working in and around diesel and steam engines.

2

8.    That during the course of his employment, plaintiff, Brian Ritchie, was exposed to and inhaled, ingested or otherwise absorbed asbestos, asbestos fibers, dust, powders, and/or particles in the air that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products he was working with while performing his railroad duties.

9.    During the course of his employment, plaintiff, Brian Ritchie, was exposed to and inhaled, ingested or otherwise absorbed diesel exhaust, fumes, solvents, fuel, aromatic hydrocarbons, creasoate and/or other solvents that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products that he was working with while performing his railroad duties.

10.    In the course of his employment as described in paragraphs 8 and 9, above, plaintiff, Brian Ritchie, was exposed to and contracted severe bodily disease and injury more fully described below, caused by one or more of the following negligent acts or omissions of defendant:

        a.    It failed to provide plaintiff with a safe place to work;

        b.    It failed to provide plaintiff with reasonably safe equipment;

        3.    It failed to warn plaintiff of the dangers associated with exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when it knew or should have known of said dangers;

        d.    It failed to provide plaintiff with safe methods of working with asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents; or

3

e.     It provided plaintiff with equipment utilizing asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when defendant knew or should have known that exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing said asbestos and/or diesel exhaust and/or fumes.

f.     Defendant failed to comply with OSHA regulations 29 C.F.R. 1910.1200 and 29 C.F.R. 1920.134 (b) (10) and Defendant knew or in the exercise of ordinary care should have known thereof and that such condition would likely cause substantial harm.

11.     As a direct and proximate cause of the negligence of defendant, Canadian National/Illinois Central Railroad Company, plaintiff suffered severe, disabling injuries. Plaintiff has developed Asbestosis and is at an increased risk to develop one or more of the following diseases: lung cancer, mesothelioma, asbestos related pleural disease, mixed dust, pneumoconiosis, occupational asthma, bronchitis, obstructive lung disease, chronic obstructive lung disease, silicosis, shortness of breath, reduced lung function, chronic persistent cough, chest congestion, sleep interruption, aggravation of pre-existing and co-existing disease, throat cancer, laryngeal cancer, lymphoma, gastrointestinal cancer, colon, stomach and rectal cancer, other asbestos related cancers, other diesel fume and exhaust related cancers, and other cancers associated with toxic exposure to solvents, chemicals, industrial products or chemicals, dusts, and/or particles. Plaintiff has been under constant medical care and attention and will continue to receive same. Plaintiff has

4

undergone tests, surgery, and painful therapy, with severe side effects, all as a result of

defendant's negligence. Plaintiff's life expectancy has been drastically shortened. Plaintiff

has incurred medical expenses and will continue to do so in the future. Plaintiff has suffered

loss of earning capacity and will continue to suffer same in the future. Plaintiff has endured

pain and suffering both in the past and in the future. Plaintiff has suffered emotional trauma

and distress, all as a result of the negligent conduct of defendant.

WHEREFORE, Plaintiff, Brian Ritchie, prays that this Court enter Judgment against

the Defendant, Canadian National/Illinois Central Railroad Company, for a sum fair and

reasonable under the circumstances in excess of $75,000.00, the jurisdictional minimum of

the Court, together with his costs herein expended and Plaintiff's damages.

RATHMANN & O'BRIEN, L.L.C.

PATRICK S. O'BRIEN #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 (Telephone)
(314) 773-7238 (Facsimile)
*Attorneys for Plaintiff*

05-677-MJR/DGW

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BRIAN RITCHIE
16307 E. 400 North Rd.
Heyworth, IL 61745

**(b)** County of Residence of First Listed Plaintiff __Mclean__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Patrick S. O'Brien #3127549
1031 Lami Street, St. Louis, MO 63104
#314-773-3456

## DEFENDANTS

ILLINOIS CENTRAL RAILROAD
d/b/a CANADIAN NATIONAL/ILLINOIS CENTRAL
c/o Registered Agent, CT Corporation
208 S. LaSalle St., Chicago, IL 60604

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☒ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med. Malpractice<br>☐ 365 Personal Injury—Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

45 U.S.C. §51

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  9/20/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ILLINOIS

*FILED*

| | |
|---|---|
| KIM W. THORP<br>1006 Wakefield Drive<br>Heyworth, IL 61745 | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     Cause    05 - 551 - WDS |
| | ) |
| ILLINOIS CENTRAL RAILROAD<br>d/b/a CANADIAN NATIONAL/<br>ILLINOIS CENTRAL, | ) |
| | ) |
| | )     **JURY TRIAL DEMANDED** |
| | ) |
| SERVE:    CT Corporation<br>         Registered Agent<br>         208 S.  LaSalle Street<br>         Chicago, IL 60604 | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW plaintiff, Kim W. Thorp, by and through his attorneys, Rathmann

Law Offices, L.L.C., and for his cause of action against the defendant, Illinois Central

Railroad, d/b/a Canadian National/Illinois Central, a corporation, states:

### **Jurisdictional Statement**

1.     Plaintiff, Kim W. Thorp, is and was at all times relevant a resident of

Heyworth, Illinois.

2.     Defendant, Illinois Central Railroad, d/b/a Canadian National/Illinois

1

Central, is a corporation duly organized and existing according to law and duly authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which comprises the United States District Court of the Southern District of Illinois.

3.     Plaintiff was employed by defendant in interstate commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4.     This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

5.     Venue of this action is proper in the United States District Court for the Southern District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

### (Federal Employers' Liability Act)

6.     That from all times hereinafter mentioned Plaintiff, Kim W. Thorp, was employed by the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central, in interstate commerce.

7.     That since 1974, plaintiff Kim W. Thorp, was employed by defendant, Canadian National/Illinois Central Railroad Company, as a trainman and conductor working in and around diesel and steam engines.

2

8.     That during the course of his employment, plaintiff, Kim W. Thorp, was exposed to and inhaled, ingested or otherwise absorbed asbestos, asbestos fibers, dust, powders, and/or particles in the air that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products he was working with while performing his railroad duties.

9.     During the course of his employment, plaintiff, Kim W. Thorp, was exposed to and inhaled, ingested or otherwise absorbed diesel exhaust, fumes, solvents, fuel, aromatic hydrocarbons, creasoate and/or other solvents that emanated from certain equipment, diesel and steam engines and cabooses, tools, and/or products that he was working with while performing his railroad duties.

10.     In the course of his employment as described in paragraphs 8 and 9, above, plaintiff, Kim W. Thorp, was exposed to and contracted severe bodily disease and injury more fully described below, caused by one or more of the following negligent acts or omissions of defendant:

  a.     It failed to provide plaintiff with a safe place to work;

  b.     It failed to provide plaintiff with reasonably safe equipment;

  3.     It failed to warn plaintiff of the dangers associated with exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when it knew or should have known of said dangers;

  d.     It failed to provide plaintiff with safe methods of working with asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents; or

3

e.    It provided plaintiff with equipment utilizing asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents when defendant knew or should have known that exposure to asbestos fibers, asbestos particles, asbestos dust, diesel exhaust, diesel fumes, aromatic hydrocarbons, creasoate, and/or other solvents would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing said asbestos and/or diesel exhaust and/or fumes.

f.    Defendant failed to comply with OSHA regulations 29 C.F.R. 1910.1200 and 29 C.F.R. 1920.134 (b) (10) and Defendant knew or in the exercise of ordinary care should have known thereof and that such condition would likely cause substantial harm.

11.    As a direct and proximate cause of the negligence of defendant, Canadian National/Illinois Central Railroad Company, plaintiff suffered severe, disabling injuries. Plaintiff has developed or is at an increased risk to develop one or more of the following diseases: asbestosis, lung cancer, mesothelioma, asbestos related pleural disease, mixed dust, pneumoconiosis, occupational asthma, bronchitis, obstructive lung disease, chronic obstructive lung disease, silicosis, shortness of breath, reduced lung function, chronic persistent cough, chest congestion, sleep interruption, aggravation of pre-existing and co-existing disease, throat cancer, laryngeal cancer, lymphoma, gastrointestinal cancer, colon, stomach and rectal cancer, other asbestos related cancers, other diesel fume and exhaust related cancers, and other cancers associated with toxic exposure to solvents, chemicals, industrial products or chemicals, dusts, and/or particles. Plaintiff has been under constant medical care and attention and will continue to receive same. Plaintiff has

undergone tests, surgery, and painful therapy, with severe side effects, all as a result of

defendant's negligence. Plaintiff's life expectancy has been drastically shortened. Plaintiff

has incurred medical expenses and will continue to do so in the future. Plaintiff has suffered

loss of earning capacity and will continue to suffer same in the future. Plaintiff has endured

pain and suffering both in the past and in the future. Plaintiff has suffered emotional trauma

and distress, all as a result of the negligent conduct of defendant.

WHEREFORE, Plaintiff, Kim W. Thorp, prays that this Court enter Judgment against

the Defendant, Canadian National/Illinois Central Railroad Company, for a sum fair and

reasonable under the circumstances in excess of $75,000.00, the jurisdictional minimum of

the Court, together with his costs herein expended and Plaintiff's damages.


RATHMANN & O'BRIEN, L.L.C.


PATRICK S. O'BRIEN #3127549
1031 Lami Street
St. Louis, Missouri 63104
(314) 773-3456 (Telephone)
(314) 773-7238 (Facsimile)
*Attorneys for Plaintiff*

11/17/05

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. MDL 875 |

------------------------------------------------------------------------------------------------------

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KARL E. DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 05-686-GPM |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**NOTICE OF RELATED TAG-ALONG ACTION**

Defendant, Illinois Central Railroad Company, by and through its attorneys, Thomas R.

Peters, Robert D. Andrekanic and Mark R. Kurz of Gundlach, Lee, Eggmann, Boyle & Roessler

LLC, for its Notice of Related Tag-Along Action states:

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel of Multidistrict

Litigation entered an order, (MDL Transfer Order), transferring all asbestos cases then pending

in federal courts to the United States District Court, Eastern District of Pennsylvania, for

coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  That order also

applies to tag-along actions or actions involving common questions of fact filed after January 17,

1991.  MDL rule 7.5(e) provides;

> Any party or counsel in actions previously transferred under Section 1407 or
> under consideration by the Panel for transfer under Section 1407 shall notify the Clerk
> of the Panel of any potential "tag-along actions" in which that party is also named or in
> which that counsel appears.

**PLAINTIFF'S EXHIBIT**

tabbies

β

The undersigned hereby notifies the Court and the panel that this case is a potential tag-along action which may be subject to transfer to the Eastern District of Pennsylvania, and further moves this Court to stay the instant proceeding pending acknowledgment of the acceptance or rejection to the transfer.   The Clerk of the Panel may either: (1) enter a conditional Transfer Order pursuant to MDL Rule 7.4(a); or (2) file an Order to Show Cause why the action should not be transferred pursuant to MDL Rule 7.5(b).

This is also to certify that this same Notice of Related Tag-Along Action, together with a copy of the Complaint filed in this action, has been mailed this date to the Clerk of the Judicial Panel on Multidistrict Litigation, Thurgood Marshall federal Judiciary Building, One Columbus Circle, N.E., Room 6-255, North Lobby, Washington, D.C. 20002.

ILLINOIS CENTRAL RAILROAD COMPANY

s/Mark R. Kurz
Thomas R. Peters, #06195055
Robert D. Andrekanic, #06186973
Mark R. Kurz, #06211071
GUNDLACH, LEE, EGGMANN, BOYLE &
ROESSLER LLC
5000 West Main Street, Box 23560
Belleville, IL  62223-0560
Phone: (618) 277-9000
Fax: (618) 277-4594

ATTORNEY FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARL E. DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 05-686-GPM |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 17, 2005, I electronically filed the Notice of Related Tag-Along Action with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Patrick S. O'Brien

<div style="margin-left: 40%;">

Respectfully submitted,
<u>s/Mark R. Kurz</u>
Thomas R. Peters, #06195055
Robert D. Andrekanic, #06186973
Mark R. Kurz, #06211071
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
5000 West Main Street, P.O. Box 23560
Belleville, IL 62223-0560
Phone:  (618) 277-9000
Fax:  (618) 277-4594
E-mail: M.Kurz@gundlachlee.com

</div>

**Attorneys for Plaintiff**
Patrick S. O'Brien
Rathmann & O'Brien, LLC
1031 Lami Street
St. Louis, MO 63104
(314) 773-3456 (Telephone)
(314) 773-7238 (Facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY       CIVIL ACTION
LITIGATION (NO. VI)      NO. MDL 875

---------------------------------------------------------------------------------------------------------------------

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DENNIS MONTAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 05-666-WDS |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## NOTICE OF RELATED TAG-ALONG ACTION

Defendant, Illinois Central Railroad Company, by and through its attorneys, Thomas R.

Peters, Robert D. Andrekanic and Mark R. Kurz of Gundlach, Lee, Eggmann, Boyle & Roessler

LLC, for its Notice of Related Tag-Along Action states:

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel of Multidistrict

Litigation entered an order, (MDL Transfer Order), transferring all asbestos cases then pending

in federal courts to the United States District Court, Eastern District of Pennsylvania, for

coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. That order also

applies to tag-along actions or actions involving common questions of fact filed after January 17,

1991. MDL rule 7.5(e) provides;

> Any party or counsel in actions previously transferred under Section 1407 or
> under consideration by the Panel for transfer under Section 1407 shall notify the Clerk
> of the Panel of any potential "tag-along actions" in which that party is also named or in
> which that counsel appears.

The undersigned hereby notifies the Court and the panel that this case is a potential tag-along action which may be subject to transfer to the Eastern District of Pennsylvania, and further moves this Court to stay the instant proceeding pending acknowledgment of the acceptance or rejection to the transfer.  The Clerk of the Panel may either: (1) enter a conditional Transfer Order pursuant to MDL Rule 7.4(a); or (2) file an Order to Show Cause why the action should not be transferred pursuant to MDL Rule 7.5(b).

This is also to certify that this same Notice of Related Tag-Along Action, together with a copy of the Complaint filed in this action, has been mailed this date to the Clerk of the Judicial Panel on Multidistrict Litigation, Thurgood Marshall federal Judiciary Building, One Columbus Circle, N.E., Room 6-255, North Lobby, Washington, D.C. 20002.

ILLINOIS CENTRAL RAILROAD COMPANY

s/Mark R. Kurz
Thomas R. Peters, #06195055
Robert D. Andrekanic, #06186973
Mark R. Kurz, #06211071
GUNDLACH, LEE, EGGMANN, BOYLE &
ROESSLER LLC
5000 West Main Street, Box 23560
Belleville, IL  62223-0560
Phone: (618) 277-9000
Fax: (618) 277-4594

ATTORNEY FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS MONTAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 05-666-WDS |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

I certify that on November 17, 2005, I electronically filed the Notice of Related Tag-Along Action with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Patrick S. O'Brien**

Respectfully submitted,
s/Mark R. Kurz
Thomas R. Peters, #06195055
Robert D. Andrekanic, #06186973
Mark R. Kurz, #06211071
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
5000 West Main Street, P.O. Box 23560
Belleville, IL 62223-0560
Phone:  (618) 277-9000
Fax:  (618) 277-4594
E-mail: M.Kurz@gundlachlee.com

**Attorneys for Plaintiff**
Patrick S. O'Brien
Rathmann & O'Brien, LLC
1031 Lami Street
St. Louis, Missouri 63104
PH # (314) 773-3456
FAX # (314) 773-7238

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY<br>LITIGATION (NO. VI) | CIVIL ACTION<br>NO. MDL 875 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRIAN RITCHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 05-CV-677-MJR |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | | **JURY TRIAL DEMANDED** |

## NOTICE OF RELATED TAG-ALONG ACTION

Defendant, Illinois Central Railroad Company, by and through its attorneys, Thomas R. Peters, Robert D. Andrekanic and Mark R. Kurz of Gundlach, Lee, Eggmann, Boyle & Roessler LLC, for its Notice of Related Tag-Along Action states:

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel of Multidistrict Litigation entered an order, (MDL Transfer Order), transferring all asbestos cases then pending in federal courts to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. That order also applies to tag-along actions or actions involving common questions of fact filed after January 17, 1991. MDL rule 7.5(e) provides;

> Any party or counsel in actions previously transferred under Section 1407 or
> under consideration by the Panel for transfer under Section 1407 shall notify the Clerk
> of the Panel of any potential "tag-along actions" in which that party is also named or in
> which that counsel appears.

The undersigned hereby notifies the Court and the panel that this case is a potential tag-along action which may be subject to transfer to the Eastern District of Pennsylvania, and further moves this Court to stay the instant proceeding pending acknowledgment of the acceptance or rejection to the transfer.  The Clerk of the Panel may either: (1) enter a conditional Transfer Order pursuant to MDL Rule 7.4(a); or (2) file an Order to Show Cause why the action should not be transferred pursuant to MDL Rule 7.5(b).

This is also to certify that this same Notice of Related Tag-Along Action, together with a copy of the Complaint filed in this action, has been mailed this date to the Clerk of the Judicial Panel on Multidistrict Litigation, Thurgood Marshall federal Judiciary Building, One Columbus Circle, N.E., Room 6-255, North Lobby, Washington, D.C. 20002.

ILLINOIS CENTRAL RAILROAD COMPANY


s/Mark R. Kurz
Thomas R. Peters, #06195055
Robert D. Andrekanic, #06186973
Mark R. Kurz, #06211071
GUNDLACH, LEE, EGGMANN, BOYLE &
ROESSLER LLC
5000 West Main Street, Box 23560
Belleville, IL  62223-0560
Phone: (618) 277-9000
Fax: (618) 277-4594

ATTORNEY FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

BRIAN RITCHIE,                              )
                                            )
        Plaintiff,                     )
                                            )
    V.                                      )          NO. 05-CV-677-MJR
                                            )
ILLINOIS CENTRAL RAILROAD COMPANY,          )
                                            )
        Defendant.                     )
                                                     **JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I certify that on November 17, 2005, I electronically filed the Notice of Related Tag-Along Action with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Patrick S. O'Brien**

Respectfully submitted,
s/Mark R. Kurz
Thomas R. Peters, #06195055
Robert D. Andrekanic, #06186973
Mark R. Kurz, #06211071
Gundlach, Lee, Eggmann, Boyle & Roessler LLC
5000 West Main Street, P.O. Box 23560
Belleville, IL 62223-0560
Phone:  (618) 277-9000
Fax:  (618) 277-4594
E-mail: M.Kurz@gundlachlee.com

**Attorneys for Plaintiff**
Patrick S. O'Brien
Rathmann & O'Brien, LLC
1031 Lami Street
St. Louis, Missouri 63104
PH # (314) 773-3456

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)          CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KARL E. DRAKE                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )
                                       )          SDIL CAUSE NO:  05-686-GPM
ILLINOIS CENTRAL RAILROAD              )
d/b/a CANADIAN NATIONAL/               )
ILLINOIS CENTRAL,                      )
                                       )
            Defendants.                )

### NOTICE OF OPPOSITION

COMES NOW, Plaintiff, Karl E. Drake, by and through his attorneys, Rathmann

& O'Brien, L.L.C., and for his Notice of Opposition regarding Conditional Transfer

Order (CT-258), states as follows:

1.      On September 26, 2005, Plaintiff's complaint was filed in the United

States District Court in the Southern District of Illinois.

2.      In Plaintiff's complaint, he asserted a claim for negligence under the

Federal Employers' Liability Act, FELA, 45 U.S.C. Section 51 et seq., and alleged

injuries due to an inadequate and unreasonably safe work environment that caused him

high levels of exposure to diesel fumes, diesel vapors and gases, as well as, exposure to

asbestos fibers, particles, and dust.


PLAINTIFF'S
EXHIBIT
C

3.      On February 10, 2006, a Conditional Transfer Order, CTO-258, was filed before the Judicial Panel on Multi-District Litigation requesting the transfer of Plaintiff's complaint to Docket Number 875 which was expressly created for asbestos products liability litigation and related class action lawsuits.

4.      Plaintiff opposes Conditional Transfer Order, CTO-258, as his cause of action is not part of an ongoing class action law suit against multiple defendants or asbestos manufacturers that would warrant transfer to the Multi-District Litigation Docket.

5.      Plaintiff's cause of action concerns issues of fact that are specific to his diesel and asbestos exposure FELA claims, and if the Court grants transfer Plaintiff's claims would become lost within the Multi-District system.

WHEREFORE, for the foregoing reasons Plaintiff respectfully files his Notice of Opposition regarding Conditional Transfer Order (CTO-258) with the Judicial Panel of Multi-District Litigation.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

**UNITED STATES OF AMERICA**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)　　　　　CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARL E. DRAKE　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　Plaintiff,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　)　SDIL CAUSE NO:  05-686-GPM | |
| ILLINOIS CENTRAL RAILROAD　　　) | |
| d/b/a CANADIAN NATIONAL/　　　　) | |
| ILLINOIS CENTRAL,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　Defendants.　　　　　　　) | |

**CERTIFICATE OF SERVICE**

　　　I certify that on February 27, 2006, I filed Plaintiff's Notice of Opposition via

facsimile at 202.502.2888 with the Clerk of Judicial Panel on Multidistrict Litigation

　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　RATHMANN & O'BRIEN, L.L.C.
　　　　　　　　　　　　　　　　　/s/Patrick S. O'Brien
　　　　　　　　　　　　　　　　　Patrick S. O'Brien #3127549
　　　　　　　　　　　　　　　　　1031 Lami Street
　　　　　　　　　　　　　　　　　St. Louis, Missouri  63104
　　　　　　　　　　　　　　　　　(314) 773-3456 Telephone
　　　　　　　　　　　　　　　　　(314) 773-7238 Facsimile

Attorneys for Defendant
Mark R. Kurz
Gundlach Lee Eggmann Boyle & Roessler LLC
5000 West Main St., Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (Phone)
(618) 277-4594 (Facsimile)

### UNITED STATES OF AMERICA
### JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)       CIVIL ACTION NO. MDL 875

---

#### IN THE UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS MONTAGUE, )<br><br>       Plaintiff, )<br><br>v. )<br><br>ILLINOIS CENTRAL RAILROAD )<br>d/b/a CANADIAN NATIONAL/ )<br>ILLINOIS CENTRAL, )<br><br>       Defendants. ) | SDIL CAUSE NO:  05-666-WDS |

### NOTICE OF OPPOSITION

COMES NOW, Plaintiff, Dennis Montague, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for his Notice of Opposition regarding Conditional Transfer Order (CT-258), states as follows:

    1.    On September 19, 2005, Plaintiff's complaint was filed in the United States District Court in the Southern District of Illinois.

    2.    In Plaintiff's complaint, he asserted a claim for negligence under the Federal Employers' Liability Act, FELA, 45 U.S.C. Section 51 et seq., and alleged injuries due to an inadequate and unreasonably safe work environment that caused him high levels of exposure to diesel fumes, diesel vapors and gases, as well as, exposure to asbestos fibers, particles, and dust.

3.      On February 10, 2006, a Conditional Transfer Order, CTO-258, was filed before the Judicial Panel on Multi-District Litigation requesting the transfer of Plaintiff's complaint to Docket Number 875 which was expressly created for asbestos products liability litigation and related class action lawsuits.

4.      Plaintiff opposes Conditional Transfer Order, CTO-258, as his cause of action is not part of an ongoing class action law suit against multiple defendants or asbestos manufacturers that would warrant transfer to the Multi-District Litigation Docket.

5.      Plaintiff's cause of action concerns issues of fact that are specific to his diesel and asbestos exposure FELA claims, and if the Court grants transfer Plaintiff's claims would become lost within the Multi-District system.

WHEREFORE, for the foregoing reasons Plaintiff respectfully files his Notice of Opposition regarding Conditional Transfer Order (CTO-258) with the Judicial Panel of Multi-District Litigation.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)                CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DENNIS MONTAGUE,                          )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )
                                          )   SDIL CAUSE NO:  05-666-WDS
ILLINOIS CENTRAL RAILROAD                 )
d/b/a CANADIAN NATIONAL/                   )
ILLINOIS CENTRAL,                         )
                                          )
            Defendants.                   )

### CERTIFICATE OF SERVICE

I certify that on February 27, 2006, I filed Plaintiff's Notice of Opposition via

facsimile at 202.502.2888 with the Clerk of Judicial Panel on Multidistrict Litigation

                              Respectfully submitted,
                              RATHMANN & O'BRIEN, L.L.C.
                              /s/Patrick S. O'Brien
                              Patrick S. O'Brien #3127549
                              1031 Lami Street
                              St. Louis, Missouri  63104
                              (314) 773-3456 Telephone
                              (314) 773-7238 Facsimile

Attorneys for Defendant
Mark R. Kurz
Gundlach Lee Eggmann Boyle & Roessler LLC
5000 West Main St., Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (Phone)
(618) 277-4594 (Facsimile)

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)          CIVIL ACTION NO. MDL 875

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN RITCHIE )<br><br>Plaintiff, )<br><br>v. )<br><br>ILLINOIS CENTRAL RAILROAD )<br>d/b/a CANADIAN NATIONAL/ )<br>ILLINOIS CENTRAL, )<br><br>Defendants. ) | SDIL CAUSE NO: 05-677-MJR |

NOTICE OF OPPOSITION

COMES NOW, Plaintiff, Brian Ritchie, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for his Notice of Opposition regarding Conditional Transfer Order (CT-258), states as follows:

1.   On September 22, 2005, Plaintiff's complaint was filed in the United States District Court in the Southern District of Illinois.

2.   In Plaintiff's complaint, he asserted a claim for negligence under the Federal Employers' Liability Act, FELA, 45 U.S.C. Section 51 et seq., and alleged injuries due to an inadequate and unreasonably safe work environment that caused him high levels of exposure to diesel fumes, diesel vapors and gases, as well as, exposure to asbestos fibers, particles, and dust.

3.     On February 10, 2006, a Conditional Transfer Order, CTO-258, was filed before the Judicial Panel on Multi-District Litigation requesting the transfer of Plaintiff's complaint to Docket Number 875 which was expressly created for asbestos products liability litigation and related class action lawsuits.

4.     Plaintiff opposes Conditional Transfer Order, CTO-258, as his cause of action is not part of an ongoing class action law suit against multiple defendants or asbestos manufacturers that would warrant transfer to the Multi-District Litigation Docket.

5.     Plaintiff's cause of action concerns issues of fact that are specific to his diesel and asbestos exposure FELA claims, and if the Court grants transfer Plaintiff's claims would become lost within the Multi-District system.

WHEREFORE, for the foregoing reasons Plaintiff respectfully files his Notice of Opposition regarding Conditional Transfer Order (CTO-258) with the Judicial Panel of Multi-District Litigation.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

**UNITED STATES OF AMERICA**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)        CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN RITCHIE       ) | |
|       ) | |
|      Plaintiff,     ) | |
|       ) | |
| v.       ) | |
|       ) | SDIL CAUSE NO:  05-677-MJR |
| ILLINOIS CENTRAL RAILROAD     ) | |
| d/b/a CANADIAN NATIONAL/     ) | |
| ILLINOIS CENTRAL,     ) | |
|       ) | |
|     Defendants.     ) | |

**CERTIFICATE OF SERVICE**

I certify that on February 27, 2006, I filed Plaintiff's Notice of Opposition via

facsimile at 202.502.2888 with the Clerk of Judicial Panel on Multidistrict Litigation

Respectfully submitted,
RATHMANN & O'BRIEN, L.L.C.
/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

Attorneys for Defendant
Mark R. Kurz
Gundlach Lee Eggmann Boyle & Roessler LLC
5000 West Main St., Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (Phone)
(618) 277-4594 (Facsimile)

**UNITED STATES OF AMERICA**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)          CIVIL ACTION NO. MDL 875

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM W. THORP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) SDIL CAUSE NO: 05-551-WDS |
| ILLINOIS CENTRAL RAILROAD | ) |
| d/b/a CANADIAN NATIONAL/ | ) |
| ILLINOIS CENTRAL, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF OPPOSITION**

COMES NOW, Plaintiff, Kim W. Thorp, by and through his attorneys, Rathmann

& O'Brien, L.L.C., and for his Notice of Opposition regarding Conditional Transfer

Order (CT-258), states as follows:

1.      On August 4, 2005, Plaintiff's complaint was filed in the United States

District Court in the Southern District of Illinois.

2.      In Plaintiff's complaint, he asserted a claim for negligence under the

Federal Employers' Liability Act, FELA, 45 U.S.C. Section 51 et seq., and alleged

injuries due to an inadequate and unreasonably safe work environment that caused him

high levels of exposure to diesel fumes, diesel vapors and gases, as well as, exposure to

asbestos fibers, particles, and dust.

3. On February 10, 2006, a Conditional Transfer Order, CTO-258, was filed before the Judicial Panel on Multi-District Litigation requesting the transfer of Plaintiff's complaint to Docket Number 875 which was expressly created for asbestos products liability litigation and related class action lawsuits.

4. Plaintiff opposes Conditional Transfer Order, CTO-258, as his cause of action is not part of an ongoing class action law suit against multiple defendants or asbestos manufacturers that would warrant transfer to the Multi-District Litigation Docket.

5. Plaintiff's cause of action concerns issues of fact that are specific to his diesel and asbestos exposure FELA claims, and if the Court grants transfer Plaintiff's claims would become lost within the Multi-District system.

WHEREFORE, for the foregoing reasons Plaintiff respectfully files his Notice of Opposition regarding Conditional Transfer Order (CTO-258) with the Judicial Panel of Multi-District Litigation.

Respectfully submitted,

RATHMANN & O'BRIEN, L.L.C.

/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

**UNITED STATES OF AMERICA**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)            CIVIL ACTION NO. MDL 875

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIM W. THORP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | SDIL CAUSE NO:  05-551-WDS |
| ILLINOIS CENTRAL RAILROAD | ) | |
| d/b/a CANADIAN NATIONAL/ | ) | |
| ILLINOIS CENTRAL, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on February 27, 2006, I filed Plaintiff's Notice of Opposition via

facsimile at 202.502.2888 with the Clerk of Judicial Panel on Multidistrict Litigation

Respectfully submitted,
RATHMANN & O'BRIEN, L.L.C.
/s/Patrick S. O'Brien
Patrick S. O'Brien #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

Attorneys for Defendant
Mark R. Kurz
Gundlach Lee Eggmann Boyle & Roessler LLC
5000 West Main St., Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (Phone)
(618) 277-4594 (Facsimile)

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **ILLINOIS SOUTHERN** | | 2005 | 2004 | 2003 | 2002 | 2001 | 2000 | Numerical Standing | |
| OVERALL CASELOAD STATISTICS | Filings* | 1,606 | 1,578 | 1,552 | 3,248 | 1,440 | 1,679 | U.S. | Circuit |
| | Terminations | 1,597 | 1,504 | 1,457 | 3,263 | 1,515 | 1,634 | | |
| | Pending | 1,515 | 1,500 | 1,417 | 1,332 | 1,344 | 1,399 | | |
| | % Change in Total Filings — Over Last Year | | 1.8 | | | | | 28 | 1 |
| | % Change in Total Filings — Over Earlier Years | | | 3.5 | -50.6 | 11.5 | -4.4 | 62 | 5 |
| | Number of Judgeships | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | .0 | .0 | .0 | .0 | .7 | 9.7 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 402 | 395 | 388 | 812 | 360 | 420 | 64 | 5 |
| | FILINGS — Civil | 317 | 317 | 285 | 746 | 306 | 346 | 55 | 5 |
| | FILINGS — Criminal Felony | 56 | 46 | 75 | 46 | 54 | 74 | 62 | 4 |
| | FILINGS — Supervised Release Hearings** | 29 | 32 | 28 | 20 | - | - | 26 | 1 |
| | Pending Cases | 379 | 375 | 354 | 333 | 336 | 350 | 53 | 3 |
| | Weighted Filings** | 386 | 390 | 399 | 468 | 354 | 407 | 68 | 6 |
| | Terminations | 399 | 376 | 364 | 816 | 379 | 409 | 62 | 5 |
| | Trials Completed | 27 | 18 | 19 | 23 | 26 | 30 | 19 | 2 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 10.4 | 8.8 | 6.8 | 7.3 | 7.0 | 6.9 | 69 | 5 |
| | From Filing to Disposition — Civil** | 9.5 | 9.7 | 9.0 | 2.1 | 8.4 | 8.0 | 42 | 5 |
| | From Filing to Trial** (Civil Only) | 29.3 | 20.0 | 23.0 | 18.0 | 20.0 | 22.0 | 66 | 6 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 74 | 72 | 67 | 62 | 57 | 45 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 5.7 | 5.4 | 5.5 | 5.2 | 4.8 | 3.8 | 50 | 6 |
| | Average Number of Felony Defendants Filed Per Case | 1.7 | 1.7 | 1.6 | 1.9 | 1.4 | 1.4 | | |
| | Jurors — Avg. Present for Jury Selection | 32.32 | 39.83 | 48.95 | 42.13 | 41.40 | 35.04 | | |
| | Jurors — Percent Not Selected or Challenged | 30.0 | 41.8 | 51.1 | 38.6 | 42.6 | 40.1 | | |

| 2005 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1266 | 39 | 144 | 405 | 11 | 51 | 99 | 105 | 182 | 14 | 130 | - | 86 |
| Criminal* | 223 | 8 | 63 | 23 | 54 | 31 | 9 | 7 | 1 | 4 | 9 | 7 | 7 |

\*   Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."



PLAINTIFF'S EXHIBIT
D

## SUMMARY OF MULTIDISTRICT LITIGATION BY CIRCUIT AND DISTRICT UNDER 28 U.S.C. § 1407
## CUMULATIVE FROM SEPTEMBER 1968 THROUGH SEPTEMBER 30, 2005

| Circuit and District | Index to Transferee District | 12 Months Ending September 30, 2005 | | | | | Cumulative 1968-2005 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Into Dist. | Out of Dist. | Net Change | Filed in Tr'e District | Terminated | Into Dist. | Out of Dist. | Net Change | Filed in Tr'e District | Terminated | Total Pending In Transferee District |
| **GRAND TOTALS** | | 8,874 | 8,874 | - | 8,277 | 12,032 | 185,035 | 185,035 | - | 43,431 | 159,370 | 69,096 |
| **DISTRICT OF COLUMBIA CIRCUIT** | | | | | | | | | | | | |
| TOTALS | | 9 | 21 | -12 | 15 | 34 | 2,144 | 535 | 1,609 | 288 | 2,404 | 28 |
| District of Columbia | 090 | 9 | 21 | -12 | 15 | 34 | 2,144 | 535 | 1,609 | 288 | 2,404 | 28 |
| **FIRST CIRCUIT** | | | | | | | | | | | | |
| TOTALS | | 140 | 77 | 63 | 8 | 136 | 715 | 5,258 | -4,543 | 601 | 1,160 | 156 |
| Maine | 100 | 3 | 13 | -10 | - | 1 | 86 | 669 | -583 | 2 | 59 | 29 |
| Massachusetts | 101 | 135 | 45 | 90 | 8 | 130 | 466 | 3,791 | -3,325 | 230 | 615 | 81 |
| New Hampshire | 102 | 2 | 9 | -7 | - | 4 | 108 | 262 | -154 | 42 | 104 | 46 |
| Rhode Island | 103 | - | 8 | -8 | - | - | - | 402 | -402 | - | - | - |
| Puerto Rico | 104 | - | 2 | -2 | - | 1 | 55 | 134 | -79 | 327 | 382 | 0 |
| **SECOND CIRCUIT** | | | | | | | | | | | | |
| TOTALS | | 628 | 534 | 94 | 232 | 745 | 6,429 | 16,962 | -10,533 | 3,266 | 6,132 | 3,592 |
| Connecticut | 205 | 30 | 45 | -15 | 18 | 17 | 459 | 1,966 | -1,507 | 321 | 656 | 124 |
| New York, N. | 206 | - | 34 | -34 | - | - | 4 | 806 | -802 | 3 | 7 | 0 |
| New York, E. | 207 | 173 | 154 | 19 | 11 | 62 | 1,465 | 3,589 | -2,124 | 760 | 1,937 | 288 |
| New York, S. | 208 | 425 | 191 | 234 | 203 | 666 | 4,501 | 9,555 | -5,054 | 2,211 | 3,532 | 3,180 |
| New York, W. | 209 | - | 100 | -100 | - | - | - | 938 | -958 | - | - | - |
| Vermont | 210 | - | 10 | -10 | - | - | - | 88 | -88 | - | - | - |
| **THIRD CIRCUIT** | | | | | | | | | | | | |
| TOTALS | | 4,051 | 330 | 3,721 | 3,326 | 1,108 | 117,150 | 10,129 | 107,021 | 16,158 | 86,068 | 47,240 |
| Delaware | 311 | 5 | 9 | -4 | 1 | - | 61 | 198 | -137 | 45 | 100 | 6 |
| New Jersey | 312 | 41 | 91 | -50 | 26 | 53 | 732 | 2,220 | -1,488 | 220 | 862 | 90 |
| Pennsylvania, E. | 313 | 4,001 | 187 | 3,814 | 3,297 | 1,046 | 116,065 | 6,243 | 109,822 | 15,654 | 84,593 | 47,126 |
| Pennsylvania, M. | 314 | - | 10 | -10 | - | - | 28 | 486 | -458 | 11 | 28 | 11 |
| Pennsylvania, W. | 315 | 4 | 32 | -28 | 2 | 9 | 264 | 872 | -608 | 228 | 485 | 7 |
| Virgin Islands | 391 | - | 1 | -1 | - | - | - | 110 | -110 | - | - | - |