

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 4 2006

FILED
CLERK'S OFFICE

## UNITED STATES OF AMERICA
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)       MDL DOCKET NO. 875

*Cecil Reuben Jackson, et al v. Kimberly-Clark Corp.*, TXE 1 05-769
*Thomas Vodry Allen, et al v. Kimberly-Clark Corp., et al*, TXE 1 05-876
*Newbern Brown Adkins, et al v. Kimberly-Clark Corp., et al*, TXE 1 05-882

### PLAINTIFFS' REPLY TO KIMBERLY CLARK CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER (CTO- 257)

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that, *Cecil Reuben Jackson, et al., Thomas Vodry Allen, et al., and Newbern Brown Adkins, et al.* (collectively referred to herein as "Plaintiffs"), by their undersigned counsel, hereby move, pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, to vacate the Conditional Transfer Order (CTO-257) of the Judicial Panel on Multidistrict Litigation, dated January 24, 2006, that conditionally transferred the above-captioned actions to the Eastern District of Pennsylvania for consolidation with *In re Asbestos Products Liability Litigation* (No. VI), MDL No. 875.

Accompanying this Reply is Plaintiffs' Brief in Support of Plaintiffs' Reply to Kimberly Clark Corporation's Response to Plaintiffs' Motion to Vacate the Panel's Conditional Transfer Order (CTO-257) and the Affidavit of Greg Harp.

**OFFICIAL FILE COPY**

1

IMAGED MAR 1 5 2006

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 4 2006

FILED
CLERK'S OFFICE

THEREFORE, Plaintiffs' respectfully request that the Judicial Panel on Multidistrict Litigation vacate the Conditional Transfer Order (CTO-257).

Respectfully submitted,

**REAUD, MORGAN & QUINN, L.L.P.**
801 Laurel Street
P. O. Box 26005
Beaumont, TX  77720-6005
(409) 838-1000
(409) 833-8236 (FAX)

By _____
Glen W. Morgan
Texas Bar No. 14438900

Chris Portner
Texas Bar No. 24007858

Lawyers for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2006, I have served a true copy of the above and foregoing on the persons identified on the Panel Service List attached hereto.

_____
Chris Portner

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Cecil Reuben Jackson, et al. v. Kimberly-Clark Corp.,* E.D. Texas, C.A. No. 1:05-769
*Thomas Vodry Allen, et al. v. Kimberly-Clark Corp., et al.,* E.D. Texas, C.A. No. 1:05-876
*Newborn Brown Adkins, et al. v. Kimberly-Clark Corp., et al.,* E.D. Texas, C.A. No. 1:05-882

Kent M. Adams
Adams & Coffey
550 Fannin, Suite 800
P.O. Box 7505
Beaumont, TX 77726-7505

Robert L. Adams
Kacal, Adams & Law
One Riverway, Suite 1200
Houston, TX 77056

Jerry L. Beane
Andrews & Kurth
BankOne Center
1717 Main Street, Suite 3700
Dallas, TX 75201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Bissell & Ledyard
1111 Bagby Street, Suite 2300
Houston, TX 77002

Paula H. Blazek
Germer Gertz
550 Fannin Street, Suite 700
Beaumont, TX 77701

Eugene W. Brees, II
Whitehurst, Harkness, Ozmun & Brees
P.O. Box 1802
Austin, TX 78767

George Read Carlton
Godwin Pappas Langley Ronquillo
1201 Elm Street
Suite 1700
Dallas, TX 75270

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Sandra F. Clark
Mehaffy & Weber, P.C.
P.O. Box 16
Beaumont, TX 77704

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

James D. Dowell
Rienstra, Dowell & Flatten
595 Orleans Street, Suite 1007
Beaumont, TX 77701

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202-3736

Michael M. Essmyer
Essmyer & Tritico
4300 Scotland
Houston, TX 77007

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Frank G. Harmon, III
Crain, Caton, James
1401 McKinney, Suite 1900
Houston, TX 77010

Kathryn Oakes Hermes
DeHay & Elliston, L.L.P.
901 Main Street, Suite 3500
Dallas, TX 75202

John L. Hill, Jr.
Locke Liddell & Sapp, LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX 77002

Paul J. Holmes
Paul J. Holmes, PC
550 Fannin
P.O. Box 3746
Beaumont, TX 77701

Gail C. Jenkins
Jenkins & Martin
P.O. Box 26008
2615 Calder, Suite 500
Beaumont, TX 77720-6008

D. Allan Jones
Orgain, Bell & Tucker, L.L.P.
P.O. Box 1751
Beaumont, TX 77704-1751

George J. Kacal, Jr.
Kacal, Adams & Law
One Riverway, Suite 1200
Houston, TX 77056

J. Frank Kinsel, Jr.
Cantey & Hanger, L.L.P.
2100 Burnett Plaza
801 Cherry Street
Ft. Worth, TX 76102

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

PANEL SERVICE LIST (Excerpted from CTO-257) - MDL-875

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

C. Robert Mace
Tekell, Book, Matthews & Limmer
4300 One Houston Center
1221 McKinney
Houston, TX 77010

D. Ferguson McNiel
Vinson & Elkins
1001 Fannin Street, Suite 2300
Houston, TX 77002

Peter A. Moir
Quilling, Selander, Cummiskey, et al.
2001 Bryan Street
Bryan Tower, Suite 1800
Dallas, TX 75201

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Mundy
Mundy & Singley
816 Congress Avenue, Suite 1230
Austin, TX 78701

James R. Old, Jr.
Germer Gertz
550 Fannin Street, Suite 1700
Beaumont, TX 77701

David Arthur Oliver, Jr
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, TX 77002-6336

Rex Wayne Peveto
Peveto Law Firm
118 Border Street
Orange, TX 77630

Franklin A. Poff
Crisp, Boyd & Poff
2301 Moores Lane
P. O. Box 6297
Texarkana, TX 75505

James H. Powers
Powers & Frost, L.L.P.
2400 One Houston Center
1221 McKinney Street
Houston, TX 77010

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

H. Tracy Richardson, III
Strong, Pipkin, Nelson & Bissell
1400 San Jacinto Building
595 Orleans
Beaumont, TX 77013

James M. Riley, Jr.
Coats Rose Yale Ryman & Lee
3 Greenway Plaza, Suite 2000
Houston, TX 77046

Lauren Miller Robbins
Munisteri Sprott Rigby Newsom
 & Robbins
3323 Richmond Avenue, Suite A
Houston, TX 77098

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard,
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Thomas W. Taylor
Andrews & Kurth
600 Travis, Suite 4200
Houston, TX 77002-2778

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas J. Ward, Jr.
Law Office of T. John Ward
P.O. Box 1231
Longview, TX 75606-1231

James L. Ware
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Centre
909 Fannin
Houston, TX 77010-1003

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Gene M. Williams
Shook, Hardy & Bacon, LLP
Chase Tower, Suite 1600
600 Travis Street
Houston, TX 77002-2911

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 4 2006

FILED
CLERK'S OFFICE

## UNITED STATES OF AMERICA
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)   MDL DOCKET NO. 875
*Cecil Reuben Jackson, et al v. Kimberly-Clark Corp.*, TXE 1 05-769
*Thomas Vodry Allen, et al v. Kimberly-Clark Corp., et al*, TXE 1 05-876
*Newbern Brown Adkins, et al v. Kimberly-Clark Corp., et al*, TXE 1 05-882

### BRIEF IN SUPPORT OF PLAINTIFFS' REPLY TO KIMBERLY CLARK CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER (CTO-257)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, *Cecil Reuben Jackson, et al., Thomas Vodry Allen, et al., and Newbern Brown Adkins, et al.* (collectively referred to herein as "Plaintiffs"), and file this Brief in Support of Plaintiffs' Reply to Kimberly Clark Corporation's Response to Plaintiffs' Motion to Vacate the Panel's Conditional Transfer Order (CTO-257) which conditionally transferred the above captioned actions to the United States District Court for the Eastern District of Pennsylvania for coordination or consolidation with *In re Asbestos Products Liability Litigation* (No. VI), MDL No. 875. This Motion is based upon the following:

### A. DIVERSITY OF CITIZENSHIP

1.    It is obvious that Kimberly Clark could not properly remove the *Jackson* case on the basis of diversity of citizenship because Kimberly Clark is a citizen of the State of Texas. In Kimberly

RECEIVED
CLERK'S OFFICE
2006 MAR 14
JUDICIAL PANEL
MULTIDISTRICT
LITIGATION

1

Clark's Response, it did not even bother to dispute Plaintiffs' arguments and evidence that established that the *Jackson* case could not be removed on the basis of diversity of citizenship due to 28. U.S.C. §1441(b). Therefore, diversity of citizenship was not a proper basis for removal.

## B. FEDERAL ENCLAVE CLAUSE

2.      Kimberly Clark also claims that this Honorable Court has jurisdiction over this matter pursuant to U.S. CONST. Art. I. § 8, cl. 17. However, in order to remove a case pursuant to the Federal Enclave Clause all of the defendants in the case are required to join in the removal petition. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Asst. Local 349*, 427 F.2d 325, 326-327 (5th Cir. 1970). Kimberly Clark is the only defendant that sought removal. Kimberly Clark attempts to sidestep this requirement by asserting that consent is not required for removal on the basis of Federal Officer Jurisdiction. However, the fact that consent from co-defendants is not required when a case is removed on the basis of Federal Officer Jurisdiction does not alter the consent requirement when a case is removed on the basis of Federal Enclave Jurisdiction. Therefore, Plaintiffs object to the improper removal of these cases on the basis of the Federal Enclave Clause.

3.      Furthermore, Kimberly Clark has still failed to establish that the Coosa Pines Newsprint Mill was a Federal Enclave. Kimberly Clark suggests that the Coosa Pines Newsprint Mill was a Federal Enclave because of the 1942 patent executed by Governor Dixon on behalf of the State of Alabama and the Secretary of War. However, Kimberly Clark completely ignores the Deed, attached to its Response as Exhibit "B", that transfers the land to Kimberly Clark upon which the Coosa Pines Newsprint Mill was later built. The Deed attached to Kimberly Clark's Response as Exhibit "B" is not signed or dated. However, Plaintiffs' counsel has located an executed copy of the Deed and it was executed on January 16, 1948. A copy of the Deed is attached hereto as

Exhibit "A". Just as Mr. Pinkerton testified in his deposition, Kimberly Clark purchased the land upon which the Coosa Pines Newsprint Mill was built in 1948. See Exhibit "D" to Plaintiff's Brief in Support of Plaintiffs' Motion to Vacate the Panel's Conditional Transfer Order (CTO-257), page 76, line 2 – Page 77, line 3. Only after the land was purchased from the United States Government did Kimberly Clark build the Coosa Pines Newsprint Mill where Plaintiffs have alleged exposure. Therefore, the Coosa Pines Newsprint Mill was not a Federal Enclave because the United States Government had sold its interest in the land before the Coosa Pines Newsprint Mill was built. Although the United States Government did retain an interest in certain buildings, machinery and related equipment for some additional period of time, there is no evidence that the Plaintiffs were exposed to asbestos in these areas.

4.      Therefore, there was no basis to remove these cases on the basis of Federal Enclave Jurisdiction because (i) the co-defendants did not join in the removal petition, and (ii) there is no evidence that the Plaintiffs were exposed to asbestos at a Federal Enclave.

### C.  FEDERAL OFFICER JURISDICTION

### C(1) Kimberly Clark did not act at the direction of federal officers

5.      Kimberly Clark also suggests that its Removal was appropriate based upon Federal Officer Jurisdiction. However, in order to meet its burden that a causal nexus exists between Kimberly Clark's action under color of federal officer and the plaintiffs' claims, Kimberly Clark must prove that the federal officer had direct and detailed control over (i) Kimberly Clark's failure to warn anyone about the hazards of asbestos, and (ii) Kimberly Clark's failure to provide plaintiffs with proper respiratory protection to protect the plaintiffs from the asbestos. *See Faulk v. Owens Corning Fiberglass Corp.*, 48 F.Supp.2d 653, 660-664 (E.D.Tex. 1999). Kimberly Clark has never suggested that a federal officer prevented it from warning Plaintiffs about the hazards of asbestos or prevented it from providing respiratory protection to the Plaintiffs.

6.      Kimberly Clark also suggests that it did not know which structures built by the United States Government contained asbestos.   However, even if this is true, and Plaintiffs' counsel is not conceding that it is, it is not relevant.   Kimberly Clark's knowledge about the insulation on its premises does not create Federal Officer Jurisdiction.   Furthermore, the fact that certain buildings were constructed by the United States Government did not prevent Kimberly Clark from warning about hazards in the buildings or proving respiratory protection to the Plaintiffs.   Finally, Kimberly Clark fails to address the fact the Coosa Pines Newsprint Mill was built after the land was purchased from the United States Government.

### C(2) Kimberly Clark does not have a colorable federal defense to Plaintiffs' Claims

7.      In its Response, Kimberly Clark alleges for the first time that it is entitled to the government contractor defense.   Kimberly Clark did not assert the government contractor defense as an affirmative defense and did not assert this defense in any of its many Notices of Removal.   The complete failure by Kimberly Clark to plead the government contractor defense as an affirmative defense or assert it in its Notices of Removal prevents the government contractor defense from being a colorable federal defense.   Plaintiffs specifically object to Kimberly Clark attempting to assert a defense which it did not plead or set forth in its several Notices of Removal.

8.      Kimberly Clark's allegation seems to be that it is a government contractor because (1) the United States Government originally built certain structures near the Coosa Pines Newsprint Mill, and (2) these structures were leased for some period of time by Kimberly Clark.   However, purchasing and/or leasing land and buildings from the United States Government does not make Kimberly Clark a government contractor.   It does not appear that Kimberly Clark is even alleging that it produced anything at the request or with the approval of the United States Government.

9.    Kimberly Clark has failed to satisfy any of *Boyle* prongs that it sets forth in its motion. Kimberly Clark has not provided any evidence (1) that the United States Government approved specifications regarding asbestos, (2) that any equipment conformed with any specifications regarding asbestos, or (3) that Kimberly Clark provided any warning to the United States Government about dangers known to Kimberly Clark that were not known to the United States Government. *See Faulk v. Owens Corning Fiberglass Corp.*, 48 F.Supp.2d 653, 664-665 (E.D.Tex. 1999). Kimberly Clark's failure to establish a causal nexus between its actions under the control of a federal officer and Plaintiffs' claims also destroys its allegation of a government contractor defense. *Id.* Therefore, it is very clear that Kimberly Clark is not entitled to assert the government contractor defense.

## D. KIMBERLY CLARK'S REMOVAL WAS NOT TIMELY

10.    Kimberly Clark was added as a Defendant in the *Martin* lawsuit on February 23, 1995. Therefore, Kimberly Clark's removal of this case over ten years after it was filed is not timely. Plaintiffs have objected to Kimberly Clark's late removal. Kimberly Clark attempts to overcome its late removal by making several unfounded allegations.

11.    Kimberly Clark has alleged that these cases did not commence until after they were severed in 2005. However, Kimberly Clark offers absolutely no support for this allegation. Kimberly Clark does not explain why it did not remove these cases during the ten year period before the severance occurred. Therefore, this is clearly not a justification for Kimberly Clark's late removal.

12.    Kimberly Clark has also alleged that the "other paper" provided by Plaintiffs was not sufficient. However, Plaintiffs' counsel clearly informed Kimberly Clark's counsel on the record in deposition and at hearings that the Coosa Pines Newsprint Mill was the premises at issue. See Paragraphs 22-26 of Plaintiff's Brief in Support of Plaintiffs' Motion to Vacate the Panel's

5

Conditional Transfer Order (CTO-257). Kimberly Clark's arguments in its Brief are clearly not on point since the statements of Plaintiffs' counsel were certainly voluntary.

13.     Finally, Kimberly Clark alleges that it should be given additional time to remove these cases because the Plaintiffs in this matter have manipulated the statutory rules for determining federal removal jurisdiction. Defendant's Response at paragraph 46. However, Kimberly Clark has provided absolutely no evidence to support any of these allegations. Plaintiffs' counsel strenuously objects to these baseless allegations. These cases were properly filed in Jefferson County, Texas and Kimberly Clark was properly sued. Kimberly Clark is a citizen of the State of Texas and therefore could not remove any of these cases on the basis of diversity. However, despite the clarity of the law Kimberly Clark improperly removed the individual *Jackson* case on the basis of diversity. Kimberly Clark then improperly removed the remainder of the cases before this Honorable Panel alleging Federal Officer Jurisdiction and Federal Enclave Jurisdiction. Kimberly Clark is the party that has acted improperly in this matter. For Kimberly Clark to allege that Plaintiffs' counsel has acted inappropriately is ludicrous. Therefore, there was no legitimate basis to remove these cases and Plaintiffs respectfully request that this Honorable Panel Vacate the Panel's Conditional Transfer Order (CTO-257).

## CONCLUSION

14.     These case were improperly removed by Kimberly Clark on the basis of diversity of citizenship, Federal Enclave jurisdiction and Federal Officer jurisdiction. Kimberly Clark then moved to transfer these cases to MDL – 875. Since there was no legitimate basis to remove these cases from state court, Plaintiffs respectfully request that this Honorable Panel Vacate the Panel's Conditional Transfer Order (CTO-257) regarding the Plaintiffs.

Respectfully submitted,

**REAUD, MORGAN & QUINN, L.L.P.**
801 Laurel Street
P. O. Box 26005
Beaumont, TX  77720-6005
(409) 838-1000
(409) 833-8236 (FAX)

By _____
Glen W. Morgan
Texas Bar No. 14438900

Chris Portner
Texas Bar No. 24007858

Lawyers for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of March, 2006, I have served a true copy of the above and foregoing on the persons identified on the Panel Service List attached hereto.

Chris Portner

7

BOOK 134 PAGE 542

} ss.

THIS DEED between the UNITED STATES OF AMERICA, hereinafter sometimes called Grantor, and COOSA RIVER NEWSPRINT COMPANY, a corporation organized and existing under the laws of the State of Alabama, hereinafter sometimes called Grantee;

WITNESSETH:

WHEREAS, The Secretary of War, by virtue of the authority contained in Section 1 of the Act of Congress approved July 2, 1940 (54 Stat. 712), as continued in effect by Section 13 of the Act of Congress approved June 5, 1942 (56 Stat. 317), leased the hereinafter described property to the Grantee for a term beginning the 30th day of June, 1947; and

WHEREAS, by such lease the Grantee was granted the option to purchase the hereinafter described property and the Grantee has exercised such option in accordance with the terms thereof;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, That the United States of America, by *Kenneth C. Royall, Secretary of the Army,* for and in consideration of the sum of Thirty Thousand Seven Hundred Fifty Dollars ($30,750.00) to Grantor in hand paid, the receipt of which is hereby acknowledged, does remise, release, quitclaim and convey to the Coosa River Newsprint Company the following described lands located in Talladega County, Alabama:

(A)  All the lands, together with the rights appurtenant thereto lying within the following described boundary lines described by reference to that certain War Department O.C.E. Construction Division drawing numbered 89-11 approved 12-20-46 which is attached hereto, marked Exhibit "A" and made a part hereof:

Beginning at the Coosa River at Coordinate N20875, being the south boundary of the existing electric transmission right of way shown as "H" on Exhibit "A" between Coordinates N20800 and N21200, running thence

PLAINTIFF'S EXHIBIT A

BOOK 134 PAGE 543

along the south boundary of said transmission line
right of way to the west boundary of the extension of
"A" Street, running thence south along the western
boundary of said extension of "A" Street and the
western boundary of "A" Street to a point midway
between Coordinates N18400 and N18000, thence east
parallel with Coordinate N18000 to the west boundary
of "E" Street, thence south along the west boundary
of "E" Street to the intersection of such boundary
with Coordinate N16800, thence west along Coordinate
N16800 to its intersection with Coordinate E4000,
thence south along Coordinate E4000 to the center
of Talladega Creek, thence down the center of such
creek to the Coosa River, thence up the Coosa River
to the point of beginning, together with all the
improvements, facilities, buildings, structures,
fixtures, tools, supplies and all other properties,
real and personal, except as hereinafter specified
which as of the date hereof lie within the foregoing
described boundary lines.

(B)  A perpetual easement and right, in common with
the Grantor and other persons invited or licensed by
the Grantor or the Grantee, to use that certain street
or highway extending from the southern boundary of the
above described lands to Alabama Highway No. 91.

(C)  A perpetual easement and right, in common with
the Grantor and other persons invited or licensed by
the Grantor or the Grantee, to use, operate, maintain
and improve the existing railroad tracks and appurte-
nances, furnishing ingress to and egress from the
above described lands.

2.

BOOK 134 PAGE 544

Together with all improvements, rights, hereditaments and appurtenances thereunto appertaining, with the specific exceptions and reservations hereinafter set out.

There is expressly excepted from the property conveyed by this instrument and reserved to the Grantor a perpetual easement and right of way for use, operation, maintenance and improvement of the following Government-owned facilities installed on said property:

(a)  Water Pumping Plant in the location designated as "A" (414 A) on Exhibit "A" hereto and all water pipe lines used or useful in connection therewith, or as may be relocated by Grantee with the approval of Grantor.

(b)  Sewage Disposal Plant in the location designated as "B" (609 A, 617 A) on Exhibit "A" hereto and all sewer pipelines used or useful in connection therewith, or as may be relocated by Grantee with the approval of Grantor.

(c)  Telephone line in the location designated as "C" on Exhibit "A" hereto.

(d)  Railroad spur track in the location designated as "K" on Exhibit "A" hereto.

(e)  Ash Basin in the location designated as "D" on Exhibit "A" hereto and all appurtenances used or useful in connection therewith or as may be relocated by Grantee with the approval of Grantor.

(f)  Drainage Ditches in the location designated as "E" on Exhibit "A" hereto or as may be relocated by Grantee with the approval of Grantor.

Fee simple title to all the buildings, machinery, equipment, pipelines, telephone lines, railroad tracks and other appurtenances installed along, in, over, and upon the above-described easements and right of way is reserved to the Grantor.

Grantor also reserves to itself, its invitees and licensees, in perpetuity the right to use in common with the Grantee, its invitees and licensees, the following streets and highways:

3.

BOOK 134 PAGE 545

(A)  The street or highway designated as "A" Street on Exhibit "A" hereto throughout its course over the lands herein conveyed.

(B)  The street or highway designated as 3rd Avenue on Exhibit "A" hereto.

Grantee shall have the right to relocate the streets or highways described in (A) and (B) above, provided that after such relocation said streets or highways shall be of the same widths and of the same or equivalent construction as those relocated and shall respectively terminate at the same points on the boundaries of the above described lands, provided, further, that Grantor's rights as herein reserved shall apply to the streets as relocated.

Grantor also reserves the permanent right in aid of any Government project or improvement of navigation on the Coosa River to flood and impound water upon all of the lands herein conveyed lying below elevation 408 feet above mean sea level as heretofore established by the United States Geodetic Survey.

Grantor also reserves the right to regulate the use of highways, streets, roads and all other means of ingress and egress over and across the above described lands by such regulations as Grantor may promulgate, provided that said regulations do not prevent continued use thereof by Grantee.

Grantor also reserves the right, without obligation or liability to the Grantee, to construct, operate and maintain on, over and under the land herein conveyed facilities necessary for the operation of any utility facilities constructed by the Government on land described and referred to as the "utility area" in the lease hereinabove referred to, provided that such facilities shall be so constructed, operated and maintained as not to dislocate Grantee's plant or facilities or materially to disrupt the operation thereof on the lands herein conveyed.

TO HAVE AND TO HOLD, the foregoing described property unto the

4.

BOOK 134 PAGE 546

said Coosa River Newsprint Company, its successors and assigns forever.

IN WITNESS WHEREOF, the United States of America has caused this conveyance to be executed in its name by *Kenneth C. Royall* its officer thereunto duly authorized, and the seal of the Dept. of the Army to be hereunto affixed this *16th* day of *January*, 1948.

UNITED STATES OF AMERICA

By *Kenneth C. Royall*

Kenneth C. Royall
Secretary of the Army

STATE OF VIRGINIA }ss.
COUNTY OF ARLINGTON

I, *Glenn W. Witt*, a Notary Public in and for the *State of Virginia, County of Arlington*, hereby certify that *Kenneth C. Royall* whose name as *Secretary* *of the army* of the United States of America is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of the United States of America.

Given under my hand and notarial seal, this the *16th* day of *January*, 1948.

*Glenn W. Witt*
Notary Public
My commission expires April 20, 1950

STATE OF ALABAMA } ss
TALLADEGA COUNTY

OFFICE OF PROBATE JUDGE

I hereby certify that this *Deed* was filed in my office for record on the *16* day of *March*, 1948, at *9* o'clock *A*.m., and was duly recorded on the *19* day of *March*, 1948, in Book *134* at Page *542*, and that the tax of *31.00* has been paid hereon.

*W. Hardy Riddle*
JUDGE OF PROBATE

0786



Exhibit "A"

GRANT OF INTEREST
STATE                    ALABAMA
COUNTY                   TALLADEGA
DIVISION      SOUTH ATLANTIC
SERVICE COMMAND
USING AGENCY
         MILES       OF
         MILES       OF

— TRANSPORTATION FACILITIES —

_____ RAILROAD
_____ STATE ROAD
_____ FEDERAL ROAD
_____ AIRLINE

— LAND AREA —

ACRES OWNED BY W.D. _____
ACRES LEASED BY W.D. _____
ACRES LEASED FROM W.D. _____
ACRES TRANSFERRED TO W.D. _____
ACRES DONATED TO W.D. _____
ACRES AVIGATION EASEMENTS TO W.D. _____

— DISPOSALS —

ACRES SOLD _____
ACRES TRANSFERRED _____
ACRES EXCHANGED _____
ACRES OTHERWISE _____

— LEGEND —

RESERVATION LINE _____
STATE OR PROVINCE LINE _____
COUNTY LINE _____
CIVIL DISTRICT PRECINCT _____
LAND GRANT LINE _____
CITY, VILLAGE, OR BOROUGH _____
CEMETERY, SMALL PARK ETC. _____
TOWNSHIP LINE _____
SECTION LINE _____
AVIGATION EASEMENT _____
FEE SIMPLE _____

SCALE IN FEET

WAR DEPARTMENT, O.C.E.
CONSTRUCTION DIVISION
REAL ESTATE
PORTION OF
ALABAMA ORDNANCE PLANT
LEASE TO COOSA RIVER ORDNANCE COMPANY
MILITARY RESERVATION

RECOMMENDED _____ DATE _____
APPROVED _____ DATE _____

COMPILED ___ TRACED ___ CHECKED ___
DATE BY          REVISIONS       BY APPROVED

SHEETS   OF      DRAWING NO.

| TRACT NO | VENDOR | ACREAGE |
|----------|--------|---------|
|          |        |         |
|          |        |         |
|          |        |         |

SEE INSERT



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 4 2006

FILED
CLERK'S OFFICE

## UNITED STATES OF AMERICA
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)    **MDL DOCKET NO. 875**
*Cecil Reuben Jackson, et al v. Kimberly-Clark Corp.,* TXE 1 05-769
*Thomas Vodry Allen, et al v. Kimberly-Clark Corp., et al,* TXE 1 05-876
*Newbern Brown Adkins, et al v. Kimberly-Clark Corp., et al,* TXE 1 05-882

## AFFIDAVIT OF HOYT GREGORY HARP IN SUPPORT OF PLAINTIFFS' REPLY TO KIMBERLY CLARK CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE THE PANEL'S CONDITIONAL TRANSFER ORDER (CTO-257)

STATE OF ALABAMA              §

COUNTY OF JEFFERSON           §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Hoyt Gregory Harp, who being by me duly sworn on his oath deposed and said as follows:

"My name is Hoyt Gregory Harp.  I am familiar with the cases styled *Cecil Reuben Jackson, Deceased, et al, Thomas Vodry Allen, et al, and Newbern Brown Adkins, et al.*  I am fully able to make this affidavit.  The statements in this affidavit are based upon my personal knowledge and are true and correct.

RECEIVED
CLERK'S OFFICE

2006 MAR 14 P 12: 55

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

1

1.    I submit this affidavit in support of Plaintiffs' Reply to Kimberly Clark Corporation's Response to Plaintiffs' Motion to Vacate the Panel's Conditional Transfer Order (CTO-257).

2.    Attached hereto as Exhibit A is a true and correct copy of a Deed between the United States of America and Coosa River Newsprint Company dated January 16, 1948.

Further Affiant sayeth not."

Hoyt Gregory Narp

SWORN TO AND SUBSCRIBED BEFORE ME on this 13ᵗʰ day of March, 2006, to certify which witness my hand and seal of office.

Barbara N. Abbott
Notary Public, State of Alabama
My Commission Expires:   9-26-2008

2

BOOK 134 PAGE 542

) 
} ss.
)

THIS DEED between the UNITED STATES OF AMERICA, hereinafter sometimes called Grantor, and COOSA RIVER NEWSPRINT COMPANY, a corporation organized and existing under the laws of the State of Alabama, hereinafter sometimes called Grantee;

WITNESSETH:

WHEREAS, The Secretary of War, by virtue of the authority contained in Section 1 of the Act of Congress approved July 2, 1940 (54 Stat. 712), as continued in effect by Section 13 of the Act of Congress approved June 5, 1942 (56 Stat. 317), leased the hereinafter described property to the Grantee for a term beginning the 30th day of June, 1947; and

WHEREAS, by such lease the Grantee was granted the option to purchase the hereinafter described property and the Grantee has exercised such option in accordance with the terms thereof;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, That the United States of America, by Kenneth C. Royall, Secretary of the Army, for and in consideration of the sum of Thirty Thousand Seven Hundred Fifty Dollars ($30,750.00) to Grantor in hand paid, the receipt of which is hereby acknowledged, does remise, release, quitclaim and convey to the Coosa River Newsprint Company the following described lands located in Talladega County, Alabama:

(A) All the lands, together with the rights appurtenant thereto lying within the following described boundary lines described by reference to that certain War Department O.C.E. Construction Division drawing numbered 89-11 approved 12-20-46 which is attached hereto, marked Exhibit "A" and made a part hereof:

Beginning at the Coosa River at Coordinate N20875, being the south boundary of the existing electric transmission right of way shown as "H" on Exhibit "A" between Coordinates N20800 and N21200, running thence

BOOK 134 PAGE 543

along the south boundary of said transmission line
right of way to the west boundary of the extension of
"A" Street, running thence south along the western
boundary of said extension of "A" Street and the
western boundary of "A" Street to a point midway
between Coordinates N18400 and N18000, thence east
parallel with Coordinate N18000 to the west boundary
of "E" Street, thence south along the west boundary
of "E" Street to the intersection of such boundary
with Coordinate N16800, thence west along Coordinate
N16800 to its intersection with Coordinate E4000,
thence south along Coordinate E4000 to the center
of Talladega Creek, thence down the center of such
creek to the Coosa River, thence up the Coosa River
to the point of beginning, together with all the
improvements, facilities, buildings, structures,
fixtures, tools, supplies and all other properties,
real and personal, except as hereinafter specified
which as of the date hereof lie within the foregoing
described boundary lines.

(B)  A perpetual easement and right, in common with
the Grantor and other persons invited or licensed by
the Grantor or the Grantee, to use that certain street
or highway extending from the southern boundary of the
above described lands to Alabama Highway No. 91.

(C)  A perpetual easement and right, in common with
the Grantor and other persons invited or licensed by
the Grantor or the Grantee, to use, operate, maintain
and improve the existing railroad tracks and appurte-
nances, furnishing ingress to and egress from the
above described lands.

2.

BOOK 134 PAGE544

Together with all improvements, rights, hereditaments and appurtenances thereunto appertaining, with the specific exceptions and reservations hereinafter set out.

There is expressly excepted from the property conveyed by this instrument and reserved to the Grantor a perpetual easement and right of way for use, operation, maintenance and improvement of the following Government-owned facilities installed on said property:

(a)  Water Pumping Plant in the location designated as "A" (414 A) on Exhibit "A" hereto and all water pipe lines used or useful in connection therewith, or as may be relocated by Grantee with the approval of Grantor.

(b)  Sewage Disposal Plant in the location designated as "B" (609 A, 617 A) on Exhibit "A" hereto and all sewer pipelines used or useful in connection therewith, or as may be relocated by Grantee with the approval of Grantor.

(c)  Telephone line in the location designated as "C" on Exhibit "A" hereto.

(d)  Railroad spur track in the location designated as "K" on Exhibit "A" hereto.

(e)  Ash Basin in the location designated as "D" on Exhibit "A" hereto and all appurtenances used or useful in connection therewith or as may be relocated by Grantee with the approval of Grantor.

(f)  Drainage Ditches in the location designated as "E" on Exhibit "A" hereto or as may be relocated by Grantee with the approval of Grantor.

Fee simple title to all the buildings, machinery, equipment, pipelines, telephone lines, railroad tracks and other appurtenances installed along, in, over, and upon the above-described easements and right of way is reserved to the Grantor.

Grantor also reserves to itself, its invitees and licensees, in perpetuity the right to use in common with the Grantee, its invitees and licensees, the following streets and highways:

3.

BOOK 134 PAGE 545

(A)  The street or highway designated as "A" Street on Exhibit "A" hereto throughout its course over the lands herein conveyed.

(B)  The street or highway designated as 3rd Avenue on Exhibit "A" hereto.

Grantee shall have the right to relocate the streets or highways described in (A) and (B) above, provided that after such relocation said streets or highways shall be of the same widths and of the same or equivalent construction as those relocated and shall respectively terminate at the same points on the boundaries of the above described lands, provided, further, that Grantor's rights as herein reserved shall apply to the streets as relocated.

Grantor also reserves the permanent right in aid of any Government project or improvement of navigation on the Coosa River to flood and impound water upon all of the lands herein conveyed lying below elevation 408 feet above mean sea level as heretofore established by the United States Geodetic Survey.

Grantor also reserves the right to regulate the use of highways, streets, roads and all other means of ingress and egress over and across the above described lands by such regulations as Grantor may promulgate, provided that said regulations do not prevent continued use thereof by Grantee.

Grantor also reserves the right, without obligation or liability to the Grantee, to construct, operate and maintain on, over and under the land herein conveyed facilities necessary for the operation of any utility facilities constructed by the Government on land described and referred to as the "utility area" in the lease hereinabove referred to, provided that such facilities shall be so constructed, operated and maintained as not to dislocate Grantee's plant or facilities or materially to disrupt the operation thereof on the lands herein conveyed.

TO HAVE AND TO HOLD, the foregoing described property unto the

4.

BOOK 134 PAGE 540

said Coosa River Newsprint Company, its successors and assigns forever.

IN WITNESS WHEREOF, the United States of America has caused this conveyance to be executed in its name by *Kenneth C. Royall* its officer thereunto duly authorized, and the seal of the Dept. of the Army to be hereunto affixed this 16th day of *January* , 1948.

UNITED STATES OF AMERICA

By _____

Kenneth C. Royall
Secretary of the Army

STATE OF VIRGINIA          } ss.
COUNTY OF ARLINGTON        }

I, *Glenn W. Witt* , a Notary Public in and for the *State of Virginia, County of Arlington* hereby certify that *Kenneth C. Royall* whose name as *Secretary of the army* of the United States of America is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of the United States of America. Given under my hand and notarial seal, this the 16th day of *January* , 1948.

_____
Notary Public
My commission expires April 20, 1950

OFFICE OF PROBATE JUDGE

STATE OF ALABAMA. } SS
TALLADEGA COUNTY

I hereby certify that this *Deed* was filed in my office for record on the 16 day of *March* , 1948, at 4 o'clock *P* m., and was duly recorded on the 19 day of *March* , 1948, in Book 134 at Page 542, and that the tax of $3.00 has been paid hereon.

*D. Hardy Riddle*
JUDGE OF PROBATE

0786

Exhibit "A"

VICINITY MAP
SCALE IN MILES

R 3 E
HUNTSVILLE MERIDIAN
29

SEE INSERT
SCALE 1 = 800

GRANT OF INTEREST

STATE ........ ALABAMA
COUNTY ........ TALLADEGA
DIVISION ...... SOUTH ATLANTIC
SERVICE COMMAND
USING AGENCY
........ MILES .... OF ....
........ MILES .... OF ....

— TRANSPORTATION FACILITIES —

_____RAILROAD
_____STATE ROAD
_____FEDERAL ROAD
_____AIRLINE

— LAND AREA —

ACRES OWNED BY W.D.
ACRES LEASED BY W.D.
ACRES LEASED FROM W.D.
ACRES TRANSFERRED TO W.D.
ACRES DONATED TO W.D.
ACRES AVIGATION EASEMENTS TO W.D.

— DISPOSALS —

ACRES SOLD
ACRES TRANSFERRED
ACRES EXCHANGED
ACRES OTHERWISE

— LEGEND —

| | |
|---|---|
| RESERVATION LINE | |
| STATE OR PROVINCE LINE | |
| COUNTY LINE | |
| CIVIL DISTRICT PRECINCT | |
| LAND-GRANT LINE | |
| CITY, VILLAGE, OR BOROUGH | |
| CEMETERY, SMALL PARK ETC. | |
| TOWNSHIP LINE | |
| SECTION LINE | |
| AVIGATION EASEMENT | |
| FEE SIMPLE | |

SCALE IN FEET

WAR DEPARTMENT, O.C.E.
CONSTRUCTION DIVISION

REAL ESTATE
PORTION OF
ALABAMA ORDNANCE PLANT
LEASE TO COOSA RIVER NEWSPRINT COMPANY
MILITARY RESERVATION

RECOMMENDED ............ DATE ..........
APPROVED ............ DATE ..........

COMPILED ...... TRACED ...... CHECKED ......

| DATE | BY | REVISIONS | BY | APPROVED |
|---|---|---|---|---|
| | | | | |

SHEETS ...... OF ...... DRAWING NO. ......

| TRACT NO | VENDOR | ACREAGE FEE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

