JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 17 2006

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JACQUELINE D. SKINNER, TIMOTHY H. HINSON, RANDY L. HINSON, AND FREDDY ROBERT HINSON | § § § § | |
| VS. | § § | **CIVIL ACTION NO. H-05-4094** |
| ATLANTIC RICHFIELD COMPANY A/K/A ARCO AND ARCO POLYMERS, INC. | § § § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION**
**AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER 257**

Defendant Atlantic Richfield Company ("ARCO") files this response in opposition to Plaintiffs' Motion and Brief to Vacate Conditional Transfer Order 257 and respectfully shows as follows:

## I. PRELIMINARY STATEMENT

This is an asbestos case in which Plaintiffs are seeking damages for the alleged wrongful death of Robert Hinson purportedly caused by exposure to asbestos products. As such, it falls within the express directive of the Judicial Panel on Multidistrict Litigation transferring all federal actions

**OFFICIAL FILE COPY**

IMAGED MAR 2 0 2006

involving "allegations of personal injury [wrongful] death as a result of exposure to asbestos or asbestos containing products." *In re Asbestos Products Liability Litigation* (No. VI), 771 F. Supp. 415, 418 (J.P.M.L. 1991). As the Panel is well aware, MDL 875 is a central docket created specifically to resolve asbestos claims such as this. Plaintiffs have moved to vacate the conditional transfer of this claim to MDL 875 on the grounds that 1) Plaintiffs' cause of action arises under the Texas Worker's Compensation Statute, and thus 2) it does not contain common questions of fact with other asbestos claims because it does not involve questions of actual damages and ordinary negligence. These arguments, however, were clearly contemplated within the original order creating MDL 875 and expressly rejected.

## II. ARGUMENT

### A. Plaintiffs' Cause of Action Is Not Unique to MDL 875

Plaintiffs' major objection to the transfer of this claim to MDL 875 is that the claim presents a unique facet of Texas law because it arises from the Texas Workers' Compensation Act pursuant to the Texas Constitution. As such, Plaintiffs contend that this case will focus on the alleged gross negligence of the ARCO Refinery in Houston, Texas and thus does not touch the litigation crisis in the same way as other asbestos cases currently pending in MDL 875. While Plaintiffs' brief articulates the remedies of the Texas statute, it fails to direct the Panel to a single authority which supports its proposition that an asbestos personal injury lawsuit against a deceased plaintiff's employer falls outside the jurisdiction of MDL 875.

To the contrary, this personal injury asbestos suit which seeks liability on the grounds of gross negligence, along with thousands of personal injury asbestos suits which seek liability under other statutory and state common law theories, is subject to the jurisdiction of MDL 875. The original order creating MDL 875 is a broad, sweeping directive transferring *all* federal actions not then in trial involving "allegations of personal injury or [wrongful] death as a result of exposure to asbestos or asbestos containing products." *In re Asbestos Products Liability Litigation* (No. VI), 771 F. Supp. 415, 418 (J.P.M.L. 1991). Contrary to Plaintiffs' assertion, MDL 875 does *not* distinguish

its jurisdiction of an asbestos case based upon the source of the plaintiff's cause of action. Obviously, thousands of cases currently pending before MDL 875 have been brought under a number of liability theories. While the majority of these claims are likely based upon a state law strict-liability theory, other claims are based on theories of negligence, breach of warranty, intentional tort and gross negligence, among others. All of these liability theories arise under unique state laws and require MDL 875 to apply different state statutes and common law.

The *common fact* that unites these cases, however, and mandates their inclusion into MDL 875, is the fact that they all concern personal injury or wrongful death based on alleged exposure to asbestos or asbestos-containing products. The present case is no different. Plaintiffs are seeking liability against ARCO based on the decedent's alleged exposure to asbestos containing products at the ARCO Refinery in Houston, Texas.

Plaintiffs' assertion that this case presents a unique cause of action not common to other pending MDL cases is simply incorrect. Plaintiffs argue they have not sued an asbestos manufacturer or normal third party asbestos defendant, and the question of ARCO's gross negligence as an employer is unique. Plaintiffs' theory of alleged exposure, however, is true of almost all MDL 875 cases. Moreover, Plaintiffs' assertions that these state law claims are unique because Plaintiff is a deceased employee seeking only a punitive damage award against his former employer, is an argument that has been consistently rejected by the Judicial Panel on Multidistrict Litigation. In fact, the Panel has rejected similar assertions made by plaintiffs since the inception of the MDL 875 and found:

> in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, **the uniqueness of a party's status**, **the type of defendant,** the docket condition of any specific federal district, the stage of pretrial proceedings, **the presence of unique claims** or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, **were considered and *rejected* by the Panel** as grounds for carving out exceptions to transfer in this extraordinary docket.

*In Re Asbestos Products Liability Litigation* (No. VI), 170 F. Supp. 2d 1348, 1349 (J.P.M.L. 2001) (emphasis added). Indeed, such common causes of action and employer defendants can be found

in the following MDL 875 cases:  Re: Civil Action No. G-00-482 (CV 00482), *Ludivina F. Villarreal, et al. vs. BP Amoco Chemical Company, et al.,* In the United States District Court for the Southern District of Texas, Houston Division; Civil Action No. H-98-2295 (CV 00229), *Robert Frank Cambiano, et al. vs. Amoco Oil Company, et al.,* In the United States District Court for the Southern District of Texas, Houston Division; Civil Action No. H-97-3822 (CV 00382), *Frank E. Patschke, et al. vs. Monsanto Company, et al.;* In the United States District Court for the Southern District of Texas, Houston Division; Civil Action No. G-00-272 (CV 00272), *Paulette Pickett, et al. vs. Amoco Oil Company,* In The United States District Court for the Southern District of Texas, Galveston Division.

In an earlier MDL 875 case styled Civil Action No. G-00-482 (CV 00482), *Ludivina F. Villarreal, et al. vs. BP Amoco Chemical Company, et al.,* In the United States District Court for the Southern District of Texas, Houston Division, the Panel considered similar arguments where the plaintiffs asserted Conditional Transfer Order 178 should be vacated because their gross negligence claims against employer defendants involved unique questions of fact compared to other MDL 875 cases.  A true and correct copy of Plaintiffs' Motion and Brief to Vacate Conditional Transfer Order (CTO-178) filed in Civil Action No. G-00-482 (CV 00482), *Ludivina F. Villarreal, et al. vs. BP Amoco Chemical Company, et al.,* In the United States District Court for the Southern District of Texas, Houston Division is attached hereto without attachments as Exhibit 1.  The Panel concluded the gross negligence action against the employer defendants involved common questions of fact to MDL 875 litigation and required inclusion in this docket.  A true and correct copy of the Panel's Transfer Order filed in Civil Action No. G-00-482 (CV 00482), *Ludivina F. Villarreal, et al. vs. BP Amoco Chemical Company, et al.,* In the United States District Court for the Southern District of Texas, Houston Division is attached hereto as Exhibit 2.  Consequently, Plaintiffs' claims are appropriate for transfer to MDL 875.

B.    **Inclusion in the MDL Will Not Prevent Resolution**

Finally, Plaintiffs argue the MDL will delay resolution. Again, Plaintiffs fail to direct the Panel to any authority holding that the speed of resolution is relevant in this determination. To the contrary, the MDL 875 retains jurisdiction over asbestos cases to promote just and efficient resolution. Since the inception of MDL 875, the Panel has recognized:

> [t]he actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and ... centralization under §1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

*In re Asbestos Product Liability Litig.* (No. VI), 771 F. Supp. 415, 417 (J.P.M.L. 1991).

Moreover, while the Panel has remained sensitive to the location of the parties and witnesses, the Panel has emphasized that transfer to MDL 875 is primarily for pretrial proceedings and thus there is no need for travel to the transferee court for depositions and discovery. *Id.* All discovery in this action can take place between counsel in Texas, while all pretrial proceedings can take place among liaison counsel, as suggested by the Panel. *See id.*

## CONCLUSION

While Plaintiffs have raised the issue that this state law claim is allegedly unique because Plaintiffs are only seeking punitive damages and ARCO is an employer, the Panel has consistently concluded that such factors do not justify carving out exceptions to MDL 875, and that on-balance, the centralization of all asbestos claims best serves the convenience of the parties and witnesses. *Id.* Thus the Panel, consistent with its long standing precedent in the field of asbestos litigation, should deny Plaintiffs' Motion to Vacate Conditional Transfer Order 257.

WHEREFORE, the Defendant Atlantic Richfield Company requests the Panel on Multidistrict Litigation deny Plaintiffs' Motion to Vacate Conditional Transfer Order 257 and request all other relief to which they may be justly entitled.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Respectfully submitted,

MAR 17 2006

ANDREWS KURTH LLP

FILED
CLERK'S OFFICE

By:   _____
      Thomas W. Taylor
      State Bar No. 19723875
      4200 Chase Tower
      600 Travis Street
      Houston, Texas  77002
      (713) 220-4200
      (713) 220-4285 (facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANT ATLANTIC
RICHFIELD COMPANY

OF COUNSEL:
ANDREWS & KURTH L.L.P.
Raymond G. Randle, Jr.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded
to counsel of record per the attached Panel Service List pursuant to the Federal Rules of Civil
Procedure on this 16th day of March, 2006.

_____
Thomas W. Taylor

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2006 MAR 17  A 11: 05

RECEIVED
CLERK'S OFFICE

-6-

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Jacqueline D. Skinner, et al. v. Atlantic Richfield Co., et al.,* S.D. Texas, C.A. No. 4:05-4094

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Aaryn K. Giblin
Provost & Umphrey Law Firm, LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Thomas W. Taylor
Andrews & Kurth
600 Travis
Suite 4200
Houston, TX 77002-2778

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. MDL 875 |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

LUDIVINA F. VILLARREAL,                §
Individually and as Independent Executrix   §
of the Estate of CAYETANO S.            §
VILLARREAL, Deceased, LUDIVINA L.       §
VILLARREAL and HUMBERTO             §
VILLARREAL                              §
                                        §     CIVIL ACTION NO. G-00-482
                                        §
VS.                                     §
                                        §
                                        §
AMOCO CHEMICAL COMPANY,            §
et al.                                  §
                        Defendants.     §

RECEIVED
SEP 2 8 2000

### PLAINTIFFS' MOTION AND BRIEF TO VACATE
### CONDITIONAL TRANSFER ORDER (CTO-178)

TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION:

COMES NOW, LUDIVINA F. VILLARREAL, Individually and as Independent Executrix

of the Estate of CAYETANO S. VILLARREAL, Deceased, LUDIVINA L. VILLARREAL and

HUMBERTO VILLARREAL, Plaintiffs in the above styled and numbered cause and files this their

Motion and Brief to Vacate Conditional Transfer Order (CTO-178) and in support hereof,

respectfully shows the Court as follows:



DEFENDANT'S EXHIBIT 1

# I.

## SUMMARY OF CASE

1.  This is not an asbestos products liability case. In fact, Plaintiff's claims in this case are not limited solely to Decedent's exposure to asbestos products. Instead, this cause of action was filed in Texas state court against the decedent's former employers for gross negligence resulting in the death of decedent as a result of his occupational exposure to asbestos and other toxins and carcinogens. This particular cause of action is authorized and is brought under the authority of the Constitution of the State of Texas, TEX. CONST. Art. 16, sec. 26; and the Workers' Compensation Statutes of the State of Texas, TEX. REV. CIV. STAT. ANN. Art. 8306, sec. 5, which has been codified as Section 408.001 of the Labor Code.

2.  Decedent, CAYETANO S. VILLARREAL ("decedent") was employed by Defendants from approximately 1977 until 1998, during which time he was exposed to asbestos and other toxins and carcinogens at Defendants' Chocolate Bayou facility, located near Alvin, Texas. As a result of his occupational exposure to asbestos and other toxins and carcinogens while working for the Defendants, Mr. Villarreal contracted cancer, which ultimately took his life on or about July 15, 1998. Plaintiff, LUDIVINA F. VILLARREAL, is the surviving wife of Mr. Villarreal. LUDIVINA L. VILLARREAL and HUMBERTO VILLARREAL are the surviving children of Mr. Villarreal.

3.  On or about August 14, 2000, Defendant BP Amoco Chemical Company, Amoco Oil Company, BP Amoco Corporation, BP Polymers, Inc., American Oil Company and BP Chemicals, Inc., filed their Notice of Removal of Civil Action wherein they requested that a tag along order be entered transferring this case through the Judicial Panel on Mulit District Litigation, MDL 875. As indicated in Plaintiffs Notice of Opposition to Transfer

to Multi-District Litigation, Plaintiffs are opposed to the entry of such tag along order for the reasons more fully stated herein.

## II.

## REMOVAL OF ACTION TO MULTI DISTRICT LITIGATION

4.      In order for a case to be subject to multi-district litigation, it must involve one or more common questions of fact pending in different districts. 28 U.S.C.A. § 1407(a). Moreover, such transfers must be made on a determination that transfers for such proceedings will be: (i) for the convenience of parties and witnesses; and (ii) will promote the just and efficient conduct of such actions. *Id.*

## III.

## ARGUMENT & AUTHORITIES

A.      **Plaintiff's Cause of Action is Unique to Texas Constitution.**

5.      As stated above, this particular cause of action is authorized and is brought under the authority of the Constitution of the State of Texas, TEX. CONST. Art. 16, sec. 26; and the Workers' Compensation Statutes of the State of Texas, TEX. R. CIV. STAT. ANN. Art. 8306, sec. 5, which has been codified as Section 408.001 of the Labor Code. As such, it does not share questions common questions of fact with other asbestos cases pending in different districts. Moreover, for the reasons more fully discussed below, transfer of this case to MDL 875 would result in inconvenience to the parties and witnesses and injustice and inefficient conduct of such action. *See* 28 U.S.C.A. § 1407(a).

6.      Although the Texas Workers' Compensation Act generally provides the exclusive remedy for work-related injuries, it does not prohibit the recovery of exemplary damages under

Texas Wrongful Death Act for gross negligence resulting in death. *Callis v. Union Carbide Chemical and Plastics Corp.*, 932 F.Supp. 168 (S.D. Tex. 1996). The Texas Wrongful Death Act, which has been codified as Section 408.001 of the Texas Labor Code, clearly provides that:

(a)   Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

(b)   **This section does not prohibit the recovery of exemplary damages** by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

TEX. LABOR CODE ANN. 408.001 (emphasis added). This section does not create a cause of action for exemplary damages, it merely saves an existing cause of action in order to comply with Article XVI, Section 26 of the Texas Constitution. *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1155 (5th Cir. 1984) citing *Durhart v. State*, 610 S.W.2d 740, 743 (Tex. 1980).

6.   Under the Texas Constitution "Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide." TEX. CONST. art. XVI, § 26 (Vernon 1993). This provision is unique to the Texas Constitution. *See Travelers Indemnity Co. of Illinois v. Fuller*, 892 S.W.2d 848, 852 (Tex. 1995). Indeed, as the Supreme Court of Texas has noted, "'Unique' is perhaps the kindest epithet one could cast at a constitutional provision the sole purpose

-4-

of which is to change 'judge-made' law." *See Travelers Indemnity*, 892 S.W.2d at 852.

7.    For example, although the decedent's parents and dependent siblings are among the legal beneficiaries to whom workers' compensation death benefits are payable, parents and siblings are not among the specified classes in the Texas Constitution who may recover exemplary damages under this provision. *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1155 (5th Cir. 1984) (such classification held to be rationally related to legitimate state interest). Indeed, Texas law is well settled that parents and siblings are not heirs to the body. *See Castleberry v. Goolsby Building Corp.*, 608 S.W.2d 763, 765 (Tex. Civ. App.–Corpus Christi 1980) aff'd 617 S.W.2d 665 (Tex. 1981).

8.    Moreover, a plaintiff in a "gross negligence" case under this provision cannot recover actual damages. *Wright v. Gifford–Hill & Company, Inc.*, 725 S.W.2d 712, 714 (Tex. 1987). Instead, recovery is limited solely to punitive or exemplary damages. *Wright v. Gifford–Hill & Company, Inc.*, 725 S.W.2d 712, 714 (Tex. 1987); *Bennett v. Howard*, 170 S.W.2d 709, 710 (Tex. 1943). The purpose of these exemplary or punitive damages is not to compensate those who have felt the loss, but rather to deter the wrongdoer and others from the commission of similar wrongs. *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1155 (5th Cir. 1984).

9.    Finally, in an action to recover exemplary damages under this provision, <u>questions of actual damages and ordinary negligence are not involved</u>. *See    Wright v. Gifford–Hill & Company, Inc.*, 725 S.W.2d 712, 714 (Tex. 1987); *Bennett v. Howard*, 170 S.W.2d 709, 710 (Tex. 1943). Instead, the Plaintiff is required to show that the defendant acted intentionally, willfully or with degree of gross negligence sufficient to approximate a fixed purpose to

bring about injury to the plaintiff. *See Bennett v. Howard*, 170 S.W.2d 709, 712 (Tex. 1943).

10.   As a result, of the unique nature of claims under Article XVI, Section 26 of the Texas Constitution, it is apparent that there is complete lack of commonality between this case and those cases currently pending in MDL 875. *See* 28 U.S.C.A. § 1407(a).

**B.   Facts in this Case are Unique from Other Cases Pending in MDL 875.**

10.   As indicated above, this case is not limited solely to Decedent's occupational exposure to asbestos, but instead includes claims regarding occupational exposure to other toxins and carcinogens. As a result, Plaintiffs are entitled to discovery on those issues as well.

11.   Individually tailored discovery is required in this case pertaining to: (i) Decedent's employment with the various Defendants; (ii) Defendants knowledge regarding the hazards of asbestos and other toxins and carcinogens; (iii) the specific asbestos products other toxins and carcinogens present at Defendants' Chocolate Bayou facility; (iv) exposure monitoring and/or records pertaining to Defendants' Chocolate Bayou facility; (v) exposure monitoring of Decedent at Defendants' Chocolate Bayou facility; (vi) protective equipment furnished to decedent; (vii) precautions taken by Defendants to protect Decedent from exposure to asbestos and other toxins and carcinogens; (viii) epidemiological and/or toxicological tests, studies, or research conducted by or on behalf of Defendants concerning Defendants' Chocolate Bayou facility; and (ix) other similar information and/or documents specifically related to Decedent's occupational exposure to asbestos and other toxins and carcinogens at Defendants' Chocolate Bayou facility.

12.   Additionally, Plaintiffs would respectfully show the panel that because Plaintiff's claims are limited to Decedent's exposure to asbestos and other toxins and carcinogens at Defendants'

Chocolate Bayou facility which is located near Alvin Texas, many of the potential witnesses in this case, including former co-workers and supervisors of Decedent, are believed to live and work in and around Alvin, Texas. Moreover, all of the Plaintiff's live in or around Alvin, Texas, and it is believed that many of Defendants' corporate representatives and employees with knowledge relevant to this case continue to work and/or live in and around Alvin, Texas.

13.   As a result, of the unique facts of this case, it is apparent that there is complete lack of commonality between this case and those cases currently pending in MDL 875. *See* 28 U.S.C.A. § 1407(a). Moreover, because Plaintiffs' claims are limited to Decedent's exposure to asbestos and other toxins and carcinogens at Defendants' Chocolate Bayou facility, located near Alvin Texas, removal of this action to MDL 875 would result in inconvenience to the parties and witnesses and injustice and inefficient conduct of such action. *See* 28 U.S.C.A. § 1407(a).

## IV.

## CONCLUSION

14.   Based on the foregoing, it is apparent that as a result of the unique independent state law basis for this claim and the unique facts involved in this case, there is a complete lack of commonality between this case and those cases currently pending in MDL 875. *See* 28 U.S.C.A. § 1407(a). Similarly, it is also apparent that removal of this case to MDL 875 would result in inconvenience to the parties and witnesses and injustice and inefficient conduct of such action. *See* 28 U.S.C.A. § 1407(a). Accordingly, this case is not properly removable to MDL 875.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray that this Court enter an Order: (i) GRANTING Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-178); and (ii) granting Plaintiffs such further and other relief to which they may be justly entitled to.

Respectfully submitted,

**ROBINS, CLOUD, GREENWOOD
& LUBEL, L.L.P.**

LANCE H. LUBEL
SBN: 12651125
J. KIRKLAND SAMMONS
SBN: 50511552
910 Travis, Suite 2020
Houston, Texas 77002
(713) 650-1200
(713) 650-1400 FAX

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:
John S. McEldowney
State Bar No. 1358000
GREER, HERZ & ADAMS, L.L.P.
18TH Floor, One Moody Plaza
Galveston, TX 77550
(281) 480-5278
(409) 797-3200
(409) 766-6424 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to all parties and/or counsel of record on the **27th day of September, 2000**, in accordance with Federal Rules of Civil Procedure and Multi District Litigation Rules.

J. KIRKLAND SAMMONS

**2**

# JUDICIAL P._NEL ON MULTIDIS1._ICT LITIGATION

**CHAIRMAN:**
Judge John F. Nangle
United States District Court
Southern District of Georgia

**MEMBERS:**
Judge Louis C. Bechtle
United States District Court
Eastern District of Pennsylvania

Judge John F. Keenan
United States District Court
Southern District of New York

Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

Judge Morey L. Sear
United States District Court
Eastern District of Louisiana

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States District Court
Western District of Tennessee

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

November 22, 2000

**RECEIVED**

**NOV 27 2000**

TO INVOLVED COUNSEL

Re:  MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

*Keith Leabo, et al. v. Allied Signal, Inc., et al.*, D. Arizona, C.A. No. 2:00-1527
*Richard M. Flesher v. W.R. Grace & Co., et al.*, D. Montana, C.A. No. 9:00-117
*Alfred M. Dickerman, et al. v. W.R. Grace & Co.-Conn., et al.*, D. Montana, C.A. No. 9:00-130
*Bettye Tompkins, et al. v. Union Oil Co. of California*, E.D. Texas, C.A. No. 1:00-522
*Ludivina F. Villarreal, et al. v. BP Amoco Chemical Co., et al.*, S.D. Texas, C.A. No. 3:00-482

Dear Counsel:

For your information, I am enclosing a copy of an order filed today by the Judicial Panel on Multidistrict Litigation involving the above-captioned matter.

Very truly,

Michael J. Beck
Clerk of the Panel

By _Bonita Basly_
Deputy Clerk

Enclosure

JPML Form 34B



DEFENDANT'S
EXHIBIT
2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 2 2000

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Keith Leabo, et al. v. Allied Signal, Inc., et al.,* D. Arizona, C.A. No. 2:00-1527
*Richard M. Flesher v. W.R. Grace & Co., et al.,* D. Montana, C.A. No. 9:00-117
*Alfred M. Dickerman, et al. v. W.R. Grace & Co.-Conn., et al.,* D. Montana, C.A. No. 9:00-130
*Bettye Tompkins, et al. v. Union Oil Co. of California,* E.D. Texas, C.A. No. 1:00-522
*Ludivina F. Villarreal, et al. v. BP Amoco Chemical Co., et al.,* S.D. Texas, C.A. No. 3:00-482

## BEFORE JOHN F. NANGLE, CHAIRMAN, LOUIS C. BECHTLE,* JOHN F. KEENAN, WM. TERRELL HODGES, MOREY L. SEAR, BRUCE M. SELYA* AND JULIA SMITH GIBBONS, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 192 F.R.D. 459, 468-69 (2000), by plaintiffs in the five above-captioned District of Arizona, District of Montana, and Eastern and Southern Districts of Texas actions. All movants request that the Panel vacate the portions of its orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and/or the hearing held,[1] the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters

---

*Judge Selya took no part in the decision of this matter, and Judge Bechtle took no part in the decision of this matter with respect to the District of Arizona action.

[1]The parties to the District of Arizona, Eastern District of Texas and District of Montana *Flesher* actions waived oral argument and, accordingly, the question of Section 1407 transfer of those actions was submitted on the briefs. Rule 16.2, R.P.J.P.M.L., 192 F.R.D. 459, 473 (2000).

- 2 -

before the transferor court,[2] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel. We note that under Judge Weiner's stewardship, as of November 20, 2000, i) over 63,000 actions have been closed in the transferee district, and ii) over 1,100 actions or claims therein have been returned to their originating transferor districts. To parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 192 F.R.D. at 470-72. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the five above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

---

[2] Parties in two of the actions before the Panel have argued that transfer should be denied or deferred in order to permit the judges assigned the actions to rule on certain potentially dispositive pending motions. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra*, 192 F.R.D. at 461, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.