MDL 875 1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 0 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | ) | |
| LIABILITY LITIGATION (NO. VI) | ) | MDL DOCKET NO. 875 |

This pleading pertains to the following actions:

*Charles R. Archer, et al. v. Mead Corp., et al.*
United States District Court, Northern District of Alabama
Civil Action Number CV-05-S-2466-M

*Rebekah Riggs, as PR for the Estate of Farrell Riggs v. Mead Corporation, et al.*
United States District Court, Northern District of Alabama
Civil Action Number CV-05-TMP-2472-M

*Alford McGuffie v. Mead Corporation, et al.*
United States District Court, Northern District of Alabama
Civil Action Number CV-05-S-2473-M

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-257)

Defendants submit this Memorandum of Law in Opposition to Plaintiffs' Motion to

Vacate Conditional Transfer Order (CTO-257) pertaining to the above referenced cases currently

pending in the Northern District of Alabama.[1]

## PROCEDURAL BACKGROUND

On July 29, 1991, the Judicial Panel on Multidistrict Litigation transferred a total of

26,639 asbestos cases to the United States District Court for the Eastern District of Pennsylvania

for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, and the

Asbestos Products Liability Litigation, MDL Docket No. 875, (hereinafter "MDL 875") was

created. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp 415, 424-25 (J.P.M.L.

---

[1] This brief is signed by counsel for The Mead Corporation and MeadWestvaco Corporation, with the consent of all properly served Defendants in the above referenced *Archer, Riggs,* and *McGuffie* actions except as set forth below. FL Smidth is only joining in this memorandum to the extent it applies to the *Archer* case, and is not waiving service of process in the *Riggs* or *McGuffie* cases. Defendant Liberty Mutual makes no representations relating to the arguments herein but does not contest the MDL Panel's jurisdiction over this matter.

OFFICIAL FILE COPY

1991). Since that date, more than 80,000 additional asbestos actions have been transferred for pretrial proceedings in MDL 875. *See* Jan. 24, 2006 Conditional Transfer Order (CTO-257).

The *Archer* Complaint was filed in the Circuit Court of St. Clair County, Alabama, on January 7, 2005. The *Archer* Complaint was subsequently amended on November 2, 2005, and, for the first time, the *Archer* plaintiffs raised a federal question in their Complaint by calling into question the interpretation of the federal CERCLA statute:

> Pursuant to 42 U.S.C. § 7412(b)(1), asbestos is a hazardous air pollutant, and is therefore a "hazardous substance" as defined by Section 101(14) of U.S.C. § 9601 (14).
>
> Within the community of Ragland Alabama, there exists a pipeline connecting residences and local businesses to various utilities. The pipeline existing in Ragland, Alabama is a "facility" within the meaning of Section 101 (9) of CERCLA, 42 U.S.C. § 9601(9). This pipeline is composed of asbestos and asbestos products sold/manufactured by the Defendants.

(*See Archer* Second Amendment to Complaint ¶¶ 8 & 9, attached hereto as Exhibit "A"). The *McGuffie* and *Riggs* Complaints were separately filed in the Circuit Court of St. Clair County, Alabama, on November 2, 2005, the same day that the *Archer* complaint was amended. Like the amended *Archer* Complaint, the *McGuffie* and *Riggs* Complaints included the above-quoted allegation regarding violations of a federal statute.

On December 1, 2005, Defendants filed a Notice of Removal of the *Archer, Riggs*, and *McGuffie* actions pursuant to 28 U.S.C. § 1441. Defendants filed a Notice of Tag-Along Action with the Judicial Panel on Multidistrict Litigation referencing MDL 875 on December 2, 2005, in all three cases. On December 28, 2005, Plaintiffs filed motions to remand in all three cases. This Panel issued CTO-275 conditionally transferring these cases (along with 98 other actions) to MDL 875 on January 24, 2006. On February 3, 2006, Plaintiffs filed a Notice of Opposition to the Entry of a Conditional Transfer Order (CTO-257) as it pertains to the *Archer, Riggs*, and

*McGuffie* cases and on February 27 Plaintiffs filed their Motion to Vacate Conditional Transfer Order (CTO-257) and Brief in Support Thereof on Behalf of Plaintiffs Charles Archer and Patricia Archer.[2]

### ARGUMENT

The only argument that Plaintiffs assert to oppose the transfer of these cases to MDL 875 is that the District Court does not have subject matter jurisdiction over their case and motions to remand are pending in these cases. The Panel has rejected identical arguments against transfer over and over again. In previous transfers to MDL 875, the Panel has made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." MDL-875 Transfer Order, *Deronda Greer et al. v. Baird & Co. et al.*, N.D. Mississippi, C.A. No. 4:03-116 (J.P.M.L. Oct. 27, 2003), at 1, (Attached hereto as Exhibit "B"). The Panel explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer to MDL 875:  "Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest." *Id.* at n.1.

This Panel has also considered and rejected the same argument on numerous occasions dealing with other multidistrict litigation dockets:

> Plaintiffs premise a substantial part of their opposition to transfer on the pendency in their actions of motions to remand to state court. They urge the Panel not to order transfer before their motions are resolved by the transferor court. We note, however, that remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990);

---

[2] Although the title of Plaintiffs' brief suggests that it is intended only to apply to the Archer Plaintiffs, the text of the brief addresses the *Archer, Riggs,* and *McGuffie* cases.

*In re Air Crash Disaster at Florida Everglades on December 29,*
*1972*, 368 F. Supp. 812, 813 (J.M.P.L. 1973).

MDL 1091 Transfer Order, *Chambliss v. Metropolitan Life Ins. & Annuity Co., et al.*, M.D.

Alabama, C.A. No. 3:00-24 (J.P.M.L. May 30, 2000), at 2, (Attached hereto as Exhibit "C"); *see*

*also* MDL 1091 Transfer Order, *Robert M. Harrington, et al. v. Metropolitan Life Ins. Co., et al.*,

M.D. Alabama, C.A. No. 2:99-1218 (J.P.M.L. Feb. 7, 2000), at 2, (Attached hereto as Exhibit

"D"). This Panel has repeatedly transferred actions to an MDL proceeding without regard to

challenges to jurisdiction, indicating that the transferee court can decide such matters. *See In re*

*Crown Life Ins. Co. et al.*, 2001 WL 1636230 (J.P.M.L. Dec. 14, 2001) (finding that anticipated

motion to remand can be presented to transferee judge); *In re Air Crash Disaster at Florida*

*Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973) ("transferee judge has

the power to determine the question of remand"); *In re Multidistrict Antitrust Actions Involving*

*Antibiotic Drugs*, 299 F. Supp. 1403, 1405 and n.4 (J.P.M.L. 1969) ("'[t]he fact that [an action] is

in district court by removal from a state court has no bearing on a motion [for MDL treatment]'")

(citation omitted). Thus, the fact that Plaintiffs have moved for remand cannot be grounds to

deny transfer of this case to MDL 875.[3]

The pendency of Plaintiffs' remand motions, in fact, bolsters Defendants' position that

transfer is appropriate for these cases. The legal and factual issues raised by Plaintiffs' remand

motion  have already arisen in several cases previously transferred to the MDL 875 and are likely

---

[3] Although this is an issue for either the District Court of the transferee court to decide, Defendants oppose
Plaintiffs' motions to remand. Plaintiffs' Complaints expressly state claims under federal law. Further, Plaintiffs'
claims require interpretation of federal statutes, a function of the federal courts.  Plaintiffs' claims require
adjudication regarding the definition of the terms "facility" and "hazardous substance" as contemplated by
Congress.  The Supreme Court has recently reaffirmed that the function of interpreting a federal statute is one
arising under the original jurisdiction of the federal courts. *Grable & Sons Metal Products, Inc. v. Darue*
*Engineering & Manufacturing*, 125 S. Ct. 2363, 2366 (June 13, 2005) (affirming original jurisdiction exists when
"the meaning of the federal statute is actually in dispute"); see also *Franchise Tax Bd. v. Constr. Laborers Vacation*
*Trust*, 463 U.S. 1, 9, 28 (1983).

to arise in cases consolidated in the future.  Accordingly, judicial economy and consistency require transfer of these actions to allow the transferee court to decide Plaintiffs' motion for remand.  *See Ivy v. Diamond Shamrock Chem. Co.* 901 F.2d 7, 9 (2d. Cir. 1990) (holding that "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," and that "[c]onsistency as well as economy is . . . served" if "the jurisdictional objections [are] heard and resolved by a single court").  This Panel should consider common jurisdictional issues as a factor in favor of transferring this case to the MDL 875. *See In re Franklin Nat'l Bank Sec. Litig.*, 393 F. Supp. 1093, 1095 (J.P.M.L. 1975) ("We see no reason for delaying transfer . . .  because [the case] certainly shares a commonality with the other actions in this litigation and the transferee judge can easily resolve the remand issue."); *In re Air Crash Disaster at Juneau, Alaska,* 360 F. Supp. 1406, 1407 (J.P.M.L. 1973) (inasmuch as motions for remand are pretrial motions, transferee judge to whom multidistrict litigation has been assigned for coordinated or consolidated pretrial proceedings has power to rule on them).  The fact that Plaintiffs have moved for remand is not grounds to vacate the *Archer, Riggs,* and *McGuffie* Transfer Order.

## CONCLUSION

The *Archer, Riggs,* and *McGuffie* cases should be transferred for consolidation in the Asbestos Products MDL proceeding because there are common questions of fact upon which general discovery must be conducted, pretrial proceedings are in their infant stages, consolidation would be for the convenience of the parties and witnesses, and consolidation would promote the just and efficient conduct of the action.  Moreover, the pending jurisdictional challenge is no impediment to transfer and, in fact, provides an additional reason to transfer *Archer, Riggs,* and *McGuffie* to MDL 875.  Accordingly, Plaintiff's motion to vacate should be

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 0 2006

FILED
CLERK'S OFFICE

denied and the *Archer, Riggs,* and *McGuffie* actions should be transferred to the Eastern District

of Pennsylvania for coordination and consolidation in MDL 875.

John A. Smyth III
C. Andrew Kitchen
Attorneys for Defendants The Mead Corporation
& MeadWestvaco Corporation
On behalf of all Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000
Facsimile: (205) 254-1999

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the above and foregoing along with exhibits has been served upon the attached Panel Service List (excerpted from CTO-257) by placing copies in the United States Mail with first-class postage prepaid and electronic mail on this the _17th_ day of ___March___, 2006.

OF COUNSEL

RECEIVED
CLERK'S OFFICE
2006 MAR 20 A 10: 55

## INVOLVED COUNSEL LIST (CTO-257)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Kent M. Adams
Adams & Coffey
550 Fannin
Suite 800
P.O. Box 7505
Beaumont, TX 77726-7505

Robert L. Adams
Kacal, Adams & Law
One Riverway
Suite 1200
Houston, TX 77056

Daniel R. Alexander
Carr, Allison, Pugh, Howard, Oliver
& Sisson
100 Vestavia Parkway
Suite 200
Birmingham, AL 35216

Michael S. Allred
Allred Law Firm
P.O. Box 3828
Jackson, MS 39207

John M. Anderson
Bassford Remele, PA
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402-3701

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson
& Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Peter G. Angelos
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Cynthia W. Antonucci
Harris Beach, LLP
805 3rd Avenue
20th Floor
New York, NY 10022

Julie A. Ardoin
Murray Law Firm
909 Poydras Street
Suite 2550, LL&E Tower
New Orleans, LA 70112-4000

David A. Baker
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

David A. Barfield
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-3979

Cyrus C. Barger, III
Jude & Jude, PLLC
P. O. Box 17468
Hattiesburg, MS 39404-7468

Dean T. Barnhard
Barnes & Thornburg
11 South Meridian Street
Indianapolis, IN 46204

Robert R. Baugh
Sirote & Permutt, P.C.
2222 Arlington Avenue South
P.O. Box 55727
Birmingham, AL 35255

Jerry L. Beane
Andrews & Kurth
BankOne Center
1717 Main Street
Suite 3700
Dallas, TX 75201

Bryan D. Belasky
Weitz & Luxenberg, P.C.
180 Maiden Lane
17th Floor
New York, NY 10038-4925

Andrew P. Bell
Law Offices of Gene Locks, LLC
110 East 55th Street
New York, NY 10022

Troy N. Bell
Aultman, Tyner & Ruffin, Ltd.
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Joshua H. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Richard V. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Martin Berks
Environmental Attorneys Group, PC
1900 28th Avenue South
Suite 107
Birmingham, AL 35209

R. Dirk Bernhardt
Murray, Dunham & Murray
2225 4th Ave
Ste 200
Seattle, WA 98121

Scott R. Bickford
Martzell & Bickford
P.O. Box 91251
Baton Rouge, LA 70821

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Bissell & Ledyard
1111 Bagby Street
Suite 2300
Houston, TX 77002

Janet W. Black
Donaldson & Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401

INVOLVED COUNSEL LIST (CTO-257) - MDL-875

Paula H. Blazek
Germer, Bernsen & Gertz
550 Fannin Street
Suite 700
Beaumont, TX 77701

Bryan O. Blevins, Jr.
Provost & Umphrey Law Firm, LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Brian M. Blythe
Bradley, Arant, Rose & White
1819 Fifth Avenue, North
Birmingham, AL 35203-2119

Gregory E. Bodin
Taylor, Porter, Brooks & Phillips, LLP
P.O. Box 2471
Baton Rouge, LA 70821

Susan DeAnn Bomar
Swift, Currie, McGhee & Hiers
1355 Peachtree Street, N.E.
The Peachtree, Suite 300
Atlanta, GA 30309-3231

Joel M. Bondurant, Jr.
Haynsworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Nathaniel A. Bosio
Dogan & Wilkinson, PLLC
P.O. Box 1618
734 Dalmas Ave
Pascagoula, MS 39568-1618

Christopher A. Bottcher
Sirote & Permutt, P.C.
2222 Arlington Avenue South
P.O. Box 55727
Birmingham, AL 35255

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC 29402-0059

Richard E. Boyle
Gundlach, Lee, Eggman, Boyle
& Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

Steven A. Branom
Hackett, Beecher & Hart
1601 Fifth Avenue
Suite 2200
Seattle, WA 98101

Craig E. Brasfield
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Alan R. Brayton
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948

Eugene W. Brees, II
Whitehurst, Harkness, Ozmun & Brees
P.O. Box 1802
Austin, TX 78767

Edward Kenneth Brooks
Patterson, Dilthey, Clay, Bryson
& Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

A. Todd Brown
Hunton & Williams
Bank of America Plaza
101 Sout Tryon Street
Suite 3500
Charlotte, NC 28280

Marcy L. Bryan
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

James D. Burns
Law Office of James D. Burns
2200 Fourth Avenue
Seattle, WA 98121

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Isaac K. Byrd, Jr.
Byrd & Associates
427 East Fortification Street
P.O. Box 19
Jackson, MS 39205-0019

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

George R. Carlton
Godwin Gruber, LLP
1201 Elm St.
Suite 1700
Dallas, TX 75270

Wilson H. Carroll
Phelps Dunbar, LLP
P.O. Box 23066
Jackson, MS 39225-3066

Pamela W. Carter
Baker, Donelson, Bearman, Caldwell
& Berkowitz
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

C. Paul Cavender
Burr & Forman, L.L.P.
420 North 20th Street
Suite 3100
Birmingham, AL 35203

Lawrence G. Cetrulo
Cetrulo & Capone, LLP
2 Seaport Lane
10th Floor
Boston, MA 02210

Michael D. Chefitz
Bonner, Kiernan, Trebach & Crociata
One Liberty Square
6th Floor
Boston, MA 02109

John R. Christie
Rawlin, Gravens & Franey
1240 Standard Bldg.
1370 Ontario Street
Cleveland, OH 44113

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

INVOLVED COUNSEL LIST (CTO-257) - MDL-875                                    Page 3 of 11

Kevin E. Clark
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203

Sandra F. Clark
Mehaffy & Weber, P.C.
P.O. Box 16
Beaumont, TX 77704

Timothy Allen Clarke
Vickers, Riis, Murray & Curran
P.O. Drawer 2568
Mobile, AL 36652-2568

Melissa Devich Cochran
Marshall Dennehy Warner Coleman
& Goggin
600 Grant Street, USX Tower
Suite 2900
Pittsburgh, PA 15219

Lawrence M. Coco, III
Carroll Bufkin Fulcher & Coco, PLLC
1700 Lelia Drive
Jackson, MS 39216

Richard Craig Coffin
Barg Coffin Lewis & Trapp, LLP
One Market - Steuart Tower
Suite 2700
San Francisco, CA 94105-1475

Keith E. Coltrain
Elmore & Wall, PA
P.O. Box 10937
Raleigh, NC 27605

Blane H. Crutchfield
Hand Arendall, LLC
P.O. Box 123
Mobile, AL 36601

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Dana Hefter Davis
Young, Moore & Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

Timothy M. Davis
Adams & Reese/Lange Simpson, LLP
2100 Third Avenue North
Concord Center, Suite 1100
Birmingham, AL 35203-3367

Whitney Aaron Davis
Charter Davis, LLP
1730 I Street
Suite 240
Sacramento, CA 95814

Jessica B. DeGroote
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O Box 22608
Jackson, MS 39225-2608

Patricia A. Dicke
Page, Mannino, Peresich
& McDermott
P.o. Drawer 289
Biloxi, MS 39533

Christine E. Dinsdale
Soha & Lang, PS
701 Fifth Avenue
Suite 2400
Seattle, WA 98104

David W. Dogan, III
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

David R. Donadio
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

David P. Donahue
Maynard Cooper & Gale PC
AmSouth/Harbert Plaza
Suite 2400
1901 6th Avenue North
Birmingham, AL 35203-2618

James D. Dowell
Rienstra, Dowell & Flatten
595 Orleans Street
Suite 1007
Beaumont, TX 77701

Helen K. Downs
Johnston, Barton, Proctor & Powell
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203-2618

Dennis M. Duggan, Jr.
Nixon Peabody, LLP
101 Federal Street
Boston, MA 02110

Rocky W. Eaton
Aultman, Tyner & Ruffin, Ltd.
315 Hemphill Street
P.O. Drawer 750
Hattiesburg, MS 39403-0750

Robert Scott Eitel
U.S. Department of Education
Office of General Counsel
400 Maryland Avenue, S.W.
Washington, DC 20202

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202-3736

Michael M. Essmyer
Essmyer & Tritico
4300 Scotland
Houston, TX 77007

Jenelle R. Evans
Balch & Bingham LLP
P.O. Box 306
Birmingham, AL 35201

James J. Fabian
Pfeifer & Fabian
326 Saint Paul Place
Suite 100
Baltimore, MD 21202

Eric K. Falk
Davies, McFarland & Carroll
One Gateway Center
Tenth Floor
Pittsburgh, PA 15222

David S. Fishback
U.S. Dept. of Justice
Torts Branch, Civil Division
P.O. Box 340
Ben Franklin Station
Washington, DC 20044

INVOLVED COUNSEL LIST (CTO-257) - MDL-875

Christopher E. Fitzgerald
Garrison, Scott, Gamble & Rosenthal
2113 Government Street
Suite D-3
Ocean Springs, MS 39564

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Barry W. Ford
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Carl E. Forsberg
Forsberg & Umlauf
900 4th Avenue
Suite 1700
Seattle, WA 98164-1039

Roger C. Foster
Laney & Foster, P.C.
Two Perimeter Park South
Suite 404 East
P.O. Box 43798
Birmingham, AL 35243-0798

Shannon S. Frankel
Young, Moore & Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622

Samuel H. Franklin
Lightfoot, Franklin & White, L.L.C.
400 North 20th Street
Birmingham, AL 35203

Sydney F. Frazier
Cabaniss, Johnston, Gardner, Dumas
& O'Neal
Amsouth-Sonat Tower
Suite 1700
P.O. Box 830612
Birmingham, AL 35283-0612

Jeffrey E. Friedman
Friedman Leak & Bloom, PC
3800 Colonnade Parkway
Suite 650
P.O. Box 43219
Birmingham, AL 35243

Dawn E. Fulce
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Joseph Kyle Fulcher
Carroll Bufkin Fulcher & Coco, PLLC
1700 Lelia Drive
Jackson, MS 39216

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens
& Cannada , PLLC
P. O. Box 22567
Jackson, MS 39225-2567

Jared J. Garner
Bryan Cave, LLP
2020 Main Street
Suite 600
Irvine, CA 92614-8226

Mark W. Garriga
Butler, Snow, O'Mara, Stevens
& Cannada , PLLC
P.O. Box 22567
Jackson, MS 39225-2567

Linda S. George
Laudig, George, Rutherford & Sipes
156 Market Street
#600
Indianapolis, IN 46204

Walter T. Gilmer, Jr.
McDowell, Knight, Roedder & Sledge
P.O. Box 350
Mobile, AL 36601

Erich Gleber
Ross & Hardies
65 East 55th Street
New York, NY 10022

Michael D. Goggans
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Box 16450
Jackson, MS 39236-6450

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Frank J. Gordon
Millberg Gordon & Stewars, PLLC
1101 Haynes Street
Suite 104
Raleigh, NC 27604

William M. Graham
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Robert V. Greenlee
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Melissa K. Habeck
Forsberg & Umlauf
900 4th Avenue
Suite 1700
Seattle, WA 98164-1039

John Joseph Hainkel, III
Frilot, Partridge, Kohnke & Clements
Energy Center, Suite 3600
1100 Poydras Street
New Orleans, LA 70163-3600

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott Harford
Flemming, Zulack & Williamson
One Liberty Plaza
35th Floor
New York, NY 10006

INVOLVED COUNSEL LIST (CTO-257) - MDL-875

Frank G. Harmon, III
Crain, Caton, James
1401 McKinney
SUite 1900
Houston, TX 77010

James A. Harris, III
Harris & Harris, LLP
Colonial Bank Building, Suite 450
2501 20th Place, South
Birmingham, AL 35223

Gary W. Harvey
Morrison, Mahoney & Miller
250 Summer Street
Boston, MA 02210-1181

Jennifer Boyd Herlihy
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110

Todd M. Higey
Adams & Reese/Lange Simpson, LLP
2100 Third Avenue North
Concord Center, Suite 1100
Brimingham, AL 35203-3367

John L. Hill, Jr
Locke Liddell & Sapp, LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX 77002

Jeffrey J.A. Hinrichsen
Charter Davis, LLP
1730 I Street
Suite 240
Sacramento, CA 95814

Broox G. Holmes, Jr.
Edward B. Mcdonough, Jr., PC
107 St. Francis Street
Suite 1800
Mobile, AL 36602

James E. Horne
Kingman, Peabody, Pierson
& Fitzharris
505 Madison Street
Suite 300
Seattle, WA 98104-1138

James Gordon House, III
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

George Randall Huffman
Simon, Peragine, Smith & Redfearn
1200 Washington Avenue
Suite A
Ocean Springs, MS 39567

Clifton Wayne Jefferis
Forman, Perry, Watkins, Krutz
& Tardy, LLP
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

Gail C. Jenkins
Jenkins & Martin
P.O. Box 26008
Beaumont, TX 77720

Alice S. Johnston
Buchanan Ingersoll, P.C.
301 Grant Street
One Oxford Centre, 20th Floor
Pittsburgh, PA 15219

D. Allan Jones
Orgain, Bell & Tucker, L.L.P.
P.O. Box 1751
Beaumont, TX 77704-1751

Rhon E. Jones
Beasley, Allen, Crow, Methvin, Portis
& Miles, PC
P.O. Box 4160
Montgomery, AL 36103-4160

George J. Kacal, Jr.
Kacal, Adams & Law
One Riverway
Suite 1200
Houston, TX 77056

Steven Kazan
Kazan, McClain, Abrams,
Fernandez, et al.
171 12th Street
3rd Floor
Oakland, CA 94607

G. Patterson Keahey, Jr.
Law Offices of G. Patterson
Keahey, Jr., PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Christopher M. Kelly
Gallivan, White & Boyd, P.A.
P.O. Box 10589
Greenville, SC 29603

Daniel J. Kelly
Haight, Brown & Bonesteel
100 Bush Street
27th Floor
San Francisco, CA 90104-3929

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

Kristi D. Kennedy
Currie, Johnson, Griffin, Gaines
& Myers
P.O. Box 750
Jackson, MS 39205-0750

Richard J. Keshian
Kilpatrick & Stockton, LLP
1001 W. Fourth Street
Winston-Salem, NC 27101

Suzanne G. Keys
Byrd & Associates
P.O.Box 19
Jackson, MS 39205-0019

Christopher R. Kiger
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 First Union Capitol Center
Raleigh, NC 27602-2611

INVOLVED COUNSEL LIST (CTO-257) - MDL-875

Jennifer S. Kilpatrick
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Joseph E. Kilpatrick, Jr.
Kilpatrick, Williams & Meeks
500 Broadway Place
Suite 404
Little Rock, AR 72201-3343

Roberta B. King
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

J. Frank Kinsel, Jr.
Cantey & Hanger, L.L.P.
2100 Burnett Plaza
801 Cherry Street
Ft. Worth, TX 76102

Charles Andrew Kitchen
Maynard Cooper & Gale, PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203

Timothy W. Knight
Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226

Mark R. Kurz
Gundlach, Lee, Eggman, Boyle
& Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown
P.O. Box 4848
Greensboro, NC 27404

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

J. Mark Langdon
McGuire Woods, LLP
100 N. Tryon Street
Suite 2900
Charlotte, NC 28202-4022

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Anthony T. Lathrop
Moore & Van Allen, PLLC
100 North Tryon Street, Floor 47
Charlotte, NC 28202

Joseph E. Leblanc, Jr.
King, Leblanc & Bland, LLP
7500 San Felipe
Suite 800
Houston, TX 77063

Richard Eric Leff
McGivney & Kluger, P.C.
80 Broad Street
23rd Floor
New York, NY 10004

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Jason E. Luckasevic
Goldberg, Persky & White, PC
1030 Fifth Avenue
3rd Floor
Pittsburgh, PA 15219

Genevieve MacSteel
McGuire Woods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

C. Robert Mace
Tekell, Book, Matthews & Limmer
4300 One Houston Center
1221 McKinney
Houston, TX 77010

Patrick C. Malouf
Porter & Malouf
P.O. Box 12768
Jackson, MS 39236

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

Christopher S. Marks
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111-3926

Robert P. Martin
Campbell, Woods, Bagley, Emerson,
Mcneer & Herndon
300 Summers Street, Suite 810
Post Office Box 2393
Charleston, WV 25328-2393

Christopher O. Massenburg
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

John C. McCants
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Milton Carroll McCardle
Jude & Associates
P.O. Box 17468
Hattiesburg, MS 39404-7468

Damon G. McClain
Sedgwick, Detert, Moran & Arnold
One Embarcadero Center
16th Floor
San Francisco, CA 94111

INVOLVED COUNSEL LIST (CTO-257) - MDL-875

Kevin E. McDermott
Law Offices of Robert E. Sweeney
& Associates
1500 Illuminating Building
55 Public Square
Cleveland, OH 44113

Moffatt Grier McDonald
Haynsworth Sinkler Boyd
P.O. Box 2048
Greenville, SC 29602

Edward Bailey McDonough, Jr.
Edward B. McDonough, Jr., P.C.
P.O. Box 1943
Mobile, AL 36633

Carolyn Alleen McLain
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

D. Ferguson McNiel
Vinson & Elkins
1001 Fannin Street
Suite 2300
Houston, TX 77002

Warren McKay McWilliams
Mendes & Mount
725 South Figueroa Street
19th Floor
Los Angeles, CA 90017

Barry N. Mesher
Lane Powell, P.C.
1420 Fifth Avenue
Suite 4100
Seattle, WA 98101

Edward A. Miller
Marshall, Dennehey, Warner, Coleman
& Goggin
U.S. Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA 15219

William T. Mills, II
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Peter A. Moir
Quilling, Selander, Cummiskey, et al.
2001 Bryan Street
Bryan Tower, Suite 1800
Dallas, TX 75201

Francis Allen Montbach
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, NY 10004

Glen W. Morgan
Reaud, Morgan & Quinn, LLP
801 Laurel Street
Beaumont, TX 77701

Richard E. Morton
Womble, Carlyle, Sandridge & Rice
301 S. College Street
One Wachovia Center
Suite 3500
Charlotte, NC 28202

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Mundy
Mundy & Singley
816 Congress Avenue
Suite 1230
Austin, TX 78701

H. Kent Munson
911 Washington Avenue
7th Floor
St. Louis, MO 63101

Robert F. Northcutt
Capell Howard, PC
P.O. Box 2069
Montgomery, AL 36104-2069

Eric R. Nowa
Harrell & Nowak, LLC
700 Camp Street
New Orleans, LA 70130

Patrick S. O'Brien
C. Marshall Friedman, P.C.
1010 Market Street
13th Floor
St. Louis, MO 63101

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

Keith D. Obert
Obert Law Group, PA
P.O. Box 2081
Madison, MS 39130-2081

James R. Old, Jr.
Germer, Bernsen & Gertz
550 Fannin Street
Suite 1700
Beaumont, TX 77701

David Arthur Oliver, Jr.
Porter & Hedges, L.L.P.
1000 Main Street
36th Floor
Houston, TX 77002-6336

Scott B. Ostrow
Wyatt, Tarrant & Combs, LLP
1715 Aaron Brenner Drive
The Renaissance Center, Suite 800
Memphis, TN 38120-4367

Peter T. Paladino, Jr.
Goldberg Persky Jennings & White
Ketchum Center, 3rd Floor
1030 5th Avenue
Pittsburgh, PA 15219

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Donald C. Partridge
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Michael W. Patrick
Law Office of Michael W. Patrick
P.O. Box 16848
Chapel Hill, NC 27516

Keith E. Patterson
Ya...on & Associates
601 California Street
21st Floor
San Francisco, CA 94108-2281

**INVOLVED COUNSEL LIST (CTO-257) - MDL-875**

Monica F. Patterson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

James L. Pattillo
Norman, Wood, Kendrick & Turner
505 20th Street, North
Financial Center, Suite 1600
Birmingham, AL 35203

Edward R. Paul
Paul, Mardinly, Durham, James, et al.
320 West Front Street
P.O. Box D
Media, PA 19063

Timothy Peck
Smith Moore, LLP
P.O. Box 21927
Greensboro, NC 27420

Richard M. Perles
Lee, Futrell & Perles, LLP
201 St. Charles Avenue
Suite 2409
New Orleans, LA 70170

Kenneth E. Petty
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111

Rex Wayne Peveto
Peveto Law Firm
118 Border Street
Orange, TX 77630

Keith J. Pflaum
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Jonathan W. Pippin
Ables Baxter Parker & Hall, PC
315 Franklin Street
P.O. Box 165
Huntsville, AL 35804-0165

Franklin A. Poff
Crisp, Boyd & Poff
2301 Moores Lane
P O Box 6297
Texarkana, TX 75505

Janika D. Polk
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones
& Hawn
999 Westview Drive
Hastings, MN 55033-2495

Diane M. Pompei
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

Timothy W. Porter
Porter & Malouf, P.A.
4670 McWillie Drive
P.O. Box 12768
Jackson, MS 39236

James H. Powers
Powers & Frost, L.L.P.
2400 One Houston Center
1221 McKinney Street
Houston, TX 77010

Jerome F. Raskas, Sr.
Goffstein & Raskas
7701 Clayton Road
St. Louis, MO 63117

Mary Margaret Ratliff
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

F. Grey Redditt, Jr.
Vickers, Riis, Murray & Curran
P.O. Drawer 2568
Mobile, AL 36652-2568

Simine Bazyari Reed
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

Giovanni Regina
Waters, McPherson, McNeill, P.C.
233 Broadway
Suite 970
New York, NY 10279

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

James M. Riley, Jr.
Coats Rose Yale Ryman & Lee
3 Greenway Plaza
Suite 2000
Houston, TX 77046

Lauren Miller Robbins
Munisteri, Sprott, Lefevre & Rigby
3323 Richmond Avenue
Suite A
Houston, TX 77098

Matthew Robinett
Norman, Wood, Kendrick & Turner
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL 35233

Richard A. Rocap
Rocap, Witcher & Threlkeld
One Indiana Square
Suite 2300
Indianapolis, IN 46204

Michael D. Roche
King, Leblanc & Bland, LLP
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170

Robert M. Rolfe
Hunton & Williams
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

INVOLVED COUNSEL LIST (CTO-257) - MDL-875

Stephen A. Rowe
Adams & Reese/Lange Simpson, LLP
2100 Third Avenue North
Concord Center, Suite 1100
Brimingham, AL 35203-3367

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Scott C. Seiler
Liskow & Lewis
701 Poydras Street
Suite 5000
New Orleans, LA 70139

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Mark Powell Seyler
Barkley & Thompson
1515 Poydras Street
Suite 2350
New Orleans, LA 70112

Stella Shackelford
Montgomery Barnett
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3200

Dan Shaked
Shaked & Posner
225 West 34th Street
Suite 705
New York, NY 10122

Charles T. Sheldon
Sedgwick, Detert, Moran & Arnold
One Embarcadero Center
16th Floor
San Francisco, CA 94111

Michael C. Shepard
Law Office of Michael C. Shepard
250 Portland Street
Boston, MA 02114

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Daniel J. Sinclair
Eckert Seamans Cherin & Mellott
600 Grant Street
44th Floor
Pittsburgh, PA 15219

W. Russell Sipes
Laudig, George, Rutherford & Sipes
Inland Building
156 East Market Street
Suite 600
Indianapolis, IN 46204-3227

John Albert Smyth, III
Maynard Cooper & Gale PC
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Emmett C. Sole
Stockwell, Sievert, Viccellio, et al.
First National Bank Building
One Lakeside Plaza, Suite 400
P.O. Box 2900
Lake Charles, LA 70602

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert H. Sprain, Jr.
Sadler, Sullivan PC
Southtrust Tower
Suite 2500
420 20th Street North
Birmingham, AL 35203

D. David Steele
Yaron & Associates
601 California Street
21st Floor
San Francisco, CA 94108

Katherine M. Steele
Stafford, Frey & Cooper, PC
601 Union Street
3100 Two Union Square
Seattle, WA 98101

Connie Ray Stockham
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive
Suite 114
Birmingham, AL 35209

Matthew R. Straus
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

Joseph J. Stroble
Watkins & Eager
The Emporium Building, Suite 300
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Lawrence J. Sugarman
Cetrulo & Capone, LLP
2 Seaport Lane
10th Floor
Boston, MA 02210

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Thomas W. Taylor
Andrews & Kurth
600 Travis
Suite 4200
Houston, TX 77002-2778

Jennifer M. Techman
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Mark S. Thomas
Maupin, Taylor, PA
P.O. Drawer 19764
Raleigh, NC 27619-9764

Nathan Michael Thompson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Timothy Kost Thorson
Carney Badley Spellman
700 Fifth Avenue
Suite 5800
Seattle, WA 98104-7091

INVOLVED COUNSEL LIST (CTO-257) - MDL-875

Patrick T. Tierney
Collins, Buckley, Sauntry & Haugh
West 1100 First National Bank Bldg.
332 Minnesota Street
St. Paul, MN 55101

Tracy E. Tomlin
Nelson, Mullins, Riley & Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

Christopher W. Tompkins
Betts, Patterson & Mines
One Convention Place
701 Pike Street
Suite 1400
Seattle, WA 98101-3927

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Matthew Turetsky
Schwabe Williamson & Wyatt
1420 5th Ave Ste 3010
Seattle, WA 98101-2339

Michael E. Turner
Cabaniss, Johnston, Gardner, Dumas
& O'Neal
2001 Park Place North
Suite 700
P.O. Box 830612
Birmingham, AL 35283

Helen E. Tuttle
Kirkpatrick Lockhart Nicholson
& Graham, LLP
One Newark Center
10th Floor
Newark, NJ 07102

Mark B. Tuvim
Corr Cronin Michelson Baumgardner
& Preece
1001 4th Avenue
Ste. 3900
Seattle, WA 98154-1051

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Michael W. Ulmer
Watkins & Eager
300 Emporium Building
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

Nicholas P. Vari
Kirkpatrick Lockhart Nicholson
Graham LLP
1500 Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Michael A. Vercher
Christian & Small, LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

John E. Wade, Jr.
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

Herbert I. Waldman
Nagel, Rice & Mazie, LLP
301 South Livingston Avenue
Suite 201
Livingston, NJ 07039-3373

Thomas J. Ward, Jr.
Law Office of T. John Ward
P.O. Box 1231
Longview, TX 75606-1231

James L. Ware
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Centre
909 Fannin
Houston, TX 77010-1003

Kirk G. Warner
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

William L. Waudby
Adams & Reese/Lange Simpson, LLP
2100 Third Avenue North
Concord Center, Suite 1100
Brimingham, AL 35203-3367

Jacob H. Wellman
Teague, Campbell, Dennis & Gorham
1621 Midtown Place
Raleigh, NC 27609-7553

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Allan R. Wheeler
Burr & Forman L.L.P.
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

Elizabeth S. Wheeler
King, Leblanc & Bland, LLP
201 St. Charles Avenue
Suite 3800
New Orleans, LA 70170

James C. White
Moore & Van Allen
P.O. Box 13706
Research Triangle Park, NC 27709

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Robert W. Wilkinson
Dogan & Wilkinson, PLLC
734 Del Mas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618

Gene M. Williams
Shook, Hardy & Bacon, LLP
Chase Tower, Suite 1600
600 Travis Street
Houston, TX 77002-2911

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

INVOLVED COUNSEL LIST (CTO-257) - MDL-875          Page 11 of 11

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA 70130

John D. Wilson, Jr.
Wilson, Smith, Cochran & Dickerson
1215 4th Avenue
17th Floor
Seattle, WA 98161

Natasha L. Wilson
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203

Donald A. Windham, Jr.
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

Brian Wuenschell
Kirkpatrick Lockhart Nicholson
Graham, LLP
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312

Laura P. Yee
Knott & Glazier
201 Spear Street
Suite 1520
San Francisco, CA 94105

I. Timothy Zarsadias
Dean & Gibson, L.L.P.
Cameron Brown Building
Suite 900
301 South McDowell Street
Charlotte, NC 28204-2686

Brain D. Zeringer
Bogle & Gates
Two Union Square, Suite 4700
601 Union Street
Seattle, WA 98101

Jeffrey S. Zipes
Coots Henke & Wheeler
255 E Carmel Drive
Carmel, IN 46032

**Notices**
4:05-cv-02466-CLS Archer v. Mead Corporation

**U.S. District Court**

**Northern District of Alabama**

Notice of Electronic Filing

The following transaction was received from Smyth, John entered on 3/17/2006 at 3:03 PM CST and filed on 3/17/2006

**Case Name:**   Archer v. Mead Corporation
**Case Number:**   4:05-cv-2466
**Filer:**   Mead Corporation
Noland Company
Sepco Corporation
Ingersoll-Rand Company
Union Carbide Corporation
Beazer East, Inc.
CSX Corporation
CertainTeed Corporation
Koppers Industries, Inc.
MeadWestvaco Corporation
Brandon Drying Fabrics, Inc.
Scapa Paper Machine Clothing (Dryer), Inc.
Bill Vann Company, Inc.
Fuller Company
Goulds Pumps (IPG)
Mount Vernon Mill, Inc.
Appleton Mills, Inc.
Albany International Corporation
Long-Lewis Hardware Co.
Mayer Electric Supply Company
Goodyear Tire & Rubber Co.
Badham Insulation Co.
Enis Insulation Co.
Cassiar Asbestos Corporation
U.C. Realty, Inc.
Saint-Gobain Abrasives, Inc. f/k/a Norton Company
FLSMidth, Inc
Gould Pumps, Inc
Scapa Dryer Fabrics, Inc.
N.D. CUNNINGHAM & CO., INC.
**Document Number:** 82

**Docket Text:**
NOTICE by FLSMidth, Inc, CertainTeed Corporation, Gould Pumps, Inc, Ingersoll-Rand Company, Albany International Corporation, Bill Vann Company, Inc., Fuller Company, Scapa Paper Machine Clothing (Dryer), Inc., Scapa Dryer Fabrics, Inc., Goulds Pumps (IPG), Sepco Corporation, Saint-Gobain Abrasives, Inc. f/k/a Norton Company, Union Carbide Corporation, Mount Vernon Mill, Inc., Appleton Mills, Inc., Brandon Drying Fabrics, Inc., N.D. CUNNINGHAM & CO., INC., Long-Lewis Hardware Co., Mayer Electric Supply Company, Noland Company, Goodyear Tire & Rubber Co., CSX Corporation, Badham Insulation Co., Koppers Industries, Inc., Beazer East, Inc., Enis Insulation Co., Cassiar Asbestos Corporation, U.C. Realty, Inc., MeadWestvaco Corporation, Mead Corporation *of Filing Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-257)* (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D)(Smyth, John)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768839-0]
[b90a7376dd6d5738b726a52acc96f84fc09455561944b2bed307464cccf704446e1d
a9e922e8e9254e102c127ea5ebace92350c04d5b5a2b38ab6d45e4b01c74]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768839-1]
[284a56f7138a6408803e93284d7e414f43aab319a2ca1356445ee1e5a4805b5f2284
0c669b7c51d350c93a8e0135e6afa1b9bb199535c9fc30ef0bc0a35a7f40]]
**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768839-2]
[aa964dd249580f19fa70fe2415e636245f698852e8690f2a85b5d6f3c4a743f97b5d
644d1e5a288fba78d0de28f7816729667f3493d2b657322eb6c9c8c14394]]
**Document description:**Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768839-3]
[72417b582a14d08ba3bf74599d53b94194dfcf61161c408bf38a8d7a5efb1ac035fb
d3738486187102836d3b393a5ebca9de56f1d5c20af449b2f44a86002035]]
**Document description:**Exhibit D
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768839-4]
[9d171a29b750e1998d092088342a6f53f63c7f449ab5f49cd508121f52294e8c88be
f3b2a920a2c85d52ac6d5ea1de7c8932a41dc3bb49a6cc0aa36c2944030b]]

**4:05-cv-2466 Notice will be electronically mailed to:**

Martin K. Berks    kbearden@eaglawyers.com

Christopher A Bottcher    cbottcher@sirote.com

David A Bragdon    dbragdon@burr.com

James B Carlson    jcarlson@sirote.com

C Paul Cavender    pcavende@burr.com

Kevin E Clark    kclark@lfwlaw.com

Timothy Allen Clarke    tclarke@vickersriis.com,

Richard M Crump    crumprm@fpwk.com

Timothy M Davis    tim.davis@arlaw.com

Evelyn Fletcher    efletcher@hplegal.com

Samuel H Franklin    sfranklin@lfwlaw.com

Sydney F Frazier , Jr    sff@cabaniss.com

Jeffrey E Friedman    jnorthcutt@friedmanleak.com

Laura Devaughn Goodson    goodsonld@fpwk.com

Todd M Higey    todd.higey@arlaw.com

James G House , III    housejg@fpwk.com

Charles A Kitchen    dkitchen@maynardcooper.com

Frank E Lankford , Jr    fel@hfsllp.com

Edward B. McDonough , Jr    ebm@emcdonoughlaw.com,

Donald C Partridge    partridgedc@fpwk.com

Lee Taylor Patterson    lpatterson@flb-law.com

Keith J Pflaum    cec@phm-law.com

Shaun K Ramey    sramey@sirote.com

F Grey Redditt , Jr    gredditt@vickersriis.com

Stephen A Rowe    steve.rowe@arlaw.com

John Albert Smyth , III    jsmyth@maynardcooper.com

Nathan Michael Thompson    nthompson@hplegal.com

Michael E Turner    met@cabaniss.com

William L Waudby    bill.waudby@arlaw.com

**4:05-cv-2466 Notice will be delivered by other means to:**

**Notices**

4:05-cv-02472-TMP Riggs v. Mead Corporation

**U.S. District Court**

**Northern District of Alabama**

Notice of Electronic Filing

The following transaction was received from Smyth, John entered on 3/17/2006 at 3:11 PM CST and filed on 3/17/2006

| | |
|---|---|
| **Case Name:** | Riggs v. Mead Corporation |
| **Case Number:** | 4:05-cv-2472 |
| **Filer:** | General Electric Company |
| | Georgia Pacific Corporation |
| | Mead Corporation |
| | Sepco Corporation |
| | Koppers Industries, Inc |
| | Ingersoll-Rand Company |
| | Union Carbide Corporation |
| | Norton Company |
| | Mayer Electric Supply Company, Inc |
| | National Services Industries, Inc. |
| | Certainteed Corporation |
| | National Cement Company of Alabama, Inc. |
| | MeadWestvaco Corporation |
| | The Goodyear Tire & Rubber Co. |
| | Beazer East Inc. |
| | CSX Transportation, Inc. |
| | Goulds Pumps, Inc. |
| | Albany International Corporation |
| | U.C. Realty, Inc. |
| | Saint-Gobain Abrasives, Inc. f/k/a Norton Company |
| | Bill Vann Company. Inc |
| | Fireman's Fund Insurance Company, Inc |
| | Goulds Pumps (IPG), Inc |
| | Scapa Dryer Fabrics, Inc. |
| | N.D. Cunningham & Co., Inc |
| | N.D. CUNNINGHAM & CO., INC. |

**Document Number:** 63

**Docket Text:**
NOTICE by Saint-Gobain Abrasives, Inc. f/k/a Norton Company, N.D. Cunningham & Co., Inc, N.D. CUNNINGHAM & CO., INC., Albany International Corporation, The Goodyear Tire & Rubber Co., Mayer Electric Supply Company, Inc, CSX Transportation, Inc., Bill Vann Company. Inc, Certainteed Corporation, Fireman's Fund Insurance Company, Inc, Mead Corporation, General Electric Company, Georgia Pacific Corporation, Goulds Pumps, Inc., Ingersoll-Rand Company, MeadWestvaco Corporation, National Cement Company of Alabama, Inc., National Services Industries, Inc., Norton Company, Sepco Corporation, U.C. Realty, Inc., Union Carbide Corporation, Goulds Pumps (IPG), Inc, Scapa Dryer Fabrics, Inc., Beazer East Inc., Koppers Industries, Inc *of Filing Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-257)* (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D)(Smyth, John)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768878-0]
[a751e89bbcfb31a9d4598160ab8ed7e39701ab4984bf1b4988039fbb6d67c718f566
99607a3644e746138e981f3fbb0b4ca0b00e4cda5b9286e4a61948e2bffa]]
**Document description:** Exhibit A

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768878-1]
[0835f4545385d6766bda396b3ddbef31781e41a83d9debf717a84c7a73c98a345693
42fe79efd6889dcfd73dc4b7c54f60c63c62d185865d8f71d62910fbb251]]
**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768878-2]
[6b6fda2628dcf0f271a7659c2e69506db2324c410e7764fe17c29e1e7abb289356da
b5acdfae3024c34da4cfc8b131f11e6e299812ca15a0bc102f93582c3004]]
**Document description:**Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768878-3]
[5e4fc136748ed866dafc6801ca3e8de2685c998dfe2453361d41f19e6fdb29565bd7
e7f55340ecdb8203ae75f0fc23d2833c5799f53fd9a6fbaa10b9254296b4]]
**Document description:**Exhibit D
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768878-4]
[95ad2dcb937b98d5d2714529c827d867da9af8b74c4238f022dbb4637f0e6c0e5230
72f57c98590085db3be4e41b280a15ea4a8f7ec9916e188cf158cb9f65a4]]

**4:05-cv-2472 Notice will be electronically mailed to:**

Martin K. Berks    kbearden@eaglawyers.com

David A Bragdon    dbragdon@burr.com

C Paul Cavender    pcavende@burr.com

Kevin E Clark    kclark@lfwlaw.com

Timothy Allen Clarke    tclarke@vickersriis.com,

Timothy M Davis    tim.davis@arlaw.com

Laura Devaughn Goodson    goodsonld@fpwk.com

Todd M Higey    todd.higey@arlaw.com

Charles A Kitchen    dkitchen@maynardcooper.com

Frank E Lankford , Jr    fel@hfsllp.com

Edward B. McDonough , Jr    ebm@emcdonoughlaw.com,

Donald C Partridge    partridgedc@fpwk.com

Keith J Pflaum    cec@phm-law.com

F Grey Redditt , Jr    gredditt@vickersriis.com

Stephen A Rowe    steve.rowe@arlaw.com

John Albert Smyth , III    jsmyth@maynardcooper.com

Robert H Sprain , Jr    rhs@sprainlaw.com

Michael E Turner    met@cabaniss.com

William L Waudby    bill.waudby@arlaw.com

Allan R Wheeler    awheeler@burr.com

4:05-cv-2472 Notice will be delivered by other means to:

**Notices**

4:05-cv-02473-CLS McGuffie v. Mead Corporation

### U.S. District Court

### Northern District of Alabama

Notice of Electronic Filing

The following transaction was received from Smyth, John entered on 3/17/2006 at 3:19 PM CST and filed on 3/17/2006

| | |
|---|---|
| **Case Name:** | McGuffie v. Mead Corporation |
| **Case Number:** | 4:05-cv-2473 |
| **Filer:** | Mead Corporation |
| | Koppers Industries, Inc |
| | Ingersoll-Rand Company |
| | Union Carbide Corporation |
| | Mayer Electric Supply Company, Inc |
| | SEPCO Corporation |
| | Meadwestvaco Corporation |
| | Mount Vernon Mills, Inc. |
| | The Goodyear Tire & Rubber Co. |
| | Beazer East Inc. |
| | CSX Transportation, Inc. |
| | Goulds Pumps, Inc. |
| | Brandon Drying Fabrics, Inc. |
| | Scapa Paper Machine Clothing (Dryer), Inc. |
| | Bill Vann Company, Inc. |
| | Fuller Company |
| | Appleton Mills, Inc. |
| | Albany International Corporation |
| | U.C. Realty Corp |
| | Gould Pumps (IPG), Inc |
| | Scapa Dryer Fabrics, Inc. |
| | Saint-Gobain Abrasives, Inc. f/ka Norton Company |
| | N.D. CUNNINGHAM & CO., INC. |

**Document Number:** 65

**Docket Text:**
NOTICE by Ingersoll-Rand Company, Saint-Gobain Abrasives, Inc. f/ka Norton Company, N.D. CUNNINGHAM & CO., INC., Mead Corporation, CSX Transportation, Inc., The Goodyear Tire & Rubber Co., Mayer Electric Supply Company, Inc, Bill Vann Company, Inc., Albany International Corporation, Goulds Pumps, Inc., Gould Pumps (IPG), Inc, SEPCO Corporation, Mount Vernon Mills, Inc., Appleton Mills, Inc., Brandon Drying Fabrics, Inc., U.C. Realty Corp, Union Carbide Corporation, Meadwestvaco Corporation, Fuller Company, Scapa Paper Machine Clothing (Dryer), Inc., Scapa Dryer Fabrics, Inc., Beazer East Inc., Koppers Industries, Inc *of Filing Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-257)* (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D)(Smyth, John)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768926-0]
[bab18dabc9fef88189b7fca7c02b4a507da350669c61bc9f2118cc1e456467c778fe
7ee415b871d14ffb43cbc1b4cc15c58607147616d4ec259eb757252cd5a9]]
**Document description:** Exhibit A
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768926-1]
[a79416a9d7fc0e2106f09def26da65ede39e1b792df4ced004fca3feedcdef6e8e63

43e92bfb42b0b211f5820eee9358388638fd724e4db5c8ab9258433005d7]]
**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768926-2]
[bd708cb5c6c748e3102dcd6471edb8a707f6cb046ead6c92d32de4ac7a034de3698a
54486eb1262dc379acb7a5799af1261d830f031b6f60cc983c3e6ab1c398]]
**Document description:**Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768926-3]
[33b5812662238acb0f5b2fb126b370bab812aac922aac14364bb26f23b70d30a1d3c
54509b3e94480423bdd1449d99c19486d2ca11fa26fa66c54a854b3831e5]]
**Document description:**Exhibit D
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1078951271 [Date=3/17/2006] [FileNumber=768926-4]
[861fcc5bf8448b6c1012b4de36cad678d2b3d256a4735cf2b6b3f7d0c813d943a88d
81fd5d3f2a795c7756566fc87f763923f6261628b89b64f9254f821045e0]]

**4:05-cv-2473 Notice will be electronically mailed to:**

Martin K. Berks    kbearden@eaglawyers.com

David A Bragdon    dbragdon@burr.com

C Paul Cavender    pcavende@burr.com

Kevin E Clark    kclark@lfwlaw.com

Timothy Allen Clarke    tclarke@vickersriis.com,

Richard M Crump    crumprm@fpwk.com

Timothy M Davis    tim.davis@arlaw.com

Samuel H Franklin    sfranklin@lfwlaw.com

Sydney F Frazier , Jr    sff@cabaniss.com

Laura Devaughn Goodson    goodsonld@fpwk.com

Todd M Higey    todd.higey@arlaw.com

Joseph Doyle Horn    doyle.horn@arlaw.com

James G House , III    housejg@fpwk.com

Charles A Kitchen    dkitchen@maynardcooper.com

Frank E Lankford , Jr    fel@hfsllp.com

Edward B. McDonough , Jr    ebm@emcdonoughlaw.com,

Donald C Partridge    partridgedc@fpwk.com

Keith J Pflaum    cec@phm-law.com

F Grey Redditt , Jr    gredditt@vickersriis.com

Stephen A Rowe    steve.rowe@arlaw.com

John Albert Smyth , III    jsmyth@maynardcooper.com

Michael E Turner    met@cabaniss.com

William L Waudby    bill.waudby@arlaw.com

**4:05-cv-2473 Notice will be delivered by other means to:**

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY

STATE OF ALABAMA

CHARLES RICHARD ARCHER          )
and PATRICIA ARCHER,            )
    Plaintiffs,              )
                                )
vs.                             )     Civil Action No.:
                                )
MEAD CORPORATION, et al.        )
and the Fictitious Party Defendants )
identified in Paragraph 2 & 3   )
hereto and Exhibit B attached.  )
                                )
    Defendants.              )

EXHIBIT
**A**

## SECOND AMENDMENT TO COMPLAINT

Come now the Plaintiffs in the above styled action and, pursuant to Rule 15(c) of the *Alabama Rules of Civil Procedure*, amend the original Complaint filed in the above referenced matter as follows:

1. The original Complaint filed in the above referenced action named Fictitious Defendants described and designated in Exhibit "A".

2. Plaintiffs have now learned the true identity of two such fictitious Defendants: U.C. Realty, Inc. and Liberty Mutual Insurance Company.

3. Plaintiffs hereby substitute U.C. Realty, Inc. and Liberty Mutual Insurance Company as additional party Defendants as described above and in Attachment A to Plaintiffs' Original Complaint (Exhibit "A").

4. Plaintiffs adopt, re-allege, and incorporate herein by reference all of the premises, averments, allegations, demands, *ad damnum clauses*, and other provisions set forth in the original Complaint, a copy of which is attached

1

hereto as Exhibit A.

5. At the present time, Plaintiff Charles Archer has been diagnosed with malignant pleural mesothelioma.  His condition is rapidly deteriorating and his prognosis is terminal.  Plaintiff Patricia Archer has suffered several cardiac episodes and is under the treatment of a psychiatrist to deal with the emotional stress related to her injuries and the imminent death of her husband.

6. Pursuant to Rule 15(c) of the *Alabama Rules of Civil Procedure*, Plaintiffs further amend their original Complaint attached as Exhibit A to include the following:

**COUNT EIGHT:**
**NEGLIGENT USE, PRODUCTION, STORAGE, RELEASE**
**AND DISPOSAL OF HAZARDOUS WASTE PRODUCTS OF**
**DEFENDANT MEAD AND DEFENDANT MEADWESTVACO**

7. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-6 as set out hereinabove.

8. Pursuant to 42 U.S.C. § 7412(b)(1), asbestos is a hazardous air pollutant, and is therefore a "hazardous substance" as defined by Section 101(14) of U.S.C. § 9601(14).

9. Within the community of Ragland, Alabama, there exists a pipeline connecting residences and local businesses to various utilities.  The pipeline existing in Ragland, Alabama is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).  This pipeline is composed of asbestos and asbestos products sold/manufactured by the Defendants.

10. Because of the negligence use, production, storage, release and disposal of

2

hazardous waste of Defendant Mead and Defendant Meadwestvaco, there has been an actual release and a continuous threatened release of hazardous substances into the environment of Ragland, Alabama.

11. Defendants Mead and Meadwestvaco conspired with Liberty Mutual Insurance Company to conceal the fact that harmful hazardous materials like asbestos were released into the environment in Ragland.

WHEREFORE, the Plaintiffs respectfully request that this Court (1) order the Defendants Mead and Meadwestvaco to incur the response costs and take the actions necessary to attain a degree of clean-up of hazardous substances, pollutants, and contaminants released into the environment which, at a minimum, assures the protection of human health and the environment.  The Plaintiffs further request that this Court (2) grant such other further relief as the Court deems just and proper, including judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity.

## COUNT NINE:
## PUBLIC NUISANCE

12. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-11 as set out hereinabove.

13. The continued release of asbestos and other toxic chemicals into the environment in Ragland, Alabama by the Defendants has cause a public nuisance affecting public heath, safety, and general welfare within the Ragland community.

3

14. The Plaintiffs' have been specifically affected by the Defendants' nuisance in the fact that as a result of the Defendants' releasing hazardous substances into the air and pipeline connected to the Plaintiffs' residence, the Plaintiffs have been caused to suffer multiple injuries, including but not limited to, Mr. Archer developing malignant pleural mesothelioma, Mrs. Archer suffering cardiac episodes, and the severe mental distress and extreme mental anguish of both Plaintiffs.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

## COUNT TEN:
### TRESPASS

15. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-14 as set out hereinabove.

16. The Plaintiffs are the owners of the property upon which they reside and which is located at 9772 County Hwy 26 in Ragland, Alabama.

17. By releasing hazardous substances into the air and pipeline connected to the Plaintiffs' residence, the Defendants have intentionally interfered with the Plaintiffs' interest in the exclusive possession of their property.

18. It was reasonably foreseeable by the Defendants that the release of hazardous substances into the environment of the city of Ragland would result in an invasion of the Plaintiffs' possessory interests.

4

19. Through the defendant's intentional conduct, and with reasonable foreseeability, asbestos and other toxic substance have entered upon the land itself, affecting its nature and character, and causing substantial actual damage to the property. As the result of the Defendants' trespass, Plaintiffs have been caused to incur substantial economic damage to their residence and property.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper

### COUNT ELEVEN:
### TORT OF OUTRAGE

20. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-19 as set out hereinabove.

21. The Defendants' conduct both at the plant where Plaintiff Archer worked and within the community of Ragland, Alabama was both intentional and reckless. The Defendants were aware of the dangers of asbestos and took no action to protect the wellbeing of the persons using, working with, or living near asbestos products and/or asbestos materials.

22. The conduct of the Defendants in intentionally failing to warn the Plaintiffs of the hazardous nature of asbestos and the potential for serious harm from using, working with, and/or living near of asbestos/asbestos products, the conduct of the entire asbestos industry in deliberately concealing evidence of the dangers of asbestos exposure from the Plaintiffs, as well as the

withholding information about the dangers of asbestos exposure in order to minimize public awareness is both extreme and outrageous conduct on behalf of the Defendants.

23.   Because of the conduct of the Defendants, the Plaintiffs have been caused to suffer mental distress so severe that no reasonable person should be expected to endure it, as well as the injuries previously alleged herein.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

## COUNT TWELVE:
## BATTERY

24.  The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-23 as set out hereinabove.

25.  By allowing the Plaintiffs to be exposed the Defendants' asbestos containing products, asbestos dust, and other harmful air borne particles, the Defendants have intentionally touched the Plaintiffs in a manner that is both harmful and offensive.

26.  The harmful and offensive battery upon the Plaintiffs has resulted in physical and emotional harm.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of

the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

## COUNT THIRTEEN:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-26 as set out hereinabove.

28. The conduct of the Defendants has been both intentional and reckless. The Defendants were aware of the potential harm of asbestos products, but intentionally failed to adequately warn the Plaintiffs of the dangers of using, working with, and/or living near asbestos and asbestos products. By not informing the Plaintiffs of the risks of asbestos exposure, the Defendants acted willfully and recklessly. The actions of the Defendants were extreme, outrageous, and unconscionable.

29. Because of the actions and conduct of the Defendants, the Plaintiffs have been caused to suffer extreme mental distress dealing with Mr. Archer's developing mesothelioma, severe mental distress from worrying about the possibilities of Mrs. Archer developing cancer, severe mental distress as a result of the resultant medical problems suffered by Mrs. Archer, and extreme mental anguish from having to deal with Mr. Archer's imminent death.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

## COUNT FOURTEEN:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-29 as set out hereinabove.

31. The Defendants acted negligently by failing to inform the Plaintiffs of the potential harm of using, working with, breathing and/or living near asbestos and asbestos products.  The negligent conduct of the Defendants was extreme and outrageous.

32. Because of the negligent actions and conduct of the Defendants, the Plaintiffs have been caused to suffer extreme mental distress dealing with Mr. Archer's developing mesothelioma, severe mental distress from worrying about the possibilities of Mrs. Archer developing cancer, severe mental distress as a result of the resultant medical problems suffered by Mr. and Mrs. Archer, and extreme mental anguish from having to deal with Mr. Archer's imminent death.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

## COUNT FIFTEEN:
## ALABAMA CODE § 7-2-314 BREACH OF WARRANTY

33. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-32 as set out hereinabove.

8

34. The Defendants are sellers of asbestos and asbestos containing products. The products sold by the Defendants were used by the Plaintiffs, and/or at a location where the Plaintiffs were present, and/or released into the environment near the Plaintiffs, with the knowledge of the Defendants that the Plaintiffs were foreseeable end users of the asbestos products.

35. The products sold by the Defendants were not adequately labeled, packaged, or contained so as to notify the user of the product and/or the Plaintiffs of the risks of using the product and/or did not conform to promises or affirmations of fact made on the container or label of the product.

36. As a result of the Defendants' breach of implied warranty of merchantability, the Plaintiffs were injured in the above described ways and caused to suffer extreme mental distress and emotional anguish.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

## COUNT SIXTEEN:
## SECOND RESTATEMENT §402 A STRICT LIABILITY

37. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-36 as set out hereinabove.

38. The asbestos and/or asbestos containing products manufactured and/or sold by the Defendants left the Defendants' control in an unreasonably dangerous condition.

39. The asbestos and/or asbestos containing products manufactured and/or sold by the Defendants were so unreasonably dangerous that they were not fit for their intended uses.

40. Because of their unreasonably dangerous nature, the defects in the products manufactured and/or sold by the Defendants caused physical harm to the Plaintiffs in the manners described fully hereinabove.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

## COUNT SEVENTEEN:
## FRAUDULENT SUPPRESSION

41. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-39 as set out hereinabove.

42. All Defendants herein are manufacturers, distributors and sellers of asbestos containing materials, and were either individually or collectively members or sponsors of medical and scientific research organizations. These organizations were created to and did promote the use of asbestos containing materials. These organizations also supported and sponsored research of the health dangers of exposure to asbestos containing materials. This research was never made public and was deliberately concealed by the medical and research organizations as well as the Defendant manufacturers.

43. The Defendants had a duty to the Plaintiffs to disclose the results of research

concerning the health dangers of exposure to asbestos containing materials and a duty to warn the Plaintiffs of the potential harm from said exposure.

44. The Defendants never informed the Plaintiffs of the true nature of asbestos and asbestos containing products, failed to disclose results of the research performed by Defendants and organizations of which the Defendants were a part, and knowingly concealed from the Plaintiffs the known risks and dangers of asbestos containing products by not listing warnings on labels, not listing warning on data sheets, and by representing to the Plaintiffs that the products being used were safe for human interaction.

45. The Defendants knew or should have known of the inherent risks of asbestos exposure and knowingly concealed these risks and dangers from the Plaintiffs. Furthermore, the Defendants intended for the Plaintiffs to rely upon the fraudulent suppressions so that the Plaintiffs would not become informed of the dangers of asbestos exposure.

46. The Defendants' suppression of the research findings of the dangers of exposure to asbestos products caused the Plaintiffs to rely upon the Defendants' representations that their risk of exposure was nonexistent or minimal at most. If the Plaintiffs had known the full findings of said medical and scientific research and were privy to the information held by the Defendants as to the harm caused by exposure to asbestos, neither Plaintiff would have assumed that risk.

47. As a result of the Defendants' fraudulent suppressions, the Plaintiffs have been caused to suffer extensive physical injury including, but not limited to,

malignant pleural mesothelioma, cardiac problems, breathing problems, and severe mental anguish and emotional distress.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

## COUNT EIGHTEEN:
## LOSS OF CONSORTIUM

48. The Plaintiffs hereby incorporate by reference, as if fully set out herein, their allegations in Paragraphs 1-47 as set out hereinabove.

49. The Plaintiffs have been married for 42 years. Until Mr. Archer's injury, he helped around the house and performed such other activities as is normally expected of a spouse.

50. The Plaintiffs' relationship, both physically and emotionally, has been damaged as a result of the negligent conduct of the Defendants.

51. Plaintiff Patricia Archer has suffered and will continue to suffer the loss of her husband's love, support, services, comfort, companionship, society, sexual relations, solace and attentions because of the physical injuries caused to Mr. Archer by the Defendants. Likewise, Plaintiff Charles Archer has suffered and will continue to suffer the loss of his wife's services, companionship, sexual relations, society and attentions because of the injuries caused to Mrs. Archer by the Defendants.

WHEREFORE, premises considered, Plaintiffs demand judgment against the

Defendants, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity, and such other further relief as the Court deems just and proper.

Respectfully submitted on this the _31st_ day of _October,_ 2005.

Martin K. Berks

**OF COUNSEL**
ENVIRONMENT ATTORNEYS GROUP, P.C.
2145 14th Avenue South
Birmingham, Alabama 35205
(205) 326-1000

13

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the following has been served upon the following

by first class United States mail, properly addressed and with postage prepaid, on this the

____31st____ day of __October__ , 2005:


**SCAPA PAPER MACHINE**
**CLOTHING**
Sydney F. Frazier, Esq.
CABANISS, JOHNSTON,
GARDNER, DUMAS & O'NEAL
2001 Park Place North, Suite 700
Birmingham, AL 35203

**ALBANY INTERNATIONAL CORPORATION**
Keith J. Pflaum, Esq.
PORTERFIELD, HARPER, MILLS & MOTLEY
P.O. Box 530790
Birmingham, AL 35253

**GOULDS PUMPS, INC.**
Stella C. Shackelford, Esq.
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3200

**LIBERTY MUTUAL INSURANCE COMPANY**
c/o GEORGE W ALLCORN
3 OFFICE PARK CIR
BIRMINGHAM, AL 35223-2510

**SEPCO CORPORATION**
Frank E. Lankford, Esq.
HUIE, FERNAMBUCQ &
STEWART, LLP
3 Protective Center
2801 Hwy. 280 S, Ste 200
Birmingham, AL 35223

14

**MOUNT VERNON MILLS, INC.**
**APPLETON MILLS, INC.**
**BRANDON DRYING FABRICS, INC.**
Frank E. Lankford, Esq.
HUIE, FERNAMBUCQ & STEWART, LLP
3 Protective Center
2801 Hwy. 280 S, Ste 200
Birmingham, AL 35223

**U.C. REALTY, INC.**
Michael L. Wade, Jr., Esq.
William Waudby, Esq.
ADAMS & REESE, LLP
2100 3rd Avenue N
Birmingham, AL 35203

**UNION CARBIDE CORPORATION**
**CERTAINTEED CORPORATION**
Evelyn M. Fletcher
HAWKINS & PARNELL, LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308

**MEAD CORPORATION**
**MEADWESTVACO CORPORATION**
John A. Smyth, III, Esq.
2400 Amsouth Harbert Plaza
1901 6th Avenue N
Birmingham, AL 35203

**FULLER COMPANY**
Chris Boetcher, Esq.
Sirote & Permuttm P.C.
2311 Highland Ave South
Birmingham, AL 35205

**ST. GOBAINS f/k/a**
**NORTON COMPANY**
Robert Sprain, Esq.
Sprain & Associates, P.C.
201 Beacon Pkwy W
Suite 317
Birmingham, AL 35209

OF COUNSEL



EXHIBIT

B

tabbies®

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2003

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

# BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

*Deronda Greer, et al. v. Baird & Co., et al.,* N.D. Mississippi, C.A. No. 4:03-116
*Herbert C. Ayers, et al. v. Owens-Illinois, Inc., et al.,* D. South Carolina, C.A. No. 2:03-1284
*James W. Blasius, et al. v. Owens-Illinois, Inc., et al.,* D. South Carolina, C.A. No. 2:03-1288

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Northern District of Mississippi action and two District of South Carolina actions. Movants seek to vacate the Panel's order conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

---

[*]Judges Keenan, Selya and Jensen took no part in the decision of this matter with respect to the Northern District of Mississippi action. Judges Selya and Jensen also took no part in the disposition of this matter with respect to the District of South Carolina *Ayers* action.

[1]Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate

(continued...)

- 2 -

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

We note that under Judge Weiner's stewardship, as of October 9, 2003, i) over 73,600 actions have been closed in the transferee district, and ii) over 1,250 actions or claims therein have been returned to their originating transferor districts.  To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these three actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

_____

(...continued)
time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.





## DOCKET NO. 1091

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE THE METROPOLITAN LIFE INSURANCE COMPANY SALES PRACTICES LITIGATION

*Royzell Chambliss v. Metropolitan Life Insurance & Annuity Co., et al.*, M.D. Alabama, C.A. No. 3:00-24
*Hubert B. Swindoll v. Metropolitan Life Insurance Co., et al.*, N.D. Mississippi, C.A. No. 2:99-249
*John Howell, et al. v. Metropolitan Life Insurance Co., et al.*, N.D. Mississippi, C.A. No. 2:99-250
*Stephanie Henning, et al. v. Metropolitan Life Insurance Co., et al.*, N.D. Mississippi, C.A. No. 2:99-251
*Billy E. Goodnight v. Metropolitan Life Insurance Co., et al.*, N.D. Mississippi, C.A. No. 2:99-252
*Dickey Warren v. Metropolitan Life Insurance Co., et al.*, N.D. Mississippi, C.A. No. 2:99-253
*Linda W. Goodnight v. Metropolitan Life Insurance Co., et al.*, N.D. Mississippi, C.A. No. 2:99-254
*Gregory P. Reinauer, et al. v. Metropolitan Life Insurance Co., et al.*, N.D. West Virginia, C.A. No. 5:99-162

### BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998), by i) plaintiffs in the two above-captioned Middle District of Alabama and Northern District of West Virginia actions, and ii) plaintiffs and two individual defendants in the above-captioned Northern District of Mississippi actions, requesting the Panel to vacate its orders conditionally transferring their respective action to the Western District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Donetta W. Ambrose. Defendant Metropolitan Life Insurance Co. (MetLife) supports transfer of all actions.

On the basis of the papers filed,[1] the Panel finds that these eight actions involve common questions of fact with actions in this litigation previously transferred to the Western District of Pennsylvania, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that

---

[1] The parties to these actions waived oral argument and, accordingly, the question of Section 1407 transfer of those actions was submitted on the briefs. Rule 16.2, R.P.J.P.M.L., 181 F.R.D. 1, 14 (1998).

ML00012141

- 3 -

transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Western District of Pennsylvania was the proper forum for actions involving allegations that deceptive life insurance sales practices occurred or were encouraged as part of MetLife schemes or courses of conduct. *See In re The Metropolitan Life Insurance Company Sales Practices Litigation*, MDL-1091 (J.P.M.L. February 20, 1996) (unpublished order).

Certain opponents of Section 1407 transfer premise a substantial part of their opposition on the pendency in their actions of motions to remand to state court. They urge the Panel not to order transfer before their motions are resolved by the transferor court. We note, however, that remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Other of plaintiffs' objections to transfer are based on the ground that transfer would be inconvenient or economically burdensome. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We observe that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.*, Fed.R.Civ.P. 45(c). Furthermore, the judicious use of liaison counsel, lead counsel and committees of counsel will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Third*, §20.22 (1995). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation*, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

Certain plaintiffs also assert that the approval of a class action settlement in MDL-1091 now obviates the need for further Section 1407 transfers in this docket. We disagree, for a significant number of the remaining actions centralized by the Panel in this docket in the transferee district have been brought by opt-out litigants or other persons not covered under the settlement. Those actions will require common discovery and will still need and benefit from Section 1407 centralization.

Finally, to any parties who believe that the uniqueness of their particular situation or the type of their claims renders inclusion of their action in MDL-1091 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 181 F.R.D. at 11-13.

ML00012142

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the eight above-captioned actions be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donetta W. Ambrose for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman





FEB - 7 2000

FILED
CLERK'S OFFICE

## DOCKET NO. 1091

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE THE METROPOLITAN LIFE INSURANCE COMPANY SALES PRACTICES LITIGATION

*Robert M. Harrington, et al. v. Metropolitan Life Insurance Co., et al.*, M.D. Alabama, C.A. No. 2:99-1216
*Rebecca A. Smith v. Metropolitan Life Insurance & Annuity Co., et al.*, N.D. Alabama, C.A. No. 1:99-2825

## BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998), by plaintiffs in the above-captioned actions (*Harrington* and *Smith*, respectively) to vacate the Panel's orders conditionally transferring the actions to the Western District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Donetta W. Ambrose. Defendant Metropolitan Life Insurance Co. (MetLife), along with a MetLife affiliate and the individual agent sued in *Smith*, supports transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Harrington* and *Smith* involve common questions of fact with actions in this litigation previously transferred to the Western District of Pennsylvania, and that transfer of the two actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of *Harrington* and *Smith* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Western District of Pennsylvania was the proper forum for actions involving allegations that deceptive life insurance sales practices occurred or were encouraged as part of MetLife schemes or courses of conduct. *See In re The Metropolitan Life Insurance Company Sales Practices Litigation*, MDL-1091 (J.P.M.L. February 20, 1996) (unpublished order).

Plaintiffs premise a substantial part of their opposition to transfer on the pendency in their actions of motions to remand to state court. They urge the Panel not to order transfer before their

ML00012772

- 2 -

motions are resolved by the transferor court. We note, however, that remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Other of plaintiffs' objections to transfer are based on the ground that transfer would be inconvenient or economically burdensome. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We observe that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.*, Fed.R.Civ.P. 45(c). Furthermore, the judicious use of liaison counsel, lead counsel and committees of counsel will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Third*, §20.22 (1995). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation*, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

Finally, to any plaintiffs who believe that the uniqueness of their particular situation or the type of their claims renders inclusion of their action in MDL-1091 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 181 F.R.D. at 11-13.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *Robert M. Harrington, et al. v. Metropolitan Life Insurance Co., et al.*, M.D. Alabama, C.A. No. 2:99-1218; and *Rebecca A. Smith v. Metropolitan Life Insurance & Annuity Co., et al.*, N.D. Alabama, C.A. No. 1:99-2825, be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donetta W. Ambrose for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

ML00012773