**8751**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 1 2006

FILED
CLERK'S OFFICE

## IN THE UNITED STATES OF AMERICA

## JUDICIAL PANEL ON MULTI DISTRICT LITIGATION

IN RE:  MDL 875

IN RE:  ASBESTOS PRODUCTS LIABILITY

IN RE:  BEATRICE CHIASSON V. HONEYWELL, ET AL.
      ED LA CA 2:05-5221

### OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER

      Plaintiffs have filed a pleading entitled "Motion to Vacate Conditional Transfer Order". This intent of their motion is unclear.

      Plaintiffs ask this MDL Panel to vacate a transfer order, arguing that the local transferor court (Eastern District of Louisiana) still has pending before it plaintiffs' Motion to Remand to state court.  Plaintiffs correctly point out that the Eastern District of Louisiana has not yet rendered a decision on the Motion to Remand.

      Despite the fact that their motion is only styled as a "Motion to Vacate Conditional Transfer Order", plaintiffs also to ask this panel to issue an order remanding the entire case to state court, and argue in support of their Motion to Remand.  Defendants do not know if the MDL will consider arguments related to the substance of the Motion to Remand, or instead withhold a decision on the transfer issue, pending the district court's resolution of the remand issue.  Out of an abundance of caution, and given the severely one-sided nature of plaintiffs' arguments, Honeywell attaches and files here the defendants' original and supplemental memoranda in opposition to plaintiffs' Motion to Remand.

# OFFICIAL FILE COPY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 21 2006

FILED
CLERK'S OFFICE

Respectfully submitted,

_____
ERIC SHUMAN (2107)
MCGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, LA 70130
Telephone:  (504) 586-1200
Facsimile:  (504) 596-2833
ATTORNEYS for HONEYWELL
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I certify that on this 21 day of March, 2006 a copy of the foregoing has been served upon all known counsel of record by depositing a copy of same into the United States mail, postage prepaid and properly addressed.

_____
ERIC SHUMAN

**PANEL SERVICE LIST (Excerpted from CTO-257)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al.*, E.D. Louisiana, C.A. No. 2:05-5221

Julie A. Ardoin
Murray Law Firm
909 Poydras Street
Suite 2550, LL&E Tower
New Orleans, LA 70112-4000

Troy N. Bell
Aultman, Tyner & Ruffin, Ltd.
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Gregory E. Bodin
Taylor, Porter, Brooks & Phillips
P.O. Box 2471
Baton Rouge, LA 70821

Pamela W. Carter
Baker, Donelson, Bearman,
Caldwell & Berkowtiz
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Robert Scott Eitel
U.S. Department of Education
Office of General Counsel
400 Maryland Avenue, S.W.
Washington, DC 20202

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John Joseph Hainkel III
Frilot, Partridge, Kohnke &
Clements, LC
Energy Center, Suite 3600
1100 Poydras Street
New Orleans, LA 70163-3600

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jennifer S. Kilpatrick
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Joseph E. Kilpatrick Jr.
Kilpatrick, Williams & Meeks
500 Broadway Place
Suite 404
Little Rock, AR 72201-3343

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Joseph E. Leblanc, Jr.
King, Leblanc & Bland, LLP
7500 San Felipe
Suite 800
Houston, TX 77063

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Robert E. Paul
Paul, Reich & Myers, P.C.
1608 Walnut Street
Suite 500
Philadelphia, PA 19103

Janika D. Polk
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Michael D. Roche
King, Leblanc & Bland, LLP
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Mark Powell Seyler
Barkley & Thompson
1515 Poydras Street
Suite 2350
New Orleans, LA 70112

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Emmett C. Sole
Stockwell, Sievert, Viccellio, et al.
First National Bank Building
One Lakeside Plaza, Suite 400
P.O. Box 2900
Lake Charles, LA 70602

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Elizabeth S. Wheeler
King, Leblanc & Bland, LLP
201 St. Charles Avenue
Suite 3800
New Orleans, LA 70170

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 21 2006

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEATRICE M. CHIASSON, individually and on behalf of her deceased husband, DONALD J. CHIASSON, SR., et al. | * * * * | CIVIL ACTION NO: 05-5221 |
| | | SECTION: "C" |
| VERSUS | * * | MAGISTRATE: 3 |
| HONEYWELL INTERNATIONAL INC., et al. | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FORD MOTOR COMPANY, GENERAL MOTORS CORPORATION AND HONEYWELL INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND <u>MOTION TO ADD DEFENDANTS</u>

Plaintiffs have merged a Motion to Remand with a Federal Rules of Civil Procedure, Rule 15, Motion to Amend. Absent a grant of the desired amendment, the Motion to Remand can only deal with the case in its current posture,[1] therefore, defendants first address remand, and then the motion to amend.

In short, plaintiffs are confused about the foundation for removal and basic principles of corporate law, and ignore clear Fifth Circuit law. As a result, their existing and proposed claims against the non-diverse defendants fail as a matter of law, or fall woefully short of the mandatory showing in fact.

---

[1] *Lincoln Property Co., et al v. Christopher Roche*, et al, 125 S.Ct. 1398, (U.S. 2005).

**I.      The Motion to Remand Should be Denied**

      **A.      As a matter of law neither Sidney's Texaco, Inc., the pre-corporate "Sidney's", nor the named individuals can be liable .**

Fraudulent joinder occurs where a plaintiff includes residents of the forum state as defendants to defeat removal.[2]  A diverse defendant can overcome fraudulent joinder by showing the "inability of plaintiff to establish a cause of action against the non-diverse party in state court."[3]

It is completely settled under Louisiana's workers compensation law, that an employer and its employees enjoy workers compensation law immunity to employee tort suits, no matter what the disease, for asbestos arising from exposures the employee encountered after 1975.[4] This negates any possible showing that the corporate entity "Sidney's Texaco, Inc.," which did not exist until 1987, can be held directly liable for the claimed exposures.

While every Louisiana circuit agrees that employers are immune from torts claiming causation due to asbestos exposures occurring *after* 1975, there is a split in the state circuits as to claims arising from exposures predating the 1975 amendments to the worker's compensation statute.  Hence, plaintiffs here and elsewhere will argue that an employer can be held liable for an employee's mesothelioma based on exposures he or she encountered prior to 1975, because mesothelioma was not listed by name as a covered disease in the pre-1975 workers compensation statute; and the former statute did not expressly state that all asbestos-related diseases were covered.

---

[2] *Hampton v. Harris*, 1997 WL 102474 (N.D. Tex.).
[3] *Travis*, 326 F. 3d 644, 647 (5 th Cir. 2003).
[4] *Austin v. Abney Mills, Inc.*, 2001-1598 (La. 9/4/02, 824 So.2d 1137); *see Adams v. Asbestos Corporation, Ltd, infra.*

2

However, recent and better reasoned cases establish that workers compensation immunity extends even to a pre-1975 employer.  Indeed, in <u>Adams v. Asbestos Corporation, Ltd.</u>,[5] the Court affirmed that "asbestos is a covered pathogen under the 1952 version of La. R.S. 23:1031, which first provided workers compensation coverage for occupational diseases," and thus held that employers had workers compensation immunity to claimed asbestos exposures occurring as far back as 1952.  The Fifth Circuit Court of Appeals, in <u>Brunet v. Avondale Industries, Inc.</u>,[6] concurred with the Second Circuit.

> We consider persuasive the fact that asbestosis, an occupational disease caused by asbestos exposure, is included as a compensable occupational disease....Given the focus of the workers compensation scheme, which is to cover employees who are injured in the course and scope of their employment ..., it is *not* logical that the legislature intended to provide coverage for only some of the workers made sick from asbestos exposure, and not others.[7]

*Chiasson* was filed in Jefferson Parish, which falls within the jurisdiction of the Louisiana Fifth Circuit Court of Appeals, therefore, this issue would, per *Erie*, be governed by *Brunet*.[8]

In summary, Mr. Chiasson's alleged exposures at Sidney's from 1958 through to 1997 cannot give rise to <u>any</u> liability on the part of his employers, individually or under any form, as a matter of law.[9]

---

[5] No. 39-954 (La. App. 2 Cir. 10/28/05), 2005 WL 2810684.

[6] 99-1354 (La. App. 5 Cir. 12/5/00), 772 So.2d 974, **29-30 *writ not considered* 2001-0171 (La. 3/23/02), 787 So.2d 1006, *reconsideration denied* 2001-0171 (La. 5/11/01), 792 So.2d 7.

[7] 772 So.2d at 983.

[8] *Adams* and *Brunet* declined to follow *Gautreaux v. Rheem Mfg. Co.*, 96-2193 (La. App. 4 Cir. 12/27/96), 694 So.2d 977, writ denied 97-0222 (La. 3/14/97), 690 So.2d 39; *Thomas v. Armstrong World Industries, Inc.*, 95-2222 (La. App. 1 Cir. 6/28/96), 676 So.2d 1185, writ denied 96-1965 (La. 11/1/96) 681 So.2d 1272; *Callaway v. Anco Insulation, Inc.*, 98-0397 (La. App 4 Cir. 3/25/98) 714 So.2d 730, writ denied 98-1034 (La. 11/19/99, 749 So.2d 666; and *Johnson v. Ashland Oil, Inc.*, 96-0323 (La. App. 1 Cir. 12/20/96), 684 So.2d 1156, writ denied 97-0206 (La. 3/14/97), 690 So.2d 37.

[9] Irrespective of worker's compensation immunity, Sidney's Texaco, Inc. cannot be liable as the successor to individual obligations of its individual officers. This would conflict with a fundamental rationale for the existence of corporations. *Robinson v. Heard*, 2001-1697 (La. 2/26/02), 809 So.2d 943, 945, *citing* C.C. Art. 24. ("The personality of a juridical person is distinct from that of its members"); La. C.C.P. Art. 736 ("A person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business."). Louisiana courts adhere to these distinctions. *Nichols Construction Corp. v. Spell*, 315 So.2d 801, 804 (La. App. 1 Cir. 1975) (corporation formed four months after accident used the same equipment

### B.   Eagle, Inc. is not a proper party

While this is hardly the first time that a plaintiff has tried to join a local contractor to circumvent federal jurisdiction, it may be the most thinly supported.

Diversity jurisdiction and the ability to affect removal in accordance with 28 U.S.C. § 1441(b) cannot be destroyed by joinder of a defendant who is a citizen of the forum states, if such joinder is fraudulent.[10]

As stated in *Landers v. Midland National Life Insurance*:[11]

> [I]t is axiomatic that where a plaintiff's complaint is devoid of any factual allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated. Failure to specify a factual basis for recovery against a non-diverse party, therefore, constitutes a fraudulent joinder of that party.[12]

The United States Court of Appeals for the Fifth Circuit places a *duty* on plaintiffs to plead specific facts.[13] Yet, in the case at bar, Plaintiffs' Petition is completely void of *any* factual allegations against Eagle. Inc. ("Eagle"). Aside from the caption, Eagle's name is noticeably

---

and performed the same jobs as an individual "doing business as" under company name; corporation's exception of no cause/no right of action to claim arising during the "d/b/a" period was maintained). *Welch v. Furman*, 496 So.2d 484 (La. App. 1 Cir. 1986) (though corporation filed articles of incorporation three weeks prior to a contract date, it was not the proper defendant in an action on the contract where corporation formally came into existence through issuance of the certificate of incorporation fourteen days after the contract was executed); *see also Tomeny v. Boykin*, 391 So.2d 85 (La. App. 4 Cir. 1980).

[10] *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (non-diversity will not destroy diversity jurisdiction where Plaintiffs fraudulently joined the non-diverse defendants). Fraudulent joinder is alleged in the context of joining a party where there is no possibility of recovery in state court, on the facts alleged. *Warren v. Cooper Tire & Rubber Company*, 2002 WL 31050989 (N.D. Miss.). *Smallwood v. Illinois*, 352 F. 3d, 222-223 (5th Cir. 2003).

[11] *Landers v. Midland National Life Insurance*, 2002 WL 31371948, at *3 (N.D. Miss.) (citations omitted).

[12] *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 2004 WL 911796, at *3 (5th Cir.).

[13] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992); *See also, Serros v. Columbia Universal Life Insurance Co.*, 2001 WL 1530358 at *5 (N.D. Miss.). (Although, an unreported opinion of the United States District Court for the Northern District of Texas has "suggested" that the United States Court of Appeals for the Fifth Circuit's specific fact pleading requirement may no longer be applicable following the United States Supreme Court's opinion in *Swierkiewicz v. Sorema N. A.*, 122 S.Ct. 992 (U.S. 2002), *Swierkiewicz's* holding is expressly limited to employment discrimination cases. Further, far more facts were pleaded in Mr. Swierkiewicz's Complaint such that defendant had specific notice of the specific events giving rise to the Complaint, and the cases did not involve allegations of fraudulent joinder. *Morgan v. City of Waco*, 2002 WL 1776935 (N.D. Tex.)).

absent from Plaintiffs' Petition. Indeed, while plaintiffs identify each and every other defendant, paragraph by paragraph, Eagle is never mentioned

A plaintiff must do much more than just include a resident defendant's name in the caption and note that "discovery is in its early stages." Plaintiffs must show some "reasonable basis" to recover against Eagle.[14]  In *Travis v. Irby*, the United States Court of Appeals for the Fifth Circuit stated as follows:

> Plaintiffs appear to argue that *any mere theoretical possibility* of recovery under local law – no matter how remote or fanciful– suffices to preclude removal. We reject this contention. As cited authorities reflect, there must at least be arguably a *reasonable basis* for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder.[15]

The Chiasson plaintiffs candidly rely on the notion that, if they show even a *speculative possibility* that a party might be held liable, that party is properly joined. But in *Hornbuckle v. State Farm Lloyds*,[16] the United States Court of Appeal for the Fifth Circuit again took pains to find that a remand order was incorrect, where plaintiff had failed "to bring forward any substantial evidence to support a claim" against the resident defendant. Rather, where factual issues are determinative in remand motions, *Hornbuckle* distinctly tells district courts to utilize the burden of proof shifting requirements used for summary judgment procedures.[17]  Plaintiffs fail to carry their burden when "[a]ll the plaintiff has done in his petition is make conclusory allegations or legal conclusions put forward as factual findings which do not go toward establishing a cause of action." Mosley v. Trinity Industries, Inc., No. 97-3468, 1998 U.S. Dist. Lexis 2197 (2/20/98).

---

[14] *Travis v. Irby*, 326 F.3d 644 (5 Cir. 2003).

[15] Id. at 644, citing *Badon v. R J R Nabisco, Inc.* 236 F.3d 282, 286 n.4 (5 Cir. 2000)(emphasis by the Court).

[16] 385 F.3d 538 (5 Cir. 2004).

[17] Judge Feldman utilized an incorrect standard in *Cusimano*, in which Honeywell and its undersigned counsel were a party to. Because his remand could not be reviewed "by appeal or otherwise'" [28 USC 1447(d)] it would have been futile, and arguably violative of FRCP 11, to ask him to revisit the order, or to have sought Fifth Circuit review.

Here, plaintiffs make *no allegations* against Eagle -- it is merely a name in the caption.  In defense of their so-called claim, plaintiffs merely suggest that Eagle -- one of numerous local insulation companies -- "may have" installed asbestos containing insulation at Hycalog, where Mr. Chiasson worked.[18]  It is clear that the Fifth Circuit will not endorse a remand based on wishful thinking.  More unequivocally, Federal Rules of Civil Procedure, Rule 11, rejects plaintiffs' "shoot first -- ask questions later" format.[19]

Further, without good cause, plaintiffs have yet to even request service on this resident defendant over two hundred days after this matter was filed.  Eagle has not been properly made a defendant in this action and its citizenship should not be considered.  However, should this Court determine that Eagle has been properly made a defendant, Eagle should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for plaintiff's failure to effect service within 120 days "after the Complaint was filed."

### C.   The Notice of Removal was timely filed.

This is an unusual situation.  The original case stated in plaintiffs' Petition for Damages and Wrongful Death was not removable pursuant to this Court's 28 U.S.C. § 1332 jurisdiction because of the claims asserted against local defendant, CarQuest Auto Parts of Marrero, Louisiana, Inc. ("CarQuest").  However, on August 8, 2005, plaintiffs and CarQuest filed a joint motion dismissing all claims against CarQuest without prejudice,[20] thereby rendering this case removable.

> "If the case stated in the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or

---

[18] *See* Plaintiff's Motion to Remand and Add Additional Defendants, § IV. C.

[19] One could suggest that the inclusion of Eagle, despite plaintiffs' confessed inability to link that company to Mr. Chiasson, constitutes actual fraud in the pleading of jurisdictional facts:  "A 'fact' is defined as "something that actually exists; an aspect of reality."  Black's Law Dictionary (8th ed. 2004), *cited in* Rodriguez v. Casa Chapa S.A., 2005 U.S. Dist. Lexis 21885 (W.D. Tx 9/22/05).

[20] See Motion for Partial Dismissal Without Prejudice, attached hereto as Exhibit "A."

6

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable..."[21]

The thirty-day period expired on September 7, 2005. However, due to the impact of Hurricane Katrina, this Court was closed during the time on which this Notice of Removal came due. On September 1, 2005, this court issued an Order suspending all deadlines and delays until further notice. Defendants' Notice of Removal was promptly filed on November 1, 2005, the date on which this Court re-opened for "normal" business. Accordingly, due to the notice of the dismissal of local defendant CarQuest, and in consideration of this Court's September 1, 2005 Order, Defendants' Notice of Removal was timely filed under 28 U.S.C. § 1446 (b).

## II.     The Motion to Amend/add new parties should be denied.

"Clever pleading, of course, is neither unethical nor illegal -- it is, in fact, good lawyering. But good lawyering should not defeat good judging, which requires a court to call things as it sees them".[22]

A district court faced with an amended pleading naming new non-diverse defendants should scrutinize that amendment more closely than an ordinary amendment, and consider four factors: 1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; 2) whether the plaintiff has been dilatory in asking for an amendment; 3) whether the plaintiff will be significantly injured if the amendment is not allowed; and 4) any other factors bearing on the equities.[23]

In a vague argument, plaintiffs assert that various members of the Bourgeois family, as "executive officers" of pre-incorporated and incorporated Sidney's Texaco, are proper resident

---

[21] 28 U.S.C. § 1446 (b) (2005).

[22] *Linnin v. Michielsens*, 2005 US Dist Lexis 11335 at p. 34 (E.D. Va. Norfolk Division   6/1/05).

[23] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5 Cir. 1987), *cert. denied* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed. 2d 108 (1989).

7

defendants.[24] The substantive non-liability of the named individuals, as addressed above, applies equally to the Motion to Amend. Since there is no reasonable possibility that the named individuals could be liable to the heirs of their former employee, the amendment would be futile.[25]

Clearly, the first and second Hensgens factors outweigh any other considerations. It is obvious that the purpose of the amendment is to defeat federal jurisdiction. And there is no reason why plaintiff could not have sued Joseph or Elaine Bourgeois at the outset. No discovery has taken place in this case, but rather, it is known that plaintiffs' counsel has obtained information from the late Donald Chiasson's brother, Leroy Chiasson, who also worked at Sidney's. Leroy was proffered by plaintiffs' counsel for a perpetuation deposition at the very outset of the litigation, even before service on all parties was accomplished, and of course, knew about Joseph (Sidney's brother) and Elaine Bourgeois (Sidney's widow) all along. "In cases applying the Hensgens factors, when the plaintiff knew about the non-diverse party's activities at the time the suit was originally brought in state court, but still chose not to include that party as

---

[24] *See* Plaintiff's Motion to Remand and Add Additional Defendnats, § IV. A.

[25] Executive officer liability was explained in *Scott v. Wal-Mart Stores, Inc.*, No. 91-1051, 1991 U.S. Dist. Lexis 7303 (5/28/91):

> It is a well-settled principle of law in Louisiana that if an employee of a corporation through his or her fault injures a party to whom he or she owes a personal duty, the employee is liable personally to the injured third party. Individual liability can be placed upon an employee if the following criteria is satisfied 1) the employer must owe a duty of care to the third person; 2) this duty is delegated by the employer to the particular employee; and 3) the employee breached this duty through his or her personal fault. However, "personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for the performance of some function of the employment. He must have a personal duty towards the injured plaintiff, a breach of which specifically has caused the plaintiff's damages." (citations omitted).

No such showing has been attempted as to Joseph and Elaine Bourgeois: plaintiffs recite categorical legal conclusions.

8

an original defendant, courts have viewed any later attempt to add the non-diverse party as a defendant as nothing more than an attempt to destroy diversity."[26]

## III.    Conclusion

The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability.[27] This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one.[28] Here, plaintiffs have not proffered any law or evidence to supplement their contentions, and defendant's contentions remain undisputed.[29] Accordingly, Plaintiffs' Motion to Remand and Add Defendants must be denied.

Respectfully Submitted,

_____
**LAWRENCE E. ABBOTT #2276**
**DEBORAH D. KUCHLER #17013**
**SARAH E. IIAMS #22418**
**JOSEPH H. HART, IV #21434**
**JANIKA D. POLK #27608**
400 Lafayette Street Suite 200
New Orleans, Louisiana 70130
Telephone:  (504) 568-9393
**Attorneys for Defendants,**
**General Motors Corporation and**
**Ford Motor Company**

_____
**ERIC SHUMAN #2107**
**MCGLINCHEY STAFFORD, PLLC**
643 Magazine Street
New Orleans, Louisiana 70130
Telephone:  (504) 586-1200
**Attorneys for Honeywell**
**International, Inc.**

---

[26] In re Norplant Contraceptive Products Liability Litigation, 898 F. Supp. 433, 435 (E.D. Tex 1995).

[27] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

[28] *Id.*; Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000) (rejecting contention that theoretical possibility of recovery is enough to support no fraudulent joinder, citing "reasonable basis" standard); Griggs, 181 F.3d at 701 ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist".) Ross v. Citifinancial, Inc., 2003 U.S. App. Lexis 18068 (5 Cir. 8/29/03).

[29] *Jackson v. Pneumatic Production Corp*, 2001 U.S. Dist. Lexis 18264 (E.D. La. 10/25/01), *citing Bruno v. Witco Corp.*, 2000 U.S. Dist. LEXIS 3340, 2000 WL 275807 (E.D. La. 3/10/00).

9

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that I have on this 13th day of December, 2005, served the

foregoing pleading on Plaintiff's counsel of record by placing a copy of same in the United States

Mail, properly addressed and first class postage prepaid, by facsimile or by hand delivery and to

all know defense counsel of record via electronic mail.

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEATRICE M. CHIASSON, individually and on behalf of her deceased husband, DONALD J. CHIASSON, et al. | * CIVIL ACTION NO. 05-5221 |
| Plaintiff, | * SECTION "C" |
| | * MAGISTRATE 3 |
| VERSUS | * |
| HONEYWELL INTERNATIONAL, et al. | * |
| Defendant. | * |

\* \* \* \* \* \* \* \*

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION TO MOTION TO REMAND and OPPOSITION TO "MOTION TO ADD DEFENDANTS"

For reasons stated in the attached memorandum in support, defendant, Honeywell International requests leave to file a two page supplemental memorandum, addressing a Louisiana Supreme Court case raised for the first time in plaintiffs' Reply Memorandum.

Respectfully submitted,

_____
ERIC SHUMAN (2107)
MCGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2833
ATTORNEYS for HONEYWELL
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by either facsimile, hand delivery, or placing same in the U.S. Mail, postage prepaid, on this 22nd day of December, 2005.

_____
ERIC SHUMAN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEATRICE M. CHIASSON, individually and on behalf of her deceased husband, DONALD J. CHIASSON, et al. | CIVIL ACTION NO. 05-5221 |
| | SECTION "C" |
| Plaintiff, | MAGISTRATE 3 |
| VERSUS | |
| HONEYWELL INTERNATIONAL, et al. | |
| Defendant. | |
| *   *   *   *   *   *   *   * | |

### MEMORANDUM in support of MOTION FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION TO MOTION TO REMAND and OPPOSITION TO "MOTION TO ADD DEFENDANTS"

Plaintiffs' Reply mistakenly asserts that defendants incorrectly relied on certain Louisiana appellate decisions.  Defendant requests leave to file a two page supplemental memorandum, addressing one Louisiana Supreme Court case, raised for the first time in plaintiffs' Reply, to point out that plaintiffs' argument is completely misplaced.

Respectfully submitted,

_____
ERIC SHUMAN (2107)
MCGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, LA 70130
Telephone:  (504) 586-1200
Facsimile:  (504) 596-2833
ATTORNEYS for HONEYWELL
INTERNATIONAL, INC.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by either facsimile, hand delivery, or placing same in the U.S. Mail, postage prepaid, on this 22nd day of December, 2005.

_____
ERIC SHUMAN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEATRICE M. CHIASSON, individually and on behalf of her deceased husband, DONALD J. CHIASSON, et al. | * * * * | CIVIL ACTION NO. 05-5221 |
| | | SECTION "C" |
| Plaintiff, | * * | MAGISTRATE 3 |
| VERSUS | * | |
| HONEYWELL INTERNATIONAL, et al. | * * | |
| Defendant. | * | |
| *    *    *    *    *    *    *    * | | |

## <u>ORDER</u>

Considering the foregoing Motion and Memorandum:

**IT IS HEREBY ORDERED** that defendant, Honeywell International be granted leave to file a supplemental opposition to motion to remand and opposition to "motion to add defendants."

NEW ORLEANS, LOUISIANA, this _____ day of _____, 2005.

_____
J U D G E

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEATRICE M. CHIASSON, individually and on behalf of her deceased husband, DONALD J. CHIASSON, et al. | *<br>*<br>*<br>*    CIVIL ACTION NO. 05-5221 |
| **Plaintiff,** | *    SECTION "C"<br>*<br>*    MAGISTRATE 3 |
| **VERSUS** | *<br>* |
| HONEYWELL INTERNATIONAL, et al. | *<br>* |
| **Defendant.** | * |

\*    \*    \*    \*    \*    \*    \*    \*

## SUPPLEMENTAL OPPOSITION TO MOTION TO REMAND and OPPOSITION TO "MOTION TO ADD DEFENDANTS"

Plaintiffs' Reply asserts that defendants incorrectly relied on certain Louisiana appellate decisions for the proposition that mesothelioma is covered under all applicable worker's compensation regimes in Louisiana, which insures the tort immunity of all of the "Sidney's" entities in this case. Specifically, plaintiffs argue that Adams v. Asbestos Corporation, Ltd., No. 39-954 (La. App. 2 Cir. 10/28/05), 2005 WL 2810684 and Brunet v. Avondale Industries, Inc., 99-1354 (La. App. 5 Cir. 12/5/00), 772 So.2d 974, *writ not considered* 2001-0171 (La. 3/23/02), 787 So.2d 1006, *reconsideration denied* 2001-0171 (La. 5/11/01), 792 So.2d 7 are inconsistent or overruled by Austin v. Abney Mills, 2001-1598 (La. 9/4/02), 824 So.2d.

However, a plain reading of Austin demonstrates that their argument is completely misplaced.

The Austin Court decided that an employer *might* be subject to an employee's pre-1975 mesothelioma claims on a singular and entirely different basis than that relied upon by the Adams and Brunet courts. In Austin, the employer had prevailed in its argument that its worker's

compensation immunity to an employee's mesothelioma tort claim was assured as matter of law, solely because the plaintiff's cause of action arose after 1975, that being a time period where (as everyone agrees) the law unequivocally barred such tort claims.  The Supreme Court reversed, holding that the date of the employee's asbestos exposure (pre-1975) and not the date on which his illness was diagnosed (post-1975) would be the determining factor.  Id. at 1145.  The Court specifically wrote that ". . . whether mesothelioma was a covered disease prior to 1975 is not at issue here . . . ."  Id.  And *that* is the precise issue addressed by Adams and Brunet.

This was recognized by Justice Weimer, concurring in Powell v. Weaver, 2001-2937 (La. 02/07/03), 841 So.2d 742:

> . . . it must be noted that Austin does not represent the last word on the continued viability of executive officer tort suits in Louisiana. At present there exists a conflict in the courts of appeal as to whether asbestos is both an oxygen compound and a metal compound so as to render asbestos-related disease a covered occupation disease under the worker's compensation law and the sole remedy of employees suffering from such diseases". (internal citations omitted).

The only issue Austin decided was the legal question regarding the date on which a cause of action "accrued".  Given its analysis regarding the retroactive/prospective application of substantive law, the Court held that the employer defendant had failed to meet its burden with respect to its motion for summary judgment, which turned *only* on the determination of the *date* on which the cause of action arose.  Id. at 1154.

The defendants here (and the Louisiana Second Circuit in Adams) are well aware of Austin.  Adams and Brunet deal with the issue that the Supreme Court left open, namely "whether mesothelioma was a covered disease prior to 1975."  They hold that, irrespective of the

"time of accrual" issue, mesothelioma is and was a disease for which employers maintain tort immunity.

Respectfully submitted,

_____
ERIC SHUMAN (2107)
MCGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, LA 70130
Telephone:  (504) 586-1200
Facsimile:  (504) 596-2833
ATTORNEYS for HONEYWELL
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by either facsimile, hand delivery, or placing same in the U.S. Mail, postage prepaid, on this 22nd day of December, 2005.

_____
ERIC SHUMAN