

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 3 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)            CIVIL ACTION NO. MDL 875

---

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARL E. DRAKE, | ) | SDIL CAUSE NO: 05-686-GMP |
| DENNIS MONTAGUE, | ) | SDIL CAUSE NO: 05-666-WDS |
| BRIAN RITCHIE, | ) | SDIL CAUSE NO: 05-677-MJR |
| KIM W. THORP, | ) | SDIL CAUSE NO: 05-551-WDS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT, ILLINOIS CENTRAL RAILROAD COMPANY'S BRIEF OPPOSING PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Comes now, Defendant, Illinois Central Railroad Company, by and through its attorneys, Gundlach,

Lee, Eggmann, Boyle & Roessler, LLC and Robert Andrekanic, and for its Brief Opposing the Plaintiffs'

Motion to Vacate Conditional Transfer Order, CTO-258, states as follows:

### BACKGROUND

Defendant does not contest the Plaintiffs' recitation of facts.  Defendant acknowledges the Plaintiffs'

Complaints filed in the United States District Court for the Southern District of Illinois allege that Plaintiffs

sustained personal injury as a result of exposure to asbestos and asbestos-containing products, as well as

diesel exhaust, fumes, solvents, fuel, aromatic hydrocarbons, creosote and other solvents while employed

IMAGED MAR 2 3 2006          OFFICIAL FILE COPY

by the defendant.  *See Plaintiff's Complaints attached hereto as Exhibit A, B, C, and D.*  Plaintiffs'

Complaints assert claims for negligence and for damages pursuant to the Federal Employers' Liability Act,

45 U.S.C. Section 51 et seq.

## LEGAL ARGUMENT

Plaintiffs' cause of action should be transferred to the United States District Court for the Eastern

District of Pennsylvania for the reason that these actions involve common questions of fact with actions that

have been previously transferred to that court pursuant to MDL No. 875.  Transfer of these actions to the

Eastern District of Pennsylvania for inclusion in the coordinated pretrial proceedings occurring in that district

will serve the convenience of all the parties and promote the just and efficient conduct of asbestos related

litigation.  The instant actions are not so different in their facts, ably recited by Plaintiffs, and the law

governing those facts as other actions previously transferred to, disposed of or currently pending in the

Eastern District of Pennsylvania so as to bar transfer.

The primary basis for the objection to transfer is that these Complaints allege exposure to

deleterious substances other than asbestos while in the course and scope of the plaintiffs' employment with

the Defendant.  It is these other exposures that Plaintiffs argue should bar transfer.  Plaintiffs, in their Brief,

goes so far to argue "this action is not specific to asbestos, and by granting transfer Plaintiffs' diesel

exposure claim, which deserves equal importance, it will likely languish within the Mulitidistrict Litigation

docket." *See Plaintiffs' Brief at page 4.*  Yet plaintiffs concede that in MDL No. 875 this Court allowed

the transferee Court to make the decision whether the cause of action in question met the requirements for

transfer. *Id.* at page 3.  A tort victim, including actions filed pursuant to the Federal Employers Liability Act,

*supra*, can obtain only one recovery for his harm.  *Bosco v. Sherharit,* 836 F2d. 271(7th Cir. 1987).

Plaintiffs' instant actions are for damages for personal injuries based upon exposure to asbestos, as well as other substances while in defendant's employ. These exposures are so intrinsically linked with each other that they cannot be separated. For Plaintiffs to suggest that they have separate, independent claims for damages based upon exposure to asbestos and then for diesel exhaust flies in the face of established case law, the Federal Employer's Liability Act, *supra,* and the allegations of plaintiffs' Complaints.

Plaintiffs further argue the relative number of cases pending in the Eastern District of Pennsylvania versus that in the Southern District of Illinois. This argument, too, is without merit.

In this Panel's original decision establishing MDL 875, and in countless Panel Orders since seeking to vacate conditional transfer orders, this Panel has held that distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury were considered and rejected as grounds for carving out objections to transfer to the District Court for the Eastern District of Pennsylvania.

Under the stewardship of the late Judge Charles Weiner, and currently under the hand of Judge James Giles, over 75,000 actions involving asbestos related injury have been closed in the transferee district and more than a thousand actions have been returned to the originating transferor districts for disposition. It should be noted that should Judge Giles deem remand of this action to the transferor court appropriate, procedures are available to accomplish the transfer with a minimum of delay. *See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-438.* There is no doubt that Judge Giles will continue to promptly review any argument the Plaintiffs in these actions might raise for returning this transferred action and promptly do so if and when he is convinced that retention in MDL 875 proceedings is no longer warranted.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' Motion to Vacate Conditional Transfer Order, CTO-258 should be denied, and this action should be transferred to the United States District Court for the Eastern District of Pennsylvania in accordance with this Panel's prior orders.

Respectfully submitted,

ILLINOIS CENTRAL RAILROAD COMPANY

GUNDLACH,   LEE,   EGGMANN,   BOYLE   &
ROESSLER LLC
Thomas R. Peters, #06195055
Robert D. Andrekanic #06186973
5000 West Main Street
PO Box 23560
Belleville, IL  62223-0560
(618) 277-9000

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 3 2006

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached document was deposited in the United States Mail on this the _21st_ day of _March_, 2006, in Belleville, Illinois, with proper postage prepaid, addressed to each of the following with the stated address appearing on the envelope:

**Attorneys for Plaintiff**
Mr. Patrick S. O'Brien, Esq.
Rathmann & O'Brien, LLC
1031 Lami Street
St. Louis, MO 63104

**And to the attached Panel Service List**

_____
Robert D. Andrekanic

RECEIVED
CLERK'S OFFICE

2006 MAR 22  P 3: 39

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-258)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Kim Thorp v. Illinois Central Railroad,* S.D. Illinois, C.A. No. 3:05-551
  (Judge William D. Stiehl)
*Dennis Montague v. Illinois Central Railroad,* S.D. Illinois,  C.A. No. 3:05-666
  (Judge William D. Stiehl)
*Brian Ritchie v. Illinois Central Railroad,* S.D. Illinois, C.A. No. 3:05-677
  (Judge Michael J. Reagan)
*Karl E. Drake v. Illinois Central Railroad,* S.D. Illinois, C.A. No. 3:05-686
  (Judge G. Patrick Murphy)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Mark R. Kurz
Gundlach, Lee, Eggman, Boyle &
Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Patrick S. O'Brien
Rathman & O'Brien
1031 Lami Street
St. Louis, MO 63104

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406