

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 7 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS PLEADING APPLIES TO:

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL MELFORD** | **CIVIL ACTION** |
| **VERSUS** | |
| **PETER TERRITO, ET AL** | **NO. 05-1405-JVP-DLD** |

## MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Plaintiff moves this Court to vacate the Conditional Transfer Order relative to this case so that it may proceed to trial before Plaintiff dies of mesothelioma and for the reasons set forth in the accompanying memorandum.

RECEIVED
CLERK'S OFFICE
2006 MAR 24 A 11:51

OFFICIAL FILE COPY    IMAGED MAR 2 7 2006

Respectfully Submitted,

**MARTZELL & BICKFORD**

SCOTT R. BICKFORD (La. Bar. # 1165)
SPENCER R. DOODY (La. Bar # 27795)
JEFFREY M. BURG (La. Bar # 25993)
338 Lafayette Street
New Orleans, Louisiana 70130
(504)581-9065
(504)581-7635 fax
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel on the panel service list attached hereto by placing same in the United States Mail, properly addressed and postage prepaid on this the 23ʳᵈ day of March, 2006.

JEFFREY M. BURG

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 27 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS PLEADING APPLIES TO:

**UNITED STATES DISTRICT COURT**

**MIDDLE  DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL MELFORD** | **CIVIL ACTION** |
| **VERSUS** | |
| **PETER TERRITO, ET AL** | **NO. 05-1405-JVP-DLD** |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
TO VACATE CONDITIONAL TRANSFER ORDER**

MAY IT PLEASE THE COURT:

Plaintiff moves this Honorable Court to vacate the Conditional Transfer Order issued relative

to his case for the reasons set forth herein.

# FACTS

1.     Plaintiff has suffered from mesothelioma since July 2005.  Ex. A.  Mesothelioma is a asbestos-related cancer of the lung for which there is no cure.  Id.  Plaintiff's treating physician testified that Plaintiff may not survive 6 months from November 14, 2005.  Id.

2.     Plaintiff filed his lawsuit against twenty (20) defendants on November 8, 2005 who he alleges are responsible for his mesothelioma.  Ex. B.  Of these defendants, only six (6) are alleged to be asbestos manufacturers.  Id.  The remaining defendants are alleged employers (and their insurers), owners of property where plaintiff was exposed to asbestos (and their insurers), local Louisiana asbestos suppliers (and their insurers), and a trade association participant.  Id.

3.     Plaintiff served his master set of interrogatory answers on all defendants on November 8, 2005, or four (4) months ago.  Ex. C.

4.     Plaintiff gave both discovery and perpetuation depositions on December 6, 2005, or three (3) months ago.  Ex. D.

5.     Honorable Judge John V. Parker has ordered that this litigation "is referred to Magistrate Judge Docia L. Darby so that discovery may proceed on an expedited basis, looking toward an early trial date ".  Ex. E.

5.     Plaintiff served his expert disclosures and reports pursuant to Rule 26 on March 17, 2006 as required by the Middle District of Louisiana's scheduling order.  Ex. F.

6.     Plaintiff has propounded discovery to all parties from whom he needs case specific information. Ex. G.

7.      The Middle District of Louisiana has issued a scheduling order which sets forth a discovery

cutoff of June 30, 2006, or three (3) months from now.   Ex. H.

## ARGUMENT

MDL-875 was established in 1991 for the consolidation of pre-trial and settlement matters

concerning federal court asbestos cases.   The Panel stated in the July 29, 1991 Order and Opinion

establishing MDL-875 that "[t]his order does offer a great opportunity to all participants who

sincerely wish to resolve these asbestos matters fairly and with as little unnecessary expense as

possible." (Order, p. 16).   The Panel transferred the pending asbestos cases in 1991 in an attempt

to manage the enormous backlog of federal court asbestos cases through a consolidated proceeding

with the goal of fairly concluding the pending cases.   Based on the facts specific to this case, the

extant matter is not one that the Panel envisioned would be appropriate for transfer under 28 U.S.C.

§1407(a) and the Panel's Order and Opinion establishing MDL-875.

The Judicial Panel on Multidistrict Litigation's ("Panel") authority to transfer cases to MDL

is derived from 28 U.S.C. §1407(a) which states, in pertinent part, that cases "may be transferred to

any district for coordinated or consolidated pretrial proceedings...... [T]ransfers for such proceedings

will be for the convenience of parties and witnesses and will promote the just and efficient conduct

of such actions..." (Emphasis added).   The Panel has denied transfer of certain cases that are

advanced in the discovery stage and/or set for trial because the transfer of those cases would not

"promote the just and efficient conduct of these actions." In Re Multidistrict Private Civil Treble

Damage Antitrust Litigation involving Concrete Pipe, No. 12 Judicial Panel on Multidistrict

Litigation, 297 F.Supp. 1125, 1126 (1968). In In Re Concrete Pipe, the Panel declined to transfer

a pending case to multidistrict litigation for coordinated pretrial proceedings because pretrial proceedings were substantially." Id.  See also In Re Celotex Corporation 'Techniform' Products Liability Litigation, Judicial Panel on Multidistrict Litigation, 68 F.R.D. 502, 505 (1975);  In Re Ortho Pharmaceutical "Lippes Loop" Products Liability Litigation, No. 336 Judicial Panel on Multidistrict Litigation, 447 F.Supp. 1073, 1074 (1978)(The Panel vacated a show cause order finding that a transfer would not "serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation," in part, because two of the actions were advanced enough to be excluded from transfer).

I       Substantial Discovery is Complete

Applied here and as demonstrated in the recitation of facts, substantial discovery has been completed.  What has not been completed must be completed no later than June 30, 2006.  In other words, by the time the briefing schedule for the instant motion is complete and the Court makes its ruling, mere weeks will remain before the Judicial Panel is statutorily obligated to remand this case for trial.  For this reason, transfer to the Eastern District of Pennsylvania will be a brief trip at best; an exercise in futility at worse.

II      The Unique Causes of Action Coupled with the Unique Set of Defendants in this Case
        Leaves the Court With Little to "Coordinate.

Unlike asbestos suits of yesteryear, with their myriad of identical defendants and common products liability causes of action, plaintiff brought his suit against only six (6) asbestos manufacturer and five (5) asbestos suppliers.  The remaining nine (9) defendants are either alleged

employers susceptible to suit under a peculiar feature of Louisiana law[1], executive officers of employers susceptible to suit under a peculiar feature of Louisiana law, employers who are susceptible suit pursuant to the Jones Act[2], owners of premises where Plaintiff was exposed to asbestos susceptible to suit pursuant to La. C.C. 2317, or a trade association participant. For these reasons, this case bears little relation to asbestos litigation (or product liability action in general) capable of being managed – much less benefitted– by a global- type case management order or shared or coordinated discovery efforts. Judicial efficiency will best be served by allowing this case to proceed in the Middle District of Louisiana under the Case Management Order entered by Magistrate Judge Dalby. Its worth noting that Judge Parker has demonstrated his commitment to hearing this matter in light of Plaintiff's dire health condition by ordering expedited pretrial proceedings. Ex. E.

III    Justice Will Not Be Served By a Delay In This Case of Dying Plaintiff

The undersigned recognizes that a delay in judicial proceedings is not considered prejudicial *per se*. That said, Plaintiff here is nearing the end of his life. Due consideration of the justice served by Plaintiff's having this case heard while he is still alive favors allowing this case to proceed as scheduled in the Middle District. Even if handled on an expedited basis in the Eastern District of Pennsylvania and on remand by the Judicial Panel, the only evidence put forth thus far shows that the delays inherent in transfer and remand might prove fatal to Plaintiff's chance of going to trial during his lifetime. Ex. A.

---

[1]Cole or Austin

[2]Plaintiff served on oil production rigs around the globe between 1957 and 1967. Ex. B.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court vacate the Conditional

Transfer Order and allow this matter to proceed to trial in a timely manner in the United States

District Court for the Middle Eastern District of Louisiana.


Respectfully Submitted,

**MARTZELL & BICKFORD**


SCOTT R. BICKFORD (La. Bar. #1165)
SPENCER R. DOODY (La. Bar # 27795)
JEFFREY M. BURG (La. Bar # 25993)
338 Lafayette Street
New Orleans, Louisiana 70130
(504)581-9065
(504)581-7635 fax
Attorney for Plaintiff


## NOTICE

A copy of this Motion to Vacate the Conditional Transfer Order and brief in support thereof

and related documents have been served by regular mail on counsel of record for all represented

parties and upon all unrepresented parties to the above captioned action this 23rd day of March, 2006.


**JEFFREY M. BURG**
Attorney for Plaintiff

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 7 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel on the panel service list attached hereto by placing same in the United States Mail, properly addressed and postage prepaid on this *23rd* day of March, 2006.

JEFFREY M. BURG

F:\Clients\Melford, Daniel\Pleadings USDC-MDLA\opp cto.wpd

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS PLEADING APPLIES TO:

**UNITED STATES DISTRICT COURT**

**MIDDLE  DISTRICT OF LOUISIANA**

**DANIEL MELFORD**                                **CIVIL ACTION**

**VERSUS**

**PETER TERRITO, ET AL**                          **NO. 05-1405-JVP-DLD**

**<u>ORDER</u>**

Considering the foregoing;

IT IS HEREBY ORDERED THAT, the Conditional Transfer Order (CTO-259) be vacated

and this matter shall not be transferred to the Eastern District of Pennsylvania, MDL 875.

Signed this _____ day of _____ 2006 in _____, _____.

_____
U.S. District Court Judge

# INVOLVED COUNSEL LIST (CTO-259)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY PRODUCTS (NO. VI)

F. S. Aldridge III
Hunter, MacLean, Exley & Dunn
P.O. Box 9848
Savannah, GA 31412

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

John M. Anderson
Bassford Remele, PA
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402-3701

Peter G. Angelos
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Cynthia W. Antonucci
Harris Beach, LLP
805 3rd Avenue
20th Floor
New York, NY 10022

Franklin Keith Ball
Currie, Johnson, Griffin, Gaines
 & Myers
P.O. Box 750
Jackson, MS 39205-0750

Jeffrey A. Barnwell
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402

Andrew P. Bell
Law Offices of Gene Locks, LLC
110 East 55th Street
New York, NY 10022

Richard V. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Thomas P. Bernier
Segal, McCambridge, Singer
 & Mahoney, Ltd.
217 E. Redwood Street
21st Floor
Baltimore, MD 21202-3316

V. Brian Bevon
Motley Rice, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Gary A. Bezet
Kean, Miller, Hawthorne, D'Armond
One American Place
22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Scott R. Bickford
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Donaldson & Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401

Joseph C. Blanks
P.O. Drawer 999
Doucette, TX 75942

Joel M. Bondurant, Jr.
Haynsworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC 29402-0059

Howard Michael Bowers
Nexsen, Pruet, Adams, Kleemeier, LLC
205 King Street, Suite 400
P.O. Box 486
Charleston, SC 29402

John J. Boyd, Jr.
Lord & Whip, P.A.
Charles Center South
36 S Charles Street
10th Floor
Baltimore, MD 21201

A. Todd Brown
Hunton & Williams
Bank of America Plaza
101 Sout Tryon Street
Suite 3500
Charlotte, NC 28280

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

INVOLVED COUNSEL LIST (CTO-259) - MDL-875

Lawrence M. Coco, III
Carroll Bufkin Fulcher & Coco, PLLC
1700 Lelia Drive
Jackson, MS 39216
Michael T. Cole
Nelson, Mullins, Riley & Scarborough
P.O. Box 1806
Charleston, SC 29402

Randall D. Collins
Law Offices of Herschel L. Hobson
2190 Harrison Street
Beaumont, TX 77701

Keith E. Coltrain
Elmore & Wall, PA
P.O. Box 10937
Raleigh, NC 27605

John F. Conley Sr.
Glasser & Glasser, P.L.C.
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

William David Conner
Haynsworth Sinkler Boyd
75 Beattie Place
Eleventh Floor
P.O. Box 2048
Greenville, SC 29602

James H. Daigle
Lemle & Kelleher, L.L.P.
301 Main Street
Suite 1100
Baton Rouge, LA 70825

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

William S. Davies Jr.
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Building, 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

Whitney Aaron Davis
Charter Davis, LLP
1730 I Street
Suite 240
Sacramento, CA 95814

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Frank J. Deangelis
Mound, Cotton, Wollan & Greengrass
60 Park Place
NewarK, NJ 07102-5497

Steven Michael Dicker
Dicker & Dicker
300 West Adams Street
Suite 330
Chicago, IL 60606

David R. Donadio
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

Thomas F. Dougall
Law Office of Thomas F. Dougall
1713 Woodcreek Farms Road
Elgin, SC 29045

John J. Dugan
Wolf, Block, Schorr & Solis-Cohen
1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Katherine S. Duyer
Gavett & Datt, PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Theodore M. Eder
Segal, McCambridge, Singer
 & Mahoney, Ltd.
805 3rd Avenue
19th Floor
New York, NY 10022

James H. Elliott, Jr.
Barnwell, Whaley, Patterson & Helms
885 Island Park Drive
Charleston, SC 29492-0197

C. Michael Evert, Jr.
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

James J. Fabian
Pfeifer & Fabian
326 Saint Paul Place
Suite 100
Baltimore, MD 21202

S. Gene Fendler
Liskow & Lewis
One Shell Square
701 Poydras Street
Suite 5000
New Orleans, LA 70139

Phillip Ferderigos
Barnwell, Whaley, Patterson & Helms
P.O. Drawer H.
Charleston, SC 29402

Jessica D. Ferrill
Marks, O'Neill, O'Brien & Courtney, PC
600 Baltimore Avenue
Suite 305
Towson, MD 21204

John S. Fetten
Pollock, Montgomery & Chapin, P.C.
P.O. Box 013
Lamington Road
Bedminster, NJ 07921

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Barry W. Ford
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Shannon S. Frankel
Young, Moore & Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622

INVOLVED COUNSEL LIST (CTO-259) - MDL-875

Dawn E. Fulce
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens
& Cannada , PLLC
P. O. Box 22567
Jackson, MS 39225-2567

Christian H. Gannon
Segal, McCambridge, Singer
& Mahoney, Ltd.
805 3rd Avenue
New York, NY 10022

Leon Gary, Jr.
Jones, Walker, Waechter, et al.
Four United Plaza
8555 United Plaza Boulevard
5th Floor
Baton Rouge, LA 70809

Dan J. Gendreau
Rider Bennett, LLP
33 South Sixth Street
Suite 4900
Minneapolis, MN 55402

Kathleen A. Gendusa
Taylor, Porter, Brooks & Phillips
P. O. Box 2471
451 Florida Street, 8th Floor
Baton Rouge, LA 70820

James H. Gidley
Perkins & Coie
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128

Frank J. Gordon
Millberg Gordon & Stewars, PLLC
1101 Haynes Street
Suite 104
Raleigh, NC 27604

William M. Graham
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Robert V. Greenlee
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Andrew S. Halio
Halio & Halio
P.O. Box 747
Charleston, SC 29402-0747

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

Josephine H. Hicks
Parker, Poe, Adams & Bernstein
2500 Charlotte Plaza
Charlotte, NC 28244

Jonathan P. Hilbun
Montgomery, Barnett, Brown, Read.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

M. King Hill, III
Venable, LLP
Two Hopkins Plaza
Suite 1800
Baltimore, MD 21201-2978

Jeffrey J.A. Hinrichsen
Charter Davis, LLP
1730 I Street
Suite 240
Sacramento, CA 95814

Robert H. Hood
Hood Law Firm
172 Meeting Street
P.O. Box 1508
Charleston, SC 29402

James Gordon House, III
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Ralph S. Hubbard, III
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA 70130

Christopher C. Humphrey
Klett, Rooney, Lieber & Schorling
550 Broad Street
Suite 810
Newark, NJ 07102-4517

George L. Inabinet Jr
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Heather Ashman Johnson
Kean, Miller, et al.
301 Main Street
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821

Arthur Timothy Jones
Hawkins & Parnell, LLP
4000 SunTrust Plaza
300 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Thomas J. Joyce, III
Hannon & Joyce
900 Centerton Road
Mount Laurel, NJ 08054

Shawn Anton Kachmar
Hunter, MacLean, Exley & Dunn
P.O. Box 9848
200 East St. Julian Street
Savannah, GA 31412

Christopher M. Kelly
Gallivan, White & Boyd, P.A.
P.O. Box 10589
Greenville, SC 29603

Sean X. Kelly
Marks, O'Neill, O'Brien & Courtney,
PC
6981 N. Park Drive
Suite 300
Pennsauken, NJ 08109

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

Kristi D. Kennedy
Currie, Johnson, Griffin, Gaines
& Myers
P.O. Box 750
Jackson, MS 39205-0750

Matthew E. Kiely
Parker, Dumler & Kiely, LLP
200 Charles Center South
36 South Charles Street
Baltimore, MD 39201-2703

Robert D. Klein
Wharton, Levin, Ehrmantraut, Klein
& Nash
104 West Street
P.O. Box 551
Annapolis, MD 21404-0551

James H. Knight
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101-0652

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Andrew E. Kristianson
Helms, Mulliss & Wicker, PLLC
P.O. Box 27507
Raleigh, NC 27507

Deborah D. Kuchler
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

Arnold C. Lakind
Szaferman, Lakind, Blumstein, Watter
& Blader
Quaker Bridge Executive Center
101 Grovers Mill Road
Suite 104
Lawrenceville, NJ 08648

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher K. Lightfoot
Hailey, McNamara, Hall, Larmann
& Papale
One Galleria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Lynn M. Luker
Lynn Luker & Associates
3433 Magazine Street
New Orleans, LA 70115

Steven Andrew Luxton
Edwards, Burns and Krider, LLP
201 N. Charles Street
Suite 1402
Baltimore, MD 21201

Janet L. MacDonell
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Genevieve MacSteel
McGuire Woods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Christopher O. Massenburg
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Alexander J. May
Brassel & Baldwin
112 West Street
Annapolis, MD 21401

Damon G. McClain
Sedgwick, Detert, Moran & Arnold
One Market Plaza
Steuart Tower
8th Floor
San Francisco, CA 94105

Moffatt Grier McDonald
Haynsworth Sinkler Boyd
P.O. Box 2048
Greenville, SC 29602

R. Bruce McElhone
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street
One Charles Center
22nd Floor
Baltimore, MD 21201

Carolyn Alleen McLain
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

INVOLVED COUNSEL LIST (CTO-259) - MDL-875

Charles E. McLeod
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Edward W. Mizell
Butler, Snow, O'Mara, Stevens
& Cannada , PLLC
P. O. Box 22567
Jackson, MS 39225-2567

Willard J. Moody, Jr.
Moody, Strople, Kloeppel, et al.
500 Crawford Street
Commerce Bank Bldg., Suite 300
P.O. Box 1138
Portsmouth, VA 23705

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

David K. Nelson
Kean, Miller, Hawthorne, D'Armond.
One American Place
22nd Floor
P.O. Box 3513
Baton Rouge, LA 70825-3513

Scott A. Niebling
Brayton Purcell, LLP
621 S.W. Morrison
Suite 955
Portland, OR 97205

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

Alison E. O'Neal
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Steven W. Ouzts
Turner, Padget, Graham & Laney, PA
P.O. Box 1473
Columbia, SC 29202

Peter T. Paladino, Jr.
Goldberg Persky Jennings & White
Ketchum Center, 3rd Floor
1030 5th Avenue
Pittsburgh, PA 15219

Steven J. Parrott
Parrott Firm
36 South Charles Street
Suite 1300
Baltimore, MD 21201

Donald C. Partridge
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Lisa M. Pascarella
Pehlivanian & Braaten, LLC
2430 Route 34
P.O. Box 648
Manasquan, NJ 08736

Malcolm R. Patterson
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Monica F. Patterson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Edward R. Paul
Paul, Durham, James, Flandreau, et al.
320 West Front Street
P.O. Box D
Media, PA 19063

Timothy Peck
Smith Moore LLP
P.O. Box 21927
Greensboro, NC 27420

Richard M. Perles
Lee, Futrell & Perles, LLP
201 St. Charles Avenue
Suite 2409
New Orleans, LA 70170

Douglas B. Pfeiffer
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487

Robert John Phocas
Womble, Carlyle, Sandridge & Rice
301 S. College Street
3300 One First Union Center
Charlotte, NC 28202

Andrew L. Plauche Jr.
Plauche, Maselli, Landry & Parkerson
201 St. Charles Avenue
Suite 4240
New Orleans, LA 70170-4240

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones
& Hawn
999 Westview Drive
Hastings, MN 55033-2495

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Lawrence G. Pugh III
Montgomery, Barnett, Brown, Read.
1100 Poydras Street
3200 Energy Centre
New Orleans, LA 70163-3200

Steven J. Pugh
Richarson, Plowden, Carpenter
& Robinson, PA
P.O. Drawer 7788
Columbia, SC 29202

David J. Quigg
Mccarter & English, LLP
300 E. Lombard Street
Suite 1000
Baltimore, MD 21202

R. Thomas Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

Giovanni Regina
Waters, McPherson, McNeill, P.C.
233 Broadway
Suite 970
New York, NY 10279

Giovanni Regina
Waters, McPherson, McNeill, P.C.
300 Lighting Way
Secaucus, NJ 07096

Vincent F. Reilly
Reilly, Janiczek & McDevitt, P.C.
Kevon Office Center, Suite 240
2500 McClellan Boulevard
Pennsauken, NJ 09109

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Joseph A. Rhodes, Jr.
Ogletree, Deakins, Nash, Smoak
 & Stewart
P.O. Box 2757
Greenville, SC 29602

Jonathan G. Roquemore
Turner, Padget, Graham & Laney, PA
P.O. Box 1473
Columbia, SC 29202

Samuel M. Rosamond, III
Crawford Lewis, PLLC
400 Poydras Street
Suite 2100
New Orleans, LA 70130

Gerolyn Roussel
Roussel & Roussel
1710 Cannes Drive
Laplace, LA 70068

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Michael W. Rutledge
Spyridon, Koch & Palermo, LLC
Three Lakeway Center, Suite 3010
3838 N. Causeway Blvd.
Metairie, LA 70002

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Dan Shaked
Shaked & Posner
225 West 34th Street
Suite 705
New York, NY 10122

Scott D. Shellenberger
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
22nd. Floor
Baltimore, MD 21201-3804

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

William B. Stewart
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew R. Straus
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

Robert W. Sullivan
Segal, McCambridge, Singer
& Mahoney, Ltd.
217 E. Redwood Street
21st Floor
Baltimore, MD 21202-3316

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

Jennifer M. Techman
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Mark S. Thomas
Maupin, Taylor, PA
P.O. Drawer 19764
Raleigh, NC 27619-9764

Michael P. Thornton
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

John T. Tierney, III
Goldberg, Persky & White, PC
1030 Fifth Avenue
Pittsburgh, PA 15219

Patrick T. Tierney
Collins, Buckley, Sauntry & Haugh
West 1100 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101

Tracy E. Tomlin
Nelson, Mullins, Riley & Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

David G. Traylor, Jr.
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Building, 3rd Floor
P.O. Box 11070
Columbia, SC 29211

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

John E. Wade, Jr.
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

Herbert I. Waldman
Nagel, Rice & Mazie, LLP
301 South Livingston Avenue
Suite 201
Livingston, NJ 07039-3373

Mark Hedderman Wall
Elmore & Wall
P.O. Box 1200
Charleston, SC 29402

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Henry N. Ware, Jr.
Spotts Fain, PC
411 E Franklin St
P.O. Box 1555
Richmond, VA 23218-1555

Louis H. Watson, Jr.
Watson & Heidelberg
520 East Capitol Street
Jackson, MS 39201-2703

Jacob H. Wellman
Teague, Campbell, Dennis & Gorham
1621 Midtown Place
Raleigh, NC 27609-7553

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Paul A. Weykamp
Law Offices of Paul A. Weykamp
110 St. Paul Street
Suite 300
Baltimore, MD 21202

James C. White
Moore & Van Allen
P.O. Box 13706, NC 27709

Michael E. Whitehead
Page, Mannino, Peresich
 & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
 & Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA 70130

I. TImothy Zarsadias
Dean & Gibson, L.L.P.
Cameron Brown Building
Suite 900
301 South McDowell Street
Charlotte, NC 28204-2686

**A**



RECEIVED
CLERK'S OFFICE
2006 MAR 24  A 11: 50
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

<u>**AFFIDAVIT**</u>

STATE OF LOUISIANA

PARISH OF _JEFFERSON_

    I, Dr. Nagarajan Chandrasekaran, have been caring for and treating Daniel Melford for

Malignant Pleural Mesothelioma since July 2005.

    Malignant Pleural Mesothelioma is a lung cancer of the lining of the lung (or pleura) for

which there is no cure.  Based on my knowledge of the disease, it is likely that Mr. Melford may not

survive beyond six (6) months of the date of this affidavit.


                                   _Nagarajan Chandrasekaran._
                                     **Dr. Nagarajan Chandrasekaran, M.D.**


SWORN TO AND SUBSCRIBED
BEFORE ME this _14th_ day of November 2005

_Jeffrey M. Burg_
NOTARY PUBLIC
JEFFREY M. BURG 25963
F:\Clients\Melford\Daniel\Affidavit of Dr. Sekar.wpd

**B**

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO: 537873          DIVISION " "          SECTION NO: 2 6

DANIEL W. MELFORD, SR.

VERSUS

PETER TERRITO; REILLY-BENTON, INC.; EAGLE, INC.;
MCCARTYCORPORATION; TAYLOR-SEIDENBACH, INC.;UNIROYAL, INC.;
OWENS- ILLINOIS, INC.; GARLOCK INC.; RAPID AMERICAN CORPORATION;
FOSTER WHEELER CORPORATION; MURPHY EXPLORATION AND
PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL AND GAS CO.; NOBLE
DRILLING COMPANY; UNION CARBIDE CORPORATION, as successor to UNION
CARBIDE CHEMICALS AND PLASTICS COMPANY INC., as successor to UNION
CARBIDE CORPORATION, as successor to UNION CARBIDE AND CARBON
CORPORATION;  CONOCOPHILLIPS COMPANY, as successor to PHILLIPS
PETROLEUM COMPANY and/or PHILLIPS CHEMICAL HOLDING COMPANY, as
successor to DRILLING SPECIALTIES COMPANY; MONTELLO, INC.; GULF OIL
CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO CHEVRON U.S.A. INC.;
NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND AVONDALE INDUSTRIES,
INC.; TRAVELERS INSURANCE COMPANY; ONE BEACON RISK MANAGEMENT,
INC., as successor to COMMERCIAL UNION RISK MANAGEMENT, INC., as successor
to COMMERCIAL UNION INSURANCE CO., AND SHELL OIL COMPANY

FILED: _____          _____
                                                      DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, come petitioner DANIEL W.
MELFORD, SR., hereinafter referred to as "Petitioner," is a lawfully  resident of Crown Point,
Louisiana, who for a cause of action respectfully represents the following:

1.

Made Defendant is PETER TERRITO, (hereinafter "Avondale Executive Officer"), who,
for all pertinent times was an executive officer of Avondale Industries, Inc. with the specific
responsibility for the health and safety of Petitioner Daniel W. Melford, Sr., and his fellow
employees during the time Mr. Melford was exposed to the substances which resulted in his
asbestos-related diseases, including but not limited to asbestosis and mesothelioma.

2.

Made Defendant, REILLY-BENTON, INC., (hereinafter "Supplier Defendant"), is a
Louisiana based corporation licensed to do business and/or is doing business in the State of
Louisiana.

CERTIFIED TRUE COPY

3.

Made Defendant, **EAGLE, INC.** (formerly Eagle Asbestos and Packing Company), (hereinafter "**Supplier Defendant**"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana.

4.

Made Defendant, MCCARTY CORPORATION, (hereinafter "**Supplier Defendant**"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana and whose principal business establishment is East Baton Rouge Parish.

5.

Made Defendant, **TAYLOR-SEIDENBACH, INC.**, (hereinafter "**Supplier Defendant**"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana.

6.

Made Defendant, UNIROYAL, INC, (hereinafter "**Asbestos Manufacturer Defendant**"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

7.

Made Defendant, **OWENS-ILLINOIS, INC.,** (hereinafter "**Asbestos Manufacturer Defendant**") is a corporation organized under the laws of the State of Delaware which for all times pertinent hereto was doing business within the jurisdiction of this court.

8.

Made Defendant, **GARLOCK INC.**, (hereinafter "**Asbestos Manufacturer Defendant**"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

9.

Made Defendant, **RAPID AMERICAN CORPORATION** (formerly known as Philip-Carey, Inc.), (hereinafter "**Asbestos Manufacturer Defendant**"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

10.

Made Defendant, **FOSTER WHEELER CORPORATION**, (hereinafter "**Boiler Defendant**"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

11.

Made Defendant, **MURPHY EXPLORATION & PRODUCTION CO., AS SUCCESSOR TO ODECO OIL AND GAS CO. AND ODECO, INC.**, (hereinafter "**Vessel Owner Defendant**"), is a corporation organized under the laws of the State of Delaware which for all times pertinent hereto was doing business in Louisiana within the jurisdiction of this court.

12.

Made defendant herein is **NOBLE DRILLING COMPANY**, (hereinafter referred to as ("**Premise Owner Defendant**"), is a corporation organized under the laws of the State of Delaware and which is doing business with its principal business establishment in East Baton Rouge Parish.

13.

Made defendant herein is **UNION CARBIDE CORPORATION**, as successor to **UNION CARBIDE CHEMICALS AND PLASTICS COMPANY INC.**, as successor to **UNION CARBIDE CORPORATION**, as successor to **UNION CARBIDE AND CARBON CORPORATION**, (hereinafter "**Manufacturing Defendant**"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

14.

Made Defendant, **CONOCOPHILLIPS COMPANY**, as successor to **PHILLIPS PETROLEUM COMPANY** and/or **PHILLIPS CHEMICAL HOLDING COMPANY**, as successor to **DRILLING SPECIALTIES COMPANY**, (hereinafter referred to as "**Asbestos Manufacturer Defendant**"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

15.

Made Defendant, **MONTELLO, INC.**, (hereinafter referred to as "**Supplier Defendant**"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

16.

Made Defendant, GULF OIL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO CHEVRON U.S.A. INC., (hereinafter "Vessel Owner Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

17.

Made Defendant, NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC. AND AVONDALE INDUSTRIES, INC., (hereinafter "Premises Owner Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

18.

Made Defendant, TRAVELERS INSURANCE COMPANY, a foreign insurance company authorized to do and doing business in the State of Louisiana, which provided insurance to NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC. AND AVONDALE INDUSTRIES, INC. and at all time material hereto, had in full force and effect one or more primary or excess coverage policies of insurance extending coverage(s) for the matter sued for herein. This defendant is liable pursuant to Louisiana's Direct Action Statute, LA R.S. 22:655 .

19.

Made Defendant, ONE BEACON RISK MANAGEMENT, INC., as successor to COMMERCIAL UNION RISK MANAGEMENT, INC., as successor to COMMERCIAL UNION INSURANCE CO., a Louisiana insurance company authorized to do and doing business in the State of Louisiana, which provided insurance to NORTHROP GRUMMAN SHIP SYSTEMS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC. AND AVONDALE INDUSTRIES, INC. and at all time material hereto, had in full force and effect one or more primary or excess coverage policies of insurance extending coverage(s) for the matter sued for herein. This defendant is liable pursuant to Louisiana's Direct Action Statute, LA R.S. 22:655.

20.

Made defendant, **SHELL OIL COMPANY** (hereinafter **"Vessel Owner Defendant"**), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

21.

Many of the aforesaid Defendants listed are nonresident corporations in Louisiana. However, at all times material, were doing business in Louisiana, made contracts with residents of this state, committed torts in this state against residents of this state, from which acts this suit arises, and such acts subject these defendants to service of process pursuant to the Louisiana long-arm statute.

22.

## JURISDICTION AND VENUE

This Court has jurisdiction and venue because defendant, Noble Drilling Company is a corporation whose principal business is established in East Baton Rouge Parish, State of Louisiana. Moreover, the instant cause involves disputes between some defendants who are domiciled in Louisiana and Petitioner who resides in Louisiana.

Petitioner's action against Defendants is properly maintainable in the parish of suit for the following reasons:

a)   Many of the Shipping and Vessel Owner Defendants are foreign corporations;

b)   Presently, many of these same Shipping Defendants have agents or representatives conducting their business in a regular and permanent form in East Baton Rouge Parish; and

c)   Decedent's exposure to and injury from asbestos occurred, in substantial part, while he was present in this parish.

23.

## FACTS

From approximately 1957 to 1967, inclusive, Petitioner, **DANIEL W. MELFORD, SR.**, was employed by Noble Drilling Company (Noble) during which time he worked as a roughneck, derrickman and driller on various rigs including but not limited to Noble Rig Nos. 3,4,7, S-26 and jackup rigs that were owned and operated by Noble. Petitioner also worked on other rigs, including but not limited to a Chevron LST.

5

24.

On a daily basis during Petitioner's employment as a roughneck, derrickhand and driller, he was substantially exposed to asbestos in the normal routine course of his work performing insulation installation, repair, renovation and general overhaul of piping and drilling systems during which time he was exposed to asbestos fibers and/or dust released from asbestos insulation and cement on the pipe systems and the use of asbestos drilling mud additives.

25.

Even when not using the dangerous materials himself, Petitioner was nevertheless substantially exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where the Petitioner was working causing him to sustain a bystander exposure to asbestos.

26.

From approximately 1968 to 1970, inclusive, Petitioner, **DANIEL W. MELFORD, SR.,** was employed as a mechanic in the maintenance department at the Avondale Shipyards main yard in Avondale, Louisiana. On a daily basis during his employment, Petitioner incurred a substantial exposure to asbestos in the normal routine course of his work while working around vessels undergoing construction at the shipyard including, but not limited to, maintenance and repair, renovation and general overhaul at the shipyard.

27.

During this time, Petitioner, **DANIEL W. MELFORD, SR.,** was exposed to asbestos fibers released from installation of heat insulation, boiler insulation, insulation pads, boiler lagging, boiler jackets, wallboards, and other asbestos insulation installed on the boilers, turbines, walls, ceilings and piping systems throughout the shipyard while he performed maintenance or repair. When not using the dangerous materials himself, Petitioner, **DANIEL W. MELFORD, SR.,** was nevertheless exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where Petitioner was working causing him to sustain a substantial bystander exposure to asbestos.

6

28.

From approximately 1970 to 1981, inclusive, Petitioner, **DANIEL W. MELFORD, SR.,** was employed at **ODECO, INC.** during which time, Petitioner worked as a derrickman, driller and pusher on several vessels, including but not limited to the Ocean Traveler, Ocean Viking, Ocean Rover, Kou Koui, Ocean Voyager and Zephyr 1.

29.

Petitioner's exposure to asbestos on the ODECO drilling rigs included working with and around asbestos containing products including but not limited to piping systems, boilers, asbestos brake lines and drilling mud. As a result, Petitioner sustained a substantial exposure to asbestos.

30.

On a daily basis during this employment as a driller, he was substantially exposed to asbestos in the normal routine course of his work performing insulation installation, repair, renovation and general overhaul of piping and drilling systems during which time he was exposed to asbestos fibers released from asbestos insulation on the pipe systems, boilers, asbestos brake pads and drilling muds.

31.

Even when not using the dangerous materials himself, Petitioner was nevertheless substantially exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where the Petitioner was working causing him to sustain a bystander exposure to asbestos.

32.

As a proximate result of the negligent failure of the **Defendants** as alleged above, Daniel Melford was diagnosed as suffering from mesothelioma on or about June 2, 2005.

33.

<u>**JONES ACT**</u>

Petitioner brings this cause of action pursuant to the Jones Act, 46 U.S.C.,§688, and for causes of action under the General Maritime law of the United States, and files this action in this Court pursuant to a saving to suitors clause.

7

34.

Petitioner realleges and reasserts all previous allegations, and further states that:

Petitioner, **Daniel Melford**, was a Pusher, Driller, roughneck and derrickman from 1957 to 1968 and 1970 to 1981, inclusive, who was employed by each of the defendants and worked upon vessels owned and operated by the Defendants: **NOBLE DRILLING COMPANY, ODECO, INC., CHEVRON U.S.A., INC. and SHELL OIL COMPANY,** (hereinafter referred to as **"Shipping Defendants"**).

35.

The **Shipping Defendants**, acting by and through their officers, agents, servants and employees, who were acting in the course and scope of their employment, are guilty of negligence in one or more of the following particulars either singularly or in combination:

a)   In failing to provide a safe place to work;

b)   In knowingly subjecting Petitioner to hazardous materials and/or conditions;

c)   In failing to protect adequately Petitioner from hazardous asbestos-containing dusts; and

d)   In failing to properly inform Petitioner of safe work methods by which asbestos materials could be handled.

36.

Defendant shipping companies, many of whom were members of the National Safety Council, disregarded warnings of the hazards of asbestos disseminated by the National Safety Council to its membership and failed to keep abreast of the medical and scientific literature concerning the health hazards associated with inhalation of asbestos containing dust, debris and fibers.

37.

Additionally, in 1942, the Maritime Commission of the United States in official proceedings established work practices for those using asbestos-containing materials, all of which were ignored by shipowner defendants.

38.

Petitioner further alleges that petitioner's injuries were not caused by any fault or negligence

on his part, but rather was due to the failure, neglect and omission of the **Shipping Defendants**, their officers, agents, servants and employees to keep and maintain vessels in a seaworthy condition and reasonable state of repair.

39.

The unseaworthy conditions caused the Petitioner to be exposed to asbestos fibers which are the proximate cause of his injuries, all to the damages as set forth below.

Specifically, the shipowner defendants' vessels were rendered unseaworthy:

a)   As the insulating material utilized on the vessels is an unreasonably dangerous material exposure to which caused the Petitioner's illness;

b)   As a result of inadequate warnings given to Petitioner to protect himself against hazardous asbestos dust;

c)   As a result of inadequate and/or insufficient safety devices (specifically respirators) for use when Petitioner was working with or around others engaged in tearing out or re-insulating equipment with asbestos-containing material, mixing and using drilling muds; and

d)   As a result of unsafe work practices when using asbestos-containing insulation.

40.

Each and all of the foregoing acts of negligence and strict liability proximately caused or contributed to the personal injuries and damages sustained by the Petitioner as set forth below.

41.

<u>LIABILITY OF AVONDALE OR EXECUTIVE OFFICER</u>

Petitioners reallege and re-assert all previous allegations and further state:

That a substantial contributing cause of Petitioner **Daniel W. Melford, Sr.'s** mesothelioma was his exposure to asbestos and asbestos-containing products while employed by **Avondale** before 1976.

42.

**Avondale's** Executive Officer was aware or should have been aware of the dangerous condition presented by exposure to asbestos and that Petitioner **Daniel W. Melford, Sr.** would suffer from an injury as a result of this exposure, but he failed to provide to **Mr. Melford** knowledge of the dangers to his health from exposure to asbestos fiber.

9

43.

Avondale's Executive Officer had the responsibility of providing **Mr. Melford** with a safe place to work, and safety equipment with which to conduct his work. However, he negligently failed to carry out these duties, and failed to protect **Mr. Melford** from the dangers of asbestos dust exposure.

44.

In addition to the foregoing acts of negligence, **Avondale's Executive Officer** made the following acts and/or omissions:

a)  Failing to reveal and knowingly concealing critical medical information to **Daniel W. Melford, Sr.**;

b)  Failing to reveal and knowingly concealing the inherent dangers in the use of asbestos, and other harmful substances in their manufacturing process;

c)  Failing to provide necessary protection to **Mr. Melford**;

d)  Failing to provide clean, respirable air and proper ventilation;

e)  Failing to provide necessary showers and special clothing;

f)  Failing to warn employees and their family members of the risks associated with direct and bystander exposure to asbestos;

45.

For all times pertinent, Avondale had the *garde* of the asbestos and asbestos containing products to which Petitioner **DANIEL W. MELFORD, SR.,**was exposed to and is thereby strictly liable pursuant to Louisiana Code Article 2317.

46.

For all times pertinent, Avondale knew or should have known that exposing Petitioner **DANIEL W. MELFORD, SR.** to asbestos would cause injury and despite that knowledge did not provide proper protection and or warnings to Petitioners for which **Avondale** is liable pursuant to Louisiana Civil Code 2315.

47.

Avondale fabricated asbestos-containing insulation products to which Petitioner **DANIEL W. MELFORD, SR.,** was exposed and **Avondale** is strictly liable as a manufacturer of products which were unreasonably dangerous due to design and lack of warning concerning the hazardous nature of the asbestos products.

48.

## LIABILITY OF SUPPLIER DEFENDANTS

Petitioners allege and assert all previous allegations, and further state that:

10

49.

**Supplier Defendants**, each and individually, sold, distributed, and supplied asbestos and asbestos-containing product(s) which Petitioner came in contact with and utilized, and asbestos which Petitioner inhaled, causing his injury.

50.

That **Supplier Defendants** are liable to Petitioner as professional vendors of asbestos-containing products, and as such, because of the defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products they sold, and negligently failed to warn the users of potential health hazards from the use of said products.

51.

That, for all times pertinent, Petitioner was employed as a welder and as such, handled, or otherwise was exposed to, asbestos and asbestos products that defendants supplied to Avondale.

52.

That **Supplier Defendants**, each and individually, are liable to Petitioner because they knew or should have known that the asbestos products which they sold and supplied were unreasonably dangerous in normal use, and their failure to communicate said information rendered them negligent to Petitioner, and such negligence was the cause of Petitioner's injuries, including, but not limited to asbestosis, asbestos-induced pleural disease and mesothelioma.

53.

Specifically, Defendant, **McCarty Corporation**, re-labeled the asbestos and asbestos-containing products that it supplied, affixing to it their own brand name, and shipped the same to Avondale during the time period that Petitioner **Daniel W. Melford, Sr.,** was employed at Avondale as a mechanic.

54.

## LIABILITY OF BOILER DEFENDANT

Petitioners allege and assert the following allegations:

11

55.

Boiler Defendant, produced, manufactured and sold products including "marine boilers" and land-based boilers which contained, as a component, asbestos-containing insulation.

56.

That the Boiler Defendant is liable for Petitioner's injuries in the following particulars:

    1.    Unreasonably Dangerous <u>Per Se</u>

        That the **Boiler Defendant** produced a product that was used by Petitioner, namely, a boiler, that has as its component part asbestos-containing insulation which is unreasonably dangerous <u>per se</u>;

    2.    Failure to Warn

        That the **Boiler Defendant** produced a product which component part is asbestos insulation, and failed to place adequate warnings on the product to advise foreseeable users against the dangers of exposure to a component part, namely asbestos insulation, and further failed to design in such a manner as to minimize said exposures to asbestos;

    3.    Strict Products Liability, Unreasonably Dangerous Due to Defective Design

        That the **Boiler Defendant** produced a product, which component part is asbestos insulation, and designed its boiler in such a manner that it failed to incorporate warnings, and further failed to design in such a manner as to minimize said exposures to asbestos.

57.

The strict liability of the **Boiler Defendant** directly caused the injuries complained herein.

58.

### LIABILITY OF ASBESTOS MANUFACTURING DEFENDANTS

Petitioners allege and assert the following allegations:

59.

**Asbestos Manufacturer Defendants** during all the times mentioned herein and for a long time prior thereto, have been, and some are now, engaged in the business of manufacturing, installing, selling, marketing, distributing, and otherwise placing into the stream of commerce insulation materials containing asbestos.

60.

Said products were expected to and did, in fact, reach the ultimate users and consumers in substantially the same condition in which they were sold.

61.

These asbestos products of the **Asbestos Manufacturer Defendants** were defective and unreasonably dangerous in their design and marketing, which was a producing cause of the injuries and damages claimed herein.

62.

## BREACH OF IMPLIED AND EXPRESSED WARRANTIES

Petitioners allege and assert the following allegations:

Petitioner alleges that the **Asbestos Manufacturer Defendants,** and each of them, negligently breached their warranties to him in the following respects:

a)    That the **Asbestos Manufacturer Defendants** knew or in the exercise of reasonable care ought to have known that their insulation was defective, and that such insulation was not suitable for the purposes for which it was intended;

b)    That the **Asbestos Manufacturer Defendants** knew and should have tested their products, especially those containing asbestos, to ascertain the safe or dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that such products would cause asbestosis, lung cancer, and mesothelioma;

c)    That the **Asbestos Manufacturer Defendants** should have devised a method of application for their products, especially those containing asbestos, that would have kept those using such products from contracting asbestosis and mesothelioma if the **Asbestos Manufacturer Defendants** would not remove such products from sales to the public; and

d)    That the products of the **Asbestos Manufacturer Defendants,** especially those containing asbestos, were warranted, either expressly or impliedly, to be merchantable, when in truth they were not, and therefore, the **Asbestos Manufacturer Defendants** breached to the Petitioner, as well as to others, the warranty of merchantability.

63.

The **Asbestos Manufacturer Defendants'** breach of implied and expressed warranties resulted directly in and caused or contributed to Petitioner's injury and the damages to Petitioner as set forth below.

13

64.

Petitioner alleges that the **Asbestos Manufacturer Defendants**, and each of them, are strictly liable and/or are negligent in their failure to warn in the following respects:

1. **Negligent Failure to Warn**

   That the **Asbestos Manufacturer Defendants** knew or in the exercise of ordinary or reasonable care ought to have known that the insulation they manufactured and distributed was deleterious, poisonous, and highly harmful to Petitioner's body, lungs, respiratory system, skin and health, notwithstanding which, **Asbestos Manufacturer Defendants** negligently failed to take any reasonable precautions or exercise reasonable care to warn the Petitioner of the danger and harm to which he was exposed while handling the **Asbestos Manufacturer Defendants'** said insulation; and

   That the **Asbestos Manufacturer Defendants** knew or in the exercise of ordinary care ought to have known that their said insulation was deleterious, poisonous, and highly harmful to the Petitioner's body, lungs, respiratory system, skin and health, notwithstanding which, **Asbestos Manufacturer Defendants** failed and omitted to provide the Petitioner with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect them from being poisoned and disabled as they were by exposure to such deleterious and harmful compound substances and other material contained in said **Asbestos Manufacturer Defendants'** insulation.

2. **Strict Products Liability, Unreasonably Dangerous Due to Defective Design**

   That the **Asbestos Manufacturer Defendants** packaged asbestos-containing insulation in such a manner that in the ordinary handling of the packaging, Petitioner came in contact with such deleterious, poisonous and highly harmful compound substances and other material contained in said Asbestos Manufacturer Defendants' insulation;

   That the **Asbestos Manufacturer Defendants** failed to design their packaging and product in such a manner so as to advise and warn foreseeable users, including the Petitioner, by placing warnings on their containers of said insulation and/or on the actual insulation, to advise the handlers, other users and bystanders of the dangers of exposure with said insulation; and

3. **Unreasonably Dangerous _Per Se_**

   That Asbestos Manufacturer Defendants' products are unreasonably dangerous _per se._

65.

Asbestos Manufacturer Defendants' negligent failure to warn caused their products to be unreasonably dangerous.

14

66.

Exposure to Asbestos Manufacturer Defendants' unreasonably dangerous products substantially caused the injuries complained of herein.

67.

Petitioner was employed as a welder and was exposed to asbestos directly and as a bystander, and/or because it was necessary for him to work in, near and with **Asbestos Manufacturer Defendants'** products in the normal course and scope of his occupation.

68.

Petitioner's exposure to **Asbestos Manufacturer Defendants'** products and to the respirable asbestos dust that these asbestos-containing products produced was a reasonably anticipated and foreseeable event.

69.

As a result of the above referenced conduct of the **Asbestos Manufacturer Defendants**, and each of them as aforesaid, including but not limited to their installation, marketing, sales and/or distribution of unreasonably dangerous products per se, their failure to adequately label and warn, their failure to properly research, test and/or design, said exposure to said asbestos has caused injuries to **Mr. Melford**, including, but not limited to, pleural mesothelioma.

70.

## LIABILITY OF PREMISE OWNER DEFENDANTS

Defendants, NOBLE DRILLING COMPANY, NORTHROP GRUMMAN SYSTEMS CORPORATION, (hereinafter referred to as ("**Premise Owner Defendants**"), owned and/or operated refineries, power plants and/or facilities where petitioner, **Daniel W. Melford, Sr.**, performed specialized duties such as drilling and multicraft, unrelated to the business of the Premise Owner Defendants for companies under contract with the Premise Owner Defendants between the years 1957 and 1981, inclusive.

71.

During this time period while performing his job duties during the normal course and scope of his employment at the (hereinafter referred to as ("**Premise Owner Defendants**") facilities, petitioner was exposed to hazardous levels of asbestos dust and/or fiber which caused him to develop

15

asbestos-related disease including, but not limited to, mesothelioma.

72.

The **Premise Owner Defendants** were aware or should have been aware of the dangerous condition presented by exposure to asbestos and other toxic substances, and that **Daniel W. Melford, Sr.**, would suffer from asbestos-induced disease, mesothelioma and other ill health effects as a result of this exposure, but they failed and/or willfully withheld from **Mr. Melford's** knowledge of the dangers to his health from exposure to asbestos fiber and other toxic substances.

73.

The **Premise Owner Defendants** had the responsibility of providing **Mr. Melford** with a safe place to work. However, they negligently and/or intentionally failed to carry out this duty and failed to protect **Mr. Melford** from the dangers of asbestos dust exposure.

74.

In addition to the foregoing acts of negligence, the **Premise Owner Defendants** were and are guilty of the following:

   a)    Failing to provide necessary protection to **Daniel W. Melford, Sr.**;

   b)    Failing to provide clean, respirable air and proper ventilation;

   c)    Failing to provide necessary showers and special clothing;

   d)    Failing to warn contractors, including **Daniel W. Melford, Sr.** of the risks associated with direct and bystander exposure to asbestos;

75.

These defendants committed these negligent acts knowing full well that **Daniel W. Melford, Sr.'s** injuries would follow or were substantially certain to follow.

76.

For all times pertinent to this petition, **Daniel W. Melford, Sr.** was exposed to and inhaled asbestos fibers that were in the custody and control of the Premise Owner Defendants.

77.

For all times pertinent each exposure of asbestos in the custody and control of the Premises Owner Defendants, petitioner, **Daniel W. Melford, Sr.'s** suffered injury the combined result of which was the development of asbestos related diseases including, mesothelioma.

16

78.

As to the Premises Owner Defendants, Petitioner brings specifically an action pursuant to Louisiana Civil Code Article 2317 for the injury of **Daniel W. Melford, Sr.** as a result of his exposure to and inhalation of asbestos in the custody and control of defendants, **NOBLE DRILLING COMPANY and NORTHROP GRUMMAN SYSTEMS CORPORATION and MURPHY EXPLORATION AND PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL AND GAS COMPANY.**

79.

Petitioners' injuries are cumulative, indivisible injury for which each Defendant is jointly, severally and in solido liable.

80.

## DAMAGES

As a proximate result of the fault of the Defendants, and each of them, and their acts of negligence and strict liability as hereinabove alleged, and because of the harm and injury to Petitioner's health and the resulting disability there from, the Petitioner, **Daniel W. Melford, Sr.,** has suffered a loss of income; that he was unable to continue his employment, an employment that he has been engaged in for many years, and his earning capacity is greatly and forever permanently diminished

and impaired as the result of his development of malignant pleural mesothelioma.

81.

As a proximate result of Defendants' fault, Petitioner, **Daniel W. Melford, Sr.,** incurred and continues to incur medical expenses due to the need to hire, consult and retain physicians to attempt to treat his asbestos-related condition, the amount of which cannot be set forth at this time and he will require further medical treatment in the future thereby incurring expenses which cannot be set forth at this time.

82.

By reason of the facts hereinabove alleged, Petitioner, **Daniel W. Melford, Sr.,** suffered and sustained at the hands of the Defendants, the following other damages:

Physical pain and suffering; (past and future);

17

Mental pain and suffering; (past and future);

Loss of Income (past and future).

83.

Petitioners request a trial by jury on all issues.

WHEREFORE, Petitioner prays for judgment against defendants, **PETER TERRITO; REILLY-BENTON, INC.; EAGLE, INC.; MCCARTY CORPORATION; TAYLOR-SEIDENBACH, INC.;UNIROYAL, INC.; OWENS- ILLINOIS, INC.; GARLOCK INC.; RAPID AMERICAN CORPORATION; FOSTER WHEELER CORPORATION; MURPHY EXPLORATION AND PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL AND SUCCESSOR TO UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC., AS SUCCESSOR TO UNION CARBIDE CORPORATION, AS SUCCESSOR TO UNION CARBIDE AND CARBON CORPORATION; CONOCOPHILLIPS COMPANY, AS SUCCESSOR TO PHILLIPS PETROLEUM COMPANY AND/OR PHILLIPS CHEMICAL HOLDING COMPANY, AS SUCCESSOR TO DRILLING SPECIALTIES COMPANY; MONTELLO, INC.; GULF OIL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO CHEVRON U. S. A. INC., NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND AVONDALE INDUSTRIES, INC.; TRAVELERS INSURANCE COMPANY; ONEBEACON RISK MANAGEMENT, INC., AS SUCCESSOR TO COMMERCIAL UNION RISK MANAGEMENT, INC., AS SUCCESSOR TO COMMERCIAL UNION INSURANCE COMPANY AND SHELL OIL COMPANY,** inclusive, jointly, severally and in solido, and for interest from the date of judicial demand and all costs and attorneys' fees and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

MARTZELL & BICKFORD

SCOTT R. BICKFORD, T. A. (#1165)
JEFFREY M. BURG (#25993)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)

**COUNSEL FOR PLAINTIFFS**

**PLEASE SERVE:**

**NORTHROP GRUMMAN SYSTEMS CORPORATION**
(Formerly known as Avondale Shipyards, Inc.,)
Through its Agent for Service of Process
C. T. Corporation System
8550 United Plaza
Baton Rouge, LA 70809

**PETER TERRITO**
Through its Agent of Service of Process
Gary Lee, Esq.
Lee Futrell & Pereles
120 St. Charles Avenue - Suite 4120
New Orleans, Louisiana 70170

**REILLY-BENTON, INC.,**
Through its Agent of Service of Process
William Brockman, Esq.
Bernard, Cassisa, Elliott & David
1615 Metairie Road
Metairie, Louisiana 70055

**EAGLE, INC.,**
Through its Agent of Service of Process
Lawrence G. Pugh, III
Montgomery Barnett
1100 Poydras Street - 3200 Energy Centre
New Orleans, Louisiana 70163

**MCCARTY CORPORATION**
Through its Agent for Service of Process
Paul H. Spaht
445 North Boulevard - Suite 300
Baton Rouge, LA 70802

**TAYLOR-SEIDENBACH, INC.**
Through its Agent for Service of Process
Ralph I. Shepard
731 S. Scott Street
New Orleans, Louisiana 70130

**UNIROYAL, INC.**
(Formerly U.S. Rubber Company)
through its agent for service of process
Prentice-Hall Corporation
150 W. State Street
Trenton, N.J. 08608

**OWENS-ILLINOIS, INC.**
Through its Agent for Service of Process
One Seagate
Toledo, OH 43666

**GARLOCK, INC.**
Through its Agent for Service of Process
C. T. Corporation System
8550 United Plaza
Baton Rouge, LA 70809

19

RAPID AMERICAN CORPORATION
Through its Agent for Service of Process
2711 Centerville Road - Suite 400
Wilmington, DE 19808

FOSTER-WHEELER CORPORATION
666 5th Avenue
New York, NY 10022

MURPHY EXPLORATION & PRODUCTION CO.,
as Successor to ODECO OIL AND GAS CO & ODECO, INC.
Through its Agent for Service of Process
C. T. Corporation Systems
8555 United Plaza Boulevard
Baton Rouge, LA 70803

NOBLE DRILLING COMPANY
Through its Agent for Service of Process
C. T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

UNION CARBIDE CORPORATION, as successor
to UNION CARBIDE CHEMICALS AND PLASTICS
COMPANY, INC., as successor to UNION CARBIDE AND
CARBON CORPORATION
Through its Agent for Service of Process
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

CONOCOPHILLIPS COMPANY, as successor to
PHILLIPS PETROLEUM COMPANY and/or PHILLIPS
CHEMICAL HOLDING COMPANY, as successor to
DRILLING SPECIALTIES COMPANY
Through its Agent for Service of Process
United States Corporation
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

MONTELLO, INC.
Through its Agent for Service of Process
The Prentice-Hall Corporation System Inc.,
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

GULF OIL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR
TO CHEVRON U. S. A. INC.
Through its Agent for Service of Process
The Prentice-Hall Corporation System Inc.,
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

TRAVELERS INSURANCE COMPANY
Through the Secretary of State
State of Louisiana
P. O. Box 94125
Baton Rouge, Louisiana 70804-4125

20

**ONEBEACON RISK MANAGEMENT, INC., as successor to COMMERCIAL
UNION RISK MANAGEMENT, INC., as successor to COMMERCIAL UNION
INSURANCE COMPANY**
Through the Secretary of State
State of Louisiana
P. O. Box 94125
Baton Rouge, LA 70804-4125

**SHELL OIL COMPANY**
Through its Agent for Service of Process
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

F:\Clients\Melford, Daniel\Pleadings\Petition for Damages 11.07.05.wpd

C

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO:                          DIVISION " "                    SECTION NO:

DANIEL W. MELFORD, SR.

VERSUS

PETER TERRITO; REILLY-BENTON, INC.; EAGLE, INC.;
MCCARTYCORPORATION; TAYLOR-SEIDENBACH, INC.;UNIROYAL, INC.;
OWENS- ILLINOIS, INC.; GARLOCK INC.; RAPID AMERICAN CORPORATION;
FOSTER WHEELER CORPORATION; MURPHY EXPLORATION AND
PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL AND GAS CO.; NOBLE
DRILLING COMPANY; UNION CARBIDE CORPORATION, as successor to UNION
CARBIDE CHEMICALS AND PLASTICS COMPANY INC., as successor to UNION
CARBIDE CORPORATION, as successor to UNION CARBIDE AND CARBON
CORPORATION; CONOCOPHILLIPS COMPANY, as successor to PHILLIPS
PETROLEUM COMPANY and/or PHILLIPS CHEMICAL HOLDING COMPANY, as
successor to DRILLING SPECIALTIES COMPANY; MONTELLO, INC.; GULF OIL
CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO CHEVRON U.S.A. INC.;
NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND AVONDALE INDUSTRIES,
INC.; TRAVELERS INSURANCE COMPANY; ONE BEACON RISK MANAGEMENT,
INC., as successor to COMMERCIAL UNION RISK MANAGEMENT, INC., as successor
to COMMERCIAL UNION INSURANCE CO., AND SHELL OIL COMPANY

FILED: _____          _____
                                                    DEPUTY CLERK


PLAINTIFF'S CONSOLIDATED RESPONSES TO THE DISCOVERY
REQUESTS OF ALL DEFENDANTS TO ALL PLAINTIFFS
IN ALL ASBESTOS-RELATED, PERSONAL INJURY AND DEATH CASES

TO:   ALL DEFENDANTS, by and through their counsel of record.

NOW INTO COURT, appearing herein by and through undersigned counsel of record,

comes Plaintiff, **Daniel Melford, Sr.**, who submits his Consolidated Responses to all Defendants'

Discovery Requests propounded on behalf of all Defendants pursuant to the Louisiana Code of Civil

Procedure.

GENERAL OBJECTION

Petitioner objects, and therefore declines to respond, to each interrogatory and request for

production to the extent it seeks discovery regarding confidential matters, trial preparation

information, and/or matters immune from discovery by virtue of the attorney-client privilege, the

work product doctrine, or any other such privilege or doctrine recognized under the Louisiana Code

of Civil Procedure. Furthermore, the interrogatories and request for production are presented in a

way that would not allow responses because the wording is overly broad, vague and ambiguous.

## PLAINTIFF'S RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1

Please state the name and address of each person who participated in the answers to these interrogatories or who furnished any information used in the preparation of these answered to interrogatories.

### ANSWER TO INTERROGATORY NO. 1

Plaintiff answered these interrogatories with the assistance of counsel.

### INTERROGATORY NO. 2

Please state the following:

a)  Your full name and all other names by which you have been known (including any nicknames).

b)  The date and place of birth.

c)  Your present home address.

d)  In chronological order, the addresses where you have lived in the past 20 (twenty) years, and the inclusive dates of your residence at each location.

e)  Your present occupation and business address:

f)  Your Social Security Number.

g)  Your drivers' license number, the state in which it was issued, the date of issuance, and the expiration date.

### ANSWER TO INTERROGATORY NO. 2

a)  Daniel William Melford, Sr.

b)  DOB: 12/19/29; Barataria, LA

c)  Address: 9544 Barataria Blvd., Crown Point, LA 70072

d)  See (c) above

e)  Not applicable

f)  SSN: 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

g)  LA 000346624; issued 12/19/02; exp. 12/19/06

## INTERROGATORY NO. 3

If you are currently married, state your spouse's name, the date of your marriage, and the name and address of your spouse's employer.

With respect to any and all prior spouses, if any, state:

a.     The name of your former spouse and the date of the marriage.

b.     The date of the dissolution of the marriage or the death of spouse.

## ANSWER TO INTERROGATORY NO. 3.

Ragnhild Melford

DOM: 2/28/80

a.     Winnie May Plaisance; 1951 or 1952

b.     1980

## INTERROGATORY NO. 4

State the present name, age, date of birth, and address of each of your children, and of any person, who in any way is financially dependent upon you for support, including, but not limited to, parents, in-laws, relatives, or other people; and for each person, state the extent to which each person is dependent upon you for financial support.

## ANSWER TO INTERROGATORY NO. 4

Daniel W. Melford, Jr., 52
102 Fourth St.
Westwego, LA 70094
D.O.B: 4/8/53
Not dependent

Harry A. Melford, III, 51
906 Central Ave.
Westwego, LA 70094
D.O.B: 7/23/54
Not dependent

Sherrie M. Martinez, 50
4982 Matherne St.
Lafitte, LA 70067
D.O.B 9/20/55
Not dependent

Jeffrey J. Melford, 48
2105 Brighton Pl.
Harvey, LA 70058
D.O.B:7/1/57
Not dependent

3

Blaine W. Melford, 45
623 Avenue G.
Westwego, LA 70094
D.O.B: 3/1/60
Not dependent

Pamela Melford, 44
827 West Crystal Court
Westwego, LA 70094
D.O.B: 8/8/61
Not dependent

Paula A. Martin, 44
3802 Jean Lafitte Blvd.
Lafitte, LA 70067
D.O.B: 8/8/61
Not dependent

Elaine M. Doucet, 45
635 West Dr.
Marrero, LA 70072
D.O.B: 3/1/60
Not dependent

## INTERROGATORY NO. 5

State the names and addresses of all schools that you have attended, the dates attended, the type of schools attended, and with respect to each, the highest grade reached, and the degree or certificate obtained, if any.

## ANSWER TO INTERROGATORY NO. 5

Plaintiff attended school at St. Louis Cathedral and completed the 4th grade. Later in life he received a drilling certificate.

## INTERROGATORY NO. 6

If you have ever been arrested, charged, or convicted of a felony, please state the date, location of the incident, and the result of each such arrest, charge or conviction.

## ANSWER TO INTERROGATORY NO. 6

Objection. Defendant is not entitled to information concerning arrests and charges in as much as said information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. However, out of an abundance of caution, Plaintiff responds that he has never been convicted of a felony.

## INTERROGATORY NO. 7

If you have ever served in any capacity in the military service, please give the dates, your

4

rank, service number, and branch of service; type of discharge; and the type of disability and/or pension you have received or are receiving, if any.

## ANSWER TO INTERROGATORY NO. 7

Plaintiff was in the U.S. Army and was stationed in Korea.  He received an Honorable discharge.

## INTERROGATORY NO. 8

If you have ever filed a claim or received payment for disability from the Veterans's Administration, state the basis for your claim, when the claim was filed, the disposition of the claim, the amount of payment you received, and the basis for such payment.

## ANSWER TO INTERROGATORY NO. 8

None at this time.  However, discovery is ongoing and Plaintiff will seasonably supplement and amend as additional information becomes available.

## INTERROGATORY NO. 9

If you have ever been self-employed, state the dates of such employment, the type of work you performed, and the name of your business.

## ANSWER TO INTERROGATORY NO. 9

Not applicable.

## INTERROGATORY NO. 10

If you have ever been a member of a union, please state:

a)    The name of each union to which you have belonged; the number and address of each local of which you have been a member; and the dates you belonged to each union and local.

b)    Whether you were an officer, director, and/or business agent of any union, and if so, describe all positions held in any unions, and the periods during which you held such positions.

c)    Whether you were ever a member of the International Association of Heat and Frost Insulators and Asbestos Workers ("the Asbestos Workers' Union");

d)    Whether you ever received the Asbestos Workers' magazine from the Asbestos Workers' Union, and if so, state whether you ever read the green sheets.

**ANSWER TO INTERROGATORY NO. 10**

     Plaintiff does not recall being a member of a union.

**INTERROGATORY NO. 11**

     State your income and the source of your income for each of the last five years. If your spouse is or has been employed, please state his/her income for the last five years.

**ANSWER TO INTERROGATORY NO. 11**

     Please see Plaintiff's social security printout, which has been requested and will be supplemented upon receipt. Additionally, Plaintiff will provide Defendant with an authorization to obtain same upon reasonable request.

**INTERROGATORY NO. 12**

     a)     If you are presently employed, state the name and address of your employer, your job classification, rate of pay, and the type of work you are presently performing. If you are not presently employed, give the same information as to you last employment, together with the reasons why you are no longer employed. Please state the same information with respect to your spouse.

     b)     If you have lost any time from work because of any physical ailment, state how much time has been lost from work during the last five years and the disability that has caused you to lose time from work.

**ANSWER TO INTERROGATORY NO. 12**

     Not applicable.

**INTERROGATORY NO. 13**

     a)     If you have ever received any accidental bodily injury, state the nature and extent of injury.

     b)     If you have ever been a party to any claim or lawsuit for bodily injury, give the caption of the lawsuit, the date on which the suit was filed, the name and address of your attorney, and the ultimate disposition of the claim or lawsuit.

**ANSWER TO INTERROGATORY NO. 13**

     Not applicable.

**INTERROGATORY NO. 14**

If you have ever filed a claim for worker's compensation, please give the following information with respect to each such claim:

a) The name of the employer, date of claim, and claim file number;

b) A description of the injury made the basis of the claim;

c) The amount of money paid to you for the claim;

d) If any lawsuit has been filed on the worker's compensation claim, the caption of the case, case number, and the court in which the case was filed;

e) The name and address of any physician or chiropractor who has tested, treated, or examined you in connection with this claim;

f) If you were hospitalized in connection with the claim, provide the name and address of the hospital, the length of your stay, and your primary physician during the hospitalization.

**ANSWER TO INTERROGATORY NO. 14**

Not applicable

**INTERROGATORY NO. 15**

Describe in detail your employment history, including:

a) The name and address of each employer;

b) The dates during which you worked for each employer;

c) The location and description of each job site where you were employed, and the dates during which you worked at each such job site;

d) The name and last known address of your immediate supervisor and co-workers at each job site where you are claiming exposure to asbestos;

e) Your wage rate and hours worked in an average week for each job site where you claim you were exposed to asbestos;

f) Your job duties, craft, and titles for each job site where you were employed and claim exposure to asbestos-containing products;

g) The reason your employment with each employer listed was terminated;

h) Each job site and the dates during which you claim to have been exposed to asbestos;

i)      Each asbestos product to which you were exposed, including the name of the
        manufacturer, the trade name of the product, and the description of the product.

j)      When, where, and whether you worked with and/or around each asbestos product
        identified above;

k)      Whether you were exposed to any dust, fumes, or gases, and if so, what were you
        exposed to and at what jobs.

## ANSWER TO INTERROGATORY NO. 15

Plaintiff's social security earnings statements, which has been requested and will be
supplemented upon receipt, are the best source of the names of his employers and the dates of
employment.  However, Plaintiff recalls the following:

1.   a)   Farley McDermott
     b)   Approximately 1947-1949
     c)   Please see response to a, above.
     d)   Plaintiff does not recall at this time, but reserves the right to supplement and
          amend this response.
     e)   Please see plaintiff's Social Security earnings report, which will be
          supplemented upon receipt.
     f)   Plaintiff was a laborer who loaded pipes onto a tractor.
     g)   Better opportunity
     h)   Please see responses to a, b, and c, above
     i)   Plaintiff does not recall at this time, but reserves the right to supplement and
          amend this response.
     j)   Please see responses to b and c, above
     k)   Investigation is continuing and Plaintiff reserves the right to supplement and
          amend this response.

2.   a)   Jax Brewery
          600 Decatur St., Ste. 104, New Orleans, LA 70116
     b)   Approximately 1955-1958 off and on.
     c)   Warehouse
     d)   Plaintiff does not recall at this time, but reserves the right to supplement and
          amend this response
     e)   Please see plaintiff's Social Security earnings report, which will be
          supplemented.
     f)   Plaintiff worked in a warehouse stacking beer.
     g)   Better opportunity
     h)   Please see responses to a, b, and c, above
     i)   Investigation is ongoing and plaintiff reserves the right to supplement and
          amend this response.
     j)   Please see responses to b and c, above
     k)   Plaintiff reserves the right to supplement and amend this response.

3.   a)   Noble Drilling
          1515 Poydras St., Ste. 2040, New Orleans, LA 70112
     b)   1958 to approximately 1968
     c)   Noble No.4 Inland Barge from 1958 to approximately 1962; Noble No. 3
          Inland Barge for approximately 3 months in 1962; Noble No. 7 Inland Barge
          from approximately 1962 to 1968; S-26 Offshore off and on.

d)     Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

e)     Please see plaintiff's Social Security earnings report, which will be supplemented upon receipt.

f)     Plaintiff worked as a roughneck, deckhand and driller.

g)     Better opportunity

h)     Please see responses to a, b, and c, above

i)     Plaintiff worked with and around asbestos containing pipe covering, cements and drilling muds. Further, investigation is continuing and plaintiff reserves the right to supplement and amend this response.

j)     Please see responses to b and c, above

k)     Asbestos dust. Further, investigation is continuing and Plaintiff reserves the right to supplement and amend this response.

4.     a)     Avondale Shipyard
               5100 River Road, Avondale, LA 70094

b)     Approximately 1968-1970

c)     Maintenance Department, 1st class mechanic.

d)     Earl Spooner, Calvin Acosta. Further investigation is ongoing and plaintiff reserves the right to supplement and amend this response

e)     Please see plaintiff's Social Security earnings report, which will be supplemented.

f)     Plaintiff worked throughout the shipyard on crane locomotives and gantries.

g)     Better opportunity

h)     Please see responses to a, b, and c, above

i)     Plaintiff worked with and around asbestos containing materials including, but not limited to cements, pipe covering and cloth. Further, investigation is ongoing and plaintiff reserves the right to supplement and amend this response.

j)     Please see responses to b and c, above

k)     Asbestos dust. Further, investigation is continuing and Plaintiff reserves the right to supplement and amend this response.

5.     a)     Odeco.

b)     1970 to approximately 1981.

c)     Ocean Traveler, Scotland; Ocean Viking; Ocean Rover; Kou Koui; Zephyr 1 and Ocean Voyager

d)     Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

e)     Please see plaintiff's Social Security earnings report, which will be supplemented.

f)     Plaintiff worked as a driller and pusher.

g)     Better opportunity

h)     Please see responses to a, b, and c, above

i)     Plaintiff worked with and around asbestos-containing materials including but not limited to pipe covering, cements, and drilling muds. Further, investigation is ongoing and plaintiff reserves the right to supplement and amend this response.

j)     Please see responses to b and c, above

k)     Asbestos dust. Further, plaintiff reserves the right to supplement and amend this response.

Discovery is ongoing and Plaintiff will seasonably supplement and amend as additional information becomes available.

## INTERROGATORY NO. 16

    a)    State the name, last known address (business or home), relationship to you, present occupation, of each witness that has any knowledge of the facts relevant to this lawsuit, including those person who have knowledge of any time that you may have been exposed to any products that may have contained asbestos.

    b)    As to each individual listed above, describe the jobsite at which they worked, their occupation at each jobsite, the asbestos-containing products they can identify at each such jobsite, and whether they worked with Plaintiff at each such jobsite.

## ANSWER TO INTERROGATORY NO. 16

Please see co-workers listed in the response to interrogatory No. 15, above. Further, plaintiff reserves the right to supplement this response.

## INTERROGATORY NO. 17

If you have any direct evidence of invoices from suppliers for any purchases or products containing asbestos from any or all of the Defendants, which products were used on job sites where you worked, identify the document by name of supplier, date of invoice, name of purchaser, and place of delivery.

## ANSWER TO INTERROGATORY NO. 17

Discovery is ongoing and Plaintiff will seasonably supplement and amend this response. Indexes of relevant documents will be provided at a later date when additional information becomes available.

## INTERROGATORY NO. 18

    a)    When did you first experience any problems with your respiratory health, lungs, or breathing?

    b)    Describe in layman's language what your physical complaints were at the time you first experienced such problems.

    c)    If the physical complaints and symptoms of which you now complain are different from those you first experienced, as described above, please describe your present complaints and symptoms, and state when you first experienced these complaints.

    d)    Identify each physician who has advised you that you had any of the following, and when you were so advised;

10

1)    Chronic obstructive lung disease;

2)    Emphysema;

3)    Pneumoconiosis;

4)    Asbestosis; or

5)    Any other lung condition that the physician indicated was related to the exposure of asbestos-containing products.

**ANSWER TO INTERROGATORY NO. 18**

Plaintiff was not aware that he had any problems associated with his exposure to asbestos until he was diagnosed with malignant mesothelioma in June of 2005 by Drs. Paul Staab & Don M. Hemelt.

**INTERROGATORY NO. 19**

Excluding the information provided in response to Interrogatory No. 18 above, please state the name and address of each physician who has examined or treated you, or to whom you have gone for any reason during your lifetime, the reason you consulted each physician, the dates and type of any treatment received.

**ANSWER TO INTERROGATORY NO. 19**

Dr. Paul Staab
5216 Lapalco Blvd.
Marreo, LA 70072
Primary care doctor

Dr. Graham
Ochsner Clinic
New Orleans, LA
Skin cancer

Dr. Parry
LSU Medical Center
New Orleans, LA
Referral thru Ochsner

Further, plaintiff reserves the right to seasonably supplement and amend as additional information becomes available.

**INTERROGATORY NO. 20**

Please state the name and address of any hospital or clinic in which you were examined, had tests or x-rays performed, received outpatient carte, or were hospitalized during your lifetime, the dates and reasons for each examination, testing, hospitalization, or treatment.

11

**ANSWER TO INTERROGATORY NO. 20**

> Meadowcrest Hospital
> 2500 Belle Chasse Hwy.
> Gretna, LA 70056
> 5/17-5/20/05; 5/31-7/5/05
> Spot on lung and biopsy
> Mesothelioma
>
> Chaubert Medical Center
> 1978 Industrial Blvd.
> Houma, LA 70363
> 1989
> Pancreatitis
>
> West Jefferson Medical Center
> 1101 Medical Center Blvd.
> Marrero, LA 70072
> 1989
> Pancreatitis

**INTERROGATORY NO. 21**

If you have ever smoked, state when you started smoking, what type of tobacco product you smoked, how long have you smoked, how much have you smoked of each type of tobacco product, whether a physician ever advised you to stop smoking, and if so, who and when, and state if applicable, the reasons you stopped smoking.

**ANSWER TO INTERROGATORY NO. 21**

Plaintiff smoked from 1949 until 1995.   He smoked various brands and smoked approximately 1.5 packs per day.

**INTERROGATORY NO. 22**

If you have ever been examined through a company or union screening program for lung or respiratory disease, give the dates, place and details of your examination, and the name of the company or union sponsoring the program.

**ANSWER TO INTERROGATORY NO. 22**

Not applicable.

**INTERROGATORY NO. 23**

a)   How and under what circumstances did you learn that asbestos could be harmful to your health?

b)   When did you first believe that the lung problems or breathing problems complained of might have been related to asbestos-containing products?

12

c)   When were you first told, and by whom, that any lung problems or breathing problems complained of might have been related to asbestos-containing products?

## ANSWER TO INTERROGATORY NO. 23

Plaintiff learned about the hazards of asbestos exposure from television and newspapers, but was not aware that he had an asbestos-related disease until he was diagnosed with mesothelioma in June 2005.

## INTERROGATORY NO. 24

a)   Identify all expert witnesses who have been consulted in connection with this action, even if they may not be called to testify at trial, if their opinion has been reviewed by a testifying expert.

b)   State the impressions and opinions held by and the facts known by any consulting expert identified above.

c)   Identify all documents and tangible things, including reports, prepared by or relied on by any consulting expert identified above.

## ANSWER TO INTERROGATORY NO. 24

Plaintiff objects based on the fact that defendants are not entitled to attorney-work product and evidence concerning consulting experts.

## INTERROGATORY NO. 25

a)   Identify each expert witness who may be called as a witness to testify at trial.

b)   State the impressions and opinions held by and the facts known by any expert identified above.

c)   Identify all documents and tangible things, including reports, prepared by or relied on by any expert identified above.

## ANSWER TO INTERROGATORY NO. 25

Plaintiff may call the following experts to testify at trial:

1.   Leo Santana
     40411 Riviera
     Slidell, LA 70458

Concerning Eagle, Inc. (Formerly known as Eagle Asbestos & Packing Co.)

2.   Fred Schuber
     2431 Clio Street
     New Orleans, LA

Concerning Eagle, Inc. (Formerly known as Eagle Asbestos & Packing Co.)

3.  Frank Parker
    Caliche Limited
    200 Brantley Lane
    Magnolia, TX 77355

Mr. Parker is an expert industrial hygienist who may testify concerning the petitioner's occupational exposure to asbestos. He may also testify concerning the asbestos dust levels which petitioner was exposed due during the course and scope of his employment. He may also testify concerning the amount of asbestos that is necessary to produce the various diseases associated with inhalation of asbestos dust and fiber including, but not limited to, asbestosis, lung cancer and mesothelioma.

4.  Dr. William Longo
    Mr. Richard Hatfield
    Mr. Barry Castleman
    MAS, Inc.
    3945 Lakefield Court
    Suwanee, GA 30024

Dr. Longo and Mr. Hatfield are experts in material analysis. They may testify concerning the physical and chemical composition of the various asbestos-containing products manufactured by the defendants in this case including pipe covering, block, gaskets, wallboard and cloth. Drs. Longo and Hatfield may testify concerning the friability and characteristics of the various asbestos-containing products manufactured by the defendants. They may also testify concerning the various methods for measurement of asbestos dust and government standards for asbestos dust. Additionally, their testimony may include information and opinions concerning the tindel effect and the quantity of asbestos that is released in the ambient atmosphere through the installation and repair of asbestos-containing products and the effects of ventilation on asbestos dust.

5.  Warren Watters

Concerning Reilly-Benton Company, product identification and worksite information.

6.  Dr. Richard A. Lemen, Ph.D. - Expert
    Department of Environmental and Occupational Health
    Emory University
    6555 Sugarloaf Parkway
    Suite 307, PMB 181
    Duluth, Georgia 30097

Dr. Lemen is an industrial hygienist and public health and occupational disease expert who may testify live or by deposition that:

(1)      The defendants knew or should have known historically that asbestos inhalation could cause asbestosis, lung cancer, mesothelioma, and other asbestos-related diseases.

(2)      Dr. Lemen may also testify that a person exposed to asbestos is at a higher risk than the normal individual to develop some form of cancer. Dr. Lemen may also testify that it is his opinion that ten years after the cessation of cigarette smoking the risk of lung cancer attributable to smoking is almost nil. He may also testify that only 8% - 12% of those who smoke cigarettes in heavy quantities will ever suffer any form of lung cancer. The basis of this opinion is founded on recent statistics filed by the National Cancer Institute, the United States Public Service, and Herbert Seidemann and others.

Furthermore, Dr. Lemen may testify concerning the following:

Between the years 1898 and 1930, the medical community gradually became aware of a fibrotic lung disease which, in 1927, actually received the name asbestosis. It is Dr. Lemen's opinion that by 1930 there was a general acceptance that exposure to asbestos was linked to a serious lung disease. This disease was caused by the inhalation of asbestos dust in quantities sufficient to cause scarring in the lungs. If the scarring was serious enough, it could be incapacitating and/or fatal.

The first cancer cases which were reported in association with asbestos exposure appeared in 1934. Over the next two decades, there were a series of articles published associating asbestos exposure and lung cancer. It is Dr. Lemen's opinion that, by 1949, there was a causal relationship established between asbestos exposure and cancer.

There was considerable debate, from the 1930's through the 1950's, as to whether mesothelioma was just a lung cancer or a special disease. It was known by several names, sometimes called pleural cancer, other times called endothelioma or mesothelioma. It is Dr. Lemen's opinion that the medical community associated the cause of mesothelioma with asbestos exposure perhaps as early as 1949 and that a consensus certainly formed no later than 1960.

Dr. Lemen may also testify as to significant pieces of medical literature and studies which have related asbestos to health risks. Dr. Lemen bases his opinion in part upon those articles noted in his bibliography and, more specifically, the following:

Annual report of the chief inspector of factories for the year 1898. HMSO, 1899, Part II, Reports, pp. 171-172.

Murray, H.M., "Report of the Departmental Committee on Compensation for Industrial Disease, Minutes of Evidence Appendices and Index, 3495-3496, London: Wyman and Sone (1907).

Pancoast, H.K., Miller, T.G., Landis, H.R.M., "A Roentgenologic Study of the Effects of Dust Inhalation upon the Lungs," Trans. Assoc. Amer. Phys. 32:97-108 (1917).

Cooke, W.E., "Pulmonary asbestosis," Br. Med.J., 2:1024-1025 (1927).

Cooke, W.E. and Hill, C.F., "Pneumoconiosis due to asbestos dust,", J. Royal Micr. Soc., 47:232-238, 1927, (reported in Br. Med. J., 1:890-891, 1927; cites in JAMA, 89:304, 1927).

Merewether, E.R.A., and Price, C.W., "Reports of the Effect of Asbestos Dust on the Lungs and Dust Suppression in the Asbestos Industry," pp. 5-34, London: HMSO (1930).

Merewether, E.R.A.. "A memorandum on asbestosis," Tubercle: 15:69-81, 109-118, 152-159, (1933, 1934).

Wood, W.B. and Gloyne, S.R.,. "Pulmonary asbestosis:  a review of one hundred cases," Lancet, 2:1383-1385 (1934).

Lynch, K.M. and Smith, W.A., "Pulmonary asbestosis.  III:  carcinoma of lung in asbestos-silicosis," Am. J. Cancer, 24:56-64 (1935).

Nordmann, M., "Der Berufskrebs der Asbestarbeiter," Z. Krebsforsch., 47:288-302 (1938).

Vorwald, A.J. and Karr, J.W., "Pneumoconiosis and pulmonary carcinoma," Am. J. Path., 14:49-57 (1938).

Hueper, W.C., Occupational tumors and allied diseases. Springfield, Ill:  Chas. C. Thomas, 1942, pp. 399-405.

Hueper, W.C., "Cancer in its relation to occupation and environment," Bull. Am. Soc. Control of Cancer, 25:63-69 (1943).

"Case records of the Massachusetts General Hospital. Case 33111," NEJM, 236:407-412 (1947).

Annual report of the chief inspector of factories for the year 1947. London: HMSO: 1949, pp. 78-81.

Doll, R., "Mortality from lung cancer in asbestos workers," Br. J. Ind. Med., 12:81-86 (1955).

Wagner, J.C., et al "Diffuse pleural mesothelioma and asbestos exposure in the North Western Cape Province," Brit. J. Industr. Med, 17:260-271 (1960).

Wagner, J.C., "Epidemiology of diffuse mesotheliomal tumors: evidence of an association from studies in South Africa and the United Kingdom," Ann. N.Y. Acad. Sci., 132:575-578 (1965).

This is the general nature of the possible testimony of Dr. Lemen.  However, he will not limit

any testimony to the specific articles above and may utilize certain other documents in conjunction

with his testimony such as other medical articles, trade association journals and corporate documents. His testimony will be directed to issues concerning the asbestos manufacturers and suppliers.

   7.  Dr. Arnold Brody
      Tulane Medical School
      1430 Tulane Avenue
      SL 79
      New Orleans, LA 70112

Dr. Brody may identify asbestos fiber and bodies by mineralogic classification. He may testify as to the general medical issues concerning the development, cause, and the diagnosis of mesothelioma, lung cancer, and/or other asbestos-related diseases. He may also testify about his research and opinions on the different types of asbestos, their propensity to cause disease and his opinions on the quantity and quality of asbestos to cause disease. Additionally, Dr. Brody may testify with regard to his research and writing with regard to asbestos and related diseases.

   8.  Any and all health care providers named herein above or in medical records of

      Plaintiff.

   9.  Any and all experts listed by any other party to this litigation.

In light of the fact that discovery is ongoing, Defendant reserves the right to seasonably supplement and amend the foregoing interrogatory.

**INTERROGATORY NO. 26**

If this is a wrongful death or survival action, please state:

a)  The date of death.

b)  Whether the deceased had a Last Will and Testament and whether any administration has been had on the decedent's estate.

**ANSWER TO INTERROGATORY NO. 26.**

Not applicable.

**INTERROGATORY NO. 27**

If Plaintiff has entered into any settlement agreement, or received any monies from a named Defendant or any third party to this action, please state:

a)  The name of the party or person with whom Plaintiff as entered into any settlement

   agreement.

b)  The date and terms of the agreement.

c)    The amount of money received by Plaintiff from each person or party.

## ANSWER TO INTERROGATORY NO. 27

Objection, Defendant is not entitled to the information requested regarding settlements with out a court order in light of confidentiality agreements regarding same. Plaintiff further objects on the grounds that the information requested is not likely to lead to the discovery of admissible evidence. However, not withstanding this objection, plaintiff responds that he has not entered into any settlements at this time.

## INTERROGATORY NO. 28

State when, (including the month, date and year), you first contacted an attorney for the purpose of obtaining professional legal services regarding your alleged asbestos exposure, and the date of any agreement to provide you with legal services regarding same.

## ANSWER TO INTERROGATORY NO. 28

Objection, Defendant is not entitled to information which is the subject of attorney-client privilege.


## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1

The reports of all expert witnesses whom Plaintiff may call at the trial of this case, and all documents reviewed by any such expert in connection with this matter.

## RESPONSE TO REQUEST NO. 1

None at this time but plaintiff reserves the right to seasonably supplement and amend.

## REQUEST FOR PRODUCTION NO. 2

All photographs, films, movies, or video recordings that depict or purport to depict anything relevant to any of the matters at issue in this case, including any of the matters alleged in your complaint or petition.

## RESPONSE TO REQUEST NO. 2

None at this time but Plaintiff reserves the right to seasonably supplement and amend.

## REQUEST FOR PRODUCTION NO. 3

All documents reflecting any claims or settlements made by you in connection with any asbestos-related injury or disease that you sustained.

## RESPONSE TO REQUEST NO. 3

Objection, defendant is not entitled to the information requested regarding settlements with out a court order in light of confidentiality agreements regarding same. Plaintiff further objects on the grounds that the information requested is not likely to lead to the discovery of admissible evidence. However, out of an abundance of caution and without waiving the foregoing objection, plaintiff responds that he has not entered into any settlements with respect to his asbestos claim

## REQUEST FOR PRODUCTION NO. 4

All documents (including, but not limited to, notes, calendars, diaries, or like materials) prepared or kept by you and all documents made by you in connection with (a) any exposure to asbestos or asbestos-containing materials; (b) any conduct of the Defendants with respect to asbestos or asbestos-containing products; (c) any asbestos-related injury, disease, or treatment (including mesothelioma); or (d) any elements of actual damages resulting from your claimed asbestos-related injury.

## RESPONSE TO REQUEST NO. 4

None known at this time. Discovery is ongoing and plaintiffs reserve the right to supplement as more information becomes available.

## REQUEST FOR PRODUCTION NO. 5

All documents that Plaintiff may seek to introduce into evidence at trial. This request includes, but is not limited to, (a) documents related to the use of asbestos or asbestos-containing products; (b) documents related to safety precautions in connection with asbestos or asbestos-containing products; and documents related to the medical risks associated with asbestos or asbestos-containing products.

## RESPONSE TO REQUEST NO. 5

Discovery is ongoing and plaintiffs reserve the right to supplement this interrogatory as more information becomes available.

**REQUEST FOR PRODUCTION NO. 6**

In all wrongful death cases, copies of the Decedent's death certificate, autopsy report and autopsy protocol.

**RESPONSE TO REQUEST NO. 6**

Not applicable.

**REQUEST FOR PRODUCTION NO. 7**

All copies of your medical records, including specifically any medical records relating to any respiratory, breathing, or lung related injury or illness (including, but not limited to, asbestosis, mesothelioma, emphysema, asthma, bronchitis, lung cancer and chronic obstructive pulmonary disease).

**RESPONSE TO REQUEST NO. 7**

Diagnosing medicals are attached hereto. Further, as medical records are requested they will be made available for inspection and copying at the law offices of Martzell and Bickford. Additionally, Plaintiff will execute appropriate medical releases so that defendants may obtain copies of medical records. These authorizations must be provider specific. Discovery is ongoing and Plaintiff reserves the right to supplement this request.

**REQUEST FOR PRODUCTION NO. 8**

All x-rays and pathology materials of any kind of the Plaintiff or Decedent.

**RESPONSE TO REQUEST NO. 8**

X-rays and pathology are either in the possession of Plaintiff's counsel or the applicable medical providers. As such, X-rays and pathology, if applicable, will be made available upon arrangement between counsel.

**REQUEST FOR PRODUCTION NO. 9**

All documents, including sales receipts and invoices, that support your claim that you were exposed to asbestos-containing products manufactured, distributed or sold by any Defendants.

**RESPONSE TO REQUEST NO. 9**

None at this time. However, discovery is ongoing and plaintiffs reserve the right to supplement as more information becomes available.

**REQUEST FOR PRODUCTION NO. 10**

      All materials provided to each consulting expert identified in response to Interrogatory No. 24(a) and copies of all materials prepared by such consulting experts.

**RESPONSE TO REQUEST NO. 10**

      Objection, Defendant is not entitled to attorney work product or any information relative to consulting experts.

**REQUEST FOR PRODUCTION NO. 11**

      All other documents identified in response to any of the attached interrogatories.

**RESPONSE TO REQUEST NO. 11**

      As discovery is ongoing, Plaintiff reserves the right to supplement as more information becomes available.

**REQUEST FOR PRODUCTION NO. 12**

      Please complete and sign all authorization forms attached hereto as Exhibits A through H and return a compete set of originals within five (5) days of signing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

      Plaintiff will sign authorizations which are directed to specific health care providers, employers, and/or other entities which prohibit verbal communication and require that undersigned counsel be provided with copies of documents released pursuant to the request.

                      Respectfully submitted,

                      **MARTZELL & BICKFORD**

                      **SCOTT R. BICKFORD, # 1165**
                      **JEFFREY M. BURG, #25993**
                      338 Lafayette Street
                      New Orleans, Louisiana 70130
                      (504) 581-9065
                      (504) 581-7635 (Fax)

                      **COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been sent to counsel for all

parties by delivery of same by Hand Delivery, Facsimile Transmission, or by placing a copy of

same in the United States Mail, postage prepaid, and properly addressed, this _30th_ day of

_November_ , 2005.

JEFFREY M. BURG

F:\Clients\Melford, Daniel\Discovery\Master Discovery.wpd

22

**MEADOWCREST HOSPITAL**
2500 Belle Chasse Highway
Gretna, LA 70056

Pathology Consultants, LLC
Phone (504)391-5183
Fax (504)207-1229

| SURGICAL PATHOLOGY |
| --- |

HEMELT, DON M.D.
SOSSAMAN, GREGORY M.D.
    Diplomates
AMERICAN BOARD OF
    PATHOLOGY

Spec No:          05-MS-05-01473
Date Received:   06/02/2005
Physician:      STAAB PAUL K

**DIAGNOSIS:**

    P11400, M80001, Q02   , Q12

**COMMENT:**

    The primary differential diagnosis is malignant epithelial mesothelioma versus
    metastatic adenocarcinoma. A panel of immunohistochemical stains is being
    obtained, and a final report will follow.

    TC 2

06/07/05   By: Don M. Hemelt, M.D.
JR          (Electronic Signature)

END OF REPORT

| | | |
| --- | --- | --- |
| *Patient:* MELFORD, DANIEL W | *Room:* 0333-3W | *Printed:* 06/13/05 1708 |
| *Med. Rec. #:* (0005)000283369 | *Doctor:* STAAB PAUL K | *Patient Type:* 1 |
| *Financial #:* 000156086 | | *Admit Date:* 05/31/05 |
| *Birth Date::* 12/19/1929 | LABORATORY CUMULATIVE | *Discharge Date:* 06/07/05 |

# MEADOWCREST HOSPITAL
2500 Belle Chasse Highway
Gretna, LA 70056

Pathology Consultants, LLC
Phone (504)391-5183
Fax (504)207-1229

## SURGICAL PATHOLOGY

HEMELT, DON M.D.
SOSSAMAN, GREGORY M.D.
    Diplomates
AMERICAN BOARD OF
    PATHOLOGY

Spec No:          05-MS-05-01473
Date Received:    06/02/2005
Physician:        STAAB PAUL K

**CLINICAL INFORMATION:**
Clinical Hx.:  Rt pleural effusion

Pre-Op Dx.:  Same

Post-Op Dx.:  Same

**SOURCE:**
Lung bx

**GROSS DESCRIPTION:**
Received in formalin are multiple fragments of yellowish-tan tissue sugges-
tive of pleura.  Some fragments are fibrofatty and some are more tan in color.
The individual fragments range in size from 0.3 cm to 2 cm in greatest
dimension.  Some of the larger fragments have thickened, plaque-like areas;
the greatest area of thickening measures approximately 0.3 cm.  The fragments
are sectioned and entirely submitted.


06/03/05   By: DR. DON M. HEMELT
JR

**MICROSCOPIC DESCRIPTION:**
Represented on the slide are sections of parietal pleura.  There are fragments
of fibrofatty and fibrous tissue present.  Some of the fragments are infil-
trated by a malignant epithelial neoplasm.  The tumor cells are characterized
by a moderate amount of clear cytoplasm.  The nuclei vary in size and shape.
Prominent nucleoli are present.  Occasional atypical mitotic figures are
present.  In addition, lymphoid aggregates are present in the fibrofatty
tissue.  Small fragments of skeletal muscle are also noted.

The primary differential diagnosis is a malignant epithelial mesothelioma
versus metastatic adenocarcinoma to the pleura.  A panel of immunohisto-
chemical studies is being obtained, and a final report will follow.


**DIAGNOSIS:**

PRELIMINARY DIAGNOSIS:
PLEURAL BIOPSIES:  MALIGNANT EPITHELIAL NEOPLASM.

*Patient:*   MELFORD, DANIEL W
*Med. Rec. #:* (0005)000283369
*Financial #:* 000156086
*Birth Date::* 12/19/1929

*Room:*  0333-3W
*Doctor:* STAAB PAUL K

**LABORATORY CUMULATIVE**

CONTINUED......
*Printed:*        06/13/05  1708
*Patient Type:*   1
*Admit Date:*     05/31/05
*Discharge Date:* 06/07/05

# MEADOWCREST HOSPITAL
2500 Belle Chasse Highway
Gretna, LA 70056

Pathology Consultants, LLC
Phone (504)391-5183
Fax (504)207-1229

ADDENDUM

HEMELT, DON M.D.
SOSSAMAN, GREGORY M.D.
     Diplomates
AMERICAN BOARD OF
     PATHOLOGY

Spec No:          05-MS-05-01473
Date Received:    06/02/2005
Physician:        STAAB PAUL K

---

ADDENDUM TEXT:

A.  A representative sample of the pleural biopsy involved with the malignant
neoplasm was evaluated on immunohistochemical analysis by Genzyme (Impath).
The results of the immunohistochemical findings are as follows:

CAM 5.2/AE1 - positive
CD15 - negative
CEA(P) - negative
MOC-31 - scant cells positive
Ber-EP4 - scant cells positive
calretinin - positive/strong
TTF-1 - negative
WT-1 - focally positive
CK5, 6 - focally positive
EMA - positive
CA125 - focally positive
HBME-1 - few cells positive
thrombomodulin - focally positive
B72.3 - negative.

The interpretation of these immunohistochemical findings is that they are
consistent with mesothelioma.

FINAL DIAGNOSIS:
PLEURAL BIOPSIES:  IMMUNOHISTOCHEMICAL FINDINGS SUPPORT THE DIAGNOSIS OF
MALIGNANT MESOTHELIOMA.
PLEASE CORRELATE WITH CLINICOPATHOLOGIC, AND RADIOLOGIC FINDINGS.
PLEASE SEE MICROSCOPIC DESCRIPTION ABOVE, AND SEPARATE REPORT FROM GENZYME.

TC: 4


M80003, P11400, F12920, M90503, M90503

06/13/05   By: Don M. Hemelt, M.D.
KB              (Electronic Signature)

---

Patient:    MELFORD, DANIEL W
Med. Rec. #: (00005)000283369
Financial #: 000156086
Birth Date:: 12/19/1929

Room:    0333-3W
Doctor:  STAAB PAUL K

LABORATORY CUMULATIVE

CONTINUED......
Printed:          06/13/05  1708
Patient Type:     1
Admit Date:       05/31/05
Discharge Date:   06/07/05

ADDENDUM

# genzyme

MR# 283369
Dr. Staab

**PATIENT NAME**
ME_ _RD, DANIEL W

SOC.SEC.#

**GENZYME #**
LA-05-023951

**SPECIMEN ID #**
MS-05-1473 A

**Gregory Sossaman, MD**
Meadowcrest Hospital
Department of Pathology
2500 Belle Chasse Highway
Gretna, LA 70056

Inst. Code: **MH084**
Phone: 504-391-5183
Fax:    504-207-1229

| | | |
|---|---|---|
| **BIRTH DATE** 12/19/1929 | **AGE** 75 | **GENDER** Male |
| **COLLECTION DATE/TIME** 06/02/2005 | | **DATE RECEIVED** 6/7/2005 |

**TREATING MD**

**BODY SITE**        Lung

**CLINICAL DATA**    Evaluate for mesothelioma.

**SPECIMEN RECEIVED**
1-Paraffin(s)

## IHC ANALYSIS

| Antibody/Tests | Marker For | Results |
|---|---|---|
| CAM5.2/AE-1 | CK 40, 48, 50, 50', 52, 56.5 kDa | Positive |
| CD15 | Epithelial, Myeloid Cells, and Reed-Sternberg Cells (LeuM1) | Negative |
| CEA (P) | Carcinoembryonic Antigen (Polyclonal), Adenocarcinomas | Negative |
| MOC 31 | Epithelial Cells, Adenocarcinoma | Scant Cells Positive |
| Ber-EP4 | Epithelial Antigen, Adenocarcinoma | Scant Cells Positive |
| CALRETININ | Ca-Binding Protein, Mesothelial Cells, Sex Cord Stromal Tumors | Positive/Strong |
| TTF-1 | Thyroid Transcription Factor-1, Lung and Thyroid Carcinomas | Negative |
| WT-1 | Mesothelial & Müllerian Tumors, DSRCT | Focally Positive |
| CK5,6 | Keratin: Mesothelial & Squamous Cells, some Adenocarcinomas | Focally Positive |
| EMA | Epithelial Membrane Antigen (E29) | Positive |
| CA125 | Ovarian, Breast, other Adenocarcinomas | Focally Positive |
| HBME-1 | Mesothelial Cells, some Adenocarcinomas | Few Cells Positive |
| THROMBOMODULIN | Mesothelioma, Mesothelial Cells | Focally Positive |
| B72.3 | Simple Epithelium, Adenocarcinoma | Negative |

**INTERPRETATION:**
THESE IMMUNOHISTOCHEMICAL FINDINGS ARE CONSISTENT WITH MESOTHELIOMA.

**COMMENTS:**
The tumor shows positive reactivity with CAM5.2/AE-1, CK5,6, EMA, and with the mesothelial markers, Calretinin, WT-1, CA125, Thrombomodulin, and few cells with HBME-1. Although there are scant cells staining positive with MOC 31 and Ber-EP4, which can be seen in a few mesotheliomas, the negative CEA, B72.3 and CD15 argue against a metastatic epithelial neoplasm. TTF-1 is negative.

Recommend clinicopathologic and radiologic correlation.

This case was reviewed with Dr. Da Silva and Dr. Kargas, who concur with the findings.

521 West 57th St.
New York, NY 10019
(800) 447-5816

5300 McConnell Ave.
Los Angeles, CA 90066
(800) 447-5816

810 E. Hammond Ln.
Phoenix, AZ 85034
(800) 645-6626

Page 1 of 2



PATIENT NAME
MEDFORD, DANIEL W

GENZYME #
LA-05-023951

ACU 283369

Reported by: LBF/cw

*Unless otherwise indicated, these tests were developed and the performance characteristics determined by GENZYME. These tests have not been cleared or approved by the U.S. Food and Drug Administration.*
*Known positive tissues are tested with each IHC antibody, examined to ensure positivity, and returned with each case.*
*This service is an adjunct to the evaluation of the referring pathologist and does not represent a final diagnosis.*

LYDIA BALATIAN-FLORES, M.D.
Pathologist – Los Angeles
Electronically signed 06/10/2005

521 West 57th St.
New York, NY 10019
(800) 447-5816

5300 McConnell Ave.
Los Angeles, CA 90066
(800) 447-5816

810 E. Hammond Ln.
Phoenix, AZ 85034
(800) 645-6626

# MEADOWCREST HOSPITAL

2500 Belle Chasse Highway
Gretna, LA 70056

Pathology Consultants, LLC
Phone (504)391-5183
Fax (504)207-1229

## CYTOLOGY

HEMELT, DON M.D.
SOSSAMAN, GREGORY M.D.
   Diplomates
AMERICAN BOARD OF
   PATHOLOGY

| | |
|---|---|
| Spec No: | 05-MN-05-00240 |
| Date Received: | 05/19/2005 |
| Physician: | STAAB PAUL K |

**SOURCE:**
   Pleural fluid

**CLINICAL INFORMATION:**
   Clinical Hx.: No previous hx obtained

   Pre-Op Dx.: Pleural fluid rt chest

   Post-Op Dx.: _

**GROSS DESCRIPTION:**
   Received is approximately 1 liter of reddish, cloudy fluid. From this, multiple cytospin preparations stained with Papanicolaou and Diff-Quik stains are prepared. Also prepared is a cell block, cut at four levels.

**MICROSCOPIC DESCRIPTION:**
   Examination of the smears shows a hypercellular specimen containing numerous cohesive groups of cells forming small papillary clusters and also present in isolated single cells. Cell have eccentric nuclear placement and relatively abundant cytoplasm. Many of the cells are markedly enlarged, however, and show only mild nuclear irregularities. Occasional nucleoli are prominent. Examination of the cell block preparation reveals numerous cohesive groups of cells forming small, cohesive, papillary aggregates. Individual tumor cells are also present, but for the most part, the cells are present in cohesive groups. They show abundant eosinophilic cytoplasm. Nuclear membrane irregularities are moderate, with prominent nucleoli present. Scattered lumina and intracytoplasmic vacuoles are noted.

**DIAGNOSIS:**
   RIGHT PLEURAL FLUID, CYTOPATHOLOGIC STUDY:  POSITIVE FOR MALIGNANT NEOPLASM. SPECIAL STAINS ARE PENDING, AND SUPPLEMENTAL REPORT WILL BE ISSUED.

   T2Y601, M80003, Q01   , Q12

   05/23/05   By: Gregory Sossaman, M.D.
   KB        (Electronic  Signature)

END OF REPORT

*Patient:*   MELFORD, DANIEL W
*Med. Rec. #:* (0005)000283369
*Financial #:* 000129950
*Birth Date::* 12/19/1929

*Room:*   0434-4E
*Doctor:*  STAAB PAUL K

LABORATORY CUMULATIVE

*Printed:*    05/26/05   1755
*Patient Type:*   1
*Admit Date:*  05/18/05
*Discharge Date:*  05/20/05

# MEADOWCREST HOSPITAL

2500 Belle Chasse Highway
Gretna, LA 70056

Pathology Consultants, LLC
Phone (504)391-5183
Fax (504)207-1229

ADDENDUM

HEMELT, DON M.D.
SOSSAMAN, GREGORY M.D.
    Diplomates
AMERICAN BOARD OF
    PATHOLOGY

Spec No:
Date Received:
Physician:

05-MN-05-00240
05/19/2005
STAAB PAUL K

---

**ADDENDUM TEXT:**

Immunohistochemical stains were performed, including a calretinin, TTF-1,
CD-15, and CEA.  The stains were performed with adequate positive and negative
controls.  The tumor cells are positive for calretinin, and negative for
TTF-1, CD-15 and CEA.

SUPPLEMENTAL DIAGNOSIS:
RIGHT PLEURAL FLUID: CYTOLOGIC PATTERN OF MALIGNANT NEOPLASM WITH FEATURES
SUGGESTIVE OF A MESOTHELIAL ORIGIN.  THE IMMUNOHISTOCHEMICAL STAINS SUPPORT
THIS ORIGIN.

Further fixed tissue studies are recommended.  The diagnosis requires the
appropriate clinical scenario along with specific pathologic findings.

TC:2

F12920, M80011, M80003, F01830

05/26/05   By: Gregory Sossaman, M.D.
JR              (Electronic  Signature)

---

Patient:    MELFORD, DANIEL W
Med. Rec. #: (0005)000283369
Financial #: 000129950
Birth Date:: 12/19/1929

Room:   0434-4E
Doctor: STAAB PAUL K

LABORATORY CUMULATIVE

CONTINUED......
Printed:       05/26/05   1755
Patient Type:   1
Admit Date:     05/18/05
Discharge Date:  05/20/05

ADDENDUM

Page #   1

**D**

1

```
 1        19TH JUDICIAL DISTRICT COURT

 2      FOR THE PARISH OF EAST BATON ROUGE

 3            STATE OF LOUISIANA

 4

 5  DANIEL W. MELFORD, SR.            NO. 537-873

 6

 7  VERSUS                           SECTION: 26

 8

 9  PETER TERRITO; REILLY-BENTON, INC.; EAGLE,

10  INC.; MCCARTY CORPORATION; TAYLOR-SEIDENBACH,

11  INC.; UNIROYAL, INC.; OWENS-ILLINOIS, INC.;

12  GARLOCK, INC.; RAPID AMERICAN CORPORATION;

13  FOSTER WHEELER CORPORATION; MURPHY EXPLORATION

14  AND PRODUCTION COMPANY, AS SUCCESSOR TO ODECO

15  OIL AND GAS CO.; NOBLE DRILLING COMPANY; UNION

16  CARBIDE CORPORATION, AS SUCCESSOR TO UNION

17  CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.,

18  AS SUCCESSOR TO UNION CARBIDE CORPORATION, AS

19  SUCCESSOR TO UNION CARBIDE AND CARBON

20  CORPORATION; CONOCOPHILLIPS COMPANY, AS

21  SUCCESSOR TO PHILLIPS PETROLEUM COMPANY AND/OR

22  PHILLIPS CHEMICAL HOLDING COMPANY, AS SUCCESSOR

23  TO DRILLING SPECIALTIES COMPANY; MONTELLO,

24  INC.; GULF OIL CORPORATION, INDIVIDUALLY AND AS

25  SUCCESSOR TO CHEVRON U.S.A., INC.; NORTHROP
```

2

1   GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND

2   AS SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND

3   AVONDALE INDUSTRIES, INC.; TRAVELERS INSURANCE

4   COMPANY; ONE BEACON RISK MANAGEMENT, INC., AS

5   SUCCESSOR TO COMMERCIAL UNION RISK MANAGEMENT,

6   INC., AS SUCCESSOR TO COMMERCIAL UNION

7   INSURANCE CO.; AND SHELL OIL COMPANY

8   *  *  *  *  *  *  *  *  *  *  *  *  *

9

10                  VOLUME I

11

12            Videotape Deposition of DANIEL W.

13   MELFORD, SR., 9544 Barataria Boulevard,

14   Marrero, Louisiana, given at the offices of

15   MARTZELL & BICKFORD, 338 Lafayette Street, New

16   Orleans, Louisiana 70130, on Tuesday, December

17   6th, 2005.

18

19   APPEARANCES:

20

21      MARTZELL & BICKFORD

22      (BY:  JEFFREY M. BURG, ESQ.)

23      338 Lafayette Street

24      New Orleans, Louisiana  70130

25            Attorney For Plaintiff

3

```
1
2    APPEARANCES CONTINUED:
3
4         LEE, FUTRELL & PERLES, LLP
5         (BY:  GARY A. LEE, ESQ.)
6         Suite 4120
7         201 St. Charles Avenue
8         New Orleans, Louisiana 70170-4120
9              Attorney For Peter Territo
10
11        BERNARD, CASSISA, ELLIOTT & DAVIS
12        (BY:  STEPHEN N. ELLIOTT, ESQ.)
13        1615 Metairie Road
14        Post Office Box 55490
15        Metairie, Louisiana  70055-5490
16             Attorney For Reilly-Benton, Inc.
17
18        MONTGOMERY, BARNETT, BROWN, READ, HAMMOND &
19        MINTZ, L.L.P.
20        (BY:  ALISON S. BORISON, ESQ.)
21        3200 Energy Centre
22        1100 Poydras Street
23        New Orleans, Louisiana  70163-3200
24             Attorney For Eagle, Inc.
25
```

4

```
 1

 2   APPEARANCES CONTINUED:

 3

 4       SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.

 5       (BY:  MICHAEL D. HAROLD, ESQ.)

 6       30th Floor, Energy Centre

 7       1100 Poydras Street

 8       New Orleans, Louisiana  70163-3000

 9            Attorney For McCarty Corporation

10

11       FORMAN, PERRY, WATKINS, KRUTZ & TARDY, PLLC

12       (BY:  DEAN CHURCH, ESQ.)

13       Suite 1300

14       1515 Poydras Street

15       New Orleans, Louisiana  70112

16            Attorney For O-I

17

18       LYNN LUKER & ASSOCIATES

19       (BY:  JANET L. MACDONELL, ESQ.)

20       3433 Magazine Street

21       New Orleans, Louisiana  70115

22            Attorney For Foster Wheeler

23            Corporation

24

25
```

5

```
1   APPEARANCES CONTINUED:

2

3        LEMLE & KELLEHER, L.L.P.

4        (BY:  ROBERT S. EMMETT, ESQ.

5        And JAMES H. DAIGLE, ESQ.)

6        21st Floor

7        Pan-American Life Center

8        601 Poydras Street

9        New Orleans, Louisiana  70130-6097

10            Attorneys For Murphy Exploration

11

12       GOODWIN GRUBER

13       (BY:  ALAN H. MARKS, ESQ.)

14       Suite 2700, 5 Houston Center

15       1401 McKinney Street

16       Houston, Texas  77010-4034

17            Attorney For Noble Drilling

18

19       BAKER BOTTS, LLP

20       (BY:  KEVIN M. JORDAN, ESQ.)

21       One Shell Plaza

22       910 Louisiana

23       Houston, Texas  77002-4995

24            Attorney For Union Carbide

25            Corporation
```

6

```
 1
 2   APPEARANCES CONTINUED:
 3
 4       ADAMS AND REESE, LLP
 5       (BY:  ALEX E. COSCULLUELA, ESQ.)
 6       4400 One Houston Center
 7       1221 McKinney
 8       Houston, Texas  77010
 9            Attorney For ConocoPhillips
10
11       RABALAIS, HANNA & HEBERT
12       (BY:  MELVIN A. EIDEN, ESQ.)
13       Suite 210
14       701 Robley Drive
15       Lafayette, Louisiana  70503
16            Attorney For Montello, Inc.
17
18       ANDREW S. HARTMAN, P.C.
19       (BY:  ANDREW S. HARTMAN, ESQ.)
20       5303 South Lewis Avenue
21       Post Office Box 700450
22       Tulsa, Oklahoma  74170
23            Attorney For Montello, Inc.
24
25
```

7

```
1
2    APPEARANCES CONTINUED:
3
4
5        KEAN MILLER HAWTHORNE D'ARMOND McCOWAN &
6        JARMAN, LLP
7        (BY:  ROBERT E. DILLE, ESQ.)
8        22nd Floor
9        One American Place
10       Post Office Box 3513
11       Baton Rouge, Louisiana  70821
12            Attorney For Gulf Oil Corporation and
13            Shell Oil Company
14
15
16       BLUE WILLIAMS, LLP
17       (BY:  CHRISTOPHER T. GRACE, III, ESQ.)
18       9th Floor
19       3421 North Causeway Boulevard
20       Metairie, Louisiana  70002
21            Attorney For Northrop Grumman Ship
22            Systems, Inc.
23
24
25
```

8

```
 1
 2   APPEARANCES CONTINUED:
 3
 4
 5        LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
 6        (BY:  GORDON P. WILSON, ESQ.)
 7        27th Floor
 8        Pan-American Life Center
 9        601 Poydras Street
10        New Orleans, Louisiana  70130-6027
11             Attorney For Travelers Indemnity
12             Company
13
14
15   ALSO PRESENT:
16
17        Todd Meaux
18        Depo-Vue, Inc.
19
20
21
22
23
24
25
```

9

1

2

3  REPORTED BY:

4

5      MARY E. NELSON, CCR

6      CERTIFIED COURT REPORTER

7

8

9

10

11

12       E X A M I N A T I O N   I N D E X

13

14  EXAMINATION BY:                    PAGE

15

16  Mr. Burg                          16

17

18

19

20

21

22

23

24

25

62

1   I'm doing this today.  Maybe after the holidays

2   maybe I'm gonna wind up in the hospital or

3   something.  I don't want to die in no

4   hospital.

5            Because I don't know when the

6   fluid is start coming back, you know.  But the

7   only plans I have is to hope that I can somehow

8   or another be spared a little longer.

9            MR. BURG:

10            Thank you, Mr. Melford.  I have

11        no further questions.

12

13            *      *      *

14

15  (Whereupon the taking of the witness' testimony

16  was concluded.)

17

18

19

20

21

22

23

24

25

63

```
 1              REPORTER'S CERTIFICATE

 2

 3          I, MARY E. NELSON, CCR, Certified

 4  Court Reporter in and for the State of

 5  Louisiana, do hereby certify that the

 6  aforementioned witness, after having been first

 7  duly sworn by me to testify to the truth, did

 8  testify as hereinabove set forth;

 9          That said deposition was taken by me

10  in computer shorthand and thereafter

11  transcribed under my supervision, and is a true

12  and correct transcription to the best of my

13  ability and understanding.

14          I further certify that I am not of

15  counsel, nor related to counsel or the parties

16  hereto, and am in no way interested in the

17  result of said cause.

18

19

20

21

22

23
                   _____
24                 MARY E. NELSON, CCR
                   CERTIFIED COURT REPORTER
25
```

1

```
 1        19TH JUDICIAL DISTRICT COURT

 2      FOR THE PARISH OF EAST BATON ROUGE

 3            STATE OF LOUISIANA

 4

 5  DANIEL W. MELFORD, SR.            NO. 537-873

 6

 7  VERSUS                        SECTION: 26

 8

 9  PETER TERRITO; REILLY-BENTON, INC.; EAGLE,

10  INC.; MCCARTY CORPORATION; TAYLOR-SEIDENBACH,

11  INC.; UNIROYAL, INC.; OWENS-ILLINOIS, INC.;

12  GARLOCK, INC.; RAPID AMERICAN CORPORATION;

13  FOSTER WHEELER CORPORATION; MURPHY EXPLORATION

14  AND PRODUCTION COMPANY, AS SUCCESSOR TO ODECO

15  OIL AND GAS CO.; NOBLE DRILLING COMPANY; UNION

16  CARBIDE CORPORATION, AS SUCCESSOR TO UNION

17  CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.,

18  AS SUCCESSOR TO UNION CARBIDE CORPORATION, AS

19  SUCCESSOR TO UNION CARBIDE AND CARBON

20  CORPORATION; CONOCOPHILLIPS COMPANY, AS

21  SUCCESSOR TO PHILLIPS PETROLEUM COMPANY AND/OR

22  PHILLIPS CHEMICAL HOLDING COMPANY, AS SUCCESSOR

23  TO DRILLING SPECIALTIES COMPANY; MONTELLO,

24  INC.; GULF OIL CORPORATION, INDIVIDUALLY AND AS

25  SUCCESSOR TO CHEVRON U.S.A., INC.; NORTHROP
```

2

1   GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND

2   AS SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND

3   AVONDALE INDUSTRIES, INC.; TRAVELERS INSURANCE

4   COMPANY; ONE BEACON RISK MANAGEMENT, INC., AS

5   SUCCESSOR TO COMMERCIAL UNION RISK MANAGEMENT,

6   INC., AS SUCCESSOR TO COMMERCIAL UNION

7   INSURANCE CO.; AND SHELL OIL COMPANY

8   *  *  *  *  *  *  *  *  *  *  *  *  *

9

10                  VOLUME II

11

12           Videotape Deposition of DANIEL W.

13   MELFORD, SR., 9544 Barataria Boulevard,

14   Marrero, Louisiana, given at the offices of

15   MARTZELL & BICKFORD, 338 Lafayette Street, New

16   Orleans, Louisiana 70130, on Tuesday, December

17   6th, 2005.

18

19   APPEARANCES:

20

21       MARTZELL & BICKFORD

22       (BY:  JEFFREY M. BURG, ESQ.)

23       338 Lafayette Street

24       New Orleans, Louisiana  70130

25               Attorney For Plaintiff

3

```
 1
 2  APPEARANCES CONTINUED:
 3
 4      LEE, FUTRELL & PERLES, LLP
 5      (BY:  GARY A. LEE, ESQ.)
 6      Suite 4120
 7      201 St. Charles Avenue
 8      New Orleans, Louisiana 70170-4120
 9          Attorney For Peter Territo
10
11      BERNARD, CASSISA, ELLIOTT & DAVIS
12      (BY:  STEPHEN N. ELLIOTT, ESQ.)
13      1615 Metairie Road
14      Post Office Box 55490
15      Metairie, Louisiana  70055-5490
16          Attorney For Reilly-Benton, Inc.
17
18      MONTGOMERY, BARNETT, BROWN, READ, HAMMOND &
19      MINTZ, L.L.P.
20      (BY:  ALISON S. BORISON, ESQ.)
21      3200 Energy Centre
22      1100 Poydras Street
23      New Orleans, Louisiana  70163-3200
24          Attorney For Eagle, Inc.
25
```

4

1

2   APPEARANCES CONTINUED:

3

4      SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.

5      (BY:  MICHAEL D. HAROLD, ESQ.)

6      30th Floor, Energy Centre

7      1100 Poydras Street

8      New Orleans, Louisiana  70163-3000

9           Attorney For McCarty Corporation

10

11     FORMAN, PERRY, WATKINS, KRUTZ & TARDY, PLLC

12     (BY:  DEAN CHURCH, ESQ.)

13     Suite 1300

14     1515 Poydras Street

15     New Orleans, Louisiana  70112

16          Attorney For O-I

17

18     LYNN LUKER & ASSOCIATES

19     (BY:  JANET L. MACDONELL, ESQ.)

20     3433 Magazine Street

21     New Orleans, Louisiana  70115

22          Attorney For Foster Wheeler

23          Corporation

24

25

5

```
1   APPEARANCES CONTINUED:

2

3        LEMLE & KELLEHER, L.L.P.

4        (BY:  ROBERT S. EMMETT, ESQ.

5        And JAMES H. DAIGLE, ESQ.)

6        21st Floor

7        Pan-American Life Center

8        601 Poydras Street

9        New Orleans, Louisiana  70130-6097

10            Attorneys For Murphy Exploration

11

12       GOODWIN GRUBER

13       (BY:  ALAN H. MARKS, ESQ.)

14       Suite 2700, 5 Houston Center

15       1401 McKinney Street

16       Houston, Texas  77010-4034

17            Attorney For Noble Drilling

18

19       BAKER BOTTS, LLP

20       (BY:  KEVIN M. JORDAN, ESQ.)

21       One Shell Plaza

22       910 Louisiana

23       Houston, Texas  77002-4995

24            Attorney For Union Carbide

25            Corporation
```

6

1

2  APPEARANCES CONTINUED:

3

4      ADAMS AND REESE, LLP

5      (BY:  ALEX E. COSCULLUELA, ESQ.)

6      4400 One Houston Center

7      1221 McKinney

8      Houston, Texas  77010

9          Attorney For ConocoPhillips

10

11     RABALAIS, HANNA & HEBERT

12     (BY:  MELVIN A. EIDEN, ESQ.)

13     Suite 210

14     701 Robley Drive

15     Lafayette, Louisiana  70503

16         Attorney For Montello, Inc.

17

18     ANDREW S. HARTMAN, P.C.

19     (BY:  ANDREW S. HARTMAN, ESQ.)

20     5303 South Lewis Avenue

21     Post Office Box 700450

22     Tulsa, Oklahoma  74170

23         Attorney For Montello, Inc.

24

25

7

1

2  APPEARANCES CONTINUED:

3

4

5      KEAN MILLER HAWTHORNE D'ARMOND McCOWAN &

6      JARMAN, LLP

7      (BY:  ROBERT E. DILLE, ESQ.)

8      22nd Floor

9      One American Place

10     Post Office Box 3513

11     Baton Rouge, Louisiana  70821

12          Attorney For Gulf Oil Corporation and

13          Shell Oil Company

14

15

16     BLUE WILLIAMS, LLP

17     (BY:  CHRISTOPHER T. GRACE, III, ESQ.)

18     9th Floor

19     3421 North Causeway Boulevard

20     Metairie, Louisiana  70002

21          Attorney For Northrop Grumman Ship

22          Systems, Inc.

23

24

25

8

```
1

2   APPEARANCES CONTINUED:

3

4

5        LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD

6        (BY:  GORDON P. WILSON, ESQ.)

7        27th Floor

8        Pan-American Life Center

9        601 Poydras Street

10       New Orleans, Louisiana  70130-6027

11             Attorney For Travelers Indemnity

12             Company

13

14

15  ALSO PRESENT:

16

17       Todd Meaux

18       Depo-Vue, Inc.

19

20

21  REPORTED BY:

22

23       MARY E. NELSON, CCR

24       CERTIFIED COURT REPORTER

25
```

255

1    Bridge?

2        A.    Frank Limerson.  And the toolpusher

3    was Preue.  It was two brothers.  One was

4    Ernest and I don't know what the other one

5    name.  Preue.  Because Noble wasn't supposed to

6    work ten folks on the rig.  But they had a way

7    of getting around that, too.

8              MR. MARKS:

9                Objection.  Responsiveness.

10             THE WITNESS:

11               But it was really something what

12               you're saying about that rig.  Every

13               two days we had to add onto the step

14               part.  The barge sinking lower and

15               lower in the water because the steps

16               going up to the rig.  Lost the power

17               barge.

18               And it got so bad that we had to

19               turn-buckle the motors on the power

20               barge so they wouldn't slide off.

21             MR. MARKS:

22               Thank you, Mr. Melford.  That's

23               all I have.

24             THE WITNESS:

25               Thank you.  Thank you and amen.

256

1  And I thank all of you-all for coming.

2

3                 *      *      *

4

5  (Whereupon the taking of the witness' testimony

6  was concluded.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

257

1          REPORTER'S CERTIFICATE

2

3          I, MARY E. NELSON, CCR, Certified

4    Court Reporter in and for the State of

5    Louisiana, do hereby certify that the

6    aforementioned witness, after having been first

7    duly sworn by me to testify to the truth, did

8    testify as hereinabove set forth;

9          That said deposition was taken by me

10   in computer shorthand and thereafter

11   transcribed under my supervision, and is a true

12   and correct transcription to the best of my

13   ability and understanding.

14          I further certify that I am not of

15   counsel, nor related to counsel or the parties

16   hereto, and am in no way interested in the

17   result of said cause.

18

19

20

21

22

23

24   _____
     MARY E. NELSON, CCR
     CERTIFIED COURT REPORTER
25

**E**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. F S COURT
MI   LA

2006 FEB -3  P 2: 09

BY    ERK

DANIEL W. MELFORD, SR.

VERSUS                                    CIVIL ACTION

PETER TERRITO, ET AL                      NO. 05-1405

## ORDER AMENDING RULING AND REFERRING CASE
## FOR EXPEDITED CONSIDERATION

Before the court is a motion (doc. 32) by defendant Peter Territo to include

language in the court's ruling (doc. 31) on plaintiff Daniel Melford's motion to remand

to allow for appeal of the ruling under 28 U.S.C. § 1292(b).  Territo's motion (doc.

32) is **GRANTED**.

**IT IS HEREBY ORDERED** that the court's ruling (doc. 31) is amended to

include the following language:

"The court is of the opinion that this ruling involves a controlling question of

law as to which there is substantial ground for difference of opinion, and an

immediate appeal may advance the ultimate termination of this litigation."



cc: SRB , SRD

1

Case 3:05-cv-01405-JVP-DLD    Document 35    Filed 02/03/2006    Page 2 of 2

**IT IS FURTHER ORDERED** that this matter is referred to Magistrate Judge Docia L. Darby so that discovery may proceed on an expedited basis, looking toward an early trial date.

Baton Rouge, Louisiana, February 3, 2006.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

F

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL MELFORD                                         CIVIL ACTION

VERSUS

PETER TERRITO, ET AL                                  NO. 05-1405-JVP-DLD


## PLAINTIFF'S FACT AND EXPERT WITNESS LIST AND DISCLOSURES

NOW COMES Plaintiff who files his designation of fact and expert witnesses in this captioned proceedings and pursuant to the Scheduling Order governing the progress of this litigation toward trial and pursuant to FRCP Rule 26(a)(2)(A), provides the following:

1.      Dr. Arnold Brody
        Tulane Medical School
        1430 Tulane Avenue
        SL 79
        New Orleans, LA 70112

Dr. Brody may identify asbestos fiber and bodies by mineralogic classification. He may testify as to the general medical issues concerning the development, cause, and the diagnosis of mesothelioma, lung cancer, and/or other asbestos-related diseases. He may also testify about his research and opinions on the different types of asbestos, their propensity to cause disease and his opinions on the quantity and quality of asbestos to cause disease. Additionally, Dr. Brody may testify with regard to his research and writing with regard to asbestos and related diseases. Please see trial testimony taken In Re: Abadie v. Metropolitan Life, et al. Testimony is available for inspection and copying at Martzell & Bickford.

2.   Dr. William Longo
Richard Hatfield
MAS, Inc.
3945 Lakefield Court
Suwanee, GA 30024

Dr. Longo and Mr. Hatfield are experts in material analysis. They may testify concerning the physical and chemical composition of the various asbestos-containing products manufactured by the defendants in this case including friction products, pipe covering, block, gaskets, wallboard, cloth and drilling muds. Dr. Longo and Mr. Hatfield may testify concerning the friability of the various asbestos-containing products manufactured by the defendants. They may also testify concerning the various methods for measurement of asbestos dust. Additionally, their testimony may include information and opinions concerning the tindel effect and the quantity of asbestos that is released in the ambient atmosphere through the installation and repair of asbestos-containing products.

3.   Dr. Richard A. Lemen - Expert
241 Rose Ridge Court
Canton, GA 30115

Dr. Lemen is an industrial hygienist and public health and occupational disease expert who may testify live or by deposition that:

(1)   The defendants knew or should have known historically that asbestos inhalation could cause asbestosis, lung cancer, mesothelioma, and other asbestos-related diseases.

(2)   Dr. Lemen may also testify that a person exposed to asbestos is at a higher risk than the normal individual to develop some form of cancer. Dr. Lemen may also testify that it is his opinion that ten years after the cessation of cigarette smoking the risk of lung cancer attributable to smoking is almost nil. He may also testify that only 8% - 12% of those who smoke cigarettes in heavy quantities will ever suffer any form of lung cancer. The basis of this opinion is founded on

-2-

recent statistics filed by the National Cancer Institute, the United States Public Service, and Herbert Seidemann and others.

Furthermore, Dr. Lemen may testify concerning the following:

Between the years 1898 and 1930, the medical community gradually became aware of a fibrotic lung disease which, in 1927, actually received the name asbestosis. It is Dr. Lemen's opinion that by 1930 there was a general acceptance that exposure to asbestos was linked to a serious lung disease. This disease was caused by the inhalation of asbestos dust in quantities sufficient to cause scarring in the lungs. If the scarring was serious enough, it could be incapacitating and/or fatal.

The first cancer cases which were reported in association with asbestos exposure appeared in 1934. Over the next two decades, there were a series of articles published associating asbestos exposure and lung cancer. It is Dr. Lemen's opinion that, by 1949, there was a causal relationship established between asbestos exposure and cancer.

There was considerable debate, from the 1930's through the 1950's, as to whether mesothelioma was just a lung cancer or a special disease. It was known by several names, sometimes called pleural cancer, other times called endothelioma or mesothelioma. It is Dr. Lemen's opinion that the medical community associated the cause of mesothelioma with asbestos exposure perhaps as early as 1949 and that a consensus certainly formed no later than 1960.

Dr. Lemen may also testify as to significant pieces of medical literature and studies which have related asbestos to health risks. Dr. Lemen bases his opinion in part upon those articles noted in his bibliography and, more specifically, the following:

Annual report of the chief inspector of factories for the year 1898. HMSO, 1899, Part II, Reports, pp. 171-172.

-3-

Murray, H.M., "Report of the Departmental Committee on Compensation for Industrial Disease, Minutes of Evidence Appendices and Index, 3495-3496, London: Wyman and Sone (1907)

Pancoast, H.K., Miller, T.G., Landis, H.R.M., "A Roentgenologic Study of the Effects of Dust Inhalation upon the Lungs," Trans. Assoc. Amer. Phys. 32:97-108 (1917)

Cooke, W.E., "Pulmonary asbestosis," Br. Med.J., 2:1024-1025 (1927)

Cooke, W.E. and Hill, C.F., "Pneumoconiosis due to asbestos dust,", J. Royal Micr. Soc., 47:232-238, 1927, (reported in Br. Med. J., 1:890-891, 1927; cites in JAMA, 89:304, 1927)

Merewether, E.R.A., and Price, C.W., "Reports of the Effect of Asbestos Dust on the Lungs and Dust Suppression in the Asbestos Industry," pp. 5-34, London: HMSO (1930)

Merewether, E.R.A., "A memorandum on asbestosis," Tubercle: 15:69-81, 109-118, 152-159, (1933, 1934)

Wood, W.B. and Gloyne, S.R.,. "Pulmonary asbestosis: a review of one hundred cases," Lancet, 2:1383-1385 (1934)

Lynch, K.M. and Smith, W.A., "Pulmonary asbestosis. III: carcinoma of lung in asbestos-silicosis," Am. J. Cancer, 24:56-64 (1935)

Nordmann, M., "Der Berufskrebs der Asbestarbeiter," Z. Krebsforsch., 47:288-302 (1938)

Vorwald, A.J. and Karr, J.W., "Pneumoconiosis and pulmonary carcinoma," Am. J. Path., 14:49-57 (1938)

Hueper, W.C., Occupational tumors and allied diseases. Springfield, Ill: Chas. C. Thomas, 1942, pp. 399-405.

Hueper, W.C., "Cancer in its relation to occupation and environment," Bull. Am. Soc. Control of Cancer, 25:63-69 (1943)

"Case records of the Massachusetts General Hospital. Case 33111," NEJM, 236:407-412 (1947)

Annual report of the chief inspector of factories for the year 1947. London: HMSO: 1949, pp. 78-81.

Doll, R., "Mortality from lung cancer in asbestos workers," Br. J. Ind. Med., 12:81-86 (1955)

Wagner, J.C., et al "Diffuse pleural mesothelioma and asbestos exposure in the North Western Cape Province," Brit. J. Industr. Med, 17:260-271 (1960)

Wagner, J.C., "Epidemiology of diffuse mesotheliomal tumors: evidence of an association from studies in South Africa and the United Kingdom," Ann. N.Y. Acad. Sci., 132:575-578 (1965)

The results from animal bioassays present a strong case that there is no safe form of asbestos. Wagner et al. (1979), then with the U.K.s Medical Research Council (MRC), have shown that a commercial grade, predominantly short fiber Canadian chrysotile, which is used primarily for paint and plastic tile fillers, can induce mesotheliomas when injected intrapleurally into rats, and induce primary lung neoplasm when the animals are exposed by inhalation. Not only does it appear that chrysotile is as potent as crocidolite and the other amphiboles in inducing mesotheliomas after intrapleural injections (Wagner at al., 1973), but also equally potent in inducing pulmonary neoplasm after inhalation exposures (Wagner at al., 1974). In terms of degree of response related to the quality of dust deposited and retained in the lungs of rats, chrysotile appears to be much more fibrogenic and carcinogenic than the amphiboles (Wagner et al., 1974). Epidemiologic evidence combined with the animal data supports the role that all fiber- types, including chrysotile, are responsible in the etiology of lung cancer and mesothelioma as well as other cancers.

The 1984 Report of the Royal Commission on Matters of Health and Safety Arising from the Use of Asbestos in Ontario concludes that "All fibre types can cause all asbestos-related diseases, . . ." (Dupre' at al., 1984). This supports the finding of reported cases of mesothelioma among brake

mechanics exposed to chrysotile (Langer at al., 1982; and Haucharek, 1987). Mancuso (1988; 1990) further contends, based upon his analysis of railroad machinists, that commercial chrysotile asbestos has caused mesotheliomas and that the risk is greater than previously asserted. There is further concern that chrysotile is rarely found in its pure form and that most chrysotile deposits are contaminated with the amphibole tremolite, which is agreed by experts to be a toxic form of asbestos (Sebastien at al., 1989). In the most recent review of the evidence, Stayner, Dankovic, and Lemen, of the National Institute for Occupational Safety and Health conclude that "Given the evidence of a significant lung cancer risk, the lack of conclusive evidence for the amphibole hypothesis, and the fact that workers are generally exposed to a mixture of fibers, we conclude that it is prudent to treat chrysotile with virtually the same level of concern as the amphibole forms of asbestos" (Stayner, Dankovic, and Lemen, 1996).

Chrysotile fibers are much more chemically and biologically reactive than amphibole fibers and because of this reactivity with the tissues, they lose their structural elements and divide into smaller fibrils, making their recognition difficult by the usual analytical methods. In fact, many of the fibers are removed from the lung and exhaled back through the bronchi or removed by the lymphatic system to other organs of the body (Marten at al., 1989; Davis, 1979; Davis et al., 1986a; and Davis et al., 1986b). The concentration of dust in the lungs of rats exposed to Canadian chrysotile was only 1 .8% - 2.2% of the dust concentration in he lungs of animals exposed to amphiboles (after 24 months of inhalation exposures). Yet the lung tumor incidence and degrees of pulmonary fibrosis were similar in all groups. These findings support the idea that chrysotile fibers cause more cellular injury, fibrosis and lung cancer, than the amphiboles, while at the same time are less readily detected in the tissue after the damage is done. Churg et al. (1989a) concludes that the

failure of chrysotile to accumulate in the lung is a result of preferential chrysotile clearance during the first few days to weeks after exposure and that dissolution plays no role in the clearance and that the preferential clearance may be a result of fragmentation and rapid removal of the chrysotile fibers. Suzuki et al. (1998) in 92 consecutive cases of mesothelioma observed that the major asbestos type identified in the mesothelial tissues was chrysotile when compared to the chrysotile fiber burden in the lungs of the same cases (79.0% vs. 28.3% respectively).  Malorni et al. (1990) suggests that fiber penetration can rearrange the cytoskeletal apparatus of the cell and that this could indicate an interaction between the chrysotile fibers and the normal mitotic process, since giant multinucleated cells are formed.  Churg et al. (1989b) further believes that the short fibers may be more fibrogenic than previous animal data suggest and deserves further study.  Further, Dr. Lemen will testify concerning friction products and then ability to cause mesothelioma and the findings contained in his article entitled Asbestos in Brakes dated 10/16/03.  See also deposition of Dr. Lemen taken in *Daniel Bertucci, et al v. Northrop Grumman Systems, et al,* Civil District Court for the Parish of Orleans, Case no. 2002-17551 on 10/29/03.

This is the general nature of the possible testimony of Dr. Lemen.  However, he will not limit any testimony to the specific articles above and may utilize certain other documents in conjunction with his testimony such as other medical articles, trade association journals and corporate documents.  His testimony will be directed to issues concerning the asbestos manufacturers and suppliers.

4.     Barry I. Castleman, S.C.D. - Expert
       1722 Linden Avenue
       Baltimore, MD  21217

Barry Castleman, an environmental consultant with a doctor of science degree from John Hopkins University, has extensively research the issues of the asbestos industry's knowledge of asbestos-related diseases and the corporate response to the knowledge of the health hazards caused by asbestos exposure.

Dr. Castleman is expected to testify about the knowledge of the defendants regarding the effects of inhalation of asbestos fibers based upon the literature, other publications, and corporate documents. Additionally, Dr. Castleman may testify concerning the matters set forth in his deposition provided in the <u>John T. Hannon, et al versus Waterman Steamship Corp., et al</u>; in the United States District Court for the Eastern District of Louisiana; C.A. 80-1175 "E"(2) which is available for inspection and copying at Martzell & Bickford. See also Dr. Castleman's book entitled <u>Asbestos: Medical and Legal Aspects</u>, 4th Edition 1996, and any supplements, Aspen law or business publishing.

5.      Dr. Victor Roggli - Expert
        Department of Pathology
        Duke Medical Center
        Durham, NC  27710

Dr. Victor L. Roggli is a pulmonary pathologist at the Duke University School of Medicine in Durham, North Carolina. Dr. Roggli may also testify concerning his evaluation of the pathology in this matter. He may identify asbestos fiber and bodies by mineralogic classification. He may testify as to the general medical issues concerning the development, cause, and the diagnosis of mesothelioma, lung cancer, asbestosis, and/or other asbestos-related diseases. He may also testify on the anatomy, pathology and physiology of the lung. Plaintiffs have previously produced a copy of Dr. Roggli's testimony in <u>Cimino v. Raymark</u> which contains many aspects of his proposed

testimony. Dr. Roggli's report specifically relating to Mr. Melford has been previously provided to all counsel.

> 6.    Frank Parker
>        Caliche, Ltd.
>        200 Brantley Lane
>        Magnolia, TX 77355

Mr. Parker is an expert industrial hygienist who may testify concerning the petitioner's occupational exposure to asbestos. He may also testify concerning the asbestos dust levels which petitioner was exposed due during the course and scope of his employment. He may also testify concerning the amount of asbestos that is necessary to produce the various diseases associated with inhalation of asbestos dust and fiber including, but not limited to, asbestosis, lung cancer and mesothelioma.

> 7.    Steven Paskal, MSH, JD, CIH
>        107 Ridgely Avenue, Suite 13A
>        Annapolis, MS 21401

Steven Paskal is a Certified Industrial Hygienist who holds an M.S. in industrial hygiene (Graduate School of Public Health, University of Pittsburgh) and a B.S. in Chemistry (Old Dominion University). Mr. Paskal's industrial hygiene experience includes private and public sector work for Mobay Chemical Company, the Long Beach Naval Shipyard, California's Occupational Safety and Health Administration, The U.S. Army Corps of Engineers, NASA's Goodard Space Slight center, and as a consultant. Mr. Paskal has particular and extensive management, field, and laboratory experience respecting the identification, evaluation, and control of asbestos hazards generally, and in contexts such as building contamination and school maintenance in particular. Mr. Paskal also holds a J.D. (Georgetown University Law Center), has worked for the OSHA Division of the

Solicitor's Office, U.S. Government of Labor, and is knowledgeable regarding the development, interpretation, and application of regulations respecting asbestos.

Mr. Paskal is expected to testify regarding asbestos exposures incurred by plaintiff based on personal experience, literature review, and work practice simulation studies; the adequacy of personal protective equipment and other exposure control programs; the adequacy of hazard communication and warnings; prevailing knowledge, including industrial hygiene practice, consensus standards and regulations, and; other industrial hygiene matters.

## TREATING PHYSICIANS DANIEL MELFORD:

8. Nagarajan Chandrasekaran, M.D.
   1111 Medical Center Blvd., Suite 630
   Marrero, LA 70072
   Oncologist

9. Gregory Sossaman, M.D.
   Don Hemlet, M.D.
   Meadowcrest Hospital
   2500 Belle Chasse Highway
   Gretna, LA 70056
   Pathologist

10. Paul Staab, M.D.
    Nagarajan Chandrasekaran, M.D.
    5216 Lapalco Boulevard
    Marrero, LA 70072
    Surgeons

## FACT WITNESSES:

11. Leo Santana
    40411Riverce
    Slidell, LA

    Live or by deposition regarding Eagle, Inc.

-10-

12. Fred Schuber, Jr.
    2431 Clio Street
    New Orleans, LA

    Live or by deposition regarding Eagle, Inc.

13. Warren Watters

    Live or by deposition regarding Reilly-Benton

14. Reuel Anderson

    Live or by deposition testimony regarding various insulation suppliers and job sites.

15. M. R. McCarty

    By deposition testimony regarding McCarty

16. Ragnhild Melford

17. The medical records custodian of any hospital or physician's office should the authenticity of said records be contested.

18. The patient accounts custodian of any hospital or physician's office should the authenticity of said records be contested.

19. Any witness listed on Plaintiffs' Master Deposition Identification attached as Exhibit "A" either live or by deposition.

20. Any and all physicians and other health care providers named in the medical records, including but not limited to nurses, nurses aids, and hospice care providers, who have examined, cared for and/or treated Daniel Melford.

21. Any witness listed by any other party.

Plaintiff reserves the right to supplement their witness list as discovery is ongoing in the instant matter.

-11-

Respectfully Submitted,

**MARTZELL & BICKFORD**

SCOTT R. BICKFORD, #1165
JEFFREY M. BURG, #25993
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:     (504) 581-9065
Facsimile:      (504) 581-7635

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via facsimile transmission or by placing same in the United States Mail, properly addressed, on the 17th day of March, 2006.

JEFFREY M. BURG

F:\Clients\Melford, Daniel\Pleadings USDC-MDLA\Witness List - Original.wpd

-12-

## PLAINTIFF'S EXHIBIT "A"
## MASTER DEPOSITION IDENTIFICATION

Deposition of Edward C. Ames taken on January 10, 1980, in <u>Curtis L. Myles v. Johns-Manville Sales Corp., et al</u>, Case No. 79-994853 in the Court of Common Pleas, Cayahoga County, Ohio.

Deposition of Edward Ames taken on February 12, 1981, in <u>Massachusetts Asbestos Cases</u>, Case No. M.B.L. No. 1, in the United States District Court for the District of Massachusetts.

Deposition of John Barnhart taken February 21, 1978, in <u>Esther Bailey, Executrix of the Estate of Samuel Bailey, Jr. v. Johns-Manville Corp., et al</u>, C.P. No. 77-1, C.A. Nos. 76-155-NM and all other cases, in the United States District Court for the Eastern District of Virginia, Norfolk and Newport News Divisions.

Deposition of Robert A. Beck taken May 30, 1985, in <u>John Hannon v. Waterman Steamship Corporation, et al</u>, C.A. No. 80-1175, in the United States District Court for the Eastern District of Louisiana.

Deposition of Burnett L. Bordelon, Sr. (Avondale Shipyards, Inc.), taken September 28, 1983, in <u>John Hannon v. Raybestos-Manhattan, et al and Consolidated Cases</u>, C.A. No. 80-1175, Section E(4), in the United States District Court for the Eastern District of Louisiana.

Deposition of Burnett L. Bordelon, Sr. (Avondale Shipyards, Inc.), taken September 17, 1984, in <u>Pershing J. Lefort, Jr. v. Johns-Manville Corp., et al</u>, C.A. No. 82-0116 Section "B", in the United States District Court for the Eastern District of Louisiana.

Deposition of Arthur Christenson taken in re: <u>Mary Antraccoli, et al. v. Foster Wheeler Corporation, et al.</u>, C.A. No.751991-4, Superior Court of the State of California in and for the county of Alameda on August 22, 1996.

Deposition of Arthur Christenson taken in re: <u>Douglas Abadie, et al. v. Metropolitan Life Insurance Company, et al.</u>, C.A. No. 424-010 in the 24th JDC for the Parish of Jefferson on March 27, 1996.

Deposition of Charles L. Croop taken February 28, 1985, in <u>Asbestos Litigation</u>, C/P No. 77-1; in the United States District Court for the Eastern District of Virginia, Norfolk and Newport News Divisions.

Deposition of Christopher John Dodson taken June 13, 1986, in <u>Johns-Manville Plantworker Cases</u>, Docket No. L-37243-79; in the Superior Court of New Jersey, Law Division-Middlesex County.

Deposition of Doris M. Fagan taken October 28, 1981, in <u>Margaret Neunert, etc., et al v. Wayne Steel Co., Inc., et al</u>, C.A. Order Docket No. L-45463-79, et al; in the Superior Court of New Jersey, Law Division, Middlesex County.

Deposition of Douglas P. Fowler, Ph.D. taken October 28, 1985, in <u>Hawaii Federal Asbestos Cases</u>, C.A. Nos. 80-0420 et al; in the United States District Court for the District of Hawaii.

Deposition of Douglas P. Fowler, Ph.D. taken October 28, 1985, in <u>Erskine C. Harvey et al v. H.K. Porter Company, Inc., et al</u>, C.A. Nos. CA3-84-1334-D, et al; in the United States District Court for the Northern District of Texas, Dallas Division.

Deposition of Douglas P. Fowler, Ph.D. taken October 28. 1985, in <u>Elliott Rosenbaum, et al v. Raymark Industries, Inc., et al</u>, At Law No. L-85-518; in the United States District court for the Eastern District of Virginia, Norfolk and Newport News Divisions.

Deposition of Richard Gaze taken June 4 and 5, 1975, in <u>Herman Yandle et al v. PPG Industries, Inc., et al</u>, C.A. No. TY-74-3-CA, et al; in the United States District court for the Eastern District of Texas, Tyler Division.

Deposition of Joseph Maxwell Gemmell taken June 19, 1986, in re <u>Johns-Manville Plantworker Cases</u>, Docket No. L-37243-79; in the Superior Court of New Jersey, Law Division - Middlesex County.

Deposition of Willis Hazard taken February 11, 1981, in <u>Massachusetts Asbestos Cases</u>, Case No. M.B.L. No. 1; in the United States District court for the District of Massachusetts.

Deposition of Willis Hazard taken February 11, 1981, in <u>Lawrence Kimball v. Johns-Manville Corporation, et al</u>, No. 80-0180 A-P (Applicable for all Maine Cases); in the United States District Court for the District of Maine.

Deposition of Willis Hazard taken February 11, 1981, in <u>Key Highway and Sparrows Point Shipyards Asbestos Cases, Thomas L. Baumann, et al v. Johns-Manville Corp., et al</u>, K-79-2204 et al; in the United States District Court for the District of Maryland.

Deposition of Jerry Helser taken May 18, 1983, in <u>James F. Morency v. Johns-Manville Corporation, et al</u>, C.A. No. H-77-400 (CML #1); in the United States district court for the District of Connecticut.

Deposition of Jerry Helser taken December 29, 1986, in <u>Robert J. Gizzi, Sr. v. Eagle-Picher Industries, Inc., et al</u>, C.A. No. C-1-84-0961; in the United States District Court for the Southern District of Ohio, Western Division.

Deposition of Hugh Jackson taken April 30, 1979, in <u>Doreen Adkins, Administratrix of the Estate of Donald Adkins, et al v. Combustion Engineering, Inc., et al</u>, C.A. Nos. 77-3032, et al; in the United States District Court for the Southern District of West Virginia at Huntington.

Deposition of Hugh M. Jackson taken January 15, 1980, in <u>Doreen Adkins, Administratrix of the Estate of Donald Adkins, et al v. Combustion Engineering, Inc., et al</u>, C.A. Nos. 77-3032, et al; in the United States District Court for the Southern District of West Virginia at Huntington.

Deposition of Bernard L. Kiernan taken March 22-24, 1983, in <u>William Straughter v. Gold Bond Building Products, a Division of National Gypsum</u>, No. 81-7867, Division B; in the Civil District Court, Parish of Orleans, State of Louisiana.

Deposition of P.D. Kollasch taken January 30,1987, in <u>John T. Hannon, et al v. Waterman Steamship Corp., et al</u>, No. 80-1175 E (2); in the United States District Court for the Eastern District of Louisiana.

Deposition of Richard M. Kulak taken November 4, 1983, in <u>John Hannon v. Waterman Steamship Corporation, et al</u>, C.A. No. 80-1175, Section "E" and Consolidated Cases. Magistrate Division (4); in the United States District court for the Eastern District of Louisiana.

Deposition of Dr. Thomas Francis Mancuso taken October 17 and 18, 1979, in <u>Robert A. Bayton v. Johns-Manville, et al</u>, C.A. No. 79-677J, et al, in the United States District Court for the Western District of Pennsylvania.

Deposition of Dr. Thomas F. Mancuso taken September 1 and 2, 1983, in <u>Asbestos Cases</u>; in the United States District Court for the Southern District of Mississippi, Southern Division.

Deposition of John H. Marsh taken May 11, 1982, in <u>Asbestos-Related Litigation</u>, MDCP-82-1; in the United States District Court for the Middle District of North Carolina.

Deposition of John H. Marsh taken May 12, 1982, in <u>Asbestos Related Litigation</u>, MDCP-82-1; in the United States District Court for the Middle District of North Carolina.

Deposition of Fielder A. Nordstrom taken August 23, 1984, in <u>Walter Brooksbank, et al v. Johns-Manville Corporation, et al</u>, C.A. No. 83-1803, et al; in the United States District Court for the District of New Jersey (and multiple states).

Deposition of Richard C. Packard taken April 2, 1986, in <u>All Asbestos Cases</u>, No. CP 77-1; in the United States District court for the Eastern District of Virginia, Norfolk Division.

Deposition of Henry A. Perlmutter, M.D. taken October 16, 1984, in <u>Asbestos Insurance Coverage Cases, Included Action: Fireman's Fund v. Fibreboard</u>, Judicial Counsel Coordination Proceeding No. 1072; in the Superior Court of the State of California, in and for the County of San Francisco.

Reporter's Transcript of the Videotaped Deposition of Henry A. Perlmutter, M.D. taken October 29, 1984 and October 30, 1984, in <u>Fibreboard Plantworker Asbestos Cases (Kazan & Kilbourne)</u>, Consolidated for Discovery, et al, No. 537064-7, et al; in the Superior Court of the State of California, in and for the County of Alameda, et al.

Deposition of Henry A. Perlmutter, M.D. taken November 13, 1982, in <u>William Crittenden v. Fibreboard Corporation, et al</u>, No. 740882; in the Superior Court of the State of California, in and for the City and County of San Francisco.

Deposition of Robert J. Ritterhoff, M.D., taken March 26, 1986, in <u>Dorothy St. Jacque, et al v. Johns-Mansfield, etc., et al</u>, Case No. C 137565; in the Superior Court of the State of California for the County of Los Angeles.

Deposition of Robert J. Ritterhoff, M.D. taken January 30, 1986, in <u>State of Maryland v. Keene Corporation, et al</u>, C.A. No. 1108600; in the Circuit Court for Anne Arundel County, and other multiple cases.

Deposition of Bernard Ryan taken April 10, 1986, IN RE: <u>All Asbestos Cases</u>, No. C/P 77-1; in the United States District Court for the Eastern District of Virginia, Norfolk Division.

Deposition of Lewis W. Saxby, taken September 7, 1978, IN RE: <u>Asbestos Cases</u>, No. Central File, CV 177-166, CV 177-167; in the United States District court for the Southern District of Georgia, Augusta Division.

Videotape Deposition of Gerrit W.H. Schepers taken November 28 and 29, 1979 (I and II).

Deposition of William S. Simpson taken December 10, 1979, in RE: <u>Asbestos Cases</u>; in the District Court, Stratford, Connecticut.

Deposition of Dr. Kenneth Wallace Smith taken January 13, 1976, in <u>James Roy DeRocco, et al v. Forty Eight Insulation, Inc., et al</u>, No. 7880 July Term, 1974 and 2281 July Term, 1974; in the Court of Common Pleas of Alleghany County, Pennsylvania, Civil Division.

Deposition of Dr. Kenneth Wallace Smith taken April 21, 1976, in <u>The Louisville Trust company, Administrator of the Estate of William Virgin Sampson v. Johns-Manville Corporation</u>, No. 164-922; in the Jefferson Circuit Court Common Pleas Branch, Seventh Division, Kentucky.

Deposition of William E. Smith, M.D. taken March 29, 1979, in <u>General Dynamics Asbestos Cases</u>: CML No. 1 <u>Sammie L. Gray et al v. General Dynamics Corporation, et al</u>, C.A. No. H-75-327; in the United States District court for the District of Connecticut.

-16-

Deposition of William E. Smith, M.D. taken January 21, 1986, in The Corporation of Mercer University v. National Gypsum Company, et al, C.A. ano. 85-126-3-MAC; in the United States District court for the Middle District of Georgia, Macon Division.

Deposition of Byrl Stout (Vol. I) taken June 20, 1984 IN RE: ALL ASBESTOS CASES, C/P 77-1 and multiple cases; in the United States District Court for the Eastern District of Virginia, Norfolk and Newport News Divisions.

Deposition of Matthew M. Sweetonic taken June 7, 1988, in George M. Bade, Sr. et al v. Armstrong World Industries, Inc., et al, Docket No. W000026087; in the Superior Court of New Jersey, Law Division: Middlesex County.

Deposition of Reginald Sykes (Vol. I) taken June 16, 1986, in Johns-Manville Plantworker Cases, Docket No. L-37243-79; in the Superior Court of New Jersey, Law Division - Middlesex County.

Deposition of Reginald Sykes (Vol II) taken June 17, 1986, in Johns-Manville Plantworker Cases, Docket No. L-37243-79; in the Superior Court of New Jersey, Law Division - Middlesex County.

Deposition of John D. McAllister taken March 30, 1983, in In Re: All Asbestos Cases, C.P. No. 77-11, in the United States District Court for the Eastern District of Virginia, Norfolk and Newport News Divisions.

Exhibits to the Deposition of William S. Simpson taken December 10, 1979 IN RE: Asbestos Cases; In the District Court.

Deposition testimony of William S. Simpson taken December 10, 1979, IN RE Asbestos Cases; in the District Court.

Sam Schillaci taken on April 27, 1982 in the matters of including, Clyde Cazalas v. Johns-Manville, et al, Civil Action No. 80-001465, In the Circuit Court of Mobile County, Alabama.

Sam Schillaci taken on April 26, 1982 in the matter including, Van Harville, et al v. Johns-Manville Sales Corporation, et al, Civil Action No. 78-642-H and all cases consolidated therewith, et al, in the United States District Court for the Southern District of Alabama, Southern Division.

Samuel Francis Schillaci taken on November 13, 1985, In Re: William J. Kornegay v. Johns-Manville Sales Corporation, et al, Civil Action No. G-81-131 (consolidated), In the United States District Court for the Southern District of Texas, Galveston Division.

Daniel C. Braun taken on June 9, 1982, Tony B. Scott, et al v. Johns-Manville Sales Corporation, et al, Case Number 81-1743-CA, In the Circuit Court, Fourth Judicial Circuit In and For Duval County, Florida.

-17-

Deposition of Donald J. Billmaier, M.D. taken on April 3, 1991 in the USDC for the Eastern District of Virginia, <u>In Re: All Asbestos Cases v. OCF</u>, Docket No. C/P 77-1.;

Trial Testimony of Donald J. Billmaier, M.D. taken on July 9, 1991 in <u>Richard H. Tayloe v. Owens-Corning Fiberglas Corporation</u>, in the USDC for the Western District of Virginia, Roanoke Division, Civil Action No. 90-0257-R.

Transcript of the Billmaier testimony read in the case of <u>Nicholas Haluskey, et al v. Fibreboard Corp., et al</u>, Los Angeles Superior Court Case No. BC 024 997.

Depositions of Richard Grimmie taken on September 20, 1991 and October 28, 1991 in the Superior Court of New Jersey, Law Division: Middlesex County, <u>Raymond Freeman, et al v. ACandS, Inc., et al</u>, Docket No. L-7759-90.

Trial Testimony of Jerry Lee Helser taken on April 15, 1993 in <u>Barbara Jadlowski, et al v. Owens-Corning Fiberglas, et al</u>, in the Superior Court of New Jersey, Law Division: Middlesex County, Docket No. L 0703-91.

Continued videotape deposition of Lewis Saxby taken on March 13, 1987 in <u>In Re: Master Asbestos File</u>, in the United States District Court, Southern District of Texas, Galveston Division, Civil Action G-84-7.

Deposition of John Thomas taken on April 3, 1991 in <u>Re: All Asbestos Cases</u>; In the United States District Court for the Eastern District of Virginia, Norfolk and Newport News Divisions, Civil Action No. C/P 77-1.

Deposition of Gerrit Schepers, M.D. taken on March 6, 1991 in <u>Jose Perez v. Raybestos-Manhattan, et al</u> in the Superior Court of the State of California in and for the County of San Francisco; C.A. No. 910816.

Deposition of David Ozonoff taken on November 28, 1984, Vol. I, in <u>John Hannon, et al v. Waterman Steamship Corp., et al</u>, No. 80-1175, in the United States District Court for the Eastern District of Louisiana.

Videotape Deposition of Barry Castleman taken on August 30, 1989, December 5, 1989, December 6, 1989, March 13, 1990 and March 14, 1990, Vol. II, in <u>Carl West, et al v. ACandS. Inc., et al</u>, No. 85-CV-1152, in the District Court of Boulder County, Colorado.

Deposition of Barry Castleman taken on October 17-18, 1983 in <u>John Hannon v. Waterman Steamship, et al</u>, No. 80-1175, in the United States District Court for the Eastern District of Louisiana.

Videotape Deposition of Barry Castleman taken on August 13, 1991 in <u>Gwen Hughes, et al v. Owens-Corning Fiberglas Corporation, et al</u>, No. 88-3374, in the United State District Court for the Eastern District of Louisiana.

Deposition of Barry Castleman taken on November 15, 1982 in <u>John T. and Betty A. Edwards v. National Gypsum Company</u>, No. 81-51-CW-FTMK, in the United States District Court for the Middle District of Florida, Tampa District.

Deposition of Barry Castleman taken on August 13, 1982 in <u>Norman Neal, et al v. Fibreboard Corporation, et al</u>, No. TY-79-11-CA, in the United States District Court for the Eastern District of Texas, Tyler Division.

Deposition of Wayne Bickerstaff taken on April 23, 1994 in <u>In Re:  Environmental Insurance Declaratory Judgment Actions</u>, New Jersey State Court, Volumes I and II.

Deposition of Wayne Bickerstaff taken on May 27, 1992 in <u>All Asbestos Personal Injury Cases</u>, filed in Dallas County, Texas.

Deposition of Robert Peters taken on March 23, 1990 in <u>In Re:  Asbestos Litigation</u>, Western and Middle Districts, North Carolina.

Deposition of John Tabbutt taken on April 29, 1992 in <u>In Re:  All Personal Injury Cases</u>, filed in Dallas, Texas.

Deposition of James Mark Gate taken on June 30, 1992 in <u>In Re:  All Asbestos Cases</u>, by Baron & Budd, P.C. and set for trial on July 13, 1992, 134th District Court, Dallas, Texas.

Deposition of Daniel L. Cannady taken on March 1, 1991 in <u>In Re:  Philip Scordino, et al</u> and <u>In Re: Dwight Copeland, et al</u>, Circuit Court, Jackson County, Mississippi.

Deposition of William C. Hood taken on March 1, 1991 in <u>In Re:  Philip Scordino, et al</u> and <u>In Re: Dwight Copeland, et al</u>, Circuit Court, Jackson County, Mississippi.

Deposition of John Jinshian taken on December 12, 1990 in <u>In Re:  Philip Scordino, et al</u> and <u>In Re: Dwight Copeland, et al</u>, Circuit Court, Jackson County, Mississippi.

Deposition of David E. Baldwin taken on September 6, 1990 in <u>In Re:  Philip Scordino, et al</u> and <u>In Re:  Dwight Copeland, et al</u>, Circuit Court, Jackson County, Mississippi.

Deposition of Lee Booth Grant, M.D. taken on January 2, 1969 in <u>Claude Tomplait v. Combustion Engineering, et al</u>, United States District Court, Eastern District of Texas.

Robert Bunda taken on February 13, 1992 in the matter of <u>Richard B. Jackson, et ux v. Owens-Corning Fiberglas Corporation</u>, Consolidated No. 87-37068, In the District Court of Harris County, Texas, 23rd Judicial District.

Deposition of Arthur Mueller taken in <u>Collen v. Goad v. Johns-Manville Corporation, et al</u>, C.A. No. C-1-82-127, In he United States District Court for the Southern District of Ohio, Western Division.

F:\Clients\Melford. Daniel\Pleadings USDC-MDLA\Witness List - Original.wpd

# CURRICULUM VITAE

## Victor Louis Roggli, M.D.

**Date and Place of Birth:**
April 23, 1951; Winchester, Tennessee

**Social Security Number:**
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

**Education:**
B.A., Rice University (Biochemistry & Environmental Engineering), 1969-1973.
M.D., Baylor College of Medicine, 1973-1976.

**Professional Training:**
Resident, Pathology, Baylor College of Medicine and Affiliated Hospitals, July, 1976-
June 1980.

**Professional Certification:**
Texas State Board of Medical Examiners (FLEX), 1976.
North Carolina State Board of Medical Examiners (reciprocity), 1980
American Board of Pathology, AP/CP, 1980
American Board of Forensic Medicine, 1997

**Academic Appointments;**
Instructor and Chief Resident, Pathology, Baylor College of Medicine and Affiliated
Hospitals, 1978-1980.
Associate, Department of Pathology, Duke University Medical Center, 7/1/80-6/30/81.
Assistant Professor, Department of Pathology, Duke University Medical Center, 7/1/81-
12/31/88.
Associate Professor, Department of Pathology, Duke University Medical Center, 1/1/89-
8/31/94.
Professor, Department of Pathology, Duke University Medical Center, 9/1/94-present.

**Hospital Affiliations:**
Durham Veteran's Administration Medical Center, Durham, N.C.
Duke University Medical Center, Durham, N.C.

**Awards & Honors:**
Phi Beta Kappa, Rice University
Tau Beta Pi (Honorary Engineering Society), Rice University
Phi Lambda Upsilon (Honorary Chemistry Society), Rice University
Alpha Omega Alpha, Baylor College of Medicine (1975)
Stuart A. Wallace Award (Outstanding first year medical student in Pathology), Baylor
College of Medicine (1976)
Certificate of Merit for Scientific Exhibit:
1.  Foster, W.L., Gimenez, E.I., Roubidoux, M.A., Sherrier, R.H., Roggli, V.L.,
and Shannon, R.H. The Emphysemas: Imaging-Pathologic Correlations.
Roentgen Ray Society. Boston, MA, May 1991.
Cum Laude for Scientific Exhibit:
1.  Foster, W.L., Gimenez, E.I., Roubidoux, M.A., Sherrier, R.H., Roggli, V.
L., and Shannon, R.H. The Emphysemas: Imaging-Pathologic Correlations.
Radiological Society of North America, Chicago, IL, Dec. 1991.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 2

## Educative Activities:

Junior staff position, first year medical laboratory, 1977-1979.
Instructor, Clinical Chemistry, Physician's Assistant Teaching Program, Baylor College of
Medicine, 1978-1979.
Instructor, Introductory Pathology Course, Physical Therapists Teaching Program, Baylor
College of Medicine, 1979.
Instructor and Senior Staff, Introductory Pathology Course, Duke University Medical
Center, 1981-present.
Instructor, Systemic Pathology Course, Duke University Medical Center, 1981-present.
Instructor, Pulmonary Pathology Course, Duke University Medical Center, 1981-present.

## Administrative Activities:

Research and Development Committee, VAMC (1983-1986)
Medical Records Committee, VAMC (1986-1993)
Quality Improvement Committee (1993-    )
Director of Evening Shift, VAMC
Associate Director, EM Laboratory, VAMC (1985-1992)
Director, EM Laboratory, VAMC (1992-present)
Member, Medical District 8 MEDIPRO Review Board (1989-1990)
Chairman, Surgical Case Review Committee (1990-present)
Appointments, Promotions, and Tenure Committee, Duke University Medical Center
(1997- present)
Director, National VA Electron Microscopy Program (2005-    )

## Professional Society Memberships:

International Association of Pathologists
American Association of Pathologists
College of American Pathologists
American College of Chest Physicians
American Association for the Advancement of Science
American Thoracic Society
Microbeam Analysis Society
Electron Microscopy Society of America
North Carolina Society of Pathologists
Arthur Purdy Stout Society
Society for Ultrastructural Pathology
International Association for the Study of Lung Cancer
Diplomate, American Board of Forensic Examiners

## Research Interests:

Asbestos related diseases
Analytical transmission and scanning electron microscopy

## Research Support:

Asbestos-related Diseases: Analysis of Lung Fiber Burdens. VA Merit Review 7061-001,
1985-1988, P.I. (20%)
Effects of Asbestos on Pulmonary Clearance Mechanisms. VA Merit Review 7061-001,
1988-1991, P.I. (30%)
Mechanisms of Pleural Proliferation Subsequent to Inhalation of Asbestos. VA Merit
Review 7061-001, 1992-1995, P.I. (20%)
Immune Mechanisms in Human Asbestosis. NIH Grant No. 2P50 HL14212-16 (Project 3),
1986-1991, Co-Investigator (10%)
Asbestos-Induced Pleural Dysplasia in Rats, Armando E. Fraire, P.I., Victor L. Roggli, Co-
Investigator, Baylor Grant BRSG 510-G-16261, 1989-1991.
Acute Lung Injury Mechanisms and Therapy, James D. Crapo, Program Project P.I.; "Core
B: Pathology", Victor L. Roggli, P.I., NIH Program Project.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 3


**Invited Lectures and Seminars:**

October, 1985, 51st Annual Meeting of the American College of Chest Physicians, New Orleans, LA, "Clinical Colloquium: Asbestos-Associated Diseases".

August, 1986, 21st Annual Conference of the Microbeam Analysis Society, Albuquerque, NM, "Analytical Electron Microscopy and Pulmonary Toxicology: An Overview".

April, 1988, American Society of Clinical Pathologists and College of American Pathologists Spring Meeting, Kansas City, KS, "Asbestos in the Lungs: Quantitative Approaches to the Evaluation of Lung Fibrosis and Cancer".

June, 1989, Workshop on Fiber Toxicology Research Needs, National Institute of Environmental Health Sciences, Research Triangle Park, NC, "Human Disease Consequences of Fiber Exposures: A Review of Human Lung Pathology and Fiber Burden Data".

June, 1990, The Third Wave of Asbestos Disease: Exposure to Asbestos in Place, Collegium Ramazzini, New York, NY, "Mineral Fiber Content of Lung Tissue in Patients with Environmental Exposures: Household Contacts vs. Building Occupants".

June, 1991, 11th Annual Cancer Conference and Slide Seminar, Longboat Key, FL, "Tumors and Tumor-Like Lesions of the Lung and Mediastinum".

September, 1991, American Society of Clinical Pathologists and College of American Pathologists Fall Meeting, New Orleans, LA, "Hard Metal Disease: An Enigmatic Occupational Problem".

September, 1991, Tennessee Environmental Health Association Annual Education Conference, Nashville, TN, "Asbestos and The Community".

October, 1991, 57th Annual Meeting of the American College of Chest Physicians, San Francisco, CA, "Mineral Fiber Content of Lung Tissue in Patients with Benign Asbestos-Related Pleural Disease".

April, 1993, 33rd Annual Meeting of the Houston Society of Clinical Pathologists, Houston, TX, "Malignant Mesothelioma: An Update".

May, 1993, Albany Veterans Administration Medical Center, Albany, NY, "Rarer Forms of Pneumoconiosis".

October, 1993, 59th Annual Meeting of the American College of Chest Physicians, Orlando, FL, "Mesothelioma: Pathology, Epidemiology and Pathogenesis" and "Role of Fiber Analysis in Asbestos-Associated Diseases".

November, 1993, University of Massachusetts Medical Center, Worcester, MA, "Malignant Mesothelioma: An Update of Clinical and Pathologic Aspects".

April, 1994, American Society of Clinical Pathologists and College of American Pathologists Spring Meeting, Seattle, WA, "Asbestos and the Development of Mesotheliomas".

October, 1994, Annual Scientific Meeting of the Royal College of Pathologists of Australia, Adelaide, South Australia, "Symposium on Occupational Lung Disease".

March, 1995, 5th International Conference on Environmental and Occupational Lung Disease, Miami, FL, "Clinical Methods in Occupational and Environmental Lung Disease: Pathological Classification and Reporting".

March, 1996, Society for Ultrastructural Pathology, Washington, D.C., "Mineralogic Evaluation of Lung Tissue of Persons with Malignant Mesothelioma: Is Crocidolite Asbestos the Only Type of Asbestos that Causes Mesothelioma?"

June, 1996, Occupational Pulmonary Pathology Course, São Pauulo and Fortaleza, Brazil.

August, 1996, Ultrapath VIII, Society for Ultrastructural Pathology, Oaxaca, Mexico, "Energy Dispersive X-ray Analysis and X-ray Diffraction".

January, 1997, Asbestos, Asbestosis and Cancer Workshop, Espoo, Finland.

August, 1997, 8th World Conference on Lung Cancer, Dublin, Ireland, "Tumors that Mimic Malignant Mesothelioma".

October, 1997, Mixed Dust Pneumoconiosis Workshop, Nikko, Japan.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 4

March, 1998, ASIP Symposium for the 87thAnnual Meeting of the United States and
Canadian Academy of Pathology, Boston, MA, "Molecular Genetics and Gene
Therapy of Human Malignant Mesothelioma: Epidemiology and Pathology of
Diffuse Malignant Mesothelioma"

October, 1998, International Academy of Pathology, Nice, France, Pleural Mesothelioma
Slide Seminar (Chairman)

April 23, 1999, "Pathology of Pulmonary Neoplasms", American Thoracic Society, Post
Graduate Course No. 10, Pulmonary Pathology for the Pulmonologist, San Diego,
CA

April 23, 1999, "Rare Cystic and Interstitial Lung Diseases: Histopathological Pearls",
American Thoracic Society, Post Graduate Course No. 3, Interstitial Lung Diseases,
San Diego, CA

October, 2000, International Academy of Pathology, Nagoya, Japan, Mesothelioma and
Pneumoconiosis Slide Seminar (Co-Chairman)

January 25, 2001, "Mesothelioma and Occupational Exposure to Asbestos: A Study of
1445 Cases". S. Donald Greenberg Memorial Lectures, Baylor College of
Medicine, Houston, TX.

January 27, 2001, "Pathology of Pneumocomiosis." Texas Society of Pathologists Annual
Mtg., San Luis Resort and Spa, Galveston, TX.

May 19, 2001, "Pathology of Pulmonary Neoplasms." America Thoracic Society, Post
Graduate Course No. 22, Pulmonary Pathology for the Pulmonologist, San
Francisco, CA.

February 1, 2002, "Malignant Mesothelioma: Diagnostic Challenges and Pitfalls". Grand
Rounds, Georgetown Univ. Med. School, Washington, D.C.

February 23, 2002, "Scanning Electron Microscopy in Anatomic Pathology", Electron
Microscopy Ad Hoc Review Group Meeting, Chicago, Il.

March 8, 2002, "Analysis of Occupational and Environmental Exposures to Dusts",
International Update on Occupational and Environmental Respiratory Disease,
Houston, TX.

May 17, 2002, "Pathology of Pulmonary Neoplasms", America Thoracic Society, Post
Graduate Course No. 11, Pulmonary Pathology for the Pulmonologist, Atlanta, GA.

October 7, 2002, International Academy of Pathology, Amsterdam, NL, Pleural Lesions,
Symposium No. 9. (Co-Chairman)

August 1, 2003, "Pneumoconiosis and Mesothelioma". Pulmonary Pathology Society Third
Biennial Summer Symposium, Snowmass, CO, July 30-August 1, 2003.

October 18-19, 2003, "Respiratory Bronchiolitis Associated Interstitial Lung Disease" and
"ARDS vs AIP: The Gospel According to Pratt". Symposium on Lung Disease,
Baylor College of Medicine, Houston, TX.

March 6, 2004, "Asbestos-Related Non-neoplastic Lung Diseases". Pulmonary Pathology
Society Companion Meeting, U.S. Can. Academy of Pathology, Vancouver, B.C.

October 11, 2004, International Academy of Pathology, Brisbane, AU, Environmental
Lung and Pleural Disease, PPS Companion Meeting. (Co-Chairman)

October 14, 2004, "Asbestos Body and Asbestos Fiber Analysis in Mesothelioma Patients,"
International Academy of Pathology, Brisbane, AU.

February 27, 2005, "The Role of Analytical SEM in the Determination of Causation in
Malignant Mesothelioma," Society for Ultrastructural Pathology, San Antonio, TX.

June 15, 2005, Pulmonary Pathology Society Fourth Biennial Summer Symposium, Lake
Annecy, France, Neoplastic Lung Disease I (Co-Chairman).

April 6, 2006, "Asbestos Fiber Burden Analysis," Current Concepts in Asbestos Lung
Disease, Second Annual Course, Harvard Medical School, Boston, MA.

April 7, 2006, "Pathogenesis and Pathology of Benign Asbestos Pleural Disease," Current
Concepts in Asbestos Lung Disease, Second Annual Course, Harvard Medical
School, Boston, MA.

September 19, 2006, ""Well Differentiated Papillary Mesothelioma," SC08 Pulmonary
Pathology: Pleural Tumors, International Academy of Pathology XXVI
International Congress, Montreal, Canada.

**Member:**

Curriculum Vitae
Victor L. Roggli, M.D.
Page 5

U.S.-Canadian Mesothelioma Panel (April, 1987-present)
NIOSH Board of Scientific Counselors, Fiber Subcommittee (1990-present)
Credentials Committee, American College of Chest Physicians (1991-1996)
Center of Environmental and Toxicologic Pathology, American Registry of Pathology,
    A.F.I.P. (June, 1992-present)
Program Chairman, Pulmonary Pathology Society (1997-1998)
Editorial Board, Modern Pathology (July, 1997-present)
Scientific Advisory Board, Mesothelioma Applied Research Foundation (May, 1999-
    present)
President, Pulmonary Pathology Society (2000-2002)
International Association for Study of Lung Cancer Pathology Panel (2004)
Editorial Board, Archives of Pathology & Laboratory Medicine (February, 2005-present)


## PUBLICATIONS

**Full-Length Papers:**

1. Roggli, V.L.: Resident's Page, Quiz Case #2. Arch. Otolaryngol. 104:546-549, 1978.

2. Roggli, V.L., Judge, D., McGavran, M.H.: Duodenal Glucagonoma: A Case Report. Human Pathol. 10:350-353, 1979.

3. Roggli, V.L., Suzuki, M., Armstrong, D., McGavran, M.H.: Pituitary Microadenoma and Primary Lymphoma of Brain Associated with Hypothalamic Invasion. Am. J. Clin. Pathol. 71:724-727, 1979.

4. Roggli, V.L., Estrada, R., Fechner, R.E.: Thyroid Neoplasia Following Irradiation for Medulloblastoma: Report of Two Cases. Cancer 43:2232-2238, 1979.

5. Roggli V.L., Kim, H-S., Hawkins, E.: Congenital Generalized Fibromatosis with Visceral Involvement: A Case Report. Cancer 45:954-960, 1980.

6. Roggli, V.L., Greenberg, S.D., Seitzman, L.H., Hurst, G.A., Spivey, C.G., Nelson, K.G., Hieger, L.R.: Pulmonary Fibrosis, Carcinoma, and Ferruginous Body Counts in Amosite Asbestos Workers: A Study of Six Cases. Am. J. Clin. Pathol. 73:496-503, 1980.

7. Roggli, V.L., Greenberg, S.D., McLarty, J.L., Hurst, G.A., Spivey, C.G., Hieger, L.R.: Asbestos Body Content of the Larynx in Asbestos Workers: A Study of Five Cases. Arch. Otolaryngol. 106:533-535, 1980.

8. McLemore, T.L., Mace, M.L., Roggli, V.L., Marshall, M.V., Lawrence, E.C., Wilson, R.K., Martin, R.R., Brinkley, B.R., Greenberg, S.D.: Asbestos Body Phagocytosis by Human Free Alveolar Macrophages. Cancer Letters 9:85-93, 1980.

9. Mace, M.L., McLemore, T.L., Roggli, V.L., Brinkley, B.R., Greenberg, S.D.: Scanning Electron Microscopic Examination of Human Asbestos Bodies. Cancer Letters 9:95-104, 1980.

10. Roggli, V.L., Greenberg, S.D., McLarty, J.W., Hurst, G.A. Hieger, L.R., Farley, M.L., Mabry, L.C.: Comparison of Sputum and Lung Asbestos Body Counts in Former Asbestos Workers. Am. Rev. Resp. Dis. 122: 941-945, 1980.

11. Roggli, V.L., Hausner, R.J., Askew, J.B., Jr.: Alpha-1-Anti-trypsin Globules in Hepatocytes of Elderly Individuals with Liver Disease: A Report of Three Cases. Am. J. Clin. Pathol. 75: 538-542, 1981.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 6

12. Roggli, V.L., Subach, J.A., Saleem, A.: Prognostic Factors and Treatment Effects on Survival in Erythroleukemia: A Retrospective Study of 134 Cases. Cancer 48: 1101-1105, 1981.

13. McLemore, T.L., Roggli, V.L., Marshall, M.V., Lawrence, E.C., Greenberg, S.D., Stevens, P.M.: Comparison of Phagocytosis of Uncoated vs. Coated Asbestos Fibers by Cultured Human Pulmonary Alveolar Macrophages. Chest 80: 39S-42S, 1981.

14. McLemore, T.L., Greenberg, S.D., Wilson, R.K., Buffler, P.A., Roggli, V.L., Mace, M.L.: Asbestos Associated Pulmonary Disease-An Update. Tex Med. 77: 38-45, 1981.

15. Roggli, V.L., Saleem, A.: Erythroleukemia: A Study of 15 Cases and Literature Review. Cancer 49: 101-108, 1982.

16. Roggli, V.L., Shelburne, J.D.: New Concepts in the Diagnosis of Mineral Pneumoconioses. In: Lung Pathology for the Clinician (Greenberg, S.D., ed.), Sem. Respir. Med. 4:138-148, 1982.

17. Godwin, J.D., Ravin, C.E., Roggli, V.L.: Fatal Pneumocystis Pneumonia, Cryptococcosis, and Kaposi Sarcoma in a Homosexual Man. Am. J. Roentgenol. 138:580-581, 1982.

18. Pickett, J.P., Roggli, V.L.: Rapid Histological Staining Procedures for Material from Immune-Suppressed Patients. Am. J. Med. Technol. 48:893-902, 1982.

19. Roggli V.L., McGavran, M.H., Subach, J.A., Sybers, H.D., Greenberg, S.D.: Pulmonary Asbestos Body Counts and Electron Probe Analysis of Asbestos Body Cores in Patients with Mesothelioma: A Study of 25 cases. Cancer 50:2423-2432, 1982.

20. Roggli, V.L., Pratt, P.C.: Numbers of Asbestos Bodies on Iron-Stained Tissue Sections in Relation to Asbestos Body Counts in Lung Tissue Digests. Hum. Pathol. 14:355-361, 1983.

21. Osborne, D.R., Jaszczak, R.J., Green, K., Roggli, V.L., Lischko, M., Coleman, R.E.: Detection of Pulmonary Emboli in Dogs: Comparison of Single Photon Emission Computed Tomography, Gamma Camera Imaging, and Angiography. Radiology 146:493-497, 1983.

22. Roggli, V.L., Johnston, W.W., Kaminsky, D.B.: Asbestos Bodies in Fine Needle Aspirates of Lung. Acta. Cytolog. 28:493-498, 1984.

23. Roggli, V.L., Ingram, P., Linton, R.W., Gutknecht, W.F., Mastin, P., Shelburne, J.D.: New Techniques For Imaging and Analyzing Lung Tissue. Environ. Health Persp. 56:163-183, 1984.

24. Wain, S.L., Roggli, V.L., Foster, W.L.: Parietal Pleural Plaques, Asbestos Bodies, and Neoplasia: A Clinical, Pathological, and Radiographic Correlation of 25 Consecutive Cases. Chest 86:707-713, 1984.

25. Roggli, V.L., Brody, A.R.: Changes in Numbers and Dimensions of Chrysotile Asbestos Fibers in Lungs of Rats Following Short-term Exposure. Exp. Lung Res. 7:133-147, 1984.

26. Jackson, M.D., Albrecht, R., Roggli, V.L., Shelburne, J.D.: Pulmonary Blastoma: An Ultrastructural and Immunohistochemical Study. Ultrastruct. Pathol. 7:259-268, 1984.

27. Roggli, V.L., Vollmer, R.T., Greenberg, S.D., McGavran, M.H., Spjut, H.J., Yesner, R.: Lung Cancer Heterogeneity: A Blinded and Randomized Study of 100 Consecutive Cases. Hum. Pathol. 16:569-579, 1985.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 7

28. Vollmer, R.T., Roggli, V.L.: Asbestos Body Concentrations in Human Lung: Predictions from Asbestos Body Counts in Tissue Sections using a Mathematical Model. Hum. Pathol. 16:713-718, 1985.

29. Gylseth, B., Churg, A., Davis, J.M.G., Johnson, N., Morgan, A., Mowe, G., Rogers, A., Roggli, V.L.: Analysis of Asbestos Fibers and Asbestos Bodies in Human Lung Tissue Samples: An International Interlaboratory Trial. Scand. J. Work Environ. Health 11:107-110, 1985.

30. Baker, D., Kupke, K.G., Ingram, P., Roggli, V.L., Shelburne, J.D.: Microprobe Analysis in Human Pathology, Scanning Electron Microscopy, II, Johari, O., ed., SEM Inc., AMF O'Hare (Chicago), Il, 60666, pp. 659-680, 1985.

31. Chiles, C., Chen, J.T.T., Elson, C., Roggli, V.L.: Chest Wall Mass in an Elderly Male. Invest. Radiol. 20:355-359, 1985.

32. McLendon, R.E., Roggli, V.L., Foster, W.L., and Becsey, D.: Carcinoma of the Lung with Osseous Stromal Metaplasia. Arch. Pathol. Lab. Med. 109:1051-1053, 1985.

33. Pratt, P.C., George, M.H., Mastin, J.P., Roggli, V.L.: Crystalline Foreign Particulate Material in Hernia Sacs. Hum. Pathol. 16:1141-1146, 1985.

34. Roggli, V.L., Keener, S., Bradford, W.D., Walker, D.H., and Pratt, P.C.: Pulmonary Pathology of Rocky Mountain Spotted Fever (RMSF) in Children. Pediatric Pathology 4:47-57, 1985.

35. Roggli, V.L., Pratt, P.C., Brody, A.R.: Asbestos Content of Lung Tissue in Asbestos-Associated Diseases: A Study of 110 Cases. Br. J. Ind. Med. 43:18-28, 1986.

36. Szpak, C.A., Johnston, W.W., Roggli, V.L., Kolbeck, J., Lottich, S.C., Vollmer, R., Thor, A., Schlom, J.: The Diagnostic Distinction Between Malignant Mesothelioma of the Pleura and Adenocarcinoma of the Lung as Defined by a Monoclonal Antibody (B72.3). Am. J. Pathol. 122:252-260, 1986.

37. Foster, W.L., Pratt, P.C., Roggli, V.L., Halversen, R.A., Godwin, J.D., Putman, C.E.: Centrilobular Emphysema: CT-Pathological Correlation. Radiology 159:27-32, 1986.

38. Roggli, V.L., and Greenberg, S.D.: Analytical Electron Microscopy and Pulmonary Toxicology: An Overview. Microbeam Analysis-1986, (A.D. Romig, Jr., and W.F. Chambers, eds.), San Francisco Press, Inc., San Francisco, 1986, pp. 539-540.

39. Pinkerton, K.E., and Roggli, V.L.: The Role of Fiber Number, Size, and Mass in Asbestos-induced Lung Disease. Microbeam Analysis-1986, (A.D. Romig, Jr., and W.F. Chambers, eds.), San Francisco Press, Inc., San Francisco, 1986, pp. 553-555.

40. Mastin, J.P., Furbish, W.J., Delong, E.R., Roggli, V.L., Pratt, P.C., and Shelburne, J.D.: Inorganic particulate matter from lungs of individuals without occupational exposure. Microbeam Analysis-1986, (A.D. Romig, Jr., and W.F. Chambers, eds.), San Francisco Press, Inc., San Francisco, 1986, pp. 583-585.

41. Roggli, V.L.: Analytical Scanning Electron Microscopy in the Investigation of Unusual Exposures. Microbeam Analysis-1986, (A.D. Romig, Jr., and W.F. Chambers, eds.), San Francisco Press, Inc., San Francisco, 1986, pp. 586-588.

42. Austin, M.B., Fechner, R.E., Roggli, V.L.: Pleural Malignant Mesothelioma Following Wilms' Tumor. Am. J. Clin. Pathol. 86:227-230, 1986.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 8

43.  Roggli, V.L., Piantadosi, C.A., and Bell, D.Y.: Asbestos Bodies in Bronchoalveolar Lavage Fluid: A Study of 20 Asbestos-Exposed Individuals and Comparison to Patients with Other Chronic Interstitial Lung Disease. Acta Cytolog. 30:460-467, 1986.

44.  Pinkerton, K.E., Plopper, C.G., Mercer, R.R., Roggli, V.L., Patra, A.L., Brody, A.R., and Crapo, J.D.: Airway Branching Patterns Influence Asbestos Fiber Location and the Extent of Tissue Injury in the Pulmonary Parenchyma. Laboratory Investigation 55:688-695, 1986.

45.  Roggli, V.L., George, M.H., and Brody, A.R.: Clearance and Dimensional Changes of Crocidolite Asbestos Fibers Isolated from Lungs of Rats Following Short-Term Exposure. Environ. Res. 42:94-105, 1987.

46.  Linder, J., Stein, R.B., Roggli, V.L., Vollmer, R.T., Croker, B.P., Postlethwait, R.W., and Shelburne, J.D.: Polypoid Tumor of the Esophagus. Hum. Pathol. 18:692-700, 1987.

47.  Fraire, A.E., Roggli, V.L., Vollmer, R.T., Greenberg, S.D., McGavran, M.H., Spjut, H.J., and Yesner, R.: Lung Cancer Heterogeneity: Prognostic Implications. Cancer 60:370-375, 1987.

48.  Benning, T.L., Godwin, J.D., Roggli, V.L., and Askin, F.B.: Cartilaginous Variant of Congenital Cystic Adenomatoid Malformation. Chest 92:514-516, 1987.

49.  Roggli, V.L.: Analytical Electron Microscopy of Mineral Fibers from Human Lungs. Proceedings of the 45th Annual Meeting of the Electron Microscopy Society of America (Bailey, G.W., ed.), San Francisco Press, Inc., San Francisco, pp. 666-669, 1987.

50.  Roggli, V.L., Kolbeck, J., Sanfilippo, E., and Shelburne, J.D.: Pathology of Human Mesothelioma: Etiologic and Diagnostic Considerations. Pathol. Annu., Part 2, Vol. 22, pp. 91-131, 1987.

51.  Knapp, M.J., Roggli, V.L., Kim, J., Moore, J.O., and Shelburne, J.D.: Pleural Amyloidosis. Arch. Pathol. Lab. Med. 112:57-60, 1988.

52.  Pratt, P.C., Roggli, V.L., and Tesoriero, V.J.: Lower Incidence of Death from Chronic Renal Disease in Patients with Non-lethal Pulmonary Emphysema: A Statistical Study. Modern Pathol. 1:57-63, 1988.

53.  Tabatowski, K., Roggli, V.L., Fulkerson, W.J., Langley, R.L., Benning, T., and Johnston, W.W.: Giant Cell Interstitial Pneumonia in a Hard Metal Worker: Cytologic, Histologic and Analytical Electron Microscopic Investigation. Acta Cytolog. 32:240-246, 1988.

54.  Humphrey, P.A., Scroggs, M.S., Roggli, V.L., and Shelburne, J.D.; Pulmonary Carcinomas with a Sarcomatoid Element: An Immunocytochemical and Ultrastructural Analysis. Hum. Pathol. 19:155-165, 1988.

55.  Ramage, J.E., Roggli, V.L., Bell, D.Y., and Piantadosi, C.A.: Interstitial Pneumonitis and Fibrosis Associated with Domestic Wood Burning. Am. Rev. Respir. Dis. 137:1229-1232, 1988.

56.  Elson, C.E., Roggli, V.L., Vollmer, R.T., Greenberg, S.D., Fraire, A.E., and Yesner, R.: Prognostic Indicators for Survival in Stage I Carcinoma of the Lung: A Histologic Study of 47 Surgically Resected Cases. Modern Pathol. 1:288-291, 1988.

57.  Roggli, V.L.: Preparatory Techniques for the Quantitative Analysis of Asbestos in Tissues. Proceedings of the 46th Annual Meeting of the Electron Microscopy Society of America, (Bailey, G.W., ed.), San Francisco Press, Inc., San Francisco, pp. 84-85, 1988.

58.  Moore, C.K., Hellreich, M.A., Coblentz, C.L., and Roggli, V.L.: Aspergillus terreus as a Cause of Invasive Pulmonary Aspergillosis. Chest 94:889-891, 1988.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 9

59. Coblentz, C.L., Chen, J.T.T., Bernhardt, P., and Roggli, V.L.: Calcified Intralobar Pulmonary Sequestration. J. Can. Assoc. Radiol. 39:290-292, 1988.

60. Bergin, C., Roggli, V.L., Coblentz, C., and Chiles, C.: The Secondary Lobule: The Normal and Abnormal CT Appearance. Am. J. Roentgenol. 151:21-25, 1988.

61. Joines, R.A., and Roggli, V.L.: Dendriform Pulmonary Ossification: Report of Two Cases with Unique Findings. Am. J. Clin. Pathol. 91:398-402, 1989.

62. Edelman, D.A., and Roggli, V.L.: The Accumulation of Nickel in Human Lungs. Environ. Health Persp. 81:221-224, 1989.

63. Roggli, V.L.: Nonasbestos Mineral Fibers from Human Lungs. Microbeam Analysis - 1989 (P.E. Russell, ed.), San Francisco Press, Inc., San Francisco, 1989, pp. 57-59.

64. Lomasney, L., Bergin, C.J., Lomasney, J., Roggli, V.L., and Foster, W.L.: CT Appearance of the Lunate Trachea. J. Comp. Asst. Tomogr. 13:520-522, 1989.

65. Dovey, M., Wisseman, C.L., Roggli, V.L., Roomans, G.M., Shelburne, J.D., and Spock, A.: Ultrastructural Morphology of the Lung in Cystic Fibrosis. J. Submicros. Cytol. Pathol. 21:521-534, 1989.

66. Scroggs, M.W., Roggli, V.L., Fraire, A.E., and Sanfilippo, F.: Eosinophilic Intracytoplasmic Globules in Pulmonary Adenocarcinomas: A Histochemical, Immunohistochemical and Ultrastructural Study of Six Cases. Hum. Pathol. 20:845-849, 1989.

67. Cagle, P.T., Truong, L.D., Roggli, V.L., and Greenberg, S.D.: Immunohistochemical Differentiation of Sarcomatoid Mesotheliomas from Other Spindle-Cell Neoplasms. Am. J. Clin. Pathol. 92:566-571, 1989.

68. Sherrier, R.H., Chiles, C., and Roggli, V.L.: Pulmonary Lymphangioleiomyomatosis: CT Findings. Am. J. Roentgenol. 153:937-940, 1989.

69. Roggli, V.L.: Human disease consequences of fiber exposures - A review of human lung pathology and fiber burden data. Environ. Health Persp. 88:295-303, 1990.

70. Shelburne, J.D., Ingram, P., and Roggli, V.L.: Application of Analytical Electron Microscopy to the Study of Environmental Disease, In: National Training Course on the Application of Electron Microscopy in Biomedical Research and Diagnosis of Human Diseases (Mukherjee TM, ed.), University of Adelaide, South Australia, 1990, pp 92-99.

71. Roggli, V.L. and Benning, T.L.: Asbestos Bodies in Pulmonary Hilar Lymph Nodes. Mod. Pathol. 3:513-517, 1990.

72. Roggli, V.L.: The contributions of analytical electron microscopy to the detection and quantification of asbestos in human lung samples. Proceedings of the XIIth International Congress for Electron Microscopy, vol. 2, San Francisco Press, Inc., San Francisco, pp. 340-341, 1990.

73. Roggli, V.L.: Scanning electron microscopic analysis of mineral fiber content of lung tissue in the evaluation of diffuse pulmonary fibrosis. Scanning Microsc. 5:71-83, 1991.

74. McCaughey, W.T.E., Colby, T.V., Battifora, H., Churg, A., Corson, J.M., Greenberg, S.D., Grimes, M.M., Hammar, S., Roggli, V.L., and Unni, K.K.: The diagnosis of diffuse malignant mesothelioma: Experience of the U.S./Canadian Mesothelioma Panel. Mod. Pathol. 4:342-353, 1991.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 10

75. Roggli, V.L. and Longo, W.E.: Mineral fiber content of lung tissue in patients with environmental exposures: Household contacts vs. building occupants. Ann. NY Acad. Sci. 643:511-519, 1992.

76. Fisher, M., Roggli, V.L., Merten, D., Mulvihill, D., and Spock, A.: Coexisting endogenous lipoid pneumonia, prominent cholesterol granulomas, and pulmonary alveolar proteinosis in a pediatric population: A clinical, radiographic, and pathologic correlation. Ped. Pathol. 12:365-383, 1992.

77. Kern, D.G., Hanley, K.T., and Roggli, V.L.: Malignant mesothelioma in the jewelry industry. Am. J. Ind. Med. 21:409-416, 1992.

78. Coin, P.G., Roggli, V.L., and Brody, A.R.: Deposition, clearance, and translocation of chrysotile asbestos from peripheral and central regions of the rat lung. Environ. Res. 58:97-116, 1992.

79. Ghio, A.J., Peterseim, D.S., Roggli, V.L., and Piantadosi, C.A.: Oxalate deposition in the lung associated with Aspergillus niger infection: An oxidant hypothesis of toxicity. Am. Rev. Respir. Dis. 145:1499-1502, 1992.

80. Roggli, V.L.: Quantitative and analytical studies in the diagnosis of mesothelioma. Sem. Diag. Pathol. 9:162-168, 1992.

81. Shahab, I., Fraire, A.E., Greenberg, S.D., Johnson, E.H., Langston, C., and Roggli, V.L.: Histopathologic and computer-assisted morphometric assessment of predictors of long-term survival in surgically-resected Stage I carcinoma of lung. Mod. Pathol. 5:521-524, 1992.

82. Cagle, P.T., Langston, C., Fraire, A.E., Roggli, V.L., and Greenberg, S.D.: Absence of correlation between nuclear morphometry and survival in stage-1 non-small cell lung cancers. Cancer 69:2454-2457, 1992.

83. Shelburne, J.D., Roggli, V.L., and Ingram, P.: Microprobe analysis in clinical diagnosis. Proceedings of the 50th Annual Meeting of the Electron Microscopy Society of America held jointly with the 27th Annual Meeting of the Microbeam Analysis Society and the 19th Annual Meeting of the Microscopical Society of Canada/Societe de Microscopie du Canada, (Bailey, G.W., Bentley, J., and Small, J.A., eds.), San Francisco Press, Inc., San Francisco, 1992, pp. 1116-1117.

84. Roggli, V.L., Pratt, P.C., and Brody, A.R.: Asbestos fiber type in malignant mesothelioma: An analytical electron microscopic study of 94 cases. Am. J. Ind. Med. 23:605-614, 1993.

85. Foster, W.L., Gimenez, E.I., Roubidoux, M.A., Sherrier, R.H., Shannon, R.H., Roggli, V.L., and Pratt, P.C.: The emphysemas: Radiologic-pathologic correlations. Radiographics 13:311-328, 1993.

86. Todd, N.W., Peters, W.P., 0st, A.H., Roggli, V.L., and Piantadosi, C.A.: Pulmonary drug toxicity in patients with primary breast cancer treated with high dose combination chemotherapy and autologous bone marrow transplantation. Am. Rev. Respir. Dis. 147:1264-1270, 1993.

87. Shelburne, J.D., Roggli, V.L., Ingram, P., LeFurgey, A., and Oberdörster, E.: Electron microscopy in environmental pathology. Microsc. Soc. Am. Bull. 23:242-252, 1993.

88. Zimmerman, R.L, Novek, S., Chen, J.T.T., and Roggli, V.L.: Pulmonary thrombosis in a 10 year old child with minimal change disease/nephrotic syndrome: A clinical, radiologic, and pathologic correlation with literature review. Am. J. Clin. Pathol. 101:230-236, 1994.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 11

89.  Mercer, R.R., Russell, M.L., Roggli, V.L., and Crapo, J.D.: Cell number and distribution in human and rat airways. Am. Rev. Respir. Cell. Mol. Biol. 10:613-624, 1994.

90.  McDonald, J.W., Roggli, V.L., and Bradford, W.D.: Coexisting endogenous and exogenous lipoid pneumonia and pulmonary alveolar proteinosis in a patient with neurodevelopmental disease. Ped. Pathol. 14:505-511, 1994.

91.  Roggli, V.L., Coin, P.G., MacIntyre, N.R., and Bell, D.Y.: Asbestos content of bronchoalveolar lavage fluid: A comparison of light and scanning electron microscopic analysis. Acta. Cytolog. 38:502-510, 1994.

92.  Fraire, A.E., Greenberg, S.D., Spjut, H.J., Roggli, V.L., Dodson, R., Cartwright, J., Williams, G., and Baker, S.: Effects of Fibrous Glass Upon Rat Pleural Mesothelium: Histopathologic Observations. Am. J. Respir. Crit. Care Med. 150:521-527, 1994.

93.  Coin, P.G., Roggli, V.L., and Brody, A.R.: Persistence of long thin chrysotile asbestos fibers in the lungs of rats. Environ. Health Persp. 102:197-199, 1994.

94.  Roggli, V.L., Hammar, S.P., Pratt, P.C., Maddox, J.C., Legier, J., Mark, E.J., and Brody, A.R.: Commentary: Does asbestos or asbestosis cause carcinoma of the lung? Am. J. Ind. Med. 26:835-838, 1994.

95.  Srebro, S.H., and Roggli, V.L.: Asbestos-related disease associated with exposure to asbestiform tremolite. Am. J. Ind. Med. 26:809-819, 1994.

96.  McDonald, J.W., and Roggli, V.L.: Demonstration of silica particles in lung tissue by polarizing light microscopy. Arch. Pathol. Lab. Med. 119:242-246, 1995.

97.  Sane, A.C., and Roggli, V.L.: Curative resection of a well-differentiated papillary mesothelioma of the pericardium. Arch. Pathol. Lab. Med. 119:266-267, 1995.

98.  Baz, M.A., Kussin, P.S., Van Tright, P., Davis, R.D., Roggli, V.L., and Tapson, V.F.: Recurrence of diffuse panbronchiolitis after lung transplantation. Am. J. Resp. Crit. Care Med. 151:895-898, 1995.

99.  Roggli, V.L.: Malignant mesothelioma and duration of asbestos exposure: Correlation with tissue mineral fiber content. Ann. Occup. Hyg. 39:363-374, 1995.

100.  Potts, S.B., Roggli, V.L., and Spock, A.: Immunohistologic quantification of Pseudomonas aeruginosa in the tracheobronchial tree from patients with cystic fibrosis. Pediatric Pathol. 15:707-721, 1995.

101.  Srebro, S.H., Roggli, V.L., and Samsa, G.P.: Malignant mesothelioma associated with low pulmonary tissue asbestos burdens: A light and scanning electron microscopic analysis of 18 cases. Mod. Pathol. 8:614-621, 1995.

102.  McDonald, J.W., Roggli, V.L., and Shelburne, J.D.: Microprobe analysis: diagnostic applications in pulmonary medicine. Microbeam Analysis 4:261-276, 1995.

103.  McDonald, J.W., Ghio, A.J., Sheehan, C.E., Bernhardt, P.F., and Roggli, V.L.: Rare earth (cerium oxide) pneumoconiosis: analytical scanning electron microscopy and literature review. Mod. Pathol. 8:859-865, 1995.

104.  Baz, M.A., Tapson, V.F., Roggli, V.L., Van Tright, P., and Piantadosi, C.A.: Glutathione depletion in epithelial lining fluid of lung allograft patients. Am. J. Respir. Crit. Care Med. 153:742-746, 1996.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 12

105. Pacinda, S.J., Ledet, S.C., Gondo, M.M., Langston, C., Brown, R.W., Carmona, P.A., Franklin, R.B., Roggli, V.L., and Cagle, P.T.: p53 and MDM2 immunostaining in pulmonary blastomas and bronchogenic carcinomas. Hum. Pathol. 27:542-546, 1996.

106. Pracyk, J.B., Simonson, S.G., Young, S.L., Ghio, A.J., Roggli, V.L., and Piantadosi, C.A.: Composition of lung lavage in pulmonary alveolar microlithiasis. Respiration 63:254-260, 1996.

107. Coin, P.G., Lindroos, P.M., Osornio-Varges, A.R., Roggli, V.L., and Bonner, J.C.: Lipopolysaccharide upregulates platelet-derived growth factor (PDGF) alpha-receptor expression in rat lung myofibroblasts and enhances response to all PDGF isoforms. J. Immunol. 156:4797-4806, 1996.

108. Lai, R-S., Chang, A.A., Wu, M-T., Wang, J-S., Lai, N-S., Lu, J.Y., Ger, L-P., and Roggli, V.L.: Outbreak of bronchiolitis obliterans associated with consumption of Sauropus androgynus in Taiwan. Lancet 348:83-85, 1996.

109. Ghio, A.J. and Roggli, V.L.: Accumulation of iron in the rat lung after intratracheal instillation of coal dust. Appl. Occup. Environ. Hyg. 11:980-985, 1996.

110. Coin, P.G., Osornio-Vargas, A.R., Roggli, V.L., and Brody, A.R.: Pulmonary fibrogenesis after three consecutive inhalation exposures to chrysotile asbestos in the rat. Am. J. Respir. Crit. Care Med. 154:1511-1519, 1996.

111. Lidor, C., McDonald, J.W., Roggli, V.L., and Vail, T.P.: Wear particles in bilateral internal iliac lymph nodes after loosening of a painless unilateral cemented total hip arthroplasty. J. Urol. 156:1775-1776, 1996.

112. Ghio, A.J., LeFurgey, A., and Roggli, V.L.: The in vitro accumulation of iron on crocidolite is associated with decrements in oxygen generation by the fiber. J. Toxicol. Environ. Health 50:125-142, 1997.

113. Sterner, D.J., Mori, M., Roggli, V.L., and Fraire, A.E.: Prevalence of pulmonary atypical alveolar cell hyperplasia in an autopsy population. Mod. Pathol. 10:469-473, 1997.

114. Fraire, A.E., Greenberg, S.D., Spjut, H.J., Dodson, R.F., Williams, G., Lach-Pasko, E., and Roggli, V.L.: Effect of erionite upon the pleural mesothelium of the Fischer 344 rat. Chest 111:1375-1380, 1997.

115. Baz, M.A., Ghio, A.J., Roggli, V.L., Tapson, V.F., and Piantadosi, C.A.: Iron accumulation in lung allografts after transplantaiton. Chest 112:435-439, 1997.

116. Zeren, H., Colby, T.V., and Roggli, V.L.: Silica-induced pleural disease: An unusual case mimicking malignant mesothelioma. Chest 112:1436-1438, 1997.

117. Henderson, D.W., Rantanen. J., Barnhart, S., Dement, J.M., De Vuyst, P., Hillerdal, G., Huuskonen, M.S., Kivisaari, L., Kusaka, Y., Lahdensuo, A., Langard, S., Mowe, G., Okubo, T., Parker, J.E., Roggli, V.L., Rödelsperger, K., Rösler, J., Tossavainen, A., and Woitowitz, H.J.: Asbestos, asbestosis, and cancer: The Helsinki critieria for diagnosis and attribution. A consensus report of an international expert group. Scand. J. Work Environ. Health 23:311-316, 1997.

118. Choe, N., Tanaka, S., Xia, W., Hemenway, D.R., Roggli, V.L., and Kagan, E.: Pleural macrophage recruitment and activation in asbestos-induced pleural injury. Environ. Health Persp. 105 (Supl 5): 1257-1260, 1997.

119. Mangano, W.D., Cagle, P.T., Churg, A., Vollmer, R.T., and Roggli, V.L.: The diagnosis of desmoplastic malignant mesothelioma and its distinction from fibrous pleurisy: A

Curriculum Vitae
Victor L. Roggli, M.D.
Page 13

histologic and immunohistochemical analysis of 31 cases including p53 immunostaining. Am. J. Clin. Pathol. 110:191-199, 1998.

120. Oury, T.D., Hammar, S.P., and Roggli, V.L.: Ultrastructural features of diffuse malignant mesotheliomas. Hum. Pathol. 29:1382-1392, 1998.

121. Nolan, R.L., McAdams, H.P., Sporn, T.A., Roggli, V.L., Tapson, V.F., and Goodman, P.C.: Pulmonary cholesterol granulomas in patients with pulmonary arterial hypertension: Chest radiographic and CT findings. Am. J. Roentgenol. 172:1317-1319, 1999.

122. Gavett, S.H., Madison, S.L., Scarborough, P.E., Qu, W., Boyle, J.E., Chulada, P.C., Tiano, H.F., Lee, C.A., Langenbach, R., Roggli, V.L., and Zeldin, D.C.: Allergic lung responses are increased in prostaglandin H synthase deficient mice. J. Clin. Invest. 104:721-732, 1999.

123. Boag, A.H., Colby, T.V., Fraire, A.E., Kuhn, C., Roggli, V.L., Travis, W.D., and Vallyathan, V.: The pathology of interstitial lung disease in Nylon flock workers. Am. J. Surg. Pathol. 23:1539-1545, 1999.

124. Roggli, V.L. and Sanders, L.L.: Asbestos content of lung tissue and carcinoma of the lung: A clinicopathologic correlation and mineral fiber analysis of 234 cases. Ann. Occup. Hyg. 44:109-117, 2000.

125. Churg, A., Colby, T.V., Cagle, P.T., Corson, J.M., Gibbs, A.R., Gilks, B., Grimes, M.M., Hammar, S.P., Roggli, V.L., and Travis, W.D.: The separation of benign and malignant mesothelial proliferations. Am. J. Surg. Pathol. 24:1183-1200, 2000.

126. Erasmus, J.J., Connolly, J.E., McAdams, H.P., and Roggli, V.L.: Solitary pulmonary nodules. I. Morphologic evaluation for differentiation of benign and malignant lesions. Radiographics 20:43-58, 2000.

127. Ghio, A.J., Roggli, V.L., Kennedy, T.P., and Piantadosi, C.A.: Calcium oxalate and iron accumulation in sarcoidosis. Sarcoidosis 17:140-150, 2000.

128. Zeren, E.H., Gumurdulu, D., Roggli, V.L., Zorludemir, S., Erkisi, M., and Tuncer, I.: Environmental malignant mesothelioma in Southern Anatolia: A study of 50 cases. Environ. Hlth. Persp. 108:1047-1050, 2000.

129. Crotty, E.J., McAdams, H.P., Erasmus, J.J., Sporn, T.A., and Roggli, V.L.: Epithelioid hemangioendothelioma of the pleura: Clinical and radiologic features. Am. J. Roentgenol. 175:1545-1549, 2000.

130. Zeldin, D.C., Wohlford-Lenane, C., Chulada, P., Bradbury, J.A., Scarborough, P.E., Roggli, V.L., Langenbach, R., and Schwartz, D.A.: Airway inflammation and responsiveness in prostaglandin H synthase-deficient mice exposed to bacterial lipopolysaccharide. Am. J. Respir. Cell Mol. Biol. 25: 457-465, 2001.

131. Butnor, K.J., Sporn, T.A., Hammar, S.P., and Roggli, V.L.: Well-Differentiated Papillary Mesothelioma. Am. J. Surg. Pathol. 25: 1304-1309, 2001.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 14

132. Ghio, A.J., Gilbey, J.G., Roggli, V.L., Richards, J.H., McGee, J.K., Carson, J.L., Devlin, D.B, and Cascio, W.E.: Diffuse alveolar damage after exposure to an oil fly ash. Am. J. Respir. Crit. Case Med. 164: 1514-1518, 2001.

133. Kumahi, F. T., Kawai, T., Churg, A., Gallateau-Salle, F.B., Hasleton, P., Henderson, D., Roggli, V., Travis, W.D., Cagle, P.T., and Ferrans, V.J.: Expression of telomerase reverse transcriptase (TERT) in malignant mesothelioma. Am. J. Surg. Pathol. 26: 365-370, 2002.

134. Roggli, V.L., Sharma, A., Butnor, K.J., Sporn, T., and Vollmer, R.T.: Malignant mesothelioma and occupational exposure to asbestos: A clinicopathological correlation of 1445 cases. Ultrastruct. Pathol. 26: 55-65, 2002.

135. Roggli, V.L., Vollmer, R.T., Butnor, K.J., and Sporn, T.A.: Tremolite and mesothelioma. Ann. Occup. Hyg. 46: 447-453, 2002.

136. Rom, W.N., Weiden, M., Garcia, R., Yie, T.A., Vathesatogkit, P., Tse, D.B., McGuinness, G., Roggli, V.L., and Prezant, D.: Acute eosinophilic pneumonia in a New York City firefighter exposed to World Trade Center dust. Am. J. Respir. Crit. Care Med. 166: 797-800, 2002.

137. Sporn, T.A., Butnor, K.J., and Roggli, V.L.: Epithelioid hemangioendothelioma of the pleura: An aggressive vascular malignancy and clinical mimic of malignant mesothelioma. Histolopathology 41 [Suppl 2]: 173-177, 2002.

138. Butnor, K.J., Sporn, T.A., and Roggli, V.L.: Exposure to brake dust and malignant mesothelioma: A study of 10 cases with mineral fiber analyses. Ann. Occup. Hyg. 47: 325-330, 2003.

139. Marsh, G.M., Gula, M.J., Roggli, V.L., and Churg, A.: The role of smoking and exposure to asbestos and man-made vitreous fibers in a questionable case of mesothelioma. Ind Health 41: 332-334, 2003.

140. Ghio, A.J., Roggli, V.L., Richards, J.H., Crissman, K.M., Stoneheurner, J.D., and Piantadosi, C.A.: Oxalate deposition on asbestos bodies. Hum. Pathol. 34: 737-742, 2003.

141. Butnor, K.J., Sporn, T.A., Ingram, P., Gunasegaram, S., Pinto, J.F., and Roggli, V.L.: Beryllium detection in human lung tissue using electron probe x-ray microanalysis. Mod. Pathol. 16: 1171-1177, 2003.

142. Cai, Y.-C., Roggli, V.L., Mark, E., Xu, X., Cagle, P.T., Seaver, S., Savas, L., and Fraire, A.Ee.: Expression of transforming growth factor-alpha (TGF-a)and epidermal growth factor receptor (EGFR) in reactive mesothelial proliferations and malignant mesothelioma. Arch. Pathol. Lab. Med. 128: 68-70, 2004.

143. Butnor, K.J., Burchette, J.L., Sporn, T.A., Hammar, S.P., and Roggli, V.L.: The spectrum of Kit (CD117) immunoreactivity in lung and pleural tumors: A study of 96 cases using a single source-antibody with a review of the literature. Arch. Pathol. Lab. Med. 128: 538-543, 2004.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 15

144. Ghio, A.J., Roggli, V.L., and Churg, A.: Ferruginous bodies: Implications in the mechanism of fiber and particle toxicology. Toxicol. Pathol. 32: 643-649, 2004.

145. Honma, K., Abraham, J.L., Chiyotani, K., DeVüyst, P., Dumortier, P., Gibbs, A.R., Green, F.H.Y., Hosoda, Y., Iwai, K., Williams, W.J., Kohyama, N., Ostiguy, G., Roggli, V.L., Shida, H., Taguchi, O., and Vallyathan, V.: Proposed criteria for mixed dust pneumoconiosis: Definition, descriptions, and guidelines for pathologic diagnosis and clinical correlation. Hum. Pathol. 35: 1515-1523, 2004.

146. Brownlee, N.A., Mott, R.T., Mahar, A., and Roggli, V.L.: Mucinous (colloid) adenocarcinoma of the lung. Arch. Pathol. Lab. Med. 129: 121-122, 2005.

147. Granville, L.A., Younes, M., Churg, A., Roggli, V.L., Henderson, D.W., and Cagle, P.T.: Comparison of monoclonal vs. polyclonal calretinin antibodies for immunohistochemical diagnosis of malignant mesothelioma. Appl. Immunohistochem Mol Morphol 13: 75-79, 2005.

148. Fields, T.A., McCall, S.J., Reams, D., Roggli, V.L., Palmer, S.M., and Howell, D.N.: Pulmonary embolization of microcrystalline cellulose in a lung transplant recipient. J. Heart Lung Transplant 24: 624-627, 2005.

149. Travis, W.D., Garg, K., Franklin, W.A., Wistuba, I.I., Sabloff, B., Noguchi, M., Kakinuma, R., Zakowski, M., Ginsberg, M., Padera, R., Jacobson, F., Johnson, B.E., Hirsch, F., Brambilla, E., Flieder, D.B., Geisinger, K.R., Thunnisen, F., Kerr, K., Yankelevitz, D., Franks, T.J., Galvin, J.R., Henderson, D.W., Nicholson, A.G., Hasleton, P.S., Roggli, V., Tsao, M.-S., Cappuzzo, F., and Vazquez, M.: Evolving concepts in the pathology and CT imaging of lung adenocarcinoma and bronchioloalveolar carcinoma. J. Clin. Oncol. 23: 3279-3287, 2005.

150. Allen, T.C., Cagle, P.T., Churg, A.M., Colby, T.V., Gibbs, A.R., Hammar, S.P., Corson, J.M., Grimes, M.M., Ordonez, N.G., Roggli V.L., Travis, W.D., and Wick, M.R.: Localized malignant mesothelioma. Am. J. Surg. Pathol. 29: 866-873, 2005.

151. Granville, L., Laga, A.C., Allen, T.C., Dishop, M., Roggli, V.L., Churg, A., Zander, D.S., Cagle, P.T.: Review and update of uncommon primary pleural tumors: A practical approach to diagnosis. Arch. Pathol. Lab. Med. 129: 1428-1443, 2005.

152. Roggli, V.L.: The role of analytical SEM in the determination of causation in malignant mesothelioma. Ultrastruct. Pathol. 30: 31-35, 2006.

153. Hassan, R., Alexander, R., Antman, K., Boffetta, P., Churg, A., Coit, D., Hausner, P., Kennedy, R., Kindler, H., Metintas, M., Mutti, L., Onda, M., Pass, H., Premkumar, A., Roggli, V., Sterman, D., Sugarbaker, P., Taub, R., and Verschraegen, C.: Current treatment options and biology of peritoneal mesothelioma: Meeting summary of the First NIH Peritoneal Mesothelioma Conference. Ann. Oncol. (in press, 2006).

154. Travis, W.D., Garg, K., Franklin, W.A., Wistuba, I.I., Sabloff, B., Noguchi, M., Kakinuma, R., Zakowski, M., Ginsberg, M., Padera, R., Jacobson, F., Johnson, B.E., Hirsch, F., Brambilla, E., Flieder, D.B., Geisinger, K.R., Thunnisen, F., Kerr, K., Yankelevitz, D.,

**Curriculum Vitae**
**Victor L. Roggli, M.D.**
**Page 16**

Franks, T.J., Galvin, J.R., Henderson, D.W., Nicholson, A.G., Hasleton, P.S., Roggli, V., Tsao, M.-S., Cappuzzo, F., and Vazquez, M.: Bronchioloalveolar carcinoma and lung adenocarcinoma: The clinical importance and research relevance of the 2004 WHO pathologic criteria. J. Thorac. Oncol. (in press, 2006).


**Chapters in Books:**

1.  Shelburne, J.D., Wisseman, C.L., Broda, K.R., Roggli, V.L., and Ingram, P.: Lung- Non-Neoplastic Conditions. In: Diagnostic Electron Microscopy, Vol. 4, (Trump, B.F., and Jones, R.J., eds.), John Wiley and Sons, New York, 1983, pp. 475-538.

2.  Roggli, V.L., Mastin, J.P., Shelburne, J.D., Roe, M.S., and Brody, A.R.: Inorganic Particulates in Human Lung: Relationship to the Inflammatory Response. In: Inflammatory Cells and Lung Disease (W.S. Lynn, M.D., eds.), CRC Press, Inc., Boca Raton, FL, 1983, pp. 29-62.

3.  Roggli, V.L., and Shelburne, J.D.: Mineral Pneumoconioses, Chapter 21, In: Pulmonary Pathology (Dail, D.H., and Hammar, S.P., eds.), Springer-Verlag, New York, 1988, pp. 589-617.

4.  Roggli, V.L., and Brody, A.R.: Imaging Techniques for Application to Lung Toxicology, In: Toxicology of the Lung (Gardner, D.E., Crapo, J.D., and Massaro, E.J., eds.), Raven Press, New York, 1988, pp. 117- 145.

5.  Roggli, V.L.: Scanning Electron Microscopic Analysis of Mineral Fibers in Human Lungs. Chptr. 5. In: Microprobe Analysis in Medicine, (Ingram, P., Shelburne, J.D., and Roggli, V.L., eds.), Hemisphere Pub. Corp.: Washington, D.C., 1989, pp. 97-110.

6.  Shelburne, J.D., Tucker, J.A., Roggli, V.L., and Ingram, P.: Overview of Applications in Medicine, Chptr. 3. In: Microprobe Analysis in Medicine, (Ingram, P., Shelburne, J.D., and Roggli, V.L., eds.), Hemisphere Pub. Corp.: Washington, D.C., 1989, pp. 55-77.

7.  Roggli, V.L.: Pathology of Human Asbestosis: A Critical Review. In: Advances in Pathology, vol. 2 (Fenoglio, C.M., ed.), Yearbook Pub., Inc., Chicago, 1989, pp. 31-60.

8.  Shelburne, J.D., Roggli, V.L., Ingram, P., Tucker, J.A., and Linton, R.W.: Microprobe Analysis in Medicine - Present Practice and Future Trends. In: Electron Probe Microanalysis: Applications in Biology and Medicine (Zierold, K. and Hagler, H.K., eds.), Springer-Verlag: Berlin, 1989, pp. 305-316.

9.  Roggli, V.L., and Brody, A.R.: The Role of Electron Microscopy in Experimental Models of Pneumoconiosis. In: Electron Microscopy of the Lung (Schraufnagel, D., ed.), Marcel Dekker: New York, 1990, pp. 315-343.

10. Schraufnagel, D., Ingram, P., Roggli, V.L., and Shelburne, J.D.: An Introduction to Analytical Electron Microscopy and Microprobe Analysis: Techniques and Tools to Study the Lung. In: Electron Microscopy of the Lung (Schraufnagel, D., ed.), Marcel Dekker: New York, 1990, pp. 1-46.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 17

11. Roggli, V.L.: Mineral fiber content of lung tissue in patients with malignant mesothelioma, Chptr. 6, In: Malignant Mesothelioma (Henderson, D.W., Shilkin, K.B., Langlois, S.L.P., and Whitaker, D., eds.), Hemisphere Pub. Corp.: Washington, D.C., 1991, pp. 201-222.

12. Roggli, V.L.: Fiber Analysis, Chptr. 18, In: Environmental and Occupational Medicine, 2nd ed. (Rom, W.N., ed.), Little Brown and Co.: New York, 1992, pp. 255-267.

13. Roggli, V.L., and Shelburne, J.D.: Pneumoconioses, Mineral and Vegetable, Chapter 27, In: Pulmonary Pathology, 2nd ed. (Dail, D.H., and Hammar, S.P., eds.), Springer-Verlag: New York, 1994, pp. 867-900.

14. Roggli, V.L.: The Pneumoconioses: Asbestosis, Chapter 36, In: Pathology of Pulmonary Disease (Saldana, M., ed.), J.B. Lippincott Co: Philadelphia, 1994, pp. 395-410.

15. Roggli, V.L.: Rarer Forms of Pneumoconiosis, Chapter 37, In: Pathology of Pulmonary Disease (Saldana, M., ed.), J.B. Lippincott Co: Philadelphia, 1994, pp. 411-422.

16. Roggli, V.L., and Fisher, M.: Mixed Interstitial and Intra-alveolar Processes, Chapter 33, In: Pathology of Pulmonary Disease (Saldana, M., ed.), J.B. Lippincott Co: Philadelphia, 1994, pp. 357-368.

17. Henderson, D.W., Roggli, V.L., Shilkin, K.B., Hammar, S.P. and Leigh, J.: Is asbestosis an obligate precursor for asbestos-induced lung cancer? Fiber burden and the changing balance of evidence. A Preliminary Discussion Document. In: Sourcebook on Asbestos Diseases, vol. 11, (Peters, G.A., and Peters, B.J., eds), Michie Co: Charlottesville, VA, 1995, pp. 97-168.

18. Henderson, D.W., de Klerk, N.H., Hammar, S.P., Hillerdal, G., Huuskonen, M.S., Karjalainen, A., Leigh, J., Pott, F., Roggli, V.L., Shilkin, K.B., and Tossavainen, A.: Asbestos and lung cancer: Is it attributable to asbestosis or to asbestos fibre burden? Chapter 6, In: Pathology of Lung Tumors (Corrin, B., ed.), Churchill Livingstone, London, 1997, pp. 83-118.

19. Roggli, V.L., Oury, T.D., and Moffatt, E.J.: Malignant mesothelioma in women. In: Anatomic Pathology, 1997, Vol. 2 (Rosen, P.P. and Fechner, R.E., eds.), ASCP Press, Chicago, 1998, pp. 147-163.

20. Roggli, V.L.: Fiber analysis. Ch. 23. In: Environmental and Occupational Medicine, 3rd ed. (Rom, W.H., ed.), Lippincott-Raven: New York, 1998, pp. 335-347.

21. Roggli, V.L.: Asbestos: Scientific Status. Ch. 40. In: Modern Scientific Evidence, Suppl. Vol. 3 (Faigmann, D.L., Kaye, D.H., Sahs, M.J., and Sanders, J., eds.), West Group: St. Paul, 1999, pp. 285-325.

22. Roggli, V.L. and Oury, T.D.: Interstitial fibrosis, predominantly mature. Ch. 5. In: Diagnostic Pulmonary Pathology (Cagle, P.T., ed.), Marcel Dekker: New York, 2000, pp. 77-101.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 18

23. <u>Roggli, V.L.</u>: Asbestos: Scientific Status. Ch. 38. In: Modern Scientific Evidence, Vol. 4 (Faigmann, D.L., Kaye, D.H., Saks, M.J., and Sanders, J., eds.), West Group: St. Paul, 2002, pp. 327-366.

24. Churg, A., <u>Roggli, V.L.</u>, Galateau-Salle, F., Cagle, P., Gibbs, A., Henderson, D., Vignaud, J.M., Inai, K., Praet, M., Ordonez, N., Hammar, S., Pugatch, B., Testa, J., Knuutila, S., Gazdar, A., and Saracci, R.: Tumours of the Pleura, CH 2, In: World Health Organization Classification of Tumours, Pathology & Genetics, Tumours of the Lung, Thymus, and Heart. WHO: Lyon, 2004, pp. 125-144.

25. <u>Roggli, V.L.</u> and Butnor, K.J.: Pneumoconioses, CH 9, In: Practical Pulmonary Pathology (Leslie, K.O., and Wick, M.R., eds.), W.B. Saunders Co: Philadelphia, 2005, pp. 303-333.

26. <u>Roggli, V.L.</u> and Cagle, P.T.: Pleura, Pericardium and Peritoneum, CH 19, In: Principles and Practice of Surgical Pathology and Cytopathology, 4th Ed. (Silverberg, S.G., DeLellis, R.L., Frable, W.J., LiVolsi, V.A., and Wick, M., eds.), Elsevier: Philadelphia, 2005, pp. 1005-1039.

27. <u>Roggli, V.L.</u> and Cagle, P.T.: Emphysema and Chronic Bronchitis, CH 24, In: Pulmonary Pathology, 3rd Ed. (Tomashefski, J.F., Cagle, P.T., eds.), Springer-Verlag: New York (in press, 2006).


**Books & Monographs:**

1. Ingram, P., Shelburne, J.D., <u>Roggli, V.L.</u>, eds: Microprobe Analysis in Medicine, Hemisphere Pub. Corp.: Washington, D.C., 1989.

2. <u>Roggli, V.L.</u>, Greenberg, S.D., Pratt, P.C., eds.: Pathology of Asbestos-Associated Diseases, Little, Brown & Co.: Boston, MA, 1992.

3. Ingram, P., Shelburne, J.D., <u>Roggli, V.L.</u>, LeFurgey, E.A., eds.: Biomedical Applications of Microprobe Analysis. Academic Press: New York, 1999.

4. <u>Roggli, V.L.</u>, Oury, T.D., Sporn, T.A., eds.: Pathology of Asbestos-Associated Diseases, 2nd Ed., Springer: New York, 2004.

5. Galateau-Salle, F., Brambilla, E., Cagle, P.T., Churg, A.M., Colby, T.V., Gibbs, A.R., Hammar, S.P., Hasleton, P.S., Henderson, D.W., Inai, K., Praet, M., <u>Roggli, V.L.</u>, Travis, W.D., and Vignaud, J.M.: Pathology of Malignant Mesothelioma, Springer: London, 2006.

6. Churg, A., Cagle, P.T., and <u>Roggli, V.L.</u>: Tumors of the Serosal Membranes, AFIP Atlas of Tumor Pathology, Series IV, Fascicle 3, American Registry of Pathology: Washington, D.C., 2006.

Curriculum Vitae
Victor L. Roggli, M.D.
Page 19

**Editorials and Letters to the Editor:**

1. Roggli, V.L.: Pericardial Mesothelioma After Exposure to Asbestos.  N. Engl. J. Med. 304:1045, 1981.

2. Roggli, V.L., McLarty, J.W., and Greenberg, S.D.: Asbestos Bodies in Sputum: A Clinical Marker of Exposure.  J. Occup. Med. 25:508, 1983.

3. Pratt, P.C. and Roggli, V.L.: Acute interstitial pneumonia.  Am. J. Surg. Pathol. 11:156-157, 1987.

4. Roggli, V.L.: Asbestos in Lung Tissue.  Chest 97:1501-1502, 1990.

5. Roggli, V.L.: Role of Closed Needle Biopsy in the Diagnosis of Malignant Mesothelioma of the Pleura.  Chest 105:321-322, 1994.

6. Roggli, V.L.: Histologic Classification of Lung Cancers: Factors Effecting Its Variability. Am. J. Clin. Pathol. 101:411-412, 1994.

7. Roggli, V.L., McDonald, J.W., and Shelburne, J.D.: The Detection of Silicone Within Tissues.  Arch. Pathol. Lab. Med. 118:963-964, 1994.

8. Ghio, A.J. and Roggli, V.L.: Mycotoxins and Interstitial Lung Disease. Chest 108:1185-1186, 1995.

9. Roggli, V.L. and Chiang, A.: Constrictive Bronchiolitis Obliterans in Sauropus Androgynus Poisoning. J. Toxicol. Clin. Toxicol. 34:525-526, 1996.

10. Butnor, K.J., Sporn, T.A., and Roggli, V.L.: Pulmonary Apical Cap.  Am. J. Surg. Pathol. 25: 1344, 2001.

11. Ghio, A.J. and Roggli, V.L.: Talc should not be used for pleurodesis in patients with nonmalignant pleural effusions. Am. J. Respir. Crit. Care Med. 164: 1741, 2001.

12. Roggli, V.L. and Langer, A.M.: Asbestos in brakes: Exposure and risk of disease. Am. J. Ind. Med. 47: 276-277, 2005.

13. Ghio, A.J. and Roggli, V.L.: Diagnosis and initial management of nonmalignant diseases related to asbestos. Am. J. Respir. Crit. Care Med. 171: 527, 2005.

14. Roggli, V.L., Ghio, A.J., Piantadosi, C.A., MacIntyre, N.R., Young, S.L., Kussin, P.S., Steele, M.P., Carraway, M.S., Welty-Wolf, K.E., Govert, J.A., McMahon, T.J., Palmer, S.M., and Sporn, T.A.: Physician subsidies of tobacco advertising. Am. J. Respir. Crit. Care Med. 173: 246, 2006.

**Curriculum Vitae**
**Victor L. Roggli, M.D.**
**Page 20**

**Scientific Exhibits:**

1.  Foster, W.L., Gimenez, E.I., Roubidoux, M.A., Sherrier, R.H., <u>Roggli, V.L.</u>, and Shannon, R.H.: The Emphysemas: Imaging-Pathologic Correlations. <u>Roentgen Ray Society,</u> Boston, MA, May 1991.

2.  Foster, W.L., Gimenez, E.I., Roubidoux, M.A., Sherrier, R.H., <u>Roggli, V.L.</u>, and Shannon, R.H.: The Emphysemas: Imaging-Pathologic Correlations. <u>Radiological Society of North America,</u> Chicago, IL, Dec. 1991.

## TRIAL TESTIMONY

<u>PLAINTIFFS</u>

| | | |
|---|---|---|
| James Washington (MN) | Charles Arnold (TN) | Roy Boyette (TX) |
| Manuel Carvalho (HI) | Daniel Johnstone - I (LA) | Steven Douglas (TX) |
| Ewing B. Edwards (TN) | Ed Lindley (NC) | Gerald England (MD) |
| Frank Smith (RI) | Clarence Stevens (CA) | William Duckett (TX) |
| James O. Bullard (FL) | Ross Grossnickle (MD) | Nicholas Baione (FL) |
| Gregory Davenport (VA) | Martin Mason (TX) | Milton Jenkins (CA) |
| Bernard (WA) | Kenneth Thrapp (TX) | Edward Norris (FL) |
| Roger Shack (AL) | Robert Yeager (TX) | Barnes and Wasiak (TX) |
| John E. Richardson (FL) | Charles Hughes (LA) | Benjamin Baker (WV) |
| Leonard Mays (FL) | Damon Quick (WV) | Victor Hellquist (CA) |
| Ralph Turley (WV) | Daniel Johnstone - II (LA) | John Aday (AL) |
| Garvin Boiter (SC) | Robert Lofton (TX) | Carl Golightly (KY) |
| William Drake (NC) | Robert L. Verdin (MD) | Charles Allen (FL) |
| Cynthia Archer (FL) | Roy Boyette (LA) | Philip C. Skleros (NJ) |
| Cimino et. al. (TX) | Harry DeLong (WV) | Connell and Parkinson (FL) |
| Daniel Boyce (TX) | Nicholas Haluskey (CA) | Lillie Irene Permuy (FL) |
| Peters and Jones (WV) | Benny Gerald Horne (NC) | George E. Prekler (NC) |
| Sego and McElhaney (FL) | Arthur Carter (DE) | Robert L. Stone (TX) |
| Mickens, Taylor, Byford, McBryde and Gray (TX) | | Dean-Steffens (FL) |

## TRIAL TESTIMONY

<u>DEFENDANTS</u>

| | | |
|---|---|---|
| Wilmer Nall  (IL) | Michael Field  (OR) | William Fraysure  (OH) |
| Danny Southers  (FL) | Paul Caruolo  (NY) | Paul Kubik  (OH) |
| Kaowili - I (HI) | Walters and Tyson  (LA) | Chris Hilsenbeck  (WA) |
| Kaowili - II (HI) | Lisa Pransky  (MD) | Michael Sparks  (TX) |
| Joseph Lotz  (LA) | Mark Lewis  (CA) | Eldon Perkins  (NY) |
| John Kuiper  (NJ) | Renee Prior  (CA) | Carl Saville  (MD) |
| Lerch vs. Northwestern  (IL) | Michael Missik  (OH) | Chuck Norris  (KY) |
| CCR Settlement Hearings (PA) | Linda Batten  (TX) | Rolf Lindstrom  (OH) |
| Ernest Tryon  (TX) | James Henderson  (SC) | Noah Pride  (NY) |
| Ernest Tryon  (TX) | David Taylor  (CA) | Bernard Mayer  (NY) |
| Rockwool  (LA) | Polly Burns  (CA) | Earl B. Coxen  (OR) |
| Douglas vs. Villines (NC) | Robert Jones  (GA) | Julian Petruzzi  (IN) |
| Ethel Marie Granski (MD) | John Matteson  (NY) | Clarence Bentley  (FL) |
| Abernathy  (TX) | Douglas McCarthy  (CA) | Charles Porter  (OH) |
| John Cardinal  (NY) | Paul Wilson  (MD) | Ernest Coulter  (WA) |
| William Perate  (PA) | WV Mass Trial  (WV) | George Risk  (PA) |
| Brown, Zorn & Cone  (GA) | Douglas Anderson  (CA) | Charles Padilla (CA) |
| Braxton Colley  (MO) | Charles Flowers  (GA) | |

## TRIAL TESTIMONY

### PLAINTIFFS (cont.)

| | | |
|---|---|---|
| William E. Hohman  (MD) | Roy Shaw (WA) | Leon Swindler  (LA) |
| James Blanchard  (KY) | Herman Parks (VA) | Jean Connor  (FL) |
| Rita Mae Schmidt  (TX) | Whatley  (TX) | O'Flynn  (LA) |
| Samuel Culverhouse  (NC) | Piper, McFadden, Fertig (MD) | Goodwin  (TN) |
| William V. Monahan  (CA) | Paul Cochran  (TX) | Ben Baker  (TX) |
| Orval Vinson  (AL) | John Roth  (KS) | Johnny Butler  (GA) |
| Carl Golightly II  (KY) | Patrick Henry Clark  (LA) | J. Karbiwnyk  (FL) |
| Knoch & Mueller  (MD) | Christine C. Boudoin (LA) | Carlton Crane II  (FL) |
| Cleo Elmore  (NC) | Edward Snoozy  (FL) | P. McCormick  (DC) |
| Lassiter & Morgan (FL) | Stanley Lesnick  (MD) | Russell Meinert  (TX) |
| Carlton Crane  (FL) | Robert Gillespie  (WV) | Thomas Hadley  (IN) |
| Mizell - Durant (FL) | Luther Wilkerson  (TX) | WV Mass Trial (WV) |
| James Gardiner (TX) | Ridenour-Eitemiller (MD) | Mildred Wiley  (IN) |
| James V. Redd (FL) | Svoboda-Siedlecki (MD) | Samuel Wheat  (TX) |
| Charles White (TX) | A.B. Johnson  (FL) | Earl E. Brown  (TX) |
| Edmund Cooper (DC) | Eastburn-Arthur  (DE) | Charles Bendit  (CA) |
| James Cecil Chaney (TX) | John Break (MI) | Leo Woodburn  (FL) |
| LaVerne Ruff (CA) | Otto Kelley  (WA) | Charles Green  (TX) |
| Zumas-Balonis (MD) | Charles Reiff  (TX) | Austin Clement  (LA) |

## TRIAL TESTIMONY

### PLAINTIFFS (cont.)

| | | |
|---|---|---|
| Raymond Denkeler (TX) | John Shelton (TX) | Joseph Torrejon (LA) |
| Howard Aylor (TX) | Martin Little (SC) | Katie Carter (PA) |
| Richard Callahan (OH) | Douglas Faulkner (LA) | Thomas Madden (TX) |
| Freeman Gilbert (TX) | Raymond Peterson (FL) | Thomas Pipich (CA) |
| Leo Spiegelhauer (TX) | Billy Ray Meadows (TX) | Linda Welch (MO) |
| Joaquin Banda (TX) | Constance Mehlman (NJ) | Gail Routh (FL) |
| Jose Rubio (TX) | Victor Brunell (LA) | Schoonover (WI) |
| Burl Butler (MS) | Joseph Breaux (TX) | Maurice Flood (IL) |
| Frank Goodman (GA) | Harvey Harrison (TX) | Beverly Davis (FL) |
| Alvin Hebert (LA) | Elmo Zumwalt (TX) | Samuel Dryden (TX) |
| James Salierno (TX) | Fred Wakeland (IL) | Dante DeJohn (IL) |
| Larry Hollis (DE) | Paul Dauzy (MI) | Boyce Innerarity (LA) |
| Kenneth Fowler (IL) | Robert Robinson (OH) | Joseph Breaux (LA) |
| Robert Looman (TX) | Rose Wiener (PA) | Samuel Heron (LA) |
| R. Bailey-D. Smith (TX) | Webb & Wallace (WV) | William Lamb (GA) |
| Suzanne Jones (FL) | Kenneth Zimko (LA) | Lawrence Berry (TX) |
| Jerrold W. Anderson (WI) | Billy Roberts (IN) | Walter Graves (LA) |
| Barbara Hoffman (GA) | Willie T. Moore (TX) | Ms. Behringer (TX) |

## TRIAL TESTIMONY

PLAINTIFFS (cont.)

Bill Carney  (AR)

Leila Schwartz  (FL)

Sam Wallace  (TX)

**G**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL MELFORD                                    CIVIL ACTION

VERSUS

PETER TERRITO, ET AL                              NO. 05-1405-JVP-DLD


FILED:_____        _____
                                        DEPUTY CLERK

PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUEST
FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT, MURPHY EXPLORATION COMPANY


TO:   MURPHY EXPLORATION COMPANY
      Formerly known as ODECO
      Through its counsel of record:
      Robert  Emmett, Esq.
      Leme & Kelleher, LLP
      Pan American Life Center
      601 Poydras Street - 21st Floor
      New Orleans, Louisiana 70130

      NOW INTO COURT, through undersigned counsel, comes Plaintiff, Daniel

Melford, who request that the above named Defendant answer in writing and under oath the

following Admissions pursuant to Federal Rules of Civil Procedure 36, Interrogatories

pursuant to Federal Rules of Civil Procedure 33 and to produce for inspection and copying

the documents requested below pursuant to Federal Rules of Civil Procedure 34 within the

delays allowed by law.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any and all documents including internal communications that you issued, addressed and/or distributed to your employees regarding the health hazards associated with exposure to asbestos between 1960 and 1982.

Respectfully submitted,

**MARTZELL & BICKFORD**

SCOTT R. BICKFORD T.A. (# 1165)
JEFFREY M. BURG (#25993)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 - facsimile

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been sent to counsel for all parties by delivery of same by Hand Delivery, Facsimile Transmission, or by placing a copy of same in the United States Mail, postage prepaid, and properly addressed, this _9th_ day of March, 2006.

JEFFREY M. BURG

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL MELFORD                                    CIVIL ACTION

VERSUS

PETER TERRITO, ET AL                             NO. 05-1405-JVP-DLD

FILED:_____          _____
                                                DEPUTY CLERK

PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUEST
FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT, NOBLE DRILLING COMPANY

TO:   NOBLE DRILLING COMPANY (USA)
      Through its counsel of record:
      Michael McGlone, Esq.
      KeanMiller
      L L & E Tower - Suite 1450
      909 Poydras Street
      New Orleans, Louisiana 70170

      NOW INTO COURT, through undersigned counsel, comes Plaintiff, Daniel

Melford, who request that the above named Defendant answer in writing and under oath the

following Admissions pursuant to Federal Rules of Civil Procedure 36, Interrogatories

pursuant to Federal Rules of Civil Procedure 33 and to produce for inspection and copying

the documents requested below pursuant to Federal Rules of Civil Procedure 34 within the

delays allowed by law.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any and all documents including internal communications that you issued, addressed and/or distributed to your employees regarding the health hazards associated with exposure to asbestos between 1950 and 1970.

Respectfully submitted,

**MARTZELL & BICKFORD**

SCOTT R. BICKFORD T.A. (# 1165)
JEFFREY M. BURG (#25993)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 - facsimile

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been sent to counsel for all parties by delivery of same by Hand Delivery, Facsimile Transmission, or by placing a copy of same in the United States Mail, postage prepaid, and properly addressed, this _9th_ day of March, 2006.

JEFFREY M. BURG

F:\Clients\Melford, Daniel\Pleadings USDC-MDLA\Discovery to Noble Drilling.wpd

15

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL MELFORD                                    CIVIL ACTION

VERSUS

PETER TERRITO, ET AL                              NO. 05-1405-JVP-DLD

FILED:_____        _____
                                                 **DEPUTY CLERK**

PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUEST
FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT, NORTHROP GRUMMAN SYSTEMS CORPORATION

TO:   NORTHROP GRUMMAN SYSTEMS CORP.
      Through its counsel of record:
      Gary A. Lee, Esq.
      Lee, Futrell & Pereles, LLP
      201 St. Charles Avenue
      Suite 4120
      New Orleans, Louisiana 70170

      **NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Daniel

Melford, who request that the above named Defendant answer in writing and under oath the

following Admissions pursuant to Federal Rules of Civil Procedure 36, Interrogatories

pursuant to Federal Rules of Civil Procedure 33 and to produce for inspection and copying

the documents requested below pursuant to Federal Rules of Civil Procedure 34 within the

delays allowed by law.

Respectfully submitted,

**MARTZELL & BICKFORD**

SCOTT R. BICKFORD T.A. (# 1165)
**JEFFREY M. BURG (#25993)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 - facsimile

**COUNSEL FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the above and foregoing has been sent to counsel for all parties by delivery of same by Hand Delivery, Facsimile Transmission, or by placing a copy of same in the United States Mail, postage prepaid, and properly addressed, this _15th_ day of February, 2006.

JEFFREY M. BURG

F:\Clients\Melford, Daniel\Pleadings USDC-MDLA\Discovery to Avondale.wpd

15

H

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 MAR 16 P 2:06

SIGN_____
BY DEPUTY CLERK

| | |
|---|---|
| DANIEL W. MELFORD, SR. | CIVIL ACTION |
| VERSUS | NUMBER 05-1405-A-M3 |
| PETER TERRITO, ET AL | |

## ORDER

A telephone scheduling conference was held on March 15, 2006.

Present:       Jeffrey M. Burg
               Spencer Doody
               Counsel for plaintiff

               Michael Harrell
               Counsel for McCarty Corporation

               Dean Church
               Counsel for Owens Illinois, Inc.

               Robert Lakey
               Counsel for Rapid American Corporation

               Lynn Luker
               Counsel for Foster Wheeler Corporation

               Patrick Hanna
               Counsel for Montello, Inc.

               Ned McGowan
               Counsel for Eagle, Inc.

               McGready Richeson
               Kevin Jordan
               Counsel for Union Carbide Corporation

               Gordon Wilson
               Counsel for Peter Territo

               Ed Ellinghausen
               Counsel for Northrop Grumman Systems Corporation

MAR 16 2006

DKG. JML
cc: 3RB, SRD, JMB

Dave Redmann
Counsel for Murphy Exploration and Production Company

Rodney Cabrera
Counsel for Noble Drilling Company

Jeff Brinkman
Counsel for Garlock, Inc.

Sam Rosamond
Counsel for One Beacon Risk Management, Inc.

Gordon Wilson
Counsel for Travelers Insurance Company

Michael Hill
Counsel for Taylor-Seidenbach, Inc.

John Fontenot
Counsel for ConocoPhillips Company

After discussion with counsel, the following deadlines were set to govern pretrial litigation.  Therefore,

**IT IS ORDERED** that the following deadlines are set:

1.    Plaintiff's Experts' Reports and Materials

On or before **Friday, March 17, 2006**, plaintiffs shall serve on defendants:

(i)      a pleading identifying all experts meeting the criteria established by Fed. R. Civ. P. 26(a)(2)(B); and

(ii)     a report prepared by each such medical and economic expert in accordance with the requirements of Fed. R. Civ. P. 26(a)(2)(B); and

(iii)    as to each such expert, copies of all documents and information (in any form, including, without limitation, paper or electronic) that the expert has considered in forming the opinions expressed in his/her report whether or not the expert has relied on the information and whether or not the opinions or information expressed and/or reflected in such documents and materials remain reflective of his/her view and opinions.

-2-

2.    Rule 26 disclosures shall be exchanged by **March 31, 2006**.

3.    Defendants' Experts Reports and Materials

On or before May 1, 2006, each defendant shall serve on the plaintiff:

(i)    a pleading identifying all experts meeting the criteria established by Fed. R. Civ. P. 26(a)(2)(A);

(ii)    a report prepared by each such medical and economic expert in accordance with the requirements of Fed. R. Civ. P. 26(a)(2)(B); and

(iii)    as to each expert, copies of all documents and information (in any form, including without limitation, paper or electronic) that the expert has considered in forming the opinions expressed in his/her report whether or not the expert has relied on the information and whether or not the opinions or information expressed and/or reflected in the documents and materials remain reflective of his/her views and opinions.

4.    Depositions of Defendants' Experts

The defendants' experts who have been identified and whose reports have been served pursuant to Section 4 hereof shall be made available for depositions by the plaintiffs prior to **June 30, 2006.**

5.    Expert Depositions, Reports and Materials of Either Parties

If appropriate and agreed upon, both plaintiff and defendants may stipulate to experts, their reports and materials, without the necessity of a deposition and discovery.  If this is applicable, the deadline for stipulations is **June 30, 2006.**

6.    Witness and Exhibit Lists

(i)    On or before **March 31, 2006**, counsel for plaintiff shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial.

(ii)    On or before **April 14, 2006**, counsel for defendants shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial.

(iii)   On or before **June 1, 2006**, counsel for defendants shall file in the record and serve upon their opponents a list of all exhibits that may or will be used at trial.

7.      All discovery, fact and expert, shall be completed by **June 30, 2006**.

8.      Motions on the Admissibility of Expert Testimony

      Motions to exclude or limit (on any grounds, including Daubert) the anticipated testimony of witnesses offered as experts and/or the presentation of related evidence shall be governed by the following schedule:

(a)   Motions shall be filed on or before **July 21, 2006**.

(b)   Oppositions shall be filed on or before **July 31, 2006**.

(c)   Replies shall be filed on or before **August 4, 2006**.

(d)   Surreplies shall be filed on or before **August 9, 2006**.

9.      Dispositive Motions

      Except as otherwise provided for in this Section, all dispositive motions shall be filed on or before **July 21, 2006**.  Where the admissibility of expert testimony is germane to the outcome of a summary judgment motion, such summary judgment motion may also be filed or renewed within ten (10) business days after a ruling on a motion for admissibility.  Any motions filed in violation of this Order shall be deemed waived unless good cause is shown.  All motions *in limine* other than those concerning the admissibility of expert testimony shall be allowed to be filed up to the time of trial or as otherwise ordered by the court.

IT IS FURTHER ORDERED that a telephone status conference is set for **July 24, 2006 at 2:00 p.m.** Counsel for plaintiff shall initiate the call to chambers at **(225) 389-3602.**

Baton Rouge, Louisiana this __16th__ day of March, 2006.

_____
MAGISTRATE JUDGE DOCIA L. DALBY

-5-