JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 7 2006

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)                    **MDL DOCKET NO. 875**

This Document Relates To:
ROBERT L. ALLEN, ETC.
and FORTY-FOUR OTHER INDIVIDUAL
CASES, MORE FULLY DESCRIBED
ON EXHIBIT "A" ATTACHED HERETO
v. OWENS-ILLINOIS, INC., ET AL.


**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

ROBERT L. ALLEN, ETC.
and FORTY-FOUR OTHER INDIVIDUAL
CASES, MORE FULLY DESCRIBED
ON EXHIBIT "A" ATTACHED HERETO                         **PLAINTIFFS**

VS.                    **CIVIL ACTION NOS. : 1:05CV0505WJG - 1:05CV549WJG**

OWENS-ILLINOIS, INC., ET AL.                         **DEFENDANTS**

===============================================================

**DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER**

===============================================================

Comes now Defendant Owens-Illinois, Inc. d/b/a/ "O-I", by and through its counsel of record,

and submits this Response and Brief in Opposition to Plaintiffs' Motion to Vacate The Conditional

Transfer Order[1] pertaining to the above-referenced cases currently pending in the Southern District

of Mississippi, and states as follow:

    1.        On July 29, 1991, the Judicial Panel on Multidistrict Litigation transferred a total of

26,639 asbestos cases to the United States District Court for the Eastern District of Pennsylvania for

---

[1] Because the Plaintiffs' Motion and Brief to Vacate the Conditional Transfer Order was never served at all on this
defendant as required by the Rules of the Panel and the Federal Rules of Civil Procedure, this Response and Brief is
being filed pursuant to an extension of time granted by the Clerk. (Attached hereto as Exhibit "F")

OFFICIAL FILE COPY

IMAGED MAR 2 7 2006

coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, and the Asbestos

Products Liability Litigation, MDL Docket No. 875, (hereinafter "MDL 875") was created. *In re*

*Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp 415, 424-25 (J.P.M.L. 1991). Since the

date, more than 80,000 additional asbestos actions have been transferred for pretrial proceedings in

MDL 875. *See* Jan. 24, 2006 Conditional Transfer Order (CTO-257). It is undisputed that these

asbestos personal injury actions fall within the general scope of actions to be transferred for such

proceedings under the multi-district banner of MDL 875.

      2.      The only argument that Plaintiffs assert to oppose the transfer of the above-referenced

cases to MDL 875 is that motions to remand are pending in these cases, which they contend are

improperly removed. The Panel has rejected identical arguments against transfer over and over

again. In previous transfers to MDL 875, the Panel has made clear on numerous occasions that

"distinctions based on such matters as the pendency of motions or other matters before the transferor

court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket."

See e.g., MDL-875 Transfer Order, *Deronda Greer et al. v. Baird & Co. et al.*, N.D. Mississippi,

C.A. No. 4:03-116 (J.P.M.L. Oct. 27, 2003), at 1, (Attached hereto as Exhibit "B"). In *Greer*, the

Panel explicitly held that the pendency of a motion for remand to state court is not a proper basis for

denial of transfer to MDL 875 stating: "Plaintiffs have argued that transfer should be denied or

deferred in order to permit the resolution of a pending motion to remand the action to state court.

There is no need to delay transfer in order to accommodate such an interest." *Id.* at n.1. In MDL

Transfer Order, *Flinn James, et al. v. International Paper Co., et al.* S.D. Mississippi, C.A. No. 1:01-

556 (J.P.M.L. Aug. 9, 2002), at 1, f.n.1, (Attached hereto as Exhibit "C"), the Panel rejected

plaintiffs' argument in a Southern District of Mississippi case that "transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court", and acknowledge that "[t]here is no need to delay transfer in order to accommodate such an interest." The Panel has repeatedly held the pendency of a motion to remand cannot defeat transfer because "jurisdictional and remand motions can be presented to and decided by the transferee judge." *In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *1-2 (J.P.M.L. Oct. 24, 2000).[2]

   3.   Similarly, this Panel has also considered and rejected the same argument on numerous occasions dealing with other multidistrict litigation dockets:

> Plaintiffs premise a substantial part of their opposition to transfer on the pendency in their actions of motions to remand to state court. They urge the Panel not to order transfer before their motions are resolved by the transferor court. We note, however, that remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.M.P.L. 1973).

MDL 1091 Transfer Order, *Chambliss v. Metropolitan Life Ins. & Annuity Co., et al.*, M.D. Alabama, C.A. No. 3:00-24 (J.P.M.L. May 30, 2000), at 2, (Attached hereto as Exhibit "D"); *see also* MDL 1091 Transfer Order, *Robert M. Harrington, et al. v. Metropolitan Life Ins. Co., et al.*, M.D. Alabama, C.A. No. 2:99-1218 (J.P.M.L. Feb. 7, 2000), at 2, (Attached hereto as Exhibit "E"). This Panel has repeatedly transferred actions to an MDL proceeding without regard to challenges to jurisdiction, indicating that the transferee court can decide such matters. *See In re Crown Life Ins. Co. et al.*, 2001 WL 1636230 (J.P.M.L. Dec. 14, 2001) (finding that anticipated motion to remand can be presented to transferee judge); *In re Air Crash Disaster at Florida Everglades on December*

---

[2] This principle applies here, and the defendant in these actions has asserted, and will continue to assert in MDL 875, that the removals of these actions were entirely proper and valid under the circumstances.

*29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973) ("transferee judge has the power to determine the question of remand"); *In re Multidistrict Antitrust Actions Involving Antibiotic Drugs*, 299 F. Supp. 1403, 1405 and n.4 (J.P.M.L. 1969) ("'[t]he fact that [an action] is in district court by removal from a state court has no bearing on a motion [for MDL treatment]'") (citation omitted).

4.      The purpose of the MDL is to establish a single district for coordinated pre-trial proceedings and to provide consistent pre-trial rulings in cases involving common issues of fact. See *Good v. Prudential Ins. Co.* 5 F. Supp.2d 804, 809 (N.D. Cal. 1998); *In Re Air Crash Disaster off Long Island, N.Y.*, 965 F.Supp.5, 7 (S.D.N.Y. 1997); *In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2nd Cir. 1978). Cases such as this, where a motion to remand is pending are particularly appropriate for transfer given that "[t]he transferee judge's familiarity with this docket further the expeditious resolution of the litigation taken as a whole." *In Re Crown Life Ins. Premium Litig.*, 178 F. Supp.2d 1365, 1366 (J.P.M.L. 2001). Thus, the fact that Plaintiffs have moved for remand cannot be grounds to deny transfer of this case to MDL 875, and the Panel should enter a final order transferring this case to the MDL court.

5.      The above-referenced asbestos personal injury cases cases should be transferred for consolidation in the Asbestos Products MDL proceeding because it is uncontested that there are common questions of fact upon which general discovery must be conducted, pretrial proceedings are in their infant stages, consolidation would be for the convenience of the parties and witnesses, and consolidation would promote the just and efficient conduct of the actions. Moreover, the pending motion to remand—the sole basis presented by plaintiffs to oppose transfer—is no impediment to transfer and, in fact, provides an additional reason to transfer these cases to MDL 875. The Panel

as been clear on numerous occasions that this is not a valid basis to oppose transfer of cases that otherwise fall within the scope of MDL 875.  Accordingly, Plaintiff's motion to vacate should be denied and these actions should be transferred to the Eastern District of Pennsylvania for coordination and consolidation in MDL 875.

WHEREFORE, Premises Considered, Owens-Illinois, Inc. d/b/a "O-I" respectfully requests that the Judicial Panel on Multidistrict Litigation deny Plaintiffs' Motion to Vacate the Conditional Transfer Order and forthwith transfer these cases to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

LAURA D. GOODSON (MSB# 101250)
Counsel for Defendant Owens-Illinois, Inc. d/b/a "O-I"

OF COUNSEL:

**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**
200 South Lamar Street
City Centre, Suite 100S
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone:  (601) 960-8600
Facsimile:   (601) 960-3134

Page 5 of 6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 27 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing along with exhibits has been served

upon the attached Panel Service List (excerpted from CTO-256) by placing copies in the United

States Mail with first-class postage prepaid and electronic mail on this the 23rd day of March, 2006.

Respectfully submitted,

*Laura DeVaughn Goodson*

LAURA D. GOODSON (MSB# 101250)
Counsel for Defendant Owens-Illinois, Inc. d/b/a "O-I"

## PANEL SERVICE LIST (Excerpted from CTO-256)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Michael T. Bartley
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse
Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
 & Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

William S. Guy
Law Offices of William S. Guy
909 Delaware Avenue
P.O. Box 509
McComb, MS 39649-0509

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Patricia Herlihy
Copeland, Cook, Taylor & Bush
200 Concourse
Suite 200
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

James Gordon House, III
Forman, Perry, Watkins, Krutz
 & Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Alison E. O'Neal
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Joseph J. Stroble
Watkins & Eager
The Emporium Building
Suite 300
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

PANEL SERVICE LIST (Excerpted from CTO-256) - MDL-875          Page 2 of 2

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mary W. Van Slyke
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Roy C. Williams
Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568-1407

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

**SCHEDULE OF ACTIONS (Excerpted from CTO-256)**
**DOCKET NO. 875**
FILED
CLERK'S OFFICE
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

<u>Southern District of Mississippi</u>

*Robert L. Allen, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-505  (Judge Walter J. Gex III)
*Arnold E. Barkdull v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-506  (Judge Walter J. Gex III)
*Robert C. Bowers v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-507  (Judge Walter J. Gex III)
*Marvin E. Boyd v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-508  (Judge Walter J. Gex III)
*Donald Brent v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-509  (Judge Walter J. Gex III)
*Claude E. Brister v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-510  (Judge Walter J. Gex III)
*C.W. Brown v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-511  (Judge Walter J. Gex III)
*Decatur B. Byrd, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-512  (Judge Walter J. Gex III)
*Paul Carroll v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-513  (Judge Walter J. Gex III)
*Billy J. Case, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-514  (Judge Walter J. Gex III)
*Carl N. Chance v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-515  (Judge Walter J. Gex III)
*Sam Curry v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-516  (Judge Walter J. Gex III)
*Marion Davis v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-517  (Judge Walter J. Gex III)
*Jimmy T. Dickerson v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-518  (Judge Walter J. Gex III)
*Waldo M. Dixon, Jr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-519  (Judge Walter J. Gex III)
*J.P. Doss v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-520  (Judge Walter J. Gex III)
*Jesse W. Dulaney v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-521  (Judge Walter J. Gex III)
*Wilkie R. Dunaway, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-522  (Judge Walter J. Gex III)
*Marion C. Elledge v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-523  (Judge Walter J. Gex III)
*Samuel F. Farmer, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-524  (Judge Walter J. Gex III)
*Alvin Fitztgerald, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-525  (Judge Walter J. Gex III)
*Carroll S. Greer v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-526  (Judge Walter J. Gex III)
*David Hill, Jr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-527  (Judge Walter J. Gex III)
*Charles L. Holley v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-528  (Judge Walter J. Gex III)
*Osborne Jones v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-529  (Judge Walter J. Gex III)
*Jack H. Jordan v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-530  (Judge Walter J. Gex III)
*Charles W. Lewis, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-531  (Judge Walter J. Gex III)
*Frank Magruder, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-532  (Judge Walter J. Gex III)
*John E. Netherland, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-533  (Judge Walter J. Gex III)
*John E. Newman, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-534  (Judge Walter J. Gex III)
*Robert E. Parker v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-535  (Judge Walter J. Gex III)
*John W. Price, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-536  (Judge Walter J. Gex III)
*Buford E. Reeves v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-537  (Judge Walter J. Gex III)
*Sidney L. Scarborough v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-538  (Judge Walter J. Gex III)
*Dayton D. Smith, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-539  (Judge Walter J. Gex III)
*Samuel E. Smith, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-540  (Judge Walter J. Gex III)
*Curtis M. Standberry, Sr., etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-541  (Judge Walter J. Gex III)
*William R. Thornton, Sr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-542  (Judge Walter J. Gex III)
*D.S. Turner v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-543  (Judge Walter J. Gex III)
*James Vance v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-544  (Judge Walter J. Gex III)
*Floyd Westbrook v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-545  (Judge Walter J. Gex III)
*W. I. Westbrook v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-546  (Judge Walter J. Gex III)
*Grover E. White, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-547  (Judge Walter J. Gex III)
*C.L. Womack v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-548  (Judge Walter J. Gex III)
*Willie Young, etc. v. Owens-Illinois, Inc. et al.,* C.A. No. 1:05-549  (Judge Walter J. Gex III)



**EXHIBIT**

A

FILED

2006 Mar-17 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

*Deronda Greer, et al. v. Baird & Co., et al.,* N.D. Mississippi, C.A. No. 4:03-116
*Herbert C. Ayers, et al. v. Owens-Illinois, Inc., et al.,* D. South Carolina, C.A. No. 2:03-1284
*James W. Blasius, et al. v. Owens-Illinois, Inc., et al.,* D. South Carolina, C.A. No. 2:03-1288

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Northern District of Mississippi action and two District of South Carolina actions. Movants seek to vacate the Panel's order conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

---

[*]Judges Keenan, Selya and Jensen took no part in the decision of this matter with respect to the Northern District of Mississippi action. Judges Selya and Jensen also took no part in the disposition of this matter with respect to the District of South Carolina *Ayers* action.

[1]Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate
(continued...)



EXHIBIT
B

- 2 -

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

We note that under Judge Weiner's stewardship, as of October 9, 2003, i) over 73,600 actions have been closed in the transferee district, and ii) over 1,250 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these three actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

(...continued)
time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG -9 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

*Flinn James, et al. v. International Paper Co., et al., S.D. Mississippi, C.A. No. 1:01-556*
*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al., W.D. Pennsylvania, C.A. No. 2:02-304*

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending, respectively, in the Southern District of Mississippi and the Western District of Pennsylvania. Movants seek to vacate the Panel's orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

*Judge Sear took no part in the decision of this matter.

[1] Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the
(continued...)

EXHIBIT
C

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Plaintiffs in the Western District of Pennsylvania action (*Huber*) seek to exclude *Huber* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries. They urge that *Huber* instead deals exclusively with violations of common law, statutory law and the professional duties owed by defendant lawyers to plaintiff clients whom the lawyers previously represented in state court asbestos personal injury litigation. We are not confident that plaintiffs' claims regarding the caliber of their legal representation can be redressed without an examination of the merits of their underlying personal injury claims, matters which place *Huber* within the purview of MDL-875. Transfer is therefore necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket with respect to such matters as the structuring of settlements, settlement funding, and settlement administration. Finally, we note that the named plaintiffs are already parties to previously transferred MDL-875 actions that remain pending in the transferee district. Thus any inconveniences associated with Section 1407 transfer should be minimal.

We note that under Judge Weiner's stewardship, as of July 24, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,190 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

(...continued)
conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

FILED

2006 Mar-17  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

MAY 30

FILED
CLERK'S OFFICE

*DOCKET NO. 1091*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE THE METROPOLITAN LIFE INSURANCE COMPANY SALES PRACTICES LITIGATION*

*Royzell Chambliss v. Metropolitan Life Insurance & Annuity Co., et al., M.D. Alabama, C.A. No. 3:00-24*
*Hubert B. Swindoll v. Metropolitan Life Insurance Co., et al., N.D. Mississippi, C.A. No. 2:99-249*
*John Howell, et al. v. Metropolitan Life Insurance Co., et al., N.D. Mississippi, C.A. No. 2:99-250*
*Stephanie Henning, et al. v. Metropolitan Life Insurance Co., et al., N.D. Mississippi, C.A. No. 2:99-251*
*Billy E. Goodnight v. Metropolitan Life Insurance Co., et al., N.D. Mississippi, C.A. No. 2:99-252*
*Rickey Warren v. Metropolitan Life Insurance Co., et al., N.D. Mississippi, C.A. No. 2:99-253*
*Linda W. Goodnight v. Metropolitan Life Insurance Co., et al., N.D. Mississippi, C.A. No. 2:99-254*
*Gregory P. Reinauer, et al. v. Metropolitan Life Insurance Co., et al., N.D. West Virginia, C.A. No. 5:99-162*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998), by i) plaintiffs in the two above-captioned Middle District of Alabama and Northern District of West Virginia actions, and ii) plaintiffs and two individual defendants in the above-captioned Northern District of Mississippi actions, requesting the Panel to vacate its orders conditionally transferring their respective action to the Western District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Donetta W. Ambrose. Defendant Metropolitan Life Insurance Co. (MetLife) supports transfer of all actions.

On the basis of the papers filed,[1] the Panel finds that these eight actions involve common questions of fact with actions in this litigation previously transferred to the Western District of Pennsylvania, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that

---

[1]The parties to these actions waived oral argument and, accordingly, the question of Section 1407 transfer of those actions was submitted on the briefs. Rule 16.2, R.P.J.P.M.L., 181 F.R.D. 1, 14 (1998).



EXHIBIT
D

ML00012141

-2-

transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Western District of Pennsylvania was the proper forum for actions involving allegations that deceptive life insurance sales practices occurred or were encouraged as part of MetLife schemes or courses of conduct. *See In re The Metropolitan Life Insurance Company Sales Practices Litigation*, MDL-1091 (J.P.M.L. February 20, 1996) (unpublished order).

Certain opponents of Section 1407 transfer premise a substantial part of their opposition on the pendency in their actions of motions to remand to state court. They urge the Panel not to order transfer before their motions are resolved by the transferor court. We note, however, that remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Other of plaintiffs' objections to transfer are based on the ground that transfer would be inconvenient or economically burdensome. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We observe that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c). Furthermore, the judicious use of liaison counsel, lead counsel and committees of counsel will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Third*, §20.22 (1995). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall saving of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation*, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

Certain plaintiffs also assert that the approval of a class action settlement in MDL-1091 now obviates the need for further Section 1407 transfers in this docket. We disagree, for a significant number of the remaining actions centralized by the Panel in this docket in the transferee district have been brought by opt-out litigants or other persons not covered under the settlement. Those actions will require common discovery and will still need and benefit from Section 1407 centralization.

Finally, to any parties who believe that the uniqueness of their particular situation or the type of their claims renders inclusion of their action in MDL-1091 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 181 F.R.D. at 11-13.

ML00012142

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the eight above-captioned actions be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donetta W. Ambrose for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

ML00012143

FILED

2006 Mar-17  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

FEB - 7 [illegible]

FILED
CLERK'S OFFICE

*DOCKET NO. 1091*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE THE METROPOLITAN LIFE INSURANCE COMPANY SALES
PRACTICES LITIGATION*

*Robert M. Harrington, et al. v. Metropolitan Life Insurance Co., et al.,* M.D. Alabama, C.A. No.
2:99-1216
*Rebecca A. Smith v. Metropolitan Life Insurance & Annuity Co., et al.,* N.D. Alabama, C.A. No.
1:99-2825

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT,
CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS,
LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998),
by plaintiffs in the above-captioned actions (*Harrington* and *Smith,* respectively) to vacate the
Panel's orders conditionally transferring the actions to the Western District of Pennsylvania for
inclusion in the centralized pretrial proceedings occurring in this docket before Judge Donetta
W. Ambrose. Defendant Metropolitan Life Insurance Co. (MetLife), along with a MetLife affiliate
and the individual agent sued in *Smith,* supports transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Harrington* and
*Smith* involve common questions of fact with actions in this litigation previously transferred to the
Western District of Pennsylvania; and that transfer of the two actions to that district for inclusion in
the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of
the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is
persuaded that transfer of *Harrington* and *Smith* is appropriate for reasons expressed by the Panel
in its original order directing centralization in this docket, wherein the Panel held that the Western
District of Pennsylvania was the proper forum for actions involving allegations that deceptive life
insurance sales practices occurred or were encouraged as part of MetLife schemes or courses of
conduct. *See In re The Metropolitan Life Insurance Company Sales Practices Litigation,* MDL-1091
(J.P.M.L. February 20, 1996) (unpublished order).

Plaintiffs premise a substantial part of their opposition to transfer on the pendency in their
actions of motions to remand to state court. They urge the Panel not to order transfer before their

ML00012772

EXHIBIT

E

- 2 -

motions are resolved by the transferor court. We note, however, that remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Other of plaintiffs' objections to transfer are based on the ground that transfer would be inconvenient or economically burdensome. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We observe that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c). Furthermore, the judicious use of liaison counsel, lead counsel and committees of counsel will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Third*, §20.22 (1995). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation*, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

Finally, to any plaintiffs who believe that the uniqueness of their particular situation or the type of their claims renders inclusion of their action in MDL-1091 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 181 F.R.D. at 11-13.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *Robert M. Harrington, et al. v. Metropolitan Life Insurance Co., et al.*, M.D. Alabama, C.A. No. 2:99-1218; and *Rebecca A. Smith v. Metropolitan Life Insurance & Annuity Co., et al.*, N.D. Alabama, C.A. No. 1:99-2825, be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donetta W. Ambrose for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

ML00012773

MDL 875-1

# FORMAN
# PERRY
# WATKINS
# KRUTZ &
# TARDY LLP

ATTORNEYS AT LAW

LAURA D. GOODSON
goodsonld@fpwk.com
Direct Dial: (601) 969-4297

200 South Lamar Street
City Centre Building, Suite 100S
Jackson, Mississippi 39201-2131

Post Office Box 22608
Jackson, Mississippi 39225-2608

Telephone: 601-960-8600
Main Facsimile: 601-960-8613

REQUEST BY DEFTS. OWENS-ILLINOIS,
INC., ET AL., FOR EXTENSION OF TIME
TO FILE RESPONSE -- GRANTED TO AND
INCLUDING **MARCH 24, 2006 ONLY**
mjb 3/22/06

March 21, 2006

Michael J. Beck, Clerk of the Panel                              **VIA FACSIMILE**
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

RE:   *Request for Extension to File* Opposition to Plaintiffs' Motion and Brief to Vacate
       Conditional Transfer Order  CTO-256 (see attached Exhibit A of cases)

Dear Mr. Beck:

Upon recent inquiry by an attorney at my firm regarding the final transfer of the referenced cases, we were informed by the Panel that plaintiffs had filed a Motion and Brief to Vacate Conditional Transfer Order, specifically CTO-256, on or about February 16, 2006. Counsel for defendants never received service of plaintiffs' motion and brief in these matters from plaintiffs' counsel. In fact, counsel for defendants received plaintiffs' motion and brief in the referenced matters via facsimile from the Panel, earlier today. Due to the plaintiffs' lack of service upon defendants, defendants have been unable to respond to their motion and brief to vacate the Conditional Transfer Order.

It is undisputed that the instant cases are asbestos related actions that could be transferred to the Eastern District of Pennsylvania for coordination and consolidation in MDL 875. Upon review of the plaintiffs' motion and brief to vacate, counsel for defendants finds the same to be non-meritorious. The only argument that plaintiffs assert to oppose the transfer of these cases to MDL 875 is that the District Court does not have subject matter jurisdiction over their claims and motions to remand are pending in these cases. The Panel has rejected identical arguments against transfer over and over again. In previous transfers to MDL 875, the Panel has made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." MDL-875 Transfer Order, *Deronda Greer et al. v. Baird & Co. et al.*, N.D. Mississippi, C.A. No. 4:03-116 (J.P.M.L. Oct. 27, 2003), at 1. Counsel for defendants would like to further discuss the tenuous grounds of the plaintiffs' motion and brief to vacate in greater detail in a formal response and brief.

**EXHIBIT**

F

03/21/2006 05:15 FAX 6019608613        Case MDL No. 875   Document 4775   Filed 03/27/06   Page 21 of 22   ☑003
FORMAN PERRY

Michael J. Beck, Clerk of the Panel
March 21, 2006
Page 2


      Accordingly, counsel for defendants respectfully request that this Court grant them an opportunity to respond to Plaintiffs' Motion and Brief to Vacate Conditional Transfer Order and grant defendants 10 business days, until April 3, 2006, to file their response to same.

      If you or your staff should have any questions regarding this matter, please do not hesitate to contact me. Thank you for your attention to this matter.

                      Sincerely,
                      FORMAN PERRY WATKINS KRUTZ & TARDY LLP

                      Laura D. Goodson


LDG:almw
Attachment

www.fpwkt.com

03/22/2006 WED 08:23   [TX/RX NO 7861]  ☑003

**SCHEDULE OF ACTIONS (Excerpted from CTO-256)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

<u>Southern District of Mississippi</u>
*Troy Washington, Jr. v. Sellers Engineering Co., et al., C.A. No. 1:05-498  (Judge Walter J. Gex III)*
*Robert L. Allen, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-505  (Judge Walter J. Gex III)*
*Arnold E. Barkdull v. Owens-Illinois, Inc., et al., C.A. No. 1:05-506  (Judge Walter J. Gex III)*
*Robert C. Bowers v. Owens-Illinois, Inc., et al., C.A. No. 1:05-508  (Judge Walter J. Gex III)*
*Marvin E. Boyd v. Owens-Illinois, Inc., et al., C.A. No. 1:05-509  (Judge Walter J. Gex III)*
*Donald Brent v. Owens-Illinois, Inc., et al., C.A. No. 1:05-510  (Judge Walter J. Gex III)*
*Claude E. Brister v. Owens-Illinois, Inc., et al., C.A. No. 1:05-511  (Judge Walter J. Gex III)*
*C.W. Brown v. Owens-Illinois, Inc., et al., C.A. No. 1:05-512  (Judge Walter J. Gex III)*
*Decatur B. Byrd, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-513  (Judge Walter J. Gex III)*
*Paul Carroll v. Owens-Illinois, Inc., et al., C.A. No. 1:05-514  (Judge Walter J. Gex III)*
*Billy J. Case, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-515  (Judge Walter J. Gex III)*
*Carl N. Chance v. Owens-Illinois, Inc., et al., C.A. No. 1:05-516  (Judge Walter J. Gex III)*
*Sam Curry v. Owens-Illinois, Inc., et al., C.A. No. 1:05-517  (Judge Walter J. Gex III)*
*Marion Davis v. Owens-Illinois, Inc., et al., C.A. No. 1:05-518  (Judge Walter J. Gex III)*
*Jimmy T. Dickerson v. Owens-Illinois, Inc., et al., C.A. No. 1:05-519  (Judge Walter J. Gex III)*
*Waldo M. Dixon, Jr. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-520  (Judge Walter J. Gex III)*
*J.F. Doss v. Owens-Illinois, Inc., et al., C.A. No. 1:05-521  (Judge Walter J. Gex III)*
*Jesse W. Dulaney v. Owens-Illinois, Inc., et al., C.A. No. 1:05-522  (Judge Walter J. Gex III)*
*Wilkie R. Dunaway, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-523  (Judge Walter J. Gex III)*
*Marion C. Elledge v. Owens-Illinois, Inc., et al., C.A. No. 1:05-524  (Judge Walter J. Gex III)*
*Samuel F. Farmer, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-525  (Judge Walter J. Gex III)*
*Alvin Fitzgerald, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-526  (Judge Walter J. Gex III)*
*Corroll S. Greer v. Owens-Illinois, Inc., et al., C.A. No. 1:05-527  (Judge Walter J. Gex III)*
*David Hill, Jr. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-528  (Judge Walter J. Gex III)*
*Charles L. Holley v. Owens-Illinois, Inc., et al., C.A. No. 1:05-529  (Judge Walter J. Gex III)*
*Osborne Jones v. Owens-Illinois, Inc., et al., C.A. No. 1:05-530  (Judge Walter J. Gex III)*
*Jack H. Jordan v. Owens-Illinois, Inc., et al., C.A. No. 1:05-531  (Judge Walter J. Gex III)*
*Charles W. Lewis, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-532  (Judge Walter J. Gex III)*
*Frank Magruder, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-533  (Judge Walter J. Gex III)*
*John E. Netherland, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-534  (Judge Walter J. Gex III)*
*John E. Newman, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-535  (Judge Walter J. Gex III)*
*Robert E. Parker v. Owens-Illinois, Inc., et al., C.A. No. 1:05-536  (Judge Walter J. Gex III)*
*John W. Price, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-537  (Judge Walter J. Gex III)*
*Buford E. Reeves v. Owens-Illinois, Inc., et al., C.A. No. 1:05-538  (Judge Walter J. Gex III)*
*Sidney L. Scarborough v. Owens-Illinois, Inc., et al., C.A. No. 1:05-539  (Judge Walter J. Gex III)*
*Dayton D. Smith, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-540  (Judge Walter J. Gex III)*
*Samuel E. Smith, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-541  (Judge Walter J. Gex III)*
*Curtis M. Standberry, Sr., etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-542  (Judge Walter J. Gex III)*
*William R. Thornton, Sr. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-543  (Judge Walter J. Gex III)*
*D.S. Turner v. Owens-Illinois, Inc., et al., C.A. No. 1:05-544  (Judge Walter J. Gex III)*
*James Vance v. Owens-Illinois, Inc., et al., C.A. No. 1:05-545  (Judge Walter J. Gex III)*
*Floyd Westbrook v. Owens-Illinois, Inc., et al., C.A. No. 1:05-546  (Judge Walter J. Gex III)*
*W. J. Westbrook v. Owens-Illinois, Inc., et al., C.A. No. 1:05-547  (Judge Walter J. Gex III)*
*Grover E. White, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-548  (Judge Walter J. Gex III)*
*C.L. Womack v. Owens-Illinois, Inc., et al., C.A. No. 1:05-549  (Judge Walter J. Gex III)*
*Willie Young, etc. v. Owens-Illinois, Inc., et al., C.A. No. 1:05-549  (Judge Walter J. Gex III)*
*Caleb R. Jones v. Crane Co., et al., C.A. No. 1:05-555  (Judge Walter J. Gex III)*



EXHIBIT
A