DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ronald Jacob Laughter v. Georgia-Pacific Corporation*,
United States District Court for the Northern District of Mississippi, Delta Division;
Civil Action No. 2-06CV007-P-A

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PURSUANT to Rules 7.2 and 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, the Plaintiff hereby moves to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on March 9, 2006, in the above-cited case by the Clerk of the Panel transferring this action to the United States District Court for the Eastern District of Pennsylvania (MDL Docket No. 875).

Plaintiff avers as follows in support of this Motion:

1. This action was originally filed in the state court of Mississippi. This action was improperly removed to Federal District Court.

2. A Conditional Transfer Order to the MDL was entered on March 9, 2006. Thereafter, on March 23, 2006, in accordance with Rules 7.4 and 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, Plaintiff timely filed his Opposition to the Conditional Transfer Order.

3. Defendant's removal is without proper grounds. The removal asserts "diversity" jurisdiction as the basis for removal.

4. The present case was originally filed in state court on April 30, 2002 in Coahoma County, Mississippi. In June of 2005, the case was transferred from Coahoma County to Tunica County, Mississippi. On January 10, 2006, the Plaintiff filed a Second Amended Complaint in which Georgia-Pacific was the only named defendant.

**OFFICIAL FILE COPY**
IMAGED APR 10 2006

5.  On January 23, 2006, over three years and eight months after the commencement of the state case, Georgia-Pacific removed the state case to federal court. Georgia-Pacific's removal was allegedly based on 28 U.S.C. § 1332 "diversity of citizenship."

6.  28 U.S.C. § 1446(b) expressly and unequivocally prohibits removal of a lawsuit on the grounds of diversity if more than one year has elapsed since the filing of the lawsuit. Inasmuch as over three years had elapsed since the filing of the lawsuit in state court, Georgia-Pacific's removal is clearly untimely.

7.  This case should not be transferred to the MDL because there exists no original federal jurisdiction. Transfer to the MDL will only delay the inevitable conclusion of lack of federal jurisdiction and remand back to the state courts of Mississippi.

8.  Under 28 USC §1407, the purpose of the MDL is to conserve judicial economics, avoid duplicate discovery, and avoid conflicting scheduling. The purpose is not to create federal jurisdiction when there is none.

9.  Plaintiff submits the accompanying Brief in Support of this Motion.

WHEREFORE, premises considered, the Plaintiff respectfully moves the Panel to vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on March 9, 2006, or in the alternative, refuse to serve on the transferee District Court the Conditional Transfer Order until the transferee District Court has ruled on the Remand.

Respectfully submitted, this the 6th day of April, 2006.

_____
LOUIS H. WATSON, JR.
ATTORNEY FOR PLAINTIFF

2

OF COUNSEL:

Louis H. Watson, Jr. (MB # 9053)
LOUIS H. WATSON, JR. P.A,
520 East Capitol Street
Jackson, MS 39201
Telephone:     (601) 968-0000
Facsimile:     (601) 968-0010

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs hereby certifies that this date a true and correct copy of the above and foregoing document has been sent by United States Mail, postage prepaid, to the counsel listed on the Panel Service List excerpted from CTO-259, a copy of which is attached hereto, and all counsel of record in this case attached hereto as well.

This the 6th day of April, 2006.

_____
LOUIS H. WATSON, JR.

## PANEL SERVICE LIST (Excerpted from CTO-259)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ronald Jacob Laughter, etc. v. Georgia-Pacific Corp.*, N.D. Mississippi, C.A. No. 2:06-7

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Matthew E. Kiely
Parker, Dumler & Kiely, LLP
200 Charles Center South
36 South Charles Street
Baltimore, MD 39201-2703

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Charles E. McLeod
Forman, Perry, Watkins, Krutz
 & Tardy, LLP
P.o. Box 22608
Jackson, MS 39225-2608

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Louis H. Watson, Jr.
Louis H. Watson, Jr., P.A.
520 East Capitol Street
Jackson, MS 39201-2703

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2006

FILED
CLERK'S OFFICE

DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ronald Jacob Laughter v. Georgia-Pacific Corporation*,
United States District Court for the Northern District of Mississippi, Delta Division;
Civil Action No. 2-06CV007-P-A

## BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Louis H. Watson, Jr. (MB # 9053)
LOUIS H. WATSON, JR., P.A,
520 East Capitol Street
Jackson, MS 39201
Telephone:   (601) 968-0000
Facsimile:   (601) 968-0010

# TABLE OF CONTENTS

Table of Authorities .................................................... ii

Background (Submission and Procedural History) ........................... 1

Legal Contentions ...................................................... 2

Argument and Authorities ............................................... 2

Conclusion ............................................................ 4

# TABLE OF AUTHORITIES

*Rules*

Rule 7.2 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* .................... 1

Rule 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* .................. 1, 2

Rule 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* .................... 2

Rule 7.6(d) of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* ................. 3

*Statutes*

28 U.S.C. § 1332 ............................................................ 4

28 U.S.C. § 1407 ............................................................ 1, 2

28 U.S.C. § 1446(b) ......................................................... 4

*Cases*

*A.O. Smith v. FTC*, 417 F. Supp. 1068 (1976) ........................................... 2, 3

*Coury v. Prot*, 85 F.2d 244 (5th Cir. 1996) ............................................ 3

*General Tire & Rubber Co. v. Jefferson Chemical Co.*, 50 F.R.D. 112 (D.C.N.Y. 1970) ............ 2, 3

*In Re: Aircrash Disaster at John F. Kennedy International Airport*, (J.M.D.L. July 20, 2997) ........... 3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2006

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ronald Jacob Laughter v. Georgia-Pacific Corporation*,
United States District Court for the Northern District of Mississippi, Delta Division;
Civil Action No. 2-06CV007-P-A

## BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

The Plaintiff submits the instant Brief in Support of his Motion to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on March 9, 2006. The Plaintiff contends that transfer of this case to the MDL would be improper as no federal jurisdiction exists, would not be for the convenience of the parties and witnesses, nor would it promote the just and efficient conduct of such action pursuant to 28 U.S.C. § 1407.

I.

### Background

Plaintiff's decedent, Carolyn Sue Laughter, was exposed to asbestos in the Defendant's products that resulted in her developing mesothelioma, an incurable form of cancer that is caused by exposure to asbestos. On April 30, 2002, this case was filed in the Circuit Court for Coahoma County, Mississippi. On June 28, 2005, that court signed an Order transferring the case to Tunica County, Mississippi. Pursuant to a November 18, 2005 Order from the Circuit Court for Tunica County, the Plaintiff was required to file an Amended Complaint. In compliance with that Order, the Plaintiff filed the Second Amended Complaint on January 10, 2006. The Defendant filed a Notice of Removal on January 23, 2006, over three years and eight months after the commencement of the state case.

Thereafter, on February 1, 2006, Plaintiff filed an Emergency Motion to Remand. That motion is currently pending before the Federal District Court.

A Conditional Order transferring the case to the MDL was entered on March 9, 2006. Thereafter, on March 23, 2006, in accordance with Rules 7.4 and 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, Plaintiff filed his Opposition to the Conditional Transfer Order.

II.

### Legal Contentions

A. The Panel has a duty to protect the substantive rights of Plaintiff.

B. The Panel should refuse to transfer until the Federal District Court determines whether this matter has been properly removed.

C. Plaintiff's claims should not be transferred to MDL No. 875 because the transfer will not meet the standards of 28 U.S.C. § 1407. The transfer would not be for the convenience of the parties and witnesses and would not promote the just and efficient conduct of such actions.

III.

### Argument and Authorities

At issue is whether or not the Panel should vacate the Conditional Transfer Ordered herein or, alternatively, suspend service of the transfer order on the Federal District Court until that Court has had ample opportunity to rule on Plaintiff's Motion for Remand. In turn, if the Conditional Transfer Order is entered, Plaintiff will, or course, seek Remand before the Panel. As such, the real issue in determining whether or not to vacate the Conditional Transfer Order is in what forum is Plaintiff's Remand most properly ruled upon.

As the Panel and the transferor District Court have discretionary authority with respect to ruling on Remand, See, eg. *A.O. Smith v. FTC*, 417 F. Supp. 1068 (1976) and *General Tire & Rubber Co. v.*

2

*Jefferson Chemical Co.*, 50 FRD 112 (D.C.N.Y. 1970), the question then becomes which court should exercise its discretionary authority, and why.

If the overriding criteria in exercising discretionary authority is to "secure the interest of justice," *A.O. Smith*, Supra, see also *In Re: Aircrash Disaster at John F. Kennedy International Airport* (J.M.D.L. filed July 20, 1997) (unpublished order deferring panel question of transfer to tag-along action until decision of transferor court on Motion to Remand of that action to state court) one must only look to the injustice that would occur should the Panel make executory the Conditional Transfer Order.

### Different Standard of Review

First, a transfer to the MDL would subject Plaintiff's Remand to a different standard of review. In the 5th Circuit Court and Mississippi Federal District Court, there is a presumption against federal jurisdiction. *Coury v. Prot*, 85 F.2d 244 (5th Cir. 1996). Whereas Rule 7.6(d) of the MDL Rules of Procedure provide, that the Panel is reluctant to order Remand absent suggestion of Remand from the transferee District Court. The difference in the standard of review is irreconcilable. In the District Court, the presumption is against federal jurisdiction and is in favor of Remand, whereas in the MDL the presumption is a "reluctance to remand."

### Transfer Not in the Interest of Judicial Economy

Moreover, Panel Rule 7.6(d) contemplates a "suggestion of remand" from the transferee District Court. A "suggestion of remand" is a recommendation made by transferee District Court on the issue of remand after review of the facts and law. If the District Court is going to have to go to all that trouble, why not stay the filing of the Conditional Transfer Order until the District Court has had an opportunity to rule on the Remand? It is simply duplicative to have the District Court "consider" the legal issue and proffer a "suggestion of remand" than have the Panel consider the exact same issue. How is such duplicity in the "interest of judicial economy?"

3

### The Case was Improperly Removed from State to Federal District Court

The Defendant removed the case from state to federal court on January 23, 2006, over three years and eight months after the commencement of the state case. As such, the removal is untimely. 28 U.S.C. § 1446(b) expressly and unequivocally prohibits removal of a lawsuit on the grounds of diversity if more than one year has elapsed since the filing of the lawsuit.

### IV.

### Conclusion

As the Panel jurisdiction is federal by its very nature, the Panel should feel obligated to ensure that an action being considered for transfer is properly within the federal system, meaning transferor court has proper jurisdiction over the action. In this action, there is simply no original federal jurisdiction and any transfer to the MDL would be improper.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays as follows:

That the Conditional Transfer Order be vacated or alternatively, the Conditional Transfer Order not be served upon the transferor District Court pending consideration of the Remand before the transferor Court.

Respectfully submitted, this the 6th day of April, 2006.

_____
LOUIS H. WATSON, JR.
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

Louis H. Watson, Jr. (MB # 9053)
LOUIS H. WATSON, JR., P.A,
520 East Capitol Street
Jackson, MS 39201
Telephone:   (601) 968-0000
Facsimile:    (601) 968-0010

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff hereby certifies that this date a true and correct copy of the above and foregoing document has been sent by United States Mail, postage prepaid, to the counsel listed on the Panel Service List excerpted from CTO-259, a copy of which is attached hereto, and all counsel of record in this case attached hereto as well.

This the 6TH day of April, 2006.

_____
LOUIS H. WATSON, JR.

## PANEL SERVICE LIST (Excerpted from CTO-259)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ronald Jacob Laughter, etc. v. Georgia-Pacific Corp.*, N.D. Mississippi, C.A. No. 2:06-7

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Matthew E. Kiely
Parker, Dumler & Kiely, LLP
200 Charles Center South
36 South Charles Street
Baltimore, MD 39201-2703

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Charles E. McLeod
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.o. Box 22608
Jackson, MS 39225-2608

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Louis H. Watson, Jr.
Louis H. Watson, Jr., P.A.
520 East Capitol Street
Jackson, MS 39201-2703

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406