

# BEFORE THE UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### MDL-875 – IN RE ASBESTOS PRODUCTS
### LIABILITY LITIGATION (NO. VI)

---

## MOTION AND BRIEF TO VACATE
## THE CONDITIONAL TRANSFER ORDER

---

COMES NOW, Plaintiffs in *James Turner v. Ameron International Corp., et al., MSS 1:05-663; Thomas A. Chisolm v. Ingersoll-Rand Co., et al., MSS 1:05-665; Leon V. Hartfield v. Allied Signal, Inc., et al., MSS 1:05-670; Deborah McDonald, etc. v. Minnesota Mining & Manufacturing Co., et al., MSS 1:06-62;* by and through counsel, and files this their Motion and Brief to Vacate the Conditional Transfer Order (CTO-259).

1.      These cases were properly filed in various Circuit Courts of Mississippi with valid Mississippi Corporations being named in the Complaint. The Defendants involved in these cases improperly removed them to Federal Court. There is not complete diversity between the parties, and no federal question exists that gives rise to Federal Court Jurisdiction. The cases subject to the Conditional Transfer Order are attached as Exhibit "A".

2.      Each individual Plaintiff has filed a Motion to Remand to the Circuit Court of the County in which his or her case was filed. A copy of each Motion to Remand is attached hereto as Exhibit "B".

3.      Two of the above four Plaintiffs have filed a Reply to Defendant's Opposition to Motion to Remand of which a copy of each is attached hereto as Exhibit "C".

4.      The Plaintiffs are entitled to have their Motions to Remand granted and in turn

IMAGED APR 1 1 2006    OFFICIAL FILE COPY

have the cases remanded to the various Circuit Courts in Mississippi. The Plaintiffs respectfully submit that the United States District Court for the Southern District of Mississippi Southern Division is the proper and most efficient forum in which to have these motions heard and ruled upon.

5.      In addition, these cases do not involve questions of fact common to the actions previously transferred to the Eastern District of Pennsylvania. Each case involves individual Plaintiffs whose various times and levels of exposure to asbestos is significantly diverse from one another, and therefore the cases are better heard on an individual basis.

6.      The Plaintiffs adopt and incorporate Exhibits "B" and "C" as their briefs in support of their Motion to Vacate the Conditional Transfer Order. As can be seen from these two Exhibits, the Defendants improperly removed these cases from State Court over three years from the time of their initial filing. As stated above, the Plaintiffs do not feel that these cases involve common questions of fact that justify transfer to the MDL No 875. Therefore, the Plaintiffs respectfully submit that these cases are not even properly in the federal judiciary system to begin with, and no further action should be taken by the federal judiciary system except to grant Plaintiffs' Motions to Remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that the Conditional Transfer Order be vacated and that the Motions to Remand and Replies to Defense's Opposition to Motion to Remand be heard in the United States District Court for the Southern District of Mississippi Southern Division.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 11 2006

FILED
CLERK'S OFFICE

DATED this the 10th day of April, 2006.

Respectfully submitted,

By: _____
    John T. Givens
    Attorney for Plaintiffs

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366

## CERTIFICATE OF SERVICE

I, John T. Givens,  attorney for the Plaintiffs, do hereby certify that I have this day mailed, by United States mail, postage prepaid, a true and correct copy of the above and foregoing PLAINTIFFS', MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER to all counsel listed on the Attached Service List entitled Exhibit "D".

This the 10th day of April, 2006.

_____
JOHN T. GIVENS



EXHIBIT

tabbies

"D"

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 11 2006
Page 1 of 2
FILED
CLERK'S OFFICE

# SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-259)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Southern District of Mississippi

*James Turner v. Ameron International Corp., et al.,* C.A. No. 1:05-663  (Judge Walter J. Gex III)
*Thomas A. Chisolm v. Ingersoll-Rand Co., et al.,* C.A. No. 1:05-665  (Judge Walter J. Gex III)
*Leon V. Hartfield v. Allied Signal, Inc., et al.,* C.A. No. 1:05-670  (Judge Walter J. Gex III)
*Joseph Harris, Jr. v. General Electric Co., et al.,* C.A. No. 1:05-676  (Judge Walter J. Gex III)
*Florence Brooks Harris v. General Electric Co., et al.,* C..A. No. 1:05-677 (Judge Walter J. Gex III)
*Dorothy Harris v. General Electric Co., et al.,* C.A. No. 1:05-678  (Judge Walter J. Gex III)
*Billy R. Perkins v. Minnesota Mining & Manufacturing Co., et al.,* C.A. No. 1:05-684
   (Judge Walter J. Gex III)
*Deborah McDonald, etc. v. Minnesota Mining & Manufacturing Co., et al.,* C.A. No. 1:06-62
   (Judge Walter J. Gex III)
*Dorothy Huffman, etc. v. Minnesota Mining & Manufacturing Co., et al.,* C.A. No. 1:06-99
   (Judge Walter J. Gex III)

Franklin Keith Ball
Currie, Johnson, Griffin, Gaines
 & Myers
P.O. Box 750
Jackson, MS 39205-0750

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Joel M. Bondurant Jr.
Haynsworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Lawrence M. Coco, III
Carroll Bufkin Fulcher & Coco, PLLC
1700 Lelia Drive
Jackson, MS 39216

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Barry W. Ford
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Shannon S. Frankel
Young, Moore & Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622

Dawn E. Fulce
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens
& Cannada , PLLC
P. O. Box 22567
Jackson, MS 39225-2567

Robert V. Greenlee
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jonathan P. Hilbun
Montgomery, Barnett, Brown, Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-259)                    Page 2 of 2

James Gordon House III
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970
Kristi D. Kennedy
Currie, Johnson, Griffin, Gaines
 & Myers
P.O. Box 750
Jackson, MS 39205-0750

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Christopher O. Massenburg
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Carolyn Alleen McLain
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Edward W. Mizell
Butler, Snow, O'Mara, Stevens
& Cannada , PLLC
P. O. Box 22567
Jackson, MS 39225-2567

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Donald C. Partridge
Forman, Perry, Watkins, Krutz
 & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Malcolm R. Patterson
Forman, Perry, Watkins, Krutz
 & Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Michael W. Rutledge
Spyridon, Koch & Palermo, LLC
Three Lakeway Center, Suite 3010
3838 N. Causeway Blvd.
Metairie, LA 70002

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

William B. Stewart
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

John E. Wade, Jr.
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 1 2006

FILED
CLERK'S OFFICE

**EXHIBIT "A"**

**SCHEDULE OF ACTIONS**

<u>Southern District of Mississippi</u>

*James Turner v. Ameron International Corp., et al.,* C.A. No. 1:05-663 (Judge Walter J. Gex III)

*Thomas A. Chisolm v. Ingersoll-Rand-Co., et al.,* C.A. No. 1:05-665 (Judge Walter J. Gex III)

*Leon V. Hartfield v. Allied Signal, Inc., et. al.,* C.A. No. 1:05-670 (Judge Walter J. Gex III)

*Deborah McDonald, etc. v. Minnesota Mining & Manufacturing Co. , et al.,* C.A. No. 1:06-62 (Judge Walter J. Gex III)

EXHIBIT
"B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEON V. HARTFIELD                                                    PLAINTIFF

VS.                                             CIVIL ACTION NO. 1:05CV670WJG

ALLIED SIGNAL, INC., ET AL.                                         DEFENDANTS

---

## MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and moves to remand this case to the Circuit Court of the First Judicial District of Lamar County, Mississippi pursuant to 28 U.S.C. § 1447 (c), and would show unto the Court that the case should be remanded for the following reasons:

1.     The Defendants filed their Notice of Removal pursuant to 28 U.S.C. § 1332 on December 14, 2005 alleging improper joinder and complete diversity between the Plaintiff and Defendants.  The Defendants base this allegation on the claim that B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co. were improperly joined.

2.     This case was originally filed on or about April 13, 2005 in the Circuit Court of Lamar County, Mississippi.  That Complaint was never served on the Defendants.  In a motion in the Circuit Court of Lamar County dated July 8, 2005, the Plaintiff requested additional time to serve the complaint due to decisions of the Mississippi Supreme Court.  That motion was granted by the Circuit Court on July 12, 2005 and granted the Plaintiff an additional 120 days to serve the complaint. The Amended Complaint was filed on or about November 2, 2005 and upon information and belief each of the defendants were served with process.

3.      Plaintiff, Leon V. Hartfied, is an adult resident of Mississippi and has suffered injuries caused by exposure to asbestos-containing products designed, manufactured, sold, and/or distributed by the Defendants.

4.      Defendants named in the Complaint of this action engaged in the design, manufacturing, distribution, and/or sale of asbestos-containing products.

5.      The Defendant correctly asserts that B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co. are Mississippi Corporations with their principal place of business in Mississippi. The Defendants **incorrectly** assert that these Mississippi corporations were improperly joined for purposes of defeating diversity jurisdiction. The Amended Complaint states that B & C Auto Parts, Inc. sold asbestos containing friction materials used in automobiles. The Amended Complaint states that Tiger Parts, Inc. distributed and/or manufactured asbestos containing friction products. The Amended Complaint states that Komp Equipment Co. supplied asbestos containing products such as Ladish valves, friction materials, asbestos packing and gaskets, asbestos rope, asbestos pipe, etc. Therefore, in spite of what the Defendants state in their Notice of Removal, the Plaintiff stated examples of the various products the three Mississippi Defendants were responsible for selling, manufacturing, and/or supplying.

6.      The Defendants, B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co., was not improperly joined, and the Plaintiff has a possibility of recovering against the in-state Defendants as sellers, manufacturer, and/or suppliers of asbestos containing products pursuant to Miss. Code Ann. § 11-1-63.

7.      "The test for fraudulent joinder is whether the venue-fixing defendant is a party against whom liability could exist." *Stubbs v. Miss. Farm Bureau Cas. Ins. Co.,* 825 So. 2d 8, 13 (¶21) (Miss. 2002); *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003). The burden required to

prove fraudulent joinder is a heavy one. *Harrison v. Chandler-Sampson Ins., Inc.,* 891 So.2d 224, 230 (¶17) (Miss. 2005); citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Harrison,* 891 So. 2d at 230 (¶17); citing *Cavallini,* 44 F.3d at 259. The Defendants have not met this heavy burden as they have not shown any reason why the in-state Defendants could not be held liable in this cause of action and they have shown no "outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 230.

8.      Pursuant to *Randle v. Smithkline Beecham Corp.*, 338 F. Supp.2d 704, 707 (S.D. Miss. 2004), the Defendants state that the Plaintiff needs a "reasonable basis" to establish a cause of action against the in-state defendants. There was no reasonable basis in *Randle* because the Defendants there had provided affidavits stating the local pharmaceutical representatives had never worked for the company being sued or sold the drug in question. *Randle,* 338 F. Supp.2d at 708. There is a "reasonable basis" and a strong possibility here that the Plaintiffs will be able to establish a cause of action against  B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co. because these three companies supplied, manufactured, and/or sold asbestos containing products, and the Defendants have shown nothing to the contrary.

9.      The Defendants rely on Mississippi Code Annotated Section 11-1-63 (h) to state that since B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co. were not manufacturers of asbestos products but mere sellers, that  B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co. fall within the protection of Miss. Code Ann. §11-1-63(h). Therefore, no viable action can be maintained against B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co.

Mississippi Code Annotated Section 11-1-63(h) allows for liability to attach to a seller of a defective product if "the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product." The in-state Defendants had constructive if not actual knowledge that the products they were selling, manufacturing, and/or distributing were in a defective condition since they contained asbestos. The dangers of asbestos has long been known, so it is almost inconceivable that these sellers were not knowledgeable that the products they sold contained asbestos (since they dealt in these products for many years) and that the products were defective due to containing asbestos.

10. In further support of the innocent seller proposition, the Defendants state that the Amended Complaint "does not even allege any facts specifically against the Mississippi defendants that they were anything other than, at most, 'innocent sellers' or 'mere conduits' of the diverse defendant's products." Defendant's Notice of Removal P. 14 at ¶14. The Plaintiff feels that this was addressed above in the fact that these Defendants were not "innocent sellers" because they had constructive if not actual knowledge of the defective conditions of their products. This will also be further addressed *Infra* in regard to the Defendants' *Mangialardi* argument.

11. The Defendant's rely on *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d 493 (Miss. 2004) to assert that the Plaintiff has not included the core information in his Amended Complaint required to state a claim in an asbestos case. The Mississippi Supreme Court has recently further clarified their intentions in regards to *Mangialardi*. In *3M Company, Et Al. v. Glass*,, the supreme court clarified that Mississippi is a notice-pleading jurisdiction. No. 2003-IA-00617-SCT (December 15, 2005) (¶8). In clarifying exactly what notice-pleading required, the supreme court in footnote 5 stated:

Our decision in *Mangialardi* cannot fairly be read to say that every fact and detail

must be pled.  For compliance with *Mangialardi*, it is enough to say, for instance, that "plaintiff A brings suit against defendant B for XYZ wrongful conduct committed at defendant's ABC facility during the years 1999, 2000, and 2001."

*Id.* at FN 5.  This is exactly what the Plaintiff has done.  The Plaintiff stated which Defendants he brought suit against and for what wrongful conduct.  The Plaintiff also stated at which work sites he worked and for which particular years during his exposure period to asbestos.  This is all the Mississippi Supreme Court requires to state a claim in an asbestos case in the notice-pleading jurisdiction of Mississippi.  The Plaintiff is not required to state every fact and detail, or in other words prove his case in the complaint, as alleged by the Defendants.  Therefore, the Plaintiff's Amended complaint is **not** grossly deficient and **does** state a claim against the Defendants B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co.

12.     All of the named, served Defendants have not joined in the removal of this action.  28 U.S.C. § 1446 (a) has been interpreted to require that all properly joined and served defendants consent and join in the removal petition.  *Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n. 3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326 (5th Cir. 1970).  B & C Auto Parts, Inc., Tiger Parts, Inc., Komp Equipment Co., Ammco Tools, Inc., Hayes Lemmerz International, Inc., Carlisle Companies Incoporated, Hennessy Industries, Inc., and Lear Coporation, f/k/a Lear Seigler, Inc. have not joined in the removal petition.  Therefore the Notice of Removal is procedurally deficient and the Plaintiff is entitled to remand.

13.     Defendants' removal is simply a delay tactic to avoid trial and is the continued use of the federal courts as a mass dumping ground.  Defendants' assertions are groundless and merely seek to delay this proceeding.  B & C Auto Parts, Inc., Tiger Parts, Inc., and Komp Equipment Co. were not improperly joined.  To the contrary, they are indispensable parties against whom the

Plaintiff has more than a mere possibility of recovery.

14.     Plaintiffs respectfully request that the Court allow Plaintiffs to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447(c).  The Plaintiff requests leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case.  This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum.  Costs should be awarded to the Plaintiff as the inability to legitimately apply the removal statute to this case was obvious.  Even the Notice of Removal, within its four corners, indicates a possibility of recover against the in-state sellers.  In addition, the Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, for sanctions against Defendants because the Notice of Removal is frivolous and totally without merit.  In support of this Motion, the Plaintiff relies on the pleadings and this motion to remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Lamar County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 13th day of January, 2006.

Respectfully submitted,

By:   /s/ John T. Givens
        John T. Givens
        Attorney for Plaintiffs

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366


Stacey Lea Sims, MSB No. 10544
Morris, Sakalarios, & Blackwell
P.O. Drawer 1858
Hattiesburg, Mississippi 39403-1858
Telephone: (601) 544-3343
Facsimile:   (601) 544-9814

## CERTIFICATE OF SERVICE

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **Motion to Remand** to all counsel of record.

This, the 13th day of January, 2006.


/S/ John T. Givens
JOHN T. GIVENS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JAMES TURNER**                                                        **PLAINTIFF**

**V.**                                                    **CAUSE NO.  1:05CV663WJG**

**AMERON INTERNATIONAL CORPORATION,**
**GENERAL ELECTRIC COMPANY, ROCKWELL**
**INTERNATIONAL CORPORATION,**
**STUART C. IRBY COMPANY,**
**AND JOHN DOE DEFENDANTS 1-500**                          **DEFENDANTS**

---

### MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and moves to remand this case to the Circuit Court of Yazoo County, Mississippi pursuant to 28 U.S.C. § 1447 (c), and would show unto the Court that the cases should be remanded for the following reasons:

1.      This case was filed on or about November 2, 2005 in the Circuit Court of Yazoo County, Mississippi.  The Defendants filed their Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on December 9, 2005.

2.      Plaintiff, James Turner, is an adult resident of Mississippi and has suffered injuries caused by exposure to asbestos-containing products designed, manufactured, sold, and/or distributed by the Defendants.

3.      Defendants named in the Complaint of this action engaged in the design, manufacturing, distribution, and/or sale of asbestos-containing products.

4.      As the Defendant correctly asserts Stuart C. Irby Company is a Mississippi

Corporation with its principal place of business in Mississippi. The Defendants incorrectly assert that Stuart C. Irby Company was improperly joined for purposes of defeating diversity jurisdiction.

5.      The Defendants rely on Mississippi Code Annotated Section 11-1-63 (h) to state that since Stuart C. Irby is not a manufacturer of asbestos products but a mere seller, that Stuart C. Irby falls within the protection of Miss. Code Ann. §11-1-63(h), and therefore, no viable action can be maintained against Stuart C. Irby Company. Mississippi Code Annotated Section 11-1-63(h) allows for liability to attach to a seller of a defective product if "the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product."

6.      The Defendants rely on the testimony of a corporate representative of Stuart C. Irby to state that Irby had no constructive or actual knowledge of the defective condition(s) of the products they sold. The corporate representative whose testimony the Defendants rely on is Andrew Jacob Waring, the Chief Financial Officer of Irby, who stated that he had no knowledge of Stuart C. Irby ever having sold asbestos containing products.  The problem with the Defendants' reliance on this testimony is the fact that Andrew Waring did not begin working for Stuart C. Irby until sometime in 1990. The alleged dates of exposure for James Turner are from 1961-1993 at various work sites. It is very possible that Waring did not have knowledge of Stuart C. Irby having sold asbestos containing products because the asbestos containing products were sold and/or distributed prior to his arrival. Waring's own testimony further supports this assertion. Waring testified that he could not say that Irby never sold any asbestos containing products, only that he wasn't aware of any. This makes sense since his work with Irby did not

2

begin until 1990 by which time the dangers of asbestos were well known. Waring also testified

that most of the senior management at Irby had not been there for any significant amount of time,

so they would not have knowledge of that fact either. Waring further testified that the people

who would have knowledge of this area were no longer associated with the company. Therefore,

it is very probable that employees or former employees of Irby, other than Waring, have

constructive or actual knowledge  that the products they were selling were defective and

therefore Irby could be held liable under 11-1-63(h).

       7.     The Defendant, Stuart C. Irby Company, was not fraudulently joined, and the

Plaintiff has a possibility of recovering against in-state Defendants as sellers of asbestos

containing products pursuant to Miss. Code Ann. § 11-1-63. "The test for fraudulent joinder is

whether the venue-fixing defendant is a party against whom liability could exist." *Stubbs v.*

*Miss. Farm Bureau Cas. Ins. Co.,* 825 So. 2d 8, 13 (¶21) (Miss. 2002); *Travis v. Irby,* 326 F.3d

644, 646-47 (5th Cir. 2003). The burden required to prove fraudulent joinder is a heavy one.

*Harrison v. Chandler-Sampson Ins., Inc.,* 891 So.2d 224, 230 (¶17) (Miss. 2005); citing

*Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "The removing

party must prove that there is absolutely no possibility that the plaintiff will be able to establish a

cause of action against the in-state defendant in state court, or that there has been outright fraud

in the plaintiff's pleading of jurisdictional facts." *Harrison,* 891 So. 2d at 230 (¶17); citing

*Cavallini,* 44 F.3d at 259. The Defendants have not met this heavy burden. There is a strong

possibility that the Plaintiffs will be able to establish a cause of action against Stuart C. Irby.

Waring testified that Irby has done business with Allen-Bradley since the 1970's. Waring even

testified that Stuart C. Irby has a Allen-Bradley sign on the side of their building. Allen-Bradley

3

manufactured numerous products which contained asbestos. Allen-Bradley is now owned by Rockwell International who is a named defendant in this suit. Therefore, Stuart C. Irby has sold and/or distributed numerous products from a major manufacturer, if not numerous manufacturers, of asbestos containing products. Irby had constructive and/or actual knowledge that the products they were selling were defective in the fact that they contained asbestos. Therefore, Irby can be held liable in tort for the defective condition of the products which they sold and/or distributed.

8. This Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, in that the Mississippi resident Plaintiff and the Mississippi resident Defendant are not diverse, nor can the in-state Defendant be disregarded as fraudulently joined because Mississippi's Product Liability Statute, § 11-1-63, contemplates and imposes liability on sellers, suppliers and retailers of defective products. *Thomas v. R.J. Reynolds Tobacco Company*, 11 F.Supp.2d 850 (S.D. Miss. 1998)(finding that there is at least a possibility of recovery against sellers under the statute).

9. All of the named, served Defendants have not joined in the removal of this action. 28 U.S.C. § 1446 (a) has been interpreted to require that all properly joined and served defendants consent and join in the removal petition. *Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n. 3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326 (5th Cir. 1970). Stuart C. Irby has not joined in the removal petition. Therefore the Notice of Removal is procedurally deficient and the Plaintiff is entitled to remand.

10. Defendants' removal is simply a delay tactic to avoid trial and is the continued use of the federal courts as a mass dumping ground. Defendants' assertions are groundless and

4

merely seek to delay this proceeding.  Stuart C. Irby was not fraudulently joined.  To the contrary, they are an indispensable party against whom the Plaintiff has more than a mere possibility of recovery.

11.   Plaintiffs respectfully request that the Court allow Plaintiffs to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447(c).  The Plaintiff requests leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case.  This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum.  Costs should be awarded to the Plaintiff as the inability to legitimately apply the removal statute to this case was obvious.  Even the Notice of Removal, within its four corners, indicates a possibility of recover against the in-state sellers.  In addition, the Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, for sanctions against Defendants because the Notice of Removal is frivolous and totally without merit.  In support of this Motion, the Plaintiff relies on the pleadings and this motion to remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Yazoo County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 9th day of January, 2006.

Respectfully submitted,

By:   /s/ John T. Givens
        John T. Givens
        Attorney for Plaintiffs

5

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366


Stacey Lea Sims, Esq.
Morris, Sakalarios, & Blackwell
P.O. Drawer 1858
Hattiesburg, Mississippi 39403-1858
Telephone: (601) 544-3343
Facsimile:   (601) 544-9814

6

## CERTIFICATE OF SERVICE

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **Motion to Remand** to all counsel of record.

This, the 9th day of January, 2006.

/S/ John T. Givens
JOHN T. GIVENS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

THOMAS A. CHISOLM                                                          **PLAINTIFF**

VS.                                                    **CIVIL ACTION NO. 1:05CV665WJG**

INGERSOLL RAND COMPANY, ET AL.                                  **DEFENDANTS**

---

### MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and moves to remand this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi pursuant to 28 U.S.C. § 1447 (c), and would show unto the Court that the case should be remanded for the following reasons:

1.      The Defendants filed their Notice of Removal pursuant to 28 U.S.C. § 1332 on December 12, 2005 alleging complete diversity between the Plaintiff and Defendants. The Defendants base this allegation on the claim that Mississippi Rubber & Specialty Company and Coastal Rubber & Gasket Company, Inc. were improperly joined.

2.      This case was originally filed on or about April 14, 2005 in the Circuit Court of Hinds County, Mississippi. That Complaint was never served on the Defendants. In a motion in the Circuit Court of Hinds County dated July 7, 2005, the Plaintiff requested additional time to serve the complaint due to decisions of the Mississippi Supreme Court. That motion was granted by the Circuit Court on July 11, 2005 and granted the Plaintiff an additional 120 days to serve the complaint. The amended complaint was filed on or about November 2, 2005 and each of the defendants were served with process.

3.     Plaintiff, Thomas Chisolm, is an adult resident of Mississippi and has suffered injuries caused by exposure to asbestos-containing products designed, manufactured, sold, and/or distributed by the Defendants.

4.     Defendants named in the Complaint of this action engaged in the design, manufacturing, distribution, and/or sale of asbestos-containing products.

5.     The Defendant correctly asserts that Mississippi Rubber & Specialty Company and Coastal Rubber & Gasket Company, Inc. are Mississippi Corporations with their principal place of business in Mississippi. The Defendants incorrectly assert that these Mississippi companies were improperly joined for purposes of defeating diversity jurisdiction. The Amended Complaint states that Mississippi Rubber & Specialty Company is a supply company which supplied various asbestos containing products such as asbestos gaskets and packing and asbestos rope, tape and insulation, cement, mastics, and joint compounds. The Amended Complaint also states that Coastal Rubber & Gasket Co., Inc. is a supply company which supplied various asbestos containing products such as asbestos gaskets and packing and asbestos rope, tape and insulation, cement, mastics, and joint compounds. Therefore, in spite of what the Defendants state in their Notice of Removal, the Plaintiff stated examples of the various products the two Mississippi Defendants were responsible for selling and/or supplying.

6.     The Defendants, Mississippi Rubber & Specialty Company and Coastal Rubber & Gasket Company, Inc., was not improperly joined, and the Plaintiff has a possibility of recovering against the in-state Defendants as sellers of asbestos containing products pursuant to Miss. Code Ann. § 11-1-63.

7.     "The test for fraudulent joinder is whether the venue-fixing defendant is a party against whom liability could exist." *Stubbs v. Miss. Farm Bureau Cas. Ins. Co.,* 825 So. 2d 8, 13

(¶21) (Miss. 2002); *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003). The burden required to prove fraudulent joinder is a heavy one. *Harrison v. Chandler-Sampson Ins., Inc.,* 891 So.2d 224, 230 (¶17) (Miss. 2005); citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Harrison,* 891 So. 2d at 230 (¶17); citing *Cavallini,* 44 F.3d at 259. The Defendants have not met this heavy burden as they have not shown any reason why the in-state Defendants could not be held liable in this cause of action and they have shown no "outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 230.

8.     Pursuant to *Randle v. Smithkline Beecham Corp.*, 338 F. Supp.2d 704, 707 (S.D. Miss. 2004), the Defendants state that the Plaintiff needs a "reasonable basis" to establish a cause of action against the in-state defendants. There was no reasonable basis in *Randle* because the Defendants there had provided affidavits stating the local pharmaceutical representatives had never worked for the company being sued or sold the drug in question. *Randle,* 338 F. Supp.2d at 708. There is a "reasonable basis" and a strong possibility here that the Plaintiffs will be able to establish a cause of action against Mississippi Rubber & Specialty Company and Coastal Rubber & Gasket Company, Inc. because these two companies supplied and/or sold asbestos containing products.

9.     The Defendants rely on Mississippi Code Annotated Section 11-1-63 (h) to state that since Mississippi Rubber & Specialty Company and Coastal Rubber & Gasket Company, Inc. were not manufacturers of asbestos products but mere sellers, that Mississippi Rubber & Specialty Company and Coastal Rubber & Gasket Company, Inc. fall within the protection of Miss. Code Ann. §11-1-63(h). Therefore, no viable action can be maintained against Mississippi Rubber & Specialty

Company and Coastal Rubber & Gasket Company, Inc. Mississippi Code Annotated Section 11-1-63(h) allows for liability to attach to a seller of a defective product if "the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product." The in-state Defendants had constructive if not actual knowledge that the products they were selling and/or distributing were in a defective condition since they contained asbestos. The dangers of asbestos has long been known, so it is almost inconceivable that these sellers were not knowledgeable that: first, the products they sold contained asbestos, since they dealt in these products for many years, and second, the products were defective due to containing asbestos.

10.     In further support of the innocent seller proposition, the Defendants state that the Amended Complaint "does not even allege any facts specifically against the Mississippi defendants that they were anything other than, at most, 'innocent sellers' or 'mere conduits' of the diverse defendant's products." Defendant's Notice of Removal P. 5 ¶12. The Plaintiff feels that this was addressed above in the fact that these Defendants were not "innocent sellers" because they had constructive if not actual knowledge of the defective conditions of their products. This will also be further addressed *Infra* in regard to the Defendants' *Mangialardi* argument.

11.     The Defendant's rely on *Harold's Auto Parts, Inc. v. Mangialardi,* 889 So. 2d 493 (Miss. 2004) to assert that the Plaintiff has not included the core information in his Amended Complaint required to state a claim in an asbestos case. The Mississippi Supreme Court has recently further clarified their intentions in regards to *Mangialardi.* In *3M Company, Et Al. v. Glass,* No. 2003-IA-00617-SCT (December 15, 2005) (¶8), the supreme court clarified that Mississippi is a notice-pleading jurisdiction. In clarifying exactly what notice-pleading required, the supreme court in footnote 5 stated:

Our decision in *Mangialardi* cannot fairly be read to say that every fact and detail

must be pled. For compliance with *Mangialardi*, it is enough to say, for instance, that "plaintiff A brings suit against defendant B for XYZ wrongful conduct committed at defendant's ABC facility during the years 1999, 2000, and 2001."

This is exactly what the Plaintiff has done. The Plaintiff stated which Defendants he brought suit against and for what wrongful conduct. The Plaintiff also stated at which work sites he worked and for which particular years during his exposure period to asbestos. This is all the Mississippi Supreme Court requires to state a claim in an asbestos case in the notice-pleading jurisdiction of Mississippi. The Plaintiff is not required to state every fact and detail, or in other words prove his case in the complaint, as alleged by the Defendants. Therefore, the Plaintiff's Amended complaint is **not** grossly deficient and **does** state a claim against the Defendants Mississippi Rubber & Specialty Company and Coastal Rubber & Gasket Company, Inc.

12.     The Defendants also allege that the Plaintiff failed to serve the Mississippi defendants with process and/or failed to serve them with process within one-hundred twenty (120) days as required by Rule 4(h) of the Mississippi Rules of Civil Procedure. First, the Mississippi Defendants were both served with process on November 14, 2005. The proof of service forms are attached as Exhibit "A". If the Defendants thought service of process was insufficient, the Defendants should have sought a dismissal of the two Mississippi Companies in the Circuit Court of Hinds County for the alleged failure of service of process before filing their Notice of Removal. The Defendants have not sought a dismissal, nor have the Mississippi Defendants. Therefore, since the Mississippi Defendants have not been dismissed, there is no ground for removal because they have remained in this action as valid Defendants. Further by filing the new complaint on November 2, 2005, the Plaintiff had 120 days to serve the Defendants, and they were served on November 14, 2005 well within 120 days.

13.     All of the named, served Defendants have not joined in the removal of this action.

28 U.S.C. § 1446 (a) has been interpreted to require that all properly joined and served defendants consent and join in the removal petition. *Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n. 3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326 (5th Cir. 1970). Mississippi Rubber & Specialty Company, Coastal Rubber & Gasket Company, Inc., and Burns International Service Corporation have not joined in the removal petition. Therefore the Notice of Removal is procedurally deficient and the Plaintiff is entitled to remand.

14.     Defendants' removal is simply a delay tactic to avoid trial and is the continued use of the federal courts as a mass dumping ground. Defendants' assertions are groundless and merely seek to delay this proceeding. Mississippi Rubber & Specialty Company and Coastal Rubber & Gasket Company, Inc. were not improperly joined. To the contrary, they are indispensable parties against whom the Plaintiff has more than a mere possibility of recovery.

15.     Plaintiffs respectfully request that the Court allow Plaintiffs to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447(c). The Plaintiff requests leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case. This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum. Costs should be awarded to the Plaintiff as the inability to legitimately apply the removal statute to this case was obvious. Even the Notice of Removal, within its four corners, indicates a possibility of recover against the in-state sellers. In addition, the Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure,* for sanctions against Defendants because the Notice of Removal is frivolous and totally without merit. In support of this Motion, the Plaintiff relies on the pleadings and this motion to remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Hinds County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 11th day of January, 2006.

Respectfully submitted,

By:   /s/ John T. Givens
          John T. Givens
          Attorney for Plaintiffs

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366


Stacey Lea Sims, MSB No. 10544
Morris, Sakalarios, & Blackwell
P.O. Drawer 1858
Hattiesburg, Mississippi 39403-1858
Telephone: (601) 544-3343
Facsimile:  (601) 544-9814

## CERTIFICATE OF SERVICE

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **Motion to Remand** to all counsel of record.

This, the 11th day of January, 2006.


/S/ John T. Givens
JOHN T. GIVENS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DEBORAH MCDONALD, ADMINISTRATRIX OF THE**
**ESTATE OF WHYTINE MCDONALD, DECEASED**                    **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 1:06CV062WJG**

**MINNESOTA MINING & MANUFACTURING;**
**SEPCO CORPORATION; MISSISSIPPI**
**RUBBER & SPECIALTY COMPANY**                             **DEFENDANTS**

---

### MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and moves to remand this case to the

Circuit Court of Claiborne County, Mississippi pursuant to 28 U.S.C. § 1447 (c), and would show

unto the Court that the cases should be remanded for the following reasons:

      1.     Plaintiff's Amended Complaint was filed on July 13, 2005 in the Circuit Court of

Claiborne County, Mississippi. Sepco received service of this amended complaint on July 20, 2005.

Sepco had thirty days from this date to file their Notice of Removal, which would have been August

19, 2005.

      2.     Defendant's Notice of Removal was not timely because it was not filed within this

thirty day period. The Defendant's Notice of Removal was filed on January 26, 2006 which is 191

days after the Defendant was served with the Amended Complaint and approximately 346 days from

the time the original complaint was filed.

      3.     This removal is based solely on diversity pursuant to 28 U.S.C. § 1332, and therefore,

this removal is governed by 28 U.S.C. § 1446 (b) which states: in relevant part :

> The notice of removal of a civil action or proceeding **shall be filed within thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Emphasis added.* This Notice of Removal is governed by the first and second paragraphs of § 1446 (b) above, and since Notice or Removal was not filed within thirty days of service of the Original Complaint or Amended Complaint, the removal was not timely and Plaintiff's Motion to Remand should be granted. Also, the Notice of Removal does not qualify for the one-year removal limitation of § 1446 (b) because there has been no amended pleading since July 13, 2005 that would create a right of removal. In fact, there has been no change whatsoever in the complaint since it was filed on July 13, 2005.

4.      Irregardless of Defendant's feeble improper joinder argument, the Notice of Removal was not filed within thirty days of service of the amended complaint, and therefore, Defendant's right to remove was thereby waived. This is the most frivolous attempt at removal that Plaintiff's attorney has encountered. The trial date for this matter has been set in the Circuit Court of Claiborne County. This is Defendant's attempt to delay this trial date and not allow this action to move forward.

5.      Defendant's removal is simply a delay tactic to avoid trial and is the continued use of the federal courts as a mass dumping ground. Defendant's assertion is not timely, is groundless,

2

and merely seeks to delay this proceeding.

6.      The Plaintiff respectfully requests that this Court allow the Plaintiff to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447(c). The Plaintiff requests leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case. This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum. Costs should be awarded to the Plaintiff as the inability to legitimately apply the removal statute to this case was obvious. In addition, the Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, for sanctions against the Defendant because the Notice of Removal is frivolous and totally without merit. In support of this Motion, the Plaintiff relies on the pleadings and this motion to remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Claiborne County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 24th day of February, 2006.

Respectfully submitted,


By:  /s/ Timothy W. Porter
     Timothy W. Porter
     Attorney for Plaintiffs


3

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
Porter & Malouf, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366

Stacey Lea Sims, MSB No. 10544
Morris, Sakalarios, & Blackwell, PLLC
Post Office Drawer 1858
Hattiesburg, Mississippi 39403-1858
Telephone: (601) 544-3343
Facsimile:  (601) 544-9814

## CERTIFICATE OF SERVICE

I, John T. Givens, hereby certify that on February 24, 2006 I electronically filed the foregoing

with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel

of record and the following:

> Walter W. Dukes, Esq.
> William Symmes, Esq.
> DUKES, DUKES, KEATING, & FANECA, P.A.
> 14094 Customs Boulevard, Suite 100
> Post Office Drawer W
> Gulfport, Mississippi 39502
>
> *Attorneys for Defendant*

And I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants:

NONE


/S/ John T. Givens

JOHN T. GIVENS

EXHIBIT

*C*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES TURNER                                                    PLAINTIFF

V.                                            CAUSE NO.  1:05CV663WJG

AMERON INTERNATIONAL CORPORATION,
GENERAL ELECTRIC COMPANY, ROCKWELL
INTERNATIONAL CORPORATION,
STUART C. IRBY COMPANY,
AND JOHN DOE DEFENDANTS 1-500                          DEFENDANTS

---

### PLAINTIFF'S REPLY AND MEMORANDUM  IN  SUPPORT TO DEFENDANT AMERON'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and files this his Reply and Memorandum in Support to Defendant Ameron's Opposition to Plaintiff's Motion to Remand and in support thereof states the following:

I.    **INTRODUCTION**

The Plaintiff clearly realizes that Removal is not a game as the Defendant so eloquently states.  In addition, the Plaintiff does not see the need in addressing the Defendant's well recited history of the role removal plays in federal court jurisdiction, and how the right to remove comes in to existence in particular actions, or how it is the duty of the federal courts to exercise the jurisdiction bestowed upon them.  The Defendant did an excellent job of versing this Court with the role removal plays in the federal judiciary except for informing this Court that the Fifth Circuit has now adopted the use of "improper joinder" as opposed to "fraudulent joinder." *Smallwood v. Ill. Cent. R.R. Co.,*

385 F.3d 568, 571 n. 1 (5th Cir. 2004).

The Plaintiff obviously agrees that removal is a right of a party to an action when that right is well founded, and that improper joinder creates the right to remove. But here, the right to remove does not exist because Stuart C. Irby was not improperly joined.

## II.    ARGUMENT

The Plaintiff feels that this Court is well informed of the burdens of proof and requirements to satisfy improper joinder. The only factor at play in this removal is whether the Plaintiff has "no reasonable possibility of recovery" against Stuart C. Irby. *Boone v. Citigroup, Inc.,* 416 F.3d 382, 392 (5th Cir. 2005). The Defendant alleges that the Plaintiff has no reasonable possibility of recovery against Stuart C. Irby. The Plaintiff asserts he would not have filed suit against Stuart C. Irby if he did not believe that Stuart C. Irby was in fact liable, and that he could recover from that Defendant.

The testimony of Andrew Waring, an officer of Stuart C. Irby, can be very revealing when looked at in detail and combined with other sources of information. It is true that Andrew Waring was appointed as the corporate designee for Stuart C. Irby. It is also true that Waring was imputed as having knowledge of the position Stuart C. Irby took in respect to having sold asbestos containing products although he did not begin working for Stuart C. Irby until 1990, which is at the end of the alleged exposure period for the Plaintiff. Nevertheless, the Plaintiff will address the Defendant's arguments in turn. Andrew Waring's testimony in the 30(b)(6) deposition clearly shows that Irby sold asbestos containing products, whether they will admit it was to their knowledge or not. Irby testified as follows:

Q.    To your knowledge, has Irby done business with Allen-Bradley in the

2

seventies?

A.     To my knowledge.

Q.     Okay.  Who would be the best person to ask how long Irby's done business with Allen-Bradley?

A.     Probably Al Doty.

*See* (10/15/04 Rule 30(b)(6) Deposition of Stuart C. Irby Company in *Donald Austin v. Minnesota Mining and Manufacturing Co., et al.,* In the Circuit Court of the First Judicial District of Hinds County, Mississippi, Cause No. 251-02-609 CIV, at pp. 38, 147, Defense Ex. 1 to Response to Motion).  Therefore, Irby readily admits that they did business with Allen- Bradley, but they also admit that an Al Doty would be the most knowledgeable about the business with Allen-Bradley, not Andrew Waring who they designated.

Later on in the same deposition Irby admits to having done business with Rockwell International another defendant in the present action:

Q.     Does Irby sell any electrical motors?

A.     Yes.

Q.     Would those have been manufactured by Rockwell?

A.     I believe that's correct.

Q.     What kind of electrical motors?

A.     Various.

*Id.* at pp. 40, 156 Defense Ex. 1.  In addition, Irby admitted to being the exclusive distributor for Rockwell in Mississippi:

Q.     In what -- in what situation would you be an exclusive distributor?

3

A.    Rockwell.

Q.    So you're an exclusive distributor for Rockwell?

A.    Yeah.

*Id.* at pp. 41, 158 Defense Ex. 1.  Therefore, Irby sold Rockwell International products and was the exclusive distributor for Rockwell products in the State of Mississippi, if not elsewhere.

All of this is of importance because the Defendant Rockwell International is the successor by merger, which occurred in 1985, to Allen-Bradley Company as can be seen on page 1 and 2 of Plaintiff's Exhibit "A" which is *Defendant Rockwell Automation, Inc.'s Responses to Plaintiff's Interrogatories and Requests for Production of Documents* which were obtained in another case entitled Thomas Wilson v. Westinghouse Electric Corp., Et Al., Circuit Court of Perry County, Mississippi, Civil Action No. 2004-0027CI.  Allen-Bradley purchased the stock of a corporation known as Rostone Corporation in 1965, which it later sold in 1985 retaining the liabilities of Rostone as it relates to this litigation in general.  Ex "A" at p. 2 .  Rockwell International, Allen-Bradley, and Rostone conducted business in the State of Mississippi.  *Id.* at 3.  "Allen-Bradley manufactured electric motor starters, contactors, relays, push button assemblies, and disconnect switches . . . some of which contained varying amounts of asbestos fiber . . . ."  *Id.* at 4.  Allen-Bradley products contained asbestos up until about 1985 or 1986.  *Id.* at 5.

Based on the above information, it is obvious that Allen-Bradley manufactured, sold, and/or distributed asbestos containing products.  Stuart C. Irby Company testified they sold Allen-Bradley products in the 1970s, which is period when those products contained asbestos.  In addition, Irby testified that they were the exclusive distributor for Rockwell International, which is not only a Defendant in the present action, but the successor in interest to Allen-Bradley.  If Stuart C. Irby was

4

the exclusive distributor for Rockwell International in Mississippi and Rockwell International manufactured, sold, and/or distributed asbestos containing products, then it is inconceivable that Stuart C. Irby did not sell and/or distribute asbestos containing products. Therefore, it is clear that Irby sold asbestos containing products manufactured by Rockwell International and Allen-Bradley.

Therefore, it is practically an absolute that Stuart C. Irby sold asbestos containing products irregardless of Defendant's contentions. The testimony of Stuart C. Irby taken in consideration with Defendant Rockwell International's responses in another lawsuit clearly shows that Irby sold and/or distributed asbestos containing products. The Plaintiff respectfully submits that if all available information before this Court is taken into consideration, there is more than a reasonable possibility of recovery. In actuality, there is a strong possibility of recovery against Stuart C. Irby, and therefore, Stuart C. Irby is not improperly joined in the present action. Stuart C. Irby is an indispensable party against whom liability exists.

The Plaintiff has now submitted evidence that Allen-Bradley manufactured numerous asbestos containing products some of which were supplied by Rostone, a corporation whose liabilities Allen-Bradley is responsible for through purchasing Rostone's stock. The Plaintiff has submitted evidence that Stuart C. Irby sold Allen-Bradley products in the 1970s. The Plaintiff has also submitted evidence that Stuart C. Irby was the exclusive distributor for Rockwell International, successor in interest to Allen-Bradley. This clearly contradicts the Defendants facts that Stuart C. Irby has never sold asbestos containing products. Factual controversies are to be resolved in favor of the nonmoving party, which in this case is the Plaintiff. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). The Plaintiff respectfully submits that the factual controversy present in this action should be resolved in favor of the Plaintiff, and that the Plaintiff's Motion to Remand should

5

be granted without further delay.

## III.   **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this

urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Yazoo County,

Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. §

1447(c).

DATED this the 21st day of February, 2006.

Respectfully submitted,

By:   /s/ John T. Givens
    John T. Givens
    Attorney for Plaintiffs

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366

Stacey Lea Sims, Esq.
Morris, Sakalarios, & Blackwell
P.O. Drawer 1858
Hattiesburg, Mississippi 39403-1858
Telephone: (601) 544-3343
Facsimile:   (601) 544-9814

## CERTIFICATE OF SERVICE

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **Motion to Remand** to all counsel of record.

This, the 21st day of February, 2006.

/S/ John T. Givens
JOHN T. GIVENS

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| LEON V. HARTFIELD | **PLAINTIFF** |
| VS. | **CIVIL ACTION NO. 1:05CV670WJG** |
| ALLIED SIGNAL, INC., ET AL. | **DEFENDANTS** |

---

**PLAINTIFF'S REPLY AND MEMORANDUM IN
SUPPORT THEREOF TO DEFENDANT'S
OPPOSITION TO MOTION TO REMAND**

---

COMES NOW, the Plaintiff, by and through counsel, and files this his Reply and

Memorandum in Support Thereof to Defendant's Response in Opposition to Plaintiff's Motion to

Remand, and in support thereof states the following:

### I. ALL PROPERLY SERVED DEFENDANTS HAVE NOT JOINED IN THE NOTICE OF REMOVAL AND THEREFORE IT IS PROCEDURALLY DEFICIENT.

All of the named, served Defendants have not joined in the removal of this action. Pursuant

to 28 U.S.C. § 1446 (a) all properly joined and served defendants must consent and join in the

removal petition for it to be effective. *Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n. 3 (5th

Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,*

427 F.2d 325, 326 (5th Cir. 1970). Ammco Tools, Inc. and Hayes Lemmerz International, Inc., have

not joined in the removal petition. Ammco Tools was properly served with the Amended Complaint,

and in spite of Defendant's allegation, Hayes Lemmerz was properly served with the Amended

Complaint. *See* Proofs of Service which are attached as Exhibit A.  Therefore, not all properly

joined Defendants have consented to or joined in the removal, and the Plaintiff respectfully asks that his Motion to Remand be granted.

## II.   KOMP EQUIPMENT DOES NOT QUALIFY AS AN INNOCENT SELLER UNDER MISS. CODE ANN. § 11-1-63(h).

Komp Equipment was not an innocent seller. Based on the deposition testimony of president of Komp Equipment, George B. Komp, Komp Equipment knew it was selling asbestos containing products. *See Generally* Exhibit B Deposition pp. 19, 23, 28, 32, etc. Mr. Komp testified that Hercules, Inc., an unrelated company to this action, informed him that they would stop buying sheet packing that contained asbestos due to health hazards. Exhibit B Deposition pp. 35-36. Mr. Komp also testified that they sold products within a hundred mile radius of Hattiesburg. *Id.* at 26. Based on his testimony, Komp equipment was knowledgeable about the products they sold, knew of the health hazards of asbestos, and supplied products in and around the Hattiesburg area. Therefore, Komp Equipment does not qualify as an innocent seller under Miss. Code Ann. § 11-1-63(h) since Komp Equipment had actual knowledge of the health hazard posed by the asbestos containing products they sold.

## III. THE PRODUCT LIABILITY STATUTE OF MISSISSIPPI CONTROLS THE PRESENT ACTION.

The Defendants rely on two Fifth Circuit cases to state that asbestos products are not defective as a matter of law. Both of these cases involved the Fifth Circuit Court of Appeals interpreting Texas's Product Liability statute, not Mississippi's. "The Federal Fifth Circuit, in holding that the supplier of raw asbestos to manufacturers owed no duty to warn users of the manufacturer's products, applied substantive law of Texas . . . in determining what the Texas Supreme Court might conclude were the parties' respective duties." *Abadie v. Metropolitan Life Ins.*

2

*Co.*, 784 So.2d 46, 80 (La.App. 5 Cir.,2001); citing *Cimino v. Raymark Industries, Inc.,* 151 F.3d 297, 299 (5th Cir. 1998). Since this case was filed in the Circuit Court of Lamar County, Mississippi, the products liability statute of Mississippi controls. While the Plaintiff acknowledges that Fifth Circuit precedent normally controls this Court's decision making, it should not apply here since the case was filed in Mississippi and the Products Liability Statute of Mississippi applies, not that of Texas.

To prove liability under Mississippi law for a defective product, the claimant must show that "(2) The product was defective because it failed to contain adequate warnings or instructions, or (3) The product was designed in a defective manner, or (4) The product breached an express warranty . . . ." Miss. Code Ann. § 11-1-63 (a)(i)(2), (3), and (4). In addition, the claimant must show that "(ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought." Miss. Code Ann. § 11-1-63 (a)(ii) and (iii). Therefore, there are numerous ways in Mississippi to prove a product was defective.

The Plaintiff, in great detail, has alleged how the Defendants have violated the Mississippi Product Liability Statute. They supplied defective products, failed to provide warnings, and breached expressed and implied warranties. In regards to failing to provide warnings, Mr. Komp testified that he "had never seen a warning on a box of packing or any sheet packing that we stocked." *See* Exhibit B Deposition p. 58. All of the Defendants have violated the Mississippi Product Liability Statute and should be held liable thereunder in the Circuit Court of Lamar County, Mississippi. The Plaintiff has now shown that Komp Equipment was knowledgeable that its products were a health hazard containing asbestos and failed to provide warning labels thereon.

3

Therefore, the Defendant Komp Equipment can be held liable under Mississippi law and are an indispensable party against whom liability exists. Therefore, the Plaintiff respectfully submits that Komp Equipment was not improperly joined, and the Plaintiff's Motion to Remand should be granted.

### IV.  THIS COMPLAINT WAS FILED TO BE IN COMPLIANCE WITH *MANGIALARDI* AND ITS PROGENY.

The Plaintiff filed this complaint to be in compliance with *Mangialardi* and its progeny. The Plaintiff relies on his Motion to Remand and the Amended Complaint itself to support his argument.

### V.  CONCLUSION.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Pike County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 1st day of March, 2006.

Respectfully submitted,

By:  ___/s/ John T. Givens_____
John T. Givens
Attorney for Plaintiffs

4

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366

Stacey Lea Sims, MSB No. 10544
Morris, Sakalarios, & Blackwell
P.O. Drawer 1858
Hattiesburg, Mississippi 39403-1858
Telephone: (601) 544-3343
Facsimile:   (601) 544-9814

## CERTIFICATE OF SERVICE

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date

electronically filed the foregoing with the Clerk of Court using the ECF system which sent

notification of such filing of this **Motion to Remand** to all counsel of record.

This, the 1st day of March, 2006.

/S/ John T. Givens
JOHN T. GIVENS

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 1 2006

FILED
CLERK'S OFFICE

**PORTER & MALOUF P. A.**

ATTORNEYS AT LAW

POST OFFICE BOX 127
JACKSON, MISSISSIPPI :

TELEPHONE (601) 957-1173
FACSIMILE (601) 957-7366

Request for Extension of Time to File Motion/Brief to Vacate
CTO – Filed by pltfs. in Turner, MSS 1:05-663; Chisolm,
MSS 1:05-665; Hartfield, MSS 1:05-670; McDonald, etc.,
MSS 1:06-62; -- GRANTED
(cdm - 4/11/06)

TIMOTHY W. PORTER*
PATRICK C. MALOUF
*ALSO ADMITTED IN LOUISIANA

KIMBERLY A. COURTNEY
JOHN T. GIVENS

April 10, 2006

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Re: Motion and Brief to Vacate Conditional Transfer Order

Dear Mr. Beck:

We respectfully ask that you please accept our filing of the Motion and Brief to Vacate
Conditional Transfer Order as a late filing. The Motion and Brief were due on April 10, 2006.
Plaintiffs' counsel was unable to properly and finally prepare the Motion and Brief to Vacate
Conditional Transfer Order by the due date of April 10, 2006.

We apologize for any inconvenience that accepting this filing as late may impose upon the
Judicial Panel for Multidistrict Litigation. If you have any questions or if I can be of further
assistance please do not hesitate to call. Thank you for you assistance in this matter.

Sincerely,

John T. Givens
Attorney for Plaintiffs

Enclosures

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
2006 APR 11  A 11: 10
RECEIVED
CLERK'S OFFICE