

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2 2006

FILED
CLERK'S OFFICE

### DOCKET NO. 875

### *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

### *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*Charles J. Wille v. A-C Product Liability Trust, et al.*, E.D. Pennsylvania (N.D. Ohio, C.A. No. 1:98-12997)

*Charles P. Rich v. A-C Product Liability Trust, et al.*, E.D. Pennsylvania (N.D. Ohio, C.A. No. 1:98-14094)

*James E. Jackson v. A-C Product Liability Trust, et al.*, ED. Pennsylvania (N.D. Ohio, C.A. No. 1:99-10802)

### BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### SEPARATION OF CLAIMS AND REMAND ORDER

Before the Panel is a motion, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), brought by 24 "non-shipowner" defendants[1] named in one or more of three actions (*Wille*, *Rich* and *Jackson*) that have previously been transferred by the Panel to the Eastern District of Pennsylvania for inclusion in the MDL-875 proceedings occurring there. Movants ask the Panel to vacate its order, entered at the suggestion of the transferee court, conditionally remanding to the Northern District of Ohio all claims in the actions except those for punitive or exemplary damages that have previously been severed in the actions by the transferee court. Plaintiffs in the actions support remand as contemplated in the Panel's order.

On the basis of the papers filed and hearing session held, the Panel finds that remand of the non-punitive/exemplary damage claims in *Wille*, *Rich* and *Jackson* is appropriate at this time.

The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial

---

[*]Judges Hodges and Motz took no part in the disposition of this matter.

[1]These defendants are A-C Product Liability Trust, Argo International Corp., The Anchor Packing Co., Auburn Manufacturing Co., Aurora Pump Division of General Signal Corp., A.B. Boyd Co., A.W. Chesterton, Belmont Packing, Goodrich Corp., Bryan Steam Corp., CertainTeed Corp., Coffin Turbo Pump, Inc., Coltec Industries, Inc., Crane Co., Crosby Valve, Inc., Elliot Turbomachinery Corp., Inc., Foster Wheeler LLC, Garlock Sealing Technologies LLC, General Electric Co., Greene Tweed & Co., Pecora Corp., Preferred Utilities Mfg. Corp., Roper Pump, and Union Carbide Corp.

IMAGED APR 1 2 2006      OFFICIAL FILE COPY

proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

In the three actions now before us, the transferee court has entered an order reflecting its determination that the actions' non-punitive/exemplary damage claims should be remanded to the Northern District of Ohio transferor court. In that order, the transferee court stated that i) it had reviewed the actions and had held settlement conferences with the parties; and ii) it had concluded that remand had become appropriate with respect to each of the actions since few defendants remained for trial. The number of Section 1407 remands in this docket is proportionately small, because under the transferee court's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as of March 30, 2006, over 74,450 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to overrule the transferee court's conclusion with respect to the appropriateness of remand. We therefore will adopt the transferee court's recommendation and order remand of the suggested claims in *Wille, Rich* and *Jackson*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims by plaintiffs in these actions except the severed claims for punitive or exemplary damages are separated and remanded to the Northern District of Ohio.

FOR THE PANEL:

John F. Keenan
Acting Chairman