MDL 875

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 17 2006

FILED CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**(In Re: Condition Transfer Order (CTO-459))**

**CASE ORIGINATES FROM UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL CATANIA, ET AL.** — **CIVIL ACTION**

**Plaintiffs**

**VERSUS**

**ANCO INSULATIONS, INC., ET AL.** — **NO.05-1418-JJB-DLD**

**Defendants**

PLEADING NO. 4793

**MEMORANDUM IN OPPOSITION TO**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

**MAY IT PLEASE THE COURT:**

This Memorandum in Opposition to Motion to Vacate Conditional Transfer Order is filed by defendant Entergy Gulf States, Inc., ("EGSI"). For the reasons set forth below, EGSI respectfully requests that the Motion to Vacate Conditional Transfer Order should be denied.

This proceeding falls within the definition for a "tag-along" action set forth by Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Here, plaintiffs Michael Catania, et al., have filed suit against various defendants, including defendant Entergy Gulf States, Inc., ("EGSI"), to recover wrongful death damages allegedly

2006 APR 14 P 4: 31

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

RECEIVED CLERK'S OFFICE

OFFICIAL FILE COPY

IMAGED APR 19 2006

resulting from the death of plaintiffs' wife and/or mother, Barbara Catania, lead plaintiff in the companion survival action, *Barbara Catania, et al. v. ACand S, Inc., et al.,* (M.D. La. No. 02-368).

On March 20, 2006, plaintiffs Michael Catania, et al., filed their Notice of Opposition to Conditional Transfer Order contesting the Conditional Transfer Order of March 9, 2006. Thereafter, on March 28, 2006, plaintiffs filed their Motion to Vacate Conditional Transfer Order. In both pleadings, plaintiffs advance a handful of substantially misleading statements in support of their motion to vacate. Specifically, plaintiffs affirmatively represent or infer that this matter should be returned to the United States District Court for the Middle District of Louisiana because: (1) discovery in the tag-along case "was completed" as part of the companion action; (2) no additional discovery need be conducted in the tag-along proceeding; (3) the only additional material event since the settlement of the companion action "was the death of Barbara Catania;" and, (4) "the [tag-along] case is ready for trial."

In truth, neither EGSI nor other parties named in the tag-along wrongful death action were made defendant in the companion survival action. As a result, EGSI did not participate in whatever discovery might have taken place in the companion case. Indeed, EGSI was not notified that discovery was ongoing in the companion case, nor were the interests of EGSI represented. Thus, EGSI is not and cannot be bound by whatever occurred there.[1] Moreover,

[1] For example, Rule 32(a) of the Federal Rules of Civil Procedure, which governs the "Use of Depositions in Court Proceedings," provides that depositions "may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof . . . ." Rule 32(a) requires that the prior action in which the deposition was taken must have involved (1) the same parties or their representatives or successors in interest; (2) the same subject matter; and (3) the depositions were duly filed in the prior action. Rule 32(a) is complemented by F.R.E. 804(b)(1) which requires that testimony from prior litigation may not be offered against a party unless "the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." As to EGSI, whatever discovery was taken in the companion action plainly does not satisfy the enumerated criteria and thus is inadmissible in the tag-along action. *See, e.g., Hub v. Sun Valley Co.,* 682 F.2d 776 (9th Cir. 1982); *In re Paramount Payphones, Inc.,* 256 B.R. 341 (Bankr. M.D. Fla. 2000); *Gavco,*

EGSI contemplates exercising its absolute, unfettered right to undertake the comprehensive discovery it believes necessary to prepare this case for trial. Consequently, as to EGSI - - and any other party to the tag-along claim not named in the companion action - - discovery has yet to begin and is far from complete, and plaintiffs' representation that "the case is "ready for trial" is plainly inaccurate.

Plaintiffs further claim that "the defendants should be estopped from contesting this remand under principles of collateral estoppel." The doctrine of collateral estoppel, or issue preclusion, instructs that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated *between the same parties* in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)(emphasis added); *see also, Restatement (Second) of Judgments*, § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the same parties, whether on the same or a different claim.").

Collateral estoppel depends on three (3) elements: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 & n. 5, 99 S.Ct. 645, 649 & n.5, 58 L.Ed.2d 552 (1979); *Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment, Inc.*, 434 F.3d 320, 323 (5th Cir. 2005). Here, plaintiffs can satisfy none of the elements for application of collateral estoppel. The Suggestion of Remand, as construed by The Conditional Remand Order cited as

---

*Inc. v. Chem-Trend Inc.*, 81 F.Supp.2d 633 (W.D.N.C. 1999); *Acme Printing Ink Co. v. Menard, Inc.*, 812 F.Supp. 1498 (E.D.Wis. 1992); *Hewitt v. Hutter*,432 F.Supp. 795 (W.D.Va. 1977).

preclusive by plaintiffs merely states that in the companion action the Court "has 1) severed all claims for punitive or exemplary damages in the above-captioned action assigned to the court; and 2) advised the Panel that coordinated or consolidated pretrial proceedings with respect to the remaining claims in the above-captioned action have been completed ...." There is no indication that any of the issues plaintiffs raise in their Motion to Vacate Conditional Transfer were addressed or resolved by this Court. Moreover, EGSI and others made defendant in the tag-along action were not joined as defendants in the companion case and thus did not fully litigate whatever issues were actually raised there. Under such circumstances, there is no basis for invoking the principles of collateral estoppel and plaintiffs' claim to the contrary is little more than misdirected sophistry. Accordingly, defendant EGSI submits that this Honorable Court should deny plaintiffs' motion to vacate conditional transfer order.

For the foregoing reasons, Entergy Gulf States, Inc., respectfully requests that this Honorable Court deny plaintiffs' Motion to Vacate Conditional Transfer Order and enter the appropriate order forthwith.

Respectfully submitted,

**TAGGART, MORTON, OGDEN, STAUB, ROUGELOT & O'BRIEN, LLC**

Mark E. Van Horn (Bar No. 14476)
John J. Zvonek (Bar No. 24717)
2100 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
**ATTORNEYS FOR DEFENDANT ENTERGY GULF STATES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties by electronic mail, facsimile and/or by placing same in the United States mail, properly addressed and postage prepaid, on this 10th day of April 2006.

TAGGART, MORTON, OGDEN, STAUB, ROUGELOT & O'BRIEN, L.L.C.
ATTORNEYS AND COUNSELLORS AT LAW

MARK E. VAN HORN
DIRECT DIAL (504) 599-8516
E-MAIL mvanhorn@taggartmorton.com

2100 ENERGY CENTRE
1100 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70163-2100
www.taggartmorton.com

TELEPHONE (504) 599-8500
FACSIMILE (504) 599-8501

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
APR 17 2006
FILED
CLERK'S OFFICE

April 17, 2006

**VIA FACSIMILE NO. (202) 502-2888**

Michael J. Beck
Judicial Panel on Multidistrict Litigation
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002

**Attention: Kathy Maida**

Re: *Michael Catania, et al. v. Anco Insulations, Inc., et al.*,
USDC, MD La., No. 05-1418-JJB-DLD

Dear Mr. Beck:

Pursuant to my telephone conversation this date with Ms. Kathy Maida, this will confirm that Entergy Gulf States, Inc., is incorrectly identified in the plaintiffs' Petition as "Gulf States Utilities."

If you have any questions concerning the foregoing, please contact me at your convenience.

RECEIVED
CLERK'S OFFICE
2006 APR 17 P 4:23
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Very truly yours,

Mark E. Van Horn

/amm

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 17 2006

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**(In Re: Condition Transfer Order (CTO-459))**

**CASE ORIGINATES FROM
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL CATANIA, ET AL.** | **CIVIL ACTION** |
| **Plaintiffs** | |
| **VERSUS** | |
| **ANCO INSULATIONS, INC., ET AL.** | **NO.05-1418-JJB-DLD** |
| **Defendants** | |

**CERTIFICATE OF SERVICE BY ENTERGY GULF STATES, INC. FOR MEMORANDUM IN OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND CORPORATE DISCLOSURE STATEMENT**

Counsel for defendant Entergy Gulf States, Inc. certifies that the following counsel were served with Entergy Gulf States, Inc.'s *Memorandum in Opposition to Motion to Vacate Conditional Transfer Order,* together with its *Rule 5.3 Corporate Disclosure Statement*, and this certificate via electronic mail, hand delivery, or by placing a copy of same in the United States mails, postage prepaid, on this 10th day of April, 2006.

2006 APR 14 P 4: 32
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

Darryl J. Foster
David E. Redmann, Jr.
Robert S. Emmett
Kimberly C. Delk
Lemle & Kelleher, L.L.P.
601 Poydras St., Suite 2100
New Orleans, LA 70130-6097
Counsel for Pharmacia Corp.

Richard C. Binzley
Thompson Hine, L.L.P.
127 Public Square
3900 Key Center
Cleveland, OH 44114
Lead Counsel for Defendants (in the Seamen Cases)

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Flr.
1501 Euclid Ave.
Cleveland, OH 44115
Counsel for Goodall Defendants

Adam N. Chud
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
JPML Service Counsel for
Center for Claims Resolution

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212
Counsel for FELA Defendants

Mr. Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574
Counsel for FELA Plaintiffs

Ms. Ellen B. Furman
Goldfein & Hosmer
1600 Market St.
33rd Flr.
Philadelphia, PA 19103
National Counsel

Ms. Susan M. Hansen
Brownson & Baltou
4800 U.S. Bank Place
601 Second Ave., South
Minneapolis, MN 55402
National Counsel

Mr. David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd St.
Richmond, VA 23219
Counsel for Peripheral Defendants

Mr. Gene Locks
Greitzer & Locks
1500 Wlanut St.
Philadelphia, PA 19102
Plaintiffs' Liaison Counsel

Mr. Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29264
Plaintiffs' Liaison Counsel

Mr. John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant St.
Pittsburgh, PA 15219
Counsel for Peripheral Defendants

Mr. John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018
Counsel for FELA Plaintiffs

Mr. Richard D. Schuster
Vory's Sater, Seymour & Pease, LLP
52 East Gay St.
P.O. Box 1008
Columbus, OH 43216
National Coordinating Counsel for
B.F. Goodrich Co.

Mr. Neil Selman
Selman, Brietman & Burgess
11766 Wilshire Blvd.
Sixth Flr.
Los Angeles, CA 90025
National Counsel

Mr. Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, LLP
Centre Square West, 15th Flr.
Philadelphia, PA 19102
Defendants Liaison Counsel

Mr. Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
The Maritime Asbestosis Legal Clinic
1570 Penobscot Building
Detroit, MI 48226
National Counsel

Mr. Andrew J. Trevclise
Reed Smith, LLP
2500 One liberty Place
1650 Market St.
Philadelphia, PA 19103
Defendants' Liaison Counsel

Mr. James K. Weston II
Tom Riley Law Firm
4040 First Ave., N.E.
P.O. Box 998
Cedar Rapids, IA 52406
National Counsel for Raymark Industries, Inc.

Ms. Gerolyn P. Roussel
Mr. Perry J. Roussel, Jr.
Roussel & Roussel
1710 Cannes Dr.
LaPlace, LA 70068
Counsel for Plaintiff

Ms. Margaret M. Joffe
Mr. Theodore L. White
Deutsch, Kerrigan & Stiles, LLP
755 Magazine St.
New Orleans, LA 70130
Counsel for Anco Insulations, Inc.
Riley Power, Inc.

Mr. Ernest G. Foundas
Abbott, Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130
Counsel for Bayer Cropscience, Inc.

Mr. Leon Gary, Jr.
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, LLP
8555 United Plaza Blvd, 5th Flr.
Baton Rouge, LA 70809
Counsel for CBS Corp./General Electric Corp.

Mr. Scott C. Seiler
Liskow & Lewis
701 Poydras St., Suite 5000
New Orleans, LA 70130
Counsel for Chemtura Corp.

Mr. David M. Bienvenu, Jr.
Taylor, Porter, Brooks & Phillips, LLP
P.O. Box 2471
Baton Rouge, LA 70821
Counsel for Dow Chemical Co.

Mr. Gregory M. Anding
Kean, Miller, Hawthorne, D'Armond,
McCowan and Jarman, LLP
P.O. Box 3513
Baton Rouge, LA 70821
Counsel for DSM Copolymer, Inc.
Exxon Mobile Corp.

Mr. Lawrence G. Pugh, III
Montgomery, Barnett, Brown, Read,
Hammond & Mintz, LLP
1100 Poydras St., Suite 3200
New Orleans, LA 70163-3200
Counsel for Eagle, Inc.
Royal Indemnity Co.

Ms. Lynn Luker
Lynn Luker & Associates
3433 Magazine St.
New Orleans, LA 70115
Counsel for Foster Wheeler

Mr. Troy N. Bell
Aultman, Tyner & Ruffin Ltd.
400 Poydras St., Suite 2250
New Orleans, LA 70130
Counsel for Garlock Sealing Tech.

Ms. Susan Kohn
Simon, Peragine, Smith & Redfeearn, LLP
1100 Poydras St., Suite 3000
New Orleans, LA 70163-3000
Counsel for McCarty Corp.

Mr. R. Dean Church, Jr.
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
1515 Poydras St., Suite 1300
New Orleans, LA 70112
Counsel for Owens-Illinois, Inc.

Mr. Stephen Elliott
Bernard, Cassisa, Elliott & Davis
P.O. Box 55490
Metairie, LA 70055-5490
Counsel for Reilly-Benton Co., Inc.

Mr. C. Kelly Lightfoot
Hailey, McNamara, Hall, Larmann
& Papale
P.O. Box 8288
Metairie, LA 70001-8288
Counsel for Taylor Seidenbach, Inc.

Mr. Ralph S. Hubbard III
Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard
601 Poydras St., Suite 2700
New Orleans, LA 70130-6027
Counsel for Travelers Indemnity Co.
Travelers Ins. Co.

Respectfully submitted,

**TAGGART, MORTON, OGDEN, STAUB, ROUGELOT & O'BRIEN, LLC**

Mark E. Van Horn (Bar No. 14476)
John J. Zvonek (Bar No. 24717)
2100 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
**ATTORNEYS FOR DEFENDANT ENTERGY GULF STATES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Panel Rule 5.2, the foregoing was served on all parties or their attorneys of record by delivering a copy by electronic mail, by hand delivery, or by U.S. Mail, first class postage prepaid and properly addressed, this 10th day of April, 2006.

RECEIVED
2006 APR 14 P 4: 32
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION