

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 17 2006

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (NO. VI)**

**MDL No. 875 – IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION**

**(IN RE: CONDITIONAL TRANSFER ORDER CTO-459)**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DANIEL W. MELFORD, SR. | * | CIVIL ACTION NO. 05-1405 |
| | * | |
| VS. | * | SECTION: JVP |
| | * | |
| PETER TERRITO, *et al.* | * | JUDGE: JOHN V. PARKER |
| | * | |
| * * * * * * * * * * * | * | |

**UNION CARBIDE'S BRIEF IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

NOW INTO COURT, comes Defendant Union Carbide Corporation ("Union Carbide), who respectfully requests that Plaintiff's Motion to Vacate the Conditional Transfer Order be denied and would further show the Court as follows:

**I.**

This proceeding falls with the definition of a "tag-along" action pursuant to Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. As such, transfer to Multidistrict Litigation No. 875 is appropriate pursuant to 28 U.S.C. § 1407(c)(ii).

## II.

In the present action, Plaintiff has filed suit against various Defendants to recover damages resulting from his alleged exposure to asbestos. As Plaintiff summarized in his motion, Plaintiff, rather unremarkably, has sued asbestos "manufacturers" and suppliers, as well as Plaintiff's former employers and the owners of facilities at which Plaintiff is alleged to have worked.[1]

## III.

In his brief, Plaintiff asks the Court to vacate the Conditional Transfer Order because substantial discovery is complete, because this case is unique, and because Plaintiff is terminally ill.[2] However, this case is no more unique than the tens-of-thousands of other asbestos cases already clogging the court system, and discovery by no means is substantially complete in this matter. It has hardly begun.

## IV.

A Scheduling Order in the Middle District Court of Louisiana was entered in this case only last month, and per the Scheduling Order, the only discovery which has transpired, to date, is the serving of Initial Disclosures, Plaintiff's witness list, and Plaintiff's expert, medical report.[3] Additionally, Plaintiff has been deposed, but there have been no depositions of any co-workers, or any family members, or any experts in this matter. Defendants have not had

---

[1] . Plaintiff's Motion to Vacate the Conditional Transfer Order, pg. 2, ¶ 2.
[2] . Plaintiff's Motion to Vacate the Conditional Transfer Order, pgs. 4-5.
[3] . Exhibit "A".

sufficient time to confirm or dispute Plaintiff's medical diagnosis, or obtain medical or employment records. Furthermore, the deadline to serve Defendants' expert reports has not yet approached.

### V.

In essence, all that has transpired so far is that Plaintiff's counsel has served standard discovery responses, most of which are not Plaintiff specific. This has not advanced discovery to the point where it is substantially complete, because the underlying facts of Plaintiff's particular claims must still be specifically explored, but it does belie the "unique" nature of Plaintiff's case.

As Plaintiff's counsel succinctly pointed out to Magistrate Judge Darby in the setting of a scheduling order, many of the requirements of a typical scheduling order, such as the full exchange of all expert reports, could be dispensed with in this matter, because of the standardized nature of these types of cases. Thus, while this case may involve a rare cancer, it is by no means unique among asbestos litigation.

### VI.

Finally, Plaintiff raises the diagnosis of mesothelioma as a reason to vacate the conditional transfer. However, "the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, [and] the presence of unique claims or additional claims not relating to asbestos personal injury or death …were considered and rejected by the Panel as grounds for carving out exceptions to transfer in

this extraordinary docket". *In re Asbestos Product Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349 (Jud.Pan.Mult.Lit. 2001).

Accordingly, Union Carbide submits that the Panel should transfer this suit for consolidation with Multidistrict Litigation No. 875 (asbestos) in the Eastern District of Pennsylvania.

Respectfully Submitted,

**ABBOTT, SIMSES & KUCHLER, PLC**

_____
Lawrence E. Abbott, T.A. (La. Bar No. 2276)
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Sarah E. Iiams, T.A. (La. Bar No. 22418)
McGready L. Richeson, T.A. La. Bar No. 29398)
Ernest G. Foundas (La. Bar No. 24419)
Michael H. Abraham (La. Bar No. 2915)
Claudia P. Santoyo (La. Bar No. 27287)
Jennifer D. Edie (La. Bar No. 28564)
Robert E. Guidry (La. Bar No. 28064)
Charlotte P. Livingston (La. Bar No. 26894)
Kendra L. Duay (La. Bar No. 25652)
400 Lafayette Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933
**Attorneys for Defendant,
Union Carbide Corporation**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 17 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Brief was sent via U.S. Mail, First Class Postage Prepaid, on this 13th day of April, 2006, properly addressed to the attached Panel Service List and via electronically to all counsel of record.

*McGready L. Richeson*

McGready L. Richeson, Esquire

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2006 APR 17 A 10:01

RECEIVED
CLERK'S OFFICE

{W:\docs\clmatter\588\58618\pleading\00151226.DOC}

5

**PANEL SERVICE LIST (Excerpted from CTO-259)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Daniel W. Melford, Sr. v. Peter Territo, et al, M.D. Louisiana, C.A. No. 3:05-1405*

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Jeffrey M. Burg
Martzell & Bickford
338 Lafayette Street
New Orleans, LA  70130

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC  20001

James H. Daigle
Lemle & Kelleher, LLP
301 Main Street
Suite 1100
Baton Rouge, LA  70825

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA  15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA  19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA  19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN  55402

Heather Ashman Johnson
Kean Miller, et al
301 Main Street, 18th Floor
P.O. Box 3513
Baton Rouge, LA  70821

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH  44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29465

Richard M. Perles
Lee, Futrell & Perles, LLP
201 St. Charles Avenue, Suite 2409
New Orleans, LA  70170

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

Samuel M. Rosamond, III
Crawford Lewis, PLLC
400 Poydras Street, Suite 2100
New Orleans, LA  70130

John D. Roven
Roven, Kaplan & Wells, LLP
2190 North Loop West, Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, PC
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI  48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA  70130