MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 20 2006

FILED
CLERK'S OFFICE

DOCKET NO. 875

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (N0.VI)**

*Ann Hauck v. Borg Warner Corp., et al.,* E.D. Pennsylvania (M.D. Florida, C.A. No. 6:04-1835)

### MOTION TO VACATE CONDITIONAL REMAND ORDER AND BRIEF IN SUPPORT THEREOF

Defendants, FORD MOTOR COMPANY (Ford) AND GENERAL MOTORS CORPORATION (GM), through their undersigned attorneys, hereby file this their Motion to Vacate the Conditional Remand Order and Brief in Support Thereof in accordance with Rule 7.6(f)(iii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407 and allege as follows:

1. On June 16, 2005, a Transfer Order was entered granting the assignment of this action to the Eastern District of Pennsylvania for the inclusion in the coordinated or consolidated pretrial proceedings occurring in the Multidistrict Litigation (MDL) docket. *See attached Exhibit "A"*.

2. Before the Transfer Order was entered, limited discovery had occurred in furtherance of this action.

3. Only three depositions were taken including the following: the deposition of the plaintiff, Ann Hauck in August of 2004 and the depositions of two fact witnesses, Leona and Stephen Strelicki in October and November of 2004 respectively.

4. In addition, Plaintiff provided answers to Master Interrogatories along with medical records on August 10th, 2004 and responses to Master Requests for Production

IMAGED APR 2 1 2006       **OFFICIAL FILE COPY**

SALAS, EDE, PETERSON & LAGE, L.L.C.
6333 SUNSET DRIVE, SOUTH MIAMI, FLORIDA 33143 • TELEPHONE: (305) 663-0000 • FACSIMILE: (305) 663-0989

on August 6th, 2004. However, no documents were produced in relation to Plaintiff's responses.

5. Subsequently, Plaintiff provided their expert, Dr. Hammar's, report and, thereafter, supplemental expert report.

6. Since the fall of 2004 and subsequent to the Transfer order, no discovery has taken place.

7. Therefore, consolidated pretrial proceedings in the above captioned action are not complete and, as a consequence, remand is not appropriate.

## MEMORANDUM OF LAW

In order to avoid duplication of discovery and unnecessary inconvenience to the parties and witnesses, inclusion in the coordinated or consolidated pretrial proceedings will serve the convenience of the party and witnesses and promote the the just and efficient conduct of the litigation. *In re National Student Marketing Litigation*, 358 F. Supp. 1303, U.S. District 1973. In the present action's Transfer Order, the Panel cited to its own decision in *In re Asbestos Products Liability Litigation*, 771 F. Supp. 415, U.S. District 1991 that the transfer of actions is appropriate for centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. See attached Exhibit "A". Presently, this case is not ready for trial. In addition, discovery is at an early stage. Therefore, to avoid needless duplication of discovery and possibly inconsistent pretrial rulings, this action should remain in the Eastern District of Pennsylvania. See generally *In re Penn Cent. Sec. Litigation, 349 F. Supp. 1029*, U.S. District 1972. In striking similarity with the present action, the Panel cited that nothing had occurred since the

transfer order. *In re Penn Cent. Sec. Litigation, 349 F. Supp. at 1030.* In taking into consideration the Panel's original distinctions cited to in the Panel's Transfer Order and the current status of this action, there are no grounds for the remand of this action to the original transferor court, the Middle District of Florida.

WHEREFORE, Ford and GM respectfully request based on the foregoing that the Panel Vacate its Conditional Remand Order.

Respectfully submitted,

By: _____
HENRY SALAS, ESQUIRE
Fla. Bar No. 815268
ROBERT M. PEREZ, ESQUIRE
Fla. Bar No. 477494
Salas, Ede, Peterson & Lage, LLC.
6333 Sunset Drive
South Miami, Florida 33143
305-663-0000 – Telephone
305-663-0989 – Facsimile
*Counsel for Ford Motor Company
And General Motors Corporation*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 0 2006

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

WE HEREBY CERTIFY that on April 18th, 2006, we filed via U.S. Mail the foregoing with the Clerk of the Panel, Michael J. Beck, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Building, Room G-255, North Lobby, Washington D.C. 20002.

HENRY SALAS, ESQUIRE
Fla. Bar No. 815268
ROBERT M. PEREZ, ESQUIRE
Fla. Bar No. 477494

WE FURTHER CERTIFY that we provided the foregoing document via facsimile and/or electronic mail and/or first class U.S. Mail to the Panel Service List of Docket 875, *In Re Asbestos Products Liability Litigation* (No. VI).

2006 APR 19 A 11:07
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

04/19/06 15:39 FAX 3056630989     SALAS,EDE,PETERSON &LAGE                          ☒008/009
Case MDL No. 875   Document 4803   Filed 04/20/06   Page 5 of 8

Page 1 of 2

PANEL SERVICE LIST (CRO)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ann Hauck v. Borg Warner Corp., et al.*, E.D. Pennsylvania (M.D. Florida, C.A. No. 6:04-1835)

Jeffrey M. Bell
Bell & Melamed
Spectrum Park I
4901 N.W. 17th Way
Suite 302
Ft. Lauderdale, FL 33309

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
11883 Maidstone Drive
Suite 205
Wellington, FL 33414-7008

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Jana Marie Fried
Foley & Mansfield, PLLP
4770 Biscayne Boulevard
Suite 1000
Miami, FL 33137

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Ben E. Girtman
1020 East Lafayette Street
Suite 207
Tallahassee, FL 32301-4552

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
P.O. Box 1526
Orlando, FL 32801

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

David M. Lipman
David P. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 33143

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Henry Salas
Salas, Ede, Peterson & Lage, LLC
6333 Sunset Drive
South Miami, FL 33143

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rebecca S. Shull
David M. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 32143

Gail Cotton Silver
Davis, Silver & Levy
500 Australian Avenue South
Suite 800
West Palm Beach, FL 33401-5016

PANEL SERVICE LIST (CRO) - MDL-875                                              Page 2 of 2

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael T. Tomlin
Anania, Bandklayder, Blackwell,
Baumgarten, et al.
NationsBank Tower, Suite 4300
100 Southeast 2nd Street
Miami, FL 33131-2144

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 16 2005

FILED
CLERK'S OFFICE

DOCKET NO. 875

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

Ann Hauck v. Borg Warner Corp., et al., M.D. Florida, C.A. No. 6:04-1835
Harriet I. Ruiz, etc. v. Zia Co., et al., D. New Mexico, C.A. No. 6:05-25

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL[*] AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Middle District of Florida action and one District of New Mexico action. Movants ask the Panel to vacate its order conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness

---

[*] Judge Vratil took no part in the disposition of this matter. Also, Judge Keenan took no part in the disposition of this matter with respect to the Middle District of Florida action.

[1] Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of potentially dispositive motions for dismissal or for remand to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency

(continued...)

EXHIBIT "A"

- 2 -

of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under Judge Weiner's stewardship, as of May 27, 2005, i) over 74,200 actions have been closed in the transferee district, and ii) over 1,300 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

(...continued)
of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.