

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 7 2006

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS )
LIABILITY LITIGATION (NO. VI) )     **MDL DOCKET NO. 875**

**This pleading pertains to the following actions:**
*James Turner v. Ameron International Corp., et al.*
Civil Action No.:1:05CV663WJG
United States District Court for the Southern District of Mississippi, Southern Division

*Thomas A. Chisolm v. Ingersoll-Rand Co., et al.*
Civil Action No.: 1:05CV665WJG
United States District Court for the Southern District of Mississippi, Southern Division

*Leon V. Hartfield v. Allied Signal, Inc., et al.*
Civil Action No.: 1:05CV670WJG
United States District Court for the Southern District of Mississippi, Southern Division

---

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION AND BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-259)

---



Come now Certain Defendants,[1] by and through their counsel of record, and submit this Response in Opposition to Plaintiffs' Motion and Brief to Vacate The Conditional Transfer Order pertaining to the above-referenced cases currently pending in the Southern District of Mississippi, and states as follow:

1.     On July 29, 1991, the Judicial Panel on Multidistrict Litigation transferred a total of 26,639 asbestos cases to the United States District Court for the Eastern District of Pennsylvania for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, and the Asbestos Products Liability Litigation, MDL Docket No. 875, (hereinafter "MDL 875") was created. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp 415, 424-25 (J.P.M.L. 1991). Since that date, more than 80,000 additional asbestos actions have been transferred for pretrial proceedings in MDL 875 (See CTO-259, attached hereto as Exhibit "A"). It is undisputed that these asbestos personal injury actions fall within the general scope of actions to be transferred for such proceedings under the multi-district banner of MDL 875.

---

[1] Certain Defendants, represented by Forman, Perry, Watkins, Krutz and Tardy, LLP, in the referenced actions include: *James Turner* - General Electric Company and Stuart C. Irby Co.; *Thomas A. Chisolm* - Honeywell International, Inc. and Ingersoll-Rand Company; *Leon V. Hartfield* - Standard Motor Products,

OFFICIAL FILE COPY

IMAGED APR 2 7 2006

2.	The only argument that plaintiffs assert to oppose the transfer of the above-referenced cases to MDL 875 is that motions to remand are pending in these cases, which they contend are improperly removed. The Panel has rejected identical arguments against transfer over and over again. In previous transfers to MDL 875, the Panel has made clear on numerous occasions that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." See e.g., MDL-875 Transfer Order, *Deronda Greer et al. v. Baird & Co. et al.*, N.D. Mississippi, C.A. No. 4:03-116 (J.P.M.L. Oct. 27, 2003), at 1, (Attached hereto as Exhibit "B"). In *Greer*, the Panel explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer to MDL 875 stating: "Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest." *Id.* at n.1. In MDL Transfer Order, *Flinn James, et al. v. International Paper Co., et al.* S.D. Mississippi, C.A. No. 1:01-556 (J.P.M.L. Aug. 9, 2002), at 1, f.n.1, (Attached hereto as Exhibit "C"), the Panel rejected plaintiffs' argument in a Southern District of Mississippi case that "transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court", and acknowledge that "[t]here is no need to delay transfer in order to accommodate such an interest." The Panel has repeatedly held the pendency of a motion to remand cannot defeat transfer because "jurisdictional and remand motions can be presented to and decided by the transferee judge." *In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *1-2 (J.P.M.L. Oct. 24, 2000).[2]

3.	Similarly, this Panel has also considered and rejected the same argument on numerous occasions dealing with other multidistrict litigation dockets:

> Plaintiffs premise a substantial part of their opposition to transfer on the pendency in their actions of motions to remand to state court. They urge the Panel not to order transfer before their motions are resolved by the transferor court. We note, however, that remand motions can be presented

---

[2] This principle applies here, and the defendant in these actions has asserted, and will continue to assert in MDL 875, that the removals of these actions were entirely proper and valid under the circumstances.

to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.M.P.L. 1973).

MDL 1091 Transfer Order, *Chambliss v. Metropolitan Life Ins. & Annuity Co., et al.*, M.D. Alabama, C.A. No. 3:00-24 (J.P.M.L. May 30, 2000), at 2; *see also* MDL 1091 Transfer Order, *Robert M. Harrington, et al. v. Metropolitan Life Ins. Co., et al.*, M.D. Alabama, C.A. No. 2:99-1218 (J.P.M.L. Feb. 7, 2000), at 2. This Panel has repeatedly transferred actions to an MDL proceeding without regard to challenges to jurisdiction, indicating that the transferee court can decide such matters. *See In re Crown Life Ins. Co. et al.*, 2001 WL 1636230 (J.P.M.L. Dec. 14, 2001) (finding that anticipated motion to remand can be presented to transferee judge); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973) ("transferee judge has the power to determine the question of remand"); *In re Multidistrict Antitrust Actions Involving Antibiotic Drugs*, 299 F. Supp. 1403, 1405 and n.4 (J.P.M.L. 1969) ("'[t]he fact that [an action] is in district court by removal from a state court has no bearing on a motion [for MDL treatment]'") (citation omitted).

4. The purpose of the MDL is to establish a single district for coordinated pre-trial proceedings and to provide consistent pre-trial rulings in cases involving common issues of fact. *See Good v. Prudential Ins. Co.* 5 F. Supp.2d 804, 809 (N.D. Cal. 1998); *In Re Air Crash Disaster off Long Island, N.Y.*, 965 F.Supp.5, 7 (S.D.N.Y. 1997); *In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2nd Cir. 1978). Cases such as this, where a motion to remand is pending are particularly appropriate for transfer given that "[t]he transferee judge's familiarity with this docket further the expeditious resolution of the litigation taken as a whole." *In Re Crown Life Ins. Premium Litig.*, 178 F. Supp.2d 1365, 1366 (J.P.M.L. 2001). Thus, the fact that plaintiffs have moved for remand cannot be grounds to deny transfer of this case to MDL 875, and the Panel should enter a final order transferring this case to the MDL court.

5. The above-referenced asbestos personal injury cases should be transferred for consolidation in the Asbestos Products MDL proceeding because that there are common questions of fact upon which general discovery must be conducted, pretrial proceedings are in their infant stages, consolidation would

be for the convenience of the parties and witnesses, and consolidation would promote the just and efficient conduct of the actions. Moreover, the pending motions to remand—the sole basis presented by plaintiffs to oppose transfer—are no impediment to transfer and, in fact, provide an additional reason to transfer these cases to MDL 875. The Panel has made clear on numerous occasions that this is not a valid basis to oppose transfer of cases that otherwise fall within the scope of MDL 875. Accordingly, plaintiffs' motion to vacate should be denied and these actions should be transferred to the Eastern District of Pennsylvania for coordination and consolidation in MDL 875.

WHEREFORE, Premises Considered, Certain Defendants respectfully request that the Judicial Panel on Multidistrict Litigation deny Plaintiffs' Motion and Brief to Vacate the Conditional Transfer Order and forthwith transfer these cases to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

LAURA D. GOODSON (MSB# 101250)
Counsel for Defendants General Electric Company, Honeywell International, Inc., Ingersoll-Rand Company, Standard Motor Products, and Stuart C. Irby Co.

OF COUNSEL:

**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**
200 South Lamar Street
City Centre, Suite 100S
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-3134

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 27 2006

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing along with exhibits has been served upon the attached Panel Service List (excerpted from CTO-259) by placing copies in the United States Mail with first-class postage prepaid and filed with the United States District Court for the Southern District of Mississippi, Southern Division using the CM/ECF system on this the 26th day of April, 2006.

Respectfully submitted,

/s/ Laura D. Goodson

LAURA D. GOODSON (MSB# 101250)
Counsel for Defendants General Electric Company, Honeywell International, Inc., Ingersoll-Rand Company, Standard Motor Products, and Stuart C. Irby Co.

**SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-259)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

<u>Southern District of Mississippi</u>

*James Turner v. Ameron International Corp., et al.*, C.A. No. 1:05-663 (Judge Walter J. Gex III)
*Thomas A. Chisolm v. Ingersoll-Rand Co., et al.*, C.A. No. 1:05-665 (Judge Walter J. Gex III)
*Leon V. Hartfield v. Allied Signal, Inc., et al.*, C.A. No. 1:05-670 (Judge Walter J. Gex III)
*Joseph Harris, Jr. v. General Electric Co., et al.*, C.A. No. 1:05-676 (Judge Walter J. Gex III)
*Florence Brooks Harris v. General Electric Co., et al.*, C..A. No. 1:05-677 (Judge Walter J. Gex III)
*Dorothy Harris v. General Electric Co., et al.*, C.A. No. 1:05-678 (Judge Walter J. Gex III)
*Billy R. Perkins v. Minnesota Mining & Manufacturing Co., et al.*, C.A. No. 1:05-684
   (Judge Walter J. Gex III)
*Deborah McDonald, etc. v. Minnesota Mining & Manufacturing Co., et al.*, C.A. No. 1:06-62
   (Judge Walter J. Gex III)
*Dorothy Huffman, etc. v. Minnesota Mining & Manufacturing Co., et al.*, C.A. No. 1:06-99
   (Judge Walter J. Gex III)

EXHIBIT A

Franklin Keith Ball
Currie, Johnson, Griffin, Gaines
 & Myers
P.O. Box 750
Jackson, MS 39205-0750

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Joel M. Bondurant Jr.
Haynsworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
 & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Lawrence M. Coco, III
Carroll Bufkin Fulcher & Coco, PLLC
1700 Lelia Drive
Jackson, MS 39216

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Barry W. Ford
Baker, Donelson, Bearman, Caldwell
 & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Shannon S. Frankel
Young, Moore & Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622

Dawn E. Fulce
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens
 & Cannada, PLLC
P. O. Box 22567
Jackson, MS 39225-2567

Robert V. Greenlee
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jonathan P. Hilbun
Montgomery, Barnett, Brown, Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-259)                               Page 2 of 2

James Gordon House III  
Forman, Perry, Watkins, Krutz &  
Tardy  
P.O. Box 22608  
Jackson, MS 39225-2608

Jeffrey P. Hubbard  
Wells, Moore, Simmons & Hubbard  
P.O. Box 1970  
Jackson, MS 39215-1970

Kristi D. Kennedy  
Currie, Johnson, Griffin, Gaines  
& Myers  
P.O. Box 750  
Jackson, MS 39205-0750

Reginald S. Kramer  
Oldham & Dowling  
195 South Main Street  
Suite 300  
Akron, OH 44308-1314

Matthew P. Lachaussee  
Dogan & Wilkinson, PLLC  
P. O. Box 1618  
Pascagoula, MS 39568-1618

Daphne M. Lancaster  
Aultman, Tyner & Ruffin, Ltd.  
P. O. Drawer 750  
315 Hemphill Street  
Hattiesburg, MS 39403-0750

David C. Landin  
Hunton & Williams  
Riverfront Plaza, East Tower  
951 East Byrd Street  
Richmond, VA 23219

Gene Locks  
Greitzer & Locks  
1500 Walnut Street  
Philadelphia, PA 19102

Christopher O. Massenburg  
Aultman, Tyner & Ruffin, Ltd.  
P. O. Drawer 750  
315 Hemphill Street  
Hattiesburg, MS 39403-0750

Carolyn Alleen McLain  
Watkins & Eager  
P.O. Box 650  
Jackson, MS 39205-0650

Edward W. Mizell  
Butler, Snow, O'Mara, Stevens  
& Cannada, PLLC  
P. O. Box 22567  
Jackson, MS 39225-2567

Ronald L. Motley  
Motley Rice, LLC  
28 Bridgeside Blvd.  
Mt. Pleasant, SC 29465

Donald C. Partridge  
Forman, Perry, Watkins, Krutz  
& Tardy  
P.O. Box 22608  
Jackson, MS 39225-2608

Malcolm R. Patterson  
Forman, Perry, Watkins, Krutz  
& Tardy, LLP  
P.O. Box 22608  
Jackson, MS 39225-2608

Timothy W. Porter  
Porter & Malouf, P.A.  
P.O. Box 12768  
Jackson, MS 39236-2768

William C. Reeves  
Smith, Reeves & Yarborough, PLLC  
6360 I-55 North  
Suite 201  
Jackson, MS 39211

John J. Repcheck  
Marks, O'Neill, O'Brien & Courtney  
3200 Gulf Tower  
707 Grant Street  
Pittsburgh, PA 15219

John D. Roven  
Roven, Kaplan & Wells, L.L.P.  
2190 North Loop West  
Suite 410  
Houston, TX 77018

Michael W. Rutledge  
Spyridon, Koch & Palermo, LLC  
Three Lakeway Center, Suite 3010  
3838 N. Causeway Blvd.  
Metairie, LA 70002

Richard D. Schuster  
Vorys, Sater, Seymour & Pease, LLP  
52 East Gay Street  
P.O. Box 1008  
Columbus, OH 43216

Neil Selman  
Selman, Breitman & Burgess  
11766 Wilshire Boulevard  
Sixth Floor  
Los Angeles, CA 90025

Stacey L. Sims  
Morris, Sakalarios & Blackwell, PLLC  
1817 Hardy Street  
Hattiesburg, MS 39401

Robert N. Spinelli  
Kelley, Jasons, McGuire & Spinelli, L.L.P.  
Centre Square West  
15th Floor  
Philadelphia, PA 19102

William B. Stewart  
Copeland, Cook, Taylor & Bush  
P.O. Box 6020  
Ridgeland, MS 39158-6020

Robert E. Swickle  
Jaques Admiralty Law Firm, P.C.  
1570 Penobscot Building  
The Maritime Asbestosis Legal Clinic  
Detroit, MI 48226

Andrew J. Trevelise  
Reed Smith, LLP  
2500 One Liberty Place  
1650 Market Street  
Philadelphia, PA 19103

John E. Wade, Jr.  
Brunini, Grantham, Grower & Hewes  
P. O. Drawer 119  
Jackson, MS 39205-0119

James K. Weston, II  
Tom Riley Law Firm  
4040 First Avenue, N.E.  
P.O. Box 998  
Cedar Rapids, IA 52406

Michael E. Whitehead  
Page, Mannino, Peresich & McDermott  
P.O. Drawer 289  
Biloxi, MS 39533-0289

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2003

FILED
CLERK'S OFFICE

2006 Mar-17 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

### DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN,* J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

*Deronda Greer, et al. v. Baird & Co., et al.*, N.D. Mississippi, C.A. No. 4:03-116
*Herbert C. Ayers, et al. v. Owens-Illinois, Inc., et al.*, D. South Carolina, C.A. No. 2:03-1284
*James W. Blasius, et al. v. Owens-Illinois, Inc., et al.*, D. South Carolina, C.A. No. 2:03-1288

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Northern District of Mississippi action and two District of South Carolina actions. Movants seek to vacate the Panel's order conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

---

*Judges Keenan, Selya and Jensen took no part in the decision of this matter with respect to the Northern District of Mississippi action. Judges Selya and Jensen also took no part in the disposition of this matter with respect to the District of South Carolina *Ayers* action.

[1] Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate

(continued...)

**EXHIBIT B**

- 2 -

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

We note that under Judge Weiner's stewardship, as of October 9, 2003, i) over 73,600 actions have been closed in the transferee district, and ii) over 1,250 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these three actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

(...continued)
time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG -9 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

*Flinn James, et al. v. International Paper Co., et al.*, S.D. Mississippi, C.A. No. 1:01-556
*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, W.D. Pennsylvania, C.A. No. 2:02-304

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending, respectively, in the Southern District of Mississippi and the Western District of Pennsylvania. Movants seek to vacate the Panel's orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. See *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

*Judge Sear took no part in the decision of this matter.

[1] Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the
(continued...)

EXHIBIT
C

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Plaintiffs in the Western District of Pennsylvania action (*Huber*) seek to exclude *Huber* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries. They urge that *Huber* instead deals exclusively with violations of common law, statutory law and the professional duties owed by defendant lawyers to plaintiff clients whom the lawyers previously represented in state court asbestos personal injury litigation. We are not confident that plaintiffs' claims regarding the caliber of their legal representation can be redressed without an examination of the merits of their underlying personal injury claims, matters which place *Huber* within the purview of MDL-875. Transfer is therefore necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket with respect to such matters as the structuring of settlements, settlement funding, and settlement administration. Finally, we note that the named plaintiffs are already parties to previously transferred MDL-875 actions that remain pending in the transferee district. Thus any inconveniences associated with Section 1407 transfer should be minimal.

We note that under Judge Weiner's stewardship, as of July 24, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,190 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

(...continued)
conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman