JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE UNITED STATES OF AMERICA**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

APR 2 7 2006

FILED
CLERK'S OFFICE

**MDL-875 – IN RE ASBESTOS PRODUCTS**
**LIABILITY LITIGATION (NO. VI)**

**CTO-260**

---

**MOTION AND BRIEF TO VACATE**
**THE CONDITIONAL TRANSFER ORDER**

---

COME NOW, the Plaintiffs listed on Exhibit "A" by and through counsel, and file this their Motion and Brief to Vacate the Conditional Transfer Order (CTO-260).

1.      These cases were properly filed in the Circuit Court of Pike County, Mississippi with valid Mississippi Corporations being named in the Complaint.  The Defendants involved in these cases improperly removed them to Federal Court.  There is not complete diversity between the parties, and no federal question exists that gives rise to Federal Court Jurisdiction.  The cases subject to the Conditional Transfer Order are attached as Exhibit "A".

2.      Each individual Plaintiff has filed a Motion to Remand to the Circuit Court of Pike County in which his or her case was filed. Two representative copies of the Motions to Remand are attached hereto as  Exhibit "B".   There is a representative copy for the 2005 cases and a representative copy for the 2006 cases.  Other than those discrepancies, each Motion to Remand for each Plaintiff was exactly the same except for the heading.

3.      Each individual Plaintiff has filed a Reply to Defendant's Response in Opposition to Motion to Remand of which two representative copies are attached hereto as Exhibit "C". As above, there is a representative copy for the 2005 cases and a representative copy for the 2006 cases. Other

OFFICIAL FILE COPY

IMAGED APR 2 7 2006

than those discrepancies, each Reply to Defendant's Response in Opposition to Motion to Remand was identical except for the named Plaintiff and Civil Action Number.

4.     The Plaintiffs are entitled to have their Motions to Remand granted and in turn have their cases remanded to the Circuit Court of Pike, Mississippi. The Plaintiffs respectfully submit that the United States District Court for the Southern District of Mississippi Southern Division is the proper and most efficient forum in which to have these motions heard and ruled upon.

5.     In addition, these cases do not involve questions of fact common to the actions previously transferred to the Eastern District of Pennsylvania. Each case involves an individual Plaintiff whose various times and levels of exposure to asbestos is significantly diverse from one another, and therefore the cases are better heard on an individual basis.

6.     The Plaintiffs adopt and incorporate Exhibits "B" and "C" as their briefs in support of their Motion to Vacate the Conditional Transfer Order. As can be seen from these two Exhibits, the Defendants improperly removed these cases from State Court over three years from the time of their initial filing. As stated above, the Plaintiffs do not feel that these cases involve common questions of fact that justify transfer to the MDL No 875. Therefore, the Plaintiffs respectfully submit that these cases are not properly in the federal judiciary system to begin with, and no further action should be taken by the federal judiciary system except to grant Plaintiffs' Motions to Remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that the Conditional Transfer Order be vacated and that the Motions to Remand and Replies to Defense's Opposition to Motion to Remand be heard in the United States District Court for the Southern District of Mississippi Southern Division.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 7 2006

FILED
CLERK'S OFFICE

DATED this the 26th day of April, 2006.

Respectfully submitted,

By: _____
John T. Givens
Attorney for Plaintiffs


Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366


## CERTIFICATE OF SERVICE

I, John T. Givens,  attorney for the Plaintiffs, do hereby certify that I have this day mailed,

by United States mail, postage prepaid, a true and correct copy of the above and foregoing

PLAINTIFFS', MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

(CTO-260) to all counsel listed on the Attached Service List entitled Exhibit "D".

This the 26th day of April, 2006.


_____
JOHN T. GIVENS

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2006 APR 27 A 10: 33

RECEIVED
CLERK'S OFFICE

3

EXHIBIT

*A*

### SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-260)
### DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Southern District of Mississippi
*Rickey J. Brown v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-581  (Judge Walter J. Gex, III)
*James W. Brumfield v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-582  (Judge Walter J. Gex, III)
*Ira Buchanan v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-583  (Judge Walter J. Gex, III)
*Bobby D. Burkett v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-584  (Judge Walter J. Gex, III)
*Ernest Carthan, Jr. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-585  (Judge Walter J. Gex, III)
*John H. Cessna v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-586  (Judge Walter J. Gex, III)
*Willie W. Chisolm, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-587  (Judge Walter J. Gex, III)
*Jerry L. Coon v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-588  (Judge Walter J. Gex, III)
*Jewell Crossley, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-589  (Judge Walter J. Gex, III)
*Raymond Cyprian v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-590  (Judge Walter J. Gex, III)
*Lawrence P. Davis v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-591  (Judge Walter J. Gex, III)
*Owen Davis v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-592  (Judge Walter J. Gex, III)
*William N. Davis v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-593  (Judge Walter J. Gex, III)
*Deer, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-594  (Judge Walter J. Gex, III)
*Willie Carter v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-595  (Judge Walter J. Gex, III)
*Andrew Brown, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-596  (Judge Walter J. Gex, III)
*Carl Brower v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-597  (Judge Walter J. Gex, III)
*Omar W. Bounds v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-598  (Judge Walter J. Gex, III)
*James S. Baugh, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-599  (Judge Walter J. Gex, III)
*Charles E. Banks v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-600  (Judge Walter J. Gex, III)
*Gary M. Arceneaux v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-601  (Judge Walter J. Gex, III)
*L.C. Adams v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-602  (Judge Walter J. Gex, III)
*Geemes H. Smith v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-603  (Judge Walter J. Gex, III)
*Wilson D. Steed, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-604  (Judge Walter J. Gex, III)
*Jimmy C. Sumrall v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-605  (Judge Walter J. Gex, III)
*C.L. Thompson v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-606  (Judge Walter J. Gex, III)
*Melvin Tims v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-607  (Judge Walter J. Gex, III)
*Doyle T. Turner v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-608  (Judge Walter J. Gex, III)
*Eugene D. Turner v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-609  (Judge Walter J. Gex, III)
*Alfred J. Tyler v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-610  (Judge Walter J. Gex, III)
*Charles E. Vessel v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-611  (Judge Walter J. Gex, III)
*Adrian E. Vicknair, Jr. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-612  (Judge Walter J. Gex, III)
*Wardell Wash v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-613  (Judge Walter J. Gex, III)
*Joe M. White v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-614  (Judge Walter J. Gex, III)
*Michael C. White v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-615  (Judge Walter J. Gex, III)
*Granderson Williams v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-616  (Judge Walter J. Gex, III)
*Andrew D. Woodall, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-617  (Judge Walter J. Gex, III)
*Roy Young, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-618  (Judge Walter J. Gex, III)
*York Sit v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-619  (Judge Walter J. Gex, III)
*Louis E. Simmons v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-620  (Judge Walter J. Gex, III)
*Robert W. Sills v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-621  (Judge Walter J. Gex, III)
*Wayne T. Rollins v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-622  (Judge Walter J. Gex, III)
*Bill T. Robinson v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-623  (Judge Walter J. Gex, III)
*Colin N. Roberts v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-624  (Judge Walter J. Gex, III)
*Robert Parker v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-625  (Judge Walter J. Gex, III)
*Kenneth W. Porter v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-626  (Judge Walter J. Gex, III)
*Oles Newsome v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-627  (Judge Walter J. Gex, III)
*Matthew Nobles v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-628  (Judge Walter J. Gex, III)
*Henry W. Griffin v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-629  (Judge Walter J. Gex, III)
*Peggy O'Neal Hoyt, etc. v. Owens-Illinois, Inc., et al.*, C.A. No. 1:05-630  (Judge Walter J. Gex, III)

### Southern District of Mississippi

*Kenneth Jennings v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-631  (Judge Walter J. Gex, III)
*Louis Johnson v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-632  (Judge Walter J. Gex, III)
*Glen E. Jones v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-633  (Judge Walter J. Gex, III)
*Jake K. Keith v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-634  (Judge Walter J. Gex, III)
*Charles M. Leggett v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-635  (Judge Walter J. Gex, III)
*Jimmie P. Lenoir v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-636  (Judge Walter J. Gex, III)
*Robert L. Lloyd v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-637  (Judge Walter J. Gex, III)
*Mitchell Magee v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-638  (Judge Walter J. Gex, III)
*Billy R. Marberry v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-639  (Judge Walter J. Gex, III)
*Jewel L. McDowell v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-640  (Judge Walter J. Gex, III)
*Louis B. McFatter v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-641  (Judge Walter J. Gex, III)
*Robert L. McField v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-642  (Judge Walter J. Gex, III)
*Robert L. Miller v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-643  (Judge Walter J. Gex, III)
*Joe Miciotto v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-644  (Judge Walter J. Gex, III)
*Otis Greer v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-645  (Judge Walter J. Gex, III)
*Jessie Gardner v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-646  (Judge Walter J. Gex, III)
*L.C. Fortner v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-647  (Judge Walter J. Gex, III)
*Clemmie Gales v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-648  (Judge Walter J. Gex, III)
*Perry R. Ely v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-649  (Judge Walter J. Gex, III)
*Chester L. Fedrick v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-650  (Judge Walter J. Gex, III)
*Early J. Ford v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-651  (Judge Walter J. Gex, III)
*Clarence D. Edwards v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-652  (Judge Walter J. Gex, III)
*Thomas J. Edwards v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-653  (Judge Walter J. Gex, III)
*Mary Carter, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-654  (Judge Walter J. Gex, III)
*Ella Louise Beck, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-696  (Judge Walter J. Gex, III)
*Roy Campbell, Jr., etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-697  (Judge Walter J. Gex, III)
*Isaac Colenberg, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-698  (Judge Walter J. Gex, III)
*Howard Jackson v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-699  (Judge Walter J. Gex, III)
*Joseph Jones, Sr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-700  (Judge Walter J. Gex, III)
*Alfred E. Mims v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-701  (Judge Walter J. Gex, III)
*Raquel A. Mims, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-702  (Judge Walter J. Gex, III)
*Evelyn Pierson, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-703  (Judge Walter J. Gex, III)
*Rufus Puckett v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-704  (Judge Walter J. Gex, III)
*Regina Reed, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:05-705  (Judge Walter J. Gex, III)
*Albert J. Wyatt, Sr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-14  (Judge Walter J. Gex, III)
*Tommy E. Adams v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-15  (Judge Walter J. Gex, III)
*James V. Beck v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-16  (Judge Walter J. Gex, III)
*Alex Fleming, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-17  (Judge Walter J. Gex, III)
*Demetric Smith, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-18  (Judge Walter J. Gex, III)
*Governor Lawyer v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-19  (Judge Walter J. Gex, III)
*Kathy L. Parker, et al. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-20  (Judge Walter J. Gex, III)
*Edward L. Perkins v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-21  (Judge Walter J. Gex, III)
*Bobby Jean Robertson, etc. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-22  (Judge Walter J. Gex, III)
*James Sanders v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-23  (Judge Walter J. Gex, III)
*Tyree Wheeler v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-24  (Judge Walter J. Gex, III)
*Wardell Brooks v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-25  (Judge Walter J. Gex, III)
*James M. Carpenter v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-26  (Judge Walter J. Gex, III)
*Howard Clark, Sr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-27  (Judge Walter J. Gex, III)
*Ike Ford, Jr. v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-28  (Judge Walter J. Gex, III)
*Willie Gordon v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-29  (Judge Walter J. Gex, III)
*Marion Harried v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-30  (Judge Walter J. Gex, III)
*Tom Hudson v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-31  (Judge Walter J. Gex, III)
*Nolan E. Taylor v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-32  (Judge Walter J. Gex, III)
*Roy D. Wroten v. Owens-Illinois, Inc., et al.,* C.A. No. 1:06-33  (Judge Walter J. Gex, III)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**GLEN E. JONES**                                                          **PLAINTIFF**

**VS.**

**CIVIL ACTION NO. 1:05cv633WJG**

**OWENS-ILLINOIS, INC., ET AL.**                              **DEFENDANTS**

---

## MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and moves to remand this case to the Circuit Court of Pike County, Mississippi pursuant to 28 U.S.C. § 1447 (c), and would show unto the Court that the case should be remanded for the following reasons:

**(A)      The Notice of Removal was not timely pursuant to 28 U.S.C. § 1446 (b).**

1.      The Notice of Removal was not filed within thirty days of the second amended complaint which was filed on or about May 15, 2002.[1]

2.      The Notice of Removal was filed outside the one year maximum for removal of cases.  In fact it was filed more than three years after the original complaint was filed and more than three years after the second amended complaint was filed.[2]

3.      The Notice of Removal does not qualify for the "revived" exception to 28 U.S.C. § 1446.[3]

---

[1]See *Infra* Paragraphs 1, 3, 6.

[2]See *Infra* Paragraph 6.

[3]See *Infra* Paragraph 7.



**(B)**     **There is no complete diversity between the Plaintiff and Defendants**

    1.    The Plaintiff has sued valid Mississippi Corporations.[4]

    2.    The Mississippi Corporations were not fraudulently joined.

        a.    The Complaint does state a factual basis for all claims.[5]

        b.    The Complaint does state a colorable cause of action in compliance with *Mangialardi*.[6]

    3.    The same Defendants have been named in the complaint since it was originally filed in January 2002 without objection until now.  The Defendants do not get two bites at the apple, since this issue was not raised in 2002 the Defendants are now estopped from raising it now.[7]

**(D)**     **The Plaintiff's claims are not barred by Miss. Code Ann. § 15-1-49.** [8]

**(E)**     **There is no removal based on federal question jurisdiction because the Plaintiff's claims are not preempted by the Locomotive Boiler Inspection Act.**[9]

**(F)**     **All of the named served Defendants have not joined in the removal which 28 U.S.C. § 1446 (a) has been interpreted to require.  Namely, Pullman Passenger**

---

[4]See *Infra* Paragraphs 8, 9, 10, 11

[5]See *Infra* Paragraphs 10,11

[6]See *Infra* Paragraph 11

[7]See *Infra* Paragraph 12

[8]See *Infra* Paragraph 13

[9]See *Infra* Paragraphs 14, 15, 16

**Car Company, Belmont Packing and E.K. Strahan, a/k/a Dickerson Thermal Solutions have not consented to the removal.**[10]

1.  This case was originally filed on or about January 17, 2002 in the Circuit Court of Jefferson County, Mississippi. The Complaint was subsequently amended to add Otto Edward Melsa as a Plaintiff and was filed on or about March 4, 2002. The Complaint was amended for a second time to add numerous more Plaintiffs and was filed on or about May 15, 2002. The Defendants failed to file a Notice of Removal within thirty days of the second amended complaint filed on May 15, 2002.

2.  As a result of various orders of the Jefferson County Circuit Court, the Plaintiffs were forced to sever their claims, and each Plaintiff was required to file an Amended Complaint in compliance with *Harold's Auto Parts v. Mangialardi,* 889 So.2d 493 (Miss. 2004). This case was re-filed in November of 2005 as a third amended complaint with the original Plaintiff and the same Defendants minus various Defendants that were dismissed.

3.  Plaintiff filed his Third Amended Complaint in November of 2005 in the Circuit Court of Pike County, Mississippi. Defendant, General Motors Corporation, filed its Notice of Removal on December 1, 2005. All of the other named Defendants joined and consented to General Motors Corporation's removal except for Pullman Passenger Car Compnay, Belmont Packing and E.K. Strahan.

4.  Plaintiff has suffered injuries caused by exposure to asbestos-containing products designed, manufactured, sold, and/or distributed by the Defendants.

5.  Defendants named in the Amended Complaint of this action engaged in the design,

---

[10]See *Infra* Paragraph 17

manufacturing, distribution, and/or sale of asbestos-containing products.

6.       The Notice of Removal was not timely filed.  28 U.S.C. § 1446 (b) states in relevant

part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action**.

*Emphasis added*.  This removal is partly based upon diversity pursuant to 28 U.S.C. § 1332.  The

third amended complaint of the Plaintiff is a derivative of the original action filed on January 17,

2002.  The Defendants did not file a notice of removal within thirty days as to any of the first three

complaints.  The only Notice of Removal filed is the current one which was filed over three years

since the second amended complaint was filed on May 15, 2002.  As such, more than a year has

elapsed since the commencement of the action, and therefore, removal based on section 1332 is

barred, even if the first complaint was not removable.

7.       While the Defendants did not allege this in their Notice of Removal, the Plaintiff

anticipates that the Defendants may try to argue that their right to remove was "revived" upon the

filing of the Third Amended Complaint.  The right to remove is "revived" only "where the plaintiff

files an amended complaint that so changes the nature of his action as to constitute 'substantially a

new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d

962, 965 (7th Cir. 1982); quoting *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed.

679 (1886).  The third amended complaint is for all practical purposes the same cause of action as

the original complaint minus the multiple plaintiffs and some Defendants.  Therefore, a substantially

4

new suit has not been begun and the revival exception does not apply to this removal.

8.     The Defendants state that joinder of Belmont Packing and E.K. Strahan, Inc. to the

action is fraudulent and improper.  As the Defendant correctly states, E.K. Strahan, Inc.'s name was

formally changed to Dickerson Thermal Solutions, Inc. on or about November 8, 2002, which

became effective January 1, 2003.  "The test for fraudulent joinder is whether the venue-fixing

defendant is a party against whom liability could exist." *Stubbs v. Miss. Farm Bureau Cas. Ins. Co.,*

825 So. 2d 8, 13 (¶21) (Miss. 2002); *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003).  The

burden required to prove fraudulent joinder is a heavy one. *Harrison v. Chandler-Sampson Ins., Inc.,*

891 So.2d 224, 230 (¶17) (Miss. 2005); citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d

256, 259 (5th Cir.1995).  "The removing party must prove that there is absolutely no possibility that

the plaintiff will be able to establish a cause of action against the in-state defendant in state court,

or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Harrison,* 891

So. 2d at 230 (¶17); citing *Cavallini,* 44 F.3d at 259.  The Defendant can not meet this heavy burden

and has not proven that liability could not exist against the non-diverse Defendants.  Therefore, the

Plaintiff's Motion to Remand should be granted.

9.     The non-diverse Defendants were not fraudulently joined, and the Plaintiff has a

possibility of recovering against the non-diverse Defendants as sellers, distributors, and/or

manufacturers of asbestos-containing products pursuant to Miss. Code. Ann. § 11-1-63. Since both

of these Mississippi Corporations present a possibility of recovery and have been sued, diversity of

citizenship does not exist and removal to federal court is therefore improper, and Plaintiff's Motion

to Remand should be granted.

10.     The Defendants in their Footnote 1 state that "the Complaint still fails to allege a

sufficient factual basis for the claims against Belmont and Strahan, and therefore Belmont and Strahan are fraudulently joined." The Defendants rely on *Randle v. Smithkline Beecham Corp.*, 338 F. Supp.2d 704, 708 (S.D. Miss. 2004), among other cases, to state that as against non-diverse defendants allegations need to be factual, and not conclusory because the latter allegations do not state a claim. This case is readily distinguishable since the non-diverse named defendants in *Randle* submitted affidavits that they never worked for or were employed by Smithkline Beecham f/k/a Glaxo Wellcome and therefore never sold or marketed the drug Lotronex. *Randle,* 338 F.Supp.2d at 708. In *Randle*, the Plaintiffs only contradicted these affidavits with conclusory statements in their Complaint and Motion to Remand. *Id.* Here the Defendants have put forth no evidence that the non-diverse Defendants did not manufacture, sell, and/or distribute asbestos containing products. The Defendants' allegations themselves are mere conclusory. Therefore, they have not met their heavy burden of proving the non-diverse Defendants were fraudulently joined for purposes of diversity jurisdiction.

11.     The Defendants also state in their Footnote 1 that the Complaint fails to state a colorable cause of action against the non-diverse Defendants under substantive Mississippi law as set forth in *Harold's Auto Parts, Inc. v. Mangialardi,* 889 So. 2d 493 (Miss. 2004). That case is easily distinguishable. *Mangialardi* involved 264 plaintiffs against 137 named defendants and only stated that the plaintiffs were exposed to asbestos products. 889 So. 2d at 494. The complaint there did not state "which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time." *Id.* In contrast, this case involves one Plaintiff against nine named Defendants. The present Complaint also stated which products the various Defendants were responsible for manufacturing or distributing. The present Complaint also states with particularity

6

where the Plaintiff worked and for what dates. In addition, the Mississippi and Federal Rules of Civil Procedure require only that the Complaint make a "short and plaint statement of the claim showing that the pleader is entitled to relief," see Miss. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(a)(2). The Plaintiff is not required to set forth detailed allegations against the local defendants. The Defendants could have submitted proof that the Mississippi Defendants have no potential legal liability in this case, but the Defendants have failed to do so. Therefore, the Defendants's reliance on *Mangialardi* is misplaced since this complaint was filed to be in compliance with *Mangialardi*.

12.     In addition, the two Defendants that are complained of now have been named in the complaint since it was originally filed in January 2002. The Defendants have failed to object to the inclusion of the non-diverse Defendants until now. Since this issue was not raised in 2002, the Defendants have waived the issue and are estopped from raising the issue at this point in the proceedings.

13.     The Defendants claim the Plaintiff's claims are barred by Miss. Code Ann. § 15-1-49 to the extent that Plaintiff's claims accrued more than three years before the Complaint was filed. Mississippi Code Annotated Section 15-1-49(2) states "in actions . . . which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Asbestosis is a latent disease, and this Plaintiff filed his action within three years after discovering his disease. Therefore the statute of limitations for this action does not bar Plaintiff's claim.

14.     The Defendants claim that this case is removable based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are preempted by the Locomotive Boiler Inspection Act. The United States Supreme Court has held "because the States

are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action." *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485, 116 S.Ct. 2240, 2250 (1996). The case here solely presents a state-law cause of action in which a federal question is not directly involved. The initial test for all preemption cases is to "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed.1447 (1947); *Hillsborough County v. Automated Medical Laboratories, Inc.,* 471 U.S. 707, 715-16, 105 S.Ct. 2371, 2376, 85 L.Ed.2d 714 (1985); cf. *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 22, 107 S.Ct. 2211, 2223, 96 L.Ed.2d 1 (1987). Common law actions have historically been controlled and regulated by the States. The Locomotive Boiler Inspection Act unfortunately has no preemption clause associated with it, so Congress' clear and manifest purpose is not directly known. Therefore, it has been left to the courts to decide the preemptive effect of this statute.

15.     *Napier v. Atlantic Coast Line R.R. Co.,* 272 U.S. 605 (1926), upon which the Defendants rely, involved state statutes that prescribed that Railroad companies add various components to their locomotives, in particular an automatic door to the firebox and a cab curtain. There are no such statutes involved here. This is not a question of whether a State can impose regulations or requirements upon a locomotive carrier, but whether a locomotive *manufacturer* can be held liable for State common law tort actions based upon defects in the products they manufactured. The Plaintiff submits that the manufacturer can be held liable under state common law for tortious injuries caused by one of their products. "The text of the BIA strongly suggests that Congress did not intend to insulate railroad manufacturers from liability under state common law."

8

*Lorince v. Southern Pennsylvania Transp. Auth,* 34 F.Supp2d 929, 933 (E.D. Pa. 1998).[11] The BIA only refers to "railroad carriers", and manufacturers are not even mentioned within the BIA, and there is a question whether they should be covered by this Act. The Supreme Court in *Napier* did mention the "design, the construction, and the material of every part of the locomotive . . ." in regard to carriers, but the Supreme Court did not specifically mention preemption in regard to manufacturers. *Napier,* 272 U.S. at 611-13. In *Lorince,* the District Court reasoned that the distinction between manufacturer and carrier does not require inquiring into the purpose of the legislation, but rather only "identifying the defendant's line of work." 34 F.Supp.2d at 934. The District Court went on to hold "[T]he statute's text does not mention railroad manufacturers, its structure does not invite reading them into it, and federalism and history counsel leaving them out." *Id.* Therefore, manufacturers should not be preempted by the BIA and no federal question jurisdiction exists.

16.     The Seventh Circuit considered the preemption issue also and stated "[W]e see nothing in the Locomotive Inspection Act to indicate that Congress 'clearly intended completely to replace state law with federal law and create a federal forum' at the same time." *Adkins v. Illinois Cent'l Railroad Co.,* 326 F.3d 828, 835 (7th Cir. 2003); quoting *Voorhees v. Naper Aero Club, Inc.,* 272 F.3d 398, 403 (7th Cir. 2001). The Seventh Circuit stated that the BIA may possibly present conflict preemption as to some or all of the claims, but that conflict preemption is only a defense to

---

[11]At the time of original enactment of the BIA, it is worthy to note that the common law of privity disallowed most all suits against manufacturers. *See Viad Corp. V. Superior Court of Los Angeles County,* 55 Cal.App.4th 330, 338, 64 Cal.Rptr.2d 136 (1997). Therefore it is very probable that the original enactors had no intent to include or consider suits against manufacturers when enacting the BIA.

the merits of the claim. *Adkins,* 326 F. 3d at 835; citing *Voorhees,* 272 F.3d at 403. Federal question jurisdiction is not created by conflict preemption with regards to the well-pleaded complaint rule. *Id.* The Plaintiff's well pleaded complaint does not raise a federal question. The Plaintiff's Complaint involves only common law tort liability that falls under the powers of the State of Mississippi. The Plaintiff's Complaint also involves multiple defendants that would not fall under the purview of the BIA and would only be subject to common law tort liability that has largely been left for the police powers of the States. Therefore, complete preemption does not exist, so there is no federal question jurisdiction. Accordingly, the Plaintiff asks that the Motion to Remand be granted.

17.     All of the named, served Defendants have not joined in the removal of this action. 28 U.S.C. § 1446 (a) has been interpreted to require that all properly joined and served defendants consent and join in the removal petition. *Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n. 3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326 (5th Cir. 1970). Pullman Passenger Car Company, Belmont Packing, and E.K. Strahan have not joined in the removal petition. Therefore the Notice of Removal is procedurally deficient and the Plaintiff is entitled to remand

18.     Defendants' removal is simply a delay tactic to avoid trial and is the continued use of the federal courts as a mass dumping ground. Defendants's assertion is not timely, is groundless, and merely seeks to delay this proceeding. Belmont Packing and E.K. Strahan were not fraudulently joined. To the contrary, they are indispensable parties against whom the Plaintiff has more than a mere possibility of recovery.

19.     Plaintiffs respectfully request that the Court allow Plaintiffs to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447(c).  The Plaintiff requests leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case.  This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum.  Costs should be awarded to the Plaintiff as the inability to legitimately apply the removal statute to this case was obvious.  Even the Notice of Removal, within its four corners, indicates a possibility of recover against the in-state sellers.  In addition, the Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, for sanctions against Defendants because the Notice of Removal is frivolous and totally without merit.  In support of this Motion, the Plaintiff relies on the pleadings and this motion to remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Pike County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 30th day of December, 2005.


Respectfully submitted,


By:  /s/ John T. Givens
        John T. Givens
        Attorney for Plaintiffs


11

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768
Telephone: (601) 957-1173
Facsimile: (601) 957-7366

William S. Guy, MSB No. 5083
LAW OFFICES OF WILLIAM S. GUY
Post Office Box 509
909 Delaware Avenue
McComb, Mississippi 39649-0509
Telephone: (601) 684-2793
Facsimile: (601) 249-2507

## CERTIFICATE OF SERVICE

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **Motion to Remand** to all counsel of record.

This, the 30th day of December, 2005.

/s/ John T. Givens
JOHN T. GIVENS

12

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

TOM HUDSON                                                                  **PLAINTIFF**

VS.                                                 **CIVIL ACTION NO. 1:06CV031WJG**

OWENS-ILLINOIS, INC., ET AL.                                    **DEFENDANTS**

---

### MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and moves to remand this case to the Circuit Court of Pike County, Mississippi pursuant to 28 U.S.C. § 1447 (c), and would show unto the Court that the case should be remanded for the following reasons:

**(A)     The Notice of Removal was not timely pursuant to 28 U.S.C. § 1446 (b).**

1.     The Notice of Removal was not filed within thirty days of the second amended complaint which was filed on or about May 15, 2002.[1]

2.     The Notice of Removal was filed outside the one year maximum for removal of cases.  In fact it was filed more than three years after the original complaint was filed and more than three years after the second amended complaint was filed.[2]

3.     The Notice of Removal does not qualify for the "revived" exception to 28 U.S.C. § 1446.[3]

---

[1]See *Infra* Paragraphs 1, 3, 6.

[2]See *Infra* Paragraph 6.

[3]See *Infra* Paragraph 7.

**(B)     There is no complete diversity between the Plaintiff and Defendants**

      1.     The Plaintiff has sued valid Mississippi Corporations.[4]

      2.     The Mississippi Corporations were not fraudulently joined.

          a.     The Complaint does state a factual basis for all claims.[5]

          b.     The Complaint does state a colorable cause of action in compliance with *Mangialardi*.[6]

      3.     The same Defendants have been named in the complaint since it was originally filed in January 2002 without objection until now.  The Defendants do not get two bites at the apple, since this issue was not raised in 2002 the Defendants are now estopped from raising it now.[7]

**(D)     The Plaintiff's claims are not barred by Miss. Code Ann. § 15-1-49.** [8]

**(E)     There is no removal based on federal question jurisdiction because the Plaintiff's claims have concurrent state and federal jurisdiction are not preempted by the Locomotive Boiler Inspection Act.**[9]

**(F)     All of the named served Defendants have not joined in the removal which 28 U.S.C. § 1446 (a) has been interpreted to require.  Namely, Belmont Packing and**

---

[4]See *Infra* Paragraphs 8, 9, 11

[5]See *Infra* Paragraphs 8, 9, 11

[6]See *Infra* Paragraph 11

[7]See *Infra* Paragraph 10

[8]See *Infra* Paragraph 12

[9]See *Infra* Paragraphs 13, 14, 15, 16

**E.K. Strahan, a/k/a Dickerson Thermal Solutions have not consented to the removal.**[10]

1.       This case was originally filed on or about January 17, 2002 in the Circuit Court of Jefferson County, Mississippi.  The Complaint was subsequently amended to add Otto Edward Melsa as a Plaintiff and was filed on or about March 4, 2002.  The Complaint was amended for a second time to add numerous more Plaintiffs and was filed on or about May 15, 2002.  The Defendants failed to file a Notice of Removal within thirty days of the second amended complaint filed on May 15, 2002.

2.       As a result of various orders of the Jefferson County Circuit Court, the Plaintiffs were forced to sever their claims, and each Plaintiff was required to file an Amended Complaint in compliance with *Harold's Auto Parts v. Mangialardi,* 889 So.2d 493 (Miss. 2004).  This case was re-filed in January of 2006 as a third amended complaint with the original Plaintiff and most of the same Defendants.  There were various Defendants that were dismissed for assorted reasons.

3.       Plaintiff filed this Third Amended Complaint in January of 2006 in the Circuit Court of Pike County, Mississippi.  Defendant, American Standard, Inc., filed its Notice of Removal on or about January 10, 2006.  All of the other named Defendants joined and consented to American Standard's removal except for Belmont Packing and E.K. Strahan.

4.       Plaintiff has suffered injuries caused by exposure to asbestos-containing products designed, manufactured, sold, and/or distributed by the Defendants.

5.       Defendants named in the Amended Complaint of this action engaged in the design, manufacturing, distribution, and/or sale of asbestos-containing products.

---

[10]See *Infra* Paragraph 17

6.      The Notice of Removal was not timely filed.  28 U.S.C. § 1446 (b) states in relevant

part:

> If the case stated by the initial pleading is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise,
> of a copy of an amended pleading . . . from which it may first be ascertained that the
> case is one which is or has become removable, **except that a case may not be
> removed on the basis of jurisdiction conferred by section 1332 of this title more
> than 1 year after commencement of the action.**

*Emphasis added.*  This removal is partly based upon diversity pursuant to 28 U.S.C. § 1332.  The

third amended complaint of the Plaintiff is a derivative of the second amended complaint filed on

or about May 15, 2002.  The Defendants did not file a notice of removal within thirty days as to any

of the first three complaints.  The only Notice of Removal filed by the Defendants is the current one

which was filed over three years since the second amended complaint was filed on May 15, 2002.

As such, more than a year has elapsed since the commencement of the action, and therefore, removal

based on § 1332 is barred, even if the first complaint was not removable.

7.      While the Defendants did not allege this in their Notice of Removal, the Plaintiff

anticipates that the Defendants may try to argue that their right to remove was "revived" upon the

filing of the Third Amended Complaint.  The right to remove is "revived" only "where the plaintiff

files an amended complaint that so changes the nature of his action as to constitute 'substantially a

new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d

962, 965 (7th Cir. 1982); quoting *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed.

679 (1886).  The third amended complaint is for all practical purposes the same cause of action as

the original complaint minus the multiple plaintiffs and some Defendants.  Therefore, a substantially

new suit has not been begun and the revival exception does not apply to this removal.

4

8.     The Defendants state that joinder of Belmont Packing and E.K. Strahan, Inc. to the action is fraudulent and improper.  As the Defendant correctly states, E.K. Strahan, Inc.'s name was formally changed to Dickerson Thermal Solutions, Inc. on or about November 8, 2002, which became effective January 1, 2003.  "The test for fraudulent joinder is whether the venue-fixing defendant is a party against whom liability could exist." *Stubbs v. Miss. Farm Bureau Cas. Ins. Co.,* 825 So. 2d 8, 13 (¶21) (Miss. 2002); *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003).  The burden required to prove fraudulent joinder is a heavy one. *Harrison v. Chandler-Sampson Ins., Inc.,* 891 So.2d 224, 230 (¶17) (Miss. 2005); citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995).  "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Harrison,* 891 So. 2d at 230 (¶17); citing *Cavallini,* 44 F.3d at 259.  The Defendant can not meet this heavy burden and has not proven that liability could not exist against the non-diverse Defendants.  In addition the agreed Order of Non-Suit and Dismissal concerning E.K. Strahan is moot since the dismissal was without prejudice, and the Plaintiff has added the Defendant back into the Complaint.  Therefore, the Plaintiff's Motion to Remand should be granted.

9.     The non-diverse Defendants were not fraudulently joined, and the Plaintiff has a possibility of recovering against the non-diverse Defendants as sellers, distributors, and/or manufacturers of asbestos-containing products pursuant to Miss. Code. Ann. § 11-1-63. Since both of these Mississippi Corporations have been sued and present a possibility of recovery, diversity of citizenship does not exist, and therefore, removal to federal court is improper, and Plaintiff's Motion to Remand should be granted.

10.     In addition, the two Defendants that are complained of now have been named in the complaint since it was originally filed in January 2002. The Defendants have failed to object to the inclusion of the non-diverse Defendants until now. Since this issue was not raised in 2002, the Defendants have waived the issue and are estopped from raising the issue at this point in the proceedings.

11.     The Defendants state in their Footnote 1 that the Complaint fails to state a colorable cause of action against the non-diverse Defendants under substantive Mississippi law as set forth in *Harold's Auto Parts, Inc. v. Mangialardi,* 889 So. 2d 493 (Miss. 2004). The Mississippi Supreme Court has recently further clarified their intentions in regards to *Mangialardi.* In *3M Company, Et Al. v. Glass,* No. 2003-IA-00617-SCT (December 15, 2005) (¶8), the supreme court clarified that Mississippi is a notice-pleading jurisdiction. In clarifying exactly what notice-pleading required, the supreme court in footnote 5 stated:

> Our decision in *Mangialardi* cannot fairly be read to say that every fact and detail must be pled. For compliance with *Mangialardi*, it is enough to say, for instance, that "plaintiff A brings suit against defendant B for XYZ wrongful conduct committed at defendant's ABC facility during the years 1999, 2000, and 2001."

This is exactly what the Plaintiff has done. The Plaintiff stated which Defendants he brought suit against and for what wrongful conduct. The Plaintiff also stated at which work site he worked and for which particular years during his exposure period to asbestos. This is all the Mississippi Supreme Court requires to state a claim in an asbestos case in the notice-pleading jurisdiction of Mississippi. The Plaintiff is not required to state every fact and detail, or in other words prove his case in the complaint. Therefore, the Defendants's reliance on *Mangialardi* is misplaced since this complaint was filed to be in compliance with *Mangialardi.*

6

12.     The Defendants claim the Plaintiff's claims are barred by Miss. Code Ann. § 15-1-49 to the extent that Plaintiff's claims accrued more than three years before the Complaint was filed. Mississippi Code Annotated Section 15-1-49(2) states "in actions . . . which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Asbestosis is a latent disease, and this Plaintiff filed his action within three years after discovering his disease. Therefore the statute of limitations for this action does not bar Plaintiff's claim.

13.     The Defendants claim that this case is removable based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are preempted by the Locomotive Boiler Inspection Act. The United States Supreme Court has held "because the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action." *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485, 116 S.Ct. 2240, 2250 (1996). These negligence claims were brought pursuant to FELA which provides for concurrent jurisdiction between the state and federal courts. In addition, 28 U.S.C. § 1445 (a) provides "[A] civil action in any State court against a railroad or its receivers or trustees, arising under section 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60) may not be removed to any district court of the United States." Therefore, this case is non-removable and should be remanded to the Circuit Court of Pike County.

14.   The initial test for all preemption cases is to "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct.

7

1146, 1152, 91 L.Ed.1447 (1947); *Hillsborough County v. Automated Medical Laboratories, Inc.,* 471 U.S. 707, 715-16, 105 S.Ct. 2371, 2376, 85 L.Ed.2d 714 (1985); cf. *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 22, 107 S.Ct. 2211, 2223, 96 L.Ed.2d 1 (1987).   Common law actions have historically been controlled and regulated by the States.  The Locomotive Boiler Inspection Act unfortunately has no preemption clause associated with it, so Congress' clear and manifest purpose is not directly known.  Therefore, it has been left to the courts to decide the preemptive effect of this statute.

15.     *Napier v. Atlantic Coast Line R.R. Co.,* 272 U.S. 605 (1926), upon which the Defendants rely, involved state statutes that prescribed that Railroad companies add various components to their locomotives, in particular an automatic door to the firebox and a cab curtain. There are no such statutes involved here.  This is not a question of whether a State can impose regulations or requirements upon a locomotive carrier, but whether a locomotive *manufacturer* can be held liable for State common law tort actions based upon defects in the products they manufactured.  The Plaintiff submits that the manufacturer can be held liable under state common law for tortious injuries caused by one of their products.  "The text of the BIA strongly suggests that Congress did not intend to insulate railroad manufacturers from liability under state common law." *Lorince v. Southern Pennsylvania Transp. Auth,* 34 F.Supp2d 929, 933 (E.D. Pa. 1998).[11]  The BIA only refers to "railroad carriers", and manufacturers are not even mentioned within the BIA, and

---

[11]At the time of original enactment of the BIA, it is worthy to note that the common law of privity disallowed most all suits against manufacturers. *See Viad Corp. V. Superior Court of Los Angeles County,* 55 Cal.App.4th 330, 338, 64 Cal.Rptr.2d 136 (1997).  Therefore it is very probable that the original enactors had no intent to include or consider suits against manufacturers when enacting the BIA.

there is a question whether they should be covered by this Act. The Supreme Court in *Napier* did mention the "design, the construction, and the material of every part of the locomotive . . ." in regard to carriers, but the Supreme Court did not specifically mention preemption in regard to manufacturers. *Napier,* 272 U.S. at 611-13. In *Lorince,* the District Court reasoned that the distinction between manufacturer and carrier does not require inquiring into the purpose of the legislation, but rather only "identifying the defendant's line of work." 34 F.Supp.2d at 934. The District Court went on to hold "[T]he statute's text does not mention railroad manufacturers, its structure does not invite reading them into it, and federalism and history counsel leaving them out." *Id.* Therefore, manufacturers should not be preempted by the BIA and no federal question jurisdiction exists.

16.     The Seventh Circuit considered the preemption issue also and stated "[W]e see nothing in the Locomotive Inspection Act to indicate that Congress 'clearly intended completely to replace state law with federal law and create a federal forum' at the same time." *Adkins v. Illinois Cent'l Railroad Co.,* 326 F.3d 828, 835 (7th Cir. 2003); quoting *Voorhees v. Naper Aero Club, Inc.,* 272 F.3d 398, 403 (7th Cir. 2001). The Seventh Circuit stated that the BIA may possibly present conflict preemption as to some or all of the claims, but that conflict preemption is only a defense to the merits of the claim. *Adkins,* 326 F. 3d at 835; citing *Voorhees,* 272 F.3d at 403. Federal question jurisdiction is not created by conflict preemption with regards to the well-pleaded complaint rule. *Id.* The Plaintiff's well pleaded complaint does not raise a federal question. The Plaintiff's Complaint involves only common law tort liability that falls under the powers of the State of Mississippi. The Plaintiff's Complaint also involves multiple defendants that would not fall under the purview of the BIA and would only be subject to common law tort liability that has largely been

left for the police powers of the States. Therefore, complete preemption does not exist, so there is no federal question jurisdiction. Accordingly, the Plaintiff asks that the Motion to Remand be granted.

17.     All of the named, served Defendants have not joined in the removal of this action. 28 U.S.C. § 1446 (a) has been interpreted to require that all properly joined and served defendants consent and join in the removal petition. *Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n. 3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326 (5th Cir. 1970). Belmont Packing, and E.K. Strahan have not joined in the removal petition. Therefore the Notice of Removal is procedurally deficient and the Plaintiff is entitled to remand

18.     Defendants' removal is simply a delay tactic to avoid trial and is the continued use of the federal courts as a mass dumping ground. Defendants's assertion is not timely, is groundless, and merely seeks to delay this proceeding. Belmont Packing and E.K. Strahan were not fraudulently joined. To the contrary, they are indispensable parties against whom the Plaintiff has more than a mere possibility of recovery.

19.     Plaintiffs respectfully request that the Court allow Plaintiffs to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447(c). The Plaintiff requests leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case. This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum. Costs should be awarded to the Plaintiff as the inability to

legitimately apply the removal statute to this case was obvious. Even the Notice of Removal, within its four corners, indicates a possibility of recover against the in-state sellers. In addition, the Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, for sanctions against Defendants because the Notice of Removal is frivolous and totally without merit. In support of this Motion, the Plaintiff relies on the pleadings and this motion to remand.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Pike County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 9th day of February, 2006.

Respectfully submitted,

By:  /s/ John T. Givens
John T. Givens
Attorney for Plaintiffs

11

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366

William S. Guy, MSB No. 5083
LAW OFFICES OF WILLIAM S. GUY
Post Office Box 509
909 Delaware Avenue
McComb, Mississippi  39649-0509
Telephone:  (601) 684-2793
Facsimile:   (601) 249-2507

12

## <u>CERTIFICATE OF SERVICE</u>

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **Motion to Remand** to all counsel of record.

This, the 9th day of February, 2006.

/s/ John T. Givens

JOHN T. GIVENS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**GLEN E. JONES**                                                        **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 1:05CV633WJG**

**OWENS-ILLINOIS, INC., ET AL.**                                **DEFENDANTS**

---

### PLAINTIFF'S REPLY TO DEFENDANTS'
### OPPOSITION TO MOTION TO REMAND

---

COMES NOW, the Plaintiff, by and through counsel, and files this his Reply to

Defendant's Opposition to Motion to Remand, and in support thereof states the following:

### I. THE NOTICE OF REMOVAL WAS NOT
### TIMELY PURSUANT TO 28 U.S.C. § 1446 (B).

No matter how the Defendants wish to slice it, the Notice of Removal was not timely

pursuant to 28 U.S.C. § 1446 (b) which states:

> If the case stated by the initial pleading is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise,
> of a copy of an amended pleading . . . from which it may first be ascertained that the
> case is one which is or has become removable, **except that a case may not be
> removed on the basis of jurisdiction conferred by section 1332 of this title more
> than 1 year after commencement of the action.**

(emphasis added).  If a party is seeking removal based on diversity of citizenship there are two time

restrictions that must be complied with under § 1446 (b).  The case must be removed within thirty

days of receipt of the initial pleading or amended pleading, or the case must be removed within one

year after the action is commenced.  28 U.S.C. § 1446 (b).  The Defendants continually ignore the

complete reading of § 1446 (b) by only focusing on the initial pleading language, which this is not,



and ignoring the one-year limitation language. According to Rule 3 of the Mississippi Rules of Civil Procedure, an action in Mississippi commences upon the filing of a complaint. The second amended complaint was filed on May 15, 2002. This is the complaint from which this action was ordered to be severed. Therefore, the relevant date for removal is May 15, 2002, over three years from the filing of the Defendants' Notice of Removal. While it is true as the Defendants' state in their response that they removed within thirty days of the Third Amended Complaint, that point is irrelevant as the Defendants have attempted removal outside the one-year limitation of § 1446 (b) since these complaints were originally filed in 2002. The Third Amended Complaint is nothing more than a continuation of the initial complaint, and it is not a new suit begun on that day of filing.

The question that is rightfully before this Court is whether a removal is timely based on an amended complaint and the relation back doctrine pursuant to Rule 15 of the Mississippi and Federal Rules of Civil Procedure. The timeliness of removal is nothing more than "an exercise in statutory interpretation." *Sledz v. Flintkote Company,* 209 F.Supp.2d 559, 562 (D. Md. 2002). *Sledz* is a case directly on point. In *Sledz,* a plaintiff who suffered from mesothelioma filed an initial complaint on March 28, 2001 against 24 defendants that included non-diverse defendants. 209 F.Supp.2d at 560. Flintkote was not added into the action until about ten months later. *Id.* A Seventh Amended Complaint was filed on April 24, 2002 against 35 defendants after Plaintiff had added and dismissed various defendants. *Id.* Flintkote then filed its notice of removal on June 17, 2002 more than a year after the action had been commenced. *Id.* In the present action, the Plaintiff had filed suit initially on or about May 15, 2002 against numerous defendants. The initial action was ordered to be severed and through a Third Amended Complaint, dismissing various defendants, the Plaintiff filed this action on or about November 4, 2005, which was a continuation of the initial action. The November

2

filing date is not of importance for timeliness of removal though, because removal relates back to when the action was commenced which was in 2002. As in *Sledz,* where removal was attempted about a year and three months after the action was commenced, the Defendants here have tried removal more than three years after the Plaintiff commenced this action. This is not allowed by § 1446 (b) as will be discussed *Infra.*

The District Court of Maryland relied on *Sasser v. Ford Motor Co.,* 126 F.Supp.2d 1333 (M.D. Ala. 2001) to resolve the issue similar to these facts. *Sledz,* 209 F.Supp.2d at 563. In *Sasser,* the plaintiff filed suit against non-diverse defendants on July 31, 1998, and on October 12, 1999, the plaintiff filed an amended complaint adding Ford, a diverse defendant. 126 F. Supp.2d at 1334. In March of 2000, the claims against the non-diverse defendants were dismissed and Ford filed a notice of removal. *Id.* at 1335. In finding that Ford failed to satisfy the one-year requirement of § 1446 (b), the court reasoned that commencement of the action occurred at the time of the filing of the initial complaint because removal statutes are to be narrowly and strictly construed and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1336; quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994); *See* also *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992). The Court in *Sasser* took note that Congress chose not to make § 1446 (b) party or claim specific. *Id.* "Section 1446 (b) does not contain a provision allowing for a new party or claim to reset the one-year time period." *Hill v. Ascent Assurance, Inc.,* 205 F.Supp.2d 606, 613 (N.D. Miss. 2002). The District Court of Maryland also rejected Flintkote's claims of the plaintiff's jurisdictional manipulation since the record did not support it. *Sledz,* 209 F.Supp.2d at 563-64. The same can be said here concerning jurisdictional manipulation because the Plaintiffs originally filed this action in compliance with Mississippi law.

3

The severance of Plaintiffs has no effect on original filing date and this case should be remanded.

The Northern District of Mississippi has held that "the statutory language is unambiguous in providing that no diversity case may be removed more than one year after commencement of the lawsuit." *Hill*, 205 F.Supp.2d at 614; quoting *Jenkins v. Sandoz Pharmaceuticals Corp.*, 965 F.Supp. 861, 869 (N.D. Miss. 1997). In *Hill*, as is the case here, the court was faced with the question of "when to measure the date of commencement." *Id.* The court clearly stated that "dismissing a defendant . . . does not affect when a cause of action commences . . . ." *Id.* at 615. The court noted that adding a plaintiff would affect when the action was commenced. *Id.* In this case, various defendants were dismissed, but no new plaintiffs were added. Therefore, according to overwhelming authority this action was commenced in 2002, and the Defendants' removal was well outside the one year limitation provided by § 1446 (b). In addition, the Plaintiff was not even required to sue the non-diverse Defendants to prevent removal since the one-year limitation for removal had long expired.

## II. THE THIRD AMENDED COMPLAINT IS NOT A NEW "INITIAL PLEADING" AS CONTEMPLATED BY 28 U.S.C. § 1446 (b).

The Defendants argue that the Third Amended Complaint is an "Initial Pleading" and therefore this action was actually commenced on November 4, 2005, making their removal timely. The Defendants rely on *Crump v. Wal-Mart Group Health Plan*, 925 F.Supp.2d 1214 (W.D. Ky. 1996) to allege that severance in state court creates a separate civil suit that can trigger defendant's right to remove. *Crump* involved the severance of a claim not a severance of parties as is the case here. 925 F.Supp.2d at 1216. The state court allowed the severance of Crump's cross-claim against Wal-Mart from the underlying tort and subrogation claims, and the state court explicitly stated that

the cross-claim would be treated as a separate action that would require realignment of the parties, making the plaintiff the defendant and vice-versa. *Id.* There has been no realignment of the parties in this action, and there were no actual claims severed, only individual plaintiffs. In addition, Wal-Mart had filed their notice of removal well within the one-year limitation provided in § 1446 (b) which is not the case here since this removal was filed more than three years after commencement of the action. *Id.* Therefore, *Crump* does not apply to these facts.

The Defendants also rely on *Caldwell v. Alfa Insurance Corp.,* 806 F.Supp. 623 which is also distinguishable from the present case. Once again, *Caldwell* involved the severance of claims, not individual parties, and the attempted removal was well within the one-year limitation provided by § 1446 (b). 806 F.Supp. at 624. The only thing severed in this case are the parties. The individual plaintiff's claims have remained the same albeit against different defendants. There are no new theories of recovery alleged in the Third Amended Complaint, only the dismissal of certain defendants. Therefore, the Third Amended Complaint is not an "initial pleading" for purposes of § 1446 (b).

In addition, if the Defendants were allowed to prevail on the initial pleading theory, the Plaintiff would be barred from even filing this action based on the statute of limitations. This amendment to the complaint falls under Rule 15 (c) of the Mississippi Rules of Civil Procedure and therefore relates back to the date of the original pleading which was May 15, 2002. Just because this action has a new cause number does not mean that this action is a "new action" as Defendants allege. This action has a new cause number because it was transferred to an entirely different county than where it was originally filed, but at its heart this action is still the same action that was filed in May of 2002 minus various defendants. The Defendants state that they should not be prevented from

5

removing because the case was mis-joined and improperly filed under Mississippi law. This is only partially true because at the time this action was filed in 2002 it was properly joined and filed in compliance with Mississippi law regarding joinder. Subsequently, the Mississippi Supreme Court strictly construed the joinder rules and pleading rules and forced the plaintiff to amend his complaint and re-file in the proper venue. The change in joinder rules and pleading rules did not change Plaintiff's legal theory of liability and recovery, it simply disallowed mass joinder of plaintiffs. The Defendants also state several times the Third Amended Complaint named several different Defendants. The Third Amended Complaint did not name any new **different** defendants, it simply did not name all of the defendants that were in the original complaint.[1] Therefore, the Third Amended Complaint is a continuation of the original action filed in May of 2002 and removal by the Defendants is not timely.

### III.   THE PLAINTIFF HAS NOT MANIPULATED JURISDICTION TO DEFEAT DIVERSITY JURISDICTION AND THEREFORE THE ONE-YEAR EQUITABLE EXCEPTION SHOULD NOT APPLY.

The Defendants rely on a Fifth Circuit Case to state that the running of said time period was tolled pursuant to the equitable exception to 28 U.S.C. § 1446 (b). *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2000). The Defendants have misinterpreted *Tedford* as applying to these facts, and the equitable exception does not and should not apply to these facts. The Fifth Circuit in *Tedford* held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446 (b) be extended." 327 F.3d at 428-29. The

---

[1] This is a result of various reasons. Numerous Defendants either settled or were properly dismissed over the course of litigating this case.

6

Plaintiff in *Tedford* could not state a valid claim against the sole non-diverse defendant, and therefore, only hours after learning of the Defendant's intent to remove, the Plaintiff amended her complaint to add her own physician. *Id.* at 427. The Plaintiff in *Tedford* then signed a Notice of Nonsuit against her physician and post-dated the Notice prior to the expiration of the one-year period. *Id.* The Notice of Nonsuit was not filed and Warner-Lambert was not notified of the Notice until after the expiration of the one-year period from the initial filing of the complaint. *Id.* at 427-28. In addition the Defendants in *Tedford* were actively trying to remove the case from the beginning. *Id.* at 428.

Here, the Plaintiff has attempted no manipulation of the statutory rules for determining federal removal jurisdiction. The non-diverse Defendants in the present case have been involved since the complaint was filed on May 15, 2002. At the time of the initial filing in May of 2002, all defendants and plaintiffs were properly joined under existing Mississippi law. It was not until the Mississippi Supreme Court changed Mississippi's joinder and pleading rules that the Plaintiff was forced to file this Third Amended Complaint. A valid claim has and continues to be stated against the non-diverse Defendants in the present case. It is of no bearing that E.K. Strahan was dismissed by order of non-suit and dismissal, since this dismissal was without prejudice. Therefore, the Plaintiff is free to bring E.K. Strahan back into the action which he has clearly done. The affidavit of James Dickerson provided by the Defendants potentially has no bearing on this suit. There is no proof that James Dickerson was involved with E.K. Strahan during the alleged exposure dates. Most of these dates are over twenty years ago. Therefore, it would be quite possible that James Dickerson would have no knowledge of whether E.K. Strahan supplied or sold asbestos containing products to the work site stated in the Third Amended Complaint.

7

The Defendants continually argue that the Plaintiff can not state a colorable cause of action against the non-diverse defendants and therefore they were fraudulently joined. In regards to this issue, the Plaintiff rests his arguments on those put forth in his Motion to Remand. In addition, the Plaintiff asserts that the improper joinder arguments are moot since the notice of removal was not timely filed as discussed *Supra.*

Also, the Defendants here have not actively been seeking removal since the complaint was initially filed. Instead they waited over three years after the complaint was first filed to seek removal. The only reason given by the Defendants for this delay is that the initial complaint was not removable because of other non-diverse defendants involved at that time. The Defendants state no reason why they could not have argued fraudulent joinder at that time like they are readily doing now.

The Defendants state that since the Plaintiff has decided not to sue some of the original non-diverse defendants he is guilty of manipulating jurisdiction. This is simply not so. Based on Mississippi Supreme Court law, the Plaintiff was forced to amend his complaint for a third time and the result of this amendment was the dismissal of various defendants as was discussed *Supra*. This does not constitute jurisdictional manipulation especially since the Defendants' right to removal expired in May of 2003. The Plaintiff had absolutely no motivation to manipulate jurisdiction because there was no fear of removal when filing the Third Amended Complaint. Therefore, this case is easily distinguishable from *Tedford* and the equitable exception to § 1446 (b) should not apply to the Third Amended Complaint since the Defendants have continuously failed to show manipulation of the rules for removal jurisdiction on behalf of the Plaintiff.

8

## IV. THIS CASE IS NOT REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION.

The Defendants claim that this case is removable based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are preempted by the Locomotive Boiler Inspection Act (LBIA). The LBIA does not create an independent cause of action for personal injuries and such an action must therefore be brought pursuant to the Federal Employers' Liability Act (FELA). *See Urie v. Thompson,* 337 U.S. 163, 188-89, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).[2] In addition, the Supreme Court stated as follows:

> . . . [T]he Boiler Inspection and Safety Appliance Acts cannot be regarded as statutes wholly separate from and independent of the Federal Employers' Liability Act. They are rather supplemental to it, having the purpose and effect of facilitating employee recover, not of restricting such recovery or making it impossible.

*Urie,* 337 U.S. at 189, 69 S.Ct. at1034. This case was filed under the FELA in state court. The Plaintiff's cause of action arises under FELA and not the LBIA. Federal and state courts have concurrent jurisdiction over actions arising under the FELA. 45 U.S.C. § 56. In relation to FELA, 28 U.S.C. § 1445 (a) provides "[A] civil action in any State court against a railroad or its receivers or trustees, arising under section 1-4 and 5-10 of the Act of April 22, 1908 [45 U.S.C. 51-54, 55-60 (FELA)] may not be removed to any district court of the United States." Therefore, this case was properly filed in the Circuit Court of Pike County since concurrent jurisdiction between state and federal courts is present under the FELA. Also, pursuant to 28 U.S.C. § 1445 (a) this case is non-removable and should be remanded to the Circuit Court of Pike County.

---

[2]It is noteworthy that *Urie* involved an appeal from the Missouri Supreme Court in which an action involving both FELA and LBIA was allowed to be litigated in state court with no preemption issues discussed in regards to the LBIA. Therefore, it is very plausible that the LBIA does not completely preempt the Plaintiff's claims, and the Plaintiff is allowed to bring his cause of action in state court.

The United States Supreme Court has held "because the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action." *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485, 116 S.Ct. 2240, 2250 (1996). The initial test for all preemption cases is to "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed.1447 (1947)*; Hillsborough County v. Automated Medical Laboratories, Inc.,* 471 U.S. 707, 715-16, 105 S.Ct. 2371, 2376, 85 L.Ed.2d 714 (1985); cf. *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 22, 107 S.Ct. 2211, 2223, 96 L.Ed.2d 1 (1987).   Also, the Fifth Circuit has held that the removal statutes are to be strictly construed against removal. *Herron v. Continental Airlines, Inc.,* 73 F.3d 57, 58 (5th Cir. 1996).   Unfortunately, the Locomotive Boiler Inspection Act has no preemption clause associated with it, so Congress' clear and manifest purpose is not directly known. Therefore, it has been left to the courts to decide the preemptive effect of this statute.

*Napier v. Atlantic Coast Line R.R. Co.,* 272 U.S. 605 (1926), upon which the Defendants rely, involved state statutes that prescribed that Railroad companies add various components to their locomotives, in particular an automatic door to the firebox and a cab curtain. There are no such statutes involved here.   This is not a question of whether a State can impose regulations or requirements upon a locomotive carrier, but whether a locomotive *manufacturer* can be held liable for negligence based upon defects in the products they manufactured. The Plaintiff submits that the manufacturer can be held negligent for tortious injuries caused by one of their products.   "The text of the BIA strongly suggests that Congress did not intend to insulate railroad manufacturers from liability under state common law." *Lorince v. Southern Pennsylvania Transp. Auth,* 34 F.Supp2d

10

929, 933 (E.D. Pa. 1998).[3]

The BIA only refers to "railroad carriers", and manufacturers are not mentioned within the BIA, and it is questionable whether they should be covered by this Act. The Supreme Court in *Napier* did mention the "design, the construction, and the material of every part of the locomotive . . ." in regard to carriers, but the Supreme Court did not specifically mention preemption in regard to manufacturers. *Napier*, 272 U.S. at 611-13. In *Lorince*, the District Court reasoned that the distinction between manufacturer and carrier does not require inquiring into the purpose of the legislation, but rather only "identifying the defendant's line of work." 34 F.Supp.2d at 934. The District Court went on to hold "[T]he statute's text does not mention railroad manufacturers, its structure does not invite reading them into it, and federalism and history counsel leaving them out." *Id.* Therefore, claims against manufacturers should not be preempted by the LBIA and no federal question jurisdiction exists.

The Seventh Circuit considered the preemption issue also and stated "[W]e see nothing in the Locomotive Inspection Act to indicate that Congress 'clearly intended completely to replace state law with federal law and create a federal forum' at the same time." *Adkins v. Illinois Cent'l Railroad Co.*, 326 F.3d 828, 835 (7th Cir. 2003); quoting *Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001). The Seventh Circuit stated that the BIA may possibly present conflict preemption as to some or all of the claims, but that conflict preemption is only a defense to the merits of the claim. *Adkins*, 326 F. 3d at 835; citing *Voorhees*, 272 F.3d at 403. Federal question

---

[3]At the time of original enactment of the BIA, it is worthy to note that the common law of privity disallowed most all suits against manufacturers. *See Viad Corp. V. Superior Court of Los Angeles County*, 55 Cal.App.4th 330, 338, 64 Cal.Rptr.2d 136 (1997). Therefore it is very probable that the original enactors had no intent to include or consider suits against manufacturers when enacting the BIA.

jurisdiction is not created by conflict preemption with regards to the well-pleaded complaint rule. *Id.* The Plaintiff's well pleaded complaint involves claims brought pursuant to the FELA which allows for concurrent jurisdiction in state court. The Plaintiff's Complaint also involves multiple defendants that would not fall under the purview of the LBIA and would only be subject to common law tort liability which has largely been left for the police powers of the States. Therefore, since complete preemption does not exist, there is no federal question jurisdiction.

Since the Plaintiff's claim was brought pursuant to the FELA and removal of FELA claims is barred by § 1445 (a), this action should be remanded to the Circuit Court of Pike County. Accordingly, the Plaintiff asks that the Motion to Remand be granted.

### V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Pike County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 13th day of February, 2006.

Respectfully submitted,

By: ___/s/ John T. Givens_____
     John T. Givens
     Attorney for Plaintiffs

12

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile:  (601) 957-7366

William S. Guy, MSB No. 5083
LAW OFFICES OF WILLIAM S. GUY
Post Office Box 509
909 Delaware Avenue
McComb, Mississippi  39649-0509
Telephone:  (601) 684-2793
Facsimile:   (601) 249-2507

## CERTIFICATE OF SERVICE

I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing of this **REPLY TO OPPOSITION** to all counsel of record.

This, the 13th day of February, 2006.

                    /s/ John T. Givens
                    JOHN T. GIVENS

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TOM HUDSON**                                                      **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 1:06CV00031WJG**

**OWENS-ILLINOIS, INC., ET AL.**                                    **DEFENDANTS**

---

**PLAINTIFF'S REPLY AND MEMORANDUM IN**
**SUPPORT THEREOF TO DEFENDANT'S**
**OPPOSITION TO MOTION TO REMAND**

---

COMES NOW, the Plaintiff, by and through counsel, and files this his Reply and

Memorandum in Support Thereof to Defendant's Response in Opposition to Plaintiff's Motion to

Remand, and in support thereof states the following:

**I. THE NOTICE OF REMOVAL WAS NOT TIMELY PURSUANT TO 28**
**U.S.C. § 1446 (B).**

No matter how the Defendants wish to slice it, the Notice of Removal was not timely

pursuant to 28 U.S.C. § 1446 (b) which states:

> If the case stated by the initial pleading is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise,
> of a copy of an amended pleading . . . from which it may first be ascertained that the
> case is one which is or has become removable, **except that a case may not be**
> **removed on the basis of jurisdiction conferred by section 1332 of this title more**
> **than 1 year after commencement of the action**.

(emphasis added).   If a party is seeking removal based on diversity of citizenship there are two time

restrictions that must be complied with under § 1446 (b).   The case must be removed within thirty

days of receipt of the initial pleading or amended pleading, or the case must be removed within one

year after the action is commenced.   28 U.S.C. § 1446 (b).   The Defendants continually ignore the

complete reading of § 1446 (b) by only focusing on the initial pleading language, which the Third Amended Complaint is not, and ignoring the one-year limitation language. According to Rule 3 of the Mississippi Rules of Civil Procedure, an action in Mississippi commences upon the filing of a complaint. The second amended complaint, which was in compliance with then Mississippi law, was filed on May 15, 2002. This is the complaint from which this action was ordered to be severed. Therefore, the relevant date for removal is May 15, 2002, over three years before the filing of the Defendants' Notice of Removal. While it is true, as the Defendants state in their response, that the Defendants removed within thirty days of the Third Amended Complaint, it is irrelevant as the Defendants have attempted removal outside the one-year limitation of § 1446 (b) since these complaints were originally filed in 2002. The Third Amended Complaint is nothing more than a continuation of the initial complaint, and it is not a new suit begun on that day of filing.

The question that is rightfully before this Court is whether a removal is timely based on an amended complaint and the relation back doctrine pursuant to Rule 15 of the Mississippi and Federal Rules of Civil Procedure. The timeliness of removal is nothing more than "an exercise in statutory interpretation." *Sledz v. Flintkote Company,* 209 F.Supp.2d 559, 562 (D. Md. 2002). *Sledz* is a case directly on point. In *Sledz*, a plaintiff who suffered from mesothelioma filed an initial complaint on March 28, 2001 against 24 defendants that included non-diverse defendants. 209 F.Supp.2d at 560. Flintkote was not added into the action until about ten months later. *Id.* A Seventh Amended Complaint was filed on April 24, 2002 against 35 defendants after Plaintiff had added and dismissed various defendants. *Id.* Flintkote then filed its notice of removal on June 17, 2002 more than a year after the action had been commenced. *Id.*

The District Court of Maryland relied on *Sasser v. Ford Motor Co.,* 126 F.Supp.2d 1333

2

(M.D. Ala. 2001) to resolve the issue similar to these facts. *Sledz*, 209 F.Supp.2d at 563. In *Sasser*, the plaintiff filed suit against non-diverse defendants on July 31, 1998, and on October 12, 1999, the plaintiff filed an amended complaint adding Ford, a diverse defendant. 126 F. Supp.2d at 1334. In March of 2000, the claims against the non-diverse defendants were dismissed and Ford filed a notice of removal. *Id.* at 1335. In finding that Ford failed to satisfy the one-year requirement of § 1446 (b) and granting Plaintiff's Motion to Remand, the court reasoned that commencement of the action occurred at the time of the filing of the initial complaint because removal statutes are to be narrowly and strictly construed and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1336; quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994); *See* also *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992). The Court in *Sasser* took note that Congress chose not to make § 1446 (b) party or claim specific. *Id.*

The District Court of Maryland granted the Plaintiff's Motion to Remand and also rejected Flintkote's claims of the plaintiff's jurisdictional manipulation since the record did not support it. *Sledz,* 209 F.Supp.2d at 563-64. The record here does not support jurisdictional manipulation either because the Plaintiffs originally filed this action in compliance with Mississippi law, which was subsequently changed by *Harold's Auto Parts, Inc. v. Mangialardi,* 889 So. 2d 493 (Miss. 2004). The severance of the Plaintiffs had no effect on the original filing date and this case should be remanded.

In the present action, the Plaintiff had filed suit initially on or about May 15, 2002 against numerous defendants. The initial action was ordered to be severed. Through a Third Amended Complaint dismissing various defendants, the Plaintiff filed this action on or about December 13, 2005, which was a continuation of the initial action. The December filing date is not of importance

3

for timeliness of removal though, because removal relates back to when the action was commenced which was in 2002. As in *Sledz,* where removal was attempted about a year and three months after the action was commenced, the Defendants here have tried removal more than three years after the Plaintiff commenced this action. This is not allowed by § 1446 (b) as will be discussed *Infra.*

The Northern District of Mississippi has held that "the statutory language is unambiguous in providing that no diversity case may be removed more than one year after commencement of the lawsuit." *Hill v. Ascent Assurance, Inc.,* 205 F.Supp.2d 606, 614 (N.D. Miss. 2002); quoting *Jenkins v. Sandoz Pharmaceuticals Corp.,* 965 F.Supp. 861, 869 (N.D. Miss. 1997). In *Hill,* as is the case here, the court was faced with the question of "when to measure the date of commencement." 205 F.Supp.2d at 614. The court clearly stated that "dismissing a defendant . . . does not affect when a cause of action commences . . . ." *Id.* at 615. "Section 1446 (b) does not contain a provision allowing for a new party or claim to reset the one-year time period." *Id.* at 613. The court noted that adding a plaintiff would affect when the action was commenced. *Id.* at 615.

In this case, various defendants were dismissed, but no new plaintiffs were added. Therefore, according to overwhelming authority this action was commenced in 2002, and the Defendants' removal was well outside the one year limitation provided by § 1446 (b). In addition, the Plaintiff was not even required to sue the non-diverse Defendants to prevent removal since the one-year limitation for removal had long expired.

## II. THE THIRD AMENDED COMPLAINT IS NOT A NEW "INITIAL PLEADING" AS CONTEMPLATED BY 28 U.S.C. § 1446 (b).

The Defendants argue that the Third Amended Complaint is an "Initial Pleading" and therefore this action was actually commenced on December 13, 2005, making their removal timely.

4

If the Defendants were allowed to prevail on the initial pleading theory, the Plaintiff would be barred from even filing this action based on the statute of limitations. This amendment to the complaint falls under Rule 15 (c) of the Mississippi Rules of Civil Procedure and therefore relates back to the date of the original pleading which was May 15, 2002. Just because this action has a new cause number does not mean that this action is a "new action" as Defendants allege. This action has a new cause number because it was transferred to an entirely different county than where it was originally filed, but at its heart, this action is still the same action that was filed in May of 2002 minus various defendants.

The Defendants state that they should not be prevented from removing because the case was mis-joined and improperly filed under Mississippi law. This is only partially true because at the time this action was filed in 2002 it was properly joined and filed in compliance with Mississippi law regarding joinder. Subsequently, the Mississippi Supreme Court strictly construed the joinder and pleading rules and forced the plaintiff to amend his complaint and re-file in the proper venue. The change in joinder and pleading rules did not change Plaintiff's legal theory of liability and recovery, it simply disallowed mass joinder of plaintiffs.

The Defendants also state several times the Third Amended Complaint named several different Defendants. The Third Amended Complaint did not name any new **different** defendants, it simply did not name all of the defendants that were in the original complaint.[1] Therefore, the Third Amended Complaint is a continuation of the original action filed in May of 2002 and removal by the Defendants is not timely.

---

[1]This is a result of various reasons. Numerous Defendants either settled or were properly dismissed over the course of litigating this case.

5

### III. THE PLAINTIFF HAS NOT MANIPULATED JURISDICTION TO DEFEAT DIVERSITY JURISDICTION AND THEREFORE THE ONE-YEAR EQUITABLE EXCEPTION SHOULD NOT APPLY.

The Defendants rely on a Fifth Circuit Case to state that the running of said time period was tolled pursuant to the equitable exception to 28 U.S.C. § 1446 (b). *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2000). The Defendants have misinterpreted *Tedford* as applying to these facts, and the equitable exception does not and should not apply to these facts. The Fifth Circuit in *Tedford* held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446 (b) be extended." 327 F.3d at 428-29. The Plaintiff in *Tedford* could not state a valid claim against the sole non-diverse defendant, and therefore, only hours after learning of the Defendant's intent to remove, the Plaintiff amended her complaint to add her own physician. *Id.* at 427. The Plaintiff in *Tedford* then signed a Notice of Nonsuit against her physician and post-dated the Notice prior to the expiration of the one-year period. *Id.* The Notice of Nonsuit was not filed and Warner-Lambert was not notified of the Notice until after the expiration of the one-year period from the initial filing of the complaint. *Id.* at 427-28. In addition the Defendants in *Tedford* were actively trying to remove the case from the beginning. *Id.* at 428.

Here, the Plaintiff has attempted no manipulation of the statutory rules for determining federal removal jurisdiction. The non-diverse Defendants in the present case have been involved since the complaint was filed on May 15, 2002. At the time of the initial filing in May of 2002, all defendants and plaintiffs were properly joined under existing Mississippi law. It was not until the Mississippi Supreme Court changed Mississippi's joinder and pleading rules that the Plaintiff was

6

forced to file this Third Amended Complaint. A valid claim has and continues to be stated against the non-diverse Defendants in the present case. It is of no consequence that E.K. Strahan was dismissed by order of non-suit and dismissal, since this dismissal was without prejudice. Therefore, the Plaintiff is free to bring E.K. Strahan back into the action which he has clearly done. The affidavit of James Dickerson provided by the Defendants potentially has no bearing on this suit. There is no proof that James Dickerson was involved with E.K. Strahan during the alleged exposure dates. Most of these dates are over twenty years ago. Therefore, it would be quite possible that James Dickerson would have no knowledge of whether E.K. Strahan supplied or sold asbestos containing products to the work site stated in the Third Amended Complaint.

The Defendants continually argue that the Plaintiff can not state a colorable cause of action against the non-diverse defendants and therefore they were fraudulently joined. In regards to this issue, the Plaintiff rests his arguments on those put forth in his Motion to Remand. In addition, the Plaintiff asserts that the improper joinder arguments are moot since the notice of removal was not timely filed as discussed *Supra*.

In addition, the Defendants here have not actively sought removal since the complaint was initially filed. Instead, the Defendants waited over three years after the complaint was first filed to seek removal. The only reason given by the Defendants for this delay is that the initial complaint was not removable because of other non-diverse defendants involved at that time, and the Defendant could not tell which of the 248 plaintiffs were asserting claims against them or any other defendant. It is evident from the initial complaint that the plaintiffs were suing all defendants named. The Defendant's reasoning for not initially seeking removal must fail since most of the same defendants have been involved in the action since it was commenced. Also, the Defendant was put on notice

7

that he was being sued by the fact they were named in the initial complaint. The Defendant fails to state a valid reason for failing to seek removal in 2002 like they are so readily doing now.

The Defendants state that since the Plaintiff has decided not to sue some of the original non-diverse defendants he is guilty of manipulating jurisdiction. This is simply not so. Based on Mississippi Supreme Court law, the Plaintiff was forced to amend his complaint for a third time and the result of this amendment was the dismissal of various defendants as was discussed *Supra*. This does not constitute jurisdictional manipulation especially since the Defendants' right to removal expired in May of 2003. The Plaintiff had absolutely no motivation to manipulate jurisdiction because there was no fear of removal when filing the Third Amended Complaint. Therefore, this case is easily distinguishable from *Tedford* and the equitable exception to § 1446 (b) should not apply to the Third Amended Complaint since the Defendants have continuously failed to show manipulation of the rules for removal jurisdiction on behalf of the Plaintiff. Therefore, the Plaintiff's Motion to Remand should be granted.

## IV. THIS CASE IS NOT REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION.

The Defendants claim that this case is removable based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are preempted by the Locomotive Boiler Inspection Act (LBIA). The LBIA does not create an independent cause of action for personal injuries and such an action must therefore be brought pursuant to the Federal Employers' Liability Act (FELA). *See Urie v. Thompson,* 337 U.S. 163, 188-89, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).[2]

---

[2]It is noteworthy that *Urie* involved an appeal from the Missouri Supreme Court in which an action involving both FELA and LBIA was allowed to be litigated in state court with no preemption issues discussed in regards to the LBIA. Therefore, it is very plausible that the LBIA does not completely preempt the Plaintiff's claims, and the Plaintiff is allowed to bring his cause

In addition, the Supreme Court stated as follows:

> . . . [T]he Boiler Inspection and Safety Appliance Acts cannot be regarded as statutes
> wholly separate from and independent of the Federal Employers' Liability Act. They
> are rather supplemental to it, having the purpose and effect of facilitating employee
> recovery, not of restricting such recovery or making it impossible.

*Urie,* 337 U.S. at 189, 69 S.Ct. at1034. This case was filed under the FELA in state court. The

Plaintiff's cause of action arises under FELA and not the LBIA. Federal and state courts have

concurrent jurisdiction over actions arising under the FELA. 45 U.S.C. § 56. In relation to FELA,

28 U.S.C. § 1445 (a) provides "[A] civil action in any State court against a railroad or its receivers

or trustees, arising under section 1-4 and 5-10 of the Act of April 22, 1908 [45 U.S.C. 51-54, 55-60

(FELA)] may not be removed to any district court of the United States." Therefore, this case was

properly filed in the Circuit Court of Pike County since concurrent jurisdiction between state and

federal courts is present under the FELA. Also, pursuant to 28 U.S.C. § 1445 (a) this case is non-

removable and should be remanded to the Circuit Court of Pike County.

The United States Supreme Court has held "because the States are independent sovereigns

in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law

causes of action." *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485, 116 S.Ct. 2240, 2250 (1996). The

initial test for all preemption cases is to "start with the assumption that the historic police powers of

the States were not to be superseded by the Federal Act unless that was the clear and manifest

purpose of Congress." *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91

L.Ed.1447 (1947)*; Hillsborough County v. Automated Medical Laboratories, Inc.,* 471 U.S. 707,

715-16, 105 S.Ct. 2371, 2376, 85 L.Ed.2d 714 (1985); cf. *Fort Halifax Packing Co. v. Coyne,* 482

---

of action in state court.

9

U.S. 1, 22, 107 S.Ct. 2211, 2223, 96 L.Ed.2d 1 (1987). Also, the Fifth Circuit has held that the removal statutes are to be strictly construed against removal. *Herron v. Continental Airlines, Inc.,* 73 F.3d 57, 58 (5th Cir. 1996). Unfortunately, the Locomotive Boiler Inspection Act has no preemption clause associated with it, so Congress' clear and manifest purpose is not directly known. Therefore, it has been left to the courts to decide the preemptive effect of this statute.

*Napier v. Atlantic Coast Line R.R. Co.,* 272 U.S. 605 (1926), upon which the Defendants rely, involved state statutes that prescribed that Railroad companies add various components to their locomotives, in particular an automatic door to the firebox and a cab curtain. There are no such statutes involved here. This is not a question of whether a State can impose regulations or requirements upon a locomotive carrier, but whether a locomotive *manufacturer* can be held liable for negligence based upon defects in the products they manufactured. The Plaintiff submits that the manufacturer can be held negligent for tortious injuries caused by one of their products. "The text of the BIA strongly suggests that Congress did not intend to insulate railroad manufacturers from liability under state common law." *Lorince v. Southern Pennsylvania Transp. Auth,* 34 F.Supp2d 929, 933 (E.D. Pa. 1998).[3]

The BIA only refers to "railroad carriers", and manufacturers are not mentioned within the BIA, and it is questionable whether they should be covered by this Act. The Supreme Court in *Napier* did mention the "design, the construction, and the material of every part of the locomotive . . ." in regard to carriers, but the Supreme Court did not specifically mention preemption in regard

---

[3]At the time of original enactment of the BIA, it is worthy to note that the common law of privity disallowed most all suits against manufacturers. *See Viad Corp. V. Superior Court of Los Angeles County,* 55 Cal.App.4th 330, 338, 64 Cal.Rptr.2d 136 (1997). Therefore it is very probable that the original enactors had no intent to include or consider suits against manufacturers when enacting the BIA.

10

to manufacturers. *Napier,* 272 U.S. at 611-13. In *Lorince,* the District Court reasoned that the distinction between manufacturer and carrier does not require inquiring into the purpose of the legislation, but rather only "identifying the defendant's line of work." 34 F.Supp.2d at 934. The District Court went on to hold "[T]he statute's text does not mention railroad manufacturers, its structure does not invite reading them into it, and federalism and history counsel leaving them out." *Id.* Therefore, claims against manufacturers should not be preempted by the LBIA and no federal question jurisdiction exists.

The Seventh Circuit considered the preemption issue also and stated "[W]e see nothing in the Locomotive Inspection Act to indicate that Congress 'clearly intended completely to replace state law with federal law and create a federal forum' at the same time." *Adkins v. Illinois Cent'l Railroad Co.,* 326 F.3d 828, 835 (7th Cir. 2003); quoting *Voorhees v. Naper Aero Club, Inc.,* 272 F.3d 398, 403 (7th Cir. 2001). The Seventh Circuit stated that the BIA may possibly present conflict preemption as to some or all of the claims, but that conflict preemption is only a defense to the merits of the claim. *Adkins,* 326 F. 3d at 835; citing *Voorhees,* 272 F.3d at 403. Federal question jurisdiction is not created by conflict preemption with regards to the well-pleaded complaint rule. *Id.* Here, the Plaintiff's well pleaded complaint involves claims brought pursuant to the FELA which allows for concurrent jurisdiction in state court. The Plaintiff's Third Amended Complaint also involves multiple defendants that would not fall under the purview of the LBIA and would only be subject to common law tort liability which has largely been left for the police powers of the States. Therefore, since complete preemption does not exist, there is no federal question jurisdiction.

Since the Plaintiff's claim was brought pursuant to the FELA and removal of FELA claims is barred by § 1445 (a), this action should be remanded to the Circuit Court of Pike County.

11

Accordingly, the Plaintiff asks that the Motion to Remand be granted.

## V. REMAND RELATED DISCOVERY IS NOT WARRANTED IN THIS CASE.

Remand related discovery is not warranted in this case since the Defendant's removal was untimely as discussed *Supra*. The Plaintiff respectfully submits that his Motion to Remand should be granted without further delay.

## VI. CONCLUSION.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Pike County, Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C. § 1447(c).

DATED this the 27th day of February, 2006.

Respectfully submitted,

By:   /s/ John T. Givens
     John T. Givens
     Attorney for Plaintiffs

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768
Telephone: (601) 957-1173
Facsimile: (601) 957-7366

William S. Guy, MSB No. 5083
LAW OFFICES OF WILLIAM S. GUY
Post Office Box 509
909 Delaware Avenue
McComb, Mississippi  39649-0509
Telephone:  (601) 684-2793
Facsimile:   (601) 249-2507

## CERTIFICATE OF SERVICE

I, John T. Givens, hereby certify that on February 27, 2006 I electronically filed the foregoing

with the Clerk of the Court using the ECF system which sent notification of such filing to following:

> Mary Van Slyke
> Page, Mannino, Peresich, & McDermott, PLLC
> Post Office Drawer 289
> Biloxi, Mississippi 39533
>
> *Attorney for Defendant*

In addition the ECF system sent notification to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants:

> NONE

/S/ John T. Givens
JOHN T. GIVENS

**EXHIBIT**

"D"

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Philip J. Chapman
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

John T. Givens
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236

William S. Guy
Law Offices of William S. Guy
909 Delaware Avenue, P.O. Box 509
McComb, MS 39649-0509

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

James G. House, III
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert R. McKee
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

C. A. Mclain
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Robert H. Pedersen
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Simine B. Reed
Forman Perry Watkins Krutz & Tardy
One Jackson Place
188 East Capitol Street Suite 200
Jackson, MS 39201

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Susan L. Steffey
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Karl R. Steinberger
Williams, Heidelberg, et al.
P.O. Drawer H
Pascagoula, MS 39568

Joseph J. Stroble
Watkins & Eager
The Emporium Building, Suite 300
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289