JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** MAY – 4 2006

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

FILED
CLERK'S OFFICE
**MDL DOCKET NO. 875**

This Document Relates To:
**RICKEY J. BROWN and
ONE HUNDRED FOUR OTHER INDIVIDUAL
CASES, MORE FULLY DESCRIBED
ON EXHIBIT "A" ATTACHED HERETO
v. OWENS-ILLINOIS, INC., ET AL.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RICKEY J. BROWN and
ONE HUNDRED FOUR OTHER INDIVIDUAL
CASES, MORE FULLY DESCRIBED
ON EXHIBIT "A" ATTACHED HERETO**                                    **PLAINTIFFS**

**VS.**            **CIVIL ACTION NOS. : 1:05CV581WJG - 1:05CV705WJG
and CIVIL ACTION NOS.: 1:06CV014WJG - 1:06CV033WJG**

**OWENS-ILLINOIS, INC., ET AL.**                                    **DEFENDANTS**

**DEFENDANT'S RESPONSE AND BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 260**

Comes now Defendant Owens-Illinois, Inc. d/b/a/ "O-I", by and through its counsel of

record, and submits this Response and Brief in Opposition to Plaintiffs' Motion to Vacate The

Conditional Transfer Order (CTO-260) pertaining to the above-referenced cases currently pending

in the Southern District of Mississippi, and states as follow:

1.       On July 29, 1991, the Judicial Panel on Multidistrict Litigation transferred a total of

26,639 asbestos cases to the United States District Court for the Eastern District of Pennsylvania for

coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, and the Asbestos

# OFFICIAL FILE COPY

**IMAGED** MAY – 4 2006

Products Liability Litigation, MDL Docket No. 875, (hereinafter "MDL 875") was created. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp 415, 424-25 (J.P.M.L. 1991). Since the date, 80,464 additional asbestos actions have been transferred for pretrial proceedings in MDL 875. *See* Conditional Transfer Order (CTO-260) attached hereto as Exhibit "A". It is undisputed that these asbestos personal injury actions fall within the general scope of actions to be transferred for such proceedings under the multi-district banner of MDL 875.

      2.    The only argument that Plaintiffs assert to oppose the transfer of the above-referenced cases to MDL 875 is that motions to remand are pending in these cases, which they contend are improperly removed. The Panel has rejected identical arguments against transfer over and over again. In previous transfers to MDL 875, the Panel has made clear on numerous occasions that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." See *e.g.*, MDL-875 Transfer Order, *Deronda Greer et al. v. Baird & Co. et al.*, N.D. Mississippi, C.A. No. 4:03-116 (J.P.M.L. Oct. 27, 2003), at 1, attached hereto as Exhibit "B." In *Greer*, the Panel explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer to MDL 875 stating: "Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest." *Id.* at n.1. In MDL Transfer Order, *Flinn James, et al. v. International Paper Co., et al.* S.D. Mississippi, C.A. No. 1:01-556 (J.P.M.L. Aug. 9, 2002), at 1, f.n.1, attached hereto as Exhibit "C", the Panel rejected plaintiffs' argument in a Southern District of Mississippi case that "transfer should be denied or

deferred in order to permit the resolution of a pending motion to remand the action to state court",

and acknowledge that "[t]here is no need to delay transfer in order to accommodate such an

interest." The Panel has repeatedly held the pendency of a motion to remand cannot defeat transfer

because "jurisdictional and remand motions can be presented to and decided by the transferee

judge." *In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *1-2 (J.P.M.L. Oct. 24, 2000).[1]

    3.     Similarly, this Panel has also considered and rejected the same argument on

numerous occasions dealing with other multidistrict litigation dockets:

> Plaintiffs premise a substantial part of their opposition to transfer on
> the pendency in their actions of motions to remand to state court.
> They urge the Panel not to order transfer before their motions are
> resolved by the transferor court.  We note, however, that remand
> motions can be presented to and decided by the transferee judge. *See,
> e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster
> at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813
> (J.M.P.L. 1973).

MDL 1091 Transfer Order, *Chambliss v. Metropolitan Life Ins. & Annuity Co., et al.*, M.D.

Alabama, C.A. No. 3:00-24 (J.P.M.L. May 30, 2000), at 2,; *see also* MDL 1091 Transfer Order,

*Robert M. Harrington, et al. v. Metropolitan Life Ins. Co., et al.*, M.D. Alabama, C.A. No. 2:99-1218

(J.P.M.L. Feb. 7, 2000), at 2.  This Panel has repeatedly transferred actions to an MDL proceeding

without regard to challenges to jurisdiction, indicating that the transferee court can decide such

matters. *See  In re Crown Life Ins. Co. et al.*, 2001 WL 1636230 (J.P.M.L. Dec. 14, 2001) (finding

that anticipated motion to remand can be presented to transferee judge); *In re Air Crash Disaster

at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973) ("transferee

---

[1] This principle applies here, and the defendant in these actions has asserted, and will continue to assert in MDL 875, that the removals of these actions were entirely proper and valid under the circumstances.

judge has the power to determine the question of remand"); *In re Multidistrict Antitrust Actions Involving Antibiotic Drugs*, 299 F. Supp. 1403, 1405 and n.4 (J.P.M.L. 1969) ("'[t]he fact that [an action] is in district court by removal from a state court has no bearing on a motion [for MDL treatment]'") (citation omitted).

4.    The purpose of the MDL is to establish a single district for coordinated pre-trial proceedings and to provide consistent pre-trial rulings in cases involving common issues of fact. See *Good v. Prudential Ins. Co.* 5 F. Supp.2d 804, 809 (N.D. Cal. 1998); *In Re Air Crash Disaster off Long Island, N.Y.*, 965 F.Supp.5, 7 (S.D.N.Y. 1997); *In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2nd Cir. 1978). Cases such as this, where a motion to remand is pending are particularly appropriate for transfer given that "[t]he transferee judge's familiarity with this docket further the expeditious resolution of the litigation taken as a whole." *In Re Crown Life Ins. Premium Litig.*, 178 F. Supp.2d 1365, 1366 (J.P.M.L. 2001). Thus, the fact that Plaintiffs have moved for remand cannot be grounds to deny transfer of this case to MDL 875, and the Panel should enter a final order transferring this case to the MDL court.

5.    The above-referenced asbestos personal injury cases should be transferred for consolidation in the Asbestos Products MDL proceeding because it is uncontested that there are common questions of fact upon which general discovery must be conducted, pretrial proceedings are in their infant stages, consolidation would be for the convenience of the parties and witnesses, and consolidation would promote the just and efficient conduct of the actions. Moreover, the pending motion to remand filed in each action—the sole basis presented by plaintiffs to oppose transfer—is no impediment to transfer and, in fact, provides an additional reason to transfer these

cases to MDL 875. The Panel has been clear on numerous occasions that this is not a valid basis to oppose transfer of cases that otherwise fall within the scope of MDL 875. Accordingly, Plaintiffs' motion to vacate conditional transfer order (CTO-260) should be denied and these actions should be transferred to the Eastern District of Pennsylvania for coordination and consolidation in MDL 875.

WHEREFORE, Premises Considered, Owens-Illinois, Inc. d/b/a "O-I" respectfully requests that the Judicial Panel on Multidistrict Litigation deny Plaintiffs' Motion to Vacate the Conditional Transfer Order (CTO-260) and forthwith transfer these cases to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

LAURA D. GOODSON (MSB# 101250)
Counsel for Defendant Owens-Illinois, Inc. d/b/a "O-I"

OF COUNSEL:

**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**
200 South Lamar Street
City Centre, Suite 100S
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone:  (601) 960-8600
Facsimile:   (601) 960-3134

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

MAY - 4 2006

I hereby certify that a copy of the above and foregoing along with exhibits has been served

upon the attached Panel Service List (excerpted from CTO-260) by placing copies in the United

States Mail with first-class postage prepaid and filed with the United States District Court for the

Southern District of Mississippi, Southern Division using the CM/ECF system on this the 2nd day

of May, 2006.

LAURA D. GOODSON (MSB# 101250)
Counsel for Defendant Owens-Illinois, Inc. d/b/a "O-I"

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-260) - MDL-875          Page 3 of 4

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Philip J. Chapman
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

John T. Givens
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236

William S. Guy
Law Offices of William S. Guy
909 Delaware Avenue, P.O. Box 509
McComb, MS 39649-0509

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

James G. House, III
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert R. McKee
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

C. A. Mclain
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Robert H. Pedersen
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Simine B. Reed
Forman Perry Watkins Krutz & Tardy
One Jackson Place
188 East Capitol Street Suite 200
Jackson, MS 39201

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Susan L. Steffey
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Karl R. Steinberger
Williams, Heidelberg, et al.
P.O. Drawer H
Pascagoula, MS 39568

Joseph J. Stroble
Watkins & Eager
The Emporium Building, Suite 300
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-260) - MDL-875          Page 4 of 4

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 9 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-260)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Since that time, 80,464 additional actions have been transferred to the Eastern District of Pennsylvania.  With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania.  The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

EXHIBIT

A

### SCHEDULE CTO-260 - TAG-ALONG ACTIONS
### DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

DIST. DIV. C.A. #                   CASE CAPTION

MISSISSIPPI SOUTHERN
| | | |
|---|---|---|
| MSS 1 | 05-581 | Rickey J. Brown v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-582 | James W. Brumfield v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-583 | Ira Buchanan v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-584 | Bobby D. Burkett v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-585 | Ernest Carthan, Jr. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-586 | John H. Cessna v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-587 | Willie W. Chisolm, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-588 | Jerry L. Coon v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-589 | Jewell Crossley, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-590 | Raymond Cyprian v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-591 | Lawrence P. Davis v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-592 | Owen Davis v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-593 | William N. Davis v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-594 | Deer, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-595 | Willie Carter v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-596 | Andrew Brown, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-597 | Carl Brower v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-598 | Omar W. Bounds v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-599 | James S. Baugh, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-600 | Charles E. Banks v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-601 | Gary M. Arceneaux v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-602 | L.C. Adams v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-603 | Geemes H. Smith v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-604 | Wilson D. Steed, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-605 | Jimmy C. Sumrall v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-606 | C.L. Thompson v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-607 | Melvin Tims v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-608 | Doyle T. Turner v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-609 | Eugene D. Turner v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-610 | Alfred J. Tyler v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-611 | Charles E. Vessel v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-612 | Adrian E. Vicknair, Jr. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-613 | Wardell Wash v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-614 | Joe M. White v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-615 | Michael C. White v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-616 | Granderson Williams v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-617 | Andrew D. Woodall, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-618 | Roy Young, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-619 | York Sit v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-620 | Louis E. Simmons v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-621 | Robert W. Sills v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-622 | Wayne T. Rollins v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-623 | Bill T. Robinson v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-624 | Colin N. Roberts v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-625 | Robert Parker v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-626 | Kenneth W. Porter v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-627 | Oles Newsome v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-628 | Matthew Nobles v. Owens-Illinois, Inc., et al. |
| MSS 1 | 05-629 | Henry W. Griffin v. Owens-Illinois, Inc., et al. |

SCHEDULE CTO-260 - TAG-ALONG ACTIONS - MDL-875                          Page 2 of 3

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|

**MISSISSIPPI SOUTHERN**

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| MSS 1 05-630 | Peggy O'Neal Hoyt, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 05-631 | Kenneth Jennings v. Owens-Illinois, Inc., et al. |
| MSS 1 05-632 | Louis Johnson v. Owens-Illinois, Inc., et al. |
| MSS 1 05-633 | Glen E. Jones v. Owens-Illinois, Inc., et al. |
| MSS 1 05-634 | Jake K. Keith v. Owens-Illinois, Inc., et al. |
| MSS 1 05-635 | Charles M. Leggett v. Owens-Illinois, Inc., et al. |
| MSS 1 05-636 | Jimmie P. Lenoir v. Owens-Illinois, Inc., et al. |
| MSS 1 05-637 | Robert L. Lloyd v. Owens-Illinois, Inc., et al. |
| MSS 1 05-638 | Mitchell Magee v. Owens-Illinois, Inc., et al. |
| MSS 1 05-639 | Billy R. Marberry v. Owens-Illinois, Inc., et al. |
| MSS 1 05-640 | Jewel L. McDowell v. Owens-Illinois, Inc., et al. |
| MSS 1 05-641 | Louis B. McFatter v. Owens-Illinois, Inc., et al. |
| MSS 1 05-642 | Robert L. McField v. Owens-Illinois, Inc., et al. |
| MSS 1 05-643 | Robert L. Miller v. Owens-Illinois, Inc., et al. |
| MSS 1 05-644 | Joe Miciotto v. Owens-Illinois, Inc., et al. |
| MSS 1 05-645 | Otis Greer v. Owens-Illinois, Inc., et al. |
| MSS 1 05-646 | Jessie Gardner v. Owens-Illinois, Inc., et al. |
| MSS 1 05-647 | L.C. Fortner v. Owens-Illinois, Inc., et al. |
| MSS 1 05-648 | Clemmie Gales v. Owens-Illinois, Inc., et al. |
| MSS 1 05-649 | Perry R. Ely v. Owens-Illinois, Inc., et al. |
| MSS 1 05-650 | Chester L. Fedrick v. Owens-Illinois, Inc., et al. |
| MSS 1 05-651 | Early J. Ford v. Owens-Illinois, Inc., et al. |
| MSS 1 05-652 | Clarence D. Edwards v. Owens-Illinois, Inc., et al. |
| MSS 1 05-653 | Thomas J. Edwards v. Owens-Illinois, Inc., et al. |
| MSS 1 05-654 | Mary Carter, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 05-696 | Ella Louise Beck, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 05-697 | Roy Campbell, Jr., etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 05-698 | Isaac Colenberg, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 05-699 | Howard Jackson v. Owens-Illinois, Inc., et al. |
| MSS 1 05-700 | Joseph Jones, Sr. v. Owens-Illinois, Inc., et al. |
| MSS 1 05-701 | Alfred E. Mims v. Owens-Illinois, Inc., et al. |
| MSS 1 05-702 | Raquel A. Mims, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 05-703 | Evelyn Pierson, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 05-704 | Rufus Puckett v. Owens-Illinois, Inc., et al. |
| MSS 1 05-705 | Regina Reed, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 06-14 | Albert J. Wyatt, Sr. v. Owens-Illinois, Inc., et al. |
| MSS 1 06-15 | Tommy E. Adams v. Owens-Illinois, Inc., et al. |
| MSS 1 06-16 | James V. Beck v. Owens-Illinois, Inc., et al. |
| MSS 1 06-17 | Alex Fleming, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 06-18 | Demetric Smith, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 06-19 | Governor Lawyer v. Owens-Illinois, Inc., et al. |
| MSS 1 06-20 | Kathy L. Parker, et al. v. Owens-Illinois, Inc., et al. |
| MSS 1 06-21 | Edward L. Perkins v. Owens-Illinois, Inc., et al. |
| MSS 1 06-22 | Bobby Jean Robertson, etc. v. Owens-Illinois, Inc., et al. |
| MSS 1 06-23 | James Sanders v. Owens-Illinois, Inc., et al. |
| MSS 1 06-24 | Tyree Wheeler v. Owens-Illinois, Inc., et al. |
| MSS 1 06-25 | Wardell Brooks v. Owens-Illinois, Inc., et al. |
| MSS 1 06-26 | James M. Carpenter v. Owens-Illinois, Inc., et al. |
| MSS 1 06-27 | Howrd Clark, Sr. v. Owens-Illinois, Inc., et al. |
| MSS 1 06-28 | Ike Ford, Jr. v. Owens-Illinois, Inc., et al. |
| MSS 1 06-29 | Willie Gordon v. Owens-Illinois, Inc., et al. |
| MSS 1 06-30 | Marion Harried v. Owens-Illinois, Inc., et al. |
| MSS 1 06-31 | Tom Hudson v. Owens-Illinois, Inc., et al. |
| MSS 1 06-32 | Nolan E. Taylor v. Owens-Illinois, Inc., et al. |
| MSS 1 06-33 | Roy D. Wroten v. Owens-Illinois, Inc., et al. |

SCHEDULE CTO-260 - TAG-ALONG ACTIONS - MDL-875                    Page 3 of 3

DIST. DIV. C.A. #                    CASE CAPTION

MISSISSIPPI SOUTHERN
 MSS  1  06-109          Willie Dowell Gladwell v. Garlock, Inc.
 MSS  1  06-122          Herman James Kemp v. Garlock, Inc.
 MSS  1  06-123          Mike H. Price, Sr., et al. v. Garlock, Inc.
 MSS  1  06-140          Carlton Delmer Neihaus v. Bondex International, Inc., et al.
 MSS  1  06-141          David Lee Hubbard v. Bondex International, Inc., et al.
 MSS  1  06-145          James David James v. Garlock, Inc., et al.
 MSS  1  06-146          Henry Parker Stevens v. Certainteed Corp., et al.
 MSS  1  06-147          Alvin Monroe Rhodes v. Garlock, Inc., et al.

# INVOLVED COUNSEL LIST (CTO-260)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Michael T. Bartley
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Philip J. Chapman
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Marcy B. Croft
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jessica B. DeGroote
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O Box 22608
Jackson, MS 39225-2608

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Dawn E. Fulce
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John T. Givens
Porter & Malouf, P.A.
P.o. Box 12768
Jackson, MS 39236

William S. Guy
Law Offices of William S. Guy
909 Delaware Avenue
P.O. Box 509
McComb, MS 39649-0509

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Bradley A. Hays
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

James G. House, III
Forman, Perry, Watkins, Krutz
& Tardy
P.o. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Charles S. Lambert, Jr.
LeBlanc & Waddell, LLC
The Essen Centre
5353 Essen Lane
Suite 420
Baton Rouge, LA 70809

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert R. Mckee
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

C. A. Mclain
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Robert H. Pedersen
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

INVOLVED COUNSEL LIST (CTO-260) - MDL-875                    Page 2 of 2

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Simine B. Reed
Forman Perry Watkins Krutz & Tardy
One Jackson Place
188 East Capitol Street Suite 200
Jackson, MS 39201

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Susan L. Steffey
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Karl R. Steinberger
Williams, Heidelberg, et al.
P.O. Drawer H
Pascagoula, MS 39568

Joseph J. Stroble
Watkins & Eager
The Emporium Building, Suite 300
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich
& McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

FILED

2006 Mar-17  PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

*Daronda Greer, et al. v. Baird & Co., et al.,* N.D. Mississippi, C.A. No. 4:03-116
*Herbert C. Ayers, et al. v. Owens-Illinois, Inc., et al.,* D. South Carolina, C.A. No. 2:03-1284
*James W. Blaxius, et al. v. Owens-Illinois, Inc., et al.,* D. South Carolina, C.A. No. 2:03-1288

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Northern District of Mississippi action and two District of South Carolina actions. Movants seek to vacate the Panel's order conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

---

[*] Judges Keenan, Selya and Jensen took no part in the decision of this matter with respect to the Northern District of Mississippi action. Judges Selya and Jensen also took no part in the disposition of this matter with respect to the District of South Carolina *Ayers* action.

[1] Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, and the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate
(continued...)

EXHIBIT

B

- 2 -

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

We note that under Judge Weiner's stewardship, as of October 9, 2003, i) over 73,600 actions have been closed in the transferee district, and ii) over1,250 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these three actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

(...continued)
time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG -9 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

*Flinn James, et al. v. International Paper Co., et al.*, S.D. Mississippi, C.A. No. 1:01-556
*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, W.D. Pennsylvania, C.A. No. 2:02-304

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending, respectively, in the Southern District of Mississippi and the Western District of Pennsylvania. Movants seek to vacate the Panel's orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

*Judge Sear took no part in the decision of this matter.

[1]Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the
(continued...)



EXHIBIT

C

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Plaintiffs in the Western District of Pennsylvania action (*Huber*) seek to exclude *Huber* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries. They urge that *Huber* instead deals exclusively with violations of common law, statutory law and the professional duties owed by defendant lawyers to plaintiff clients whom the lawyers previously represented in state court asbestos personal injury litigation. We are not confident that plaintiffs' claims regarding the caliber of their legal representation can be redressed without an examination of the merits of their underlying personal injury claims, matters which place *Huber* within the purview of MDL-875. Transfer is therefore necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket with respect to such matters as the structuring of settlements, settlement funding, and settlement administration. Finally, we note that the named plaintiffs are already parties to previously transferred MDL-875 actions that remain pending in the transferee district. Thus any inconveniences associated with Section 1407 transfer should be minimal.

We note that under Judge Weiner's stewardship, as of July 24, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,190 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

(...continued)
conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman