

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 12 2006

FILED
CLERK'S OFFICE

DOCKET NUMBER 875

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LIABILITY LITIGATION (NO. VI) | * * * * * |
| THIS DOCUMENT RELATES TO: ANN HAUCK v. BORG WARNER CORP., et al., CIVIL ACTION NO.: 04-1835 MIDDLE DISTRICT OF FLORIDA (ORLANDO DIV.) | * * * * * |

CIVIL ACTION MDL 875

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO VACATE CONDITIONAL REMAND ORDER**

The Plaintiff, by her undersigned attorneys, files the following Opposition to the Defendants' Motion to Vacate Conditional Remand Order and states as follows:

1.  This is an asbestos products-liability case. **In October, 2003**, Ms. Hauck was diagnosed with a rare, incurable asbestos cancer known as malignant mesothelioma. The median survival time for individuals diagnosed with malignant mesothelioma is between four (4) and eighteen (18) months. Roggli et. al., *Pathology of Asbestos-Associated Diseases*, p. 149 (2nd ed. 2003).

2.  Ms. Hauck's condition is further complicated by the fact that, at the time of her diagnosis, the cancer had spread to such an extent that she was not a candidate for radical surgery and/or intra-operative chemotherapy, the palliative treatment that has been most successful in

OFFICIAL FILE COPY

IMAGED MAY 15 2006

prolonging the lives of persons in her condition. As a result, Ms. Hauck has been forced to seek and has been receiving experimental medical treatments in the Bahamas. Ms. Hauck is literally living on borrowed time.

3. Ms. Hauck filed suit on **July 21, 2004** in state court. On **December 16, 2004**, the Defendants removed the case to this Court, based upon allegations of diversity jurisdiction and "fraudulent joinder" despite the fact that the case had been completely diverse from the outset. Ms. Hauck immediately moved for remand. Docket No. 63. The Court heard argument on Ms. Hauck's Motion for Remand on **February 17, 2005.**

4. For months, without explanation, the District Court declined to rule on Ms. Hauck's Motion for Remand or her Motion to Expedite Consideration Prior to May 25, 2005 of Plaintiff's Motion for Remand and Supporting Memorandum of Law. The District Court declined to rule despite Ms. Hauck's repeated efforts to advise the Court of the exigency of her circumstances and the need for expedited consideration.

5. On June 20, 2005, this case was transferred to the Multi-District Litigation Panel ("MDL") controlling asbestos litigation in the Eastern District of Pennsylvania. Since that time, the Defendants have refused to participate in discovery offered by the Plaintiff and have failed to request **any** discovery from the Plaintiff.

6. On two separate occasions, the MDL held settlement/status conferences with all parties to discuss the possibility of resolution of this matter. These talks were fruitless. Moreover, despite the ability to do so and the authorization of the MDL to request additional information from the Plaintiff during the time period between the two status/settlement conferences, the Moving Defendants did not ask for a single piece of information or additional discovery from the Plaintiff.

7. The exigent circumstances of this case have become even more dire in the past

sixteen (16) months, as Plaintiff has struggled to obtain remand of this case from the MDL, while at the same time struggling to stay alive long enough to have her day in Court against those responsible for her terminal illness.

8. Ms. Hauck is entitled to have her case heard in her lifetime. Her case already has been delayed **for nearly a year and a half** as a result of (a) the removal, (b) the delay in ruling on her Motions to Remand, (c) the subsequent transfer to the MDL, and (d) delays in seeking remand from that Court due to the tragic death of Judge Weiner.

9. It would be an inexcusable and wholly avoidable miscarriage of justice if the disposition of this case is not expedited to take every step possible to ensure that Ms. Hauck will obtain a trial in her lifetime. Avoiding this miscarriage of justice requires remand NOW of this matter to the trial court.

10. Prior to removal, the Defendants completed the depositions of Plaintiff's fact witnesses. Ms. Hauck was deposed for three days. Ms. Hauck's mother - who is in her 80s was subjected to hours of deposition. Ms. Hauck's brother, Steven Strelecki, was deposed for two days. Since removal to federal court, the Defendants have refused to participate in any discovery. Plaintiff offered her experts for deposition in connection with their depositions in other pending cases against the Defendants. Defendants' further have failed to seek any other discovery in the more than one year since removal of this matter - despite provisions in the rules of this Court and the MDL that allow for discovery to proceed.

11. Ms. Hauck is absolutely prepared to complete pretrial preparations within 60-90 days of the remand of this case for trial and to fully cooperate with the Defendants so that they have ample opportunity to complete their trial preparations. In this regard, it is important to note that Defendants in the asbestos litigation in Florida routinely complete expert depositions within 45 days of trial. The

interests of justice do not allow Defendants to complain now that they need time for discovery in the MDL when they have chosen to sit on their right to continue discovery for the last sixteen (16) months. Indeed, contrary to the implication of the Defendants regarding the need for additional time for discovery in the MDL, no Defendant has requested any additional information from the Plaintiff since entry of the Conditional Remand Order.

12. The urgency of these requests is not hyperbole. There is no cure for mesothelioma. There is no hope for lasting remission. Ms. Hauck already has exceeded the high-end of the median survival time for persons plagued with this horrific cancer. If she dies before this case proceeds to trial and verdict, her claim dies with her under Florida law.

13. That result would add another layer of tragedy to this already very tragic case. **Ms. Hauck implores this Court to act now;** deny the Defendants' Opposition to the Conditional Remand Order and remand this case to the United States District Court for the Middle District of Florida with instructions to proceed to trial.

WHEREFORE, the Plaintiff, ANN HAUCK, requests that the Panel deny Defendants' Motion to Vacate the Conditional Remand Order and remand this matter to the United States District Court for the Middle District of Florida for immediate trial.

Respectfully Submitted,

DAVID M. LIPMAN
Fla. Bar No.: 280054

JONATHAN RUCKDESCHEL
Fla. Bar No.: 0012875

REBECCA S. SHULL
Fla. Bar No.: 0529915

DAVID M. LIPMAN, P.A  
5901 S.W. 74th Street, Suite 304  
Miami, Florida 33143  
(305) 662-2600

FRANCIS A. ANANIA  
FL Bar No: 160256  
ANANIA, BANDKLAYDER,  
BLACKWELL, BAUMGARTEN,  
TORRICELLA & STEIN  
Bank of America Tower, Suite 4300  
100 S.E. Second Street  
Miami, Florida 33131-2144  
(305) 373-4900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2006, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send electronic notice of the filing to the following Counsel of Record: Francis A. Anania, Esq.; Jeffrey M. Bell, Esq.; Rodd Buell, Esq.; Daniel Garcia, Esq.; Benjamin Girtman, Esq.; Chris Kolos, Esq.; Richard Lauth, Esq. and Gale Cotton Silver, Esq.

I further certify that on March 24, 2006, I furnished true and accurate copy of the foregoing document via U.S. Mail and facsimile to the following non-CM/ECF participants:

Evelyn Fletcher, Esq.  
Hawkins & Parnell, LLP  
4000 One Peachtree Center  
303 Peachtree Street N.E.  
Atlanta, Georgia 30308-3243

Henry Bell, Esq.  
Salas, Ede, Peterson & Lage, LLC  
6333 Sunset Drive  
South Miami, Florida 33143

_____
REBECCA S. SHULL
Florida Bar. No. 0529915

DAVID M. LIPMAN, P.A
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143
(305) 662-2600

Counsel for the Plaintiff

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DOCKET NUMBER 875

MAY 12 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ASBESTOS PRODUCTS LIABILITY LIABILITY LITIGATION (NO. VI) | * * * * * |
| THIS DOCUMENT RELATES TO: ANN HAUCK v. BORG WARNER CORP., et al., CIVIL ACTION NO.: 04-1835 MIDDLE DISTRICT OF FLORIDA (ORLANDO DIV.) | | * * * * |

CIVIL ACTION MDL 875

## NOTICE OF FILING PLAINTIFF'S AMENDED CERTIFICATE OF SERVICE FOR PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE CONDITIONAL REMAND ORDER

### CERTIFICATE OF SERVICE

I certify that on May 10, 2006, I furnished additional true and accurate copy of the foregoing document via U.S. Mail to all counsel on the attached Panel Service List (CRO).

REBECCA S. SHULL
Florida Bar. No. 0529915

DAVID M. LIPMAN, P.A
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143
(305) 662-2600

Counsel for the Plaintiff

PANEL SERVICE LIST (CRO)
DOCKET NO. 875           -
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ann Hauck v. Borg Warner Corp., et al.*, E.D. Pennsylvania (M.D. Florida, C.A. No. 6:04-1835)

Jeffrey M. Bell
Bell & Melamed
Spectrum Park I
4901 N.W. 17th Way
Suite 302
Ft. Lauderdale, FL 33309

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
11883 Maidstone Drive
Suite 205
Wellington, FL 33414-7008

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Jana Marie Fried
Foley & Mansfield, PLLP
4770 Biscayne Boulevard
Suite 1000
Miami, FL 33137

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Ben E. Girtman
1020 East Lafayette Street
Suite 207
Tallahassee, FL 32301-4552

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
P.O. Box 1526
Orlando, FL 32801

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

David M. Lipman
David P. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 33143

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Henry Salas
Salas, Ede, Peterson & Lage, LLC
6333 Sunset Drive
South Miami, FL 33143

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rebecca S. Shull
David M. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 32143

Gail Cotton Silver
Davis, Silver & Levy
500 Australian Avenue South
Suite 800
West Palm Beach, FL 33401-5016

PANEL SERVICE LIST (CRO) - MDL-875

Page 2 of 2

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael T. Tomlin
Anania, Bandklayder, Blackwell,
Baumgarten, et al.
NationsBank Tower, Suite 4300
100 Southeast 2nd Street
Miami, FL 33131-2144

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406