

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 17 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION IN**

**RE ASBESTOS PRODUCTS LIABILITY LITIGATION (N0.VI)**

*Ann Hauck v. Borg Warner Corp., et al., E.D. Pennsylvania (M.D. Florida, C.A.*

*No. 6:04-1835)*

### <u>REPLY TO PLAINTIFF"S OPPOSITION TO DEFENDANT'S<br>MOTION TO VACATE CONDITIONAL REMAND ORDER</u>

Defendants, FORD MOTOR COMPANY (Ford) and GENERAL MOTORS

CORPORATION (GM), through their undersigned attorneys, hereby file their Reply to

Plaintiff's Opposition to Defendant's Motion to Vacate Conditional Remand Order and in

support state as follows:

1.      On January 6th, 2005, the U.S. District Court for the Middle District of Florida

issued an Order dismissing Plaintiff's Complaint as to several Defendants including Ford

and GM.  *See* attached Exhibit "A"

2.      On or about January 18th, 2005, Plaintiff filed its Motion to Vacate the Order filed

on January 6th, 2005.  See attached Exhibit "B"

3.      To date, that Motion has not been heard either by the U.S. District Court in the

Middle District of Florida or in the Eastern District of Pennsylvania.

4.      Therefore, unless Plaintiff's Motion to Vacate Order of January 6th, 2005 is

granted, there are no legal grounds for Ford and GM as well as the other Defendants

dismissed by the January 6, 2005 Order to move forward with discovery.

5.      Consequently, we respectfully disagree with Plaintiff's assertion that Ford and

GM have "refused" to participate in discovery.

## OFFICIAL FILE COPY

SALAS, EDE, PETERSON & LAGE, L.L.C.
6333 SUNSET DRIVE, SOUTH MIAMI, FLORIDA 33143 • TELEPHONE: (305) 663-0000 • FACSIMILE: (305) 663-0989

**IMAGED** MAY 17 2006

6.      Furthermore, even if Ford and GM still were Defendants in this action, Plaintiff has not so much as provided one piece of medical or expert discovery since the Fall of 2004 including pathology, a basic piece of discovery needed by the defense in any asbestos litigation.

7.      Despite Plaintiff's failure to provide crucial basic medical and expert documentation in order to conduct meaningful discovery, Plaintiff expects Defendants to defend this case blindly.  Plaintiff would like the defense to plow forward without any independent assessment of the nature of Plaintiff's medical condition.

8.      In addition, Defendants are entitled to take the deposition of any experts, offered by Plaintiff, solely for the purposes of their testimony in this case and not as part of some mass deposition spanning several cases.

9.      Despite their status as dismissed Defendants and lack of discovery from Plaintiff, in order to properly assess their respective positions in this case, Ford and GM and several other Defendants, in good faith, participated in both settlement conferences in the Fall of 2005.

10.     Defendants should not be placed in a position to prepare a defense within "60-90 days" of trial including completing all expert depositions because Plaintiff has chosen not to prosecute this case as diligently as the Plaintiff's condition calls for according to Plaintiff's Response.

        WHEREFORE, Ford and GM respectfully reasserts its request based on the foregoing that the Panel Vacate its Conditional Remand Order.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 17 2006

Respectfully submitted,

FILED
CLERK'S OFFICE

By: _____

HENRY SALAS, ESQUIRE
Fla. Bar No. 815268
ROBERT M. PEREZ, ESQUIRE
Fla. Bar No. 477494
Salas, Ede, Peterson & Lage, LLC.
6333 Sunset Drive
South Miami, Florida 33143
305-663-0000 – Telephone
305-663-0989 – Facsimile
*Counsel for Ford Motor Company
And General Motors Corporation*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on May 16th, 2006, we filed via U.S. Mail the foregoing with the Clerk of the Panel, Michael J. Beck, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Building, Room G-255, North Lobby, Washington D.C. 20002.

_____
HENRY SALAS, ESQUIRE
Fla. Bar No. 815268
ROBERT M. PEREZ, ESQUIRE
Fla. Bar No. 477494

WE FURTHER CERTIFY that we provided the foregoing document via facsimile and/or electronic mail and/or first class U.S. Mail to the attached Panel Service List of Docket 875, *In Re Asbestos Products Liability Litigation* (No. VI).

_____
HENRY SALAS, ESQUIRE
Fla. Bar No. 815268
ROBERT M. PEREZ, ESQUIRE
Fla. Bar No. 477494

**PANEL SERVICE LIST (CRO)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Ann Hauck v. Borg Warner Corp., et al.,* E.D. Pennsylvania (M.D. Florida, C.A. No. 6:04-1835)

Jeffrey M. Bell
Bell & Melamed
Spectrum Park I
4901 N.W. 17th Way
Suite 302
Ft. Lauderdale, FL 33309

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
11883 Maidstone Drive
Suite 205
Wellington, FL 33414-7008

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Jana Marie Fried
Foley & Mansfield, PLLP
4770 Biscayne Boulevard
Suite 1000
Miami, FL 33137

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Ben E. Girtman
1020 East Lafayette Street
Suite 207
Tallahassee, FL 32301-4552

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
P.O. Box 1526
Orlando, FL 32801

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

David M. Lipman
David P. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 33143

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Henry Salas
Salas, Ede, Peterson & Lage, LLC
6333 Sunset Drive
South Miami, FL 33143

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rebecca S. Shull
David M. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 32143

Gail Cotton Silver
Davis, Silver & Levy
500 Austrailian Avenue South
Suite 800
West Palm Beach, FL 33401-5016

PANEL SERVICE LIST (CRO) - MDL-875                              Page 2 of 2

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael T. Tomlin
Anania, Bandklayder, Blackwell,
Baumgarten, et al.
NationsBank Tower, Suite 4300
100 Southeast 2nd Street
Miami, FL 33131-2144

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

1/6/05

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 17 2006

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANN HAUCK,

                          Plaintiff,

-vs-                                          Case No. 6:04-cv-1835-Orl-18DAB

BORG WARNER CORP.,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION, d/b/a Dana
Racine Corporation, f/k/a Spice
Manufacturing Corp.,
FORD MOTOR COMPANY, GENERAL
MOTORS CORPORATION, GENUINE
PARTS CO., GOODYEAR TIRE AND
RUBBER COMPANY, HONEYWELL
INTERNATIONAL, INC., f/k/a Allied-
Signal, Inc., BENDIX CORPORATION,
MACK TRUCKS, INC., MAREMONT
CORPORATION, NAVISTAR
INTERNATIONAL TRANSPORTATION
CORP., PNEUMO ABEX CORPORATION,
STEEL GRIP, INC., f/k/a Industrial
Gloves, Co., f/k/a Steel Grip Safety
Apparel Co., VELLUMOID, INC.,
                          Defendants.

---

## ORDER

This case is before the Court on the following motions:

1.      Motion of Defendant, Daimler Chrysler Corporation to Dismiss Plaintiff's Compliant

(Doc. No. 8, filed in State Court on August 17, 2004);

EXHIBIT

"A"

2.      Motion of Defendants Bridgestone/Firestone North American Tire, LLC, Genuine

Parts Company, Mack Trucks, Inc., and International Truck & Engine Company to Dismiss

Plaintiff's Complaint (Doc. No. 9, filed in State Court on August 17, 2004);

3.      Motion of Defendant Honeywell International, Inc. To Dismiss or Strike Plaintiff's

Complaint (Doc. No. 11, filed in State Court on August 20, 2004);

4.      Motion of Defendant Ford Motor Company to Dismiss and/or Strike (Doc. No. 13, filed

in State Court on August 24, 2004); and

5.      Motion of General Motors Corporation to Dismiss and/or Strike (Doc. No. 14, filed in

State Court on August 24, 2004).

Plaintiff Ann Hauck filed a Complaint in State Court on July 26, 2004, seeking

exemplary and punitive damages from Defendants alleging negligence and strict liability.

Defendant Genuine Parts Company removed this case to this Court on December 16, 2004.

Noting that Plaintiff has not timely responded to the above-listed motions, the Court rules

as follows:

1.      Motion of Defendant, Daimler Chrysler Corporation to Dismiss Plaintiff's Complaint

(Doc. No. 8) is **GRANTED**.

2.      Motion of Defendants Bridgestone/Firestone North American Tire, LLC, Genuine

Parts Company, Mack Trucks, Inc., and International Truck & Engine Company to Dismiss

Plaintiff's Complaint (Doc. No. 9) is **GRANTED** as to Defendants Genuine Parts Company,

Mack Trucks, Inc., and International Truck & Engine Company.  The Motion is **DENIED as**

**moot** as to Defendant Bridgestone/Firestone North America Tire, LLC due to the Notice of

Voluntary Dismissal without Prejudice of Defendant Bridgestone/Firestone North America Tire, LLC, filed by Plaintiff (Doc. No. 19, filed in State Court on December 6, 2004).

3.      Motion of Defendant Honeywell International, Inc. To Dismiss or Strike Plaintiff's Complaint (Doc. No. 11) is **GRANTED**;

4.      Motion of Defendant Ford Motor Company to Dismiss and/or Strike (Doc. No. 13) is **GRANTED**; and

5.      Motion of General Motors Corporation to Dismiss and/or Strike (Doc. No. 14) is **GRANTED**.

        **DONE** and **ORDERED** in Chambers, Orlando, Florida this ___6___ day of January, 2005.

                                        JOHN ANTOON II
                                        United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

-3-

1/18/05

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.: 6:04-CV-1835


ANN HAUCK,

        Plaintiff,

v.

BORG WARNER CORPORATION, et al,


        Defendants,

_____/


## PLAINTIFF'S MOTION TO VACATE ORDER FILED ON JANUARY 6, 2005

Plaintiff, ANN HAUCK, by her undersigned attorneys, pursuant to Federal Rule of Civil Procedure 60 (b), requests relief from the Order filed by this Court on January 6, 2005. As grounds therefore, Ms. Hauck states as follows:

### I. INTRODUCTION

By filing this Motion to Vacate, Plaintiff withdraws previous Motion entitled "Plaintiff's Emergency Motion to Vacate Order Filed on January 6, 2005". This Motion is identical to the previously filed Motion. The only difference is the removal of the word "Emergency" in the Motion's Title, based on this Court's ruling on January 11, 2005.

This is a motion pursuant to Federal Rules of Civil Procedure 60(b) for relief from Order

1

EXHIBIT

"B"

01/18/05

signed on January 6, 2005 granting various Motions to Dismiss and/or to Strike Plaintiff's

Complaint (the "Dismissal Motions"). This Court granted the Dismissal Motions believing them

to be unopposed. Exhibit 1. As discussed below, the Court's Order should be vacated under

F.R.C.P. 60(b) and Eleventh Circuit case law.

First, the Omnibus Case Management Order in the Circuit Court for Dade County had

ruled upon the Dismissal Motions. Exhibit 2. Accordingly, the Dismissal Motions were not

outstanding and this Court erred in treating them as such and entering the January 6, 2005 Order.[1]


Second, to the extent the Dismissal Motions remained outstanding, Plaintiff had properly

noted her opposition to the Dismissal Motions by noticing an "all open motions hearing" in state

court. Florida Rule of Civil Procedure 1.100 does not require written oppositions. Accordingly,

Plaintiff's Notice of Hearing memorialized Plaintiff's opposition to the Dismissal Motions.

Accordingly, the Court erred when it considered the Dismissal Motions to be unopposed.

Third, simultaneous with this Motion, Plaintiff has filed a written opposition to the

Dismissal Motions. Plaintiff first discovered this Court considered the Dismissal Motions

outstanding on Friday January 7, 2005, after close of business, when counsel for a defendant

informed counsel for Plaintiff of the January 6, 2005 Order. The Plaintiff immediately began

contacting the Defendants to request consent to this Motion pursuant to local rule 3.01(D). All

Defendants refused and counsel immediately prepared this Motion and Plaintiff's Opposition to

the Dismissal Motions. The slight delay in filing Plaintiff's Opposition in this Court did not

prejudice the Defendants and was the result of a good faith misunderstanding by Plaintiff's

---

[1] The Plaintiffs do not suggest that the Court was in any way careless in entering the Order. To the contrary, as
discussed at length below, the factual circumstances of this case – the transfer from Dade County to Brevard County
and the presence of the Dade County Omnibus Case Management Order created a unique and misleading situation
where the Dismissal Motions appeared to be outstanding and unopposed when they were not.

2

counsel.  Under these circumstances, well established Eleventh Circuit case law requires that the

January 6, 2005 Order be vacated so the Court can consider the merits of the Dismissal Motions.

Fourth, this Court should vacate this Order because there is a pending jurisdictional

Motion to Remand based on numerous independently dispositive issues. Eleventh Circuit case

law requires that the Court consider jurisdictional issues before reaching the merits of the case.

Here, the Court should vacate the January 6, 2005 Order and consider Plaintiff's Motion to

Remand so that there is no confusion if Remand is granted as to the identity of the Defendants

remaining in the case.[2]

## II. PROCEDURAL HISTORY

This asbestos cancer products liability action was originally filed in Dade County, Florida

on July 21, 2004 and was governed by an Omnibus Case Management Order in Dade County (the

"Omnibus Order").  The Omnibus Order was developed over ten years ago by the Circuit Court

for Dade County, working with representatives of the Plaintiff and Defense bars and reduces the

amount of judicial resources necessary to manage these highly complex cases. As a result of its

efficiency, the system was subsequently implemented in Broward County and Palm Beach

County to manage asbestos products liability suits.

In August 2004, while this case was pending in Dade County, several Defendants filed

the following motions:

> 1.  Motion of Defendant, Daimler Chrysler Corporation to Dismiss Plaintiff's
>     Complaint
>
> 2.  Motion of Defendants Bridgestone/Firestone North American Tire, LLC, Genuine
>     Parts Company, Mack Trucks, Inc., and International Truck & Engine Company

---

[2] While it seems self-evident that, if this Court finds that it lacks jurisdiction and remands the case to state court, the January 6, 2005 Order would have been entered without jurisdiction and be void, counsel for one of the dismissed defendants has indicated to counsel for the Plaintiff that, regardless of the jurisdictional decision on the Motion to Remand, he believes that his client is forever dismissed from the case.

3

to Dismiss Plaintiff's Complaint,

3.      Motion of Defendant Honeywell International, Inc. to Dismiss or Strike Plaintiff's
        Complaint,

4.      Motion of Defendant Ford Motor Company to Dismiss and/or Strike,

5.      Motion of General Motors Corporation to Dismiss and/or Strike.

These Motions are filed by these Defendants in every case and are not case specific. Because
these same pro-forma motions have been filed in thousands of cases, the Omnibus Order contains
provisions that automatically dispose of them. By so doing, the Omnibus Order allows the
parties to preserve for appeal their claims and defenses without the need for the Court to expend
scarce resources with repetitive rulings on identical issues. Because the Omnibus Order operates
automatically, it appears that no notation of its effect on the Dismissal Motions is made on the
docket sheets of individual cases. Thus, to those unfamiliar with this unique case-management
system, the Dismissal Motions appear to remain outstanding.

On October 19, 2004, this case was transferred to Brevard County by agreement of the
parties. In accordance with Florida Rules of Civil Procedure 1.440, Plaintiff filed her Notice of
Trial indicating that the case was at issue in order for the Court to assign the case a trial date. At
the same time, Plaintiff noticed an "all open Motions" hearing for January 26, 2005 to address
any motions Defendants assert are currently pending and that prevent this case from being at
issue, thereby preventing Plaintiff from obtaining a trial date. Brevard County does not follow
the Omnibus Order and it appears that the Circuit Court for Dade County did not forward the
Omnibus Order to Brevard County when it transferred the case.

On December 16, 2004, Defendants removed this case to Federal Court invoking federal
diversity jurisdiction. Pursuant to federal law, the Brevard County Circuit Court forwarded the
case file to this Court. Because it appears that the Brevard County court did not receive the
Omnibus Order with the case file when it was transferred from Dade County, this Court would
not have received the Omnibus Order when it received the case from Brevard County and,
therefore, was unaware of the effect of the Omnibus Order on the Dismissal Motions.

Plaintiff has filed a substantial Motion for Remand and Request for Hearing based on

Defendants' improper removal.  On January 6, 2005, while Plaintiff was drafting her remand motion, this Court granted the Dismissal Motions under the erroneous belief that the Dismissal Motions were outstanding and unopposed.  Plaintiff has filed her opposition to Dismissal Motions as of January 18, 2005.  Failure to vacate this Order would result in extreme prejudice to Plaintiff.  Defendants, however, will not be prejudiced by the minimal delay in filing.  Therefore, based on the facts presented, this Order must be vacated.

<u>III. ARGUMENT</u>

## A. THIS COURT ERRED IN GRANTING DISMISSAL MOTIONS BECAUSE THE MOTIONS WERE NOT PENDING

### 1.    <u>The Omnibus Order</u>

This case was filed on July 21, 2004 in Dade County, Florida.  Dade County's experience with the complex world of the asbestos litigation is reflected in its efficient administration of this docket.  Through the participation of representatives of the Plaintiff and Defense bars, the Circuit Court for Dade County has established an Omnibus Order over ten years ago.  The Omnibus Order has been refined over the years and is now followed in Dade County, Broward County and Palm Beach County.  The tri-county system governed by the Omnibus Order is responsible for the management and resolution of tens of thousands of cases in an inexpensive, expeditious and centralized manner.  While not without its flaws, the system works.

The Third District Court of Appeals has acknowledged the Omnibus Order's efficiency.

> ...We cannot think of a simpler, more expeditious means of affording the plaintiff the opportunity to allege his claim or claims than was provided in the amended Omnibus Orders.

<u>Gallagher, et al v. Fibreboard Corporation</u>, 641 So. 2d 953, 955 (3rd DCA 1994).  Indeed, in the quoted language above, the <u>Gallagher</u> court was specifically discussing the provisions in the Omnibus Order that strikes all other claims other than negligent failure to warn and strict liability.  <u>Id.</u>[3]

---

[3] This portion of the Omnibus Order is the same portion of the Omnibus Order that automatically addressed the arguments in the Dismissal Motions that request dismissal based on inclusion in Plaintiff's complaint of claims other than negligence and strict liability

5

Based on current Florida law, the Omnibus Order addresses what causes of action Plaintiffs are allowed to maintain and **automatically** dismisses any other claims not recognized. In fact, the Omnibus Order addresses all of the arguments advanced in the Dismissal Motions. Accordingly, despite the appearance to the contrary when this Court received the file, the Dismissal Motions were not outstanding.

### 2.    The Dismissal Motions and The Omnibus Order.

The Dismissal Motions collectively argue (1) that Plaintiff's complaint contains causes of action other than negligent failure to warn and strict liability, (2) that the complaint fails to set forth Plaintiff's claims with sufficient particularity and (3) that Plaintiff's claims for punitive damages should be stricken. The Omnibus Order addresses each of these arguments.

### i.    The Omnibus Order Grants Defendants' Motion To Dismiss All Claims Other Than Negligence And Strict Liability.

Addressing this exact argument contained in the Dismissal Motions, the Omnibus Order states in pertinent part:

> All substantive causes of action in any Master Original or Master Amended Complaint other than the torts or negligent failure to warn and strict products liability are hereby dismissed without leave to amend. All causes of action based upon theories of breach of warranty, whether expressed or implied, fraud or negligent misrepresentation, intentional infliction of emotional distress, and civil conspiracy are therefore dismissed from the action and stricken from the Complaints.

Exhibit 1. ¶ I. Amended Omnibus Order on Defendants' Rule 1.140 and Rule 1.070(j) Motions to Dismiss, to Strike, and For More Definite Statement in Asbestos Personal Injury Litigation, p.1. The Omnibus Order automatically renders moot any arguments based on Plaintiff's inclusion of other causes of action in her complaint.

Lest there be any debate about the automatic operation of the Omnibus Order in this regard, the Omnibus Order specifically states:

> It is not necessary for defendants to file and serve separate motions to dismiss and separate answers and affirmative defenses in individual cases.  Defenses enumerated in Florida Rules of Civil

6

> Procedure 1.140 (b) and 1.110 (d) should be set forth in
> defendants' answer, and may be set for hearing in individual cases
> upon proper notice in accordance with the Court's Omnibus Order
> on Trial Settings, Discovery, and Product Identification where
> appropriate, to the extent such defenses are not adjudicated by this
> Order. (emphasis added).

Id. at p. 2 (emphasis added).[4]  In conclusion, the specific language of the Omnibus Order not only automatically disposed of the Defendants Motions to Dismiss claims other than negligence and strict liability, it also specifically holds that the Defendants need not even file such a Motion.

ii.     **The Omnibus Order Denies Defendants' Arguments Regarding Pleading Sufficiency By Instituting The Exposure Sheet System.**

The Dismissal Motions assert that Plaintiff's complaint fails to allege facts identifying Defendant's products that caused Plaintiff's alleged injury or fail to provide adequate information regarding exposure to Defendants' products.  These argument and any other motions for a more definite statement are disposed of by the Omnibus Order, which institutes an "exposure sheet" system.

> this Court has required that plaintiffs file and serve an exposure
> sheet identifying the products, dates and places of each exposure to
> each defendants' asbestos-containing products.    Accordingly,
> defense motions for a more definite statement pursuant to Rule
> 1.140 (e) are hereby DENIED.

> Id. at  p. 3.

> Accordingly, the portions of the Dismissal Motions that raise objections to the
> level of particularity in the complaint were automatically disposed of by the
> Omnibus Order.

iii.     **The Omnibus Order Automatically Strikes Claims For**

---

[4] The automatic operation of the Omnibus Order is further confirmed by the fact that Florida law prevents trial settings until cases are at issue.  Cases in filed in Dade County, as well as Broward County and Palm Beach County governed by identical Omnibus Orders are set for trial without case-specific ruling on these motions. Accordingly, the Omnibus Order must operate as worded in each case -- without the need for case specific ruling or docket entry -- or Dade, Broward and Palm Beach counties have illegally set trials in tens of thousands of cases over the years.

7

## Punitive Damages Pending Later Proffer By Plaintiffs.

Finally, the Dismissal Motions argue that Plaintiff has not made the required proffer of evidence required in Florida to pursue punitive damages. Again, the Omnibus Order directly addresses claims for punitive damages and declares:

> Pursuant to Fla. Stat. § 768.72, all allegations in any original or amended complaint alleging claims for punitive damages are hereby stricken.

Id. Again, the direct language of the Omnibus Order specifically addressed and disposed of the Dismissal Motions' arguments regarding punitive damages.

### iv.   The Repeated Transfers Of This Case And The Automatic Operation Of The Omnibus Order Created The Misleading Appearance That The Dismissal Motions Were Outstanding.

The Omnibus Order directly and automatically disposed of each argument in the Dismissal Motions and alleviated the need for Plaintiff to answer or oppose the Dismissal Motions filed in Dade County. As intended by the Omnibus Order (which is designed to reduce the time and paperwork required to administer these complex cases), this occurred without a case-specific ruling or docket entry regarding the motions. Because there is no actual paper record resolving the issues, the motions appear pending unless one examines them side-by-side with the Omnibus Order.

Subsequently, by agreement of the parties, the case was transferred to Brevard County where the Omnibus Order is not applicable. It appears that the Omnibus Order was not included with the file when it was transferred from Dade County to Brevard County. The case was then removed to this Court. Accordingly, upon review of the file and docket sheet, the Dismissal Motions would appear pending. As a result, it appears that this Court erroneously believed the Dismissal Motions were pending and unopposed and granted them on January 6, 2005. Because the Omnibus Order, in fact, had already disposed of the Motions, this Court's order was entered in error and should be vacated under Federal Rule 60(b).

### B. THE COURT ERRED IN CONCLUDING THAT THE DISMISSAL MOTIONS

8

**WERE UNOPPOSED.**

To eliminate any uncertainty regarding the Omnibus Order's adjudication of such motions and to ensure no extraneous Motions were outstanding that would prevent the case from being "at issue" and ready for trial setting under Florida law, Plaintiff set an "all pending hearings motion" in Brevard County. As mentioned above, Florida Rule 1.110 does not require a party to file a written opposition to a Motion. To the contrary, under Florida procedural rules, a motion that is not consented to cannot be granted without noticing the motion for hearing. At the hearing, the opposing party is free to present argument with or without accompanying written opposition.

Here, there is substantial circumstantial evidence that the Defendants did not believe that the Dismissal Motions were still pending. As noted above, to ensure that the case was "at issue" and proper for trial setting, Plaintiff noted an "all open motions" hearing in Brevard County. At the time the case was removed to this Court, <u>no defendant</u> had informed the Brevard County court of any open motions. Putting aside this issue, under state procedural rules that controlled the case at the time, filing of the notice of all open motions hearing fully served to inform the Defendants that the Plaintiff was opposing any outstanding motions. Given the extreme prejudice to the Plaintiff if her claims are dismissed, equity demands that this Court consider Plaintiff's Notice of Hearing in state court for what it was – a request for a hearing on the merits of any motions remaining outstanding in the case.

At the very least, this pending all open motions hearing and the fact that none of the Defendants had informed the Brevard County Court that they believed the Dismissal Motions to be outstanding prior to removal to this court demonstrates one of key issues supporting the rationale behind vacating this Order. That is, Defendants have not been prejudiced by any delay in the filing of Plaintiff's Oppositions to the Dismissal Motions.

## C. <u>The Order Must Be Vacated Because The Opposition Has Been Filed, Defendants Cannot Demonstrate Any Cognizable Prejudice And Counsel For Plaintiff Has Not Acted In Bad Faith.</u>

This case was removed on December 16, 2004. Believing that the Dismissal Motions had been fully addressed by the Omnibus Order, Counsel for Plaintiff immediately began preparing substantial motion for remand. As discussed in Plaintiff's Motion to Remand, the removal of

9

this case is wholly without support in fact or law.   Instead, the removal is based on an unsupported legal theory that attempts to dramatically expand the "fraudulent joinder" doctrine. Accordingly, the substantive legal analysis required was substantial and crafting the response was quite time consuming.

Plaintiff completed the Motion to Remand on Friday, January 7, 2005 and the Motion was filed on January 10, 2005. In the meantime, this Court granted the Dismissal Motions on January 6, 2005, believing them to be pending and unopposed.   On January 18, 2005, simultaneous with filing this Motion to Vacate, Plaintiff has filed an Opposition to the Dismissal Motions.  As a result, less than two weeks have elapsed since Plaintiff discovered that this Court considered these Dismissal Motions pending and Plaintiff filed her response.

Federal Rule 60 (b) states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order,
> or proceeding fro the following reasons: (1) mistake, inadvertence,
> surprise or excusable neglect...

F.R.C.P 60(b).  The Eleventh Circuit is clear that in instances of excusable negligent committed by counsel, it is abuse of discretion to deny relief requested pursuant to Rule 60(b). Moreover, the Eleventh Circuit has quite liberally applied the "excusable neglect" standard to find an abuse of discretion in denial of Rule 60(b) motions under circumstances far more egregious that those in this case.

In Blois v. Friday, the Fifth Circuit held that District Court abused its discretion by refusing to vacate the default entry of summary judgment.  In Blois, plaintiff's attorney failed to file change of address with the district court.  Id. at 940.  As a result, Plaintiff did not receive Defendants' motion for summary judgment until after the time for response had expired.  Indeed, Plaintiff was unaware that the District Court had granted Defendant's motion for summary judgment.  Plaintiff timely prepared Rule 60 (b) motion, which was denied by the district court. Reversing the district court's denial based on abuse of discretion, the Fifth Circuit reasoned:

> Plaintiff's Rule 60 (b) Motion must be equitably and liberally
> applied to achieve substantial justice.  Doubt should be resolved in
> favor of a judicial decision on the merits of a case, and a technical
> error or a slight mistake by plaintiff's attorney should not deprive

> plaintiff of an opportunity to present the true merits of his claims. The countervailing factors are the defendants' and society's interest in the finality of judgments and the avoidance of prejudice. The plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct. The appellate record and the parties' briefs in this case indicate no prejudice from the short delay in filing plaintiff's...in response to the defendants' motion for summary judgment. The events leading up to this failure by plaintiff's attorney to file a timely answer also do not show and willful misconduct or other extreme or unusual circumstances.

Id. at 940.

While not condoning the failure of the Plaintiff's attorney to file the required change of address form, the Court also came to the common sense conclusion that:

> The plaintiff ... should not have to pay with the loss of his cause of action for his attorney's minor mistake without clear proof of serious misconduct and prejudice.

Id. at 940 (emphasis added).

Following the broad, equitable reasoning in Blois, Eleventh Circuit once again acknowledged that failure to vacate based on excusable neglect is an abuse of discretion. In Walter v. Blue Cross , defendant removed case to federal court and filed a motion to dismiss based on personal jurisdiction. The district court granted this motion because plaintiff failed to respond. Two weeks after discovering that the motion had been granted, Plaintiff filed Rule 60(b) motion to set aside the dismissal based on secretary's failure to properly calendar motion's due date and filed a motion to remand, challenging basis for federal court jurisdiction. The district court denied plaintiff's motion. On appeal, the Eleventh Circuit noted the wide dispute afforded to trial courts yet determined abuse of discretion. Nevertheless, the Eleventh Circuit reversed based on abuse of discretion consistently applying the Supreme Court and Eleventh Circuit's clarification of the "excusable neglect" test, explaining as follows:

The determination of excusable neglect is "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. <u>The Supreme Court explained that the determination of excusable neglect "is at bottom an equitable one,</u> taking account of all relevant circumstances surrounding the party's omission," and identified four factors to guide courts in making that determination: "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings , the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. The Court found that in the case before it the creditor had engaged in excusable neglect, because "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh[ed] strongly in favor of permitting the tardy claim.

<u>Id.</u> (emphasis added). <u>See also</u>, <u>Cheney v. Anchor Glass</u>, 71 F. 3d 848 (11th Cir. 1996)(reversing as abuse of discretion the denial of request for de novo trial based on Supreme Court's accordance of utmost importance to the absence of prejudice to nonmoving party).

Under <u>Blois</u>, <u>Walter</u> and <u>Cheney</u>, the failure to file a response to the Dismissal Motions in this case is, at worst, excusable neglect. As discussed previously, Plaintiff believed that the Omnibus Order had fully addressed the issues of the Dismissal Motions and that they were no longer pending. To ensure this while the case was still in state court, Plaintiff had noted an "all open motions" hearing – in response to which none of the Defendants had asserted to the state court that the Dismissal Motions were pending. While this court may disagree with the effect of the Omnibus Order, there can be no reasonable dispute that counsel for the Plaintiff's belief was well founded and in good faith.

Nor can there be any suggestion that the Plaintiff has slept on her rights in this court. As discussed above and as the Court is aware, Plaintiff has prepared and filed a lengthy and substantial Motion to Remand regarding the removal of this case from state court. Preparing that pleading required substantial research and drafting. Furthermore, there can be no dispute that, immediately upon learning of the January 6, 2005 Order, the Plaintiffs immediately began contacting the Defendants as required by the Local Rules to request that they consent to the vacating of the Order. Less than a week after the last Defendant refused to consent, Plaintiff filed this Motion and her Opposition to the Dismissal Motions.

12

Applying the well-established Eleventh Circuit authority on excusable neglect to the facts of this case, it is clear that this Court should grant plaintiff's Rule 60(b) motion to vacate the January 6, 2005 Order.  The minimal delayed response has caused no prejudice to Defendants. The Defendants were not under any misconception that Plaintiff had abandoned her claims against them or had decided to roll-over and not oppose the Dismissal Motions.  To the contrary, there is substantial circumstantial evidence that the Defendants themselves believed that the Dismissal Motions had been disposed of by the Omnibus Order.

Nor can Defendants assert that they are surprised or prejudiced by the substance of Plaintiff's Opposition.  To the contrary, the substance of this response is almost identical to responses filed in opposition to identical motions in factually similar cases.  Finally, none of the Defendants can show or even assert in good faith that they have detrimentally changed their position based upon the slight delay here.

In contrast, if the Court denies Plaintiff's Motion to Remand, denial of this Motion to Vacate would result in the ultimate prejudice to Plaintiff ANN HAUCK.  This is so because this Order operates to dismiss her entire complaint as to more than half of the included defendants. Moreover, even if the Court were to grant Ms. Hauck's Motion to Remand, the comments by counsel for one of the defendants set forth above indicate that failure to vacate the January 6, 2005 Order would lead to later, unnecessary arguments in state court regarding the effect of the order.  Accordingly, this Court should vacate the Order signed on January 6, 2005 pursuant to Federal Rule of Civil Procedure 60(b).

### D. The Order Should Be Vacated Because There Is A Pending Jurisdictional Motion To Remand This Case To State Court.

As comprehensively discussed in Plaintiff's Emergency Motion for Remand, this case has been improperly removed to federal court.  The Eleventh Circuit has made clear that federal courts sitting in diversity must make certain their jurisdiction over cases before ruling on substantive matters.

> Over and over again, we stress that the trial court must be certain
> of its jurisdiction before embarking upon a safari in search of a
> judgment on the merits.

13

<u>Crowe v. Coleman</u> 113 F. 3d 1536, 1538 (11th Cir. 1997). This makes perfect sense. If this Court does not have subject matter jurisdiction of the case, it is a source of potential confusion if the Court rules on the merits of the case only to find it lacks jurisdiction over it.

Accordingly, this Court should consider Plaintiff's Motion to Remand before considering the Dismissal Motions and should vacate the January 6, 2005 Order pending ruling on the Motion to Remand. Doing so will not only give effect to the clear dictates of the Eleventh Circuit, but also will prevent confusion regarding the effect of the January 6, 2005 Order and which defendants are subject to the remand order in the event that remand is granted.

If this Court does not grant Plaintiff's remand motion, the Defendants will have suffered no cognizable prejudice from the Court vacating the January 6, 2005 Order because they would then have the opportunity to argue the merits of the Dismissal Motions to this Court or to the federal multi-district consolidation in Philadelphia.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff, ANN HAUCK, requests this Court to vacate the Order signed on January 6, 2005 pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

DAVID M. LIPMAN
Fla. Bar No.: 280054

DAVID M. LIPMAN, P.A.
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143
(305) 662-2600
Fla. Bar No.: 280054
Counsel for the Plaintiff

### PLAINTIFF'S CERTIFICATE OF COMPLIANCE WITH
### LOCAL RULE 3.01 (D) OF THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA

I, David M. Lipman, hereby certify that on January 11, 2005, I personally contacted

counsel for the following parties and requested that they consent to Plaintiff's Rule 60 (b) Motion

To Vacate Order dated December 6, 2005.

> Daimler Chrysler Corporation,
> Genuine Parts Company,
> Mack Trucks, Inc.,
> International Truck and Engine Company,
> Honeywell International, Inc.,
> Ford Motor Company, and
> General Motors Corporation

All of the above parties refused to consent to the Motion.

DAVID M. LIPMAN
Fla. Bar No.: 280054

DAVID M. LIPMAN, P.A
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143
(305) 662-2600
Fla. Bar No.: 280054
Counsel for the Plaintiff

15

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 18th day of January, 2005 to all Counsel of Record on Attached Service List.

_____

DAVID M. LIPMAN

HAUCK CERTIFICATE OF SERVICE

Virginia Easley Johnson, Esq.
Foley & Mansfield, P.L.L.P.
4770 Biscayne Blvd., Suite 1030
Miami, FL 33130
For: BURNS INTERNATIONAL SERVICES CORP.,
f/k/a BORG WARNER CORPORATION

Thomas M. Burke, Esq.
Chris N. Kolos, Esq.
Holland & Knight, LLP
200 South Orange Ave., Suite 2600
P.O. Box 1526 (32802-1526)
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
For: MACK TRUCKS, INC., and NAVISTAR
INTERNATIONAL TRANSPORTATION CORP.

Jeffrey M. Bell, Esq.
Douglas B. Melamed, Esq.
BELL & MELAMED, L.L.C.
Spectrum Park I
4901 N.W. 17th Way, Suite 302
Fort Lauderdale, Florida 33309
Telephone: 954/489-2331
Facsimile: 954/489-2332For: DAIMLER
CHRYSLER CORPORATION

Evelyn M. Fletcher, Esq.
Hawkins and Parnell, LLP
303 Peachtree St. N.E., 40th Floor
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
For: DANA CORPORATION and MAREMONT
CORP.

Henry P. Bell, Esq.
Salas Ede Peterson & Lage
6333 Sunset Drive
South Miami, Florida 33143
For Defendant: FORD MOTOR COMPANY and
GENERAL MOTORS CORPORATION

Rodd Buell, Esq.
11883 Maidstone Drive
Wellington, Florida 33414
For Honeywell International

Michael Evert, Esq.
Evert & Weathersby
Suite 225
3405 Piedmont Road
Atlanta, Georgia 30305
For: Goodyear Tire and Rubber Company

Ben Girtman, Esq.
1020 East Lafayette Street, Suite 207

Tallahassee, FL 32301
Telephone: (850) 656-3232
Facsimile: (850) 656-3233
For: PNEUMO ABEX

Gail Silver, Esq.
500 Australian Ave. South Suite 800
West Palm Beach, FL 33401
Telephone: (561) 659-0551
Facsimile: (561) 835-6866
For: STEEL GRIP, INC.

18