

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 4 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 875



# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Charles Richard Archer, et al. v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2466
*Rebekah Riggs, etc. v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2472
*Alford McGuffie v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2473
*Kim Thorp v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-551
*Dennis Montague v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-666
*Brian Ritchie v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-677
*John Rogers v. Illinois Central Railroad Co.*, S.D. Illinois, C.A. No. 3:05-685
*Karl E. Drake v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-686
*Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al.*, E.D. Louisiana, C.A. No. 2:05-5221
*Mario Bellu, et al. v. Diamond Offshore (USA), Inc., et al.*, E.D. Louisiana, C.A. No. 2:06-608
*Daniel W. Melford, Sr. v. Peter Territo, et al.*, M.D. Louisiana, C.A. No. 3:05-1405
*Michael Catania, et al. v. Anco Insulations, Inc., et al.*, M.D. Louisiana, C.A. No. 3:05-1418
*Ronald Jacob Laughter, etc. v. Georgia-Pacific Corp.*, N.D. Mississippi, C.A. No. 2:06-7
*James Turner v. Ameron International Corp., et al.*, S.D. Mississippi, C.A. No. 1:05-663
*Thomas A. Chisolm v. Ingersoll-Rand Co., et al.*, S.D. Mississippi, C.A. No. 1:05-665
*Leon V. Hartfield v. Allied Signal, Inc., et al.*, S.D. Mississippi, C.A. No. 1:05-670
*Deborah McDonald, etc. v. Minnesota Mining & Manufacturing Co., et al.*, S.D. Mississippi, C.A. No. 1:06-62
*Ronald G. Toppins v. 3M Co.*, E.D. Missouri C.A. No. 4:05-1356
*Cecil Reuben Jackson, et al. v. Kimberly-Clark Corp.*, E.D. Texas, C.A. No. 1:05-769
*Thomas Vodry Allen, et al. v. Kimberly-Clark Corp., et al.*, E.D. Texas, C.A. No. 1:05-876
*Newbern Brown Adkins, et al. v. Kimberly-Clark Corp., et al.*, E.D. Texas, C.A. No. 1:05-882
*Jacqueline D. Skinner, et al. v. Atlantic Richfield Co., et al.*, S.D. Texas, C.A. No. 4:05-4094
*Priscilla Alix, etc. v. Saberhagen Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:05-2144
*Lewis A. Seymour v. Saberhagen Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:05-2145

# BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

---

*Judge Keenan took no part in the disposition of this matter with respect to the Eastern District of Louisiana *Chiasson* action and the Southern District of Mississippi *Hartfield* action; and Judge Motz took no part in the disposition of this matter with respect to the Northern District of Alabama *Riggs* action, the Eastern District of Louisiana *Chiasson* action, the Middle District of Louisiana *Catania* action, the Southern District of Mississippi *Turner* and *Hartfield* actions, the Eastern District of Texas *Jackson* action, and the Western District of Washington *Alix* action.

OFFICIAL FILE COPY   IMAGED JUN 1 4 2006

- 2 -

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 24 actions pending in the Northern District of Alabama, the Southern District of Illinois, the Eastern and Middle Districts of Louisiana, the Northern and Southern Districts of Mississippi, the Eastern District of Missouri, the Eastern and Southern Districts of Texas, and the Western District of Washington. Movants ask the Panel to vacate its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under the stewardship of the transferee court, as of May 25, 2006, i) over 74,450 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred

---

[1]Some plaintiffs have argued that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these 24 actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman