JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 2 0 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875 (2:01-MD-00875-JG)

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO VI)
FRANKLIN JOSEPH MODLEY, et al.
v.
20TH CENTURY GLOVE CORP. OF TEXAS, et al.
(SOUTHERN DISTRICT OF WEST VIRGINIA NO. 2:06-CV-00213)

### DEFENDANT, GENERAL ELECTRIC COMPANY'S RESPONSE IN OPPOSITION TO "PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER"

COMES NOW Defendant, General Electric Company ("GE"), pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and hereby submits its Response in Opposition to "Plaintiffs' Motion to Vacate Conditional Transfer Order." The Conditional Transfer Order was issued on May 26, 2006, ordering transfer of this case to the Eastern District of Pennsylvania ("MDL Court") for pretrial procedures in accordance with 28 U.S.C. § 1407.

### I. STATEMENT OF FACTS

Plaintiff, Franklin Joseph Modley, initiated this civil action on September 30, 2005, alleging personal injury caused by asbestos exposure. On or about March 23, 2006, GE filed a Notice of Removal, whereby this matter was removed to the United States District Court for the Southern District of West Virginia. The basis for GE's removal is the availability of the government contractor defense pursuant to 28 U.S.C. § 1442(a)(1). On March 29, 2006, GE filed a "Notice of Tag-Along Action" stating that this action involves common questions of fact with those cases previously transferred to the Eastern District of Pennsylvania for pretrial proceedings. Subsequently, on May 26, 2006, the Judicial Panel on Multidistrict Litigation ("Panel") issued a Conditional Transfer Order, ordering transfer of this case to the Eastern District of Pennsylvania for pretrial

OFFICIAL FILE COPY IMAGED JUL 2 1 2006

procedures in accordance with 28 U.S.C. § 1407.

## II. ARGUMENT

Pursuant to 28 U.S.C. § 1407, an action can be transferred for consolidated pretrial proceedings when there are common questions of fact. Centralization under Section 1407 is often necessary "to eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings ... and conserve the resources of the parties, their counsel, and the judiciary." Moore v. Wyeth-Ayerst Laboratories, 236 F. Supp. 2d 509, 512 (D. Md. 2002). Further, the Panel has concluded that "centralization in a single district of all pending federal personal injury and wrongful death asbestos actions is necessary." In re Asbestos Products Liability Litigation (NO VI), 771 F. Supp. 415 (J. P. M. L. 1991). Accordingly, this action should be transferred to the Eastern District of Pennsylvania for consolidated or coordinated pretrial proceedings as conditionally ordered.

### A. The Parties will not be Burdened by Transfer to the MDL Court.

Plaintiffs will not be burdened or inconvenienced by the transfer of this matter to the MDL Court. In fact, when considering whether to consolidate all actions alleging personal injury or wrongful death caused by asbestos exposure, the Panel weighed the type of concerns raised by Plaintiffs and ultimately opined that centralization of these actions would best serve the convenience of the parties and witnesses and promote the just and efficient conduct of asbestos litigation. Id. at 417. More specifically, a transfer under Section 1407 is primarily for pretrial purposes, thus "there is usually no need for the parties and witnesses to travel to the transferree district for depositions or otherwise." Id. at 422. Moreover, the use of liaison counsel and steering committees should

2

eliminate the need for Plaintiffs' counsel to ever have to travel to the Eastern District of Pennsylvania.  Id.  See also, Manual for Complex Litigation, Third, § 20.22 (1995).  Clearly, Plaintiffs will not be burdened or inconvenienced by the transfer of this action to the Eastern District of Pennsylvania.

**B.     Transfer to the MDL Court will Promote Judicial Economy.**

Transfer of this case to the Eastern District of Pennsylvania will promote judicial economy. Despite Plaintiffs' assertions to the contrary, significant discovery has not been conducted in this matter. In fact, at the time of removal, discovery was in its preliminary stages. To date, of the many depositions to be taken in this matter, only the depositions of the Plaintiffs have been completed. Therefore, as discovery has just commenced in this matter, judicial economy will not be adversely impacted.

Furthermore, upon transfer of this matter to the Eastern District of Pennsylvania, the MDL Court will have control over all pretrial proceedings, including, but not limited to, discovery, discovery motions, motions to amend, motions to dismiss, and for summary judgment. 28 U.S.C. § 1407.  See also, 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3866. The MDL Court will be able to address any such pretrial issues in a streamlined, cost-effective manner, while avoiding inconsistent rulings among the districts. In sum, by transferring this action to the Eastern District of Pennsylvania, needless duplication will be avoided, thereby promoting the just and efficient conduct of this action.

## II. CONCLUSION

Defendant, General Electric Company, opposes the motion of Plaintiffs to vacate the Panel's Conditional Transfer Order. Based on the foregoing, General Electric Company respectfully requests that this action be transferred to the Eastern District of Pennsylvania for consolidated or coordinated pretrial proceedings as conditionally ordered.

**GENERAL ELECTRIC COMPANY**

**Defendant,**

**By Counsel:**

G. Kenneth Robertson (WV Bar No. 5986)
Kimberly A. Martin (WV Bar No. 9395)
FARMER, CLINE & CAMPBELL, PLLC
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, West Virginia 25338
(304) 346-5990

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875 (2:01-MD-00875-JG)

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO VI)
FRANKLIN JOSEPH MODLEY, et al.
v.
20TH CENTURY GLOVE CORP. OF TEXAS, et al.
(SOUTHERN DISTRICT OF WEST VIRGINIA NO. 2:06-CV-00213)

### CERTIFICATE OF SERVICE

I, Kimberly A. Martin, do hereby certify that I have served the foregoing **"Defendant, General Electric Company's Response in Opposition to 'Plaintiffs' Motion to Vacate Conditional Transfer Order"** upon counsel as reflected below by hand-delivery and/or by depositing true copies thereof in the United States mail, postage prepaid, this 14th day of July, 2006, addressed as follows:

James A. McKowen, Esquire
James Humphreys & Associates, L.C.
Suite 800, United Center
500 Virginia Street, East
Charleston, WV 25301
*Counsel for Plaintiffs*

Anne McGinness Kearse, Esquire
Motley Rice, LLC
Post Office Box 1792
Mt. Pleasant, SC 29465
*Counsel for Plaintiffs*

All Known Defense Counsel
*Electronically*

_____
KIMBERLY A. MARTIN

# PANEL SERVICE LIST (Excerpted from CTO-264)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Franklin Joseph Modley, et al. v. 20th Century Glove Corp. of Texas, et al.*
*S.D. West Virginia, C.A. No. 2:06-213*

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Beitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406



# Farmer Cline & Campbell, PLLC
ATTORNEYS AT LAW

July 18, 2006

Stephen B. Farmer
Robert D. Cline, Jr.
Robert A. Campbell
G. Kenneth Robertson
Mark A. Glover
Stacy A. Jacques
Kimberly A. Martin
Stacey L. Richards-Minigh
R. Chad Duffield

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 20 2006

FILED
CLERK'S OFFICE

Telephone (304) 346-5990
Telecopier (304) 346-5980
E-Mail fcc@fcclaw.net

Direct E-Mail kamartin@fcclaw.net

ATTN: Teresa Bishop
Judicial Panel on Multidistrict Litigation
One Columbus Circle, N.E.
Thurgood Marshall Federal
Judiciary Building, Room G-255, North Lobby
Washington, DC 20002

**VIA FEDERAL EXPRESS**

Re:   MDL-875 In Re Asbestos Products Liability Litigation (No. VI)
      *Franklin Joseph Modley and his wife, Patricia Modley v. 20th Century Glove Corporation of Texas, et al.*
      (S.D. West Virginia, CA No. 2:06-213)(Judge Joseph R. Goodwin)

Dear Ms. Bishop:

Pursuant to our conversation of today, enclosed please find four copies of **"DEFENDANT, GENERAL ELECTRIC COMPANY'S RESPONSE IN OPPOSITION TO 'PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER'"** and a diskette of same for filing in the above matter.

In addition, it is my understanding that the original "Defendant, General Electric Company's Response in Opposition to 'Plaintiffs' Motion to Vacate Conditional Transfer Order,'" which was due on July 17, 2006, was not received in your office until today, July 18, 2006. This Response was overnighted on July 14, 2006, for Monday morning delivery. I have attached a copy of the Federal Express US Airbill for your review. Accordingly, I ask that you accept this Response as a late filing.

**FARMER, CLINE & CAMPBELL, PLLC**

July 18, 2006
Page 2

    Your assistance in this matter is greatly appreciated. If you have any questions, please contact me.

Sincerely,

KIMBERLY A. MARTIN

KAM/sh
Enclosure

cc:    James A. McKowen, Esquire (w/enclosure) (via U.S. Mail)
        Anne McGinness Kearse, Esq. (w/enclosure) (via U.S. Mail)

**FedEx Express US Airbill**

FedEx Tracking Number: 8482 1599 5672

Sender's Copy

**1 From**
Date: 7-14-06
Sender's FedEx Account Number: 1977-4313-1
Sender's Name: Kimberly A. Martin, Esq
Phone: (304) 346-5990
Company: FARMER CLINE & CAMPBELL PLLC
Address: 746 MYRTLE RD
City: CHARLESTON   State: WV   ZIP: 25314-1152

**2 Your Internal Billing Reference:** 1334.1640

**3 To**
Recipient's Name: Catherine D. Madia
Phone: ( )
Company: Acting Clerk of the Panel, Judicial Panel
Recipient's Address: One Columbus Circle, N.E.
Address: Thurgood Marshall Federal Judiciary Bldg., Rm. G-255, N. Lobby
City: Washington   State: DC   ZIP: 20002

**4a Express Package Service**
☑ FedEx Priority Overnight

**5 Packaging**
☑ FedEx Envelope

**7 Payment** Bill to:
☑ Sender

466

0305140674