MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 13 2006

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIRANDA M. DRUMMOND<br>Individually and as Executrix and heir<br>of the estate of JAMES R. DRUMMOND<br><br>versus<br><br>QUIGLEY CO., INC. ET AL. | §<br>§<br>§<br>§<br>§    CIVIL ACTION NO. H-06-1758<br>§<br>§<br>§ |

## ORDER

Pending before the Court is Plaintiff Miranda M. Drummond's Motion to Remand **(Instrument No. 20)**, filed on June 20, 2006.

### I.

On October 7, 2003, Plaintiff filed this asbestos personal injury action in Galveston County alleging injuries and the eventual wrongful death of James Drummond ("Decedent"). On August 19, 2003, the case became removable to federal court when Decedent's deposition put Defendant on notice of a possible military contractor defense pursuant to 28 U.S.C. §1442. Defendant chose not to remove the case and availed itself of the proceedings of the state court.

On April 17, 2006, Plaintiff filed a separate suit ("*Badger*") in state court naming different defendants along with the common Defendant and alleging similar causes of action. On May 23, 2006, Defendant timely removed *Badger* to federal court invoking the military contractor defense pursuant to 28 U.S.C. §1442. On May 24, 2006, Defendant removed this case to federal court in an attempt to consolidate it with *Badger*. On May 24, 2006, Defendant filed a Notice of Tag-Along

**OFFICIAL FILE COPY**

IMAGED SEP 13 2006

with the Judicial Panel on Multidistrict Litigation requesting transfer of *Badger* and the present action to the MDL for Asbestos Products Liability Litigation in the Eastern District of Pennsylvania.

## II.

### A.

Plaintiff contends that removal is untimely under 28 U.S.C. §1446. If the case stated by the initial pleading is removable, the notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed within thirty days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b). In the present case, although *Badger* was timely removed to federal court, the removal of the present action was untimely because it became removable August 19, 2003.

### B.

Plaintiff further argues that Defendant waived its right to removal by invoking the processes of the state court. In this case, Defendant initially received notice that this case was removable on August 19, 2003. A party may waive its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court. *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986). Defendant availed itself of the processes of the state court before attempting to consolidate the present action with *Badger*. In fact, the present case was scheduled for trial on May 30, 2006 in state court. The waiver rule is meant to prevent a defendant from "experimenting on his

case in the state court, and upon an adverse decision then transferring it to the federal court." *Hingst v. Providian Nat. Bank*, 124 F.Supp. 2d 449, 451 (S.D. Tex. 2000). Moreover, in enacting §1446(b), "Congress intended 'to reduce opportunity for removal after substantial progress has been made in state court.'" *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003) (quoting H.R. Rep. No. 889, at 72 (1988)). To permit Defendant in this case to obtain removal after it has proceeded in state court for almost three years would delay the progress of the suit, and would allow them the opportunity to forum shop.

## C.

Defendant contends that both cases should be consolidated in accordance with the doctrine of ancillary jurisdiction, presently codified at 28 U.S.C. §1367 under the title of Supplemental Jurisdiction. The doctrine of ancillary jurisdiction recognizes federal courts' jurisdiction over some matters, otherwise beyond their competence, that are incidental to other matters properly before them. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). Ancillary jurisdiction may also extend to claims having a factual and logical dependence on the primary lawsuit. *Peacock v. Thomas*, 516 U.S. 349, 355 (1996). Ancillary jurisdiction, however, cannot provide the original jurisdiction necessary to qualify for removal. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). "Removal is governed by statute, and invocation of ancillary jurisdiction . . . does not dispense with the need for compliance with statutory requirements." *Id.*

Section 1367 applies only to claims within a single action and not to claims within related actions. *Keene v. Auto Owners Ins. Co.*, 78 F.Supp. 2d 1270, 1274 (S.D. Ala. 1999). The statute, therefore, cannot serve as an independent source of removal jurisdiction, "even if the action which a defendant seeks to remove is related to another action over which the federal district court already

3

has subject-matter jurisdiction, and even if removal would be efficient." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996). Moreover, doubts about the propriety of removal are to be resolved in favor of remand, and the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Air Starter Components, Inc. v. Molina*, 2006 WL 1662952 (S.D. Tex. June 9, 2006). In this case, the action is no longer removable because Defendant failed to comply with the statutory requirements of §1446, and filed an untimely notice of removal. Furthermore, because the supplemental jurisdiction statute is not an independent source of removal jurisdiction, Defendant may not invoke §1367 to remove an otherwise unremovable case for consolidation with a related federal action. Therefore, Plaintiff's Motion to Remand **(Instrument No. 20)** is **GRANTED**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the _____ day of August, 2006, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**