MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

OCT 17 2006

FILED
CLERK'S OFFICE

**IN RE ASBESTOS PRODUCT
LITIGATION**

**MDL DOCKET No. 875**

This Motion Relates to:

from the:

**ARCHIE LORD, SR.**
   Plaintiff

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

**VERSUS**

**Civil Action No.   1:06-CV-660**

**PHILLIPS 66 CO., ET AL.,**
   Defendants

---

### PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-268) AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE MULTIDISTRICT PANEL:

COMES NOW, **PLAINTIFF ARCHIE LORD, SR.,** and files this Motion

to Vacate Conditional Transfer Order (CTO-268) and Brief in Support Thereof,

and would respectfully show as follows:

1.    Plaintiff ARCHIE LORD, SR. ("Plaintiff") respectfully requests that

the Panel issues an Order vacating its Conditional Transfer Order (CTO-268).

2.    This is a Jones Act claim filed pursuant to 45 U.S.C. § 1445(a) for

Plaintiff's asbestos injuries while working on oil and gas drilling vessels in the

Plaintiff's Motion to Vacate
Page 1 of 3

**OFFICIAL FILE COPY**

**IMAGED OCT 17 2006**

Gulf of Mexico.  As this case was filed pursuant to the Jones Act, it was properly filed in Mississippi state court in on May 19, 2004.  Pool Offshore d/b/a Pool Company filed this baseless removal almost two years after Plaintiff's case was filed.  There were no new "other papers and pleadings" filed after May 19, 2004 that could have provided a new basis for removal after the expiration of Pool's initial removal period.  Plaintiff timely filed an Emergency Motion to Remand this case to Mississippi state court on May 5, 2006.  However, the U.S. District Court for the Southern District of Mississippi has not ruled on Plaintiff's Motion to Remand as of the time of Plaintiff's Receipt of this Conditional Transfer Order (CTO-268).  Plaintiff timely filed this Notice of Opposition to the Conditional Transfer Order.

3.      Plaintiff timely filed his Motion to Vacate the Conditional Transfer Order and Brief in Support thereof as required by the local rules of this Court.  A hearing date has not been scheduled by the Clerk of the Panel at this time.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Clerk of this Panel enter an order vacating Conditional Transfer Order (CTO-268), and that the Plaintiff be provided such other and further relief to which he may be entitled.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 7 2006

FILED
CLERK'S OFFICE

Respectfully submitted,

FRANKLIN, CARDWELL & JONES
A Professional Corporation

BY: _____

Allen R. Vaught
Bar Card No. 101695
Randy Bruchmiller
Bar Card No. 102094
1700 Pacific Ave, Suite 1610
Dallas, Texas 75214
214 999 1324 - telephone
214 999 1326 – facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On this the 16th day of October, 2006, a true and correct copy of the above and foregoing instrument was duly served upon all parties via their counsel of record by depositing the same in the U.S. Mail, proper postage prepaid (or via electronic means) addressed to all parties on the involved counsel list attached hereto.

_____
Allen R. Vaught/Randy Bruchmiller

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 7 2006

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCT
LITIGATION

MDL DOCKET No. 875

This Motion Relates to:

**ARCHIE LORD, SR.**
       **Plaintiff**

from the:

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

**VERSUS**

Civil Action No.  1:06-CV-660

**PHILLIPS 66 CO., ET AL.,**
       **Defendants**

---

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER (CTO-268)

TO THE HONORABLE MULTIDISTRICT PANEL:

COMES NOW, **PLAINTIFF ARCHIE LORD, SR.**, and files this Brief in

Support of his Motion to Vacate Conditional Transfer Order (CTO-268) and

would respectfully show as follows:

## I.
## SUMMARY OF GROUNDS FOR VACATING

1.      This is a Jones Act claim filed pursuant to 45 U.S.C. § 1445(a) for

Plaintiff's asbestos injuries while working on oil and gas drilling vessels in the

Gulf of Mexico. In addition, this case falls into a group of oilfield worker cases which are different from the "traditional" asbestos cases that have been pending in this state for years. As this case was filed pursuant to the Jones Act, it was properly filed in Mississippi state court in on May 19, 2004. Pool Offshore d/b/a Pool Company filed this baseless removal almost two years after Plaintiff's case was filed. There were no new "other papers and pleadings" filed after May 19, 2004 that could have provided a new basis for removal after the expiration of Pool's initial removal period. Plaintiff timely filed an Emergency Motion to Remand this case to Mississippi state court on May 5, 2006. However, the U.S. District Court for the Southern District of Mississippi has not ruled on Plaintiff's Motion to Remand as of the time of Plaintiff's Receipt of this Conditional Transfer Order (CTO-268). In short, the Conditional Transfer Order (CTO-268) should be vacated, and this case should be remanded to the Circuit Court of Jasper County, Mississippi, First Judicial District, on the basis of each of the following separate and independent grounds:

(1)    Federal District Courts do not have exclusive jurisdiction over cases subject to the Outer Continental Shelf Lands Act ("OCSLA");

(2)    Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because all defendants have not timely joined and/or consented to removal of this case;

(3)    Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because Pool offshore ("Pool") has waived any rights to remove this case by seeking and obtaining affirmative relief in the state court proceeding;

(4)     Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because "involuntary" severance orders cannot serve as a basis for creating removal jurisdiction;

(5)     Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because 45 U.S.C. § 1445(a) prevents removal of Jones Act claims;

(6)     Lack of diversity prevents removal of state law, Jones Act and general maritime claims; and

(7)     Even if removal jurisdiction over this case lied in Federal Court, then Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because Pool's removal is untimely.

## II.
## OILFIELD WORKER ASBESTOS CASES ARE DIFFERENT THAN THE "TRADITIONAL" ASBESTOS CASE

2.     Oilfield workers bringing asbestos cases are different from the "traditional" asbestos cases that have been pending in this state for years. Pool, however, makes no effort to distinguish them (or even acknowledge their existence), but instead seeks to delay and dilute its own liability by asking this Court to include them among the thousands of other cases with which they have virtually nothing in common. Oilfield worker cases *are* different. First, they are not brought against a laundry list of defendants. Indeed, the "traditional" asbestos cases upon which Pool bases its Motion has as many as seventy (70) defendants. In the oilfield worker asbestos cases, suit is brought against the manufacturers and suppliers of a product that consisted of pure asbestos: Union Carbide Corporation and Phillips Petroleum Company, and their distributors, Messina Incorporated and Montello, Inc. as well as the oilfield employer at the time of exposure. Given the

extraordinarily limited focus of oilfield worker cases, the factual and legal issues presented are similarly narrow as compared with "traditional" claims. Indeed, the vast majority of the discovery and legal issues ordinarily associated with "traditional" asbestos cases are irrelevant to oilfield worker cases. The unreasonably dangerous asbestos products in dispute in the oilfield worker cases were actually manufactured, packaged and shipped by the manufacturer for end-use as drilling mud additives by Plaintiff's prior employer. There is no "bulk supplier" defense. Not surprisingly, oilfield workers object to the prospect of being thrown among an assortment of unrelated cases simply because the petition filed in their case contains the word "asbestos." After that word, the similarity ends.

### III.
### STATEMENT OF THE CASE AND
### PROCEDURAL HISTORY

3.      This case arises out of Mr. Lord's frequent and sustained exposure to asbestos and asbestos products used in the oil and gas drilling industry on both land based drilling rigs in the State of Mississippi and drilling rigs in the Gulf of Mexico and adjoining bodies of navigable water. Mr. Lord and numerous other plaintiffs, originally filed suit for their asbestos-related injuries in Mississippi Circuit Court in Jones County.  Mr. Lord alleges causes of action against the manufacturers and distributors of these asbestos products under Mississippi State law for his exposure to these products during the course of drilling operations conducted on land based drilling rigs in the State of Mississippi. Mr. Lord also

alleges causes of action against the defendants under general maritime law and against Pool, (plaintiff's employer) under the Jones Act, for his exposure during drilling operations conducted on a vessel in navigable bodies of water.

4.    After being served, Pool and several other defendants filed motions for affirmative relief pursuant to the recent Mississippi Supreme Court case of *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So.2d 493 (Miss. 2004). These motions were ultimately ruled upon by the court-appointed Special Master and adopted by the trial court.   The following timeline details some of the salient events and dates as they relate to Pool's removal of this case:

- **May 19, 2004 (687 days prior to the filing of Notice of Removal):** Plaintiff files his Original Complaint in Circuit Court of Smith County, Mississippi titled *William L. Taylor, et al v. Phillips 66 Company, et al* bearing Case No. 2004-152 alleging causes of action against Pool under the Jones Act. [1]

- **Aug. 30, 2004 (584 days before removal):**  Pool is served with a copy of the Plaintiffs Original Complaint. [2]

- **January 10, 2005 (451 days before removal):**   Pool Offshore files "Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to *Harold's Auto Parts, Inc. v. Mangialardi,* and for Other Relief". [3]

- **March 24, 2005:**  Trial court appoints a Special Master to hear motions on issues raised in motions filed by Pool and the other defendants in the case. [4]

---

1   *See* Exhibit A; Plaintiff's Original Complaint.
2   *Id.*
3   *See* Exhibit B;  Pool's *Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to Harold's Auto Parts, Inc. v. Mangialardi, and for Other Relief.*
4   *See* Exhibit C; *Order Appointing Special Master.*

- **July 22, 2005 (258 days before removal** Pursuant to order issued by Special Master and adopted by the trial court, Mr. Lord produces a "*Fact Sheet*" confirming exposure to asbestos products while employed by Pool. [5]

- **Aug. 15, 2005 (234 days before removal):** Trial Court adopts Special Master's Report and Recommendation severing each plaintiff into individual cases and requiring production of all "Fact Sheets". [6]

- **Jan. 17, 2006 (79 days before removal):** Pursuant to order issued by the Special Master and adopted by the trial court, Plaintiffs file their "*Supplemental Pleading Matching Plaintiffs and Defendants*" in which Mr. Smith confirms that he is still asserting claims against Pool. [7]

- **Jan. 20, 2006 (76 days before removal):** Trial Court enters order adopting Special Master's Report and Recommendation. The order confirms that each of the plaintiffs were previously severed and requires each plaintiff to file an amended complaint. [8]

- **March 6, 2006:** Plaintiff files First Amended Complaint [9] as required by the trial court's severance and transfer order. [10]

## IV.
## ARGUMENT

5.    Removal jurisdiction must be strictly construed because it implicates important federalism concerns. Furthermore, any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court. Despite this onerous burden, federal district courts in Mississippi continue to be inundated by meritless removals in asbestos cases. In that regard, Judge Mills, of the Northern District of Mississippi, recently observed:

---

5  *See* Exhibit D; *Plaintiff's Fact Sheet*.
6  *See* Exhibit E; *Special Master's Report and Recommendation* (adopted by trial court on Aug. 15, 2005).
7  *See* Exhibit F; *Supplemental Pleading Matching Plaintiffs and Defendants*.
8  *See* Exhibit G; *Special Master's Report and Recommendation* (adopted by trial court Jan. 20, 2006).
9  Incorrectly identified as Plaintiff's Third Amended Complaint in Pool's Notice of Removal.
10   *See* Exhibit H; *First Amended Complaint*.

> . . . [A]sbestos removal litigation, as it has developed in this state, generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multidistrict litigation (MDL) court, where it generally languishes for a protracted time…their repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among federal courts regarding the validity of most asbestos removals. This court has noted that other district courts in this state will sometimes include language admonishing asbestos defendants against filing subsequent removal petitions, under pain of contempt. *See, e.g. Knotts, et al v. Minnesota Manufacturing, et al.*, No. 1:03cv125 (S.D.Miss. 2003)… The fact that courts have found such language necessary speaks volumes regarding the current state of asbestos litigation in this state.

*Duffin v. Honeywell Int'l, Inc.,* 312 F.Supp.2d 869, 874 (N.D. Miss. 2004).    In light of (1) Pool's alleged legal basis for removal, (2) Pool's failure to obtain consent and/or joinder from all defendants in its removal, (3) the length of time that the case was on file prior to removal, and (4) Pool's actions during the pendency of the state court proceedings prior to removal, Pool's removal of this case is no less egregious than the attempts by the asbestos defendants involved in the above-referenced cases.

A.    **Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because Federal courts do not have exclusive jurisdiction over cases subject to the Outer Continental Shelf Lands Act.**

6.    In its Notice of Removal, Pool argues that removal is required because federal courts have ***exclusive jurisdiction*** over cases governed by the Outer Continental Shelf Lands Act ("OCSLA").

7.    Contrary to Pool's representations, the U.S. Supreme Court confirms that federal courts do not have *exclusive* subject-matter jurisdiction over cases

subject to OCSLA.   Thus, even if this case is governed by the OCSLA, the Mississippi Circuit Court has proper jurisdiction over this case.

**B.**     **Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because all defendants have not timely joined and/or consented to removal of this case.**

8.     As a general rule, all defendants that have been named and served in a case must join in (or consent to) a removal petition in order to effect removal of a case to federal court.  The requirement of unanimous consent among defendants applies to cases removed on the basis of diversity as well as cases in which removal is based upon a federal question. Moreover, the joinder or consent of all defendants must be obtained within thirty days of the date that the case became removable.   If all defendants do not join in or consent to the removal petition within this thirty-day period, the district court must remand the case.   As of the filing of this motion, all of the defendants had not consented to removal. Moreover, the defendants that did join in Pool's removal failed to do so in a timely manner.  Consequently, this case should be remanded.

**C.**     **Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because Pool waived any rights to remove this action by seeking and obtaining affirmative relief in the state court.**

9.     A defendant may waive its right to remove by proceeding to defend the action in state court or otherwise invoking the process of that court.  In the instant case, Pool sought and obtained affirmative relief from the state court.

Additionally, Pool is now attempting to rely upon the fruits of its efforts in state court as a basis for removal of this case.

10.     On January 10, 2005, Pool filed its *Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to Harold's Auto Parts, Inc. v. Mangialardi, and for Other Relief.*[11] In its motion, Pool adopted a similar motion previously filed by Co-Defendant, Union Carbide Corporation, and sought the following relief from the trial court:

(1)     To dismiss the Plaintiffs' Complaint for failure to meet the requirements of MRCP 8 and 9 or alternatively to require plaintiffs to provide a more definite statement of their claims against Pool as required by M.R.C.P. 9, 9, and 11;

(2)     To dismiss the case for lack of subject matter jurisdiction pursuant to M.R.C.P. 12(b)(2);

(3)     To dismiss the case for improper venue pursuant to M.R.C.P. 12(b)(3);

(4)     To dismiss for failure to state a claim upon which relief may be granted pursuant to M.R.C.P. 12(b)(6);

(5)     To dismiss for failure to join necessary parties under M.R.C.P. 19 and pursuant to M.R.C.P. 12(b)(7); and

(6)     In the alternative, Defendant sought to transfer venue.

11.     Pool, through its attorneys, attended and participated in the hearings on its motion (and the other defendants' motions).   Ultimately, the trial court granted Pool some of the relief requested in its motion.  For example, the claims of

---

11  *See* Exhibit B; Pool's *Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to Harold's Auto Parts, Inc. v. Mangialardi, and for Other Relief.*

several plaintiffs in the underlying case were dismissed.[12]   Additionally, the court granted the request to sever each of the plaintiffs from the original action and granted motions to transfer venue on others.[13]   The trial court, however, was unwilling to dismiss Mr. Lord's causes of action.[14]   As such, Pool is now essentially attempting to appeal the trial courts refusal to dismiss Mr. Lord's causes of action by removing his case to federal court.

12.   Moreover, Pool is now attempting to use the severance and transfer (and amended complaint filed pursuant thereto) as a basis for its removal. Specifically, Pool argues that by virtue of the severance and transfer order, and the amended complaint filed pursuant thereto, the case is now in such a "posture" where it can be removed.[15]   Pool has availed itself upon the trial court seeking affirmative relief.   As such, Pool should be found to have waived any rights to remove this case.

### D.   Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because an "involuntary" severance cannot confer removal jurisdiction.

13.   Pool argues that the severance order and the amended complaint filed pursuant thereto, placed the case in such a "posture" so as to render it "removable" as a federal question.[16]   Whether a case becomes removable by a severance, however, ultimately depends upon whether or not the severance was

---

12   *See* Exhibit G; *Special Master's Report and Recommendation* (adopted by trial court Jan. 31, 2006).
13   *Id.*
14   *Id.*
15   *See* Pool's Notice of Removal at ¶¶ III, IV.
16   *See* Pool's Notice of Removal at ¶¶ III, IV.

"voluntary" or "involuntary". If federal removal jurisdiction is conferred by virtue of a *voluntary* severance, then the case can be removed.  On the other hand, an *involuntary* severance cannot serve as a basis for creating federal removal jurisdiction.

14.     The severance of Plaintiff's claims and causes of action by the state court case was involuntary.   The orders at issue confirm that plaintiff opposed and objected to the severance and transfer of his case.  For example, the *Special Masters Report and Recommendation* dated August 8, 2005 (and adopted by the trial court on August 22, 2005), provides:

> THIS CAUSE CAME ON TO BE HEARD before the undersigned Special Master on the several motions made by Defendants to dismiss, for more specific information or related relief.
> **Plaintiffs *have objected to*** any fact sheets and to ***any severance or transfer.*** [17]

Similarly, the *Special Masters Report and Recommendation* dated January 17, 2006 (and adopted by the trial court on Jan. 20, 2006), provides:

> THIS CAUSE CAME ON TO BE HEARD before the undersigned Special Master on several motions made by Defendants relating to the severance, transfer and dismissal of plaintiffs' claims.
> COMES NOW, this Court, and . . . does hereby find that **the claims of the Plaintiffs in the above-referenced matter** as stated in the prior order of this Court **which have been previously *severed over Plaintiffs' objection*** shall be transferred or dismissed . . . .
> **Plaintiffs *have continuously objected to any severance and/or transfer.*** [18]

---

17  *See* Exhibit E; *Special Master's Report and Recommendation* (adopted by trial court on Aug. 22, 2005) (emphasis added).
18  *See* Exhibit G; *Special Master's Report and Recommendation* (adopted by trial court Jan. 31, 2006) (emphasis added).

The orders issued by the state trial court confirm that the severance of this case was involuntary.  Therefore, if, as Pool contends, it was the severance and transfer order and amended complaint filed pursuant thereto that rendered Mr. Lord's case removable, then the case should be remanded because the order of severance was involuntary.

**E.**     **Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because 45 U.S.C. § 1445(a) prohibits removal of Jones Act claims.**

15.     It is well settled that Jones Act cases are generally not removable. The basis of this legal tenet is that the Jones Act incorporates the general provisions of the Federal Employers' Liability Act, which expressly bars removal of suits originally filed in state court.  Furthermore, when Jones Act claims are made, a court must resolve all disputed questions of fact and any ambiguities in the plaintiff's favor.

16.     Plaintiff's First Amended Complaint does not allege any claims or causes of action against Pool under the OCSLA.  Instead, as admitted in its *Notice of Removal*, all of the claims and causes of action alleged against Pool are based upon the Jones Act, and maritime law subject to the Savings to Suitors Clause. Moreover, Plaintiff does not and has not asserted any claims against the other defendants under the OCSLA. Because Jones Act claims do not involve federal questions (even if the incident occurs on an OCSLA situs), 28 U.S.C. § 1445(a) mandates that this case be remanded to Mississippi State Court.

**F.** **Conditional Transfer Order (CTO-268) should be vacated and this case should be remanded because complete diversity is lacking.**

17.   Plaintiff alleges causes of action against the manufacturers and distributors of these asbestos products under Mississippi State law for his exposure to these products during the course of drilling operations conducted on land based drilling rigs in the State of Mississippi.   Plaintiff also alleges causes of action against the defendants  under general maritime  law pursuant to the Savings to Suitors Clause of 28 U.S.C. § 1333 and against Pool, (plaintiff's employer) under the Jones Act, for his exposure during drilling operations conducted on a vessel in navigable bodies of water.   Consequently, even assuming OCSLA is applicable to the maritime claims (and in the absence of a valid Jones Act claim and valid state law claim, both of which are denied), removal would only be available if there was complete diversity in this case.

18.   Plaintiff is a resident of the State of Mississippi.   Plaintiff has alleged causes of action against Oilfield Service & Supply Company, Inc, a Mississippi corporation with its principal place of business in Laurel, Mississippi.[19]   Oilfield Service & Supply Company, Inc. was served and answered in this case prior to Pool's removal of this case.  Because Plaintiff and Oilfield Service & Supply are both residents of the State of Mississippi, this Court does not have diversity jurisdiction in this case and therefore removal is improper.

---

19  *See* Exhibit I.

Moreover, because over a year has passed since the initial filing of this case, removal based upon diversity is not permissible.

**G.   Even if removal jurisdiction over this case lies in Federal Court, then Conditional Transfer Order (CTO-268) should be vacated and the case should be remanded because Pool's removal is untimely.**

19.   Even if this Court accepts Pool's argument that this Court has removal jurisdiction over this case as a federal question by virtue of the alleged application of OCSLA, then this Court should still remand this case because Pool's removal was untimely.   A defendant seeking to remove a case to federal court must file its notice of removal within thirty days of receiving the requisite written notice of facts which make the case removable. 28 U.S.C. § 1446(b).   If, as Pool suggests, this case invokes federal question jurisdiction by virtue of the Outer Continental Shelf Lands Act, then the Court should find that Pool's removal is untimely.

   **1.   The allegations against Pool have remained the same; therefore, if the case is removable now, then it would have been removable at the time Pool was initially served.**

20.   In its *Notice of Removal*, Pool suggests that the case became removable upon the filing of Plaintiff's *First Amended Complaint*.   Pool's *Notice of Removal* recites the allegations made against it the *First Amended Complaint* filed pursuant to the state court's severance order and from these allegations concludes:

> [T]he aforesaid case *in its present posture* is removable to this Court pursuant to 28 USC § 1441(b) as being a civil action brought in state court of which the federal district courts have original jurisdiction.

What Pool fails to advise the Court is that this case was in the same "posture" when originally filed as it is now *vis-a vis* the allegations against Pool. In particular, the Original Complaint in the underlying case and the First Amended Complaint both contained almost identical allegations against Pool; i.e., that Pool was the Jones Act employer of the plaintiffs and that plaintiffs were Jones Act Seamen. Therefore, if as Pool contends, the OCSLA applies to Plaintiff's case at the present point in time, then OCSLA would also have been applicable to the case at the time Pool was initially served.

21.    Moreover, Pool's pleadings in the underlying state court case show that it fully anticipated arguing the application of OCSLA jurisdiction more than a year prior to filing its notice of removal.  Pool argues that federal courts have *exclusive* jurisdiction over cases governed by the OCSLA.  Consistent with this erroneous position, on January 10, 2005, Pool filed a motion with the state court demanding that the case be dismissed for lack of subject matter jurisdiction.[20]  As such, if the court accepts the factual statements contained in Pool's *Notice of Removal*, then it is clear that Pool has failed to satisfy the time constraints on removal set forth in 28 U.S.C. § 1446(b).

---

20  *See* Exhibit B;  Pool's *Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to Harold's Auto Parts, Inc. v. Mangialardi, and for Other Relief.*

**2.   If the severance of this case created a basis for removal, then Pool's removal is untimely.**

22.   As discussed *infra*, an involuntary severance cannot serve as a basis for removal.  However, if this Court finds that the severance was voluntary or could otherwise serve as a basis for creating removal jurisdiction, then Pool's removal is still untimely and the case should be remanded.

23.   As noted above, the allegations against Pool remained unchanged while the case was pending in state court.  Therefore, Pool's *Notice of Removal* suggests that it was the severance of Plaintiff's claims that vested this Court with removal jurisdiction.  This severance, however, occurred more than thirty days prior to the date Pool filed its *Notice of Removal*.  Specifically, on August 15, 2005, the trial court adopted the *Special Master's Report and Recommendation* and severed each of the plaintiffs in the underlying case.[21]  On January 20, 2005, the trial court adopted the second *Special Masters Report and Recommendation* confirming once again that plaintiff's claims had been severed.[22]  Consequently, if the order of severance did in fact place plaintiff's case in such a "posture" as to create removal jurisdiction, then Pool's removal was untimely as it was filed more than thirty days after the severance order.

---

21   *See* Exhibit E; *Special Master's Report and Recommendation* (adopted by trial court on Aug. 22, 2005).

22   *See* Exhibit G;  *Special Master's Report and Recommendation* (adopted by trial court Jan. 31, 2006) ("COMES NOW, this Court, and… does hereby find that the **claims of the Plaintiffs in the above-referenced matter** as stated in the prior order of this Court **which have been** *previously severed* over Plaintiff's objection…").

### 3.   Other Papers and Pleadings served on Pool.

24.    As previously discussed, the allegations against Pool have remained the same from the date of the filing of the Original Complaint.   However, assuming *arguendo*, that Pool was unaware of the alleged application of the OCSLA to the Original Complaint, it clearly received other papers and pleadings sufficient to establish the alleged removability of this case more than 30 days prior to filing its notice of removal.

25.    Pursuant to the orders issued by the Special Master, all of the plaintiffs in the underlying case were required to produce 'Fact Sheets" which were in essence verified discovery responses.   On  July 22, 2005 (258 days before filing its *Notice of Removal*) Pool received Mr. Lord's Fact Sheet and therefore was aware that he  was exposed to asbestos while working for Pool.

26.    Moreover, on January 17, 2006 (79 days before filing its *Notice of Removal*), Plaintiffs filed their *Supplemental Pleading Matching Plaintiffs and Defendants* pursuant to the order previously issued by the Special Master and the trial court.[23]   In the Supplemental Pleading, each plaintiff identified each defendant, against which they were asserting causes of action.   At that time, Mr. Lord again confirmed that he was asserting claims and causes of action against Pool. Moreover, the allegations and causes of action asserted against Pool at that time were the same as the allegations against Pool in the First Amended Complaint.  Assuming *arguendo* that the OCSLA was applicable to Mr. Lord's

---

23   See Exhibit F; *Supplemental Pleading Matching Plaintiffs and Defendants.*

causes of action (as Pool now alleges), then at the very latest, Pool would have been required to file a notice of removal on or before February 17, 2006 (30 days after receiving the Supplemental Pleading).   Because Pool did not file its removal within 30 days of receiving the Original Complaint, or alternatively within 30 days of the severance orders of the court or alternatively within 30 days of the Supplemental Pleading, its removal is untimely and therefore this case should be remanded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Clerk of this Panel enter an order vacating Conditional Transfer Order (CTO-268) for remand of this matter to Mississippi state court, and that the Plaintiff be provided such other and further relief to which he may be entitled.

Respectfully submitted,

FRANKLIN, CARDWELL & JONES
A Professional Corporation

BY: _____
Allen R. Vaught
Bar Card No. 101695
Randy Bruchmiller
Bar Card No. 102094
1700 Pacific Ave, Suite 1610
Dallas, Texas 75214
214 999 1324 - telephone
214 999 1326 – facsimile

**ATTORNEYS FOR PLAINTIFF**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 7 2006

FILED
CLERK'S OFFICE

## <u>CERTIFICATE OF SERVICE</u>

On this the 16th day of October, 2006, a true and correct copy of the above and foregoing instrument was duly served upon all parties via their counsel of record by depositing the same in the U.S. Mail, proper postage prepaid (or via electronic means) addressed to all parties on the involved counsel list attached hereto.

Allen R. Vaught/Randy Bruchmiller

RECEIVED
CLERK'S OFFICE
2006 OCT 17 A 10: 41
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# INVOLVED COUNSEL LIST (CTO-268)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Robert C. Alden
Byrd, Davis & Eisenberg, et al.
707 West 34th Street
Austin, TX 78705

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Steven A. Allen
Hodes, Ulman, Pessin & Katz
901 Dulaney Valley Road
Suite 400
Baltimore, MD 21204

John M. Anderson
Bassford Remele, PA
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402-3701

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson
& Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Michael T. Bartley
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Heidi A. Bean
Friedman, Gaythwaite, Wolf
& Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Joshua H. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

Paula H. Blazek
Germer Gertz, LLP
550 Fannin Street
Suite 700
Beaumont, TX 77701

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Joel M. Bondurant, Jr.
Haynsworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Brian C. Bossier
Blue Williams, LLP
3421 N. Causeway Boulevard
9th Floor
Metairie, LA 70002

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Margaret Twomey Brenner
Bracewell & Giuliani, LLP
Pennzoil Place - South Tower
Suite 2900
711 Louisiana Street
Houston, TX 77002-2781

Donald E. Britt, Jr.
Britt Law Firm
720 North Third Street
Suite 401
Wilmington, NC 28401

Richard O. Burson
Ferris, Burson & Entrekin, PLLC
P.O. Box 1289
Laurel, MS 39441-1289

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Daniel J. Caruso
Simon, Peragine, Smith & Redfearn
Energy Centre
30th Floor
1100 Poydras Street
New Orleans, LA 70163

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Louis G. Close, Jr.
Porter Hayden Company
711 West 40th Street
Suite 351
Baltimore, MD 21211

Keith E. Coltrain
Elmore & Wall, PA
P.O. Box 10937
Raleigh, NC 27605

John F. Conley, Sr.
Glasser & Glasser, P.L.C.
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Marcy B. Croft
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

INVOLVED COUNSEL LIST (CTO-268) - MDL-875

Jessica B. DeGroote
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
P.O Box 22608
Jackson, MS 39225-2608

Rodney A. Dean
Dean & Gibson, L.L.P.
Cameron Brown Building
Suite 900
301 S. McDowell Street
Charlotte, NC 28204-2686

David R. Donadio
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

George C. Doub, Jr.
George C. Doub, PC
12 West Madison Street
Baltimore, MD 21201-5231

Helen K. Downs
Johnston, Barton, Proctor & Powell
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203-2618

Margaret A. Droppleman
Hawkins & Parnell, LLP
The Woodrum Building
602 Virginia Street
Suite 200
Charleston, WV 25301

Lawrence J. Duplass
Duplass, Witman & Zwain
Three Lakeway Center
Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002

Adam Arthur Edwards
Dunn, McDonald, Coleman &
Reynolds, PC
6204 Baum Drive
Knoxville, TN 37919

Jenelle R. Evans
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201-0306

Keith Eugene Farr
5400 Bosque Blvd.
Waco, TX 76710-4414

Richard L. Flax
Zauner & Flax, PA
100 North Charles Street, Suite 1700
Baltimore, MD 21201

Johan Daniel Flynn
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Shannon S. Frankel
Young, Moore & Henderson, P.A.
3101 Glenwood Avenue
Suite 200
Raleigh, NC 27612

Dawn E. Fulce
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Charles E. Gallagher, Jr.
DeCaro, Doran, Siciliano,
Gallagher, et.al.
4601 Forbes Blvd.
Suite 200
P.O. Box 40
Lanham, MD 20703

Dan J. Gendreau
Rider Bennett, LLP
33 South Sixth Street
Suite 4900
Minneapolis, MN 55402

Beth V. George
Wright & Associates
615 Congress Street
Suite 201
P.O. Box 4077
Portland, ME 04101

Walter T. Gilmer, Jr.
McDowell, Knight, Roedder
& Sledge, L.L.C.
P.O. Box 350
Mobile, AL 36601

Richard S. Glasser
Glasser & Glasser, P.L.C.
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

William M. Graham
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

William N. Graham
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Louis E. Grenzer, Jr.
Bodie, Nagle, Dolina, Smith
& Hobbs, PA
21 W. Susquehanna Avenue
Towson, MD 21204

Jon Haddow
Farrell, Rosenblatt & Russell
P.O. Box 738
Bangor, ME 04402

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

INVOLVED COUNSEL LIST (CTO-268) - MDL-875

James A. Harris, III
Harris & Harris, LLP
Colonial Bank Building, Suite 450
2501 20th Place, South
Birmingham, AL 35223

Ollie M. Harton
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Bradley A. Hays
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Josephine H. Hicks
Parker, Poe, Adams & Bernstein
Three Wachovia Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Michael E. Hutchins
Kasowitz, Benson, Torres & Friedman
1360 Peachtree Street, N.E.
One Midtown Plaza, Suite 1150
Atlanta, GA 30309

Eric J. Jacobi
Clay, Kenealy, Wagner & Adams
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

G. Patrick Jacobs
Bickley & Jacobs
7020 MacCorkle Avenue, SE
Charleston, WV 25304

Clifton Wayne Jefferis
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

Lucy W. Jordan
Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

G. Patterson Keahey, Jr.
Law Offices of G. Patterson
Keahey, Jr., PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Timothy W. Knight
Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown, P.L.L.C.
P.O. Box 4848
Greensboro, NC 27404-4848

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Gary Allen Lee
Lee, Futrell & Perles, LLP
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170-4120

Robert R. Leight
Pietragallo, Bosick & Gordon
One Oxford Center
38th Floor
Pittsburgh, PA 15219

Michael S. Libowitz
Thomas & Libowitz
100 Light Street
Suite 1100
Baltimore, MD 21202

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Matthew S. Lott
Dogan & Wilkinson
734 Delmas Avenue
Pascagoula, MS 39565

John A. Lucas
Hunton & Williams
P.O. Box 951
Knoxville, TN 37901

INVOLVED COUNSEL LIST (CTO-268) - MDL-875

Neil J. MacDonald
Hartel Kane Desantis MacDonald
& Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Genevieve MacSteel
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

John Michael Mattingly
Steven Rizzo, PC
Lincoln Place, Suite 350
1620 S.W. Taylor Street
Portland, OR 97205

John C. McCants
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Damon G. McClain
Sedgwick, Detert, Moran & Arnold
One Market Plaza
Steuart Tower
8th Floor
San Francisco, CA 94105

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607

Edward Bailey McDonough, Jr.
Edward B. McDonough, Jr., P.C.
P.O. Box 1943
Mobile, AL 36633

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-0013

Byron N. Miller
Thompson, Miller & Simpson, PLC
600 West Main Street
Suite 500
Louisville, KY 40202

William T. Mills, II
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Willard J. Moody, Jr.
Moody, Strople, Kloeppel, et al.
500 Crawford Street
Commerce Bank Bldg., Suite 300
P.O. Box 1138
Portsmouth, VA 23705

J. Miles Morgan
Hendrickson & Long, PLLC
P.O. Box 11070
Charleston, WV 25339

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Randi Peresich Mueller
Page, Mannino, Peresich & McDermott
P.O. Box 16450
Jackson, MS 39236

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Jeremy W. North
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

Alison E. O'Neal
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Brandy Reshaun Owens
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Donald C. Partridge
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

James L. Pattillo
Norman, Wood, Kendrick & Turner
505 20th Street, North
Financial Center, Suite 1600
Birmingham, AL 35203

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Ashley J. Platt
Brown, Buchanan & Sessoms, PA
P.O. Box 1377
Biloxi, MS 39533-1377

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones
& Hawn
999 Westview Drive
Hastings, MN 55033-2495

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

R. Thomas Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Beth Ann Rauer
Robinson & McElwee
P.O. Box 1791
Charleston, WV 25326

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

F. Brady Rigdon
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790

Matthew Robinett
Norman, Wood, Kendrick & Turner
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL 35203

INVOLVED COUNSEL LIST (CTO-268) - MDL-875

Jeffery L. Robinette
Robinette Legal Group, PLLC
475 Fairchance Road
Morgantown, WV 26508

Deborah L. Robinson
Robinson Woolson PA
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

Tom S. Roper
Carr Allison Pugh Howard Oliver
& Sisson, PC
100 Vestavia Parkway
Suite 200
Birmingham, AL 35216

Samuel M. Rosamond, III
Crawford Lewis, PLLC
400 Poydras Street
Suite 2100
New Orleans, LA 70130

Gerolyn Roussel
Roussel & Roussel
1710 Cannes Drive
Laplace, LA 70068

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Chadwick Lester Shook
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Robin Silver
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

John H. Skaggs
Calwell Practice
500 Randolph Street
P.O. Box 113
Charlestown, WV 25302

Amy M. Smith
Steptoe & Johnson
P.O. Box 2190
Clarksburg, WV 26302-2190

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John P. Sweeney
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich
& McDermott, PLLC
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Vasiliki P. Szczesny
Law Offices of Peter G. Angelos
4061 Powder Mill Road
Suite 315
Beltsville, MD 21201

Gregory M. Taube
Nelson Mullins Riley & Scarborough
999 Peachtree Street, N.E.
First Union Plaza, Suite 1400
Atlanta, GA 30309-3964

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Richard M. Thayer
Christian & Small, LLP
Financial Center, Suite 1800
505 North 20th Street
Birmingham, AL 35203-2696

Mark S. Thomas
Maupin, Taylor, PA
Highwoods Tower One
3200 Beechleaf Court, Suite 500
P.O. Drawer 19764
Raleigh, NC 27619-9764

Nathan Michael Thompson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Michael P. Thornton
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Patrick T. Tierney
Collins, Buckley, Sauntry & Haugh
West 1100 First National Bank
Building
332 Minnesota Street
St. Paul, MN 55101

Tracy E. Tomlin
Nelson, Mullins, Riley &
Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

Gerry H. Tostanoski
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

INVOLVED COUNSEL LIST (CTO-268) - MDL-875

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Allen R. Vaught
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

John D. Waller
Wooden & McLaughlin, LLP
One Indiana Square
Suite 1800
Indianapolis, IN 46204-2019

Margaret F. Ward
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Kirk G. Warner
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

William L. Waudby
Baker, Donelson, Bearman, Caldwell
& Berkowitz PC
420 North 20th Street
SouthTrust Tower, Suite 1600
Birmingham, AL 35203-5202

Michael C. Weber
LeBlanc & Waddell, LLC
6955 Perkins Road
Suite 100
Baton Rouge, LA 70808

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Allan R. Wheeler
Burr & Forman, LLP
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

Robert W. Wilkinson
Dogan & Wilkinson, PLLC
734 Del Mas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Asheville, NC 28802-7376

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA 70130

Shane C. Youtz
Youtz & Valdez, PC
900 Gold Avenue, SW
Albuquerque, NM 87102

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

OCT 1 7 2006

FILED
CLERK'S OFFICE

**IN RE ASBESTOS PRODUCT
LITIGATION**

**MDL DOCKET No. 875**

**This Motion Relates to:**

**ARCHIE LORD, SR.**
    **Plaintiff**

**from the:**

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

**VERSUS**

**Civil Action No.  1:06-CV-660**

**PHILLIPS 66 CO., ET AL.,**
    **Defendants**

**<u>EXHIBITS TO BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-268)</u>**

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2006 OCT 17 A 10: 41

RECEIVED
CLERK'S OFFICE

# EXHIBIT A

**IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI**

WILLIAM L. TAYLOR, SYBIL TAYLOR,
LEE RAY HALL, GEORGE M. GILL,
HENRY E. LANDRUM, DAVID FOSTER STANLEY,
JOHNNY JORDAN, REMIGIO SEGURA,
FREDDIE WEIR, JIMMIE L. BEVIS,
CHARLIE A. STAMPLEY, CHARLES R. SMITH,
CHARLES MCGEE, ERVIN SMITH,
JIMMY D. JERNIGAN, HERMAN COLLINS,
KENNETH USRY, ARCHIE A. LORD, SR.,
ROBERT ALLEN ROLLINS, DON M. DAVIS,
WESLEY VAUGHN, THOMAS BERRY,
DONALD RAY BERRY, HUGH E. DILMORE,
ARCHIE A. LORD, JR., and PHILLIP AUTMAN,

**PLAINTIFFS**

vs.                                    CIVIL ACTION NO. 2004-152

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY and
d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING
SPECIALTIES COMPANY;  DRILLING SPECIALTIES
COMPANY, L.L.C. a/k/a DSC DRILLING SPECIALTIES
COMPANY, L.L.C.;  CONOCO PHILLIPS COMPANY,
INDIVIDUALLY AND AS SUCCESSOR BY MERGER
TO PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM
COMPANY and DRILLING SPECIALTIES COMPANY;
MONTELLO, INC.; UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE CORPORATION;
OILFIELD SERVICE AND SUPPLY COMPANY, INC.;
BIG B VALVE REPAIR AND SERVICE COMPANY, INC.;
BROOKHAVEN PUMP AND SUPPLY COMPANY;
BROWNING OIL TOOLS, INC.; W & M OIL WELL SPECIALTY SERVICE AND
SUPPLIES, INC.; BAKER-HUGHES OILFIELD OPERATIONS, INC.,
INDIVIDUALLY AND AS SUCCESSOR TO
BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES
INTEQ DRILLING FLUIDS, INC., BAKER
INTERNATIONAL, INC., BAKER OIL TOOLS, INC.,
MILPARK, INC., NEWPARK DRILLING FLUIDS, INC.,
LAUREL MUD AND CHEMICAL CORP.,
MILCHEM, INC. f/k/a MILWHITE MUD SALES COMPANY,
HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC.

**FILED**

MAY 19 2004

SMITH COUNTY CIRCUIT COURT

f/k/a OIL BASE, INC; BAKER HUGHES, INC.;
CHOCTAW MUD COMPANY, INC.;
HY-TEMP DRILLING MUD, INC; BOUTTE OFFSHORE
CORPORATION F/K/A CO-MAR OFFSHORE
CORPORATION, AMELIA OFFSHORE MARINE
CORPORATION AND/OR OFFSHORE OPERATORS,
INC.; CANAL OIL COMPANY, INC.; CHEVRON
USA, INC.; CIRCLE BAR DRILLING COMPANY;
CRUSADER DRILLING AND SERVICE, INC.,
INDIVIDUALLY AND AS SUCCESSOR TO
WILLIAMS DRILLING CO., INC.; DAULPHIN
DRILLING; DIAMOND OFFSHORE (USA), INC.
F/K/A ODECO DRILLING, INC. AND DIAMOND
M DRILLING; DELTA DRILLING COMPANY;
DIXILYN DRILLING CORPORATION;
DIXILYN-FIELD DRILLING COMPANY;
HELMERICH & PAYNE INTERNATIONAL
DRILLING CO.; HOC DRILLING LIQUIDATING CO.
F/K/A HERCULES OFFSHORE DRILLING CO.;
MISSION DRILLING CORPORATION; POOL
OFFSHORE D/B/A POOL COMPANY; POOLE
DRILLING CO., INC.; QUARLES DRILLING
CORPORATION; ROCKWOOD ENTERPRISES,
INC. F/K/A JFP DRILLING CO., INC.; SALENE
CORPORATION; ZAPATA DRILLING (U.S.),
INC. D/B/A ZAPATA DRILLING COMPANY
AND ZAPATA OFFSHORE GATHERING
COMPANY, INC.; ARETHUSA OFF-SHORE
COMPANY, INDIVIDUALLY AND
AS SUCCESSOR TO ARETHUSA/ZAPATA OFF-SHORE
COMPANY AND ARETHUSA, INC.;
JOHN DOES 1 THROUGH 5,
AND JOHN DOES 6 THROUGH 15                              **DEFENDANTS**

## COMPLAINT

COME NOW, the Plaintiffs, and file suit against the Defendants and would show unto

the Court the following, to-wit:

I.

The Plaintiffs are all adult resident citizens of the State of Mississippi.

II.

Defendant, **Union Carbide Corporation** is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

III.

Defendant, **The Dow Chemical Company,** is a foreign corporation licensed to do business in the State of Mississippi and can be served **Individually and as successor by merger of Union Carbide** by serving its registered agent C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

IV.

Defendant, **Montello, Inc.** is a foreign corporation not registered in the State of Mississippi but doing business in the State of Mississippi, having committed a tort in whole or in part in the State of Mississippi, and participated in the making and/or performance in the State of Mississippi, and can be served pursuant to §§13-3-49 and 13-3-57 of the Miss. Code Annon. And Rule 4(C)(5) and 4(D)(4) of the Mississippi Rules of Civil Procedure.

V.

The "PHILLIPS DEFENDANTS":

Defendant, **ConocoPhillips Company**, individually, and d/b/a Phillips Petroleum Company, and/or d/b/a Phillips 66 Company and/or d/b/a Drilling Specialties Company, and as successor by merger to **Phillips Petroleum Company, Phillips 66 Company and Drilling Specialties Company**, is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CSC of Rankin County, Inc., Mirror Lake Plaza,

3

2829 Lakeland Drive #1502, Flowood, MS 39232.

### VI.

Defendant, **Oilfield Service and Supply Company, Inc.**, is a Mississippi corporation and can be served by serving its registered agent Robert M. Stone, Jr., 1991 Highway 184, Laurel, MS 39440.

### VII.

Defendant, **Big B Valve Repair and Service Company, Inc.**, is a Mississippi corporation and can be served by serving its registered agent Leonard Z. Bigbie, 2513 Highway 15 North, Laurel, MS 39440.

### VIII.

Defendant, **Brookhaven Pump & Supply Co.**, is a Mississippi corporation and can be served by serving its registered agent Bert J. Rosson, 4021 N. State St., Jackson, MS 39201.

### IX.

Defendant, **Browning Oil Tools, Inc.**, is a Mississippi corporation and can be served by serving its registered agent Fred L. Rogers, 6 Ridgeway Rd., Natchez, MS 39121-0207.

### X.

Defendant, **W & M Oil Well Specialty Service & Supplies, Inc.**, is a Mississippi corporation and can be served by serving its registered agent Willie Wayne Wactor, 432 Liberty Rd., Natchez, MS 39120.

### XI.

Defendant, **Baker Hughes Oilfield Operations, Inc.**, individually and as successor to **Baker Hughes Inteq, Inc. a/k/a Baker Hughes Inteq Drilling Fluids, Baker International, Inc., Baker Oil Tools, Inc., Milpark, Inc., Newpark Drilling Fluids, Inc., Laurel Mud &**

Chemical Corporation, **Milchem, Inc. a/k/a Milwhite Mud Sales Company, Hughes Drilling Fluids, Inc., OBI-Hughes, Inc. f/k/a Oil Base, Inc.**, is a California corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CT Corporation System, 645 Lakeland East Dr., Suite 101, Flowood, MS 39232.

### XII.

Defendant, **Baker Hughes, Inc.**, is a Delaware corporation not licensed to do business in the State of Mississippi but doing business in Mississippi individually and as **Baker Hughes Oilfield Operations, Inc.** and can be served by serving its registered agent CT Corporation System, 1021 Main Street, Suite 1150, Houston, TX 77002.

### XIII.

Defendant, **Choctaw Mud Company, Inc.**, is a Mississippi corporation and can be served by serving its registered agent Curtis H. Allen, 700 Ronie Street, Hattiesburg, MS 39401.

### XIV.

Defendant, **Hy-Temp Drilling Mud, Inc.**, is a Mississippi corporation and can be served by serving its registered agent L J Breaux, 17497 Highway 603, Kiln, MS 39556.

### XV.

The following Defendants all were Jones Act employers of Plaintiffs herein and sometimes referred to collectively as "Jones Act Asbestos Defendants": (a) Boutte Offshore Corporation f/k/a Co-Mar Offshore Corporation, (c) Amelia Offshore Marine Corporation and/or Offshore Operators, Inc.; (d) Canal Oil Company, Inc.; (e) Chevron USA, Inc.; (f) Circle Bar Drilling Company; (g) Crusader Drilling and Service, Inc., Individually and as Successor to Williams Drilling Co., Inc.; (h) Daulphin Drilling; Diamond Offshore (USA), Inc. F/K/A Odeco Drilling, Inc. and Diamond M Drilling; (i) Delta Drilling Company; (j) Dixilyn Drilling

Corporation; (k) Helmerich & Payne International Drilling Co.; (l) HOC Drilling Liquidating Co. f/k/a Hercules Offshore Drilling Co.; (m) Mission Drilling Corporation; (n) Pool Offshore D/B/A Pool Company; Poole Drilling Co., Inc.; (o) Quarles Drilling Corporation; (p) Rockwood Enterprises, Inc. f/k/a JFP Drilling Co., Inc.; (q) Salene Corporation; and (r) Zapata Drilling (U.S.), Inc. D/B/A Zapata Drilling Company and Zapata Offshore Gathering Company, Inc., (s) Arethusa Off-Shore Company, Individually and as Successor To Arethusa/Zapata Off-Shore Company and Arethusa, Inc., and (t) Dixilyn-Field Drilling Company.

## XVI.

The **John Doe** Defendants are entities known to the Defendants but unknown to the Plaintiffs until adequate discovery is allowed in this case.

A.     John Doe Defendants 1 through 5 are Mississippi resident Defendants who participated in the manufacture, sale, packaging, distribution, use, advertising and transportation of asbestos products from 1965 through approximately 1986 because said John Doe Defendants knew or should have known of the unreasonably dangerous character of asbestos products and were negligent in their actions and further responsible in strict liability for their actions all to these Plaintiffs. These Mississippi resident John Doe Defendants will be added when determined by discovery.

B.     John Does 6 through 15 are Defendants who analyzed, consulted, manufactured, distributed, packaged, transported, sold, used, or participated in any form or fashion in the ultimate use of asbestos product to which the Plaintiffs were exposed from approximately 1965 through approximately 1986 to be determined by discovery and joined by amendment when discovered.

## XVII.

Venue is proper in this County as all Plaintiffs herein are residents of the State of Mississippi claiming for damages from exposure to asbestos.  In addition, they were either exposed in the State of Mississippi, exposed by the products of manufacturing Defendants joined herein, exposed by Jones Act employers joined herein or joined as Plaintiffs herewith pursuant to MRCP Rule 20 and existing State Law.

## CAUSES OF ACTION

## XVIII.

This suit arises from injuries caused to Plaintiffs because of their frequent and sustained exposure to asbestos products that were defectively designed, manufactured, marketed and used by UNION CARBIDE, DOW CHEMICAL COMPANY, the "PHILLIPS DEFENDANTS," MONTELLO, INC., OILFIELD SERVICE AND SUPPLY COMPANY, INC., BIG B VALVE REPAIR AND SERVICE COMPANY, INC., BROOKHAVEN PUMP & SUPPLY CO., BROWNING OIL TOOLS, INC., W&M OIL WELL SPECIALTY SERVICE & SUPPLIES, INC., BAKER HUGHES OILFIELD OPERATIONS, INC., individually and as successor to BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES INTEQ DRILLING FLUIDS, BAKER INTERNATIONAL, INC., BAKER OIL TOOLS, INC., MILPARK, INC., NEWPARK DRILLING FLUIDS, INC., LAUREL MUD & CHEMICAL CORPORATION, MILCHEM, INC. a/k/a MILWHITE MUD SALES COMPANY, HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC. f/k/a OIL BASE, INC., BAKER HUGHES, INC., individually, an as BAKER HUGHES OILFIELD OPERATIONS, INC., CHOCTAW MUD COMPANY, INC., and HY-TEMP DRILLING MUD, INC., sometimes referred to collectively as "Asbestos Defendants".

Plaintiffs have developed asbestosis and other maladies as a result of their exposure to these Defendants' products.

## XIX.

Plaintiffs' injuries, illnesses and damages are a direct result of the negligence of Defendants and the unreasonably dangerous products they designed, manufactured, marketed, sold, and used. Such negligence and strict liability was also the result of intentional acts and reckless indifference to the safety, health and welfare of the Plaintiffs and others similarly situated, constitutes gross negligence and subjects all these Asbestos Defendants to an award of punitive damages.

## XX.

The Asbestos Defendants have been in the business of manufacturing and distributing products containing asbestos for many decades. At the time these products were placed in the stream of commerce, both collectively and individually, had actual knowledge of the unreasonably dangerous propensities of asbestos. These Defendants have known and/or should have reasonably should have known of the unreasonably dangerous application of asbestos as it affects these Plaintiffs and others similarly situated for all of the exposure time period alleged herein. The Defendants were manufacturers and/or knowledgeable distributors or sellers of asbestos and asbestos products at a time when the dangers of asbestos were known or should have been known to them and they further failed to warn and/or protect the Plaintiffs. Notwithstanding such knowledge, these Defendants have manufactured, sold, distributed, failed to warn Plaintiffs and used asbestos negligently and in violation of the laws of the State of Mississippi, both statutorily and case law, such as to submit them to strict liability for their products and for the failure to properly warn the Plaintiffs about the dangers of their product.

8

## XXI.

The Jones Act Asbestos Defendants have used the Asbestos Defendants' asbestos products in their offshore drilling operations, land based drilling operations, and in and on their drilling structures, drilling rigs, vessels and other equipment. The use of these asbestos products was known to these Jones Act Asbestos Defendants and/or should have been known to these Jones Act Asbestos Defendants to be unreasonably dangerous and knew or should have known use of said products would cause their drilling equipment to be unreasonably unsafe places for the Plaintiffs to work and further that said asbestos products would render their drilling equipment which qualify as vessels to be unreasonably dangerous and unseaworthy. Further these Defendants failed to warn the Plaintiffs and to protect the Plaintiffs from asbestos exposure.

## XXII.

Plaintiffs file their claims against the Jones Act Asbestos Defendants for negligence and strict product liability under the laws of the State of Mississippi as defined above. In addition, Plaintiffs file their claims against the Jones Act Asbestos Defendants for negligence as their Jones Act employer during the timeframe of approximately 1965 through approximately 1986. Furthermore, Plaintiff's claim against the Jones Act Asbestos Defendants is also based on their providing as owner multiple drilling rigs that are vessels for which the Plaintiffs were crew members and for which the Jones Act Asbestos Defendants are liable to the Plaintiffs for providing unseaworthy vessels.

## XXIII.

Plaintiffs' injuries complained of herein have been caused and/or contributed to by the Jones Act Asbestos Defendants as their Jones Act employers through their negligent conduct to

9

them as an employee on vessels and also have been caused or contributed by breach of their duty as the owner of vessels for which the Plaintiffs were seamen and crew members for which the use of the unreasonably dangerous asbestos products caused said vessels to be unseaworthy.

## XXIV.

The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiffs for which they now bring their claims against the Asbestos Defendants for negligence and strict liability under Mississippi Law and against the Jones Act Asbestos Defendants for negligence and strict liability under Mississippi Law and further for their claims against the Jones Act Asbestos Defendants under the Jones Act.

## XXV.

Plaintiffs demand recovery of and from all of the Defendants herein for damages of:

1.   Past and future lost wages;

2.   Past and future medical expenses;

3.   Past and future pain, suffering and mental anguish;

4.   Loss of enjoyment of life;

5.   Punitive damages.

6.   Emotional distress;

7.   Fear of cancer; and,

8.   Cancer.

## XXVI.

Additionally and alternatively, Sybil Taylor, the wife of the Plaintiff, William L. Taylor, has suffered the loss of services and consortium of her husband, the Plaintiff, William L. Taylor, and she further has been caused to render valuable services to her husband during his convalescence, all as

a proximate cause and consequence of the negligence, wanton and/or grossly negligent conduct of

the Defendants, jointly and severally, for which she should be compensated in an amount in excess

of the minimal jurisdictional requirements of this Court.

## XXVII.

Additionally and alternatively, Plaintiff Sybil Taylor, as a proximate consequence of the

wanton and/or grossly negligent conduct as described hereinabove, she has been caused to lose

the services and consortium of her husband, the Plaintiff, William L. Taylor, and she further has

been caused to render valuable services to her husband during his convalescence for which she

should be compensated, and is entitled to all damages, both compensatory and punitive,

allowable by law.

## XXVIII.

The Plaintiffs claim all of their rights to their selection of pursuing their claim in the State

Courts of Mississippi as provided to them through the Savings to Suitors clause of the United

States Laws.

## XXIX.

Plaintiffs herein make no claim under Federal law other than claims subject to the

Savings for Suitors Clause.

## JURY DEMAND

## XXX.

Plaintiffs demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment of from and

against these Defendants, both jointly and severally, in a sum and amount to exceed $75,000 to

each Plaintiff exclusive of costs and interest.  In addition, Plaintiffs demand punitive damages,

11

attorneys' fees and all costs of Court herein accruing.

Respectfully submitted,

PLAINTIFFS

By: _____

S. Robert Hammond, Jr.

S. ROBERT HAMMOND, JR. (MSB #3004)
Ramsay & Hammond, P.L.L.C.
106 Madison Plaza
Post Office Box 16567
Hattiesburg, MS  39402-6567
(601) 264-4499

# EXHIBIT B

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

WILLIAM L. TAYLOR, ET AL

**PLAINTIFFS**

VERSUS                                              CIVIL ACTION NO. 2004-152

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALITIES COMPANY; ET AL

**DEFENDANTS**

## MOTION TO DISMISS OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT, FOR STAY OF DISCOVERY, FOR RELIEF PURSUANT TO *HAROLD'S AUTO PARTS, INC. V. MANGIALARDI*, AND FOR OTHER RELIEF

COMES NOW, through undersigned counsel, defendant, Nabors Drilling USA, LP and

Pool Offshore d/b/a Pool Company (hereinafter "Nabors Companies"), and, pursuant to M.R.C.P.

12(b), who hereby move that Plaintiffs' Complaint be dismissed for failure to meet the

requirements of M.R.C.P. 8 and 9, or, in the alternative, pursuant to M.R.C.P. 12(e), to require

the plaintiffs to furnish a more definite statement of their claims against the Nabors Companies

in this case as required by M.R.C.P. 8, 9 and 11.

In support of its Motion, the Nabors Companies adopt and incorporate by reference, the

factual assertions, legal arguments and authority submitted by Union Carbide Corporation in its

Motion for Relief Pursuant to *Harold's Auto Parts, Inc. v. Flower Mangialardi*, copies of which

are attached hereto as Exhibit "A." The Nabors Companies specifically assert all rights and

defenses raised in Union Carbide's motion, and expressly raise the following defenses and

grounds for dismissal:

1.      lack of subject matter jurisdiction pursuant to M.R.C.P. 12(b)(2);

2.      improper venue pursuant to M.R.C.P. 12 (b)(3);

**FILED**

JAN 1·0 2005

SMITH COUNTY CIRCUIT COURT

3.    failure to state a claim upon which relief may be granted pursuant to M.R.C.P. 12(b)(6);

4.    failure to join necessary parties under M.R.C.P. 19 and pursuant to M.R.C.P. 12 (b)(7); and,

5.    improper cumulation of parties pursuant to M.R.C.P. 20(a).

Argument on these defenses is reserved until such time as Plaintiffs' Complaint properly sets forth detailed factual allegations sufficient to sustain a cause of action; thereby allowing the Nabors Companies time to form bases for their defenses.

Therefore, defendant, Nabors Drilling USA, LP and Pool Offshore d/b/a Pool Company, move this Honorable Court to dismiss Plaintiffs' Complaint for failure to meet the requirements of M.R.C.P. 8 and 9, or, in the alternative, pursuant to M.R.C.P. 12(e), to require the plaintiffs to furnish a more definite statement of their claims against the Nabors Companies in this case as required by M.R.C.P. 8, 9 and 11. Specifically, the Nabors Companies pray that this Court order plaintiffs to amend the Complaint to set forth the detailed factual and legal allegations submitted in the adopted and incorporated motions. The Nabors Companies further pray that this Court order that defendant be allowed thirty (30) days from service of an Amended Complaint in which to file responsive pleadings in this case, and additionally that all discovery be stayed fifteen (15) additional days after such deadline for serving the Answer to the Complaint. The Nabors Companies further pray that this Court grant such other relief for the reasons set forth by Transworld and Union Carbide. Additionally, the Nabors Companies reserve all rights and defenses, and prays for such relief as they may otherwise be entitled.

Respectfully submitted this _10_ day of _____, 2005.

NABORS DRILLING USA, LP, POOL
OFFSHORE D/B/A POOL COMPANY


BY: DORIS T. BOBADILLA (MS Bar No. 99869)


GALLOWAY, JOHNSON, TOMPKINS,
    BURR & SMITH
One Shell Square – 40th Floor
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456


OF COUNSEL


RICHARD O. BURSON (Ms. Bar No. 7580)
FERRIS, BURSON & ENTREKIN PLLC
820 West Fifth Street
P.O. Box 1289
Laurel, MS 39441
Telephone: (601) 649-5399
Fax: (601) 649-5799

## CERTIFICATE OF SERVICE

I, Doris T. Bobadilla, one of the counsel for defendant, Nabors Drilling USA, LP and Pool Offshore d/b/a Pool Company, do hereby certify that I have this day mailed by U.S. Mail postage pre-paid, a true and correct copy of the above and foregoing Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to *Harold's Auto Parts, Inc. v. Mangialardi*, and for Other Relief to:

> S. Robert Hammond, Jr., Esq.
> Ramsay & Hammond, P.L.L.C.
> 106 Madison Plaza
> Post Office Box 16567
> Hattiesburg, Mississippi 39402-6567

SO CERTIFIED, this _10_ day January, 2005.


DORIS T. BOBADILLA

## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

WILLIAM L. TAYLOR, et al.                                                    **PLAINTIFFS**

VS.                                                             CIVIL ACTION NO. 2004-152

PHILLIPS 66 COMPANY, et al.                                                 **DEFENDANTS**

### DEFENDANT UNION CARBIDE CORPORATION'S MOTION FOR RELIEF PURSUANT TO *HAROLD'S AUTO PARTS, INC. V. FLOWER MANGIALARDI*

COMES NOW, Defendant Union Carbide Corporation (Union Carbide), by and through Forman, Perry, Watkins, Krutz & Tardy, LLP as counsel, and hereby moves the Court for relief, as specified below, pursuant to the Supreme Court Order and opinion rendered August 26, 2004, in *Harold's Auto Parts, Inc., et al v. Flower Mangialardi, et al*, No. 2004-IA-01308-SCT ("Mangialardi"). Union Carbide states as follows:

1.     On August 26, 2004, the Supreme Court rendered its opinion in *Mangialardi*, a copy of which is attached to this Motion as Exhibit A. In *Mangialardi*, the Supreme Court held, <u>inter alia</u>, that (a) asbestos litigation is not exempted from the joinder requirements of Miss. R. Civ. P., Rule 20, as amended, and the principles set forth in *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092 (Miss. 2004); (b) that plaintiffs' complaints in asbestos tort litigation must comply with Miss. R. Civ. P. Rules 8, 9, 10, and 11, and that a complaint must contain fact-specific basic information, known at the time of filing, as to "which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time," without reliance on discovery, *Mangialardi*, slip op. at 2-3; (c) that plaintiffs have the burden and obligation to justify joinder of plaintiffs by including such information in their complaint, slip op. at 5; and (d) that the complaint



EXHIBIT
"A"

FILED

SEP 1 7 2004

SMITH COUNTY CIRCUIT COURT

of each plaintiff which does not assert the minimum sufficient information set forth above should be dismissed.

2.     In this case, twenty-six (26) plaintiffs asserted claims against approximately seventy (70) defendants, filed on May 19, 2004. The complaint filed at the onset of this litigation is wholly lacking in identifying plaintiffs' claims with respect to which products, manufacturers, distributors and/or defendants these plaintiffs sought relief as noted and required in *Mangialardi*.

3.     The plaintiffs' complaint fails to comply with the foregoing requirements set forth by the Supreme Court in *Mangialardi* and the Mississippi Rules of Civil Procedure as interpreted by the Court in *Mangialardi*.

4.     In accordance with *Mangialardi*, Union Carbide respectfully requests that the Court enter an order which:

a.     Dismisses the complaint without prejudice; or

b.     In the alternative dismisses, with leave to amend to file within 30 days of the date of this Order, a new amended complaint which for each plaintiff complies with the fact-specific pleading requirements as set forth in *Harold's Auto Parts. Inc., et al v. Flower Mangialardi, et al*, No. 2004-IA-01308-SCT (Aug. 26, 2004) and which is specifically subject to the requirements of Miss. R. Civ. P., Rule 11.

5.     In the alternative, Union Carbide further moves the Court for general relief, for the court to set and transfer venue as appropriate, and as may be applicable, to dismiss for lack of

jurisdiction and for lack of proper and sufficient service of process.

THIS the _16ᵗʰ_ day of September, 2004.

Respectfully submitted,

_Rbt Greenl_

MARCY B. CROFT, MSB No. 10864
ROBERT V. GREENLEE, MSB No. 100638

ON BEHALF OF DEFENDANT

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
One Jackson Place, Suite 200
188 East Capitol Street
Post Office Box 22608
Jackson, MS 39225-2608
(601) 960-8600

## CERTIFICATE OF SERVICE

I, the undersigned attorney, on behalf of the above named defendant, do hereby certify that
I have served by United States mail, postage prepaid, a true and correct copy of the above and
foregoing document, to all counsel of record.

This, the _16ᵗʰ_ day of September, 2004.

_Rbt Greenl_

ROBERT V. GREENLEE

JAN-07-05    11:03AM    FROM-FERRIS L  ON & ENTREKIN              601 649 574              T-043   P.005/035   F-383

Serial: 116304

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2004-IA-01308-SCT

**FILED**

AUG 2 6 2004

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

*HAROLD'S AUTO PARTS, INC., ET AL.*                                 *Petitioners*

*v.*

*FLOWER MANGIALARDI, ET AL.*                                        *Respondents*

### ORDER

This matter is before the Court, en banc, on the Petition for Permission to Appeal
From an Interlocutory Order and Motion for Stay filed by counsel for Petitioners. Also
before the Court is the response and supplemental response filed by counsel for Respondents.
Petitioners seek to appeal an interlocutory order of the Circuit Court of Bolivar County,
Mississippi, which denied petitioners' motion to sever filed therein.

After due consideration, the Court finds that the petition for interlocutory appeal is
well taken and should be granted. The Court further finds that no further briefing is needed,
and we shall proceed to a consideration of the merits.

This interlocutory appeal concerns joinder of multiple plaintiffs in an asbestos, mass
tort litigation case. This matter is controlled by *Jansen Pharmaceutica, Inc. v. Armond*, 866
So. 2d 1092 (Miss. 2004). Even though asbestos litigation is, indeed, a "mature tort," as
discussed in dicta in *Armond*, this Court did not intend in that case, and we shall not proceed

**EXHIBIT**

A

here, to exempt asbestos cases from the requirements of Rule 20, of the Mississippi Rules
of Civil Procedure.

The case before us has endured seven amended complaints, and now involves the
claims of 264 plaintiffs against 137 named defendants who have identified approximately
600 different employers where asbestos exposure might have taken place.  Approximately
220 of the plaintiffs are unable to identify any employment within the state of Mississippi.
The complaint provides virtually no helpful information with respect to the claims asserted
by the individual plaintiffs.  We are provided the following allegations and information
regarding the plaintiffs:

1.      names and social security numbers;

2.      they are "resident citizens of the State of Mississippi, or other states of the
        United States, or are personal representatives or wrongful death beneficiaries
        of deceased plaintiffs (we are not told which plaintiffs are citizens and which
        are representatives or beneficiaries);

3.      they were exposed to asbestos products which were "mined, designed,
        specified, evaluated, manufactured, packaged, furnished, supplied and/or sold"
        by defendants during "all or part of the period 1930 through the present" (we
        are not told which plaintiffs were exposed to which products manufactured by
        which defendants; nor are we told when any particular plaintiff was exposed
        during the seventy-five year period);

In essence, we are told that 264 plaintiffs were exposed over a 75-year period of time
to asbestos products associated with 137 manufacturers in approximately 600 workplaces.
We are not told which plaintiff was exposed to which product manufactured by which
defendant in which workplace at any particular time.  We do not suggest that this lack of

2

basic information is the result of recalcitrance on the part of plaintiffs' counsel; perhaps plaintiffs' counsel has not furnished the information.

Defendants have strenuously objected to the failure and/or refusal of plaintiffs' to provide the information. They point out that it is impossible to argue to the trial court that joinder was improper, because they aren't provided basic information about each of the plaintiffs. Curiously, rather than filing a motion for more definite statement, or to dismiss, defendants' simply seek the information "as soon as practicable." The defendant's further argue that Rule 20 requires the disclosure to be made.

The position stated by plaintiffs is that defendant's do not need the information right now, since there apparently is a plan to try the cases, one at a time.

We find that all have missed the mark. This matter should not be before us because of a failure to comply with Rule 20, but rather because of an abuse of, and failure to comply with, Rules 8, 9, 10 and 11. What is referred to as "core information" and "disclosure" is basic information which should be known to plaintiffs' counsel *prior* to filing the complaint, not information to be developed in discovery or disclosure. The information should have been included in the complaint.

Complaints should not be filed in matters where plaintiffs intend to find out in discovery whether or not, and against whom, they have a cause of action. Absent exigent circumstances, plaintiffs' counsel should not file a complaint until sufficient information is obtained, and plaintiffs' counsel believes in good faith that *each plaintiff* has an appropriate cause of action to assert against a defendant in the jurisdiction where the complaint is to be

3

filed. To do otherwise is an abuse of the system, and is sanctionable. *See* Miss. R. Civ. P., Rule 11.

Rule 20 allows joinder only where the plaintiffs make certain assertions which demonstrate the matters set out in the rule. In this regard, plaintiffs have wholly failed. Indeed, plaintiffs have not even attempted to provide the information. They presume that they are entitled to proceed with their suit, as filed, and they will demonstrate later that joinder is proper. We can only presume from the record before us that plaintiff take this course because they don't know whether or not joinder is appropriate. This is so, apparently, because they don't know the claims of each plaintiff. They don't appear to know when they were exposed, where they were exposed, by whom they were exposed, or even if they were exposed. Presumably, when they learn this information, plaintiffs' counsel intends to dismiss those who should not have been joined. This is a perversion of the judicial system unknown prior to the filing of mass-tort cases.

We must point out that not all cases involving multiple plaintiffs and/or defendants which have come before this Court appear to have been filed in this manner. We note cases where counsel for the plaintiffs appear to have interviewed each plaintiff, investigated their claims, and developed information necessary to file a complaint on their behalf.

But here, not only have plaintiffs failed to furnish their counsel the necessary information to file the complaint, but plaintiffs' counsel continues to resist furnishing to defendants and the court.

4

JAN-07-05   11:04AM   FROM-FERRIS   SON & ENTREKIN          601 649 57      T-043   P.009/035   F-393

Incredibly, plaintiffs asked the trial court to set aside its order of certification for interlocutory appeal, claiming they got no notice of the motion, and that "[p]laintiffs were never afforded any of their constitutional rights of due process to contest such a motion." This complaint comes to us from plaintiffs who, more than three years ago, filed suit against 137 defendants; who have amended their complaint six times; and who are apparently unable to explain to the trial court, this Court, or to the defendants, exactly who each plaintiff has sued, and why.

We hereby reverse the trial court's June 23, 2004 Order, insofar at it denies the plaintiffs' motion to sever, and we order severance as to each plaintiff. We hold that plaintiffs have wholly failed in their obligation to assert sufficient information to justify joinder and, accordingly, this matter is remanded to the trial court for a transfer of each plaintiff to an appropriate court of venue and jurisdiction, where known. The trial court is hereby directed to dismiss, without prejudice, the complaint of each plaintiff who fails, within forty-five days of the date of this Order, to provide the defendants and trial court with sufficient information for such determination, and transfer if warranted. Such information must include, at a minimum, the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure.

IT IS THEREFORE ORDERED that the Petition for Interlocutory Appeal by Permission filed by counsel for petitioners is hereby granted.

5

JAN-07-05   11:04AM   FROM-FERRIS   SON & ENTREKIN          601 649 57(          T-043   P.010/035   F-393

IT IS FURTHER ORDERED that this matter is hereby remanded to the Circuit Court of Bolivar County, Mississippi, for entry of an order granting the petitioners' motion to sever in accordance with the provisions of this Order.

IT IS FURTHER ORDERED that the Circuit Court of Bolivar County shall dismiss, without prejudice, each plaintiff who fails to provide the defendants and the court, within forty-five days of the date of this Order, with sufficient information as specified herein which allows the trial court to determine the appropriate court for transfer.

IT IS FURTHER ORDERED that Respondents are taxed with all costs of this appeal.

SO ORDERED, this the 23rd day of August, 2004.

JAMES W. SMITH, JR., CHIEF JUSTICE
FOR THE COURT

TO GRANT: SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND
DICKINSON, JJ.

TO DENY:  EASLEY. J.

NOT PARTICIPATING: DIAZ AND RANDOLPH, JJ.

6

# EXHIBIT C

# IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

WILLIAM L. TAYLOR, et al.                                    **PLAINTIFFS**

VERSUS                                          **CIVIL ACTION NO. 2004-152**

PHILLIPS 66 COMPANY, et al.                                  **DEFENDANTS**

## <u>ORDER APPOINTING SPECIAL MASTER AND MEDIATOR</u>

THIS DAY this cause came on to be heard on the Court's own Motion for appointment of

a Special Master and Mediator to consider all non-dispositive issues and in accordance with Rule

53 of the Mississippi Rules of Civil Procedure and the Court after having considered the same, being

fully advised in the premises, is of the opinion and so finds that a Special Master and Mediator

should be appointed in accordance with Rule 53 of the aforesaid Rules; that the Special Master and

Mediator should have all the rights, powers and authority conferred by said Rule; and that said

Special Master and Mediator should receive "reasonable compensation for services rendered as fixed

by law or allowed by the Court and taxed in the cost and collected in the same manner as the fees

of the Clerk," as provided in Rule 53(a), unless the parties mutually agree on other arrangements.

The Court further finds that the attorney appointed Special Master and Mediator should have

considerable expertise in handling personal injury cases involving complicated issues of law and

fact; that the Honorable Robert Gholson, attorney at law, Laurel, Mississippi, is duly authorized to

practice before all courts of the State of Mississippi, is an experienced trial lawyer, having expertise

in complicated lawsuits, and that he is, therefore, well acquainted with, and knowledgeable in, the

procedures, practices, and peculiarities, if any, of litigation in the Thirteenth Circuit Court and the

propensities, if any, of its juries; and that for these reasons, the Honorable Robert Gholson should

be, and the same hereby is, appointed to serve as Special Master and Mediator.

**FILED**

FEB 0 9 2005

**SMITH COUNTY CIRCUIT COURT**

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Honorable Robert Gholson should be, and the same hereby is, appointed Special Master and Mediator to serve with all the rights, power and authorities conferred by Rule 53 of the Rules of Civil Procedure for the State of Mississippi; that he shall be compensated in the manner set forth in Rule 53(a), unless the parties otherwise agree to a separate method of payment; that said Honorable Robert Gholson shall serve as Special Master and Mediator until further order of the Court; and that any objections to said appointment should be made in writing on or before February 10, 2005.

SO ORDERED AND ADJUDGED on this the ___3___ day of February, 2005.


HONORABLE ROBERT G. EVANS
CIRCUIT COURT JUDGE

Prepared by:


Marcy B. Croft, Esq. (MSB#10864)
Forman, Perry, Watkins, Krutz & Tardy, LLP
200 South Lamar Street
City Centre, Suite 100
Jackson, Mississippi  39201-4099

# EXHIBIT D

## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

**WILLIAM L. TAYLOR, et al.**                                                      **PLAINTIFFS**

**VERSUS**                                                      **CIVIL ACTION NO. 2004-152**

                                                                       **DEFENDANTS**
**PHILLIPS 66 COMPANY, et al.**

### PLAINTIFF'S FACT SHEET

Each plaintiff who alleges exposure to asbestos (or is the representative of a person who is alleged to have been so exposed) must complete this Plaintiff's Fact Sheet, including all of the questions asked. In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge in accordance with the Mississippi Rules of Civil Procedure. Said Fact Sheet shall be filed and fully incorporated as a supplement to the Plaintiff's Complaint.

### INSTRUCTIONS

In completing this Fact Sheet, it is expected that you will fully respond to each question and will provide all of the information available to you and your counsel that is sought by each question. If you do not know the answer to any question, please state that you do not know the answer. If any question is not applicable to you and your case, please state that it is not applicable. To the extent you cannot completely answer any question, please provide whatever information is reasonably available to you and your counsel. As to any information sought by the question which you do not know, please identify what part of the question you cannot answer. You should consult with your attorney if you have any questions regarding the completion fo these forms.

If you are completing these forms for someone who was allegedly exposed to asbestos who has died or who cannot complete the form for himself/herself, please answer as completely as you can for that person.

You may attach as many sheets of paper necessary to answer these questions. Also, counsel may attach or incorporate by reference any additional allegations to be considered as part of the Complaint.

### DEFINITIONS

The term "injury" shall mean any physical, emotional or psychological condition which is alleged to have been caused by your alleged exposure to asbestos as well as any future emotional or psychological condition which you may allege is the result of your alleged exposure to asbestos.

1

## PLAINTIFF FACT SHEET

**Background Information:**

_Archie A. Lord, Sr._
FULL NAME

_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_
SOCIAL SECURITY #

_Georgia Irene Ware Lord_
NAME OF SPOUSE

_8-17-56_
DATE OF MARRIAGE

_P.O. Box 5_          _Montecello, MS    39654_
ADDRESS          CITY          STATE          ZIP

CHILDREN: _Archie A. Lord, Jr_          _Robert Harvey Lord_

_Andrea Irene Lord_          _Gwendolyn Dorise Lord_

_Susan Derlette Carney_

_8-18-36_
DATE OF BIRTH          DATE OF DEATH          CAUSE OF DEATH

If you are completing this questionnaire in a representative capacity (*i.e.* on behalf of the estate of a deceased person), please complete the following information:

Capacity in which you are representing this individual:

_____
FULL NAME

_____
CAPACITY

_____
ADDRESS          CITY          STATE          ZIP

If you were appointed by a Court, state:

COURT: _____
(Include the County, Jurisdiction and Cause Number)          Date of Appointment

[If you are completing this questionnaire in a representative capacity, please respond to the remaining questions with respect to the person who was allegedly exposed to asbestos. The questions using the term "You" or "Plaintiff" refer to the person who was allegedly exposed to asbestos. If the individual is deceased, please respond as of the time immediately prior to his or her death unless a different time period is specified.]

**PLAINTIFF'S RESIDENCE AT THE TIME OF EXPOSURE (Please list your residence for each date of exposure from your first exposure to Present.)**

| DATES | COUNTY | STATE |
|-------|--------|-------|
| '64 - '88 | Lawrence | MS |
|  |  |  |
|  |  |  |
|  |  |  |

**PLAINTIFFS EMPLOYMENT HISTORY WITH REGARD
TO ASBESTOS EXPOSURE IN OIL/GAS INDUSTRY <u>ONLY</u>**

For each site that you worked in the oil/gas industry  please provide: (1) your employers' name, (2) the well operator's name, (3) name of the rig (both offshore or on land), number of rig and owner of rig, (4) type of rig (*i.e.* semi-submersible, platform, jack up, drilling ship, flotel, floating production/storage unit, land rig, etc.), (5) your beginning and ending work dates at this site, (6) location (by field name and/or county and/or well name or number) of the rig, (7) objective formation; (8) your job description and job title, (9) the drilling mud contractor/engineer's name for this site, (10) asbestos containing products which you claim exposure to (please indicate brand name, manufacturer as well as type of product).

**Please use a new entry for any change in: (1) employer; (2) rig; (3) location; or (4) job title.  Also, please make additional copies of this form as needed to fully provide your employment history (see Page #4).**

Two Eleven Liquidating Corp (a/k/a LA Delta Offshore
**YOUR EMPLOYER**

Humble
**OPERATOR OF THE WELL**

'64 - '66
**DATES OF EMPLOYMENT**

Offshore --LA
**TYPE OF RIG**

Baroid or Magcobar or Imco
**DRILLING MUD ENGINEER/CONTRACTOR**

14,000 - 15,000
**OBJECTIVE FORMATION**

Offshore -LA
**LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)**

Driller + Roughneck + Floorhand — Mixed mud
**YOUR JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

Flosal ; Visquik ; IMCO SB ; IMCO SL

3

**\*\*PLEASE COPY THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

_Zapata_
**YOUR EMPLOYER**

_Humble_
**OPERATOR OF THE WELL**

_'66 - '69_
**DATES OF EMPLOYMENT**

_Offshore   LA_
**TYPE OF RIG**

_Baroid  or  Magcobar  or  IMCO_
**DRILLING MUD ENGINEER/CONTRACTOR**

_14,000 - 15,000_
**OBJECTIVE FORMATION**

_Offshore - LA_
**LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)**

_Driller  +  Derrickman          mixed mud_
**YOUR JOB DESCRIPTION AND JOB TITLE**


**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

_Visquik ; Flosal ; IMCO SB ; IMCO SL ;_

4

**\*\*PLEASE COPY THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

Coral Drilling
**YOUR EMPLOYER**

Marathon
**OPERATOR OF THE WELL**

'68 - '69
**DATES OF EMPLOYMENT**

Land
**TYPE OF RIG**

Baroid
**DRILLING MUD ENGINEER/CONTRACTOR**

15,000 - 16,000
**OBJECTIVE FORMATION**

Jones, Wayne, Clarke  Jasper
**LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)**

Derrickman —    mixed mud
**YOUR JOB DESCRIPTION AND JOB TITLE**


**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

Not sure - will call

4

**\*\*PLEASE COPY THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

Zapata
**YOUR EMPLOYER**

Texaco
**OPERATOR OF THE WELL**

'69 - '74
**DATES OF EMPLOYMENT**

Offshore - LA
**TYPE OF RIG**

Baroid or Magcobar or Loussiana Mud ; IMCO
**DRILLING MUD ENGINEER/CONTRACTOR**

15,000 +
**OBJECTIVE FORMATION**

Offshore - LA
**LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)**

Driller  - worked around mud/dust
**YOUR JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

Visqvik ; Flosal ; IMCO SB ; IMCO SL

4

**\*\*PLEASE COPY THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

Zapata
**YOUR EMPLOYER**

Mobil
**OPERATOR OF THE WELL**

'75 - '77
**DATES OF EMPLOYMENT**

Offshore - LA
**TYPE OF RIG**

IMCO or Baroid or Magcobar
**DRILLING MUD ENGINEER/CONTRACTOR**

18,000
**OBJECTIVE FORMATION**

Offshore - LA
**LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)**

Driller - worked around mud/dust
**YOUR JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

Flosal ; Imco SB ; Imco SL ; Visquik

4

**PLEASE COPY THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY**

Zapata
YOUR EMPLOYER

Phillips · Gulf; Exxon; Chevron
OPERATOR OF THE WELL

'78-'79-'80
DATES OF EMPLOYMENT

Offshore - LA
TYPE OF RIG

Imco or Baroid or Magcobar
DRILLING MUD ENGINEER/CONTRACTOR

18,000
OBJECTIVE FORMATION

Offshore - LA
LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)

Tool Pusher + Driller — around mud/dust
YOUR JOB DESCRIPTION AND JOB TITLE

PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED
TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS
PRODUCT(S))

Flosal; Imco SB; Imco SL; Visquik

4

**\*\*PLEASE COPY THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

Pool Company
YOUR EMPLOYER

Shell - Chevron - Gulf
OPERATOR OF THE WELL

'80 - '83
DATES OF EMPLOYMENT

Offshore
TYPE OF RIG

Baroid or Magcobar or IMCO
DRILLING MUD ENGINEER/CONTRACTOR

15,000-16,000   + workover
OBJECTIVE FORMATION

Offshore
LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)

Tool Pusher -   worked around mud/dust
YOUR JOB DESCRIPTION AND JOB TITLE

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

Visquik, Flosal; IMCO SB; IMCO SL;

4

**\*\*PLEASE COPY THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

Hercules
**YOUR EMPLOYER**

Shell - Placid - Chevron - Marathon
**OPERATOR OF THE WELL**

'83 . 188
**DATES OF EMPLOYMENT**

Offshore - LA
**TYPE OF RIG**

Baroid or Magcobar or Imco
**DRILLING MUD ENGINEER/CONTRACTOR**

15,000 +
**OBJECTIVE FORMATION**

Offshore - LA
**LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)**

Tool Pusher or Driller — around mud/dust
**YOUR JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

Visquik; Flosal ; Imco SB; Imco SL

4

**REMAINING WORK HISTORY**
**(NOT ASSOCIATED WITH THE OIL/GAS INDUSTRY)**
**WHICH YOU CLAIM ASBESTOS EXPOSURE**

_____        _____
        **EMPLOYER**                          **WORK SITE, CITY & STATE**

_____
        **JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

_____

_____

_____        _____
        **EMPLOYER**                          **WORK SITE, CITY & STATE**

_____
        **JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

_____

_____

_____        _____
        **EMPLOYER**                          **WORK SITE, CITY & STATE**

_____
        **JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

_____

_____

**\*\*\*PLEASE MAKE ADDITIONAL COPIES OF THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

## WORK HISTORY WHERE NO EXPOSURE IS CLAIMED

**For any work where you claim no exposure, please provide the following information.**

1. _____        _____
         **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

2. _____        _____
         **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

3. _____        _____
         **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

4. _____        _____
         **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

5. _____        _____
         **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

See Social Security Report

6

**Medical History**

1. Each asbestos related illness, disease or condition claimed by plaintiff: _____

_Extreme shortness of breath, can't walk long distance, has cough - When he gets up in the morning he has a lot of phelm.   Has H/ B/P_

2. List the name and address of each physician who has diagnosed or treated plaintiff for each asbestos related illness, disease or condition as stated in Paragraph 1: (indicate in last column if doctor also made the initial diagnosis of the condition)

| Name & Address | Date(s) | Condition | Diagnosed? (Y/N) |
|---|---|---|---|
| 1. James Ballard, MD | 10-3-03 | Asbestosis | y |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

(Please attach additional sheets if necessary)

**ATTACH DIAGNOSTIC MEDICAL REPORT**

7

## DECLARATION

I declare that all the information provided in this Fact Sheet is true and correct to the best of my knowledge. If I recall or discover additional information, I will promptly provide the information to supplement or correct these responses.

_Archie Ahph_
SIGNATURE OF PLAINTIFF

_Archie A. Lord, Sr._
NAME OF PLAINTIFF (PLEASE PRINT)

_6-1-05_
DATE

_____
REPRESENTATIVE OF PLAINTIFF
SIGNATURE

_____
NAME OF REPRESENTATIVE
(PLEASE PRINT)

_____
DATE

**SWORN TO AND SUBSCRIBED BEFORE ME,** this _1st_ day of _June_, 200_5_.

_Jay Castleberry_
NOTARY PUBLIC

**My Commission Expires:**

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 7, 2007
BONDED THRU STEGALL NOTARY SERVICE

8

**Social Security Administration**

## Retirement, Survivors and Disability Insurance

**Earnings Record Information**

From: Office of Central Operations
       300 North Greene Street, Baltimore, Maryland 21201

RAMSAY & HAMMOND, PLLC                    Date: NOV. 18  2004
P O BOX 16567
HATTIESBURG, MS.  39404                    Refer to:  S2RB1B
S. ROBERT  HAMMOND JR.

                                          Your Reference:

We are sending you the statement of earnings you requested for the number holder shown below.

| Number Holder's Name: | Social Security Number: |
|---|---|
| ARCHIE  A  LORD | 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 |

If we recently received earnings information, it may not yet be shown on this statement.

Please read the back of this letter for more information about Social Security records.

If you have any questions, you should call, write or visit any social Security office.  If you visit,
please bring this letter.  It will help us answer questions.

Enclosures:
Original Letter
Earnings Statement



Control Number:
Remittance CTL Number:

Department of Health and Human Services          Form SSA-L460 (4-91) Destroy Prior Editions
Social Security Administration

# INFORMATION ABOUT SOCIAL SECURITY RECORDS

- Our records show the amount of earnings reported, not the amount of Social Security taxes which were paid.
- Wages were first covered under Social Security in 1937. Therefore, 1937 is the first year for which earnings may be shown on our records. Employers were required to report earnings semi-annually in 1937, and on a quarterly basis for the years from 1938 through 1977. Beginning with 1978, employers are required to report earnings annually.
- Our records do not show the exact dates of employment (month and day) because we don't need this information to figure Social Security benefits. Employers do not give us this information.
- Our records may not show earnings from last year because it takes some time to process earnings reports from employers.
- Each year, there is a maximum amount of earnings which are subject to Social Security taxes and are used to compute benefits. If a person earns more than this maximum amount, the earnings statement will usually show the maximum rather than the total earnings.

| Years | Maximum Yearly Earnings Taxed for Social Security | Years | Maximum Yearly Earnings Taxed for Social Security |
|---|---|---|---|
| 1937-50 | $ 3,000 | 1983 | $35,700 |
| 1951-54 | $ 3,600 | 1984 | $37,800 |
| 1955-58 | $ 4,200 | 1985 | $39,600 |
| 1959-65 | $ 4,800 | 1986 | $42,000 |
| 1966-67 | $ 6,600 | 1987 | $43,800 |
| 1968-71 | $ 7,800 | 1988 | $45,000 |
| 1972 | $ 9,000 | 1989 | $48,000 |
| 1973 | $10,800 | 1990 | $51,300 |
| 1974 | $13,200 | 1991 | $53,400* |
| 1975 | $14,100 | 1992 | $55,500* |
| 1976 | $15,300 | 1993 | $57,600* |
| 1977 | $16,500 | 1994 | $60,600* |
| 1978 | $17,700 | 1995 | $61,200* |
| 1979 | $22,900 | 1996 | $62,700* |
| 1980 | $25,900 | 1997 | $65,400* |
| 1981 | $29,700 | 1998 | $68,400* |
| 1982 | $32,400 | 1999 | $72,600* |

- Beginning in 1951, self-employed persons could also receive Social Security credit for their work. The maximum amounts of self-employment earnings that are subject to Social Security taxes and are used to compute benefits are the same as those shown above.

[] Please read the enclosed pamphlet(s) for more information.

- The maximum yearly earnings taxed for Hospital Insurance for 1991 is $125,000, 1992 - $130.000, 1993 – 135,000 and from 1994 to date there is no limit.

Form SSA-L460 (4-91)

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

**1. From whose record do you need the earnings information?**

Print the Name, Social Security Number (SSN), and date of birth below.

**Name** _Archie A Lord_

**Social Security Number** _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_

**Other Name(s) Used (Include Maiden Name)** _____

**Date of Birth (Mo/Day/Yr)** _8-18-36_

**2. What kind of information do you need?**

☒ **Detailed Earnings Information** (If you check this block, tell us below why you need this information.)

_Lawsuit_ _____

**For the period(s)/year(s):** _1954 — 2000_

☐ **Certified Total Earnings For Each Year.** (Check this box only if you want the information certified. Otherwise, call 1-800-772-1213 to request Form SSA-7004, Request for Earnings and Benefit Estimate Statement)

**For the year(s):** _____

**3.** If you owe us a fee for this detailed earnings information, enter the amount due using the chart on page 3 . . . . . . . . . . . . . . . . . . . . . . . . .  **A. $** _87-00_

Do you want us to certify the information?  ☐ Yes  ☒ No

If yes, enter $15.00 . . . . . . . . . . . . . . . . . . . . . . . . .  **B. $** _—0—_

ADD the amounts on lines A and B, and enter the TOTAL amount . . . . . . . . . . . . . . . . . . . . . . . . .  **C. $** _87-00_

- You can pay by CREDIT CARD by completing and returning the form on page 4, or
- Send your CHECK or MONEY ORDER for the amount on line C with the request and make check or money order payble to "Social Security Administration"
- DO NOT SEND CASH.

**4.** I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that individual. I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

SIGN your name here (Do not print) > X _Archie W Lord_    **Date** _11/2/04_

Daytime Phone Number _601_ _587 2494_
(Area Code) (Telephone Number)

**5. Tell us where you want the information sent. (Please print)**

**Name** ___ S. ROBERT HAMMOND JR.
RAMSAY & HAMMOND, PLLC

**Address** ___ P.O. BOX 16567

**City, State & Zip** HATTIESBURG, MS 39404

**6. Mail Completed Form(s) To:**

Social Security Administration
DERO
300 N Greene St
P.O. Box 33003
Baltimore Maryland  21290-3003

Form SSA-7050-F4 (9-99)  EF (9-99)                2

```
SSA-1826           ITEMIZED STATEMENT OF EARNINGS        JOB:
VERSION 1984.002 * * *     FOR SSN 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      * * *
```

```
FROM:   SOCIAL SECURITY ADMINISTRATION
        OFFICE OF CENTRAL OPERATIONS
        300 N. GREENE STREET
        BALTIMORE, MARYLAND  21290-0300
```

RAMSAY & HAMMOND PLLC                    NUMBER HOLDER NAME:
                                         ARCHIE A LORD
P O BOX 16567


HATTIESBURG          MS  39404

PERIOD REQUESTED   JANUARY 1954  THRU  DECEMBER 2000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|

EMPLOYER NUMBER:  72-0391892
WILLIAMS DRILLING CO
BOX 4656 AUDUBON STA
BATON ROUGE LA 70806-0000

| 1955 | | 345.80 | 378.00 | | $ | 723.80 |
|------|--|--------|--------|--|---|--------|

EMPLOYER NUMBER:  36-1848190
SWIFT AND CO
UNION STOCK YARDS
CHICAGO  IL 00000-0000

| 1955 | | | | 510.57 | $ | 510.57 |
|------|--------|--------|--------|--------|---|----------|
| 1956 | 647.59 | 588.69 | 709.50 | 803.67 | $ | 2,749.45 |
| 1957 | 773.58 | 258.10 | | | $ | 1,031.68 |

EMPLOYER NUMBER:  64-0345285
JAMES E CURRIE
EDS SUPER MARKET
MISS CITY   MS

| 1956 | | | 10.00 | | $ | 10.00 |
|------|--|--|-------|--|---|-------|

PAGE 001

SSA-1826              ITEMIZED STATEMENT OF EARNINGS              JOB:
VERSION 1984.002 * * *      FOR SSN 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      * * *


YEAR   JAN - MARCH   APRIL -JUNE   JULY - SEPT   OCT - DEC      TOTAL


EMPLOYER NUMBER:  69-0650217
CITY OF GULFPORT
CITY CLERK
P O BX 1780
GULFPORT  MS 39501-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|---|---|---|---|---|---|
| 1957 | | 92.00 | 225.00 | $ | 317.00 |

EMPLOYER NUMBER:  64-0276986
R H HARDY OWNER
HARDYS INDEPENDENT MEATS
1306 29TH AVENUE
GULFPORT  MS 39501-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|---|---|---|---|---|---|
| 1957 | | | 194.47 | $ | 194.47 |

EMPLOYER NUMBER:  64-0328852
INDUSTRIAL STEEL & MACHINE WORKS
 INC
P O BOX 2217
GULFPORT  MS 39501-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|---|---|---|---|---|---|
| 1957 | | | 196.88 | 562.64 $ | 759.52 |
| 1958 | 95.00 | | | $ | 95.00 |

EMPLOYER NUMBER:  75-0919007
FERRIER FERRIER ET AL
FERRIER BROTHERS
P O BOX 1140
SEYMOUR  TX 76380-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|---|---|---|---|---|---|
| 1958 | 651.88 | 1,091.22 | 1,027.16 | 866.22 $ | 3,636.48 |
| 1959 | 945.45 | 361.79 | | $ | 1,307.24 |

EMPLOYER NUMBER:  72-0512695
W & F WORKOVER CORP
BOX 4658
BATON ROUGE LA 70806-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|---|---|---|---|---|---|
| 1959 | | 840.75 | 1,515.01 | 1,877.30 $ | 4,233.06 |

PAGE 002

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS         JOB:
VERSION 1984.002 * * *     FOR SSN 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       * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1960 | 1,665.67 | 2,150.65 | 983.68 | | $ | 4,800.00 |
| 1961 | 2,532.43 | 2,214.40 | 53.17 | | $ | 4,800.00 |
| 1962 | 2,056.91 | 2,743.09 | | | $ | 4,800.00 |
| 1963 | 3,004.81 | 1,795.19 | | | $ | 4,800.00 |
| 1964 | 2,699.97 | | | | $ | 2,699.97 |

```
EMPLOYER NUMBER:  72-0498001
TWO ELEVEN LIQUIDATING CORPORATION
305 CARONDELET BLDG
NEW ORLEANS LA 70130-0000
```

| | | | | | | |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1964 | | 342.65 | 1,539.20 | 1,775.48 | $ | 3,657.33 |
| 1965 | 2,405.16 | 2,083.79 | 311.05 | | $ | 4,800.00 |
| 1966 | 2,793.25 | 2,263.50 | 444.75 | | $ | 5,501.50 |

```
EMPLOYER NUMBER:  73-0374541
NOBLE DRILLING CORP
13135 S DAIRY ASHFORD STE 800
SUGAR LAND TX 77478-3681
```

| | | | | | | |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1964 | | 993.83 | | | $ | 993.83 |

```
EMPLOYER NUMBER:  74-1339132
ZAPATA CORP
100 MERIDIAN CTR STE 350
ROCHESTER  NY 14618-3926
```

| | | | | | | |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1966 | | | 2,370.88 | | $ | 2,370.88 |
| 1967 | 2,532.89 | 2,984.49 | 1,082.62 | | $ | 6,600.00 |
| 1968 | 2,282.45 | 1,696.02 | | | $ | 3,978.47 |
| 1969 | 128.40 | | | | $ | 128.40 |

```
EMPLOYER NUMBER:  71-0259144
MURPHY EXPLORATION & PRODUCTION
  COMPANY
PO BOX 7000
EL DORADO AR 71731-7000
```

| | | | | | | |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1968 | | 306.34 | | | $ | 306.34 |

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS        JOB:
VERSION 1984.002 * * *     FOR SSN 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      * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|

EMPLOYER NUMBER:  74-1542685
ZAPATA DRILLING US INC
711 LOUISIANA ST
HOUSTON  TX 77002-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1968 | | 938.20 | 2,124.10 | 427.20 $ | 3,489.50 |

EMPLOYER NUMBER:  75-1236877
CORAL DRILLING INC
 E L A BR
PO BOX 7030
LOS ANGELES CA 90022-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1968 | | | | 2,147.20 $ | 2,147.20 |

EMPLOYER NUMBER:  95-1236877
CORAL DRILLING INC
ELA BR
PO BOX 7030
LOS ANGELES CA 90020-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1969 | 2,216.00 | | | $ | 2,216.00 |

EMPLOYER NUMBER:  74-1619940
ZAPATA OFF-SHORE CO INC
PO BOX 4240
HOUSTON  TX 77210-4240

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1969 | | 2,806.25 | 3,630.60 | $ | 6,436.85 |
| 1970 | 3,330.84 | 3,388.16 | 1,081.00 | $ | 7,800.00 |
| 1971 | 3,337.24 | 4,046.20 | 416.56 | $ | 7,800.00 |
| 1972 | 3,149.80 | 3,703.20 | 2,147.00 | $ | 9,000.00 |
| 1973 | 3,843.12 | 3,447.72 | 3,509.16 | $ | 10,800.00 |
| 1974 | 4,174.26 | 3,832.50 | 4,338.90 | 854.34 $ | 13,200.00 |
| 1975 | 4,218.30 | 4,096.80 | 5,784.99 | $ | 14,100.09 |
| 1976 | 5,113.92 | 4,563.55 | 6,390.94 | $ | 16,068.41 |
| 1977 | 5,700.00 | 5,850.00 | 4,950.00 | $ | 16,500.00 |
| 1978 | - | - | - | - $ | 17,700.00 |
| 1979 | - | - | - | - $ | 22,900.00 |

PAGE 004

SSA-1826      **ITEMIZED STATEMENT OF EARNINGS**     JOB:
VERSION 1984.002 * * *    FOR SSN 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    * * *

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-----------|
| 1980 | - | - | - | - | $ | 25,900.00 |

EMPLOYER NUMBER:  64-0340150
JAMES MAGEE CHEVROLET INC
  % ROGER C BOYD
DRAWER E
MONTICELLO  MS 39654-0000

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-----------|
| 1973 | | | 20.00 | | $ | 20.00 |

EMPLOYER NUMBER:  75-1046198
POOL COMPANY
515 W GREENS RD STE 1200
HOUSTON  TX 77067-4536

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-----------|
| 1980 | - | - | - | - | $ | 4,950.00 |
| 1981 | - | - | - | - | $ | 29,700.00 |
| 1982 | - | - | - | - | $ | 32,400.00 |
| 1983 | - | - | - | - | $ | 10,713.20 |

EMPLOYER NUMBER:  74-2004410
TEMPLE DRILLING CO GEN PTR ETAL PTR
  TIDELANDS LIMITED I
3300 CAPITAL BANK PLAZA 333 CLAY
HOUSTON  TX 77003-3305

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-----------|
| 1983 | - | - | - | - | $ | 1,054.95 |
| 1984 | - | - | - | - | $ | 2,517.02 |

EMPLOYER NUMBER:  74-2162846
HERCULES OFFSHORE DRILLING COMPANY
11011 RICHMOND STE 500
HOUSTON  TX 77042-4773

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-----------|
| 1983 | - | - | - | - | $ | 10,000.02 |
| 1984 | - | - | - | - | $ | 35,862.34 |
| 1985 | - | - | - | - | $ | 38,993.95 |
| 1986 | - | - | - | - | $ | 15,814.96 |
| 1987 | - | - | - | - | $ | 5,374.59 |
| 1988 | | | | | $ | 38,499.96 |

PAGE 005

```
SSA-1826            ITEMIZED STATEMENT OF EARNINGS        JOB:
VERSION 1984.002 * * *      FOR SSN 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      * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|

**EMPLOYER NUMBER:  14-2162846**
HERCILES OFFSHORE DRILLING CO
11381 MEADOWGLEN
HOUSTON  TX 77082-0000

| 1984 | - | - | - | - | $ 35,862.34 |

**EMPLOYER NUMBER:  74-1057072**
BROWN & ROOT U S A INC
 ATTN TAX DEPT
PO BOX 3
HOUSTON  TX 77001-0003

| 1987 | - | - | - | - | $ 2,295.26 |

**EMPLOYER NUMBER:  63-0708920**
G & V INDUSTRIAL CONTRACTORS INC
PO BOX 190279
MOBILE  AL 36619-0279

| 1988 | - | - | - | - | $ 144.10 |

**EMPLOYER NUMBER:  63-0755324**
DELCO GENERAL CONTRACTORS INC
PO BOX 808
SARALAND  AL 36571-0808

| 1988 | - | - | - | - | $ 232.53 |

**EMPLOYER NUMBER:  64-0287575**
AIR-COMFORT CO INC
381 HWY 11 AND 80 E
MERIDIAN  MS 39301-2780

| 1989 | - | - | - | - | $ 131.00 |

SSA-1826          ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *     FOR SSN 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      * * *


| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|

EMPLOYER NUMBER:  76-0260211
HERCULES OFFSHORE CORPORATION
11011 RICHMOND STE 500
HOUSTON  TX 77042-6709

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1989 | - | - | - | - | $ 41,000.08 |
| 1990 | - | - | - | - | $ 40,583.33 |
| 1991 | - | - | - | - | $ 41,668.92 |
| 1992 | - | - | - | - | $ 35,691.31 |
| 1993 | - | - | - | - | $ 44,307.27 |

EMPLOYER NUMBER:  76-0409092
PARKER DRILLING OFFSHORE CORP
1401 ENCLAVE PKWY STE 600
HOUSTON  TX 77077-2054

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1994 | - | - | - | - | $ 59,474.52 |
| 1995 | - | - | - | - | $ 54,562.56 |
| 1996 | - | - | - | - | $ 61,015.13 |
| 1997 | - | - | - | - | $ 68,936.56 |
| 1998 | - | - | - | - | $ 75,999.96 |
| 1999 | - | - | - | - | $ 75,978.00 |

EMPLOYER NUMBER:  73-1567200
PARKER DRILLING MANAGEMENT SERVICES
 INC
1401 ENCLAVE PKWY STE 600
HOUSTON  TX 77077-2054

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 2000 | - | - | - | - | $ 56,062.24 |

THERE ARE NO OTHER EARNINGS RECORDED UNDER THIS SOCIAL SECURITY
NUMBER FOR THE PERIOD(S) REQUESTED.

EARNINGS FOR THE YEARS AFTER   2002 MAY NOT BE SHOWN, OR ONLY
PARTIALLY SHOWN, BECAUSE THEY MAY NOT YET BE ON OUR RECORDS.

PAGE 007 END



**James W. Ballard, M.D.**

**NIOSH Certified B-Reader**

4012 Greystone Drive ● Birmingham, AL 35242

Licensed in Alabama and Florida

P.O. Box 381088 ● Birmingham, AL 35238

## X-RAY EVALUATION

November 13, 2003

Re: Lord, Sr., Archie A.                                    #217/SSN: 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

Chest radiograph(s) dated 10/03/03 is reviewed for the presence of and classification of pneumoconiosis (asbestosis/silicosis) according to the ILO 80 classification.

Film quality is grade 2 due to slight underexposure. Inspection of lung parenchyma demonstrates interstitial changes in all six lung zones consisting of small rounded and irregular opacities of size and shape p/s, profusion 1/0.

There are no pleural plaques, pleural thickenings, or pleural calcifications. No parenchymal infiltrates, nodules, or masses are seen. The heart is of normal size. Aortic dilatation is noted.

**CONCLUSION:** The above parenchymal changes are consistent with silicosis and asbestosis provided the subject's exposure history and period of latency are appropriate.

*James W. Ballard, M.D.*

James W. Ballard, M.D.

111303fcj [acb/b]

Lord, Sr., Archie

**WORKER'S Social Security Number**

`4 2 6 6 6 1 2 0 9`

**TYPE OF READING**  A  ☒P

2(7)

**FACILITY IDENTIFICATION**

| 1A. DATE OF X-RAY | 1B. FILM QUALITY | If not Grade 1 Give Reason: | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|---|
| MONTH `1 0` DAY `0 3` YEAR `0 3` | 1 ☒2 3 U/R Slightly under exposed | | YES ☐ Proceed to Section 5   NO ☒ Proceed to Section 2 |

---

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**   YES ☒ COMPLETE 2B and 2C   NO ☐ Proceed to Section 3

**2B. SMALL OPACITIES**

a. SHAPE / SIZE

| PRIMARY | SECONDARY |
|---|---|
| P s | p s |
| q t | q t |
| r u | r u |

b. ZONES
R  L

c. PROFUSION

| 0/- | 0/0 | 0/1 |
|---|---|---|
| 1/0 | 1/1 | 1/2 |
| 2/1 | 2/2 | 2/3 |
| 3/2 | 3/3 | 3/4 |

**2C. LARGE OPACITIES**

SIZE  ☒ A  B  C

Proceed to Section 3

---

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**   YES ☐ COMPLETE 3B, 3C and 3D   NO ☒ Proceed to Section 4

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)
SITE  O  R  L

b. COSTOPHRENIC ANGLE
SITE  O  R  L

**3C. PLEURAL THICKENING . . . Chest Wall**

a. CIRCUMSCRIBED (plaque)

|  | SITE | O | R |  |  | O | L |  |
|---|---|---|---|---|---|---|---|---|
| IN PROFILE I. WIDTH | | O | A | B | C | O | A | B | C |
| FACE ON II. EXTENT | | 0 | 1 | 2 | 3 | 0 | 1 | 2 | 3 |
| III. EXTENT | | 0 | 1 | 2 | 3 | 0 | 1 | 2 | 3 |

b. DIFFUSE

|  | SITE | O | R |  |  | O | L |  |
|---|---|---|---|---|---|---|---|---|
| IN PROFILE I. WIDTH | | O | A | B | C | O | A | B | C |
| FACE ON II. EXTENT | | 0 | 1 | 2 | 3 | 0 | 1 | 2 | 3 |
| III. EXTENT | | 0 | 1 | 2 | 3 | 0 | 1 | 2 | 3 |

**3D. PLEURAL CALCIFICATION**

SITE  O  R  EXTENT

| | 0 | 1 | 2 | 3 |
|---|---|---|---|---|
| a. DIAPHRAGM | 0 | 1 | 2 | 3 |
| b. WALL | 0 | 1 | 2 | 3 |
| c. OTHER SITES | 0 | 1 | 2 | 3 |

SITE  O  L  EXTENT

| | 0 | 1 | 2 | 3 |
|---|---|---|---|---|
| a. DIAPHRAGM | 0 | 1 | 2 | 3 |
| b. WALL | 0 | 1 | 2 | 3 |
| c. OTHER SITES | 0 | 1 | 2 | 3 |

Proceed to Section 4

---

**4A. ANY OTHER ABNORMALITIES?**   YES ☒ COMPLETE 4B and 4C   NO ☐ Proceed to Section 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

O  ax  bu  ca  cn  co  cp  cv  di  ef  em  es  fr  hi  ho  id  ih  kl  pi  px  rp  tb

Report items which may be of present clinical significance in this section.   (SPECIFY od.)  ☐ OD

Date Personal Physician notified:  MONTH  DAY  YR

**4C. OTHER COMMENTS** _Aortic dilatation_

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C.   YES ☐ NO ☐ Proceed to Section 5

---

**5. FILM READER'S INITIALS**  `JWB`

**PHYSICIAN'S SOCIAL SECURITY NUMBER***

**DATE OF READING**  MONTH `11` DAY `15` YR `03`

Complete if social security number is not furnished:

NAME (LAST—FIRST—MIDDLE)
**James W. Ballard, M.D.**

STREET ADDRESS  CITY  STATE  ZIP CODE
**4012 Greystone Drive, Birmingham, AL 35242**

*Furnishing your social security number is voluntary. Your refusal to provide this number will not affect your right to participate in this program.

P-91-5206 REV. 11/91 P
PP&CC 8/03

## AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION

**PATIENT NAME:** *Archie A. Lord, Sr.*

**ADDRESS:** *P.O. Box 5*

*Monticello, MS 39654*

**TELEPHONE #:** *601-587-2494*

**DATE OF BIRTH:** *8-18-36*   **SOCIAL SECURITY #** *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*

## LAWSUIT INFORMATION

**CIVIL ACTION FILE #:** _____   **COUNTY:** _____

**STATE:** _____

**CASE NAME/STYLE:** _____

I authorize the information to be disclosed to and used by the following organization:

For the purpose of a claim, lawsuit or arbitrational proceeding.

Information to be Used or Disclosed:
I authorize any physician, hospital, health care provider, health facility, and governmental or private agency, including the Workman's Compensation Commission and each of them together with their respective employees and/or agents, to disclose my "protected health information" to Legal Counsel for certain defendants as specified in this Authorization and set forth in privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Privacy Rule").

I understand that my protected health information, includes any and all medical records, medical opinions if in writing, original x-rays, papers, notes and histories, pathology, tissue samples, cytology, blocks, slides or other pathology specimen, or any other documents records or papers concerning any past medical history and/or treatment, examinations, periods of hospitalizations or confinement, diagnoses, or any other information pertaining to and concerning my physical or mental condition and treatment or billing/payment information relating thereto.  I understand "protected health information" also includes records disclosed to my health care providers by health care providers and facilities who previously provided treatment to me.  I understand "protected health information" may include information and records protected under Federal Law (such as

Page 1 of  3

alcohol and drug abuse treatment information) and/or protected under State Law (such as mental health treatment or AIDS (Acquired Immunodeficiency Syndrom) or HIV (Human Immunodeficiency Virus)). I specifically authorize the disclosure of any and all protected health information, opinions, records, medical records, medical history, consultation, prescription or treatment relating to my physical or mental health and relating to any referral diagnosis or treatment for alcohol or drug use. I also specifically authorize the disclosure of any and all papers concerning any claim or claims which have been filed by me against any employer or employers before Workman's Compensation Commission or any commission of any other state.

The authorization permits only the copying of any and all papers, records, etc., **with the exception of x-rays and tissue samples which must be produced in original form.** Original x-rays are required because of the nature of the claim I am making. X-ray copies cannot be interpreted for pneumoconiosis or other certain conditions, and therefore, copies are not effective. Copies may be maintained by the hospital or other organization if deemed necessary, but the original x-rays must be turned over when a request for them is accompanied by this authorization.

Person(s) Authorized to Make the Use or Disclosure:
Any physician, hospital, health care provider, health facility, institution and governmental or private agency, including the Workman's Compensation Commission which possesses any of my protected health information is authorized to make the uses and disclosures specified in this authorization.

Recipient(s) of Use or Disclosure:
My protected health information may be used by or disclosed to the attorneys, consultants, experts, employees, and other agents hired or employed by Defendants or its legal counsel in connection with or for purposes of Defendants' defense of the Lawsuit.

Purpose(s) of the Use or Disclosure:
The purpose of the use or disclosure is to provide my protected health information regarding my care and treatment, including information as to the claims and injuries I have asserted in the Lawsuit. I understand that production of my protected health information to the recipients is necessary to evaluate the claims and injuries I have asserted in the Lawsuit. I authorize the use of my protected health information in discovery, depositions, hearings, trials, and other proceedings in connection with the Lawsuit, and I understanding such protected health information will be used only for the purposes provided herein. This authorization will expire at the close of litigation, including all appeals, for the Lawsuit.

I understand that I may revoke this Authorization by submitting a written revocation to my counsel in this Lawsuit who shall forward such revocation to those persons or facilities from whom my protected health information has been requested in connection with the Lawsuit. However, such revocation will not be effective with respect to any use or disclosure made in reliance of this Authorization before the person or entity making the disclosure received my revocation. I understand that health care providers and facilities cannot condition my treatment on whether or not I sign this authorization.

I understand my protected health information used or disclosed pursuant to this Authorization may be subject to redisclosure by the recipients in which case it might no longer be protected under the HIPAA Privacy Rule.

This authorization is continuing in nature and maintains full force and effect for use in obtaining my protected health information dated both before and after the date of this document.  A photocopy of this authorization shall have the same force and effect as the original, and the parties authorized to use, disclose, or receive my protected health information hereunder may rely on it as if it were.

_Archie A. Lord, Sr._
PRINT PATIENT NAME

X _Archie Lord_
PATIENT SIGNATURE

_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_
PATIENT SOCIAL SECURITY #

_6-1-05_
DATE OF SIGNATURE

**OR**

_____
PERSONAL REPRESENTATIVE
OF PATIENT

_____
DATE OF SIGNATURE

Basis of Personal Representative's Authority to sign for Patient:

NOTE:        A copy of the signed Authorization must be provided to Patient.

STATE OF _Mississippi_

COUNTY OF _Forrest_

       Subscribed and sworn to before me this the _1st_ day of _June_, 2005.

_____
NOTARY PUBLIC

My Commission Expires:

_7/7/07_

| Form **4506** | **Request for Copy of Tax Return** | |
|---|---|---|
| (Rev. January 2004) | ► Do not sign this form unless all applicable parts have been completed. Read the instructions on page 2. | OMB No. 1545-0429 |
| Department of the Treasury Internal Revenue Service | ► Request may be rejected if the form is incomplete, illegible, or any required part was blank at the time of signature. | |

**TIP:** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a Tax Return Transcript for many returns free of charge. The transcript provides most of the line entries from the tax return and usually contains the information that a third party (such as a mortgage company) requires. See new Form 4506-T, Request for Transcript of Tax Return, to order a transcript or you can call 1-800-829-1040 to order a transcript.

| 1a | Name shown on tax return. If a joint return, enter the name shown first. | 1b | First social security number on tax return or employer identification number (see instructions) |
|---|---|---|---|
| | *Archie A. Lord Sr.* | | *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* |
| 2a | If a joint return, enter spouse's name shown on tax return | 2b | Second social security number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code

*Archie A. Lord, Sr.   P.O. Box 5   Monticello, MS. 39654*

**4** Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return.

**CAUTION:** *Lines 6 and 7 must be completed if the third party requires you to complete Form 4506. Do not sign Form 4506 if the third party requests that you sign Form 4506 and lines 6 and 7 are blank.*

**6** Tax return requested (Form 1040, 1120, 941, etc.) and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ►

**Note:** *If the copies must be certified for court or administrative proceedings, check here.* . . . . . . . . . . . . . . . ☐

**7** Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506.

___ / ___ / ___        ___ / ___ / ___        ___ / ___ / ___        ___ / ___ / ___

| **8** | Fee. There is a $39 fee for each return requested. Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order. | |
|---|---|---|
| a | Cost for each return . . . . . . . . . . . . . . | $ 39.00 |
| b | Number of returns requested on line 7 . . . . . . . . | |
| c | Total cost. Multiply line 8a by line 8b . . . . . . . . | $ |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . ☐

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer.

| **Sign Here** | X *Archie A Lord* | | Telephone number of taxpayer on line 1a or 2a ( ) |
|---|---|---|---|
| | Signature (see instructions) | Date | |
| | Title (if line 1a above is a corporation, partnership, estate, or trust) | | |
| | Spouse's signature | | Date |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 41721E          Form **4506** (Rev. 1-2004)

# Changes To Note

*Section references are to the Internal Revenue Code.*

• Form 4506, Request for Copy of Tax Return, is now used to request copies of tax returns. Use new Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

• The fee for a photocopy of a tax return has increased to $39.

# Instructions

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate a third party to receive the tax return. See line 5.

**How long will it take?** It may take up to 60 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

**Note:** *If you are requesting more than one return and the chart below shows two different service centers, mail your request to the service center based on the address of your most recent return.*

## Chart for individual returns (Form 1040 series)

| If you lived in and filed an individual return: | Mail to the Internal Revenue Service at: |
|---|---|
| Maine, Massachusetts, New Hampshire, New York, Vermont | RAIVS Team 310 Lowell St. Stop 679 Andover, MA 01810 |
| Alabama, Florida, Georgia, Mississippi, North Carolina, South Carolina, West Virginia, Rhode Island | RAIVS Team 4800 Buford Hwy. Stop 91 Chamblee, GA 30341 |
| Arkansas, Colorado, Kentucky, Louisiana, New Mexico, Oklahoma, Tennessee, Texas | RAIVS Team 3651 South Interregional Hwy. Stop 6716 Austin, TX 78741 |
| Alaska, Arizona, California, Hawaii, Idaho, Montana, Nevada, Oregon, Utah, Washington, Wyoming | RAIVS Team Stop 38101 Fresno, CA 93888 |
| Delaware, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, South Dakota, Wisconsin | RAIVS Team Stop B41-6700 Kansas City, MO 64999 |
| Ohio, Virginia | RAIVS Team 5333 Getwell Rd. Stop 2826 Memphis, TN 38118 |

| Connecticut, District of Columbia, Maryland, New Jersey, Pennsylvania, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team DP SE 135 Philadelphia, PA 19255-0695 |
|---|---|

## Chart for all other returns

| If you lived in: | Mail to the Internal Revenue Service at: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Utah, Washington, Wyoming | RAIVS Team Mail Stop 6734 Ogden, UT 84201 |
| Connecticut, Delaware, District of Columbia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800F Cincinnati, OH 45250 |

**Line 1b.** Enter your employer identification number if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 60 days of the date signed by the taxpayer or it will be rejected.

*Individuals.* Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested by the secretary or other officer.

*Partnerships.* Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the Letters Testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to Federal and state agencies to enforce Federal nontax criminal laws and to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: Learning about the law or the form, 10 min.; Preparing the form, 16 min.; and Copying, assembling, and sending the form to the IRS, 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to the Tax Products Coordinating Committee, Western Area Distribution Center, Rancho Cordova, CA 95743-0001. Do not send the form to this address. Instead, see Where to file on this page.

**Form 8821**
(Rev. January 2000)
Department of the Treasury
Internal Revenue Service

# Tax Information Authorization

▶ IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.

OMB No. 1545-1165

**For IRS Use Only**
Received by:
Name _____
Telephone ( )
Function _____
Date    /    /

---

**1 Taxpayer information.**

Taxpayer name(s) and address (please type or print)

Archie A. Lord, Sr.
P.O. Box 5
Monticello, MS 39654

Social security number(s)
426 66 1209

Employer identification number

Daytime telephone number
( )

Plan number (if applicable)

---

**2 Appointee.**

Name and address (please type or print)

CAF No. ...................................................
Telephone No. ( ) ...................................
Fax No. ( ) ...........................................
Check if new:   Address ☐
                Telephone No. ☐

---

**3 Tax matters.** The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a) Type of Tax (Income, Employment, Excise, etc.) | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

---

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.)  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☒
If you checked this box, skip lines 5 and 6.

**5 Disclosure of tax information** (you must check the box on line 5a or b unless the box on line 4 is checked):

a If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐

b If you do not want any copies of notices or communications sent to your appointee, check this box  .  .  .  .  .  .  .  .  ▶ ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you MUST attach a copy of any authorizations you want to remain in effect AND check this box  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐
To revoke this tax information authorization, see the instructions on page 2.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

X _Archie A. Lord_ _____
Signature                    Date

_Archie A. Lord, Sr._ _____
Print Name        Title (if applicable)

_____ _____
Signature                    Date

_____ _____
Print Name        Title (if applicable)

---

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848,** Power of Attorney and Declaration of Representative.

Use **Form 56,** Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

---

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 11596P          Form **8821** (Rev. 1-2000)

Partnership items. Sections 6221-6231 authorize a Tax Matters Partner to perform certain acts on behalf of an affected partnership. Rules governing the use of Form 8821 do not replace any provisions of these sections.

**When to file.** Form 8821 must be received by the IRS within 60 days of the date it was signed and dated by the taxpayer.

**Where to file.** Generally, mail or fax Form 8821 directly to the Centralized Authorization File (CAF) Unit at the service center where the related return was, or will be, filed. To find the service center address, see the related tax return instructions. To get the fax number, call 1-800-829-1040.

 If Form 8821 is for a specific tax matter, mail or fax it to the office handling that matter. For more information, see the instructions for line 4.

## Specific Instructions

**Line 1—Taxpayer information**

*Individuals.* Enter your name, TIN, and your street address in the space provided. Do not enter your appointee's address or post office box. If a joint return is used, also enter your spouse's name and TIN. Also enter your EIN if applicable.

*Corporations, partnerships, or associations.* Enter the name, EIN, and business address.

*Employee plan.* Enter the plan name, EIN of the plan sponsor, three-digit plan number, and business address of the plan sponsor.

*Trust.* Enter the name, title, and address of the trustee, and the name and EIN of the trust.

*Estate.* Enter the name, title, and address of the decedent's executor/personal representative, and the name and identification number of the estate. The identification number for an estate includes both the EIN, if the estate has one, and the decedent's TIN.

**Line 2—Appointee.** Enter your appointee's full name. Use the identical full name on all submissions and correspondence. If you wish to name more than one appointee, indicate so on this line and attach a list to the form.

**Note:** *Only the first three appointees you list will be input on the CAF.*

 Enter the nine-digit CAF number for each appointee. If an appointee has a CAF number for any previously filed Form 8821 or power of attorney (Form 2848), use that number. If a CAF number has not been assigned, enter "NONE," and the IRS will issue one directly to your appointee.

 The CAF number is a number that the IRS assigns to appointees. The appointee's CAF number must be used on all future Forms 8821 or 2848. The IRS does not assign CAF numbers to requests for employee plans and exempt organizations.

**Line 3—Tax matters.** Enter the type of tax, the tax form number, the years or periods, and the specific tax matter. Enter "Not applicable," in any of the columns that do not apply.

 In column (c), write the years using the YYYY format, for example, "2000." Do not use general references such as "all years," or "all periods." If you do, your application will be returned.

 You may list any prior years or periods, but for future periods, you are limited to the 3 future periods that end no later than 3 years after the date Form 8821 is received by the IRS. For employment tax or excise tax returns, enter the applicable quarters of the tax year. For estate tax returns, enter the date of the decedent's death instead of the year or period.

 In column (d), enter any specific information you want the IRS to provide. Examples of column (d) information are: transcript of an account, a balance due amount, a specific tax schedule, or a tax liability.

 For requests regarding a foreign certification shown on Form 6166, Certification of Filing A Tax Return, enter "Form 6166" in column (d) and check the box on line 4.

**Line 4—Specific use not recorded on CAF.** Generally, the IRS records all tax information authorizations on the CAF system. However, authorizations relating to a specific issue are not recorded.

 Check the box on line 4 if Form 8821 is filed for any of the following reasons: (1) requests to disclose information to loan companies or educational institutions, (2) requests to disclose information to Federal or state agency investigators for background checks, (3) civil penalty issues, (4) trust fund recovery penalty,

(5) application for EIN, or (6) claims filed on Form 843, Claim for Refund and Request for Abatement. If you check the box on line 4, your appointee should mail or fax Form 8821 to the IRS office handling the matter. Otherwise, your appointee should bring a copy of Form 8821 to each appointment to inspect or receive information. A specific use tax information authorization does not automatically revoke any prior tax information authorizations.

**Line 6—Retention/revocation of tax information authorizations.** Check the box on this line and attach a copy of the tax information authorization you do not want to revoke.

 To revoke an existing authorization, send a copy of the previously executed Form 8821 to the IRS office where it was filed. Write "REVOKE" across the top of the form and sign your name again under the existing signature (line 7). If you do not have a copy of the prior Form 8821, send a letter to the IRS office where you filed it. The letter must indicate that the authority of the tax information authorization is revoked and must be signed by the taxpayer. Include the name and address of each appointee whose authority is revoked.

**Note:** *Filing Form 8821 does not revoke any Form 2848 that is in effect.*

**Line 7—Signature of taxpayer(s)**

*Individuals.* You must sign and date the authorization. Either husband or wife must sign if Form 8821 applies to a joint return.

*Corporations.* Generally, Form 8821 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer, and (4) any other person authorized to access information under section 6103(e).

*Partnerships.* Generally, Form 8821 can be signed by any person who was a member of the partnership during any part of the tax period covered by Form 8821. See Partnership items above.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Form 8821 is provided by the IRS for your convenience and its use is voluntary. If you designate an appointee to inspect or receive confidential tax information, you are required by section 6103(c) to provide the information requested on the form. Under section 6109, you must disclose your social security number (SSN), employer identification number (EIN), or individual taxpayer identification number (ITIN). If you do not provide all the information requested on this form, we may not be able to honor the authorization.

 Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia for use in administering their tax laws. We may also give this information to other countries pursuant to tax treaties.

 You are not required to provide the information requested on a form unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Disclosure of the information on this form may be made as provided in section 6103.

 The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: **Recordkeeping, 7 min.; Learning about the law or the form, 12 min.; Preparing the form, 24 min.; Copying, assembling, and sending the form to the IRS, 20 min.**

 If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Tax Forms Committee, Western Area Distribution Center, Rancho Cordova, CA 95743-0001. **DO NOT send Form 8821 to this address. Instead, see Where to file** on this page.

# INSTRUCTION AND INFORMATION SHEET FOR
## SF 180, REQUEST PERTAINING TO MILITARY RECORDS

**1. Information needed to locate records.** Certain identifying information is necessary to determine the location of an individual's record of military service. Please try to answer each item on the SF 180. If you do not have and cannot obtain the information for an item, show "NA," meaning the information is "not available." Include as much of the requested information as you can.

**2. Restrictions on release of information.** Release of information is subject to restrictions imposed by the military services consistent with Department of Defense regulations and the provisions of the Freedom of Information Act (FOIA) and the Privacy Act of 1974. The service member (either past or present) or the member's legal guardian has access to almost any information contained in that member's own record. Others requesting information from military personnel/health records must have the release authorization in Section III of the SF 180 signed by the member or legal guardian, but if the appropriate signature cannot be obtained, only limited types of information can be provided. If the former member is deceased, surviving next of kin may, under certain circumstances, be entitled to greater access to a deceased veteran's records than a member of the public. The next of kin may be any of the following: unremarried surviving spouse, father, mother, son, daughter, sister, or brother. Employers and others needing proof of military service are expected to accept the information shown on documents issued by the military service departments at the time a service member is separated.

**3. Where reply may be sent.** The reply may be sent to the member or any other address designated by the member or other authorized requester.

**4. Charges for service.** There is no charge for most services provided to members or their surviving next of kin. A nominal fee is charged for certain types of service. In most instances service fees cannot be determined in advance. If your request involves a service fee, you will be notified as soon as that determination is made.

**5. Health and personnel records.** Health records of persons on active duty are generally kept at the local servicing clinic, and usually are available from the Department of Veterans Affairs a week or two after the last day of active duty. (See page 2 of SF180 for record locations/addresses.)

**6. Records at the National Personnel Records Center.** Note that it takes at least three months, and often up to seven, for the file to reach the National Personnel Records Center in St. Louis after the military obligation has ended (such as by discharge). If only a short time has passed, please send the inquiry to the address shown for active or current reserve members. Also, if the person has only been released from active duty but is still in a reserve status, the personnel record will stay at the location specified for reservists. A person can retain a reserve obligation for several years, even without attending meetings or receiving annual training. (See page 2 of SF180 for record locations/addresses.)

**7. Definitions and abbreviations. DISCHARGED** -- the individual has no current military status; **HEALTH** -- Records of physical examinations, dental treatment, and outpatient medical treatment received while in a duty status (does not include records of treatment while hospitalized); **TDRL** -- Temporary Disability Retired List.

**8. Service completed before World War I.** National Archives Trust Fund (NATF) forms must be used to request these records. Obtain the forms by e-mail from *inquire@nara.gov* or write to the Code 6 address on page 2 of the SF 180.

### PRIVACY ACT OF 1974 COMPLIANCE INFORMATION

The following information is provided in accordance with 5 U.S.C. 552a(e)(3) and applies to this form. Authority for collection of the information is 44 U.S.C. 2907, 3101, and 3103, and Public Law 104-134 (April 26, 1996), as amended in title 31, section 7701. Disclosure of the information is voluntary. If the requested information is not provided, it may delay servicing your inquiry because the facility servicing the service member's record may not have all of the information needed to locate it. The purpose of the information on this form is to assist the facility servicing the records (see the address list) in locating the correct military service record(s) or information to answer your inquiry. This form is then filed in the requested military service record as a record of disclosure. The form may also be disclosed to Department of Defense components, the Department of Veterans Affairs, the Department of Transportation (Coast Guard), or the National Archives and Records Administration when the original custodian of the military health and personnel records transfers all or part of those records to that agency. If the service member was a member of the National Guard, the form may also be disclosed to the Adjutant General of the appropriate state, District of Columbia, or Puerto Rico, where he or she served.

### PAPERWORK REDUCTION ACT PUBLIC BURDEN STATEMENT

Public burden reporting for this collection of information is estimated to be five minutes per response, including time for reviewing instructions and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to National Archives and Records Administration (NHP), 8601 Adelphi Road, College Park, MD 20740-6001. DO NOT SEND COMPLETED FORMS TO THIS ADDRESS. SEND COMPLETED FORMS AS INDICATED IN THE ADDRESS LIST ON PAGE 2 OF THE SF 180.

Standard Form 180 (Rev. 01-04) (Page 1)
Prescribed by NARA (36 CFR 1228.168(b))

Authorized for local reproduction
Previous edition unusable

OMB No. 3095-0029 Expires 9/30/2005

## REQUEST PERTAINING TO MILITARY RECORDS

To ensure the best possible service, please thoroughly review the accompanying instructions before filling out this form. Please print clearly or type. If you need more space, use plain paper.

### SECTION I - INFORMATION NEEDED TO LOCATE RECORDS (Furnish as much as possible.)

| 1. NAME USED DURING SERVICE (last, first, and middle) | 2. SOCIAL SECURITY NO. | 3. DATE OF BIRTH | 4. PLACE OF BIRTH |
|---|---|---|---|
| | | | |

5. SERVICE , PAST AND PRESENT    (For an effective records search, it is important that all service be shown below.)

| BRANCH OF SERVICE | DATES OF SERVICE | | CHECK ONE | | SERVICE NUMBER DURING THIS PERIOD (If unknown, write "unknown") |
|---|---|---|---|---|---|
| | DATE ENTERED | DATE RELEASED | OFFICER | ENLISTED | |
| a. ACTIVE SERVICE | | | | | |
| b. RESERVE SERVICE | | | | | |
| c. NATIONAL GUARD | | | | | |

6. IS THIS PERSON DECEASED? If "YES" enter the date of death. _____
  [ ] NO   [ ] YES

7. IS (WAS) THIS PERSON RETIRED FROM MILITARY SERVICE?
  [ ] NO   [ ] YES

### SECTION II – INFORMATION AND/OR DOCUMENTS REQUESTED

1. **REPORT OF SEPARATION** (DD Form 214 or equivalent). This contains information normally needed to verify military service. A copy may be sent to the veteran, the deceased veteran's next of kin, or other persons or organizations if authorized in Section III, below. NOTE: If more than one period of service was performed, even in the same branch, there may be more than one Report of Separation. Be sure to show EACH year that a Report of Separation was issued, for which you need a copy.

[ ] An **UNDELETED** Report of Separation is requested for the year(s). _____

This normally will be a copy of the full separation document including such sensitive items as the character of separation, authority for separation, reason for separation, reenlistment eligibility code, separation (SPD/SPN) code, and dates of time lost. An undeleted version is ordinarily required to determine eligibility for benefits.

[ ] A **DELETED** Report of Separation is requested for the year(s) _____

The following information will be deleted from the copy sent: authority for separation, reason for separation, reenlistment eligibility code, separation(SPD/SPN) code, and for separations after June 30, 1979, character of separation and dates of time lost.

2. **OTHER INFORMATION AND/OR DOCUMENTS REQUESTED** _____

_____

3. **PURPOSE** (Optional – An explanation of the purpose of the request is strictly voluntary. Such information may help the agency answering this request to provide the best possible response and will in no way be used to make a decision to deny the request.) _____

_____

### SECTION III - RETURN ADDRESS AND SIGNATURE

1. **REQUESTER IS:**

[ ] Military service member or veteran identified in Section I, above

[ ] Next of kin of deceased veteran _____
                                        (relation)

[ ] Legal guardian (must submit copy of court appointment)

[ ] Other (specify) _____

2. **SEND INFORMATION/DOCUMENTS TO:**
(Please print or type. See item 3 on accompanying instructions.)

3. **AUTHORIZATION SIGNATURE REQUIRED** (See item 2 on accompanying instructions.) I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the information in this Section III is true and correct.

X _Archie E. _____

Signature of requester   (Please do not print.)

Name _____

Date of this request _____   Daytime phone ( ___ ) _____

Street _____   Apt. _____

City _____   State ____   Zip Code _____

Email address _____

** This form is available at http://www.archives.gov/research_room/obtain_copies/standard_form_180.pdf on the National Archives and Records Administration (NARA) web site. **

Standard Form 180 (Rev. 01-04) (Page 2)
Prescribed by NARA (36 CFR 1228.168(b))

Authorized for local reproduction
Previous edition unusable

OMB No. 3095-0029 Expires 9/30/2005

# LOCATION OF MILITARY RECORDS

The various categories of military service records are described in the chart below. For each category there is a code number which indicates the address at the bottom of the page to which this request should be sent. Please refer to the Instruction and Information Sheet accompanying this form as needed.

| BRANCH | CURRENT STATUS OF SERVICE MEMBER | ADDRESS CODE | |
|---|---|---|---|
| | | Personnel Record | Health Record |
| AIR FORCE | Discharged, deceased, or retired before 5/1/1994 | 14 | 14 |
| | Discharged, deceased, or retired on or after 5/1/1994 | 14 | 11 |
| | Active (including National Guard on active duty in the Air Force), TDRL, or general officers retired with pay | 1 | |
| | Reserve, retired reserve in nonpay status, current National Guard officers not on active duty in the Air Force, or National Guard released from active duty in the Air Force | 2 | |
| | Current National Guard enlisted not on active duty in the Air Force | 13 | |
| COAST GUARD | Discharge, deceased, or retired before 1/1/1898 | 6 | |
| | Discharged, deceased, or retired 1/1/1898 – 3/31/1998 | 14 | 14 |
| | Discharged, deceased, or retired on or after 4/1/1998 | 14 | 11 |
| | Active, reserve, or TDRL | 3 | |
| MARINE CORPS | Discharged, deceased, or retired before 1/1/1905 | 6 | |
| | Discharged, deceased, or retired 1/1/1905 – 4/30/1994 | 14 | 14 |
| | Discharged, deceased, or retired on or after 5/1/1994 | 14 | 11 |
| | Individual Ready Reserve or Fleet Marine Corps Reserve | 5 | |
| | Active, Selected Marine Corps Reserve, TDRL | 4 | |
| ARMY | Discharged, deceased, or retired before 11/1/1912 (enlisted) or before 7/1/1917 (officer) | 6 | |
| | Discharged, deceased, or retired 11/1/1912 – 10/15/1992 (enlisted) or 7/1/1917 – 10/15/1992 (officer) | 14 | 14 |
| | Discharged, deceased, or retired on or after 10/16/1992 | 14 | 11 |
| | Reserve; or active duty records of current National Guard members who performed service in the U.S. Army before 7/1/1972 | 7 | |
| | Active enlisted (including National Guard on active duty in the U.S. Army) or TDRL enlisted | 9 | |
| | Active officers (inlcuding National Guard on active duty in the U.S. Army) or TDRL officers | 8 | |
| | Current National Guard enlisted not on active duty in Army (including records of Army active duty performed after 6/30/1972) | 13 | |
| | Current National Guard officers not on active duty in Army (including records of Army active duty performed after 6/30/1972) | 12 | |
| NAVY | Discharged, deceased, or retired before 1/1/1886 (enlisted) or before 1/1/1903 (officer) | 6 | |
| | Discharged, deceased, or retired 1/1/1886 – 1/30/1994 (enlisted) or 1/1/1903 – 1/30/1994 (officer) | 14 | 14 |
| | Discharged, deceased, or retired 1/31/1994 – 12/31/1994 | 14 | 11 |
| | Discharged, deceased, or retired on or after 1/1/1995 | 10 | |
| | Active, reserve, or TDRL | 10 | |
| PUBLIC HEALTH SERVICE | Commissioned Corps – active, inactive, terminated, retired | 15 | |

## ADDRESS LIST OF CUSTODIANS (BY CODE NUMBERS SHOWN ABOVE) – Where to write/send this form

| | | | | | |
|---|---|---|---|---|---|
| 1 | Air Force Personnel Center HQ AFPC/DPSRP 550 C Street West, Suite 19 Randolph AFB, TX 78150-4721 | 6 | National Archives & Records Administration Old Military and Civil Records (NWCTB-Military) Textual Services Division 700 Pennsylvania Ave., N.W. Washington, DC 20408-0001 | 11 | Department of Veterans Affairs Records Management Center P.O. Box 5020 St. Louis, MO 63115-5020 |
| 2 | Air Reserve Personnel Center /DSMR HQ ARPC/DPSSA/B 6760 E. Irvington Place, Suite 4600 Denver, CO 80280-4600 | 7 | Commander U.S. Army Reserve Personnel Command ATTN: ARPC-ZCC-B 1 Reserve Way St. Louis, MO 63132-5200 | 12 | Army National Guard Readiness Center NGB-ARP 111 S. George Mason Dr. Arlington, VA 22204-1382 |
| 3 | Commander, CGPC-adm-3 USCG Personnel Command 4200 Wilson Blvd., Suite 1100 Arlington, VA 22203-1804 | 8 | U.S. Total Army Personnel Command ATTN: TAPC-MSR-S 200 Stoval Street Alexandria, VA 22332-0444 | 13 | The Adjutant General (of the appropriate state, DC, or Puerto Rico) |
| 4 | Headquarters U.S. Marine Corps Personnel Management Support Branch (MMSB-10) 2008 Elliot Road Quantico, VA 22134-5030 | 9 | Commander USAEREC ATTN: PCRE-F 8899 E. 56th St. Indianapolis, IN 46249-5301 | 14 | National Personnel Records Center (Military Personnel Records) 9700 Page Ave. St. Louis, MO 63132-5100 |
| 5 | Marine Corps Reserve Support Command (Code MMI) 15303 Andrews Road Kansas City, MO 64147-1207 | 10 | Navy Personnel Command (PERS-313C1) 5720 Integrity Drive Millington, TN 38055-3130 | 15 | Division of Commissioned Personnel ATTN: Records Officer 5600 Fishers Lane, Room 4-36 Rockville, MD 20857-0001 |

Form 80-807

Ed Buslow, Jr., Chairman
and Commissioner of Revenue

Terry L. Jordan
Associate Commissioner

Donald L. Green
Associate Commissioner

**MISSISSIPPI**

STATE TAX COMMISSION

Individual Income Tax Division
1577 Springridge Road
Raymond, Mississippi 39154

Post Office Box 1033
Jackson, Mississippi 39215

Phone: 601-923-7069
FAX: 601-923-7039

## REQUEST FOR RELEASE OF COPIES OF DOCUMENTS

DATE: _____

I HEREBY AUTHORIZE YOU TO PROVIDE _____
WITH ANY AND ALL RETURNS AS SPECIFICALLY REQUESTED HEREIN. THIS AUTHORIZATION IS MY CONSENT TO THE
RELEASE OF SAID DOCUMENTS:

Social Security Number: _____   TAX YEAR(S): _____

Name: _Archie A. Lord, Sr._

Address: _P. O. Box 5_

City, State, Zip: _Monticello, MS 39654_

Signature: X _Archie A. Lord Sr_

The "Mississippi Public Records Act of 1983" requires the following charges be submitted before delivery of the reproduced
documents. Payments must be in the form of cash, a cashier's check or money order. We do not accept personal checks or
copies. We do not recommend you send cash through the mail. The charge for copies is $2.00 for the first page and $.50 for
each additional page. We will return this document with the charge on it. Please allow 10 days for processing.

STATE OF MISSISSIPPI

COUNTY OF _Forrest_

Before me, the undersigned authority, on this day personally appeared _Archie A. Lord, Sr._
known to me to be the person whose name is subscribed to the foregoing authorization and who, after being by me duly sworn, upon
oath states that same was executed for the purpose therein expressed.

SUBSCRIBED and SWORN to me, a Notary Public, on the _1st_ day of _June_ _2005_

My Commission Expires: _2/7/07_                    _By Castleberry_
                                                    Notary Public

*******************************FOR OFFICE USE ONLY*******************************

TOTAL NUMBER OF PAGES _____        TOTAL COST  $_____

INITIAL & DATE DOCUMENTS COPIED: _____    INITIAL & DATE PAID: _____

# AUTHORIZATION FOR RELEASE CRIMINAL RECORDS

**TO WHOM IT MAY CONCERN:**

This authorization shall require any and all penal institutions, including but not limited to, all prisons, jails, police offices, sheriff's offices, district attorney's offices, and parole offices to produce the law firm of:


and its duly authorized representative.

Any and all information, including but not limited to, my criminal records, arrest warrants, arrest records, conviction records, and parole records.

A photostatic copy of this authorization shall be considered as effective and valid as the original

NAME: _Archie A. Lord, Sr._

Date of Birth: _8-18-36_

Social Security No. _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_

X _(signature)_
**SIGNATURE**

or

_____
**PERSONAL REPRESENTATIVE**

STATE OF _Mississippi_

COUNTY OF _Forrest_

Before me, the undersigned authority, on this day personally appeared _Archie A. Lord, Sr._, known to me to be the person whose name is subscribed to the foregoing authorization and who, after being by me duly sworn, upon oath, states that the same was executed for the purpose therein expressed.

SWORN TO AND SUBSCRIBED before me, a Notary Public, on this the _1st_ day of _June_, 2005.

_(signature)_
**NOTARY PUBLIC**

My Commission Expires:

_7/7/07_

## AUTHORIZATION FOR RELEASE OF EDUCATIONAL
## AND VOCATIONAL RECORDS

**TO WHOM IT MAY CONCERN:**

I hereby authorize you to provide the law firm of:

and its representatives, or assigns, a complete copy of all information and/or documents pertaining to myself.

A photostatic copy of this authorization shall be considered as effective and valid as the original

NAME: _Archie A. Lord, Sr_

Date of Birth: _8-18-36_

Social Security No. _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_

X _Archie Rhull_
SIGNATURE

or

_____
PERSONAL REPRESENTATIVE

STATE OF _Mississippi_

COUNTY OF _Forrest_

Before me, the undersigned authority, on this day personally appeared _Archie A. Lord Sr._, known to me to be the person whose name is subscribed to the foregoing authorization and who, after being by me duly sworn, upon oath, states that the same was executed for the purpose therein expressed.

SWORN TO AND SUBSCRIBED before me, a Notary Public, on this the _1st_ day of _June_, 2005.

_Coatleburg_
NOTARY PUBLIC

My Commission Expires:

_7/7/07_

**AUTHORIZATION FOR RELEASE OF PAYROLL
AND PERSONNEL RECORDS**

**TO WHOM IT MAY CONCERN:**

This authorizes any employer by whom I have been employed or sought employment, any labor union which I am or have been a member, and the Mississippi Employment Security Commission to furnish full and complete information hereby requested to the law firm of:

or to any representative, attorney or investigator from said offices, including but not limited to employment, employment application, information pertaining to my wages, all personnel, payroll, medical, hospital, workmen's compensation, or insurance records and other related matters.

A photostatic copy of this authorization shall be considered as effective and valid as the original.

Your full cooperation with the said attorneys is requested. You are further requested to disclose no information to any other person without written authority to do so.

Name: _Archie A. Lord, Sr._     Date of Birth: _8-18-36_

Social Security Number: _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_

_6-1-05_
DATE

X _Archie A. Lord_
SIGNATURE

STATE OF MISSISSIPPI
COUNTY OF _Forrest_

Before me, the undersigned authority, on this day personally appeared _Archie A. Lord, Sr._ known to me to be the person whose name is subscribed to the foregoing authorization and who, after being by me duly sworn, upon oath states that same was executed for the purpose therein expressed.

SUBSCRIBED and SWORN to before me, a Notary Public, on this the _1st_ day of _June_, 2005.

_Castlebury_
NOTARY PUBLIC

My Commission Expires:
_7/7/07_

**REQUEST FOR COPY OF STATE TAX FORM OR
INDIVIDUAL INCOME TAX ACCOUNT INFORMATION**

**TO WHOM IT MAY CONCERN:**

I hereby authorize you to provide the law firm of:

and its representatives, or assigns, with any and all tax returns as specifically requested herein.  This authorization is my consent to the release of said documents.

A photostatic copy of this authorization shall be considered as effective and valid as the original

NAME:  _Archie A. Lord, Sr._

Address:  _P. O. Box 5_

_Monticello, MS 39654_

Date of Birth:  _8-18-36_

Social Security No.  _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_

X _Archie A. Lord_

SIGNATURE

or

_____

PERSONAL REPRESENTATIVE

STATE OF _Mississippi_

COUNTY OF _Forrest_

Before me, the undersigned authority, on this day personally appeared _Archie A. Lord Sr._, known to me to be the person whose name is subscribed to the foregoing authorization and who, after being by me duly sworn, upon oath, states that the same was executed for the purpose therein expressed.

SWORN TO AND SUBSCRIBED before me, a Notary Public, on this the _1st_ day of _June_, 2005.

_Joy Castleberry_

NOTARY PUBLIC

My Commission Expires:

_7/7/07_

## AUTHORIZATION TO OBTAIN UNION, TRADE, SKILL AND/OR PROFESSIONAL ORGANIZATION MEMBERSHIP DOCUMENTS & RECORDS

**TO WHOM IT MAY CONCERN:**

The undersigned requests that you release to the law firm:

or such other person as it may authorize at their expense, all records relating to my union, trade, skill and/or professional organization membership and/or involvement, including, but not limited to, information, applications or other documents signed by me, medical records, letters, memoranda, and transcripts of proceedings.

The undersigned agrees to waive any privilege against disclosure which I might have under the laws of Mississippi, but reserves the right to object to the admissibility of such record in any proceeding in any court and/or administrative proceedings.

A photostatic copy of this authorization shall be considered as effective and valid as the original

NAME: _Archie A. Lord, Sr._

Date of Birth: _8-18-36_

Social Security No. _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_

X _Archie Archild_
SIGNATURE

or

_____
PERSONAL REPRESENTATIVE

STATE OF _Mississippi_

COUNTY OF _Forrest_

Before me, the undersigned authority, on this day personally appeared _Archie A. Lord Sr._, known to me to be the person whose name is subscribed to the foregoing authorization and who, after being by me duly sworn, upon oath, states that the same was executed for the purpose therein expressed.

SWORN TO AND SUBSCRIBED before me, a Notary Public, on this the _1st_ day of _June_, 2005.

_Kay Castleberry_
NOTARY PUBLIC

My Commission Expires:

_7/7/07_

## AUTHORIZATION FOR RELEASE OF WORKMAN'S
## COMPENSATION RECORDS

**TO WHOM IT MAY CONCERN:**

The undersigned authorizes you to provide the law firm of:

a complete copy of all information and/or documents pertaining to myself.

A photostatic copy of this authorization shall be considered as effective and valid as the original.

Name: _Archie A. Lord, Sr._          Date of Birth: _8-18-36_

Social Security Number: _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_

X _Archie Archie h_
SIGNATURE

_6-1-05_
DATE

STATE OF MISSISSIPPI

COUNTY OF _Forrest_

Before me, the undersigned authority, on this day personally appeared
_Archie A. Lord Sr._ , known to me to be the person whose name is subscribed to the foregoing authorization and who, after being by me duly sworn, upon oath states that same was executed for the purpose therein expressed.

SUBSCRIBED and SWORN to before me, a Notary Public, on the _1st_ day of
_June_ , 2005.

_Castleberry_
NOTARY PUBLIC

My Commission Expires:

_7/7/07_

| WHOSE *Records to be Disclosed* | Form Approved OMB No. 0960-0623 |
|---|---|
| NAME *(First Middle Last)* Archie A. Lord Sr. | |
| SSN 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 | Birthday *(mm/dd/yy)* 8/18/36 |

# AUTHORIZATION TO DISCLOSE INFORMATION TO THE SOCIAL SECURITY ADMINISTRATION (SSA)

I voluntarily authorize and request disclosure (including paper, oral, and electronic interchange):

**OF WHAT** *All my medical records; also education records and other information related to my ability to perform tasks.* **This includes specific permission to release:**

1. All records and other information regarding my treatment, hospitalization, and outpatient care for my impairment(s) *including*, and not limited to:
   - Psychological, psychiatric or other mental impairment(s) (excludes "psychotherapy notes" as defined in 45 CFR 164.501)
   - Drug abuse, alcoholism, or other substance abuse
   - Sickle cell anemia
   - The information authorized for release may include records which may include the presence of a communicable or venereal disease which may include, but are not limited to, diseases such as hepatitis, syphilis, gonorrhea and the human immunodeficiency virus, also known as Acquired Immune Deficiency Syndrome (AIDS); and tests for HIV.
   - Gene-related impairments (including genetic test results)
2. Information about how my impairment(s) affects my ability to complete tasks and activities of daily living, and affects my ability to work.
3. Copies of educational tests or evaluations, including Individualized Educational Programs, triennial assessments, psychological and speech evaluations, and any other records that can help evaluate function; also teachers' observations and evaluations.
4. Information created within 12 months after the date this authorization is signed, as well as past information.

**FROM WHOM**
- All medical sources (hospitals, clinics, labs, physicians, psychologists, etc.) including mental health, correctional, addiction treatment, and VA health care facilities
- All educational sources (schools, teachers, records administrators, counselors, etc.)
- Social workers/rehabilitation counselors
- Consulting examiners used by SSA
- Employers
- Others who may know about my condition (family, neighbors, friends, public officials)

**TO WHOM** The Social Security Administration and to the State agency authorized to process my case (usually called "disability determination services"), including contract copy services, and doctors or other professionals consulted during the process. (Also, for international claims, to the U.S. Department of State Foreign Service Post.)

**PURPOSE** Determining my eligibility for benefits, including looking at the combined effect of any impairments that by themselves would not meet SSA's definition of disability; and whether I can manage such benefits.

☐ Determining whether I am capable of managing benefits ONLY (check only if this applies)

**EXPIRES WHEN** This authorization is good for 12 months from the date signed (below my signature).
- I authorize the use of a copy (including electronic copy) of this form for the disclosure of the information described above.
- I understand that there are some circumstances in which this information may be redisclosed to other parties (see page 2 for details).
- I may write to SSA and my sources to revoke this authorization at any time (see page 2 for details).
- SSA will give me a copy of this form if I ask; I may ask the source to allow me to inspect or get a copy of material to be disclosed.
- I have read both pages of this form and agree to the disclosures above from the types of sources listed.

**\*\*\*PLEASE SIGN USING BLUE OR BLACK INK ONLY.\*\*\***

| **INDIVIDUAL** authorizing disclosure | IF not signed by subject of disclosure, specify basis for authority to sign |
|---|---|
| SIGN ▶ X *Archie A. Lord* | ☐ Parent of minor  ☐ Guardian  ☐ Other personal representative (explain) |
| | (Parent/guardian/personal representative sign here if two signatures required by State law) ▶ |

| Date Signed | Street Address P.O. Box 5 | | |
|---|---|---|---|
| Phone Number (with area code) | City Monticello | State MS | ZIP 39654 |

**WITNESS** *I know the person signing this form or am satisfied of this person's identity:*

| SIGN ▶ *Lg Castleberry* | IF needed, second witness sign here (e.g., if signed with "X" above) SIGN ▶ |
|---|---|
| Phone Number (or Address) 601-264-4499 | Phone Number (or Address) |

*This general and special authorization to disclose was developed to comply with the provisions regarding disclosure of medical, educational, and other information under P.L. 104-191 ("HIPAA"); 45 CFR parts 160 and 164; 42 U.S. Code section 290dd-2; 42 CFR part 2; 38 U.S. Code section 7332; 38 CFR 1.475; 20 U.S. Code section 1232g ("FERPA"); 34 CFR parts 99 and 300; and State law.*

Form SSA-827 (6-2004)  ef (06-2004) Use 2-2003 and 7-2003 editions until exhausted

## Explanation of Form SSA-827,
### "Authorization to Disclose Information to the Social Security Administration (SSA)"

We need your written authorization to help get the information required to process your claim, and to determine your capability of managing benefits. Laws and regulations require that sources of personal information have a signed authorization before releasing it to us. Also, laws require specific authorization for the release of information about certain conditions and from educational sources.

You can provide this authorization by signing a form SSA-827. Federal law permits sources with information about you to release that information if you sign a single authorization to release all your information from all your possible sources. We will make copies of it for each source. A covered entity (that is, a source of medical information about you) may not condition treatment, payment, enrollment, or eligibility for benefits on whether you sign this authorization form. A few States, and some individual sources of information, require that the authorization specifically name the source that you authorize to release personal information. In those cases, we may ask you to sign one authorization for each source and we may contact you again if we need you to sign more authorizations.

You have the right to revoke this authorization at any time, except to the extent a source of information has already relied on it to take an action. To revoke, send a written statement to any Social Security Office. If you do, also send a copy directly to any of your sources that you no longer wish to disclose information about you; SSA can tell you if we identified any sources you didn't tell us about. SSA may use information disclosed prior to revocation to decide your claim.

It is SSA's policy to provide service to people with limited English proficiency in their native language or preferred mode of communication consistent with Executive Order 13166 (August 11, 2000) and the Individuals with Disabilities Education Act. SSA makes every reasonable effort to ensure that the information in the SSA-827 is provided to you in your native or preferred language.

## IMPORTANT INFORMATION, INCLUDING NOTICE REQUIRED BY THE PRIVACY ACT

All personal information SSA collects is protected by the Privacy Act of 1974. Once medical information is disclosed to SSA, it is no longer protected by the health information privacy provisions of 45 CFR part 164 (mandated by the Health Insurance Portability and Accountability Act (HIPAA)). SSA retains personal information in strict adherence to the retention schedules established and maintained in conjunction with the National Archives and Records Administration. At the end of a record's useful life cycle, it is destroyed in accordance with the privacy provisions, as specified in 36 CFR part 1228.

SSA is authorized to collect the information on form SSA-827 by sections 205(a), 223 (d)(5)(A),1614(a)(3)(H)(i), 1631(d)(1) and 1631 (e)(1)(A) of the Social Security Act. We use the information obtained with this form to determine your eligibility, or continuing eligibility, for benefits, and your ability to manage any benefits received. This use usually includes review of the information by the State agency processing your case and quality control people in SSA. In some cases, your information may also be reviewed by SSA personnel that process your appeal of a decision, or by investigators to resolve allegations of fraud or abuse, and may be used in any related administrative, civil, or criminal proceedings.

Signing this form is voluntary, but failing to sign it, or revoking it before we receive necessary information, could prevent an accurate or timely decision on your claim, and could result in denial or loss of benefits. Although the information we obtain with this form is almost never used for any purpose other than those stated above, the information may be disclosed by SSA without your consent if authorized by Federal laws such as the Privacy Act and the Social Security Act. For example, SSA may disclose information:

1. To enable a third party (e.g., consulting physicians) or other government agency to assist SSA to establish rights to Social Security benefits and/or coverage;
2. Pursuant to law authorizing the release of information from Social Security records (e.g., to the Inspector General, to Federal or State benefit agencies or auditors, or to the Department of Veterans Affairs (VA));
3. For statistical research and audit activities necessary to ensure the integrity and improvement of the Social Security programs (e.g., to the Bureau of the Census and private concerns under contract with SSA).

SSA will not redisclose without proper prior written consent information: (1) relating to alcohol and/or drug abuse as covered in 42 CFR part 2, or (2) from educational records for a minor obtained under 34 CFR part 99 (Family Educational Rights and Privacy Act (FERPA)), or (3) regarding mental health, developmental disability, AIDS or HIV.

We may also use the information you give us when we match records by computer. Matching programs compare our records with those of other Federal, State, or local government agencies. Many agencies may use matching programs to find or prove that a person qualifies for benefits paid by the Federal government. The law allows us to do this even if you do not agree to it.

Explanations about possible reasons why information you provide us may be used or given out are available upon request from any Social Security Office.

## PAPERWORK REDUCTION ACT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 10 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING IN THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. The office is listed under U. S. Government agencies in your telephone directory or you may call Social Security at 1-800-772-1213. *You may send comments on our time estimate above to: SSA, 1338 Annex Building, Baltimore, MD 21235-0001. Send only comments relating to our time estimate to this address, not the completed form.*

Form Approved: OMB No. 2900-0025
Respondent Burden: 7.5 minutes

## Department of Veterans Affairs

# REQUEST FOR AND CONSENT TO RELEASE OF INFORMATION FROM CLAIMANT'S RECORDS

**NOTE:** The execution of this form does not authorize the release of information other than that specifically described below. The information requested on this form is solicited under Title 38, United States Code, and will authorize release of the information you specify. The information may also be disclosed outside VA as permitted by law to include disclosures as stated in the "Notices of Systems of VA Records" published in the Federal Register in accordance with the Privacy Act of 1974.

**RESPONDENT BURDEN:** VA may not conduct or sponsor, and the respondent is not required to respond, to this collection of information unless it displays a valid OMB Control Number. The Privacy Act of 1974 (5 U.S.C. 552a) and VA's confidentiality statute (38 U.S.C. 5701) as implemented by 38 CFR 1.526(a) and 38 CFR under any other provision of law. The information requested is approved under OMB Control Number 2900-0025 and is necessary to ensure that the statutory requirements of the Privacy Act and VA's confidentiality statute are met.

Responding to this collection of information is voluntary. However, if the information is not furnished, we may not be able to comply with your request. Public reporting burden for this collection of information is estimated to average 7.5 minutes per respondent, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection of information, including suggestions for reducing this burden, to the VA Clearance Officer (005E3), 810 Vermont Avenue, NW, Washington, DC 20420. **SEND COMMENTS ONLY. DO NOT SEND THIS FORM OR REQUESTS FOR BENEFITS TO THIS ADDRESS.**

| TO | Department of Veterans Affairs | NAME OF VETERAN *(Type or print)* | |
|---|---|---|---|
| | | VA FILE NO. *(Include prefix)* | SOCIAL SECURITY NO. |

NAME AND ADDRESS OF ORGANIZATION AGENCY, OR INDIVIDUAL TO WHOM INFORMATION IS TO BE RELEASED

## VETERAN'S REQUEST

I hereby request and authorize the Department of Veterans Affairs to release the following information from the records identified above to the organization, agency, or individual named hereon: ► | NAME

INFORMATION REQUESTED *(Number each item requested and give the dates or approximate dates - period from and to - covered by each.)*

PURPOSE(S) FOR WHICH THE INFORMATION IS TO BE USED.

*NOTE: Additional information may be listed on the reverse side of this form.*

| SIGNATURE AND ADDRESS OF CLAIMANT OR FIDUCIARY, IF CLAIMANT IS INCOMPETENT | DATE |
|---|---|
| X *Archie Kotuch* | |

VA FORM
OCT 1995(R)  **3288**

ReachForm

# EXHIBIT E

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

WILLIAM L. TAYLOR, ET AL                                      PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 2004-152

PHILLIPS 66 COMPANY, ET AL                                   DEFENDANTS

### SPECIAL MASTER'S REPORT AND RECOMMENDATION
### (Certain Defendants' Motion to Dismiss and for Related Relief)

THIS CAUSE CAME ON TO BE HEARD before the undersigned Special Master on

the several motions made by Defendants to dismiss, for more specific information or related

relief.

Plaintiffs have objected to any facts sheets and to any severance or transfer.

The first area of concern in these areas involves persons who may be joined in these suits

as plaintiffs who have no logical connection with the State of Mississippi - what is referred to as

the "out-of-state plaintiffs." Plaintiffs' counsel has represented that there are only twelve (12)

plaintiffs total who reside out of state. Of those twelve (12), eleven (11) are claiming that their

exposure occurred in the State of Mississippi - that is, that their cause of action occurred or

accrued within the State of Mississippi. The twelfth non-resident plaintiff is in the process of

dismissing his/her claim. Therefore, I find that there are no further actions necessary at this time

with regard to the "out-of-state plaintiffs."[1]

The next involves the disclosure of core information pursuant to *Mangialardi* and its

progeny.[2] As in previous cases, this will be accomplished with a fact sheet, which I find is

comprehensive enough in its scope to satisfy (or, exceed) the core disclosure requirements

---

[1] This finding is without prejudice to the rights of the parties to raise whatever issues they deem appropriate based on the fact sheets and discovery yet to be filed in this case.
[2] *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d 493 (Miss. 2004).

FILED

SEP 2 3 2005

SMITH COUNTY CIRCUIT COURT

2992

imposed by the Supreme Court in *Mangialardi* in subsequent cases.[3] These fact sheets must be completed and filed in the Court as follows:

(a)  Plaintiffs will file fact sheets with the copy service on the following schedule: at least two hundred (200) fact sheets on or before July 15, 2005; at least two hundred (200) more fact sheets on or before  July 22, 2005; at least two hundred (200) more fact sheets on or before July 29, 2005; and, all remaining fact sheets on or before September 1, 2005.

(b)  Plaintiffs will furnish a status report to the Special Master and to the parties contemporaneous with the filing of the fact sheets on July 29, 2005.

(c)  On or before September 15, 2005, Plaintiffs will file original fact sheets in the actions that are currently pending.

(d)  Following severance and entry of an order by the Court resolving the venue issue Plaintiffs shall then file amended complaints, adding a paragraph incorporating the fact sheets by reference as if set forth in words an figures therein, and attaching the individual fact sheet to the amended complaint.  The amended complaints should be filed within fifteen (15) days after the entry of the order by the Court determining the venue issue, or within such other time as set by the Court.

(e)  In addition, Plaintiffs may submit any additional information along with the fact sheets.

Since the fact sheet is incorporated by reference into Plaintiffs' complaint, they are subject to:

1.  The same rules of pleading as any complaint, including but not limited to Rules 8, 9,  10 and 11, Miss. R. Civ. P.

2.  All the usual remedies available to defendants such as motions under Rule 12, Miss. R. Civ. P.

---

[3] The fact sheet is attached hereto as Exhibit "A".

3. All remedies for plaintiffs for amended and supplemental pleadings as provided in Rule 15, Miss. R. Civ. P.

4. In addition to all other remedies provided for by the Rules, Defendants may move to compel plaintiffs to cure fact sheet deficiencies in the same manner as provided for under Rule 37(a), Miss. R. Civ. P.

Defendants shall have thirty (30) days from the receipt of the fact sheets to file any motions they deem necessary. An such motions should be set and heard by the undersigned Special Master in accordance with the previous orders of the Court.

It has been urged by certain Defendants that the failure of to name with specificity a certain product, manufacturer, and/or defendant in the fact sheet should result in an "automatic" dismissal of that Plaintiff's claims as to those parties. While I agree that dismissal might be the proper remedy in that circumstance, I do not have the capacity under my mandate as Special Master to order such "automatic" dismissals. In my opinion, the proper method would be for the Plaintiffs to file their fact sheet and to simultaneously furnish to the Court and agreed order dismissing without prejudice any claims against Defendants not sufficiently identified in the facts sheet. If Plaintiffs fail to follow this suggested procedure, then Defendants may file a motion to dismiss, attaching a copy of the fact sheet and pointing out that the moving defendant is not identified.

I find that the claims of the Plaintiffs should be severed one from the other and properly venued as follows:

1. The claims of all plaintiffs who are properly venued in the county where the suit is currently lodged shall remain in that county, shall be severed; and shall be assigned separate cause numbers by the Circuit Clerk's office.

2. The claims of all plaintiffs whose claims are not properly venued in the county where the suit is currently lodged, shall be transferred to the Circuit Court in the county where venue is otherwise proper as determined by the Court.

3. To the extent the parties are in agreement about the prospective venue to which each Plaintiff's claim will be transferred, that should be accomplished by agreed order within fifteen (15) days after the fact sheets are filed by the plaintiffs.

On or before September 1, 2005, plaintiffs will submit a list or chart with each individual plaintiff's name and the venue which plaintiffs contend is proper for that particular plaintiff. If there are two or more jurisdictions where the case could be appropriately filed, plaintiffs will list the jurisdictions in order of preference. On or before September 15, 2005, Defendants will furnish a list to Plaintiffs detailing which individual Plaintiff's choice of venue they object to, and which they can agree to. Further, on or before, September 22, 2005, Defendants will file their motions objecting to the selection of venue in the specific cases. No less than thirty (30) days after September 15, 2005, the Special Master will conduct a hearing to resolve any outstanding venue issues for the individual cases, and to deal with such other matters as would properly come before the Special Master under the Court's previous orders.

Given the procedural history of the above-styled cause of action, this cause is deemed to fall under the special/extraordinary circumstances provision of Administrative Order No. 8 of the Mississippi Supreme Court.

The above and foregoing constitutes the Report and Recommendation of the Special Master, in accordance with Rule 53(g), Miss. R. Civ. P.

THIS, the 8- day of August, 2005.

_____
Robert D. Gholson, Special Master

ADOPTED BY THE COURT, this the 2 2 day of August, 2005.

_____
Robert G. Evans, Circuit Judge

## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

WILLIAM L. TAYLOR, et al.                                    **PLAINTIFFS**

**VERSUS**                                          CIVIL ACTION NO. 2004-152

PHILLIPS 66 COMPANY, et al.                                  **DEFENDANTS**

### PLAINTIFF'S FACT SHEET

Each plaintiff who alleges exposure to asbestos (or is the representative of a person who is alleged to have been so exposed) must complete this Plaintiff's Fact Sheet, including all of the questions asked. In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge in accordance with the Mississippi Rules of Civil Procedure. Said Fact Sheet shall be filed and fully incorporated as a supplement to the Plaintiff's Complaint.

### INSTRUCTIONS

In completing this Fact Sheet, it is expected that you will fully respond to each question and will provide all of the information available to you and your counsel that is sought by each question. If you do not know the answer to any question, please state that you do not know the answer. If any question is not applicable to you and your case, please state that it is not applicable. To the extent you cannot completely answer any question, please provide whatever information is reasonably available to you and your counsel. As to any information sought by the question which you do not know, please identify what part of the question you cannot answer. You should consult with your attorney if you have any questions regarding the completion fo these forms.

If you are completing these forms for someone who was allegedly exposed to asbestos who has died or who cannot complete the form for himself/herself, please answer as completely as you can for that person.

You may attach as many sheets of paper necessary to answer these questions. Also, counsel may attach or incorporate by reference any additional allegations to be considered as part of the Complaint.

### DEFINITIONS

The term "injury" shall mean any physical, emotional or psychological condition which is alleged to have been caused by your alleged exposure to asbestos as well as any future emotional or psychological condition which you may allege is the result of your alleged exposure to asbestos.

### EXHIBIT "A"

1

## PLAINTIFF FACT SHEET

**Background Information:**

_____          _____
      FULL NAME                          SOCIAL SECURITY #

_____          _____
    NAME OF SPOUSE                       DATE OF MARRIAGE

_____
ADDRESS                    CITY      STATE      ZIP

CHILDREN: _____     _____

          _____     _____


_____    _____     _____
DATE OF BIRTH  DATE OF DEATH                CAUSE OF DEATH

If you are completing this questionnaire in a representative capacity (*i.e.* on behalf of the estate of a deceased person), please complete the following information:

                                   Capacity in which you are representing this
                                   individual:

_____          _____
      FULL NAME                          CAPACITY

_____
ADDRESS                    CITY      STATE      ZIP

If you were appointed by a Court, state:

COURT: _____     _____
       (Include the County, Jurisdiction and Cause Number)   Date of Appointment

[If you are completing this questionnaire in a representative capacity, please respond to the remaining questions with respect to the person who was allegedly exposed to asbestos. The questions using the term "You" or "Plaintiff" refer to the person who was allegedly exposed to asbestos. If the individual is deceased, please respond as of the time immediately prior to his or her death unless a different time period is specified.]

PLAINTIFF'S RESIDENCE AT THE TIME OF EXPOSURE (Please list your residence for each date of exposure from your first exposure to Present.)

| DATES | COUNTY | STATE |
|-------|--------|-------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### PLAINTIFFS EMPLOYMENT HISTORY WITH REGARD
### TO ASBESTOS EXPOSURE IN OIL/GAS INDUSTRY <u>ONLY</u>

For each site that you worked in the oil/gas industry  please provide: (1) your employers' name, (2) the well operator's name, (3) name of the rig (both offshore or on land), number of rig and owner of rig, (4) type of rig (*i.e.* semi-submersible, platform, jack up, drilling ship, flotel, floating production/storage unit, land rig, etc.), (5) your beginning and ending work dates at this site, (6) location (by field name and/or county and/or well name or number) of the rig, (7) objective formation; (8) your job description and job title, (9) the drilling mud contractor/engineer's name for this site, (10) asbestos containing products which you claim exposure to (please indicate brand name, manufacturer as well as type of product).

**Please use a new entry for any change in: (1) employer; (2) rig; (3) location; or (4) job title.  Also, please make additional copies of this form as needed to fully provide your employment history (see Page #4).**

_____     _____
   **YOUR EMPLOYER**                              **OPERATOR OF THE WELL**

_____     _____
**DATES OF EMPLOYMENT**                          **TYPE OF RIG**

_____
**DRILLING MUD ENGINEER/CONTRACTOR**

_____
**OBJECTIVE FORMATION**

_____
**LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)**

_____
                **YOUR JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

_____

_____

3

**\*\*PLEASE COPY THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

YOUR EMPLOYER      OPERATOR OF THE WELL

DATES OF EMPLOYMENT     TYPE OF RIG

DRILLING MUD ENGINEER/CONTRACTOR

OBJECTIVE FORMATION

LOCATION (FIELD/COUNTY/WELL NAME OR NUMBER)

YOUR JOB DESCRIPTION AND JOB TITLE

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

4

**REMAINING WORK HISTORY**
**(NOT ASSOCIATED WITH THE OIL/GAS INDUSTRY)**
**WHICH YOU CLAIM ASBESTOS EXPOSURE**

_____     _____
      **EMPLOYER**                            **WORK SITE, CITY & STATE**

_____
     **JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

_____

_____

_____     _____
      **EMPLOYER**                            **WORK SITE, CITY & STATE**

_____
     **JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

_____

_____

_____     _____
      **EMPLOYER**                            **WORK SITE, CITY & STATE**

_____
     **JOB DESCRIPTION AND JOB TITLE**

**PLEASE LIST BELOW THE ASBESTOS CONTAINING PRODUCT(S) WHICH YOU WERE EXPOSED TO (PLEASE INDICATE THE BRAND(S), MANUFACTURER(S) & TYPE OF ASBESTOS PRODUCT(S))**

_____

_____

**\*\*\*PLEASE MAKE ADDITIONAL COPIES OF THIS PAGE AS NEEDED TO FULLY PROVIDE YOUR EMPLOYMENT HISTORY\*\***

## WORK HISTORY WHERE NO EXPOSURE IS CLAIMED

**For any work where you claim no exposure, please provide the following information.**

1. _____        _____
        **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

2. _____        _____
        **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

3. _____        _____
        **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

4. _____        _____
        **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

5. _____        _____
        **EMPLOYER**                    **WORK SITE, CITY & STATE**

   _____
   **JOB DESCRIPTION AND JOB TITLE**

**Medical History**

1.  Each asbestos related illness, disease or condition claimed by plaintiff: _____

_____

_____

_____

2. List the name and address of each physician who has diagnosed or treated plaintiff for each asbestos related illness, disease or condition as stated in Paragraph 1: (indicate in last column if doctor also made the initial diagnosis of the condition)

| Name & Address | Date(s) | Condition | Diagnosed? (Y/N) |
|---|---|---|---|
| 1. _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | |
| 2. _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | |
| 3. _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | |
| 4. _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| 5. _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | |
| 6. _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | |

**(Please attach additional sheets if necessary)**

**ATTACH DIAGNOSTIC MEDICAL REPORT**

## DECLARATION

I declare that all the information provided in this Fact Sheet is true and correct to the best of my knowledge.  If I recall or discover additional information, I will promptly provide the information to supplement or correct these responses.

_____

SIGNATURE OF PLAINTIFF

_____

NAME OF PLAINTIFF (PLEASE PRINT)

_____

DATE

_____

REPRESENTATIVE OF PLAINTIFF
SIGNATURE

_____

NAME OF REPRESENTATIVE
(PLEASE PRINT)

_____

DATE

**SWORN TO AND SUBSCRIBED BEFORE ME,** this _____ day of
_____, 200___.

_____

**NOTARY PUBLIC**

**My Commission Expires:**

_____

8

# EXHIBIT F

## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

WILLIAM L. TAYLOR, et al.                                           **PLAINTIFFS**

**vs.**                                                    **CIVIL ACTION NO. 2004-152**

PHILLIPS 66 COMPANY, et al.                                   **DEFENDANTS**

## SUPPLEMENTAL PLEADING MATCHING PLAINTIFFS AND DEFENDANTS

Pursuant to order of the Special Master in the above-styled and numbered case, Plaintiffs herein designate the specific Defendants against whom they are making claim as follows:

1.   All Plaintiffs are making claim against the following Defendants:

   a.   ConocoPhillips Company, individually, and d/b/a Phillips Petroleum Company, and/or d/b/a Phillips 66 Company and/or d/b/a Drilling Specialties Company, and as successor by merger to Phillips Petroleum Company, Phillips 66 Company and Drilling Specialties Company.

   b.   Union Carbide Corporation.

   c.   The Dow Chemical Company, individually and as successor by merger of Union Carbide.

   d.   Montello, Inc.

   e.   Baker Hughes, Incorporated, Baker Hughes Oilfield Operations, Inc., individually and as successor to Baker Hughes Inteq, Inc. a/k/a Baker Hughes Inteq Drilling Fluids, Baker International, Inc., Baker Oil Tools, Inc., Milpark, Inc., Newpark Drilling Fluids, Inc., Laurel Mud & Chemical Corporation, Milchem, Inc. a/k/a Milwhite Mud Sales Company, Hughes Drilling Fluids, Inc., Drilling Mud, Inc., OBI-Hughes, Inc. f/k/a Oil Base, Inc.

f.      John Does as listed in the Complaint/Amended Complaint on file herein.

2.      Mississippi Mud if and when the Court allows Amended Complaint to be filed will be joined by all Plaintiffs having exposure on land in the State of Mississippi.

3.      In addition to the Defendants named above, specifically identified Plaintiffs are also making claims against additional specific Defendants as identified in Exhibit "A" hereto.

Respectfully submitted,
FRANKLIN, CARDWELL & JONES, P.C.

By:      _____
ALLEN R. VAUGHT
Attorney for Plaintiffs
MSB #101695
Franklin, Cardwell & Jones, P.C.
1700 Pacific Avenue
Suite 1610
Dallas, TX 75201
(214) 999-1324

## CERTIFICATE OF SERVICE

I, Allen R. Vaught, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing to all counsel of record electronically via e-mail.

THIS, the ___17th___ day of January, A.D., 2006.

_____
ALLEN R. VAUGHT

2

**William L. Taylor, et al. V. Phillips 66 Company, et al.**
**IN THE CIRCUIT COURT OF SMITH COUNTY, MS**
**C.A. NO. 2004-152**

| SSN | Last Name | First Name | Defendant(s) |
|---|---|---|---|
| 587 86 8989 | Autman | Phillip | Zapata Drilling (U.S.), Inc., d/b/a Zapata Drilling Company and Zapata Offshore Gathering Company, Inc.; Oilfield Service and Supply Company, Inc.; |
| 587 17 6803 | Berry | Donald Ray | Circle Bar Drilling Company; Pool Offshore d/b/a Pool Company; Pool Drilling Co., Inc.; HOC Drilling Liquidating Co. f/k/a Hercules Offshore Drilling Co.; Oilfield Service and Supply Company, Inc.; |
| 428 08 7695 | Berry | Thomas | Circle Bar Drilling Company; Quarles Drilling Company; Oilfield Service and Supply Company, Inc.; |
| 261 70 2248 | Bevis | Jimmie L. | Oilfield Service and Supply Company, Inc.; |
| 428 76 7029 | Collins | Herman | Crusadrer Drilling and Service, Inc., Individually and as Successor to Williams Drilling Company, Inc.; |
| 426 96 4374 | Davis (Deceased) | Don M. | Mission Drilling Corporation; Crusadrer Drilling and Service, Inc., Individually and as Successor to Williams Drilling Company, Inc.; Oilfield Service and Supply Company, Inc.; |
| 425 98 9879 | Gill | George M. | Oilfield Service and Supply Company, Inc.; |
| 427 84 8454 | Jernigan | Jimmy D. | Oilfield Service and Supply Company, Inc.; |
| 426 13 9297 | Jordan | Johnny | Oilfield Service and Supply Company, Inc.; |
| 587 76 9937 | Landrum | Henry E. | Oilfield Service and Supply Company, Inc.; |
| 426 04 1013 | Lord, Jr. | Archie A. | Zapata Drilling (U.S.), Inc., d/b/a Zapata Drilling Company and Zapata Offshore Gathering Company, Inc.; Pool Offshore d/b/a Pool Company; Pool Drilling Co., Inc.; Oilfield Service and Supply Company, Inc.; |
| 426 66 1209 | Lord, Sr. | Archie A. | Zapata Drilling (U.S.), Inc., d/b/a Zapata Drilling Company and Zapata Offshore Gathering Company, Inc.; Pool Offshore d/b/a Pool Company; Pool Drilling Co., Inc.; |
| 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 | McGee | Charles | Oilfield Service and Supply Company, Inc.; |
| 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 | Rollins | Robert Allen | Circle Bar Drilling Company; Delta Drilling Company; Oilfield Service and Supply Company, Inc.; |

**EXHIBIT "A"**

*William L. Taylor, et al. V. Phillips 66 Company, et al.*
## IN THE CIRCUIT COURT OF SMITH COUNTY, MS
### C.A. NO. 2004-152

| | | | |
|---|---|---|---|
| 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 | Smith | Charles R. | Oilfield Service and Supply Company, Inc.; |
| 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 | Smith | Ervin | Oilfield Service and Supply Company, Inc.; |
| 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 | Stampley | Charlie A. | Oilfield Service and Supply Company, Inc.; |
| 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 | Stanley | David Foster | Oilfield Service and Supply Company, Inc.; |
| 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 | Taylor | William L. | Dixilyn Drilling Corporation; Rockwood Enterprises, Inc. f/k/a JFP Drilling Co., Inc.; Oilfield Service and Supply Company, Inc.; |
| 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 | Usry | Kenneth | Oilfield Service and Supply Company, Inc.; |
| 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 | Vaughn | Wesley | Circle Bar Drilling Company; Oilfield Service and Supply Company, Inc.; |
| 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 | Weir, Jr. | Freddie | Oilfield Service and Supply Company, Inc.; |

**EXHIBIT "A"**

# EXHIBIT G

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

WILLIAM L. TAYLOR, et al.                                    **PLAINTIFFS**

**VERSUS**                                          CIVIL ACTION NO. 2004-152

PHILLIPS 66 COMPANY, et al.                              **DEFENDANTS**

## SPECIAL MASTER'S REPORT AND RECOMMENDATION

THIS CAUSE CAME ON TO BE HEARD before the undersigned Special Master on several

motions made by Defendants relating to the severance, transfer and dismissal of plaintiffs' claims.

COMES NOW this Court, and having been fully advised in the premises, does hereby find

that the claims of the Plaintiffs in the above-referenced matter as stated in the prior order of this

Court which have been previously severed over Plaintiffs' objection shall be transferred or dismissed

without prejudice as indicated below.

IT IS THEREFORE ORDERED that:

1.      The claims of the plaintiffs in this action who have not provided fact sheets pursuant

to the order of this Court that are identified on Exhibit "A" attached hereto and fully incorporated

herein by reference as "Dismissed Without Prejudice" and said claims are hereby dismissed without

prejudice.

2.      The claims of all plaintiffs in this action who are residents of the State of Mississippi

or who allege exposure to asbestos in the State of Mississippi are hereby transferred to the Circuit

Court in the county indicated for each claimant in the Venue Transfer Column on Exhibit "A"

attached hereto and fully incorporated herein by reference. Said transfer is made by this Court based

on the information provided by Plaintiffs' Counsel subject to the mandates of Rule 11 of the

Mississippi Rules of Civil Procedure. Neither party has waived any rights or objections they may

have with respect to these issues, and Plaintiffs have continuously objected to any severance and/or

transfer.

3.      To aid in the transfer of so many claims in an effort to preserve some judicial economy, any plaintiffs (all of which have been severed from one another by previous order of this Court) who are being transferred to the same county may be transferred en mass and assigned separate cause numbers upon arrival in the Transferee Court. The cost of the transfer shall be borne by the plaintiffs. All transfers shall be perfected within sixty (60) days of the date of this order.

4.      While plaintiffs object to the pre-payment and/or payment of costs transferring these actions, said objections are hereby overruled at this time. Therefore, consistent with the prior orders of this Court, plaintiffs are directed to obtain an estimate of cost of transfer from the Circuit Clerk's office and to pay said estimate prior to the Clerk copying the files in this matter within thirty (30) days of the date of this order.

5.      Within forty-five (45) days of the date of this order, Plaintiffs shall file a civil action cover sheet and pay any filing fees with the Transferee Court, each plaintiff shall file in the Transferee Court an amended complaint which complies with the Mississippi Supreme Court's decision in Mangialardi. Defendants are not required to file additional answers to the amended complaint of any plaintiff, but may do so within thirty (30) days of the filing of such amended complaint if they deem it appropriate.

6.      All plaintiffs remaining in this Circuit Court, if any, have been severed and shall be assigned separate cause numbers by the Circuit Clerk. Within forty-five (45) days of the date of this order, each plaintiff remaining in this matter shall file an amended complaint which complies with the Mississippi Supreme Court's decision in Mangialardi. Defendants are not required to file additional answers to the amended complaint of any plaintiff, but may do so within thirty (30) days of the filing of such amended complaint if they deem it appropriate.

-2-

00000000000000000000000000000000000000000000000000000000000000000000000000000000003767

7.    Nothing in this order shall be construed to alter or diminish this Court's prior ruling granting the defendant's motions pursuant to Mangialardi.

8.    Additionally and as previously ordered by this Court, any defendant named in plaintiffs' complaint that is not sufficiently identified by a plaintiff in their fact sheet or in the supplemental pleading (discussed infra) is due to be dismissed without prejudice as to claims by that plaintiff. Accordingly, and in order to avoid unnecessary motion practice, on or before January 22, 2006, plaintiffs will file and serve a supplemental pleading in which each plaintiff lists each defendant identified in their fact sheet and/or against whom they assert claims. The supplemental pleading need not be under oath; may be based on information from the plaintiff personally or his counsel; is subject to the requirements of Mangialardi; and, shall provide that any claims a plaintiff may have asserted against a defendant not listed by the plaintiff in the supplemental pleading are dismissed without prejudice.

The above and foregoing constitutes the Report and Recommendation of the Special Master, in accordance with Rule 53(g), Miss. R. Civ. P.

THIS the __17th__ day of __January__, 2006.

_____
ROBERT D. GHOLSON, SPECIAL MASTER

ADOPTED BY THE COURT, this the __31__ day of __January__, 2006.

_____
Honorable Robert G. Evans

-3-

William L. Taylor, et al. v. Phillips 66 Co., et al.
Smith County Circuit Court
Cause No. 2004-152

EXHIBIT "A"

## DISMISSED WITHOUT PREJUDICE

| | LAST NAME | FIRST NAME |
|---|---|---|
| 1 | DILMORE | HUGH E. |
| 2 | HALL | LEE RAY |
| 3 | SEGURA | REMIGIO |

| SEVERED AND TRANSFERRED | | | |
|---|---|---|---|
| | LAST NAME | FIRST NAME | SS# | VENUE TRANSFER |
| 1 | BERRY | THOMAS G | ###-##-7695 | JONES |
| 2 | JERNIGAN | JIMMY D. | ###-##-8454 | JASPER |
| 3 | LANDRUM | HENRY E. | ###-##-9937 | SMITH |
| 4 | LORD | ARCHIE A. SR | ###-##-1209 | JASPER |
| 5 | MCGEE | CHARLES | ###-##-6939 | SMITH |
| 6 | ROLLINS | ROBERT ALLEN | ###-##-3441 | JEFFERSON |
| 7 | SMITH | CHARLES R. | ###-##-5759 | JONES |
| 8 | SMITH | ERVIN | ###-##-9249 | SMITH |
| 9 | STAMPLEY | CHARLIE ALFORD | ###-##-6830 | JEFFERSON |
| 10 | STANLEY | DAVID FOSTER | ###-##-8091 | JEFFERSON |
| 11 | VAUGHN | WESLEY | ###-##-6689 | JONES |
| 12 | WEIR | FREDDIE | ###-##-5737 | SMITH |

*Jones means Jones County Circuit Court 2nd Judicial District
*Jasper means Jasper County Circuit Court 1st Judicial District

0000000000000000000000000000000000000000000000000000000000000000000003769

# EXHIBIT H

### IN THE CIRCUIT COURT OF JASPER COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

ARCHIE A. LORD, SR.;

**PLAINTIFF**

vs.                                                    **CIVIL ACTION NO.** _____

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY and
d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING
SPECIALTIES COMPANY;  DRILLING SPECIALTIES
COMPANY, L.L.C. a/k/a DSC DRILLING SPECIALTIES
COMPANY, L.L.C.;  CONOCO PHILLIPS COMPANY,
INDIVIDUALLY AND AS SUCCESSOR BY MERGER
TO PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM
COMPANY and DRILLING  SPECIALTIES COMPANY;
MONTELLO, INC.; UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE CORPORATION;
BAKER-HUGHES OILFIELD OPERATIONS, INC.,
INDIVIDUALLY AND AS SUCCESSOR TO
BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES
INTEQ DRILLING FLUIDS, INC., BAKER
INTERNATIONAL, INC., BAKER OIL TOOLS, INC.,
MILPARK, INC., NEWPARK DRILLING FLUIDS, INC.,
LAUREL MUD AND CHEMICAL CORP.,
MILCHEM, INC. f/k/a MILWHITE MUD SALES COMPANY,
HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC.
f/k/a OIL BASE, INC; BAKER HUGHES, INCORPORATED.;
OILFIELD SERVICE AND SUPPLY COMPANY, INC; MISSISSIPPI
MUD, INC.;  ZAPATA DRILLING (U.S.), INC. D/B/A ZAPATA
DRILLING COMPANY AND ZAPATA OFFSHORE GATHERING
COMPANY, INC.; POOL OFFSHORE D/B/A POOL COMPANY;
POOL DRILLING CO., INC.;  JOHN DOES 1 THROUGH 5,
AND JOHN DOES 6 THROUGH 15                                **DEFENDANTS**

### FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, ARCHIE A. LORD, Sr., and files this his First Amended

Complaint against the Defendants and would show unto the Court the following, to-wit:

## I.

The Plaintiff is an adult resident citizen of the State of Mississippi.

## II.

## ASBESTOS DEFENDANTS

The following are manufacturers, distributors and/or users of asbestos products to which Plaintiff was exposed and by which Plaintiff was injured. These defendants are hereinafter at times collectively referred to as "Asbestos Defendants".

## A.

Defendant, **Union Carbide Corporation** is a foreign corporation licensed to do business in the State of Mississippi, has been served through its registered agent and has filed an answer herein.

## B.

Defendant, **The Dow Chemical Company**, is a foreign corporation licensed to do business in the State of Mississippi, has been served through its registered agent and has filed an answer herein.

## C.

Defendant, **Montello, Inc.** is a foreign corporation not registered in the State of Mississippi but doing business in the State of Mississippi, having committed a tort in whole or in part in the State of Mississippi, and participated in the making and/or performance in the State of Mississippi, and has been served pursuant to §§13-3-49 and 13-3-57 of the Miss. Code Annon. and Rule 4(C)(5) and 4(D)(4) of the Mississippi Rules of Civil Procedure and has filed an answer herein.

**D.**

The "**PHILLIPS DEFENDANTS**":

Defendant, **ConocoPhillips Company**, individually, and d/b/a Phillips Petroleum Company, and/or d/b/a Phillips 66 Company and/or d/b/a Drilling Specialties Company, and as successor by merger to **Phillips Petroleum Company, Phillips 66 Company and Drilling Specialties Company**, is a foreign corporation licensed to do business in the State of Mississippi and has been served through its registered agent and has filed an answer herein.

**E.**

Defendant, **Baker Hughes Oilfield Operations, Inc.**, individually and as successor to **Baker Hughes Inteq, Inc.** a/k/a  **Baker Hughes Inteq Drilling Fluids, Baker International, Inc., Baker Oil Tools, Inc., Milpark, Inc., Newpark Drilling Fluids, Inc., Laurel Mud & Chemical Corporation, Milchem, Inc.** a/k/a **Milwhite Mud Sales Company, Hughes Drilling Fluids, Inc., OBI-Hughes, Inc.** f/k/a **Oil Base, Inc.**, is a California corporation licensed to do business in the State of Mississippi and has been served through its registered agent and has filed an answer herein.

**F.**

Defendant, **Baker Hughes, Incorporated**, is a Delaware corporation not licensed to do business in the State of Mississippi but doing business in Mississippi individually and as **Baker Hughes Oilfield Operations, Inc.** and has been served through its registered agent  and has filed an answer herein.

**G.**

Defendant, **Oilfield Service and Supply Company, Inc.** is a Mississippi corporation

3

doing business in the State of Mississippi and has been served through its registered agent and has filed an answer herein.

## H.

Defendant, **Mississippi Mud, Inc.** individually and its predecessor and successor corporations have done and are doing business in the State of Mississippi and can be served through its registered agent, Walter P. Tynes, at 13088 Midway Road, Raymond, Mississippi 39170.

## III.

### JONES ACT ASBESTOS DEFENDANTS

The following Defendants all were Jones Act employers of Plaintiff herein and sometimes referred to collectively as "Jones Act Asbestos Defendants": ZAPATA DRILLING (U.S.), INC. D/B/A ZAPATA DRILLING COMPANY AND ZAPATA OFFSHORE GATHERING COMPANY, INC.; POOL OFFSHORE D/B/A POOL COMPANY; and POOL DRILLING CO., INC. The Jones Act Asbestos Defendants that were served through their registered agents have filed an answer herein.

## IV.

The **John Doe** Defendants are entities known to the Defendants but unknown to the Plaintiff until adequate discovery is allowed in this case.

A.    John Doe Defendants 1 through 5 are Mississippi resident Defendants who participated in the manufacture, sale, packaging, distribution, use, advertising and transportation of asbestos products from 1965 through approximately 1986 because said John Doe Defendants knew or should have known of the unreasonably dangerous character of asbestos products and were negligent in their actions and further responsible in strict liability for their actions to the

Plaintiff. These Mississippi resident John Doe Defendants will be added when determined by
discovery.

B.      John Does 6 through 15 are Defendants who analyzed, consulted, manufactured,
distributed, packaged, transported, sold, used, or participated in any form or fashion in the
ultimate use of asbestos product to which the Plaintiffs were exposed from approximately 1965
through approximately 1986 to be determined by discovery and joined by amendment when
discovered.

**V.**

Venue is proper in this County as was previously determined by court order.

**CAUSES OF ACTION**

**VI.**

Plaintiff incorporates by reference the facts relating to asbestos exposure and asbestos
disease set forth in his Fact Sheet which was previously filed in this matter. Additionally,
Plaintiff hereby adopts and incorporates by reference all prior pleadings, supplemental pleadings
and Fact Sheets previously filed in this case prior to severance.  This suit arises from injuries
caused to Plaintiff because of his frequent and sustained exposure to asbestos products that were
defectively designed, manufactured, marketed and used by UNION CARBIDE, DOW
CHEMICAL COMPANY, the "PHILLIPS DEFENDANTS," MONTELLO, INC., BAKER
HUGHES OILFIELD OPERATIONS, INC., individually and as successor to BAKER HUGHES
INTEQ, INC. a/k/a BAKER HUGHES INTEQ DRILLING FLUIDS, BAKER
INTERNATIONAL, INC., BAKER OIL TOOLS, INC., MILPARK, INC., NEWPARK
DRILLING FLUIDS, INC., LAUREL MUD & CHEMICAL CORPORATION, DRILLING

5

MUD, INC., MILCHEM, INC. a/k/a MILWHITE MUD SALES COMPANY, HUGHES

DRILLING FLUIDS, INC., OBI-HUGHES, INC. f/k/a OIL BASE, INC., BAKER HUGHES,

INCORPORTED, individually, and as BAKER HUGHES OILFIELD OPERATIONS, INC.,

OILFIELD SERVICE AND SUPPLY COMPANY, INC , and MISSISSIPPI MUD, INC.AND

ITS PREDECESSOR AND SUCCESSOR CORPORATIONS, sometimes referred to

collectively as "Asbestos Defendants".   Plaintiff has developed asbestos  maladies as a result of

his exposure to these Defendants' products and their use of asbestos products.

## VII.

Plaintiff's injuries, illnesses and damages are a direct result of the negligence of

Defendants and the unreasonably dangerous products they designed, manufactured, marketed,

sold, and used.  Such negligence and strict liability was also the result of intentional acts and

reckless indifference to the safety, health and welfare of the Plaintiff and others similarly

situated, constitutes gross negligence and subjects all these Asbestos Defendants to an award of

punitive damages.

## VIII.

The Asbestos Defendants have been in the business of manufacturing and distributing

products containing asbestos for many decades.  At the time these products were placed in the

stream of commerce the Asbestos Defendants, both collectively and individually, had actual

knowledge of the unreasonably dangerous propensities of asbestos.  These Defendants  knew

and/or should have  known of the unreasonably dangerous application of asbestos as it affects

this Plaintiff and others similarly situated for all of the exposure time period alleged herein.  The

Defendants were manufacturers and/or knowledgeable distributors or sellers of asbestos and

asbestos products at a time when the dangers of asbestos were known or should have been known

to them and they further failed to warn and/or protect the Plaintiff. Notwithstanding such knowledge, these Defendants have manufactured, sold, distributed, failed to warn Plaintiff and used asbestos negligently and in violation of the laws of the State of Mississippi, both statutorily and case law, such as to submit them to strict liability for their products and for the failure to properly warn the Plaintiff about the dangers of their product.

### IX.

The Jones Act Asbestos Defendants have used the Asbestos Defendants' asbestos products in their offshore drilling operations, land based drilling operations, and in and on their drilling structures, drilling rigs, vessels and other equipment. The use of these asbestos products was known to these Jones Act Asbestos Defendants and/or should have been known to these Jones Act Asbestos Defendants to be unreasonably dangerous and knew or should have known use of said products would cause their drilling equipment to be unreasonably unsafe places for the Plaintiff to work and further that said asbestos products would render their drilling equipment, which qualify as vessels, to be unreasonably dangerous and unseaworthy. Further these Defendants failed to warn and/or protect the Plaintiff from asbestos exposure.

### X.

Plaintiff files his claims against the Jones Act Asbestos Defendants for negligence and strict product liability under the laws of the State of Mississippi as defined above. In addition, Plaintiff files his claim against the Jones Act Asbestos Defendants for negligence as his Jones Act employer. Furthermore, Plaintiff's claims against the Jones Act Asbestos Defendants are also based on their providing, as owner multiple drilling rigs that are vessels, for which the Plaintiff was a crew member, unseaworthy vessels.

7

## XI.

Plaintiff's injuries complained of herein have been caused and/or contributed to by the Jones Act Asbestos Defendants as their Jones Act employers through their negligent conduct to him as an employee on vessels and also have been caused or contributed by breach of their duty as the owner of vessels for which the Plaintiff was a seaman and crew member for which the use of the unreasonably dangerous asbestos products caused said vessels to be unseaworthy.

## XII.

The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiff for which he now brings his claim against the Asbestos Defendants for negligence and strict liability under Mississippi Law and against the Jones Act Asbestos Defendants for negligence and strict liability under Mississippi Law and further for their claims against the Jones Act Asbestos Defendants under the Jones Act.

## XIII.

Plaintiff demands recovery of and from all of the Defendants herein for damages of:

1.      Past and future lost wages;

2.      Past and future medical expenses;

3.      Past and future pain, suffering and mental anguish;

4.      Loss of enjoyment of life;

5.      Punitive damages;

6.      Emotional distress; and

7.      Fear of cancer.

## XIV.

The Plaintiff claims all of his rights to his selection of pursuing his claim in the State

Courts of Mississippi as provided to him through the Savings to Suitors clause of the United States Laws.

### XV.

Plaintiff herein makes no claim under Federal law other than claims subject to the Savings for Suitors Clause.

### JURY DEMAND
### XVI.

Plaintiff demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment of, from and against these Defendants, both jointly and severally, in a sum and amount to exceed $75,000 exclusive of costs and interest. In addition, Plaintiff demands punitive damages, attorneys' fees and all costs of Court herein accruing.

Respectfully submitted,
PLAINTIFF

By: _Allen R. Vaught_
      Allen R. Vaught

ALLEN R. VAUGHT (MSB#101695)
Franklin, Cardwell & Jones, P.C.
1700 Pacific Ave., Suite 1610
Dallas, Texas 75201
Telephone: 214/999-1324
Facsimile: 214/999-1326

9

S. ROBERT HAMMOND, JR. (MSB #3004)
Ramsay & Hammond, P.L.L.C.
106 Madison Plaza
Post Office Box 16567
Hattiesburg, MS 39402-6567
(601) 264-4499 – telephone
(601) 264-5588 – facsimile

### CERTIFICATE OF SERVICE

I, Allen R. Vaught, do hereby certify that I have this day mailed a true and correct copy of the

above and foregoing to all counsel of record electronically via e-mail.

THIS, the _____14th_____ day of March, A.D., 2006.

_____
ALLEN R. VAUGHT

10

Case 4:06-cv-00046-TSL-JMR   Document 2   Filed 04/06/2006   Page 1 of 1

**JS 44** (Rev. 11/04)

## CIVIL COVER SHEET

4:06cv046 TSL-JMR

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Archie Lord, Sr.

**DEFENDANTS**
Phillips 66 Company, et al.

**(b)** County of Residence of First Listed Plaintiff   Jasper
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
APR - 6 2006
J. T. NOBLIN, CLERK
BY _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Allen R. Vaught
Franklin, Cardwell & Jones

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 370 Other Fraud | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
43 U.S.C.A. § 1349
Brief description of cause:
Plaintiff alleges exposure to asbestos

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  4/5/06

SIGNATURE OF ATTORNEY OF RECORD  99885

**FOR OFFICE USE ONLY**

RECEIPT # XV2017  AMOUNT 250.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# EXHIBIT I



Business ID: 207259
Date Filed: 05/04/2004 09:44 AM
Eric Clark
Secretary of State

# State of Mississippi
# Secretary of State
# 2004 Corporate Annual Report

SECRETARY OF STATE
ANNUAL REPORT
PAID

FOR

**Corporate Id:  00207259**

[X]  ← If there are no changes, mark an "X" here, date and sign at the bottom of the page.

**Registered Agent and office:**
ROBERT M STONE JR
1991 HWY 184
PO BOX 454
LAUREL MS 39440

**Corporate Name & Principal Address:**
OILFIELD SERVICE & SUPPLY COMPANY,
1991 HWY 184
PO BOX 454
LAUREL MS 39440

**\*\*Required if incorporated before 2002**
*Enter all changes in the box below:*

*Complete form F0010 to make changes to the agent or address.  Complete F0012 to make changes to the corporate name.  Obtain forms at www.sos.state.ms.us*

State of Incorporation:  MS  09/15/1980
Federal Id:  64-0642772
Telephone:

| Current Principal Officers / Addresses | Director |
|---|---|
| President:  ROBERT M STONE | [x] |
| Vice Pres:  ROBERT M STONE | [x] |
| Secretary:  ROBERT M STONE JR | [x] |
| Treasurer: | [ ] |

**\*\*Corporate Principal Address**
_____
_____
_____

**New Officers / Addresses**    \*\*Mark if a Director
| \*\* President: _____ | [ ] |
|---|---|
| \*\* Vice President: _____ | [ ] |
| \*\* Secretary: _____ | [ ] |
| \*\* Treasurer: _____ | [ ] |

*Directors in addition to those listed above are to be listed on additional pages if necessary*

**\*\*Stock Shares Authorized, Issued & Outstanding**

| Class | Series | Authorized | Issued |
|---|---|---|---|
| | | 6000 | 3740 |

**\*\* Stock Shares Authorized, Issued & Outstanding:**

| Class | Series | Authorized | \*\*Issued |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**SIC Code/Nature of Business**

5084          INDUSTRIAL MACHINERY AND EQUIP

**\*\*NAICS Code/Nature of Business**
_____
_____
_____

This report has been examined by me and to the best of my knowledge and belief, is true, correct, complete and current as of this _3_ day of _May_, 20 _04_.

*Robert M. Stone, Jr.*
Printed Name
*Secretary*
Title

*Robert M. Stone Jr*
Signature

Make Check for $25.00, payable to SECRETARY OF STATE.
Mail completed form with payments to SECRETARY OF STATE, PO Box 23083, JACKSON, MS  39225-3083
For assistance contact a customer service representative at (800) 256-3494. Visit our website at www.sos.state.ms.us for forms.