**MDL 875■**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION NOV 2 2006

IN RE ASBESTOS PRODUCTS LIABILITY
LITIGATION:

DOCKET NO. 875
FILED
CLERK'S OFFICE

This Document pertains to:

Eswin Dean vs. 3M Company, et. al., (N.D. Miss. C.A., No:4:06CV142GHD)

---

### CONSOLIDATED MOTION AND BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER AND STAY FURTHER CONSIDERATION OF TRANSFER PENDING RESOLUTION OF A MOTION FOR REMAND

---

Comes now, the Plaintiff, Eswin Dean v. 3M Company, et al., N.D. Miss. C.A. 4:06CV142, by and through counsel, and respectfully requests that the Conditional Transfer Order (CTO-269) be vacated in this case, and stay further consideration of transfer pending resolution of a Motion to Remand, and is support thereof would respectfully show unto the Panel the following:

#### FACTS AND RELEVANT PROCEDURAL HISTORY

1.      The above styled action arises out of injuries sustained during the occupational exposure of the plaintiff to respirable asbestos and silica dust. Plaintiff asserts causes of action arising from his exposure to asbestos and silica. This is a product liability, personal injury lawsuit. Plaintiff was injured when he was unnecessarily exposed to asbestos and silica related products and materials. Defendants are the designers, manufacturers, marketers and distributors of various asbestos and silica related products, materials, and respirator equipment. The products in question were defective and unreasonably dangerous as alleged in the Plaintiff's Complaint. Defendants, although aware of the deadly hazard posed by the products they designed, manufactured, marketed, sold, and distributed, knowingly failed to warn Plaintiff or others of the hazards associated with the respective products. Plaintiff brings causes of action based upon

PLEADING NO. 4905

OFFICIAL FILE COPY

IMAGED NOV - 3 2006

product liability, defective marketing, design defect, defective manufacture, negligence, breach of express and implied warranties, and fraudulent concealment, among others.

2.     The above referenced case was originally filed in the Circuit Court of Washington County, Mississippi on May 19, 2006. Certain Defendants filed their Notice of Removal on August 25, 2006. The Removing Defendants allege that there is complete diversity of citizenship among all properly joined parties despite the fact that the Plaintiff and three defendants are residents of Mississippi.

3.     Plaintiffs filed their Motion to Remand on September 25, 2006. The Removing Defendants' arguments are without merit, and this cause should be remanded to the Circuit Court of Washington County, Mississippi.

4.     Briefing relating to the Motion to Remand is complete. Furthermore, Plaintiffs have filed for Expedited Ruling. Nothing further is required from any party relating to Plaintiffs' Motion for Remand other than a ruling by the Court.

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND STAY ANY FURTHER CONSIDERATION OF TRANSFER PENDING RESOLUTION OF MOTION FOR REMAND

5.     A Conditional Transfer Order was entered by the Clerk of the Panel on October 20, 2006. Plaintiff submitted his Notice of Opposition to the transfer of the above referenced action on October 24, 2006.

6.     Plaintiff respectfully requests the Conditional Transfer Order (CTO-269) be vacated and further consideration of transfer stayed for the following reasons:

        a.     The Plaintiffs are confident in their position that the transferor court lacks jurisdiction over the above referenced action. The allegations set forth in the Complaint adequately set forth allegations under state law which establishes a possibility of recovery

against non-diverse defendants. Furthermore, the underlying facts both support the possibility of recovery against the resident Defendants, and also establish that the Defendants' removal in August of 2006 was defective. Although the Plaintiffs are aware that the Judicial Panel is capable of deciding remand issues, all issues relating to remand have been presented and are properly before the transferor Court for determination at this time.

b.      The interest of judicial economy requires the Judicial Panel stay any transfer of the above referenced action pending the transferor Court's ruling on the Plaintiff's Motion to Remand. As the Judicial Panel has recognized, a request for transfer does not remove the transferor Court's authority to conduct proceedings and rule upon motions for remand. As the time for all briefing has lapsed, and all briefing is complete, it would be a waste of judicial resources to transfer this action at this time without allowing the transferor Court to complete its consideration of the remand issue before it. Should the transferor Court rule in favor of remand, the complex and prolonged use of judicial resources and attorney involvement related to a transfer to the Multidistrict Litigation will be avoided.

c.      There is no prejudice in staying the decision to transfer this action to Multidistrict Litigation. Allowing the transferor Court to rule upon a remand issue will avoid the need for consideration of the same issue by the Judicial Panel, and may avoid further federal proceedings altogether in the transferor Court rules in favor of the remand.

<u>Defendants request for transfer is for the improper motive of delaying the proper remand of this action to state court</u>

7.      The Defendants in the above-referenced action improperly removed this case to Federal Court on the basis of fraudulent joinder. The Plaintiffs further question the Defendants' motivation for removal and request for transfer to this Court. *See In re Highway Accident Near Rockville, Connecticut, on December 30, 1972*, 388 F.Supp. 574, 575-76 (JPML 1975)

(discussing a parties improper use of the transfer statute to avoid suspected problems with personal jurisdiction). Without re-arguing the propriety of Defendants' removal in this Motion, the Plaintiff is confident in his contentions that the allegations of his complaint and the facts underlying his claims are sufficient to establish the possibility of recovery against the resident Defendants. It is a well accepted principal that the removing party bears an extremely heavy burden in proving fraudulent joinder, and must prove fraudulent joinder by clear and convincing evidence. *Miller v. Rheem Manufacturing Co., Inc.*, 1996 W.L. 408090 *1, *1 (N.D. Miss. 1996) (citing *Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir. 1993)). Furthermore, all conflicts of fact and law must be resolved in favor of the non-removing party. *Jernigan v. Ashland Oil*, 989 F.2d 812, 815-16 (5th Circ. 1993). It is not necessary that the Plaintiff show he would ultimately recover at trial to demonstrate a resident Defendant is properly joined as a party. *See Peters v. Metropolitan Life Insurance Co.*, 164 F. Supp. 2d 830, 833-34 (S.D. Miss. 2001). As the Defendants are claiming there are no underlying facts to support their claims against the resident Defendants, the Defendants are required to demonstrate by clear and convincing evidence that there are absolutely no underlying facts which support the possibility of recovery against the non-diverse Defendant.

8.      Without discussing all of the evidence in support of remand, the most relevant evidence to the Plaintiffs' argument in favor of remand is that the Removing Defendants' Notice of Removal is defective. Well-established Fifth Circuit precedent mandates that defendants removing an action from state court on the basis of diversity jurisdiction must get timely written consent from all served defendants in order for the removal to be considered. In this cause, the Removing Defendants mislead this Court in their Notice of Removal because they wholly failed

to get timely written consent from all served defendants, despite making contrary representations to this Court.

9.     Second, the Removing Defendants base their assertion of diversity jurisdiction solely on allegations that all three Mississippi Defendants have been fraudulently joined and/or misjoined and that their citizenship should be ignored for diversity purposes.  The Removing Defendants allegations are false and should be disregarded by this Court. Indeed, the Removing Defendants have no case law or statutory authority from Mississippi to support their assertions that Plaintiffs claims against the Mississippi Defendants are foreclosed. As such, the complete diversity requirement for federal diversity jurisdiction is not met and this case is not removable under 28 U.S.C. § 1441.

10.     For these reasons, and others set out in Plaintiff's brief to the transferor court, the Plaintiff is confident the Defendants' removal is defective. This Court has recognized occasions where parties have attempted to use a transfer to Multidistrict Litigation to manipulate jurisdiction, and Plaintiff believes Defendants' immediate request for transfer in this present case should be denied as an improper attempt to manipulate the system by delaying the remand of this action to state court.

### Vacating the Conditional Transfer Order and staying further consideration of transfer is in the interest of judicial economy

11.     A Motion for Remand was filed and the time for briefing has passed. Furthermore, the Plaintiff has requested an expedited ruling on the Plaintiff's Motion for Remand.  A true and correct copy of Plaintiffs' Motion to Remand and for Expedited Ruling is attached as Exhibit "A."  For this reason, the value of judicial economy, convenience, and fairness to the parties and the transferor Court in seeing the consideration of the remand issue concluded must be considered. *See City of Chicago v. International College of Surgeons*, 522

U.S. 156, 173, 118 S. Ct.523, 534, 139 L.Ed. 2d 525 (1997) (citations omitted).  Transferring this consolidated action at this time would result in wasted effort by both the attorneys and the District Court in reviewing, briefing and evaluating the threshold matter of jurisdiction.    A transfer of these actions at this time would result in a waste of judicial economy and efficiency through the repetition of efforts expended by the transferor Court as the issue of jurisdiction will ultimately have to be reviewed by the Multidistrict Litigation Panel if not decided at this time. *See In re Molinaro/Catanzaro Patent Litigation*, 402 F.Supp. 1404, 1405-06 (JPML 1975) (holding transfer to multi district litigation is for the purpose of promoting efficient conduct of litigation and to serve the convenience of the parties); *see also In re Multi district Private Civil Treble Damage Litigation Involving Library Editions of Children's Books*, 299 F.Supp. 1139, 1142-43 (JPML 1969) (holding the panel must make an affirmative determination whether transfer would be for the convenience of the parties and promote the just and efficient conduct of the action prior to transfer). In contrast, allowing the transferor Court to rule upon the remand issue is in the interest of judicial economy and fairness as the remand of this action would terminate all federal proceedings including multidistrict consideration. Should Plaintiff's Motion for Remand be denied, the transfer of these actions to Multidistrict Litigation could proceed, if deemed appropriate, without having to expend resources to address the threshold matter of jurisdiction.

<u>There is no prejudice to any party by vacating the Conditional Transfer Order and staying further consideration of transfer pending the resolution of the remand issue by the transferor court</u>

13.    Each party has expended time and effort in addressing the remand issue before the transferor Court. The transferor Court is familiar with the factual allegations and legal assertions of each party in support of, and in opposition to, federal jurisdiction.  As all briefing has been completed, there is no further action that needs to be taken by any party other than to await the

transferor Court's ruling on the existence of federal jurisdiction. Therefore, vacating the Conditional Transfer Order and staying the transfer of these cases will not result in any additional effort from any party until after a ruling on the remand issue is rendered. The transferor Court is fully capable of ruling on the issue of jurisdiction, and the parties are not prejudiced by having the transferor Court rule prior to any further action by either the transferor Court or the Multidistrict Litigation Panel.

## CONCLUSION

14.    A transfer or the above reference action at this time would be contrary to the interest of judicial economy as there is presently a question of whether removal of these actions to Federal Court was proper. A Motion for Remand is presently pending before the transferor Court. Although the Plaintiff acknowledges that the Judicial Panel has stated it has the ability to address remand issues, the parties have fully briefed the remand issue before the transferor Court, and the issue is ripe for determination at this time. There is no prejudice in vacating the conditional transfer order and staying any further consideration of transfer as further federal proceedings before the transferor Court or in Multidistrict Litigation will be avoided should the transferor Court determine federal jurisdiction does not exist. Conditional Transfer Order (CTO-269) should be vacated, and the Judicial Panel on Multidistrict Litigation should withhold any additional consideration of transfer until after the transferor Court has completed its ongoing review of the threshold question of jurisdiction.

Respectfully submitted this the 24th day of October, 2006,

ESWIN DEAN

BY:

ALICE W. COLEMAN MSB#10785
ATTORNEY FOR THE PLAINTIFFS

Page 7

ALICE W. COLEMAN
BRENT COON & ASSOCIATES
188 East Capitol St. Ste 1375
Jackson, MS 39201
(601) 714-5126
(601) 714-5129-fax

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 0 2 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

    I, Alice W. Coleman, do hereby certify that a copy of the foregoing has been served upon the parties identified on CTO-269 briefing schedule attached hereto, and all parties in the above-referenced action on the attached service list by depositing a copy thereof in the U.S. Mail, first-class postage prepaid and properly addressed.

    SO CERTIFIED, this the 24th day of October, 2006.

ALICE W. COLEMAN

ALICE W. COLEMAN
BRENT COON & ASSOCIATES
188 East Capitol St. Ste 1375
Jackson, MS 39201
(601) 714-5126
(601) 714-5129-fax

RECEIVED
CLERK'S OFFICE
2006 OCT 31 A 9: 53
JUDICIAL PANEL ON
MULTIDISTRICT

INVOLVED COUNSEL LIST (CTO-269)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson
& Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Cyrus C. Barger, III
Jude & Jude, PLLC
P.O. Box 17468
Hattiesburg, MS 39404-7468

Michael T. Bartley
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Juan P. Bauta, II
Bauta & Associates, PA
6915 Red Road
Suite 206
Coral Cables, FL 33143

Karen R. Bennett
Germer Gertz, LLP
550 Fannin Street
Suite 700
Beaumont, TX 77701-4915

Barbara K. Berrett
Berrett & Associates
Ken Garff Bldg.
405 South Main Street
Suite 1050
Salt Lake City, UT 84111

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Joel M. Bondurant, Jr.
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Scot A. Boyd
Christensen & Jensen
50 South Main Street
Suite 1500
Salt Lake City, UT 84144

Kamie F. Brown
Snell & Wilmer, LLP
15 W South Temple Ste 1200
Gateway Tower West
Salt Lake City, UT 84101

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Patricia W. Christensen
Parr, Waddoups, Brown, Gee &
Loveless
185 South State Street
13th Floor
P.O. Box 11019
Salt Lake City, UT 84147

John M. Christian
Perkins Coie, LLP
131 South Dearborn
Suite 1700
Chicago, IL 60603-5559

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Michael Jason Clayton
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Lawrence M. Coco III
Carroll Bufkin & Coco, PLLC
1671 Lelia Drive
Jackson, MS 39216

Alice W. Coleman
Brent Coon & Associates
188 East Capitol Street
Suite 1375
Jackson, MS 39201

Richard M. Crump
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Steven T. Densley
Strong & Hanni
9 Exchange Place
6th Floor
Salt Lake City, UT 84111

INVOLVED COUNSEL LIST (CTO-269) - MDL-875

Andrea L. Edney
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

C. Michael Evert, Jr.
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Dennis C. Ferguson
Williams & Hunt
257 East 200 South
Suite 500
P.O. Box 45678
Salt Lake City, UT 84145-5678

Matthew J. Fischer
Schiff Hardin, LLP
6600 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6473

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Tracy H. Fowler
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Richard K. Glauser
Smith & Glauser, PC
7351 South Union Park Ave.
Suite 200
Midvale, UT 84047

Brenda Godfrey
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Cheri D. Green
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Stephen T. Grossmark
Tressler, Soderstrom, Maloney
& Priess
233 South Wacker Drive
22nd Floor
Chicago, IL 60606-6308

Samuel D. Habeeb
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

Jonathan L. Hawkins
Morgan, Minnock, Rice
& James
136 S. Main
Suite 800
Salt Lake City, UT 84101

Bradley A. Hays
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box .1970
Jackson, MS 39215-1970

Mark F. James
Hatch, James & Dodge
10 West Broadway
Suite 400
Salt Lake City, UT 84101

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

Edward P. Kenney
Sidley Austin LLP
One South Deaborn Street
Chicago, IL 60603

Claire Williams Ketner
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Dan E. LaBelle
Halloran & Sage
315 Post Road, West
Wesport, CT 06880

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

INVOLVED COUNSEL LIST (CTO-269) - MDL-875

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Dan R. Larsen
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Richard Eric Leff
McGivney & Kluger, P.C.
80 Broad Street
23rd Floor
New York, NY 10004

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Matthew S. Lott
Dogan & Wilkinson
734 Delmas Avenue
Pascagoula, MS 39565

Genevieve MacSteel
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Michael Magee
Pietragallo, Bosick & Gordon
One Oxford Centre
38th Floor
Pittsburgh, PA 15219

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

John C. McCants
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Moffatt Grier McDonald
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602

Robert O. Meriwether
Nelson, Mullins, Riley
& Scarborough, LLP
P.O. Box 11070
Columbia, SC 29211-0013

Melinda A. Morgan
Richards, Brandt, Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

J. Kevin Murphy
Kipp & Christian
10 Exchange Place
Fourth Floor
Salt Lake City, UT 84111-2314

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

Alison E. O'Neal
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Melissa M. Olson
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Donald C. Partridge
Forman, Perry, Watkins, Krutz & Tardy
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Stewart O. Peay
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Carl E. Pierce, II
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Steven J. Pugh
Richarson, Plowden, Carpenter
& Robinson, PA
P.O. Drawer 7788
Columbia, SC 29202

Mary Margaret Ratliff
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

Kenneth Leigh Reich
Snow Christensen & Martineau
10 Exchange Pl
Po Bx 45000
Salt Lake City, UT 84145-5000

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

INVOLVED COUNSEL LIST (CTO-269) - MDL-875

Gregory S. Roberts
Ray Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT 84145-0385

Ross I. Romero
Jones, Waldo, Holbrook
& McDonough
170 South Main Street
Suite 1500
P.O. Box 45444
Salt Lake City, UT 84145

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Robert H. Sands
Burroughs, Hepler, Broom,
MacDonald, et al.
Two Mark Twain Plaza, Suite 300
103 West Vandalia Street
P.O. Box 510
Edwardsville, IL 62025-0510

Ryan J. Schriever
J. Joyce & Associates
P.O. Box 329
Sandy, UT 84091-0329

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Cristin E. Sheehan
Morrison Mahoney
One Constitution Plaza
10th Floor
Hartford, CT 06103-1810

T. Mark Sledge
Grenfell, Sledge & Stevens
1659 Lelia Drive
P.O. Box 16570
Jackson, MS 39216-6570

Bonnie B. Smith
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Frances Spinthorakis
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Adam Michael Stefancic
Best, Vanderlaan & Harrington
25 East Washington
Suite 210
Chicago, IL 60602

William B. Stewart
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich
& McDermott, PLLC
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Katherine E. Venti
Parsons, Behle & Latimer
201 S Main St Ste 1800
Po Box 45898
Salt Lake City, UT 84145

Rose Marie Wade
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Michael Waller
Kirkpatrick Lockhart Nicholson
& Graham, LLP
One Newark Center
10th Floor
Newark, NJ 07102

Kirk G. Warner
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

Alton L. Watts
Shell Buford, PLLC
P.O. Box 157
Jackson, MS 39205-0157

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
Biloxi, MS 39533-0289

INVOLVED COUNSEL LIST (CTO-269) - MDL-875

Natalie Whiteman
Alston & Bird, LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424

Mark J. Williams
Jones, Waldo, Holbrook
 & McDonough
170 South Main Street
Suite 1500
P.O. Box 45444
Salt Lake City, UT 84101

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

Sarah B. Windham
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

SERVICE LIST - ESWIN DEAN

| ATTORNEY | FIRM NAME | ADDRESS | CITY, STATE, ZIP | PARTY REPRESENTED |
|---|---|---|---|---|
| LAVERNE EDNEY | BRUNINI, GRANTHAM, GROWER & HEWES | POST OFFICE DRAWER 119 | JACKSON, MS  39205 | A.W. CHESTERTON COMPANY |
| CHRISTOPHER BAUER | AULTMAN, TYNER & RUFFIN, LTD. | POST OFFICE BOX 750 | HATTIESBURG, MS  39403-0750 | ANCHOR PACKING; COLTEC; GARLOCK |
| FRANCES L. SPINELLI | EVERT WEATHERSBY HOUFF | 3405 PIEDMONT ROAD, SUITE 200 | ATLANTA, GA  30305 | CBS CORPORATION F/K/A VIACOM, INC. |
| ROBERT WILKINSON | DOGAN & WILKINSON | POST OFFICE BOX 1618 | PASCAGOULA, MS  39568-1618 | CRANE COMPANY; CRANE COMPANY/CRANE VALVE GROUP; CRANE COMPANY/HYDRO-AIRE DIVISION; CRANE COMPANY LEAR ROME DIVISION |
| LISA R. HARRIS | FORMAN, PERRY, WATKINS, KRUTZ & TARDY | POST OFFICE BOX 22608 | JACKSON, MS  39225-2608 | CUSTOM AGGREGATES & GRINDING, INC. |
| LAWRENCE M. COCO | CARROLL, BUFKIN, FULCHER & COCO, PLLC | 1700 LELIA DRIVE | JACKSON, MS  39216 | DAIMLER CHRYSLER CORPORATION |
| JOSEPH BALADI | WATKINS & EAGER | POST OFFICE BOX 650 | JACKSON, MS  39205-0650 | FORD MOTOR COMPANY; GENERAL MOTORS COMPANY |
| MARCY CROFT | FORMAN, PERRY, WATKINS, KRUTZ & TARDY | POST OFFICE BOX 22608 | JACKSON, MS  39225-2608 | GENERAL ELECTRIC; INGERSOLL RAND; GE PLASTICS GLOBAL TECHNOLOGY LIMITED PARTNERSHIP; GE POLYMERLAND, INC.; CARBORUNDUM; SOUTHERN SILICA OF LOUISIANA |
| JONATHAN HILBUN | MONTGOMERY BARNETT | 1100 POYDRAS STREET, SUITE 3200 | NEW ORLEANS, LA  70163-3200 | GOULDS PUMPS |
| BARRY C. CAMPBELL | BAKER DONELSON | POST OFFICE BOX 14167 | JACKSON, MS  39236 | INTERNATIONAL TRUCK AND ENGINE CORPORATION |
| KIMBERLY MANGUM | BARFIELD & ASSOCIATES | POST OFFICE BOX 3979 | JACKSON, MS  39207-3979 | LONE STAR INDUSTRIES |
| CHRISTOPHER BAUER | AULTMAN, TYNER & RUFFIN, LTD. | POST OFFICE BOX 750 | HATTIESBURG, MS  39403-0750 | MACK TRUCKS, INC. |
| KARL R. STEINBERGER | WILLIAMS, HEIDELBERG, STEINBERG & MCELHANEY | POST OFFICE BOX 1407 | PASCAGOULA, MS  39568-1407 | MISSISSIPPI RUBBER & SPECIALTY COMPANY |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

ESWIN DEAN                                                                    PLAINTIFF

VS.                                                  CIVIL ACTION NO. 4:06CV142D-B

3M, ET AL.                                                                   DEFENDANTS

## PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR EXPEDITED CONSIDERATION, COSTS AND SANCTIONS

COMES NOW, the plaintiff in the above-styled cause and moves this Honorable Court for an order remanding this matter back to the Circuit Court of Washington County, Mississippi, and would show in support the following:

1.      Plaintiff filed his Complaint in this matter on May 19, 2006, and thereafter, service of process was issued to all Defendants.  Service of process was perfected against the majority of the defendants on August 2, 2006.

2.      On August 25, 2006, Ford Motor Company and General Motors Corporation (herein after referred to as the "Removing Defendant") filed their Notice of Removal alleging that this Court has original subject matter jurisdiction over this action based on the complete diversity of citizenship of the parties despite the fact that the Plaintiff is a resident of Mississippi and there are three Defendants who are also residents of Mississippi.

3.      The Removing Defendants failed to get consent from the other Defendants within the proscribed 30 day time period from when the action became removable.

4.      In addition to failing to obtain the required consent of the other Defendants, federal diversity jurisdiction does not exist.  It is well settled that federal diversity jurisdiction is present only when all parties on one side are of citizenship



Page 1

diverse to that of all parties on the other side.  In the present case there are three named defendants who are resident citizens of Mississippi, Mississippi Rubber & Specialty Company, Pearl River Sand & Gravel Company and Custom Aggregates & Grinding.

5.    On September 1, 2006, Defendant DaimlerChrysler Motors Company, LLC ("Chrysler") joined and filed an additional ground for removal based upon the federal office removal statute.  Defendants have wholly failed to show that they can substantiate a claim of federal officer removal. Chrysler has not demonstrated that it acted under the direction of a federal officer, has failed to raise a colorable federal defense to Plaintiffs' claims, and has failed to demonstrate a causal nexus exists between Plaintiffs' claims and the acts the defendants performed under color of federal office

6.    Plaintiffs' request expedited consideration of this motion pursuant to Local Rules 7.2(G) and (H) and a hearing, if necessary, in order to quickly resolve these jurisdictional issues that turn on Mississippi State law.

7.    Further, plaintiffs in this action request that this Court award the plaintiffs their costs in having this matter heard and further award whatever sanctions the Court may deem necessary to deter this behavior in the future.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court remand this cause to the Circuit Court of Washington County, Mississippi, and for such other relief, general and special, legal and equitable, to which Plaintiffs have shown themselves justly entitled.

This the _25_ day of September 2006.

Respectfully submitted,

BRENT COON & ASSOCIATES
ATTORNEYS FOR THE PLAINTIFF,
ESWIN DEAN


ALICE W. COLEMAN, MSB #10785


OF COUNSEL:

Brent Coon & Associates
188 E. Capitol Street, Suite 1375
Jackson, MS  39201
Phone:  (601) 714-5126
Fax: (601) 714-5129

## CERTIFICATE OF SERVICE

I, Alice W. Coleman, attorney for Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing by United States mail, postage prepaid, to all known counsel of record.

This the _25_ day of _September_ 2006.


ALICE W. COLEMAN