**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV – 3 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## OF MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCT
LITIGATION

MDL DOCKET No. 875

This Opposition Relates to:

from the:

JOSEPH NEWSOM
    PLAINTIFF

UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION

VERSUS

CIVIL ACTION NO. 4:06-cv-45
                    1:06-cv-661

PHILLIPS 66 COMPANY, ET. AL.
    DEFENDANTS

### RESPONSE IN OPPOSITION BY DEFENDANT, POOL OFFSHORE COMPANY, TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-268)

TO THE HONORABLE MULTIDISTRICT PANEL:

    COMES NOW, through undersigned counsel, Defendant, Pool Offshore d/b/a Pool Company, (hereinafter "Pool Offshore"), who hereby opposes "Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-268) and Brief in Support Thereof," ("Motion to Vacate"), filed herein on behalf of Plaintiff, Joseph Newsom.

    As more fully set forth in the memorandum filed herewith, Pool Offshore submits that Plaintiff's Motion to Vacate should be denied for the following reasons:

    1) Defendant supports the Conditional Transfer Order and denies an order to vacate should be issued.

    2) United States District Courts possess original jurisdiction of cases and controversies arising under or out of or in connection with activities occurring on the Outer Continental Shelf,

OFFICIAL FILE COPY

IMAGED NOV – 6 2006

which are involved herein.  Pool Offshore's Removal maintains merit and was filed timely.  All named Defendants in this matter have consented to removal, despite that such consent was not required in this case.  Pool Offshore has not waived the right to removal in this matter.  Further, these matters are "tag along" actions, which are factually similar to other matters pending before this Honorable Court, as more properly set forth in Pool Offshore's Brief in Support.

3) The involuntary nature of severance is irrelevant to the susceptibility of a matter to removal.

4) Plaintiff's Original Complaint and amendments thereto, together with the status information provided in connection with the same are devoid of allegations, information and/or evidence which would entitle him to Jones Act recovery against Pool Offshore.

5) Lack of diversity is irrelevant to removal accomplished on the basis of federal question jurisdiction.

6) Pool Offshore's removal of the instant civil action, which action was created by virtue of the transfer and severance orders set forth in the Special Master's Report and Recommendations was timely.

Accordingly, Defendant, Pool Offshore d/b/a Pool Company, requests that its opposition to the Plaintiff's Motion to Vacate be sustained and the Plaintiff's Motion to Vacate be denied.

Respectfully submitted this 2nd day of November, 2006.

POOL  OFFSHORE D/B/A POOL COMPANY

BY: DORIS T. BOBADILLA (MS Bar No. 99869)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 3 2006

FILED
CLERK'S OFFICE

GALLOWAY, JOHNSON, TOMPKINS,
 BURR & SMITH
One Shell Square – 40th Floor
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

OF COUNSEL:

RICHARD O. BURSON (Ms. Bar No. 7580)
Ferris Burson Entrekin & Follis, PLLC
Post Office Drawer 1289
Laurel, MS  39441
Phone:  601-649-5399
Fax:      601-649-5799

## CERTIFICATE OF SERVICE

On the 2nd day of November, 2006, a true and correct copy of the above and foregoing instrument was duly served upon all parties via their counsel of record by depositing same in the U.S. mail, proper postage prepaid (or via electronic means) addressed to all parties on the involved counsel list attached hereto.

DORIS T. BORADILLA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL
OF MULTIDISTRICT LITIGATION**

NOV - 3 2006

FILED
CLERK'S OFFICE

**IN RE ASBESTOS PRODUCT
LITIGATION**

**MDL DOCKET No. 875**

This Opposition Relates to:

from the:

**JOSEPH NEWSOM
PLAINTIFF**

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

**VERSUS**

**CIVIL ACTION NO. 4:06-cv-45
1:06-cv-661**

**PHILLIPS 66 COMPANY, ET. AL.
    DEFENDANTS**

### BRIEF IN SUPPORT OF DEFENDANT, POOL OFFSHORE'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-268)

COMES NOW, through undersigned counsel, Defendant, Pool Offshore d/b/a Pool Company, (hereinafter "Pool Offshore" or "Pool"), who hereby opposes "Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-268) and Brief in Support Thereof" as the same is without merit for the following reasons:

1) United States District Courts possess original jurisdiction of cases and controversies arising under or out of or in connection with activities occurring on the Outer Continental Shelf;

2) All named Defendants in this matter have consented to removal, despite that such consent was not required in this case;

3) Pool Offshore has not waived the right to removal in this matter;

4) The involuntary nature of severance is irrelevant to the susceptibility of a matter to removal;

5) Plaintiff's Original Complaint and amendments thereto, together with the status information provided in connection with the same are devoid of allegations,

information and/or evidence which would entitle him to Jones Act recovery against Pool Offshore;

6) Lack of diversity is irrelevant to removal accomplished on the basis of federal question jurisdiction; and

7) Pool Offshore timely removed the instant civil action.

In support of the foregoing, Defendant, Pool Offshore, respectfully represents the following:

**FACTS**

I.      **Background.**

   A.      **The Original Action**

The claims of Plaintiff, Joseph Newsome ("Plaintiff"), were initially commenced via the civil action styled as *Ralph Quinton Aucoin, et al., v. Phillips 66 Company, et al.,* Case No. 2004-82-CV5, filed in the Circuit Court of Jones County, Mississippi.  In said action, Plaintiff, together with a number of other plaintiffs, sought to recover damages against various named defendant, including Pool Offshore, on account of alleged exposure to drilling mud containing several enumerated asbestos products and derivatives. [1]  In response to the action, Pool Offshore filed a motion seeking to have Plaintiffs' Complaint dismissed for failure to comply with the prerequisites of pleading pursuant to Rules 8 and 9 of the Mississippi Rules of Civil Procedure or, in the alternative, seeking an order compelling the Plaintiffs to provide a more definitive statement of their claims, as required by Rule 12(e) of the Mississippi Rules of Civil Procedure.[2]

---

[1] See Plaintiffs' Original Complaint attached to Plaintiff's Brief in Support of Motion to Vacate as Exhibit "A."

[2] See Pool Offshore's Motion to Dismiss or in the Alternative for more Definite Statement, for Stay of Discovery, for Relief Pursuant to *Harold's Auto Parts, Inc. v. Mangialardi*, and for Other Relief, attached to Plaintiff's Brief in Support of Motion to Vacate as Exhibit "B.'

**B.      Special Master – Fact sheets, severance and transfer.**

Ruling on Pool Offshore's motion (as well as like motions filed on behalf of other defendants), the court-appointed Special Master ordered all Plaintiffs to produce fact sheets that contained information sufficient to comply with the Mississippi rules of pleading detailing their individual employment histories and their respectively alleged periods of exposure to asbestos products.[3]   Further, based on findings of improper joinder, the Special Master further ordered that the claims of all plaintiffs in the action be severed and transferred to proceed separately in venues determined proper for the same.[4]

**C.      Jasper County action and subsequent removal.**

Pursuant to the Special Master's severance and transfer order, Plaintiff filed a "First Amended Complaint," ("Amended Complaint") in the Circuit Court of Jasper County, Mississippi.[5]   The allegations of which, with respect to Pool Offshore, were identical to those set forth in the Original Complaint.   The allegations in question identify Pool Offshore as Plaintiff's Jones Act employer pursuant to 46 U.S.C. §688, and contend that:   1.) Pool Offshore used asbestos in its drilling operations, structures and equipment; 2.) such structures and equipment qualify as vessels; 3.) Plaintiff was a "seaman and crewmember" of these "vessels," 3.) the use of asbestos rendered said "vessels" unseaworthy; and 4.) the use of asbestos constituted negligence on the part of Pool Offshore, which alleged negligence caused Plaintiff's injuries.   In

---

[3] See Order appointing Special Master, attached to Plaintiff's Brief in Support of Motion to Vacate as Exhibit "C" and Special Master's Report and Recommendations, attached thereto as Exhibit "D."

[4] See Special Master's Report and Recommendations, attached to Plaintiff's Brief in Support of Motion to Vacate as Exhibit "D."

[5] See Plaintiff's First Amended Complaint and filing transmittal correspondence, attached to Plaintiff's Brief in Support of Motion to Vacate as Exhibit "H."

connection with the Plaintiff's claims against Pool Offshore, Plaintiff's fact sheets state only that Plaintiff worked for Pool Offshore from 1982 to 1987 as a derrickhand in the Gulf of Mexico.[6]

It is undisputed that, at the time of Plaintiff's alleged employment with Pool Offshore, Pool Offshore was in the business of exploration, development and production of minerals on the subsoil and seabed of the Outer Continental Shelf in the Gulf of Mexico. Moreover, despite Plaintiff's allegations of entitlement to seaman status, the records of Pool Offshore concerning Plaintiff, Newsome's employment reflect that while Plaintiff was assigned to work on both platforms and inland barges, he spent less than 30% of his time working aboard barges or any other watercraft practically capable of maritime transportation that would qualify as a vessel within the intendment of the Jones Act or maritime law.[7] As explained in detail herein, based on the foregoing facts Plaintiff's claims against Pool Offshore are governed by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, et seq. Accordingly, on April 5, 2006 Pool Offshore removed the Plaintiff's claims against it in the Smith County action, invoking the federal question jurisdiction of this Honorable Court.

## LAW AND ARGUMENT

### I.   Oilfield Asbestos Cases are entitled to hearing before the Judicial Panel of Multidistrict Litigation.

In its Motion to Vacate, Plaintiff objects to being thrown amongst an assortment of unrelated asbestos cases simply because the petition filed in the case contains the word "asbestos." However, plaintiff's cause is properly before the Judicial Panel on Multidistrict Litigation as there are multiple cases with similar factual circumstances now pending before this

---

[6] See Plaintiff's fact sheet attached to Plaintiff's Brief in Support of Motion to Vacate as Exhibit "D."

[7] See Affidavit of Laura Doerre, attached as Exhibit "A," hereto. See also *Stewart v. Dutra Construction Company,* 543 U.S. 481 (2005).

panel. These claims were transferred to the Judicial panel on Multidistrict Litigation pursuant to

28 U.S.C. § 1407 which provides: "when civil actions involving one or more common questions

of fact are pending in different districts, such actions may be transferred to any district for

coordinated pretrial proceedings." These transfers are utilized for the convenience of the parties

and witnesses and promote the just and efficient conduct of the action.[8]   Plaintiff's cause is

before this Honorable Panel along with numerous factually similar cases from multiple districts.[9]

Thus, it is irrelevant whether Plaintiff's cause is a "traditional" asbestos case or not. This matter

is properly before this panel for coordinated pretrial proceedings because the specific cases under

Docket No.875 involve common questions of fact.

**II.       The Current Action is properly before this court as a "Tag-Along Action."**

Rule 1.1 of the Rules of Procedure of the Judicial Panel for Multidistrict Litigation

defines a "tag-along action" as "a civil action pending in a district court and involving common

questions of facts with actions previously transferred under Section 1407."[10]   "Any person

opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the

fifteen-day period."[11]   "Within fifteen days of the filing of its notice of opposition, the party

opposing transfer shall file a motion to vacate the conditional transfer order and brief in support

thereof."[12]   Failure to file and serve such motion and brief is deemed a withdrawal of the

opposition, and the Clerk of the Judicial Panel on Multidistrict Litigation will transmit the

conditional transfer order to the clerk of the transferee court.[13]

---

[8] See 28 U.S.C. § 1407.

[9] See Conditional Transfer Order (CTO-268) and Schedule CTO-268 attached hereto as Exhibit "B."
[10] Judicial Panel on Multidistrict Litigation, Rule 1.1, 28 U.S.C.A. foll. § 1407
[11] Judicial Panel on Multidistrict Litigation, Rule 7.4 (c), 28 U.S.C.A. foll. § 1407
[12] Judicial Panel on Multidistrict Litigation, Rule 7.4 (d), 28 U.S.C.A. foll. § 1407
[13] Id.

The current action was transferred from the United States District Court for the Southern District of Mississippi as a "tag-along action" in accordance with Rule 7.4 of the Rules of Procedure of the Judicial Panel for Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001).[14] This case was transferred with numerous other cases from various federal jurisdictions which all involve common questions of fact.

This case is a "tag-along action" to the following cases which are now pending before this Panel in accordance with Conditional Transfer Order 264[15]: "*Johnny W. Faust v. Phillips 66 Company, Individually and d/b/a Drilling Specialties Company; et al*" Civil Action No. 1:06-cv-381; and "*Dale F. Polk v. Phillips 66 Company, Individually and d/b/a Drilling Specialties Company; et al*" Civil Action No. 1:06-cv-382.   No notice of opposition, as provided in Rule 7.4, was ever filed in these pending actions.  These cases are factually similar to the present case and contain common issues of fact and law.  Plaintiff, by now asserting his motion to vacate in the present action, is attempting to usurp the courts jurisdiction over this case as a "tag-along action."  Plaintiff, cannot not be allowed to assert this motion as no such objection was filed previously in these pending factually similar cases.  Thus, as a tag along action, the present action is properly before this court and Plaintiff's motion to vacate should be denied.

### III.   Federal Question Jurisdiction.

It is duly noted that, as a general rule, Jones Act cases are not subject to removal.[16] Nevertheless, as a threshold issue, in order to qualify as a seaman entitled to Jones Act the purported seaman must have a "connection to a vessel in navigation . . that is substantial in terms

---

[14] See Conditional Transfer Order (CTO-268) and Schedule CTO-268 attached hereto as Exhibit "I."
[15] See Conditional Transfer Order (CTO-264) and Schedule CTO-264 attached hereto as Exhibit "J."

[16] See *Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995).

of both its duration and its nature."[17]  As a general rule, "substantial duration," in this regard is demonstrated with a showing that the purported seaman spent 30% or more of his time in service of the vessel or group of vessels in question.[18]  The records of Pool Offshore reflect that Plaintiff spent less than 30% of his time working in the service of any barges or other vessels. Accordingly, Plaintiff's claims against Pool Offshore in this regard would involve neither the application of general maritime law nor the Jones Act. [19]

The Outer Continental Shelf Lands Act ("OCSLA") establishes federal question jurisdiction and control of the resources located on the Outer Continental Shelf, which jurisdiction and control extends over the "subsoil and seabed," as well as the "artificial islands" or fixed structures constructed thereon.[20]  The jurisdictional grant in this regard is broad and states:

> [T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf...[21]

With respect to "artificial islands," OSCLA is deemed applicable to such "artificial island, installation or other device," if

> (a) it is permanently or temporarily attached to the seabed of the Outer Continental Shelf ("OCS"), and
> (b) it has been erected on the seabed of the OCS, and

---

[17] See Chandris v. Latsis, 515 U.S. 347 (1995).

[18] See Becker v. Tidewater, Inc., 01-31420 (5th Cir. 2003), 335 F.3d 376, 388-389.  See also Voight v. R.L.Eldridge Construction, Inc., 2006 WL 318818 (E.D. Tex. 2006), 422 F. Supp.2d 742; and Gross v. PPM Contractors, Inc., 2005 WL 2036188 (E.D. La. 2005).

[19] See Ledet v. Shell Oil Company, 98-2195 (E.D. La. 1998), 1998 WL 754554, *3.

[20] See 43 U.S.C. § 1333(a)(1).

[21] See 43 U.S.C. § 1349(b)(1).  See also Tennessee Gas Pipeline v. Houston Casualty Insurance Company, 95-30739 (5th Cir. 1996), 87 F.3d 150, 154.

    (c) its presence on the OCS is to explore for, develop, or produce resources from
        the OCS; or

    (a) it is permanently or temporarily attached to the seabed of the OCS; and

    (b) it is not a ship or a vessel; and

    (c) it presence on the OCS it to transport resources from the OCS.[22]

As previously noted herein, at the time of Plaintiff's employment, Pool Offshore's offshore operations involved the exploration, development and production of oil and gas in the Gulf of Mexico. Given that Plaintiff was allegedly injured while working in connection with Pool Offshore's operations in this regard and given that such injury did not occur on any vessel, any claims of Plaintiff against Pool Offshore are governed by the OCSLA.

State law is potentially applicable to claims under the OSCLA, but only in those instances where the state law in question does not conflict with the OSCLA. [23] However, with respect to the disability of any employee "resulting from any injury occurring as the result of operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing, or transporting by pipeline the natural resources . . . compensation shall be payable under the provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). As the OSCLA incorporates the LHWCA employer/employee relationships and as the relationship between Pool Offshore and Plaintiff at issue herein is that of employer and employee, state law will not apply as surrogate law in this case and any concurrent jurisdiction argument to the contrary is untenable.

## IV.    Defendants' Consent to Removal.

On Wednesday, April 5, 2006, the undersigned counsel forwarded correspondence via email to all defendants in this matter advising of the intention to remove the case on behalf of

---

[22] See *Demette v. Falcon Drilling Company, Inc.*, 00-3065 (5th Cir. 2002), 280 F.3d 492, 497.

[23] See 43 U.S.C. § 1333(a)(2).

Pool Offshore.[24]   The correspondence in question requested advices from any defendants who did not consent to the proposed removal.  No objections were received.  There is no requirement that all defendants sign the removal notice or formally join in a removal. [25] A "sufficient" showing of consent in removal is all that is required.[26]

In addition, under the circumstances of the instant case, it is respectfully submitted that formal consent or joinder in the removal of Pool Offshore's co-defendants in this matter was unnecessary.  Where there is no claim of diversity as basis for removal and removal is not available for one or more of the defendants, joinder in removal by a defendant unable to seek his own removal is not required.[27]

In this regard, it is relevant to note that Pool Offshore's co-defendants in the state court action were and are not entitled to seek removal on the basis of diversity of citizenship as such diversity does not exist.  Plaintiff is a resident of the State of Mississippi and has alleged a claim against Oilfield Service & Supply Company, Inc.—a Mississippi corporation with its principal place of business in Mississippi.  Based on the current posture of this case, Plaintiff has an independent and separate federal maritime claim against Pool Offshore by virtue of the OCSLA, a claim that is subject to removal.  As based on current information the remaining defendants have no federal question issue on which to base a removal and diversity of citizenship is not present, consent and joinder in the removal by these defendants is not required.

---

[24] See Email dated April 5, 2006, attached hereto as Exhibit "C."

[25] See National Union Fire Insurance Co. v. American Home Ins. Group, 876 F.2d 1157, 1159, Note 3 (5th Cir. 1989).

[26] See 28 U.S.C. § 1446.

[27] See Jetstar Inc. v. Monarch Sales & Service Co., 652 F. Supp. 310, 311 (D.Nev. 1987).

## V.     Pool Offshore did not waive its rights to seek removal.

To waive the right to removal by taking an action in state court, "the waiver must be clear and indicate a specific, positive intent to proceed in state court."[28] If an action is taken to maintain the status quo, then the right to seek removal has not been waived.[29] However, should a party seek a resolution of the case the merits, then that party may well have waived its right to removal.  The filing of a motion to dismiss for failure to state a claim does not constitute waiver.[30]  The filing of an answer and motion to dismiss has been deemed as action to merely "preserve the status quo."[31]

On or about January 10, 2005, Pool Offshore filed a *Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to Harold's Auto Parts, Inc. v. Manglialardi, and for Other Relief.*  As previously explained, Pool's efforts in this regard sought only to have Plaintiffs' claims dismissed for failure to comply with the requisite Mississippi rules of pleading and, alternatively, sought an order compelling Plaintiffs to plead their claims with the specificity required by the applicable rules.  Pool Offshore took no further action with respect to the state proceedings and, accordingly, cannot be held to have "clearly incate[d] a specific and positive intent to litigate . . .[the plaintiffs' claims] on the merits as such is required to waive the right to seek removal.

---

[28] See Gore v. Stenson, 616 F. Supp. 895, 898 (S.D. Tex. 1984).

[29] See Jacko v. Thorn Americas, Inc., 121 F. Supp.2d 574, 576 (E.D. Tex. 2000).

[30] See Somano v. Ryder Systems, Inc., 985 F. Supp. 1476, 1478 (S.D. Fla. 1998).

[31] See Gore, 616 F. Supp. at 897-98; Labry v. IRS, 940 F. Supp. 148, 149 (E.D. La. 1996); Scholz v. RDV Sports, Inc., 821 F. Supp. 1469, 1471 (M.D. Fla. 1993).

**VI.** **The involuntary nature of a severance is irrelevant to the susceptibility of an action to removal.**

The Special Master in the original actions found that the Plaintiff's claims were improperly joined with the claims of other Plaintiffs, and the Plaintiff's claims were thereafter severed and transferred. In *Canadian National/Illinois Central R.R. Co. v. Smith,* the court found that when claims are severed, a separate removable claim is created, and plaintiffs not properly joined must, after severance, proceed with separate actions, and the procedural issue of removability turns of the facts as they exist after severance.[32] The case involved severance of improperly joined plaintiffs and specifically viability of removal following severance.

**VII.** **The Jones Act does not prevent removal in cases where there exists another basis for maritime jurisdiction or where seaman status has been fraudulently pled.**

The maritime "savings to suitors clause does not guarantee [plaintiff] a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction." [33] The OCLSA can provide the basis for federal jurisdiction.[34] While the courts recognize that as a general rule Jones Act cases are not removable, a fraudulently pleaded Jones Act claim will not bar removal.[35]  However, a motion to remand should be denied where there is no reasonable basis for predicting that the plaintiff might

---

[32] See *Canadian National/Illinois Central R.R. Co. v. Smith*, 2006 WL 416229 (Miss. 2006); *See also, Miller v. Fulton*, 113 F. Supp.2d 1035 (S.D. Miss. 2000).

[33] See *Morris v. T.E. Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003), *citing Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487 (5th Cir. 2002).

[34] Id.

[35] See *Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995).

establish liability under the Jones Act.[36]   Moreover, the Plaintiff's pleadings may be "pierced" to determine the lack of such "reasonable basis."[37]

As discussed previously herein, despite Plaintiff's allegations of seaman status, Plaintiff fails to meet the threshold prerequisite of possession a "connection to a vessel in navigation . . that is substantial in terms of both its duration and its nature."  The records of Pool Offshore reflect that Plaintiff spent less than 30% of his time in service of any jack-up rigs or other vessels.  Accordingly, it cannot be said that there exists a reasonable basis to predict that Plaintiff would be successful in establishing the liability of Pool Offshore under the Jones Act and/or general maritime law.

## VIII.   Diversity need not exist where removal is based on federal question.

Civil actions founded on a claim or right "arising under the Constitution, treaties or laws of the United States" are removable without regard to citizenship. [38]   While state and federal courts may be proper forums for maritime claims, in instances where Congress has explicitly reserved jurisdiction to the federal court, removal from state court on the basis of federal question jurisdiction is proper.[39]   As explained previously herein, Plaintiff's claims against Pool Offshore in this matter are governed by the OCSLA.  Therefore, federal question jurisdiction exists and removal of this matter does not require diversity.

---

[36] Id.

[37] See Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir. 1999).

[38] 28 U.S.C.A. §1441(b),

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[39] See Dahlen v. Gulf Crews, Inc., 281 F.3d 487 (5th Cir. 2002).

**IX.    Pool Offshore's removal was timely.**

Following severance of the Plaintiffs' claims in the original action, the procedural rights to removal were to be determined anew based on the facts as they existed after the severance.[40] Following severance of Plaintiff's claims from the original action, Plaintiff was assigned to proceed with his claims as a separate, independent action in the Circuit Court for Jasper County, Mississippi and thereafter filed a First Amended Complaint on March 8, 2006.[41]  While the undersigned received a copy of the First Amended Complaint, Pool Offshore has yet to be served by Plaintiff with a copy of the First Amended Complaint.  Nevertheless, on April 6, 2006, Pool Offshore filed the Notice of Removal in this matter.  Accordingly, Pool Offshore removed this action within the requisite thirty (30) days prescribed by 28 U.S.C. § 1441(e)(1)(a) and, as such, was timely in doing so.

## CONCLUSION

Based on the foregoing, the Clerk of this Panel's Conditional Transfer Order (CTO – 268) is warranted in this matter and this Honorable Court should maintain jurisdiction of this matter.

Respectfully submitted this 2nd day of November, 2006.

POOL OFFSHORE D/B/A POOL COMPANY

BY: DORIS T. BOBADILLA (MS Bar No. 99869)

---

[40] See *Canadian National/Illinois Central R.R. Co. v. Smith*, 2006 WL 416229 (Miss. 2006).

[41] See Plaintiff's Exhibit "H", attached to Plaintiff's Brief in Support of Motion to Vacate.

GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
One Shell Square – 40th Floor
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 3 2006

FILED
CLERK'S OFFICE

OF COUNSEL:
RICHARD O. BURSON (Ms. Bar No. 7580)
Ferris Burson Entrekin & Follis, PLLC
Post Office Drawer 1289
Laurel, MS  39441
Phone:  601-649-5399
Fax:     601-649-5799

## CERTIFICATE OF SERVICE

On the 2nd day of November, 2006, a true and correct copy of the above and foregoing instrument was duly served upon all parties via their counsel of record by depositing same in the U.S. mail, proper postage prepaid (or via electronic means) addressed to all parties on the involved counsel list attached hereto.

DORIS T. BOBADILLA

INVOLVED COUNSEL LIST (CTO-268)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Robert C. Alden
Byrd, Davis & Eisenberg, et al.
707 West 34th Street
Austin, TX 78705

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Steven A. Allen
Hodes, Ulman, Pessin & Katz
901 Dulaney Valley Road
Suite 400
Baltimore, MD 21204

John M. Anderson
Bassford Remele, PA
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402-3701

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson
& Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Michael T. Bartley
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Heidi A. Bean
Friedman, Gaythwaite, Wolf
& Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Joshua H. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

Paula H. Blazek
Germer Gertz, LLP
550 Fannin Street
Suite 700
Beaumont, TX 77701

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Joel M. Bondurant, Jr.
Haynsworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Brian C. Bossier
Blue Williams, LLP
3421 N. Causeway Boulevard
9th Floor
Metairie, LA 70002

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Margaret Twomey Brenner
Bracewell & Giuliani, LLP
Pennzoil Place - South Tower
Suite 2900
711 Louisiana Street
Houston, TX 77002-2781

Donald E. Britt, Jr.
Britt Law Firm
720 North Third Street
Suite 401
Wilmington, NC 28401

Richard O. Burson
Ferris, Burson & Entrekin, PLLC
P.O. Box 1289
Laurel, MS 39441-1289

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Daniel J. Caruso
Simon, Peragine, Smith & Redfearn
Energy Centre
30th Floor
1100 Poydras Street
New Orleans, LA 70163

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Louis G. Close, Jr.
Porter Hayden Company
711 West 40th Street
Suite 351
Baltimore, MD 21211

Keith E. Coltrain
Elmore & Wall, PA
P.O. Box 10937
Raleigh, NC 27605

John F. Conley, Sr.
Glasser & Glasser, P.L.C.
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Marcy B. Croft
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jessica B. DeGroote
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
P.O Box 22608
Jackson, MS 39225-2608

Rodney A. Dean
Dean & Gibson, L.L.P.
Cameron Brown Building
Suite 900
301 S. McDowell Street
Charlotte, NC 28204-2686

David R. Donadio
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

George C. Doub, Jr.
George C. Doub, PC
12 West Madison Street
Baltimore, MD 21201-5231

Helen K. Downs
Johnston, Barton, Proctor & Powell
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203-2618

Margaret A. Droppleman
Hawkins & Parnell, LLP
The Woodrum Building
602 Virginia Street
Suite 200
Charleston, WV 25301

Lawrence J. Duplass
Duplass, Witman & Zwain
Three Lakeway Center
Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002

Adam Arthur Edwards
Dunn, McDonald, Coleman &
Reynolds, PC
6204 Baum Drive
Knoxville, TN 37919

Jenelle R. Evans
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201-0306

Keith Eugene Farr
5400 Bosque Blvd.
Waco, TX 76710-4414

Richard L. Flax
Zauner & Flax, PA
100 North Charles Street, Suite 1700
Baltimore, MD 21201

Johan Daniel Flynn
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Shannon S. Frankel
Young, Moore & Henderson, P.A.
3101 Glenwood Avenue
Suite 200
Raleigh, NC 27612

Dawn E. Fulce
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Charles E. Gallagher, Jr.
DeCaro, Doran, Siciliano,
Gallagher, et.al.
4601 Forbes Blvd.
Suite 200
P.O. Box 40
Lanham, MD 20703

Dan J. Gendreau
Rider Bennett, LLP
33 South Sixth Street
Suite 4900
Minneapolis, MN 55402

Beth V. George
Wright & Associates
615 Congress Street
Suite 201
P.O. Box 4077
Portland, ME 04101

Walter T. Gilmer, Jr.
McDowell, Knight, Roedder
& Sledge, L.L.C.
P.O. Box 350
Mobile, AL 36601

Richard S. Glasser
Glasser & Glasser, P.L.C.
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

William M. Graham
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

William N. Graham
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Louis E. Grenzer, Jr.
Bodie, Nagle, Dolina, Smith
& Hobbs, PA
21 W. Susquehanna Avenue
Towson, MD 21204

Jon Haddow
Farrell, Rosenblatt & Russell
P.O. Box 738
Bangor, ME 04402

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

INVOLVED COUNSEL LIST (CTO-268) - MDL-875                                    Page 3 of 6

James A. Harris, III
Harris & Harris, LLP
Colonial Bank Building, Suite 450
2501 20th Place, South
Birmingham, AL 35223

Ollie M. Harton
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Bradley A. Hays
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Josephine H. Hicks
Parker, Poe, Adams & Bernstein
Three Wachovia Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Michael E. Hutchins
Kasowitz, Benson, Torres & Friedman
1360 Peachtree Street, N.E.
One Midtown Plaza, Suite 1150
Atlanta, GA 30309

Eric J. Jacobi
Clay, Kenealy, Wagner & Adams
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

G. Patrick Jacobs
Bickley & Jacobs
7020 MacCorkle Avenue, SE
Charleston, WV 25304

Clifton Wayne Jefferis
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

Lucy W. Jordan
Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

G. Patterson Keahey, Jr.
Law Offices of G. Patterson
Keahey, Jr., PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Timothy W. Knight
Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown, P.L.L.C.
P.O. Box 4848
Greensboro, NC 27404-4848

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Gary Allen Lee
Lee, Futrell & Perles, LLP
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170-4120

Robert R. Leight
Pietragallo, Bosick & Gordon
One Oxford Center
38th Floor
Pittsburgh, PA 15219

Michael S. Libowitz
Thomas & Libowitz
100 Light Street
Suite 1100
Baltimore, MD 21202

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Matthew S. Lott
Dogan & Wilkinson
734 Delmas Avenue
Pascagoula, MS 39565

John A. Lucas
Hunton & Williams
P.O. Box 951
Knoxville, TN 37901

INVOLVED COUNSEL LIST (CTO-268) - MDL-875

Neil J. MacDonald
Hartel Kane Desantis MacDonald
& Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Genevieve MacSteel
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

John Michael Mattingly
Steven Rizzo, PC
Lincoln Place, Suite 350
1620 S.W. Taylor Street
Portland, OR 97205

John C. McCants
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Damon G. McClain
Sedgwick, Detert, Moran & Arnold
One Market Plaza
Steuart Tower
8th Floor
San Francisco, CA 94105

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607

Edward Bailey McDonough, Jr.
Edward B. McDonough, Jr., P.C.
P.O. Box 1943
Mobile, AL 36633

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-0013

Byron N. Miller
Thompson, Miller & Simpson, PLC
600 West Main Street
Suite 500
Louisville, KY 40202

William T. Mills, II
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Willard J. Moody, Jr.
Moody, Strople, Kloeppel, et al.
500 Crawford Street
Commerce Bank Bldg., Suite 300
P.O. Box 1138
Portsmouth, VA 23705

J. Miles Morgan
Hendrickson & Long, PLLC
P.O. Box 11070
Charleston, WV 25339

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Randi Peresich Mueller
Page, Mannino, Peresich & McDermott
P.O. Box 16450
Jackson, MS 39236

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Jeremy W. North
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

Alison E. O'Neal
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Brandy Reshaun Owens
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Donald C. Partridge
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

James L. Pattillo
Norman, Wood, Kendrick & Turner
505 20th Street, North
Financial Center, Suite 1600
Birmingham, AL 35203

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Ashley J. Platt
Brown, Buchanan & Sessoms, PA
P.O. Box 1377
Biloxi, MS 39533-1377

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones
& Hawn
999 Westview Drive
Hastings, MN 55033-2495

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

R. Thomas Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Beth Ann Rauer
Robinson & McElwee
P.O. Box 1791
Charleston, WV 25326

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

F. Brady Rigdon
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790

Matthew Robinett
Norman, Wood, Kendrick & Turner
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL 35203

Jeffery L. Robinette
Robinette Legal Group, PLLC
475 Fairchance Road
Morgantown, WV 26508

Deborah L. Robinson
Robinson Woolson PA
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

Tom S. Roper
Carr Allison Pugh Howard Oliver
& Sisson, PC
100 Vestavia Parkway
Suite 200
Birmingham, AL 35216

Samuel M. Rosamond, III
Crawford Lewis, PLLC
400 Poydras Street
Suite 2100
New Orleans, LA 70130

Gerolyn Roussel
Roussel & Roussel
1710 Cannes Drive
Laplace, LA 70068

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Chadwick Lester Shook
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Robin Silver
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

John H. Skaggs
Calwell Practice
500 Randolph Street
P.O. Box 113
Charlestown, WV 25302

Amy M. Smith
Steptoe & Johnson
P.O. Box 2190
Clarksburg, WV 26302-2190

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John P. Sweeney
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich
& McDermott, PLLC
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Vasiliki P. Szczesny
Law Offices of Peter G. Angelos
4061 Powder Mill Road
Suite 315
Beltsville, MD 21201

Gregory M. Taube
Nelson Mullins Riley & Scarborough
999 Peachtree Street, N.E.
First Union Plaza, Suite 1400
Atlanta, GA 30309-3964

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Richard M. Thayer
Christian & Small, LLP
Financial Center, Suite 1800
505 North 20th Street
Birmingham, AL 35203-2696

Mark S. Thomas
Maupin, Taylor, PA
Highwoods Tower One
3200 Beechleaf Court, Suite 500
P.O. Drawer 19764
Raleigh, NC 27619-9764

Nathan Michael Thompson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Michael P. Thornton
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Patrick T. Tierney
Collins, Buckley, Sauntry & Haugh
West 1100 First National Bank
Building
332 Minnesota Street
St. Paul, MN 55101

Tracy E. Tomlin
Nelson, Mullins, Riley &
Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

Gerry H. Tostanoski
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

INVOLVED COUNSEL LIST (CTO-268) - MDL-875                    Page 6 of 6

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Allen R. Vaught
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

John D. Waller
Wooden & McLaughlin, LLP
One Indiana Square
Suite 1800
Indianapolis, IN 46204-2019

Margaret F. Ward
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Kirk G. Warner
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

William L. Waudby
Baker, Donelson, Bearman, Caldwell
& Berkowitz PC
420 North 20th Street
SouthTrust Tower, Suite 1600
Birmingham, AL 35203-5202

Michael C. Weber
LeBlanc & Waddell, LLC
6955 Perkins Road
Suite 100
Baton Rouge, LA 70808

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Allan R. Wheeler
Burr & Forman, LLP
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

Robert W. Wilkinson
Dogan & Wilkinson, PLLC
734 Del Mas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Asheville, NC 28802-7376

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA 70130

Shane C. Youtz
Youtz & Valdez, PC
900 Gold Avenue, SW
Albuquerque, NM 87102

# IN THE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

JOSEPH NEWSOME                                **PLAINTIFF**

VERSUS                     CIVIL ACTION NO. 4:06-cv-45

PHILLIPS 66 COMPANY, INDIVIDUALLY and       **DEFENDANTS**
d/b/a DRILLING SPECIALTIES COMPANY; ET AL

## AFFIDAVIT OF LAURA DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

      BEFORE ME, the undersigned authority, personally came and appeared:

### LAURA DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1. I am older than 18 years of age and fully competent to make this Affidavit. I do so based upon my personal knowledge and review of corporate records created and maintained in the course of regularly conducted business activity.

2. I currently serve as Assistant General Counsel of Nabors Corporate Services, Inc., a Delaware Corporation with its principal place of business in Texas, and have served and been employed as an attorney with Nabors Corporate Services, Inc. for the past nine (9) years.

3. Nabors Corporate Services, Inc., is an affiliated company of Pool Offshore d/b/a Pool Offshore Company ("Pool Offshore").

4. I have personally reviewed the records of Pool Offshore, which records reflect that Plaintiff, Joseph Newsome, was employed by Pool Offshore December 18, 1979 to April 27, 1987.

5. The records of Pool Offshore reflect that the offshore work to which Plaintiff, Joseph Newsome, was assigned during the above-mentioned periods of employment consisted of work aboard both vessels and/or barges, as well as fixed platform rigs.

-1-



EXHIBIT

A

6.  The records of Pool Offshore further reflect that the vessel/barge duties to which Newsome was assigned constituted less than 30% of his working time while employed with Pool Offshore.



LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS 19th day of May , 2006.

Tina Michelle Perry

NOTARY PUBLIC

TINA MICHELLE PERRY

(Print Name)

12470824-5

(Notary ID and/or Bar Number

October 8, 2007

(Commission Expires)

TINA MICHELLE PERRY
Notary Public, State of Texas
My Commission Expires
October 08, 2007

-2-

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

September 15, 2006

TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-268)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:**  **October 2, 2006**  **(4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Teresa Bishop
Deputy Clerk

Attachments

EXHIBIT
B

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 15 2006

*DOCKET NO. 875*

FILED
CLERK'S OFFICE

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

## *(SEE ATTACHED SCHEDULE)*

## *CONDITIONAL TRANSFER ORDER (CTO-268)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 81,426 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**SCHEDULE CTO-268 - TAG-ALONG ACTIONS**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA NORTHERN** | |
| ALN 2  06-1016 | Julia Alford, et al. v. A.O. Smith Electrical Products Co., et al. |
| **CALIFORNIA NORTHERN** | |
| CAN 3  06-3287 | Joseph Kotarsky v. General Electric Co. |
| CAN 3  06-3288 | Carol Ann Winnett, et al. v. General Electric Co. |
| CAN 3  06-3724 | Kerry O'Brien, et al. v. General Electric Co., et al. |
| **INDIANA SOUTHERN** | |
| INS 1  06-831 | Kathleen Duchene v. C.E. Thurston & Sons, Inc., et al. |
| **KENTUCKY WESTERN** | |
| KYW 1  06-97 | Kenneth W. Bunch, Jr., etc. v. Cytec Fiberite, Inc. |
| **LOUISIANA EASTERN** | |
| LAE 2  06-3738 | Byron Granier, et al. v. Northrop Grumman Ship Systems, Inc., et al. |
| **MARYLAND** | |
| MD 1  06-1950 | Joseph A. Reed, et al. v. Owens-Corning Fiberglas Corp., et al. |
| **MAINE** | |
| ME 1  06-85 | Theodore B. Cote, et al. v. Metropolitan Life Insurance Co., et al. |
| **MINNESOTA** | |
| MN 0  06-2049 | Douglas H. McKillop, etc. v. Garlock Sealing Technologies, LLC, et al. |
| **MISSISSIPPI NORTHERN** | |
| MSN 1  06-211 | Willie B. Johnson v. John Crane, Inc., et al. |
| **MISSISSIPPI SOUTHERN** | |
| MSS 1  06-660 | Archie Lord v. Phillips 66 Co., et al. |
| MSS 1  06-661 | Joseph Newsome v. Phillips 66 Co., et al. |
| MSS 1  06-662 | Cleophus Smith v. Phillips 66 Co., et al. |
| MSS 1  06-668 | Larry Sparkman v. Sears, Roebuck & Co., et al. |
| MSS 1  06-686 | Herbert Lee Heyward v. Exxon Mobil Corp., et al. |
| MSS 1  06-687 | Oliver Walker, et al. v. Chicago Bridge & Iron Co., et al. |
| MSS 1  06-690 | Larry Gene Rhear, et al. v. Shell Oil Co., et al. |
| MSS 1  06-701 | Sammy Joe Bozeman v. Parker-Hannifin Corp., et al. |
| MSS 1  06-708 | Clyde Brumfield, Jr. v. Plastics Engineering Co., et al. |
| MSS 1  06-709 | Elwin Jackson Springs v. Ametek, Inc., et al. |
| MSS 1  06-717 | Robert J. Cupstid, Jr. v. Shell Oil Co., et al. |
| **NORTH CAROLINA EASTERN** | |
| NCE 2  06-15 | Cecil Clarence Craft, Jr., et al. v. A.W. Chesterton Co., et al. |
| NCE 2  06-18 | John Michael Nardi, et al. v. Aqua-Chem, Inc., et al. |
| NCE 4  06-119 | Helene A. Johnson, etc. v. Anchor Packing Co., et al. |
| NCE 4  06-127 | Gary W. Randolph, et al. v. Anchor Packing Co., et al. |

SCHEDULE CTO-268 - TAG-ALONG ACTIONS - MDL-875                    Page 3 of 3

<u>DIST. DIV. C.A. #</u>                          <u>CASE CAPTION</u>

VIRGINIA EASTERN
  VAE 2  06-8983                    Norman E. Craft v. American Standard, Inc., et al.
  VAE 2  06-8984                    Harry D. Powers v. American Standard, Inc., et al.
  VAE 2  06-8985                    E.L. Wilson v. American Standard, Inc., et al.

WEST VIRGINIA NORTHERN
  WVN 1  06-95                      Robert H. Choff, et al. v. Crown Beverage Packaging, Inc., et al.

INVOLVED COUNSEL LIST (CTO-268)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Robert C. Alden
Byrd, Davis & Eisenberg, et al.
707 West 34th Street
Austin, TX 78705

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Steven A. Allen
Hodes, Ulman, Pessin & Katz
901 Dulaney Valley Road
Suite 400
Baltimore, MD 21204

John M. Anderson
Bassford Remele, PA
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402-3701

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson
 & Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Michael T. Bartley
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Heidi A. Bean
Friedman, Gaythwaite, Wolf
& Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Joshua H. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

Paula H. Blazek
Germer Gertz, LLP
550 Fannin Street
Suite 700
Beaumont, TX 77701

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Joel M. Bondurant, Jr.
Haynsworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Brian C. Bossier
Blue Williams, LLP
3421 N. Causeway Boulevard
9th Floor
Metairie, LA 70002

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Margaret Twomey Brenner
Bracewell & Giuliani, LLP
Pennzoil Place - South Tower
Suite 2900
711 Louisiana Street
Houston, TX 77002-2781

Donald E. Britt, Jr.
Britt Law Firm
720 North Third Street
Suite 401
Wilmington, NC 28401

Richard O. Burson
Ferris, Burson & Entrekin, PLLC
P.O. Box 1289
Laurel, MS 39441-1289

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Daniel J. Caruso
Simon, Peragine, Smith & Redfearn
Energy Centre
30th Floor
1100 Poydras Street
New Orleans, LA 70163

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Louis G. Close, Jr.
Porter Hayden Company
711 West 40th Street
Suite 351
Baltimore, MD 21211

Keith E. Coltrain
Elmore & Wall, PA
P.O. Box 10937
Raleigh, NC 27605

John F. Conley, Sr.
Glasser & Glasser, P.L.C.
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Marcy B. Croft
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

INVOLVED COUNSEL LIST (CTO-268) - MDL-875                                      Page 3 of 6

James A. Harris, III
Harris & Harris, LLP
Colonial Bank Building, Suite 450
2501 20th Place, South
Birmingham, AL 35223

Ollie M. Harton
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Bradley A. Hays
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Josephine H. Hicks
Parker, Poe, Adams & Bernstein
Three Wachovia Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Michael E. Hutchins
Kasowitz, Benson, Torres & Friedman
1360 Peachtree Street, N.E.
One Midtown Plaza, Suite 1150
Atlanta, GA 30309

Eric J. Jacobi
Clay, Kenealy, Wagner & Adams
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

G. Patrick Jacobs
Bickley & Jacobs
7020 MacCorkle Avenue, SE
Charleston, WV 25304

Clifton Wayne Jefferis
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

Lucy W. Jordan
Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

G. Patterson Keahey, Jr.
Law Offices of G. Patterson
Keahey, Jr., PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Timothy W. Knight
Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown, P.L.L.C.
P.O. Box 4848
Greensboro, NC 27404-4848

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Gary Allen Lee
Lee, Futrell & Perles, LLP
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170-4120

Robert R. Leight
Pietragallo, Bosick & Gordon
One Oxford Center
38th Floor
Pittsburgh, PA 15219

Michael S. Libowitz
Thomas & Libowitz
100 Light Street
Suite 1100
Baltimore, MD 21202

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Matthew S. Lott
Dogan & Wilkinson
734 Delmas Avenue
Pascagoula, MS 39565

John A. Lucas
Hunton & Williams
P.O. Box 951
Knoxville, TN 37901

INVOLVED COUNSEL LIST (CTO-268) - MDL-875                                    Page 5 of 6

Jeffery L. Robinette
Robinette Legal Group, PLLC
475 Fairchance Road
Morgantown, WV 26508

Deborah L. Robinson
Robinson Woolson PA
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

Tom S. Roper
Carr Allison Pugh Howard Oliver
& Sisson, PC
100 Vestavia Parkway
Suite 200
Birmingham, AL 35216

Samuel M. Rosamond, III
Crawford Lewis, PLLC
400 Poydras Street
Suite 2100
New Orleans, LA 70130

Gerolyn Roussel
Roussel & Roussel
1710 Cannes Drive
Laplace, LA 70068

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Chadwick Lester Shook
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Robin Silver
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

John H. Skaggs
Calwell Practice
500 Randolph Street
P.O. Box 113
Charlestown, WV 25302

Amy M. Smith
Steptoe & Johnson
P.O. Box 2190
Clarksburg, WV 26302-2190

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John P. Sweeney
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich
& McDermott, PLLC
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Vasiliki P. Szczesny
Law Offices of Peter G. Angelos
4061 Powder Mill Road
Suite 315
Beltsville, MD 21201

Gregory M. Taube
Nelson Mullins Riley & Scarborough
999 Peachtree Street, N.E.
First Union Plaza, Suite 1400
Atlanta, GA 30309-3964

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Richard M. Thayer
Christian & Small, LLP
Financial Center, Suite 1800
505 North 20th Street
Birmingham, AL 35203-2696

Mark S. Thomas
Maupin, Taylor, PA
Highwoods Tower One
3200 Beechleaf Court, Suite 500
P.O. Drawer 19764
Raleigh, NC 27619-9764

Nathan Michael Thompson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Michael P. Thornton
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Patrick T. Tierney
Collins, Buckley, Sauntry & Haugh
West 1100 First National Bank
Building
332 Minnesota Street
St. Paul, MN 55101

Tracy E. Tomlin
Nelson, Mullins, Riley &
Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

Gerry H. Tostanoski
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

## RULE 5.2:     SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

# Jason F. Giles

| | |
|---|---|
| **From:** | Jason F. Giles |
| **Sent:** | Wednesday, April 05, 2006 2:36 PM |
| **To:** | Jaime Dole; Adam Draney; Bradley Clanton; Brett Robinson; C. Michael Ellingburg; csalazar@abbott-simses.com; C.Green; cgatlin@brunini.com; Christopher Massenburg; dguillot@abbott-simses.com; Daphne Lancaster; Dawn E. Fulce; donna@cs-law.com; GLocklear; J. Blallock; Jason Bone; Jason Fulgham; Jeff Trotter; Jeffrey Hubbard; Jennifer Studebaker; jdegroote@fpwk.com; John E. Wade, Jr.; John Holloman; John Scialdone; Joseph A. O'Connell; Kathryn V. Kemp; M. Marks; Marcy Croft; Michael E. Whitehead; Michael Watts; Page Kruger Asbestos; Paul J. Delcambre, Jr.; R. Mark Alexander; Ricky Luke; Rob Dodson; Robert C. Galloway; Robert V. Greenlee; Ronald Peresich; S. Beth Windham; Scarlet Porter; SMcCharen; Stefan G. Bourn; Tommy Smith; Thomas Tyner; Timothy W. Lindsay; ahays@megagate.com |
| **Cc:** | Doris Bobadilla; Rick Burson |
| **Subject:** | Removal of Franklin Cardwell & JonesAmended Complaints |

All:

We plan to remove the following Franklin, Cardwell and Jones cases on behalf of Pool Offshore, beginning tomorrow April 6, 2006:
Daniel Livingston;
Joseph Newsome;
Brandon Polk;
Dale Polk;
Archie Lord, Sr.;
Cleophus Smith;
Johnny Faust.

If any of these cases have already been removed, or if any defendants will not consent to removal, please let us know by 12:00 tomorrow.

Thank you.

**Jason Giles**
**Associate**
**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH**
**One Shell Square, 40th Floor**
**New Orleans, Louisiana 70139**
**Phone: (504) 525-6802**
**Fax:  (504) 525-2456**
**Email: dbobadilla@gjtbs.com**

## Other Offices

| | | | |
|---|---|---|---|
| 4021 Ambassador Caffery Building A, Suite 175 Lafayette,Louisiana 70503 Tele: (337) 735-1760 Fax: (337) 993-0933 | Suite 301 - #3 Sanctuary Blvd Mandeville, Louisiana 70471 Tele: (985) 674-6780 Fax: (985) 674-6681 | 3555 Timmons Lane Suite 1225 Houston, Texas 77027 Tele: (713) 599-0700 Fax: (713) 599-0777 | 1101 Gulf Breeze Parkway Suite 2 Gulf Breeze, Florida 32561 Tele: (850) 934-3800 Fax: (850) 934-3848 |



EXHIBIT

C

CONFIDENTIAL
ATTORNEY - CLIENT PRIVILEGED
DO NOT FORWARD WITHOUT PERMISSION.

Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.


## CONFIDENTIALITY NOTICE

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney - client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error, and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you received this e-mail in error, please immediately notify Doris Bobadilla at Galloway, Johnson, Tompkins, Burr & Smith by return e-mail or at telephone number (504) 525-6802. You will be reimbursed for reasonable costs incurred in notifying us.