**MDL 875█**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 1 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  **ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**CONDITIONAL TRANSFER ORDER (CTO-269)  DOCKET NO. 875**

---

**This Document Pertains to:**

**Joseph Alexander Anderson, Jr., et al. v. Ford Motor Co., et al.**
**Pending:  Federal District Court, District of Utah, Central Division**
**Civil Action No.: 06-cv-741**

**Removed from the Third District Court of Salt Lake County, Utah to the United States District Court, District of Utah, Central Division, and subsequently conditionally transferred to the United States Panel of Multidistrict Litigation**

---

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendants Ford Motor Company and General Motors Corporation ("Defendants"), through counsel, submit this memorandum in opposition to plaintiffs' motion to vacate conditional transfer order ("CTO") 269, which was filed on or about November 16th, 2006.

Plaintiffs ask the Panel to vacate CTO 269 as it pertains to the <u>Anderson</u> action transferred from the United States District Court, District of Utah, Central Division.  Defendants oppose plaintiffs' motion, and ask the panel to deny the motion because it contradicts well-settled Panel precedent and is premised on a fundamental misunderstanding of the co-equal competence of federal courts.

First, plaintiffs acknowledge that this case falls within the category of cases that should be transferred to MDL-875.  See Plaintiffs' Brief at p. 1 (stating that plaintiff seek damages as compensation for "exposure to asbestos and asbestos-containing products.").  Plaintiffs nonetheless argue that the case should not be transferred until the transferor court addresses plaintiffs' pending motion to remand.  The Panel, however, has consistently rejected plaintiffs'

**OFFICIAL FILE COPY**

**IMAGED DEC - 4 2006**

argument that transfer is improper because of a pending motion to remand.  In fact, in its initial

opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters

as the pendency of motions or other matters before the transferor court" do not present a basis

"for carving out exceptions to transfer in this extraordinary docket."  In re Asbestos Prods. Liab.

Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order) at 1-2, citing In re Asbestos

Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991).  The Panel has repeatedly reaffirmed

this position,[1] and has explicitly held that the pendency of a motion for remand to state court is

not a proper basis for denial of transfer.  See, e.g. In re Asbestos Prods. Liab. Litig. (VI), MDL

No. 875 (J.P.M.L., April 12, 2006) at 1, n.1 (stating that although plaintiff has "argued that

transfer should be denied or deferred in order to permit the resolution of a motion to remand this

action to state court.  There is no need to delay transfer in order to accommodate such an

interest").[2]

     Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal

federal courts.  The transferee court, the United States District Court for the Eastern District of

Pennsylvania, is just as competent as the transferor court to decide expeditiously whether

removal from the state court was proper.  In keeping with Panel precedent, plaintiffs should avail

themselves of Panel Rule 7.6 (remand by transferee court) rather than seeking relief here through

their motion to vacate CTO 269.

     Notwithstanding the fact that transfer of this case is appropriate and in accordance with

well-established Panel precedent, the case was properly removed to federal court in the first

place.  Defendants properly removed the case from state court on the basis of federal enclave

jurisdiction.  See Defendants Memorandum in Opposition to Plaintiff's Motion to Remand,

---

[1] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 12, 2006) (Transfer Order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 16, 2005) (Transfer Order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 6, 2004) (Transfer Order), at 1-2.

[2] The transferor court has sufficient time to rule on a motion to remand prior to final transfer, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer.  In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L., April 12, 2006) at 1, n.1.

attached as **Exhibit A**. Federal enclave jurisdiction exists in this case because the events that form the basis of the claims occurred on federal enclaves. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998). Plaintiffs' argument against removal is based on a fundamental misunderstanding of federal enclave jurisdiction. Removal does not only depend, as plaintiffs assert, on the pleading of federal claims. Rather, removal is proper if the events that caused plaintiffs' injuries occurred on a federal enclave. Ashland Chem., 156 F.3d at 1034 (affirming removal of toxic tort case based on fact that personal injury action had arisen from events occurring on a federal enclave); Reed v. Fina Oil & Chem. Co., 955 F. Supp. 705 (E.D. Tex. 1998) (finding that removal was properly based on federal enclave jurisdiction when plaintiff was exposed to chemicals both inside and outside of a federal enclave and could not separate the effects of the different exposures). Here, plaintiffs have alleged that their injury occurred as a result of exposure to asbestos on federal enclaves. Ex. A, at p. 5-7. Consequently, their cause of action arises under federal jurisdiction and removal was proper.

Furthermore, plaintiffs' assertion that they disclaimed all causes of action invoking federal jurisdiction is unavailing as plaintiffs' attempted disclaimer was ineffective. Plaintiffs as "master of their complaint," have an obligation to set forth the facts and legal elements giving rise to their cause of action. See Fed. R. Civ. Proc. 8(a). Here, plaintiffs claim that the boilerplate disclaimer language in their Master Complaint has waived all grounds of federal court jurisdiction, regardless of the allegations or causes of action in their Summary Complaint. Plaintiff's brief at p. 3-4. However, plaintiffs' Summary Complaint, filed three years after the Master Complaint, says nothing about waiver of federal claims, and, significantly, plaintiffs' Summary Complaint is the only complaint specific to these plaintiffs. This is not a case where these particular plaintiffs chose to file a specific waiver of federal claims. Instead, plaintiffs' counsel has attempted to frustrate removal and avoid federal jurisdiction in each and every case filed in state court, regardless of the particular circumstances involved. Allowing plaintiffs to allege a specific federal enclave cause of action in their Summary Complaint while at the same time generally disclaiming any federal cause of action in their Master Complaint eviscerates

Rule 8(a), as a defendant would never have fair notice of the claims alleged against it from the face of the complaint. Accordingly, removal in this case was proper because plaintiffs' general "disclaimer" fails to meet the requirements of Rule 8(a) and fails to waive the injury causes of action that create federal enclave jurisdiction. Therefore, notwithstanding the clear Panel precedent that establishes that the conditional transfer is appropriate even in the face of a pending motion to remand, the removal was proper and plaintiffs are unlikely to succeed on their motion to remand.

Finally, this case will benefit from the coordinated and consolidated pretrial proceedings that are ongoing in MDL-875. The coordinated proceedings "avoid duplication of effort" and ensure that available resources "fairly compensate all deserving claimants." 771 F. Supp. at 421-422. For exactly these reasons, the Panel has historically refused to make any exception to the requirement that "all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos" be transferred to MDL-875. In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. April 12, 2006) at 1. These plaintiffs have provided no reason for the Panel to depart from these long-settled principles here. Accordingly, the Panel should deny plaintiffs motion to vacate CTO 269.

DATED this 30th day of November, 2006.

SNELL & WILMER L.L.P.

Dan R. Larsen
Karthik Nadesan
Attorneys for Ford Motor Company and
General Motors Corporation

Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
801-257-1900
Facsimile: 801-257-1800
dlarsen@swlaw.com
knadesan@swlaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 1 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  **ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
        **CONDITIONAL TRANSFER ORDER (CTO-269)  DOCKET NO. 875**

---

**This Document Pertains to:**

**Joseph Alexander Anderson, Jr., et al. v. Ford Motor Co., et al.**
**Pending:  Federal District Court, District of Utah, Central Division**
**Civil Action No.: 06-cv-741**

**Removed from the Third District Court of Salt Lake County, Utah to the United States
District Court, District of Utah, Central Division, and subsequently conditionally
transferred to the United States Panel of Multidistrict Litigation**

---

### PROOF OF SERVICE

    Defendants Ford Motor Company and General Motors Corporation, through counsel,

submit this Proof of Service and certify that copies of the following were served on all identified

parties on this 30th day of November, 2006, by U.S. Mail, first-class postage prepaid:

1.    This Proof of Service;

2.    Memorandum in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order;

3.    Notice of Appearance for Ford Motor Company;

4.    Notice of Appearance for General Motors Corporation;

5.    Defendant Ford Motor Company's Corporate Disclosure Statement;

6.    Defendant General Motors Corporation's Corporate Disclosure Statement; and

7.    Notice of Filing With the United States of America Judicial Panel on Multidistrict Litigation, without the referenced Exhibit 1 which is number 2 listed above, filed with the United States District Court, District of Utah.



DATED this 30th day of November, 2006.

SNELL & WILMER L.L.P.

Dan R. Larsen
Karthik Nadesan
Attorneys for Ford Motor Company and
General Motors Corporation

Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
801-257-1900
Facsimile:  801-257-1800
dlarsen@swlaw.com
knadesan@swlaw.com

## INVOLVED COUNSEL FOR SCHEDULE CTO-269, DOCKET NO. 875,
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Mark Williams
Jones, Waldo, Holbrook & McDonough
170 South Main, Suite 1500
Salt Lake City, Utah 84101

Dennis Markusson
Bill Stanton
Markusson Green & Jarvis
999 18th Street, Suite 3300
Denver, Colorado 80202

John M. Christian
Perkins Cole, LLP
131 South Dearborn, Ste. 1700
Chicago, IL 60603-5559

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 200001

Michael Jason Clayton
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Lawrence M. Coco, III
Carroll, Bufkin & Coco, PLLC
1671 Lelia Drive
Jackson, MS 39216

Alice M. Coleman
Brent, Coon & Associates
188 E. Capitol Street, Suite 1375
Jackson, MS 39201

Richard M. Crump
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

G. Patterson Keahey
Law Office Of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, AL 35209

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson & Anderson
4020 West Chase Boulevard, Ste. 550
Raleigh, NC 27607

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Cyrus C. Barger, III
Jude & Jude, PLLC
P.O. Box 17468
Hattiesburg, MS 39404-7468

Michael T. Bartley
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Juan P. Bauta, II
Bauta & Associates, PA
6915 Red Road, Suite 206
Coral Cables, FL 33143

Karen R. Bennett
Germer, Gertz LLP
550 Fannin Street, Suite 700
Beaumont, TX 77701-4915

Barbara K. Berrett
Berrett & Associates
Ken Garff Building
405 South Main Street, Suite 1050
Salt Lake City, UT 84111

Douglas Payne
Fabian & Clendenin
215 South State, Suite 1200
Salt Lake City, Utah 84111

Joel M. Bondurant, Jr.
Haynsworth, Sinkler, Boyd, PA
P.O. Box 2048
Greenville, SC 29602-2048

Scott A. Boyd
Nathan D. Alder
Christensen & Jensen
50 South Main, Suite 1500
Salt Lake City, UT 84144

Tracy H. Fowler
Scott A. Dubois
Kamie F. Brown
Stewart Peay
Snell & Wilmer L.L.P.
15 W. South Temple, Ste. 1200
Salt Lake City, UT 84101

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Barry C. Campbell
Baker, Donelson, Bearman,
Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Michael P. Cascino
Cascino Vaughan Law Offices Ltd.
220 South Ashland Avenue
Chicago, IL 60607

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA  15212

Richard C. Binzley
Thompson, Hine LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

William T. Causby
Nelson Mullins Riley &
Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11070
Columbia, SC  29211-1070

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC  29202

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue, Suite 1100
Denver, CO  80203

Patricia W. Christensen
Parr Waddoups Brown Gee &
Loveless
185 South State Street, 13th Floor
P.O. Box 11019
Salt Lake City, UT  84147

Steven T. Densley
Strong & Hanni
9 Exchange Place, 6th Floor
Salt Lake City, UT  84111

Andrea L. Edney
Brunini, Grantham, Gower & Hewes
248 E. Capitol Street
P.O. Box 119
Jackson, MS  39205-0119

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
P.O. Box 22608
Jackson, MS  39225-2608

Jonathan P. Hilburn
Montgomery, Barnett, Brown, Read
1100 Poydras St.
3200 Energy Centre
New Orleans, LA  70163

C. Michael Evert, Jr.
Evert Weathersby & Houff, LLC
3405 Piedmont Road, NE, Suite 225
Atlanta, GA  30305-1764

Cheri D. Green
Brunini, Grantham, Grower &
Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS  39205-0119

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS  39215-1970

Dennis C. Ferguson
Williams & Hunt
257 East 200 South, Suite 500
P.O. Box 45678
Salt Lake City, UT  84145-5678

Stephen T. Grossmark
Tressler, Soderstrom, Maloney &
Priess
233 South Waker Drive , 22nd Floor
Chicago, IL  60606-6308

Mark F. James
Hatch, James & Dodge
10 West Broadway, Suite 400
Salt Lake City, UT  84101

Matthew J. Fischer
Shiff & Hardin, LLP
6600 Sears Tower
233 S. Waker Drive
Chicago, IL  60606-6473

Samuel D. Habeeb
Forman, Perry, Watkins, Kruts &
Tardy, PLLC
P.O. Box 22608
Jackson, MS  39225-2608

James G. Kennedy
Pierce, Hersn, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC  29413

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA  19106-2574

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Ste. 4800
Minneapolis, MN  55402

Edward P. Kenney
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY  10018

Claire Williams Ketner
Brunini, Grantham, Grower &
Hewes
P.O. Box 119
Jackson, MS  39205-0119

422058

4

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA  19103

Richard K. Glauser
Smith & Glauser, PC
7351 So. Union Park Ave., Ste. 200
Midvale, UT 84047

Brenda Godfrey
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308-3243

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC  28402

Donald C. Partridge
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39226-2608

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC  29211-0013

Melinda A. Morgan
Richards Brandt Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT  84110

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464

J. Kevin Murphy
Kipp & Christian
10 Exchange Place, Fourth Floor
Salt Lake City, UT  84111-2314

Jonathan L. Hawkins
Morgan, Minnock, Rice & james
136 South Main, Suite 800
Salt Lake City, UT  84101

Bradley A. Hays
Aultman, Tyner & Ruffin, Lt.
P.O. Box Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA  70433

Dauphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P.O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Carl E. Pierce, II
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC  29413

Timothy W. Porter
Porter & Malouf, PA
P.O. Box 12768
Jackson, MS 39236-2768

Steven J. Pugh
Richardson, Plowden, Carpenter
P.O. Box 7788
Columbia, SC  29202

Mary Margaret Ratliff
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Ste. 300
Akron, OH  44308-1314

Dan E. LaBelle
Halloran & Sage
315 Post Road, West
Wesport, CT  06880

Matthew P. lachaussee
Dogan & Wilkins, PLLC
P.O. Box 1618
Pascagoula, MS 39568-1618

John C. McCants
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
P.O. Box 22608
Jackson, MS  39226-2608

Moffatt Grier McDonald
Haynesworth, Sinkler, Boyd, P.A.
P.O.  Box 2048
Greenville, SC  29602

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS  39205-0650

Richard Eric Leff
McGivney & Kluger, PC
80 Broadway, 23rd Floor
New York, NY  10004

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA  19102

Matthew S. Lott
Dogan & Wilkinson
734 Delmas Avenue
Pascagoula, MS  39565

422058

Richard P. O'Leary
McCarter & English, LLP
245 Park Avenue, 27th Avenue
New York, NY  10022

William C. Reeves
Smith, Reeves & Yarborough, PLLC
63601 I-55 North, Suite 201
Jackson, MS  39211

Genevieve MacSteet
McGuire Woods, LLP
1345 Avenue of the Americas
7th Street
New York, NY  10105

Alison E. O'Neal
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS  39225-2608

Kenneth Leigh Reich
Snow Christensen & Martineau
10 Exchange Place
P.O. Box 45000
Salt Lake City, UT  84145-5000

Michael Magee
Pietragallo, Bosick & Gordon
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

Melissa M. Olson
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS  39207-3979

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue, Suite 200
Raleigh, NC  27603

Gregory S. Roberts
Ray Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT  84145-0385

Bonnie B. Smith
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
P.O. Box 22608
Jackson, MS  39225-2608

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS  39403-0750

Ross I. Romero
Jones, Waldo, Holbrook & McDonough
170 South Main Street, Suite 1500
P.O. Box 45444
Salt Lake City, UT  84145

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA  19102

Katherine E. Venti
Parsons, Behle & Latimer
201 S. Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT  84145

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX  77018

Frances Spinthorakis
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308-3243

Rose Marie Wade
Evert Weathersby & Houff, LLC
3405 Piedmont Road, NE, Suite 225
Atlanta, GA  30305-1764

Robert H. Sands
Burroughs, Hepler, Broom, MacDonald
Two Mark Twain Plaza, Suite 300
103 West Vandalia Street
P.O. Box 510
Edwardsville, IL  62025-0510

Adam Michael Stefancic
Best, Vanderlaan & Harrington
25 East Washington, Suite 210
Chicago, IL  60602

Mona L. Wallace
Wallace & Graham, PA
525 North Main Street
Salisbury, NC  28144

William B. Stewart
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS  39158-6020

Michael Waller
Kirkpatrick Lockhart Nicholson &
Graham LLP
One Newark Center, 10th Floor
Newark, NJ  07102

Ryan J. Schriever
J. Joyce & Associates
P.O. Box 329
Sandy, UT  84091-0329

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Robert E. Swickle
Jaques Admirality Law Firm PC
Maritime Asbestosis Legal Clinic
1570 Penosbscot Building
Detroit, MI  48226

Kirk G. Warner
Smith, Anderson, Blount, Dorsett et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC  27602-2611

Alton L. Watts
Shellbuford, PLLC
P.O. Box 157
Jackson, MS 39205-2611

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, NE
P.O. Box 998
Cedar Rapids, IA  52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Box 289
Biloxi, MS  39533-0289

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., 6th Floor
Los Angeles, CA  90025

Cristin E. Sheehan
Morrison Mahoney
One Constitution Plaza, 10th Floor
Los Angeles, CA  90025

T. Mark Sledge
Grenfell, Sledge & Stevens
1659 Lelia Drive
P.O. Box 16570
Jackson, MS 39216-6570

Cowles E. Symmes
Page, Mannino, Persich &
McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS  39533-0289

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, NE, Suite 200
Atlanta, GA  30305

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

422058

7

A

Dan R. Larsen (4865)
Karthik Nadesan (10217)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

Attorneys for Defendant Ford Motor Company and
General Motors Corporation

---

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE: ASBESTOS CASES OF HATCH, JAMES & DODGE and G. PATTERSON KEAHEY | **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR AWARD OF COSTS AND ATTORNEYS' FEES** |
| JOSEPH ALEXANDER ANDERSON, JR. and ARVA ANDERSON, | **ORAL ARGUMENT REQUESTED** |
| Plaintiffs, | Case No. 2:06-cv-741 |
| v. | |
| ASBESTOS DEFENDANTS | Judge Ted Stewart |

Defendants Ford Motor Company ("Ford") and General Motors Corporation ("General Motors"),[1] through counsel, submit this memorandum in opposition to Plaintiffs' Motion for Remand and for Award of Attorneys' Fees.

---

[1] This memorandum in opposition has been joined by defendants Honeywell, Inc., Kennecott Utah Copper Corporation, Rocky Mountain Power aka PacifiCorp aka Utah Power & Light Company, Oakfabco, Inc., T.H. Agriculture & Nutrition, CBS Corporation, American Standard, Inc., Kaiser Gypsum Company, Flowserve Corp. d/b/a Wilson-Snyder Pumps, Fluor Corporation, Garlock Sealing Technologies, BW/IP International, Inc. (f/k/a Borg Warner Industrial Products, successor in interest to Byron Jackson Pumps, predecessor to Flowserve, Inc.); Flowserve Corporation (f/k/a Durco International, Inc.); Flowserve Corporation, on behalf of ACEC Centrifugal Pumps, Atomac, Five Star Seal, Kammer and Stork Engineered Pumps; Flowserve Corporation, f/k/a Valtek, Inc., improperly denominated as Valtek Control Products; Hamilton Materials, Inc., SPX Cooling Technologies, Inc., DaimlerChrysler Corporation, Durametallic, Goodyear Tire and Rubber Company, Hill Brothers Chemical Co., Warren Pumps, LLC, Zurn Industries, Inc., Bullough Abatement, Inc., York International Corporation, Thermal West, Bondex International, Inc. aka RPM, Inc., Carrier Corporation, Hercules Incorporated, Georgia-Pacific Corporation, Crane Co., Sequoia (conditionally consented to removal but not served), Buffalo Pumps, Inc., CertainTeed Corporation, Philips Electronics North America Corporation, Sepco Corporation, Union Carbide Corporation, Goulds Pumps, Inc., Foster Wheeler North America Corporation.

414999

## INTRODUCTION

Plaintiffs' sole basis for seeking remand is that language in the separately filed Master Complaint states that "[e]very claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed," thus preventing federal jurisdiction from attaching to plaintiffs' individual complaint.[2] (See Plaintiffs' Memorandum in Support of Motion to Remand and for Award of Costs and Attorneys' Fees at 3). However, a complaint cannot "avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can only be made under federal law." Fung v. Abex Corp., 816 F. Supp. 569, 571 (N.D. Cal. 1992) (holding that plaintiffs' action arose under federal question jurisdiction because many of the allegations in their complaint were based upon exposure to asbestos while at a federal enclave). In this case, plaintiffs' argument is based on a fundamental misunderstanding of federal enclave jurisdiction. Removal under federal enclave jurisdiction depends not on the pleading of federal claims, but rather on the assertion that the events that form the basis of the claim occurred on a federal enclave. Accordingly, because plaintiffs have alleged that their injury occurred as a result of exposure to asbestos on a federal enclave, their cause of action arises under federal jurisdiction. Furthermore, because plaintiffs have alleged that each exposure to asbestos is a concurrent cause of their injury, plaintiffs cannot disclaim causes of action arising under federal law without disclaiming all of their causes of action based on that same injury. Either plaintiffs must accede to federal enclave jurisdiction and pursue their claims in federal court, or they must dismiss their complaint because they have disclaimed the entirety of their causes of action.

---

[2] Plaintiffs concede that defendants' removal of this case was procedurally correct. They do not challenge the timeliness of the removal or the sufficiency of the multiple defendants' consent to removal. Furthermore, plaintiffs concede that plaintiff Joseph Anderson ("Anderson") was exposed to asbestos on federal enclaves as alleged in their Summary Complaint, a copy of which is attached to Plaintiffs' Memorandum in Support of Motion to Remand and for Award of Attorneys' Fees.

## ARGUMENT

## POINT I

## REMOVAL BY DEFENDANTS WAS PROPER

A.  **Plaintiffs Cannot Disclaim Federal Enclave Jurisdiction Without Disclaiming All Their Causes of Action.**

i.  **Federal Enclave Jurisprudence Generally**

It is well settled law that "personal injury actions which arise from incidents occurring in federal enclaves [as designated by Art. I, § 8, cl. 17] may be removed to federal district court as part of federal question jurisdiction." Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998).  Under the Constitution of the United States, the United States has the authority to "exercise exclusive Legislation in all Cases whatsoever, . . . over all Places purchased by [the United States] . . . for the Erection of Forts, Magazines, Arsenals, dock-Yards, or other needful Buildings." U.S. Const. Art. I, § 8, cl. 17.  When the United States purchases such a federal enclave, "the jurisdiction theretofore residing in the state passes, in virtue of the constitutional provision, to the United States, thereby making the jurisdiction of the latter the sole jurisdiction." Mater v. Holley, 200 F.2d 123, 124 (5th Cir. 1952).  As a result, "any law existing in territory over which the United States has 'exclusive' sovereignty must derive its authority and force from the United States and is for that reason federal law, even though having its origin in the law of the state within the exterior boundaries of which the federal area is situate." Id.  Therefore, "[i]t would be incongruous to hold that although the United States has exclusive sovereignty in the area here involved, its courts are without power to adjudicate controversies arising there, but must relegate the parties to the courts of another sovereign for relief." Id. at 124-25.  Moreover, "a federal forum in which to litigate controversies arising on such [federal enclaves] prevents state judicial interference with matters likely to involve substantial federal interests." Akin v. Big Three, 851 F. Supp. 819, 822 (E.D. Tex. 1994).

Consequently, federal courts have consistently held that, in toxic tort cases, federal jurisdiction is invoked if the exposure to the toxic substance occurred on a federal enclave. See,

e.g., Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006) (noting that asbestos exposure on federal enclave gave rise to federal enclave jurisdiction); Ashland Chem., 156 F.3d at 1034 (affirming removal of toxic tort case based on fact that personal injury action had arisen from events occurring on a federal enclave); Big Three, 851 F. Supp. at 822 (finding "a compelling argument for a holding that federal enclave jurisdiction exists over the tort claims" when the exposure occurred on a federal enclave). Significantly, courts have noted that jurisdiction arises because, "in enclave jurisdiction, the determinative fact is the precise location of the *events* giving rise to the claims for relief ... it is only when geography is mapped a certain way that an otherwise state claim presents a federal question." Big Three, 851 F. Supp. at 825 (emphasis added). Accordingly, federal jurisdiction is invoked even if only some of the events giving rise to the cause of action, i.e., only a portion of the plaintiffs' exposure, occurred on the federal enclave. See, e.g., Bachman v. Fred Meyer Stores, Inc., 402 F. Supp. 2d 1342, 1347 (D. Utah 2005) (finding federal question jurisdiction because plaintiff has alleged that "some of the injuries sustained by her late husband took place on federal enclaves, including particularly Hill Air Force Base"); In Re Welding Rod Prods. Liab. Litig., No. 1:03CV17000, 2005 U.S. Dist LEXIS 1265, at *21 (N.D. Ohio Jan. 13, 2005) (finding federal jurisdiction when "a not-insignificant portion" of plaintiff's exposure occurred on a federal enclave)[3]; Celli v. Shoell, 995 F. Supp. 1337, 1341 (D. Utah 1997) (finding federal enclave jurisdiction where "one or more of the events at issue occurred at Hill Air Force Base, a federal enclave").

It is due to the nature of toxic tort actions that federal jurisdiction is present even when only a portion of the plaintiffs' exposure occurred on the federal enclave. Specifically, courts have held that federal jurisdiction attaches because the plaintiffs' injury was concurrently caused by exposures to the toxic substance inside the federal enclave and by exposures outside the federal enclave. See, e.g., Reed v. Fina Oil & Chem. Co., 995 F. Supp. 705, 709 (E.D. Tex. 1998); Cirilo v. Lincoln Elec. Co., No. SA04CA115RF, 2004 U.S. Dist. LEXIS 28679, at *11

---

[3] A copy of this unpublished decision is attached as Exhibit "A."

(W.D. Tex. May 24, 2004)[4]. In <u>Reed</u>, plaintiff alleged that he developed leukemia as a result of exposure to chemicals while employed at a synthetic rubber plant between 1944 and 1979. 995 F. Supp. 707. The case was removed on the basis that the synthetic rubber plant had been a federal enclave from 1944 through 1955. <u>Id.</u> The court reasoned that "[s]ince Plaintiffs have not claimed the injury specifically occurred after 1955, and since Plaintffs have alleged one continuous injury from 1944 through 1979, there are at least ten years of exposure for which . . . the federal enclave elements are at issue in this case." <u>Id.</u> at 709. Accordingly, the court denied remand, stating that, "very simply, the plaintiffs have alleged a single, indivisible injury that arises in part under federal law and in part under state law . . . even if the state and federal claims were divisible, which they are not, this Court would have jurisdiction over both claims." <u>Id.</u> The court further held that "since Plaintiffs did not and could not separate the periods of exposure between 1944 through 1955, and 1955 through 1979, jurisdiction in federal court properly exists for claims arising from the *entire* period." <u>Id.</u> (emphasis added). Similarly, in <u>Cirilo</u>, the plaintiff brought causes of action for negligence, gross negligence, strict liability, and conspiracy, alleging that he had been injured as a result of exposure to manganese from welding fumes. 2004 U.S. Dist. LEXIS 28679 at *4. The court found federal enclave jurisdiction appropriate because the plaintiff's claims arose "out of exposure to a chemical on a federal enclave, in not insignificant measure, and in furtherance of employment duties on the federal enclave." <u>Id.</u> at *11. Therefore, "the fact that some of Plaintiff's injuries occurred outside of the federal enclaves does not negate that *the cause of action – alleged as long-term and repeated exposure – arises under federal law.*" <u>Id.</u> (emphasis added).

## ii.    Federal Enclave Jurisdiction in this Case

Here, the causes of action alleged in plaintiffs' Master and Summary Complaints are premised on their allegation that Anderson developed mesothelioma as a result of exposure to

---

[4]A copy of this unpublished decision is attached as Exhibit "B."

defendants' asbestos-containing products.[5]  Plaintiffs' Summary Complaint further alleges that

Anderson was exposed to asbestos on Lackland Air Force Base, Dugway Proving Grounds,

Tooele Army Depot, and Hill Air Force Base. (Summary Complaint ¶ 2, Ex. A).  Plaintiffs do

not dispute that the foregoing locations are federal enclaves.  In addition, plaintiffs' Summary

Complaint alleges that Anderson was exposed to asbestos at other military bases that are likely

federal enclaves.[6]  Accordingly, on its face, plaintiffs' Summary Complaint alleges that their

injuries arose from events occurring on a federal enclave.

Furthermore, not only have plaintiffs conceded that Anderson was exposed to asbestos

while working at federal enclaves, they have alleged that Anderson's injury, mesothelioma, was

caused by long-term cumulative exposure to asbestos.  Specifically, plaintiffs have alleged that

"plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent

injury to plaintiff" and  "progressive lung disease, cancer, and other serious diseases are caused

by inhalation of asbestos fibers without perceptible trauma and that said disease results from

exposure to asbestos and asbestos-containing products . . . over a period of time." (Master

Complaint ¶¶ 23-24).  Plaintiffs have further alleged that Anderson's "injuries are a result of

---

[5]It may be helpful to briefly explain asbestos litigation background and procedure in the Utah State Court system. All asbestos cases filed in the Third District Court in and for Salt Lake County, State of Utah are initially assigned to the Honorable Glenn K. Iwasaki, District Court Judge.  An asbestos master case has been created to facilitate the administration of matters that are common to the asbestos litigation.  On December 17, 2003, the "Master Complaint of Hatch, James & Dodge and Keahey for Personal Injury, Loss of Consortium, Wrongful Death and Demand for Jury Trial" was filed in the Master Case, No. 010900863 ("Master Complaint," attached hereto as Exhibit "C").  The Master Complaint is 166 pages in length and contains 14 separate causes of action.  Under the Second Amended Case Management Order No. 1 ("CMO") entered by Judge Iwasaki on September 30, 2003, a plaintiff's counsel may file a master complaint and then incorporate it by reference in a brief "Summary Complaint" filed on behalf of each individual plaintiff.  In this case, plaintiffs filed their Summary Complaint on August 3, 2006 asserting their individual claims and incorporating certain causes of action more particularly described in the Master Complaint. Among other things, the Master Complaint contains the following language regarding federal jurisdiction:

The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Utah defendant.  Removal is improper.  Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office).

(Master Complaint ¶ 6).  Plaintiffs contend that this language prevents any asbestos case filed by plaintiffs' counsels' firm from being removed to federal court.
[6]Specifically, Exhibit A of the Summary Complaint lists exposure to asbestos at Amarillo Air Force Base, Turner Air Force Base, Arco Defense Depot, March Air Force Base, and a U.S. Air Force Base in Korea.

cumulative exposure to asbestos." (Master Complaint ¶ 40). In fact, plaintiffs' counsel have previously alleged in another asbestos case that:

- "All inhaled asbestos fibers that touch a cell contribute to the development of mesothelioma."[7]

- "[A]ny exposure to asbestos is considered factually and legally sufficient to support causation, especially in a mesothelioma case." (Sortor Memorandum at 22).

- "[E]very [exposure to asbestos] is a substantial factor in bringing about mesothelioma." (Sortor Memorandum at 23).

- "[A]ll asbestos exposures alter the cellular environment in such a way to contribute to the development and progression of mesothelioma." (Sortor Memorandum at 8).

- "[I]t is more accurate to view the process [of developing mesothelioma] as one in which all fibers contribute to the disease through cumulative insults and injury which overcome the body's defense mechanisms." (Sortor Memorandum at 7).

Simply put, plaintiffs and their counsel allege that Anderson's exposure to asbestos on the federal enclaves was as much the cause of Anderson's injury, mesothelioma, as his exposure to asbestos outside the federal enclaves. Just as the courts found in <u>Reed</u> and <u>Cirilo</u>, Anderson's claims arising under federal law are indivisible from his claims arising under state law. As a result, Anderson cannot exclude all claims arising under federal law without also withdrawing all causes of action premised on Anderson's mesothelioma.

Furthermore, the "disclaimer" cases cited by plaintiffs are unhelpful to their motion. First, <u>Westbrook v. Asbestos Defendants</u>, No. C011661VRW, 2001 WL 902642 at *2 (N.D. Cal. July 31 2001), <u>Overly v. Raybestos-Manhattan, Inc.</u>, 1996 WL 532150, at *3 (N.D. Cal. 1996), and <u>Schilz v. A.P. Green Indus., Inc.</u>, 2002 WL 102608, at *1 (N.D. Cal. 2002),[8] have no relevance to a disclaimer of federal enclave jurisdiction because they involved federal defense removals under 28 U.S.C. § 1442(a). However, it is notable that in <u>Overly</u> and <u>Schilz</u>, plaintiffs were held to have disclaimed their entire design defect causes of action in order to avoid federal

---

[7]Plaintiffs' Response and Memorandum in Opposition to Defendants' Motion for Clarification, <u>Sortor v. Asbestos Defendants</u>, Case No. 040909899 at 11, Third District Court, State of Utah, Jan 3, 2006 ("Sortor Memorandum"), attached as Exhibit "D." It should be noted that Defendants dispute these general allegations by plaintiffs' counsel to the extent that they are unsupported by well-studied epidemiological evidence.

[8]Plaintiffs failed to attach copies of the unpublished opinions as required by local rule DUCivR 7-2(a). Accordingly, defendants attach copies of those cases as Exhibits "E," "F," and "G."

jurisdiction. Similarly, in <u>Westbrook</u>, the court held that the disclaimer only avoided federal jurisdiction if plaintiff's claims arose *only* from work that was not done under the direction of any federal officers. 2001 WL 902642 at *2. However, the court never addressed the issue of the survival of an independent state law claim because it found that, even absent the disclaimer, federal defense removal was not appropriate. <u>Id.</u> at *3-4. More on point, plaintiffs cite <u>Mangialardi v. Harold's Auto Parts, Inc.</u>, No. 2:02CV121BB (N.D. Miss. Nov. 18, 2002), which involved a disclaimer of federal enclave jurisdiction.[9] Significantly, in that case, the court emphasized "that remand in this case rests upon Plaintiffs' complete waiver and disavowal of *all* federal claims, including all failure to warn claims *based in whole or in part* upon federal asbestos exposure." (Plaintiffs' Memorandum in Support at 8) (emphasis added). "Since the plaintiffs have stipulated that they will not pursue any federal claims, should any of these plaintiffs' alleged injuries be proven at trial to have resulted from federal exposure, the fact-finder is precluded from considering those *injuries* and the calculation of damages." <u>Id.</u> (emphasis added). Similarly, in this case, plaintiffs cannot disclaim federal jurisdiction unless they disclaim all causes of action premised upon Anderson's mesothelioma, thereby effectively disclaiming all of the causes of action alleged in their complaint.

**B.     Plaintiffs' Complaint Failed to Effectively Disclaim Those Causes of Action Invoking Federal Jurisdiction**

Even if it were possible for plaintiffs to divest the Court of federal enclave jurisdiction by simply saying so, plaintiffs' general "disclaimer" in the Master Complaint fails to effectively identify or exclude federal enclave exposure alleged in the Summary Complaint. In other words, they have failed to specify what has been disclaimed or waived. Neither plaintiff's Summary Complaint nor their Memorandum in Support identify the causes of action plaintiffs are disclaiming or the defendants against whom plaintiffs are waiving their claims. Instead,

---

[9]Instead of attaching a copy of the unpublished federal court order to their Memorandum, plaintiffs attached a Mississippi Supreme Court decision in which plaintiffs' counsel was reprimanded for failing to furnish essential information required by Rule 11 in their complaint and for refusing to furnish such information to the defendants and the court. Because the federal court order was never reported on Westlaw or LexisNexis, defendants have been unable to obtain a copy and must rely upon plaintiffs' quotation.

plaintiffs rely, without any clarification, on broad language in the Master Complaint that "[e]very claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed."  However, even as the "master of their complaint," plaintiffs have an obligation to set forth the facts and legal elements giving rise to their cause of action.  Plaintiffs, not defendants, have the burden of accurately defining the contours of their claim.  See Fed. R. Civ. P. 8(a) (a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim"); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (Rule 8(a) pleading requirement intended to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests).  That obligation does not shift merely because plaintiffs decide to define the scope of their causes of action by exclusion, rather than by inclusion.  In this case, plaintiffs' claim that their Master Complaint, filed almost three years before this case, prevents federal jurisdiction from attaching to this case or to any case filed by plaintiffs in the future.  In fact, plaintiffs claim that the boilerplate disclaimer language in their Master Complaint has waived all grounds for federal court jurisdiction – whether based on federal enclave, federal officer defense, preemption of state law by federal law, or even diversity – regardless of the allegations or causes of action in their Summary Complaint.  However, Plaintiffs' Summary Complaint – which is the only complaint specific to these plaintiffs – says nothing about waiver of federal claims.  This is not a case where an individual plaintiff has filed a specific waiver of his federal claims.  Instead, it is a wholesale effort by plaintiffs' counsel to frustrate removal and avoid federal jurisdiction in each and every case filed in the state, regardless of the particular circumstances involved.  Allowing plaintiffs to allege a specific federal enclave cause of action in their Summary Complaint while at the same time generally disclaiming any federal cause of action in their Master Complaint eviscerates Rule 8(a) – a defendant would never have fair notice of the claims alleged against it from the face of the complaint.  Accordingly, removal in this case was proper because plaintiffs' general "disclaimer" fails to waive the injury causes of action creating federal enclave jurisdiction.[10]

---

[10]To the extent plaintiffs now intend to disclaim the causes of action creating federal jurisdiction, the Court is not

## POINT II

## ALTERNATIVELY, PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES

To the extent the Court finds removal is improper, plaintiffs are not entitled to attorneys' fees. Although plaintiffs cite numerous cases in support of the award of attorneys' fees, these cases were overruled by the United States Supreme Court in Martin v. Franklin Capital Corp., 126 S. Ct. 704 (U.S. 2005). Confronted with the question of when attorneys' fees may be awarded upon remand, the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id., 126 S. Ct. at 711. Significantly, guided by Martin, district courts within the Tenth Circuit have consistently held that attorneys' fees are not warranted when a defendant improperly removes based upon an absence of dispositive legal authority. See, e.g., Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc., 416 F. Supp. 2d 1081, 1090 (D. Kan. 2006) (holding no basis for attorneys' fees when defendant made an objectively reasonable attempt to extend the law in the jurisdiction); Toutant v. Nationwide Mut. Ins. Co., 2006 U.S. Dist. LEXIS 49302, Case No. 06CV00530MSKPAC, *14 (D. Colo. July 19, 2006)[11] ("Given the novelty of the issue presented here and the absence of dispositive legal authority to guide the parties conduct, the Court cannot say [defendant's] removal was objectively unreasonable"); Vetro, Inc. v. Active Plumbing and Heating, Inc., 403 F. Supp. 2d 1033, 1039 (D. Colo. 2005) (award of attorneys' fees was not warranted where removal was improper but defendant's contention that federal question jurisdiction was present was not clearly without merit). See also In re: Methyl Tertiary Butyl Ether Prods. Liab. Litig., 2006 U.S. Dist. LEXIS 20575, Case No. 1:00-1898, MDL 1358, *37-38 (S.D.N.Y. April 17, 2006) (denying award of attorneys' fees where defendants raised colorable issues of law in support of removal because "removability is an evolving and difficult field of law"); Contreras v. Host Am. Corp., 2006 U.S. LEXIS 62794,

---

required to remand this case. See, e.g., Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) (federal court has power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings); IMFC Prof'l Servs., Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152, 157 (5th Cir. 1982) (amendment of a complaint to eliminate a federal question does not affect a court's prior-existing jurisdiction).

[11] A copy of this unpublished decision is attached as Exhibit "H."

Case No. 3:06cv840, *14 (D. Conn. Sept. 5, 2006) (denying attorneys' fees where issue of validity of defendant's removal was complex and answer was not obvious in light of established case law).[12] As detailed in Point I above, there is no published authority holding that a plaintiff may disclaim federal enclave jurisdiction when the events that caused the injury occurred at least in part on a federal enclave. Furthermore, defendants had an objectively reasonable basis for removal given the alleged cumulative effect of asbestos exposure in causing plaintiffs' injury and the allegation that Anderson was in fact exposed on federal enclaves.

In addition, "[t]he appropriate test for awarding fees under § 1447 (c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter when the statutory criteria are satisfied." Martin, 126 S. Ct. at 711. In this case, plaintiffs have not shown that Defendants removed this case for any reason other than to exercise their right to a federal forum. See, e.g., Clark v. Ameritas Inv. Corp., 408 F. Supp. 2d 819, 835 (D. Neb. 2005) (denying attorneys' fees where removal was motivated by defendant's objectively reasonable belief that it was entitled to seek a federal forum for resolution of the case). In fact, plaintiffs are solely responsible for any significant or unwarranted delay in the prosecution of their claim. Anderson was diagnosed on October 10, 2005 and was reportedly informed he had about six months to live. However, plaintiffs initially chose to file suit in the State of California, an improper forum. See California Court Notice of Ruling on Motion to Dismiss for *Forum Non Conveniens*, attached as Exhibit "K." Moreover, although the California court dismissed the case in May 2006, plaintiffs waited until August 2006 before they re-filed their case in Utah. Therefore, given Defendants' objectively reasonable belief that they are entitled to a federal forum under existing case law, and the lack of any showing that the removal was motivated by improper reasons, an award of attorneys' fees is not appropriate even if this Court grants plaintiffs' motion to remand.

---

[12]Copies of these unpublished decisions are attached as Exhibits "I" and "J."

## CONCLUSION

For the foregoing reasons, Ford and General Motors respectfully request that the Court deny plaintiffs' Motion to Remand.

DATED this 10th day of October, 2006.

SNELL & WILMER L.L.P.

/s/ Karthik Nadesan
Dan R. Larsen
Karthik Nadesan
*Attorneys for Defendants Ford Motor
Company and General Motors Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

Attorneys for Plaintiff

**HATCH JAMES & DODGE, P.C.**
Brent O. Hatch, Esq.
Mark F. James, Esq.
10 West Broadway, Suite 400
Salt Lake City, UT 84101
mjames@hjdlaw.com

**LAW OFFICE OF G. PATTERSON KEAHEY, P.C.**
G. Patterson Keahey
One Independence Plaza, Suite 612
Birmingham, AL 35209

GARLOCK, INC.

**J. JOYCE & ASSOCIATES LAW FIRM**
Joseph J. Joyce
Post Office Box 329
Sandy, UT 84091-0329
jjj@jjoycelawfirm.com

A W CHESTERTON
FLUOR CORPORATION

**PARR WADDOUPS BROWN GEE & LOVELESS**
Patricia Christensen
185 South State Street, Suite 1300
Salt Lake City, UT 84111
pwc@pwlaw.com

GOULD PUMPS, INC.

**STRONG & HANNI**
Steven T. Densley
3 Triad Center, Suite 500
Salt Lake City, UT 84180
sdensley@strongandhanni.com

EMERSON ELECTRIC CO.

**SMITH & GLAUSER**
Richard Glauser
7351 South Union Park Avenue, #200
Salt Lake City, UT 84047
rkg@smithglauser.com

BUFFALO PUMPS, INC.
CERTAINTEED CORPORATION
PHILIPS ELECTRONICS NORTH
AMERICAN CORPORATION
SEPCO CORPORATION
UNION CARBIDE CORPORATION

**BAKER & HOSTETLER LLP**
Mary Price Birk
Ronald L. Hellbusch
303 East 17th Avenue, Suite 1100
Denver, CO 80203-1264
mbirk@bakerlaw.com
rhellbusch@bakerlaw.com

CLEAVER BROOKS
FLOWSERVE CORP.
HAMILTON MATERIALS, INC.
OWENS-ILLINOIS, INC.
SPX COOLING TECHNOLOGIES, INC.

**RICHARDS, BRANDT, MILLER & NELSON**
Melinda A. Morgan
50 South Main, Suite 700
Salt Lake City, UT 84144
melinda-morgan@rbmn.com

FOSTER WHEELER ENERGY CORP

**JONES, WALDO, HOLBROOK & McDONOUGH**
Mark Williams
170 South Main, Suite 1500
Salt Lake City, UT 84101
mwilliams@joneswaldo.com

GEORGIA-PACIFIC CORPORATION
ITT INDUSTRIES, INC.
CARRIER CORPORATION
CRANE CO.
HERCULES, INC.

**PARSONS BEHLE & LATIMER**
Katherine E. Venti
201 South Main, Suite 1800
Salt Lake City, UT 84111
ecf@parsonsbehle.com

WESTINGHOUSE ELECTRIC CORP.
HANSON PERMANENTE CEMENT, INC.
AMERICAN STANDARD, INC.
VIACOM, INC.

**SNELL & WILMER**
Tracy H. Fowler
Scott A. Dubois
Kamie F. Brown
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
tfowler@swlaw.com
sdubois@swlaw.com
kbrown@swlaw.com

DAIMLERCHRYSLER CORPORATION
GOODYEAR TIRE & RUBBER CO.
HILL BROTHERS CHEMICAL CO.
WARREN PUMPS, INC.
ZURN INDUSTRIES, INC.

**CHRISTENSEN & JENSEN**
Scot A. Boyd
Rebecca L. Hill
50 South Main, Suite 1500
Salt Lake City, UT 84144
scot.boyd@chrisjen.com
rebecca.hill@chrisjen.com

414999

14

BONDEX INTERNATIONAL, INC.

**JONES, WALDO, HOLBROOK & McDONOUGH**
Ross Romero
170 South Main, Suite 1500
Salt Lake City, UT 84101
rromero@joneswaldo.com

**MARKUSSON GREEN & JARVIS**
Dennis Markusson
Bill Stanton
999 18th Street, Suite 3300
Denver, CO 80202

HENRY VOGT MACHINE COMPANY

**BERRETT & ASSOCIATES**
Barbara Berrett
405 South Main Street, Suite 1050
Salt Lake City, UT 84111
bberrett@berrettandassoc.com

BORG WARNER CORP.
YORK INTERNATIONAL
CORPORATION

**WILLIAMS & HUNT**
Dennis Ferguson
Mark R. Anderson
257 East 200 South, Suite 500
Salt Lake City, UT 84111
manderson@wilhunt.com

DURABALA MANUFACTURING CO.
INDUSTRIAL SUPPLY COMPANY, INC.

**MORGAN, MINNOCK, RICE & JAMES, L.C.**
Jonathan L. Hawkins
Joseph E. Minnock
136 South Main, 8th Floor
Salt Lake City, UT 84101
jhawkins@mmrj.com

OAKFABCO
UTAH POWER AND LIGHT CO.
KENNECOTT UTAH COPPER
CORPORATION
T.H. AGRICULTURE & NUTRITION CO.

**RAY, QUINNEY & NEBEKER**
Rick L. Rose
Gregory Roberts
36 South State Street, Suite 1400
Salt Lake City, UT 84145-0385
groberts@rqn.com

SEQUOIA VENTURES INC.
THERMAL WEST INDUSTRIAL, INC.

**SNOW, CHRISTENSEN & MARTINEAU**
Jill L. Dunyon
Joseph Barrett
Kenneth L. Reich
10 Exchange Place, Suite 1100
Salt Lake City, UT 84145
kreich@scmlaw.com

414999

I further certify that on the 10th day of October, 2006, true and correct copies of the

foregoing were sent via first-class mail, postage prepaid, to the following:

BULLOUGH ABATEMENT, INC.

**KIPP & CHRISTIAN**
J. Kevin Murphy
Michael F. Skolnick
10 Exchange Place, 4th Floor
Salt Lake City, UT 84111

HONEYWELL CORPORATION

**FABIAN & CLENDENIN**
Douglas Payne
215 South State, Suite 1200
Salt Lake City, UT 84111

/s/ Karthik Nadesan

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 1 2006

FILED
CLERK'S OFFICE

Dan R. Larsen (4865)
Karthik Nadesan (10217)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

Attorneys for Defendant Ford Motor Company and
General Motors Corporation

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE: ASBESTOS CASES OF HATCH, JAMES & DODGE and G. PATTERSON KEAHEY<br><br>JOSEPH ALEXANDER ANDERSON, JR. and ARVA ANDERSON,<br><br>        Plaintiffs,<br><br>v.<br><br>ASBESTOS DEFENDANTS | **NOTICE OF FILING WITH THE UNITED STATES OF AMERICA JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Case No. 2:06-cv-741<br><br>Judge Ted Stewart |

On October 20, 2006, the Judicial Panel on Multidistrict Litigation, *In re Asbestos Products Liability Litigation (No. VI)* issued Conditional Transfer Order (CTO-269) conditionally transferring this case pending in the United States District Court for the District of Utah to the Eastern District of Pennsylvania, assigned to the Honorable James T. Giles.

Please take notice that defendants in this action Ford Motor Company and General Motors Corporation, by counsel, have today delivered by overnight mail to the United States of

422092

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

DEC - 1 A 10: 40

RECEIVED
CLERK'S OFFICE

America Judicial Panel on Multidistrict Litigation their Memorandum in Opposition to Plaintiffs'

Motion to Vacate Conditional Transfer Order, a copy of which is attached hereto as Exhibit 1.

DATED this 30th day of November, 2006.

SNELL & WILMER L.L.P.

/s/ Dan R. Larsen
Dan R. Larsen
Karthik Nadesan
Attorneys for Ford Motor Company and
General Motors Corporation

422092

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants Ford Motor Company and General Motors Corporation hereby certifies that on the 30th day of November, 2006, a true and correct copy of the foregoing was filed with the Untied States District Court for the District of Utah and served by CM/ECF in this action as well as by U.S. Mail, first-class postage prepaid, to those individuals identified on the attached list of "Involved Counsel for Schedule CTO-269, Docket No. 875, In Re Asbestos Products Liability Litigation (No. VI)."

/s/ Dan R. Larsen _____

422092

3