JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEC 15 2006

FILED CLERK'S OFFICE

MDL 875

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**CONDITIONAL TRANSFER ORDER (CTO-269) DOCKET NO. 875**

---

**This Document Pertains To:**

***Joseph Alexander Anderson, Jr., et al v. Ford Motor Co., et al***
**Pending: Federal District Court, District of Utah, Central Division**
**Civil Action No.: 06-741**

***Wrongly removed from the Third District Court of Salt Lake County, Utah to the United States District Court, District of Utah, Central Division, and wrongfully conditionally transferred to the United States Panel of Multidistrict Litigation***

PLEADING NO. 4922

---

**PLAINTIFFS' MOTION TO DEFER RULING ON MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Plaintiffs, Joseph Alexander Anderson, Jr. and Arva Anderson, respectfully move the Judicial Panel on Multidistrict Litigation to defer ruling on the CTO as it pertains to their case pending the Utah District Court's ruling on a motion for relief filed by the plaintiffs on December 6, 2006.

On October 20, 2006, the Panel issued Conditional Transfer Order (CTO-269), conditionally transferring the *Anderson* case to the Eastern District of Pennsylvania. The plaintiffs filed a motion to vacate the conditional transfer order. On November 30, 2006, Ford Motor Company and General Motors Corporation ("the defendants") filed a memorandum in opposition to the plaintiffs' motion to vacate the conditional transfer order.

RECEIVED CLERK'S OFFICE
2006 DEC 11 A 10:50
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

OFFICIAL FILE COPY
IMAGED DEC 18 2006

Subsequently, the plaintiffs filed a motion for relief in the United States District Court, District of Utah, Central Division. A copy of that motion and memorandum in support is attached to this motion as Exhibit "A" and incorporated fully by reference. Joseph and Arva Anderson have asked the District Court to reconsider its determination not to rule on the plaintiffs' motion to remand pending the determination of plaintiffs' motion to vacate the conditional transfer order currently before this Court. While Mr. and Mrs. Anderson recognize that, in the event their case is transferred, the District Court in Pennsylvania has the right to rule on their motion to remand, they are also cognizant of the right of the District Court in Utah, in a lawful exercise of its pretrial jurisdiction, to promptly decide the motion to remand and, at the least, provide Mr. Anderson with this day in court on that issue.

This factor is paramount because Mr. Anderson has been diagnosed with Mesothelioma, an asbestos-caused disease, and he is terminally ill. If the case is transferred to Philadelphia without a ruling by the Utah District Court, it is virtually certain that Mr. Anderson will be dead long before he receives his day in Court.

This motion is supported by an accompanying memorandum.

Respectfully submitted this 8th day of December, 2006.

HATCH, JAMES & DODGE
Mark F. James

LAW OFFICES OF G. PATTERSON KEAHEY
G. Patterson Keahey

LAW OFFICES OF GARY DIMUZIO

Gary M. DiMuzio

By: ______________________

G. PATTERSON KEAHEY

Attorneys for Plaintiffs

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEC 15 2006

FILED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**CONDITIONAL TRANSFER ORDER (CTO-269) DOCKET NO. 875**

---

**This Document Pertains To:**

***Joseph Alexander Anderson, Jr., et al v. Ford Motor Co., et al***
**Pending: Federal District Court, District of Utah, Central Division**
**Civil Action No.: 06-741**

***Wrongly removed from the Third District Court of Salt Lake County, Utah to the United States District Court, District of Utah, Central Division, and wrongfully conditionally transferred to the United States Panel of Multidistrict Litigation***

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO DEFER RULING ON MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Plaintiffs Joseph Alexander Anderson, Jr. and Arva Anderson submit this Memorandum in support of their Motion to Defer Ruling on Motion to Vacate CTO.

**DISCUSSION**

The "Conditional Transfer Order" issued by the MDL Panel is an administrative device used to expeditiously transfer apparently related cases where there is no opposition to such a transfer. *In re Grain Shipments*, 319 F. Supp. 533, 534 (J.P.M.L. 1970). Because of the conditional nature of the Panel's transfer order, the rules governing multidistrict litigation expressly provide that the transferor district court is not divested of jurisdiction over pre-trial proceedings during the pendency of the conditional transfer order. Rule 1.5 of the Judicial Panel on Multidistrict Litigation states:

RECEIVED CLERK'S OFFICE
2006 DEC 11 A 10: 50
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 **does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.** A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

The rule provides that the transferor court should not automatically stay discovery or postpone rulings on pending motions, or generally suspend further proceedings upon being notified of the filing of a motion for transfer. 23A Fed. Proc., L. Ed. § 55:23 *citing* RP Jud. Pan. Mult. Lit. 1.5. Specifically, **"[m]atters such as motions to dismiss or to remand, raising issues unique to the particular case, may be resolved before the Panel acts on the motion to transfer."** *Id.* (emphasis added).

The Judicial Panel on Multidistrict Litigation has made clear that district courts may rule on motions for remand, and other pretrial motions, any time before a case is formally transferred to an existing MDL proceeding. *See* Panel Rule 1.5, *supra* (the pendency of a motion does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and "***does not in any way limit the pretrial jurisdiction of that court.***"). Since the Panel has been reluctant to transfer any action which has an important motion under submission to the court, it is entirely appropriate for the Anderson's motion for relief and motion to remand to be heard in the transferor court. *See, e. g., In re Resource Exploration, Inc., Securities Litigation*, 483 F.Supp. 817, 822 (J.P.M.L.1980)("[w]e are persuaded, on principles of comity, to defer our decision

concerning transfer of the Pennsylvania action because of the pendency of the defendants' motion for summary judgment, which is fully submitted to the potential transferor judge); *In re Air Crash Disaster at Tenerife, Canary Islands*, 435 F.Supp. 927, 928 (J.P.M.L. 1977)(based on principles of comity, the Panel deferred ruling pending transferor judge's decision on a matter he has under consideration); *In re Professional Hockey Antitrust Litigation*, 352 F.Supp. 1405, 1406 (J.P.M.L. 1973)(Panel was keenly aware of the problems of the District Courts in which there was pending multidistrict litigation subject to transfer under Section 1407 and had "no disposition . . . to act hastily or without a considerate and well deserved respect for these courts, on principles of comity").[1] Therefore, based upon principles of comity recognized by MDL Panels, this Panel may defer ruling on the conditional transfer order until the Utah District Court considers the plaintiffs' motion for relief asking the District Court to rule on their motion to remand.

In an article on practice before the MDL panel, Judge Nangle, the Chairman of the Judicial Panel on Multidistrict Litigation, stressed that motions for remand are entirely appropriate for decision in the originating court:

> It should be stressed that during the pendency of any Section 1407 transfer matter before the panel, whether pursuant to a transfer motion in a new docket, a transfer motion with respect to a tag-along action, or a motion to vacate a conditional transfer order, the authority of the court in which the

---

1 The Court went on to state that based on "principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts ... to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the panel." *In re Professional Hockey Antitrust Litigation* 352 F.Supp. at 1406.

> action is currently pending remains unaffected. The court's pretrial jurisdiction remains unlimited unless and until a final transfer order becomes effective.
>
> * * *
>
> The flip side of this stay situation arises when the panel is asked to deny or delay transfer because of the pendency of matters in the originating court that may be dispositive of or otherwise relevant to the question of Section 1407 transfer. **These situations, ranging from motions to dismiss, jurisdictional questions, motions to remand to state court, motions to transfer under Section 1404, just as examples, often are indeed appropriate for resolution in the originating court.**

Hon. John F. Nangle, *From the Horse's Mouth: The Workings of the Judicial Panel on Multidistrict Litigation*, 66 DEF. COUNS. J. 341, 342-43 (1999).

Joseph Anderson was diagnosed with mesothelioma on October 10, 2005. He has only a short time to live. Mesothelioma is an "invariably fatal cancer…for which asbestos exposure is the only known cause…" *In re Patenaude*, 210 F.3d 135, 138 (3[d] Cir. 2000), *cert. denied*, 531 U.S. 1011. It kills its victims "generally within two years of diagnosis[,]" during which "[m]esothelioma victims invariably suffer great pain and disability." *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 633 (3d Cir.), *aff'd*, 521 U.S. 591 (1997).

If deliberation on the plaintiffs' motion to remand is delayed, it is almost certain that Mr. Anderson will not live to see his day in court. On the other hand, if the Panel defers ruling on the plaintiffs' motion to vacate the conditional transfer order until the motion for relief is decided by the transferor court, Joseph Anderson is one step closer to a decision of his case on the merits. If the Utah District Court grants the plaintiffs' motion to remand, the Utah State Court has procedures in place that will advance Mr. Anderson's

case through expedited proceedings.[2] Otherwise, the likelihood of Mr. Anderson ever living to have his day in Court is at best remote and, more likely, nonexistent.

## CONCLUSION

Given the circumstances of Mr. Anderson's health, the Andersons respectfully request that this Court defer ruling on the motion to vacate CTO so that the District Court can rule on the pending Motion for Relief.

Respectfully submitted this 8th day of December, 2006.

HATCH, JAMES & DODGE
Mark F. James

LAW OFFICES OF G. PATTERSON KEAHEY
G. Patterson Keahey

LAW OFFICES OF GARY DIMUZIO
Gary M. DiMuzio

By: ______________________
G. PATTERSON KEAHEY
Attorneys for Plaintiff

---

2 In the Andersons' Utah state case, the case management order provides for an exigent trail setting of not later than seven months after the court declares the matter as an exigent case. *See Second Amended Case Management Order No. 1*, Case No. 010900863 AS, in the third Judicial District Court of Salt Lake County, State of Utah. The order specifically provides that "any living plaintiff who has been diagnosed in writing by a Board Certified Pulmonologist with Malignant Mesothelioma, shall be presumed exigent." *Id.*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 15 2006

FILED
CLERK'S OFFICE

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of December, 2006, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid, on the attached list of "Involved Counsel for Schedule CTO-269, Docket No. 875, In Re Asbestos Products Liability Litigation (No. VI):



**INVOLVED COUNSEL LIST (Excerpted from CTO-269)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Barbara K. Berrett
BERRETT & ASSOCIATES
Ken Garff Building
405 South Main Street
Suite 1050
Salt Lake City, UT 84111

Richard C. Binzley
THOMPSON HINE, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
BAKER & HOSTETLER, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Scot A. Boyd
CHRISTENSEN & JENSEN
50 South Main Street
Suite 1500
Salt Lake City, UT 84144

Kamie F. Brown
SNELL & WILMER, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Edward J. Cass
GALLAGHER, SHARP, FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Patricia w. Christensen
PARR, WADDOUPS, BROWN, GEE & LOVELESS
185 South State Street
13th Floor
P. O. Box 11019
Salt Lake city, UT 84147

David A. Damico
BURNS, WHITE & HICKTON, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Steven T. Densley
STRONG & HANNI
9 Exchange Place
6th Floor
Salt Lake City, UT 84111

Dennis C. Ferguson
WILLIAMS & HUNT
257 East 200 South
Suite 500
P. O. Box 45678
Salt Lake City, UT 84145-5678

Raymond P. Forceno
FORCENO & HANNON
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Tracy H. Fowler
SNELL & WILMER, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Richard K. Glauser
SMITH & GLAUSER, PC
7351 South Union Park Avenue
Suite 200
Midvale, UT 84047

Jonathan L. Hawkins
MORGAN, MINNOCK, RICE & JAMES
136 S. Main
Suite 800
Salt Lake City, UT 84101

Mark F. James
HATCH, JAMES & DODGE
10 West Broadway
Suite 400
Salt Lake City, UT 84101

G. Patterson Keahey
LAW OFFICES OF G. PATTERSON KEAHEY, PC
One Independence Plaza
Suite 612
Birmingham, AL 35219

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Dan R. Larsen
SNELL & WILMER, LLP 15
West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Gene Locks
LOCS LAW FIRM, LLC
1500 Walnut Street
Philadelphia, PA 19102

Adam M. Chud
GOODWIN PROCTER, LLP
901 New York Avenue, NW
Washington, DC 20001

Ronald L. Motley
MOTLEY RICE, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

J. Kevin Murphy
KIPP & CHRISTIAN
10 Exchange Place
Fourth Floor
Salt Lake city, UT 84111-2314

Kenneth Leigh Reich
SNOW CHRISTENSEN & MARTINEAU
10 Exchange PL
P. O. Box 45000
Salt Lake City, UT 84145-5000

Andrew J. Trevelise
REED SMITH, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Ross I. Romero
JONES, WALDO, HOLBROOK & McDONOUGH
170 South Main Street
Suite 1500
P. O. box 45444
Salt Lake City, UT 841453

Mark J. Williams
JONES, WALDO, HOLBROOK & MCDONOUGH
170 South Main Street
Suite 1500
P. O. Box 45444
Salt Lake City, Utah 84101

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Richard D. Schuster
VORYS, SATER, SEYMOUR & PEASE, LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Stewart O. Peay
SNELL & WILMER, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Robert E. Swickle
JAQUES ADMIRALITY LAW FIRM, PC
1570 Penosbscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Gregory S. Roberts
RAY QUINNEY & NEBEKER
P. O. Box 45385
Salt Lake City, UT 84145-0385

James K. Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, NE
P. O. Box 998
Cedar Rapids, IA 52406

Ryan J. Schriever
J. JOYCE & ASSOCIATES
P. O. Box 329
Sandy , Utah 84091-0329

Melinda A. Morgan
RICHARDS, BRANDT, MILLER & NELSON
50 S. Main Street, Suite 700
P. O. Box 2465
Salt Lake City, UT 84110

Neil Selman
SELMAN, BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY, JASON,S MCGUIRE & SPINELLI
Centre Square West
15th Floor
Philadelphia, PA 19102

John J. Repcheck
MARKS, O'NEILL, O'BRIEN & COURTNEY
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Katherine E. Venti
PARSONS, BEHLE & LATIMER201 S Main St. Ste 1800
P. O. Box 45898
Salt Lake City, UT 84145

John D. Roven
ROVEN-KAPLAN, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

# EXHIBIT "A"

Mark F. James (5295)
**HATCH, JAMES & DODGE, P.C.**
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

G. Patterson Keahey (*pro hac vice*)
**LAW OFFICES OF G. PATTERSON KEAHEY, P.C.**
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
Telephone: (800) 291-0050
Facsimile: (205) 871-0801

Gary M. DiMuzio (*pro hac vice)*
**LAW OFFICES OF GARY DIMUZIO**
P.O. Box 272909
Houston, Texas 77277
(713) 417-2197
Fax (713) 583-9299

Attorneys for Plaintiffs

| | |
|---|---|
| **IN RE: ASBESTOS CASES OF HATCH, JAMES & DODGE and G. PATTERSON KEAHEY.** | **PLAINTIFFS' MOTION FOR RELIEF** |
| **JOSEPH ALEXANDER ANDERSON, JR., and ARVA ANDERSON** | **CASE NO.: 2:06-CV-741** |
| **Plaintiffs,** | **Judge Stewart** |
| **vs.** | |
| **ASBESTOS DEFENDANTS** | |

Plaintiffs Joseph Alexander Anderson, Jr. and Arva Anderson respectfully request the Court to reconsider its determination not to rule on plaintiffs' motion to remand in this case. The Andersons realize that this Court may, at its discretion, properly defer ruling on their Motion to

Remand and allow the transferee court to decide it or, alternatively, the Court may properly rule on the Motion. The Andersons request that this Court reconsider its decision to defer based on the status of Mr. Anderson's health, of which this Court likely is unaware.

If this Court does not rule on the merits of the Andersons' Motion to Remand, the case will be transferred through MDL proceedings to the federal district court in Philadelphia, where it likely will languish. As explained in the Andersons' accompanying Memorandum, Mr. Anderson has been diagnosed with Mesothelioma, an asbestos-caused disease, and he is terminally ill. If a determination of the merits of the Andersons' Motion to Remand is deferred until a ruling by the transferee federal district court in Philadelphia, there is almost no chance that Mr. Anderson will survive to receive a ruling on his Motion to Remand, let alone surviving to have his day in Court. On the other hand, the state court from which this case was removed has procedures in place that allow for the exigent prosecution of mesothelioma cases. Mr. Anderson's only real chance of receiving a trial while he is alive is if this Court rules on his Motion to Remand.[1]

The Andersons' Motion to this Court is supported by an accompanying memorandum.

Respectfully submitted this 6th day of December, 2006.

HATCH, JAMES & DODGE
Mark F. James

LAW OFFICES OF G. PATTERSON KEAHEY
G. Patterson Keahey

LAW OFFICES OF GARY DIMUZIO
Gary M. DiMuzio

By: /s/ Mark F. James
Mark F. James
Attorneys for Plaintiffs

[1] It this Court addresses the merits of the Motion to Remand and determines that remand is not appropriate, at least Mr. Anderson will have received his day in court on that issue.

Mark F. James (5295)
**HATCH, JAMES & DODGE, P.C.**
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

G. Patterson Keahey (*pro hac vice*)
**LAW OFFICES OF G. PATTERSON KEAHEY, P.C.**
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
Telephone: (800) 291-0050
Facsimile: (205) 871-0801

Gary M. DiMuzio (*pro hac vice)*
**LAW OFFICES OF GARY DIMUZIO**
P.O. Box 272909
Houston, Texas 77277
(713) 417-2197
Fax (713) 583-9299

Attorneys for Plaintiffs

| | | |
|---|---|---|
| **IN RE: ASBESTOS CASES OF HATCH, JAMES & DODGE and G. PATTERSON KEAHEY.** | ) | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF** |
| **JOSEPH ALEXANDER ANDERSON, JR., and ARVA ANDERSON** | ) | **CASE NO.: 2:06-CV-741** |
| **Plaintiffs,** | ) | **Judge Stewart** |
| **vs.** | ) | |
| **ASBESTOS DEFENDANTS** | ) | |

Plaintiffs Joseph Alexander Anderson, Jr. and Arva Anderson submit this Memorandum in support of their Motion for Relief and respectfully request the Court to reconsider its determination not to rule on plaintiffs' Motion to Remand in this case.

**DISCUSSION**

Plaintiffs filed with this Court a motion to remand their case to the Third Judicial District in Salt Lake County, Utah, from which Plaintiffs believe it was wrongly removed. Defendants filed an oposition, to which Plaintiffs replied. In the meantime, on October 20, 2006, the Judicial Panel on Multidistrict Ligtigation, *In re Asbestos Products Liability Litigation* (No. VI) issued Conditional Transfer Order (CTO-269), conditionally transferring the *Anderson* case to the Eastern District of Pennsylvania, assigned to the Honorable James T. Giles. Once transferred to Philadelphia, the case will join thousands of other asbestos cases pending in that Court.

Mr. Anderson has been diagnosed with Mesothelioma. This disease, which is caused by asbestos exposure, rapidly progresses and is always terminal. If the case is transferred to Philadelphia without this Court ruling, it is virtually certain that Mr. Anderson will be dead long before he receives his day in Court.

The "Conditional Transfer Order" issued by the MDL Panel is an administrative device used to expeditiously transfer apparently related cases where there is no opposition to such a transfer. *In re Grain Shipments*, 319 F. Supp. 533, 534 (J.P.M.L. 1970). Because of the conditional nature of the Panel's transfer order, the rules governing multidistrict litigation expressly provide that the transferor district court is not divested of jurisdiction over pre-trial proceedings during the pendency of the conditional transfer order. Rule 1.5 of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 **does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.** A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

The rule provides that the transferor court should not automatically stay discovery or postpone rulings on pending motions, or generally suspend further proceedings upon being notified of the filing of a motion for transfer. 23A Fed. Proc., L. Ed. § 55:23 *citing* RP Jud. Pan. Mult. Lit. 1.5. Specifically, **"[m]atters such as motions to dismiss or to remand, raising issues unique to the particular case, may be resolved before the Panel acts on the motion to transfer."** *Id.* (emphasis added).

The Judicial Panel on Multidistrict Litigation has made clear that district courts may rule on motions for remand, and other pretrial motions, any time before a case is formally transferred to an existing MDL proceeding. *See* Panel Rule 1.5, *supra* (the pendency of a motion does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and "***does not in any way limit the pretrial jurisdiction of that court***.").

In *Faulk v. Owens-Corning Fiberglas Corp.*, 48 F. Supp. 2d 653 (E.D. Tex. 1999), the MDL panel had entered a conditional transfer order prior to the court's ruling on plaintiffs' motion for remand. Nevertheless, the district court considered the motion and granted it, holding squarely that "[i]f this Court lacks subject matter jurisdiction, then it *must* remand this case to the state court from whence it came . . . this case no more belongs in federal court than it does at Multi-District Litigation." *Id.* at 659 (footnotes omitted); s*ee also State of Rio de Janeiro v. Philip Morris, Inc.*, 239 F.3d 714 (5th Cir. 2001) (dismissing appeal of order of remand entered after MDL conditional transfer order was issued).

In an article on practice before the MDL panel, Judge Nangle, the Chairman of the Judicial Panel on Multidistrict Litigation, stressed that motions for remand are entirely appropriate for decision in the originating court:

> It should be stressed that during the pendency of any Section 1407 transfer matter before the panel, whether pursuant to a transfer motion in a new docket, a transfer motion with respect to a tag-along action, or a motion to vacate a conditional transfer order, the authority of the court in which the action is currently pending remains unaffected. The court's pretrial jurisdiction remains unlimited unless and until a final transfer order becomes effective.
>
> * * *
>
> The flip side of this stay situation arises when the panel is asked to deny or delay transfer because of the pendency of matters in the originating court that may be dispositive of or otherwise relevant to the question of Section 1407 transfer. **These situations, ranging from motions to dismiss, jurisdictional questions, motions to remand to state court, motions to transfer under Section 1404, just as examples, often are indeed appropriate for resolution in the originating court.**

Hon. John F. Nangle, *From the Horse's Mouth: The Workings of the Judicial Panel on Multidistrict Litigation*, 66 DEF. COUNS. J. 341, 342-43 (1999).

Joseph Anderson was diagnosed with mesothelioma on October 10, 2005. He has only a short time to live. Mesothelioma is an "invariably fatal cancer…for which asbestos exposure is the only known cause…" *In re Patenaude*, 210 F.3d 135, 138 (3d Cir. 2000), *cert. denied*, 531 U.S. 1011. It kills its victims "generally within two years of diagnosis[,]" during which "[m]esothelioma victims invariably suffer great pain and disability." *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 633 (3d Cir.), *aff'd*, 521 U.S. 591 (1997).

If deliberation on the plaintiffs' motion to remand is delayed, it is almost certain that Mr. Anderson will not live to see his day in court. On the other hand, if after due consideration by this Court, the plaintiffs' motion to remand is decided and the case remanded, the Utah State Court has procedures in place that will advance Mr. Anderson's case through expedited proceedings.[1]

[1] In the Andersons' Utah state case, the case management order provides for an exigent trial setting of no later than seven months after the court declares the matter as an exigent case. *See Second Amended Case Management Order No.1*, Case No. 010900863 AS, in the Third Judicial District Court of Salt Lake County, State of Utah. The order

In the Utah state court proceedings, prior to removal, the plaintiffs sought leave for permission to take an expedited videotape deposition of Joseph Anderson, Jr. because of the deteriorating state of his health. In a declaration attached to the motion for leave, Mr. Anderson's treating physician expressed grave concern about Joseph Anderson's ability to survive for any significant length of time.[2] If Mr. Anderson's case is remanded to state court, the State of Utah has provided him a window of opportunity to have a speedy trial. Otherwise, the likelihood of Mr. Anderson ever living to have his day in Court is at best remote and, more likely, nonexistent.

## CONCLUSION

While Mr. and Mrs. Anderson recognize that this Court has the right to defer to the federal court to which their case ultimately would be transferred, this Court also has the right to consider the merits of the Andersons' Motion to Remand. Given the circumstances of Mr. Anderson's health, the Andersons respectfully request that this Court reconsider its decision not to rule on their pending Motion to Remand.

Respectfully submitted this 6th day of December, 2006.

HATCH, JAMES & DODGE
Mark F. James

LAW OFFICES OF G. PATTERSON KEAHEY
G. Patterson Keahey

LAW OFFICES OF GARY DIMUZIO
Gary M. DiMuzio

By: /s/ Mark F. James
Mark F. James
Attorneys for Plaintiff

---

specifically provides that "any living plaintiff who has been diagnosed in writing by a Board Certified Pulmonologist with Malignant Mesothelioma, shall be presumed exigent." *Id.*

[2] Those documents are part of this Court's file in this case.