MDL 875

ORIGINAL

PLEADING NO. 4924

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

MDL DOCKET NO. 875

CHARLES F. ZETTNER and JUDY J.
ZETTNER,
     Plaintiffs,
     v.
BUFFALO PUMPS, INC., et al.,
     Defendants.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C-06-05905 PJH

**RESPONSE TO PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL
TRANSFER ORDER**

Plaintiffs have filed a Motion for an Order Vacating the Conditional Transfer Order No.
270 in this asbestos case. General Electric Company ("GE") hereby opposes this motion and
requests that it be denied.

## I.    FACTUAL BACKGROUND

Plaintiffs Charles Zettner and Judy Zettner filed an action for personal injury on April 7,
2006, in San Francisco County Superior Court, State of California. The Complaint alleges that

SEDGWICK
DETERT, MORAN & ARNOLD LLP

OFFICIAL FILE COPY

IMAGED DEC 18 2006

1   Charles Zettner ("Zettner") suffers from mesothelioma caused by exposure to asbestos.  Based on

2   Zettner's deposition testimony concerning exposure to asbestos from GE turbines aboard the *USS*

3   *Zelima*, GE timely removed this case to the Northern District of California on September 25,

4   2006.  GE's removal was based on 28 U.S.C. Section 1442(a) (the "federal officer removal

5   statute") and on GE's government contractor defense regarding its construction of those turbines

6   under the direction of the U.S. Navy.  The case was ultimately assigned to Judge Phyllis J.

7   Hamilton.  At the time of the removal, GE notified the Judicial Panel on MultiDistrict Litigation

8   ("Panel") of this tag-along asbestos action.

9       GE filed a motion to stay the action in Judge Hamilton's courtroom, pending transfer of

10  this asbestos claim by the Panel to the Eastern District of Pennsylvania for consolidated pretrial

11  proceedings.  The hearing on the Motion for Stay was set for November 29, 2006.  Plaintiffs filed

12  a Motion for Remand on October 25, 2006, with a hearing date also set for November 29, 2006.

13      Plaintiffs filed their Opposition to GE's Motion to Stay on November 8, 2006.  Later that

14  same day, Judge Hamilton – now having had time to consider both GE's Motion for Stay and

15  plaintiffs' Opposition thereto – granted GE's Motion for Stay without oral argument.  Among

16  other things, the Order explicitly vacated the hearing date for plaintiffs' Motion for Remand.

17  Judge Hamilton's Order specifically referred to the Conditional Transfer Order No. 270 ("CTO")

18  and the pending transfer of this asbestos case to the Eastern District of Pennsylvania as the reason

19  for granting the stay.  (The CTO in this case is attached hereto as Exhibit A; Judge Hamilton's

20  Order staying the action and vacating the hearing date on plaintiffs' Motion for Remand is

21  attached hereto as Exhibit B.)

22                    **II.    DISCUSSION**

23      **A.    Plaintiffs' Motion to Vacate the CTO Should Be Denied, Because This Case –**
            **Like All Other Federal Asbestos Cases – Should Be Transferred to the**
24          **Eastern District of Pennsylvania.**

25

26      Plaintiffs' Motion to Vacate the CTO should be denied, and the case should be

27  transferred to the Eastern District of Pennsylvania for consolidated pre-trial proceedings in that

28  court.  This case shares common questions of fact with all other federal asbestos pending in that

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    court.  In addition, the Eastern District is the appropriate forum for plaintiffs' Motion for

2    Remand to be heard, in light of Judge Giles experience in handling federal asbestos cases and the

3    need for uniformity concerning the jurisdictional issues raised by GE's removal.

### 1.    This Case Should Be Transferred to the Eastern District of Pennsylvania Because It Shares Common Questions of Fact With Other Asbestos Cases Consolidated There.

7    Plaintiffs offer virtually no legal support for their motion grounded in the statute

8    embodying Congress's desire that federal actions of certain kinds be consolidated in particular

9    federal courts (*see* 28 U.S.C. Section 1407), in this Panel's 1991 decision to consolidate all

10   federal asbestos actions in the Eastern District of Pennsylvania, or in any other statute or in case

11   law.  Plaintiffs do not – because they cannot – offer any evidence that this case is not one sharing

12   "common questions of fact" (*see* 28 U.S.C. Section 1407(a)) with other asbestos actions

13   consolidated in that district court.  Plaintiffs' sole argument for vacating the CTO is that there is

14   currently no court that can hear their Motion for Remand.  However, in light of this Panel's

15   decision to consolidate all federal asbestos cases in the Eastern District of Pennsylvania,

16   plaintiffs' argument actually supports *granting* the CTO and transfer of this action to that court.

17   According to 28 U.S.C. Section 1407(a) , civil actions involving "one or more common

18   questions of fact" may be transferred to a particular district for consolidated pretrial proceedings.

19   Transfers to the appropriate district court "*shall* be made by the judicial panel . . . upon its

20   determination that transfers for such proceedings will be for the convenience of the parties and

21   witnesses and will promote the just and efficient conduct of such actions." (*Id.;* emphasis

22   added.)  In its 1991 decision transferring all federal asbestos actions to the Eastern District of

23   Pennsylvania, this Panel noted that the proper forum for resolution of pretrial substantive and

24   procedural issues – such as plaintiffs' Motion for Remand in this case – is "the transferee court."

25   *See In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415, 421 (J.P.M.L 1991),

26   citing 28 U.S.C. Section 1407(a).  According to the CTO transferring this action, over 104,000

27   federal asbestos cases have been transferred to the Eastern District of Pennsylvania.  In

28   subsequent asbestos transfer orders, the Panel has stated time and again that "in the Panel's

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    original decision [*In Re Asbestos Products Liability Litigation (No. VI)*], distinctions based on

2    such matters as *the pendency of motions* . . . before the transferor court, the uniqueness of a

3    party's status, the stage of pretrial proceedings, [and] the presence of unique claims . . . were

4    considered and rejected by the Panel as grounds for carving out exceptions to transfer in this

5    extraordinary docket." (A number of the Panel's prior asbestos transfer orders are attached

6    hereto as Exhibit C.)  Plaintiffs offer no argument as to how this case differs in any relevant

7    aspect from the other federal asbestos cases, nor any reasons why it should be treated differently

8    from them.

9         2.    **The Proper Forum for Plaintiffs' Motion to Remand is the Eastern**
              **District of California.**

10

11        Rather than providing any factual or legal argument for vacating the CTO, plaintiffs

12   simply argue that the CTO should be vacated because there is currently no court that can hear

13   their Motion for Remand.  It is true that this Panel cannot hear that Motion.  The Northern

14   District of California could hear the Motion if it so desired; however, that Court has clearly

15   signaled, through its decision to stay the entire action and to vacate the hearing on plaintiffs'

16   Motion for Remand, that it believes that the proper forum for plaintiffs' Motion is the Eastern

17   District of Pennsylvania.  However, the obvious solution to plaintiffs' problem is to allow their

18   asbestos action to be transferred to the federal asbestos consolidation in the Eastern District of

19   Pennsylvania, where Judge Giles can hear plaintiffs' Motion.  In light of the fact that all federal

20   asbestos cases have been handled since 1991 in the Eastern District, that court is the proper

21   forum for plaintiffs' Motion, and Judge Giles is the appropriate Judge hear and decide it.  Judge

22   Giles has greater experience than the transferor court in handling asbestos cases and deciding the

23   issues raised by them, including the jurisdictional issues concerning removal pursuant to the

24   federal officer removal statute generally, as well as the specific government contractor defense

25   which forms a part of the basis for GE's removal pursuant to that statute.

26        The desirability of uniformity of decision regarding the jurisdictional issues raised by

27   GE's removal also compel transfer of this action to Judge Giles.  Uniformity of decision was one

28   of the specific reasons why the federal asbestos consolidation was created in the first place.  *See*

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. at 419-20.  In this case (and

2   without going into the substantive merits of GE's argument), GE's removal raises new and

3   complex issues regarding federal removal jurisdiction based on the government contractor

4   defense that – to GE's knowledge – have never been addressed before in the federal asbestos

5   litigation.  In addition, GE has numerous cases in California and other states wherein the same

6   jurisdictional issues will be raised (not to mention the many other asbestos defendants that will

7   be impacted by the ruling on the issues raised by GE's removal).  Having different judges across

8   the country render conflicting decisions regarding essentially the same facts and legal issues can

9   be avoided by having plaintiffs' Motion for Remand be heard by Judge Giles.

10   Judge Giles is the appropriate judge to hear plaintiffs' Motion for Remand and GE's

11   arguments in favor of federal jurisdiction for other reasons as well: he has the experience in

12   asbestos cases; he has been tasked with handling all federal asbestos cases; a ruling by him will

13   promote uniformity of decision; and uniformity of decision will conserve judicial resources and

14   the resources of the parties, because these issues will have been decided by the Judge who would

15   be deciding future cases involving the same issues.

16   ### 3.   Vasura v. ACandS, Cited by Plaintiffs, Is Not to the Contrary.

17   Plaintiffs cite *Vasura v. ACandS* for the proposition that this Panel has in the past vacated

18   a CTO in an asbestos action so that the transferor court may hear a motion to remand.  *See*

19   *Vasura*, 84 F.Supp.2nd 531 (S.D.N.Y 2000).  However, the facts of *Vasura* are clearly

20   distinguishable from this case, and so it provides absolutely no guidance to the Panel regarding

21   plaintiffs' Motion.  In *Vasura*,  plaintiffs brought a motion to remand the action.  After the

22   motion had been briefed by the parties and was under consideration by Judge Haight (the judge

23   of the originating district court), this Panel issued a CTO transferring the case to the Eastern

24   District of Pennsylvania.  While the CTO was still pending, Judge Haight asked Judge Weiner of

25   the Eastern District to send the case back to him so he could decide the remand motion himself.

26   Judge Weiner then referred the decision to the Panel, which vacated the CTO and in light of the

27   Judge Haight's request the Panel vacate the CTO and send the case back to him.

28   The facts in this case compel the opposite course by this Panel.  Here, rather than

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  soliciting Judge Giles or this Panel to be allowed to hear the motion, Judge Hamilton of the

2  Northern District of California granted GE's motion to stay the entire action and vacated the

3  hearing date on plaintiffs' Motion to Remand.  In her Order, Judge Hamilton explicitly referred

4  to the pending transfer of this case by the Panel to the Eastern District of Pennsylvania.  Rather

5  than wait until the November 29, 2006 hearing date on GE's Motion to Stay, Judge Hamilton

6  granted the Motion as soon as she had had the opportunity to review plaintiffs' opposition, and

7  indicated that the Motion for Remand should be heard by in the Eastern District.

8      In addition, because GE received the Order on the morning that its Opposition to

9  plaintiffs' Motion for Remand was due, GE has not filed its Opposition to that Motion.  Judge

10  Hamilton has therefore not had an opportunity to review GE's Opposition, and there would

11  therefore be no duplication and waste of judicial resources when Judge Giles reviews the moving

12  and opposing papers on the Motion to Remand.  Unlike Judge Haight in the *Vasura* case (who

13  actively solicited the opportunity to hear the motion to remand that he had already considered),

14  Judge Hamilton has not reviewed the all of the remand papers, has not considered the merits of

15  the parties' arguments, and has sent the clearest signal possible that, in light of Section 1407 and

16  the rationale of *In Re Asbestos Products Liability Litigation (No. VII)*, she believes that the

17  Eastern District of Pennsylvania would be the best and most appropriate forum for plaintiffs'

18  Motion for Remand.

19                    **III.    CONCLUSION**

20      For all of the reasons discussed above, GE respectfully requests that Plaintiff's Motion To

21  Vacate the Conditional Transfer Order be denied.

22  Dated: December 14, 2006           SEDGWICK, DETERT, MORAN & ARNOLD LLP

23

24                          By _____

25                            Marc Brainich
                             Charles T. Sheldon
26                           Sedgwick, Detert, Moran & Arnold LLP
                             One Market Plaza, Steuart Tower, 8th Floor
27                           San Francisco, CA  94105
                             415-781-7900 (phone) / 415-781-2635 (facsimile)
28                           Attorneys for Defendant
                             GENERAL ELECTRIC COMPANY



MULTIDISTRICT LITIGATION

DEC 1 8 2006

FILED
CLERK'S OFFICE

1

**PROOF OF SERVICE**

2      I am a resident of the State of California, over the age of eighteen years, and not a party to
the within action.  My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market
3   Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105.   On December 14, 2006, I
served the within document(s):

4

**GENERAL ELECTRIC COMPANY'S RESPONSE TO PLAINTIFFS'**
5      **MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER**

6      ☐      FACSIMILE - by transmitting via facsimile the document(s) listed above to the
fax number(s) set forth on the attached Telecommunications Cover Page(s) on this
7             date before 5:00 p.m.

8      ☒      MAIL - by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States mail at San Francisco, California
9             addressed as set forth below.

10     ☐      OVERNIGHT COURIER - by placing the document(s) listed above in a sealed
envelope with shipping prepaid, and depositing in a collection box for next day
delivery to the person(s) at the address(es) set forth below via .

11

SEE ATTACHED SERVICE LIST          SEE ATTACHED SERVICE LIST
12

13     I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
14   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
15   meter date is more than one day after date of deposit for mailing in affidavit.

16     I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.

17     Executed on December 14, 2006, at San Francisco, California.

18
Jill K. Horner
19

20

21

22

23

24

25

26

27

**SEDGWICK** 28
DETERT, MORAN & ARNOLD LLP

SF/1375494v1

CHARLES/JUDY ZETTNER VS. BUFFALO PUMPS, INC., ET AL.
USDC No. C 06-05905 PJH
OUR CLIENT: DEFENDANT GENERAL ELECTRIC COMPANY
OUR FILE NO. 0045-088348

### SERVICE LIST

C. Andrew Waters, Esq.                          Attorneys For Plaintiff
Michael L. Armitage, Esq.
John S. Janofsky, Esq.
WATERS & KRAUS, LLP
222 North Sepulveda Boulevard, Suite 1900
El Segundo, CA  90245
Tel: (310) 414-8146 / Fax: (310) 414-8156

Jeffrey A. Kaiser, Esq.                          Attorneys For Plaintiff
LEVIN, SIMES, KAISER & GORNICK, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: (415) 646-7160 / Fax: (415) 981-1270

SELMAN BREITMAN, LLP                          Counsel for Defendant Sepco Corp.
33 New Montgomery Street, Sixth Floor
San Francisco, CA  94105-4537
Tel. (415) 979-0400 / Fax. (415) 979-2099

JACKSON & WALLACE                          Counsel for Defendant Buffalo Pumps, Inc.
55 Francisco Street, 6th Floor
San Francisco, CA  94133
Tel. (415) 982-6300 / Fax. (415) 982-6700

MORGENSTEIN & JUBELIRER                          Counsel for Defendant Owens-Illinois, Inc.
One Market Plaza,
Spear Street Tower, 32nd Floor
San Francisco, CA  94105
Tel. (415) 901-8700 / Fax. (415) 901-8701

PRINDLE, DECKER & AMARO, LLP                          Counsel for Defendant Triple A Machine
369 Pine Street, Suite 800                          Shop, Inc.
San Francisco, CA  94104
Tel. (415) 788-8354 / Fax. (415) 788-3625

Jeffery J. Fadeff, Esq.                          Counsel for Defendant J.T. Thorpe & Son
BASSI, MARTINI & BLUM
351 California Street / Suite 200
San Francisco, Ca 94104
Tel: 415-397-9006 / Fax: 415-397-1339

CHARLES/JUDY ZETTNER VS. BUFFALO PUMPS, INC., ET AL.
USDC NO. C 06-05905 PJH
OUR CLIENT: DEFENDANT GENERAL ELECTRIC COMPANY
OUR FILE NO. 0045-088348

| | |
|---|---|
| Douglas G. Wah, Esq. (Anticipated Counsel)<br>BISHOP, BARRY, HOWE, HANEY &<br>RYDER<br>2000 Powell Street / Suite 1425<br>Emeryville, CA 94608<br>Tel: 510-596-0888 / Fax: 510-596-0899 | Counsel for Defendant Thorpe Insulation<br>Company |
| John R. Brydon, Esq.<br>BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105-1812<br>Tel: 415-808-0300 / Fax: 415-808-0333 | Counsel for Defendant J. Line Pump Company<br><br>d/b/a American-Marsh Pump, Inc. |
| Robert J. Lyman, Esq.<br>BURNHAM BROWN<br>PO Box 119<br>Oakland, CA 94604<br>Tel: 510-444-6800 / Fax: 510-835-6666 | Counsel for Defendant Fryer-Knowles, Inc. |
| Thomas C. Crosby, Esq.<br>CROSBY & ROWELL LLP<br>The American Bag Building<br>299 Third Street, Second Floor<br>Oakland, CA 94607<br>Tel: 510-267-0300 / Fax: 510-839-6610 | Counsel for Defendant Goulds Pumps,<br>Incorporated |
| Eugene Brown, Jr., Esq.<br>FILICE BROWN EASSA & MCLEOD<br>1999 Harrison Street / 18th Floor<br>Oakland, CA 94612-3541<br>Tel: 510-444-3131 / Fax: 510-839-7940 | Counsel for Defendant General Motors<br>Company<br><br>(Parent Company Fisher Body) |
| James Braze, Esq. (Anticipated Counsel)<br>GORDON & REES, LLP<br>275 Battery Street, Twentieth Floor<br>San Francisco, CA 94111<br>Tel: 415-986-5900 / Fax: 415-986-8054 | Counsel for Defendant Ingersoll-Rand<br>Company |
| Raymond Gill, Esq.<br>KIRKPATRICK & LOCKHART<br>NICHOLSON GRAHAM, LLP<br>Four Embarcadero Center / 10th Floor<br>San Francisco, CA 94111<br>Tel: 415-249-1000 / Fax: 415-249-1001 | Counsel for Defendant Crane Co. |

CHARLES/JUDY ZETTNER VS. BUFFALO PUMPS, INC., ET AL.
USDC NO. C 06-05905 PJH
OUR CLIENT: DEFENDANT GENERAL ELECTRIC COMPANY
OUR FILE NO. 0045-088348

| | |
|---|---|
| Monte S. Travis, Esq. (Anticipated Counsel)<br>LAW OFFICE OF TRAVIS & PON<br>2271 California Street<br>San Francisco, CA 94115<br>Tel: 415-923-1200 / Fax: 415-673-6263 | Counsel for Defendant Plant Insulation Company |
| David M. Glaspy, Esq. (Anticipated Counsel)<br>LAW OFFICES OF GLASPY & GLASPY<br>100 Pringle Avenue, Suite 750<br>Walnut Creek, CA 94596<br>Tel: 925-947-1300 / Fax: 926-947-1594 | Counsel for Defendant Garlock Sealing Technologies, LLC |
| Mortimer H. Hartwell, Esq.<br>MORGAN, LEWIS & BOCKIUS<br>One Market Street / Spear Tower<br>San Francisco, CA 94105<br>Tel: 415-442-1000 / Fax: 415-442-1001 | Counsel for Defendant Yarway Corporation |
| Michael T. McCall, Esq.<br>WALSWORTH, FRANKLIN, BEVINS & MCCALL, LLP<br>One City Boulevard West, Fifth Floor<br>Orange, CA 92868-3677<br>Tel: 714-634-2522 / Fax: 714-938-9776 | Counsel for Defendants Electrolux Home Products, Inc.,<br><br>Quintec Industries, Inc. and<br><br>Thomas Dee Engineering Co., Inc. |
| POOLE & SHAFFERY, LLP<br>445 South Figueroa Street, Suite 2520<br>Los Angeles, CA 90071<br>213-439-5390 / Fax: 213-439-0183 | Counsel for Defendant Joy Technologies, Inc. |
| Richard C. Binzley<br>THOMPSON HINE, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | Counsel for |
| Edward J. Cass<br>GALLAGHER, SHARP, FULTON &<br>NORMAN BULKLEY BUILDING<br>1501 Euclid Avenue, 7th Floor<br>Cleveland, OH 44115 | Counsel for |

CHARLES/JUDY ZETTNER VS. BUFFALO PUMPS, INC., ET AL.
USDC NO. C 06-05905 PJH
OUR CLIENT: DEFENDANT GENERAL ELECTRIC COMPANY
OUR FILE NO. 0045-088348

Adam M. Chud                              Counsel for
GOODWIN PROCTER, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico                           Counsel for
BURNS, WHITE & HICKTON, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno                        Counsel for
FORCENO & HANNON
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman                           Counsel for
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen                           Counsel for
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer                        Counsel for
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin                           Counsel for
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks                                Counsel for
LOCKS LAW FIRM, LLC
1500 Walnut Street
Philadelphia, PA 19102

CHARLES/JUDY ZETTNER VS. BUFFALO PUMPS, INC., ET AL.
USDC NO. C 06-05905 PJH
OUR CLIENT: DEFENDANT GENERAL ELECTRIC COMPANY
OUR FILE NO. 0045-088348

Ronald L. Motley                              Counsel for
MOTLEY RICE, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck                              Counsel for
MARKS, O'NEILL, O'BRIEN & COURTNEY
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven                                 Counsel for
ROVEN-KAPLAN, L.L.P.
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster                           Counsel for
VORYS, SATER, SEYMOUR & PEASE, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman                                   Counsel for
SELMAN, BREITMAN & BURGESS
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel                             Counsel for
WATERS & KRAUS, LLP
3219 McKinney Avenue
Dallas, TX 75204

Robert N. Spinelli                            Counsel for
KELLEY, JASONS, MCGUIRE & SPINELL
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle                             Counsel for
JAQUES ADMIRALTY LAW FINN, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

CHARLES/JUDY ZETTNER VS. BUFFALO PUMPS, INC., ET AL.
USDC NO. C 06-05905 PJH
OUR CLIENT: DEFENDANT GENERAL ELECTRIC COMPANY
OUR FILE NO. 0045-088348

Andrew J. Trevelise                          Counsel for
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II                          Counsel for
TOM RILEY LAW Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

EXHIBIT A

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:         [202] 502-2888

http://www.jpml.uscourts.gov

November 3, 2006

RECEIVED
SEDGWICK DETERT
MORAN & ARNOLD

NOV 0 8 2006

ASBESTOS
CALENDAR DEPT.

TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-270)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:  November 20, 2006  (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Teresa Bishop*
Deputy Clerk

Attachments

JPML Form 39

Exhibit __A__

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

### DOCKET NO. 875

NOV 0 3 2006

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-270)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 81,486 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**SCHEDULE CTO-270 - TAG-ALONG ACTIONS**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

<u>DIST. DIV. C.A. #</u>         <u>CASE CAPTION</u>

CALIFORNIA NORTHERN
  CAN 3  06-5905        Charles F. Zettner, et al. v. Buffalo Pumps, Inc., et al.

FLORIDA SOUTHERN
  FLS 9  06-80910      Kenneth Jaye, et al. v. General Electric Co.
  FLS 9  06-80911      Flora E. Palmeter, etc. v. General Electric Co.
  FLS 9  06-80923      Thomas Schoemann, et al. v. General Electric Co.
  FLS 9  06-80924      Arthur E. Kelly, et al. v. General Electric Co.

NORTH CAROLINA MIDDLE
  NCM 1  06-844       Quincy W. Faile v. A.W. Chesterton, Inc., et al.
  NCM 1  06-849       Richard Ray Sifford, et al. v. Aqua-Chem, Inc., et al.
  NCM 1  06-850       Harry Brown Graham, Sr. v. Aqua-Chem, Inc., et al.
  NCM 1  06-851       Johnny Everette Joyce, et al. v. Aqua-Chem, Inc., et al.
  NCM 1  06-855       Jeffery Charles Edwards, etc. v. Aqua-Chem, Inc., et al.
  NCM 1  06-862       Rickie Joann Simpson, et al. v. Aqua-Chem, Inc., et al.
  NCM 1  06-865       Richard W. Waggoner, et al. v. A.W. Chesterton, Inc., et al.

NORTH CAROLINA WESTERN
  NCW 1  06-311       Donald G. Lemley, et al. v. Aqua-Chem, Inc., et al.
  NCW 1  06-312       Anita Welborn Williams, etc. v. Aqua-Chem, Inc., et al.
  NCW 1  06-313       Douglas L. Ivey, etc. v. Aqua-Chem, Inc., et al.
  NCW 1  06-314       Clyde Earl Scruggs, et al. v. Aqua-Chem, Inc., et al.
  NCW 1  06-317       Bessie W. Anderson v. A.W. Chesterton, Inc., et al.
  NCW 1  06-321       Jane H. Farley, etc.v. A.W. Chesterton, Inc., et al.
  NCW 1  06-322       Ronnie L. Blaylock, et al. v. 3M Co., et al.

# INVOLVED COUNSEL LIST (CTO-270)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Valerie A. Conzo
1212 S.E. 3 Avenue
Ft. Lauderdale, FL 33316

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

James L. Ferraro
Ferraro Law Firm
4000 Ponce de Leon Blvd.
Suite 700
Miami, FL 33146

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Dino Gale Galardi
Ferraro Law Firm
4000 Ponce De Leon Blvd.
Suite 700
Miami, FL 33146

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jeffrey A. Kaiser
Levin Simes Kaiser & Gornick, LLP
1 Bush Street
14th Floor
San Francisco, CA 94104

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Alexandra M. Ozols
Sedgwick, Detert, Moran & Arnold
One Market Plaza Steuart Tower
8th Floor
San Francisco, CA 94105

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Kirk G. Warner
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

C. Andrew Waters
Waters & Kraus, LLP
222 North Sepulveda Boulevard
Suite 1900
El Segundo, CA 90245

Jacob H. Wellman
Teague, Campbell, Dennis & Gorham
4800 Six Forks Road
Suite 300
P.O. Box 19207
Raleigh, NC 27619-9207

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**RULE 7.4:**   **CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"**

(a)   Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)   Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)   Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)   Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)   Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)   Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

**RULE 7.5:**   **MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"**

(a)   Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)   Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)   Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)   A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)   Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

**RULE 5.2:**   **SERVICE OF PAPERS FILED**

(a)   All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party represented by each. If a party is address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" . described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" . be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)   The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)   Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)   In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)   If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

**EXHIBIT B**

**United States District Court**
For the Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7
8
   CHARLES F. ZETTNER, et al.,
9
               Plaintiffs,                    No. C 06-5905 PJH
10
        v.                                    **ORDER GRANTING DEFENDANT'S**
11                                            **MOTION TO STAY ACTION PENDING**
   BUFFALO PUMPS, INC., et al.,               **DECISION ON TRANSFER**
12
               Defendant.
13                                      /
14        The Judicial Panel on Multidistrict Litigation having issued a conditional transfer
15   order in the above-entitled action, the court finds that the motion of defendant General
16   Electric Company to stay all proceedings pending a decision on transfer should be
17   GRANTED.
18        Accordingly, the action is STAYED.  The date for the hearing on defendant's motion
19   to stay and plaintiffs' motion to remand, previously set for Wednesday, November 29, 2006,
20   is hereby VACATED.
21
22   **IT IS SO ORDERED.**
23   Dated: November 8, 2006
24                                      _____
25                                      PHYLLIS J. HAMILTON
                                        United States District Judge
26
27
28

Exhibit B

**EXHIBIT C**



FEB -5

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS,* LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

### TRANSFER ORDER

Before the Panel are motions brought. pursuant to Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998), by plaintiffs in the actions listed on the attached Schedule A and pending in three districts as follows: 47 actions in the District of Massachusetts, four actions in the District of Montana and one action in the Western District of Washington. Movants request that the Panel vacate the portions of its orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and/or the hearing held,[1] the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court.[2] the uniqueness of a party's status, the type of defendant, the docket condition of any

---

[*] Judge Sanders took no part in the decision of this matter.

[1] The parties to the Western District of Washington actions waived oral argument and, accordingly. the question of Section 1407 transfer of the action was submitted on the briefs. Rule 16.2, R.P.J.P.M.L., 181 F.R.D. 1, 14 (1998)

[2] Parties in certain of the actions before the Panel have argued that transfer should be denied or deferred in order to permit the judges assigned the actions to rule on various potentially dispositive pending motions. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action.

(continued...)

Exhibit C 

specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of these actions now before the Panel. We note that under Judge Weiner's stewardship, as of January 31, 1999, i) nearly 60,000 actions have been closed in the transferee district, and ii) nearly 1,000 actions or claims therein have been returned to their originating transferor districts. To parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 181 F.R.D. at 11-13. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

(...continued)
issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra*, 181 F.R.D. at 3, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

NOV 3 0 1998

MULTIDISTRICT LITIGATION

NOV 25 1998

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

*DOCKET NO. 875*

FILED
CLERK'S OFFICE

NOV 23

ATTEST _____
FOR THE JUDICIAL PANEL
MULTIDISTRICT LITIGATION

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*Ellis H. Smith, et al. v. Champion International Corp., et al., S.D. Texas, C.A. No. 4:98-1852*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE
A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND
JOHN F. KEENAN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998), by plaintiffs in the above-captioned Southern District of Texas action (*Smith*) requesting that the Panel vacate the portions of its order conditionally transferring (*Smith*) to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed,[1] the Panel finds that *Smith* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of *Smith* to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of *Smith* is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel. To any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 181 F.R.D. at 11-13. We are confident that Judge Weiner will continue

_____

[1] The parties to *Smith* waived oral argument and, accordingly, the question of Section 1407 transfer of the action was submitted on the briefs. Rule 16.2, R.P.J.P.M.L., 181 F.R.D. 1, 14 (1998).

- 2 -

to promptly review arguments for returning transferred actions or claims to their transferor courts and take all appropriate steps to assure their speedy return whenever he is convinced that retention in the M 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned act entitled *Ellis H. Smith, et al. v. Champion International Corp., et al.*, S.D. Texas, C.A. No. 4:98-1852, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of t court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pret proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman



## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Raymark Industries, Inc. v. Frederick M. Baron, et al.,* N.D. Texas, C.A. No. 3:98-673

### BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT,* CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS,* LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 12, R.P.J.P.M.L. 147 F.R.D. 589, 596 (1993), by plaintiff in the above-captioned action (*Raymark*) requesting that the Panel vacate the portion of its order conditionally transferring *Raymark* to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner. Defendants in *Raymark* support transfer of the action.

On the basis of the papers filed and the hearing held, the Panel finds that *Raymark* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of *Raymark* is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial relating to allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, and/or the presence of unique claims or additional claims not relating to injury or death, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We find no reason to depart from this approach in dealing with the question of transfer of the action now before the Panel. We point out that *Raymark,* an action that challenges attorney defendants' professional conduct of asbestos cases brought by them on behalf of personal injury claimants, can be expected to raise issues concerning not only the viability of the underlying asbestos products liability claims, but also questions of judicial management and discovery that are already (with respect to the MDL-875 cases) subject to the jurisdiction and control of Judge Weiner. In opposing transfer, plaintiff

---

*Judges Enright and Sanders took no part in the decision of this matter.

- 2 -

has placed great reliance on the fact that another action between these parties, ordered transferred by the Panel from the District of Utah following its January 1998 hearing, was almost immediately remanded by the Panel following a suggestion of remand from Judge Weiner who concluded, *inter alia*, that the action did not fall within the scope of his MDL-875 actions. The "precedential" value of the Utah case, however, is severely undercut by the fact that another action involving these parties and asserting claims of vexatious litigation (*Raymark Industries, Inc. v. Peter G. Angelos, et al.*, N.D. Georgia, C.A. No. 1:96-940) was ordered transferred by the Panel after a September 1996 hearing and remains pending before Judge Weiner. We therefore view the disposition of the Utah case as rather illustrating the continuing wisdom of the transfer approach adopted by the Panel in this docket: 1) actions meeting the Panel's threshold for transfer are ordered transferred under Section 1407; and 2) any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable then present their arguments to the transferee judge, who, whenever he deems remand of any claims or actions proper, invokes the available procedures whereby this may be accomplished with a minimum of delay. *See* Rule 14, R.P.J.P.M.L., *supra*, 147 F.R.D. at 597-99. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Raymark Industries, Inc. v. Frederick M. Baron, et al.*, N.D. Texas, C.A. No. 3:98-673, be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

*DOCKET NO. 875*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Rosemarie Molfetta, et al. v. ACandS, Inc., et al., S.D. New York, C.A. No. 1:98-3440*
*Vonnie K. Agner, et al. v. Fluor Daniel, Inc., et al., W.D. North Carolina, C.A. No. 3:98-220*
*Dewey Gillham v. Owens-Corning Corp., et al., N.D. Oklahoma, C.A. No. 4:98-291*
*Marsalete Ingram, etc. v. Garlock, Inc., et al., N.D. Oklahoma, C.A. No. 4:98-292*

## BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT,* CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS,*  LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiffs in the four above-captioned Southern District of New York, Western District of North Carolina and Northern District of Oklahoma actions requesting that the Panel vacate the portions of its orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and/or the hearing held,[1] the Panel finds that these four actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status, the type of defendant, the docket

---

*Judges Enright and Sanders took no part in the decision of this matter.

[1] The parties to the two Oklahoma actions waived oral argument and, accordingly, the question of Section 1407 transfer of those actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

[2] Parties in certain of the actions before the Panel have argued that transfer should be denied or deferred in

(continued...)

- 2 -

condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of these actions now before the Panel. To parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 14, R.P.J.P.M.L., *supra*, 147 F.R.D. at 597-99. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the four above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

---

(...continued)

order to permit the judges assigned the actions to rule on various potentially dispositive pending motions. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 18, R.P.J.P.M.L., *supra*, 147 F.R.D. at 601, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

JUDICIAL PA;
MULTIDIST!
LITIGATI!

SEP 10

FILED
CLERK'S OF.

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Cleo Jones, et al. v. Georgia Pacific Corp., et al.*, N.D. Georgia, C.A. No. 1:98-745
*Patrick Francis Norwood, et al. v. Georgia Pacific Corp., et al.*, N.D. Georgia. C.A. No. 1:98-746
*Jay Otis McKellips, et al. v. Georgia Pacific Corp., et al.*, N.D. Georgia. C.A. No. 1:98-747
*Jerry Paul Terry, et al. v. Georgia Pacific Corp., et al.*, N.D. Georgia, C.A. No. 1:98-748

## BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS,[*] LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiffs in the four above-captioned Northern District of Georgia actions requesting that the Panel vacate the portions of its orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and the hearing held, the Panel finds that these four actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of these actions now before the Panel. To parties that believe the uniqueness of their particular situation renders inclusion of their action(s) in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems

---

[*] Judge Sanders took no part in the decision of this matter.

- 2 -

remand of any claims or actions appropriate, procedures are available whereby this may be accomplishe with a minimum of delay. *See* Rule 14, R.P.J.P.M.L., *supra*, 147 F.R.D. at 597-99. We are confident tha Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the four above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

*DOCKET NO. 875*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED MAY 26 199

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Fred Earl McGinty, et al. v. Anchor Packing Co., et al.*, N.D. California, C.A. No. 3:98-664
*James Williams v. Norfolk Southern Railway Co., et al.*, W.D. North Carolina, C.A. No. 1:97-308
*Bruce Ensley v. Norfolk Southern Railway Co., et al.*, W.D. North Carolina, C.A. No. 1:97-309
*Stephen A. Allegretto, et al. v. A Cand S, Inc., et al.*, D. Rhode Island, C.A. No. 1:97-692
*Thomas Joines v. CSX Transportation, Inc.*, E.D. Tennessee, C.A. No. 1:97-489
*Paul Hutchins v. CSX Transportation, Inc.*, E.D. Tennessee, C.A. No. 2:97-397
*Millard Garland v. CSX Transportation, Inc.*, E.D. Tennessee, C.A. No. 2:97-399

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR.,[*] WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS[*] AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiffs in the seven above-captioned Northern District of California, Western District of North Carolina, District of Rhode Island and Eastern District of Tennessee actions requesting that the Panel vacate the portions of its orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and/or the hearing held,[1] the Panel finds that these seven actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note

---

[*]Judges Merhige and Sanders took no part in the decision of this matter.

[1]The parties to all but the California action waived oral argument and, accordingly, the question of Section 1407 transfer of the North Carolina, Rhode Island and Tennessee actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

S

that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of these actions now before the Panel. To parties that believe the uniqueness of their particular situation renders inclusion of their action(s) in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 14, R.P.J.P.M.L., supra, 147 F.R.D. at 597-99. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the seven above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

*XC 5/27/98: liaison counsel*
*Certified copies: USDC TNE*
       *RI*
       *CAN*
       *NCW*

FOR THE PANEL:

John F. Nangle
Chairman

ENTERED: 5/27/98

CLERK OF COURT

[2] Parties in certain of the actions before the Panel have argued that transfer should be denied or deferred in order to permit the judges assigned the actions to rule on various potentially dispositive pending motions. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 18, R.P.J.P.M.L., supra, 147 F.R.D. at 601, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# DOCKET NO. 875

JUL -5 95

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

46 S.D. Illinois Actions (see attached Schedule A)

*Jerry Brown v. CN North America Grand Trunk Western, Inc.*, E.D. Michigan, C.A. No. 2:95-75802

*Joseph Donocles v. CN North America Grand Trunk Western, Inc.*, E.D. Michigan, C.A. No. 2:95-75805

*Leander Miller v. CN North America Grand Trunk Western, Inc.*, E.D. Michigan, C.A. No. 2:95-75807

*Berie Miller v. CN North America Grand Trunk Western, Inc.*, E.D. Michigan, C.A. No. 2:95-75808

*Lorraine Fouse, et al. v. Owens-Corning Fiberglas Corp.*, C.D. California, C.A. No. 2:95-4366

*Robert Thurman v. Owens-Illinois, Inc., et al.*, W.D. Kentucky, C.A. No. 3:96-55

*Highlands Insurance Co., et al. v. Horace P. Ledet, Jr.*, E.D. Louisiana, C.A. No. 2:96-213

*Lois Charlton, et al. v. Hoechst Celanese Corp.*, S.D. Texas, C.A. No. 4:95-5088

*Lillie Mae Davis v. Reynolds Metals Co., et al.*, S.D. Texas, C.A. No. 2:96-62

# BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER,* JOHN F. GRADY, BAREFOOT SANDERS* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

# TRANSFER ORDER

Presently before the Panel are motions brought, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiffs in the 55 S.D. Illinois, E.D. Michigan, C.D. California, W.D. Kentucky, E.D. Louisiana, and S.D. Texas actions listed above or on the attached Schedule A. These parties request that the Panel vacate the portions of its orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and/or the hearing held,[1] the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for

---

*Judges Brimmer and Sanders took no part in the decision of this matter.

[1] Only parties to the *Fouse* action in C.D. California and the *Davis* action in S.D. Texas opted to participate in oral argument. The parties to the remaining actions waived oral argument and, accordingly, the question of Section 1407 transfer with respect to those actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We find no reason to depart from this approach in dealing with the question of transfer of the actions now before the Panel. We also note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 14, R.P.J.M.L., 147 F.R.D. 589, 597-99 (1993).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the 55 actions listed above and on the attached Schedule A be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

---

[2] The plaintiffs in several of the actions before the Panel have argued that transfer should be denied or deferred in order to permit the judges assigned the actions to rule on motions to remand to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, briefing on the question of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 18, R.P.J.P.M.L., *supra*, 147 F.R.D. at 601, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.