

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 19 2006

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEGGY P. GRIFFIN | CIVIL ACTION |
| VERSUS | NO: 06-9439 |
| NORTHROP GRUMMAN INDUSTRIES, ET AL. | SECTION: "A" (5) |

### ORDER & REASONS

Before the Court is a **Motion to Remand and Impose Rule 11 Sanctions (Rec. Doc. 3)** filed by the Plaintiff. Defendants oppose the Motion. After a review of the record, and for the following reasons, Plaintiff's Motion to Remand is **GRANTED**. Further, the portion of the Motion calling for Rule 11 Sanctions is **DENIED**.

### I. BACKGROUND

Plaintiff filed her petition for damages in Civil District Court for the Parish of Orleans, alleging that she was exposed to injurious levels of asbestos brought home by her father who worked at the Celotex plant in Marrero from 1939 to 1957, and from neighborhood exposure to asbestos fibers emanating from the main yard of Avondale shipyards from 1943 through the early 1970's. Plaintiff names a number of defendants, among them Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc., and Peter Territo, an executive officer of Avondale. Defendants Northrop

MDL- 875
RECOMMENDED ACTION
Vacate CTO-271 - one action
Approved/Date: _____

OFFICIAL FILE COPY
IMAGED DEC 2 0 2006
PLEADING NO. 4925

Grumman Ship Systems, Inc., and Peter Territo removed the case on November 2, 2006 pursuant to 28 U.S.C. § 1331 in that the action arises "under the Constitution, laws or treatises of the United States" and involves persons acting under an officer of the United States pursuant to 28 U.S.C. § 1442.

## II. LEGAL STANDARD

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense that cannot be waived. *Id.* (*citing* Fed.R.Civ.P. 12(h)(3); *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, (1941)). Accordingly, there is a presumption against subject matter jurisdiction in federal court. *Id.* (*citing Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)).

The United States Court of Appeals for the Fifth Circuit recognizes that §1442 (a)(1)[1] provides the only exception to the well-pleaded complaint rule found in *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42 (1908). *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806 (5th Cir.) *cert. denied*, 113 S. Ct 413 (1992) (*citing Mesa v. California*, 489 U.S. 121, 136-37, 109

---

[1](a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

2

S.Ct. 959, 968, 103 L.Ed.2d 99 (1989)). In *Mesa v. California*, the Supreme Court outlined the criteria necessary to support removal under the Federal Officer Removal statute, and reiterated that in order to invoke the removal power of § 1442(a)(1), a person seeking removal must allege a federal law defense. *Mesa v. California*, 489 U.S. 121, 129, 109 S.Ct. 959, (1989). Under *Mesa*, the removing party must satisfy a three pronged inquiry which requires the moving "person" acting "under a federal officer" to: 1) demonstrate that it acted under the direction of a federal officer, 2) raise a colorable federal defense to the plaintiff's claims, and 3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office. *Id.* All three *Mesa* factors must be satisfied for removal to be proper.

### III. ANALYSIS

This Court finds the instant litigation follows a long line of precedent cases in which district courts have addressed the same issues contained herein, and held that removal was improper. *See Savoie v. Northrop Grumman Ship Systems, Inc., et al.*, No. 05-2086 (E.D.La. 2005); *Gauthe v. Asbestos Corp., et al.*, 1997 WL 3255 (E.D. La. 1997); *Quebedeaux v. Union Pacific Railroad*, No. 6:04-02232 (W.D. La. 2004); *Bourgeois v. A.P. Green Industries, Inc.*, No. 96-3764 (E.D.La. 1996); *Guidroz v. The Anchor Packing Co.*, No. 98-3764 (E.D.La. 1996); *Overly v. Raybestos-Manhattan*, No. C-96-2853 CI (N.D. Cal. 1996); *Westbrook v. Asbestos Defendants*, 2001 WL 902642 (N.D. Cal. 2001); *Mouton v. Flexitallic, Inc.*, 1999 WL 2254438 (E.D. La. 1999); *Porche v. Flexitallic, Inc.*, 1996 WL 603919 (E.D. La. 1996); *Mabile v. Hidalgo*, No.95-2200.9 (W.D.La. 1995).

In particular, this Court notes that in *Savoie v. Northrop Grumman Ship Systems, Inc., et al.*, Section K of this Court addressed the same issues as presented in this litigation, ultimately ruling

in favor of remand. *Savoie*, No. 05-2086 (E.D.La. 2005). In *Savoie*, the court found that defendant's removal "failed on the first prong, as defendant cannot demonstrate that he was acting under the direction of a federal officer specific to the claims alleged in plaintiff's petition, namely those dealing with the safety procedures and plans of Avondale." *Id.* In so ruling, the court noted that plaintiff's assorted claims were focused on a failure to use asbestos safely. *Id.*

In the instant litigation, a different Plaintiff advances essentially the same claims of a failure to use asbestos safely as those asserted in *Savoie*. Similarly, Defendants have sought removal utilizing the same arguments as the defendant in *Savoie*. Although Defendants acknowledge that "several divisions within the Eastern District have rejected removals by the Avondale interests based on the Federal Officer Removal Statute," they further assert that "since that time there have been several significant developments." (Def. Opp. to Motion to Remand, p. 2). More specifically, the Defendants cite three cases from the Middle District of Louisiana: *Lalonde v. Delta Field Erection, Melford v. Territo,* and *McFarlain v. Northrop Grumman Systems Corp.* (Def. Opp. to Motion to Remand, p. 2) citing *Lalonde v. Delta Field Erection*, No. 96-3244 (M.D.La. 1998); *Melford v. Territo*, No. 05-1405 (M.D. La. 2006); *McFarlain v. Northrop Grumman Systems Corp*, No. 05-1506 (M.D.La. 2006)).

After a review of the record, including a review of the cases cited by defendants, this Court finds the decision by the court in *Savoie,* as well as the reasons in favor of remand as stated in the aforementioned line of cases, to be persuasive. Therefore, for the reasons expressed by Section K of this Court in *Savoie*, this Court finds that remand is warranted.

Accordingly;

4

IT IS ORDERED that Plaintiff's **Motion to Remand (Rec. Doc. 3)** is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's **Motion to Impose Rule 11 Sanctions (Rec. Doc. 3)** is **DENIED**.

New Orleans, Louisiana, Thursday, December 14, 2006.

                              JAY C. ZAINEY
                        UNITED STATES DISTRICT JUDGE