

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 20 2006

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
CONDITIONAL TRANSFER ORDER (CTO-269)  DOCKET NO. 875

---

**This Document Pertains to:**

**Joseph Alexander Anderson, Jr., et al. v. Ford Motor Co., et al.**
**Pending:  Federal District Court, District of Utah, Central Division**
**Civil Action No.: 06-cv-741**

**Removed from the Third District Court of Salt Lake County, Utah to the United States District Court, District of Utah, Central Division, and subsequently conditionally transferred to the United States Panel of Multidistrict Litigation**

---

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DEFER RULING ON MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendants Ford Motor Company and General Motors Corporation ("Defendants"), through counsel, submit this memorandum in opposition to plaintiffs' motion to defer ruling on plaintiffs' motion to vacate the conditional transfer order, which was filed on or about December 11, 2006.

### INTRODUCTION

On October 20, 2006, the Judicial Panel on Multidistrict Litigation (the "Panel") issued Conditional Transfer Order 269 ("CTO 269") which conditionally transferred the <u>Anderson</u> case to the Eastern District of Pennsylvania.  The plaintiffs filed a motion to vacate the conditional transfer order on the grounds that the case should not be transferred until the transferor court had ruled on the plaintiffs' pending motion to remand.  Defendants asked the Panel to deny the motion because it contradicts the well-settled Panel precedent that the pendency of a motion for remand to state court is not a proper basis for denial of transfer.

423860.1

**OFFICIAL FILE COPY**

IMAGED DEC 2 1 2006

Meanwhile, the United States District Court of Utah, Central District (the "Transferor Court") scheduled a hearing for January 25, 2007 on plaintiffs' pending motion to remand. Later, on November 30, 2006, the transferor court struck the scheduled hearing sua sponte. See docket entry attached as **Exhibit A**. In response, plaintiffs filed a motion for relief on December 6, 2006 with the transferor court seeking an immediate determination on the motion to remand. See Motion for Relief, attached as **Exhibit B**. On the same day, plaintiffs filed with this Panel a motion to defer ruling on plaintiffs' motion to vacate the conditional transfer order.

Plaintiffs ask this Panel to defer ruling on the motion to vacate CTO 269 until the Transferor Court has decided the plaintiffs' motion for relief. In support of their request they note that the Transferor Court is not divested of jurisdiction by the conditional transfer and the Panel should wait until the Transferor Court decides whether it will even hear the plaintiffs' motion to remand. They also claim that the case "likely will languish" if it is transferred and this will deprive the plaintiffs of their day in court. Exhibit B at p. 2.

Defendants oppose this request for many of the same reasons that it opposed the motion to vacate the conditional transfer order. First, the purpose of the centralized asbestos litigation proceedings is to resolve common issues and promote efficiency. Federal enclave jurisdiction is such a common issue. Second, the Panel has consistently rejected plaintiffs' argument that transfer is improper because of a pending motion to remand. Lastly, the Panel has already scheduled plaintiffs' motion to vacate the conditional transfer order for January 25, 2007.

## ARGUMENT

### PLAINTIFFS' MOTION TO DEFER RULING SHOULD BE DENIED

First, the consolidated asbestos litigation proceedings were established by the Panel to allow a single forum to resolve common issues and to enhance the efficiency of the nation's asbestos litigation docket. See 28 U.S.C. § 1407(a) (stating that one of the purposes of multidistrict litigation proceedings is the "efficient conduct of such actions"); In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415, 419 (J.P.M.L. 1991) (stating that one of the most objectionable aspects of asbestos litigation is that the same issues are litigated over and

over).  In this case, the defendants removed the case to federal court on the basis of federal

enclave jurisdiction.  The scope of federal enclave jurisdiction and its legitimacy as a basis for

removal are issues that arise in many asbestos cases.  The transfer of this case will further the

goal of efficiency by having the court that is most experienced in the pretrial litigation of

asbestos cases decide this issue rather than relitigating the issue over and over in courts around

the country.  Thus, the transfer will help establish clear precedent regarding the scope of federal

enclave jurisdiction and will further the goal of creating uniform law.

Second, the Panel has consistently rejected plaintiffs' argument that the transfer should

be delayed because of a pending motion to remand.  Plaintiffs make essentially the same

argument that they made in their motion to vacate the conditional transfer order.  In its initial

opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters

as the pendency of motions or other matters before the transferor court" do not present a basis

"for carving out exceptions to transfer in this extraordinary docket."  In re Asbestos Prods. Liab.

Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order) at 1-2, citing In re Asbestos

Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991). [1]

Lastly, plaintiffs' motion to vacate the conditional transfer order has already been

scheduled for hearing on January 25, 2007.  Plaintiffs incorrectly assert that the case "likely will

languish" if it is transferred.  See exhibit B at p. 2.  Plaintiffs also bemoan that "it is virtually

certain that Mr. Anderson will be dead long before he receives his day in Court."  Rather than

filing repeated motions aimed at preventing a transfer, plaintiffs should consent to the transfer

and avail themselves of Panel Rule 7.6 to receive their day in court.

---

[1] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 12, 2006) (Transfer Order), at
1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 16, 2005)(Transfer Order), at 1-
2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 6, 2004)(Transfer Order), at 1-2.

## **CONCLUSION**

Based on the foregoing, the Panel should deny plaintiffs' current motion to defer ruling on the motion to vacate the conditional transfer order.

DATED this 19th day of December, 2006.

SNELL & WILMER L.L.P.

Dan R. Larsen
Attorneys for Ford Motor Company and
General Motors Corporation

Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
801-257-1900

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 0 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19ᵀᴴ day of December, 2006, a true and

correct copy of the foregoing was filed with the United States District Court for the District of

Utah and served on the following by U.S. Mail, first-class postage prepaid, as well as to those

individuals identified on the attached list of "Involved Counsel for Schedule CTO-269, Docket

No. 875, In Re Asbestos Products Liability Litigation (No. VI)":

### INVOLVED COUNSEL FOR SCHEDULE CTO-269, DOCKET NO. 875, IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Mark Williams
Jones, Waldo, Holbrook & McDonough
170 South Main, Suite 1500
Salt Lake City, Utah  84101

G. Patterson Keahey
Law Office Of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, AL 35209

Douglas Payne
Fabian & Clendenin
215 South State, Suite 1200
Salt Lake City, Utah  84111

Dennis Markusson
Bill Stanton
Markusson Green & Jarvis
999 18ᵗʰ Street, Suite 3300
Denver, Colorado 80202

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson &
Anderson
4020 West Chase Boulevard, Ste. 550
Raleigh, NC 27607

Joel M. Bondurant, Jr.
Haynsworth, Sinkler, Boyd, PA
P.O. Box 2048
Greenville, SC 29602-2048

John M. Christian
Perkins Cole, LLP
131 South Dearborn, Ste. 1700
Chicago, IL 60603-5559

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Scott A. Boyd
Nathan D. Alder
Christensen & Jensen
50 South Main, Suite 1500
Salt Lake City, UT 84144

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 200001

Cyrus C. Barger, III
Jude & Jude, PLLC
P.O. Box 17468
Hattiesburg, MS 39404-7468

Tracy H. Fowler
Scott A. Dubois
Kamie F. Brown
Stewart Peay
Snell & Wilmer L.L.P.
15 W. South Temple, Ste. 1200
Salt Lake City, UT 84101

Michael Jason Clayton
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Michael T. Bartley
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Lawrence M. Coco, III
Carroll, Bufkin & Coco, PLLC
1671 Lelia Drive
Jackson, MS 39216

Juan P. Bauta, II
Bauta & Associates, PA
6915 Red Road, Suite 206
Coral Cables, FL 33143

Barry C. Campbell
Baker, Donelson, Bearman,
Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

RECEIVED
CLERK'S OFFICE
DEC 20 A 11: 17
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Alice M. Coleman
Brent, Coon & Associates
188 E. Capitol Street, Suite 1375
Jackson, MS 39201

Richard M. Crump
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Steven T. Densley
Strong & Hanni
3 Triad Center, Suite 500
Salt Lake City, UT 84180

Jonathan P. Hilburn
Montgomery, Barnett, Brown, Read
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Mark F. James
Hatch, James & Dodge
10 West Broadway, Suite 400
Salt Lake City, UT 84101

Karen R. Bennett
Germer, Gertz LLP
550 Fannin Street, Suite 700
Beaumont, TX 77701-4915

Barbara K. Berrett
Berrett & Associates
Ken Garff Building
405 South Main Street, Suite 1050
Salt Lake City, UT 84111

Richard C. Binzley
Thompson, Hine LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Andrea L. Edney
Brunini, Grantham, Gower & Hewes
248 E. Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

C. Michael Evert, Jr.
Evert Weathersby & Houff, LLC
3405 Piedmont Road, NE, Suite 225
Atlanta, GA 30305-1764

Dennis C. Ferguson
Williams & Hunt
257 East 200 South, Suite 500
P.O. Box 45678
Salt Lake City, UT 84145-5678

Matthew J. Fischer
Shiff & Hardin, LLP
6600 Sears Tower
233 S. Waker Drive
Chicago, IL 60606-6473

Michael P. Cascino
Cascino Vaughan Law Offices Ltd.
220 South Ashland Avenue
Chicago, IL 60607

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson Mullins Riley &
Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11070
Columbia, SC 29211-1070

Patricia W. Christensen
Parr Waddoups Brown Gee &
Loveless
185 South State Street, 13th Floor
P.O. Box 11019
Salt Lake City, UT 84147

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Cheri D. Green
Brunini, Grantham, Grower &
Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

Stephen T. Grossmark
Tressler, Soderstrom, Maloney &
Priess
233 South Waker Drive , 22nd Floor
Chicago, IL 60606-6308

Samuel D. Habeeb
Forman, Perry, Watkins, Kruts &
Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

James G. Kennedy
Pierce, Hersn, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC  29413

Edward P. Kenney
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA  19103

Richard K. Glauser
Smith & Glauser, PC
7351 So. Union Park Ave., Ste. 200
Midvale, UT  84047

Brenda Godfrey
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308-3243

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC  28402

Donald C. Partridge
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS  39226-2608

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC  29211-0013

Melinda A. Morgan
Richards Brandt Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT  84110

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA  19106-2574

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY  10018

Jonathan L. Hawkins
Morgan, Minnock, Rice & james
136 South Main, Suite 800
Salt Lake City, UT  84101

Bradley A. Hays
Aultman, Tyner & Ruffin, Lt.
P.O. Box Drawer 750
315 Hemphill Street
Hattiesburg, MS  39403-0750

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA  70433

Dauphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P.O. Drawer 750
315 Hemphill Street
Hattiesburg, MS  39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Carl E. Pierce, II
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC  29413

Timothy W. Porter
Porter & Malouf, PA
P.O. Box 12768
Jackson, MS  39236-2768

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Ste. 4800
Minneapolis, MN  55402

Claire Williams Ketner
Brunini, Grantham, Grower &
Hewes
P.O. Box 119
Jackson, MS  39205-0119

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Ste. 300
Akron, OH  44308-1314

Dan E. LaBelle
Halloran & Sage
315 Post Road, West
Wesport, CT  06880

Matthew P. lachaussee
Dogan & Wilkins, PLLC
P.O. Box 1618
Pascagoula, MS  39568-1618

John C. McCants
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
P.O. Box 22608
Jackson, MS  39226-2608

Moffatt Grier McDonald
Haynesworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC  29602

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS  39205-0650

Richard Eric Leff
McGivney & Kluger, PC
80 Broadway, 23rd Floor
New York, NY  10004

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

J. Kevin Murphy
Kipp & Christian
10 Exchange Place, Fourth Floor
Salt Lake City, UT 84111-2314

Richard P. O'Leary
McCarter & English, LLP
245 Park Avenue, 27th Avenue
New York, NY 10022

Alison E. O'Neal
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Melissa M. Olson
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Katherine E. Venti
Parsons, Behle & Latimer
201 S. Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT 84145

Rose Marie Wade
Evert Weathersby & Houff, LLC
3405 Piedmont Road, NE, Suite 225
Atlanta, GA 30305-1764

Steven J. Pugh
Richardson, Plowden, Carpenter
P.O. Box 7788
Columbia, SC 29202

Mary Margaret Ratliff
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

William C. Reeves
Smith, Reeves & Yarborough, PLLC
63601 I-55 North, Suite 201
Jackson, MS 39211

Kenneth Leigh Reich
Snow Christensen & Martineau
10 Exchange Place
P.O. Box 45000
Salt Lake City, UT 84145-5000

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Gregory S. Roberts
Ray Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT 84145-0385

Ross I. Romero
Jones, Waldo, Holbrook & McDonough
170 South Main Street, Suite 1500
P.O. Box 45444
Salt Lake City, UT 84145

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Robert H. Sands
Burroughs, Hepler, Broom, MacDonald
Two Mark Twain Plaza, Suite 300
103 West Vandalia Street
P.O. Box 510
Edwardsville, IL 62025-0510

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Matthew S. Lott
Dogan & Wilkinson
734 Delmas Avenue
Pascagoula, MS 39565

Genevieve MacSteet
McGuire Woods, LLP
1345 Avenue of the Americas
7th Street
New York, NY 10105

Michael Magee
Pietragallo, Bosick & Gordon
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

Bonnie B. Smith
Forman, Perry, Watkins, Krutz &
Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Frances Spinthorakis
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243

Adam Michael Stefancic
Best, Vanderlaan & Harrington
25 East Washington, Suite 210
Chicago, IL 60602

Mona L. Wallace
Wallace & Graham, PA
525 North Main Street
Salisbury, NC  28144

Ryan J. Schriever
J. Joyce & Associates
P.O. Box 329
Sandy, UT  84091-0329

Kirk G. Warner
Smith, Anderson, Blount, Dorsett et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC  27602-2611

Alton L. Watts
Shellbuford, PLLC
P.O. Box 157
Jackson, MS  39205-2611

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, NE
P.O. Box 998
Cedar Rapids, IA  52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Box 289
Biloxi, MS  39533-0289

William B. Stewart
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS  39158-6020

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., 6th Floor
Los Angeles, CA  90025

Cristin E. Sheehan
Morrison Mahoney
One Constitution Plaza, 10th Floor
Los Angeles, CA  90025

T. Mark Sledge
Grenfell, Sledge & Stevens
1659 Lelia Drive
P.O. Box 16570
Jackson, MS 39216-6570

Michael Waller
Kirkpatrick Lockhart Nicholson &
Graham LLP
One Newark Center, 10th Floor
Newark, NJ  07102

Robert E. Swickle
Jaques Admirality Law Firm PC
Maritime Asbestosis Legal Clinic
1570 Penosbscot Building
Detroit, MI  48226

Cowles E. Symmes
Page, Mannino, Persich &
McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS  39533-0289

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, NE, Suite 200
Atlanta, GA  30305

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

**A**

**Electronic Case Filing System**

**District of Utah**

Notice of Electronic Filing

The following transaction was received from slm, entered on 11/30/2006 at 11:20 AM MST and filed on 11/30/2006

**Case Name:**      Anderson et al v. Ford Motor Company et al
**Case Number:**    2:06-cv-741
**Filer:**
**Document Number:**

**Docket Text:**
STRIKE hearing scheduled for 1/25/07 on motions to remand and for attorney fees. (slm, )

The following document(s) are associated with this transaction:

**2:06-cv-741 Notice will be electronically mailed to:**

Mark R. Anderson  (E-Filer)  fedct@wilhunt.com, manderson@wilhunt.com, jwhipple@wilhunt.com

Christian D. Austin  (E-Filer)  caustin@fabianlaw.com, tmcallister@fabianlaw.com

John P. Ball , Jr  (E-Filer)  ecf@parsonsbehle.com

Barbara K. Berrett  (E-Filer)  bberrett@berrettandassoc.com, ssnow@berrettandassoc.com

Peter W. Billings  (E-Filer)  pbillings@fabianlaw.com, mbeck@fabianlaw.com

Mary Price Birk  (E-Filer)  mbirk@bakerlaw.com, ralbee@bakerlaw.com, lchandler@bakerlaw.com, rcusack@bakerlaw.com

Scot A. Boyd  (E-Filer)  scot.boyd@chrisjen.com, leslie.van! blerkom@chrisjen.com, goose@exolo.com

Kamie F. Brown  (E-Filer)  kbrown@swlaw.com, bjohnson@swlaw.com

Patricia W. Christensen  (E-Filer)  pwc@pwlaw.com, calendar@pwlaw.com

Steven T. Densley  (E-Filer)  sdensley@strongandhanni.com, intakeclerk@strongandhanni.com

Scott A. DuBois  (E-Filer)  sdubois@swlaw.com, crichards@swlaw.com,

rdwilliams@swlaw.com

Dennis C. Ferguson  (E-Filer)  fedct@wilhunt.com, dferguson@wilhunt.com, pedwards@wilhunt.com

Tracy H. Fowler  (E-Filer)  tfowler@swlaw.com, gboling@swlaw.com

Richard K. Glauser  (E-Filer)  rkg@smithglauser.com !

Jonathan L. Hawkins !  (E-Filer)  jhawkins@mmrj.com, pjhawk@networld.com

Ronald L. Hellbusch  (E-Filer)  rhellbusch@bakerlaw.com, lmsmith@bakerlaw.com, ralbee@bakerlaw.com

Rebecca L. Hill  (E-Filer)  rebecca.hill@chrisjen.com, bonnie.mecham@chrisjen.com

Mark F James  (E-Filer)  mjames@hjdlaw.com

Joseph J. Joyce  (E-Filer)  jjj@jjoycelawfirm.com, dhs@jjoycelawfirm.com

G. Patterson Keahey  (E-Filer)  info@mesohelp.com, dpartain@mesohelp.com, asbestos.utah@mesohelp.com

Dan R. Larsen  (E-Filer)  dlarsen@swlaw.com, mjudson@swlaw.com, mbrown@swlaw.com

Casey K. McGarvey  (! E-Filer)  mcgarvey@bermansavage.com

Melinda A. Morgan  (E-Filer)  melinda-morgan@rbmn.com, elaine-devlin@rbmn.com

J. Kevin Murphy  (E-Filer)  jkmurphy@kippandchristian.com

Karthik Nadesan  (E-Filer)  knadesan@swlaw.com, klavery@swlaw.com, mbrown@swlaw.com

Stewart O. Peay  (E-Filer)  speay@swlaw.com, cmeehan@swlaw.com

Kenneth Leigh Reich  (E-Filer)  intakeclerk@scmlaw.com, kreich@scmlaw.com

Gregory S. Roberts  (E-Filer)  groberts@rqn.com, docket@rqn.com, bjudd@rqn.com

Ross I. Romero  (E-Filer)  rromero@joneswaldo.com, clarson@joneswaldo.com
E. Scott Savage ! &nbs p (E-Filer)  ssavage@bermansavage.com

Ryan J. Schriever  (E-Filer)  rjs@jjoycelawfirm.com, dhs@jjoycelawfirm.com

Todd M. Shaughnessy  (E-Filer)  tshaughnessy@swlaw.com, dwithers@swlaw.com,

mbrown@swlaw.com

Mark D. Taylor   (E-Filer)   mtaylor@berrettandassoc.com, bquick@berrettandassoc.com

Katherine E. Venti   (E-Filer)   ecf@parsonsbehle.com

Mark J. Williams   (E-Filer)   mwilliams@joneswaldo.com

B

Mark F. James (5295)
**HATCH, JAMES & DODGE, P.C.**
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

G. Patterson Keahey (*pro hac vice*)
**LAW OFFICES OF G. PATTERSON KEAHEY, P.C.**
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
Telephone: (800) 291-0050
Facsimile: (205) 871-0801

Gary M. DiMuzio (*pro hac vice*)
**LAW OFFICES OF GARY DIMUZIO**
P.O. Box 272909
Houston, Texas 77277
(713) 417-2197
Fax (713) 583-9299

Attorneys for Plaintiffs

|  |  |
|---|---|
| **IN RE: ASBESTOS CASES OF HATCH, JAMES & DODGE and G. PATTERSON KEAHEY.** ) ) ) ) | **PLAINTIFFS' MOTION FOR RELIEF** |
| **JOSEPH ALEXANDER ANDERSON, JR., and ARVA ANDERSON** ) ) ) ) | **CASE NO.: 2:06-CV-741** |
|  | **Judge Stewart** |
| **Plaintiffs,** ) ) | |
| vs. ) ) | |
| **ASBESTOS DEFENDANTS** ) ) ) | |

---

Plaintiffs Joseph Alexander Anderson, Jr. and Arva Anderson respectfully request the

Court to reconsider its determination not to rule on plaintiffs' motion to remand in this case. The

Andersons realize that this Court may, at its discretion, properly defer ruling on their Motion to

Remand and allow the transferee court to decide it or, alternatively, the Court may properly rule on the Motion. The Andersons request that this Court reconsider its decision to defer based on the status of Mr. Anderson's health, of which this Court likely is unaware.

If this Court does not rule on the merits of the Andersons' Motion to Remand, the case will be transferred through MDL proceedings to the federal district court in Philadelphia, where it likely will languish. As explained in the Andersons' accompanying Memorandum, Mr. Anderson has been diagnosed with Mesothelioma, an asbestos-caused disease, and he is terminally ill. If a determination of the merits of the Andersons' Motion to Remand is deferred until a ruling by the transferee federal district court in Philadelphia, there is almost no chance that Mr. Anderson will survive to receive a ruling on his Motion to Remand, let alone surviving to have his day in Court. On the other hand, the state court from which this case was removed has procedures in place that allow for the exigent prosecution of mesothelioma cases. Mr. Anderson's only real chance of receiving a trial while he is alive is if this Court rules on his Motion to Remand.[1]

The Andersons' Motion to this Court is supported by an accompanying memorandum.

Respectfully submitted this 6th day of December, 2006.

HATCH, JAMES & DODGE
Mark F. James

LAW OFFICES OF G. PATTERSON KEAHEY
G. Patterson Keahey

LAW OFFICES OF GARY DIMUZIO
Gary M. DiMuzio

By:    /s/ Mark F. James
Mark F. James
Attorneys for Plaintiffs

---

[1] It this Court addresses the merits of the Motion to Remand and determines that remand is not appropriate, at least Mr. Anderson will have received his day in court on that issue.

C

*ph*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2 2006

### DOCKET NO. 875

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Kent Buttars, etc. v. Atlas Turner, Inc., et al.*, D. Idaho, C.A. No. 1:05-373

## BEFORE WM. TERRELL HODGES,* CHAIRMAN, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in a District of Idaho action (*Buttars*). Movant asks the Panel to vacate its order conditionally transferring *Buttars* to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held, the Panel finds that *Buttars* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of *Buttars* is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered

---

*Judges Hodges and Keenan took no part in the disposition of this matter.

[1] Plaintiff has argued that transfer should be denied or deferred in order to permit the resolution of a motion to remand this action to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 2 -

and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel.

Under the stewardship of the transferee court, as of March 30, 2006, i) over 74,450 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman

Dan R. Larsen (4865)
Karthik Nadesan (10217)
Chris Martinez (11152)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

Attorneys for Defendants Ford Motor Company and
General Motors Corporation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 0 2006

FILED
CLERK'S OFFICE

---

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| IN RE: ASBESTOS CASES OF HATCH, JAMES & DODGE and G. PATTERSON KEAHEY<br><br>JOSEPH ALEXANDER ANDERSON, JR. and ARVA ANDERSON,<br><br>        Plaintiffs,<br><br>v.<br><br>ASBESTOS DEFENDANTS, et al.,<br><br>        Defendants. | **FORD MOTOR COMPANY'S AND GENERAL MOTOR CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF**<br><br>Case No. 2:06-cv-741<br><br>Judge Ted Stewart |

Defendants Ford Motor Company and General Motors Corporation ("Defendants"),

through counsel, submit this memorandum in opposition to plaintiffs' motion for relief which

was filed on December 6, 2006.

## INTRODUCTION

On October 20, 2006, the Multidistrict Litigation Panel (the "Panel") issued Conditional

Transfer Order 269 ("CTO 269") which conditionally transferred this case to the Eastern District

of Pennsylvania.  In response, plaintiffs filed with the Panel a motion to vacate the conditional

transfer order. Meanwhile, plaintiffs' motion to remand was scheduled for hearing on January 25, 2007 before this court.

On November 30, 2006, this court struck the hearing on the plaintiffs' pending motion to remand. In response, plaintiffs filed a motion for relief on December 6, 2006 asking this court to reconsider its decision to strike the hearing. On the same day, plaintiffs filed a motion asking the Panel to defer ruling on the motion to vacate the conditional transfer order until this court decides plaintiffs' motion for relief. In support of their motion to this court and the Panel, plaintiffs note that this court is not divested of jurisdiction by the conditional transfer and argue that they will be deprived of their day in court if the case is transferred. See plaintiffs' motion for relief. Most recently, the Panel has scheduled plaintiffs' Motion to Vacate Transfer Order for hearing on January 25, 2007, to be submitted without argument.

## ARGUMENT

### PLAINTIFFS' MOTION FOR RELIEF SHOULD BE DENIED

Plaintiffs' motion for relief should be denied for at least three (3) reasons. First, the consolidated asbestos litigation proceedings were established by the Panel to allow a single forum to resolve common issues and to enhance the efficiency of the nation's asbestos litigation docket. See 28 U.S.C. § 1407(a) (stating that one of the purposes of multidistrict litigation proceedings is the "efficient conduct of such actions"); In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415, 419 (J.P.M.L. 1991) (stating that one of the most objectionable aspects of asbestos litigation is that the same issues are litigated over and over). In this case, defendants removed the case to federal court on the basis of federal enclave jurisdiction. The scope of federal enclave jurisdiction and its legitimacy as a basis for removal are issues that arise in many asbestos cases. The transfer of this case will further the goal of judicial efficiency by allowing the court most experienced in asbestos litigation decide this issue; rather than having the same issue litigated over and over in courts around the country.

Second, the Panel has consistently rejected plaintiffs' argument that the transfer should be delayed because of a pending motion to remand. Plaintiffs make essentially the same

argument that they made in their motion to vacate the conditional transfer order.  See plaintiffs

motion to defer ruling on motion to vacate conditional transfer order, attached as **Exhibit A**.

Plaintiffs argue that the conditional transfer should be stayed because this court may still rule on

the motion to remand even if a conditional transfer has been ordered.  There is no dispute that

this court has the power to rule upon the motion to remand.  However, the fact that this court

**may** decide to rule on the motion to remand has no bearing on the propriety of the transfer.  In its

initial opinion creating the MDL asbestos docket, the Panel made clear that "distinctions based

on such matters as the pendency of motions or other matters before the transferor court" do not

present a basis "for carving out exceptions to transfer in this extraordinary docket."  In re

Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order) at 1-

2, citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991). [1]

Third, plaintiffs' motion ignores the purpose of the consolidated asbestos pretrial

proceedings.  As of March 30, 2006, over 70,000 actions have been closed by the transferee

court and over 1,350 actions or claims have been returned to their originating transferor district.

See In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 12, 2006) (Transfer

Order) attached as **Exhibit B**.  The transferee court enables the litigation to proceed on a

nationwide scale efficiently and expeditiously.  In fact, plaintiffs' motion to vacate the

conditional transfer order has already been scheduled for hearing on January 25, 2007, ironically

the same date for the previous hearing in this court. See Notice of Hearing attached as **Exhibit

C**.  Instead of slowing the progress of this case by filing repeated motions aimed at preventing a

transfer, plaintiffs should consent to the transfer and avail themselves of Panel Rule 7.6 to obtain

their day in court on any jurisdictional issues (remand by transferee court).  The plaintiffs'

motion for relief should be denied so that this litigation can proceed before the Panel.

---

[1] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 12, 2006) (Transfer Order), at
1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 16, 2005)(Transfer Order), at 1-
2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 6, 2004)(Transfer Order), at 1-2.

## CONCLUSION

Based on the foregoing, this court should deny plaintiffs' motion for relief.

DATED this 19th day of December, 2006.

Snell & Wilmer L.L.P.

/s/ Dan R. Larsen
Dan R. Larsen
Karthik Nadesan
Chris Martinez
Attorneys for Ford Motor Company and
General Motors Corporation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 0 2006

# CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that on this 19th day of December, 2006, I electronically filed **FORD**

**MOTOR COMPANY'S AND GENERAL MOTOR CORPORATION'S MEMORANDUM**

**IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF** with the Clerk of Court using

the CM/ECF system, which sent notification of such filing to the following:

- **Mark R. Anderson (E-Filer)**
  fedct@wilhunt.com manderson@wilhunt.com,jwhipple@wilhunt.com

- **Christian D. Austin (E-Filer)**
  caustin@fabianlaw.com tmcallister@fabianlaw.com

- **John P. Ball, Jr (E-Filer)**
  ecf@parsonsbehle.com

- **Barbara K. Berrett (E-Filer)**
  bberrett@berrettandassoc.com ssnow@berrettandassoc.com

- **Peter W. Billings (E-Filer)**
  pbillings@fabianlaw.com mbeck@fabianlaw.com

- **Mary Price Birk (E-Filer)**
  mbirk@bakerlaw.com
  ralbee@bakerlaw.com,lchandler@bakerlaw.com,rcusack@bakerlaw.com

- **Scot A. Boyd (E-Filer)**
  scot.boyd@chrisjen.com leslie.vanblerkom@chrisjen.com,goose@exolo.com

- **Kamie F. Brown (E-Filer)**
  kbrown@swlaw.com bjohnson@swlaw.com

- **Patricia W. Christensen (E-Filer)**
  pwc@pwlaw.com calendar@pwlaw.com

- **Steven T. Densley (E-Filer)**
  sdensley@strongandhanni.com intakeclerk@strongandhanni.com

- **Scott A. DuBois (E-Filer)**
  sdubois@swlaw.com crichards@swlaw.com,rdwilliams@swlaw.com

- **Dennis C. Ferguson (E-Filer)**
  fedct@wilhunt.com dferguson@wilhunt.com,pedwards@wilhunt.com

- **Tracy H. Fowler (E-Filer)**
  tfowler@swlaw.com gboling@swlaw.com

- **Richard K. Glauser (E-Filer)**
  rkg@smithglauser.com

- **Jonathan L. Hawkins (E-Filer)**
  jhawkins@mmrj.com pjhawk@networld.com

- **Ronald L. Hellbusch (E-Filer)**
  rhellbusch@bakerlaw.com lmsmith@bakerlaw.com,ralbee@bakerlaw.com

- **Rebecca L. Hill (E-Filer)**
  rebecca.hill@chrisjen.com bonnie.mecham@chrisjen.com

- **Mark F James (E-Filer)**
  mjames@hjdlaw.com

- **Joseph J. Joyce (E-Filer)**
  jjj@jjoycelawfirm.com dhs@jjoycelawfirm.com

- **G. Patterson Keahey (E-Filer)**
  info@mesohelp.com dpartain@mesohelp.com,asbestos.utah@mesohelp.com

- **Dan R. Larsen (E-Filer)**
  dlarsen@swlaw.com
  mjudson@swlaw.com,mteerlink@swlaw.com,hbushman@swlaw.com

- **Casey K. McGarvey (E-Filer)**
  mcgarvey@bermansavage.com

- **Melinda A. Morgan (E-Filer)**
  melinda-morgan@rbmn.com elaine-devlin@rbmn.com

- **J. Kevin Murphy (E-Filer)**
  jkmurphy@kippandchristian.com

- **Karthik Nadesan (E-Filer)**
  knadesan@swlaw.com mjudson@swlaw.com,mteerlink@swlaw.com

- **Stewart O. Peay (E-Filer)**
  speay@swlaw.com cmeehan@swlaw.com

- **Kenneth Leigh Reich (E-Filer)**
  intakeclerk@scmlaw.com kreich@scmlaw.com

- **Gregory S. Roberts (E-Filer)**
  groberts@rqn.com docket@rqn.com,bjudd@rqn.com

- **Ross I. Romero (E-Filer)**
  rromero@joneswaldo.com clarson@joneswaldo.com

- **E. Scott Savage (E-Filer)**
  ssavage@bermansavage.com

- **Ryan J. Schriever (E-Filer)**
  rjs@jjoycelawfirm.com dhs@jjoycelawfirm.com

- **Todd M. Shaughnessy (E-Filer)**
  tshaughnessy@swlaw.com dwithers@swlaw.com,mbrown@swlaw.com

- **Mark D. Taylor (E-Filer)**
  mtaylor@berrettandassoc.com bquick@berrettandassoc.com

- **Katherine E. Venti (E-Filer)**
  ecf@parsonsbehle.com

- **Mark J. Williams (E-Filer)**
  mwilliams@joneswaldo.com


                                        /s/ Mindi Judson


424323.1

**A**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**CONDITIONAL TRANSFER ORDER (CTO-269)        DOCKET NO. 875**

**This Document Pertains To:**

*Joseph Alexander Anderson, Jr., et al v. Ford Motor Co., et al*
**Pending:  Federal District Court, District of Utah, Central Division**
**Civil Action No.:  06-741**

*Wrongly removed from the Third District Court of Salt Lake County, Utah to the United States District Court, District of Utah, Central Division, and wrongfully conditionally transferred to the United States Panel of Multidistrict Litigation*

## PLAINTIFFS' MOTION TO DEFER RULING ON MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiffs, Joseph Alexander Anderson, Jr. and Arva Anderson, respectfully move the Judicial Panel on Multidistrict Litigation to defer ruling on the CTO as it pertains to their case pending the Utah District Court's ruling on a motion for relief filed by the plaintiffs on December 6, 2006.

On October 20, 2006, the Panel issued Conditional Transfer Order (CTO-269), conditionally transferring the *Anderson* case to the Eastern District of Pennsylvania. The plaintiffs filed a motion to vacate the conditional transfer order. On November 30, 2006, Ford Motor Company and General Motors Corporation ("the defendants") filed a memorandum in opposition to the plaintiffs' motion to vacate the conditional transfer order.

1

Subsequently, the plaintiffs filed a motion for relief in the United States District Court, District of Utah, Central Division. A copy of that motion and memorandum in support is attached to this motion as Exhibit "A" and incorporated fully by reference. Joseph and Arva Anderson have asked the District Court to reconsider its determination not to rule on the plaintiffs' motion to remand pending the determination of plaintiffs' motion to vacate the conditional transfer order currently before this Court. While Mr. and Mrs. Anderson recognize that, in the event their case is transferred, the District Court in Pennsylvania has the right to rule on their motion to remand, they are also cognizant of the right of the District Court in Utah, in a lawful exercise of its pretrial jurisdiction, to promptly decide the motion to remand and, at the least, provide Mr. Anderson with this day in court on that issue.

This factor is paramount because Mr. Anderson has been diagnosed with Mesothelioma, an asbestos-caused disease, and he is terminally ill. If the case is transferred to Philadelphia without a ruling by the Utah District Court, it is virtually certain that Mr. Anderson will be dead long before he receives his day in Court.

This motion is supported by an accompanying memorandum.

Respectfully submitted this 8th day of December, 2006.

> HATCH, JAMES & DODGE
> Mark F. James
>
> LAW OFFICES OF G. PATTERSON KEAHEY
> G. Patterson Keahey
>
> LAW OFFICES OF GARY DIMUZIO

**B**

*ph*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2 2006

**DOCKET NO. 875**

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Kent Buttars, etc. v. Atlas Turner, Inc., et al.*, D. Idaho, C.A. No. 1:05-373

## BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in a District of Idaho action (*Buttars*). Movant asks the Panel to vacate its order conditionally transferring *Buttars* to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held, the Panel finds that *Buttars* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of *Buttars* is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered

---

[*]Judges Hodges and Keenan took no part in the disposition of this matter.

[1]Plaintiff has argued that transfer should be denied or deferred in order to permit the resolution of a motion to remand this action to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 2 -

and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel.

Under the stewardship of the transferee court, as of March 30, 2006, i) over 74,450 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman

C

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C.  20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

December 14, 2006

### NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          January 25, 2007

LOCATION OF HEARING SESSION:          David W. Dyer Federal Building and
United States Courthouse
Central Courtroom, 2nd Floor
300 Northeast First Avenue
Miami, Florida  33132

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument,** pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **January 8, 2007.**  Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation."  These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

c:  Clerk, U.S. District Court for the Southern District of Florida

| JUDICIAL PANEL ON MULTIDISTRICT LITIGATION FILED |
| --- |
| **DEC. 14, 2006** |
| JEFFERY N. LÜTHI CLERK OF THE PANEL |

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

## HEARING SESSION ORDER

IT IS ORDERED that on January 25, 2007, a hearing session will be held in Miami, Florida, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

SCHEDULE OF MATTERS FOR HEARING SESSION
January 25, 2007 -- Miami, Florida

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

MDL-1791 -- In re National Security Agency Telecommunications Records Litigation

Oppositions of plaintiffs Steve Gaw and Robert M. Clayton III; defendants Office of Consumer Counsel; Anthony J. Palermino; Donald W. Downes; Jack R. Goldberg; John W. Betkoski III; Anne C. George; American Civil Liberties Union of Connecticut; Kurt Adams; Sharon Reishus; Dennis Keschl; Steve Gaw; Robert M. Clayton III; Zulima V. Farber; Kimberly S. Ricketts; Cathleen O'Donnell; James Volz; David C. Coen; John D. Burke; and David O'Brien; and proposed defendant intervenors James D. Cowie; James D. Woodworth; David L. Cowie; Kristen A. Tyson; Paul G. Tyson; Paul Sarvis; Lou Solebello; Barbara Taylor; Christopher Branson; Gwethalyn M. Phillips; Sally Dobres; Harold Noel; Margaret Siegle; Maureen Dea; Ethan Strimling; John H. Donovan; Thomas Mundhenk; and Lisa Hicks to transfer of their respective following actions to the United States District Court for the Northern District of California:

### District of Connecticut

*United States of America v. Anthony J. Palermino, et al.*, C.A. No. 3:06-1405

### District of Maine

*United States of America v. Kurt Adams, et al.*, C.A. No. 1:06-97

### Eastern District of Missouri

*United States of America v. Steve Gaw, et al.*, C.A. No. 4:06-1132

### Western District of Missouri

*Robert Clayton, et al. v. AT&T Communications of the Southwest, Inc., et al.*, C.A. No. 2:06-4177

### District of New Jersey

*United States of America v. Zulima V. Farber, et al.*, C.A. No. 3:06-2683

### District of Vermont

*United States of America v. James Volz, et al.*, C.A. No. 2:06-188

## MDL-1813 -- In re New Century Mortgage Corp. Prescreening Litigation

Motion of plaintiffs Perrie Bonner, et al., for centralization (and subsequent motion to withdraw the initial motion) of the following actions in the United States District Court for the Northern District of Indiana:

### Central District of California

*Mary Forrest v. New Century Mortgage Corp.*, C.A. No. 2:06-3951
*Pamela Phillips v. New Century Financial Corp., et al.*, C.A. No. 8:05-692

### Northern District of Indiana

*Perrie Bonner, et al. v. Home 123 Corp., et al.*, C.A. No. 2:05-146

## MDL-1814 -- In re The Home Depot, Inc., Equipment Rental Contract Litigation

Motion of plaintiff Eric D. Cook for centralization of the following actions in the United States District Court for the Southern District of Florida, or in the alternative, the United States District Court for the Northern District of Illinois or the United States District Court for the Southern District of Ohio:

### Southern District of Florida

*Gold Coast Racing, Inc., et al. v. The Home Depot U.S.A., Inc.*, C.A. No. 0:05-61931

### Northern District of Illinois

*John Michael Rickher v. The Home Depot, Inc.*, C.A. No. 1:05-2152

### District of New Jersey

*Mieczyslaw Pacholec v. The Home Depot U.S.A., Inc.*, C.A. No. 2:06-827

### Southern District of Ohio

*Eric D. Cook v. The Home Depot, Inc.*, C.A. No. 2:06-571

### Western District of Texas

*Brad Barnard v. The Home Depot U.S.A., Inc.*, C.A. No. 1:06-491

Schedule of Matters for Hearing Session, Section A                    p. 3
Miami, Florida

## MDL-1816 -- In re Katz Interactive Call Processing Patent Litigation

Motion of defendants Target Corp., Target Bank, and Target National Bank, for centralization of certain of the following actions in the United States District Court for the Central District of California and motion of defendant Global Crossing Telecommunications, Inc., for centralization of certain of the following actions in the United States District Court for the District of Delaware, or in the alternative, the United States District Court for the Central District of California:

### District of Delaware

*Ronald A. Katz Technology Licensing, LP v. Reliant Energy Inc., et al.,*
   C.A. No. 1:06-543
*Ronald A. Katz Technology Licensing, LP v. TD Banknorth, Inc., et al.,*
   C.A. No. 1:06-544
*Ronald A. Katz Technology Licensing, LP v. Ahold USA, Inc., et al.,* C.A. No. 1:06-545
*Ronald A. Katz Technology Licensing, LP v. Time Warner Cable, Inc., et al.,*
   C.A. No. 1:06-546
*Ronald A. Katz Technology Licensing, LP v. American International Group, Inc., et al.,*
   C.A. No. 1:06-547

### Eastern District of Texas

*Ronald A. Katz Technology Licensing, LP v. American Airlines, Inc., et al.,*
   C.A. No. 2:06-334
*Ronald A. Katz Technology Licensing, LP v. Aetna, Inc., et al.,* C.A. No. 2:06-335
*Ronald A. Katz Technology Licensing, LP v. Citibank, N.A., et al.,* C.A. No. 5:05-142
*Ronald A. Katz Technology Licensing, LP v. Discover Financial Services, Inc., et al.,*
   C.A. No. 5:06-182
*Ronald A. Katz Technology Licensing, LP v. Genesys Conferencing, Inc., et al.,*
   C.A. No. 5:06-187
*Ronald A. Katz Technology Licensing, LP v. American Electric Power Co., Inc., et al.,*
   C.A. No. 5:06-188
*Ronald A. Katz Technology Licensing, LP v. Alltel Corp., et al.,* C.A. No. 9:06-177
*Ronald A. Katz Technology Licensing, LP v. Chevron Corp., et al.,* C.A. No. 9:06-178
*Ronald A. Katz Technology Licensing, LP v. Cox Communications, Inc., et al.,*
   C.A. No. 9:06-191
*Ronald A. Katz Technology Licensing, LP v. DirecTV Group, Inc., et al.,*
   C.A. No. 9:06-192
*Ronald A. Katz Technology Licensing, LP v. Earthlink, Inc., et al.,* C.A. No. 9:06-193

Schedule of Matters for Hearing Session, Section A                     p. 4
Miami, Florida


MDL-1816 (Continued)


### Eastern District of Texas (Continued)

*Ronald A. Katz Technology Licensing, LP v. Tracfone Wireless, Inc.*, C.A. No. 9:06-194
*Ronald A. Katz Technology Licensing, LP v. Ford Motor Co., et al.*, C.A. No. 9:06-195
*Ronald A. Katz Technology Licensing, LP v. Cullen/Frost Bankers, Inc., et al.*,
   C.A. No. 9:06-196
*Ronald A. Katz Technology Licensing, LP v. General Electric Capital Corp., et al.*,
   C.A. No. 9:06-197
*Ronald A. Katz Technology Licensing, LP v. General Motors Corp., et al.*,
   C.A. No. 9:06-198
*Ronald A. Katz Technology Licensing, LP v. Humana, Inc.*, C.A. No. 9:06-199
*Ronald A. Katz Technology Licensing, LP v. PNC Financial Services Group, Inc., et al.*,
   C.A. No. 9:06-200
*Ronald A. Katz Technology Licensing, LP v. Regions Financial Corp., et al.*,
   C.A. No. 9:06-201
*Ronald A. Katz Technology Licensing, LP v. Safeco Insurance Co. of America, et al.*,
   C.A. No. 9:06-202
*Ronald A. Katz Technology Licensing, LP v. U.S. Bancorp, et al.*, C.A. No. 9:06-203


### MDL-1817 -- In re CertainTeed Corp. Roofing Shingle Products Liability Litigation

Motion of plaintiff Catherine Barrett for centralization of the following actions in the
United States District Court for the Eastern District of Pennsylvania:

### Southern District of Iowa

*Dean Conrad v. CertainTeed Corp.*, C.A. No. 4:06-420

### Northern District of Illinois

*Dawn Lynn Johnson v. CertainTeed Corp.*, C.A. No. 1:06-4864

### Western District of Kentucky

*Tina Fitzner v. CertainTeed Corp.*, C.A. No. 3:06-488

MDL-1817 (Continued)

### Eastern District of Michigan

*David Butz, et al. v. CertainTeed Corp.*, C.A. No. 2:06-14357

### District of Minnesota

*Gerald Brenden, et al. v. CertainTeed Corp.*, C.A. No. 0:06-3579

### Eastern District of Pennsylvania

*Catherine Barrett v. CertainTeed Corp.*, C.A. No. 2:06-4117
*Roger Dunker, et al. v. CertainTeed Corp.*, C.A. No. 2:06-4243

### Western District of Wisconsin

*Nancy Hollis, et al. v. CertainTeed Corp.*, C.A. No. 3:06-525

### MDL-1818 -- In re Citifinancial Services Incorporated Prescreened Offer Litigation

Motion of plaintiffs Chana Hecht and Frank N. Hernandez for centralization of the following actions in the United States District Court for the Northern District of Illinois:

### District of Connecticut

*Chana Hecht v. CitiFinancial Services, Inc.*, C.A. No. 3:06-1632

### Northern District of Illinois

*Frank N. Hernandez, Jr. v. CitiFinancial Services, Inc.*, C.A. No. 1:05-2263

### District of Massachusetts

*Nellie A. Chudzikiewicz v. CitiFinancial Services, Inc.*, C.A. No. 4:06-40201

Schedule of Matters for Hearing Session, Section A                    p. 6
Miami, Florida


MDL-1818 (Continued)


### Eastern District of Missouri

*John C. Barrett v. CitiFinancial Services, Inc.*, C.A. No. 4:06-887

### Eastern District of Wisconsin

*Mary Forrest v. CitiFinancial, Inc.*, C.A. No. 2:06-294


## MDL-1819 -- In re Static Random Access Memory (SRAM) Antitrust Litigation

Motion of plaintiff Alexander Ma for centralization of the following actions in the United States District Court for the Northern District of California:

### Central District of California

*Daniel Price v. Cypress Semiconductor Corp., et al.*, C.A. No. 2:06-6674

### Northern District of California

*Dataplex, Inc. v. Alliance Semiconductor Corp., et al.*, C.A. No. 3:06-6491
*Greg Proiette v. Cypress Semiconductor Corp., et al.*, C.A. No. 3:06-6501
*Alexander Ma v. Alliance Semiconductor Corp., et al.*, C.A. No. 3:06-6511
*Reclaim Center, Inc., et al. v. Samsung Electronics Co., Ltd., et al.*, C.A. No. 3:06-6533
*Yoni Ribo v. Cypress Semiconductor Corp., et al.*, C.A. No. 3:06-6535


## MDL-1820 -- In re Webloyalty.com, Inc., Marketing and Sales Practices Litigation

Motion of plaintiffs Joe W. Kuefler, Kim Crouse, and Monica Staaf for centralization of the following actions in the United States District Court for the District of Massachusetts:

### Central District of California

*Alcides Melo v. Webloyalty.com, Inc., et al.*, C.A. No. 2:06-6329

Schedule of Matters for Hearing Session, Section A                    p. 7
Miami, Florida

MDL-1820 (Continued)

### District of Massachusetts

*Joe W. Kuefler v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11620
*Kim Crouse v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11834
*Monica Staaf v. Webloyalty.com, Inc., et al.*, C.A. No. 1:06-11835

## MDL-1821 -- In re Lycoming Crankshaft Products Liability Litigation

Motion of defendants AVCO Corp. and Textron, Inc., for centralization of the following actions in the United States District Court for the Eastern District of Pennsylvania:

### Eastern District of California

*Richard A. Bristow v. Lycoming Engines, et al.*, C.A. No. 2:06-1947

### Eastern District of Pennsylvania

*Charles Powers v. Lycoming Engines, et al.*, C.A. No. 2:06-2993
*John Car v. Lycoming Engines, et al.*, C.A. No. 2:06-4228

## MDL-1822 -- In re Bluetooth Headset Products Liability Litigation

Motion of plaintiffs Michael Jones, et al., for centralization of the following actions in the United States District Court for the Central District of California:

### Eastern District of Arkansas

*Hayley Frye v. Motorola, Inc.*, C.A. No. 4:06-1533

### Central District of California

*Michael Jones, et al. v. Motorola, Inc.*, C.A. No. 2:06-5182
*Betsee Finlee v. GN Jabra North America, et al.*, C.A. No. 2:06-6280
*Amy Karle v. Motorola, Inc., et al.*, C.A. No. 2:06-6706
*Lori Raines v. Plantronics, Inc.*, C.A. No. 2:06-6708

Schedule of Matters for Hearing Session, Section A                    p. 8
Miami, Florida


MDL-1822 (Continued)


### Middle District of Florida

*Steve Edwards v. Motorola, Inc.*, C.A. No. 8:06-1909
*Kyle Edwards v. Plantronics, Inc.*, C.A. No. 8:06-1910
*Gary Hamrick v. GN Jabra North America, et al.*, C.A. No. 8:06-1911

### Northern District of Illinois

*Martin Alpert, et al. v. Motorola, Inc.*, C.A. No. 1:06-5586

### Southern District of Mississippi

*Jessica Smith v. Motorola, Inc.*, C.A. No. 2:06-242

### District of New Hampshire

*Mark Davis v. GN Jabra North America, et al.*, C.A. No. 1:06-402

### Eastern District of Oklahoma

*Jarred Swink v. Motorola, Inc.*, C.A. No. 6:06-456

### Western District of Tennessee

*Mark Benfield v. Motorola, Inc.*, C.A. No. 2:06-2690


## MDL-1823 -- In re Movie Artwork Copyright Litigation

Motion of defendants A.V.E.L.A., Inc.; Art-Nostalgia.com, Inc.; X One X Movie Archive, Inc.; Leo Valencia; and Beverly Hills Teddy Bear Company for centralization of the following actions in the United States District Court for the Central District of California:

### Central District of California

*Toho Co., Ltd. v. A.V.E.L.A., Inc., et al.*, C.A. No. 2:06-1385
*Fleischer Studios, Inc. v. A.V.E.L.A. Inc., et al.*, C.A. No. 2:06-6229

MDL-1823 (Continued)

Eastern District of Missouri

*Warner Bros. Entertainment, Inc., et al. v. Dave Grossman Creations, Inc., et al.,*
    C.A. No. 4:06-546

Southern District of New York

*King Features Syndicate, Inc., et al. v. A.V.E.L.A. Inc., et al.,* C.A. No. 1:06-6464

MDL-1824 -- In re Tri-State Water Rights Litigation

Motion of The Atlanta Regional Commission, The City of Atlanta, The Cobb County-Marietta Water Authority, and The City of Gainesville, Georgia, for centralization of the following actions in the United States District Court for the District of District of Columbia:

Northern District of Alabama

*State of Alabama, et al. v. U.S. Army Corp. of Engineers, et al.,* C.A. No. 1:90-1331

District of District of Columbia

*Southeastern Federal Power Customers, Inc. v. Louis Caldera, et al.,* C.A. No. 1:00-2975

Northern District of Florida

*State of Florida v. United States Fish & Wildlife Service, et al.,* C.A. No. 4:06-410

Northern District of Georgia

*State of Georgia v. The United States Army Corp. of Engineers, et al.,*
    C.A. No. 1:06-1473
*State of Georgia v. United States Corp. of Engineers, et al.,* C.A. No. 2:01-26

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

<u>MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)</u>

Oppositions of plaintiffs Charles F. Zettner, et al.; Eswin Dean; Archie Lord; Joseph Newsome; Cleophus Smith; and Joseph Alexander Anderson, Jr., et al., to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

<u>Northern District of California</u>

*Charles F. Zettner, et al. v. Buffalo Pumps, Inc., et al.*, C.A. No. 3:06-5905

<u>Northern District of Mississippi</u>

*Eswin Dean v. 3M Co., et al.*, C.A. No. 4:06-142

<u>Southern District of Mississippi</u>

*Archie Lord v. Phillips 66 Co., et al.*, C.A. No. 1:06-660
*Joseph Newsome v. Phillips 66 Co., et al.*, C.A. No. 1:06-661
*Cleophus Smith v. Phillips 66 Co., et al.*, C.A. No. 1:06-662

<u>District of Utah</u>

*Joseph Alexander Anderson, Jr., et al. v. Ford Motor Co., et al.*, C.A. No. 2:06-741

Schedule of Matters for Hearing Session, Section B                                    p. 11
Miami, Florida


## MDL-1203 -- In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation

Oppositions of plaintiffs Mary Cordrey and Mary Anne Norris, et al., to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

### District of Massachusetts

*Mary Cordrey v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 1:06-11604
*Mary Anne Norris, et al. v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 1:06-11605


## MDL-1379 -- In re Literary Works in Electronic Databases Copyright Litigation

Motion of plaintiff Edward Roeder for remand, pursuant to 28 U.S.C. § 1407(a), of the following action to the United States District Court for the District of District of Columbia:

### Southern District of New York

*Edward Roeder v. Tribune Co., Inc., et al.*, C.A. No. 1:05-7311 (D. District of Columbia, C.A. No. 1:04-1818)


## MDL-1428 -- In re Ski Train Fire in Kaprun, Austria, on November 11, 2000

Opposition of defendant Wika Instrument Corp. to transfer of the following action to the United States District Court for the Southern District of New York:

### Middle District of Florida

*Nanae Mitsumoto, et al. v. Robert Bosch Corp., et al.*, C.A. No. 8:06-1657

Schedule of Matters for Hearing Session, Section B                         p. 12
Miami, Florida

<u>MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation</u>

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the District of Massachusetts:

<u>Northern District of Illinois</u>

*The People of the State of Illinois v. Abbot Laboratories, et al.*, C.A. No. 1:06-5528

<u>Eastern District of Kentucky</u>

*Commonwealth of Kentucky ex rel. v. Warrick Pharmaceuticals Corp., et al.*, C.A. No. 3:06-69

<u>Northern District of New York</u>

*County of Schenectady v. Abbott Laboratories, Inc., et al.*, C.A. No. 1:06-1239
*County of Oswego v. Abbott Laboratories, Inc., et al.*, C.A. No. 5:06-1240

<u>Western District of New York</u>

*The County of Erie v. Abbott Laboratories, Inc., et al.*, C.A. No. 6:06-6505

<u>Southern District of Ohio</u>

*State of Ohio v. Dey, Inc., et al.*, C.A. No. 1:06-676

<u>Eastern District of Pennsylvania</u>

*Commonwealth of Pennsylvania, etc. v. Tap Pharmaceutical Products, Inc., et al.*, C.A. No. 2:06-4514

<u>District of South Carolina</u>

*State of South Carolina, et al. v. Dey, LP*, C.A. No. 3:06-2914
*State of South Carolina, et al. v. Dey, LP*, C.A. No. 3:06-2925

<u>Western District of Wisconsin</u>

*State of Wisconsin v. Amgen, Inc., et al.*, C.A. No. 3:06-582

Schedule of Matters for Hearing Session, Section B                    p. 13
Miami, Florida


## MDL-1507 -- In re Prempro Products Liability Litigation

Opposition of plaintiffs Myra Cook, et al., to transfer of the following action to the United States District Court for the Eastern District of Arkansas:

### Southern District of Illinois

*Myra Cook, et al. v. Wyeth, et al.*, C.A. No. 3:06-781


## MDL-1596 -- In re Zyprexa Products Liability Litigation

Oppositions of plaintiffs Betty Weathers and Jim Hood, etc., to transfer of their respective following actions to the United States District Court for the Eastern District of New York:

### Middle District of Alabama

*Betty Weathers v. Eli Lilly & Co., et al.*, C.A. No. 2:06-666

### Northern District of Mississippi

*Jim Hood, etc. v. Eli Lilly & Co.*, C.A. No. 3:06-110


## MDL-1598 -- In re Ephedra Products Liability Litigation

Opposition of defendants Atrium, Inc., and Aspen Group, Inc., to transfer of the following action to the United States District Court for the Southern District of New York:

### District of Kansas

*Stephen Spicer v. New Image International, Inc., et al.*, C.A. No. 2:04-2184

MDL-1598 (Continued)

Motion of plaintiffs Jerome D. Kreutzer, et al., for remand, pursuant to 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Southern District of California:

### Southern District of New York

*Jerome D. Kreutzer, et al. v. MII Liquidation, Inc., et al.*, C.A. No. 1:06-6654
   (S.D. California, C.A. No. 3:06-885)

### MDL-1604 -- In re Ocwen Federal Bank FSB Mortgage Servicing Litigation

Opposition of plaintiffs Charles Gray, et al., to transfer of the following action to the United States District Court for the Northern District of Illinois:

### Northern District of Texas

*Charles Gray, et al. v. Donna Stockman, et al.*, C.A. No. 4:06-676

### MDL-1648 -- In re Rubber Chemicals Antitrust Litigation

Opposition of defendants Flexsys America L.P.; Flexsys N.V.; Akzo Nobel Chemicals Internationals B.V.; and Nobel Chemicals, Inc., to transfer of the following action to the United States District Court for the Northern District of California:

### Northern District of Ohio

*Korea Kumbo Petrochemical Co., Ltd. v. Flexsys America, LP, et al.*, C.A. No. 1:06-1791

### MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation

Oppositions of plaintiffs and defendants Danny Jones, P.A.; Addi Sameh Abuel-Shar, M.D.; Saint Francis Hospital, Inc.; Philip Hess, M.D.; Jihad Khattab, M.D.; and Jian Xing, M.D., to transfer of their respective actions listed on Attachment A to the United States District Court for the Eastern District of Louisiana.

Schedule of Matters for Hearing Session, Section B                   p. 15
Miami, Florida


## MDL-1700 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)

Opposition of plaintiffs Richard Lucey, et al., to transfer of the following action to the United States District Court for the Northern District of Indiana:

### District of New Jersey

*Richard Lucey, et al. v. FedEx Ground Package Systems, Inc.*, C.A. No. 1:06-3738


## MDL-1708 -- In re Guidant Corp. Implantable Defibrillators Products Liability Litigation

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the District of Minnesota:

### Southern District of Alabama

*Arthur T. Sims, et al. v. Guidant Sales Corp., et al.*, C.A. No. 1:06-644

### Eastern District of California

*Sallie Everett v. Guidant Corp., et al.*, C.A. No. 1:06-1116
*Piero Biondi, et al. v. Boston Scientific Corp., et al.*, C.A. No. 1:06-1150
*Randal Notestine v. Guidant Corp., et al.*, C.A. No. 2:06-1945
*Ronald Cameron, et al. v. Guidant Corp., et al.*, C.A. No. 2:06-1960
*Clifford Hosler, et al. v. Guidant Corp., et al.*, C.A. No. 2:06-1972

### Northern District of California

*Alfred Martinez, et al. v. Guidant Corp., et al.*, C.A. No. 5:06-5244

### Southern District of California

*Fred W. Seeger v. Guidant Corp., et al.*, C.A. No. 3:06-1685
*Theodore Hardson v. Guidant Corp., et al.*, C.A. No. 3:06-1687
*Bennie Shipley v. Guidant Corp., et al.*, C.A. No. 3:06-1688

### Eastern District of Missouri

*Donald Alexander v. Boston Scientific Corp., et al.*, C.A. No. 4:06-1289

Schedule of Matters for Hearing Session, Section B                    p. 16
Miami, Florida


## MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

Oppositions of plaintiffs Barbara S. Austin, Mildred Golden, Lisa M. Garacia, and Mary A. Maltese to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

### Northern District of Georgia

*Barbara S. Austin v. Ameriquest Mortgage Co., et al.*, C.A. No. 1:06-1452

### Southern District of Georgia

*Mildred Golden v. Ameriquest Mortgage Co.*, C.A. No. 4:06-36

### Middle District of Pennsylvania

*Lisa M. Garacia v. Ameriquest Mortgage Co.*, C.A. No. 1:06-1595
*Mary A. Maltese v. Ameriquest Mortgage Co.*, C.A. No. 1:06-1596


## MDL-1718 -- In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation

Oppositions of plaintiffs Louisiana Farm Bureau Casualty Insurance Co., et al.; James R. Bixler; and West American Insurance Co., et al., to transfer of their respective following actions to the United States District Court for the Eastern District of Michigan:

### Middle District of Louisiana

*Louisiana Farm Bureau Casualty Insurance Co., et al. v. Ford Motor Co.*, C.A. No. 3:06-576

### Eastern District of Missouri

*James R. Bixler v. Ford Motor Co.*, C.A. No. 4:06-1030

### District of South Carolina

*West American Insurance Co., et al. v. Ford Motor Co.*, C.A. No. 8:06-2435

MDL-1721 -- In re Cessna 208 Series Aircraft Products Liability Litigation

Opposition of defendant Cessna Aircraft Company to transfer of the following action to the United States District Court for the District of Kansas:

Southern District of New York

*Stephanie Ann Allan, et al. v. Cessna Aircraft Co., et al.*, C.A. No. 1:06-8197

MDL-1726 -- In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation

Oppositions of plaintiff June Branson, etc., and defendant Medrtonic, Inc., to transfer of the respective following actions to the United States District Court for the District of Minnesota:

Middle District of Florida

*June Branson, etc. v. Medtronic, Inc., et al.*, C.A. No. 5:06-332

Western District of Kentucky

*Connie Farmer, et al. v. Medtronic, Inc.*, C.A. No. 3:06-152

MDL-1785 -- In re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation

Opposition of plaintiffs Michelle Sandford, et al., to transfer of the following action to the United States District Court for the District of South Carolina:

Eastern District of Pennsylvania

*Michelle Sandford, et al. v. Bausch & Lomb, Inc., et al.*, C.A. No. 2:06-4208

Schedule of Matters for Hearing Session, Section B                    p. 18
Miami, Florida


<u>MDL-1789 -- In re Fosamax Products Liability Litigation</u>

Oppositions of plaintiffs Edward A. Morris, et al., and Anne E. Clayton to transfer of their respective following actions to the United States District Court for the Southern District of New York:

<u>Central District of California</u>

*Edward A. Morris, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-5587
*Anne E. Clayton v. Merck & Co., Inc., et al.*, C.A. No. 2:06-6398

**ATTACHMENT A TO THE JANUARY 25, 2007
SCHEDULE OF MATTERS FOR HEARING SESSION**

MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation

### Eastern District of California

*Gladys Herring, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1826
*Ruth Beatty v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1845
*Mary Grove v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1941
*Donna Moret v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1954
*Maximo Rivera v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1957
*Linda Chamberlain v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1973
*Kap Sook Choi v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1977
*Witold Kolankowski v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1978
*Freeman Herring v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2079
*Emma Miguel v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2215

### Northern District of California

*Jeffrey Kaufman, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-4921
*William C. Mullins v. Merck & Co., Inc., et al.*, C.A. No. 3:06-5534

### Southern District of California

*Earl Alger v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1888
*Douglas Diaz v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1889
*Raylene Diaz v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1890
*Diane Dumas v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1891
*Judy Joseph v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1892
*Debra Robles v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1893
*Berit Nytzen v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1894
*Annette Williams v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1896
*Jayn Fields v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1897
*Brenda Eldridge v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1898
*William Eldridge v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1899
*David Fields v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1900
*Diane Cross v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1901
*Valada Embry v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1903

- 2 -

**MDL-1657 Attachment A (Continued)**

<u>Southern District of California</u> (Continued)

*Wanda Alger v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1904
*David Young, Sr. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1905
*George Dumas v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1906
*Carol Demasters v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1907
*Helen Eads v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1908
*Irma Young v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1909
*Evelyn Mazzone v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1951
*Jacqueline Battle v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1953
*Robert Battle v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1954
*James Mazzone v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1955
*Norwood Blatchford v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1956
*Margaret Choate v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1957
*Rosa Blatchford v. Merck & Co., et al.*, C.A. No. 3:06-1958
*Horst Baranasch v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1959
*Carol J. Heck v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1960
*Esperanza Juarez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1961
*Jesus Beato v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1962
*Alice Farmer v. Merck & Co, Inc., et al.*, C.A. No. 3:06-1963
*Susanne Barabasch v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1964
*Nina Pope v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1966
*Carmen Ramirez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1967
*Nancy Furman v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1968
*Jean Brooker v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1969
*Stephen Choate v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1970
*Glenna Settle v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1971
*Frederick Settle v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1972
*Richard Brooker v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1973
*Alicia Beato v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1981
*Joel Christenson v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1982
*Tina Diamond v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1983
*Loren Diamond v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1984
*Edward Gnau v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1985
*Srvilla Harris v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1986
*Victoria Kassab v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1987

- 3 -

**MDL-1657 Attachment A (Continued)**

Southern District of California (Continued)

*William Kay v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1988
*Hank Martinex v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1989
*Simena Woo v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1990
*Priscilla Wilson v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1991
*Bobby Wilson v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1992
*Leslie Weldy v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1993
*Mary Stromberg v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1994
*Leona St. Onge v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1995
*Eloisa Santillan v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1996
*Betty Michal v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1997
*Minh Tam Nguyen v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1998
*Lou Ella Holmes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1999
*Betty Jo Kay v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2000
*Dearled Knotts v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2001
*Joanne Westover v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2003
*Stanley Westover v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2004
*Sharon Leezy v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2005
*Carl Danek v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2006
*Lorraine Suder v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2007
*Mariane Power v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2008
*Louis Roah v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2009
*Dorothy Scott v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2010
*James Leezy v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2011
*Angela Tourajigian v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2012
*Arnold Suder v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2013
*Jean Roah v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2014
*Charles Murphy v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2015
*Carlos Baylon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2016
*Debbie Clines v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2017
*Juan Leanos v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2018
*Michelle Bell v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2019
*Robert Brown v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2020
*Josephine Baylon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2021
*Kim Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2032

- 4 -

**MDL-1657 Attachment A (Continued)**

<u>Southern District of California</u> (Continued)

*Judith Schuff v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2033
*Jeff Goldberg v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2034
*Larry Dawes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2035
*Phyllis Cruz v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2036
*Jose Cruz v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2037
*David J. Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2038
*Martha Brault v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2039
*Inez Goldenberg v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2040
*Evelyn Green v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2041
*Anita Kincade v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2042
*Catherine Janes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2043
*Alfred Brault v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2044
*Harold James v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2045
*Egon Ohlendorf v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2046
*Robert Gans v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2047
*Nancy Jackson-Dawes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2048
*Frances Gans v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2049
*Denise Radovan-Alfonso v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2115
*Francisco Silva v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2116
*Maria Santiago v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2117
*James Rhodes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2118
*Mark Williams v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2119
*Vickie Brendel v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2120
*Perseveranda Smith v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2121
*Fred Black, Sr. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2122
*Jean Cardinal-McQuery v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2123
*Bella Jacobs v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2124
*Larry Valenti v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2125
*Patricia Martinez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2126
*Patricia May Hilliard v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2127
*Jan Schmidt v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2128
*Steven Hampton v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2129
*Jean McNeese v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2130
*Dale Lloyd v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2131

- 5 -

**MDL-1657 Attachment A (Continued)**

<u>Southern District of California</u> (Continued)

*Augustin Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2132
*Kenneth Lowry v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2133
*Donna Hall v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2134
*Jacqueline Lowry v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2135
*Dolores Lloyd v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2136
*Brian Coit v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2137
*Juan Silva v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2138
*Frances Bushong v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2139
*Maria Osuna v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2152
*Thomas Perfetto v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2153
*Randy Valentine v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2154
*Andres De Casas v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2155
*Anna Combite v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2156
*S. Anne Hamilton v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2157
*Aloysius Kremer v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2158
*Winifred Morris v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2159
*Darnell Hudson v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2160
*Viola Kremer v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2161
*Marietta Orpilla v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2163
*Joyce Perfetto v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2164
*Amineh Younis v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2165
*Ahmad Younis v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2166
*Michelle McMahon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2259
*Darren McMahon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2260

<u>Middle District of Florida</u>

*Louise M. Griffin, etc. v. Merck & Co., Inc., et al.*, C.A. No. 8:06-1806

<u>District of Hawaii</u>

*John R. McClelland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:06-543

- 6 -

**MDL-1657 Attachment A (Continued)**

<u>Western District of Kentucky</u>

*Cynthia Chesser, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-521

<u>Northern District of Mississippi</u>

*Michael A. Collier v. Merck & Co., Inc., et al.*, C.A. No. 1:06-265

<u>Eastern District of Missouri</u>

*Stephen D. Murch v. Merck & Co., Inc., et al.*, C.A. No. 4:06-1157
*Forrest Lincoln, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:06-1372

<u>District of Nevada</u>

*Albertine Avant, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1313
*Buddy Batiz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1317
*Richard Booth, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1318
*Don Chapman, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1319
*Norma Coon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1320
*Ralph Cox, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1323

<u>Northern District of New York</u>

*Dennis Richard Harrison v. Merck & Co., Inc.*, C.A. No. 1:06-932

<u>Southern District of New York</u>

*Elena Strujan v. Merck & Co., Inc.*, C.A. No. 1:06-7745

<u>Eastern District of North Carolina</u>

*Eugene Seals, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:06-115

<u>Northern District of Oklahoma</u>

*Wanda Ferrell, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:06-561

- 7 -

**MDL-1657 Attachment A (Continued)**

### Western District of Oklahoma

*Stella Claypool v. Merck & Co., Inc., et al.*, C.A. No. 5:06-1030

### Eastern District of Texas

*Elton White, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:06-638
*James Williams v. Merck & Co., Inc., et al.*, C.A. No. 6:06-433

### Northern District of Texas

*Rose Fogiel v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1748

### Southern District of Texas

*Dominga R. Castro v. Merck & Co., Inc., et al.*, C.A. No. 1:06-150
*Patricia Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 1:06-151
*Olivia Robinson v. Merck & Co., Inc., et al.*, C.A. No. 1:06-152
*Gwendolyn Ann Herron, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:06-163
*Blanca D. Jimenez v. Merck & Co., Inc., et al.*, C.A. No. 1:06-165
*Veronica Zamora v. Merck & Co., Inc., et al.*, C.A. No. 1:06-171
*Sandra Smith v. Merck & Co., Inc., et al.*, C.A. No. 1:06-172
*Ben Longoria v. Merck & Co., Inc., et al.*, C.A. No. 1:06-174
*Celia M. Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 1:06-175
*Delia Cantu, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-404
*Lucia Gonzalez v. Merck & Co., Inc., et al.*, C.A. No. 2:06-424
*Minerva H. Rosas v. Merck & Co., Inc., et al.*, C.A. No. 2:06-427
*Alison Nettles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:06-3191
*Edward M. Steele v. Merck & Co., Inc., et al.*, C.A. No. 5:06-147
*Noemi Guzman Mata v. Merck & Co., Inc., et al.*, C.A. No. 7:06-253
*Maria Dolores Herrera, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:06-255
*Estela Guerra, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:06-261
*Cristina Hernandez Mendoza v. Merck & Co., Inc., et al.*, C.A. No. 7:06-262
*Hortencia Rosalez v. Amerisource, Inc., et al.*, C.A. No. 7:06-269
*Maria Gonzalez de Ramirez v. Merck & Co., Inc., et al.*, C.A. No. 7:06-278
*Martha B. Torres v. Merck & Co., Inc., et al.*, C.A. No. 7:06-279

- 8 -

**MDL-1657 Attachment A (Continued)**

<u>Southern District of Texas</u> (Continued)

*Petra Ybarra v. Merck & Co., Inc., et al.*, C.A. No. 7:06-288
*Luis Cantu v. Merck & Co., Inc., et al.*, C.A. No. 7:06-289
*Emma Cuellar v. Merck & Co., Inc., et al.*, C.A. No. 7:06-295
*Maria C. Cardenas v. Merck & Co., Inc., et al.*, C.A. No. 7:06-296
*Gloria Mascorro v. Merck & Co., Inc., et al.*, C.A. No. 7:06-297
*Maria Gloria Ybarra v. Merck & Co., Inc., et al.*, C.A. No. 7:06-308
*Aida Vasquez v. Merck & Co., Inc., et al.*, C.A. No. 7:06-311
*Irma Solis v. Merck & Co., Inc., et al.*, C.A. No. 7:06-312
*Francisca Villarreal v. Merck & Co., Inc., et al.*, C.A. No. 7:06-315
*Elma Martinez v. Merck & Co., Inc., et al.*, C.A. No. 7:06-316
*Elvira Serna v. Merck & Co., Inc., et al.*, C.A. No. 7:06-317

<u>Western District of Texas</u>

*Ronnie D. Fox, etc. v. Merck & Co., Inc.*, C.A. No. 1:06-748
*Barbara J. Baxter v. Merck & Co., Inc., et al.*, C.A. No. 1:06-749
*Katherine Arney, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:06-771
*Eddie Roy Tealer v. Merck & Co., Inc., et al.*, C.A. No. 1:06-772
*Ramona Wright v. Merck & Co., Inc., et al.*, C.A. No. 1:06-779
*Jesus Avila v. Merck & Co., Inc.*, C.A. No. 1:06-786
*Ina M. Teller v. Merck & Co., Inc., et al.*, C.A. No. 1:06-804
*Jonna Murchison v. Merck & Co., Inc., et al.*, C.A. No. 1:06-805
*Brian G. Thompson v. Merck & Co., Inc., et al.*, C.A. No. 1:06-806
*Juanita Phillips v. Merck & Co., Inc., et al.*, C.A. No. 1:06-827
*James Townsley v. Merck & Co., Inc., et al.*, C.A. No. 1:06-849
*Richard Rodriguez, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:06-785

RULE 16.1:   HEARING SESSIONS AND ORAL ARGUMENT

(a)     Hearing sessions of the Panel for the presentation of oral argument and consideration of matters taken under submission without oral argument shall be held as ordered by the Panel.  The Panel shall convene whenever and wherever desirable or necessary in the judgment of the Chairman. The Chairman shall determine which matters shall be considered at each hearing session and the Clerk of the Panel shall give notice to counsel for all parties involved in the litigation to be so considered of the time, place and subject matter of such hearing session.

(b)     Each party filing a motion or a response to a motion or order of the Panel under Rules 7.2, 7.3, 7.4 or 7.6 of these Rules may file simultaneously therewith a separate statement limited to one page setting forth reasons why oral argument should, or need not, be heard.  Such  statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard," and shall be filed and served in conformity with Rules 5.12 and 5.2 of these Rules.

(c)     No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party timely opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument except that the Panel may dispense with oral argument if it determines that:

      (i)     the dispositive issue(s) have been authoritatively decided; or

      (ii)    the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Unless otherwise ordered by the Panel, all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(d)     In those matters in which oral argument is not scheduled by the Panel, counsel shall be promptly advised.  If oral argument is scheduled in a matter the Clerk of the Panel may require counsel for all parties who wish to make or to waive oral argument to file and serve notice to that effect within a stated time in conformity with Rules 5.12 and 5.2 of these Rules.  Failure to do so shall be deemed a waiver of oral argument by that party.  If oral argument is scheduled but not attended by a party, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed.

(e)     Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(f)     Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the oral argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(g)     Unless otherwise ordered by the Panel, a maximum of twenty minutes shall be allotted for oral argument in each matter.  The time shall be divided equally among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.

- 2 -

(h)      So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided.  Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it.

(i)      After an action or group of actions has been set for a hearing session, consideration of such action(s) may be continued only by order of the Panel on good cause shown.