**MDL 875**

DOCKET NO. 875

DEC 2 8 2006

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

FILED
CLERK'S OFFICE

This document relates to the following case:

*Eswin Dean v. 3M Company, et al.,*
**United States District Court for the Northern District of Mississippi, Greenville Division,**
**Civil Action No. 4:06cv142GHD**

---

**BRIEF IN SUPPORT OF DAIMLERCHRYSLER CORPORATION'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

---

**INTRODUCTION:**

Defendant DaimlerChrysler Corporation ("Chrysler") files its response to Plaintiff's
Motion to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on October
20, 2006. On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("MDL") ordered that
all federal "personal injury or wrongful death asbestos actions not yet in trial" be transferred to
the United States District Court for the Eastern District of Pennsylvania for consolidated and
coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407. *In re Asbestos Products
Liability Litigation (No. VI),* MDL Docket No. 875, 771 F. Supp. 415, 422 & 424 (J.P.M.L.
1991). Plaintiff does not dispute that this case falls within the scope of the MDL Panel's transfer
order. Instead, Plaintiff objects to transfer because he believes, incorrectly, that transfer will not
promote the efficient resolution of the case. In fact, this exact scenario was what the asbestos
MDL court was designed for. *See In re Asbestos Products Liability Litigation (No. VI),* MDL
Docket No. 875, 771 F. Supp. at 417 (stating that the establishment of an asbestos MDL court is
warranted because such "centralization under § 1407 in the Eastern District of Pennsylvania will

PLEADING NO. 4937

OFFICIAL FILE COPY

IMAGED DEC 2 9 2006

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

DEC 28 A 10: 5

RECEIVED
CLERK'S OFFICE

best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation).

Additionally, Plaintiff relies exclusively on the fact that a motion to remand remains pending before the transferor district court. However, this Panel has explicitly rejected this argument on numerous prior occasions.[1] In its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket."[2] In fact, such a motion is better situated before the MDL court because the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings, which furthers judicial economy and eliminates the potential for conflicting pre-trial rulings.[3] Accordingly, the Panel should deny Plaintiff's Motion to Vacate the Conditional Transfer Order and enter a final order transferring this case to the MDL court.

## DISCUSSION:

### A Pending Motion to Remand Does Not Support a Motion to Vacate a Conditional Transfer Order.

Plaintiff's opposition to transfer is based upon Plaintiff's pending motion to remand, which is currently before the transferor district court. Plaintiff apparently believes that because

---

[1] *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Feb. 16, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C).

[2] *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)).

[3] *See e.g., In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *In re Air Crash Disaster off Long Island, NY*, 965 F. Supp. 5, 7 (S.D. N.Y. 1997).

the transferor court has not ruled on Plaintiff's incorrect challenge to federal diversity and federal officer jurisdiction, this Panel does not have the power to effectuate a transfer to the MDL court. However, this Panel has explicitly rejected this argument. *See In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Oct. 18, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C). In fact, in its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)). As the Panel observed, "Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest." *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A). The Panel has repeatedly held the pendency of a motion to remand cannot defeat transfer because "jurisdictional and remand motions can be presented to and decided by the transferee judge." *In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *1-2 (J.P.M.L. Oct. 24, 2000).[4]

---

[4] *See also In re Wireless Telephone Replacement Protection Programs Lit.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L.

## CONCLUSION:

Based on the foregoing, Plaintiffs' motion to vacate should be summarily denied, and the Panel should enter a final order transferring this case to the MDL court.

WHEREFORE, PREMESIS CONSIDERED, DaimlerChrysler Corporation respectfully request that the Judicial Panel on Multidistrict Litigation deny Plaintiffs' Motion to Vacate the Conditional Transfer Order and transfer this case to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted, this the 10th day of November, 2006.

CARROLL BUFKIN & COCO, PLLC


/s/ Lawrence M. Coco, III
Lawrence M. Coco, III (MSB# 100378)

On behalf of DaimlerChrysler Corporation

2002) (stating same); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 2002 WL 31108228, *1 (J.P.M.L. Mar. 4, 2002) (same); *In re Waste Mgmt., Inc. Sec. Litig.*, 177 F. Supp. 2d 1373, 1374 (J.P.M.L. 2002) (same); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (same); *In re StarLink Corn Prods. Liab. Litig.*, 152 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) ("plaintiffs' objection to Section 1407 transfer based upon the pendency of motions to remand their actions is also unpersuasive"); *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, 2001 WL 253115, *1 (J.P.M.L. Feb. 23, 2001) (stating same).

Of Counsel:

T. Gerry Bufkin
Lawrence M. Coco, III
Stephen A. Giachelli, Jr.
CARROLL BUFKIN & COCO, PLLC
1671 Lelia Drive
Jackson, Mississippi 39216
Telephone:  601.982.5011
Facsimile:  601.982.5012

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**CERTIFICATE OF SERVICE**

DEC 2 8 2006

I hereby certify that I have served a true and correct copy of the foregoing document to FILED
CLERK'S OFFICE

the following:

Alice W. Coleman, Esq.                    Via Electronic and U.S. Mail
Stephanie S. Lee, Esq.
BRENT COON & ASSOCIATES
188 East Capitol St.
Suite 1375
Jackson, MS 39201

and all other counsel of record.         Via Electronic Mail

This the 10th day of November, 2006.

/s/ Lawrence M. Coco, III
Lawrence M. Coco, III (MB No. 100378)
On behalf of DaimlerChrysler Motors Company, LLC



- 6 -

# INVOLVED COUNSEL LIST (CTO-269)
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson
& Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Cyrus C. Barger, III
Jude & Jude, PLLC
P.O. Box 17468
Hattiesburg, MS 39404-7468

Michael T. Bartley
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Juan P. Bauta, II
Bauta & Associates, PA
6915 Red Road
Suite 206
Coral Cables, FL 33143

Karen R. Bennett
Germer Gertz, LLP
550 Fannin Street
Suite 700
Beaumont, TX 77701-4915

Barbara K. Berrett
Berrett & Associates
Ken Garff Bldg.
405 South Main Street
Suite 1050
Salt Lake City, UT 84111

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Joel M. Bondurant, Jr.
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Scot A. Boyd
Christensen & Jensen
50 South Main Street
Suite 1500
Salt Lake City, UT 84144

Kamie F. Brown
Snell & Wilmer, LLP
15 W South Temple Ste 1200
Gateway Tower West
Salt Lake City, UT 84101

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Patricia W. Christensen
Parr, Waddoups, Brown, Gee &
Loveless
185 South State Street
13th Floor
P.O. Box 11019
Salt Lake City, UT 84147

John M. Christian
Perkins Coie, LLP
131 South Dearborn
Suite 1700
Chicago, IL 60603-5559

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Michael Jason Clayton
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Lawrence M. Coco III
Carroll Bufkin & Coco, PLLC
1671 Lelia Drive
Jackson, MS 39216

Alice W. Coleman
Brent Coon & Associates
188 East Capitol Street
Suite 1375
Jackson, MS 39201

Richard M. Crump
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Steven T. Densley
Strong & Hanni
9 Exchange Place
6th Floor
Salt Lake City, UT 84111

Andrea L. Edney
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

C. Michael Evert, Jr.
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Dennis C. Ferguson
Williams & Hunt
257 East 200 South
Suite 500
P.O. Box 45678
Salt Lake City, UT 84145-5678

Matthew J. Fischer
Schiff Hardin, LLP
6600 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6473

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Tracy H. Fowler
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Richard K. Glauser
Smith & Glauser, PC
7351 South Union Park Ave.
Suite 200
Midvale, UT 84047

Brenda Godfrey
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Cheri D. Green
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Stephen T. Grossmark
Tressler, Soderstrom, Maloney
& Priess
233 South Wacker Drive
22nd Floor
Chicago, IL 60606-6308

Samuel D. Habeeb
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

Jonathan L. Hawkins
Morgan, Minnock, Rice
& James
136 S. Main
Suite 800
Salt Lake City, UT 84101

Bradley A. Hays
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Mark F. James
Hatch, James & Dodge
10 West Broadway
Suite 400
Salt Lake City, UT 84101

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

Edward P. Kenney
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

Claire Williams Ketner
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Dan E. LaBelle
Halloran & Sage
315 Post Road, West
Wesport, CT 06880

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Dan R. Larsen
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Richard Eric Leff
McGivney & Kluger, P.C.
80 Broad Street
23rd Floor
New York, NY 10004

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Matthew S. Lott
Dogan & Wilkinson
734 Delmas Avenue
Pascagoula, MS 39565

Genevieve MacSteel
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Michael Magee
Pietragallo, Bosick & Gordon
One Oxford Centre
38th Floor
Pittsburgh, PA 15219

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

John C. McCants
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Moffatt Grier McDonald
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602

Robert O. Meriwether
Nelson, Mullins, Riley
& Scarborough, LLP
P.O. Box 11070
Columbia, SC 29211-0013

Melinda A. Morgan
Richards, Brandt, Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

J. Kevin Murphy
Kipp & Christian
10 Exchange Place
Fourth Floor
Salt Lake City, UT 84111-2314

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

Alison E. O'Neal
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Melissa M. Olson
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Donald C. Partridge
Forman, Perry, Watkins, Krutz & Tardy
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Stewart O. Peay
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Carl E. Pierce, II
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Steven J. Pugh
Richarson, Plowden, Carpenter
& Robinson, PA
P.O. Drawer 7788
Columbia, SC 29202

Mary Margaret Ratliff
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

Kenneth Leigh Reich
Snow Christensen & Martineau
10 Exchange Pl
Po Bx 45000
Salt Lake City, UT 84145-5000

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

INVOLVED COUNSEL LIST (CTO-269) - MDL-875

Gregory S. Roberts
Ray Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT 84145-0385

Ross I. Romero
Jones, Waldo, Holbrook
& McDonough
170 South Main Street
Suite 1500
P.O. Box 45444
Salt Lake City, UT 84145

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Robert H. Sands
Burroughs, Hepler, Broom,
MacDonald, et al.
Two Mark Twain Plaza, Suite 300
103 West Vandalia Street
P.O. Box 510
Edwardsville, IL 62025-0510

Ryan J. Schriever
J. Joyce & Associates
P.O. Box 329
Sandy, UT 84091-0329

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Cristin E. Sheehan
Morrison Mahoney
One Constitution Plaza
10th Floor
Hartford, CT 06103-1810

T. Mark Sledge
Grenfell, Sledge & Stevens
1659 Lelia Drive
P.O. Box 16570
Jackson, MS 39216-6570

Bonnie B. Smith
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Frances Spinthorakis
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Adam Michael Stefancic
Best, Vanderlaan & Harrington
25 East Washington
Suite 210
Chicago, IL 60602

William B. Stewart
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestos Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich
& McDermott, PLLC
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Katherine E. Venti
Parsons, Behle & Latimer
201 S Main St Ste 1800
Po Box 45898
Salt Lake City, UT 84145

Rose Marie Wade
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Michael Waller
Kirkpatrick Lockhart Nicholson
& Graham, LLP
One Newark Center
10th Floor
Newark, NJ 07102

Kirk G. Warner
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

Alton L. Watts
Shell Buford, PLLC
P.O. Box 157
Jackson, MS 39205-0157

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
Biloxi, MS 39533-0289

Natalie Whiteman
Alston & Bird, LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424

Mark J. Williams
Jones, Waldo, Holbrook
 & McDonough
170 South Main Street
Suite 1500
P.O. Box 45444
Salt Lake City, UT 84101

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

Sarah B. Windham
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**DOCKET NO. 875**

DEC 28 2006

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** FILED
CLERK'S OFFICE

This document relates to the following case:

*Eswin Dean v. 3M Company, et al.,*
**United States District Court for the Northern District of Mississippi, Greenville Division,**
**Civil Action No. 4:06cv142GHD**

---

### CERTIFICATE OF SERVICE

---

I hereby certify that I have served a true and correct copy of correspondence dated December 27, 2006, to the Clerk of the Panel, and the attachments thereto, including *DaimlerChrysler Corporation's Brief in Support of its Response to Plaintiff's Motion to Vacate the Conditional Transfer Order*, on the following via United States Mail, postage prepaid:

Blayne Thomas Ingram
Scott Sullivan Streetman & Fox
Post Office Box 13847
Jackson, MS 39236-3847

Respectfully submitted, this the 28th day of December, 2006.

CARROLL BUFKIN & COCO, PLLC

/s/ Lawrence M. Coco, III
Lawrence M. Coco, III (MSB# 100378)
On behalf of DaimlerChrysler Corporation

Of Counsel:

T. Gerry Bufkin
Lawrence M. Coco, III
Stephen A. Giachelli, Jr.
CARROLL BUFKIN & COCO, PLLC
1671 Lelia Drive
Jackson, Mississippi 39216
Telephone: 601.982.5011
Facsimile: 601.982.5012

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATIO

AUG -'9 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

# BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

*Flinn James, et al. v. International Paper Co., et al.*, S.D. Mississippi, C.A. No. 1:01-556
*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, W.D. Pennsylvania, C.A. No. 2:02-304

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending, respectively, in the Southern District of Mississippi and the Western District of Pennsylvania. Movants seek to vacate the Panel's orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

*Judge Sear took no part in the decision of this matter.

[1]Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the
(continued...)

Exhibit A            COPY IMAGED AUG 1 2 '02

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Plaintiffs in the Western District of Pennsylvania action (*Huber*) seek to exclude *Huber* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries. They urge that *Huber* instead deals exclusively with violations of common law, statutory law and the professional duties owed by defendant lawyers to plaintiff clients whom the lawyers previously represented in state court asbestos personal injury litigation. We are not confident that plaintiffs' claims regarding the caliber of their legal representation can be redressed without an examination of the merits of their underlying personal injury claims, matters which place *Huber* within the purview of MDL-875. Transfer is therefore necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket with respect to such matters as the structuring of settlements, settlement funding, and settlement administration. Finally, we note that the named plaintiffs are already parties to previously transferred MDL-875 actions that remain pending in the transferee district. Thus any inconveniences associated with Section 1407 transfer should be minimal.

We note that under Judge Weiner's stewardship, as of July 24, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,190 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

(...continued)
conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATIC

FEB 19 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN* AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

*John Todd v. Porter-Hayden Co., et al., D. Delaware, C.A. No. 1:01-234*
*Clyde Bowman, et al. v. Armstrong World Industries, Inc., et al., D. Delaware, C.A. No. 1:01-318*
*James C. Turner, et al. v. Anchor Packing Co., et al., E.D. Louisiana, C.A. No. 2:01-2767*
*Rodney W. Schamerhorn, etc. v. United States Dept. of Army, W.D. Louisiana, C.A. No. 2:01-914*
*Lowell Abbott, Jr., et al. v. Metropolitan Life Insurance Co., et al., E.D. Missouri, C.A. No. 4:01-1299*
*Cam L. Atkins, et al. v. A.P. Green Services, Inc., et al., S.D. West Virginia, C.A. No. 2:01-781*

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in six District of Delaware, Eastern District of Louisiana, Western District of Louisiana, Eastern District of Missouri and Southern District of West Virginia actions. Movants seek to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the

_____

*Judges Selya and Jensen took no part in the decision of this matter with respect to the Eastern District of Louisiana and Eastern District of Missouri actions. Judge Motz also took no part in the decision of this matter with respect to the Eastern District of Louisiana action.

IMAGED FEB 20 '02

- 2 -

transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Nor are we persuaded by the arguments of the plaintiffs in the District of Delaware and Southern District of West Virginia actions. These parties seek to exclude their three actions from transfer on the ground that the actions do not specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district: whether asbestos personal injury settlement agreements negotiated by the Center for Claims Resolution (CCR) create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing.

Finally, we note that under Judge Weiner's stewardship, as of February 1, 2002, i) over 71,000 actions have been closed in the transferee district, and ii) over 1100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable

---

[1] Plaintiffs in certain actions have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: '1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5 R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does no in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGAT

APR 1 8 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Weldon R. Moake, et al. v. Reynolds Metals Co.,* S.D. Texas, C.A. No. 4:00-4226

## BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOH
## F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBON
## AND D. LOWELL JENSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 192 F.R.D. 459, 468- (2000), by plaintiffs in the subject action pending in the Southern District of Texas (*Moake*) requesti that the Panel vacate the portion of its order conditionally transferring *Moake* to the Eastern District Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in t docket before Judge Charles R. Weiner.

On the basis of the papers filed and the hearing held, the Panel finds that *Moake* involves comn questions of fact with actions in this litigation previously transferred to the Eastern District Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in coordinated or consolidated pretrial proceedings occurring in that district will serve the convenienc the parties and witnesses and promote the just and efficient conduct of the litigation. We find that tran of the action is appropriate for reasons expressed by the Panel in its original decision in this do directing centralization of all pending federal court actions not then in trial involving allegation personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbe Products Liability Litigation (No. VI),* 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that ir Panel's original decision distinctions based on such matters as the pendency of motions or other ma before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condi

---

[1] Plaintiffs in *Moake* have argued that transfer should be denied or deferred in order to permit the resol of a pending motion to remand the action to state court. There is no need to delay transfer in order to accomm such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months fro filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra,* 192 F.R.D. a expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orde pretrial proceedings in the district court in which the action that is the subject of the conditional transfer or (continu

IMAGED APR 2 0 '01

Exhibit C

- 2 -

of any specific federal district, the stage of pretrial proceedings,[2] the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel. We note that under Judge Weiner's stewardship, as of March 31, 2001, i) nearly 67,000 actions have been closed in the transferee district, and ii) over 1,100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders inclusion of *Moake* in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 192 F.R.D. at 470-72. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Weldon Moake, et al. v. Reynolds Metals Co.*, S.D. Texas, C.A. No. 4:00-4226, is hereby transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

_____
(...continued)
pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without unnecessary interruption or delay.

[2]Plaintiffs in *Moake* have argued that, by virtue of a summary judgment previously entered in favor of the defendant in the action, *Moake* falls outside the scope of Section 1407, which authorizes the Panel to transfer for pretrial proceedings. We note that all parties to *Moake* agree that the Texas Supreme Court's ruling in an Texas asbestos personal injury case necessitates vacatur of the *Moake* court's order dismissing the action defendant. There is also no dispute that additional pretrial proceedings will be forthcoming, including disc and dispositive motions. In light of this agreed upon state of affairs in the action, it is clear that the *Moake* previously entered "final judgment" is merely a matter of form that should not prevent the action's transfer Section 1407. Plaintiffs' argument that the case has been adjudicated on the merits is especially unpersual light of plaintiffs' own motion, filed after the aforementioned Texas Supreme Court decision, requesting the court to vacate its dismissal order.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# CARROLL BUFKIN & COCO

DEC 2 8 2006

FILED
CLERK'S OFFICE

Lawrence M. Coco, III
Direct: (601) 982-5014
lcoco@carrollbufkin.com

December 27, 2006

**VIA OVERNIGHT MAIL**

Jeffery N. Luthi, Clerk of the Panel
United States District Court
One Columbus Circle, N.E.
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C.  20002

Request of Defendants DaimlerChrysler
for Extension of Time to File Response/Brief
in Dean, MSN 4:06-142 – GRANTED

(cdm - 12/28/06)

Re:   *Eswin Dean v. 3M, et al.*; Cause No. 4:06cv00142.

Dear Mr. Luthi:

Please find enclosed DaimlerChrysler Corporation's Brief in Support of its Response to Plaintiff's Motion to Vacate the Conditional Transfer Order in the above referenced case. This document was served on counsel opposite and was filed in the United States District Court for the Northern District of Mississippi on November 10, 2006.  I have attached a copy of the docket for your convenience.  However, I was informed today that the Judicial Panel on Multidistrict Litigation never received a copy of the aforementioned document for filing, which I can only attribute to the document being lost in the mail.  Please accept my apologies for any inconvenience that this might have caused your office.

Additionally, please allow this letter to serve as DaimlerChrysler Corporation's formal request for additional time to file its Brief in Support of its Response to Plaintiff's Motion to Vacate the Conditional Transfer Order.  My understanding is that a formal motion is not required at this time.  Please let me know if my understanding is incorrect.

Thank you for your consideration of this matter.  Please do not hesitate to call me at the above number if you have any questions or need additional information.

Sincerely,

CARROLL BUFKIN & COCO, PLLC

Lawrence M. Coco, III

LMC:klr
Enclosures
cc:   Alice W. Coleman, Esq.
      All Counsel Identified on Attached Service List and Docket Sheet
      1 6 7 1 L e l i a  D r i v e, J a c k s o n, M i s s i s s i p p i 3 9 2 1 6

A Professional Limited Liability Company