MDL 875

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 3 2007

IN RE:    ASBESTOS PRODUCTS LIABILTY          MDL DOCKET NO: 875
          LITIGATION (NO VI)                              FILED
                                                   CLERK'S OFFICE

CONDITIONAL TRANSFER ORDER 271

## CONSOLIDATED MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

**COME NOW**, Cletus Brewer ("Movant") by and through his counsel of record and files this his consolidated Motion and Brief to Vacate Conditional Transfer Order entered by the Judicial Panel on Multi-District Litigation on December 26, 2006. In support thereof, the Movant would show unto the Court, the following, to-wit:

## PROCEDURAL HISTORY

The Plaintiff originally filed suit in the Nineteenth Judicial District Court in the Parish of East Baton Rouge, State of Louisiana on May 19, 2006 against Noble Drilling, Chevron USA, Inc. Baker Hughes Oilfield Operations, Inc., Union Carbide Corporation, and Conoco Phillips Company.[1]  The Complaint was based upon, among other things, the plaintiff's exposure to the

---

[1] The Plaintiff in his Complaint allege over 5 years the "Defendants failed to provide a safe working environment, failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers, failure to provide a methods for storing and handling raw asbestos in a way that would prevent Plaintiff from inhaling asbestos dust and fibers,  failure to provide safety equipment to prevent Plaintiff from having to inhale asbestos fibers and dust, by using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the plaintiffs and to Plaintiff's co-workers; other items of unseaworthy conditions which may be established through the discovery and shown at the time of trial;

**IMAGED** JAN - 9 2007            OFFICIAL FILE COPY

chemical constituents of drilling mud containing raw asbestos while he was employed on marine vessels owned and/or leased by defendants.

The case was subsequently removed to the United Stated District Court for the Middle District of Louisiana by Chevron, USA, Inc on June 26, 2006. The removal was based on diversity of citizenship between plaintiff and defendants and the amount in controversy exceeding Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and cost. (See Notice of Removal without exhibits, attached hereto as Exhibit "B").

On November 15, 2006, Union Carbide Corporation notified the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 to the Rules of Judicial Panel of Multi-District Litigation listing the instant case as a potential "tag-a-long" action in the asbestos cases pending in the United States District Court, Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceeding pursuant to 28 U.S.C. § 1407 in MDL 875.

On November 22, 2006, Noble Drilling Corporation filed a Complaint and Petition for Exoneration from or Limitation of Liability. This limitation action was designated as In Re: The Complaint and Petition of Noble Drilling Corporation, As Owner of Rig S-55, Its Engines, Tackle, Apparel, ETC., in Cause for Exoneration from or Limitation of Liability, CA 06-CV-897-FJP-SCR, In Admiralty Pursuant to Rule 9(h), United States District Court, Middle District of Louisiana. See Exhibit "C."

Thereafter, on December 2, 2006, the Honorable Frank J. Polozola, United States District Judge entered an Order in the Limitation Action, inter alia, staying any and all suits actions or legal proceedings arising from voyages of Rig S-55 from January 1, 1972 through December 31,

---

and generally the failure of the Defendants to act with the required degree of care commensurate with existing situation."  A copy of the Complaint is attached hereto as Exhibit "A."

1977. See Exhibit "D." Counsel for Brewer received notice of this order around December 27, 2006.

Some of the claims of Cletus Brewer are implicated in this limitation action. It is the understanding of *Brewer* counsel that Noble Drilling will begin publishing the required notice later in January, 2007.

A Conditional Transfer Order was entered by this Panel on December 26, 2006 pursuant to Rule 7.4(c) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435 (2001). The Plaintiff has timely filed a Notice of Opposition to the Conditional Transfer Order pursuant to Rule 7.

The sum and substance is that the limitation action is now pending before the United States District Court for the Middle District of Louisiana, with a stay of prosecution order in place. The suit by Cletus Brewer against various defendants (inclusive of Noble) is pending in the United States District Court for the Middle District of Louisiana, but conditionally transferred to the Eastern District of Pennsylvania, Philadelphia Division by Panel order of December 26, 2006. Plaintiff Brewer seeks to vacate the Transfer Order such that his case will remain in the United States District Court, Middle District of Louisiana.

## <u>ARGUMENT AND AUTHORITIES</u>

Under 28 U.S.C. § 1407, civil actions pending in different district courts should be transferred for consolidated pretrial proceedings only if (1) the actions involve "one or more common questions of fact;" (2) the transfer is "for the convenience of parties and witnesses;" and (3) transfer will "promote the just and efficient conduct of such actions." The matter sub judice does not meet any of these requirements. *First*, this action is a single plaintiff action which

involves, case-specific facts that render it unsuitable for inclusion in the MDL as it is not common with any other case. *Second*, the case occurred in Louisiana and offshore Louisiana waters and many of witnesses are Louisiana residents. *Thirdly*, in transferring this matter to the MDL, just the opposite of "promotion of just efficient conduct of the action" will occur. The time and cost expenditure to the parties will increase significantly to travel to Philadelphia (versus Baton Rouge) when the overwhelming majority of the discovery will occur in Louisiana, the evidence developed will be applicable to this one case and none others, and would delay the action and toss it into an entirely irrelevant grouping of cases which would impede the progress of this case for several years.

## I.   Non-Class Action, Single Plaintiff Claims Should Not Be Transferred to This MDL.

This case is an individual suit for damages allegedly caused by the Defendants listed above. As a result, Plaintiff would derive little, if any, benefit from the MDL's focus because this is a single plaintiff action involving exposure by plaintiff to the chemical constituents of drilling mud containing raw asbestos while employed on vessels owned and/or leased by defendants. In establishing, MDL 875, the Panel found that "[c]entralizing under Section 1407 [wa]s necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." (Transfer Order at 2 (emphasis added)) This shows that all of the cases previous to MDL 875 were transferred under the umbrella of "class actions seeking recovery." Mass joinder of plaintiffs would likewise qualify for MDL treatment where hundreds or thousands of claimants are named in one suit with a common nexus of asbestos exposure.

4

Plaintiff in this case does not allege a class action, but rather an individual suit for damages, albeit, exposure to asbestos fibers. Discovery in this plaintiff's case will therefore center not just on questions regarding plaintiff's general exposure to asbestos, but on specific, critical issues of fact pertaining to asbestos on, in and around the marine drilling vessels on which plaintiff was a crew member. As a result, Plaintiff would derive no benefit from the MDL's focus on the class action or mass actions of claimants who have not been exposed to asbestos on Noble Rig S-55 during the course of their employment. Simply put, plaintiff's claim herein has nothing to do with other MDL claimants exposure to boiler or insulation asbestos at, inter alia, chemical plants, carpet mills, refineries, ship building, facilities, etc.

## II.   Transfer of This Case to MDL Would Result in Great Inconvenience to the Parties and Witnesses.

Given the discovery, briefing, and motion practice that necessarily accompanies class action litigation (particularly in the context of an MDL) individual case-specific issues are often put on the back burner. Such is the case in MDL 875. Because there are no class action-related issues to justify inclusion of Plaintiff's action in the MDL and the discovery issues that will arise in the *Brewer* case are not the same, nor are there similar issues with any other cases now pending in MDL 875 there is simply no "convenience" to the parties. In point of fact, it will be and is more convenient for the parties to litigate before the United States District Court for the Middle District of Louisiana. There will be no conservation of judicial resources by consolidation. Further, a transfer of *Brewer* to MDL 875 will increase the expense of litigation to the parties. Herein, all counsel work in the south Louisiana and Houston areas. The United States District Court or the Middle District of Louisiana is based in Baton Rouge, Louisiana. It

is self evident that motion practice in Baton Rouge will be less expensive (and time consuming) than traveling to Philadelphia. Plaintiff submits that the *Brewer* discovery will have no applicability to any other case, so there is no duplicative effort to address in the MDL context. Ergo, there is no economy of resources to be derived by other claimants or the Court. The vast majority of the discovery will occur in Louisiana or Mississippi, the witnesses are from Louisiana and Mississippi and all defendants have or had a physical presence in Louisiana. Plaintiff requests that the Panel grant his motion to vacate its conditional transfer order with respect to his case.

### III.   Transfer Will Not Promote Just and Efficient Conduct.

This matter does not comport with the provisions of 28 U.S.C. § 1407 which states in pertinent part:

> "(a)   When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions,***

The parties made defendants herein are parties with whom plaintiff was affiliated during his working career. Most of the currently named defendants are not traditional asbestos defendants who routinely request transfer and consolidation of large numbers of asbestos claims to the Eastern District of Pennsylvania forum. As discussed above, there is no convenience to the parties and witnesses by a transfer of the litigation to a forum over 1,100 miles from Louisiana.

6

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the MDL Panel grant his Motion to Vacate Conditional Transfer Order and remand this matter to the United States District Court for the Middle District of Louisiana.

The "just and efficient conduct" of this litigation will not be enhanced by transfer to Pennsylvania.  Because *Brewer* is "one of one," not "one of thousands," there is no judicial economy achieved by the Court or the parties litigating in Philadelphia versus Baton Rouge.  The *Brewer* case is a "stand alone" case, rulings in other cases on e.g. on discovery issues do not "trickle down" to *Brewer*.  The factual situation extant in *Brewer* is wholly original to *Brewer* and none other.

RESPECTFULLY SUBMITTED:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN
24110 Eden Street
P O Box 71
Plaquemine, Louisiana 70764
Telephone: 225-687-6396
Facsimile: 225-687-6398
e-mail: pwpendley@pbclawfirm

7

PANEL ON
MULTIDISTRICT LITIGATION

JAN - 8 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

Honorable Lawrence Talamo
U.S. District Court Clerk
Middle District of Louisiana
Russell B. Long Federal Building
777 Florida Street, Suite 139
Baton Rouge, LA 70801

Honorable James Brady
U.S. District Judge
Russell B. Long Federal Building
777 Florida Street, Suite 369
Baton Rouge, LA 70801

Honorable Frank J. Polozola
U.S. District Judge
Russell B. Long Federal Building
777 Florida Street, Suite 369
Baton Rouge, LA 70801

Honorable Stephen Reidlinger
U.S. District Judge
Russell B. Long Federal Building
777 Florida Street, Suite 260
Baton Rouge, LA 70801

Gary A. Bezet
Kean, Miller, Hawthorne,
D'Armond, et al.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300

RECEIVED
CLERK'S OFFICE
2007 JAN - 8   A 10: 38

Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
24110 Eden Street
P.O. Box 71
Plaquemine, LA 70765-0071

Daniel Douglas Pipitone
Chamberlain, Harlicka, White
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4496

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

McGready L. Richeson
Abbott, Simes & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Jena W. Smith
Baldwin & Haspel
Energy Centre, Suite 2200
1100 Poydras Street
New Orleans, LA 70163

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Richard P. Sulzer
Sulzer & Williams, LLC
201 Holiday Boulevard, Suite 335
Covington, LA 70433

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

this 5h day of January, 2007.

PATRICK W. PENDLEY

605260039000

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

CLETUS BREWER

VERSUS

COST OK Amt. 31⁵⁰
2158
MAY 19 2006
BY Cch   MD
DY CLERK OF COURT

NOBLE DRILLING CORPORATION; CHEVRON U.S.A. INC.; HALIBURTON SERVICES,
INC., Successor in interest to Baroid Drilling Fluids, Inc.; BAKER HUGHES OILFIELD
OPERATIONS, INC., Successor in interest to LOUISIANA MUD CO., INC. and MILCHEM
INCORPORATED COMPANY; and JOHN DOE CORPORATION A - Z

NO. 543480      DIV. **SEC. 25**

---

### PETITION

The petition of Cletus Brewer, a resident of Greene County, Mississippi, with respect
represents:

1.

Made defendants herein are:

NOBLE DRILLING CORPORATION, a Delaware Corporation, authorized to do
and doing business in the State of Louisiana with its registered agent for service of
process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA
70809.;

CHEVRON U.S.A. INC., a Pennsylvania Corporation, authorized to do and doing
business in the State of Louisiana with its registered agent for service of process
being, The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton
Rouge, LA, 70802-6129;

HALIBURTON ENERGY SERVICES, INC., a Delaware Corporation authorized to
do and doing business in the State of Louisiana with its registered agent for service
of process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge,
LA 70809. This Defendant is a successor in interest to Baroid Drilling Fluids, Inc.;

BAKER HUGHES OILFIELD OPERATIONS, INC., a California Corporation
authorized to do and doing business in the State of Louisiana with its registered agent
for service of process being, C T Corporation System, 8550 United Plaza Blvd.,
Baton Rouge, LA 70809 . This Defendant is a successor in interest to Louisiana Mud
Co.,Inc. and Milchem Incorporated.;

JOHN DOE CORPORATIONS A - J are all entities or individuals affiliated with the
above named Defendants who have manufactured and distributed asbestos containing
products (specifically mud compounds) for use in vessels operating in the Gulf of
Mexico and Louisiana coastal waters and engaged in drilling for oil and gas or which
have acted in concert with the above named Defendants or and whose identities are
currently unknown.  All allegations and claims asserted herein against the named
Defendant, are incorporated herein by reference against the Defendants John Doe
Corporations A - J. When the identities of the John Doe Corporation Defendants REC'D C.P.
known, these Defendants will be identified by name and joined in this action, if MAY 2 3 2006
necessary, pursuant to the Federal Rules of Civil Procedure.

805260039001

> JOHN DOES CORPORATIONS K-Z are all corporations, entities or individuals
> who leased or owned oil or gas wells and who specified that asbestos products were
> to be used in the drilling process, thereby exposing the Plaintiff to asbestos at a time
> when the Plaintiff was a crewman on a vessel operated in the Gulf of Mexico and
> Louisiana coastal waters. All allegations and claims asserted herein against the
> named Defendant, are incorporated herein by reference against the Defendants John
> Doe Corporations K - Z. When the identities of the John Doe Corporation
> Defendants are known, these Defendants will be identified by name and joined in this
> action, if necessary, pursuant to the Federal Rules of Civil Procedure.

each of whom are justly and truly indebted, in solido, unto the Plaintiff, Cletus Brewer for such

amount of money as will reasonably compensate Plaintiff for all his damages and injuries as

hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00.

3.

From about 1972 through 1977, plaintiff was an employee of Noble Drilling Corporation on

a marine vessel owned, leased, chartered and/or operated by Noble Drilling Corporation. The vessel

which is the subject matter of this Complaint, was engaged in drilling operations for Chevron U.S.A.

Inc. at all times relevant to this Complaint. Chevron U.S.A. Inc., upon information and belief

specified the make up, composition and/or ingredients of the mud compound used in the drilling

operation and specified that asbestos containing products be used in the mud compound during the

drilling process. During that time plaintiff was engaged in, inter alia, the mixing of drilling mud

necessary to fulfill the purpose and operation of the marine drilling vessel.

4.

In the process of mixing drilling mud, Plaintiff was required to handle asbestos compounds

which were utilized in thickening the drilling mud during the drilling process, including the moving

of sacks or bags of raw asbestos, dumping raw asbestos into a "chemical hopper" which was located

in the mud room of the vessel. Plaintiff was also required to move and stack the bags of raw

asbestos, and frequently worked in an enclosed environment where asbestos dust was present in the

air.

5.

From 1972 to 1977, while working on the marine vessel in question, the Plaintiff was

constantly subjected to an unreasonably dangerous condition which rendered the above named vessel

605260039002

unseaworthy in that he was exposed to asbestos fibers.

6.

That part of his duties for Noble Drilling Corporation was the mixing of drilling mud which contained raw asbestos and the moving of sacks or bags of raw asbestos so that it could be mixed in the mud for the purpose of thickening the drilling mud.

7.

His work with the drilling mud was frequently in an enclosed environment where asbestos was present in the air and Plaintiff breathed the asbestos fibers.

8.

The Defendants, Noble Drilling Corporation and/or Chevron U.S.A. Inc.., specified the chemicals and ingredients used in the mud compound and required that asbestos be used during the drilling process to assist in preventing blow outs.  The Defendants, Noble Drilling Corporation and/or Chevron U.S.A. Inc., not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel at all times.  Asbestos fibers were present in the form of asbestos dust in the rig on constant basis.  The Plaintiff and others who were working on Noble Drilling SS 55 drilling rig were exposed to this dust containing asbestos particles on a daily and constant basis.

9.

The Defendants names hereinabove knew or should have known of the unreasonable risk of bodily injury to the Plaintiff or others working on the vessel at issue in this litigation but, despite that knowledge, failed to adequately warn the Plaintiff and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the vessel.

10.

The Defendants, Halliburton Services, Inc., Successor in interest to Baroid Drilling Fluids, Inc.; Baker Hughes Oilfield Operations, Inc., Successor in interest to Louisiana Mud Co., Inc. and Milchem Incorporated Company, manufactured the mud compounds, including those compounds containing asbestos fibers which were used by the Defendant, Noble Drilling Corporation in the operation of the drilling rig Noble Drilling SS 55.  The companies knew or should have known at

605260039003

7.

His work with the drilling mud was frequently in an enclosed environment where asbestos was present in the air and Plaintiff breathed the asbestos fibers.

8.

The Defendants, Noble Drilling Corporation and/or Chevron U.S.A. Inc.., specified the chemicals and ingredients used in the mud compound and required that asbestos be used during the drilling process to assist in preventing blow outs.  The Defendants, Noble Drilling Corporation and/or Chevron U.S.A. Inc., not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel at all times.  Asbestos fibers were present in the form of asbestos dust in the rig on constant basis.  The Plaintiff and others who were working on Noble Drilling SS 55 drilling rig were exposed to this dust containing asbestos particles on a daily and constant basis.

9.

The Defendants names hereinabove knew or should have known of the unreasonable risk of bodily injury to the Plaintiff or others working on the vessel at issue in this litigation but, despite that knowledge, failed to adequately warn the Plaintiff and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the vessel.

10.

The Defendants, Halliburton Services, Inc., Successor in interest to Baroid Drilling Fluids, Inc.; Baker Hughes Oilfield Operations, Inc., Successor in interest to Louisiana Mud Co., Inc. and Milchem Incorporated Company, manufactured the mud compounds, including those compounds containing asbestos fibers which were used by the Defendant, Noble Drilling Corporation in the operation of the drilling rig Noble Drilling SS 55.  The companies knew or should have known at the time that they were suppling these asbestos containing material that the use of and storage of asbestos containing mud compound and in some cases raw asbestos fibers, would pose an unreasonable risk of serious bodily injury to the Plaintiff or others working on the vessel.

11.

As a direct and proximate result of the plaintiff's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessel owned and/or operated by the

605260039004

Defendants, Plaintiff has suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiff alleges that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by the Defendant, Noble Drilling Corporation.

13.

The negligence of the Defendants includes, but is not limited to:

a)     Failure to provide Plaintiff with a safe place to work;

b)     Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c)     Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Plaintiff from inhaling asbestos dust and fibers;

d)     Requiring Plaintiff to handle raw asbestos fibers without proper safety equipment or warning;

e)     By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the plaintiffs and to Plaintiff's co-workers;

f)     Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

g)     Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Plaintiff has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15.

605260039005

In addition, as a result of the nature of the injuries suffered by Plaintiff, the Plaintiff will continue to suffer physical injury, disability, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

16.

Plaintiff would show that the vessel was unseaworthy in the following non-exclusive respects:

a)  Failure to provide a safe working environment which would have prevented the Plaintiff from being exposed to asbestos fibers and asbestos dust;

b)  Failure to provide safety equipment to prevent Plaintiff from having to inhale asbestos fibers and dust.

c)  Other items of unseaworthy conditions which may be established through the discovery and shown at the time of trial of this matter.

17.

Plaintiff brings this suit under the Jones Act 46 U.S.C. 466, and General Maritime Law pursuant to the Savings Suitors Clause, 28 U.S.C. §1333.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiff. Accordingly, the Plaintiff is entitled to recover punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter.

WHEREFORE, Plaintiff prays that the defendants be duly cited to appear and answer this petition and that after due proceedings are had, that the Plaintiff be awarded judgment in his favor and against the Defendants jointly and severally, as follows:

I.  For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff;

II.  For compensatory damages for past, present and future physical pain and suffering;

III.  For compensatory damages for emotional distress suffered by Plaintiff;

IV.  For punitive damages;

Page 6

605260039006

V.      For legal interest on any amount so awarded from date of judicial demand until paid;

VI.     For all reasonable costs of court and expert witness fees; and

VII.    For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEYS:



PATRICK W. PENDLEY (LSBA#10421)
PENDLEY LAW FIRM.
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687-6396 FAX: 225/687-6398

## CIVIL

☐ 01-DAMAGES          ☐ 11-COMM. PROP PARTITIONS
☐ 02-CONTRACT         ☐ 12-PUBLIC SERV. COMM
☐ 03-PRISONER SUIT    ☐ 13-OTHER PARTITIONS
☐ 04-EXECUTORY PROCESS ☐ 14-OTHER
☐ 05-SUIT ON NOTES    ☐ 15-D.E.Q
☐ 06-EVICTION         ☐ 16-
☐ 07-WORKMENS COMPENSATION ☐ 17-
☐ 08-JUDICIAL REVIEW  ☐ 18-
☐ 09-PROPERTY RIGHTS  ☐ 19-
☐ 10-INJUNCTION MANDAMUS ☐ 20-

Page 7

605260040000

Brewer vs. Noble et al

SERVICE INFORMATION

NOBLE DRILLING CORPORATION, a Delaware Corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809.;

CHEVRON U.S.A. INC., a Pennsylvania Corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA, 70802-6129;

HALIBURTON ENERGY SERVICES, INC., a Delaware Corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. This Defendant is a successor in interest to Baroid Drilling Fluids, Inc.;

BAKER HUGHES OILFIELD OPERATIONS, INC., a California Corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809 . This Defendant is a successor in interest to Louisiana Mud Co.,Inc. and Milchem Incorporated.;

*FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

2006 JUN 26 PM 4:39

SIGN _____
by DEPUTY CLERK

# UNITED STATE DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLETUS BREWER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | NO. O6—45 8-JJB-SCR |
| | * | |
| **NOBLE DRILLING CORPORATION;** | * | SECTION ____ |
| **CHEVRON U.S.A., INC.; HALIBURTON** | * | |
| **SERVICES, INC., Successor in interest to** | * | |
| **Baroid Drilling Fluids, Inc.; BAKER HUGHES** | * | |
| **OILFIELD OPERATIONS, INC., Successor in** | * | |
| **interest to Louisiana Mud Co., Inc. and Milchem** | * | |
| **Incorporated Company; and JOHN DOE** | * | |
| **CORPORATION A - Z** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § § 1441 and 1332, and further

based on the grounds set forth in this Notice of Removal, Chevron U.S.A., Inc. (hereinafter

"Chevron") hereby removes that action entitled "Cletus Brewer v. Noble Drilling Corporation, et

al.," No. 21593 on the docket of the 19th Judicial District Court for the Parish of East Baton

Rouge, State of Louisiana, to the United States District Court for the Middle District of

Louisiana. In support of its Notice of Removal, Chevron avers as follows:

1.

On May 26, 2006, Chevron was served, through its registered agent, a copy of the

Petition filed by Plaintiff, Cletus Brewer, in the 19th Judicial District Court for the Parish of East

Baton Rouge, State of Louisiana, No. 543480, Section 25. In compliance with 28 U.S.C. § 1446

1051990-1


BW, Removal

- 1 -



(a), a copy of Plaintiff's Petition, along with all other papers received by Chevron or otherwise filed in State Court are attached hereto as Exhibit "A".

2.

Pursuant to 28 U.S.C. § §  1332, 1441 (a) and 1446 (a), and without prejudice to any defenses against Plaintiff's action, jurisdictional or otherwise, all named Defendants join in this Notice of Removal, as per the Notices of Consent to Removal submitted by Defendants, Noble Drilling Corporation, Halliburton Energy Services, Inc. and Baker Hughes Oilfield Operations, Inc.

3.

The Petition states that this action is being brought pursuant to 46 U.S.C. § 466 (hereinafter referred to as the "Jones Act") and the General Maritime Laws of the United States of America.

4.

The Petition alleges, *inter alia*, that Plaintiff was exposed to products containing asbestos from approximately 1972 through 1977.

5.

The Petition alleges that, during the dates in question, Plaintiff's employer for purposes of the Jones Act was Noble Drilling Corporation.

6.

On information and belief, and contrary to the allegations of Plaintiff's Petition, Noble Drilling Corporation was not Plaintiff's employer on the dates in question.  Accordingly, this lawsuit does not qualify as a "non-removable action" under the provisions of 28 U.S.C. § 1445 (a).

7.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction).   As indicated below, the captioned matter is a suit between citizens of different states and the amount in controversy for Plaintiff's claim exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs. The suit is, therefore, removable pursuant to 28 U.S.C. § 1441, *et.seq.*

8.

Plaintiff is an individual claiming to be an adult resident of Green County, Mississippi. *See* Petition at Paragraph 1.

9.

Chevron U.S.A., Inc. is now, and was at the commencement of this litigation, a Pennsylvania corporation with its principal place of business outside the States of Louisiana and Mississippi.  The principal place of business of Chevron U.S.A., Inc. is located in the State of California.

10.

Halliburton Energy Services, Inc. is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the States of Louisiana and Mississippi.

11.

Baker Hughes Oilfield Operations, Inc. is now, and was at the commencement of this litigation, a California corporation with its principal place of business outside the States of Louisiana and Mississippi.

12.

Noble Drilling Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the States of Louisiana and Mississippi.

13.

Plaintiff has alleged that several unidentified co-defendants, namely John Doe Corporations A-Z, are liable for his damages.  However, such co-defendants have not been named or served and their citizenship may, therefore, be disregarded for purposes of diversity jurisdiction.

14.

Consequently, this suit is between citizens of different states for purposes of 28 U.S.C. § 1332 (a) (1) and complete diversity of citizenship exists.

15.

In his Petition, plaintiff does not plead a specific amount of damages to which he claims he is entitled.  However, he alleges that he suffered "severe and permanent injuries to his lungs" as a result of being exposed to products containing asbestos.  See paragraph 14 of plaintiff's Petition.

16.

Plaintiff further clarifies that he asserts a damage claim for the following particulars:

A.    Compensatory damages for all medical expenses incurred and to be incurred in the future;

B.    Compensatory damages for past, present and future physical pain and suffering;

C.    Compensatory damages for emotional distress;

1051990-1                                     - 4 -

D.      Punitive damages;

E.      Legal interest on any amount so awarded from date of judicial demand until paid;
        and

F.      Costs of court and expert witness fees.

See paragraphs 14 and Prayer of plaintiff's Petition.

16.

Chevron denies liability to Plaintiff in any amount whatsoever; however, Chevron asserts

that, due to the nature and extent of injuries claimed and the damages sought, the amount in

controversy exceeds $75,000.00, exclusive of interest and costs.

17.

Removal is timely pursuant to 28 U.S.C. § 1446 (b) because it is filed within thirty (30)

days of May 26, 2006, the date that all named defendants were served.

18.

Venue is proper because the Parish of East Baton Rouge is within the territorial

jurisdiction of this Honorable court.

19.

Defendants Noble Drilling Corporation, Halliburton Energy Services, Inc., and Baker

Hughes Oilfield Operations have consented to this Removal as verified by the attached Consents.

See Exhibit "B," *in globo*.

20.

A copy of this Notice of Removal has been served on counsel for Plaintiff.

21.

Chevron is providing the 19th Judicial District Court for the Parish of East Baton Rouge,

State of Louisiana, written notice of this removal and has requested that the Clerk of that Court

forward a certified copy of the State Court record in this matter to this Court.

**WHEREFORE,** Chevron U.S.A. Inc. hereby removes this action to this Honorable

Court.

Submitted by:

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Carol L. Galloway (#16930)
Alicia E. Wheeler (#28803)
Allison N. Benoit (#29087)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
   McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, LA   70821
Telephone:  (225) 387-0999

*Attorneys for Chevron U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been forwarded, via facsimile, and/or by U. S. Mail, postage prepaid, to plaintiff's counsel and via electronic mail to all known counsel of record.

Baton Rouge, Louisiana this 26 day of June, 2006.

_Gayla Moncla_
Gayla M. Moncla

## ATTACHMENT "A"

### UNITED STATE DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLETUS BREWER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** _____ |
| | * | |
| **NOBLE DRILLING CORPORATION,** | * | **SECTION** _____ |
| **ET AL.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mr. Patrick W. Pendley
PENDLEY LAW FIRM
P. O. Drawer 71
Plaquemine, LA 70765

Represents Plaintiff

Gary A. Bezet
Gayla M. Moncla
Kean, Miller, Hawthorne, D'Armond,
    McCowan & Jarman, LLP
P. O. Box 3513
Baton Rouge, LA 70821

Represents Chevron U.S.A., Inc.

Daniel D. Pipitone
Chamberlain, Hrdlicka, White, Williams
    & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-1310

Represents Noble Drilling Company

Richard P. Sulzer
Robert E. Williams, IV
Sulzer & Williams, L.L.C.
201 Holiday Boulevard, Suite 335
Covington, LA 70433

Represents Baker Hughes Oilfield
    Operations, Inc.

1051990-1

James F. Holmes
Christovich & Kearney, LLP
601 Poydras St., Suite 2300
New Orleans, LA  70130

Represents Halliburton Energy
Services, Inc.

974155_1

## UNITED STATE DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLETUS BREWER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** _____ |
| | * | |
| **NOBLE DRILLING CORPORATION,** | * | **SECTION** _____ |
| **ET AL.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## **AFFIDAVIT**

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

     **BEFORE ME,** the undersigned authority, personally came and appeared:

### **GAYLA M. MONCLA**

who, after first being duly sworn, did depose and say

     That all the allegations contained in the Notice of Removal filed herein are true and correct to the best of her knowledge, information and belief.

 

 

_____
GAYLA M. MONCLA

**SWORN TO** and subscribed before me, Notary, this 26th day of June, 2006.

_____
NOTARY PUBLIC

Scott D. Huffstetler
Notary Public
State of Louisiana
La Bar Roll No. 28615
My Commission is for Life

1051990-1

## UNITED STATE DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLETUS BREWER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** _____ |
| | * | |
| **NOBLE DRILLING CORPORATION,** | * | **SECTION** _____ |
| **ET AL.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PROOF OF SERVICE

Gayla M. Moncla, being duly sworn, does depose and say:

That she is the counsel for Chevron U.S.A., Inc., defendant herein, and that on the 26th day of June, 2006, after the Notice of Removal had been filed with the above court, she mailed a copy of said Notice of Removal and attachments to Patrick W. Pendley, attorney for plaintiff, by depositing same in the United States Mail, postage prepaid, and properly addressed.

Affiant further deposes and says that she hand delivered a copy of said Notice of Removal to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for filing in the matter entitled "Cletus Brewer v. Noble Drilling Corporation, et al.," No. 543,480 on the docket of said Court.

_____
Gayla M. Moncla

SWORN TO and subscribed before me, Notary, this 26th day of June, 2006.

_____
NOTARY PUBLIC

Scott D. Huffstetler
Notary Public
State of Louisiana
La Bar Roll No. 28615
My Commission is for Life

1051990-1



COPY
ORIGINAL FILED
USDC MD/LA

2006 NOV 22 PH 1: 22

SIGN_____
BY DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF LOUISIANA
### BATON ROUGE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C. A. NO. _O6-CV·897·RJP·SCR_ |
| PETITION OF NOBLE DRILLING | § | |
| CORPORATION, AS OWNER OF | § | **In Admiralty Pursuant to** |
| RIG S-55, ITS ENGINES, TACKLE, | § | **Rule 9(h)** |
| APPAREL, ETC. IN A CAUSE FOR | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## COMPLAINT AND PETITION FOR
## EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner, Noble Drilling Corporation, as owner of Rig S-55 (and any other Noble Drilling Corporation vessels/rigs upon which claimant Cletus Brewer worked, the identify of which are currently unknown), its engines, gear, tackle, etc., in a cause for exoneration from or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and in support thereof would respectfully show the Court as follows:

### I.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, all as hereinafter more fully appears.



## II.

Petitioner Noble Drilling Corporation, is and at all material times hereinafter mentioned was a corporation organized and existing under the laws of the State of Delaware. Petitioner was at all times material hereto the owner of Rig S-55, its engines, gear, tackle, etc.

## III.

Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain Rig S-55, its engines, gear, tackle, etc. in all respects seaworthy and, at all times material hereto, each was, in fact and when applicable, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engineers, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessels were engaged.

## IV.

Rig S-55 commenced a voyage or voyages between January 1, 1972, and December 31, 1977, in the vicinity of navigable waters near New Orleans and/or the Gulf of Mexico. During the course of said voyage, Cletus Brewer allegedly sustained injuries to his physical body aboard Rig S-55 from the alleged inhalation of asbestos fibers aboard Rig S-55 while using drilling muds sometime between January 1, 1972, and December 31, 1977.

## V.

The loss of life, injury and property damage, if any, sustained by any and all persons or entities which may have resulted from the alleged occurrence or occurrences were not caused or contributed to by any design, fault, neglect or want of care on the part of the Petitioner herein, or

anyone for whom the Petitioner may be responsible, nor by any unseaworthiness attributable to Rig S-55, its engines, gear, tackle, etc.

## VI.

The loss of life, injury and property damage, if any, sustained by any and all persons or entities which may have resulted from the alleged occurrence or occurrences could only have been occasioned and incurred without the privity or knowledge of the Petitioner.

## VII.

Rig S-55 has not been arrested or attached within six (6) months after the Petitioner received the first written notice of any claim from any claimant.

## VIII.

The Petitioner has a reasonable basis upon which to believe it possible that claims will be asserted and prosecuted against it in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

## IX.

Except as stated in Paragraph X hereof, there are no demands, unsatisfied liens or claims of lien, in contract or in tort, arising from the aforementioned voyages of Rig S-55 so far as is known to Petitioner.

## X.

Notwithstanding the fact that the alleged injury, loss, destruction and damages described herein, if any and which are in all respects denied, were done, occasioned and incurred without the fault, design, neglect, privity or knowledge of Petitioner, or anyone for whom Petitioner is or

at any material time was responsible, nevertheless claims and demands have been made against

Petitioner.  The claims which have been asserted are as follows:

| CLAIMANT/PENDING ACTION | NATURE OF CLAIM |
|---|---|
| Claimant Cletus Brewer.  Cause No. 3:06-cv-00458-JJB-SCR; *Cletus Brewer vs. Noble Drilling Corporation, et al.*; United States District Court, Middle District of Louisiana | Personal Injuries. |

## XI.

The value of Petitioner's interest in Rig S-55, its engines, gear, tackle, etc., at the end of

the above-described voyage(s)  is undetermined at this time.  This value will be determined after

an appraisal of a commissioner appointed by the Court.

## XII.

The Petitioner hereby reserves its right to contest any claim asserted against it, and the

liability of Rig S-55, if any, for such loss of life, injury and property damage occasioned or

incurred during the periods January 1, 1972, through December 31, 1977, and the Petitioner

claims exoneration or exemption from liability for the loss of life, injury and property damage, if

any, which may have resulted from the said occurrences and for the loss of life, injury and

property damage, if any, that may have occurred or hereafter may occur.  The Petitioner further

claims the benefit of limitation of liability as provided in Sections 4282 to 4289, inclusive, of

Tile 46 of the Revised Statutes of the United States, 46 U.S.C. §§ 182-189, and any and all acts

of Congress of the United States amendatory thereof or supplemental thereto, and the rules of

practice of this Honorable Court and the Supreme Court of the United States.  While not in any

way admitting the Petitioner is under any liability for any loss of life, personal injury,

4

destruction, property damage or loss occurring, the Petitioner claims and reserves the right to contest in this Honorable Court, or any other court, any liability therefor, either of the Petitioner or of Rig S-55, and the Petitioner claims and is entitled to have its liability, if any, limited to the amount or value of its interest as aforesaid in Rig S-55, its tending vessels, engines, gear, tackle, etc. after the aforesaid occurrences.

**XIII.**

All and singular the premises are true and within the Admiralty and Maritime Jurisdiction of the United States and of this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, the Petitioner respectfully requests and prays:

1.    That this Honorable Court cause due appraisement to be made of the amount or value of the Petitioner's interest in Rig S-55, its tending vessels, engines, gear, tackle, etc., for the voyage(s) in question.

2.    That this Honorable Court make an order directing the issuance of a monition and notice to all persons claiming damages for any and all loss of life, personal injury, destruction, property damage or loss occasioned or incurred by or resulting from the aforesaid casualty or other occurrences, as hereinabove described, or during the voyage or voyages on which Rig S-55 was then engaged, citing them and each of them to file their respective claims with the Clerk of this Honorable Court, and to serve copies of said claims upon the attorney for the Petitioner on or before the time fixed by this Honorable Court in the monition or forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Honorable Court as this Honorable Court may later direct, and also to appear and answer the allegations of this

5

Complaint and Petition according to the laws, rules and practices of this Honorable Court at or before a certain time to be fixed by the monition.

      3.    That this Honorable Court issue an injunction restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the casualty or other occurrences, as hereinabove described, or during the voyage or voyages upon which Rig S-55 was then engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings, against the Petitioner or its agents or representatives or any other person whatsoever for whom the Petitioner may be responsible or Rig S-55 in respect of any claim or claims arising out of the aforesaid voyages of Rig S-55 during the periods January 1, 1972, through December 31, 1977, along with aforesaid occurrences.

      4.    That this Honorable Court, assuming that a claim is filed against Noble Drilling Corporation, as well as Rig S-55, in this proceeding adjudge:

      (a)    That the Petitioner is not liable to any extent for any loss of life, injury, destruction, personal damage or loss, nor for any claim whatsoever in any way arising out of or consequent upon the aforesaid occurrences;

      (b)    Or, if the Petitioner shall be adjudged liable, that such liability be limited to the amount or value of the Petitioner's interest in Rig S-55 immediately after the voyages on which the aforesaid occurrences took place, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as may duly prove their claims, if any, before this Honorable Court or a commissioner, if one be appointed, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging the Petitioner from all further liability.

5.     That the Petitioner has such other and further relief as the justice of the

cause may require.

                                        Respectfully submitted,

                                        BALDWIN HASPEL, L.L.C.

                                        By: _____
                                             LANCE J. ARNOLD (No. 18768)
                                             JENA W. SMITH (No. 25255)
                                             1100 Poydras Street, Ste. 2200
                                             New Orleans, LA 70163-2200
                                             Tele: (504) 585-7711; Fax: (504) 585-7751
                                             *Counsel for Noble Drilling Corporation*

        OF COUNSEL:

                     CHAMBERLAIN HRDLICKA
                     WHITE WILLIAMS & MARTIN

                     DAN D. PIPITONE
                     RONNIE A. AMMANN
                     1200 Smith Street, Ste, 1400
                     Houston, Texas 77002
                     Tele: (713) 658-1818; Fax: (713) 658-2553

## CERTIFICATE OF SERVICE

        I hereby certify that a copy of the above and foregoing has been served upon all counsel
of record by facsimile or by United States Mail, first class, postage prepaid and properly
addressed on this 22nd day of November, 2006.

                                        _____
                                        Jena W. Smith

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C. A. NO. O6CV897-FJP SCK |
| PETITION OF NOBLE DRILLING | § | |
| CORPORATION, AS OWNER OF | § | |
| RIG S-55, ITS ENGINES, TACKLE, | § | In Admiralty Pursuant to |
| APPAREL, ETC. IN A CAUSE FOR | § | Rule 9(h) |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## ORDER DIRECTING CLAIMANTS TO FILE AND
## MAKE PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF
## MONITION AND RESTRAINING PROSECUTION OF CLAIMS

A Complaint and Petition having been filed herein on the 22nd day of November, 2006,

by Noble Drilling Corporation, as owner of Rig S-55, her engines, gear, tackle, etc., claiming the

benefit of Limitation of Liability as provided for in the Act of Congress entitled "An Act to

Limit the Liability of Shipowners and for Other Purposes" passed March 3, 1851, now embodied

in Sections 4282 and 4289, inclusive, of Title 46 of the Revised Statutes of the United States, 46

U.S.C. §§ 182-189, and statutes supplementary thereto and amendatory thereof, and also

contesting its liability independently of the limitation of liability claim under said Act for any

loss of life, personal injury, destruction, damage or loss resulting from the alleged occurrence(s)

described in said Complaint and Petition between January 1, 1972, and December 31, 1977, and

the said Complaint and Petition also stating the facts and circumstances on which such

exoneration from and limitation of liability are claimed, and after hearing counsel for the

Petitioner and on considering the Complaint and Petition, which has been filed with this

Honorable Court;

NOW, THEREFORE, on motion of the Attorney-in-Charge for the Petitioner, IT IS ORDERED that a monition issue out of and under the seal of this Honorable Court against any and all persons claiming damages for any and all loss of life, personal injury, or destruction, damage or loss occasioned by or resulting from the alleged happenings and occurrences between January 1, 1972, and December 31, 1977, as alleged in the said Complaint and Petition and citing them to file their respective claims with the Clerk of this Honorable Court and serve on or mail a copy thereof to the Attorney-in-Charge for the Petitioner on or before 10:00 a.m. on the 20th day of February, 2006, at the address Daniel D. Pipitone, Chamberlain Hrdlicka, Two Allen Center, 1200 Smith Street, Suite 1400, Houston, Texas 77002, subject to the rights of any person or persons claiming damages as aforesaid, who shall have presented his, their or its claim under oath to answer said Complaint and Petition and to controvert or question the same, and

IT IS FURTHER ORDERED that public notice of such monition shall be given by publication thereof in the _____, a newspaper published in the City of _____, Louisiana, such publication in the said newspaper to be once in each week until the return day and for at least four (4) successive weeks before the return date of such monition; and

IT IS FURTHER ORDERED that no later than the day of the second publication of such notice of the monition, the Petitioner shall mail a copy of the Notice of Monition to every person known to have made any claim or filed any actions against Noble Drilling Corporation, as owner of Rig S-55, her engines, gear, tackle, etc., or the Petitioner arising out of the alleged incident described in the Complaint and Petition and to any such person's attorney, if known; and

IT IS FURTHER ORDERED that the beginning or prosecution of any or all suits, actions or legal proceedings of any nature or description whatsoever, except in the present proceeding, in respect of any claim arising out of, consequent upon, or connected with the happenings and alleged occurrences between January 1, 1972, and December 31, 1977, as alleged in the said Complaint and Petition, be, and they hereby are stayed and restrained until the hearing and termination of this proceeding; and

IT IS FURTHER ORDERED that service of this order as a Restraining Order may be made within the Middle District of Louisiana in the usual manner and in any other District by the United States Marshal for such District by delivering a certified copy of this order to the person or persons to be restrained or to his or their respective attorneys

DONE at Baton Rouge, Louisiana, this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C. A. NO. _06CV897-FJP-SCR_ |
| PETITION OF NOBLE DRILLING | § | |
| CORPORATION, AS OWNER OF | § | **In Admiralty Pursuant to** |
| RIG S-55, ITS ENGINES, TACKLE, | § | **Rule 9(h)** |
| APPAREL, ETC. IN A CAUSE FOR | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## MONITION

THE PRESIDENT OF THE UNITED STATES OF AMERICA
TO THE MARSHAL OF THE UNITED STATES OF AMERICA
FOR THE MIDDLE DISTRICT OF LOUISIANA

### GREETINGS:

WHEREAS, a Complaint and Petition was filed in the United States District Court for the Middle District of Louisiana, Baton Rouge Division, praying, for the reasons mentioned in said Complaint and Petition, for exoneration from or limitation of its liability concerning the loss of life, personal injury, destruction, property damage or loss occasioned by or resulting from the happenings described in the said Complaint and Petition as a result of the alleged occurrences during the periods January 1, 1972, through December 31, 1977, and praying that a monition issue out of this Honorable Court citing all persons claiming damages for any loss of life, personal injury, destruction, property damage or loss, to appear before this Honorable Court and make due proof of their respective claims and answer the allegations in the said Complaint and Petition, or be forever barred and permanently enjoined from making and filing any such claims, and that if it should appear that the Petitioner is not liable for any such loss of life, personal

injury, destruction, property damage or loss it may be so finally decreed by this Honorable Court; and

WHEREAS, this Honorable Court having directed by an Order made and entered on the _____ day of _____, 2006, that a Monition issue against all persons claiming damages for any loss of life, personal injury, destruction, damages or loss occasioned by such occurrence, citing them to file their respective claims with the Clerk of this Honorable Court and to serve on or mail a copy thereof to the attorney for Petitioner, Daniel D. Pipitone, Chamberlain Hrdlicka, Two Allen Center, 1200 Smith Street, Suite 1400, Houston, Texas 77002, on or before 10:00 a.m. on the 20th day of February, 2007.

YOU ARE, THEREFORE, COMMANDED to cite all persons claiming damages for losses of life, personal injuries, destruction, property damage or losses occasioned by the said occurrence and happening aforesaid, to file their respective claims with the Clerk of this Honorable Court and to serve on or mail a copy thereof to the attorney for Petitioner, Daniel D. Pipitone, Chamberlain Hrdlicka, Two Allen Center, 1200 Smith Street, Suite 1400, Houston, Texas 77002, on or before the said last named date, or within such further time as said Honorable Court may grant, and to have and receive such relief as may be due.

WITNESS The Honorable _____, Judge of the United States District Court for the Middle District of Louisiana, Baton Rouge Division, this _____ day of _____, 2006.


HONORABLE NICK J. LORIO
UNITED STATES DISTRICT CLERK


By: _____
          Deputy United States District Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA
## BATON ROUGE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND<br>PETITION OF NOBLE DRILLING<br>CORPORATION, AS OWNER OF<br>RIG S-55, ITS ENGINES, TACKLE,<br>APPAREL, ETC. IN A CAUSE FOR<br>EXONERATION FROM OR<br>LIMITATION OF LIABILITY | §<br>§<br>§<br>§<br>§<br>§<br>§ |

C. A. NO. ___O 6 C V 897-RP SCK___

**In Admiralty Pursuant to
Rule 9(h)**

### NOTICE OF COMPLAINT AND PETITION
### FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOTICE IS GIVEN that Noble Drilling Corporation, as owner of Rig S-55, its engines, tackle, apparel, etc., has filed a Complaint and Petition pursuant to Title 46 of the Revised Statutes of the United States, 46 U.S.C. §§ 182-189, claiming the right to exoneration from or limitation of liability for all claims arising from the occurrences during the periods January 1, 1972, through December 31, 1977.

All persons having such claims must file them under oath, as provided in the Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F(4), with the Clerk of this Honorable Court, at the United States Courthouse at, 777 Florida Street, Suite 139, Baton Rouge, LA 70801-1712, and serve on or mail a copy to the attorney for the Petitioner, Daniel D. Pipitone, Chamberlain Hrdlicka, Two Allen Center, 1200 Smith Street, Suite 1400, Houston, Texas 77002, on or before 10:00 a.m. on the 20th day of February, 2007, or be forever defaulted. Personal attendance is not required.

Any claimant desiring to contest the claims of the Petitioner must file an answer to the said Complaint and Petition, as required by the Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F95), and serve on or mail a copy to Petitioner's attorney.

DONE at Baton Rouge, Louisiana, this _____ day of _____, 2006.

HONORABLE WILLIAM CAREY JENKINS
MARSHAL FOR THE MIDDLE DISTRICT OF
LOUISIANA

By: _____
        Deputy United States Marshal

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

NOBLE DRILLING CORPORATION

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  **Harris County, TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See Attachment A

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Rule 9(h) Federal Rules of Civil Procedure; 216 U.S.C. sec 182-189

Brief description of cause:
Limitation of Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE  Parker

DOCKET NUMBER 3:06-cv-00458-JJB-SCR

DATE
11 22 06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**"Attachment A"**

LANCE J. ARNOLD (No. 18768)
JENA W. SMITH (No. 25255)
1100 Poydras Street, Ste. 2200
New Orleans, LA  70163-2200
Tele: (504) 585-7711; Fax: (504) 585-7751

**OF COUNSEL:**

CHAMBERLAIN HRDLICKA
WHITE WILLIAMS AND MARTIN
DAN D. PIPITONE
RONNIE A. AMMANN
1200 Smith Street, Ste. 1400
Houston, Texas  77002
Tele: (713) 658-1818; Fax:  (713) 658-2553

Case 3:06-cv-00897-FJP-SCR   Document 29   12/27/2006   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. 06cv 897-FJP-SCR |
| PETITION OF NOBLE DRILLING | § | |
| CORPORATION, AS OWNER OF | § | In Admiralty Pursuant to |
| RIG S-55, ITS ENGINES, TACKLE, | § | Rule 9(h) |
| APPAREL, ETC. IN A CAUSE FOR | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## ORDER DIRECTING CLAIMANTS TO FILE AND MAKE PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF MONITION AND RESTRAINING PROSECUTION OF CLAIMS

A Complaint and Petition having been filed herein on the 22nd day of November, 2006, by Noble Drilling Corporation, as owner of Rig S-55, her engines, gear, tackle, etc., claiming the benefit of Limitation of Liability as provided for in the Act of Congress entitled "An Act to Limit the Liability of Shipowners and for Other Purposes" passed March 3, 1851, now embodied in Sections 4282 and 4289, inclusive, of Title 46 of the Revised Statutes of the United States, 46 U.S.C. §§ 182-189, and statutes supplementary thereto and amendatory thereof, and also contesting its liability independently of the limitation of liability claim under said Act for any loss of life, personal injury, destruction, damage or loss resulting from the alleged occurrence described in said Complaint and Petition between January 1, 1972, and December 31, 1977, and the said Complaint and Petition also stating the facts and circumstances on which such exoneration from and limitation of liability are claimed, and after hearing counsel for the Petitioner and on considering the Complaint and Petition, which has been filed with this Honorable Court;

Additional Notices Sent to: Intake



NOW, THEREFORE, on motion of the Attorney-in-Charge for the Petitioner, IT IS ORDERED that a monition issue out of and under the seal of this Honorable Court against any and all persons claiming damages for any and all loss of life, personal injury, or destruction, damage or loss occasioned by or resulting from the alleged happenings and occurrences between January 1, 1972, and December 31, 1977, as alleged in the said Complaint and Petition and citing them to file their respective claims with the Clerk of this Honorable Court and serve on or mail a copy thereof to the Attorney-in-Charge for the Petitioner on or before 10:00 a.m. on the 20th day of February, 2006, at the address Daniel D. Pipitone, Chamberlain Hrdlicka, Two Allen Center, 1200 Smith Street, Suite 1400, Houston, Texas 77002, subject to the rights of any person or persons claiming damages as aforesaid, who shall have presented his, their or its claim under oath to answer said Complaint and Petition and to controvert or question the same, and

IT IS FURTHER ORDERED that public notice of such monition shall be given by publication thereof in the _The Advocate_ , a newspaper published in the City of _Baton Rouge_, Louisiana, such publication in the said newspaper to be once in each week until the return day and for at least four (4) successive weeks before the return date of such monition; and

IT IS FURTHER ORDERED that no later than the day of the second publication of such notice of the monition, the Petitioner shall mail a copy of the Notice of Monition to every person known to have made any claim or filed any actions against Noble Drilling Corporation, as owner of Rig S-55, her engines, gear, tackle, etc., or the Petitioner arising out of the alleged incident described in the Complaint and Petition and to any such person's attorney, if known; and

2

IT IS FURTHER ORDERED that the beginning or prosecution of any or all suits, actions or legal proceedings of any nature or description whatsoever, except in the present proceeding, in respect of any claim arising out of, consequent upon, or connected with the happenings and alleged occurrences between January 1, 1972, and December 31, 1977, as alleged in the said Complaint and Petition, be, and they hereby are stayed and restrained until the hearing and termination of this proceeding; and

IT IS FURTHER ORDERED that service of this order as a Restraining Order may be made within the Middle District of Louisiana in the usual manner and in any other District by the Petitioner by delivering a certified copy of this order to the person or persons to be restrained or to his or their respective attorneys

DONE at Baton Rouge, Louisiana, this ___2___ day of ___December___, 2006.

_____
UNITED STATES DISTRICT JUDGE

3