**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 16 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**DOCKET NO. 875**

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION

---

Re:     Conditional Transfer Order (CTO-271)

        DE 1 06-673: *Lillian Harwood et al., v. Bondex International, Inc., et al.*

---

## PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiffs Lillian and James Harwood hereby move this Panel to vacate the

conditional transfer order entered in the above-referenced case and in support thereof

state:

(1)     The case at bar was originally filed in Delaware State Court and removed

        to federal court by defendant Northrop Grumman Corporation

        ("Northrop"), on or about November 1, 2006, pursuant to 28 USC

        §1442(a)(1).

(2)     Plaintiffs filed a motion to remand this case to state court. That motion has

        now been fully briefed by the parties.

(3)     On or about December 11, 2006, Conditional Transfer Order-271 was

        entered, conditionally transferring this action to the District Court for the

        Eastern District of Pennsylvania.

(4)     Plaintiffs timely filed their *Notice of Opposition to Transfer.*

PLEADING NO. 4948

OFFICIAL FILE COPY

IMAGED JAN 17 2007

2007 JAN 11  A 11: 27
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

(5)    Plaintiffs respectfully submit that conditional transfer should be vacated on the ground that this case was improvidently and improperly removed to federal court. The District Court for Delaware, to which the case was removed, should hear and decide Plaintiffs' *Motion to Remand*, so that this matter can be timely remanded to State court.

(6)    The issues raised in plaintiffs' *Motion to Remand* are case specific. There is no compelling interest in promoting uniformity and the transferee court possesses no special expertise in deciding these issues, which are the only ones currently relevant.

(7)    Plaintiff Lillian Harwood suffers from mesothelioma, a terminal asbestos-related disease. Without a prompt determination of the remand issue, it is unlikely that she would survive to participate in trial.

WHEREFORE, Plaintiffs pray this Panel to vacate its conditional transfer order-271 as to this case.

**BIFFERATO GENTILOTTI
& BALICK, L.L.C.**

Ian Connor Bifferato (DE Id No. 3273)
Garvan F. McDaniel (DE Id. No. 4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899
Tel. (302) 429-1900
*Attorneys for Plaintiffs*

Dated: January 9, 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 16 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**DOCKET NO. 875**

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION

---

Re:    Conditional Transfer Order (CTO-271)

       DE 1 06-673; *Lillian Harwood et al., v. Bondex International, Inc., et al.*

---

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' <br> MOTION TO VACATE CONDITIONAL TRANSFER ORDER

### Introduction

Plaintiffs Lillian and James Harwood have moved to vacate Conditional Transfer

Order-271, entered December 11, 2006, as to this case. This case was originally filed in

Delaware State Court and removed to federal court by defendant Northrop Grumman

Corporation ("Northrop"), on or about November 1, 2006, pursuant to 28 USC

§1442(a)(1). No other defendant has formally joined in this removal. Plaintiffs have filed

a motion to remand this case to state court, on the ground that Northrop failed to meet its

burden to establish the existence of federal jurisdiction.

### Statement of the Case

Plaintiff Lillian Harwood was diagnosed with malignant mesothelioma in March

2005. Mesothelioma is a rapidly progressing and terminal cancer caused by exposure to

asbestos. Plaintiffs filed their complaint in Delaware State Court (Superior Court of New

Castle County) against a number of defendants, including Northrop, on August 24, 2006.

This case was assigned a May 2007 trial date in State court. Northrop removed the case

to this Court, pursuant to 28 USC §1442(a)(1), on November 1, 2006—over thirty days

after receiving the complaint. No other defendant joined in the removal. Northrop maintains that it had no notice that the case was removable until plaintiffs were deposed on October 2, 2006. Yet, its *Notice* does not reflect any specific information derived from those depositions. Northrop generally asserts that removal is proper because it was acting under the direction of federal officers, when it committed the acts and omissions causing plaintiffs' injuries. Northrop generally asserts that it has a colorable federal contractor defense to plaintiffs' claims.

The stated grounds for removal in Northrop's *Notice* are vague and general. Northrop states that it "has designed, built, overhauled and repaired a wide variety of ships for the U.S. Navy;" and that "these ships, and each of their parts, are designed and built in accordance with U.S. Navy specifications." It asserts, in very non-specific terms: that Northrop "was acting under the direction of a federal officer or agency;" that it "has a colorable federal defense;" and, that it "will demonstrate that there is a causal connection between the acts [it] performed under color of federal office and Plaintiffs' allegations." Northrop suggests, in conclusory terms, that it "is entitled to rely on the government contractor defense," and declares that it "can prove that [it] followed detailed instructions and specifications provided by the United States Navy in providing services at Newport News, and [that] the services it performed conformed to those instructions and specifications." No 'proof' or further explanation was offered. In response to the Motion to Remand, Northrop belated filed some general contract documents, none of which are conclusive as to this specific case. Notwithstanding Northrop's untimely and insufficient removal, plaintiffs now find their case subject to the inevitable delays associated with transfer to the asbestos MDL. They respectfully submit that, unless the

Conditional Transfer Order is vacated, Ms. Harwood will not survive until trial and will thus be effectively deprived of her day in court.

## Argument

Section 20.131 of the Manual for Complex Litigation, Federal Judicial Center (4th ed. 2004), p. 221, provides that "matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." Unless the Order is vacated, this case will be transferred before the remand motion is heard. As courts of limited jurisdiction, federal courts have a duty to determine the propriety of jurisdiction as expeditiously as possible. *See Pennsylvania v. Tap Pharmaceutical Products, Inc.,* 415 F.Supp.2d 516, 521 (E.D. Pa. 2005). "Even when a [MDL] transfer order is pending…'Congress has indicated a preference for remands based on such individualized jurisdictional evaluations and a tolerance for inconsistency.'" *Id.* It is more efficient and expeditious to rule on remand prior to transferring a case to an MDL. *See e.g. State of Wisconsin v. Abbott Laboratories,* 390 F.Supp.2d 815, 819 (W.D. Wis. 2005).

Plaintiffs' Motion to Remand is meritorious, and this case should be remanded to State court, not transferred to a federal MDL.  Northrop's *Notice of Removal* was insufficient as a matter of law. *See Williams v. General Electric Co.*, 418 F.Supp.2d 610, 614 (M.D. Pa. 2005); *Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125, 1127 (E.D. Pa. 1996); *Grzetich v. VLI Corp.*, 670 F.Supp. 793, 794 (N.D. Ill. 1987); *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3rd Cir. 1998); *Green v. A.W. Chesterton Co.*, 366 F.Supp.2d 149, 157 (D. Me. 2005).

That *Notice* contained only general recitals as to alleged federal control. It lacked critical factual details concerning the manner in which the federal government allegedly mandated the specific acts and omissions that caused Ms. Harwood to be exposed to asbestos and contract terminal malignant mesothelioma. As the removing party, Northrop has the burden to specifically allege and establish the existence of federal jurisdiction. It did not met that burden, and the materials filed in response did not correct these deficiencies. Indeed, given the nature of the exposures and the specific claims at issue, Northrop could not do so. Subject-matter jurisdiction is simply lacking here—separate and apart from the inadequacies in Northrop's *Notice*.

The removal here was also untimely, having been filed more than thirty days after Northrop had information to determine the alleged grounds for removal. *See Sanborn Plastics Corp. v. St. Paul Fire and Marine Insurance Co.*, 753 F.Supp. 660, 664 (N.D. Ohio 1990); *Marler v. Amoco Oil Co.*, 793 F.Supp. 656 (E.D. N.C. 1992); *Int'l Equity Corp. v. Pepper and Tanner, Inc.,* 323 F.Supp. 1107, 1109 (D. Pa. 1971).

The conclusory *Notice* filed in this case makes it rather difficult for Northrop to assert that it needed to await the development of 'more details' to appreciate that removal was possible. None of those additional details are reflected in its *Notice*. Thus, the generality of Northrop's *Notice* is at odds with its position as to timeliness, and it would strain reason to find that the *Notice* is both timely *and* sufficient.

## Conclusion

For the reasons stated herein, and because neither this Panel nor any other federal court has proper subject matter jurisdiction over this case, plaintiffs respectfully submit that the Conditional Transfer Order-271 should be vacated as to this case, so that the

4

District Court for Delaware (to which this matter was improvidently removed) can

remand it to State court.

BIFFERATO GENTILOTTI
& BALICK, L.L.C.

_____
Ian Connor Bifferato (DE Id No. 3273)
Garvan F. McDaniel (DE Id. No. 4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899
Tel. (302) 429-1900

Dated: January 9, 2007                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I, Garvan F. McDaniel, hereby certify that on this 10th day of January, 2007 the

JAN 16 2007

attached Plaintiffs' Motion to Vacate Conditional Transfer Order  was served upon all

FILED
CLERK'S OFFICE

counsel pursuant to the attached Panel Service List (CTO 271) Docket No. 875,

via U.S. Mail, first class, postage pre-paid

**BIFFERATO, GENTILOTTI
BIDEN & BALICK, L.L.C.**

Garvan F. McDaniel (#4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
Tel. (302) 429-1900
Fax. (302) 429-8600

RECEIVED
CLERK'S OFFICE
2007 JAN 11 A 11: 22
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## PANEL SERVICE LIST (Excerpted from CTO-271)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Lillian Harwood, et al. v. Bondex International Inc., et al.,* D. Delaware, C.A. No. 1:06-673

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Timothy Andrew Dillon
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Megan Trocki Mantzavinos
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, Suite 800
Wilmington, DE 19801

Ana Marina McCann
Marshall, Dennehey, Warner, Coleman
& Goggin
1220 N. Market Street, 5th Floor
P.O. Box 888
Wilmington, DE 19899

Garvan F. McDaniel
Bifferato Gentilotti Biden & Balick
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Lynne M. Parker
Hollstein, Keating, Cattell, et al.
12th & Orange St., Suite 730
One Commerce Center
Wilmington, DE 19801

Mark L. Reardon
Elzufon Austin Reardon Tarlov , et al.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025

Christian J. Singewald
White & Williams, LLP
824 Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Beth E. Valocchi
Valocchi & Sasso, P.A.
1200 Pennsylvania Avenue
Suite 303
Wilmington, DE 19806

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## BIFFERATO GENTILOTTI & BALICK, L.L.C. JAN 16 2007
*Attorneys at Law*

1308 DELAWARE AVENUE
POST OFFICE BOX 2165
WILMINGTON, DE 19899-2165

FILED
CLERK'S OFFICE

(302) 429-1900
TELECOPIER: (302) 429-8600

WRITER'S E-MAIL: GFM@BGBDE.COM

January 10, 2007

Clerk of Judicial Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judical Building
Room 255, North Lobby
Washington D.C.  2002

> Request of pltfs. in Harwood, et al., DE 1:06-673
> for Extension of Time to File Motion/Brief to
> Vacate CTO – GRANTED
>
> (cdm - 1/16/07)

RE:    Lillian Harwood, et al. v. Bondex International, et al.
       District of Delaware C.A. No.: 1:06-673
       MDL Docket No.:  875

Dear Sir or Madam:

Enclosed herewith please find Plaintiffs, Lillian Harwood and James Harwood's, Motion to Vacate Conditional Transfer Order.   Plaintiffs respectfully request that the Panel accept this late filing.  Although the filing was completed in a timely manner a one day delay was caused due to Plaintiffs' counsel being located in two different states.

Your consideration in this regard is appreciated.

Respectfully Submitted,

Garvan F. McDaniel

GFM/wad
Enclosure

2007 JAN 11  A 11: 22
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE