MDL 875

# ORIGINAL

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2007

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCT
LITIGATION

This Motion Relates to:

**CLINTON BRADY, ET AL.,** [1]
**Plaintiffs**


**VERSUS**


**PHILLIPS 66 CO., ET AL.,**
**Defendants**

MDL DOCKET NO. 875

from the:

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

**Civil Action No. 1:06-CV-1202** [1]

---

## PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER (CTO-272)

TO THE HONORABLE MULTIDISTRICT PANEL:

COME NOW, **PLAINTIFFS,** and files this Motion to Vacate Conditional

Transfer Order (CTO-272) (Brief is filed in a separate filing), and would

respectfully show as follows:

1.      Plaintiffs respectfully request that the Panel issue an Order vacating

its Conditional Transfer Order (CTO-272).

2.      This is a Jones Act claim filed pursuant to 45 U.S.C. § 1445(a) for

Plaintiffs' asbestos injuries while working on oil and gas drilling vessels in the

Gulf of Mexico.  As these cases were filed pursuant to the Jones Act, they were

properly filed in Mississippi state court in 2004.  Pool Offshore d/b/a Pool

---

[1] *See* attached Exhibit A for a complete Schedule of Actions which lists all actions (and Plaintiffs) subject
to this filing.

**OFFICIAL FILE COPY**

IMAGED JAN 3 0 2007

Company filed this baseless removal almost two years after Plaintiffs' cases were filed. [2]   There were no new "other papers and pleadings" filed after the Original Complaints in 2004 that could have provided a new basis for removal after the expiration of Pool Offshore's initial removal period.   Plaintiffs timely filed Motions for Remand for these cases to Mississippi state court.  However, the U.S. District Court for the Southern District of Mississippi has not ruled on Plaintiff's Motion to Remand as of the time of Plaintiff's Receipt of this Conditional Transfer Order (CTO-272).  Plaintiffs timely filed their Notice of Opposition to the Conditional Transfer Order.

3.      Plaintiffs timely filed this Motion to Vacate the Conditional Transfer Order and Brief in Support thereof (separate filing) as required by the local rules of this Court.  A hearing date has not been scheduled by the Clerk of the Panel at this time.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Clerk of this Panel enter an order vacating Conditional Transfer Order 272, for remand of the individual cases subject to CTO-272 to their Mississippi state court, and that the Plaintiffs be provided such other and further relief to which they may be entitled.

---

2  Throughout this filing, Pool Offshore Company is the defendant referenced as being the one who removed the individual cases of the Plaintiffs.  That is true in 19 of the 20 cases subject to CTO-272. However, in the case of Plaintiff Ralph McPhail, it was Nabors Drilling that removed his case (and is the appropriate responsive party for his specific case).  Pursuant to this Court's request for Plaintiffs to file "a single motion and brief with an attached schedule of actions," all 20 Plaintiffs are lumped together in this one motion and brief.  Therefore, in the case of Robert McPhail, for purposes of this filing, it is requested that the Court take notice that "Pool Offshore" should read "Nabors Drilling USA, L.P." at any point that it is mentioned in this motion when the Court considers the individual case of Plaintiff Robert McPhail.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2007

Respectfully submitted,

FILED
CLERK'S OFFICE

FRANKLIN, CARDWELL & JONES
   A Professional Corporation

BY: _Randy Bruchmiller /cs_
   _by Permission_
   Greg Jones
   Bar Card No. 102152
   Allen R. Vaught
   Bar Card No. 101695
   Randy Bruchmiller
   Bar Card No. 102094
   1700 Pacific Ave, Suite 1610
   Dallas, Texas 75214
   214 999 1324 - telephone
   214 999 1326 – facsimile

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

On this the <u>26th</u> day of January, 2007, a true and correct copy of the above and foregoing instrument was duly served upon all parties via their counsel of record by depositing the same in the U.S. Mail, proper postage prepaid (or via electronic means) addressed to all parties on the involved counsel list attached hereto.

_Randy Bruchmiller /cs_
_by Permission_
Randy Bruchmiller

RECEIVED
CLERK'S OFFICE
2007 JAN 29 A 10: 13
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272)
### DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Brandon Kaye Polk v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-383 (Judge Walter J. Gex III)
*Daniel Livingston v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-384 (Judge Walter J. Gex III)
*Ralph T. McPhail v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1146 (Judge Walter J. Gex III)
*Willie Lee Daniels v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1199
     (Judge Walter J. Gex III)
*Harvey E. Broom v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1200 (Judge Walter J. Gex III)
*Rolland Dearman v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1201 (Judge Walter J. Gex III)
*Clinton L. Brady v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1202 (Judge Walter J. Gex III)
*Deloice Bullock v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1203 (Judge Walter J. Gex III)
*Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1204
     (Judge Walter J. Gex III)
*Terry Wallace v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1205 (Judge Walter J. Gex III)
*Ray C. Rawls v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1206 (Judge Walter J. Gex III)
*Lonnie Newsom v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1207 (Judge Walter J. Gex III)
*George Dixon v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1208 (Judge Walter J. Gex III)
*Ted L. Piner v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1209 (Judge Walter J. Gex III)
*Henry A. Herring v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1210 (Judge Walter J. Gex III)
*Joseph Crawford v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1211 (Judge Walter J. Gex III)
*Dan Mack Daughdrill v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1212
     (Judge Walter J. Gex III)
*Tony N. Thomas v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1213 (Judge Walter J. Gex III)
*Patrick Curd v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1214 (Judge Walter J. Gex III)
*Louie T. Elmer v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1215 (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Ashley E. Calhoun
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jack Robinson Dodson, III
Bradley, Arant, Rose & White
P.O. Box 1789
Jackson, MS 39215-1789

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Gregory N. Jones
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

*Exh A*

SCHEDULE OF ACTIONS PANEL SERVICE LIST (Excerpted from CTO-272) - MDL-875          Page 2 of 2

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Corina E. Salazar
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Allen R. Vaught
Franklin, Cardwell & Jones
1700 Pacific Avenue
Suite 1610
Dallas, TX 75214

Jonathan Robert Werne
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**ORIGINAL**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 29 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE ASBESTOS PRODUCT
LITIGATION

**MDL DOCKET NO. 875**

This Motion Relates to:

CLINTON BRADY, ET AL., [1]
    **Plaintiffs**

from the:

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

**VERSUS**

**Civil Action No. 1:06-CV-1202** [1]

PHILLIPS 66 CO., ET AL.,
    **Defendants**

---

## BRIEF IN SUPPORT OF
## PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER (CTO-272)

TO THE HONORABLE MULTIDISTRICT PANEL:

    COME NOW, **PLAINTIFFS** and file their Brief in Support of their Motion to

Vacate Conditional Transfer Order 272, and would respectfully show as follows:

### I.
### Summary of Grounds for Motion to Vacate

    1.    It will be a miscarriage of justice if Conditional Transfer Order 272

("CTO-272") is not vacated. Pursuant to statute and established Fifth Circuit authority,

there was no legal basis for removal of the cases subject to CTO-272, and they should

have been remanded to Mississippi state court. Certainly no basis exists for these cases

to be sent to the MDL. These are Jones Act claims filed pursuant to 45 U.S.C. § 1445(a)

for Plaintiffs' asbestos injuries while working on oil and gas drilling vessels in the Gulf

---

1 *See* attached Exhibit A for a complete Schedule of Actions which lists all actions (and Plaintiffs) subject
to this filing.

RECEIVED
CLERK'S OFFICE
2007 JAN 19  A 10: 13

of Mexico that were properly filed in Mississippi state court.  In addition, these cases are not like other asbestos cases.  The Plaintiffs in these cases are oilfield workers whose cases are vastly different from the "traditional" asbestos cases that have been pending for years.  CTO-272 should be vacated, and these cases should be remanded to the state court in Mississippi on the basis of each of the following separate and independent grounds:

(1)     CTO-272 should be vacated because 45 U.S.C. § 1445(a) prevents removal of these Jones Act claims;

(2)     CTO-272 should be vacated because federal district courts do not have exclusive jurisdiction over cases subject to the Outer Continental Shelf Lands Act ("OCSLA") and the federal court lacks subject-matter jurisdiction;

(3)     CTO-272 should be vacated because Pool Offshore Company ("Pool Offshore") has waived any rights to remove this case by seeking and obtaining affirmative relief in the state court proceeding;

(4)     CTO-272 should be vacated because "involuntary" severance orders cannot serve as a basis for creating removal jurisdiction;

(5)     CTO-272 should be vacated because lack of diversity prevents removal of state law, Jones Act and general maritime claims;

(6)     CTO-272 should be vacated because Pool Offshore's Notice of Removal is untimely pursuant to 28 U.S.C § 1446(b);

(7)     CTO-272 should be vacated because Pool Offshore cannot meet the "but for" standard set forth in the OCSLA as Plaintiffs were exposed to asbestos on multiple non-Pool work locations over many years which contributed to Plaintiff's asbestos disease; and

(8)     CTO-272 should be vacated because all Defendants did not timely join in Pool Offshore's Notice of Removal.

## II.
## STATEMENT OF THE CASE AND
## PROCEDURAL HISTORY

2.      This case arises out of Plaintiffs' frequent and sustained exposure to asbestos drilling mud additives used in the oil and gas drilling industry on land based drilling rigs (including rigs in the state of Mississippi), barges in the waterways within the state of Mississippi and drilling rigs in the Gulf of Mexico and adjoining bodies of navigable water.  Plaintiffs' drilling mud asbestos exposure occurred at numerous drilling locations at various times from the early 1960s to late 1980s.[2]  Plaintiffs in the removed cases, and many other similarly exposed oilfield workers, filed suit for their asbestos-related injuries in Mississippi Circuit Court in Jones County, Mississippi.[3]  Plaintiffs allege causes of action against the manufacturers and distributors of these asbestos drilling mud additives under Mississippi state law for their exposure to these products during the course of drilling operations conducted on land based drilling rigs in the state of Mississippi, barges on inland waterways and on offshore drilling rigs.  Plaintiffs also allege causes of action against the defendants under general maritime law and against Pool Offshore Company (only one of Plaintiffs' many employers) under the Jones Act for their exposure during drilling operations conducted on a vessel in navigable bodies of water to include intercoastal waterways of Mississippi and the Gulf of Mexico.[4]

---

2  *See* Exhibits $B_1 - B_{20}$ which are attached and incorporated herein as Fact Sheets of the Plaintiffs subject to CTO-272.

3  *See* Exhibits $J_1 - J_5$ which are attached hereto and incorporated herein as Plaintiffs' Original Complaints.

4  Throughout this filing, Pool Offshore Company is the defendant referenced as being the one who removed the individual cases of the Plaintiffs.  That is true in 19 of the 20 cases subject to CTO-272.  However, in the case of Plaintiff Ralph McPhail, Nabors Drilling removed his case and is the appropriate responsive party for his specific case.  Pursuant to this Court's request for Plaintiffs to file "a single motion and brief with an attached schedule of actions," all twenty Plaintiffs are lumped together in this one motion and brief.  Therefore, in the case of Robert McPhail, for purposes of this filing, it is requested that the Court take notice that "Pool Offshore" should read "Nabors Drilling USA, L.P." at any point that it is mentioned

3.    After being served, Pool Offshore (and several other Defendants) filed motions for affirmative relief pursuant to the recent Mississippi Supreme Court case of *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So.2d 493 (Miss. 2004).  These motions were ultimately ruled upon by the court-appointed Special Master and adopted by the state trial court in Mississippi.   The following timeline details the salient events and dates as they relate to Pool Offshore's removal of this case:

- **May 19, 2004 (roughly two years prior to Defendant filing a Notice of Removal):**  Plaintiffs filed their original complaint in Circuit Court of Jones County, Mississippi; Second Judicial District titled *Robert E. Aaron, et al v. Phillips 66 Company, et al* bearing Case No. 2004-200-CV8 alleging causes of action against Pool Offshore under the Jones Act.[5]

- **January 27, 2005:**  Pool Offshore filed its "Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to *Harold's Auto Parts, Inc. v. Mangialardi,* and for Other Relief."

- **May 5, 2005:**  The trial court appointed a Special Master to hear motions on issues raised in motions filed by Pool Offshore and the other defendants in the case.

- **August 10 - 24, 2005 (still well over a year before removal):**  The trial Court adopted the Special Master's Report and Recommendation severing each plaintiff into individual cases and requiring production of all "Fact Sheets," which had been produced by this date.  For the Plaintiffs subject to CTO-272, the severance orders of the trial court were signed on various dates from August 10, 2004 to August 24, 2004.

- **November 1, 2006:**  Plaintiff filed their Second Amended Complaints as required by the trial court's severance and transfer order. This amended complaint set forth no new facts or allegations that were not previously asserted by Plaintiff. However, this is the document that Pool Offshore has relied upon as the basis of its removal pursuant to the OCSLA.[6][7]

---

in this motion when the Court considers the individual case of Plaintiff Robert McPhail.

5  For fourteen of the twenty Plaintiffs included in CTO-272, the Original Complaints were filed on May 19, 2004.  However, the Original Complaints for Plaintiffs Ralph McPhail, Daniel Livingston, and Brandon Kaye Polk were filed on August 31, 2004.  Therefore, for those three Plaintiffs, the date referenced in this paragraph regarding the filing of the Original Complaint should be August 31, 2004, instead of May 19, 2004.

6  *See* Exhibits C1 – C20 which are attached and incorporated herein as the most recent petitions of Plaintiffs subject to CTO-272.

7  November 1, 2006 is the accurate date for seventeen (17) of the twenty (20) cases subject to CTO-272.

### III.
### Oilfield Asbestos Cases vs. "Traditional" Asbestos Cases

4.      Oilfield workers bringing asbestos cases are different from the "traditional" asbestos cases previously filed in Mississippi. Pool Offshore, however, makes no effort to distinguish them (or even acknowledge their existence), but instead seeks to delay and dilute its own liability by asking this Court to include them among thousands of other cases with which they have virtually nothing in common. Oilfield worker cases *are* different. First, they are not brought against a laundry list of peripheral defendants. Indeed, the "traditional" asbestos cases upon which Pool Offshore bases its Motion has as many as seventy (70) defendants. In the oilfield worker asbestos cases, suit is brought against the two (2) manufacturers and few suppliers of a product that consisted of pure asbestos: Union Carbide Corporation and Phillips Petroleum Company, and their distributors, Montello, Inc., Mississippi Mud Company and the Baker Hughes Defendants, as well as the offshore oilfield employers at the time of exposure, if applicable. Given the extraordinarily limited focus of these oilfield worker cases, the factual and legal issues presented are similarly narrow as compared with "traditional" claims. Indeed, the vast majority of the discovery and legal issues ordinarily associated with "traditional" asbestos cases are irrelevant to oilfield worker cases. The unreasonably dangerous asbestos products in dispute in the oilfield worker cases were actually manufactured, packaged and shipped by the manufacturers for end-

---

However, the amended complaint for Plaintiff Brandon Polk was filed on March 14, 2006, and the amended complaint for Daniel Livingston was filed on March 8, 2006. Pool's removal of the Polk and Livingston cases were filed by Pool on April 5, 2006. Similarly, the amended complaint for Ralph McPhail was filed on September 20, 2006, and the removal was filed by Nabors Drilling on October 20, 2006. Regardless of the slight variations in dates, the fact remains that these relevant dates passed long before thirty days prior to removal and, in fact, occurred more than a year before removal for almost all Plaintiffs.

use as drilling mud additives by Plaintiffs' prior employers.  There is no "bulk supplier" defense.  Oilfield workers thus object to the prospect of being thrown among an assortment of unrelated cases simply because the petition filed in their case contains the word "asbestos."  After that word, the similarity ends.

## IV.
## ARGUMENT

5.     Removal jurisdiction must be strictly construed because it implicates important federalism concerns.  *Syngenta Crop Prot. v. Henson.*, 537 U.S. 28, 32, 123 S.Ct 366, 369 (2002).  Furthermore, any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court. *Diaz v. Sheppard,* 85 F.3d 1502 (3rd Cir. 1996).  Despite this onerous burden, federal district courts in Mississippi continue to be inundated by meritless removals by defendants in asbestos cases.  In that regard, Judge Mills, of the Northern District of Mississippi, recently observed:

> . . . [A]sbestos removal litigation, as it has developed in this state, generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multidistrict litigation (MDL) court, where it generally languishes for a protracted time. . . . (The defendants') repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among federal courts regarding the validity of most asbestos removals.  This court has noted that other district courts in this state will sometimes include language admonishing asbestos defendants against filing subsequent removal petitions, under pain of contempt. *See, e.g. Knotts, et al v. Minnesota Manufacturing, et al.,* No. 1:03cv125 (S.D.Miss. 2003). . . .  The fact that courts have found such language necessary speaks volumes regarding the current state of asbestos litigation in this state.

*Duffin v. Honeywell Int'l, Inc.,* 312 F.Supp.2d 869, 874 (N.D. Miss. 2004).   In light of (1) Pool Offshore's alleged legal basis for removal, (2) the length of time that the case

was on file prior to removal, and (3) Pool Offshore's actions during the pendency of the state court proceedings prior to removal, Pool Offshore's removal of this case is no less egregious than the attempts by the asbestos defendants involved in the above-referenced cases.

A.   **CTO-272 should be vacated because 45 U.S.C. § 1445(a) prohibits removal of these Jones Act claims**.

6.   It is well settled that Jones Act cases are generally not removable. *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 345 (5th Cir. 1999). The basis of this legal tenet is that the Jones Act incorporates the general provisions of the Federal Employers' Liability Act, which expressly bars removal of suits originally filed in state court. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995). Furthermore, when Jones Act claims are removed to federal district court, a court must resolve all disputed questions of fact and any ambiguities in the plaintiff's favor. *Id.* at 176. As is set forth in *Hufnagel*, "the court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in the plaintiff's favor, the court determines that plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits." *Hufnagel*, 182 F.3d at 345.

7.   At various times from the early 1960s to late 1980s, Plaintiffs were exposed to asbestos drilling mud products while working on barge-mounted drilling rigs operating in inland waterways. Fifth Circuit precedent states that injuries to oilfield workers on drilling barges are governed by the Jones Act. *Manuel v. P.A.W. Drilling & Well Service, Inc.*, 135 F.3d 344, 351 (5th Cir. 1998). During the same period of time, the Plaintiffs also worked on land-based drilling rigs in Mississippi where they were exposed to asbestos drilling mud additives. As this exposure occurred on land, neither

the Jones Act nor the OCSLA can be applicable to that exposure. Finally, several Plaintiffs worked for Pool Offshore at various times where they were exposed to asbestos drilling mud additives on Pool Offshore jack-up rigs and platforms.

8.     The Fifth Circuit has repeatedly held that injuries to oilfield workers aboard jack-up rigs are covered by the Jones Act. *Vickers v. Chiles Drilling Co.*, 822 F.2d 535 (5th Cir. 1987) and *Hicks v. Ocean Drilling & Exploration Co.*, 512 F.2d 817, 824 (5th Cir. 1975). While a small portion of the Plaintiffs' work might have been aboard platform rigs not covered by the Jones Act, such exposure does not meet the "but for" test set forth by *Hufnagel* given the Plaintiffs' years of other asbestos exposures on land rigs, barges and jack-up rigs. *Hufnagel*, 182 F.3d at 350.[8]

9.     Plaintiffs' Second Amended Complaint does not assert any causes of action against Pool Offshore under the OCSLA. Instead, all of Plaintiffs' causes of action alleged against Pool Offshore are based on the Jones Act and maritime law subject to the Savings to Suitors Clause. Moreover, Pool Offshore failed to make any denial in its answer to Plaintiff's allegations that this case is governed by the Jones Act as to Pool Offshore.[9]   Additionally, at the March 3, 2005, hearing before the Special Master, liaison counsel stated on the record that this case was covered by the Jones Act. Counsel for Pool Offshore was present at that hearing and made no denial of liaison counsel's admission.[10]

10.     Moreover, Plaintiffs have not asserted any claims against any other Defendants under the OCSLA. Because Jones Act claims do not involve federal

---

8 *See* Paragraph G herein
9 *See* Exhibits D₁ – D₅ which are attached hereto and incorporated herein as Pool Offshore's Answers in the cases subject to CTO-272.
10 *See* Exhibit E which is attached hereto and incorporated herein as the transcript from the March 3, 3005 hearing before the Special Master (page 12, lines 16-20).

questions, 28 U.S.C. § 1445(a) mandates that this case be remanded to the Mississippi state courts.

**B.      CTO-272 should be vacated because federal courts do not have exclusive jurisdiction over cases subject to the Outer Continental Shelf Lands Act.**

11.     In its Notice of Removal, Pool Offshore argues that removal is required because federal courts have *exclusive jurisdiction* over cases governed by the Outer Continental Shelf Lands Act ("OCSLA").[11]  Contrary to Pool Offshore's representations, the U.S. Supreme Court confirms that federal courts do not have *exclusive* subject-matter jurisdiction over cases subject to OCSLA.  *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 484 (1981).  Thus, even assuming that this case is governed by the OCSLA, the Mississippi Circuit Court has proper jurisdiction over this case.

**C.      CTO-272 should be vacated because Pool Offshore has waived any rights to remove this action by seeking and obtaining affirmative relief in the state court.**

12.     A defendant may waive its right to remove by proceeding to defend the action in state court or otherwise invoking the process of that court.  In the instant case, Pool Offshore sought and obtained affirmative relief from the state court.

13.     On January 27, 2005, Pool Offshore filed its *Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to Harold's Auto Parts, Inc. v. Mangialardi, and for Other Relief.*[12]  In its motion, Pool Offshore adopted a similar motion previously filed by Co-Defendant Union Carbide Corporation and sought the following relief from the trial court:

---

11 *See* Notice of Removal at ¶¶ IV and V.
12 *See* Exhibits $F_1 - F_6$ which are attached hereto and incorporated herein as Pool Offshore's *Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to Harold's Auto Parts, Inc. v. Mangialardi, and for Other Relief.*

(1)    To dismiss the Plaintiffs' Complaint for failure to meet the requirements of Mississippi Rules of Civil Procedure 8 and 9 or, alternatively, to require plaintiffs to provide a more definite statement of their claims against Pool Offshore as required by M.R.C.P. 8, 9, and 11;

(2)    To dismiss the case for lack of subject matter jurisdiction pursuant to M.R.C.P. 12(b)(2);

(3)    To dismiss the case for improper venue pursuant to M.R.C.P. 12(b)(3);

(4)    To dismiss for failure to state a claim upon which relief may be granted pursuant to M.R.C.P. 12(b)(6);

(5)    To dismiss for failure to join necessary parties under M.R.C.P. 19 and pursuant to M.R.C.P. 12(b)(7); and

(6)    In the alternative, Defendant sought to transfer venue.

14.    Pool Offshore, through its attorneys, attended and participated in all of the hearings on its and other Defendants' motions. Ultimately, the trial court granted Pool Offshore some of the relief requested in its motion. For example, the claims of several plaintiffs in the underlying case were dismissed.[13]    Additionally, the court granted the request to sever each of the plaintiffs from the original action and granted motions to transfer venue on others.[14]  The trial court, however, was unwilling to dismiss any of the Plaintiffs' causes of action.[15]  As such, Pool Offshore is now essentially attempting an alternative avenue to effectively dismiss Plaintiffs' causes of action by removing their case to federal court and the MDL 'black hole."

15.    Moreover, Pool Offshore is now attempting to use the severance and transfer (and amended complaints filed pursuant thereto) as a basis for its removal.

---

13 *See* Exhibits $G_1 - G_6$ which are attached hereto and incorporated herein as *Special Master's Report and Recommendation* (adopted by trial court Jan. 25, 2006).
14 *Id.*
15 *Id.*

Specifically, Pool Offshore argues that by virtue of the severance and transfer order, and the amended complaints filed pursuant thereto, the case is now in such a "posture" where it can be removed.[16]  Pool Offshore, however, previously sought affirmative relief from the trial court for the very severance and transfer orders it now relies on and, therefore, should be found to have waived any rights to remove this case.

**D.**   **CTO-272 should be vacated because an "involuntary" severance cannot confer removal jurisdiction.**

16.   Pool Offshore argues that the severance order and the amended complaint filed pursuant thereto, placed the case in such a "posture" so as to render it "removable" as a federal question.[17]   Whether a case becomes removable by a severance, however, ultimately depends upon whether or not the severance was "voluntary" or "involuntary." If federal removal jurisdiction is conferred by virtue of a *voluntary* severance, then the case can be removed.  On the other hand, an *involuntary* severance cannot serve as a basis for creating federal removal jurisdiction.  *Miller v Fulton*, 113 F.Supp.2d 1035 (S.D. Miss. 2000).

17.   It is undisputed that the severance of Plaintiff's claims and causes of action in the state court case was involuntary.[18]   The orders at issue confirm that Plaintiffs opposed and objected to the severance and transfer of his case.  For example, the *Special Masters Report and Recommendation* dated August 10, 2005 (which was adopted by the trial court), provides:

> THIS CAUSE CAME ON TO BE HEARD before the
> undersigned Special Master on the several motions made by

---

16  *See* Pool Offshore' Notice of Removal at ¶¶ II.

17  *See* Pool Offshore' Notice of Removal at ¶¶ II.

18  Importantly, no claims were added or deleted with the amended complaints.  Instead, each Plaintiff's claims were filed as separate cases against specific Defendants.

Defendants to dismiss, for more specific information or related relief.

*Plaintiffs have objected to* any fact sheets and to *any severance or transfer*.[19]

Similarly, the *Special Masters Report and Recommendation* dated January 25, 2006, which was adopted by the trial court, provides:

THIS CAUSE CAME ON TO BE HEARD before the undersigned Special Master on several motions made by Defendants relating to the severance, transfer and dismissal of plaintiffs' claims.

COMES NOW, this Court, and . . . does hereby find that **the claims of the Plaintiffs in the above-referenced matter** as stated in the prior order of this Court **which have been previously** *severed over Plaintiffs' objection* shall be transferred or dismissed . . . . *Plaintiffs have continuously objected to any severance and/or transfer*.[20]

The orders issued by the state trial court confirm that the severance of this case was involuntary. Therefore, if, as Pool Offshore contends, it was the severance and transfer order and amended complaint filed pursuant thereto that rendered Plaintiffs' cases removable, then the cases should be remanded because the order of severance was involuntary.

**E.    CTO-272 should be vacated because complete diversity is lacking.**

18.    Plaintiffs allege causes of action against the manufacturers and distributors of these asbestos products under Mississippi state law for their exposure to these products during the course of drilling operations conducted on land based drilling rigs in the state of Mississippi. Plaintiffs also allege causes of action against the Defendants under general maritime law pursuant to the Savings to Suitors Clause of 28 U.S.C. § 1333 and

---

19  *See* Exhibits $G_1 - G_6$, *Special Master's Report and Recommendation* (adopted by trial court on Aug. 10, 2005) (emphasis added).
20  *See* Exhibits $H_1 - H_6$ which are attached and incorporated herein as *Special Master's Report and Recommendation* (adopted by trial court Jan. 25, 2006) (emphasis added).

against Pool Offshore (one of Plaintiffs' employer) under the Jones Act, for their exposure during drilling operations conducted on a vessel in navigable bodies of water. Consequently, even assuming OCSLA is applicable to the maritime claims (and in the absence of a valid Jones Act claim and valid state law claim, both of which are denied), removal would only be available if there was complete diversity in these cases.

19.     Plaintiffs are residents of the State of Mississippi. Plaintiffs have alleged causes of action against Mississippi Mud Company and Oilfield Service & Supply Company, Inc., both Mississippi corporations with principal places of business in Mississippi.[21]   Oilfield Service & Supply Company, Inc. was served and answered in these cases prior to Pool Offshore's removal of these cases. Because Plaintiffs and Oilfield Service & Supply are both residents of the State of Mississippi, this Court does not have diversity jurisdiction in these cases and therefore removal is improper. Moreover, because over a year has passed since the initial filing of this case, removal based upon diversity is not permissible.[22]

---

21 *See* Exhibit I which is attached hereto and incorporated herein as 2004 Corporate Annual Report for Oilfield Service & Supply Company.

22 In *Nase v. Teco Energy, Inc., et al.*, 347 F.Supp.2d 313 (E.D. La. 2004), the court addressed a toxic tort claim with facts similar to the Plaintiffs herein. In the *Nase* case, the plaintiff was an offshore oilfield worker who was exposed to drilling muds with known toxicological properties while working for his employer on rigs located on the outer continental shelf. *Id.* at 316. As a result of exposure to toxic drilling muds while working on the outer continental shelf, the plaintiff alleged that he contracted non-Hodgkin's lymphoma. He filed suit against his employer on the basis of general maritime law and the Jones Act. Teco Energy timely removed that lawsuit within thirty days of being served on the basis of federal jurisdiction pursuant to the Outer Continental Shelf Lands Act (OCSLA). The federal district court ordered remand to state court citing the Fifth Circuit Court of Appeals for the rule that "where a claim within the OSCLA's grant of original federal court jurisdiction is nevertheless governed by maritime law, it arguably does not provide removal jurisdiction unless no defendant is a citizen of the state of suit, notwithstanding that it would fall within the federal court's original jurisdiction under OSCLA." *Id.* at 319; *Hufnagel*, 182 F.3d at 350. The court noted that the Fifth Circuit has repeatedly found that an employee's claims for personal injuries while working on jack-up rigs in navigable waters has a sufficient maritime location to support admiralty jurisdiction and thus is governed by maritime law. *Id* at 320. The Fifth Circuit in *Hufnagel* also observed that "where admiralty and OSCLA claims overlap, substantive maritime law applies and OSCLA does not provide a basis for removal." *Hufnagel*, 182 F.3d at 351.

**F.**    **If this Court has removal jurisdiction over this case, then CTO-272 should be vacated because Pool Offshore's removal is untimely**.

20.    Even if this Court accepts Pool Offshore's argument that this Court has removal jurisdiction over these cases as a federal question by virtue of the alleged application of OCSLA, this Court should nevertheless remand these cases because Pool Offshore's removal was untimely.   A defendant seeking to remove a case to federal court must file its notice of removal within thirty days of receiving the requisite written notice of facts which make the case removable.   28 U.S.C. § 1446(b).   If, as Pool Offshore suggests, these cases invoke federal question jurisdiction by virtue of the OCSLA, then the Court should find that Pool Offshore's removal is untimely.

**1.**    **The allegations against Pool Offshore have remained the same; therefore, if these cases are removable now, then they would have been removable at the time Pool Offshore was initially served.**

21.    In its *Notice of Removal*, Pool Offshore suggests that these cases became removable upon the filing of Plaintiff's *First Amended Complaint*.   Pool Offshore's *Notice of Removal*, however, recites the allegations made against it in the *Second Amended Complaint* filed pursuant to the state court's severance order and from these allegations concludes:

> [T]he aforesaid case *in its present posture* is removable to this Court pursuant to 28 USC § 1441(b) as being a civil action brought in state court of which the federal district courts have original jurisdiction.[23]

Pool Offshore fails to advise the Court that this case was in the same "posture" when originally filed.   In particular, the Original Complaints in the underlying case and subsequent amendments all contained identical allegations against Pool Offshore: that Pool Offshore was the Jones Act employer of the Plaintiff and that the Plaintiffs were

---

23  *See* Pool Offshore' Notice of Removal at ¶¶ IV (emphasis added).

**Brief in Support of Plaintiff's Motion to Vacate**
**Page 14 of 20**

Jones Act Seamen.  Therefore, if as Pool Offshore contends, the OCSLA applies to Plaintiffs' cases at the present point in time, then OCSLA would also have been applicable to these cases at the time Pool Offshore was initially served.  A review of the Plaintiffs' Original Complaints in addition to Pool Offshore's review of its own internal business information would have put Pool Offshore on notice of any OCSLA based jurisdiction, and not the later amended Complaints that were filed over two years after the Original Complaints.

22.    Moreover, Pool Offshore's pleadings in the underlying state court cases establish that it fully anticipated arguing the application of OCSLA jurisdiction more than a year prior to filing its notice of removal.  Pool Offshore argues that federal courts have *exclusive* jurisdiction over cases governed by the OCSLA.[24]   Consistent with this erroneous position, on or about January 27, 2005, Pool Offshore filed a motion with the state court demanding that the case be dismissed for lack of subject matter jurisdiction.[25] As such, if the court accepts the factual statements contained in Pool Offshore's *Notice of Removal,* then it is clear that Pool Offshore has failed to satisfy the time constraints on removal set forth in 28 U.S.C. § 1446(b).

**2.    If the severance of this case created a basis for removal, then Pool Offshore's removal is untimely.**

23.    As discussed *infra,* an involuntary severance cannot serve as a basis for removal.  However, if this Court finds that the severance was voluntary or could otherwise serve as a basis for creating removal jurisdiction, then Pool Offshore's removal is still untimely and the cases should be remanded.

---

24  *See* Notice of Removal at ¶¶ IV and V.

25  *See* Exhibit F; Pool Offshore's *Motion to Dismiss or in the Alternative for More Definite Statement, for Stay of Discovery, for Relief Pursuant to Harold's Auto Parts, Inc. v. Mangialardi, and for Other Relief.*

24.    As noted above, the allegations against Pool Offshore remained unchanged while the cases were pending in state court.   Therefore, Pool Offshore's *Notice of Removal* suggests that it was the severance of Plaintiffs' claims that vested this Court with removal jurisdiction.   This severance, however, occurred more than thirty days prior to the date Pool Offshore filed its *Notice of Removal*.   Specifically, on August 10, 2005, the trial court adopted the *Special Master's Report and Recommendation* and severed each of the plaintiffs in the underlying case.[26]   On January 25, 2006, the trial court adopted the second *Special Masters Report and Recommendation* confirming once again that plaintiff's claims had been severed.[27]   Consequently, if the order of severance did in fact place plaintiff's case in such a "posture" as to create removal jurisdiction, then Pool Offshore's removal was untimely as it was filed more than thirty days after the severance order.

### 3.    Other Papers and Pleadings served on Pool Offshore.

25.    As previously discussed, the allegations against Pool Offshore have remained the same from the date of the filing of the Original Complaints on August 31, 2004.   If OCSLA jurisdiction was applicable, then Pool Offshore would have known so at the time it was served with suit papers from a review of its own internal documents showing the Pool Offshore rigs upon which Plaintiff worked.   However, assuming *arguendo*, that Pool Offshore was unaware of the alleged application of the OCSLA to the Original Complaint, it clearly received other papers and pleadings sufficient to

---

26   *See* Exhibit G; *Special Master's Report and Recommendation* (adopted by trial court on Aug. 10, 2005).

27   *See* Exhibit H, *Special Master's Report and Recommendation* (adopted by trial court Jan. 25, 2006) ("COMES NOW, this Court, and… does hereby find that the **claims of the Plaintiffs in the above-referenced matter** as stated in the prior order of this Court **which have been** *previously severed* over Plaintiff's objection…").

establish the alleged removability of this case more than thirty days prior to filing its notice of removal.

26.     Pursuant to the orders issued by the Special Master, Plaintiffs were required to produce "Fact Sheets" which were in essence verified discovery responses. By September 16, 2005, four hundred forty (440) days before filing its *Notice of Removal*, Pool Offshore received all of Plaintiffs' Fact Sheets and, therefore, was aware of the time and place in which Plaintiffs asserted they were exposed to asbestos while working for Pool Offshore.[28]

27.     Moreover, on January 18, 2006, three hundred sixteen (316) days before filing its *Notice of Removal*, Plaintiffs filed their *Supplemental Pleading Matching Plaintiffs and Defendants* pursuant to the order previously issued by the Special Master and the trial court. In the Supplemental Pleading, each Plaintiff identified each Defendant against which they were asserting causes of action. At that time, Plaintiffs again confirmed they were asserting causes of action against Pool Offshore. Moreover, the causes of action asserted against Pool Offshore at that time were the same as the allegations against Pool Offshore in the First Amended Complaint and Second Amended Complaint. Assuming *arguendo* that the OCSLA was applicable to Plaintiffs' causes of action, as Pool Offshore now alleges, then at the very latest, Pool Offshore would have been required to file a notice of removal on or before February 17, 2006, or thirty days after receiving the Supplemental Pleading). Because Pool Offshore did not file its removal within thirty days of receiving the Original Complaint in 2004, or alternatively within 30 days of the July 15, 2005 filing of Plaintiff's Fact Sheet, or alternatively within

---

28   As previously detailed, the exact dates of removal and of other filing vary slightly for Plaintiffs Daniel Livingston, Ralph McPhail, and Brandon Polk. The dates applicable to the remaining seventeen of the twenty Plaintiffs subject to CTO-272 are otherwise the same as detailed herein.

30 days of the severance orders of the court or alternatively within thirty days of the January 18, 2006, Supplemental Pleading, its removal is untimely and therefore this case should be remanded.

**G.     CTO-272 should be vacated because Pool Offshore cannot meet the "but for" standard set forth in the OCSLA as Plaintiffs were exposed to asbestos on multiple non-Pool work locations over many years which contributed to Plaintiffs' asbestos disease.**

28.     Federal jurisdiction pursuant to the OCSLA is lacking because Pool Offshore has failed to satisfy the "but for" test required to determine whether Plaintiffs' causes of action arise under the OCSLA.   In order for the OSCLA to apply to a particular personal injury cause of action, it must be shown that "but for" the employment on the OCSLA site, the Plaintiff would not have been injured.   *Hufnagel*, 182 F.3d at 350.   Here, Pool Offshore must establish that "but for" Plaintiffs' employment with Pool Offshore on its alleged OCSLA sites, Plaintiffs would not have contracted an asbestos-related disease.   However, Pool Offshore has presented no evidence establishing that "but for" causation requirement.   Furthermore, Plaintiffs were exposed to asbestos at numerous non-Pool Offshore worksites that are in no way related to the outer continental shelf.   In fact, Plaintiffs' occupational exposure to asbestos covered over two decades for some Plaintiffs at many different job sites while working for several different employers.   Plaintiffs' employment with Pool Offshore was for a portion of their work history only.   Because Pool Offshore cannot meet its burden to establish "but for" causation, the OCSLA cannot serve as a basis for federal jurisdiction in this case.[29]

---

29  Pool Offshore has asserted in its removal papers (including in affidavits) that various Plaintiffs have "spent less than 30% of (their) time assigned to or working aboard vessels in navigation." Pool Offshore apparently relies on this assertion to support its claim that Plaintiffs do not have "seaman" status.

**H.**  **CTO-272 should be vacated because all Defendants did not timely join in Pool Offshore's Notice of Removal.**

29.  Each named and served Defendant must timely express consent to or joinder with the removal no later than thirty days from the date the case became removable. *Smith v. Union National Life Ins.*, 187 F.Supp.2d 635, 640 (S.D. Miss. 2001). Assuming Pool Offshore's argument under the "other paper" doctrine as true and that the thirty day removal period expired on December 1, 2006, then two named and served Defendant's failed to timely join Pool Offshore's removal – the Baker Hughes Oilfield Operations, Inc. entities and Montello, Inc.[30]

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Clerk of this Panel enter an order vacating Conditional Transfer Order 272, for remand of the individual cases subject to CTO-272 to their Mississippi state court, and that the Plaintiffs be provided such other and further relief to which they may be entitled.

---

However, the assertion is blatantly false. Pool Offshore has failed to factor in Plaintiffs' other Jones Act employment. Therefore, Pool Offshore's calculation is deficient, and their representation to the Court is untrue. Several Plaintiffs subject to CTO-272 spent only a small portion of their offshore work history with Pool Offshore. For these individuals, Pool Offshore ignores the nature and duration of the Plaintiffs' many other years of work experience. For example, Plaintiff Louie Emler worked for Pool Offshore only four months out of a sixteen-year career; the same is true for many of the Plaintiffs, as indicated by the attached exhibits to this motion. Pool Offshore cannot support its claim to this Court that Plaintiffs do not have "seaman" status, which serves as the basis for its claim that the Jones Act does not apply and makes these cases removable.

30 *See* Notice of Removal.

**Brief in Support of Plaintiff's Motion to Vacate**
**Page 19 of 20**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2007

FILED
CLERK'S OFFICE

Respectfully submitted,

FRANKLIN, CARDWELL & JONES
  A Professional Corporation


BY: *Randy Bruchmiller* /as by permission
    Gregory N. Jones
    Bar Card No. 102152
    Allen R. Vaught
    Bar Card No. 101695
    Randy Bruchmiller
    Bar Card No. 102094
    1700 Pacific Ave, Suite 1610
    Dallas, Texas 75214
    214 999 1324 - telephone
    214 999 1326 – facsimile

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

    On this the <u>26th</u> day of January, 2006, a true and correct copy of the above and foregoing instrument was duly served upon all parties via their counsel of record by depositing the same in the U.S. Mail, proper postage prepaid (or via electronic means) addressed to all parties on the involved counsel list attached hereto.


<u>*Randy Bruchmiller* /as by permission</u>
    Randy Bruchmiller

2007 JAN 29 A 10: 13
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

# SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Brandon Kaye Polk v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-383 (Judge Walter J. Gex III)
*Daniel Livingston v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-384 (Judge Walter J. Gex III)
*Ralph T. McPhail v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1146 (Judge Walter J. Gex III)
*Willie Lee Daniels v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1199
  (Judge Walter J. Gex III)
*Harvey E. Broom v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1200 (Judge Walter J. Gex III)
*Rolland Dearman v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1201 (Judge Walter J. Gex III)
*Clinton L. Brady v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1202 (Judge Walter J. Gex III)
*Deloice Bullock v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1203 (Judge Walter J. Gex III)
*Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1204
  (Judge Walter J. Gex III)
*Terry Wallace v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1205 (Judge Walter J. Gex III)
*Ray C. Rawls v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1206 (Judge Walter J. Gex III)
*Lonnie Newsom v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1207 (Judge Walter J. Gex III)
*George Dixon v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1208 (Judge Walter J. Gex III)
*Ted L. Piner v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1209 (Judge Walter J. Gex III)
*Henry A. Herring v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1210 (Judge Walter J. Gex III)
*Joseph Crawford v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1211 (Judge Walter J. Gex III)
*Dan Mack Daughdrill v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1212
  (Judge Walter J. Gex III)
*Tony N. Thomas v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1213 (Judge Walter J. Gex III)
*Patrick Curd v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1214 (Judge Walter J. Gex III)
*Louie T. Elmer v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1215 (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Ashley E. Calhoun
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jack Robinson Dodson, III
Bradley, Arant, Rose & White
P.O. Box 1789
Jackson, MS 39215-1789

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Gregory N. Jones
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272) - MDL-875        Page 2 of 2

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Corina E. Salazar
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Allen R. Vaught
Franklin, Cardwell & Jones
1700 Pacific Avenue
Suite 1610
Dallas, TX 75214

Jonathan Robert Werne
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCT
LITIGATION

MDL DOCKET NO. 875

**This Motion Relates to:**

**CLINTON BRADY, ET AL.,** [1]
    **Plaintiffs**

**VERSUS**

**PHILLIPS 66 CO., ET AL.,**
    **Defendants**

**from the:**

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

**Civil Action No.  1:06-CV-1202** [1]

---

## ORDER GRANTING PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-272)

CAME ON TO BE CONSIDERED on ____ day of _____, 2007, Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-272).   After considering Plaintiffs' Motion to Vacate and supporting Brief, any responses thereto, and any oral argument presented, the Court finds that such Motion is meritorious and should be in all things GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Conditional Transfer Order (CTO-272) is hereby vacated as to the cases listed in the Schedule of Actions attached hereto as Exhibit A.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that cases listed in the Schedule of Actions attached hereto as Exhibit A be remanded back to the appropriate state court in Mississippi from which they were removed.  Upon the signing of this Order,

---

1 See attached Exhibit A for a complete Schedule of Actions which lists all actions (and Plaintiffs) subject to this Order.

RECEIVED
CLERK'S OFFICE
2001 JAN 29   A 10: 13

the Clerk of the Judicial Panel on Multidistrict Litigation is authorized to give notice of this Order to all parties related to the actions listed on the Schedule of Actions.

SIGNED on _____, 2007.

_____
JUDGE PRESIDING

**SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Brandon Kaye Polk v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-383 (Judge Walter J. Gex III)
*Daniel Livingston v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-384 (Judge Walter J. Gex III)
*Ralph T. McPhail v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1146 (Judge Walter J. Gex III)
*Willie Lee Daniels v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1199
    (Judge Walter J. Gex III)
*Harvey E. Broom v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1200 (Judge Walter J. Gex III)
*Rolland Dearman v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1201 (Judge Walter J. Gex III)
*Clinton L. Brady v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1202 (Judge Walter J. Gex III)
*Deloice Bullock v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1203 (Judge Walter J. Gex III)
*Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1204
    (Judge Walter J. Gex III)
*Terry Wallace v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1205 (Judge Walter J. Gex III)
*Ray C. Rawls v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1206 (Judge Walter J. Gex III)
*Lonnie Newsom v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1207 (Judge Walter J. Gex III)
*George Dixon v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1208 (Judge Walter J. Gex III)
*Ted L. Piner v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1209 (Judge Walter J. Gex III)
*Henry A. Herring v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1210 (Judge Walter J. Gex III)
*Joseph Crawford v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1211 (Judge Walter J. Gex III)
*Dan Mack Daughdrill v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1212
    (Judge Walter J. Gex III)
*Tony N. Thomas v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1213 (Judge Walter J. Gex III)
*Patrick Curd v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1214 (Judge Walter J. Gex III)
*Louie T. Elmer v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1215 (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Ashley E. Calhoun
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jack Robinson Dodson, III
Bradley, Arant, Rose & White
P.O. Box 1789
Jackson, MS 39215-1789

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Gregory N. Jones
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

**Exh A**

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272) - MDL-875          Page 2 of 2

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Corina E. Salazar
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Allen R. Vaught
Franklin, Cardwell & Jones
1700 Pacific Avenue
Suite 1610
Dallas, TX 75214

Jonathan Robert Werne
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406



# NOTICE

## PLEASE SEE OFFICIAL FILES
### FOR

# MDL-875
# PLEADING 4957
# Exhibits A through H-5

January 30, 2007

_____
CLERK OF THE PANEL