**MDL 875**

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2007

FILED
CLERK'S OFFICE

JOYCE LIMING, Personal Representative
of the Estate of KENNETH LIMING          :

                                          :

        Plaintiffs,                     :          Docket No. 875

                                          :

        v.                              :          D. Maryland
                                                     C.A. No.  1:06-3280-JFM
ACandS, Inc., et al.                      :                  (Motz)

        Defendants.                     :

## PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER

Come now Plaintiffs, by and through their undersigned counsel, in the above captioned

matter do hereby move this Honorable Court to Vacate the Conditional Transfer Order of the

Panel ordering transferring of this case to the Eastern District of Pennsylvania in accordance with

28 U.S.C.A. 1407 and state as follows:

1. On December 1, 2006, Defendant Hampshire Industries, Inc. (Hampshire) filed a

Notice of Removal purporting to remove the above captioned action from the Circuit Court for

Baltimore City, Maryland to the United States District Court for the District of Maryland,

Northern Division.

2. On December 22, 2006, Plaintiffs filed a Motion to Remand with the U.S. District

Court for the District of Maryland in the above captioned action to the Circuit Court for

Baltimore City.  Plaintiffs Motion to Remand asserts that Hampshire's Notice of Removal was

untimely filed. That Motion is currently pending in the Baltimore Federal Court and, at this time,

**OFFICIAL FILE COPY**

IMAGED JAN 3 0 2007

PLEADING NO. 4958

no hearing has been set.

For the reasons expressly stated in the attached brief, Plaintiffs request that this Honorable Court vacate the Conditional Transfer Order of the Panel in the above captioned matter and request a prompt hearing.

Respectfully submitted,

Gary J. Ignatowski
Federal Bar #05577

Sean D. Burns
Federal Bar #27489

LAW OFFICES OF PETER G. ANGELOS
One Charles Center
100 N. Charles Street
Baltimore, MD 21201-3812

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2007

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I HEREBY CERTIFY that on this 29th day of January, 2007, a copy of Plaintiffs' Motion to Vacate Conditional Transfer Order was mailed first class, postage prepaid, to the below listed counsel:

W. Allen, Esquire
Goodell, DeVries, Leech & Dann
One South Street, 20th Floor
Baltimore, MD 21202

John D. Roven, Esquire
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Geoffrey S. Gavett, Esquire
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

John J. Repcheck, Esquire
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Richard D. Schuster, Esquire
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Thomas P. Bernier, Esquire
Segal, McCambridge, Singer & Mahoney, Ltd.
One North Charles Street, Suite 2500
Baltimore, MD 21201

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Susan M. Hansen, Esquire
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

David C. Landin, Esquire
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Deborah L. Robinson, Esquire
Robinson & Woolson, P.A.
217 E. Redwood Street, Suite 1500
Baltimore, MD 21202

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Gene Locks, Esquire
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

M. King Hill, III, Esquire
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

RECEIVED
CLERK'S OFFICE
2007 JAN 29   P 2: 23

Adam M.  Chud, Esquire
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Robert N.  Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Steven Andrew Luxton, Esquire
Edwards, Burns & Krider, LLP
201 N.  Charles Street, Suite 1402
Baltimore, MD 21201

David A.  Damico, Esquire
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Ronald L.  Motley, Esquire
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt.  Pleasant, SC 29464

Robert E.  Swickle, Esquire
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Raymond P.  Forceno, Esquire
Forceno & Hannon
111 S.  Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

John J.  Nagle, III, Esquire
Bodie, Nagle, Dolina, Smith & Hobbs
21 W.  Susquehanna Avenue
Towson, MD 21204

Andrew J.  Trevelise, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Ellen B.  Furman, Esquire
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Michelle Noorani, Esquire
Miles & Stockbridge, PC
10 Light Street
Baltimore, MD 21202

Keith R.  Truffer, Esquire
Royston, Mueller, McLean & Reid
102 W.  Pennsylvania Avenue
Suite 600
Towson, MD 21204

Margaret F.  Ward, Esquire
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

James K.  Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Sean D.  Burns

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**JAN 2 9 2007**

FILED
CLERK'S OFFICE

JOYCE LIMING, Personal Representative
of the Estate of KENNETH LIMING

    Plaintiffs,

       v.

ACandS, Inc., et al.

    Defendants.

:
:
:
:
:
:
:
:

Docket No. 875

D. Maryland
C.A. No.  1:06-3280-JFM
(Motz)

**BRIEF IN SUPPORT OF MOTION TO
VACATE CONDITIONAL TRANSFER ORDER**

**INTRODUCTION**

This brief is filed pursuant to Rule 12C of the Rules of Procedure of the Judicial Panel on

Multi-District Litigation, in support of plaintiffs' Motion to Vacate the Conditional Transfer

Order of the Panel ordering transferring of this case to the Eastern District of Pennsylvania in

accordance with 28 U.S.C.A. 1407.  This case was originally filed in the Circuit Court for

Baltimore City and sought damages from the defendants who are manufacturers, distributors or

installers of asbestos containing products.  It is alleged that the plaintiff developed lung cancer

which resulted from his occupational exposure to asbestos products for which the Defendants are

responsible.  The Defendant, Hampshire Industries, Inc.  ("Hampshire"),  removed this case to

the United States District Court for the Northern District of Maryland on grounds that federal

jurisdiction existed because the jobsites at issue in this matter are: the National Institutes of

Health (NIH) and the Walter Reed Army Hospital (Walter Reed), which the defendants claim are

federal enclaves.  The notice of removal alleges that there is exclusive federal jurisdiction

pursuant to Article I, Section 8, Clause 17 of the U.S. Constitution. The plaintiffs have filed a

motion to remand these proceedings to Circuit Court in Baltimore City, on the grounds that

Hampshire filed an untimely Notice of Removal, and have submitted legal authority to the

District Court for the Northern District of Maryland that jurisdiction is proper in the Maryland

State Courts. (A copy of the Plaintiff's Motion for Remand is attached hereto as Exhibit #1).

That motion is currently pending in the Baltimore Federal Court and, at this time, no hearing has

been set.

## ARGUMENT

### THE TRANSFER OF THIS CASE TO MDL FOR THE PURPOSE OF RESOLUTION OF PRE-TRIAL ISSUES COMMON TO ALL ASBESTOS CASES IS UNJUSTIFIED.

An action may be transferred for coordinated or consolidated pretrial proceedings only

when there are common issues of fact and when the transfer will "serve the convenience of the

parties and witnesses" and "promote the just and efficient conduct" of the action. 28 U.S. C. §

1407. The fact that a case has been designated a "tagalong case" does not preclude the necessity

of that determination. In Re: Grain Shipments 319 at Supp. 533 (JPML 1970).

It is the position of the plaintiff, that transfer by this panel is not appropriate because there

are no issues to be resolved in this proceeding which have commonality with the asbestos

personal injury cases pending in the Eastern District of Pennsylvania, and that neither the

convenience of the parties and witnesses nor the just and efficient conduct of the case will be

served by transfer to the Eastern District of Pennsylvania.

Even though the claim presented in this proceeding and the issues involved are similar to

those presented in the pending MDL cases in the Eastern District of Pennsylvania, the common

issues have been resolved by the Maryland State Courts, and the only pretrial proceedings which are required are those which are plaintiff specific.

The purpose of Multi-District Litigation is to resolve in one proceeding pre-trial issues which are common to all of the consolidated cases.   28 U.S. C. S. § 1407(a) provides:

> When civil actions <u>involving one or more common questions of fact</u> are pending in different districts, such actions may be transferred to any district <u>for coordinated or consolidated pretrial proceedings</u>.  Such transfers shall be made by the Judicial Panel on Multi-District Litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

The transfer of this action to the Eastern District of Pennsylvania will not satisfy the purposes of the Multi-District Litigation Statute, since that transfer will not serve the convenience of the parties and witnesses and will not promote just and efficient conduct of this action.

Over the years that asbestos personal injury cases have been tried in the State Courts of Maryland, repeated discovery has been conducted on the issues common to those cases to such an extent that, in the Circuit Court for Baltimore City, these common issues are subject to uniform decisions which are made applicable in each case.

Maryland is unique because it has expended substantial judicial resources to resolve asbestos litigation in its courts by holding massive consolidated trials in order to resolve common issues in a single proceeding.   These two consolidated actions, <u>ACandS, Inc. v. Godwin</u>, 340 Md, 334; 667 A2d. 116 (1995) and <u>ACandS v. Abate</u> 121 Md App. 590, 710 A2d 944 (1998) were

held for the purpose of resolving common issues found in all asbestos personal injury cases.   The

Maryland Court of Appeals found in <u>Godwin</u> that asbestos cases were particularly suitable for

consolidation, because the evidence required to prove the common issues took an inordinate

amount of trial time and had to be presented in each individual case.   In these consolidated

actions, those common issues were decided at one time in one proceeding and would bind the

thousands of plaintiffs who were affected by the case.   The pre-trial common issues  resolved in

those large consolidations involve the same issues which MDL will address.   The resolution by

MDL of these pre-trial issues is simply redundant and will not promote efficiency in the present

case.   When lung cancer cases (due to asbestos exposure) are set for trial in the Circuit Court for

Baltimore City under the expedited trial plan, the only issues which are subject to pretrial

discovery are those, such as causation, damages, medical evidence, etc. which are specific to a

particular plaintiff's case.   The plaintiff specific issues are not considered by the MDL Court and

will be  resolved by the transferee court at some later date.   This will mean that  the resolution of

this case would be delayed until the MDL Court has resolved these common issues. Only at that

time will this case be remanded to this Court where a resolution of the plaintiff specific issues and

discovery will begin.   <u>See InRe: Radiation Incident at Washington, DC,</u> April 5, 1974, 400

Fed.Supp. 1404 (1975).   Under the circumstances of this case, the Multi-District Litigation Plan

does not promote efficiency or serve justice.   The plaintiff specific discovery, which is all that is

necessary to prepare this action for trial, will be delayed while the Multi-District Litigation Court

resolves common issues which have been resolved by the Maryland State Courts during decades

of asbestos litigation.

## <u>UNTIMELY NOTICE OF REMOVAL</u>

This Court has no jurisdiction over this case because the Notice of Removal of Civil Action was filed beyond the thirty (30) day deadline for the removal of state civil actions based on alleged federal question jurisdiction.

On December 1, 2006, Hampshire Industries. (Hampshire) filed a Notice of Removal purporting to remove the above captioned action from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland, Northern Division.  The removal of this action from state court to federal court is expressly barred by application of 28 U.S.C. 1446 (b) which states in part as follows:

> The notice of removal of a civil action or proceeding **shall be filed within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based... (Emphasis added).

On October 1, 1999, the above captioned Plaintiffs initiated a lawsuit against a number of defendants by filing in the Circuit Court for Baltimore City, Maryland. Hampshire and twenty-seven (27) other Defendants were named as an original Defendant within the Plaintiff's Maryland state court action. (*See* Exhibit 2).  Plaintiffs' Amendment alleged in part the following:

> Each Defendant corporation or its predecessor in interest has been engaged in the mining, processing, manufacturing, sale, supply and/or distribution of asbestos, asbestos-containing products and/or machinery requiring or specifying the use of asbestos and/or asbestos- containing products. **Plaintiff alleges that he was exposed to asbestos-containing products** and/or machinery requiring or specifying the use of asbestos and/or asbestos-containing products produced, supplied and/or sold by

5

> Defendants and, in so doing, inhaled great quantities
> of asbestos fibers.  Further, **Plaintiff alleges he**
> **suffered injuries proximately caused by his**
> **exposure to asbestos-containing products**
> designed, manufactured, sold, supplied, specified
> and/or installed by Defendants.
>
> **Plaintiff's exposure to asbestos and asbestos-**
> **containing products and/or machinery requiring**
> **the use of asbestos and/or asbestos-containing**
> **products for which said Defendants, and each of**
> **them, are responsible, occurred while working on,**
> **inspecting and maintaining ships at various times,**
> **including but not limited to United States Coast**
> **Guard ships...**(Emphasis added).  Id. at 3.

The initial pleadings filed by Plaintiffs and served upon Defendants notified Hampshire

that Plaintiff Kenneth Liming alleged an injury caused by exposure to asbestos, and that the

exposure occurred at the National Institutes of Health (NIH) and the Walter Reed Army Hospital

among other job sites.  It is upon the allegations within Plaintiffs' initial pleadings that Hampshire

on December 1, 2006, purported to remove this case from the Circuit Court for Baltimore City to

this Court claiming that the job sites at issue in this matter, NIH and Walter Reed, are under

federal enclave jurisdiction.

Hampshire was properly served with process in this case.  Maryland Rule 2-121(a)  states

as follows:

> Generally.  **Service of process may be made within**
> **this State or, when authorized by the law of this**
> **State, outside of the State** (1) by delivering to the
> person to be served a copy of the summons,
> complaint and all other papers served with it; (2) if
> the person to be served is an individual, by leaving a
> copy of the summons, complaint and all other papers
> filed with it at the individual's dwelling house or
> usual place of abode with a resident of suitable age

6

> and discretion; or (3) **by mailing to the person to be
> served a copy of the summons, complaint and all
> other papers filed with it by Certified Mail
> requesting "Restricted Delivery - show to whom,
> date, address of delivery". Service by Certified
> Mail under this Rule is complete upon delivery....**
> (Emphasis added).

On December 28, 1999, an employee of Plaintiffs' counsel, the Law Offices of Peter G.

Angelos, sent via U.S. Postal Service Certified Mail, copies of all of the above initial pleadings of

Plaintiff to twenty-eight named Defendants including Hampshire. U.S. Postal Service Certified

Mail Receipt No. Z 287 879 488 returned to the Law Offices of Peter G. Angelos establishes that

delivery of the above referenced initial pleadings was completed upon Hampshire on December

29, 1999. The delivery was accepted and signed for on behalf of Hampshire.

Md. Rule 2-121 (a) (3) expressly states that service by Certified Mail is complete upon

delivery. Under 28 U.S.C. §1446, the 30 day time limit for removal begins to run from the time

defendant receives a complaint setting forth a removable claim. *Buchannan v. Lott,* 255 F. Supp.

2d 326 (D.NJ. 2003). On December 29, 1999, Plaintiffs completed service upon Hampshire of

Plaintiffs' Complaint and initial pleadings and the 30 day period to seek removal began. Time

for removal under 28 U.S.C. §1446(b) begins to run at the time the removing party had actual

notice of the state proceeding, its nature, issues and parties involved, *Federal Deposit Insurance*

*Ins Corp. v. Klayer,* 519 F. Supp.889 (E.D. Ky. 1981). In addition, Hampshire even

acknowledges receiving specific notice of the NIH and Walter Reed job sites on May 26, 2006.

(*See* Exhibit 3: Defendant's Notice of Removal and Plaintiff's Answers to Defendant's Joint

Interrogatories filed May 26, 2006, Filing ID No. 11382814). When served with Plaintiffs' initial

pleadings on December 29, 1999 and May 26, 2006, Hampshire had actual knowledge of the

7

claims against it and specifically that Mr. Limings' exposure occurred at NIH and Walter Reed.

By the Hampshire's own admission, they received Plaintiffs' Answers to Defendants' Joint Interrogatories on May 26, 2006 which identified NIH and Walter Reed as job sites. It is at this point Hampshire could have <u>reasonably ascertained</u> from the face of Plaintiffs' Answers to Defendants' Joint Interrogatories, that removal was possible. Yet, Hampshire did not file its Notice of Removal until December 1, 2006. According to *Harris v. Bankers Life and Casualty Co.*, 435 F. 3d 689, 694 (9th Cir. 2005), "notice of removal may be filed <u>within thirty days after</u> defendant received an amended pleading, motion, order or other paper from which it can be <u>ascertained</u> from the face of the document that removal is proper". (Emphasis supplied)  Thus, given that on May 26, 2006 Hampshire could have reasonably ascertained, on the face of Plaintiffs Answers to Defendants' Joint Interrogatories that removal was possible, Hampshire failed to timely file its removal within the required 30 day period.

On December 29, 1999, service was complete upon Hampshire.  However, Hampshire did not file its Notice of Removal until nearly seven (7) years after it was fully informed of the nature of the Plaintiffs' claims and six (6) months after acknowledging receipt of the NIH and Walter Reed specific job sites . The time requirement of 28 U.S.C. §1446 is to be strictly construed and any party failing to file a petition for removal of a cause to federal court in time is precluded from doing so at any subsequent stage of the proceeding. *Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co.,* 247 F. Supp. 578 (E.D. Pa. 1965).   A motion to remand a case to state court is granted where petition for removal is not filed until 31 days after service of process and where plaintiff refuses to waive requirement that it be filed within 30 days. *Antares IOL Corp. v. Jones,* 558 F. Supp. 62 (D. Colo. 1983).  Plaintiffs do not consent to removal and do not

waive the 30 day filing requirement of 28 U.S.C. §1446(b). Defendants' failure to remove a case

within 30 days of receipt of the complaint normally waives defendants' option to remove. *Perez*

*v. General Packer, Inc.,* 790 F Supp. 1464 (C.D. Cal. 1992). Hampshire's Notice of Removal was

filed in violation of 28 U.S.C. §1446 and as such this action should be immediately remanded to

State Court. The Plaintiffs do not consent to removal and do not waive the 30 day filing

requirement of 28 U.S.C. §1446(b).

## CONCLUSION

Before the Panel may transfer cases pursuant to 28 U.S.C.A. §1407, it must make an

affirmative finding that 1) transfer will be for the convenience of the parties and witnesses, and 2)

will promote the just and efficient conduct of the cases. For the reasons stated herein, movants

submit that neither of the required findings can be made and thus respectfully asks that the Panel

vacate the conditional transfer order.

Respectfully submitted,

Gary J. Ignatowski
Federal Bar #05577

Sean D. Burns
Federal Bar #27489

LAW OFFICES OF PETER G. ANGELOS
One Charles Center
100 N. Charles Street
Baltimore, MD 21201-3812

9

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**REQUEST FOR HEARING**

JAN 29 2007

FILED
CLERK'S OFFICE

Plaintiffs respectfully request that a hearing on their Motion to Vacate the Conditional

Transfer Order be scheduled promptly.

Sean D. Burns
Federal Bar #27489

RECEIVED
CLERK'S OFFICE
2007 JAN 29 P 2: 23

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January, 2007, a copy of Brief in Support of Motion to Vacate Conditional Transfer Order was mailed first class, postage prepaid, to the below listed counsel:

W. Allen, Esquire
Goodell, DeVries, Leech & Dann
One South Street, 20th Floor
Baltimore, MD 21202

Geoffrey S. Gavett, Esquire
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

John J. Repcheck, Esquire
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Thomas P. Bernier, Esquire
Segal, McCambridge, Singer & Mahoney, Ltd.
One North Charles Street, Suite 2500
Baltimore, MD 21201

Susan M. Hansen, Esquire
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Deborah L. Robinson, Esquire
Robinson & Woolson, P.A.
217 E. Redwood Street, Suite 1500
Baltimore, MD 21202

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

M. King Hill, III, Esquire
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

John D. Roven, Esquire
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

Richard D. Schuster, Esquire
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David C. Landin, Esquire
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Gene Locks, Esquire
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102



Adam M. Chud, Esquire
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Steven Andrew Luxton, Esquire
Edwards, Burns & Krider, LLP
201 N. Charles Street, Suite 1402
Baltimore, MD 21201

David A. Damico, Esquire
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Ronald L. Motley, Esquire
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Raymond P. Forceno, Esquire
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

John J. Nagle, III, Esquire
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Andrew J. Trevelise, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Ellen B. Furman, Esquire
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Michelle Noorani, Esquire
Miles & Stockbridge, PC
10 Light Street
Baltimore, MD 21202

Keith R. Truffer, Esquire
Royston, Mueller, McLean & Reid
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Margaret F. Ward, Esquire
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406


_____

Sean D. Burns

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **JOYCE LIMING Personal** | * | |
| **Representative of the Estate of** | | **Civil Action No.  06-CV-03280-JFM** |
| **KENNETH LIMING** | * | |
| | | |
| **Plaintiffs** | * | |
| | | |
| v. | * | |
| | | |
| **ACandS, INC.,  et al.** | * | |
| | | |
| **Defendants** | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MOTION TO REMAND

Come now the above captioned Plaintiffs by and through the undersigned attorneys and as,

and for a Motion to Remand the above action to the Circuit Court for Baltimore City, Maryland

states as follows:

## UNTIMELY NOTICE OF REMOVAL

This Court has no jurisdiction over this case because the Notice of Removal of Civil Action

was filed beyond the thirty (30) day deadline for the removal of state civil actions based on alleged

federal question jurisdiction.

On December 1, 2006, Hampshire Industries. (Hampshire) filed a Notice of Removal

purporting to remove the above captioned action from the Circuit Court for Baltimore City,

Maryland to the United States District Court for the District of Maryland, Northern Division.  The

removal of this action from state court to federal court is expressly barred by application of 28

U.S.C. 1446 (b) which states in part as follows:

> The notice of removal of a civil action or proceeding
> **shall be filed within 30 days** after the receipt by the
> defendant, through service or otherwise, of a copy of

> the initial pleading setting forth the claim for relief
> upon which such action or proceeding is based...
> (Emphasis added).

On October 1, 1999, the above captioned Plaintiffs initiated a lawsuit against a number of

defendants by filing in the Circuit Court for Baltimore City, Maryland. Hampshire and twenty-seven

(27) other Defendants were named as an original Defendant within the Plaintiff's Maryland state

court action. (*See* Exhibit 1). Plaintiffs' Amendment alleged in part the following:

> Each Defendant corporation or its predecessor in
> interest has been engaged in the mining, processing,
> manufacturing, sale, supply and/or distribution of
> asbestos, asbestos-containing products and/or
> machinery requiring or specifying the use of asbestos
> and/or asbestos- containing products. **Plaintiff
> alleges that he was exposed to asbestos-containing
> products** and/or machinery requiring or specifying
> the use of asbestos and/or asbestos-containing
> products produced, supplied and/or sold by
> Defendants and, in so doing, inhaled great quantities
> of asbestos fibers. Further, **Plaintiff alleges he
> suffered injuries proximately caused by his
> exposure to asbestos-containing products** designed,
> manufactured, sold, supplied, specified and/or
> installed by Defendants.
>
> **Plaintiff's exposure to asbestos and asbestos-
> containing products and/or machinery requiring
> the use of asbestos and/or asbestos-containing
> products for which said Defendants, and each of
> them, are responsible, occurred while working on,
> inspecting and maintaining ships at various times,
> including but not limited to United States Coast
> Guard ships...**(Emphasis added). Id. at 3.

The initial pleadings filed by Plaintiffs and served upon Defendants notified Hampshire that

Plaintiff Kenneth Liming alleged an injury caused by exposure to asbestos, and that the exposure

occurred at the National Institutes of Health (NIH) and the Walter Reed Army Hospital among other

2

job site. It is upon the allegations within Plaintiffs' initial pleadings that Hampshire on December 1, 2006, purported to remove this case from the Circuit Court for Baltimore City to this Court claiming that the job sites at issue in this matter, NIH and Walter Reed, are under federal enclave jurisdiction.

Hampshire was properly served with process in this case. Maryland Rule 2-121(a) states as follows:

> **Generally. Service of process may be made within this State or, when authorized by the law of this State, outside of the State** (1) by delivering to the person to be served a copy of the summons, complaint and all other papers served with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) **by mailing to the person to be served a copy of the summons, complaint and all other papers filed with it by Certified Mail requesting "Restricted Delivery - show to whom, date, address of delivery". Service by Certified Mail under this Rule is complete upon delivery**.... (Emphasis added).

On December 28, 1999, an employee of Plaintiffs' counsel, the Law Offices of Peter G. Angelos, sent via U.S. Postal Service Certified Mail, copies of all of the above initial pleadings of Plaintiff to twenty-eight named Defendants including Hampshire. U.S. Postal Service Certified Mail Receipt No. Z 287 879 488 returned to the Law Offices of Peter G. Angelos establishes that delivery of the above referenced initial pleadings was completed upon Hampshire on December 29, 1999. The delivery was accepted and signed for on behalf of Hampshire.

Md. Rule 2-121 (a) (3) expressly states that service by Certified Mail is complete upon delivery. Under 28 U.S.C. §1446, the 30 day time limit for removal begins to run from the time

defendant receives a complaint setting forth a removable claim. *Buchannan v. Lott,* 255 F. Supp. 2d 326 (D.NJ. 2003). On December 29, 1999, Plaintiffs completed service upon Hampshire of Plaintiffs' Complaint and initial pleadings and the 30 day period to seek removal began. Time for removal under 28 U.S.C. §1446(b) begins to run at the time the removing party had actual notice of the state proceeding, its nature, issues and parties involved, *Federal Deposit Insurance Ins Corp. v. Klayer,* 519 F. Supp.889 (E.D. Ky. 1981). In addition, Hampshire even acknowledges receiving specific notice of the NIH and Walter Reed job sites on May 26, 2006. (*See* Exhibit 2: Defendant's Notice of Removal and Plaintiff's Answers to Defendant's Joint Interrogatories filed May 26, 2006, Filing ID No. 11382814). When served with Plaintiffs' initial pleadings on December 29, 1999 and May 26, 2006, Hampshire had actual knowledge of the claims against it and specifically that Mr. Limings' exposure occurred at NIH and Walter Reed.

On December 29, 1999, service was complete upon Hampshire. However, Hampshire did not file its Notice of Removal until nearly seven (7) years after it was fully informed of the nature of the Plaintiffs' claims and six (6) months after acknowledging receipt of the NIH and Walter Reed specific job sites . The time requirement of 28 U.S.C. §1446 is to be strictly construed and any party failing to file a petition for removal of a cause to federal court in time is precluded from doing so at any subsequent stage of the proceeding. *Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co.,* 247 F. Supp. 578 (E.D. Pa. 1965). A motion to remand a case to state court is granted where petition for removal is not filed until 31 days after service of process and where plaintiff refuses to waive requirement that it be filed within 30 days. *Antares IOL Corp. v. Jones,* 558 F. Supp. 62 (D. Colo. 1983). Plaintiffs do not consent to removal and do not waive the 30 day filing requirement of 28 U.S.C. §1446(b). Defendants' failure to remove a case within 30 days of

4

receipt of the complaint normally waives defendants' option to remove. *Perez v. General Packer, Inc.*, 790 F Supp. 1464 (C.D. Cal. 1992). Hampshire's Notice of Removal was filed in violation of 28 U.S.C. §1446 and as such this action should be immediately remanded to State Court. The Plaintiffs do not consent to removal and do not waive the 30 day filing requirement of 28 U.S.C. §1446(b).

## CONCLUSION

Hampshire failed to timely file its Notice to Remove.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court remand this action to the Circuit Court for Baltimore City and to award reasonable attorneys fees and costs.

Respectfully submitted,

/s/ *Gary J. Ignatowski*
Gary J. Ignatowski (#05577)

/s/ *Sean D. Burns*
Sean D. Burns (# 27489)

THE LAW OFFICES OF PETER G. ANGELOS
100 N. Charles Street, 22nd Floor
One Charles Center
Baltimore, Maryland 21201
(410) 649-2000

Attorneys for the Plaintiffs

## REQUEST FOR EMERGENCY HEARING

Plaintiffs respectfully request that a hearing on their Motion for Remand be scheduled promptly because a "Notice of Tag-Along Action" was filed on October 20, 2005 with a copy sent to the Judicial Panel on Multidistrict Litigation seeking to have this case transferred to the Eastern

5

District of Pennsylvania before this Court has an opportunity to resolve the issues raised herein.

/s/ **Sean D. Burns**
Sean D. Burns (# 27489)

g:\tutin\pt-319\mx remand liming.wpd

District of Maryland (CM/ECF Live 3.0)                                                                      Page 1 of 2

## Motions

1:06-cv-03280-JFM Liming v. A C and S, Inc. et al

### U.S. District Court

### District of Maryland

### Notice of Electronic Filing

The following transaction was entered by Burns, Sean on 12/22/2006 at 12:59 PM EST and filed on 12/22/2006

**Case Name:**        Liming v. A C and S, Inc. et al
**Case Number:**    1:06-cv-3280
**Filer:**               Joyce Liming
                           Kenneth Liming
**Document Number:** 10

**Docket Text:**
MOTION to Remand by Joyce Liming, Kenneth Liming. Responses due by 1/8/2007 (Attachments: # (1) Exhibit 1 to Motion to Remand# (2) Exhibit 2 to Motion to Remand)(Burns, Sean)


**1:06-cv-3280 Notice has been electronically mailed to:**

David W Allen     dwa@gdldlaw.com, pac@gdldlaw.com

Thomas P Bernier     TBernier@smsm.com, Mnyulasi@smsm.com

Malcolm Sean Brisker     msb@gdldlaw.com

Louis E Grenzer , Jr     lgrenzer@bodienagle.com

M King Hill , III     mkhill@venable.com, dbitzelberger@venable.com, ealineweaver@venable.com, sbhermann@venable.com

Steven Andrew Luxton     sluxton@ebkllp.com

John J Nagle , III     jnagle@bodienagle.com, dbuckland@bodienagle.com

Deborah L Robinson     lawfirm@robinsonwoolson.com

Keith R Truffer     ktruffer@rmmr.com

Margaret Fonshell Ward     ward@moorejackson.com

Brian A Zemil     bazemil@venable.com, kryan@venable.com

**1:06-cv-3280 Notice will not be electonically delivered to:**

Carol A A Hastings
Law Offices of Peter G Angelos
One Charles Center
100 N Charles St 22nd Fl
Baltimore, MD 21201


The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=12/22/2006] [FileNumber=1318412-
0] [1a3fdba2eab192cb4a4f61f387810035c9182c6ada20551aaf1080edd9da1056cd
1f35cc2b8f3f3ad6209a64d6b88358836b0bc4ca1647b022288f04c89fa2e4]]
**Document description:**Exhibit 1 to Motion to Remand
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=12/22/2006] [FileNumber=1318412-
1] [a0a94b492f276e47cba636ab57f8a46f4e6dc7365a1ae7fa1777a12d68931ea59b
e79d2efbdeaa2b9f96ebe7e1ed88ae41026f3f592d7c1afd7183f7284e2f6b]]
**Document description:**Exhibit 2 to Motion to Remand
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=12/22/2006] [FileNumber=1318412-
2] [b593c9905baaaedcca127bc4bf3206a783a860a29f4cf39e553cd7b8864f37efdc
26b0fed1213bea51cdc91150a64c16bcfba24caba80d6f3318f250ec0d7dd7]]

# EXHIBIT 2

JOYCE LIMING, Individually and as
Personal Representative of the Estate of
KENNETH LIMING
P.O. Box 315
Triangle, Virginia 22172

and

JOYCE LIMING, Surviving Spouse of
KENNETH LIMING
P.O. Box 315
Triangle, Virginia 22172

      Plaintiff

VS

A C and S, INC.,
f/k/a ARMSTRONG CONTRACTING &
SUPPLY COMPANY
Liberty and Charlotte Streets
Lancaster, PA  17604

Serve On:
James Hipolet, Esquire
120 North Lime Street
Lancaster, PA  17604

and

FILED

OCT  1 1999

IN THE   CIRCUIT COURT FOR
        BALTIMORE CITY

CIRCUIT COURT

FOR

BALTIMORE CITY

CT-1  TRADES
      CASES

99001955

    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *
    *

OWENS-ILLINOIS GLASS CO.,          *
f/k/a OWENS-ILLINOIS, INC.
P.O. Box 1035                       *
Toledo, OH  43604
                                    *
Serve On:
Corporation Trust, Inc.             *
300 E. Lombard Street
Baltimore, MD  21202                *

and                                 *

PITTSBURGH CORNING CORPORATION      *
800 Presque Isle Drive
Pittsburgh, PA  15239               *

Serve On:                           *
President
Pittsburgh Corning Corp.            *
800 Presque Isle Drive
Pittsburgh, PA  15239               *

and                                 *

PORTER-HAYDEN COMPANY               *
715 South Haven Street
Baltimore, MD  21201                *

Serve On:                           *
Res-Agent, Inc.
7 St. Paul Street                   *
Suite 1400
Baltimore, MD  21202                *

and                                 *

E.L. STEBBING                       *
1600 Clough Street
Baltimore, MD  21213                *

Serve On:                           *
Resident Agent
James L. Fisher                     *
1600 Clough Street
Baltimore, MD  21213                *

and                                             *

**HAMPSHIRE INDUSTRIES, INC.**                  *
f/k/a JOHN H. HAMPSHIRE CO.
320 West 24th Street                            *
Baltimore, MD  21211
                                                *
Serve On:
Resident Agent                                  *
Charles E. Fry, Jr.
Secretary/Treasurer                             *
320 W. 24th Street
Baltimore, MD  21211                            *

and                                             *

**W.R. GRACE & CO. - CONN.**                    *
f/k/a W.R. GRACE CO.
101 N. Charles Street                           *
Baltimore, MD  21201
                                                *
Serve On:
Resident Agent                                  *
Prentice-Hall Corporation
Systems, Maryland                               *
1123 N. Eutaw Street
Baltimore, MD  21201                            *

and                                             *

**UNIVERSAL REFRACTORIES COMPANY**              *
P.O. Box 97
Wampum, PA  16151                               *

Serve On:                                       *
President
Universal Refractories Co.                      *
P.O. Box 97
Wampum, PA  16151                               *

and                                             *

**U.S. MINERAL PRODUCTS COMPANY**               *
Furnace Street
Stanhope, NJ  07874                             *

3

Serve On:                                   *
President
U.S. Mineral Products Co.                   *
Furnace Street
Stanhope, NJ  07874                         *

and                                         *

LLOYD E. MITCHELL                           *
4650 Reisterstown Road
Baltimore, MD  21215                        *

Serve On:                                   *
P&M Agent Corporation
Charles Center South                        *
36 South Charles Street
Baltimore, MD  21201                        *

and                                         *

ASBESTOSPRAY CORPORATION                    *

Serve On:                                   *
Robert D. Brownson
Stich, Angell, Kreidler, Brownson &         *
Ballou, P.A.
The Crossings                               *
Suite 120
250 2nd Avenue, S.                          *
Minneapolis, Minnesota 55401-2122
                                            *
and                                         *

SPRAYCRAFT CORPORATION                      *

Serve On:                                   *
Herbert Levine
3215 Avenue H                               *
Apartment 4P
Brooklyn, NY  11210                         *

and                                         *

JOHN CRANE-HOUDAILLE, INC.
Morton Grove, IL  60053                     *

4

Serve On:    *
President
John Crane-Houdaille, Inc.    *
6400 Oakton Street
Morton Grove, IL 60053    *

and    *

HARBISON-WALKER REFRACTORIES    *
DIVISION OF DRESSER INDUSTRIES
1800 Farmers Bank Building    *
Pittsburgh, PA
    *

Serve On:
President    *
Harbison Walker Refractories
1 Gateway Circle    *
Pittsburgh, PA 15222
    *
and
    *
FLINTKOTE COMPANY
100 The Embarcadero    *
San Francisco, CA 94105
    *
Serve On:
Corporation Trust, Inc.    *
300 E. Lombard Street
Baltimore, Maryland 21202    *

and    *

RAPID AMERICAN CORPORATION    *
(As Successor-in-Interest to The Philip
Carey Manufacturing Company and Glen    *
Alden Corp.)
723 Fifth Avenue    *
New York NY
    *
Serve On:
Rapid American Corporation    *
c/o CFC Networks
1013 Centre Road    *
Wilmington, Delaware 19805
    *

5

and                                          *

**ANCHOR PACKING COMPANY**                   *
P.O. Box 35169
Greensboro, NC  27425                        *

Serve On:                                    *
President
Anchor Packing Company                       *
P.O. Box 35169
Greensboro, NC 27425                         *

and                                          *

**GARLOCK, INC.**                            *
1666 Division Street
Palmyra, New York 14552                      *

Serve On:                                    *
President
1666 Division Street                         *
Palmyra, New York 14552
                                             *
and
                                             *
**T & N PLC**
20 Saint Mary's Parsonage                    *
Manchester, England  MC2NL
                                             *
Serve On:
President                                    *
T & N PLC
20 Saint Mary's Parsonage                    *
Manchester, England  MC2NL
                                             *
and
                                             *
**ARMSTRONG WORLD INDUSTRIES, INC.**
Liberty and Charlotte Streets                *
Lancaster, PA  17604
                                             *
Serve On:
Corporation Trust, Inc.                      *
300 E. Lombard Street
Baltimore, MD  21202                         *

and

**UNITED STATES GYPSUM COMPANY**
101 S. Wacker
Chicago, IL  60606

Serve On:
Corporation Trust, Inc.
300 E. Lombard Street
Baltimore, MD  21202

and

**QUIGLEY COMPANY, INC.**
a subsidiary of PFIZER, INC.
235 E. 42nd Street
New York, NY  10017

Serve On:
President
Quigley Co., Inc.
235 E. 42nd Street
New York, NY  10017

and

**PFIZER CORPORATION**
235 East 42nd Street
New York, NY  10017

Serve On:
President
Pfizer Corporation
235 E. 42nd Street
New York, NY  10017

and

**ASBESTOS CLAIMS MANAGEMENT
CORPORATION, f/k/a NATIONAL
GYPSUM COMPANY**
310 East I-30, Suite 285
Garland, Texas 75043

7

Serve On:                                    *
Asbestos Claims Management
Corporation                                  *
310 East I-30, Suite 285
Garland, Texas  75043                        *

and                                          *

GAF CORPORATION,                             *
f/k/a The Ruberoid Co.
1361 Alps Road                               *
Wayne, NJ  07470
                                             *
Serve On:
John O'Brien                                 *
General Counsel
GAF Corporation                              *
1361 Alps Road
Wayne, NJ  07470                             *

                                             *
and
                                             *
PREMIER REFRACTORIES, INC.
c/o CT Corporation System                    *
1635 Market Street
Philadelphia, PA 19103                       *

Serve On:                                    *
CSC Lawyers Incorporating Service Co.
11 E. Chase Street                           *
Baltimore, Maryland 21202
                                             *
and
                                             *
THE GOODYEAR TIRE & RUBBER CO.
1144 E. Market Street                        *
Akron, Ohio 44316
                                             *
Serve On:
The Corporation Trust Inc.                   *
300 E. Lombard Street
Baltimore, Maryland 21202                    *

and                                          *

**DURABLA MANUFACTURING CO.**                              *
**821 Lancaster Avenue**       .
**Strafford-Wayne, PA  19087**                             *

**Serve On:**                                              *

**Keith R. Truffer, Esquire**                              *
**Royston, Mueller, McLean & Reid The**
**Royston Bldg. - Ste. 600**                               *
**102 West Pennsylvania Avenue Towson,**
**MD  21204-4575**                                         *

        **Defendants**                                     *


        *************************************************

9

## SHORT FORM COMPLAINT AND
## PRAYER FOR JURY TRIAL

Joyce Liming, Individually and as Personal Representative of the Estate of Kenneth Liming, and Joyce Liming, Surviving Spouse of Kenneth Liming, Plaintiff, by her undersigned attorneys, sues the Defendants captioned above and hereby adopts and incorporates by reference the causes of action and respective paragraphs set forth in the Trades Cases Master Complaint as follows:

**As to Plaintiff Joyce Liming, Individually and as Personal Representative of the Estate of Kenneth Liming:**

**Introduction** - paragraphs 1-6.

1. **Count One - Strict Liability** - paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9-A, 10-A, and 11;

2. **Count Two - Breach of Warranty** - paragraphs 12, 13 and 14;

3. **Count Three - Negligence** - paragraphs 15, 16, 17, 18 and 19;

4. **Count Four - Fraud** - paragraphs 20, 21, 22, 23, 24 and 25;

5. **Count Five - Conspiracy** - paragraphs 26, 27, 28, 29 and 30;

6. **Count Six - Market Share Liability** - paragraphs 31, 32 and 33.

7. **Count Seven - Loss of Consortium** - paragraphs 34, 35, 36 and 37.

8. **Count Nine - Premises Liability -** Paragraphs 46, 47, 48, 49, 50, 51, 52 and 53.

**As to Plaintiff Joyce Liming, Surviving Spouse of Kenneth Liming:**

**Introduction** - paragraphs 1-6.

8. **Count Seven - Loss of Consortium** - paragraphs 34, 35, 36 and 37.

10

9. **Count Eight - Wrongful Death** - paragraphs 38, 39, 40, 41, 44 and 45.

_____
Brian S. McNair

LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation
100 N. Charles Street
22nd Floor
Baltimore, Maryland 21201-3812
(410) 649-2000

Attorney for Plaintiff


## PRAYER FOR JURY TRIAL

Plaintiff elects to have her case tried before a jury.

_____
Attorney for Plaintiff

2

_11_

| | | |
|---|---|---|
| JOYCE LIMING, Personal Representative of the Estate of KENNETH LIMING | * | IN THE |
| | * | CIRCUIT COURT |
| | * | FOR |
| Plaintiff | * | BALTIMORE CITY |
| v. | * | |
| AC&S, INC., et al. | | Case No. |
| | * | |
| Defendants | * | CT-1  Trades Cases |
| | * | |

* * * * * * * * * * * * * * * * * *

## ATTACHMENT TO
## SHORT FORM COMPLAINT

In accordance with Baltimore City Pretrial Order No. 1, paragraph 3(b), please be advised of the following with respect to the above captioned case.

1.  Plaintiff's decedent was diagnosed with lung cancer on April 1, 1997. Plaintiff also claims asbestosis and non-malignant pleural changes.

2.  Plaintiff's decedent's social security printout is not available at this time.

_____
Attorney for Plaintiffs

Law Offices of Peter G. Angelos
A Professional Corporation
One Charles Center
100 N. Charles Street
Baltimore, Maryland 21201-3812
410-649-2000

DEC-20-2006  10:37       PETER G. ANGELOS                410 426 1269    P.14/18

```
IN RE:   ASBESTOS PERSONAL          *       IN THE
         INJURY AND WRONGFUL
         DEATH ASBESTOS CASES        *       CIRCUIT COURT

                                     *       FOR BALTIMORE CITY

                                     *
         * * * * * * * * * * * * * * * * * * * * * * * * * * * *

JOYCE LIMING, Personal              *
Representative of the Estate
of KENNETH LIMING                   *

      Plaintiff                     *

vs.                                 *       DOCKET NO.:

AC&S, INC., et al.                  *       CT-1 TRADES
                                                 CASES
                                    *
     Defendants
         * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## INACTIVE CIVIL DOCKET PLAINTIFF INFORMATION FORM

1.  Claimant's Name  <u>Liming</u>         <u>Joyce</u>
                       Last              First              Middle

2.  Claimant's Address    <u>P.O. Box 315</u>

                          <u>Triangle, VA 22172</u>

                          _____

3.  Claimant's Social Security Number    <u>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</u>

4.  Claimant's Date of Birth    <u>11/1/28</u>

5.  Claimant's Marital Status:   Married ___   Single ___

                    Separated ___   Widower <u>x</u>  Divorced ___

6.  If the Claimant is a different person than the person whose
    alleged injurious exposure to asbestos gives rise to this
    claim, give the following information concerning the alleged
    exposed person:

1

DEC-20-2006  10:37          PETER G. ANGELOS                410 426 1269    P.15/18

Name  Liming                    Kenneth
      Last                        First                    Middle

Date of Birth.  1/16/22

Date of Death (if applicable)  4/26/98

Cause of Death (if applicable)      Lung cancer

Social Security Number    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

Claimant's relationship to alleged exposed person:

___ Spouse/Personal Representative

7.  Claimant/Alleged Exposed Person's occupation when exposed to
    asbestos:

      Carpenter

8.  Claimant/Alleged Exposed Person's beginning and ending dates
    (month/year to month/year) of exposure to asbestos:

    From:    1950              To:          1970's

9.  Specific asbestos-related condition claimed to exist (check
    all that apply:

| Condition | | Dx Date |
|---|---|---|
| Non-malignant pleural changes | x | _____ |
| Asbestosis | x | _____ |
| Mesothelioma | ___ | _____ |
| Bronchogenic (Lung) Carcinoma | x | 4/1/97 |
| Other Cancer | ___ | _____ |
| Other Condition (specify) | ___ | _____ |

10. The following material is attached in support of the claim
    that the conditions indicated in paragraph 9 above are
    asbestos related (include all required by the Rule):

| Material | | Dated |
|---|---|---|
| Chest X-ray Report | ___ | _____ |
| Pulmonary Function Test | ___ | _____ |
| Pathology Reports | ___ | _____ |
| Report of Pulmonary Specialist | ___ | _____ |
| Report of B-Reader | ___ | _____ |
| Report of Cancer Specialist | ___ | _____ |

14

Other (specify) _____    ____ Dated    _____

11. Name of each company that would be used as a defendant if the case were placed on the active docket:

_____  ___  ___  ___ ACandS, Inc.; Owens-Illinois; Pittsburgh Corning; Porter-Hayden; E.L. Stebbings; Hampshire Industries; W.R. Grace; Lloyd E. Mitchell; Asbestospray Corp.; John Crane Houdaille; U.S. Mineral Products; Spraycraft Corp.; Universal Refractories; Harbison-Walker Refractories; Flintkote Co.; Rapid American; Anchor Packing; Garlock, Inc.; T&N; Armstrong World; U.S. Gypsum; Quigley; Pfizer; Asbestos Claims Management, f/k/a National Gypsum; GAF; Premier Refractories; Goodyear Tire & Rubber; Durabla

12. Name, address and telephone number of claimant's counsel:

Brian S. McNair, Esquire
Law Offices of Peter G. Angelos
A Professional Corporation
One Charles Center
100 N. Charles Street
Baltimore, Maryland 21201-3812
410-649-2000

13. Certification: I do hereby certify in accordance with the provisions of the Maryland Rules of Procedure that I am counsel for the above-named Claimant, that the information set forth to support the claim being filed herein is true and correct, that no payment for this claim or one substantially similar to it as to this Claimant has been received from any entity listed in Paragraph 11 above, and that there is no proceeding pending in this or any other jurisdiction on behalf of the claimant or exposed person listed herein which is substantially similar to the present claim in its factual allegations.

_____
Claimant's Counsel

## CERTIFICATE OF SERVICE

See Attached Complaint.

3

15

DEC-20-2006  10:37          PETER G. ANGELOS          410 426 1269   P.17/18

CIRCUIT COURT FOR _____ ᴮALTIMORE CITY _____

City or County

## CIVIL---NON-DOMESTIC CASE INFORMATION REPORT

*Directions:*

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of the Court *unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111. A copy must be included for each defendant to be served.*

*Defendant:* You must file an Information Report as required by Rule 2-323(h).
### THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.

FORM FILED BY: _x_ PLAINTIFF   ___ DEFENDANT     CASE NUMBER: _____

CASE NAME: __ Joyce Liming, P.R. of Estate of Kenneth Liming __ v __ AC&S, Inc., et al. __

JURY DEMAND: _x_ Yes   ___ No          Anticipated length of trial: _____ hours or _____ days

RELATED CASE PENDING? ___ Yes _x_ No     If yes, Case #(s), if known: _____

HAS ALTERNATIVE DISPUTE RESOLUTION (ADR): Been Tried?   ___ Yes ___ No
                                          Requested?    ___ Yes ___ No

If yes, specify: _____ N/A _____

Special Requirements?   ___   Interpreter/communication impairment
                        ___   Other ADA accommodation: _____

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF | |
|---|---|---|---|
| **TORTS** | **LABOR** | **A. TORTS** | |
| ___ Motor Tort | ___ Workers' Comp. | ___ Under $7,500 | ___ Medical Bills |
| ___ Premises Liability | ___ Wrongful Discharge | ___ $7,500 - $50,000 | $_____ |
| ___ Assault & Battery | ___ EEO | ___ $50,000 - $100,000 | ___ Property Damages |
| _x_ Product Liability | ___ Other _____ | ___ Over $100,000 | $_____ |
| ___ Professional Malpractice | | | ___ Wage Loss |
| ___ Wrongful Death | **CONTRACTS** | **See Master Asbestos** | $_____ |
| ___ Business & Commercial | ___ Insurance | **Complaint** | |
| ___ Libel & Slander | ___ Confessed Judgment | | |
| ___ False Arrest/Imprisonment | ___ Other _____ | | |
| ___ Nuisance | | **B. CONTRACTS** | **C. NONMONETARY RELIEF** |
| ___ Toxic Torts | | | |
| ___ Fraud | **REAL PROPERTY** | ___ Under $10,000 | ___ Declaratory Judgment |
| ___ Malicious Prosecution | ___ Judicial Sale | ___ $10,000 - $20,000 | ___ Injunction |
| ___ Lead Paint | ___ Condemnation | ___ Over $20,000 | ___ Other |
| _x_ Asbestos | ___ Landlord Tenant | | |
| ___ Other | ___ Other _____ | | |
| _____ | | | |
| | **OTHER** | | |
| | ___ Civil Rights | | |
| | ___ Environmental | | |
| | ___ ADA | | |
| | ___ Other _____ | | |

### TRACK REQUEST

*With the exception of Baltimore County, Baltimore City, and Prince George's County, please fill in the estimated LENGTH OF TRIAL. THIS CASE WILL THEN BE TRACKED ACCORDINGLY.*

___ ½ day of trial or less          ___ 3 days of trial time
___ 1 day of trial time             ___ More than 3 days of trial time
___ 2 days of trial time

### IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY, PLEASE SEE REVERSE SIDE OF FORM FOR INSTRUCTIONS.

Date: __ 9/17/99 __          Signature: _____

L 6.

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (check only one)

| | | |
|---|---|---|
| ___ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ___ | Standard-Short | Trial seven months from Defendant's response. Includes torts with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments. |
| ___ | Standard-Medium | Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000. |
| ___ | Standard-Complex | Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000. |
| ___ | Lead Pain | Trial per model order. |
| _x_ | Asbestos | Events and deadlines set by individual judge. |
| ___ | Protracted Cases | Complex cases designated by the Administrative Judge. |

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

| | | |
|---|---|---|
| ___ | TRACK I | Cases having Judicially-assessed values under $25,000. |
| ___ | TRACK II | Cases having Judicially-assessed values greater than $25,000 but not complex litigation. |
| ___ | TRACK III | Non-jury. |
| ___ | TRACK IV | Statutory Priority Jury Track. |
| ___ | TRACK V | Complex Litigation (Business, Tort, Orphan's Court Appeals). |

### LIABILITY FACTORS | INJURY FACTORS

| | | |
|---|---|---|
| ___ Rear-end | ___ Left-hand Turn | ___ Soft Tissue  ___ Herniated Disk |
| ___ Slip and Fall | ___ Other: | ___ Broken Bones  ___ Severe Head Injury |
| ___ Intersection | | ___ Joint Damages  ___ Other: |
| ___ Changing Lanes | | (knee, ankle, etc.) |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ___ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ___ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, Intentional Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ___ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ___ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

DEC-12-2006  14:23          PETER G. ANGELOS          410 426 1269    P.02/03

**SENDER:**
- ☐ Complete items 1 and/or 2 for additional services.
- ☐ Complete items 3, 4a, and 4b.
- ☐ Print your name and address on the reverse of this form so that we can return this card to you.
- ☐ Attach this form to the front of the mailpiece, or on the back if space does not permit.
- ☐ Write *"Return Receipt Requested"* on the mailpiece below the article number.
- ☐ The Return Receipt will show to whom the article was delivered and the date delivered.

DEC 2 8 1999

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

3. Article Addressed to:

Hampshire Industires
Serve On: Charles E. Fry,
320 W. 24th Street
Baltimore, Maryland  21211

4a. Article Number
Z 287 879 458

4b. Service Type
- ☐ Registered          ☒ Certified
- ☐ Express Mail         ☐ Insured
- ☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
12/29/99

5. Received By: *(Print Name)*

6. Signature *(Addressee or Agent)*

8. Addressee's Address *(Only if requested and fee is paid)*

PS Form 3811, December 1994          102595-99-B-0223    Domestic Return Receipt

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

---

PS Form **3800**, April 1995

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

Z 287 879 458

| | |
|---|---|
| Sent to | |
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | DEC 2 8 1999 |

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| * | Civil Action No.: _____ |
| **KENNETH LIMING** * | **Circuit Court for Baltimore City** |
| Plaintiff | Case No.: 24X99001955 |
| * | |
| **v.** * | |
| * | |
| **AC and S, INC.**, *et al.*, * | |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

|  |  |
|---|---|
| **ALVESTER BROWN**, *et al.*, * | |
| Plaintiffs * | **Circuit Court for Baltimore City,** |
| | Consolidated Case No.: 24X05000881 |
| **v.** * | |
| **AC and S, INC.**, *et al.*, * | |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

|  |  |
|---|---|
| * | |
| **Case Affected:** * | |
| * | |
| **JOYCE LIMING,** * | |
| **Personal Representative** * | |
| **of the Estate of** | |
| **KENNETH LIMING** * | Case No.: 24X99001955 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Hampshire Industries, Inc. ("Hampshire"), joined and/or

consented to by all Defendants properly sued and served in the civil action filed in the Circuit Court for

Baltimore City, Maryland, consolidated case no. **24X05000881** ("the State Case") hereby note the

removal of this action to the United States District Court for the District of Maryland. Removal is based on federal question jurisdiction because the job sites at issue in this matter, namely, the National Institutes of Health ("National Institutes of Health" or "NIH") and the Walter Reed Army Hospital ("Walter Reed Army Hospital" or "Walter Reed") are under federal enclave jurisdiction.

Original jurisdiction by the United States District Court is proper under 28 U.S.C. §1331, which grants "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, to the United States District Courts". In the instant case, the constitutional grant of authority is Art. I. §8, cl. 17, which grants to Congress the power:

> "To exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings;"

In support thereof, Hampshire states the following:

### I - BACKGROUND

### First Notice of Specific Job Sites At Issue

The Plaintiffs' Complaint is based upon the alleged exposure of Plaintiffs' decedent, Kenneth Liming, to asbestos-containing materials. On or about May 26, 2006, Hampshire received via Lexis Nexis File & Serve, the e-filing system used in asbestos litigation by the Circuit Court for Baltimore City, Plaintiffs' Answers to Defendants' Joint Interrogatories in the above-captioned matter. This document listed eleven job sites at issue without giving any specifics as to alleged exposure to asbestos-containing materials at any particular job site. Therefore, while the National Institutes of Health and Walter Reed Army Hospital were included in the list of eleven jobsites, the information provided at this time was too vague to indicate that the exposure alleged to asbestos-containing materials occurred on federal enclaves (See Exhibit 1, p.31).

IN RE:        **BALTIMORE CITY**        *   **IN THE**
              **ASBESTOS LITIGATION**

                                        *   **CIRCUIT COURT**

                                        *   **FOR**

                                        *   **BALTIMORE CITY**

                        \*\*\*\*\*\*\*\*\*\*\*\*

ALVESTER BROWN, et al.                  *   **ALL ISSUES - LUNG CANCERS**

              **Plaintiffs**            *   **FEBRUARY 20, 2007 TRIAL GROUP**

v.                                      *   **JUDGE**              PT-319

ACandS, INC., et al.                    *   **CONSOLIDATED CASE NO.**
                                            **24X05000881**
              **Defendants**            *

                                        *   **(LAW OFFICES OF PETER G. ANGELOS)**

                        \*\*\*\*\*\*\*\*\*\*\*\*

<u>**CASE AFFECTED:**</u>                   *

**JOYCE LIMING, Personal**              *   **CASE NO. 24X99001955**
**Representative of the Estate of**
**KENNETH LIMING**                      *

                        \*\*\*\*\*\*\*\*\*\*\*\*

### <u>PLAINTIFF'S ANSWERS TO DEFENDANTS' JOINT INTERROGATORIES</u>

Comes now the above captioned Plaintiff by the undersigned  attorneys, and for Answers to Interrogatories and Request for Production of Documents propounded by the Defendants, states as follows:

### <u>PRELIMINARY STATEMENT/GENERAL OBJECTION</u>

Plaintiff generally objects to the subject discovery requests on the grounds that they are unduly burdensome, harassing, overly broad and vague.  Plaintiff objects on the grounds that these requests assume the truth of facts not proven or facts not in evidence.  Plaintiff objects on the grounds that the subject discovery requests seek information which is immaterial, not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects on the grounds that all or some of these

(i)     The identity of the supplier or distributor of each type of asbestos-containing product;

(j)     The identity of the manufacturer(s) of each type of asbestos-containing product;

(k)     The trade or brand names of each type of asbestos-containing products.

**ANSWER:**

Plaintiff's investigation is continuing.  Plaintiff reserves the right to supplement this answer as to products and co-workers as they become available.  Plaintiff objects to this interrogatory to the extent that it seeks information beyond that relating to Plaintiff's exposure to the asbestos products of the direct defendants.

1.     (a)     Plaintiff's investigation is continuing.

       (b)     Carpenter

       (c-d)   1950 - mid 1970's.

       (e)     Andrews Air Force Base; Bureau of Standards; CIA Building; Dunbartin College; Galludet College; Georgetown University; NIH; Prince George's Hospital; VA Hospital, Washington, D.C.; Walter Reed Army Hospital; Social Security Office Building, Washington, D.C.

       (f)-(g)  See attached list corresponding to these jobsites;  Plaintiff's investigation is continuing.

       (h)-(k)  Without waiving the objection referred to above and in relation to the direct defendants only, Plaintiff states that prior to and after the filing of Mr. Liming's lawsuit, Plaintiff and his attorneys have conducted a continuing investigation in an attempt to gather all available information concerning Mr. Liming's exposure to the asbestos products of the direct defendants. As a result of this investigation, Plaintiff states that while working from approximately 1950 to the mid 1970's as a carpenter at the jobsites listed above, Mr. Liming was exposed to respirable asbestos-containing dust generated from the use, unloading, carrying, transporting, moving, handling, cutting, preparation, mixing, spraying, application, installation and/or removal of asbestos-containing products for which the defendants are responsible including:  pipecovering and block manufactured by Owens-Illinois;  pipecovering, cloth, blankets, rope, gaskets and packing installed by and/or

## LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 11382814 |
| **Submitted by:** | Karen Tutin, Angelos, Peter G PC-Baltimore |
| **Authorized by:** | Carol A Hastings, Angelos, Peter G PC-Baltimore |
| **Authorize and file on:** | May 26 2006 12:37PM EDT |

| | |
|---|---|
| **Court:** | Baltimore City Circuit Court |
| **Division/Courtroom:** | Not applicable |
| **Case Class:** | Civil |
| **Case Type:** | Personal Injury-Asbestos |
| **Case Number:** | 24x05000881 |
| **Case Name:** | Brown, Alvester vs A C and S Inc |

| | |
|---|---|
| **Transaction Option:** | File and Serve |
| **Billing Reference:** | PT-319 |

### Documents List
### 24 Document(s)

**Attached Document, 45 Pages   Document ID: 5947826**                    View Original   View PDF

| **Document Type:** | **Access:** | **Transaction Fee:** | **Linked:** |
|---|---|---|---|
| Answer to Interrogatories | Public | $0.00 | |

**Document title:**
Plaintiff's Answers to Defendants' Joint Interrogatories (Brown)

**Attached Document, 10 Pages   Document ID: 5947843**                    View Original   View PDF
Related Document ID: 5947826

| **Document Type:** | **Access:** | **Transaction Fee:** | **Linked:** |
|---|---|---|---|
| Exhibits | Public | $0.00 | |

**Document title:**
Exhibits (Brown)

**Attached Document, 14 Pages   Document ID: 5947856**                    View Original   View PDF
Related Document ID: 5947826

| **Document Type:** | **Access:** | **Transaction Fee:** | **Linked:** |
|---|---|---|---|
| Witness List | Public | $0.00 | |

**Document title:**
Co-Worker Witness List (Brown)

**Attached Document, 47 Pages   Document ID: 5947871**                    View Original   View PDF

| **Document Type:** | **Access:** | **Transaction Fee:** | **Linked:** |
|---|---|---|---|
| Answer to Interrogatories | Public | $0.00 | |

**Document title:**
Plaintiff's Answers to Defendants' Joint Interrogatories (Burnette)

**Attached Document, 24 Pages   Document ID: 5947895**                    View Original   View PDF
Related Document ID: 5947871

| **Document Type:** | **Access:** | **Transaction Fee:** | **Linked:** |
|---|---|---|---|
| Exhibits | Public | $0.00 | |

**Document title:**
Exhibits (Burnette)

**Attached Document, 15 Pages   Document ID: 5947904**                    View Original   View PDF
Related Document ID: 5947871

| **Document Type:** | **Access:** | **Transaction Fee:** | **Linked:** |
|---|---|---|---|
| Witness List | Public | $0.00 | |

**Document title:**
Co-Worker Witness List (Burnette)

**Attached Document, 46 Pages   Document ID: 5947929**                    View Original   View PDF

| **Document Type:** | **Access:** | **Transaction Fee:** | **Linked:** |
|---|---|---|---|
| Answer to Interrogatories | Public | $0.00 | |

**Document title:**