MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 14 2007

FILED
CLERK'S OFFICE

PLEADING NO. 4965

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

RE:   H. Dean Allison, et al. v. Daniel Construction Co., Inc., et al.
      EDPA  (WDNC 1:00cv32)

### PLAINTIFFS' RESPONSE TO MOTION OF DEFENDANT DANIEL INTERNATIONAL CORPORATION TO VACATE CONDITIONAL REMAND ORDER

Plaintiffs respectfully respond to this Honorable Panel to the Motion of the Defendant Daniel International Corporation to vacate the Conditional Remand Order entered December 27, 2006 and submit the accompanying brief and exhibits in support thereof.

This 12 day of February, 2007.

_Janet Ward Black_ pk
Janet Ward Black
Attorney for Plaintiffs
NC State Bar 12869

OF COUNSEL:
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC  27401
(336) 333-2244
jwblack@wardblacklaw.com

**OFFICIAL FILE COPY**

IMAGED FEB 1 5 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 14 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

RE: H. Dean Allison, et al. v. Daniel Construction Co., Inc., et al.
EDPA (WDNC 1:00cv32)

## PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION OF DEFENDANT DANIEL INTERNATIONAL CORPORATION TO VACATE CONDITIONAL REMAND ORDER

Plaintiffs submit this Brief in Opposition to the "Motion to Vacate Conditional Remand Order filed by Defendant Daniel International Corporation" [hereinafter "Daniel's Motion"].

A.  BACKGROUND OF THE LITIGATION

This is a single lawsuit filed on behalf of a number of plaintiffs who contend they were exposed to asbestos as a result of the activities of Daniel International Corporation (formerly known as Daniel Construction Company, Inc., hereinafter "Daniel"), and who subsequently contracted asbestos related diseases. The only named defendants are Daniel Construction Company, Inc. and Daniel International Corporation. On February 16, 2007 this lawsuit will have been pending seven years. Since it was filed, fifty-eight of the plaintiffs have died.

B. ARGUMENT

According to Rule 7.6(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the transferee district judge determines that the litigation assigned to him is concluded or that remand of the action is otherwise appropriate, the Clerk of the Panel may enter an Order remanding the action. By its motion, Daniel seeks to substitute its judgment (or that of its attorneys) for the considered judgment of The Honorable James T. Giles, supervising judge of MDL 875. On November 20, 2006, Judge Giles filed with this Panel a Suggestion of Remand indicating that, in his judgment, remand was appropriate. Judge Giles severed claims for punitive damages and suggested remand of only the compensatory damage claims of the plaintiffs, including "all outstanding motions and such further actions as may be deemed proper" by the Western District of North Carolina. Daniel did not mention this Suggestion of Remand in its motion.

Instead, Daniel suggests that "plaintiffs' counsel has not provided the information that is necessary to conclude the coordinated trial proceedings." This contention is based solely on Daniel's claim that it has not received information concerning specific plaintiffs, specifically, medical records and exposure information. Daniel's motion refers to "evidence attributing plaintiffs' exposure to Daniels" and goes on to explain its need for plaintiffs' medical records, specific jobsite information, the relevant dates of employment, and each specific plaintiff's work location. "Sufficient information must be provided to the contractor defendant . . . so that it may ascertain whether it was actually performing work under a contract, at a particular jobsite in the vicinity of the plaintiff, and during the relevant time period." [Daniel's Motion, p. 4]

The first important point about this contention is that Daniel seeks information relating to specific plaintiffs and specific jobsites.[1] Such specific discovery has never been the purpose of the coordinated pretrial proceedings of MDL 875. Historically, in MDL 875, coordinated pretrial discovery has addressed overarching issue common to all cases. Then, after remand to the transferor court, the parties have conducted plaintiff-specific discovery, including exposure and medical information. By its motion, Daniel seeks to require that plaintiffs provide such information <u>before</u> the case can be remanded. In effect, Daniel says: "When <u>we</u> decide that the plaintiffs have provided sufficient plaintiff-specific information, <u>then</u> the case can be remanded." If this be the case, Daniel can keep demanding more information and this case will never be remanded. This turns on its ear the procedure that has been followed in MDL 875 for many years.

The second important point is that Daniel has propounded no discovery in this case. The assertions in Daniel's Motion, p. 2, concerning the plaintiff-specific information all relate to a settlement conference. That is, the information furnished to Daniel was an attempt to facilitate the settlement conference scheduled by Judge Giles. It was not in response to a discovery request from Daniel, but a letter request for additional information. In that conference, counsel for Daniel indicated that it was unable to get any settlement authority for cases in the MDL, and that any further settlement conferences (with or without more information) would be unproductive. Further, Daniel does not argue that there are other cases against it in MDL 875 for which pretrial proceedings need to be coordinated with this action. Daniel points to no

---

[1] See, for example, Daniel's discussion of the information it needs with regard to Duke Power Company jobsites. [Daniel's Motion, p. 5.]

3

"pretrial proceeding" unresolved in this case except its informal letter request for additional information for a settlement conference. That leads to the final important point.

Daniel would like for this case to continue to languish in the MDL. Why? Because Daniel believes that no meaningful progress toward resolution of the case will occur until it is remanded. Daniel does not want to be compelled to undertake plaintiff-specific discovery and be subjected to trial in the transferor court. As long as the case remains in the MDL, it is economically advantageous for Daniel.

If Daniel's Motion is denied and the Conditional Remand Order is made effective, this case will progress toward resolution. As recognized by Judge Giles, there is nothing further to be accomplished in the MDL by retaining the compensatory damage claims of these plaintiffs and additional delay will further prejudice their rights.

C.  LEGAL CONTENTIONS

    1.  The Panel Should Find that Remand Is Appropriate and Transfer the Case to the Originating Transferor Court.

When determining whether to remand a matter from an MDL to the transferor court, the Judicial Panel on Multidistrict Litigation gives great weight to the transferee judge's determination about the appropriateness of remand because that judge supervises day to day proceedings. In Re Managed Care Litigation, 2006 U.S. Dist. LEXIS 26561 (J.P.M.L. February 13, 2006); In Re Brand-Name Prescription Drugs Antitrust Litigation, 264 F. Supp. 2d 1372 (J.P.M.L. 2003); In Re King Resources Co. Secs. Litigation, 458 F. Supp. 220 (J.P.M.L. 1978); In Re A.H. Robins Co., Inc., 453 F. Supp. 108 (J.P.M.L. 1978); In Re Franklin Nat'l Bank Secs. Litigation, 407 F. Supp. 248 (J.P.M.L. 1976). A transferee judge's suggestion of remand is a clear indication that the

judge perceives his role in the litigation as over.  Id.  A party seeking to oppose the transferee judge's recommendation must provide sufficient cause to the Judicial Panel on Multidistrict Litigation to reject that judge's recommendation.  In re Brand-Name Prescription Drugs Antitrust Litigation, 264 F. Supp. 2d 1372 (J.P.M.L. 2003).

In the case currently before the Panel, the transferee judge has recommended remand.  Specifically, in an order dated November 20, 2006, the Honorable James T. Giles recommended that the plaintiffs' compensatory damages claims be remanded, although Judge Giles order the severance and retention of the punitive and exemplary damages claims.  In his order, Judge Giles notes that pretrial proceedings such as settlement conferences have been conducted.  Interestingly, Judge Giles recommends that the MDL retain the punitive damages claims, implying that Judge Giles believes the MDL still has work to do with respect to these limited claims (conversely implying that his court does not have work to do with respect to the compensatory damages claims).

The Panel should recognize that Judge Giles is in the best position to determine whether the MDL continues to have a role in plaintiffs' compensatory damages claims. Giving deference to Judge Giles' recommendation, this Panel should remand the plaintiffs' compensatory damages claims for trial.

Daniel's arguments that discovery is not complete and that additional information is needed for them to evaluate the plaintiffs' claims are not sufficient grounds for this Panel to reject the transferee judge's recommendation of remand.  In support of their contention, defendants cite In Re Joann Patenaude, 210 F.3d 135 (3d Cir. 2000).  That case is not on point.  There, the plaintiffs desired remand from an MDL.  The Judicial Panel on Multidistrict Litigation denied their motion, and plaintiffs sought a writ of

mandamus ordering remand from the Third Circuit. The Third Circuit noted that the writ is a drastic remedy which should only be granted in response to judicial usurpation of power. The Third Circuit merely held in In Re Joann Patenaude that the plaintiffs had failed to show that the Panel's failure to remand was in violation of plaintiffs' "clear and indisputable right" to remand.

Although In Re Joann Patenaude does not appropriately address how the Panel should consider outstanding discovery issues when faced with a recommendation of remand, other cases do. Even if there were outstanding discovery in this case, the mere fact that discovery is not complete is no bar to remand. In In Re A.H. Robins Co., Inc., 453 F. Supp. 108 (J.P.M.L. 1978), the transferee judge in the Dalkon Shield cases recommended remand of several cases. The parties raised concerns regarding the remand, arguing that discovery was not complete. Rejecting this argument, the Panel noted that the purposes of an MDL may have been served, necessitating remand, even when all discovery is not complete. Such discovery may be more properly conducted in the original court. Again, the Panel noted that the transferee judge is in the best position to evaluate which court should supervise the remaining issues. See also In Re Franklin Nat'l Bank Secs. Litigation, 407 F. Supp. 248 (J.P.M.L. 1976). Again here, there is no discovery, written or by deposition, owed to Daniel or from Daniel. It argues that pretrial proceedings are incomplete, but points to no pretrial proceedings other than a letter requesting more information for a settlement conference.

In the case currently before the Panel, Judge Giles clearly understands the discovery and pretrial posture of the case. His order specifically notes that he has reviewed the case and has had settlement conferences with the parties. As such, the

Panel should reject defendants' arguments that the mere fact that discovery is incomplete should prevent transfer.

D.    CONCLUSION

Because the transferee judge is in the best position to understand the pretrial posture of the case and has determined that remand is appropriate, the Panel should give deference to his recommendation and order that plaintiffs' compensatory damages claims be remanded.

This _____ day of February, 2007.

                                                                                              /s/ Janet Ward Black
                                                                                              Janet Ward Black
                                                                                              Attorney for Plaintiffs
                                                                                              NC State Bar 12869

OF COUNSEL:
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC 27401
(336) 333-2244
jwblack@wardblacklaw.com

CERTIFICATE OF SERVICE

I hereby certify that the undersigned has this day served Plaintiffs' Response to Motion of Defendant Daniel International Corporation to Vacate Conditional Remand order and Plaintiffs' Brief in Opposition to Motion of Defendant Daniel International Corporation to Vacate Conditional Remand order on all parties to this cause by depositing a copy, first-class postage prepaid, in the United States Mail properly addressed as follows to all counsel on Panel Service List attached.

This 12 day of February, 2007.

*(signature)*
Janet Ward Black
Attorney for Plaintiffs
NC State Bar 12869

OF COUNSEL:
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC  27401
(336) 333-2244
jwblack@wardblacklaw.com

Page 1 of 2

# PANEL SERVICE LIST (Excerpted from CRO)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Steve E. Ashe, et al. v. ACandS, Inc., et al.,* E.D. Pennsylvania
 (W.D. North Carolina, C.A. No. 1:99-268)
*H. Dean Allison, et al. v. Daniel Construction Co., Inc., et al.,* E.D. Pennsylvania,
 C.A. No. 2:06-68941 (W.D. North Carolina, C.A. No. 1:00-32)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Michael J. Brickman
Richardson, Patrick, Westbrook
 & Brickman
174 East Bay Street
Charleston, SC 29402

Alexander M. Bullock
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Keith E. Coltrain
Elmore & Wall, PA
3737 Glenwood Avenue
Suite 100
Raleigh, NC 27612

W. David Conner
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

Rodney A. Dean
Dean & Gibson, L.L.P.
Cameron Brown Building
Suite 900
301 S. McDowell Street
Charlotte, NC 28204-2686

Karl F. Edgar
Edgar & Paul
P.O. Box 16099
Chapel Hill, NC 27516

Eric Keith Engelbardt
Clarkson, Walsh, Rheney & Turner
P.O. Box 1509
Greenville, SC 29602

Eric K. Englebardt
Clarkson, Walsh, Rheneys & Thomas
1164 Woodruff Road
P.O. Box 6728
Greenville, SC 29606

C. Michael Evert, Jr.
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

John Herrick
Motley Rice, LLC
P.O. Box 1792
Mt. Pleasant, SC 29465

Jeffrey A. Kadis
Hedrick, Eatman, Gardner
 & Kincheloe
6000 Fairview Road
Suite 1000
Charlotte, NC 28230

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown
P.O. Box 4848
Greensboro, NC 27404-4848

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

PANEL SERVICE LIST (Excerpted from CRO) - MDL-875            Page 2 of 2

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Peter J. McKenna
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036-6522

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-0013

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Laurie M. Pennison
Hulse & Wanek
512 E. Boston Street
Covington, LA 70433

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

A. Wendel Stout, III
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Mark S. Thomas
Maupin Taylor, PA
3200 Beechleaf Court
Suite 500
P.O. Drawer 19764
Raleigh, NC 27619

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 14 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

RE:   H. Dean Allison, et al. v. Daniel Construction Co., Inc., et al.
EDPA  (WDNC 1:00cv32)

## REASONS WHY THERE IS NO NEED FOR ORAL ARGUMENT

COME NOW Plaintiffs, pursuant to Rule 16.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and file this statement of reasons why there is no need for oral argument on Plaintiffs' Response to Motion of Defendant Daniel International Corporation to Vacate Conditional Remand Order:

1. On January 25, 2007, the Defendant filed its Motion to Vacate Conditional Remand Order.

2. On February 12, 2007, the Plaintiffs filed their Response to Motion of Defendant Daniel International Corporation to Vacate Conditional Remand Order.

3. The facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

This 12 day of February, 2007.

_Janet Ward Black_
Janet Ward Black
Attorney for Plaintiffs
NC State Bar 12869

2

OF COUNSEL:
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC  27401
(336) 333-2244
jwblack@wardblacklaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 14 2007

CERTIFICATE OF SERVICE

I hereby certify that the undersigned has this day served Reasons Why There Is No Need for Oral Argument on all parties to this cause by depositing a copy, first-class postage prepaid, in the United States Mail properly addressed as follows to all counsel on Panel Service List attached.

This 12 day of February, 2007.

_____
Janet Ward Black
Attorney for Plaintiffs
NC State Bar 12869

OF COUNSEL:
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC  27401
(336) 333-2244
jwblack@wardblacklaw.com

3

PANEL SERVICE LIST (Excerpted from CRO)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Steve E. Ashe, et al. v. ACandS, Inc., et al.*, E.D. Pennsylvania
(W.D. North Carolina, C.A. No. 1:99-268)
*H. Dean Allison, et al. v. Daniel Construction Co., Inc., et al.*, E.D. Pennsylvania,
C.A. No. 2:06-68941 (W.D. North Carolina, C.A. No. 1:00-32)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Michael J. Brickman
Richardson, Patrick, Westbrook
& Brickman
174 East Bay Street
Charleston, SC 29402

Alexander M. Bullock
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Keith E. Coltrain
Elmore & Wall, PA
3737 Glenwood Avenue
Suite 100
Raleigh, NC 27612

W. David Conner
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

Rodney A. Dean
Dean & Gibson, L.L.P.
Cameron Brown Building
Suite 900
301 S. McDowell Street
Charlotte, NC 28204-2686

Karl F. Edgar
Edgar & Paul
P.O. Box 16099
Chapel Hill, NC 27516

Eric Keith Engelbardt
Clarkson, Walsh, Rheney & Turner
P.O. Box 1509
Greenville, SC 29602

Eric K. Englebardt
Clarkson, Walsh, Rheneys & Thomas
1164 Woodruff Road
P.O. Box 6728
Greenville, SC 29606

C. Michael Evert, Jr.
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

John Herrick
Motley Rice, LLC
P.O. Box 1792
Mt. Pleasant, SC 29465

Jeffrey A. Kadis
Hedrick, Eatman, Gardner
& Kincheloe
6000 Fairview Road
Suite 1000
Charlotte, NC 28230

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown
P.O. Box 4848
Greensboro, NC 27404-4848

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

PANEL SERVICE LIST (Excerpted from CRO) - MDL-875                      Page 2 of 2

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Peter J. McKenna
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036-6522

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-0013

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Laurie M. Pennison
Hulse & Wanek
512 E. Boston Street
Covington, LA 70433

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

A. Wendel Stout, III
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Mark S. Thomas
Maupin Taylor, PA
3200 Beechleaf Court
Suite 500
P.O. Drawer 19764
Raleigh, NC 27619

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376