**MDL 875**

Case 2:06-cv-10929-LMA-DEK Document 23 Filed 01/29/2007 Page 1 of 7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 20 2007

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOYCE HAMPTON, ET AL.

versus

OWENS-ILLINOIS, ET AL.

CIVIL ACTION

No. 06-10929

SECTION: "I"/3

## ORDER AND REASONS

Before the Court is the motion to remand filed on behalf of plaintiffs, Joyce Hampton, Ruby Spiess, and Linda Raimer. The motion is opposed by third-party defendant American Motorists Insurance Company ("American Motorists"). For the following reasons, plaintiffs' motion to remand is **GRANTED**.

### BACKGROUND

In 1999, plaintiffs Weston Hampton, now deceased, and Joyce Hampton filed this lawsuit in Orleans Parish Civil District Court.[1] Plaintiffs allege that Mr. Hampton was exposed to injurious levels of asbestos throughout his career with various employers, including a period from 1940 to 1943 during which he was a welder at Delta Shipyard ("Delta").[2] The state court lawsuit has proceeded since 1999, notwithstanding a 2001 removal attempt by other defendants,[3] with a trial date of March 19, 2007.[4] Summary judgment hearings in

---

[1] Rec. Doc. No. 1-5. Joyce Hampton now sues individually and on behalf of her deceased husband. As children of Mr. Hampton, Spiess and Raimer also now sue individually and on behalf of their deceased father.

[2] Rec. Doc. No. 1-7, p. 6.

[3] See Case No. 01-3848, Rec. Doc. No. 1.

[4] Rec. Doc. No. 9-2, p. 82

MDL-875
RECOMMENDED ACTION
Vac CTO-274-one action
Approved/Date: JZ 20Feb07

EXHIBIT C

OFFICIAL FILE COPY

IMAGED FEB 21 2007

02/17/2007 10:54  2157353888  PAUL REICH&MYERS PC  PAGE 04/09
FEB. 14. 2007  4:58PM  PLAUCHE_MASELLI_PARKERSON_LLP  NO. 9425  P. 12/17

Case MDL No. 875   Document 4966   Filed 02/20/07   Page 2 of 7

Case 2:06-cv-10929-LMA-DEK   Document 23   Filed 01/29/2007   Page 2 of 7

state court were scheduled for December 15, 2006.[5] However, at the proverbial "eleventh hour," on November 21, 2006, Eagle, Inc. ("Eagle"), a defendant in the lawsuit, filed a third-party demand against American Motorists, an insurer of Delta, alleging that American Motorists is liable for Delta's failure to warn and provide a safe work environment for Mr. Hampton.[6] Soon thereafter, on December 14, 2006, American Motorists removed the lawsuit to this Court based on Eagle's third-party demand and pursuant to the federal officer removal statute, 28 U.S.C. § 1442.[7] Plaintiffs filed their motion to remand on December 28, 2006.[8]

## LAW AND ANALYSIS

### I. Standard of Law

The defendant has the burden to establish the existence of federal jurisdiction. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Here, defendant asserts that removal is proper pursuant to 28 U.S.C. § 1442. Section 1442 provides that a civil action commenced in a state court against any agency or officer of the United States or any person acting under that officer may be removed to federal court. 28 U.S.C. § 1442.

---

[5] Rec. Doc. No. 9-2, p. 7.

[6] Rec. Doc. No. 1-2, p. 8. Eagle states that it brings its third-party demand "only to the extent that it is determined to be liable to the plaintiffs on the main demand." Rec. Doc. No. 1-2, p. 7 ¶6.

[7] Rec. Doc. No. 1-1.

[8] Rec. Doc. No. 9.

In general, a federal law defense to a state law claim is insufficient to confer subject matter jurisdiction for purposes of removal. *Mouton v. Flexitallic, Inc.*, No. 99-162, 1999 U.S. Dist. LEXIS 5632, at *14 (E.D. La. Apr. 14, 1999) (Porteous, J.). However, Section 1442(a)(1) provides an exception when the defendant can meet a three-prong test developed from *Mesa v. California*, 489 U.S. 121, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989): 1) the defendant is "a person;" 2) the defendant acted under the direction of a federal officer; and 3) the defendant raises a colorable federal defense. *Id.* There is no dispute as to satisfaction of the first prong in this case, as corporations are considered "persons" for purposes of removal under Section 1442. *Winters*, 149 F.3d 387 at 398.

To satisfy the second prong, defendant must have acted pursuant to a federal officer's directions and a causal nexus must exist between the defendants' actions under color of federal office and the plaintiff's claims. *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431, 119 S. Ct. 2069, 2075, 144 L. Ed. 2d 408 (1999); *Winters*, 149 F.3d at 398. "That nexus is established by the federal officer's direct and detailed control over the defendant. If a corporation only establishes that the acts occurred under the general auspices of federal direction, however, then it is not entitled to § 1442(a)(1) removal." *Green v. Aetna U.S. Healthcare, Inc.*, No. 00-1292, 2000 WL 1229226, at *1 (N.D. Cal. Aug. 18,

-3-

02/17/2007 10:54  2157353888  PAUL REICH&MYERS PC  PAGE 06/09
FEB. 14. 2007  4:59PM  PLAUCHE_MASELLI_PARKERSON_LLP  NO. 9425  P. 14/17

Case MDL No. 875   Document 4966   Filed 02/20/07   Page 4 of 7

Case 2:06-cv-10929-LMA-DEK   Document 23   Filed 01/29/2007   Page 4 of 7

2000)(internal citations omitted).

To satisfy the third prong, the defendant "need not prove the asserted defense, but need only articulate its 'colorable' applicability to the plaintiff's claims. *Winters*, 149 F.3d at 400.

II. Discussion

Considering the second prong, the situation here is similar to that in *Mouton v. Flexitallic, Inc.* In *Mouton*, plaintiffs sued in state court because of asbestos exposure, and Avondale shipyards removed under Section 1442. 1999 U.S. Dist. LEXIS 5632, at *12-13. The plaintiffs specifically sued Avondale and its executive officers for failure to warn about the dangers of asbestos and failure to provide a safe work environment. The defendants asserted that they were acting under the authority of various entities of the United States, including the Navy and the Federal Maritime Commission. *Id.* at *13.

The *Mouton* defendants asserted there was sufficient federal control to satisfy the nexus requirement, relying on "numerous exhibits consisting of contract specifications, material specifications, and inspection procedures" and "affidavits of Avondale employees testifying that regulations regarding the handling of asbestos were enforced by safety inspections from the Navy and the Department of Labor." *Id.* at *17. The plaintiffs countered that they were asserting strict premises liability and

-4-

02/17/2007  10:54   2157353888       PAUL REICH&MYERS PC         PAGE  07/09
Case MDL No. 875   Document 4966   Filed 02/20/07   Page 5 of 7
FEB. 14. 2007  4:59PM    PLAUCHE_MASELLI_PARKERSON_LLP            NO. 9425   P. 15/17

Case 2:06-cv-10929-LMA-DEK   Document 23   Filed 01/29/2007   Page 5 of 7

negligence, not product liability or defective design; therefore, the causal nexus could only be established if the government directed Avondale's activities regarding asbestos warnings and safety procedures. *Id.*

The Court in *Mouton* sided with plaintiffs, finding that the government did not bar Avondale from issuing safety warnings or adopting more stringent safety requirements for the use of asbestos. Therefore, *Mouton* found no causal connection between the government's direction and plaintiffs' claims. *Id.* at *19.

In this case, as in *Mouton*, the shipyard is accused of failure to warn about the dangers of asbestos and failure to provide a safe work environment.[9] As in that case, defendant here has produced voluminous exhibits that establish how Delta was directed by the United States Maritime Commission to build "Liberty" ships for use during WWII and to use asbestos products in their production.[10]

However, on the specific issue of warnings and safety procedures, defendant has not identified any evidence that Delta was barred from instituting enhanced safety and warning procedures regarding asbestos. Indeed, as plaintiffs argue, the U.S. Maritime Commission's own guidelines, entitled "Minimum Requirements for

---

[9] The Court notes that third-party plaintiff Eagle has styled the allegations against the shipyard in specific detail, such as failure to provide "adequate changing rooms and/or showers at the work place." Rec. Doc. No. 1-2, p. 8. Nevertheless, at their core, the Court finds that these allegations translate into two claims: failure to warn and failure to provide a safe work environment.

[10] *See* Exhibits *in globo* to Rec. Doc. No. 18.

-5-

02/17/2007 10:54 2157353888 PAUL REICHMYERS PC PAGE 08/09
FEB. 14. 2007 4:59PM PLAUCHE_MASELLI_PARKERSON_LLP NO. 9425 P. 16/17

Case MDL No. 875 Document 4966 Filed 02/20/07 Page 6 of 7

Case 2:06-cv-10929-LMA-DEK Document 23 Filed 01/29/2007 Page 6 of 7

Safety and Industrial Health in Contract Shipyards," specifically state that its safety requirements are "only minimum requirements" and that substandard safety conditions must "be brought to the required standard or better."[11] Therefore, as in *Mouton*, the Court finds that defendant has failed to establish a causal nexus between the government's direction pursuant to the ship construction contracts and plaintiff's claims. See *Mouton*, 1999 U.S. Dist. LEXIS 5632, at *20. As a result, this matter was improperly removed pursuant to Section 1442 and remand is required.[12]

III. **Request for Attorneys' Fees, Costs, and Sanctions**

In plaintiffs' motion in support of their motion to remand, plaintiffs request attorneys' fees, costs, and sanctions for

---

[11] Rec. Doc. No. 9-5, p. 5 (emphasis added).

[12] The Court notes that defendant cites nonbinding case precedent that could result in a different holding on these facts. In particular, defendant emphasizes *Lalonde v. Delta Field Erection*, a case decided by Magistrate Judge Dalby of the Middle District of Louisiana. No. 96-3244, 1998 WL 34301466 (M.D. La. Aug. 6, 1998). In *Lalonde*, Judge Dalby concluded that, so long as the defendant was engaged in the performance of federal duties when the alleged negligent actions or omissions occurred, a casual nexus exists. Id. at *6. However, *Lalonde* was decided prior to the Fifth Circuit's decision in *Winters*, a failure to warn case upholding Section 1442 removal, which noted that the defendant there was specifically barred by the government from placing warning labels on its product. *Winters*, 149 F.3d at 399. The Court in *Mouton* rejected *Lalonde's* interpretation, *Mouton*, 1999 U.S. Dist. LEXIS 5632, at *19, and numerous other cases in the Eastern District have continued to follow the *Mouton* approach rather than *Lalonde*. See, e.g., *Savoie v. Northop Grumman Ship Sys., Inc.*, No. 05-2086, slip op. at 4 (E.D. La. July 13, 2005) (Duval, J.) and cases cited therein.

The Court likewise is unpersuaded by the other cases to which defendant cites, including *McFarlain v. Northrop Grumman Systems Corp.*, where the plaintiff alleged that Avondale was strictly liable for its "guards of the asbestos" which caused plaintiff's injuries. No. 05-1406, slip op. at 2 (M.D. La. Feb. 6, 2006). That sweeping allegation is distinguishable from the specific claims in this case.

As defendant has failed to satisfy the causal nexus prong, the Court need not reach the issue of whether defendant has raised a colorable federal defense.

-6-

02/17/2007 10:54 2157353888 PAUL_REICH&MYERS_PC PAGE 09/09
FEB. 14. 2007 4:59PM PLAUCHE_MASELLI_PARKERSON_LLP NO. 9425 P. 17/17

Case MDL No. 875   Document 4966   Filed 02/20/07   Page 7 of 7

Case 2:06-cv-10929-LMA-DEK   Document 23   Filed 01/29/2007   Page 7 of 7

defendant's improper removal.[13] The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, ---U.S. ----, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiffs' request for attorneys' fees, costs, and sanctions.

Accordingly,

IT IS ORDERED that the motion to remand filed on behalf of plaintiffs[14] is GRANTED and the case is REMANDED to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, January 26th, 2007.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[13] Rec. Doc. No. 9-2, p. 7.

[14] Rec. Doc. No. 9.