**MDL 875**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | * | |
| | * | MDL Docket No.: MDL-875 |
| *    *    *    *    *    * | * | *    *    *    *    *    * |
| Joyce Liming, Personal Representative Of the Estate of Kenneth Liming | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| ACandS, Inc. et. al | * | Civil Action No.: 1:06-3280-JFM (Judge J. Frederick Motz) |
| | * | |
| Defendants | * | |
| *    *    *    *    * | * | *    *    *    * |

PLEADING NO. 4969

2007 FEB 20 P 23

RECEIVED CLERK'S OFFICE

## RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Pursuant to Rule 7.2(c) , of the Rules of Procedure for the Judicial Panel on Multi-District Litigation, ("JPML") Defendant, Hampshire Industries, Inc., files this Response and Opposition to Plaintiffs' Motion to Vacate the Conditional Transfer Order issued by the JPML for transfer of this matter to United States District Court for the Eastern District of Pennsylvania wherein numerous pending asbestos products claims are consolidated and coordinated under MDL Docket, MDL 875.

### INTRODUCTION

Defendant removed this case pursuant to a Notice of Removal filed on December 1, 2006 in the U.S. District Court for the District of Maryland, Northern Division based upon the original jurisdiction conferred on the Court by 28 U.S.C. §1331, which grants "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, to the United States District

**OFFICIAL FILE COPY**

Courts". In the instant case, the constitutional grant of authority is Art. I. §8, cl. 17, which grants to

Congress the power:

> "To exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings;"

Furthermore, this case presents similar questions of fact to the numerous Federal actions

currently assigned to the U.S. District Court for Eastern District of Pennsylvania as outlined by this

panel. See, In Re: Asbestos products liability litigation (No. VI) 771 F. Supp. 415 (JPML 1991).

## ARGUMENT

### This Proceeding is the Proper Subject of Multi-District Litigation

Plaintiffs admit in their Motion that the claims presented in this matter involve issues and facts

similar to those presented in MDL 875 in the Eastern District of Pennsylvania. (See, Plaintiffs Motion

to Vacate, at p. 2). Yet, Plaintiffs argue that any such common issues have been resolved in this matter

through prior rulings at the State Court level and that therefore it is improper for this matter to be

transferred to MDL 875. Plaintiffs argue without basis that by transferring this federal question matter

to MDL 875, which was specifically set up to handle asbestos cases in the federal court, Plaintiffs will

be denied a proper trial.

Plaintiffs' bald statement that common issues of fact in this case have been resolved in Maryland

State Courts is utterly unsupported by either factual evidence or legal premise. The bald claim that the

only pre-trial proceedings that would be required if this matter were pending in State Court is Plaintiff-

specific discovery and that such discovery is beyond the common issues and pre-trial proceedings

contemplated by the Multi-District Litigation proceedings here at issue is likewise not supported by the facts or the law.

Other than citing to Maryland consolidated actions from 1995 and 1998 later in their brief, Plaintiffs have provided no information to support their claim that any common issues or other pre-trial proceedings are resolved in this case. Plaintiffs make a general statement that the findings of the prior Maryland cases they cite have been applied to subsequent Maryland asbestos actions under the Doctrine of Collateral Estoppel. But, nowhere in their Motion do Plaintiffs cite to any application of Collateral Estoppel in any pending or recent trial in the Baltimore City Circuit Courts. In fact the Doctrine of Collateral Estoppel has specifically NOT been applied to any of the cases that have gone forward in Maryland state courts, such matters proceeding to trial on all issues.

Notwithstanding Plaintiffs' claims that only Plaintiff-specific discovery is required in this case (and defendant suggests that even if this were true, this matter would still properly be the subject of transfer to the MDL to conduct any necessary pre-trial proceedings) the scope of pre-trial proceedings in this matter include but are not limited to: filing witness lists, propounding written discovery, depositions of fact and expert witnesses, discovery motions, expert reports, and dispositive motions. In fact, Plaintiffs respond to general liability interrogatories in each case that is scheduled for trial in Maryland; an example of such interrogatories and responses is attached as Exhibit A. Further, Defendant asserts that it regularly responds to discovery from the Angelos and other Plaintiffs' firms addressing issues of company responsibility and directed to such claims as negligence and strict liability. (See, Exhibit B examples of discovery recently served upon and responded to by this Defendant.) To suggest that these issues are somehow resolved is to ignore the current reality of how these cases are handled. Even the scheduling orders currently entered in these cases indicate that these are all-issues

proceedings.  It is just these pre-trial proceedings that are the proper subject of the MDL's consolidated forum.

While Plaintiffs have filed a Motion to Remand this matter this matter is properly in Federal Court.  Plaintiff suggests that the initial complaint and pleadings contained sufficient information regarding exposures at the Federal Enclaves in question to trigger removal.  This Defendant has filed an opposition to the Motion to Remand which in incorporates herein and that is attached to this Opposition as Exhibit C.  It should however, be noted that Plaintiff purports to quote from an amended complaint they assert was filed in this case on October 1, 1999.  (See, Motion to Vacate, at page 2).   However, a review of the quote Plaintiffs' rely on refers to work on "Coast Guard ships," and is obviously a quote from an entirely different case.  This Defendant's review of the record has produced no indication that an amended complaint was ever filed in the Liming case.[1]

Being properly in Federal Court, and having admitted common issues with those cases currently pending in the MDL, Plaintiffs' effort to thwart transfer of this matter is based on the assumption that common issues are in fact decided and only plaintiff-specific discovery is necessary.  However, as noted above, there is no basis provided for either of these propositions.  Furthermore, Plaintiffs' stated reasons for vacating the transfer of this matter to MDL 875: 1.) grossly underestimates the level of discovery this case will require;  2.) ignores the very reasoning behind the MDL (to conduct pre-trial proceedings in a centralized location); 3.) ignores the burden on the U.S. District Courts of pre-trial proceedings in asbestos cases tying up judicial resources when an adequate federal forum exists for conducting pre-trial

---

[1] This Defendant believes that the quote relied upon by Plaintiff is from a complaint filed on behalf of another Plaintiff named Thomas Rowe - an entirely different matter.  That Plaintiff Rowe may have alleged exposure in his Complaint to ships at the Coast Guard yard obviously has no significance whatsoever to the Liming case.

proceedings; and, finally, 4.) ignores the ongoing crush of asbestos litigation which has prompted the Federal Government to propose taking these cases out of the tort system altogether.

The MDL remains the proper forum in which pre-trial discovery should be conducted for Federal asbestos cases. Only after pre-trial proceedings is the case to be sent back to the District Court for trial. Plaintiffs have set forth no reason based in either fact or law to prevent this case from being transferred to the MDL for pre-trial proceedings.

## CONCLUSION

Notwithstanding, Plaintiffs' assertions to the contrary, this matter is properly removed to the federal court and properly subject to transfer to MDL 875 for pre-trial proceedings including discovery and resolution of those issues common to numerous cases similarly situated in MDL 875.

Given its common issues of fact with the numerous cases currently pending in the MDL, there is no basis on which to vacate the Conditional Transfer Order of this Court pertaining to this matter and this case should be promptly transferred to the Eastern District of Pennsylvania for inclusion in MDL 875.

Respectfully submitted,

David W. Allen (Fed. Bar No. 00208)
Michael A. Pichini (Fed. Bar No. 26342)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 Fax

Attorneys for Defendant,
*Hampshire Industries, Inc.*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 1 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 20th day of February, 2007, I caused a copy of Defendant Hampshire Industries, Inc.'s Response and Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order was served via U.S. Mail, postage prepaid on all counsel listed on the attached Panel Service List.

_____
Michael A. Pichini

829742v.1

RECEIVED
CLERK'S OFFICE
2007 FEB 20 P 3: 23
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# PANEL SERVICE LIST

Geoffrey S. Gavett, Esquire
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

John J. Repscheck, Redquire
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street

Thomas P. Bernier, Esquire
Segal, McCambridge, Singer & Mahoney, Ltd.
One North Charles Street, Suite 2500
Baltimore, Maryland 21201

Susan M. Hansen, Esquire
Brownsoin & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Deborah L. Robinson, Esquire
Robinson & Woolson, P.A.
217 E. Redwood St., Suite 1500
Baltimore, MD 21202

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OIH 04114

M. King Hill, III, Esquire
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

Adam M. Chud, Esquire
Goodwin Procter, LLP
901 New York Ave., N.W.
Washington, D.C. 20001

John D. Roven, Esquire
Raven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster, Esquire
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David C. Landin, Esquire
Hunton & Williams, LLP
Riverfrotn Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Neil Selman, Esquire
Selman, Breitman & Burgess
121766 Wilkshire Blvd., 6th Floor
Los Angeles, CA 90025

Gene Locks, Esquire
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

Andrew J. Trevelise, Esquire
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli, LLP
Court Square West, 15th Floor
Philadelphia, PA 19102

Steven Andrew Luxton, Esquire
Edwards, Burns & Krider, LLP
201 N. Charles St., Suite 1402
Baltimore, MD 21201

David A. Damico, Esquire
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Ronald L. Motley, Esquire
Motley Rice, LL
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Robert E. Dwickle, Esquire
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Raymond P. Forceno, Esquire
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman, Esquire
Godfein & Hosmer
1600 Market St., 33rd Floor
Philadelpha, PA 19103

Michelle Noorani, Esquire
Miles & Stockbridge, PC
10 Light Street
Baltimoe, MD 21202

Keith R. Truffer, Esquire
Royston, Mueller, McLean & Reid
102 W. Pennsyslvania Ave., Suite 600
Towson, MD 21204

Margaret F. Ward, Esquire
Moore & Jackson, LLC
305 Washingtoin Ave., Suite 401
Baltimore, MD 21204

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

John J. Nagle, III, Esquire
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 1 2007

FILED
CLERK'S OFFICE

# EXHIBIT A

RECEIVED
CLERK'S OFFICE
2007 FEB 20  P 3: 23

| | | |
|---|---|---|
| IN RE: PERSONAL INJURY | * | IN THE CIRCUIT COURT |
| AND WRONGFUL DEATH | | |
| ASBESTOS LITIGATION | * | FOR BALTIMORE CITY |

*******************

| | | |
|---|---|---|
| LACY E. BURNETTE, *et al.,* | * | CONSOLIDATED NO. 24X0500891 |
| Plaintiffs, | * | |
| VS. | * | APRIL 30, 2007 TRIAL GROUP |
| ACandS, INC., *et al.,* | * | ALL ISSUES - ALD CASES |
| Defendants. | * | JUDGE CAROL E. SMITH |

*******************

| | | |
|---|---|---|
| | * | |
| CASE AFFECTED: | | |
| GEORGE CRAWFORD | | CASE NO. 24X95202502 |
| as Personal Representative of the | * | |
| Estate of ALVIN CRAWFORD, SR. | | |

*******************

## PLAINTIFF'S ANSWERS TO DEFENDANTS' JOINT INTERROGATORIES

Comes now the above captioned Plaintiff, by the undersigned attorneys, and for Answers to Interrogatories propounded by the Defendants, states as follows:

## PRELIMINARY STATEMENT/GENERAL OBJECTION

Plaintiff generally objects to the subject discovery requests on the grounds that they are unduly burdensome, harassing, overly broad and vague. Plaintiff objects on the grounds that these requests assume the truth of facts not proven or facts not in evidence. Plaintiff objects on the grounds that the subject discovery requests seek information which is immaterial, not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects on the grounds that all or some of these discovery requests seek information or materials which have been gathered or prepared in the course of litigation or which are otherwise protected by the attorney/client privilege, the attorney work product doctrine or by other applicable privileges.

Nearly every interrogatory of Defendants designates extensive and overly broad periods of time or requests information without any limitation or specification of a particular period of time rendering such

interrogatory as overly broad, unduly burdensome, oppressive, harassing and annoying. Defendants' interrogatories are repetitive, redundant or overlapping as to subject matter and are therefore burdensome, oppressive, annoying and harassing. Defendants' interrogatories are vague, ambiguous, compound, complex and at times may be unintelligible.

Plaintiff objects to all or some of Defendants' interrogatories to the extent that they seek discovery of information which, pursuant to the Scheduling Orders issued in these consolidated cases has previously been provided to Defendants, is in the process of being provided or is to be provided on some future specified date.

Plaintiff objects to the instructions and definitions as supplied by Defendants with regard to these interrogatories since the definitions supplied by Defendants are overly broad, vague and often inconsistent with the normal usage of such words and the instructions are overly broad, burdensome and constitute an unreasonable expansion of the interrogatories themselves. As a result, Plaintiff is not bound by the instructions and/or definitions supplied by Defendants and shall respond to the interrogatories in a manner consistent with a normal understanding of the language and terms used and to the extent necessary to fairly and fully answer the interrogatories. In filing these Answers to Interrogatories, Plaintiff withdraws any and all previously provided answers which are in any manner inconsistent with the information provided herein.

The information supplied in these Answers may not be based solely on the knowledge of the Plaintiff, but may include the knowledge of the Plaintiff, Plaintiff's agents, representatives and attorneys, unless privileged. The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and does not necessarily purport to be the precise language of the Plaintiff.

Each answer is derived from a review of documents and other evidence generated through discovery in this and other litigation. The Plaintiff may not have direct first-hand knowledge of all the facts set forth in these Answers, but is informed that the numerous sources, persons and documents relied upon and/or referred to herein do support the information provided as of the date of signature. Plaintiff

2

continues to investigate issues relevant to this lawsuit and specifically reserve the right to amend and/or

supplement these Answers pursuant to continued discovery and to introduce additional evidence at trial

which is obtained during the course of Plaintiff's further investigation.

Plaintiff adopts and incorporates this Preliminary Statement/General Objection into each answer,

as if the same were fully reprinted.  Without waiving these objections, but in reliance thereon, Plaintiff

states the following:

<u>INTERROGATORIES AND ANSWERS</u>
<u>PART ONE - DAMAGES</u>

1.      State the following:

(a)     All names by which you have been known;
(b)     Your date and place of birth;
(c)     If deceased, date of death, place and location of death and cause of death.
(d)     The date and place of each marriage and the name of each spouse.
(e)     Social Security number.

**ANSWER:**

(a)     Alvin Joseph Crawford, Sr.
(b)     10/16/18; Maryland
(c)     11/16/95; Saint Joseph Medical Center, Towson, Maryland; Septicemia as a
        consequence of pneumonia and asbestosis, Coronary artery disease, COPD.
(d)     Charlotte Crawford
(e)     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

2.      State the address of each place of residence that you have occupied from age16 to
        date.

**ANSWER:**

4357 Shamrock Avenue
Baltimore, Maryland 21206

500 Virginia Avenue Apt. 1501
Baltimore, MD 21286

5507 Sefton Avenue
Baltimore, MD 21214

3

3.    State the names, ages, and present address of any children, identifying of which
          marriage if
by different marriages.

**ANSWER:**

Laurie Shipman
5500 Plymouth Road
Baltimore, MD 21214

Wayne T. Crawford
72 Jumpers Circle
White Marsh, MD 21236

George Crawford
5507 Sefton Avenue
Baltimore, MD 21214
55 Years Old

4.    Identify all persons presently dependent upon you, or concerning whom you intend to
          make
any claim in this lawsuit as to dependency, setting forth the inclusive dates of such dependency and
the nature of such dependency, i.e., dependent, meaning financial support and maintenance or
otherwise.  As to each dependent, set forth whether totally or partially dependent and extent of any
partial dependency.

**ANSWER:**

None.

5.    Set forth completely your education, including public and private schooling and/or
          specialized
training for any trade or profession, stating the dates of attendance and grade or proficiency level
attained.

**ANSWER:**

Mr. Crawford completed the 8th grade.

6.    Have you ever been a member of the armed forces of the United States?  If so, state the
following:

(a)    The branch of the service, serial number, and the highest rank held.

4

(b)     The beginning and ending dates of your military service.
(c)     The type of discharge that you received.
(d)     Whether you were given a physical examination which included x-rays prior to the time you entered the service.
(e)     Whether you received any injury while in the military service.
(f)     Whether you sustained or incurred any illness while in the military service.
(g)     Whether you were given a physical examination which included x-rays upon leaving the service.
(h)     Whether you claim disability for any injury or physical condition arising out of your military service, and if so, the details thereof, including the date on which the claim was made, the nature of claim, the claimed disability, and the disability rating if any was given you, and the compensation for such disability.

**ANSWER:**     Yes

(a)     Plaintiff does not know.
(b)     Plaintiff does not know.
(c)     Plaintiff does not know.
(d)     Plaintiff does not know.
(e)     Plaintiff does not know.
(f)     Plaintiff does not know.
(g)     Plaintiff does not know.
(h)     Plaintiff does not know.

7.     Have you ever been convicted of any crime other than minor traffic violations?  If so, for each conviction, state fully and in detail the date, place, docket number and crime of which convicted.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome, unlimited in time, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff states no.

8.     State the periods during which you were exposed to asbestos fibers.

**ANSWER:**

Plaintiff was potentially exposed to the asbestos products of the Defendants during the time

5

from 1950-

1967.

9.    State the names and address of each employer for whom you have worked to date,
      stating as
to each employer:
   (a)    The beginning and ending dates of employment;
   (b)    The nature of the business of the employer;
   (c)    The position held;
   (d)    All occupational or incidental exposures to chemicals and/or dust, listing the types of
          chemical or dust involved and describing the process or dust involved and describing
          the process or dust involved.

**ANSWER:**

See Answer to Interrogatory No. 91.

10.    State whether you have in your possession any pieces or examples of any of the
       asbestos-
containing products to which you allege exposure, work histories or diaries, product photos, job lists,
newspaper articles regarding work sites or asbestos, sales literature or other writings concerning the
sale or use of asbestos-containing products.  If so, identify each such item.

**ANSWER:**

Plaintiff has no such materials in his possession. His attorneys may have such materials.
Plaintiff has

retained medical science experts who have tested various asbestos-containing products of various
defendants.

11.    Set forth each time period during which you were working in the insulation trade (or a
       related
trade) as:

   (a)    An apprentice;
   (b)    A journeyman or its equivalent.

**ANSWER:**

Not applicable.

6

12.     Please identify all employers in whose employ you have come into contact with chromium, cadmium, coal, sheet-silicate diatomaceous earth, brucite, fibrous glass, aluminum silicates, carborundum, lamp black, or fiberglass, or materials, alloys or pigments containing those substances. Include in your answer for each such employer:

    (a)     Name and address;
    (b)     Job title and work description;
    (c)     type and identity of each such substance with which you had contact;
    (d)     Whether the employer provided safety equipment of a type to reduce or prevent exposure to such substances; and
    (e)     Whether company-sponsored physical examinations were required or made available.

**ANSWER:**

Not applicable.

13.     Did any employer in whose employ you were exposed to asbestos ever sponsor, require, or make available physical examinations?  If your answer is "yes", state:

    (a)     Whether the examinations were required or optional;
    (b)     The name of the employer who required the physical examination;
    (c)     The frequency with which examinations were available;
    (d)     The frequency--including specific dates and times--with which you submitted to such examinations;
    (e)     If you failed to submit to any examination at any time, your detailed reasons for failing to submit;
    (f)     The nature and extent of the examinations;
    (g)     Whether x-rays were taken each time;
    (h)     The names and addresses of examining physician, nurse, or technician;
    (i)     The result of each exam.

**ANSWER:**

Plaintiff does not know.

14.     Apart from, or in addition to, any examinations identified in answer to Interrogatory No. 13, did you take any annual physical examinations?  If your answer is "yes", state:

    (a)     The date of each examination;
    (b)     The name and address of the physician under whose supervision the examinations were

given;
(c)    The nature and extent of the examination;
(d)    Whether x-rays were taken;
(e)    The results of each examination.

**ANSWER:**

Plaintiff does not know.

15.    For each examination identified in answers to Interrogatories 13 and 14 state:

(a)    Whether reports of the results were made to you;
(b)    For each report made, whether the report was written or oral;
(c)    The precise time when each report was made to you;
(d)    For each written report, the location of the original and/or copy of the report.

**ANSWER:**

See Answer to Interrogatory No. 14.

16.    Have you ever been discharged or voluntarily left a position or changed residence due to
health reasons?  If so, please state in detail the times, places and circumstances.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

17.    Has any health care professional at any time told you of any type of employment in which you
should or should not engage?  If so, please identify each such person, and in addition, state the
following as to each such person:

(a)    The types of employment in which, in that person's opinion, you will and will not be able to engage;
(b)    The factors taken into consideration in arriving at such opinion;
(c)    The date of the opinion;
(d)    The time and place of each consultation with such person;
(e)    Identity of each person present at each such consultation, other than yourself;
(f)    Whether any written reports were received by you subsequent to the consultations; and
(g)    Identify all documents relations to the opinion.

**ANSWER:**

8

To the best of Plaintiff's knowledge, no.

18.     After being informed that you were suffering from asbestosis, pulmonary disease or any alleged asbestos-related illness, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos or asbestos-containing materials?  If your answer is in the affirmative, please state:

    (a)     The nature and description of such activity or occupation;
    (b)     Identify your employer(s) at the time of and subsequent to the diagnosis of any of the ailments referred to in the above Interrogatory.  Please include in your answer:
        (1)     Your job title and description of work activities and duties;
        (2)     Manner and extent of resulting exposure to asbestos or asbestos-containing materials.

**ANSWER:**

No.

19.     Have you ever been hospitalized, operated upon, or confined to an institution, including any nursing home, extended care facility, etc.?  If so, please state.

    (a)     The names and addresses of all such hospitals, institutions or facilities.
    (b)     The beginning and ending dates of each such period of care.
    (c)     The nature of the illness, injury or complaint for which you were treated.
    (d)     The names and addresses of all persons who treated or examined you.
    (e)     The nature and extent of any permanent disabilities or residual effects from such condition of which you were treated.

**ANSWER:**

See medical records of Plaintiff made available to Defendants. Plaintiff has provided, with these

Answers, executed Medical Authorization Forms permitting the release of medical records to Defendants at

their request.

20.     Have you ever been an outpatient of any hospital, clinic, nursing home, extended care or other medical facility?

9

If so, state:
    (a)    The names and addresses of all such hospitals, institutions or facilities.
    (b)    The beginning and ending dates of each such period of care.
    (c)    The nature of the illness, injury or complaint for which you were treated.
    (d)    The names and addresses of all persons who treated or examined you.
    (e)    The nature and extent of any permanent disabilities or residual effects from such condition for which you were treated.

**ANSWER:**

See Answer to Interrogatory No. 19.

21.    With respect to each physician or medical practitioner who has treated or examined you from your birth to date, state the following:

    (a)    The name and address of each such physician or practitioner;
    (b)    The date of each treatment or examination;
    (c)    The complaint which caused you to see the particular physician or practitioner on each occasion;
    (d)    The nature and extent of each treatment or examination.

**ANSWER:**

See Answers to Interrogatory Nos. 19-20.

22.    For each examination or treatment identified in answer to Interrogatory No. 21 involving personal injury or illness, state:

    (a)    The date, place and circumstances surrounding each such injury or illness and the names of persons involved in any accidents which caused any injury;
    (b)    The nature and extent of each injury or illness, including any ill effects or disabilities remaining at the time of answering these interrogatories.

**ANSWER:**

See Answers to Interrogatory Nos. 19, 20 & 21. Defendants have been provided with medical authorizations and may obtain the requested information pursuant thereto.

23.    If you have ever been confined to bed or home as a result of any injury, illness or emotional

10

or psychological illness or distress, state in detail:

(a)   The dates during which you were confined to your home or bed.
(b)   The address at which such confinement took place.
(c)   Identity of those persons who have had knowledge of such confinement.
(d)   Identity of those persons who cared for you during such confinement.
(e)   The reason for said confinement.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and

unlimited as to time. Without waiving these objections, Plaintiff refers Defendants to Answer to Interrogatory

No. 19.

24.   State the dates, place and circumstances and results, including any interpretive or diagnostic
conclusions or possibilities of each and every x-ray or radiological examination of your body during your lifetime.   Include in your answer for each such examination:

(a)   The identity of each prescribing physician for each examination.
(b)   The identity of the examining physician for each examination.
(c)   Identification of the medical institution for each examination.
(d)   The number of x-rays taken.
(e)   The identification of the custodian of each such x-ray.
(f)   The specific areas of your body of which the x-ray examination was made.
(g)   The interpretive or diagnostic results, conclusions or possibilities derived from each such examination.  State the date, time, place, source and nature of each such result, conclusion or possibility at the time same was made known to you or anyone related to you or acting in your behalf.
(h)   Any treatment, recommendation,, or prescribed therapy resulting from such examinations, including:
   1.   Purpose and objective of same.
   2.   Success or failure of same.
   3.   Date, time and duration of each such course of treatment or therapy.
   4.   Name of medication and the prescribed dosage.
   5.   Accomplishments or degree of success of such treatment, therapy or combination thereof.
   6.   Whether you cooperated completely, or in part, or ignored any such treatment, recommendation, prescription or course of treatment or therapy and the reasons

11

for any such behavior of your part, other than complete cooperation.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and

unlimited as to time. Without waiving these objections, Plaintiff refers Defendants to Answers to Interrogatory

Nos. 19, 20 & 21.

25.   State the dates, places and circumstances of each and every cardiological examination or

examination related to the circulatory system in any fashion, conducted upon you during your lifetime. For each and every examination:

(a)   Identify each prescribing physician.
(b)   Identify each examining physician.
(c)   Identify each medical institution in which such examination was conducted.
(d)   Identify the custodian of any results of any such examination.
(e)   Set forth the interpretive or diagnostic results, conclusions or possibilities derived from each such examination. Include in your answer the date, time, place, source and nature of each such result, conclusion or possibility at the time that the same was made known to you or anyone related to you or acting in your behalf.
(f)   Describe any treatment, recommendation or prescribed therapy resulting from such examination, including:
    1.   Purpose or objective of same.
    2.   Success or failure of same.
    3.   Date, time and duration of same.
    4.   Name and dosage of prescribed medications.
    5.   Accomplishments or degree of success of such treatment, therapy or combination thereof.
    6.   Whether you cooperated completely, or in part, or ignored any such treatment, recommendation, prescription or course of treatment or therapy and the reasons for any such behavior on your part, other than complete cooperation.

**ANSWER:**

See Answers to Interrogatory Nos. 13, 14, 19, 20, 21, and 24.

26.   State the dates, places and circumstances of each and every pulmonary or respiratory system

related examination conducted upon you during your lifetime.  For each examination:

  (a)    Identify each prescribing physician.
  (b)    Identify each examining physician.
  (c)    Identify each medical institution in which such examination was conducted.
  (d)    Identify the custodian of any results of any such examination.
  (e)    Set forth the interpretive or diagnostic results, conclusions, or possibilities derived from each such examination.  Include in your answer the date, time, place, source and nature of each such result, conclusion, or possibility, at the time that the same was made known to you or anyone related to you or acting in your behalf.
  (f)    Describe any treatment, recommendation or prescribed therapy resulting from such examination including:
      1.    Purpose or objective of same.
      2.    Success or failure of same.
      3.    Date, time and duration of same.
      4.    Name and dosage of prescribed medications.
      5.    Accomplishments or degree of success of such treatment, therapy or combination thereof.
      6.    Whether you cooperated completely, or in part, or ignored any such treatment, recommendation, prescription or course of treatment or therapy, and the reasons of any such behavior on your part, other than complete cooperation.

**ANSWER:**
See Answers to Interrogatory Nos. 13, 14, 19, 20, 21, 24 and 25.

  27.    In addition to any medical records identified above, do you have knowledge or possession of
any medical reports from persons, hospitals, doctors, or medical practitioners or institutions that have ever treated or examined you at any time?  If so,

  (a)    Identify same;
  (b)    Identify by name and address the custodian of any documents not in your possession.

**ANSWER:**

  No.

  28.    Identify by name and address each and every physician or medical facility whom you consulted for any, a combination of, or all the following complaints, together with the date of each such consultation:

  (a)    Shortness of breath;
  (b)    Crackling noises in the lungs;

13

(c)     Coughing;
(d)     Clubbing of the fingers;
(e)     Discoloration of the skin;
(f)     Bronchitis;
(g)     Chest Pain;
(h)     Abdominal swelling;
(i)     Weight loss;
(j)     Respiratory discomfort or pain;
(k)     Dizziness.

**ANSWER:**

Plaintiff adopts and incorporates by reference all medical Interrogatory Answers and any and all

symptoms identified in Plaintiff's medical records and expert reports. As a result of suffering from asbestosis,

Plaintiff's decedent suffered from shortness of breath, coughing, Bronchitis, respiratory discomfort and pain.

29.     With regard to any symptoms which you now contend are related to your asbestos exposure,

(a)     State the date, with as much specificity as possible, that you first noticed the symptoms;
(b)     State the date, with as much specificity as possible, that you first sought medical treatment for such symptoms;
(c)     State the date, with as much specificity as possible, that you first considered that the symptoms were caused by dust in the place of employment;
(d)     Identify by name and address the physician and/or medical practitioner or facility which furnished treatment for such symptoms;
(e)     Describe the treatment received from each physician, medical practitioner and facility.

**ANSWER:**

Plaintiff adopts and incorporates by reference all medical Interrogatory Answers and any and all

symptoms be identified in Plaintiff's medical records and expert reports.

30.     As a result of any illnesses or condition you allegedly sustained as a result of any exposure to
asbestos or asbestos-containing products, please state whether or not any prognosis of your medical condition has been made or whether any diagnosis of your medical condition has been made. If your

14

answer is in the affirmative, please state:

(a)   Each and every prognosis and diagnosis made;
(b)   The date of each such prognosis or diagnosis; and
(c)   Identify each person making such prognosis or diagnosis.

**ANSWER:**

Plaintiff's decedent suffered from asbestosis. For the details thereof, Plaintiff adopts and incorporates

all medical records and expert reports. See also Answer to Interrogatory No. 28.

31.   Have you ever at any time made a claim for or received any health or accident insurance
benefits, Workmen's Compensation payments, disability benefits, pensions, accident compensation
payments or veterans' disability compensation awards.  If so, state for each:

(a)   The circumstances under which you received the benefits, awards or payments.
(b)   The illness, injury or injuries for which you received the benefits, awards or payments.
(c)   The names and addresses of your employers at the time of each injury or illness for which such an award was received or claimed.
(d)   The names and addresses of the examining doctors for each injury or illness.
(e)   The names of the superiors, officers, boards or tribunals before which or to whom the claim or claims were made or filed, and the dates made or filed.
(f)   The amount of the benefits, awards or payments.
(g)   The dates covering the times during which you received the benefits, awards or payments.
(h)   The agencies or insurance companies from whom you received the awards, benefits, or payments.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

32.   Have you ever made claims for damages for any personal injury?  If so, state:

(a)   The persons against whom said claim was made.
(b)   The basis of such claim.
(c)   The nature and extent of the injuries claimed.
(d)   The present status of such claim; and if concluded, the final result, including the amount of settlement.

15

**ANSWER:**

To the best of Plaintiff's knowledge, no.

33.     Have you filed a suit or action for damages for any personal injury?  If so, state:

(a)     The names and addresses of all Plaintiffs, Defendants, other parties and their attorneys.
(b)     The Court and place where each suit was filed and the date of filing.
(c)     The nature and extent of the injuries claimed.
(d)     The present status of each suit; and if concluded, the final result, including the amount of any settlement or judgment.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

34.     Have you ever been a party to any other litigation?  If so, describe:

(a)     The nature of the suit.
(b)     The date, Court and place where the suit was filed.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

35.     Have you ever filed for bankruptcy (state or federal).  If the answer is yes, state all of the
particulars, including the date filed, court in which filed, case number and disposition.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

36.     Have you ever submitted a claim in any bankruptcy or reorganization proceeding (state or
federal) or have you given anyone authorization to file such a claim or to include you as a member of any class or group of persons making such claims?  If the answer is yes, state all particulars, including the date of filing or authorization, person or entity against whom claim is/was being made, court in which claim was made, case number, and name and address of counsel representing your interests.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is

16

irrelevant, not

reasonably calculated to lead to discovery of admissible evidence and which is confidential or protected by

the attorney-client privilege or other privileges which Plaintiff does not want to waive. Without waiving these
objections or privileges, Plaintiff has authorized his attorney's, the Law Offices of Peter G. Angelos, to file

such claims, if appropriate. See also Answer to Interrogatory No. 85.

37. Has any member of your family or other person with whom you have lived or resided ever
used or worked for or been associated with any person, enterprise or association who used in any manner any products containing asbestos or materials containing asbestos?  If so, please state:

 (a) The name and address of each person;
 (b) Your relationship to each person and the inclusive dates during which he or she lived or resided with you;
 (c) The nature of each person's use or work with materials or products containing asbestos; and
 (d) The name and address of employers or associates.

**ANSWER:**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome. Without waiving this

objection, Plaintiff states, no.

38. State whether or not each of your parents, siblings and children, including half brothers, half
sisters, adopted siblings, stepparents and adopted children, suffer from any respiratory impairment, illness or condition or suffer from any form of cancer.  If so, identify each such person, specifying:

 (a) The nature of that respiratory impairment, (e.g., bronchitis) or the nature and site of that cancer;
 (b) Whether that respiratory impairment or cancer is alleged to be occupationally related;
 (c) When that respiratory impairment or cancer first developed and/or was diagnosed;
 (d) Whether that respiratory impairment or cancer is totally or partially disabling; and
 (e) Whether that respiratory impairment or cancer is or has been treated by any physician, and if so, the name and address of all treating and/or diagnosing physicians.

**ANSWER:**

Plaintiff's family has a history of colon cancer, details unknown.

39.    Have any of the persons listed in response to Interrogatory No. 38 ever instituted any legal
proceedings against any person based upon any claim to cancer or respiratory impairment?  If your
answer is in the affirmative, identify each such person, specifying:

    (a)    The tribunal in which any such suit or claim was filed and/or Prosecuted;
    (b)    The date any such suit or claim was filed;
    (c)    The name of all attorneys representing each such person with respect to any such suit or claim.

**ANSWER:**

Plaintiff does not know.

40.    Have you had or do you now have any health accident, life or hospitalization insurance
policies (individual or group)?  If so, state the name, type of insurance, the address of the insurance
company, the dates of commencement and expiration of coverage, policy limits, and policy number.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant, overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

41.    State which policies, whether or not identified in answer to Interrogatory No. 40,
indemnify
you against the type of risk or claim upon which your complaint in this lawsuit is based.
    For each such policy not identified in Answer to Interrogatory No. 40 identify the same
and state in detail:

    (a)    The name and address of each insurance carrier and number of each insurance policy.
    (b)    The amount of the insurance coverage.
    (c)    The date of effective period of each policy.
    (d)    The name and address of the person or entity having possession of each insurance policy.
    (e)    Whether you are the named insured in each of the insurance policies.
    (f)    The nature and extent of the coverage under the policy or all provisions of such policy or policies.
    (g)    Whether you have made any claim under any such policy, and if so, the result thereof.
    (h)    Whether you intend to make any such claim under any such policy.

**ANSWER:**

Plaintiff objects to this Interrogatory as beyond the scope of discovery.

42.     Have you ever been refused insurance coverage for health, life, disability or accident (excluding auto liability) whether by way of denial of initial application, refusal to renew an existing policy or cancellation of an existing policy?  If your answer is in the affirmative, state the nature and date of the action taken by the insurer, the name and full address of the insurer, and the reason given for such action, if any.

**ANSWER:**

Plaintiff does not know.

43.     State whether or not you claim any permanent, total or partial disability to date or to date of
death, as the case may be.  If so, set forth the details thereof.

**ANSWER:**

Plaintiff adopts and incorporates Answers to Interrogatory Nos. 23, 28 and 46.

44.     State whether or not you claim any diminution in earning power.  If so, set forth the details
thereof.

**ANSWER:**

Not applicable.

45.     State in detail the time that you claim you missed from work as a result of the conditions
complained of herein.

**ANSWER:**

Not applicable.

46.     With respect to any and all special damages being claimed, set forth:
(a)     The hospital bills with dates and amounts thereof.
(b)     Medical bills with dates and amounts and names of persons rendering the same.
(c)     Nursing bills with dates and amounts and identity of persons rendering the same.

19

(d)   Loss of earnings, with identity of employers.

(e)   Any other special damages, specifying the type, amount claimed in this action, including any funeral expense where wrongful death is claimed.

(f)   Identify all documents related to your Answer to this Interrogatory.

**ANSWER:**

Plaintiff claims all medical bills related to Plaintiff's asbestosis. Plaintiff reserves the right to offer

expert medical testimony concerning the amount of all medical expenses whether or not medical bills are

available. Plaintiff will supplement this Answer upon receipt of additional information. See also Answer to

Interrogatory No. 44.

47.   State your average weekly or monthly earnings at the time of your last full time employment.

**ANSWER:**

Presently unknown.

48.   State fully and in detail your annual earnings for the past ten years, setting forth the names of

employers and amount if different employers were involved during this period of time.

(a)   Identify all W-2 forms and income tax returns filed by you or on your behalf during the past ten years to the present date.

(b)   For each year, give itemized sources of income, gross income, adjustments to gross income, and net taxable income.

**ANSWER:**

Plaintiff objects to this Interrogatory as being overly broad as to time frame and beyond the scope of

discovery; annual earnings, not limited to earned income are not discoverable. English vs. Dittfield (Baltimore

City C.J. Niles), Daily Record, May 14, 1957.

49.   Are you retired?  If so, state:

(a)   Your date of retirement;
(b)   Your reason for retirement and
(c)   The type of retirement.

**ANSWER:**   Yes

(a)   1978
(b)   Health reasons.
(c)   Normal.

50.   Do you smoke or use, or have you ever smoked or used, cigarettes, cigars, pipe or any other

tobacco products?

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is irrelevant,

immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving

the above objections, Plaintiff states that when legally bound to do so, the Defendants failed to warn Mr.

Crawford of their longstanding knowledge of the synergistic effect between smoking and asbestos exposure

and that the combination of smoking and asbestos exposure greatly increased his risk of contracting serious

and deadly disease. The Defendants failed to warn Mr. Crawford of their long time knowledge of that, when

compared to the general population, asbestos-exposed cigarette smokers face a dramatically higher risk of

contracting and dying from lung cancer. Mr. Crawford smoked from approximately 1934 to 1994. Mr.

Crawford smoked one pack of cigarettes per day. Mr. Crawford successfully stopped smoking in 1994.

21

51.     If your answer to the preceding Interrogatory is in the affirmative, state in detail:

(a)     The type of tobacco products which you smoke or have smoked, i.e., cigarettes, cigars, pipes, etc., stating whether you inhale or inhaled the smoke or not.

(b)     The daily frequency with which you smoke or have smoked the same, e.g., two packages of cigarettes daily, two pipes full of tobacco daily, three cigars a day, etc.

(c)     The dates and time periods during which you have smoked.

(d)     For any time period when you ceased smoking tobacco products after a period of having stopped smoking, your reasons for resuming.

(e)     For any time period when you commenced smoking tobacco products after a period of having stopped smoking, your reasons for resuming.

(f)     If you smoke or have smoked cigarettes, please state the average number of packs per day so consumed in each of the years that you have smoked.

(g)     Whether you were ever advised by any physician to stop smoking and if so, the date, name and address of each physician who gave you any such advice and whether you followed the advice.  If so, for what period of time did you follow said advice?

**ANSWER:**

See Answer to Interrogatory No. 50.

52.     Are you aware of the United States Surgeon General's warning(s) placed on all cigarette

packages and advertisements?  If so, when did you become so aware?

**ANSWER:**

Plaintiff incorporates by reference the objection in the Answer to Interrogatory No. 50. Without

waiving this objection, Plaintiff states, yes.

53.     Have you ever read warning(s) referred to in the preceding Interrogatory?

**ANSWER:**

See Answer to Interrogatory No. 50.

54.     Have you ever smoked cigarettes subsequent to being aware of or reading the warning(s)

referred to in the above Interrogatory?

**ANSWER:**

22

Plaintiff incorporates the objection in Answer to Interrogatory Nos. 50, 51, 52 and 53. Without

waiving this objection, Plaintiff states, no.

55.     Have you ever smoked tobacco products other than cigarettes subsequent to being
        aware of
or reading the warning(s) referred to in the above Interrogatory?

**ANSWER:**

Plaintiff incorporates the objection in Answer to Interrogatory Nos. 50, 51, 52, 53 and 54.

56.     Were you a member of any labor union at any time from 1940 to the present time?  If
        so, state
for each such union membership:

(a)     Identity of such union.
(b)     Dates and time periods during which you maintained membership in such union.
(c)     All offices you have held or committees on which you have served in both your local
        and international union, including dates and places of service.

**ANSWER:**

No.

57.     Whether you were a member of the International Association of Heat and Frost
        Insulators and
Asbestos Workers or not, did you receive the publication known as "The Asbestos Worker"?  State in
detail:
(a)     Manner of receipt, i.e., subscription, provided by union or employer, purchase, etc.
(b)     Frequency of receipt, i.e., regularly, occasionally, etc.
(c)     Identity of each and every person or entity which provided this publication to you.
(d)     Pertinent dates and time periods during which you received any issue of said
        publication.
(e)     Publication date, issue and volume number of each issue of said publication received
        by you in any fashion.
(f)     Whether you read such publication.

**ANSWER:**

Plaintiff does not know.

58.     If you were a member of a labor union, other than the International Association of Heat

23

and
Frost Insulators and Asbestos Workers, did you receive any newspapers, newsletters, or other publications from such union?

**ANSWER:**

Not applicable.

59.   If you answer to the preceding is in the affirmative, state:

(a)   Manner of receipt, i.e., subscription, provided by union or employer, purchase, etc.
(b)   Frequency of receipt, i.e., regularly, occasionally, etc.
(c)   Identity of each and every person or entity which provided this publication to you.
(d)   Pertinent dates and time periods during which you received any issue of said publication.
(e)   Publication date, issue and volume number of each issue of said publication received by you in any fashion.
(f)   Whether you read such publication.

**ANSWER:**

Not applicable.

60.   Have you ever been informed by any person in an official capacity in your local or international union of any possible hazards associated with exposure to asbestos products?

**ANSWER:**

Not applicable.

61.   If your answer to the preceding is in the affirmative, state:

(a)   The identity and official capacity of the individual or individuals who furnished you with such information.
(b)   The date and place such information was furnished.
(c)   The manner in which such information was communicated.
(d)   The nature of such information furnished.
(e)   What action, if any, you took in response to such information.

**ANSWER:**

Not applicable.

62.   Have you ever completed, in whole or in part, a questionnaire provided to you by any

labor

union, relating to the subjects of occupational health and exposure to asbestos?  If your answer is in the affirmative, please state as to each questionnaire:

     (a)    The date you received such questionnaire;
     (b)    The date you completed such questionnaire;
     (c)    The name of the union providing such questionnaire;
     (d)    The name and address of the individual, union or entity to whom the questionnaire was returnable;
     (e)    Whether or not you possess a copy of the questionnaire as completed by you;
     (f)    Name and address of each individual, union or entity possessing a copy of your completed questionnaire.

**ANSWER:**

Not applicable.

63.    Have you ever been requested by a labor union to complete a questionnaire related to the

subjects of occupational health and exposure to asbestos and failed to do so?  If your answer is in the affirmative, as to each such request, state:

     (a)    The date you were requested to complete such questionnaire.
     (b)    The name of the labor union making such request.

**ANSWER:**

Not applicable.

64.    Have you ever attended any international or local union meetings, seminars, conferences or

conventions where the subjects of occupational health and exposure to asbestos were discussed?  If you answer is in the affirmative, please state:

     (a)    The date and place of such meeting, seminar, conference or convention;
     (b)    The name and address of the speaker or discussion; and
     (c)    A summary of such speech, presentation or discussion.

**ANSWER:**

Not applicable.

65.    Did you at any time receive, have knowledge of, or possess any publication, warning, order,

directive, requirement, or advice, recommendation, written or oral, which purported:

(a)   Advise or warn you of the possible harmful effects of exposure or to inhalation of asbestos-containing products; or

(b)   Advise or recommend as to the techniques, methods or equipment which would serve to reduce or guard against such potentially harmful exposure.

**ANSWER:**

Plaintiff does not know.

66.   If your answer to any part of the preceding Interrogatory is in the affirmative, please state:

(a)   The nature and exact wording of such advice, warning or recommendation, or if not the exact wording, the substance thereof.

(b)   The complete identity of each source of such advice, warning, recommendation, etc.

(c)   The date, time, place, manner and circumstances when each such advice, warning, recommendation, etc., was given.

(d)   The identity of each and every witness to Plaintiff's receipt of such advice, warning, recommendation, etc.

(e)   The identity and job title of each and every co-worker or similar member of your trade and occupation who also received to our knowledge the same or similar advice, warning, recommendation, etc.

**ANSWER:**

Not applicable.

67.   State which magazines and/or newspapers you and/or your spouse have subscribed to and/or which you and/or your spouse regularly purchased over-the-counter for the past twenty years.

**ANSWER:**

Time, Life, Newsweek.

68.   State whether you ever saw or received any documents or publication, including newspapers, trade journal and magazine articles, concerning the alleged relation between the handling of asbestos and/or asbestos products and asbestosis, mesothelioma, bronchogenic cancer, lung cancer, gastrointestinal cancer or other alleged asbestos-related diseases.  If your answer is in the affirmative, for each document state:

(a)   Identify each such document;

(b)   Identify each person or firm from whom you received it;

(c)     Its date and the date when seen and/or received;

(d)     Identify each person with who, if any, you discussed the subject;

(e)     By whom the document was published.

**ANSWER:**

Plaintiff does not know.

69.     State whether you ever received orally, by telephone, by television and/or by radio, any information concerning the alleged relation between the exposure to asbestos and/or asbestos products and asbestosis, mesothelioma, bronchogenic cancer, lung cancer, gastrointestinal cancer or any other alleged asbestos-related diseases. If your answer is in the affirmative, state for each communication:

(a)     The date;

(b)     By what person or medium the communication was made, together with the identification of such;

(c)     The name and address of each person with whom, if any, you discussed the subject.

**ANSWER:**

Plaintiff does not know.

70.     Describe when and under what circumstances you first heard of any worker who was exposed to asbestos or asbestos-containing products, filing a claim for Workers' Compensation benefits or a lawsuit against manufacturers of asbestos-containing products.

**ANSWER:**

Plaintiff does not know.

71.     On what date did you first become aware that asbestosis was a compensable occupational disease under a State Workmen's Compensation Act or a Federal Compensation Act and state the specific Act that you became aware of?

**ANSWER:**

Plaintiff does not know.

72.     Have you ever discussed this lawsuit or the injuries you allege you sustained as a result of exposure to asbestos-containing materials with any official of your local or international union? If

your answer is in the affirmative, please state:

(a)     The name, address and official capacity of the individual or individuals with whom you had such discussions or other communications;

(b)     The date, place and circumstances under which such discussions or communications took place; and

(c)     The substance of the discussion or communication.

**ANSWER:**

Not applicable.

73.     State the date when you first began to consider whether you should consult an attorney concerning your alleged illness which is the subject of this case (if you do not recall the exact date, please provide your best estimate.

**ANSWER:**

In 1995, after the Plaintiff was informed of the diagnosis of an asbestos related disease.

74.     Describe all the steps you took with the actual or approximate dates for each step,  to find an attorney with whom to consult concerning your alleged illness which is the subject of this case.

**ANSWER:**

Plaintiff contacted the Law Offices of Peter G. Angelos.

75.     Identify by name and address of the first attorney with whom you consulted concerning your alleged illness which is the subject of this case.

**ANSWER:**

Law Offices of Peter G. Angelos
5905 Harford Road
Baltimore, MD 21214

76.     For each attorney identified, state:

(a)     How you learned of the attorneys's identity;

(b)     When you learned of the attorney's identity;

(c)     The date you first contacted that attorney or the office of that attorney for the purpose

28

of setting up an appointment to discuss your alleged illness which is the subject of this case;

(d)     The date of your first communication from that attorney, whether it be by means of telephone, mail, or personal meeting, and state the means by which the communication took place;

(e)     The date of your first personal meeting with that attorney.

**ANSWER:**

(a)     Through the media.
(b)     1995
(c)     1995
(d)     1995
(e)     1995

77.     State the name and address of each person whom you expect to call as an expert witness at trial as to any contention whether medical, cause and effect, activity of the Defendant, or any other matter for which you intend to have expert testimony.  With respect to each such expert, state the following:

(a)     Describe the expert's educational background.
(b)     Describe the expert's employment and other professional history.
(c)     Identify all asbestos-related cases in which the expert has testified as an expert witness, including title and number of the case, court in which the case was pending, and the party for whom the expert testified.

**ANSWER:**

Plaintiff will identify his experts in accordance with the Pre-Trial Discovery Schedule established in

this case.

78.     State separately as to each expert the subject matter on which the said expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and set forth a summary of the grounds of each such opinion.  Supplement this answer as you ascertain any additional expert witnesses.

**ANSWER:**

See Answer to Interrogatory No. 77.

79.     For each expert whom you expect to call as a witness at trial, identify by case name, date,
Court and docket number any deposition and/or trial testimony given by each such expert, and identify the custodian and location of such transcripts.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome,

harassing and seeks information that is in the possession of the Defendants or readily available to them.

Without waiving these objections, see Answers to Interrogatory Nos. 77 and 78.

80.     State whether any expert whom you expect to call as a witness at trial has performed any
examination, test, modeling or other analysis of any product at issue in this action.  If so:

(a)     Identify the product involved by trade name, brand name;
(b)     Identify the defendant whom you claim sold the product; and
(c)     With respect to such examination, test, modeling or other analysis:
        i.      Identify the expert who performed it;
        ii.     State the date it was performed;
        iii.    State its purpose;
        iv.     State its nature;
        v.      State the results;
        vi.     State the expert's conclusions based on it;
        vii.    State whether any notes of the examination, test, modeling or other analysis were made; and
        viii.   State whether the expert has issued a report which mentions or is based in whole or in part upon any such examination, test, modeling or other analysis. If so, please attach a copy of the report to your answers to these interrogatories.

**ANSWER:**

Plaintiff objects to this Interrogatory as seeking information that is beyond the scope of discovery.

Without waiving this objection, see Answers to Interrogatory Nos. 77, 78 and 79.

81.     State whether any expert whom you expect to call as a witness at trial has ever inspected,

30

visited or otherwise viewed the Plaintiff's workplace.  If so:

    (a)    Identify the expert;

    (b)    Identify each site inspected, visited or otherwise viewed;

    (c)    State the date of each such inspection, visit or viewing;

    (d)    State whether any notes were made by the expert with respect to such inspection, visit or viewing;

    (e)    State the opinions of the expert band in whole or in part upon the inspection, visit or view; and

    (f)    State whether the expert issued any report concerning the inspection, visit or view.  If so, please attached a copy to your answers to these interrogatories.

**ANSWER:**

Plaintiff objects to this Interrogatory as seeking information that is beyond the scope of discovery.

Without waiving this objection, see Answers to Interrogatory Nos. 77, 78 and 79.

    82.    For each person whom you expect to call as a non-expert witness on your behalf at trial who previously has testified in a trial or deposition in a Court or administrative proceeding involving asbestos-related injury, identify each such person, identify by case name, date, Court or administrative agency, and docket number, each such proceeding, and identify the custodian and location of each transcript of that persons testimony in such proceeding.

**ANSWER:**

Plaintiff objects to this Interrogatory as seeking information beyond the scope of discovery.

Defendants will be provided with the names of fact witnesses in accordance with the Pre-Trial Schedule

established in this case. See Answers to Interrogatory Nos. 91 and 95.

    83.    Identify any statement which was reduced to writing concerning the facts of this lawsuit or

events concerning the same and the damages claimed to any person, including but not limited to, any police or law officer, insurance company representative, investigator, state or federal agent, or employee of any kind, or anyone else and state the name and address of each and every such person or organization to whom these statements or reports were made, the dates made, and the purpose for which they were made.

**ANSWER:**

Plaintiff objects to this Interrogatory insofar as it requests attorney work product and/or privileged

information. Without waiving his objection and without responding to that part of the Interrogatory which calls

for attorney work product and privilege, Plaintiff states, none.

84.    Have any investigation or other reports been prepared, compiled, submitted or made by you
or on your behalf or utilized by you in any way in this action?  If so, as to each such investigation or report state in detail:

(a)    The identification of the documents.
(b)    Identification of the person to whom addressed or directed.
(c)    The purpose of such preparation.
(d)    Identification of the person having present custody or control.

**ANSWER:**

See Answer to Interrogatory No. 83.

85.    State whether there has been any settlement with any person or party of any claim or part of
a claim being asserted herein by which any money or other benefit was received, and if so, set forth the details thereof, including the claim made, the identity of the person against whom the claim is made, the identity of the person who settled that claim, the amount of the settlement and date thereof.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant, immaterial, not reasonably

calculated to lead to the discovery of admissible evidence and seeks confidential information protected by

attorney/client and other privileges beyond the scope of discovery. Without waiving this objection, Plaintiff

states as follows:

32

| ENTITY | DATE | | RELEASE TYPE |
|---|---|---|---|
| 3M | 2003 | | Pro Tanto |
| Georgia Pacific | | 2001 | *Swigert* |
| Metropolitan Life Insurance Co. | 2000 | | Pro Tanto |
| Johns Manville | | 1999 | Pursuant to federal order, not treated as a share; automatic Pro Tanto reduction |

86.    Identify any documents related to your Answer to Interrogatory No. 85.

**ANSWER:**

See Answer to Interrogatory No. 85.

87.    State whether any person other than the named Plaintiffs claims or entitled to claim any subrogation interest in any judgment or settlement which results from this action.  For each person, state the following:

    (a)    The full name, address, principal place of business and state of incorporation of such person.

    (b)    The extent and amount of the claimed subrogation interest.

    (c)    Identify all documents granting or describing the subrogation interest.

**ANSWER:**

To the best of Plaintiff's knowledge, none.

## PART- TWO LIABILITY

The following interrogatories are to be answered separately and individually as to each defendant.

Instructions b) through j) above also apply.

88.    For each job at which you have been exposed, or are being exposed, to asbestos-containing products of any person, business or other entity other than this Defendant but who is a party to this case, state:

    (a)    The employer's name and address;

    (b)    Your job title and work description, including an exact description of job duties and

33

responsibilities.
(c)   The duration of the job (month/day/year through month/day/year);
(d)   The duration of the job (month/day/year through month/day/year);
(e)   The location of the job;
(f)   The identity of your foreman or supervisor;
(g)   The identity of your co-workers;
(h)   A description of the types of asbestos-containing products to which you claim exposure (i.e., pipe covering, block, cement, cloth, etc.);
(i)   The identity of the supplier or distributor of each type of asbestos-containing product;
(j)   The identity of the manufacturer(s) of each type of asbestos-containing product;
(k)   The trade or brand names of each type of asbestos-containing products.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and

unlimited in time. Plaintiff further objects to this Interrogatory on the grounds that it seeks information

virtually identical to that sought by Interrogatory No. 91, and as such, is redundant and harassing. Without

waiving these objections, see Answer to Interrogatory No. 91.

89.   If you have been exposed, or are being exposed, to asbestos-containing products of any
person, business or other entity who is <u>not</u> a part to this case, state:

(a)   The circumstances under which such exposure took place;
(b)   The date and time of such exposure; and
(c)   The brand or trade names and types of products that you were exposed to.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information regarding non-party

products that are not an issue in this case. Without waiving this objection, Plaintiff states as to products at

issue manufactured by non-parties, but supplied and distributed by party Defendants, see Answer

34

to

Interrogatory No. 91.

     90.     If you have been exposed, or are being exposed, to any asbestos-containing products of
any person, business or other entity who is <u>not</u> a party to this case, on board any ship, boat, or
barge or other vessel, please state the following with respect to each such vessel.

     (a)     Name and type of the vessel;
     (b)     Dates on which you worked on the vessel;
     (c)     Type of work performed;
     (d)     The location of the vessel at the time of your work thereon (e.g., Bethlehem Steel
           Sparrows Point, Bethlehem Steel Key Highway, etc.), circumstances in which you
           were exposed.

**ANSWER:**

     Plaintiff objects to this Interrogatory on the grounds that it seeks information virtually
identical to

that sought by Interrogatory Nos. 89 and 91, and as such, is redundant and harassing. Without waiving

these objections, see Answers to Interrogatory Nos. 89, 91.

     91.     For each job at which you allege you have been exposed, or are being exposed to asbestos-
containing products manufactured, distributed or sold by this Defendant, state:
     (a)     The employer's name and address;
     (b)     Your job title and work description, including an exact description of job duties and
           responsibilities.
     (c)     The duration of the job (month/day/year through month/day/year);
     (d)     The duration of your exposure to asbestos on that job month/day/year through
           month/day/year);
     (e)     The location of the job;
     (f)     The identity of your foreman or supervisor;
     (g)     The identity of your co-workers;
     (h)     A description of the types of asbestos-containing products to which you claim
           exposure (i.e., pipe covering, block, cement, cloth, etc.);
     (i)     The identity of the supplier or distributor of each type of asbestos-containing
           product;
     (j)     The identity of the manufacturer(s) of each type of asbestos-containing product;

(k)    The trade or brand names of each type of asbestos-containing products.

**ANSWER:**

Plaintiff objects to this Interrogatory to the extent that it seeks information beyond that relating to

Mr. Crawford's exposure to the asbestos products of the direct defendants. Without waiving this objection

and in relation to the direct defendants only, Plaintiff states that prior to and after the filing of Mr.

Crawford's lawsuit, Plaintiff's have conducted a continuing investigation in an attempt to gather all

available information concerning Mr. Crawford's exposure to the asbestos products of the direct

defendants. As a result of Plaintiff's continuing investigation, it is believed Mr. Crawford was exposed to

the asbestos products manufactured, sold, distributed and/or installed by the Defendants, at various times

while working as a painter from 1950 to 1967. As such Mr. Crawford worked on a regular and frequent

basis at commercial and industrial job-sites including, but not limited to, those listed below. Plaintiff's

investigation is continuing and Plaintiff reserves the right to supplement this interrogatory response.

1.    B.W.I./Friendship Airport, various apartment buildings, B.G. & E. Wagner Station Unit 1 & 2, Black & Decker, National Brewery, J.H.U. College, Morgan State College, New Towson Courthouse, Old Towson Courthouse, Calvert Distillery, Domino Sugar, Ft. Dietrick, G.L. Martin/Mrtn Marietta, various office buildings, Glidden Paint, various stores, Western Electric, Westinghouse.
(a)   See Social Security Printout. Social Security Printout will be forthcoming.
(b)   painter
(c)   Plaintiff's investigation is continuing.
(d)   Plaintiff's investigation is continuing.
(e)   See response to (a) above.
(f)   Various; Plaintiff's investigation is continuing.

36

(g)     See Exhibit A, attached hereto.
(h)     pipe-covering, cement, block, plaster, spray, boilers
(i)     E.L. Stebbings & Co., Inc., Hampshire Industries, Inc.,MCIC, Inc., Owens-Illinois
        Glass Co.
(j)     Owens-Illinois Glass Co., H.B. Smith
(k)     Kaylo

In addition to other trades including insulators that regularly and frequently worked in his presence,

it is believed that Mr. Crawford worked with and around plaintiff-specific and general product

identification witnesses known and unknown to him. Plaintiff reserves the right to offer at trial the

testimony of any and all plaintiff-specific and general product identification witnesses properly identified

in accordance with the Pre-Trial Schedule.

Investigation and discovery in this case is still ongoing and additional information concerning co-

workers and the asbestos products of the direct defendants to which Mr. Crawford was exposed may be

uncovered. Plaintiff reserves the right to further supplement and/or amend this interrogatory based upon

additional information received.

92.     If you contend that you have been exposed, or are being exposed, to any asbestos-containing products of any Defendant other than in your work environment, state:

(a)     The circumstances under which such exposure took place;
(b)     The date and time of such exposure;
(c)     The brand or trade names and types of products that you were exposed to; and
(d)     The names and addresses of all persons having personal knowledge of your answer
        to this interrogatory.

**ANSWER:**

Plaintiff's investigation is continuing.

37

93.     If you allege that you have been exposed, or are being exposed, to any asbestos-
          containing
products or any Defendant on board any ship, boat, barge or other vessel, please state the
following with respect to each such vessel:

    (a)     Name and type of the vessel;
    (b)     Dates on which you worked on the vessel;
    (c)     Type of work performed;
    (d)     The location of the vessel at the time of your work thereof (e.g., Bethlehem Steel
         Sparrows Point, Bethlehem Steel Key Highway, etc.), circumstances in which you
         were exposed.

**ANSWER:**

See Answer to Interrogatory No. 91.

94.     State verbatim, or with as completed and accurate detail as is possible, all
          instructions,
recommendations or warnings of any kind which accompanied each asbestos-containing products
of each Defendant to which you claim you were exposed (i.e., each  printing on tag, tag covering,
instruction sheet accompanying the product, shipping carton, the product itself, or in any other
manner).

**ANSWER:**

To the best of the Plaintiff's knowledge no instructions, recommendations, warnings or
cautions

concerning the hazards of asbestos were ever placed by any Defendant on any of their  packaging.
No

other instructions, recommendations, warnings or cautions were ever provided to Plaintiff by any

manufacturer, seller, distributor, installer or applier of asbestos containing products.

95.     In regard to any persons having personal knowledge of facts relevant to your
          exposure to
asbestos-containing products of each Defendant, including but not limited to the types of products,
and the suppliers or manufacturer of those products:

    (a)     Identify the workers, including any fellow workers, foremen, superiors, etc., as to
         each Defendant who have such knowledge.
    (b)     Identify any other persons, i.e., other than workers, as to each Defendant, who have

such knowledge.

(c)     Identify those persons whom you intend to product as witnesses in the trial in this action.

**ANSWER:**

See Answer to Interrogatory Nos. 82 and 91.

96.     Identify any written statements from any persons identified in your Answer to Interrogatory No. 95.

**ANSWER:**

See Answer to Interrogatory Nos. 82 and 91.

97.     For each job referred to in your Answer to Interrogatory No. 88-93, state the following:

(a)     Whether the employer on each job suggested, recommended or required that you might, or should, use any device to reduce your possible exposure to, or inhalation of, asbestos dust or fibers.
If so, state:

    (1)     The date, time and place when such suggestion, recommendation, or requirement was made;

    (2)     The exact wording and content of each such suggestion, recommendation or requirement, or the substance thereof;

    (3)     Company or employer recommendations regarding use;

    (4)     Company or employer requirements regarding use;

    (5)     The identity of any writing containing or regarding such suggestion, recommendation or requirement;

    (6)     The identity of each person present when such suggestion, recommendation or requirement was given;

    (7)     The identity of each person who received the same or similar suggestion, recommendation or requirement.

    (8)     The date and time of each period of your use of such device;

    (9)     The make, model and type of device; and

    (10)     Your detailed reasons for any response to such suggestion, recommendation or requirement, short of complete conformity thereto.

(b)     Whether the employer on each job provided protective clothing for your use.

(c)     Whether the employer provided separate lockers for work and personal clothing.

(d)     Whether the employer provided showers.

**ANSWER:**

No such recommendations or suggestions were made.

98.    State whether you contend that any of the plaintiff's employers knew or should have known
about asbestos-related hazards to which the plaintiff allegedly was exposed at his place(s) of employment.  If so:

    (a)    Identify each employer as to whom you make this contention and identify each workplace involved;

    (b)    Explain in detail the factual basis for this contention;

    (c)    Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (d)    Identify all documents which contain information which supports this contention.

**ANSWER:**

Plaintiff does not so contend at this time.

99.    State whether you contend that any doctors or other health or safety personnel employed
by any of the Plaintiff's employers knew or should have known about asbestos-related hazards to which the plaintiff allegedly was exposed at his place(s) of employment.  If so:

    (a)    Identify each such doctor or other personnel;

    (b)    Identify each employer as to whom you make this contention and identify the workplace(s) involved;

    (c)    Explain in detail the factual basis for this contention;

    (d)    Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (e)    Identify all documents which contain information which supports this contention.

**ANSWER:**

Plaintiff objects to this Interrogatory as overly broad and vague. Plaintiff also objects on the

grounds that it assumes that Plaintiff's employers employed "doctors or other health or safety personnel".

Plaintiff's investigation is continuing.

100.    Apart from any actions, suggestions, recommendations or requirements by any employer,
did you take any measures or precautions to reduce exposure to or inhalation of asbestos dust,

40

even if not using a specific device, such action including, but not limited to, use of handkerchiefs, home medications, or any other method or precaution, including limiting exposure thereto?  Give a complete description in detail of any such precaution or measure taken by you, and identify the times or the jobs on which such precautions were used.

**ANSWER:**

Plaintiff was never informed of the hazards of asbestos. Plaintiff was never aware of the need to

take precautions and therefore took no precautions.

101.   State <u>separately as to each defendant</u> when and by what means you contend that defendant
became aware of the alleged hazards of exposure to asbestos dusts, fibers and/or products to the health of persons coming into contact with, handling or using asbestos products.

**ANSWER:**

Plaintiff adopts and incorporates by reference as if fully reprinted herein all documentation

identified for use, offered for documentation conference, marked for identification, admitted into evidence

or used in cross-examination by any party and all testimony presented by any party in the *Abate I, Abate II,*

*Asner, Hohman, Knock, Brannan, Balonis, Chappell, Bieble, Gotti, Merrick, Berbes, Gray, Jakubowski,*

*Gallagher, Cook and McKenzie* trial groups, as well as any and all other personal injury asbestos suits

filed in or tried within this jurisdiction by this or any other law firm or attorney.

102.   State <u>separately as to each defendant</u> when and by what means you contend` that defendant
became aware that exposure to asbestos dusts, fibers and/or products was acknowledged to be hazardous to the health of persons coming in contact with, handling or using asbestos products.

**ANSWER:**

See Answer to Interrogatory No. 101.

41

103.    State separately as to each defendant whether you contend the defendant ever
        learned that
there is a causal connection between exposure to asbestos dust and:

(a)    Asbestosis
(b)    Pneumoconiosis
(c)    Lung cancer
(d)    Mesothelioma, and
(e)    Other cancers.

**ANSWER:**

See Answer to Interrogatory No. 101.

**104.**    If your Answer to Interrogatory No. 103 is in the affirmative, please identify the
            following
as to each such disease listed therein:

(a)    When and by what means you contend that defendant first became aware of such
       causal connection.

**ANSWER:**

See Answer to Interrogatory No. 101.

**105.**    State separately as to each defendant when you content that Defendant first
            determined
that any other material could be used in places of asbestos for high-temperature insulation, a
refractory, or any other use to or for which asbestos has been applied, and with regard to each:

(a)    The identity of such material, and
(b)    The particular use for which such substitute could be used.

**ANSWER:**

See Answer to Interrogatory No. 101.

**106.**    Please state your contention as to the meaning of "threshold limit value" as it
            pertains to
asbestos exposure and disease.

**ANSWER:**

42

See Answer to Interrogatory No. 101.

**107.** With reference to "threshold limit value," please state:

(a) State separately as to each defendant when and by what means you contend the
Defendant obtained information related thereto;

(b) The substance of any information imparted to each Defendant regarding the same;
and

**ANSWER:**

See Answer to Interrogatory No. 101.

**108.** State separately as to each defendant whether you content that Defendant ever knew
that
any governmental, private agency, and/or other entity issued guidelines suggesting a "threshold
limit value" for exposure to asbestos dust and/or fibers. If so, state:

(a) The identity of the agency or other entity which issued said guidelines;

(b) The verbatim content of said guidelines;

(c) The date said guidelines were issued;

(d) The date you contend that defendant was first aware of the purpose of said
guidelines; and

(e) The custodian, location and identity of all documents related thereto.

**ANSWER:**

See Answer to Interrogatory No. 101.

**109.** State separately as to each defendant whether you contend that defendant ever
possessed
knowledge of documents indicating that existing or proposed threshold limit values were not safe
or proper or that lower threshold limit values were necessary in order to prevent diseases caused by
exposure to asbestos. If so, please identify:

(a) The source of such knowledge;

(b) The persons who obtained such knowledge;

(c) All documents relating thereto; and

(d) The custodian and location of all documents identified in your Answer to part (c) of
this Interrogatory.

**ANSWER:**

43

See Answer to Interrogatory No. 101.

**110.** <u>State separately as to each defendant</u> whether you contend that defendant was ever made
aware that a better method for determining levels of asbestos in air was to test concentrations of
asbestos fibers in the air rather than the total number of dust particles in the air.  If so, please state:

    (a)    The source of such knowledge;
    (b)    The persons who obtained such knowledge;
    (c)    All documents relating thereto; and
    (d)    The custodian and location of all documents identified in your Answer to part (c) of this Interrogatory.

**ANSWER:**

See Answer to Interrogatory No. 101.

111.    State whether you content that asbestos-containing products cannot be manufactured or
treated so as to eliminate potential asbestos health hazards to workers who use such products. If
so:

    (a)    Explain in detail the factual basis for this contention;
    (b)    Identify all person whom you know or believe to have personal knowledge of information which supports this contention; and
    (c)    Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

112.    <u>State separately as to each defendant</u> whether you contend asbestos-containing products of
that defendant are inherently dangerous.  If so:

    (a)    Identify by manufacturer name, trade name and all other identifying information available to you the specific product(s) which content is inherently dangerous;
    (b)    Explain in detail the factual basis for this contention;
    (c)    Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and
    (d)    Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

113.   State separately as to each defendant and as to each of that defendant's asbestos-containing products whether you contend that the particular product(s) of that defendant presented a hazard or risk of exposure to asbestos to its users such that the defendant should have warned users of such a hazard or risk.  If so:

  (a)   Identify separately for each defendant each of that defendant's products for which you make such contention;

  (b)   Identify the specific hazards and risks which you contend each such product presented to the user;

  (c)   Explain in detail the factual basis for this contention;

  (d)   Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

  (e)   Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

114.   State separately as to each defendant whether you contend that the defendant failed to perform adequate tests of the safety of each of the asbestos products of that defendant from which you claim injury.  If so:

  (a)   State in detail all information in possession of you and/or your attorneys concerning the nature, purpose and extent of the safety testing which each defendant did perform on such products;

  (b)   State in detail the nature, purpose and specifics of the safety tests which you contend that the defendant should have performed on such products;

  (c)   Explain in detail the factual basis for this contention;

  (d)   Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

  (e)   Identify all documents which you contend contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

115.   State separately as to each defendant whether you contend that particular defendant

conspired with any other defendant or other person to allow asbestos products to be used without adequate warnings, or without any warnings, regarding the hazards or risks of use of and/or exposure to such products.  If so:

    (a)    Identify <u>separately as to each defendant</u> every person with whom you contend that defendant conspired;

    (b)    Explain in detail the factual basis for this contention;

    (c)    Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (d)    Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

116.    <u>State separately as to each defendant</u> whether you contend that there are no circumstances under which asbestos products can be safely handled and/or used.  If so:

    (a)    Explain in detail the factual basis for this contention;

    (b)    Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (c)    Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

117.    State whether you admit that there are circumstances under which asbestos products can be safely handled and/or used.  If so:

    (a)    State the circumstances under which asbestos product can be safely handled and used;

    (b)    Explain in detail the factual basis for this contention;

    (c)    Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (d)    Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

118.    State whether you contend that there never has been a distinction made by scientific

or
medical professionals between one or more of the following with respect to the use of and
exposure to asbestos-containing products and the health hazards or risks relating thereto: miners,
millers, textile workers, asbestos plant workers, building tradesmen, industrial workers, and brake
lining mechanics.  If so:

    (a)      Explain in detail the factual basis for this contention;

    (b)      Identify all persons whom you know or believe to have personal knowledge of
                information which supports this contention; and

    (c)      Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

119.    State whether you admit that, at least in the past, distinctions have been made by scientific
or medical professionals between one or more of the following with respect to the use of and
exposure to asbestos-containing products and the health hazards or risks relating thereto:  miners,
millers, textile workers, asbestos plant workers, insulators, shipyard workers, steel plant workers,
building tradesmen, industrial workers, and brake lining mechanics.  If so:

    (a)      Explain in detail the factual basis for this admission;

    (b)      State the most recent dates upon which such a distinction was made;

    (c)      Identify all scientific or medical professionals who have made such a distinction;

    (d)      Identify all persons whom you know or believe to have personal knowledge of
                information which supports your answer to any portion of this interrogatory; and

    (e)      Identify all documents which you contend contain information which supports any
                portion of your answer to this interrogatory.

**ANSWER:**

See Answer to Interrogatory No. 101.

120.    State whether you contend that a distinction has never been made by scientific or
medical
professionals between asbestos fiber types (chrysotile, amosite, crocidolite, actinolite,
anthophyllite or tremolite) with regard to the relative risks of such fiber types causing disease.  If
so:

    (a)      Explain in detail the factual basis for this contention;

    (b)      Identify all persons whom you know or believe to have personal knowledge of
                information which supports this contention; and

47

(c)     Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

121.    State whether you admit that at least some scientific or medical professionals have made
distinctions between asbestos fiber types (chrysotile, amosite, crocidolite, actinolite, anthophyllite or tremolite) with regard to the relative risks of such fiber types causing disease.  If so:

(a)     Identify each scientific or medical professional;
(b)     Explain in detail the factual basis for this contention;
(c)     Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and
(d)     Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

122.    State whether you contend that the injuries alleged in this case are caused in whole or in
part by an act or omission of the injured worker's employer.  If so:

(a)     Identify each such employer;
(b)     Explain in detail the factual basis for this contention;
(c)     Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and
(d)     Identify all documents which contain information which supports this contention.

**ANSWER:**

No such contention is made at this time.

123.    State whether you deny that the injuries alleged in this case were caused in whole or in part
by an act or omission of the injured workers's employer.  If so:

(a)     Explain in detail the factual basis for this denial;
(b)     Identify all persons whom you know or believe to have personal knowledge of information which supports this denial; and
(c)     Identify all documents which contain information which supports this denial.

48

**ANSWER:**

See Answer to Interrogatory No. 122.

124.    State whether you contend that the plaintiff's injuries were caused by an act or omission of a

person who is not a party to this case.  If so:

    (a)    Identify each such person;

    (b)    Explain in detail the factual basis for this contention;

    (c)    Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (d)    Identify all documents which contain information which supports this contention.

**ANSWER:**

No such contention is made at this time.

125.    State whether you deny that the plaintiff's injuries were caused in whole or in part by an act

or omission of another who is not a party to this case.  If so:

    (a)    Explain in detail the factual basis for this denial;

    (b)    Identify all persons whom you know or believe to have personal knowledge of information which supports this denial; and

    (c)    Identify all documents which contain information which supports this denial.

**ANSWER:**

See Answer to Interrogatory No. 124.

126.    State whether you admit that the plaintiff's injuries were caused in whole or in part by an act

or omission of another who is not a party to this case.  If so:

    (a)    Explain in detail the factual basis for this admission;

    (b)    Identify all persons whom you know or believe to have personal knowledge of information which supports this admission; and

    (c)    Identify all documents which contain information which supports this admission.

**ANSWER:**

See Answers to Interrogatory Nos. 89, 90 and 124.

49

127.   State <u>separately as to each defendant</u>, and with particularly, the facts upon which you
         base any
claim that the defendant acted negligently.

**ANSWER:**

See Answer to Interrogatory No. 101.

128.   State <u>separately as to each defendant</u>, and with particularity, the facts upon which you
         base
any claim that the defendant is strictly liable to you for damages resulting from exposure to asbestos-
containing products.

**ANSWER:**

See Answer to Interrogatory No. 101.

129.   State <u>separately as to each defendant</u>, and with particularity, the facts upon which you
         base
any claim that the defendant breached any express or implied warranty to Plaintiff.

**ANSWER:**

See Answer to Interrogatory No. 101.

130.   State <u>separately as to each defendant</u>, and with particularity, the facts upon which you
         base
any claim that you are entitled to punitive damages from that defendant.

**ANSWER:**

See Answer to Interrogatory No. 101.

131.   Identify each and every writing, oral conversation, or other communication with, or in
         the
presence of, any representative of each defendant, relating directly or indirectly to the subject matter of
the complaint and give the substance of each such oral conversation or other communication, and the
names of all persons in attendance or who have personal knowledge of each such conversation or
communication.

**ANSWER:**

See Answer to Interrogatory No. 101.

132.   State whether, in addition to your claim for asbestos-caused injury, you also are making claim
in this case for injury or other damages caused by toxic or otherwise harmful chemicals, minerals, or other non-asbestos substances.  If so:

(a)   Explain in detail the factual basis for this claim,
(b)   State the name of each such chemical, mineral or other substances;
(c)   Identify each product which you claim contained such chemical mineral or substance and identify the manufacturer of such product;
(d)   Identify all persons whom you know or believe to have information which supports this claim; and
(e)   Identify all documents which contain information which supports this claim.

**ANSWER:**

No such claim is made at this time.

133.   Identify any person not heretofore mentioned in your answers to these interrogatories having
personal knowledge of facts material to this case.

**ANSWER:**

See Answer to Interrogatory no. 101. Also, any person not names in the Answers to Interrogatories who

is identified as a witness in accordance with the Pre-Trial Schedule or who comes to light subsequently.

**134.**   Identify all documents not heretofore mentioned in your answers to these interrogatories
which you contend contain facts material to this case.

**ANSWERS:**

See Answer to Interrogatory No. 101. Also, Requests for Admissions and documents identified

therewith, all documents identified in the Plaintiff's Pre-Trial statement, in the Pre-Trial Schedule, in any other

discovery and any which may come to light subsequently.

51

I DO SOLEMNLY DECLARE AND AFFIRM, under the penalties of perjury, that the contents of the

foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and

belief.

_____

George Crawford, Personal Representative
of the Estate of ALVIN J. CRAWFORD, SR.

52

Respectfully submitted,


*/s/  Edward P. Monaghan, Esquire*
Edward P. Monaghan

LAW OFFICES OF PETER G. ANGELOS, P.C.
One Charles Center

100 North Charles Street
Baltimore, Maryland 21201
(410) 649-2000

*Attorneys for Plaintiff*

# EXHIBIT B

RECEIVED
CLERK'S OFFICE
2007 FEB 20 P 3: 23

| | | |
|---|---|---|
| IN RE: | PERSONAL INJURY | * IN THE |
| | AND WRONGFUL DEATH | * |
| | ASBESTOS LITIGATION | * CIRCUIT COURT |
| | | * |
| | | * FOR BALTIMORE CITY |

***********

| | |
|---|---|
| WILLIAM HERZOG, et al., | * |
| | * CONSOLIDATED NO. 24X04000894 |
| **Plaintiffs** | * FEBRUARY 14, 2006 GROUP |
| | * (M 75) |
| VS | * |
| | * |
| ACandS, INC., et al., | * |
| | * |
| **Defendants** | * |
| | * |
| <u>CASES AFFECTED:</u> | * |
| E. JOSEPH KAPRAUN | * CASE NO.   24X04000777 |
| DAVID STILLWAGON | * CASE NO.   24X004000629 |

*****************

### DEFENDANT HAMPSHIRE INDUSTRIES, INC.'S
### ANSWERS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES
### <u>AND DOCUMENT REQUESTS</u>

Defendant, Hampshire Industries, Inc., by its attorneys, Thomas M. Goss, Malcolm S. Brisker

and Goodell, DeVries, Leech & Dann, LLP, answers the Supplemental Interrogatories and Document

Requests  propounded by Plaintiffs, as follows:

### <u>Preliminary Statement</u>

(a)      The information supplied in these Answers to Interrogatories and Document Requests
is not based solely on the knowledge of the executing party, but includes the knowledge of the party,
their agents, representatives and attorneys, unless privileged.

(b)      The word usage and sentence structure may be that of the attorney assisting in the
preparation of these Answers and thus does not necessarily purport to be the precise language of the
executing party.

## Objections to Instructions and General Objections

(a)     Defendant objects to the combining of requests for documents and interrogatories into a single discovery request.

(b)     Defendant objects to instruction (f), and states that it will supplement its responses in accordance with the requirements of the Maryland Rules of Procedure.

(c)     Defendant objects to instruction (h) and the term "you." Defendant is obligated to provide discovery responses only on its own behalf, and declines to answer for "its merged or acquired predecessors, its present or former officers, . . . and includes, unless privileged, the party's attorneys."

(d)     Defendant objects to definitions (a) and (b), which are overly broad and vague.

(e)     Defendant also objects to the term "your asbestos products" and "your asbestos-containing products." Hampshire was an installer/contractor whose primary function was the supply of a service, and not the supply or sale of a product. The use of this term impermissibly suggests to the contrary. Moreover, by combining in one definition mining, manufacture, distribution, and application, Plaintiffs have rendered each request vague and ambiguous.

(f)     Defendant objects to the instruction that "[t]he singular should be construed as also including the plural where appropriate. The plural should be construed as also including the singular where appropriate," and that the "present tense should be construed as also including he past tense where appropriate." Defendant will construe the ordinary and apparent meaning of each request, and will not rewrite each request to attempt to give new or different meaning to that request.

(g)     Defendant objects to all requests, or portions of a request, that inquire about times during which Plaintiffs do not allege exposure to asbestos.

Each of the above objections is incorporated by reference into any request herein, which employs any of the terms in question.

## INTERROGATORIES AND DOCUMENT REQUESTS

**Interrogatory No. 1:**     State your correct corporate name, state of incorporation, date of incorporation, address of principal place of business, name of all predecessor corporations under which you have carried on business, years during which you carried on business under those names, whether you carry on a regular business in the State of Maryland and whether you are authorized to conduct business in the State of Maryland and provide copies of all responsive documents/materials relied upon in answering this Interrogatory.

**Answer:**     Defendant was incorporated on March 15, 1921, under the laws of the State

2

of Maryland as John H. Hampshire, Incorporated.   On June 1, 1981, pursuant to approval by the

Board of Directors and Shareholders of John H. Hampshire, Incorporated, the name of the

corporation was changed to Hampshire Industries, Inc.

**Interrogatory No. 2:**      If you contend that the claim of Plaintiffs is barred by the statute of limitations, state all facts upon which you rely and identify in detail and produce any and all documents or other evidence, which support your contention.

**Answer:**      Discovery and investigation are continuing.  Defendant reserves the right to so

contend.

**Interrogatory No. 3:**      If you contend that the claim of Plaintiffs is barred by contributory negligence or assumption of the risk, state all facts upon which you rely and identify in detail and produce any and all documents or other evidence which support your contention.

**Answer:**      Discovery and investigation are continuing.  Defendant reserves the right to so

contend.

**Interrogatory No. 4:**      If you contend that the disease alleged by Plaintiffs were not caused  by occupational exposure to asbestos or asbestos-containing products, state all facts upon which you rely and identify in detail and produce any and all documents or other evidence which support your contention.

**Answer:**      Discovery is still continuing.  This Defendant denies that Messers. Stillwagon

and Kapraun's diseases were caused by any exposure to any product this Defendant is alleged to

have used or installed.

**Interrogatory No. 5:**      If you contend that your asbestos-containing products were not a substantial contributing factor to the disease alleged by Plaintiffs, state all facts upon which you rely and identify in detail and attach any and all documents or other evidence which support your contention.

**Answer:**      Defendant objects and refuses to respond to this interrogatory, which assumes

that it is Defendants' obligation to disprove exposure when, in fact, the burden falls upon the

plaintiff. Without waiving said objection, Defendant states that it denies that it caused Messers.

3

Kapraun and Stillwagon to be exposed to any asbestos containing dust. Discovery is continuing and

Defendant reserves the right to rely upon evidence obtained in discovery.

**Interrogatory No. 6:**      If you contend that Plaintiffs were exposed to any asbestos or asbestos-containing products other than at the below listed jobsites during the below listed dates, state all facts upon which you rely and identify in detail and produce any and all documents or other evidence which support your contention:

**Joseph Kapraun**
| | | |
|---|---|---|
| 1. | Sinai Hospital, Baltimore, MD | 1957-1958 |
| 2. | General Baltimore Medical Center Baltimore, MD | 1965-1968 |
| 3. | Anne Arundel Hospital, Annapolis, MD | 1966-1971 |

**David Stillwagon**
| | | |
|---|---|---|
| 1. | Dodge Park Elementary, Landover, MD | 1962-1969 |
| 2. | Bladensburg Jr. High School, Bladensburg, MD | 1962-1969 |
| 3. | Kenmoor Elementary, Landover, MD | 1962-1969 |
| 4. | Rockville High School, Rockville, MD | 1962-1969 |
| 5. | Bond Mill Elementary School, Laurel, MD | 1962-1969 |
| 6. | Raphael High School | 1962-1969 |
| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

**Answer:**      Defendant objects and refuses to respond to this interrogatory, which assumes

that it is Defendants' obligation to disprove exposure when, in fact, the burden falls upon the

plaintiff. Without waiving said objection, Defendant states that it denies that it caused Messer's.

Kapraun and Stillwagon to be exposed to any asbestos containing dust. Discovery is continuing and

Defendant reserves the right to rely upon evidence obtained in discovery.

**Interrogatory No. 7:**      State whether you transported, shipped, delivered, supplied, distributed, provided, sold and/or otherwise made available any asbestos-containing products for use, installation or application at any of the following jobsites during the below listed dates, and if so, state the type, trade name, manufacturer, asbestos content by fiber type and percentage, quantity of each product and the dates each was made available by you and identify and produce any documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

4

**Joseph Kapraun**
1.  Sinai Hospital, Baltimore, MD                        1957-1958
2.  General Baltimore Medical Center Baltimore, MD       1965-1968
3.  Anne Arundel Hospital, Annapolis, MD                 1966-1971

**David Stillwagon**
1.  Dodge Park Elementary, Landover, MD                  1962-1969
2.  Bladensburg Jr. High School, Bladensburg, MD         1962-1969
3.  Kenmoor Elementary, Landover, MD                     1962-1969
4.  Rockville High School, Rockville, MD                 1962-1969
5.  Bond Mill Elementary School, Laurel, MD              1962-1969
6.  Raphael High School                                  1962-1969
7.  Summer Hill Tower Apts., Alexandria, VA              mid 1960's
8.  Montgomery Mall, Montgomery County, MD               1962-1969
9.  Good Luck School, Prince George's County, MD         1962-1969
10. Southern Towers                                      1962-1969
11. 16th Street Apartments                               1962-1969

**Answer:**       Defendant objects to responding to this request, as it is overly broad and

unduly burdensome.  Defendant also objects to this request because it asks for time periods and

jobsites that are not at issue in these cases.  For these reasons, this Defendant will limit its response

to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who

testified in these cases.   Samuel Lane's deposition testimony limits the time period of alleged

exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the

time period of 1967 - 1968 at Anne Arundel General Hospital during the construction of a new

addition.  Mr. Joseph Brigandi's deposition testimony limits the alleged exposure that Mr. Kapraun

may have had to any products used by Hampshire employees during the time period of 1967 at

Greater Baltimore Medical Center during new construction.  Additionally, the only testimony that

places Mr. Kapraun at St. Joseph's Hospital is the deposition testimony of Harry Hunter who

testified he recalls working with Mr. Kapraun at St. Joseph's Hospital during 1963 through May of

1965 during new construction.

The Plaintiff, David Stillwagon, was the only fact witness who testified regarding the alleged exposure in the <u>Stillwagon</u> case.  According to Mr. Stillwagon's testimony, the only jobsites where exposure to any materials that were allegedly used by Hampshire occurred between 1962 to 1967 at Dodge Park School, Bladensburg Junior High School, Raphael High School, Kenmoor Elementary and Bond Mill Elementary.  Without waiving these objections and subject to them, Hampshire was a user of products manufactured or supplied by various other companies and reasonably relied upon the superior knowledge of the manufacturers and/or suppliers and on the information provided to it by said manufacturers and/or suppliers of the material purchased. Defendant has no records for any work as to any of the jobsites at issue during the time period when these Plaintiffs are alleged to have worked at the jobsites.  Although not relevant, Defendant has produced Hampshire job files that have been located for the jobsites at issue in these cases.

**Interrogatory No. 8:**        State whether at any time from 1957 to 1971 your officers, directors, employees or agents performed any work whatsoever at any of the following jobsites, and if so, state the dates, the specific location, area or building in which they worked, the nature of the project (i.e. new construction, renovation, etc.), the type of trades or crafts employed by you there, the number of each trade or craft employed by you and a description of the work performed by them and identify and produce any documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

**Joseph Kapraun**
1.     Sinai Hospital, Baltimore, MD
2.     General Baltimore Medical Center Baltimore, MD
3.     Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**
1.     Dodge Park Elementary, Landover, MD          1962-1969
2.     Bladensburg Jr. High School, Bladensburg, MD     1962-1969
3.     Kenmoor Elementary, Landover, MD          1962-1969
4.     Rockville High School, Rockville, MD          1962-1969
5.     Bond Mill Elementary School, Laurel, MD          1962-1969
6.     Raphael High School          1962-1969

6

| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

**Answer:**      Defendant objects to responding to this request, as it is overly broad and unduly burdensome. Defendant also objects to this request because it asks for time periods and jobsites that are not at issue in these cases. For these reasons, this Defendant will limit its response to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who testified in these cases. Samuel Lane's deposition testimony limits the time period of alleged exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the time period of 1967 - 1968 at Anne Arundel General Hospital during the construction of a new addition. Mr. Joseph Brigandi's deposition testimony limits the alleged exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the time period of 1967 at Greater Baltimore Medical Center during new construction. Additionally, the only testimony that places Mr. Kapraun at St. Joseph's Hospital is the deposition testimony of Harry Hunter who testified he recalls working with Mr. Kapraun at St. Joseph's Hospital during 1963 through May of 1965 during new construction.

The Plaintiff, David Stillwagon, was the only fact witness who testified regarding the alleged exposure in the Stillwagon case. According to Mr. Stillwagon's testimony, the only jobsites where exposure to any materials that were allegedly used by Hampshire occurred between 1962 to 1967 at Dodge Park School, Bladensburg Junior High School, Raphael High School, Kenmoor Elementary and Bond Mill Elementary. Defendant has no records for any work as to any of the jobsites at issue during the time period when these Plaintiffs are alleged to have worked at the jobsites. Although not

7

relevant, Defendant has produced Hampshire job files that have been located for the jobsites at issue in these cases.

**Interrogatory No. 9:**        State whether your employees handled, mixed, cut, sanded, used, sawed, sprayed, installed, applied, tore out or removed any asbestos-containing products at any of the following jobsites at any time between l957 and 1971 and, if so, state the dates thereof, product type, trade name, manufacturer, asbestos content by fiber type and percentage, quantity of each product, the specific location, area or building in which such products were used or handled, the type of crafts or trades employed by you that used or handled each product and identify and produce any documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

**Joseph Kapraun**
1.    Sinai Hospital, Baltimore, MD
2.    General Baltimore Medical Center Baltimore, MD
3.    Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**

| # | Jobsite | Dates |
|---|---------|-------|
| 1. | Dodge Park Elementary, Landover, MD | 1962-1969 |
| 2. | Bladensburg Jr. High School, Bladensburg, MD | 1962-1969 |
| 3. | Kenmoor Elementary, Landover, MD | 1962-1969 |
| 4. | Rockville High School, Rockville, MD | 1962-1969 |
| 5. | Bond Mill Elementary School, Laurel, MD | 1962-1969 |
| 6. | Raphael High School | 1962-1969 |
| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

**Answer:**        Defendant objects to responding to this request, as it is overly broad and unduly burdensome. Defendant also objects to this request because it asks for time periods and jobsites that are not at issue in these cases. For these reasons, this Defendant will limit its response to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who testified in these cases. Samuel Lane's deposition testimony limits the time period of alleged exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the time period of 1967 - 1968 at Anne Arundel General Hospital during the construction of a new

addition.  Mr. Joseph Brigandi's deposition testimony limits the alleged exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the time period of 1967 at Greater Baltimore Medical Center during new construction.  Additionally, the only testimony that places Mr. Kapraun at St. Joseph's Hospital is the deposition testimony of Harry Hunter who testified he recalls working with Mr. Kapraun at St. Joseph's Hospital during 1963 through May of 1965 during new construction.

The Plaintiff, David Stillwagon, was the only fact witness who testified regarding the alleged exposure in the Stillwagon case.  According to Mr. Stillwagon's testimony, the only jobsites where exposure to any materials that were allegedly used by Hampshire occurred between 1962 to 1967 at Dodge Park School, Bladensburg Junior High School, Raphael High School, Kenmoor Elementary and Bond Mill Elementary.  Without waiving these objections and subject to them, Hampshire was a user of products manufactured or supplied by various other companies and reasonably relied upon the superior knowledge of the manufacturers and/or suppliers and on the information provided to it by said manufacturers and/or suppliers of the material purchased.  Defendant has no records for any work as to any of the jobsites at issue during the time period when these Plaintiffs are alleged to have worked at the jobsites.  Although not relevant, Defendant has produced Hampshire job files that have been located for the jobsites at issue in these cases.

**Interrogatory No. 10:**     If you contend that the Plaintiffs' decedents were not exposed to asbestos-containing products handled, used, prepared, cut, sawed, sanded, applied, installed, removed or torn out by your officers, directors or employees as described by his co-workers in depositions, state all facts upon which you rely, and identify and produce all documents which support your contention.

**Answer:**     Defendant objects and refuses to respond to this interrogatory, which assumes that it is Defendants' obligation to disprove exposure when, in fact, the burden falls upon the

plaintiff. Without waiving said objection, Defendant states that it denies that it caused Messrs.

Kapraun or Stillwagon to be exposed to any asbestos-containing dust.   Discovery is continuing and

Defendant reserves the right to rely upon evidence obtained in discovery.

**Interrogatory No. 11:**      Please state the name, current or last known address and current or last title or position of each of your officers, directors, employees or agents that worked, supervised others, performed inspections or were otherwise present at any of the following jobsites at any time from 1957 to 1971 and for each state the dates they were there and their role or duties and identify and produce any documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

**Joseph Kapraun**
1.      Sinai Hospital, Baltimore, MD
2.      General Baltimore Medical Center Baltimore, MD
3.      Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**
1.      Dodge Park Elementary, Landover, MD                 1962-1969
2.      Bladensburg Jr. High School, Bladensburg, MD    1962-1969
3.      Kenmoor Elementary, Landover, MD                     1962-1969
4.      Rockville High School, Rockville, MD                    1962-1969
5.      Bond Mill Elementary School, Laurel, MD            1962-1969
6.      Raphael High School                                             1962-1969
7.      Summer Hill Tower Apts., Alexandria, VA            mid 1960's
8.      Montgomery Mall, Montgomery County, MD        1962-1969
9.      Good Luck School, Prince George's County, MD   1962-1969
10.    Southern Towers                                                  1962-1969
11.    16th Street Apartments                                        1962-1969

**Answer:**      Defendant objects to responding to this request, as it is overly broad and

unduly burdensome.  Defendant also objects to this request because it asks for time periods and

jobsites that are not at issue in these cases.  For these reasons, this Defendant will limit its response

to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who

testified in these cases.   Samuel Lane's deposition testimony limits the time period of alleged

exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the

time period of 1967 - 1968 at Anne Arundel General Hospital during the construction of a new

10

addition.  Mr. Joseph Brigandi's deposition testimony limits the alleged exposure that Mr. Kapraun

may have had to any products used by Hampshire employees during the time period of 1967 at

Greater Baltimore Medical Center during new construction.  Additionally, the only testimony that

places Mr. Kapraun at St. Joseph's Hospital is the deposition testimony of Harry Hunter who

testified he recalls working with Mr. Kapraun at St. Joseph's Hospital during 1963 through May of

1965 during new construction.

　　　　The Plaintiff, David Stillwagon, was the only fact witness who testified regarding the alleged

exposure in the Stillwagon case.  According to Mr. Stillwagon's testimony, the only jobsites where

exposure to any materials that were allegedly used by Hampshire occurred between 1962 to 1967 at

Dodge Park School, Bladensburg Junior High School, Raphael High School, Kenmoor Elementary

and Bond Mill Elementary.  Without waiving these objections and subject to them, Defendant has no

records for any work as to any of the jobsites at issue during the time period when these Plaintiffs are

alleged to have worked at the jobsites.  Although not relevant, Defendant has produced Hampshire

job files that have been located for the jobsites at issue in these cases.

　　**Interrogatory No. 12:**    Please identify, describe and provide the specific location of
each trailer, shed, shanty, warehouse, storage area or office used by you at any of the following
jobsites at any time from 1957 to 1971 and produce any documents which refer, relate or pertain to the
subject matter of this Interrogatory or which you reviewed or relied upon in responding.

**Joseph Kapraun**
1.　　Sinai Hospital, Baltimore, MD
2.　　General Baltimore Medical Center Baltimore, MD
3.　　Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**
| | | |
|---|---|---|
| 1. | Dodge Park Elementary, Landover, MD | 1962-1969 |
| 2. | Bladensburg Jr. High School, Bladensburg, MD | 1962-1969 |
| 3. | Kenmoor Elementary, Landover, MD | 1962-1969 |
| 4. | Rockville High School, Rockville, MD | 1962-1969 |
| 5. | Bond Mill Elementary School, Laurel, MD | 1962-1969 |

11

| 6. | Raphael High School | 1962-1969 |
| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

**Answer:**   Defendant objects to responding to this request, as it is overly broad and unduly burdensome.   Defendant also objects to this request because it asks for time periods and jobsites that are not at issue in these cases.   For these reasons, this Defendant will limit its response to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who testified in these cases.   Samuel Lane's deposition testimony limits the time period of alleged exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the time period of 1967 - 1968 at Anne Arundel General Hospital during the construction of a new addition.   Mr. Joseph Brigandi's deposition testimony limits the alleged exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the time period of 1967 at Greater Baltimore Medical Center during new construction.   Additionally, the only testimony that places Mr. Kapraun at St. Joseph's Hospital is the deposition testimony of Harry Hunter who testified he recalls working with Mr. Kapraun at St. Joseph's Hospital during 1963 through May of 1965 during new construction.

The Plaintiff, David Stillwagon, was the only fact witness who testified regarding the alleged exposure in the Stillwagon case.   According to Mr. Stillwagon's testimony, the only jobsites where exposure to any materials that were allegedly used by Hampshire occurred between 1962 to 1967 at Dodge Park School, Bladensburg Junior High School, Raphael High School, Kenmoor Elementary and Bond Mill Elementary.   Without waiving these objections and subject to them, Defendant has no records for any work as to any of the jobsites at issue during the time period when these Plaintiffs are

12

alleged to have worked at the jobsites.  Although not relevant, Defendant has produced Hampshire

job files that have been located for the jobsites at issue in these cases.

    **Interrogatory No. 13:**      Please identify and produce any contracts, subcontracts, proposals, specifications, drawings, blue prints, schematics, delivery slips, delivery or payment receipts, invoices, bills of lading, employment records, time cards, payroll records or any other written materials which refer, relate or pertain to work performed, or products sold, supplied, distributed, provided or installed by you to any of the following jobsites at any time from 1957-1971.

**Joseph Kapraun**
1. Sinai Hospital, Baltimore, MD
2. General Baltimore Medical Center Baltimore, MD
3. Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**

| # | Jobsite | Dates |
|---|---------|-------|
| 1. | Dodge Park Elementary, Landover, MD | 1962-1969 |
| 2. | Bladensburg Jr. High School, Bladensburg, MD | 1962-1969 |
| 3. | Kenmoor Elementary, Landover, MD | 1962-1969 |
| 4. | Rockville High School, Rockville, MD | 1962-1969 |
| 5. | Bond Mill Elementary School, Laurel, MD | 1962-1969 |
| 6. | Raphael High School | 1962-1969 |
| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

    **Answer:**      Defendant objects to responding to this request, as it is overly broad and

unduly burdensome.  Defendant also objects to this request because it asks for time periods and

jobsites that are not at issue in these cases.  For these reasons, this Defendant will limit its response

to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who

testified in these cases.   Samuel Lane's deposition testimony limits the time period of alleged

exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the

time period of 1967 - 1968 at Anne Arundel General Hospital during the construction of a new

addition.  Mr. Joseph Brigandi's deposition testimony limits the alleged exposure that Mr. Kapraun

may have had to any products used by Hampshire employees during the time period of 1967 at Greater Baltimore Medical Center during new construction. Additionally, the only testimony that places Mr. Kapraun at St. Joseph's Hospital is the deposition testimony of Harry Hunter who testified he recalls working with Mr. Kapraun at St. Joseph's Hospital during 1963 through May of 1965 during new construction.

The Plaintiff, David Stillwagon, was the only fact witness who testified regarding the alleged exposure in the Stillwagon case. According to Mr. Stillwagon's testimony, the only jobsites where exposure to any materials that were allegedly used by Hampshire occurred between 1962 to 1967 at Dodge Park School, Bladensburg Junior High School, Raphael High School, Kenmoor Elementary and Bond Mill Elementary. Without waiving these objections and subject to them, Defendant has no records for any work as to any of the jobsites at issue during the time period when these Plaintiffs are alleged to have worked at the jobsites. Although not relevant, Defendant has produced Hampshire job files that have been located for the jobsites at issue in these cases.

**Interrogatory No. 14:**     Identify each corporate, fact and lay witness you intend to call at trial either live or through the presentation of deposition testimony and the subject matter upon which they will testify.

**Answer:**     Defendant objects to this Interrogatory, which invades the work product privilege. Without waiving said objection, Defendant refers Plaintiff to its Witness List that will be provided in accordance with the Scheduling Order of this Court. Defendant reserves the right to add additional witnesses to that list, depending on any additional information provided by Plaintiff and depending on the proof elicited by Plaintiff at trial.

**Interrogatory No. 15:** Please identify each expert witness you intend to call at trial, their field of expertise, their opinions and conclusions, the basis and grounds for their opinions and conclusions, produce a copy of each expert report in this case including, all draft, preliminary and final versions and identify and produce all materials reviewed by them or upon which they relied

14

in forming their opinions and conclusions.

**Answer:**        Defendant objects to this Interrogatory, which invades the work product

privilege.  Without waiving said objection, Defendant refers Plaintiff to its Witness List that will be

provided in accordance with the Scheduling Order of this Court. Defendant reserves the right to add

additional witnesses to that list, depending on any additional information provided by Plaintiff and

depending on the proof elicited by Plaintiff at trial.

**Interrogatory No. 16:**        Please identify and produce copies of any documents or other
evidence to be marked for identification, moved into evidence or used by you to cross-examine any
witness at the trial of this case and any charts, slides or other demonstrative aids to be used by you or
any of your witnesses at trial.

**Answer:**        Defendant objects to this Interrogatory and refuses to respond as it seeks

counsels' work product that may be used in defense of this litigation.  Defendant reserve the right to

use charts, slides or demonstrative aids at trial.

**Interrogatory No. 17:**        Identify by name, current or last address and current or last title
or position each person who provided information used to answer these interrogatories.

**Answer:**        This Defendant objects to Interrogatory No. 8, which invades the work product

privilege. Without waving this objection and subject to it, Charles E. Fry, Jr., President, Hampshire

Industries, Inc., 320 W. 24th Street, Baltimore, Maryland 21211.

**Interrogatory No. 18:**        Please describe by year, make, model, size, color, markings,
logos and any writing, each vehicle, truck, van or car used by you to transport men, materials,
equipment or paperwork to any of the following jobsite at any time from 1957 to 1971 and identify
and produce any documents which refer, relate or pertain to the subject matter of this Interrogatory or
which you relied upon in responding.

**Joseph Kapraun**
1.    Sinai Hospital, Baltimore, MD
2.    General Baltimore Medical Center Baltimore, MD
3.    Anne Arundel Hospital, Annapolis, MD

15

**David Stillwagon**

| | | |
|---|---|---|
| 1. | Dodge Park Elementary, Landover, MD | 1962-1969 |
| 2. | Bladensburg Jr. High School, Bladensburg, MD | 1962-1969 |
| 3. | Kenmoor Elementary, Landover, MD | 1962-1969 |
| 4. | Rockville High School, Rockville, MD | 1962-1969 |
| 5. | Bond Mill Elementary School, Laurel, MD | 1962-1969 |
| 6. | Raphael High School | 1962-1969 |
| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

**Answer:**    Defendant objects to responding to this request, as it is overly broad and

unduly burdensome.  Defendant also objects to this request because it asks for time periods and

jobsites and company vehicle information that are not at issue in these cases.  For these reasons, this

Defendant will limit its response to the jobsites and time periods at issue identified by Plaintiffs or

Plaintiff-specific coworkers who testified in these cases.  Samuel Lane's deposition testimony limits

the time period of alleged exposure that Mr. Kapraun may have had to any products used by

Hampshire employees during the time period of 1967 - 1968 at Anne Arundel General Hospital

during the construction of a new addition.  Mr. Joseph Brigandi's deposition testimony limits the

alleged exposure that Mr. Kapraun may have had to any products used by Hampshire employees

during the time period of 1967 at Greater Baltimore Medical Center during new construction.

Additionally, the only testimony that places Mr. Kapraun at St. Joseph's Hospital is the deposition

testimony of Harry Hunter who testified he recalls working with Mr. Kapraun at St. Joseph's

Hospital during 1963 through May of 1965 during new construction.

The Plaintiff, David Stillwagon, was the only fact witness who testified regarding the alleged

exposure in the Stillwagon case.  According to Mr. Stillwagon's testimony, the only jobsites where

exposure to any materials that were allegedly used by Hampshire occurred between 1962 to 1967 at

16

Dodge Park School, Bladensburg Junior High School, Raphael High School, Kenmoor Elementary and Bond Mill Elementary. Without waiving these objections and subject to them, Defendant has no records for any work as to any of the jobsites at issue during the time period when these Plaintiffs are alleged to have worked at the jobsites. Although not relevant, Defendant has produced Hampshire job files that have been located for the jobsites at issue in these cases.

**Interrogatory No. 19:**      If you contend any asbestos-containing product other than yours was a substantial contributing factor to the disease alleged by Plaintiffs, state:

a.      the regularity, frequency and proximity of each exposure of Plaintiffs to the asbestos products of any other entity;

b.      the description of each type of asbestos product of any other entity to which you allege Plaintiffs were exposed;

c.      the trade or brand name of each asbestos product of any other entity to which you allege Plaintiffs were exposed;

d.      the asbestos fiber type and asbestos content of each asbestos product of any other entity to which you claim Plaintiffs were exposed;

e.      the identity of each witness that you intend to offer at trial, either live or through deposition testimony which you assert establishes Plaintiffs' exposure to the asbestos products of any other entity.

f.      Identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

**Answer:**      Discovery and investigation of this case is still continuing. Defendant does state that it will rely upon discovery taken in this case and in asbestos litigation generally, including Plaintiffs' Answers to Interrogatories; deposition transcripts; depositions given by witnesses on the parties' witness lists, both in this and other asbestos cases; and discovery responses filed by defendants, both in this and other asbestos cases.

17

**Interrogatory No. 20:**   Please identify each and every cross-defendant or third party defendant against whom you assert a claim for contribution and/or indemnification, and for each state:

    a.     the regularity, frequency and proximity of each exposure of Plaintiffs to the asbestos products of the cross-defendant or third-party defendant;

    b.     the description of each type of asbestos products of the cross-defendants and third-party defendants to which you allege Plaintiffs were exposed;

    c.     the trade or brand name of each asbestos product of the cross-defendants or third-party defendants to which you allege Plaintiffs were exposed;

    d.     the asbestos fiber type and asbestos content of each asbestos-containing product of the cross-defendants or third-party defendants to which you allege Plaintiffs were exposed;

    e.     the identity of each witness that you intend to offer at trial either live or through deposition testimony which you assert establishes Plaintiffs' exposure to the asbestos products of the cross-defendants or third-party defendants; and

    f.     identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

**Answer:**   Defendant's pleadings are on file.  Defendant states that it will rely upon discovery taken in this case and in asbestos litigation generally, including Plaintiffs' Answers to Interrogatories; deposition transcripts; depositions given by witnesses on the parties' witness lists, both in this and other asbestos cases; and discovery responses filed by defendants, both in this and other asbestos cases.  Defendant will supplement this Answer at a later time when the information is available.  Defendant has also filed an identification of cross-claims and a third-party complaint in this case pursuant to the scheduling order and Plaintiff can reference that filing electronically on *LexisNexis File & Serve.*

**Interrogatory No. 21:**   Please state whether you intend, at trial, to dispute or contest the diagnosis of asbestos-related disease as set forth in plaintiffs' decedent's medical records and expert reports and, if so, state in detail the basis therefor.

18

**Answer:**   Defendant objects to this discovery request and refuses to respond, as it is Plaintiffs' burden of proof to demonstrate an asbestos-related disease.

**Interrogatory No. 22:**   Please describe in detail and provide the date of any and all actions taken by you at any time from 1929 to 1980 to prevent contact by individuals not employed by you with any of the activities of your officers, directors, employees or agents at any of the following jobsites or any dust generated by your employees at any of the following jobsites and identify and produce any documents which refer, relate or pertain to the subject matter of this Interrogatory or which you relied upon in responding.

**Joseph Kapraun**
1. Sinai Hospital, Baltimore, MD
2. General Baltimore Medical Center Baltimore, MD
3. Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**
1. Dodge Park Elementary, Landover, MD — 1962-1969
2. Bladensburg Jr. High School, Bladensburg, MD — 1962-1969
3. Kenmoor Elementary, Landover, MD — 1962-1969
4. Rockville High School, Rockville, MD — 1962-1969
5. Bond Mill Elementary School, Laurel, MD — 1962-1969
6. Raphael High School — 1962-1969
7. Summer Hill Tower Apts., Alexandria, VA — mid 1960's
8. Montgomery Mall, Montgomery County, MD — 1962-1969
9. Good Luck School, Prince George's County, MD — 1962-1969
10. Southern Towers — 1962-1969
11. 16th Street Apartments — 1962-1969

**Answer:**   Defendant objects to responding to this request, as it is overly broad and unduly burdensome. Defendant also objects to this request because it asks for time periods and jobsites that are not at issue in these cases. For these reasons, this Defendant will limit its response to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who testified in these cases. Without waiving these objections and subject to them, Hampshire was a user of products manufactured and supplied by various other companies and reasonably relied upon the superior knowledge of the manufacturers and/or suppliers and on the information provided to it by said manufacturers and/or suppliers of materials purchased by Hampshire. No manufacturer advised

19

Hampshire of any risk associated with asbestos, generally, or with the use of the manufacturer's

specific products.  Hampshire also never received any warnings about asbestos-containing products

from architects or premises owners who specified the products this Defendant installed.

    **Interrogatory No. 23:**       Please describe in detail and provide the date of any and all
warnings, cautions, instructions, suggestions or recommendations regarding the potential dangers of
asbestos exposure provided by you to any of the following entities or their employees at any time
from 1929 to 1980 and identify and produce any documents which refer, relate or pertain to the
subject matter of this Interrogatory or which you relied upon in responding.

**Joseph Kapraun**
1.     Sinai Hospital, Baltimore, MD
2.     General Baltimore Medical Center Baltimore, MD
3.     Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**

| | | |
|---|---|---|
| 1. | Dodge Park Elementary, Landover, MD | 1962-1969 |
| 2. | Bladensburg Jr. High School, Bladensburg, MD | 1962-1969 |
| 3. | Kenmoor Elementary, Landover, MD | 1962-1969 |
| 4. | Rockville High School, Rockville, MD | 1962-1969 |
| 5. | Bond Mill Elementary School, Laurel, MD | 1962-1969 |
| 6. | Raphael High School | 1962-1969 |
| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

    **Answer:**      Defendant objects to responding to this request, as it is overly broad and

unduly burdensome.  Defendant also objects to this request because it asks for time periods and

jobsites that are not at issue in these cases.  For these reasons, this Defendant will limit its response

to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who

testified in these cases.  Without waiving these objections and subject to them, Hampshire was a user

of products manufactured and supplied by various other companies and reasonably relied upon the

superior knowledge of the manufacturers and/or suppliers and on the information provided to it by

said manufacturers and/or suppliers of materials purchased by Hampshire. No manufacturer advised

Hampshire of any risk associated with asbestos, generally, or with the use of the manufacturer's

specific products. Hampshire also never received any warnings about asbestos-containing products

from architects or premises owners who specified the products this Defendant installed.

**Interrogatory No. 24:** If you contend that any of the following entities or their employees at any time from 1929 to 1980 had actual knowledge of the potential health hazards of exposure to asbestos or asbestos containing products, state when you first became aware of their knowledge and all facts upon which you rely and identify and produce copies of all documents which support your contention.

**Joseph Kapraun**

1. Sinai Hospital, Baltimore, MD
2. General Baltimore Medical Center Baltimore, MD
3. Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**

| | | |
|---|---|---|
| 1. | Dodge Park Elementary, Landover, MD | 1962-1969 |
| 2. | Bladensburg Jr. High School, Bladensburg, MD | 1962-1969 |
| 3. | Kenmoor Elementary, Landover, MD | 1962-1969 |
| 4. | Rockville High School, Rockville, MD | 1962-1969 |
| 5. | Bond Mill Elementary School, Laurel, MD | 1962-1969 |
| 6. | Raphael High School | 1962-1969 |
| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

**Answer:** Discovery and investigation is continuing. Defendant reserves the right to so

contend.

**Interrogatory No. 25:** If you contend that your officers, directors, employees or agents did not work in the vicinity of other individuals at any of the following jobsites during the below listed years, state all facts upon which you rely and identify and produce any and all documents which support your contention.

**Joseph Kapraun**

| | | |
|---|---|---|
| 1. | Sinai Hospital, Baltimore, MD | 1957-1958 |
| 2. | General Baltimore Medical Center Baltimore, MD | 1965-1968 |

3.      Anne Arundel Hospital, Annapolis, MD          1966-1971

**David Stillwagon**
1.      Dodge Park Elementary, Landover, MD            1962-1969
2.      Bladensburg Jr. High School, Bladensburg, MD   1962-1969
3.      Kenmoor Elementary, Landover, MD               1962-1969
4.      Rockville High School, Rockville, MD           1962-1969
5.      Bond Mill Elementary School, Laurel, MD        1962-1969
6.      Raphael High School                            1962-1969
7.      Summer Hill Tower Apts., Alexandria, VA        mid 1960's
8.      Montgomery Mall, Montgomery County, MD         1962-1969
9.      Good Luck School, Prince George's County, MD   1962-1969
10.     Southern Towers                                1962-1969
11.     16th Street Apartments                         1962-1969

**Answer:**      Defendant objects to responding to this request, as it is overly broad and

unduly burdensome.  Defendant also objects to this request because it asks for time periods and

jobsites that are not at issue in these cases.  For these reasons, this Defendant will limit its response

to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who

testified in these cases.  Without waiving these objections and subject to them, discovery and

investigation is continuing.  Defendant reserves the right to so contend.

**Interrogatory No. 26:**      Please identify and produce any documents which refer, relate
or pertain to the involvement by your officers, directors, employees or agents in the construction,
remodeling, renovation, removal or relocation of any office space at any of the following jobsites
during the below listed dates at any time from 1957 to 1971 and produce any documents which refer,
relate or pertain to the subject matter of this Interrogatory or which you relied upon in responding.

**Joseph Kapraun**
1.      Sinai Hospital, Baltimore, MD
2.      General Baltimore Medical Center Baltimore, MD
3.      Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**
1.      Dodge Park Elementary, Landover, MD            1962-1969
2.      Bladensburg Jr. High School, Bladensburg, MD   1962-1969
3.      Kenmoor Elementary, Landover, MD               1962-1969
4.      Rockville High School, Rockville, MD           1962-1969
5.      Bond Mill Elementary School, Laurel, MD        1962-1969

22

| 6.  | Raphael High School                        | 1962-1969   |
|-----|--------------------------------------------|-------------|
| 7.  | Summer Hill Tower Apts., Alexandria, VA     | mid 1960's  |
| 8.  | Montgomery Mall, Montgomery County, MD      | 1962-1969   |
| 9.  | Good Luck School, Prince George's County, MD | 1962-1969  |
| 10. | Southern Towers                            | 1962-1969   |
| 11. | 16th Street Apartments                     | 1962-1969   |

**Answer:**      Defendant objects to responding to this request, as it is overly broad and

unduly burdensome.  Defendant also objects to this request because it asks for time periods and

jobsites that are not at issue in these cases.  For these reasons, this Defendant will limit its response

to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who

testified in these cases.   Samuel Lane's deposition testimony limits the time period of alleged

exposure that Mr. Kapraun may have had to any products used by Hampshire employees during the

time period of 1967 - 1968 at Anne Arundel General Hospital during the construction of a new

addition.  Mr. Joseph Brigandi's deposition testimony limits the alleged exposure that Mr. Kapraun

may have had to any products used by Hampshire employees during the time period of 1967 at

Greater Baltimore Medical Center during new construction.  Additionally, the only testimony that

places Mr. Kapraun at St. Joseph's Hospital is the deposition testimony of Harry Hunter who

testified he recalls working with Mr. Kapraun at St. Joseph's Hospital during 1963 through May of

1965 during new construction.

The Plaintiff, David Stillwagon, was the only fact witness who testified regarding the alleged

exposure in the Stillwagon case.  According to Mr. Stillwagon's testimony, the only jobsites where

exposure to any materials that were allegedly used by Hampshire occurred between 1962 to 1967 at

Dodge Park School, Bladensburg Junior High School, Raphael High School, Kenmoor Elementary

and Bond Mill Elementary.  Without waiving these objections and subject to them, Defendant has no

records for any work as to any of the jobsites at issue during the time period when these Plaintiffs are

alleged to have worked at the jobsites.  Although not relevant, Defendant has produced Hampshire

job files that have been located for the jobsites at issue in these cases.

**Interrogatory No. 27:**        Please describe all warnings, caution, instructions, orders, recommendations or directives concerning the tear out or removal of asbestos containing pipe covering, block, cement, plaster and/or fireproofing spray at any of the following jobsites given by you to any of your officers, directors, employees or agents who worked there at any time from 1929 to 1980 and produce any documents which refer, relate or pertain to the subject matter of this Interrogatory or which you relied upon in responding.

**Joseph Kapraun**
1.       Sinai Hospital, Baltimore, MD
2.       General Baltimore Medical Center Baltimore, MD
3.       Anne Arundel Hospital, Annapolis, MD

**David Stillwagon**
1.       Dodge Park Elementary, Landover, MD                       1962-1969
2.       Bladensburg Jr. High School, Bladensburg, MD       1962-1969
3.       Kenmoor Elementary, Landover, MD                            1962-1969
4.       Rockville High School, Rockville, MD                          1962-1969
5.       Bond Mill Elementary School, Laurel, MD                  1962-1969
6.       Raphael High School                                                      1962-1969
7.       Summer Hill Tower Apts., Alexandria, VA                  mid 1960's
8.       Montgomery Mall, Montgomery County, MD              1962-1969
9.       Good Luck School, Prince George's County, MD        1962-1969
10.     Southern Towers                                                             1962-1969
11.     16th Street Apartments                                                 1962-1969

**Answer:**       Defendant objects to responding to this request, as it is overly broad and

unduly burdensome.  Defendant also objects to this request because it asks for time periods and

jobsites that are not at issue in these cases.  For these reasons, this Defendant will limit its response

to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who

testified in these cases.  Without waiving these objections and subject to them, Hampshire was a user

of products manufactured and supplied by various other companies and reasonably relied upon the

superior knowledge of the manufacturers and/or suppliers and on the information provided to it by

said manufacturers and/or suppliers of materials purchased by Hampshire.  No manufacturer advised

24

Hampshire of any risk associated with asbestos, generally, or with the use of the manufacturer's specific products. Hampshire also never received any warnings about asbestos-containing products from architects or premises owners who specified the products this Defendant installed.

**Interrogatory No. 28:**       If you contend that your officers, directors, employees or agents did not work at any one of more of the following jobsites during the below listed dates, state all facts upon which you rely and identify and produce any and all documents which support your contentions.

**Joseph Kapraun**

| | | |
|---|---|---|
| 1. | Sinai Hospital, Baltimore, MD | 1957-1958 |
| 2. | General Baltimore Medical Center Baltimore, MD | 1965-1968 |
| 3. | Anne Arundel Hospital, Annapolis, MD | 1966-1971 |

**David Stillwagon**

| | | |
|---|---|---|
| 1. | Dodge Park Elementary, Landover, MD | 1962-1969 |
| 2. | Bladensburg Jr. High School, Bladensburg, MD | 1962-1969 |
| 3. | Kenmoor Elementary, Landover, MD | 1962-1969 |
| 4. | Rockville High School, Rockville, MD | 1962-1969 |
| 5. | Bond Mill Elementary School, Laurel, MD | 1962-1969 |
| 6. | Raphael High School | 1962-1969 |
| 7. | Summer Hill Tower Apts., Alexandria, VA | mid 1960's |
| 8. | Montgomery Mall, Montgomery County, MD | 1962-1969 |
| 9. | Good Luck School, Prince George's County, MD | 1962-1969 |
| 10. | Southern Towers | 1962-1969 |
| 11. | 16th Street Apartments | 1962-1969 |

**Answer:**       Defendant objects to responding to this request, as it is overly broad and unduly burdensome. Defendant also objects to this request because it asks for time periods and jobsites that are not at issue in these cases. For these reasons, this Defendant will limit its response to the jobsites and time periods at issue identified by Plaintiffs or Plaintiff-specific coworkers who testified in these cases. Without waiving these objections and subject to them, discovery and investigation is continuing. Defendant reserves the right to so contend.

I HEREBY DECLARE and affirm under the penalties of perjury that the contents of the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

HAMPSHIRE INDUSTRIES, INC.

By:_____

Respectfully submitted,

**/s/ Malcolm S. Brisker**
Malcolm S. Brisker
Thomas M. Goss
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD  21202
(410) 783-4000

Attorneys for Hampshire Industries, Inc.

704142

26