**MDL 875**

# BEFORE THE JUDICIAL PANEL
## OF MULTIDISTRICT LITIGATION

FEB 2 1 2007

FILED
CLERK'S OFFICE

**IN RE ASBESTOS PRODUCT LITIGATION**

**MDL DOCKET No. 875**

This Opposition Relates to:

**from the:**

**CLINTON BRADY, ET AL.,
PLAINTIFFS**

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTERN DIVISION**

**VERSUS**

**CIVIL ACTION NO. 1:06 cv 1202 WJG**

**PHILLIPS 66 COMPANY, ET AL.
DEFENDANTS**

PLEADING NO. 4970

## OPPOSITION OF DEFENDANT, POOL OFFSHORE COMPANY, TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-272)

TO THE HONORABLE MULTIDISTRICT PANEL:

COMES NOW, through undersigned counsel, Defendant, Pool Offshore d/b/a Pool Company, (hereinafter "Pool Offshore"), who files this Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-272)[1], respectfully requesting that this Court deny Plaintiffs' Motion for the following reasons:

1) The instant matters are properly before the Judicial Panel on Multidistrict Litigation.

2) These cases were properly removed because federal question jurisdiction exists pursuant to 28 U.S.C. § 1441 and the Outer Continental Shelf Lands Act ("OCSLA").[2]

---

[1] Plaintiffs filed a consolidated Motion to Vacate for all actions listed on the Schedule of Actions attached hereto as Exhibit "A." In response thereto and in opposition of those actions, individually, and *in globo*, defendant files this consolidated opposition.

[2] 43 U.S.C. § 1331, *et seq.*

OFFICIAL FILE COPY

3)     Plaintiffs failed to allege colorable claims of Jones Act seaman status, because they did not set forth any allegations or evidence that any of them had a substantial connection to a vessel or identifiable fleet of vessels while employed by Pool Offshore.

4)     Pool Offshore's Notice of Removal was filed timely.

5)     All co-defendants timely consented to removal.

WHEREFORE, Pool Offshore Company, incorrectly named as Pool Offshore d/b/a Pool Company, requests that its Opposition to the Plaintiffs' Motion to Vacate be sustained and the Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-272) be denied.

Respectfully submitted this 16th day of February, 2007.

POOL OFFSHORE D/B/A POOL COMPANY

BY: JESSICA R. JONES (TX Bar No. 00792190)
     DORIS T. BOBADILLA (MS Bar No. 99869)

GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
One Shell Square – 40th Floor
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

OF COUNSEL

RICHARD O. BURSON (Ms. Bar No. 7580)
Ferris Burson Entrekin & Follis, PLLC
Post Office Drawer 1289
Laurel, MS  39441
Phone: 601-649-5399
Fax:     601-649-5799

Case MDL No. 875 · Document 4970    Filed 02/21/07    Page 3 of 83

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 1 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

On the 16th day of February, 2007, a true and correct copy of the above and foregoing instrument was duly served upon all parties via their counsel of record by depositing same in the U.S. mail, proper postage prepaid (or via electronic means) addressed to all parties on the Panel Service List attached hereto.

DORIS T. BOBADILLA

2007 FEB 21  A 11: 19

RECEIVED
CLERK'S OFFICE

CIAL PANEL ON
TIDISTRICT
TIGATION

**SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Brandon Kaye Polk v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-383 (Judge Walter J. Gex III)
*Daniel Livingston v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-384 (Judge Walter J. Gex III)
*Ralph T. McPhail v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1146 (Judge Walter J. Gex III)
*Willie Lee Daniels v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1199
  (Judge Walter J. Gex III)
*Harvey E. Broom v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1200 (Judge Walter J. Gex III)
*Rolland Dearman v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1201 (Judge Walter J. Gex III)
*Clinton L. Brady v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1202 (Judge Walter J. Gex III)
*Deloice Bullock v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1203 (Judge Walter J. Gex III)
*Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1204
  (Judge Walter J. Gex III)
*Terry Wallace v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1205 (Judge Walter J. Gex III)
*Ray C. Rawls v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1206 (Judge Walter J. Gex III)
*Lonnie Newsom v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1207 (Judge Walter J. Gex III)
*George Dixon v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1208 (Judge Walter J. Gex III)
*Ted L. Piner v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1209 (Judge Walter J. Gex III)
*Henry A. Herring v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1210 (Judge Walter J. Gex III)
*Joseph Crawford v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1211 (Judge Walter J. Gex III)
*Dan Mack Daughdrill v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1212
  (Judge Walter J. Gex III)
*Tony N. Thomas v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1213 (Judge Walter J. Gex III)
*Patrick Curd v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1214 (Judge Walter J. Gex III)
*Louis T. Elmer v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1215 (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Ashley E. Calhoun
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jack Robinson Dodson, III
Bradley, Arant, Rose & White
P.O. Box 1789
Jackson, MS 39215-1789

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Gregory N. Jones
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272) - MDL-875          Page 2 of 2

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Simine Bazyarl Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Corina E. Salazar
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Allen R. Vaught
Franklin, Cardwell & Jones
1700 Pacific Avenue
Suite 1610
Dallas, TX 75214

Jonathan Robert Werne
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 1 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## OF MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCT
LITIGATION

MDL DOCKET No. 875

This Opposition Relates to:

**from the:**

CLINTON BRADY, ET AL.
    PLAINTIFFS

**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI,
EASTER DIVISION**

VERSUS

CIVIL ACTION NO. 1:06 cv 1202 WJG

PHILLIPS 66 COMPANY, ET AL.
    DEFENDANTS

### BRIEF IN SUPPORT OF DEFENDANT, POOL OFFSHORE'S, OPPOSITION TO
### PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-272)

    Defendant, Pool Offshore Company, incorrectly named as Pool Offshore d/b/a Pool Company, (hereinafter "Pool Offshore") hereby files this Brief in Support of its Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-272), and would show unto the court:

    1)    The instant matters are properly before the Judicial Panel on Multidistrict Litigation.

    2)    These matters were properly removed because federal question jurisdiction exists pursuant to 28 U.S.C. § 1441 and the Outer Continental Shelf Lands Act ("OCSLA").[1]

    3)    Plaintiffs have failed to allege a colorable claim of Jones Act seaman status, because they did not set forth any allegations or evidence that he had a substantial connection to a vessel or identifiable fleet of vessels while employed by Pool Offshore.

---

[1] 43 U.S.C. § 1331, *et seq.*

4)      Pool Offshore's Notice of Removal was filed timely.

5)      All co-defendants timely consented to removal.

## I. FACTS

**A.      The Original Actions.**

These claims were initially commenced via in the Circuit Court of Jones, Smith, and Jasper County, Mississippi.  In these actions, Plaintiffs sought to recover damages against various named defendants, including Pool Offshore, on account of alleged exposure to drilling mud containing several enumerated asbestos products and derivatives.  In response, Pool Offshore filed a motion to dismiss Plaintiffs' Complaint for failure to comply with the prerequisites of pleading pursuant to Rules 8 and 9 of the Mississippi Rules of Civil Procedure or, in the alternative, seeking an order compelling the Plaintiffs to provide a more definitive statement of their claims, as required by Rule 12(e) of the Mississippi Rules of Civil Procedure.

**B.      Special Master – Fact sheets, severance and transfer.**

Ruling on Pool Offshore's motion (as well as like motions filed on behalf of other defendants), the court-appointed Special Master ordered all Plaintiffs to produce fact sheets that contained information sufficient to comply with the Mississippi rules of pleading detailing their individual employment histories and their respectively alleged periods of exposure to asbestos products.  Further, based on findings of improper joinder, the Special Master further ordered that the claims of all Plaintiffs in the action be severed and transferred to proceed separately in venues determined proper for the same.

**C.      Jones County action and subsequent removal.**

On November 1, 2006, pursuant to the Special Master's severance and transfer order, Plaintiffs filed "First Amended Complaints," ("Amended Complaint") in the Circuit Court of

Jones County, Mississippi. The allegations of which, identify Pool Offshore as Plaintiff's Jones Act employer pursuant to 46 U.S.C. §688, and contend that: 1.) Pool used asbestos in its drilling operations, structures and equipment; 2.) such structures and equipment qualify as vessels; 3.) Plaintiffs were "seaman and crewmembers" of these "vessels," 4.) the use of asbestos rendered said "vessels" unseaworthy; and 5.) the use of asbestos constituted negligence on the part of Pool, which alleged negligence, caused Plaintiffs' injuries. In connection with the Plaintiffs' claims against Pool, Plaintiffs' fact sheets state only that they worked for Pool Offshore from the early 1960s to the 1980s offshore in the Gulf of Mexico. Plaintiffs completely failed to allege a substantial connection to a vessel or fleet of vessels while employed by Pool Offshore.

It is undisputed that, at the time of Plaintiffs' alleged employment with Pool Offshore, Pool Offshore was in the business of exploration, development, and production of minerals on the subsoil and seabed of the Outer Continental Shelf in the Gulf of Mexico. Moreover, despite Plaintiffs' allegations of entitlement to seaman status, the records of Pool Offshore concerning Plaintiffs' employment do not reflect that any of these Plaintiffs were primarily assigned to a vessel in navigation or spent more than 30% of their time assigned to or working aboard vessels in navigation.[2] As explained in detail herein, based on the foregoing facts Plaintiffs' claims against Pool Offshore are governed by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, et seq. Accordingly, on November 30, 2006, Pool Offshore removed these matters, invoking the federal question jurisdiction of this United States District Court. Thereafter, on December 4, 2006, these matters were conditionally transferred to the Multidistrict Litigation. Plaintiffs then

---

[2] See Affidavits of Laura Doerre, attached *in globo* as Exhibit "B," hereto. See also *Stewart v. Dutra Construction Company*, 543 U.S. 481 (2005).

filed a Motion to Remand on December 29, 2006, and a Motion to Vacate the conditional transfer on January 31, 2007.

## LAW AND ARGUMENT

**A.**    **Oilfield Asbestos Cases are entitled to hearing before the Judicial Panel of Multidistrict Litigation.**

These actions were transferred to the Judicial panel on Multidistrict Litigation ("MDL") pursuant to 28 U.S.C. § 1407, which provides: "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated pretrial proceedings." The MDL is utilized for the convenience of the parties and witnesses and to promote the just and efficient pre-trial conduct of the action.[3]

In the Motion to Vacate, Plaintiffs objected to the conditional transfer to the MDL merely because their Petitions contained the word "asbestos." Moreover, it was argued that oilfield asbestos cases are not proper before the MDL because they are not "brought against a laundry list of peripheral defendants." For this reason, Plaintiffs argued that Pool Offshore's reliance on traditional MDL cases in support of its motion to transfer was erroneous. Interestingly, Pool Offshore did not file a motion to transfer these matters. Instead, the Panel, on its own accord, conditionally transferred these matters to the MDL.

Plaintiffs' causes are properly before the Judicial Panel on Multidistrict Litigation as there are multiple cases with similar factual circumstances now pending before this Panel.[4] Thus, it is of no moment whether Plaintiffs' causes are "traditional" asbestos cases or "oilfield asbestos" cases. The propriety of the pendency of these causes before the Panel hinges on the commonality of facts with other matters, not the classification of the action. As such, these cases

---

[3] See 28 U.S.C. § 1407.

[4] See Conditional Transfer Order (CTO-272) and Schedule CTO-272 attached hereto as Exhibit "C."

are properly before this panel for coordinated pretrial proceedings because the specific cases under Docket No. 875 involve common questions of fact.

**B.      These Actions are properly before this court as a "Tag-Along Action."**

Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation defines a "tag-along action" as "a civil action pending in a district court and involving common questions of facts with actions previously transferred under Section 1407."[5]  These are "tag-along actions" to the following cases which are now pending before this Panel in accordance with Conditional Transfer Order 264[6]: "*Johnny W. Faust v. Phillips 66 Company, et al."* Civil Action No. 1:06-cv-381; and *"Dale F. Polk v. Phillips 66 Company, et al."* Civil Action No. 1:06-cv-382.  These cases are factually similar to the present actions and contain common issues of fact and law to the action filed by Brady.

The instant matters were transferred from the United States District Court for the Southern District of Mississippi as "tag-along actions" in accordance with Rule 7.4 of the Rules of Procedure of the Judicial Panel for Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001).[7]  Importantly, these actions were conditionally transferred by the Panel because of the commonality of the issues herein to matters previously transferred to the MDL.

There is also little doubt that these actions involve common questions of law and fact with cases previously transferred to the MDL.  Specifically, Robert Miller, as Acting Chairman for the Panel, recently denied motions to vacate filed in the *"Archie Lord, Sr. v. Phillips 66 Company, et al."* Civil Action No. 1:06-cv-660; *"Joseph Newsome v. Phillips 66 Company, et al."* Civil Action No. 1:06-cv-661; and *"Cleophus Smith v. Phillips 66 Company, et al."* Civil

---

[5] Judicial Panel on Multidistrict Litigation, Rule 1.1, 28 U.S.C.A. foll. § 1407
[6] See Conditional Transfer Order (CTO-264) and Schedule CTO-264 attached hereto as Exhibit "D."
[7] See Conditional Transfer Order (CTO-272) and Schedule CTO-272 attached hereto as Exhibit "C."

Action No. 1:06-cv-662.[8]   The issues of fact and law asserted in the above-listed matters are identical to those asserted herein.   As such, transfer of Plaintiffs' actions to the MDL is appropriate as a tag along action.

## C.   This Court Has Subject Matter Jurisdiction Over the Instant Suits Under the Outer Continental Shelf Lands Act.

The claims asserted by Plaintiffs against Pool Offshore are governed by the Outer Continental Shelf Lands Act ("OCSLA"), and OCSLA provides federal question jurisdiction. OCSLA jurisdiction and control extends over the "subsoil and seabed," of the Outer Continental Shelf, as well as the "artificial islands" or fixed structures constructed thereon.[9]   At the time of the alleged injuries, Plaintiffs was employed by Pool, working on an offshore structure and was engaged in operations conducted on the outer-continental shelf for the purpose of exploring for, developing, or removing, or transporting by pipeline the natural resources of the subsoil and seabed of the outer-continental shelf.   The jurisdictional grant in this regard is broad and states:

> [T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf...[10]

With respect to "artificial islands," OSCLA is deemed applicable to such "artificial island, installation or other device," if

> (a) it is permanently or temporarily attached to the seabed of the Outer Continental Shelf ("OCS"), and
> (b) it has been erected on the seabed of the OCS, and
> (c) its presence on the OCS is to explore for, develop, or produce resources from the OCS; or

---

[8] See Docket No. 875 Transfer Order dated February 12, 2007 attached hereto as Exhibit "E."
[9] See 43 U.S.C. § 1333(a)(1).

[10] See 43 U.S.C. § 1349(b)(1).  See also Tennessee Gas Pipeline v. Houston Casualty Insurance Company, 95-30739 (5th Cir. 1996), 87 F.3d 150, 154.

(a) it is permanently or temporarily attached to the seabed of the OCS; and

(b) it is not a ship or a vessel; and

(c) it presence on the OCS it to transport resources from the OCS.[11]

As noted above, Plaintiffs claim to have been injured while working for Pool, as part of Pool's offshore mineral exploration and extraction activities on the outer-continental shelf. This Court therefore has subject matter jurisdiction over the instant suit, pursuant to OCSLA and 28 U.S.C. § 1441 (establishing jurisdiction over cases "founded on a claim or right arising under the Constitution, treaties or laws of the United States.")[12]

Under OCSLA, Plaintiffs' sole remedy is provided by the Longshore and Harbor Workers' Compensation Act ("LHWCA"), because Plaintiffs claim a disability "resulting from [an] injury occurring as the result of operations conducted on the Outer Continental Shelf for the purpose of exploring for, developing, removing, or transporting by pipeline the natural resources . . ."[13] As OSCLA incorporates LHWCA, and as the relationship between Pool Offshore and Plaintiffs at issue herein is that of employer and employee, state law will not apply as surrogate law in this case and any concurrent jurisdiction argument to the contrary is untenable.

**D.     "Saving to Suitors" Does Not Prevent OCSLA Cases from Being Removed.**

Removal to this Court was proper under OCSLA because OCSLA provides a basis for removal independent of admiralty jurisdiction or diversity of citizenship.[14] The "saving to suitors" clause does no more than preserve the right of maritime suitors to pursue non-maritime remedies. It does not, however, guarantee them a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal

---

[11] See *Demette v. Falcon Drilling Company, Inc.*, 00-3065 (5th Cir. 2002), 280 F.3d 492, 497.

[12] *See* 28 U.S.C. § 1441;

[13] *See* 43 U.S.C.A. 1333(b).

[14] *See Tennessee Gas Pipeline*, 87 F.3d at 153; 28 U.S.C. § 1333(1).

jurisdiction other than admiralty.[15]   As discussed previously herein, OCSLA provides a basis for federal jurisdiction.

### E.   Diversity is Not Required When Federal-Question Jurisdiction Exists.

Civil actions founded on a claim or right "arising under the Constitution, treaties or laws of the United States" are removable without regard to citizenship. [16]   While both state and federal courts may be proper forums for maritime claims, in instances where Congress has explicitly reserved jurisdiction to the federal court, removal from state court on the basis of federal question jurisdiction is proper.[17]   As explained previously herein, Plaintiffs' claims against Pool Offshore in this matter are governed by the OCSLA.   Therefore federal question jurisdiction exists, and removal of this matter does not require diversity.

### F.   Plaintiffs' Jones-Act Claim Was Fraudulently Pled and Therefore Does Not Bar the Removal of Plaintiffs' Suit.

Plaintiffs have failed to set forth any allegations or evidence that they had a substantial connection to a vessel or identifiable fleet of vessels while employed by Pool Offshore.   While the courts recognize that as a general rule Jones Act cases are not removable, a fraudulently pleaded Jones Act claim will not bar removal.[18]   As such, a motion to remand should be denied where there is no reasonable basis for predicting that the plaintiff might establish liability under the Jones Act.[19]   The Plaintiffs' pleadings may be "pierced" to determine the lack of such "reasonable basis."[20]

---

[15]  *Id.*

[16]  *See* 28 U.S.C.A. §1441(b).

[17]  *See Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487 (5th Cir. 2002).

[18]  *See Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995).

[19]  *Id.*

[20]  *Id.*

To qualify as a seaman entitled to the protections of the Jones Act, Plaintiff must, *inter alia*, establish a "connection to a vessel in navigation . . that is substantial in terms of both its duration and its nature."   Plaintiffs have not identified any vessel or fleet of vessels upon which they are supposed to have served, and has produced no evidence of ever having served on a vessel in connection with his alleged employment with Pool Offshore.   Furthermore, the records of Pool Offshore do not reflect that any of these Plaintiffs were primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard vessels in navigation.[21]

By fraudulently asserting Seaman status, Plaintiffs have attempted to avoid the proper removal of his suit.  This Court must "pierce" Plaintiffs' pleadings, and recognize the complete lack of any reasonable basis for finding Plaintiffs to be a Jones Act Seaman.

**G.     The Severance and Transfer of Plaintiffs' Suit Created a Separate Removable Action.**

The severance and transfer of Plaintiffs' claim, created a separate removable action after his Amended Complaint was filed.  In *Canadian National/Illinois Central R.R. Co. v. Smith,* the court held that **when claims are severed, a separate removable claim is created**, and plaintiffs not properly joined must, after severance, proceed with separate actions. **The procedural issue of removability turns on the facts as they exist after severance.**[22]  The Special Master in the original action found that the Plaintiffs' claims were improperly joined with the claims of other plaintiffs, and the Plaintiffs' claims were thereafter severed and transferred.  Plaintiffs' suits, filed on or about November 1, 2006, were new claims, which were timely removed by Pool Offshore.

---

[21] *See* Affidavits of Laura Doerre, Exhibit "B" hereto, at ¶ 5.

[22] *See Canadian National/Illinois Central R.R. Co. v. Smith*, 2006 WL 416229 (Miss. 2006); *See also, Miller v. Fulton*, 113 F. Supp.2d 1035 (S.D. Miss. 2000).

Plaintiffs' arguments as to the lack of consent to severance have no bearing on the case at bar.   The primary case supporting Plaintiffs' incorrect argument as to voluntary versus involuntary severance is *Miller v. Fulton*.[23]   That case is not on point, because the original state court action was removed to federal court after diversity of citizenship was created by the involuntary severance of a non-diverse defendant.   The court's discussion of removal hinged on concerns of finality: if a case is removed on diversity grounds after a non-diverse defendant is involuntarily severed, and the plaintiff successfully appeals that severance, than the case would have to be remanded at the cost of wasted judicial resources.   The instant matters have been removed on federal question grounds, not diversity of citizenship, therefore the concerns discussed in the *Miller* case are not implicated.

Prior to severance, these cases was an improperly-cumulated collection of multiple claims by different parties having different factual circumstances.   Not all defendants were accused by all plaintiffs.   Some but not all plaintiffs were subject to OCSLA.   Some but not all plaintiffs were Jones Act seamen.   By improperly combining these disparate claims into one suit, Plaintiffs made removal impossible.   The Special Master, recognizing the improper combination of claims, corrected the situation and ordered that Plaintiffs' claims be severed.   Only after this severance had occurred was it possible for Pool Offshore to ascertain which Plaintiffs were seamen, which were subject to OCSLA, which were subject to LHWCA.   Once separated out from the non-removable claims, Plaintiffs' suits were properly removed, not because diversity of citizenship was created where none had existed, but because Plaintiffs are not a Jones Act seaman and valid federal-question jurisdiction exists under OCSLA.

---

[23]  113 F. Supp.2nd 1035 (S.D. Miss. 2000).

**H.     Pool Offshore's removal was timely.**

Following severance of the Plaintiffs' claims in the original action, the procedural rights to removal were to be determined anew based on the facts as they existed after the severance, including the right to remove. [24]   Plaintiffs filed their First Amended Complaints, after severance, on November 1, 2006.  Pool Offshore was served with the First Amended Complaints on November 1, 2006.  Thereafter, Pool Offshore timely filed Notice of Removal on November 30, 2006.

**I.     Pool Acted on Behalf of its Co-Defendants in Representing Their Consent to the Removal of This Case.**

Consistent with the Federal Rules, and with Sections 1441 and 1446 of Title 28, Pool Offshore conferred with its co-defendants and obtained both their consent and their authorization to act on their behalf and represent to the court that they had consented to removal. [25]  Thereafter, each co-defendant independently manifested its consent by filing a formal consent and/or ratified Pool Offshore's previously-authorized representations to the Court.

By acting on behalf of its co-defendants with regard to removal, Pool Offshore fully complied with Fifth Circuit requirements for removals  under Sections 1441 and 1446.  In *Getty Oil Corporation v. Insurance Company of North America*,[26] the Fifth Circuit wrote:

> ... while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself.  This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, **or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so,** that it has actually consented to such action.  Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.[27]

---

[24]  *See* Note 23, *supra.*

[25]  *See* Pool Offshore's Notice of Removal, previously on file, at ¶ VII.

[26]  841 F.2d 1254 (5th Cir. 1988)

[27]  *Id.* at 1262, n.11.

Pool Offshore timely filed its Notice of Removal, in which it indicated that its co-defendants "authorized the representation to the court on behalf of said defendants that they have joined in and/or consented to the removal petition."[28] Subsequent to the filing of said Notice, certain co-Defendants expressly ratified Pool Offshore's actions by filing their own Notices of Consent.[29] Pool Offshore represented to the Court that it was acting on behalf of its co-defendants when indicating their consent, and Baker Hughes Oilfield Operations, Inc. and Montello, Inc. confirmed the truth of that representation.

Because Pool Offshore had the express consent of its co-defendants to represent their consent to the Court, this case is distinguishable from *Getty Oil*, *Baker v. Ford Motor Company*,[30] and *Production Stamping Corp. v. Maryland Casualty Co.*,[31] **all of which noted the lack of any allegation in the notice of removal that the filing defendant or its attorney had been authorized by the co-defendant to speak on its behalf on the removal issue.**[32] The case at bar is distinguishable from *Smith v. Union National Life Insurance Co.*,[33] the primary case cited by the Plaintiff in his Motion to Remand, on the same grounds: in that case, there was no representation that the defendant filing the notice of removal had been authorized to act on behalf of its co-defendants, while **in this case, just such a representation has been made**.

Plaintiff's arguments regarding the lack of timely consent by all of Pool Offshore's co-defendants are unavailing, because those defendants **did**, in fact, give their formal written

---

[28]  *See* Note 26, *supra*.

[29]  *See* Notices of Consent filed, respectively, by Baker Hughes Oilfield Operations, Inc. and Montello, Inc., previously on file.

[30]  1997 WL 88260 (N.D. Miss. 1997).

[31]  829 F. Supp. 1074 (E.D. Wis. 1993).

[32]  *See Getty Oil*, 841 F.2d 1262, n.11; *Baker v Ford Motor Co.*, 1997 WL 88260 at *1; *Production Stamping*, 829 F. Supp. 1076.

[33]  187 F. Supp.2d 635 (S.D.Miss. 2001).

consent to the Court within the prescribed time period.  That they did so through Pool Offshore by expressly consenting to having Pool Offshore make the necessary representations to the Court on their behalf is of no moment. As *Getty Oil*, *Baker v. Ford Motor Company*, and *Production Stamping Corp. v. Maryland Casualty Co* made clear, it was the lack of any authority to act on behalf of the other defendants that rendered the notices of removal in those cases defective.  That defect is not present in the case at bar, and Plaintiffs' Motion to Vacate must accordingly be denied.

## **CONCLUSION**

Based on the foregoing, the Clerk of this Panel's Conditional Transfer Order (CTO – 272) is warranted in this matter and this Honorable Court should maintain jurisdiction of this matter.

Respectfully submitted this 16th day of February, 2007.

POOL OFFSHORE D/B/A POOL COMPANY

BY: JESSICA R. JONES (TX Bar No. 00792190)
DORIS T. BOBADILLA (MS Bar No. 99869)

GALLOWAY, JOHNSON, TOMPKINS,
 BURR & SMITH
One Shell Square – 40th Floor
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

OF COUNSEL

RICHARD O. BURSON (Ms. Bar No. 7580)
Ferris Burson Entrekin & Follis, PLLC
Post Office Drawer 1289
Laurel, MS  39441
Phone:  601-649-5399
Fax:     601-649-5799

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 1 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

On the 16th day of February, 2007, a true and correct copy of the above and foregoing

instrument was duly served upon all parties via their counsel of record by depositing same in the

U.S. mail, proper postage prepaid (or via electronic means) addressed to all parties on the Panel

Service List attached hereto.

DORIS T. BOBADILLA

## SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272)
### DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Brandon Kaye Polk v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-383  (Judge Walter J. Gex III)
*Daniel Livingston v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-384  (Judge Walter J. Gex III)
*Ralph T. McPhail v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1146  (Judge Walter J. Gex III)
*Willie Lee Daniels v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1199
    (Judge Walter J. Gex III)
*Harvey E. Broom v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1200  (Judge Walter J. Gex III)
*Rolland Dearman v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1201  (Judge Walter J. Gex III)
*Clinton L. Brady v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1202  (Judge Walter J. Gex III)
*Deloice Bullock v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1203  (Judge Walter J. Gex III)
*Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1204
    (Judge Walter J. Gex III)
*Terry Wallace v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1205  (Judge Walter J. Gex III)
*Ray C. Rawls v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1206  (Judge Walter J. Gex III)
*Lonnie Newsom v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1207  (Judge Walter J. Gex III)
*George Dixon v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1208  (Judge Walter J. Gex III)
*Ted L. Piner v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1209  (Judge Walter J. Gex III)
*Henry A. Herring v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1210  (Judge Walter J. Gex III)
*Joseph Crawford v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1211  (Judge Walter J. Gex III)
*Dan Mack Daughdrill v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1212
    (Judge Walter J. Gex III)
*Tony N. Thomas v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1213  (Judge Walter J. Gex III)
*Patrick Curd v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1214  (Judge Walter J. Gex III)
*Louie T. Elmer v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-1215  (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Ashley E. Calhoun
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jack Robinson Dodson, III
Bradley, Arant, Rose & White
P.O. Box 1789
Jackson, MS 39215-1789

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Gregory N. Jones
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272) - MDL-875          Page 2 of 2

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Corina E. Salazar
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Allen R. Vaught
Franklin, Cardwell & Jones
1700 Pacific Avenue
Suite 1610
Dallas, TX 75214

Jonathan Robert Werne
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 1 2007

Page 1 of 20
CLERK'S OFFICE

## SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Brandon Kaye Polk v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-383 (Judge Walter J. Gex III)
*Daniel Livingston v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-384 (Judge Walter J. Gex III)
*Ralph T. McPhail v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1146 (Judge Walter J. Gex III)
*Willie Lee Daniels v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1199
    (Judge Walter J. Gex III)
*Harvey E. Broom v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1200 (Judge Walter J. Gex III)
*Rolland Dearman v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1201 (Judge Walter J. Gex III)
*Clinton L. Brady v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1202 (Judge Walter J. Gex III)
*Deloice Bullock v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1203 (Judge Walter J. Gex III)
*Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1204
    (Judge Walter J. Gex III)
*Terry Wallace v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1205 (Judge Walter J. Gex III)
*Ray C. Rawls v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1206 (Judge Walter J. Gex III)
*Lonnie Newsom v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1207 (Judge Walter J. Gex III)
*George Dixon v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1208 (Judge Walter J. Gex III)
*Ted L. Piner v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1209 (Judge Walter J. Gex III)
*Henry A. Herring v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1210 (Judge Walter J. Gex III)
*Joseph Crawford v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1211 (Judge Walter J. Gex III)
*Dan Mack Daughdrill v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1212
    (Judge Walter J. Gex III)
*Tony N. Thomas v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1213 (Judge Walter J. Gex III)
*Patrick Curd v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1214 (Judge Walter J. Gex III)
*Louie T. Elmer v. Phillips 66 Co., et al.,* S.D. Mississippi, C.A. No. 1:06-1215 (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Ashley E. Calhoun
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jack Robinson Dodson, III
Bradley, Arant, Rose & White
P.O. Box 1789
Jackson, MS 39215-1789

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Gregory N. Jones
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707



EXHIBIT

"A"

SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-272) - MDL-875          Page 2 of 2

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Corina E. Salazar
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Allen R. Vaught
Franklin, Cardwell & Jones
1700 Pacific Avenue
Suite 1610
Dallas, TX 75214

Jonathan Robert Werne
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

IN THE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BRANDON KAYE POLK                                    PLAINTIFF


VERSUS                                     CIVIL ACTION NO. 1:06-cv-383


PHILLIPS 66 COMPANY, INDIVIDUALLY and            DEFENDANTS
d/b/a DRILLING SPECIALTIES COMPANY; ET AL

### AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

     BEFORE ME, the undersigned authority, personally came and appeared:

LAURA  W.  DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.  I am older than 18 years of age and fully competent to make this Affidavit.  I do so based upon my personal knowledge and review of corporate records created and maintained in the course of regularly conducted business activity.

2.  I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., providing  legal services to Nabors Offshore Corporation , and have been employed in such or a similar capacity for the past ten (10) years.

3.  Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore"),  incorrectly identified in the complaint of Brandon Polk as "Pool Offshore d/b/a Pool Offshore Company."

4.  I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Brandon K. Polk, was employed by Pool Offshore October 7, 1981 through April 20, 1985.

EXHIBIT

" B "

tabbies®

5.   The records of Pool Offshore reflect that Plaintiff, Brandon K. Polk, was primarily assigned to fixed platforms and spent less than 30% of his time assigned to or working aboard vessels in navigation.



LAURA W. DOERRE

SUBSCRIBED AND SWORN BEFORE ME
THIS 15th day of December, 2006.

_____
        NOTARY PUBLIC

Jayme L. Dauzat
(Print Name)

12559372-1
(Notary ID and/or Bar Number)

8/22/2010
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

DANIEL LIVINGSTON                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:06-cv-384

PHILLIPS 66 COMPANY, INDIVIDUALLY and        DEFENDANTS
d/b/a DRILLING SPECIALITIES COMPANY; ET AL

**AFFIDAVIT OF LAURA DOERRE**

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally came and appeared:

LAURA DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.   I am older than 18 years of age and fully competent to make this Affidavit. I do so based upon my personal knowledge and review of corporate records created and maintained in the course of regularly conducted business activity.

2.   I currently serve as Assistant General Counsel of Nabors Corporate Services, Inc., a Delaware Corporation with its principal place of business in Texas, and have served and been employed as an attorney with Nabors Corporate Services, Inc. for the past nine (9) years.

3.   Nabors Corporate Services, Inc. is an affiliated company of Pool Offshore d/b/a Pool Offshore Company ("Pool Offshore").

4.   I have personally reviewed the records of Pool Offshore, which records reflect that Plaintiff, Daniel Livingston, was employed by Pool Offshore during 1981.

5.   The records of Pool Offshore do not reflect that Plaintiff, Daniel Livingston, was assigned to work on any vessel during the above-mentioned period of employment.

LAURA DOERRE

-1-

SUBSCRIBED AND SWORN BEFORE ME

THIS 19th day of _____May_____ , 2006.


_____Tina Michelle Perry_____
NOTARY PUBLIC

TINA MICHELLE PERRY
(Print Name)

12470824-5
(Notary ID and/or Bar Number)

October 8, 2007
(Commission Expires)

> TINA MICHELLE PERRY
> Notary Public, State of Texas
> My Commission Expires
> October 08, 2007

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

RALPH T. MCPHAIL                                   PLAINTIFF


VERSUS                                   CIVIL ACTION NO.  1:06-cv-1146 WJG

PHILLIPS 66 COMPANY, INDIVIDUALLY and          DEFENDANTS
d/b/a DRILLING SPECIALTIES COMPANY; ET AL


## AFFIDAVIT OF LAURA DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

>        BEFORE ME, the undersigned authority, personally came and appeared:

### LAURA DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.    I am older than 18 years of age and fully competent to make this Affidavit.  I do so based upon my personal knowledge of corporate records created and maintained in the course of regularly conducted business activity.

2.    I currently serve as Assistant General Counsel of Nabors Corporate Services, Inc., and have served and been employed as an attorney with Nabors Corporate Services, Inc. for the past ten (10) years.

3.    In 1989 Delta Drilling Company ("Delta") filed for Chapter 11 Bankruptcy.  Delta emerged from bankruptcy after its stock was sold free and clear of all debts and liabilities.

4.    Nabors Drilling USA, Inc., now known as Nabors Drilling USA, L.P. ("NDUSA"), an affiliated company of Nabors Corporate Services, Inc.,  acquired Delta out of bankruptcy free and clear of any and all liens, claims, and encumbrances.

5.    NDUSA is not a "successor in interest" to any claims of or against Delta.

6.    I am familiar with the records of NDUSA, which records reflect that Plaintiff, Ralph T. McPhail, was never employed by NDUSA.



LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS 27th day of November , 2006.

_NOTARY PUBLIC_

Jayme Lee Dauzat
(Print Name)

12559372 - 1
(Notary ID and/or Bar Number)

2/22/2010
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION

WILLIE LEE DANIELS

**VERSUS**                                    CIVIL ACTION NO. 1:06 CV 1199 WJG

PHILLIPS 66 COMPANY, *ET AL.*

## AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.  I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.  I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.  Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Willie Lee Daniels as "Pool Offshore d/b/a Pool Offshore Company."

4.  Pool Offshore Company is not the successor-in-interest to, or in any way affiliated with Livingston Oil Well Service, Inc.

5.  I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Willie Lee Daniels, was employed by Pool Offshore from 1982 through 1989.

6.    The records of Pool Offshore reflect that during his employment with Pool Offshore, Plaintiff, Willie Lee Daniels, was primarily assigned to fixed platforms and spent less than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_Laura W Doerre_

LAURA W. DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS _16th_ day of _January_ , 2007.

_Jayme Lee Dauzat_

NOTARY PUBLIC

_Jayme Lee Dauzat_

(Print Name)

_12559372-1_

(Notary ID and/or Bar Number)

_2/20/2010_

(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

**HARVEY E. BROOM**

**VERSUS**                                  **CIVIL ACTION NO. 1:06 CV 1200 WJG**

**PHILLIPS 66 COMPANY, *ET AL.***

<u>**AFFIDAVIT OF LAURA W. DOERRE**</u>

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.  I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.  I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.  Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Harvey E. Broom as "Pool Offshore d/b/a Pool Offshore Company."

4.  Pool Offshore Company is not the successor-in-interest to, or in any way affiliated with, Livingston Oil Well Service, Inc.

5.  I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Harvey E. Broom, was employed by Pool Offshore from 1975 through 1984.

6.   The records of Pool Offshore reflect that during his employment with Pool Offshore, Plaintiff, Harvey E. Broom, was assigned to workover rigs but did not spend more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_Laura W Doerre_
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS _10th_ day of _January_, 2007.

_Jayme Lee Dauzat_
NOTARY PUBLIC

_Jayme Lee Dauzat_
(Print Name)

_12559372-1_
(Notary ID and/or Bar Number

_2/22/2010_
(Commission Expires)

```
JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010
```

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### GULFPORT DIVISION

**ROLLAND DEARMAN**

**VERSUS**                               **CIVIL ACTION NO. 1:06 CV 1201 WJG**

**PHILLIPS 66 COMPANY, *ET AL.***

<u>**AFFIDAVIT OF LAURA W. DOERRE**</u>

STATE OF TEXAS

COUNTY OF HARRIS

     BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.    I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.    I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.    Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Rolland Dearman as "Pool Offshore d/b/a Pool Offshore Company."

4.    I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Rolland Dearman, was employed by Pool Offshore from 1977 through 1991.

5.   The records of Pool Offshore reflect that during his employment with Pool Offshore, Plaintiff, Rolland Dearman, was primarily assigned to fixed platforms and spent less than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.



LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS *10th* day of *January*, 2007.

_____
NOTARY PUBLIC

Jayme Lee Dauzat
(Print Name)

12559372-1
(Notary ID and/or Bar Number)

2|22|2010
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

**CLINTON BRADY**

**VERSUS**                              **CIVIL ACTION NO. 1:06 CV 1202 WJG**

**PHILLIPS 66 COMPANY, *ET AL.***

### AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.  I am older than 18 years of age and fully competent to make this Affidavit.  I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.  I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten  (10) years.

3.  Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Clinton Brady as "Pool Offshore d/b/a Pool Offshore Company."

4.  I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Clinton Brady, was employed by Pool Offshore from 1974 through 1976.

5.     The records of Pool Offshore reflect that during his employment with Pool Offshore, Plaintiff, Clinton Brady, was assigned to workover rigs but did not spend more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.


_Laura W. Doerre_
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS 10th day of January, 2007.

_Jayme Lee Dauzat_
NOTARY PUBLIC

Jayme Lee Dauzat
(Print Name)

12559372-1
(Notary ID and/or Bar Number)

2/22/2010
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

**DELOICE BULLOCK**

**VERSUS**                                      **CIVIL ACTION NO. 1:06 CV 1203 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

<u>**AFFIDAVIT OF LAURA W. DOERRE**</u>

STATE OF TEXAS

COUNTY OF HARRIS

 BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1. I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2. I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3. Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Deloice Bullock as "Pool Offshore d/b/a Pool Offshore Company."

4. Pool Offshore Company is not the successor-in-interest to, or in any way affiliated with, Livingston Oil Well Service, Inc.

5. I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Deloice Bullock, was employed by Pool Offshore from 1979 through 1989.

6.   The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, Deloice Bullock, was primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_____
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS 10th day of January , 2007.

_____
NOTARY PUBLIC

Jayme Lee Dauzat
(Print Name)

12559372-1
(Notary ID and/or Bar Number)

2/22/2010
(Commission Expires)



JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION**

**TERRY WALLACE**

**VERSUS**                                    **CIVIL ACTION NO. 1:06 CV 1205 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

## AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

        BEFORE ME, the undersigned authority, personally came and appeared:

                              LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.      I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.      I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.      Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Terry Wallace as "Pool Offshore d/b/a Pool Offshore Company."

4.      I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Terry Wallace, was employed by Pool Offshore from 1977 through 1978.

5. The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, Terry Wallace, was primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_____
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS 10th day of January , 2007.

_____
NOTARY PUBLIC

Jayme Lee Dauzat
(Print Name)

12559 372-1
(Notary ID and/or Bar Number)

2/22/2010
(Commission Expires)



JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

**RAY C. RAWLS**

**VERSUS**                                    **CIVIL ACTION NO. 1:06 CV 1206 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

## AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

      BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.    I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.    I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.    Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Ray C. Rawls as "Pool Offshore d/b/a Pool Offshore Company."

4.    I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Ray C. Rawls, was employed by Pool Offshore from 1978 through 1979.

5.    The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, Ray C. Rawls, was primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.



LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS _10th_ day of _January_____, 2007.

_____
NOTARY PUBLIC

_Jayme Lee Dauzat_____
(Print Name)

_12589372-1_____
(Notary ID and/or Bar Number

_2/22/2010_____
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

**LONNIE NEWSOM**

**VERSUS**                               **CIVIL ACTION NO. 1:06 CV 1207 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

**AFFIDAVIT OF LAURA W. DOERRE**

STATE OF TEXAS

COUNTY OF HARRIS

 BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1. I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2. I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3. Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Lonnie Newsom as "Pool Offshore d/b/a Pool Offshore Company."

4. Pool Offshore Company is not the successor-in-interest to, or in any way affiliated with, Livingston Oil Well Service, Inc.

5. I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Lonnie Newsom, was employed by Pool Offshore from 1978 through 1979 and in 1982.

6.     The records of Pool Offshore reflect that during his employment with Pool Offshore, Plaintiff, Lonnie Newsom, was primarily assigned to fixed platforms and spent less that 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_Laura W Doerre_
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS _10th_ day of _January_ , 2007.

_Jayne Lee Dauzat_
NOTARY PUBLIC

_Jayme Lee Dauzat_
(Print Name)

_12559372-1_
(Notary ID and/or Bar Number)

_2/22/2010_
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## GULFPORT DIVISION

**GEORGE DIXON**

**VERSUS**                                    **CIVIL ACTION NO. 1:06 CV 1208 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

### AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

   BEFORE ME, the undersigned authority, personally came and appeared:

### LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1. I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2. I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3. Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of George Dixon as "Pool Offshore d/b/a Pool Offshore Company."

4. I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, George Dixon, was employed by Pool Offshore in 1979 and in 1982.

5. The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, George Dixon, was primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_Laura W Doerre_
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS 10th day of January , 2007.

_Jayme Lee Dauzat_
NOTARY PUBLIC

Jayme Lee Dauzat
(Print Name)

12559372-1
(Notary ID and/or Bar Number

2-22-2010
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

**TED L. PINER**

**VERSUS**                                    **CIVIL ACTION NO. 1:06 CV 1209 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

**<u>AFFIDAVIT OF LAURA W. DOERRE</u>**

STATE OF TEXAS

COUNTY OF HARRIS

      BEFORE ME, the undersigned authority, personally came and appeared:

               LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.    I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.    I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.    Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Ted L. Piner as "Pool Offshore d/b/a Pool Offshore Company."

4.    I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Ted L. Piner, was employed by Pool Offshore from 1978 through 1980.

5.    The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, Ted L. Piner, was primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_Laura W Doerre_
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS _10th_ day of _January_____, 2007.

_Jayme Lee Dauzat_____
NOTARY PUBLIC

_Jayme Lee Dauzat_____
(Print Name)

_12559372-1_____
(Notary ID and/or Bar Number

_2/22/2010_____
(Commission Expires)



JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## GULFPORT DIVISION

**HENRY A. HERRING**

**VERSUS**                                    **CIVIL ACTION NO. 1:06 CV 1210 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

### AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

> BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.   I am older than 18 years of age and fully competent to make this Affidavit.  I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.   I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.   Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Henry A. Herring as "Pool Offshore d/b/a Pool Offshore Company."

4.   I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Henry A. Herring, was employed by Pool Offshore in 1976.

5.    The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, Henry A. Herring, was primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_Laura W Doerre_
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS _10th_ day of _January_____ , 2007.

_Jayme Lee Dauzat_____
NOTARY PUBLIC

_Jayme Lee Dauzat_____
(Print Name)

_12559372-1_____
(Notary ID and/or Bar Number)

_2/22/2010_____
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION**

**DAN MACK DAUGHDRILL**

**VERSUS**                        **CIVIL ACTION NO. 1:06 CV 1212 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

<u>**AFFIDAVIT OF LAURA W. DOERRE**</u>

STATE OF TEXAS

COUNTY OF HARRIS

      BEFORE ME, the undersigned authority, personally came and appeared:

**LAURA W. DOERRE**

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.    I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.    I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.    Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Dan Mack Daughdrill as "Pool Offshore d/b/a Pool Offshore Company."

4.    Pool Offshore Company is not the successor-in-interest to, or in any way affiliated with, Livingston Oil Well Service, Inc.

5.    I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Dan Mack Daughdrill, was employed by Pool Offshore from 1977 through 1988.

6.   The records of Pool Offshore reflect that during his employment with Pool Offshore, Plaintiff, Dan Mack Daughdrill, was primarily assigned to fixed platforms and spent less than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_Laura W. Doerre_
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS _10th_ day of _January_, 2007.

_Jayme Lee Dauzat_
NOTARY PUBLIC

_Jayme Lee Dauzat_
(Print Name)

_12559372-1_
(Notary ID and/or Bar Number)

_2/22/2010_
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION**

**TONY N. THOMAS**

**VERSUS**                                    **CIVIL ACTION NO. 1:06 CV 1213 WJG**

**PHILLIPS 66 COMPANY, *ET AL.***

## AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

  BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1. I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2. I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3. Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Tony N. Thomas as "Pool Offshore d/b/a Pool Offshore Company."

4. Pool Offshore Company is not the successor-in-interest to, or in any way affiliated with Livingston Oil Well Service, Inc.

5. I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Tony N. Thomas, was employed by Pool Offshore from 1982 through 1986.

6.     The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, Tony N. Thomas, was primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

_Laura W Doerre_
LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS 16ᵗʰ day of _January_, 2007.

_Jayme Lee Dauzat_
    NOTARY PUBLIC

Jayme lee Dauzat
(Print Name)

12559372-1
(Notary ID and/or Bar Number)

2/22/2010
(Commission Expires)



JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION**

**PATRICK CURD**

**VERSUS**                                    **CIVIL ACTION NO. 1:06 CV 1214 WJG**

**PHILLIPS 66 COMPANY, *ET AL.***

<u>**AFFIDAVIT OF LAURA W. DOERRE**</u>

STATE OF TEXAS

COUNTY OF HARRIS

     BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.    I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.    I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.    Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Patrick Curd as "Pool Offshore d/b/a Pool Offshore Company."

4.    Pool Offshore Company is not the successor-in-interest to, or in any way affiliated with, Livingston Oil Well Service, Inc.

5.    I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Patrick Curd, was employed by Pool Offshore from 1982 through 1983.

6.    The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, Patrick Curd, was primarily assigned to fixed platform or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

*Laura W Doerre*

LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS _10th_ day of _January_ , 2007.

_Jayme Lee Dauzat_
    NOTARY PUBLIC

_Jayme Lee Dauzat_
(Print Name)

_12559372-1_
(Notary ID and/or Bar Number)

_2/22/2010_
(Commission Expires)

JAYME LEE DAUZAT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION**

**LOUIE T. EMLER**

**VERSUS**                                    **CIVIL ACTION NO. 1:06 CV 1215 WJG**

**PHILLIPS 66 COMPANY,** *ET AL.*

## AFFIDAVIT OF LAURA W. DOERRE

STATE OF TEXAS

COUNTY OF HARRIS

      BEFORE ME, the undersigned authority, personally came and appeared:

LAURA W. DOERRE

a person of the full age of majority, who, after being duly sworn, did depose and say that:

1.    I am older than 18 years of age and fully competent to make this Affidavit. I have the requisite knowledge based upon a review of corporate records created and maintained in the course of regularly conducted business activity.

2.    I currently serve as the Assistant General Counsel of Nabors Corporate Services, Inc., provide legal services to Nabors Offshore Corporation and have been employed in such capacity for the past ten (10) years.

3.    Nabors Offshore Corporation is the successor-in-interest to Pool Offshore Company ("Pool Offshore") incorrectly identified in the complaint of Louie T. Emler as "Pool Offshore d/b/a Pool Offshore Company."

4.    I am familiar with the records of Pool Offshore, which records reflect that Plaintiff, Louie T. Emler, was employed by Pool Offshore for approximately 3 to 4 months in 1976.

5. The records of Pool Offshore do not reflect that during his employment with Pool Offshore, Plaintiff, Louie T. Emler, was primarily assigned to a vessel in navigation or spent more than 30% of his time assigned to or working aboard a vessel or identifiable fleet of vessels in navigation.

*Laura W Doerre*

LAURA DOERRE

SUBSCRIBED AND SWORN BEFORE ME

THIS 10th day of January , 2007.

*Jayme Lee Dauzat*

NOTARY PUBLIC

Jayme Lee Dauzat

(Print Name)

12559372-1

(Notary ID and/or Bar Number)

2/22/2010

(Commission Expires)



JAYME LEE DAUZAT
NOTARY PUBLIC, STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 22, 2010

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

December 28, 2006

TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-272)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:  <u>January 12, 2007</u>  (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Teresa Bishop*
Deputy Clerk

Attachments

JPML Form

**EXHIBIT**

*C*

*DOCKET NO. 875*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-272)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 81,570 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**SCHEDULE CTO-272 - TAG-ALONG ACTIONS**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA MIDDLE** | |
| ALM 2  06-1034 | Robert D. Belue, et al. v. A.O. Smith Electrical Products Co., et al. |
| **CALIFORNIA NORTHERN** | |
| CAN 3  06-6759 | Marie Corbin, et al. v. General Electric Co., et al. |
| **FLORIDA MIDDLE** | |
| FLM 8  06-2115 | Robert E. Powell, et al. v. Owens-Illinois, Inc., et al. |
| **ILLINOIS NORTHERN** | |
| ILN 1  06-3759 | Judy Smith, etc. v. Caterpillar, Inc., et al. |
| **MARYLAND** | |
| MD 1  06-3280 | Joyce Liming, etc. v. ACandS, Inc., et al. |
| **MISSISSIPPI SOUTHERN** | |
| MSS 1  06-383 | Brandon Kaye Polk v. Phillips 66 Co., et al. |
| MSS 1  06-384 | Daniel Livingston v. Phillips 66 Co., et al. |
| MSS 1  06-1088 | Pamela K. Wilbanks, et al. v. A.W. Chesterton Co., et al. |
| MSS 1  06-1146 | Ralph T. McPhail v. Phillips 66 Co., et al. |
| MSS 1  06-1166 | Robert F. Ashley v. A.W. Chesterton Co., et al. |
| MSS 1  06-1167 | Howard Austin v. A.W. Chesterton Co., et al. |
| MSS 1  06-1168 | Norval V. Beacham, Jr. v. A.W. Chesterton Co., et al. |
| MSS 1  06-1169 | John Conn v. A.W. Chesterton Co., et al. |
| MSS 1  06-1170 | Chester J. Couch v. A.W. Chesterton Co., et al. |
| MSS 1  06-1171 | Marie Davenport, etc. v. A.W. Chesterton Co., et al. |
| MSS 1  06-1172 | Willie Lee Davis v. A.W. Chesterton Co., et al. |
| MSS 1  06-1173 | Michael E. Dunn v. A.W. Chesterton Co., et al. |
| MSS 1  06-1174 | Dave Gray, Jr. v. A.W. Chesterton Co., et al. |
| MSS 1  06-1175 | Eddie Lee Gray v. A.W. Chesterton Co., et al. |
| MSS 1  06-1176 | Jefferson D. Jobe v. A.W. Chesterton Co., et al. |
| MSS 1  06-1177 | George L. Jones v. A.W. Chesterton Co., et al. |
| MSS 1  06-1178 | Vernon R. Martin v. A.W. Chesterton Co., et al. |
| MSS 1  06-1179 | Robert M. Mathes, Sr. v. A.W. Chesterton Co., et al. |
| MSS 1  06-1180 | Daniel M. Roach, Jr. v. A.W. Chesterton Co., et al. |
| MSS 1  06-1181 | Mose Selmon v. A.W. Chesterton Co., et al. |
| MSS 1  06-1182 | Marvin L. Sullivan v. A.W. Chesterton Co., et al. |
| MSS 1  06-1183 | Michael W. Walthall v. A.W. Chesterton Co., et al. |
| MSS 1  06-1184 | Robert Wilson, Jr. v. A.W. Chesterton Co., et al. |
| MSS 1  06-1199 | Willie Lee Daniels v. Phillips 66 Co., et al. |
| MSS 1  06-1200 | Harvey E. Broom v. Phillips 66 Co., et al. |
| MSS 1  06-1201 | Rolland Dearman v. Phillips 66 Co., et al. |
| MSS 1  06-1202 | Clinton L. Brady v. Phillips 66 Co., et al. |
| MSS 1  06-1203 | Deloice Bullock v. Phillips 66 Co., et al. |
| MSS 1  06-1204 | Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al. |
| MSS 1  06-1205 | Terry Wallace v. Phillips 66 Co., et al. |
| MSS 1  06-1206 | Ray C. Rawls v. Phillips 66 Co., et al. |

SCHEDULE CTO-272 - TAG-ALONG ACTIONS - MDL-875

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| MSS 1 06-1207 | Lonnie Newsom v. Phillips 66 Co., et al. |
| MSS 1 06-1208 | George Dixon v. Phillips 66 Co., et al. |
| MSS 1 06-1209 | Ted L. Piner v. Phillips 66 Co., et al. |
| MSS 1 06-1210 | Henry A. Herring v. Phillips 66 Co., et al. |
| MSS 1 06-1211 | Joseph Crawford v. Phillips 66 Co., et al. |
| MSS 1 06-1212 | Dan Mack Daughdrill v. Phillips 66 Co., et al. |
| MSS 1 06-1213 | Tony N. Thomas v. Phillips 66 Co., et al. |
| MSS 1 06-1214 | Patrick Curd v. Phillips 66 Co., et al. |
| MSS 1 06-1215 | Louie T. Elmer v. Phillips 66 Co., et al. |

NORTH CAROLINA EASTERN

| | |
|---|---|
| NCE 5 06-392 | Michael Gutjahr, et al. v. Anchor Packing Co., et al. |
| NCE 5 06-466 | Cheryle Bass, etc. v. Anchor Packing Co., et al. |
| NCE 5 06-477 | Donald William Pepper, et al. v. Anchor Packing Co., et al. |

NORTH CAROLINA WESTERN

| | |
|---|---|
| NCW 1 06-375 | Jimmy W. Carter v. 3M Co., et al. |
| NCW 1 06-379 | Boyd L. Short, et al. v. 3M Co., et al. |
| NCW 1 06-380 | Eddie W. Westmoreland, et al. v. 3M Co., et al. |
| NCW 1 06-382 | Loretta E. Humphries, etc. v. 3M Co., et al. |

RHODE ISLAND

| | |
|---|---|
| RI 1 06-430 | Cliff Levitt, etc. v. Asarco, Inc., et al. |

WEST VIRGINIA SOUTHERN

| | |
|---|---|
| WVS 3 06-1021 | Donald E. Salyers v. CSX Transportation, Inc. |

INVOLVED COUNSEL LIST (CTO-272)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson
& Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Joshua H. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Thomas P. Bernier
Segal, McCambridge, Singer
& Mahoney, Ltd.
One North Charles Street
Suite 2500
Baltimore, MD 21201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Joel M. Bondurant, Jr.
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Alan R. Brayton
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948

Ashley E. Calhoun
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Stuart L. Cohen
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Suite 3000
Miami, FL 33130

S. Christopher Collier
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Keith E. Coltrain
Elmore & Wall, PA
3737 Glenwood Avenue
Suite 100
Raleigh, NC 27612

Andrew C. Coulam
Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street
Suite 700
Providence, RI 02903

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jack Robinson Dodson, III
Bradley, Arant, Rose & White
P.O. Box 1789
Jackson, MS 39215-1789

Maja C. Eaton
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL 60603

Matthew J. Fischer
Schiff Hardin, LLP
6600 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6473

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Jana Marie Fried
Foley & Mansfield, PLLP
4770 Biscayne Boulevard
Suite 1000
Miami, FL 33137

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Brenda Godfrey
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

INVOLVED COUNSEL LIST (CTO-272) - MDL-875

Vincent L. Greene, IV
Motley Rice, LLC
321 South Main Street, Suite 402
P.O. Box 6067
Providence, RI 02940

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Robert A. Hannah
Hannah Estes & Ingram, P.A.
37 N. Orange Avenue
Suite 300
P.O. Box 4974
Orlando, FL 32802-4974

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Carol A. Hastings
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
Baltimore, MD 21201-3804

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Micah Ryan Inlow
Segal, McCambridge, Singer
& Mahoney, Ltd.
One IBM Plaza
Suite 200
330 North Wabash Avenue
Chicago, IL 60611

Clifton Wayne Jefferis
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

Gregory N. Jones
Franklin, Cardwell & Jones
1001 McKinney
18th Floor
Houston, TX 77002

G. Patterson Keahey, Jr.
Law Offices of G. Patterson
Keahey, Jr., PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown, P.L.L.C.
P.O. Box 4848
Greensboro, NC 27404-4848

Kathleen M. LaBarge
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Teresa Fizardi Lazzaroni
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Craig T. Liljestrand
Hinshaw & Culbertson, LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Steven Andrew Luxton
Edwards, Burns & Krider, LLP
201 N. Charles Street
Suite 1402
Baltimore, MD 21201

Thomas W. Lyons, III
Strauss, Factor, Laing & Lyons
222 Richmond Street
Suite 208
Providence, RI 02903-2914

Edward J. McCambridge
Segal, McCambridge, Singer
& Mahoney, Ltd.
One IBM Plaza
330 North Wabash Avenue
Suite 200
Chicago, IL 60611

James A. McKowen
James F. Humphreys & Associates, LC
United Center
500 Virginia Street, East
Suite 800
Charleston, WV 25301

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-0013

William T. Mills, II
Porterfield, Harper, Mills
& Motlow, P.A.
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

INVOLVED COUNSEL LIST (CTO-272) - MDL-875

Cathy Stephens Molchin
Schmidt & Molchin, P.C.
1518 First Financial Plaza
411 Hamilton Boulevard
Peoria, IL 61602

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Kevin G. Owens
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603

Alexandra M. Ozols
Sedgwick, Detert, Moran & Arnold
One Market Plaza Steuart Tower
8th Floor
San Francisco, CA 94105

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

James L. Pattillo
Norman, Wood, Kendrick & Turner
505 20th Street, North
Financial Center, Suite 1600
Birmingham, AL 35203

Ronald G. Peresich
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Keith J. Pflaum
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Douglas L. Prochnow
Wildman Harrold Allen & Dixon, LLP
225 West Wacker Drive
Suite 3000
Chicago, IL 60606

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Deborah L. Robinson
Robinson Woolson, PA
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Corina E. Salazar
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Stephen L. Shackelford
2001 Airport Road
Suite 301
Jackson, MS 39232

Frances L. Spinelli
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

David H. Stillman
Stillman & Associates, PC
51 Mill Street
Suite 5
Hanover, MA 02339

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Mark S. Thomas
Maupin Taylor, PA
3200 Beechleaf Court
Suite 500
P.O. Drawer 19764
Raleigh, NC 27619

Tracy E. Tomlin
Nelson, Mullins, Riley & Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

R. Bart Totten
Adler, Pollock & Sheehan
2300 Financial Plaza
Providence, RI 02903

INVOLVED COUNSEL LIST (CTO-272) - MDL-875

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

J. Jeffrey Trotter
Adams & Reese, LLP
P.O. Box 24297
Jackson, MS 39225-4297

Keith R. Truffer
Royston, Mueller, McLean & Reid
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Allen R. Vaught
Franklin, Cardwell & Jones
1700 Pacific Avenue
Suite 1610
Dallas, TX 75214

D. W. Venable
Venable & Venable, P.A.
205 South Hoover Boulevard
Suite 403
Tampa, FL 33609

George E. Wakeman, Jr.
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110

Margaret F. Ward
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Kirk G. Warner
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

Jacob H. Wellman
Teague, Campbell, Dennis & Gorham
4800 Six Forks Road
Suite 300
P.O. Box 19207
Raleigh, NC 27619-9207

Jonathan Robert Werne
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

RULE 5.2:     SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:       CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)       Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)       Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)       Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)       Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)       Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)       Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:       MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)       Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)       Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)       Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)       A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)       Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

JAN 0 3 2007

A CERTIFIED TRUE COPY

JUN 1 3 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 3 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

*JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JUN 28 2006

J.T. NOBLIN, CLERK
By_____ Deputy

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-264)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 80,641 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JUN 1 3 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

EXHIBIT
D

## SCHEDULE CTO-264 - TAG-ALONG ACTIONS
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **CALIFORNIA NORTHERN** | |
| CAN 3  06-843 | Richard Cody v. General Electric Co. |
| CAN 3  06-1634 | Robert Mathews v. General Electric Co., et al. |
| CAN 3  06-2271 | Maria J. Ballenger, et al. v. Agco Corp., et al. |
| CAN 4  06-2134 | Richard Smid, et al. v. General Electric Co., et al. |
| | |
| **ILLINOIS SOUTHERN** | |
| ILS 3  06-199 | Clarence Rushing, et al. v. Burlington Northern & Santa Fe Railway Co. |
| | |
| **MASSACHUSETTS** | |
| ~~MA 1 06-10618~~ | ~~Louise M. Proto, etc. v. Metropolitan Life Insurance Co., et al.~~ Opposed 6/13/06 |
| | |
| **MARYLAND** | |
| MD 1  06-841 | Donna F. Forster, etc. v. Anchor Packing Co., et al. |
| | |
| **MINNESOTA** | |
| MN 0  06-442 | Roy C. Carlson v. Garlock Sealing Technologies, LLC, et al. |
| MN 0  06-443 | Mayo W. Chance v. Garlock Sealing Technologies, LLC, et al. |
| MN 0  06-446 | Verner Keskitalo v. Garlock Sealing Technologies, LLC, et al. |
| MN 0  06-449 | David J. Olson v. Garlock Sealing Technologies, LLC, et al. |
| MN 0  06-1314 | Roland Lamke v. Garlock Sealing Technologies, LLC, et al. |
| | |
| **MISSISSIPPI NORTHERN** | |
| MSN 1  06-51 | James Wayne Anglin v. Bondex International, Inc., et al. |
| MSN 1  06-54 | Billy D. McGaughy v. Bendix Corp., et al. |
| MSN 1  06-57 | John Sellers v. Bendix Corp., et al. |
| MSN 1  06-65 | Elbert Franklin Davis v. Bendix Corp., et al. |
| MSN 1  06-66 | Edward Fowler v. Bendix Corp., et al. |
| MSN 1  06-67 | Jimmy Taylor v. Certainteed Corp., et al. |
| MSN 1  06-68 | Bill Jerome Parker v. Garlock, Inc., et al. |
| MSN 1  06-69 | Jewel Edward Parker v. Garlock, Inc., et al. |
| MSN 1  06-70 | Charles Clarence McVay, Jr. v. Georgia-Pacific Corp., et al. |
| MSN 1  06-75 | Sammy Egbert Parker v. Garlock, Inc., et al. |
| MSN 1  06-78 | Arnold Parker v. Garlock, Inc., et al. |
| MSN 1  06-81 | Bobby Ray Hilburn v. Garlock, Inc., et al. |
| MSN 1  06-82 | Clovis Essary v. Ametek, Inc., et al. |
| MSN 1  06-83 | Frank Henry v. Ametek, Inc., et al. |
| MSN 1  06-84 | Billy Gale Trimble v. Dana Corp., et al. |
| MSN 1  06-86 | Willie Melvin Ross v. Ametek, Inc., et al. |
| MSN 1  06-87 | Almus Lee Ross v. Ametek, Inc., et al. |
| MSN 1  06-89 | Donnie L. Bray v. Garlock, Inc., et al. |
| MSN 1  06-90 | Mary Manley, etc. v. Aqua-Chem, Inc., et al. |
| MSN 1  06-104 | Earl Franklin Spencer v. Garlock, Inc., et al. |
| MSN 2  06-27 | Kenneth W. Lantrip v. Ametek, Inc., et al. |
| MSN 2  06-28 | Paul M. Jennings v. Garlock, Inc., et al. |
| MSN 2  06-34 | Earl Jones v. Georgia-Pacific Corp., et al. |
| MSN 2  06-35 | Wilber Taylor v. Georgia-Pacific Corp., et al. |
| MSN 2  06-37 | Ira Bledsoe v. Georgia-Pacific Corp., et al. |

SCHEDULE - CTO-264 - TAG-ALONG ACTIONS - MDL-875

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| MSN 2 06-39 | Ben Christian v. Georgia-Pacific Corp., et al. |
| MSN 2 06-40 | Roy Thomas v. Georgia-Pacific Corp., et al. |
| MSN 2 06-41 | Ollie McCray v. Garlock, Inc., et al. |
| MSN 2 06-45 | Rena Mae McCray v. Ametek, Inc., et al. |
| MSN 2 06-46 | Dennise Gene Pearson v. Certainteed Corp., et al. |
| MSN 2 06-47 | Lawrence King v. Ametek, Inc., et al. |
| MSN 3 06-20 | Jerry Clay Merritt, Sr. v. Bendix Corp., et al. |
| MSN 3 06-22 | Mack Arthur Quarles v. Bendix Corp., et al. |
| MSN 3 06-28 | Donny Delbridge, et al. v. Garlock, Inc., et al. |
| MSN 3 06-29 | Claude Campbell v. Georgia-Pacific Corp., et al. |
| MSN 3 06-30 | Rickey Bing v. Georgia-Pacific Corp., et al. |
| MSN 3 06-31 | Al Beard v. Georgia-Pacific Corp., et al. |
| MSN 3 06-32 | Clyde Campbell v. Georgia-Pacific Corp., et al. |
| MSN 3 06-33 | Oplis King v. Georgia-Pacific Corp., et al. |
| MSN 3 06-34 | Warrick Darnell Jones v. Georgia-Pacific Corp., et al. |
| MSN 3 06-35 | John P. Riles v. Certainteed Corp., et al. |
| MSN 3 06-36 | Glenn Edward Smith v. Georgia-Pacific Corp., et al. |
| MSN 3 06-37 | Donald Houston Roy v. Garlock, Inc., et al. |
| MSN 3 06-42 | Walter D. Henry v. Ametek, Inc., et al. |
| MSN 3 06-43 | Thomas Johnson Thweatt v. Crown Cork & Seal Co. (USA), Inc., et al. |
| MSN 3 06-44 | Cecil Gandy v. Ametek, Inc., et al. |
| MSN 3 06-45 | Bettina Hardin, et al. v. Georgia-Pacific Corp., et al. |
| MSN 3 06-46 | Milton Ferrell Simpson v. Georgia Pacific Corp., et al. |
| MSN 3 06-47 | Kathleen Parvin v. Ametek, Inc., et al. |
| MSN 3 06-48 | Biddie Louis Pannell v. Georgia-Pacific Corp., et al. |
| MSN 3 06-49 | Raymond Bates v. Georgia-Pacific Corp., et al. |
| MSN 4 05-124 | James Anderson, et al. v. Owens-Illinois, Inc. |

MISSISSIPPI SOUTHERN

| | |
|---|---|
| MSS 1 06-126 | Mary Barnette v. Bendix Corp., et al. |
| MSS 1 06-138 | Helen Thrash, etc. v. Budd Co., et al. |
| MSS 1 06-139 | Wendell Alford v. Arvin Meritor, Inc., et al. |
| MSS 1 06-144 | Billy Bell v. Bondex International, Inc., et al. |
| MSS 1 06-169 | William Bethea Everett v. Bendix Corp., et al. |
| MSS 1 06-171 | Robert Earle McCullough, et al. v. Ametek, Inc., et al. |
| MSS 1 06-172 | Herbert Frank Poole v. Bondex International, Inc., et al. |
| MSS 1 06-173 | Walter Dave Wigley v. Ametek, Inc., et al. |
| MSS 1 06-177 | Tillis Edgar Loper v. Ford Motor Co., et al. |
| MSS 1 06-179 | Richard Lee Epting v. D.B. Riley, Inc., et al. |
| MSS 1 06-181 | Andrew Husley, Jr. v. Georgia-Pacific Corp., et al. |
| MSS 1 06-184 | Eugene Raymond Walker v. Georgia-Pacific Corp., et al. |
| MSS 1 06-190 | John Byars v. Aqua-Chem, Inc., et al. |
| MSS 1 06-201 | Jimmy Bilbro v. Ametek, Inc., et al. |
| MSS 1 06-202 | Francis Elliot Larson v. Ametek, Inc., et al. |
| MSS 1 06-203 | Willie Gooden v. Ametek, Inc., et al. |
| MSS 1 06-204 | James Carson v. Ametek, Inc., et al. |
| MSS 1 06-205 | Eddie Chandler v. Ametek, Inc., et al. |
| MSS 1 06-206 | Orville Goolsby v. Ametek, Inc., et al. |
| MSS 1 06-207 | John Field v. Ametek, Inc., et al. |
| MSS 1 06-208 | Kenneth Estis v. Ametek, Inc., et al. |
| MSS 1 06-209 | Willard Roberts v. Ametek, Inc., et al. |
| MSS 1 06-210 | Norman Kearney Shelton v. Bendix Corp., et al. |
| MSS 1 06-211 | Pertis Rander Watts v. Ametek, Inc., et al. |

SCHEDULE - CTO-264 - TAG-ALONG ACTIONS - MDL-875                    Page 3 of 6

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **MISSISSIPPI SOUTHERN** | |
| MSS 1 06-212 | Wardell Sawyer v. Ametek, Inc., et al. |
| MSS 1 06-213 | Eddie Chandler v. Ametek, Inc., et al. |
| MSS 1 06-214 | Alfred Riley Nix v. Ametek, Inc., et al. |
| MSS 1 06-215 | Roy H. Mixon v. Ametek, Inc., et al. |
| MSS 1 06-216 | Jefferson Davis v. Aqua-Chem, Inc., et al. |
| MSS 1 06-219 | Harry Collins v. Certainteed Corp., et al. |
| MSS 1 06-220 | Howard Dugger, et al. v. Aqua-Chem, Inc., et al. |
| MSS 1 06-221 | Isaac Dugger v. Aqua-Chem, Inc., et al. |
| MSS 1 06-227 | Raymond Nygard v. American Optical Co., et al. |
| MSS 1 06-228 | Reuben Eugene Ogborn v. Ametek, Inc., et al. |
| MSS 1 06-229 | Ernest McIntosh v. Aqua-Chem, Inc., et al. |
| MSS 1 06-230 | Donald Hartfield v. Ametek, Inc., et al. |
| MSS 1 06-231 | Lewis Catrett v. Aqua-Chem, Inc., et al. |
| MSS 1 06-232 | Michael Wayne McClantoc v. Ametek, Inc., et al. |
| MSS 1 06-234 | John Bruce Swanzy v. Ametek, Inc., et al. |
| MSS 1 06-235 | William Ray v. Ametek, Inc., et al. |
| MSS 1 06-236 | Allen Cochran v. American Optical Co., et al. |
| MSS 1 06-237 | Billy Brock v. Drilling Specialties Co., LLC, et al. |
| MSS 1 06-238 | Linzy Holliman v. Aqua-Chem, Inc., et al. |
| MSS 1 06-239 | Horace Leon Welford v. Ametek, Inc., et al. |
| MSS 1 06-240 | Joe Cameron, et al. v. Aqua-Chem, Inc., et al. |
| MSS 1 06-241 | Zolia Cornelius Oliver, Jr. v. Aqua-Chem, Inc., et al. |
| MSS 1 06-242 | Curtis Aron Prescott v. Ametek, Inc., et al. |
| MSS 1 06-248 | James Fross v. Aqua-Chem, Inc., et al. |
| MSS 1 06-250 | Louis Montgomery v. Aqua-Chem, Inc., et al. |
| MSS 1 06-262 | Lillie C. Hill v. General Electric Co., et al. |
| MSS 1 06-263 | Leavern Wilson v. Ametek, Inc., et al. |
| MSS 1 06-264 | Samuel Earl Mozingo v. Ametek, Inc., et al. |
| MSS 1 06-267 | Rudolph Ishee v. Ametek, Inc., et al. |
| MSS 1 06-270 | Ernest Ray Littlefield, Sr. v. Aqua-Chem, Inc., et al. |
| MSS 1 06-272 | Billy Brock v. Drilling Specialties Co., LLC, et al. |
| MSS 1 06-273 | Timothy Lavoy Hill v. Ametek, Inc., et al. |
| MSS 1 06-274 | Otis Gayle McDonald v. Ametek, Inc., et al. |
| MSS 1 06-275 | Claude Layton Odom v. D.B. Riley, Inc., et al. |
| MSS 1 06-276 | Jimmy Lavon Parker v. Dana Corp., et al. |
| MSS 1 06-277 | Eddie Louis Smith v. Certainteed Corp., et al. |
| MSS 1 06-279 | George Louis Smith v. Certainteed Corp., et al. |
| MSS 1 06-280 | Levi Thomas, Jr. v. Certainteed Corp., et al. |
| MSS 1 06-281 | Lawrence Ainsworth v. Drilling Specialties Co., LLC, et al. |
| MSS 1 06-282 | Curtis Lee Jernigan v. Ametek, Inc., et al. |
| MSS 1 06-285 | Sylvester Benson Robinson, Jr. v. Ametek, Inc., et al. |
| MSS 1 06-286 | James Bartlett v. Ametek, Inc., et al. |
| MSS 1 06-287 | General L. Sherman v. Ametek, Inc., et al. |
| MSS 1 06-288 | Charles Green v. Ametek, Inc., et al. |
| MSS 1 06-289 | William E. Burkhart v. Ametek, Inc., et al. |
| MSS 1 06-290 | Jean Barnwell, etc. v. Ametek, Inc., et al. |
| MSS 1 06-291 | Melvin Lister, Jr. v. Aqua-Chem, Inc., et al. |
| MSS 1 06-292 | Jimmy Davis Ward v. Ametek, Inc., et al. |
| MSS 1 06-293 | Ralph Elbert Tucker v. Ametek, Inc., et al. |
| MSS 1 06-294 | Clarence Eugene Lister v. Ametek, Inc., et al. |
| MSS 1 06-295 | Sammy W. Crawford v. Ametek, Inc., et al. |
| MSS 1 06-296 | James L. Stuckey v. Ametek, Inc., et al. |
| MSS 1 06-297 | Chester Kenton Freeman v. Ametek, Inc., et al. |

SCHEDULE - CTO-264 - TAG-ALONG ACTIONS - MDL-875

Page 4 of 6

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **MISSISSIPPI SOUTHERN** | |
| MSS 1 06-298 | Davey Ellis Rabb v. Ametek, Inc., et al. |
| MSS 1 06-299 | Kenneth R. Mahan v. Ametek, Inc., et al. |
| MSS 1 06-300 | Thomas Franklin Pearson v. Ametek, Inc., et al. |
| MSS 1 06-301 | Leslie W. Johnson v. Ametek, Inc., et al. |
| MSS 1 06-302 | Curtis L. Raybon, Sr. v. Ametek, Inc., et al. |
| MSS 1 06-303 | Edward Charles Besancon, Sr. v. Ametek, Inc., et al. |
| MSS 1 06-304 | Connell Lewis v. Aqua-Chem, Inc., et al. |
| MSS 1 06-305 | Richard Lowery Dana v. Aqua-Chem, Inc., et al. |
| MSS 1 06-306 | Albert Earl Smith v. Ametek, Inc., et al. |
| MSS 1 06-308 | John Bryant v. Owens-Illinois, Inc. |
| MSS 1 06-309 | Charlie Davis v. Ametek, Inc., et al. |
| MSS 1 06-320 | Bennie Luther Sparkman v. Ametek, Inc., et al. |
| MSS 1 06-321 | Cecil Alfred Whitmore v. Ametek, Inc., et al. |
| MSS 1 06-322 | Michael Robinson v. Ametek, Inc., et al. |
| MSS 1 06-323 | Luther Knight v. Ametek, Inc., et al. |
| MSS 1 06-324 | Alton Cornett v. Ametek, Inc., et al. |
| MSS 1 06-325 | Albert Earl Smith v. Ametek, Inc., et al. |
| MSS 1 06-326 | Jack Crawford v. Aqua-Chem, Inc., et al. |
| MSS 1 06-327 | Chester Kenton Freeman, Sr. v. Ametek, Inc., et al. |
| MSS 1 06-328 | Claude Garrett v. Ametek, Inc., et al. |
| MSS 1 06-329 | Robert Furby v. Ametek, Inc., et al. |
| MSS 1 06-330 | Jessie L. Bennett v. Ametek, Inc., et al. |
| MSS 1 06-331 | James Buckley v. Ametek, Inc., et al. |
| MSS 1 06-332 | Bruce B. Ebeling v. Ametek, Inc., et al. |
| MSS 1 06-333 | Byron Brown v. Ametek, Inc., et al. |
| MSS 1 06-334 | Hayward Dwight Ray v. Ametek, Inc., et al. |
| MSS 1 06-335 | John Morgan v. Ametek, Inc., et al. |
| MSS 1 06-336 | Majure Lavon Smith v. Ametek, Inc., et al. |
| MSS 1 06-337 | Mildred Blackwell Henderson v. Ametek, Inc., et al. |
| MSS 1 06-338 | Billy Boyles v. Ametek, Inc., et al. |
| MSS 1 06-339 | Billy Reid v. Ametek, Inc., et al. |
| MSS 1 06-340 | Joseph Jens Pedersen v. Ametek, Inc., et al. |
| MSS 1 06-341 | Julian Crooks v. Ametek, Inc., et al. |
| MSS 1 06-342 | Teddy Albert Sullivan v. Ametek, Inc., et al. |
| MSS 1 06-343 | James E. Smith v. Ametek, Inc., et al. |
| MSS 1 06-344 | James Clay v. Certainteed Corp., et al. |
| MSS 1 06-345 | Douglas C. Danley v. Ametek, Inc., et al. |
| MSS 1 06-346 | John D. Grant v. Ametek, Inc., et al. |
| MSS 1 06-347 | Joseph Cox v. Ametek, Inc., et al. |
| MSS 1 06-348 | Jerry Louis Kirkland v. Georgia-Pacific Corp., et al. |
| MSS 1 06-349 | Jerry Harvison v. Ametek, Inc., et al. |
| MSS 1 06-350 | Lloyd Sumers Tickell, Jr. v. Ametek, Inc., et al. |
| MSS 1 06-351 | Coney B. Bryan v. Ametek, Inc., et al. |
| MSS 1 06-352 | Ted Grey v. Ametek, Inc., et al. |
| MSS 1 06-353 | Nickey Arnold v. Ametek, Inc., et al. |
| MSS 1 06-354 | Billy Ray Holifield v. Georgia-Pacific Corp., et al. |
| MSS 1 06-355 | Billy Charles Smith v. Georgia-Pacific Corp., et al. |
| MSS 1 06-356 | Hubert L. Jones v. Georgia-Pacific Corp., et al. |
| MSS 1 06-357 | Walter Hargrave v. Ametek, Inc., et al. |
| MSS 1 06-358 | Lloyd Overton v. Ametek, Inc., et al. |
| MSS 1 06-359 | Roland L. Thornton v. Ametek, Inc., et al. |
| MSS 1 06-360 | Michael M. Murphy v. Ametek, Inc., et al. |
| MSS 1 06-361 | Helen Patricia Odom v. Georgia-Pacific Corp., et al. |

SCHEDULE - CTO-264 - TAG-ALONG ACTIONS - MDL-875                     Page 5 of 6

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **MISSISSIPPI SOUTHERN** | |
| MSS 1 06-362 | John Paul Rigney v. Ametek, Inc., et al. |
| MSS 1 06-364 | Eddie Charles Jones v. Certainteed Corp., et al. |
| MSS 1 06-366 | Jean Loper v. Aqua-Chem, Inc., et al. |
| MSS 1 06-367 | Paris Martin v. Certainteed Corp., et al. |
| MSS 1 06-369 | Charles McArthur Palmer v. Ametek, Inc., et al. |
| MSS 1 06-370 | Leavester McKenzie v. Ametek, Inc., et al. |
| MSS 1 06-371 | Roy Barnett v. Ametek, Inc., et al. |
| MSS 1 06-372 | Delano Abercrombie, et al. v. Crane Co., et al. |
| MSS 1 06-373 | Clarence McNeese v. Crane Co., et al. |
| MSS 1 06-381 | Johnny W. Faust v. Phillips 66 Co., et al. |
| MSS 1 06-382 | Dale F. Polk v. Phillips 66 Co., et al. |
| MSS 1 06-395 | John Lee Dover v. Certainteed Corp., et al. |
| MSS 1 06-400 | Joseph Dunbar, Jr. v. American Standard, Inc., et al. |
| MSS 1 06-403 | Adell Evans v. Fairbanks Morse Pump Corp., et al. |
| MSS 1 06-405 | Elouise Thornton v. American Standard, Inc., et al. |
| MSS 1 06-411 | Carol Ann Wood v. Crane Co., et al. |
| | |
| **NORTH CAROLINA MIDDLE** | |
| NCM 1 06-317 | Nelson Franklin McMahan, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 06-318 | Clifford Henry Morgan v. Aqua-Chem, Inc., et al. |
| NCM 1 06-319 | Charles Warren Fuller, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 06-320 | Arnold Lee Kluttz, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 06-334 | Kenneth Franklin Ballard, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 06-335 | William Wayne Allred, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 06-336 | Anthony Ladd Flinchum v. Aqua-Chem, Inc., et al. |
| | |
| **NORTH CAROLINA WESTERN** | |
| NCW 1 06-100 | Timothy Eugene Abernathy v. Aqua-Chem, Inc., et al. |
| NCW 1 06-101 | Brenda Cook Baker, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-102 | Earl Reid Chronister, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-103 | Paul David Corriher, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-105 | Bill James DeBerry, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-107 | Walter Cornelius Harman, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-108 | Ronald Dale Leatherman, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-109 | Leslie Conrad Hovis, III, et al. v. Aqua-Chem, Inc, et al. |
| NCW 1 06-110 | Henry Johnson Brown, Jr. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-112 | Terry Lee Slaughter, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-113 | David Larry Wright, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-114 | Fred Chester Meeks, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-117 | Randall Ray Tracey, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-118 | Clifford Lewis McCoy, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-119 | Ronny Lee Richardson, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-120 | William Lloyd Steele, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1 06-133 | Lonnie H. Williams, et al. v. A.W. Chesterton, Inc., et al. |
| NCW 1 06-137 | Darryl M. Hutchins v. 3M Co., et al. |
| | |
| **NEW MEXICO** | |
| NM 1 06-362 | Ronald Sanchez v. Burlington Northern & Santa Fe Railway Co. |
| NM 1 06-365 | Tim R. Sanchez v. Burlington Nothern & Santa Fe Railway Co. |
| NM 1 06-368 | Ron Butler v. Burlington Northern & Santa Fe Railway Co. |
| NM 2 06-361 | William H. Monroe, Jr., etc. v. Burlington Northern & Santa Fe Railway Co. |
| NM 2 06-364 | Coleman D. Hunt v. Burlington Northern & Santa Fe Railway Co. |
| NM 6 06-363 | Bob Butler v. Burlington Northern & Santa Fe Railway Co. |
| NM 6 06-366 | Willie R. Chavez v. Burlington Northern & Santa Fe Railway Co. |

SCHEDULE - CTO-264 - TAG-ALONG ACTIONS - MDL-875

Page 6 of 6

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **NEW YORK EASTERN** | |
| NYE 1  06-932 | John P. Voytek, etc. v. A.W. Chesterton Co., et al. |
| NYE 1  06-996 | Clara Garner, etc. v. A.O. Smith Water Products Co., et al. |
| NYE 1  06-1120 | Masie Frier, etc. v. A.W. Chesterton Co., et al. |
| NYE 1  06-1841 | Joseph Nemick, et al. v. A.W. Chesterton Co., et al. |
| NYE 1  06-1929 | James T. McMahon, Jr., et al. v. A.W. Chesterton Co., et al. |
| | |
| **NEW YORK SOUTHERN** | |
| NYS 1  05-8414 | Alan Rubin, etc. v. General Electric Co. |
| NYS 1  06-1708 | Willard E. Bartel, et al. v. United States Lines, Inc. Reorganization Trust |
| NYS 1  06-1709 | Willard E. Bartel, et al. v. United States Lines, Inc. Reorganization Trust |
| NYS 1  06-2088 | Salvador Midence v. United States Lines, Inc. Reorganization Trust |
| NYS 1  06-2349 | William E. Bartel, et al. v. United States Lines, Inc. Reorganization Trust |
| | |
| **OHIO NORTHERN** | |
| OHN 1  06-10003 | Willard E. Bartel, et al. v. A-C Product Liability Trust, et al. |
| OHN 1  06-10004 | Willard E. Bartel, et al. v. A-C Product Liability Trust, et al. |
| OHN 1  06-10005 | Willard E. Bartel, et al. v. A-C Product Liability Trust, et al. |
| | |
| **WEST VIRGINIA SOUTHERN** | |
| ~~WVS 2  06-213~~ | ~~Franklin Joseph Modley, et al. v. 20th Century Glove Corp. of Texas, et al.~~ |
| | Opposed 6/13/06 |

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 6/9/06

ATTEST:

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 8 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)



*Eswin Dean v. 3M Co., et al.*, N.D. Mississippi, C.A. No. 4:06-142
*Archie Lord, Sr. v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-660
*Joseph Newsome v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-661
*Cleophus Smith v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-662
*Joseph Alexander Anderson, Jr., et al. v. Ford Motor Co., et al.*, D. Utah, C.A. No. 2:06-741

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB 1 2 2007

BY _____ J.T. NOBLIN, CLERK
_____ DEPUTY

# BEFORE WM. TERRELL HODGES,* CHAIRMAN, D. LOWELL JENSEN,* J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending in the Northern District of Mississippi and the District of Utah, respectively, and three actions pending in the Southern District of Mississippi. Movants ask the Panel to vacate the respective portions of its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

---

\*    Judges Hodges, Jensen and Motz took no part in the disposition of this matter.

[1]    Plaintiffs have argued that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations:  1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on
(continued...)



EXHIBIT

- 2 -

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under the stewardship of the transferee court, as of January 1, 2007, i) over 74,460 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts.  To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.  *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.  We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Robert L. Miller, Jr.
Acting Chairman

---

[1](...continued)
the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

## INVOLVED COUNSEL LIST
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Barbara K. Berrett
Berrett & Associates
Ken Garff Bldg.
405 South Main Street
Suite 1050
Salt Lake City, UT 84111

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Doris T. Bobadilla
Galloway, Johnson, Tompkins, Burr
& Smith
701 Poydras Street
Suite 4040
New Orleans, LA 70139

Scot A. Boyd
Christensen & Jensen
50 South Main Street
Suite 1500
Salt Lake City, UT 84144

Kamie F. Brown
Snell & Wilmer, LLP
15 W South Temple Ste 1200
Gateway Tower West
Salt Lake City, UT 84101

Richard O. Burson
Ferris, Burson & Entrekin, PLLC
P.O. Box 1289
Laurel, MS 39441-1289

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Patricia W. Christensen
Parr, Waddoups, Brown, Gee
& Loveless
185 South State Street
13th Floor
P.O. Box 11019
Salt Lake City, UT 84147

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Michael Jason Clayton
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Lawrence M. Coco III
Carroll Bufkin & Coco, PLLC
1671 Lelia Drive
Jackson, MS 39216

Alice W. Coleman
Brent Coon & Associates
188 East Capitol Street
Suite 1375
Jackson, MS 39201

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Andrea L. Edney
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

Dennis C. Ferguson
Williams & Hunt
257 East 200 South, Suite 500
P.O. Box 45678
Salt Lake City, UT 84145-5678

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Tracy H. Fowler
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Richard K. Glauser
Smith & Glauser, PC
7351 South Union Park Ave.
Suite 200
Midvale, UT 84047

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

S. Robert Hammond, Jr.
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jonathan L. Hawkins
Morgan Minnock Rice & James
136 S. Main
Suite 800
Salt Lake City, UT 84101

INVOLVED COUNSEL LIST - MDL-875                                                      Page 2 of 3

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

Blayne T. Ingram
Scott, Sullivan, Streetman & Fox
Post Office Box 13847
Jackson, MS 39236-3847

Mark F. James
Hatch, James & Dodge
10 West Broadway
Suite 400
Salt Lake City, UT 84101

G. Patterson Keahey, Jr.
Law Offices of G. Patterson
Keahey, Jr., PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Dan R. Larsen
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

John C. McCants
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Melinda A. Morgan
Richards, Brandt, Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

J. Kevin Murphy
Kipp & Christian
10 Exchange Place
4th Floor
Salt Lake City, UT 84111-2314

Donald C. Partridge
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Stewart O. Peay
Snell & Wilmer, LLP
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ronald G. Peresich
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Kenneth Leigh Reich
Snow Christensen & Martineau
10 Exchange Pl
PO Box 45000
Salt Lake City, UT 84145-5000

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Gregory S. Roberts
Ray Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT 84145-0385

Ross I. Romero
Jones, Waldo, Holbrook & McDonough
170 South Main Street
Suite 1500
P.O. Box 45444
Salt Lake City, UT 84145

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Ryan J. Schriever
J. Joyce & Associates
P.O. Box 329
Sandy, UT 84091-0329

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Bonnie B. Smith
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

INVOLVED COUNSEL LIST - MDL-875

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Allen R. Vaught
Franklin, Cardwell & Jones
1700 Pacific Avenue
Suite 1610
Dallas, TX 75214

Katherine E. Venti
Parsons, Behle & Latimer
201 S Main St Ste 1800
Po Box 45898
Salt Lake City, UT 84145

Rose Marie Wade
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Mark J. Williams
Jones, Waldo, Holbrook
& McDonough
170 South Main Street
Suite 1500
P.O. Box 45444
Salt Lake City, UT 84101

# GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

JOHN E. GALLOWAY †•
J. MICHAEL JOHNSON (1946-2001)
JAMES M. TOMPKINS †•∆
TIMOTHY F. BURR †•
THOMAS J. SMITH †•
LARRY G. CANADA †•■ •
RICHARD G. DUPLANTIER, JR.†
J. MICHAEL GRIMLEY, JR. •†
MARK R. PHARR, III •†
JASON P. WAGUESPACK †
GERALD A. MELCHIODE †•
W. DAVID JESTER ∆•
KEVIN A. MARKS †
KEVIN L. COLE† •
LES PICKETT •
NATASHA Z. WILSON †•
MARY LOU SUMMERVILLE •
DORIS T. BOBADILLA †•
JESSICA R. JONES •
TIMOTHY W. HASSINGER †
RICHARD E. KING †• •
STEPHEN J. MOORE †◊⊗
MICHAEL J. WRAY •†•
KIMBERLY G. ANDERSON †
JEREMIAH J. TALBOTT ⊗∆
R SCOTT TRAWEEK ∆■
————————
KRISTI L. HAMILTON •
CLARE VETTERS COUGILL •
MARGARET A. KRASICKI •
BRUCE A. BANNON †
JULIE E. VAICIUS †
MICHAEL D. LONEGRASS †
TERESA LEYVA MARTIN †
FREDERICK W. SWAIM III †
PETER A. BOURGEOIS †
CYNTHIA J. THOMAS †∆◊
JAMES A. PRATHER †
PHILLIP S. HOWELL •

A PROFESSIONAL LAW CORPORATION
ONE SHELL SQUARE
701 POYDRAS STREET
40™ FLOOR
NEW ORLEANS, LOUISIANA 70139
TELEPHONE (504) 525-6802
TELECOPY (504) 525-2456
www.gjtbs.com

4021 AMBASSADOR CAFFERY PARKWAY
BUILDING A SUITE 175
LAFAYETTE, LOUISIANA 70503
TELEPHONE (337) 735-1760
TELECOPY (337) 993-0933

3555 TIMMONS LANE
SUITE 1225
HOUSTON, TEXAS 77027
TELEPHONE (713) 599-0700
TELECOPY (713) 599-0777

7730 CARONDE
SUITE
ST. LOUIS, MIS
TELEPHONE (3
TELECOPY (3

1101 GULF BREEZE PARKWAY
SUITE 2
GULF BREEZE, FLORIDA 32561
TELEPHONE (850) 934-3800
TELECOPY (850) 934-3848

#3 SANCTUARY BOULEVARD
SUITE 301
MANDEVILLE, LOUISIANA 70471
TELEPHONE (985) 674-6680
TELECOPY (985) 674-6681

JULIE D. ROBLES † (1959-2005)
JASON F. GILES †
TIFFANY A. MANN †
FRANK A. ROMEU, JR. †•
JESSIE S. HAYNES †
JAMES T. BAILEY •
B. WESLEY PITTS †
JAMES L. AZZARELLO, JR. •†
RYAN M. BOURGEOIS †
KURT KEEFER ∆ ♥
TOM ROBINSON
GORDON V. GREIG †
RYAN PEDRAZA
JACOB C. ESPARZA•
RANDY L. HOTH †
LAMBERT J. HASSINGER, JR†
DAVID M. MORAGAS †
J. MARSTON FOWLER †•
A. KATHRYN BREARD †•◦
JACK FAHERTY †
MICHAEL J. NICAUD, JR. †
FRANCIS deBLANC, III †
WAYNE A. JONES •†
ANDREA L. ALBERT †
JEAN P. D'ALBOR †
KIMBERLY A. DIAMOND †
RON T. CAPENART •

◊ ADMITTED IN CONNECTICUT •
⊗ ADMITTED IN MISSOURI

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**FEB 2 1 2007**

FILED
CLERK'S OFFICE

Request of Defendant Pool Offshore d/b/a
Pool Company for Extension of Time to file
Response -- **GRANTED**.
*RECEIVED WITH PLEADING.*
(jnl - 20 Feb 07)

**Please Respond To**

February 16, 2007

**VIA FEDERAL EXPRESS**
Mr. Jeffery Luthi, Clerk of the Panel
Judicial Panel of MDL
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg.
Room G-255, North Lobby
Washington, DC 20002

2007 FEB 20  A 11:
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

RE:    CTO-272, MDL Docket No. 875,
       In Re Asbestos Products Liability Litigation (No. VI)
       *Brandon Kaye Polk v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-383*
       *Daniel Livingston v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-384*
       *Ralph T. McPhail v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1146*
       *Willie Daniels v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1199*
       *Harvey E. Broom v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1200*
       *Roland Dearman v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1201*
       *Clinton Brady v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1202*
       *Deloice Bullock v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1203*
       *Eliel Mounteer v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1204*
       *Terry Wallace v. Phillips 66 Co., et. al, S.D. Miss., C.A. No. 1:06-1205*
       *Ray Rawls v. Phillips 66 Co., et. al., S.D. Miss. C.A. No. 1:06-1206*
       *Lonnie Newsom v. Phillips 66 Co., et. al., S.D. Miss. C.A., No. 1:06-1207*
       *George Dixon v. Phillips 66 Co., et. al., S.D. Miss. C.A., No. 1:06-1208*
       *Ted Piner v. Phillips 66 Co., et. al., S.D. Miss. C.A. No. 1:06-1209*
       *Hentry Herring v. Phillips 66 Co., et. al., S.D. Miss. C.A. No. 1:06-1210*
       *Joseph Crawford v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1211*

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

*Dan M. Daughdrill v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1212*
*Tony Thomas v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1213*
*Patrick Curd v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1214*
*Louie T. Elmer v. Phillips 66 Co., et. al., S.D. Miss., C.A. No. 1:06-1215*

Dear Mr. Luthi,

Enclosed please find the original and four (4) copies of Pool Offshore d/b/a Pool Company's (hereinafter "Pool Offshore") Consolidated Opposition to Motion to Vacate, Brief in Support of the Opposition, a CD ROM containing a copy of the Opposition and Brief in Word Perfect and all exhibits in PDF, and a postage pre-paid, self addressed envelope. Please file the originals into the record. We have enclosed one additional copy of the Opposition and Brief in Opposition and would appreciate your staff returning a file-stamped copy.

In confirmation, on behalf of Pool Offshore, we requested and you granted an extension of time to file this Consolidated Opposition to the Motion to Vacate, Brief in Support, and exhibits thereto until and including Monday, February 19, 2007. As February 19, 2007 is Presidents' Day and your office will be closed for the federal holiday, Mecca of your office confirmed the extension would be valid to and including Tuesday, February 20, 2007. From our understanding, you received Pool Offshore's Oppositions to Plaintiffs' Motion to Vacate on February 15, 2007. However, you granted an extension of time, as outlined herein, to have the Consolidated Opposition and supporting documents filed.

Copies of same listed above are being mailed to all counsel on the attached Schedule of Actions/Panel Service List.

We thank you for your professional courtesies. If you should have any questions, please do not hesitate to contact me.

Very Truly Yours,

Doris T. Bobadilla

DTB:db
Enclosures

cc: See the attached Schedule of Actions/Panel Service List

2007 FEB 20 A 11: 11
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE