

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 26 2007

FILED
CLERK'S OFFICE

IN RE:   ASBESTOS PRODUCTS LIABILITY   MDL 875
LITIGATION (NO VI)

CONDITIONAL TRANSFER ORDER 274

### NOTICE OF OPPOSITION TO JUDICIAL TRANSFER

COMES NOW, Teressa Bell, plaintiff in Civil Action No. 06-785-FJP-DLD, in the United States District Court for the Middle District of Louisiana, and files this her Opposition to the Conditional Transfer Order pursuant to the Rules of Procedure of the Judicial Panel on Multi-District Litigation. In support of his opposition to the conditional transfer, the plaintiff would show unto the panel, the following, to wit:

1.

The plaintiff in this case first filed her petition against, Rowan Companies, Inc., Texaco Refining and Marketing, Inc., Schlumberger Technology Corporation, M-I, L.L.C., Union Carbide Corporation, Conoco Phillips Company, Tidewater, Inc., and Noble Drilling Corporation in the 19th Judicial District Court in and for the Parish of East Baton Rouge Parish, State of Louisiana on September 8, 2006.

2.

On October 10, 2006, Rowan Companies, Inc. filed its Notice of Removal to remove this case to the United States District Court for the Middle District of Louisiana.

PLEADING NO. 4971

OFFICIAL FILE COPY

IMAGED FEB 26 2007

3.

On or about December 18, 2006, Union Carbide Corporation notified the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 of the Rules of Judicial Panel of Multi-District Litigation, listing this case as a potential "Tag-A-Long" action in the asbestos cases pending in the United States District Court, Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceeding pursuant to 28 U.S.C. §1407. That proceeding is MDL 875.

4.

Plaintiff respectfully suggests that this matter does not comport with the provisions of 28 U.S.C. §1407 and therefore the Conditional Transfer Order has been improvidently issued by the Judicial Panel on Multi-District Litigation §1407 which states in pertinent part:

> "(a)    When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. ***"

5.

Plaintiff herein would show that this is a single plaintiff action (widow of Don Bell) involving exposure by her deceased husband, Don Bell, to drilling mud containing raw asbestos while he was employed on marine vessels owned and/or leased by defendants. Further, this action is brought pursuant to the Jones Act 46 U.S.C. §466, and the General Maritime Law pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333 and Louisiana state law.

6.

This case is unique in that the parties made defendants herein are parties with whom

plaintiff's husband was affiliated during his working career. Most of the defendants are not traditional asbestos defendants who routinely request transfer and consolidation to the Eastern District of Pennsylvania forum. On information and belief, there are no other pending cases which have similar factual allegations as the matter sub judice.

7.

The discovery issues that will arise in the *Bell* case are not the same, nor are there similar issues with any other case now pending in MDL 875. There will be no conservation of judicial resources by consolidation. In point of fact, a transfer of *Bell* to MDL 875 will increase the expense of litigation to the parties, inter alia, traveling to and from Philadelphia for motion practice.

8.

Plaintiff submits that the *Bell* discovery will have no applicability to any other pending case so there is no duplicative effort if Bell remains before the United States District Court for the Middle District of Louisiana. The vast majority of the discovery will occur in Louisiana.

9.

The Transfer Order should be stayed pending further briefing.

WHEREFORE, PREMISES CONSIDERED, the Panel should enter an Order staying the transfer of this case to the United States District Court for the Eastern District of Pennsylvania.

RESPECTFULLY SUBMITTED:

_____
PATRICK W. PENDLEY (#10421)
PENDLEY, BAUDIN & COFFIN, LLP
24110 EDEN STREET (70764)
P.O. BOX 71
PLAQUEMINE, LA 70765-0071
TELE: (225) 687-6396 FAX: (225) 687-6398

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

>Honorable Lawrence Talamo
>U.S. District Court Clerk
>Middle District of Louisiana
>Russell B. Long Federal Building and Courthouse
>Ste. 139, 777 Florida St.
>Baton Rouge, LA 70801

>Honorable James Brady
>U.S. District Judge
>Russell B. Long Federal Building and Courthouse
>Ste. 369. 777 Florida St.
>Baton Rouge, LA 70801

>**DANIEL D. PIPITONE**
>Chamberlain, Hrdlicka, White, Williams & Martin
>1200 Smith Street, Suite 1400
>Houston, Tx 77002-1310
>*Attorney for* **NOBLE DRILLING CORPORATION**

>**KATHLEEN DREW**
>Adams & Reese
>4500 One Shell Square
>New Orleans, LA 70139
>*Attorney for* **CONOCO PHILLIPS COMPANY**

>**RICHARD CHOPIN**
>Chopin Wagar Richard & Kutcher
>Two Lakeway Center Ste 900
>3850 North Causeway Blvd.
>Metairie, LA 70002
>*Attorney for* **ROWAN COMPANIES**

>**ERNEST FOUNDAS**
>Abbott Simses & Kruhler
>Ste. 200
>400 Lafayette St.
>New Orleans, LA 70130
>*Attorney for* **UNION CARBIDE CORPORATION**



**BARRYE MIYAGI**
**GARY BEZET**
Kean Miller
P.O. Box 3513
Baton Rouge, LA 70821
*Attorney for **TEXACO REFINING AND MARKETING***

this 24th day of February, 2007.

_____
PATRICK W. PENDLEY