**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

FEB 26 2007

FILED
CLERK'S OFFICE

IN RE:     ASBESTOS PRODUCTS LIABILITY            MDL 875
           LITIGATION (NO VI)

CONDITIONAL TRANSFER ORDER 274

### NOTICE OF OPPOSITION TO JUDICIAL TRANSFER

COMES NOW, Daniel Jarrell, plaintiff in Civil Action No. 06-2190, in the United States District Court for the Western District of Louisiana, and files this his Opposition to the Conditional Transfer Order pursuant to the Rules of Procedure of the Judicial Panel on Multi-District Litigation. In support of his opposition to the conditional transfer, the above named plaintiff would show unto the panel, the following, to wit:

1.

The plaintiff in this case first filed his petition against, Chevron USA, Inc., Baker Hughes Oilfield Operations, Inc., Noble Drilling Corporation, Franks Petroleum, Inc., the H & S Drilling Company, Shell Oil Company, Amerada Hess Corporation and Chromalloy American Corporation in the 16th Judicial District Court in and for the Parish of St. Mary, State of Louisiana on October 6, 2006.

2.

On November 16, 2006, Shell Oil Company filed its Notice of Removal to remove this case to the United States District Court for the Western District of Louisiana.

PLEADING NO. 4972

OFFICIAL FILE COPY
IMAGED FEB 2 6 2007

3.

On or about January 5, 2007, Noble Drilling Corporation notified the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 of the Rules of Judicial Panel of Multi-District Litigation, listing this case as a potential "Tag-A-Long" action in the asbestos cases pending in the United States District Court, Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceeding pursuant to 28 U.S.C. §1407. That proceeding is MDL 875.

4.

Plaintiff respectfully suggests that this matter does not comport with the provisions of 28 U.S.C. §1407 and therefore the Conditional Transfer Order has been improvidently issued by the Judicial Panel on Multi-District Litigation §1407 which states in pertinent part:

> "(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. ***"

5.

Plaintiff herein would show that this is a single plaintiff action involving exposure by plaintiff to drilling mud containing raw asbestos while employed on marine vessels owned and/or leased by defendants. Further, this action is brought pursuant to the Jones Act 46 U.S.C. §466, and the General Maritime Law pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333 and Louisiana State law.

6.

This case is unique in that the parties made defendants herein are parties with whom plaintiff was affiliated during his working career. Most of the defendants are not traditional

asbestos defendants who routinely request transfer and consolidation to the Eastern District of Pennsylvania forum. On information and belief, there are no other pending cases which have similar factual allegations in the matter sub judice.

7.

The discovery issues that will arise in the *Jarrell* case are not the same, nor are there similar issues with any other case now pending in MDL 875. There will be no conservation of judicial resources by consolidation. In point of fact, a transfer of *Jarrell* to MDL 875 will increase the expense of litigation to the parties, inter alia, traveling to and from Philadelphia for motion practice.

8.

Plaintiff submits that the *Jarrell* discovery will have no applicability to any other pending case so there is no duplicative effort if Jarrell remains before the United States District Court for the Western District of Louisiana. The vast majority of the discovery will occur in Louisiana.

9.

The Transfer Order should be stayed pending further briefing.

WHEREFORE, PREMISES CONSIDERED, the Panel should enter an Order staying the transfer of this case to the United States District Court for the Eastern District of Pennsylvania.

RESPECTFULLY SUBMITTED:

_____
PATRICK W. PENDLEY (#10421)
PENDLEY, BAUDIN & COFFIN, LLP
24110 EDEN STREET (70764)
P.O. BOX 71
PLAQUEMINE, LA 70765-0071
TELE: (225) 687-6396  FAX: (225) 687-6398
E-MAIL: pwpendley@pbclawfirm.com

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

Honorable Marcia Leleux
U.S. District Court Clerk
Western District of Louisiana
P.O. Box 1269
Alexandria, LA 71309-1269

Honorable Tucker Melancon
U.S. District Judge
4700 John M. Shaw US Courthouse
800 Lafayette St.
Lafayette, LA 70501

**DANIEL D. PIPITONE**
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Tx 77002-1310
*Attorney for* **NOBLE DRILLING CORPORATION**

**RICHARD P. SULZER**
**ROBERT E. WILLIAMS, IV**
Sulzer & Williams, LLC
201 Holiday Boulevard, Suite 335
Covington, LA 70433
*Attorney for* **BAKER HUGHES OILFIELD OPERATIONS, INC.**

**WILLIAM DAVIS**
Milling Benson Woodword LLP
339 Florida St., Ste 300
Baton Rouge, LA 70801
*Attorney for* **FRANKS PETROLEUM INC.**

**ELIZABETH WHEELER**
King LeBlanc & Bland PLLC
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170
*Attorney for* **AMERADA HESS CORPORATION**

**ROBERT DILLE**
Kean Miller
P.O. Box 3513
Baton Rouge, LA 70821
*Attorney for* **SHELL OIL COMPANY**

**CHRISTINE CARBO**
Strasburger
1401 McKinney St., Ste. 2200
Houston, TX 77010.4035
*Attorney for* **CHROMALLOY AMERICAN CORP.**

**GARY BEZET**
Kean Miller
P.O. Box 3513
Baton Rouge, LA 70821
*Attorney for* **CHEVRON USA**

this 24th day of February, 2007.

_____
PATRICK W. PENDLEY