**MDL 875a**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

MAR - 9 2007

FILED
CLERK'S OFFICE

IN RE:  ASBESTOS PRODUCTS LIABILTY        MDL DOCKET NO: 875
        LITIGATION (NO VI)

CONDITIONAL TRANSFER ORDER 274

## CONSOLIDATED MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

**COME NOW**, Teressa Bell ("Movant") by and through her counsel of record and files this her consolidated Motion and Brief to Vacate Conditional Transfer Order entered by the Judicial Panel on Multi-District Litigation on February 9, 2007. In support thereof, the Movant would show unto the Court, the following, to-wit:

### PROCEDURAL HISTORY

The Plaintiff originally filed suit in the Nineteenth Judicial District Court in the Parish of East Baton Rouge, State of Louisiana on September 8, 2006 against Rowan Companies, Inc., Texaco Refining and Marketing Inc., Schlumberger, M-I L.L.C., Union Carbide Corporation, Conoco Phillips Company, Tidewater Inc., and Noble Drilling Corporation.[1] The Complaint was

---

[1] The Plaintiff in her Complaint allege over 5 years the "Defendants failed to provide a safe working environment, failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers, failure to provide a methods for storing and handling raw asbestos in a way that would prevent Plaintiff's husband from inhaling asbestos dust and fibers, failure to provide safety equipment to prevent Plaintiff's husband from having to inhale asbestos fibers and dust, by using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Plaintiff's husband and to his coworkers; other items of unseaworthy conditions which may be established through the discovery and shown at the

OFFICIAL FILE COPY
IMAGED MAR 9 2007

based upon, among other things, the plaintiff's deceased huband's exposure to the chemical constituents of drilling mud containing raw asbestos while he was employed on marine vessels owned and/or leased by defendants.

The case was subsequently removed to the United Stated District Court for the Middle District of Louisiana by Rowan Companies, Inc. on October 10, 2006. The removal was based on diversity of citizenship between plaintiff and defendants and the amount in controversy exceeding Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and cost. (See Notice of Removal without exhibits, attached hereto as Exhibit "B").

On December 18, 2006, Union Carbide Corporation notified the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 to the Rules of Judicial Panel of Multi-District Litigation listing the instant case as a potential "tag-a-long" action in the asbestos cases pending in the United States District Court, Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceeding pursuant to 28 U.S.C. § 1407 in MDL 875.

A Conditional Transfer Order was entered by this Panel on February 9, 2007 pursuant to Rule 7.4(c) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435 (2001). The Plaintiff has timely filed a Notice of Opposition to the Conditional Transfer Order pursuant to Rule 7.

### ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 1407, civil actions pending in different district courts should be transferred for consolidated pretrial proceedings only if (1) the actions involve "one or more common questions of fact;" (2) the transfer is "for the convenience of parties and witnesses;" and (3) transfer will "promote the just and efficient conduct of such actions." The matter sub judice

---

time of trial; and generally the failure of the Defendants to act with the required degree of care commensurate with existing situation." A copy of the Complaint is attached hereto as Exhibit "A."

does not meet any of these requirements. *First*, this action is a single plaintiff action which involves, case-specific facts that render it unsuitable for inclusion in the MDL as it has no common facts with any other case now pending in the MDL proceeding. *Second*, the injuries and damages occured in Louisiana and offshore Louisiana waters and many of witnesses are Louisiana residents. *Thirdly*, in transferring this matter to the MDL, just the opposite of "promotion of just efficient conduct of the action" will occur. The time and cost expenditure to the parties will increase significantly in having to travel to Philadelphia for motion practice (versus Baton Rouge) when the overwhelming majority of the discovery will occur in Louisiana, the evidence developed will be applicable to this one case and none others, and the transfer would delay the action and toss it into an entirely irrelevant grouping of cases impeding the progress of this case for several years.

### I.     Non-Class Action, Single Plaintiff Claims Should Not Be Transferred to This MDL.

This case is an individual suit for damages allegedly caused by the Defendants described above. As a result, Plaintiff would derive little, if any, benefit from the MDL's focus because this is a single plaintiff action involving exposure by plaintiff's deceased husband to the chemical constituents of drilling mud containing raw asbestos while employed on vessels owned and/or leased by defendants. In establishing, MDL 875, the Panel found that "[c]entralizing under Section 1407 [wa]s necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." (Transfer Order at 2 (emphasis added))  This shows that all of the cases previous to MDL 875 were transferred under the umbrella of "class actions seeking recovery." Mass joinder

of plaintiffs would likewise qualify for MDL treatment where hundreds or thousands of claimants are named in one suit with a common nexus of asbestos exposure, such as a factory or chemical plant.

Plaintiff in this case does not allege a class action, but rather an individual suit for damages, albeit, her deceased husband's exposure to asbestos fibers. Discovery in this plaintiff's case will therefore center not just on questions regarding her husband's general exposure to asbestos, but on specific, critical issues of fact pertaining to asbestos on, in and around the marine drilling vessels on which he was a crew member. As a result, Plaintiff would derive no benefit from the MDL's focus on the class action or mass actions of claimants who have not been exposed to asbestos on Rowan Rigs #6, #21 and #18 during the course of their employment. Simply put, plaintiff's claim herein has nothing to do with other MDL claimants exposure to boiler or insulation asbestos at, inter alia, chemical plants, carpet mills, refineries, ship building, facilities, etc.

## II. Transfer of This Case to MDL Would Result in Great Inconvenience to the Parties and Witnesses.

Given the discovery, briefing, and motion practice that necessarily accompanies class action litigation (particularly in the context of an MDL) individual case-specific issues are often relegated to the "back burner". Such would be the case in MDL 875. Because there are no class action-related issues to justify inclusion of Plaintiff's action in the MDL and the discovery issues that will arise in the *Bell* case are not the same, nor are there similar issues with any other cases now pending in MDL 875 there is simply no "convenience" to the parties. In point of fact, it will be and is more convenient for the parties to litigate before the United States District Court for the

Middle District of Louisiana essentially the geographical center of the litiagation. There will be no conservation of judicial resources by consolidation. Plaintiff would respectfully suggest that one case specific facts do not conserve judicial resources because there is no cross benefit for any other MDL claimant. Further, a transfer of *Bell* to MDL 875 will increase the expense of litigation to the parties. Herein, all counsel work in the south Louisiana and Houston areas. The United States District Court or the Middle District of Louisiana is based in Baton Rouge, Louisiana. It is self evident that motion practice in Baton Rouge will be less expensive (and time consuming) than traveling to Philadelphia. Plaintiff submits that the *Bell* discovery will have no applicability to any other case, so there is no duplicative effort to address in the MDL context. Ergo, there is no economy of resources to be derived by other claimants or the Court. The vast majority of the discovery will occur in Louisiana or Mississippi, the witnesses are from Louisiana and Mississippi and all defendants have or had a physical presence in Louisiana. Plaintiff requests that the Panel grant her motion to vacate its conditional transfer order with respect to this case.

### III.     Transfer Will Not Promote Just and Efficient Conduct.

This matter does not comport with the provisions of 28 U.S.C. § 1407 which states in pertinent part:

> "(a)     When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions,***

The parties made defendants herein are parties with whom plaintiff's husband was affiliated during his working career. Most of the currently named defendants are not traditional asbestos defendants who routinely request transfer and consolidation of large numbers of asbestos claims arising from a single facility or product to the Eastern District of Pennsylvania forum. As discussed above, there is no convenience to the parties and witnesses by a transfer of the litigation to a forum over 1,100 miles from Louisiana.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the MDL Panel grant her Motion to Vacate Conditional Transfer Order and remand this matter to the United States District Court for the Middle District of Louisiana.

The "just and efficient conduct" of this litigation will not be enhanced by transfer to Pennsylvania. Because *Bell* is "one of one," not "one of thousands," there is no judicial economy achieved by the Court or the parties litigating in Philadelphia versus Baton Rouge. The



*Bell* case is a "stand alone" case, rulings in other cases on e.g. on discovery issues do not "trickle down" to *Bell*. The factual situation extant in *Bell* is wholly original to *Bell* and none other.

RESPECTFULLY SUBMITTED:

_____
PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN
24110 Eden Street
P O Box 71
Plaquemine, Louisiana 70764
Telephone: 225-687-6396
Facsimile: 225-687-6398
e-mail: pwpendley@pbclawfirm

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 9 2007

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

Ronald A. Ammann
Chamberlain, Hrdlicka, White
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002

Kathleen Drew
Adams & Reese, LLP
701 Poydras Street
Suite4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth St
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 Main Street
Suite 300
Akron,OH 44308-1314

Adam M. Chud
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001

Lance Arnold
Baldwin & Haspel
1100 Poydras Street
Energy Centre, Ste. 2200
New Orleans, LA 70163

David D. Schuster
Vorys, Sater Seymour & Pease, LLP
52 East Gay Street
Columbus, Ohio 43216

Gary A. Bezet
Kean Miller
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallaghr, Sharp, Fulton & Norman
Bulkley Bldg., 7th Floor
1501 Euclid Ave.
Cleveland OH 44115

Richard Chopin
Chopin Wagar Richard & Kutcher
Two Lakeway Center
3850 N. Causeway Blvd., Ste 900
Metairie, LA 70002
Cedar Rapids, IA 52406

David A. Damico
Burns, White & Hickton. LLC
Four Northshore Center, 106 Isabella St.
Pittsburg, PA 15212

David C. Landin  
Hunton & Williams, LLP  
Riverfront Plaza, East Tower  
951 East Byrd Street  
Richmond, VA 23219  

Gene Locks  
Locks Law Firm, LLC  
1500 Walnut Street  
Philadelphia, PA 19102  

Ronald L. Motley  
Motley Rice, LLC  
P.O. Box 1792  
28 Bridgeside Blvd.  
Mt. Pleasant, SC 29464  

Patrick Pendley  
Pendley, Baudin & Coffin, LLP  
24110 Eden Street  
P.O. Box 71  
Plaquemine, LA 70765-0071  

John J. Repcheck  
Marks, O'Neill, O'Brien & Courtney  
3200 Gulf Tower  
707 Grant Street  
Pittsburgh, PA 15219  

John D. Roven  
Roven-Kaplan, LLP  
2190 North Loop West  
Suite 410  
Houston, TX 77018  

James K Weston II  
Tom Riley Law Firm  
4040 First Avenue, N.E.  
P.O. Box 998  
Cedar Rapids, IA 52406  

Andrew J. Trevelise  
Reed Smith LLP  
2500 One Liberty Place  
1650 Market St.  
Philadelphia PA 19103  

Robert E. Swickle  
Jaques Admiralty Law Firm PC  
1570 Penobscot Building  
The Maritime Asbestosis Legal Clinic  
Detroit MI 48226  

Robert N. Spinelli  
Kelley, Jasons McGuire & Spinelli  
Centre Square West  
15th Floor  
Philadelphia, PA 19102  

Neil Selman  
Selman, Breitman & Burgess  
11766 Wilshire Blvd.  
Sixth Floor  
Los Angeles, CA 90025  

this 5th day of February, 2007  

_____  
PATRICK W. PENDLEY

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY
EXECUTRIX OF THE ESTATE OF DON BELL

VERSUS

ROWAN COMPANIES, INC., Successor to Rowan Drilling Co.; TEXACO REFINING & MARKETING INC., Successor in interest to Tidewater Oil Company and Getty Oil Company; SCHLUMBERGER, Successor in interest to Magcobar; M-I L.L.C., Successor in interest to Magcobar; UNION CARBIDE CORPORATION, Successor in interest to Union Carbide and Carbon Corporation; CONOCO PHILLIPS COMPANY, Successor in interest to Phillips Petroleum Company; TIDEWATER, INC., Successor in interest to Tidewater Marine Service, Inc; NOBLE DRILLING CORPORATION

NO. _____  DIV. _____

**PETITION**

The petition of Teressa Bell, individually and as testamentary Executrix of the Estate of Don Bell, with respect represents:

1.

Made defendants herein are:

ROWAN COMPANIES, INC., a foreign corporation, authorized to do and doing business in the State of Louisiana, having designated as its agent for service of process C. T. Corporation, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The Defendant is a successor in interest to Rowan Drilling Co.;

TEXACO REFINING & MARKETING, INC., a Delaware corporation, which has designated The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA. 70802-6129 as its registered agent for service of process. The Defendant is a successor in interest fo Tidewater Oil Company and Getty Oil Company;

SCHLUMBERGER TECHNOLOGY CORPORATION, a Texas corporation, which has designated National Registered Agents, Inc., 1280 Clausel Street, Mandeville, LA 70448 as its registered agent for service of process. The Defendant is a successor in interest to Magcobar;

M - I L.L.C., a Delaware corporation, authorized to do and doing business in the State of Louisiana, having designated C. T. Corporation, 8550 United Plaza Blvd., Baton Rouge, LA 70809 as its registered agent for service of process. The Defendant is a successor in interest to Magcobar;

UNION CARBIDE CORPORATION, a foreign corporation authorized to do and doing business in the State of Louisiana, having designated C. T. Corporation, System, Inc., 320 Somerulos St., Baton Rouge, LA 70802-6129 as its registered agent for service of process. The Defendant is a successor in interest to Union Carbide and Carbon Corp,;



CONOCO PHILLIPS COMPANY, a Delaware corporation, authorized to do and doing business in the State of Louisiana having designated United States Corporation Company 320 Somerulos Street, Baton Rouge, LA 70802-6129 as its registered agent for service of process. The Defendant is a successor in interest to Phillips Petroleum Company;

TIDEWATER, INC., a Delaware corporation, which has designated S.O.P., Inc., 601 Poydras St., Suite 1900, New Orleans, LA 70130-6040 as its registered agent for service of process. The Defendant is a successor in interest to Tidewater Marine Service, Inc.;

NOBLE DRILLING CORPORATION, a Delaware Corporation, authorized to do and doing business in the State of Louisiana having designated C. T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809 as its registered agent for service of process.

each of whom are justly and truly indebted, in solido, unto the Plaintiffs, Teressa Bell, individually and in her capacity as testamentary Executrix of the Estate of Don Bell for such amount of money as will reasonably compensate plaintiffs for all their damages and injuries as hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00

3.

From about 1949 until sometime before his retirement or about 1985, Don Bell was an employee of Tidewater Oil Company, later known as Getty Oil Company and now known as Texaco Refining and Marketing Inc., inter alia, on marine vessels owned, leased, chartered and/or operated by Rowan Companies, Inc and Tidewater Inc., Successor in Interest to Tidewater Marine Service, Inc. During that time, Don Bell was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and operation of the marine drilling vessels, identified in part as Rowan #6, Rowan # 21 and Rowan # 18.

4.

In the process of mixing drilling mud, Don Bell was required to handle asbestos fibers which were utilized in thickening the drilling mud during the drilling process, including the moving of sacks of raw asbestos, dumping raw asbestos into a "chemical hopper which was located in the mud room of the vessel". Don Bell was also required to move and stack the 60 pound bags of raw asbestos, and frequently worked in an enclosed environment where asbestos dust was present in the air.

5.

From 1948 until 1969, while working on the aforesaid marine vessels in , Don Bell was constantly subjected to an unreasonably dangerous condition which rendered the above named

Page 2

vessels unseaworthy in that he was exposed to asbestos fibers.

6.

That part of his duties for Tidewater Oil Company and later Getty Oil Company, was the mixing of drilling mud which contained raw asbestos fibers and the moving of sacks or bags of raw asbestos so that it could be mixed in the drilling mud for the purpose of thickening the drilling mud.

7.

The Defendants, Texaco Refining & Marketing Inc., Successor in Interest to Tidewater Oil Company and Getty Oil Company and Noble Drilling Corporation, through their agents, specified the chemicals and ingredients used in the drilling mud and required that asbestos be used during the drilling proces to facilitate the drilling process. The Defendants, Texaco Refining & Marketing, Successor in Interest to Tidewater Oil Company and Getty Oil Company and Noble Drilling Corporation not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel on a constant basis. Don Bell and others who were working on the aforesaid marine vessels operated by the Defendants were exposed to this dust containing asbestos particles on a daily and constant basis.

8.

The Defendants named hereinabove knew or should have known of the unreasonable risk of bodily injury to Don Bell or others working on the vessels at issue in this litigation but, despite that knowledge, failed to adequately warn Don Bell and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the aforesaid vessels.

9.

Schlumberger, Successor in Interest to Magcobar; M-I L.L.C., Successor in Interest to Magcobar; Union Carbide Corporation, Successor in interest to Union Carbide and Carbon Corporation; and Conoco Phillips Company, Successor in Interest to Phillips Petroleum Company, produced the asbestos fibers for use by the Defendants, Texaco Refining & Marketing Inc., Successor in Interest to Tidewater Oil Company and Getty Oil Company, and Noble Drilling Corporation on the drilling rigs, inland barges and/or other vessels operated by those companies. These companies knew or should have known at the time that they were mining and/ or marketing the asbestos that the use of and storage of asbestos would pose an unreasonable

risk of serious bodily injury to Don Bell or others working on the vessels.

10.

At no time during his employment did the defendants advise Don Bell or his co-workers of the dangers and hazards of breathing asbestos fibers.

11.

As a direct and proximate result of the Don Bell's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessels owned and/or operated by the defendants, Rowan Companies, Inc., Texaco Refining & Marketing Inc., Tidewater Inc. and Noble Drilling Corporation. Don Bell suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiffs allege that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by the Defendants, Rowan Companies, Inc., Successor in Interest to Rowan Drilling Co.; Texaco Refining & Marketing Inc., Successor in Interest to Tidewater Oil Company and Getty Oil Company; Tidewater, Inc., Successor in Interest to Tidewater Marine Service, Inc.and Noble Drilling Corporation.

13.

The negligence of the defendants includes, but is not limited to:

a) Failure to provide Don Bell with a safe place to work;

b) Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c) Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Don Bell from inhaling asbestos dust and fibers;

d) Requiring Don Bell to handle raw asbestos fibers without proper safety equipment or warning;

e) By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Don Bell and to his co-workers;

Page 4

    f)      Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

    g)      Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Don Bell has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15.

Don Bell died on April 17, 2006 of lung cancer and his widow, Teressa Bell has and will suffer loss of consortium as a result of the death of Don Bell

16.

Plaintiffs would show that the vessels were unseaworthy in the following non-exclusive respects:

    a)      Failure to provide a safe working environment which would have prevented the Don Bell from being exposed to asbestos fibers and asbestos dust;

    b)      Failure to provide safety equipment to prevent Don Bell from having to inhale asbestos fibers and dust.

    c)      Other items of unseaworthy conditions which may be established through discovery and shown at the time of trial of this matter.

17.

Plaintiffs brings this suit under the Jones Act 46 U.S.C. 466, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of Louisiana.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover

disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter, where such punitive damages are allowed by law.

19.

Teressa Bell has qualified as Testamentary Executrix of the Succession of Don F. Bell, Sr., Probate number 2108B, Ascension Parish, Louisiana per Letters of Testamentary, dated August 21, 2006.

WHEREFORE, Plaintiffs pray that the Defendants be duly cited to appear and answer this petition and that after due proceedings are had, that the Plaintiffs be awarded judgment in their favor and against the Defendants, jointly and severally, as follows:

I.  For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff, if applicable;

II. For compensatory damages for past, present and future physical pain and suffering, if applicable;

III. For compensatory damages for emotional distress suffered by Plaintiff;

IV. For punitive damages;

V.  For legal interest on any amount so awarded from date of judicial demand until paid;

VI. For all reasonable costs of court and expert witness fees; and

VII. For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEYS:

*[signature]*

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398

Page 6

FILED
U.S. DIST. COURT
MIDDLE DIST. OF L...

2006 OCT 10  PM 3:53

_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY EXECUTRIX OF THE ESTATE OF DON BELL | * * * * | CIVIL ACTION<br>NO. 06-785-FJP-DLD |
| VERSUS | * * | SECTION |
| ROWAN COMPANIES, INC., Successor to Rowan Drilling Co.; TEXACO REFINING & MARKETING INC., Successor in interest to Tidewater Oil Company and Getty Oil Company; SCHLUMBERGER, Successor in interest to Magcobar; M-J L.L.C., Successor in interest to Magcobar; UNION CARBIDE CORPORATION, Successor in interest to Union Carbide and Carbon Corporation; CONOCO PHILLIPS COMPANY, Successor in interest to Phillips Petroleum Company; TIDEWATER, INC., Successor in interest to Tidewater Marine Service, Inc.; NOBLE DRILLING CORPORATION | * * * * * * * * * * * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA:

NOW INTO COURT, through undersigned counsel, comes Rowan Companies, Inc. (Rowan), who respectfully avers:

1.

On September 8, 2006, Teressa Bell, individually and as the testamentary executrix of the estate of Don Bell, filed a lawsuit against Rowan Companies, Inc., successor to Rowan Drilling Co.; Texaco Refining & Marketing Inc., successor in interest to Tidewater Oil Company and

JSL Rec# 46990043258


EXHIBIT B

Getty Oil Company; Schlumberger, successor in interest to Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation, successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company, successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to Tidewater Marine Service, Inc.; and Noble Drilling Corporation in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Docket No. 547151, Section 23, entitled, *Teressa Bell, Individually and as Testamentary Executrix of the Estate of Don Bell v. Rowan Companies, Inc., successor to Rowan Drilling Co.; Texaco Refining & Marketing Inc., successor in interest to Tidewater Oil Company and Getty Oil Company; Schlumberger, successor in interest to Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation, successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company, successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to Tidewater Marine Service, Inc.; Noble Drilling Corporation*, a copy of which is attached as Exhibit "1."

2.

Service was requested upon Rowan through its agent for service of process, C.T. Corporation, 8550 United Plaza Boulevard, Baton Rouge, Louisiana 70809. Service was perfected upon Rowan on September 14, 2006.

3.

This Notice of Removal is filed within thirty (30) days of the receipt of service of papers with a notice of the filing of this lawsuit on the part of Rowan.

4.

Rowan is a foreign corporation organized under the laws of a state other than Louisiana.

5.

Rowan pleads that defendant, M-I, LLC, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

6.

Rowan pleads that defendant, Union Carbide Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

7.

Rowan pleads that defendant, Noble Drilling Corporation, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

8.

Rowan pleads that defendant, Conoco Phillips Company, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

9.

Rowan pleads that defendant, Tidewater, Inc., a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

10.

There is complete diversity between the plaintiff and all defendants.

11.

Plaintiff specifically states in her Petition for Damages, paragraph 2, that the amount of the controversy exceeds $75,000.00.

12.

Thus, plaintiff, herself, has plead an alternate jurisdictional basis upon which removal is permitted and proper, pursuant to 28 U.S.C. 1332(a).

13.

Pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1446, the defendant is entitled to remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. In accordance with 28 U.S.C. 1446(b), Rowan will provide appropriate notice of this removal to the plaintiff and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

14.

All defendants consent in the removal of this case from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

15.

A copy of all process, pleadings, and orders filed with the 19th Judicial District Court are attached hereto to this notice.

**WHEREFORE**, Rowan, defendant and petitioner, prays that the action entitled, *Teressa Bell, Individually and as Testamentary Executrix of the Estate of Don Bell v. Rowan Companies,*

*Inc., successor to Rowan Drilling Co.; Texaco Refining & Marketing Inc., successor in interest to Tidewater Oil Company and Getty Oil Company; Schlumberger, successor in interest to Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation, successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company, successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to Tidewater Marine Service, Inc.; Noble Drilling Corporation*, Docket No. 547151, Section 23, pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from that state court to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

CHOPIN, WAGAR,
RICHARD & KUTCHER, L.L.P.

By: _/s/ Richard A. Chopin_
RICHARD A. CHOPIN (#4088)
ALEXIS M. MYERS (#27709)
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9540
*Attorney for Defendant,*
*Rowan Companies, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 5th day of October, 2006, served a copy of the foregoing pleading on counsel for all parties by:

( ) Hand Delivery          (X) Prepaid U. S. Mail
( ) Facsimile              ( ) UPS/Federal Express

_/s/ Richard A. Chopin_
RICHARD A. CHOPIN

5