**MDL 875**

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2007

FILED
CLERK'S OFFICE

IN RE:   ASBESTOS PRODUCTS LIABILTY          MDL DOCKET NO: 875
LITIGATION (NO VI)

### CONDITIONAL TRANSFER ORDER 274

### CONSOLIDATED MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

**COME NOW**, Daniel Jarrell ("Movant") by and through his counsel of record and files this his consolidated Motion and Brief to Vacate Conditional Transfer Order entered by the Judicial Panel on Multi-District Litigation on February 9, 2007. In support thereof, the Movant would show unto the Court, the following, to-wit:

### PROCEDURAL HISTORY

The Plaintiff originally filed suit in the Sixteenth Judicial District Court in the Parish of St. Mary, State of Louisiana on October 6, 2006 against Franks Petroleum Inc., Noble Drilling Corporation, Baker Hughes Oilfield Operations, Inc., H and S Drilling Company, Chevron, USA Inc., Shell Oil Company, Chromalloy American Corporation and Amerada Hess Corporation.[1]

---

[1] The Plaintiff in his Complaint allege over 5 years the "Defendants failed to provide a safe working environment, failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers, failure to provide a methods for storing and handling raw asbestos in a way that would prevent Plaintiff from inhaling asbestos dust and fibers,  failure to provide safety equipment to prevent Plaintiff from having to inhale asbestos fibers and dust, by using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the plaintiffs and to Plaintiff's co-workers; other items of unseaworthy conditions which may be established through the discovery and shown at the time of trial;

**OFFICIAL FILE COPY**
**IMAGED MAR 1 2 2007**

PLEADING NO. 4981

The Complaint was based upon, among other things, the plaintiff's exposure to the chemical constituents of drilling mud containing raw asbestos while he was employed on marine vessels owned and/or leased by defendants.

The case was subsequently removed to the United Stated District Court for the Western District of Louisiana by Shell Oil Company. on November 16, 2006.  The removal was based on diversity of citizenship between plaintiff and defendants and the amount in controversy exceeding Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and cost. (See Notice of Removal without exhibits, attached hereto as Exhibit "B").

On January 5, 2007 Noble Drilling Corporation notified the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 to the Rules of Judicial Panel of Multi-District Litigation listing the instant case as a potential "tag-a-long" action in the asbestos cases pending in the United States District Court, Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceeding pursuant to 28 U.S.C. § 1407 in MDL 875.

A Conditional Transfer Order was entered by this Panel on February 9, 2007 pursuant to Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001). The Plaintiff has timely filed a Notice of Opposition to the Conditional Transfer Order pursuant to Rule 7.

## ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 1407, civil actions pending in different district courts should be transferred for consolidated pretrial proceedings only if (1) the actions involve "one or more common questions of fact;" (2) the transfer is "for the convenience of parties and witnesses;" and

---

and generally the failure of the Defendants to act with the required degree of care commensurate with existing situation." A copy of the Complaint is attached hereto as Exhibit "A."

(3) transfer will "promote the just and efficient conduct of such actions." The matter sub judice does not meet any of these requirements. *First*, this action is a single plaintiff action which involves, case-specific facts that render it unsuitable for inclusion in the MDL as it has no common facts with any other case now pending in the MDL proceeding. *Second*, the injuries and damages occurred in Louisiana and offshore Louisiana waters and many of witnesses are Louisiana residents. *Thirdly*, in transferring this matter to the MDL, just the opposite of "promotion of just efficient conduct of the action" will occur. The time and cost expenditure to the parties will increase significantly in having to travel to Philadelphia for motion practice (versus Lafayette, Louisiana) when the overwhelming majority of the discovery will occur in Louisiana, the evidence developed will be applicable to this one case and none others, and the transfer would delay the action and toss it into an entirely irrelevant grouping of cases which would impeding the progress of this case for several years.

## I.    Non-Class Action, Single Plaintiff Claims Should Not Be Transferred to This MDL.

This case is an individual suit for damages allegedly caused by the Defendants described above. As a result, Plaintiff would derive little, if any, benefit from the MDL's focus because this is a single plaintiff action involving exposure by plaintiff to the chemical constituents of drilling mud containing raw asbestos while employed on vessels owned and/or leased by defendants. In establishing, MDL 875, the Panel found that "[c]entralizing under Section 1407 [wa]s necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." (Transfer Order at 2 (emphasis added)) This shows that all of the cases previous to MDL 875 were transferred under

the umbrella of "class actions seeking recovery." Mass joinder of plaintiffs would likewise qualify for MDL treatment where hundreds or thousands of claimants are named in one suit with a common nexus of asbestos exposure such as a factory or chemical plent.

Plaintiff in this case does not allege a class action, but rather an individual suit for damages, albeit, exposure to asbestos fibers. Discovery in this plaintiff's case will therefore center not just on questions regarding plaintiff's general exposure to asbestos, but on specific, critical issues of fact pertaining to asbestos on, in and around the marine drilling vessels on which plaintiff was a crew member. As a result, Plaintiff would derive no benefit from the MDL's focus on the class action or mass actions of claimants who have not been exposed to asbestos on Noble Drilling Rigs #1, #2 and #26 during the course of their employment. Simply put, plaintiff's claim herein has nothing to do with other MDL claimants exposure to boiler or insulation asbestos at, inter alia, chemical plants, carpet mills, refineries, ship building, facilities, etc.

## II.   Transfer of This Case to MDL Would Result in Great Inconvenience to the Parties and Witnesses.

Given the discovery, briefing, and motion practice that necessarily accompanies class action litigation (particularly in the context of an MDL) individual case-specific issues are often relegated to the "back burner". Such would be the case in MDL 875. Because there are no class action-related issues to justify inclusion of Plaintiff's action in the MDL and the discovery issues that will arise in the *Jarrell* case are not the same, nor are there similar issues with any other cases now pending in MDL 875 there is simply no "convenience" to the parties. In point of fact, it will be and is more convenient for the parties to litigate before the United States District Court

for the Western District of Louisiana essentially the geographical center of the litigation. There will be no conservation of judicial resources by consolidation. Plaintiff would respectfully suggest that one case specific facts do not conserve judicial resources because there is no crosss benefit for any other MDL claimant. Further, a transfer of *Jarrell* to MDL 875 will increase the expense of litigation to the parties. Herein, all counsel work in the south Louisiana and Houston areas. The United States District Court or the Western District of Louisiana is based in Lafayette, Louisiana. It is self evident that motion practice in Lafayette will be less expensive (and time consuming) than traveling to Philadelphia. Plaintiff submits that the *Jarrell* discovery will have no applicability to any other case, so there is no duplicative effort to address in the MDL context. Ergo, there is no economy of resources to be derived by other claimants or the Court. The vast majority of the discovery will occur in Louisiana or Mississippi, the witnesses are from Louisiana and Mississippi and all defendants have or had a physical presence in Louisiana. Plaintiff requests that the Panel grant her motion to vacate its conditional transfer order with respect to his case.

### III.   Transfer Will Not Promote Just and Efficient Conduct.

This matter does not comport with the provisions of 28 U.S.C. § 1407 which states in pertinent part:

> "(a)   When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions,***

The parties made defendants herein are parties with whom plaintiff was affiliated during his working career. Most of the currently named defendants are not traditional asbestos defendants who routinely request transfer and consolidation of large numbers of asbestos claims arising from a single facility or product to the Eastern District of Pennsylvania forum. As discussed above, there is no convenience to the parties and witnesses by a transfer of the litigation to a forum over 1,100 miles from Louisiana.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the MDL Panel grant him Motion to Vacate Conditional Transfer Order and remand this matter to the United States District Court for the Middle District of Louisiana.

The "just and efficient conduct" of this litigation will not be enhanced by transfer to Pennsylvania. Because *Jarrell* is "one of one," not "one of thousands," there is no judicial economy achieved by the Court or the parties litigating in Philadelphia versus Lafayette. The

*Jarrell* case is a "stand alone" case, rulings in other cases on e.g. on discovery issues do not "trickle down" to Jarrell.  The factual situation extant in *Jarrell* is wholly original to *Jarrell* and none other.

RESPECTFULLY SUBMITTED:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN
24110 Eden Street
P O Box 71
Plaquemine, Louisiana 70764
Telephone: 225-687-6396
Facsimile: 225-687-6398
e-mail: pwpendley@pbclawfirm

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

Ronald A. Ammann
Chamberlain, Harlicka, White,Williams
& Martin
1200 Smith Street, Suite 1400
Houston, TX 77002

Lance Arnold
Baldwin & Haspel
1100 Poydras Street
Energy Centre, Suite 2200
New Orleans, LA 70163

Gary A. Bezet
Kean. Miller, Hawthorne, D'Armond,
et al.
One American Place, 22nd Floor
P.O. Box 3515
Baton Rouge, LA 70821-3515

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Ave
Cleveland, OH 44115

Richard A. Chopin
Chopin Wager Richard & Kutcher
Two Lakeway Center
3850 N. Causeway Blvd., Suite 900
Metairie, LA 70002



Adam M. Chud
Goodwin Proctor, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth St
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 Main Street
Suite 300
Akron,OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick Pendley
Pendley, Baudin & Coffin, LLP
24110 Eden Street
P.O. Box 71
Plaquemine, LA 70765-0071

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd
Sixth Floor
Los Angeles, Ca 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penebscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Jena W. Smith
Baldwin & Haspel
Energy Centre, Ste 2200
1100 Poydras St.
New Orleans, LA 70163

Jim Wetwiska
Akin, Gump, Strauss, Hauer
& Feld
111 Louisiana St., 44th Floor
Houston, TX 77002-5200

Elizabeth Wheeler
King, LeBlanc & Bland LLP
201 St. Charles Ave.
Ste. 4500
New Orleans, LA 701770

Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd, Ste 335
Covington, LA 70433

Daniel Pipitone
Chamberlain, Hrdlicka et al
1200 Smith St.
Suite 1400
Houston, TX 77002-4496

Robert Dille
Kean Miller
P.O. Box 3513
Baton Rouge, LA 70821-3513

William Davis
Milling Benson Woodward LLP
339 Florida St.
Ste. 300
Baton Rouge, LA 70801-1726

Christine Carbo
Strasburger
1401 McKinney
Ste. 2200
Houston, TX 77010-4035

Anna Blanchard
King LeBlanc & Bland Llp
6363 Woodway
Ste. 750
Houston, TX 77057

Allison Benoit
Kean Miller
301 Main St.
18th Floor
Baton Rouge, LA 70821

This 6th day of February, 2007

PATRICK W. PENDLEY

Hand S

16th JUDICIAL DISTRICT COURT

PARISH OF ST. MARY

STATE OF LOUISIANA

DANIEL JARRELL

VERSUS

FRANKS PETROLEUM INC., NOBLE DRILLING CORPORATION, BAKER
HUGHES OILFIELD OPERATIONS, INC., successor in interest to Milchem and
Milpark, THE H. AND S. DRILLING COMPANY, CHEVRON, U.S.A. INC., SHELL
OIL COMPANY and CHROMALLOY AMERICAN CORPORATION successor in
interest to Delta Mud and Chemical Co and AMERADA HESS CORPORATION.

NO. **116123**   DIV. "G"



## PETITION

The petition of Daniel Jarrell, a resident of the Parish of Rapides, State of Louisiana,  with

respect represents:

1.

Made defendants herein are:

FRANKS PETROLEUM INC., ("Franks"), a Louisiana corporation, authorized to do and
doing business in Louisiana, which has designated Bobby E.Jelks, 1312 N. Hearne Ave.,
Shreveport, LA 71107 as its registered agent for service of process;

NOBLE DRILLING CORPORATION, ("Noble"), a Delaware corporation, authorized to
do and doing business in the State of Louisiana with its registered agent for service of
process being, C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA
70809;

BAKER HUGHES OILFIELD OPERATIONS, INC., ("Baker Hughes"), a California
corporation authorized to do and doing business in the State of Louisiana with its
registered agent for service of process being, C T Corporation System, 8550 United Plaza
Blvd., Baton Rouge, LA 70809.  This Defendant is a successor in interest to Milchem
Incorporated and Milpark;

THE H. AND S. DRILLING COMPANY, ("H and S") a Oklahoma company not
authorized to do business in the State of Louisiana with its registered agent for service of
process being, The H. and S. Drilling Company, 320 S. Boston, Suite 1910, Tulsa, Ok
74103-4734;

CHEVRON U.S.A. INC., ("Chevron"),  a Pennsylvania corporation authorized to do and
doing business in the State of Louisiana with its registered agent for service of process
being The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA
70802-6129. The Defendant is a successor in interest to Gulf Oil Corporation and Texaco
Oil Co;

SHELL OIL COMPANY, ("Shell"),  a Delaware company authorized to do and doing
business in the State of Louisiana with its registered agent for service of process being

Corporation Service Company, 320 Someulos St., Baton Rouge, LA 70802-6129;

CHROMALLOY AMERICAN CORPORATION, ("Chromalloy"), a Delaware corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The Defendant is successor in interest to Delta Mud & Chemical Company, Inc.

AMERADA HESS CORPORATION, ("Amerada"), a Delaware corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

each of whom are justly and truly indebted, in solido, unto the Plaintiff, Daniel Jarrell, for such amount of money as will reasonably compensate plaintiffs for all his damages and injuries, as hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00

3.

From about 1963 until sometime around 1967, Daniel Jarrell was an employee of Shell and Franks, inter alia, on marine vessels owned, leased or chartered. One of these vessels was owned by H. and S. Drilling Company. From 1968 until 1981 he was employed by Noble Drilling Corporation on marine vessels. During that time, Daniel Jarrell was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and operation of the marine drilling vessels, identified, in part, as Noble # 1, Noble # 2 and Noble # 26.

4.

In the process of mixing drilling mud, Daniel Jarrell was required to handle asbestos fibers which were utilized in thickening the drilling mud during the drilling process, including the moving of sacks of raw asbestos, dumping raw asbestos into a "chemical hopper which was located in the mud room of the vessel". Daniel Jarrell was also required to move and stack the 50 pound bags of raw asbestos, and frequently worked in an enclosed environment where asbestos dust was present in the air.

5.

From 1963 until 1981, while working on the aforesaid marine vessels, Daniel Jarrell was constantly subjected to an unreasonably dangerous condition which rendered the above named vessels unseaworthy in that he was heavily exposed to asbestos fibers floating in the air of the

mud room.

6.

That part of his duties for Shell, Franks, Chevron, successor to Gulf Oil Co. and Texaco Oil Co and Amerada was the mixing of drilling mud which contained raw asbestos fibers and the moving of sacks or bags of raw asbestos so that it could be mixed in the drilling  mud for the purpose of thickening the drilling mud.

7

The Defendants, Franks, Chevron, successor in interest to Gulf Oil Corporation, and Texaco Oil Co., Shell and Amerada  through their agents,  specified the chemicals and ingredients used in the drilling mud  and required that asbestos be used during the drilling process to facilitate the drilling process.  The Defendants, Franks, Chevron, successor in interest to Gulf Oil Corporation and Texaco Oil Co., Shell and Amerada  not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel on a constant basis.  Daniel Jarrell and others who were working on the aforesaid marine vessels operated by the Defendants were exposed to this dust containing asbestos particles on a daily and constant basis.

8.

The Defendants named hereinabove knew or should have known of the unreasonable risk of bodily injury to Daniel Jarrell or others working on the vessels at issue in this litigation, but, despite that knowledge, failed to adequately warn Daniel Jarrell and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the aforesaid vessels.

9.

Baker Hughes, successor in interest to Milchem and Milpark; and,  Chromolloy, successor in interest to Delta Mud & Chemical Company, Inc., produced the asbestos fibers for use by  Shell, Chevron, Franks, Noble, H and S and Amerada on the drilling rigs, inland barges and/or vessels operated by those companies.  Baker Hughes and Chromalloy knew or should have known at the time that they were mining and/ or marketing the asbestos  that the use of and storage of asbestos  would pose an unreasonable  risk of serious bodily injury to Daniel

Jarrell or others working on the vessels.

10.

At no time during his employment did the defendants advise Daniel Jarrell or his co-workers of the dangers and hazards of breathing asbestos fibers.

11.

As a direct and proximate result of the Daniel Jarrell's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessels owned and/or operated by the defendants, Shell, Franks, Chevron, H and S, Amerada and Noble Daniel Jarrell suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiffs allege that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by Franks, Chevron, Shell, H and S, Amerada and Noble.

13.

The negligence of the defendants includes, but is not limited to:

a)  Failure to provide Daniel Jarrell with a safe place to work;

b)  Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c)  Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Daniel Jarrell from inhaling asbestos dust and fibers;

d)  Requiring Daniel Jarrell to handle raw asbestos fibers without proper safety equipment or warning;

e)  By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Daniel Jarrell and to his co-workers;

f)  Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

g)  Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Daniel Jarrell has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15.

Plaintiffs would show that the vessels were unseaworthy in the following non-exclusive respects:

a)   Failure to provide a safe working environment which would have prevented Daniel Jarrell from being exposed to asbestos fibers and asbestos dust;

b)   Failure to provide safety equipment to prevent Daniel Jarrell from having to inhale asbestos fibers and dust; and,

c)   Other items of unseaworthy conditions which may be established through discovery and shown at the time of trial of this matter.

17.

Plaintiffs brings this suit under the Jones Act, 46 U.S.C. 466, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of Louisiana.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter, where such punitive damages are allowed by law.

WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer this petition and that after due proceedings are had, that the Plaintiff be awarded judgment in his favor and against the Defendants, jointly, severally and in solido, as follows:

I.    For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff, if applicable;

II.   For compensatory damages for past, present and future physical pain and suffering, if applicable;

III.  For compensatory damages for emotional distress suffered by Plaintiff;

IV.   For punitive damages;

V.    For legal interest on any amount so awarded from date of judicial demand until paid;

VI.   For all reasonable costs of court and expert witness fees; and

VII.  For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEY:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398


WILLIAM R. COUCH (MBA # 8926)
DEAKLE-COUCH LAW FIRM
P.O. BOX 2072
HATTIESBURG, MS 39403-2072
TELE: 601-544-0631 FAX: 601-544-0666

RECEIVED AND FILED
OCT 0 6 2006
/s/ JENNIFER R. SPLANE
DY. CLERK OF COURT

RECEIVED

NOV 1 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL JARRELL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.**_____ |
| | * | |
| **FRANKS PETROLEUM, INC.,** | * | **SECTION**_____ |
| **NOBLE DRILLING CORPORATION,** | * | |
| **BAKER HUGHES OILFIELD** | * | |
| **OPERATIONS, INC.,** successor in | * | |
| interest to Milchem and Milpark, **THE H.** | * | |
| **AND S. DRILLING COMPANY,** | * | |
| **CHEVRON U.S.A., INC., SHELL OIL** | * | |
| **COMPANY** and **CHROMALLOY** | * | |
| **AMERICAN CORPORATION,** successor | * | |
| in interest to Delta Mud and Chemical Co. | * | |
| and **AMERADA HESS CORPORATION** | * | |

***************************************

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1332, and further

based on the ground set forth in this Notice of Removal, Shell Oil Company (hereinafter

"Shell") hereby removes that action entitled "Daniel Jarrell v. Franks Petroleum, Inc., et al,"

No. 116123 on the docket of the 16th Judicial District Court for the Parish of St. Mary, State

of Louisiana, to the United States District Court for the Western District of Louisiana.  In

support of its Notice of Removal, Shell avers as follows:



1.

On October 19, 2006, Shell was served, through its registered agent, a copy of the Petition filed by Plaintiff, Daniel Jarrell, in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, No. 1161223, Section "G."  In compliance with 28 U.S.C. §1446(a), a copy of Plaintiff's Petition, along with all other papers received by Shell or otherwise filed in State Court are attached hereto as Exhibit "A."

2.

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), and without prejudice to any defenses against Plaintiff's action, jurisdictional or otherwise, all named and served Defendants join in this Notice of Removal, as per the Notices of Consent to Removal submitted by Defendants, Franks Petroleum, Inc., Noble Drilling Corporation, Baker Hughes Oilfield Operations, Inc., Chromalloy American Corporation, and Hess Corporation, formerly known as Amerada Hess Corporation.

3.

To date, Defendants, Chevron U.S.A., Inc. and The H. and S. Drilling Company, have not been served, therefore, their consent is not required.

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 (federal diversity jurisdiction).  As indicated below, the captioned matter is a suit between citizens of different states and the amount in controversy for Plaintiff's claim exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.

This suit is, therefore, removable pursuant to 28 U.S.C. §1441, *et seq.*

5.

Plaintiff is an individual claiming to be an adult resident of the Parish of Rapides, State of Louisiana.  *See* Petition at Paragraph 1.

6.

Shell Oil Company is now, and was at the commencement of this litigation, a Delaware company with its principal place of business outside of the State of Louisiana.

7.

Noble Drilling Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside of the State of Louisiana.

8.

Baker Hughes Oilfield Operations, Inc. is now, and was at the commencement of this litigation, a California corporation with its principal place of business outside of the State of Louisiana.

9.

Chromalloy American Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside of the State of Louisiana.

10.

Hess Corporation, formerly known as Amerada Hess Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of

business outside of the State of Louisiana.

11.

Chevron U.S.A., Inc. is now, and was at the commencement of this litigation, a Pennsylvania corporation with its principal place of business outside of the State of Louisiana.

12.

The H. and S. Drilling Company is now, and was at the commencement of this litigation, a Oklahoma corporation with its principal place of business outside of the State of Louisiana.

13.

Plaintiff has alleged that he was employed by Franks Petroleum, Inc., a Louisiana corporation.  However, on information and belief, and contrary to the allegations in Plaintiff's Petition, Franks Petroleum, Inc. was not Plaintiff's employer on the dates in question. Accordingly, Franks Petroleum, Inc.'s citizenship may be disregarded for purposes of diversity of jurisdiction.

14.

Consequently, this suit is between citizens of different states for purposes of 28 U.S.C. §1332(a)(1) and complete diversity of citizenship exists.

15.

Plaintiff specifically states in his Petition for Damages, paragraph 2, that the amount of controversy exceeds $75,000.00.

16.

Removal is timely pursuant to 28 U.S.C. §1446(b) because it was filed within thirty (30) days of the date that all defendants were served.

17.

Venue is proper because the Parish of St. Mary s within the territorial jurisdiction of this Honorable court.

18.

Defendants, Franks Petroleum, Inc., Noble Drilling Corporation, Baker Hughes Oilfield Operations, Inc., Chromalloy American Corporation, and Hess Corporation, formerly known as Amerada Hess Corporation, have consented to this Removal as verified by the attached Consents. *See* Exhibit "B," *in globo*.

19.

A copy of this Notice of Removal has been served on counsel for Plaintiff.

20.

Shell is providing the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, written notice of this removal and has requested that the Clerk of that Court forward a certified copy of the state Court record in this matter to this Court.

**WHEREFORE,** Shell Oil Company hereby removes this action to this Honorable Court.

Submitted By:

Gary A. Bezet (#3036)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Scott D. Johnson (#24732)
Carol L. Galloway (#16930)
Alicia Edmond Wheeler (#28803)
Allison N. Benoit (#29087)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
P. O. Box 3513
Baton Rouge, LA  70821
Telephone: (225) 387-0999
*Attorneys for Shell Oil Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been forwarded, via facsimile and/or by U.S. Mail, postage prepaid, to plaintiff's counsel and via electric mail to all known counsel of record.

Baton Rouge, Louisiana, this ___16ᵗʰ___ day of November, 2006.

Robert E. Dille