**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 3 2007

FILED
CLERK'S OFFICE

PLEADING NO. 4984

## BEFORE THE JUDICAL PANEL

## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE:<br>TERESSA BELL, INDIVIDUALLY AND<br>AS TESTAMENTARY EXECUTRIX<br>OF THE ESTATE OF DON BELL | *<br>*<br>*<br>* | MDL DOCKET NO. 875<br><br>CIVIL ACTION |
| VERSUS | *<br>* | NO. 06-785 |
| ROWAN COMPANIES, INC., Successor to<br>Rowan Drilling Co.; TEXACO REFINING<br>& MARKETING INC., Successor in interest<br>to Tidewater Oil Company and Getty Oil<br>Company; SCHLUMBERGER, Successor in<br>interest to Magcobar; M-J L.L.C., Successor<br>in interest to Magcobar; UNION CARBIDE<br>CORPORATION, Successor in interest to<br>Union Carbide and Carbon Corporation;<br>CONOCO PHILLIPS COMPANY, Successor<br>in interest to Phillips Petroleum Company;<br>TIDEWATER, INC., Successor in interest to<br>Tidewater Marine Service, Inc.;<br>NOBLE DRILLING CORPORATION | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | JURY DEMAND |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Rowan Companies, Inc. ("Rowan"), pursuant to Judicial Panel on Multidistrict Litigation

Rule 7.4(c), moves the Panel to vacate its order of February 9, 2007, conditionally transferring

the above entitled and numbered case to the United States District Court for the Eastern District

**OFFICIAL FILE COPY**

IMAGED MAR 1 4 2007

of Pennsylvania.  This motion is based on the attached brief in Support of Motion to Vacate

Conditional Transfer Order and such other materials as may be presented to the Panel at the time

of the hearing on the motion.

Pursuant to Rule 7.4(c), movant requests the Clerk to set this motion for hearing at the

next session of the Panel.

March 8, 2007.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD
& KUTCHER, L.L.P.**

By: _____
**RICHARD A. CHOPIN, T.A.  (#4088)
ALEXIS M. PARRISH (#27709)**
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9540
Attorneys for Rowan Companies, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 13 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on the ___12th___ day of ___March___, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all parties listed on the panel service list provided by the Judicial Panel on Multidistrict Litigation with its letter of February 26, 2007, a copy of which is attached hereto.

**RICHARD A. CHOPIN**

RECEIVED
CLERK'S OFFICE

2007 MAR 13 A 10: 37

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 13 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICAL PANEL

## ON MULTIDISTRICT LITIGATION

IN RE:
TERESSA BELL, INDIVIDUALLY AND          *     MDL DOCKET NO. 875
AS TESTAMENTARY EXECUTRIX               *
OF THE ESTATE OF DON BELL               *     CIVIL ACTION
                                        *
VERSUS                                  *     NO. 06-785
                                        *
ROWAN COMPANIES, INC., Successor to     *     JURY DEMAND
Rowan Drilling Co.; TEXACO REFINING     *
& MARKETING INC., Successor in interest *
to Tidewater Oil Company and Getty Oil  *
Company; SCHLUMBERGER, Successor in     *
interest to Magcobar; M-J L.L.C., Successor *
in interest to Magcobar; UNION CARBIDE  *
CORPORATION, Successor in interest to   *
Union Carbide and Carbon Corporation;   *
CONOCO PHILLIPS COMPANY, Successor      *
in interest to Phillips Petroleum Company; *
TIDEWATER, INC., Successor in interest to *
Tidewater Marine Service, Inc.;         *
NOBLE DRILLING CORPORATION              *
                                        *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### BRIEF IN SUPPORT OF MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER

I.      **Preliminary Statement**

This memorandum is filed, pursuant to Judicial Panel on Multidistrict Litigation Rules

7.4(c) in support of the Motion to Vacate the Conditional Transfer Order of the Panel, issued on

February 9, 2007, ordering the transfer of the captioned case to the Eastern District of Pennsylvania for pre-trial proceedings in accordance with 28 U.S.C.A. §1407.

Notice of Opposition to the Conditional Transfer Order have been filed on behalf of Rowan Companies, Inc. ("Rowan").

## II.    Statement of Facts:

The complaint in this case was filed on September 8, 2006, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.   The case was removed to the Middle District of Louisiana on October 10, 2006.   Included as defendants are various companies who allegedly owned and/or leased marine vessels, employed plaintiff's decedent or who were leasees of related properties on which the plaintiff's deceased husband worked.

As against defendants, plaintiff seeks equitable relief and damages for the alleged injuries claimed to have been suffered by her late husband, Don Bell.   Defendants deny plaintiff's claims.

## III.    Argument

An action may be transferred for coordinated or consolidated pre-trial proceedings only when there are common questions or fact, and transfer "will serve the convenience of parties and witnesses" and "promote the just and efficient conduct" of the action.[1]   The fact that a case has been described as a "tag-along case" does not preclude the necessity of these requirements.[2]   It is the position of Rowan that transfer by this Panel is not appropriate because this case and the "Asbestos" cases previously transferred to the Eastern District of Pennsylvania do not involve significant common issues of fact and law, and neither the convenience of the parties and

---

[1] 28 U.S.C.A. §1407.
[2] *In Re Grain Shimpments*, 319 F.Supp. 533 (J.P.M.L. 1970).

witnesses nor the just and efficient conduct of the case will be served by transfer to the Eastern District of Pennsylvania.

In order to be considered an appropriate transfer pursuant to 28 U.S.C.A. §1407 common facts must be present.[3] Implicit in the common question requirement is the notion that it should be more economical or convenient to conduct pretrial proceedings on the common issues on one forum, so that the common factual issues must be more than minimal.[4] At best, the claims in this case against Rowan and other defendants and the "Asbestos" cases previously transferred to the Eastern District of Pennsylvania may involve some common questions of fact. However, the claims asserted in this case by plaintiff against defendants involves factual and legal questions unique to this case. This claim is for the plaintiff's deceased husband's alleged exposure to asbestos products and/or other products. The fundamental issues for determination as to the claim against Rowan and other defendants are whether the decedent was exposed to asbestos or other products, which are not identified in the plaintiff's lawsuit, while aboard any of the alleged vessels owned and/or leased by any of the named defendants or on other facilities or properties of other defendants. This issue is not complex and will be determined pursuant to Louisiana law, the Jones Act and general maritime law. More likely, it applies that the instant matter and the claims previously transferred to the Eastern District of Pennsylvania do not share any common issues of fact. Transfer, then, of this case to the Eastern District of Pennsylvania, then, is inappropriate.

---

[3] In *Re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3, 1974*, 405 F.Supp. 1304, 1306 (J.P.M.L. 1976).

[4] *In Re Boeing Co. Employment Practices Litigation*, 293 F. Supp.2d 1382 (J.P.M.L. 2003).

Further, the existence of common questions, should the Panel find there are some present in this matter, is but one condition precedent to transfer under §1407.[5]  A mere showing that common questions on fact among the actions exists is not sufficient in and of itself to warrant transfer by the Panel.[6]  The potential transfer in this matter will not serve the convenience of the parties and witnesses, which is clearly furthered by this case remaining in the Middle District of Louisiana.  The plaintiff is located in Louisiana as well as most of the witnesses who will testify regarding the decedent's health and treatment.  The claim asserted by plaintiff will not require protracted discovery and pretrial proceedings.  Under the circumstances of this case, it would be grossly unfair to require the parties to participate in proceedings in the Eastern District of Pennsylvania.

Finally, the just and efficient conduct of the case will not be promoted by the transfer to the Eastern District of Pennsylvania.  Plaintiff has leveled accusations against Rowan which Rowan denies.  The same is true about the other defendants.  The inclusion of this action in centralized proceedings could delay its termination without producing any overriding benefits to the litigation as a whole and deny Rowan the ability to timely succeed in defending this matter.

## IV.    Conclusion

Before the Panel may transfer cases pursuant to 28 U.S.C.A. §1407, it must make an affirmative finding that transfer: (1) will be for the convenience of the parties and witnesses; and (2) will promote the just and efficient conduct of the cases.  The Panel must also find that the cases share common issues of fact.  The case filed by plaintiff is this matter does not share

---

[5] *In Re Drowning Incident*, 405 F.Supp. at 1306.
[6] *In Re Truck Acc. Near Alamagordo, New Mexico on June 18, 1969*, 387 F.Supp. 732, 733 (J.P.M.L. 1975).

common issues of fact with other asbestos litigation. Further, neither the convenience of the

parties will be served by the transfer nor will the transfer promote the just and efficient conduct

of the case. For the foregoing reasons, Rowan submits that the requisite findings cannot be made

and, thus, respectfully asks that the Panel vacates the Conditional Transfer Order of February 9,

2007.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD**
**& KUTCHER, L.L.P.**

By: _Richard A Chopin_
**RICHARD A. CHOPIN, T.A. (#4088)**
**ALEXIS M. PARRISH (#27709)**
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9540
Attorneys for Rowan Companies, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 13 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on the ___13th___ day of ___March___, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all parties listed on the panel service list provided by the Judicial Panel on Multidistrict Litigation with its letter of February 26, 2007, a copy of which is attached hereto.

_Richard A Chopin_
RICHARD A. CHOPIN

RECEIVED
CLERK'S OFFICE
2007 MAR 13 A 10: 37
JUDICIAL PANEL ON
MULTIDISTRICT

**PANEL SERVICE LIST (Excerpted from CTO-274)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Teressa Bell, etc. v. Rowan Companies, Inc., et al.,* M.D. Louisiana, C.A. No. 3:06-785
*Daniel Jarrell v. Franks Petroluem, Inc., et al.,* W.D. Louisiana, C.A. No. 6:06-2190

Ronald A. Ammann
Chamberlain, Harlicka, White, Williams
& Martin
1200 Smith Street
Suite 1400
Houston, TX 77002

Lance Arnold
Baldwin & Haspel
1100 Poydras Street
Energy Centre
Suite 2200
New Orleans, LA 70163

Allison Naquin Benoit
Kean, Miller, et al.
301 Main Street
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821

Gary A. Bezet
Kean, Miller, Hawthorne, et al.
P.O. Box 3513
Baton Rouge, LA  70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Anna Louise Blanchard
King, Leblanc & Bland, LLP
6363 Woodway
Suite 750
Houston, TX 77057

Christine Z. Carbo
Strasburger & Price
1401 Mckinney
Ste 2200
Houston, TX 77010-4035

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Richard A. Chopin
Chopin Wagar Richard & Kutcher
Two Lakeway Center
3850 N. Causeway Blvd.
Suite 900
Metairie, LA 70002

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

William G. Davis
Milling, Benson, Woodward, LLP
339 Florida Street
Suite 300
Baton Rouge, LA 70801-1726

Robert E. Dille
Kean, Miller, Hawthorne, D'armond,
McCowan & Jarma
P. O. Box 3513
22nd Floor
Baton Rouge, LA 70821-3513

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
P.O. Box 71
Plaquemine, LA 70765-0071

Daniel Douglas Pipitone
Chamberlain, Harlicka, White, Williams
& Martin
1200 Smith Street
Suite 1400
Houston, TX 77002-4496

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

PANEL SERVICE LIST (Excerpted from 274) - MDL-875                    Page 2 of 2

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Jena W. Smith
Baldwin & Haspel
Energy Centre, Suite 2200
1100 Poydras Street
New Orleans, LA 70163

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Jim Wetwiska
Akin, Gump, Strauss, Hauer & Feld
1111 Louisiana Street
44th Floor
Houston, TX 77002-5200

Elizabeth S. Wheeler
King, Leblanc & Bland, LLP
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170

Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433