JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 22 2007

CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

IN RE:   ASBESTOS PRODUCTS LIABILITY              MDL DOCKET NO. 875
         LITIGATION (NO VI)

CONDITIONAL TRANSFER ORDER 274

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL JARRELL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 6:06-CV-2190** |
| | * | |
| **FRANKS PETROLEUM INC., ET AL** | * | **JUDGE MELANCON** |

*****************************************

## DEFENDANT NOBLE'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

**COMES NOW**, Noble Drilling, Inc. (hereinafter "Respondent" or "Noble"), by and through its counsel of record and files this its Brief in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order, entered by the Judicial Panel on Multi-District Litigation on February 9, 2007. In support thereof, Respondent will show the court as follows:

### PROCEDURAL HISTORY

This case was originally filed in the Sixteenth Judicial District Court in the Parish of St. Mary, State of Louisiana on October 6, 2006. Plaintiff's Petition pursues claims against Noble and other Defendants "under the Jones Act 46 U.S.C. 466, and General Maritime Law pursuant to the Savings Suitors Clause, 28 U.S.C. §1333 and the laws of the State of Louisiana." (See Petition, attached hereto as "Exhibit A").

This case was removed to the United States District Court for the Middle District of Louisiana on October 10, 2006. (See Notice of Removal (without exhibits), attached hereto as

**OFFICIAL FILE COPY**

**IMAGED** MAR 2 3 2007

"Exhibit B"). A motion to remand the case to state court was never filed by Plaintiff. Moreover, Plaintiff has not contested that this case was properly removed to Federal Court based upon diversity of citizenship and amount in controversy.

On December 18, 2006, Union Carbide Corporation notified the Judicial Panel of the Multi-District Litigation Court that this case was a potential "tag-along" action and should be transferred to the United States District Court, Eastern District of Pennsylvania for pretrial proceedings pursuant to 28 U.S.C. § 1407. (See Notice of Tag Along Action (without exhibits), attached hereto as "Exhibit C").

The Panel entered Conditional Transfer Order 274 on February 9, 2007. The Plaintiff filed a Notice of Opposition to the Conditional Transfer Order pursuant to Rule 7. On March 7, 2007, Plaintiff filed his Consolidated Motion and Brief to Vacate Conditional Transfer Order 274.

Defendant Noble respectfully requests that Conditional Transfer Order 274 be enforced. Defendant Noble requests this case be transferred to the Eastern District of Pennsylvania, MDL 875 for coordinated and consolidated pretrial proceedings.

## ARGUMENTS AND AUTHORITIES

Transfer of cases to Federal MDL 875 are governed by 28 U.S.C. § 1407. This statute provides in pertinent part:

"(a)     When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however, That* the panel may separate any claim, cross-claim, counter-claim, or third-party

claim and remand any of such claims before the remainder of the action is remanded."

28 U.S.C. § 1407

The standard for transfer pursuant to § 1407 was established by the Panel in 1991, when MDL 875 was created. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (Jud.Pan.Mult.Lit.-1991). The Panel determined that transfer to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings was appropriate if the case involved common questions of fact with actions previously transferred to the Eastern District of Pennsylvania. Moreover, the Panel found that transfer to the Eastern District of Pennsylvania was proper if it would serve the convenience of the parties and witnesses and promote the just and effective conduct of litigation. The Panel expressed in detail its reasoning for ordering the centralization of *all* pending Federal Court actions, not then in trial, involving allegations of personal injury or wrongful death caused by asbestos or asbestos-containing products. *See In Re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (Jud.Pan.Mult.Lit. 1991).

The only factors to be considered for transfer are common questions of fact, convenience of the parties and witnesses and just and effective conduct of the case. "Distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of the pretrial proceedings, the presence of unique claims or additional claims not related to asbestos injury or death, and for the unanimity of opposition to the transfer by the parties to the action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in the extraordinary docket." *In Re Asbestos Products Liability Litigation (No. VI)*, 170 F. Supp.2d 1348, 1350 (Jud.Pan.Mult.Lit.-2001).

The case at hand meets all of the requirements for transfer pursuant to 28 U.S.C. § 1407. This action has numerous common questions of fact with the vast number of maritime claims for asbestos exposure currently pending in MDL 875. Not only does this case involve common questions of fact with other Jones Act cases that were previously transferred to MDL 875, but common questions of fact exist among other cases filed by Plaintiff's counsel which are currently in the process of being transferred to MDL 875. Additionally, transferring this matter to MDL 875 will promote the convenience of the parties and witnesses involved in this case. Coordinated pretrial proceedings, conducted by one judge rather than several, will avoid duplicative discovery efforts and avoid potentially contradictory judicial rulings. Finally, transfer to MDL 875 will promote the just and efficient furtherance of this case, especially considering MDL 875's substantial experience in dealing with cases virtually identical to the one at hand.

## I.   <u>Common Questions of Fact</u>

The claims in this case are common to the thousands of those that have been previously transferred to MDL 875. Specifically, *Jarrell's* claims involve exposure to asbestos fibers onboard vessels, pursuant to the Jones Act and General Maritime Law. (See Petition, attached hereto as "Exhibit A"). Literally thousands of claims by seamen who have claimed exposure to asbestos-containing products onboard vessels have been adjudicated by MDL 875. *See In re United States Lines, Inc.,* 318 F.3d 432 (C.A.2-2003*); see also In re Asbestos Products Liability Litigation (No. VI),* 1996 WL 239863 (E.D.Pa.). These thousands of claims are substantially similar to the claims made by *Jarrell* in this case. *Jarrell* has failed to establish that his claims are in any way different than those of previous "MARDOC" claimants.

*Jarrell* claims in his brief that this case should not be transferred based upon the fact that it is a "single plaintiff claim". This argument is simply without merit. Single plaintiff cases have been historically transferred to the MDL. Moreover, single plaintiff Jones Act cases have regularly and recently been transferred to MDL 875. *See Selico v. Waterman Steamship Co.,* 1999 WL 172958 (E.D.La); *see also Melford vs. Territo.*[1]  These cases clearly indicate that single plaintiff maritime claims for exposure to asbestos are subject to transfer to MDL 875. Both of the aforementioned cases involve claims of Louisiana plaintiffs.

Not only does this case have common questions of fact with other "MARDOC" claimants and other Louisiana seamen, *Jarrell's* claims are substantially similar to those of other Jones Act plaintiffs represented by *Jarrell's* counsel.   Specifically, *Jarrell's* counsel is currently representing two Louisiana seamen who have brought claims against Noble based upon the same common issues of fact.[2][3]  A review of the Petitions in these two cases indicates that the Petitions are virtually identical to the *Jarrell* Petition. A review of the Petitions shows that there are common Defendants in the three cases. Likewise, the liability and damages allegations in each of the Petitions are identical. Notably, all three cases are in the process of being transferred to MDL 875.

---

[1] The *Melford vs. Territo* case was originally initiated in the Nineteenth District Court in the Parish of East Baton Rouge, Louisiana. (See Original Petition filed on 11/08/2005, attached as "Exhibit D"). Mr. Melford's claims involved exposure to asbestos drilling muds while serving onboard vessels. His claims were brought pursuant to the Jones Act and General Maritime Law. This lawsuit was subsequently removed to Federal Court on December 15, 2005. (See Notice of Removal, attached as "Exhibit E"). This claim was subsequently transferred to MDL 875. (See Order of Transfer, dated June 14, 2006, attached as "Exhibit F").

[2] See attached "Exhibit G", the Original Petition of Cletus Brewer, filed on May 19, 2006, in the Nineteenth Judicial District Court in the Parish of East Baton Rouge, State of Louisiana. This case was subsequently removed to Federal Court on June 26, 2006. (See Notice of Removal, attached as "Exhibit H"). A Notice of Tag-Along Action seeking transfer to the United States District Court, Eastern District of Pennsylvania was filed on November 15, 2006. (See Notice of Tag-Along, attached as "Exhibit I").

[3] See attached "Exhibit J", the Original Petition of Don Bell, filed on September 8, 2006, in the Nineteenth Judicial District Court in the Parish of East Baton Rouge, State of Louisiana. This case was subsequently removed to Federal Court on October 10, 2006. (See Notice of Removal, attached as "Exhibit K"). A Notice of Tag-Along Action seeking transfer to the United States District Court, Eastern District of Pennsylvania was filed on December 18, 2006. (See Notice of Tag-Along, attached as "Exhibit L").

*Jarrell* alleges in his Motion that this claim is "an individual suit for damages" and "does not allege a class action".[4]  However, *Jarrell's* counsel has previously sought class action certification for claims of seamen based upon their alleged exposure to asbestos drilling muds upon Noble vessels.[5]  Specifically, class action certification was sought on behalf of more than 100 members of the proposed class based upon "questions of law or fact common to the claims of plaintiff and the other members of the class".[6]  Furthermore, the request for class certification alleged that the requirements of FRCP 23(b)(1) required certification to avoid "inconsistent or varying adjudications".[7]  Finally, the class certification stated that there were common questions of fact such that a "class action was a superior method for fair and efficient adjudication" of the claims of seamen who served on the Noble vessel in question.[8] [9]

The pleadings from the aforementioned request for class certification, in a claim substantially similar to *Jarrell's*, clearly demonstrates there exists common questions of law and facts regarding *Jarrell's* exposure to asbestos on drilling vessels.  Accordingly, *Jarrell's* claims are not unique from other seamen.

Based on the foregoing, *Jarrell's* claim that his case is a "stand alone" case and "wholly original" are simply unfounded.  Undoubtedly, the discovery responses, deposition testimony, and other evidentiary information gleaned in the *Jarrell* case will be pertinent to the *Jarrell* and *Brewer* cases.  Moreover, there will obviously be common issues of fact with all of the other cases in the MDL 875 including causation, state-of-the-art knowledge and product identification.  Although *Jarrell* claims "the evidence developed will be applicable to this one case and none

---

[4] *Jarrell's* Consolidated Motion and Brief to Vacate Conditional Order of Transfer, p.4.
[5] See attached "Exhibit M", Answer, Claim of Cletus F. Brewer and Class Action Cross Complaint.  This pleading was filed in a limitations of liability action filed in reference to the *Brewer* claim noted in fn 2.
[6] See Answer, Claim of Cletus F. Brewer and Class Action Cross Complaint, p. 13.
[7] See Answer, Claim of Cletus F. Brewer and Class Action Cross Complaint, p. 14.
[8] See Answer, Claim of Cletus F. Brewer and Class Action Cross Complaint, p. 15.
[9] The Limitation Action noted above was dismissed pursuant to Noble Drilling Corporation's Notice of Stipulation of Dismissal, Without Prejudice filed on March 14, 2007.  See attached "Exhibit N".

others", *Jarrell's* counsel has not stipulated such evidence will not be used in the other cases, including any class action for Louisiana seamen that may be filed in the future.

Simply put, *Jarrell's* claims are in no way unique or original. "Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district[.]" *In Re Asbestos Products Liability Litigation (No. VI),* 2001 WL 1042562 (Jud.Pan.Mult.Lit.-2001).

## II.   Transfer to the MDL is for the Convenience of the Parties and Witnesses

Transfer of this case to MDL 875 will be more convenient for the parties and witnesses involved in this case.  In light of the fact that there are numerous cases involving the same parties, coworkers, expert witnesses, corporate representatives, and fact witnesses, coordination and consolidation for pretrial proceedings before MDL 875 will be more convenient for all the parties involved.  Discovery will be conducted in a more uniform and concise fashion in MDL 875.  Undoubtedly, if *Jarrell* is allowed to proceed in Louisiana Federal Court, the depositions of coworkers, experts and various corporate representatives will have to be taken in several individual cases.  It is more convenient to all the parties and the potential witnesses involved if duplicitous discovery can be avoided.

*Jarrell* contends his case will be "put on the back burner" if the case is transferred to MDL 875.[10]  There is no indication that *Jarrell's* claims will not be efficiently adjudicated by MDL 875.  As this Panel has noted, "with respect to any party that believes the uniqueness of their particular situation renders inclusion of their action in MDL 875 unnecessary or inadvisable, we are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps

---

[10] Notably, the arguments asserted in the briefs opposing conditional transfer in *Brewer, Bell* and *Jarrell* are virtually identical.

to ensure their speedy return whenever he is convinced that retention in the MDL 875 proceeding

is no longer needed." *In Re Asbestos Products Liability Litigation (No. VI),* 170 F.Supp.2d 1348,

1350 (Jud.Pan.Mult.Lit.-2001).

Finally, transfer to MDL 875 will not result in inconvenience to parties or witnesses

simply because *pretrial matters* are transferred to the Eastern District of Pennsylvania. As this

Panel noted at the creation of MDL 875:

> "We remain sensitive to the concerns of some parties that § 1407 transfer will be burdensome or inconvenient. We note that **since § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise.** *See, e.g.,* Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Second,* § 20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel, and the judiciary, thereby **effectuating an overall savings of cost and a reduction of inconvenience to all concerned.** *See In re Nissan Motor Corporation Antitrust Litigation,* 385 F.Supp. 1253, 1255 (J.P.M.L.1974). Hopefully, combining such practices with a uniform case management approach will, in fact, lead to sizeable reductions in transaction costs (and especially in attorneys' fees)."

*In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415 (Jud.Pan.Mult.Lit. 1991)

(emphasis added).

It is clear that transfer of *Jarrell's* claim to MDL 875 will facilitate the convenience of

the parties and witnesses involved. Accordingly, this prong of 28 U.S.C. § 1407 has been

satisfied.

### III.    Transfer Will Promote the Just and Efficient Prosecution of This Claim

The provisions of 28 U.S.C. § 1407 requiring the promotion of just and efficient

prosecution of this claim support the Panel's Conditional Transfer Order. As noted previously,

inclusion of this case before MDL 875 for pretrial matters will avoid duplicative efforts in

written discovery, depositions of fact and expert witnesses, and avoid inconsistent judicial

rulings. Failure to transfer *Jarrell's* case to MDL 875 could easily lead to conflicting judicial rulings between the *Jarrell, Bell* and Brewer courts. Moreover, transfer avoids the possibility of a Federal class action regarding asbestos exposure proceeding in Federal Court other than MDL 875. Transfer is also necessary in order to prevent duplication of pretrial efforts, inconsistent rulings and waste of the MDL court's experience and expertise.

### CONCLUSION

Based on the foregoing, Respondent respectfully requests that the Panel deny Plaintiff's Motion to Vacate Conditional Transfer Order 274 and transfer this case to the United States District Court for the Eastern District of Pennsylvania, MDL 875. The *Jarrell* case meets all of the statutory requirements for transfer enumeration in 28 U.S.C. § 1407. Based upon the numerous common questions of fact, the convenience to the parties and witnesses involved, and the just and efficient prosecution of this action, transfer to MDL 875 is warranted.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE
WILLIAMS & MARTIN

DANIEL D. PIPITONE, Attorney in Charge
TX State Bar No. 16024600
RONNIE A. AMMANN
TX State Bar No. 00783543
1200 Smith Street, Suite 1400
Houston, TX 77062
Tele: (713) 658-1818; Fax: (713) 658-2553
**Counsel for Noble Drilling Corporation**

and

BALDWIN HASPEL, L.L.C.
LANCE J. ARNOLD (No. 18768)
JENA W. SMITH (No. 25255)
1100 Poydras Street, Ste. 2200
New Orleans, LA  70163-2200
Tele: (504) 585-7711; Fax: (504) 585-7751
***Counsel for Noble Drilling Corporation***

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 22 2007

FILED
CLERK'S OFFICE

Before the Judicial Panel on Multidistrict Litigation
MDL-875- In re Asbestos Products Liability Litigation (VI). (CTO 274)

**SCHEDULE OF ACTION(S)**

| Case Caption(s) | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs**: Daniel Jarrell<br><br>**Defendants:**<br>Franks Petroleum Inc., Noble Drilling Corporation, Baker Hughes Oilfield Operations, Inc., successor in interes to Milchem and Milpark, The H. and S. Drilling Company, Chevron, U.S.A. Inc., Shell Oil Company and Chromalloy American Corporation successor in interest to Delta Mud and Chemical Co and Amereda Hess Corporation. | W.D. Louisiana | NO. 6:06-CV-2190 | Tucker Melancon |



**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** 2 2 2007

**In re:  MDL -875-Asbestos Products Liability Litigation (VI). (CTO 274)** FILED CLERK'S OFFICE

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER and Schedule of Actions was served by First Class Mail on March 21, 2007, to the following individuals as well as all other counsel listed on the Panel Service List attached hereto:

Honorable Marcia Leleux
U. S. District Clerk
Western District of Louisiana
P.O. Box 1269
Alexandria, LA  71309-1269

Honorable Tucker Melancon
U. S. District Judge
4700 John M. Shaw US Courthouse
800 Lafayette St.
Lafayette, LA  70501

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
24110 Eden Street
Plaquemine, LA  70764
Attorney for **DANIEL JARRELL**

Richard P. Sulzer
Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Boulevard, Suite 335
Covington, LA  70433
Attorney for **BAKER HUGHES OILFIELD OPERATIONS, INC.**

William Davis
Milling Benson Woodward LLP
339 Florida Street, Ste. 300
Baton Rouge, LA  70801
Attorney for **FRANKS PETROLEUM INC.**

Elizabeth Wheeler
King LeBlanc & Bland PLLC
201 St. Charles Avenue
45th Floor
New Orleans, LA  70170
Attorney for **AMEREDA HESS CORPORATION**

Robert Dille
Kean Miller
P.O. Box 3513
Baton Rouge, LA  70821
Attorney for **SHELL OIL COMPANY**

Christine Carbo
Strasburger
1401 McKinney Street, Ste. 2200
Houston, TX  77010-4035
Attorney for **CHROMALLOY AMERICAN CORP.**

this **21st** day of **March, 2007**.

_____
RONNIE AMMANN

PANEL SERVICE LIST (Excerpted from CTO-274)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Teressa Bell, etc. v. Rowan Companies, Inc., et al.,* M.D. Louisiana, C.A. No. 3:06-785
*Daniel Jarrell v. Franks Petroluem, Inc., et al.,* W.D. Louisiana, C.A. No. 6:06-2190

Ronald A. Ammann
Chamberlain, Harlicka, White, Williams
& Martin
1200 Smith Street
Suite 1400
Houston, TX 77002

Lance Arnold
Baldwin & Haspel
1100 Poydras Street
Energy Centre
Suite 2200
New Orleans, LA 70163

Allison Naquin Benoit
Kean, Miller, et al.
301 Main Street
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821

Gary A. Bezet
Kean, Miller, Hawthorne, et al.
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Anna Louise Blanchard
King, Leblanc & Bland, LLP
6363 Woodway
Suite 750
Houston, TX 77057

Christine Z. Carbo
Strasburger & Price
1401 Mckinney
Ste 2200
Houston, TX 77010-4035

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Richard A. Chopin
Chopin Wagar Richard & Kutcher
Two Lakeway Center
3850 N. Causeway Blvd.
Suite 900
Metairie, LA 70002

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

William G. Davis
Milling, Benson, Woodward, LLP
339 Florida Street
Suite 300
Baton Rouge, LA 70801-1726

Robert E. Dille
Kean, Miller, Hawthorne, D'armond,
McCowan & Jarma
P. O. Box 3513
22nd Floor
Baton Rouge, LA 70821-3513

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
P.O. Box 71
Plaquemine, LA 70765-0071

Daniel Douglas Pipitone
Chamberlain, Harlicka, White, Williams
& Martin
1200 Smith Street
Suite 1400
Houston, TX 77002-4496

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

PANEL SERVICE LIST (Excerpted from 274) - MDL-875

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Elizabeth S. Wheeler
King, Leblanc & Bland, LLP
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Jena W. Smith
Baldwin & Haspel
Energy Centre, Suite 2200
1100 Poydras Street
New Orleans, LA 70163

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Jim Wetwiska
Akin, Gump, Strauss, Hauer & Feld
1111 Louisiana Street
44th Floor
Houston, TX 77002-5200

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 2 2007

FILED
CLERK'S OFFICE

Exhibit A

RECEIVED
CLERK'S OFFICE
2007 MAR 22  A 10: 17
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

16th JUDICIAL DISTRICT COURT

PARISH OF ST. MARY

STATE OF LOUISIANA

DANIEL JARRELL

VERSUS

FRANKS PETROLEUM INC., NOBLE DRILLING CORPORATION, BAKER
HUGHES OILFIELD OPERATIONS, INC., successor in interest to Milchem and
Milpark, THE H. AND S. DRILLING COMPANY, CHEVRON, U.S.A. INC., SHELL
OIL COMPANY and CHROMALLOY AMERICAN CORPORATION successor in
interest to Delta Mud and Chemical Co and AMERADA HESS CORPORATION.

NO. __116123__   DIV. __"G"__

---

## PETITION

The petition of Daniel Jarrell, a resident of the Parish of Rapides, State of Louisiana,  with
respect represents:

1.

Made defendants herein are:

FRANKS PETROLEUM INC., ("Franks"), a Louisiana corporation, authorized to do and
doing business in Louisiana, which has designated Bobby E.Jelks, 1312 N. Hearne Ave.,
Shreveport, LA 71107 as its registered agent for service of process;

NOBLE DRILLING CORPORATION, ("Noble"), a Delaware corporation, authorized to
do and doing business in the State of Louisiana with its registered agent for service of
process being, C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA
70809;

BAKER HUGHES OILFIELD OPERATIONS, INC., ("Baker Hughes"), a California
corporation authorized to do and doing business in the State of Louisiana with its
registered agent for service of process being, C T Corporation System, 8550 United Plaza
Blvd., Baton Rouge, LA 70809.  This Defendant is a successor in interest to Milchem
Incorporated and Milpark;

THE H. AND S. DRILLING COMPANY, ("H and S") a Oklahoma company not
authorized to do business in the State of Louisiana with its registered agent for service of
process being, The H. and S. Drilling Company, 320 S. Boston, Suite 1910, Tulsa, Ok
74103-4734;

CHEVRON U.S.A. INC., ("Chevron"),  a Pennsylvania corporation authorized to do and
doing business in the State of Louisiana with its registered agent for service of process
being The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA
70802-6129. The Defendant is a successor in interest to Gulf Oil Corporation and Texaco
Oil Co;

SHELL OIL COMPANY, ("Shell"),  a Delaware company authorized to do and doing
business in the State of Louisiana with its registered agent for service of process being



EXHIBIT
A

Corporation Service Company, 320 Someulos St., Baton Rouge, LA 70802-6129;

CHROMALLOY AMERICAN CORPORATION, ("Chromalloy"), a Delaware corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The Defendant is successor in interest to Delta Mud & Chemical Company, Inc.

AMERADA HESS CORPORATION, ("Amerada"), a Delaware corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

each of whom are justly and truly indebted, in solido, unto the Plaintiff, Daniel Jarrell, for such amount of money as will reasonably compensate plaintiffs for all his damages and injuries, as hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00

3.

From about 1963 until sometime around 1967, Daniel Jarrell was an employee of Shell and Franks, inter alia, on marine vessels owned, leased or chartered. One of these vessels was owned by H. and S. Drilling Company. From 1968 until 1981 he was employed by Noble Drilling Corporation on marine vessels. During that time, Daniel Jarrell was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and operation of the marine drilling vessels, identified, in part, as Noble # 1, Noble # 2 and Noble # 26.

4.

In the process of mixing drilling mud, Daniel Jarrell was required to handle asbestos fibers which were utilized in thickening the drilling mud during the drilling process, including the moving of sacks of raw asbestos, dumping raw asbestos into a "chemical hopper which was located in the mud room of the vessel". Daniel Jarrell was also required to move and stack the 50 pound bags of raw asbestos, and frequently worked in an enclosed environment where asbestos dust was present in the air.

5.

From 1963 until 1981, while working on the aforesaid marine vessels, Daniel Jarrell was constantly subjected to an unreasonably dangerous condition which rendered the above named vessels unseaworthy in that he was heavily exposed to asbestos fibers floating in the air of the

mud room.

6.

That part of his duties for Shell, Franks, Chevron, successor to Gulf Oil Co. and Texaco Oil Co and Amerada was the mixing of drilling mud which contained raw asbestos fibers and the moving of sacks or bags of raw asbestos so that it could be mixed in the drilling mud for the purpose of thickening the drilling mud.

7

The Defendants, Franks, Chevron, successor in interest to Gulf Oil Corporation, and Texaco Oil Co., Shell and Amerada through their agents, specified the chemicals and ingredients used in the drilling mud and required that asbestos be used during the drilling process to facilitate the drilling process. The Defendants, Franks, Chevron, successor in interest to Gulf Oil Corporation and Texaco Oil Co., Shell and Amerada not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel on a constant basis. Daniel Jarrell and others who were working on the aforesaid marine vessels operated by the Defendants were exposed to this dust containing asbestos particles on a daily and constant basis.

8.

The Defendants named hereinabove knew or should have known of the unreasonable risk of bodily injury to Daniel Jarrell or others working on the vessels at issue in this litigation, but, despite that knowledge, failed to adequately warn Daniel Jarrell and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the aforesaid vessels.

9.

Baker Hughes, successor in interest to Milchem and Milpark; and, Chromolloy, successor in interest to Delta Mud & Chemical Company, Inc., produced the asbestos fibers for use by Shell, Chevron, Franks, Noble, H and S and Amerada on the drilling rigs, inland barges and/or other vessels operated by those companies. Baker Hughes and Chromalloy knew or should have known at the time that they were mining and/ or marketing the asbestos that the use of and storage of asbestos would pose an unreasonable risk of serious bodily injury to Daniel

Page 3

Jarrell or others working on the vessels.

10.

At no time during his employment did the defendants advise Daniel Jarrell or his co-workers of the dangers and hazards of breathing asbestos fibers.

11.

As a direct and proximate result of the Daniel Jarrell's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessels owned and/or operated by the defendants, Shell, Franks, Chevron, H and S, Amerada and Noble Daniel Jarrell suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiffs allege that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by Franks, Chevron, Shell, H and S, Amerada and Noble.

13.

The negligence of the defendants includes, but is not limited to:

a)    Failure to provide Daniel Jarrell with a safe place to work;

b)    Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c)    Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Daniel Jarrell from inhaling asbestos dust and fibers;

d)    Requiring Daniel Jarrell to handle raw asbestos fibers without proper safety equipment or warning;

e)    By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Daniel Jarrell and to his co-workers;

f)    Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

g)    Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Daniel Jarrell has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15.

Plaintiffs would show that the vessels were unseaworthy in the following non-exclusive respects:

a)   Failure to provide a safe working environment which would have prevented Daniel Jarrell from being exposed to asbestos fibers and asbestos dust;

b)   Failure to provide safety equipment to prevent Daniel Jarrell from having to inhale asbestos fibers and dust; and,

c)   Other items of unseaworthy conditions which may be established through discovery and shown at the time of trial of this matter.

17.

Plaintiffs brings this suit under the Jones Act, 46 U.S.C. 466, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of Louisiana.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter, where such punitive damages are allowed by law.

WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer this petition and that after due proceedings are had, that the Plaintiff be awarded judgment in his favor and against the Defendants, jointly, severally and in solido, as follows:

I.      For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff, if applicable;

II.     For compensatory damages for past, present and future physical pain and suffering, if applicable;

III.    For compensatory damages for emotional distress suffered by Plaintiff;

IV.     For punitive damages;

V.      For legal interest on any amount so awarded from date of judicial demand until paid;

VI.     For all reasonable costs of court and expert witness fees; and

VII.    For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEY:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398


WILLIAM R. COUCH (MBA # 8926)
DEAKLE-COUCH LAW FIRM
P.O. BOX 2072
HATTIESBURG, MS 39403-2072
TELE: 601-544-0631 FAX: 601-544-0666

RECEIVED AND FILED
OCT 0 6 2006
/s/ JENNIFER R. SPLANE
DY. CLERK OF COURT

Exhibit B

RECEIVED

NOV 1 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL JARRELL** | * |
| | * |
| **VERSUS** | *     **6:06-CV-2190**     **LO** |
| | *     **JUDGE MELANCON** |
| **FRANKS PETROLEUM, INC.,** | *     **MAGISTRATE JUDGE HILL** |
| **NOBLE DRILLING CORPORATION,** | * |
| **BAKER HUGHES OILFIELD** | * |
| **OPERATIONS, INC., successor in** | * |
| **interest to Milchem and Milpark, THE H.** | * |
| **AND S. DRILLING COMPANY,** | * |
| **CHEVRON U.S.A., INC., SHELL OIL** | * |
| **COMPANY and CHROMALLOY** | * |
| **AMERICAN CORPORATION, successor** | * |
| **in interest to Delta Mud and Chemical Co.** | * |
| **and AMERADA HESS CORPORATION** | * |

**********************************

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1332, and further

based on the ground set forth in this Notice of Removal, Shell Oil Company (hereinafter

"Shell") hereby removes that action entitled "Daniel Jarrell v. Franks Petroleum, Inc., et al,"

No. 116123 on the docket of the 16th Judicial District Court for the Parish of St. Mary, State

of Louisiana, to the United States District Court for the Western District of Louisiana. In

support of its Notice of Removal, Shell avers as follows:

1104564_1

- 1 -

EXHIBIT

β

1.

On October 19, 2006, Shell was served, through its registered agent, a copy of the Petition filed by Plaintiff, Daniel Jarrell, in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, No. 1161223, Section "G." In compliance with 28 U.S.C. §1446(a), a copy of Plaintiff's Petition, along with all other papers received by Shell or otherwise filed in State Court are attached hereto as Exhibit "A."

2.

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), and without prejudice to any defenses against Plaintiff's action, jurisdictional or otherwise, all named and served Defendants join in this Notice of Removal, as per the Notices of Consent to Removal submitted by Defendants, Franks Petroleum, Inc., Noble Drilling Corporation, Baker Hughes Oilfield Operations, Inc., Chromalloy American Corporation, and Hess Corporation, formerly known as Amerada Hess Corporation.

3.

To date, Defendants, Chevron U.S.A., Inc. and The H. and S. Drilling Company, have not been served, therefore, their consent is not required.

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 (federal diversity jurisdiction). As indicated below, the captioned matter is a suit between citizens of different states and the amount in controversy for Plaintiff's claim exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.

This suit is, therefore, removable pursuant to 28 U.S.C. §1441, *et seq.*

5.

Plaintiff is an individual claiming to be an adult resident of the Parish of Rapides, State of Louisiana. *See* Petition at Paragraph 1.

6.

Shell Oil Company is now, and was at the commencement of this litigation, a Delaware company with its principal place of business outside of the State of Louisiana.

7.

Noble Drilling Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside of the State of Louisiana.

8.

Baker Hughes Oilfield Operations, Inc. is now, and was at the commencement of this litigation, a California corporation with its principal place of business outside of the State of Louisiana.

9.

Chromalloy American Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside of the State of Louisiana.

10.

Hess Corporation, formerly known as Amerada Hess Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of

business outside of the State of Louisiana.

11.

Chevron U.S.A., Inc. is now, and was at the commencement of this litigation, a Pennsylvania corporation with its principal place of business outside of the State of Louisiana.

12.

The H. and S. Drilling Company is now, and was at the commencement of this litigation, a Oklahoma corporation with its principal place of business outside of the State of Louisiana.

13.

Plaintiff has alleged that he was employed by Franks Petroleum, Inc., a Louisiana corporation.   However, on information and belief, and contrary to the allegations in Plaintiff's Petition, Franks Petroleum, Inc. was not Plaintiff's employer on the dates in question. Accordingly, Franks Petroleum, Inc.'s citizenship may be disregarded for purposes of diversity of jurisdiction.

14.

Consequently, this suit is between citizens of different states for purposes of 28 U.S.C. §1332(a)(1) and complete diversity of citizenship exists.

15.

Plaintiff specifically states in his Petition for Damages, paragraph 2, that the amount of controversy exceeds $75,000.00.

1104564_1                                    - 4 -

16.

Removal is timely pursuant to 28 U.S.C. §1446(b) because it was filed within thirty (30) days of the date that all defendants were served.

17.

Venue is proper because the Parish of St. Mary s within the territorial jurisdiction of this Honorable court.

18.

Defendants, Franks Petroleum, Inc., Noble Drilling Corporation, Baker Hughes Oilfield Operations, Inc., Chromalloy American Corporation, and Hess Corporation, formerly known as Amerada Hess Corporation, have consented to this Removal as verified by the attached Consents.  *See* Exhibit "B," *in globo.*

19.

A copy of this Notice of Removal has been served on counsel for Plaintiff.

20.

Shell is providing the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, written notice of this removal and has requested that the Clerk of that Court forward a certified copy of the state Court record in this matter to this Court.

**WHEREFORE,** Shell Oil Company hereby removes this action to this Honorable Court.

Submitted By:

1104564_1                                    - 5 -

Gary A. Bezet (#3036)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Scott D. Johnson (#24732)
Carol L. Galloway (#16930)
Alicia Edmond Wheeler (#28803)
Allison N. Benoit (#29087)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
P. O. Box 3513
Baton Rouge, LA 70821
Telephone: (225) 387-0999
*Attorneys for Shell Oil Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been forwarded,
via facsimile and/or by U.S. Mail, postage prepaid, to plaintiff's counsel and via electric mail
to all known counsel of record.

Baton Rouge, Louisiana, this ___16th___ day of November, 2006.

_____
Robert E. Dille

Exhibit C

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL JARRELL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 6:06-CV-2190** |
| | * | |
| **FRANKS PETROLEUM INC., NOBLE** | * | |
| **DRILLING CORPORATION, BAKER** | * | |
| **HUGHES OILFIELD OPERATIONS, INC.,** | * | **JUDGE MELANCON** |
| **THE H & S DRILLING COMPANY,** | * | |
| **CHEVRON, U.S.A. INC., SHELL OIL** | * | **MAGISTRATE JUDGE HILL** |
| **COMPANY, AND CHROMALLOY** | * | |
| **AMERICAN CORPORATION.** | * | |

**************************************

## NOTICE OF TAG ALONG ACTION

PLEASE TAKE NOTICE THAT, on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in the federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions" or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's order to Show Cause. MDL Rule 7.5 provides:

> Any party of counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of that Panel may either: (1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or (2) file an order to show cause why the action should not be transferred, pursuant to MDL Rules 7.5(c) and 7.3.



EXHIBIT
C

1

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE WILLIAMS & MARTIN**

By: _Ronnie Ammann_

DANIEL D. PIPITONE
TX State Bar No. 16024600
RONNIE A. AMMANN
TX State Bar No. 00783543
CHAMBERLAIN, HRDLICKA, WHITE
WILLIAMS & MARTIN
1200 Smith Street, Suite 1400
Houston, TX  77062
Tele:  (713) 658-1818; Fax:  (713) 658-2553

BALDWIN HASPEL, L.L.C.
LANCE J. ARNOLD (No. 18768)
JENA W. SMITH (No. 25255)
1100 Poydras Street, Ste. 2200
New Orleans, LA  70163-2200
Tele: (504) 585-7711; Fax: (504) 585-7751
*Counsel for Noble Drilling Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Notice of Tag-Along Action and Notice of Removal, including Original Petition have been sent via overnight mail to:

The Honorable Michael J. Beck
Clerk, Multidistrict Judicial Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC  20002-8004

2

I further certify that a true and correct copy of the attached document, including attachments, was sent via Certified Mail, Return Receipt Requested and properly addressed to all counsel of record listed below:

Patrick W. Pendley, Esq.
Pendley, Baudin & Coffin, LLP
P. O. Drawer 71
Plaquemine, LA  70764-0071
**Attorney for Daniel Jarrell**

Gregory Andling
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman
P. O. Box 3513
Baton Rouge, LA  70821
**Attorney for Shell Oil Co.**

Christine Z. Carbo
Strasburger & Price
1401 McKinney Street, Ste. 2200
Houston, Texas  77010-4035
**Attorney for Chromalloy American Corporation**

William G. Davis
Milling Benson Woodward LLP
339 Florida Street, Ste. 300
Baton Rouge, LA  70801
**Attorney for Franks Petroleum Inc.**

Richard Sulzer
Sulzer & Williams
201 Holiday Blvd., Ste. 335
Covington, LA  70433
**Attorney for Baker Hughes Oilfield Operations Inc.**

Elizabeth Wheeler
King Leblanc & Bland, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA  70170
**Attorney for Hess Corporation**

I hereby certify to the above on this ____5th____ day of January, 2007.

Ronnie Ammann

Exhibit D

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO: 537873          DIVISION " "          SECTION NO: 26

DANIEL W. MELFORD, SR.

VERSUS

PETER TERRITO; REILLY-BENTON, INC.; EAGLE, INC.;
MCCARTYCORPORATION; TAYLOR-SEIDENBACH, INC.;UNIROYAL, INC.;
OWENS- ILLINOIS, INC.; GARLOCK INC.; RAPID AMERICAN CORPORATION;
FOSTER WHEELER CORPORATION; MURPHY EXPLORATION AND
PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL AND GAS CO.; NOBLE
DRILLING COMPANY; UNION CARBIDE CORPORATION, as successor to UNION
CARBIDE CHEMICALS AND PLASTICS COMPANY INC., as successor to UNION
CARBIDE CORPORATION, as successor to UNION CARBIDE AND CARBON
CORPORATION; CONOCOPHILLIPS COMPANY, as successor to PHILLIPS
PETROLEUM COMPANY and/or PHILLIPS CHEMICAL HOLDING COMPANY, as
successor to DRILLING SPECIALTIES COMPANY; MONTELLO, INC.; GULF OIL
CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO CHEVRON U.S.A. INC.;
NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND AVONDALE INDUSTRIES,
INC.; TRAVELERS INSURANCE COMPANY; ONE BEACON RISK MANAGEMENT,
INC., as successor to COMMERCIAL UNION RISK MANAGEMENT, INC., as successor
to COMMERCIAL UNION INSURANCE CO., AND SHELL OIL COMPANY

FILED: _____          _____
                                         DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, come petitioner DANIEL W.

MELFORD, SR., hereinafter referred to as "Petitioner," is a lawfully resident of Crown Point,

Louisiana, who for a cause of action respectfully represents the following:

1.

Made Defendant is PETER TERRITO, (hereinafter "Avondale Executive Officer"), who,

for all pertinent times was an executive officer of Avondale Industries, Inc. with the specific

responsibility for the health and safety of Petitioner Daniel W. Melford, Sr., and his fellow

employees during the time Mr. Melford was exposed to the substances which resulted in his

asbestos-related diseases, including but not limited to asbestosis and mesothelioma.

2.

Made Defendant, REILLY-BENTON, INC., (hereinafter "Supplier Defendant"), is a

Louisiana based corporation licensed to do business and/or is doing business in the State of

Louisiana.

FAX COPY FILED 11·8·05
ORIGINAL FILED 11·9·05

2005


EXHIBIT
b

3.

Made Defendant, EAGLE, INC. (formerly Eagle Asbestos and Packing Company), (hereinafter "Supplier Defendant"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana.

4.

Made Defendant, MCCARTY CORPORATION, (hereinafter "Supplier Defendant"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana and whose principal business establishment is East Baton Rouge Parish.

5.

Made Defendant, TAYLOR-SEIDENBACH, INC., (hereinafter "Supplier Defendant"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana.

6.

Made Defendant, UNIROYAL, INC, (hereinafter "Asbestos Manufacturer Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

7.

Made Defendant, OWENS-ILLINOIS, INC., (hereinafter "Asbestos Manufacturer Defendant") is a corporation organized under the laws of the State of Delaware which for all times pertinent hereto was doing business within the jurisdiction of this court.

8.

Made Defendant, GARLOCK INC., (hereinafter "Asbestos Manufacturer Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

9.

Made Defendant, RAPID AMERICAN CORPORATION (formerly known as Philip-Carey, Inc.), (hereinafter "Asbestos Manufacturer Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

2

10.

Made Defendant, FOSTER WHEELER CORPORATION, (hereinafter "Boiler Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

11.

Made Defendant, MURPHY EXPLORATION & PRODUCTION CO., AS SUCCESSOR TO ODECO OIL AND GAS CO. AND ODECO, INC., (hereinafter "Vessel Owner Defendant"), is a corporation organized under the laws of the State of Delaware which for all times pertinent hereto was doing business in Louisiana within the jurisdiction of this court.

12.

Made defendant herein is NOBLE DRILLING COMPANY, (hereinafter referred to as ("Premise Owner Defendant"), is a corporation organized under the laws of the State of Delaware and which is doing business with its principal business establishment in East Baton Rouge Parish.

13.

Made defendant herein is UNION CARBIDE CORPORATION, as successor to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY INC., as successor to UNION CARBIDE CORPORATION, as successor to UNION CARBIDE AND CARBON CORPORATION, (hereinafter "Manufacturing Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

14.

Made Defendant, CONOCOPHILLIPS COMPANY, as successor to PHILLIPS PETROLEUM COMPANY and/or PHILLIPS CHEMICAL HOLDING COMPANY, as successor to DRILLING SPECIALTIES COMPANY, (hereinafter referred to as "Asbestos Manufacturer Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

15.

Made Defendant, MONTELLO, INC., (hereinafter referred to as "Supplier Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

3

16.

Made Defendant, GULF OIL CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR TO CHEVRON U.S.A. INC., (hereinafter "Vessel Owner Defendant"), is a
foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

17.

Made Defendant, NORTHROP GRUMMAN SYSTEMS CORPORATION,
INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC. AND
AVONDALE INDUSTRIES, INC., (hereinafter "Premises Owner Defendant"), is a foreign
corporation licensed to do business and/or is doing business in the State of Louisiana.

18.

Made Defendant, TRAVELERS INSURANCE COMPANY, a foreign insurance company
authorized to do and doing business in the State of Louisiana, which provided insurance to
NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR TO AVONDALE SHIPYARDS, INC. AND AVONDALE INDUSTRIES, INC.
and at all time material hereto, had in full force and effect one or more primary or excess coverage
policies of insurance extending coverage(s) for the matter sued for herein. This defendant is liable
pursuant to Louisiana's Direct Action Statute, LA R.S. 22:655 .

19.

Made Defendant, ONE BEACON RISK MANAGEMENT, INC., as successor to
COMMERCIAL UNION RISK MANAGEMENT, INC., as successor to COMMERCIAL
UNION INSURANCE CO., a Louisiana insurance company authorized to do and doing business
in the State of Louisiana, which provided insurance to NORTHROP GRUMMAN SHIP
SYSTEMS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE
SHIPYARDS, INC. AND AVONDALE INDUSTRIES, INC. and at all time material hereto, had
in full force and effect one or more primary or excess coverage policies of insurance extending
coverage(s) for the matter sued for herein. This defendant is liable pursuant to Louisiana's Direct
Action Statute, LA R.S. 22:655.

4

24.

On a daily basis during Petitioner's employment as a roughneck, derrickhand and driller, he was substantially exposed to asbestos in the normal routine course of his work performing insulation installation, repair, renovation and general overhaul of piping and drilling systems during which time he was exposed to asbestos fibers and/or dust released from asbestos insulation and cement on the pipe systems and the use of asbestos drilling mud additives.

25.

Even when not using the dangerous materials himself, Petitioner was nevertheless substantially exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where the Petitioner was working causing him to sustain a bystander exposure to asbestos.

26.

From approximately 1968 to 1970, inclusive, Petitioner, DANIEL W. MELFORD, SR., was employed as a mechanic in the maintenance department at the Avondale Shipyards main yard in Avondale, Louisiana. On a daily basis during his employment, Petitioner incurred a substantial exposure to asbestos in the normal routine course of his work while working around vessels undergoing construction at the shipyard including, but not limited to, maintenance and repair, renovation and general overhaul at the shipyard.

27.

During this time, Petitioner, DANIEL W. MELFORD, SR., was exposed to asbestos fibers released from installation of heat insulation, boiler insulation, insulation pads, boiler lagging, boiler jackets, wallboards, and other asbestos insulation installed on the boilers, turbines, walls, ceilings and piping systems throughout the shipyard while he performed maintenance or repair. When not using the dangerous materials himself, Petitioner, DANIEL W. MELFORD, SR., was nevertheless exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where Petitioner was working causing him to sustain a substantial bystander exposure to asbestos.

6

28.

From approximately 1970 to 1981, inclusive, Petitioner, DANIEL W. MELFORD, SR., was

employed at ODECO, INC. during which time, Petitioner worked as a derrickman, driller and

pusher on several vessels, including but not limited to the Ocean Traveler, Ocean Viking, Ocean

Rover, Kou Koui, Ocean Voyager and Zephyr 1.

29.

Petitioner's exposure to asbestos on the ODECO drilling rigs included working with and

around asbestos containing products including but not limited to piping systems, boilers, asbestos

brake lines and drilling mud.  As a result, Petitioner sustained a substantial exposure to asbestos.

30.

On a daily basis during this employment as a driller, he was substantially exposed to asbestos

in the normal routine course of his work performing insulation installation, repair, renovation and

general overhaul of piping and drilling systems during which time he was exposed to asbestos fibers

released from asbestos insulation on the pipe systems, boilers, asbestos brake pads and drilling muds.

31.

Even when not using the dangerous materials himself, Petitioner was nevertheless

substantially exposed to dangerous materials and especially the dust and fibers that were caused by

the other workers in the areas where the Petitioner was working causing him to sustain a bystander

exposure to asbestos.

32.

As a proximate result of the negligent failure of the Defendants as alleged above, Daniel

Melford was diagnosed as suffering from mesothelioma on or about June 2, 2005.

33.

**JONES ACT**

Petitioner brings this cause of action pursuant to the Jones Act, 46 U.S.C.,§688, and for

causes of action under the General Maritime law of the United States, and files this action in this

Court pursuant to a saving to suitors clause.

7

20.

Made defendant, SHELL OIL COMPANY (hereinafter "Vessel Owner Defendant"), is

a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

21.

Many of the aforesaid Defendants listed are nonresident corporations in Louisiana. However,

at all times material, were doing business in Louisiana, made contracts with residents of this state,

committed torts in this state against residents of this state, from which acts this suit arises, and such

acts subject these defendants to service of process pursuant to the Louisiana long-arm statute.

22.

## JURISDICTION AND VENUE

This Court has jurisdiction and venue because defendant, Noble Drilling Company is a

corporation whose principal business is established in East Baton Rouge Parish, State of Louisiana.

Moreover, the instant cause involves disputes between some defendants who are domiciled in

Louisiana and Petitioner who resides in Louisiana.

Petitioner's action against Defendants is properly maintainable in the parish of suit for the

following reasons:

a)    Many of the Shipping and Vessel Owner Defendants are foreign
corporations;

b)    Presently, many of these same Shipping Defendants have agents or
representatives conducting their business in a regular and permanent
form in East Baton Rouge Parish; and

c)    Decedent's exposure to and injury from asbestos occurred, in
substantial part, while he was present in this parish.

23.

## FACTS

From approximately 1957 to 1967, inclusive, Petitioner, DANIEL W. MELFORD, SR., was

employed by Noble Drilling Company (Noble) during which time he worked as a roughneck,

derrickman and driller on various rigs including but not limited to Noble Rig Nos. 3,4,7, S-26 and

jackup rigs that were owned and operated by Noble. Petitioner also worked on other rigs, including

but not limited to a Chevron LST.

5

34.

Petitioner realleges and reasserts all previous allegations, and further states that:

Petitioner, Daniel Melford, was a Pusher, Driller, roughneck and derrickman from 1957 to 1968 and 1970 to 1981, inclusive, who was employed by each of the defendants and worked upon vessels owned and operated by the Defendants: NOBLE DRILLING COMPANY, ODECO, INC., CHEVRON U.S.A., INC. and SHELL OIL COMPANY, (hereinafter referred to as "Shipping Defendants").

35

The Shipping Defendants, acting by and through their officers, agents, servants and employees, who were acting in the course and scope of their employment, are guilty of negligence in one or more of the following particulars either singularly or in combination:

a)   In failing to provide a safe place to work,

b)   In knowingly subjecting Petitioner to hazardous materials and/or conditions;

c)   In failing to protect adequately Petitioner from hazardous asbestos-containing dusts; and

d)   In failing to properly inform Petitioner of safe work methods by which asbestos materials could be handled.

36.

Defendant shipping companies, many of whom were members of the National Safety Council, disregarded warnings of the hazards of asbestos disseminated by the National Safety Council to its membership and failed to keep abreast of the medical and scientific literature concerning the health hazards associated with inhalation of asbestos containing dust, debris and fibers.

37.

Additionally, in 1942, the Maritime Commission of the United States in official proceedings established work practices for those using asbestos-containing materials, all of which were ignored by shipowner defendants.

38.

Petitioner further alleges that petitioner's injuries were not caused by any fault or negligence

on his part, but rather was due to the failure, neglect and omission of the Shipping Defendants, their

officers, agents, servants and employees to keep and maintain vessels in a seaworthy condition and

reasonable state of repair.

39.

The unseaworthy conditions caused the Petitioner to be exposed to asbestos fibers which are

the proximate cause of his injuries, all to the damages as set forth below.

Specifically, the shipowner defendants' vessels were rendered unseaworthy:

a)   As the insulating material utilized on the vessels is an unreasonably
     dangerous material exposure to which caused the Petitioner's illness;

b)   As a result of inadequate warnings given to Petitioner to protect
     himself against hazardous asbestos dust;

c)   As a result of inadequate and/or insufficient safety devices
     (specifically respirators) for use when Petitioner was working with or
     around others engaged in tearing out or re-insulating equipment with
     asbestos-containing material, mixing and using drilling muds; and

d)   As a result of unsafe work practices when using asbestos-containing
     insulation.

40.

Each and all of the foregoing acts of negligence and strict liability proximately caused or

contributed to the personal injuries and damages sustained by the Petitioner as set forth below.

41.

**LIABILITY OF AVONDALE OR EXECUTIVE OFFICER**

Petitioners reallege and re-assert all previous allegations and further state:

That a substantial contributing cause of Petitioner Daniel W. Melford, Sr.'s mesothelioma

was his exposure to asbestos and asbestos-containing products while employed by Avondale before

1976.

42.

Avondale's Executive Officer was aware or should have been aware of the dangerous

condition presented by exposure to asbestos and that Petitioner Daniel W. Melford, Sr. would suffer

from an injury as a result of this exposure, but he failed to provide to Mr. Melford knowledge of

the dangers to his health from exposure to asbestos fiber.

9

43.

Avondale's Executive Officer had the responsibility of providing Mr. Melford with a safe

place to work, and safety equipment with which to conduct his work. However, he negligently failed

to carry out these duties, and failed to protect Mr. Melford from the dangers of asbestos dust

exposure.

44.

In addition to the foregoing acts of negligence, Avondale's Executive Officer made the

following acts and/or omissions:

a)     Failing to reveal and knowingly concealing critical medical information to Daniel W.
       Melford, Sr.;
b)     Failing to reveal and knowingly concealing the inherent dangers in the use of
       asbestos, and other harmful substances in their manufacturing process;
c)     Failing to provide necessary protection to Mr. Melford;
d)     Failing to provide clean, respirable air and proper ventilation;
e)     Failing to provide necessary showers and special clothing;
f)     Failing to warn employees and their family members of the risks associated with
       direct and bystander exposure to asbestos;

45.

For all times pertinent, Avondale had the *garde* of the asbestos and asbestos containing

products to which Petitioner DANIEL W. MELFORD, SR., was exposed to and is thereby strictly

liable pursuant to Louisiana Code Article 2317.

46.

For all times pertinent, Avondale knew or should have known that exposing Petitioner

DANIEL W. MELFORD, SR. to asbestos would cause injury and despite that knowledge did not

provide proper protection and or warnings to Petitioners for which Avondale is liable pursuant to

Louisiana Civil Code 2315.

47.

Avondale fabricated asbestos-containing insulation products to which Petitioner DANIEL

W. MELFORD, SR., was exposed and Avondale is strictly liable as a manufacturer of products

which were unreasonably dangerous due to design and lack of warning concerning the hazardous

nature of the asbestos products.

48.

## LIABILITY OF SUPPLIER DEFENDANTS

Petitioners allege and assert all previous allegations, and further state that:

10

49.

Supplier Defendants, each and individually, sold, distributed, and supplied asbestos and asbestos-containing product(s) which Petitioner came in contact with and utilized, and asbestos which Petitioner inhaled, causing his injury.

50.

That Supplier Defendants are liable to Petitioner as professional vendors of asbestos-containing products, and as such, because of the defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products they sold, and negligently failed to warn the users of potential health hazards from the use of said products.

51.

That, for all times pertinent, Petitioner was employed as a welder and as such, handled, or otherwise was exposed to, asbestos and asbestos products that defendants supplied to Avondale.

52.

That Supplier Defendants, each and individually, are liable to Petitioner because they knew or should have known that the asbestos products which they sold and supplied were unreasonably dangerous in normal use, and their failure to communicate said information rendered them negligent to Petitioner, and such negligence was the cause of Petitioner's injuries, including, but not limited to asbestosis, asbestos-induced pleural disease and mesothelioma.

53.

Specifically, Defendant, McCarty Corporation, re-labeled the asbestos and asbestos-containing products that it supplied, affixing to it their own brand name, and shipped the same to Avondale during the time period that Petitioner Daniel W. Melford, Sr., was employed at Avondale as a mechanic.

54.

**LIABILITY OF BOILER DEFENDANT**

Petitioners allege and assert the following allegations:

11

55.

Boiler Defendant, produced, manufactured and sold products including "marine boilers" and land-based boilers which contained, as a component, asbestos-containing insulation.

56.

That the Boiler Defendant is liable for Petitioner's injuries in the following particulars:

1.   Unreasonably Dangerous Per Se

That the Boiler Defendant produced a product that was used by Petitioner, namely, a boiler, that has as its component part asbestos-containing insulation which is unreasonably dangerous per se;

2.   Failure to Warn

That the Boiler Defendant produced a product which component part is asbestos insulation, and failed to place adequate warnings on the product to advise foreseeable users against the dangers of exposure to a component part, namely asbestos insulation, and further failed to design in such a manner as to minimize said exposures to asbestos;

3.   Strict Products Liability, Unreasonably Dangerous Due to Defective Design

That the Boiler Defendant produced a product, which component part is asbestos insulation, and designed its boiler in such a manner that it failed to incorporate warnings, and further failed to design in such a manner as to minimize said exposures to asbestos.

57.

The strict liability of the Boiler Defendant directly caused the injuries complained herein.

58.

## LIABILITY OF ASBESTOS MANUFACTURING DEFENDANTS

Petitioners allege and assert the following allegations:

59.

Asbestos Manufacturer Defendants during all the times mentioned herein and for a long time prior thereto, have been, and some are now, engaged in the business of manufacturing, installing, selling, marketing, distributing, and otherwise placing into the stream of commerce insulation materials containing asbestos.

12

60.

Said products were expected to and did, in fact, reach the ultimate users and consumers in substantially the same condition in which they were sold.

61.

These asbestos products of the Asbestos Manufacturer Defendants were defective and unreasonably dangerous in their design and marketing, which was a producing cause of the injuries and damages claimed herein.

62.

## BREACH OF IMPLIED AND EXPRESSED WARRANTIES

Petitioners allege and assert the following allegations:

Petitioner alleges that the Asbestos Manufacturer Defendants, and each of them, negligently breached their warranties to him in the following respects:

a) That the Asbestos Manufacturer Defendants knew or in the exercise of reasonable care ought to have known that their insulation was defective, and that such insulation was not suitable for the purposes for which it was intended;

b) That the Asbestos Manufacturer Defendants knew and should have tested their products, especially those containing asbestos, to ascertain the safe or dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that such products would cause asbestosis, lung cancer, and mesothelioma;

c) That the Asbestos Manufacturer Defendants should have devised a method of application for their products, especially those containing asbestos, that would have kept those using such products from contracting asbestosis and mesothelioma if the Asbestos Manufacturer Defendants would not remove such products from sales to the public; and

d) That the products of the Asbestos Manufacturer Defendants, especially those containing asbestos, were warranted, either expressly or impliedly, to be merchantable, when in truth they were not, and therefore, the Asbestos Manufacturer Defendants breached to the Petitioner, as well as to others, the warranty of merchantability.

63.

The Asbestos Manufacturer Defendants' breach of implied and expressed warranties resulted directly in and caused or contributed to Petitioner's injury and the damages to Petitioner as set forth below.

13

64.

Petitioner alleges that the Asbestos Manufacturer Defendants, and each of them, are

strictly liable and/or are negligent in their failure to warn in the following respects:

1.      **Negligent Failure to Warn**

That the Asbestos Manufacturer Defendants knew or in the exercise of ordinary or reasonable care ought to have known that the insulation they manufactured and distributed was deleterious, poisonous, and highly harmful to Petitioner's body, lungs, respiratory system, skin and health, notwithstanding which, Asbestos Manufacturer Defendants negligently failed to take any reasonable precautions or exercise reasonable care to warn the Petitioner of the danger and harm to which he was exposed while handling the Asbestos Manufacturer Defendants' said insulation; and

That the Asbestos Manufacturer Defendants knew or in the exercise of ordinary care ought to have known that their said insulation was deleterious, poisonous, and highly harmful to the Petitioner's body, lungs, respiratory system, skin and health, notwithstanding which, Asbestos Manufacturer Defendants failed and omitted to provide the Petitioner with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect them from being poisoned and disabled as they were by exposure to such deleterious and harmful compound substances and other material contained in said Asbestos Manufacturer Defendants' insulation.

2.      **Strict Products Liability, Unreasonably Dangerous Due to Defective Design**

That the Asbestos Manufacturer Defendants packaged asbestos-containing insulation in such a manner that in the ordinary handling of the packaging, Petitioner came in contact with such deleterious, poisonous and highly harmful compound substances and other material contained in said Asbestos Manufacturer Defendants' insulation;

That the Asbestos Manufacturer Defendants failed to design their packaging and product in such a manner so as to advise and warn foreseeable users, including the Petitioner, by placing warnings on their containers of said insulation and/or on the actual insulation, to advise the handlers, other users and bystanders of the dangers of exposure with said insulation; and

3.      **Unreasonably Dangerous Per Se**

That Asbestos Manufacturer Defendants' products are unreasonably dangerous per se.

65.

Asbestos Manufacturer Defendants' negligent failure to warn caused their products to be

unreasonably dangerous.

14

66.

Exposure to Asbestos Manufacturer Defendants' unreasonably dangerous products substantially caused the injuries complained of herein.

67.

Petitioner was employed as a welder and was exposed to asbestos directly and as a bystander, and/or because it was necessary for him to work in, near and with Asbestos Manufacturer Defendants' products in the normal course and scope of his occupation.

68.

Petitioner's exposure to Asbestos Manufacturer Defendants' products and to the respirable asbestos dust that these asbestos-containing products produced was a reasonably anticipated and foreseeable event.

69.

As a result of the above referenced conduct of the Asbestos Manufacturer Defendants, and each of them as aforesaid, including but not limited to their installation, marketing, sales and/or distribution of unreasonably dangerous products per se, their failure to adequately label and warn, their failure to properly research, test and/or design, said exposure to said asbestos has caused injuries to Mr. Melford, including, but not limited to, pleural mesothelioma.

70.

## LIABILITY OF PREMISE OWNER DEFENDANTS

Defendants, NOBLE DRILLING COMPANY, NORTHROP GRUMMAN SYSTEMS CORPORATION, (hereinafter referred to as ("Premise Owner Defendants"), owned and/or operated refineries, power plants and/or facilities where petitioner, Daniel W. Melford, Sr., performed specialized duties such as drilling and multicraft, unrelated to the business of the Premise Owner Defendants for companies under contract with the Premise Owner Defendants between the years 1957 and 1981, inclusive.

71.

During this time period while performing his job duties during the normal course and scope of his employment at the (hereinafter referred to as ("Premise Owner Defendants") facilities, petitioner was exposed to hazardous levels of asbestos dust and/or fiber which caused him to develop

15

asbestos-related disease including, but not limited to, mesothelioma.

72.

The Premise Owner Defendants were aware or should have been aware of the dangerous condition presented by exposure to asbestos and other toxic substances, and that Daniel W. Melford, Sr., would suffer from asbestos-induced disease, mesothelioma and other ill health effects as a result of this exposure, but they failed and/or willfully withheld from Mr. Melford's knowledge of the dangers to his health from exposure to asbestos fiber and other toxic substances.

73.

The Premise Owner Defendants had the responsibility of providing Mr. Melford with a safe place to work. However, they negligently and/or intentionally failed to carry out this duty and failed to protect Mr. Melford from the dangers of asbestos dust exposure.

74.

In addition to the foregoing acts of negligence, the Premise Owner Defendants were and are guilty of the following:

a)   Failing to provide necessary protection to Daniel W. Melford, Sr.;

b)   Failing to provide clean, respirable air and proper ventilation;

c)   Failing to provide necessary showers and special clothing;

d)   Failing to warn contractors, including Daniel W. Melford, Sr. of the risks associated with direct and bystander exposure to asbestos;

75.

These defendants committed these negligent acts knowing full well that Daniel W. Melford, Sr.'s injuries would follow or were substantially certain to follow.

76.

For all times pertinent to this petition, Daniel W. Melford, Sr. was exposed to and inhaled asbestos fibers that were in the custody and control of the Premise Owner Defendants.

77.

For all times pertinent each exposure of asbestos in the custody and control of the Premises Owner Defendants, petitioner, Daniel W. Melford, Sr.'s suffered injury the combined result of which was the development of asbestos related diseases including, mesothelioma.

16

78.

As to the Premises Owner Defendants, Petitioner brings specifically an action pursuant to Louisiana Civil Code Article 2317 for the injury of Daniel W. Melford, Sr. as a result of his exposure to and inhalation of asbestos in the custody and control of defendants, NOBLE DRILLING COMPANY and NORTHROP GRUMMAN SYSTEMS CORPORATION and MURPHY EXPLORATION AND PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL AND GAS COMPANY.

79.

Petitioners' injuries are cumulative, indivisible injury for which each Defendant is jointly, severally and in solido liable.

80.

## DAMAGES

As a proximate result of the fault of the Defendants, and each of them, and their acts of negligence and strict liability as hereinabove alleged, and because of the harm and injury to Petitioner's health and the resulting disability there from, the Petitioner, Daniel W. Melford, Sr., has suffered a loss of income; that he was unable to continue his employment, an employment that he has been engaged in for many years, and his earning capacity is greatly and forever permanently diminished

and impaired as the result of his development of malignant pleural mesothelioma.

81.

As a proximate result of Defendants' fault, Petitioner, Daniel W. Melford, Sr., incurred and continues to incur medical expenses due to the need to hire, consult and retain physicians to attempt to treat his asbestos-related condition, the amount of which cannot be set forth at this time and he will require further medical treatment in the future thereby incurring expenses which cannot be set forth at this time.

82.

By reason of the facts hereinabove alleged, Petitioner, Daniel W. Melford, Sr., suffered and sustained at the hands of the Defendants, the following other damages:

Physical pain and suffering; (past and future);

17

Mental pain and suffering; (past and future);

Loss of income (past and future).

83.

Petitioners request a trial by jury on all issues.

WHEREFORE, Petitioner prays for judgment against defendants, PETER TERRITO;

REILLY-BENTON, INC.;   EAGLE, INC.; MCCARTY CORPORATION; TAYLOR-

SEIDENBACH, INC.;UNIROYAL, INC.; OWENS- ILLINOIS, INC.; GARLOCK INC.;

RAPID AMERICAN CORPORATION; FOSTER WHEELER CORPORATION; MURPHY

EXPLORATION AND PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL

AND SUCCESSOR TO UNION CARBIDE CHEMICALS AND PLASTICS COMPANY,

INC., AS SUCCESSOR TO UNION CARBIDE CORPORATION, AS SUCCESSOR TO

UNION CARBIDE AND CARBON CORPORATION; CONOCOPHILLIPS COMPANY, AS

SUCCESSOR TO PHILLIPS PETROLEUM COMPANY AND/OR PHILLIPS CHEMICAL

HOLDING COMPANY, AS SUCCESSOR TO DRILLING SPECIALTIES COMPANY;

MONTELLO, INC.; GULF OIL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR

TO CHEVRON U. S. A. INC., NORTHROP GRUMMAN SYSTEMS CORPORATION,

INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND

AVONDALE INDUSTRIES, INC.; TRAVELERS INSURANCE COMPANY; ONEBEACON

RISK MANAGEMENT, INC., AS SUCCESSOR TO COMMERCIAL UNION RISK

MANAGEMENT, INC., AS SUCCESSOR TO COMMERCIAL UNION INSURANCE

COMPANY AND SHELL OIL COMPANY, inclusive, jointly, severally and in solido, and for

interest from the date of judicial demand and all costs and attorneys' fees and for such other and

further relief as this Court may deem just and proper.

Respectfully Submitted,

MARTZELL & BICKFORD

SCOTT R. BICKFORD, T. A. (#1165)
JEFFREY M. BURG (#25993)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)

COUNSEL FOR PLAINTIFFS

CERTIFIED TRUE COPY

CERTIFIED
TRUE COPY
18
NOV 14 2005

BY
DEPUTY CLERK

Exhibit E

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 DEC 15   P 3: 09

SIGN_____
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL W. MELFORD, SR. | * | |
| | * | |
| VERSUS | * | |
| | * | |
| PETER TERRITO; REILLY- | * | CIVIL ACTION NO. _____ |
| BENTON, INC.; EAGLE, INC.; | * | |
| MCCARTY CORPORATION; | * | 05-1405-JVP-DLD |
| TAYLOR-SEIDENBACH, INC.; | * | |
| UNIROYAL, INC.; OWENS- | * | |
| ILLINOIS, INC.; GARLOCK, INC.; | * | |
| RAPID AMERICAN | * | SECTION_____ |
| CORPORATION; FOSTER | * | |
| WHEELER CORPORATION; | * | |
| MURPHY EXPLORATION AND | * | |
| PRODUCTION COMPANY AS | * | MAGISTRATE JUDGE_____ |
| SUCCESSOR TO ODECO OIL AND | * | |
| GAS CO.; NOBLE DRILLING | * | |
| COMPANY; UNION CARBIDE | * | |
| CORPORATION, as successor to | * | |
| UNION CARBIDE AND CARBON | * | |
| CORPORATION; | * | |
| CONOCOPHILLIPS COMPANY as | * | |
| successor to PHILLIPS | * | |
| PETROLEUM COMPANY and/or | * | |
| PHILLIPS CHEMICAL HOLDING | * | |
| COMPANY, as successor to | * | |
| DRILLING SPECIALTIES | * | |

JS


EXHIBIT

Case MDL No. 875   Document 4991   Filed 03/22/07   Page 55 of 127

Case 3:05-cv-01405-JVP-DLD   Document 1   Filed 12/15-...   Page 2 of 53
Case 3:05-cv-01405-JVP-DLD   Document 37   Filed 02/06/2006   Page 3 of 65

COMPANY; MONTELLO, INC.;          *
GULF OIL CORPORATION,              *
INDIVIDUALLY AND AS               *
SUCCESSOR TO CHEVRON U.S.A.,      *
INC.; NORTHROP GRUMMAN            *
SYSTEMS CORPORATION,              *
INDIVIDUALLY AND AS               *
SUCCESSOR TO AVONDALE             *
SHIPYARDS, INC., AND              *
AVONDALE INDUSTRIES, INC.;        *
TRAVELERS INSURANCE               *
COMPANY; ONE BEACON RISK          *
MANAGEMENT, INC., as successor    *
to COMMERCIAL UNION RISK          *
MANAGEMENT, INC., as successor    *
to COMMERCIAL UNION               *
INSURANCE CO.; AND SHELL OIL      *
COMPANY                           *

* * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

To:   The Honorable Judges
      of the United States District Court
      for the Middle District of Louisiana

Peter Territo, pursuant to 28 U.S.C. §§ 1441, 1442 and 1446, notices the

removal of the above-entitled action bearing number 537,873 (hereinafter, the "State

Case"), on the docket of the 19th Judicial District Court for the Parish of East Baton

Case MDL No. 875   Document 4991   Filed 03/22/07   Page 56 of 127

Case 3:05-cv-01405-JVP-DLD   Document 1   Filed 12/15   Page 3 of 53
Case 3:05-cv-01405-JVP-DLD   Document 37   Filed 02/06/2006   Page 4 of 65

Rouge, State of Louisiana, to the United States District Court for the Middle District of

Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1331 in that the

action arises "under the Constitution, laws or treaties of the United States" within the

meaning of that statute, and under an officer of the United States pursuant to 28 U.S.C.

§1442. The grounds for removal are as follows:

1.

Territo was named a defendant in the State Case pursuant to the Original

Petition for Damages ("Petition"). A copy of the Petition for Damages is attached

hereto as Exhibit "A."

2.

Plaintiff, Daniel W. Melford, Sr., according to the Petition, was employed by

Avondale Industries, Inc. (n/k/a Northrop Grumman Ship Systems, Inc.,) (hereinafter

"Avondale") from 1968 through 1970, under the supervision of Territo. According to

the Petition, Territo was delegated by Northrop Grumman the specific responsibility to

provide plaintiff with a working environment free of harmful amounts of asbestos.

3.

Plaintiff, Daniel W. Melford, Sr. alleges that during his employment with

Avondale, he was exposed to unsafe levels of asbestos or asbestos-containing materials

due to the negligence of Territo and Avondale.

3

Case MDL No. 875   Document 4991   Filed 03/22/07   Page 57 of 127
Case 3:05-cv-0140___-___-DLD   Document 1   Filed 12/15___   Page 4 of 53
Case 3:05-cv-01405-JVP-DLD   Document 37   Filed 02/06/2006   Page 5 of 65

4.

This action involves a person -- namely Territo -- acting under the authority of an officer of the United States within the meaning of 28 U.S.C. §1442(a)(1). Assuming *arguendo* that Territo failed to provide Daniel W. Melford, Sr. with a safe working environment in connection with plaintiff's alleged asbestos exposure, that work environment contained asbestos-containing materials, pursuant to the directives and control of officers of the United States.

5.

Territo is raising a colorable federal defense to this action under the Longshore and Harbor Workers' Compensation Act and under the jurisprudential doctrine known as the "Federal Contractor Defense." Furthermore, a causal nexus exists between the claims made by the plaintiff against Territo (on the one hand) and the extent to which plaintiff's damages based on those claims were brought about by officers of the United States government in compliance with federal law (on the other).

6.

This case will necessarily require judicial second-guessing of the military and/or governmental decision-making process surrounding the equipping of United States vessels which, under the Constitutional doctrine of separation of powers, is an area uniquely committed to the executive branch.

7.

The Federal Vessels were constructed at Avondale pursuant to mandatory terms, conditions and specifications established by the United States government, including the United States Navy, the United States Coast Guard, and/or the U.S. Maritime Commission, and under the direct supervision and monitoring of representatives of the United States government, which representatives commanded an immediate and constant presence at the Avondale shipbuilding facility during all phases of planning, construction and testing.

8.

The materials used in the construction of the Federal Vessels -- specifically including asbestos-containing materials -- were in fact the kind, type and brand of materials specifically mandated by the shipbuilding contracts entered into between Avondale and the United States government for the construction of the Federal Vessels.

9.

The manner and technique of all facets of the ship-building process -- specifically including the application, use and handling of asbestos-containing materials -- were specifically monitored and enforced by inspectors and other representatives of the United States government on a day-to-day and job-specific basis.

10.

The United States government established mandatory safety rules, regulations, requirements and precautions, specifically including regulations for the use and exposure to asbestos. Avondale and its employees charged with responsibility for asbestos-related safety, which allegedly included Territo, were required to abide by the United States government requirements during all facets of Federal Vessel construction. United States government safety inspectors specifically monitored and enforced compliance with these safety regulations on a day-to-day and job-specific basis.

11.

The United States government required Avondale to provide certain representatives of the United States government, including inspectors, with office space and other attendant facilities within the Avondale shipbuilding facility itself.

12.

Extensive Dock Trials, Builder's Trials and Sea Trials on the Federal Vessels were performed by representatives of the United States government prior to the commission of each Federal Vessel to ensure complete conformity with the design specifications mandated by the United States government.

13.

Accordingly, Territo qualifies as a person "acting under any officer of the

United States or any agency thereof" pursuant to 29 U.S.C. §1442(a)(1) and the State

Case is therefore removable to this Court because (a) Territo can raise, as federal

defenses, immunity under the "Federal Contractors Defense" and under the LHWCA,

and (b) because Territo can demonstrate a causal nexus between the injuries claimed by

plaintiff and the acts he performed under the strict supervision of and compliance with

the United States government. *Boyle v. United States Technologies, Inc.*, 487 U.S.

500, 108 S.Ct. 2510, 101 L.Ed. 2d 442 (1988); *Niemann v. McDonnell Douglas Corp.*,

721 F. Supp. 1019 (S.D. Ill. 1989); *Pack v. A.C. and S., Inc.*, 838 F. Supp. 1099 (D.

Md. 1993); *and Lalonde,* et al. *v. Delta Field Erection,* et al., C.A. No. 96-3244-B-M3

(M.D. La. August 5, 1998), a copy which is attached as Exhibit "B."

14.

Removal under 28 U.S.C. §1442 does not require the consent of any served

defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. And Indem. Co.*, 644 F.2d 1310

(9th Cir. 1981); *Bottos v. Avakian*, 477 F. Supp. 610 (D.C. Ind. 1979), aff'd, 723 F. 2d

913 (7th Cir. 1983).

15.

Concurrent with the filing of this Notice of Removal, written notices have been

given to all adverse parties, and a copy of this Notice of Removal is being filed with

the Clerk of Court, Civil District Court for the Parish of East Baton Rouge, State of

Louisiana.

WHEREFORE, Peter Territo hereby gives notice that the proceeding bearing number 537,873 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law.

WHEREFORE, Peter Territo further prays that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and thereupon proceed with this civil action as if it had originally commenced in this Court.

Respectfully Submitted,

Gary A. Lee, La. Bar No. 08265
Richard M. Perles, La. Bar No. 01534
Lee, Futrell & Perles, L.L.P.
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170
Telephone:  504-569-1725
Facsimile:  504-569-1726
**Attorneys for Peter Territo**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by placing copy of the same in the United States mail, postage pre-paid and properly addressed, this 15 day of December, 2005.

8

Exhibit F

A CERTIFIED TRUE COPY

JUN 1 4 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 4 2006

FILED
CLERK'S OFFICE

### DOCKET NO. 875

### JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Charles Richard Archer, et al. v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2466
*Rebekah Riggs, etc. v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2472
*Alford McGuffie v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2473
*Kim Thorp v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-551
*Dennis Montague v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-666
*Brian Ritchie v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-677
*John Rogers v. Illinois Central Railroad Co.*, S.D. Illinois, C.A. No. 3:05-685
*Karl E. Drake v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-686
*Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al.*, E.D. Louisiana, C.A. No. 2:05-5221
*Mario Bellu, et al. v. Diamond Offshore (USA), Inc., et al.*, E.D. Louisiana, C.A. No. 2:06-608
*Daniel W. Melford, Sr. v. Peter Territo, et al.*, M.D. Louisiana, C.A. No. 3:05-1405
*Michael Catania, et al. v. Anco Insulations, Inc., et al.*, M.D. Louisiana, C.A. No. 3:05-1418
*Ronald Jacob Laughter, etc. v. Georgia-Pacific Corp.*, N.D. Mississippi, C.A. No. 2:06-7
*James Turner v. Ameron International Corp., et al.*, S.D. Mississippi, C.A. No. 1:05-663
*Thomas A. Chisolm v. Ingersoll-Rand Co., et al.*, S.D. Mississippi, C.A. No. 1:05-665
*Leon V. Hartfield v. Allied Signal, Inc., et al.*, S.D. Mississippi, C.A. No. 1:05-670
*Deborah McDonald, etc. v. Minnesota Mining & Manufacturing Co., et al.*, S.D. Mississippi, C.A. No. 1:06-62
*Ronald G. Toppins v. 3M Co.*, E.D. Missouri C.A. No. 4:05-1356
*Cecil Reuben Jackson, et al. v. Kimberly-Clark Corp.*, E.D. Texas, C.A. No. 1:05-769
*Thomas Vodry Allen, et al. v. Kimberly-Clark Corp., et al.*, E.D. Texas, C.A. No. 1:05-876
*Newbern Brown Adkins, et al. v. Kimberly-Clark Corp., et al.*, E.D. Texas, C.A. No. 1:05-882
*Jacqueline D. Skinner, et al. v. Atlantic Richfield Co., et al.*, S.D. Texas, C.A. No. 4:05-4094
*Priscilla Alix, etc. v. Saberhagen Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:05-2144
*Lewis A. Seymour v. Saberhagen Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:05-2145

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

---

*Judge Keenan took no part in the disposition of this matter with respect to the Eastern District of Louisiana *Chiasson* action and the Southern District of Mississippi *Hartfield* action; and Judge Motz took no part in the disposition of this matter with respect to the Northern District of Alabama *Riggs* action, the Eastern District of Louisiana *Chiasson* action, the Middle District of Louisiana *Catania* action, the Southern District of Mississippi *Turner* and *Hartfield* actions, the Eastern District of Texas *Jackson* action, and the Western District of Washington *Alix* action.

EXHIBIT
F

- 2 -

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 24 actions pending in the Northern District of Alabama, the Southern District of Illinois, the Eastern and Middle Districts of Louisiana, the Northern and Southern Districts of Mississippi, the Eastern District of Missouri, the Eastern and Southern Districts of Texas, and the Western District of Washington. Movants ask the Panel to vacate its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under the stewardship of the transferee court, as of May 25, 2006, i) over 74,450 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred

---

[1] Some plaintiffs have argued that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these 24 actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 6-19-06

ATTEST:

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Exhibit G

*Noble Drilling*

543,480 *Sec 25*

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

CLETUS BREWER

VERSUS

NOBLE DRILLING CORPORATION; CHEVRON U.S.A. INC.; HALIBURTON SERVICES, INC., Successor in interest to Baroid Drilling Fluids, Inc.; BAKER HUGHES OILFIELD OPERATIONS, INC., Successor in interest to LOUISIANA MUD CO., INC. and MILCHEM INCORPORATED COMPANY; and JOHN DOE CORPORATION A - Z

NO. *543,480*   DIV. *Sec 25*

---

## PETITION

The petition of Cletus Brewer, a resident of Greene County, Mississippi, with respect represents:

1.

Made defendants herein are:

NOBLE DRILLING CORPORATION, a Delaware Corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809.;

CHEVRON U.S.A. INC., a Pennsylvania Corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA, 70802-6129;

HALIBURTON ENERGY SERVICES, INC., a Delaware Corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. This Defendant is a successor in interest to Baroid Drilling Fluids, Inc.;

BAKER HUGHES OILFIELD OPERATIONS, INC., a California Corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809 . This Defendant is a successor in interest to Louisiana Mud Co.,Inc. and Milchem Incorporated.;

JOHN DOE CORPORATIONS A - J are all entities or individuals affiliated with the above named Defendants who have manufactured and distributed asbestos containing products (specifically mud compounds) for use in vessels operating in the Gulf of Mexico and Louisiana coastal waters and engaged in drilling for oil and gas or which have acted in concert with the above named Defendants or and whose identities are currently unknown. All allegations and claims asserted herein against the named Defendant, are incorporated herein by reference against the Defendants John Doe Corporations A - J. When the identities of the John Doe Corporation Defendants are known, these Defendants will be identified by name and joined in this action, if necessary, pursuant to the Federal Rules of Civil Procedure.



EXHIBIT
G

JOHN DOES CORPORATIONS K-Z are all corporations, entities or individuals who leased or owned oil or gas wells and who specified that asbestos products were to be used in the drilling process, thereby exposing the Plaintiff to asbestos at a time when the Plaintiff was a crewman on a vessel operated in the Gulf of Mexico and Louisiana coastal waters. All allegations and claims asserted herein against the named Defendant, are incorporated herein by reference against the Defendants John Doe Corporations K - Z. When the identities of the John Doe Corporation Defendants are known, these Defendants will be identified by name and joined in this action, if necessary, pursuant to the Federal Rules of Civil Procedure.

each of whom are justly and truly indebted, in solido, unto the Plaintiff, Cletus Brewer for such amount of money as will reasonably compensate Plaintiff for all his damages and injuries as hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00.

3.

From about 1972 through 1977, plaintiff was an employee of Noble Drilling Corporation on a marine vessel owned, leased, chartered and/or operated by Noble Drilling Corporation. The vessel which is the subject matter of this Complaint, was engaged in drilling operations for Chevron U.S.A. Inc. at all times relevant to this Complaint. Chevron U.S.A. Inc., upon information and belief specified the make up, composition and/or ingredients of the mud compound used in the drilling operation and specified that asbestos containing products be used in the mud compound during the drilling process. During that time plaintiff was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and operation of the marine drilling vessel.

4.

In the process of mixing drilling mud, Plaintiff was required to handle asbestos compounds which were utilized in thickening the drilling mud during the drilling process, including the moving of sacks or bags of raw asbestos, dumping raw asbestos into a "chemical hopper" which was located in the mud room of the vessel. Plaintiff was also required to move and stack the bags of raw asbestos, and frequently worked in an enclosed environment where asbestos dust was present in the air.

5.

From 1972 to 1977, while working on the marine vessel in question, the Plaintiff was constantly subjected to an unreasonably dangerous condition which rendered the above named vessel

unseaworthy in that he was exposed to asbestos fibers.

6.

That part of his duties for Noble Drilling Corporation was the mixing of drilling mud which contained raw asbestos and the moving of sacks or bags of raw asbestos so that it could be mixed in the mud for the purpose of thickening the drilling mud.

7.

His work with the drilling mud was frequently in an enclosed environment where asbestos was present in the air and Plaintiff breathed the asbestos fibers.

8.

The Defendants, Noble Drilling Corporation and/or Chevron U.S.A. Inc.., specified the chemicals and ingredients used in the mud compound and required that asbestos be used during the drilling process to assist in preventing blow outs.  The Defendants, Noble Drilling Corporation and/or Chevron U.S.A. Inc., not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel at all times.  Asbestos fibers were present in the form of asbestos dust in the rig on constant basis.  The Plaintiff and others who were working on Noble Drilling SS 55 drilling rig were exposed to this dust containing asbestos particles on a daily and constant basis.

9.

The Defendants names hereinabove knew or should have known of the unreasonable risk of bodily injury to the Plaintiff or others working on the vessel at issue in this litigation but, despite that knowledge, failed to adequately warn the Plaintiff and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the vessel.

10.

The Defendants, Halliburton Services, Inc., Successor in interest to Baroid Drilling Fluids, Inc.; Baker Hughes Oilfield Operations, Inc., Successor in interest to Louisiana Mud Co., Inc. and Milchem Incorporated Company, manufactured the mud compounds, including those compounds containing asbestos fibers which were used by the Defendant, Noble Drilling Corporation in the operation of the drilling rig Noble Drilling SS 55.  The companies knew or should have known at

7.

His work with the drilling mud was frequently in an enclosed environment where asbestos was present in the air and Plaintiff breathed the asbestos fibers.

8.

The Defendants, Noble Drilling Corporation and/or Chevron U.S.A. Inc.., specified the chemicals and ingredients used in the mud compound and required that asbestos be used during the drilling process to assist in preventing blow outs.  The Defendants, Noble Drilling Corporation and/or Chevron U.S.A. Inc., not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel at all times.  Asbestos fibers were present in the form of asbestos dust in the rig on constant basis.  The Plaintiff and others who were working on Noble Drilling SS 55 drilling rig were exposed to this dust containing asbestos particles on a daily and constant basis.

9.

The Defendants names hereinabove knew or should have known of the unreasonable risk of bodily injury to the Plaintiff or others working on the vessel at issue in this litigation but, despite that knowledge, failed to adequately warn the Plaintiff and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the vessel.

10.

The Defendants, Halliburton Services, Inc., Successor in interest to Baroid Drilling Fluids, Inc.; Baker Hughes Oilfield Operations, Inc., Successor in interest to Louisiana Mud Co., Inc. and Milchem Incorporated Company, manufactured the mud compounds, including those compounds containing asbestos fibers which were used by the Defendant, Noble Drilling Corporation in the operation of the drilling rig Noble Drilling SS 55.  The companies knew or should have known at the time that they were suppling these asbestos containing material that the use of and storage of asbestos containing mud compound and in some cases raw asbestos fibers, would pose an unreasonable risk of serious bodily injury to the Plaintiff or others working on the vessel.

11.

As a direct and proximate result of the plaintiff's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessel owned and/or operated by the

Page 4

Defendants, Plaintiff has suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiff alleges that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by the Defendant, Noble Drilling Corporation.

13.

The negligence of the Defendants includes, but is not limited to:

a)   Failure to provide Plaintiff with a safe place to work;

b)   Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c)   Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Plaintiff from inhaling asbestos dust and fibers;

d)   Requiring Plaintiff to handle raw asbestos fibers without proper safety equipment or warning;

e)   By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the plaintiffs and to Plaintiff's co-workers;

f)   Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

g)   Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Plaintiff has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15.

Page 5

In addition, as a result of the nature of the injuries suffered by Plaintiff, the Plaintiff will continue to suffer physical injury, disability, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

16.

Plaintiff would show that the vessel was unseaworthy in the following non-exclusive respects:

a)   Failure to provide a safe working environment which would have prevented the Plaintiff from being exposed to asbestos fibers and asbestos dust;

b)   Failure to provide safety equipment to prevent Plaintiff from having to inhale asbestos fibers and dust.

c)   Other items of unseaworthy conditions which may be established through the discovery and shown at the time of trial of this matter.

17.

Plaintiff brings this suit under the Jones Act 46 U.S.C. 466, and General Maritime Law pursuant to the Savings Suitors Clause, 28 U.S.C. §1333.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiff. Accordingly, the Plaintiff is entitled to recover punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter.

WHEREFORE, Plaintiff prays that the defendants be duly cited to appear and answer this petition and that after due proceedings are had, that the Plaintiff be awarded judgment in his favor and against the Defendants jointly and severally, as follows:

I.    For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff;

II.   For compensatory damages for past, present and future physical pain and suffering;

III.  For compensatory damages for emotional distress suffered by Plaintiff;

IV.   For punitive damages;

V.     For legal interest on any amount so awarded from date of judicial demand until paid;

VI.    For all reasonable costs of court and expert witness fees; and

VII.   For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEYS:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY LAW FIRM.
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687-6396 FAX: 225/687-6398

Exhibit H

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

2006 JUN 26   PM 4:39

SIGN_____
by DEPUTY CLERK

# UNITED STATE DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLETUS BREWER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | NO. 06-458-JJB-SCR |
| | * | |
| **NOBLE DRILLING CORPORATION;** | * | **SECTION ____** |
| **CHEVRON U.S.A., INC.; HALIBURTON** | * | |
| **SERVICES, INC., Successor in interest to** | * | |
| **Baroid Drilling Fluids, Inc.; BAKER HUGHES** | * | |
| **OILFIELD OPERATIONS, INC., Successor in** | * | |
| **interest to Louisiana Mud Co., Inc. and Milchem** | * | |
| **Incorporated Company; and JOHN DOE** | * | |
| **CORPORATION A - Z** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § § 1441 and 1332, and further

based on the grounds set forth in this Notice of Removal, Chevron U.S.A., Inc. (hereinafter

"Chevron") hereby removes that action entitled "Cletus Brewer v. Noble Drilling Corporation, et

al.," No. 21593 on the docket of the 19[th] Judicial District Court for the Parish of East Baton

Rouge, State of Louisiana, to the United States District Court for the Middle District of

Louisiana. In support of its Notice of Removal, Chevron avers as follows:

1.

On May 26, 2006, Chevron was served, through its registered agent, a copy of the

Petition filed by Plaintiff, Cletus Brewer, in the 19th Judicial District Court for the Parish of East

Baton Rouge, State of Louisiana, No. 543480, Section 25. In compliance with 28 U.S.C. § 1446



EXHIBIT
H

(a), a copy of Plaintiff's Petition, along with all other papers received by Chevron or otherwise filed in State Court are attached hereto as Exhibit "A".

2.

Pursuant to 28 U.S.C. § § 1332, 1441 (a) and 1446 (a), and without prejudice to any defenses against Plaintiff's action, jurisdictional or otherwise, all named Defendants join in this Notice of Removal, as per the Notices of Consent to Removal submitted by Defendants, Noble Drilling Corporation, Halliburton Energy Services, Inc. and Baker Hughes Oilfield Operations, Inc.

3.

The Petition states that this action is being brought pursuant to 46 U.S.C. § 466 (hereinafter referred to as the "Jones Act") and the General Maritime Laws of the United States of America.

4.

The Petition alleges, *inter alia,* that Plaintiff was exposed to products containing asbestos from approximately 1972 through 1977.

5.

The Petition alleges that, during the dates in question, Plaintiff's employer for purposes of the Jones Act was Noble Drilling Corporation.

6.

On information and belief, and contrary to the allegations of Plaintiff's Petition, Noble Drilling Corporation was not Plaintiff's employer on the dates in question. Accordingly, this lawsuit does not qualify as a "non-removable action" under the provisions of 28 U.S.C. § 1445 (a).

1051990-1

7.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction). As indicated below, the captioned matter is a suit between citizens of different states and the amount in controversy for Plaintiff's claim exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs. The suit is, therefore, removable pursuant to 28 U.S.C. § 1441, *et.seq.*

8.

Plaintiff is an individual claiming to be an adult resident of Green County, Mississippi. *See* Petition at Paragraph 1.

9.

Chevron U.S.A., Inc. is now, and was at the commencement of this litigation, a Pennsylvania corporation with its principal place of business outside the States of Louisiana and Mississippi. The principal place of business of Chevron U.S.A., Inc. is located in the State of California.

10.

Halliburton Energy Services, Inc. is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the States of Louisiana and Mississippi.

11.

Baker Hughes Oilfield Operations, Inc. is now, and was at the commencement of this litigation, a California corporation with its principal place of business outside the States of Louisiana and Mississippi.

12.

Noble Drilling Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the States of Louisiana and Mississippi.

13.

Plaintiff has alleged that several unidentified co-defendants, namely John Doe Corporations A-Z, are liable for his damages. However, such co-defendants have not been named or served and their citizenship may, therefore, be disregarded for purposes of diversity jurisdiction.

14.

Consequently, this suit is between citizens of different states for purposes of 28 U.S.C. § 1332 (a) (1) and complete diversity of citizenship exists.

15.

In his Petition, plaintiff does not plead a specific amount of damages to which he claims he is entitled. However, he alleges that he suffered "severe and permanent injuries to his lungs" as a result of being exposed to products containing asbestos. See paragraph 14 of plaintiff's Petition.

16.

Plaintiff further clarifies that he asserts a damage claim for the following particulars:

A.    Compensatory damages for all medical expenses incurred and to be incurred in the future;

B.    Compensatory damages for past, present and future physical pain and suffering;

C.    Compensatory damages for emotional distress;

1051990-1

D.      Punitive damages;

E.      Legal interest on any amount so awarded from date of judicial demand until paid; and

F.      Costs of court and expert witness fees.

See paragraphs 14 and Prayer of plaintiff's Petition.

16.

Chevron denies liability to Plaintiff in any amount whatsoever; however, Chevron asserts that, due to the nature and extent of injuries claimed and the damages sought, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17.

Removal is timely pursuant to 28 U.S.C. § 1446 (b) because it is filed within thirty (30) days of May 26, 2006, the date that all named defendants were served.

18.

Venue is proper because the Parish of East Baton Rouge is within the territorial jurisdiction of this Honorable court.

19.

Defendants Noble Drilling Corporation, Halliburton Energy Services, Inc., and Baker Hughes Oilfield Operations have consented to this Removal as verified by the attached Consents. See Exhibit "B," *in globo.*

20.

A copy of this Notice of Removal has been served on counsel for Plaintiff.

21.

Chevron is providing the 19th Judicial District Court for the Parish of East Baton Rouge,

State of Louisiana, written notice of this removal and has requested that the Clerk of that Court

forward a certified copy of the State Court record in this matter to this Court.

**WHEREFORE,** Chevron U.S.A. Inc. hereby removes this action to this Honorable

Court.

Submitted by:

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Carol L. Galloway (#16930)
Alicia E. Wheeler (#28803)
Allison N. Benoit (#29087)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
   McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, LA  70821
Telephone:  (225) 387-0999

*Attorneys for Chevron U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been forwarded, via facsimile, and/or by U. S. Mail, postage prepaid, to plaintiff's counsel and via electronic mail to all known counsel of record.

Baton Rouge, Louisiana this 26ᵗʰ day of June, 2006.

Gayla M. Moncla

1051990-1

- 7 -

Exhibit I

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CLETUS BREWER**                                    **CIVIL ACTION NO. 06-458**

**VERSUS**                                                      **JUDGE: BRADY**

**NOBLE DRILLING**                  **MAGISTRATE JUDGE: RIEDLINGER**

### NOTICE OF TAG ALONG ACTION

PLEASE TAKE NOTICE THAT, on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in the federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5 provides:

> Any party of counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of that Panel may either: (1) enter a conditional transfer order pursuant to MDL



EXHIBIT
I

Rule 7.4(a) or (2) file an order to show cause why the action should not be transferred,

pursuant to MDL Rules 7.5(c) and 7.3.

Respectfully Submitted,

**ABBOTT, SIMSES & KUCHLER, PLC**

_____

Lawrence E. Abbott, T.A. (La. Bar No. 2276)
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Sarah E. Iiams, T.A. (La. Bar No. 22418)
McGready L. Richeson, T.A. (La. Bar No. 29398)
Ernest G. Foundas (La. Bar No. 24419)
Michael H. Abraham (La. Bar No. 22915)
Jennifer D. Zajac (La. Bar No. 28564)
Robert E. Guidry (La. Bar No. 28064)
Charlotte P. Livingston (La. Bar No. 26894)
Kendra L. Duay (La. Bar No. 25652)
400 Lafayette Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933

And

Kevin Jordan, T.A. (La. Bar No. 30572)
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77001
Telephone (713) 229-1234
Facsimile (713) 229-1522

**Attorneys for Defendant,**
**Union Carbide Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Notice of Tag-Along Action, Notice of Removal, including Original Petition, Amended Notice of Removal, Motion to Amend Complaint, Order on Motion to Amend Complaint and Second Amended Complaint have been sent via overnight mail to:

The Honorable Michael J. Beck
Clerk, Multidistrict Judicial Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

I further certify that a copy of the Notice of Tag-Along Action, including attachments, was sent via U.S. Mail, First Class Postage Prepaid and properly addressed to:

Patrick W. Pendley, Esquire
Pendley, Baudin & Coffin, LLP
P.O. Drawer 71
Plaquemine, LA 70764-0071

Daniel D. Pipitone, Esquire
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77062

Jena W. Smith, Esquire
Baldwin Haspel
1100 Poydras Street, Suite 2200
New Orleans, LA 70163

Gary Bezet, Esquire
Kean, Miller, Hawthorne, D'Armond, McGowan & Jarman
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard Sulzer, Esquire
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Kathleen F. Drew, Esquire
Adams & Reese
701 Poydras Street, Suite 4500
New Orleans, LA 70139

I hereby certify to the above on this __15th__ day of November, 2006.


McGready L. Richeson, Esquire

Exhibit J

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY
EXECUTRIX OF THE ESTATE OF DON BELL

VERSUS

ROWAN COMPANIES, INC., Successor to Rowan Drilling Co.; TEXACO REFINING
& MARKETING INC., Successor in interest to Tidewater Oil Company and Getty Oil
Company; SCHLUMBERGER, Successor in interest to Magcobar; M-I L.L.C.,
Successor in interest to Magcobar; UNION CARBIDE CORPORATION, Successor in
interest to Union Carbide and Carbon Corporation; CONOCO PHILLIPS COMPANY,
Successor in interest to Phillips Petroleum Company; TIDEWATER, INC., Successor in
interest to Tidewater Marine Service, Inc; NOBLE DRILLING CORPORATION

NO. _____   DIV. _____

---

## PETITION

The petition of Teressa Bell, individually and as testamentary Executrix of the Estate of Don
Bell, with respect represents:

1.

Made defendants herein are:

ROWAN COMPANIES, INC., a foreign corporation, authorized to do and doing
business in the State of Louisiana, having designated as its agent for service of process
C. T. Corporation, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The Defendant
is a successor in interest to Rowan Drilling Co.;

TEXACO REFINING & MARKETING, INC., a Delaware corporation, which has
designated The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton
Rouge, LA. 70802-6129 as its registered agent for service of process. The Defendant
is a successor in interest to Tidewater Oil Company and Getty Oil Company;

SCHLUMBERGER TECHNOLOGY CORPORATION, a Texas corporation, which has
designated National Registered Agents, Inc., 1280 Clausel Street, Mandeville, LA 70448
as its registered agent for service of process. The Defendant is a successor in interest to
Magcobar;

M - I L.L.C., a Delaware corporation, authorized to do and doing business in the State of
Louisiana, having designated C. T. Corporation, 8550 United Plaza Blvd., Baton Rouge,
LA 70809 as its registered agent for service of process. The Defendant is a successor in
interest to Magcobar;

UNION CARBIDE CORPORATION, a foreign corporation authorized to do and doing
business in the State of Louisiana, having designated C. T. Corporation, System, Inc., 320
Somerulos St., Baton Rouge, LA 70802-6129 as its registered agent for service of
process. The Defendant is a successor in interest to Union Carbide and Carbon Corp.;

CERTIFIED TRUE COPY   DEPUTY CLERK OF COURT   015898

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH, LA.
FILED
2006 SEP -8 PM 1:12



EXHIBIT
5

CONOCO PHILLIPS COMPANY, a Delaware corporation, authorized to do and doing business in the State of Louisiana having designated United States Corporation Company 320 Somerulos Street, Baton Rouge, LA 70802-6129 as its registered agent for service of process. The Defendant is a successor in interest to Phillips Petroleum Company;

TIDEWATER, INC., a Delaware corporation, which has designated S.O.P., Inc., 601 Poydras St., Suite 1900, New Orleans, LA 70130-6040 as its registered agent for service of process. The Defendant is a successor in interest to Tidewater Marine Service, Inc.;

NOBLE DRILLING CORPORATION, a Delaware Corporation, authorized to do and doing business in the State of Louisiana having designated C. T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809 as its registered agent for service of process.

each of whom are justly and truly indebted, in solido, unto the Plaintiffs, Teressa Bell, individually and in her capacity as testamentary Executrix of the Estate of Don Bell for such amount of money as will reasonably compensate plaintiffs for all their damages and injuries as hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00

3.

From about 1949 until sometime before his retirement or about 1985, Don Bell was an employee of Tidewater Oil Company, later known as Getty Oil Company and now known as Texaco Refining and Marketing Inc., inter alia, on marine vessels owned, leased, chartered and/or operated by Rowan Companies, Inc and Tidewater Inc., Successor in Interest to Tidewater Marine Service, Inc. During that time, Don Bell was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and operation of the marine drilling vessels, identified in part as Rowan #6, Rowan # 21 and Rowan # 18.

4.

In the process of mixing drilling mud, Don Bell was required to handle asbestos fibers which were utilized in thickening the drilling mud during the drilling process, including the moving of sacks of raw asbestos, dumping raw asbestos into a "chemical hopper which was located in the mud room of the vessel". Don Bell was also required to move and stack the 60 pound bags of raw asbestos, and frequently worked in an enclosed environment where asbestos dust was present in the air.

5.

From 1948 until 1969, while working on the aforesaid marine vessels in , Don Bell was constantly subjected to an unreasonably dangerous condition which rendered the above named

vessels unseaworthy in that he was exposed to asbestos fibers.

6.

That part of his duties for Tidewater Oil Company and later Getty Oil Company, was the mixing of drilling mud which contained raw asbestos fibers and the moving of sacks or bags of raw asbestos so that it could be mixed in the drilling mud for the purpose of thickening the drilling mud.

7.

The Defendants, Texaco Refining & Marketing Inc., Successor in Interest to Tidewater Oil Company and Getty Oil Company and Noble Drilling Corporation, through their agents, specified the chemicals and ingredients used in the drilling mud and required that asbestos be used during the drilling proces to facilitate the drilling process. The Defendants, Texaco Refining & Marketing, Successor in Interest to Tidewater Oil Company and Getty Oil Company and Noble Drilling Corporation not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel on a constant basis. Don Bell and others who were working on the aforesaid marine vessels operated by the Defendants were exposed to this dust containing asbestos particles on a daily and constant basis.

8.

The Defendants named hereinabove knew or should have known of the unreasonable risk of bodily injury to Don Bell or others working on the vessels at issue in this litigation but, despite that knowledge, failed to adequately warn Don Bell and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the aforesaid vessels.

9.

Schlumberger, Successor in Interest to Magcobar; M-I L.L.C., Successor in Interest to Magcobar; Union Carbide Corporation, Successor in interest to Union Carbide and Carbon Corporation; and Conoco Phillips Company, Successor in Interest to Phillips Petroleum Company, produced the asbestos fibers for use by the Defendants, Texaco Refining & Marketing Inc., Successor in Interest to Tidewater Oil Company and Getty Oil Company, and Noble Drilling Corporation on the drilling rigs, inland barges and/or other vessels operated by those companies. These companies knew or should have known at the time that they were mining and/ or marketing the asbestos that the use of and storage of asbestos would pose an unreasonable

Page 3

risk of serious bodily injury to Don Bell or others working on the vessels.

10.

At no time during his employment did the defendants advise Don Bell or his co-workers of the dangers and hazards of breathing asbestos fibers.

11.

As a direct and proximate result of the Don Bell's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessels owned and/or operated by the defendants, Rowan Companies, Inc., Texaco Refining & Marketing Inc., Tidewater Inc. and Noble Drilling Corporation. Don Bell suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiffs allege that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by the Defendants, Rowan Companies, Inc., Successor in Interest to Rowan Drilling Co.; Texaco Refining & Marketing Inc., Successor in Interest to Tidewater Oil Company and Getty Oil Company; Tidewater, Inc., Successor in Interest to Tidewater Marine Service, Inc.and Noble Drilling Corporation.

13.

The negligence of the defendants includes, but is not limited to:

a)    Failure to provide Don Bell with a safe place to work;

b)    Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c)    Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Don Bell from inhaling asbestos dust and fibers;

d)    Requiring Don Bell to handle raw asbestos fibers without proper safety equipment or warning;

e)    By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Don Bell and to his co-workers;

f)    Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

g)    Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Don Bell has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15.

Don Bell died on April 17, 2006 of lung cancer and his widow, Teressa Bell has and will suffer loss of consortium as a result of the death of Don Bell

16.

Plaintiffs would show that the vessels were unseaworthy in the following non-exclusive respects:

a)    Failure to provide a safe working environment which would have prevented the Don Bell from being exposed to asbestos fibers and asbestos dust;

b)    Failure to provide safety equipment to prevent Don Bell from having to inhale asbestos fibers and dust.

c)    Other items of unseaworthy conditions which may be established through discovery and shown at the time of trial of this matter.

17.

Plaintiffs brings this suit under the Jones Act 46 U.S.C. 466, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of Louisiana.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover

Page 5

disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover

punitive damages from the Defendants, jointly and severally and in solido in an amount to be

determined at the trial of this matter, where such punitive damages are allowed by law.

19.

Teressa Bell has qualified as Testamentary Executrix of the Succession of Don F. Bell,

Sr., Probate number 2108B, Ascension Parish, Louisiana per Letters of Testamentary, dated

August 21, 2006.

WHEREFORE, Plaintiffs pray that the Defendants be duly cited to appear and answer

this petition and that after due proceedings are had, that the Plaintiffs be awarded judgment in

their favor and against the Defendants, jointly and severally, as follows:

I.      For compensatory damages for all medical expenses incurred and to be incurred

in the future by Plaintiff, if applicable;

II.     For compensatory damages for past, present and future physical pain and

suffering, if applicable;

III.    For compensatory damages for emotional distress suffered by Plaintiff;

IV.     For punitive damages;

V.      For legal interest on any amount so awarded from date of judicial demand until

paid;

VI.     For all reasonable costs of court and expert witness fees; and

VII.    For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEYS:

PATRICK W. PENDLEY (LSBA #10421)
PENDLEY, BAUDIN & COFFIN
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398

Kathleen F. Drew, Esquire
Adams & Reese
701 Poydras Street, Suite 4500
New Orleans, LA 70139

I hereby certify to the above on this ___R̶t̶h̶___ day of December, 2006.

McGready L. Richeson, Esquire

Exhibit K

Case MDL No. 875   Document 4991   Filed 03/22/07   Page 96 of 127
Case 3:06-cv-007○5-FJP-DLD   Document 7   12/18/2○○6   Page 5 of 16

Case 3:06-cv-00785-FJP-DLD   Document 1-1   Filed 10/10/2006   Page 1 of 5

FILED
U.S. DIST. COURT
MIDDLE DIST. OF ...

2006 OCT 10   PM 3: 53

_____ IGN
BY DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESSA BELL, INDIVIDUALLY AND | * CIVIL ACTION |
| AS TESTAMENTARY EXECUTRIX | * |
| OF THE ESTATE OF DON BELL | * NO. 06-785-FJP-DLD |
| | * |
| VERSUS | * SECTION |
| | * |
| ROWAN COMPANIES, INC., Successor to | * |
| Rowan Drilling Co.; TEXACO REFINING | * |
| & MARKETING INC., Successor in interest | * |
| to Tidewater Oil Company and Getty Oil | * |
| Company; SCHLUMBERGER, Successor in | * |
| interest to Magcobar; M-J L.L.C., Successor | * |
| in interest to Magcobar; UNION CARBIDE | * |
| CORPORATION, Successor in interest to | * |
| Union Carbide and Carbon Corporation; | * |
| CONOCO PHILLIPS COMPANY, Successor | * |
| in interest to Phillips Petroleum Company; | * |
| TIDEWATER, INC., Successor in interest to | * |
| Tidewater Marine Service, Inc.; | * |
| NOBLE DRILLING CORPORATION | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>NOTICE OF REMOVAL</u>

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF LOUISIANA:**

NOW INTO COURT, through undersigned counsel, comes Rowan Companies, Inc.

(Rowan), who respectfully avers:

1.

On September 8, 2006, Teressa Bell, individually and as the testamentary executrix of the

estate of Don Bell, filed a lawsuit against Rowan Companies, Inc., successor to Rowan Drilling

Co.; Texaco Refining & Marketing Inc., successor in interest to Tidewater Oil Company and



JSL   Rec# 4699004325



EXHIBIT

K

Getty Oil Company; Schlumberger, successor in interest to Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation, successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company, successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to Tidewater Marine Service, Inc.; and Noble Drilling Corporation in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Docket No. 547151, Section 23, entitled, *Teressa Bell, Individually and as Testamentary Executrix of the Estate of Don Bell v. Rowan Companies, Inc., successor to Rowan Drilling Co.; Texaco Refining & Marketing Inc., successor in interest to Tidewater Oil Company and Getty Oil Company; Schlumberger, successor in interest to Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation, successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company, successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to Tidewater Marine Service, Inc.; Noble Drilling Corporation,* a copy of which is attached as Exhibit "1."

2.

Service was requested upon Rowan through its agent for service of process, C.T. Corporation, 8550 United Plaza Boulevard, Baton Rouge, Louisiana 70809. Service was perfected upon Rowan on September 14, 2006.

3.

This Notice of Removal is filed within thirty (30) days of the receipt of service of papers with a notice of the filing of this lawsuit on the part of Rowan.

Case MDL No. 875   Document 4991   Filed 03/22/07   Page 98 of 127
Case 3:06-cv-00785-JP-DLD   Document 7   12/18/2006   Page 7 of 16
Case 3:06-cv-00785-FJP-DLD   Document 1-1   Filed 10/10/2006   Page 3 of 5

4.

Rowan is a foreign corporation organized under the laws of a state other than Louisiana.

5.

Rowan pleads that defendant, M-I, LLC, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

6.

Rowan pleads that defendant, Union Carbide Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

7.

Rowan pleads that defendant, Noble Drilling Corporation, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

8.

Rowan pleads that defendant, Conoco Phillips Company, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

9.

Rowan pleads that defendant, Tidewater, Inc., a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

10.

There is complete diversity between the plaintiff and all defendants.

3

11.

Plaintiff specifically states in her Petition for Damages, paragraph 2, that the amount of the controversy exceeds $75,000.00.

12.

Thus, plaintiff, herself, has plead an alternate jurisdictional basis upon which removal is permitted and proper, pursuant to 28 U.S.C. 1332(a).

13.

Pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1446, the defendant is entitled to remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. In accordance with 28 U.S.C. 1446(b), Rowan will provide appropriate notice of this removal to the plaintiff and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

14.

All defendants consent in the removal of this case from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

15.

A copy of all process, pleadings, and orders filed with the 19th Judicial District Court are attached hereto to this notice.

**WHEREFORE,** Rowan, defendant and petitioner, prays that the action entitled, *Teressa Bell, Individually and as Testamentary Executrix of the Estate of Don Bell v. Rowan Companies,*

4

Case MDL No. 875  Document 4991  Filed 03/22/07  Page 100 of 127
Case 3:06-cv-00●●●-FJP-DLD    Document 7    12/18/●●●6    Page 9 of 16

Case 3:06-cv-00785-FJP-DLD    Document 1-1    Filed 10/10/2006    Page 5 of 5

Inc., successor to Rowan Drilling Co.; Texaco Refining & Marketing Inc., successor in interest

to Tidewater Oil Company and Getty Oil Company; Schlumberger, successor in interest to

Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation,

successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company,

successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to

Tidewater Marine Service, Inc.; Noble Drilling Corporation, Docket No. 547151, Section 23,

pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of

Louisiana, be removed from that state court to the docket of the United States District Court for

the Middle District of Louisiana.

Respectfully submitted,

CHOPIN, WAGAR,
RICHARD & KUTCHER, L.L.P.

By: _Richard A Chopin_

RICHARD A. CHOPIN  (#4088)
ALEXIS M. MYERS  (#27709)
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9540
*Attorney for Defendant,*
*Rowan Companies, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __5th__ day of __October__, 2006,
served a copy of the foregoing pleading on counsel for all parties by:

(  ) Hand Delivery          (X) Prepaid U. S. Mail
(  ) Facsimile             (  ) UPS/Federal Express

_Richard A Chopin_

RICHARD A. CHOPIN

5

Exhibit L

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TERESSA BELL, INDIVIDUALLY        CIVIL ACTION NO. 06-785
AND AS TESTAMENTARY
EXECUTRIX OF THE ESTATE              JUDGE: POLOZOLA
OF DON BELL

            MAGISTRATE JUDGE: DALBY

VERSUS

ROWAN COMPANIES, ET AL

## <u>NOTICE OF TAG ALONG ACTION</u>

PLEASE TAKE NOTICE THAT, on July 29, 1991, the Judicial Panel on
Multidistrict Litigation entered an order transferring all asbestos cases pending in the
federal court to the United States District Court, Eastern District of Pennsylvania, for
coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407 ("MDL
Transfer Order"). That order also applies to "tag-along actions," or actions involving
common questions of fact filed after the January 17, 1991 filing of the Panel's Order to
Show Cause. MDL Rule 7.5 provides:

> Any party of counsel in actions previously transferred under Section 1407 or
> under consideration by the Panel for transfer under Section 1407 shall notify
> the Clerk of the Panel of any potential "tag-along actions" in which that
> party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along
action" which may be subject to transfer to the Eastern District of Pennsylvania. The


EXHIBIT

Clerk of that Panel may either: (1) enter a conditional transfer order pursuant to MDL

Rule 7.4(a) or (2) file an order to show cause why the action should not be transferred,

pursuant to MDL Rules 7.5(c) and 7.3.

Respectfully Submitted,

**ABBOTT, SIMSES & KUCHLER, PLC**

Lawrence E. Abbott, T.A. (La. Bar No. 2276)
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Sarah E. Iiams, T.A. (La. Bar No. 22418)
McGready L. Richeson, T.A. (La. Bar No. 29398)
Ernest G. Foundas (La. Bar No. 24419)
Michael H. Abraham (La. Bar No. 22915)
Jennifer D. Zajac (La. Bar No. 28564)
Robert E. Guidry (La. Bar No. 28064)
Charlotte P. Livingston (La. Bar No. 26894)
Kendra L. Duay (La. Bar No. 25652)
400 Lafayette Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933

And

Kevin Jordan, T.A. (La. Bar No. 30572)
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77001
Telephone (713) 229-1234
Facsimile (713) 229-1522

**Attorneys for Defendant,**
**Union Carbide Corporation**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Notice of Tag-Along Action, Notice of Removal, including the Original Petition for Damages, have been sent via overnight mail to:

The Honorable Michael J. Beck
Clerk, Multidistrict Judicial Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

I further certify that a copy of the Notice of Tag-Along Action, including attachments, was sent via U.S. Mail, First Class Postage Prepaid and properly addressed to:

Patrick W. Pendley, Esquire
Pendley, Baudin & Coffin, LLP
P.O.Drawer 71
Plaquemine, LA 70764-0071

Ronald A. Ammann, Esquire
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77062

Jena W. Smith, Esquire
Baldwin Haspel
1100 Poydras Street, Suite 2200
New Orleans, LA 70163

Richard Chopin, Esquire
Chopin, Wagar, Richard & Kutcher, LLP
3850 N. Causeway Blvd., Suite 900
Metairie, LA 70002

Kathleen F. Drew, Esquire
Adams & Reese
701 Poydras Street, Suite 4500
New Orleans, LA 70139

I hereby certify to the above on this _____ day of December, 2006.

_____
McGready L. Richeson, Esquire

Exhibit M

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF NOBLE DRILLING CORPORATION, AS OWNER OF RIG S-55, ITS ENGINES, TACKLE, APPAREL, ETC. IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | C. A. NO 06-CV-897-FJP-SCR<br><br>In admiralty Pursuant to Rule 9(h)<br>Cross Claim Complaint - Class Action |

## AMSWER, CLAIM OF CLETUS F. BREWER AND CLASS ACTION CROSS CLAIM COMPLAINT

COMES NOW, Cletus F. Brewer, ("Respondent") and pursuant to the Order of this Honorable Court entered in this matter on December 2, 2006, and pursuant to Supplemental Rules For Certain Admiralty and Maritime Claims, Rule F (5), would respectfully show the Court as follows:

I.

The allegations contained in Paragraph I do not require an answer, however, should an answer be required, Respondent avers that petitioner is not entitled to an exoneration of and/or limitation of liability in this matter.

II.

The allegations of Paragraph II are admitted.

III.

The allegations of Paragraph III are denied.

IV.

The allegations of Paragraph IV are admitted.

1.

EXHIBIT

V.

The allegations of Paragraph V are denied.

VI.

The allegations of Paragraph VI are denied.

VII.

The allegations of Paragraph VII are admitted.

VIII.

Respondent cannot safely plead to the allegations of Paragraph VIII because the allegations contain therein are based upon the belief of petitioner, and respondent cannot safely answer this paragraph because respondent has no positive evidence at this time and for that reason would deny that petitioner is entitled to exoneration from or limitation of a ship owner's liability.

IX.

For lack of sufficient information to justify a belief therein the allegations of Paragraph IX are denied.

X.

Respondent denies the allegation of Paragraph X except to admit that he has asserted a claim as set forth in paragraph X.

XI.

Respondent admits that the appraisal of the value of Rig S-55 is undetermined at this time.

2.

XII.

Respondent denies that petitioner is entitled to exoneration from or limitation of a ship owner's liability in connection with the claim and claims asserted herein.

XIII.

Respondent denies the allegation of Paragraph XIII of the petition.

FURTHER ANSWERING THE COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY, Respondent would contest the right to exoneration from or the right of limitation of liability by Noble Drilling Corporation for, inter alia, the following reasons:

a)      The judgment of exoneration for limitation of liability in this matter, if granted, will dismiss the claims of other crew members of Noble Drilling Corporation Rig S-55 before such claims has even arisen or could be asserted by  Respondent's co-workers. See *Amchem Products .Inc. v. Windsor*, 521 U.S. 591. 117 S. Ct. 2231, 138 L.Ed.2d 689; Ortiz vs. Fibreboard Corporation, et al. 527 U.S. 815, 119 S. Ct. 2295, 144 L.Ed.2d 715.

b)      The Order entered herein by this Honorable Court on December 2, 2006 does not comport with due process of law regarding notice as mandated by the Supreme Court of the United States in that, inter alia, publication of the notice appeared only in The Advocate, a newspaper published in the City of Baton Rouge, LA, whereas, on information and belief, Respondent alleges that potentially a hundred or more crew members who were affected in the same manner as he has been reside in the States of Alabama, Mississippi, Louisiana and Texas, well beyond the geographical distribution of The Advocate and hence, have no notice that they should (i) come into this Court and

3.

assert a claim or (ii) that any claims that they have or may have in the future are being adjudicated and preempted by the Court;

c)      On information and belief, Respondent avers that the value of Rig S-55 exceeded the sum of $982,000.00 for the voyages in question;

(d)      In the Complaint and Petition For Exoneration From Or Limitation Of Liability, petitioner fails to adequately describe each individual voyage made by Rig S-55 between February 1, 1972 and January 31, 1977 with respect to the port of departure, the location of the vessel during drilling operations and the port to which the vessel returned;

(e)      Petitioner has failed or neglected to provide the Court with the names of crew members on each voyage (on information and belief Respondent alleges that the membership of the various crews differed from "voyage" to "voyage") from whom it is seeking exoneration of liability; and,

(f)      Petitioner herein has made, on information and belief, no effort whatsoever to directly notify the crew members of Rig S-55 on the voyages that may have occurred between January 1, 1972 and December 31, 1977 of the filing of this Complaint and Petition For Exoneration From or Limitation of Liability.

<u>RESPONDENT'S CLAIM</u>

XIV.

Pursuant to the provisions of the Jones Act, general maritime law and R.C.C. art. 2315, he respectfully represents that he instituted a suit for personal injuries against, inter alia, Noble Drilling Corporation, Chevron USA, Inc. Halliburton Energy Services, Inc.

4.

and  Baker Hughes Oilfield Operations, Inc., being designated as suit No. 543,480 Division 25 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge Parish, State of Louisiana.

## XV.

Thereafter, on or about June 26, 2006, Chevron USA, Inc. removed the state proceedings to the United States District Court for the Middle District of Louisiana, and same was designated as Civil Action No.06-458-JJB-SCR.

## XVI.

Subsequently thereto Union Carbide Corporation filed a Notice Tag Along Action with the Judicial Panel on Multi-District Litigation on November 15, 2006.

## XVII.

Subsequently, by Order dated December 11, 2006 the Judicial Panel on Multi-District Litigation in the matter entitled " In re:  Asbestos Products Liability Litigation (No.VI) Docket No. 875" transferred the aforementioned proceedings to the United States District Court for Eastern District of Pennsylvania.

## XVIII.

Subsequently thereto, on or about December 26, 2006, Respondent herein filed a Motion to Vacate Conditional Transfer Order with the Judicial Panel on Multi-District Litigation, inter alia, requesting that the aforementioned litigation be remanded to the United States District Court for the Middle District of Louisiana for further proceedings.

5.

## XIX.

Subsequently thereto  Conoco Phillips Company and Noble Drilling

Corporation, Inc. objected to Respondent's Motion to Vacate Conditional Transfer Order.

## XX.

The amount in controversy herein exceeds $75,000.

## XXI.

From about 1972 through 1977, Respondent was an employee of Noble Drilling

Corporation on a marine vessel owned, leased, chartered and/or operated by Noble

Drilling Corporation.  The vessel which is the subject matter of this Complaint, was

engaged in drilling operations for Chevron U.S.A. Inc. at all times relevant to this

Complaint.  Chevron U.S.A. Inc. and/or Noble Drilling Corporation upon information

and belief specified the make up, composition and/or ingredients of the drilling mud

compound used in the drilling operation and specified that asbestos containing products

be used in the drilling mud during the drilling process.  During that time Respondent was

engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and

operation of the marine drilling vessel.

## XXII.

In the process of mixing drilling mud, Respondent was required to handle sacks of

raw asbestos which was utilized in thickening the drilling mud during the drilling

process, including the moving of sacks or bags of raw asbestos, dumping raw asbestos

into a "chemical hopper" which was located in the mud room of the vessel.  Plaintiff was

also required to move and stack the bags of raw asbestos, and frequently worked in an

enclosed environment where asbestos dust was present in the air.

6.

XXIII.

From 1972 to 1977, while working on the marine vessel Rig S-55, the Respondent was constantly subjected to an unreasonably dangerous condition which rendered the above named vessel unseaworthy in that he was exposed to asbestos fibers, a known carcinogen.

XXIV.

That part of his duties for Noble Drilling Corporation was the mixing of drilling mud which contained raw asbestos and the moving of sacks or bags of raw asbestos so that it could be mixed in the mud for the purpose of thickening the drilling mud.

XXV.

His work with the drilling mud was frequently in an enclosed environment where asbestos fibers were present in the air and Respondent breathed the asbestos fibers into his lungs.

XXVI.

That Noble Drilling Corporation and its agents or contractors specified the chemicals and ingredients used in the drilling mud and required that raw asbestos be used during the drilling process to assist in preventing well blow outs. Noble Drilling Corporation and its employees and contractors not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on Rig S-55 at all times. Asbestos fibers were present in the form of asbestos dust on the rig on a constant basis. Respondent and others who were working on Noble Drilling Corporation S-55 drilling rig were exposed to this dust containing asbestos particles on

7.

a daily and constant basis.

### XXVII.

Noble Drilling Corporation knew or should have known of the unreasonable risk of bodily injury to the Respondent and/or others working on the vessel at issue in this litigation but, despite that knowledge, failed to adequately warn the Respondent and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the vessel.

### XXVIII.

Noble Drilling, its employees and/or contractors knew or should have known of the unreasonable risk of bodily injury to the Respondent and or others working on Noble Drilling Corporation Rig S-55, but, despite that knowledge, failed to adequately warn Respondent and other crew members regarding the dangers of the serious bodily injuries associated with exposure to asbestos fibers and asbestos containing products which were used and stored on the aforesaid vessel.

### XXIX.

As a direct and proximate result of the Respondent's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessel owned and/or operated by Noble Drilling Corporation, Respondent has suffered serious and permanent injuries from the inhalation of asbestos fibers, to wit: pulmonary asbestosis.

### XXX.

Respondent alleges that the resulting injuries and damages are the direct and

8.

proximate result of the negligence of the petitioner herein (as well as others) and the unseaworthiness of the vessel owned and/or operated by Noble Drilling Corporation.

## XXXI.

The negligence of Noble Drilling Corporation includes, but is not limited to:

a)   Failure to provide Respondent and others with a safe place to work;

b)   Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers to Respondent and others;

c)   Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Respondent and others from inhaling asbestos dust and fibers;

d)   Requiring Respondent and others to handle raw asbestos fibers without safety equipment or warning;

e)   By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Noble Drilling Corporation knew or should have known that such use was unreasonably dangerous to the Respondent and to respondent's co-workers;

f)   Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial; and,

g)   Generally the failure of Noble Drilling Corporation to act with the required degree of care commensurate with the existing situation on Rig S-55.

9.

XXXII.

Respondent alleges that, as a direct and proximate result of the aforementioned negligence of the Noble Drilling Corporation that Respondent has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Noble Drilling Corporation in an amount which is just and reasonable in the premises and as may be determined by the Court.

XXXIII.

In addition, as a result of the nature of the injuries suffered by Respondent, the Respondent will continue to suffer physical injury, disability, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by Noble Drilling Corporation in an amount which is just and reasonable in the premises.

XXXIV.

Respondent would show that the marine vessel was unseaworthy in the following non-exclusive respects:

a)      Failure to provide a safe working environment which would have prevented the Respondent and others from being exposed to asbestos fibers and asbestos dust;

b)      Failure to provide safety equipment to prevent Respondent and others from having to inhale asbestos fibers and dust;

10.

c)      Failure to provide a method or procedure to handle a known carcinogen, namely, asbestos fibers, without risk to Respondent and his co-workers.

d)      Other items of unseaworthy conditions which may  established through discovery and shown at the time of trial of this matter.

XXXV.

Respondent brings his claims under the Jones Act, 46 U.S.C. 688,  General Maritime Law pursuant to the Savings Suitors Clause, 28 U.S.C. § 1333. and R.C.C. Art. 2315.

XXXVI.

At all times relevant hereto, the conduct of the Noble Drilling Corporation was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Respondent and his co-workers. Accordingly, the Respondent is entitled to recover punitive damages from the Noble Drilling Corporation, in an amount to be determined at the trial of this matter.

AND NOW, ASSUMING THE POSITION OF COUNTER-CLAIMANT, Respondent, individually, and on behalf of all other similarly situated, respectfully alleges:

XXXVII.

Made counter defendant herein is Noble Drilling Corporation, as Owner of Rig-55, Its Engines, Tackle, Apparel, Etc.

XXXVIII.

The named counter plaintiff and  all other persons similarly situated, comprised t

11.

the crews of the Noble Drilling Corporation S-55 drilling barge between January 1, 1972 and December 31, 1977 on certain "voyages" of that marine vessel.

### XXXIX.

As such, counter plaintiff, individually, and all others similarly situated were exposed to raw asbestos fibers as hereinbefore alleged in furtherance of the mission of Rig S-55.

### XL.

All of the factual allegations contained hereinabove with respect to counter plaintiff are alleged herein as if fully copied herein with respect to all other crew members and persons employed on Noble Drilling Corporation Rig S-55 and who were involved in the mixing of drilling mud between January 1, 1972 and December 31, 1977 on said vessel.

### XLI.

Counter plaintiff brings this claim against Noble Drilling Corporation, pursuant to FRCP 23, individually, and on behalf of a class consisting of all other crew members on Noble Drilling Corporation Rig S-55 between January 1, 1972 and December 31, 1977.

### XLII.

The requirements of FRCP 23 (a) are satisfied because:

(a)     The members of the proposed class are so numerous that joinder of all members is impracticable.  Although, at this time, counter plaintiff cannot ascertain the exact number and identity of each of the members of the class, that information being

12.

solely within the purview of counter defendant, counter plaintiff believes that there are more than 100 members of the proposed class. Therefore, the numerosity requirement of FRCP 23 (a) (1) is satisfied.

(b)    The commonality requirement of FRCP 23 (a) (2) is satisfied because there are questions of law or fact common to the claims of plaintiff and the other members of the class. Among those common questions of law or fact are:

(i)    Whether counter defendant is liable to counter plaintiff and the class members for damages, and the proper measure of such damages;

(ii)    Whether counter plaintiff and the other class members were exposed to harmful levels of raw asbestos fibers while employed on Noble Drilling Corporation Rig S-55 between January 1, 1972 and December 31, 1977;

(iii)    Whether Noble Drilling Corporation was negligent per se in permitting, authorizing and directing the use of raw asbestos fibers to thicken drilling mud on Rig S-55;

(c)    The claims of counter plaintiff are typical of the claims of the members of the proposed class as all those claims arise from the same course of conduct by Noble Drilling Corporation, and, are based on the same legal theories. Accordingly, counter plaintiff has satisfied the typicality requirement of FRCP 23 (a) (3).

(d)    The counter plaintiff will fairly and adequately protect the interest of the class. Counter plaintiff has no conflicts with, or interest materially antagonistic to,

13.

members of the class.  Counter plaintiff is committed to vigorous prosecution of this action and has retained competent counsel experienced in  complex litigation of this nature to represent him on an individual basis and the other members of the class. Accordingly, counter plaintiff satisfies the adequacy of representation requirements of FRCP 23 (a) (4).

XLII.

This action satisfies the requirements of FRCP 23 (b) (1), as the prosecution of separate actions by individual members of the class would create the risk of :

  (a)  Inconsistent or varying adjudications with respect to individual members of the class;

  (b)  Ajudications with respect to individual class members would, as a practical matter, be dispositive of the interest of the other members of the proposed class; and,

  (c)  If a class is not certified herein, those crew members who either have or, in the future, may have a claim arising from the "voyages" of Rig S-55 between January 1, 1972 and December 31, 1977 will be forever precluded from asserting those claims.

XLIV.

This action also satisfies the requirement of FRCP 23 (b) (2).  Noble Drilling Corporation has acted or refused to act on grounds generally applicable to counter plaintiff and the other members of the proposed class, thereby rendering class certification with respect to the claims of the class members appropriate as well.

14.

XLV.

This action additionally meets the requirements of FRCP 23 (b) (3). The common

questions of law or fact, among those which are those enumerated above, exist as to the

claims of all the class members  predominate over questions affecting only

individual members of the class, and a class action is a superior method for the

fair and efficient adjudication of this controversy.  In point of fact, Noble Drilling

Corporation has sought to interplead all claims in this action.  The instant case is

manageable as a class action, and a class trial will be manageable.  Notice may be

provided to members of the class by first class United States Postal Service mail and

through publication in newspapers in the geographical area wherein it is believed the

Class members may reside.  The only individualized issue is the amount of damages that

each class member may be entitled as a result of their respective personal injuries and

losses.

XLVI.

Further, with respect to the requirement of FRCP 23 (b) (3), counter plaintiff

is not aware of any other pending similar claim involving exposure to raw asbestos on

Rig S-55 between January 1, 1972 and December 31, 1977 such that each member of the

class would desire to individually control the prosecution of their respective actions.

There are no other actions already commenced by class members. Because this litigation

involves an alleged limited fund, that is the value of the vessel and its cargo, it is

certainly more desirable to concentrate the litigation of the claims in one forum; and ,

counter plaintiff perceives no unusual difficulty to be encountered in the management of

15.

a class action, other than what is normal and customary for management of a class action.

WHEREFORE, Respondent/Counter Plaintiff respectfully moves the Court to enter a judgment herein as follows:

I.      Dismissing the Complaint and Petition of Noble Drilling Corporation as owner of Rig S-55, Its Engines, Tackle, Apparel, Etc. in a Cause For Exoneration From or Limitation of Liabiltiy, at the cost of Noble Drilling Corporation;

II.     Alternatively, recognizing the claim of the Respondent herein and decreeing that Noble Drilling Corporation is liable to Respondent/Counter Plaintiff and the other members of the proposed class for compensatory and consequential damages;

III.    Further, the Court order that Noble Drilling Corporation pay exemplary or punitive damages to Respondent/Counter Plaintiff and the class members;

IV.     That the Court certify a class comprised of the crew members of Noble Drilling Corporation Rig S-55 on all voyages that occurred between January 1, 1972 and December 31, 1977; and,

V.      For all such other and additional relief as the Court may deem equitable appropriate and just under the circumstances.

BY ATTORNEY:

_____
Patrick W. Pendley (LSBA #10421)
Pendley Baudin & Coffin L.L.P.
P.O. Drawer 71
24110 Eden Street (70764)
Plaquemine, LA 70765-0071
Tele: 225.687.6396
Fax: 225.687.6398
E-mail: pwpendley@pbclawfirm.com

16.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

IN RE THE COMPLAINT AND
PETITION OF NOBLE DRILLING
CORPORATION, AS OWNER OF
RIG S-55, ITS ENGINES, TACKLE
APPAREL, ETC. IN A CAUSE FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY

C.A. NO 06-CV-897-FJP-SCR

In Admiralty Pursuant to
Rule 9(h)
Cross Claim Complaint
Class Action - FRCP 23

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RESPONDENT'S MOTION FOR CLASS CERTIFICATION

**COMES NOW,** through undersigned counsel, Cletus F. Brewer, individually and on

behalf of all other individuals similarly situated, who respectfully moves this Court to certify a

litigation class of individuals who worked on Noble Drilling Corporation Rig S-55 between

January 1, 1972 and December 31, 1977 and were involved in the mixing of drilling mud on said

vessel against the Noble Drilling Corporation, for class action treatment pursuant to F.R.C.P. 23:

The requested class will be defined as:

All persons who now or in the future, sustained direct and/or
consequential injury and/or losses to their person by being exposed
to raw asbestos fibers in the process of mixing drilling mud while
employed on Noble Drilling Corporation Rig S-55 between
January 1, 1972 and December 31, 1977.

The Respondent herein requests that, if certified as a class action, notice of the class

certification be disseminated to class members through a Court-approved program of publication

in such format as the Court may deem appropriate and necessary to satisfy the due process

requirements of law.

**BY ATTORNEY:**

PATRICK W. PENDLEY - LSBA #10421
PENDLEY BAUDIN & COFFIN L.L.P.
24110 EDEN STREET
POST OFFICE DRAWER 71
PLAQUEMINE, LOUISIANA 70765-0071
(225) 687-6396   (225) 687-6398   TELEFAX
E-MAIL: pwpendley@pbclawfirm.com

By: _____
      PATRICK W. PENDLEY

Exhibit N

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2007 MAR 14  PM 1: 25

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C. A. NO. 06-897-FJP-SCR |
| PETITION OF NOBLE DRILLING | § | BY DEPUTY CLERK |
| CORPORATION, AS OWNER OF | § | In Admiralty Pursuant to |
| RIG S-55, ITS ENGINES, TACKLE, | § | Rule 9(h) |
| APPAREL, ETC. IN A CAUSE FOR | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## NOBLE DRILLING CORPORATION'S
## NOTICE OF STIPULATION OF DISMISSAL, WITHOUT PREJUDICE

COMES NOW, NOBLE DRILLING CORPORATION AND CLETUS BREWER, the

Petitioner and Respondent, respectively, and respectfully file and submit this their Notice of

Stipulation of Dismissal, Without Prejudice pursuant to the provisions of Fed.R.Civ.P. 41 (a) (1)

(ii).

WHEREFORE, PREMISES CONSIDERED, the Petitioner and Respondent respectfully

requests that this Honorable Court accept this their Notice of Stipulation of Dismissal, Without

Prejudice.



EXHIBIT
N

C·FJP

Respectfully submitted,

PENDLEY LAW FIRM
P.O. Drawer 71
24110 Eden Street
Plaquemine, Louisiana 70765-0071
(225) 687-6396
(225) 687-6398

By: _____
      Patrick W. Pendley
      State Bar I.D. No. 10421

Counsel for CLETUS BREWER


CHAMBERLAIN, HRDLICKA, WHITE,
   WILLIAMS & MARTIN
1200 Smith Street, 14th Floor
Houston, Texas 77002
(713) 654-9670
(713) 356-1070 (FAX)

By: _____
      Daniel D. Pipitone
      State Bar I.D. No. 16024600

Counsel for Noble Drilling Corporation


2