4156582930                                    T-034   P002/010   F-064

**MDL 875**

1  GEORGE D. YARON, ESQ. (State Bar #96246)
   KEITH E. PATTERSON, ESQ. (State Bar #225753)
2  YARON & ASSOCIATES
   601 California Street, 21st Floor
3  San Francisco, California 94108-2281
   Telephone: (415) 658-2929
4  Facsimile: (415) 658-2930

5  Attorneys for Defendant
6  TODD SHIPYARDS CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 9 2007

FILED
CLERK'S OFFICE

**PLEADING STRICKEN on March 29, 2007**

7

8              BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

9

10

11  IN RE: ASBESTOS PRODUCTS LIABILITY )
    LITIGATION (NO. VI), Related to:      )          **MDL DOCKET NO. 875**
12  MARA J. BALLENGER, et al.,            )
                                          )          E.D. Pennsylvania (N.D. California Case
13              Plaintiffs,               )          No. C 06-02271 CW)
                                          )
14  vs.                                   )          **DEFENDANT TODD SHIPYARDS**
                                          )          **CORPORATION'S CONDITIONAL**
15  AGCO CORP., et. al.,                  )          **OPPOSITION TO AND/OR REQUEST**
                                          )          **FOR CLARIFICATION OF**
16              Defendants.               )          **CONDITIONAL REMAND ORDER**
                                          )          **[Rule 7.b(f)(ii) and (iii)]**
17

18        Defendant Todd Shipyards Corporation ("Todd") hereby submits its Conditional Opposition

19  to and/or Request for Clarification of Conditional Remand Order.

20                                       **I.**

21                              **INTRODUCTION**

22        Todd understands that the Judicial Panel on Multidistrict Litigation ("Panel") wishes to have

23  this matter remanded to the United States District Court for the Northern District of California. To

24  the extent the matter is being remanded for the purpose of allowing the Northern District of

25  California to conduct a hearing on Plaintiffs' Motion to Remand to State Court, Todd does not object

26  to the remand.  However, if the remand is with prejudice to Todd refiling a "Notice of Tag-Along

27  Action," if Plaintiffs' Motion to Remand to State Court is denied, then Todd objects to the remand

28  to the United States District Court for the Northern District of California.

OPPOSITION TO CONDITIONAL REMAND

-1-

G:\2770\Pleadings\Oppo.Condit.Remand

**OFFICIAL FILE COPY**
**IMAGED MAR 2 9 2007**

PLEADING NO. 5003

1  As set forth briefly below, Todd requests that the Panel clarify its Conditional Remand Order

2  to reflect that this matter is being transferred to the Northern District of California for the purpose

3  of allowing the Northern District of California to conduct a hearing on Plaintiffs' Motion to Remand

4  to State Court, without prejudice to Todd's ability to re-file a "Notice of Tag-Along Action" if the

5  Motion to Remand State Court action is denied.

6                                    II.

7                          **FACTUAL BACKGROUND**

8       On March 30, 2006, Todd removed this action from the San Francisco County Superior Court

9  to the United States District Court for the Northern District of California under the federal officer

10  removal statute, 28 U.S.C. § 1442(a)(1), because Plaintiffs' allegations against Todd are based on

11  Navy-directed repairs Todd performed on the USS TAPPAHANNOCK (AO-43). (¶2 of the

12  Declaration of George D. Yaron ("Yaron Decl"), attached hereto.)  Under *Boyle v. United*

13  *Technologies Corp.*, 487 U.S. 500 (1988), state law claims against a government contractor are

14  displaced if the contractor worked at the direction of federal officials and acted in compliance with

15  reasonably precise specifications imposed on it by the United States.

16       On April 12, 2006, Todd filed a "Notice of Tag-Along Action," notifying the Panel that the

17  above-entitled action was considered a "tag-along action," and subject to transfer to MDL No. 875,

18  venued in the United States District Court for the Eastern District of Pennsylvania, because the

19  action involves alleged injuries due to exposure to asbestos. (¶3 of the Yaron Decl.)

20       On April 28, 2006, Plaintiffs filed a Motion to Remand the matter to the California Superior

21  Court in and for the County of San Francisco. After briefing, with the submission of evidence, the

22  Northern District of California then took Plaintiffs' Motion under submission. (¶4 of the Yaron

23  Decl.)

24       On May 26, 2006, the Clerk of the Panel entered a Conditional Transfer Order (CT0-264)

25  pursuant to MDL Rule 7.4(a). However, Plaintiffs did not file an objection or an opposition to the

26  Conditional Transfer Order, and the Order became effective on June 13, 2006. (¶5 of the Yaron

27  Decl.)

28

Since May of 2006, this matter has been pending in the Eastern District of Pennsylvania. In that time, Plaintiffs have never filed a Motion to Remand this case to the Northern District of California. (¶6 of the Yaron Decl.)

On October 26, 2006, the Eastern District of Pennsylvania, through Clerk Bruce Lassman, conducted a telephonic hearing to determine whether it would hear Plaintiffs' Motion to Remand to State Court or, send the case back to the Northern District of California, so that the Northern District of California could hear the Motion.   (¶7 of the Yaron Decl.)

On January 25, 2007, a hearing on Plaintiffs' Motion to Remand to State Court went forward in the Eastern District of Pennsylvania.  The informal hearing lasted for approximately an hour and a half, with each side arguing the various points in support of its position to the Honorable  James T. Giles' Clerk, Bruce Lassman.  The parties were then advised by the Court Clerk that the Court would take the matter under submission, but stated that the matter would be transferred to the Northern District of California so that the latter could hear Plaintiffs' Motion to Remand to State Court. (¶8 of the Yaron Decl.)

On March 13, 2007, the Judicial Panel on Multidistrict Litigation filed a Conditional Remand Order, conditionally remanding this case back to the United States District Court for the Northern District of California.  (¶9 of the Yaron Decl.)

## III.

## LEGAL ARGUMENT

Rule 7.6(f) of the Rules of the Panel on Multidistrict Litigation provides in relevant part:

(f) Conditional Remand Orders.

(i) When the Panel has been advised by the transferee district judge, or otherwise has reason to believe, that pretrial proceedings in the litigation assigned to the transferee district judge are concluded or that remand of an action or actions is otherwise appropriate, an order may be entered by the Clerk of the Panel remanding the action or actions to the transferor district court. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose remand, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.   [Emphasis added.]

Rule 7.6 (c) of the Rules of the Panel on Multidistrict Litigation provides in relevant part:

(c) The Panel shall consider remand of each transferred action or any separable claim,

cross-claim, counterclaim, or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on

(i) motion of any party,
(ii) suggestion of the transferee district court, or
(iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

In this case, the Conditional Remand Order states that the transferee court (the Eastern District of Pennsylvania) advised the Panel that coordinated or consolidated pretrial proceedings with respect to the above-referenced matter have been completed, and that remand of **non-severed claims** to the transferor court, as provided in 28 U.S.C. §1407(a), was appropriate. However, pretrial proceedings have not been completed, and discovery has just begun in this matter. (¶10 of the Yaron Decl.) Other than the depositions of four percipient witnesses, no discovery has been conducted. (*Id.*) Plaintiffs' depositions have not yet been scheduled, no written discovery has been conducted, and the parties' expert witnesses remain unidentified and/or undisclosed. (*Id.*)

Assuming the Eastern District of Pennsylvania believes that remand of this matter to the Northern District of California is appropriate for reasons other than the completion of pretrial proceedings, Todd respectfully requests that the Conditional Remand Order state those reasons. Also, Todd requests that the Order be without prejudice to Todd refiling a "Notice of Tag-Along Action," subject to transfer to the Eastern District of Pennsylvania, if the Northern District of California denies Plaintiffs' Motion to Remand to State Court, because Plaintiffs' claims involve common questions of fact with actions previously transferred under Section 1407, by the Judicial Panel of Multi-District Litigation pursuant to a January 17, 1991 Order to Show Cause.

//
//
//
//
//
//
//
//

**IV.**

**CONCLUSION**

For the reasons stated above, Todd respectfully requests that the Panel clarify its Conditional Remand Order to reflect that the matter is being remanded to the Northern District of California for the purpose of allowing that Court to hear Plaintiffs' Motion to Remand to State Court, without prejudice to Todd refiling a "Notice of Tag-Along Action," if Plaintiffs' Motion to Remand to State Court is denied by the Northern District of California.

DATED: March 22, 2007

YARON & ASSOCIATES

By: _____

GEORGE D. YARON
KEITH E. PATTERSON
Attorneys for Defendant
TODD SHIPYARDS CORPORATION

## DECLARATION OF GEORGE D. YARON

1.      I am a partner with the firm, Yaron & Associates, counsel for Defendant Todd Shipyards Corporation ("Todd") in this action. I have personal knowledge of the facts recited herein and would and could testify to them, if called as a witness.

2.      On March 30, 2006, Todd filed a Notice of Removal of Action Under 28 U.S.C. §1442(a)(1) in the United States District Court for the Northern District of California. The matter was removed under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Plaintiffs' allegations against Todd are based on Navy-directed repairs it performed on the USS TAPPAHANNOCK (AO-43).

3.      On April 12, 2006, Todd filed a Notice of Tag-Along Action.

4.      On April 28, 2006, Plaintiffs filed a Motion to Remand to State Court. After briefing, with the submission of evidence, Plaintiffs' Motion to Remand to State Court was taken under submission.

5.      On May 26, 2006, the Clerk of the Panel entered a Conditional Transfer Order (CTO-264) pursuant to MDL Rule 7.4(a). Plaintiffs did not file an objection or an opposition.

6.      Plaintiffs have never filed a Motion to Remand this case to the Northern District of California.

7.      On October 26, 2006, David Steele of my office attended a telephonic hearing conducted by Bruce Lassman, Clerk to the Honorable James T. Giles of the Eastern District of Pennsylvania. The informal hearing was conducted to determine whether the Eastern District of Pennsylvania would hear Plaintiffs' Motion in Remand to State Court or, send the case back to the Northern District of California, so that Judge Claudia Wilkins could hear the Motion.

8.      On January 25, 2007, a hearing on Plaintiffs' Motion to Remand to State Court went forward in the Eastern District of Pennsylvania. The informal hearing lasted for approximately an hour and a half with each side arguing the various points in support of its position to Judge Giles' Clerk, Bruce Lassman. The parties were then advised by the Court Clerk that the Court would take the matter under submission, but stated that the matter would be transferred to the Northern District of California so that the Northern District of California could hear Plaintiffs' Motion to Remand to

1   State Court.

2       9.      On March 19, 2007, my office received a Conditional Remand Order from the

3   Judicial Panel on Multidistrict Litigation, dated March 13, 2007, conditionally remanding this case

4   back to the United States District Court for the Northern District of California.

5       10.     Pretrial proceedings have not been completed.  Discovery has just begun in this

6   matter.  Other than the depositions of four percipient witnesses, no discovery has been conducted.

7   Plaintiffs' depositions have not yet been scheduled, no written discovery has been conducted, and

8   the parties' expert witnesses remain unidentified and/or undisclosed.

9       I declare under penalty of perjury under the laws of the State of California that the foregoing

10  is true and correct and this declaration was executed on March 22, 2007.

11

12

13

14                              GEORGE D. YARON

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is Yaron & Associates, 601 California Street, 21st Floor, San Francisco, California 94108-2826.

On **March 23, 2007**, I served the within:

**DEFENDANT TODD SHIPYARDS CORPORATION'S CONDITIONAL OPPOSITION TO AND/OR REQUEST FRO CLARIFICATION OF CONDITIONAL REMAND ORDER [Rule 7.b(f)(ii) and (iii)]**

in a sealed envelope with postage thereon fully prepaid, addressed to:

SEE ATTACHED SERVICE LIST

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **March 23, 2007**, at San Francisco, California.

_____
IRIS NISHIMOTO

RECEIVED
CLERK'S OFFICE
2007 MAR 23  P 2: 57
JUDICIAL PANEL ON
MULTIDISTRICT

**SERVICE LIST ATTACHMENT**
*Mara J. Ballenger v. AGCO Corporation*
**United States District Court, for the Northern District of California, San Francisco Division**
**Case No.: C 06-02271 CW**
Our File No. 2770

**REPRESENTING:**
**Plaintiffs**
LEVIN, SIMES & KAISER LLP
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Tel:    (415) 273-8133
Fax:    (415) 981-1270

**REPRESENTING:**
**Foster Wheeler, J.T. Thorpe & Son, Inc.**
BASSI MARTINI EDLIN & BLUM
351 California St., Suite 200
San Francisco, CA 94104
Tel:    (415) 397-9006
Fax:    (415) 397-1339

**REPRESENTING:**
**FMC Corporation**
McNAMARA DODGE, et al.
P.O. Box 5288
Walnut Creek, CA 94596
Tel:    (925) 939-5330
Fax:    (925) 939-0292

**REPRESENTING:**
**AGCO Corporation**
GORDON & REES
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel:    (415) 986-5900
Fax:    (415) 986-8054

**REPRESENTING:**
**Designated Defense Counsel**
BERRY & BERRY
2930 Lakeshore Drive
Oakland, CA 94610
Tel:    (510) 835-8330
Fax:    (510) 835-5117

**REPRESENTING:**
**AGCO Corporation**
MASON & THOMAS
2151 River Plaza Drive, Suite 100
Sacramento, CA 95833
Tel:    (916) 567-8211
Fax:    (916) 567-8212

**REPRESENTING:**
**Sulzer (US) Inc.**
MORGENTSTEIN & JUBELIRER
One Market Plaza, Spear Street Tower
32nd Floor
San Francisco, CA 94105
Tel:    (415) 901-8700
Fax:    (415) 901-8701

**REPRESENTING:**
**Terex Corp.**
McKENNA LONG & ALDRIDGE LLP
101 California Street, Floor 41
San Francisco, CA 94111
Tel:    (415) 267-4000
Fax:    (415) 267-4198

**REPRESENTING:**
**Crown Cork & Seal.**
ARMSTRONG & ASSOCIATES
One Kaiser Plaza, Suite 625
Oakland, CA 94612
Tel:    (510) 433-1830
Fax:    (510) 433-1836

**REPRESENTING:**
**Warren Pumps, LLC**
CARROLL BURDICK &
McDONOUGH LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Tel:    (415) 989-5900
Fax:    (415) 989-0932

**REPRESENTING:**
**Plant Insulation Company**
TRAVIS PON
2271 California Street
San Francisco, CA 94115
Tel:    (415) 923-1200
Fax:    (415) 358-8551

**REPRESENTING:**
**Plant Insulation Company**
LEWIS BRISBOIS BISGAARD &
SMITH LLP
One Sansome St., Suite 1400
San Francisco, CA 94104
Tel:    (415) 362-2580
Fax:    (415) 434-0882