MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 03 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (NO. VI)

MDL No. 875 – IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION

(IN RE: CONDITIONAL TRANSFER ORDER CTO-274)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY EXECUTRIX OF THE ESTATE OF DON BELL | CIVIL ACTION NO. 06-785 |
| | JUDGE: BRADY |
| | MAGISTRATE JUDGE: DALBY |
| VERSUS | |
| ROWAN COMPANIES, ET AL | |

### UNION CARBIDE'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

NOW INTO COURT, comes Defendant Union Carbide Corporation ("Union Carbide), who respectfully requests that Plaintiff's Consolidated Motion to Vacate the Conditional Transfer Order be denied and would further show the Court as follows:

**I.**

This proceeding falls with the definition of a "tag-along" action pursuant to Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. As such, transfer to Multidistrict Litigation No. 875 is appropriate pursuant to 28 U.S.C. § 1407(c)(ii).

OFFICIAL FILE COPY

1

IMAGED APR 3 2007

## II.

In the present action, Plaintiff has filed suit against various Defendants to recover damages resulting from her deceased husband's alleged exposure to asbestos. As Plaintiff summarized in her motion, Plaintiff has sued Defendants, rather unremarkably, for alleged exposure to "raw asbestos while he [Plaintiff] was employed on marine vessels".[1]

## III.

In her brief, Plaintiff asks the Court to vacate the Conditional Transfer Order because this matter involves a single Plaintiff, because it would be a great inconvenience to the parties and witnesses, and because it would not promote just or efficient conduct if the case is transferred to Philadelphia, Pennsylvania.[2] However, these circumstances are no more unique than the circumstances in the tens-of-thousands of other asbestos cases already pending in the court system, and have already been rejected as reasons to vacate transfer.

## IV.

This Panel has previously considered, and rejected, all manner of reasons to vacate transfer, including the reasons articulated by Plaintiff. As this Panel has succinctly stated "the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos personal injury or death, and/or the unanimity of opposition to transfer by the parties to an action, **were considered and rejected by the Panel as grounds for carving out exceptions to**

---

[1] . Plaintiff's Consolidated Motion and Brief to Vacate the Conditional Transfer Order, pg. 2, ¶ 1.
[2] . Plaintiff's Motion to Vacate the Conditional Transfer Order, pgs. 3-5.

**transfer in this extraordinary docket**". *In re Asbestos Product Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349 (Jud.Pan.Mult.Lit. 2001).

### V.

This case is quite simply about alleged exposure to asbestos. It is no more unique than the matter of *Cletus Brewer vs. Noble Drilling, et al*, 06-458-JJB-SR, filed by Plaintiff's counsel, pending before the US District Court – Middle District of Louisiana, which involves the same issues -- exposure to asbestos in the oil drilling industry, many of the same Defendants, and which has also been noticed as a potential tag-a-long action. It is no more unique than the matter of *Daniel Melford vs. Peter Territo*, et al., 05-1405, involving the same issues, many of the same Defendants, and which was previously transferred to this Court.

### VII.

All Plaintiffs are unique, but the allegations in their cases are not. If it were sufficient reason to vacate transfer merely because a case involved a single Plaintiff, then Plaintiff's counsel would simply avoid this Panel's jurisdiction by parsing out their cases one-by-one. The cost of discovery cannot be reasonably asserted as grounds to vacate transfer because, regardless of where this case is pending, the discovery will still be conducted by the attorneys in Louisiana. Thus, the transfer will not affect where discovery is conducted or the cost of discovery. Finally, the fact that a cause of action arose in Louisiana is simply not enough of a distinction to defeat jurisdiction for Multi-Panel litigation. If it were, then only cases in Pennsylvania would be pending before this Panel.

## VI.

Accordingly, because this matter involves the issues for which this Judicial Panel was specifically created, Union Carbide submits that the Panel should transfer this suit for consolidation with Multidistrict Litigation No. 875 (asbestos) in the Eastern District of Pennsylvania.

Respectfully Submitted,

**ABBOTT, SIMSES & KUCHLER, PLC**

*McGready L. Richeson*

Lawrence E. Abbott, T.A. (La. Bar No. 2276)
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Sarah E. Iiams, T.A. (La. Bar No. 22418)
McGready L. Richeson, T.A. La. Bar No. 29398)
Ernest G. Foundas (La. Bar No. 24419)
Michael H. Abraham (La. Bar No. 2915)
Charlotte P. Livingston (La. Bar No. 26894)
Kendra L. Duay (La. Bar No. 25652)
400 Lafayette Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933
**Attorneys for Defendant,**
**Union Carbide Corporation**

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2007 MAR 29 A 10: 29
RECEIVED CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Brief was sent via U.S. Mail, First Class Postage Prepaid, on this 28th day of March, 2007, properly addressed to the attached Panel Service List and via electronically to all counsel of record.

*McGready L. Richeson*
McGready L. Richeson

RECEIVED CLERK'S OFFICE 2007 MAR 29 A 10: 29 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (NO. VII) 2007

MDL No. 875 – IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION

FILED
CLERK'S OFFICE

(IN RE: CONDITIONAL TRANSFER ORDER CTO-274)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY EXECUTRIX OF THE ESTATE OF DON BELL | CIVIL ACTION NO. 06-785 |
| | JUDGE: BRADY |
| VERSUS | MAGISTRATE JUDGE: DALBY |
| ROWAN COMPANIES, ET AL | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of Union Carbide's Brief in Opposition to Motion to Vacate Conditional Transfer Order, filed with the Judicial Panel on Multi-District Litigation in the above captioned matter on March 29, 2007, was sent via U.S. Mail, First Class Postage Prepaid, on the 29th day of March and/or the 2nd day of April, 2007, properly addressed to the attached Panel Service List.

McGready L. Richeson

RECEIVED
CLERK'S OFFICE
2007 APR -3 A 10: 41
JUDICIAL PANEL ON
MULTIDISTRICT

# PANEL SERVICE LIST (Excerpted from CTO-274)
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Teressa Bell, etc. v. Rowan Companies, Inc., et al.*, M.D. Louisiana, C.A. No. 3:06-785
*Daniel Jarrell v. Franks Petroluem, Inc., et al.*, W.D. Louisiana, C.A. No. 6:06-2190

Ronald A. Ammann
Chamberlain, Harlicka, White, Williams
& Martin
1200 Smith Street
Suite 1400
Houston, TX 77002

Lance Arnold
Baldwin & Haspel
1100 Poydras Street
Energy Centre
Suite 2200
New Orleans, LA 70163

Allison Naquin Benoit
Kean, Miller, et al.
301 Main Street
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821

Gary A. Bezet
Kean, Miller, Hawthorne, et al.
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Anna Louise Blanchard
King, Leblanc & Bland, LLP
6363 Woodway
Suite 750
Houston, TX 77057

Christine Z. Carbo
Strasburger & Price
1401 Mckinney
Ste 2200
Houston, TX 77010-4035

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Richard A. Chopin
Chopin Wagar Richard & Kutcher
Two Lakeway Center
3850 N. Causeway Blvd.
Suite 900
Metairie, LA 70002

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

William G. Davis
Milling, Benson, Woodward, LLP
339 Florida Street
Suite 300
Baton Rouge, LA 70801-1726

Robert E. Dille
Kean, Miller, Hawthorne, D'armond,
McCowan & Jarma
P. O. Box 3513
22nd Floor
Baton Rouge, LA 70821-3513

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
P.O. Box 71
Plaquemine, LA 70765-0071

Daniel Douglas Pipitone
Chamberlain, Harlicka, White, Williams
& Martin
1200 Smith Street
Suite 1400
Houston, TX 77002-4496

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

PANEL SERVICE LIST (Excerpted from 274) - MDL-875

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Jena W. Smith
Baldwin & Haspel
Energy Centre, Suite 2200
1100 Poydras Street
New Orleans, LA 70163

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Jim Wetwiska
Akin, Gump, Strauss, Hauer & Feld
1111 Louisiana Street
44th Floor
Houston, TX 77002-5200

Elizabeth S. Wheeler
King, Leblanc & Bland, LLP
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170

Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433