**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 5 2007

FILED
CLERK'S OFFICE

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| LINDA HUDSON, Personal Representative for the Estate of Alton Hudson, et al. | * | MDL 875– In re Asbestos Products Liability Litigation (No. VI) |
| Plaintiffs, | * | |
| | * | |
| v. | * | D. Maryland |
| | * | |
| RAPID AMERICAN CORP. , et al. | * | C.A. No. 1:06-3319-JFM |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*

### PLAINTIFFS' MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER

Come now Plaintiffs, by and through their undersigned counsel, in the above captioned

matter do hereby move this Honorable Court to Vacate the Conditional Transfer Order of the

Panel ordering the transfer of this case to the Eastern District of Pennsylvania in accordance with

28 U.S.C.A. 1407 and state as follows:

1. On December 11, 2006, Defendant CBS Corporation, a Delaware corporation, f/k/a

Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a

Westinghouse Electric Corporation [hereinafter "CBS Corporation"], filed a Notice of Removal

purporting to remove the above captioned action from the Circuit Court for Baltimore City,

Maryland to the United States District Court for the District of Maryland, Northern Division.

2. On January 9, 2007, Plaintiffs filed a Motion to Remand with the U.S. District Court

for the District of Maryland in the above captioned action to the Circuit Court for Baltimore City.

## OFFICIAL FILE COPY

Plaintiffs Motion to Remand asserts that under 28 U.S.C. Section 1441 ( c ), in exercise of the

Court's discretion, based on the specific facts of this case, remand was appropriate. That Motion

is currently pending in the Baltimore Federal Court and, at this time, no hearing has been set.

For the reasons expressly stated in the attached brief, Plaintiffs request that this

Honorable Court vacate the Conditional Transfer Order of the Panel in the above captioned

matter and request a prompt hearing.

Respectfully Submitted,

James S. Zavakos
Federal Bar #25837
Law Offices of Peter G. Angelos, P.C.
100 N. Charles Street
One Charles Center, 22nd Floor
Baltimore, Maryland 21201
(410) 649-2000
Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 5 2007

FILED
CLERK'S OFFICE

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| LINDA HUDSON, Personal Representative for the Estate of Alton Hudson, et al. | * | MDL 875– In re Asbestos Products Liability Litigation (No. VI) |
| Plaintiffs, | * | |
| | * | |
| v. | * | D. Maryland |
| | * | |
| RAPID AMERICAN CORP. , et al. | * | C.A. No. 1:06-3319-JFM |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \*

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO
VACATE CONDITIONAL TRANSFER ORDER**

**INTRODUCTION**

This brief is filed pursuant to Rule 12C of the Rules of Procedure of the Judicial Panel on

Multi-District Litigation, in support of Plaintiffs' Motion to Vacate the Conditional Transfer

Order of the Panel ordering transferring of this case to the Eastern District of Pennsylvania in

accordance with 28 U.S.C.A. 1407. This case was originally filed in the Circuit Court for

Baltimore City and sought damages from the defendants who are manufacturers, distributors or

installers of asbestos containing products. It is alleged that the plaintiff developed mesothelioma

which resulted from his occupational exposure to asbestos products for which the Defendants are

responsible. The Defendant, CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc., a

successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse

Electric Corporation [hereinafter "CBS Corporation"], removed this case to the United States

District Court for the Northern District of Maryland on grounds that federal jurisdiction existed

because one of the job sites at issue in this matter, the Coast Guard Yard in Curtis Bay,

Maryland, is a federal enclave. The notice of removal alleges that there is exclusive federal

jurisdiction pursuant to Article I, Section 8, Clause 17 of the U.S. Constitution. The plaintiffs

have filed a motion to remand these proceedings to Circuit Court in Baltimore City, on the

grounds that under 28 U.S.C. Section 1441 ( c ), in exercise of the Court's discretion, remand

was appropriate, and have submitted legal authority to the District Court for the Northern District

of Maryland that jurisdiction is proper in the Maryland State Courts. (A copy of the Plaintiff's

Motion for Remand and Supporting Memorandum is attached hereto as Exhibit #1). That motion

is currently pending in the Baltimore Federal Court and, at this time, no hearing has been set.


## ARGUMENT

### THE TRANSFER OF THIS CASE TO MDL FOR THE PURPOSE OF RESOLUTION OF PRE-TRIAL ISSUES COMMON TO ALL ASBESTOS CASES IS UNJUSTIFIED.

An action may be transferred for coordinated or consolidated pretrial proceedings only

when there are common issues of fact and when the transfer will "serve the convenience of the

parties and witnesses" and "promote the just and efficient conduct" of the action. 28 U.S.C. §

1407. The fact that a case has been designated a "tagalong case" does not preclude the necessity

of that determination. In Re: Grain Shipments 319 at Supp. 533 (JPML 1970).

It is the position of the plaintiff, that transfer by this panel is not appropriate because there

are no issues to be resolved in this proceeding which have commonality with the asbestos

2

personal injury cases pending in the Eastern District of Pennsylvania, and that  neither the convenience of the parties and witnesses nor the just and efficient conduct of the case will be served by transfer to the Eastern District of Pennsylvania.

Even though the claim presented in this proceeding and the issues involved are similar to those presented in the pending MDL cases in the Eastern District of Pennsylvania, the common issues have been resolved by the Maryland State Courts, and the only pretrial proceedings which are required are those which are plaintiff specific.

The purpose of Multi-District Litigation is to resolve in one proceeding pre-trial issues which are common to all of the consolidated cases.   28 U.S. C. S. § 1407(a) provides:

> When civil actions involving one or more common questions of fact are
> pending in different districts, such actions may be transferred to any district
> for coordinated or consolidated pretrial proceedings.  Such transfers shall
> be made by the Judicial Panel on Multi-District Litigation authorized by
> this section upon its determination that transfers for such proceedings will
> be for the convenience of parties and witnesses and will promote the just
> and efficient conduct of such actions.  Each action so transferred shall be
> remanded by the panel at or before the conclusion of such pretrial
> proceedings to the district from which it was transferred unless it shall have
> been previously terminated: Provided, however, That the panel may
> separate any claim, cross-claim, counter-claim, or third-party claim and
> remand any of such claims before the remainder of the action is remanded.

The transfer of this action to the Eastern District of Pennsylvania will not satisfy the purposes of the Multi-District Litigation Statute, since that transfer will not serve the convenience of the parties and witnesses and will not promote just and efficient conduct of this action.

Over the years that asbestos personal injury cases have been tried in the State Courts of Maryland, repeated discovery has been conducted on the issues common to those cases to such an extent that, in the Circuit Court for Baltimore City, these common issues are subject to uniform

3

decisions which are made applicable in each case.

Maryland is unique because it has expended substantial judicial resources to resolve asbestos litigation in its courts by holding massive consolidated trials in order to resolve common issues in a single proceeding.   These two consolidated actions, ACandS, Inc. v. Godwin, 340 Md, 334; 667 A2d. 116 (1995) and ACandS v. Abate 121 Md App. 590, 710 A2d 944 (1998) were held for the purpose of resolving common issues found in all asbestos personal injury cases.   The Maryland Court of Appeals found in Godwin that asbestos cases were particularly suitable for consolidation, because the evidence required to prove the common issues took an inordinate amount of trial time and had to be presented in each individual case.   In these consolidated actions, those common issues were decided at one time in one proceeding and would bind the thousands of plaintiffs who were affected by the case.   The pre-trial common issues  resolved in those large consolidations involve the same issues which MDL will address.   The resolution by MDL of these pre-trial issues is simply redundant and will not promote efficiency in the present case.   When mesothelioma cases are set for trial in the Circuit Court for Baltimore City under the expedited trial plan, the only issues which are subject to pretrial discovery are those, such as causation, damages, medical evidence, etc. which are specific to a particular plaintiff's case.   The plaintiff specific issues are not considered by the MDL Court and will be  resolved by the transferee court at some later date.   This will mean that  the resolution of this case would be delayed until the MDL Court has resolved these common issues. Only at that time will this case be remanded to this Court where a resolution of the plaintiff specific issues and discovery will begin.   See InRe: Radiation Incident at Washington, DC, April 5, 1974, 400 Fed.Supp. 1404 (1975).  Under the circumstances of this case, the Multi-District Litigation Plan does not promote

4

efficiency or serve justice. The plaintiff specific discovery, which is all that is necessary to prepare this action for trial, will be delayed while the Multi-District Litigation Court resolves common issues which have been resolved by the Maryland State Courts during decades of asbestos litigation.

## **CONCLUSION**

Before the Panel may transfer cases pursuant to 28 U.S.C.A. §1407, it must make an affirmative finding that 1) transfer will be for the convenience of the parties and witnesses, and 2) will promote the just and efficient conduct of the cases. For the reasons stated herein, movants submit that neither of the required findings can be made and thus respectfully asks that the Panel vacate the conditional transfer order.

## **REQUEST FOR HEARING**

Plaintiffs respectfully request that a hearing on their Motion to Vacate the Conditional Transfer Order be scheduled promptly.

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 5 2007

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I HEREBY CERTIFY that on this 5th day of April, 2007, a copy of Plaintiffs' Motion to Vacate Conditional Transfer Order and supporting memorandum were mailed via first class, postage prepaid, to the below-listed counsel:

Richard Damon Albert
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Thomas L. Doran
DeCaro, Doran, Siciliano, Gallagher, et al.
4601 Forbes Boulevard
Suite 200
P.O. Box 40
Lanham, Maryland 20703

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, Ohio 44308-1314

Ali Abed Beydoun
Carr Maloney, PC
1615 L Street, N.W.
Suite 500
Washington, DC 20036

George C. Doub, Jr.
George C. Doub, PC
12 West Madison Street
Baltimore, Maryland 21201-5231

Philip A. Kulinski
Evert Weathersby Houff
120 E. Baltimore Street, Suite 1300
Baltimore, Maryland 21201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, Ohio 44114

Katherine S. Duyer
Gavett & Datt, PC
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

John J. Boyd, Jr.
Lord & Whip, PA
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, Maryland 21201

RECEIVED
CLERK'S OFFICE
2007 APR -5 P 12: 06
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, Pennsylvania 19106-2574

Malcolm S. Brisker
Goodell, DeVries, Leech & Dann
One South Street, 20th Floor
Baltimore, Maryland 21202

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, Maryland 21202

Thomas M. Goss
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

Adam M. Chud
Goodwin Proctor, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Neil J. MacDonald
Hartel Kane Desantis MacDonald
& Howie, LLP
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770

Jeannie P. Kauffman
Bacon Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770-1411

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, Pennsylvania 19102

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, Pennsylvania 19103

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

Steven Andrew Luxton
Edwards, Burns & Krider, LLP
1660 International Drive
Suite 400
McLean, Virginia 22102-4855

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, Minnesota 55402

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, Pennsylvania 15212

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29464

Paul Joseph Day
Piper Rudnick, LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600

John J. Nagle, III.
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, Maryland 21204

Steven J. Parrott
DeHay & Elliston, LLP
36 S. Charles Street, 13th Floor
Baltimore, Maryland 21201

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, Pennsylvania 15219

Theodore F. Roberts
Venable, LLP
210 Allegheny Avenue
Towson, Maryland 21285-5517

John D. Rovan
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, Texas 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216

Alexander J. May
Brassel & Baldwin
112 West Street
Annapolis, Maryland 21401

Robert E. Swickle
Jaques Admiralty Law Firm, PC
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, Michigan 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103

Keith R. Truffer
Royston, Mueller, McLean & Reid
102 W. Pennsylvania Avenue
Suite 600
Towson, Maryland 21204

Margaret F. Ward
Moore & Jackson, LLC
305 Washington Avenue, Suite 401
Baltimore, Maryland 21204

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, Iowa 52406

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, California 90025

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, California 90025

Michael W. Siri
Robinson Woolson, PA
217 E. Redwood Street
Suite 1500
Baltimore, Maryland 21202

Michelle D. Siri
Segal, McCambridge, Singer
& Mahoney, Ltd.
One N. Charles Street, Suite 2500
Baltimore, Maryland 21202-3316

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, Pennsylvania 19102

Respectfully submitted,

James S. Zavakos
Federal Bar #25837
LAW OFFICES OF PETER G. ANGELOS, P.C.
One Charles Center
100 N. Charles Street, 22nd Floor
Baltimore, Maryland 21201-3804
(410) 649-2000

# EXHIBIT

# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

LINDA HUDSON, Pesonal            *
Representative for the Estate of
Alton Hudson, et al.             *

        Plaintiffs,              *
                v.                         Civil Action No. 06-CV-03319-JFM
                                 *
RAPID AMERICAN CORP. , et al.
                                 *
        Defendants.
                                 *

                                 *

    *       *       *       *    *       *       *       *       *


## MOTION TO REMAND

Plaintiffs by their undersigned attorneys, pursuant to 28 U.S.C.A., Section 1447 (c),

hereby moves this Court to remand the above-captioned case to the Circuit Court for Baltimore

City and to award Plaintiffs' attorneys fees and costs stemming from the Defendants' improper

removal and in support thereof states as follows:

1.      The Defendants' basis for the filing of a Notice of Removal of Civil Action in this

case is that during the Plaintiff's employment history, he was employed by the U. S. Coast Guard

as a diesel engineer at the Curtis Bay Coast Guard Shipyard in Baltimore, Maryland.  Defendants

attempt to invoke Federal jurisdiction by claiming that this location is a federal enclave and that

the Federal Court has exclusive jurisdiction of this State-based claim.

2.      In Howard A. Van Pelt. v. AC and S, Inc. et al. Civil No. S 01-949 (2001), a

mesothelioma case filed in the Baltimore City Circuit Court, the Defendants, many of whom have been named as defendants in the present case, filed a notice of removal under 28 U.S.C. Section 1331 under the theory that Plaintiff's asbestos exposure occurred on a federal enclave in Suitland, Maryland. Judge Frederick N. Smalkin, granted Plaintiff's Motion for Remand based upon his determination that Plaintiff's claim did not fall within the Court's section 1331 jurisdiction and that under 28 U.S.C. Section 1441 ( c ), in exercise of the Court's discretion, remand was appropriate. The facts surrounding the Plaintiff's exposure in <u>Van Pelt</u> are very similar to those in the present case. If anything, Plaintiff Alton Hudson suffered even greater asbestos exposure on non-federal enclave sites than the plaintiff in <u>Van Pelt</u>.

3.      This personal injury action is transitory in nature and may be maintained wherever the Plaintiff can secure jurisdiction over the Defendants. The instant case was properly filed in the State Court and that jurisdiction cannot be defeated on the basis that the Plaintiff's exposure to asbestos occurred on a Federal property.

4.      The purpose of Federal Enclave jurisdiction, which involves the protection of the Government's unencumbered use of land for Federal purposes, will not be served by removal of this action. It is not possible that this action could, in any way, impact on the U.S. Government since this action is between the Plaintiff, a civilian tradesman, and civilian manufacturers, distributors and installers of asbestos products.

5.      The complaint filed on behalf of the Plaintiff depends exclusively on State law and does not even hint of a Federal question. Decedent's complaint is identical to those of thousands of other asbestos victims whose cases have been resolved in the State Courts, including: the naming of the same Defendants, alleging the same negligent conduct of those

2

Defendants, and depending upon the same legal theories to support the causes of action. The required analysis by this Court of the contents of the Plaintiff's complaint for the determination as to whether the Plaintiff's allegations raises a Federal question to support removal, reveals that no Federal question is implicated and that remand to the State Court is required.

      6.     The Defendant's allegation that a Federal question is presented in this case will not support removal jurisdiction. In order for a cause of action to be removed under Section 1331, the Federal question created by the Constitution must be essential element of the Plaintiff's cause of action. The cause of action alleged in the instant case does not arise under the Constitution of the United States nor does the Constitution have any bearing on the Decedent's cause of action or entitlement to relief.

      7.     The exclusive Federal jurisdiction of cases arising on Federal Enclaves claimed by the Defendants is, in fact, far from exclusive, because State jurisdiction does exist for causes of actions arising on a Federal enclave. Since this action is transitory, it may be brought wherever personal jurisdiction over the Defendant can be effectuated, and since there is specific authority by the Supreme Court of the United States that a case arising on a Federal Enclave may be tried in State Court, remand of these proceedings is justified. The proper jurisdiction over this cause of action is in the Circuit Court for Baltimore City where it was originally filed. Remand of these proceedings is proper because this action does not arise under the Constitutional or laws of the United States and removal jurisdiction does not exist.

      WHEREFORE, Plaintiff respectfully requests that this Honorable Court to hold a hearing

on this Motion and remand this action to the Circuit Court for Baltimore City.

Respectfully Submitted,

/s/James S. Zavakos
James S. Zavakos
Federal Bar #25837
Law Offices of Peter G. Angelos, P.C.
100 N. Charles Street
One Charles Center, 22nd Floor
Baltimore, Maryland 21201
(410) 649-2000
Attorneys for Plaintiffs

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

LINDA HUDSON, Pesonal     *
Representative for the Estate of
Alton Hudson, et al.     *

      Plaintiffs,     *
        v.          Civil Action No. 06-CV-03319-JFM
    *

RAPID AMERICAN CORP. , et al.
    *
      Defendants.
    *

    *

     *     *     *     *     *     *     *     *     *

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

When a party attempts to remove a case from State Court pursuant to 28 U.S.C., §1331, he incurs the burden of establishing proper jurisdiction within the Federal system.  See Mulcahey v. Columbia Organic Chems, Co., Inc., 29 F.3d. 148, 151 (4th Cir. 1994). As stated by the 4th Circuit, "[t]he burden of establishing Federal jurisdiction is placed upon the party seeking removal" Id. (citing Wilson v. Republic Iron & Steel Company, 257 U.S. 92 (1921).  And "because removal raises significant Federal concerns, a Court must strictly construe removal jurisdiction.  Id. (Citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  Finally, "if Federal jurisdiction is doubtful, a remand is necessary." Id. (Citing In Re Business Men's Assur. Co. of America, 992 F.2d. 181, 183 (8th Cir. 1993).

## PLAINTIFFS CASE DOES NOT FALL UNDER THE COURT'S 28 U.S.C. §1331 JURISDICTION AS IT DOES NOT SOLELY SET FORTH A FEDERAL CLAIM

Article 1, Section 8, Clause 17 of the United States Constitution provides:

> "To exercise exclusive legislation in all cases whatsoever, over such district (not exceeding 10 miles square) as may, be cession of particular states, the acceptance of congress, become the seat of the government of the United States, to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings."

Under this clause, a federal enclave is created when the federal government acquires exclusive jurisdiction over land with the consent of the State within which the land is located. United States v. Johnson, 994 F.2d. 980, 984-85 (2d Cir. 1993).

This language defining "places" upon which "forts" and "needful buildings" can be constructed is a clear indication that Federal Enclave clause pertains only to land acquired by the United States government.  The federal courts have consistently held that federal enclaves are situated on real property.  United States v. Johnson, 994 F.2d. 980, 984 (2d Cir. 1993) (applying the clause to land); Dekalb Co. v. Henry C. Beck Company, 382 F.2d 992, 994, 995 (5th Cir. 1967) (same); Maiter v. Holley, 200 F.2d 123, 125 (5th Circ. 1952) (same).  Congressional legislation authorized the creation of federal enclaves only from federal land. 40 USCA, Sec. 255 (recognizing that only "lands or interest therefrom", can form federal enclaves); United States v. Johnson, 994 F.2d, 980, 984 (2d Cir. 1993).

The case of U.B. McCormick, III, et al. v. C.E. Thurston & Sons, Inc., in the United States District Court for the Eastern District of Virginia, Newport News Division, 977 F. Supp. 400 (1997) presented the question as to whether the USS Nimitz, a United States Aircraft

-2-

Carrier, could be considered a federal enclave.  In that case, the plaintiff, an officer on the <u>Nimitz</u> claimed injurious exposure to asbestos resulting from that service.  The defendant in that case attempted to secure federal jurisdiction by claiming that the <u>Nimitz </u>was a federal enclave.  In remanding proceedings back to state court, the trial court there held the federal enclave provision of the Constitution applies only to lands owned by the United States and that a naval vessel cannot be considered a federal enclave.

In <u>Howard A. Van Pelt. v. AC and S, Inc. et al.</u> Civil No. S 01-949 (2001)(Memorandum and Order attached hereto as **Plaintiffs' Exhibit 1**), Judge Frederick A. Smalkin, citing <u>McCormick</u>, remanded a mesothelioma case that was filed in the Baltimore City Circuit Court and was removed to Federal Court, once he determined that the Plaintiff was exposed on board naval vessels as well as within a federal enclave.   The Court explained that:

> Because it is impossible to tell whether the plaintiff's exposure to asbestos on land at Suitland or while associated with naval vessels caused his condition, and keeping in mind that, in dubious removal cases, remand is appropriate, see *McCormick*, supra 977 F. Supp. at 401, the Court concludes that this case should be remanded, as it is not solely a case setting forth a federal claim within this Court's section 1331 jurisdiction.  Rather, this is a case under section 1441 (c),where, even though there is a federal claim under *Stokes,* it is not "separate and independent," given the concurrence of a number of alleged acts of negligence by a number of defendants, and, even if there were, there is no issue of federal decisional law present, all substantive issues being governed by substantive state law.  Thus, even assuming the propriety of removal under section 1441(c),it is perfectly obvious that "State law predominates" as to **all** issues in suit between all the parties, thus making remand appropriate, in the exercise of the Court's discretion, under section 1441(c)."

<u>Van Pelt</u>, pp. 2-3 (emphasis in original).

Defendants' basis for removal of this action is that in a letter dated July 24, 2006 from

Jerold L. Abraham , M.D. to Scott Shellenberger, Esq.  at the Law Offices of Peter G. Angelos

(filed with Plaintiff's Short Form Complaint and Request for Jury Trial), Dr. Abraham stated that

the "occupational history provided indicates that Mr. Hudson worked from 1948-1970 as a diesel

engineer at locations throughout the Curtis Bay Coast Guard Shipyard in Baltimore, Md...." See

Defendant's Notice of Removal, Defendant's Exhibit 2.   However, Defendants were put on

notice at the time of the filing of the Complaint that Plaintiff's exposure to asbestos exceeded the

time period, location and job description noted by Dr. Abraham in his letter dated July 24, 2006.

In the "Inactive Civil Docket Plaintiff Information Form" that was included with Plaintiff's

Complaint and is attached hereto as **Plaintiffs' Exhibit 2**, Plaintiff's occupation when exposed to

asbestos was as a "Merchant Marine, diesel engineer, boilerman/mechanic."  Additionally, it

indicates that Plaintiff's exposure to asbestos occurred from 1939 until 1975. *Id.*   This

information is reflective of the continued investigation into Plaintiff's work history and

occupational exposure to asbestos that occurred between the time that Dr. Abraham was provided

with Plaintiff's background information and the filing of the Complaint.  Moreover, Plaintiffs

continue to investigate all aspects of Plaintiff's asbestos exposure history.  Plaintiff's have filed a

request with the Social Security Administration for Plaintiff's Social Security Administration

Earnings Information Report, but have yet to receive it.

     As of this time, Plaintiffs have identified that Mr. Hudson was enlisted in the U.S. Navy

from February, 1942 until December, 1945 where he served on board numerous navy vessels as a

machinist, shipfitter and fireman.  See Transcript of Enlisted Naval Service and Discharge Letter

attached hereto as **Plaintiffs' Exhibit 3**.  Additionally, while enlisted in the United States Coast

Guard, Plaintiff, in addition to working on board ships at the Coast Guard Yard in Curtis Bay,

spent many months on Coast Guard vessels at sea.  See U.S. Coast Guard, Transcript of Sea

Service, attached hereto as **Plaintiffs' Exhibit 4.**   Plaintiffs contend that, based upon Mr.

Hudson's job duties he was regularly and frequently was exposed to asbestos while on board

navy and coast guard vessels while at sea as well as when working in the Coast Guard Shipyard

at Curtis Bay.   In fact, Plaintiff in an oral history given to Orn Eliasson, M.D., M.P.H., on

January 11, 2006 during a physical examination, indicated that he was exposed to asbestos while

working as an engineer in the Navy for four years, as well as while working in a shipyard in New

Orleans as a boilermaker, both before and after his naval service during World Ward II.  See

**Plaintiffs' Exhibit 5**, Report of Orn Eliasson, M.D., M.P.H., January 19, 2006.   Additionally, he

stated that he suffered further asbestos exposure while a Stationary engineer at North Arundel

Hospital as well as while serving in the U.S. Coast Guard.  Id. at p. 2.

 The facts of the case at bar are similarly situated to those in the Van Pelt case, and, as

such, create a situation where this Court's section 1331 jurisdiction is inapplicable.  Unlike in

Van Pelt, where Defendants filed their Notice of Removal after receiving interrogatories that

disclosed the Plaintiff's entire occupational asbestos exposure history, Defendants in the present

case based their justification for removal on one line in a letter from a potential Plaintiff medical

expert.   In fact, as discussed above, Plaintiffs provided information with their Complaint that

indicated that Plaintiff Alton Hudson's exposure to asbestos was greater than the time period

indicated in Dr. Abraham's letter.   Moreover, with the information provided

herein outlining Plaintiff Alton Hudson's service aboard both navy vessels during his naval

service, as well as his sea service during his time in the U.S. Coast Guard (outside of the federal

enclave of the U.S. Coast Guard Shipyard at Curtis Bay) , and his additional exposure while

working as a boilerman at a shipyard in New Orleans and at the North Arundel Hospital in Glen

Burnie, Maryland, there is sufficient evidence for this Court to conclude that Remand is

appropriate, in the exercise of the Court's discretion, under section 1441(c).

## STATE COURTS HAVE JURISDICTION OVER CAUSES OF ACTIONS FOR PERSONAL INJURY ARISING ON A FEDERAL ENCLAVE

This action, being transitory in nature, can be brought in any jurisdiction where in

personam jurisdiction can be effectuated against the Defendant.

> ". . . To provide in personam relief, the Court need only have
> personal jurisdiction over the Defendant, and thus a transitory
> action may be brought in any jurisdiction in which the Defendant
> can be found."

Raphael J. Musicus, Inc. v. Safeway Stores, Inc., 743 F.2d. 503, 506 (7th Cir. 1984).

This rule applies when the personal injury transitory action occurs on a federal enclave,

since, for the same reason, the Plaintiff can maintain that action in whatever court personal

jurisdiction exists.[1]  The Supreme Court of the United States has addressed the issue as to

whether exclusive federal jurisdiction exists over a personal injury action which occurred on

federal enclave.  In Ohio River Contract Co. v. Gordon, 244 U.S. 68, 37 S. Ct. 599 (1917), the

Supreme Court held that a State Court may maintain a personal injury cause of action when the

injury occurred on a federal enclave.  As in this case, it was argued that Art. 1, ¶8, Cl. 17, of the

Constitution of the United States divested the State Court of jurisdiction to hear the case.  The

Supreme Court held:

---

[1]

See, Generally, Capt. Richard T. Altieri, Federal Enclaves: The Impact of Exclusive
Legislative Jurisdiction Upon Civil Litigation, 72 Mil. Rev. 55, 79-80 (1976).

> "And finally, an action for personal injuries being in its nature
> transitory and susceptible of being brought in any jurisdiction in
> which the Defendant may be impleaded, there is no foundation for
> contention that the Court had no jurisdiction over the subject
> matter. . ."

Id at 72, 37 S. Ct. 599, 601, 61 L. Ed. 997, 1000 (1917).

Even in cases, unlike here, where Congress has statutorily granted to the district court
exclusive federal jurisdiction over territory which is particularly important to the federal interest,
state courts continue to have jurisdiction over personal injury actions which occurred in those
territories.  The case of Gulfshore Company v. Mobile Oil Corp, 453 U.S. 473 (1981) involved a
personal injury cause of action filed by a workmen who was injured while employed on the
continental shelf of the United States.  The issue presented was whether the Outer Continental
Shelf Lands Act ("OCSCA"), the purpose of which was to assert exclusive jurisdiction of the
federal government over the continental shelf, would divest state court jurisdiction over personal
injury actions which occurred there.  The Supreme Court of the United States held that such an
exclusive jurisdictional statute had no effect upon state jurisdiction over personal injury cases
which arose on the continental shelf.

> The operation of OCSLA will not be frustrated by state-court
> jurisdiction over personal injury actions.  The factors generally
> recommending exclusive federal-court jurisdiction over an area of
> federal law include the desirability of uniform interpretation, the
> expertise of federal judges in federal law, and the assumed greater
> hospitality of federal courts to peculiarly federal claims.  These
> factors cannot support exclusive federal jurisdiction over claims
> whose governing rules are borrowed from state law.  There is no
> need for uniform interpretation of laws that vary from State to
> State.  State judges have greater expertise in applying these laws
> and certainly cannot be thought unsympathetic to a claim only
> because it is labeled federal rather than state law.

Id at 483

In this case, there is proper jurisdiction for the trial of this matter in state court, and that jurisdiction should not be disturbed simply because some of the Plaintiff's exposure to asbestos occurred on land owned by the U.S. Government.  Under the circumstances of this case, there is no reason for the federal court to divest the state court of its jurisdiction over a case which in all respects is a State action.

## REMOVAL IS PRECLUDED BY THE WELL-PLEADED COMPLAINT RULE

A plaintiff, as master of his complaint, may select a state forum by choosing to rely on state law.  The Complaint in this case is one that has been standardized by the Maryland state courts and has been utilized in literally thousands of such cases.  That complaint alleges claims which are founded solely on state law, and there is not even a hint of a federal cause of action.

Removal is only sanctioned when the right or immunity created by the Constitution or laws of the United States are essential elements of the plaintiff's cause of action.

> "How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books.  Some tests are well established.  To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the Plaintiff's cause of action.  Starion v. New York, 115, U.S. 248, 257; First National Bank v. Williams, 252 U.S. 504, 512.  The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.  Ibid; King County v. Seattle School District, 263 U.S. 361, 363, 364. [*113]  A genuine and present controversy, [**98] not merely a possible conjectural one, must exist with reference thereto (New Orleans v. Benjamin, 153 U.S. 411, 424; Defiance Water Co. v. Defiance, 191 U.S. 184, 191; Joy

> v. St. Louis, 201 U.S. 332; Denver v. New York Trust Co., 229
> U.S. 123, 133), and the controversy must be disclosed upon the
> face of the complaint, unaided by the answer or by the petition for
> removal. Tennessee v. Union and Planters Bank, 152 U.S. 454;
> Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149; The Fair
> v. Kohler Die & Specialty Co., 228 U.S. 22, 25; Taylor v.
> Anderson, 234 U.S. 74. Indeed, the complaint itself will not avail
> as a basis of jurisdiction in so far as it goes beyond a statement of
> the plaintiff's cause of action and anticipates or replies to a
> probable defense. Devine v. Los Angeles, 202 U.S. 313, 334; The
> Fair v. Kohler Die & Specialty Co., supra.

Gully v. First Nation Bank in Meridian, 299 U.S. 109, 112 (1936).

The fact that the Constitution of the United States intended to give the United States

government unencumbered use of federal enclaves does not make the fact that the cause of action

arose upon federal land an element of the plaintiff's cause of action, much less an essential one,

Gully v. First National Bank, 299 U.S. 109, 112 (1936), nor does it create a cause of action or

cause the plaintiff's right to relief to depend upon the resolution of a substantial question of

federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. at 1 (1983).

The "well-pleaded complaint" rule, discussed in Caterpillar, Inc. v. Williams, 482 U.S.

386, 392, 2935 S. Ct. at 2429, 6 L. Ed. 2d. 318 (1987), provides that Federal jurisdiction exists

only when a Federal question is presented on the face of the Plaintiff's properly pleaded

complaint. As such, Plaintiff, as master of his complaint, may select a state forum by choosing to

rely on state law claims only, even if the facts alleged also support a claim under federal law.

See Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463

U.S. 1, 22, 103 S. Ct. 2841, 2853, 77 L. Ed. 2d. 420 (1977); Chessire v. Coca Cola Bottling

Affiliated, Inc., 758 F. Supp. 1098, 1100 (Greenville Div. - S.C. 1990).

Even in cases where a potential federal question is presented, removal jurisdiction is far

from assured.  In <u>Merrill Dow Pharmaceuticals v. Thompson</u>, 478 U.S. 804, 106 S. Ct. 3228, 92

L. Ed. 2d. 650 (1986), the U.S. Supreme Court stressed that the jurisdictional inquiry under

§1331 be made with restraint and requires sensitive judgements about Congressional intent,

judicial power and the federal system.  <u>Id,</u> 478 U.S. at 810, 106 S. Ct. 3229, 92 L. Ed. 2d. 650,

659.  <u>Merrill Dow</u> also requires that the district court evaluate the nature of the federal interest at

stake.  <u>Id</u> at 814 (fn. 12), 106 S. Ct. 3229, 3235, 92 L. Ed. 2d. 650, 662 (1986).

     In this case that inquiry requires remand of this case to the Circuit Court for Baltimore

City because no federal interest is involved and the intent behind federal enclave "exclusive

jurisdiction" is completely lacking. The federal interest involves the government's right to

unencumbered use of its facilities.  The allegations contained in the instant complaint could not

in any way impact upon the possessory rights of the United States Government.  No government

official or contractor is named in the Complaint or is there any possible liability as a result of this

cause of action to the federal government or its agents.  The plaintiff seeks damages from civilian

manufacturers, distributors and installers of asbestos products, and there is no possibility of

infringement of any control the federal government has over the Federal Buildings at which the

Plaintiff worked.

     The purpose of federal enclave jurisdiction is to assure that the federal government shall

have unrestricted use of the land for the governmental purposes for which the land was acquired,[2]

but does not extend to areas outside of those Federal responsibilities.

     It appears to be settled law that the cession or purchase of

---

[2]

  <u>See</u>, Generally, Capt. Richard T. Altieri, <u>Federal Enclaves: The Impact of Exclusive
Legislative Jurisdiction Upon Civil Litigation</u>, 72 Mil. L. Rev. 55, 57-61 (1976).

territory does not create an absolute exclusive sovereignty within
the Federal Enclave - as contradictory as that term may appear.

The modern view is that the term "exclusive" as used in the
U.S. Const. Art. 1, §8, Cl. 17, relates to protection of the Federal
Government against conflicting regulations (citations omitted).

The fact that the United States acquires exclusive
jurisdiction over property purchased with the consent of a State
does not necessarily divest the State of all power with respect to it;
on the contrary, so long as [the State's jurisdiction] in no way
interferes with the jurisdiction asserted by the Federal Government,
the State may continue to exercise its power.

The Board of Chosen Freeholders of the Country of Burlington, et al. v. McCorkle, 98 N.J.
Super, 451, 460, 237 A.2d. 640, 645 (1968) (citation omitted)

"Even though the Federal Government may own and for
certain purposes exercise a relatively high degree of control over a
military reservation within the State, that control is for the
purposes of its military operations and the only legitimate
command or restraint it may exercise over civilian employees is
that which is consistent with and necessary for such military
purposes."

Rothfels v. Southworth, 11 Utah 2d. 169, 172, 356 P.2d. 612, 614 (1960).

In the absence of any federal interest in this case, retention of this action by the federal

court is not justified and does not serve the purposes of the constitutional provision.


**THE AUTHORITY CITED BY DEFENDANTS DOES NOT SUPPORT REMOVAL**

The Defendants cite two district court cases for the proposition that removal in this case

is justified: Aiken v. Big Three Industries, Inc., 851 F. Supp. 819 (E.D. Tex 1994) and Fung v.

Apex Corporation, 816 F. Supp. 569 (N.D. Cal. 1992). The facts presented in those two cases

are worlds away from those presented here. In both of the cited cases, the plaintiff's employment

-11-

was directly related to the weapons systems of the United States Government.  Their employment and work on the weapons systems was the direct cause of their exposure to hazardous substances, and that work was conducted exclusively on federal enclaves.  Further, the Government contractors, who were responsible for the construction and maintenance of the weapons systems, were party defendants.  The federal government's supervision and specifications were in integral part of the litigation.  The court's reasoning in Aiken, supra, confirms that the facts of that case compelled removal of the cause of action to the federal court because of the vital government interest involved and because of the relationship of the claimed injury to the operation of the Federal enclave.

> "The present conflict presents a compelling argument for a holding that federal enclave jurisdiction exists over the tort claims.  The United States Air Force is entrusted with this nation's defense.  The Air Force entreated plaintiffs to perform important maintenance tasks on jet engines.  All plaintiffs performed all duties on Tinker Air Force Base.  And the plaintiffs now claim that these very duties –repairing jet engines–resulted in personal injuries.  As a result, this court holds that in a toxic exposure case such as this, when the plaintiffs' claims arise out of exposure to chemicals on base in furtherance of their employment duties, enclave jurisdiction is properly invoked."

Id. at 822.

The Defendant's reliance on Fung v. Abex Corporation, 816 F. Supp. 569 (1992), and Akin v. Big Three Indus., Inc., 851 F. Supp. 819 (1994), does not support the assertion that remand of this case to the state court is precluded.  Fung supported its holding that a state court action should not be remanded on the basis of holdings in Willis v. Craig, 555 F.2d 724 (9th Cir. 1977), and Mater v. Holley, 200 F.2d 123 (5th Cir. 1952).  Both of the cited cases involved complaints which were originally filed in the federal court.  The question before those courts was

-12-

whether there was federal jurisdiction, since the injuries occurred on a federal facility.  Both cases held there was federal jurisdiction, but neither of those cases held that concurrent federal jurisdiction was superior to that of the state.  The Fung case also involved a direct implication of federal involvement, since General Dynamics, a government contractor, was a defendant in the suit, while in Akin, the manufacturer of the jet engines, was sued by the Plaintiff.  In both cases, the suits were directly related to Weapon Systems of the United States, and it was specifically found that federal jurisdiction was proper under Federal Officer Jurisdiction.  (28 U.S.C. 1442(a)(1)).

In Fong and Akin, the Plaintiff's injurious exposures solely involved the plaintiffs' duties on the federal enclave.  In Akin, the Court recognized that the activities on the air force base involved serious matters of national defense, and the Court also considered the intent fo the constitutional provision in citing Mater for the proposition that there should be a federal forum in which to litigate controversies arising on such lands to prevent state judicial interferences in matters likely to involve substantial federal interest.  It is also significant that in both Fung and Akin, the fact that the injurious exposures occurred on a federal reservation was apparent on the face of the complaint.

The case of Mellendez v. Glastic Corp., U.S. District Court for the Eastern District of Virginia, 1996 U.S. Dist. Lexis 4537, involved circumstances comparable to that found here.  In that case, the Plaintiff was injured on the Norfolk Naval Base and subsequently filed a complaint in state court seeking damages under state law theories of liability.  The Defendants removed the case to the federal district court.  In deciding the Motion for Remand to the state court, the district court criticized the holding in Akin.  The court stated:

-13-

"This Court disagrees with the <u>Akin</u> analysis. The Plaintiff in the present case has alleged state law theories of liability. The fact that the injuries occurred to a federal employee on the Norfolk Naval Base is insufficient to raise a federal question."

See also, <u>Misner v. Cleveland Wrecking Company of Cincinnati</u>, 25 F.Supp. 763 (W.D. Miss. 1938) (District Court held that a motion to remand should be granted in circumstances as found here, since it is the obligation of state courts to interpret state law and not the federal courts).

## CONCLUSION

1.  Jurisdiction is proper in the Circuit Court for Baltimore City, and the trial of this action in State Court is required.

2.  The removal of this action, does not serve the Constitutional purpose of "exclusive" federal enclave jurisdiction.

3.  Plaintiff's cause of action is exclusively based on state law and a "federal question" does not have any relevance to the cause of action, removal is not proper.

4.  Since neither federal law nor the Constitution of the United States forms any part of the cause of action or Plaintiff's entitlement to relief, federal jurisdiction does not arise.

Respectfully Submitted,

<u>/s/ *James S. Zavakos*</u>
James S. Zavakos
Federal Bar #25837
Law Offices of Peter G. Angelos, P.C.
100 N. Charles Street
One Charles Center, 22nd Floor
Baltimore, Maryland 21201
(410) 649-2000
Attorneys for Plaintiffs

-14-

# Exhibit

# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD A. VAN PELT      \*

     v.      \*    Civil No. S 01-949

AC and S, Inc., et al.      \*

....................................................................................................................................

MEMORANDUM OPINION

    This is an asbestos product liability case originally filed in the Circuit Court for Baltimore City, Maryland, and removed to this Court on the basis of federal question jurisdiction after answers to interrogatories allegedly showed that the plaintiff's exposure to asbestos was exclusively on naval vessels of the United States and in buildings located on lands within the exclusive legislative jurisdiction of the United States. There is no complete diversity of citizenship. The plaintiff has moved to remand the case. The removing defendant has opposed remand. No further briefing or oral argument is needed. Local Rule 105.6, D.Md.

    The removing defendant, first, argues that this Court may not, or, if it may, then it should not, exercise jurisdiction over the pending motion, because the case has been conditionally transferred to another district for pretrial proceedings under the rules of the Judicial Panel on Multidistrict Litigation. There is, however, an opposition to the conditional transfer order pending. Under Panel Rule 1.5, *see* 192 F.R.D. 459, 461 (2000), the transfer proceedings, in their present state, do "not in any way limit the pretrial jurisdiction of [this] court." Thus, because it is clearly in the best interests of judicial economy that the present issue be resolved in the least complex way possible, this Court will proceed to resolve the remand issue.

There is vintage Fourth Circuit authority for the proposition that the District Courts have original, concurrent jurisdiction over tort actions arising on lands within the exclusive legislative jurisdiction of the United States. *Stokes v. Adair*, 265 F.2d 662 (4th Cir. 1959). (Stokes was a case originally filed in the federal system, so there was no question of removal presented.)

In this case, it is said that the plaintiff's exposure to asbestos was of two distinct kinds. One was while he was working on a federal enclave in Suitland, Maryland. Clearly, this Court has original jurisdiction over claims arising from such exposure under *Stokes, supra.* The other exposure plaintiff is said to have received occurred while he was on United States naval vessels "either while under construction or at sea."

Although there is conflicting authority, it seems to the Court that the better rule in the case of exposure aboard naval vessels was that adopted by a district court within this Circuit, holding that there is no "federal enclave" original jurisdiction over such cases. *McCormick v. C.E. Thurston & Sons, Inc.*, 977 F.Supp. 400 (E.D.Va. 1997). This Court will follow *McCormick*, which emanates from a respected admiralty court. This Court also notes that, while under construction and before it is put in commission, a nascent naval vessel is located on land of the shipbuilder, which may or may not be within a federal enclave, but is not said in this case to have been within a federal enclave.

Because it is impossible to tell whether the plaintiff's exposure to asbestos on land at Suitland or while associated with naval vessels caused his condition, and keeping in mind that, in dubious removal cases, remand is appropriate, *see McCormick, supra,* 977 F.Supp. at 401, the Court concludes that this case should be remanded, as it is not solely a case setting forth a federal claim within this Court's section 1331 jurisdiction. Rather, this is a case under section 1441(c), where, even though there is a federal claim under *Stokes,* it is not "separate and independent," given the concurrence of

2

a number of alleged acts of negligence by a number of defendants, and, even if there were, there is no issue of federal decisional law presented, all substantive issues being governed by substantive state law. Thus, even assuming the propriety of removal under section 1441(c), it is perfectly obvious that "State law predominates" as to **all** issues in suit between all the parties, thus making remand appropriate, in the exercise of the Court's discretion, under section 1441(c). Of course, remand will not deprive either party of an appropriate forum, because, as the Fourth Circuit noted in *Adair, supra,* 265 F.2d at 666, any state court having personal jurisdiction over the defendant may exercise jurisdiction over a non-diversity tort claim arising on a federal enclave.

A separate order will be entered, granting the plaintiff's motion for remand, and remanding this case to the Circuit Court of Maryland for Baltimore City, with the removing defendants to pay the costs of removal, but with each party to bear its own attorney's fees in connection with removal and remand.


Dated: May 15th, 2001                                   _____
                                                        Frederic N. Smalkin
                                                        U.S. District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____FILED  _____ENTERED
_____LODGED  _____RECEIVED

MAY 1 5 2001

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

HOWARD A. VAN PELT

v.

AC and S, Inc., et al.

\*
\*
\*
\*
\*
\*

Civil No. S 01-949

*M 01-000098*

ORDER OF REMAND

For the reasons stated in a Memorandum Opinion issued this date, it is, by the Court, this 15th day of May, 2001, ORDERED:

1. That plaintiffs' motion to remand BE, and it hereby IS, GRANTED;

2. That this case BE, and it hereby IS, REMANDED to the Circuit Court of Maryland for Baltimore City, with each party to pay its own attorney's fees associated with removal and remand, but with costs of removal and remand to be assessed against the removing defendants; and

3. That the Clerk send copies hereof and of the said Opinion to counsel, and a certified copy hereof to the Clerk of the said Circuit Court of Maryland for Baltimore City, and to the Clerk of the Judicial Panel on Multidistrict Litigation.

I hereby attest and certify on_____5/15/01_____
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By_____Deputy

_____
Frederic N. Smalkin
U.S. District Judge

15

# Exhibit

# 2

IN RE:      **ASBESTOS PERSONAL**    *    **IN THE**
              **INJURY AND WRONGFUL**
              **DEATH ASBESTOS CASES**   *    **CIRCUIT COURT**

                                     *    **FOR BALTIMORE CITY**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**LINDA HUDSON as Personal**      *
**Representative for the Estate of**
**ALTON L. HUDSON**           *

     **Plaintiffs**           *

**vs.**                      *    **DOCKET NO.:**

**JOHN CRANE-HOUDAILLE, INC.,**   *    **CT-4   OTHER ASBESTOS CASES**
**et al.**
                             *

     **Defendants**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### INACTIVE CIVIL DOCKET PLAINTIFF INFORMATION FORM

1. Claimant's Name     Hudson     Linda
                        Last        First     Middle

2. Claimant's Address     8 Appian Way

                        Pasadena, MD 21122

3. Claimant's Social Security Number    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

4. Claimant's Date of Birth   7/6/21

5. Claimant's Marital Status: Married  \_\_  Single \_

               Separated \_\_  Widow  X   Divorced \_

6.    If the Claimant is a different person than the person whose alleged injurious exposure to asbestos gives rise to this claim, give the following information concerning the alleged exposed person:

    Name  Hudson        Alton     L.
              Last         First     Middle

    Date of Birth  5/12/21

Date of Death (if applicable) __2/19/06_____

Cause of Death (if applicable)___Mesothelioma_____

Social Security Number _____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_____

Claimant's relationship to alleged exposed person:

_Spouse/ Personal Representative_____

7.  Claimant/Alleged Exposed Person's occupation when exposed to asbestos:

Merchant marine, diesel engineer, boilerman/mechanic

8.  Claimant/Alleged Exposed Person's beginning and ending dates  (month/year to month/year) of exposure to asbestos:

From: __1939____   To: ___1975___

9.  Specific asbestos-related condition claimed to exist (check all that apply:

| Condition | | Dx Date | |
|---|---|---|---|
| Non-malignant pleural changes | _ | Dx Date | _____ |
| Asbestosis | _ | Dx Date | _____ |
| Mesothelioma | x | Dx Date | 1/19/06 |
| Bronchogenic (Lung) Carcinoma | _ | Dx Date | _____ |
| Other Cancer | _ | Dx Date | _____ |
| Other Condition (specify) | _ | Dx Date | _____ |

10.  The following material is attached in support of the claim that the conditions indicated in paragraph 9 above are asbestos related (include all required by the Rule):

| Material | | Dated | |
|---|---|---|---|
| Chest X-ray Report | _ | Dated | ____ |
| Pulmonary Function Test | _ | Dated | ____ |
| Pathology Reports | X | Dated | 7/24/06 |
| Report of Pulmonary Specialist | _ | Dated | ____ |
| Report of B-Reader | _ | Dated | ____ |
| Report of Cancer Specialist | _ | Dated | ____ |
| Other (specify) _____ | _ | Dated | ____ |

11.    Name of each company that would be sued as a defendant if the case were placed on the active docket:

Rapid American; Goodyear Tire & Rubber; Durabla; MCIC, Inc.; CBS; Metropolitan Life Insurance; A.W. Chesterton; Certainteed; Bondex International; RPM, Inc.; Kaiser Gypsum; Union Carbide; Hercules Chemical; Bayer Cropscience; Cooper Industries; Foster Wheeler; Selby Battersby; Green Tweed; Conwed Corp.; Ingersoll-Rand; Crane Co.; William Powell Co.; Kelly-Moore Paint Co.; Gorman-Rupp Co.; Buffalo Pumps; IMO Industries; Square D Company; American Standard; A.O. Smith; Superior Boilers; Cummins, Inc.; York Shipley; International Paper Co.; Kaiser Cement; General Motors; Garlock; Owens Illinois; Honeywell; Allis Chalmers; EnPro Industries, Inc.

12.    Name, address and telephone number of claimant's counsel:

James Zavakos, Esquire
Law Offices of Peter G. Angelos
A Professional Corporation
One Charles Center
100 N. Charles Street
Baltimore, Maryland 21201-3812
410-649-2000

13.    Certification:  I do hereby certify in accordance with the provisions of the Maryland Rules of Procedure that I am counsel for the above-named Claimant, that the information set forth to support the claim being filed herein is true and correct, that no payment for this claim or one substantially similar to it as to this Claimant has been received from any entity listed in Paragraph 11 above, and that there is no proceeding pending in this or any other jurisdiction on behalf of the claimant or exposed person listed herein which is substantially similar to the present claim in its factual allegations.

/s/ James Zavakos
James Zavakos
Claimant's Counsel

# Exhibit

# 3

8243B-BWB
644 25 77

1 October 1946

Mr. Alton L. Hudson
2508 North Roman Street
New Orleans, Louisiana.

Dear Mr. Hudson:

With reference to your letter of recent date
the following transcript of your enlisted
naval service is furnished.

| | |
|---|---|
| 12 May 1921 | Born in New Orleans, Louisiana. |
| 10 Feb 1942 | Enl in USNR at NRS New Orleans, Louisiana as Fireman Third Class to serve for a period of two years. RAD. |
| 18 Feb 1942 | RepAD.  T NTS, San Diego, California. |
| 21 Feb 1942 | R NTS, San Diego, California. |
| 15 Apr 1942 | T & R Ship Repair Unit, San Diego, California. |
| 16 Nov 1942 | T & R RecSta, Terminal Island, California. |
| 23 Nov 1942 | T & R EPIC Unit. |
| 1 Feb 1943 | CR Fireman Second Class. |
| 1 Apr 1943 | CR Fireman First Class. |
| 1 May 1943 | CR Shipfitter Third Class. |
| 1 Jul 1943 | CR Fireman First Class. |
| 1 Sep 1943 | CR Motor Machinist's Mate Second Class. |
| 19 May 1944 | CR Motor Machinist's Mate Third Class. |
| 26 Jun 1944 | T RS, San Francisco, California. |
| 24 Jul 1944 | R RS, San Francisco, California. |
| 27 Sep 1944 | T RecSta, Mobile, Alabama. |
| 2 Oct 1944 | R RecSta, Mobile, Alabama. |
| 9 Oct 1944 | T & R USS BURIAS (AG-69). |
| 30 Jan 1945 | T & R USS YH 60. |
| 23 Mar 1945 | T & R AtCom Eniwetok (Administrative purposes). |
| 1 May 1945 | CR Motor Machinist's Mate Second Class. |
| 11 Jul 1945 | T USS APL 42 (Com ServDiv 102). |
| 13 Jul 1945 | R USS APL 42 (ComServDiv 102). |
| 3 Nov 1945 | T PSC, AB, New Orleans, Louisiana. |
| 3 Dec 1945 | R PSC, AB, New Orleans, Louisiana. |
| 5 Dec 1945 | Issued an Honorable Discharge. |

SKMC:  23 Oct 1944 to 28 Oct 1944

By direction of Chief of Naval Personnel:

Sincerely yours,

W. A. HAMEL, Lieutenant (jg
Records Activity   USN

## THE SECRETARY OF THE NAVY

### WASHINGTON

December 22, 1945

My dear Mr. Hudson:

I have addressed this letter to reach you after all the formalities of your separation from active service are completed. I have done so because, without formality but as clearly as I know how to say it, I want the Navy's pride in you, which it is my privilege to express, to reach into your civil life and to remain with you always.

You have served in the greatest Navy in the world.

It crushed two enemy fleets at once, receiving their surrenders only four months apart.

It brought our land-based airpower within bombing range of the enemy, and set our ground armies on the beachheads of final victory.

It performed the multitude of tasks necessary to support these military operations.

No other Navy at any time has done so much. For your part in these achievements you deserve to be proud as long as you live. The Nation which you served at a time of crisis will remember you with gratitude.

The best wishes of the Navy go with you into civilian life. Good luck!

Sincerely yours,

*James Forrestal*

James Forrestal

Mr. Alton Lyle Hudson
2508 N. Roman St.
New Orleans, Louisiana

# Exhibit

# 4

**TREASURY DEPARTMENT**
**U. S. COAST GUARD**
**CGHQ-4290 (10-63)**

# TRANSCRIPT OF SEA SERVICE

DATE

26 April 1967

NAME *(Last, first, middle)*

HUDSON, Alton Lyle

SERVICE NUMBER

274 506

DATE OF ORIGINAL ENLISTMENT IN COAST GUARD

9 August 1948

DATE AND TYPE OF LAST DISCHARGE

5-12-65 Retired

| NAME OF VESSEL | FROM | TO | RATING HELD |
|---|---|---|---|
| CGC SHADBUSH | 8-14-48 | 5-9-49 | Engineman, second class |
| CGC IRIS (WAGL-395) | 5-14-49 | 8-6-49 | " " " |
| CG-65025-D | 8-19-49 | 1-31-50 | " " " |
| USCG LIGHTSHIP #538<br>" " " | 2-8-50<br>10-16-50 | 10-15-50<br>7-22-51 | " " "<br>Engineman, first class |
| CG-64302 | 7-26-51 | 12-19-51 | " " " |
| CGC ABSECON (WAVP-374) | 12-20-51 | 9-15-52 | " " " |
| CGC APALACHEE (WYT-71) | 9-15-52 | 6-24-53 | " " " |
| CGC CONIFER (WAGL-301) | 7-1-53 | 1-1-54 | " " " |
| CGC ABSECON (WAVP-374) | 7-24-59 | 4-5-60 | " " " |
| CGC NETTLE (WAK-169)<br>" " " | 5-27-60<br>7-1-61 | 6-30-61<br>11-14-61 | " " "<br>Chief Engineman Provisional |
| CGC WISTARIA (WAGL-254) | 12-12-61 | 3-5-62 | " " " |
| CGC WHITE PINE (WAGL-547)<br>" " " " | 3-5-62<br>8-1-63 | 7-31-63<br>11-3-64 | " " "<br>Chief Engineman |

TO

ENC Alton Lyle HUDSON
274 506, USCG, Retired
#8 Appian Way, Route #6
Pasadena, Maryland 21122

"Certified to be a t[...]
copy of the original[...]

Examiner

FROM

S. HUTCHINSON
Chief, Records Branch
Enlisted Personnel Division
By direction of the Commandant

# Exhibit

# 5

FEB 2 1 2006

# ORN ELIASSON, M.D., M.P.H.
Board Certified in Internal Medicine, Pulmonary Medicine and Critical Care
Board Eligible in Occupational Medicine, NIOSH-Certified B-Reader

9106 Philadelphia Road, Suite 208, Baltimore, MD  21237
Phone: (410) 391-0646     Fax: (410) 391-8565

January 19,2006

Joy Quagliana,
Law Offices P. Angelos, 5905 Harford Road
Baltimore, MD  21214

Mr. Alton L Hudson
8 Appian Way
Pine Grove Village
Pasadena MD 21122
(410) 255-9150 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

Dear  Joy Quagliana;

I had the pleasure of seeing ALTON HUDSON in my office for a complete history and physical exam on 01/11/06.

## Subjective

Chief Complaint: asbestos exposure
Subjective: Mr. ALTON HUDSON, a 84 year-old male, is here for assessement of his lung status. He recently had a thoracoscopic evaluation for pleural effusion, with talc pleurodesis. Found to have asbestosis, and a benign asbestos related effusion.

At the present time he has the following lung symptoms: He has difficulty breathing on exertion. It occurs mostly on exertion, as when walking up steps or up a grade. He reports dyspnea when hurrying on the level or when walking up a slight hill (Grade I dyspnea). Furthermore he has to stop for breath when walking at own pace on level ground (Grade III dyspnea). Has to stop for breath after walking 100 yards or less on the level (Grade IV dyspnea).

He wakes up at night with difficulty breathing. Becomes dyspneic when flat on back.

Ankles tend to swell. He reports that the chest sounds wheezy or whistling. Wheezes occasionally, apart from colds.

Has chronic cough and phlegm that meets ATS criteria for chronic bronchitis. The cough has been present for 5 years. Usually coughs up phlegm in the morning upon getting up. Estimated amount of phlegm brought up daily: about 10 cc. Color of the phlegm: yellow. Wakes up at night with coughing spells.

Reports prolonged chest colds (3 weeks or longer), occurring yearly. Colds usually move into the chest (more than half the time).

No antecedent lung disease prior to age 16. He denies history of asthma, TB, fractured ribs.

## Past History

Hospitalizations: North Arundel pleurodesis, 2005, for asbestos related disease. Lower back surgery operated twice.
Illnesses: Hypertension, diabetes, CHF, CVA.
Family History: Non-contributory
Social History: Began smoking cigarettes at age 20. Stopped smoking cigarettes at age 60. Average number of cigarettes per day smoked in the past: 20. No ETOH.

ORN ELIASSON, M.D., M.P.H.
Re: ALTON HUDSON (I.D.# 10039)

Work History: U.S. Navy at age 20, as engineer, engine room, asbestos exposure, 4 years, about. Worked in a shipyard in New Orleans, for 2 years before WWII, and for about 2 years after the war, as a boilermaker, with exposure to asbestos. Stationary engineer at North Arundel Hospital, with further exposure to asbestos. U.S. Coast Guard, diesel engineer.

General Health: No general symptoms. Appetite has been poor in the last 4-5 months. He has lost 35-40 pounds. No fever/chills, no night perspiration. He has chronic pains in the left chest.

Lymphatics ROS: There is no history of adenopathy or diseases of the lymphatics.

Integument: He has solar keratosis on the forearms.

HEENT ROS: He has had cataract surgery.

Cardiovascular ROS: Denies chest pains on exertion or at rest other than from the surgery as above. No palpitations.

Gastrointestinal: No history of ulcers, hiatal hernia or liver disease. Appetite is preserved. No dyspeptic symptoms. No nausea or vomiting. No melena or hematochezia. No change in bowel habits. He indicates that he has had a colonoscopy, 2 years ago.

Genitourinary: He denies any urinary symptoms.

Musculoskeletal: He has OA pains 'all over'.

CNS: Denies any CNS symptoms.

**Allergies**

| No | Allergen | Description |
|----|----------|-------------|
| 1  | None     |             |

BP: 130/78  Pulse Rate: 88  Resp Rate: 20

**Physical Exam**

General: He walks slowly with a cane.

Lymphatics (PE): No lymphadenopathy was present on exam.

Skin: Solar keratosis, both arms.

Neck: No JVD/HJR. Carotids are normal bilaterally with no bruit. No lymphadenopathy.

HEENT (PE): Mucosa of nose/mouth is normal. PERLA. EOM full.

Chest Examination: Positive for rales, both bases. The rales are dry, crepitant and do not clear with cough. No rhonchi were noted. No wheezing.

Cardiovascular Examination: Normal S1S2 without rubs, murmurs or gallops. No clinical cardiomegaly.

Abdomen: Soft, nontender, no organomegaly no CVA tenderness. Good bowel sounds.

Extremities: Pitting leg edema bilaterally.

Neuro: The neurologic exam was grossly normal.

**Diagnosis**

| No | Diagnosis | ICD9 | Comments |
|----|-----------|------|----------|
| 1  | Cerebrovascular Accident (+) | 436 | |
| 2  | CHF (+) | | |
| 3  | Diabetes Mellitus (+) | 250.0 | |
| 4  | Hypertension (+) | 401.9 | |
| 5  | Bronchitis, Chronic Unspecified (+) | 491.9 | |
| 6  | Asbestosis (+) | 501 | |

**Medications**

ORN ELIASSON, M.D., M.P.H.
Re: ALTON HUDSON (I.D.# 10039)

| No | Medication | Dose | # | Freq | Comments |
|----|-----------|------|---|------|----------|
| 1 | Percoset. | 5/325mg | 1 | QID | |
| 2 | Reminyl. | 8mg | 1 | QD | |
| 3 | Zanax. | .5mg | 1 | BID | |
| 4 | Lasix. | 40mg | 1 | QD | |
| 5 | Ambien | 5MG | 1 | QHSP RN | may repeat if needed no more than two nightly. |
| 6 | Plavix | 75mg | 1 | QD | |
| 7 | Allegra | 180mg | 1 | QD | |
| 8 | Lisinopril. | 40mg | 1 | QD | |
| 9 | Nexium. | 40mg | 1 | QD | |
| 10 | Metformin. | 500mg | 1 | QD | |
| 11 | Glyburide. | 5mg | 2 | QD | |
| 12 | Metoprolol. | 80mg | .5 | BID | |
| 13 | Zocor. | 80mg | 1 | QD | |

## Discussion

Office Discussion: A chest radiograph showed extensive bilateral interstitial fibrosis and bilateral pleural plaques, both of which were caused by his asbestos exposure to a reasonable degree of medical certainty. I could not rule out a mass in the right lung.

Pulmonary function testing showed restriction with severe diffusion impairment. Pulse oximetry was 95% on room air at rest.

Labs were obtained and revealed decreased platelet count, normal CBC, and normal urine analysis.

He was advised to have a yearly chest x-ray in view of increased risk of lung cancer due to asbestos exposure. I did suggest a yearly physical, with a rectal examination. He was advised to have a colonoscopy as a screen for colorectal cancer, if not done already, in view of increased risk of GI cancer from the asbestos exposure.

I discussed the above findings with Mr. Hudson and his family. The amount of pain he has is way out of proportion to the procedure and the process that has been described, that is benign asbestos related pleural effusion and talc pleurodesis. In view of this, I am suspicious that he has a malignancy and more suspicious that he has a mesothelioma. I did schedule an MRI at North Arundel Hospital; however, it is my understanding that his insurance company did request him to sign a waiver and this was not accomplished.

Please call our office if we can be of any further help.

Sincerely,

Orn Eliasson, M.D., M.P.H.

IN RE:  PERSONAL INJURY       *    IN THE CIRCUIT COURT
        AND WRONGFUL DEATH
        ASBESTOS LITIGATION   *    FOR BALTIMORE CITY

*   *   *   *   *   *   *    *   *   *   *   *   *

**Gerald Clark,** *et al.*            **Consolidated No. 24X04000895**
       **Plaintiffs,**       *

                                    **January 17, 2006 Meso Trial Group**

**vs.**                         *
                                    **(M74)**

**ACandS, INC.,** *et al.*,        *
       **Defendants.**           **Judge Richard T. Rombro**
                          *

*   *   *   *   *   *   *    *   *   *   *   *   *

**CASE AFFECTED:**
**Edward Knell**               *    **Case No. 24X04000820**

*   *   *   *   *   *   *    *   *   *   *   *   *

### PLAINTIFFS' NOTICE OF DEPOSITION AND SCHEDULE "A" OF CORPORATE DESIGNEE(S) OF DEFENDANT GENERAL MOTORS CORPORATION

To:    All Counsel of Record

Plaintiffs and the Law Offices of Peter G. Angelos, pursuant to Maryland Rules 2-402 and 2-412, hereby give notice that they will take the deposition(s), upon oral examination, of the corporate designee witness(es) of Defendant General Motors Corporation, pursuant to Maryland Rule 2-412(d).  Plaintiffs will take said deposition(s) before a Notary Public of the State of Maryland, or any other duly qualified officer who may be selected to act in his or her place at the date, time and location set forth below, to be continued from time to time until completed.  Said testimony may be used for any and all permissible purposes.

        **Date:**        **to be designated**

        **Time:**        **to be designated**

        **Place:**       **Law Offices of Peter G. Angelos, P.C.**
                          **One Charles Center**

**100 N. Charles Street, 21ˢᵗ Floor**
**Baltimore, Maryland 21201-3804**
**(410) 649-2000**

General Motors Corporation has not designated an individual to provide testimony as its corporate designee(s), and is hereby notified that its corporate designee(s) will be examined with the areas of inquiry described in the attached "Schedule A". Said deponent(s) is (are) hereby notified to bring to the deposition all documents referred to on the attached "Schedule A".

All parties are invited to attend and participate in the examination.

Respectfully submitted,

*/s/ Ted Flerlage*
Ted Flerlage
LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation
One Charles Center
100 N. Charles Street
Baltimore, MD 21201
(410) 649-2000
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **14ᵗʰ** day of **October, 20005**, copies of the foregoing **Plaintiffs' Notice of Deposition and Schedule "A" of Corporate Designee(s) of Defendant General Motors Corporation** were electronically filed and served on all counsel of record pursuant to the Case Management Order.

*/s/ Ted Flerlage*
Ted Flerlage

2