MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2007

FILED
CLERK'S OFFICE

1 | JEFFREY A. KAISER, ESQ., [SBN 160594]
2 | JESSICA N. BIERNIER, ESQ., [SBN 239831]
**LEVIN SIMES KAISER & GORNICK, LLP**
3 | 44 Montgomery Street, 36th Floor
San Francisco, CA 94104
4 | Telephone: (415) 646-7160
Fax: (415) 981-1270
5 |
6 | Attorneys for Plaintiffs
7 |
8 |
9 | **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

10 | GERALDINE BURTON, individually and as ) MDL Docket No. 875—In re Asbestos
Personal Representative to the Estate of ) Products Liability Litigation (No. VI)
11 | HAROLD BURTON, decedent; BLAINE )
BURTON, and MARK BURTON, ) **NOTICE OF MOTION**
12 | ) **TO VACATE CONDITIONAL**
) **TRANSFER ORDER**
13 | Plaintiffs, )
)
14 | ) [From the UNITED STATES DISTRICT
) COURT, NORTHERN DISTRICT OF
15 | vs. ) CALIFORNIA, SAN FRANCISCO:
) The Honorable Susan Illston
16 | ) Courtroom 10, 19th Floor
) Case No. C07-0702 SI ]
17 | )
18 | A.W. CHESTERTON COMPANY, et. al., )
)
19 | Defendants. )
20 | )

21 |
22 | TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:
23 |
24 |     Plaintiffs, GERALDINE BURTON, individually and as Personal Representative to the Estate
of HAROLD BURTON, decedent; BLAINE BURTON, and MARK BURTON, hereby file their
25 |
Notice of Motion and Brief to Vacate the Conditional Transfer Order dated March 8, 2007. Removal
26 |
of this case from California state court was grossly improper. Transfer of this case to the Eastern
27 |
District of Pennsylvania would be a waste of judicial resources as there is no basis for concluding the
28 |

2007 APR -9  A 10: 3
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED
CLERK'S OFFICE

---

NOTICE OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF
MOTION; DECLARATION IN SUPPORT THEREOF.

**OFFICIAL FILE COPY**

IMAGED APR 1 0 2007

1  transferee court is better equipped to resolve the issues present by the pending remand motion than

2  District Court for the Northern District of California. The motion for remand will be fully briefed

3  before the Northern District of California by April 13, 2007. The hearings on Plaintiffs' Motion for

4  Remand and Defendant's Motion for a Stay are set for May 4, 2007 in front of Judge Susan Illston.

5

6  Dated:  April 6, 2007

7

8  By: _____

9  Jessica N. Biernier

   LEVIN SIMES KAISER & GORNICK LLP

10  44 Montgomery Street, 36th Floor

    San Francisco, CA 94104

11  415-646-7160

12

13

14

15

16

17

18

19

20 

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF
MOTION; DECLARATION IN SUPPORT THEREOF.

1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2007

FILED
CLERK'S OFFICE

1  JEFFREY A. KAISER, ESQ., [SBN 160594]
2  JESSICA N. BIERNIER, ESQ., [SBN 239831]
   **LEVIN SIMES KAISER & GORNICK, LLP**
3  44 Montgomery Street, 36th Floor
   San Francisco, CA 94104
4  Telephone: (415) 646-7160
   Fax: (415) 981-1270
5
6  Attorneys for Plaintiffs
7

## BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

8

9   GERALDINE BURTON, individually and as     ) MDL Docket No. 875—In re Asbestos
    Personal Representative to the Estate of    ) Products Liability Litigation (No. VI)
10  HAROLD BURTON, decedent; BLAINE            )
    BURTON, and MARK BURTON,                   ) **BRIEF IN SUPPORT OF MOTION TO**
11                                             ) **VACATE CONDITIONAL TRANSFER**
                                               ) **ORDER; DECLARATION IN**
12              Plaintiffs,                     ) **SUPPORT**
                                               )
13                                             ) [From the UNITED STATES DISTRICT
                                               ) COURT, NORTHERN DISTRICT OF
14  vs.                                        ) CALIFORNIA, SAN FRANCISCO:
                                               ) The Honorable Susan Illston
15                                             ) Courtroom 10, 19th Floor
                                               ) Case No. C07-0702 SI ]
16                                             )
17  A.W. CHESTERTON COMPANY, et. al.,          )
                                               )
18              Defendants.                    )
                                               )
19

2007 APR -9 A 10: 31
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RECEIVED
CLERK'S OFFICE

20              I.    **PROCEDURAL POSTURE**

21      On February 2, 2007 and February 6, 2007, The Boeing Company and McDonnell Douglas

22  Corporation requested that the Judicial Panel on Multi-District Litigation utilize its "tag along"

23  procedures to transfer Civil Action No. 3:07-cv-00702-SI to the MDL 875 proceedings before Judge

24  Giles of the Eastern District of Pennsylvania.  Plaintiffs oppose such requests as untimely and

25  improper. Geraldine Burton et al v. A.W. Chesterton Co. et al (San Francisco Superior Court Case No.

26  CGC-04-435672) has been pending in state court for over two years and was set for trial on February

27  26, 2007.  Defendants' removal is improper because more than thirty days has passed since each of

28  them was alerted to the availability of the federal officer defense.  Furthermore, Plaintiffs will

1  demonstrate that each of these defendants waived their right to remove this case through their

2  voluntary acts, which constitute submission to jurisdiction in the Superior Court of California.

3  　　　　On March 2, 2007 Plaintiff's filed a Motion to Remand and Request for Costs (including

4  attorneys' fees) for Improper Removal.  Plaintiffs' motion is set for a hearing before Judge Susan

5  Illston in the United States District Court for the Northern District on May 4, 2007 (Attached as

6  Exhibit A to the Declaration of Jessica N. Biernier (hereinafter the Biernier Decl.)).  On March 8,

7  2007, Plaintiffs received Notice of Conditional Transfer from the Judicial Panel on Multidistrict

8  Litigation.  On March 23, 2007, Plaintiffs filed their Notice of Opposition (attached as Exhibit B to

9  the Biernier Decl).  On the same date, Defendant MDC filed a Motion to Stay the Remand Action in

10  the Northern District (attached as Exhibit C to the Biernier Decl.).  Plaintiffs promptly filed their

11  Opposition to the Motion to Stay (attached as Exhibit D to the Biernier Decl).

## II.   STATEMENT OF FACTS

13  　　　　Harold Burton was diagnosed with mesothelioma in June 2004.  On October 21, 2004, Mr.

14  Burton and his wife filed a complaint for personal injury and loss of consortium in San Francisco

15  Superior Court.  As required by the San Francisco Superior Court Asbestos General Orders, Plaintiffs

16  attached a Preliminary Fact Sheet to the Complaint.

17  　　　　On November 9, 2004 Plaintiffs served on the Defendants detailed standard interrogatory

18  responses required by the local rules.  In the responses, Plaintiffs more fully explained their allegations

19  regarding Mr. Burton's asbestos exposure as a military aircraft mechanic.  Specifically, Plaintiffs

20  alleged that Mr. Burton was exposed during World War II while working on Pratt-Whitney engines on

21  B-17 bombers and at a McDonnell Douglas training facility during his service in the Army Air Corp.

22  At that time, both Boeing and MDC manufactured the B-17 for the military.

23  　　　　On December 22, 2004, Plaintiffs filed a motion for a preferential trial date based on Mr.

24  Burton's terminal condition.  MDC opposed Plaintiffs' Motion, stating that MDC required "adequate

25  time to investigate Plaintiffs' claims, of purported work on or around MDC aircraft and on MDC

26  premises."  However, for nearly two years MDC made no effort to conduct any investigation of

27  Plaintiffs' claims, nor did Boeing and UTC.  Mr. Burton died of mesothelioma on New Year's Eve

28  before the motion could be heard.

---

NOTICE OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF
MOTION; DECLARATION IN SUPPORT THEREOF.

1    Mr. Burton's heirs subsequently filed a wrongful death action on April 8, 2005, which also

2  contained a Fact Sheet detailing Mr. Burton's alleged asbestos exposure.  On May 18, 2005 Plaintiffs

3  filed responses to the wrongful death standard asbestos interrogatories in which they repeated the

4  exposure allegations from the previously served discovery.

5    On March 17, 2006 Plaintiffs served the second set of standard discovery responses required

6  by the General Orders.  In all discovery responses the only allegations Plaintiffs made about Mr.

7  Burton's exposure to asbestos from aviation products was during his service in the Army Air Corps.

8    After further discovery, including depositions of all the heirs, on June 26, 2006, Plaintiffs were

9  assigned a trial date of February 26, 2007.  On November 8, 2006, Boeing filed a motion for summary

10 judgment.  In its Motion, Boeing states that "Plaintiffs are alleging that Decedent was exposed to

11 asbestos from a Boeing aircraft during his service in the U.S. Army Air Force."  Boeing goes on to

12 concede that one of Mr. Burton's service mates identified the Boeing B-17 bomber, but argued that

13 there was no evidence that Mr. Burton maintained the plane.

14    On the same day, MDC, which is now part of the Boeing family, also filed a motion for

15 summary judgment.  In its Motion, MDC acknowledged that the claims against it were based on Mr.

16 Burton's service in the Army Air Corps as an aviation mechanic, but argued that Plaintiffs could not

17 prove asbestos exposure.

18    On January 16, 2007 Plaintiffs filed opposition to the summary judgment motions and included

19 the Declaration of James R. Tukesbrey, who served with Mr. Burton in the Air Corps.  Mr. Tukesbrey

20 confirmed that Mr. Burton serviced B-17s as well as DC-3s, DB-7s and B-25s.

21    On February 2, 2007, before the summary judgments were heard, Defendants removed the case

22 to this Court claiming that they learned, for the first time, no later than January 16, 2007 from the

23 Tukesbrey declaration and his subsequent deposition, that Plaintiffs were claiming that Mr. Burton

24 was exposed to asbestos from his work on equipment supplied to the military by the Defendants.

25    On March 2, 2007, Plaintiffs filed a Motion for Remand, the hearing is set for May 4, 2007.

26 On March 23, 2007, Plaintiffs filed a notice of objection and opposition to conditional transfer order.

27 On the same day, MDC filed its Notice of Motion and Motion for a Temporary Stay.

28

### III.   ARGUMENT

Courts in the Northern District of California have adopted a three-step methodology for addressing competing motions for remand and stay:   First, the court should give preliminary scrutiny to the motion to remand, promptly completing its consideration and remanding the case if removal was improper.  Second, if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL.  Finally, and only if the second inquiry is reached and answered affirmatively, the court should consider staying the action, weighing the following factors: a) interests of judicial economy; b) hardship and inequity to the moving party if the action is not stayed; c) potential prejudice to the non-moving party.

See *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *Strong v. Merck & Co.,* 2005 U.S. Dist. LEXIS 2413, at 7 (N.D. Cal. 2005); *Edsall v. Merck & Co.,* 2005 U.S. Dist. LEXIS 42408, at 8 (N.D. Cal. 2005).

### A.   MDC'S REMOVAL WAS IMPROPER AND PLAINTIFFS' CASE SHOULD BE REMANDED.

Under the first prong of the test outlined in *Conroy*, the court should give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court. *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049.  As shown in Plaintiffs motion for remand, detailed below, the removal was improper;  the court should remand this case to state court.

### 1.   DEFENDANT'S REMOVAL IS PROCEDURALLY DEFECTIVE.

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of service of the initial complaint, or if the case is not initially removable, then within 30 days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable…."

Defendants knew from Plaintiffs' complaint that the claims against them were based on Mr. Burton's exposure to asbestos while working as an aircraft mechanic while he was in the Army Air

1 Corps. That was the only aviation claim alleged. This information is what likely caused each of the
2 Defendants to assert affirmative defenses based on the military contractor/federal officer defense.

3 Even if Plaintiffs' original complaint did not put the Defendants on notice, Plaintiffs' first set
4 of discovery responses, also served in 2004, certainly did. Plaintiffs clearly allege that Mr. Burton was
5 an aviation mechanic in the Army Air Force and detail some of his work on B-17 bombers, including
6 the Pratt & Whitney engines, and his work at the MDC training facility.

7 In its removal papers, MDC does not seem to dispute that it has long known of Plaintiffs'
8 contention that Mr. Burton was exposed to asbestos while being trained as an Army Air Corps aviation
9 mechanic at the MDC school in Long Beach, CA between 1942 and 1943. It would be hard for them
10 to do so given the allegations in Plaintiffs' complaint and discovery responses. Instead, MDC tries to
11 argue that it had no reason to know that Mr. Burton was working on MDC military aircraft when he
12 was being trained as a military aviation mechanic at the MDC school while in the Army Air Corp. But
13 a simple review of the Boeing web site (Boeing and Douglas merged in 1997) undermines this claim.

14 It is not at all clear what MDC believes an Army Air Force mechanic would be trained to work
15 on at the MDC training facility in 1942-43 other than military aircraft. Regardless, both MDC and
16 Boeing were put on notice when Plaintiffs disclosed in November 2004 that Mr. Burton attended a
17 McDonnell Douglas mechanic school in Long Beach, and worked as a mechanic on B-17s because
18 both companies were building the B-17 during those years.

19 Similarly, UTC contends "Prior to January 12, 2007, Plaintiffs had not identified, nor had
20 discovery revealed any specific Pratt & Whitney engines as to which Plaintiffs contend Decedent was
21 exposed to asbestos." *See* United Technologies Corp.'s Notice of Removal 2:2-3. In fact, the standard
22 interrogatory responses served on November 9, 2004 identified that Mr. Burton worked on Boeing
23 B-17 bombers including "dismantling Pratt Whitney and Wright Cyclone engines."

24 Following suit, Boeing claims that it first learned of Plaintiffs' assertions against Boeing when
25 it received the Declaration of Jim Tukesbrey on January 16, 2007. However, as with the others,
26 Boeing has been on notice of Plaintiffs' allegations since November 9, 2004, when Plaintiffs alleged in
27 their standard interrogatories responses that Mr. Burton serviced Boeing B-17 bombers.

28

1    The argument that the Tukesbrey Declaration suddenly alerted Defendants to the claims against
2 them is simply a contrivance. The Defendants have long known the allegations. What Tukesbrey
3 provided – to their dismay – was the proof. Interestingly, up until November 6, 2006 – after more than
4 two years of litigation – none of the Defendants had propounded any discovery until UTC finally sent
5 some interrogatories. Boeing and MDC never did so and instead filed motions for summary judgment
6 two days later. The trigger for the 30 day deadline for removing cases is not when the defendants
7 realized that a plaintiff could prove a claim, it begins when the defendant is reasonably on notice that a
8 claim is being made. Here, the removing Defendants are at least two years too late.

9    As evidenced above, MDC cannot overcome the first prong of the test laid out by Court in
10 *Conroy v. Fresh De Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). MDC's
11 removal was wholly improper. This case was set for trial in Superior Court on February 26, 2006, but
12 less than one month before trial – and over two years after the original complaint was filed – the three
13 Defendants removed the case to this Court on the same day, each claiming that they had just learned
14 Plaintiffs were alleging that Mr. Burton was exposed to equipment they supplied to the U.S. Military.
15 Prior to filing the removal, one of the Defendants offered Plaintiffs' counsel a "deal" not to remove the
16 case in exchange for evidentiary concessions on a summary judgment motion.

17            **2.  THERE IS NO BASIS FOR FEDERAL SUBJECT MATTER**
18                **JURISDICTION UNDER THE FEDERAL OFFICER STATUTE.**

19    As detailed above, Defendants' removal on federal officer grounds is plainly untimely, and the
20 Court need not evaluate this theory of jurisdiction on its merits. If the Court does reach the merits,
21 however, there are multiple reasons why the federal officer statute, § 1442(a)(1), does not afford
22 jurisdiction in this case. A suit filed in state court may be removed to federal court if the federal court
23 would have had original subject matter jurisdiction over the suit. *Snow v. Ford Motor Co.*, 567 F.2d
24 787, 789 (9th Cir. 1977). Here, Defendants claim this court has federal question jurisdiction under 28
25 U.S.C. § 1442(a)(1) federal officer jurisdiction. In order to establish federal officer removal
26 jurisdiction, the moving party must "(1) demonstrate that it acted under the direction of a federal
27 officer; (2) raise a deferral defense to plaintiffs' claims; and (3) demonstrate a causal nexus between
28 plaintiffs' claims and acts it performed under color of federal office." *Mesa v. California*, 489 U.S.

121 (1989).  A removing defendant must satisfy all three prongs before it can benefit from federal officer immunity from state law claims.  As more fully detailed in Plaintiff's Motion for Remand (attached hereto as Exhibit A), Defendants are unable to meet this three pronged-test.

### B.  THE JURISDICTIONAL ISSUE IS FACTUALLY AND LEGALLY UNIQUE AND THUS TRANSFER TO THE MDL IMPROPER

Under the second prong, if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL.

As detailed above, Defendants' removal on federal officer grounds is plainly untimely, and the Court need not evaluate this theory of jurisdiction on its merits.  If the Court does reach the merits, however, there are multiple reasons why the federal officer statute does not afford jurisdiction in this case.  The threshold jurisdictional issue is whether, under current California law, MDC was acting under the direction of a federal officer.  Whether the three defendant's removal was improper is a predominately fact driven issue regarding previous procedural steps taken in this case.  Further, whether McDonnell Douglas, Boeing, and UTC can each claim Federal Officer Jurisdiction also presents factually and legally difficult issues.  The legal issues will be decided by California law and/or by federal procedural statues that are well known by the district judge sitting in the Northern District of California.  Thus, these actions bear no similarity to any issue in any other case which has been or may be transferred to the MDL.

Indeed, it is likely that the remand motion will be heard and decided for the Northern District of California Judge before this motion is heard; the hearing on Plaintiffs Remand Motion is set for May 4, 2007.

### C.  TRANSFER TO THE MDL WILL NOT PROMOTE JUDICIAL ECONOMY

Under the third prong, only if the second inquiry is reached and answered affirmatively, the court should consider vacating or staying the action, weighing the following factors: a) interests of judicial economy; b) hardship and inequity to the moving party if the action is not stayed; c) potential prejudice to the non-moving party.

A transfer to the MDL would create judicial waste and extreme prejudice to the plaintiffs.

---

1   Plaintiffs filed their case in Superior Court over two years ago; it was set for trial on February 26,

2   2007.  In fact, transferring the case to the MDL would be judicially inefficient.  The Northern District

3   Court is readily familiar with federal law, Ninth Circuit law, and California law, the laws applicable to

4   Plaintiff's motion and Complaint.  MDC argues in its Motion to Stay the Remand (attached as Exhibit

5   B to the Biernier Decl.) , that there are several upcoming deadlines in this case, including a CMC

6   statement and briefing on the Remand.  However, the hearing on the stay is the same day as the

7   hearing on the remand, thus the parties will have already fully briefed the issue of remand.  Thus,

8   staying the motion will not save either party any time. Finally, is in the interest of judicial economy to

9   decide issues of jurisdiction as early in the litigation process as possible.  If federal jurisdiction does

10  not exist, the case can be remanded before federal resources are further expended.  Judicial economy

11  dictates a present ruling on the remand issue.

12      Defendant asserts in its Motion to Stay Remand that "remand motions are routinely deferred to

13  transferee courts."  In support of its position, Defendant first cites *Rivers v. Walt Disney Co.*, 980 F.

14  Supp. 1358, 1362 (C.D. Cal. 1997).  In *Rivers*, however, the district court held that a stay was

15  appropriate in part because no jurisdictional questions were at issue. Id., at 1361-62.  Indeed, motions

16  to remand are often heard by a district court despite the fact that a relevant MDL Transferor Court has

17  already been created.  *Fung v. Abex Corp.*, 816 F. Supp. at 573.  In the instant case, it would not serve

18  the interests of judicial economy to notify the JPML of an action that is not properly before the federal

19  courts.  *Baker v. Asbestos Defendants* (B P), 2004 U.S. Dist. LEXIS 20152.  As discussed in detail

20  above, MDC has clearly failed to demonstrate that removal was appropriate under 28 U.S.C. § 1442.

21  Transferring the case to the MDL will only result in further unnecessary delay.

22      **D. TRANSFER TO THE MDL WILL SEVERELY PREJUDICE PLAINTIFFS**

23      MDC claims that since this case is merely a wrongful death case, Plaintiffs will not be

24  prejudiced by transferring this case to the MDL.  However, Plaintiffs will suffer great prejudice if the

25  MDC continues to delay this action.  Harold Burton was diagnosed with mesothelioma in June 2004;

26  he died December 31, 2004.  Plaintiffs have been actively litigating this case in Superior Court for

27  over two years.  The decedent's widow, Geraldine Burton, is approaching 82 years old and is in poor

28  health.

---

NOTICE OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF
MOTION; DECLARATION IN SUPPORT THEREOF.

9

1    Defendants have known since Plaintiffs personal injury complaint, filed in October 2004 that

2    the claims against them were based on Mr. Burton's exposure to asbestos while working as an aircraft

3    mechanic while he was in the Army Air Corps.   That was the only aviation claim alleged.   The trigger

4    for the 30 day deadline for removing cases is not when the defendants realized that a plaintiff could

5    prove a claim, it begins when the defendant is reasonably on notice that a claim is being made.   Here,

6    the removing Defendants are at least two years too late.

## I.    CONCLUSION

8    Transfering the case to the MDL will further delay a case that MDC has improperly attempted

9    to derail for far too long.   MDC sat on its rights for over two years and only removed this case as a

10   litigation strategy to avoid trial.   Even then, the MDC failed to establish a proper basis for federal

11   jurisdiction.   As such, the case should be immediately remanded to the state court so the long awaited

12   trial can proceed.

13   Plaintiffs object to any Conditional Transfer Order to the extent it would transfer their case to

14   the Eastern District of Pennsylvania for consolidation with MDL asbestos cases, and until such time as

15   the U.S. District Court for the Northern District of California decides a fully briefed motion to remand.

16   Plaintiffs object on the basis that grounds for the removal of this action from state court was improper,

17   the removing defendant's strategy and arguments in favor of removal are frivolous, the Northern

18   District of California is better situated to decide the unique factual issues and questions of California

19   law that are pertinent to the remand motion, and there are no issues raised by the remand motion that

20   would be uniquely raised in asbestos cases.   Plaintiffs respectfully request that the Panel vacate the

21   Conditional Transfer Order and/or stay this proceeding until the motion to remand to state court is

22   decided.

23   Dated:  April 6, 2007

25   By: _____

26   Jessica N. Biernier
     LEVIN SIMES KAISER & GORNICK LLP

27   44 Montgomery Street, 36th Floor
     San Francisco, CA 94104

28   415-646-7160

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2007

FILED
CLERK'S OFFICE

1  JEFFREY A. KAISER, ESQ., [SBN 160594]
2  JESSICA N. BIERNIER, ESQ., [SBN 239831]
   **LEVIN SIMES KAISER & GORNICK, LLP**
3  44 Montgomery Street, 36th Floor
   San Francisco, CA  94104
4  Telephone:  (415) 646-7160
5  Fax:  (415) 981-1270

6  Attorneys for Plaintiffs

7

8          **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

9  GERALDINE BURTON, individually and as          ) MDL Docket No. 875—In re Asbestos
10 Personal Representative to the Estate of        ) Products Liability Litigation (No. VI)
   HAROLD BURTON, decedent; BLAINE               )
11 BURTON, and MARK BURTON,                       ) **DECLARATION IN SUPPORT OF**
                                                  ) **PLAINTIFFS' NOTICE MOTION TO**
12                                                ) **VACATE CONDITIONAL TRANSFER**
              Plaintiffs,                         ) **ORDER**
13                                                )
14                                                ) [From the UNITED STATES DISTRICT
                                                  ) COURT, NORTHERN DISTRICT OF
15                                                ) CALIFORNIA, SAN FRANCISCO:
       vs.                                        ) The Honorable Susan Illston
16                                                ) Courtroom 10, 19th Floor
                                                  ) Case No. C07-0702 SI ]
17                                                )
18                                                )
19 A.W. CHESTERTON COMPANY, et. al.,             )
20            Defendants.                         )
21

2007 APR -9  A 10: 32
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED
CLERK'S OFFICE

22      I, Jessica N. Biernier declare as follows:

23      1.      I am an attorney at law licensed to practice before this Court and associate with the firm

24 Levin Simes Kaiser & Gornick LLP, attorneys of record for plaintiffs herein.  I have personal

25 knowledge of the facts set forth below, and would competently testify thereto if called upon to do so.

26      2.      On October 21, 2004 Mr. Burton and his wife Geraldine filed a complaint in San

27 Francisco Superior Court naming, among others, Boeing, McDonnell Douglas and United

28 Technologies Corporation.  Mr. Burton died on December 31, 2004 and Mr. Burton's heirs filed a

---

NOTICE OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF
MOTION; DECLARATION IN SUPPORT THEREOF.

1   wrongful death action on April 8, 2005.

2   3.   On February 2, 2007 and February 6, 2007, The Boeing Company and McDonnell

3   Douglas Corporation requested that the Judicial Panel on Multi-District Litigation utilize its "tag

4   along" procedures to transfer Civil Action No. 3:07-cv-00702-SI to the MDL 875 proceedings before

5   Judge Giles of the Eastern District of Pennsylvania.

6   4.   On March 2, 2007 Plaintiff's filed a Motion to Remand and Request for Costs

7   (including attorneys' fees) for Improper Removal (Attached hereto as Exhibit A)

8   5.   Plaintiffs' motion is set for a hearing before Judge Susan Illston in the United States

9   District Court for the Northern District on May 4, 2007.

10   6.   On March 8, 2007, Plaintiffs received Notice of Conditional Transfer from the Judicial

11   Panel on Multidistrict Litigation.

12   7.   On March 23, 2007, Plaintiffs filed their Notice of Opposition (attached hereto as

13   **Exhibit B**).

14   8.   On March 23, 2007, Defendant MDC filed a Motion to Stay the Remand Action in the

15   Northern District (attached hereto as **Exhibit** C).

16   8.   Plaintiffs promptly filed their Opposition to the Motion to Stay (attached hereto as

17   **Exhibit D**)

18   I declare under penalty of perjury according to the laws of the United States that the foregoing

19   is true and correct.

20

21   Dated: April 6, 2007

22

23   By: _____

24   Jessica N. Biernier

25   LEVIN SIMES KAISER & GORNICK LLP
    44 Montgomery Street, 36th Floor
26   San Francisco, CA 94104
    415-646-7160
27

28

NOTICE OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF
MOTION; DECLARATION IN SUPPORT THEREOF
12

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2007

FILED
CLERK'S OFFICE

1  JEFFREY A. KAISER, ESQ. (SBN 160594)
2  JESSICA N. BIERNIER, ESQ. (239831)
   **LEVIN SIMES KAISER & GORNICK, LLP**
3  44 Montgomery Street, 36th Floor
   San Francisco, CA  94104
4  Telephone:     (415) 646-7160
   Facsimile:      (415) 981-1270
5
   Attorneys for Plaintiffs
6

7

8              **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**
9

10  GERALDINE BURTON, individually and as       )  MDL Docket No.  875—In re Asbestos Products
    Personal Representative to the Estate of      )  Liability Litigation (No. VI)
11  HAROLD BURTON, decedent; BLAINE             )
    BURTON, and MARK BURTON,                    )
12                                              )
                                                )
13              Plaintiffs                      )
                                                )
14              vs.                             )
                                                )  CERTIFICATE OF SERVICE
15                                              )
                                                )
16                                              )
                                                )
17                                              )
                                                )
18  A.W. CHESTERTON COMPANY, ET AL.,            )
                                                )
19              Defendants.                     )

20

21

22

23

24

25

26

27

28
              _____
                            CERTIFICATE OF SERVICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2007

FILED
CLERK'S OFFICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on the date last written, I served a true copy of the document(s) entitled:

**NOTICE OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT THEREOF; DECLARATION OF JESSICA N. BIERNIER**

Service was effectuated by forwarding the above-noted document in the following manner:

[XX]  By Overnight Courier in a sealed envelope, addressed as noted above, through services provided by Federal Express and billed to Levin Simes Kaiser & Gornick LLP

## SEE ATTACHED PANEL SERVICE LIST

I declare under penalty of perjury, under the law of the State of California, that the foregoing is true and correct.

Executed on April 6, 2007, at San Francisco, California.

Yanira Osorio

CERTIFICATE OF SERVICE

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| CHAIRMAN: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Judge Wm. Terrell Hodges<br>United States District Court<br>Middle District of Florida | Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas | Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002 |
| | Judge J. Frederick Motz<br>United States District Court<br>District of Maryland | Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit | |
| | Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | Telephone: [202] 502-2800<br>Fax: [202] 502-2888<br><br>http://www.jpml.uscourts.gov |

March 26, 2007

Jessica N. Biernier, Esq.
Levin Simes Kaiser & Gornick, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

  *Geraldine Burton, et al. v. A.W. Chesterton Co., et al.,* N.D. California, C.A. No. 3:07-702 (Judge Susan Yvonne Illston)

**Motion and Brief Due on or before: April 9, 2007**

Dear Ms. Biernier:

  We have received and filed your Notice of Opposition to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings. In accordance with Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel. You must adhere to the following filing requirements:

  1) **Your Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed above. An ORIGINAL and FOUR copies of all pleadings, as well as a COMPUTER READABLE DISK of the pleading in WordPerfect for Windows format, are currently required for filing. Fax transmission of your motion and brief will not be accepted.** *See* Panel Rule 5.12(d). Counsel filing oppositions in more than one action are encouraged to consider filing a single motion and brief with an attached schedule of actions.

  2) **Papers must be served on the enclosed Panel Service List. Please attach a copy of this list to your certificate of service.** (Counsel who have subsequently made appearances in your action should be added to your certificate of service).

  3) Rule 5.3 corporate disclosure statements are due within 11 days of the filing of the motion to vacate.

  4) **Failure to file and serve the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted.**

  Any recent official change in the status of a referenced matter should be brought to the attention of the clerk's office as soon as possible by facsimile at (202) 502-2888. Your cooperation would be appreciated.

       Very truly,

       Jeffery N. Lüthi
       Clerk of the Panel

       By *Teresa Bishop*
         Deputy Clerk

Enclosure

cc: Panel Service List
  Transferee Judge: Judge James T. Giles
  Transferor Judge: Judge Susan Yvonne Illston

                  JPML Form 37

**PANEL SERVICE LIST (Excerpt from CTO-275)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Geraldine Burton, et al. v. A.W. Chesterton Co., et al.,* N.D. California, C.A. No. 3:07-702

Jessica N. Biernier
Levin Simes Kaiser & Gornick, LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Amy M. Gantvoort
120 Broadway
Suite 300
Santa Monica, CA 90069

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Lillian C. Ma
Tucker Ellis & West, LLP
One Market Street, Steuart Tower
Suite 1300
San Francisco, CA 94105

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2007

FILED
CLERK'S OFFICE

# Exhibit A

## to Motion to Vacate CTO
### (Plaintiffs Motion to Remand)

RECEIVED
CLERK'S OFFICE
2007 APR -9  A 10: 32
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

1   JEFFREY A. KAISER, ESQ., [SBN 160594]
2   JESSICA N. BIERNIER, ESQ., [SBN 239831]
    **LEVIN SIMES KAISER & GORNICK, LLP**
3   44 Montgomery Street, 36th Floor
    San Francisco, CA  94104
4   Telephone:  (415) 646-7160
    Fax:  (415) 981-1270
5
6   Attorneys for Plaintiffs
7
8                  UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10
11  GERALDINE BURTON, individually and as      ) Case No. C07-0702 SI
12  Personal Representative to the Estate of    )
    HAROLD BURTON, decedent; BLAINE            ) **PLAINTIFFS' NOTICE OF MOTION**
13  BURTON, and MARK BURTON,                   ) **AND MOTION FOR REMAND AND**
                                               ) **REQUEST FOR COSTS (INCLUDING**
14                 Plaintiffs,                  ) **ATTORNEYS' FEES) ON IMPROPER**
                                               ) **REMOVAL**
15                                             )
16                                             )
                                               ) Date:       April 6, 2007
17         vs.                                  ) Time:       9:00 a.m.
                                               ) Courtroom:  Courtroom 10, 19th Floor
18                                             )             San Francisco, California
19                                             )
                                               ) The Honorable Susan Illston
20                                             )
21  A.W. CHESTERTON COMPANY, et. al.,          )
                                               )
22                 Defendants.                  )
23  ───────────────────────────────────────────)
24
25
26
27
28

# TABLES OF CONTENTS

I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENTS OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

III.  DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

   A. DEFENDANTS' REMOVAL IS PROCEDURALLY DEFECTIVE. . . . . . . . . . . . . . 5

   B. THERE IS NO BASIS FOR FEDERAL SUBJECT MATTER JURISDICTION. . . . . 7

       1.  Defendants Did Not Act Under the Discretion of a Federal Officer in Performing the Negligent Acts Alleged by Plaintiffs. . . . . . . . . . . . . . . . . . . 9

       2.  Defendants Have Not Raised Colorable Federal Defenses. . . . . . . . . . . . . . 9

       3.  Defendants Have Failed to Demonstrate a Casual Relationship or Nexus Between the Work it Performed for the Army Air Force and the Injury Suffered Here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

   C. PLAINTIFFS ARE ENTITLED TO FEES AND COSTS ON MERITLESS

      REMOVAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Boyle v. United Technologies Corporation,* 487 U.S. 500 (1988) ........................................... 13

*Butler v. Ingalls Shipbuilding, Inc.,* 89 F.3d 582, 586 (9th Cir. 1996)................................... 13

*Bynum v. FMC Corp.,* 770 F.2d 556, 564 (5th Cir. 1985)..................................................... 14

*Faulk v. Owens-Corning Fiberglas Corp.,* 48 F.Supp.2d 653 (E.D. Tex. 1999) ..................... 14

*Good v. Armstrong World Industries, Inc.,* 914 F.Supp. 1123 (E.D. Pa 1996)....................... 11

*In re Hawaii Federal Asbestos Cases,* 960 F.2d 806, 813 (9th Cir. 1992) ............................. 13

*Mesa v. California,* 489 U.S. 121 (1989) ............................................................................... 10

*Moore v. Permanente Medical Group, Inc.* 981 F. 2d. 443, 446-447 (1992)........................ 16

*Ryan v. Dow Chemical Co.,* 781 F. Supp. 934, 946 (E.D.N.Y. 1992) ............................... 11, 12

*Snell v. Bell Helicopter Textron, Inc.,* 107 F.3d 744, 749 (9th Cir. 1997) ............................. 13

*Snow v. Ford Motor Co.,* 567 F.2d 787, 789 (9th Cir. 1977)................................................ 10

*Yearsley v. W.A. Ross Construnction Co. 309 U.S. 18* (1940) .............................................. 14

**STATUTES**

28 U.S.C. § 1442(a)(1) ................................................................................... 1, 7, 8, 12

28 U.S.C. § 1446 ...................................................................................................... 2

28 U.S.C. §1446(b) ................................................................................................... 5

28. U.S.C. § 1447(c) ............................................................................................ 2, 16

1  TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on April 6, 2007 at 9:00 a.m. or as soon as thereafter as this

3  matter may be heard, in Courtroom 10, 19th Floor of the above-entitled Court, located at 450 Golden

4  Gate Avenue, San Francisco, CA, 94102, Plaintiffs Geraldine Burton, individually and on Behalf of

5  the Estate of Harold Burton, decedent; Blaine Burton; and Mark Burton ("Plaintiffs") will move the

6  Court for an Order remanding this case to the Superior Court of California in and for the City and

7  County of San Francisco under 28 U.S.C. §§ 1446 and 1447. The motion is based on the supporting

8  Memorandum of Points and Authorities, the Declaration of Jeffrey A. Kaiser, argument of counsel as

9  may be presented at the hearing thereof, and all papers and records on file herein.

10     By this motion, Plaintiffs seek the immediate remand of this action to San Francisco Superior

11  Court on the grounds that this case cannot be removed to this Court under Federal Officer jurisdiction

12  [28 U.S.C. § 1442(a)(1)]. Plaintiffs request payment of fees and costs in accordance with 28. U.S.C. §

13  1447(c).

14                          **I.    INTRODUCTION**

15     Harold Burton was exposed to asbestos when he worked as an airplane mechanic in the Army

16  Air Corps during World War II and during his career at a Holly Sugar factory in Wyoming. As a

17  result of this exposure Mr. Burton contracted mesothelioma, a cancer of the lung caused by asbestos.

18  On October 21, 2004 Mr. Burton and his wife Geraldine filed a complaint in San Francisco Superior

19  Court naming, among others, The Boeing Company ("Boeing"), McDonnell Douglas Corporation

20  ("MDC") and Pratt-Whitney, a division of United Technologies Corporation ("UTC") (hereinafter

21  referred to collectively as "Defendants"). In a Preliminary Fact Sheet filed with the complaint the

22  Plaintiffs disclosed their belief that Mr. Burton was exposed to asbestos while serving in the Army Air

23  Corps as an airplane mechanic.

24     On November 9, 2004 Plaintiffs served on the Defendants detailed standard interrogatory

25  responses required by the local rules. In the responses, Plaintiffs more fully explained their allegations

26  regarding Mr. Burton's asbestos exposure as a military aircraft mechanic. Specifically, Plaintiffs

27  alleged that Mr. Burton was exposed during World War II while working on Pratt-Whitney engines on

28  B-17 bombers and at a McDonnell Douglas training facility during his service in the Army Air Corp.

1  At that time, both Boeing and MDC manufactured the B-17 for the military.  Mr. Burton died from

2  mesothelioma and his heirs filed a wrongful death lawsuit on April 8, 2005 that made the same

3  exposure allegations.

4      This case was set for trial in Superior Court on February 26, 2006, but less than one month

5  before trial – and over two years after the original complaint was filed – the three Defendants removed

6  the case to this Court on the same day, each claiming that they had just learned Plaintiffs were alleging

7  that Mr. Burton was exposed to equipment they supplied to the U.S. Military.  Prior to filing the

8  removal, one of the Defendants offered Plaintiffs' counsel a "deal" not to remove the case in exchange

9  for evidentiary concessions on a summary judgment motion.

10     The Defendants' time for removing this case based on Federal Officer jurisdiction expired no

11 later than 30 days after Plaintiffs served their first set of discovery responses in 2004.  The removal

12 two years later is simply a tactical move by the Defendants to avoid trial.  As such, Plaintiffs

13 respectfully request that the case be remanded to state court with appropriate sanctions.

14          **II.    STATEMENT FACTS**

15     Harold Burton was diagnosed with mesothelioma in June 2004.  On October 21, 2004, Mr.

16 Burton and his wife filed a complaint for personal injury and loss of consortium in San Francisco

17 Superior Court.  As required by the San Francisco Superior Court Asbestos General Orders, Plaintiffs

18 attached a Preliminary Fact Sheet to the Complaint.  *See* Exhibit A to Declaration of Jeffrey A. Kaiser,

19 hereinafter referred to as the "Kaiser Decl."  In the Fact Sheet Plaintiffs provided the following

20 summary of Mr. Burton's alleged asbestos exposure:

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| **U.S. Airforce** September 1942- October 1945 | Long Beach, California; Peyote, Texas; Dalhart, Texas; Galveston, Texas; McDonnell Douglas Aircraft School, Long Beach, CA | Pilot;  Aircraft Maintenance |
| **Grain Elevator** 1945-1947 | Worland, Wyoming | Machine Operator |
| **National Guard Armory** 1949-1950 | U.S.S. General Meigs; Fort Lewis, Washington; Hunter's Point, California; Korea | Responsible for food and supplies |

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| Holly Sugar 1951-1984 | Sheridan, Wyoming | Pulp Dryer and Pump Maintenance |
| Home Remodel Various times between 1946-1978 | Worland, Wyoming | Dry Wall, Sheetrock, Floor Tile and Joint Compound Maintenance/Repair/Replacement |

On November 9, 2004, again pursuant to the General Orders, Plaintiffs served responses to standard asbestos interrogatories.  In their responses, Plaintiffs provided further information about Mr. Burton's alleged asbestos exposure while serving as a military airplane mechanic:

**Employer's Name & Address:  U.S. Army Air Force**
Job Title: T/Sgt; mechanic
Date Started:   September 1942
Date Ended:    October 1945
Description of job duties:  Boeing B17 Mechanic; cut gaskets, worked with fuselage insulation, and assisted with brakes. Dismantled Pratt Whitney and Wright Cyclone engines; attended Gunnery School; flew missions in Germany.
Job Sites:  McDonnell Douglas aircraft mechanical school in Long Beach, California; Army Air Force base in Peyote, Texas; Gunnery School, Wendover, Utah; Germany.
Estimate of total time at those sites:  3 years
Exposed to asbestos at this job:  Plaintiff contends that he was exposed to asbestos at these locations; investigation and discovery are continuing.

*See* Exhibit E to the Kaiser Decl.  During World War II, the B-17 was manufactured by Boeing and MDC.  *See* Exhibit F to the Kaiser Decl.

On December 22, 2004, Plaintiffs filed a motion for a preferential trial date based on Mr. Burton's terminal condition.  MDC opposed Plaintiffs' Motion, stating that MDC required "adequate time to investigate Plaintiffs' claims, of purported work on or around MDC aircraft and on MDC premises."  *See* Exhibit H to the Kaiser Decl.   However, for nearly two years MDC made no effort to conduct any investigation of Plaintiffs' claims, nor did Boeing and UTC.  Mr. Burton died of mesothelioma on New Year's Eve before the motion could be heard.

Mr. Burton's heirs subsequently filed a wrongful death action on April 8, 2005, which also contained a Fact Sheet detailing Mr. Burton's alleged asbestos exposure.  *See* Exhibit B to the Kaiser Decl.  On May 18, 2005 Plaintiffs filed responses to the wrongful death standard asbestos

1  interrogatories in which they repeated the exposure allegations from the previously served discovery.

2  *See* Exhibit C to the Kaiser Decl.

3       On March 17, 2006 Plaintiffs served the second set of standard discovery responses required

4  by the General Orders and alleged the following:

5       **Employer's Name & Address:  U.S. Army Air Force**
       Job Title:      T/Sgt; mechanic
6       Date Started:   September 1942
       Date Ended:     October 1945
7       Description of job duties:  Plaintiff was a Boeing B17 Mechanic.  He cut gaskets, worked with
       fuselage insulation, and with an asbestos cloth material used on pipes in the wings that was
8       manufactured by U.S. Rubber (nka Uniroyal).  He dismantled Pratt Whitney and Wright
       Cyclone engines including gaskets and firewalls.  He cut sheet gasket material and worked
9       with ring and composition gaskets.  He attended Gunnery School and flew missions in
       Germany for the 100th bomb group in 349 squadron.  He was transported from Europe to New
10      York on the *New Amsterdam,* a Dutch liner.
       Job Sites:  McDonnell Douglas aircraft mechanical school in Long Beach, California; Army
11      Air Force base in Peyote, Texas; Gunnery School, Wendover, Utah; Germany.
       Estimate of total time at those sites:  3 years
12      A/C materials: Ajrcraft engines, gaskets, firewall, board, brake components; investigation and
       discovery are continuing.
13      Trades:         Mechanics; investigation and discovery are continuing.
       Contractors:    Unknown; investigation and discovery are continuing.
14      Co-workers:     Anthony J. Grady; investigation and discovery are continuing.

15  *See* Exhibit D to the Kaiser Decl.  In all discovery responses the only allegations Plaintiffs made about

16  Mr. Burton's exposure to asbestos from aviation products was during his service in the Army Air

17  Corps.

18       After further discovery, including depositions of all the heirs, on June 26, 2006, Plaintiffs were

19  assigned a trial date of February 26, 2007.  On November 8, 2006, Boeing filed a motion for summary

20  judgment.  In its Motion, Boeing states that "Plaintiffs are alleging that Decedent was exposed to

21  asbestos from a Boeing aircraft during his service in the U.S. Army Air Force."  *See* Exhibit I to the

22  Kaiser Decl. at 1:6-8.  Boeing goes on to concede that one of Mr. Burton's service mates identified the

23  Boeing B-17 bomber, but argued that there was no evidence that Mr. Burton maintained the plane.  *See*

24  Exhibit I to the Kaiser Decl. at 1:21-28.

25       On the same day, MDC, which is now part of the Boeing family, also filed a motion for

26  summary judgment.  In its Motion, MDC acknowledged that the claims against it were based on Mr.

27  Burton's service in the Army Air Corps as an aviation mechanic, but argued that Plaintiffs could not

28

---

1  prove asbestos exposure. *See* Exhibit J to the Kaiser Decl. at 1:3-17.

2        On January 16, 2007 Plaintiffs filed opposition to the summary judgment motions and included

3  the Declaration of James R. Tukesbrey, who served with Mr. Burton in the Air Corps. Mr. Tukesbrey

4  confirmed that Mr. Burton serviced B-17s as well as DC-3s, DB-7s and B-25s.

5        On February 2, 2007, before the summary judgments were heard, Defendants removed the case

6  to this Court claiming that they learned, for the first time, no later than January 16, 2007 from the

7  Tukesbrey declaration and his subsequent deposition, that Plaintiffs were claiming that Mr. Burton

8  was exposed to asbestos from his work on equipment supplied to the military by the Defendants.

9  **III.   DISCUSSION**

10 **A. DEFENDANTS' REMOVAL IS PROCEDURALLY DEFECTIVE**

11       Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of service of the

12 initial complaint, or if the case is not initially removable, then within 30 days of "receipt by the

13 defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other

14 paper from which it may first be ascertained that the case is one which is or has become

15 removable...." Defendants' claim that the triggering event for the removal was the

16 declaration/deposition of Jim Tukesbrey in January is simply not true.

17       Defendants knew from Plaintiffs' complaint that the claims against them were based on Mr.

18 Burton's exposure to asbestos while working as an aircraft mechanic while he was in the Army Air

19 Corps. That was the only aviation claim alleged. This information is what likely caused each of the

20 Defendants to assert affirmative defenses based on the military contractor/federal officer defense. *See*

21 relevant pages of Defendants' Answers to Plaintiffs' Complaint for Damages (Wrongful Death)

22 attached as Exhibit F to the Kaiser Decl. (specifically Boeing's Thirty-Seventh Affirmative Defense,

23 MDC's Fortieth through Forty-Fourth Defenses, and UTC's Fourteenth Affirmative Defense).

24       Even if Plaintiffs' original complaint did not put the Defendants on notice, Plaintiffs' first set

25 of discovery responses, also served in 2004, certainly did. Plaintiffs clearly allege that Mr. Burton was

26 an aviation mechanic in the Army Air Force and detail some of his work on B-17 bombers, including

27 the Pratt & Whitney engines, and his work at the MDC training facility.

28

---

1    In its removal papers, MDC does not seem to dispute that it has long known of Plaintiffs'

2    contention that Mr. Burton was exposed to asbestos while being trained as an Army Air Corps aviation

3    mechanic at the MDC school in Long Beach, CA between 1942 and 1943. It would be hard for them

4    to do so given the allegations in Plaintiffs' complaint and discovery responses. Instead, MDC tries to

5    argue that it had no reason to know that Mr. Burton was working on MDC military aircraft when he

6    was being trained as a military aviation mechanic at the MDC school while in the Army Air Corp. But

7    a simple review of the Boeing web site (Boeing and Douglas merged in 1997) undermines this claim.

8    The Boeing/Douglas web site provides the following information:

9    • During World War II, Douglas rapidly expanded its operations to meet the need for

10    military airplanes. Under the coordinated manufacturing program, Douglas built Boeing

11    B-17s at Long Beach California.

12    • The U.S. Army was one of MDC's oldest customers and the "military career" of Douglas

13    began in 1936 when MDC began making a series of transport planes for the Army

14    including the C-32, C-33, C-34, C-38 and C-39.

15    • By 1941 the old Air Corps had been transformed into the Army Air Force, and it selected

16    a modified version of the DC-3 – the C-47 Skytrain – to become its standard transport

17    aircraft. By the end of World War II more than 10,000 had been built for the military.

18    On the other hand, only 455 DC-3s were produced for commercial transport.

19    *See* Exhibit G to the Kaiser Decl. It is not at all clear what MDC believes an Army Air Force

20    mechanic would be trained to work on at the MDC training facility in 1942-43 other than military

21    aircraft. Regardless, both MDC and Boeing were put on notice when Plaintiffs disclosed in November

22    2004 that Mr. Burton attended a McDonnell Douglas mechanic school in Long Beach, and worked as a

23    mechanic on B-17s because both companies were building the B-17 during those years.

24    Similarly, UTC contends "Prior to January 12, 2007, Plaintiffs had not identified, nor had

25    discovery revealed any specific Pratt & Whitney engines as to which Plaintiffs contend Decedent was

26    exposed to asbestos." *See* United Technologies Corp.'s Notice of Removal 2:2-3. In fact, the standard

27    interrogatory responses served on November 9, 2004 identified that Mr. Burton worked on Boeing

28

1  B-17 bombers including "dismantling Pratt Whitney and Wright Cyclone engines." *See* Exhibit E to

2  the Kaiser Decl.

3        Following suit, Boeing claims that it first learned of Plaintiffs' assertions against Boeing when

4  it received the Declaration of Jim Tukesbrey on January 16, 2007.  However, as with the others,

5  Boeing has been on notice of Plaintiffs' allegations since November 9, 2004, when Plaintiffs alleged in

6  their standard interrogatories responses that Mr. Burton serviced Boeing B-17 bombers.

7        The argument that the Tukesbrey Declaration suddenly alerted Defendants to the claims against

8  them is simply a contrivance.  The Defendants have long known the allegations.  What Tukesbrey

9  provided – to their dismay – was the proof.  Interestingly, up until November 6, 2006 – after more than

10  two years of litigation – none of the Defendants had propounded any discovery until UTC finally sent

11  some interrogatories.  Boeing and MDC never did so and instead filed motions for summary judgment

12  two days later.  The trigger for the 30 day deadline for removing cases is not when the defendants

13  realized that a plaintiff could prove a claim, it begins when the defendant is reasonably on notice that a

14  claim is being made.  Here, the removing Defendants are at least two years too late.

## B. THERE IS NO BASIS FOR FEDERAL SUBJECT MATTER JURISDICTION UNDER THE FEDERAL OFFICER STATUTE

17        As detailed above, Defendants' removal on federal officer grounds is plainly untimely, and the

18  Court need not evaluate this theory of jurisdiction on its merits.  If the Court does reach the merits,

19  however, there are multiple reasons why the federal officer statute, § 1442(a)(1), does not afford

20  jurisdiction in this case.  A suit filed in state court may be removed to federal court if the federal court

21  would have had original subject matter jurisdiction over the suit.  *Snow v. Ford Motor Co.*, 567 F.2d

22  787, 789 (9th Cir. 1977).  Here, Defendants claim this court has federal question jurisdiction under 28

23  U.S.C. § 1442(a)(1) federal officer jurisdiction.  In order to establish federal officer removal

24  jurisdiction, the moving party must "(1) demonstrate that it acted under the direction of a federal

25  officer; (2) raise a deferral defense to plaintiffs' claims; and (3) demonstrate a causal nexus between

26  plaintiffs' claims and acts it performed under color of federal office."  *Mesa v. California*, 489 U.S.

27  121 (1989).  A removing defendant must satisfy all three prongs before it can benefit from federal

28  officer immunity from state law claims.

1. **Defendants Did Not Act Under the Direction of a Federal Officer in Performing the Negligent Acts Alleged by Plaintiffs**

Under the first prong of the *Mesa* test, a defendant must show that it was acting under the direction of a federal officer. It is not enough to prove only that "the relevant acts occurred under the general auspices of" a federal officer, *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 946 (E.D.N.Y. 1992). Illustrating the stringent requirements of the first prong of the *Mesa* test is *Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1123 (E.D. Pa 1996). In *Good*, defendant Westinghouse offered evidence of contract documents, design and construction drawings of asbestos-containing turbines, written specifications and personal oversight of "virtually every aspect" of its work by Navy officers and civilian employees, including an affidavit by an employee who worked for Westinghouse for almost 40 years. *Id.* at 1128. Nonetheless, the Court determined that neither Westinghouse's notice of removal nor an affidavit established that the Secretary of the Navy specified the use of asbestos in the design and manufacture of its turbine-generators. The court ruled that Westinghouse's showing was insufficient to avoid remand because working under naval supervision "is not the same as acting under direct and detailed control of a federal officer." *Id.*

Here, while attempting to show federal officer involvement, MDC provided a list of nine military officers, purportedly employed by the federal government during the relevant years. *See* MDC's Notice of Removal 10:1-8. However, as the Court in *Good* held:

> This factual recitation by Gate (the 40-year Westinghouse employee/affiant) evidencing the conglomerate of people employed by the United States Navy who had oversight authority does not support the blanket assertion by Westinghouse that the Secretary of the Navy provided direct and detailed control over Westinghouse...Although it is true that the United States Navy and many individuals employed by the Navy worked with Westinghouse, Westinghouse does not show that the Secretary of the Navy or any other federal officer directly controlled and supervised the work of Westinghouse. *Id.* at 1129.

Throughout their notice, MDC makes only general allegations regarding "the Government", "NAVPRO" and "the Air Force." This is insufficient to meet their burden. If the removing party establishes only that the relevant acts occurred under the general auspices of federal direction then it is not entitled to 28 U.S.C. § 1442(a)(1) removal. *Fung*, 816 F. Supp. at 569; *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 946 (E.D.N.Y. 1992).

---

1       Additionally, none of the defendants offered any contracts, instructions, designs or drawings to

2 indicate that they acted "under direct and detailed control of a federal officer." Defendants made only

3 general, self-serving allegations. Boeing claimed "The Boeing aircraft *would have* been manufactured

4 under close government supervision, pursuant to comprehensive and detailed contract specifications

5 provided by the United States and its officers." (Emphasis added) *See* Boeing's Notice of Removal

6 5:1-5. Boeing cannot state definitively that the aircraft was in fact manufactured under close

7 government supervision. In fact, the record before this court is completely devoid of any evidence that

8 such contracts even existed, much less that they subjected Boeing to the "direct and detailed control of

9 a federal officer."

10       Similarly, UTC makes numerous self-serving claims without offering any evidence. UTC

11 states that "all Pratt & Whitney engines on which Decedent worked were military aircraft engines; the

12 engines were sold by UTC to the United States military pursuant to military contracts and were built to

13 meet US military specifications." UTC further alleges that "the actions of UTC are inseparable from

14 the government contracts specifications, regulations, and oversight and a clear nexus exists between

15 UTC's actions at the direction of the Federal government and Plaintiffs' claims for relief in the

16 removed action." *See* UTC's Notice of Removal 4:10-11. The record before this court is void of the

17 referenced "government contract specifications and regulations."

18       Even if Defendants could present evidence to show that the government specified their use of

19 asbestos-containing products, they are not relieved from their duty to warn of the hazards of toxic

20 substances such as asbestos. Put another way, the fact that the government generally specified the use

21 of asbestos products on certain aircraft and related components does not relieve Defendants of their

22 obligations to implement safe work practices and to warn individuals about known or knowable

23 hazards.

## 2. Defendants Have Not Raised Colorable Federal Defenses

25

26       Defendants contend that they are entitled to immunity for Decedent's injuries under the

27 government-contractor immunity doctrine. The parameters of this defense are detailed in *Boyle v.*

28 *United Technologies Corporation*, 487 U.S. 500 (1988). Liability for design defects in military

1   equipment cannot be imposed under state law when: 1) the United State approved precise

2   specifications; 2) the equipment conformed to those specifications; and 3) the supplier warned the

3   government about the dangers in use of the equipment that were known to the supplier but not to the

4   government.  The first two prongs are intended to ensure that a government officer, and not just the

5   contractor, considered the design feature in question.  *Id.* at 512.  In other words, immunity is granted

6   to a contractor only when its liability arises from acts or omissions made on the government's behalf.

7   The third prong is designed to discourage contractors from withholding their knowledge of latent risks

8   that might jeopardize the contract.  *Id.*

9        Because the defendant's contractual duty in *Boyle* was "precisely contrary" to its state law duty

10  of care, the Supreme Court held that state law was preempted by the government contractor defense.

11  *Boyle* at 509.  However, this case is inapposite.  Defendant's liability for failing to warn Mr. Burton of

12  the dangers of asbestos did not arise from the performance of its duties under a government contract

13  because the government never approved, specified, or prohibited any such warnings.  In fact,

14  Defendants can produce no evidence -- and certainly have not supplied any with the removal notice --

15  that the Army Air Force exercised any direction or preclusion over health warnings associated with the

16  use of Defendant's asbestos containing products.

17       In *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992), the Ninth Circuit

18  held that the defendant contractor was not entitled to protection under the *Boyle* defense because it

19  produced no evidence that the government required it to do anything with respect to warnings on its

20  products.  *See also Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d 582, 586 (9th Cir. 1996) ("[The

21  government contractor defense] is inapplicable to a failure to warn claim in the absence of evidence

22  that in making its decision whether to provide a warning . . . [the contractor] was "acting in

23  compliance with 'reasonably precise specifications' imposed on [it] by the United States" (citations

24  omitted)); *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 749 (9th Cir. 1997) ("Bell has shown

25  neither that 'the government considered the appropriate warnings, if any, that should accompany the

26  product,' nor that it 'approved reasonably precise specifications' constraining Bell's ability to comply

27  with whatever duty to warn it may have had.  Summary judgment on this claim was therefore

28  inappropriate." (citations omitted)).  One fundamental tenet underlying the *Boyle* doctrine is that state

law should not be preempted when the state law duty sought to be imposed on a contractor is not contrary to a duty assumed under a government contract. *Boyle*, 487 U.S. at 508-09. In *Faulk v. Owens-Corning Fiberglas Corp.*, 48 F.Supp.2d 653 (E.D. Tex. 1999), numerous defendants removed a group of asbestos cases on federal officer grounds, but again remand was required, [b]ecause the federal government provided no direction or control on warnings when using asbestos; moreover, the federal government did not prevent Defendants from taking their own safety precautions heeding state-law standard above the minimum standards incorporated in their federal contracts...Defendants can bury this Court in federal government regulations controlling their actions. But if there is no causal nexus between Defendants' actions in response to this control and the Plaintiffs' claims, then the government did not "make them do it" since the "it" was never under government control. *Id.* at 663 and n. 14.

Defendants have not produced any of the type of evidence shown above. UTC merely states "Defendant has a 'colorable' defense under Federal law." This conclusory statement does nothing to show UTC in fact has a colorable defense entitling in to government contractor immunity.

Boeing has done nothing more than allege that the B-17 "is a four-engine bomber which was manufactured for the United States military for military use during World War II" (Boeing's Notice of Removal 3:20-24.) However, any argument that Boeing can claim immunity because the government specified the use of asbestos-containing products aboard its aircraft misses the point. To show "strong government intervention" Boeing must show that the government specifically prohibited Boeing from providing warnings and from working with these products in a safe manner.

The attempts by Boeing and MDC to rely on the government contractor defense as set forth in *Yearsley v. W.A. Ross Construction Co.* 309 U.S. 18 (1940) also fail. It is not apparent if, or to the extent, *Yearsley* applies anymore; it is questionable whether *Yearsley* has been supplanted completely by *Boyle*. In *Bynum v. FMC Corp.*, 770 F.2d 556, 564 (5th Cir. 1985), the court noted that the *Yearsley* defense required a showing of an actual agency relationship with the government but that the defense may not be available to contractors who fail to follow government specifications or mismanufacture a product. Here, Boeing and MDC have not established an agency relationship with the government, nor have they shown that they failed to provide warnings or a safe workplace pursuant to government

1  specifications, or that they intentionally, knowingly or recklessly caused bodily harm to the Plaintiffs

2  pursuant to government specifications.

### 3. Defendants Have Failed to Demonstrate a Causal Relationship or Nexus Between the Work It Performed for the Army Air Force and the Injury Suffered Here

6  Defendants have also failed to meet the third prong of the *Mesa* test, which requires the

7  removing defendant to show a causal nexus between plaintiffs' claims and the acts the defendant

8  performed under the direction of the federal officer. *Mesa*, 489 U.S. at 124-125; *Fung*, 816 F.Supp. at

9  572.

10  Here, Defendants have not shown that the action of any federal officer precluded their

11  compliance with the state tort duties sued upon. No evidence has been presented that any federal

12  officer directed that Defendants <u>not</u> inform Decedent of the hazards associated with asbestos, <u>not</u>

13  provide a safe workplace, or to intentionally, knowingly, or recklessly cause bodily injury to Mr.

14  Burton. Regardless of any evidence Defendants might cite that asbestos-containing aircraft products

15  were prevalent, necessary, approved, or singled out for use by any federal oversight agency, nothing in

16  Defendants' notice of removal shows that any federal officer required them to remain silent as to the

17  dangers to Decedent, to not provide a safe product, or to intentionally, knowingly or recklessly cause

18  bodily harm to Mr. Burton. Therefore, the required nexus under 28 U.S.C. § 1442(a)(1) is not present,

19  and the case must be remanded. Defendants merely make circular, conclusory arguments not

20  supported in the law or by the evidence.

21  Thus, there can be no connection, much less the required causal nexus, between the acts and

22  omissions for which Plaintiffs sue and the acts, if any, taken by any defendant acting under a federal

23  officer. The absence of this required nexus compels remand. Boeing, UTC and MDC simply cannot

24  show federal control over the acts and omissions for which they are being sued. Accordingly federal

25  officer jurisdiction cannot exist.

26

27

28

1

## C.  PLAINTIFFS ARE ENTITLED TO FEES AND COSTS ON MERITLESS

2

### REMOVAL

3      "An order remanding the case may require payment of just costs and any actual expenses,

4  including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c).  The Court has "wide

5  discretion" to award attorney's fees and costs under this section, even in the absence of a finding that

6  the removing party acted in bad faith.  *Moore v. Permanente Medical Group, Inc.* 981 F. 2d. 443, 446-

7  447 (1992).  Independent of the tardy filing, Boeing's removal of the action was wholly unnecessary,

8  meritless and obviously an attempt to delay plaintiffs' upcoming trial date.

9      As set forth in the Declaration of Jeffrey A. Kaiser (below), plaintiffs seek attorneys' fees

10 incurred as a result of defendant's meritless removal and motion to stay, in an amount no less than

11 $8,000.

12                           **IV. CONCLUSION**

13     The moving Defendants sat on their rights for over two years and only removed this case as a

14 litigation strategy to avoid trial.  Even then, the Defendants failed to establish a proper basis for federal

15 jurisdiction.  As such, the case should be immediately remanded to the state court so the long awaited

16 trial can proceed.

17

18

19

20

21 Dated: March 2, 2007                    LEVIN SIMES KAISER & GORNICK LLP

22

23

24 By:_____/s/_____

25                           Jeffrey A. Kaiser
                          Attorneys for Plaintiffs

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND
C07-0702 SI
13

JEFFREY A. KAISER, ESQ., [SBN 160594]
JESSICA N. BIERNIER, ESQ., [SBN 239831]
**LEVIN SIMES KAISER & GORNICK, LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Telephone:  (415) 646-7160
Fax:  (415) 981-1270

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE BURTON, individually and as Personal Representative to the Estate of HAROLD BURTON, decedent; BLAINE BURTON, and MARK BURTON,<br><br>Plaintiffs,<br><br>vs.<br><br><br>A.W. CHESTERTON COMPANY, et. al.,<br><br>Defendants. | ) Case No. C07-0702 SI<br>)<br>) **DECLARATION OF JEFFREY A.**<br>) **KAISER IN SUPPORT OF**<br>) **PLAINTIFFS' NOTICE OF MOTION**<br>) **AND MOTION FOR REMAND AND**<br>) **REQUEST FOR COSTS (INCLUDING**<br>) **ATTORNEYS' FEES) ON IMPROPER**<br>) **REMOVAL**<br>)<br>)  Date:        April 6, 2007<br>)  Time:        9:00 a.m.<br>)  Courtroom:   Courtroom 10, 19th Floor<br>)                        San Francisco, California<br>)<br>)  The Honorable Susan Illston<br>)<br>)<br>) |

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND
C07-0702 SI

# SUPPORTING DECLARATION OF JEFFREY A. KAISER

I, Jeffrey A. Kaiser declare as follows:

1. I am an attorney at law licensed to practice before this Court and a partner at Levin Simes Kaiser & Gornick LLP, attorneys of record for plaintiffs herein. I have personal knowledge of the facts set forth below, and would competently testify thereto if called upon to do so.

2. On October 21, 2004 Mr. Burton and his wife Geraldine filed a complaint in San Francisco Superior Court naming, among others, Boeing, MDC and UTC.

3. On November 9, 2004 Plaintiffs served on the Defendants detailed standard interrogatory responses required by the local rules.

4. Mr. Burton died on December 31, 2004.

5. Mr. Burton's heirs filed a wrongful death action on April 8, 2005.

6. Attached as Exhibit A are relevant pages of Plaintiffs' Complaint for Damages (Personal Injury) served October 21, 2004.

7. Attached as Exhibit B are relevant pages Plaintiffs' Complaint for Damages (Wrongful Death) served April 8, 2005.

8. Attached as Exhibit C are relevant pages of Plaintiffs' Answers to Standard Interrogatories Propounded by Defendants (Wrongful Death) Set One, served May 18, 2005.

9. Attached as Exhibit D are relevant pages of Plaintiffs' Answers to Standard Interrogatories Propounded by Defendants (Wrongful Death) Set Two, served March 17, 2006.

10. Attached as Exhibit E are relevant pages of Plaintiffs' Answers to Standard Interrogatories Propounded by Defendants (Personal Injury) Set One, served November 9, 2004.

11. Attached as Exhibit F are relevant pages of Boeing's, MDC's, and UTC's Answers to Plaintiffs Complaint

12. Attached as Exhibit G is a true and correct copy of information provided on the Boeing/Douglas website.

13. Attached as Exhibit H are relevant pages of MDC's Opposition to Plaintiffs' Motion to Advance, dated January 4, 2005.

14. Attached as Exhibit I are relevant pages of Boeing's Motion for Summary Judgment.

15.  Attached as Exhibit J are relevant pages of MDC's Motion for Summary Judgment.

16.  My time is billed at the hourly rate of $500.00 per hour.  I spent 6 hours reading the moving papers and researching, writing and preparing this motion.  Jessica N. Biernier, who also worked on this motion, is billed at a standard rate of $200 and spent 20 hours preparing this motion.  It is believed that I will spend at least two more hours preparing for and attending the hearing.  The total fee for preparing and attending the hearing on this motion will be about $8,000.00.


I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct.


Dated:  March 2, 2007


_____/s/_____
Jeffrey A. Kaiser

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A.W. CHESTERTON COMPANY;

[SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HAROLD BURTON AND GERALDINE BURTON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER
*(Número del Caso):* CGC 04-435672

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JEFFREY A. KAISER [SBN:160594]
LEVIN SIMES & KAISER LLP
San Francisco, CA 94104

DATE:
*(Fecha)* OCT 2 1 2004   GORDON PARK-LI   Clerk, by _(DE LA VEGA-NAVARRO, Rossaly)_   Deputy
*(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 2 1 2004

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk
DE LA VEGA-NAVARRO, Rossaly

1  WILLIAM A. LEVIN, ESQ. [SBN 98592]
   JEFFREY A. KAISER, ESQ. [SBN 160594]
2  RETT D.B. BERGMARK, ESQ. [SBN 169401]
   **LEVIN SIMES & KAISER LLP**
3  ONE BUSH STREET, 14TH FLOOR
   SAN FRANCISCO, CALIFORNIA  94104
4  TELEPHONE  (415) 646-7160
   FACSIMILE  (415) 981-1270
5
   ATTORNEYS FOR PLAINTIFFS
6
   HAROLD BURTON AND GERALDINE BURTON
7

CASE MANAGEMENT CONFERENCE SET

PLAN II  OCT 1 9 2005  1:30 PM

DEPARTMENT 206

8                SUPERIOR COURT OF CALIFORNIA
                 COUNTY OF SAN FRANCISCO
9                  (UNLIMITED JURISDICTION)

10

11                                               CGC  04-435672

12  HAROLD BURTON AND GERALDINE BURTON,     )  NO.
                                            )
13            PLAINTIFFS,                    )
                                            )  **COMPLAINT FOR**
14            VS.                            )  **DAMAGES**
                                            )
15  A. W. CHESTERTON COMPANY;  ALLIS-CHALMERS )  NEGLIGENCE,
    CORPORATION PRODUCT LIABILITY TRUST;      )  STRICT LIABILITY,
16  AMERICAN ASBESTOS COMPANY;  ARMSTRONG     )  LOSS OF CONSORTIUM,
    INTERNATIONAL, INC.;  ATLAS-STORD, INC. FKA )  PUNITIVE DAMAGES,
17  STORD, INC.;  BUFFALO PUMPS, INC.;  CERTAIN- )
    TEED CORPORATION;  COOPER INDUSTRIES, INC   )  (ASBESTOS)
18  AS SUCCESSOR IN INTEREST TO CROUSE HINDS   )
    COMPANY;  CRANE CO.;  CROWN, CORK & SEAL,   )
19  AS SUCCESSOR-IN-INTEREST TO MUNDET CORK;   )
    CURTISS-WRIGHT FLIGHT SYSTEMS, INC.;        )
20  DOUGLASS INSULATION CO., INC.;  DURABLA     )
    MANUFACTURING COMPANY;  EATON              )
21  CORPORATION AS SUCCESSOR-IN-INTEREST TO    )
    CUTLER-HAMMER;  ELLIOTT TURBOMACHINERY     )
22  CO., INC.;  ERICSSON, INC., WHICH WILL DO   )
    BUSINESS IN CALIFORNIA AS EUS INC., AS      )
23  SUCCESSOR-IN-INTEREST TO ANACONDA WIRE     )
    AND CABLE COMPANY;  FOSTER WHEELER LLC,     )
24  SURVIVOR TO A MERGER WITH FOSTER           )
    WHEELER CORPORATION;  GARLOCK SEALING      )
25  TECHNOLOGIES LLC, INDIVIDUALLY AND AS       )
    SUCCESSOR-IN-INTEREST TO GARLOCK, INC.;     )
26  GENERAL ELECTRIC COMPANY;  GENERAL         )
    MOTORS CORPORATION;  GEORGIA-PACIFIC       )
27

28

1  CORPORATION;  GOULDS PUMPS (IPG), INC.;
   GOULDS PUMPS, INCORPORATED;  GENERAL
2  REFRACTORIES COMPANY;  GRINNELL
   CORPORATION;  HAMWORTHY PEABODY
3  COMBUSTION, INC. FKA PEABODY ENGINEERING
   CORPORATION;  HONEYWELL INTERNATIONAL,
4  INC.  FKA ALLIED SIGNAL INC., SUCCESSOR-IN-
   INTEREST TO THE BENDIX CORPORATION;
5  HONEYWELL INTERNATIONAL, INC.,
   INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST
6  TO THE GARRETT TURBINE ENGINE CO., BENDIX
   CORPORATION, THE GARRETT CORPORATION,
7  AERO HYDRAULICS, INC., CAPITOL AVIATION CO.,
   INC., GARRETT AEROSPACE MANUFACTURING
8  CORPORATION AND AIRESEARCH DOMESTIC
   INTERNATIONAL SALES CORPORATION;
9  HOUDAILLE INDUSTRIES, INC. AS SUCCESSOR BY
   MERGER TO WARREN PUMPS, INC.;  IMO
10 INDUSTRIES, INC. FKA IMO DELAVAL INC.;
   INGERSOLL-RAND COMPANY;  ITT INDUSTRIES,
11 INC.  INDIVIDUALLY AND AS SUCCESSOR IN
   INTEREST TO GOULDS PUMPS, INC., BELL &
12 GOSSETT, INC. AND ALLIS CHALMERS, INC.;
   JOHNSTON PUMP/GENERAL VALVE, INC.;  KAISER
13 GYPSUM COMPANY;  MCDONNELL DOUGLAS
   CORPORATION, AS SUCCESSOR-IN-INTEREST TO
14 DOUGLAS AIRCRAFT COMPANY, INC.;  MET-PRO
   CORPORATION AS SUCCESSOR-IN- INTEREST TO
15 DEAN PUMP DIVISION;  OWENS-ILLINOIS INC.;
   PACO PUMPS, INC.;  PARKER HANNIFIN
16 CORPORATION AND STANDARD MOTOR
   PRODUCTS, AS SUCCESSOR-IN-INTEREST TO EIS
17 BRAKE PARTS;  PLANT INSULATION COMPANY;
   CPC/PUMPS INTERNATIONAL AS SUCCESSOR IN
18 INTEREST TO AND OTHERWISE DOING BUSINESS
   AS UNITED PUMPS OF CANADA, LTD.;  PUMP
19 DYNAMICS, INC. DOING BUSINESS AS CPC/PUMPS
   INTERNATIONAL AS SUCCESSOR IN INTEREST TO
20 UNITED PUMPS OF CANADA, LTD.;  QUINTEC
   INDUSTRIES, INC.;  RED-WHITE VALVE CORP.;
21 SIMPLEX WIRE & CABLE CO.;  SQUARE D
   COMPANY;  STERLING BOILER AND MECHANICAL
22 INC.;  THE BOEING COMPANY;  THE GOODYEAR
   TIRE & RUBBER COMPANY;  THOMAS DEE
23 ENGINEERING COMPANY, INC.;  THORPE
   INSULATION COMPANY;  UNIROYAL, INC.;
24 UNITED TECHNOLOGIES CORPORATION

25

26

27

28

| | |
|---|---|
| 1 | FORMERLY KNOWN AS PRATT & WHITNEY INC.; )
| 2 | VIACOM, INCORPORATED AS SUCCESSOR-BY-
MERGER TO CBS CORPORATION FKA |

1  FORMERLY KNOWN AS PRATT & WHITNEY INC.;    )
2  VIACOM, INCORPORATED AS SUCCESSOR-BY-        )
   MERGER TO CBS CORPORATION FKA                )
3  WESTINGHOUSE ELECTRIC CORPORATION;          )
   VIKING PUMP, INC. AND FIRST DOE THROUGH      )
4  THREE HUNDREDTH DOE, INCLUSIVE,              )
                                                )
5  AND                                          )
                                                )
6  MCDONNELL DOUGLAS CORPORATION, AS            )
   SUCCESSOR-IN-INTEREST TO DOUGLAS             )
7  AIRCRAFT COMPANY, INC. AND THREE HUNDRED     )
   FIRST DOE THROUGH FOUR HUNDREDTH DOE,        )
8  INCLUSIVE,                                   )
                                                )
9           DEFENDANTS.                         )
                                                )
10                                              )
   _____

11              FIRST CAUSE OF ACTION-NEGLIGENCE

12                      (Personal Injuries)

13      PLAINTIFFS HAROLD BURTON AND GERALDINE BURTON COMPLAIN OF

14  DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR

15  NEGLIGENCE (PERSONAL INJURIES) ALLEGES:

16

17      1.      The true names and capacities, whether individual, corporate, associate,

18  governmental or otherwise, of defendants FIRST DOE through THREE HUNDREDTH DOE,

19  inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such

20  fictitious names.  When the true names and capacities of said defendants have been ascertained,

21  plaintiff will amend this Complaint accordingly.  Plaintiff is informed and believes and thereon

22  alleges that each defendant designated herein as a DOE is responsible, negligently or in some other

23  actionable manner, for the events and happenings hereinafter referred to, and caused injuries and

24  damages proximately thereby to the plaintiff, as hereinafter alleged.

25      2.      At all times herein mentioned, each of the defendants was the agent, servant,

26  employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each

27

28

1  WILLIAM A. LEVIN, ESQ. [SBN 98592]
2  JEFFREY A. KAISER, ESQ. [SBN 160594]
   RETT BERGMARK [SBN 169401]
3  **LEVIN SIMES & KAISER LLP**
   One Bush Street, 14th Floor
   San Francisco, California 94104
4  Telephone     (415) 646-7160
   Facsimile     (415) 981-1270
5
6  Attorneys for Plaintiffs
   **HAROLD BURTON AND GERALDINE BURTON**

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

OCT 2 2 2004

GORDON PARK-LI, Clerk
BY _____
     Deputy Clerk

7
8                **SUPERIOR COURT OF CALIFORNIA**
                   **COUNTY OF SAN FRANCISCO**
9                    **(UNLIMITED JURISDICTION)**

10
11 **HAROLD BURTON AND GERALDINE**         )   No. CGC-04-435272
   **BURTON,**                             )
12                                          )
              Plaintiffs,                   )   PRELIMINARY FACT
13                                          )   SHEET NEW FILING/
         vs.                                )   ASBESTOS LITIGATION
14                                          )   (See General Order No. 129)
   A.W. CHESTERTON COMPANY, et al.,         )   In Re Complex Asbestos
15                                          )   Litigation
              Defendants.                   )
16                                          )
   _____    )

17              **N O T I C E**

18 **TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE**
19 **SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA,**
   **CITY AND COUNTY OF SAN FRANCISCO:**

20        You have been served with process in an action which has been designated by the Court as

21 complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This

22 litigation bears the caption "In Re: Complex Litigation," [San Francisco Superior Court No.

23 828684].

24        This litigation is governed by various general orders, some of which affect the judicial

25 management and/or discovery obligations, including the responsibility to answer interrogatories

26 deemed propounded in the case. You may contact the Court or Designated Defense Counsel,

27 Berry & Berry, Station D, Post Office Box 16070 (2930 Lakeshore Ave.), Oakland, California

28

1   94610; Telephone: (510) 250-0200; FAX: (510) 835-5117 for further information and/or copies of

2   these orders, at your expense.

3       1.      State the complete name and address of each person whose claimed exposure to

4               asbestos is the basis of this lawsuit ("exposed person"):

5                               **HAROLD BURTON**
                                210 N. Fourteenth St.
6                               Worland, WY 82401

7       2.      Does plaintiff anticipate filing a motion for preferential trial date within the next

8   four months?   __X__ Yes                    ____ No

9       3.      Date of birth of each exposed person in item one and, if applicable, date of death:

10

11      **Date of Birth: _02/20/1922_      Date of Death: ___N/A___**

12      Social Security Number of each exposed person:    **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**

13      4.      Specify the nature or type of asbestos-related disease alleged by each exposed

14  person:

15      ____ Asbestosis                    __X__ Mesothelioma

16      ___ Pleural Thickening/Plaques     ____ Other Cancer: Specify: _____

17      Lung Cancer Other Than Mesothelioma    Other: Specify:_____

18      5.      For purposes of identifying the nature of exposure allegations involved in this

19  action, please check one or more:

20      _X_ Shipyard        __X__ Construction   ____ Friction-Automotive

21      ____Premises        ____ Aerospace       __X__ Military

22      ____Other: Specify all that apply

23      If applicable, indicate which exposure allegations apply to which exposed person.

24      6.      Identify each location alleged to be a source of an asbestos exposure, and to the

25  extent known, provide the beginning and ending year(s) of each such exposure.  Also specify each

26  exposed person's employer and job title or job description during each period of exposure.  (For

27  example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948").  Examples of locations of

28

---

I:\6104.Burton\Complaint\compl.fact.sheet.doc          -2-          PRELIMINARY FACT SHEET

exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant Marine" or "construction." If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the beginning and ending year (e.g., 1947-1947).

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| **U.S. Airforce September 1942-October 1945** | Long Beach, California; Peyote, Texas; Dalhart, Texas; Galveston, Texas; McDonnell Douglas Aircraft School, Long Beach, CA | Pilot;  Aircraft Maintenance |
| **Grain Elevator 1945-1947** | Worland, Wyoming | Machine Operator |
| **National Guard Armory 1949-1950** | U.S.S. General Meigs; Fort Lewis, Washington; Hunter's Point, California; Korea | Responsible for food and supplies |
| **Holly Sugar 1951-1984** | Sheridan, Wyoming | Pulp Dryer and Pump Maintenance |
| **Home Remodel Various times between 1946-1978** | Worland, Wyoming | Dry Wall, Sheetrock, Floor Tile and Joint Compound Maintenance/Repair/Replacement |

7.    For each exposed person who:

a.    worked in the United States or for a U. S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

b.    may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

c.    served at any time in the United States military, attach to the copy of this fact sheet provided to the Designated Defense counsel two fully executed originals of the stipulation (Exhibit

1   N-3 to General Order No. 129);

2       d.     was employed by the United States government in a civilian capacity, attach to the

3   copy of this fact sheet provided to Designated Defense counsel two fully executed originals of the

4   stipulation (Exhibit N-3 to General Order No. 129).

5   8.     If there is a wrongful death claim, attach to the copy of this fact sheet provided to

6   Designated Defense Counsel a copy of the death certificate, if available.  If an autopsy report was

7   done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense

8   Counsel.

9   9.     State the date of the filing of the initial complaint in this matter:  October 21, 2004.

11   DATED:  October 22, 2004       **LEVIN SIMES & KAISER LLP**

13            BY                            REIT D.B. BERGMARK, ESQ.
                                         Attorney for Plaintiffs

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A. W. Chesterton Company;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GERALDINE BURTON  individually and as Personal
Representative to the Estate of HAROLD BURTON,
decedent; BLAINE BURTON, MARK BURTON and DOES ONE
through TEN, inclusive

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte una formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA  94102 | CASE NUMBER:<br>*(Número del Caso):*<br>**P05-440227** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Mandelbrot [SBN: 172626]
LEVIN SIMES & KAISER LLP
San Francisco, CA  94104

GORDON PARK-LI

DATE:             Clerk, by _____, Deputy
*(Fecha)* APR 8 - 2005    *(Secretario)* CRISTINA BAUTISTA   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  WILLIAM A. LEVIN [SBN 98592]
   JEFFREY A. KAISER [SBN 160594]
2  MICHAEL J. MANDELBROT [SBN 172626]
   LEVIN SIMES & KAISER LLP
3  One Bush Street, 14th Floor
   San Francisco, CA 94104
4
   Telephone:    (415) 646-7160
5  Facsimile:    (415) 981-1270
6  Attorneys for Plaintiffs
7  GERALDINE BURTON, et al.

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

APR 8 - 2005

CASE MANAGEMENT CONFERENCE SET

GORDON PARK-LI, Clerk

PLAN II APR 1 9 2006   1:30 PM  CRISTINA E. BAUTISTA
                                     Deputy Clerk

DEPARTMENT 206

8
9              SUPERIOR COURT OF CALIFORNIA
10                COUNTY OF SAN FRANCISCO
                  (UNLIMITED JURISDICTION)

11                                          No. **05-440227**
12  *GERALDINE BURTON  individually and as Personal*    )
    *Representative to the Estate of HAROLD BURTON,*     )
13  *decedent; BLAINE BURTON, MARK BURTON AND*           )     **COMPLAINT FOR**
    *DOES ONE THROUGH TEN, INCLUSIVE,*                   )     **DAMAGES**
14                                                       )
                   **PLAINTIFFS,**                       )
15                                                       )     **(Wrongful Death)**
                        VS.                              )     **(Asbestos)**
16                                                       )
    A. W. CHESTERTON COMPANY;                            )     **Negligence**
17  ARMSTRONG INTERNATIONAL, INC.;                       )     **Strict Liability**
    BUFFALO PUMPS, INC.;                                 )     **Survival Action**
18  CERTAIN-TEED CORPORATION;                            )     **And**
    CRANE CO.;                                           )     **Loss of Consortium**
19  CROWN, CORK & SEAL, as successor-in-interest to      )
20  MUNDET CORK;                                         )
    CURTISS-WRIGHT FLIGHT SYSTEMS, INC.;                 )
21  EATON CORPORATION as successor-in-interest to        )
    CUTLER-HAMMER;                                       )
22  ELLIOTT TURBOMACHINERY CO., INC.;                    )
23  FOSTER WHEELER LLC;                                  )
    GARLOCK SEALING TECHNOLOGIES LLC,                    )
24  individually and as successor-in-interest to GARLOCK,)
    INC.;                                                )
25  GENERAL ELECTRIC COMPANY;                            )
    GEORGIA-PACIFIC CORPORATION;                         )
26  GOULDS PUMPS, INCORPORATED;                          )
27  HONEYWELL INTERNATIONAL, INC. fka ALLIED             )
    SIGNAL INC., successor-in-interest to THE BENDIX     )
28  CORPORATION;                                         )

I:\6104.wd.Burton\WD.Complaint\complaint.wd.loc.doc          1          COMPLAINT FOR
                                                                        DAMAGES - WRONGFUL DEATH

IMO INDUSTRIES, INC. fka IMO DeLAVAL INC.; )
INGERSOLL-RAND COMPANY; )
ITT INDUSTRIES, INC. individually and as successor in )
interest to GOULDS PUMPS, INC., BELL & GOSSETT, )
INC. and ALLIS CHALMERS, INC.; )
MCDONNELL DOUGLAS CORPORATION, as )
successor-in-interest to DOUGLAS AIRCRAFT )
COMPANY, INC.; )
OWENS-ILLINOIS INC.; )
PARKER-HANNIFIN CORPORATION, as successor-in- )
interest to SACOMO SIERRA AND SACOMO )
MANUFACTURING COMPANY; )
PLANT INSULATION COMPANY; )
QUINTEC INDUSTRIES, INC.; )
SQUARE D COMPANY; )
THE BOEING COMPANY; )
THE GOODYEAR TIRE & RUBBER COMPANY; )
THOMAS DEE ENGINEERING COMPANY, INC.; )
THORPE INSULATION COMPANY; )
UNITED TECHNOLOGIES CORPORATION formerly )
known as PRATT & WHITNEY INC.; )
VIACOM, INCORPORATED as successor-by-merger to )
CBS CORPORATION fka WESTINGHOUSE )
ELECTRIC CORPORATION and ELEVENTH DOE )
through THREE HUNDREDTH DOE, inclusive, )
)
        DEFENDANTS. )
        ──────────────────────────────────── )

## GENERAL ALLEGATIONS

1.      The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are known to plaintiffs at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiff will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the decedent, as hereinafter alleged.

2.      At all times herein mentioned, each of the defendants, except as otherwise alleged, was

1  WILLIAM A. LEVIN, ESQ. [SBN 98592]
2  JEFFREY A. KAISER, ESQ. [SBN 160594]
   RETT BERGMARK [SBN 169401]
3  LEVIN SIMES & KAISER LLP
   One Bush Street, 14th Floor
4  San Francisco, California 94104
   Telephone    (415) 646-7160
5  Facsimile    (415) 981-1270

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

APR 8 - 2005

GORDON PARK-LI, Clerk
CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

Attorneys for Plaintiffs
6  *GERALDINE BURTON, et al.*   PLAN II   APR 1 9 2006   1:30 PM

7

8                         DEPARTMENT 206
                  SUPERIOR COURT OF CALIFORNIA
9                    COUNTY OF SAN FRANCISCO
                     (UNLIMITED JURISDICTION)
10

11  *GERALDINE BURTON individually and*          )   No.   **05-440227**
    *as Personal Representative to the Estate of*  )
12  *HAROLD BURTON, decedent; BLAINE*            )
    *BURTON, MARK BURTON AND DOES*               )
13  *ONE THROUGH TEN, INCLUSIVE,*                )   PRELIMINARY FACT
                                                 )   SHEET NEW FILING/
                                                 )   ASBESTOS LITIGATION
14              Plaintiffs,                       )   (See General Order No. 129)
                                                 )    In Re Complex Asbestos
15       vs.                                      )    Litigation
                                                 )
16  A.W. CHESTERTON COMPANY, et al.,             )
                                                 )
17              Defendants.                       )
    _____

18                      **N O T I C E**

19  **TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE**
    **SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA,**
20  **CITY AND COUNTY OF SAN FRANCISCO:**

21          You have been served with process in an action which has been designated by the Court as

22  complex litigation pursuant to Standard 19 of the Standards of Judicial Administration.  This

23  litigation bears the caption "In Re: Complex Litigation," [San Francisco Superior Court No.

24  828684].

25          This litigation is governed by various general orders, some of which affect the judicial

26  management and/or discovery obligations, including the responsibility to answer interrogatories

27  deemed propounded in the case.  You may contact the Court or Designated Defense Counsel,

28  _____
    I:\6104.wd.Burton\WD.Complaint\compl.fact.sheet.wd.do   -1-          PRELIMINARY FACT SHEET
    c

Berry & Berry, Station D, Post Office Box 16070 (2930 Lakeshore Ave.), Oakland, California 94610; Telephone: (510) 250-0200; FAX: (510) 835-5117 for further information and/or copies of these orders, at your expense.

    1.     State the complete name and address of each person whose claimed exposure to asbestos is the basis of this lawsuit ("exposed person"):

**HAROLD BURTON, DECEDENT**

    2.     Does plaintiff anticipate filing a motion for preferential trial date within the next four months? _____ Yes      **X** _ No

    3.     Date of birth of each exposed person in item one and, if applicable, date of death:

**Date of Birth:  02/20/1922     Date of Death: ___ 12/31/04 ____**

Social Security Number of each exposed person:    **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**

    4.     Specify the nature or type of asbestos-related disease alleged by each exposed person:

____ Asbestosis       **X** _ Mesothelioma

___ Pleural Thickening/Plaques     ____ Other Cancer: Specify: _____

Lung Cancer Other Than Mesothelioma     Other: Specify:_____

    5.     For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

_**X** _ Shipyard     _**X**__ Construction     ____ Friction-Automotive

____ Premises     ____ Aerospace     _**X** _ Military

____ Other: Specify all that apply

If applicable, indicate which exposure allegations apply to which exposed person.

    6.     Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure.  Also specify each exposed person's employer and job title or job description during each period of exposure.  (For

1  example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948").  Examples of locations of

2  exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more

3  generalized descriptions such as "merchant Marine" or "construction."  If an exposed person

4  claims exposure during only a portion of a year, the answer should indicate that year as the

5  beginning and ending year (e.g., 1947-1947).

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| U.S. Airforce September 1942-October 1945 | Long Beach, California; Peyote, Texas; Dalhart, Texas; Galveston, Texas; McDonnell Douglas Aircraft School, Long Beach, CA | Pilot;  aircraft maintenance |
| Grain Elevator 1945-1947 | Worland, Wyoming | Machine operator |
| National Guard Armory 1949-1950 | U.S.S. General Meigs; Fort Lewis, Washington; Hunter's Point, California; Korea | Performed work in the galley around all other trades. |
| Holly Sugar 1951-1984 | Sheridan, Wyoming | Equipment, boiler and pump maintenance |
| Home Remodel Various times between 1946-1978 | Worland, Wyoming | Drywall, floor tile and joint compound: Maintenance/repair/replacement |

7.     For each exposed person who:

       a.     worked in the United States or for a U. S. agency outside the territorial United

States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully

executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

       b.     may have had a Social Security disability award or is no longer employed and

whose last employment was not with a United States government agency, attach to the copy of

this fact sheet provided to Designated Defense counsel a fully executed Social Security Disability

authorization (Exhibit N-5 to General Order No. 129);

1       c.     served at any time in the United States military, attach to the copy of this fact sheet

2   provided to the Designated Defense counsel two fully executed originals of the stipulation

3   (Exhibit N-3 to General Order No. 129);

4       d.     was employed by the United States government in a civilian capacity, attach to  the

5   copy of this fact sheet provided to Designated Defense counsel two fully executed originals of the

6   stipulation (Exhibit N-3 to General Order No. 129).

7   8.     If there is a wrongful death claim, attach to the copy of this fact sheet provided to

8   Designated Defense Counsel a copy of the death certificate, if available.  If an autopsy report was

9   done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense

10   Counsel.

11   9.     State the date of the filing of the initial complaint in this matter:  February 10, 2005.

12

13   DATED:  March 7, 2005          **LEVIN SIMES & KAISER LLP**

14

15                     BY                                                                                      MICHAEL J. MANDELBROT, ESQ.
                                                                    Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1 | WILLIAM A. LEVIN, ESQ. [SBN 98592]
JEFFREY A. KAISER, ESQ. [SBN 160594]
2 | SEAN P. WORSEY, ESQ. [SBN 215807]
**LEVIN SIMES & KAISER LLP**
3 | One Bush Street, 14th Floor
San Francisco, CA 94104
4 | Telephone:    (415) 646-7160
Facsimile:    (415) 981-1270
5 |
Attorneys for Plaintiffs
6 | GERALDINE BURTON, et al.

7 |

8 | 

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF SAN FRANCISCO

### (Unlimited Jurisdiction)

| | |
|---|---|
| GERALDINE BURTON, et al., | Case No. CGC 05-440227 |
| Plaintiffs, | **PLAINTIFF'S ANSWERS TO STANDARD INTERROGATORIES PROPOUNDED BY DEFENDANTS** |
| vs. | |
| | (Wrongful Death) |
| A.W. CHESTERTON COMPANY, et al., | Set One |
| Defendants. | |

Comes now plaintiff GERALDINE BURTON and responds to defendants' standard interrogatories (wrongful death) Set 1, as follows. Please note that plaintiff has only just begun discovery in this case and that discovery is continuing with respect to each interrogatory and sub interrogatory. In addition, plaintiff respectfully objects to each interrogatory and sub interrogatory insofar as it calls for privileged work product or privileged attorney client communication and insofar as it constitutes an invasion of privacy as guaranteed by Article I, Section I of the California Constitution. Without waiving these objections, plaintiff responds as follows:

1. A. GERALDINE BURTON
   B. Spouse
   C. July 8, 1924
   D. 80
   E. Weatherby, Missouri
   F. 210 N. 14th St., Worland, WY 82401
   G. 5'6", 160 lbs.
   H. 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
   I. N/A
   J. N/A
   K. N/A
   L. 100722-388, Wyoming
   M. Geraldine Burton
   N. 12th Grade
   O. N/A – deceased.
   P. August 20, 1944
   Q. Harold Burton
   R. Harold Burton, August 20, 1944
   T. Harold Burton died of mesothelioma on December 30, 2004

1B. A. HAROLD EUGENE BURTON
   B. February 20, 1922
   C. Laurel, Nebraska
   D. 210 N. 14th St., Worland, WY 82401
   E. 5'8", 150 lbs.
   F. 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
   G. N/A
   H. N/A
   I. 37 456 468; W-2003929
   J. Wyoming 100722-187
   K. Harold Eugene Burton
   L. 12th grade
   M. Geraldine Burton
   N. July 8, 1924
   O. August 20, 1944
   P. 210 N. 14th St., Worland, WY 82401
   Q. Dental assistant (retired)
   R. N/A
   S. N/A
   T. N/A

2. (1) A. Blaine V. Burton
       B. August 7, 1946
       C. Natural
       D. 25913 192nd Ave., S.E. Covington, WA 98042
       E. Warranty clerk, Peterbilt Seattle
       F. Living

   (2) A. Mark Eugene Burton
       B. October 24, 1951
       C. Natural
       D. 1943 E. Redfield Rd., Tempe, AZ 85283

E. High school counselor
F. Living

3. No.

4. Yes.
A. Anna Honera Burton
B. Mother
C. 53 years old
D. December 1949
E. Worland, WY
F. Cancer

5. Plaintiff is currently able to recall the following addresses:

| | |
|---|---|
| Dyersburg, TX | Until 1945 |
| Railroad Ave., Worland, WY | 1945-1947 |
| 210 N.14th St., Worland, WY 82401 | 1947-1950 |
| Ft. Lewis, WA | 1950 |
| Korea | 1951 |
| 210 N. 14th St., Worland, WY | 1952-2004 |

6. Washakie County High School, graduated 1939
Sheppard Field, Airplane mechanic school, 1943
Douglas Aircraft, Airplane mechanic school, 1943
Gunnery School, Aerial Gunnery, Wendover, UT, 1943
B-17 Engineer Instructor School, Galveston, TX, 1944

7. April 12, 2005.

8. No.

9. Yes. Decedent served in the U.S. Army Air Force from September 1942 – October 1945 and in the Armored Field Artillery 1949-1951; his military service numbers were 37 456 468 (T/SGT) and W-2003929 (Warrant Officer Junior Grade).

Decedent spent about six months at the McDonnell Douglas aircraft mechanical school in Long Beach, California, where he was trained to work on engines and brakes on B17 aircraft. He cut gaskets, worked with fuselage insulation, and assisted with brakes. Decedent was then transferred to Peyote, Texas, where he worked on aircraft engines and brakes. Decedent recalled dismantling Pratt Whitney and Wright Cyclone engines. Decedent went to Gunnery School in Wendover, Utah, and was then transferred back to Peyote, Texas, where he flew planes. Decedent then flew missions in Germany with the 100th bomb group, squadron 349.

Decedent was on the *New Amsterdam* from England to New York at about the time of D-Day, guarding prisoners.

Decedent served in Korea in 1949-1951, transferring to and from Korea on the *USS General Meigs*, with stops at Fort Lewis, Washington and Hunters Point, San Francisco, California.

10. This introductory statement is incorporated by reference into each and every interrogatory in this set seeking medical information. In partial response to this interrogatory, please see the

- 3 -

F.    No.

24.   No.

25.   Plaintiff respectfully objects to this interrogatory as being an invasion of privacy, and on the grounds it assumes a pattern of alcohol consumption over the decedent's lifetime. Without waiving these objections, plaintiff responds as follows: Decedent drank very seldom, at most one or two beers.

26.   Plaintiff claims that Decedent Harold Burton may have been exposed to asbestos at those employments noted below with an asterisk. Discovery is continuing as to decedent's exposure at all other employments. In addition, discovery is continuing as to other places of employment where decedent may have worked for short periods.

## HAROLD BURTON'S EMPLOYMENT HISTORY:

**Employer's Name & Address:  Unknown Farm, Worland, WY**
Job Title: Laborer
Date Started:   1940
Date Ended:    April 1941
Description of job duties:  Farm labor
Job Sites:  Farm
Estimate of total time at those sites:  1 year
Exposed to asbestos at this job:  Plaintiff is unaware of any exposure to asbestos at this location; investigation and discovery are continuing.

**Employer's Name & Address:  Continental Service Station; Junction Service Station, Worland, WY**
Job Title: Laborer
Date Started:   1941
Date Ended:    1942
Description of job duties:  Pumped gas, greased cars, cleaned up service bays
Job Sites:  Service station
Estimate of total time at those sites:  1 year
Exposed to asbestos at this job:  Plaintiff is unaware of any exposure to asbestos at this location; investigation and discovery are continuing.

**Employer's Name & Address:  U.S. Army Air Force**
Job Title: T/Sgt; mechanic
Date Started:   September 1942
Date Ended:    October 1945
Description of job duties:  Boeing B17 Mechanic; cut gaskets, worked with fuselage insulation, and assisted with brakes. Dismantled Pratt Whitney and Wright Cyclone engines; attended Gunnery School; flew missions in Germany.
Job Sites:  McDonnell Douglas aircraft mechanical school in Long Beach, California; Army Air Force base in Peyote, Texas; Gunnery School, Wendover, Utah; Germany.
Estimate of total time at those sites:  3 years
Exposed to asbestos at this job:  Plaintiff contends that Decedent was exposed to asbestos at these locations; investigation and discovery are continuing.

**Employer's Name & Address:  Wyoming Elevator & Supply, Worland, WY**
Job Title: Laborer
Date Started:  1945

## PROOF OF SERVICE

I certify that I am over the age of 18 years and not a party to the within action; that my business address is One Bush Street, 14ᵗʰ Floor San Francisco, CA 94104; and that on this date I served a true copy of the document(s) entitled:

PLAINTIFF'S ANSWERS TO STANDARD INTERROGATORIES PROPOUNDED BY DEFENDANTS (Wrongful Death) SET ONE

in re: GERALDINE BURTON, et al., vs. A.W. CHESTERTON et al.; SFSC 05-440227

Service was effectuated by forwarding the above-noted document in the following manner:

[XX] By Regular Mail in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of Levin Simes & Kaiser LLP

SEE ATTACHED SERVICE LIST

By Hand Delivery in a sealed envelope, addressed as noted above, through services provided by (name of messenger service) and billed to Levin Simes & Kaiser LLP.

[XX] By Facsimile to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of Levin Simes & Kaiser LLP.

Berry & Berry
Fax No.  (510) 835-5117

By Overnight Courier in a sealed envelope, addressed as noted above, through services provided by (Federal Express, UPS,) and billed to Levin Simes & Kaiser LLP

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this proof of service was executed on this 18ᵗʰ day of May, 2005, at San Francisco, California.

Athena Stavrakaras

# EXHIBIT D

1  WILLIAM A. LEVIN, ESQ., [SBN 98592]
   LISA J. ESPADA, ESQ. [SBN 202975]
2  LEVIN SIMES KAISER & GORNICK LLP
   One Bush Street, 14th Floor
3  San Francisco, CA 94104
   Telephone: (415) 646-7160
4  Fax: (415) 981-1270

5  Attorneys for Plaintiffs
   GERALDINE BURTON, et al.
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO
                        (Unlimited Jurisdiction)
10

11

12  GERALDINE BURTON  individually and     )   Case No.  04-435672
    as Personal Representative to the Estate of  )
13  HAROLD BURTON, decedent; BLAINE       )   PLAINTIFF'S  ANSWERS TO
    BURTON, MARK BURTON AND DOES          )   STANDARD INTERROGATORIES
14  ONE THROUGH TEN, INCLUSIVE,           )   PROPOUNDED BY DEFENDANTS
                                          )
15                    Plaintiffs,         )   (Wrongful Death)
                                          )
16        vs.                             )   Set 2
                                          )
17                                        )
    A.W. CHESTERTON CO,, et al.,          )
18                                        )
                      Defendants.         )
19  _____  )

20

21        Comes now plaintiff GERALDINE BURTON ("Plaintiff") and responds to defendants'

22  standard interrogatories (wrongful death) Set 2, as follows.  Please note that Plaintiff has only just

23  begun discovery in this case and that discovery is continuing with respect to each interrogatory and

24  sub interrogatory.  In addition, Plaintiff respectfully objects to each interrogatory and sub interrogatory

25  insofar as it calls for privileged work product or privileged attorney client communication and insofar

26  as it constitutes an invasion of privacy as guaranteed by Article I, Section I of the California

27  Constitution.  Without waiving these objections, Plaintiff responds as follows:

28

C:\Documents and Settings\cchan\Local          - 1 -        PLTFS' ANSWERS TO STANDARD INTERROGATORIES
Settings\Temporary Internet                                 PROPOUNDED BY DEFENDANTS, WRONGFUL DEATH,
Files\OLK3\wd.rogs.set 2.doc                                SET TWO

1

2

**STANDARD INTERROGATORY, Set 2, No. 1:**

3

4   Plaintiff responds as follows to DEFENDANTS' STANDARD INTERROGATORIES TO

5   PLAINTIFF, Set 2, Number 1, subsections A through G:

6   Plaintiff has expended great effort to provide complete and straightforward responses to

7   each and every part and subpart of this standard interrogatory. This response contains only that

8   information which Plaintiff can currently recall regarding decedent Harold Burton's ("Decedent")'s

9

10  work duties on various jobs throughout his career. Plaintiff reserves the right to continue research and

11  discovery on these issues.

12  Decedent was occupationally exposed to airborne asbestos fibers throughout his

13  working life. He was exposed to asbestos containing materials as a B17 aircraft mechanic in the U.S.

14  Air Force during WWII. He cut gaskets, worked with fuselage insulation, assisted with brakes, and

15  dismantled Pratt Whitney and Wright Cyclone engines. Decedent attended Gunnery School in

16  Wendover, Utah, attended McDonnell Douglas aircraft mechanical school in Long Beach, California,

17

18  and flew combat missions in Germany. Decedent was also exposed to asbestos containing materials

19  on ships and in shipyards during the Korean War when he served in the National Guard Armory.

20  Decedent was employed for over 30 years at Holly Sugar, working at the Holly Sugar plant in

21  Worland, Wyoming, a factory that processed beet sugar. Decedent maintained and repaired

22

23  machinery, including boilers, in the plant and was exposed to an array of asbestos containing products

24  contained therein. Plaintiff provides this response without prejudice to supplementation during the

25  continuing prosecution of this case.

26  For a detailed description of Mr. Burton's employment history and duties, see attached Exhibit

27  "A".

28

---

C:\Documents and Settings\cchan\Local
Settings\Temporary Internet
Files\OLK3\wd.rogs.set 2.doc — 2 — PLTFS' ANSWERS TO STANDARD INTERROGATORIES
PROPOUNDED BY DEFENDANTS, WRONGFUL DEATH,
SET TWO

1  STANDARD INTERROGATORY, Set 2, No. 2:

2      Plaintiff is not currently aware of any depositions of any of the individuals identified in

3  response to interrogatory number one (1) and, if so, the circumstances surrounding such deposition.

4  This matter is a topic of ongoing research.  Plaintiff reserves the right to supplement this response with

5  subsequently discovered information as any such information is discovered.

6

7  STANDARD INTERROGATORY, Set 2, No. 3:

8      Plaintiff is currently unaware of any other relevant, non-privileged documents responsive to

9  this request that have not already been provided to defendants in this or other similar cases or which

10  have been made available to defendants or that are equally available to defendants through their own

11  investigation.

12

13

14  Dated: March 15, 2006

15                          LEVIN SIMES KAISER & GORNICK LLP

16          By:    _Lisa J. Espada_

17                 Lisa J. Espada
                   Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

C:\Documents and Settings\cchan\Local
Settings\Temporary Internet
Files\OLK3\wd.rogs.set 2.doc                    - 3 -        PLTFS' ANSWERS TO STANDARD INTERROGATORIES
                                                            PROPOUNDED BY DEFENDANTS, WRONGFUL DEATH,
                                                            SET TWO

**GERALDINE BURTON, et al. vs. A.W. CHESTERTON CO, et al**

Case No. 04-435672

**EXHIBIT A**

**EMPLOYERS/ JOB SITES OF DECEDENT HAROLD BURTON**

**Employer's Name & Address: Safeway Stores of Nevada, Oakland, CA**
Job Title:      Laborer
Date Started:  1939
Date Ended:    1939
Description of job duties:  Unknown.
Job Sites:      Unknown; investigation and discovery are continuing.
A/C materials: Unknown; investigation and discovery are continuing.
Trades:         Unknown; investigation and discovery are continuing.
Contractors:    Unknown; investigation and discovery are continuing.
Co-workers:     Unknown; investigation and discovery are continuing.

**Employer's Name & Address: Qwest Corporation, Denver, CO**
Job Title:      Laborer
Date Started:  1940
Date Ended:    1940
Description of job duties:
Job Sites:      Unknown; investigation and discovery are continuing.
A/C materials: Unknown; investigation and discovery are continuing.
Trades:         Unknown; investigation and discovery are continuing.
Contractors:    Unknown; investigation and discovery are continuing.
Co-workers:     Unknown; investigation and discovery are continuing.

**Employer's Name & Address: Don Babbitt, Worland, WY**
Job Title:      Laborer
Date Started:  1940
Date Ended:    April 1941
Description of job duties:  Farm labor
Job Sites:      Farm.
A/C materials: Unknown; investigation and discovery are continuing.
Trades:         Unknown; investigation and discovery are continuing.
Contractors:    Unknown; investigation and discovery are continuing.
Co-workers:     Unknown; investigation and discovery are continuing.

**Employer's Name & Address: A.H. Read, Cheyenne, WY**
Job Title:      Laborer
Date Started:  1941
Date Ended:    1941
Description of job duties:  Investigation and discovery are continuing,
Job Sites:      Unknown; investigation and discovery are continuing.
A/C materials: Unknown; investigation and discovery are continuing.
Trades:         Unknown; investigation and discovery are continuing.

Contractors:   Unknown; investigation and discovery are continuing.
Co-workers:   Unknown; investigation and discovery are continuing.

**Employer's Name & Address:  Continental Service Station; Junction Service Station, Worland, WY**
Job Title:       Laborer
Date Started:   1941
Date Ended:    1942
Description of job duties:  Pumped gas, greased cars, cleaned up service bays
Job Sites:      Service station.
A/C materials: Unknown; investigation and discovery are continuing.
Trades:          Auto mechanics; investigation and discovery are continuing.
Contractors:   Unknown; investigation and discovery are continuing.
Co-workers:   Unknown; investigation and discovery are continuing.

**Employer's Name & Address:  Wyoming Gas Co., Worland, WY**
Job Title:       Laborer
Date Started:   1941
Date Ended:    1941
Description of job duties:
Job Sites:       Unknown; investigation and discovery are continuing.
A/C materials: Unknown; investigation and discovery are continuing.
Trades:          Unknown; investigation and discovery are continuing.
Contractors:   Unknown; investigation and discovery are continuing.
Co-workers:   Unknown; investigation and discovery are continuing.

**Employer's Name & Address:  U.S. Army Air Force**
Job Title:       T/Sgt; mechanic
Date Started:   September 1942
Date Ended:    October 1945
Description of job duties:  Plaintiff was a Boeing B17 Mechanic.  He cut gaskets, worked with fuselage insulation, and with an asbestos cloth material used on pipes in the wings that was manufactured by U.S. Rubber (nka Uniroyal). He dismantled Pratt Whitney and Wright Cyclone engines including gaskets and firewalls.  He cut sheet gasket material and worked with ring and composition gaskets.  He attended Gunnery School and flew missions in Germany for the 100th bomb group in 349 squadron.  He was transported from Europe to New York on the *New Amsterdam,* a Dutch liner.
Job Sites:  McDonnell Douglas aircraft mechanical school in Long Beach, California; Army Air Force base in Peyote, Texas; Gunnery School, Wendover, Utah; Germany.
Estimate of total time at those sites:  3 years
A/C materials: Ajrcraft engines, gaskets, firewall, board, brake components; investigation and discovery are continuing.
Trades:          Mechanics; investigation and discovery are continuing.
Contractors:   Unknown; investigation and discovery are continuing.
Co-workers:    Anthony J. Grady; investigation and discovery are continuing.

**Employer's Name & Address:  Wyoming Elevator & Supply, Worland, WY**
Job Title:       Laborer
Date Started:   1945
Date Ended:    1947
Description of job duties:  Plaintiff operated a machine which unloaded and bagged grain.
Job Sites:       Grain elevator.

C:\Documents and Settings\cchan\Local
Settings\Temporary Internet
Files\OLK3\wd.rogs.set 2.doc

- 5 -

PLTFS' ANSWERS TO STANDARD INTERROGATORIES
PROPOUNDED BY DEFENDANTS, WRONGFUL DEATH,
SET TWO

1

## PROOF OF SERVICE

2

3        I certify that I am over the age of 18 years and not a party to the within action; that my business
address is One Bush Street, 14th Floor, San Francisco, CA 94104; and that on this date I served a true
4   copy of the document(s) entitled:

5   **PLAINTIFF'S ANSWERS TO STANDARD INTERROGATORIES PROPOUNDED BY
DEFENDANTS (Wrongful Death) SET TWO**

6
        in re:  GERALDINE BURTON, et al. vs. A.W.CHESTERTON CO, et al., SFSC Case No. 04-
7   435672, on the following parties:

8                          SEE ATTACHED SERVICE LIST

9   Service was effectuated by forwarding the above-noted document in the following manner:

10  X        By Regular Mail in a sealed envelope, addressed as noted above, with postage fully prepaid
        and placing it for collection and mailing following the ordinary business practices of Levin
11       Simes Kaiser & Gornick LLP.

12           By Hand Delivery in a sealed envelope, addressed as noted above, through services provided
        by                      (name of messenger service) and billed to Levin Simes Kaiser &
13       Gornick LLP.

14  X        By Facsimile to the numbers as noted below by placing it for facsimile transmittal following
        the ordinary business practices of Levin Simes Kaiser & Gornick LLP.

15
        Berry & Berry - Designated Defense Counsel
16       Fax No.  (510) 835-5117

17
        By Overnight Courier in a sealed envelope, addressed as noted above, through services
18       provided by                      (Federal Express, UPS) and billed to Levin Simes Kaiser &
        Gornick LLP.
19
        I declare under penalty of perjury that the foregoing is true and correct under the laws of the
20   State of California and that this declaration was executed on March 17th, 2006 at San
        Francisco, California.

21

22

23                          Christian Chan

24

25

26

27

28

# EXHIBIT E

1  WILLIAM A. LEVIN, ESQ. [SBN 98592]
JEFFREY A. KAISER, ESQ. [SBN 160594]
2  MICHAEL J. MANDELBROT, ESQ. [SBN 172626]
**LEVIN SIMES & KAISER LLP**
3  One Bush Street, 14th Floor
San Francisco, California 94104
4  Telephone    (415) 646-7160
Facsimile    (415) 981-1270
5
6  Attorneys for Plaintiffs
HAROLD BURTON AND GERALDINE BURTON
7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO
10

11  HAROLD BURTON AND GERALDINE    ) Case No.  CGC-04-435672
12  BURTON,                        )
                                   ) PLAINTIFF'S ANSWERS TO STANDARD
13              Plaintiffs,        ) INTERROGATORIES PROPOUNDED BY
                                   ) DEFENDANTS
14              vs.                )
                                   ) (Personal Injury)
15                                 )
                                   ) Set 1
16  A. W. CHESTERTON COMPANY, et al., )
                                   )
17              Defendants.        )
                                   )
18
19

20      Plaintiff HAROLD BURTON responds to Defendants' Standard Interrogatories (Personal

21  Injury), Set 1, as follows.  Please note that Plaintiff has only just begun discovery in this case and that

22  discovery is continuing with respect to each interrogatory and sub-interrogatory.  In addition, Plaintiff

23  respectfully objects to each interrogatory and sub-interrogatory insofar as it calls for privileged work

24  product or privileged attorney-client communication and insofar as it constitutes an invasion of

25  privacy as guaranteed by Article I, Section I of the California Constitution.  Without waiving these

26  objections, Plaintiff responds as follows:

27
28

PLTFS' ANSWERS TO STANDARD INTERROGATORIES
PROPOUNDED BY DEFENDANTS, PERSONAL INJURY, SET
ONE

1    210 N. 14th St., Worland, WY          1952-present

2  6.   Washakie County High School, graduated 1939
        Sheppard Field, Airplane mechanic school, 1943
3       Douglas Aircraft, Airplane mechanic school, 1943
        Gunnery School, Aerial Gunnery, Wendover, UT, 1943
4       B-17 Engineer Instructor School, Galveston, TX, 1944

5  7.   October 26, 2004.

6  8.   No.

7  9.   Yes. Plaintiff served in the U.S. Army Air Force from September 1942 – October 1945 and in
        the Armored Field Artillery 1949-1951; his military service numbers are 37 456 468 (T/SGT)
8       and W-2003929 (Warrant Officer Junior Grade).

9       Plaintiff spent about six months at the McDonnell Douglas aircraft mechanical school in Long
10      Beach, California, where he was trained to work on engines and brakes on B17 aircraft. He cut
        gaskets, worked with fuselage insulation, and assisted with brakes. Plaintiff was then
11      transferred to Peyote, Texas, where he worked on aircraft engines and brakes. Plaintiff recalls
        dismantling Pratt Whitney and Wright Cyclone engines. Plaintiff went to Gunnery School in
12      Wendover, Utah, and was then transferred back to Peyote, Texas, where he flew planes.
        Plaintiff then flew missions in Germany with the 100th bomb group, squadron 349.

13      Plaintiff was on the *New Amsterdam* from England to New York at about the time of D-Day,
14      guarding prisoners.

15      Plaintiff served in Korea in 1949-1951, transferring to and from Korea on the *USS General
        Meigs*, with stops at Fort Lewis, Washington and Hunters Point, San Francisco, California.
16

17 10.  This introductory statement is incorporated by reference into each and every interrogatory in
        this set seeking medical information. In partial response to this interrogatory, please see the
18      information provided below and the information provided in answers to Interrogatories No. 10,
        11, and 12, which is the best that Plaintiff can do by memory alone at this time. To the extent
19      that other health care providers, physicians, and/or treaters are referenced in the records of
        providers indicated herein, you are respectfully referred to that information which is equally
20      available to you.

21      (1)    A.    Donald Twito, M.D.
22             B.    Deaconess Billings Clinic
               C.    Oncology consult
23             D.    June 2004 - present
               E.    Mesothelioma
24             F.    See plaintiff's medical records
25
        (2)    A.    Javid Monzavifar, M.D.
26             B.    Washakie Medical Center, 400 S. 15th St., Worland, WY  82401
               C.    General medical care
27             D.    As needed – see medical records
               E.    Primary care physician - general medical care
28

I:\6104.Burton\Standard Discovery\pl.rogs.set1.doc          - 3 -          PLTFS' ANSWERS TO STANDARD INTERROGATORIES
                                                                            PROPOUNDED BY DEFENDANTS, PERSONAL INJURY, SET
                                                                            ONE

1  C.  From zero – 2 packs per day.
   D.  From zero – 2 packs per day.
2  E.  Marlboro, Camel
   F.  No.
3

4  24.  No.

5  25.  Plaintiff drank very seldom, at most one or two beers.

6  26.  **HAROLD BURTON EMPLOYMENT HISTORY:**

7  **Employer's Name & Address:  Unknown Farm, Worland, WY**
   Job Title: Laborer
8  Date Started:  1940
   Date Ended:    April 1941
9  Description of job duties:  Farm labor
   Job Sites: Farm
10 Estimate of total time at those sites:  1 year
   Exposed to asbestos at this job:  Plaintiff is unaware of any exposure to asbestos at this
11 location; investigation and discovery are continuing.

12 **Employer's Name & Address:  Continental Service Station; Junction Service Station,**
   **Worland, WY**
13 Job Title: Laborer
   Date Started:  1941
14 Date Ended:    1942
   Description of job duties:  Pumped gas, greased cars, cleaned up service bays
15 Job Sites: Service station
   Estimate of total time at those sites:  1 year
16 Exposed to asbestos at this job:  Plaintiff is unaware of any exposure to asbestos at this
17 location; investigation and discovery are continuing.

18 **Employer's Name & Address:  U.S. Army Air Force**
   Job Title: T/Sgt; mechanic
19 Date Started:   September 1942
   Date Ended:    October 1945
20 Description of job duties:  Boeing B17 Mechanic; cut gaskets, worked with fuselage insulation,
   and assisted with brakes. Dismantled Pratt Whitney and Wright Cyclone engines; attended
21 Gunnery School; flew missions in Germany.
   Job Sites: McDonnell Douglas aircraft mechanical school in Long Beach, California; Army
22 Air Force base in Peyote, Texas; Gunnery School, Wendover, Utah; Germany.
   Estimate of total time at those sites:  3 years
23 Exposed to asbestos at this job:  Plaintiff contends that he was exposed to asbestos at these
   locations; investigation and discovery are continuing.
24

25 **Employer's Name & Address:  Wyoming Elevator & Supply, Worland, WY**
   Job Title: Laborer
26 Date Started:  1945
   Date Ended:    1947
27 Description of job duties:  Operated machine which unloaded and bagged grain.
   Job Sites: Grain elevator
28 Estimate of total time at those sites:  Over 1 year

PLTFS' ANSWERS TO STANDARD INTERROGATORIES
PROPOUNDED BY DEFENDANTS, PERSONAL INJURY, SET
ONE

**PROOF OF SERVICE**

I certify that I am over the age of 18 years and not a party to the within action; that my business address is One Bush Street, 14th Floor, San Francisco, CA 94104; and that on this date I served a true copy of the document(s) entitled:

**PLAINTIFF'S ANSWERS TO STANDARD INTERROGATORIES PROPOUNDED BY DEFENDANTS (Personal Injury), SET ONE**

In the matter of HAROLD BURTON AND GERALDINE BURTON vs. A.W. CHESTERTON COMPANY, et al., SFSC Case No. CGC-04-435672, on the following parties:

SEE BELOW

Service was effectuated by forwarding the above-noted document in the following manner:

X  **By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of Levin Simes & Kaiser LLP.

See attached service list.

—  **By Hand Delivery** in a sealed envelope, addressed as noted above, through services provided by _____ (name of messenger service) and billed to Levin, Simes & Kaiser LLP.

X  **By Facsimile** to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of Levin Simes & Kaiser LLP.

**Berry & Berry - Designated Defense Counsel**
**Fax No. (510) 835-5117**

—  **By Overnight Courier** in a sealed envelope, addressed as noted above, through services provided by _____ (Federal Express, UPS,) and billed to Levin, Simes & Kaiser LLP.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this proof of service was executed on this 9th day of November, 2004, at San Francisco, California.

Athena Stavrakaras

Harold Burton and Geraldine Burton v. A.W. Chesterton Company, et al.
San Francisco Superior Court, Case No. CGC 04-435672

PLTFS' ANSWERS TO STANDARD INTERROGATORIES PROPOUNDED BY DEFENDANTS, PERSONAL INJURY, SET ONE

# EXHIBIT F

1   RONALD A. McINTIRE (State Bar No. 127407)
2   BO W. KIM (State Bar No. 217394)
    **PERKINS COIE** LLP
3   1620 26th Street
    South Tower, Sixth Floor
4   Santa Monica, California 90404
5   Telephone: (310) 788-9900
    Facsimile: (310) 788-3399
6
7   Attorneys for Defendant
    The Boeing Company
8

**RECEIVED**

MAY 0 6 2005

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
10                  COUNTY OF SAN FRANCISCO

11  GERALDINE BURTON, Individually, and       Case No. 05-440227
    as Personal Representative to the Estate of
12  HAROLD BURTON, decedent; BLAINE           **ANSWER OF DEFENDANT**
13  BURTON, MARK BURTON AND DOES              **THE BOEING COMPANY**
    ONE THROUGH TEN, INCLUSIVE,               **TO COMPLAINT FOR**
14                                            **NEGLIGENCE, STRICT**
                                              **LIABILITY, SURVIVAL, AND LOSS**
15          Plaintiffs,                       **OF CONSORTIUM - ASBESTOS**
                                              **(WRONGFUL DEATH)**
16      v.

17  A.W. CHESTERTON CO., et al.,

18          Defendants.

19
20      Defendant The Boeing Company ("Boeing") hereby answers the unverified

21  Complaint of plaintiffs Geraldine Burton, individually, and as personal representative to

22  the Estate of Harold Burton ("Decedent"), Blaine Burton, Mark Burton, and Does One

23  through Ten, inclusive ("Plaintiffs"), filed on or about April 8, 2005 (the "Complaint"), as

24  follows:

25                          **GENERAL DENIAL**

26      Pursuant to California Code of Civil Procedure section 431.30(d), Boeing denies

27  generally and specifically each and every allegation of each cause of action contained in

28

the Complaint, and further denies that Decedent and/or Plaintiffs have sustained injury or damage in the sums alleged, or in any other sum or sums, or at all, and that Plaintiffs are entitled to any relief as a result of any act, conduct, or omission of Boeing.

## AS AND FOR ITS AFFIRMATIVE DEFENSES HEREIN, BOEING ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Boeing.

### SECOND AFFIRMATIVE DEFENSE

2.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation and/or repose, including, but not limited to, California Code of Civil Procedure sections 340 and 340.2 and/or Kansas Statute section 60-513.

### THIRD AFFIRMATIVE DEFENSE

3.     Venue is improper in this Court.

### FOURTH AFFIRMATIVE DEFENSE

4.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of estoppel by virtue of Decedent's and/or Plaintiffs' conduct.

### FIFTH AFFIRMATIVE DEFENSE

5.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of laches by virtue of Decedent's and/or Plaintiffs' conduct.

### SIXTH AFFIRMATIVE DEFENSE

6.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of waiver by virtue of Decedent's and/or Plaintiffs' conduct.

military benefits received or that are to be received by Plaintiffs, against any judgment that may be rendered in favor of Plaintiffs, against Boeing, or against Boeing and any other defendant or defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    The Fair Responsibility Act of 1986, codified at California Civil Code section 1431.1 *et. seq.*, limits any damages governed thereby, which are awarded to Plaintiffs against Boeing, to that portion of Plaintiffs' non-economic damages, if any, that are attributable to Boeing's percentage of fault or liability, if any.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the exclusivity of remedy under the California Workers Compensation Act, California Labor Code section 3200 *et. seq.* and/or the applicable Workers Compensation laws of the State of Kansas.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' claims are barred or preempted, in whole or in part, by federal law, statutes, and regulations.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    Boeing is not liable for Decedent's and/or Plaintiffs' injuries, if any, because it did not exercise the requisite degree of control over the details of Decedent's work.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Boeing neither designed, nor manufactured nor sold any of the products alleged in the Complaint.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Any products manufactured by Boeing that incorporated asbestos-containing materials alleged to have been a cause of, or to have contributed to, any disease contracted by Decedent, were manufactured in, under, and in conformity with the direction and control of the United States Government, which at all times material hereto had knowledge

superior to that of Boeing with respect to the potential hazards of asbestos products; accordingly, no liability can be imposed upon Boeing.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.   Any and all "market share," "enterprise," and/or "concert of action" theories of liability are inapplicable to Boeing and/or any of Boeing's products in question.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.   Third parties over whom Boeing has or had no control or right of control, and for whom it is/was not responsible, altered or modified the Boeing product or products in question, and such alteration or modification was the sole, direct, and proximate cause of Decedent's and/or Plaintiffs' damages, if any, thereby barring any and all claims against Boeing.

## FORTIETH AFFIRMATIVE DEFENSE

40.   The plans or designs, method or technique of manufacturing, assembling, testing, labeling and sale of any Boeing product alleged in the Complaint to have caused all or part of Decedent's and/or Plaintiffs' alleged damages conformed with the state of the art at the time any such Boeing product was designed, manufactured, assembled, tested, labeled and/or sold by Boeing, pursuant to generally recognized and prevailing standards and in conformance with the statutes, regulations, and requirements that governed the product or products at the time of design, manufacture, assembly, testing, labeling, and sale.

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.   The benefits of the design of any Boeing product in question outweigh any risk associated with said products, if any risk there actually was, which Boeing denies.

Boeing reserves the right, upon completion of its investigation and discovery, to assert such additional defenses as may be appropriate.

050306/1526[LA051230.069] 01038-4830

292.²²

**F I L E D**
San Francisco County Superior Court

MAY 1 1 2005

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

ORIGINAL

1 | BRYAN CAVE LLP
Robert E. Boone III (State Bar No. 132780)
2 | Amy M. Gantvoort (State Bar No. 227294)
120 Broadway, Suite 300
3 | Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
4 | Facsimile:   (310) 576-2200

5 | Attorneys For Defendant
McDONNELL DOUGLAS CORPORATION

6

7

8 |  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 |  **FOR THE COUNTY OF SAN FRANCISCO**

10

F A X E D

11 | GERALDINE BURTON, individually and as
Personal Representative to the Estate of       Case No. CGC 05-440227
12 | HAROLD BURTON, decedent; BLAINE
BURTON, MARK BURTON AND DOES           **McDONNELL DOUGLAS**
13 | ONE THROUGH TEN, INCLUSIVE,              **CORPORATION'S ANSWER TO**
**PLAINTIFFS' COMPLAINT FOR**
14 |                        Plaintiffs,                        **DAMAGES (WRONGFUL DEATH)**
**(ASBESTOS)**
15 |                   vs.

16 | A. W. CHESTERTON COMPANY, et al.,

17 |                        Defendants.

18

19

20 |         Defendant McDONNELL DOUGLAS CORPORATION ("MDC") hereby answers

21 | the Complaint for Damages (Wrongful Death) (Asbestos) (the "Complaint") of Plaintiffs

22 | GERALDINE BURTON, individually and as Personal Representative to the Estate of

23 | HAROLD BURTON, decedent; BLAINE BURTON, and MARK BURTON ("Plaintiffs")

24 | as follows:

25 |         Pursuant to § 431.30 of the California Code of Civil Procedure, MDC denies generally

26 | and specifically each and every allegation of each cause of action contained in the Complaint,

27 | and further denies that Plaintiffs have been damaged in the sum or sums alleged or in any

28 | other sum or sums, or at all.

545227

MDC'S ANSWER TO
WRONGFUL DEATH COMPLAINT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## THIRTY-NINTH DEFENSE

39.    Under the doctrine of forum non conveniens, this case should be dismissed from this and any other district or jurisdiction in the United States.

## FORTIETH DEFENSE

40.    Although Plaintiffs purportedly do not allege any claims against MDC involving any military products or equipment supplied to the U.S. Government, and further purport to disclaim and disavow any and all claims giving rise to federal subject matter jurisdiction, including "federal officer" and "federal enclave" grounds, insofar as Plaintiffs may attempt to assert any such claims against MDC in the future, MDC reserves the right to assert that such claims are barred by the doctrine known as the "Government Contractor Defense" adopted by the United States Supreme Court in the case of Boyle v. United Technologies Corp., 108 S. Ct. 2510 (1988).

## FORTY-FIRST DEFENSE

41.    Although Plaintiffs purportedly do not allege any claims against MDC involving any military products or equipment supplied to the U.S. Government, and further purport to disclaim and disavow any and all claims giving rise to federal subject matter jurisdiction, including "federal officer" and "federal enclave" grounds, insofar as Plaintiffs may attempt to assert any such claims against MDC in the future, MDC reserves the right to assert that any military products made by MDC were procured by the United States Government, which was sophisticated and knowledgeable concerning the use of, and any potential hazards of, asbestos products. MDC reasonably relied upon the sophistication of the United States Government and is not responsible for any failure of the United States Government to warn or take proper precautions for the protection of its own employees or civil servants, including decedent.

## FORTY-SECOND DEFENSE

42.    Although Plaintiffs purportedly do not allege any claims against MDC involving

545227

9

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  any military products or equipment supplied to the U.S. Government, and further purport to

2  disclaim and disavow any and all claims giving rise to federal subject matter jurisdiction,

3  including "federal officer" and "federal enclave" grounds, insofar as Plaintiffs may attempt to

4  assert any such claims against MDC in the future, MDC reserves the right to assert that any

5  products manufactured by MDC which incorporated asbestos-containing materials alleged to

6  have been a cause of any disease contracted by decedent were manufactured under and in

7  conformity with the direction and control of the United States Government, which at all times

8  material hereto had knowledge superior to that of MDC with respect to the potential hazards

9  of asbestos products; accordingly, no liability can be imposed upon MDC.

10

11                            FORTY-THIRD DEFENSE

12        43.       Although Plaintiffs purportedly do not allege any claims against MDC involving

13  any military products or equipment supplied to the U.S. Government, and further purport to

14  disclaim and disavow any and all claims giving rise to federal subject matter jurisdiction,

15  including "federal officer" and "federal enclave" grounds, insofar as Plaintiffs may attempt to

16  assert any such claims against MDC in the future, MDC reserves the right to assert that MDC

17  satisfied any duty to warn by providing the United States Government with detailed

18  specifications of each and every one of its products to which decedent was allegedly exposed.

19

20                            FORTY-FOURTH DEFENSE

21        44.       Although Plaintiffs purportedly do not allege any claims against MDC involving

22  any military products or equipment supplied to the U.S. Government, and further purport to

23  disclaim and disavow any and all claims giving rise to federal subject matter jurisdiction,

24  including "federal officer" and "federal enclave" grounds, insofar as Plaintiffs may attempt to

25  assert any such claims against MDC in the future, MDC reserves the right to assert that

26  Plaintiffs' claims are barred by the derivative sovereign immunity defense doctrine under

27  Yearsley v. W.A. Ross Construction Co., 309 U.S. 18 (1940).

28

545227

MDC'S ANSWER TO
WRONGFUL DEATH COMPLAINT

TUCKER ELLIS & WEST LLP
CURTISS L. ISLER (146903)
PAUL A. JOHNSON (212950)
1000 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90017-2475
Telephone: 213.430.3400
Facsimile: 213.430.3409
Email: CIsler@tuckerellis.com

TUCKER ELLIS & WEST LLP
LILLIAN C. MA – (SBN 210103)
One Market
Steuart Tower, Suite 1300
San Francisco, California 94105
Telephone:    (415) 617-2400
Facsimile:    (415) 617-2409
Email: LMa@tuckerellis.com

Attorneys for Defendant UNITED TECHNOLOGIES
CORPORATION

F I L E D
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

APR 2 7 2005

GORDON PARK-LI, Clerk
BY: ___N. GRADIA___
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

GERALDINE BURTON, et al.,

   Plaintiffs,

  v.

A.W. CHESTERTON COMPANY, et al.,

   Defendants.

Case No. 05-440227

**ANSWER OF DEFENDANT, UNITED TECHNOLOGIES CORPORATION, TO PLAINTIFFS' UNVERIFIED COMPLAINT - WRONGFUL DEATH ASBESTOS**

Complaint Filed:

  Defendant, United Technologies Corporation ("UTC"), for its Answer to the plaintiff's unverified Complaint, states as follows:

   1. Pursuant to Code of Civil Procedure §431.30, UTC denies generally and specifically each and every allegation of plaintiffs' unverified Complaint.

   2. UTC denies generally and specifically that any conduct, act or omission of UTC is grounds for liability to the plaintiffs.

Tucker Ellis & West
1000 Wilshire Blvd.
Suite 1800
Los Angeles, CA 90017

ANSWER OF UTC TO PLAINTIFF'S COMPLAINT

74908.00167.555601.1

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2       18.    UTC states on information and belief that plaintiffs' claims are barred by

3  the military contractor's defense articulated in Boyle v. United Technologies Corp., 487 U.S. 500

4  (1988).

5

### FIFTEENTH AFFIRMATIVE DEFENSE

6       19.    UTC states on information and belief that plaintiffs' claims are barred by

7  the doctrine of laches because plaintiffs waited an unreasonable period of time to file and serve

8  this action and such conduct worked to the prejudicial detriment of UTC.

9

### SIXTEENTH AFFIRMATIVE DEFENSE

10       20.    UTC states on information and belief that plaintiffs' claims are barred

11  because plaintiffs, or plaintiffs' decedent, expressly or impliedly consented to the conduct of

12  UTC described in the plaintiffs' Complaint.

13

### SEVENTEENTH AFFIRMATIVE DEFENSE

14       21.    UTC states on information and belief that plaintiffs, or plaintiffs'

15  decedent, by their acts, conduct and omissions, expressly or impliedly waived whatever rights

16  they may have had against UTC.

17

### EIGHTEENTH AFFIRMATIVE DEFENSE

18       22.    UTC states on information and belief that plaintiffs' claims are barred

19  because plaintiffs, or plaintiffs' decedent, engaged in conduct by reason of which plaintiffs are

20  estopped from asserting any claim against UTC.

21

### NINETEENTH AFFIRMATIVE DEFENSE

22       23.    UTC states on information and belief that plaintiffs' claims for breach of

23  warranty are barred due to the failure of the plaintiffs, or anyone else, to give prompt and

24  reasonable notice to UTC of any alleged breach of warranty.

25

### TWENTIETH AFFIRMATIVE DEFENSE

26       24.    UTC states that plaintiffs' claims for exemplary damages are barred by §

27  3294 of the California Civil Code.

Tucker Ellis & West
1000 Wilshire Blvd.
Suite 1800
Los Angeles, CA 90017

28

4

ANSWER OF UTC TO PLAINTIFF'S COMPLAINT

74908.00167.555601.1

Case 7:04-cv-00172-S   Document 591-1   Filed 04/09/07   Page 83 of 177

# EXHIBIT G



# The War Years: 1939-1945

## The Douglas Aircraft Co. ... Building Up for War

*Although separated by miles and communities, we are one in purpose
and policy ... To build the largest number possible of the best
airplanes in the shortest possible time.
-- Donald Douglas Sr.*

**Image(s):**

C-47 Skytrain

DC-4/C-54 Skymaster

During World War II, Douglas Aircraft rapidly expanded its operations
to meet the need for military airplanes. In addition to the three Southern
California plants, Douglas wartime plants also were located at
Oklahoma City and Tulsa, Okla., and near Chicago, Ill., at a site that
would later become O'Hare International Airport. Under the coordinated manufacturing program,
Douglas built Boeing B-17s at Long Beach, Calif., while Boeing built Douglas DB-7s in Seattle,
Wash.

Between 1942 and 1945, Douglas built 29,385 airplanes -- about 16 percent of all the U.S. airplanes
produced -- and peak wartime employment at Douglas was recorded at 160,000 workers.

The largest facility was at Long Beach, Calif., with more than 1,422,350 square feet of covered
workspace -- nearly as much as the Santa Monica and El Segundo plants combined. The plant was
camouflaged with paint, patterns, trees and shrubs; was a "blackout" facility with limited, light-
proof access; and was the country's first fully air-conditioned factory. During peak production, the
Long Beach plant produced an airplane an hour.

The first airplane produced at the Long Beach plant was the C-47/R4D Skytrain. Based on the DC-
3, it rolled out Dec. 23, 1941, and became one of the most popular Douglas-built military
transports, with 10,174 built.

Designated C-47 by the USAAF and R4D by the Navy and Marine Corps, the transport collected a
variety of nicknames, including the Dak, the Tabby, the Gooney Bird, Spooky, and Puff the Magic
Dragon. More than 2,000 were transferred to Britain for use by the RAF and other Commonwealth
air forces and called Dakotas (said to be based on the acronym for Douglas Aircraft Co. Transport
Aircraft).

In addition, just before war broke out in Europe, United Air Lines, now no longer part of the
Boeing United Air Transport Corp., gave Douglas $300,000 to build the company's first four-
engine passenger transport, the DC-4E (E for experimental). Also contributing financially to the
new transport were TWA, American, Eastern and Pan American airlines. There were 24 orders for
the slightly smaller production model, the DC-4. Then war necessitated the plane's reconfiguration
as the C-54 Skymaster military transport. One C-54, nicknamed the "Sacred Cow," was the official
presidential transport, serving both Presidents Franklin D. Roosevelt and Harry S. Truman.

Another Douglas commercial transport that evolved into a military transport was the twin-engine DC-5. The Navy bought 7 of the 12 built and designated them R3Ds. In 1944, Douglas began building a pressurized C-54E called the C-112. The war was over by the time it made its first flight, but it led to the successful post-war DC-6 commercial transport.

Previous narrative | Next narrative

---

Copyright © 1995 - 2007 Boeing. All Rights Reserved.



# B-17 Flying Fortress



In response for the Army's request for a large, multiengine bomber, the B-17 (Model 299) prototype, financed entirely by Boeing, went from design board to flight test in less than 12 months.

The B-17 was a low-wing monoplane that combined aerodynamic features of the XB-15 giant bomber, still in the design stage, and the Model 247 transport. The B-17 was the first Boeing military aircraft with a flight deck instead of an open cockpit and was armed with bombs and five .30-caliber machine guns mounted in clear "blisters."

The first B-17s saw combat in 1941, when the British Royal Air Force took delivery of several B-17s for high-altitude missions. As World War II intensified, the bombers needed additional armament and armor.

The B-17E, the first mass-produced model Flying Fortress, carried nine machine guns and a 4,000-pound bomb load. It was several tons heavier than the prototypes and bristled with armament. It was the first Boeing airplane with the distinctive -- and enormous -- tail for improved control and stability during high-altitude bombing. Each version was more heavily armed.

In the Pacific, the planes earned a deadly reputation with the Japanese, who dubbed them "four-engine fighters." The Fortresses were also legendary for their ability to stay in the air after taking brutal poundings. They sometimes limped back to their bases with large chunks of the fuselage shot off.

Boeing plants built a total of 6,981 B-17s in various models, and another 5,745 were built under a nationwide collaborative effort by Douglas and Lockheed (Vega). Only a few B-17s survive today; most were scrapped at the end of the war. Some of the last Flying Fortresses met their end as target drones in the 1960s -- destroyed by Boeing Bomarc missiles.

### B-17G Specifications

| First flight: | July 28, 1935 (prototype) |
|---|---|
| Model number: | 299 |
| Classification: | Bomber |
| Span: | 103 feet 9 inches |
| Length: | 74 feet 9 inches |
| Gross weight: | 65,000 pounds |
| Top speed: | 287 mph |
| Cruising speed: | 150 mph |

| Range (max.): | 3,750 miles |
|---|---|
| Ceiling: | 35,600 feet |
| Power: | Four 1,200-horsepower Wright R-1820-97 engines |
| Accommodation: | 2 pilots, bombardier, radio-operator, 5 gunners |
| Armament: | 11 to 13 machine guns, 9,600-pound bomb load |

Copyright © 1995 - 2007 Boeing. All Rights Reserved.



# DC-3 Commercial Transport



The Douglas DC-3, which made air travel popular and airline profits possible, is universally recognized as the greatest airplane of its time. Some would argue that it is the greatest of all time.

Design work began in 1934 at the insistence of C.R. Smith, president of American Airlines. Smith wanted two new planes -- a longer DC-2 that would carry more day passengers and another with railroad-type sleeping berths, to carry overnight passengers.

The first DC-3 built was the Douglas Skysleeper Transport, and it was the height of luxury. Fourteen plush seats in four main compartments could be folded in pairs to form seven berths, while seven more folded down from the cabin ceiling. The plane could accommodate 14 overnight passengers or 28 for shorter daytime flights. The first was delivered to American Airlines in June 1936, followed two months later by the first standard 21-passenger DC-3.

In November 1936, United Airlines, which had been a subsidiary of Boeing until 1934, became the second DC-3 customer. The DC-2 had proved more economical than the Model 247 and United assumed the DC-3 would continue that lead. Initial orders from American and United were soon followed by orders from more than 30 other airlines in the next two years.

The DC-3 was not only comfortable and reliable, it also made air transportation profitable. American's C.R. Smith said the DC-3 was the first airplane that could make money just by hauling passengers, without relying on government subsidies. As a result, by 1939, more than 90 percent of the nation's airline passengers were flying on DC-2s and DC-3s.

In addition to the 455 DC-3 commercial transports built for the airlines, 10,174 were produced as C-47 military transports during World War II. For both airline and military use, the DC-3 proved to be tough, flexible, and easy to operate and maintain. Its exploits during the war became the stuff of legend. Today, more than six decades after the last one was delivered, hundreds of DC-3s are still flying and still earning their keep by carrying passengers or cargo.

### Specifications

| | |
|---|---|
| First flight: | Dec. 17, 1935 |
| Model number: | DC-3 |
| Wingspan: | 95 feet |
| Length: | 64 feet 5.5 inches |
| Height: | 16 feet 3.6 inches |
| Ceiling: | 20,800 feet |

| Range: | 1,495 miles |
|---|---|
| Weight: | 30,000 pounds |
| Power plant: | Two 1,200-horsepower Wright Cyclone radial engines |
| Speed: | 192 mph |
| Accommodation: | 3 crew and 14 sleeper passengers, or 21 to 28 day passengers, or 3,725 to 4,500 pounds freight |

Copyright © 1995 - 2007 Boeing. All Rights Reserved.



# C-47 Skytrain Military Transport



The DC-3 did not go unnoticed by one of Douglas's oldest customers -- the U.S. Army.

The military career of the Douglas DC series began in 1936 when the Army Air Corps ordered a pair of DC-2s under the designation C-32. A contract followed for 18 DC-2s in the C-33 freighter configuration and two more as C-34 staff transports. Then, in 1937, the Army ordered a plane built to its own specifications. It was a hybrid design that combined the fuselage of the DC-2 with a DC-3 tail. This was the sole C-38 prototype and it led to 35 production versions called the C-39. The C-39 represented the first serious effort by the Army to establish an airlift capability.

By 1941 the old Air Corps had been transformed into the Army Air Forces, and it selected a modified version of the DC-3 -- the C-47 Skytrain -- to become its standard transport aircraft. A reinforced fuselage floor and the addition of a large cargo door were the only major modifications. Other changes included the fitting of cargo hooks beneath the center wing section and the removal of the tail cone to mount a hook for towing gliders.

As a supply plane, the C-47 could carry up to 6,000 pounds of cargo. It could also hold a fully assembled jeep or a 37 mm cannon. As a troop transport, it carried 28 soldiers in full combat gear. As a medical airlift plane, it could accommodate 14 stretcher patients and three nurses. Seven basic versions were built, and the aircraft was given at least 22 designations, including the AC-47D gunship, the EC-47 electronic reconnaissance aircraft, the EC-47Q antiaircraft systems evaluation aircraft and the C-53 Skytrooper.

Every branch of the U.S military and all the major allied powers flew it. The U.S. Navy version was the R4D. The British and the Australians designated it the Dakota (a clever acronym composed of the letters DACoTA for Douglas Aircraft Company Transport Aircraft). The aircraft operated from every continent in the world and participated in every major battle. By the end of World War II, more than 10,000 had been built. For all of its official and unofficial names, it came to be known universally as the "Gooney Bird." General Dwight D. Eisenhower, Supreme Commander of Allied Forces in Europe, termed it one of the most vital pieces of military equipment used in winning the war.

C-47s remained in active military service long after the end of World War II. They played a critical role in the 1948 Berlin Airlift and saw action in the Korean and Vietnam wars.

## Specifications

| First flight: | Dec. 23, 1941 |
| --- | --- |
| Model Number: | C-47/R4D |
| Wingspan: | 95 feet 6 inches |

| Length: | 63 feet 9 inches |
|---|---|
| Height: | 17 feet |
| Service ceiling: | 24,000 feet |
| Normal range: | 1,600 miles |
| Maximum range: | 3,800 miles |
| Weight: | 31,000 pounds |
| Cruise speed: | 160 mph |
| Power plant: | Two 1,200 horsepower Pratt & Whitney R-1830 radial engines |
| Accommodation: | Three crew and 6,000 pounds of cargo, or 28 airborne troops, or 14 stretcher patients and three attendants |

Site Terms | Privacy Policy | Contact Us | FAQ

Copyright © 1995 – 2007 Boeing. All Rights Reserved.

Case 7:MDL No. 2:3   Document 5011   Filed 04/09/07   Page 92 of 177

# EXHIBIT H

**RECEIVED**

JAN 0 6 2005

1  **BRYAN CAVE LLP**
Robert E. Boone III (State Bar No. 132780)
2  Amy M. Gantvoort (State Bar No. 227294)
120 Broadway, Suite 300
3  Santa Monica, California 90401-2386
Telephone: (310) 576-2100
4  Facsimile:  (310) 576-2200

5  Attorneys For Defendant
McDONNELL DOUGLAS CORPORATION

6

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF SAN FRANCISCO**

10

11
HAROLD BURTON AND GERALDINE    | Case No. 04-435672
12  BURTON,                     |
                                | **DEFENDANT McDONNELL**
13            Plaintiffs,       | **DOUGLAS CORPORATION'S**
                                | **OPPOSITION TO PLAINTIFFS'**
14        vs.                   | **MOTION FOR ORDER TO**
                                | **SPECIALLY SET A TRIAL DATE, OR**
15  A.W. CHESTERTON INC., et al., | **IN THE ALTERNATIVE, REQUEST**
                                | **TO CONTINUE THE HEARING ON**
16            Defendants.       | **PLAINTIFFS' MOTION;**
                                | **DECLARATION OF AMY M.**
17                              | **GANTVOORT**

18                               Date:       January 18, 2005
                                 Time:       9:30 a.m.
19                               Dept:       206

20                               Complaint Filed: October 21, 2004
                                 Trial Date:  N/A
21

22

23          Defendant McDONNELL DOUGLAS CORPORATION ("MDC") opposes

24  Plaintiffs Harold Burton and Geraldine Burton's ("Plaintiffs") Motion to Specially Set a Trial

25  Date ("Plaintiffs' Motion") because Plaintiff Harold Burton's deposition, set to commence on

26  January 4, 2005, has been taken off calendar and, to date, has not been rescheduled.  It would

27  be fundamentally unfair to defendants to set a trial date before Mr. Burton's deposition has

28  been completed.  Additionally, MDC requires adequate time to investigate Plaintiffs' claims

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 | and prepare for trial and will be prejudiced by the setting of a trial date of March 21, 2005.

2 | For these reasons, MDC respectfully requests that the Court deny Plaintiffs' motion, or in the

3 | alternative, continue the hearing on Plaintiff's Motion until Mr. Burton's deposition has been

4 | completed. In the event that the Court grants Plaintiffs' Motion, MDC respectfully requests

5 | that the Court set the trial date no less than 120 days from the date of its ruling.

6 | I.      **BRIEF BACKGROUND OF THE CASE**

7 |        Plaintiff seeks compensatory and punitive damages against MDC and several other

8 | defendants based on causes of action for negligence, strict liability and loss of consortium

9 | (Geraldine Burton) arising from Plaintiff Harold Burton's alleged exposure to asbestos-

10 | containing products.  Specifically, Plaintiffs allege that Harold Burton was exposed to asbestos

11 | while serving as a pilot and aircraft mechanic in the U.S. Army Air Force from September

12 | 1942 to October 1945, and while working as a laborer, house painter, machine operator, food

13 | and supplies coordinator, pulp dryer and pump maintainer at various locations from 1940 to

14 | 1984. See Plaintiffs' Answers to Standard Interrogatories (Personal Injury) (Set One).

15 | Plaintiffs also allege premise liability against MDC arising from Mr. Burton's attendance at

16 | the McDonnell Douglas Aircraft School in Long Beach, California, during his service in the

17 | U.S. Army Air Force.  Id.  However, Plaintiffs' interrogatory responses do not identify any

18 | MDC product which allegedly caused Mr. Burton to be exposed to asbestos.  Nor have

19 | Plaintiffs articulated how Mr. Burton was allegedly exposed to asbestos at MDC's premises.

20 | Plaintiffs further allege that Mr. Burton was exposed to asbestos while performing home

21 | remodeling work at various times between 1946 and 1978.  Id.  Plaintiffs filed this action

22 | against MDC, a manufacturer of military and commercial aircraft, and several other

23 | defendants, on October 21, 2004.

24 |        Plaintiff moved for preferential trial setting pursuant to Code of Civil Procedure

25 | Sections 36(a) and 36(d).  However, Mr. Burton's deposition, scheduled to commence on

26 | January 4, 2005, was taken off calendar on December 30, 2004, and has not been rescheduled.

27 | See Plaintiffs' Notice of Cancellation of Deposition, dated December 30, 2004.  It would be

28 | fundamentally unfair to all defendants to set a trial date when Harold Burton's deposition has

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\532512.1

2

1  not even commenced, let alone concluded.  Moreover, even if Plaintiffs' promptly reschedule

2  Mr. Burton's deposition, MDC will be greatly prejudiced if the Court grants Plaintiffs' request

3  to schedule the trial date on March 21, 2005.

4  II.   **IT WOULD BE FUNDAMENTALLY UNFAIR TO THE DEFENDANTS**

5  **TO SET A TRIAL DATE WHEN PLAINTIFF'S DEPOSITION HAS NOT**

6  **COMMENCED, LET ALONE BEEN COMPLETED.**

7  San Francisco Superior Court General Order No. 140 provides that the parties shall

8  confer, through Designated Defense Counsel, on scheduling of the plaintiff's deposition.  See

9  San Francisco Superior Court General Order 140(10)(A).  Plaintiff Harold Burton's

10  deposition, scheduled to commence on January 4, 2005, was taken off calendar on December

11  30, 2004.  See Plaintiffs' Notice of Cancellation of Deposition, dated December 30, 2004.  To

12  date, Mr. Burton's deposition has not been rescheduled.  It would be fundamentally unfair to

13  all defendants to grant Plaintiff's Motion when Harold Burton's deposition has not even been

14  scheduled, let alone completed.  Even if Plaintiffs' promptly reschedule Mr. Burton's

15  deposition, it will, in all likelihood, not be completed by the time of the hearing on this

16  motion.

17  In Plaintiffs' discovery responses, Plaintiffs allege that Harold Burton was exposed to

18  asbestos-containing products while serving as a pilot and aircraft mechanic in the U.S. Army

19  Air Force from September 1942 to October 1945.  See Plaintiffs' Answers to Standard

20  Interrogatories (Set One).  Further, Plaintiffs allege premise liability against MDC arising from

21  Mr. Burton's attendance at the McDonnell Douglas Aircraft School in Long Beach, California

22  during his service in the U.S. Army Air Force.  Id.  However, Plaintiffs have not identified any

23  MDC product which allegedly caused Mr. Burton to be exposed to asbestos.  Nor have

24  Plaintiffs articulated how Mr. Burton was allegedly exposed to asbestos at MDC's premises.

25  MDC has not been provided with an opportunity to explore Plaintiffs' non-specific

26  allegations through his deposition testimony.  As a result, MDC does not have the necessary

27  information to conduct a full and thorough investigation of Plaintiffs' claims, much less

28  prepare to defend against these claims.  It is impossible for MDC to even attempt to prepare a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\532512.1

3

1   defense when Plaintiffs have not even identified any MDC products which allegedly caused

2   Mr. Burton to be exposed to asbestos or identified specifically which MDC premises, and

3   which building thereat, Mr. Burton was allegedly exposed to asbestos.  MDC will require more

4   than a mere sixty days from the date of the hearing on this motion to depose Mr. Burton and

5   conduct any follow-up discovery, including identifying and deposing Mr. Burton's supervisors

6   and co-workers and fully investigating any new allegations that may arise from his testimony.

7   Therefore, Plaintiffs' Motion should be denied.  In the alternative, MDC respectfully requests

8   that the Court continue the hearing on Plaintiffs' Motion until Mr. Burton's deposition has

9   concluded.

10  **III.   MDC WILL BE PREJUDICED BY THE SETTING OF A TRIAL DATE**

11  **THAT IS LESS THAN 120 DAYS FROM THE HEARING ON THIS**

12  **MOTION.**

13          Upon the granting of a motion for preference, Code of Civil Procedure Section 36(f)

14  requires that the matter be set for trial not more than 120 days from the date of the ruling.  If

15  the Court grants Plaintiffs' Motion and their request for a March 21, 2005 trial date, the time

16  available for conducting investigation and discovery and preparing for trial will be greatly

17  diminished.  Consequently, MDC and all other defendants may be deprived of a full and fair

18  opportunity to defend against Plaintiffs' allegations at trial.  Here, if the Court grants

19  Plaintiffs' Motion, at least 120 days is necessary for investigation of Plaintiffs' claims.

20  Defendants will need as much time as possible to complete Mr. Burton's deposition and

21  conduct any follow-up discovery.  Further, a trial date of 120 days from January 18, 2005 is

22  within the timeframe prescribed by Section 36(f).

23          MDC needs adequate time to investigate Plaintiffs' claims, including Plaintiffs' claims

24  of purported work on or around MDC aircraft and on MDC premises.   Again, as Plaintiffs'

25  responses to interrogatories do not identify any MDC products which allegedly caused Mr.

26  Burton to be exposed to asbestos or specifically which MDC premises, and particular

27  buildings thereat, Mr. Burton alleges that he was exposed to asbestos, MDC cannot even

28  attempt to investigate Plaintiffs' claims and prepare an adequate defense.  An extraordinarily

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S OPPOSITION TO PLAINTIFFS' MOTION
FOR TRIAL PREFERENCE

1  early trial date, as requested by Plaintiffs, will significantly prejudice MDC's ability to

2  investigate and defend against Plaintiffs' claims and provide Plaintiffs' with a decidedly unfair

3  advantage.

4      In short, any period of less than 120 days simply is not enough time to allow MDC and

5  other defendants to investigate Plaintiffs' allegations, much less prepare a defense for trial.

6  Such a result would violate the rights of MDC and the other defendants to due process of law.

7  See, e.g., Looney v. Superior Court, 16 Cal. App. 4th 521, 537 (1983) (emphasizing that "an

8  ample opportunity to conduct discovery" was a substantial factor in balancing the defendant's

9  rights against the plaintiffs' right of trial preference). Accordingly, Plaintiffs' request for a trial

10 date of March 21, 2005 should be denied.

11 **IV.    CONCLUSION**

12     For all of the foregoing reasons, MDC respectfully requests that the Court deny

13 Plaintiffs' Motion, or in the alternative, continue the hearing on Plaintiffs' Motion until Mr.

14 Burton's deposition has been completed. In the event that the Court should grant Plaintiffs'

15 Motion, MDC respectfully requests that the trial of this matter be set for a date that is no less

16 than 120 days from the date of the Court's ruling.

17

18 Dated: January 4, 2005              **BRYAN CAVE LLP**
                                       ROBERT E. BOONE III
19                                     AMY M. GANTVOORT

20

21                                     By:

22                                        Amy M. Gantvoort
                                       Attorneys for Defendant
23                                     McDONNELL DOUGLAS CORPORATION

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 200
SANTA MONICA, CALIFORNIA 90401-2386

## DECLARATION OF AMY M. GANTVOORT

1   I, Amy M. Gantvoort, hereby declare as follows:

2   1.      I am an attorney duly licensed to practice law before the Courts of the State of
California. I am an associate at Bryan Cave LLP, counsel of record for defendant McDonnell
Douglas Corporation ("MDC"). I have personal knowledge of the facts set forth in this
declaration, and, if called as a witness, I could and would testify competently to the following
facts.

8   2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Answers to
Standard Interrogatories (Personal Injury) (Set One).

10   3.      The deposition of Harold Burton, scheduled to commence on January 4, 2005
was taken off calendar on December 30, 2004. Attached hereto as Exhibit B is a true and
correct copy of the Notice of Cancellation sent by facsimile on December 30, 2004. To date,
Mr. Burton's deposition has not been rescheduled.

14   4.      MDC requires at least 120 days from the date of hearing on Plaintiffs' Motion
to Specially Set A Trial Date to adequately investigate Plaintiffs' claims and prepare for trial.

16   I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

18   Executed this 4th day of January, 2005, at Santa Monica, California.

Amy M. Gantvoort

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386



MDC'S OPPOSITION TO PLAINTIFFS' MOTION
FOR TRIAL PREFERENCE

Case M:00702-SI5   Document 5011   Filed 04/09/07   Page 99 of 177

# EXHIBIT I

1  RONALD A. McINTIRE (State Bar No. 127407)
   BO W. KIM (State Bar No. 217394)
2  **PERKINS COIE LLP**
3  1620 26th Street, Sixth Floor South
   Santa Monica, California 90404
4  Telephone: (310) 788-9900
5  Facsimile: (310) 788-3399

6  Attorneys for Defendant
7  The Boeing Company

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
10                 COUNTY OF SAN FRANCISCO

11
   GERALDINE BURTON, Individually, and      Case No. 435672
12 as Personal Representative to the Estate of   (Consolidated w/ Case No. 440227)
13 HAROLD BURTON, decedent; BLAINE
   BURTON, MARK BURTON AND DOES       **NOTICE OF MOTION AND**
14 ONE THROUGH TEN, INCLUSIVE,        **MOTION OF DEFENDANT THE**
                                      **BOEING COMPANY FOR**
15              Plaintiffs,           **SUMMARY JUDGMENT, OR IN**
                                      **THE ALTERNATIVE, SUMMARY**
16                                    **ADJUDICATION; MEMORANDUM**
17         v.                         **OF POINTS AND AUTHORITIES**

18 A.W. CHESTERTON CO., et al.,
19              Defendants.           Date:  January 26, 2007
                                      Time: 9:30 a.m.
20                                    Dept.: Dept 302

21
22       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
23       PLEASE TAKE NOTICE that on  January 26, 2007, at 9:30 a.m., or as soon
24 thereafter as the matter may be heard in Department 302 of the above-referenced Court,
25 located at 400 McAllister Street, San Francisco, California, 94102, defendant The Boeing
26 Company ("Boeing") will, and hereby does, move the Court for summary judgment against
27 plaintiffs Geraldine Burton, individually and as personal representative to the estate of
28

1  Harold Burton ("Decedent"), Blaine Burton, and Mark Burton (collectively "Plaintiffs"),

2  and in its favor on each of the causes of action alleged in the Complaint herein.

3      In the alternative, if for any reason summary judgment cannot be had, Boeing moves

4  the Court for summary adjudication against Plaintiffs as follows:

5      1.   Plaintiffs' First Cause of Action for Negligence (wrongful death) has no

6  merit and fails as a matter of law, because Plaintiffs do not have sufficient evidence to

7  demonstrate that Decedent was exposed, let alone regularly exposed over an extended

8  period of time, to an asbestos-containing product manufactured or supplied by Boeing, and

9  thus Plaintiffs cannot demonstrate that any purported conduct by Boeing was the direct and

10  proximate cause of Decedent's alleged injury or death.

11      2.   Plaintiffs' Second Cause of Action for Strict Liability has no merit and fails

12  as a matter of law, because Plaintiffs do not have sufficient evidence to demonstrate that

13  Decedent was exposed, let alone regularly exposed over an extended period of time, to an

14  asbestos-containing product manufactured or supplied by Boeing, and thus Plaintiffs

15  cannot demonstrate that any purported conduct by Boeing was the direct and proximate

16  cause of Decedent's alleged injury or death.

17      3.   Plaintiffs' Third Cause of Action for Survival has no merit and fails as a

18  matter of law, because Plaintiffs do not have sufficient evidence to demonstrate that

19  Decedent was exposed, let alone regularly exposed over an extended period of time, to an

20  asbestos-containing product manufactured or supplied by Boeing, and thus Plaintiffs

21  cannot demonstrate that any purported conduct by Boeing was the direct and proximate

22  cause of Decedent's alleged injury or death.

23      4.   Plaintiffs' Fourth Cause of Action for Loss of Consortium has no merit and

24  fails as a matter of law, because Plaintiffs do not have sufficient evidence to demonstrate

25  that Decedent was exposed, let alone regularly exposed over an extended period of time, to

26  an asbestos-containing product manufactured or supplied by Boeing, and thus Plaintiffs

27  cannot demonstrate that any purported conduct by Boeing was the direct and proximate

28  cause of Decedent's alleged injury or death.

Boeing makes this motion on the grounds that, as to each of the matters for which summary judgment, or in the alternative, summary adjudication is sought, there is no triable issue of material fact and therefore Boeing is entitled to summary judgment or summary adjudication as a matter of law.  The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Boeing's Separate Statement of Undisputed Material Facts, the Declaration of Bo W. Kim, all filed and served herewith, the pleadings and papers on file in this action, and such other and further evidence and argument as may be permitted at the hearing on the motion.

DATED:  November 8, 2006

PERKINS COIE LLP

By _____
Bo W. Kim,
Attorneys for Defendant
The Boeing Company

Memorandum of Points and Authorities in Support of The Boeing Company's Motion for Summary Judgment
01038-4830/LEGAL12179622.1

# TABLE OF CONTENTS

PAGE

I.      INTRODUCTION ................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................... 2

III.    LEGAL ARGUMENT .............................................................................. 4

        A.    Summary Judgment Standard In General .................................. 4

        B.    Summary Judgment Standard In Asbestos Litigation ............... 5

        C.    Plaintiffs Have Failed To Produce Sufficient Evidence That Decedent
              Was Exposed To Asbestos From A Boeing Aircraft During His
              Employment With The Air Force. .............................................. 6

        D.    Plaintiffs Have Failed To Show That Decedent Was Regularly
              Exposed To Harmful Levels Of Airborne Asbestos Fibers From A
              Boeing Product. ........................................................................ 7

        E.    In The Alternative, If Summary Judgment Cannot Be Had, Court
              Should Grant Summary Adjudication Against Each of Plaintiffs'
              Causes of Action. ..................................................................... 9

IV.     CONCLUSION ...................................................................................... 10

# I.  INTRODUCTION

This is a wrongful death asbestos action filed by plaintiffs Geraldine Burton,

individually and as personal representative to the estate of Harold Burton ("Decedent"),

Blaine Burton, and Mark Burton (collectively "Plaintiffs").  The Complaint alleges four

causes of action against defendant The Boeing Company ("Boeing") – negligence

(wrongful death), strict liability, survival, and loss of consortium.  Specifically, Plaintiffs

are alleging that Decedent was exposed to asbestos from a Boeing aircraft during his

service in the U.S. Army Air Force.

Summary judgment is proper, because Plaintiffs have failed to produce any evidence

to create a triable issue of material fact as to Decedent's alleged exposure to asbestos from

a Boeing product.  Plaintiff's counsel has stipulated that plaintiffs Geraldine Burton and

Mark Burton will not provide any testimony regarding the identification of any products,

which includes Boeing aircraft.  Hence, their only "product identification" witness is

plaintiff Blaine Burton (Decedent's eldest son), who was not even born when Decedent

was serving in the military.  In fact, Blaine Burton could not identify the aircraft that

Decedent flew – first stating that it was a B-52, then later the "Enola Gay," and finally

stating that he only recalls it being a bomber with a "B nomenclature".  More significantly,

Plaintiff testified that he does not know if Decedent performed *any* work whatsoever on the

supposed Boeing aircraft, and does not know if Decedent was present when others were

performing any work to the aircraft.

Plaintiffs do identify a single witness – Anthony J. Grady – who served with

Decedent in the Air Force.  Mr. Grady served with Decedent in the Air Force from

September 1943 to March 1944 as a tail gunner for the B-17 aircraft.  Decedent served as

the top turret gunner for the same B-17 aircraft.  Mr. Grady has no knowledge as to

whether Decedent's responsibilities included any maintenance or repair work to the B-17

or whether Decedent's responsibilities included anything other than flying the aircraft and

maintaining and manning the top turret guns.  Significantly, Mr. Grady does not recall ever

observing Decedent perform any maintenance or repair work to the B-17.

# EXHIBIT J

1   **BRYAN CAVE LLP**
    Robert E. Boone III, California Bar No. 132780
2   Amy M. Gantvoort, California Bar. No. 227294
    120 Broadway, Suite 300
3   Santa Monica, California 90401-2386
    Telephone:    (310) 576-2100
4   Facsimile:    (310) 576-2200

5   Attorneys For Defendant
    McDONNELL DOUGLAS CORPORATION

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN FRANCISCO**

10

11  GERALDINE BURTON, individually and as      Case No. CGC-04-435672
    personal representative to the estate of    (Consolidated with Case No. CGC-05-
12  HAROLD BURTON, decedent; BLAINE            440227)
    BURTON, MARK BURTON and DOES
13  ONE through TEN, inclusive,                **DEFENDANT McDONNELL
                                               DOUGLAS CORPORATION'S NOTICE
14             Plaintiffs,                      OF MOTION AND MOTION FOR
                                               SUMMARY JUDGMENT, OR IN THE
15         vs.                                 ALTERNATIVE, FOR SUMMARY
                                               ADJUDICATION; MEMORANDUM
16  A.W. CHESTERTON COMPANY, et al.,           OF POINTS AND AUTHORITIES IN
                                               SUPPORT THEREOF**
17             Defendants.
                                               [Filed concurrently with Separate Statement
18                                             of Undisputed Material Facts and Supporting
                                               Evidence; Declaration of Amy M. Gantvoort;
19                                             Appendix of Exhibits; Appendix of Non-
                                               California Authority; Proof of Service; and
20                                             [Proposed] Order]

21                                             DATE:  January 26, 2007
                                               TIME:  9:30 a.m.
22                                             DEPT:  302
                                               TRIAL: February 26, 2007

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is an asbestos wrongful death/survival action brought by plaintiffs Geraldine Burton, Individually and as Personal Representative to the Estate of Harold Burton, deceased, and Blaine Burton and Mark Burton, as legal heirs of Harold Burton ("Plaintiffs"), against, among others, defendant McDonnell Douglas Corporation ("MDC"), a manufacturer of commercial and military aircraft.[1]  Plaintiffs claim that decedent Harold Burton ("Decedent") was exposed to asbestos while serving in the United States Army Air Force ("USAAF") and attending an aircraft training school at MDC's Long Beach, California facility for a mere six-month period in 1943.  However, Plaintiffs have no admissible evidence that Decedent was even present at any MDC facility, much less exposed to asbestos at any such facility, and further cannot establish that Decedent was exposed to any airborne asbestos fibers from any specific product for which MDC is responsible.  Consequently, Plaintiffs cannot establish an essential element of each of their causes of action against MDC; i.e., Plaintiffs cannot show that Decedent was frequently and regularly exposed to any airborne asbestos for which MDC is responsible and that such exposure was a substantial factor in causing his alleged injuries.  As a result, MDC is entitled to summary judgment as a matter of law.

Additionally, Plaintiffs cannot show that MDC owed any legal duty of care to Decedent.  Plaintiffs cannot establish that any legal duty of care ever arose as to Decedent for the simple reason that Plaintiffs have no competent evidence that Decedent ever worked at or attended school at any MDC facility, let alone that MDC affirmatively contributed to his alleged injury.  Thus, to hold that MDC owed Decedent a legal duty of care, when Plaintiffs

---

[1] Decedent Harold Burton and Geraldine Burton filed a Complaint for Personal Injury and Loss of Consortium – Asbestos on October 21, 2004 (SFSC Case No. CGC-04-435672). After Decedent's passing away on December 31, 2004, plaintiffs Geraldine Burton, Blaine Burton and Mark Burton filed a Complaint for Wrongful Death - Asbestos on April 8, 2005 (SFSC Case No. CGC-05-440227).  On July 15, 2005, the Court consolidated the personal injury and wrongful death actions, to be continued under case no. CGC-04-435672. (Undisputed Material Fact ("UMF") No. 1.)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MDC'S MOTION FOR SUMMARY JUDGMENT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE BURTON, individually and as Personal Representative to the Estate of HAROLD BURTON, decedent; BLAINE BURTON, and MARK BURTON, | ) Case No. C07-0702 SI <br> ) <br> ) <br> ) **[PROPOSED] ORDER REMANDING** <br> ) **CASE** |
| Plaintiffs, | ) <br> ) Date:     April 6, 2007 <br> ) Time:    9:00 a.m. |
| vs. | ) Courtroom: Courtroom 10, 19th Floor <br> )           San Francisco, California <br> ) |
| A.W. CHESTERTON COMPANY, et. al., | ) <br> ) |
| Defendants. | ) The Honorable Susan Illston |

Having considered the submissions of the parties on Plaintiffs' motion for remand pursuant to 28 U.S.C. 1447(c):

Plaintiffs' motion is GRANTED; the case is REMANDED to San Francisco Superior Court.

IT IS FURTHER ORDERED that plaintiffs shall recover from defendants The Boeing Company, McDonnell Douglas Corporation, and United Technologies Corporations, jointly and severally, attorneys' fees incurred as a consequence of improper removal in the amount of $8,000.00 payable within 10 days of this Order.

IT IS SO ORDERED.

Dated: _____, 2007

_____
Hon. Susan Illston
United States District Judge

1  JEFFREY A. KAISER, ESQ., [SBN 160594]
   JESSICA N. BIERNIER, ESQ., [SBN 239831]
2  **LEVIN SIMES KAISER & GORNICK, LLP**
   44 Montgomery Street, 36th Floor
3  San Francisco, CA  94104
   Telephone: (415) 646-7160
4  Fax: (415) 981-1270

5  Attorneys for Plaintiffs

6

7

8                  **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  GERALDINE BURTON, individually and as          ) Case No. C07-0702 SI
    Personal Representative to the Estate of        )
12  HAROLD BURTON, decedent; BLAINE                  ) **CERTIFICATE OF SERVICE**
    BURTON, and MARK BURTON,                         )
13                                                    )
14             Plaintiffs,                            )
                                                      )
15        vs.                                         )
                                                      )
16  A.W. CHESTERTON COMPANY, et. al.,                )
                                                      )
17             Defendants.                            )
                                                      )

18

19

20

21

22

23

24

25

26

27

28

---



1

## CERTIFICATE OF SERVICE

2   I certify that I am over the age of 18 years and not a party to the within action; that my business
3   address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on this date I served a
    true copy of the document(s) entitled:

4
5   **PLAINTIFFS NOTICE OF MOTION AND MOTION FOR REMAND AND REQUEST
    FOR COSTS (INCLUDING ATTORNEYS' FEES) ON IMPROPER REMOVAL**

6   **DECLARATION OF JEFFREY A. KAISER IN SUPPORT OF PLAINTIFFS NOTICE
    OF MOTION AND MOTION FOR REMAND AND REQUEST FOR COSTS
7   (INCLUDING ATTORNEYS' FEES) ON IMPROPER REMOVAL**

8   **PROPOSED ORDER**

9   in the matter of Geraldine Burton, et al. v. A.W. Chesterton Company, et al., Case Nos. C07 0702 SI, ,
10  on the following parties:

11  Service was effectuated by forwarding the above-noted document in the following manner:

12  **xx**   **VIA ELECTRONIC SERVICE:** I caused such documents to be served on the interested
            parties to this action by submitting an electronic version of the documents via ECF
13          pursuant to the Courts Order.

14          I declare under penalty of perjury under the laws of the State of California that the foregoing is
15          true and correct.

16          Executed on March 2, 2007 at San Francisco, California.

17

18          _____
            Athena Stavrakaras
19

20

21

22

23

24

25

26

27

28

---

# Exhibit B

## to Motion to Vacate CTO
### (Plaintiffs Notice of Opposition to CTO)

**BEFORE THE JUDICIAL PANEL OF MULTI-DISTRICT LITIGATION**

RE:    **MDL-875 – In re Asbestos Product Liability Litigation (No. VI)**

TO:    <u>**VIA FACSIMILE (202) 502- 2888**</u>
        **Jeffrey N. Lüthi**
        **Clerk of the Panel**
        **Judicial Panel on Multi District Litigation**
        **One Columbus Circle, N.E.**
        **Thurgood Marshall Federal Judiciary Building**
        **Room G-255, North Lobby**
        **Washington, DC 20002-8004**

<u>***Burton et al v. A.W. Chesterton Company et al***</u>
U.S. District Court Case Numbers:  C07 0702  SI, C07 0712  SI, C07 0703  SI

<u>**NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-275)**</u>

      Plaintiffs, by and through undersigned counsel, hereby file their Notice of Opposition to the Conditional Transfer Order dated March 8, 2007.

      On February 2, 2007 and February 6, 2007, The Boeing Company and McDonnell Douglas Corporation requested that the Judicial Panel on Multi-District Litigation utilize its "tag along" procedures to transfer Civil Action No. 3:07-cv-00702-SI to the MDL 875 proceedings before Judge Giles of the Eastern District of Pennsylvania.  Plaintiffs oppose such requests as untimely and improper. Geraldine Burton et al v. A.W. Chesterton Co. et al (San Francisco Superior Court Case No. CGC-04-435672) has been pending in state court for over two years and was set for trial on February 26, 2007.  Defendants' removal is improper because more than thirty days has passed since each of them were alerted to the availability of the federal officer defense.  Furthermore, Plaintiffs will

demonstrate that each of these defendants waived their right to remove this case through their voluntary acts, which constitute submission to jurisdiction in the Superior Court of California.

On March 2, 2007 Plaintiff's filed a Motion to Remand and Request for Costs (including attorneys' fees) for Improper Removal. Plaintiffs' motion is set for a hearing before Judge Susan Illston in the United States District Court for the Northern District on May 4, 2007. Transfer is therefore inappropriate because federal subject matter does not exist, it will not further the convenience of the parties and witnesses, and common issues do not predominate over individual issues of fact.

Respectfully submitted this 23rd day of March, 2007

---

Jessica N. Biernier
LEVIN SIMES KAISER & GORNICK, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: (415) 646-7160
Fax: (415) 981-1270

Attorneys for Plaintiffs

## BEFORE THE JUDICIAL PANEL OF MULTI-DISTRICT LITIGATION

RE:    **MDL-875 – In re Asbestos Product Liability Litigation (No. VI)**

TO:    <u>**VIA US MAIL**</u>
        **Clerk of the Panel**
        **Jeffrey N. Lüthi**
        **Judicial Panel on Multi District Litigation**
        **One Columbus Circle, N.E.**
        **Thurgood Marshall Federal Judiciary Building**
        **Room G-255, North Lobby**
        **Washington, DC 20002-8004**

<u>***Burton et al v. A.W. Chesterton Company et al***</u>
U.S. District Court Case Numbers:  C07 0702  SI, C07 0712  SI, C07 0703  SI

## <u>PROOF OF SERVICE</u>

      I certify that I am over the age of 18 years and not a party to the within action; that my business address is 44 Montgomery Street, 36th Floor,  San Francisco, CA 94104; and that on the date last written, I served a true copy of the document(s) entitled:

NOTICE OF OPPOSITION TO CONDITIONAL
TRANSFER ORDER (CTO-275)

      Service was effectuated by forwarding the above-noted document on all counsel on the attached Involved Counsel List (Excerpted from CTO-275) MDL 875 In Re Asbestos Product Liability Litigation, by regular United States mail, first class postage prepaid, on this 23rd day of March, 2007.

      I declare under penalty of perjury, under the law of the State of California, that the foregoing is true and correct.

      Executed on April 6, 2007, at San Francisco, California.

                                     _____
                                   Jessica N. Biernier
                                   Attorney for Plaintiffs

## BEFORE THE JUDICIAL PANEL OF MULTI-DISTRICT LITIGATION

**RE:**   **MDL-875 – In re Asbestos Product Liability Litigation (No. VI)**

**TO:**   **VIA FACSIMILE (202) 502- 2888**
**Jeffrey N. Lüthi**
**Clerk of the Panel**
**Judicial Panel on Multi District Litigation**
**One Columbus Circle, N.E.**
**Thurgood Marshall Federal Judiciary Building**
**Room G-255, North Lobby**
**Washington, DC 20002-8004**


**_Burton et al v. A.W. Chesterton Company et al_**
U.S. District Court Case Numbers:  C07 0702  SI, C07 0712  SI, C07 0703  SI


## NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-275)

Plaintiffs, by and through undersigned counsel, hereby file their Notice of Opposition to the Conditional Transfer Order dated March 8, 2007.

On February 2, 2007 and February 6, 2007, The Boeing Company and McDonnell Douglas Corporation requested that the Judicial Panel on Multi-District Litigation utilize its "tag along" procedures to transfer Civil Action No. 3:07-cv-00702-SI to the MDL 875 proceedings before Judge Giles of the Eastern District of Pennsylvania.  Plaintiffs oppose such requests as untimely and improper. Geraldine Burton et al v. A.W. Chesterton Co. et al (San Francisco Superior Court Case No. CGC-04-435672) has been pending in state court for over two years and was set for trial on February 26, 2007.  Defendants' removal is improper because more than thirty days has passed since each of them were alerted to the availability of the federal officer defense.  Furthermore, Plaintiffs will

demonstrate that each of these defendants waived their right to remove this case through their voluntary acts, which constitute submission to jurisdiction in the Superior Court of California.

On March 2, 2007 Plaintiff's filed a Motion to Remand and Request for Costs (including attorneys' fees) for Improper Removal. Plaintiffs' motion is set for a hearing before Judge Susan Illston in the United States District Court for the Northern District on May 4, 2007. Transfer is therefore inappropriate because federal subject matter does not exist, it will not further the convenience of the parties and witnesses, and common issues do not predominate over individual issues of fact.

Respectfully submitted this 23rd day of March, 2007

Jessica N. Biernier
LEVIN SIMES KAISER & GORNICK, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: (415) 646-7160
Fax: (415) 981-1270

Attorneys for Plaintiffs

**BEFORE THE JUDICIAL PANEL OF MULTI-DISTRICT LITIGATION**

RE:    **MDL-875 – In re Asbestos Product Liability Litigation (No. VI)**

TO:    <u>**VIA US MAIL**</u>
         **Clerk of the Panel**
         **Jeffrey N. Lüthi**
         **Judicial Panel on Multi District Litigation**
         **One Columbus Circle, N.E.**
         **Thurgood Marshall Federal Judiciary Building**
         **Room G-255, North Lobby**
         **Washington, DC 20002-8004**

<u>***Burton et al v. A.W. Chesterton Company et al***</u>
U.S. District Court Case Numbers:  C07 0702  SI, C07 0712  SI, C07 0703  SI

**<u>PROOF OF SERVICE</u>**

      I certify that I am over the age of 18 years and not a party to the within action; that my business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on the date last written, I served a true copy of the document(s) entitled:

NOTICE OF OPPOSITION TO CONDITIONAL
TRANSFER ORDER (CTO-275)

      Service was effectuated by forwarding the above-noted document on all counsel on the attached Involved Counsel List (Excerpted from CTO-275) MDL 875 In Re Asbestos Product Liability Litigation, by regular United States mail, first class postage prepaid, on this 23rd day of March, 2007.

      I declare under penalty of perjury, under the law of the State of California, that the foregoing is true and correct.

      Executed on March 22, 2007, at San Francisco, California.

_Jessica N Biernier_

Jessica N. Biernier
Attorney for Plaintiffs

# INVOLVED COUNSEL LIST (CTO-275)
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard Damon Albert
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Saunders Aldridge
Hunter, MacLean, Exley & Dunn
P.O. Box 9848
200 East St. Julian Street
Savannah, GA 31412-0048

Kevin C. Alexandersen
Gallagher, Sharp, Fulton & Norman
7th Floor
Bulkley Bldg.
1501 Euclid Avenue
Cleveland, OH 44115

Michael S. Allred
Allred Law Firm
P.O. Box 3828
Jackson, MS 39207

Billy D. Anderson
Kent, Good, Anderson & Bush, P.C.
Woodgate 1, Suite 200
1121 E.S.E. Loop 323
Tyler, TX 75701

Kay Andrews
Brown McCarroll
111 Congress Avenue
Suite 1400
Austin, TX 78701-4043

Kenneth M. Argentieri
Kirkpatrick & Lockhart Preston Gates
Ellis, LLP
1500 Oliver Building
Pittsburgh, PA 15222

L. John Argento
Dickie, McCamey & Chilcote
Two PPG Place
Ste. 400
Pittsburgh, PA 15222-5402

Curtis R. Bailey
Kurowski, Bailey & Shultz, LLC
24 Bronze Pointe
Swansea, IL 62226

Auter Earl Barney
517 Cherry Avenue
Jackson, AL 36545

Jeffrey A. Barnwell
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402

Gino F. Battisti
Foley & Mansfield, PLLP
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO 63110

Mark J. Becker
Hullverson Law Firm
1010 Market
Suite 1550
St. Louis, MO 63101

Mary Jo Bellew
Saul Ewing, LLP
Centre Square West
1500 Market Square
38th Floor
Philadelphia, PA 19102

Yvonne D. Bennett
Bunda, Stutz & DeWitt
Ste. 650
One Seagate
Toledo, OH 43604

Matthew Phineas Bergman
Bergman & Frockt
702 Second Avenue
Suite 1601
Seattle, WA 98104

Jeffrey Noel Berman
Rumberger, Kirk & Caldwell
80 SW 8th Street
Suite 3000
Miami, FL 33130

V. Brian Bevon
Motley Rice, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Ali Abed Beydoun
Carr Maloney, PC
1615 L Street NW
Suite 500
Washington, DC 20036

Gary A. Bezet
Kean, Miller, Hawthorne,
D'Armond, et al.
One American Place
22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Bissell & Ledyard
1301 McKinney
Suite 2100
Houston, TX 77002

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

W.C. Blanton
Blackwell Sanders Peper Martin
4801 Main Street
Suite 1000
Kansas City, MO 64112

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Susan S. Box
Roetzel & Andress
Ste. 400
222 South Main Street
Akron, OH 44308

Ernest W. Boyd, Jr.
Mehaffy & Weber, P.C.
One Allen Center, Suite 1200
500 Dallas
Houston, TX 77002

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

John J. Boyd, Jr.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD 21201

Malcolm S. Brisker
Goodell, DeVries, Leech & Dann
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

Arthur D. Bromberg
Weiner Lesniak, LLP
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054-0438

Ward G. Brown
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606

Timothy S. Brunick
Clarke Dolph Rapaport Hardy & Hull
6160 Kempsville Circle
P.O. Box 13109
Norfolk, VA 23506-3109

Lora A. Brzezynski
McKenna, Long & Aldridge, LLP
1900 K Street, N.W.
Washington, DC 20006-5701

Brent M. Buckley
Buckley, King & Bluso
1400 Bank One Center
600 Superior Avenue
Cleveland, OH 44114

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Brian G. Cahill
Gass, Weber & Mullins, LLC
309 North Water Street
Milwaukee, WI 53202

Wilson H. Carroll
Phelps Dunbar, LLP
P.O. Box 23066
Jackson, MS 39225-3066

Jeniffer A.P. Carson
Governo Law Firm LLC
260 Franklin Street
Boston, MA 02110

Edward Morgan Carstarphen
Ellis, Carstarphen, Dougherty
& Goldenthal, P.C.
5847 San Felipe
Suite 1900
Houston, TX 77057

Zachary W. Carter
Dorsey & Whitney, LLP
250 Park Avenue
New York, NY 10177-1500

Christopher J. Caryl
Tucker, Ellis & West
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607-5308

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson Mullins Riley & Scarborough
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Frank A. Cecere, Jr.
Ahmuty, Demers & McManus, Esqs.
200 I.U. Willets Avenue
Albertson, NY 11507

Margaret M. Chaplinsky
Kalinoski & Chaplinsky
100 Court Avenue
Suite 205
Des Moines, IA 50309-2200

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Michael Jason Clayton
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Susan Coco
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Joseph G. Colao
Leader & Berkon
630 Third Avenue
17th Floor
New York, NY 10017

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134-6920

Christian Colwell
Boadhurst, Lakin & Lakin
One Elm Square
Andover, MA 01810

John F. Conley, Sr.
Glasser & Glasser, PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

William David Conner
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Eric David Cook
Willcox & Savage, P.C.
1800 Bank of America Center
One Commercial Place
Norfolk, VA 23510

Chad Russell Cotten
Baron & Budd
3102 Oak Lawn Ave, Ste 1100
Dallas, TX 75219-4281

Christopher V. Cotton
Shook, Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Michael T. Crawford
1217 Waterford Ct.
Tyler, TX 75703

James E. Culhane
Davis & Kuelthau, S.C.
111 E. Kilbourn Avenue
Suite 1400
Milwaukee, WI 53202-6613

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Stephen H. Daniels
McMahon, DeGulis, Hoffman
& Lombardi
The Caxton Building
812 Huron Road, East
Suite 650
Cleveland, OH 44115-1126

Elizabeth N. Davis
Roetzel & Andress
Ste. 400
222 South Main Street
Akron, OH 44308

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Paul Joseph Day
Piper Rudnick , LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Jessica M. Dean
Rasansky Law Firm
2525 McKinnon
Suite 725
Dallas, TX 75201

Brad Dejardin
444 South Flower Street
Los Angeles, CA 90007

Mark O. Denehy
Adler, Pollock & Sheehan
One Citizens Plaza
8th Floor
Providence, RI 02903-1345

Anna M. DiLonardo
Weiner & Lesniak, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

Thomas L. Doran
DeCaro, Doran, Siciliano,
Gallagher, et.al.
4601 Forbes Boulevard
Suite 200
P.O. Box 40
Lanham, MD 20703

George C. Doub, Jr.
George C. Doub, PC
12 West Madison Street
Baltimore, MD 21201-5231

Thomas E. Dover
Gallagher, Sharp, Fulton & Norman
1501 Euclid Avenue
7th Floor, Bulkley Building
Cleveland, OH 44115

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Michael W. Drumke
Schiff Hardin, LLP
233 South Wacker Drive
6600 Sears Tower
Chicago, IL 60606

Katherine S. Duyer
Gavett & Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Paul E. Dwyer, Jr.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Michael D. Eagen
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202

Theodore M. Eder
Segal, McCambridge, Singer
& Mahoney, Ltd.
805 3rd Avenue
19th Floor
New York, NY 10022

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202-3736

Scott R. Emery
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

Nicholas L. Evanchan, Jr.
Evanchan & Palmisano
1225 West Market Street
Akron, OH 44313

Julie R. Evans
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
150 East 42nd Street
New York, NY 10017-5639

C. Michael Evert, Jr.
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

John J. Fanning
Cullen & Dykman Bleakley Platt, LLP
177 Montague Street
Brooklyn, NY 11201

John R. Felice
Pierce, Davis & Perritano, L.L.P.
Ten Winthrop Square
Boston, MA 02110

Loring I. Fenton
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
15th Floor
New York, NY 10166

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Melissa K. Ferrell
Segal, McCambridge, Singer
& Mahoney, Ltd.
100 Congress Avenue
Suite 700
Austin, TX 78701

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

William F. Ford
Lathrop & Gage, L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108

Adam T. Fox
1201 Elm Street
Suite 3800
Dallas, TX 75270

Daniel R. Francis
Francis Law Firm, LLC
6654 Chippewa
St. Louis, MO 63109

Laura A. Frase
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
2001 Bryan Street
Suite 1300
Dallas, TX 75201-3008

Millard Lane Fretland
Conroy, Simberg, Ganon, Krevans
& Abel
125 W. Romana Street
Suite 150
Pensacola, FL 32502

Sharla J. Frost
Powers & Frost, L.L.P.
One Houston Center, Suite 2400
1221 McKinney Street
Houston, TX 77010-2007

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Marc S. Gaffrey
Hoagland, Longo, Moran, Dunst
& Doukas
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Christian H. Gannon
Segal, McCambridge, Singer
& Mahoney, Ltd.
830 Third Avenue
Suite 400
New York, NY 10022

Amy M. Gantvoort
120 Broadway
Suite 300
Santa Monica, CA 90069

James M. Garner
Sher Garner Cahill Richter Klein, et al.
909 Poydras Street
28th Floor
New Orleans, LA 70112

J. Ric Gass
Gass, Weber & Mullins, LLC
309 North Water Street
Milwaukee, WI 53202

Kurt B. Gerstner
Campbell, Campbell, Edwards
& Conroy
One Constitution Plaza
Boston, MA 02129

Pamela S. Gilman
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street
5th Floor
Boston, MA 02109

Lawrence Gingrow
Pierce, Atwood, LLP
Pease International Tradeport
One New Hampshire Avenue
Suite 350
Portsmouth, NH 03801

Brooks L. Glahn
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110

Richard S. Glasser
Glasser & Glasser PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Michael D. Goggans
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Box 16450
Jackson, MS 39236-6450

Jack J. Goldwood
Tucker Ellis & West
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115-1475

Frank J. Gordon
Millberg Gordon & Stewars, PLLC
1101 Haynes Street
Suite 104
Raleigh, NC 27604

Thomas M. Goss
Goodell, DeVries, Leech & Dann, LLP
Commerce Place
One South Street, 20th Floor
Baltimore, MD 21202

Justin Saunders Gravatt
Duane Hauck & Gnapp
10 E. Franklin St
Richmond, VA 23219-2106

Mark C. Greene
Fowler White Boggs & Banker, PA
501 East Kennedy
Suite 1700
P.O. Box 1438
Tampa, FL 33601

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                           Page 5 of 12

Samuel D. Habeeb
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Katrina M. Hall
Aultman, Tyner & Ruffin, Ltd.
315 Hemphill Street
P.O. Drawer 750
Hattiesburg, MS 39403-0750

Barbara S. Hamelburg
Foley Hoag, LLP
155 Seaport Boulevard
Seaport World Trade Center West
Boston, MA 02210-2600

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Kip A. Harbison
Glasser & Glasser, PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

Yvette Harmon
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Raymond P. Harris, Jr.
Schacter Harris
600 N. Pearl Street
Suite 2300
Dallas, TX 75201-2832

Robert P. Harris
Law Office Of Robert P. Harris
180 N. Michigan Avenue
Suite 2105
Chicago, IL 60601

Max S. Hartz
McCarroll, Nunley & Hartz
111 East Third Street
P.O. Box 925
Owensboro, KY 12302

Robin E. Harvey
Baker & Hostetler
Ste. 3200
312 Walnut Street
Cincinnati, OH 45202

Anthony C. Hayes
Nelson Mullins Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-1070

Jeffrey A. Healy
Arter & Hadden
1100 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115-1475

Richard E. Heifetz
Governo Law Firm, LLC
260 Franklin Street
Boston, MA 02110

Jennifer Boyd Herlihy
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110

Josephine H. Hicks
Parker, Poe, Adams & Bernstein, LLP
Three Wachovia Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202

Christina T. Hidek
Sutter, O'Connell, Mannion & Farchi
3600 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114

Andrew M. Higgins
Casner & Edwards
303 Congress & Edwards, LLP
Boston, MA 02110

James P. Hoban
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615

Laura K. Hong
Squire, Sanders & Dempsey, L.L.P.
4900 Society Center
127 Public Square
Cleveland, OH 44114

Stephen Clark Howell
Brown Dean Wiseman Proctor Hart
& Howell
306 W. 7th Street
Suite 200
Fort Worth, TX 76102

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

George L. Inabinet, Jr.
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Susan A. Jackson
265 Congress Street
Boston, MA 02109

Eric J. Jacobi
Clay, Kenealy, Wagner & Adams
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

Frederick J. Jekel
Motley Rice, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465

Arthur Timothy Jones
Hawkins & Parnell, LLP
4000 SunTrust Plaza
300 Peachtree Street, N.E.
Atlanta, GA 30308-3243

John M. Jordan
Gardere, Wynne & Sewell, L.L.P
1601 Elm
Suite 3000
Dallas, TX 75201

Thomas C. Junker
Junker, Taddeo & Sturm, PLC
17 West Cary Street
Richmond, VA 23220

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Shawn Anton Kachmar
Hunter, MacLean, Exley & Dunn
P.O. Box 9848
200 East St. Julian Street
Savannah, GA 31412

Kevin O. Kadlec
Bonezzi Switzer Murphy Polito
& Hupp Co., LPA
1300 East Ninth Street
1950 Penton Media Building
Cleveland, OH 44114

Jeffrey A. Kaiser
Levin Simes Kaiser & Gornick, LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104

Edward A. Kalabus, Jr.
DeHay & Elliston, L.L.P.
Bank of America Plaza
901 Main Street
Dallas, TX 75202

Maria Katina Karos
Bell Nunnally, et al.
3232 McKinney Avenue
Suite 1400
Dallas, TX 75204

Jeannie P. Kauffman
Bacon Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Jillian J. Keith
DeHay & Elliston, L.L.P.
Bank of America Plaza
901 Main Street
Dallas, TX 75202

Craig Ivan Kelley
Kelley & Fulton, PA
1665 Palm Beach Lakes Blvd
Suite 1000
West Palm Beach, FL 33401

Barbara Hopkins Kelly
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
33 Washington Street
18th Floor
Newark, NJ 07102-5003

Kevin L. Kelly
Mintzer, Sarowitz, Zeris, et al.
39 Broadway
Suite 950
New York, NY 10006

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

Kristi D. Kennedy
Currie, Johnson, Griffin, Gaines
& Myers
P.O. Box 750
Jackson, MS 39205-0750

Kennedy Valve Manufacturi
1021 East Water Street
Elmira, NY 14901

Hadi Ty Kharazi
Kharazin & Sirabian
1145 East Shaw Avenue
Fresno, CA 93710

J. Frank Kinsel, Jr.
Cantey & Hanger, L.L.P.
2100 Burnett Plaza
801 Cherry Street
Ft. Worth, TX 76102

James N. Kline
Ulmer & Berne
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113-1448

Kirsten Kneis
Kirkpatrick Lockhart Nicholson
& Graham, LLP
One Newark Center
10th Floor
Newark, NJ 07102

John A. Koepke
Jackson Walker, L.L.P.
901 Main Street
Ste. 6000
Dallas, TX 75202

John J. Kot
Waters, McPherson & McNeil
300 Lighting Way
Seacaucus, NJ 07096

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Douglas R. Kraus
Brent Coon & Associates
1515 Poydras Street
Suite 800
New Orleans, LA 70112

Peter A. Kraus
Waters & Kraus, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Kenneth F. Krawczak
Swartz Campbell
1120 Illuminating Bldg.
55 Public Square
Cleveland, OH 44113

John A. Kristan, Jr.
Kelley Jasons McGuire & Spinelli
Ste. 1037
629 Euclid Avenue
Cleveland, OH 44114

Philip A. Kulinski
Evert Weathersby Houff
120 E. Baltimore Street
Suite 1300
Baltimore, MD 21201

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Mark B. Lavoie
McDonough, Hacking & Lavoie
One Washington Mall
Boston, MA 02108

Joseph Dwight LeBlanc, III
Frilot, Partridge, Kohnke & Clements
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Cori Leavitt
Malaby, Carlisle & Bradley
150 Broadway
Suite 1311
New York, NY 10038

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Melissa M. Leon
Dehay & Elliston
901 Main Street
Suite 3500
Dallas, TX 75202-3736

Nicole E. Lewis
Tucker Ellis & West
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

April M. Luna
Adler, Pollock & Sheehan, PC
175 Federal Street
Boston, MA 02110

Steven Andrew Luxton
Edwards, Burns & Krider, LLP
201 N. Charles Street
Suite 1402
Baltimore, MD 21201

Neil J. MacDonald
Hartel Kane Desantis MacDonald
& Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Genevieve MacSteel
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Barbara E. Machin
Bunda, Stutz & Dewitt
3295 Levis Commons Blvd.
Perrysburg, OH 43551

Zoran Malesevic
Thorton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110

Richard P. Marin
Marin Goodman, LLP
40 Wall Street
New York, NY 10005

Don David Martinson
Fanning, Harper & Martinson
2 Energy Square
4849 Greenville Avenue
Suite 1300
Dallas, TX 75206

Karen L. Mascio
Willman & Arnold
705 McKnight Park Drive
Pittsburgh, PA 15237

Floyd L. Matthews, Jr.
Spohrer Wilner, P.A
701 West Adams Street
Suite 2
Jacksonville, FL 32204

Alexander J. May
Brassel & Baldwin
112 West Street
Annapolis, MD 21401

George S. McCall
Kern & Wooley, LLP
5215 North O'Connor Road
Suite 1700
Irving, TX 75039

Moffatt Grier McDonald
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602

Nancy McDonald
McElroy, Deutsch, Mulvaney
& Carpenter
P.O. Box 2075
1300 Mount Kemble Ave.
Morristown, NJ 07962

Lawrence McGivney
McGivney & Kluger, P.C.
80 Broad Street
23rd Floor
New York, NY 10004

Matthew M. Mendoza
Calfee, Halter & Griswold
1400 McDonald Investment Center
800 Superior Aveneue
Cleveland, OH 44114-2688

Daniel J. Michalec
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Jonathan Scott Miles
Williams Mullen
999 Waterside Dr.
Suite 1700
Norfolk, VA 23510

James T. Millican, II
Weston Hurd
1900 Tower at Erieview
1301 East Ninth Street
Cleveland, OH 44114-1862

Lewis Charles Miltenberger
Miltenberger Dettmer, PLLC
108 W. 8th Street
Suite 500
Forth Worth, TX 76102

John D. Mismas
Bevan and Associates
10360 Northfield Road
Northfield, OH 44067

Alan Powers Moore
Martin Disiere Jefferson & Wisdom
900 Jackson Street
Suite 710
Dallas, TX 75202

Lacey M. Moore
Nexsen, Pruet, Adams, Kleemeier
201 South Tryon Street
Suite 1200
Charlotte, NC 28202

Steven B. Moore
Rasmussen Willis Dickey & Moore
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

Joseph J. Morford
Tucker Ellis & West, LLP
Huntington Building
925 Euclid Avenue
Suite 1150
Cleveland, OH 44115-1475

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Karen R. Morgan
Ellington & Associates
9800 Centre Pkwy
Suite 860
Houston, TX 77036

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

William F. Mueller
Clemente, Mueller & Tobia, LLP
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ 07962

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Jay Newton
2300 Plaza of the Americas
600 North Pearl, LB 133
Dallas, TX 75201

Robert L. Norton
Jones & Granger
10000 Memorial Drive
Suite 888
P.O. Box 4340
Houston, TX 77210-4340

Robert P. Numbrich
Baty, Holm & Numrich, PC
4600 Madison Avenue
210 Plaza West Building
Kansas City, MO 64112

Matthew C. O'Connell
Mannion & Gray
1300 E. 9th Street
Suite 1625
Cleveland, OH 44114

Robert L. O'Donnell
Vandeventer Black, LLP
500 World Trade Ctr.
Norfolk, VA 23510

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

Lisa Oberg
101 California Street
Floor 41
San Francisco, CA 94111

Thomas W. Olsen
Swanson, Martin & Bell
One IBM Plaza
Suite 2900
Chicago, IL 60611

Erika A. Olson
Shepard Law Firm
10 High Street
11th Floor
Boston, MA 02210

Thomas W. Olson
Swanson, Martin & Bell, LLP
330 North Wabash
Suite 3300
Chicago, IL 60611

Edward D. Papp
Baker & Hostetler, LLP
3200 National City Center
Cleveland, OH 44114

D. Todd Parrish
Kern & Wooley
5215 N O'Connor Blvd
Suite 1700
Irving, TX 75039

Steven J. Parrott
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Lisa M. Pascarella
Pehlivanian & Braaten, LLC
2430 Route 34
P.O. Box 648
Manasquan, NJ 08736

James E. Peckert
Peckert & Booth
132 S. Water Street
Suite 200
P.O. Box 860
Decatur, IL 62525-0860

Anthony R. Petruzzi
McLaughlin & McCaffrey, LLP
Eaton Center
1111 Superior Avenue, Suite 1350
Cleveland, OH 44114-2500

Joseph Stuart Pevsner
Thompson & Knight, LLP
1700 Pacific Avenue
Suite 3300
Dallas, TX 75201

Carl E. Pierce, II
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Joel F. Pierce
Pierce, Davis & Perritano, L.L.P.
Ten Winthrop Square
Boston, MA 02110

Frank A. Poff, Jr.
Crisp, Boyd & Poff, L.L.P.
2301 Moores Lane
P.O. Box 6297
Texarkana, TX 75505

Jeffrey Scott Poretz
Miles & Stockbridge, P.C.
1751 Pinnacle Drive
Suite 500
McLean, VA 22102-3833

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Francis R. Powell
Nutter, McClennen & Fish
155 Seaport Blvd.
Boston, MA 02210

James H. Powers
Powers & Frost, L.L.P.
One Houston Center
1221 McKinney Street
Ste. 2400
Houston, TX 77010-2007

Steven J. Pugh
Richarson, Plowden, Carpenter
& Robinson, PA
P.O. Drawer 7788
Columbia, SC 29202

Michael John Ramirez
Kirkpatrick & Lockhart, et al.
2828 N. Harwood Street
Suite 1800
Dallas, TX 75201

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                    Page 9 of 12

Jason Reed
Shults Law Firm, LLP
200 West Capitol
Suite1600
Little Rock, AR 72201

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

Kurt E. Reitz
Thompson & Coburn
525 West Main Street
P.O. Box 750
Belleville, IL 62222

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Noe Reyna
Connelly, Baker, et al.
700 Louisiana
Suite 1850
Houston, TX 77002-2778

Karen M. Rheingans
Segal, McCambridge, Singer
 & Mahoney, Ltd.
330 North Wabash Avenue
Suite 200
Chicago, IL 60611-3514

Joseph A. Rhodes, Jr.
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
P.O. Box 2757
Greenville, SC 29602

Kenneth D. Rhodes
Kacal, Adams & Law
America Tower
One Riverway
Suite 1200
Houston, TX 77056

Stephen Jeffrey Riegel
Wietz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038-4925

Crystal G. Roach
1445 Ross Avenue
Suite 3600
Dallas, TX 75202

Theodore F. Roberts
Venable, LLP
210 Allegheny Avenue
Towson, MD 21285-5517

Robert M. Rolfe
Hunton & Williams, LLP
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219

John J, Ronca, Jr.
Ronca, McDonald & Hanley
5 South Regent Street
Suite 517
Livingston, NJ 07039

Michael D. Rosenberg
Whyte, Hirschboeck & Dudek, SC
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Peter J. Rubin
Bernstein Shur
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

Syd A. Saloman
Tucker, Heifetz & Saltzman, LLP
Three School Street.
Boston, MA 02108

Jennifer Sardina
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, E
Cleveland, OH 44114

Cary Ira Schachter
Whittenburg Whittenburg & Schachter
2300 Plaza of the Americas
600 North Pearl Street
Dallas, TX 75201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Paul A. Scrudato
Schiff Hardin, LLP
623 Fifth Avenue
Suite 2800
New York, NY 10022

Beth A. Sebaugh
Bonezzi Switzer Murphy Polito
 & Hupp Co., LPA
1300 East Ninth Street
1950 Penton Media Building
Cleveland, OH 44114

Linda R. Self
Brasher Law Firm
One Metropolitan Square
Suite 2300
211 North Broadway
St. Louis, MO 63102

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

William F. Selph, III
Simon Peragine Redfearn & Watson
1200 Washington Avenue
Suite A
Ocean Springs, MS 39564

James W. Sexton
Litchfield Cavo
6 Kimball Lane
Lynnfield, MA 01940

Rhea Hudson Sheldon
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Jason T. Shipp
Goldberg, Persky & White, PC
1030 Fifth Avenue
Third Floor
Pittsburgh, PA 15219

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Kurt S. Siegfried
Ulmer & Berne, LLP
900 Penton Media Bldg.
1300 East Ninth Street
Cleveland, OH 44114

Jeffrey B. Simon
Waters & Kraus, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Michael W. Siri
Robinson Woolson, PA
217 E. Redwood St., Suite 1500
Baltimore, MD 21202

Michelle D. Siri
Segal, McCambridge, Singer
& Mahoney, Ltd.
One N. Charles Street
Suite 2500
Baltimore, MD 21202-3316

Thomas L. Skalmoski
Weiss Berzowski Brady, LLP
700 N. Water Street
Suite 1500
Milwaukee, WI 53202

Christopher Slusher
3610 Buttonwood Drive
Suite 200
Columbia, MO 65201

Sinead Soesbe
Locke Liddell & Sapp, LLP
2200 Ross Ave
Suite 2200
Dallas, TX 75201-6776

Leo M. Spellacy, Jr.
Porter, Wright, Morris & Arthur
1700 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Anthony Lamont Springfield
Polsinelli, Shalton, Welte, Suelthaus
700 West 47th Street
Suite 1000
Kansas City, MO 64112

Jonathan L. Stark
Schneider, Smeltz, Ranney & Lafond
Ste. 1000
1111 Superior Avenue
Cleveland, OH 44114

Jay R. Starrett
Whyte, Hirschboeck & Dudek, SC
555 E Wells St., Ste 1900
Milwaukee, WI 53202-3819

Peter J. Stasz
H.B. Smith Co., Inc.
47 Westfield Industrial Park Road
Westfield, MA 01085

Katherine M. Steele
Stafford, Frey & Cooper, PC
601 Union Street
3100 Two Union Square
Seattle, WA 98101

Lonna M. Steinberg
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110

James E. Stephenson
Bonezzi, Switzer, Murphy, Polito
& Hupp
Ste. 1950
1300 East Ninth Street
Cleveland, OH 44114-1501

David H. Stillman
Stillman & Associates, PC
51 Mill Street
Suite 5
Hanover, MA 02339

Richard T. Stilwell
Fulbright & Jaworski, L.L.P.
1301 McKinney Street
Suite 5100
Houston, TX 77010

John E. Sullivan
Baker & Hostetler
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485

Kevin A. Sullivan
Sauter, Sullivan et al.
3415 Hampton Avenue
St. Louis, MO 63139

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Robert E. Thackston
Hawkins, Parnell & Thackston, LLP
4514 Cole Avenue
Suite 550
Dallas, TX 75205

Mark S. Thomas
Maupin Taylor, PA
3200 Beechleaf Court
Suite 500
P.O. Drawer 19764
Raleigh, NC 27619

Steven Ray Thomas
Chambers, Templeton, Cashiola
& Thomas
2090 Broadway
Beaumont, TX 77701-4950

Leon W. Todd
Foley & Lardner, LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

Tracy E. Tomlin
Nelson Mullins Riley & Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

R. Bart Totten
Adler, Pollock & Sheehan
One Citizens Plaza
8th Floor
Providence, RI 02903

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Patrick S. Tracey
Cooley, Manion & Jones, LLP
21 Custom House Street
6th Floor
Boston, MA 02110

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Keith R. Truffer
Royston, Mueller, McLean & Reid
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Berlin Tsai
Pedley, Zielke, Gordinier & Pence
462 S. Fourth Avenue
2000 Medinger Tower
Louisville, KY 40202

James Derek Turrietta
Stackhouse Smith & Nexsen
P.O. Box 3640
555 E. Main Street
Norfolk, VA 23514

John C. Valenti
Butzel Long
150 W. Jefferson Avenue
Suite 100
Detroit, MI 48226

Michael P. Vanderford
Anderson, Murphy & Hopkins, L.L.P.
First Commerical Bldg.
400 West Capitol Avenue
Suite 2640
Little Rock, AR 72201

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Gerard E. Voyer
Taylor & Walker, P.C.
1300 First Virginia Tower
555 Main Street
P.O. Box 3490
Norfolk, VA 23514-3490

Andrew S. Wainwright
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Craig R. Waksler
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street
5th Floor
Boston, RI 02110

Mark Hedderman Wall
Elmore & Wall
P.O. Box 1200
Charleston, SC 29402

Gretchen Wallace
Hepler, Broom, MacDonald,
Hebrank, et al.
800 Market Street
Suite 2300
St. Louis, MO 63101-2029

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Margaret F. Ward
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Kirk G. Warner
Smith, Anderson, Blount, Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

Richard N. Watts
Watts, Donovan & Tilley, P.A.
200 South Commerce Street
Suite 200
Little Rock, AR 72201-1769

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Edward J. Wilbraham
Wilbraham, Lawler & Buba
1818 Market Street
Suite 3100
Philadelphia, PA 19103-3631

Trevor J. Will
Foley & Lardner, LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

Anthony M. Williams
Kean, Miller, Hawthorne,
D'Armond, et al.
909 Podras Street
Suite 1450
New Orleans, LA 70112

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

Russell B. Winburn
Odom Law Firm, P.A.
No. 1 East Mountain Street
P.O. Drawer 1868
Fayetteville, AR 72702

Dawn M. Wright
Thompson & Knight, LLP
1700 Pacific Ave.
Suite 3300
Dallas, TX 75201

Wendellyn Wright
Rasmussen, Willis, Dickey & Moore
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

George D. Yaron
Yaron & Associates
601 California Street
21st Floor
San Francisco, CA 94111

Linda Yassky
Sonnenschein, Nath & Rosenthal, LLP
1221 Avenue of the Americas
24th Floor
New York, NY 10020

Judith A. Yavitz
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
44th Floor
New York, NY 10020-1182

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                    Page 12 of 12

James Steven Zavakos
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
Baltimore, MD 21201-3804

Robert A. Ziogas
Glenn, Feldmann, Darby & Goodlatte
P.O. Box 2887
210 1st Street
Suite 200
Roanoke, VA 24001

☑001

```
************************
***    TX REPORT    ***
************************

TRANSMISSION OK

TX/RX NO               3657
RECIPIENT ADDRESS      12025022888
DESTINATION ID
ST. TIME               03/23 07:33
TIME USE               04'52
PAGES SENT               16
RESULT                 OK
```

## LEVIN SIMES KAISER & GORNICK LLP

# FACSIMILE TRANSMITTAL SHEET

| TO: | DATE: |
|---|---|
| **Jeffrey A. Lüthi** **Clerk of the Panel** | 3/22/2007 |

| COMPANY: | FROM: |
|---|---|
| **Judicial Panel on MDL** | **Jessica N. Biernier, Esq.** |

| FAX NUMBER: | SENDERS PHONE NUMBER |
|---|---|
| 202-502-2888 | **415-646-7160** |

| RE: | TOTAL NO. OF PAGES INCLUDING COVER: | 16 |
|---|---|---|

**Opposition to CTO - 275**

☑ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

# LEVIN SIMES KAISER & GORNICK LLP

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Jeffrey A. Lüthi<br>Clerk of the Panel | **DATE:** 3/22/2007 |
| **COMPANY:** Judicial Panel on MDL | **FROM:** Jessica N. Biernier, Esq. |
| **FAX NUMBER:** 202-502-2888 | **SENDERS PHONE NUMBER** 415-646-7160 |
| **RE:** Opposition to CTO - 275 | **TOTAL NO. OF PAGES INCLUDING COVER:** <u>16</u> |

☑ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

The information contained in this facsimile may be attorney-privileged and confidential, and is therefore intended solely for the use of the individual or entity named below.  If the reader of this message is neither the intended recipient, nor the employee or agent responsible to deliver it to the intended recipient, you are **HEREBY NOTIFIED** that any dissemination, distribution or copying of this communication is **STRICTLY PROHIBITED**.  If you have received this communication in error, please notify us by telephone immediately and return the original message to us at the address listed above

44 MONTGOMERY STREET, 36TH FLOOR
SAN FRANCISCO, CA  94104
TELEPHONE:  415 646-7160  /  FACSIMILE:  415 981-1270

WWW.LEVINSIMESKAISERGORNICK.COM

# Exhibit C

## to Motion to Vacate CTO
### (Defendant's Motion to Stay Remand)

1   **BRYAN CAVE LLP**
Robert E. Boone III (State Bar No. 132780)
2   Amy M. Gantvoort (State Bar No. 227294)
120 Broadway, Suite 300
3   Santa Monica, California 90401-2386
Telephone: (310) 576-2100
4   Facsimile:  (310) 576-2200
E-mail:  reboone@bryancave.com
5            amy.gantvoort@bryancave.com

6   Attorneys For Defendant
McDONNELL DOUGLAS CORPORATION

7

8

9                **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12   GERALDINE BURTON, individually and as          Case No. CV 07-0702 SI
personal representative to the estate of
13   HAROLD BURTON, decedent; BLAINE                Related Cases:   3:07-0703 SI
BURTON, MARK BURTON and DOES ONE                              3:07-0712 SI
14   through TEN, inclusive,

15              Plaintiffs,                         **DEFENDANT McDONNELL DOUGLAS
CORPORATION'S NOTICE OF MOTION
16        vs.                                       AND MOTION FOR A TEMPORARY
STAY OF THE ACTION PENDING ITS
17   A.W. CHESTERTON COMPANY, et al.,               TRANSFER TO MULTI-DISTRICT
LITIGATION NO. 875 IN RE ASBESTOS
18              Defendants.                         PRODUCT LIABILITY LITIGATION;
MEMORANDUM OF POINTS AND
19                                                  AUTHORITIES IN SUPPORT THEREOF**

20                                                  [Filed concurrently with Declaration of Amy M.
Gantvoort and [Proposed] Order]
21
Date:     April 27, 2007
22                                                  Time:     9:00 a.m.
Dept.:    Courtroom 10, 19th Floor
23                                                            San Francisco, California

24

25   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

26        PLEASE TAKE NOTICE that on April 27, 2007 at 9:00 a.m. or as soon thereafter as

27   counsel may be heard, in Courtroom 10 of the above-entitled Court, located at 450 Golden Gate

28   Avenue, San Francisco, California 94102, Defendant McDonnell Douglas Corporation ("MDC")

1   will and hereby does move the Court for an Order temporarily staying this action, including the

2   determination of plaintiffs' Geraldine Burton, Mark Burton and Blaine Burton's ("Plaintiffs")

3   Motion for Remand and Request for Costs on Improper Removal, pending the determination by

4   the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this action to the Multidistrict

5   Litigation No. 875 In Re Asbestos Product Liability Litigation ("MDL 875") proceedings in the

6   United States District Court for the Eastern District of Pennsylvania ("MDL Court"), in

7   accordance with the Conditional Transfer Order ("CTO") issued by the JPML on March 8, 2007.[1]

8       MDC makes this Motion on the grounds that a temporary stay of the action pending the

9   JPML's decision regarding transfer would (a) promote judicial efficiency, (b) allow consistency in

10   pre-trial rulings, including common issues involving "federal officer" removal jurisdiction upon

11   which many asbestos cases pending in the federal courts are based, and (c) be most convenient to

12   the parties.

13       This Motion is based upon this Notice of Motion, the attached Memorandum of Points and

14   Authorities, the Declaration of Amy M. Gantvoort and attached exhibits, argument presented at

15   the time of the hearing, and such other and further matters that the Court may consider.

16   Dated:  March 23, 2007       **BRYAN CAVE LLP**

            ROBERT E. BOONE III

17             AMY M. GANTVOORT

18

19           By: _____/s/Amy M. Gantvoort_____

20             Amy M. Gantvoort

            Attorneys for Defendant

21             McDONNELL DOUGLAS CORPORATION

22

23   [1]     On February 2, 2007, MDC filed a Notice of Potential Tag Along Action, requesting the

24   transfer of this asbestos-related action to MDL 875. Pursuant to Rule 7.5(e) of the Rules of the

    JPML, MDC notified the Clerk of the JPML of this related tag-along action by letter dated

25   February 6, 2007. The CTO becomes final unless Plaintiffs file an opposition to the transfer of

    this action to MDL 875 on or before March 23, 2007. If Plaintiffs do not file any opposition, the

26   transfer order will become final and entered by the Clerk of the MDL Court. If Plaintiffs file an

27   opposition, the JPML will set a briefing schedule for and hear argument regarding such

    opposition.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY

This Court should issue an order staying this tag-along wrongful death asbestos action pending its transfer to the Multidistrict Litigation No. 875 In Re Asbestos Product Liability Litigation ("MDL 875") proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL Court") because such a stay would (a) promote judicial efficiency, (b) allow consistency in pre-trial rulings, including common issues involving "federal officer" removal jurisdiction upon which many asbestos cases pending in the federal courts are based, and (c) be most convenient to the parties.

### II.   BACKGROUND

On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("JPML") entered an order transferring all asbestos cases pending in the federal courts throughout the country to the United States District Court, Eastern District of Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. That order also applies to "tag-along actions," or actions involving common questions of fact filed after January 17, 1991. Such actions are to be transferred to the Eastern District of Pennsylvania as part of MDL 875, pending before the Honorable James T. Giles, for coordinated or consolidated pre-trial proceedings. Since 1991, Judge Giles and Judge Charles Weiner before him have disposed of tens of thousands of asbestos suits.

This is an asbestos wrongful death action. Plaintiffs Geraldine Burton, Mark Burton and Blaine Burton ("Plaintiffs") allege both product and premises liability claims against MDC and other defendants, claiming that decedent Harold Burton ("Decedent") contracted mesothelioma caused by exposure to asbestos in defendants' respective purported asbestos-containing products and at defendants' respective premises. Regarding MDC, Plaintiffs contend that Decedent was exposed to asbestos in C-47/C-53/R4D, DB-7 (A-20) and B-17 military aircraft built by MDC while Decedent served in the United States Army Air Force and attended a MDC aircraft mechanical school in Long Beach, California for approximately six months in 1943 and an aircraft engine mechanical school at Sheppard Field in Texas for approximately ten weeks in 1943.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1    Promptly on first notice of Plaintiffs' claims against MDC based on MDC's military

2    aircraft, MDC removed the action to this Court on February 2, 2007 on the grounds of "federal

3    officer" removal jurisdiction. Also, on February 2, 2007, MDC filed a Notice of Potential Tag

4    Along Action with this Court. Pursuant to Rule 7.5(e) of the Rules of the Judicial Panel on

5    Multidistrict Litigation, on February 6, 2007, MDC requested that the JPML transfer this action to

6    MDL 875 as a related tag-along action.

7    On March 2, 2007, Plaintiffs filed their Motion for Remand and Request for Costs

8    (including Attorneys' Fees) on Improper Removal ("Motion for Remand") in this Court. The

9    Motion for Remand is currently set for hearing on May 4, 2007, with opposition papers due on

10   April 13, 2007 and reply papers due on April 20, 2007.

11   "Federal officer" jurisdiction is proper, as MDC has demonstrated in its Notice of

12   Removal. MDC timely removed the action upon first discovery of Plaintiffs' claims against MDC

13   based on Decedent's purported exposure to asbestos in MDC's military aircraft. MDC acted

14   under the direction and control of a federal officer when it built the military aircraft at issue here,

15   including the installation of asbestos-containing components in the aircraft. There is a causal

16   connection between Plaintiffs' claims and MDC's alleged conduct under the direction of federal

17   officers. Additionally, MDC has asserted a colorable federal defense, namely the government

18   contractor defense under Boyle v. United Technologies Corp., 487 U.S. 500 (1988), to Plaintiffs'

19   claims. Indeed, the Government reviewed and approved reasonably precise design specifications

20   for all C-47/R4D and/or C-53/R4D and A-20 aircraft. Those aircraft conformed to these

21   specifications. Insofar as asbestos was known at the time to be a hazardous material, the

22   Government's knowledge of such hazards was superior to the knowledge of MDC.[2/]

23

24   _____

25   [2/]    Federal officer jurisdiction is also proper based upon MDC's derivative sovereign
immunity defense under Yearsley v. W.A. Ross Construction Co., 309 U.S. 18 (1940), because the

26   acts complained of were performed at the direction of Government officers acting pursuant to
Government authorization, and if the Government had performed these acts directly, it would be

27   immune from suit.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

MDC'S MOTION TO STAY ACTION

1   On March 8, 2007, as it routinely does in response to Rule 7.5(e) notifications, the JPML

2   filed a Conditional Transfer Order ("CTO") transferring the case to MDL 875. (See CTO attached

3   to the Declaration of Amy M. Gantvoort as Exhibit A.)  If one or more parties opposes the

4   transfer, the JPML will, after briefing by all interested parties, determine whether the case is

5   appropriate for transfer and consolidation pursuant to 28 U.S.C. § 1407.  Any Notice of

6   Opposition to the transfer is due on or before March 23, 2007.  As of the filing of this Motion,

7   Plaintiffs had not, to MDC's knowledge, filed any Notice of Opposition.  Until the transfer issue is

8   decided, MDC submits that a stay of proceedings in this Court, including a stay of the ruling on

9   Plaintiffs' motion to remand, would promote judicial efficiency, consistency in pretrial rulings and

10  convenience to the parties.

11  **III.   ARGUMENT**

12   The Court should stay this action pending its anticipated transfer to MDL 875.  A district

13  court has the inherent power to stay proceedings before it.  Rivers v. Walt Disney Co., 980 F.

14  Supp. 1358, 1360 (C.D. Cal. 1997).  This power to stay "is incidental to the power inherent in

15  every court to control the disposition of the causes on its docket with economy of time and effort

16  for itself, for counsel, and for litigants."  Id. (citing Landis v. North American Co., 299 U.S. 248,

17  254, 57 S. Ct. 163, 166, 81 L.Ed. 153 (1936)).

18   In addition, the JPML has held that a district court has the authority to wait for a transfer

19  order without ruling on a motion to remand.  In re Asbestos Products Liability Litigation, 170 F.

20  Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts wishing to address [motions to remand]

21  have adequate time in which to do so, those courts concluding that such issues should be

22  addressed by the transferee judge *need not rule on them*, and the process of 1407 transfer in MDL-

23  875 can continue without any unnecessary interruption or delay.") (emphasis added.)  The

24  following three factors should be considered in determining whether a stay is appropriate: (1)

25  judicial efficiencies in avoiding duplicative litigation; (2) potential prejudice to the party seeking

26  the stay; and (3) hardship to other party if the action is not stayed.  Rivers, 980 F. Supp. at 1360.

27   A majority of courts have concluded that it is often appropriate to stay preliminary

28  proceedings while a motion to transfer and consolidate is pending before the JPML because a stay

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

MDC'S MOTION TO STAY ACTION

1   provides for consistent treatment of similar issues and will reduce the burden on the Court. Id. at

2   1362; see also Moore v. Wyeth-Ayerst Laboratories, 236 F. Supp. 2d 509, 511 (D. Md. 2002)

3   (stay of consideration of motion to remand warranted pending transfer to MDL); Knearem v.

4   Bayer Corp., 2002 U.S. Dist. LEXIS 9523, at *3-*4 (D. Kan. May 7, 2002) (staying action

5   pending transfer to MDL because it would allow the transferee judge to deal with common issues

6   raised by remand motion); Jackson v. Johnson & Johnson, 2001 U.S. Dist. LEXIS 22329, at *17

7   (W.D. Tenn. April 2, 2001) ("[t]he general rule is for federal courts to defer ruling on pending

8   motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL

9   panel."). In fact, MDC recently removed another case involving military aircraft on "federal

10  officer" grounds to the Northern District of California. Wiggins v. Asbestos Defendants, N.D.

11  Cal. Case Number C07-01322 CW. The Wiggins Court promptly issued an Order temporarily

12  staying the action pending a decision by the JPML regarding the transfer of the case to MDL 875.

13  (See Order Temporarily Staying Action, filed on March 12, 2007, attached to the Declaration of

14  Amy M. Gantvoort as Exhibit B.) Likewise here, it is appropriate to stay the proceedings pending

15  its anticipated transfer to the MDL Court. Each of the above factors favors a stay of all further

16  proceedings, as explained below.

17      **A.**     **A Stay Will Promote Judicial Economy**

18        A stay of this action pending resolution of the transfer issue by the JPML clearly would

19  promote judicial economy and efficiency. Plaintiffs' motion to remand, which involves extensive

20  briefing by the parties, is pending before this Court. Additionally, there are several upcoming

21  deadlines in this case, including the Joint Case Management Statement due on May 4, 2007 and

22  the Case Management Conference on May 11, 2007. If this Court does not stay the action pending

23  a ruling on the transfer of this matter to MDL 875, and instead, rules on the remand motion and

24  requires the parties to comply with the current deadlines, this Court would have "needlessly

25  expended its energies familiarizing itself with the intricacies of a case that would be heard by

26  another judge," in the event the action is, as anticipated, transferred to the MDL proceedings.

27  Rivers, 980 F. Supp. at 1360. In other words, if this case is transferred, this Court will have

28  unnecessarily expended enormous efforts addressing Plaintiffs' challenge of "federal officer"

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1   removal jurisdiction and MDC's government contractor defense.

2   Furthermore, if the case is not stayed pending transfer, it would continue to proceed with

3   discovery, etc., as required by the Northern District Local Rules, and this Court would have to

4   devote valuable resources to management of a case which, ultimately, is highly likely to be

5   transferred to MDL 875 for the very purpose of conducting such pre-trial proceedings on a

6   coordinated basis with other similar actions. Courts have routinely recognized and sought to avoid

7   such a waste of judicial resources and inefficiency by staying actions under circumstances similar

8   to the instant case. See Weinke v. Microsoft Corp., 84 F. Supp. 2d 989, 990 (E.D. Wisc. 2000);

9   American Seafood v. Magnolia Processing, Inc., 1992 U.S. Dist. LEXIS 7374, at *4-*7 (E.D. Pa.

10  May 8, 1992); Portnoy v. Zenith Laboratories, 1987 U.S. Dist. LEXIS 16134, at *1-*3 (D. D.C.

11  April 21, 1987).

12  Furthermore, and perhaps most important, judicial economy concerns compel the

13  imposition of a stay where common legal issues are likely to be considered in other actions before

14  the MDL court. See Shields v. Bridgestone/Firestone, Inc., 232 F. Supp. 2d 715, 718 (E.D. Tex.

15  2002). Under such circumstances, there is an undesirable risk of inconsistent decisions by

16  potential transferor district courts absent a stay of proceedings in those courts. See In re Ivy, 901

17  F.2d 7, 9 (2d Cir. 1990) (finding that transferor court should not hear motion because the issue

18  was easily capable of arising in cases from other transferor district courts and, "consistency as well

19  as economy is thus served [if] the ...objections...[are] heard and resolved by a single court.");

20  Boudreaux v. Metropolitan Life Ins. Co., 1995 U.S. Dist. LEXIS 2656, at *3-*5 (E.D. La. Feb. 24,

21  1995) (granting stay of asbestos-related proceedings to prevent litigation of issue in multiple

22  district courts and eliminate possibility of conflicting results). Indeed, the JPML has repeatedly

23  urged that the MDL courts hear jurisdictional motions in order to promote consistent rulings and

24  judicial efficiency. See In re Federal Elec. Campaign Act. Litig., 511 F. Supp. 821, 824 (J.P.M.L.

25  1979) (finding transfer to MDL would permit a single judge to consider motions and thus would

26  promote judicial economy and avoid inconsistent adjudications regarding the issue); In re Air

27  Crash Disaster at Florida Everglades on Dec. 29, 1972, 368 F. Supp. 812, 813 (J.P.M.L. 1973)

28  (refusing to delay transfer decision to permit transferor court to rule on plaintiff's motion because

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1    the MDL transferee court has the power to consider remand issue and consolidation in MDL court

2    would eliminate the possibility of conflicting rulings).  In fact, in MDL 875 Administrative Order

3    No. 11, entered on August 15, 2006, the Honorable James Giles issued an order providing for the

4    MDL Court to take further control over pending motions.  Administrative Order No. 11 provides,

5    in part:

6    　　　All motions pending in MDL 875 which are neither granted nor denied as of the

7    　　　date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the

8    　　　Transferee Court shall be deemed denied _without prejudice_ with all time

9    　　　requirements held in abeyance from the initial date of filing.  Counsel may refile

10   　　　any unresolved motions for further transferee court action.

11   Clearly, the MDL Court has indicated in interest in ruling on motions pending at the time of the

12   transfer of a case.

13   　　　Numerous cases involving the identical issue here, namely asbestos incorporated into

14   military equipment under the Government's direction, have been removed pursuant to Section

15   1442(a) on "federal officer" grounds.  There are numerous military contractors being sued by

16   asbestos plaintiffs in a multitude of jurisdictions throughout the country for their use of

17   Government-approved and mandated asbestos components in military equipment, against which

18   claims such contractors, like MDC, are immune from liability pursuant to the "government

19   contractor" defense as stated in Boyle v. United Technologies, Inc., 487 U.S. 500 (1988) and its

20   progeny, including Niemann v. McDonnell Douglas Corp., 721 F.Supp. 1019 (S.D. Ill. 1989) (in

21   which MDC obtained a grant of summary judgment under Boyle against asbestos claims regarding

22   the manufacture of military aircraft).  Permitting the MDL Court to address such issues,

23   particularly jurisdictional issues, in numerous cases involving similar claims and common factual

24   circumstances obviously would promote consistent and predictable results.

25   　　　The court in Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1048-1049 (E. D. Wis. 2001),

26   addressed the issues raised here by developing a three-step approach when faced with

27   simultaneous motions to remand a case and to stay pending MDL transfer.  First, the court should

28   give preliminary scrutiny to the merits of the motion to remand.  If the preliminary assessment

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1  suggests that removal was largely improper, the court should consider the motion to remand to the

2  state court.  Second, if the jurisdiction issue appears factually or legally difficult, the court should

3  determine whether identical or similar jurisdictional issues have been raised in other cases that

4  have been or may be transferred to the MDL proceedings.  Third, if the jurisdictional issue is both

5  difficult and similar to those in cases transferred or likely to be transferred, the court should stay

6  the action.  Id.

7         Here, a brief consideration of MDC's Notice of Removal demonstrates that MDC's

8  removal of this action was well-founded.  MDC timely removed the action upon first discovery of

9  Plaintiffs' claims against MDC based on Decedent's purported exposure to asbestos in MDC's

10  military aircraft.  MDC acted under the direction and control of a federal officer when it built the

11  military aircraft at issue here, including the installation of asbestos-containing components in the

12  aircraft.  There is a causal connection between Plaintiffs' claims and MDC's alleged conduct

13  under the direction of federal officers.  Additionally, MDC has asserted two separate colorable

14  federal defenses, namely the government contractor defense under Boyle v. United Technologies

15  Corp., 487 U.S. 500 (1988), and derivative sovereign immunity under Yearsley v. W.A. Ross

16  Construction Co., 308 U.S. 18 (1940), to Plaintiffs' claims.

17         As discussed above, similar jurisdictional issues are before MDL 875 involving military

18  contractors being sued by asbestos plaintiffs for their use of Government-approved and mandated

19  asbestos components in military equipment.  Given that MDC has made at least a showing of

20  federal jurisdiction on numerous factual grounds in its Notice of Removal, which will be further

21  supported by MDC's Opposition to Plaintiffs' Motion for Remand, and because these issues are

22  commonly found in numerous asbestos actions before MDL 875, this Court should grant a

23  temporary stay without committing its limited resources to consideration of the remand motion at

24  this time.  Meyers, 143 F. Supp. 2d at 1048-49.

25         Accordingly, judicial economy considerations strongly favor maintaining a stay pending a

26  ruling on transfer of this action to MDL 875.

27     **B.    Plaintiffs Will Not Be Prejudiced By A Temporary Stay**

28         Plaintiffs will not be prejudiced by a stay in this case.  See American Seafood, 1992 U.S.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

MDC'S MOTION TO STAY ACTION

1   Dist. LEXIS 7374 at *5 (granting motion to stay pending ruling by JPML and noting that plaintiffs

2   would not be substantially prejudiced by temporary stay). Some asbestos cases may require a

3   degree of urgency because the plaintiff is in the late stages of an allegedly fatal asbestos-related

4   disease. See, e.g., Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1076 (3rd Cir. 1983) ("we

5   cannot ignore the fact that plaintiffs and crucial witnesses are dying"). This is not the case here.

6   Rather, this is a wrongful death action. Plaintiffs will invariably have their day in court and, at

7   worst, will be slightly inconvenienced by a temporary stay pending resolution of the transfer issue.

8       Even assuming, arguendo, that somehow Plaintiffs would be prejudiced by a temporary

9   stay, any such prejudice would be extremely slight and, in any event, far outweighed by judicial

10   economy and efficiency considerations. Courts have granted stays even under circumstances

11   where prejudicial delay would arise because judicial economy considerations are afforded greater

12   weight. Rivers, 980 F. Supp. at 1362, n5 ("Even if a temporary stay could be characterized as a

13   delay that would be prejudicial to [Plaintiffs], there are still considerations of judicial economy

14   that outweigh any prejudice to [Plaintiffs]."). Upon the JPML's ruling on transfer of this action,

15   the matter will immediately thereafter proceed – either in this Court (if there is no transfer) or in

16   the MDL Court (if a transfer is ordered). Under these circumstances, courts have held that the

17   benefits of a temporary stay minimize and outweigh any potential prejudice to the plaintiffs. See

18   Weinke, 84 F. Supp.2d at 990 (rejecting plaintiff's argument that a temporary stay pending

19   resolution of transfer issue would result in a "prolonged" delay and holding that cursory assertions

20   of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of

21   venues).

22     **C.**    **MDC And Other Defendants Will Be Prejudiced If Proceedings Are Not**

23             **Stayed And The Action Is Later Transferred To The MDL.**

24       By contrast, MDC and the other defendants will be substantially prejudiced if the Court

25   does not impose a stay of the action. A temporary stay will save the parties from incurring

26   litigation expenses that might be avoided. The parties would not have to engage in potentially

27   duplicative pretrial proceedings in this Court and the MDL Court. A stay until transfer of the

28   action to the MDL Court also would permit MDC and the other defendants to coordinate their

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1   other pending federal court asbestos litigation matters – which was the primary reason why the

2   MDL proceedings were established in the first place.  The law favors coordination of related cases

3   in order to eliminate the risk that parties will have to engage in duplicative pre-trial tasks.

4   Portnoy, 1987 U.S. Dist. LEXIS 16134 at *2.  Such duplicative pretrial activity is exactly what the

5   MDL docket was designed to prevent.

6   **IV.**    **CONCLUSION**

7        MDC respectfully submits that the Court should order a temporary stay of this action

8   pending a ruling from the JPML regarding transfer of this action to MDL 875.

9           Respectfully submitted,

10

11   Dated:  March 23, 2007         **BRYAN CAVE LLP**
                          ROBERT E. BOONE III

12                          AMY M. GANTVOORT

13

14                  By:      /s/Amy M. Gantvoort
                          Amy M. Gantvoort

15                  Attorneys for Defendant
                    McDONNELL DOUGLAS CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1   **BRYAN CAVE LLP**
Robert E. Boone III (State Bar No. 132780)
2   Amy M. Gantvoort (State Bar No. 227294)
120 Broadway, Suite 300
3   Santa Monica, California 90401-2386
Telephone: (310) 576-2100
4   Facsimile:  (310) 576-2200
E-mail: reboone@bryancave.com
5          amy.gantvoort@bryancave.com

6   Attorneys For Defendant
McDONNELL DOUGLAS CORPORATION

7

8

9         **UNITED STATES DISTRICT COURT**

10       **NORTHERN DISTRICT OF CALIFORNIA**

11

| 12  GERALDINE BURTON, individually and as personal representative to the estate of HAROLD BURTON, decedent; BLAINE BURTON, MARK BURTON and DOES ONE through TEN, inclusive, | Case No. CV 07-0702 SI |
|---|---|
| | Related Cases:  3:07-0703 SI |
| |               3:07-0712 SI |
| Plaintiffs, | **DECLARATION OF AMY M. GANTVOORT IN SUPPORT OF DEFENDANT McDONNELL DOUGLAS CORPORATION'S MOTION FOR A TEMPORARY STAY OF THE ACTION PENDING ITS TRANSFER TO MULTI-DISTRICT LITIGATION NO. 875 IN RE ASBESTOS PRODUCT LIABILITY LITIGATION** |
| vs. | |
| A.W. CHESTERTON COMPANY, et al., | |
| Defendants. | [Filed concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities; and [Proposed] Order] |
| | Date:     April 27, 2007 |
| | Time:    9:00 a.m. |
| | Dept.:   Courtroom 10, 19th Floor |
| |             San Francisco, California |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

## DECLARATION OF AMY M. GANTVOORT

I, Amy M. Gantvoort, hereby declare as follows:

1.       I am an attorney duly licensed to practice law before the Courts of the State of California and the United States District Court for the Northern District of California. I am an associate at Bryan Cave LLP, counsel of record for defendant McDonnell Douglas Corporation ("MDC"). I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the following facts.

2.       Attached hereto as Exhibit A is a true and correct copy of the Conditional Transfer Order, filed on March 8, 2007, by the Judicial Panel on Multidistrict Litigation, transferring the above-captioned action to Multidistrict Litigation No. 875 In re Asbestos Product Liability Litigation.

3.       Attached hereto as Exhibit B is a true and correct copy of the Court's Order Temporarily Staying Action, filed on March 12, 2007, in Wiggins v. Asbestos Defendants, N.D. Cal. Case Number C07-01322 CW.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of March 2007 at Santa Monica, California.


          /s/ Amy M. Gantvoort
          Amy M. Gantvoort

1  **BRYAN CAVE LLP**
   Robert E. Boone III (State Bar No. 132780)
2  Amy M. Gantvoort (State Bar No. 227294)
   120 Broadway, Suite 300
3  Santa Monica, California 90401-2386
   Telephone: (310) 576-2100
4  Facsimile:   (310) 576-2200
   E-mail:  reboone@bryancave.com
5             amy.gantvoort@bryancave.com

6  Attorneys For Defendant
   McDONNELL DOUGLAS CORPORATION

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11 GERALDINE BURTON, individually and as      Case No. C 07-0702 SI
   personal representative to the estate of
12 HAROLD BURTON, decedent; BLAINE            Related Cases:   3:07-0703
   BURTON, MARK BURTON and DOES ONE                            3:07-0712
13 through TEN, inclusive,
                                               CERTIFICATE OF SERVICE
14            Plaintiffs,

15       vs.                                    [State Court Case No. CGC-04-435672
                                               (Consolidated with Case No. CGC-05-440227)]
16 A.W. CHESTERTON COMPANY,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401.

On March 23, 2007, I served the following documents, enclosed in a sealed envelope, described as:

| 1 | DEFENDANT McDONNELL DOUGLAS CORPORATION'S NOTICE OF MOTION AND MOTION FOR A TEMPORARY STAY OF THE ACTION PENDING ITS TRANSFER TO MULTI-DISTRICT LITIGATION NO. 875 IN RE ASBESTOS PRODUCT LIABILITY LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| --- | --- |
| 2 | DECLARATION OF AMY M. GANTVOORT IN SUPPORT OF DEFENDANT McDONNELL DOUGLAS CORPORATION'S NOTICE OF MOTION AND MOTION FOR A TEMPORARY STAY OF THE ACTION PENDING ITS TRANSFER TO MULTI-DISTRICT LITIGATION NO. 875 IN RE ASBESTOS PRODUCT LIABILITY LITIGATION |
| 3 | [PROPOSED] ORDER TEMPORARILY STAYING ACTION PENDING ITS TRANSFER TO MULTI-DISTRICT LITIGATION NO. 875 IN RE ASBESTOS PRODUCT LIABILITY LITIGATION |

on each interested party in this action, as follows:

SEE ATTACHED SERVICE LIST

☒　　(BY U.S. MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒　　(FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 23, 2007, at Santa Monica, California. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

/s/ June Smith
June Smith

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| | |
|---|---|
| CROSBY & ROWELL, LLP<br>THE AMERICAN BAG BUILDING<br>299 THIRD STREET, SECOND FLOOR<br>OAKLAND, CA 94607 | GOULDS PUMPS, INC |
| DRINKER BIDDLE & REATH LLP<br>50 FREMONT STREET, 20TH FLOOR<br>SAN FRANCISCO, CA 94105 | PCC FLOW TECHNOLOGIES L.P.<br>PCC FLOW TECHNOLOGIES L.P. SUCCESSOR<br>BY MERER TO |
| F0LEY & MANSFIED PLLP<br>1333 NORTH CALIFORNIA BLVD.,<br>SUITE 690<br>WALNUT, CREEK, CA 94596 | RED-WHITE VALVE CORPORATION |
| GLASPY & GLASPY<br>100 PRINGLE AVENUE, STE. 750<br>WALNUT CREEK, CA 94596 | GARLOCK SEALING TECHNOLOGIES, LLC |
| HASSARD BONNINGTON LLP<br>TWO EMBARCADERO CTR., # 1800<br>SAN FRANCISCO, CA 94111 | KAISER GYPSUM COMPANY, INC. |
| JACKSON & WALLACE<br>55 FRANCISCO STREET, 6TH FLOOR<br>SAN FRANCISCO, CA 94133 | KAISER GYPSUM COMPANY, INC.<br>TYCOM INTEGRATED CABLE SYSTEMS, INC. |
| JACKSON & WALLACE LLP<br>55 FRANCISCO ST. 6TH FLOOR<br>SAN FRANCISCO, CA 94133 | BUFFALO PUMPS, INC.<br>PCC FLOW TECHNOLOGIES L.P. SUCCESSOR<br>BY MERER TO<br>PRECISION CASTPARTS CORPORATION<br>VIKING PUMP, INC. |
| MENDES & MOUNT, LLP<br>445 S. FIGUEROA ST, 38TH FLR<br>LOS ANGELES, CA 90071 | CURTISS-WRIGHT CORPORATION |
| MORGAN, LEWIS & BOCKIUS LLP<br>SPEAR STREET TOWER<br>ONE MARKET STREET<br>SAN FRANCISCO, CA 94105 | GRINNELL CORPORATION |
| BO KIM, ESQ.<br>PERKINS COIE LLP<br>1620 26TH STREET<br>SOUTH TOWER, SIXTH FLOOR<br>SANTA MONICA, CA 90404 | THE BOEING COMPANY |
| PERKINS COIE LLP<br>180 TOWNSEND STREET, 3RD FLOOR<br>SAN FRANCISCO, CA 94107 | GEORGIA-PACIFIC CORPORATION<br>HONEYWELL INTERNATIONAL, INC. |

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| | |
|---|---|
| ROPERS, MAJESKI, KOHN & BENTLEY<br>515 SOUTH FLOWER STREET<br>SUITE 2100<br>LOS ANGELES, CA 90071 | GRINNELL CORPORATION |
| SEDGWICK DETERT MORAN & ARNOLD<br>ONE MARKET PLAZA, 8TH FLOOR<br>SAN FRANCISCO, CA 94105-1420 | ARMSTRONG INTERNATIONAL, INC. ;<br>GENERAL ELECTRIC |
| SELMAN BREITMAN LLP<br>33 NEW MONTGOMERY ST<br>SIXTH FLOOR<br>SAN FRANCISCO, CA 94105 | DOUGLASS INSULATION COMPANY, INC. |
| STEVENS DRUMMOND & GIFFORD<br>1910 OLYMPIC BLVD #250<br>WALNUT CREEK, CA 94596 | COOPER INDUSTRIES, INC. |
| TOWLE DENISON SMITH & TAVERA LLP<br>10866 WILSHIRE BLVD<br>SUITE 500<br>LOS ANGELES, CA 90024 | PARKER HANNIFIN CORPORATION<br>STANDARD MOTOR PRODUCTS |
| TUCKER ELLIS & WEST LLP<br>1000 WILSHIRE BLVD.<br>SUITE 1800<br>LOS ANGELES, CA 90017-2475 | UNITED TECHNOLOGIES CORPORATION |
| LILLIAN MA, ESQ.<br>TUCKER ELLIS & WEST LLP<br>ONE MARKET STREET,<br>STEUART TOWER, SUITE 1300<br>SAN FRANCISCO, CA 94105 | PRATT & WHITNEY |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# Exhibit D

## to Motion to Vacate CTO
### (Plaintiffs' Opposition to Defendant's Motion to Stay Remand)

1  JEFFREY A. KAISER, ESQ., [SBN 160594]
   JESSICA N. BIERNIER, ESQ., [SBN 239831]
2  **LEVIN SIMES KAISER & GORNICK, LLP**
3  44 Montgomery Street, 36th Floor
   San Francisco, CA  94104
4  Telephone:  (415) 646-7160
   Fax:  (415) 981-1270
5
6  Attorneys for Plaintiffs

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 GERALDINE BURTON, individually and as        ) Case No. C07-0702 SI
   Personal Representative to the Estate of     )
12 HAROLD BURTON, decedent; BLAINE              ) Related Cases:      3:07-0703 SI
13 BURTON, and MARK BURTON,                     )                     3:07-0712 SI
                                                )
14                Plaintiffs,                   ) **OPPOSITION TO MOTION TO STAY**
                                                )
15                                              )
                                                )
16                                              )  Date:       April 6, 2007
         vs.                                    )  Time:       9:00 a.m.
17                                              )  Courtroom:  Courtroom 10, 19th Floor
                                                )              San Francisco, California
18                                              )
19                                              )  The Honorable Susan Illston
   A.W. CHESTERTON COMPANY, et. al.,            )
20                                              )
                                                )
21                Defendants.                   )

22

23

24

25

26

27

28

1

2

## I.     INTRODUCTION

McDonnell Douglas (hereinafter "MDC") brings this motion for stay pending transfer of the case to the Multidistrict Litigation No. 875 In Re Asbestos Product Liability Litigation ("MDL 875") following its meritless removal of the action on federal officer grounds.  The action is not properly maintained in MDL 875, in this court, or in any other federal court.  As set forth in Plaintiffs' March 7, 2007 Motion for Remand, Plaintiffs clearly state a cause of action against MDC.  Before it even reaches defendant's motion for stay, the Court must first consider and grant plaintiffs' remand motion.

This case was set for trial in Superior Court on February 26, 2006, but less than one month before trial – and over two years after the original complaint was filed – MDC removed the case to this Court on the same day, each claiming that they had just learned Plaintiffs were alleging that Mr. Burton was exposed to equipment they supplied to the U.S. Military.  Prior to filing the removal, one of the Defendants offered Plaintiffs' counsel a "deal" not to remove the case in exchange for evidentiary concessions on a summary judgment motion.

The Defendants' time for removing this case based on Federal Officer jurisdiction expired no later than 30 days after Plaintiffs served their first set of discovery responses in 2004.  The removal two years later is simply a tactical move by the Defendants to avoid trial.  As such, Plaintiffs filed a Motion for Remand, respectfully requesting that the case be remanded to state court with appropriate sanctions.

## II.     PROCEDURAL POSTURE

Harold Burton was diagnosed with mesothelioma in June 2004.  On October 21, 2004, Mr. Burton and his wife filed a complaint for personal injury and loss of consortium in San Francisco Superior Court.  As required by the San Francisco Superior Court Asbestos General Orders, Plaintiffs attached a Preliminary Fact Sheet to the Complaint.

On November 9, 2004 Plaintiffs served on the Defendants detailed standard interrogatory responses required by the local rules.  In the responses, Plaintiffs more fully explained their allegations regarding Mr. Burton's asbestos exposure as a military aircraft mechanic.  Specifically, Plaintiffs alleged that Mr. Burton was exposed during World War II while working on Pratt-Whitney engines on

1   B-17 bombers and at a McDonnell Douglas training facility during his service in the Army Air Corp.

2   At that time, both Boeing and MDC manufactured the B-17 for the military.

3       On December 22, 2004, Plaintiffs filed a motion for a preferential trial date based on Mr.

4   Burton's terminal condition.  MDC opposed Plaintiffs' Motion, stating that MDC required "adequate

5   time to investigate Plaintiffs' claims, of purported work on or around MDC aircraft and on MDC

6   premises."  However, for nearly two years MDC made no effort to conduct any investigation of

7   Plaintiffs' claims, nor did Boeing and UTC.  Mr. Burton died of mesothelioma on New Year's Eve

8   before the motion could be heard.

9       Mr. Burton's heirs subsequently filed a wrongful death action on April 8, 2005, which also

10  contained a Fact Sheet detailing Mr. Burton's alleged asbestos exposure.  On May 18, 2005 Plaintiffs

11  filed responses to the wrongful death standard asbestos interrogatories in which they repeated the

12  exposure allegations from the previously served discovery.

13      On March 17, 2006 Plaintiffs served the second set of standard discovery responses required

14  by the General Orders.  In all discovery responses the only allegations Plaintiffs made about Mr.

15  Burton's exposure to asbestos from aviation products was during his service in the Army Air Corps.

16      After further discovery, including depositions of all the heirs, on June 26, 2006, Plaintiffs were

17  assigned a trial date of February 26, 2007.  On November 8, 2006, Boeing filed a motion for summary

18  judgment.  In its Motion, Boeing states that "Plaintiffs are alleging that Decedent was exposed to

19  asbestos from a Boeing aircraft during his service in the U.S. Army Air Force."  Boeing goes on to

20  concede that one of Mr. Burton's service mates identified the Boeing B-17 bomber, but argued that

21  there was no evidence that Mr. Burton maintained the plane.

22      On the same day, MDC, which is now part of the Boeing family, also filed a motion for

23  summary judgment.  In its Motion, MDC acknowledged that the claims against it were based on Mr.

24  Burton's service in the Army Air Corps as an aviation mechanic, but argued that Plaintiffs could not

25  prove asbestos exposure.

26      On January 16, 2007 Plaintiffs filed opposition to the summary judgment motions and included

27  the Declaration of James R. Tukesbrey, who served with Mr. Burton in the Air Corps.  Mr. Tukesbrey

28  confirmed that Mr. Burton serviced B-17s as well as DC-3s, DB-7s and B-25s.

1    On February 2, 2007, before the summary judgments were heard, Defendants removed the case

2 to this Court claiming that they learned, for the first time, no later than January 16, 2007 from the

3 Tukesbrey declaration and his subsequent deposition, that Plaintiffs were claiming that Mr. Burton

4 was exposed to asbestos from his work on equipment supplied to the military by the Defendants.

5    On March 2, 2007, Plaintiffs filed a Motion for Remand, the hearing is set for May 4, 2007.

6 On March 23, 2007, Plaintiffs filed a notice of objection and opposition to conditional transfer order.

7 On the same day, MDC filed its Notice of Motion and Motion for a Temporary Stay.

8                    **III.    LEGAL ANALYSIS**

9       Courts in the Northern District of California have adopted a three-step methodology for

10 addressing competing motions for remand and stay:   First, the court should give preliminary scrutiny

11 to the motion to remand, promptly completing its consideration and remanding the case if removal was

12 improper.  Second, if the jurisdictional issue appears factually or legally difficult, the court should

13 determine whether identical or similar jurisdictional issues have been raised in other cases that have

14 been or may be transferred to the MDL.  Finally, and only if the second inquiry is reached and

15 answered affirmatively, the court should consider staying the action, weighing the following factors: a)

16 interests of judicial economy; b) hardship and inequity to the moving party if the action is not stayed;

17 c) potential prejudice to the non-moving party.

18       See *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004);

19 *Strong v. Merck & Co.*, 2005 U.S. Dist. LEXIS 2413, at 7 (N.D. Cal. 2005); *Edsall v. Merck & Co.*,

20 2005 U.S. Dist. LEXIS 42408, at 8 (N.D. Cal. 2005).

21            **A.  MDC'S REMOVAL WAS IMPROPER AND PLAINTIFFS' CASE**

22                 **SHOULD BE REMANDED.**

23       Under the first prong of the test outlined in *Conroy*, the court should give preliminary scrutiny

24 to the merits of the motion to remand. If this preliminary assessment suggests that removal was

25 improper, the court should promptly complete its consideration and remand the case to state court.

26 *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049

27       MDC cannot overcome the first prong.  As laid out in Plaintiffs' Motion for Remand, MDC's

28 removal was improper.  This case was set for trial in Superior Court on February 26, 2006, but less

1   than one month before trial – and over two years after the original complaint was filed – the three

2   Defendants removed the case to this Court on the same day, each claiming that they had just learned

3   Plaintiffs were alleging that Mr. Burton was exposed to equipment they supplied to the U.S. Military.

4   Prior to filing the removal, one of the Defendants offered Plaintiffs' counsel a "deal" not to remove the

5   case in exchange for evidentiary concessions on a summary judgment motion.

6          The Defendants' time for removing this case based on Federal Officer Jurisdiction expired no

7   later than 30 days after Plaintiffs served their first set of discovery responses in 2004.  The removal

8   two years later is simply a tactical move by the Defendants to avoid trial.

9                    **B.  THE JURISDICTIONAL ISSUE IS FACTUALLY AND LEGALLY**

10                         **UNIQUE AND THUS TRANSFER TO THE MDL IMPROPER**

11          Under the second prong, if the jurisdictional issue appears factually or legally difficult, the

12   court should determine whether identical or similar jurisdictional issues have been raised in other cases

13   that have been or may be transferred to the MDL.

14          As detailed above, Defendants' removal on federal officer grounds is plainly untimely, and the

15   Court need not evaluate this theory of jurisdiction on its merits.  If the Court does reach the merits,

16   however, there are multiple reasons why the federal officer statute does not afford jurisdiction in this

17   case.  The threshold jurisdictional issue is whether, under current California law, MDC was acting

18   under the direction of a federal officer.  Further, even if MDC could present evidence to show that the

19   government specified its use of asbestos-containing products, it is not relieved from its duty, under

20   California negligence law, to warn of the hazards of toxic substances such as asbestos.  Put another

21   way, the fact that the government generally specified the use of asbestos products on certain aircraft

22   and related components does not relieve MDC of its obligations to implement safe work practices and

23   to warn individuals about known or knowable hazards.  Thus, these actions bear no similarity to any

24   issue in any other case which has been or may be transferred to the MDL.

25                    **C.  A STAY WILL NOT PROMOTE JUDICIAL ECONOMY**

26          Under the third prong, only if the second inquiry is reached and answered affirmatively, the

27   court should consider staying the action, weighing the following factors: a) interests of judicial

28   economy; b) hardship and inequity to the moving party if the action is not stayed; c) potential

---

1    prejudice to the non-moving party.

2    A stay pending transfer would create judicial waste and extreme prejudice to the plaintiffs.

3    Plaintiffs filed their case in Superior Court over two years ago; it was set for trial on February 26,

4    2007.  In fact, a stay would be judicially inefficient.  This Court is readily familiar with federal law,

5    Ninth Circuit law, and California law, the laws applicable to Plaintiff's motion and Complaint.  MDC

6    argues that there are several upcoming deadlines in this case, including a CMC statement and briefing

7    on the Remand.  However, the hearing on the stay is the same day as the hearing on the remand, thus

8    the parties will have already fully briefed the issue of remand. Thus, staying the motion will not save

9    either party any time. Finally, is in the interest of judicial economy to decide issues of jurisdiction as

10   early in the litigation process as possible.  If federal jurisdiction does not exist, the case can be

11   remanded before federal resources are further expended.  Judicial economy dictates a present ruling on

12   the remand issue.

13   Defendant asserts that "remand motions are routinely deferred to transferee courts." In support

14   of its position, Defendant first cites *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal.

15   1997). In *Rivers*, however, the district court held that a stay was appropriate in part because no

16   jurisdictional questions were at issue. Id., at 1361-62. Indeed, motions to remand are often heard by a

17   district court despite the fact that a relevant MDL Transferor Court has already been created. *Fung v.*

18   *Abex Corp.*, 816 F. Supp. at 573.  In the instant case, it would not serve the interests of judicial

19   economy to notify the JPML of an action that is not properly before the federal courts. *Baker v.*

20   *Asbestos Defendants* (B P), 2004 U.S. Dist. LEXIS 20152.  As discussed in detail above, MDC has

21   clearly failed to demonstrate that removal was appropriate under 28 U.S.C. § 1442.  Staying

22   proceedings will only result in further unnecessary delay.

23   **D. A STAY WILL SEVERELY PREJUDICE PLAINTIFFS**

24   MDC claims that since this case is merely a wrongful death case, Plaintiffs will not be

25   prejudiced by granting a stay.  However, Plaintiffs will suffer great prejudice if the MDC continues to

26   delay this action.  Harold Burton was diagnosed with mesothelioma in June 2004; he died December

27   31, 2004.  Plaintiffs have been actively litigating this case in Superior Court for over two years.  The

28   decedent's widow, Geraldine Burton, is approaching 82 years old and is in poor health.

1     Defendants have known since Plaintiffs personal injury complaint, filed in October 2004 that

2 the claims against them were based on Mr. Burton's exposure to asbestos while working as an aircraft

3 mechanic while he was in the Army Air Corps.   That was the only aviation claim alleged.  The trigger

4 for the 30 day deadline for removing cases is not when the defendants realized that a plaintiff could

5 prove a claim, it begins when the defendant is reasonably on notice that a claim is being made.  Here,

6 the removing Defendants are at least two years too late.

7                 **IV.**    **CONCLUSION**

8     Staying the proceeding will further delay a case that MDC has improperly attempted to derail

9 for far too long.  MDC sat on its rights for over two years and only removed this case as a litigation

10 strategy to avoid trial.  Even then, the MDC failed to establish a proper basis for federal jurisdiction.

11 As such, the case should be immediately remanded to the state court so the long awaited trial can

12 proceed.

13

14

15

16 Dated:  March 2, 2007                   LEVIN SIMES KAISER & GORNICK LLP

17

18                       By:_____/s/_____

19                            Jessica N. Biernier

20                            Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

1  JEFFREY A. KAISER, ESQ., [SBN 160594]
   JESSICA N. BIERNIER, ESQ., [SBN 239831]
2  **LEVIN SIMES KAISER & GORNICK, LLP**
3  44 Montgomery Street, 36th Floor
   San Francisco, CA  94104
4  Telephone:  (415) 646-7160
   Fax:  (415) 981-1270
5
6  Attorneys for Plaintiffs

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11 GERALDINE BURTON, individually and as       ) Case No. C07-0702 SI
   Personal Representative to the Estate of     )
12 HAROLD BURTON, decedent; BLAINE              ) Related Cases:    3:07-0703 SI
13 BURTON, and MARK BURTON,                     )                   3:07-0712 SI
                                                )
14              Plaintiffs,                     ) **DECLARATION OF JESSICA N.**
                                                ) **BIERNIER IN SUPPORT OF**
15                                              ) **OPPOSITION TO MOTION TO STAY**
16                                              )
17      vs.                                     ) Date:       April 6, 2007
                                                ) Time:       9:00 a.m.
18                                              ) Courtroom:  Courtroom 10, 19th Floor
19                                              )             San Francisco, California
20 A.W. CHESTERTON COMPANY, et. al.,            )
                                                ) The Honorable Susan Illston
21              Defendants.                     )

22

23

24

25

26

27

28

───────────────────────────────────────────────
DECLARATION OF BIERNIER IN SUPPORT OF OPPOSITION TO MOTION TO STAY C07-0702 SI

1    I, Jessica N. Biernier declare as follows:

2        1.      I am an attorney at law licensed to practice before this Court and associate with the

3    firm Levin Simes Kaiser & Gornick LLP, attorneys of record for plaintiffs herein.  I have personal

4    knowledge of the facts set forth below, and would competently testify thereto if called upon to do so.

5        2       Attached as Exhibit A is Plaintiffs Notice of Opposition to the Conditional Transfer

6    Order (CTO-275).

7        I declare under penalty of perjury according to the laws of the United States that the foregoing

8    is true and correct.

9

10

11   Dated:  April 5, 2007

12                                  _____/s/_____

13                                          Jessica N. Biernier

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF BIERNIER IN SUPPORT OF OPPOSITION TO MOTION TO STAY C07-0702 SI

# EXHIBIT A

## BEFORE THE JUDICIAL PANEL OF MULTI-DISTRICT LITIGATION

RE:    **MDL-875 – In re Asbestos Product Liability Litigation (No. VI)**

TO:    <u>**VIA FACSIMILE (202) 502- 2888**</u>
       **Jeffrey N. Lüthi**
       **Clerk of the Panel**
       **Judicial Panel on Multi District Litigation**
       **One Columbus Circle, N.E.**
       **Thurgood Marshall Federal Judiciary Building**
       **Room G-255, North Lobby**
       **Washington, DC 20002-8004**


<u>*Burton et al v. A.W. Chesterton Company et al*</u>
U.S. District Court Case Numbers:  C07 0702  SI, C07 0712  SI, C07 0703  SI


## <u>NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-275)</u>

        Plaintiffs, by and through undersigned counsel, hereby file their Notice of Opposition to the

Conditional Transfer Order dated March 8, 2007.

        On February 2, 2007 and February 6, 2007, The Boeing Company and McDonnell Douglas

Corporation requested that the Judicial Panel on Multi-District Litigation utilize its "tag along"

procedures to transfer Civil Action No. 3:07-cv-00702-SI to the MDL 875 proceedings before Judge

Giles of the Eastern District of Pennsylvania.   Plaintiffs oppose such requests as untimely and

improper. <u>Geraldine Burton et al v. A.W. Chesterton Co. et al</u> (San Francisco Superior Court Case No.

CGC-04-435672) has been pending in state court for over two years and was set for trial on February

26, 2007.  Defendants' removal is improper because more than thirty days has passed since each of

them were alerted to the availability of the federal officer defense.  Furthermore, Plaintiffs will

demonstrate that each of these defendants waived their right to remove this case through their voluntary acts, which constitute submission to jurisdiction in the Superior Court of California.

On March 2, 2007 Plaintiff's filed a Motion to Remand and Request for Costs (including attorneys' fees) for Improper Removal. Plaintiffs' motion is set for a hearing before Judge Susan Illston in the United States District Court for the Northern District on May 4, 2007. Transfer is therefore inappropriate because federal subject matter does not exist, it will not further the convenience of the parties and witnesses, and common issues do not predominate over individual issues of fact.

Respectfully submitted this 23rd day of March, 2007

Jessica N. Biernier
LEVIN SIMES KAISER & GORNICK, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: (415) 646-7160
Fax: (415) 981-1270

Attorneys for Plaintiffs

## BEFORE THE JUDICIAL PANEL OF MULTI-DISTRICT LITIGATION

**RE:**   **MDL-875 – In re Asbestos Product Liability Litigation (No. VI)**

**TO:**   **VIA US MAIL**
**Clerk of the Panel**
**Jeffrey N. Lüthi**
**Judicial Panel on Multi District Litigation**
**One Columbus Circle, N.E.**
**Thurgood Marshall Federal Judiciary Building**
**Room G-255, North Lobby**
**Washington, DC 20002-8004**

**_Burton et al v. A.W. Chesterton Company et al_**
U.S. District Court Case Numbers:  C07 0702  SI, C07 0712  SI, C07 0703  SI

### PROOF OF SERVICE

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 44 Montgomery Street, 36th Floor,  San Francisco, CA 94104; and that on the date last written, I served a true copy of the document(s) entitled:

NOTICE OF OPPOSITION TO CONDITIONAL
TRANSFER ORDER (CTO-275)

Service was effectuated by forwarding the above-noted document on all counsel on the attached Involved Counsel List (Excerpted from CTO-275) MDL 875 In Re Asbestos Product Liability Litigation, by regular United States mail, first class postage prepaid, on this 23rd day of March, 2007.

I declare under penalty of perjury, under the law of the State of California, that the foregoing is true and correct.

Executed on March 22, 2007, at San Francisco, California.

_Jessica N Biernier_

Jessica N. Biernier
Attorney for Plaintiffs

Page 1 of 12

## INVOLVED COUNSEL LIST (CTO-275)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard Damon Albert
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Saunders Aldridge
Hunter, MacLean, Exley & Dunn
P.O. Box 9848
200 East St. Julian Street
Savannah, GA 31412-0048

Kevin C. Alexandersen
Gallagher, Sharp, Fulton & Norman
7th Floor
Bulkley Bldg.
1501 Euclid Avenue
Cleveland, OH 44115

Michael S. Allred
Allred Law Firm
P.O. Box 3828
Jackson, MS 39207

Billy D. Anderson
Kent, Good, Anderson & Bush, P.C.
Woodgate I, Suite 200
1121 E.S.E. Loop 323
Tyler, TX 75701

Kay Andrews
Brown McCarroll
111 Congress Avenue
Suite 1400
Austin, TX 78701-4043

Kenneth M. Argentieri
Kirkpatrick & Lockhart Preston Gates
Ellis, LLP
1500 Oliver Building
Pittsburgh, PA 15222

L. John Argento
Dickie, McCamey & Chilcote
Two PPG Place
Ste. 400
Pittsburgh, PA 15222-5402

Curtis R. Bailey
Kurowski, Bailey & Shultz, LLC
24 Bronze Pointe
Swansea, IL 62226

Auter Earl Barney
517 Cherry Avenue
Jackson, AL 36545

Jeffrey A. Barnwell
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402

Gino F. Battisti
Foley & Mansfield, PLLP
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO 63110

Mark J. Becker
Hullverson Law Firm
1010 Market
Suite 1550
St. Louis, MO 63101

Mary Jo Bellew
Saul Ewing, LLP
Centre Square West
1500 Market Square
38th Floor
Philadelphia, PA 19102

Yvonne D. Bennett
Bunda, Stutz & DeWitt
Ste. 650
One Seagate
Toledo, OH 43604

Matthew Phineas Bergman
Bergman & Frockt
702 Second Avenue
Suite 1601
Seattle, WA 98104

Jeffrey Noel Berman
Rumberger, Kirk & Caldwell
80 SW 8th Street
Suite 3000
Miami, FL 33130

V. Brian Bevon
Motley Rice, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Ali Abed Beydoun
Carr Maloney, PC
1615 L Street NW
Suite 500
Washington, DC 20036

Gary A. Bezet
Kean, Miller, Hawthorne,
D'Armond, et al.
One American Place
22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Bissell & Ledyard
1301 McKinney
Suite 2100
Houston, TX 77002

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

W.C. Blanton
Blackwell Sanders Peper Martin
4801 Main Street
Suite 1000
Kansas City, MO 64112

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Susan S. Box
Roetzel & Andress
Ste. 400
222 South Main Street
Akron, OH 44308

Ernest W. Boyd, Jr.
Mehaffy & Weber, P.C.
One Allen Center, Suite 1200
500 Dallas
Houston, TX 77002

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                    Page 2 of 12

John J. Boyd, Jr.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD 21201

Malcolm S. Brisker
Goodell, DeVries, Leech & Dann
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

Arthur D. Bromberg
Weiner Lesniak, LLP
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054-0438

Ward G. Brown
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606

Timothy S. Brunick
Clarke Dolph Rapaport Hardy & Hull
6160 Kempsville Circle
P.O. Box 13109
Norfolk, VA 23506-3109

Lora A. Brzezynski
McKenna, Long & Aldridge, LLP
1900 K Street, N.W.
Washington, DC 20006-5701

Brent M. Buckley
Buckley, King & Bluso
1400 Bank One Center
600 Superior Avenue
Cleveland, OH 44114

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Brian G. Cahill
Gass, Weber & Mullins, LLC
309 North Water Street
Milwaukee, WI 53202

Wilson H. Carroll
Phelps Dunbar, LLP
P.O. Box 23066
Jackson, MS 39225-3066

Jeniffer A.P. Carson
Governo Law Firm LLC
260 Franklin Street
Boston, MA 02110

Edward Morgan Carstarphen
Ellis, Carstarphen, Dougherty
& Goldenthal, P.C.
5847 San Felipe
Suite 1900
Houston, TX 77057

Zachary W. Carter
Dorsey & Whitney, LLP
250 Park Avenue
New York, NY 10177-1500

Christopher J. Caryl
Tucker, Ellis & West
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607-5308

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson Mullins Riley & Scarborough
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Frank A. Cecere, Jr.
Ahmuty, Demers & McManus, Esqs.
200 I.U. Willets Avenue
Albertson, NY 11507

Margaret M. Chaplinsky
Kalinoski & Chaplinsky
100 Court Avenue
Suite 205
Des Moines, IA 50309-2200

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Michael Jason Clayton
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Susan Coco
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Joseph G. Colao
Leader & Berkon
630 Third Avenue
17th Floor
New York, NY 10017

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134-6920

Christian Colwell
Boadhurst, Lakin & Lakin
One Elm Square
Andover, MA 01810

John F. Conley, Sr.
Glasser & Glasser, PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

William David Conner
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Eric David Cook
Willcox & Savage, P.C.
1800 Bank of America Center
One Commercial Place
Norfolk, VA 23510

Chad Russell Cotten
Baron & Budd
3102 Oak Lawn Ave, Ste 1100
Dallas, TX 75219-4281

Christopher V. Cotton
Shook, Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                    Page 3 of 12

Michael T. Crawford
1217 Waterford Ct.
Tyler, TX 75703

James E. Culhane
Davis & Kuelthau, S.C.
111 E. Kilbourn Avenue
Suite 1400
Milwaukee, WI 53202-6613

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Stephen H. Daniels
McMahon, DeGulis, Hoffman
& Lombardi
The Caxton Building
812 Huron Road, East
Suite 650
Cleveland, OH 44115-1126

Elizabeth N. Davis
Roetzel & Andress
Ste. 400
222 South Main Street
Akron, OH 44308

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Paul Joseph Day
Piper Rudnick , LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Jessica M. Dean
Rasansky Law Firm
2525 McKinnon
Suite 725
Dallas, TX 75201

Brad Dejardin
444 South Flower Street
Los Angeles, CA 90007

Mark O. Denehy
Adler, Pollock & Sheehan
One Citizens Plaza
8th Floor
Providence, RI 02903-1345

Anna M. DiLonardo
Weiner & Lesniak, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

Thomas L. Doran
DeCaro, Doran, Siciliano,
Gallagher, et.al.
4601 Forbes Boulevard
Suite 200
P.O. Box 40
Lanham, MD 20703

George C. Doub, Jr.
George C. Doub, PC
12 West Madison Street
Baltimore, MD 21201-5231

Thomas E. Dover
Gallagher, Sharp, Fulton & Norman
1501 Euclid Avenue
7th Floor, Bulkley Building
Cleveland, OH 44115

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Michael W. Drumke
Schiff Hardin, LLP
233 South Wacker Drive
6600 Sears Tower
Chicago, IL 60606

Katherine S. Duyer
Gavett & Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Paul E. Dwyer, Jr.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Michael D. Eagen
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202

Theodore M. Eder
Segal, McCambridge, Singer
& Mahoney, Ltd.
805 3rd Avenue
19th Floor
New York, NY 10022

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202-3736

Scott R. Emery
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

Nicholas L. Evanchan, Jr.
Evanchan & Palmisano
1225 West Market Street
Akron, OH 44313

Julie R. Evans
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
150 East 42nd Street
New York, NY 10017-5639

C. Michael Evert, Jr.
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

John J. Fanning
Cullen & Dykman Bleakley Platt, LLP
177 Montague Street
Brooklyn, NY 11201

John R. Felice
Pierce, Davis & Perritano, L.L.P.
Ten Winthrop Square
Boston, MA 02110

Loring I. Fenton
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
15th Floor
New York, NY 10166

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                     Page 4 of 12

Melissa K. Ferrell
Segal, McCambridge, Singer
& Mahoney, Ltd.
100 Congress Avenue
Suite 700
Austin, TX 78701

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

William F. Ford
Lathrop & Gage, L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108

Adam T. Fox
1201 Elm Street
Suite 3800
Dallas, TX 75270

Daniel R. Francis
Francis Law Firm, LLC
6654 Chippewa
St. Louis, MO 63109

Laura A. Frase
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
2001 Bryan Street
Suite 1300
Dallas, TX 75201-3008

Millard Lane Fretland
Conroy, Simberg, Ganon, Krevans
& Abel
125 W. Romana Street
Suite 150
Pensacola, FL 32502

Sharla J. Frost
Powers & Frost, L.L.P.
One Houston Center, Suite 2400
1221 McKinney Street
Houston, TX 77010-2007

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Marc S. Gaffrey
Hoagland, Longo, Moran, Dunst
& Doukas
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Christian H. Gannon
Segal, McCambridge, Singer
& Mahoney, Ltd.
830 Third Avenue
Suite 400
New York, NY 10022

Amy M. Gantvoort
120 Broadway
Suite 300
Santa Monica, CA 90069

James M. Garner
Sher Garner Cahill Richter Klein, et al.
909 Poydras Street
28th Floor
New Orleans, LA 70112

J. Ric Gass
Gass, Weber & Mullins, LLC
309 North Water Street
Milwaukee, WI 53202

Kurt B. Gerstner
Campbell, Campbell, Edwards
& Conroy
One Constitution Plaza
Boston, MA 02129

Pamela S. Gilman
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street
5th Floor
Boston, MA 02109

Lawrence Gingrow
Pierce, Atwood, LLP
Pease International Tradeport
One New Hampshire Avenue
Suite 350
Portsmouth, NH 03801

Brooks L. Glahn
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110

Richard S. Glasser
Glasser & Glasser PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Michael D. Goggans
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Box 16450
Jackson, MS 39236-6450

Jack J. Goldwood
Tucker Ellis & West
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115-1475

Frank J. Gordon
Millberg Gordon & Stewars, PLLC
1101 Haynes Street
Suite 104
Raleigh, NC 27604

Thomas M. Goss
Goodell, DeVries, Leech & Dann, LLP
Commerce Place
One South Street, 20th Floor
Baltimore, MD 21202

Justin Saunders Gravatt
Duane Hauck & Gnapp
10 E. Franklin St
Richmond, VA 23219-2106

Mark C. Greene
Fowler White Boggs & Banker, PA
501 East Kennedy
Suite 1700
P.O. Box 1438
Tampa, FL 33601

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Samuel D. Habeeb
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Katrina M. Hall
Aultman, Tyner & Ruffin, Ltd.
315 Hemphill Street
P.O. Drawer 750
Hattiesburg, MS 39403-0750

Barbara S. Hamelburg
Foley Hoag, LLP
155 Seaport Boulevard
Seaport World Trade Center West
Boston, MA 02210-2600

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Kip A. Harbison
Glasser & Glasser, PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

Yvette Harmon
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Raymond P. Harris, Jr.
Schacter Harris
600 N. Pearl Street
Suite 2300
Dallas, TX 75201-2832

Robert P. Harris
Law Office Of Robert P. Harris
180 N. Michigan Avenue
Suite 2105
Chicago, IL 60601

Max S. Hartz
McCarroll, Nunley & Hartz
111 East Third Street
P.O. Box 925
Owensboro, KY 12302

Robin E. Harvey
Baker & Hostetler
Ste. 3200
312 Walnut Street
Cincinnati, OH 45202

Anthony C. Hayes
Nelson Mullins Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-1070

Jeffrey A. Healy
Arter & Hadden
1100 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115-1475

Richard E. Heifetz
Governo Law Firm, LLC
260 Franklin Street
Boston, MA 02110

Jennifer Boyd Herlihy
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110

Josephine H. Hicks
Parker, Poe, Adams & Bernstein, LLP
Three Wachovia Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202

Christina T. Hidek
Sutter, O'Connell, Mannion & Farchi
3600 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114

Andrew M. Higgins
Casner & Edwards
303 Congress & Edwards, LLP
Boston, MA 02110

James P. Hoban
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615

Laura K. Hong
Squire, Sanders & Dempsey, L.L.P.
4900 Society Center
127 Public Square
Cleveland, OH 44114

Stephen Clark Howell
Brown Dean Wiseman Proctor Hart
& Howell
306 W. 7th Street
Suite 200
Fort Worth, TX 76102

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

George L. Inabinet, Jr.
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Susan A. Jackson
265 Congress Street
Boston, MA 02109

Eric J. Jacobi
Clay, Kenealy, Wagner & Adams
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

Frederick J. Jekel
Motley Rice, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465

Arthur Timothy Jones
Hawkins & Parnell, LLP
4000 SunTrust Plaza
300 Peachtree Street, N.E.
Atlanta, GA 30308-3243

John M. Jordan
Gardere, Wynne & Sewell, L.L.P
1601 Elm
Suite 3000
Dallas, TX 75201

Thomas C. Junker
Junker, Taddeo & Sturm, PLC
17 West Cary Street
Richmond, VA 23220

INVOLVED COUNSEL LIST (CTO-275) - MDL-875

Shawn Anton Kachmar
Hunter, MacLean, Exley & Dunn
P.O. Box 9848
200 East St. Julian Street
Savannah, GA 31412

Kevin O. Kadlec
Bonezzi Switzer Murphy Polito
& Hupp Co., LPA
1300 East Ninth Street
1950 Penton Media Building
Cleveland, OH 44114

Jeffrey A. Kaiser
Levin Simes Kaiser & Gornick, LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104

Edward A. Kalabus, Jr.
DeHay & Elliston, L.L.P.
Bank of America Plaza
901 Main Street
Dallas, TX 75202

Maria Katina Karos
Bell Nunnally, et al.
3232 McKinney Avenue
Suite 1400
Dallas, TX 75204

Jeannie P. Kauffman
Bacon Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Jillian J. Keith
DeHay & Elliston, L.L.P.
Bank of America Plaza
901 Main Street
Dallas, TX 75202

Craig Ivan Kelley
Kelley & Fulton, PA
1665 Palm Beach Lakes Blvd
Suite 1000
West Palm Beach, FL 33401

Barbara Hopkins Kelly
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
33 Washington Street
18th Floor
Newark, NJ 07102-5003

Kevin L. Kelly
Mintzer, Sarowitz, Zeris, et al.
39 Broadway
Suite 950
New York, NY 10006

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

Kristi D. Kennedy
Currie, Johnson, Griffin, Gaines
& Myers
P.O. Box 750
Jackson, MS 39205-0750

Kennedy Valve Manufacturi
1021 East Water Street
Elmira, NY 14901

Hadi Ty Kharazi
Kharazin & Sirabian
1145 East Shaw Avenue
Fresno, CA 93710

J. Frank Kinsel, Jr.
Cantey & Hanger, L.L.P.
2100 Burnett Plaza
801 Cherry Street
Ft. Worth, TX 76102

James N. Kline
Ulmer & Berne
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113-1448

Kirsten Kneis
Kirkpatrick Lockhart Nicholson
& Graham, LLP
One Newark Center
10th Floor
Newark, NJ 07102

John A. Koepke
Jackson Walker, L.L.P.
901 Main Street
Ste. 6000
Dallas, TX 75202

John J. Kot
Waters, McPherson & McNeil
300 Lighting Way
Seacaucus, NJ 07096

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Douglas R. Kraus
Brent Coon & Associates
1515 Poydras Street
Suite 800
New Orleans, LA 70112

Peter A. Kraus
Waters & Kraus, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Kenneth F. Krawczak
Swartz Campbell
1120 Illuminating Bldg.
55 Public Square
Cleveland, OH 44113

John A. Kristan, Jr.
Kelley Jasons McGuire & Spinelli
Ste. 1037
629 Euclid Avenue
Cleveland, OH 44114

Philip A. Kulinski
Evert Weathersby Houff
120 E. Baltimore Street
Suite 1300
Baltimore, MD 21201

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Mark B. Lavoie
McDonough, Hacking & Lavoie
One Washington Mall
Boston, MA 02108

Joseph Dwight LeBlanc, III
Frilot, Partridge, Kohnke & Clements
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Cori Leavitt
Malaby, Carlisle & Bradley
150 Broadway
Suite 1311
New York, NY 10038

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                              Page 7 of 12

Melissa M. Leon
Dehay & Elliston
901 Main Street
Suite 3500
Dallas, TX 75202-3736

Nicole E. Lewis
Tucker Ellis & West
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

April M. Luna
Adler, Pollock & Sheehan, PC
175 Federal Street
Boston, MA 02110

Steven Andrew Luxton
Edwards, Burns & Krider, LLP
201 N. Charles Street
Suite 1402
Baltimore, MD 21201

Neil J. MacDonald
Hartel Kane Desantis MacDonald
& Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Genevieve MacSteel
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Barbara E. Machin
Bunda, Stutz & Dewitt
3295 Levis Commons Blvd.
Perrysburg, OH 43551

Zoran Malesevic
Thorton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110

Richard P. Marin
Marin Goodman, LLP
40 Wall Street
New York, NY 10005

Don David Martinson
Fanning, Harper & Martinson
2 Energy Square
4849 Greenville Avenue
Suite 1300
Dallas, TX 75206

Karen L. Mascio
Willman & Arnold
705 McKnight Park Drive
Pittsburgh, PA 15237

Floyd L. Matthews, Jr.
Spohrer Wilner, P.A
701 West Adams Street
Suite 2
Jacksonville, FL 32204

Alexander J. May
Brassel & Baldwin
112 West Street
Annapolis, MD 21401

George S. McCall
Kern & Wooley, LLP
5215 North O'Connor Road
Suite 1700
Irving, TX 75039

Moffatt Grier McDonald
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602

Nancy McDonald
McElroy, Deutsch, Mulvaney
& Carpenter
P.O. Box 2075
1300 Mount Kemble Ave.
Morristown, NJ 07962

Lawrence McGivney
McGivney & Kluger, P.C.
80 Broad Street
23rd Floor
New York, NY 10004

Matthew M. Mendoza
Calfee, Halter & Griswold
1400 McDonald Investment Center
800 Superior Aveneue
Cleveland, OH 44114-2688

Daniel J. Michalec
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Jonathan Scott Miles
Williams Mullen
999 Waterside Dr.
Suite 1700
Norfolk, VA 23510

James T. Millican, II
Weston Hurd
1900 Tower at Erieview
1301 East Ninth Street
Cleveland, OH 44114-1862

Lewis Charles Miltenberger
Miltenberger Dettmer, PLLC
108 W. 8th Street
Suite 500
Forth Worth, TX 76102

John D. Mismas
Bevan and Associates
10360 Northfield Road
Northfield, OH 44067

Alan Powers Moore
Martin Disiere Jefferson & Wisdom
900 Jackson Street
Suite 710
Dallas, TX 75202

Lacey M. Moore
Nexsen, Pruet, Adams, Kleemeier
201 South Tryon Street
Suite 1200
Charlotte, NC 28202

Steven B. Moore
Rasmussen Willis Dickey & Moore
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

Joseph J. Morford
Tucker Ellis & West, LLP
Huntington Building
925 Euclid Avenue
Suite 1150
Cleveland, OH 44115-1475

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                                    Page 8 of 12

Karen R. Morgan
Ellington & Associates
9800 Centre Pkwy
Suite 860
Houston, TX 77036

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

William F. Mueller
Clemente, Mueller & Tobia, LLP
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ 07962

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Jay Newton
2300 Plaza of the Americas
600 North Pearl, LB 133
Dallas, TX 75201

Robert L. Norton
Jones & Granger
10000 Memorial Drive
Suite 888
P.O. Box 4340
Houston, TX 77210-4340

Robert P. Numbrich
Baty, Holm & Numrich, PC
4600 Madison Avenue
210 Plaza West Building
Kansas City, MO 64112

Matthew C. O'Connell
Mannion & Gray
1300 E. 9th Street
Suite 1625
Cleveland, OH 44114

Robert L. O'Donnell
Vandeventer Black, LLP
500 World Trade Ctr.
Norfolk, VA 23510

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

Lisa Oberg
101 California Street
Floor 41
San Francisco, CA 94111

Thomas W. Olsen
Swanson, Martin & Bell
One IBM Plaza
Suite 2900
Chicago, IL 60611

Erika A. Olson
Shepard Law Firm
10 High Street
11th Floor
Boston, MA 02210

Thomas W. Olson
Swanson, Martin & Bell, LLP
330 North Wabash
Suite 3300
Chicago, IL 60611

Edward D. Papp
Baker & Hostetler, LLP
3200 National City Center
Cleveland, OH 44114

D. Todd Parrish
Kern & Wooley
5215 N O'Connor Blvd
Suite 1700
Irving, TX 75039

Steven J. Parrott
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Lisa M. Pascarella
Pehlivanian & Braaten, LLC
2430 Route 34
P.O. Box 648
Manasquan, NJ 08736

James E. Peckert
Peckert & Booth
132 S. Water Street
Suite 200
P.O. Box 860
Decatur, IL 62525-0860

Anthony R. Petruzzi
McLaughlin & McCaffrey, LLP
Eaton Center
1111 Superior Avenue, Suite 1350
Cleveland, OH 44114-2500

Joseph Stuart Pevsner
Thompson & Knight, LLP
1700 Pacific Avenue
Suite 3300
Dallas, TX 75201

Carl E. Pierce, II
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Joel F. Pierce
Pierce, Davis & Perritano, L.L.P.
Ten Winthrop Square
Boston, MA 02110

Frank A. Poff, Jr.
Crisp, Boyd & Poff, L.L.P.
2301 Moores Lane
P.O. Box 6297
Texarkana, TX 75505

Jeffrey Scott Poretz
Miles & Stockbridge, P.C.
1751 Pinnacle Drive
Suite 500
McLean, VA 22102-3833

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Francis R. Powell
Nutter, McClennen & Fish
155 Seaport Blvd.
Boston, MA 02210

James H. Powers
Powers & Frost, L.L.P.
One Houston Center
1221 McKinney Street
Ste. 2400
Houston, TX 77010-2007

Steven J. Pugh
Richarson, Plowden, Carpenter
& Robinson, PA
P.O. Drawer 7788
Columbia, SC 29202

Michael John Ramirez
Kirkpatrick & Lockhart, et al.
2828 N. Harwood Street
Suite 1800
Dallas, TX 75201

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                    Page 9 of 12

Jason Reed
Shults Law Firm, LLP
200 West Capitol
Suite 1600
Little Rock, AR 72201

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

Kurt E. Reitz
Thompson & Coburn
525 West Main Street
P.O. Box 750
Belleville, IL 62222

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Noe Reyna
Connelly, Baker, et al.
700 Louisiana
Suite 1850
Houston, TX 77002-2778

Karen M. Rheingans
Segal, McCambridge, Singer
 & Mahoney, Ltd.
330 North Wabash Avenue
Suite 200
Chicago, IL 60611-3514

Joseph A. Rhodes, Jr.
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
P.O. Box 2757
Greenville, SC 29602

Kenneth D. Rhodes
Kacal, Adams & Law
America Tower
One Riverway
Suite 1200
Houston, TX 77056

Stephen Jeffrey Riegel
Wietz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038-4925

Crystal G. Roach
1445 Ross Avenue
Suite 3600
Dallas, TX 75202

Theodore F. Roberts
Venable, LLP
210 Allegheny Avenue
Towson, MD 21285-5517

Robert M. Rolfe
Hunton & Williams, LLP
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219

John J. Ronca, Jr.
Ronca, McDonald & Hanley
5 South Regent Street
Suite 517
Livingston, NJ 07039

Michael D. Rosenberg
Whyte, Hirschboeck & Dudek, SC
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Peter J. Rubin
Bernstein Shur
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

Syd A. Saloman
Tucker, Heifetz & Saltzman, LLP
Three School Street.
Boston, MA 02108

Jennifer Sardina
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, E
Cleveland, OH 44114

Cary Ira Schachter
Whittenburg Whittenburg & Schachter
2300 Plaza of the Americas
600 North Pearl Street
Dallas, TX 75201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Paul A. Scrudato
Schiff Hardin, LLP
623 Fifth Avenue
Suite 2800
New York, NY 10022

Beth A. Sebaugh
Bonezzi Switzer Murphy Polito
& Hupp Co., LPA
1300 East Ninth Street
1950 Penton Media Building
Cleveland, OH 44114

Linda R. Self
Brasher Law Firm
One Metropolitan Square
Suite 2300
211 North Broadway
St. Louis, MO 63102

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

William F. Selph, III
Simon Peragine Redfearn & Watson
1200 Washington Avenue
Suite A
Ocean Springs, MS 39564

James W. Sexton
Litchfield Cavo
6 Kimball Lane
Lynnfield, MA 01940

Rhea Hudson Sheldon
Abbott, Simses & Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Jason T. Shipp
Goldberg, Persky & White, PC
1030 Fifth Avenue
Third Floor
Pittsburgh, PA 15219

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                                    Page 10 of 12

Kurt S. Siegfried
Ulmer & Berne, LLP
900 Penton Media Bldg.
1300 East Ninth Street
Cleveland, OH 44114

Jeffrey B. Simon
Waters & Kraus, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Michael W. Siri
Robinson Woolson, PA
217 E. Redwood St., Suite 1500
Baltimore, MD 21202

Michelle D. Siri
Segal, McCambridge, Singer
& Mahoney, Ltd.
One N. Charles Street
Suite 2500
Baltimore, MD 21202-3316

Thomas L. Skalmoski
Weiss Berzowski Brady, LLP
700 N. Water Street
Suite 1500
Milwaukee, WI 53202

Christopher Slusher
3610 Buttonwood Drive
Suite 200
Columbia, MO 65201

Sinead Soesbe
Locke Liddell & Sapp, LLP
2200 Ross Ave
Suite 2200
Dallas, TX 75201-6776

Leo M. Spellacy, Jr.
Porter, Wright, Morris & Arthur
1700 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Anthony Lamont Springfield
Polsinelli, Shalton, Welte, Suelthaus
700 West 47th Street
Suite 1000
Kansas City, MO 64112

Jonathan L. Stark
Schneider, Smeltz, Ranney & Lafond
Ste. 1000
1111 Superior Avenue
Cleveland, OH 44114

Jay R. Starrett
Whyte, Hirschboeck & Dudek, SC
555 E Wells St., Ste 1900
Milwaukee, WI 53202-3819

Peter J. Stasz
H.B. Smith Co., Inc.
47 Westfield Industrial Park Road
Westfield, MA 01085

Katherine M. Steele
Stafford, Frey & Cooper, PC
601 Union Street
3100 Two Union Square
Seattle, WA 98101

Lonna M. Steinberg
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110

James E. Stephenson
Bonezzi, Switzer, Murphy, Polito
& Hupp
Ste. 1950
1300 East Ninth Street
Cleveland, OH 44114-1501

David H. Stillman
Stillman & Associates, PC
51 Mill Street
Suite 5
Hanover, MA 02339

Richard T. Stilwell
Fulbright & Jaworski, L.L.P.
1301 McKinney Street
Suite 5100
Houston, TX 77010

John E. Sullivan
Baker & Hostetler
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485

Kevin A. Sullivan
Sauter, Sullivan et al.
3415 Hampton Avenue
St. Louis, MO 63139

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Robert E. Thackston
Hawkins, Parnell & Thackston, LLP
4514 Cole Avenue
Suite 550
Dallas, TX 75205

Mark S. Thomas
Maupin Taylor, PA
3200 Beechleaf Court
Suite 500
P.O. Drawer 19764
Raleigh, NC 27619

Steven Ray Thomas
Chambers, Templeton, Cashiola
& Thomas
2090 Broadway
Beaumont, TX 77701-4950

Leon W. Todd
Foley & Lardner, LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

Tracy E. Tomlin
Nelson Mullins Riley & Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

R. Bart Totten
Adler, Pollock & Sheehan
One Citizens Plaza
8th Floor
Providence, RI 02903

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                    Page 11 of 12

Patrick S. Tracey
Cooley, Manion & Jones, LLP
21 Custom House Street
6th Floor
Boston, MA 02110

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Keith R. Truffer
Royston, Mueller, McLean & Reid
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Berlin Tsai
Pedley, Zielke, Gordinier & Pence
462 S. Fourth Avenue
2000 Medinger Tower
Louisville, KY 40202

James Derek Turrietta
Stackhouse Smith & Nexsen
P.O. Box 3640
555 E. Main Street
Norfolk, VA 23514

John C. Valenti
Butzel Long
150 W. Jefferson Avenue
Suite 100
Detroit, MI 48226

Michael P. Vanderford
Anderson, Murphy & Hopkins, L.L.P.
First Commerical Bldg.
400 West Capitol Avenue
Suite 2640
Little Rock, AR 72201

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Gerard E. Voyer
Taylor & Walker, P.C.
1300 First Virginia Tower
555 Main Street
P.O. Box 3490
Norfolk, VA 23514-3490

Andrew S. Wainwright
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Craig R. Waksler
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street
5th Floor
Boston, RI 02110

Mark Hedderman Wall
Elmore & Wall
P.O. Box 1200
Charleston, SC 29402

Gretchen Wallace
Hepler, Broom, MacDonald,
Hebrank, et al.
800 Market Street
Suite 2300
St. Louis, MO 63101-2029

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Margaret F. Ward
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Kirk G. Warner
Smith, Anderson, Blount, Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

Richard N. Watts
Watts, Donovan & Tilley, P.A.
200 South Commerce Street
Suite 200
Little Rock, AR 72201-1769

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Edward J. Wilbraham
Wilbraham, Lawler & Buba
1818 Market Street
Suite 3100
Philadelphia, PA 19103-3631

Trevor J. Will
Foley & Lardner, LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

Anthony M. Williams
Kean, Miller, Hawthorne,
D'Armond, et al.
909 Podras Street
Suite 1450
New Orleans, LA 70112

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

Russell B. Winburn
Odom Law Firm, P.A.
No. 1 East Mountain Street
P.O. Drawer 1868
Fayetteville, AR 72702

Dawn M. Wright
Thompson & Knight, LLP
1700 Pacific Ave.
Suite 3300
Dallas, TX 75201

Wendellyn Wright
Rasmussen, Willis, Dickey & Moore
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

George D. Yaron
Yaron & Associates
601 California Street
21st Floor
San Francisco, CA 94111

Linda Yassky
Sonnenschein, Nath & Rosenthal, LLP
1221 Avenue of the Americas
24th Floor
New York, NY 10020

Judith A. Yavitz
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
44th Floor
New York, NY 10020-1182

INVOLVED COUNSEL LIST (CTO-275) - MDL-875                      Page 12 of 12

James Steven Zavakos
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
Baltimore, MD 21201-3804

Robert A. Ziogas
Glenn, Feldmann, Darby & Goodlatte
P.O. Box 2887
210 1st Street
Suite 200
Roanoke, VA 24001

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO            3657
RECIPIENT ADDRESS   12025022888
DESTINATION ID
ST. TIME            03/23 07:33
TIME USE            04'52
PAGES SENT            16
RESULT              OK
```

# LEVIN
# SIMES
# KAISER
# &
# GORNICK
### LLP

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:**<br>Jeffrey A. Lüthi<br>Clerk of the Panel | **DATE:**<br>3/22/2007 |
| **COMPANY:**<br>Judicial Panel on MDL | **FROM:**<br>Jessica N. Biernier, Esq. |
| **FAX NUMBER:**<br>202-502-2888 | **SENDERS PHONE NUMBER**<br>415-646-7160 |
| **RE:**<br>Opposition to CTO - 275 | **TOTAL NO. OF PAGES INCLUDING COVER:**  <u>16</u> |

☒ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

# LEVIN SIMES KAISER & GORNICK LLP

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Jeffrey A. Lüthi<br>Clerk of the Panel | **DATE:** 3/22/2007 |
| **COMPANY:** Judicial Panel on MDL | **FROM:** Jessica N. Biernier, Esq. |
| **FAX NUMBER:** 202-502-2888 | **SENDERS PHONE NUMBER** 415-646-7160 |
| **RE:** Opposition to CTO - 275 | **TOTAL NO. OF PAGES INCLUDING COVER:** 16 |

☑ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

The information contained in this facsimile may be attorney-privileged and confidential, and is therefore intended solely for the use of the individual or entity named below.   If the reader of this message is neither the intended recipient, nor the employee or agent responsible to deliver it to the intended recipient, you are HEREBY NOTIFIED that any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED.   If you have received this communication in error, please notify us by telephone immediately and return the original message to us at the address listed above

44 MONTGOMERY STREET, 36TH FLOOR
SAN FRANCISCO, CA 94104
TELEPHONE: 415 646-7160 / FACSIMILE: 415 981-1270

WWW.LEVINSIMESKAISERGORNICK.COM