**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 19 2007

FILED
CLERK'S OFFICE

PLEADING NO. 5020

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN RAYMOND** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-11140** |
| **BORDEN, INC., ET AL.** | **SECTION: "K"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff Melvin Raymond's Motion to Remand (Rec.Doc.No. 3), wherein he alleges the Court has no subject matter jurisdiction over this proceeding. After reviewing the pleadings, memoranda, and relevant law, the Court hereby grants Plaintiffs motion and remands this proceeding to state court for the reasons assigned below. This case is one of many involving the Avondale, Louisiana, shipyard asbestos exposures. The Defendants removed this case from Orleans Parish Civil District Court, New Orleans, Louisiana, asserting federal subject matter jurisdiction under the federal officer removal statute.

This case, in which plaintiff asserts he was negligently exposed to asbestos, is like many others removed to the Eastern District of Louisiana under the federal officer removal statute *See Landry v. Northrop Brumman Industries, et al.*, No. 06-9889 (E.D. La. Dec. 15, 2006); *Savoie v. Northrop Crumman Ship Systems, Inc., et al.*, No. 05-2086 (E.D. La. 2005); *Gauthe v. Asbestos*

MDL- **875**
RECOMMENDED ACTION

*Vac CTO-274 + HSO. one action*

Approved/Date: RN 4/18/07

**OFFICIAL FILE COPY**

*Corp., et al.*, 1997 WL 3255 (E.D. La. 1997).

In *Savoie*, the Court found defendant's removal under the federal officer removal statute "failed on the first prong, as defendant cannot demonstrate that he was acting under the direction of a federal officer specific to the claims alleged in plaintiff's petition, namely those dealing with safety procedures and plans of Avondale." *Savoie*, at p. 3.

Defendants claim that recent jurisprudence supports a reconsideration of its decision in *Savoie*. The Court finds that these cases are unpersuasive and the instant case does not warrant a departure from the its previous holding in *Savoie*. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 3) is **GRANTED** and the case is hereby **REMANDED** to state court.

New Orleans, Louisiana, on this 16th day of April, 2007.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I do hereby certify that I have on April 17, 2007, served a copy of the foregoing pleading on counsel to all parties to this proceeding, by facsimile and/or mailing the same by United States mail, properly addressed, and first class postage prepaid.

M:\Asbestos\raymond\motion to vacate final 1.wpd

Blaine Moore
Duncan & Courington, L.L.C.
322 Lafayette Street
New Orleans, Louisiana 70130

Charles Giordano
Album, Stovall, Radecker & Giordano, L.L.C.
3850 N. Causeway Boulevard
Suite 1130
Metairie, Louisiana 70002

Jay Jalanek
Kean, Miller
22nd Floor - One American Place
Baton Rouge, Louisiana 70825

Benjamin Slater, III
Mark E. Van Horn
Robert B. Acomb, III
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130-6101

R. Dean Church
Forrest RenWilkes
Forman, Perry, Watkins & Krutz
P.O. Box 22608
Jackson, Mississippi 39225

2



Larry Canada
Galloway, Johnson, Tompkins & Burr
4040 One Shell Square
New Orleans, Louisiana 70139

Gary A. Lee
Lee, Futrell & Perles, LLP
201 St. Charles Avenue, Suite 2409
New Orleans, Louisiana 70170

Susan Kohn
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras Street
30th Floor
New Orleans, Louisiana 70163

Lawrence G. Pugh, III
Montgomery, Barnett, Brown, Read, Hammond & Mintz, LLP
1100 Poydras Street
3200 Energy Centre
New Orleans, Louisiana 70163

A. Wendel Stout
Janet McDonald
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130-3672

Leon Gary
Jones, Walker, Waechter Poitevent, Carrere & Denegre, LLP
8555 United Plaza Boulevard
5th Floor, Four United Plaza
Baton Rouge, LA 70809

Stephen Elliott
Dawn M. Palmisano
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P. O. Box 55490
Metairie, LA 70005-5490