

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 19 2007

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*H. Dean Allison, et al. v. Daniel Construction Co., Inc., et al.*, E.D. Pennsylvania (W.D. North Carolina, C.A. No. 1:00-32)

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,* JUDGES OF THE PANEL**

## SEPARATION OF CLAIMS AND REMAND ORDER

Before the Panel is a motion, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), brought by Daniel International Corp., a defendant in *Allison*, an action that was earlier transferred by the Panel from the Western District of North Carolina to the Eastern District of Pennsylvania for inclusion in the MDL-875 proceedings occurring in the Pennsylvania district. Movant asks the Panel to vacate its order, entered at the suggestion of the transferee court, conditionally remanding to the Western District of North Carolina all claims in *Allison* except those for punitive or exemplary damages that have previously been severed by the *Allison* transferee court. Plaintiffs in *Allison* support remand as contemplated in the Panel's order.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that remand of the non-punitive/exemplary damage claims in *Allison* is appropriate at this time.

The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

---

\* Judge Scirica took no part in the disposition of this matter.

- 2 -

In *Allison* the transferee court has entered an order reflecting its determination that the action's non-punitive/exemplary damage claims should be remanded to the Western District of North Carolina transferor court. In that order, the transferee court stated that i) it had reviewed the action and had held settlement conferences with the parties; and ii) it had concluded that remand had become appropriate with respect to the action since few defendants remained for trial. The number of Section 1407 remands in this docket is proportionately small, because under the transferee court's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as of April 1, 2007, over 74,500 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to overrule the transferee court's conclusion with respect to the appropriateness of remand. We therefore will adopt the transferee court's recommendation and order remand of the suggested claims in *Allison*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims by plaintiffs in this action except the severed claims for punitive or exemplary damages are separated and remanded to the Western District of North Carolina.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman