MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 23 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| JACK FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MDL DOCKET NO. 875** |
| | ) | IN RE ASBESTOS PRODUCTS |
| CSX TRANSPORTATION, INC., | ) | LIABILITY LITIGATION (NO. VI) |
| | ) | |
| Defendants. | ) | FELA ACTION |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE
THE CONDITIONAL TRANSFER ORDER**

COMES NOW CSX Transportation, Inc. ("CSX"), by and through its counsel, and files

its Response to Plaintiff's Motion to Vacate the Conditional Transfer Order.

1.      Admit.

2.      Admit that there are two claims – Count I is a "cumulative orthopedic claim," and

Count II is an "asbestos claim," but deny that the orthopedic claim is "the primary claim."  There

are two causes of action alleged in the Complaint, but defense counsel is unaware of any

distinction in the federal courts of "primary" and "non-primary" claims.  The effect or purpose of

trivializing the asbestos claim as the "non-primary" claim is unknown to defense counsel.

3550120

OFFICIAL FILE COPY

IMAGED APR 2 4 2007

Respectfully submitted,

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 23 2007

FILED
CLERK'S OFFICE

_____

Kurt E. Reitz,  Illinois No. 06187793
525 West Main Street
P. O. Box 750
Belleville, Illinois  62222-0750
(618) 277-4700
(618) 236-3434 (facsimile)

OF COUNSEL:
THOMPSON COBURN LLP

Attorneys for Defendant
CSX Transportation, Inc.

## Certificate of Service

The undersigned hereby certifies that on this _23rd_ day of April, 2007, I mailed a copy of the foregoing document, postage prepaid, to the counsel named in the attached Panel Service List and also to:

Mr. Daniel R. Francis
Francis Law Firm, L.L.C.
6654 Chippewa
St. Louis, Missouri 63109
Attorneys for Plaintiff

_____

Kurt E. Reitz,  Illinois No. 06187793
525 West Main Street
P. O. Box 750
Belleville, Illinois  62222-0750
(618) 277-4700
(618) 236-3434 (facsimile)
Attorneys for Defendant
CSX Transportation, Inc.

2007 APR 24  A 10: 54
RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

3550120

- 2 -

## PANEL SERVICE LIST (Excerpted from CTO-275)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Jack Franklin v. CSX Transportation, Inc., S.D. Illinois,* C.A. No. 3:06-1058

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Daniel R. Francis
Francis Law Firm, LLC
6654 Chippewa
St. Louis, MO 63109

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Kurt E. Reitz
Thompson & Coburn
525 West Main Street
P.O. Box 750
Belleville, IL 62222

John J. Repcheck
Marks, O'Neill, O'Brien
& Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 3 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| JACK FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MDL DOCKET NO. 875** |
| | ) | IN RE ASBESTOS PRODUCTS |
| CSX TRANSPORTATION, INC., | ) | LIABILITY LITIGATION (NO. VI) |
| | ) | |
| Defendants. | ) | FELA ACTION |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

COMES NOW CSX Transportation, Inc. ("CSX"), by and through its counsel, and files its Brief in Support of Its Response to Plaintiff's Motion to Vacate the Conditional Transfer Order.

### BACKGROUND OF LITIGATION

On December 12, 2006, Jack Franklin ("Plaintiff") filed his two-count Complaint in the United States District Court for the Southern District of Illinois against his employer CSX Transportation, Inc. ("CSX"). Both counts were brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Count I, titled "Neck and Back Injuries," alleges Plaintiff was exposed to repetitive traumas while employed by CSX, causing low back and neck injuries. *See*

3550116

Plaintiff's Complaint, Count I, attached hereto as Exhibit A. Count II, titled "Asbestosis,"

alleges Plaintiff was diagnosed with asbestosis which was caused while Plaintiff was working for

CSX. *See* Exhibit A, Count II. The case was assigned to Judge Reagan.

On February 5, 2007, CSX sent a letter to the Clerk of the Judicial Panel on Multidistrict

Litigation ("MDL") as notice of this potential tag along action and also filed a Notice of this

action with the Southern District of Illinois. *See* Notice of Sending Tag-Along Notice to the

Clerk of the Judicial Panel on Multidistrict Litigation, attached hereto as Exhibit B. On March 3,

2007, the Clerk for the Panel filed a conditional transfer order involving this matter. *See*

Conditional Transfer Order (CTO-275), attached hereto as Exhibit C.

On March 22, 2007, Plaintiff served his Notice of Opposition to the Conditional Transfer

Order with the MDL. On April 4, 2007, Plaintiff served his Motion to Vacate the Conditional

Transfer Order and Memorandum in Support. CSX now files its timely Response to Plaintiff's

Motion to Vacate the Conditional Transfer Order.

## FACTUAL CONTENTIONS

The case of <u>Jack Franklin v. CSX Transportation Inc.</u>, has been designated as cause

number 3:06-CV-1058, and is pending in the Southern District of Illinois before Judge Reagan.

Count II of Plaintiff's Complaint involves allegations of personal injury caused by asbestos. *See*

Plaintiff's Complaint, Exhibit A. Specifically, this case involves claimed asbestos exposure and

injury to a railroad worker.

## LEGAL CONTENTIONS

**A.      The History of MDL Docket Number 875.**

On January 17, 1991, the MDL Panel "issued an order to show cause why **all** pending

federal district court actions not then in trial involving allegations of personal injury or wrongful

death caused by **asbestos** should not be centralized in a single forum under 28 U.S.C. § 1407."
In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415, 416 (Jud.Pan.Mult.Lit. 1991) (emphasis added) (affecting 26,639 actions involving allegations of personal injury or wrongful death caused by asbestos).  More than 180 pleadings were filed in response to that order and a four-hour hearing was held.  Id.  On July 29, 1991, "[o]n the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."  Id. at 417.

In the Panel's view, it was the increase in the number of pending federal asbestos actions "that now leads us to conclude that centralization of **all** federal asbestos personal injury/wrongful death actions, in the words of 28 U.S.C. § 1407(a), **'will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.'**  In short, we are persuaded that this litigation has reached a magnitude, not contemplated in the record before us in 1977, that threatens the administration of justice and that requires a new, streamlined approach."  Id. at 418 (emphasis added).  The Panel concluded that "centralization in a single district of **all** pending federal personal injury and wrongful death asbestos actions is necessary" and transferred them all to the Eastern District of Pennsylvania.  Id. at 420 (emphasis added).

**B.     The current case is a proper tag-along action in MDL docket number 875.**

Plaintiff's Memorandum in Support of his Motion to Vacate argues that this 1991 order of the Panel somehow places **limits** on which cases should be transferred, incorrectly stating that transfer is appropriate "only" where "(1) the actions involve common questions of facts relating

to injuries caused by exposure to asbestos, and (2) centralization under 28 USC § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *See* Plaintiff's Memorandum in Support, at p. 1. This is a strained reading of an order which, in fact, transferred **all** then-pending federal personal injury and wrongful death asbestos actions, a total of over twenty-five thousand cases.

Defendant is not aware of any authority which allows a plaintiff to avoid transfer as a tag along action to an applicable MDL docket, here MDL Docket Number 875 regarding asbestos litigation, simply by adding additional, unrelated claims to his Complaint. In fact, this very issue was most recently discussed in In re Asbestos Products Liability Litigation, 170 F.Supp.2d 1348, 1349 (Jud.Pan.Mult.Lit. 2001). There, the Panel considered the motion of two plaintiffs to vacate the Panel's prior orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner. The Panel found that transfer was "appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products." Id. *citing* In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415 (Jud.Pan.Mult.Lit. 1991). In particular, the Panel noted that "in the Panel's original decision distinctions based on such matters as ... **the type of defendant** [or] ... **the presence of** unique claims or **additional claims not relating to asbestos injury** or death ... **were** considered and **rejected by the Panel as grounds for carving out exceptions to transfer** in this extraordinary docket." Id. (emphasis added); *See also* In re Asbestos Products Liability Litigation (No. VI), 1996 WL 143826, *1

(Jud.Pan.Mult.Lit. 1996) (citing this same language and noting that "We find no reason to depart from this approach…").

Plaintiff's arguments in opposition to treating his case as a tag along action are that: (1) he has asserted two separate and distinct causes of action, one of which involves "facts and circumstances [that] will be much different than those in the asbestos claim (*See* Motion to Vacate, ¶ 1); and (2) his claim "is **unique** to this Plaintiff" (*See* Plaintiff's Memorandum in Support, at p. 2). These arguments fly in the face of the Panel's original decision which specifically stated that these grounds are not sufficient or proper to exclude a case from transfer. In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415 (Jud.Pan.Mult.Lit. 1991); *See also* In re Asbestos Products Liability Litigation (No. VI), 1996 WL 143826, *1 (Jud.Pan.Mult.Lit. 1996); In re Asbestos Products Liability Litigation, 170 F.Supp.2d 1348, 1349 (Jud.Pan.Mult.Lit. 2001).

Plaintiff also argues that "Plaintiff will be injured if this action is transferred. In fact, it becomes more burdensome to all parties to [sic] with a Midwest Illinois case in Pennsylvania." *See* Plaintiff's Memorandum in Support, at p.2. This argument, however, could be made in **any** case where the plaintiff is not a resident of the Eastern District of Pennsylvania. Furthermore, this argument has been rejected: "We note that since § 1407 transfer is primarily for pretrial, **there is usually no need for the parties and witnesses to travel to the transferee district** for depositions or otherwise." In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415, 422 (Jud.Pan.Mult.Lit. 1991) *citing* Fed.R.Civ.P. 45(d)(2). In choosing the Eastern District of Pennsylvania, the Panel noted "[i]n a docket of this size and scope, no district emerges as the clear nexus where centralized pretrial proceedings should be conducted. The Panel has decided

to centralize this litigation in the Eastern District of Pennsylvania before Judge Charles R.

Weiner." Id.

In the end, the Panel noted in 1991 that:

it is necessary to remind parties and counsel of their continuing responsibility
with respect to transfer of potential tag-along actions, including those ... filed
subsequent to the issuance of the Panel's order to show cause.  We note that Panel
Rule 13(e) provides as follows:
> Any party or counsel in actions previously transferred under
> Section 1407 or under consideration by the Panel for transfer under
> Section 1407 shall notify the Clerk of the Panel of any potential
> "tag-along actions" in which that party is also named or in which
> that counsel appears.

Id. at 424.  In light of this responsibility, CSX notified the Clerk of the MDL Panel of this

potential tag-along action.

**B.      There Is a Separate "FELA" Docket Encompassed in MDL Docket Number 875.**

It should also be noted that in December of 1991, Judge Weiner entered Pretrial Order

Number Five which stated that "[t]he Master Docket (C.A. No. MDL 875) established by Pretrial

Order No. 1 (9/18/91) shall include a separate docket which pertains only to those actions where

it is alleged that a plaintiff's exposure to asbestos took place in the Railroad industry; and where

at least one cause of action or claim seeks recovery under the FELA for personal injury and/or

death." *See* Pretrial Order No. 5, section I.A, attached hereto as Exhibit D.  The text of this order

makes it clear that Judge Weiner considered the fact that some FELA actions involve multiple

counts and causes of action, including asbestos claims, and that those actions would be

encompassed in MDL docket number 875.  In the end, Plaintiff has not provided any viable

argument that his FELA action does not belong on this docket.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Vacate the Conditional Transfer Order should be denied because his case is a proper tag along action in MDL Docket Number 875. Accordingly, the Panel should make its Conditional Transfer Order absolute and transfer the case of Jack Franklin v. CSX Transportation Inc., cause number 3:06-CV-1058 pending in the Southern District of Illinois, to MDL 875 in the Eastern District of Pennsylvania for further disposition.

Respectfully submitted,

Kurt E. Reitz, Illinois No. 06187793
525 West Main Street
P. O. Box 750
Belleville, Illinois  62222-0750
(618) 277-4700
(618) 236-3434 (facsimile)

OF COUNSEL:
THOMPSON COBURN LLP

Attorneys for Defendant
CSX Transportation, Inc.

3550116

## Certificate of Service

The undersigned hereby certifies that on this _23rd_ day of April, 2007, I mailed a copy of the foregoing document, postage prepaid, to the counsel named in the attached Panel Service List and also to:

Mr. Daniel R. Francis
Francis Law Firm, L.L.C.
6654 Chippewa
St. Louis, Missouri 63109
Attorneys for Plaintiff

Kurt E. Reitz, Illinois No. 06187793
525 West Main Street
P. O. Box 750
Belleville, Illinois  62222-0750
(618) 277-4700
(618) 236-3434 (facsimile)
Attorneys for Defendant CSX Transportation, Inc.

3550116

**PANEL SERVICE LIST (Excerpted from CTO-275)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Jack Franklin v. CSX Transportation, Inc., S.D. Illinois*, C.A. No. 3:06-1058

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Daniel R. Francis
Francis Law Firm, LLC
6654 Chippewa
St. Louis, MO 63109

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Kurt E. Reitz
Thompson & Coburn
525 West Main Street
P.O. Box 750
Belleville, IL 62222

John J. Repcheck
Marks, O'Neill, O'Brien
& Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

## SCHEDULE
### Pursuant to Rule 7.2(a)(ii) of the
### RULES OF PROCEDURE OF THE
### JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

(A)    Jack Franklin v. CSX Transportation, Inc.
(B)    United States District Court for the Southern District of Illinois; Division 3
(C)    3:06-cv-1058
(D)    Judge Michael Reagan

3553194

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| JACK FRANKLIN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. | 3:06-cv-1058 |
| | ) | | |
| CSX TRANSPORTATION, INC. | ) | | |
| | ) | | |
| Serve at: CT Corporation | ) | | |
| 208 S. LaSalle Street, Ste. 814 | ) | | |
| Chicago, IL 60604-1101 | ) | | |
| | ) | | |
| Defendant. | ) | | |

**COMPLAINT**

**Count I**

**Neck and Back Injuries**

COMES NOW Plaintiff, Jack Franklin, by and through his attorney, Daniel R. Francis of

the Francis Law Firm, L.L.C., and for his cause of action against Defendant, CSX Transportation,

Inc., a corporation, states:

1.       That the Defendant, CSX Transportation, Inc. (hereinafter "CSX"), a corporation,

is a railroad corporation doing business in the Madison County, Illinois.  CSX is the former

employer of Plaintiff.  Venue is proper pursuant to 45 U.S.C. §51.

2.       That the Plaintiff, John Franklin, an Illinois resident, at all times mentioned

herein, was an employee of Defendant CSX in numerous states, including Illinois, and was

working as an Trackman performing work in connection with railroad tracts and structures of the

Defendant utilized by it in interstate commerce of the United States, including routine work in St.

Clair and Madison County, Illinois.

3.       That at all times mentioned herein, Plaintiff, Jack Franklin, and Defendant, CSX,

were then and there employed and engaged in interstate commerce and by reason thereof, their

EXHIBIT A

mutual and respective rights and liabilities were governed by a certain Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C., Section 51, et seq.

4.     That throughout the time Plaintiff, Jack Franklin, was employed by the Defendant, CSX, Plaintiff was required as a Maintenance of Way employee, whose responsibilities include working on the tracks and was required to work with unsafe heavy, awkward, vibrating and torquing equipment in awkward positions while standing or kneeling on rough, uneven surfaces and locations, causing Plaintiff's back and neck to be injured and requiring medical treatment with possible future surgery to attempt to cure said injuries.  These injuries initially onset in approximately February 2004 and were diagnosed subsequently thereto.

5.     That at said time and place, the Defendant, CSX, was guilty of one or more of the following acts or omissions of negligence:

    a.)     Failed to furnish Plaintiff with a reasonably safe place to work;

    b.)     Failed to furnish Plaintiff with reasonably safe equipment with which to do his work;

    c.)     Failed to, in any way, provide equipment to mitigate the effect of its equipment and operations from repetitive motion, vibration and stress;

    d.)     Failed to provide sufficient safety equipment to prevent stresses from being transferred to his spine and related parts.

    g.)     Failed to provide reasonably safe work methods and appliances;

    h.)     Failed to provide a safe work environment which complied with its own pro-back program and with NIOSH standards based on the known studies.

    i.)     Failed to provide reasonably sufficient help.

6.     That as a result, in whole or in part, of the aforementioned negligence of the Defendant, CSX, the Plaintiff, Jack Franklin, has sustained occupationally connected low back and neck injuries which have caused and will continue to cause Plaintiff to sustain pain, suffering, and mental anguish.

7.      The Plaintiff has also been obliged and will probably be obliged to spend large sums of money in hospital and medical expenses while endeavoring to cure said injuries. This includes medical care and treatment. Plaintiff was caused to undergo medical treatment and painful tests; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further sums; Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened, all to Plaintiff's damage. Plaintiff has lost wages in excess of $300,000.00.

WHEREFORE, Plaintiff, Jack Franklin, prays that this Court enter Judgment against the Defendant, CSX, for a sum fair and reasonable under the circumstances in excess of the jurisdictional minimum of this Court, together with Plaintiff's costs herein expended.

**Count II**

**Asbestosis**

COMES NOW, Plaintiff Jack Franklin, by and through his undersigned counsel, Daniel R. Francis of the Francis Law Firm, L.L.C., and for his complaint against the CSX Transportation, Inc., states as follows:

1.      The following claim arises under an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C., Sections 51, 49 U.S.C. 20701, and 49 U.S.C. 20302, the following will hereinafter appear.

2.      The CSX Transportation, Inc. (hereinafter referred to as "CSXt") is and was a corporation and common carrier by railroad, owning, operating, and maintaining an interstate railroad system, including track facilities and business operations within Madison County, Illinois.

3.      At all times material hereto, the Plaintiff was employed by the Defendant in the maintenance of way and track department and the injuries and damages sustained by the Plaintiff, as hereinafter set forth, were sustained by the Plaintiff while engaged in the course of his

employment duties, and in furtherance of interstate commerce and directly or closely and substantially effecting such commerce.

4.      On May 12, 2004, Plaintiff Jack Franklin was diagnosed with asbestosis which was caused in whole or in part, while Plaintiff was working for the Defendant CSX.

5.      At all times relevant hereto, the acts of emission and commission which caused the injuries to the Plaintiff as set forth below were done by the Defendant, its agents, servants and/or employees acting in the course and scope of his employment within and under the direct and exclusive control of the Defendant.

6.      At all times relevant hereto, the property, equipment, materials and operations involved in the injuries sustained by the Plaintiff were owned and/or under the direct and exclusive control of the Defendant, its agents, servants and/or employees.

7.      Plaintiff's injuries were caused in whole or in part by the negligence of the Defendant generally and in the following particulars:

      (a)      In failing to use ordinary care to provide Plaintiff a reasonably safe place in which to work;

      (b)      In failing to supply safe methods for work;

      (c)      In failing to supply reasonably safe equipment;

      (d)      In failing to supply reasonably sufficient help

      (e)      In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which they were exposed in working with and around asbestos;

      (f)      In negligently requiring and/or allowing the Plaintiff to be exposed to dangerous levels of asbestos when it knew of the risks thereof;

      (g)      In negligently failing to inspect or monitor the occupational-related asbestos levels in the job duties where the Plaintiff was required to work;

      (h)      In negligently failing to warn the Plaintiff of the risk of asbestos exposure injuries as a result of exposure to asbestos;

8.      As a direct and proximate result of the negligence of the Defendant, as

herein above set forth, the Plaintiff has in the past experienced and endured, and may for an

indefinite period of time in the future experience and endure pain, suffering, inconvenience,

irritation, annoyance, have incurred or will incur medical expenses associated with diagnosis,

treatment and possibly the cure of his ailments; has been placed at risk for further injury; the

impairment of his earnings and earning capacity, the impairment of his general health, strength

and vitality, and the loss of the ability to enjoy the various pleasures of life.  Plaintiff has been

diagnosed with occupationally related asbestosis.

      WHEREFORE, the Plaintiff demands judgment in his favor and against Defendant CSX

in a fair and reasonable amount in excess of the jurisdictional minimum of this Court.

Respectfully Submitted,

FRANCIS LAW FIRM, L.L.C.

By: _____

      Daniel R. Francis, No. 6203035
      6654 Chippewa
      St. Louis, Missouri 63109
      (314) 752-3600

Attorney for Plaintiff Jack Franklin

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JACK FRANKLIN,

   Plaintiff,

vs.

CSX TRANSPORTATION, INC.,

   Defendant.

CASE NO. 3:06-CV-1058

JUDGE REAGAN

## NOTICE OF SENDING TAG-ALONG NOTICE TO THE CLERK OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

COMES NOW CSX Transportation, Inc. ("CSX"), by and through its counsel, and files herewith its letter to the Clerk of the Judicial Panel on Multidistrict Litigation regarding this potential tag-along action. The letter seeks transfer of this case in its entirety to MDL No. 875. The letter (without exhibits) is attached hereto as Exhibit A and incorporated herein by reference.

Respectfully submitted,

s/Kurt E. Reitz
Kurt E. Reitz, Illinois No. 06187793
525 West Main Street
P. O. Box 750
Belleville, Illinois 62222-0750
(618) 277-4700
(618) 236-3434 (facsimile)

OF COUNSEL:
THOMPSON COBURN LLP

Attorneys for Defendant
CSX Transportation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2007, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to Daniel R. Francis.

s/ Kurt E. Reitz

3508460

EXHIBIT B

# THOMPSON COBURN

*Thompson Coburn LLP*
*Attorneys at Law*

525 West Main Street
Post Office Box 750
Belleville, Illinois 62222-0750
618-277-4700
FAX 618-236-3434
www.thompsoncoburn.com

Crystal M. Campbell
618-236-3469
FAX 618-239-3003
EMAIL ccampbell@
thompsoncoburn.com

February 5, 2007

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:    Potential tag-along action; MDL Docket No. 875 (FELA asbestos)

Dear sir or madam:

Pursuant to my office's call of February 1, 2007, this letter is to notify the Clerk of the Judicial Panel on Multidistrict Litigation of a potential tag along action pending in the Southern District of Illinois - <u>Jack Franklin v. CSX Transportation Inc.</u>, cause no. 3:06-CV-1058, before Judge Reagan. A copy of the Complaint is attached hereto. Defendant filed a Notice of Tag Along Action, to which the Plaintiff objected and Defendant responded. *See pleadings, attached.*

Plaintiff brought the subject action for personal injuries against his employer, CSX Transportation, Inc., pursuant to the Federal Employers' Liability Acton December 29, 2006. This case involves claimed asbestos exposure and injury to a railroad worker. <u>See</u> Complaint, Paragraphs #4 and 7(a) – (h). Pursuant to Pretrial Order No. 5 in the Multidistrict Litigation pending in that court, Civil Action No. MDL 875, FELA actions wherein a plaintiff alleges that his personal injuries are due to exposure to asbestos in the railroad industry are to be transferred to the United States District Court for the Eastern District of Pennsylvania. *See* Pretrial Order No. 5, <u>In re:  Asbestos Products Liability Litigation (No. VI), FELA Actions,</u> Civil Action No. MDL 875.

The Order establishes that all actions pending in a United States District Court wherein a plaintiff alleges a cause of action under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. are to be transferred for further handling of the disposition to the court of the Honorable Charles J. Weiner, Judge of the United States District Court for the Eastern District of Pennsylvania. Accordingly, the Panel should transfer same to MDL 875 to the United States District Court for the Eastern District of Pennsylvania for further disposition.

For these reasons, CSX Transportation, Inc. respectfully requests that the Panel consider the transfer of this action from the Southern District of Illinois to the United States District Court for the Eastern District of Pennsylvania.

3510815                                    EXHIBIT A

February 1, 2007
Page 2


Very truly yours,

Thompson Coburn LLP

By
   Crystal M. Campbell

Enclosures

Cc: Mr. Daniel R. Francis
Francis Law Firm, L.L.C.
 6654 Chippewa
St. Louis, Missouri  63109

3510815

## Reitz, Kurt

| | |
|---|---|
| **From:** | ilsd_nef@ilsd.uscourts.gov |
| **Sent:** | Monday, February 05, 2007 4:54 PM |
| **To:** | ilsd_nef@ilsd.uscourts.gov |
| **Subject:** | Activity in Case 3:06-cv-01058-MJR-PMF Franklin v. CSX Transportation Inc "Notice (Other)" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**Southern District of Illinois**

Notice of Electronic Filing

The following transaction was received from Reitz, Kurt entered on 2/5/2007 at 4:53 PM CST and filed on 2/5/2007

**Case Name:**         Franklin v. CSX Transportation Inc
**Case Number:**      3:06-cv-1058
**Filer:**                  CSX Transportation Inc
**Document Number:** 12

**Docket Text:**
NOTICE by CSX Transportation Inc *of Sending Tag-Along Notice to the Clerk of the Judicial Panel on Multidistrict Litigation* (Attachments: # (1) Exhibit A)(Reitz, Kurt)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047403380 [Date=2/5/2007] [FileNumber=638564-0]
[cb9b25f305b49f1d4826b0c7bed2809c0f6e3daff8d31a5279a983ac040efb688b515
e5ce94bde06b00c632fff589a4e3e1126f83f06d11d98bdb2549e31673e]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047403380 [Date=2/5/2007] [FileNumber=638564-1]
[cb42c2c237f62c06642e8287a04eda45fe39c057ffa5328bbfd006117b5240adca472
0165bc61118d96852869788c31706cb9a26cbd6131fd7805cfdac590071]]

**3:06-cv-1058 Notice will be electronically mailed to:**

Daniel R. Francis    DanFrancis@sbcglobal.net, gmurchison@sbcglobal.net; emitchell70@aol.com

Kurt E. Reitz    kreitz@thompsoncoburn.com, hhooks@thompsoncoburn.com;
ccampbell@thompsoncoburn.com

**3:06-cv-1058 Notice will be delivered by other means to:**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 8 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-275)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 81,832 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

EXHIBIT C

## SCHEDULE CTO-275 - TAG-ALONG ACTIONS
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

DIST. DIV. C.A. #                  CASE CAPTION

**ARKANSAS WESTERN**
ARW 2  07-2004          Eddie Joe Wooten, et al. v. CertainTeed Corp., et al.

**CALIFORNIA EASTERN**
CAE 1  07-85            Calvin Hobbs v. Burlington Northern & Santa Fe Railway Co.

**CALIFORNIA NORTHERN**
CAN 3  07-241           Carla Groce, et al. v. Todd Shipyards Corp., et al.
CAN 3  07-702           Geraldine Burton, et al. v. A.W. Chesterton Co., et al.

**FLORIDA NORTHERN**
FLN 3  06-479           James Timothy Prescott, etc. v. A.W. Chesterton Co., et al.

**ILLINOIS CENTRAL**
ILC 1  06-1308          Nadra O'Keefe, etc. v. AGA Gas Inc., et al.

**ILLINOIS SOUTHERN**
ILS 3  06-1058          Jack Franklin v. CSX Transportation, Inc.
ILS 3  07-1             Steven Gray, et al. v. BNSF Railway Co.

**KENTUCKY WESTERN**
KYW 3  07-65            Robert Moeller, et al. v. Garlock Sealing Technologies, LLC, et al.

**LOUISIANA EASTERN**
LAE 2  06-10560         Auter Earl Barney v. Insurance Co. of North America., et al.
LAE 2  07-577           Shirley Sommers, et al. v. Air Liquide-Big Three, Inc., et al.

**MASSACHUSETTS**
MA 1  05-11149          Robert Grazioso, et al. v. Metropolitan Life Insurance Co., et al.
MA 1  06-10270          Gary Anderson, etc. v. A.W. Chesterton Co., et al.
MA 1  06-11064          Pamela V. Koger v. A.W. Chesterton Co., et al.
MA 1  06-11148          John F Welch, Jr., etc. v. Metropolitan Life Insurance Co., et al.

**MARYLAND**
MD 1  06-3319           Linda Hudson, et al. v. Rapid-American Corp., et al.

**MISSOURI WESTERN**
MOW 6  06-3472          Larry F. Schauf, et al. v. 3M Co., et al.

**MISSISSIPPI SOUTHERN**
MSS 1  07-20            Robert Irving v. ITT Corp., et al.
MSS 1  07-23            Felicia White, et al. v. Owens-Illinois, Inc., et al.
MSS 1  07-59            Lula Adams Grant v. William Powell International Sales Corp., et al.

**NORTH CAROLINA MIDDLE**
NCM 1  07-56            Peggy R. Morgan v. Borg-Warner Corp., et al.
NCM 1  07-101           John Wilburn Sheets, et al. v. Aqua-Chem, Inc., et al.
NCM 1  07-102           Brenda T. Caudle, etc. v. Aqua-Chem, Inc., et al.

SCHEDULE CTO-275 - TAG ALONG ACTIONS - MDL-875                    Page 2 of 5

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|

**NORTH CAROLINA MIDDLE**

| | |
|---|---|
| NCM 1  07-105 | Grady Vernon Holmes v. Aqua-Chem, Inc., et al. |
| NCM 1  07-107 | Carl Vernon Allmon, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1  07-116 | Alden Bryan Pearson, Jr., et al. v. Aqua-Chem, Inc., et al. |

**NORTH CAROLINA WESTERN**

| | |
|---|---|
| NCW 1  07-4 | Jerry Richard Alexander, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-5 | Vincent Jerome Brooks, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-6 | Ricky Alexander Cherry, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-7 | Paul Rudisill Dellinger, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-8 | James Purser Sherrill, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-10 | Clarence B. Beard, III, et al. v. 3M Co., et al. |
| NCW 1  07-13 | Johnny James Thrasher, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-14 | Abraham Norris, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-15 | Wayne Gordon Murphy, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-25 | Roland William Hager, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-26 | Wade Christopher Kastner, Sr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-27 | John Lester Little, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-29 | Gene Alphonso McConneaughey v. Aqua-Chem, Inc., et al. |
| NCW 1  07-30 | David Steven Miller, et al.v. Aqua-Chem, Inc., et al. |
| NCW 1  07-31 | Todd Howard Sherrill v. Aqua-Chem, Inc., et al. |
| NCW 1  07-33 | Ernest Blanton Koone, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-34 | Anthony Dean Hardin, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-35 | Stephen Andrew Kularski, et al. v Aqua-Chem, Inc., et al. |
| NCW 1  07-36 | Boyd T. Towery, Jr. v. 3M Co., et al. |
| NCW 1  07-37 | Kenneth Alan McAlister, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-38 | Dean McCorkle, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-39 | Bobby Allen Sims, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-46 | Randy L. Johnson v. 3M Co., et al. |
| NCW 1  07-48 | Carroll Lee Munday, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-49 | Randy Eugene Arrowood, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-50 | Ronald Lee Hamrick, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-51 | Dennis Trevior McDowell, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-52 | James Thomas Honeycutt, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-55 | Michael E. Tuttle, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-57 | Linda Faye Bishop v. Aqua-Chem, Inc., et al. |
| NCW 1  07-58 | James Richard Hood, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-59 | Reggie Blake Norman, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-60 | Terry Alvin Devine, Sr., et al. v. Aqua-Chem, Inc., et al. |

**NEW YORK EASTERN**

| | |
|---|---|
| NYE 1  07-258 | Charles B. Young, et al. v. A.W. Chesterton Co., et al. |
| NYE 1  07-260 | Lionel E. Cripe, et al. v. A.W. Chesterton Co., et al. |
| NYE 1  07-261 | Sari J. Gabrielli, etc. v. A.W. Chesterton Co., et al. |
| NYE 1  07-262 | Bea Aguilar, etc. v. A.W. Chesterton Co., et al. |
| NYE 1  07-273 | William Prestis, Sr., et al. v. A.W. Chesterton Co., et al. |
| NYE 1  07-359 | Arlene D. Welch, etc. v. A.W. Chesterton Co., et al. |
| NYE 1  07-360 | Eleanor Koerner, etc. v. A.W. Chesterton Co., et al. |

**NEW YORK SOUTHERN**

| | |
|---|---|
| NYS 1  06-15395 | Talbot P. Frawley, et al. v. General Electric Co., et al. |

**OHIO NORTHERN**

| | |
|---|---|
| OHN 1  06-10006 | Rovert E. Ferguson, et al. v. Lorillard Tobacco Co., Inc., et al. |

SCHEDULE CTO-275 - TAG ALONG ACTIONS - MDL-875

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **PENNSYLVANIA WESTERN** | |
| PAW 2  07-40 | Dorsey D. Weikert, Jr. v. Consolidated Rail Corp., et al. |
| | |
| **SOUTH CAROLINA** | |
| SC  0  07-30 | Walter Steve Robinson, et al. v. Aqua-Chem, Inc., et al. |
| SC  0  07-34 | Roger Dale Melton, et al. v. Aqua-Chem, Inc., et al. |
| SC  0  07-240 | Kenneth Wayne McDonald, et al. v. Aqua-Chem, Inc., et al. |
| SC  0  07-242 | Wayne Brian Madsen, et al v. Aqua-Chem, Inc., et al. |
| SC  0  07-257 | Neil Mitchell Nolen, et al v. Aqua-Chem, Inc., et al. |
| SC  0  07-258 | Howard Benjamin Hodge, et al. v. Aqua-Chem, Inc., et al. |
| SC  0  07-348 | Harold Gene Heath, et al. v. Aqua-Chem, Inc., et al. |
| SC  0  07-440 | Fred Ray Baker, Sr., et al. v. Aqua-Chem, Inc., et al. |
| SC  2  06-1113 | Joann P. Howard, etc. v. Owens-Illinois, Inc., et al. |
| SC  2  07-337 | Harold L. Albertson, et al. v. Bayer CropScience, Inc., et al. |
| SC  2  07-338 | James Herman Collins v. Bayer CropScience, Inc., et al. |
| SC  2  07-468 | Thelma G. Campbell, etc. v. Owen-Illinois, Inc., et al. |
| SC  6  07-241 | Ernest Hoyt Horne, et al. v. Aqua-Chem, Inc., et al. |
| SC  7  07-32 | Mickey Lane Standridge, et al. v. Aqua-Chem, Inc., et al. |
| SC  7  07-33 | James Edward Parker, et al. v. Aqua-Chem, Inc., et al. |
| SC  7  07-36 | Roy Wade Seagle, et al. v. Aqua-Chem, Inc., et al. |
| SC  7  07-367 | Dennis Silvers, et al. v. Aqua-Chem, Inc., et al. |
| SC  7  07-393 | William E. Dover, et al. v. Aqua-Chem, Inc., et al. |
| SC  7  07-439 | Billy Ray Gordon, et al. v. Aqua-Chem, Inc., et al. |
| SC  8  06-570 | Walter David James, et al. v. Aqua-Chem, Inc., et al. |
| SC  8  06-941 | William Maurice Gould, et al. v. Aqua-Chem, Inc., et al. |
| SC  8  06-942 | William Robert Cowart, et al. v. Aqua-Chem, Inc., et al. |
| SC  8  07-29 | Stanley Roberts Pope, et al. v. Aqua-Chem, Inc., et al. |
| SC  8  07-239 | Tommy Joe King v. Aqua-Chem, Inc., et al. |
| SC  8  07-256 | Dennis Hayden McCall, et al. v. Aqua-Chem, Inc., et al. |
| SC  8  07-435 | Donny Edward Stewart, et al. v. Aqua-Chem, Inc., et al. |
| SC  8  07-436 | Horace Alfred Kelley, et al. v. Aqua-Chem, Inc., et al. |
| SC  8  07-437 | Curtis Clinton Mitchum, Jr., et al. v. Aqua-Chem, Inc., et al. |
| | |
| **TEXAS NORTHERN** | |
| TXN  4  07-82 | Marsha Geffert, et al. v. CertainTeed Corp., et al. |
| | |
| **TEXAS SOUTHERN** | |
| TXS  4  07-130 | Allan Cardwell, et al. v. The Boeing Co., et al. |
| | |
| **VIRGINIA EASTERN** | |
| VAE  2  06-9103 | Richard W. Grapes v. American Standard, Inc., et al. |
| VAE  2  06-9104 | Gordon W. Jones v. American Standard, Inc., et al. |
| VAE  2  06-9105 | William H. Monroe, Jr., etc. (Floyd Raymond Skangel) v. American Standard, Inc., et al. |
| VAE  2  06-9106 | Lucy S. Ward v. American Standard, Inc., et al. |
| VAE  2  06-9107 | Margie E. Birmingham v. American Standard, Inc., et al. |
| VAE  2  06-9108 | Roberto P. Gallegos v. American Standard, Inc., et al. |
| VAE  2  06-9109 | Terry D. Nealey v. American Standard, Inc., et al. |
| VAE  2  06-9110 | Richard B. Nelson v. American Standard, Inc., et al. |
| VAE  2  06-9111 | Floyd C. Olson v. American Standard, Inc., et al. |
| VAE  2  06-9112 | Charles L. Papke v. American Standard, Inc., et al. |
| VAE  2  06-9113 | Leon R. Paquette v. American Standard, Inc., et al. |
| VAE  2  06-9114 | James H. Rickard v. American Standard, Inc., et al. |
| VAE  2  06-9115 | George D. Ryan v. American Standard, Inc., et al. |
| VAE  2  06-9116 | Willus C. Stream v. American Standard, Inc., et al. |

SCHEDULE CTO-275 - TAG ALONG ACTIONS - MDL-875                    Page 4 of 5

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|

**VIRGINIA EASTERN**

| | |
|---|---|
| VAE 2  06-9117 | Lawrence R. Watters v. American Standard, Inc., et al. |
| VAE 2  06-9118 | Leroy White v. American Standard, Inc., et al. |
| VAE 2  06-9119 | Eulalio Flores v. American Standard, Inc., et al. |
| VAE 2  06-9120 | James A. Fowlkes v. American Standard, Inc., et al. |
| VAE 2  06-9121 | Venice Linville v. American Standard, Inc., et al. |
| VAE 2  06-9122 | Andrew G. Matson v. American Standard, Inc., et al. |
| VAE 2  06-9123 | Justin E. Miller v. Norfolk Southern Railway Co. |
| VAE 2  06-9124 | Tom K. Wilson v. American Standard, Inc., et al. |
| VAE 2  06-9125 | Darwin W. Bales v. Norfolk Southern Railway Co. |
| VAE 2  06-9126 | Joseph D. Broadhurst, Sr. v. Norfolk Southern Railway Co. |
| VAE 2  06-9127 | Kit H. Loveless v. Norfolk Southern Railway Co. |
| VAE 2  06-9128 | James M. Nickell v. Norfolk Southern Railway Co. |
| VAE 2  07-9129 | Lorenzo G. Dominguez v. American Standard, Inc., et al. |
| VAE 2  07-9130 | James C. Frizzell v. American Standard, Inc., et al. |
| VAE 2  07-9131 | Richard J. Gordon v. American Standard, Inc., et al. |
| VAE 2  07-9132 | M. Edward Heckman v. American Standard, Inc., et al. |
| VAE 2  07-9133 | Arnold W. Hellenberg v. American Standard, Inc., et al. |
| VAE 2  07-9134 | Gilbert S. Hernandez v. American Standard, Inc., et al. |
| VAE 2  07-9135 | Donald E. Jenkins v. American Standard, Inc., et al. |
| VAE 2  07-9136 | Charles L. Kunkleman v. American Standard, Inc., et al. |
| VAE 2  07-9137 | Curtis E. McMorris v. American Standard, Inc., et al. |
| VAE 2  07-9138 | James A. Miller v. American Standard, Inc., et al. |
| VAE 2  07-9139 | Raymond J. Peters v. American Standard, Inc., et al. |
| VAE 2  07-9140 | James M. Phillips v. American Standard, Inc., et al. |
| VAE 2  07-9141 | John T. Swaine v. American Standard, Inc., et al. |
| VAE 2  07-9142 | Ivan Conder v. American Standard, Inc., et al. |
| VAE 2  07-9143 | Thomas C. Ford v. American Standard, Inc., et al. |
| VAE 2  07-9144 | C. L. Hughes v. American Standard, Inc., et al. |
| VAE 2  07-9145 | Paul H. Jean v. American Standard, Inc., et al. |
| VAE 2  07-9146 | Harry L. O'Donnell v. American Standard, Inc., et al. |
| VAE 2  07-9147 | Jack G. O'Donnell v. American Standard, Inc., et al. |
| VAE 2  07-9148 | Clarence W. Pierce v. American Standard, Inc., et al. |
| VAE 2  07-9149 | Carl L. Stewart v. American Standard, Inc., et al. |
| VAE 2  07-9150 | Clifford M. Holwegner v. American Standard, Inc., et al. |
| VAE 2  07-9151 | Richard L. Beasley v. American Standard, Inc., et al. |
| VAE 2  07-9152 | Robert P. Carpineta v. American Standard, Inc., et al. |
| VAE 2  07-9153 | Ronald J. Curin v. American Standard, Inc., et al. |
| VAE 2  07-9154 | Jesse R. Garcia v. American Standard, Inc., et al. |
| VAE 2  07-9155 | William H. Monroe, Jr., etc. (Ronald M. Jones, Jr.) v. American Standard, Inc., et al. |
| VAE 2  07-9156 | Alton J. Hardaway v. American Standard, Inc., et al. |
| VAE 2  07-9157 | Jose L. Otero v. American Standard, Inc., et al. |
| VAE 2  07-9158 | Karl D. Rimer, Sr. v. American Standard, Inc., et al. |
| VAE 2  07-9159 | Donald T. Throenle, Sr. v. American Standard, Inc., et al. |
| VAE 2  07-9160 | Thomas H. Tillett v. American Standard, Inc., et al. |
| VAE 2  07-9161 | Doran R. Brechmann, Sr. v. American Standard, Inc., et al. |
| VAE 2  07-9162 | Calvin S. Redford v. American Standard, Inc., et al. |
| VAE 3  07-68 | Barbara Anne Anderson v. Alfa Laval, Inc., et al. |

**WASHINGTON WESTERN**

| | |
|---|---|
| WAW 2  06-1819 | Frances Baker, et al. v. C.H. Murphy/Clark-Ullman, Inc., et al. |

**WISCONSIN EASTERN**

| | |
|---|---|
| WIE 2  06-1169 | Edmund L. Scheffel v. Dynegy Corp., et al. |

SCHEDULE CTO-275 - TAG ALONG ACTIONS - MDL-875                Page 5 of 5

<u>DIST. DIV. C.A. #</u>                <u>CASE CAPTION</u>

WISCONSIN WESTERN
  WIW  3   06-672                Ernest Crotteau v. Dynegy Corp., et al.

FILED DEC 20 1991

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   DEC 26 1991

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:     ASBESTOS PRODUCTS LIABILITY
           LITIGATION (NO. VI)                    :    CIVIL ACTION
                                                       NO. MDL 875
——————————————————————————x

THIS DOCUMENT RELATES TO:  ALL FELA ACTIONS     :

——————————————————————————x

PRETRIAL ORDER NO. __5__

Pursuant to the Order dated July 29, 1991, by the Judicial Panel on Multidistrict

Litigation, designating the undersigned as Transferee Judge, and following consultation with

and recommendation from defense and plaintiffs' counsel, the Court ORDERS:

I.    **FILING AND DOCKETING**

A.    The Master Docket (C.A. No. MDL 875) established by Pretrial Order
      No. 1 (9/18/91) shall include a separate docket which pertains only to
      those actions where it is alleged that a plaintiff's exposure to asbestos
      took place in the Railroad industry; and where at least one cause of
      action or claim seeks recovery under the FELA for personal injury
      and/or death.

      1.    All pleadings, including motions, in the FELA cases shall be filed
            with the transferor court.  All rulings on motions shall remain the
            responsibility of the transferor court unless specifically referred to
            the transferee court by the transferor court.

      2.    All pleadings shall set forth the following caption:            12/16/93

                                    12/23/91

CLERK OF COURT          EXHIBIT D

PER
PROCESS
X CHARGE
DKTD
CTRMDEP
DOC. NO

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:    ASBESTOS PRODUCTS LIABILITY          :       FELA ACTION
          LITIGATION (NO. VI)                  :
----------------------------------------------------------------x

THIS DOCUMENT RELATES TO:                      :
                                                       CIVIL ACTION
----------------------------------------------------------------x       NO. MDL 875

3.   Following the words "This Document Relates To:" shall appear the case caption for the transferor court including the named plaintiff(s) and defendant(s), the transferor court and the court term and number.

4.   When a document is filed which is applicable to all of the actions consolidated under MDL 875, the words "All FELA Actions" shall appear after the words "This Document Relates To:"

     (a)   Any pleadings captioned or relating to "All FELA Actions" shall be filed with the clerk of the transferee court.

     (b)   One copy of every such pleading filed shall be served by mailing to plaintiffs' and defendants' liaison counsel as set forth in Section IV.

     (c)   Responses to such motions or pleadings shall be due within 30 days of service by liaison counsel upon individual counsel. Liaison counsel shall make every effort to effect service on individual counsel within 5 days of receipt of pleadings.

     (d)   Service of Motions in "All FELA Actions" shall be made on liaison counsel 15 days prior to submission to the Court.

B.   Each clerk of a transferor court shall advise the transferee judge on a monthly basis regarding all new FELA asbestos cases filed, by date filed, court number, caption and counsel representing all parties. This shall satisfy any further responsibility of counsel to notify the transferee court of actions which were, or are in the future, filed subsequent to the creation of the initial MDL Master Docket.

2

II.   MOTIONS AND PLEADINGS IN NON FELA ASBESTOS ACTIONS

    A.   No Motions or other Pleadings in non FELA asbestos actions shall apply to the FELA cases unless by specific order of the transferee court.

    B.   No master interrogatories or other discovery either by plaintiff or defendants in non FELA asbestos actions shall apply to the FELA cases unless by specific order of the transferee court.

III.   DISCOVERY

    A.   There shall be a moratorium on all discovery except for the following:

        1.   If not previously disclosed, plaintiff's counsel shall supply defendant's counsel with those items listed below which are in plaintiff's custody or control:

            (a)   Plaintiff's name, address, social security number, date of birth and date of death (if applicable);

            (b)   Plaintiff's diagnosis;

            (c)   Medical authorization forms;

            (d)   All medical records, including expert reports, in the possession of the plaintiff or his counsel;

            (e)   Names and addresses of all of plaintiff's health care providers;

            (f)   Any Railroad Retirement Board information in the possession of the plaintiff or his counsel; and

            (g)   Any x-rays, pathology reports, CT scans, radiologists reports, and pulmonary function test data in the possession of the plaintiff or his counsel.

        2.   Defendants shall have the opportunity to depose the plaintiff provided that defendant believes such deposition is necessary to the good faith evaluation of the case for settlement purposes.

3. Defendant will supply plaintiff's counsel with available corporate medical and personnel files within a reasonable time.

4. Following compliance with Paragraph III A (1), plaintiff's counsel may notice the videotape or evidentiary deposition of the plaintiff upon 10 days notice, without further court order.

5. If employment cannot be verified, defendant's counsel shall notify plaintiff's counsel and Railroad Retirement Board personnel records shall be obtained at defendant's expense.

IV. LIAISON COUNSEL

A. FELA Defendants' Liaison Counsel shall be:

Lisa Pupo Lenihan, Esq.
David A. Damico, Esq.
BURNS, WHITE & HICKTON
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222-3001
(412) 394-2508
FAX:  (412) 281-1352

1. FELA Defendants' Steering Committee shall include:

Lisa Pupo Lenihan, Esq.
David A. Damico, Esq.
BURNS, WHITE & HICKTON
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222-3001
(412) 394-2508
FAX:  (412) 281-1352

4

Russell H. Hart, Esq.
Anthony S. Benton, Esq.
STUART & BRANIGIN
Post Office Box 1010
Lafayette, IN 47902
(317) 423-1561
FAX: (317) 742-8175

Randall A. Jordan, Esq.
JORDAN & O'DONNELL
1528 Ellis Street
Post Office Box 2115
Brunswick, GA 31521
(912) 262-9200
FAX: (912) 262-0277

Tim I. McCann, Esq.
McCANN & MAILEY
1831 Chestnut St., Suite 202
Philadelphia, PA 19103-3708
(215) 568-1133
FAX: (215) 568-1392

B.    FELA Plaintiffs' Liaison Co-counsel shall be:

John D. Roven, Esq.
JONES AND GRANGER
Post Office Box 4340
Houston, TX 77210
(800) 231-3359
FAX: (713) 956-7139

Raymond P. Forceno, Esq.
BROBYN & FORCENO
1000 The Philadelphia Bourse
Independence Mall East
Philadelphia, PA 19106
(215) 732-1630
FAX: (215) 923-8507

1.    FELA Plaintiffs' Steering Committee shall include:

William Fedullo, Esq.
HUNTER & FEDULLO
The Curtis Center
7th & Walnut Sts., Suite 770W
Philadelphia, PA 19106
(215) 238-6500
FAX:  (215) 238-6505

Robert Naumes, Esq.
THORNTON, EARLY & NAUMES
200 Portland Street
Boston, MA 02114
(617) 720-1333
FAX:  (617) 720-2445

Joseph F. Rice, Esq.
MOTLEY, LOADHOLT, RICHARDSON & POOLE
174 E. Bay St., Suite 100
Post Office Box 1137
Charleston, SC 29401
(803) 577-6747
FAX:  (803) 577-7513

Martin Greitzer, Esq.
GREITZER & LOCKS
1500 Walnut St., 21st flr.
Philadelphia, PA 19102
(215) 893-0100
FAX:  (215) 985-2960

It shall be the responsibility of each counsel representing plaintiffs or
defendants in the FELA asbestos litigation to provide to liaison counsel
their name, firm name, address, phone number, fax number and client
(if defense counsel).  If plaintiffs counsel, they shall submit a list of
jurisdictions and divisions in which their cases are filed with the
approximately number of cases in each location.  Liaison counsel shall
then be responsible to maintain a counsel list and to forward to all
defendant and plaintiff counsel respectively only those documents and
pleadings which relate to "All FELA Actions." Documents and pleadings
pertinent to individual cases shall be served by individual counsel and
not by liaison counsel.  Liaison counsel shall not accept service of any
pleadings on behalf of parties other than their own clients.

6

D.   Joint efforts by or among the defendants or plaintiffs, including writings and oral communications, regarding the administration and handling of these cases shall be privileged, shall not in any way waive the attorney-client privilege, the joint defense privilege, the protection afforded attorney work product, or any other privilege to which a party may otherwise be entitled.

E.   Each individual counsel for plaintiff or defendant retains the right to dissent from any decision, motion, pleading or agreement entered into or filed by either the joint defense or joint plaintiffs' group.

V.   PROCEDURES

A.   Settlement Conferences

1.   Judicial presence and/or involvement in settlement conferences shall be by request only. Either party may request transferee court involvement only after the production of the information set forth in Paragraph (2) below, and only following a good faith attempt of the parties to settle the case(s) without judicial intervention.

2.   Judicially supervised settlement conferences may be requested in writing by either party. Said request should specify the case name, court and docket number. At the time of a request by plaintiffs' counsel, plaintiffs' counsel shall provide the following to defense counsel to the extent that said information has not already been provided;

(a)   The name, social security number, date of birth of plaintiff and date of death, if applicable;

(b)   Specific employment history of the plaintiff including dates of employment with and identities of railroads employed by; crafts employed in by date; and all outside railroad employment including job descriptions;

(c)   A complete smoking history of the plaintiff including years he smoked and packs per day;

(d)   A specific description of all of the asbestos-containing products to which plaintiff was allegedly exposed to, including exposure dates and manner of exposure;

(e)   In the event a railroad manufacturer or third party is a party to the case, plaintiffs' counsel shall submit the name of any manufacturers of asbestos-containing products to which plaintiff was allegedly exposed;

(f)   Disease diagnosed together with the date of diagnosis;

(g)   All expert reports and all medical records of plaintiff or a list of all treating physicians and hospitals, including addresses and dates of treatment together with authorizations;

(h)   Pathology reports, x-rays, CT scans, pulmonary function tests, radiologist reports, death certificates and autopsy reports;

(i)   If the plaintiff is receiving Railroad Retirement Board disability benefits, plaintiff shall obtain and produce the Railroad Retirement Board case file;

(j)   A statement as to whether or not a claim for special damages, including but not limited to medical expenses and lost wages, is being asserted and if so the amount being claimed and the basis for the calculation as to the amount. In addition, plaintiff shall provide information as to any persons for which plaintiff is responsible for support; or persons who are entitled to damages in the event of death including name, date of birth and relationship; and

(k)   A settlement demand.

3.   Defendants shall have 30 days from receipt of all materials to prepare for settlement conferences.

4.   Settlement conferences may be composed of not more than 25 cases at one time, unless specifically agreed otherwise and the disease processes shall include a mix of pleural, asbestos and malignancies, if such are available for discussion.

5.   Every attempt shall be made to negotiate the oldest cases filed first.

8

6.    Each railroad defendant shall be prepared to negotiate not more than twenty-five (25) cases per month.

7.    Cases which are not settled, following a good faith attempt by all parties, shall be subject to remand. All requests for a suggestion of remand shall be accompanied by a written Statement of Position regarding the remand. It shall be served upon all remaining parties to the action no less than five (5) days prior to a telephone or personal conference on the matter which shall be scheduled by the party requesting the remand. The Statement of Position shall set forth the names of all remaining parties, the efforts made to settle the case, the current status of settlement negotiations, and the envisioned impediments to settlement. Opposing counsel may respond in writing or orally at the conference. All parties shall be prepared to fully discuss A.D.R. solutions for the action. The Court shall enter such orders following the conference as may be appropriate.

## VI. EXPEDITED PROCEDURES FOR MALIGNANCIES/TERMINAL CASES

A.    Any railroad asbestos personal injury case, whether or not set for trial, in which plaintiff alleges mesothelioma, terminal asbestos or asbestos-related malignancies and who files an affidavit by a qualified physician that such person is in imminent danger of death, shall be treated as follows:

1.    Plaintiffs shall provide to defendants' liaison counsel and defendant designated counsel the information set forth in Paragraph III above, together with pathology slides and specimens, to be used for settlement evaluation.

2.    Fifteen (15) days after receipt of the information from plaintiff's counsel, defendants' counsel shall notify plaintiff's counsel in writing concerning what additional information is needed for settlement evaluation.

9

3.  Thirty (30) days after receipt from plaintiffs' counsel of the additional information, a settlement conference shall be held and if the case is not resolved it shall be subject to remand pursuant to Paragraph V, 7. Request for judicial intervention into the settlement process may be requested by either party within the 30 day period. In the event that settlement is not achieved, the case shall be subject to the applicable remand provisions of Paragraph V, 7 except that the estates of, or personal representatives of plaintiffs who die during participation in the expedited process established herein will be entitled to an earlier trial setting pursuant to Paragraph V, 7 (a).

## VII.  EFFECT

A.  Copies of this Order shall be sent to the clerk of all the district courts in which FELA asbestos actions are currently pending so that the courts may act pursuant to such Order.

B.  This Pretrial Order shall govern all FELA asbestos actions and shall supersede any other case management orders previously entered by this Court.

Dated:_____

_____
Charles R. Weiner, J.