

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 25 2007

FILED
CLERK'S OFFICE

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| LINDA HUDSON as Personal Representative for the Estate of ALTON L. HUDSON, et al. | * | |
| | * | MDL-875 |
| Plaintiffs | * | In re Asbestos Products Liability Litigation (No. VI) |
| v. | * | |
| RAPID AMERICAN CORPORATION, et al. | * | D. Maryland |
| | * | |
| Defendants | * | C.A. No. 1:06-3319-JFM |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT CBS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation [hereinafter "CBS Corporation"], by its undersigned counsel, hereby opposes Plaintiff's Motion to Vacate Conditional Transfer Order, and in support of that opposition, states the following:

### I. BACKGROUND

A. **PROCEDURAL HISTORY.**

Plaintiffs originally filed their Complaint in the Circuit Court for Baltimore City on October 16, 2006, alleging occupational exposure of Decedent Alton L. Hudson ["Decedent"]

OFFICIAL FILE COPY

IMAGED APR 26 2007



to asbestos. On or about November 10, 2006, CBS Corporation was served[1] via certified mail with Plaintiffs' Short Form Complaint and various attachments, including, *inter alia*, a report from Plaintiffs' expert Jerrold L. Abraham, MD., provided in a letter to Plaintiffs' counsel, dated July 24, 2006. Dr. Abraham's report clearly indicates that, based on the documents provided to him by Plaintiffs, the Decedent was allegedly exposed to asbestos on a regular and frequent basis throughout the Coast Guard Yard in Curtis Bay, Maryland for a period of approximately twenty-two years. As the Coast Guard Yard is an exclusive federal enclave, the U.S. District Court has original jurisdiction over actions arising therein, and Defendants had a statutory right to remove this matter to U.S. District Court pursuant to 28 U.S.C. § 1441. Consequently, after obtaining the written joinder and consent of all other known defendants to the action, on December 11, 2006 CBS Corporation timely removed the action to the United States District Court for the District of Maryland.

Subsequently, on January 9, 2007, Plaintiffs filed a Motion to Remand and a Memorandum in Support [collectively, "Motion to Remand"], arguing that the case should be appropriately decided in the Circuit Court for Baltimore City.[2] (Attached as Exh. 1 to Pls' Mot. to Vacate Conditional Transfer Order). Defendant CBS Corporation filed an Opposition to Plaintiffs' Motion to Remand ["Opposition"] on January 26, 2007, and Plaintiffs filed a Reply on February 9, 2007. With Plaintiffs' consent, the U.S. District Court granted CBS Corporation's Motion for Leave of Court to File a Surreply, and CBS Corporation filed a

---

[1] CBS Corporation was improperly named and served in this action as, "CBS CORPORATION, f/k/a WESTINGHOUSE and B.F. STURTEVANT & Viacom."
[2] However, CBS Corporation notes that the Plaintiffs did not raise any procedural objections relating to the time period in which the removal was filed, or to the joinder of the other defendants in the matter. Accordingly, all such procedural objections have been waived.

2

Surreply Memorandum on March 3, 2007. This matter is still pending before the U.S. District Court for the District of Maryland, and no hearing has been scheduled.

The Judicial Panel on Multidistrict Litigation ["MDL Panel"] then issued a Conditional Transfer Order (CTO-275) on March 8, 2007, conditionally transferring this action to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. On April 5, 2007, Plaintiffs filed a Motion to Vacate Conditional Transfer Order and a Brief in Support, arguing that "the transfer of this case to MDL for the purpose of resolution of pre-trial issues common to all asbestos cases is unjustified." (Pls.' Br. 2). Subsequently, on April 12, 2007, the MDL Panel issued a Hearing Session Order, which indicated, *inter alia*, that the present action will be considered by the Panel without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001), on May 31, 2007.

**B.    LEGAL SUMMARY.**

Under 28 U.S.C. § 1407, the MDL Panel may transfer civil actions involving one or more common questions of fact, pending in different districts, to any district for coordinated or consolidated pretrial proceedings, upon the Panel's determination that transfers for such proceedings will be for the convenience of parties and witnesses, and will promote the just and efficient conduct of such actions. Accordingly, the MDL Panel determined that asbestos litigation should be consolidated in order to serve the objectives set forth in the MDL statutory scheme; the Panel concluded that centralization of these actions under § 1407 would streamline the pretrial proceedings and avoid the most objectionable aspects of asbestos litigation – e.g. growing state and federal court dockets, delays, lengthy trials, repetition of litigation, higher

costs than recoveries, etc. – which result from the large number and complexity of cases alleging personal injury and/or wrongful death as a result of asbestos exposure. *In re Asbestos Products Liability Litigation*, 771 F.Supp. 415; *see also Report of The Judicial Conference Ad Hoc Committee on Asbestos Litigation*, 1-3 (1991).

Therefore, pursuant to 28 U.S.C. § 1407, on July 29, 1991, the MDL Panel transferred 21,937 civil actions to the U.S. District Court for the Eastern District of Pennsylvania ["Asbestos MDL Court"] for coordinated or consolidated pretrial proceedings. *See* 771 F.Supp. 415 (J.P.M.L. 1991) (*cited in Docket No. 875, Before the Judicial Panel on Multidistrict Litigation, In re Asbestos products Liability Litigation (No. VI), Conditional Transfer Order* (CTO-275)). Since that time, 81, 832 additional actions have been transferred to the Asbestos MDL Court, and all actions have been assigned to the Honorable James T. Giles. (CTO-275.) These later cases, termed "tab-along actions," are transferred by the MDL Panel pursuant to Rule 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* ["R.P.J.P.M.L."], 199 F.R.D. 425, 435-36 (2001). A "tag-along action" refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under 28 U.S.C. § 1407. Rule 1.1, R.P.J.P.M.L, 199 F.R.D. 425.

## II. ARGUMENTS

In their Motion to Vacate, Plaintiffs assert that transfer of this action by the Judicial Panel on Multidistrict Litigation [hereinafter "MDL Panel"] to the U.S. District Court for the Eastern District of Pennsylvania is unjustified, based upon arguments that can be summarized as follows: 1). the common issues of fact have already been decided by Maryland State Courts, and thus their resolution by the Eastern District of Pennsylvania would be redundant,

4

inefficient, and inconvenient to the parties; and 2). transfer would only result in unwarranted delay of Plaintiff-specific issues and discovery, as matters would only be considered by the transferee court after the Eastern District of Pennsylvania has decided the common pre-trial issues. CBS Corporation refutes each of these contentions below, demonstrating that Plaintiffs' arguments are factually and legally flawed, and are based on erroneous assumptions.

A.  **THIS ACTION PRESENTS COMMON QUESTIONS OF FACT WITH CASES PREVIOUSLY TRANSFERRED TO ASBESTOS MDL COURT, THEREBY GIVING MDL PANEL DISCRETION TO TRANSFER THE MATTER (PLAINTIFFS' CONFUSION OF RELEVANT TERMS NOTWITHSTANDING).**

CBS Corporation asserts that the present matter involves questions of fact common to the actions previously transferred to the Asbestos MDL Court; further, there seems to be general agreement on this point. The Clerk of the MDL Panel indicated that, "[i]t appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern district of Pennsylvania and assigned to Judge Giles." (CTO-275, para. 2.) Plaintiffs subsequently acknowledged this point in their Brief, stating that, ". . . the claim presented in this proceeding and the issues involved are similar to those presented in the pending MDL cases in the Eastern District of Pennsylvania. . . ." (Pls.' Br. 3). As such, this matter satisfies the 28 U.S.C. § 1407 prerequisite of having "common questions of fact," and can thus be transferred to the Asbestos MDL Court at the discretion of the MDL Panel (upon its determination that transfer will be for the convenience of parties and witnesses, and will promote the just and efficient conduct of the action).

The Plaintiffs attempt to discount the commonality of these questions of fact by arguing that, despite these similarities, "the common issues have been resolved by the Maryland State

Courts, and the only pretrial proceedings which are required are those which are plaintiff specific." (Pls' Br. 3.)  However, Plaintiffs' argument is a complete non sequitur.  First, the reference to "common questions of fact" in 28 U.S.C. § 1407 applies to factual commonalities between cases in different federal districts or between an action and other cases pending before an MDL Court; it does not apply only to cases within a single district, such as the District of Maryland.  Further, by using the term "pre-trial common issues" (*see, e.g.,* Pls' Br. 4), Plaintiffs attempt to blend the terms "common questions of fact," which is a prerequisite for application of § 1407 in the first place, with the stated purpose of § 1407, which is "for coordinated or consolidated pretrial proceedings."  By doing so, Plaintiffs imply that the only purpose of § 1407 is to resolve "pre-trial common issues," thereby ignoring the statute's actual, broader language (i.e., the phrase "coordinated or consolidated pretrial proceedings" encompasses much more than simply "pre-trial common issues").  In actuality, the present matter satisfies the statutory prerequisite of sharing common questions of fact with other cases previously transferred to the Asbestos MDL Court.

B.  **FEDERAL LAW - RATHER THAN MARYLAND STATE LAW - WILL BE APPLICABLE TO MANY PRE-TRIAL ISSUES IN THIS CASE.**

Plaintiffs' arguments are based on the erroneous presumption that the present action will be exclusively decided based on application of Maryland law and/or will be remanded to the Circuit Court for Baltimore City (the Maryland State Court which currently resides over virtually all Maryland asbestos litigation).[3]  Such an underlying assumption is misguided for several reasons.

---

[3] Thus Plaintiffs state that, "[o]ver the years that asbestos personal injury cases have been tried in the State Courts of Maryland, repeated discovery has been conducted on the issues common to those cases to such an extent that, in

1.  **This case will likely be decided in federal court – not in Maryland state court, as Plaintiffs' Motion to Vacate implies.**

As discussed in CBS Corporations Opposition to Plaintiffs' Motion to Remand, as well as in CBS Corporation's Surreply Memorandum, Plaintiffs original complaint and attached documents presented two separate bases for the U.S. District Court's original jurisdiction, with two independent grounds for removal: <u>federal enclave jurisdiction</u>, a type of federal question jurisdiction arising under 28 U.S.C. § 1331 (*see Akin v. Ashland Chemical*, 156 F.3d 1030, 1034 (10th Cir. 1998) ("[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction"), *citing Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952)); and <u>16 U.S.C. § 457 jurisdiction</u>,[4] pursuant to which federal courts are explicitly granted jurisdictional authority

---

the Circuit Court for Baltimore City, these common issues are subject to uniform decisions which are made applicable in each case." (Pls.' Br. 3-4.) Plaintiffs continue that,

> Maryland is unique because it has expended substantial judicial resources to resolve asbestos litigation in its courts by holding massive consolidated trials in order to resolve common issues in a single proceeding. . . In these consolidated actions, those common issues were decided at one time in one proceeding and would bind the thousands of plaintiffs who were affected by the case. The pre-trial common issues resolved in those large consolidations involve the same issues which MDL will address. The resolution by MDL of these pre-trial issues is simply redundant and will not promote efficiency in the present case. When mesothelioma cases are set for trial in the Circuit Court for Baltimore City under the expedited trial plan, the only issues which are subject to pretrial discovery are those, such as causation, damages, medical evidence, etc. which are specific to a particular plaintiff's case. The plaintiff specific issues are not considered by the MDL Court and will be resolved by the transferee court at some later date. This will mean that the resolution of this case would be delayed until the MDL Court has resolved these common issues.

(Pls.' Br. 4.)

[4] 16 U.S.C. § 457, *Action for death or personal injury within national park or other place under jurisdiction of United States; application of State laws*, states that, "[i]n the case of the death of any person by the neglect or wrongful act of another within a national part or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be." (Feb. 1, 1928, c. 15, 45 Stat. 54).

over death and personal injury claims arising in federal enclaves (*Stokes v. Adair*, 265 F.2d 662, 665-66 (4th Cir. 1959) (explaining that the laws of the state that are assimilated under § 457 "lose their character as laws of the state and become laws of the Union," thereby providing an independent basis for federal jurisdiction independent of the "arising under federal law" provision of 28 U.S.C. § 1331)).

Consequently, Defendant CBS Corporation had a statutory right of removal under 28 U.S.C. § 1441, which it exercised. Further, during the removal process, CBS Corporation adhered to all procedural requirements set forth by 28 U.S.C. § 1446. This case is thus likely to be litigated in federal court rather than in Maryland state court, despite Plaintiffs' erroneous presumptions to the contrary.

2. <u>Federal law is applicable to all pre-trial proceedings in this action involving, *inter alia*, procedural matters</u>.

Federal courts generally apply federal law when resolving procedural matters, and state law when resolving substantive matters. *See, e.g., In re Nguyen*, 211 F.3d 105, 108 (4th Cir. 2000); *Hanna v. Plumer*, 380 U.S. 460, 463-64, (1965). Thus to the extent that Maryland state courts have decided pre-trial common issues, their decisions on issues of procedural law, such as those pertaining to evidence, motions practice, and discovery, are not germane to federal courts' consideration of those same matters. This applies both to the precedent of previous court decisions (even when the state and federal statutes and/or rules are analogous), as well as the choice of laws (when the statutes and/or rules differ between the state and federal courts). It follows that, because such matters may be decided differently by federal and state courts, decisions by the Asbestos MDL Court will not unnecessarily duplicate those made by

Maryland state courts, despite Plaintiffs' contention that the "resolution by MDL of these pre-trial issues is simply redundant and will not promote efficiency in the present case."

Thus, for example, in assessing whether particular expert testimony has sufficient scientific foundation to be admissible, Maryland courts apply the Frye-Reed test (*see, e.g., Montgomery Mut. Ins. Co. v. Chesson*, 907 A.2d 873 (Md.App. 2006)), while federal courts apply the *Daubert* standard (articulated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). As such, a Maryland court's previous decision on the admissibility of particular expert testimony by applying Frye-Reed is wholly irrelevant to a federal court's assessment of the same testimony; federal courts must apply the *Daubert* standard on an independent basis.

For the reasons listed above, Plaintiffs' complete reliance on Maryland law and Maryland state court decisions is fully misplaced as to procedural matters, and to some others.[5]

C. **TRANSFER OF THIS ACTION TO THE MDL WILL BE FOR THE CONVENIENCE OF THE PARTIES AND THE WITNESSES.**

Plaintiffs fail to articulate a reason for their argument that transfer of this action to the Asbestos MDL Court will not be to the convenience of the parties and of the witnesses, though they may attempting to argue that it is redundant for witnesses who have previously had testimony admitted in Baltimore City to have to have the same admitted in federal court. However, for the reasons stated above, federal courts are required to apply their own *Daubert* standard to the admissibility of expert witness testimony, rather than the appropriate state

---

[5] CBS Corporation notes that, as discussed *supra*, 16 U.S.C. § 457 provides an independent federal basis for removal, and thus substantive pre-trial issues pertaining to § 457 jurisdiction will actually involve application of federal law rather than Maryland state law (though, admittedly, the federal law at issue will be identical to Maryland state law at the time the statute was implemented).

standard; this must occur whether the present matter remains in the U.S. District Court for the District of Maryland, or whether it is transferred to the Abestos MDL Court. The same reasoning also applies to deciding the admissibility of that testimony in the dozens of other federal district courts throughout the country faced with their own asbestos cases. It logically follows that it would be far simpler, cheaper, and faster, for a single court - the Asbestos MDL Court - to decide the admissibility of individual witness's testimony in a particular area a single time, rather than requiring dozens of district courts throughout the country to make their own, individual determination as to the admissibility of virtually the same testimony. Therefore, as far as expert witnesses are concerned in the context of pre-trial proceedings, it would be far simpler to appear before the Asbestos MDL Court than to appear before numerous district courts nationwide over an extended period of time.

Additionally, the admissibility of the testimony of other witnesses will still have to be assessed by the federal courts applying the Federal Rules of Evidence to issues such as relevance; prior Maryland state court decisions are equally inapplicable here as they were as to expert witnesses. Thus Plaintiffs argument as to "redundancy" is again invalid, as fact witness testimony will have to assessed in federal court, whether at the district court or at the MDL Court. Further, it can hardly be argued that the location of pre-trial proceedings in Philadelphia is inconvenient to Plaintiffs or their witnesses in this action. Not only can individual Plaintiffs and witnesses travel between Baltimore and Philadelphia by car or train in under two hours (should they choose to do so), but Plaintiffs' counsel actually maintains an office in Philadelphia.

For all of the reasons discussed above, it is far more convenient for the parties and their witnesses to participate in consolidated and/or coordinated pre-trial proceedings at the lone Asbestos MDL Court in Philadelphia than to have the same matters considered by dozens of different district courts throughout the country.

D. **TRANSFER OF THIS CASE TO THE ASBESTOS MDL COURT WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THIS ACTION.**

Plaintiffs argue that it redundant and unjust for this action to be transferred to the Asbestos MDL Court, claiming that "plaintiff specific discovery, which is all that is necessary to prepare this action for trial, will be delayed while the Multi-District Litigation Court resolves common issues which have been resolved by the Maryland State Courts during decades of asbestos litigation." (Pls.' Br. 5.) This statement is factually incorrect as to its claims about the settled state of Maryland asbestos litigation (*see* section II.E., *infra*). Furthermore, this argument incorrectly assumes, as discussed in section II.B., *supra*, that pre-trial proceedings will be decided based on application of Maryland law and/or following remand to the Circuit Court for Baltimore City. In fact, federal law will be applied to a substantial amount of the pre-trial issues in this matter. Therefore, by coordinating and/or consolidating the pre-trial matters arising in federal asbestos litigation at the Asbestos MDL Court – rather than having each of the dozens of different district courts consider the same issues with varying levels of familiarity and expertise, thereby potentially rendering disparate or contradictory opinions on similar questions of fact – the MDL Panel is effectuating a streamlined and efficient use of federal judicial resources, which will also promote consistency of decision. Further, such resolution is a necessary step in advancing the litigation of this action. Consequently, transfer to the MDL

will promote the even-handed administration of justice, as it will increase the efficiency of the pre-trial process, will result in consistent decisions on pre-trial procedural issues, and will help advance the litigation of Plaintiffs' cause of action; there is nothing unjust about such a result.

E.  **EVEN ASSUMING *ARGUENDO* THAT PREVIOUS MARYLAND STATE COURT DECISIONS AS TO "PRE-TRIAL COMMON ISSUES" WERE RELEVANT TO CONSIDERATION OF PLAINTIFFS' MOTION TO VACATE, MARYLAND COURTS HAVE NOT DECIDED ALL SUCH PRE-TRIAL ISSUES, DESPITE PLAINTIFFS' CONTENTION TO THE CONTRARY.**

Plaintiffs' contention that all common pre-trial issues have already been decided by the Maryland state courts is factually incorrect. In reality, common pre-trial issues of both substantive and procedural law are regularly presented to, and must be decided by, the Circuit Court for Baltimore City (the Maryland state court in which virtually all asbestos cases are litigated at present), and virtually every decision the court makes is eventually appealed by one party or another to state appellate courts. Thus during the last year, the Baltimore City Circuit Court has, *inter alia*, set forth the applicable legal standards for establishing proximate causation in crane brakes cases (a matter of substantive law), and has excluded particular expert testimony from being presented in any Baltimore City asbestos cases based on lack of general acceptance of the underlying techniques in the scientific community (an evidentiary matter arising under procedural law). During the same period, the court has also faced jurisdictional issues, choice of law issues, and various other matters, the resolution of which have had broad implications for Maryland asbestos litigation.

Additionally, decisions by Maryland appellate courts continue to impact common pre-trial matters in asbestos litigation. Thus the Court of Appeals has recently addressed, *inter alia*, the following: application of *res judicata* and collateral estoppel to matters in which asbestos

plaintiffs have two separate actions (i.e. claims for both asbestosis and an alleged malignancy) (*John Crane, Inc. v. Puller*, 169 Md.App. 1 (2006)); distinguishing the date, for limitations purposes, that inquiry notice can be imputed to a decedent's survival action as compared with beneficiaries' wrongful death action (*Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59 (2006)); considerations for trial courts when undertaking a prejudice analysis on a party's motion to withdraw or amend deemed admissions (*Wilson v. John Crane, Inc.*, 385 Md. 185 (2005); and the right of a spouse to bring loss of consortium claim, even though alleged asbestos exposures occurred prior to marriage (*Owens-Illinois, Inc. v. Cook*, 386 Md. 468 (2005)). Various other pre-trial issues have been raised on appeal, and are pending before the appellate courts.

CBS Corporation further notes that various other pre-trial issues frequently arise in Baltimore City asbestos litigation, yet remain unresolved. Thus, for example, at present, plaintiffs and defendants disagree about whether a previously-deposed witness can later be re-deposed by the same defendants on the same subjects but in a different action, with this issue increasingly becoming the subject of discovery disputes between the parties; and there is conflicting or inadequate appellate court guidance for assessing *whether* – and if so, *when* – the consolidation of cases for trial involving several different defendants and/or plaintiffs is unfairly prejudicial to one or more defendants, thereby justifying a severance or a separate trial.

Based on the foregoing, it is clear that disputes over common pre-trial issues arise on a regular basis, and that the law is unsettled on various common pre-trial matters. Thus Plaintiffs' assertion that "the common issues have been resolved by the Maryland State Courts, and the only pretrial proceedings which are required are those which are plaintiff specific" simply misstates the reality of Maryland asbestos litigation.

### III. CONCLUSION

Based on the foregoing, it is clear that this case involves questions of fact that are common to other cases previously transferred to the Asbestos MDL Court, that transfer of this action is for the convenience of the parties and the witnesses, and that transfer will promote the just and efficient conduct of this case.

WHEREFORE, Defendant CBS Corporation respectfully requests that this Court deny Plaintiffs' Motion to Vacate Conditional Transfer Order.

*W. Thomas Lawrie*
Philip A. Kulinski
Federal Bar # 27543

W. Thomas Lawrie
Federal Bar # 28226

EVERT WEATHERSBY HOUFF
SunTrust Bank Building
120 E. Baltimore Street, Suite 1300
Baltimore, MD  21202
Phone:  443-573-8500
Fax:     443-573-8501

Attorneys for CBS Corporation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 25 2007

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that, on this 24th day of April, 2007, a true and correct copy of the foregoing Defendant CBS Corporation's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order was served via first-class mail, postage prepaid, upon the following counsel:

James Zavakos, Esq.
The Law Offices of Peter G. Angelos
One Charles Center
100 N. Charles Street
Baltimore, Maryland 21201-3812

Thomas L. Doran, Esq.
DeCaro, Doran, Siciliano, Gallagher
& DeBlasis, LLP
4601 Forbes Boulevard, Suite 200
Post Office Box 40
Lanham, Maryland 20703-0040

Richard D. Albert, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Ali Abed Beydoun, Esq.
Carr Maloney, PC
1615 L Street, N.W., Suite 500
Washington, DC 20036

Reginald S. Kramer, Esq.
Oldham & Dowling
195 South Main Street, Suite 300
Akron, Ohio 44308-1314

George C. Doub, Esq.
William H. Murphy, Jr. & Associates, P.A.
12 West Madison Street
Baltimore, Maryland 21201

Richard C. Binzley, Esq.
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, Ohio 44114

Katherine S. Duyer, Esq.
Gavett & Datt, PC
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855

David C. Landin, Esq.
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

John J. Boyd, Jr., Esq.
Lord & Whip, PA
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, Maryland 21201

Raymond P. Forceno, Esq.
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, Pennsylvania 19106-2574

Gene Locks, Esq.
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, Pennsylvania 19102

Malcolm S. Brisker, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

F. Ford Loker, Esq.
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland 21202-1487

Thomas M. Goss, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

Adam M. Chud, Esq.
Goodwin Proctor, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Neil J. MacDonald, Esq.
Hartel, Kane, DeSantis, MacDonald
& Howie, LLP
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770

Jeannie Pittillo Kauffman, Esq.
Bacon, Thornton & Palmer, L.L.P
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770-1411

Paul J. Day, Esq.
DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600

Ellen B. Furman, Esq.
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, Pennsylvania 19103

Edward J. Cass, Esq.
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

Steven A. Luxton, Esq.
Edwards Burns & Krider LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002

Susan M. Hansen, Esq.
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, Minnesota 55402

David A. Damico, Esq.
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, Pennsylvania 15212

Ronald L. Motley, Esq.
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29464

Alexander J. May, Esq.
Brassel Baldwin Kagan & May PA
112 West Street
Annapolis, Maryland 21401

| | |
|---|---|
| John J. Nagle, III, Esq.<br>Bodie, Nagle, Dolina, Smith & Hobbs, P.A.<br>21 West Susquehanna Avenue<br>Towson, Maryland 21204 | Robert E. Swickle, Esq.<br>Jaques Admiralty Law Firm, PC<br>1570 Penobscot Building<br>The Maritime Asbestosis Legal Clinic<br>Detroit, Michigan 48226 |
| Steven J. Parrott, Esq.<br>Dehay & Elliston, L.L.P.<br>36 South Charles Street, Suite 1300<br>Baltimore, Maryland 21201 | Andrew J. Trevelise, Esq.<br>Reed Smith, LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, Pennsylvania 19103 |
| John J. Repcheck, Esq.<br>Marks, O'Neill, O'Brien & Courtney<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, Pennsylvania 15219 | Keith R. Truffer, Esq.<br>Royston, Mueller, McLean & Reid, LLP<br>102 West Pennsylvania Avenue, Suite 600<br>Towson, Maryland 21204-4526 |
| Theodore F. Roberts, Esq.<br>Venable LLP<br>210 Allegheny Avenue<br>P. O. Box 5517<br>Towson, Maryland 21285-5517 | Margaret Fonshall Ward, Esq.<br>Moore & Jackson, LLC<br>305 Washington Avenue, Suite 401<br>Towson, Maryland 21204 |
| John D. Roven, Esq.<br>Roven-Kaplan, LLP<br>2190 North Loop West, Suite 410<br>Houston, Texas 77018 | James K. Weston, II, Esq.<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapid, Iowa 52406 |
| Richard D. Schuster, Esq.<br>Vorys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, Ohio 43216 | Neil Selman, Esq.<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, California 90025 |
| Michelle Daugherty Siri, Esq.<br>Segal McCambridge Singer & Mahoney, Ltd.<br>One N. Charles Street, Suite 2500<br>Baltimore, MD 21201 | Katherine S. Duyer, Esq.<br>Gavett and Datt, P.C.<br>15850 Crabbs Branch Way, Suite 180<br>Rockville, Maryland 20855-2622 |

John J. Boyd, Esq.
Lord & Whip
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201

Michael W. Siri, Esq.
Robinson Woolson, PA
217 E. Redwood St., Suite 1500
Baltimore, Maryland 21202

Robert N. Spinelli, Esq.
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, Pennsylvania 19102

*W. Thomas Lawrie* (signature)

W. Thomas Lawrie
Federal Bar # 28226

EVERT WEATHERSBY HOUFF
SunTrust Bank Building
120 E. Baltimore Street, Suite 1300
Baltimore, MD  21202
Phone:  443-573-8500
Fax:    443-573-8501