MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 8 2007

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BREWSTER and CECILE BREWSTER, | No. C 07-01688 WHA |
| Plaintifsf, | |
| v. | **ORDER GRANTING MOTION TO REMAND** |
| A.W. CHESTERTON COMPANY, et al., | |
| Defendants. | |

### INTRODUCTION

In this asbestos-injury action, plaintiffs Joseph Brewster and Cecile Brewster seek remand to state court. Because this order finds federal subject-matter jurisdiction lacking, plaintiffs' motion to remand is **GRANTED**.

### STATEMENT

The complaint herein asserts asbestos-related injury claims by plaintiff Joseph Brewer and a loss of consortium claim by his wife, Cecile Brewster. Defendants are companies that manufactured products containing asbestos during the relevant period. Mr. Brewster alleges that he was injured as a result of his work around asbestos during his service as a machinist mate in the U.S. Navy from 1965 to 1971, and from his work at PG&E and AGCHEM from 1971 to 1983. In the complaint, plaintiffs explicitly excluded any claims against defendant GE

MDL- 875

RECOMMENDED ACTION

Vac CTO-276    2Actions

Approved/Date: ✗✗ 7 May 07

OFFICIAL FILE COPY

IMAGED MAY 8 2007

2007 MAY -7 A 6: 54

RECEIVED CLERK'S OFFICE

PLEADING 5033
United States District Court
For the Northern District of California

1   arising from asbestos exposure from equipment GE supplied to the United States military

2   (Notice of Removal Exh. A).

3          This action was originally filed on September 22, 2006, in California Superior Court.

4   Defendant General Electric Company filed an answer to the complaint on November 13, 2006.

5   Mr. Brewster is dying of mesothelioma, a form of cancer associated with exposure to asbestos.

6   A declaration submitted by his doctor in November 2006 stated that he was not expected to live

7   another six months.  Because of his condition, in December 2006 the state court granted the

8   case trial-setting preference.  The trial was originally supposed to begin on April 2, 2007.  It

9   was recently continued to April 23, 2007 (Healy Decl. Exhs. A, G; Nov. 14 Ghosh Decl).

10         GE removed this case to federal court on March 23, 2007.  Plaintiffs immediately filed

11  the instant motion for a remand to state court, along with a motion to be heard on shortened

12  time.  GE has filed a motion for a stay pending a decision on transfer to the Judicial Panel on

13  Multidistrict Litigation.  This Court granted plaintiffs' request to hear the motion to remand on

14  shortened time and held a hearing on April 3, 2007.

15                                        **ANALYSIS**

16         There is a "strong presumption against removal jurisdiction" and "the defendant always

17  has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

18  (9th Cir. 1992) (internal quotations omitted).  GE contends that this Court has federal question

19  jurisdiction under the federal-officer defense.  For the reasons stated below, GE's arguments

20  lack merit.

21         Several independent factors animate this holding.  *First*, the defense upon which GE

22  purportedly bases its removal would never have any effect on the case at bar.  The

23  federal-officer defense is simply being used as a delay tactic.  It lacks even *potential* value to

24  GE.  *Second*, Mr. Brewster is suffering from a debilitating disease and is not expected to live

25  much longer.  It serves the interests of justice to give Mr. Brewster his day in court.

26

27

28

*(Left margin: United States District Court  For the Northern District of California)*

**United States District Court**
For the Northern District of California

1    **1.    REMOVAL PROCEDURE.**

2    The parties agree that this case was not removable on the face of the complaint. Thus,

3    the parties agree that the following provision of 28 U.S.C. 1446(b) applies: "If the case stated

4    by the initial pleading is not removable, a notice of removal may be filed within thirty days after

5    receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

6    motion, order or other paper from which it may first be ascertained that the case is one which is

7    or has become removable . . . ." The parties also agree that interrogatory responses and other

8    discovery documents can constitute an "other paper" for Section 1446(b) purposes. This is an

9    appropriate construction of the statute. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164

10   (5th Cir. 1992) ("Clearly the answer to interrogatory which triggered the filing of the notice of

11   removal in this case is such an 'other paper.'"); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 981

12   (M.D. Fla. 1978) ("It is well settled that discovery documents may be 'other papers' within the

13   meaning of 28 U.S.C. 1446(b)."). There is some dispute regarding which interrogatory

14   responses might have put GE on notice that the federal-officer defense might have been

15   available. This would bear on the timeliness of the removal. Plaintiffs contend that GE was put

16   on notice by plaintiff's interrogatory answers in September 2006. GE contends that it was put

17   on notice by co-defendant Dowman Products' interrogatory answers in March 2007. This order

18   assumes without deciding that GE was not on notice of potential removability until March 2007,

19   making its attempt at removal timely.

20   **2.    FEDERAL-OFFICER DEFENSE.**

21   The provision under which GE asserts federal jurisdiction is the Federal Officer

22   Removal Statute, 28 U.S.C. 1442(a)(1), which provides:

23       A civil action or criminal prosecution commenced in a State court
         against any of the following may be removed by them to the
24       district court of the United States for the district and division
         embracing the place wherein it is pending:
25

26       (1) The United States or any agency thereof or any officer (or any
         person acting under that officer) of the United States or of any
         agency thereof, sued in an official or individual capacity for any
27       act under color of such office or on account of any right, title or

28

3

authority claimed under any Act of Congress for the apprehension
or punishment of criminals or the collection of the revenue,

Courts have recognized that "[a] moving party satisfies the statute if the party: (1) demonstrates that it acted under the direction of a federal officer, (2) raises a federal defense to the plaintiffs' claims, and (3) demonstrates a causal nexus between the plaintiffs' claims and the acts of the party performed under color of federal office." *Madden v. Abel Supply Co.*, 205 F. Supp. 2d 695, 699 (S.D. Tex. 2002) (citing *Mesa v. California*, 489 U.S. 121, 124–25, 134–35 (1989)). "If the moving party satisfies these requirements, that party gains access to a federal forum even if the plaintiff's complaint fails to raise a federal question." *Ibid.* This order does not address the first and third prongs of the test. GE fails to prove the second requirement and has therefore failed to overcome the presumption against removal.

With respect to the issue of a federal defense, the Supreme Court has held that Section 1442(a)(1) covers "all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Mesa*, 395 U.S. at 406–07. Whether a defendant will ultimately prevail on the defense is irrelevant. *See Madden*, 205 F. Supp. 2d at 701. This order holds that GE has not proved that it has a "colorable" defense.

GE believes it can assert the federal-officer defense solely based on an interrogatory response by a co-defendant. On March 15, 2007, co-defendant Dowman Products responded to a GE interrogatory question by stating: "Dowman contends that plaintiff was exposed to asbestos from General Electric Company's marine turbines while serving in the U.S. Navy, and such exposure was a substantial factor in causing his disease." GE now contends that it must "defend" against Dowman's "claim" that the marine turbines were the cause of Mr. Brewster's injury. There are several independent reasons that GE's argument is flawed.

*First*, it is true that had plaintiffs sought to recover for any injury caused by marine turbines manufactured by GE at the Navy's direction, the applicability of the defense would be plausible. In such a situation, GE could assert the defense that it built the marine turbines at the Navy's direction and therefore, that GE should not be liable. That is not the case at bar.

4

Case 3:07-cv-01688-WHA    Document 30    Filed 04/06/2007    Page 5 of 8

**United States District Court**
For the Northern District of California

1    Plaintiffs have waived expressly long ago any liability claim based on any exposure to a GE

2    marine turbine. GE, therefore, does not assert the federal-officer defense because of any claim

3    made by plaintiffs. Rather GE contends it is a "defense" to Dowman's attempt to allocate fault

4    to GE under California's Proposition 51. At the hearing, GE cited *Mortgage Electronic*

5    *Registration Systems, Inc. v. Rothman*, 2005 U.S. Dist. LEXIS 12270, at *16 (N.D. Ill. Feb. 28,

6    2005), for the proposition that a cross-defendant can remove to federal court under Section

7    1442. There, the district court held that "[r]emoval under § 1442 can be based on claims

8    brought against the United States (or an agency or officer) as a third-party defendant." The

9    issue here is whether GE, as an alleged agent of the Navy, can be considered a "third-party

10   defendant" to Dowman's "claim."

11       In this case, it is a stretch to say that GE would be asserting a defense to a

12   "claim" — even one raised by a co-defendant. Proposition 51 merely established a system of

13   comparative fault in tort actions brought in California. *See* Cal. Civ. Code 1431.2; *see also*

14   *DaFonte v. Up-Right, Inc.*, 828 P.2d 140, 143–44 (Cal. 1992). Under Proposition 51, "[e]ach

15   defendant shall be liable only for the amount of non-economic damages allocated to that

16   defendant in direct proportion to that defendant's percentage of fault, and a separate judgment

17   shall be rendered against that defendant for that amount." Cal. Civ. Code 1431.2(a).

18       The case law cited by defendants establishes nothing more than the fact that

19   Proposition 51 puts a burden on party-defendants to establish that the actions of other parties

20   were the legal causes of a plaintiff's injuries. *See, e.g., Sparks v. Owens-Illinois*, 32 Cal. App.

21   4th 461, 478–79 (1995) ("Owens-Illinois undisputedly had the burden to establish concurrent or

22   alternate causes by proving: that Sparks was exposed to defective asbestos-containing products

23   of other companies; that the defective designs of the other companies' products were legal

24   causes of the plaintiffs' injuries; and the percentage of legal cause attributable to the other

25   companies."). Nothing cited by GE establishes that co-defendants — seeking to allocate

26   liability to each other rather than themselves — are, under Proposition 51, automatically aligned

27   as cross-claimants and cross-defendants. The mere fact that a party bears a burden does not

28

United States District Court
For the Northern District of California

1   necessarily mean that such burden is a "claim" against which a co-defendant "defends." It

2   remains plaintiffs' burden to show that any injury flowed as a result of the non-exempt

3   property. There is no "claim" by any other party.

4        GE asks this Court to interpret California tort law to find that GE is a cross-defendant

5   who can assert the federal-officer defense in response. It would, however, be inappropriate to

6   so hold where GE bears a heavy burden to demonstrate the appropriateness of removal and

7   where GE has failed to cite relevant authority for this key proposition.

8        *Second*, plaintiffs are not seeking any damages for injury caused by the turbines for

9   which GE seeks to invoke the federal-officer defense. In their complaint, the Brewsters

10  explicitly excluded any liability based on GE's supply of equipment to the U.S. Navy. GE and

11  the plaintiffs negotiated this exemption *before* the complaint was ever filed. The exemption

12  means that GE has no liability from any injury flowing from any products manufactured by GE

13  and supplied to the Navy. GE will never have to pay for any injury caused by those exempt

14  products. This has been true since September 2006. It remains true now. Again, plaintiffs'

15  counsel concedes that they have the burden to prove damages flowing from items *other than*

16  GE's marine turbines.

17       The essence of GE's argument is that if Dowman (or any other defendant) "can

18  introduce evidence and convince a jury that 10% of the fault for Mr. Brewster's asbestos-related

19  injury should be allocated to the GE marine turbines, that is a 10% share that cannot be

20  allocated to them — and such evidence will then increase by 10% GE's share of liability for the

21  non-economic damages" (Opp. 11). GE's contention that it has a "colorable" defense to a claim

22  by Dowman is specious at best. In fact, GE would be wise *not* to defend against a claim by any

23  other defendant that GE's marine turbines caused any part of Mr. Brewster's injury. If

24  Dowman *can* prove that Mr. Brewster's injuries were caused by GE's marine turbines, this

25  would be a boon to GE because as plaintiffs' counsel unequivocally concedes, plaintiffs *do not*

26  *seek to recover based on injuries caused by the marine turbines GE manufactured for the U.S.*

27  *Navy.* The federal-officer defense — or any defense GE could raise with respect to the exempt

28

6

**United States District Court**
For the Northern District of California

1    products — should never be invoked because it is better for all defendants — GE included — to

2    allocate as much liability as possible to the exempt products on which plaintiffs cannot recover.[1]

3        **3.     INTERESTS OF JUSTICE.**

4        Without regard to the absurdity of asserting the federal-officer defense, GE removed this

5    action and almost immediately sought a stay of proceedings.  The undersigned will not abide

6    such abuse of the removal process.  GE did this with full knowledge that a stay of almost any

7    length would eviscerate Mr. Brewster's chance at having his day before a jury.  This, in turn,

8    would have severely decreased any potential award for Mrs. Brewster were her husband to pass

9    away before the trial.  California Code of Civil Procedure Section 377.34, California's

10   survivorship statute, allows for punitive damages but *specifically excludes damages for a*

11   *decedent's pain and suffering.*  While he is alive, Mr. Brewster deserves any recovery he is

12   entitled to for the pain and suffering he endured because of defendants' products. The state

13   court has given his trial a preference date in light of his life expectancy.  Remand to the state

14   court ready to try plaintiffs' case within the month serves the interests of justice.[2]

---

21        [1] There have been other asbestos actions wherein the defendants asserted the federal-officer defense
for the construction of turbines at the direction of the Navy.  *See, e.g., Madden,* 205 F. Supp. 2d at 699; *Pack v.*
22   *AC and S, Inc.,* 838 F. Supp. 1099, 1102 (D. Md. 1993).  In those decisions, the essential products — as far as
those holdings reveal — were turbines manufactured at the Navy's request.  Here, injury caused by any turbines
23   GE manufactured for the Navy is exempt as a potential basis for liability.  By purportedly asserting a
federal-officer defense to its manufacture of marine turbines, GE seeks to divert attention from those products
24   which are actually at issue in the case — all turbines and other equipment *not* supplied under contract with the
United States government.

25

26        [2] For one perspective on this and similar tactics by asbestos-defense lawyers, see *Fair Play for Navy*
*Veterans,* at http://www.mesothel.com/legislation/navy_vets_fair_play.htm ("Navy vets who pursue civil claims
are confronted by loopholes in the law that allow shrewd asbestos defense lawyers to either harmfully delay the
27   prosecution of a claim (called 'federal officer' removal to federal court), or delay the claim altogether (called the
'MDL Black Hole').").

28

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is GRANTED. GE has not demonstrated that this Court has subject-matter jurisdiction over this action. This action is immediately REMANDED to the Superior Court of California for the County of San Francisco. In light of this ruling, the pending motion to stay is RENDERED MOOT.

**IT IS SO ORDERED.**

Dated: April 6, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

P-Send

MAY - 8 2007

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ORIGINAL

**CIVIL MINUTES - GENERAL**

FILED
CLERK'S OFFICE
APR 18 2007

Case No.    CV 07-1192-RGK (PJWx)                              Date

Title       ELAINE SCARBROUGH v. GENERAL ELECTRIC CO., et al.

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                    Not Present

**Proceedings:**      **(IN CHAMBERS) PLAINTIFFS' MOTION TO REMAND (DE 13)**

## I.    FACTUAL BACKGROUND

Plaintiffs filed this asbestos related action in California state court, seeking damages for the wrongful death of Samuel Scarbrough. Mr. Scarbrough died of mesothelioma, a fatal cancer caused by exposure to asbestos. Plaintiffs allege that he was exposed to asbestos-containing turbines manufactured by Defendant General Electric ("Defendant") while serving aboard the USS West Virginia.

Upon learning of the claims against them, Defendant removed this case based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).

Presently before the Court is Plaintiffs' Motion to Remand this case to state court. For the reasons discussed below, the Court grants Plaintiffs' Motion.

ENTERED ON CM
APR 2 1 2007
BY                     012

## II.    JUDICIAL STANDARD

The Federal Officer Removal Statute provides that an action may be removed by "[a]ny officer [or any person acting under that officer] of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). Removal is proper if the removing party can "(1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable defense to plaintiffs' claims; and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office." *Fung v. Abex Corp.*, 816 F. Supp. 568, 571-72 (N.D. Cal. 1992) (citing *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989)).

35

## III.    DISCUSSION

Plaintiffs have expressly, in writing, disclaimed any cause of action or recovery based on acts committed at the direction of a federal officer. Additionally, Plaintiffs have limited their claims to a failure to warn theory. Accordingly, the Court hereby acknowledges Plaintiffs' disclaimer. *See Shilz v. A.P. Green Ind., Inc.*, 2002 WL 102608 (N.D. Cal. Jan. 15 2002) (allowing plaintiff to limit their claims

only to failure to warn; *Westbrook v. Abestos Defendants*, 2001 WL 902643 (N.D. Cal. July 31, 2001) (allowing plaintiff to disclaim all claims based on defendant's act committed at the direction of a federal agency); *Overly v. Raybestos-Manhattan*, 1996 WL 532150 (N.D. Cal. Sept. 9, 1996) (allowing plaintiff to waive all design defect claims and only maintain a failure to warn theory).

In applying the requisite elements, Plaintiffs contend that Defendant cannot raise a colorable defense nor demonstrate a causal nexus. The Court agrees.

### A.   Colorable Federal Defense

Defendant claims that it possesses a colorable federal defense, the government contractor defense. Under this theory, contractors who supply military equipment to the government are immunized from liability under state tort law if: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988). For failure to warn cases involving asbestos, a defendant must show that "in making [its] decisions regarding warnings [it was] acting in compliance with 'reasonably precise specifications' imposed on [it] by the United States." *In re Hawaii Federal Abestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992). Thus, in order for Defendant to meet the *Boyle* test, it must show that the government affirmatively instructed it regarding the provision of warnings.

Here, Defendant has submitted numerous exhibits, declarations, and specifications from the United States Navy demonstrating that the Navy exercised control over the design and manufacturing of Defendant's machines. However, Defendant has not shown that the Navy required it to refrain from issuing warnings nor has it shown that the Navy provided reasonably precise specifications affecting Defendant's provision of warnings. Since Defendant cannot show that the Navy instructed it not to warn, Defendant fails to raise a colorable federal defense.

### B.   Causal Nexus

Defendant also cannot show that there is a causal connection between the acts performed under the Navy's orders and the claim brought by Plaintiffs. It must appear that Plaintiffs' claim arose out of the acts done by the officer under color of federal authority . . . ." *Maryland v. Soper*, 270 U.S. 9, 22 (1926). Here, although Defendant has produced abundant evidence attesting to the regulations imposed by the Navy on the manufacture and design of machines used onboard vessels, none address Defendant's responsibility to warn. Therefore, there is no causal connection between the control exercised by the Navy over Defendant and Plaintiffs' claim.

Accordingly, Defendant has no basis on which to assert the Federal Officer Removal Statute and therefore, the case should be remanded to state court for lack of subject matter jurisdiction.

## IV.   CONCLUSION

In light of the foregoing, Plaintiffs' Motion to Remand is **granted.**

**IT IS SO ORDERED.**

Initials of Preparer _____    slw