ORIGINAL

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2007

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

## MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 276

**MOTION TO VACATE CTO-276 — PAGE 1**

OFFICIAL FILE COPY

IMAGED MAY 3 0 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SCHEDULE OF ACTIONS

MAY 29 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and as Personal Representative of the Heirs and Estate of JAMES DANIEL COLLINS, Deceased, | : | Case No. 07-CV-149 |
| | : | |
| Plaintiffs, | : | *(Removed on March 14, 2007, from the* |
| | : | *Superior Court of the State of Delaware, in* |
| v. | : | *and for New Castle County, C.A. No. 06C-* |
| | : | *02-281-ASB)* |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | |
| | : | |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | |

GEORGIA-PACIFIC CORPORATION
(individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY,
INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-
BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually
and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a
O-I);

ZURN INDUSTRIES, INC. (a/k/a and
successor-by-merger to ERIE CITY
IRON WORKS);

**MOTION TO VACATE CTO-276 -- PAGE 2**

GARLOCK SEALING
TECHNOLOGIES LLC (individually and
as a successor-in-interest to GARLOCK,
INC.);

AMETEK, INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger
with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION
(individually, and as successor-in-interest
to AMERICAN SUPER
TEMPERATURE WIRE, and successor-
in-interest to HAVEG INDUSTRIES,
INC. successor-by-merger to HAVEG
CORPORATION);

HERCULES INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-be-merger
to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK
BORSIG POWER, INC., f/k/a D.B.
RILEY, INC., f/k/a RILEY STOKER
CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY,
INC. (individually and as successor-in-
interest to MUNDET CORK
COMPANY);

3M COMPANY (individually and f/k/a
MINNESOTA, MINING, AND

**MOTION TO VACATE CTO-276 -- PAGE 3**

MANUFACTURING COMPANY, a/k/a
"3M");

T.H. AGRICULTURE & NUTRITION,
LLC (individually and f/k/a T.H.
AGRICULTURE & NUTRITION
COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH
AMERICA CORP. (individually and as
successor-in-interest to T H
AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION
(individually, and as successor-in-interest
to KAISER GYPSUM COMPANY,
INC.);

HANSON PERMANENTE CEMENT,
INC. (f/k/a KAISER CEMENT
CORPORATION, individually and as
successor-in-interest to KAISER
GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as
successor-in-interest to BONDEX
INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC.
(individually and as successor-in-interest
to RPM, INC., and BONDEX
INTERNATIONAL, INC.);

VIACOM, INC. (individually and as
successor-by-merger to CBS
CORPORATION, successor-by-merger
to WESTINGHOUSE ELECTRIC
CORPORATION);

**MOTION TO VACATE CTO-276 -- PAGE 4**

THE GOODYEAR TIRE & RUBBER
COMPANY;

BORGWARNER MORSE TEC, INC.,
(individually and successor in interest to
BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and
successor in interest to BORG-WARNER
CORPORATION);

HONEYWELL INTERNATIONAL,
INC. (individually and as successor-in-
interest to ALLIED-SIGNAL, INC. and
THE BENDIX CORPORATION);

DAIMLERCHRYSLER
CORPORATION (f/k/a CHRYSLER
CORPORATION);

GENERAL MOTORS CORPORATION;
FORD MOTOR COMPANY;

PNEUMO ABEX, LLC (individually and
as successor-by-merger to PNEUMO
ABEX CORPORATION, successor-in-
interest to ABEX CORPORATION f/k/a
AMERICAN BRAKE SHOE
COMPANY, f/k/a AMERICAN BRAKE
SHOE and FOUNDRY COMPANY
including the AMERICAN
BRAKEBLOK DIVISION, successor-by-
merger to the AMERICAN BRAKE
SHOE and FOUNDRY COMPANY and
THE AMERICAN BRAKEBLOK
CORPORATION, f/k/a THE
AMERICAN BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a
subsidiary of ARVIN INDUSTRIES,
INC., individually and as
successor-in-interest to GRIZZLY

**MOTION TO VACATE CTO-276 -- PAGE 5**

MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC.,
(individually and as successor by merger
to AMMCO TOOLS, INC. and AMMCO
TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.;

     Defendants.

**MOTION TO VACATE CTO-276 -- PAGE 6**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2007

FILED
CLERK'S OFFICE

## MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 276

COMES NOW Plaintiff in the above styled case and respectfully moves the Panel to Vacate Conditional Transfer Order No. 276, which would transfer this case to the United States District Court for the Eastern District of Pennsylvania. This case should not be transferred because the case was improperly removed from state court.

For these reasons, addressed more fully in the attached brief, Plaintiff urges the Panel to vacate Conditional Transfer Order No. 276 to the extent that it transfers this case to the Eastern District of Pennsylvania.

Respectfully submitted,

By: _____

Sean R. Cox
Federal Bar No. 32186
**BARON & BUDD, P.C.**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
Phone:  214/521-3605
Fax:  214/520-1181

~ and ~

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

*Attorneys for Plaintiff*

Date:   May 24, 2007

**MOTION TO VACATE CTO-276 -- PAGE 7**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2007

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that on the 24th day of May, 2007, a true and correct copy of the above and foregoing instrument was served on Defendant Volkswagen of America, Inc. via U.S. Certified Mail Return Receipt Requested, and on all other defendants named in this suit by serving the counsel listed in the attached panel service list via U.S. Mail First Class.

Sean R. Cox, #82186

RECEIVED CLERK'S OFFICE
2007 MAY 25  A 11: 04
JUDICIAL PANEL ON

**MOTION TO VACATE CTO-276 -- PAGE 8**

**PANEL SERVICE LIST (Excerpted from CTO-276)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Mary M. Collins, etc. v. Metropolitan Life Insurance Co., et al.,* D. Delaware,
C.A. No. 1:07-149

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Sean R. Cox
Baron & Budd, P.C.
The Centrum
3102 Oak Lawn Avenue, Suite 100
Dallas, TX 75219-4281

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Steven T. Davis
Obermayer, Rebmann, Maxwell
  & Hippel LLP
3 Mill Road
Suite 306A
Wilmington, DE 19806

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Yvonne Takorian Saville
Michael Weiss, PA
1220 Market Street, Suite 604
Wilmington, DE 19801

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2007

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

**BRIEF IN SUPPORT OF MOTION TO VACATE
<u>CONDITIONAL TRANSFER ORDER NO. 276</u>**

**BRIEF IN SUPPORT OF
MOTION TO VACATE CTO-276 -- PAGE 1**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 276**

MAY 2 9 2007

FILED
CLERK'S OFFICE

## I.

Plaintiff filed this lawsuit in Delaware state court, seeking compensation for asbestos-related injuries under state law. Defendant Volkswagen of America, Inc. ("VWA") removed this case on March 14, 2007, over one year after the case was initially filed, in violation of 28 U.S.C. 1446(b). Plaintiff filed a timely Motion to Remand, which is still pending. After this Panel issued a Conditional Transfer Order, Plaintiff filed a timely Notice of Opposition. Transfer of this case would not be appropriate because the removal was improper on its face.

## II.

Plaintiff originally filed this case in Delaware state court on February 28, 2006. (Original Complaint and Praecipe, Exhibit "A"). On March 14, 2007, Volkswagen filed its notice of removal in this case based on diversity jurisdiction. (Notice of Removal, Exhibit "B") The notice of removal, however, was filed beyond the strict one-year period for removal set forth in 28 U.S.C. 1446(b). *In re Briscoe*, 448 F.3d 201, 217 (3rd Cir. 2006) ("Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.").

No action may be removed based on diversity jurisdiction more than one-year after commencement. 28 U.S.C. 1446(b); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). The Third Circuit has recognized that this one-year limitation period is <u>absolute</u> and not subject to any equitable exceptions. *Singh v. Daimler-Benz AG*, 9 F.3d 303, 309 (3rd Cir. 1993); *see also Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (characterizing the one-year time limit as one of several "bright line limitations" that "are an inevitable feature of a court system of limited

**BRIEF IN SUPPORT OF
MOTION TO VACATE CTO-276 -- PAGE 2**

jurisdiction that strictly construes the right to remove."); *see also Perhats Assocs., Inc. v. Fasco Indus., Inc.*, 843 F.Supp. 424, 427 (N.D.Ill. 1994) (noting that "the one-year outside limit is certainly stated as an absolute prohibition" on removal to federal court).  In short, "[t]here is no question that the statute prohibits removal outside of certain time limits. . . ." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 n.2 (3rd Cir. Dec. 2003).

The time limits for removal are mandatory and must be strictly applied. *Robinson v. Ruiz*, 772 F.Supp. 212 (D.Del. 1991); *see generally* 14A C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure, § 3732 at 527-30 (2d ed. 1985).  The rule of strict construction is particularly important in the context of the one-year time limitation, which was enacted as part of the Judicial Improvements and Access to Justice Act of 1988 for the specific purpose of "reduc[ing] the number of cases in federal court by restricting diversity jurisdiction." *Ferguson v. Sec. Life of Denver Ins. Co.*, 996 F.Supp. 597, 601 (N.D. Tex. 1998); *see also Santiago v. Barre Nat'l, Inc.*, 795 F.Supp. 508, 510 (D. Mass. 1992) ("[T]he Act's legislative history reinforces the interpretation that the one-year bar is absolute").  Specifically, the mandatory time limitation set forth in § 1446 is strictly construed and may not be extended. *Robinson v. Ruiz*, 772 F.Supp. 212 (D.Del. Aug 14, 1991); *see generally* 14A C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure, § 3732 at 527-30 (2d ed. 1985).

The date of commencement for determining when the one year period begins to run under section 1446 is determined according to state law. *See Provenza ex rel. Provenza v. Yamaha Motor Co. Ltd.*, 295 F.Supp.2d 1175 (D.Nev. 2003); *Zumas v. Owens-Corning Fiberglas Corp.*, 907 F.Supp. 131 (D.Md. 1995).  Delaware Superior Court Civil Rule 3(a) provides that an action is

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-276 -- PAGE 3**

commenced by filing with the Prothonotary a complaint and a praecipe. This action was therefore commenced on February 28, 2007 when Plaintiff filed the original complaint and praecipe. (Original Complaint and Praecipe, Exhibit "A").

Congress intentionally restricted the ability to remove cases from state court after one year. "While acknowledging that this provision would produce 'a modest curtailment in access to diversity jurisdiction,' the House Report emphasized instead that the change would prevent 'removal after substantial progress has been made in state court.'" *Singh v. Daimler-Benz AG*, 9 F.3d 303, 309 (3rd Cir. 1993), quoting, H.R.Rep. No. 889, at 72(1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032. In crafting this barrier to removal, "Congress recognized that '[r]emoval late in the proceedings may result in substantial delay and disruption.'" *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3rd Cir. Dec. 2003) quoting H.R.Rep. No. 100-889, at 72.

As the court noted in *Sasser v. Ford Motor Co.* "although the legislative history of § 1446(b) does not specifically address the circumstance presented here, the thrust of the comments in that history support the court's approach. . . . It is apparent from this language that Congress was not concerned with the status of particular claims or parties in a lawsuit but rather with the status of the overall lawsuit. Cases should no longer commute back and forth between federal and state courts as parties and claims are added and dismissed; instead, after one year, even in those instances where diversity jurisdiction is present, the cases should simply come to rest in one forum and go to trial." *Id.* at 1336-37; *see also Serv. Asset Mgmt. Co. v. Hibernia Corp.*, 80 F. Supp.2d 626, 629 (E.D. Tex. 2000) (the word "action" in section 1446(b) "refers to the initial lawsuit filed in state court and not to separate claims added later in the suit."); *Lytle v. Lytle*, 982 F.Supp. 671, 674 (E.D. Mo. 1997)

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-276 -- PAGE 4**

("IMG and Gusto did not file their notice of removal until October 1, 1997, well after the one-year period prescribed by § 1446(b) had run. As discussed above, it is simply irrelevant that neither IMG nor Gusto was brought into this action until June of this year."); *Price v. Messer*, 872 F.Supp. 317, 320-21 (S.D. W.Va. 1995) (holding that "action" commenced for purposes of section 1446(b) when original complaint was filed, not when removing defendant was added).  Further, it should be remembered that "comity requires federal courts to allow state courts to proceed with their cases unless those cases are clearly and unequivocally removable." *Smith v. MBL Life Assurance Corp.*, 727 F.Supp. 601, 603 (N.D.Ala.1989).

The purpose of section 1446(b) is *not* to ensure that all defendants have a full year to remove a case.  Rather, section 1446(b) was designed to limit access to the federal courts by establishing an absolute deadline for removal.  Congress wanted to prevent, not protect, the ability to remove cases that had substantially progressed.  Such substantial progress is clearly evident in the present case being that discovery as to all other defendants has been completed and all defendants other than Volkswagen have settled or otherwise been dismissed. *See* correspondence dated March 12, 2007, attached as Exhibit "C"; *see* correspondence dated March 13, 2007, attached as Exhibit "D"; *see* excerpt from Order, January 17, 2007, attached as Exhibit "E").   This case is precisely the type of case Congress had in mind when it chose to limit the time for removal to one year.  *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3rd Cir. Dec. 2003) ("[T]he one-year time limit was intended to remedy the anomalous situation where a change in the  parties late in the litigation allows a party to remove for the first time.").

The Third Circuit has not recognized any exception to the one year period for removal, the

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-276 -- PAGE 5**

statute does not contain an exception, and the Third Circuit construes removal statutes *against* removal. As such, this case should be remanded because there are no exceptions permitting the untimely removal by VWA.

## III.

VWA failed to remove this case within the one year period provided for removal in 28 U.S.C. 1446(b). Because VWA failed to timely remove this case, as required by the removal statute, this case must be remanded to state court and should not be transferred to the Eastern District of Pennsylvania.

## IV.

Plaintiff respectfully requests this Panel to vacate Conditional Transfer Order No. 276 to the extent that it transfers this case to the Eastern District of Pennsylvania.

Respectfully submitted,

By: _____

Sean R. Cox
Federal Bar No. 32186
**BARON & BUDD, P.C.**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
Phone: 214/521-3605
Fax: 214/520-1181

*~ and ~*

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-276 -- PAGE 6**

Fax:  302/656-5011

*Attorneys for Plaintiff*

Date:   May 24, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2007, a true and correct copy of the above and foregoing instrument was served on Defendant Volkswagen of America, Inc. via U.S. Certified Mail Return Receipt Requested, and on all other defendants named in this suit by serving the counsel listed in the attached panel service list via U.S. Mail First Class.

Sean R. Cox, #32186

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-276 -- PAGE 7**

**PANEL SERVICE LIST (Excerpted from CTO-276)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Mary M. Collins, etc. v. Metropolitan Life Insurance Co., et al.*, D. Delaware,
C.A. No. 1:07-149

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Sean R. Cox
Baron & Budd, P.C.
The Centrum
3102 Oak Lawn Avenue, Suite 100
Dallas, TX 75219-4281

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Steven T. Davis
Obermayer, Rebmann, Maxwell
 & Hippel LLP
3 Mill Road
Suite 306A
Wilmington, DE 19806

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Yvonne Takorian Saville
Michael Weiss, PA
1220 Market Street, Suite 604
Wilmington, DE 19801

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith,  LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Feb 28 2006 10:49 EST
Transaction ID 10675089

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. |
| | : | |
| Plaintiffs, | : | COMPLAINT |
| | : | |
| | : | NON-ARBITRATION |
| v. | : | |
| | : | ASBESTOS |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | |
| | : | |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |
| | : | |
| AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); | : | |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2007

FILED
CLERK'S OFFICE

EXHIBIT

A

CHAMPLAIN CABLE CORPORATION
(individually, and as successor-in-interest
to AMERICAN SUPER
TEMPERATURE WIRE, and successor-
in-interest to HAVEG INDUSTRIES,
INC. successor-by-merger to HAVEG
CORPORATION);

:
:
:
:
:
:
:

HERCULES INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-be-merger
to HAVEG CORPORATION);

:
:
:
:
:

RILEY POWER, INC. (f/k/a BABCOCK
BORSIG POWER, INC., f/k/a D.B.
RILEY, INC., f/k/a RILEY STOKER
CORPORATION);

:
:
:
:
:

UNION CARBIDE CORPORATION;

:
:

DANA CORPORATION;

:
:

CRANE COMPANY;

:
:

INGERSOLL-RAND COMPANY;

:
:

CROWN CORK & SEAL COMPANY,
INC. (individually and as successor-in-
interest to MUNDET CORK
COMPANY);

:
:
:
:
:

3M COMPANY (individually and f/k/a
MINNESOTA, MINING, AND
MANUFACTURING COMPANY, a/k/a
"3M");

:
:
:
:
:

T.H. AGRICULTURE & NUTRITION,
LLC (individually and f/k/a T.H.
AGRICULTURE & NUTRITION
COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

:
:
:
:
:
:

PHILIPS ELECTRONICS NORTH
AMERICA CORP. (individually and as
successor-in-interest to T H
AGRICULTURE & NUTRITION, LLC);

:
:
:
:
:

KAISER GYPSUM COMPANY,
INC.;

:
:

KAISER CEMENT CORPORATION                :
(individually, and as successor-in-interest   :
to KAISER GYPSUM COMPANY,               :
INC.);                                                       :
                                                                 :
HANSON PERMANENTE CEMENT,             :
INC. (f/k/a KAISER CEMENT                      :
CORPORATION, individually and as          :
successor-in-interest to KAISER              :
GYPSUM COMPANY, INC.);                    :
                                                                 :
BONDEX INTERNATIONAL, INC.;              :
                                                                 :
RPM, INC. (individually, and as              :
successor-in-interest to BONDEX           :
INTERNATIONAL, INC.);                          :
                                                                 :
RPM INTERNATIONAL, INC.                      :
(individually and as successor-in-interest  :
to RPM, INC., and BONDEX                     :
INTERNATIONAL, INC.);                          :
                                                                 :
VIACOM, INC. (individually and as          :
successor-by-merger to CBS                  :
CORPORATION, successor-by-merger        :
to WESTINGHOUSE ELECTRIC                  :
CORPORATION);                                   :
                                                                 :
THE GOODYEAR TIRE & RUBBER             :
COMPANY;                                           :
                                                                 :
BORGWARNER MORSE TEC, INC.,           :
(individually and successor in interest to   :
BORG-WARNER CORPORATION);              :
                                                                 :
BORGWARNER, INC.,(individually and      :
successor in interest to BORG-WARNER   :
CORPORATION);                                   :
                                                                 :
HONEYWELL INTERNATIONAL,                :
INC. (individually and as successor-in-     :
interest to ALLIED-SIGNAL, INC. and       :
THE BENDIX CORPORATION);                 :
                                                                 :
DAIMLERCHRYSLER                              :
CORPORATION (f/k/a CHRYSLER              :
CORPORATION);                                   :
                                                                 :
GENERAL MOTORS CORPORATION;          :

FORD MOTOR COMPANY;                          :
                                             :
                                             :
PNUEMO ABEX, LLC (individually and           :
as successor-by-merger to PNEUMO             :
ABEX CORPORATION, successor-in-              :
interest to ABEX CORPORATION f/k/a           :
AMERICAN BRAKE SHOE                          :
COMPANY, f/k/a AMERICAN BRAKE                :
SHOE and FOUNDRY COMPANY                     :
including the AMERICAN                        :
BRAKEBLOK DIVISION, successor-by-            :
merger to the AMERICAN BRAKE                 :
SHOE and FOUNDRY COMPANY and                 :
THE AMERICAN BRAKEBLOK                       :
CORPORATION, f/k/a THE                       :
AMERICAN BRAKE MATERIALS                     :
CORPORATION);                                :
                                             :
MAREMONT CORPORATION (a                      :
subsidiary of ARVIN INDUSTRIES,              :
INC., individually and as                    :
successor-in-interest to GRIZZLY             :
MANUFACTURING CO.);                          :
                                             :
HENNESSY INDUSTRIES, INC.,                   :
(individually and as successor by merger     :
to AMMCO TOOLS, INC. and AMMCO               :
TOOLS, CO., d/b/a AMMCO TOOLS);              :
                                             :
A.W. CHESTERTON, INC.;                       :
                                             :
DURABLA MANUFACTURING                        :
COMPANY, INC.;

      Defendants.

## COUNT I

1.     Plaintiff, JAMES DANIEL COLLINS, was wrongfully exposed to asbestos, an

inherently dangerous toxic substance while employed at the following places:

          (a)    Plaintiff JAMES DANIEL COLLINS was exposed thru his father, James

                Collins, from his father's work at Fort Lewis  where he worked from

1947-1965; and 1967-1967 as a heating and cooling specialist in Fort Lewis, WA.

(b)    Plaintiff JAMES DANIEL COLLINS performed construction jobs at personal residences from 1950-1952.

(c)    Plaintiff JAMES DANIEL COLLINS performed mechanic jobs at personal residences from 1964-2005.

(d)    Plaintiff JAMES DANIEL COLLINS performed construction jobs at residential sites in Olympia, Washington in 1977.

(e)    Plaintiff JAMES DANIEL COLLINS worked at a salvage yard in Tumwater, Washington in1965.

(f)    Plaintiff JAMES DANIEL COLLINS attended Clover Park Vocational School in Tacoma, Washington from 1967-1969 as a student.

(g)    Plaintiff JAMES DANIEL COLLINS worked at America Oil Service Station in Tacoma, Washington from 1968-1969 as a laborer and light mechanic.

(h)    Plaintiff JAMES DANIEL COLLINS worked at Brewington Motors in Olympia, Washington as a mechanic from 1971-1976.

(i)    Plaintiff JAMES DANIEL COLLINS worked at South Puget Sound Community College in Olympia, Washington from 1985-2005 as an instructor.

(j)    Plaintiff JAMES DANIEL COLLINS worked at Hanson Motors in Olympia, Washington from 1976-1985 as a mechanic.

(k)    Plaintiff JAMES DANIEL COLLINS was employed by Collins Automotive Enterprises where he worked at personal residences in Olympia, Washington from 1975-1976 as a mechanic.

Plaintiff was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

2.     As a result of the Defendants' wrongful conduct, Plaintiff, JAMES DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.     As a result of Defendants wrongful conduct which caused Plaintiff, JAMES DANIEL COLLINS's asbestos related diseases and health problems, Plaintiffs, JAMES DANIEL COLLINS and MARY M. COLLINS suffer extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law.  In addition, Plaintiff(s) MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

4.     The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

## COUNT II

5.     The allegations in paragraph one (1) through four (4) are realleged and incorporated by reference within this Count.

6.     FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX
INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to
RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS
CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to
BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-
WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-
interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO
ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a
AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE
and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK
DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and
FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK
CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC.,
individually and as successor-in-interest to GRIZZLY MANUFACTURING
CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to
AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

7.      Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, including but not limited to Defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material harmful to the asbestos industry and only published certain portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors.

8.      The illnesses and disabilities of Plaintiff is a direct and proximate result of 3M's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

9.      3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

10.      Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

11.     As a direct and proximate result of the above wrongful activities of the

Defendants, Plaintiff was exposed to asbestos and the Plaintiff developed the asbestos-related

diseases discussed and sustained the injuries described herein.

## COUNT III

12.     The allegations in paragraphs One (1) through Eleven (11) are realleged and

incorporated by reference within this Count.

13.     The Defendants were negligent in conducting the above activities and/or in the

safety conditions at their plants and facilities in that despite the fact that the Defendants knew or

should have known that asbestos exposure could result in serious injury, disease and/or death

they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other

than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the

Plaintiff as well as other users, bystanders, household members and members of the general

public of the risks of asbestos;

(c)     Failed to adequately test, research investigate asbestos and/or its effects prior to

sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which

would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff

and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not

limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products,

to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to

render it safe or safely remove the asbestos now in place.

14.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT IV

15.     The allegations in paragraphs one (1) through Fourteen (14) are realleged and incorporated by reference within this Count.

16.     The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff and others similarly situated:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

(c)     Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)     Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT V

18.     The allegations in paragraphs one (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.     Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff for all injuries and damages which were contracted thereby.

20.     All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff for all the injuries and damages which were contracted thereby.

21.     The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff injuries which were caused thereby.

22.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff for all injuries caused thereby.

23.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VI

24.     The allegations in paragraphs One (1) through Twenty-three (23) are realleged and incorporated by reference within this Count.

25.     The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

       (a)     Conceal the existence, nature and extent of that risk; and,

(b)    Failed to disclose the existence, nature and extent of that risk to Plaintiff and those similarly situated.

26.    The Defendants had reason to expect that Plaintiff, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would-be materially affected by the aforementioned concealment and nondisclosure.

27.    As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VII

28.    The allegations in paragraphs one (1) through Twenty-seven (27) are realleged and incorporated by reference within this Count.

29.    The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)    Had no adequate basis for such representations;

(b)    Knew that a significant health hazard to human life existed from asbestos.

30.    Defendants had reason to expect that as a result of such representation, Plaintiff and others similarly situated would be exposed to asbestos.

31.    As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

32.    The allegations in paragraphs One (1) through Thirty-one (31) are realleged and incorporated by reference within this Count.

33.    The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the Plaintiff and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

34.   As a result of this conspiracy, the Plaintiff was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

35.   The allegations in paragraphs One (1) through Thirty-four (34) are realleged and incorporated by reference within this Count.

36.   Even after the dangers of asbestos finally began to be known to Plaintiff or others similarly situated, Defendants continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

    (a)   Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

    (b)   Defeat and/or delay such legal actions and the final collection of any judgment.

37.   Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

38.   As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT X

39.   The allegations in paragraphs One (1) through Thirty-eight (38) are realleged and incorporated by reference within this Count.

40.   Plaintiff used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the

inhalation of asbestos dust and fibers. Plaintiff would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

41.     Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiff.

42.     Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

43.     Plaintiff was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

44.     During the periods Plaintiff used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

45.     As a direct and proximate result of the above acts and omissions of Defendants, Plainitiff was injured as described herein.

### COUNT XI

46.     The allegations in paragraphs One (1) through Forty- five (45) are realleged and incorporated by reference within this Count.

47.     Plaintiff, JAMES DANIEL COLLINS, would show that for a period of many years, **(he/she)** worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of Plaintiff, JAMES DANIEL COLLINS', father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiff, JAMES DANIEL COLLINS, would show that he has been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great

quantities of asbestos fibers.  Further, Plaintiff, JAMES DANIEL COLLINS, alleges, as more specifically set out below, that he has suffered injuries proximately caused by his  exposure to asbestos-containing products designed, manufactured and sold by Defendants.

48.     Plaintiff, JAMES DANIEL COLLINS, alleges that he was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of Plaintiff, JAMES DANIEL COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff, JAMES DANIEL COLLINS, was exposed to the asbestos dust and fibers brought home by Plaintiff, JAMES DANIEL COLLINS', father in the normal course of performing household activities, such as shaking out and laundering work clothing.  In that each exposure to such products caused or contributed to Plaintiff, JAMES DANIEL COLLINS' injuries, Plaintiff, JAMES DANIEL COLLINS, says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudgement interest, as would be necessary to compensate the Plaintiffs for the injuries they have and will suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages.

Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**JACOBS & CRUMPLAR, P.A.**

By:    */s/ David A. Arndt, Esquire*
        David A. Arndt #3925
        2 East 7th Street
        P.O. Box 1271
        Wilmington, DE 19899
        (302) 656-5445
        Attorney for Plaintiff

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605

Date:   February 27, 2006

EFiled: Feb 28 2006 10:49AM EST
Transaction ID 10675089

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. |
| | : | |
| | : | NEW CASTLE COUNTY |
| Plaintiffs, | : | PRAECIPE |
| | : | NON-ARBITRATION |
| v. | : | |
| | : | ASBESTOS |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | |
| | : | |
| | : | |
| | : | |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| | : | |
| | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| | : | |
| | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |
| | : | |
| | : | |
| | : | |
| | : | |

AMETEK, INC. (individually, and as                    :
successor-in-interest to HAVEG              :
INDUSTRIES, INC. successor-by-             :
merger with HAVEG CORPORATION);            :
                                           :
CHAMPLAIN CABLE CORPORATION                :
(individually, and as successor-in-interest  :
to AMERICAN SUPER                          :
TEMPERATURE WIRE, and successor-           :
in-interest to HAVEG INDUSTRIES,           :
INC. successor-by-merger to HAVEG          :
CORPORATION);                              :
                                           :
HERCULES INC. (individually, and as        :
successor-in-interest to HAVEG             :
INDUSTRIES, INC. successor-be-merger       :
to HAVEG CORPORATION);                     :
                                           :
RILEY POWER, INC. (f/k/a BABCOCK           :
BORSIG POWER, INC., f/k/a D.B.             :
RILEY, INC., f/k/a RILEY STOKER            :
CORPORATION);                              :
                                           :
UNION CARBIDE CORPORATION;                 :
                                           :
DANA CORPORATION;                          :
                                           :
CRANE COMPANY;                             :
                                           :
INGERSOLL-RAND COMPANY;                    :
                                           :
CROWN CORK & SEAL COMPANY,                 :
INC. (individually and as successor-in-    :
interest to MUNDET CORK          .         :
COMPANY);                                  :
                                           :
3M COMPANY (individually and f/k/a         :
MINNESOTA, MINING, AND                     :
MANUFACTURING COMPANY, a/k/a               :
"3M");                                     :
                                           :
                                           :
                                           :
                                           :
                                           :

T.H. AGRICULTURE & NUTRITION,                    :
LLC (individually and f/k/a T.H.                 :
AGRICULTURE & NUTRITION                          :
COMPANY, INC. f/k/a THOMPSON-                     :
HAYWARD CHEMICAL COMPANY);                        :
                                                 :
PHILIPS ELECTRONICS NORTH                        :
AMERICA CORP. (individually and as               :
successor-in-interest to T H                     :
AGRICULTURE & NUTRITION, LLC);                   :
                                                 :
KAISER GYPSUM COMPANY,                           :
INC.;                                            :
                                                 :
KAISER CEMENT CORPORATION                        :
(individually, and as successor-in-interest to   :
KAISER GYPSUM COMPANY, INC.);                    :
                                                 :
HANSON PERMANENTE CEMENT, INC.                   :
(f/k/a KAISER CEMENT CORPORATION,                :
individually and as successor-in-interest to     :
KAISER GYPSUM COMPANY, INC.);                     :
                                                 :
BONDEX INTERNATIONAL, INC.;                      :
                                                 :
RPM, INC. (individually, and as successor-       :
in-interest to BONDEX INTERNATIONAL,             :
INC.);                                           :
                                                 :
RPM INTERNATIONAL, INC. (individually            :
and as successor-in-interest to RPM, INC.,       :
and BONDEX INTERNATIONAL, INC.);                 :
                                                 :
VIACOM, INC. (individually and as                :
successor-by-merger to CBS                       :
CORPORATION, successor-by-merger to              :
WESTINGHOUSE ELECTRIC                            :
CORPORATION);                                    :
                                                 :
THE GOODYEAR TIRE & RUBBER                       :
COMPANY;                                         :
                                                 :
BORGWARNER MORSE TEC, INC.,                      :
(individually and successor in interest to       :
BORG-WARNER CORPORATION);                        :
                                                 :
BORGWARNER, INC.,(individually and               :
successor in interest to BORG-WARNER             :

CORPORATION);                                    :

HONEYWELL INTERNATIONAL, INC.                    :
(individually and as successor-in-interest to    :
ALLIED-SIGNAL, INC. and THE BENDIX               :
CORPORATION);                                    :

DAIMLERCHRYSLER CORPORATION                      :
(f/k/a CHRYSLER CORPORATION);                    :

GENERAL MOTORS CORPORATION;                      :
                                                 :
FORD MOTOR COMPANY;                              :

PNUEMO ABEX, LLC (individually and as            :
successor-by-merger to PNEUMO ABEX               :
CORPORATION, successor-in-interest to            :
ABEX CORPORATION f/k/a AMERICAN                  :
BRAKE SHOE COMPANY, f/k/a                        :
AMERICAN BRAKE SHOE and                          :
FOUNDRY COMPANY including the                    :
AMERICAN BRAKEBLOK DIVISION,                     :
successor-by-merger to the AMERICAN              :
BRAKE SHOE and FOUNDRY COMPANY                   :
and THE AMERICAN BRAKEBLOK                       :
CORPORATION, f/k/a THE AMERICAN                  :
BRAKE MATERIALS CORPORATION);                    :

MAREMONT CORPORATION (a                          :
subsidiary of ARVIN INDUSTRIES, INC.,            :
individually and as successor-in-interest to     :
GRIZZLY MANUFACTURING CO.);                      :
                                                 :
HENNESSY INDUSTRIES, INC.,                       :
(individually and as successor by merger to      :
AMMCO TOOLS, INC. and AMMCO                      :
TOOLS, CO., d/b/a AMMCO TOOLS);                  :
                                                 :
A.W. CHESTERTON, INC.;                           :
                                                 :
DURABLA MANUFACTURING
COMPANY, INC.;

      Defendants.

## NEW CASTLE COUNTY PRAECIPE

      PLEASE ISSUE Summons and Complaint through the Sheriff of New Castle County to the defendants at the address indicated herein:

GEORGIA-PACIFIC CORPORATION (Individually and as
successor to BESTWALL GYPSUM COMPANY
c/o Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

CERTAINTEED CORPORATION
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a O-I)
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19805

AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES,
INC. successor-by-merger with HAVEG CORPORATION)
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to
AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION)
c/o Corporation Service Co.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES,
INC. successor-be-merger to HAVEG CORPORATION)
c/o Hercules, Inc.
1313 N. Market St.
Wilmington, DE 19894

INGERSOLL-RAND COMPANY
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FOSTER WHEELER NORTH AMERICA CORPORATION
(f/k/a FOSTER WHEELER ENERGY CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

ZURN INDUSTRIES, INC. (a/k/a And successor-by-merger
to ERIE CITY IRON WORKS)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

GARLOCK SEALING TECHNOLOGIES, L.L.C (individually and
as a successor-in-interest to GARLOCK, INC.)
c/o Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC.,
F/k/a D.B. RILEY, INC., f/k/a RILEY STOKER
CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UNION CARBIDE CORPORATION
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

3M COMPANY (individually and f/k/a MINNESOTA, MINING, AND
MANUFACTURING COMPANY, a/k/a "3M");
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street

Wilmington, DE 19801

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to RPM, Inc.,
and BONDEX INTERNATIONAL, INC.)
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

VIACOM, INC. (individually and as successor-by-merger to CBS CORPORATION,
successor-by-merger to WESTINGHOUSE ELECTRIC CORPORATION)
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

THE GOODYEAR TIRE & RUBBER COMPANY
c/o Corporation Service Company
2711 Centerville Road, Suite 400,
Wilmington, Delaware 19808

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as
successor-in-interest to T H AGRICULTURE & NUTRITION, LLC)
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-
WARNER CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

BORGWARNER, INC.,(individually and successor in interest to BORG-WARNER
CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to
ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION)
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

GENERAL MOTORS CORPORATION
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FORD MOTOR COMPANY
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX
CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN
BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY
COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger
to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN
BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS
CORPORATION)
Corporation Service Company
2711 Centerville Rd
Ste 400
Wilmington, DE 19808

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC.,
individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO
TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**JACOBS & CRUMPLAR, P.A.**

By:    */s/ David A. Arndt, Esquire*
        David A. Arndt #3925
        2 East 7th Street
        P.O. Box 1271
        Wilmington, DE 19899
        (302) 656-5445
        Attorney for Plaintiffs

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605
FAX: (214) 520-1181

Date:   February 27, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARY M. COLLINS, Individually and as
Personal Representative of the Heirs and
Estate of JAMES DANIEL COLLINS,
Deceased

        Plaintiff(s),

    v.

METROPOLITAN LIFE INSURANCE
COMPANY, INC., et al.,

        Defendants.

_____

**NOTICE OF REMOVAL**

**Filed on behalf of**
**VOLKSWAGEN OF AMERICA, INC.**

Counsel of Record for this Party:

Steven T. Davis, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA   15219

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

EXHIBIT
B

4123160

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARY M. COLLINS, Individually and )
as Personal Representative of the Heirs )
and Estate of JAMES DANIEL )
COLLINS, Deceased )
         Plaintiff(s), )    **Filed on behalf of**
          )    **VOLKSWAGEN OF AMERICA, INC.**
      v. )
          )
          )
METROPOLITAN LIFE INSURANCE
COMPANY, INC., et al.,

        Defendants.

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE:

AND NOW, comes defendant, Volkswagen of America, Inc. (VWoA) and files its Notice of Removal, and in support thereof avers as follows:

1.      On February 28, 2006, Plaintiffs James Daniel Collins and Mary M. Collins filed a Complaint against 40 Defendants, not including VWoA, in the Superior Court of New Castle County, Delaware.

2.      On information and belief, Plaintiffs' initial discovery responses were served in May, 2006. These discovery responses disclosed Mr. Collins' employment history, including employment at two Volkswagen dealerships.

3.      On information and belief, James Daniel Collins was deposed on August 10, 2006, at which time he testified about exposure to VWoA products.

4123160

4.    On information and belief, Plaintiffs filed a motion to amend the Complaint on August 17, 2006 to add VWoA as a party to the lawsuit. The motion was not immediately presented to the Superior Court of New Castle County, Delaware. The Superior Court of New Castle County, Delaware granted the motion to amend on October 6, 2006.

5.    On information and belief, Plaintiff James Daniel Collins died on or about September 25, 2006.

6.    On information and belief, Plaintiff Mary Collins filed an Amended Complaint adding VWoA as a party to the lawsuit on October 17, 2006, attached hereto as Exhibit A.

7.    VWoA was served with original process on December 11, 2006, after the close of discovery in the case, and after the Plaintiff James Collins had died. At that point in time, trial was scheduled for February 12, 2007.

8.    On December 9, 2006, an initial Motion to Substitute Parties and Add Wrongful Death Claim was filed. Thereafter, on January 24, 2007, a second Motion to Substitute Parties and Add a Wrongful Death Claim was filed. The Court granted the second Motion to Substitute Parties and Add Wrongful Death Claim on February 2, 2007. Mary M. Collins, in her own right, and as the Executrix of the Estate of James Daniel Collins is the Plaintiff in this action (hereinafter "Plaintiff").

9.    Plaintiff then filed a Second Amended Complaint on February 5, 2007, attached hereto as Exhibit B.

10.    Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, VWoA removes this action to the United States District Court for the District of Delaware, which is the judicial district in which the action is pending.

11.     Upon information and belief, VWoA is the only remaining defendant in this action. Although the docket does not reflect such, Counsel for VWoA was informed on March 12, 2007, for the first time, that VWoA is the only defendant remaining in this case. This information was confirmed in written correspondence attached hereto as Exhibit C.

12.     Forty defendants were sued in this action, but the majority appears to have been only nominal defendants who were sued as part of a "mass tort" asbestos filing. They and their alleged asbestos-containing products were not identified in this asbestos action and those companies have been or will be dismissed through voluntary and/or stipulated dismissals. The remaining defendants other than VWoA have had summary judgment granted or have settled their claims, although those settlements (and some of the nominal defendant dismissals) are not yet reflected on the docket.

13.     There is complete diversity of citizenship between Plaintiff and VWoA in this action because:

        a.     Plaintiff is an individual and citizen of the State of Washington;

        b.     Defendant Volkswagen of America, Inc. is organized and incorporated under the laws of the State of New Jersey, with a principal place of business in Michigan;

        c.     More than $75,000, exclusive of interests and costs, is in controversy in this action; and

        d.     Other remaining defendants, whether or not diverse, are either nominal defendants (that have been or will be dismissed) or have settled the instant action.

14.     Thus, this court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. §1332 if the action as it stands had it originally been brought in federal court. Removal is therefore proper under 28 U.S.C. §1441(a).

15.     Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because any parties in interest properly joined and served as a defendant that were citizens of the State of Delaware, the State in which this action was brought, are nominal defendants or have settled the claims against them.

16.     This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because VWoA received notice, confirmed in writing, that the case had become removable on March 12, 2007. This Notice of Removal is filed within one year of the commencement of the action against VWoA.[1]

17.     Pursuant to Section 1446(a) of Title 28 of the United States Code, "a copy of all process, pleadings, and orders" served on Volkswagen of America, Inc. at the time of removal are attached as Exhibit D.[2]

**WHEREFORE**, Defendant Volkswagen of America, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court of New Castle County, Delaware, on this 14th day of March 2007.

Dated:  March 14, 2007

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

---

[1] If commencement of the action is measured by when the Complaint was filed without VWoA as a party, VWoA is entitled to an equitable exception to the one-year bar.

[2] See also all papers and pleadings filed via Lexis Nexis electronic file and serve from December 11, 2006 (E-filing ID No. 13151797) to March 5, 2007 (E-filing ID No. 14017420).

BY: _____

Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219

AND

One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA  19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Counsel for Defendant,
Volkswagen of America, Inc.

4123160

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Volkswagen of America, Inc.'s Notice of Removal was served on Plaintiff's counsel this 14th day of March, 2007, via hand delivery.

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY:

Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219

AND

One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA  19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Counsel for Defendant,
Volkswagen of America, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARY M. COLLINS, Individually and )
as Personal Representative of the Heirs )
and Estate of JAMES DANIEL )
COLLINS, Deceased )
        Plaintiffs, )

v.

METROPOLITAN LIFE INSURANCE )
COMPANY, INC., et al. )
        Defendants.

_____

**Filed on behalf of**
**VOLKSWAGEN OF AMERICA, INC.**

### CERTIFICATE OF NOTICE OF FILING

The undersigned attorneys of record for Volkswagen of America, Inc., certify that, in compliance with 28 U.S.C. §1446(d), a copy of the Notice of Removal of this action was filed with the Prothonotary of the Superior Court of New Castle County, Delaware on March 14, 2007.

The undersigned attorneys of record further certify that on the same day, in compliance with the requirements of 28 U.S.C. §1446(d), written notice of the removal was also delivered to all the parties, including the Plaintiffs, in this action directly or through their attorneys, along with a copy of the Notice of Removal filed in this court.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY: _____

Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA 15219

AND

One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA 19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX 75205

Dated: March 14, 2007

Counsel for Defendant,
Volkswagen of America, Inc.

03/12/2007  16:07    4125561508          OBERMAYER REBMANN MA          PAGE   02/02



**OBERMAYER**
REBMANN MAXWELL & HIPPEL LLP
*Attorneys At Law*

Alice S. Johnston
Direct Dial: 412-288-2459
E-mail: alice.johnston@obermayer.com

One Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219-2502
P 412-566-1500
F 412-566-1508
www.obermayer.com

March 12, 2007

*Via Telefax – 214/520-1181*

Tiffany Newlin
Baron & Budd
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

Re:   Civil Action No. **06C-02-281 ASB**, *Mary M. Collins, Individually and as Personal Representative of the Heirs and Estate of James Daniel Collins v. Metropolitan Life Insurance Company, Inc., et al.* in the Superior Court of the State of Delaware In and For New Castle County

Dear Tiffany:

Following up on our telephone conversation of this afternoon, you are going to provide me with available dates for the deposition of Lenore Collins, the mother of decedent Mr. James Collins.  I will take the deposition in Olympia, Washington, preferably this month, as there is significant other discovery to be conducted thereafter.

Also, you indicated that Ford and General Motors are the only defendants remaining in the case, other than Volkswagen of America, Inc., and you agreed to find out and let me know whether or not Ford and General Motors have now settled the case.  Later this afternoon, Larry Rufo advised me that Ford and General Motors have in fact settled and that Volkswagen of America, Inc. is the last defendant remaining in the case.  Will you please let me know immediately if that is not correct?

Thank you.

Very truly yours,

*Alice*

Alice S. Johnston

ASJ/njw

4137615
Philadelphia          Harrisburg          Pittsburgh          Cherry Hill
Pennsylvania          Pennsylvania          Pennsylvania          New Jersey

**Over a Century of Sol**

**EXHIBIT**
tabbies

_C_

Received Time Mar. 12. 2007  3:10PM No. 3948

# BARON & BUDD

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
SUITE 1100
3102 OAK LAWN AVENUE
DALLAS, TEXAS 75219-4281
(214) 521-3605
TELECOPIER (214) 520-1181

FREDERICK M. BARON†
RUSSELL W. BUDD (TX & MS)
BRENT M. ROSENTHAL
LISA A. BLUE, PH.D.†
STEVEN D. WOLENS
MELISSA K. HUTTS (TX & MO)
STEVE BAUGHMAN JENSEN
ALLEN M. STEWART (TX & PA)
LAURA BAUGHMAN (TX & NY)
LAURIE J. MEGGESIN†
ALAN B. RICH (TX & IL)†
ELLEN A. PRESBY
SCOTT SUMMY (TX & NC)
MISTY A. FARRIS
KEVIN D. MCHARGUE
JAMES D. PIEL (TX, OK & PA)
LANCE A. POOL (TX & OK)
JOHN J. SPILLANE
BEN K. DUBOSE
LAWRENCE G. GETTYS (TX & LA)
FRANK E. GOODRICH

CELESTE A. EVANGELISTI (TX, CA & NY)
CHARLA G. ALDOUS
CARY L. MCDOUGAL
STEVEN T. BARON
SCOTT R. FRIELING
CARLA M. BURKE (TX & NY)
BRUCE W. STECKLER
GARY CRUCIANI††
JANICE PENNINGTON (TX & AZ)†
JOHN L. YATES†
ROBERT D. CRAIN†
———
SAM T. RICHARD (TX & OK)
CHRISTINA E. MANCUSO
SCOTT MORRISON
STEPHEN C. JOHNSTON
AMY J. SHAHAN
J.H. GRIMES (TX & GA)
MARTY A. MORRIS
LAURA M. CABUTTO
NATALIE F. DUNCAN

TIFFANY NEWUR DICKENSON (TX & MS)
JACQUELINE MONTEJANO
REY FERNÁNDEZ
EDMOND L. MARTIN
DONNA J. BLEVINS
STEPHANIE N. BROOKS
DAVID T. RITTER
RENÉE MELANÇON (TX & LA)
THERESA NELSON RUCK (KY & OH ONLY)
D. CARL MONEY (TX & NY)
CHAD R. COTTEN
ERIN ANDERSON FARRIS
JORY D. LANGE, JR.
STEPHEN T. BLACKBURN (TX & CA)
RANDALL K. PULLIAM (TX & AR)
JOHN L. LANGDOC (TX & CA)
ROXANNE MCKENZIE LINTON (LA ONLY)
DENYSE F. CLANCY
RYAN C. LEGGIERO (TX & CO)
BART DALTON (TX & CA)
DAVID L. GREEN

CLAIRE T. HUNTSMAN
M. CRISTINA SANCHEZ
TINA POTTER
SHARON D. BAUTISTA
CHARLES E. SOECHTING, JR.
CAROLIN K. SHINING (CA & IL ONLY)
CARRIE A. HILL
SHERRY L. TALTON
SUSAN LAUREA LASALLE
ELIZABETH A. SALINAS
LISA WHITE SHIRLEY (TX, LA & FL)
STEFANIE K. MAJOR
KIRK M. CLAUNCH (TX & NY)
ERIC L. BROWN (CA ONLY)
JEFFREY J. CONWAY (TX & CA)
BRENDAN S. MAHER (TX, CA & NY)
BRIAN K. PEACOCK
SEAN R. COX

†† SPECIAL COUNSEL
† OF COUNSEL

March 13, 2007

*Via Facsimile: 412/566-1508*

Alice S. Johnston
Obermayer Rebmann Maxwell & Hippel, LLP
One Melton Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219

Re:   JAMES DANIEL COLLINS, et al. vs. METROPOLITAN LIFE INSURANCE COMPANY, INC., et al.;
Cause No. 06C-02-281 ASB, SUPERIOR COURT FOR NEW CASTLE COUNTY, Delaware County,
Delaware

Dear Ms. Johnston,

I am writing to advise you of the new procedures in place in Delaware regarding initial case dispositive motions which apply to the Motions to Dismiss that have been filed on behalf of Volkswagen in the aforementioned case:

- Defendant Volkswagen Of America, Inc.'s Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Failure To Plead Negligence And Fraud With Particularity And For Ancillary Relief ; and

- Defendant Volkswagen Of America, Inc.'s Motion to Dismiss For Lack Of Personal Jurisdiction And On The Basis Of Forum Non Conveniens.

The court has now set up a procedure wherein these motions are to be set on the omnibus docket, the last Thursday of each month. Once set on this docket, the non-moving party must file an objection to the motion or the motion will then be ordered by the court. If the non-moving party objects to the motion, the moving party is to re-notice the motion for one of the designated toxic tort weeks to be heard by Judge Slights. The next toxic tort week will take place the week of April 23rd.

Accordingly, once your cases are placed on the omnibus docket, we will be prepared to notify you of our objection and proceed with a hearing during the next available toxic tort week. If you have



EXHIBIT

D

any further questions regarding these new procedures, please feel free to contact Defense Coordinating Counsel, Loreto P. Rufo, as suggested by the court.

Additionally, in response to your letter received yesterday afternoon, I would like to confirm that Volkswagen of America, Inc. is now the only remaining defendant in this case.

Also, as requested, please be advised that Plaintiffs produced 11 pathology slides (SP-05-016413: A1-1-A1-10(10); A2-1) to Defense Coordinating Counsel on June 6, 2006.

With Kind Regards,

Erin A. Farris

Erin Anderson Farris

EAF/kh

cc:    Loreta P. Rufo - *Via Facsimile*



**SO ORDERED** Reger. Jan 17 2007  9:12AM EST
Transaction ID 13478810

## IN THE SUPERIOR COPURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUTY

|  |  |
|---|---|
| IN RE: ASBESTOS LITIGATION | : |
|  | : |
| *COTE  TRIAL GROUP* | : |
| William Cote | : C.A. No. : 05C-09-268 |
| John Sheldon | : C.A. No. : 05C-08-206 |
| Moscoe King | : C.A. No. : 05C-11-125 |
| Charles Lentile | : C.A. No. : 05C-11-256 |
| James Collins | : C.A. No. : 06C-02-281 |
| William Kountz | : C.A. No. : 06C-02-223 |
| Marlon Owens | : C.A. No. : 06C-02-241 |
| Roland Grenier | : C.A. No. : 05C-11-257 |
| Lyle Foltz | : C.A. No. : 05C-10-325 |
| Hugo Engel | : C.A. No. : 05C-09-083 |
| Virgil Brauer | : C.A. No. : 05C-08-049 |
| Oliver Sandahl | : C.A. No. : 05C-11-057 |
| Arnold Eudy | : C.A. No. : 05C-10-323 |
| William Modelewski | : C.A. No. : 05C-09-192 |
| Kenneth Beard | : C.A. No. : 05C-11-158 |
| John Bassett | : C.A. No. : 05C-07-122 |
| Rollin Overstreet | : C.A. No. : 05C-09-037 |
| Eustachico Lupone | : C.A. No. : 05C-11-063 |
| George Thomas | : C.A. No. : 05C-11-106 |
| Barry Smith | : C.A. No. : 06C-02-265 |

**SO ORDERED**

### ORDER

**AND NOW TO WIT,** on this 21st day of December, 2006, upon considering the Motion to

ismiss Claims filed on behalf of various Defendants, and it appearing that as said Motion

ppears meritorious and is unopposed and, further, that there is no just reason for delay;

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that, Pursuant to Rule 54 of

he Superior Court Civil Rules, said Motion is hereby **GRANTED** and all claims, including

rossclaims, against the Defendants listed below in the cases listed below are hereby dismissed

with prejudice with each party bearing its own costs.

**EXHIBIT**

*E*

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS | 06C-02-281 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | A.W. CHESTERTON, INC.; |
| | | FORD MOTOR COMPANY; |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.); |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | UNION CARBIDE CORPORATION; and |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| WILLIAM GILBERT COTE and ETHEL MAE COTE | 05C-09-268 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |