

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In Re ASBESTOS PRODUCTS LIABILITY LITIGATION | ) ) | MDL DOCKET NO. 875 |
| | | MAY 14, 2007 |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| PATRICK KROSKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 07-0184-CV-W-GAF |
| v. | ) | |
| | ) | |
| UNION CARBIDE | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiff Patrick Kroske, by and through his attorneys, hereby moves to vacate the
Conditional Transfer Order of April 27, 2007, pursuant to Panel Rule 7.4(d), because
transfer is inappropriate for the reasons set forth in the attached Brief.

_____

Robert B. Ramsey #28312
Attorney for Plaintiff
**Brent Coon & Associates**
2010 S. Big Bend Blvd.
St. Louis, MO 63117
Phone:(314)646-0644
Fax:(314)646-1136
Email: bob.ramsey@bcoonlaw.com

MDL PANEL ON
MAY 24 P 1:14
RECEIVED
CLERK'S OFFICE

## OFFICIAL FILE COPY

IMAGED MAY 30 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

### CERTIFICATE OF SERVICE

MAY 2 9 2007

FILED
CLERK'S OFFICE

I, Robert Ramsey, hereby certify that I caused a copy of the foregoing documents: 1. Motion to Vacate Conditional transfer Order; and 2. Brief in Support Thereof to be served to the Clerk of the Judicial Clerk by mail on May 22, 2007, and pursuant to Panel Rule 5.2 on the "Panel Service List" attached hereto by placing a copy in a properly addressed envelope with proper First Class Postage prepaid and depositing said envelope in the United States Mail.

RECEIVED
CLERK'S OFFICE

2007 MAY 24   P 1:14

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In Re ASBESTOS PRODUCTS LIABILITY          )          MDL DOCKET NO. 875
LITIGATION                                 )          MAY 14, 2007

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

|  |  |
|---|---|
| PATRICK KROSKE ) | |
| ) | |
| Plaintiff, ) | Case No: 07-0184-CV-W-GAF |
| ) | |
| v. ) | |
| ) | |
| UNION CARBIDE ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**

**BACKGROUND**

This matter was originally filed by the Plaintiff in the Circuit Court of Jackson
County, Missouri, on October 10, 2006.   The action was filed by the Plaintiff to seek
repayment from asbestos defendants for the damages caused to the Plaintiff due to the
misrepresentation of the true effects of asbestos exposure on human health and their
conspiracy to manipulate emerging research and hide the truth from the government and
the public of the dangers of asbestos.

Defendant Union Carbide Corporation filed and served its Notice of Removal on
March 7, 2007, and the Plaintiff filed his Motion to Remand in the United States District
Court for the Western District of Missouri on April 5, 2007, which has not been ruled
upon as of the date of filing the instant pleading.  (*See* Ex. "A" - Plaintiff's Motion to

Remand).  On or about April 27, 2007, a Conditional Transfer Order was entered by this Panel ordering the transfer and consolidation of Plaintiff's action for those reasons previously stated in this Panel's Transfer Order.  The Plaintiff subsequently filed his Notice of Opposition to said Conditional Transfer Order and now moves this Panel to vacate said Conditional Transfer Order.

## LAW AND ARGUMENT

There are three statutory prerequisites for transfer and consolidation of cases under 28 U.S.C. Section 1407(a).  First and foremost, the actions to be transferred and consolidated must involve common issues of fact.  28 U.S.C. Section 1407(a) (providing for consolidation of "civil actions involving one or more questions of fact").  Second, consolidation of the actions must be "for the convenience of parties and witnesses."  *Id.* And third, consolidation must "promote the just and efficient conduct of [the] actions." *Id.*  This panel can only issue an order of transfer and consolidation if the cases meet all of these statutorily mandated prerequisites.  *In re Motion Picture "Standard Accessories" & "Pre-Vues" Antitrust Litigation*, 339 F. Supp. 1278 (J.P.M.L. 1972).  The Supreme Court has made it clear that the multi-district litigation statute is not to be expansively construed, but rather, should be confined to its plain language.  *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998).

**A.  There are no common questions of fact that support consolidation of this action with the previous MDL actions.**

In its original Transfer Order, this Panel found that the Plaintiff's case involve "questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania."  *See* Ex. "B", Transfer Order at p. 1.  The action involves allegations (spanning decades in time frame) that 1) asbestos company defendants

conspired to misrepresent to the world in general, and to the plaintiff in particular, the alleged health effects of asbestos, and failed to provide adequate warnings; 2) and the Plaintiff has been damaged in a number of ways, including the occurrence of asbestos-related disease and incurrence of increased health care costs as a result of his use of asbestos-containing products and/or working around others who handled asbestos-containing products. Despite the presence of those "common issues of fact" previously identified by this Panel, the actual facts central to said "common allegations" require case-specific discovery given that different plaintiffs in asbestos cases were exposed to different products at different times; each has a distinct medical history; and many cases arise under the laws of different states. A transfer under the multi-district litigation statute is appropriate only if two or more civil actions raise one or more common questions of fact.

Thus, the Plaintiff respectfully prays that this Panel vacate its Conditional Transfer Order and allow this matter to proceed in the venue in which it originated. Indeed, because unique factual issues so predominate in these actions, the inefficiencies of consolidation override any benefits that might otherwise have existed. As a result, consolidation would force upon a single federal judge the unwieldy task of managing case-specific discovery.

**B.   Consolidation of the actions will not serve "for the convenience of parties and witnesses."**

If the degree of commonality among the actions does not rise to a level such that a transfer would serve the overall convenience of the parties and witnesses and promote the just and efficient conduct of the entire litigation, the transfer should be denied.   17

MOORE'S FEDERAL PRACTICE § 112.05 (3d ed. 1997).   Here, those facts will be unique and different as to each plaintiff.   There can be no common pretrial defense motions (i.e. Summary Judgment or Summary Adjudication) because the fact patterns for each case and the standing of each plaintiff will be different and unique. Precisely because these suits present unique questions of fact, savings of judicial resources would be illusory at best.   In particular, regardless of whether the cases are consolidated or separate, the parties must conduct the same amount of discovery on each question as it relates to each individual company.   The case-specific discovery for one plaintiff will have no relevance to the issues presented in the other cases; thus, there is no danger of duplicative discovery or needless expense to be avoided through further consolidation *See e.g. In re Eli Lilly & Co. Oraflex Products Liability Litigation*, 578 F.Supp. 422 (J.P.M.L. 1984) (motion to centralize for coordinated or consolidated pretrial proceedings denied, because common questions of fact were not shown to predominate over individual questions of fact present in each action, and transfer would therefore neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation). *See also, In re Factor VIII or IX Concentrate Blood Products Litigation*, 169 F.R.D. 632, 638 (N.D. Ill. 1996) (noting that a "multidistrict proceeding is not the appropriate mechanism for the conduct of case-specific discovery.   By definition, that discovery is not of general interest to the parties in all if the individual cases …. ").

Nor will consolidation of Plaintiff's asbestos case decrease the discovery burden for either the parties or the witnesses. The cost of discovery as to defendants' witnesses will not be reduced through consolidation, since the marketing, advertising and governmental relations for each company had to have been handled by different

4

individuals. Any common witnesses or documents pertaining to advertising and marketing in each market would be coincidental at best. This is not a single catastrophic event with a common nucleus of facts, but rather a collection of highly individualized marketing and distribution schemes to end users of the asbestos-containing products at issue. Transfer and consolidation will not further the convenience of the parties and witnesses nor promote the just and efficient conduct of the action.

### C. Plaintiff will not be afforded just and efficient conduct of his action in the MDL.

The third prerequisite for consolidation and transfer under Section 1407(a) is a showing that the just and efficient conduct of the action will be served. *In re Air Crash at Washington D.C. on January 13, 1982*, 533 F.Supp. 1350 (J.P.M.L. 1982) (The actions shared numerous factual questions and transfer was necessary to prevent duplication of discovery and to conserve the resources of the parties, their counsel and the judiciary). These elements are lacking with regard to the action brought by the Plaintiff against the asbestos defendants. There are few if any common issues of fact in contention; there is no possibility of duplicative discovery, since all of the defendants' witnesses will differ for each company; pretrial rulings cannot be applied to each case, since the facts upon which those motions are brought will differ among the companies; and the resources (both monetary and time) will not be reduced for either the parties, their counsel or the courts. Each case will have to be handled as a separate and distinct entity, whether by one court or by each court in which the cases originated.

Wherefore, Plaintiff prays this Court for the following Orders:

1. Remand to Jackson County Missouri Circuit Court.

2. Attorney's fees and costs to Plaintiff.

Robert B. Ramsey #28312
Attorney for Plaintiff
**Brent Coon & Associates**
2010 S. Big Bend Blvd.
St. Louis, MO 63117
Phone:(314)646-0644
Fax:(314)646-1136
Email: bob.ramsey@bcoonlaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Robert Ramsey, hereby certify that I caused a copy of the foregoing documents: 1. Motion to Vacate Conditional transfer Order; and 2. Brief in Support Thereof to be served to the Clerk of the Judicial Clerk by mail on May 22, 2007, and pursuant to Panel Rule 5.2 on the "Panel Service List" attached hereto by placing a copy in a properly addressed envelope with proper First Class Postage prepaid and depositing said envelope in the United States Mail.

**PANEL SERVICE LIST (Excerpted from CTO-276)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Patrick L. Kroske v. Union Carbide Corp., et al.,* W.D. Missouri, C.A. No. 4:07-184

Jack T. Bangert
Sherman, Taff & Bangert, P.C.
1100 Main Street, Suite 3000
P.O. Box 26530
Kansas City, MO 64196

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Margaret M. Chaplinsky
Kalinoski & Chaplinsky
100 Court Avenue, Suite 205
Des Moines, IA 50309-2200

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Benjamin T. Clark
Spencer, Fane, Britt & Browne
1000 Walnut, Suite 1400
Kansas City, MO 64106-2140

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Lawrence S. Denk
Foley & Mansfield, PLLP
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO 63110

Joseph Benjamin Dioszeghy
Rasmussen Willis Dickey & Moore
9200 Ward Parkway, Suite 310
Kansas City, MO 64114

Terese A. Drew
Hinshaw & Culbertson, LLP
701 Market Street, Suite 1300
St. Louis, MO 63101

Joshua M. Ellwanger
Blackwell Sanders Peper Martin, LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

William F. Ford
Lathrop & Gage, L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Virginia M. Giokaris
Rasmussen Willis Dickey & Moore
9200 Ward Parkway, Suite 310
Kansas City, MO 64114

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Emily A. Hartz
Rasmussen, Willis, Dickey & Moore
9200 Ward Parkway, Suite 310
Kansas City, MO 64114

Lori C. Imsland
Lashly & Baer, P.C.
714 Locust Street
St. Louis, MO 63101

Charles L. Joley
Donovan, Rose, Nester & Joley
8 East Washington Street
Belleville, IL 62220

Thomas J. Kernell
Roberts & Perryman
One US Bank Plaza, Suite 2300
St. Louis, MO 63101

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

James C. Morrow
Morrow, Willnauer & Klosterman
Executive Hills East, Building B
10401 Holmes, Ste. 300
Kansas City, MO 64131-4509

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Maggie L. Nigro
Husch & Eppenberger
1200 Main Street, Suite 2300
Kansas, MO 64105-2122

Robert P. Numbrich
Baty, Holm & Numrich, PC
4600 Madison Avenue
210 Plaza West Building
Kansas City, MO 64112-3012

Brian R. Plegge
Moser & Marsalek
200 N. Broadway, Suite 700
St. Louis, MO 63102-2753

PANEL SERVICE LIST (Excerpted from CTO-276) - MDL-875

Robert G. Raleigh
Armstrong Teasdale, LLP
One Metropolitan Square
211 North Broadway, Suite 2600
St. Louis, MO 63102-2740

Robert B. Ramsey
Brent Coon & Associates
2010 South Big Bend Blvd.
St. Louis, MO 63117

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Thomas E. Rice Jr.
Baker, Sterchi, Cowden & Rice
Crown Center
2400 Pershing Road
Suite 500
Kansas City, MO 64108

Kyle N. Roehler
Foland Wickens Eisfelder Roper
& Hofer, PC
911 Main Street
Suite 3000
Kansan City, MO 64105

Bridget B. Romero
Lathrop & Gage, L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

David A. Schott
Hoagland, Fitzgerald, et al.
401 Market Street
P.O. Box 130
Alton, IL 62002

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

R. Scott Smith
Furry & Smith
Bldg. 5 Hidden Creek Office Park
4215 South Hocker
Suite. 300
Independence, MO 64055

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Anthony Lamont Springfield
Polsinelli, Shalton, Welte, Suelthaus
700 West 47th Street
Suite 1000
Kansas City, MO 64112-1802

Bryant Matthew Struble
Thompson Coburn, LLP
One US Bank Plaza
Suite 2600
St. Louis, MO 63101-1693

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Gretchen Wallace
Hepler, Broom, MacDonald,
Hebrank, et al.
103 West Vandalia Street
Suite 300
P.O. Box 510
Edwardsville, MO 62025-0510

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

RECEIVED
CLERK'S OFFICE
2001 MAY 24  P 1: 15
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KROSKE V. PATRICK   )
         )
   Plaintiff,   )
         )  Case No: 07-0184-CV-W-GAF
v.         )
         )
UNION CARBIDE    )
         )
   Defendant.   )
         )

## MOTION TO REMAND

Comes Now Plaintiff Patrick Kroske, by and through his attorneys, and moves this Court to remand this cause to the Jackson County Missouri Circuit Court, and states the following in support thereof:

1.) Defendant Union Carbide's, Notice of Removal, filed on March 7, 2007, refers to a "Defendant Alliant" being served on February 25, 2007.

2.) Although it is not evident from Union Carbide's pleadings how "Defendant Alliant" has any connection to the case a hand, it is clearly evident that Plaintiff neither named "Alliant" as a Defendant nor served "Alliant" with process

3.) Plaintiff's pleadings make it impossible to determine who has actually removed the case, or on what specific basis, other than some general allegations about federal enclave jurisdiction, which do not sufficiently attach standing to Union Carbide or "Alliant: to remove this case to the U.S. District Court.

4.) The removal pleadings are inadequate in that no consent of any other Defendant was attached to the pleading in violation of 28 U.S.C.§1441 and §1446, nor do the



1

pleadings contain any reference to or invocation of the exception to the consent requirements above, 28 U.S.C. §1442(a)(1), whereby a "federal officer" may invoke federal jurisdiction over actions arising in a federal enclave.

5.) Thus, as a direct result of Union Carbide's failure to follow the statutory requirements for removal of a case from state court to federal court, this improper removal was not timely filed within the statutory requirement that a party file its removal documents.

6.) By virtue of their pleadings, Union Carbide believed the 30 day period began on or about February 5, 2007.

Wherefore, Plaintiff prays this Court for the following Orders:

1. Remand to Jackson County Missouri Circuit Court.

2. Attorney's fees and costs to Plaintiff.

Robert B. Ramsey #28312
Attorney for Plaintiff
**Brent Coon & Associates**
2010 S. Big Bend Blvd.
St. Louis, MO 63117
Phone:(314)646-0644
Fax:(314)646-1136
Email: bob.ramsey@bcoonlaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, I electronically filed the foregoing Motion to Remand with the clerk of the court by using the CM/ECF system which will send electronic filing notice to all attorneys of record.

Robert B. Ramsey

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KROSKE V. PATRICK )
)
)
Plaintiff, )
)          Case No: 07-0184-CV-W-GAF
v. )
)
UNION CARBIDE )
)
Defendant. )
)

## PLAINTIFF'S MEMORADUM OF LAW IN
## SUPPORT OF MOTION TO REMAND

Defendant Union Carbide has attempted to perform the legal equivalent of the

magic bootstrap by its removal pleadings. Paragraph 2 of Union Carbide's Notice of

Removal contains the falsehood that "Defendant Alliant" was sued by plaintiff as was

served with process arising out of the plaintiff's original action filed in Jackson county

Missouri Circuit Court. The Court and Plaintiff are left to guess or speculate what it is

about this allegation that connects Union Carbide to a federal enclave. Standing to

remove on the basis of federal enclave is not established by Union Carbide's Notice of

Removal.

### ONE OF THE CASES CITED
### BY DEFENDANT FORECLOSES REMOVAL

In Miller v. Wackerhunt, 808 F.Supp. 697(W.D.Mo. 1992), this Court, in

reviewing a federal enclave issue, found that "a cause of action for negligence does not

arise until the plaintiff suffers an injury …(and) the claim generally will arise wherever

the plaintiff happens to be when she is injured." (at p.700). In the instant case, plaintiff

RECEIVED CLERK'S OFFICE
2007 MAY 29  A 10: 53

1

alleges occupational exposure which occurred over 20 years ago. While working at the

Lake City Plant. Plaintiff did not discover his injury until after 2003 and was not in fact

injured until then while a resident of the state of Missouri outside the bounds of the Lake

City plant. *See*. Biscoe v. Kowalski, 290 S.W.2d 133,138(Mo.Banc 1956); Quick v.

Alltel Missouri, Inc. 694 S.W.2d 757,759(Mo. App.1985). Thus, Plaintiff has a cause of

action under the common law and tort law of Missouri which arose apart from his

employment at a federal enclave over 20 years ago. The federal courts do not have

exclusive jurisdiction over plaintiff's claims.

## DEFENDANT UNION CARBIDE'S REMOVAL PLEADING IS DEFECTIVE UNDER 28 U.S.C.§1441 AND §1446

One of the other cases cited by Union Carbide does not support its attempt to

bootstrap its way into federal enclave jurisdiction, specifically emphasizing that the

removal requirements provided in 28 U.S.C. §1441 and §1446 that consent of all

Defendants must be obtained prior to the filing of removal pleadings. Akins et al. v.

Ashland Chemical Co. et al., 156 F.3d 1030 (10th Cir. 1998). The consent of all

Defendants is clearly not alleged in Union Carbide's notice of removal, nor are any

document from any other Defendants attached indicating consent to the removal. Akins,

does discuss the exception to the consent requirement contained in 28 U.S.C. §1442(a)(1)

and, thus, the Court completely distinguished the facts from those in the case at hand. In

Akins, the defendant specifically pleaded the "federal officer" exception of §1442(a)(1)

which was the exception to the general rule requiring prior consent of all Defendants.

That is not the case here.

2

Union Carbide notice of removal contains no "federal officer" allegations, nor any citation to §1442(a)(1) as the basis for its removal of the action to this Court. Thus, Union Carbide's Notice of Removal is defective in that it falls short of the requirement of consent of all Defendants, and fails to invoke the only exception to the consent requirements.

In a recent "federal officer" §1442(a)(1) removal case, the Ninth Circuit emphasized that in removal cases under §1441 and §1446, prior consent of all defendants to the removal is an absolute requirement, and that while "federal officer" cases are to be liberally construed in favor of removal, §1441 removals, as here, are to be "strictly" construed in favor of remanding to state court. Durham v. Lockheed Martin, 445 F3d 1247 (9th cir. 2006). Strictly construing 28 U.S.C. §1441 and §1446 would require this Court to remand to state court for failure to obtain consent of all defendants

<u>CONCLUSION</u>

For all the above stated reasons, Plaintiff requests that this Court remand this case to Jackson County Circuit Court.

Robert B. Ramsey #28312
Attorney for Plaintiff
**Brent Coon & Associates**
2010 S. Big Bend Blvd.
St. Louis, MO 63117
Phone:(314)646-0644
Fax:(314)646-1136
Email: bob.ramsey@bcoonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, I electronically filed the foregoing Memorandum of Law in Support of Motion to Remand with the clerk of the court by using the CM/ECF system which will send electronic filing notice to all attorneys of record.

Robert B. Ramsey

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| CHAIRMAN: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Judge Wm. Terrell Hodges<br>United States District Court<br>Middle District of Florida | Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas | Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal |
| | Judge J. Frederick Motz<br>United States District Court<br>District of Maryland | Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit | Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002 |
| | Judge Robert L. Miller, Jr<br>United States District Court<br>Northern District of Indiana | Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | Telephone: [202] 502-2800<br>Fax:          [202] 502-2888<br><br>http://www.jpml.uscourts.gov |

April 27, 2007

TO INVOLVED COUNSEL

Re:  MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-276)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office BY FACSIMILE, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:  May 14, 2007 (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Teresa Bishop_
        Deputy Clerk

Attachments

PLAINTIFF'S EXHIBIT

B

ALL-STATE LEGAL®

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 27 2007

FILED
CLERK'S OFFICE

## *DOCKET NO. 875*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

## *(SEE ATTACHED SCHEDULE)*

## *CONDITIONAL TRANSFER ORDER (CTO-276)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,014 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# SCHEDULE CTO-276 - TAG-ALONG ACTIONS
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA MIDDLE** | |
| ALM  2  07-84 | James R. Bain, et al. v. A.O. Smith Electrical Products Co., et al. |
| **CALIFORNIA CENTRAL** | |
| CAC  2  07-1192 | Elaine Scarbrough, et al. v. General Electric Co., et al. |
| **CALIFORNIA NORTHERN** | |
| CAN  3  06-6301 | Edward McIntyre v. Warren Pumps, LLC |
| CAN  3  07-1688 | Joseph Brewster, et al. v. A.W. Chesterton Co., et al. |
| **DELAWARE** | |
| DE  1  07-149 | Mary M. Collins, etc. v. Metropolitan Life Insurance Co., et al. |
| **ILLINOIS CENTRAL** | |
| ILC  1  07-1037 | Carol Durbin, etc. v. Pneumo-Abex Corp., et al. |
| ILC  1  07-1038 | Alan Nussbaum, et al. v. Pneumo-Abex Corp., et al. |
| **ILLINOIS SOUTHERN** | |
| ILS  3  07-110 | Nathaniel Cummings, et al. v. BNSF Railway Co. |
| **LOUISIANA EASTERN** | |
| LAE  2  07-1422 | Frank Bradley v. Northrop Grumman Systems Corp., et al. |
| **MASSACHUSETTS** | |
| MA  1  07-10205 | William J. Hilbert, Jr., et al. v. Northrop Grumman Corp. |
| **MINNESOTA** | |
| MN  0  07-1174 | Ronald Kaufhold v. Soo Line Railroad Co. |
| **MISSOURI WESTERN** | |
| MOW  4  07-184 | Patrick L. Kroske v. Union Carbide Corp., et al. |
| **MISSISSIPPI NORTHERN** | |
| MSN  1  07-63 | Morris Ball v. H-C Auto Electric Co., et al. |
| MSN  1  07-64 | Bobby Earl McDaniel v. H-C Auto Electric Co., et al. |
| **MISSISSIPPI SOUTHERN** | |
| MSS  1  07-141 | Robert L. Reeves v. Afton Pumps, Inc., et al. |
| MSS  1  07-468 | Richard L. Watson v. Hopeman Brothers, Inc., et al. |
| MSS  1  07-472 | Evelyn Quilly Welch-Ward, etc. v. Anchor Packing Co., et al. |
| **MONTANA** | |
| MT  4  07-16 | J. Murray Hurlburt, et al. v. Bondex, Inc., et al. |
| **NORTH CAROLINA EASTERN** | |
| NCE  4  07-9 | Glenda Evelyn Wilson, etc. v. Anchor Packing Co., et al. |
| NCE  4  07-36 | Carolyn D. Hux, et al. v. Anchor Packing Co., et al. |
| NCE  7  07-26 | Billy Futch, Jr. v. Aqua-Chem, Inc., et al. |
| NCE  7  07-34 | Kathy Belinda Patterson, etc. v. Anchor Packing Co., et al. |

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|

**NORTH CAROLINA MIDDLE**

| | |
|---|---|
| NCM 1  07-158 | Wilbert Butler, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1  07-159 | Gary Lee Livengood, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1  07-160 | Benny Dale Myers, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1  07-161 | Lloyd Vernon Snead, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1  07-194 | Kenneth B. Lawson, et al. v. A.W. Chesterton, Inc., et al. |
| NCM 1  07-199 | Robert D. Erby, et al. v. 3M Co., et al. |
| NCM 1  07-203 | Jackson Elwood Simmons, Sr., et al. v. Aqua-Chem, Inc., et al. |
| NCM 1  07-242 | Archie T. Thornton, et al. v. A.W. Chesterton, Inc., et al. |

**NORTH CAROLINA WESTERN**

| | |
|---|---|
| NCW 1  07-24 | Carol Dean Farmer, Sr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-61 | Paul Steven Abernathy, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-63 | David Anthony Berg, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-64 | Gary Sigmon Gabriel, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-67 | Reginald David Hallman, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-68 | Robert W. Atwell, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-70 | Roger Michael Hamrick, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-71 | Michael Hill, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-77 | Kenneth Franklin McJunkins, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-80 | Albert David Hedspeth, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-81 | Garry Lynn Hull, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-82 | Jerry McCain, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-83 | Robert Marvin Poole, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-84 | Charles Tony Shephard, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-85 | William Todd Talient, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-88 | John Ruben Bradley, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-89 | Paul Aaron Goforth, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-90 | Lawrence Leroy Redding, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-91 | Leonard Floyd Stewart, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-92 | Ann C. Taylor, etc. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-93 | Clarence Jay Wagoner, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-94 | Inez C. Garland, et al. v. Asbestos Corp., Ltd., et al. |
| NCW 1  07-99 | Donald W. Hunter, et al. v. 3M Co., et al. |
| NCW 1  07-102 | Dewey Carlton Aiken, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-103 | David Scott Bumgarner, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-104 | Michael Eugene Burris, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-105 | Edward William Fortner, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-106 | Barry Dean McCurry, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-107 | Leroy Elliott Revels, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-108 | Richard Dana Smith, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-109 | Kent J. McCoy, et al. v. A.W. Chesterton, Inc., et al. |
| NCW 1  07-110 | Sterlin Columbus Whiteside v. Aqua-Chem, Inc., et al. |
| NCW 1  07-111 | Thad Dale Jones, et al. v. Aqua-Chem, Inc., et al. |
| NCW 1  07-112 | Guy D. Blaylock, et al. v. Crown Cork & Seal Co., Inc., et al. |

**NEW YORK EASTERN**

| | |
|---|---|
| NYE 1  07-684 | John Suverkrubbe v. A.W. Chesterton Co., et al. |

**NEW YORK SOUTHERN**

| | |
|---|---|
| NYS 1  01-6291 | Joan B. Hart, etc. v. American Steamship Co., et al. |
| NYS 1  06-14309 | Vincent Polito v. General Electric Co. |

SCHEDULE CTO-276 - TAG-ALONG ACTIONS - MDL-875                    Page 3 of 4

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **OHIO NORTHERN** | |
| OHN 1  07-10001 | Willard E. Bartel, et al. v. A-C Product Liability Trust, et al. |
| OHN 1  07-10002 | Willard E. Bartel, et al. v. A-C Product Liability Trust, et al. |
| OHN 1  07-10003 | Sinforoso C. Longanilla v. A-C Product Liability Trust, et al. |
| OHN 1  07-10004 | Roland Barker v. A-C Product Liability Trust, et al. |
| OHN 1  07-10005 | James R. Nobie v. A-C Product Liability Trust, et al. |
| OHN 1  07-10006 | Richard W. Stone v. A-C Product Liability Trust, et al. |
| **OREGON** | |
| OR 3  06-1428 | Daniel Dillon v. 3M Co., et al. |
| **PUERTO RICO** | |
| PR 3  06-1583 | Bruno Reyes, et al. v. Johns Manville Corp., et al. |
| **RHODE ISLAND** | |
| RI 1  07-50 | Robert W. Campbell, et al. v. Buffalo Pumps, Inc., et al. |
| **SOUTH CAROLINA** | |
| SC 0  07-505 | Alton Roger Dye, et al. v. Aqua-Chem, Inc., et al. |
| SC 0  07-507 | John Walker Glenn v. Aqua-Chem, Inc., et al. |
| SC 0  07-580 | Ernest G. LaCasse, Jr., et al. v. Aqua-Chem, Inc., et al. |
| SC 0  07-581 | Kenneth Bruce Jones, et al. v. Aqua-Chem, Inc., et al. |
| SC 0  07-765 | Charles Sidney Huskey, et al. v. Aqua-Chem, Inc., et al. |
| SC 7  07-645 | Windell Sutton Powell, et al. v. Aqua-Chem, Inc., et al. |
| SC 7  07-646 | Charles Allen Thrift, et al. v. Aqua-Chem, Inc., et al. |
| SC 7  07-647 | Vernon Eugene Morgan v. Aqua-Chem, Inc., et al. |
| SC 8  07-504 | Marion Hilton King, et al. v. Aqua-Chem, Inc., et al. |
| SC 8  07-506 | Aileen W. Mayfield v. Aqua-Chem, Inc., et al. |
| SC 8  07-579 | Michael Steven Thompson, et al. v. Aqua-Chem, Inc., et al. |
| SC 8  07-582 | Gary Eugene Wood, et al. v. Aqua-Chem, Inc., et al. |
| SC 8  07-583 | Ramon Massey, et al. v. Aqua-Chem, Inc., et al. |
| SC 8  07-644 | Kenneth Leonard Hyde, et al. v. Aqua-Chem, Inc., et al. |
| SC 8  07-766 | John Lewis Lee, Jr., et al. v. Aqua-Chem, Inc., et al. |
| SC 8  07-767 | Jerome Byron Wilson, et al. v. Aqua-Chem, Inc., et al. |
| **TENNESSEE EASTERN** | |
| TNE 3  07-69 | Archie Weeks, et al. v. CertainTeed Corp., et al. |
| **TEXAS SOUTHERN** | |
| TXS 4  07-775 | Peggy Yeates, et al. v. International Paper Co. |
| **VIRGINIA EASTERN** | |
| VAE 2  07-9163 | Ronald L. Roberson v. American Standard, Inc., et al. |
| VAE 2  07-9164 | Carl L. Wilson v. American Standard, Inc., et al. |
| VAE 2  07-9165 | William W. Harman v. American Standard, Inc., et al. |
| VAE 2  07-9166 | Paul D. Kraciun v. American Standard, Inc., et al. |
| VAE 2  07-9167 | Jack E. Leveridge v. American Standard, Inc., et al. |
| VAE 2  07-9168 | Benjamin J. Martindale v. American Standard, Inc., et al. |
| VAE 2  07-9169 | Joseph R. Saavedra v. American Standard, Inc., et al. |
| VAE 2  07-9170 | William H. Monroe, Jr., etc. (Therman Wilton Hammett) v. American Standard, Inc., et al. |
| VAE 2  07-9171 | Fred Geisel v. American Standard, Inc., et al. |

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| VAE 2 07-9172 | Douglas J. Wyttenbach v. American Standard, Inc., et al. |
| VAE 2 07-9173 | Gilmer T. Carter, Jr. v. American Standard, Inc., et al. |
| VAE 2 07-9174 | Kenneth D. Berry v. American Standard, Inc., et al. |
| VAE 2 07-9175 | Terence L. Firman v. American Standard, Inc., et al. |
| VAE 2 07-9176 | Robert Earl Stewart v. American Standard, Inc., et al. |
| VAE 2 07-9177 | Ray Young v. American Standard, Inc., et al. |
| VAE 2 07-9178 | William F. Barone v. American Standard, Inc., et al. |
| VAE 2 07-9179 | John P. Fritz v. American Standard, Inc., et al. |
| VAE 2 07-9180 | Robert H. Parkinson v. American Standard, Inc., et al. |
| VAE 2 07-9181 | Roger D. Sogard v. American Standard, Inc., et al. |
| VAE 4 07-3204 | Jesse L. Boone v. Amchem Products, Inc., et al. |
| VAE 4 07-3205 | Steve Everett Carpenter v. Amchem Products, Inc., et al. |
| VAE 4 07-3206 | Faustino Cortes-Garcia v. Amchem Products, Inc., et al. |
| VAE 4 07-3207 | Jimmie Dale Davis v. Amchem Products, Inc., et al. |
| VAE 4 07-3208 | Philip Morrell Delp v. Amchem Products, Inc., et al. |
| VAE 4 07-3209 | Clarence Andre Gary v. Amchem Products, Inc., et al. |
| VAE 4 07-3210 | Roy Elliott Gray v. Amchem Products, Inc., et al. |
| VAE 4 07-3211 | David Eugene Headrick v. Amchem Products, Inc., et al. |
| VAE 4 07-3212 | Thomas Earl Horton v. Amchem Products, Inc., et al. |
| VAE 4 07-3213 | Edward J. Jefferson v. Amchem Products, Inc., et al. |
| VAE 4 07-3214 | Kirkland Johnson v. Amchem Products, Inc., et al. |
| VAE 4 07-3215 | Hilary Mitchell Leary v. Amchem Products, Inc., et al. |
| VAE 4 07-3216 | Gordon Leland v. Amchem Products, Inc., et al. |
| VAE 4 07-3217 | Gene Woodrow Link v. Amchem Products, Inc., et al. |
| VAE 4 07-3218 | Ronald Nolan Price, Sr. v. Amchem Products, Inc., et al. |
| VAE 4 07-3219 | Jackie Spencer v. Amchem Products, Inc., et al. |
| VAE 4 07-3220 | Lavelle Stoner, Sr. v. Amchem Products, Inc., et al. |
| VAE 4 07-3221 | Nathaniel Cornelius Walker v. Amchem Products, Inc., et al. |

INVOLVED COUNSEL LIST (CTO-276)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Benjamin Acosta, Jr.
Law Offices of Benjamin Acosta, Jr.
331 Recinto Sur
San Juan, PR 00902-3518

Waverly Suzette Almon
Carroll, Bufkin, Fulcher & Coco
1700 Lelia Drive
Jackson, MS 39216

Francisco J. Amundaray-Rodriguez
Mercado & Soto
P.O. Box 9023980
San Juan, PR 00902-3980

Michael K. Atkins
Baker, O'Kane, Atkins & Thompson
P.O. Box 1708
Knoxville, TN 37901-1708

Schuyler Allen Baker, Jr.
Balch & Bingham LLP
P.O. Box 306
Birmingham, AL 35201-0306

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Jack T. Bangert
Sherman, Taff & Bangert, P.C.
1100 Main Street
Suite 3000
P.O. Box 26530
Kansas City, MO 64196

Cyrus C. Barger, III
Jude & Jude, PLLC
P. O. Box 17468
Hattiesburg, MS 39404-7468

Andrew Bart
Greenfield Stein & Senior, LLP
600 Third Avenue, 11th Floor
New York, NY 10016

Nicole Cress Behnen
Polsinelli, Shalton, Welte, Suelthaus
100 South Fourth Street
Suite 1100
St. Louis, MO 63102

Joshua H. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Scott R. Bickford
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

James H. Bolin
Butler, Snow, O'Mara, Stevens
& Cannada, PLLC
P.O. Box 22567
Jackson, MS 39225-2567

Joel M. Bondurant, Jr.
Haynsworth Sinkier Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Nathaniel A. Bosio
Dogan & Wilkinson, PLLC
P.O. Box 1618
734 Daimas Ave
Pascagoula, MS 39568-1618

Brian C. Bossier
Blue Williams, LLP
3421 N. Causeway Boulevard
9th Floor
Metairie, LA 70002

Timothy W. Bouch
Leath, Bouch & Crawford
134 Meeting Street
P.O. Box 59
Charleston, SC 29402-0059

Stefan G. Bourn
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Christopher J. Bowers
Smith Gambrell & Russell
1230 Peachtree Street, N.E.
Suite 3100, Promenade II
Atlanta, GA 30309-3592

William Bradley II
Akin, Gump, Strauss, Hauer & Feld
590 Madison Avenue
New York, NY 10022

Charles W. Branham, III
Simon Eddins & Greenstone
3232 McKinney Avenue
Suite 610
Dallas, TX 75204

Alan R. Brayton
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

Edward Kenneth Brooks
Patterson, Dilthey, Clay, Bryson
& Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

A. Todd Brown
Hunton & Williams, LLP
Bank of America Plaza
101 South Tryon Street
Suite 3500
Charlotte, NC 28280

Byron N. Brown IV
Wyatt, Tarrant & Combs, LLP
1715 Aaron Brenner Drive
The Renaissance Center, Suite 800
Memphis, TN 38120-4367

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39533-1377

INVOLVED COUNSEL LIST (CTO-276) - MDL-875

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Roberto A. Camara-Fuertes
Fiddler, Gonzalez & Rodriguez
P.O. Box 363507
San Juan, PR 00936-3507

Ramon H. Vargas
Vargas & Vargas Law Office
P.O. Box 192219
San Juan, PR 00919-2219

Wilson H. Carroll
Wyatt Tarrant & Combs, LLP
4450 Old Canton Road
Suite 210
Jackson, MS 39211

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

C. Paul Cavender
Burr & Forman L.L.P.
420 North 20th Street
Suite 3100
Birmingham, AL 35203

Lawrence G. Cetrulo
Cetrulo & Capone, LLP
2 Seaport Lane
10th Floor
Boston, MA 02210

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Benjamin T. Clark
Spencer, Fane, Britt & Browne
1000 Walnut
Ste. 1400
Kansas City, MO  64106-2140

Timothy Allen Clarke
Vickers, Riis, Murray & Curran
P.O. Drawer 2568
Mobile, AL 36652-2568

Michael Jason Clayton
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Ian P. Cloud
Heard, Robins, Cloud & Lubel LLP
500 Dallas
Suite 3100
Houston, TX 77002

Francisco E. Colon-Ramirez
Colon, Colon & Martinez
P.O. Box 9023355
San Juan, PR 00902-3355

Keith E. Coltrain
Elmore & Wall, PA
3737 Glenwood Avenue
Suite 100
Raleigh, NC 27612

William David Conner
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Richard M. Crump
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Mary E. Davis
Spotts, Chappell, Fain & Anderson
P.O. Box 1555
Richmond, VA 23218-1555

Steven T. Davis
Obermayer, Rebmann, Maxwell
& Hippel, LLP
3 Mill Road
Suite 306A
Wilmington, DE 19806

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Jessica B. DeGroote
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O Box 22608
Jackson, MS 39225-2608

Lawrence S. Denk
Foley & Mansfield
1001 Highlands Plaza Drive West
Ste. 400
St. Louis, MO 63110

Joseph Benjamin Dioszeghy
Rasmussen Willis Dickey & Moore
9200 Ward Parkway
Ste. 310
Kansas City, MO 64114

Timothy J. Dodd
215 Broadway
Providenve, RI 02903

Adam K. Draney
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Terese A. Drew
Hinshaw & Culbertson
701 Market Street
Ste. 1300
St. Louis, MO 63101

Melody H. Eagan
Lightfoot Franklin & White, LLC
The Clark Building
400 20th Street, North
Birmingham, AL 35203-3200

Martin L. Ellis
Butler, Vines & Babb, P.L.L.C.
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN 37901

Joshua M. Ellwanger
Blackwell Sanders Peper Martin, LLP
4801 Main Street
Suite 1000
Kansas City, MO 64112

Nicholas L. Evanchan, Jr.
Evanchan & Palmisano
One GOJO Plaza, Suite 300
Akron, OH 44311

Mark J. Fellman
Fellman Law Office
213 4th Street, East, Suite 200
St. Paul, MN 55101

Gary W. Fillingim
Edward B. McDonough, Jr., P.C.
1800 AmSouth Bank Building
P.O. Box 1943
Mobile, AL 36633

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Roger C. Foster
Laney & Foster, P.C.
Two Perimeter Park South
Suite 426 East
P.O. Box 43798
Birmingham, AL 35243-0798

Shannon S. Frankel
Young, Moore & Henderson, P.A.
3101 Glenwood Avenue
Suite 200
Raleigh, NC 27612

Jeffrey Pierce Fultz
Beason Willingham, LLP
The Neils Emperson Building
808 Travis, Suite 1608
Houston, TX 77002

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Katherine Paige Gardiner
Sedgwick, Detert, Moran & Arnold
One Market Plaza Steuart Tower
8th Floor
San Francisco, CA 94105

Virginia M. Giokaris
Rasmussen Willis Dickey & Moore
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

Richard S. Glasser
Glasser & Glasser PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Michael D. Goggans
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Box 16450
Jackson, MS 39236-6450

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Brian D. Gross
Cooley, Manion & Jones, LLP
21 Custom House Street
6th Floor
Boston, MA 02110

Samuel D. Habeeb
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Suzanne H. Halbardier
Barry, McTiernan & Moore
2 Rector Street
14th Floor
New York, NY 10006

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

James A. Harris, III
Harris & Harris, LLP
Colonial Bank Building, Suite 450
2501 20th Place, South
Birmingham, AL 35223

Emily A. Hartz
Rasmussen, Willis, Dickey & Moore
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

Anthony C. Hayes
Nelson Mullins Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-1070

Bradley A. Hays
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Josephine H. Hicks
Parker Poe Adams & Bernstein, LLP
Three Wachovia Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

Ethan A. Horn
Simon Eddins & Greenstone
301 East Ocean Blvd
Suite 1950
Long Beach, CA 90802

James Gordon House, III
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Laurie J. Hutchings
Duncan Courington & Rydberg, LLC
400 Poydras Street
Suite 1200
New Orleans, LA 70130

Lori C. Imsland
Lashly & Baer
714 Locust Street
St. Louis, MO 63101

Faye M. James
Wilkins Stephens & Tipton
P. O. Box 13429
Jackson, MS 39236-3429

Robert F. James
Ugrin, Alexander, Zadick & Higgins
2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403-1746

Glenn Carl James-Hernandez
James Law Offices
PMB 501, 1353 Rd. 19
Guaynabo, PR 00966-2700

Charles L. Joley
Donovan, Rose, Nester & Joley
8 East Washington Street
Belleville, IL 62220

G. Patterson Keahey, Jr.
G. Patterson Keahey, PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Kacey L. Keeton
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

Kristi D. Kennedy
Currie, Johnson, Griffin, Gaines
& Myers
P.O. Box 750
Jackson, MS 39205-0750

Thomas J. Kernell
Roberts, Perryman, Bomkamp, et al.
One U.S. Bank Plaza, Ste. 2300
St. Louis, MO 63101

Claire Williams Ketner
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

William B. Kirksey
Kirksey & Associates
401 E. Capitol Street at Congress
Suite 100-M
P.O. Box 33
Jackson, MS 39205-0033

Timothy W. Knight
Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Rohit Kodical
Paul, Hanley & Harley
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Katy E. Koski
Sherin & Lodgen, LLP
101 Federal Street
Boston, MA 02110-1832

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226-4192

Mark R. Kurz
Gundlach, Lee, Eggmann, Boyle
& Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Teresa Fizardi Lazzaroni
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Gary Allen Lee
Lee, Futrell & Perles, LLP
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170-4120

Joshua Douglas Lee
Schiff Hardin LLP
6600 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6473

Christopher K. Lightfoot
Hailey, McNamara, Hall, Larmann
& Papale
One Galleria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

James C. Long , Jr.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Jeannette M. Lopez
Pinto-Lugo, Oliveras & Ortiz, PSC
P.O. Box 9024098
San Juan, PR 00902-4098

Matthew S. Lott
Dogan & Wilkinson
734 Delmas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618

Genevieve MacSteel
McGuireWoods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Carl Robert Mace
Tekell Book Matthews & Limmer
1221 Mckinney
Suite 4300
Houston, TX 77010

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

Luis G. Martinez-Llorens
Luis Martinez-Llorens Law Office
166 Constitucion Ave
San Juan, PR 00901

Timothy Kent Masterson
Spence, Ricke, Sweeney & Gernes
Degree of Honor Building, Ste. 600
325 Cedar Street
St. Paul, MN 55101

Moffatt Grier McDonald
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602

Peter J. McDonald
Ronca, McDonald & Hanley
5 South Regent Street
Suite 517
Livingston, NJ 07039

Edward Bailey McDonough, Jr.
Edward B. McDonough, Jr., P.C.
1800 AmSouth Bank Building
P.O. Box 1943
Mobile, AL 36633

David W. McDowell
Baker Donelson Bearman Caldwell
& Berkowitz
Wachovia Tower, Suite 1600
420 North 20th Street
Birmingham, AL 35203-5202

Robert O. Meriwether
Nelson Mullins Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211-0013

William T. Mills, II
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Clinton W. Moody
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Lacey M. Moore
Nexsen, Pruet, Adams, Kleemeier
201 South Tryon Street
Ste. 1200
Charlotte, NC 28202

Kyle S. Moran
Phelps Dunbar, LLP
NorthCourt One, Suite 300
2304 19th Street
Gulfport, MS 39501

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John E. Mudd
Law Offices John E. Mudd
P.O. Box 194134
Hato Rey, PR 00919

Randi Peresich Mueller
Page, Mannino, Peresich
& McDermott, PLLC
460 Briarwood Drive
Suite 415
Jackson, MS 39236

Mark F. Muller
Freeman, Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005

Maurice F. Mullins
Spotts Fain, P.C.
411 E Franklin St
Suite 600
Po Box 1555
Richmond, VA 23218-1555

Jeffrey S. Mutnick
Landye, Bennett & Blumstein
3500 Wells Fargo Center
1300 SW Fifth Ave.
Portland, OR 97201

Mike G. Nassios
Law Offices of Peter G. Angelos, P.C.
2643 Kingston Pike
First Floor
Knoxville, TN 37919

Evan C. Nelson
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

Edwin B. Nichols
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203-2618

Maggie L. Nigro
Husch & Eppenberger
1200 Main Street
Suite 2300
Kansas, MO 64105-2122

Robert L. Norton
Jones & Granger
10000 Memorial Drive
Suite 888
P.O. Box 4340
Houston, TX 77210-4340

Robert P. Numbrich
Baty, Holm & Numrich, PC
4600 Madison Avenue
210 Plaza West Building
Kansas City, MO 64112-3012

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

Erika A. Olson
Shepard Law Firm
10 High Street
11th Floor
Boston, MA 02210

Alexandra M. Ozols
Sedgwick, Detert, Moran & Arnold
One Market Plaza Steuart Tower
8th Floor
San Francisco, CA 94105

Frederick Lewis Parks
Lugenbuhl, Wheaton, et al.
601 Povdras Street
Suite 2775
New Orleans, LA 70130

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Donald C. Partridge
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

John P. Patterson
Tucker, Ellis & West
1150 Huntington Bldg.
925 Euclid Ave.
Cleveland, OH 44115

James L. Pattillo
Norman, Wood, Kendrick & Turner
505 20th Street, North
Financial Center, Suite 1600
Birmingham, AL 35203

Timothy Peck
Smith Moore, LLP
P.O. Box 21927
Greensboro, NC 27420

James E. Peckert
Kehart Peckert & Booth
132 S. Water Street
Suite 200
P.O. Box 860
Decatur, IL 62525-0860

Robert H. Pedersen
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Keith J. Pflaum
Porterfield, Harper, Mills & Motlow
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Carl E. Pierce, II
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Diane M. Pompei
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

Timothy W. Porter
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

Steven J. Pugh
Richarson, Plowden, Carpenter
& Robinson, PA
P.O. Drawer 7788
Columbia, SC 29202

Robert G. Raleigh
Armstrong Teasdale
One Metropolitan Square
211 North Broadway, Ste. 2600
St. Louis, MO 63102-2740

Robert B. Ramsey
Brent Coon & Associates
2010 South Big Bend Blvd.
St. Louis, MO 63117

F. Grey Redditt, Jr.
Vickers, Riis, Murray & Curran
P.O. Drawer 2568
Mobile, AL 36652-2568

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

William C. Reeves
Balch & Bingham LLP
P.O. Box 22587
Jackson, MS 39225-2587

Giovanni Regina
Waters, McPherson, McNeill, P.C.
300 Lighting Way
Secaucus, NJ 07096

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Thomas E. Rice, Jr.
Baker, Sterchi, Cowden & Rice, LLC
Crown Center
2400 Pershing Road
Suite 500
Kansas City, MO 64108

Jennifer A. Riester
Weston Hurd
1900 Tower at Erieview
1301 East Ninth Street
Cleveland, OH 44114-1862

John W. Robinson, III
Phelps Dunbar, LLP
P.O. Box 23066
111 East Capitol Street
Suite 600
Jackson, MS 39225-3066

Kyle N. Roehler
Foland, Wickens, Eisfelder, Roper
& Hofer, PC
911 Main Street
Suite 3000
Kansan City, MO 64105

Robert M. Rolfe
Hunton & Williams, LLP
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219

Bridget B. Romero
Lathrop & Gage, L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108

Tom S. Roper
Carr Allison Pugh Howard Oliver
& Sisson, PC
100 Vestavia Parkway
Suite 200
Birmingham, AL 35216

Samuel M. Rosamond, III
Crawford Lewis, PLLC
400 Poydras Street
Suite 2100
New Orleans, LA 70130

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Yvonne Takorian Saville
Michael Weiss, PA
1220 Market Street
Suite 604
Wilmington, DE 19801

David A. Schott
Hoagland, Fitzgerald, et al.
401 Market Street
P.O. Box 130
Alton, IL 62002

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Robert W. Scott
Swain, Hartshorn & Scott
Savings Center Tower
Suite 1812
411 Hamilton Boulevard
Peoria, IL 61602-1104

Rebecca Chase Sechrist
Bunda Stutz & DeWitt
One SeaGate, Suite 650
Toledo, OH 43604

Linda R. Self
Brasher Law Firm
One Metropolitan Square
Suite 2300
211 North Broadway
St. Louis, MO 63102

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

William F. Seiph, III
Simon Peragine Redfearn & Watson
1200 Washington Avenue
Suite A
Ocean Springs, MS 39564

Jonathan Ross Sennett
Law Office of Jonathan R. Sennett.
169 Main Street
P.O. Box 459
New Paltz, NY 12561

Joseph A. Sherman
Bruini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Chadwick Lester Shook
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Stacey L. Sims
Morris, Sakaiarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

Marcy D. Smirnoff
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881

R. Scott Smith
Furry & Smith
Bldg. 5 Hidden Creek Office Park
4215 South Hocker
Suite 300
independence, MO 64055

Frances L. Spinelli
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Williams, Heidelberg, et al.
P.O. Box 1407
Pascagoula, MS 39568-1407

William B. Stewart
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew R. Straus
Weiner & Lesniak, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

Bryant M. Struble
Thomas Coburn, LLC
One U.S. Bank Plaza
St. Louis, MO 63101-1693

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Kevin A. Sullivan
Sauter, Sullivan et al.
3415 Hampton Avenue
St. Louis, MO 63139

Robert J. Sweeney
Early, Ludwick & Sweeney, L.L.C.
One Century Tower
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
Detroit, MI 48226-4192

Cowles E. Symmes
Page, Mannino, Peresich
& McDermott, PLLC
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

Dwight E. Tarwater
Paine, Tarwater, Bickers & Tillman
First Tennessee Plaza
800 S. Gay Street
Suite 1100
Knoxville, TN 37929-9703

Gregory M. Taube
Nelson Mullins Riley & Scarborough
999 Peachtree Street, N.E.
First Union Plaza, Suite 1400
Atlanta, GA 30309-3964

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road. N.E.
Suite 200
Atlanta, GA 30305

Mark S. Thomas
Maupin Taylor, P.A.
3200 Beechleaf Court
Suite 500
P.O. Drawer 19764
Raleigh, NC 27619

Jeffrey Thomen
McCarter & English
185 Asylum Street
City Place 1
Hartford, CT 06103-3495

Nathan Michael Thompson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Tracy E. Tomlin
Nelson Mullins Riley & Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Kevin A. Twidwell
Garlington, Lohn & Robinson
199 West Pine
P.O. Box 7909
Missoula, MT 59807-7909

Mary W. Van Slyke
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
Biloxi, MS 39533-0289

Robert L. Vance
Woolf, McClane, Bright, Allen
& Carpenter
Riverview Tower
P.O. Box 900
Knoxville, TN 37901-0900

Ramon H. Vargas
Vargas & Vargas Law Office
P.O. Box 192219
San Juan, PR 00919-2219

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Michael A. Vercher
Christian & Small, LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

Rose Marie Wade
Evert Weathersby & Houff
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305-1764

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Michael Waller
Kirkpatrick Lockhart Nicholson
& Graham, LLP
One Newark Center
10th Floor
Newark, NJ 07102

Henry N. Ware, Jr.
Spotts Fain, PC
411 E Franklin St
P.O. Box 1555
Richmond, VA 23218-1555

Kirk G. Warner
Smith, Anderson, Blount,
Dorsett, et al.
P.O. Box 2611
2500 Wachovia Capitol Center
Raleigh, NC 27602-2611

Gretchen Wallace
Hepler, Broom, MacDonald, et al.
103 West Vandalia Stret
Ste. 300
P.O. Box 510
Edwardsville, MO 62025-0510

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Paul A. Weykamp
Law Offices of Paul A. Weykamp
1 E. Lexington Street
Baltimore, MD 21202-1726

Michael E. Whitehead
Page, Mannino, Peresich
& McDermott, PLLC
P.O. Drawer 289
Biloxi, MS 39533-0289

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA 70130

James R. Wylder
Walker & Wylder, Ltd.
207 W Jefferson Street
Bloomington, IL 61701

Judith A. Yavitz
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
44th Floor
New York, NY 10020-1182

Chris R. Young
A Professional Corp.
Box 1070
339 Third Street
Havre, MT 59501-1070

## RULE 5.2:     SERVICE OF PAPERS FILED

(a)      All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each.  If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address.  The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service.  After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings.  In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)      The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion.  The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)      Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation.  Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)      In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel.  After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)      If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

**RULE 7.4:**   **CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"**

(a)   Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)   Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)   Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)   Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)   Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)   Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

**RULE 7.5:**   **MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"**

(a)   Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)   Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)   Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)   A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)   Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.