BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2007

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

---

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBERT L. REEVES                                            **Plaintiff**

v.                                              CASE NO. 1:07CV141WJG

AFTON PUMPS, INC., et al.                                  **Defendants**

## PLAINTIFF'S MOTION TO VACATE THE
## CONDITIONAL TRANSFER ORDER (CTO-276)

Plaintiff Robert L. Reeves, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, hereby moves the Panel to vacate its Conditional Transfer Order dated April 27, 2007 (CTO-276). Defendants Ford Motor Company and General Motors Corporation removed this action from Mississippi state court on February 28, 2007, claiming federal subject matter jurisdiction based on complete diversity of citizenship and fraudulent joinder.

Reeves filed a motion to remand that remains pending in the United States District Court for the Southern District of Mississippi. That motion has been fully briefed since March 30, 2007. Reeves' motion for remand is premised on the grounds that there is no

**OFFICIAL FILE COPY**

IMAGED MAY 30 2007

removal jurisdiction because the removing defendants did not satisfy their burden of showing complete diversity. Pending resolution of his motion to remand, Reeves contends that transfer would be inappropriate because federal subject matter jurisdiction does not exist, a transfer will not further the convenience of the parties or witnesses, and common issues do not predominate over individual issues of fact.

This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and any other materials as may be presented to the Panel at the time of the hearing on the motion. Reeves also requests the Clerk to set this motion for hearing at the next session of the Panel.

May 25, 2007

Respectfully submitted,

_____
ATTORNEYS FOR PLAINTIFF

WILLIAM B. KIRKSEY
KIRKSEY & ASSOCIATES
Suite 100-M, Heritage Building
401 E. Capital Street
Jackson, Mississippi 39201
(601) 354-4662
(601) 354-2433
MSB No. 4183

CHARLES W. BRANHAM, III
SIMON, EDDINS & GREENSTONE LLP
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204

BRIAN P. BARROW
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS             DOCKET NO. 875
LIABILITY LITIGATION (NO. VI)

---

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT L. REEVES**                                     **Plaintiff**

v.                                              CASE NO. 1:07CV141WJG

**AFTON PUMPS, INC., et al.**                          **Defendants**

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE
### THE CONDITIONAL TRANSFER ORDER (CTO-276)

Plaintiff Robert L. Reeves respectfully files this brief in support of his motion to vacate the Conditional Transfer Order (CTO-276) entered by the Judicial Panel on Multidistrict Litigation on April 27, 2007. Reeves moves to vacate the Conditional Transfer Order on the ground that there is no federal subject matter jurisdiction in this case. Defendants Ford Motor Company and General Motors Corporation removed this action from Mississippi state court on February 28, 2007, claiming subject matter jurisdiction based on fraudulent joinder and diversity of citizenship.

RECEIVED CLERK'S OFFICE 2007 MAY 29 A 11: 28

Reeves filed a motion to remand on March 8 that remains pending in the United States District Court for the Southern District of Mississippi. His motion is premised on the grounds that there is no removal jurisdiction because the moving defendants did not satisfy their burden of showing complete diversity or that all defendants consented to the removal. The motion has been fully briefed since March 30.

Notwithstanding this delay, Reeves respectfully submits that the District Court is in the best position to rule on his pending motion for remand. Reeves' action, and his still-pending motion to remand, raises issues of Mississippi state law having to do with strict products liability, negligence, and other related subjects. These issues are fully-briefed and ripe for determination by the District Court. Accordingly, the Conditional Transfer Order should be vacated so that this case is not transferred to the asbestos MDL before the jurisdictional issues raised by Reeves' motion for remand are resolved.

## PROCEDURAL HISTORY

Reeves filed this asbestos product liability action on or around December 29, 2006, in the Circuit Court of Jackson County, Mississippi. According to the undisputed allegations in the complaint, Reeves is a Mississippi resident who lives in Jackson County. Two of the defendants named in the complaint – Industrial Rubber & Specialty Company ("Industrial Rubber") and Peerless Supply Company of Mississippi, Inc. ("Peerless") – are also citizens of Mississippi. Peerless has not been served with the complaint.

On February 28, 2007, defendants General Motors Corporation ("GM") and Ford Motor Company ("Ford") filed a notice of removal claiming that Industrial and Peerless

were fraudulently joined, and that their disregard results in complete diversity jurisdiction. On March 8, Reeves filed his motion for remand contending that there is no federal jurisdiction and that GM and Ford cannot show fraudulent joinder. That motion has been fully briefed since March 30. On April 27, this Panel issued its Conditional Transfer Order. Reeves timely filed Notice of Opposition and now moves to vacate the Conditional Transfer Order.

## LEGAL ARGUMENT

### I.

**This Panel Should Vacate the Conditional Transfer Order So That the District Court May Rule On The Pending Motion For Remand.**

Jurisdictional issues, like those presented by Reeves' motion for remand, should be resolved before transfer by this Panel. See, e.g., Garcia v. American Home Prods., No. C-02-146; Mauck v. Warner Lambert Company, 7:01-CV-027-R, 2001 U.S. Dist. LEXIS 5919 (N.D. Tex. May 7, 2001) (granting plaintiff's motion for remand, mooting the conditional transfer order after discussing the efficiency of ruling on jurisdictional issues first); McGrew v. Schering-Plough Corp., No. 01-2311, 2001 U.S. Dist. LEXIS 12205, at *6 (D. Kan. Aug. 6, 2001); Arsenault v. Congoleum Corp., 01-Civ. 10657, 2002 U.S. Dist. LEXIS 5084 at *2 n.1 (S.D.N.Y. Mar. 26, 2002); Vasura v. ACandS, 84 F. Supp. 2d 531, 532-533 (S.D.N.Y. 2000) (original district court retained jurisdiction to decide motion for remand that was pending at the time a conditional transfer order was issued).

Factors of judicial economy weigh heavily in favor of allowing the district court judge to rule on the motion for remand currently pending before it. If jurisdiction is ultimately determined to be lacking, thereby making remand appropriate, minimal federal resources would have been expended by having the appropriate forum make such a determination. If, however, the district court denies remand, then the case will proceed within the MDL proceeding. Transferring this case *before* the remand issue is decided accomplishes nothing, and risks needlessly wasting federal judicial resources. It would also result in repetitive briefing of the same issues concerning remand, albeit in different forums—the District Court, this Panel, and perhaps the asbestos MDL court. Reeves respectfully requests that this Panel vacate the Conditional Transfer Order so that the District Court may rightfully resolve his long-pending motion for remand.

## II.

### This Case Should Not Be Transferred to the MDL Because There Is No Federal Subject Matter Jurisdiction.

It is axiomatic that federal courts have limited jurisdiction, having power only over those cases authorized by the United States Constitution and federal statutes. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). The removing defendants (here, GM and Ford) bear the initial burden of establishing original federal subject matter jurisdiction. Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1938); Allen v. R. & H. Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). In deciding whether GM and Ford satisfy that burden, the District Court

4

must resolve any doubts in favor of remand.  <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

### A. <u>GM and Ford Cannot Show Complete Diversity Because, Like Reeves, Defendant Industrial Rubber Is a Mississippi Citizen.</u>

Defendants who remove on the basis of diversity of citizenship must demonstrate that complete diversity exists.  <u>Getty Oil Corporation v. Insurance Company of North America,</u> 841 F.2d 1254, 1259 (5th Cir. 1988).  GM and Ford cannot make such a showing because, as they admitted in their notice of removal, Industrial Rubber is a citizen of Mississippi just like Reeves.  GM and Ford nevertheless claim federal subject matter jurisdiction "because there is complete diversity of citizenship *among all properly joined parties . . . .*"  Arguing, as they must, that Reeves improperly joined Industrial Rubber in order to defeat any attempt to remove this case, GM and Ford must satisfy an additional, even heavier, burden of proving fraudulent joinder.

### B. <u>GM and Ford Cannot Prove That There Is "Absolutely No Possibility" That Reeves Will Be Able To Establish a State-Based Claim Against Industrial Rubber.</u>

Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity.  <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998).  Courts have discussed the burden of proving fraudulent joinder, and in <u>Green v. Amerada Hess Corporation</u>, 707 F.2d 201 (5th Cir. 1983), explained that "[t]he burden of proving fraudulent joinder is a heavy one.  The removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a

5

cause of action against the in-state defendant in state court . . . ." Id. at p. 205; see also Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999) (emphasis added).

"There is a presumption against finding fraudulent joinder." Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder must be stated with particularity, supported by clear and convincing evidence, and proven with "certainty." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolve all contested issues of substantive fact in favor of the plaintiff, and resolve any uncertainties in the current state of controlling substantive law in favor of the plaintiff." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). If there is *any* doubt as to whether a plaintiff states a claim against the non-diverse defendant, the joinder is not fraudulent. Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962). Indeed, mere allegations of fraudulent joinder, standing alone, are insufficient to divest the state court of jurisdiction. Horton v. Scripto-Tokai Corp. 878 F.Supp. 902 (S.D. Miss. 1995).

In this case, GM and Ford asserted two reasons why Reeves supposedly has "absolutely no possibility" of recovering from Industrial Rubber. The primary argument involves the factual sufficiency of Reeves' pleading, while the secondary is a claim that Industrial Rubber is an "innocent seller" under state law and immune to liability. As will be explained, both of these arguments are without legal or factual merit, and could be easily resolved by the District Court.

6

1. **Reeves' Complaint Alleges Sufficient Facts to State a Claim Against Industrial Rubber.**

First, GM and Ford argue that Industrial Rubber was improperly joined because the "complaint fails to allege a sufficient factual basis for the claims" against it. GM and Ford argue that Reeves' allegations are "conclusory" and "generic," and therefore do not state a claim. GM and Ford, in arguing the supposed insufficiency of Reeves' allegations, ignore that they did not move to dismiss virtually identical causes of action against them, apparently conceding that Reeves did, in fact, state factually-sufficient claims.

Reeves' allegations, like those against GM and Ford, contain a detailed explanation that Industrial Rubber "supplied and/or installed asbestos-containing gasket and packing materials to Ingalls Shipbuilding. [Reeves] regularly used or was in close proximity during the use thereof, thereby being regularly and frequently exposed to this Defendant's asbestos-containing products." Comp., p. 9, ¶ 36. These allegations, as detailed as they are, were made prior to any discovery and before Reeves was able to obtain any information from Industrial Rubber itself. Moreover, Reeves is not obligated to provide detailed factual allegations, but rather only to apprise the defendants of the general nature of his claims. Bottom line, the purported insufficiency of Reeves' pleading does not prove with certainty that he has "absolutely no possibility" of stating a claim against Industrial Rubber.

2. **GM and Ford Provided No Facts To Support Their Claim That Industrial Rubber Is An "Innocent Seller" Immune To Liability Under State Law.**

GM's and Ford's second basis for claiming fraudulent joinder is the supposed immunity of Industrial Rubber to Reeves' lawsuit. Under GM's and Ford's interpretation of Mississippi's product liability law, Industrial Rubber & Specialty is an "innocent seller or mere conduit" of other defendants' products, and therefore supposedly "immune" under Miss. Code Ann. § 11-1-63, subd. (h).

Reeves submits this is a misreading of Mississippi law. Moreover, in order to demonstrate applicability of this purported immunity, GM and Ford must also – at a minimum – present facts showing that Industrial Rubber did not exercise "substantial control over . . . the design, testing, manufacture, packaging, or labeling of the product that caused the harm," did not alter or modify the product, and did not have "actual or constructive knowledge of the defective condition of the product at the time [it] supplied the product." Miss. Code Ann., § 11-1-63, subd. (h). Here, GM and Ford provided no such facts and, indeed, ignored Reeves' allegations that not only did Industrial Rubber supply products, but also installed them at Ingalls Shipbuilding. Comp., § 1, ¶ 36. Without more facts, GM and Ford are merely speculating as to Industrial Rubber's role in the market and, based on that speculation, attempting to prove fraudulent joinder. As explained above, fraudulent joinder must be proven with certainty; mere speculation is insufficient to satisfy the requirements of removal jurisdiction.

## CONCLUSION

As only briefly explained above, this case does not belong in federal court. There is no federal subject matter jurisdiction. Before transferring this case to the MDL, the Panel should afford the District Court further time to address and resolve the jurisdictional issues raised by Reeves' motion for remand. Reeves therefore requests this court to vacate the Conditional Transfer Order and leave the matter pending in the District Court for the sole purpose of ruling on the pending motion for remand.

May 25, 2007                                      Respectfully submitted,

                                                  _____
                                                  ATTORNEYS FOR PLAINTIFF

WILLIAM B. KIRKSEY
KIRKSEY & ASSOCIATES
Suite 100-M, Heritage Building
401 E. Capital Street
Jackson, Mississippi 39201
(601) 354-4662
(601) 354-2433
MSB No. 4183

CHARLES W. BRANHAM, III
SIMON, EDDINS & GREENSTONE LLP
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204

BRIAN P. BARROW
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2007

FILED
CLERK'S OFFICE

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 301 East Ocean Blvd., Suite 1950, Long Beach, California. I am employed in Los Angeles County, California.

On the date set forth below, I served the foregoing document(s) described as:

**MOTION TO VACATE AND BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

**SEE ATTACHED PANEL SERVICE LIST**

[x] **BY MAIL:** I caused such envelope(s) to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE:** I caused a courtesy copy to be transmitted by facsimile to the facsimile number of the offices of the addressee(s) as indicated above and below (see service list).

[ ] **BY FEDERAL EXPRESS:** I caused such envelope to be transmitted by federal express for next day delivery (by 10:30 a.m.) to the offices of the addressee(s).

I declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

Executed this 25th day of May, 2007, at Long Beach, California.

GEORGETTE JOYNER

2007 MAY 29 A 11:28
JUDICIAL PANEL ON
RECEIVED CLERK'S OFFICE

# PANEL SERVICE LIST (Excerpted from CTO-276)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Robert L. Reeves v. Afton Pumps, Inc., et al.,* S.D. Mississippi, C.A. No. 1:07-141

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Brian P. Barrow
Simon, Eddins & Greenstone, LLP
301 E. Ocean Boulevard
Suite 1950
Long Beach, CA 90802

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Butler, Snow, O'Mara, Stevens
& Cannada, PLLC
P.O. Box 22567
Jackson, MS 39225-2567

Nathaniel A. Bosio
Dogan & Wilkinson, PLLC
P.O. Box 1618
734 Dalmas Ave
Pascagoula, MS 39568-1618

Stefan G. Bourn
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Charles W. Branham, III
Simon Eddins & Greenstone
3232 McKinney Avenue, Suite 610
Dallas, TX 75204

Byron N. Brown, IV
Wyatt, Tarrant & Combs, LLP
1715 Aaron Brenner Drive
The Renaissance Center, Suite 800
Memphis, TN 38120-4367

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39533-1377

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Michael Jason Clayton
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Richard M. Crump
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jessica B. DeGroote
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O Box 22608
Jackson, MS 39225-2608

Adam K. Draney
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Jeffrey Pierce Fultz
Beason Willingham, LLP
The Neils Emperson Building
808 Travis, Suite 1608
Houston, TX 77002

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Michael D. Goggans
Page, Mannino, Peresich & McDermott
P.O. Box 16450
Jackson, MS 39236-6450

Samuel D. Habeeb
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

James Gordon House III
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

PANEL SERVICE LIST (Excerpted from CTO-276) - MDL-875                                          Page 2 of 2

Laurie J. Hutchings
Duncan Courington & Rydberg, LLC
400 Poydras Street, Suite 1200
New Orleans, LA 70130

Faye M. James
Wilkins Stephens & Tipton
P. O. Box 13429
Jackson, MS 39236-3429

Katherine V. Kemp
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

William B. Kirksey
Kirksey & Associates
401 E. Capitol Street at Congress
Suite 100-M
P.O. Box 33
Jackson, MS 39205-0033

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

Clinton W. Moody
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building, Suite 100
Jackson, MS 39201-4099

Kyle S. Moran
Phelps Dunbar, LLP
NorthCourt One, Suite 300
2304 19th Street
Gulfport, MS 39501

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Donald C. Partridge
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Fl.
Los Angeles, CA 90025

William F. Selph, III
Simon Peragine Redfearn & Watson
1200 Washington Avenue, Suite A
Ocean Springs, MS 39564

Joseph A. Sherman
Bruini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Frances L. Spinelli
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mary W. Van Slyke
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

PANEL SERVICE LIST (Excerpted from CTO-276) - MDL-875                                  Page 3 of 3

Thomas E. Vaughn
Vaughn, Boweden & Wooten
P.O. Drawer 240
Gulfport, MS 39502-0240

Rose Marie Wade
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich
& McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289