**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 3 1 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | MDL Docket No. 875 |
| (NO. VI) | ) | |
| | ) | CTO-276 |
| | ) | ILC 1 07-1037 |
| | ) | ILC 1 07-1038 |

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER CTO-276 AS TO DURBIN (ILC 1 07-1037) AND NUSSBAUM (ILC 1 07-1038)

Plaintiffs Carol Durbin, ILC 1 07-1037, Alan Nussbaum and Roxy Nussbaum, ILC 1 07-1038 move the panel for an order vacating Conditional Transfer Order 276 as to each of their cases and state as follows:

1.    Plaintiffs filed their cases in the Circuit Court of McLean County, in the state of Illinois court system.

2.    Defendant Pneumo Abex LLC filed a notice of removal in each of the cases.

3.    Plaintiffs timely filed motions to remand to the state court system.

4.    Briefing on the motions to remand has been completed before the district court judge, Judge Joe B. McDade. The pending motions to remand have neither been allowed, nor denied, by the district judge before whom these cases are pending.

5.    If the Plaintiffs' motions to remand are allowed, then it is inappropriate to transfer these cases, since the cases would be returned to the state court system of Illinois.

## OFFICIAL FILE COPY

IMAGED MAY 3 1 2007

6.     Any transfer order of either case is premature until Judge McDade rules upon the motions for remand which are pending before him.

7.     A brief, with exhibits in support of this motion, accompanies this motion.

WHEREFORE, Plaintiffs Carol Durbin, ILC 01 07-1037, Alan Nussbaum and Roxy Nussbaum, ILC 1 07-1038, move the panel for an order vacating conditional transfer order 276 as to each of their cases.

CAROL DURBIN, ALAN NUSSBAUM, ROXY
NUSSBAUM, Plaintiffs,

s/James Wylder, 24023
Wylder Corwin Kelly LLP
Attorney for Plaintiffs
207 E. Washington, Ste. 102
Bloomington, IL 61701
(309) 828-5099
(309) 828-4099 (fax)
byounger@wcklaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 3 1 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | MDL Docket No. 875 |
| (NO. VI) | ) | |
| | ) | CTO-276 |
| | ) | ILC 1 07-1037 |
| | ) | ILC 1 07-1038 |

**PLAINTIFFS DURBIN'S (ILC 1 07-1037) AND NUSSBAUMS' (ILC 1 07-1038)
BRIEF IN SUPPORT OF THEIR
MOTION TO VACATE CONDITIONAL TRANSFER ORDER 276**

Plaintiffs, Carol Durbin (ILC 1 07-1037), Alan and Roxy Nussbaum, (ILC 1 07-1038)

file this brief in support of their Motion to Vacate Conditional Transfer Order 276 as to their

cases and state as follows:

1.    The panel has issued a Conditional Transfer Order of each of these asbestos cases

due to their presence in the federal court system.

2.    Each of the plaintiffs' actions were commenced by the plaintiffs filing claims in

the state court system of Illinois, in the Circuit Court of McLean County.

3.    One of the Defendants, Pneumo Abex LLC, filed a Notice of Removal in each

action. The stated basis of Defendant's Notice of Removal was complete diversity.

4.    Defendant Pneumo Abex's notice was insufficient and Defendant was given time

to correct the deficiencies by the District Court of the Central District of Illinois.

MAY 29  PANEL ON

RECEIVED
CLERK'S OFFICE

C:\Documents and Settings\HP_Administrator\Local Settings\Temporary Internet Files\Content.IE5\LVSTZJ75\Brief M Vacate CTO
52907.doc

1

5.     A copy of the District Court's docket sheets for each of the two actions are attached as Exhibits 1 and 2 to this Brief.

6.     Pneumo Abex filed a Supplemental Notices of Removal.  Exhibit 3.  The supplemental notice admitted one of the defendants named by Plaintiffs, Illinois Central, was an Illinois Corporation and, therefore, there was not complete diversity.

7.     Each of Plaintiffs timely filed a Motion for Remand.  Copies of the motions for remand are attached as Exhibits 5 and 6.

8.     In the supplemental notices, Pneumo Abex took the position there had been fraudulent joinder of the Illinois Central, even though Illinois Central had lost motions to dismiss and had settled cases under similar facts patterns for more than a decade.  Exhibits to Exhibits 5 and 6.

9.     Both Illinois Central and Pneumo Abex have filed responses to Plaintiffs' motions for remand.  Exhibit 1, entries 14, 15 and Exhibit 2, entries 14 and 15.

10.     The briefing is complete before the district court of the Central District of Illinois on Plaintiffs' motions to remand.  If the district court judge allows the motions then any transfer of these actions is inappropriate since the cases will be returned to the state court system of Illinois.  If the district court judge denies the motions to remand, Plaintiffs admit these are asbestos cases that, (if properly in the federal system), would be subject to transfer.  At this time, however, the determination of whether these two cases should even be in the federal court system, contrary to the initial selection of forum by plaintiffs, has not been resolved.

WHEREFORE, Plaintiffs request this court vacate Conditional Transfer Order 276 as to each of their two cases so that the district court for the Central District of Illinois can initially rule on whether these cases should even remain in the federal system.

CAROL DURBIN, ALAN NUSSBAUM, ROXY NUSSBAUM, Plaintiffs,

s/James Wylder, 24023
Wylder Corwin Kelly LLP
Attorney for Plaintiffs
207 E. Washington, Ste. 102
Bloomington, IL  61701
(309) 828-5099
(309) 828-4099 (fax)
byounger@wcklaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 3 1 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS          )
LIABILITY LITIGATION             )          MDL Docket No. 875
(NO. VI)                         )
                                 )          CTO-276
                                 )          ILC 1 07-1037
                                 )          ILC 1 07-1038

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2007, I served the Motion to Vacate Conditional

Transfer Order and Brief in Support of the Motion to Vacate Conditional Transfer Order

on each of the attorneys listed on the attached Panel Service List by U.S. Mail, by

depositing a copy of the same in a post office box, postage fully prepaid, in Bloomington,

Illinois.

CAROL DURBIN, ALAN NUSSBAUM,
ROXY NUSSBAUM, Plaintiffs,

s/James Wylder, 24023
Wylder Corwin Kelly LLP
Attorney for Plaintiffs
207 E. Washington, Ste. 102
Bloomington, IL  61701
(309) 828-5099
(309) 828-4099 (fax)
byounger@wcklaw.com

Files:Durbin-MDL:COS M vac CTO.doc

**PANEL SERVICE LIST (Excerpted from CTO-276)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Carol Durbin, etc. v. Pneumo-Abex Corp., et al.,* C.D. Illinois, C.A. No. 1:07-1037
*Alan Nussbaum, et al. v. Pneumo-Abex Corp., et al.,* C.D. Illinois, C.A. No. 1:07-1038

Nicole Cress Behnen
Polsinelli, Shalton, Welte, Suelthaus
100 South Fourth Street
Suite 1100
St. Louis, MO 63102

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Mark R. Kurz
Gundlach, Lee, Eggmann, Boyle
& Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Joshua Douglas Lee
Schiff Hardin, LLP
6600 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6473

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

James E. Peckert
Kehart Peckert & Booth
132 S. Water Street, Suite 200
P.O. Box 860
Decatur, IL 62525-0860

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Robert W. Scott
Swain, Hartshorn & Scott
Savings Center Tower, Suite 1812
411 Hamilton Boulevard
Peoria, IL 61602-1104

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building,
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 31 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | MDL Docket No. 875 |
| (NO. VI) | ) | |
| | ) | CTO-276 |
| | ) | ILC 1 07-1037 |
| | ) | ILC 1 07-1038 |

## EXHIBITS IN SUPPORT OF
## PLAINTIFFS DURBIN'S (ILC 1 07-1037) AND NUSSBAUMS' (ILC 1 07-1038)
## BRIEF IN SUPPORT OF THEIR
## MOTION TO VACATE CONDITIONAL TRANSFER ORDER 276

CAROL DURBIN, ALAN NUSSBAUM, ROXY
NUSSBAUM, Plaintiffs,

s/James Wylder, 24023
Wylder Corwin Kelly LLP
Attorney for Plaintiffs
207 E. Washington, Ste. 102
Bloomington, IL 61701
(309) 828-5099
(309) 828-4099 (fax)

COV PAGE EXHIBITS Br#18C318.wps

2007 MAY 30 A 9 06
RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT

13, 15, ASBESTOS, REFER, REMOVAL

# U.S. District Court
## United States District Court for the Central District of Illinois (Peoria)
### CIVIL DOCKET FOR CASE #: 1:07-cv-01037-JBM-JAG

Durbin v. Peumo Abex Corporation et al
Assigned to: Judge Joe Billy McDade
Referred to: Magistrate Judge John A. Gorman
Demand: $3,000,000
Related Case: 1:07-cv-01038-JBM-JAG
Case in other court: Eleventh Judicial Circuit, McLean County,
                    06 L 191
Cause: 28:1441 Notice of Removal- Asbestos Litigation

Date Filed: 02/20/2007
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Carol Durbin**
*individually, and as Special Administrator
of the Estate of DEWEY DURBIN,
Deceased*

represented by **James R Wylder**
WYLDER CORWIN KELLY LLP
Suite 102
207 E Washington
Bloomington, IL 61701
309-828-5099
Fax: 309-828-4099
Email: byounger@wcklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pneumo Abex Corporation**

represented by **Robert Westwood Scott**
SWAIN HARTSHORN & SCOTT
Associated Bank Plaza
Suite 1812
411 Hamilton Blvd
Peoria, IL 61602
(309) 637-1700
Fax: 637-1708
Email: bobscott@peorialaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Whitzel Swain II**
SWAIN HARTSHORN & SCOTT

Associated Bank Plaza
Suite 1812
411 Hamilton Blvd
Peoria, IL 61602
309-637-1700
Fax: 309-637-1708
Email: timswain@peorialaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex LLC**                    represented by   **Robert Westwood Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Whitzel Swain, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owens-Illinois, Inc.**                    represented by   **Joshua Douglas Lee**
SCHIFF HARDIN LLP
233 S Wacker Dr
Chicago, IL 60606-6473
312-258-5500
Fax: 312-258-5600
Email: jdlee@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance Company**    represented by   **James E Peckert**
KEHART PECKERT & BOOTH
132 S Water St Suite 200
PO Box 860
Decatur, IL 62525-0860
217-428-4689
Fax: 217-422-7950
Email: jep@kehart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason B Small**
KEHART PECKERT & BOOTH
132 S Water St Suite 200
PO Box 860

ELECTRONIC FILING SYSTEM – U.S. District Court ILCD

Decatur, IL 62525-0860
217-428-4689
Fax: 217-422-7950
Email: jsmall@kehart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Illinois Central Railroad Company**       represented by **Mark R Kurz**
GUNDLACH LEE EGGMANN BOYLE
& ROESSLER
5000 W Main
PO Box 23560
Belleville, IL 62223-0560
618-277-9000
Fax: 618-277-0192
Email: m.kurz@gundlachlee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R Peters**
GUNDLACH LEE EGGMANN BOYLE
& ROESSLER
5000 W Main
PO Box 23560
Belleville, IL 62223-0560
618-277-9000
Fax: 618-277-4594
Email: t.peters@gundlachlee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2007 | 1 | NOTICE OF REMOVAL from Eleventh Judicial Circuit, McLean County, case number 06 L 191 ( Filing fee $ 350pd Rec #P018346), filed by Pneumo Abex Corporation, Pneumo Abex LLC. (Attachments: # 1 state court complaint# 2 notice to state court)(TK, ilcd) (Entered: 02/21/2007) |
| 02/20/2007 |  | Filing fee:$350.00, receipt number P018346 (HK, ilcd) (Entered: 02/21/2007) |
| 02/21/2007 | 2 | ORDER re 1 Notice of Removal. Defendants are granted until miscellaneous deadline of 3/5/2007 to cure defects in the notice of removal. Failure to cure |

| | | these defects may result in the court sua sponte remanding the case. Entered by Judge Joe Billy McDade on 2/21/07. (HK, ilcd) (Entered: 02/22/2007) |
|---|---|---|
| 02/22/2007 | | Remark: copy of 2/21/07 order sent to conventional filing atty Wylder w/CMECF notice (HK, ilcd) (Entered: 02/22/2007) |
| 02/27/2007 | 3 | First MOTION to Dismiss *Plaintiff's Complaint* by Defendant Illinois Central Railroad Company.Responses due by 3/16/2007 (Attachments: # 1 Memo in Support)(Kurz, Mark) (Entered: 02/27/2007) |
| 03/02/2007 | 4 | NOTICE *Consent to Removal* by Metropolitan Life Insurance Company (Peckert, James) (Entered: 03/02/2007) |
| 03/05/2007 | 5 | NOTICE *OF REMOVAL- Supplemental* by Pneumo Abex Corporation, Pneumo Abex LLC (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Swain, Timothy) (Entered: 03/05/2007) |
| 03/12/2007 | 6 | NOTICE of Appearance of Attorney by Joshua Douglas Lee on behalf of Owens-Illinois, Inc. (Lee, Joshua) (Entered: 03/12/2007) |
| 03/12/2007 | 7 | MOTION for Leave to File *Answer to Complaint* by Defendant Owens-Illinois, Inc..Responses due by 3/29/2007 (Attachments: # 1 Exhibit A# 2 Exhibit B)(Lee, Joshua) (Entered: 03/12/2007) |
| 03/13/2007 | | TEXT ONLY ORDER granting 7 Motion for Leave to File Answer. Clerk is directed to file the Answer, attached to this motion as Exhibit B. Entered by Judge John A. Gorman on 3/13/07. (JB, ilcd) (Entered: 03/13/2007) |
| 03/13/2007 | 8 | CERTIFICATE of Service/Counsel re 6 Notice of Appearance of Attorney by Joshua Douglas Lee on behalf of Owens-Illinois, Inc. (Lee, Joshua) (Entered: 03/13/2007) |
| 03/13/2007 | 9 | Owens-Illinois Inc's ANSWER, AFFIRMATIVE AND OTHER DEFENSES to Plaintiff's Complaint by Defendant Owens-Illinois, Inc..(HK, ilcd) (Entered: 03/14/2007) |
| 03/14/2007 | 10 | NOTICE of Appearance of Attorney by Timothy Whitzel Swain, II on behalf of Pneumo Abex Corporation, Pneumo Abex LLC (Swain, Timothy) (Entered: 03/14/2007) |
| 03/15/2007 | | Remark: ECF registration form mailed to atty Jason Small by Clerk. (TK, ilcd) (Entered: 03/15/2007) |
| 03/15/2007 | 11 | NOTICE of Change of Address by Timothy Whitzel Swain, II (Swain, Timothy) (Entered: 03/15/2007) |
| 03/19/2007 | 12 | MOTION to Remand to State Court by Plaintiff Carol Durbin.Responses due by 4/5/2007 (HK, ilcd) (Entered: 03/19/2007) |
| 04/04/2007 | 13 | MOTION for Leave to File by Plaintiff Carol Durbin.Responses due by 4/23/2007 (Attachments: # 1 Proposed Response and Exh A# 2 Exhibit Exhibit B to Response# 3 Exhibit Exhibit C& D Part 1# 4 Exhibit Exhibit D Part 2# 5 |

|  |  |  |
|---|---|---|
|  |  | Exhibit Exhibit E-part1# 6 Exhibit Exhibit E - Part 2)(CL, ilcd) (Entered: 04/04/2007) |
| 04/05/2007 | 14 | RESPONSE to Motion re 12 MOTION to Remand *to State Court* filed by Defendants Pneumo Abex Corporation, Pneumo Abex LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3)(Swain, Timothy) (Entered: 04/05/2007) |
| 04/05/2007 | 15 | MEMORANDUM in Opposition re 12 MOTION to Remand filed by Defendant Illinois Central Railroad Company. (Attachments: # 1 Declaration of Charles Garrett)(Kurz, Mark) (Entered: 04/05/2007) |
| 05/09/2007 | 16 | NOTICE of Appearance of Attorney by James R Wylder on behalf of Carol Durbin (Wylder, James) (Entered: 05/09/2007) |
| 05/09/2007 | 17 | CERTIFICATE OF SERVICE by Carol Durbin re 16 Notice of Appearance of Attorney (Wylder, James) (Entered: 05/09/2007) |
| 05/14/2007 |  | TEXT ONLY ORDER granting 13 Motion for Leave to File. No party has objected. Clerk to file documents attached to 13 as response to Motion to Dismiss 3. Entered by Judge Joe Billy McDade on 5/14/07. (JBM3, ilcd) (Entered: 05/14/2007) |
| 05/14/2007 | 18 | NOTICE *of Filing (Notice of Opp-cond trans order)* by Carol Durbin (Wylder, James) (Entered: 05/14/2007) |
| 05/14/2007 | 19 | CERTIFICATE OF SERVICE by Carol Durbin re 18 Notice (Other) *(opp to cond trans Order)* (Wylder, James) (Entered: 05/14/2007) |
| 05/14/2007 | 20 | RESPONSE to 3 First MOTION to Dismiss *Plaintiff's Complaint* filed by Plaintiff Carol Durbin. (Attachments: # 1 exhibit B# 2 exhibit C&D part 1# 3 Exhibit D part 2# 4 Exhibit E part 1# 5 Exhibit E part 2)(HK, ilcd) Additional attachment(s) added on 5/15/2007 (HK, ilcd). (Entered: 05/15/2007) |
| 05/14/2007 |  | Notice of Docket Text or Event Modification: EXHIBIT B added to #20 (HK, ilcd) (Entered: 05/15/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/24/2007 11:35:41 | | |
| **PACER Login:** | ak1010 | **Client Code:** | durbin/nussbaum |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-01037-JBM-JAG |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

14, 15, ASBESTOS, REFER, REMOVAL

# U.S. District Court
## United States District Court for the Central District of Illinois (Peoria)
### CIVIL DOCKET FOR CASE #: 1:07-cv-01038-JBM-JAG

Nussbaum et al v. Pneumo Abex Corporation et al
Assigned to: Judge Joe Billy McDade
Referred to: Magistrate Judge John A. Gorman
Demand: $4,000,000
Related Case: 1:07-cv-01037-JBM-JAG
Case in other court: Eleventh Judicial Circuit, McLean County,
06 L 190
Cause: 28:1441 Notice of Removal- Asbestos Litigation

Date Filed: 02/20/2007
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Alan Nussbaum**                    represented by    **James R Wylder**
                                                      WYLDER CORWIN KELLY LLP
                                                      Suite 102
                                                      207 E Washington
                                                      Bloomington, IL 61701
                                                      309-828-5099
                                                      Fax: 309-828-4099
                                                      Email: byounger@wcklaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roxy Nussbaum**                    represented by    **James R Wylder**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pneumo Abex Corporation**          represented by    **Robert Westwood Scott**
                                                      SWAIN HARTSHORN & SCOTT
                                                      Associated Bank Plaza
                                                      Suite 1812
                                                      411 Hamilton Blvd
                                                      Peoria, IL 61602
                                                      (309) 637-1700
                                                      Fax: 637-1708

RECEIVED PANEL ON MAY 30 A 9 06 OFFICE



Email: bobscott@peorialaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Whitzel Swain, II**
SWAIN HARTSHORN & SCOTT
Associated Bank Plaza
Suite 1812
411 Hamilton Blvd
Peoria, IL 61602
309-637-1700
Fax: 309-637-1708
Email: timswain@peorialaw.com

**Defendant**

**Pneumo Abex LLC**                    represented by **Robert Westwood Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Whitzel Swain, II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owens-Illinois, Inc.**               represented by **Joshua Douglas Lee**
SCHIFF HARDIN LLP
233 S Wacker Dr
Chicago, IL 60606-6473
312-258-5500
Fax: 312-258-5600
Email: jdlee@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance Company**   represented by **James E Peckert**
KEHART PECKERT & BOOTH
132 S Water St Suite 200
PO Box 860
Decatur, IL 62525-0860
217-428-4689
Fax: 217-422-7950
Email: jep@kehart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason B Small**

ELECTRONIC FILING SYSTEM – U.S. District Court ILCD

KEHART PECKERT & BOOTH
132 S Water St Suite 200
PO Box 860
Decatur, IL 62525-0860
217-428-4689
Fax: 217-422-7950
Email: jsmall@kehart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International, Inc.**          represented by  **Nicole C Behnen**
POLSINELLI SHALTON & WELTE
Suite 1110
100 S Fourth St
St Louis, MO 63102-1825
(314) 231-1950
Fax: 231-1776
Email: nbehnen@polsinelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Illinois Central Railroad Company**      represented by  **Mark R Kurz**
GUNDLACH LEE EGGMANN BOYLE
& ROESSLER
5000 W Main
PO Box 23560
Belleville, IL 62223-0560
618-277-9000
Fax: 618-277-0192
Email: m.kurz@gundlachlee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R Peters**
GUNDLACH LEE EGGMANN BOYLE
& ROESSLER
5000 W Main
PO Box 23560
Belleville, IL 62223-0560
618-277-9000
Fax: 618-277-4594
Email: t.peters@gundlachlee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2007 | 1 | NOTICE OF REMOVAL from Eleventh Judicial Circuit, McLean County, case number 06 L 190 ( Filing fee $ 350pd Rec #P018347 ), filed by Pneumo Abex Corporation, Pneumo Abex LLC. (Attachments: # 1 state court complaint# 2 notice to state court)(TK, ilcd) (Entered: 02/21/2007) |
| 02/27/2007 | 2 | First MOTION to Dismiss *Plaintiffs' Complaint* by Defendant Illinois Central Railroad Company.Responses due by 3/16/2007 (Attachments: # 1 Memo in Support)(Kurz, Mark) (Entered: 02/27/2007) |
| 03/02/2007 | 3 | NOTICE *Consent to Removal* by Metropolitan Life Insurance Company (Peckert, James) (Entered: 03/02/2007) |
| 03/05/2007 | 4 | NOTICE OF REMOVAL by Pneumo Abex Corporation, Pneumo Abex LLC from Circuit Court of the Eleventh Judicial Circuit County of McLean, case number 06-L-190. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Swain, Timothy) (Entered: 03/05/2007) |
| 03/12/2007 | 5 | NOTICE of Appearance of Attorney by Joshua Douglas Lee on behalf of Owens-Illinois, Inc. (Lee, Joshua) (Entered: 03/12/2007) |
| 03/12/2007 | 6 | MOTION for Leave to File *Answer to Complaint* by Defendant Owens-Illinois, Inc..Responses due by 3/29/2007 (Attachments: # 1 Exhibit A# 2 Exhibit B)(Lee, Joshua) (Entered: 03/12/2007) |
| 03/13/2007 | | TEXT ONLY ORDER granting 6 Motion for Leave to File Answer. Clerk is directed to file Answer attached to this Motion as Exhibit B. Entered by Judge John A. Gorman on 3/13/07. (JB, ilcd) (Entered: 03/13/2007) |
| 03/13/2007 | 7 | CERTIFICATE of Service/Counsel re 5 Notice of Appearance of Attorney by Joshua Douglas Lee on behalf of Owens-Illinois, Inc. (Lee, Joshua) (Entered: 03/13/2007) |
| 03/13/2007 | 8 | ANSWER, Affirmative and Other Defenses to Plaintiff's Complaint by Defendant Owens-Illinois, Inc..(HK, ilcd) (Entered: 03/13/2007) |
| 03/13/2007 | | Remark: copy of 3/13/07 text order & answer copied to attys: Behnen, O'Hara, & Small by Clerk w/CMECF notice(HK, ilcd) (Entered: 03/13/2007) |
| 03/13/2007 | | TEXT ONLY ORDER by Judge John A. Gorman. Rule 16 Scheduling Conference set for Wednesday, 5/2/2007 at 11:00 AM in person in chambers before Magistrate Judge John A. Gorman. Parties shall discuss and include in the Discovery Plan, at a minimum, the items discussed in Fed.R.Civ.P. 16(b)(5), 16(b)(6), 26(f), and CDIL-LR26.2(3). The Plan is to include provisions for discovery or disclosure of electronically stored information and any agreement with respect to inadvertently-disclosed work product or privileged information. If the parties cannot reach an agreement with respect to electronically stored |

| | | |
|---|---|---|
| | | information, the Plan is to include each partys proposals for such discovery. If an agreed Discovery Plan pursuant to Fed.R.Civ.P. 26 is filed on or before 4/30/07, the conference will be automatically converted to via telephone rather than in person and the court will set up the call. Entered on 3/13/07. (WW, ilcd) (Entered: 03/13/2007) |
| 03/14/2007 | | Remark: copy of text order forwarded to conventionally filing attys: Behnen & Small by Clerk w/CMECF notice (HK, ilcd) (Entered: 03/14/2007) |
| 03/14/2007 | 9 | NOTICE of Appearance of Attorney by Timothy Whitzel Swain, II on behalf of Pneumo Abex Corporation, Pneumo Abex LLC (Swain, Timothy) (Entered: 03/14/2007) |
| 03/16/2007 | 10 | Remark: Letter regarding admission status and oath card mailed to atty Nicole Behnen by Clerk. (TK, ilcd) (Entered: 03/16/2007) |
| 03/19/2007 | 11 | MOTION to Remand by Plaintiffs Alan Nussbaum, Roxy Nussbaum.Responses due by 4/5/2007 (SM, ilcd) (Entered: 03/19/2007) |
| 03/19/2007 | 12 | MOTION to Remand by Plaintiffs Alan Nussbaum, Roxy Nussbaum.Responses due by 4/5/2007 (CL, ilcd) (Entered: 03/20/2007) |
| 03/20/2007 | | TEXT ONLY ORDER finding as moot 12 Motion to Remand as this document appears to be duplicative of 11 Motion to Remand filed on 3/19/07. Entered by Judge Michael M. Mihm on 03/20/07. (MMM2, ilcd) (Entered: 03/20/2007) |
| 03/21/2007 | | Remark: Copy of NEF/Text order mailed to conventionally filing attorneys. (ECF Notice has been previously mailed) (CL, ilcd) (Entered: 03/21/2007) |
| 04/04/2007 | 13 | MOTION for Leave to File Response by Plaintiffs Alan Nussbaum, Roxy Nussbaum.Responses due by 4/23/2007 (Attachments: # 1 Exhibit Proposed Response & Exh A# 2 Exhibit B# 3 Exhibit C & D-part 1# 4 Exhibit D-part 2# 5 Exhibit E - part 1# 6 Exhibit E - part 2)(CL, ilcd) (Entered: 04/04/2007) |
| 04/05/2007 | 14 | RESPONSE to Motion re 11 MOTION to Remand *to State Court* filed by Defendants Pneumo Abex Corporation, Pneumo Abex LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3)(Swain, Timothy) (Entered: 04/05/2007) |
| 04/05/2007 | 15 | MEMORANDUM in Opposition re 11 MOTION to Remand filed by Defendant Illinois Central Railroad Company. (Attachments: # 1 Declaration of Charles Garrett)(Kurz, Mark) (Entered: 04/05/2007) |
| 04/10/2007 | | TEXT ONLY ORDER granting 13 Motion for Leave to File Response. Additionally, it would appear from the conspiracy allegations asserted in the complaint that this action may be related to the case now pending as 07-1037. The parties are directed to notify the Court within 7 days as to whether these two cases should be treated as related cases under Local Rule 42.1. Entered by Judge Michael M. Mihm on 04/10/07. (MMM2, ilcd) (Entered: 04/10/2007) |
| 04/10/2007 | | Remark: Text order entered 4/10/2007 mailed to conventional filing attorneys Behnen and Small with ECF Notice (CL, ilcd) (Entered: 04/10/2007) |

| | | |
|---|---|---|
| 04/10/2007 | <u>16</u> | RESPONSE to Motion re <u>2</u> First MOTION to Dismiss *Plaintiffs' Complaint* filed by Plaintiffs Alan Nussbaum, Roxy Nussbaum. (Attachments: # <u>1</u> Exhibit B# <u>2</u> Exhibit C and D - part 1# <u>3</u> Exhibit D - part 2# <u>4</u> Exhibit E-part 1# <u>5</u> Exhibit E-part 2)(CL, ilcd) (Entered: 04/10/2007) |
| 04/16/2007 | <u>17</u> | NOTICE *of Rule 42.1* by Pneumo Abex LLC (Swain, Timothy) (Entered: 04/16/2007) |
| 04/17/2007 | <u>18</u> | Remark: Letter from Judge Gorman to Atty Nicole Behnan of April 17, 2007 in regard to becoming registered in CDIL for electronic case filing (WW, ilcd) (Entered: 04/17/2007) |
| 04/17/2007 | | TEXT ONLY ORDER noting that based on the identical allegations of conspiracy by the same defendants in Case No. 07-1037, as well as the parties' advisement that the two cases involve identical allegations and issues with respect to Defendant Illinois Central Railroad and common facts and law, the Court finds that the cases are related pursuant to Local Rule 42.1. Accordingly, this case shall be reassigned to Judge McDade as a related case, and the Clerk's Office is directed to take appropriate steps to reassign the case. Entered by Judge Michael M. Mihm on 04/17/2007. (MMM2, ilcd) (Entered: 04/17/2007) |
| 04/17/2007 | | Remark: Text order of 4/17/2007 mailed to conventional filing attorney N. Behnen (CL, ilcd) (Entered: 04/17/2007) |
| 04/17/2007 | <u>19</u> | NOTICE *Pursuant to CDIL-LR 42.1* by Metropolitan Life Insurance Company (Peckert, James) (Entered: 04/17/2007) |
| 04/17/2007 | | Case reassigned to Judge Joe Billy McDade. Judge Michael M. Mihm no longer assigned to the case. (HK, ilcd) (Entered: 04/17/2007) |
| 04/24/2007 | | NOTICE of Cancellation of Hearing: Rule 16 hearing set on 5/2/07 at 11:00 a.m. before Judge Gorman is cancelled pending resolution of the motion for remand. (WW, ilcd) (Entered: 04/24/2007) |
| 05/09/2007 | <u>20</u> | NOTICE of Appearance of Attorney by James R Wylder on behalf of all plaintiffs (Wylder, James) (Entered: 05/09/2007) |
| 05/09/2007 | <u>21</u> | CERTIFICATE OF SERVICE by Alan Nussbaum, Roxy Nussbaum re <u>20</u> Notice of Appearance of Attorney (Wylder, James) (Entered: 05/09/2007) |
| 05/14/2007 | <u>22</u> | NOTICE *of Filing (Notice of Opp-cond trans order)* by Alan Nussbaum, Roxy Nussbaum (Wylder, James) (Entered: 05/14/2007) |
| 05/14/2007 | <u>23</u> | CERTIFICATE OF SERVICE by Alan Nussbaum, Roxy Nussbaum re <u>22</u> Notice (Other) *(opp to cond trans Order)* (Wylder, James) (Entered: 05/14/2007) |

## PACER Service Center

**E-FILED**
Monday, 05 March, 2007  02:46:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CAROL DURBIN, individually, and
as Special Administrator of the
Estate of DEWEY DURBIN,
Deceased,

                    Plaintiff,

          v.

PNEUMO ABEX CORPORATION,
PNEUMO ABEX LLC, OWENS-
ILLINOIS, INC., METROPOLITAN
LIFE INSURANCE COMPANY,
HONEYWELL INTERNATIONAL,
INC., and ILLINOIS CENTRAL
RAILROAD COMPANY,

                    Defendants.

No. 07-CV-1037

SUPPLEMENT TO ITS NOTICE OF
REMOVAL FROM THE STATE OF
ILLINOIS, CIRCUIT COURT
ELEVENTH JUDICIAL CIRCUIT,
COUNTY OF MC LEAN, ILLINOIS

## SUPPLEMENTAL NOTICE OF REMOVAL

Pursuant to the Courts Order dated February 22, 2001, the removing party,
PNEUMO ABEX CORPORATION and PNEUMO ABEX LLC submits the
following:

1.      Removing party is a defendant in the above-entitled action.

2.      On January 2, 2007, the above-entitled action was commenced
against removing party in the Circuit Court of the Eleventh Judicial Circuit of
Illinois, Mc Lean County, Illinois, and is now pending in such court.

3.      On January 18, 2007, removing party was served with a summons
and a complaint in the above-entitled action Corporation Service Company,
Wilmington, Delaware, by Personal Service, in the County of New Castle, and
State of Delaware.

4.      No further proceedings have been had in this action in state court.

5.      The amount in controversy in the above-entitled action, exclusive of
interest and costs, exceeds the required jurisdictional amount of $75,000.00.

6.     Plaintiff is a citizen of the state of Illinois, and defendant Pneumo Abex LLC is a Limited Liability Company created under the laws of Delaware with its principal place of business in New Jersey. Pneumo Abex Corporation was a Delaware Corporation with its principal place of business in New Jersey. On November, 2004 Pneumo Abex Corporation was merged into Pneumo Abex LLC with Pneumo Abex as the surviving entity.

Owens-Illinois is a Delaware Corporation with its principal place of business in Ohio.

Metropolitan Life Insurance Company is a New York Corporation with its principal place of business in New York.

Honeywell International, Inc. is a Delaware Corporation with its principal place of business in New Jersey.

Illinois Central Railroad, Inc. is an Illinois Corporation. The basis for removing this case is that the Illinois Central Railroad, Inc. was improperly joined as a party to the plaintiff's suit. Without the Illinois Central Railroad as a defendant in the state court action there is complete diversity between plaintiff and the remaining defendants.

7.     The above-entitled action is a civil action for alleged injuries resulting in death from asbestos-containing materials.

8.     Copies of all state court process, pleadings, or orders served on petitioner in the above-entitled action are attached as Exhibits and filed with this notice.

9.     This notice is filed with this Court within 30 days after service on removing party of the summons and complaint in the above-entitled action, plus the intervening weekend following by the national holiday Presidents' Day during which the Court was closed.

10.     All defendants have consented to the removal, copies of the Consent Forms are attached as Exhibits A, B, C, & D.

Dated: March 5, 2007

PNEUMO ABEX CORPORATION
PNEUMO ABEX LLC
Defendants

/s/ Robert W. Scott
One of their attorneys

Robert W. Scott
SWAIN HARTSHORN & SCOTT
411 Hamilton Blvd, Suite 1812
Peoria, IL 61602
(309) 637-1700
Fax: (309) 637-1708

## CERTIFICATE OF SERVICE

Pursuant to the *Federal Rules of Civil Procedure, Rule 5(d)*, the undersigned attorney certifies that a true and correct copy of the paper entitled SUPPLEMENTAL NOTICE OF REMOVAL was served upon all attorneys of record in this legal matter by enclosing same in an envelope with proper postage prepaid, and prior to 5:00 pm on the 5th day of March, 2007, depositing said envelope in a United States Post Office mail box in Peoria, Illinois, with the complete address appearing on the envelope as below set forth:

WALKER & WYLDER, LTD.
Attorneys for Plaintiff
207 W. Jefferson Street
Bloomington, IL 61701

SCHIFF HARDIN, LLP
Attorneys for Owens-Illinois, Inc.
6600 Sears Tower
Chicago, IL 60606

KEHART, PECKART & BOOTH
Attorneys for Metropolitan
Life Insurance Company
132 S. Water Street, Suite 200
Decatur, IL 62523

POLSINELLI SHALTON WELTE SUELTHAUS
Attorneys for Honeywell International, Inc.
100 S. Fourth Street, Suite 1100
St. Louis, MO 63102

GUNDLACH, LEE, EGGMANN,
BOYLE & ROESSLER
Attorneys for Illinois Central
Railroad Company
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

/s/ Robert W. Scott

**E-FILED**
Monday, 05 March, 2007  02:46:53 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CAROL DURBIN, individually, and as Special Administrator of the Estate of DEWEY DURBIN, Deceased, <br>         Plaintiff, <br><br>     v. <br><br> PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD COMPANY, <br><br>         Defendants. | Case No. 07-cv-1037 <br><br> CONSENT TO THE REMOVAL FROM THE ELEVENTH JUDICIAL CIRCUIT COURT, STATE OF ILLINOIS COUNTY OF MCLEAN. |

## CONSENT TO REMOVAL

The undersigned attorney for Honeywell International, Inc., a Delaware Corporation, hereby consents to the Removal of McLean County Circuit Court Case No. 06-L-191 from the Eleventh Judicial Circuit of Illinois to the United States District Court for the Central District of Illinois.

Honeywell International, Inc., a Delaware Corporation, Defendant

_Nicole Behnen_

Nicole Behnen, Esq.

Nicole Behnen, Esq.
POLSINELLI SHALTON FLANIGAN SUELTHAUS
100 South Fourth Street, Suite 1100
St. Louis, MO 63102
Attorneys for Honeywell

**E-FILED**
Monday, 05 March, 2007  02:47:02 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CAROL DURBIN, individually, and as Special Administrator of the Estate of DEWEY DURBIN, Deceased, Plaintiff, v. | Case No. 07-cv-1037 |
| PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD COMPANY, Defendants. | CONSENT TO THE REMOVAL FROM THE ELEVENTH JUDICIAL CIRCUIT COURT, STATE OF ILLINOIS COUNTY OF MCLEAN. |

## CONSENT TO REMOVAL

The undersigned attorney for Owens-Illinois Inc., a Delaware Corporation, hereby

consents to the Removal of McLean County Circuit Court Case No. 06-L-191 from the Eleventh

Judicial Circuit of Illinois to the United States District Court for the Central District of Illinois.

Owens-Illinois Inc., a Delaware Corporation, Defendant

Brooke D. Anthony, Esq.

Brooke D. Anthony, Esq.
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Attorneys for Owens-Illinois, Inc.

**E-FILED**
Monday, 05 March, 2007  02:47:19 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT
# C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CAROL DURBIN, individually, and as Special Administrator of the Estate of DEWEY DURBIN, Deceased, <br> Plaintiff, <br> v. <br><br> PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, OWENS-ILLINOIS, INC.; METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD   COMPANY, <br><br> Defendants. | )<br>)<br>)<br>)   Case No. 07-cv-1037<br>)<br>)<br>)<br>)CONSENT TO THE REMOVAL FROM<br>)THE ELEVENTH JUDICIAL CIRCUIT<br>)COURT, STATE OF ILLINOIS<br>)COUNTY OF MCLEAN.<br>)<br>)<br>)<br>) |

## CONSENT TO REMOVAL

The undersigned attorney for Metropolitan Life Insurance Company, a New York Corporation, hereby consents to the Removal of McLean County Circuit Court Case No. 06-L-191 from the Eleventh Judicial Circuit of Illinois to the United States District Court for the Central District of Illinois.

METROPOLITAN LIFE INSURANCE
COMPANY, a New York Corporation,
Defendant,


BY: ___/s/ James E. Peckert_____
     Of Kehart, Peckert & Booth
     Its Attorneys


James E. Peckert, Esquire
Jason B. Small, Esquire
Kehart, Peckert & Booth
132 South Water Street, Suite 200
P.O. Box 860
Decatur, Illinois  62525-0860
Ph: 217-428-4689
Fax: 217-422-7950

**E-FILED**
Monday, 05 March, 2007  02:47:31 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT
# D

03/05/07  10:58 FAX 618 277 4594          GUNDLACH LEE                                    002

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CAROL DURBIN, individually, and as Special Administrator of the Estate of DEWEY DURBIN, Deceased,<br><br>       Plaintiff,<br><br>    v.<br><br>PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD   COMPANY,<br><br>       Defendants. | Case No. 07-cv-1037<br><br><br>CONSENT TO THE REMOVAL FROM THE ELEVENTH JUDICIAL CIRCUIT COURT, STATE OF ILLINOIS COUNTY OF MCLEAN. |

## CONSENT TO REMOVAL

The undersigned attorney for Illinois Central Railroad, Inc., an Illinois Corporation, hereby consents to the Removal of McLean County Circuit Court Case No. 06-L-191 from the Eleventh Judicial Circuit of Illinois to the United States District Court for the Central District of Illinois.

Illinois Central Railroad, a Illinois Corporation,
Defendant

_____

Thomas Peters, Esq.

Thomas R. Peters, Esq.
GUNDLACH, LEE, EGGMANN, BOYLE &
ROESSLER
5000 West Main Street
Belleville, IL 62223-0560
Attorneys for Illinois Central Railroad

**E-FILED**
Wednesday, 21 February, 2007 02:22:32 PM
Clerk, U.S. District Court, ILCD

**FILED**

FEB 2 0 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALAN NUSSBAUM and ROXY NUSSBAUM ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action |
| ) | File Number |
| PEUMO ABEX CORPORATION, PNEUMO ) | |
| ABEX LLC, OWENS-ILLINOIS, INC., ) | Notice of |
| METROPOLITAN LIFE INSURANCE ) | Removal |
| COMPANY, HONEYWELL INTERNATIONAL, ) | From the State of |
| INC., and ILLINOIS CENTRAL RAILROAD ) | Illinois, Circuit Court |
| COMPANY, ) | Eleventh Judicial |
| ) | Circuit, County of |
| Defendants. ) | Mc Lean, Illinois |

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Central District of Illinois, Peoria Division:

Removing party, PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, through undersigned attorneys, respectfully shows this Court:

1.     Removing party is a defendant in the above-names action.

2.     On January 2, 2007, the above-entitled action was commenced against removing party in the Circuit Court of the Eleventh Judicial Circuit of Illinois, Mc Lean County, Illinois, and is now pending in such court.

3.     On January 18, 2007, removing party was served with a summons and a complaint in the above-entitled action Corporation Service Company, Wilmington, Delaware, by Personal Service, in the County of New Castle, and State of Delaware.

4.     No further proceedings have been had in this action in state court.

5.     The amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds the required jurisdictional amount of $75,000.00.

RECEIVED
CLERK'S OFFICE
2007 MAY 30 A 9: 0
MDL PANEL, US...

6.     Plaintiff is a citizen and resident of the State of Illinois, and defendant is a citizen and resident of the State of Delaware.

7.     The above-entitled action is a civil action for alleged injuries resulting in death from asbestos-containing materials.

8.     Copies of all state court process, pleadings, or orders served on petitioner in the above-entitled action are attached as Exhibits and filed with this notice.

9.     This notice is filed with this Court within 30 days after service on removing party of the summons and complaint in the above-entitled action, plus the intervening weekend following by the national holiday Presidents' Day during which the Court was closed.

Wherefore, removing party requests that the above-entitled action be removed from the state court to this Court.

Dated: February 20, 2007

PNEUMO ABEX CORPORATION
PNEUMO ABEX LLC
Defendants


_____
One of their attorneys

Robert W. Scott
SWAIN HARTSHORN & SCOTT
411 Hamilton Blvd, Suite 1812
Peoria, IL 61602
(309) 637-1700
Fax: (309) 637-1708

## CERTIFICATE OF SERVICE

Pursuant to the *Federal Rules of Civil Procedure, Rule 5(d)*, the undersigned attorney certifies that a true and correct copy of the paper entitled NOTICE OF REMOVAL was served upon all attorneys of record in this legal matter by enclosing same in an envelope with proper postage prepaid, and prior to 5:00 pm on the 20th day of February, 2007, depositing said envelope in a United States Post Office mail box in Peoria, Illinois, with the complete address appearing on the envelope as below set forth:

**WALKER & WYLDER, LTD.**
Attorneys for Plaintiff
207 W. Jefferson Street
Bloomington, IL 61701

**SCHIFF HARDIN, LLP**
Attorneys for Owens-Illinois, Inc.
6600 Sears Tower
Chicago, IL 60606

**KEHART, PECKART & BOOTH**
Attorneys for Metropolitan
Life Insurance Company
132 S. Water Street, Suite 200
Decatur, IL 62523

**POLSINELLI SHALTON WELTE SUELTHAUS**
Attorneys for Honeywell International, Inc.
100 S. Fourth Street, Suite 1100
St. Louis, MO 63102

**GUNDLACH, LEE, EGGMANN,**
**BOYLE & ROESSLER**
Attorneys for Illinois Central
Railroad Company
5000 West Main Street
P.O.Box 23560
Belleville, IL 62223-0560

**E-FILED**
Monday, 05 March, 2007  02:52:57 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALAN NUSSBAUM and ROXY NUSSBAUM,<br><br>          Plaintiff,<br><br>     v.<br><br>PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD  COMPANY,<br><br>          Defendants. | Case No. 07-cv-1038<br><br><br>CONSENT TO THE REMOVAL FROM THE ELEVENTH JUDICIAL CIRCUIT COURT, STATE OF ILLINOIS COUNTY OF MCLEAN. |

## CONSENT TO REMOVAL

The undersigned attorney for Honeywell International, Inc., a Delaware Corporation,

hereby consents to the Removal of McLean County Circuit Court Case No. 06-L-190 from the

Eleventh Judicial Circuit of Illinois to the United States District Court for the Central District of

Illinois.

Honeywell International, Inc., a Delaware
Corporation, Defendant

Nicole Behnen, Esq.

Nicole Behnen, Esq.
POLSINELLI SHALTON FLANIGAN
SUELTHAUS
100 South Fourth Street, Suite 1100
St. Louis, MO 63102
Attorneys for Honeywell

**E-FILED**
Monday, 05 March, 2007  02:53:06 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ALAN NUSSBAUM and ROXY
NUSSBAUM,

    Plaintiff,

  v.

PNEUMO ABEX CORPORATION,
PNEUMO ABEX LLC, OWENS-
ILLINOIS, INC., METROPOLITAN
LIFE INSURANCE COMPANY,
HONEYWELL INTERNATIONAL,
INC., and ILLINOIS CENTRAL
RAILROAD  COMPANY,

    Defendants.

Case No. 07-cv-1038

CONSENT TO THE REMOVAL FROM
THE ELEVENTH JUDICIAL CIRCUIT
COURT, STATE OF ILLINOIS
COUNTY OF MCLEAN.

## CONSENT TO REMOVAL

The undersigned attorney for Illinois Central Railroad, Inc., an Illinois Corporation,

hereby consents to the Removal of McLean County Circuit Court Case No. 06-L-190 from the

Eleventh Judicial Circuit of Illinois to the United States District Court for the Central District of

Illinois.

        Illinois Central Railroad, a Illinois Corporation,
        Defendant

        Thomas Peters, Esq.

        Thomas R. Peters, Esq.
        GUNDLACH, LEE, EGGMANN, BOYLE &
        ROESSLER
        5000 West Main Street
        Belleville, IL 62223-0560
        Attorneys for Illinois Central Railroad

**E-FILED**
Monday, 05 March, 2007  02:53:17 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT
# C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALAN NUSSBAUM and ROXY NUSSBAUM, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 07-cv-1038 |
| | ) |
| PNEUMO ABEX CORPORATION, PNEUMO | ) CONSENT TO THE REMOVAL |
| ABEX LLC, METROPOLITAN LIFE INSURANCE | ) FROM THE ELEVENTH |
| COMPANY, OWENS-ILLINOIS, INC., | ) JUDICIAL CIRCUIT COURT, |
| HONEYWELL INTERNATIONAL, INC., and | ) STATE OF ILLINOIS COUNTY |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) |
| | ) |

## CONSENT TO REMOVAL

The undersigned attorney for Metropolitan Life Insurance Company, a New York

Corporation, hereby consents to the Removal of McLean County Circuit Court Case No. 06-L-

190 from the Eleventh Judicial Circuit of Illinois to the United States District Court for the

Central District of Illinois.

METROPOLITAN LIFE INSURANCE
COMPANY, a New York Corporation,
Defendant,


BY:     /s/ James E. Peckert
              Of Kehart, Peckert & Booth
              Its Attorneys

James E. Peckert, Esquire
Jason B. Small, Esquire
Kehart, Peckert & Booth
132 South Water Street, Suite 200
P.O. Box 860
Decatur, Illinois 62525-0860
Ph: 217-428-4689
Fax: 217-422-7950

**E-FILED**
Monday, 05 March, 2007  02:53:33 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALAN NUSSBAUM and ROXY NUSSBAUM, <br><br>       Plaintiff, <br><br>   v. <br><br> PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD COMPANY, <br><br>       Defendants. | Case No. 07-cv-1038 <br><br><br> CONSENT TO THE REMOVAL FROM THE ELEVENTH JUDICIAL CIRCUIT COURT, STATE OF ILLINOIS COUNTY OF MCLEAN. |

## CONSENT TO REMOVAL

The undersigned attorney for Owens-Illinois Inc., a Delaware Corporation, hereby

consents to the Removal of McLean County Circuit Court Case No. 06-L-190 from the Eleventh

Judicial Circuit of Illinois to the United States District Court for the Central District of Illinois.

Owens-Illinois Inc., a Delaware Corporation,
Defendant

Brooke D. Anthony, Esq.

SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Attorneys for Owens-Illinois, Inc.

E-FILI

Monday, 19 March 2007  02:54:27
Clerk, U.S. District Court, IL

**FILED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MAR 1 9 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CAROL DURBIN, individually, and, )
as Special Administrator of the )
Estate of DEWEY DURBIN, )
Deceased, )
                  Plaintiff, )
 )
v. )  No. 07-CV-1037
 )
PNEUMO ABEX CORPORATION, )
PNEUMO ABEX LLC, OWENS- )
ILLINOIS, INC., METROPOLITAN )
LIFE INSURANCE COMPANY, )
HONEYWELL INTERNATIONAL, INC., )
INC., and ILLINOIS CENTRAL )
RAILROAD COMPANY, )
            Defendants. )

## PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

Plaintiff moves this court for an order remanding this case to the Circuit Court of

the Eleventh Judicial Circuit, Mc Lean County, State of Illinois, and states as follows:

1.    Pneumo Abex Corporation and Pneumo Abex LLC filed a notice of

removal on February 20, 2007.  The notice failed to contain consents from all Defendants

nor was it clear from the notice the basis of Pneumo Abex's notice.  It appeared that

Pneumo Abex Corporation and Pneumo Abex LLC (hereafter "Pneumo Abex") were

relying on diversity, but it was not stated in the notice.

2.    On March 5, 2007, a supplemental notice of removal was filed by Pneumo

Abex. The consents of the co-Defendants were attached.  In the supplemental notice as

reflected in the consents, Pneumo Abex admitted that one of the Defendants, Illinois

Central Railroad (hereafter "Illinois Central"), is an Illinois Corporation.  Nonetheless

Pneumo Abex asserted removal was appropriate based upon diversity because, according to Pneumo Abex, the Illinois Central was "improperly joined."

3.    Nowhere in its notice of removal or supplemental notice of removal did Pneumo Abex ever even attempt to explain or support its claim of improper joinder as to the Illinois Central, an Illinois Corporation from the same state as Plaintiff.

4.    In **Poulos v. Nass Foods, Inc.**, 959 F.2d 69, 73 (7th Cir. 1992) the Seventh Circuit discussed principles that apply when there is a claim of improper joinder. "An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."

5.    Since **Poulos**, Districts Courts from this district and others within the Seventh Circuit have followed the guidelines set forth by the Seventh Circuit.

In **Lance v. Employers Fire Insurance Company**, 66 F.Supp. 2d 921 (C.D.IL. 1999), the District Court allowed a motion to remand noting that only when there was no possibility that a plaintiff could state a cause of action against non-diverse defendants in state court or if there had been outright fraud in the pleading of jurisdictional facts would a fraudulent joinder be found. 66 F.Supp. 2d at 923. The court went on to cite cases in addition to **Poulos** and found that even if there was "uncertainty" regarding whether the plaintiff could maintain a cause of action under Illinois law the court had to remand the case. 66 F.Supp. 2d at 924.

Similarly, the district court in **Credit Insurance Consultants, Inc. v. Gerling Global Reinsurance Corp. of America**, 2001 WL 114317 (N.D.IL.) allowed remand of

a case due to a lack of complete diversity when it found that a case that required an

"intricate analysis of state law is not so wholly insubstantial and frivolous that it may be

disregarded for purposes of diversity." The district court relied on **Batoff v. State Farm**

**Insurance**, 997 F.2nd 848, 853 (3rd. Cir. 1992).

     In **Regal Ware, Inc. v. Advanced Marketing Int's., Inc.**, 2006 WL 752899

(E.D. Wis.) the district court allowed a motion to remand for lack of complete diversity

relying upon **Poulos** and noted that the party claiming fraudulent joinder of a non-diverse

defendant had to establish, after resolution of all issues of law and fact in favor of the

plaintiff, there was no "reasonable possibility" that the plaintiff could have a cause of

action against the in-state defendant.

     6.    As stated above, Pneumo Abex has not even attempted in its notice of

removal to explain the alleged improper joinder of the Illinois Central.  Plaintiff's claim

against Illinois Central is based on negligence.  Would an Illinois state court find that

such a claim could proceed against the Illinois Central?  Attached as group Exhibit A are

some, but not all, of the orders that have been entered by trial courts over the last 14 years

denying motions to dismiss claims against the Illinois Central for negligent transport.  In

some instances the orders also reference denial of motions for summary judgment in

addition to motions to dismiss.  In many cases, not only do the orders reflect the presence

of the Illinois Central as a defendant in a Mc Lean County Circuit Court case, but also

that Pneumo Abex was a defendant in the case as well.

     Stated another way, plaintiffs who are exposed as a result of the same operations

alleged in this case, the operation of the Unarco asbestos plant in Bloomington, Illinois

between 1951 and 1972, have been successfully stating causes of action against the

Illinois Central for over 14 years.  In almost all of those cases, Pneumo Abex has also

been a defendant and was well aware at the time it filed its notice of removal that the

Circuit Courts had uniformly denied the motions to dismiss of Illinois Central brought in

the state court proceedings.

Not only have the trial courts allowed cases to proceed based upon a finding that a

cause of action was stated by the allegations in complaints identical to the allegations

made by Plaintiff in this case, the Illinois Central has resolved many of the cases (after

denial of its motion to dismiss and summary judgment) by settlement.  Attached as group

Exhibit B are some examples of orders approving settlements between the Illinois Central

and various plaintiffs in the Bloomington litigation for amounts ranging from $8,000 to

$25,000 in payment.

7.     The heavy burden upon Pneumo Abex in an assertion where complete

diversity is lacking that there was improper joinder of a defendant has not been met by

Defendant's mere statement of improper joinder.  Although the insufficiency of Pneumo

Abex's supplemental petition would be enough to require remand, the facts are that

Pneumo Abex knew at the time it removed that the co-Defendant which Pneumo Abex

alleges was improperly joined had had motions to dismiss identical claims routinely

denied for more than 10 years and had been paying monies in settlement for some of the

cases.

8.     The Illinois Central was not improperly joined as a Defendant.  The

Illinois Central in this court has filed a motion to dismiss, similar in substance to the

motions that it has routinely brought for the last 14 years in Mc Lean County Circuit

Court which have been denied.  The pendency of the motion to dismiss does not affect

Plaintiff's ability to have this case remanded for lack of complete diversity.  In the **Credit Insurance** matter, the defendants had also moved to dismiss.  As the district court noted in its decision, "if the state court dismisses the claims, perhaps these cases will return here, but that we leave to another day."  **Credit Insurance Consultants, Inc. v. Gerling Global Reinsurance Corp. of America**, 2001 WL 1143177 (N.D. Il).

WHEREFORE, Plaintiff requests this court enter an order remanding this case to the Circuit Court of Mc Lean County, State of Illinois due to the lack of subject matter jurisdiction in this court because of the absence of complete diversity.

CAROL DURBIN, Individually, and
As Special Administrator of the Estate of
DEWEY DURBIN, Deceased,

WALKER & WYLDER, LTD.
207 W. Jefferson St.
Suite 200
Bloomington, IL 61701
309/828-5044

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CAROL DURBIN, individually, and, | ) | |
| as Special Administrator of the | ) | |
| Estate of DEWEY DURBIN, | ) | |
| Deceased, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-CV-1037 |
| | ) | |
| PNEUMO ABEX CORPORATION, | ) | |
| PNEUMO ABEX LLC, OWENS- | ) | |
| ILLINOIS, INC., METROPOLITAN | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| HONEYWELL INTERNATIONAL, INC., | ) | |
| INC., and ILLINOIS CENTRAL | ) | |
| RAILROAD COMPANY, | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

Pursuant to the *Federal Rules of Civil Procedure, Rule 5(d)*, the undersigned attorney certifies that a true and correct copy of Plaintiff's Motion for Remand to State Court was served upon all attorneys of record in this legal matter by enclosing same in an envelope with proper postage prepaid, and prior to 5:00 pm on the 19th day of March, 2007, depositing said envelope in a United States Post Office mail box in Bloomington, Illinois, addressed as follows:

SWAIN HARSTHORN & SCOTT
Attorneys for Pneumo Abex LLC and
 Pneumo Abex Corporation
411 Hamilton Blvd., Suite 812
Peoria, IL 61602

SCHIFF HARDIN LLP
Attorneys for Owens-Illinois, Inc.
6600 Sears Tower
Chicago, IL 60606

KEHART, PECKART & BOOTH
Attorneys for Metropolitan Life Insurance
 Company
132 S. Water Street,  Suite 1100
Decatur, IL 62523

POLSINELLI SHALTON WELTE SUELTHAUS
Attorneys for Honeywell International, Inc.
100 S. Fourth Street, Suite 1100
St. Louis, MO 63102

GUNDLACH, LEE, EGGMAN, BOYLE &
 ROESSLER
Attorneys for Illinois Central
 Railroad Company
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

IN THE CIRCUIT COURT OF
THE ELEVENTH JUDICIAL CIRCUIT
McLEAN COUNTY, ILLINOIS

Brittin
_____
        Plaintiff

Owens-Corning Fiberglas, et al
_____
        Defendant

NO. 93-L-144

# ORDER

This cause coming on the Motion of the
ICRR ;
    The Court finds Counts 4 and 5 states a cause
of action for negligent transportation, but not
for occupancy of the premises,
Motion is allowed in part and denied in part,
~~Plaintiff allowed to file amended Counts~~
~~within them 21 days~~
~~and Defendant's response within~~
~~21 days thereafter.~~

                                    s/ Judge
                        _____
                                Judge

DATE____10 - 7____, 19 93

Name
Attorney for
Address
City
Telephone



STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

ORVILLE KIPER and BESSIE KIPER,      )
                                     )
              Plaintiffs,            )
                                     )
v.                                   )      Case No. 00 L 211
                                     )
ABEX CORPORATION, et al.,            )
                                     )
              Defendants.            )
                                     )
                                     )

**ORDER**

This cause having coming on for pre-trial hearing of pending motions on September 4, 6,

7, and 10, the court having orally announced its rulings and made record entries of its rulings on

Plaintiffs' various motions,

IT IS ORDERED:

1.       Plaintiffs' Motion in Limine is allowed as to Paragraphs 1, 2, 3, 4, 5, 6, and 8.

Plaintiffs withdraw Paragraph 7.

2.       Illinois Central's Motion for Summary Judgment and Motion to Dismiss are both

denied.

3.       Plaintiffs' Motion for Leave to File Supplemental Rule 237 Request requiring the

attendance of Steven Fasman at trial is allowed.

4.       As to Plaintiffs' Motion to Compel Pneumo Abex Corporation that portion of the

motion requesting further inquiry of deponent Peter Grace is denied.   The Motion to Compel is

allowed as to the portion of the motion requesting the last five annual reports of Pneumo Abex,

Defendant to produce those reports on or before September 19, at 9:00 a.m.  The portion of the

motion requesting Defendant produce documents regarding the amount Defendant has spent in

defense of the case is denied.  The portion of the motion requesting that Defendant produce

documents reflecting the number of asbestos containing products distributed by Defendant is

denied as unduly burdensome.  The portion of the motion requesting Defendant to produce

documents which would reveal the amount of insurance coverage which exists is allowed.

Pneumo Abex to produce such documents on or before September 19, at 9:00 a.m.  The portion

of the motion requesting documents reflecting or containing any agreements which would

indemnify Defendant and any documents which would evidence a demand that some entity

defend or indemnify Defendant is allowed.  Pneumo Abex to produce such documents on or

before September 19, at 9:00 a.m.

DATE: 9/17/01

s/ Judge

Circuit Judge

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

CATHERINE HENDRICKS, Special )
Administrator for the Estate of Robert )
Hendricks, deceased, )
                    )
          Plaintiff, )    Case No. 01 L 167
                    )
v. )
                    )
ABEX CORPORATION, PNEUMO ABEX )
CORPORATION, METROPOLITAN LIFE )
INSURANCE COMPANY, OWENS- )
ILLINOIS, INC., and ILLINOIS CENTRAL )
RAILROAD COMPANY, )
          Defendants.

## ORDER

Cause coming for hearing on Motions, parties by counsel,

IT IS ORDERED:

1.     Plaintiff's Motion in Limine is allowed as to paragraphs 1 through 7.

2.     Pneumo Abex's Motion in Limine to Exclude Evidence Relating to Owens-Corning, Owens-Illinois, and testimony of Dr. Konzen and Dr. Bender is denied.

3.     Pneumo Abex's Motion in Limine to Exclude Former Testimony Absent the Showing of Unavailability is denied.

4.     Pneumo Abex's Motion in Limine to Exclude Trial and Deposition Testimony Where Abex is not a party is denied.

5.     Pneumo Abex's Motion to Bifurcate Trial for Proof of Existence of Conspiratorial Agreement is withdrawn.

6.   Pneumo Abex's Motion in Limine to Exclude Evidence Relating to After-
Occurring Conduct is withdrawn.

7.   Metropolitan's Motion to Require Plaintiffs to Provide Designations is allowed as
to all parties.

8.   Metropolitan's Motion for Use of a Juror Questionnaire – ruling is reserved.

9.   Metropolitan's Motion for Pre-Trial Hearing on Authenticity and Admissibility of
Exhibits is denied.

10.   Metropolitan's Motion to Require the Names of Witnesses 48 Hours Prior to
Testimony is denied.

11.   Illinois Central's Motion to Dismiss pursuant to 2-615 is denied other than
subparagraph 11(b) is stricken.  Illinois Central to plead to Plaintiff's Amended Complaint
within __7__ days.

12.   Illinois Central's Motion for Summary Judgment is denied.

13.   On Illinois Central's Motion in Limine paragraphs 1, 2, 9, 10, 11, and 12 are
denied.  Paragraphs 14 and 27 are denied except Plaintiff is prohibited from arguing
responsibility or liability based upon ownership or lease.   Paragraphs 4, 7, 23, 26, 28, 29, and 30
are withdrawn.  Paragraph 8 is passed at the request of Defendant.  Paragraphs 3, 5, 6, 13, 17, 18,
19, 22 (as to Bloomington disease and illness), 24, and 25 are allowed.

14.   Pneumo Abex's Motion to Exclude Testimony of Dr. Castleman and
Metropolitan's Motion to Limit Testimony of Dr. Castleman are allowed as to any opinions by
Dr. Castleman on the ultimate issue of whether there was a conspiracy, concert of action,
agreement to suppress information, or common scheme.  The motions are otherwise denied as to
testimony from Dr. Castleman on state of the art.

15.     Metropolitan's Motion to Preclude the Reading of Ruff's Testimony is denied.

16.     Metropolitan's Motion to Preclude the Reading of Merrill's Testimony is denied.

17.     Metropolitan's Motion to Bar Testimony of Smith on the grounds of

unavailability is denied.

18.     Metropolitan's Motion titled Motion in Limine to Exclude the Proffered

Videotaped Testimony of William E. Smith will be addressed as the court goes through the

transcript.

19.     Metropolitan's Motion to Preclude the Reading of the Testimony of Konzen and

Bender is denied.

Dated: ___10 - 8 . 02___

s/ Judge
_____
JUDGE

STATE OF ILLINOIS                                  IN THE CIRCUIT COURT OF THE
COUNTY OF McLEAN                                   ELEVENTH JUDICIAL CIRCUIT

__Baer_____ )
        Plaintiff/Petitioner,      )
                                   )
          vs                       )          No. ___02 L 71___
                                   )
___ICRR_____ )
        Defendant/Respondent.      )

                                              FILED
                                              FEB 1 8 2003
                                              CIRCUIT CLERK

                        **ORDER**

_____Cause coming up for hearing on Illinois Central Railroad
Company's Motion to Dismiss, parties present by counsel and
the court being advised in the premises. IT IS ORDERED;_____

DATE: __Feb. 18, 2003__                        s/ Judge
                                               _____
                                               Judge

Name __Lisa Cormi__
Attorney for __TP__
Address

STATE OF ILLINOIS
COUNTY OF McLEAN

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT

Barnard
_____ )
          Plaintiff/Petitioner,     )
                                    )
vs                                  )
                                    )
Illinois Central                    )
_____ )
          Defendant/Respondent.  )

No. 02 L 189

FILED
McLEAN   MAY 3 0 2003   COUNTY
CIRCUIT CLERK

## ORDER

Illinois Central's Motion to Dismiss pursuant
to 5/2-619.1 denied. Illinois Central to Answer
complaint ~~within paragraph 4(h) of Clause 7 & 9~~
14, ~~section 15~~ ~~28 days~~

~~Illinois~~ ~~Motion~~ ~~to strike is~~
~~continued.~~ Illinois Central granted leave to amend
~~its complaint and for Motion to Strike~~
within ~~14 days. Plaintiff~~

DATE: 5-30-03

Name                Atty ___ for ICRR
Attorney for

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

LAUNITA BARNARD, Special    )
Administrator of the Estate  )
Of Oval Conder, Deceased,    )
And Special Administrator    )
Of the Estate of Helen       )
Condor, Deceased,            )
                             )
       Plaintiff,            )       Case No. 02 L 189
                             )
vs.                          )
                             )
PNEUMO ABEX CORPORATION, et al.,  )
                             )
       Defendants.           )

## ORDER

This cause having come on for hearing on defendant Illinois
Central Railroad Company's amended motion to strike and the
Court having reviewed the arguments and authorities filed by the
parties hereby finds as follows:

1.  That on June 12, 2003 the defendant Illinois Central
Railroad, moved to dismiss plaintiff's counts 7, 8, 9, 14 and 15
because the claims are preempted by federal law.

2.  The defendant suggests that the Federal Railroad Safety Act
(49 US Code sec 20101) preempts state law claims involving the
allegations contained in the plaintiff's complaint.  It is the
defendant's theory that a state cause of action may not proceed
when the Secretary of Transportation has issued regulations that
cover the subject matter of the lawsuit.

...ני 1 4 2003

railroad cars in general includes design.  This Court is
unwilling to make such an extension of the reasoning in the
<u>Cearley vs. General American Transportation Corporation</u> case.
Therefore, the motion to strike filed by Illinois Central
Railroad Company is denied.

Date ___11·12-03___    Enter ___s/ Judge___
                                Donald D. Bernardi
                                Circuit Judge

STATE OF ILLINOIS
COUNTY OF McLEAN

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT

_____ Hall _____ )
    Plaintiff/Petitioner, )
         )
       vs )
_____ Illinois Central _____ )
    Defendant/Respondent. )

No. _____ 97 L 47 _____

**FILED**

McLEAN    APR 0 3 2001    COUNTY

**CIRCUIT CLERK**

## ORDER

Cause coming for hearing on IC's Motion
for Summary Judgment of 2/99 and Motion for
Summary Judgment as to Counts 10 and 11 of
6/99 and Plaintiff's opposing parties by counsel
parties or resin counts 7, 8, 9, and 11 no longer
pend as to IC, IT IS ORDERED:
1. The motions are denied as to the remaining
counts 4, 5, 6 and 10.

DATE: _____ 4-3-01 _____

s/ Judge

Judge

Name _____ William H. _____
Attorney for
Address



**STATE OF ILLINOIS**
**COUNTY OF McLEAN**

**IN THE CIRCUIT COURT OF THE**
**ELEVENTH JUDICIAL CIRCUIT**
**FILED**

McLEAN                    COUNTY

**AUG 2 0 2004**

**CIRCUIT CLERK**

_Dukes_                                          )
       **Plaintiff/Petitioner,**        )
                       )
        **vs**                       )
                       )
_Illinois Central_                        )
    **Defendant/Respondent.**        )

No. _____

## ORDER

_Case coming for hearing on Illinois Central's_
_Motion to Dismiss pursuant to 2-615,_
_IT IS ORDERED:_
_1. The motion is denied in its entirety._

---

DATE: _____

_s/ Judge_
**Judge**

Name _____
Attorney for _____

STATE OF ILLINOIS
COUNTY OF McLEAN

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT

Watkins
_____ )
        Plaintiff/Petitioner,  )
                               )
          vs                   )      No. ___05 L 08___
                               )
Pneumo Abex, et al             )
_____ )
        Defendant/Respondent.  )

## ORDER

• Case coming for hearing on CMC,
IT IS ORDERED:
• 1. The trial setting of October 3, 2005 is vacated.

2. Plaintiff is given 21 days to file an amended
complaint. Defendants to answer within 14 days.

3. Trial is reset for January 9, 2005 at
9:00 am.

4. Further pretrial is set for January 3, 2005 at 10:00 or

5. Illinois Central's motion for summary judgment is denied

6. Pneumo Abex's motion to quash Rule 237
requests for Fosman, Verfield, and Tains is denied.

DATE: __9·30·05__

Name  Wylder  Plaintiff
Attorney for
Address       ? H Pneumo Abex,
City

s/ Judge
Judge _____

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF McLEAN

JUDITH BLESSING, Special Administrator of the )
Estate of Robert Blessing, Deceased, )
                   Plaintiff, )
            v. )  No. 05 L 158
PNEUMO ABEX CORPORATION, PNEUMO )
ABEX LLC, METROPOLITAN LIFE )
INSURANCE COMPANY, OWENS-ILLINOIS, )
INC., HONEYWELL INTERNATIONAL, INC., )
and ILLINOIS CENTRAL RAILROAD )
COMPANY, )
            Defendants. )

**FILED**
McLEAN  NOV 0 6 2006  COUNTY
CIRCUIT CLERK

## ORDER

Cause coming up on hearing for final pre-trial motions October 26-27, 2006,

parties present by counsel and the court being advised in the premises,

IT IS ORDERED:

1.    Honeywell's Motion for Summary Judgment is denied.

2.    Illinois Central's Motion for Summary Judgment is denied.

3.    Plaintiff's Motion to Strike Honeywell's affirmative defenses is allowed.

Honeywell to file any new affirmative defenses on or before 10/31/2006.

4.    On Plaintiff's Motion in Limine the rulings as to the paragraphs are as

follows:

        1)    Allowed.

        2)    Allowed.

        3)    Allowed.

        4)    Allowed.

        5)    Allowed.

6)    Allowed.

7)    Withdrawn.

8)    Allowed.

5.    Honeywell's Motion in Limine to Exclude All Post-Exposure Evidence of Contacts Between Alleged Co-Conspirators and Pneumo Abex's Motion to Exclude Post Exposure Evidence are denied.

6.    Honeywell's Motion To Utilize Jury Questionnaire at Trial is denied.

7.    Honeywell's Motion For Jury Instructions To Be Given Before Opening Statements is withdrawn.

8.    Honeywell's Motion To Exclude Konzen is denied.  Honeywell's Motion To Exclude Bender is denied.  Pneumo Abex's Motion In Limine To Exclude Evidence Relating To Owens Corning And Owens-Illinois Including Testimony Of Konzen And Bender is denied.  Pneumo Abex's Motion in Limine And Supporting Memorandum Of Law To Exclude The Former Testimony Of Witnesses Absent The Requisite Showing of Unavailability is denied.

9.    Honeywell's Motion to Bar Expert Opinion Testimony is allowed as to all parties and witnesses.

10.    Honeywell's Motion To Preclude Testimony Of Barry Castleman and Pneumo Abex's Motion to Exclude Testimony of Dr. Barry Castleman is denied.

11.    Abex's Motion for Leave to File Pre-Trial Motions and Motions in Limine is allowed.

12.    Honeywell and Pneumo Abex's Motion to Exclude Plaintiff's Alleged Conspiracy Exhibits For Lack of Authentication is passed.

13.  Honeywell and Pneumo Abex's Motion in Limine to Preclude Use Or Reference To Nolo Contendere Plea is denied.

14.  Honeywell and Pneumo Abex's Motion to Preclude Admission Of Hearsay Documents Against It In The Absence of Independent, Clear And Convincing Evidence Of The Conspiracy is denied.

15.  Honeywell's Motion To Prohibit Characterization as an "Asbestos Company" or as part of The "Asbestos Industry" is denied.

16.  Honeywell's Motion in Limine Concerning The Health And Safety Act And The Health And Safety Rules, Part J, Of The State Of Illinois, which Pneumo Abex joined orally, is denied.

17.  On Honeywell's Consolidated Motions In Limine the rulings as to the paragraphs are as follows:

  1)  Denied.

  2)  Passed.

  3)  Allowed except as to explain unavailability.

  4)  Denied.

  5)  Denied.

18.  Honeywell's Motion To Require Parties To Identify Witnesses And Exhibits 48 Hours In Advance is denied.

19.  Honeywell's Motion In Limine To Exclude (1) Plaintiffs' Counsels' Personal Opinions and Beliefs and (2) Evidence Relating To, And Verdicts From, Other Asbestos Lawsuits is denied.



20.    Honeywell's Motion In Limine To Exclude Any Evidence Or Reference To Defendant's Insurance Coverage is allowed.

21.    Honeywell's Motion In Limine to Exclude the "E.A. Martin Letter" and to Prevent Argument or Reference to The "E.A. Martin Letter" During Trial is denied.

22.    On Honeywell's Motion in Limine Re: Conduct At Trial the rulings as to the paragraphs are as follows:

      1)    Allowed.

      2)    Allowed.

      3)    Allowed.

      4)    Allowed.

      5)    Allowed, applies to all Defendants.

      6)    Allowed.

      7)    Denied.

      8)    Allowed.

      9)    Denied.

23.    Honeywell's Motion to Exclude Case Reports, Compilations of Case Reports And Opinion Testimony Based On Case Reports is denied.

24.    Pneumo Abex's Motion In Limine To Preclude Admission Into Evidence Of Plaintiff's Exhibits Against Pneumo Abex Unless The Originals Of The Exhibits Are Produced is passed.

25.    On Illinois Central's Motion in Limine the rulings as to the paragraphs are as follows:

      1)    Allowed.

2)   Denied except that no argument should be made that liability results from ownership.

3)   Allowed.

4)   Allowed.

5)   Allowed.

6)   Denied.

7)   Denied.

8)   Denied.

9)   Allowed.

10)   Allowed as to ICRR, reserved as to Pneumo Abex.

11)   The words "family circumstances of the plaintiff, including. . ." are stricken.  The remainder of the paragraph is allowed as to Illinois Central.

12)   Denied except no argument can be made that liability results from the lessor-lessee agreement.

13)   Denied.

14)   Denied.

15)   Denied.

16)   That portion of paragraph 16 concerning settlement or resolution of claims is allowed as to Illinois Central.

17)   Allowed.

18)   Allowed.

19)   Withdrawn.

20)   Denied.

21)   Withdrawn.

22)   Withdrawn.

23)    Allowed.

24)    Withdrawn.

26.    Honeywell Motion to Quash 237 of Cote is allowed.  Honeywell Motion to Quash 237 of Hannah is denied.  Honeywell Motion to Quash 237 of Koss is denied.

27.    Abex Motion to Quash 237 of Taub is allowed.  Abex Motion to Quash 237 of Kenfield is denied.  Abex Motion to Quash 237 of Fasman is denied.

28.    Defendants to file written responses by 11/3 to Plaintiff's Supplemental Motion in Limine.

29.    Pneumo Abex' s Motion In Limine And Memo Re: Admissibility of Pneumo Abex's Transfer of Assets is allowed as to paragraphs 2 and 3 and denied as to paragraph 1 of the motion as agreed orally on the record

Dated: _____ 11/6/06 _____          s/ Judge
                                    Circuit Judge

ORDER.ICR/95L88/sc

## STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### COUNTY OF MC LEAN

DEBRA S. BRITTIN, Individually, and as )
Special Administrator of the Estate )
of MARK E. BRITTIN, Deceased, )
)
    Plaintiff, )
)
v. )    No. 95 L 88
)
ILLINOIS CENTRAL RAILROAD COMPANY, )
ABEX CORPORATION, METROPOLITAN LIFE )
INSURANCE COMPANY, PITTSBURGH-CORNING )
CORPORATION, and OWENS-ILLINOIS, INC. )
)
    Defendants. )

### ORDER

On the oral motion of Plaintiff and Defendant, Illinois Central
Railroad Company, all parties present by counsel, the Court finds:

    a)   the proposed settlement between Plaintiff and Illinois
Central Railroad Company for $8,000 is made in good faith within the
meaning of the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01;

    b)   the following proposed allocation of the proceeds from that
settlement has been made in good faith:

| | |
|---|---|
| Debra Brittin, Individually | $2,666.66 |
| Debra Brittin, as Special Administrator of the Estate of Mark Brittin, deceased, regarding the Estate's Claim for damages which survive | $2,666.66 |
| Debra Brittin, as Special Administrator of the Estate of Mark Brittin, deceased, for damages for wrongful death | $2,666.67 |

IT IS HEREBY ORDERED that the settlement with Illinois Central
Railroad Company is approved and the allocation of that settlement as
set forth above is approved.

DATE: _Arenst 20 1998_     _s/ Judge_

ORDER.ICR/97L204/ec

## STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
#### COUNTY OF MC LEAN

MARY SHERER, Individually, and as   )
Special Administrator for the   )
Estate of Lowell Sherer, deceased,   )
   Plaintiff,   )
   )
v.   )   No. 97 L 204
   )
OWENS CORNING FIBERGLAS CORPORATION,)
et al.,   )
   Defendants.   )

**FILED**
**JUN 1 9 2001**
McLEAN COUNTY
**CIRCUIT CLERK**

### ORDER

On the motion of Plaintiff, parties present by counsel, the Court finds:

a)   the proposed settlement between Plaintiff and Illinois Central Railroad Company for $10,000 is made in good faith within the meaning of the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01;

b)   the following proposed allocation of the proceeds from that settlement has been made in good faith:

| | |
|---|---|
| Mary Sherer, Individually | $3,333.33 |
| Mary Sherer, as Special Administrator of the Estate of Lowell Sherer, deceased, regarding the Estate's Claim for damages which survive | $3,333.33 |
| Mary Sherer, as Special Administrator of the Estate of Lowell Sherer, deceased, for damages for wrongful death | $3,333.34 |

IT IS HEREBY ORDERED that the settlement with Illinois Central Railroad Company is approved and the allocation of that settlement as set forth above is approved.

DATE: 6-19-01

s/ Judge
Circuit Judge

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

RUTH BYRD, Special Administrator for the )
Estate of William Byrd, deceased, and )
DAYMON ROOF, Special Administrator for )
the Estate of James Roof, deceased, )
                                     )
              Plaintiffs, )    Case No. 00 L 217
                                     )
v. )
                                     )
UNITED STATES GYPSUM COMPANY, et )
al., )
              Defendants. )

## ORDER

On motion of Plaintiff, Daymon Roof, parties present by counsel, the court finds:

    a)    the proposed settlement between Plaintiff and Illinois Central Railroad Company

for $10,000.00 is made in good faith within the meaning of the Joint Tortfeasor Contribution

Act, 740 ILCS 100/0.01;

    b)    the following proposed allocation of the proceeds from that settlement has been

made in good faith:

> Daymon Roof, as Special Administrator
> of the Estate of James Roof, deceased, regarding
> the Estate's claim for damages which survive    $5,000.00
>
> Daymon Roof, as Special Administrator
> of the Estate of James Roof, deceased, for
> damages for wrongful death    $5,000.00

DATE: October 15 , 2002.    s/ Judge

                                        CIRCUIT JUDGE

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF MC LEAN

STAN HALL, Administrator for the Estate of )
Delmar Hall, deceased, and VERLA HALL,   )
                                          )
        Plaintiffs,                  )
                                          )
v.                                        )     Case No. 97 L 47
                                          )
OWENS CORNING FIBERGLAS                   )
CORPORATION, et al.,                      )
                                          )
        Defendants.                  )

**FILED**
McLEAN COUNTY
MAY 0 8 2002
**CIRCUIT CLERK**

On the motion of Plaintiff, parties present by counsel, the court finds:

a)     the proposed settlement between Plaintiff and Illinois Central Railroad Company

for $25,000.00 is made in good faith within the meaning of the Joint Tortfeasor Contribution

Act, 740 ILCS 100/0.01.

DATE: _5·8·02_

_Wylder Plaintiff_

_law suby — ICRR_

_s/ Judge_
_____
Circuit Judge



# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF McLEAN

JUDITH BLESSING, Special Administrator of the )
Estate of Robert Blessing, Deceased,           )
                       Plaintiff,                     )
             v.                                )  No. 05 L 158
PNEUMO ABEX CORPORATION, PNEUMO               )
ABEX LLC, METROPOLITAN LIFE                    )
INSURANCE COMPANY, OWENS-ILLINOIS,             )
INC., HONEYWELL INTERNATIONAL, INC.,           )
and ILLINOIS CENTRAL RAILROAD                  )
COMPANY,                                       )
                   Defendants.                    )

**FILED**
**McLEAN COUNTY**
**NOV 0 7 2006**
**CIRCUIT CLERK**

## ORDER

On motion of Plaintiff, parties present by counsel, the court finds:

a)    the proposed settlement between Plaintiff and Illinois Central Railroad

Company for $10,000.00 is made in good faith within the meaning of the Joint Tortfeasor

Contribution Act, 740 ILCS 100/0.01;

b)    the following proposed allocation of the proceeds from that settlement has

been made in good faith and approved over the objections of Honeywell:

| | |
|---|---|
| Judith Blessing, Individually | $3,333.33 |
| Judith Blessing, as Special Administrator of the Estate of Robert Blessing, deceased, regarding the Estate's Claim for damages which survive | $3,333.33 |
| Judith Blessing, as Special Administrator of the Estate of Robert Blessing, deceased, for damages for wrongful death | $3,333.34 |

DATE: _11-2-06_           s/ Judge

                                     CIRCUIT JUDGE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

MAR 1 9 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN NUSSBAUM and ROXY NUSSBAUM,<br>          Plaintiffs,<br><br>v.<br><br>PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., INC., and ILLINOIS CENTRAL RAILROAD COMPANY,<br>          Defendants. | )<br>)<br>)<br>)<br>)  No. 07-CV-1038.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR REMAND TO STATE COURT

Plaintiffs move this court for an order remanding this case to the Circuit Court of the Eleventh Judicial Circuit, Mc Lean County, State of Illinois, and state as follows:

1.      Pneumo Abex Corporation and Pneumo Abex LLC filed a notice of removal on February 20, 2007. The notice failed to contain consents from all Defendants nor was it clear from the notice the basis of Pneumo Abex's notice. It appeared that Pneumo Abex Corporation and Pneumo Abex LLC (hereafter "Pneumo Abex") were relying on diversity, but it was not stated in the notice.

2.      On March 5, 2007, a supplemental notice of removal was filed by Pneumo Abex. The consents of the co-Defendants were attached. In the supplemental notice as reflected in the consents, Pneumo Abex admitted that one of the Defendants, Illinois Central Railroad (hereafter "Illinois Central"), is an Illinois Corporation. Nonetheless

**EX 6**

Pneumo Abex asserted removal was appropriate based upon diversity because, according to Pneumo Abex, the Illinois Central was "improperly joined."

3.   Nowhere in its notice of removal or supplemental notice of removal did Pneumo Abex ever even attempt to explain or support its claim of improper joinder as to the Illinois Central, an Illinois Corporation from the same state as Plaintiffs.

4.   In **Poulos v. Nass Foods, Inc.**, 959 F.2d 69, 73 (7th Cir. 1992) the Seventh Circuit discussed principles that apply when there is a claim of improper joinder. "An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."

5.   Since **Poulos**, Districts Courts from this district and others within the Seventh Circuit have followed the guidelines set forth by the Seventh Circuit.

In **Lance v. Employers Fire Insurance Company**, 66 F.Supp. 2d 921 (C.D.IL. 1999), the District Court allowed a motion to remand noting that only when there was no possibility that a plaintiff could state a cause of action against non-diverse defendants in state court or if there had been outright fraud in the pleading of jurisdictional facts would a fraudulent joinder be found. 66 F.Supp. 2d at 923. The court went on to cite cases in addition to **Poulos** and found that even if there was "uncertainty" regarding whether the plaintiff could maintain a cause of action under Illinois law the court had to remand the case. 66 F.Supp. 2d at 924.

Similarly, the district court in **Credit Insurance Consultants, Inc. v. Gerling Global Reinsurance Corp. of America**, 2001 WL 114317 (N.D.IL.) allowed remand of

a case due to a lack of complete diversity when it found that a case that required an "intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity." The district court relied on **Batoff v. State Farm Insurance**, 997 F.2d 848, 853 (3rd. Cir. 1992).

In **Regal Ware, Inc. v. Advanced Marketing Int's., Inc.,** 2006 WL 752899 (E.D. Wis.) the district court allowed a motion to remand for lack of complete diversity relying upon **Poulos** and noted that the party claiming fraudulent joinder of a non-diverse defendant had to establish, after resolution of all issues of law and fact in favor of the plaintiff, there was no "reasonable possibility" that the plaintiff could have a cause of action against the in-state defendant.

6.    As stated above, Pneumo Abex has not even attempted in its notice of removal to explain the alleged improper joinder of the Illinois Central. Plaintiffs' claim against Illinois Central is based on negligence. Would an Illinois state court find that such a claim could proceed against the Illinois Central? Attached as group Exhibit A are some, but not all, of the orders that have been entered by trial courts over the last 14 years denying motions to dismiss claims against the Illinois Central for negligent transport. In some instances the orders also reference denial of motions for summary judgment in addition to motions to dismiss. In many cases, not only do the orders reflect the presence of the Illinois Central as a defendant in a Mc Lean County Circuit Court case, but also that Pneumo Abex was a defendant in the case as well.

Stated another way, plaintiffs who are exposed as a result of the same operations alleged in this case, the operation of the Unarco asbestos plant in Bloomington, Illinois between 1951 and 1972, have been successfully stating causes of action against the

Illinois Central for over 14 years. In almost all of those cases, Pneumo Abex has also

been a defendant and was well aware at the time it filed its notice of removal that the

Circuit Courts had uniformly denied the motions to dismiss of Illinois Central brought in

the state court proceedings.

Not only have the trial courts allowed cases to proceed based upon a finding that a

cause of action was stated by the allegations in complaints identical to the allegations

made by Plaintiffs in this case, the Illinois Central has resolved many of the cases (after

denial of its motion to dismiss and summary judgment) by settlement. Attached as group

Exhibit B are some examples of orders approving settlements between the Illinois Central

and various plaintiffs in the Bloomington litigation for amounts ranging from $8,000 to

$25,000 in payment.

7.     The heavy burden upon Pneumo Abex in an assertion where complete

diversity is lacking that there was improper joinder of a defendant has not been met by

Defendant's mere statement of improper joinder. Although the insufficiency of Pneumo

Abex's supplemental petition would be enough to require remand, the facts are that

Pneumo Abex knew at the time it removed that the co-Defendant which Pneumo Abex

alleges was improperly joined had had motions to dismiss identical claims routinely

denied for more than 10 years and had been paying monies in settlement for some of the

cases.

8.     The Illinois Central was not improperly joined as a Defendant. The

Illinois Central in this court has filed a motion to dismiss, similar in substance to the

motions that it has routinely brought for the last 14 years in Mc Lean County Circuit

Court which have been denied. The pendency of the motion to dismiss does not affect

Plaintiffs' ability to have this case remanded for lack of complete diversity.  In the **Credit Insurance** matter, the defendants had also moved to dismiss.  As the district court noted in its decision, "if the state court dismisses the claims, perhaps these cases will return here, but that we leave to another day."  **Credit Insurance Consultants, Inc. v. Gerling Global Reinsurance Corp. of America**, 2001 WL 1143177 (N.D. Il).

WHEREFORE, Plaintiffs request this court enter an order remanding this case to the Circuit Court of Mc Lean County, State of Illinois due to the lack of subject matter jurisdiction in this court because of the absence of complete diversity.

ALAN NUSSBAUM and ROXY
NUSSBAUM, Plaintiffs,

WALKER & WYLDER, LTD.
207 W. Jefferson St.
Suite 200
Bloomington, IL 61701
309/828-5044

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ALAN NUSSBAUM and ROXY )
NUSSBAUM, )
          Plaintiffs, )
                         )
v. )  No. 07-CV-1038
                         )
PNEUMO ABEX CORPORATION, )
PNEUMO ABEX LLC, OWENS- )
ILLINOIS, INC., METROPOLITAN )
LIFE INSURANCE COMPANY, )
HONEYWELL INTERNATIONAL, INC., )
INC., and ILLINOIS CENTRAL )
RAILROAD COMPANY, )
          Defendants. )

## CERTIFICATE OF SERVICE

      Pursuant to the *Federal Rules of Civil Procedure, Rule 5(d)*, the undersigned attorney certifies that a true and correct copy of Plaintiff's Motion for Remand to State Court was served upon all attorneys of record in this legal matter by enclosing same in an envelope with proper postage prepaid, and prior to 5:00 pm on the 19th day of March, 2007, depositing said envelope in a United States Post Office mail box in Bloomington, Illinois, addressed as follows:

SWAIN HARSTHORN & SCOTT
Attorneys for Pneumo Abex LLC and
 Pneumo Abex Corporation
411 Hamilton Blvd., Suite 812
Peoria, IL 61602

SCHIFF HARDIN LLP
Attorneys for Owens-Illinois, Inc.
6600 Sears Tower
Chicago, IL 60606

KEHART, PECKART & BOOTH
Attorneys for Metropolitan Life Insurance
 Company
132 S. Water Street, Suite 1100
Decatur, IL 62523

POLSINELLI SHALTON WELTE SUELTHAUS
Attorneys for Honeywell International, Inc.
100 S. Fourth Street, Suite 1100
St. Louis, MO 63102

GUNDLACH, LEE, EGGMAN, BOYLE &
 ROESSLER
Attorneys for Illinois Central
 Railroad Company
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560

IN THE CIRCUIT COURT OF

THE ELEVENTH JUDICIAL CIRCUIT

McLEAN COUNTY, ILLINOIS

Brittin
**Plaintiff**

Owens-Corning Fiberglas, et al
**Defendant**

NO. 93-L-144

## ORDER

This cause coming on the Motion of the
ICRR;

The Court finds Counts 4 and 5 states a cause
of action for negligent transportation, but not
for occupancy of the premises.

Motion is allowed in part and denied in part.

~~Plaintiff allowed to file amended Counts~~

~~4, 5, within 21 days~~

~~~~

~~7 days thereafter~~

s/ Judge

Judge

DATE____10-7____, 19 93

Name

Attorney for

Address

City

Telephone

Group

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

ORVILLE KIPER and BESSIE KIPER,       )
                                      )
            Plaintiffs,               )
                                      )
v.                                    )      Case No. 00 L 211
                                      )
ABEX CORPORATION, et al.,             )
                                      )
            Defendants.               )      **F I L E D**
                                      )
                                      )      McLEAN   SEP 1 7 2001   COUNTY

**ORDER**

CIRCUIT CLERK

This cause having coming on for pre-trial hearing of pending motions on September 4, 6, 7, and 10, the court having orally announced its rulings and made record entries of its rulings on Plaintiffs' various motions,

IT IS ORDERED:

1.      Plaintiffs' Motion in Limine is allowed as to Paragraphs 1, 2, 3, 4, 5, 6, and 8. Plaintiffs withdraw Paragraph 7.

2.      Illinois Central's Motion for Summary Judgment and Motion to Dismiss are both denied.

3.      Plaintiffs' Motion for Leave to File Supplemental Rule 237 Request requiring the attendance of Steven Fasman at trial is allowed.

4.      As to Plaintiffs' Motion to Compel Pneumo Abex Corporation that portion of the motion requesting further inquiry of deponent Peter Grace is denied.   The Motion to Compel is allowed as to the portion of the motion requesting the last five annual reports of Pneumo Abex, Defendant to produce those reports on or before September 19, at 9:00 a.m.  The portion of the

motion requesting Defendant produce documents regarding the amount Defendant has spent in defense of the case is denied. The portion of the motion requesting that Defendant produce documents reflecting the number of asbestos containing products distributed by Defendant is denied as unduly burdensome. The portion of the motion requesting Defendant to produce documents which would reveal the amount of insurance coverage which exists is allowed. Pneumo Abex to produce such documents on or before September 19, at 9:00 a.m. The portion of the motion requesting documents reflecting or containing any agreements which would indemnify Defendant and any documents which would evidence a demand that some entity defend or indemnify Defendant is allowed. Pneumo Abex to produce such documents on or before September 19, at 9:00 a.m.

DATE: 9/17/01

s/ Judge

Circuit Judge

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF MC LEAN

CATHERINE HENDRICKS, Special )
Administrator for the Estate of Robert )
Hendricks, deceased, )
      )
           Plaintiff, )    Case No. 01 L 167
      )
v. )
      )
ABEX CORPORATION, PNEUMO ABEX )
CORPORATION, METROPOLITAN LIFE )
INSURANCE COMPANY, OWENS- )
ILLINOIS, INC., and ILLINOIS CENTRAL )
RAILROAD COMPANY, )
           Defendants.

## ORDER

Cause coming for hearing on Motions, parties by counsel,

IT IS ORDERED:

1.     Plaintiff's Motion in Limine is allowed as to paragraphs 1 through 7.

2.     Pneumo Abex's Motion in Limine to Exclude Evidence Relating to Owens-Corning, Owens-Illinois, and testimony of Dr. Konzen and Dr. Bender is denied.

3.     Pneumo Abex's Motion in Limine to Exclude Former Testimony Absent the Showing of Unavailability is denied.

4.     Pneumo Abex's Motion in Limine to Exclude Trial and Deposition Testimony Where Abex is not a party is denied.

5.     Pneumo Abex's Motion to Bifurcate Trial for Proof of Existence of Conspiratorial Agreement is withdrawn.

6.      Pneumo Abex's Motion in Limine to Exclude Evidence Relating to After-Occurring Conduct is withdrawn.

7.      Metropolitan's Motion to Require Plaintiffs to Provide Designations is allowed as to all parties.

8.      Metropolitan's Motion for Use of a Juror Questionnaire – ruling is reserved.

9.      Metropolitan's Motion for Pre-Trial Hearing on Authenticity and Admissibility of Exhibits is denied.

10.     Metropolitan's Motion to Require the Names of Witnesses 48 Hours Prior to Testimony is denied.

11.     Illinois Central's Motion to Dismiss pursuant to 2-615 is denied other than subparagraph 11(b) is stricken. Illinois Central to plead to Plaintiff's Amended Complaint within ___7___ days.

12.     Illinois Central's Motion for Summary Judgment is denied.

13.     On Illinois Central's Motion in Limine paragraphs 1, 2, 9, 10, 11, and 12 are denied. Paragraphs 14 and 27 are denied except Plaintiff is prohibited from arguing responsibility or liability based upon ownership or lease. Paragraphs 4, 7, 23, 26, 28, 29, and 30 are withdrawn. Paragraph 8 is passed at the request of Defendant. Paragraphs 3, 5, 6, 13, 17, 18, 19, 22 (as to Bloomington disease and illness), 24, and 25 are allowed.

14.     Pneumo Abex's Motion to Exclude Testimony of Dr. Castleman and Metropolitan's Motion to Limit Testimony of Dr. Castleman are allowed as to any opinions by Dr. Castleman on the ultimate issue of whether there was a conspiracy, concert of action, agreement to suppress information, or common scheme. The motions are otherwise denied as to testimony from Dr. Castleman on state of the art.

15.    Metropolitan's Motion to Preclude the Reading of Ruff's Testimony is denied.

16.    Metropolitan's Motion to Preclude the Reading of Merrill's Testimony is denied.

17.    Metropolitan's Motion to Bar Testimony of Smith on the grounds of unavailability is denied.

18.    Metropolitan's Motion titled Motion in Limine to Exclude the Proffered Videotaped Testimony of William E. Smith will be addressed as the court goes through the transcript.

19.    Metropolitan's Motion to Preclude the Reading of the Testimony of Konzen and Bender is denied.

Dated: ___10 - 8 - 02___

s/ Judge

**JUDGE**

Wylder – PI
Scott – Pneumo Abex
Rakoczy – Met Life
____ for I CARO

STATE OF ILLINOIS
COUNTY OF McLEAN

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT

_____Baer_____  )
                  Plaintiff/Petitioner,  )
                                         )
           vs                            )    No. _____02 L 71_____
                                         )
_____ICRR_____  )
                  Defendant/Respondent.  )

FILED
FEB 18 2003
McLEAN COUNTY
CIRCUIT CLERK

## ORDER

Cause coming up for hearing on Illinois Central Railroad Company's Motion to Dismiss, parties present by counsel and the court being advised in the premises, IT IS ORDERED;

~~_____~~

DATE: Feb. 18, 2003

s/ Judge
/ Judge

Name Lisa Lormir
Attorney for IP
Address
City Mark King I CRR

STATE OF ILLINOIS
COUNTY OF McLEAN

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT

Barnard
_____ )
          Plaintiff/Petitioner, )
                              )
          vs                  )    No. 02 L 189
                              )
Illinois Central              )
_____ )
          Defendant/Respondent. )

FILED
MAY 3 0 2003
McLEAN COUNTY
CIRCUIT CLERK

## ORDER

Illinois Central's Motion to Dismiss pursuant
to 5/2-619.1 denied. Illinois Central to answer
~~complaint~~ ~~the paragraph 9(b) of Counts 7 & 9~~
~~14, and at 28~~

~~Illinois~~ ~~Motion to Strike is~~
~~mentioned. Illinois Central granted leave to amend~~
~~Motion to Strike~~
within ~~Plaintiff~~

DATE: 5-30-03                    s/ Judge
                                 _____
                                 Judge
Name        John Daley for ICRK
Attorney for
Address
City

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

LAUNITA BARNARD, Special        )
Administrator of the Estate     )
Of Oval Conder, Deceased,       )
And Special Administrator       )
Of the Estate of Helen          )
Condor, Deceased,               )
                              • )
    Plaintiff,                   )        Case No. 02 L 189
                                 )
vs.                              )
                                 )
PNEUMO ABEX CORPORATION, et al., )
                                 )
    Defendants.                  )

## ORDER

This cause having come on for hearing on defendant Illinois

Central Railroad Company's amended motion to strike and the

Court having reviewed the arguments and authorities filed by the

parties hereby finds as follows:

1.  That on June 12, 2003 the defendant Illinois Central

Railroad, moved to dismiss plaintiff's counts 7, 8, 9, 14 and 15

because the claims are preempted by federal law.

2.  The defendant suggests that the Federal Railroad Safety Act

(49 US Code sec 20101) preempts state law claims involving the

allegations contained in the plaintiff's complaint.  It is the

defendant's theory that a state cause of action may not proceed

when the Secretary of Transportation has issued regulations that

cover the subject matter of the lawsuit.

NOV 1 4 2003

railroad cars in general includes design. This Court is

unwilling to make such an extension of the reasoning in the

Cearley vs. General American Transportation Corporation case.

Therefore, the motion to strike filed by Illinois Central

Railroad Company is denied.

Date __11·12-03__    Enter __s/ Judge_____
                              Donald D. Bernardi
                              Circuit Judge

STATE OF ILLINOIS
COUNTY OF McLEAN

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT

_____Hall_____ )
Plaintiff/Petitioner, )
)
vs )
)
____Illinois Central____ )
Defendant/Respondent. )

No. _____97L47_____

FILED

APR 0 3 2001

McLEAN COUNTY CIRCUIT CLERK

**ORDER**

Cause coming for hearing on IC's Motion
for Summary Judgment of 2/99 and Motion for
Summary Judgment as to Counts 10 and 11 of
6/99 and Plaintiff's opposing, parties by counsel,
parties or resin counts 7, 8, 9, and 11 no longer
pend as to IC, IT IS ORDERED
1. The motions are denied as to the remaining
counts 4, 5, 6 and 10.

DATE: ____4-3-01____

Name ____Wulff, Hl.____
Attorney for
Address
City

s/ Judge
Judge

STATE OF ILLINOIS
COUNTY OF McLEAN

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT

**FILED**

McLEAN                    COUNTY

**AUG 2 0 2004**

**CIRCUIT CLERK**

Dukes
_____  )
     Plaintiff/Petitioner,  )
                            )
         vs                 )
                            )
Illinois Central           )
_____  )
     Defendant/Respondent.  )

No. _____

## ORDER

Case coming for hearing on Illinois Central's
Motion to Dismiss pursuant to 2-615,
IT IS ORDERED:
1. This motion is denied in its entirety.

_____

DATE: _____

Name _____
Attorney for _____
Address _____
City

s/ Judge
_____
**Judge**

STATE OF ILLINOIS
COUNTY OF McLEAN

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT

Watkins )
      Plaintiff/Petitioner, )
        )
     vs )
        )
Pneumo Abex, et al )
      Defendant/Respondent. )

No. 05 L 08

## ORDER

Case coming for hearing on CMC,
IT IS ORDERED:

1. The trial setting of October 3, 2005 is vacated.

2. Plaintiff is given 21 days to file an amended complaint. Defendants to answer within 14 days.

3. Trial is reset for January 9, 2006 at 9:00 am.

4. Further pretrial is set for January 3, 2006 at 10:00 am.

5. Illinois Central's motion for summary judgment is denied.

6. Pneumo Abex's motion to quash Rule 237 requests for Fosman, Venfield, and Taub is denied.

DATE: 9·30·05

Name Wylder Plaintiff
Attorney for
Address   3ott Pneumo Abex,
City
Telephone   MKing - ICRR

s/ Judge
Judge

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF McLEAN


JUDITH BLESSING, Special Administrator of the )
Estate of Robert Blessing, Deceased, )
                        Plaintiff, )
          v. )   No. 05 L 158
PNEUMO ABEX CORPORATION, PNEUMO )
ABEX LLC, METROPOLITAN LIFE )
INSURANCE COMPANY, OWENS-ILLINOIS, )
INC., HONEYWELL INTERNATIONAL, INC., )
and ILLINOIS CENTRAL RAILROAD )
COMPANY, )
               Defendants. )

**FILED**
McLEAN COUNTY
NOV 0 6 2006
CIRCUIT CLERK

## ORDER

      Cause coming up on hearing for final pre-trial motions October 26-27, 2006,

parties present by counsel and the court being advised in the premises,

      IT IS ORDERED:

      1.    Honeywell's Motion for Summary Judgment is denied.

      2.    Illinois Central's Motion for Summary Judgment is denied.

      3.    Plaintiff's Motion to Strike Honeywell's affirmative defenses is allowed.

Honeywell to file any new affirmative defenses on or before 10/31/2006.

      4.    On Plaintiff's Motion in Limine the rulings as to the paragraphs are as

follows:

            1)    Allowed.

            2)    Allowed.

            3)    Allowed.

            4)    Allowed.

            5)    Allowed.

6)      Allowed.

7)      Withdrawn.

8)      Allowed.

5.      Honeywell's Motion in Limine to Exclude All Post-Exposure Evidence of Contacts Between Alleged Co-Conspirators and Pneumo Abex's Motion to Exclude Post Exposure Evidence are denied.

6.      Honeywell's Motion To Utilize Jury Questionnaire at Trial is denied.

7.      Honeywell's Motion For Jury Instructions To Be Given Before Opening Statements is withdrawn.

8.      Honeywell's Motion To Exclude Konzen is denied. Honeywell's Motion To Exclude Bender is denied. Pneumo Abex's Motion In Limine To Exclude Evidence Relating To Owens Corning And Owens-Illinois Including Testimony Of Konzen And Bender is denied. Pneumo Abex's Motion in Limine And Supporting Memorandum Of Law To Exclude The Former Testimony Of Witnesses Absent The Requisite Showing of Unavailability is denied.

9.      Honeywell's Motion to Bar Expert Opinion Testimony is allowed as to all parties and witnesses.

10.     Honeywell's Motion To Preclude Testimony Of Barry Castleman and Pneumo Abex's Motion to Exclude Testimony of Dr. Barry Castleman is denied.

11.     Abex's Motion for Leave to File Pre-Trial Motions and Motions in Limine is allowed.

12.     Honeywell and Pneumo Abex's Motion to Exclude Plaintiff's Alleged Conspiracy Exhibits For Lack of Authentication is passed.

13.    Honeywell and Pneumo Abex's Motion in Limine to Preclude Use Or Reference To Nolo Contendere Plea is denied.

14.    Honeywell and Pneumo Abex's Motion to Preclude Admission Of Hearsay Documents Against It In The Absence of Independent, Clear And Convincing Evidence Of The Conspiracy is denied.

15.    Honeywell's Motion To Prohibit Characterization as an "Asbestos Company" or as part of The "Asbestos Industry" is denied.

16.    Honeywell's Motion in Limine Concerning The Health And Safety Act And The Health And Safety Rules, Part J, Of The State Of Illinois, which Pneumo Abex joined orally, is denied.

17.    On Honeywell's Consolidated Motions In Limine the rulings as to the paragraphs are as follows:

     1)    Denied.

     2)    Passed.

     3)    Allowed except as to explain unavailability.

     4)    Denied.

     5)    Denied.

18.    Honeywell's Motion To Require Parties To Identify Witnesses And Exhibits 48 Hours In Advance is denied.

19.    Honeywell's Motion In Limine To Exclude (1) Plaintiffs' Counsels' Personal Opinions and Beliefs and (2) Evidence Relating To, And Verdicts From, Other Asbestos Lawsuits is denied.

20.     Honeywell's Motion In Limine To Exclude Any Evidence Or Reference To Defendant's Insurance Coverage is allowed.

21.     Honeywell's Motion In Limine to Exclude the "E.A. Martin Letter" and to Prevent Argument or Reference to The "E.A. Martin Letter" During Trial is denied.

22.     On Honeywell's Motion in Limine Re: Conduct At Trial the rulings as to the paragraphs are as follows:

        1)      Allowed.

        2)      Allowed.

        3)      Allowed.

        4)      Allowed.

        5)      Allowed, applies to all Defendants.

        6)      Allowed.

        7)      Denied.

        8)      Allowed.

        9)      Denied.

23.     Honeywell's Motion to Exclude Case Reports, Compilations of Case Reports And Opinion Testimony Based On Case Reports is denied.

24.     Pneumo Abex's Motion In Limine To Preclude Admission Into Evidence Of Plaintiff's Exhibits Against Pneumo Abex Unless The Originals Of The Exhibits Are Produced is passed.

25.     On Illinois Central's Motion in Limine the rulings as to the paragraphs are as follows:

        1)      Allowed.

2)   Denied except that no argument should be made that liability results from ownership.

3)   Allowed.

4)   Allowed.

5)   Allowed.

6)   Denied.

7)   Denied.

8)   Denied.

9)   Allowed.

10)   Allowed as to ICRR, reserved as to Pneumo Abex.

11)   The words "family circumstances of the plaintiff, including. . ." are stricken.  The remainder of the paragraph is allowed as to Illinois Central.

12)   Denied except no argument can be made that liability results from the lessor-lessee agreement.

13)   Denied.

14)   Denied.

15)   Denied.

16)   That portion of paragraph 16 concerning settlement or resolution of claims is allowed as to Illinois Central.

17)   Allowed.

18)   Allowed.

19)   Withdrawn.

20)   Denied.

21)   Withdrawn.

22)   Withdrawn.

23)   Allowed.

24)   Withdrawn.

26.   Honeywell Motion to Quash 237 of Cote is allowed.  Honeywell Motion to Quash 237 of Hannah is denied.  Honeywell Motion to Quash 237 of Koss is denied.

27.   Abex Motion to Quash 237 of Taub is allowed.  Abex Motion to Quash 237 of Kenfield is denied.  Abex Motion to Quash 237 of Fasman is denied.

28.   Defendants to file written responses by 11/3 to Plaintiff's Supplemental Motion in Limine.

29.   Pneumo Abex' s Motion In Limine And Memo Re: Admissibility of Pneumo Abex's Transfer of Assets is allowed as to paragraphs 2 and 3 and denied as to paragraph 1 of the motion as agreed orally on the record.

Dated: ___11/6/06___                        s/ Judge
                                                            Circuit Judge

ORDER.ICR/95L88/ec

## STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### COUNTY OF MC LEAN

| | | |
|---|---|---|
| DEBRA S. BRITTIN, Individually, and as Special Administrator of the Estate of MARK E. BRITTIN, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 95 L 88 |
| ILLINOIS CENTRAL RAILROAD COMPANY, ABEX CORPORATION, METROPOLITAN LIFE INSURANCE COMPANY, PITTSBURGH-CORNING CORPORATION, and OWENS-ILLINOIS, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

On the oral motion of Plaintiff and Defendant, Illinois Central Railroad Company, all parties present by counsel, the Court finds:

a)   the proposed settlement between Plaintiff and Illinois Central Railroad Company for $8,000 is made in good faith within the meaning of the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01;

b)   the following proposed allocation of the proceeds from that settlement has been made in good faith:

| | |
|---|---|
| Debra Brittin, Individually | $2,666.66 |
| Debra Brittin, as Special Administrator of the Estate of Mark Brittin, deceased, regarding the Estate's Claim for damages which survive | $2,666.66 |
| Debra Brittin, as Special Administrator of the Estate of Mark Brittin, deceased, for damages for wrongful death | $2,666.67 |

IT IS HEREBY ORDERED that the settlement with Illinois Central Railroad Company is approved and the allocation of that settlement as set forth above is approved.

DATE: _August 20, 1998_   Group

s/ Judge
_____
Circuit Judge

ORDER.ICR/97L204/ec

## STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### COUNTY OF MC LEAN

MARY SHERER, Individually, and as )
Special Administrator for the )
Estate of Lowell Sherer, deceased, )
    Plaintiff, )
     )
    v. )    No. 97 L 204
     )
OWENS CORNING FIBERGLAS CORPORATION,)
et al., )
    Defendants. )

**FILED**
McLEAN  JUN 1 9 2001  COUNTY
CIRCUIT CLERK

### ORDER

On the motion of Plaintiff, parties present by counsel, the Court finds:

a)   the proposed settlement between Plaintiff and Illinois Central Railroad Company for $10,000 is made in good faith within the meaning of the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01;

b)   the following proposed allocation of the proceeds from that settlement has been made in good faith:

| | |
|---|---|
| Mary Sherer, Individually | $3,333.33 |
| Mary Sherer, as Special Administrator of the Estate of Lowell Sherer, deceased, regarding the Estate's Claim for damages which survive | $3,333.33 |
| Mary Sherer, as Special Administrator of the Estate of Lowell Sherer, deceased, for damages for wrongful death | $3,333.34 |

IT IS HEREBY ORDERED that the settlement with Illinois Central Railroad Company is approved and the allocation of that settlement as set forth above is approved.

DATE:  6-19-01

s/ Judge
Circuit Judge

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

RUTH BYRD, Special Administrator for the )
Estate of William Byrd, deceased, and )
DAYMON ROOF, Special Administrator for )
the Estate of James Roof, deceased, )
                                 )
        Plaintiffs, )    Case No. 00 L 217
                                 )
v. )
                                 )
UNITED STATES GYPSUM COMPANY, et )
al., )
        Defendants. )

## ORDER

On motion of Plaintiff, Daymon Roof, parties present by counsel, the court finds:

    a)      the proposed settlement between Plaintiff and Illinois Central Railroad Company

for $10,000.00 is made in good faith within the meaning of the Joint Tortfeasor Contribution

Act, 740 ILCS 100/0.01;

    b)      the following proposed allocation of the proceeds from that settlement has been

made in good faith:

        Daymon Roof, as Special Administrator
        of the Estate of James Roof, deceased, regarding
        the Estate's claim for damages which survive    $5,000.00

        Daymon Roof, as Special Administrator
        of the Estate of James Roof, deceased, for
        damages for wrongful death    $5,000.00

DATE: October 15 , 2002.    s/ Judge
                                   **CIRCUIT JUDGE**

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF MC LEAN

STAN HALL, Administrator for the Estate of )
Delmar Hall, deceased, and VERLA HALL, )
                                  )

        Plaintiffs,            )

v.                             )   Case No. 97 L 47

OWENS CORNING FIBERGLAS )
CORPORATION, et al., )
                                    )

        Defendants.

**FILED**

MAY 0 8 2002

MCLEAN COUNTY CIRCUIT CLERK

On the motion of Plaintiff, parties present by counsel, the court finds:

    a)      the proposed settlement between Plaintiff and Illinois Central Railroad Company

for $25,000.00 is made in good faith within the meaning of the Joint Tortfeasor Contribution

Act, 740 ILCS 100/0.01.

DATE: 5·8·02

_s/ Judge_
                 Circuit Judge

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF McLEAN

JUDITH BLESSING, Special Administrator of the )
Estate of Robert Blessing, Deceased, )
                Plaintiff, )
      v. )  No. 05 L 158
PNEUMO ABEX CORPORATION, PNEUMO )
ABEX LLC, METROPOLITAN LIFE )
INSURANCE COMPANY, OWENS-ILLINOIS, )
INC., HONEYWELL INTERNATIONAL, INC., )
and ILLINOIS CENTRAL RAILROAD )
COMPANY, )
          Defendants. )

**FILED**
McLEAN  NOV 0 7 2006  COUNTY
**CIRCUIT CLERK**

## ORDER

On motion of Plaintiff, parties present by counsel, the court finds:

a)    the proposed settlement between Plaintiff and Illinois Central Railroad

Company for $10,000.00 is made in good faith within the meaning of the Joint Tortfeasor

Contribution Act, 740 ILCS 100/0.01;

b)    the following proposed allocation of the proceeds from that settlement has

been made in good faith and approved over the objections of Honeywell:

| | |
|---|---|
| Judith Blessing, Individually | $3,333.33 |
| Judith Blessing, as Special Administrator of the Estate of Robert Blessing, deceased, regarding the Estate's Claim for damages which survive | $3,333.33 |
| Judith Blessing, as Special Administrator of the Estate of Robert Blessing, deceased, for damages for wrongful death | $3,333.34 |

DATE: 11-7-06

s/ Judge
**CIRCUIT JUDGE**

Wisdom PJ
OK for HW