# MDL 875

## DOCKET NO. 875
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

This document relates to the following case:

*Robert L. Reeves v. Afton Pumps, Inc., et al.*
**United States District Court for the Southern District of Mississippi, Southern Division**
**Civil Action No. 1:07CV141WJG**

---

## FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION'S
## RESPONSE TO PLAINTIFF'S MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER

---

### INTRODUCTION:

Defendants Ford Motor Company (Ford) and General Motors Corporation (GM) file their

response to Plaintiff's Motion to Vacate the Conditional Transfer Order (Motion) entered by the

Clerk of the Panel on April 27, 2007 (CTO-276).   On July 29, 1991, the Judicial Panel on

Multidistrict Litigation ("MDL") ordered that all federal "personal injury or wrongful death asbestos

actions not yet in trial" be transferred to the United States District Court for the Eastern District of

Pennsylvania for consolidated and coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407.

*In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, 771 F. Supp. 415, 422

& 424 (J.P.M.L.1991). Plaintiff does not dispute that this case falls within the scope of the MDL

Panel's transfer order. Instead, Plaintiff objects to transfer because he believes, incorrectly, that

transfer will not promote the efficient resolution of the case. In fact, this exact scenario was what the

asbestos MDL court was designed for. *See In re Asbestos Products Liability Litigation* (No. VI),

MDL Docket No. 875, 771 F. Supp. at 417 (stating that the establishment of an asbestos MDL court

is warranted because such "centralization under § 1407 in the Eastern District of Pennsylvania will

OFFICIAL FILE COPY
IMAGED JUN 7 2007

best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation).

Additionally, Plaintiff relies exclusively on the fact that a motion to remand remains pending before the transferor district court. However, this Panel has explicitly rejected this argument on numerous prior occasions.[1]  In its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket."[2] In fact, such a motion is better situated before the MDL court because the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings, which furthers judicial economy and eliminates the potential for conflicting pre-trial rulings.[3]  Accordingly, the Panel should deny Plaintiff's Motion to Vacate the Conditional Transfer Order and enter a final order transferring this case to the MDL court.

Plaintiff, apparently for good measure, reproduces much of his basis for remand in the motion to vacate the CTO. Consequently, much of Ford and GM's response is reproduced below.

---

[1] *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Feb. 16, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C).

[2] *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875,771 F.Supp. 415 (J.P.M.L. 1991)).

[3] *See e.g., In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good* v. *Prudential Ins. Co., 5* F. Supp. 2d 804, 809 (N.D. Cal. *1998);In re Air Crash Disaster off Long Island, NY*, 965 F. Supp. 5, 7 (S.D. N. Y. 1997).

2

## DISCUSSION:

### A Pending Motion to Remand Does Not Support a Motion to Vacate a Conditional Transfer Order.

Plaintiff's opposition to transfer is based upon Plaintiff's pending motion to remand, which is currently before the transferor district court. Plaintiff apparently believes that because the transferor court has not ruled on Plaintiff's incorrect challenge to federal diversity jurisdiction, this Panel does not have the power to effectuate a transfer to the MDL court. However, this Panel has explicitly rejected this argument. *See In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, 1996 WL 143826, *1(J.P.M.L. Oct. 18, 1996); *In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, at 1 n.l (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C). In fact, in its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis for "carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos*

*Products Liability Litigation* (No. VI), MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)). As the Panel observed, "Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest." *In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A). The Panel has repeatedly held the pendency of a motion to remand cannot defeat transfer because "jurisdictional and remand motions can be presented to and decided by the transferee judge." *In re Bridgestone/Firestone, Inc.,* 2000 WL 33416573, at *1-2 (J.P.M.L. Oct. 24, 2000).[4]

## FEDERAL DIVERSITY JURISDICTION EXISTS

Ford and GM understand Plaintiff wants to cast the argument according to his whims, but he has no basis in law for doing so. In his Motion, Plaintiff repeats his claim that Defendants allege fraud in the pleadings.  Defendants have never alleged fraud in the pleadings. What Defendants do allege is that there is no reasonable basis for predicting liability on the part of Industrial Rubber & Specialty ("Ind. Rubber") because it is immunized under Mississippi law as an innocent seller. This is the essence of an improper joinder claim and naming it improper

---

[4] *See also In re Wireless Telephone Replacement Protection Programs Lit.,* 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (stating same);  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 2002 WL 31108228, *1 (J.P.M.L. Mar. 4, 2002) (same); *In re Waste Mgmt., Inc. Sec. Litig.,* 177 F. Supp. 2d 1373, 1374 (J.P.M.L. 2002) (same); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (same); *In re StarLink Corn Prods. Liab Litig.,* 152 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001 ("plaintiffs' objection to Section 1407 transfer based upon the pendency of motions to remand their actions is also unpersuasive"); *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.,* 2001 WL 253115, *1 (J.P.M.L. Feb. 23, 2001) (stating same).

joiner is "more consistent with the statutory language than the term 'fraudulent joinder'." *Smallwood v. Illinois C. R. Co.*, 385 F.3d 568 n.1 (5th Cir. 2004).

Plaintiff consistently attempts to mislead the Court in the proper standard for improper joinder, which is that there "is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 572 (explaining that "no possibility of recovery" means no reasonable basis to predict liability against the resident defendant). Plaintiff's Motion cites *Green v. Amerada Hess*, 707 F.2d 201 (5th Cir. 1983) and *Griggs v. State Farm*, 181 F.3d 694 (5th Cir. 1999) in support for his contention that the proper standard is "absolutely no possibility" that Plaintiff can establish liability. Griggs confirms that the Court must "determine whether there is any reasonable basis for predicting that [plaintiff] might be able to establish liability" against the resident defendant. 181 F.3d 694, 699 (5th Cir. 1999). Try as he may, the case law simply does not support what Plaintiff argues.

Plaintiff does not apprize the Court of law contradicting his position. In *Travis v. Irby*, the Court underwent a thorough analysis of the genesis of the insertion "absolutely no" into the possibility test and found it is "fairly recent." 326 F.3d 644, 647 (5th Cir. 2003). "It was first used in *Green v. Amerada Hess* with no indication that any change in the law was indicated. Cases prior to that time stated the test using 'reasonable basis' language without requiring a showing 'absolutely no possibility' of recovery." *Id.* The Court goes on to cite *Badon v. RJR Nabisco, Inc.*, which rejected the notion that "any mere theoretical possibility of recovery under local law-no matter how remote or fanciful-precludes removal." Defendants argument regarding the standard for improper joinder is well-settled and supported by the case law. See *Ross v. Citifinancial, Inc.*,

344 F.3d 458, 462 (5th Cir. 2003) ("there must be a reasonable possibility of recovery, not merely a theoretical one").

## PLAINTIFF'S PLEADING IS INSUFFICIENT UNDER MISSISSIPPI LAW

Plaintiff accepts that *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So.2d 493 requires asbestos lawsuits to contain basic core information. Rather than suggesting how Plaintiff's complaint complies with Mangialardi, Plaintiff simply says this is a different situation. Plaintiff has sued over 60 defendants covering an exposure period of almost 60 years (1934 to 1980). The only resident defendant was in business for the last 8 of those 60 years (1972 to 1980, see Memorandum in Support of Response by Defendants Ford Motor Company and General Motors Corporation in Opposition To Plaintiff's Emergency Motion to Remand, attached as Exhibit D). Plaintiff has not alleged where he worked during those last 8 years or what products he was exposed to during those last 8 years. He makes no allegations against any specific products supplied by Ind. Rubber, during any specific time period, at any specific work site as required by Mississippi law. Consequently, Plaintiff has no reasonable possibility of recovery against resident defendant for the further reason that the complaint does not comply with Mississippi law based on the allegations of the pleadings at the time of removal.

## IND. RUBBER IS IMMUNIZED FROM LIABILITY UNDER MISSISSIPPI LAW

Ind. Rubber's answer affirmatively alleges that it is immunized under Mississippi law. See Ind. Rubber's Answer attached as Exhibit E, 36th Defense, p. 21. Plaintiff's complaint contains no specific allegations against Ind. Rubber as a company that designs, tests, manufactures, packages, or labels products. The only specific allegation is that Ind. Rubber supplied and/or installed asbestos-containing products. Under Miss. Code Ann. §11-1-63 (h), Ind. Rubber is immunized as

an innocent seller or mere conduit of other defendants' products.  There is no factual basis in the complaint to remove Ind. Rubber from that protection, e.g. that Ind. Rubber had actual or constructive knowledge that the products it supplied over 30 years ago were defective.  Plaintiff contends that Ford and GM are speculating as to Ind. Rubber's immunity, but again, to the extent Plaintiff is correct, it is because the complaint is deficient under Mississippi law.  It is well-settled in the 5th Circuit that asbestos-containing products are not defective as a matter of law. *See Gideon v. Johns-Manville Sales Corp.,* 761 F.2d 1129 (5th Cir. 1985) (stating "[w]e have refused to hold asbestos products inherently dangerous"); *Cimino v. Raymark Industries, Inc.,* 151 F.3d 297, 331 (5th Cir. 1998) (applying its own precedent to a Texas case when stating "[w]e have held that not all asbestos-containing finished products are defective or unreasonably dangerous") [Emphasis Added].  There simply is no factual basis for concluding that Plaintiff has any reasonable possibility of establishing liability against Ind. Rubber.

## CONCLUSION

Based on the foregoing, Plaintiffs motion to vacate should be summarily denied, and the Panel should enter a final order transferring this case to the MDL court.

Ford and GM request that the Judicial Panel on Multidistrict Litigation deny Plaintiff's Motion to Vacate the Conditional Transfer Order and transfer this case to the United States District Court for the Eastern District of Pennsylvania.

Submitted, this the 4th day of June, 2007.

GENERAL MOTORS CORPORATION
FORD MOTOR COMPANY

Joseph G. Baladi (MSB No. 100286)

7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 6 2007

FILED
CLERK'S OFFICE

Of Counsel:

Joseph G. Baladi
Watkins & Eager PLLC
P. O. Box 650
Jackson, MS 39205
Telephone:  (601) 965-1900
Facsimile:  (601) 965-1901

## CERTIFICATE OF SERVICE

I, Joseph G. Baladi, do hereby certify that I have caused to be served via United States Mail, postage prepaid, a true and correct copy of the above and foregoing to:

William B. Kirksey
KIRKSEY & ASSOCIATES
Suite 100-M, Heritage Building
401 E. Capitol Street
Jackson, Mississippi 39201

Charles W. Branham, III
SIMON, EDDINS & GREENSTONE LLP
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204

Brian P. Barrow
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802

And all known counsel of record via e-service.

This the 4th day of June, 2007.

Joseph G. Baladi

2007 JUN -5 A 10: 41

PANEL ON

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 6 2007

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS | |
| LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |

**This Document Relates To:**
**ROBERT L. REEVES vs.**
**AFTON PUMPS, INC.; ET AL.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT L. REEVES** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 1:07CV141** |
| **AFTON PUMPS, INC.; ET AL.** | **DEFENDANTS** |

---

### PROOF OF SERVICE

---

I, Joseph G. Baladi, certify that all counsel as named on the attached Panel Service List has

been served a true and correct copy of Ford Motor Company and General Motors Corporation's

Response to Plaintiff's Motion to Vacate Conditional Transfer Order via United States Mail.

Respectfully submitted,

WATKINS & EAGER PLLC

Joseph G. Baladi (MSB 100286)

I declare under penalty of perjury, under the laws of the State of Mississippi that the above is

true and correct.

Executed this 6th day of June, 2007, at Jackson, Mississippi.

Shirley M Cook

My commission expires
March 18, 2008

**PANEL SERVICE LIST (Excerpted from CTO-276)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Robert L. Reeves v. Afton Pumps, Inc., et al.*, S.D. Mississippi, C.A. No. 1:07-141

Joseph G. Baladi
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Brian P. Barrow
Simon, Eddins & Greenstone, LLP
301 E. Ocean Boulevard
Suite 1950
Long Beach, CA 90802

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Butler, Snow, O'Mara, Stevens
& Cannada, PLLC
P.O. Box 22567
Jackson, MS 39225-2567

Nathaniel A. Bosio
Dogan & Wilkinson, PLLC
P.O. Box 1618
734 Dalmas Ave
Pascagoula, MS 39568-1618

Stefan G. Bourn
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Charles W. Branham, III
Simon Eddins & Greenstone
3232 McKinney Avenue  Suite 610
Dallas, TX 75204

Byron N. Brown, IV
Wyatt, Tarrant & Combs, LLP
1715 Aaron Brenner Drive
The Renaissance Center, Suite 800
Memphis, TN 38120-4367

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39533-1377

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Michael Jason Clayton
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Richard M. Crump
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Jessica B. DeGroote
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O Box 22608
Jackson, MS 39225-2608

Adam K. Draney
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Jeffrey Pierce Fultz
Beason Willingham, LLP
The Neils Emperson Building
808 Travis, Suite 1608
Houston, TX 77002

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Michael D. Goggans
Page, Mannino, Peresich & McDermott
P.O. Box 16450
Jackson, MS 39236-6450

Samuel D. Habeeb
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Jonathan P. Hilbun
Montgomery, Barnett, Brown,
Read, et al.
1100 Poydras St.
3200 Energy Centre
New Orleans, LA 70163-3200

James Gordon House III
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

PANEL SERVICE LIST (Excerpted from CTO-276) - MDL-875                 Page 2 of 2

Laurie J. Hutching
Duncan Courington & Rydberg, LLC
400 Poydras Street, Suite 1200
New Orleans, LA 70130

Faye M. James
Wilkins Stephens & Tipton.
P. O. Box 13429
Jackson, MS 39236-3429

Katherine V. Kemp
Holcomb Dunbar PA
P.O. Drawer 707
Oxford, MS 38655-0707
William B. Kirksey
Kirksey & Associates
401 E. Capitol Street at Congress
Suite 100-M
P.O. Box 33
Jackson, MS 39205-0033

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

Clinton W. Moody
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building, Suite 100
Jackson, MS 39201-4099

Kyle S. Moran
Phelps Dunbar, LLP
NorthCourt One, Suite 300
2304 19th Street
Gulfport, MS 39501

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Donald C. Partridge
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Simine Bazyari Reed
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Fl.
Los Angeles, CA 90025

William F. Selph, III
Simon Peragine Redfearn & Watson
1200 Washington Avenue, Suite A
Ocean Springs, MS 39564

Joseph A. Sherman
Bruini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Frances L. Spinelli
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mary W. Van Slyke
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

PANEL SERVICE LIST (Excerpted from CTO-276) - MDL-875        Page 3 of 3

Thomas E. Vaughn
Vaughn, Boweden & Wooten
P.O. Drawer 240
Gulfport, MS 39502-0240

Rose Marie Wade
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich
& McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 6 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 9 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

*Flinn James, et al. v. International Paper Co., et al.*, S.D. Mississippi, C.A. No. 1:01-556
*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, W.D. Pennsylvania, C.A. No. 2:02-304

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending, respectively, in the Southern District of Mississippi and the Western District of Pennsylvania. Movants seek to vacate the Panel's orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

*Judge Sear took no part in the decision of this matter.

[1] Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the

(continued...)

DEFENDANT'S
EXHIBIT

A



COPY IMAGED AUG 1 2 '02

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Plaintiffs in the Western District of Pennsylvania action (*Huber*) seek to exclude *Huber* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries. They urge that *Huber* instead deals exclusively with violations of common law, statutory law and the professional duties owed by defendant lawyers to plaintiff clients whom the lawyers previously represented in state court asbestos personal injury litigation. We are not confident that plaintiffs' claims regarding the caliber of their legal representation can be redressed without an examination of the merits of their underlying personal injury claims, matters which place *Huber* within the purview of MDL-875. Transfer is therefore necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket with respect to such matters as the structuring of settlements, settlement funding, and settlement administration. Finally, we note that the named plaintiffs are already parties to previously transferred MDL-875 actions that remain pending in the transferee district. Thus any inconveniences associated with Section 1407 transfer should be minimal.

We note that under Judge Weiner's stewardship, as of July 24, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,190 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

(...continued)
conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN* AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

*John Todd v. Porter-Hayden Co., et al., D. Delaware, C.A. No. 1:01-234*
*Clyde Bowman, et al. v. Armstrong World Industries, Inc., et al., D. Delaware, C.A. No. 1:01-318*
*James C. Turner, et al. v. Anchor Packing Co., et al., E.D. Louisiana, C.A. No. 2:01-2767*
*Rodney W. Schamerhorn, etc. v. United States Dept. of Army, W.D. Louisiana, C.A. No. 2:01-914*
*Lowell Abbott, Jr., et al. v. Metropolitan Life Insurance Co., et al., E.D. Missouri, C.A. No. 4:01-1299*
*Cam L. Atkins, et al. v. A.P. Green Services, Inc., et al., S.D. West Virginia, C.A. No. 2:01-781*

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in six District of Delaware, Eastern District of Louisiana, Western District of Louisiana, Eastern District of Missouri and Southern District of West Virginia actions. Movants seek to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the

---

*Judges Selya and Jensen took no part in the decision of this matter with respect to the Eastern District of Louisiana and Eastern District of Missouri actions. Judge Motz also took no part in the decision of this matter with respect to the Eastern District of Louisiana action.



DEFENDANT'S
EXHIBIT
B

IMAGED FEB 20 '02

- 2 -

transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Nor are we persuaded by the arguments of the plaintiffs in the District of Delaware and Southern District of West Virginia actions. These parties seek to exclude their three actions from transfer on the ground that the actions do not specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district: whether asbestos personal injury settlement agreements negotiated by the Center for Claims Resolution (CCR) create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing.

Finally, we note that under Judge Weiner's stewardship, as of February 1, 2002, i) over 71,000 actions have been closed in the transferee district, and ii) over 1100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable

---

[1]Plaintiffs in certain actions have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: '1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5 R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does no in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly those courts wishing to address such motions have adequate time in which to do so, those courts concluding tha such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfe in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATIO

APR 1 8 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Weldon R. Moake, et al. v. Reynolds Metals Co.,* S.D. Texas, C.A. No. 4:00-4226

## BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.M.L., 192 F.R.D. 459, 468-6 (2000), by plaintiffs in the subject action pending in the Southern District of Texas (*Moake*) requesting that the Panel vacate the portion of its order conditionally transferring *Moake* to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in the docket before Judge Charles R. Weiner.

On the basis of the papers filed and the hearing held, the Panel finds that *Moake* involves commo questions of fact with actions in this litigation previously transferred to the Eastern District Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in t coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience the parties and witnesses and promote the just and efficient conduct of the litigation. We find that trans of the action is appropriate for reasons expressed by the Panel in its original decision in this docl directing centralization of all pending federal court actions not then in trial involving allegations personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbes Products Liability Litigation (No. VI),* 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in Panel's original decision distinctions based on such matters as the pendency of motions or other matt before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condit

---

[1] Plaintiffs in *Moake* have argued that transfer should be denied or deferred in order to permit the resolu of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommo such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the P hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.M.L., *supra,* 192 F.R.D. at expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders pretrial proceedings in the district court in which the action that is the subject of the conditional transfer ord (continue





DEFENDANT'S
EXHIBIT

- 2 -

of any specific federal district, the stage of pretrial proceedings,[2] the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel. We note that under Judge Weiner's stewardship, as of March 31, 2001, i) nearly 67,000 actions have been closed in the transferee district, and ii) over 1,100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders inclusion of *Moake* in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 192 F.R.D. at 470-72. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Weldon* Moake, et al. v. Reynolds Metals Co., S.D. Texas, C.A. No. 4:00-4226, is hereby transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

(...continued)
pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address motions have adequate time in which to do so, those courts concluding that such issues should be addressed by transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without unnecessary interruption or delay.

[2]Plaintiffs in *Moake* have argued that, by virtue of a summary judgment previously entered in favor of the defendant in the action, *Moake* falls outside the scope of Section 1407, which authorizes the Panel to transfer for pretrial proceedings. We note that all parties to *Moake* agree that the Texas Supreme Court's ruling in an Texas asbestos personal injury case necessitates vacatur of the *Moake* court's order dismissing the action's defendant. There is also no dispute that additional pretrial proceedings will be forthcoming, including disc and dispositive motions. In light of this agreed upon state of affairs in the action, it is clear that the *Moake* c previously entered "final judgment" is merely a matter of form that should not prevent the action's transfer Section 1407. Plaintiffs' argument that the case has been adjudicated on the merits is especially unpersuas light of plaintiffs' own motion, filed after the aforementioned Texas Supreme Court decision, requesting the court to vacate its dismissal order.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**ROBERT L. REEVES**                                                  **PLAINTIFF**

**VS.**                                                   **CASE NO. 1:07-cv-141**

**AFTON PUMPS, INC., ET AL**                             **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF RESPONSE BY DEFENDANTS FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO REMAND

### I. INTRODUCTION

Defendants Ford Motor Company (Ford) and General Motors Corporation (GM) removed this action because complete diversity exists between all parties who are properly joined and served. Plaintiff's Emergency Motion to Remand should be denied because: 1) the resident defendant is immunized against liability by Miss. Code Ann. §11-1-63 making it impossible to have a reasonable basis for predicting that plaintiff might establish liability against the resident defendant; 2) plaintiff has not provided a factual basis for the contention that resident defendant had any knowledge of a product defect as required by the Mississippi Products Liability Act; 3) plaintiff has not stated what resident defendant did wrong to the plaintiff, when resident defendant committed the wrong, or where resident defendant committed the wrong as required by Mississippi law; and 4) all properly joined and served defendants have joined in the Notice of Removal.

### II. STATEMENT OF FACTS

This action was filed in the Circuit Court of Jackson County, Mississippi, seeking damages allegedly arising from exposure to asbestos. Plaintiff alleges the following: he is a citizen of Jackson



County, Industrial Rubber & Specialty (Industrial Rubber) is a Mississippi resident, Peerless Supply Company of Mississippi, Inc., (Peerless) is a Mississippi Resident, and the remaining defendants are foreign corporations who retain their principal places of business in states other than Mississippi. Ford and GM removed this action alleging improper joinder of Industrial Rubber. The presence of the improperly joined resident defendant - Industrial Rubber - should be disregarded for federal diversity jurisdiction purposes. See Burden v. General Dynamics Corp., 60 F.3d 213, 218 (5th Cir. 1995). Peerless is not considered for removal purposes because, by plaintiff's own admission, Peerless has not been served. See plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Remand (Memo), attached as Exhibit A, p. 2. The plain language of 28 U.S.C. § 1441(b) indicates that a party must be "properly joined *and served*" to be an obstacle to removal. See Ott v. Consolidated Freightways Corp. Of Delaware, 213 F.Supp.2d 662 (S.D.Miss. 2002). Therefore, the presence of Peerless is disregarded for federal diversity jurisdiction purposes.

Plaintiff's Complaint alleges exposure to asbestos-containing products manufactured by non-resident defendant and supplied by resident defendant. See Complaint, a copy of which is attached as Exhibit B, at ¶ 36. Plaintiff's Complaint merely states that Industrial Rubber "supplied and/or installed asbestos-containing" materials. Id.

### III. Legal Standard for Improper Joinder

Contrary to plaintiff's claims in his Memo, Defendants do not have the "even heavier" burden of proving fraudulent joinder by proving there is "absolutely no possibility" of stating a claim against Industrial Rubber. See plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Remand, attached as Exhibit A, p. 2. Defendants are not alleging fraudulent joinder, and plaintiff's attempt to transform the argument is directly contrary to 5th Circuit

2

precedent regarding improper joinder.  One can establish improper joinder by proving fraud in the pleadings *or* an inability of the plaintiff to establish a cause of action against the non-diverse defendant. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).  Therefore, Defendants do not have to meet the fraudulent joinder burden, as plaintiff claims, that there is absolutely no possibility of recovery against the resident defendant. See plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Remand, attached as Exhibit A, p. 4. Defendants merely allege that Industrial Rubber is improper joined because plaintiff cannot establish a cause of action against Industrial Rubber under Mississippi law.

Under the doctrine of improper joinder, in determining whether there is complete diversity, a court must disregard the citizenship of those defendants where "there is *no reasonable basis* for predicting that plaintiffs might establish liability . . . against the in-state defendants." Badon v. RJR Nabisco Inc., 224 F.3d 382, 393 (5th Cir. 2000) [emphasis added].  Accord, Burden v. General Dynamics Corp., 60 F.3d 213, 217-18 (5th Cir. 1995); Rezulin I, 133 F. Supp. 2d 272, 279-80 & n.4 (S.D.N.Y. 2001) (standard for improper joinder is whether there "is 'no reasonable basis' for predicting liability on the claims alleged"). The standard for improper joinder is not one of "'no possibility' [because] . . . there always would be a 'possibility'. . . [that would] permit the plaintiff to prevail." Rezulin I, 133 F. Supp. 2d at 280 n.4. The United States Court of Appeals for the Fifth Circuit has held that a mere theoretical or hypothetical possibility of recovery against an in-state defendant "no matter how remote or fanciful" is not enough to prevent removal of a case on the grounds of improper joinder.  Badon v. BJR Nabisco Inc., 236 F.3d 282, 287 n.4 (5th Cir. 2000).

At a minimum, there must be a "reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Central

Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004). "Where the plaintiff's complaint is devoid any

factual allegations suggesting a basis for recovery against a particular defendant, there can be no

ground for concluding that a claim has been stated." Addison v. Allstate Ins. Co., 58 F.Supp.2d 771,

776 (S.D.Miss. 2002) citing Doe v. Cloverleaf Mall, 829 F.Supp. 866 (S.D.Miss.1993). Conclusory

allegations of wrongdoing on the part of non-diverse defendants are not sufficient to show that the

defendant was properly joined. Badon v. RJR Nabisco, Inc., 224 F.3d 382, 392-93 (5th Cir.2000).

### IV.  Mississippi Products Liability Act

**A.      Miss. Code Ann. § 11-1-63 Immunizes Innocent Sellers Unless the Seller Had Knowledge**

The legislature's express intent in passing Miss. Code Ann. § 11-1-63 was to "immunize

innocent sellers who are not actively negligent, but instead are mere conduits of a product." Miss.

Code Ann. § 11-1-63(h).  An innocent seller may be held liable, but only if plaintiff proves the seller

had actual or constructive knowledge about the alleged danger. Miss. Code Ann. § 11-1-63(h)

provides in part: "[T]he seller of a product other than the manufacturer shall not be liable unless...the

seller had actual or constructive knowledge of the defective condition of the product at the time he

supplied the product."

**B.      The Amended Complaint Contains No Factual Allegations Supporting a Claim Against the Resident Defendant**

The only allegation plaintiff makes against Industrial Rubber is that it "supplied and/or

installed asbestos-containing" materials.  Complaint at ¶ 36, attached as Exhibit B. Plaintiff's

allegation can prove no more than that the resident defendants were "mere conduits of a product."

Simply alleging that one is a supplier or seller of products does not state a cognizable claim against

the resident defendant under Mississippi law because the legislature expressly immunized innocent

4

sellers. <u>Miss. Code Ann</u>. § 11-1-63(h).

Plaintiff alleges that Defendants have misread Mississippi law, but he fails to state how Defendants have misread the law. <u>See</u> plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Remand, attached as Exhibit A, p. 7. Further, plaintiff claims Defendants must present facts showing that Industrial Rubber did not exercise substantial control over the design, testing, manufacture, packaging, or labeling of the product. <u>Id</u>. Defendants do not have to present facts to rebut allegations that are not made. The Complaint makes no allegations that Industrial Rubber designed, tested, manufactured, packaged, labeled, had control of, or altered in any way the products it supplied. The Complaint merely alleges that Industrial Rubber "supplied and/or installed asbestos-containing" materials. Complaint at ¶ 36, attached as Exhibit B. Because there are no allegations Industrial Rubber manufactured, altered, designed, tested, packaged, or labeled any products it supplied, it is immunized as an innocent seller by the plain language of the statute.

Plaintiff repeatedly states that no discovery has been had, as if there is a requirement to conduct discovery before removal. He attempts to defeat removal by suggesting that discovery from Industrial Rubber may provide a basis for remand. <u>See</u> plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Remand, attached as Exhibit A, p. 6. Plaintiff provides no legal authority to support that speculation of this order is sufficient to *require* remand. No matter how one reads the allegation, Defendants contend that Industrial Rubber is merely a supplier of asbestos-containing materials. Defendants are not opposed, and would request, remand-related discovery should the Court feel it necessary to decide this issue.

**C.   Asbestos-Containing Products are Not Defective as a Matter of Law**

Plaintiff's Motion to Remand acknowledges the immunity granted sellers under <u>Miss. Code</u>

5

Ann. §11-1-63 unless the seller had actual or constructive knowledge of the defect. See plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Remand, attached as Exhibit A, p. 7.

Plaintiff's Complaint contains no factual allegations that any specific product was supplied, making impossible to determine if the products contained asbestos. Even assuming every product supplied contained asbestos, Plaintiff makes no factual allegations that Industrial Rubber had actual or constructive knowledge of the alleged danger. Plaintiff apparently contends that an asbestos-containing product is defective as a matter of law. This mistaken notion does not provide a reasonable basis to predict liability on Industrial Rubber because the 5th Circuit has long held that asbestos products are not defective as a matter of law. Gideon v. Johns-Manville Sales Corp., 761 F.2d 1129 (5th Cir. 1985) (stating "[w]e have refused to hold asbestos products inherently dangerous"); Cimino v. Raymark Industries, Inc., 151 F.3d 297, 331 (5th Cir. 1998) (applying its own precedent to a Texas case when stating "*[w]e have held* that not all asbestos-containing finished products are defective or unreasonably dangerous" [emphasis added]); see also Stark v. Armstrong World Industries, Inc., 21 Fed.Appx. 371, 378 (6th Cir. 2001). Because asbestos-containing products are not defective as a matter of law, Plaintiff must allege facts, sufficient to support a reasonable basis for predicting Plaintiff could establish liability, that Industrial Rubber knew of a defect at the time the products were supplied.

Plaintiff does not allege what products were supplied, when, to what work site by resident defendant. Industrial Rubber was not formed until 1972, according to the Secretary of State website, and plaintiff's exposure period ended in 1980. See Exhibit E. Defendants do not know where plaintiff was working from 1972 until 1980 and can therefore not determine whether Industrial

6

Rubber even supplied materials to that work site in that period. Plaintiff cannot establish Industrial Rubber knew of an alleged defect of an unidentified product to an unidentified work site between 1972 to 1980, the only possible overlap between Industrial Rubber's existence and plaintiff's alleged exposure period.

Plaintiff fails to allege facts to support the contention that Industrial Rubber knew any of their products were defective at the time they were allegedly supplied. Plaintiff asks this Court to rule Industrial Rubber had knowledge simply because the products may have contained asbestos, which is contrary to established 5th Circuit precedent that an asbestos-containing product is not defective simply because it contained asbestos. Further, Plaintiff asks this Court to rely on the very type of conclusory allegations the 5th Circuit has consistently ruled insufficient to show that Defendants were properly joined. Badon, 224 F.3d at 392-93; see also Waters v. State Farm Mutual Automobile Insurance Co., 158 F.R.D. 107, 109 (S.D.Tex. 1994) (the failure to satisfy pleading requirements and to specify a factual basis for recovery against resident defendants fails to state a claim and constitutes improper joinder and speculation that evidence may exist to support the claim is irrelevant to the determination of improper joinder) citing Doe v. Cloverleaf Mall, 829 F.Supp. 866, 870 (S.D.Miss. 1993); Carter v. Union Security Life Ins. Co., 148 F.Supp.2d 734, 736 (S.D.Miss. 2001). Plaintiff has failed to allege a single fact to support any contention other than Industrial Rubber was a supplier of products in Mississippi. As such, Industrial Rubber is immunized by Miss. Code Ann. § 11-1-63(h), and there is no reasonable basis for predicting that Plaintiff might establish liability against Industrial Rubber. Industrial Rubber is improperly joined, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7

**D.    Plaintiff Fails to State a Claim Against the Resident Defendants Under <u>Mangialardi</u> and Its Progeny**

Plaintiff's Complaint fails to comply with the minimum requirements for an asbestos claim set forth by the Mississippi Supreme Court. The Complaint defines a generic "exposure period" as "all or part of the period 1934 through early 1980s" [sic], though he does not specify which specific products he was exposed to, for how long, where, during which years, or from which Defendant at each place of employment. Plaintiff's Complaint, attached as Exhibit A, at §III ¶ 1. Plaintiff must provide which product was allegedly distributed by which Mississippi Defendant to which exposure site at which time. <u>Harold Auto Parts, Inc., v. Mangialardi</u>, 889 So.2d 493 (Miss. 2004). Plaintiff alleges that he was exposed to asbestos-containing products at Ingalls Shipyard, but does not say during what years, for how long, or in what areas of Ingalls' vast facility. Plaintiff further alleges exposure at construction work on various homes, though he does not say for whom, where, or during what time periods. Finally, plaintiff alleges exposure from mechanical work on vehicles, with no more specific information. These allegations are insufficient under Mississippi law. <u>See Harold's Auto Parts, Inc. v. Mangialardi</u>, 889 So.2d 493 (Miss. 2004); <u>3M Co. v. Glass</u>, 917 So.2d 90 (Miss. 2005). Because Plaintiff does not allege exposure to any specifically named product, at any specific work site, during specific time periods, it is unclear whether the products at issue contained asbestos or whether many defendants were even in business at the time. As noted earlier, Industrial Rubber did not come into existence until 1972 and plaintiff's exposure period allegedly ended in 1980. Simply lumping all defendants into a generic exposure period at numerous unidentified work sites without naming specific products for each work site, does not comply with Mississippi law and does not state a claim against Industrial Rubber.

8

## V. There is No Procedural Defect to Removal

Plaintiff contends that Defendants misrepresented in their Notice of Removal that all defendants consented to removal. Defendants received permission to remove from all properly joined and served defendants before the Notice of Removal was filed and all properly joined and served defendants have, in fact, joined in the Notice of Removal. Plaintiff contends Goulds Pumps (IPG), Goulds Pumps (NY), Industrial Rubber, Nitram Energy, Inc., (Nitram) and Sepco Corporation (Sepco) have not joined or indicated consent to removal. Goulds Pumps (IPG) and Goulds Pumps (NY) have joined in the Notice of Removal. The other defendants should be disregarded for purposes of determining diversity jurisdiction.

Plaintiff is half right when he states that "all served defendants must join in, or otherwise consent to, removal." See plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Remand, attached as Exhibit A, p. 7. All defendants who are *properly joined and* served must join in the removal petition. Getty Oil Corp., Div. Of Texaco, Inc. v. Insurance Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988). Because Industrial Rubber is improperly joined, they are not required to join in or consent to removal and are disregarded for purposes of determining diversity jurisdiction.

Nitram Energy, Inc., was, at the time of removal, unknown to Defendants and there was no proof of service in the state court file obtained from Jackson County. Since removal, however, Defendants have become aware that the Nitram served by plaintiff is a wrongly-named defendant. Further, plaintiff's counsel is aware that Nitram is a wrongly-named defendant by way of communication between Nitram's counsel and plaintiff's counsel. See Exhibit C. Because there is no evidence that Nitram has been served, Nitram was unknown to defendants, and Nitram is not a

9

real party in interest (see discussion below regarding Sepco on nominal parties and real parties in interest), it should be disregarded for purposes of determining diversity jurisdiction. See Liebau v. Columbia Cas. Co., 176 F.Supp.2d 1236, 1243 (D.Kan. 2001) ( stating that exceptions to the "unanimity rule exist for situations involving nominal, unknown, unserved, or fraudulently joined defendants). Plaintiff's Complaint makes allegations against Nitram and its predecessor-in-interest, Alco regarding generators that incorporated asbestos. See Complaint ¶45. The served Nitram has an Alco division, but it has no connection to the American Locomotive Company (Alco) and it has never served the U.S. Navy or the Ingalls Shipyard. See Exhibit C. Nitram has "no ties whatsoever" with Alco turbines or marine propulsion systems sold and serviced by other defendants common to asbestos litigation. See Exhibit C, page 2. The mistaken identity of suing Nitram while intending some other defendant has occurred several dozen times over the years. See Exhibit C, page 2. For the reasons more fully explained below, Nitram should be disregarded for diversity jurisdiction purposes because it is a nominal party with no real interest in the litigation.

An exception to the rule that all properly joined and served defendants join in a removal petition is that of nominal parties. A nominal party is one who is not necessary to the litigation. Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349, 427 F.2d 325 (5th Cir. 1970). "The bottome line conern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing defendant in state court." Farias v. Bexar Bd. Of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866 (5th Cir. 1991); Wolff v. Wolff, 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded."); Acosta v. Master Maintenance and Const. Inc.,

452 F.3d 373, 379 (5th Cir. 2006) (nonconsenting defendants were nominal parties not required to join in removal petition because the court could, absent the nominal party, reach a final judgment consistent with equity that would be fair to the plaintiff). As noted earlier, Nitram is a nominal party because it has no real interest in this lawsuit. Sepco is also a nominal party for the same reason that Nitram is, i.e. it is a wrongly-named defendant. See Exhibit D. The Court could, in the absence of Sepco and Nitram, reach a final judgment consistent with equity that would be fair to the plaintiff. Acosta, 452 F.3d at 379. A wrongly-named defendant, by definition, is not one who has a real interest in the dispute before the Court. Wolff, 768 F.2d at 645. The Sepco served by plaintiff was formed in 2002 and serves the Pennsylvania and West Virginia markets only. See Exhibit D. There has been a Sepco served in other asbestos litigation, but not the Sepco served by plaintiff. Because the Sepco served by plaintiff is the wrong defendant, has no real interest in the dispute before this Court, and is not necessary to the litigation, it should be disregarded for purposes of determining diversity jurisdiction.

## VI. CONCLUSION

For the reasons stated above, Industrial Rubber is improperly joined. Complete diversity exists between Plaintiff and all properly joined and served parties and the amount in controversy requirement is satisfied. Therefore, Defendants removal was proper, and Plaintiff's Emergency Motion to Remand should be denied.

RESPECTFULLY SUBMITTED this 21st day of March, 2007.

**GENERAL MOTORS CORPORATION
AND FORD MOTOR COMPANY**

BY: /s/Joseph G. Baladi
    JOSEPH G. BALADI

11

OF COUNSEL:

JOSEPH G. BALADI  (MSB # 100286)
WATKINS & EAGER PLLC
400 EAST CAPITOL STREET, SUITE 300
POST OFFICE BOX 650
JACKSON, MISSISSIPPI 39205-0650
TELEPHONE: (601) 948-6470
FACSIMILE:  (601) 354-3623

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused to be served via United States Mail, postage prepaid, a true and correct copy of the above and foregoing Notice to Removal to the following:

> William B. Kirksey
> Kirksey & Associates
> Suite 100-M, Heritage Building
> 401 East Capitol Street
> Jackson, MS 39201
>
> **Counsel for Plaintiff**
>
> And all known counsel via e-service.

THIS the 21st day of March, 2007.

> /s/Joseph G. Baladi
> JOSEPH G. BALADI

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**
**MASS TORT**

**FEB 2 1 2007**

JOE W. MARTIN, JR. CLERK
BY

ROBERT L. REEVES                                                                  **PLAINTIFF**

VS.                                                    **CAUSE NO.** __CI-2006-039-AS__

AFTON PUMPS, INC., ET AL                                              **DEFENDANTS**

### COASTAL RUBBER AND GASKET CO., INC.
### A/K/A INDUSTRIAL RUBBER & SPECIALTY COMPANY'S
### ANSWER TO COMPLAINT FILED DECEMBER 29, 2006

Comes now the Defendant, **Coastal Rubber and Gasket Co., Inc. a/k/a Industrial Rubber &**

**Specialty Company**, hereinafter **Coastal Rubber**, by and through counsel, and files this its response to

the Complaint filed herein against it, to-wit:

### FIRST DEFENSE

**Coastal Rubber** objects to venue on the grounds that it cannot receive a fair and impartial trial in

this jurisdiction.

### SECOND DEFENSE

The Complaint fails to state a claim against **Coastal Rubber** for either compensatory or punitive

damages upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6), Mississippi

Rules of Civil Procedure.

### THIRD DEFENSE

And now, by way of answer to the Complaint, paragraph by paragraph, this Defendant sets forth

the following:

1



DEFENDANT'S
EXHIBIT
E

I.

## PARTIES

1.     As to paragraph 1 of the Complaint, this Defendant has insufficient information concerning the allegations set forth in such paragraph and therefore denies same and demands strict proof thereof.

2.     This Defendant admits that it is a Mississippi Corporation and as such a Citizen of Mississippi. This Defendant denies the remaining allegations of paragraph 2, of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, there is insufficient information and this answering Defendant denies same.

## DEFENDANTS AGAINST WHOM PLAINTIFF IS ASSERTING
## A CLAIM AND SPECIFIC NOTICE OF CLAIMS AGAINST EACH DEFENDANT

3.     Paragraph 3 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

4.     Paragraph 4 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

5.     Paragraph 5 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

6.     Paragraph 6 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

7.     Paragraph 7 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

8.     Paragraph 8 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

9.      Paragraph 9 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

10.     Paragraph 10 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

11.     Paragraph 11of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

12.     Paragraph 12 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

13.     Paragraph 13 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

14.     Paragraph 14of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

15.     Paragraph 15 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

16.     Paragraph 16 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

17.     Paragraph 17of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

18.     Paragraph 18 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

19.     Paragraph 19 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

20.   Paragraph 20 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

21.   Paragraph 21 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

22.   Paragraph 22 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

23.   Paragraph 23 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

24.   Paragraph 24 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

25.   Paragraph 25 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

26.   Paragraph 26 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

27.   Paragraph 27 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

28.   Paragraph 28 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

29.   Paragraph 29 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

30.   Paragraph 30 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

4

31.     Paragraph 31 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

32.     Paragraph 32 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

33.     Paragraph 33 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

34.     Paragraph 34 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

35.     Paragraph 35 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

36.     This Defendant denies each and every allegation of paragraph 36 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

37.     Paragraph 37 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

38.     Paragraph 38 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

39.     Paragraph 39 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

40.     Paragraph 40 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

41.     Paragraph 41 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

42.     Paragraph 42 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

43.     Paragraph 43 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

44.     Paragraph 44 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

45.     Paragraph 45 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

46.     Paragraph 46 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

47.     Paragraph 47 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

48.     Paragraph 48 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

49.     Paragraph 49 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

50.     Paragraph 50 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

51.     Paragraph 51 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

52.     Paragraph 52 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

53.     Paragraph 53 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

54.     Paragraph 54 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

55.     Paragraph 55 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

56.     Paragraph 56 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

57.     Paragraph 57 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

58.     Paragraph 58 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

59.     Paragraph 59 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

60.     This Defendant has insufficient information concerning the allegations set forth in paragraph 60, including the unnumbered paragraph contained therein, of the Complaint and therefore denies same and demands strict proof thereof.

## II.

## <u>JURISDICTION AND VENUE</u>

1.      This Defendant has insufficient information concerning the allegations set forth in paragraph 1 of the Complaint and therefore denies same and demands strict proof thereof.

2.      This Defendant has insufficient information concerning the allegations set forth in paragraph 2 of the Complaint and therefore denies same and demands strict proof thereof.

3.      This Defendant has insufficient information concerning the allegations set forth in paragraph 3 of the Complaint and therefore denies same and demands strict proof thereof.

## III.

## <u>BACKGROUND</u>

1.      This Defendant denies each and every allegation of paragraph 1 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

2.      This Defendant has insufficient information concerning the allegations set forth in paragraph 2 of the Complaint and therefore denies same and demands strict proof thereof.

3.      This Defendant admits that when inhaled or otherwise ingested in excessive amounts and for prolonged periods of time, asbestos can manifest itself in the form of certain diseases.  This Defendant denies the remaining allegations of paragraph 3 of the Complaint and demands strict proof thereof.

4.      This Defendant denies each and every allegation of paragraph 4 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

5.      This Defendant has insufficient information concerning the allegations set forth in paragraph 5 of the Complaint and therefore denies same and demands strict proof thereof.

6.      This Defendant has insufficient information concerning the allegations set forth in paragraph 6, including subparts a. through f., of the Complaint and therefore denies same and demands strict proof thereof.

7.      This Defendant has insufficient information concerning the allegations set forth in paragraph 7 of the Complaint and therefore denies same and demands strict proof thereof.

8.      This Defendant has insufficient information concerning the allegations set forth in paragraph 8 of the Complaint and therefore denies same and demands strict proof thereof.

## IV.

## BASIC CORE INFORMATION

1.      This Defendant has insufficient information concerning the allegations set forth in paragraph 1 of the Complaint and therefore denies same and demands strict proof thereof.

2.      This Defendant has insufficient information concerning the allegations set forth in paragraph 2 of the Complaint and therefore denies same and demands strict proof thereof.

3.      This Defendant has insufficient information concerning the allegations set forth in paragraph 3 of the Complaint and therefore denies same and demands strict proof thereof.

4.      This Defendant has insufficient information concerning the allegations set forth in paragraph 4 of the Complaint and therefore denies same and demands strict proof thereof.

## V.

## OCCUPATIONAL/EXPOSURE HISTORY

This Defendant has insufficient information concerning the allegations set forth in the unnumbered paragraphs of the Complaint and therefore denies same and demands strict proof thereof.

## VI.

## COUNT ONE
### (Strict Liability)

1.     This answering Defendant reaffirms and realleges each and every foregoing response to the foregoing allegations described in paragraph 1 of the Complaint filed herein.

2.     This Defendant denies each and every allegation of paragraph 2 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

3.     This Defendant denies each and every allegation of paragraph 3, including subparts a. and b., of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

4.     This Defendant denies each and every allegation of paragraph 4, including subparts a. and b., of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

5.     This Defendant denies each and every allegation of paragraph 5 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

6.      This Defendant denies each and every allegation of paragraph 6 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

7.      This Defendant denies each and every allegation of paragraph 7 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

8.      This Defendant denies each and every allegation of paragraph 8 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

**WHEREFORE**, this Defendant denies any indebtedness to the Plaintiff or any of them, and respectfully requests that this action be dismissed with costs to the Plaintiff.

### VII.

### COUNT TWO
### (Negligence)

1.      This answering Defendant reaffirms and realleges each and every foregoing response to the foregoing allegations described in paragraph 1 of the Complaint filed herein.

2.      This Defendant denies each and every allegation of paragraph 2, including subparts a. through c., of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

3.      This Defendant denies each and every allegation of paragraph 3 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

11

4.     This Defendant denies each and every allegation of paragraph 4 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

5.     This Defendant denies each and every allegation of paragraph 5 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

6.     This Defendant denies each and every allegation of paragraph 6 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

**WHEREFORE,** this Defendant denies any indebtedness to the Plaintiff or any of them, and respectfully requests that this action be dismissed with costs to the Plaintiff.

## IX.

### COUNT THREE
### (Fraudulent Concealment/Misrepresentation/
### Alteration of Medical Studies/Conspiracy)

1.     This answering Defendant reaffirms and realleges each and every foregoing response to the foregoing allegations described in paragraph 1 of the Complaint filed herein.

2.     Paragraph 2 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

3.     Paragraph 3 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

4.      Paragraph 4, including subparts a. through ai., of the Complaint appears to pertain to Defendants other than Coastal Rubber.  However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

5.      Paragraph 5 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

6.      Paragraph 6 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

7.      Paragraph 7 of the Complaint appears to pertain to Defendants other than Coastal Rubber. However, insofar as any allegations in this paragraph affect Coastal Rubber, such allegations are denied.

**WHEREFORE**, this Defendant denies any indebtedness to the Plaintiff or any of them, and respectfully requests that this action be dismissed with costs to the Plaintiff.

## X.

### COUNT FOUR
### (Supplied Warranty)

1.      This answering Defendant reaffirms and realleges each and every foregoing response to the foregoing allegations described in paragraph 1 of the Complaint filed herein.

2.      This Defendant denies each and every allegation of paragraph 2 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

3.      This Defendant denies each and every allegation of paragraph 3 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

**WHEREFORE,** this Defendant denies any indebtedness to the Plaintiff or any of them, and respectfully requests that this action be dismissed with costs to the Plaintiff.

**XI.**

## COUNT FIVE
**(Duty to Warn)**

1. This answering Defendant reaffirms and realleges each and every foregoing response to the foregoing allegations described in paragraph 1 of the Complaint filed herein.\

2. This Defendant denies each and every allegation of paragraph 2 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

3. This Defendant denies each and every allegation of paragraph 3 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

4. This Defendant denies each and every allegation of paragraph 4 of the Complaint. Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

**WHEREFORE,** this Defendant denies any indebtedness to the Plaintiff or any of them, and respectfully requests that this action be dismissed with costs to the Plaintiff.

**XII.**
## COUNT SIX
**(Damages)**

1. This answering Defendant reaffirms and realleges each and every foregoing response to the foregoing allegations described in paragraph 1 of the Complaint filed herein.

14

2.     This Defendant denies each and every allegation of paragraph 2 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

3.     This Defendant denies each and every allegation of paragraph 3 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

4.     This Defendant denies each and every allegation of paragraph 4 of the Complaint.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, this Defendant has insufficient information and therefore denies same.

**WHEREFORE,** this Defendant denies that it is indebted to the Plaintiff or any of them for compensatory damages, for punitive damages or for pre-judgment interest, costs or any other amount whatsoever and respectfully requests that this action be dismissed with costs to the Plaintiff.

### FOURTH DEFENSE

The Plaintiff has failed to mitigate his damages.

### FIFTH DEFENSE

The Plaintiffs who smoked was contributorily negligent or at fault which was a proximate cause of some or all of the injuries or damages alleged.

### SIXTH DEFENSE

The causal connection between Coastal Rubber and any injury sustained by the Plaintiff is too remote, indefinite and speculative to serve as a basis of recovery against Coastal Rubber.

## SEVENTH DEFENSE

The Plaintiff's employers were reasonably and adequately warned of alleged risks associated with some asbestos products and had actual, constructive or imputed knowledge thereof.

## EIGHTH DEFENSE

If it should be determined that Coastal Rubber was in any way negligent as alleged, which is denied, such negligence did not cause any damage or injury to the Plaintiff. Further, any alleged negligence of Coastal Rubber was secondary and passive, whereas the negligence of other persons or entities, including the negligence of the other Defendants and the Plaintiff's employers, was the active producing cause of any injury or damage sustained by the Plaintiff.

## NINTH DEFENSE

On information and belief, Plaintiff's employers were negligent in that they failed to equip Plaintiff properly and safely with the necessary precautions; they provided the Plaintiff orders and directions involving any asbestos that may have been in the work area; and they allowed numerous other asbestos products to be used by the Plaintiff and others on their premises in an amount so as to create a condition of danger for the Plaintiff. Although they knew or should have known in the exercise of ordinary care of the general warning pertaining to certain types of asbestos products, they nevertheless failed to pass these warnings to the Plaintiff and his supervisors; they failed to provide a safe place for the Plaintiff to work; they failed to provide suitable training and education for the Plaintiff; they failed to enforce such safety training; and they failed to require the Plaintiff and other employees to keep the premises reasonably clean and free of dust. Such negligence on the part of the Plaintiff's employers was a proximate and superseding cause of any injury done to the Plaintiff by Coastal Rubber.

16

### TENTH DEFENSE

Any damages allegedly sustained by the Plaintiff were caused by the negligence, breach of duty, willful, wanton or reckless misconduct, and acts or omissions of parties or persons other than Coastal Rubber, including but not limited to other Defendants and the Plaintiff's employers, over whom Coastal Rubber had no control, which constitutes an intervening and superseding cause of Plaintiff's alleged injuries.

### ELEVENTH DEFENSE

There was no concert of action between Coastal Rubber and any of the other Defendants herein; therefore the Defendants are not joint tortfeasors and Coastal Rubber may not be held jointly and severally liable with the other Defendants.

### TWELFTH DEFENSE

As to any products manufactured and sold by Coastal Rubber which give rise to the Plaintiff's claims herein which were designed and manufactured pursuant to and in accordance with standards and/or specifications mandated by the United States government and its agencies, the knowledge of the United States government and its agencies of any possible health hazards from use of such products were equal or superior to that of Coastal Rubber, thus Coastal Rubber is immune from liability which exists in favor of the United States government or its agencies.

### THIRTEENTH DEFENSE

The allegations of fraud, fraudulent concealment, concert of action, and conspiracy are not stated with sufficient particularity as to Coastal Rubber as required by Rule 9(b), Mississippi Rules of Civil Procedure.

### FOURTEENTH DEFENSE

There are no warranties expressed or implied and no privity of contract between Coastal Rubber and the Plaintiff. Therefore, Plaintiff is not entitled to recovery against Coastal Rubber for any alleged breach of warranty. If there was any implied warranty (which is denied), the Plaintiff failed to notify Coastal Rubber of any breach thereof as required by Mississippi law.

### FIFTEENTH DEFENSE

The Plaintiff was employed by knowledgeable and sophisticated employers. Any duty Coastal Rubber may have had to warn the Plaintiff of any potential damage incident to their use of Coastal Rubber products, which duty is denied, was superseded and/or discharged by employers' intervening duty to give Plaintiff all required warnings.

### SIXTEENTH DEFENSE

Coastal Rubber did not participate in any of the activities for which Plaintiff assert that punitive damages may be assessed.

### SEVENTEENTH DEFENSE

Coastal Rubber is relieved of responsibility because its products were altered after leaving the control of Coastal Rubber by persons over whom Coastal Rubber had no control.

### EIGHTEENTH DEFENSE

The Plaintiff's exclusive remedy and right to recover is under the applicable state or federal Workers' Compensation laws because the alleged injuries of Plaintiff occurred during the course and scope of his employment, and Plaintiff has no right to prosecute or maintain this action.

18

### NINETEENTH DEFENSE

The Plaintiff's claims for breach of warranty are barred because of a failure to give proper and timely notice of any such claims.

### TWENTIETH DEFENSE

Punitive damages are unconstitutional, in violation of the due process clause of the Fourteenth Amendment of the United States Constitution, the equal protection clause of the Fourteenth Amendment, and because they would be based upon a standard which is unconstitutionally vague.

### TWENTY-FIRST DEFENSE

The state of medical, scientific and industrial knowledge, art and practice was at all material times such that Coastal Rubber neither breached any alleged duty owed to the Plaintiff, nor knew nor could have known, that its products presented a foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

### TWENTY-SECOND DEFENSE

The Plaintiff's causes of action, if any, are barred by the applicable statute of limitations.

### TWENTY-THIRD DEFENSE

The Plaintiff's exposure to Coastal Rubber products, if any, was de minimis and insufficient to cause any alleged injury, damage or loss to the Plaintiff.

### TWENTY-FOURTH DEFENSE

Plaintiff is not a third party beneficiary of express or implied warranties as set forth in Mississippi Code Section 75-2-318 (1972), as amended, and they do not have a cause of action against Coastal Rubber for breach of either express or implied warranties.

19

### TWENTY-FIFTH DEFENSE

The Plaintiff's claims against Coastal Rubber are barred by the risk/utility doctrine.

### TWENTY-SIXTH DEFENSE

To the extent that the Plaintiff's claimed exposure to asbestos material, if any, occurred during any stage of the performance of a military or government contract, or pursuant to any military or government specifications, then the materials provided by Coastal Rubber was in accordance with reasonably precise specifications of the United States Government, as to which Coastal Rubber and/or its agents made all disclosures necessary to avail itself of the military specifications and/or government contractors' defense, which operates to grant immunity to Coastal Rubber.

### TWENTY-SEVENTH DEFENSE

With respect to any Plaintiff who smoked tobacco products, such Plaintiffs assumed the risk of all damages caused by such smoking.

### TWENTY-EIGHTH DEFENSE

Plaintiffs whose claim or cause of action against Coastal Rubber accrued before April 27, 1976, the effective date of Mississippi Code Section 11-7-20 (1972), were not in privity with this Defendant.

### TWENTY-NINTH DEFENSE

If it is determined that the Plaintiff has made any form of recovery by way of judgment, settlement or otherwise, for all or any part of their alleged injuries or damages, then Coastal Rubber is entitled to a set off and/or reduction of any verdict against it by the amount of any such judgment or settlement.

### THIRTIETH DEFENSE

The revised General Statute of Limitations, 15-1-49, (S.B.2411, 1990) Ms. Code Annotated, is unconstitutional under the United States Constitution and the Constitution of the State of Mississippi

20

because it purports to allow a taking of the property of Coastal Rubber without due process of law and denies Coastal Rubber equal protection under the law.

### THIRTY-FIRST DEFENSE

Coastal Rubber is entitled to have any verdict reduced by the amount of any Workers' Compensation payments or like payments made to the Plaintiff or on their behalf.

### THIRTY-SECOND DEFENSE

The Plaintiff's employers were experienced, sophisticated, and had knowledge about dangers alleged to be associated with some asbestos products.

### THIRTY-THIRD DEFENSE

At all relevant times, all Coastal Rubber products complied with industry standards and with federal and state standards and regulations governing the manufacturing, sale, packaging and distribution of such products.

### THIRTY-FOURTH DEFENSE

Plaintiff's alleged claims for punitive damages, if any, are barred by the applicable one year statute of limitations.

### THIRTY-FIFTH DEFENSE

The Court lacks in personal jurisdiction over the Plaintiff or some of them.

### THIRTY-SIXTH DEFENSE

To the extent applicable, this Defendant pleads all defenses available to it as an innocent seller pursuant to Section 11-1-64, Mississippi Code Annotated.

## THIRTY-SEVENTH DEFENSE

Coastal Rubber, a Mississippi corporation, was formed in 1972. To the extent that the Plaintiff's claimed exposure to asbestos material, if any, occurred prior to the incorporation of Coastal Rubber, any and/or all claims should be dismissed.

And now having answered the Complaint and presented its defenses thereto, Coastal Rubber requests that this action be dismissed with all costs to Plaintiff.

Respectfully submitted,

COASTAL RUBBER AND GASKET CO., INC. A/K/A
INDUSTRIAL RUBBER & SPECIALTY COMPANY
BY COUNSEL

_____
KARL R. STEINBERGER
MSB #7830

22

## CERTIFICATE OF SERVICE

I, Karl R. Steinberger, of counsel for Coastal Rubber and Gasket Co., Inc. in the above styled and numbered cause, do hereby certify that I have this day mailed, by United States Mail, postage prepaid, a true and correct copy of the above and foregoing document to counsel for Plaintiffs and have advised all counsel for Defendants of the filing of same.

This the 20th day of February, A.D., 2007.

_____
KARL R. STEINBERGER
MSB #7830


KARL R. STEINBERGER
WILLIAMS, HEIDELBERG,
   STEINBERGER & MCELHANEY, P.A.
711 Delmas Avenue
P. O. Box 1407
Pascagoula, MS  39568-1407
Telephone:  (228) 762-8021
Facsimile:  (228) 762-7589

**WILLIAMS**
**HEIDELBERG**
**STEINBERGER &**
**MCELHANEY, P.A.**
ATTORNEYS AT LAW



FILED
MASS TORT

FEB 2 1 2007

JOE W. MARTIN, JR., CLERK
BY _____ D.C

ROY C. WILLIAMS
JAMES H. HEIDELBERG
KARL R. STEINBERGER
JAMES H. COLMER, JR.
BRETT K. WILLIAMS
[1]STEPHEN W. BURROW
[2]THOMAS L. MUSSELMAN

DARYL A. DRYDEN
STACIE E. ZORN
[3]KELLY CASH LEE
JOAN ELIZABETH LUND
[1]TRISTAN RUSSELL ARMER
JESSICA M. DUPONT
HARRY J. SCHMIDT, III

[4]MICHAEL MCELHANEY, JR.
[4]HOWARD L. SMITH, M.D.
[4]BENJAMIN WHITE
[4]PAMELA HANCOCK
[1]Admitted in Alabama
[2]Admitted in Louisiana
[3]Admitted in Texas
[4]Of Counsel

February 20, 2007

Mass Tort Department
Attn: Betty
P. O. Box 998
Pascagoula, MS 39568-0998

     RE:   Robert L. Reeves vs. Afton Pumps, Inc., et al; Jackson County Circuit Court No. CI-2006-039-AS

Dear Betty:

     Please find enclosed for filing on behalf of the Defendant in the above referenced file the following document:

     1.   Coastal Rubber and Gasket Co., Inc. a/k/a Industrial Rubber & Specialty Company's Answer to Complaint filed December 29, 2006.

     Please, also find enclosed an extra copy of the front page which I would appreciate you having stamped "Filed" and returned to me in the envelope provided. By copy of this letter, all counsel are being notified of the filing and may contact this office if they wish copies of the pleading.

     Should you have any questions, please do not hesitate to contact me.

                    Sincerely,

                    DANA L. ALLDAY
                    Paralegal to KARL R. STEINBERGER

/dla
Enclosure
cc:   Plaintiff's Counsel
      Louis Baine, III, Esquire
      All counsel of record w/o enclosure