MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In Re ASBESTOS PRODUCTS<br>LIABILITY LITIGATION | ) <br> ) | MDL DOCKET NO. 875<br>JUNE 8, 2007 |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICK KROSKE | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 07-0184-CV-W-SOW |
| UNION CARBIDE et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION
TO VACATE CONDITIONAL TRANSFER ORDER**

**LAW AND ARGUMENT**

The present action involves questions of fact that are common to the thousands of asbestos-related actions that have been previously transferred to the Eastern District of Pennsylvania, MDL Docket No. 875. Transfer in this case would promote convenience and efficiency, as required by 28 U.S.C. § 1407(a). Plaintiff's motion fails to point to any circumstances that distinguish this litigation from the thousands of other asbestos-related cases already consolidated. For these reasons, and because Plaintiff's Motion for Remand to the Circuit Court of Jackson County, Missouri has been denied, Plaintiff's Motion to Vacate the Conditional Transfer Order should be denied.

**I.      Common questions of fact require that the actions be consolidated.**

The transfer and consolidation of cases under 28 U.S.C. § 1407(a) requires that the actions involve "one or more common questions of fact." Plaintiff concedes that "common

issues of fact" exist between the present action and others transferred to the Eastern District of Pennsylvania, and he notes that this Panel also has found common questions. (Pl.'s Br. at 2-3; Pl's Ex. B, Conditional Transfer Order-276). Nonetheless, in Section A of his brief, Plaintiff argues that facts central to these "common allegations" require case-specific discovery because plaintiffs in asbestos actions have distinct medical histories and were exposed to different products at different times. (Pl.'s Br. at 6). Plaintiff's arguments in this regard are unavailing.

This Panel has previously addressed arguments regarding the potentially unique circumstances surrounding an individual plaintiff's situation and has repeatedly rejected requests to deny transfer of asbestos cases based on the "uniqueness of a party's status," "the type of defendant," and "the presence of unique claims." *In re Asbestos Prods. Liab. Litig. v. Int'l Paper Co.*, 170 F. Supp. 2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Prods. Liab. Litig. v. United States,* 1999 U.S. Dist. LEXIS 12131, at *3 (J.P.M.L. July 27, 1999).

Furthermore, a plaintiff's potentially unique situation does not remove the existence of common questions of fact. Although Plaintiff attempts to distinguish his particular circumstances from those in the tens of thousands of asbestos actions already transferred to this Panel, (*See* Pl's Ex. B, CTO-276), his situation presents the same key issue: an allegation of personal injury caused by asbestos products. *In re Asbestos Prods. Liab. Litig. v. Maremont Corp.*, 2001 U.S. Dist. LEXIS 13761 at *3 (J.P.M.L. August 29, 2001 ) (finding that because the actions present the same key issue, all should be transferred to the Eastern District of Pennsylvania). Because the present action shares the same key issue and common questions of fact, transfer to the Eastern District of Pennsylvania is proper.

**II.    Consolidation serves the goals of convenience and efficiency.**

The consolidation of cases under 28 U.S.C. § 1407(a) also requires that transfers are "for the convenience of parties and witnesses" and "promote the just and efficient conduct of such

actions." In 1991, this Panel noted that the increasing number of asbestos lawsuits "threatens to overwhelm the courts and deprive all litigants, in asbestos suits as well as other civil cases, of meaningful resolution of their claims." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 419 (J.P.M.L. 1991) (quoting Judge Jack B. Weinstein (E.D.N.Y.)). The Judicial Conference Ad Hoc Committee on Asbestos Litigation summarized the most objectionable aspects of separate asbestos actions:

> [D]ockets in both federal and state courts continue to grow; long delays are routine; trials are too long; the same issues are litigated over and over; transaction costs exceed the victims' recovery by nearly two to one; exhaustion of assets threatens and distorts the process; and future claimants may lose altogether.

*Id.* at 419. In addition, consolidation promotes convenience and efficiency when it prevents the "duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise." *Maremont Corp.*, 2001 U.S. Dist. LEXIS 13761 at *3.

In Sections B and C of plaintiff's brief, plaintiff alleges that convenience and efficiency will not be served if the present action is transferred because of a need to conduct case-specific discovery. (Pl.'s Br. at 4-5). Plaintiff's argument that consolidation would not reduce the time and money spent "for either the parties, their counsel or the courts," however, must be rejected. (Pl.'s Br. at 5). The well recognized consolidation of such actions is designed to accomplish efficiency and convenience during discovery and throughout the course of the litigation for all of the parties, their witnesses, and the court system. The U.S. Court of Appeals for the Third Circuit noted that "the possibility for conflict and duplication in discovery and other pretrial procedures in related cases can be avoided or minimized by such centralized management." *In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000) (finding that where plaintiff's claims were transferred by the Judicial Panel on Multidistrict Litigation to Multidistrict Litigation No. 875, remand was not proper).

Since the asbestos-related litigation was originally transferred to the JPML in 1991, the case manager has used "sophisticated case management techniques" to promote efficiency and convenience. The case manager may call on more than 20 judges in the district to handle asbestos cases "on a priority basis," and mandate "standard, abbreviated pleadings, such as complaint, answer, and discovery requests." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. at 422. The federal courts have found in tens of thousands of similar cases that a transfer is proper for the convenience and efficiency of all the parties involved and the court system. (*See* Pl's Ex. B). For the aforementioned reasons, transfer to the Eastern District of Pennsylvania is appropriate.

### III. Plaintiff's remand to Missouri Circuit Court was denied.

Plaintiff's Motion to Vacate the Conditional Transfer Order requests remand of the case to the Circuit Court of Jackson County Missouri and plaintiff argues in support of such relief that his Motion to Remand is pending in the District Court. (Pl.'s Br. at 1). However, on May 15, 2007, the United States District Court for the Western District of Missouri denied Plaintiff's Motion to Remand. (Defendant's Ex. 1, Order denying Motion to Remand). Given that Plaintiff's District Court Motion to Remand has been denied, Plaintiff's request for remand has become irrelevant and his request for remand and Motion to Vacate the Conditional Transfer Order should be denied.

### CONCLUSION

Transfer of the present action is appropriate because common questions of fact exist and because convenience and efficiency will be served. For these reasons, Defendant urges this Panel to deny the request to vacate the Conditional Transfer Order.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2007

FILED
CLERK'S OFFICE

Respectfully submitted,

LATHROP & GAGE L.C.

By: _____
William F. Ford  (MO# 35116)
Bridget B. Romero  (MO# 56850)
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

ATTORNEYS FOR DEFENDANT
UNION CARBIDE CORP.

**CERTIFICATE OF SERVICE**

I, William F. Ford, hereby certify that I caused a copy of the foregoing Memorandum in Response to Plaintiff's Motion to Vacate Conditional Transfer Order to be filed with the Clerk of the Judicial Clerk via Federal Express on June 11, 2007, and pursuant to Panel Rule 5.2, to be served on the Panel Service List, attached hereto, via regular U.S. Mail, postage prepaid.

_____
An Attorney for Defendant Union Carbide Corp.

2007 JUN 11 A 10: 27
JUDICIAL PANEL ON
RECEIVED
CLERK'S OFFICE

CC 1906288v1

# PANEL SERVICE LIST (Excerpted from CTO-276)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Patrick L. Kroske v. Union Carbide Corp., et al.,* W.D. Missouri, C.A. No. 4:07-184

Jack T. Bangert
Sherman, Taff & Bangert, P.C.
1100 Main Street, Suite 3000
P.O. Box 26530
Kansas City, MO 64196

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Margaret M. Chaplinsky
Kalinoski & Chaplinsky
100 Court Avenue, Suite 205
Des Moines, IA 50309-2200

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Benjamin T. Clark
Spencer, Fane, Britt & Browne
1000 Walnut, Suite 1400
Kansas City, MO 64106-2140

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Lawrence S. Denk
Foley & Mansfield, PLLP
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO 63110

Joseph Benjamin Dioszeghy
Rasmussen Willis Dickey & Moore
9200 Ward Parkway, Suite 310
Kansas City, MO 64114

Terese A. Drew
Hinshaw & Culbertson, LLP
701 Market Street, Suite 1300
St. Louis, MO 63101

Joshua M. Ellwanger
Blackwell Sanders Peper Martin, LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

William F. Ford
Lathrop & Gage, L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Virginia M. Giokaris
Rasmussen Willis Dickey & Moore
9200 Ward Parkway, Suite 310
Kansas City, MO 64114

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Emily A. Hartz
Rasmussen, Willis, Dickey & Moore
9200 Ward Parkway, Suite 310
Kansas City, MO 64114

Lori C. Imsland
Lashly & Baer, P.C.
714 Locust Street
St. Louis, MO 63101

Charles L. Joley
Donovan, Rose, Nester & Joley
8 East Washington Street
Belleville, IL 62220

Thomas J. Kernell
Roberts & Perryman
One US Bank Plaza, Suite 2300
St. Louis, MO 63101

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

James C. Morrow
Morrow, Willnauer & Klosterman
Executive Hills East, Building B
10401 Holmes, Ste. 300
Kansas City, MO 64131-4509

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Maggie L. Nigro
Husch & Eppenberger
1200 Main Street, Suite 2300
Kansas, MO 64105-2122

Robert P. Numbrich
Baty, Holm & Numrich, PC
4600 Madison Avenue
210 Plaza West Building
Kansas City, MO 64112-3012

Brian R. Plegge
Moser & Marsalek
200 N. Broadway, Suite 700
St. Louis, MO 63102-2753

PANEL SERVICE LIST (Excerpted from CTO-276) - MDL-875                    Page 2 of 2

Robert G. Raleigh
Armstrong Teasdale, LLP
One Metropolitan Square
211 North Broadway, Suite 2600
St. Louis, MO 63102-2740

Robert B. Ramsey
Brent Coon & Associates
2010 South Big Bend Blvd.
St. Louis, MO 63117

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Thomas E. Rice Jr.
Baker, Sterchi, Cowden & Rice
Crown Center
2400 Pershing Road
Suite 500
Kansas City, MO 64108

Kyle N. Roehler
Foland Wickens Eisfelder Roper
& Hofer, PC
911 Main Street
Suite 3000
Kansan City, MO 64105

Bridget B. Romero
Lathrop & Gage, L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

David A. Schott
Hoagland, Fitzgerald, et al.
401 Market Street
P.O. Box 130
Alton, IL 62002

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

R. Scott Smith
Furry & Smith
Bldg. 5 Hidden Creek Office Park
4215 South Hocker
Suite. 300
Independence, MO 64055

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Anthony Lamont Springfield
Polsinelli, Shalton, Welte, Suelthaus
700 West 47th Street
Suite 1000
Kansas City, MO 64112-1802

Bryant Matthew Struble
Thompson Coburn, LLP
One US Bank Plaza
Suite 2600
St. Louis, MO 63101-1693

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Gretchen Wallace
Hepler, Broom, MacDonald,
Hebrank, et al.
103 West Vandalia Street
Suite 300
P.O. Box 510
Edwardsville, MO 62025-0510

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2007

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICK L. KROSKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-0184-CV-W-SOW |
| | ) | |
| UNION CARBIDE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are plaintiff Patrick L. Kroske's Motion to Remand (Doc. #73), plaintiff's Suggestions in Support, and defendant Union Carbide's Suggestions in Opposition. The Court finds that it has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331 and §1441 through federal question jurisdiction arising from a federal enclave. Since plaintiff's claims arise from his exposure to asbestos at a federal enclave, this Court has jurisdiction over his claims.

Accordingly, it is hereby

ORDERED that plaintiff Patrick L. Kroske's Motion to Remand (Doc. #73) is denied. It is further

ORDERED that since this case was stayed on April 5, 2007, at the request of defendant Owens-Illinois, Inc., to allow the parties to seek a transfer to the MDL panel handling asbestos cases, this Court will not rule on any additional substantive motions until the MDL panel determines whether or not this case should be transferred.

**Defendant's Exhibit 1**

/s/Scott O. Wright<br>
SCOTT O. WRIGHT<br>
Senior United States District Judge

Dated: May 15, 2007