8751

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PLEADING NO. 5088

| | |
|---|---|
| IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION | Docket No. 875 |
| MARY M. COLLINS, Individually and as Personal Representative of the Heirs and Estate of JAMES DANIEL COLLINS, | United States District Court for the District of Delaware 1:07-cv-00149-*** |
| Plaintiff, | Steven T. Davis, Esquire (DE # 2731) Obermayer Rebmann Maxwell & Hippel, LLP Del. Bar No. 2731 3 Mill Road, Suite 306A Wilmington, DE 19806 |
| vs. | |
| VOLKSWAGEN OF AMERICA, INC., | Alice S. Johnston, Esquire Obermayer Rebmann Maxwell & Hippel, LLP One Mellon Center 500 Grant Street, Suite 5240 Pittsburgh, PA 15219 |
| Defendant. | |

**DEFENDANT VOLKSWAGEN OF AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 276**

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX 75205

Attorneys for Defendant Volkswagen of America, Inc.

June 15, 2007

**OFFICIAL FILE COPY**

RECEIVED
CLERK'S OFFICE
2007 JUN 18 A 11: 37

IMAGED JUN 1 9 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** JUN 18 2007

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCT
     LIABILITY LITIGATION

MARY M. COLLINS, Individually and as
Personal Representative of the Heirs and
Estate of JAMES DANIEL COLLINS,

          Plaintiff,

          vs.

VOLKSWAGEN OF AMERICA, INC.,

          Defendant.

Docket No. 875

United States District Court for the District
of Delaware
1:07-cv-00149-***

## DEFENDANT VOLKSWAGEN OF AMERICA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 276

     Defendant Volkswagen of America, Inc. hereby responds to Plaintiff's Motion to Vacate

Conditional Transfer Order 276.  This case should be transferred, as it is an asbestos action

properly removed to federal court, and thus should be a part of the asbestos MDL.  Volkswagen

of America, Inc. incorporates herein by reference its Brief in Support.

RECEIVED
CLERK'S OFFICE
2007 JUN 18 A 11: 37
NO. FILED

Dated:  June 15, 2007

Respectfully submitted,

By: _____

Steven T. Davis, Esquire (DE # 2731)
Obermayer Rebmann Maxwell &
Hippel, LLP
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA   15219

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Attorneys for Defendant Volkswagen of
America, Inc.

2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 8 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCT
    LIABILITY LITIGATION

MARY M. COLLINS, Individually and as
Personal Representative of the Heirs and
Estate of JAMES DANIEL COLLINS,

        Plaintiff,

        vs.

VOLKSWAGEN OF AMERICA, INC.,

        Defendant.

**DEFENDANT VOLKSWAGEN OF
AMERICA, INC.'S BRIEF IN SUPPORT
OF ITS RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER
ORDER 276**

Docket No. 875

United States District Court for the District
of Delaware
1:07-cv-00149-***

Steven T. Davis, Esquire (DE # 2731)
Obermayer Rebmann Maxwell &
Hippel, LLP
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA   15219

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Attorneys for Defendant Volkswagen of
America, Inc.

June 15, 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**   JUN 18 2007

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCT
     LIABILITY LITIGATION

Docket No. 875

United States District Court for the District
of Delaware
1:07-cv-00149-***

MARY M. COLLINS, Individually and as
Personal Representative of the Heirs and
Estate of JAMES DANIEL COLLINS,

        Plaintiff,

        vs.

VOLKSWAGEN OF AMERICA, INC.,

        Defendant.

**DEFENDANT VOLKSWAGEN OF AMERICA, INC.'S BRIEF
IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER 276**

     Defendant Volkswagen of America, Inc. ("VWoA") files its Brief in Support of its

Response in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order 276 and

states as follows:

**I.     STATUS OF CASE AND RELEVANT PROCEDURAL RULES**

     This case was originated in the United States District Court for the District of Delaware

by a Notice of Removal filed by VWoA on March 14, 2007, after learning it was the sole

remaining defendant and that complete diversity therefore existed.  VWoA include a Notice of

Tag-Along Action with its removal filing and notified this Panel of the need of a transfer to the

asbestos MDL in the Eastern District of Pennsylvania (MDL 875).  Plaintiff filed a Motion to

Remand, alleging a violation of the "one year bar" on removal set forth in 28 U.S.C. § 1446 (b).

This Panel issued a Conditional Transfer Order on April 27, 2007. Plaintiff has objected to that Order with a Motion to Vacate received by VWoA on May 30, 2007.

As a "tag-along" action, this matter is subject to the rules governing multidistrict litigation. One rule is particularly applicable to Plaintiff's Motion to Vacate:

> RULE 1.5: EFFECT OF THE PENDENCY OF AN ACTION BEFORE THE PANEL
>
> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 **does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.** A transfer or remand pursuant to 28 U.S.C. §1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

Rules of Procedure of the Judicial Panel on Multidistrict Litigation Rule 1.5 (emphasis added).

## II.     A PENDING MOTION TO REMAND IS NOT A SUFFICIENT REASON TO VACATE A CONDITIONAL TRANSFER ORDER

Plaintiff's sole reason for opposing the Panel's conditional transfer order is the pendency of her Motion to Remand this case to Delaware state court. Apparently, Plaintiff feels that somehow such a Motion would get short shrift if heard by the MDL-assigned judge (if not ruled upon by the District of Delaware, which has retained jurisdiction). There is no other stated basis for opposing the conditional transfer order.

As Chairman Hodges of the Judicial Panel on Multidistrict Litigation has aptly noted in the past, however, this is not a sufficient reason to oppose a transfer:

> The plaintiff premises part of his opposition to transfer on the pendency in his action of a motion to remand to state court. He urges the Panel not to order transfer before the motion is resolved by the transferor court. We note, first, that **remand motions can**

2

be **presented to and decided by the transferee judge.** Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion.   We note that:  1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order;  2) Panel Rule 1.5 expressly provides that the **pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court;   and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so,** those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of [the transfer] can continue without any unnecessary interruption or delay.

Finally, if subsequent to transfer plaintiff continues to believe that the uniqueness of his particular situation or the type of his claims renders [the transfer] unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.

In re:  Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d

1346. 1347-48 (Jud. Pan. Mult. Lit. 2001) (citations omitted) (emphasis added).  If the Panel

determines that the case involves common questions of fact with actions in the multidistrict

litigation and that transfer of the action will serve the convenience of the parties and witnesses

and promote the just and efficient conduct of the litigation, the pendency of a motion to remand

will not prevent transfer.

On the basis of the Panel's prior statements on this issue alone, therefore, the conditional

transfer order should not be vacated because a pending Motion to Remand does not bar transfer

for the reasons stated by Chairman Hodges.  The District of Delaware is free to rule on the

pending Motion to Remand at any time, and if that Court elects not to do so, the matter will be

3

handled by the Honorable James T. Giles, the judge assigned to MDL 875.  Thus, Plaintiff's

Motion can be denied, as Plaintiff does not question that this action qualifies as an asbestos "tag-

along" action, nor does she offer any other basis for vacating the conditional transfer order.

In the event the Panel wishes to review the propriety of VWoA's removal, however,

VWoA properly removed this matter within one year of its commencement against VWoA, and

Plaintiff's attempt to game the system to argue the existence of an "untimely" removal by VWoA

is baseless.  A remand would give her the benefit of her improper machinations and encourage

further manipulation in the future.

## III.    VWOA'S REMOVAL WAS PROPER

### A.    <u>BACKGROUND</u>

As was explained in VWoA's Answering Brief in Opposition to Remand (that Brief

without exhibits is attached as Exhibit A and incorporated by reference), Plaintiff intentionally

manipulated the Delaware state court system to suit her own ends.  The New Castle County,

Delaware, docket and the record of the case reveal the following:

- James Daniel Collins and Mary M. Collins filed their action on February 28, 2006.  VWoA was not named in the lawsuit, was not served with a copy of it, and was not otherwise notified of the action.

- Plaintiff provided Answers to Interrogatories Directed to Plaintiff by all Defendants and Responses to Request for Production of Documents on May 26, 2006, which included Mr. Collins' employment history (which made no reference to any VWoA product but did reference employment at Brewington Motors and Hanson Motors, known to Plaintiff as a Volkswagen dealership) and records from the Social Security Administration confirming his employment at those dealerships.  This discovery was of course not served on VWoA, as it was not a party.

- Plaintiff provided several supplemental Answers to Interrogatories from June 7, 2006 until March 1, 2007, all of which included references to Mr. Collins' employment history.

- On August 10, 2006, Plaintiff James Daniel Collins was deposed, at which time VWoA was not a party to the lawsuit (and which it therefore, of course, having neither notice nor right to do so, did not attend or interrogate). VWoA was not provided with a copy of this transcript, but it has since acquired a copy. For the first time at the deposition, allegations relating to VWoA were made, as Mr. Collins testified regarding work on "Volkswagen vehicles" and with other "Volkswagen parts".

- Also in August 2006, Plaintiff's counsel began interviewing dealership co-workers of Mr. Collins who also identified alleged VWoA exposures. This interview process included an initial phone call and follow-up personal interviews in Washington State by Baron & Budd employees.

- On August 17, 2006, Plaintiffs filed a motion to amend their Complaint to add VWoA as a defendant, but did not present it to the Superior Court. This ex parte Motion was not served on VWoA.

- The factual and non-medical discovery deadline in New Castle County, Delaware expired on or about September 10, 2006.

- On September 25, 2006, Mr. Collins passed away.

- Plaintiff's ex parte Motion to Amend the Complaint to add VWoA as a defendant was finally presented to the Superior Court and granted on October 6, 2006.

- On October 17, 2006, Plaintiff filed an Amended Complaint for the first time naming VWoA as a defendant in the action.

- Depositions of co-workers of Mr. Collins took place on November 7 and 8, 2006, but VWoA had not yet been served with the suit (VWoA has since acquired copies).

- VWoA was finally served with Plaintiff's Amended Complaint on December 11, 2006, after the close of discovery, nearly three months after the Plaintiff died.

- During the ensuing four months after service of Plaintiff's Amended Complaint upon VWoA, Plaintiff settled her claims against all of the other parties (including non-diverse parties) which had been defendants while discovery was open, establishing VWoA as the sole defendant in an action with complete diversity of citizenship (and regarding which discovery had never been open while VWoA was a party). Within the next few days, VWoA removed this case to federal court.

5

This docket/record timeline demonstrates that Plaintiff has intentionally "hidden the ball" from VWoA since the time that the initial Complaint was filed in February of 2006. Plaintiff and plaintiff's counsel knew from the outset of this action that Mr. Collins worked at Brewington Motors and Hanson Motors, a Volkswagen dealership. This was confirmed by the records of the Social Security Administration detailing this employment. Mr. Collins confirmed his alleged exposure to VWoA products in his own deposition. Plaintiff's counsel went to the additional effort and expense to locate and interview Mr. Collin's co-workers at this dealership in the summer of 2006. By not acting to join VWoA to the lawsuit, Plaintiff and counsel allowed time to pass, during which Mr. Collins died, and the discovery period expired, before VWoA was made a party. Now, Plaintiff wishes to benefit from her series of intentional delays and deprive VWoA of its removal (and transfer to the asbestos MDL) by clinging to an alleged expiration of a one-year bar that she instigated.

## B.    THE OTHER REQUIREMENTS FOR REMOVAL ARE NOT DISPUTED

Plaintiff does not contend that she is seeking less than $75,000 for her claims, and VWoA does not challenge the amount of those claims at this time. Plaintiff also does not challenge the removal on a diversity basis, as Plaintiff and VWoA are citizens of different states and Plaintiff has conceded that VWoA is the last remaining defendant. Further, this case was unquestionably removed within 30 days of diversity being created, and this issue is also undisputed.

## C.    VWOA WAS JOINED LATE IN THE ACTION DUE TO PLAINTIFF'S OWN ACTIONS

### 1.    The One-Year Bar Has Not Expired With Respect to VWoA

Plaintiff claimed in her Motion to Remand that VWoA violated the removal statute's one-year bar by filing its Notice of Removal on March 14, 2007, because this action was

"commenced" on February 26, 2006 and the one-year bar on removal has passed. This contention is incorrect under the facts and the applicable law.

        (a)      **This Case Was Removed Well Within 1 Year After The Case Against VWoA Commenced**

              (1)      **Recent Third Circuit and Other Case Law Indicates a More Fluid Analysis**

Plaintiff relies almost exclusively on Sasser v. Ford Motor Co., 126 F. Supp.2d 1333 (M.D. Ala. 2001), for the proposition that "commencement" for purposes of the one-year period of removal under 28 U.S.C. § 1446 (b) is defined solely as the initiation of the original complaint, and not the addition of any new parties. In fact, however, the question of "commencement" is governed by the applicable state's law, not by any "general rule" as claimed by Plaintiff. See, e.g., Gasperini v. Center for Humanities, Inc., 518 U.S. 415 (1996); Walker v. Armco Steel Corp., 446 U.S. 740 (1980); Patterson v. American Bosch Corp., 914 F.2d 384 (3d Cir. 1990); Lafferty v. St. Riel, 397 F. Supp.2d 602 (E.D. Pa. 2005); Ingersoll-Rand Co. v. Barnett, No. 05-1636 (DRD), 2005 WL 2175461 (D.N.J., Sept. 7, 2005); see also Braud v. Transport Service Co. of Illinois, 445 F.3d 801 (5th Cir. 2006); Pierson v. Scott, No. C06-6503 PJH, 2007 WL 160924 (N.D. Cal., Jan. 17, 2007); Haywood v. Tribeca Lending Corp., No. 2:06CV108-P-A, 2006 WL 2708578 (N.D. Miss., Sept. 20, 2006); Provenza v. Yamaha Motor Co., Ltd., 295 F. Supp.2d 1175 (D. Nev. 2003); Barnett v. Sylacauga Autoplex, 973 F. Supp. 1358 (N.D. Ala. 1997).

In Braud v. Transport Service Co., 445 F.3d 801 (5th Cir. 2006), the Fifth Circuit employed a Rule 15-equivalent "relation back" standard to analyze "commencement" under Louisiana law. In doing so, the Court determined that an amendment that results in the addition of a new party (rather than the correction of a misnomer) **does not relate back** to the original

complaint, and thus "commencement" was measured by the introduction of the new party. Id. at

806-07 (analyzed under the Class Action Fairness Act).  Specifically, the Fifth Circuit observed

that the addition of a new defendant "changes the character of the litigation so as to make it a

substantially new suit," and therefore "the addition of the new defendant commences the lawsuit

as to it." Id. at 806; see also Pierson v. Scott, No. C06-6503 PJH, 2007 WL 160924 (N.D. Cal.,

Jan. 17, 2007) (no relation back under California law when action brought against new

defendant; thus one-year removal bar began when new parties were added to existing complaint);

Haywood v. Tribeca Lending Corp, No. 2:06CV108-P-A, 2006 WL 2708578 (N.D. Miss., Sept.

20, 2006) (addition of new defendant recommenced the action as to that defendant).

><blockquote>

**(2)     Relevant State Law Demonstrates That This Action Did
Not "Commence" As to VWoA Until VWoA Was
Added as a Party**

(i)  Washington Law

Mr. Collins was domiciled in Washington during all relevant periods of his working life,

and the parties agree that Washington substantive law applies to this action.  Further, Delaware

applies the procedural law of a foreign state when those procedures are inseparable from the

substantive law in question.  Chaplake Holdings, Ltd. v. Chrysler Corp., 766 A.2d 1 (Del. 2001).

Given that VWoA's right to proceed in federal court was implicated by Plaintiff's Motion to

Remand, the question of commencement should be determined by Washington law.

Under Washington law, an amended pleading adding a new party relates back only if the

new claim arises out of the same transaction set forth in the original pleading and the plaintiff is

able to show the new defendant (i) received notice of the action within the statute of limitations

such that he or she is not prejudiced in defending on the merits, and (ii) knew or should have

8

known that, but for mistaken identity[1], the plaintiff would have brought the action against him or her in the first instance.  If the complaint does not relate back, the lawsuit is deemed to have "commenced" when the new party is added.  In addition, the plaintiff must show that the delay in adding the new party is not due to inexcusable neglect or a conscious decision, strategy, or tactic. Stansfield v. Douglas County, 107 Wash. App. 20, 28-29, 26 P.3d 935 (2001), aff'd, 146 Wash.2d 116, 43 P.3d 498 (2002).  The inexcusable neglect rule must be satisfied in addition to the two requirements set forth above.  South Hollywood Hills Citizen Ass'n v. King County, 101 Wash.2d 68, 677 P.2d 114 (1984).

The Supreme Court of Washington has repeatedly adhered to the judicially imposed rule that relation back is not allowed if the failure to include a party was due to inexcusable neglect if the identity of the late-joined party was readily ascertainable and the plaintiff nevertheless did not make it a defendant.  See, e.g., Tellinghuisen v. King County Council, 103 Wash.2d 221, 691 P.2d 575 (1984) ; South Hollywood Hills Citizen Ass'n v. King County, 101 Wash.2d 68, 677 P.2d 114 (1984); North Street Ass'n v. Olympia, 96 Wash.2d 359, 635 P.2d 721 (1981); Teller v. APM Terminals, Inc., 134 Wash. App. 696, 142 P.3d 179 (2006).  If the proper defendants are apparent, or are ascertainable upon a reasonable investigation, the failure to name them in the original complaint will be held inexcusable, and prevent the relation back of an amendment adding a new defendant (thus commencing a new action against that new defendant) regardless of the existence of "bad faith" on the part of the plaintiff.  See Haberman v. Wash. Pub. Power Supply System, 109 Wash.2d 107, 744 P.2d 1032, 750 P.2d 254 (1997); Pub. Util. Dist. No. 1 v. Walbrook Ins. Co., 115 Wash.2d 339, 349, 797 P.2d 504 (1990).

---

[1] "Mistaken identity" is not an issue in this case.

Under these standards, Plaintiff's failure to name VWoA originally as a defendant was **indisputably** the result of inexcusable neglect. Mr. and Mrs. Collins were the <u>only</u> parties to the initial lawsuit who knew (or should have known) that VWoA was a target of their claims. The record shows that Plaintiffs knew the identity of VWoA as a potential party (and in fact, a "target defendant") prior to filing the initial Complaint (since Mr. Collins worked at a business that was a VWoA dealership). Plaintiff had in her possession Social Security Administration records that confirmed Mr. Collins' employment at that dealership, and her counsel even marked them up to relate them to the "work history sheet" ("WHS") ***alleging asbestos exposure at that location***. Counsel focused upon Volkswagen-related evidence and witnesses while plaintiff was still alive and while discovery was still open, interviewing and taking depositions relating to that work. Only after discovery closed did plaintiff effect service upon VWoA, to notify VWoA and bring it into the case.

(ii) <u>Delaware Law</u>

Delaware law also supports measurement of "commencement of the action" from the date VWoA was added to the case. Like Washington, Delaware employs a "relation back" analysis to determine when an action "commences" against a party. <u>See, e.g.</u>, <u>Schott v. Hechinger Co.</u>, No. Civ. A. 96C-06-012, 1997 WL 358306 (Del. Super. Ct., Mar. 20, 1997); <u>Mergenthaler v. Asbestos Corp. of North America</u>, 500 A.2d 1357 (Del. Super. Ct. 1985). Delaware courts also recognize that inexcusable delay and improper motives such as bad faith or dilatory tactics are appropriate factors to consider in determining relation back or commencement of an action under Del. R. Civ. Pro. 15. <u>See</u> <u>Hess v. Carmine</u>, 396 A.2d 173, 177 (Del. Super. Ct. 1978) and <u>Chrysler Corp. v. New Castle County</u>, 464 A.2d 75 (Del. Super. Ct. 1983)

10

An amended pleading adding a new party relates back <u>only</u> if the new claim arises out of the same transaction set forth in the original pleading and the plaintiff is able to show the new defendant (i) has received such notice of the action that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Del. R. Civ. Pro. 15 (c).  VWoA was prejudiced in its defense on the merits, as Mr. Collins was deceased and all discovery in the case was conducted prior to VWoA being served with Plaintiff's Amended Complaint. As there is no evidence that there was some sort of mistake, Plaintiff's Amended Complaint does not relate back under Delaware law.

Further, under Delaware law, an action is commenced only when "a plaintiff diligently seeks to bring a defendant into court and subject him to jurisdiction." <u>Russell v. Olmedo</u>, 275 A.2d 249 (Del. 1971); <u>Criswell v. McFadden</u>, No. Civ. A. 05-321, 2006 WL 435717 (D. Del., Feb. 23, 2006).  Here, the earliest step by Plaintiff to pursue VWoA in court was taken in August 2006, when the Motion to Amend was filed (although in fact the Plaintiff never presented the Motion to a judge until two months later).  The general rule is that a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.  <u>Hess v. Carmine</u>, 396 A.2d at 177.  At the time the original Complaint was drafted, Plaintiff knew (and certainly should have known) that VWoA was a proper defendant (as was confirmed by Mr. Collins' deposition).

### (3)    There is no Substantial Progress as to VWoA

The legislative history of the one-year bar indicates that its purpose is to prevent "removal after substantial progress has been made in state court."  H.R.Rep. No. 889, at 72(1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032.  However, substantial progress was **not**

made in state court: the late addition of VWoA started the case anew, and Plaintiff's conduct therefore supported denial of her Motion for Remand; **no** progress was made in this case. See, e.g., Saunders v. Wire Rope Corp., 777 F. Supp. 1281, 1285 (E.D. Va. 1991) ("[t]he purpose of the one year bar is to prevent removal where substantial progress on the case has been made in state court.  It was not intended to destroy the right of removal for out of state defendants, which the Supreme Court has said is an important statutory right . . . . [Ruling that commencement starts with initial filing when plaintiff deliberately delayed service] is at odds with the intent of section 1446(b), which was designed to discourage delays and inefficiencies in litigation, not to promote them").

Mr. Collins worked at a Volkswagen dealership for 14 years.  Mr. and Mrs. Collins obviously knew this.  Mr. Collins was in the best position to know the suppliers of the asbestos-containing products to which he might have been exposed over the course of his working career, including any at the Volkswagen dealership.  However, VWoA was not made a party to the case until 3 months after Mr. Collins died and the discovery period had elapsed, and was not served until 10 months after the case against the other defendants had commenced.  VWoA has therefore forever lost the chance to cross-examine Mr. Collins, the most important and knowledgeable witness in this case.

Had VWoA been expeditiously joined in the state action, it might have had the opportunity to attend the deposition of Mr. Collins, or to take a limited, supplemental deposition of Mr. Collins.  Nor was VWoA given the opportunity to depose Mr. Collins' co-workers unearthed by Plaintiff's counsel in the summer of 2006.  This pattern of conduct by Plaintiff is significant; Plaintiff has now sought a remand (and is now seeking to vacate the conditional transfer order) despite her own intentional delays, delays that may fairly be recognized as an

effort to prevent removal.  Plaintiff's delays have resulted in this case essentially "starting fresh"

with VWoA as the sole remaining defendant – there has been no "substantial progress" as to

VWoA.  Indeed, VWoA never had any opportunity to conduct any discovery at all.

Congress' express purpose in creating the one-year bar cannot be served by remanding

this case, as no substantial progress with respect to litigation between Plaintiff and VWoA has

been (or can be) stymied by the removal.  See Ardoine v. Stine Lumber Co., 298 F.Supp.2d 422

(W.D. La. 2003) ("merit discovery has not commenced, the case has not been set for trial, and

the class certification hearing has not been held.  Any discovery that has been conducted thus far,

would be transferable here.  In sum, the congressional concerns behind the one year bar are not

at issue here.  On the other hand, Plaintiffs' efforts to avoid removal to federal court, if

successful, would undermine the purpose of diversity jurisdiction") (citations omitted).

**(b)     If a Court Finds That One Year Has Passed Since
Commencement of the Action, VWoA is Entitled to a 17 Day
Equitable Exception Because of Plaintiff's Inequitable Conduct**

VWoA noted in its Answering Brief in Opposition to Remand that it is entitled to an

equitable extension of 17 days if it was determined that the one-year bar actually applied.  In

Ariel Land Owners, Inc. v. Dring, 351 F.3d 611 (3d Cir. 2003), the Third Circuit held that the

one-year bar is procedural, not jurisdictional, and must be timely raised (or the alleged defect is

waived).  Thus, principles of equity and fairness must enter the analysis.

Like the Third Circuit, the Fifth Circuit has held that the one-year bar of 28 U.S.C.

§ 1446 (b) is procedural, not jurisdictional.  See, e.g., Barnes v. Westinghouse Elec. Corp., 962

F.2d 513, 516 (5th Cir. 1992).  The Fifth Circuit has recognized that, like any procedural ruling,

the one-year bar is subject to equitable exceptions if the proper circumstances present

themselves.  See, e.g., Tedford v. Warner-Lambert Co., 327 F.3d 423, 426-27 (5th Cir. 2003).

13

Courts that have allowed for an equitable exception have done so when the delays are not the result of action taken by the removing defendant, and when in fact they are the result of the plaintiff's own manipulations of the system:  See, e.g., Rauch v. Rauch, 446 F. Supp. 432 (D. So. Car. 2006) (plaintiff tried to avoid removal by denying twice in removal proceedings that two diversity-destroying defendants were "sham defendants," and then voluntarily dismissing those same defendants after a year had lapsed; equitable exception was warranted).  As Plaintiff has clearly manipulated the court system for her own benefit and created the delays that are at issue here, equity should act to prevent her from arguing that a one-year bar applies.

While the Third Circuit has not yet addressed the issue of an equitable exception to the one-year bar, district courts within the Third Circuit have allowed for the possibility that an equitable exception could be granted under the right circumstances.  See, e.g., Lee v. Carter-Reed Co., No. 06-CV-1173 (DMC), 2006 WL 3511160 (D.N.J., Dec. 5, 2006), reconsideration denied, 2007 WL 81893 (D.N.J., Jan. 9, 2007); Stein v. Bayer Corp., No. Civ. 05-2476 (AET), 2005 WL 2000143 (D.N.J., Aug. 18, 2005).

No Third Circuit district court has addressed the situation present here, which would certainly be the "right circumstances" described -- a defendant being added in a case filed in an inconvenient forum, after discovery had been completed and the testifying witness had died, even though the Plaintiff knew that the new defendant was going to be identified in his case-in-chief.  Simply put, the reason why the removal of this case falls 1 year and 17 days after the original complaint was filed is due entirely to delays orchestrated by the Plaintiff and her counsel.

14

## IV.    CONCLUSION

The fact that a Motion to remand is pending is simply not reason enough to vacate this Panel's conditional transfer order.  Even if it were, however, the weakness of Plaintiff's claim of entitlement to a remand demonstrates that this case should proceed into the asbestos MDL without further delay.

For all of the foregoing reasons, VWoA respectfully requests that Plaintiff's Motion to Vacate Conditional Transfer Order 276 be denied in all respects.

Dated:  June 15, 2007

Respectfully submitted,

By _____

Steven T. Davis, Esquire (DE # 2731)
Obermayer Rebmann Maxwell &
Hippel, LLP
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA   15219

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Attorneys for Defendant Volkswagen of
America, Inc.

15

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I caused a copy of Defendant Volkswagen of

America, Inc.'s Response in Opposition to Plaintiff's Motion to Vacate Conditional Transfer

Order 276 and Brief in Support to be served upon Plaintiff's counsel, as well as those individuals

listed on the Panel Service List attached hereto.

Tiffany Newlin
Stefanie Major
Baron & Budd
The Centrum
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219-4281

Yvonne Takvorian Saville, Esquire
Weiss & Saville, P.A.
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE  19899

By: _____

Steven T. Davis, Esquire
Del. Bar No. 2731
Obermayer Rebmann Maxwell &
Hippel, LLP
3 Mill Road, Suite 306A
Wilmington, DE 19806

Alice S. Johnston, Esquire
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Counsel for Defendant,
Volkswagen of America, Inc.

**PANEL SERVICE LIST (Excerpted from CTO-276)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Mary M. Collins, etc. v. Metropolitan Life Insurance Co., et al.,* D. Delaware,
C.A. No. 1:07-149

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Sean R. Cox
Baron & Budd, P.C.
The Centrum
3102 Oak Lawn Avenue, Suite 100
Dallas, TX 75219-4281

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Steven T. Davis
Obermayer, Rebmann, Maxwell
 & Hippel LLP
3 Mill Road
Suite 306A
Wilmington, DE 19806

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Yvonne Takorian Saville
Michael Weiss, PA
1220 Market Street, Suite 604
Wilmington, DE 19801

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE

# EXHIBIT "A"

4088719

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARY M. COLLINS, Individually and as
Personal Representative of the Heirs and
Estate of JAMES DANIEL COLLINS,

        Plaintiff,

        vs.

VOLKSWAGEN OF AMERICA, INC.,

        Defendant.

**DEFENDANT VOLKSWAGEN OF
AMERICA, INC.'S ANSWERING
BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

1:07-cv-00149-***

Steven T. Davis, Esquire (DE # 2731)
Obermayer Rebmann Maxwell &
Hippel, LLP
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

Of Counsel:

Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Attorneys for Defendant Volkswagen of
America, Inc.

April 26, 2007

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

I.     INTRODUCTION .................................................................................................. 1

II.    STATEMENT AND NATURE OF PROCEEDINGS .................................................. 2

III.   SUMMARY OF ARGUMENT.................................................................................. 2

IV.    STATEMENT OF FACTS ...................................................................................... 3

V.     ARGUMENT ......................................................................................................... 5

    *A.*  *The Amount in Controversy is not in Question for Purposes oF Removal*..................... 6

    *B.*  *Diversity of Citizenship Exists* ..................................................................... 6

        1.   There is Complete Diversity Between Plaintiff and VWoA....................................... 7

        2.   Counsel for Plaintiff Conceded VWoA is the Last Defendant in the Case ............... 7

    *C.*  *Timing of the Removal was Proper -- VWoA Was Joined Late in the Action Due to Plaintiff's Own Actions* .................................................................................................... 7

        1.   The Case Was Removed Within 30 Days After it Became Removable..................... 8

        2.   The One Year Bar Has Not Expired With Respect to VWoA..................................... 9

            (a)   This Case Was Removed Well Within 1 Year After The Case Against VWoA Commenced .......................................................................................................... 10

                (1)   Recent Third Circuit and Other Case Law Indicates a More Fluid Analysis ... 10

                (2)   Relevant State Law Demonstrates That This Action Did Not "Commence" As to VWoA Until VWoA Was Added as a Party........................................................ 11

                (3)   Plaintiff's Conduct Bolsters VWoA's Commencement Argument ..................... 16

            (b)   If This Court Finds That One Year Has Passed Since Commencement of the Action, VWoA is Entitled to a 17 Day Equitable Exception Because of Plaintiff's Inequitable Conduct......................................................................................... 19

VI.    CONCLUSION...................................................................................................... 21

# TABLE OF AUTHORITIES

## <u>CASES</u>

<u>Angus v. Shiley, Inc.</u>, 989 F.2d 142 (3d Cir. 1993)..........................................................6

<u>Ardoine v. Stine Lumber Co.</u>, 298 F.Supp.2d 422 (W.D. La. 2003).............................18

<u>Ariel Land Owners, Inc. v. Dring</u>, 351 F.3d 611 (3d Cir. 2003) ...................................19

<u>Barnes v. Westinghouse Elec. Corp.</u>, 962 F.2d 513 (5th Cir. 1992)..............................19

<u>Barnett v. Sylacauga Autoplex</u>, 973 F. Supp. 1358 (N.D. Ala. 1997)...........................10

<u>Braud v. Transport Service Co. of Illinois</u>, 445 F.3d 801 (5th Cir. 2006)..............10, 11

<u>Carborundum Co. v. Electric Smelting & Aluminum Co.</u>, 203 F. 976 (3d Cir. 1913).................21

<u>Chaplake Holdings, Ltd. v. Chrysler Corp.</u>, 766 A.2d 1 (Del. 2001) ...........................12

<u>Chrysler Corp. v. New Castle County</u>, 464 A.2d 75 (Del. Super. Ct. 1983) .................15

<u>Criswell v. McFadden</u>, No. Civ. A. 05-321, 2006 WL 435717 (D. Del., Feb. 23, 2006) ............15

<u>Dimet Proprietary, Limited v. Industrial Metal Protectives</u>, 109 F. Supp. 472 (D. Del. 1952)....21

<u>Gasperini v. Center for Humanities, Inc.</u>, 518 U.S. 415 (1996) ...................................10

<u>Haberman v. Wash. Pub. Power Supply System</u>, 109 Wash.2d 107, 744 P.2d 1032, 750 P.2d 254

    (1997).........................................................................................................................13

<u>Haywood v. Tribeca Lending Corp.</u>, No. 2:06CV108-P-A, 2006 WL 2708578 (N.D. Miss., Sept.

    20, 2006) ...........................................................................................................10, 11

<u>Hess v. Carmine</u>, 396 A.2d 173 (Del. Super. Ct. 1978).........................................15, 16

<u>Ingersoll-Rand Co. v. Barnett</u>, No. 05-1636 (DRD), 2005 WL 2175461 (D.N.J., Sept. 7,

    2005) ....................................................................................................................10

<u>Int'l Fleet Auto Sales, Inc. v. Nat'l Auto Credit and Agency Rent-a-Car</u>, No. No. CIV. A. 97-

    CV-1675, 1999 WL 95258,(E.D. Pa. Feb. 22, 1999) ...................................................6

Lafferty v. St. Riel, 397 F. Supp.2d 602 (E.D. Pa. 2005) .............................................................. 10

Lee v. Carter-Reed Co., No. 06-CV-1173 (DMC), 2006 WL 3511160 (D.N.J., Dec. 5, 2006),

    reconsideration denied, 2007 WL 81893 (D.N.J., Jan. 9, 2007)................................................ 20

Mergenthaler v. Asbestos Corp. of North America, 500 A.2d 1357 (Del. Super. Ct. 1985)........ 14

Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214 (3d Cir. 1999) .................................... 6

Nicola Products Corp. v. Showart Kitchens, Inc., 682 F. Supp 171 (E.D.N.Y. 1988) ................... 9

Patterson v. American Bosch Corp., 914 F.2d 384 (3d Cir. 1990) ............................................... 10

Pierson v. Scott, No. C06-6503 PJH, 2007 WL 160924 (N.D. Cal., Jan. 17, 2007) .............. 10, 11

Provenza v. Yamaha Motor Co., Ltd., 295 F. Supp.2d 1175 (D. Nev. 2003) ............................... 10

Pub. Util. Dist. No. 1 v. Walbrook Ins. Co., 115 Wash.2d 339, 349, 797 P.2d 504 (1990) ......... 13

Rauch v. Rauch, 446 F. Supp. 432 (D. So. Car. 2006) ................................................................. 20

Russell v. Olmedo, 275 A.2d 249 (Del. 1971).............................................................................. 15

Sasser v. Ford Motor Co., 126 F. Supp.2d 1333 (M.D. Ala.2001)............................................... 10

Schott v. Hechinger Co., No. Civ. A. 96C-06-012, 1997 WL 358306 (Del. Super. Ct., Mar. 20,

    1997) ........................................................................................................................................ 14

South Hollywood Hills Citizen Ass'n v. King County, 101 Wash.2d 68, 677 P.2d 114

    (1984).................................................................................................................................. 12, 13

Stansfield v. Douglas County, 107 Wash. App. 20, 26 P.3d 935 (2001), aff'd, 146 Wash.2d 116,

    43 P.3d 498 (2002).................................................................................................................. 12

Stein v. Bayer Corp., No. Civ. 05-2476 (AET), 2005 WL 2000143 (D.N.J., Aug. 18, 2005) ..... 20

Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003).................................................... 19

Teller v. APM Terminals, Inc., 134 Wash. App. 696, 142 P.3d 179 (2006) ................................. 13

Tellinghuisen v. King County Council, 103 Wash.2d 221, 691 P.2d 575 (1984) ......................... 13

*Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980) .................................................................... 10

**STATUTES**

28 U.S.C. § 1332 (c) ..................................................................................... 7

28 U.S.C. § 1441 (a) ..................................................................................... 6

28 U.S.C. § 1446 (b) ............................................................................. passim

28 U.S.C. §1332 (a) .................................................................................. 5, 6

28 U.S.C. §1441(a) ...................................................................................... 5

**RULES**

Del. R. Civ. Pro. 15 ..................................................................................... 15

Del. R. Civ. Pro. 15 (c) .............................................................................. 15

Fed. R. Civ. Pro. 61 .................................................................................... 19

**OTHER AUTHORITIES**

H.R.Rep. No. 889, at 72(1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032 ............................. 16

# I.     INTRODUCTION

At issue before the Court in this case is a very simple question:  whether a Washington

plaintiff can have her case remanded to a Delaware state court (thwarting a defendant's right to

remove it) because she argues that the diverse defendant did not timely remove the case while

simultaneously manipulating the judicial process in the following ways:

- intentionally failing to include Volkswagen of America, Inc. ("VWoA"), a known "target defendant," in the initial action;

- completing substantive discovery in the case, including the taking of video trial testimony of the plaintiff while VWoA was not a party;

- intentionally continuing with a factual investigation of the case, designed to elicit VWoA-specific testimony, before adding VWoA as a defendant, serving it with process, or alerting it to the proceeding;

- delaying its motion seeking Court permission to amend the complaint to join the "target defendant" until after the death of the main plaintiff cut off any chance of discovery from him as a key witness;

- serving the late-joined defendant VWoA with original process approximately 10 months after commencement of the action against the other defendants;

- resolving the action against all other defendants but not formally marking the docket to reflect such resolutions; and

- attempting to force a remand of the diverse "target defendant" to state court less than three months after it was served merely because the removal occurred one year and 17 days after commencement of the initial action against the other defendants, and just one day after the "target defendant" learned of the existence of the grounds for removal.

Plaintiff intentionally manipulated the Delaware state court system to suit her own ends.

By waiting as long as possible to add VWoA as a defendant, she has deprived VWoA of

meaningful discovery.  As an added benefit, Plaintiff's intentional delays have also served to

create an additional opportunity to manipulate the federal courts as well.  Now that Plaintiff has

created this untenable situation, she argues that VWoA "waited too long" to remove this case and

demands a remand. First, of course, Plaintiff's argument is incorrect as a matter of law -- the one year bar did not commence until VWoA was added as a defendant.

Further, when viewed for what it is, Plaintiff's scheme must fall apart under its own weight. Plaintiff cannot game the system to create a pattern of delay, and then seek remand arguing that VWoA is the party who delayed. This is more than unclean hands or inequitable conduct; it is a calculated attempt to deprive VWoA of its rights to prepare its case in chief <u>and</u> its federally-granted forum. This matter should not be remanded, as to do so would serve to reward Plaintiff's conduct.

## II.    STATEMENT AND NATURE OF PROCEEDINGS

This case was originated in this Court by a Notice of Removal filed by VWoA on March 14, 2007, after learning it was the sole remaining defendant and that complete diversity therefore existed. Plaintiff has filed a Motion to Remand, alleging a violation of the "one year bar" on removal set forth in 28 U.S.C. § 1446 (b). This case will be transferred to the asbestos MDL in the Eastern District of Pennsylvania if it is not remanded.

## III.    SUMMARY OF ARGUMENT

The following facts are not disputed:

- Plaintiff's decedent, James Collins, was domiciled in the state of Washington;

- VWoA is domiciled in the states of New Jersey and Michigan;

- Plaintiff is claiming more than $75,000 in damages;

- VWoA is the last remaining defendant in this case, and removed it less than 30 days after being notified of that fact in writing; and

- This action was commenced against VWoA less than one year ago.

Plaintiff's arguments in favor of remand amount to empty semantics regarding an alleged 17 day delay in removing the case to federal court. Plaintiff has acted in a fashion that should

deprive her of the benefit of any semantic argument.  In an attempt to deprive VWoA of its

federally-granted right to remove this case, Plaintiff engaged in a series of intentional delays and

deliberate stall tactics to wind her purported "removal clock" down as far as she could, and then

proceed against VWoA alone without the impediment of a possible removal (or any other

parties).  Under legal and equitable principles, this cannot be tolerated, and this Court should

deny Plaintiff's Motion to Remand based on the law, the facts of record and her course of

conduct.  In summary:

1.    VWoA demonstrated the requirements of a diversity action, and removed the
      action less than 30 days after the action became removable.

2.    The one year bar has not been violated, as this action did not commence as to
      VWoA until it was belatedly joined as a new defendant.

3.    The Third Circuit has held that the one-year period for removal is a procedural
      bar, not a jurisdictional one.  Therefore, even if commencement of the one year
      bar <u>were</u> to be measured by the filing of the initial complaint in this matter,
      Plaintiff's improper conduct demands an equitable exception of 17 days to the one
      year procedural bar.

## IV.    STATEMENT OF FACTS

Plaintiff's action, as amended, seeks relief for injuries allegedly suffered by decedent

James Collins as a result of exposure to asbestos, including asbestos fibers allegedly shed from

products supplied by VWoA.  But when Plaintiff filed suit in the Superior Court of New Castle

County, Delaware on or about February 28, 2006, VWoA was not named as a defendant in the

action.  The New Castle County docket and the record of the case reveals the following:

■    James Daniel Collins and Mary M. Collins filed their action on February 28,
     2006.  VWoA was not named in the lawsuit, was not served with a copy of it, and
     was not otherwise notified of the action.  <u>See</u> Plaintiff's Complaint attached
     hereto as Exhibit A.

■    Plaintiff provided Answers to Interrogatories Directed to Plaintiff by all
     Defendants and Responses to Request for Production of Documents on May 26,
     2006, which included Mr. Collins' employment history (which made no reference

to any VWoA product but did reference employment at Brewington Motors and Hanson Motors, known to Plaintiff as a Volkswagen dealership) and records from the Social Security Administration confirming his employment at those dealerships. This discovery was not served on VWoA. See Plaintiff's Answers to Interrogatories and Responses to Request for Production of Documents attached hereto as Exhibit B.

- Plaintiff provided supplemental Answers to Interrogatories from June 7, 2006 until March 1, 2007, all of which included references to Mr. Collins' employment history. See Plaintiffs Supplemental Answers to Interrogatories attached hereto as Exhibit C.

- On August 10, 2006, Plaintiff James Daniel Collins was deposed, at which time VWoA was not a party to the lawsuit. VWoA was not provided with a copy of this transcript, but has since acquired a copy. For the first time, allegations relating to VWoA were made, as Mr. Collins testified regarding work on "Volkswagen vehicles" and with other "Volkswagen parts." See Notice of Deposition and Deposition Transcript of James Daniel Collins attached hereto as Exhibit D.

- Also in August 2006, Plaintiff's counsel began interviewing co-workers of Mr. Collins who also identified alleged VWoA exposures. This interview process included an initial phone call and follow-up personal interviews in Washington State by Baron & Budd employees. See selected portions of the depositions of Harold Foshaug, Richard Stewart, and Michael Matthews attached hereto as Exhibit E.

- On August 17, 2006, Plaintiffs filed a motion to amend their Complaint to add VWoA as a defendant, but did not present it to the Superior Court. This Motion was not served on VWoA. See Plaintiff's Motion to Amend the Complaint attached hereto as Exhibit F.

- The factual and non-medical discovery deadline in New Castle County, Delaware expired on or about September 10, 2006.

- On September 25, 2006, Mr. Collins passed away.[1]

- Plaintiff's Motion to Amend the Complaint to add VWoA as a defendant was finally presented to the Superior Court and granted on October 6, 2006. See Order Granting Plaintiff's Motion to Amend the Complaint attached hereto as Exhibit G.

---

[1] After Mr. Collins died, he was immediately cremated without an autopsy being performed. See Certificate of Death attached hereto as Exhibit J. Therefore, his lungs were not analyzed regarding what type and amount of asbestos fibers, if any, were present.

- On October 17, 2006, Plaintiff filed an Amended Complaint for the first time naming VWoA as a defendant in the action.  See Plaintiff's Amended Complaint attached hereto as Exhibit H.

- Depositions of co-workers of Mr. Collins took place on November 7 and 8, 2006, but VWoA had not yet been served with the suit (VWoA has since acquired copies).  See Exhibit E.

- VWoA was finally served with Plaintiff's Amended Complaint on December 11, 2006, after the close of discovery, nearly three months after the Plaintiff died.  See Sheriff's Return of Service upon VWoA attached hereto as Exhibit I.

## V.   ARGUMENT

According to 28 U.S.C. §1441(a), removal of a state civil action is proper where an action is brought in state court although the federal court would have had original jurisdiction of the matter.  Diversity of citizenship exists when the action involves citizens of different states and an amount in controversy that exceeds $75,000.  28 U.S.C. §1332 (a).  Removal must take place within 30 days after the case becomes removable.  There is also a procedural bar on removing actions one year after "commencement" of the action if the case was not initially removable.  28 U.S.C. § 1446 (b).  Only this final element is in dispute.

The timeline described in the Statement of Facts above demonstrates that Plaintiff has intentionally "hidden the ball" from VWoA since the time that the initial Complaint was filed in February of 2006.  This course of improper and deliberate conduct has severely prejudiced VWoA and is of direct relevance to her Motion to Remand.  Plaintiff and her counsel knew from the outset of this action that Mr. Collins worked at Brewington Motors and Hanson Motors, a Volkswagen dealership, and did nothing to add VWoA as a party.  This was confirmed by the records of the Social Security Administration detailing this employment, but Plaintiff did nothing to add VWoA as a party.  Plaintiff confirmed his alleged exposure to VWoA products in his own deposition, and Plaintiff did nothing to add VWoA as a party.  Plaintiff's counsel went to the

additional effort and expense to locate and interview Mr. Collin's co-workers at this dealership in the summer of 2006, and did nothing to add VWoA as a party. By not acting to join VWoA to the lawsuit, Plaintiffs and counsel allowed time to pass, Mr. Collins to die, and the discovery period to expire, before VWoA was made a party. Now, Plaintiff wishes to benefit from these intentional delays and deprive VWoA of its removal by clinging to an expiration of a one-year bar that she instigated. Even if the one year bar has expired (it has not), Plaintiff cannot profit from her own inequitable conduct.

### A.    THE AMOUNT IN CONTROVERSY IS NOT IN QUESTION FOR PURPOSES OF REMOVAL

A case "should be remanded only if the court determines that a reasonable jury could not return a verdict in excess of the jurisdictional amount." Int'l Fleet Auto Sales, Inc. v. Nat'l Auto Credit and Agency Rent-a-Car, No. CIV. A. 97-CV-1675, 1999 WL 95258, *4 (E.D. Pa. Feb. 22, 1999), citing Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) and Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 223 (3d Cir. 1999). Plaintiff does not contend that she is seeking less than $75,000 for her claims. VWoA does not challenge the amount of those claims at this time.

### B.    DIVERSITY OF CITIZENSHIP EXISTS

The removal statute authorizes removal of cases which originally might have been brought in federal court. 28 U.S.C. § 1441 (a). Assuming that, as here, the amount in controversy exceeds $75,000, diversity jurisdiction focuses on whether the parties are "citizens of different states." 28 U.S.C. § 1332 (a) (1). While the citizenship for an individual usually is relatively easy to determine by his domicile, a "corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of

business . . . ." 28 U.S.C. § 1332 (c) (1).

### 1.    There is Complete Diversity Between Plaintiff and VWoA

It is undisputed that Volkswagen of America, Inc. is incorporated in New Jersey and its

principal place of business is located at its corporate headquarters in Michigan.  Further, Mr.

Collins was a resident of the State of Washington.  Where the plaintiff is a legal representative of

the estate, citizenship is determined by the citizenship of the decedent, and not by his legal

representative.  28 U.S.C. §1332 (c).  Therefore, diversity of citizenship exists between Plaintiff

and VWoA.[2]

### 2.    Counsel for Plaintiff Conceded VWoA is the Last Defendant in the Case

There is no doubt that VWoA is the last remaining defendant in this case because the

Plaintiff herself has conceded that fact in writing.  See Exhibit C to VWoA's Notice of Removal;

Motion for Remand and Opening Brief.  Any defendants who technically remain parties to this

matter are nominal defendants who should be voluntarily dismissed or have settled with the

Plaintiff, and their presence is merely due to a backlog in the completion of paperwork and

execution of the voluntary dismissals and settlements.  Any such irregularities can be cured well

in advance of trial if they persist in any meaningful way.  Plaintiff does not challenge the

removal on this basis.

### C.    TIMING OF THE REMOVAL WAS PROPER -- VWOA WAS JOINED LATE IN THE ACTION DUE TO PLAINTIFF'S OWN ACTIONS

VWoA removed this matter as soon as it had the opportunity to do so, several months

---

[2] On information and belief, however, Mrs. Collins, the current named Plaintiff, is also a citizen of Washington.

after it was made a defendant, but one year and 17 days after the first complaint was filed against the other defendants. Plaintiff's reliance on a one-year bar misses the mark, however, because VWoA was not a part of the lawsuit initiated in February 2006. Under the applicable law (discussed in detail below), this action "commenced" as to VWoA when it was added as a new defendant.

Even if the action "commenced" in February 2006, however, this case should not be remanded on equitable grounds. To permit an alleged delay of 17 days against VWoA to act as an arbitrary and absolute bar to removal would violate the spirit of the removal statute and the Third Circuit's interpretation of that statute, particularly in light of the Plaintiff's unacceptable delay tactics. VWoA took no discovery in the case, and was in fact not joined as a party until after factual discovery had closed and Mr. Collins was deceased. Once VWoA was joined as a party defendant in the case (which was essentially over at that point for the bulk of the original defendants), all that VWoA shared with the initial action was a docket number. This was entirely due to Plaintiff's own intentional actions in delaying VWoA's entry into the matter (despite Mr. Collins' own knowledge of his work history and Plaintiff's counsel own additional factual investigation in the summer of 2006). Equity should act to bar remand.

### 1.   The Case Was Removed Within 30 Days After it Became Removable

28 U.S.C. § 1446 (b) provides that:

> the notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through
> service or otherwise, of a copy of the initial pleading setting forth
> the claim for relief upon which such action or proceeding is based,
> or within thirty days after ... the case ... has become removable,
> except that a case may not be removed on the basis of jurisdiction
> conferred by section 1332 [diversity of citizenship] of this title
> more than 1 year after **commencement** of the action."

(Emphasis added). The thirty-day period for removal is not jurisdictional, but failure to comply

with it will defeat a defendant's removal petition.  Nicola Products Corp. v. Showart Kitchens, Inc., 682 F. Supp 171, 172 (E.D.N.Y. 1988).  Accordingly, VWoA acted to quickly remove this matter within one week after learning informally that it was the last remaining defendant (because several parties settled the case), and one day after receiving written notice of that fact.

### 2.      The One Year Bar Has Not Expired With Respect to VWoA

Plaintiff claims that VWoA has violated the removal statute's one-year bar by filing its Notice of Removal on March 14, 2007 only because she claims this action was "commenced" on February 26, 2006 and the one year bar on removal has passed.  This Court should reject this argument.

Plaintiff is not seeking a remand because VWoA missed its deadline by a large margin such as two years.  Nor is she seeking remand because VWoA removed more than a year after it was added to the action and served.  Instead, Plaintiff is seeking remand because VWoA's removal came one year and 17 days after an action was commenced against 40 other defendants and only three months after VWoA was served with the Complaint.  Under these circumstances, even if Plaintiff's argument was correct, 17 days is not the sort of delay Congress intended to prevent.

Plaintiff misstates when an action "commences" as to a new defendant under the applicable law.  A more reasoned analysis of applicable case law confirms that **this action did not commence as to VWoA until it was actually made a party**.  Even if Plaintiff were correct (she is not), her pattern of conduct in intentionally delaying this case demands that an equitable exception be made for that 17-day delay.

     (a)     **This Case Was Removed Well Within 1 Year After The Case Against VWoA Commenced**

          (1)     **Recent Third Circuit and Other Case Law Indicates a More Fluid Analysis**

The analysis and interpretation of "commencement" of the action is not as black-and-white as Plaintiff suggests, especially given the procedural nature of the bar. Plaintiff cites Sasser v. Ford Motor Co., 126 F. Supp.2d 1333 (M.D. Ala. 2001), for the proposition that "commencement" for purposes of the one-year period of removal under 28 U.S.C. § 1446 (b) is defined <u>solely</u> as the initiation of the original complaint, and not the addition of any new parties.[3] The federal courts, including the United States Supreme Court and courts within the Third Circuit are in agreement that the question of "commencement" is governed by the applicable state's law, not any general rule. <u>See, e.g.</u>, <u>Gasperini v. Center for Humanities, Inc.</u>, 518 U.S. 415 (1996); <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740 (1980); <u>Patterson v. American Bosch Corp.</u>, 914 F.2d 384 (3d Cir. 1990); <u>Lafferty v. St. Riel</u>, 397 F. Supp.2d 602 (E.D. Pa. 2005); <u>Ingersoll-Rand Co. v. Barnett</u>, No. 05-1636 (DRD), 2005 WL 2175461 (D.N.J., Sept. 7, 2005); <u>see also</u> <u>Braud v. Transport Service Co. of Illinois</u>, 445 F.3d 801 (5th Cir. 2006); <u>Pierson v. Scott</u>, No. C06-6503 PJH, 2007 WL 160924 (N.D. Cal., Jan. 17, 2007); <u>Haywood v. Tribeca Lending Corp.</u>, No. 2:06CV108-P-A, 2006 WL 2708578 (N.D. Miss., Sept. 20, 2006); <u>Provenza v. Yamaha Motor Co., Ltd.</u>, 295 F. Supp.2d 1175 (D. Nev. 2003); <u>Barnett v. Sylacauga Autoplex</u>, 973 F. Supp. 1358 (N.D. Ala. 1997).

Proper usage of the applicable statue law standards results in a far different analysis than Plaintiff acknowledges when an entirely new defendant is added to an existing case. In <u>Braud v.</u>

---

[3] <u>Sasser</u> has never been cited in the Third Circuit. Further, it is not on point here, where the added defendant is the one who removed.

Transport Service Co., 445 F.3d 801 (5th Cir. 2006), the Fifth Circuit employed a Rule 15-equivalent "relation back" standard to analyze "commencement" under Louisiana law.  In doing so, the Court determined that an amendment that results in the addition of a new party (rather than the correction of a misnomer) **does not relate back** to the original complaint, and thus "commencement" was measured by the introduction of the new party.  Id. at 806-07 (analyzed under the Class Action Fairness Act).  Specifically, the Fifth Circuit observed that the addition of a new defendant "changes the character of the litigation so as to make it a substantially new suit," and therefore "the addition of the new defendant commences the lawsuit as to it."  Id. at 806; see also Pierson v. Scott, No. C06-6503 PJH, 2007 WL 160924 (N.D. Cal., Jan. 17, 2007) (no relation back under California law when action brought against new defendant; thus one-year removal bar began when new parties were added to existing complaint); Haywood v. Tribeca Lending Corp, No. 2:06CV108-P-A, 2006 WL 2708578 (N.D. Miss., Sept. 20, 2006) (addition of new defendant recommenced the action as to that defendant).

Under the circumstances presented here, a reevaluation of the applicable standards is warranted; commencement is not defined as simply as Plaintiff claims.  Moreover, the facts and circumstances in this case dramatically demonstrate that the joinder of VWoA did in fact, in this case, change the character and nature of the action so as to make it a substantially new suit.

   (2) **Relevant State Law Demonstrates That This Action Did Not "Commence" As to VWoA Until VWoA Was Added as a Party**

     (i) Washington Law

Mr. Collins was domiciled in Washington during all relevant periods of his working life.  There is no question that Washington law applies to this action despite Plaintiffs' curious choice

of Delaware as a forum (none of the transactions or occurrences giving rise to the suit took place in Delaware, and none of the relevant fact or other witnesses reside in Delaware).[4]  As part of its choice of law analysis, Delaware will apply the procedural law of a foreign state when those procedures are inseparable from the substantive law in question.  Chaplake Holdings, Ltd. v. Chrysler Corp., 766 A.2d 1 (Del. 2001).  Given that VWoA's very right to remove the case and proceed in federal court is implicated by Plaintiff's Motion, the question of commencement should be determined by Washington law.

Under Washington law, an amended pleading adding a new party relates back only if the new claim arises out of the same transaction set forth in the original pleading and the plaintiff is able to show the new defendant (i) received notice of the action within the statute of limitations such that he or she is not prejudiced in defending on the merits, and (ii) knew or should have known that, but for mistaken identity[5], the plaintiff would have brought the action against him or her in the first instance.  If the complaint does not relate back, the lawsuit is deemed to have "commenced" when the new party is added.  In addition, the plaintiff must show the delay in adding the new party is not due to inexcusable neglect or a conscious decision, strategy, or tactic. Stansfield v. Douglas County, 107 Wash. App. 20, 28-29, 26 P.3d 935 (2001), aff'd, 146 Wash.2d 116, 43 P.3d 498 (2002).  The inexcusable neglect rule must be satisfied in addition to the two requirements set forth above.  South Hollywood Hills Citizen Ass'n v. King County, 101 Wash.2d 68, 677 P.2d 114 (1984).

The Supreme Court of Washington has repeatedly adhered to the judicially imposed rule

---

[4] In pleadings filed in the Delaware Superior Court, Plaintiff has admitted that Washington law applies to this action.

[5] It should be noted that none of the 40 original defendants to the action are related to VWoA, or have confusingly similar names.  "Mistaken identity" is not an issue in this case.

that relation back is not allowed if the failure to include a party was due to inexcusable neglect if the identity of the late-joined party was readily ascertainable and the plaintiff nevertheless did not make them a defendant. See, e.g., Teller v. APM Terminals, Inc., 134 Wash. App. 696, 142 P.3d 179 (2006). For example, plaintiffs' neglect was held to be inexcusable in North Street Ass'n v. Olympia, 96 Wash.2d 359, 635 P.2d 721 (1981) because the plaintiffs were at all relevant times aware of the parties who should have been named in the initial lawsuit and yet still failed to name them Id. at 368-69, 635 P.2d 721. Similarly, in South Hollywood Hills Citizen Ass'n v. King County, 101 Wash.2d 68, 677 P.2d 114 (1984), the Court again found plaintiffs' failure to name proper parties in their initial Complaint was inexcusable due to the fact that the identity of the proper parties was readily available to the plaintiffs upon filing the Complaint. Id. at 78, 677 P.2d at 120. Likewise, in Tellinghuisen v. King County Council, 103 Wash.2d 221, 691 P.2d 575 (1984) the Court again held that plaintiff's neglect in omitting the indispensable party parties was inexcusable (the identity of the omitted parties was a matter of public record and amendment relating back to date of original pleading was not permissible).

Inexcusable neglect exists when no reason for the initial failure to name the party exists. Under Washington law, improper motives, bad faith, or an obvious "strategy" of delay are **not** required showings. If the proper defendants are apparent, or are ascertainable upon a reasonable investigation, the failure to name them in the original complaint will be held inexcusable, and prevent the relation back of an amendment adding a new defendant (thus commencing a new action against that new defendant). See Haberman v. Wash. Pub. Power Supply System, 109 Wash.2d 107, 744 P.2d 1032, 750 P.2d 254 (1997); Pub. Util. Dist. No. 1 v. Walbrook Ins. Co., 115 Wash.2d 339, 349, 797 P.2d 504 (1990).

Under these standards, Plaintiff's failure to name VWoA originally as a defendant was

**indisputably** the result of inexcusable neglect.  Mr. and Mrs. Collins were the only parties to the initial lawsuit who knew (or should have known) that VWoA was a target of their claims.  The record clearly shows that Plaintiffs knew the identity of VWoA as a potential party (and in fact, a "target defendant") prior to filing the initial Complaint (since Mr. Collins worked at a business that was a VWoA dealership).  Plaintiff had in her possession Social Security Administration records that confirmed Mr. Collins' employment, and her counsel even marked them up to relate them to the "work history sheet" ("WHS") *alleging asbestos exposure at that location*.  See Exhibit B.

VWoA has already set forth a timeline demonstrating that the Plaintiff engaged in an intentional pattern of conduct designed to delay VWoA's entry into the lawsuit; certainly the legal standard of "inexcusable neglect" is satisfied by Plaintiff's deliberate actions.  There can be no serious debate that failure to include VWoA when the original suit was filed was a conscious delay tactic by Plaintiff constituting "inexcusable neglect."  Plaintiff should not be permitted to benefit any further from her tactics.  Thus, Plaintiff's Amended Complaint does not relate back under Washington law.

### (ii) Delaware Law

Even if Washington law is not applied, Delaware law also supports "commencement of the action" being measured from the date VWoA was added to the case.  Like Washington, Delaware employs a "relation back" analysis to determine when an action "commences" against a party.  See, e.g., Schott v. Hechinger Co., No. Civ. A. 96C-06-012, 1997 WL 358306 (Del. Super. Ct., Mar. 20, 1997) (commencement of an action is defined by use of the Rule 15 "relation back" standard); Mergenthaler v. Asbestos Corp. of North America, 500 A.2d 1357 (Del. Super. Ct. 1985) (same).  Delaware Courts also recognize that inexcusable delay and

improper motives such as bad faith or dilatory tactics are appropriate factors to consider in determining relation back or commencement of an action under Del. R. Civ. Pro. 15. See Hess v. Carmine, 396 A.2d 173, 177 (Del. Super. Ct. 1978) and Chrysler Corp. v. New Castle County, 464 A.2d 75 (Del. Super. Ct. 1983)

Under Delaware law, an action will commence as of the filing of an amendment to add a new party unless the amendment relates back to the original filing. An amended pleading adding a new party relates back only if the new claim arises out of the same transaction set forth in the original pleading and the plaintiff is able to show the new defendant (i) has received such notice of the action that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Del. R. Civ. Pro. 15 (c). VWoA was prejudiced in defending on the merits, as Mr. Collins was deceased and all discovery in the case was conducted prior to VWoA being served with Plaintiff's Amended Complaint. Mr. Collins was deposed and died before VWoA was joined or served, so that VWoA never had, and never will have, an opportunity to cross-examine him. Furthermore, as there is no evidence that there was some sort of mistake (as Mr. Collins certainly testified about alleged exposure to VWoA products at his deposition), Plaintiff's Amended Complaint does not relate back under Delaware law.

Further, under Delaware law, an action is commenced only when "a plaintiff diligently seeks to bring a defendant into court and subject him to jurisdiction." Russell v. Olmedo, 275 A.2d 249 (Del. 1971); Criswell v. McFadden, No. Civ. A. 05-321, 2006 WL 435717 (D. Del., Feb. 23, 2006). Here, the earliest Plaintiff made any efforts at all to pursue VWoA in court was August of 2006 when the Motion to Amend was filed (although in fact the Plaintiff never

presented the Motion to a judge until two months later). However, this does not demonstrate

diligence -- instead, it is further evidence of Plaintiff's pattern of delays and sharp practice. The

general rule is that a motion to amend should be made as soon as the necessity for altering the

pleading becomes apparent. Hess v. Carmine, 396 A.2d at 177. At the time the original

Complaint was drafted, Plaintiff knew (and certainly should have known) that VWoA was a

proper defendant. At the time of Mr. Collins' deposition, any doubts regarding actual knowledge

versus neglect were moot. Thus, Plaintiffs and counsel strategically and deliberately waited until

the close of discovery to serve VWoA with the Amended Complaint.

### (3)   Plaintiff's Conduct Bolsters VWoA's Commencement Argument

Plaintiff refers to the legislative history of the passage of the one-year bar, noting the

House Report emphasized that it would prevent "removal after substantial progress has been

made in state court." H.R.Rep. No. 889, at 72(1988), reprinted in 1988 U.S.C.C.A.N. 5982,

6032. However, substantial progress has **not** been made in state court: on the contrary, the late

addition of VWoA has started the case anew, and Plaintiff's conduct therefore supports denial of

her Motion for Remand; **no** progress has been made in this case. See, e.g., Saunders v. Wire

Rope Corp., 777 F. Supp. 1281, 1285 (E.D. Va. 1991) ("[t]he purpose of the one year bar is to

prevent removal where substantial progress on the case has been made in state court. It was not

intended to destroy the right of removal for out of state defendants, which the Supreme Court has

said is an important statutory right . . . . [Ruling that commencement starts with filing when

plaintiff deliberately delayed service] is at odds with the intent of section 1446(b), which was

designed to discourage delays and inefficiencies in litigation, not to promote them").

Plaintiff's tactic of not naming VWoA as an original defendant in the initial state action

is, to put it mildly, curious. Every version of the Complaint, the answers to interrogatories and

Mr. Collins' own employment records allege that Mr. Collins was employed as a mechanic at Brewington Motors and Hanson Motors in Olympia, Washington from 1971 through 1085. Brewington Motors was, and Hanson Motors still is, an independently-owned Volkswagen dealership. Because Mr. Collins worked there for 14 years, Mr. and Mrs. Collins obviously knew this. Mr. Collins was in the best position to know the suppliers of the asbestos products he might have been exposed to over the course of his working career, including at the Volkswagen dealership. VWoA was not present at Mr. Collins' deposition because it was not a party to the case due to Plaintiff's own actions. VWoA was not made a party to the case until <u>3 months</u> after Mr. Collins died and the discovery period had elapsed, and was not served until <u>10 months</u> after the case against the other defendants had commenced. These delays made it impossible for VWoA to question Mr. Collins before his death, and have served to inordinately complicate this matter.

VWoA has forever lost the chance to cross-examine Mr. Collins, the most important and knowledgeable witness in this case. Mr. Collins' deposition was taken on August 10, 2006, at a time when he and his counsel clearly already knew[6] of his alleged exposures, but VWoA was not a party to the action. Thus, while he was actively identifying VWoA parts and materials as among those to which he had been exposed, VWoA was deprived of the opportunity to inquire and make a record to protect its interests. Plaintiff's counsel was even engaged in its own investigation of the dealership in Washington during the summer of 2006, interviewing co-workers to allegedly substantiate Mr. Collins' testimony -- nevertheless, VWoA was not added.

_____

[6] Indeed, Mr. Collins knew of the alleged exposures from the outset, and his counsel knew of the alleged claims against VWoA at least from the time that Mr. Collins' work history was obtained and initial discovery responses were prepared. Further, the social security printouts obtained and provided with Supplemental Answers to Interrogatories demonstrate that Mr. Collins was employed by Brewington and Hanson, and this was additional information available to Plaintiff and not to defendants.

Now Plaintiff seeks to deprive VWoA of its right to remove the case to federal court.

Had VWoA been expeditiously joined in the state action, it might have had the opportunity to take a limited, supplemental deposition of Mr. Collins. Because of Mr. Collins' death in late September of 2006, however, VWoA never had that opportunity. Nor was VWoA given the opportunity to depose Mr. Collins' co-workers unearthed by Plaintiff's counsel in the summer of 2006. This pattern of conduct by Plaintiff is significant; Plaintiff is now seeking a remand despite her own intentional delays, delays that may fairly be deemed an effort to prevent removal. Plaintiff's delays have resulted in this case essentially "starting fresh" with VWoA as the sole remaining defendant – there has been no "substantial progress" as to VWoA. This is made clearer by the fact that Plaintiff agreed to remove this case from the Delaware Superior Court's trial list expressly because of her own delays. As a result, Congress' express purpose in creating the one year bar cannot be served by remanding this case, as no substantial progress with respect to litigation between Plaintiff and VWoA has been (or can be) stymied by the removal. See Ardoine v. Stine Lumber Co., 298 F.Supp.2d 422 (W.D. La. 2003) ("Section 1446(b)'s one year bar on removal was enacted to prevent removal of a case wherein substantial progress had been made in state court. Here, discovery has been proceeding apace in the state court (and here following removal), and numerous discovery rulings have been issued. Yet, merit discovery has not commenced, the case has not been set for trial, and the class certification hearing has not been held. Any discovery that has been conducted thus far, would be transferable here. In sum, the congressional concerns behind the one year bar are not at issue here. On the other hand, Plaintiffs' efforts to avoid removal to federal court, if successful, would undermine the purpose of diversity jurisdiction") (citations omitted).

> **(b)** **If This Court Finds That One Year Has Passed Since Commencement of the Action, VWoA is Entitled to a 17 Day Equitable Exception Because of Plaintiff's Inequitable Conduct**

The analysis of state law discussed above, especially viewed in light of the Plaintiff's conduct, should end this Court's analysis. Nonetheless, if this Court determines that the one-year bar should begin upon filing of the initial action not naming VWoA, VWoA asserts that it is entitled to an equitable extension of 17 days.

The Third Circuit disagrees with Plaintiff's characterization of the one year bar set forth in 28 U.S.C. § 1446 (b) as "mandatory." In <u>Ariel Land Owners, Inc. v. Dring</u>, 351 F.3d 611 (3d Cir. 2003), the Court in fact held that the one-year requirement is <u>procedural</u>, not jurisdictional, and must be timely raised or the alleged defect is waived. Thus, the analysis is not as simple as reference to a "mandatory" provision; principles of equity and fairness must enter the analysis. <u>See, e.g.</u>, Fed. R. Civ. Pro. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties").

Like the Third Circuit, the Fifth Circuit has held that the one-year bar of 28 U.S.C. § 1446 (b) is procedural, not jurisdictional. <u>See, e.g.</u>, <u>Barnes v. Westinghouse Elec. Corp.</u>, 962 F.2d 513, 516 (5th Cir. 1992). As a result, the Fifth Circuit has also recognized that, like any procedural ruling, the one-year bar is subject to equitable exceptions if the proper circumstances present themselves. <u>See, e.g.</u>, <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423, 426-27 (5th Cir. 2003) ("Congress may have intended to limit diversity jurisdiction, but it did not intend to allow plaintiffs to circumvent it altogether. Strict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction . . . . Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in <u>§ 1446(b)</u>

be extended. The facts of this case present just such a circumstance").  As Plaintiff has clearly manipulated the court system for her own benefit and created the delays that are at issue here, equity should act to prevent her from arguing that a one year bar applies in this case.

While the Third Circuit has not yet addressed the issue of an equitable exception to the one-year bar, district courts within the Third Circuit have allowed for the possibility that an equitable exception could be granted under the right circumstances.  See, e.g., Lee v. Carter-Reed Co., No. 06-CV-1173 (DMC), 2006 WL 3511160 (D.N.J., Dec. 5, 2006), reconsideration denied, 2007 WL 81893 (D.N.J., Jan. 9, 2007) ("Flowing from [the Ariel] decision, it appears that taking equitable exceptions to the one-year bar may be appropriate because, unlike jurisdictional bars, courts are free to take equitable exceptions to procedural bars;" equitable exception not warranted in the case because defendants failed to show any inequitable conduct); Stein v. Bayer Corp., No. Civ. 05-2476 (AET), 2005 WL 2000143 (D.N.J., Aug. 18, 2005) (although plaintiff deliberately modified his damages award after the one-year bar had passed, defendants were not entitled to an equitable exception because they could have determined the damages claim as soon as the case began under applicable New Jersey law).

Courts that have allowed for an equitable exception have done so when the delays are not the result of action taken by the removing defendant, and when in fact they are the result of the plaintiff's own manipulations of the system:  See, e.g., Rauch v. Rauch, 446 F. Supp. 432 (D. So. Car. 2006) (plaintiff "hid the ball" to avoid removal by denying twice in removal proceedings that two diversity-destroying defendants were "sham defendants," and then voluntarily dismissing those same defendants after a year had lapsed; equitable exception was warranted). No Third Circuit district court has addressed the situation present here – a defendant being added in a case filed in an inconvenient forum, after discovery had been completed and the testifying

witness had died, even though the Plaintiff knew that the new defendant was going to be identified in his case-in-chief. Simply put, the reason the removal of this case falls 1 year and 17 days after the original complaint was filed is due entirely to delays orchestrated by the Plaintiff and her counsel. It is a long-standing principle in the Third Circuit and this Court that a party will not be permitted by a court of equity to take advantage of his own wrong. <u>Carborundum Co. v. Electric Smelting & Aluminum Co.</u>, 203 F. 976 (3d Cir. 1913); <u>Dimet Proprietary, Limited v. Industrial Metal Protectives</u>, 109 F. Supp. 472 (D. Del. 1952).

Plaintiff's actions in this case are the **definition** of inequitable conduct and justify this Court in applying an equitable exception to prevent her from profiting from her improper conduct.

## VI.    CONCLUSION

In considering the equities of this case, this Court should recognize that the Plaintiff herself is the sole cause for any delays in the removal of this case. That fact is indisputable and should form the basis of this Court's denial of Plaintiff's Motion. Plaintiff has gamed the system by filing her case in an inconvenient forum, adding VWoA three months after her chief witness had died and discovery had concluded, and then settling with or dismissing all other defendants just after one year had passed. VWoA has already been severely prejudiced by the loss of discovery of the decedent – VWoA should not be further prejudiced by allowing a 17 day lapse over one year when the case has not substantially progressed as to VWoA due to Plaintiff's own machinations of the system.

For all of the foregoing reasons, VWoA respectfully requests that Plaintiff's Motion to Remand be denied in all respects.

Dated:  April 26, 2007

                      Respectfully submitted,

                      OBERMAYER REBMANN MAXWELL
                        & HIPPEL LLP

By:      /s/ Steven T. Davis
                      Steven T. Davis, Esquire (DE # 2731)
                      Obermayer Rebmann Maxwell &
                      Hippel, LLP
                      Del. Bar No. 2731
                      3 Mill Road, Suite 306A
                      Wilmington, DE  19806

                      Of Counsel:

                      Alice S. Johnston, Esquire
                      Obermayer Rebmann Maxwell &
                      Hippel, LLP
                      One Mellon Center
                      500 Grant Street, Suite 5240
                      Pittsburgh, PA   15219

                      Robert E. Thackston, Esquire
                      Hawkins Parnell & Thackston, LLP
                      4514 Cole Avenue, Suite 550
                      Dallas, TX  75205

                      Attorneys for Defendant Volkswagen of
                      America, Inc.