

**MDL 875-1**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 24 2007

FILED
CLERK'S OFFICE

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: | ASBESTOS PRODUCTS LIABILITY § | |
| | LITIGATION (No. IV) § | MDL DOCKET NO. 875 |
| | § | |

*Victor Cruz vs. BNSF Railway Company*; United States District Court, Eastern District of Washington, Spokane Division, Cause No. 06-CV-5066-FVS.

## MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER 281

PLEASE TAKE NOTICE THAT Plaintiff Victor Cruz, by his attorneys, hereby moves to vacate Conditional Transfer Order No. 281 ("CTO 281") to the extent that it would transfer his case to the Eastern District of Pennsylvania for consolidation with Multidistrict Litigation Docket No. 875 ("MDL 875) cases. Plaintiff's case does not share common issues of fact with MDL 875 sufficient to support transfer. Alternatively, the convenience of the parties and witnesses, and judicial efficiency mandate that the case not be transferred. The United States District Court, Eastern District of Washington is better situated to decide the factual issues and legal questions raised by Plaintiff's Complaint, to coordinate pretrial proceedings and to conduct trial. For these reasons and those discussed in detail below, Plaintiff respectfully requests that the Judicial Panel vacate CTO 281.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

1.    On August 24, 2006, Plaintiff Victor Cruz filed a Complaint against Defendant BNSF Railway Company in the United States District Court, Eastern District of Washington, Cause No. 2:06-cv-05066-FVS for personal injuries he sustained in the course and scope of his employment with Defendant. Defendant BNSF attached a copy of Plaintiff's Complaint to its

1

**OFFICIAL FILE COPY**

IMAGED JUL 2 5 2007

June 7, 2007 request for "tag along" transfer. For convenience, another copy of Plaintiff's Complaint is being submitted contemporaneously with this Motion as **Exhibit A** to the Affidavit of Kathryn M. Kohn ("Kohn Aff.").

2.      Count I of Plaintiff's Complaint sets forth a claim of negligence against Defendant arising under the Federal Employers' Liability Act ("FELA") for occupational injuries to Plaintiff's lungs.

3.      Count II of Plaintiff's Complaint sets forth a separate claim against Defendant arising under the FELA for occupational injuries to Plaintiff's hearing.

4.      Count III of Plaintiff's Complaint sets forth a separate claim against Defendant arising under the FELA for occupational injuries to Plaintiff's body, specifically his low back, knees and hips.

5.      On December 5, 2006, Defendant answered Plaintiff's Complaint. It did not name any third-party Defendants in its answer. Defendant has not joined, or attempted to join, any additional parties to this cause of action.

6.      On May 2, 2007 the Eastern District of Washington granted the parties joint motion for continuance. Discovery is to be completed in the Eastern District by January 14, 2008. Plaintiff's case is set for trial in the Eastern District of Washington on May 12, 2008.

7.      By letter dated June 7, 2007, Defendant requested that this case be transferred to MDL 875 as a tag-along action describing this case incorrectly as an "asbestos case." On June 22, 2007, the Panel issued CTO 281, conditionally transferring this case to the Eastern District of Pennsylvania.

8.      On July 5, 2007, Plaintiff filed with the Panel a Notice of Opposition to CTO 281.

2

9.      On July 23, 2007 Plaintiff filed a Motion to Sever Count I of Plaintiff's Complaint from Counts II and III.  This Motion is to be heard in the Eastern District of Washington on October 10, 2007 by the Honorable Fred Van Sickle.

10.     Plaintiff's primary physician for his lungs (Count I of his Complaint) is James Campbell, M.D.   Dr Campbell. is located in Pasco, Washington.  (See Kohn Aff. ¶ 2.)

11.     Plaintiff's primary physician for his back, knees and hips (Count III of his Complaint) is Arthur Ginsberg, M.D.   Dr. Ginsberg is located in Richland, Washington.  (See Kohn Aff. ¶ 3.)

12.     Plaintiff anticipates using Stephen J. Morrissey as an expert liability witness with respect to Plaintiff's occupational injuries to his back, knees and hips.  Dr. Morrissey is located in Aloha, Oregon. (See Kohn Aff. ¶ 4.)

13.     Plaintiff anticipates that his co-workers located in Washington and treating physicians located in Washington will testify regarding the physical work of a bridge tender that may have caused injury to Plaintiff's  back, knees and hips. (See Kohn Aff. ¶ 5.)   This testimony will likely include things such as walking on uneven surfaces, climbing steps or ladders, repetitive tasks in awkward positions, and any awkward or heavy lifting.

14.     Plaintiff anticipates that his expert witnesses related to Count II for occupational noise-induced hearing loss will be Alice Suter, Ph.D., David Lipscomb, Ph.D., and Robert Dobie, M.D. Drs. Suter and Lipscomb are located in the state of Washington.  Dr. Dobie is located in Sacramento, California.  Plaintiff anticipates that he would also rely on testimony from railroad personnel who tested Plaintiff's hearing in and around the state of Washington.  Plaintiff also

underwent an independent hearing evaluation in Richland, Washingotn with audiologist Aaron Turgoose.  (See Kohn Aff. ¶¶ 6, 7.)

15.     Plaintiff Cruz began employment with Defendant BNSF on April 14, 1970.  He worked for Defendant for the next thirty plus years in or around the state of Washington mostly as a bridge tender/operator.  The two bridges Mr. Cruz operated for most of his career were the Snake River Bridge and Columbia River Bridge.  Mr. Cruz retired on or about December 31, 2000.

16.     Within the last few years, Plaintiff's health began to deteriorate.  Plaintiff was first diagnosed with asbestosis within three years of filing his Complaint against Defendant.  His only exposure to asbestos was in the course of his employment with Defendant.

17.     Since the filing of Plaintiff's FELA claims against Defendant, his health has significantly deteriorated.  Recently, Plaintiff was forced to move-in with his daughter so that she could assist in caring for him.  His prognosis is poor and he is currently 69 years old.  (See Kohn Aff. ¶ 9.)

## LEGAL ARGUMENT

### I.    PLAINTIFF'S FELA CASE AGAINST HIS EMPLOYER SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF WASHINGTON.

Congress has established that:

(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district

> from which it was transferred unless it shall have been previously terminated:
> Provided, however, That the panel may separate any claim, cross-claim,
> counter-claim, or third-party claim and remand any of such claims before the
> remainder of the action is remanded.

28 U.S.C. § 1407(a) (2007).

## A.     This Case Does not Involve Common Questions of Fact Sufficient for Transfer to MDL 875.

*In re Asbestos Products Liability Litigation (No. VI, Docket No. 875)* was initiated by the

Panel on MultiDistrict Litigation to consolidate for "pretrial proceedings" pending litigation in

federal courts which "involved common questions of fact related to injuries or wrongful death

**caused by asbestos products**." 771 F. Supp. 415 (MDL 1991)(emphasis added). The MDL

Panel was trying to remedy a "frustrating problem" that had become "a disaster of major

proportions to both the victims and the **producers of asbestos products**." Id. at 418 (quoting

the Judicial Conference Ad Hoc Committee on Asbestos Litigation)(emphasis added).

Under the Federal Employers' Liability Act, BNSF has a non-delegable duty to provide

its workers, including Plaintiff, with a safe place to work. 45 U.S.C.S. § 51 *et seq.* The FELA

provides that, "every common carrier by railroad . . . shall be liable in damages to any person

suffering injury while he is employed by such carrier . . . for such injury or death resulting in

whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

45 U.S.C. § 51. Congress enacted the FELA to "shift part of the 'human overhead' of doing

business from employees to their employers." E.g., CONRAIL v. Gottshall, 512 U.S. 532, 542

(1994).

Consistent with the humanitarian remedial nature of the FELA, and the express terms of

the FELA, a worker is entitled to recover his entire damages from a railroad whose negligence

5

jointly caused an injury, thus placing on the railroad the burden of seeking contribution from other tortfeasors. Norfolk & Western Railway Co. v. Ayers et al., 538 U.S. 135 (2003). A railroad has no right to contribution or indemnification under the FELA, rather its right of contribution or indemnification from a liable third-party is governed by state law. Waisonovitz v. Metro-North Commuter R.R., 462 F. Supp. 2d 292, 294 (D. Conn. 2006)(citing Gaulden v. Burlington Northern, Inc., 654 P.2d 383 (Kan. 1982)). The purpose of the FELA is to provide a remedy for an injured employee to recover his losses from a negligent employer. Id. While the FELA does not prohibit a negligent railroad from seeking contribution from third-parties, it also does not provide for it. Instead, the railroad must seek that remedy. Feinaugle v. Pittsburgh and Lake Erie Railroad Co., 595 F. Supp. 316, 317 (W.D. Penn 1983)(recognizing that defendant may join a third-party defendant in an FELA action for contribution or indemnity). In this case, BNSF has chosen not to do so.

Victor Cruz v. BNSF Railway Co., is a civil lawsuit for personal injuries Mr. Cruz sustained in the course and scope of his employment with Defendant BNSF. Count I of Plaintiff Cruz's Complaint alleges a lung injury caused by occupational exposure to asbestos. It is against his employer under the FELA, not a producer or manufacturer of asbestos products, or any other third-parties. BNSF had the opportunity to join any third parties to this cause of action, and did not do so.

Issues of fact and law associated with pretrial proceedings against producers of asbestos in MDL 875 are separate and distinct from the issues of fact and law arising under the FELA in Cruz v. BNSF. To the extent that any such issues may overlap, they are overshadowed by the predominant feature of an FELA case which is the duty of BNSF to provide to its workers a

6

reasonably safe place to work.  It is BNSF's failure to protect its workers, including Plaintiff, against the known risks of asbestos exposure that dominates Count I of Plaintiff's Complaint.

Factual and legal issues surrounding the manufacture and production of asbestos products are not the gravamen of Plaintiff's Complaint.  Count I involves BNSF's breach of its non-delegable duty to provide a safe place to work resulting in Plaintiff's asbestos exposure and subsequent injury to his lungs.  Irrespective of that duty, BNSF has not brought a third-party complaint against producers or manufacturers of asbestos in this case, nor has BNSF identified what "common questions of fact" prevail in this employee-employer FELA action.  The purpose of MDL 875 is to rectify wrongs committed by producers of asbestos.  Common questions of fact to this case are simply not sufficient for it to be transferred as a "tag along" action.

Moreover, Counts II and III of Plaintiff's Complaint share no common facts with the asbestos MDL.  These Counts are for occupational injuries to Plaintiff's back, knees, hips and hearing.  They are separate injuries from Plaintiff's asbestos related lung injury and share no common issues of fact with MDL 875.

A transfer to MDL 875 is therefore not appropriate, and Plaintiff respectfully requests that CTO 281 be vacated as it applies to this case.

**B.     The Convenience of the Parties and Witnesses and Judicial Efficiency will Not be Promoted by Transfer to MDL 875.**

The mere existence of common questions of fact is not sufficient for an action to be transferred pursuant to Section 1407.  The other requirements of the statute must be satisfied.  Convenience of the parties and witnesses and the just and efficient conduct of the litigation must be enhanced for a Section 1407 transfer.  In re Asbestos School Products Liability Litigation, 606

7

F. Supp. 713 (MDL 1985)(finding §1407 transfer would not serve convenience of parties and witnesses and would not further judicial efficiency despite common questions of fact); In re Brandywine Associates Antitrust and Mortgage Foreclosure Litigation Docket No. 228, 407 F. Supp. 236 (MDL 1976)(denying transfer where there were some common factual issues, but those issues were outweighed by inconvenience to witnesses and litigants and discovery which were all local); In re Truck Accident Near Alamagordo, New Mexico, 387 F. Supp. 732 (MDL 1975)(identical issues of fact insufficient to transfer case where other statutory requirements not met for transfer); In re Mack Trucks, Inc. Antitrust Litigation Docket No. 178, 405 F. Supp. 1400 (MDL 1975)(denying transfer to avoid entangling a simple breach of contract case with complex antitrust issues); In re Air Crash Disaster Near Silver Plume, Colorado on Oct. 2, 1970, 368 F. Supp. 810, 811 (W.D. OK—MDL 1973)(denying §1407 transfer despite common issues of fact).

Transferring this case to MDL 875 is not convenient for the parties and not convenient for witnesses. Plaintiff lives in Washington. He worked for Defendant in Washington. The bridges that he operated are in Washington. His family, medical providers, and co-workers are in Washington. Liability experts for Counts II and III are located in Washington, Oregon and California. It is not judicially economical to transfer this case to the Eastern District of Pennsylvania when the parties, evidence, site of injury, witnesses and medical professionals are all located within the jurisdiction of the Eastern District of Washington.

Transferring this case to MDL 875 does not promote justice or judicial efficiency. The Eastern District of Washington is better equipped to oversee pretrial proceedings when the information and evidence is within its jurisdiction. The case should proceed locally. Plaintiff has a trial date of May 2008. His health has continued to deteriorate. His wife is in a nursing

8

home in Washington and Plaintiff is cared for by his daughter. It does not serve justice to remove this case hundreds of miles from Plaintiff's home and chosen forum. Nor does it serve justice to entangle this multi-count FELA case with asbestos MDL 875. In fact, should the Panel transfer this case, Plaintiff will be severely prejudiced economically, procedurally and will in all candor probably not see his day in court.

As discussed above, the Panel created In re Asbestos Product Liability Litigation (VI) Docket No. 875 to accommodate for the increasing number of cases between *victims and producers of asbestos products*. Prior to this decision was In re Asbestos and Asbestos Material Products Liability Litigation Docket No. 269, 431 F. Supp. 906 (MDL 1977). The MDL Panel vacated the transfer order in that case finding that transfer was not appropriate. The multidistrict cases involved workers exposed to asbestos during the course of their employment. The Court highlighted a series of reasons why multidistrict litigation was inappropriate for these workers. Some reasons included variations in vocational exposure, differences in products to which workers were exposed, different exposure conditions, duration and intensity of exposure differed, varying safety precautions amongst different workers and industries, and medical, personal, employment and family histories were individualized. 431 F. Supp. at 909.

These same factual differences are equally applicable to this case. Plaintiff's asbestos exposure is particular to where he worked, the safety precautions instituted by Defendant are specific to Plaintiff's craft (or lack thereof) and training and warnings instituted by Defendant are specific to Plaintiff's employment and work locale. Issues related to asbestos products or its producers are simply not the gravamen, or even a dominant factual issue in this case. This case is dominated instead by individual, factual issues regarding Plaintiff's work and the employment

9

relationship between Plaintiff and Defendant.  Thirty years ago the Panel denied multidistrict litigation for workers exposed to asbestos because of the individualized factors in these cases. The Panel should vacate transfer of this case to MDL 875 for similar reasons.

## II. COUNTS II AND III OF PLAINTIFF'S FELA COMPLAINT SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA.

Should the Court determine that this action be transferred pursuant to 28 U.S.C. § 1407(a) Plaintiff requests an immediate remand of Counts II and III to the Eastern District of Washington.  Section 1407(a) provides in part that "the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded."  Plaintiff has brought a Motion to Sever Count I from its Complaint in the Eastern District of Washington.   This Motion will be heard October 10, 2007.

The Eastern District of Washington has the authority to sever claims pursuant to Federal Rule of Civil Procedure 21.  This Panel has the authority to remand any claims pursuant to Section 1407(a). See In re: Transit Co. Tire Antitrust Litigation Docket No. 111, 67 F.R.D. 57 (MDL 1975)(severing counterclaims and suggesting to transferee Panel to remand Plaintiff's claims after finding that common factual issues did not predominate judicial efficiency and convenience of parties); In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs Docket No. 10, 309 F. Supp. 155 (MDL 1970)(ordering plaintiff's complaint separated and remanding portions of it to original federal district court and transferring antitrust action to separate federal court where 125 other similar antitrust actions were pending).

The same factors outlined above, specifically convenience to the parties, witnesses and judicial efficiency, as well as prejudice to Plaintiff all mandate that, at a minimum the unrelated

10

non-asbestos causes of action in Counts II and III of Plaintiff's Complaint remain in the Eastern District of Washington.

Plaintiff requests that the Panel either grant his Motion to Vacate CTO 281 in its entirety, or alternatively, defer its decision until the Eastern District of Washington has entered its Order on Plaintiff's Motion to Sever, or separate and remand Counts II and III to the Eastern District of Washington pursuant to Section 1407(a). This result is consistent with the Federal and statutory intent of prompt, efficient, and economical resolution of civil claims.

## CONCLUSION

The FELA is the exclusive remedy available to injured railroad workers to obtain recovery from a negligent railroad-employer. Plaintiff's FELA complaint does not share common questions of fact with MDL 875. Count I implicates an asbestos lung injury, but Defendant has not brought a third-party complaint against any manufacturers or producers of asbestos products or otherwise identified what relation MDL 875 has to this FELA case. What dominates Plaintiff's Complaint is the breach of Defendant's duty to provide a safe place to work.

Irrespective of common questions of fact, it is simply not convenient or judicially efficient to transfer this case. In fact, it would be highly prejudicial to Plaintiff to transfer this action in its entirety to MDL 875. Plaintiff therefore requests that the Panel Vacate Conditional Transfer Order 281.

Alternatively, Plaintiff requests that the Panel remand Counts II and III to the Eastern District of Washington.

11

Respectfully submitted this 23rd day of July, 2007.

INGEBRITSON & ASSOCIATES, P.A.

By:

Kathryn M. Kohn
Russell A. Ingebritson
825 Nicollet Mall, Suite 1025
Minneapolis, MN 55402
(612) 340-8290
(612) 342-2990 - Fax
k.m.kohn@att.net
      - and -
W. RONALD GROSHONG
W. Ronald Groshong
300 - 110th Avenue, N.E., #601
Bellevue, WA 98004
(425) 990-5885
(425) 990-5887 - Fax

ATTORNEYS FOR PLAINTIFF
VICTOR CRUZ

**UNITED STATES OF AMERICA**
**JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | | | |
|---|---|---|---|
| IN RE: | ASBESTOS PRODUCTS LIABILITY | § | |
| | LITIGATION (No. IV) | § | **MDL DOCKET NO. 875** |
| | | § | |

*Victor Cruz vs. BNSF Railway Company*; United States District Court, Eastern District of Washington, Spokane Division, Cause No. 06-CV-5066-FVS.

**AFFIDAVIT OF KATHRYN M. KOHN IN SUPPORT OF MOTION**
**TO VACATE CONDITIONAL TRANSFER ORDER 281**

TO THE HONORABLE JUDGE OF SAID COURT:

I, Kathryn M. Kohn, under oath hereby states and alleges as follows:

1.      I am over the age of eighteen (18) years, of sound mind and capable of making this affidavit. I am one of the attorneys representing Plaintiff Victor Cruz in the above entitled action. The facts recited herein are true and correct and based on my personal knowledge.

2.      Plaintiff's primary medical treatment for his lungs is with James Campbell, M.D. It is anticipated that Dr. Campbell will testify at trial on Plaintiff's behalf. Dr. Campbell is located in Pasco, Washington.

3.      Plaintiff's primary medical treatment for his back, knees and hips is with Arthur Ginsberg. It is anticipated that Dr. Ginsberg will testify on Plaintiff's behalf. Dr. Ginsberg is located in Seattle, Washington.

4.      Plaintiff will retain Stephen J. Morrissey, PhD, CPE, PE, Ergonomics-Human Factors Engineering Consultant as an expert liability witness with respect to Plaintiff's occupational injuries to his back, knees and hips, alleged in Count III of Plaintiff's Complaint.. Dr. Morrissey is located in Aloha, Oregon.

5.      Plaintiff may call the following co-workers to testify: Dan Driscoll, Rockey Champlin, Vern Benson, Ralph Bean, W.F. Miller, E.R. Jolley, Douglas Grimes, Phil Tebay, Gordon Olson, Don Williams, Larry Tebay. Upon information and belief, all of these potential

PAGE 1 - **AFFIDAVIT OF KATHRYN M. KOHN**

**Ingebritson & Associates, P.A**
Attorneys at Law
825 Nicollet Mall, Suite 1025
Minneapolis, MN 55402
(612) 340-8290

witnesses live in or around the Spokane or Kennewick, Washington areas.  It is unclear at the present time which witnesses will testify with respect to which Count of Plaintiff's Claim.

6.      Plaintiff anticipates calling Aaron Turgoose, M.A., CCC-A, an audiologist in Richland, Washington to testify regarding Plaintiff's hearing loss.  It is believed that Mr. Turgoose is the only non-railroad audiologist that has tested Plaintiff's hearing.

7.      Plaintiff anticipates that his expert witnesses related to Count II for occupational noise-induced hearing loss will be Alice Suter, Ph.D., David Lipscomb, Ph.D., and Robert Dobie, M.D.  Drs. Suter and Lipscomb are located in the state of Washington.  Dr. Dobie is located in Sacramento, California.  Plaintiff anticipates that he would also rely on testimony from railroad personnel who tested Plaintiff's hearing in and around the state of Washington.

8.      Plaintiff has not determined his liability expert witnesses for Count I related to his lung injury.

9.      Plaintiff recently notified my offices that his wife was moved into a nursing home. Plaintiff anticipated calling his wife as a fact witnesses regarding Plaintiff's medical injuries and pain and suffering.  Due to his decline in health, he has moved in with his daughter so that she can assist in caring for him.  They currently live in Richland, Washington.

10.     Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint entitled Victor Cruz v. BNSF Railway Co. filed in the United States District Court, Eastern District of Washington at Spokane on or about August 24, 2006.

FURTHER YOUR AFFIANT SAYETH NOT.

Dated: July 23, 2007.

Kathryn M. Kohn

SWORN TO AND SUBSCRIBED BEFORE ME on this 23rd day of July, 2007

Notary Public, State of Minnesota
My Commission Expires: January 31, 2010

KARI LYN CASPER
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan 31 2010

PAGE 2 - **AFFIDAVIT OF KATHRYN M. KOHN**

Ingebritson & Associates, P.A
Attorneys at Law
825 Nicollet Mall, Suite 1025
Minneapolis, MN 55402
(612) 340-8290



# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

IN RE:       **ASBESTOS PRODUCTS LIABILITY**    §
               **LITIGATION (No. IV)**          §      **MDL DOCKET NO. 875**
                                                §

*Victor Cruz vs. BNSF Railway Company*; United States District Court, Eastern District of Washington, Spokane Division, Cause No. 06-CV-5066-FVS.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2007, I served the foregoing *Motion to Vacate Conditional Transfer Order 281* by First Class Mail upon all counsel on the Involved Counsel list attached to this Certificate.

In addition, William Thomas Montgomery was also served at:

MONTGOMERY, SCARP, MACDOUGAL, PLLC
1218 Third Avenue, Suite 2700
Seattle, WA 98101

DATED: July 23, 2007.                  By: _____

                                     Kathryn M. Kohn, MN #326598
                                     INGEBRITSON & ASSOCIATES, P.A.
                                     825 Nicollet Mall, Suite 1025
                                     Minneapolis, MN 55402
                                     (612) 340-8290

**PANEL SERVICE LIST (Excerpted from CTO-281)**
**MDL NO.: 875**
**IN RE: Asbestos Products Liability Litigation (No. VI)**

*Victor Cruz v. BNSF Railway Co., E.D. Washington, C.A. No. 2:06-5066*

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Proctor, LLP
901 New York Avenue NW
Washington, ND 20001

David A. Daminco
Burns, White & Hickton LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

W. Ronald Groshong
Law Offices of W. Ronald
Groshong
300 - 100th Avenue, N.E., Suite
601
Bellevue, WA 98004

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite
4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite
300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan LLP
2190 North Loop West, Suite
410
Houston, TX 77018

Bradley, P. Scarp
Montgomery, Scarp
Mac Dougall
1218 Third Avenue, Suite 2700
Seattle, WA 98101

Richard D. Schuster
Vorys, Sater, Semour & Pease,
LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard,
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, & McGuire &
Spinell
Centre Square West, 15th Floor
Phildelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm PC
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue NE
P.o. Box 998
Cedar Rapids, IA 52406

1

1   W. Ronald Groshong, WA #1831
    Attorney at Law
2   300 - 110th Avenue, N.E., #601
    Bellevue, WA 98004
3   (425) 990-5885

4        - and -

5   Russell A. Ingebritson, MN #48860
    Kathryn M. Kohn, MN #326598
6   INGEBRITSON & ASSOCIATES, P.A.
    825 Nicollet Mall, Suite 1025
7   Minneapolis, MN 55402
    (612) 340-8290

8
                 UNITED STATES DISTRICT COURT
9        EASTERN DISTRICT OF WASHINGTON AT SPOKANE

10  VICTOR CRUZ,                    )   NO. **CV-06-5066-FVS**
                                    )
11                 Plaintiff,       )
                                    )   **PLAINTIFF'S COMPLAINT UNDER**
12       vs.                        )   **THE FEDERAL EMPLOYERS'**
                                    )   **LIABILITY ACT AND THE FEDERAL**
13  BNSF RAILWAY COMPANY,           )   **RAILROAD SAFETY ACT**
    a Delaware corporation,         )
14                 Defendant.       )   **JURY DEMAND**
                                    )
15  ─────────────────────────────────

16       Plaintiff brings this civil action against Defendant, and for state of claim, states as

17  follows:

18               **I. PARTIES AND JURISDICTION**

19  1.    Defendant BNSF Railway Company is a Delaware corporation which operates as a

20  common carrier by railroad, engaged in interstate commerce, qualified to do business within the

21  state of Washington, and has offices in and does substantial business in the Eastern District of

22  Washington.  This court has jurisdiction under 45 U.S.C. §51 *et seq.*, including venue under 45

23  U.S.C. § 56.

24               **II. INTERSTATE COMMERCE**

25  2.    At all times material hereto, Plaintiff was an employee of Defendant engaged in

26  employment as a bridge tender.  Plaintiff's employment was, at all times material hereto, in

    furtherance of and in connection with interstates commerce carried on by Defendant.

COMPLAINT - 1

**EXHIBIT**

A

tabbies®

**W. Ronald Groshong**
Attorney at Law
300 - 110th Avenue, N.E., #601
Bellevue, WA 98004
(425) 990-5885

## COUNT I

### III.  LIABILITY AND DAMAGES

3.      Due to the negligence of Defendant, Plaintiff has suffered cumulative occupational injuries to his body, in particular to his lungs.

4.      At all times relevant, Plaintiff was unaware of the latent, insidious, cumulative injuries caused by repetitive exposures or trauma in the course and scope of his employment.  He did not know the existence and/or cause of his injuries more than three years prior to the commencement of this action.

5.      As a result of Defendant's negligence, Plaintiff has experienced disability, pain and suffering, medical expenses, and a loss in his quality of life.  Plaintiff will continue to incur such damages and experience pain, suffering and other general damages in the future.

6.      As a result of the above allegations, plaintiff sustained injury while acting within the course and scope of his employment for the Defendant.  Plaintiff's injuries and damages hereinafter alleged are the result of the violation of the Federal Railroad Safety Act of 1994, 49 U.S.C. § 20101 *et seq.*, and/or as a result of the negligence of Defendant, acting through its officers, agents, and/or employees other than Plaintiff, forming liability under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, and/or Defendant's failure to perform its non-delegable duty of providing Plaintiff with safe tools and equipment and a safe place in which to work; and/or failing to adopt, install, implement and enforce a safe method and procedure for the described operation; and/or failing to adopt, install, implement and enforce a safe method and procedure for suitable and efficient control of asbestos; and/or failing to adopt, install, implement and enforce a safe method and procedure to protect employees from asbestos; and/or failing to provide Plaintiff for the performance of said duties, tasks or job assigned, proper, safe and efficient equipment, specifically, but not limited to, a proper and adequate breathing apparatus while working for the railroad.

COMPLAINT - 2

### COUNT II

7.      Plaintiff Victor Cruz realleges and incorporates each of the allegations contained in paragraphs 1 through 6 of his Complaint as if the same were set forth at length herein.

### IV.  LIABILITY AND DAMAGES

8.      Plaintiff has been employed with Defendant BNSF for a major part of his adult life.  During Plaintiff's terms of employment with Defendant, Plaintiff was required to complete tasks which repeatedly exposed him to excessive levels of noise.  Ultimately, this repetitive exposure to injurious levels of noise, resulted in Plaintiff sustaining noise induced hearing loss. These injuries now render Plaintiff permanently handicapped.  At all times relevant, Plaintiff was unaware of the latent, insidious, cumulative effects that his work-required repetitive tasks were having upon his hearing.  Plaintiff did not know of the existence and/or cause of his permanent work-related injury until less than three years prior to the commencement of this action.

9.      Due to the negligence of Defendant BNSF, Plaintiff has suffered occupational injuries to his hearing; the effects of which manifested within three years of this lawsuit causing Plaintiff to sustain permanent, continuous, persistent and disabling injuries to his hearing.

10.     As a result of Defendant's negligence, Plaintiff has experienced disability, pain and suffering, medical expenses, and a loss in his quality of life.  Plaintiff will continue to incur such damages and experience pain, suffering and other general damages in the future.

11.     As a result of the above allegations, plaintiff sustained injury while acting within the course and scope of his employment for the Defendant.  Plaintiff's injuries and damages hereinafter alleged are the result of the violation of the Federal Railroad Safety Act of 1994, 49 U.S.C. § 20101 *et seq.*, and/or as a result of the negligence of Defendant, acting through its officers, agents, and/or employees other than Plaintiff, forming liability under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, and/or Defendant's failure to perform its non-delegable duty of providing Plaintiff with safe tools and equipment and a safe place in which to work; and/or failing to Defendant to observe its safety and general rules; and/or failing  to timely

COMPLAINT - 3

**W. Ronald Groshong**
Attorney at Law
300 - 110ᵗʰ Avenue, N.E., #601
Bellevue, WA 98004
(425) 990-5885

1  and adequately protect Plaintiff against exposure to excessive noise; and/or failing to timely and

2  effectively institute a hearing preservation program; and/or failing to timely, properly and fully

3  inform Plaintiff of the nature, severity, extent and prognosis of hearing loss; and/or failing to

4  adequately monitor sound levels and determine the risks to employees, including Plaintiff; and/or

5  failing to properly manage the hearing conservation program, once it was finally implemented;

6  and/or failing to timely provide hearing protection equipment; and/or failing to provide adequate

7  hearing protection and/or failure to make hearing protection available and accessible.

8  12.    That as a result, in whole or in part, of one or more of the foregoing negligent

9  acts or omissions, Plaintiff sustained severe and permanent injuries to his hearing, resulting in

10  disability, which has caused and will cause him in the future to suffer pain and mental anguish

11  and loss in his quality of life; and he has been, and will in the future be, compelled to obligate

12  himself for medical aid and attention, including hearing aids; all to the damages of Plaintiff in a

13  sum to be established at trial.

14  **COUNT III**

15  13.    Plaintiff Victor Cruz realleges and incorporates each of the allegations contained in

16  paragraphs 1 through 6 of his Complaint as if the same were set forth at length herein.

17  **V. LIABILITY AND DAMAGES**

18  14.    Due to the negligence of Defendant, Plaintiff has suffered cumulative occupational

19  injuries to his body, in particular to his low back, knees, hips and other body parts.

20  15.    At all times relevant, Plaintiff was unaware of the latent, insidious, cumulative injuries

21  caused by repetitive exposures or trauma in the course and scope of his employment. He did not

22  know the existence and/or cause of his injuries more than three years prior to the commencement

23  of this action.

24  16.    As a result of Defendant's negligence, Plaintiff has experienced disability, pain and

25  suffering, medical expenses, and a loss in his quality of life. Plaintiff will continue to incur such

26  damages and experience pain, suffering and other general damages in the future.

COMPLAINT - 4

Case 2:06-cv-05066-FVS      Document 1      Filed 08/24/2006

1  17.    As a result of the above allegations, plaintiff sustained injury while acting within the

2  course and scope of his employment for the Defendant.  Plaintiff's injuries and damages

3  hereinafter alleged are the result of the violation of the Federal Railroad Safety Act of 1994, 49

4  U.S.C. § 20101 *et seq.*, and/or as a result of the negligence of Defendant, acting through its

5  officers, agents, and/or employees other than Plaintiff, forming liability under the Federal

6  Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, and/or Defendant's failure to perform its non-

7  delegable duty of providing Plaintiff with safe tools and equipment and a safe place in which to

8  work; and/or failing to provide Plaintiff with adequate and efficient equipment to satisfactorily

9  perform the duties of his employment; and/or failing to provide Plaintiff with adequate personnel

10 to safely perform the duties of his employment; and/or failing  to observe its safety and general

11 rules; and/or failing to institute a risk management or safety program to protect its workers from

12 known or obvious hazards associated with tending bridges.

13                          **VI. AGE AND LIFE EXPECTANCY**

14 18.    Plaintiff was born June 16, 1938 and is now 68 years of age.  The average life expectancy

15 for a male 68 years of age is 14.5 years.

16                              **VII.  JURY DEMAND**

17 19.    Plaintiff requests a trial by jury.

18         **WHEREFORE,** Plaintiff prays that he has and recover judgment against Defendant in

19 such a sum as is established at trial, together with prejudgment interest and his costs and

20 disbursements herein to be taxed.

21         DATED this 24th day of August, 2006.

22                              W. RONALD GROSHONG

23                               /s Ronald Groshong
                                 W. Ronald Groshong, WSBA No.1831
24                               Of Attorneys for Plaintiff

25                               - and -

26                               Russell A. Ingebritson, MN No. 48860
                                 Kathryn M. Kohn, MN No. 326498

COMPLAINT - 5