MDL 875

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 22 2007

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY              MDL 875
LITIGATION (NO VI)

CONDITIONAL TRANSFER ORDER 284

**NOTICE OF OPPOSITION TO JUDICIAL TRANSFER**

COMES NOW, Clyde Tyer, plaintiff in Civil Action No.2:07-CV-02777, in the United States District Court for the Eastern District of Louisiana, and files this his Opposition to the Conditional Transfer Order pursuant to the Rules of Procedure of the Judicial Panel on Multi-District Litigation. In support of his opposition to the conditional transfer, the above named plaintiff would show unto the Panel, the following, to wit:

1.

The plaintiff in this case first filed his petition against, Union Carbide Corporation; Successor in interest to Union Carbide and Carbon; Baker Hughes Oilfield Operations, Inc., Successor in interest to Milwhite and Louisiana Mud Company; Conoco Phillips Company, Successor in interest to Phillips Petroleum; Placid Oil Company; Hunt Oil Company, Successor in interest to Penrod Drilling Company and Penrod Drilling Corporation; ENSCO Offshore Company; Pawnee Drilling Company and Mustang Drilling Ltd. in the 32th Judicial District Court in and for the Parish of Terrebonne, State of Louisiana on March 20, 2007.

2.

On May 3, 2007 Union Carbide Corporation filed its Notice of Removal to remove this case to the United States District Court for the Eastern District of Louisiana.

**OFFICIAL FILE COPY**

IMAGED AUG 22 2007

3.

On July 3, 2007 Union Carbide Corporation notified the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 of the Rules of Judicial Panel of Multi-District Litigation, listing this case as a potential "Tag-A-Long" action in the asbestos cases pending in the United States District Court, Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceeding pursuant to 28 U.S.C. §1407. That proceeding is MDL 875.

4.

Plaintiff respectfully suggests that this matter does not comport with the provisions of 28 U.S.C. §1407 and therefore the Conditional Transfer Order has been improvidently issued by the Judicial Panel on Multi-District Litigation, §1407 states in pertinent part:

"(a)   When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. ***"

5.

Plaintiff herein would show that this is a single plaintiff action involving exposure by plaintiff to drilling mud containing raw asbestos while employed on vessels owned and/or leased by defendants. Further, this action is brought pursuant to the Jones Act 46 U.S.C. §466, and the General Maritime Law pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333.

6.

This case is unique in that the parties made defendants herein are parties with whom plaintiff was affiliated during his working career. Most of the defendants are not traditional asbestos defendants who routinely request transfer and consolidation to the Eastern District of

Pennsylvania forum.

7.

The discovery issues that will arise in the *Tyer* case are not the same, nor are there similar issues with any other case now pending in MDL 875. There will be no conservation of judicial resources by consolidation. In point of fact, a transfer of *Tyer* to MDL 875 will increase the expense of litigation to the parties, if for no other reason, the distance between the Court domicile and the nexus of this matter.

8.

Plaintiff submits that the *Tyer* discovery will have no applicability to any other case so there is no duplicative effort. The vast majority of the discovery will occur in Louisiana.

9.

The Transfer Order should be stayed pending further briefing.

WHEREFORE, PREMISES CONSIDERED, the Panel should enter an Order staying the transfer of this case to the United States District Court for the Eastern District of Pennsylvania.

RESPECTFULLY SUBMITTED:

_____
PATRICK W. PENDLEY (#10421)
PENDLEY, BAUDIN & COFFIN, LLP
24110 EDEN STREET (70764)
P.O. BOX 71
PLAQUEMINE, LA 70765-0071
TELE: (225) 687-6396 FAX: (225) 687-6398
E-MAIL: pwpendley@pbclawfirm.com

AUG. 22. 2007 9:10AM    PENDLEY BAUDIN & COFFIN L.L.P.    NO. 7953   P. 5/6
Case MDL No. 875   Document 5144   Filed 08/22/07   Page 4 of 5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 2 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

Honorable Loretta G. Whyte
Clerk of Court
United States District Court, Eastern District of Louisiana
500 Poydras St., Room C151
New Orleans, Louisiana 70130

Honorable Eldon E. Fallon
United States District Court Judge
Eastern District of Louisiana
500 Poydras St., Chambers C0456
New Orleans, Louisiana 70130

Richard P. Sulzer
Robert E. Williams
Sulzer & Williams LLC
201 Holiday Boulevard, Suite 335
Covington, LA 70433
Attorney for Baker Hughes

Kathleen F. Drew
Adams & Reese LLP
4500 One Shell Square
New Orleans, LA 70139
Attorney for ConocoPhillips and Continental Oil Company

Chad J. Mollere
Johnson Gray McNamara, LLC
650 Poydras St., Suite 1905
New Orleans, LA 70130
Attorney for Hunt Oil Company

Claudia Gary
Spears & Gary LLC
Capital One Bldg.
One Lakeshore Dr.
Lake Charles, LA 70629
Attorney for Placid Oil Co.

Andrew H. Meyers
Breaud & Meyers
600 Jefferson St., Suite 1100
Lafayette, LA 70502
Attorney for Ensco Offshore Company

This 22nd day of August, 2007

_____
PATRICK W. PENDLEY