MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 22 2007

FILED
CLERK'S OFFICE

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS LIABILITY   §
LITIGATION                            §   MDL DOCKET NO. 875
                                      §

*Victor Cruz v. BNSF Railway Company;* United States District Court, Eastern District of Washington, Spokane Division, Cause No. 06-CV-5066-FVS.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER No. 281

COMES NOW Defendant BNSF Railway Company, by its attorneys, Brasher Law Firm, LLC, and for its response to Plaintiff's Motion to Vacate Conditional Transfer Order No. 281 transferring this case to the Eastern District of Pennsylvania as a tag-along case to MDL 875, states as follows:

### PROCEDURAL HISTORY

This case was filed in the U.S. District Court for the Eastern District of Washington at Spokane on August 24, 2006. On June 7, Defendant requested that the case be transferred to MDL 857 as a tag-along case. The Panel issued a Conditional Transfer Order (CTO-281) on June 22, 1007. Plaintiff filed his Notice of Opposition to CTO 281 on July 5, 2007 and subsequently filed his Motion and Brief to Vacate Conditional Transfer Order 281 on July 23, 2007. Plaintiff also filed a Motion to Sever with the transferor court, the U.S. District Court for the Eastern District of Washington at

**OFFICIAL FILE COPY**

1

IMAGED AUG 2 3 2007

Spokane on July 23, 2007. The Court has set that motion for hearing on October 10, 2007. On August 13, 2007, Defendant requested that the Panel grant Defendant an extension of time to and including August 20, 2007 to file its Response to Plaintiff's Motion to Vacate CTO-281 and was subsequently notified that the request for extension of time had been granted.

## FACTUAL BACKGROUND

Plaintiff Victor Cruz file a Complaint in the United States District Court, Eastern District of Washington, in which he alleged injuries to his lungs, hips, low back and knees and hearing loss as a result of *"Defendant's failure to perform its non-delegable duty of providing Plaintiff with safe tools and equipment and a safe place in which to work."* Victor Cruz was employed by Defendant as a brakeman, switchman and bridge operator from 1970 to 2001. Count I of the Complaint alleges that Defendant failed to protect Plaintiff from repetitive and cumulative exposure to asbestos. Count II alleges that Defendant failed to protect Plaintiff from cumulative injuries caused by repetitive exposure to excessive noise. Count III alleges that Defendant failed to protect Plaintiff from cumulative injuries caused by repetitive exposure from known and obvious hazards associated with tending bridges, resulting in injuries to his hips, knees and low back. The alleged cumulative and repetitive exposures that Plaintiff complains about all occurred during Plaintiff's employment with Defendant between 1970 and 2001 and involve the same locations, jobsites, co-workers, supervisors, job duties, and working conditions. Plaintiff's non-railroad work history, personal and family medical history and inquiry into other potential sources of exposure are relevant to all Counts of Plaintiff's Complaint.

## ARGUMENT

I. **TRANSFER OF THIS CASE TO MDL 875 IS PROPER UNDER THE LAW**

The conditional transfer of this case should be upheld under 28 U.S.C. § 1407(a), which states:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminate. Provided, however, that the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is terminated.

28 U.S.C. § 1407(a) (2007).

Plaintiff chose to file his asbestos lawsuit in United States District Court thus making it eligible for transfer to MDL 875 in its entirety, notwithstanding that the Complaint also contains allegations of other repetitive and cumulative injuries. Nowhere in the Federal Statutes or in the Judicial Panel's own Rules does it state that the inclusion of a non-asbestos related injury precludes transfer of the entire action to the MDL for the purposes pretrial proceedings. Plaintiff's analysis of Defendant's right to seek contribution from a third-party under the FELA, and observation that Defendant has failed to do so, is irrelevant as to whether transfer of the case to the MDL is appropriate.

    A.    **Plaintiff's Alleged Injuries Involve Common Questions of Fact And Common Witnesses**

Count I of Plaintiff's three-count complaint alleges "cumulative occupational injury to his lungs" caused by "repetitive exposures or trauma in the course and scope of his employment." Count II alleges "repetitive exposure to injurious levels of noise" with "cumulative effects." Count III alleges "cumulative occupational injuries to his body" caused by "repetitive exposures or trauma" to the low back, knees, hips and other body parts. All of the injuries are alleged to have occurred over the entire course of Plaintiff's thirty-three years of employment by the Defendant.

Count I, which alleges a lung injury from occupational exposure to asbestos, is exactly the type of claim anticipated by 28 U.S.C. § 1401 as it involves questions of fact common to all asbestos lawsuits: 1) identification of the products through which the Plaintiff claims exposure; 2) whether asbestos was a component of the product during the relevant timeframe; 4) whether asbestos fibers were friable; 5) state of the art medical and scientific knowledge of the risk posed by use of various products; 6) industry knowledge of potential for harm to employees; 7) the development of government standards for exposure; 8) whether or not a particular industry complied with the standards applicable at the time, and so on.  These issues are just as relevant in an FELA asbestos lawsuit, whether or not other parties are joined as defendants. The purpose of MDL 875 is to consolidate for pretrial proceedings in pending litigation in federal courts which "involve common questions of fact related to injuries or wrongful death caused by asbestos products." *In re Asbestos Products Litigation,* 771 F. Supp. 415 (MDL 1991). Common questions of fact related to injuries caused by asbestos products can and do exist in the instant case regardless of whether the manufacturer of the product is a defendant in the lawsuit.

4

Discovery related to all counts of Plaintiff's Complaint will necessarily involve the same employer (BNSF Railway Company), the same job sites and working conditions, and the same co-workers, supervisors and other fact witness. In addition, Plaintiff's entire medical history, non-work activities, and non-railroad employment will be subjects of inquiry with regard to all Counts of the Complaint.

### B.  Neither The Parties Nor The Witnesses Will Be Inconvenienced By Transfer Of The Case To MDL 875

Plaintiff argues that it is not convenient for him or for the witness to have his case transferred to MDL 875 for pretrial proceedings because both he and his potential fact witnesses are located in the state of Washington, and his liability experts are located in Oregon and California. With regard to Plaintiff's liability experts, it is irrelevant where they are located. Retained expert witnesses routinely travel in connection with litigation and this case will be no different. As for Plaintiff's argument that it is inconvenient for him and his witnesses for the case to be transferred to MDL, the Court has found that it is the convenience of all those involved, including the Courts, and not the convenience of individuals. What would be much more inconvenient to the parties and all others involved would be to have this case split so that part of it is proceeding in MDL and part of it is proceeding simultaneously in U.S. District Court in Washington. As the Panel is aware, hundreds, if not thousands of similar cases have been resolved while in MDL and there is no reason to believe this one would be any different. The convenience of the parties and witnesses is not the only consideration that the Panel must consider. The interest of justice has been described as a separate component, permitting a transfer under 28 U.S.C. § 1404 even if the convenience of the parties and witnesses calls for a different result. *Coffey v. Van Dorn Iron Works*, 348 F.2d 403 (8th Cir. 1965). Although the

convenience of the parties and witnesses is a factor that the Panel is to consider, it has been said that the interest of justice is the controlling factor and the convenience of the parties and witnesses is a subordinate factor. *Glickenhaus v. Lytton Financial Corp.*, 205 F.Supp. 102 (D. Del. 1962).

II. **ALLEGATION OF A NON-ASBESTOS RELATED INJURY DOES NOT PRECLUDE THIS CASE FROM BEING TRANSFERRED TO MULTIDISTRICT LITIGATION**

The Judicial Panel on Multidistrict Litigation is not required to find a complete identify of issues in order to transfer a case to MDL. As stated in *In re Ameriquest Mortgage Co.*, Section 1407 does not require a complete identity, or even majority of common factual issues as a prerequisite to transfer. *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, 408 F. Supp. 2d 1354 (MDL 1715, 2005). The court went on to state that the transferee court can employ any number of pretrial techniques such as establishing separate discovery and/or motion tracks, to manage this litigation effectively and insure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions. *Id.* The fact that there are some non-common issues, or that Plaintiff has a Motion to Sever pending in U.S. District Court for the Eastern District of Washington does not mitigate against transfer to MDL under 28 U.S.C. § 1470. *In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation*, 408 F. Supp. 2d 1351 (MDL 1726, 2005).

## CONCLUSION

Common questions of fact exist to support transfer of this case to MDL 875 or consolidation and coordination of pretrial proceedings and Conditional Transfer Order 281 should be upheld.

**BRASHER LAW FIRM, L.C.**

William A. Brasher, Esq.
Linda R. Self, Esq.
211 North Broadway, Suite 2300
St. Louis, MO 63102
(314) 621-7700
(314) 621-1088 - fax


**MONTGOMERY SCARP MACDOUGALL, PLLC**

Tom Montgomery, WSBA #19998
1218 Third Avenue, Suite 2700
Seattle, WA 98101
(206) 625-1801

**Attorneys for Defendant
BNSF Railway Company**


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2007, I served the foregoing Response to Plaintiff's Motion to Vacate Conditional Transfer Order 281 by first class mail upon all counsel on the Involved Counsel list attached to this Certificate as well as counsel for Plaintiff:

Russell Ingebritson, Esq.
Ingebritson & Associates, P.A.
825 Nicollet Mall, Suite 1025
Minneapolis, MN 55402

BY: _____

PANEL SERVICE LIST
(Excerpted from CTO-281)

*Victor Cruz v. BNSF Rwy.;* E.D. Washington, C.A., No. 2:06-5066

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton
Bulkley Building, 7th Fl
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Proctor, LLP
901 New York Ave NW
Washington DC 20001

David A Damico
Burns, White & HIckton
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P Forceno
Forceno & Hannon
111 S Independence Mall E
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Fl
Philadelphia, PA 19103

W. Ronald Groshong
Law Offices of R. Groshong
300-100th Avneue NE, #601
Bellevue, WA 98004

Susan M. Hansen
Brownson & Ballou
225 S Sixth Street, #4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 S Main St, # 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams LLP
Riverfront Plaza, E Tower
951 East Byrd St
Richmond, VA 23219

Gene Locks
Locks Law Firm
1500 Walnut St
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John Repcheck
Marks, O'Neill, O'Brien
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan, LLP
2190 N Loop West, # 410
Houston, TX 77018

Bradley P Scarp
Montgomery Scarp
1218 Third Avenue, #2700
Seattle, WA 98101

Richard D. Schuster
Vorys, Sater, Semour
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
6th Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons & McGuire
Centre Square West, 15th Fl
Philadelphia, PA 19102

Robert Swickle
Jaques Admiralty Law Firm
645 Griswold St
Detroit, MI 48226-4192

Andrew Trevelise
Reed Smith
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston
Tom Riley Law Firm
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406