**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 24 2007

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. 2 MDL 875 |

This Document Relates to:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| WILLIE HAMBERLIN, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO.: 1:05CV41WJG |
| OWENS-ILLIOIS, ET AL. | DEFENDANTS |
| CONSOLIDATED WITH | |
| RAY ALSWORTH, ET AL. | PLAINTIFFS |
| V. | |
| SCAPA, ET AL. | DEFENDANTS |

PLEADING NO. 5151

---

**MOTION TO VACATE
CONDITIONAL ORDER OF REMAND**

---

COME NOW, Garlock Sealing Technologies, LLC, successor by merger to Garlock Inc; York International Corporation; and Gulf Belting and Gasket Co., Inc. (hereinafter "Moving Defendants"), Defendants in the above-styled and numbered cause, by and through counsel of record, and present their Motion to Vacate the Conditional Order of Remand. This Motion is made pursuant to Rule 7.6 of the Rules of Civil Procedure of the Judicial Panel on Multidistrict Litigation on the grounds that the Conditional Remand Order was based upon a Motion to Remand which was deemed moot upon the dismissal of the movant. In support of their Motion, Moving Defendants would state unto the Court as follows, to-wit:

**OFFICIAL FILE COPY**

IMAGED AUG 27 2007

1. This action was filed in 2002 in the Circuit Court of Jefferson County, Mississippi. On January 25, 2005, the action was removed to federal court and was subsequently transferred to the MDL on or about May 2, 2005. Thereafter, on July 27, 2005, Defendant 3M Company filed a Motion to Remand the action to the Circuit Court.

2. On June 20, 2006, 3M Company was dismissed from this action.[1]

3. However, the Motion to Remand was not withdrawn at the time 3M was dismissed and on July 26, 2007, the Court granted 3M Company's Motion to Remand, more than two years after the date of the original motion and more than one year after the dismissal of 3M Company from the action.

4. Since 3M Company was dismissed from this action in its entirety, and the record reflects that no other party joined in the Motion to Remand, it is the position of Moving Defendants that upon the dismissal of 3M from this action the pending Motion to Remand became moot.[2]

5. Based upon the foregoing, Moving Defendants request this Court to vacate its Conditional Order of Remand and, further request that this Court reassert jurisdiction over the claims of the Plaintiffs by reinstatement of this action to the docket of MDL No. 875 until full compliance with Administrative Order No. 12.

WHEREFORE, PREMISES CONSIDERED, Defendants, Garlock Sealing Technologies, LLC, successor by merger to Garlock Inc; York International Corporation; and Gulf Belting and Gasket Co., Inc. respectfully request this Honorable Court to vacate its Conditional Order of

---

[1] See Dismissal of Defendant, 3M Company, attached hereto as Exhibit "A."
[2] See Federal Court Docket, attached hereto as Exhibit "B."

Transfer and maintain jurisdiction over the action. Moving Defendants pray for such other and further relief as the Court may deem appropriate in the premises.

        Respectfully submitted,

**GARLOCK SEALING TECHNOLOGIES, LLC,
SUCCESSOR BY MERGER TO GARLOCK INC;
YORK INTERNATIONAL CORPORATION; and
GULF BELTING & GASKET CO., INC.,
Defendants**

_/s/ Julie Hawkins_
COUNSEL FOR SAID DEFENDANTS

Of Counsel:

THOMAS W. TYNER, Miss. Bar No. 8170
DAPHNE M. LANCASTER, Miss. Bar No. 10336
JULIE A. HAWKINS, Miss. Bar No. 101922
AULTMAN, TYNER, RUFFIN, BELL & SWETMAN, LTD.
P.O. Drawer 750
Hattiesburg, MS 39401
Telephone: (601) 583-2671
Fax: (601) 583-2677

08/24/2007 09:21 FAX 6015832677     AULTMAN TYNER RUFFIN                    ☒005/005
Case MDL No. 875   Document 5151   Filed 08/24/07   Page 4 of 17
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 4 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. 2 MDL 875 |

This Document Relates to:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| WILLIE HAMBERLIN, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO.: 1:05CV41WJG |
| OWENS-ILLIOIS, ET AL. | DEFENDANTS |

CONSOLIDATED WITH

| | |
|---|---|
| RAY ALSWORTH, ET AL. | PLAINTIFFS |
| V. | |
| SCAPA, ET AL. | DEFENDANTS |

**BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL ORDER OF REMAND**

COME NOW, Garlock Sealing Technologies, LLC, successor by merger to Garlock Inc; York International Corporation; and Gulf Belting and Gasket Co., Inc. (hereinafter "Moving Defendants"), Defendants in the above-styled and numbered cause, by and through counsel of record, and present their Brief in Support of Motion to Vacate the Conditional Order of Remand. This Motion is made pursuant to Rule 7.6 of the Rules of Civil Procedure of the Judicial Panel on Multidistrict Litigation on the grounds that the Conditional Remand Order was based upon a Motion to Remand which has been rendered moot as a result of the dismissal of the movant. In support of their Motion, Moving Defendants would state unto the Court as follows, to-wit:

1

This action was filed in 2002 in the Circuit Court of Jefferson County, Mississippi. On January 25, 2005, the action was removed to federal court, and was subsequently transferred to the MDL on or about May 2, 2005. Thereafter, on July 27, 2005, Defendant 3M Company filed a Motion to Remand the action to the Circuit Court. Subsequently, on June 20, 2006 3M Company was dismissed from this action.[1] However, since the Motion to Remand was not withdrawn by 3M, on July 26, 2007, this Court granted 3M Company's Motion to Remand, more than two years after the date of the original motion and more than one year after the dismissal of 3M Company from the action.

A party dismissed from a lawsuit is no longer a party in the action. *Hogrobrooks v. Progressive Direct*, 858 So.2d 913 (Miss. App. 2003) (stating Defendant was voluntarily dismissed from suit, and all issues surrounding that Defendant became moot). As such, non-parties should have no opportunity to affect an active case. *Citizens Concerned About Our Children v. School Bd. of Broward County, Fla.*, 193 F.3d 1285 (Fla. 1999) (dismissed party can no longer participate and loses any opportunity to clarify or to affect in any way the ongoing case). See *Young v. Villegas*, ___ S.W.3d ___, 2007 WL 967108, (Tex.App.-Houston [14 Dist.],2007) (the Court held that after the Plaintiff's nonsuited their claims against Defendant, the Defendant's pleas and motions were moot, and the trial court correctly concluded that it could no longer rule on these pleas and motions); and *Chelena v. Milton Fried Medical Clinic*, 320 S.E.2d 583 (Ga.App.1984) (upon dismissal of pleadings and judgment against the appellant, the appellants pending contentions were rendered moot).

As additional support, Moving Defendants cite *In re Electrical Receptable Products Liaiblity Litigation*, 313 F.Supp.2d 1378, 1379 n. 2 (MDL 2004), in which the Judicial Panel on Multidistrict Litigation, ruled upon the motion of a dismissed movant, only because another

---

[1] See Dismissal of Defendant, 3M Company, attached to Defendant's *Motion* as Exhibit "A."

active party in the litigation joined the motion, and stepped into the shoes of the movant. In the present action the movant has been dismissed, no party joined in the action, and thus there is no movant.[2] Therefore, Moving Defendants assert that upon the dismissal of 3M Company, its Motion to Remand became moot.

Based upon the foregoing argument, Moving Defendants request that this Court vacate its Conditional Order of Remand and, further request that this Court reinstate this action to the docket of MDL No. 875, thereby maintaining jurisdiction of this action until full compliance with Administrative Order No. 12.

WHEREFORE, PREMISES CONSIDERED, Defendants, Garlock Sealing Technologies, LLC, successor by merger to Garlock Inc; York International Corporation; and Gulf Belting and Gasket Co., Inc. respectfully request this Honorable Court to vacate its Conditional Order of Transfer and maintain jurisdiction over the action. Moving Defendants pray for such other and further relief as the Court may deem appropriate in the premises.

        Respectfully submitted,

        **GARLOCK SEALING TECHNOLOGIES, LLC, SUCCESSOR BY MERGER TO GARLOCK INC; YORK INTERNATIONAL CORPORATION; and GULF BELTING & GASKET CO., INC.,**
        **Defendants**

        _/s/_
        COUNSEL FOR SAID DEFENDANTS

---

[2] See Federal Court Docket, attached to Defendant's *Motion* as Exhibit "B."

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 24 2007

FILED
CLERK'S OFFICE

Of Counsel:

THOMAS W. TYNER, Miss. Bar No. 8170
DAPHNE M. LANCASTER, Miss. Bar No. 10336
JULIE A. HAWKINS, Miss. Bar No. 101922
AULTMAN, TYNER, RUFFIN, BELL & SWETMAN, LTD.
P.O. Drawer 750
Hattiesburg, MS 39401
Telephone: (601) 583-2671
Fax: (601) 583-2677

## CERTIFICATE OF SERVICE

I, undersigned counsel for said defendant, do hereby certify that I have this day mailed via United States mail, postage prepaid a true and correct copy of the above and foregoing to Plaintiff's Counsel. I further certify that I have provided a true and correct copy of the above and forgoing to all counsel included on the attached Panel Service List.

This, the 23rd day of August, 2007.

_____
COUNSEL FOR SAID DEFENDANTS

PANEL SERVICE LIST (CRO)
MDL NO. 875
IN RE Asbestos Products Liability Litigation (No. VI)

*Gene Beazley, et al. v. A.W. Chesterton Co., et al.,* E.D. Pennsylvania,
(S.D. Mississippi, C.A. No. 1:05-38)
*William Moulder, et al. v. Monsanto Co., et al.,* E.D. Pennsylvania,
(S.D. Mississippi, C.A. No. 1:05-39)
*Willie Hamberlin, et al. v. Owens-Illinois, Inc., et al.,* E.D. Pennsylvania,
(S.D. Mississippi, C.A. No. 1:05-41)

Robert M. Arentson, Jr.
Baker, Donelson, Bearman,
Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Joel M. Bondurant, Jr.
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Marcy B. Croft
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Patricia A. Dicke
Page, Mannino, Peresich &
McDermott, PLLC
P.O. Drawer 289
Biloxi, MS 39533

Stephanie C. Edgar
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

William N. Graham
Aultman, Tyner, McNeese &
Ruffin, Ltd.
P. O. Box 750
Hattiesburg, MS 39403-0750

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121-1344

Jennifer Graham Hall
Baker, Donelson, Bearman,
Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

James Gordon House, III
Forman, Perry, Watkins, Krutz
& Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Steven J. Irwin
Duncan Courington & Rydberg,
LLC
400 Poydras Street, Suite 1200
New Orleans, LA 70130

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite
200
Birmingham, AL 35223-2484

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich & McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Stephen Lee Shackleford
2001 Airport Road
Suite 301
Jackson, MS 39232

Mark R. Smith
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Susan Latham Steffey
Watkins & Eager
P.O. Box 650
Jackson, MS 39205

Minor C. Sumners, Jr.
Minor C. Sumners, Jr., Attorney
1907 Dunbarton Dr., Suite F
Jackson, MS 39216

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building, 645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Thomas W. Tyner
Aultman, Tyner, Ruffin, Bell & Swetman, Ltd.
P.O. Drawer 750
Hattiesburg, MS 39403-0750

Michael W. Ulmer
Watkins & Eager
300 Emporium Building
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

Jeffrey A. Varas
Varas & Morgan
P.O. Box 886
Hazlehurst, MS 39083

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Sarah B. Windham
Aultman, Tyner, McNeese & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO 875 |

THIS DOCUMENT RELATES TO:

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

| | |
|---|---|
| RAY ALSWORTH, ET AL. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 1:05CV41(WG) |
| SCAPA, ET AL. | DEFENDANTS |

**CONSOLIDATED WITH**

| | |
|---|---|
| WILLIE HAMBERLIN, ET AL | PLAINTIFFS |
| VS. | |
| OWENS-ILLINOIS ET AL. | DEFENDANTS |

### AGREED ORDER OF DISMISSAL WITHOUT PREJUDICE

COME NOW Plaintiffs and Defendant, 3M Company, through their attorneys, to dismiss without prejudice the Complaint as to Defendant 3M Company and said parties consenting to the entry of this judgment and agreeing that this action should be completely dismissed without prejudice as to Defendant 3M Company with the parties to bear their respective costs:

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

1. 3M Company is hereby dismissed without prejudice as to any and all claims in this action, either now pending or which may be brought in the future, with each party to bear its respective costs;

JM JZT 334749 v1
2139363-000002 04/06/2006



2. This dismissal has no affect on the claims of Plaintiffs against any other Defendant.

SO ORDERED AND ADJUDGED, this the 22nd day of ~~April~~ May, 2006.

_____
HONORABLE JAMES T. GILES U.S.D.J.

_____
BARRY W. FORD, MS BAR NO. 5403
Baker, Donelson, Bearman, Caldwell
& Berkowitz
Post Office Box 14167
Jackson, MS 39236

_____
JEFFREY VARAS, ESQ.
Varas and Morgan, PLLC
Post Office Box 886
Hazlehurst, Mississippi 39083

JM JZT 334749 v1
2139363-000002 04/06/2006

## U.S. District Court
## Southern District of Mississippi (Southern)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00041-WJG

Hamberlin vs. Owens-Illinois  
Assigned to: District Judge Walter J. Gex, III  
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/25/2005  
Date Terminated: 05/02/2005  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2005 | 2 | NOTICE OF REMOVAL by John Crane, Inc. from Circuit Court, Jefferson County, case number 2002-176, and case number 2002-86. ( Filing fee $ 150 ) State court record(s) maintained in file. (Attachments: # 1 Civil Cover Sheet # 2 Lower Court Order consolidating cases).(AVM) Additional attachment(s) added on 2/14/2005 : Lower Court Case Defendant lists. (AVM). (Entered: 02/04/2005) |
| 02/03/2005 | 1 | MOTION for Joinder *to removal* by American Standard Inc.. (Dicke, Patricia) (Entered: 02/03/2005) |
| 02/07/2005 | 3 | Joinder by American Standard Inc. to 2 Notice of Removal, filed by John Crane, Inc.,. (Dicke, Patricia) (Entered: 02/07/2005) |
| 02/07/2005 |  | DOCKET ANNOTATION as to # 1: filed in error as a Motion; attorney advised to re-file correctly as Joinder; motion termed. (AVM) (Entered: 02/07/2005) |
| 02/09/2005 | 4 | Joinder by Honeywell International, Inc. to 2 Notice of Removal, filed by John Crane, Inc.,. (Duncan, Kristi) (Entered: 02/09/2005) |
| 02/09/2005 | 5 | Joinder by Garlock, Inc., Gulf Belting & Gasket Co., Inc., Mobil Oil Corporation, York International Corporation to 2 Notice of Removal. (AVM) (Entered: 02/09/2005) |
| 02/11/2005 | 6 | Joinder by Durabla Manufacturing Company to 2 Notice of Removal, filed by John Crane, Inc. (AVM) (Entered: 02/11/2005) |
| 02/14/2005 | 7 | Joinder by Asarco, Inc. to 2 Notice of Removal, filed by John Crane, Inc. (AVM) (Entered: 02/14/2005) |



EXHIBIT B

| 02/23/2005 | 8 | Joinder by Monsanto Company to 2 Notice of Removal, filed by John Crane, Inc.,. (Arentson, Robert) (Entered: 02/23/2005) |
|---|---|---|
| 02/23/2005 | 9 | Joinder by Lockheed Martin Corporation to 2 Notice of Removal, filed by John Crane, Inc. (AVM) (Entered: 02/23/2005) |
| 02/23/2005 |  | Letter sent to MDL Clerk with docket entries and notice of removal. (AVM) (Entered: 02/23/2005) |
| 02/25/2005 | 10 | Joinder by Hopeman Brothers, Inc. to 2 Notice of Removal, filed by John Crane, Inc. (AVM) (Entered: 02/25/2005) |
| 02/28/2005 | 11 | Joinder by Crown, Cork & Seal to 2 Notice of Removal. (AVM) (Entered: 02/28/2005) |
| 03/10/2005 | 12 | ORDER : all claims are dismissed without prejudice as to Lockheed Martin Corporation ; Lockheed Martin terminated. Signed by Judge Walter J. Gex III on 3/7/05. (AVM) (Entered: 03/10/2005) |
| 03/29/2005 | 13 | Joinder by Crown, Cork & Seal to 2 Notice of Removal.(AVM) (Entered: 03/29/2005) |
| 04/26/2005 | 14 | Copy of Proposed CTO-244 ; full case and service listings with order filed in 1:05cv38WJG. (AVM) (Entered: 04/26/2005) |
| 05/02/2005 | 15 | Certified copy of Conditional Transfer Order received from E/D Pennsylvania transferring case to ED/PA and assigned to Judge Weiner.(SPC) (Entered: 05/02/2005) |
| 06/01/2005 | 16 | ORDER : A. P. Green Industries, Inc. having declared bankrupty during the pendency of the asbestos litigation, is hereby dismissed without prejudice from all pending MDL-875 actions; A.P. Green Industries, Inc. terminated. Signed by Judge Weiner on 5/23/05. (AVM) (Entered: 06/01/2005) |
| 06/01/2005 | 17 | ORDER : United States Mineral Products having declared bankruptcy during the pendency of the asbestos litigation, is hereby dismissed without prejudice from all pending MDL-875 actions; U.S. Mineral terminated. Signed by Judge Weiner on 5/23/05. (AVM) (Entered: 06/01/2005) |
| 06/01/2005 | 18 | ORDER : Congoleum Corp. having declared bankrupty during the pendency of the asbestos litigation, is hereby dismissed without prejudice from all pending MDL-875 actions; Congoleum Corporation terminated. Signed by Judge Weiner on 5/23/05. (AVM) (Entered: 06/01/2005) |
| 06/13/2005 | 19 | ORDER : Kaiser Aluminum having declared bankruptcy during the pendency of the asbestos litigation, is hereby dismissed without prejudice from all pending MDL-875 actions; Kaiser Aluminum & |

| | | |
|---|---|---|
| | | Chemical Corporation terminated. Signed by Judge Weiner on 5/31/05. (Original Order in 1:05cv40)(AVM) (Entered: 06/13/2005) |
| 07/05/2005 | 20 | ORDER : C. E. Thurston & Sons having declared bankruptcy during the pendency of this litigation, is dismissed without prejudice from all pending 875 actions; C.E. Thurston and Son, Inc. terminated. (Original order in 1:05cv38) Signed by Judge Weiner on 6/27/05. (AVM) (Entered: 07/05/2005) |
| 07/05/2005 | 21 | ORDER : claims of plaintiffs against John Crane, Inc. are dismissed without prejudice; John Crane, Inc. terminated. Signed by Judge Weiner on 6/6/05. (AVM) (Entered: 07/05/2005) |
| 07/05/2005 | 22 | ORDER : Oglebay Norton is dismissed without prejudice . Signed by Judge Weiner on 6/17/05. (AVM) (Entered: 07/05/2005) |
| 07/20/2005 | 23 | ORDER : Ingersoll-Rand is dismissed with prejudice as to the 250 plaintiffs on exhibit A (exhibit not received). Signed by Judge Weiner on 6/10/05. (AVM) (Entered: 07/20/2005) |
| 07/20/2005 | 24 | ORDER : ACandS having declared bankruptcy during the pendency of the litigation, is hereby dismissed without prejudice from all pending MDL 875 actions; AC&S terminated. Signed by Judge Weiner on 7/5/05. (Original order in 1:05cv40)(AVM) (Entered: 07/20/2005) |
| 07/27/2005 | 25 | MOTION to Remand by 3M Company. (Hall, Jennifer) (Entered: 07/27/2005) |
| 08/08/2005 | 26 | ORDER : General Electric is dismissed with prejudice as to plaintiffs on Exhibit A. Signed by Judge Weiner on 8/1/05. (AVM) (Entered: 08/08/2005) |
| 08/16/2005 | 27 | RESPONSE in Opposition re 25 MOTION to Remand filed by Plaintiffs. (Varas, Jeffrey) Modified on 8/17/2005 to delete names and shorten docket entry (AVM). (Entered: 08/16/2005) |
| 08/17/2005 | | DOCKET ANNOTATION as to # 27 : this docket entry was edited to delete all plaintiffs names to shorten the docket entry ; attorney advised that in future to choose either "all plaintiffs" party, if available, or to choose two plaintiffs only.(AVM) (Entered: 08/17/2005) |
| 08/22/2005 | 28 | ORDER : Ingersoll-Rand is dismissed with prejudice as to the plaintiffs on Exhibit A. Signed by Judge Weiner on 8/18/2005. (AVM) Modified on 8/22/2005 (AVM). (Entered: 08/22/2005) |
| 08/23/2005 | 29 | ORDER : Flintkote Company having declared bankruptcy, is dismissed without prejudice from all pending MDL 875 actions; Flintkote Company terminated. Signed by Judge Weiner on 8/5/05 |

| | | |
|---|---|---|
| | | (AVM) (Entered: 08/23/2005) |
| 08/25/2005 | 30 | REPLY to Response to Motion re 27 Response in Opposition to Motion *to Remand* filed by 3M Company. (Attachments: # 1)(Campbell, Barry) (Entered: 08/25/2005) |
| 10/03/2005 | 31 | ORDER : Attorney Lucien C. Gwin, Jr terminated as counsel for Asarco. Signed by Judge Weiner on 8/24/05. (AVM) (Entered: 10/13/2005) |
| 11/08/2005 | 32 | ORDER : North America Refractories is dismissed without prejudice, and terminated. Signed by Judge Weiner on 10/31/2005. (AVM) (Entered: 11/08/2005) |
| 11/18/2005 | 33 | ORDER : North American Refractories is dismissed without prejudice . Signed by Judge Weiner on 10/31/05. (AVM) (Entered: 11/18/2005) |
| 01/20/2006 | 34 | ORDER: SB Decking, Inc. dismissed without prejudice and terminated. Signed by Judge James T. Giles on 1/6/06. (rlw) (Entered: 01/20/2006) |
| 01/24/2006 | 35 | (NOTE: Please disregard this Order. Case number has been corrected and it has been properly docketed in 1:05cv341) ORDER: Cooper Industries dismissed without prejudice and terminated.. Signed by Judge James T. Giles on 1/18/06. (wd ) Modified on 1/24/2006 (SPC). (Entered: 01/24/2006) |
| 01/24/2006 | | DOCKET ANNOTATION as to #35 Order: Please disregard this Order. It carried an incorrect cause number. It has been properly docketed in Civil Case No. 1:05cv341. (SPC) (Entered: 01/24/2006) |
| 04/24/2006 | 36 | ORDER : Metropolitan Life Company is dismissed with prejudice for plaintiffs on exhibit A . Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/24/2006) |
| 04/27/2006 | 37 | ORDER : Mt. Vernon Mills, Inc. is dismissed without prejudice; Mt. Vernon Mills, Inc. terminated. Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/27/2006) |
| 04/27/2006 | 38 | ORDER : Sepco Corp is dismissed without prejudice;, Sepco Corporation terminated. Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/27/2006) |
| 04/27/2006 | 39 | ORDER : Metropolitan Life Company is dismissed with prejudice for the plaintiffs on Exhibit A. Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/27/2006) |
| 04/27/2006 | 40 | ORDER : Georgia-Pacific Corp. is dismissed with prejudice as to plaintiffs Shearer and Driver . Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/27/2006) |

| 04/27/2006 | 41 | ORDER : Georgia-Pacific Corp. is dismissed with prejudice as to plaintiffs Casey, Gordon, Hedgspeth and Jones . Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/27/2006) |
|---|---|---|
| 04/27/2006 | 42 | ORDER : Georgia-Pacific Corp. is dismissed with prejudice as to plaintiffs Abernathy, Davis, Fowler, Harbin, Kemp and Sellew . Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/27/2006) |
| 04/27/2006 | 43 | ORDER : Georgia-Pacific Corp. is dismissed with prejudice as to plaintiffs Kizziah, Lunsford, Sullivan, and Warren. Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/27/2006) |
| 04/27/2006 | 44 | ORDER : Georgia Pacific Corp. is dismissed with prejudice as to plaintiffs on Exhibit A. Signed by Judge Giles on 4/12/2006. (AVM) (Entered: 04/27/2006) |
| 06/20/2006 | 45 | ORDER : 3M is dismissed without prejudice; 3M Company terminated. Signed by Judge Giles on 5/22/2006. (AVM) (Entered: 06/20/2006) |
| 06/30/2006 | 46 | ORDER : General Electric Company is dismissed as to plaintiffs on Exhibit A. Signed by Judge Giles on 6/14/2006. (Attachments: # 1 Exhibit)(AVM) (Entered: 06/30/2006) |
| 10/24/2006 | 47 | MOTION to Dismiss *Shook & Fletcher* by Robert F. Meade, Sr. (Varas, Jeffrey) (Entered: 10/24/2006) |
| 10/24/2006 | 48 | NOTICE of Voluntary Dismissal by Robert F. Meade, Sr (Varas, Jeffrey) (Entered: 10/24/2006) |
| 10/25/2006 |  | DOCKET ANNOTATION as to # 48 : this document is docketed as a notice of dismissal, but is styled as an order of dismissal to be signed by the Judge and should be submitted to the Judge ; attorney's office advised that as the motion 47 was as to one plaintiff only, the defendant would not be termed by a stipulation of dismissal, or an order, as the order would have to be as to all plaintiffs. (AVM) (Entered: 10/25/2006) |
| 01/16/2007 | 49 | ORDER : the claims of the plaintiffs are dismissed without prejudice as to U. C. Realty Corporation; U.C. Realty Corporation terminated. Signed by Judge Giles on 1/8/2007. (AVM) (Entered: 01/17/2007) |
| 03/05/2007 | 50 | AGREED ORDER OF DISMISSAL: Ordered that the claims of the Plaintiffs against Scapa are dismissed without prejudice. Signed by Judge Giles on 2/7/07. (jch) (Entered: 03/08/2007) |
| 04/18/2007 | 51 | First MOTION Enforce Settlement Agreement Entered Into With Defendant National Services Industries, Inc. (North Brothers) by All Plaintiffs. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Shackelford, Stephen) (Entered: 04/18/2007) |

| 04/18/2007 | 52 | CERTIFICATE OF SERVICE by All Plaintiffs re 51 First MOTION Enforce Settlement Agreement Entered Into With Defendant National Services Industries, Inc. (North Brothers) (Shackelford, Stephen) (Entered: 04/18/2007) |
|---|---|---|
| 04/19/2007 | 53 | ORDER : General Electric is dismissed with prejudice from the claim of Clinton Holman . Signed by Judge Giles on 4/9/2007. (AVM) (Entered: 04/20/2007) |
| 05/14/2007 | 54 | AGREED ORDER OF DISMISSAL: Ordered that the claims against Monsanto asserted by the Plaintiffs in this action are dismissed without prejudice. Signed by Judge Giles on 5/3/07. (jch) (Entered: 05/14/2007) |
| 06/19/2007 | 55 | JUDGMENT of Dismissal: Ordered that the request for dismissal is granted without prejudice as to the claims of the plaintiffs and without prejudice as to all cross-claims against defendant, Cooper Industries, LLC. Cooper Industries terminated. Signed by Judge James T. Giles on 6/12/07. (RLW) (Entered: 06/20/2007) |
| 07/20/2007 | 56 | Response in Opposition re 51 First MOTION Enforce Settlement Agreement Entered Into With Defendant National Services Industries, Inc. (North Brothers) by All Plaintiffs. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C)(Shackelford, Stephen) filed by National Services Industries, Inc. (McGuffee, Laurin) (Entered: 07/20/2007) |
| 07/24/2007 | 57 | Response in Opposition re 55 JUDGMENT of Dismissal: Ordered that the request for dismissal is granted without prejudice as to the claims of the plaintiffs and without prejudice as to all cross-claims against defendant, Cooper Industries, LLC. Cooper Industries terminated. Signed by Judge James T. Giles on 6/12/07. (RLW) *Cooper Industries Response in Opposition to Plaintiffs' Request to Set Aside Judgment of Dismissal* filed by Cooper Industries (Attachments: # 1 Exhibit "A")(Barton, Monte) (Entered: 07/24/2007) |
| 07/31/2007 | 58 | ORDER : Mobil Corporation, parent of Mobil Oil Corporation is dismissed without prejudice as to the claims of all plaintiffs and Mobil Oil Corporation is terminated. Signed by Judge Giles on 7/18/2007. (AVM) (Entered: 08/01/2007) |
| 08/13/2007 | 59 | RESPONSE to Motion re 51 First MOTION Enforce Settlement Agreement Entered Into With Defendant National Services Industries, Inc. (North Brothers) filed by All Plaintiffs (Attachments: # 1 Affidavit # 2 Settlemetn Ford# 3 Settlement Agreement# 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit)(Varas, Jeffrey) (Entered: 08/13/2007) |