**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 4 2007

FILED
CLERK'S OFFICE

<u>BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION</u>

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEIGH COLE, SR.** | * **CIVIL ACTION NO. 2:07-cv-3049** |
| | * |
| **VERSUS** | * **JUDGE:**       **FALLON** |
| | * **SECTION:**       **L** |
| **NORTHROP GRUMMAN** | * |
| **SHIP SYSTEMS, INC. ET AL** | * **MAGISTRATE:  SHUSHAN** |
| | * **DIVISION:**       **1** |

Pertains to:  MDL 875- In Re Asbestos Products Liability Litigation (No. IV)
            Conditional Transfer Order 281 (CTO-281)
            Schedule CTO-281-Tag-Along Action

<u>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER WITH INCORPORATED
MEMORANDUM, OR IN THE ALTERNATIVE, MOTION FOR
CONTINUANCE OF TRANSFER UNTIL TRANSFEROR JUDGE RULES ON
MOTION TO REMAND**</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Reilly-Benton Company, Inc., who submits the following opposition to Plaintiff's motion to vacate conditional transfer order with incorporated memorandum, or in the alternative, motion for continuance of transfer until transferor judge rules on motion to remand.  The basis of Plaintiff's motion to vacate the conditional transfer order is that "transferring the instant case at this time would be a significant waste of judicial resources as the parties have already filed multiple memoranda on the remand issue."

Plaintiff's opposition to transfer is based upon Plaintiff's pending motion to remand, which is currently before the transferor district court. Plaintiff apparently believes that because the transferor court has not ruled on Plaintiff's challenge to federal diversity jurisdiction, this Panel does not have the power to effectuate a transfer to the MDL court. However, this Panel has explicitly rejected this argument.

**OFFICIAL FILE COPY**

IMAGED SEP 1 1 2007

PLEADING NO. 5159

RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
2007 SEP -4 A 10: 18

On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("MDL") ordered that all federal "personal injury or wrongful death asbestos actions not yet in trial" be transferred to the United States District Court for the Eastern District of Pennsylvania for consolidated and coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407. *In re Asbestos Products Liability Litigation* (No VI), MDL Docket No. 875, 771 F. Supp. 415, 422 & 424 (J.P.M.L.1991). Plaintiff objects to transfer because he believes, incorrectly, that transfer will not promote the efficient resolution of the case. In fact, this exact scenario was what the asbestos MDL court was designed for. See *In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, 771 F. Supp. at 417 (stating that the establishment of an asbestos MDL court is warranted because such "centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct).

Additionally, Plaintiff relies on the fact that a motion to remand remains pending before the transferor district court. However, this Panel has explicitly rejected this argument on numerous occasions. See *In re Asbestos Products Liability Litigation (No. VI,* MDL Docket No. 875, at 1 n. 1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit *A); In Re Asbestos Products Liability Litigation (No. VI),* MDL Docket No. *875,* at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In Re Asbestos Products Liability Litigation (No. VI),* MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (Exhibit C). In its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pending motions or other matters before the transferor court" are not a basis "for carving out exceptions to transfer in this extraordinary docket." See *In re Asbestos Products Liability Litigation (No. VI),* MDL Docket No. 875, 170 F. Supp.2d

1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI),* MDL Docket No. 875.771 F. Supp. 415 (J.P.M.L. 1991). In fact, such a motion is properly before the MDL court because the purpose of the MDL is to establish a sole district for coordinated pre-trial proceedings for the purpose of advancing judicial economy and eliminating the potential for conflicting pre-trial rulings. *See e.g. In Re New York City Mun. Sec. Litig.,* 572 F.2d 49, 51-52 (2d Cir. 1978); *Good* v. *Prudential Ins. Co.,* 5 Supp. 2d 804, 809 (N.D. Cal. 1998*); In re Air Crash Disaster Off Long Island, NY, 965* F. Supp. 5, 7 (S.D. N. Y. 1997).

In previous matters before the Panel, plaintiffs, as in the instant matter, have also argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to permit the resolution of a pending motion to remand. *In re Asbestos Products Liability Litigation* (No. VI), MDL Docket No. 875, at 1 n.l (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A). The Panel has repeatedly held that a pending motion to remand is not a basis for vacating a conditional transfer or defeating transfer because "jurisdictional and remand motions can still be presented to and decided by the transferee judge." *In re Bridgestone/Firestone, Inc.,* 2000 WL 33416573, at * 1-2 (J.P.M.L. Oct. 24, 2004).

Accordingly, the Panel should deny Plaintiffs Motion to Vacate the Conditional Transfer Order and enter a final order transferring this case to the MDL court. *See e.g. In Re New York City Mun. Sec. Litig.,* 572 F.2d 49, *51-52* (2d Cir. 1978); *Good* v. *Prudential Ins. Co.,* 5 Supp. 2d 804, 809 (N.D. Cal. *1998);In re Air Crash Disaster Off Long Island, NY, 965* F. Supp. 5, 7 (S.D. N. Y. 1997).

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 1 2007

FILED
CLERK'S OFFICE

Respectfully Submitted,

By: _____
RYAN A. BEASON (LSBA # 30129)
DIANE SWEEZER (LSBA # 28243)
BEASON WILLINGHAM, LLP
Neils Esperson Building
808 Travis, Suite 1608
Houston, TX 77002-5607
Telephone: (713) 333-7600
Facsimile: (713) 333-7601
ATTORNEYS FOR DEFENDANT,
REILLY-BENTON CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all interested parties pursuant to the Louisiana Code of Civil Procedure on this the 30ᵗʰ day of August 2007.

_____
Diane M. Sweezer

RECEIVED
CLERK'S OFFICE
2007 SEP 11  A 10: 20
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## PANEL SERVICE LIST (Excerpted from CTO-281)
## MDL NO. 875
## IN RE Asbestos Products Liability Litigation (No. VI)

*Leigh Cole, Sr. v. Northop Grumman Ship Systems, Inc., et al.*, E.D. Louisiana, C.A. No. 2:07-3049

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Brian C. Bossier
Blue Williams, LLP
3421 N. Causeway Boulevard, 9th Fl.
Metairie, LA 70002

David R. Cannella
Landry & Swarr
1010 Common Street, Suite 2050
New Orleans, LA 70112

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Kaye N. Courington
Duncan Courington & Rydberg, LLC
400 Poydras Street, Suite 1200
New Orleans, LA 70130

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gary Allen Lee
Lee, Futrell & Perles, LLP
201 St. Charles Avenue, Suite 4120
New Orleans, LA 70170-4120

Christopher K. Lightfoot
Hailey, McNamara, Hall, Larmann
& Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Thomas G. Milazzo
Pajares & Schexnaydre, LLC
103 Northpark Boulevard, Suite 110
Covington, LA 70433-6103

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Thomas M. Nosewicz
Jones, Walker, Waechter, et al.
Place St. Charles, 49th Floor
201 St. Charles Avenue
New Orleans, LA 70170

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Samuel M. Rosamond, III
Crawford Lewis, PLLC
400 Poydras Street, Suite 2100
New Orleans, LA 70130

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA 70130

**FedEx** ®

US Home

Español

Information Center | Customer S

Search

| Package / Envelope Services | Office/Print Services | Freight Services | Expedited S |
|---|---|---|---|
| Ship | Track | Manage My Account | International Tools |

## Track Shipments
## Detailed Results

⊞ Printable Version      ⑦ Quick Help

| | | | | |
|---|---|---|---|---|
| **Tracking number** | 861383654406 | **Reference** | LEIGH COLE | **Wrong Address?** Reduce future mistal |
| **Signed for by** | J.JOHNSTON | **Delivered to** | Receptionist/Front Desk | FedEx Address Che |
| **Ship date** | Aug 31, 2007 | **Service type** | Standard Envelope | |
| **Delivery date** | Sep 4, 2007 2:21 PM | | | **Tracking a FedEx Sr** |
| | | | | **Shipment?** |
| **Status** | Delivered | | | Go to shipper login |
| **Signature image available** | Yes | | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Sep 4, 2007** | 2:21 PM | **Delivered** | | |
| **Sep 1, 2007** | 6:30 AM | At local FedEx facility | HARAHAN, LA | Package not due for delivery |
| | 4:54 AM | At dest sort facility | KENNER, LA | |
| | 4:35 AM | Departed FedEx location | MEMPHIS, TN | |
| | 12:10 AM | Arrived at FedEx location | MEMPHIS, TN | |
| **Aug 31, 2007** | 8:45 PM | Left origin | HOUSTON, TX | |
| | 5:59 PM | Picked up | HOUSTON, TX | |

**Take 15% off** list rates on eligible FedEx Express® online shipments.

Learn more >>

[ Signature proof ]   [ E-mail results ]   [ Track more shipments ]

### Subscribe to tracking updates (optional)

**Your Name:** [                    ]      **Your E-mail Address:** [                    ]

| E-mail address | Language | | Exception updates | Delivery updates |
|---|---|---|---|---|
| [        ] | English | | ☐ | ☐ |
| [        ] | English | | ☐ | ☐ |
| [        ] | English | | ☐ | ☐ |
| [        ] | English | | ☐ | ☐ |

**Select format:** ◉ HTML  ○ Text  ○ Wireless
**Add personal message:**

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and
Conditions

[ Submit ]

Global Home | Service Info | About FedEx | Investor Relations | Careers | FedEx Mobile | fedex.com Terms of Use | Privacy
Policy

This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2007 FedEx

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG -9 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

*Flinn James, et al. v. International Paper Co., et al.*, S.D. Mississippi, C.A. No. 1:01-556
*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, W.D. Pennsylvania, C.A. No. 2:02-304

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending, respectively, in the Southern District of Mississippi and the Western District of Pennsylvania. Movants seek to vacate the Panel's orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

*Judge Sear took no part in the decision of this matter.

[1] Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the
(continued...)



EXHIBIT

A

ALL-STATE LEGAL®

COPY IMAGED AUG 1 2 '02

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Plaintiffs in the Western District of Pennsylvania action (*Huber*) seek to exclude *Huber* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries. They urge that *Huber* instead deals exclusively with violations of common law, statutory law and the professional duties owed by defendant lawyers to plaintiff clients whom the lawyers previously represented in state court asbestos personal injury litigation. We are not confident that plaintiffs' claims regarding the caliber of their legal representation can be redressed without an examination of the merits of their underlying personal injury claims, matters which place *Huber* within the purview of MDL-875. Transfer is therefore necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket with respect to such matters as the structuring of settlements, settlement funding, and settlement administration. Finally, we note that the named plaintiffs are already parties to previously transferred MDL-875 actions that remain pending in the transferee district. Thus any inconveniences associated with Section 1407 transfer should be minimal.

We note that under Judge Weiner's stewardship, as of July 24, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,190 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

(...continued)
conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN* AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

*John Todd v. Porter-Hayden Co., et al.,* D. Delaware, C.A. No. 1:01-234
*Clyde Bowman, et al. v. Armstrong World Industries, Inc., et al.,* D. Delaware, C.A. No. 1:01-318
*James C. Turner, et al. v. Anchor Packing Co., et al.,* E.D. Louisiana, C.A. No. 2:01-2767
*Rodney W. Schamerhorn, etc. v. United States Dept. of Army,* W.D. Louisiana, C.A. No. 2:01-914
*Lowell Abbott, Jr., et al. v. Metropolitan Life Insurance Co., et al.,* E.D. Missouri, C.A. No. 4:01-1299
*Cam L. Atkins, et al. v. A.P. Green Services, Inc., et al.,* S.D. West Virginia, C.A. No. 2:01-781

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in six District of Delaware, Eastern District of Louisiana, Western District of Louisiana, Eastern District of Missouri and Southern District of West Virginia actions. Movants seek to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the

_____

*Judges Selya and Jensen took no part in the decision of this matter with respect to the Eastern District of Louisiana and Eastern District of Missouri actions. Judge Motz also took no part in the decision of this matter with respect to the Eastern District of Louisiana action.

IMAGED FEB 20 '02

EXHIBIT

B

ALL-STATE LEGAL®

- 2 -

transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Nor are we persuaded by the arguments of the plaintiffs in the District of Delaware and Southern District of West Virginia actions. These parties seek to exclude their three actions from transfer on the ground that the actions do not specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district: whether asbestos personal injury settlement agreements negotiated by the Center for Claims Resolution (CCR) create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing.

Finally, we note that under Judge Weiner's stewardship, as of February 1, 2002, i) over 71,000 actions have been closed in the transferee district, and ii) over 1100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable

---

[1]Plaintiffs in certain actions have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: '1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does no in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 8 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Weldon R. Moake, et al. v. Reynolds Metals Co., S.D. Texas, C.A. No. 4:00-4226*

## BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 192 F.R.D. 459, 468-6 (2000), by plaintiffs in the subject action pending in the Southern District of Texas (*Moake*) requesting that the Panel vacate the portion of its order conditionally transferring *Moake* to the Eastern District Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in th docket before Judge Charles R. Weiner.

On the basis of the papers filed and the hearing held, the Panel finds that *Moake* involves commu questions of fact with actions in this litigation previously transferred to the Eastern District Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in t coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience the parties and witnesses and promote the just and efficient conduct of the litigation. We find that trans of the action is appropriate for reasons expressed by the Panel in its original decision in this doc directing centralization of all pending federal court actions not then in trial involving allegations personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbes Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in Panel's original decision distinctions based on such matters as the pendency of motions or other matt before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condit

---

[1] Plaintiffs in *Moake* have argued that transfer should be denied or deferred in order to permit the resolut of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommo such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, briefing on the question of transfer, the P of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the P hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra*, 192 F.R.D. at expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders pretrial proceedings in the district court in which the action that is the subject of the conditional transfer ord

(continue

IMAGED APR 2 0 '01

EXHIBIT

C

ALL-STATE LEGAL®

- 2 -

of any specific federal district, the stage of pretrial proceedings,[2] the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel. We note that under Judge Weiner's stewardship, as of March 31, 2001, i) nearly 67,000 actions have been closed in the transferee district, and ii) over 1,100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders inclusion of Moake in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., supra, 192 F.R.D. at 470-72. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Weldon F. Moake, et al. v. Reynolds Metals Co., S.D. Texas, C.A. No. 4:00-4226, is hereby transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

(...continued)
pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without unnecessary interruption or delay.

[2] Plaintiffs in Moake have argued that, by virtue of a summary judgment previously entered in favor of the defendant in the action, Moake falls outside the scope of Section 1407, which authorizes the Panel to transfer for pretrial proceedings. We note that all parties to Moake agree that the Texas Supreme Court's ruling in an Texas asbestos personal injury case necessitates vacatur of the Moake court's order dismissing the action's defendant. There is also no dispute that additional pretrial proceedings will be forthcoming, including disco and dispositive motions. In light of this agreed upon state of affairs in the action, it is clear that the Moake co previously entered "final judgment" is merely a matter of form that should not prevent the action's transfer Section 1407. Plaintiffs' argument that the case has been adjudicated on the merits is especially unpersuas light of plaintiffs' own motion, filed after the aforementioned Texas Supreme Court decision, requesting the court to vacate its dismissal order.