JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MBL 875**

SEP - 5 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

IN RE:   ASBESTOS PRODUCTS LIABILTY          MDL DOCKET NO: 875
         LITIGATION (NO VI)

CONDITIONAL TRANSFER ORDER 284

THIS DOCUMENT RELATES TO:

NOLAND FONTENOT

VERSUS

CHEVRON U.S.A., INC. ET AL                    C.A.NO. 2:07-2764

## CONSOLIDATED MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

**COME NOW**, Noland Fontenot ("Movant") by and through his counsel of record and files this his consolidated Motion and Brief to Vacate Conditional Transfer Order entered by the Judicial Panel on Multi-District Litigation on May 3, 2007. In support thereof, the Movant would show unto the Court, the following, to-wit:

## PROCEDURAL HISTORY

The Plaintiff originally filed suit in the Thirty Second Judicial District Court in the Parish of Terrebonne, State of Louisiana on March 22, 2007 against Chevron USA Inc., successor in interest to Texaco Oil Company, and Gulf Oil Corporation; John W. Smith and Associates, Inc.; N L Industries, Inc., successor in interest to National Lead Company; Union Carbide and Carbon Corporation, successor in interest to Union Carbide and Carbon Corporation; ConocoPhillips



**OFFICIAL FILE COPY**

IMAGED SEP  5 2007

Company, successor in interest Phillips Petroleum Company; Continental Oil Company; Exxon Mobil Corporation; Zapata Corporation, successor in interest to Zapata Drilling Inc.; Hunt Oil Company, successor in interest to Penrod Drilling Company and Penrod Drilling Corporation.[1] The Complaint was based upon, among other things, the plaintiff's exposure to the chemical constituents of drilling mud containing raw asbestos while he was employed on marine vessels owned and/or leased by defendants.

The case was subsequently removed to the United States District Court for the Eastern District of Louisiana jointly by Chevron U.S.A. and Exxon Mobil Corporation on May 3, 2007. The removal was based on diversity of citizenship between plaintiff and defendants and the amount in controversy exceeding Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and cost. (See Notice of Removal without exhibits, attached hereto as Exhibit "B").

On July 3, 2007, Union Carbide Corporation notified the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 to the Rules of Judicial Panel of Multi-District Litigation listing the instant case as a potential "tag-a-long" action in the asbestos cases pending in the United States District Court, Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceeding pursuant to 28 U.S.C. § 1407 in MDL 875.

---

[1] The Plaintiff in his Complaint alleges that for over 15 years the "Defendants failed to provide a safe working environment, failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers, failure to provide a methods for storing and handling raw asbestos in a way that would prevent Plaintiff from inhaling asbestos dust and fibers,  failure to provide safety equipment to prevent Plaintiff from having to inhale asbestos fibers and dust, by using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the plaintiffs and to Plaintiff's co-workers; other items of unseaworthy conditions which may be established through the discovery and shown at the time of trial; and generally the failure of the Defendants to act with the required degree of care commensurate with existing situation."  A copy of the Complaint is attached hereto as Exhibit "A."

A Conditional Transfer Order was entered by this Panel on May 3, 2007 pursuant to Rule

7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425,

435 (2001). The Plaintiff has timely filed a Notice of Opposition to the Conditional Transfer

Order pursuant to Rule 7.

The suit by Noland Fontenot against various defendants (inclusive of Union Carbide) is

pending in the United States District Court for the Eastern District of Louisiana, but

conditionally transferred to the Eastern District of Pennsylvania, Philadelphia Division by Panel

order of July 3, 2007.  Plaintiff Fontenot seeks to vacate the Transfer Order such that his case

will remain in the United States District Court, Eastern District of Louisiana.

## ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 1407, civil actions pending in different district courts should be

transferred for consolidated pretrial proceedings only if (1) the actions involve "one or more

common questions of fact;" (2) the transfer is "for the convenience of parties and witnesses;" and

(3) transfer will "promote the just and efficient conduct of such actions."  The matter sub judice

does not meet any of these requirements. *First*, this action is a single plaintiff action which

involves, case-specific facts that render it unsuitable for inclusion in the MDL as it is not

common with any other case. *Second*, the case occurred in Louisiana and offshore Louisiana

waters and many of witnesses are Louisiana residents.  *Thirdly*, in transferring this matter to the

MDL, just the opposite of "promotion of just efficient conduct of the action" will occur.  The

time and cost expenditure to the parties will increase significantly to travel to Philadelphia

(versus New Orleans) when the overwhelming majority of the discovery will occur in Louisiana,

the evidence developed will be applicable to this one case and none others, and would delay the

action and toss it into an entirely irrelevant grouping of cases which would impede the progress of this case for several years. All the counsel herein are from Louisiana and South Texas.

### I.   Non-Class Action, Single Plaintiff Claims Should Not Be Transferred to This MDL.

This case is an individual suit for damages allegedly caused by the Defendants listed above. As a result, Plaintiff would derive little, if any, benefit from the MDL's focus because this is a single plaintiff action involving exposure by plaintiff to the chemical constituents of drilling mud containing raw asbestos while employed on vessels owned, operated and/or leased by defendants. In establishing, MDL 875, the Panel found that "[c]entralizing under Section 1407 [wa]s necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." (Transfer Order at 2 (emphasis added))  This establishes that all of the cases previous to MDL 875 were transferred under the umbrella of "class actions seeking recovery."  Mass joinder of plaintiffs would likewise qualify for MDL treatment where hundreds or thousands of claimants are named in one suit with a common nexus of asbestos exposure.

Plaintiff in this case does not allege a class action, but rather an individual suit for damages, albeit, exposure to asbestos fibers. Discovery in this plaintiff's case will therefore center not just on questions regarding plaintiff's general exposure to asbestos, but on specific, critical issues of fact pertaining to asbestos on, in and around the marine drilling vessels on which plaintiff was a crew member.  As a result, Plaintiff would derive no benefit from the MDL's focus on the class action or mass actions of claimants who have not been exposed to asbestos on Zapata Endeavor and certain Penrod marine vessels during the course of their

employment.  Simply put, plaintiff's claim herein has nothing to do with other MDL claimants exposure to boiler or insulation asbestos at, inter alia, chemical plants, carpet mills, refineries, ship building, facilities, etc.


## II.   Transfer of This Case to MDL Would Result in Great Inconvenience to the Parties and Witnesses.

Given the discovery, briefing, and motion practice that necessarily accompanies class action litigation (particularly in the context of an MDL) individual case-specific issues are often relegated to the back burner. Such is the case in MDL 875.  Because there are no class action-related issues to justify inclusion of Plaintiff's action in the MDL and the discovery issues that will arise in the *Fontenot* case are not the same, nor are there similar issues with any other cases now pending in MDL 875 there is simply no "convenience" to the parties or judicial economy to be achieved.  In point of fact, it will be and is more convenient for the parties to litigate before the United States District Court for the Eastern District of Louisiana. There will be no conservation of judicial resources by consolidation. Further, a transfer of *Fontenot* to MDL 875 will increase the expense of litigation to the parties.  Herein, all counsel work in the south Louisiana and Houston areas.  The United States District Court or the Eastern District of Louisiana is based in New Orleans, Louisiana.  It is self evident that motion practice in New Orleans will be less expensive (and time consuming) than traveling to Philadelphia.  Plaintiff submits that the *Fontenot* discovery will have no applicability to any other case, so there is no duplicative effort to address in the MDL context.  Ergo, there is no economy of resources to be derived by other claimants or the Court. The vast majority of the discovery will occur in Louisiana, Texas or Mississippi, the witnesses are from Louisiana, Texas and Mississippi and all

defendants have or had a physical presence in Louisiana. Plaintiff requests that the Panel grant his motion to vacate its conditional transfer order with respect to his case and return the case to the Eastern District of Louisiana.

### III.    Transfer Will Not Promote Just and Efficient Conduct.

This matter does not comport with the provisions of 28 U.S.C. § 1407 which states in pertinent part:

> "(a)    When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions,***

The parties made defendants herein are parties with whom plaintiff was affiliated during his working career. Most of the currently named defendants are not traditional asbestos defendants who routinely request transfer and consolidation of large numbers of asbestos claims to the Eastern District of Pennsylvania forum. As discussed above, there is no convenience to the parties and witnesses by a transfer of the litigation to a forum over 1,100 miles from Louisiana.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that the MDL Panel grant his Motion to Vacate Conditional Transfer Order and remand this matter to the United States District Court for the Eastern District of Louisiana.

The "just and efficient conduct" of this litigation will not be enhanced by transfer to Pennsylvania.  Because *Fontenot* is "one of one," not "one of thousands," there is no judicial economy achieved by the Court  the parties litigating in Philadelphia versus New Orleans.  The *Fontenot* case is a "stand alone" case, rulings in other cases on e.g.  discovery issues do not "trickle down" to *Fontenot*.  The factual situation extant in *Fontenot* is wholly original to *Fontenot* and none other.

RESPECTFULLY SUBMITTED:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN LLP
24110 Eden Street
P. O.  Box 71
Plaquemine, Louisiana 70765-0071
Telephone: 225-687-6396
Facsimile: 225-687-6398
e-mail: pwpendley@pbclawfirm

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 5 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

Lawrence E. Abbott
Abbott, Simses & Kuchler
5100 Village Walk
Suite 200
Covington, LA 70433

Brian J. Engeron
Abbott Simses & Kuchler
400 Lafayette St.
Suite 200 New Orleans, LA 70139

Gary Bezet
Kean Miller Hawthorne et al
P.O. Box 3513
Baton Rouge, LA 70821-3513

Gary Bezet
Kean Miller
P.O. Box 3613
Baton Rouge, LA 70821

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139

Brian J. Engeron
Abbott Simses & Kuchler
400 Lafayette St., Ste. 4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

RECEIVED
CLERK'S OFFICE
2007 SEP -5  A 11: 21
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Mary S. Johnson
Johnson Gray McNamara, LLC
69150 Highway
190 East Service Road
Covington, LA 70433

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Chardwick Mollere
Johnson Gray McNamara LLC
650 Poydras St.
Suite 1905
New Orleans, LA 70130

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
24110 Eden Street
P.O. Box 71
Plaquemine, LA 70765-0071

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Barrye Miyagi
Kean Miller
 P.O. Box 3613
Baton Rouge, LA 70821

Ernest Foundas
Abbott Simses & Kuchler
400 Lafayette St.
Suite 200
New Orleans, LA 70130

Barbara Ormsby
Fournan Perry Watkins et al
1515 Poydras Ste. 1300
New Orleans, LA 70112


Plaquemine, Louisiana, September 4, 2007.

Patrick W. Pendley

32ND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA

NOLAN FONTENOT

VERSUS

CHEVRON USA INC., successor in interest to Texaco Oil Company and Gulf Oil Corporation;
JOHN W. SMITH AND ASSOCIATES, INC.; N L INDUSTRIES, INC., Successor in interest to
National Lead Company; UNION CARBIDE CORPORATION, Successor in interest to Union
Carbide and Carbon Corporation; CONOCO PHILLIPS COMPANY, Successor in interest to
Phillips Petroleum Company; CONTINENTAL OIL COMPANY; EXXON MOBIL
CORPORATION; ZAPATA CORPORATION, Successor in interest to Zapata Drilling Inc;
HUNT OIL COMPANY, Successor in interest to Penrod Drilling Company and Penrod
Drilling Corporation.

NO. _____150874_____   DIV. __**JUDGE-DIVISION D**__

## **DAVID W. ARCENEAUX**



---

## **PETITION**

The petition of Noland Fontenot, a resident of the Parish of Caddo, State of Louisiana,  with

respect represents:

1.

Made defendants herein are:

CHEVRON U.S.A. INC., ("Chevron"), a Pennsylvania corporation authorized to do and
doing business in the State of Louisiana with its registered agent for service of process
being The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA
70802-6129.  The Defendant is a successor in interest to Texaco Oil Company and Gulf Oil
Corporation;

JOHN W. SMITH & ASSOCIATES, INC., ("Smith") a Louisiana corporation authorized to
do and doing business in the State of Louisiana with its registered agent for service of
process being John W. Smith & Associate, Inc., Box 339, Lockport, LA 70374

N L INDUSTRIES, INC., ("NL") a New Jersey corporation with its registered agent for
service of process being The Prentice-Hall Corporation System, Inc., 329 Somerulos St.,
Baton Rouge, LA 70802-6129.  The defendant is a successor in interest to National Lead
Company;

UNION CARBIDE CORPORATION, ("Union Carbide'), a foreign corporation authorized
to do and doing business in the State of Louisiana, with its registered agent for service of
process being C T Corporation, 320 Somerulos St., Baton Rouge, LA 70802-6129.  The
Defendant is a successor in interest to Union Carbide and Carbon, Corp.;

CONOCO PHILLIPS COMPANY, ("Conoco"), a Delaware corporation, authorized to do
and doing business in the State of Louisiana, with its registered agent for service of process
being United States Corporation Comppany, 320 Somerulos St., Baton Rouge, LA 70802-
6129. The Defendant is a successor in interest to Phillips Petroleum Company;

CONTINENTAL OIL COMPANY, ("Continental"), a Delaware corporation, authorized to

SCANNED
MAR 2 9 2007

do and doing business in the State of Louisiana with its registered agent for service of process being Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129

EXXON MOBIL CORPORATION, ("Exxon"), a New Jersey corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129;

ZAPATA CORPORATION, ("Zapata"), a Nevada corporation not authorized to do business in the State of Louisiana with its registered agent for service of process being John P. Fowler, 6100 Neil Road Ste. 500, Reno, Nevada, 89511-1149. The defendant is a successor in interest to Zapata Drilling Inc.

HUNT OIL COMPANY, ("Hunt"), a Delware corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The defendant is a successor in interest to Penrod Drilling Company and Penrod Drilling Corporation.

each of whom are justly and truly indebted, in solido, unto the Plaintiff, Noland Fontenot, for such

amount of money as will reasonably compensate plaintiff for all his damages and injuries, as

hereafter set forth:

## 2.

The amount in controversy exceeds the sum of $75,000.00

## 3.

Sometime around 1964, Noland Fontenot was an employee of "Smith" inter alia, on an

inland barge owned, leased or chartered. During that time, Noland Fontenot worked as a roughneck

and was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and

operation of the drilling vessel.

## 4.

In the process of mixing drilling mud, Noland Fontenot was required to handle asbestos

fibers which were utilized in thickening the drilling mud during the drilling process,

including the moving of sacks of raw asbestos, dumping raw asbestos into a "chemical hopper

which was located in the mud room of the vessel". Noland Fontenot was also required to move

and stack the 50 pound bags of raw asbestos, and frequently worked in an enclosed environment

where substantial asbestos dust was present in the air as a result of the chemical mixing process.

## 5.

From 1966 until 1978, while working, inter alia, in Terrebonne Parish Noland Fontenot

was employed by Baroid, a division of N L Industries, Inc. as a mud engineer on drilling marine

vessels from semi submersibles to jackups, namely, " Zapata Endeavor" and certain Penrod



SCANNED
MAR 2 9 2007

marine vessels". It was the responsibility of Noland Fontenot in his capacity as a mud engineer to oversea the mixing and thickening of the drilling mud. During that time he was frequently in the mud rooms of the drilling rigs, thereby exposed to the chemical compounds being added to the drilling mud stream.

6.

From 1966 until sometime around 1977, while working on the aforesaid vessels as a mud engineer, Noland Fontenot was constantly subjected to an unreasonably dangerous condition which rendered the above named vessels unseaworthy in that he was heavily exposed to asbestos fibers floating in the air of the mud room.

7.

That part of his duties for "N L" was the supervision of the mixing of drilling mud which contained raw asbestos fibers so that it could be mixed in the drilling mud for the purpose of thickening the drilling mud.

8.

The Defendants, "Chevron", "Conoco", "Continental", "Exxon", and "Union Carbide", "Hunt" "Smith" and "Zapata" and through their agents, specified the chemicals and ingredients used in the drilling mud and required that asbestos be used during the drilling process to facilitate the drilling process. The aforementioned Defendants, not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel on a constant basis. Noland Fontenot and others who were working on the marine vessels were exposed to this dust containing asbestos fibers on a daily and constant basis.

9.

The Defendants named hereinabove knew or should have known of the unreasonable risk of bodily injury to Noland Fontenot or others working on the vessels at issue in this litigation, but, despite that knowledge, failed to adequately warn Noland Fontenot and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the aforesaid vessels.

10.

"Baroid", a division of "N L" produced the asbestos fibers for use by on the drilling rigs, inland barges and/or other vessels operated by those companies. "Baroid" knew or should have


SCANNED
MAR 2 9 2007

known at the time that they were mining and/ or marketing the asbestos that the use of and storage of asbestos would pose an unreasonable risk of serious bodily injury to Noland Fontenot or others working on the vessels.

11.

At no time during his employment did the defendants advise Noland Fontento or his co-workers of the dangers and hazards of breathing asbestos fibers.

12.

As a direct and proximate result of the Noland Fontenot's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessels owned and/or operated by the defendants, "Chevron", "Exxon", "Conoco", "Continental", "Union Carbide", "Smith", "Hunt", and "Zapata" Noland Fontenot suffered serious and permanent injuries from the inhalation of asbestos fibers.

13.

Plaintiff alleges that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by "Exxon", "Conoco", "Continental", "Union Carbide", "Smith", "Hunt", "Zapata" and "Chevron".

14.

The negligence of the defendants includes, but is not limited to:

a)      Failure to provide Noland Fontenot with a safe place to work;

b)      Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c)      Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Noland Fontenot from inhaling asbestos dust and fibers;

d)      Requiring Noland Fontenot to handle raw asbestos fibers without proper safety equipment or warning;

e)      By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Noland Fontenot and to his co-workers;

f)      Other acts of negligence and/or fault which may be established through discovery

SCANNED
MAR 2 9 2007

and presented at the time of trial;

g)   Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

15.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Noland Fontenot has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

16.

Plaintiffs would show that the vessels were unseaworthy in the following non-exclusive respects:

a)   Failure to provide a safe working environment which would have prevented Noland Fontenot from being exposed to asbestos fibers and asbestos dust;

b)   Failure to provide safety equipment to prevent Noland Fontenot from having to inhale asbestos fibers and dust; and,

c)   Other items of unseaworthy conditions which may be established through discovery and shown at the time of trial of this matter.

17.

Plaintiffs brings this suit under the Jones Act, 46 U.S.C. 688, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of Louisiana.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter, where such punitive damages are allowed by law.

WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer

SCANNED
MAR 2 9 2007

this petition and that after due proceedings are had, that the Plaintiff be awarded judgment in

his favor and against the Defendants, jointly, severally and in solido, as follows:

I.    For compensatory damages for all medical expenses incurred and to be incurred

in the future by Plaintiff, if applicable;

II.   For compensatory damages for past, present and future physical pain and

suffering, if applicable;

III.  For compensatory damages for emotional distress suffered by Plaintiff;

IV.   For punitive damages;

V.    For legal interest on any amount so awarded from date of judicial demand until

paid;

VI.   For all reasonable costs of court and expert witness fees; and

VII.  For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEY:

PATRICK W. PENDLEY (LSBA #10421)
PENDLEY, BAUDIN & COFFIN
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398
E-MAIL: pwpendley@pbclawfirm.com

FILED

MAR 2 2 2007

Carla O. Ledet
Deputy Clerk of Court
Parish of Terrebonne, LA

**PLEASE SERVE DEFENDANTS:**

**CHEVRON U.S.A.INC.**, Pennsylvania corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA 70802-6129;

**JOHN W. SMITH & ASSOCIATES, INC.**, a Louisiana corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being John W. Smith & Associate, Inc., Box 339, Lockport, LA 70374

**N L INDUSTRIES, INC.**, a New Jersey corporation with its registered agent for service of process being The Prentice-Hall Corporation System, Inc., 329 Somerulos St., Baton Rouge, LA 70802-6129;

**UNION CARBIDE CORPORATION**, a foreign corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation, 320 Somerulos St., Baton Rouge, LA 70802-6129;

SCANNED
MAR 2 9 2007

**CONOCO PHILLIPS COMPANY**, , a Delaware corporation, authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being United States Corporation Comppany, 320 Somerulos St., Baton Rouge, LA 70802-6129;

**CONTINENTAL OIL COMPANY**, a Delaware corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129

**EXXON MOBIL CORPORATION**, , a New Jersey corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129;

**HUNT OIL COMPANY**, , a Delware corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

**VIA LONG ARM STATUTE:**

**ZAPATA CORPORATION**,  a Nevada corporation not authorized to do business in the  State of Louisiana with its registered agent for service of process being John P. Fowler,6100 Neil Road Ste. 500, Reno, Nevada, 89511-1149.

SCANNED
MAR 2 9 2007



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NOLAN FONTENOT** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. _____** |
| | * | |
| **CHEVRON USA INC., successor in interest to** | * | **SECTION _____** |
| **Texaco Oil Company and Gulf Oil Corporation;** | * | |
| **JOHN W. SMITH AND ASSOCIATES, INC.;** | * | |
| **N L INDUSTRIES, INC., Successor in interest** | * | |
| **to National Lead Company; UNION CARBIDE** | * | |
| **CORPORATION, Successor in interest to Union** | * | |
| **Carbide and Carbon Corporation; CONOCO** | * | |
| **PHILLIPS COMPANY, Successor in interest to** | * | |
| **Phillips Petroleum Company; CONTINENTAL** | * | |
| **OIL COMPANY; EXXON MOBIL** | * | |
| **CORPORATION; ZAPATA CORPORATION,** | * | |
| **Successor in interest to Zapata Drilling Inc.;** | * | |
| **HUNT OIL COMPANY, Successor in interest** | * | |
| **to Penrod Drilling Company and Penrod** | * | |
| **Drilling Corporation** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441, and further

based on the grounds set forth in this Notice of Removal, Chevron U.S.A., Inc. (hereinafter

"Chevron") and Exxon Mobil Corporation (hereinafter "Exxon") hereby jointly remove the

action entitled "*Nolan Fontenot v. Chevron U.S.A., Inc., et al.*," No. 150,874 on the docket of the

32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana to the United States

District Court for the Eastern District of Louisiana. Venue is proper in the Eastern District of Louisiana because the Parish of Terrebonne is within the territorial jurisdiction of this Honorable Court. In support of their Notice of Removal, Chevron and Exxon aver as follows:

1.

Plaintiff filed this matter on March 22, 2007 in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. The state court action was assigned Docket No. 150874, Division D.

2.

On April 3, 2007, Chevron was served, through its registered agent, with a copy of the Petition filed by Plaintiff, Nolan Fontenot, in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, Docket No. 150874, Division D.

3.

On April 3, 2007, Exxon was served, through its registered agent, with a copy of the Petition filed by Plaintiff, Nolan Fontenot, in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, Docket No. 150874, Division D.

4.

Plaintiff sued nine (9) different defendants in different capacities for alleged occupational exposure to asbestos fibers while he worked as a roughneck and/or mud engineer. Plaintiff's Petition alleged, *inter alia,* that he was exposed to products containing asbestos from "sometime around 1964" through "sometime around 1977." Petition, ¶¶ 3, 6. Plaintiff's Petition states that this action is being brought "under the Jones Act, 46 U.S.C. 688, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of Louisiana." Petition, ¶ 17.

5.

For the reasons set forth below, this Court has subject matter jurisdiction over this action. The suit is, therefore, is removable pursuant to 28 U.S.C. § 1441, *et seq.*

## FEDERAL DIVERSITY JURISDICTION

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction). The captioned matter is a suit between citizens of different states and the amount in controversy for Plaintiff's claim exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.[1]  The suit is, therefore, removable pursuant to 28 U.S.C. § 1441, *et seq.*

### Complete Diversity of Citizenship

7.

Plaintiff is an individual claiming to be an adult resident of Caddo Parish, Louisiana. Petition, Intro. ¶.

8.

Chevron U.S.A., Inc. is now, and was at the commencement of this litigation, a Pennsylvania corporation with its principal place of business outside the State of Louisiana. The principal place of business of Chevron U.S.A., Inc. is located in the State of California.

9.

Exxon Mobil Corporation is now, and was at the commencement of this litigation, a New Jersey corporation with its principal place of business outside the State of Louisiana. The principal place of business of Exxon Mobil Corporation is located in the State of Texas.

---

[1] The removing parties deny any liability to Plaintiff whatsoever.

10.

Union Carbide Corporation is now, and was at the commencement of this litigation, a New York corporation with its principal place of business outside the State of Louisiana. The principal place of business of Union Carbide Corporation is located in the State of Texas.

11.

Conoco Phillips Company is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the State of Louisiana. The principal place of business of Conoco Phillips Company is located in the State of Texas.

12.

Continental Oil Company is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the State of Louisiana. The principal place of business of Continental Oil Company is located in the State of Texas.

13.

Upon information and belief, Zapata Corporation is now, and was at the commencement of this litigation, a Nevada corporation with its principal place of business outside the State of Louisiana. The principal place of business of Zapata Corporation is located in the State of New York.

14.

Hunt Oil Company is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the State of Louisiana. The principal place of business of Hunt Oil Company is located in the State of Texas.

15.

In his Petition, Plaintiff alleged that John W. Smith & Associates ("Smith") is "a Louisiana corporation authorized to do and doing business in the State of Louisiana. . ." Petition, ¶ 1. However, for reasons set forth below, Smith's domicile should be ignored.

16.

In his Petition, Plaintiff alleged that N L Industries, Inc. ("NL Industries") is "a New Jersey corporation." Petition, ¶ 1. Upon information and belief, the principal place of business of NL Industries is located in the State of Texas. For reasons set forth below, NL Industries should be ignored for purposes of this removal.

**Improper Joinder**

17.

For purposes of determining diversity of citizenship, and for purposes of evaluating this removal, Smith should be ignored and it is not required to join in this Notice of Removal because it was improperly joined as a defendant. *See, Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir.2004) (en banc) (Although courts may be more familiar with the term fraudulent joinder, the Fifth Circuit determined in *Smallwood* that the proper term is "improper joinder" rather than "fraudulent joinder.").

18.

For purposes of determining diversity of citizenship, and for purposes of evaluating this removal, NL Industries should be ignored and it is not required to join in this Notice of Removal because it was improperly joined as a defendant.

19.

Plaintiff's Petition alleged that, during the dates in question, his employers for purposes of the Jones Act were Smith and Baroid, allegedly a division of NL Industries. However, as shown below, there is no possibility that Plaintiff would be able to establish a cause of action under the Jones Act against Smith or NL Industries. Both are improperly joined.

20.

There is no possibility that Plaintiff would be able to establish a cause of action against Smith based on the following.

First, according to information available from the Louisiana Secretary of State, Smith's agent for service of process resigned in 1979 and its corporate status was revoked in 1982. To date, the Clerk of Court for the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana reports that service cannot be made on Smith at the address provided by Plaintiff in his Petition. Further, the undersigned called directory assistance, and the operator reported there is no telephone listing for Smith in Lockport, Louisiana or the State of Louisiana. Based on all of the foregoing, it appears that Smith no longer exists and thus, is not a proper party in this case. A copy of the Louisiana Secretary of State Detailed Record for Smith is attached as Exhibit "A."

Second, in his Petition, Plaintiff alleged he was employed by Smith "sometime around 1964." Petition, ¶ 3. Upon information and belief, Plaintiff could not have been exposed to asbestos while employed by Smith in the manners alleged in his Petition because prior to 1964, no drilling mud additives contained asbestos as an ingredient.

21.

There is no possibility that Plaintiff would be able to establish a cause of action against NL Industries based on the following.

First, on April 20, 2007, Plaintiff filed a motion in this proceeding with the Clerk of Court for the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana asking that NL Industries be dismissed because it was "inadvertently sued." A copy of this motion is attached as Exhibit "B." The state court granted Plaintiff's motion on April 30, 2007 and NL Industries is no longer a defendant in this case.

Second, even if the Court had not dismissed NL Industries, there is still no reasonable possibility that Plaintiff could have stated a cause of action against NL Industries based on the allegations made. In his Petition, Plaintiff alleged he was employed by Baroid from 1966 until 1978 and that Baroid is a division of NL Industries. However, upon information and belief, Plaintiff's is enjoined from filing suit based on his claims against Baroid. Baroid/NL Industries has either filed for bankruptcy and/or is protected by an automatic stay. These entities are protected pursuant to the bankruptcy.

Upon information and belief, Plaintiff's claims against Baroid must be made against the Asbestos PI Trust. Moreover, pursuant to court order, Plaintiff may not file suit against any entity based on the allegations made against Baroid, but instead is required to go through the Asbestos PI Trust and follow its internal procedures for setting forth a claim. *See, In re Mid-Valley, Inc., et al. and DII Industries LLC*, Case No. 03-35592-JKF, United States Bankruptcy Court, Western District of Pennsylvania. Accordingly, NL Industries/Baroid is a "nominal party" and is not a proper defendant.

22.

Because Plaintiff has no arguable reasonable basis for stating a cause of action against Smith or NL Industries, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction).

**Amount In Controversy Exceeds $75,000**

23.

In his Petition, Plaintiff alleged the amount in controversy exceeds the sum of $75,000.00.  Petition, ¶ 2.

24.

Plaintiff further alleged that he "suffered serious and permanent injuries from the inhalation of asbestos fibers."  Petition, ¶ 12.

25.

Plaintiff further clarified that he asserts a damage claim for the following particulars:

A.   Compensatory damages for all medical expenses incurred and to be incurred in the future;

B.   Compensatory damages for past, present and future physical pain and suffering;

C.   Compensatory damages for emotional distress;

D.   Punitive damages;

E.   Legal interest on any amount so awarded from date of judicial demand until paid; and

F.   Costs of court and expert witness fees.

Petition, Prayer for Relief.

26.

Chevron and Exxon deny liability to Plaintiff in any amount whatsoever; however, Chevron and Exxon assert that, due to the nature and extent of injuries claimed, and the damages sought, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

27.

In compliance with 28 U.S.C. § 1446(a), a copy of Plaintiff's Petition, along with all other papers received by Chevron and/or Exxon, or otherwise filed in State Court are attached hereto as Exhibit "C."

28.

Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of April 3, 2007, the date that Chevron, Exxon, Conoco Phillips Company, Continental Oil Company, Hunt Oil Company, NL Industries and Union Carbide Corporation were served. Zapata Corporation was served on April 10, 2007 under Louisiana's long-arm statute. To date, Smith has not been served. Therefore, this Notice of Removal is timely filed.

29.

Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

30.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the 32nd Judicial District Court of the Parish of  Terrebonne, State of Louisiana, as required by the provisions of 28 U.S.C. § 1446(d).  Chevron and Exxon are providing the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana written notice of this removal and has requested that the Clerk of that Court forward a certified copy of the State Court record in this matter to this Court.

31.

Defendants, Conoco Phillips Company, Continental Oil Company, Hunt Oil Company, Union Carbide Corporation and Zapata Corporation have consented to this Notice of Removal as

verified by the attached Consents to Removal.   Because Smith and NL Industries were improperly joined, they need not join in the consent to the removal.   Further, because Smith has not been served, it need not, and cannot, join in the consent to the removal.   Further, these defendants submit that Smith is a nominal party, and therefore, its consent to remove is not necessary.   However, out of an abundance of caution, and even though it was improperly joined, NL Industries signed a Consent to Removal and it is included with the other Consents to Removal.   Thus, all served defendants have consented to this removal.   *See*, Exhibit "D," *in globo*.

32.

A copy of this Notice of Removal has been served on counsel for Plaintiff.

**WHEREFORE,** Chevron U.S.A., Inc. and Exxon Mobil Corporation hereby remove this action to this Honorable Court.

Submitted by:

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Scott D. Huffstetler (#28615)
Tara E. Montgomery (#29354)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
  McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, Louisiana 70821
Telephone:  (225) 387-0999

*Attorneys for Chevron U.S.A., Inc. and Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been forwarded, via facsimile, and/or by U. S. Mail, postage prepaid, to Plaintiff's counsel and via electronic mail to all known counsel of record.

Baton Rouge, Louisiana, this 3rd day of May, 2007.

_____
Scott D. Huffstetler