JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 5 2007

FILED
CLERK'S OFFICE

MDL  875

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

IN RE:   ASBESTOS PRODUCTS LIABILTY          MDL DOCKET NO: 875
         LITIGATION (NO VI)

CONDITIONAL TRANSFER ORDER 284

THIS DOCUMENT RELATES TO:

CLYDE TYER

VERSUS

UNION CARBIDE CORPORATION ET AL          C.A.NO. 07-CV-02777

## CONSOLIDATED MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

**COME NOW**, Clyde Tyer ("Movant") by and through his counsel of record and files this his consolidated Motion and Brief to Vacate Conditional Transfer Order entered by the Judicial Panel on Multi-District Litigation on May 3, 2007. In support thereof, the Movant would show unto the Court, the following, to-wit:

### PROCEDURAL HISTORY

The Plaintiff originally filed suit in the Thirty Second Judicial District Court in the Parish of Terrebonne, State of Louisiana on March 22, 2007 against Union Carbide Corporation, successor in interest to Union Carbide and Carbon; Baker Hughes Oilfield Operations, Inc., successor in interest to Milwhite and Louisiana Mud Company; ConocoPhillips Company, successor in interest to Phillips Petroleum; Placid Oil Company; Hunt Oil Company, successor in interest to Penrod Drilling Company and Penrod Drilling Corporation; Ensco Offshore

PLAINTIFF NO. 5161

OFFICIAL FILE COPY
IMAGED SEP  5 2007

Company, Pawnee Drilling Company and Mustang Drilling Ltd..[1]  The Complaint was based upon, among other things, the plaintiff's exposure to the chemical constituents of drilling mud containing raw asbestos while he was employed on marine vessels owned, operated and/or leased by defendants.

The case was subsequently removed to the United Stated District Court for the Eastern District of Louisiana by Union Carbide Corporation on May 3, 2007.  The removal was based on diversity of citizenship between plaintiff and defendants and the amount in controversy exceeding Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and cost. (See Petition For Removal without exhibits, attached hereto as Exhibit "B").

On July 3, 2007, Union Carbide Corporation notified the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 to the Rules of Judicial Panel of Multi-District Litigation listing the instant case as a potential "tag-a-long" action in the asbestos cases pending in the United States District Court, Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceeding pursuant to 28 U.S.C. § 1407 in MDL 875.

A Conditional Transfer Order was entered by this Panel on May 3, 2007 pursuant to Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001). The Plaintiff has timely filed a Notice of Opposition to the Conditional Transfer Order pursuant to Rule 7.

---

[1] The Plaintiff in his Complaint allege over 20 years the "Defendants failed to provide a safe working environment, failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers, failure to provide a methods for storing and handling raw asbestos in a way that would prevent Plaintiff from inhaling asbestos dust and fibers,  failure to provide safety equipment to prevent Plaintiff from having to inhale asbestos fibers and dust, by using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the plaintiffs and to Plaintiff's co-workers; other items of unseaworthy conditions which may be established through the discovery and shown at the time of trial; and generally the failure of the Defendants to act with the required degree of care commensurate with existing situation."  A copy of the Complaint is attached hereto as Exhibit "A."

The suit by Clyde Tyer against various defendants (inclusive of Union Carbide) is pending in the United States District Court for the Eastern District of Louisiana, but conditionally transferred to the Eastern District of Pennsylvania, Philadelphia Division by Panel order of July 3, 2007. Plaintiff Tyer seeks to vacate the Transfer Order such that his case will remain in the United States District Court, Eastern District of Louisiana.

## ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 1407, civil actions pending in different district courts should be transferred for consolidated pretrial proceedings only if (1) the actions involve "one or more common questions of fact;" (2) the transfer is "for the convenience of parties and witnesses;" and (3) transfer will "promote the just and efficient conduct of such actions." The matter sub judice does not meet any of these requirements. *First*, this action is a single plaintiff action which involves, case-specific facts that render it unsuitable for inclusion in the MDL as it is not common with any other case. *Second*, the case occurred in Louisiana and offshore Louisiana waters and many of witnesses are Louisiana residents. *Thirdly*, in transferring this matter to the MDL, just the opposite of "promotion of just efficient conduct of the action" will occur. The time and cost expenditure to the parties will increase significantly to travel to Philadelphia (versus New Orleans) when the overwhelming majority of the discovery will occur in Louisiana, the evidence developed will be applicable to this one case and none others, and would delay the action and toss it into an entirely irrelevant grouping of cases which would impede the progress of this case for several years. All the counsel herein are from Louisiana and South Texas

I.  **Non-Class Action, Single Plaintiff Claims Should Not Be Transferred to This MDL.**

3

This case is an individual suit for damages allegedly caused by the Defendants listed above.  As a result, Plaintiff would derive little, if any, benefit from the MDL's focus because this is a single plaintiff action involving exposure by plaintiff to the chemical constituents of drilling mud containing raw asbestos while employed on vessels owned, operated and/or leased by defendants. In establishing, MDL 875, the Panel found that "[c]entralizing under Section 1407 [wa]s necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." (Transfer Order at 2 (emphasis added))  This establishes that all of the cases previous to MDL 875 were transferred under the umbrella of "class actions seeking recovery."  Mass joinder of plaintiffs would likewise qualify for MDL treatment where hundreds or thousands of claimants are named in one suit with a common nexus of asbestos exposure.

Plaintiff in this case does not allege a class action, but rather an individual suit for damages, albeit, exposure to asbestos fibers. Discovery in this plaintiff's case will therefore center not just on questions regarding plaintiff's general exposure to asbestos, but on specific, critical issues of fact pertaining to asbestos on, in and around the marine drilling vessels on which plaintiff was a crew member.  As a result, Plaintiff would derive no benefit from the MDL's focus on the class action or mass actions of claimants who have not been exposed to asbestos on Penrod land rigs #'s 38, 22, 42, 20, 26 and 18, Penrod jack-up rig #55 and Penrod platform rig 30 and 31 during the course of their employment.  Simply put, plaintiff's claim herein has nothing to do with other MDL claimants exposure to boiler or insulation asbestos at, inter alia, chemical plants, carpet mills, refineries, ship building facilities, etc.

4

## II.     Transfer of This Case to MDL Would Result in Great Inconvenience to the Parties and Witnesses.

Given the discovery, briefing, and motion practice that necessarily accompanies class action litigation (particularly in the context of an MDL) individual case-specific issues are often relegated to the back burner. Such is the case in MDL 875.  Because there are no class action-related issues to justify inclusion of Plaintiff's action in the MDL and the discovery issues that will arise in the *Tyer* case are not the same, nor are there similar issues with any other cases now pending in MDL 875 there is simply no "convenience" to the parties or judicial economy to be achieved.  In point of fact, it will be and is more convenient for the parties to litigate before the United States District Court for the Eastern District of Louisiana. There will be no conservation of judicial resources by consolidation. Further, a transfer of *Tyer* to MDL 875 will increase the expense of litigation to the parties.  Herein, all counsel work in the south Louisiana and Houston areas.  The United States District Court or the Eastern District of Louisiana is based in New Orleans, Louisiana.  It is self evident that motion practice in New Orleans will be less expensive (and time consuming) than traveling to Philadelphia.  Plaintiff submits that the *Tyer* discovery will have no applicability to any other case, so there is no duplicative effort to address in the MDL context.  Ergo, there is no economy of resources to be derived by other claimants or the Court. The vast majority of the discovery will occur in Louisiana, Texas or Mississippi, the witnesses are from Louisiana, Texas and Mississippi and all defendants have or had a physical presence in Louisiana. Plaintiff requests that the Panel grant his motion to vacate its conditional transfer order with respect to his case and return the case to the Eastern District of Louisiana.

## III.     Transfer Will Not Promote Just and Efficient Conduct.

5

This matter does not comport with the provisions of 28 U.S.C. § 1407 which states in pertinent part:

> "(a)   When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions,***

The parties made defendants herein are parties with whom plaintiff was affiliated during his working career. Most of the currently named defendants are not traditional asbestos defendants who routinely request transfer and consolidation of large numbers of asbestos claims to the Eastern District of Pennsylvania forum.  As discussed above, there is no convenience to the parties and witnesses by a transfer of the litigation to a forum over 1,100 miles from Louisiana.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the MDL Panel grant his Motion to Vacate Conditional Transfer Order and remand this matter to the United States District Court for the Eastern District of Louisiana.

The "just and efficient conduct" of this litigation will not be enhanced by transfer to Pennsylvania.  Because *Tyer* is "one of one," not "one of thousands," there is no judicial economy achieved by the Court or the parties litigating in Philadelphia versus New Orleans. The *Tyer* case is a "stand alone" case, rulings in other cases on e.g. on discovery issues do not

6

"trickle down" to *Tyer*.  The factual situation extant in *Tyer* is wholly original to *Tyer* and none

other.

RESPECTFULLY SUBMITTED:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN LLP
24110 Eden Street
P. O. Box 71
Plaquemine, Louisiana 70765-0071
Telephone: 225-687-6396
Facsimile: 225-687-6398
e-mail: pwpendley@pbclawfirm

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 5 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

Lawrence E. Abbott
Abbott, Simses & Kuchler
5100 Village Walk
Suite 200
Covington, LA 70433

Brian J. Engeron
Abbott Simses & Kuchler
400 Lafayette St.
Suite 200 New Orleans, LA 70139

Andrew H. Meyers
Breaud & Lemoine
P.O. Box 3448
Suite 1101
Lafayette, LA 70502

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

RECEIVED
CLERK'S OFFICE
2007 SEP - 5   A 11: 18
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
24110 Eden Street
P.O. Box 71
Plaquemine, LA 70765-0071

Daniel Douglas Pipitone
Chamberlain, Harlicka, White
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4496

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

McGready L. Richeson
Abbott, Simes & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Jena W. Smith
Baldwin & Haspel
Energy Centre, Suite 2200
1100 Poydras Street
New Orleans, LA 70163

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Richard P. Sulzer
Sulzer & Williams, LLC
201 Holiday Boulevard, Suite 335
Covington, LA 70433

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Christine Bruneau
Abbott, Simses & Kuchler
400 Lafayette St. Ste. 200
New Orleans, LA 70130

Brad Batig
Akin Gump Strauss et al
1111 Louisiana St. 44th Floor
Houston, TX 77002-5200

Claudia Gary
Spears & Gary LLC
Capital One Bldg.
One Lakeshore Dr.
Lake Charles, LA 70629

Chad Mollere
Johnson Gray McNamara LLC
650 Poydras St., Ste. 1905
New Orleans, LA 70130

Plaquemine, Louisiana, September 4, 2007

_____
Patrick W. Pendley

32ND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA

CLYDE L. TYER

VERSUS

UNION CARBIDE CORPORATION; Successor in interest to Union Carbide and Carbon;
BAKER HUGHES OILFIELD OPERATIONS, INC., Successor in interest to Milwhite and
Louisiana Mud Company; CONOCO PHILLIPS COMPANY, Successor in interest to Phillips
Petroleum; PLACID OIL COMPANY;  HUNT OIL COMPANY, Successor in interest to Penrod
Drilling Company and Penrod Drilling Corporatation; ENSCO OFFSHORE COMPANY,
Successor in interest to Penrod Drilling Corporation; PAWNEE DRILLING COMPANY,
and MUSTANG DRILLING LTD.

NO. **150875**　　　 DIV. **GEORGE J. LARKE, JR.**
**JUDGE-DIVISION A**

---

### PETITION

The petition of Clyde L. Tyer, a resident of the Parish of Caddo, State of Louisiana,  with

respect represents:

1.

Made defendants herein are:

UNION CARBIDE CORPORATION, "Union Carbide",  a foreign corporation authorized
to do and doing business in the State of Louisiana, with its registered agent for service of
process being C T Corporation, 320 Somerulos St., Baton Rouge, LA 70802-6129.  The
Defendant is a successor in interest to Union Carbide and Carbon, Corp.;

BAKER HUGHES OILFIELD OPERATIONS, INC, "Baker Hughes", a California
corporation authorized to do and doing business in the State of Louisiana, with its registered
agent for service of process being C. T. Corporation System, 8550 United Plaza Blvd., Baton
Rouge, LA 70809. The defendant is a successor in interest to Milwhite Incorporated and
Louisiana Mud Company;

CONOCO PHILLIPS COMPANY, "Conoco", a Delaware corporation authorized to do and
doing business in the State of Louisiana, with its registered agent for service of process
being United States Corporation Company, 320 Somerulos Street, Baton Rouge, LA 70802-
6129.  The defendant is a successor in interest to Phillips Petroleum Company;

PLACID OIL COMPANY, "Placid" a Delaware corporation authorized to do and doing
business in the State of Louisiana, with its registered agent for service of process being C T
Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

HUNT OIL COMPANY, "Hunt", a Delaware corporation authorized to do and doing
business in the State of Louisiana, with its registered agent for service of process being
C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The defendant
is a successor in interest to Penrod Drilling Company and Penrod Drilling Corporation;

ENSCO OFFSHORE COMPANY, "Ensco", a Delaware Corporation authorized to do



SCANNED
MAR 2 9 2007

and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. Defendant is a successor in interest to Penrod Drilling Corporation.

PAWNEE DRILLING COMPANY, "Pawnee" a Delaware Corporation not authorized to do business in Louisiana, with its registered agent for service of process being Tim Lanceford, 301 Trailridge Rd., Athens, Texas 75751.

MUSTANG DRILLING LTD., "Mustang", a Texas Corporation not authorized to do business in Louisiana, with its registered agent for service of process being Raldolph Ewing, 1001 McKinney, 18th Floor, Houston, Texas 77002.

each of whom are justly and truly indebted, in solido, unto the Plaintiff, Clyde L. Tyer, for such

amount of money as will reasonably compensate plaintiffs for all his damages and injuries, as

hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00

3.

From about 1953 until sometime around 1968, Clyde L. Tyer was an employee of

Penrod Drilling Co., inter alia, on a land rigs owned, leased or chartered.  From 1953 until 1957,

Clyde L. Tyer was employed on the rig floor and from 1957 until 1963 he was employed as

derrickman. After 1963, in addition to derrick hand he was employed as a driller. Throughout this

time he was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and

operation of the drilling rig. Also, throughout this time he worked on Penrod land rigs #'s 38, 22

, 42, 20, 26 and 18.  Penrod was drilling for "Hunt" and "Placid". In 1968, Clyde L. Tyer went

offshore as an employee of Penrod. He worked offshore as a "derrickman" on Penrod marine vessel

rig 55, a jack up rig. In 1969 he worked for Penrod as a driller on platform rig, Penrod 30 out of

Terrebonne Parish, La in the Eugene Island area.  In 1970 he was employed by Penrod as "tool

pusher" on platform rig 31.  He was drilling in the Eugene Island area and to the best of his

recollection, in Block 296. Clyde Tyer worked as a "tool pusher" for Penrod until 1975 when he

went overseas as rig manager for Penrod. He worked for Penrod Drilling Company, (Penrod Drilling

Corporation in 1989) until his retirement from Penrod Drilling Corporation in 1990.

4.

In the process of mixing drilling mud during the aforesaid years, Clyde L. Tyer was

required to handle asbestos fibers supplied by Milwhite and Louisiana Mud Company  which

was utilized in thickening the drilling mud during the drilling process,including the moving of

SCANNED
MAR 2 9 2007

sacks of raw asbestos, dumping raw asbestos into a "chemical hopper which was located in the mud room of the vessel". Clyde L. Tyer was also required to move and stack the 50 pound bags of raw asbestos, and frequently worked in an enclosed environment where substantial asbestos dust was present in the air as a result of the chemical mixing process. As a "tool pusher" he supervised the mixing of the drilling mud around the chemical hopper.

5.

From 1953 until sometime around 1975, while working on the aforesaid land and marine vessels, Clyde L. Tyer was constantly subjected to an unreasonably dangerous condition in that he was heavily exposed to asbestos fibers floating in the air of the mud room.

6.

That part of his duties for Penrod Drilling Company was the mixing of drilling mud which contained raw asbestos fibers and the moving of sacks or bags of raw asbestos so that it could be mixed in the drilling mud for the purpose of thickening the drilling mud.

8.

The Defendants, "Hunt", "Placid" and "Union Carbide" "Baker Hughes and "Conoco" through their agents, specified the chemicals and ingredients used in the drilling mud and required that asbestos be used during the drilling process to facilitate the drilling process. The aforementioned Defendants, not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the land rigs and vessel on a constant basis. Clyde L. Tyer and others who were working on the drilling rigs were exposed to this dust containing asbestos particles on a daily and constant basis.

8.

The Defendants named hereinabove knew or should have known of the unreasonable risk of bodily injury to Clyde L. Tyer or others working on the land rigs and vessels at issue in this litigation, but, despite that knowledge, failed to adequately warn Clyde L. Tyer and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the aforesaid drilling rigs.

9.

"Baker Hughes", successor in interest to Milwhite and Louisiana Mud Co., produced

SCANNED

MAR 0 9 2007



the asbestos fibers for use by on the drilling rigs, inland barges, land rigs and/or other vessels operated by those companies. "Baker Hughes" knew or should have known at the time that they were mining and/ or marketing the asbestos that the use of and storage of asbestos would pose an unreasonable risk of serious bodily injury to Clyde L. Tyer or others working on the vessels.

10.

At no time during his employment did the defendants advise Clyde L. Tyer or his co-workers of the dangers and hazards of breathing asbestos fibers nor supply any type of breathing protection devises.

11.

As a direct and proximate result of the Clyde L Tyer's exposure to the asbestos fibers during the time that he was employed on the said drilling rigs owned and/or operated by the defendants, Penrod Drilling Company , Clyde L. Tyer suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiffs allege that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by Penrod Drilling Company, "Hunt" and "Placid".

13.

The negligence of the defendants includes, but is not limited to:

a)    Failure to provide Clyde L. Tyer with a safe place to work;

b)    Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c)    Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Clyde L. Tyer from inhaling asbestos dust and fibers;

d)    Requiring Clyde L. Tyer to handle raw asbestos fibers without proper safety equipment or warning;

e)    By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Clyde L Tyer and to his

Page 4

SCANNED
MAR 2 9 2007.

co-workers;

f)      Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

g)      Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Clyde L. Tyer  has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15.

Plaintiffs would show that the vessels  were unseaworthy in the following non-exclusive respects:

a)      Failure to provide a safe working environment which would have prevented Clyde L. Tyer  from being exposed to asbestos fibers and asbestos dust;

b)      Failure to provide safety equipment to prevent Clyde L. Tyer from having to inhale asbestos fibers and dust; and,

c)      Other items of unseaworthy conditions which may be established through discovery and shown at the time of trial of this matter.

16.

Plaintiffs brings this suit under the Jones Act, 46 U.S.C. 688, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of Louisiana.

17.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiffs.  Accordingly, the Plaintiffs are entitled to recover

Page 5


SCANNED
MAR 2 9 2007

punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter, where such punitive damages are allowed by law.

WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer this petition and that after due proceedings are had, that the Plaintiff be awarded judgment in his favor and against the Defendants, jointly, severally and in solido, as follows:

I.   For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff, if applicable;

II.  For compensatory damages for past, present and future physical pain and suffering, if applicable;

III. For compensatory damages for emotional distress suffered by Plaintiff;

IV.  For punitive damages;

V.   For legal interest on any amount so awarded from date of judicial demand until paid;

VI.  For all reasonable costs of court and expert witness fees; and

VII. For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEY:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398
E-MAIL: pwpendley@pbclawfirm.com

FILED

MAR 2 2 2007

*Carla O. Ledet*
Deputy Clerk of Court
Parish of Terrebonne, LA

**PLEASE SERVE DEFENDANTS:**

**UNION CARBIDE CORPORATION,** a foreign corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation, 320 Somerulos St., Baton Rouge, LA 70802-6129.;

**BAKER HUGHES OILFIELD OPERATIONS, INC,** a California corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C. T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

**CONOCO PHILLIPS COMPANY,** a Delaware corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process

SCANNED
MAR 2 9 2007

being United States Corporation Company, 320 Somerulos Street, Baton Rouge, LA 70802-6129;

**PLACID OIL COMPANY,** a Delaware corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

**HUNT OIL COMPANY,** a Delaware corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

**ENSCO OFFSHORE COMPANY,** a Delaware Corporation authorized to do and doing business in the State of Lousiana, with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

**BY LONG ARM STATUTE:**

**PAWNEE DRILLING COMPANY,**  a Delaware Corporation not authorized to do business  in Louisiana, with its registered agent for service of process being Tim Lanceford, 301 Trailridge Rd., Athens, Texas 75751.

**MUSTANG DRILLING LTD.,** a Texas Corporation not authorized to do business in Louisiana, with its registered agent for service of process being Raldolph Ewing, 1001 McKinney, 18th Floor, Houston, Texas 77002.

SCANNED
MAR 2 9 2007



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLYDE L. TYER,** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | |
| **VS.** | | **CASE NO.:** |
| | * | |
| **UNION CARBIDE CORPORATION, ET AL.** | * | **JUDGE** _____ |
| **Defendants.** | * | |
| * * * * * * * * * * * * * | * | **MAGISTRATE** _____ |
| | * | |

## PETITION FOR REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

The Petition of Union Carbide Corporation, (hereinafter sometimes referred to as "Petitioner"), respectfully represents that:

1.

On March 22, 2007, an action was commenced against Petitioner and other defendants in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana, Docket No. 150875, Division A, entitled *Clyde L. Tyer v. Union Carbide Corporation; Successor in interest to Union Carbide and Carbon; Baker Hughes Oilfield Operations, Inc., Successor in interest to Milwhite and Louisiana Mud Company; Conoco Phillips Company,*

*Successor in interest to Phillips Petroleum; Placid Oil Company; Hunt Oil Company, Successor Interest to Penrod Drilling Company and Penrod Drilling Corporation; ENSCO Offshore Company, Successor in interest to Penrod Drilling Corporation; Pawnee Drilling Company, and Mustang Drilling Ltd.*

2.

Union Carbide Corporation first received notice of this suit on April 3, 2007. A copy of the original Petition for Damages served on Petitioner and the accompanying Citation, is attached to this Petition for Removal, pursuant to Title 28 U.S.C. § 1446(a). Further, pursuant to 28 U.S.C. § 1446(b), this Petition for Removal was filed within thirty (30) days after receipt by Petitioner of Plaintiff's initial state court pleading. As will be shown more fully below, the above-described action is a civil action of which this Court had original jurisdiction under the provisions of 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Petitioner pursuant to the provisions of Title 28 U.S.C. § 1441. The matter in controversy, as averred by Plaintiff, exceeds, exclusive of interest and costs, the sum of Seventy-five Thousand and No/100 ($75, 000.00) Dollars, and the real parties in interest in the disposition of this lawsuit are citizens of different states.

3.

Motions to Dismiss the defendants, Pawnee Drilling Company and Mustang Drilling, Ltd., have been filed in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. Placid Oil Company has requested an extension of time to file responsive pleadings. No further proceedings have been had other than the filing of the original Petition and the requesting of service upon the Defendants.

2

4.

Upon information and belief, the named Plaintiff, Clyde L. Tyer, at the time the aforesaid state court action was commenced, was and still is a citizen and resident of the Parish of Caddo, State of Louisiana.  Plaintiff has alleged having performed work out of Terrebonne Parish, a Parish within the territorial limits of the Eastern District of Louisiana.

5.

Petitioner, Union Carbide Corporation, at the time said action was commenced, was and still is a corporation domiciled in the State of New York.  The principle place of business of the defendant, Union Carbide Corporation, was at the time the action was commenced, and still is, located in the State of Texas.  Upon information and belief, no remaining defendant in the pending state action is a citizen of nor maintains a principal place of business in the State of Louisiana.

6.

Written notice of filing this Petition of Removal and of the removal of the above-referenced action is being delivered to Plaintiff through his counsel of record.  A copy of a Notice of Removal will be filed promptly with the Clerk of Court for the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana.

7.

Copies of pleadings served on Defendant in the above-entitled action are attached hereto as Exhibit "A".

8.

Petitioner has contacted known counsel of record for all remaining Defendants who have been properly joined and served in the state court matter and has obtained the consent of

all such Defendants.  Written evidence of those consents are attached *in globo* as Exhibit "B".

9.

Petition requests a trial by jury on all issues herein.

10.

This Petition for Removal is being filed within thirty (30) days of the receipt by Petitioner of initial pleadings setting forth the claim for relief on which this civil action is based, and in accordance with Title 28 U.S.C. § 1446(b).

**WHEREFORE,** Petitioner, Union Carbide Corporation, prays that the above state court action, now pending on the docket of the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, be removed from that court to the docket of the United States District Court for the Eastern District of Louisiana, and for all just and equitable relief as the nature of this case may permit.

**Respectfully submitted:**

**ABBOTT, SIMSES & KUCHLER, APLC**

LAWRENCE E. ABBOTT, T.A.  (# 2276)
DEBORAH D. KUCHLER, T.A. (# 17013)
SARAH E. IIAMS, T.A. (# 22418)
MCGREADY L. RICHESON, T.A. (# 29398)
CHRISTINE CHANGHO BRUNEAU (#25366)
BRIAN J. ENGERON (# 27451)
ERNEST G. FOUNDAS (# 24419)
JENNIFER D. ZAJAC (# 28564 )
MICHAEL H. ABRAHAM (# 22915)
400 Lafayette Street, Suite 200
New Orleans, Louisiana 70130
Telephone:  504/568-9393
Facsimile:  504/524-1933
**ATTORNEYS FOR UNION CARBIDE**
**CORPORATION**