JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP - 7 2007

FILED CLERK'S OFFICE

MDL - 875

PLEADING NO. 5168

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL. NO. 875**

**IN RE Asbestos Products Liability Litigation (No. VI)**

***Gene Beazley, et al. v. A.W. Chesterton Co.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-38)**
***William Moulder, et al. v. Monsanto Co.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-39)**
***Willie Hamberlin, et al. v. Owens-Illinois, Inc.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-41)**

**CERTAIN DEFENDANTS' MOTION TO VACATE CONDITIONAL REMAND ORDER**

COMES NOW, Certain Defendants[1] and respectfully move the Panel to vacate conditional remand of the above captioned actions to the United States District Court for the Southern District

---

[1] *Beazley* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company; Komp Equipment Co., Inc., Marine Specialty Co., Inc., Standard Motor Products, Inc., Turner Supply Company, and Zurn Industries, Inc.

*Moulder* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Amsted Industries, Inc., Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company, Komp Equipment Co., Inc., Standard Motor Products, Inc., Turner Supply Company, and Zurn Industries, Inc.

*Hamblin* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company, Komp Equipment Co., Inc., Marine Specialty Co., Inc., Standard Equipment Co., Inc., Turner Supply Company, and Zurn Industries, Inc.

OFFICIAL FILE COPY

IMAGED SEP 7 2007

of Mississippi. In support of this motion and for reasons set forth in more detail in a separate brief, with exhibits submitted to the Panel, Defendants state as follows:

1. Plaintiffs filed suit against Defendants in the above-captioned cases in three separate Mississippi Circuit Courts.

2. All three cases were removed without objection to the United States District Court for the Southern District of Mississippi on January 25, 2005. The Judicial Panel on Multidistrict Litigation ("MDL Panel") conditionally transferred these cases to the United States District Court for the Eastern District of Pennsylvania on May 5, 2005 as part of Conditional Transfer Order No. 244.

3. On July 27, 2005, 3M Company f/k/a Minnesota Mining and Manufacturing Company ("3M"), which was at that point a defendant in these actions, filed motions to remand the above-referenced cases back to Mississippi state court. Plaintiffs objected to remand.

4. Prior to any decision regarding remand, Plaintiffs and 3M reached an agreement dismissing 3M from all three cases. Orders of Dismissal were entered and signed by Honorable James T. Giles in each case, thereby rendering 3M's previous Motions to Remand moot.

5. In what was apparently an administrative mistake, the transferee court entered a Suggestion of Remand in each of the three above-referenced cases on June 22, 2007. The Suggestions of Remand were based "upon Defendant's Motion to Remand;" however, no pending motion to remand existed since 3M, the movant, was dismissed from the cases.

6. Because the Suggestions of Remand were based solely upon what were actually moot motions to remand, the Conditional Remand Order entered as a result of the mistaken

suggestions of remand should be vacated.

7. Based on a letter from plaintiff's counsel to the Clerk of the Panel, plaintiff's counsel recognizes that the suggestion of remand was based upon a motion that was moot. Moreover, in any event, the plaintiffs in these actions never objected to the removals of these actions to federal court and, in fact, opposed remand to state court and would be now estopped from suggesting to the Panel that these actions be returned to the transferor district to decide that issue.

8. These multi-plaintiff cases still have issues of fact which are common to other cases pending in the MDL proceedings. Failure to coordinate ongoing discovery in this case with the MDL proceedings will result in duplicate discovery, potentially inconsistent rulings, and a waste of judicial resources.

9. These cases do not meet the requirements for early remand in that there has been no finding by the MDL Judge or the Panel that these coordinated and consolidated discovery proceedings have been concluded or that these multi-plaintiff suits are in any way ready for trial. The suggestions of remand do not contain any findings that would warrant a remand to the transferor court.

10. These actions are particularly inappropriate for remand to the transferor district court, because to do so would effectively permit plaintiffs to avoid MDL-875 Administrative Order No. 12, entered on May 31, 2007, which requires all plaintiffs in MDL-875 to provide substantive information regarding supposed impairment.

WHEREFORE, for the reasons set forth in this motion and accompanying memorandum,

Defendants move this Panel to vacate the order conditionally remanding the above-captioned cases to the United States District Court for the Southern District of Mississippi.

This, the 5th day of September, 2007.

Respectfully submitted,

MARCY B. CROFT (MBN # 10864)
LAURIN D. McGUFFEE (MBN # 102170)

COUNSEL FOR CERTAIN DEFENDANTS

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY, LLP
200 South Lamar Street
City Centre Building, Suite 100
P.O. Box 22608
Jackson, Mississippi 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

RECEIVED
CLERK'S OFFICE
2007 SEP -6 A 10: 38
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP - 7 2007

FILED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL. NO. 875**

**IN RE Asbestos Products Liability Litigation (No. VI)**

***Gene Beazley, et al. v. A.W. Chesterton Co.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-38)**
***William Moulder, et al. v. Monsanto Co.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-39)**
***Willie Hamberlin, et al. v. Owens-Illinois, Inc.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-41)**

**CERTAIN DEFENDANTS'[1] BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL REMAND ORDER**

## I. BACKGROUND

On December 30, 2002, Plaintiffs filed suit against Defendants in three separate Circuit

---

[1] *Beazley* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company; Komp Equipment Co., Inc., Marine Specialty Co., Inc., Standard Motor Products, Inc., Turner Supply Company, and Zurn Industries, Inc.

*Moulder* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Amsted Industries, Inc., Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company, Komp Equipment Co., Inc., Standard Motor Products, Inc., Turner Supply Company, and Zurn Industries, Inc.

*Hamblin* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company, Komp Equipment Co., Inc., Marine Specialty Co., Inc., Standard Equipment Co., Inc., Turner Supply Company, and Zurn Industries, Inc.

Courts in Mississippi. The multi-plaintiff asbestos personal injury actions were removed to the United States District Court for the Southern District of Mississippi by defendant John Crane, Inc., on January 25, 2005. The *Beazley* case was originally filed in Copiah County, Mississippi, naming 62 plaintiffs; *Moulder* was originally filed in Claiborne County and named 72 plaintiffs; *Hamberlin* was filed in Jefferson County and named seven plaintiffs. The Judicial Panel on Multidistrict Litigation ("MDL" Panel) conditionally transferred these cases to the United States District Court for the Eastern District of Pennsylvania, Asbestos MDL-875, on April 5, 2005 as part of Conditional Transfer Order No. 244. That conditional transfer became final on April 21, 2005 when no party, including plaintiffs, objected to the transfer.

In an unusual twist, on July 27, 2005, 3M Company f/k/a Minnesota Mining and Manufacturing Company ("3M"), which was at that point a defendant in these actions, filed motions to remand the above-referenced cases back to Mississippi state court. Equally salient, in each case, the plaintiffs **objected to remand** to state court. Before any decision was made on 3M's motion, 3M was dismissed from all three cases. Orders of dismissal as to 3M were entered and signed by the transferee district judge for MDL-875, the Honorable James T. Giles.[2] Former defendant 3M was the sole party seeking remand of the above-reference cases; therefore, the dismissal of 3M rendered their previous motions to remand moot.

Unlike the priority treatment given single plaintiff malignant cases in MDL-875[3], no conferences were conducted and no scheduling orders on coordinated discovery plans were entered

---

[2] See Orders of Dismissal of Defendant 3M, attached collectively as Exhibit "A."

[3] See MDL 875 Administrative Order No. 3, attached as Exhibit "B."

in these multi-plaintiff cases, which these movants believe consist entirely of unimpaired plaintiffs. The PACER dockets reflect that other than the occasional dismissal of a defendant, these cases were inactive, as contemplated by MDL-875 Administrative Order No. 8, which accords priority treatment to malignancy claims, accords the remainder to inactive status, and provides for the activation of claims upon a showing of impairment.

On June 22, 2007, with no prior notice or conferences with the parties, suggestions of remand were entered on the Court's docket in the above-referenced cases. The suggestions of remand, signed by Judge Giles, clearly stated that they were based upon "Defendant's Motion to Remand," apparently referring to 3M's previous motions. Each suggestion stated:

> THIS MATTER being reviewed this date upon Defendant's Motion to Remand to the Circuit Court of Jefferson County, Mississippi, and the Court having reviewed this case and believing that the remand issues would be more appropriately addressed by the United States District Court for the Southern District of Mississippi;
>
> THIS COURT SUGGESTS that the within entitled matter should be REMANDED to the United States District Court for the Southern District of Mississippi for resolution of all outstanding motions and such further action as may be deemed proper by that Court.

*See* Suggestions of Remand, attached collectively as Exhibit "C."

Each suggestion referenced was based upon a motion to remand; however, because 3M was dismissed from all three actions, said motions to remand were no longer pending. Thus, the suggestions of remand were based upon motions that were actually moot.

## II. ARGUMENT

These matters fit none of the criteria set forth in the Rules of the Judicial Panel or of MDL

875 for remand of the actions back to the transferor district court, and it appears that the transferee court in suggesting remand may have misapprehended the facts and circumstances regarding these particular cases. Among other things, as discussed in the sections below, Defendants show the following: (1) the motion to remand the cases back to state court, upon which the MDL-875 court explicitly based its order suggesting remand to the transferor district, was in fact moot, because the only party to move for remand had already been dismissed from the cases; (2) by letter to the Clerk of the Panel dated August 28, 2007, the plaintiffs agree that the Suggestions of Remand were based on a dismissed party's motion which should have been withdrawn. Moreover, in any event, the plaintiffs in these actions never objected to the removals of these actions to federal court and, in fact, opposed remand to state court and would be estopped from suggesting to the Panel that these actions be returned to the transferor district to decide that issue; (3) these cases do not meet the requirements for early remand in that there has been no finding by the MDL Judge or the Panel that these coordinated and consolidated discovery proceedings have been concluded or that these multi-plaintiff suits are in any way ready for trial; (4) these actions are particularly inappropriate for remand to the transferor district court, because to do so might effectively permit plaintiffs to avoid MDL-875 Administrative Order No. 12, entered on May 31, 2007, which requires all plaintiffs in MDL-875 to provide substantive information regarding supposed impairment.

**A. The suggestion of remand is based upon a previously filed Motion to Remand that was actually no longer pending.**

The Suggestion of Remand, signed by MDL-875 Judge James T. Giles, is based upon an apparent misunderstanding of the circumstances surrounding the now moot motion for remand filed by former defendant 3M. While it is unclear what prompted Judge Giles to enter suggestions of

remand in these cases, the suggestions for remand explicitly state that they are based "upon Defendant's Motion to Remand." The only motions to remand on record are those filed by former defendant 3M. In fact, plaintiffs vigorously opposed the remand of these cases back to state court. However, the motion to remand became moot thereafter upon the dismissal of Defendant 3M from all three cases.[4] No other party had joined 3M's motions to remand.

Because no other grounds for remand were alleged in the Suggestion, Judge Giles seemingly suggested remand solely on the basis of what were actually moot motions for remand by former defendant 3M. Thus, the basis for remand was apparently a mistake, and no other reason for Defendants' current opposition to remand is needed. Nevertheless, Defendants point this Panel to various additional reasons to deny remand of these actions, as set forth below.

**B. The Plaintiffs agree that the MDL Judge suggested remand based on the motion of a dismissed party, and in any event, plaintiffs would be estopped from suggesting to the Panel that these actions be returned to the transferor district.**

In a letter to the Clerk of the Panel dated August 28, 2007, counsel for plaintiffs in these actions agreed that he similarly was of the understanding that the suggestion of remand was "based on a motion to remand filed by the 3M Company", which had already been dismissed from the cases. See Ex. E, attached. According to Plaintiff's counsel, 3M's motion should have been withdrawn, on information and belief, 3M in fact took this action during the week of August 27, 2007. Based on the August 28, 2007 letter, it appears implicitly that plaintiffs agree that the suggestion of remand was improvidently entered. Accordingly, as no party apparently seeks a remand to the transferor court, the motion to vacate the conditional order of remand should be granted.

---

[4] See Orders of Dismissal in each case, dismissing Defendant 3M, attached collectively as Exhibit "A."

Moreover, if plaintiffs in fact now supported remand, they would be estopped from arguing such a position. The plaintiffs in these actions did not originally object to the removal of these cases to federal court. The ostensible reason for this is that plaintiffs wanted to avoid the strict pleading requirements in asbestos cases and prohibition on multi-plaintiff actions imposed in state court by *Harold's Auto Parts, Inc. v. Mangialardi*, 899 So. 2d 493 (Miss. 2004). The only party that sought remand of these cases was former defendant 3M. As stated previously, plaintiffs not only failed to object to the removal of these cases, but vehemently opposed remand. Now, following the issuance of Administrative Order No. 12, discussed *infra*, plaintiffs have not explicitly opposed the remand of these cases. However, because plaintiffs conceded to the removal of these cases to federal court and objected to their remand, plaintiffs would now in any event be estopped from suggesting to the MDL-875 Court and to this Panel that these actions be returned to the transferor district court for any further "decision" on that issue.

**C. These coordinated and consolidated cases are properly before the MDL-875 court and are neither near conclusion nor ready for trial, and thus do not meet the requirements for early remand under J.P.M.D.L. Rules.**

Rule 7.6 of the Rules of Civil Procedure of the Judicial Panel on Multidistrict Litigation controls issues on remand of cases pending in MDL-875. Judicial Panel Rule 7.6(f)(i) states that the Clerk of the Panel may enter an order of remand when there is "reason to believe, that pretrial proceedings in the litigation assigned to the transferee district judge are concluded or that remand of an action or actions is otherwise appropriate." No such finding has been made by the MDL-875 court in these cases and no such finding would be appropriate here.

These cases should remain in the multidistrict litigation proceedings, because they involve

substantially identical questions of fact in comparison to other cases already transferred. Plaintiffs' allegations and theories of recovery are identical not only to each other but to many of the allegations in other cases transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to this Panel's May 5, 2005 order. Given the similarity of Plaintiffs' allegations to those at issue in the remaining MDL cases, it is inevitable that plaintiff will seek discovery from Defendants identical to the discovery being conducted in MDL-875. Remanding these cases would defeat the underlying purpose of multidistrict litigation proceedings by requiring duplication of discovery and a waste of financial and judicial resources.

The Judicial Panel must weigh the interests of all parties and consider the multidistrict litigation as a whole. *See In re Stirling Homex Corp.*, 442 F. Supp. 445, 550 (J.P.M.D.L. 1977). Because the larger underlying issues involve common questions of fact identical to other cases already transferred by this Panel and because plaintiffs will inevitably proceed with discovery identical to that being done in the coordinated proceedings, it will be in the bests interests of all parties for this case to remain in the Eastern District of Pennsylvania.

When the MDL Panel transfers cases from various district courts to one central district court for coordinated or consolidated pre-trial proceedings, it does so in order to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407 (a). The remand of these particular cases would be counterproductive and would frustrate this goal, in that it would separate these near identical multi-plaintiff actions from each other and thousands of other similar actions before all pretrial matters are concluded. The MDL Panel has observed that "if and when an action or claim is, in fact, ready for trial or otherwise ready for remand because the transferee judge finds that the

Section 1407 proceedings pertaining to that action or claim are completed, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor court." *In re Motion Picture Licensing Antitrust Litigation No. 366*, 468 F. Supp. 837, 842 (J.P.M.D.L. 1979.) In the cases at hand, neither of these standards have been met.

Rule 7.6(f)(i) makes clear that this Panel enters an order remanding cases when it "has reason to believe, that pretrial proceedings in the litigation assigned to the transferee district judge are concluded." In this instance, there has been no finding that these consolidated and coordinated proceedings have been concluded are even near conclusion. The suggestion of remand in no way asserts that these cases are nearing completion. These cases are, in fact, no where near ready for trial. These multi-plaintiff action have been inactive and depositions of the plaintiffs, physicians, experts and fact witnesses would still need to be taken. Moreover, the depositions of certain expert witnesses likely to be called in these cases are ongoing in the multidistrict proceedings. Therefore, remand is improper.

**D. Remand to the Transferor District is particularly inappropriate as it might permit plaintiffs to avoid compliance with MDL-875 Administrative Order No. 12, entered on May 31, 2007.**

Remand to the Transferor District in these multi-plaintiff cases would, in fact, be particularly inappropriate in light of an administrative order recently entered and applicable to all actions in MDL-875. On May 31, 2007, Judge Giles entered Administrative Order No. 12 in MDL-875, which imposes upon plaintiffs, *inter alia*, certain filing and timing requirements as well as procedures for submitting medical reports and requirements of "evidentiary sufficiency in non-malignant cases supported only by the results of mass screenings which allegedly fail to comport with acceptable

screening standards."[5]

Administrative Order No. 12 implements a process by which plaintiffs are to submit basic plaintiff information, identify prior related actions within which plaintiffs were involved, and put forth case status, diagnosis and medical information in an efficient and timely manner. A tool for expediting cases, Administrative Order No. 12 provides a procedure for obtaining substantive information regarding supposed impairment. Judge Giles explicitly fashioned the requirements of Administrative Order No. 12 "with a desire to facilitate the expeditious movement of pending cases on the MDL docket." The requirements of Administrative Order No. 12 promote and further the goals of multidistrict litigation, discussed *supra*. Remanding these cases might permit plaintiffs to avoid these requirements imposed by the MDL-875 court and would conflict with the goals and objectives of multidistrict litigation.

## IV. CONCLUSION

It is respectfully submitted that the Suggestions of Remand in these multi-plaintiff asbestos personal injury claims were mistakenly entered by the Transferee District Court based upon a misapprehension of the status and circumstances regarding the cases. The movant for the motion referred to by the Judge had already been dismissed, the motion was moot, as plaintiffs agree in the August 28 letter to the Clerk. Given the mistaken suggestion of remand, and in light of the significant number of pretrial matters yet to be resolved in the multidistrict litigation proceedings in these cases remand of these cases is inappropriate. In fact, to remand plaintiffs' actions now, before pretrial proceedings are even near completion, would be to thwart the promotion of the just

---

[5] See MDL 875 Administrative Order No. 12, attached as Exhibit "D."

and efficient conduct of these matters, and thereby frustrate the very purpose of multidistrict litigation. None of the standards for remand to the transferee district court under the Panel's Rules have been met. Because remand might effectively permit plaintiffs to avoid a new and crucial Administrative Order applicable to all proceedings in MDL-875, including these cases, the remand of the above-referenced multi-plaintiff cases would be particularly incongruous with the interests of justice and goals of multidistrict litigation. The Panel therefore should vacate the conditional order remanding the above cases.

This, the 5th day of September, 2007.

Respectfully submitted,

Marcy B. Croft

MARCY B. CROFT (MBN # 10864)
LAURIN D. McGUFFEE (MBN # 102170)

COUNSEL FOR CERTAIN DEFENDANTS

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY, LLP
200 South Lamar Street
City Centre Building, Suite 100
P.O. Box 22608
Jackson, Mississippi 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

RECEIVED
CLERK'S OFFICE
2007 SEP -6 A 10: 38
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 7 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL. NO. 875**

**IN RE Asbestos Products Liability Litigation (No. VI)**

***Gene Beazley, et al. v. A.W. Chesterton Co.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-38)**
***William Moulder, et al. v. Monsanto Co.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-39)**
***Willie Hamberlin, et al. v. Owens-Illinois, Inc.*, et al., E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-41)**

---

**CERTAIN DEFENDANTS'[1] STATEMENT OF REASONS WHY ORAL ARGUMENT SHOULD BE HEARD**

---

Pursuant to Judicial Panel of Multidistrict Litigation Rule 16.1, Certain Defendants, listed in the footnote below, who are movants in motions to vacate conditional orders of remand entered

---

[1] *Beazley* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company; Komp Equipment Co., Inc., Marine Specialty Co., Inc., Standard Motor Products, Inc., Turner Supply Company, and Zurn Industries, Inc.

*Moulder* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Amsted Industries, Inc., Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company, Komp Equipment Co., Inc., Standard Motor Products, Inc., Turner Supply Company, and Zurn Industries, Inc.

*Hamblin* - AstenJohnson, Inc., successor-in-interest to Asten, Inc., which was successor-in-interest by way of name change to Asten Group, Inc. (which traded as Asten-Hill Manufacturing Co.), Bondex International, Inc., General Electric Company, Gulf Coast Marine Supply Company, Inc., Industrial Holdings Corporation f/k/a The Carborundum Company, Komp Equipment Co., Inc., Marine Specialty Co., Inc., Standard Equipment Co., Inc., Turner Supply Company, and Zurn Industries, Inc.

by the Panel in the above-referenced three actions, respectfully submit that oral argument is appropriate and should be granted.

Although it is respectfully submitted that the movants' motion and brief adequately set forth the facts and circumstances known by movants regarding the Transferee Court's entry of Suggestion of Remand, which movants believe is the result of that Court's good faith mistake regarding the status of these cases, oral argument would also give Members of the Panel the opportunity to ask pertinent questions to counsel, including counsel for any party in favor or remand, regarding those circumstances. Oral argument may thus prove helpful to the Panel in determining all the facts surrounding the Transferee's Court's Suggestions of Remand, in defining the issues, and in deciding whether the standards for remand have been met in these particular matters.

This, the 5th day of September, 2007.

Respectfully submitted,

Marcy B. Croft

MARCY B. CROFT (MBN # 10864)
LAURIN D. McGUFFEE (MBN # 102170)

COUNSEL FOR CERTAIN DEFENDANTS

OF COUNSEL:
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100
P. O. Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

RECEIVED
CLERK'S OFFICE
2007 SEP -6 A 10: 39
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP - 7 2007

FILED CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that I have this day mailed, via United States mail, postage fully pre-paid, a true and correct copy of the above and foregoing document to Plaintiff's Counsel and all other known Counsel of Record as set forth in the Panel Service List.

This, the 5th day of September, 2007.

Marcy B. Croft
MARCY B. CROFT

RECEIVED CLERK'S OFFICE
2007 SEP -6 A 10: 38
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**PANEL SERVICE LIST (CRO)**
**MDL NO. 875**
**IN RE Asbestos Products Liability Litigation (No. VI)**

*Gene Beazley, et al. v. A.W. Chesterton Co., et al.*, E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-38)
*William Moulder, et al. v. Monsanto Co., et al.*, E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-39)
*Willie Hamberlin, et al. v. Owens-Illinois, Inc., et al.*, E.D. Pennsylvania, (S.D. Mississippi, C.A. No. 1:05-41)

Robert M. Arentson, Jr.
Baker, Donelson, Bearman, Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Joel M. Bondurant, Jr.
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Marcy B. Croft
Forman, Perry, Watkins, Krutz & Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Patricia A. Dicke
Page, Mannino, Peresich & McDermott, PLLC
P.O. Drawer 289
Biloxi, MS 39533

Stephanie C. Edgar
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

William N. Graham
Aultman, Tyner, McNeese & Ruffin, Ltd.
P. O. Box 750
Hattiesburg, MS 39403-0750

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121-1344

Jennifer Graham Hall
Baker, Donelson, Bearman, Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

James Gordon House, III
Forman, Perry, Watkins, Krutz & Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Steven J. Irwin
Duncan Courington & Rydberg, LLC
400 Poydras Street, Suite 1200
New Orleans, LA 70130

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich & McDermott, PLLC
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Stephen Lee Shackleford
2001 Airport Road
Suite 301
Jackson, MS 39232

Mark R. Smith
Holcomb Dunbar, PA
P.O. Drawer 707
Oxford, MS 38655-0707

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Susan Latham Steffey
Watkins & Eager
P.O. Box 650
Jackson, MS 39205

Minor C. Sumners, Jr.
Minor C. Sumners, Jr., Attorney
1907 Dunbarton Dr., Suite F
Jackson, MS 39216

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building, 645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Thomas W. Tyner
Aultman, Tyner, Ruffin, Bell & Swetman, Ltd.
P.O. Drawer 750
Hattiesburg, MS 39403-0750

Michael W. Ulmer
Watkins & Eager
300 Emporium Building
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

Jeffrey A. Varas
Varas & Morgan
P.O. Box 886
Hazlehurst, MS 39083

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Sarah B. Windham
Aultman, Tyner, McNeese & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:** §
**ASBESTOS PRODUCTS LIABILITY** § **MDL Docket No. 875**
**LITIGATION (NO. VI)** §

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP - 7 2006
J.T. NOBLIN, CLERK
BY ______ DEPUTY

***This Document Pertains to:***

***Gene Beazley, et al v. 3M, f/k/a Minnesota Mining & Manufacturing, et al***
***1:05CV00038WJG – Southern District of Mississippi***

**VOLUNTARY ORDER OF DISMISSAL WITH PREJUDICE**

This matter is before the Court on the *ore tenus* motion of the Plaintiffs on the attached Exhibit "A" to dismiss 3M f/k/a Minnesota Mining & Manufacturing from this action pursuant to Rule 41(a)(2) of the *Federal Rules of Civil Procedure*. The Court being advised that the Plaintiffs have agreed to dismiss all of their claims against 3M f/k/a Minnesota Mining & Manufacturing in this action, and being further advised that there is no objection to such dismissal, finds that the motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that all of the Plaintiffs' on the attached Exhibit "A" claims against 3M f/k/a Minnesota Mining & Manufacturing are hereby dismissed, with prejudice.

SO ORDERED this the 14th day of August, 2006.

James T. Giles
UNITED STATES DISTRICT COURT JUDGE

James T. Giles

Prepared by:

ALICE W. COLEMAN MSB# 10785
BRENT COON & ASSOCIATES
188 E. CAPITOL STREET, SUITE 1375
JACKSON, MS 39201
(601) 714-5126
(601) 714-5129 – FAX



# EXHIBIT A TO THE DISMISSAL OF 3M

## BEASLEY

Hubert Abercrombie (3M ID#030475- CID#12577);
Sylvester Abrams (3M ID#030475- CID#15432);
Ray Bell (3M ID#030475- CID#12580);
Armond Black (3M ID#030475- CID#12581);
Jackie Brady (3M ID#030475- CID#12582);
Sarah Bridgewater (3M ID#030475- CID#12583);
James Brown (3M ID#030475- CID#15433);
J. Carter (3M ID#030475- CID#12586);
Robert Clarke (3M ID#030475- CID#12587);
Johnny Coleman (3M ID#030475- CID#12588);
Gerald Commings (3M ID#030475- CID#12589);
Lulu Fountain (3M ID#030475- CID#12590);
Michael Gonzalez (3M ID#030475- CID#12591);
Cecil Harrelson (3M ID#030475- CID#12592);
Steve Hill (3M ID#030475- CID#12593);
Donald Howell (3M ID#030475- CID#15434);
Kendrick Kelly (3M ID#030475- CID#12596);
Leemond Kelly (3M ID#030475- CID#12597);
Floyd Leonard (3M ID#030475- CID#12599);
Miller McMillian (3M ID#030475- CID#12603);
Martha Messick (3M ID#030475- CID#12604);
James Morgan (3M ID#030475- CID#12606);
Thomas O'brien (3M ID#030475- CID#12608);
John Owens (3M ID#030475- CID#12609);
Michael Pace (3M ID#030475- CID#12610);
Johnnie Ready (3M ID#030475- CID#12613);
Willie Taylor (3M ID#030475- CID#12616);
James Thurman (3M ID#030475- CID#12617); AND
Samuel Wilcher (3M ID#030475- CID#12620).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | § | |
| **ASBESTOS PRODUCTS LIABILITY** | § | **MDL Docket No. 875** |
| **LITIGATION (NO. VI)** | § | |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 18 2006
J.T. NOBLIN, CLERK
BY ______ DEPUTY

***This Document Pertains to:***

***Gene Beazley, et al v. 3M, f/k/a Minnesota Mining & Manufacturing, et al***
***1:05CV00038WJG – Southern District of Mississippi***

**VOLUNTARY ORDER OF DISMISSAL WITH PREJUDICE**

This matter is before the Court on the *ore tenus* motion of the Plaintiffs on the attached Exhibit "A" to dismiss 3M f/k/a Minnesota Mining & Manufacturing from this action pursuant to Rule 41(a)(2) of the *Federal Rules of Civil Procedure.* The Court being advised that the Plaintiffs have agreed to dismiss all of their claims against 3M f/k/a Minnesota Mining & Manufacturing in this action, and being further advised that there is no objection to such dismissal, finds that the motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that all of the Plaintiffs' on the attached Exhibit "A" claims against 3M f/k/a Minnesota Mining & Manufacturing are hereby dismissed, with prejudice.

SO ORDERED this the 5th day of October, 2006.

UNITED STATES DISTRICT COURT JUDGE
James T. Giles

Prepared by:

ALICE W. COLEMAN MSB# 10786
BRENT COON & ASSOCIATES
188 E. CAPITOL STREET, SUITE 1375
JACKSON, MS 39201
(601) 714-5126
(601) 714-5129 – FAX

**EXHIBIT TO 9-14-06 3M DISMISSALS WITH PREJUDICE**

BEASLEY ET. AL.

ALBRIGHT, JAMES (BC&A CID#12578 / 3M ID#030475);
BARLEY, RALPH (BC&A CID#12579 / 3M ID#030475);
CAMPBELL, WILLIAM (BC&A CID#12584 / 3M ID#030475);
CARLSON, CARL (BC&A CID#12585 / 3M ID#030475);
HARRELSON, CECIL (BC&A CID#12592 / 3M ID#030475);
HOSKINS, JAMES (BC&A CID#12594 / 3M ID#030475);
HUBBARD, MARVIN (BC&A CID#12595 / 3M ID#030475);
LASSITER, CHARLENE (BC&A CID#12598 / 3M ID#030475);
LEONARD, JACK C (BC&A CID#12600 / 3M ID#030475);
MCCARVER, BILLY J (BC&A CID#12601 / 3M ID#030475);
MCCLURE, HOWARD C (BC&A CID#12602 / 3M ID#030475);
MILLER, LORING O'NEAL (BC&A CID#12605 / 3M ID#030475);
MORRIS, WILLIAM C (BC&A CID#12607 / 3M ID#030475);
PRICE, LOIS D (BC&A CID#12611 / 3M ID#030475);
RAINS, VIRGIL P (BC&A CID#12612 / 3M ID#030475);
ROLLO, EDNA G (BC&A CID#12614 / 3M ID#030475);
SMITH, MELVIN J (BC&A CID#12615 / 3M ID#030475);
WHITE, LE ROY (BC&A CID#12618 / 3M ID#030475);
WHITTENTON, LEONARD A (BC&A CID#12619 / 3M ID#030475);
WILLIAMS, ANDREW (BC&A CID#12621 / 3M ID#030475);
WILLIAMS, CARL I (BC&A CID#12622 / 3M ID#030475);




IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) — MDL DOCKET NO 875

THIS DOCUMENT RELATES TO:

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

CHESTER BANKS, ET AL. — PLAINTIFFS

VS. — CIVIL ACTION NO. 1:05CV00039(WJG)

OWENS-ILLINOIS, INC., ET AL. — DEFENDANTS

**CONSOLIDATED WITH**

WILLIAM MOULDER, ET AL — PLAINTIFFS

VS.

MONSANTO CORP. ET AL. — DEFENDANTS

**AGREED ORDER OF DISMISSAL WITHOUT PREJUDICE**

COME NOW Plaintiffs and Defendant, 3M Company, through their attorneys, to dismiss without prejudice the Complaint as to Defendant 3M Company and said parties consenting to the entry of this judgment and agreeing that this action should be completely dismissed without prejudice as to Defendant 3M Company with the parties to bear their respective costs:

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

1. 3M Company is hereby dismissed without prejudice as to any and all claims in this action, either now pending or which may be brought in the future, with each party to bear its respective costs;

JM JZT 334740 v1
2139363-000002 04/06/2006

2. This dismissal has no affect on the claims of Plaintiffs against any other Defendant.

**SO ORDERED AND ADJUDGED**, this the 15th day of ~~April~~ September, 2006.

HONORABLE JAMES T. GILES U.S.D.J.

BARRY W. FORD, MS BAR NO. 5403
Baker, Donelson, Bearman, Caldwell
& Berkowitz
Post Office Box 14167
Jackson, MS 39236

JEFFREY A. VARAS, ESQ.
Varas and Morgan, PLLC
Post Office Box 886
Hazlehurst, Mississippi 39083

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:** §
**ASBESTOS PRODUCTS LIABILITY** § **MDL Docket No. 875**
**LITIGATION (NO. VI)** §

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 18 2006
J.T. NOBLIN, CLERK
BY ______ DEPUTY

***This Document Pertains to:***

***Chester Banks, et al v. 3M, f/k/a Minnesota Mining & Manufacturing, et al***
***1:05CV39WJG – Southern District of Mississippi***

**VOLUNTARY ORDER OF DISMISSAL WITH PREJUDICE**

This matter is before the Court on the *ore tenus* motion of the Plaintiffs on the attached Exhibit "A" to dismiss 3M f/k/a Minnesota Mining & Manufacturing from this action pursuant to Rule 41(a)(2) of the *Federal Rules of Civil Procedure*. The Court being advised that the Plaintiffs have agreed to dismiss all of their claims against 3M f/k/a Minnesota Mining & Manufacturing in this action, and being further advised that there is no objection to such dismissal, finds that the motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that all of the Plaintiffs' on the attached Exhibit "A" claims against 3M f/k/a Minnesota Mining & Manufacturing are hereby dismissed, with prejudice.

SO ORDERED this the 5th day of October, 2006.

James Giles

UNITED STATES DISTRICT COURT JUDGE
James T. Giles

Prepared by:

ALICE W. COLEMAN MSB# 10785
BRENT COON & ASSOCIATES
188 E. CAPITOL STREET, SUITE 1375
JACKSON, MS 39201
(601) 714-5126
(601) 714-5129 – FAX

# EXHIBIT TO 9-14-06 3M DISMISSALS WITH PREJUDICE

CHESTER BANKS ET. AL.

BARNETT, LUTHER A (BC&A CID#8775 / 3M ID#024293);
CAGLE, MERLIN (BC&A CID#2988 / 3M ID#024293);
CARTER, JOHN W (BC&A CID#8773 / 3M ID#024293);
COCHRAN, T. M (BC&A CID#8731 / 3M ID#024293);
COPELAND, FALLIE T (BC&A CID#2717 / 3M ID#024293);
COUGHHORN, ROBERT K (BC&A CID#888 / 3M ID#024293);
DUEITT, ORVILLE C (BC&A CID#3240 / 3M ID#024293);
FALCONER, MELVIN, JR. (BC&A CID#3223 / 3M ID#024293);
HARPER, DANNY D (BC&A CID#8671 / 3M ID#024293);
HAZLEY, WILLIAM C (BC&A CID#2185 / 3M ID#024293);
HERRINGTON, LELAND R (BC&A CID#2586 / 3M ID#024293);
LILES, ALFRED (BC&A CID#2543 / 3M ID#024293);
LUCAS, HERMAN (BC&A CID#2825 / 3M ID#024293);
McCARTY, JOSEPH M (BC&A CID#3109 / 3M ID#024293);
NEWELL, STAFFORD (BC&A CID#5997 / 3M ID#024293);
RAMSEY, JOHNNY W (BC&A CID#8732 / 3M ID#024293);
SMITH, BILLY W (BC&A CID#2873 / 3M ID#024293);
SMITH, MICHAEL C (BC&A CID#3265 / 3M ID#024293);
STRINGER, IRA W (BC&A CID#2916 / 3M ID#024293);
THOMPSON, C W (BC&A CID#8654 / 3M ID#024293);
TURNAGE, ROBERT D (BC&A CID#3008 / 3M ID#024293);
WALTERS, CLYDE A (BC&A CID#8767 / 3M ID#024293);
WHITE, RANDELL J (BC&A CID#8787 / 3M ID#024293);
WILSON, RONNIE (BC&A CID#3836 / 3M ID#024293);
WOOD, WILLIAM T (BC&A CID#2676 / 3M ID#024293);
Wright, Terence (BC&A CID#8818 / 3M ID#);

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | § | |
| **ASBESTOS PRODUCTS LIABILITY** | § | **MDL Docket No. 875** |
| **LITIGATION (NO. VI)** | § | |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 21 2006
J.T. NOBLIN, CLERK
BY ______ DEPUTY

***This Document Pertains to:***

***Chester Banks, et al v. 3M, f/k/a Minnesota Mining & Manufacturing, et al***
***1:05CV39WJG – Southern District of Mississippi***

**VOLUNTARY ORDER OF DISMISSAL WITH PREJUDICE**

This matter is before the Court on the *ore tenus* motion of the Plaintiffs on the attached Exhibit "A" to dismiss 3M f/k/a Minnesota Mining & Manufacturing from this action pursuant to Rule 41(a)(2) of the *Federal Rules of Civil Procedure*. The Court being advised that the Plaintiffs have agreed to dismiss all of their claims against 3M f/k/a Minnesota Mining & Manufacturing in this action, and being further advised that there is no objection to such dismissal, finds that the motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that all of the Plaintiffs' on the attached Exhibit "A" claims against 3M f/k/a Minnesota Mining & Manufacturing are hereby dismissed, with prejudice.

SO ORDERED this the 14th day of August, 2006.

[signature]

UNITED STATES DISTRICT COURT JUDGE
James T. Giles

Prepared by:

ALICE W. COLEMAN MSB# 10785
BRENT COON & ASSOCIATES
188 E. CAPITOL STREET, SUITE 1375
JACKSON, MS 39201
(601) 714-5126
(601) 714-5129 – FAX

# EXHIBIT A TO THE DISMISSAL OF 3M

## BANKS

John Baker (3M ID#024293- CID#2689);
Charles Blatt (3M ID#024293- CID#3149);
Otha Bolton (3M ID#024293- CID#2677);
Leroy Bridges (3M ID#024293- CID#8730);
Clara Brown (3M ID#024293- CID#3097);
Bobby Butler (3M ID#024293- CID#2688);
Gerald Clark (3M ID#024293- CID#3255);
Milton Clark (3M ID#024293- CID#3271);
Ezell Clayton (3M ID#024293- CID#470);
Charles Clemons (3M ID#024293- CID#3091);
Malcolm Collins (3M ID#024293- CID#3295);
Aubrey Cooper (3M ID#024293- CID#2136);
Thomas Corsello (3M ID#024293- CID#8430);
Early Davis (3M ID#024293- CID#8641);
Harvey Davis (3M ID#024293- CID#2540);
Toxie Dunaway (3M ID#024293- CID#2846);
Elmer Everett (3M ID#024293- CID#3152);
Vincent Flesher (3M ID#024293- CID#690);
Charles Fletcher (3M ID#024293- CID#8677);
Daniel Garrett (3M ID#024293- CID#3267);
Willard Godwin (3M ID#024293- CID#3268);
Houston Goff (3M ID#024293- CID#3132);
Ceaphus Gordon (3M ID#024293- CID#8633);
Essie Gray (3M ID#024293- CID#2842);
Robert Gray (3M ID#024293- CID#2122);
Burkett Haddox (3M ID#024293- CID#2770);
Grady Hamilton (3M ID#024293- CID#8802);
Mikel Hillman (3M ID#024293- CID#3286);
Rogers Holland (3M ID#024293- CID#3093);
Ransom Holloway (3M ID#024293- CID#2889);
Samuel Hunter (3M ID#024293- CID#8704);
Donald Hyde (3M ID#024293- CID#2702);
Henry Jones (3M ID#024293- CID#3246);
Joseph Jones (3M ID#023641- CID#2903);
Randolph Ladner (3M ID#024293- CID#2582);
Douglas Lampe (3M ID#024293- CID#8609);
Tommie Lee (3M ID#024293- CID#6638);
Clifton Mabry (3M ID#024293- CID#3004);
Ralph Marshall (3M ID#024293- CID#2490);
Kenneth McCollough (3M ID#024293- CID#2331);
Huey McCraw (3M ID#024293- CID#2865);
Louie McCraw (3M ID#024293- CID#2868);
James Mccullum (3M ID#024293- CID#2704);
Leavester McKenize (3M ID#024293- CID#8670);

# EXHIBIT A TO THE DISMISSAL OF 3M

Jimmy Miles (3M ID#024293- CID#8696);
Kenneth Millender (3M ID#024293- CID#2923);
Ronald Morgan (3M ID#024293- CID#8821);
Stafford Newell (3M ID#024293- CID#5997);
Randy Nixon (3M ID#024293- CID#2486);
James Parker (3M ID#024293- CID#3245);
Alenor Phillips (3M ID#024293- CID#2989);
Oxie Phillips (3M ID#024293- CID#2878);
D Richardson (3M ID#024293- CID#3096);
Stanley Sanford (3M ID#024293- CID#3140);
Adam Sims (3M ID#024293- CID#2527);
Ronald Stephenson (3M ID#024293- CID#3272);
G Stueve (3M ID#024293- CID#8247);
Acie Sumrall (3M ID#024293- CID#2493);
Charles Taylor (3M ID#024293- CID#8664);
Robert Touchstone (3M ID#024293- CID#8652);
Otis Trunell (3M ID#024293- CID#3236);
Herman Walker (3M ID#024293- CID#2687);
Paul Ward (3M ID#024293- CID#2246); AND
William Williamson (3M ID#024293- CID#2899).




IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) — MDL DOCKET NO 875

THIS DOCUMENT RELATES TO:

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

RAY ALSWORTH, ET AL. — PLAINTIFFS

VS. — CIVIL ACTION NO. 1:05CV41(WG)

SCAPA, ET AL. — DEFENDANTS

**CONSOLIDATED WITH**

WILLIE HAMBERLIN, ET AL — PLAINTIFFS

VS.

OWENS-ILLINOIS ET AL. — DEFENDANTS

**AGREED ORDER OF DISMISSAL WITHOUT PREJUDICE**

COME NOW Plaintiffs and Defendant, 3M Company, through their attorneys, to dismiss without prejudice the Complaint as to Defendant 3M Company and said parties consenting to the entry of this judgment and agreeing that this action should be completely dismissed without prejudice as to Defendant 3M Company with the parties to bear their respective costs:

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

1. 3M Company is hereby dismissed without prejudice as to any and all claims in this action, either now pending or which may be brought in the future, with each party to bear its respective costs;

2. This dismissal has no affect on the claims of Plaintiffs against any other Defendant.

**SO ORDERED AND ADJUDGED**, this the 22nd day of ~~April~~ May, 2006.

HONORABLE JAMES T. GILES U.S.D.J.

BARRY W. FORD, MS BAR NO. 5403
Baker, Donelson, Bearman, Caldwell
& Berkowitz
Post Office Box 14167
Jackson, MS 39236

JEFFREY VARAS, ESQ.
Varas and Morgan. PLLC
Post Office Box 886
Hazlehurst, Mississippi 39083

FILED SEP 8 1992

#658
#20 Mardoc
#11 FELA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO. MDL 875
**(Including MARDOC, FELA, and TIREWORKER cases)**

**This Document Relates to:**
**ALL ACTIONS**

**ADMINISTRATIVE ORDER NO. 3**

It is the intention of the Court that the cases be resolved through negotiation wherever possible. The Court and all parties agree that, as that process proceeds, it is often necessary to give special attention to certain cases. Although all settlements represent steps toward the Court's ultimate goal, special efforts to resolve these cases are not a substitute for broad-based negotiations designed to reduce the docket backlog.

In accordance with **ADMINISTRATIVE ORDER NO. 2** Plaintiffs' counsel has previously submitted information to the Court relating to their malignancy and asbestosis cases. The Court has determined to give a priority to malignancy, death and total disability cases where the substantial contributing cause is an asbestos-related disease or injury. The following procedures are hereby established for review, settlement and/or further action in these cases:

## I SELECTED CASES

Selected cases are identified by disease category. In each case, plaintiff's counsel must have a written medical opinion by a board certified specialist setting forth that exposure to asbestos or asbestos-containing products is a substantial contributing cause to the condition or death of plaintiff (plaintiff's decedent). The disease categories are:

A. Mesothelioma, living and deceased.
B. Lung Cancer, living and deceased.
C. Other malignancies, living and deceased.
D. Asbestosis, total disability deceased or total disability living.

## II PROCEDURES FOR PLAINTIFFS' COUNSEL

The Court will process all cases previously identified by Plaintiffs' counsel pursuant to **ADMINISTRATIVE ORDER NO. 2** as mesothelioma and lung cancer in accordance herewith **UNLESS** the



Court is advised that such cases do not meet the above criteria. Plaintiffs' counsel must affirmatively identify all other malignancy and asbestosis cases which meet the requirements hereof. In all instances hereunder, the cases shall be identified by plaintiff's name, the transferor jurisdiction, and the individual case number assigned by the transferor district. The Court will advise plaintiffs' counsel (with a copy to defense, plaintiff's and peripheral liaison counsel) when his/her cases are ready for processing. Plaintiffs' counsel shall then take the following steps:

A. Identify to the Court all remaining viable defendants from whom plaintiff expects to recover damages.

B. Provide the necessary fact information for defense counsel to process the cases for settlement. (work history, exposure information, date of birth/death, medical history, smoking history, Social Security Number, and printout or release etc.)

C. Provide defense counsel with X-rays and pathology in plaintiff's possession, together with necessary releases for medical and employment records.

D. Provide a reasonable settlement demand to each remaining defendant.

E. Notify the Court when each of the above requirements is completed.

## III PROCEDURES FOR DEFENSE COUNSEL

Each defendant shall be prepared to identify the counsel who will be available and able to conduct all settlement negotiations with any particular plaintiffs' counsel. Defense counsel shall take the following steps in these proceedings:

A. Within fifteen (15) days of receipt of notice that plaintiffs' counsel has complied with the requirements set forth in Section II above, notify the Court and Plaintiff's counsel by telephone and in writing as to any discrepancies in such notice, and set forth in detail all necessary additional information.

B. Within forty-five (45) days of receipt of the information from the plaintiff necessary to engage in settlement negotiations and the demand from plaintiffs' counsel, defense counsel shall review the same and accept such terms or make a reasonable offer for settlement.

IV **SETTLEMENT NEGOTIATIONS**

Following the initial procedures, all counsel shall make themselves readily available for personal and telephone settlement conferences. **AT THIS TIME, NEGOTIATION IS TO BE ONGOING AND IN GOOD FAITH.** All counsel are to report no less than once a week by telephone to the Court as to their progress. The Court will be available on a regular basis for participation in a settlement conference, either by telephone or in person. If, after thirty (30) days, any party feels that his/her opponent is not negotiating in good faith, they may request the Court to forward the matter to the Mediation Committee for a recommendation. If a request is made to refer the matter to the Mediation Committee, such request shall be honored by the Court. When the Court determines that further settlement discussions are unlikely to be productive, the Court will hold a termination conference to discover the status of all remaining parties to the action(s) in negotiation and to determine whether the case is to be forwarded to the Mediation Committee. A referral may be of one or a number of cases. If no request for referral is made, and the parties have been unable to resolve their differences, the Court shall determine whether the matter is appropriate for immediate remand.

V **MEDIATOR**

The Court shall appoint a neutral mediator for each case who is familiar with the jurisdiction. Once the Mediator is selected, he/she shall hear all referrals for that jurisdiction subject to resignation or Court reassignment. Upon receipt of a referral from the Court, the Mediator shall take the following action:

A. Provide notice to each party of the time and place of a mediation hearing , which hearing shall take place no sooner than ten (10) days after such notice, but as soon thereafter as possible.

B. Each party may provide a short position statement to his/her opponent and to the Mediator no less than five (5) days prior to the hearing.

C. The Mediator shall set forth his/her own rules for proceeding on the referral and shall advise the participants.

D. At the hearing the Mediator shall attempt to mediate settlement as to all parties. As to any case in the group that is not so resolved, the Mediator shall determine whether the participants have negotiated in good faith. This determination shall be made on a case by-case-basis.

E. The Mediator shall make a report to the Court setting forth his/her determination regarding the good or bad faith of all parties to the negotiations. Upon receipt of the report from the Mediator, the Court shall allow those parties who have been negotiating in good faith a reasonable time to complete a settlement. There shall be a presumption that where the plaintiff has acted in good faith and one or more defendants have been found to be acting in bad faith, the case will be immediately remanded for trial as to such defendants. If all parties are acting in good faith the Court will make additional efforts to settle the case. If no settlement is achieved the matter will be remanded. The Court will act promptly in all respects upon receipt of a report from the Mediator.

F. All information provided to the Mediator by the parties shall be kept in confidence except as set forth to the Court in the Mediator's report.

VI **GOOD FAITH NEGOTIATIONS**

In order for the participants to the settlement negotiations to be in good faith, there must be a reasonable relationship between their demand/offer and the following criteria:

A. Historical settlement averages between the same defendants with the same plaintiff's counsel in the same jurisdiction in similar cases. Variances from such historical criteria can be justified by the following factors:
   1. Severity/mildness of disease.
   2. Lack of exposure to product.
   3. Personal factors, i.e.; smoking, age, occupation, etc.
   4. Other persuasive evidence.

B. Historical averages by disease category for cases that have been previously settled in that jurisdiction with that plaintiff's counsel and with that defendant.

C. If there is no historical settlement average by disease category between plaintiff's counsel and the defendant in the jurisdiction from which the case arises, then comparable settlement averages for similar cases in that same jurisdiction with that defendant shall be confidentially provided to the Mediator.

Because different viewpoints of the same case are equally understandable, a finding of bad faith is not necessary in all instances where the parties are unable to reconcile their differences and settle.

BY THE COURT:

Date: 9/2/92

Charles R Weiner

CHARLES R. WEINER, J.

ENTERED: 9/8/92

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) :
x

This Document Relates to: : CIVIL ACTION NO. 2 MDL 875

United States District Court
Southern District of Mississippi

William MOULDER., No. 1:05 CV 39 WJG
x

SUGGESTION OF REMAND

THIS MATTER being reviewed this date upon Defendant's Motion To Remand to the Circuit Court of Claiborne County, Mississippi, and the Court having reviewed this case and believing that the remand issues would be more appropriately addressed by the United States District Court for the Southern District of Mississippi;

THE COURT SUGGESTS that the within entitled matter should be REMANDED to the United States District Court for the Southern District of Mississippi for resolution of all outstanding motions and such further action as may be deemed proper by that Court.

BY THE COURT:

Date: 6/22/2007

James T. Giles J.

DEFENDANT'S EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) : CIVIL ACTION NO. 2 MDL 875

This Document Relates to:

United States District Court
Southern District of Mississippi

Gene BEAZLEY., No. 1:05 CV 38 WJG

## SUGGESTION OF REMAND

THIS MATTER being reviewed this date upon Defendant's Motion To Remand to the Circuit Court of Copiah County, Mississippi, and the Court having reviewed this case and believing that the remand issues would be more appropriately addressed by the United States District Court for the Southern District of Mississippi;

THE COURT SUGGESTS that the within entitled matter should be REMANDED to the United States District Court for the Southern District of Mississippi for resolution of all outstanding motions and such further action as may be deemed proper by that Court.

BY THE COURT:

Date: 6/22/2007

James T. Giles J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) : x

This Document Relates to: : CIVIL ACTION NO. 2 MDL 875

United States District Court
Southern District of Mississippi :

Willie HAMBERLIN., No. 1:05 CV 41 WJG : x

SUGGESTION OF REMAND

THIS MATTER being reviewed this date upon Defendant's Motion To Remand to the Circuit Court of Jefferson County, Mississippi, and the Court having reviewed this case and believing that the remand issues would be more appropriately addressed by the United States District Court for the Southern District of Mississippi;

THE COURT SUGGESTS that the within entitled matter should be REMANDED to the United States District Court for the Southern District of Mississippi for resolution of all outstanding motions and such further action as may be deemed proper by that Court.

BY THE COURT:

Date: 6/22/2007

James T. Giles J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI) :

Civil Action No. MDL 875

This Document Relates To:
ALL ACTIONS
______________________________x

ADMINISTRATIVE ORDER NO 12

THE COURT, after examination of current procedures in place in this matter, and with a desire to facilitate the expeditious movement of pending cases on the MDL docket, and having had the benefit of input from the court-appointed plaintiff and defendant steering committees, hereby imposes the following filing requirements and procedures:

1. SUBMISSION OF IDENTIFICATION INFORMATION

All plaintiffs shall submit to the Court a report identifying each plaintiff by full name, date of birth, last four digits of plaintiffs SSN, and a statement indicating the status of the plaintiff in the case before this Court; ie., asbestos-related injury victim, spouse of injured party, administrator of injured party of deceased injured party, executor(trix), child of injured party, etc.

2. SUBMISSION OF RELATED COURT ACTIONS

Each plaintiff shall identify each and every prior or pending court or administrative action brought with the intent of satisfjlng in whole or in part the damages sustained by the plaintiffs alleged asbestos-related personal injury. In each such instance the plaintiff shall identify the claim, the parties involved and the results of any action thereon.

3. SUBMISSION OF STATEMENT OF CASE STATUS

The plaintiff in each case shall identify all of the named defendants in the following manner:

a) Each defendant with whom the plaintiff has achieved resolution of his/her claim, whether by settlement or agreement to dismiss without payment or by payment of a claim through the bankruptcy court, shall be identified and, where a dismissal has not yet been entered of record, a proposed order shall be submitted.



b) Each defendant that the plaintiff now desires to dismiss from the action, with or without prejudice, the reason for the dismissal, and a proposed order.

c) Each remaining defendant that is currently in bankruptcy with a claim pending, together with an order for the transfer of the claim to an inactive docket which the court has created for the holding of such claims.

d) Each non-bankrupt unsettled defendant.

## 4. SUBMISSION OF MEDICAL REPORTS

Each plaintiff asserting a claim based upon an alleged asbestos-related malignancy shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claim as if to withstand a dispositive motion.

Each plaintiff asserting a claim based upon an alleged non-malignant injury or condition shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claim as if to withstand a dispositive motion.

Each report or opinion submitted hereunder shall be based upon objective and subjective data which shall be identified and descriptively set out within the report or opinion.

## 5. ALTERNATIVE PLAINTIFF SUBMISSION

Alternative submissions to the court are acceptable under the following circumstances:

a) If the plaintiff has remaining claims only against bankrupt parties and is desirous of seeking payment on those claims through the bankruptcy action, then, as an alternative to the required submissions under sections 2. and 4. above, the plaintiff may submit a proposed order for the transfer of this case to the "Bankrupts Only" docket in the form attached.

b) If the plaintiff has viable claims remaining against both bankrupt and non-bankrupt parties and wishes to pursue through the bankruptcy action only those claims remaining against the bankrupt parties, then, as an alternative to the required submissions under sections 2. and 4. above, the plaintiff may submit a proposed order for the dismissal of the non-bankrupt parties with prejudice and the transfer of the remaining claims against the bankrupt parties to the "Bankrupts Only" docket in the form attached.

c) The plaintiff may at any time submit to the court a proposed order to dismiss his/her case against all parties with prejudice. Plaintiff may also request a dismissal against any or all parties without prejudice; however, notice must be given to all parties, any of whom may file an objection within thirty (30) days thereafter. The court will hold a hearing if deemed necessary.

**6. TIMING REQUIREMENTS**

Plaintiffs shall submit required documentation and proposed orders to the court in accordance with the schedule set forth:

a) Plaintiffs whose cases were filed during the years 2007,2006, and before July 29,1991 shall file with the court their required papers on or before August 1,2007.

b) Plaintiffs whose cases were filed between July 29,1991 and December 31,1995 shall file with the court their required papers on or before September 1,2007.

c) Plaintiffs whose cases were filed in 1996, 1997 and 1998, shall file with the court their required papers on or before October 1,2007.

d) Plaintiffs whose cases were filed in 1999,2000,2001 and 2002, shall file with the court their required papers on or before November 1,2007.

e) Plaintiffs whose cases were filed in 2003,2004, and 2005 shall file with the court their required papers on or before December 1,2007.

The court may dismiss pursuant to F.R.C.P. 41(b) the cases of any plaintiffs who fail to comply with the requirements set forth.

**7. SCREENED CASES**

Current litigation efforts in this court and in the silica litigation have revealed that many mass screenings lack reliability and accountability and have been conducted in a manner which failed to adhere to certain necessary medical standards and regulations. The result is that mass screenings create an inherent suspicion as to their reliability. Where screenings have been conducted by the Sheet Metal Occupational Health Institute Trust and other organizations utilizing standards and protocols established by the American Thoracic Society (ATS), the Association of Occupational and Environmental Clinics (AOEC), and other accredited health organizations, there is a larger probability of adequacy for the reliablity foundation necessary for admissibility. This court will therefore entertain motions and conduct such hearings as may be necessary to resolve questions of evidentiary sufficiency in non-malignant cases supported only by the results of mass screenings which allegedly fail to comport with acceptable screening standards.

**8. EXCLUSIONS**

The cases designated as 2MDL 875 (MARDOC) shall be excluded from the requirements set forth and those actions shall continue to be governed by the requirements of previous orders of this court concerning the management of the MARDOC cases.

**9. SETTLEMENT CONFERENCES/SUGGESTIONS OF REMAND**

The court intends upon stepping up the pace of settlement conferences and will accordingly issue orders to that effect. Counsel are expected to comply with all requirements of the notice and to be prepared at the conference. All parties shall submit to the court at the time of the first settlement conference in any case a **short** position paper stating their position relative to disease, exposure and damages. Mitigating factors for the purposes of settlement shall also be set forth.

If the parties have failed to achieve settlement following one or more settlement conferences and working with the court, the case may be referred to mediation or, if the court finds that the parties have negotiated in good faith without success, the court may suggest the case for remand. A determination of good faith may not be necessary with regard to all defendants. The court will continue to prioritize malignant and exigent cases.

**10. MANNER OF SUBMISSIONS**

All submissions to be made to the court pursuant to this order shall be paper filings with copies provided to all remaining viable parties in accordance with Rule 5, F.R.C.P.

IT IS SO ORDERED

Date: 5/31/07

BY THE COURT

James T. Giles, J.

James T. Giles

JEFFREY A. VARAS
*Attorney at Law*
*119 Caldwell Drive*
*P. O. Box 886*
*Hazlehurst, MS 39083*

*Telephone: (601) 894-4088*
*Toll Free: (877) 894-2563*
*Facsimile: (601) 894-4688*

August 28, 2007

***via U. S. Mail & facsimile (202) 502-2888***

Jeffrey N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Bulding
Room G-255, North Lobby
Washington,. DC 20002

*Re:* *William Moulder, et al. v. Monsanto Company, et al.*; E.D. Pennsylvania, (S. D. Mississippi, C.A. No. 1:05-CV-00039

*Willie Hamberlin, et al. v. Owens-Illinois, et al.*; E.D. Pennsylvania, (S. D. Mississippi, C. A. 1:05-CV-00041

Dear Mr. Lüthi:

In reviewing a letter from your office dated August 13, 2007 regarding a conditional remand order in the above cases, it is stated that your office should be notified of any official changes in the status regarding these cases. I do not know if this would be considered as such, but I wanted to point out to the Court that we are of the understanding that the Conditional Remand Order is based upon a motion to remand filed by the 3M Company. Since the filing of their motion, they have been dismissed from these and other cases and they were to have withdrawn their motion to remand which I am being told they neglected to do but will be doing so. I didn't know of any other such motions in these cases and wanted to bring this to the Court's attention. If you need any additional information, please let me know. Thank you.

Sincerely,

Jeffrey A. Varas

JAV/tb
F:\Clients\Asb.MDL\Corres\Clerk L003.wpd
cc: Panel Service List
Hon. James T. Giles

