JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 0 2007

FILED
CLERK'S OFFICE



**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : : : | MDL DOCKET NO. 875 |

**This Document Relates To:**

> <u>Moses Sherman, et al. v. A.J. Pegno Construction Corp., et al.</u>, S.D. New York, C.A. No. 1:07-6433 (Judge Richard J. Sullivan)
>
> <u>John Alexander, et al. v. Amchem Products, Inc., et al.</u>, S.D. New York, C.A. No. 1:07-6441 (Judge George B. Daniels)

**NOTICE OF MOTION TO VACATE CONDITIONAL
TRANSFER ORDER (CTO-286) FOR THESE CASES**

**TO:** Jeffrey N. Luthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg.
Room G-255, North Lobby
Washington, D.C. 20002

All Counsel on the attached Panel Service List (Excerpted from CTO-286)

**PLEASE TAKE NOTICE** that upon the accompanying Plaintiffs' Brief In Support Of

Motion To Vacate Conditional Transfer Order (CTO-286) For These Cases and Plaintiffs'

**OFFICIAL FILE COPY**

**IMAGED** SEP 2 0 2007

PLEADING NO. 5181

Reasons Why Oral Argument Should Be Heard submitted herewith, and pursuant to the Rules of

the Judicial Panel on Multidistrict Litigation, Plaintiffs Moses Sherman and Leola Sherman, and

John Alexander and Braulia Alexander, in the two above-referenced actions, which are described

in the attached Schedule of Actions Involved, by and through their undersigned attorneys,

WEITZ & LUXENBERG, P.C., hereby move the Judicial Panel to vacate CTO-286 with respect

to their cases, and for such other relief as deemed just and appropriate.

Dated:    New York, N.Y.
          September 19, 2007

Respectfully submitted,

By: _____
Stephen J. Riegel
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Fl.
New York, N.Y.  10038
(212) 558-5500
Attorneys for Plaintiffs Moses Sherman and
     Leola Sherman, John Alexander and
     Braulia Alexander

2

## SCHEDULE OF ACTIONS INVOLVED

1.  A.  MOSES SHERMAN and LEOLA SHERMAN, Plaintiffs, v. A.J. PEGNO
        CONSTRUCTION CORPORATION; ALLEN BRADLEY, INC.; AMERICAN
        STANDARD, INC.; ASBEKA INDUSTRIES OF NEW YORK, INC.; ATLANTIC
        DETROIT DIESEL ALLISON; BRIDGESTONE/FIRESTONE, INC.; CARRIER
        CORPORATION; CERTAIN TEED CORPORATION; DAIMLER CHRYSLER
        CORPORATION; DARCOID COMPANY, INC.; DODGE CORPORATION;
        FISHBACH AND MOORE; FORD MOTOR COMPANY; GENERAL ELECTRIC
        COMPANY; GENERAL MOTORS CORPORATION; GEROSA INC.; H. VERBY &
        CO., INC.; HONEYWELL, INC., f/k/a ALLIED SIGNAL/BENDIX CORPORATION;
        JOHN SORE, INC.; KARNAK CORPORATION; KOPPERS INDUSTRIES;
        KORODY-COLYER CORPORATION; MACK TRUCKS, INC.; NAVISTAR
        INTERNATIONAL TRANSPORTATION CORPORATION, f/k/a INTERNATIONAL
        HARVESTER COMPANY; PNEUMO ABEX CORP., Individually and as successor in
        interest to ABEX CORP.; QUIGLEY COMPANY, INC.; RAYBESTOS
        MANHATTAN, INC.; ROCKBESTOS, INC.; ROSTONE CORPORATION; TEVAL
        CORPORATION f/k/a CHARLES F. GYON, INC.; THE TRANE COMPANY; U.S.
        RUBBER (UNIROYAL HOLDINGS CORPORATION); VELLUMOID, INC.;
        VIACOM, INC. f/k/a CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC
        CORP.; ALLIED SIGNAL, INC./BENDIX; FLXIBLE CORPORATION; MOTION
        CONTROL INDUSTRIES, INC., as predecessor in interest to CARLISLE
        CORPORATION; NORTHROP-GRUMMAN CORPORATION; THE BUDD
        COMPANY, Defendants.

    B.  United States District Court for the Southern District of New York

    C.  No. 07 CV 6433.

    D.  Hon. Richard J. Sullivan.


2.  A.  JOHN ALEXANDER and BRAULIA ALEXANDER, Plaintiffs, v. AMCHEM
        PRODUCTS, INC., n/k/a RHONE POULENC AG COMPANY, n/k/a BAYER
        CROPSCIENCE INC.; AMERICAN HONDA MOTOR CO., INC.; ANCHOR
        PACKING COMPANY; BORG-WARNER CORPORATION, n/k/a BURNS
        INTERNATIONAL SERVICES CORPORATION; CERTAIN TEED CORPORATION;
        DAIMLER CHRYSLER CORPORATION; EIS BRAKE PARTS DIVISION; FORD
        MOTOR COMPANY; GARLOCK SEALING TECHNOLOGIES LLC, f/k/a GARLOCK
        INC.; GENERAL ELECTRIC COMPANY; GENERAL MOTORS CORPORATION;
        HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC./BENDIX;
        INGERSOLL-RAND COMPANY; INTERNATIONAL TRUCK and ENGINE

3

CORPORATION; J.H. FRANCE REFRACTORIES COMPANY; MACK TRUCKS, INC.; NISSAN NORTH AMERICA, INC.; PACCAR, INC., Individually and through its division, PETERBILT MOTORS CO.; PNEUMO ABEX CORPORATION, Individually and as successor in interest to ABEX CORP.; RAPID-AMERICAN CORPORATION; STANDARD MOTOR PRODUCTS, INC.; TOYOTA MOTOR CORPORATION; U.S. RUBBER COMPANY (UNIROYAL); UNION CARBIDE CORPORATION, Defendants.

B.  United States District Court for the Southern District of New York

C.  No. 07 CV 6441.

D.  Hon. George B. Daniels.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 0 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY    :    **MDL DOCKET NO. 875**
LITIGATION (NO. VI)    :

**This Document Relates To:**

> **Moses Sherman, et al. v. A.J. Pegno Construction Corp., et al.,** S.D. New York,
> C.A. No. 1:07-6433 (Judge Richard J. Sullivan)

> **John Alexander, et al. v. Amchem Products, Inc., et al.,** S.D. New York,
> C.A. No. 1:07-6441 (Judge George B. Daniels)

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-286) FOR THESE CASES**

### PRELIMINARY STATEMENT

Plaintiffs Moses Sherman and Leola Sherman, and John Alexander and Braulia

Alexander, in the above-referenced asbestos personal injury actions recently removed to U.S.

District Court for the Southern District of New York, respectfully submit this brief in support of

their motion to vacate CTO-286 as it pertains to them.   Ford Motor Company and General

Motors Corporation, both defendants in each of these cases, which were originally filed in the In

re New York City Asbestos Litigation in New York State Supreme Court, County of New York

("NYCAL"), and scheduled for joint trial there this fall, simultaneously removed them on the

ground that another defendant was fraudulently joined in order to prevent diversity jurisdiction

removal to federal court.   Because Plaintiffs' motions for remand to state court pursuant to 28

U.S.C. §1447, have already been initiated before the district judges in the Southern District of

New York, and because they involve case-specific issues of whether state product liability claims

can be stated against a defendant under the particular factual allegations presented.  Plaintiffs

respectfully submit that the conditional transfer order be vacated so that the transferor court can

adjudicate these motions, and if recent precedents are any example, to expeditiously remand

them to New York Supreme Court for trial.

## STATEMENT OF FACTS AND PROCEEDINGS

### A.  Sherman et al. v. A.J. Pegno Construction Corp., et al.

     1.    This action alleging state law product liability claims against several defendants for

personal injuries sustained as a result of Mr. Sherman's asbestos exposures was filed in New

York State Supreme Court on or about November 6, 2006, under the original caption, Moses

Sherman v. A. J. Pegno Construction Corp., et al., Index No. 116617/06.   This is one of

thousands of asbestos personal injury cases which have been consolidated for purposes of

discovery, trials and settlements in the NYCAL, Index No. 40000/88, for almost two decades,

under the oversight of Justice Helen Freedman.

     2.    Because Mr. Sherman was dying from cancer, his case was assigned by Justice

Freedman to the May 2007 In Extremis Trial Cluster, which under the NYCAL management

order, entitles it to an expedited trial.    At a conference this past June,  Justice Louis B. York, to

whom the Sherman case, along with the other case at issue here, was assigned for trial, directed

-2-

that the joint trial of the cases would begin in early October 2007.

    3.   On or about July 16, 2007, Defendants Ford Motor Company ("Ford") and General

Motors Corporation ("GM") filed a notice of removal of this case in the U.S. District Court for

the Southern District of New York, asserting that another defendant, Union Carbide Corp., a

New York citizen, was "fraudulently joined" as a defendant for the purpose of preventing

removal of the case for diversity jurisdiction.   The case was originally assigned to District Judge

Kenneth Karas.  See SDNY CM/ECF Docket Sheet for Sherman et al. v. A.J. Pegno

Construction Corp. et al., at p. 4 (a copy of which is appended here as Exhibit 1) ("Sherman

Docket Sheet")

    4.   On or about August 1, 2007,  Plaintiffs filed a motion to remand the case to state

court on the ground that Plaintiffs' claims against Union Carbide were not fraudulently joined

according to the very demanding standard of proof required by the case law.  By Order dated

August 6, 2007, Judge Karas dismissed Plaintiffs' motion to remand "without prejudice" for

failure to comply with his individual rules which required the holding of a pre-motion conference

before filing a motion.  Plaintiffs then submitted a letter dated August 8,  requesting a pre-motion

conference for their remand motion.  See  Sherman Docket Sheet at p. 5.

    5.   On or about September 4, the case was reassigned to District Judge Richard J.

Sullivan. By Order, dated September 10, Judge Sullivan has set a pre-motion conference for

today, September 19, and directed Defendants to respond to Plaintiffs' August 8 letter.  See id. at

p. 5.

## B.  Alexander et al. v. Amchem Products Inc., et al.

    6.   This action also alleging state law product liability claims against several defendants

for injuries sustained as a result of Mr. Alexander's asbestos exposures was filed in New York

Supreme Court on or about November 21, 2006, under the original caption, John Alexander v.

Amchem Products, Inc. et al., Index No. 117395/06.

7.   Because Mr. Sherman was dying of cancer, his case also was assigned by Justice

Helen Freedman to the May 2007 In Extremis Trial Cluster for an expedited trial.   At the same

conference for the Sherman case this past June,  Justice Louis B. York, to whom both cases had

been assigned for trial, directed that the joint trial of these cases would begin in early October

2007.

8.   On or about July 16, 2007 (the same day that the defendants filed an almost

identical notice of removal in the Sherman case),  Ford and GM filed a notice of removal of the

Alexander case in the U.S. District Court for the Southern District of New York, asserting that

Union Carbide Corp. and another defendant,  who were New York citizens, were "fraudulently

joined" as a defendant for the purpose of defeating removal on the basis of federal diversity

jurisdiction.   This case was originally assigned to District Judge P. Kevin Castel.  See SDNY

CM/ECF Docket Sheet for Alexander et al. v. Amchem Products, Inc., et al., at p. 3 (a copy of

which is appended here as Exhibit 2) ("Alexander Docket Sheet")

9.   On or about July 31, 2007, Plaintiffs filed a motion to remand the case to state court

on the grounds that Plaintiffs' claims against Union Carbide were not fraudulently joined, and

additionally, that the removal papers were facially defective because one defendant failed to

consent to it.  See Alexander Docket Sheet at p. 4.

10.   The Alexander case has been reassigned to Judge Shirley Wohl Kram, and then to

Judge George B. Daniels, before whom it is currently pending.  See id. at p. 4.  By letter to

Judge Daniels, dated August 14, 2007, Plaintiffs have requested an expedited briefing schedule

and argument for their already-filed remand motion.   Plaintiffs have heard nothing further from

the Judge to date.

  11.   The Judicial Panel issued Conditional Transfer Order (CTO-286), filed on August

21, 2007, in <u>IN RE Asbestos Products Liability Litigation (No. VI)</u>, MDL No. 875, which

included in its  "SCHEDULE CTO-286 – TAG-ALONG ACTIONS" both of the above-

referenced cases, to which this motion to vacate is addressed.

## LEGAL ARGUMENT

### I.

### THE CONDITIONAL TRANSFER ORDER SHOULD BE VACATED AS TO THESE TWO REMOVED CASES, AND PLAINTIFFS' PENDING MOTIONS TO REMAND IN THE TRANSFEROR COURT SHOULD BE DECIDED

**A.   The Transferor Court Should First Decide Plaintiffs'
Jurisdictional  Motions To Remand Which Will Turn On
Legal and Factual  Allegations Individual To These Two Cases**

  Plaintiffs in both cases at issue already have filed, or requested to file, their motions to

remand the cases in the transferor court, the Southern District of New York.   If Plaintiffs'

motions to remand are granted, of course, the cases will be returned to state court and no further

proceedings will occur in federal court.

  As this Panel has long stated, where there is a pending motion for remand or other wholly

dispositive motion before the transferor court, as here, the transfer of the case pursuant to 28

U.S.C. §1407, typically is vacated to permit the resolution of that motion.   <u>See</u> <u>In re L.E. Lay &</u>

<u>Co. Antitrust Litigation</u>, 391 F. Supp. 1054, 1056 (Jud. Pan. Mult. Lit. 1975) ("Furthermore, on

principles of comity, we are reluctant to transfer any action that has an important motion under

submission with a court."); <u>In re Plumbing Fixture Cases</u>, 298 F. Supp. 484, 496 (Jud. Pan. Mult.

Lit. 1968).   Moreover, courts have recognized that the transferor court should have an

opportunity to decide whether "it lacks subject matter jurisdiction over a case" by adjudicating a

remand or other dispositive motion, even after the Judicial Panel has issued a conditional transfer

order.  Illinois Mun. Retirement Fund v. Citigroup, Inc., 391 F.3d 844, 852  (7the Cir. 2004)

 This is especially true where the motion raises issues specific to the individual cases

pending in the transferor court.   In analyzing whether a transferor court should decide a

remand motion when a motion to transfer the case to the MDL has been made, courts have

stressed as a factor "whether identical or similar jurisdictional issues have been raised in other

cases that have been or may be transferred to the MDL proceeding."  Meyers v. Bayer AG, 143

F. Supp.2d 1044, 1049 (E.D. Wisc. 2001).   As the Manual For Complex Litigation remarks,

"Matters such as motions to dismiss or to remand, raising issues unique to the particular case,

may be resolved before the panel acts on the motion to transfer."  D. Herr, Annotated Manual For

Complex Litigation 3d  §31.131 at p. 332 (2003 ed.).

 Here,  the main issue raised in the remand motions in the Sherman and Alexander cases

are whether under the individual circumstances of each case, defendants have been fraudulently

joined in order to defeat federal court removal jurisdiction.   Since fraudulent joinder inquiry

centers on whether defendant can show "by clear and convincing evidence . . . that there is no

possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-

diverse defendant in state court," it necessarily involves what specific factual and legal

allegations are made by a plaintiff in an individual case.  Pampillonia v. RJR Nabisco, Inc., 138

F.3d 459, 461 (2d Cir. 1998); see also Brooks v. Merck & Co., Inc., 443 F. Supp.2d 994, 997-98

(S.D. Ill. 2006) (noting that fraudulent joinder issues are particularly appropriate for transferor

courts to decide rather than being transferred to the MDL court "given that the transferor court is

-6-

likely to have greater expertise in the issues of state law presented by such claims than does the transferee court").   Therefore, the transferor court is quite capable of efficiently deciding such individualized issues of fraudulent joinder of a particular defendant in the <u>Alexander</u> and <u>Sherman</u> cases.

**B.   There Is No Purpose In Transferring These Cases
To the Asbestos MDL Since Discovery Has Been
<u>Completed  and the Cases Are Ready For Trial</u>**

Furthermore, since both cases were removed from state court on the eve of scheduled trials, discovery has been essentially completed.   Thus, there can be no purpose in transferring them to the <u>IN RE Asbestos Products Liability Litigation</u>, MDL-875, for management of "coordinated or consolidated pretrial proceedings."[1]  28 U.S.C. §1407(a).

This Panel has frequently denied such a transfer to the MDL court where discovery has already been completed and the cases are ready for trial.   <u>See</u>, <u>e.g.</u>, <u>In re Dow Chemical Co. Sarabond Products Liability Litigation</u>, 650 F. Supp. 187, 188-89 (Jud. Pan. Mult. Lit. 1986) (transfer of a case under §1407 not warranted where it was "at a sufficiently advanced stage"); <u>In re Ortho Pharmaceutical "Lippes Loop" Products Liability Litigation</u>, 447 F. Supp. 1073, 1074 (Jud. Pan. Mult. Lit. 1978) (transfer of a case under §1407 not warranted where "pretrial proceedings have been completed and trial is imminent"); <u>In re Celotex Corp. "Technifoam" Products Liability Litigation</u>, 68 F.R.D. 502, 505 (Jud. Pan. Mult. Lit. 1975) (same).

---

[1]  In the event that Plaintiffs' motions to remand are denied in one or both cases, Plaintiffs respectfully submit that the cases should remain in the Southern District of New York for immediate trial.

**C. There Is Consistent Precedent In the Transferor Court To Decide
Motions To Remand Asbestos Cases To State Courts When They
Have Been Removed For Purported Fraudulent Joinder**

Finally, there are recent published precedents in the transferor district court, the Southern

District of New York, where in asbestos personal injury suits which have been removed on the

basis of fraudulent joinder, the transferor judge has considered and decided the motions to

remand, and in each case, granted them.  See Dexter v. A C & S Inc., 2003 WL 22725461

(S.D.N.Y. Nov. 18, 2003) (granting motion to remand on ground that a group of defendants had

not been shown to be fraudulently joined);  Arseneault v. Congoleum, 2002 WL 472256

(S.D.N.Y. March 26, 2002) (granting motion to remand on the ground that Rapid American

Corporation and Empire Ace Insulation Mfg. Co. were not shown to be fraudulently joined as

defendants); Vasura v. Acands, 84 F. Supp.2d 531, 538-39 (S.D.N.Y. 2000) (remanding case on

several grounds, including that defendant Rapid-American Corp. was not fraudulently joined).

Plaintiffs had filed all three of these asbestos lawsuits in the NYCAL in New York Supreme

Court, as they did here.

In Vasura, this Panel actually had transferred the case to the Asbestos MDL in the Eastern

District of Pennsylvania "[w]hile the [plaintiff's] remand motion was sub judice."  84 F.

Supp.2d at 532-33.  At the request of District Judge Haight, the Panel vacated its transfer order

to allow him to determine the merits of plaintiff's remand motion, which he granted.[2]

---

[2]   The district judge in Arsenault noted that no transfer order had been issued by the
Judicial Panel in that case, but citing Vasura, stated, "Further, it appears that, even had a transfer
already been ordered, it would still be appropriate for this Court to decide the [remand] motion
through the MDL Panel vacating such a transfer order for that purpose."   2002 WL 472256 at
*1 n.1.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Judicial Panel vacate so much of CTO-285 as applies to the <u>Sherman</u> and <u>Alexander</u> cases in order that their motions to remand in the Southern District of New York may be decided.

Dated:   New York, N.Y.
         September 19, 2007

Respectfully submitted,

By: _____
Stephen J. Riegel
**WEITZ & LUXENBERG, P.C.**
180 Maiden Lane, 17th Fl.
New York, N.Y.   10038
(212) 558-5500
Attorneys for Plaintiffs Moses Sherman
     and Leola Sherman,  John Alexander
     and Braulia Alexander

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

<table>
<tr><td>IN RE ASBESTOS PRODUCTS LIABILITY<br>LITIGATION (NO. VI)</td><td>:<br>:<br>:</td><td>MDL DOCKET NO. 875</td></tr>
</table>

**This Document Relates To:**

> Moses Sherman, et al. v. A.J. Pegno Construction Corp., et al., S.D. New York,
> C.A. No. 1:07-6433 (Judge Richard J. Sullivan)

> John Alexander, et al. v. Amchem Products, Inc., et al., S.D. New York,
> C.A. No. 1:07-6441 (Judge George B. Daniels)

## PLAINTIFFS' REASONS WHY ORAL ARGUMENT SHOULD BE HEARD

Plaintiffs respectfully submit that oral argument of their motion to vacate Conditional

Transfer Order (CTO-286) with respect to their cases should be heard because of the litigation

abuses defendants have committed  in removing these cases, and their other similar removals in

the past, on the eve of trial in state court, with the obvious intent of delaying or denying

plaintiffs' day in court and diminishing the settlement value of their cases.

Both of these asbestos personal injury cases were filed in the consolidated In re New

York City Asbestos Litigation in New York Supreme Court ("NYCAL"), which has been

expeditiously overseeing discovery, trials and settlements of literally thousands of asbestos

lawsuits over the past twenty years.   Because the Plaintiffs Moses Sherman and John Alexander were suffering from fatal cancers and discovery and pretrial proceedings in their cases were completed, they were given priority dates for a joint trial in October 2007, under the provisions of the NYCAL management order.

At this point, on the same day, Defendants Ford Motor Company and General Motors Corporation removed both cases to the Southern District of New York ("S.D.N.Y.") on the basis of the purported fraudulent joinder of another defendant, and now seek their transfer to the Asbestos Products Liability Litigation, MDL No. 875, despite the fact that the cases are ready for trial.   As discussed in their motion to remand papers already filed in the S.D.N.Y., defendants' fraudulent joinder contentions fly in the face of the great weight of case authority and border on the frivolous.   Moreover, in one of the cases, defendants' removal papers are patently defective because a defendant has not consented.

Nor is this the first instance of this litigation abuse – other defendants in the NYCAL have attempted to remove cases, on the eve of or during trial in state court, because of purported fraudulent joinder, with the evident  purpose of delaying or denying plaintiffs a trial in state courts.   These cases have been routinely remanded to state court.   Oral argument of Plaintiffs' motion will serve to discourage this improper strategy by defendants from being repeated again.

Dated:   September 19, 2007

Respectfully submitted,

By: _____

Stephen J. Riegel
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Fl.
New York, N.Y.  10038
(212) 558-5500
Attorneys for Plaintiffs Moses Sherman
    Leola Sherman, John Alexander and
    Braulia Alexander

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 0 2007

FILED
CLERK'S OFFICE

## CERTIFICATION OF SERVICE

I, Stephen J. Riegel, do hereby certify as follows:

I am an attorney admitted to the practice of law in the Federal and State Courts of the State of New York and am an associate of the law firm of Weitz & Luxenberg, P.C., counsel for Plaintiffs in the above-referenced actions.

On September 19, 2007, I caused a copy of the following documents – **PLAINTIFFS' NOTICE OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-286) FOR THESE CASES; PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-286) FOR THESE CASES; PLAINTIFFS' REASONS WHY ORAL ARGUMENT SHOULD BE HEARD; and the CERTIFICATION OF SERVICE –** to be served by United States Postal Service, postage-paid first-class mail, on all counsel listed on the attached Panel Service List (Excerpted from CTO-286), MDL Docket No. 875, IN RE Asbestos Products Liability Litigation (No. VI).

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   September 19, 2007

_____
Stephen J. Riegel

**PANEL SERVICE LIST (Excerpted from CTO-286)**
**MDL NO. 875**
**IN RE Asbestos Products Liability Litigation (No. VI)**

*Moses Sherman, et al. v. A.J. Pegno Construction Corp.,* et al., S.D. New York, C.A. No. 1:07-6433
*John Alexander v. Amchem Products, Inc., et al.,* S.D. New York, C.A. No. 1:07-6441

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Jay Allen Rappaport
Aaronson Rappaport Feinstein & Deutsch, LLP
757 Third Avenue
New York, NY 10017

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Stephen Jeffrey Riegel
Wietz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038-4925

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

PANEL SERVICE LIST (Excerpted from CTO-286)- MDL NO. 875          Page 2 of 2

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building, 645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# EXHIBIT 1

ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:07-cv-06433-RJS

Sherman et al v. A.J. Pegno Construction Corporation et al
Assigned to: Judge Richard J. Sullivan
Case in other court: State Court- Supreme, 116617-06
Cause: 28:1441 Notice of Removal

Date Filed: 07/16/2007
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Moses Sherman**

represented by **Stephen Jeffrey Riegel**
Weitz and Luxenburg, P.C.
180 Maiden Lane
New York, NY 10038-4925
(212)-558-5838
Fax: (212) 344-5461
Email: sriegel@weitzlux.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leola Sherman**

V.

**Defendant**

**A.J. Pegno Construction Corporation**

**Defendant**

**Allen Bradley, Inc.**

**Defendant**

**American Standard, Inc.**

**Defendant**

**Asbeka Industries of New York, Inc.**

**Defendant**

**Atlantic Detroit Diesel Allison**

**Defendant**

**Bridgestone/Firestone, Inc.**

**Defendant**

**Carrier Corporation**

**Defendant**
**Certaineed Corporation**

**Defendant**
**Daimler-Chrysler Corporation**

**Defendant**
**Darcoid Company, Inc.**

**Defendant**
**Dodge Corporation**

**Defendant**
**Fishbach and Moore**

**Defendant**
**Ford Motor Company**                    represented by **Jay Allen Rappaport**
                                           Aaronson Rappaport Feinstein &
                                           Deutsch, LLP
                                           757 Third Avenue
                                           New York, NY 10017
                                           (212)-593-6700
                                           Fax: (212)-593-6970
                                           Email: jarappaport@arfdlaw.com
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

**Defendant**
**General Electric Company**

**Defendant**
**Gerosa, Inc.**

**Defendant**
**H. Verby Co., Inc.**

**Defendant**
**Honeywell, Inc.**
*formerly known as*
Allied Signal/Bendix Corporation

**Defendant**
**John Sore, Inc.**

**Defendant**
**Karnak Corporation**

**Defendant**

**Koppers Industries**

<u>Defendant</u>

**Korody-Colyer Corporation**

<u>Defendant</u>

**Mack Trucks, Inc.**

<u>Defendant</u>

**Navistar International
Transportation Corporation**
*formerly known as*
International Harvester Company

<u>Defendant</u>

**Pneumo Abex Corp.**
*individually*
*successor in interest*
Abex Corp.

<u>Defendant</u>

**Quigley Company, Inc.**

<u>Defendant</u>

**Raybestos Manhattan, Inc.**

<u>Defendant</u>

**Rockbestos, Inc.**

<u>Defendant</u>

**Rostone Corporation**

<u>Defendant</u>

**Teval Corporation**
*formerly known as*
Charles F. Guyon, Inc.

<u>Defendant</u>

**The Trane Company**

<u>Defendant</u>

**U.S. Rubber (Uniroyal Holdings
Corporation)**

<u>Defendant</u>

**Vellumoid, Inc.**

<u>Defendant</u>

**Viacom, Inc.**

*formerly known as*
CBS Corporation
*formerly known as*
Westinghouse Electric Corp.

**Defendant**

**Allied Signal, Inc. / Bendix**

**Defendant**

**Flxible Corporation**

**Defendant**

**Motion Control Industries, Inc.**
*as predecessor in interest to Carlisle*
*Corporation*

**Defendant**

**Northrop-Grumman Corporation**

**Defendant**

**The Budd Company**

**Defendant**

**General Motors Corporation**                represented by  **Jay Allen Rappaport**
Aaronson Rappaport Feinstein &
Deutsch, LLP
757 Third Avenue
New York, NY 10017
(212)-593-6704
Fax: (212)-593-6970
Email: jarappaport@arfdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2007 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 116617-06. (Filing Fee $ 350.00, Receipt Number 620761).Document filed by Ford Motor Company, General Motors Corporation.(tro) Additional attachment(s) added on 7/19/2007 (tro) (Entered: 07/17/2007) |
| 07/16/2007 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (tro) (Entered: 07/17/2007) |
| 07/16/2007 | | Case Designated ECF. (tro) (Entered: 07/17/2007) |
| 07/16/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Ford Motor Company.(tro) (Entered: 07/19/2007) |

| 07/16/2007 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying State Street Bank & Trust Company, Capital Research and Management Company, and Brandes Investment Partners, L.P. as Corporate Parent. Document filed by General Motors Corporation.(tro) (Entered: 07/19/2007) |
| --- | --- | --- |
| 08/01/2007 | 4 | FIRST MOTION to Remand to State Court. Document filed by Moses Sherman.(Riegel, Stephen) (Entered: 08/01/2007) |
| 08/01/2007 | 5 | FIRST MEMORANDUM OF LAW in Support re: 4 FIRST MOTION to Remand to State Court.. Document filed by Moses Sherman. (Riegel, Stephen) (Entered: 08/01/2007) |
| 08/01/2007 | 6 | AFFIRMATION of Stephen Riegel in Support re: 4 FIRST MOTION to Remand to State Court.. Document filed by Moses Sherman. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3)(Riegel, Stephen) (Entered: 08/01/2007) |
| 08/08/2007 | 7 | ORDER denying without prejudice: 4 Motion to Remand to State Court. (Signed by Judge Kenneth M. Karas on 8/6/2007) (jp) (Entered: 08/08/2007) |
| 09/04/2007 | 8 | NOTICE OF CASE REASSIGNMENT to Judge Richard J. Sullivan. Judge Kenneth M. Karas is no longer assigned to the case. (tro) (Entered: 09/11/2007) |
| 09/11/2007 | 9 | ORDER: Pre Motion Conference set for 9/19/2007 at 02:30 PM in Courtroom 21D, 500 Pearl Street, New York, NY 10007 before Judge Richard J. Sullivan. The dfts are directed to respond to the Plts' letter dated 8/8/2007 by 9/14/2007. (Signed by Judge Richard J. Sullivan on 9/10/2007) (jar) (Entered: 09/11/2007) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 09/18/2007 12:50:05 | | |
| **PACER Login:** | wl0186 | **Client Code:** | 203366 |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-06433-RJS |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT 2

ECF

## U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:07-cv-06441-GBD

Alexander v. Amchem Products, Inc. et al
Assigned to: Judge George B. Daniels
Case in other court: State Court- Supreme, 117395-06
Cause: 28:1441 Notice of Removal

Date Filed: 07/16/2007
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**John Alexander**                               represented by **Stephen Jeffrey Riegel**
Weitz and Luxenburg, P.C.
180 Maiden Lane
New York, NY 10038-4925
(212)-558-5838
Fax: (212) 344-5461
Email: sriegel@weitzlux.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amchem Products, Inc.**
*now known as*
Bayer Cropscience, Inc.
*now known as*
Rhone Poulenc Ag Company

**Defendant**

**American Honda Motor Co., Inc.**

**Defendant**

**Anchor Packing Company**

**Defendant**

**Borg-Warner Corporation**
*now known as*
Burns International Services
Corporation

**Defendant**

**Certain Teed Corporation**

**Defendant**

**Daimler Chrysler Corporation**

**Defendant**

**EIS Brake Parts Division**

**Defendant**

**Ford Motor Company**                          represented by   **Jay Allen Rappaport**
                                                                  Aaronson Rappaport Feinstein &
                                                                  Deutsch, LLP
                                                                  757 Third Avenue
                                                                  New York, NY 10017
                                                                  (212)-593-6700
                                                                  Fax: (212)-593-6970
                                                                  Email: jarappaport@arfdlaw.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technologies, LLC**
*formerly known as*
Garlock, Inc.

**Defendant**

**General Electric Company**

**Defendant**

**General Motors Corporation**                  represented by   **Jay Allen Rappaport**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International, Inc.**
*formerly known as*
Allied Signal, Inc./Bendix

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**International Truck and Engine
Corporation**

**Defendant**

**J.H. France Refractories Company**

**Defendant**

**Mack Trucks, Inc.**

**Defendant**

**Nissan North America, Inc.**

**Defendant**

**Paccar, Inc.**
*Individually and through its division,*
*Peterbilt Motors Co.*

**Defendant**

**Pneumo Abex Corporation**
*Individually*
*successor in interest*
Abex Corporation

**Defendant**

**Rapid-American Corporation**

**Defendant**

**Standard Motor Products, Inc.**

**Defendant**

**Toyota Motor Corporation**

**Defendant**

**U.S. Rubber Company (Uniroyal)**

**Defendant**

**Union Carbide Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2007 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 117395-06. (Filing Fee $ 350.00, Receipt Number 620780).Document filed by Ford Motor Company, General Motors Corporation.(tro) Additional attachment(s) added on 7/20/2007 (Correa, Julie). (Entered: 07/17/2007) |
| 07/16/2007 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (tro) (Entered: 07/17/2007) |
| 07/16/2007 | | Case Designated ECF. (tro) (Entered: 07/17/2007) |
| 07/16/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Ford Motor Company.(tro) Additional attachment(s) added on 7/20/2007 (Correa, Julie). (Entered: 07/17/2007) |
| 07/16/2007 | 11 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying State Bank & Trust Company, Capital Research and Management Company, Brandes Investment Partners, L.P. as Corporate Parent. Document filed by General Motors Corporation.(tro) (Entered: 08/17/2007) |

| 07/25/2007 | 8 | NOTICE OF CASE REASSIGNMENT to Judge Shirley Wohl Kram. Judge P. Kevin Castel is no longer assigned to the case. (kco) (Entered: 08/03/2007) |
| 07/31/2007 | 3 | FIRST MOTION to Remand. Document filed by John Alexander. (Riegel, Stephen) (Entered: 07/31/2007) |
| 07/31/2007 | 4 | FILING ERROR - WRONG DOCUMENT TYPE SELECTED FROM MENU - FIRST MOTION to Remand to State Court(MEMORANDUM OF LAW IN SUPPORT OF MOTION). Document filed by John Alexander.(Riegel, Stephen) Modified on 8/1/2007 (KA). (Entered: 07/31/2007) |
| 07/31/2007 | 5 | FILING ERROR - WRONG DOCUMENT TYPE SELECTED FROM MENU - FIRST MOTION to Remand to State Court (AFFIRMATION IN SUPPORT OF MOTION). Document filed by John Alexander. (Riegel, Stephen) Modified on 8/1/2007 (KA). (Entered: 07/31/2007) |
| 07/31/2007 | 6 | AFFIRMATION of Stephen Riegel in Support re: 3 FIRST MOTION to Remand.. Document filed by John Alexander. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4)(Riegel, Stephen) (Entered: 07/31/2007) |
| 07/31/2007 | 7 | FIRST MEMORANDUM OF LAW in Support re: 3 FIRST MOTION to Remand.. Document filed by John Alexander. (Riegel, Stephen) (Entered: 07/31/2007) |
| 08/07/2007 | 10 | NOTICE OF CASE REASSIGNMENT to Judge George B. Daniels. Judge Shirley Wohl Kram is no longer assigned to the case. (tro) (Entered: 08/14/2007) |
| 08/10/2007 | 9 | ORDER RE SCHEDULING AND INITIAL PRETRIAL CONFERENCE: If such a consent order is not filed within the time provided.Initial Conference set for 10/24/2007 at 09:30 AM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (Signed by Judge George B. Daniels on 8/9/2007) (jmi) (Entered: 08/10/2007) |

| PACER Service Center | | |
| :---: | :---: | :---: |
| **Transaction Receipt** | | |
| 09/18/2007 12:47:35 | | |
| **PACER Login:** | wl0186 | **Client Code:** | 203366 |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-06441-GBD |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |