**MDL ꞏ875**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (NO. VI)

MDL No. 875 – IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION

(IN RE: CONDITIONAL TRANSFER ORDER CTO-274)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLYDE L. TYER, | * | CIVIL ACTION |
| Plaintiff, | * | CASE NO.: 07-cv-02777 |
| VS. | | |
| | * | SECTION F (5) |
| UNION CARBIDE CORPORATION, ET AL. | * | JUDGE MARTIN C. FELDMAN |
| Defendants. | * | MAGISTRATE ALMA L. CHASEZ |
| * * * * * * * * * * * * * | * | |

<u>UNION CARBIDE' S BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER</u>

NOW INTO COURT, comes Defendant Union Carbide Corporation ("Union Carbide), who respectfully requests that Plaintiff's Consolidated Motion to Vacate the Conditional Transfer Order be denied and would further show the Court as follows:

**I.**

This proceeding falls with the definition of a "tag-along" action pursuant to Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. As such transfer to Multidistrict Litigation No. 875 is appropriate pursuant to 28 U.S.C. § 1407(c)(ii).

OFFICIAL FILE COPY IMAGED SEP 2 5 2007

1

## II.

In the present action, Plaintiff has filed suit against various Defendants to recover damages resulting from his alleged exposure to asbestos.  As Plaintiff summarized in his motion, Plaintiff has sued Defendants, rather unremarkably, for alleged exposure to "raw asbestos while he [Plaintiff] was employed on marine vessels".[1]

## III.

In his brief, Plaintiff asks the Court to vacate the Conditional Transfer Order because this matter involves a single Plaintiff, because it would be a great inconvenience to the parties and witnesses, and because it would not promote just or efficient conduct if the case is transferred to Philadelphia, Pennsylvania.[2]   However, these circumstances are no more unique than the circumstances in the tens-of-thousands of other asbestos cases already pending in the court system, and have already been rejected as reasons to vacate transfer.

## IV.

This Panel has previously considered, and rejected, all manner of reasons to vacate transfer, including the reasons articulated by Plaintiff.  As this Panel has succinctly stated "the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos personal injury or death, and/or the unanimity of opposition to transfer by the parties to an action, **were considered and**

---

[1] . Plaintiff's Consolidated Motion and Brief to Vacate the Conditional Transfer Order, pg. 2, ¶ 1.
[2] . Plaintiff's Motion to Vacate the Conditional Transfer Order, pgs. 3-5.

**rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket"**. *In re Asbestos Product Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349 (Jud.Pan.Mult.Lit. 2001).

## V.

This case is quite simply about alleged exposure to asbestos.  It is no more unique than the following matters, all filed by Plaintiff's counsel, involving alleged exposure to asbestos in the oil drilling industry, many of the same Defendants, and which have either been transferred to the MDL or noticed as potential tag-a-long actions:

1. *Cletus Brewer vs. Noble Drilling, et al.,* 06-458-JJB-SR;

2. *Teressa Bell, Individually and as Testamentary Executrix of the Estate of Don Bell vs. Rowan Companies, et al.,* 06-785-JJB-DLD; and

3. *Nolan Fontenot vs. Chevron USA, Inc., et al.,* 2:07-2764.

It is no more unique than the matter of *Daniel Melford vs. Peter Territo*, et al., 05-1405, involving the same issues, many of the same Defendants, and which was previously transferred to this Court.

## VI.

All Plaintiffs are unique, but the allegations in their cases are not.  If it were sufficient reason to vacate transfer merely because a case involved a single Plaintiff, then Plaintiffs' counsel would simply avoid this Panel's jurisdiction by parsing out their cases one-by-one.  The cost of discovery cannot be reasonably asserted as grounds to vacate transfer because, regardless of where this case is

pending, the discovery will still be conducted by the attorneys in Louisiana. Thus, the transfer will

not affect where discovery is conducted or the cost of discovery. Finally, the fact that a cause of

action arose in Louisiana is simply not enough of a distinction to defeat jurisdiction for Multi-Panel

litigation. If it were, then only cases in Pennsylvania would be pending before this Panel.

## VII.

Accordingly, because this matter involves the issues for which this Judicial Panel was

specifically created, Union Carbide submits that the Panel should transfer this suit for consolidation

with Multidistrict Litigation No. 875 (asbestos) in the Eastern District of Pennsylvania.


Respectfully Submitted,

**ABBOTT, SIMSES & KUCHLER, PLC**


Lawrence P. Abbott, T.A. (La. Bar No. 2276)
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Sarah E. Iiams, T.A. (La. Bar No. 22418)
McGready L. Richeson, T.A. La. Bar No. 29398)
400 Lafayette Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933
**Attorneys for Defendant,**
**Union Carbide Corporation**

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 4 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Brief was sent via U.S. Mail, First Class Postage Prepaid, on this 21st day of September, 2007, properly addressed to the attached Panel Service List and via electronically to all counsel of record.

McGready L. Richeson

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

INVOLVED COUNSEL LIST (CTO-284)
MDL. NO. 875
IN RE: Asbestos Products Liability Litigation (No. VI)
*Clyde L. Tyer v. Union Carbide Corp., et al.*, E.D. Louisiana, CA No. 2:07-2777
(Judge Martin L.C. Feldman)

Richard C. Binzlery
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Proctor, LLP
901 New York Avenue,
N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton,
LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street,
Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
Forcena & Hannon
111 S. Independence Mall
East
The Bourse, Suite 1000
Philadelphia, PA 19106-
2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd
Floor
Philadelphia, PA 19103

Susan M. Hansen
Browson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East
Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Andrew H. Meyers
Breaud & Lemoine
P.O. Box 3448
Suite 1101
Lafayette, LA 70502

Ronald L. Motley
Motley Rice, LLC
P. O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick W. Pendley
Pendley, Baudin & Coffin,
LLP
24110 Eden Street
P. O. Box 71
Plaquemine, LA 70765

John J. Repcheck
Marks, O'Neill, O'Brien, &
Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour &
Pease, LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman &
Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rober N. Spinelli
Kelly, Jasons, McGuire &
Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

INVOLVED COUNSEL LIST (CTO-284)
MDL. NO. 875
IN RE: Asbestos Products Liability Litigation (No. VI)
*Clyde L. Tyer v. Union Carbide Corp., et al.*, E.D. Louisiana, CA No. 2:07-2777
(Judge Martin L.C. Feldman)


Richard P. Sulzer
Sulzer & Williams, LLC
201 Holiday Boulevard
Suite 335
Covington, LA 7433

Robert E. Swickle
Jaques Admiralty Law
Firm, PC
1370 Penobscot Building,
645 Griswold St.
The Maritime Asbestos
Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
404 First Avenue, NE
P.O. Box 998
Cedar Rapids, IA 52406

**PANEL SERVICE LIST (Excerpted from CTO-284)**
**MDL NO. 875**
**IN RE Asbestos Products Liability Litigation (No. VI)**

*Clyde L. Tyer v. Union Carbide Corp., et al.,* E.D. Louisiana, C.A. No. 2:07-2777
(Judge Martin L.C. Feldman)

Lawrence E. Abbott
Abbott, Simses & Kuchler
5100 Village Walk
Suite 200
Covington, LA 70433

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Brian J. Engeron
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Andrew H. Meyers
Breaud & Lemoine
P. O. Box 3448
Suite 1101
Lafayette, LA 70502

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464