JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 5 2007

FILED
CLERK'S OFFICE

MBL ≈875

BEFORE THE PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LITIGATION (NO. VI)          MDL NO. 875

THIS DOCUMENT RELATES TO:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOLAN FONTENOT | * |
| | * CIVIL ACTION NO. 07-2764 |
| | * |
| VERSUS | * JUDGE FALLON |
| | * |
| | * MAGISTRATE CHASEZ |
| CHEVRON USA INC., et al. | * |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## HUNT OIL COMPANY'S OPPOSITION TO PLAINTIFF'S CONSOLIDATED MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiff Nolan Fontenot's Consolidated Motion and Brief to Vacate the Panel's Conditional Transfer Offer offers no compelling reasons why the Panel should vacate its Conditional Transfer Order. The Brief does not set forth any arguments that this Panel has not already considered in its previous Order, dated July 29, 1991, concerning whether cases involving personal injury or wrongful death due to alleged asbestos exposure should be

OFFICIAL FILE COPY

IMAGED SEP 2 5 2007

1

transferred to the Eastern District of Pennsylvania for consolidation with MDL 875. The reasons set forth in the Panel's previous Order were specifically adopted in the Panel's Conditional Transfer Order for this matter. *See* Conditional Transfer Order (CTO-284) ("[T]hese actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991…).

## I. THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA FOR CONSOLIDATION WITH MDL 875.

The Panel has already determined that all pending federal court actions not now in trial involving allegations of personal injury or wrongful death caused by asbestos should be centralized in a single forum pursuant to 28 U.S.C. § 1407. *In Re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415, 420 (J.P.M.L. 1991) (We "conclude that centralization in a single district of all pending federal personal injury and wrongful death asbestos actions is necessary."). The Panel's Order clearly contemplated that all federal personal injury and wrongful death asbestos actions would be included in MDL 875. *Id.* at 423. Contrary to Plaintiff's initial argument that his action should not be transferred because it is not a class action or mass tort, no exceptions were carved out by the Panel. *Id.* at 422 ("[W]e are unwilling, on the basis of the record before us, to carve out exceptions to transfer."); *see also, In Re Asbestos Products Liability Litigation (No. VI),* 170 F. Supp. 2nd 1348 (J.P.M.L. 2001) ("In particular, we note that in the Panel's original decision[,] distinctions based on such matters as…the uniqueness of a party's status, the type of defendant, … the presence of unique claims or additional claims not relating to asbestos injury or death,… were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket."). Thus, this proceeding was properly identified as a "tag-along action." *Id.* at 424; *See* Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

In an effort to show that this action does not involve "one or more common questions of fact" with the cases in MDL 875, Plaintiff next asserts that discovery in this case will involve Plaintiff's general exposure to asbestos and critical issues of fact pertaining to asbestos on, in and around the marine drilling vessels on which Plaintiff was a crew member. Although Plaintiff correctly states that the discovery in this case will be directed to issues arising out of his individual claim, this discovery involves exactly the same type of pretrial issues that MDL 875 was set up to coordinate and consolidate because discovery and other pre-trial matters will also involve questions of fact that are common to the actions previously transferred and consolidated into MDL 875.[1]  For example, the issues set forth in footnote 1 of Plaintiff's Brief, which are set forth verbatim in Plaintiff's Complaint, include whether adequate warnings were provided by the defendants and/or third parties with regard to the danger of inhaling asbestos fibers; whether the defendants and/or third parties failed to provide a method for storing and handling raw asbestos in a way that would prevent Plaintiff from inhaling dust and fibers; whether the defendants and/or third parties knew or should have known that using asbestos fibers in the drilling process was unreasonably dangerous; whether using asbestos fibers in the drilling process made the vessels unseaworthy; and whether the defendants and/or third parties failed to act with the required degree of care. *See* Plaintiff's Brief at n. 1.  There is no legal requirement that there be a strict identity of questions of common fact, or predominance of common factual questions, or even that they be central to or determinative of the controversy.

Moreover, Plaintiff alleges that he is entitled to punitive damages.  Plaintiff's claim for punitive damages due to his exposure to asbestos certainly raises common questions of fact with the cases in MDL 875.  The appellate court with authority over Panel transfers and remand in

---

[1]    If necessary, MDL 875 will provide a "ready forum for the inclusion of any new filed actions" against Hunt for alleged exposure to asbestos. *In Re Gas Meter Antitrust Litigation*, 464 F. Supp. 391, 393 (J.P.M.L. 1979).

MDL 875 has endorsed the Panel's decision to retain jurisdiction over claims for punitive damages, even when claims for compensatory damage have been remanded to the transferor court after pre-trial proceedings. *In Re Collins*, 233 F.3rd 809, 812 (3rd Cir. 2000), *cert. denied,* 532 U.S. 1066, 121 S.Ct. 2216 (2001). The Third Circuit stated,

> It is responsible public policy to give priority to compensatory claims over exemplary punitive damages windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand. …The continuing hemorrhaging of available funds deprives current and future victims of rightful compensation.

Plaintiff's second argument against transfer is that it is not "for the convenience of the parties and witnesses" because the events occurred in Louisiana and offshore Louisiana waters and many of the witnesses are Louisiana residents. However, this Panel has already concluded that "the centralization of all federal asbestos personal injury/wrongful death actions, in the words of *28 U.S.C. § 1407(a)*, 'will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.'" *In Re Asbestos Products Liability Litigation (No. VI)* at 418. The Panel specifically addressed the identical concern voiced by Plaintiff in his Brief regarding the convenience of the parties and the witnesses – that the vast majority of discovery will occur in Louisiana, Texas or Mississippi, not in Pennsylvania. In the July 19, 1991 Order, the Panel stated that it was "sensitive to the concerns," but since the "transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *Id.* at 422.

Third, Plaintiff argues that "promotion of just [and] efficient conduct of the action" will not occur with the transfer of this motion to MDL 875 for the same reasons transfer is not "for the convenience of the parties and the witnesses." Plaintiff's Brief at p. 6 ("As discussed above, there is no convenience to the parties and witnesses by a transfer of the litigation…."). As stated,

4

this Panel has already determined that centralization of all federal asbestos personal injury/ wrongful death actions will promote the just and efficient conduct of such actions.

## II.   CONCLUSION

For the reasons set forth above, this Panel should deny the Plaintiff's Consolidated Motion and Brief to Vacate Conditional Transfer Order, and issue an Order transferring this case to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings.

RESPECTFULLY SUBMITTED,

Mary S. Johnson, T.A. (Bar #17647)
msj@jgmclaw.com
Jill T. Losch (Bar #20664)
jtl@jgmclaw.com
**JOHNSON GRAY MCNAMARA, LLC**
69150 Highway 190 East Service Rd.
Covington, LA  70433
Phone:  (985) 246-6544
Fax:  (985) 246-6549

Chad J. Mollere (Bar #26427)
cjm@jgmclaw.com
S. Suzanne Mahoney (Bar #24536)
ssm@jgmclaw.com
**JOHNSON GRAY MCNAMARA, LLC**
650 Poydras St.; Suite 1905
New Orleans, Louisiana 70130
Phone:  (504) 525-4649
Fax:   (504) 525-4653

Counsel for Hunt Oil Company

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 5 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served

upon all counsel listed on the attached Panel Service List by placing same in the United States

mail, properly addressed and postage prepaid, this 21st day of September, 2007.

JGM17317

PANEL SEVICE LIST
MDL 875
IN RE Asbestos Products Liability Litigation (No. VI)

*Nolan Fontenot v. Chevron USA, Inc., et al*, EDLA, CA No. 2:07-2764 (Judge Eldon E. Fallon)

Lawrence E. Abbot
Abbott, Simses & Kuchler
5100 Village Walk
Suite 200
Covington, LA 70433

Gary A. Bezet
Kean, Miller, Hawthorne, D'Armond, etc.
One American Place
22nd Floor
P. O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Churd
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Mary S. Johnson
Johnson Gray McNamara, LLC
69150 Highway 190 East Service Road
Covington, LA 70433

Reginald S. Kramer
Oldham & Dowling
195 South Main street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Brian J. Engeron
Abbot, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Ronald L. Motley
Montly Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
24110 Eden Street
P. O. Box 71
Plaquemine, LA 70765-0071

John J. Repcheck
Marks, O'Neill, O'Brian & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplin, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gray Street
P. O. Box 1008
Columbus, OH 43216-1008

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Chad J. Mollere
Johnson Gray McNamara, LLC
650 Poydras Street
Suite 1905
New Orleans, LA 70130

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P. O. Box 998
Cedar Rapids, IA 52406

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Barrye Miyagi
Kean, Miller, Hawthorne, D'Armond, etc.
One American Place
22nd Floor
P. O. Box 3513
Baton Rouge, LA 70821-3513

Ernest Foundas
Abbot, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rober N. Spinelli
Kelley, Jasons, McGuire & Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building, 645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Barbara Ormsby
Foreman Perry Watkins, et al
1515 Poydras St.
Suite 1300
New Orleans, LA 70112