**MDL 875**

## BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

IN RE:      **ASBESTOS PRODUCTS LIABILITY**      **MDL DOCKET NO: 875**
                 **LITIGATION (NO VI)**

**CONDITIONAL TRANSFER ORDER 284**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 25 2007

FILED
CLERK'S OFFICE

**THIS DOCUMENT RELATES TO:**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOLAN FONTENOT** | **CIVIL ACTION NO.: 07-2764-L-M5** |
| **VERSUS** | **JUDGE: ELDON E. FALLON** |
| **CHEVRON USA INC., ET AL** | **MAG. JUDGE: ALMA L. CHASEZ** |

PLEADING NO. 5193

### MEMORANDUM IN OPPOSITION
### TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER

NOW INTO COURT, through undersigned counsel, come Defendants, Exxon Mobil Corporation ("Exxon") and Chevron U.S.A. Inc. ("Chevron") (collectively "Defendants"), who submit this Memorandum in Opposition to Motion to Vacate Conditional Transfer Order, entered by the Judicial Panel on Multi-District Litigation on or about September 4, 2007 for the reasons set forth more fully herein.

## I.  PROCEDURAL HISTORY

This case was originally filed in the Thirty Second Judicial District Court in the Parish of Terrebonne, State of Louisiana on March 27, 2007. Plaintiff's Petition pursues claims against Exxon, Chevron and other defendants "under the Jones Act 46 U.S.C. 466,

OFFICIAL FILE COPY
IMAGED SEP 25 2007

and General Maritime Law pursuant to the Savings Suitors Clause, 28 U.S.C. §1333 and the laws of the State of Louisiana." (*See* Petition, attached hereto as "Exhibit A").

This case was removed to the United States District Court for the Middle District of Louisiana on May 3, 2007. (*See* Notice of Removal (without exhibits), attached hereto as "Exhibit B"). A motion to remand the case to state court was never filed by Plaintiff. Moreover, Plaintiff has not contested that this case was properly removed to Federal Court based upon diversity of citizenship and amount in controversy.

On July 3, 2007, Union Carbide Corporation notified the Judicial Panel of the Multi-District Litigation Court that this case was a potential "tag-along" action and should be transferred to the United States District Court, Eastern District of Pennsylvania for pretrial proceedings pursuant to 28 U.S.C. § 1407. (*See* Notice of Tag Along Action (without exhibits), attached hereto as "Exhibit C").

The Panel entered Conditional Transfer Order 284 on August 8, 2007. The Plaintiff filed a Notice of Opposition to the Conditional Transfer Order pursuant to Rule 7. On September 4, 2007, Plaintiff filed his Consolidated Motion and Brief to Vacate Conditional Transfer Order 274.

Defendant Exxon and Chevron respectfully request that Conditional Transfer Order 284 be enforced. Defendants request this case be transferred to the Eastern District of Pennsylvania, MDL 875 for coordinated and consolidated pretrial proceedings.

## II.  ARGUMENTS AND AUTHORITIES

Transfer of cases to Federal MDL 875 are governed by 28 U.S.C. § 1407. This statute provides in pertinent part:

"(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however,* That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded."

28 U.S.C. § 1407

The standard for transfer pursuant to § 1407 was established by the Panel in 1991, when MDL 875 was created. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (Jud.Pan.Mult.Lit.-1991). The Panel determined that transfer to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings was appropriate if the case involved common questions of fact with actions previously transferred to the Eastern District of Pennsylvania. Moreover, the Panel found that transfer to the Eastern District of Pennsylvania was proper if it would serve the convenience of the parties and witnesses and promote the just and effective conduct of litigation. The Panel expressed in detail its reasoning for ordering the centralization of all pending Federal Court actions, not then in trial, involving allegations of personal injury or wrongful death caused by asbestos or asbestos-containing products. *See In Re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (Jud.Pan.Mult.Lit. 1991).

The only factors to be considered for transfer are common questions of fact, convenience of the parties and witnesses and just and effective conduct of the case. "Distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of the pretrial proceedings, the presence of unique claims or additional claims not related to asbestos injury or death, and for the unanimity of opposition to the transfer by the parties to the action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in the extraordinary docket." *In Re Asbestos Products Liability Litigation (No. VI)*, 170 F. Supp.2d 1348, 1350 (Jud.Pan.Mult.Lit-2001).

The case at hand meets all of the requirements for transfer pursuant to 28 U.S.C. § 1407. This action has numerous common questions of fact with the vast number of maritime claims for asbestos exposure currently pending in MDL 875. Not only does this case involve common questions of fact with other Jones Act cases that were previously transferred to MDL 875, but common questions of fact exist among other cases filed by Plaintiff's counsel which have been transferred to MDL 875. Additionally, transferring this matter to MDL 875 will promote the convenience of the parties and witnesses involved in this case. Coordinated pretrial proceedings, conducted by one judge rather than several, will avoid duplicative discovery efforts and avoid potentially contradictory judicial rulings. Finally, transfer to MDL 875 will promote the just and efficient furtherance of this case, especially considering MDL 875's substantial experience in dealing with cases virtually identical to the one at hand.

**A.    Common Questions of Fact**

The claims in this case are common to the thousands of those that have been previously transferred to MDL 875. Specifically, Plaintiff's claims involve exposure to asbestos fibers onboard vessels, pursuant to the Jones Act 46 U.S.C. 688 and General Maritime Law. (*See* Petition, attached hereto as "Exhibit A"). Literally thousands of claims by seamen who have claimed exposure to asbestos-containing products onboard vessels have been adjudicated by MDL 875. *See In re United States Lines, Inc.*, 318 F.3d 432 (C.A.2-2003); *see also In re Asbestos Products Liability Litigation (No. VI)*, 1996 WL 239863 (E.D.Pa.).

Plaintiff asks the Panel to vacate the Conditional Transfer Order because this matter involves a single plaintiff, would be a great inconvenience to the parties and witnesses, and would not promote just or efficient conduct if transferred. However, these circumstances are no more unique than the circumstances in the tens-of-thousands of other asbestos cases already pending in the court system, and have already been rejected as reasons to vacate transfer. These thousands of claims are substantially similar to the claims made by Plaintiff in this case. Plaintiff has failed to establish that his claims are in any way different than those of previous "MARDOC" claimants.

Plaintiff claims in his brief that this case should not be transferred based upon the fact that it is a "single plaintiff claim". This argument is simply without merit. All plaintiffs are unique, but the allegations in their cases are not. If it were a sufficient reason to vacate transfer merely because a case involved a single plaintiff, then plaintiff's counsel would avoid the panel's jurisdiction by passing out cases one by one.

Additionally, single plaintiff cases have been historically transferred to the MDL. Moreover, single plaintiff Jones Act cases have regularly and recently been transferred to MDL 875. *See Selico v. Waterman Steamship Co.*, 1999 WL 172958 (E.D.La); *see also Melford vs. Territo*.[1] These cases clearly indicate that single plaintiff maritime claims for exposure to asbestos are subject to transfer to MDL 875. Both of the aforementioned cases involve claims of Louisiana plaintiffs.

Not only does this case have common questions of fact with other "MARDOC" claimants and other Louisiana seamen, Plaintiff's claims are substantially similar to those of other Jones Act plaintiffs represented by Plaintiff's counsel. Specifically, Plaintiff's counsel is currently representing two Louisiana seamen (or their heirs) who have brought claims against Chevron based upon the same common issues of fact, and which have been transferred to MDL 875. [2][3] A review of the Petitions in these three cases indicates

---

[1] The *Melford vs. Territo* case was originally initiated in the Nineteenth District Court in the Parish of East Baton Rouge, Louisiana. (*See* Original Petition filed on 11/08/2005, attached as "Exhibit D"). Mr. Melford's claims involved exposure to asbestos drilling muds while serving onboard vessels. His claims were brought pursuant to the Jones Act and General Maritime Law. This lawsuit was subsequently removed to Federal Court on December 15, 2005. (*See* Notice of Removal, attached as "Exhibit E"). This claim was subsequently transferred to MDL 875. (*See* Order of Transfer, dated June 14, 2006, attached as "Exhibit F").

[2] *See* attached "Exhibit G", the Original Petition of Daniel Jarrell, filed on October 6, 2006, in the Sixteenth Judicial District Court in the Parish of St. Mary, State of Louisiana. This case was subsequently removed to Federal Court on November 16, 2006. (*See* Notice of Removal, attached as "Exhibit H"). A Notice of Tag-Along Action seeking transfer to the United States District Court, Eastern District of Pennsylvania was filed on January 8, 2007. (*See* Notice of Tag-Along, attached as "Exhibit I"). This claim was subsequently transferred to MDL 875. (*See* Order of Transfer dated June 13, 2007, attached as "Exhibit J").

[3] *See* attached "Exhibit K," the original Petition of Theresa Bell, filed on September 8, 2006, in the Nineteenth Judicial District Court in the Parish of East Baton Rouge, State of Louisiana. This case was subsequently removed to Federal court on October 10, 2006. (*See* Notice of Removal, without exhibits, attached as "Exhibit L."). A Notice of Tag-Along Action seeking transfer to the United States District Court, Eastern District of Pennsylvania was filed on December 18, 2006. (*See* Notice of Tag-Along, attached as "Exhibit M"). This claim was subsequently transferred to MDL 875. (*See* Order of Transfer dated June 13, 2007, attached as "Exhibit J").

that the petitions are virtually identical to the Plaintiff's Petition herein. A review of the petitions shows that there are common defendants in the three cases. Likewise, the liability and damages allegations in each of the petitions are identical. Notably, these cases have already been transferred to MDL 875. (*See* Transfer Order, attached hereto as "Exhibit J").

The pleadings from the aforementioned cases clearly demonstrate there exists common questions of law and facts regarding Plaintiff's exposure to asbestos on drilling vessels. Accordingly, Plaintiff's claims are not unique from other seamen.

Based on the foregoing, Plaintiff's claim that his case is a "stand alone" case and "wholly original" are simply unfounded. Undoubtedly, the discovery responses, deposition testimony, and other evidentiary information gleaned in the Plaintiff's case will be pertinent to the *Jarrell* and *Bell* cases. Moreover, there will obviously be common issues of fact with all of the other cases in the MDL 875 including causation, product distribution and supply matters, state-of-the-art knowledge and product identification. Although Plaintiff claims "the *Fontenot* discovery will have no applicability to any other case", Plaintiff's counsel has not stipulated such evidence will not be used in the other cases.

Simply put, Plaintiff's claims are in no way unique or original. "Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district[.]" *In Re*

*Asbestos Products Liability Litigation (No. VI)*, 2001 WL 1042562 (Jud.Pan.Mult.Lit.-2001).

### B.   Transfer to the MDL is for the Convenience of the Parties and Witnesses

Transfer of this case to MDL 875 will be more convenient for the parties and witnesses involved in this case. In light of the fact that there are numerous cases involving the same parties, coworkers, expert witnesses, corporate representatives, and fact witnesses, coordination and consolidation for pretrial proceedings before MDL 875 will be more convenient for all the parties involved. Discovery will be conducted in a more uniform and concise fashion in MDL 875. Undoubtedly, if Plaintiff is allowed to proceed in Louisiana Federal Court, the depositions of coworkers, experts and various corporate representatives will have to be taken in several individual cases. It is more convenient to all the parties and the potential witnesses involved if duplicitous discovery can be avoided.

The cost of discovery cannot reasonably be asserted as grounds to vacate transfer because, regardless of where this case is pending, the discovery will still be conducted by the attorneys in Louisiana and Texas.  Accordingly, transfer will not affect the cost of discovery or where it is conducted.

Plaintiff also contends his case will be "put on the back burner" if the case is transferred to MDL 875.  There is no indication that Plaintiff's claims will not be efficiently adjudicated by MDL 875. As this Panel has noted, "with respect to any party that believes the uniqueness of their particular situation renders inclusion of their action

in MDL 875 unnecessary or inadvisable, we are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to ensure their speedy return whenever he is convinced that retention in the MDL 875 proceeding is no longer needed." *In Re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1350 (Jud.Pan.Mult.Lit.-2001).

Finally, transfer to MDL 875 will not result in inconvenience to parties or witnesses simply because pretrial matters are transferred to the Eastern District of Pennsylvania. As this Panel noted at the creation of MDL 875:

> We remain sensitive to the concerns of some parties that § 1407 transfer will be burdensome or inconvenient. We note that since § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation*, Second, § 20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel, and the judiciary, thereby effectuating an overall savings of cost and a reduction of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation*, 385 F.Supp. 1253, 1255 (J.P.M.L.1974). Hopefully, combining such practices with a uniform case management approach will, in fact, lead to sizeable reductions in transaction costs (and especially in attorneys' fees).

*In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (Jud.Pan.Mult.Lit. 1991) (emphasis added).

The fact that a cause of action arose in Louisiana is simply not enough of a distinction for Multi-Panel litigation. If it were, then only cases in Pennsylvania would be pending before this Panel.

It is clear that transfer of Plaintiff's claim to MDL 875 will facilitate the convenience of the parties and witnesses involved. Accordingly, this prong of 28 U.S.C. § 1407 has been satisfied.

### C.   Transfer Will Promote the Just and Efficient Prosecution of This Claim

The provisions of 28 U.S.C. § 1407 requiring the promotion of just and efficient prosecution of this claim support the Panel's Conditional Transfer Order. As noted previously, inclusion of this case before MDL 875 for pretrial matters will avoid duplicative efforts in written discovery, depositions of fact and expert witnesses, and avoid inconsistent judicial rulings. Failure to transfer Plaintiff's case to MDL 875 could easily lead to conflicting judicial rulings between the *Fontenot, Jarrell* and *Bell* courts. Transfer is also necessary in order to prevent duplication of pretrial efforts, inconsistent rulings and waste of the MDL court's experience and expertise.

### III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that the Panel deny Plaintiff's Motion to Vacate Conditional Transfer Order 284 and transfer this case to the United States District Court for the Eastern District of Pennsylvania, MDL 875. The Plaintiff's case meets all of the statutory requirements for transfer enumeration in 28 U.S.C. § 1407. Based upon the numerous common questions of fact, the convenience to

the parties and witnesses involved, and the just and efficient prosecution of this action,

transfer to MDL 875 is warranted.

Submitted By:

*Tara E. Montgomery*

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Scott D. Huffstetler (#28615)
Allison N. Benoit (#29087)
Tara E. Montgomery (#29354)
KEAN MILLER HAWTHORNE
D'ARMOND McCOWAN & JARMAN, LLP
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, Louisiana 70821
Telephone:  (225) 387-0999

**Attorneys for Exxon Mobil Corporation and Chevron
U.S.A. Inc.**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 5 2007

FILED
CLERK'S OFFICE

## <u>CERTIFICATE OF SERVICE</u>

I DO HEREBY CERTIFY that a copy of the above and foregoing has been electronically filed with the Clerk of Court for the U. S. District Court Eastern District of Louisiana using the CM/ECF system. Notice of the filing will be sent to all counsel of record by operation of the court's electronic filing system.

I do hereby also certify that a true and correct copy of the above and foregoing was forwarded by U.S. Mail, postage prepaid, to the following:

Lawrence E. Abbott
Abbott, Simses & Kuchler
5100 Village Walk
Suite 200
Covington, LA 70433
**Attorneys for Union Carbide Corporation**

Michael H. Abraham
Abbott Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130
**Attorneys for Union Carbide Corporation**

Christine Changho Bruneau
Abbott Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130
**Attorneys for Union Carbide Corporation**

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114



Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Buckley Building, 7 Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Darnico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139
**Attorneys for Conoco Phillips and
Continental Oil Company**

Brian J. Engeron
Abbott Simses & Kuchler
400 Lafayette St., Ste. 200
New Orleans, LA 70130
**Attorneys for Union Carbide Corporation**

Raymond P. Forceno
Forceno & Harmon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ernest Foundas
Abbott Simses & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA  70130
**Attorneys for Union Carbide Corporation**

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33 Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Sarah E. Iiams
Abbott Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130
**Attorneys for Union Carbide Corporation**

Reginald S. Kramer
Oldharn & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

Deborah DeRoche Kuchler
Abbott Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130
**Attorneys for Union Carbide Corporation**

Mary S. Johnson
Johnson Gray McNamara, LLC
69150 Highway
190 East Service Road
Covington, LA 70433
**Attorneys for Hunt Oil Company**

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Jill Thompson Losch
Johnson, Gray, McNamara, LLC
69150 Highway 190, East Service Rd.
Covington, LA 70433
**Attorneys for Hunt Oil Company**

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

S. Suzanne Mahoney
Johnson, Gray, McNamara, LLC
650 Poydras St.
Suite 1905
New Orleans, LA 70130
**Attorneys for Hunt Oil Company**

Chadwick J. Mollere
Johnson Gray McNamara LLC
650 Poydras St.
Suite 1905
New Orleans, LA 70130
**Attorneys for Hunt Oil Company**

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd..
Mt. Pleasant, SC 29464

Barbara Ormsby
Forman Perry Watkins, et al
1515 Poydras, Ste. 1300
New Orleans, LA 70112
**Attorneys for Zapata Corporation**

Patrick W. Pendley
Pendley Law Firm
24110 Eden Street
P.O. Box 71
Plaquemine, LA 70765-0071
**Attorney for Plaintiff**

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Valerie M. Sercovich
Adams and Reese, LLP
One Shell Square
701 Poydras St., Suite 4500
New Orleans, LA 70139
**Attorneys for Conoco Phillips and**
**Continental Oil Company**

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15 Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Forrest Ren Wilkes
Forman, Perry, Watkins, Krutz & Tardy, LLP
1515 Poydras St., Suite 1300
New Orleans, LA 70112
**Attorneys for Zapata Corporation**

Jennifer D. Zajac
Abbott Simses & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA  70130
**Attorneys for Union Carbide Corporation**

Baton Rouge, Louisiana, on the __21__ day of September, 2007.

Tara E. Montgomery

32ND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA

NOLAN FONTENOT

VERSUS

CHEVRON USA INC., successor in interest to Texaco Oil Company and Gulf Oil Corporation;
JOHN W. SMITH AND ASSOCIATES, INC.; N L INDUSTRIES, INC., Successor in interest to
National Lead Company; UNION CARBIDE CORPORATION, Successor in interest to Union
Carbide and Carbon Corporation; CONOCO PHILLIPS COMPANY, Successor in interest to
Phillips Petroleum Company; CONTINENTAL OIL COMPANY; EXXON MOBIL
CORPORATION, Successor in interest to Zapata Drilling Inc;
HUNT OIL COMPANY, Successor in interest to Penrod Drilling Company and Penrod
Drilling Corporation.

**DAVID W. ARCENEAUX**

NO. 150874   DIV. **JUDGE-DIVISION D**

---

### PETITION

The petition of Noland Fontenot, a resident of the Parish of Caddo, State of Louisiana, with
respect represents:

1.

Made defendants herein are:

CHEVRON U.S.A. INC., ("Chevron"), a Pennsylvania corporation authorized to do and
doing business in the State of Louisiana with its registered agent for service of process
being The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA
70802-6129. The Defendant is a successor in interest to Texaco Oil Company and Gulf Oil
Corporation;

JOHN W. SMITH & ASSOCIATES, INC., ("Smith") a Louisiana corporation authorized to
do and doing business in the State of Louisiana with its registered agent for service of
process being John W. Smith & Associate, Inc., Box 339, Lockport, LA 70374

N L INDUSTRIES, INC., ("NL") a New Jersey corporation with its registered agent for
service of process being The Prentice-Hall Corporation System, Inc., 329 Somerulos St.,
Baton Rouge, LA 70802-6129. The defendant is a successor in interest to National Lead
Company;

UNION CARBIDE CORPORATION, ("Union Carbide'), a foreign corporation authorized
to do and doing business in the State of Louisiana, with its registered agent for service of
process being C T Corporation, 320 Somerulos St., Baton Rouge, LA 70802-6129. The
Defendant is a successor in interest to Union Carbide and Carbon, Corp.;

CONOCO PHILLIPS COMPANY, ("Conoco"), a Delaware corporation, authorized to do
and doing business in the State of Louisiana, with its registered agent for service of process
being United States Corporation Comppany, 320 Somerulos St., Baton Rouge, LA 70802-
6129. The Defendant is a successor in interest to Phillips Petroleum Company;

CONTINENTAL OIL COMPANY, ("Continental"), a Delaware corporation, authorized to

EXHIBIT

A

do and doing business in the State of Louisiana with its registered agent for service of process being Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129

EXXON MOBIL CORPORATION, ("Exxon"), a New Jersey corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129;

ZAPATA CORPORATION, ("Zapata"), a Nevada corporation not authorized to do business in the State of Louisiana with its registered agent for service of process being John P. Fowler, 6100 Neil Road Ste. 500, Reno, Nevada, 89511-1149. The defendant is a successor in interest to Zapata Drilling Inc.

HUNT OIL COMPANY, ("Hunt"), a Delware corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The defendant is a successor in interest to Penrod Drilling Company and Penrod Drilling Corporation.

each of whom are justly and truly indebted, in solido, unto the Plaintiff, Noland Fontenot, for such amount of money as will reasonably compensate plaintiff for all his damages and injuries, as hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00

3.

Sometime around 1964, Noland Fontenot was an employee of "Smith" inter alia, on an inland barge owned, leased or chartered. During that time, Noland Fontenot worked as a roughneck and was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and operation of the drilling vessel.

4.

In the process of mixing drilling mud, Noland Fontenot was required to handle asbestos fibers which were utilized in thickening the drilling mud during the drilling process, including the moving of sacks of raw asbestos, dumping raw asbestos into a "chemical hopper which was located in the mud room of the vessel". Noland Fontenot was also required to move and stack the 50 pound bags of raw asbestos, and frequently worked in an enclosed environment where substantial asbestos dust was present in the air as a result of the chemical mixing process.

5.

From 1966 until 1978, while working, inter alia, in Terrebonne Parish Noland Fontenot was employed by Baroid, a division of N L Industries, Inc. as a mud engineer on drilling marine vessels from semi submersibles to jackups, namely, " Zapata Endeavor" and certain Penrod

Page 2

marine vessels". It was the responsibility of Noland Fontenot in his capacity as a mud engineer to oversea the mixing and thickening of the drilling mud. During that time he was frequently in the mud rooms of the drilling rigs, thereby exposed to the chemical compounds being added to the drilling mud stream.

6.

From 1966 until sometime around 1977, while working on the aforesaid vessels as a mud engineer, Noland Fontenot was constantly subjected to an unreasonably dangerous condition which rendered the above named vessels unseaworthy in that he was heavily exposed to asbestos fibers floating in the air of the mud room.

7.

That part of his duties for "N L" was the supervision of the mixing of drilling mud which contained raw asbestos fibers so that it could be mixed in the drilling mud for the purpose of thickening the drilling mud.

8.

The Defendants, "Chevron", "Conoco", "Continental", "Exxon", and "Union Carbide", "Hunt" "Smith" and "Zapata" and through their agents, specified the chemicals and ingredients used in the drilling mud and required that asbestos be used during the drilling process to facilitate the drilling process. The aforementioned Defendants, not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel on a constant basis. Noland Fontenot and others who were working on the marine vessels were exposed to this dust containing asbestos fibers on a daily and constant basis.

9.

The Defendants named hereinabove knew or should have known of the unreasonable risk of bodily injury to Noland Fontenot or others working on the vessels at issue in this litigation, but, despite that knowledge, failed to adequately warn Noland Fontenot and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the aforesaid vessels.

10.

"Baroid", a division of "N L" produced the asbestos fibers for use by on the drilling rigs, inland barges and/or other vessels operated by those companies. "Baroid" knew or should have

Page 3

known at the time that they were mining and/or marketing the asbestos that the use of and storage of asbestos would pose an unreasonable risk of serious bodily injury to Noland Fontenot or others working on the vessels.

11.

At no time during his employment did the defendants advise Noland Fontento or his co-workers of the dangers and hazards of breathing asbestos fibers.

12.

As a direct and proximate result of the Noland Fontenot's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessels owned and/or operated by the defendants, "Chevron", "Exxon", "Conoco", "Continental", "Union Carbide", "Smith", "Hunt", and "Zapata" Noland Fontenot suffered serious and permanent injuries from the inhalation of asbestos fibers.

13.

Plaintiff alleges that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by "Exxon", "Conoco", "Continental", "Union Carbide", "Smith", "Hunt", "Zapata" and "Chevron".

14.

The negligence of the defendants includes, but is not limited to:

a)   Failure to provide Noland Fontenot with a safe place to work;

b)   Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c)   Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Noland Fontenot from inhaling asbestos dust and fibers;

d)   Requiring Noland Fontenot to handle raw asbestos fibers without proper safety equipment or warning;

e)   By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Noland Fontenot and to his co-workers;

f)   Other acts of negligence and/or fault which may be established through discovery

and presented at the time of trial;

g)      Generally the failure of the Defendants to act with the required degree of care

commensurate with the existing situation.

15.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned

negligence of the defendants that Noland Fontenot  has suffered severe and permanent injuries

including injuries to his lungs, which has caused him to incur physical injury, physical pain and

suffering mental anguish and distress, and loss of enjoyment of life in the future for which he is

entitled to be compensated by the Defendants in an amount which is just and reasonable in the

premises.

16.

Plaintiffs would show that the vessels  were unseaworthy in the following non-exclusive

respects:

a)      Failure to provide a safe working environment which would have prevented

Noland Fontenot from being exposed to asbestos fibers and asbestos dust;

b)      Failure to provide safety equipment to prevent Noland Fontenot from having to

inhale asbestos fibers and dust; and,

c)      Other items of unseaworthy conditions which may be established through

discovery and shown at the time of trial of this matter.

17.

Plaintiffs brings this suit under the Jones Act, 46 U.S.C. 688, the General Maritime Law

pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of

Louisiana.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton,

malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless

disregard for the rights of the Plaintiffs.  Accordingly, the Plaintiffs are entitled to recover

punitive damages from the Defendants, jointly and severally and in solido in an amount to be

determined at the trial of this matter, where such punitive damages are allowed by law.

WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer

Page 5

this petition and that after due proceedings are had, that the Plaintiff be awarded judgment in his  favor and against the Defendants, jointly,  severally and in solido, as follows:

I.   For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff, if applicable;

II.   For compensatory damages for past, present and future physical pain and suffering, if applicable;

III.   For compensatory damages for emotional distress suffered by Plaintiff;

IV.   For punitive damages;

V.   For legal interest on any amount so awarded from date of judicial demand until paid;

VI.   For all reasonable costs of court and expert witness fees; and

VII.   For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEY:

PATRICK W. PENDLEY (LSBA # 10421)
PENDLEY, BAUDIN & COFFIN
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398
E-MAIL: pwpendley@pbclawfirm.com

FILED

MAR 2 2 2007
/s/ Carla O. Ledet

Deputy Clerk of Court
Parish of Terrebonne, LA

**PLEASE SERVE DEFENDANTS:**

**CHEVRON U.S.A.INC.**, Pennsylvania corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA 70802-6129;

**JOHN W. SMITH & ASSOCIATES, INC.**, a Louisiana corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being John W. Smith & Associate, Inc., Box 339, Lockport, LA 70374

**N L INDUSTRIES, INC.**, a New Jersey corporation with its registered agent for service of process being The Prentice-Hall Corporation System, Inc., 329 Somerulos St., Baton Rouge, LA 70802-6129;

**UNION CARBIDE CORPORATION**, a foreign corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation, 320 Somerulos St., Baton Rouge, LA 70802-6129 A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA

Page 6

LA. _MAR 2 7 2007_ , 20__

BY _____
Deputy Clerk of Court

**CONOCO PHILLIPS COMPANY**, , a Delaware corporation, authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being United States Corporation Comppany, 320 Somerulos St., Baton Rouge, LA 70802-6129;

**CONTINENTAL OIL COMPANY**, a Delaware corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129

**EXXON MOBIL CORPORATION**, , a New Jersey corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129;

**HUNT OIL COMPANY**, , a Delware corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

**VIA LONG ARM STATUTE:**

**ZAPATA CORPORATION**, a Nevada corporation not authorized to do business in the State of Louisiana with its registered agent for service of process being John P. Fowler,6100 Neil Road Ste. 500, Reno, Nevada, 89511-1149.

32ND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA

| | | |
|---|---|---|
| NOLAN FONTENOT | * | NUMBER 150874 |
| | * | |
| VERSUS | * | DIVISION D |
| | * | |
| CHEVRON USA INC., successor in interest to | * | |
| Texaco Oil Company and Gulf Oil Corporation; | * | |
| JOHN W. SMITH AND ASSOCIATES, INC.; | * | |
| N L INDUSTRIES, INC., Successor in interest | * | |
| to National Lead Company; UNION CARBIDE | * | |
| CORPORATION, Successor in interest to Union | * | |
| Carbide and Carbon Corporation; CONOCO | * | |
| PHILLIPS COMPANY, Successor in interest to | * | |
| Phillips Petroleum Company; CONTINENTAL | * | |
| OIL COMPANY; EXXON MOBIL | * | |
| CORPORATION; ZAPATA CORPORATION, | * | |
| Successor in interest to Zapata Drilling Inc.; | * | |
| HUNT OIL COMPANY, Successor in interest | * | |
| to Penrod Drilling Company and Penrod | * | |
| Drilling Corporation | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL AND AUTOMATIC STAY OF
## STATE COURT PROCEEDINGS PURSUANT TO 28 U.S.C. § 1446(d)

TO:   Clerk of Court
      32nd Judicial District Court
      Parish of Terrebonne
      State of Louisiana

      Mr. Patrick W. Pendley
      PENDLEY LAW FIRM
      P. O. Drawer 71
      Plaquemine, LA 70765
      *Counsel for Plaintiff*

      McGready L. Richeson
      Abbott, Simses & Kuchler
      400 Lafayette Street, Suite 200
      New Orleans, LA 70130
      *Counsel for Union Carbide Corporation*

      Kathleen F. Drew
      Valeria Sercovich
      Adams & Reese
      One Shell Square
      701 Poydras Street, Suite 4500
      New Orleans, LA 70139
      *Counsel for Conoco Phillips Company and
      Continental Oil Company*

      Mary S. Johnson
      Chad J. Mollere
      Johnson, Gray, McNamara, LLC
      69150 Highway 190 East Service Road
      Covington, Louisiana 70433
      *Counsel for Hunt Oil Company*

EXHIBIT
B
tabbies®

**NL Industries, Inc.**
*Through their national counsel:*
Lawrence S. Sher
Blank Rome, LLP
Watergate
600 New Hampshire Avenue, NW
Washington, DC  20037

**Zapata Corporation**
*Through their national counsel:*
Gregory G. Broikos
700 Crossroads Building
2 State Street
Rochester, NY  14614

**PLEASE TAKE NOTICE** that Chevron U.S.A., Inc. and Exxon Mobil Corporation, pursuant to 28 U.S.C. § 1441, *et seq.*, on the 3rd day of May, 2007, filed in the United States District Court in and for the Eastern District of Louisiana, a Notice of Removal of the above entitled cause from the Thirty-Second Judicial District Court, Terrebonne Parish, State of Louisiana.  A copy of the Notice of Removal is attached.

Submitted by:

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Scott D. Huffstetler (#28615)
Tara E. Montgomery (#29354)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
    McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, Louisiana 70821
Telephone:  (225) 387-0999

*Attorneys for Chevron U.S.A., Inc. and
Exxon Mobil Corporation*

FILED

MAY − 3 2007

Deputy Clerk of Court
Parish of Terrebonne, La.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal and Automatic Stay has been forwarded, via facsimile, and/or by U. S. Mail, postage prepaid, to the following:

Mr. Patrick W. Pendley
PENDLEY LAW FIRM
P. O. Drawer 71
Plaquemine, LA 70765

McGready L. Richeson
Abbott, Simses & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

Kathleen F. Drew
Valeria Sercovich
Adams & Reese
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139

Mary S. Johnson
Chad J. Mollere
Johnson, Gray, McNamara, LLC
69150 Highway 190 East Service Road
Covington, Louisiana 70433

**NL Industries, Inc.**
*Through their national counsel:*
Lawrence S. Sher
Blank Rome, LLP
Watergate
600 New Hampshire Avenue, NW
Washington, DC 20037

**Zapata Corporation**
*Through their national counsel:*
Gregory G. Broikos
700 Crossroads Building
2 State Street
Rochester, NY 14614

Baton Rouge, Louisiana, this 3rd day of May, 2007.

_____
Scott D. Huffstetler

FILED

MAY - 3 2007

/s/ ~~Theresa M. Carter~~
Deputy Clerk of Court
Parish of Terrebonne, La.

## UNITED STATES DISTRICT COURT
## CIVIL COVER SHEET

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| 1.(a) PLAINTIFFS NOLAN FONTENOT | DEFENDANTS CHEVRON U.S.A., INC. and EXXON MOBIL CORPORATION |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)  Caddo Parish, LA | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Pennsylvania  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c)    Attorneys (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)  Mr. Patrick W. Pendley    PENDLEY LAW FIRM  P. O. Drawer 71  Plaquemine, LA 70765  (225) 687-6396 | ATTORNEYS (IF KNOWN)  Gary A. Bezet  Barrye P. Miyagi  Scott D. Huffstetler    KEAN MILLER, et al,  P. O. Box 3513,  Baton Rouge, LA 70821-3513  (225) 387-0999 |

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| 1. | U.S. Government Plaintiff | 3, | FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY) | Citizen of This State | X | Incorporated or Principal Place of Business in this State | | |
| 2. | U.S. GOVERNMENT Defendant XXXX | 4. | DIVERSITY (Indicate Citizenship of Parties in Item 11) | Citizen of Another State | X | Incorporated and Principal Place of Business in Another State | | X |
| | | 5. | 28 U.S.C. 1442(a) | Citizen or Subject of a Foreign Country | | Foreign Nation | | |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| 1. Original Proceeding | X 2. Removed from State Court | 3. Remanded from Appellate Court | 4. Reinstated or Reopened | 5. Transferred from Another District (specify) | 6. Multidistrict Litigation | 7. Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110  Insurance  120  Marine  130  Miller Act  140  Negotiable Instrument  150  Recovery of Overpayment & Enforcement of Judgment  151  Medicare Act  152  Recovery of Defaulted Student Loans (Excl. Veterans)  153  Recovery of Overpayment of Veterans Benefits  160  Stockholders Suits  190  Other Contract  195  Contract Product Liability    **REAL PROPERTY**  210  Land Condemnation  220  Foreclosure  230  Rent Lease & Ejectment  240  Torts to Land  245  Tort Product Liability  290  All Other Real Property | **PERSONAL INJURY**  310  Airplane  315  Airplane Product Liability  320  Assault, Libel & Slander  330  Federal Employers' Liability  340  Marine  345  Marine Product Liability  350  Motor Vehicle  355  Motor Vehicle Product Liability  360  Other Personal Injury    **CIVIL RIGHTS**  441  Voting  442  Employment  443  Housing/ Accommodations  444  Welfare  440  Other Civil Rights | **PERSONAL INJURY**  362  Personal Injury — Medical Malpractice  365  Personal Injury — Product Liability  XXX 368  Asbestos Personal Injury Product Liability    **PERSONAL PROPERTY**  370  Other Fraud  371  Truth in Lending  380  Other Personal Property Damage  385  Property Damage Product Liability    **PRISONER PETITIONS**  510  Motions to Vacate Sentence HABEAS CORPUS:  530  General  535  Death Penalty  540  Mandamus & Other  550  Civil Rights  555  Prison Condition | 610  Agriculture  620  Other Food & Drug  625  Drug Related Seizure of Property 21 USC 881  630  Liquor Laws  640  R.R. & Truck  650  Airline Regs.  660  Occupational Safety/Health  690  Other    **LABOR**  710  Fair Labor Standards Act  720  Labor/Mgmt Relations  730  Labor/Mgmt. Reporting & Disclosure Act  740  Railway Labor Act  790  Other Labor Litigation  791  Empl. Ret. Inc. Security Act | 422  Appeal 28 USC 158  423  Withdrawal 28 USC 157    **PROPERTY RIGHTS**  820  Copyrights  830  Patent  840  Trademark    **SOCIAL SECURITY**  861  HIA (1395ff)  862  Black Lung (923)  863  DIWC/DIWW (405(g))  864  SSID (Title XVI)  865  RSI (405(g))    **FEDERAL TAX SUITS**  870  Taxes (U.S. Plaintiff or Defendant)  871  IRS — Third Party 26 USC 7609 | 400  State Reapportionment  410  Antitrust  430  Banks and Banking  450  Commerce/ICC Rates/etc.  460  Deportation  470  Racketeer Influenced and Corrupt Organizations  810  Selective Service  850  Securities/Commodities/Exchange  875  Customer Challenge 12 USC 3410  891  Agriculture Acts  892  Economic Stabilization Act  893  Environmental Matters  894  Energy Allocation Act  895  Freedom of Information Act  900  Appeal of Fee Determination Under Equal Access to Justice  950  Constitutionality of State Statutes  990  Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U. S. C. § 1332; parties are diverse and amount in controversy exceeds $75,000.00

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint JURY DEMAND:   Yes    No XXX |
|---|---|---|---|

| VIII. RELATED CASE(S) (See instructions): IF ANY | JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE  5/3/2007 | SIGNATURE OF ATTORNEY OF RECORD  Scott Huffstetler | **FILED** |
|---|---|---|

For Office Use Only

MAY -3 2007

ATTACHMENT E

| RECEIPT #_____ | AMOUNT _____ | APPLYING IFP _____ | JUDGE _____ | |
|---|---|---|---|---|

Deputy Clerk of Court
Parish of Terrebonne, La.

1161285_1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NOLAN FONTENOT** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. _____** |
| | * | |
| **CHEVRON USA INC.**, successor in interest to | * | **SECTION \_\_\_\_\_** |
| Texaco Oil Company and Gulf Oil Corporation; | * | |
| JOHN W. SMITH AND ASSOCIATES, INC.; | * | |
| N L INDUSTRIES, INC., Successor in interest | * | |
| to National Lead Company; UNION CARBIDE | * | |
| CORPORATION, Successor in interest to Union | * | |
| Carbide and Carbon Corporation; CONOCO | * | |
| PHILLIPS COMPANY, Successor in interest to | * | |
| Phillips Petroleum Company; CONTINENTAL | * | |
| OIL COMPANY; EXXON MOBIL | * | |
| CORPORATION; ZAPATA CORPORATION, | * | |
| Successor in interest to Zapata Drilling Inc.; | * | |
| HUNT OIL COMPANY, Successor in interest | * | |
| to Penrod Drilling Company and Penrod | * | |
| Drilling Corporation | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441, and further

based on the grounds set forth in this Notice of Removal, Chevron U.S.A., Inc. (hereinafter

"Chevron") and Exxon Mobil Corporation (hereinafter "Exxon") hereby jointly remove the

action entitled *"Nolan Fontenot v. Chevron U.S.A., Inc., et al.,"* No. 150,874 on the docket of the

32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana to the United States

District Court for the Eastern District of Louisiana.  Venue is proper in the Eastern District of Louisiana because the Parish of Terrebonne is within the territorial jurisdiction of this Honorable Court.  In support of their Notice of Removal, Chevron and Exxon aver as follows:

1.

Plaintiff filed this matter on March 22, 2007 in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.   The state court action was assigned Docket No. 150874, Division D.

2.

On April 3, 2007, Chevron was served, through its registered agent, with a copy of the Petition filed by Plaintiff, Nolan Fontenot, in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, Docket No. 150874, Division D.

3.

On April 3, 2007, Exxon was served, through its registered agent, with a copy of the Petition filed by Plaintiff, Nolan Fontenot, in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, Docket No. 150874, Division D.

4.

Plaintiff sued nine (9) different defendants in different capacities for alleged occupational exposure to asbestos fibers while he worked as a roughneck and/or mud engineer.  Plaintiff's Petition alleged, *inter alia,* that he was exposed to products containing asbestos from "sometime around 1964" through "sometime around 1977."  Petition, ¶¶ 3, 6.  Plaintiff's Petition states that this action is being brought "under the Jones Act, 46 U.S.C. 688, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C.  § 1333 and the laws of the State of Louisiana."  Petition, ¶ 17.

5.

For the reasons set forth below, this Court has subject matter jurisdiction over this action. The suit is, therefore, is removable pursuant to 28 U.S.C. § 1441, *et seq.*

## FEDERAL DIVERSITY JURISDICTION

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction). The captioned matter is a suit between citizens of different states and the amount in controversy for Plaintiff's claim exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.[1] The suit is, therefore, removable pursuant to 28 U.S.C. § 1441, *et seq.*

### Complete Diversity of Citizenship

7.

Plaintiff is an individual claiming to be an adult resident of Caddo Parish, Louisiana. Petition, Intro. ¶.

8.

Chevron U.S.A., Inc. is now, and was at the commencement of this litigation, a Pennsylvania corporation with its principal place of business outside the State of Louisiana. The principal place of business of Chevron U.S.A., Inc. is located in the State of California.

9.

Exxon Mobil Corporation is now, and was at the commencement of this litigation, a New Jersey corporation with its principal place of business outside the State of Louisiana. The principal place of business of Exxon Mobil Corporation is located in the State of Texas.

---

[1] The removing parties deny any liability to Plaintiff whatsoever.

10.

Union Carbide Corporation is now, and was at the commencement of this litigation, a New York corporation with its principal place of business outside the State of Louisiana. The principal place of business of Union Carbide Corporation is located in the State of Texas.

11.

Conoco Phillips Company is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the State of Louisiana. The principal place of business of Conoco Phillips Company is located in the State of Texas.

12.

Continental Oil Company is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the State of Louisiana. The principal place of business of Continental Oil Company is located in the State of Texas.

13.

Upon information and belief, Zapata Corporation is now, and was at the commencement of this litigation, a Nevada corporation with its principal place of business outside the State of Louisiana. The principal place of business of Zapata Corporation is located in the State of New York.

14.

Hunt Oil Company is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside the State of Louisiana. The principal place of business of Hunt Oil Company is located in the State of Texas.

15.

In his Petition, Plaintiff alleged that John W. Smith & Associates ("Smith") is "a Louisiana corporation authorized to do and doing business in the State of Louisiana. . ." Petition, ¶ 1. However, for reasons set forth below, Smith's domicile should be ignored.

16.

In his Petition, Plaintiff alleged that N L Industries, Inc. ("NL Industries") is "a New Jersey corporation." Petition, ¶ 1. Upon information and belief, the principal place of business of NL Industries is located in the State of Texas. For reasons set forth below, NL Industries should be ignored for purposes of this removal.

**Improper Joinder**

17.

For purposes of determining diversity of citizenship, and for purposes of evaluating this removal, Smith should be ignored and it is not required to join in this Notice of Removal because it was improperly joined as a defendant. *See, Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568 (5th Cir.2004) (en banc) (Although courts may be more familiar with the term fraudulent joinder, the Fifth Circuit determined in *Smallwood* that the proper term is "improper joinder" rather than "fraudulent joinder.").

18.

For purposes of determining diversity of citizenship, and for purposes of evaluating this removal, NL Industries should be ignored and it is not required to join in this Notice of Removal because it was improperly joined as a defendant.

19.

Plaintiff's Petition alleged that, during the dates in question, his employers for purposes of the Jones Act were Smith and Baroid, allegedly a division of NL Industries. However, as shown below, there is no possibility that Plaintiff would be able to establish a cause of action under the Jones Act against Smith or NL Industries. Both are improperly joined.

20.

There is no possibility that Plaintiff would be able to establish a cause of action against Smith based on the following.

First, according to information available from the Louisiana Secretary of State, Smith's agent for service of process resigned in 1979 and its corporate status was revoked in 1982. To date, the Clerk of Court for the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana reports that service cannot be made on Smith at the address provided by Plaintiff in his Petition. Further, the undersigned called directory assistance, and the operator reported there is no telephone listing for Smith in Lockport, Louisiana or the State of Louisiana. Based on all of the foregoing, it appears that Smith no longer exists and thus, is not a proper party in this case. A copy of the Louisiana Secretary of State Detailed Record for Smith is attached as Exhibit "A."

Second, in his Petition, Plaintiff alleged he was employed by Smith "sometime around 1964." Petition, ¶ 3. Upon information and belief, Plaintiff could not have been exposed to asbestos while employed by Smith in the manners alleged in his Petition because prior to 1964, no drilling mud additives contained asbestos as an ingredient.

21.

There is no possibility that Plaintiff would be able to establish a cause of action against NL Industries based on the following.

First, on April 20, 2007, Plaintiff filed a motion in this proceeding with the Clerk of Court for the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana asking that NL Industries be dismissed because it was "inadvertently sued." A copy of this motion is attached as Exhibit "B." The state court granted Plaintiff's motion on April 30, 2007 and NL Industries is no longer a defendant in this case.

Second, even if the Court had not dismissed NL Industries, there is still no reasonable possibility that Plaintiff could have stated a cause of action against NL Industries based on the allegations made. In his Petition, Plaintiff alleged he was employed by Baroid from 1966 until 1978 and that Baroid is a division of NL Industries. However, upon information and belief, Plaintiff's is enjoined from filing suit based on his claims against Baroid. Baroid/NL Industries has either filed for bankruptcy and/or is protected by an automatic stay. These entities are protected pursuant to the bankruptcy.

Upon information and belief, Plaintiff's claims against Baroid must be made against the Asbestos PI Trust. Moreover, pursuant to court order, Plaintiff may not file suit against any entity based on the allegations made against Baroid, but instead is required to go through the Asbestos PI Trust and follow its internal procedures for setting forth a claim. *See, In re Mid-Valley, Inc., et al. and DII Industries LLC*, Case No. 03-35592-JKF, United States Bankruptcy Court, Western District of Pennsylvania. Accordingly, NL Industries/Baroid is a "nominal party" and is not a proper defendant.

22.

Because Plaintiff has no arguable reasonable basis for stating a cause of action against Smith or NL Industries, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction).

## Amount In Controversy Exceeds $75,000

### 23.

In his Petition, Plaintiff alleged the amount in controversy exceeds the sum of $75,000.00. Petition, ¶ 2.

### 24.

Plaintiff further alleged that he "suffered serious and permanent injuries from the inhalation of asbestos fibers." Petition, ¶ 12.

### 25.

Plaintiff further clarified that he asserts a damage claim for the following particulars:

A.  Compensatory damages for all medical expenses incurred and to be incurred in the future;

B.  Compensatory damages for past, present and future physical pain and suffering;

C.  Compensatory damages for emotional distress;

D.  Punitive damages;

E.  Legal interest on any amount so awarded from date of judicial demand until paid; and

F.  Costs of court and expert witness fees.

Petition, Prayer for Relief.

### 26.

Chevron and Exxon deny liability to Plaintiff in any amount whatsoever; however, Chevron and Exxon assert that, due to the nature and extent of injuries claimed, and the damages sought, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

27.

In compliance with 28 U.S.C. § 1446(a), a copy of Plaintiff's Petition, along with all other papers received by Chevron and/or Exxon, or otherwise filed in State Court are attached hereto as Exhibit "C."

28.

Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of April 3, 2007, the date that Chevron, Exxon, Conoco Phillips Company, Continental Oil Company, Hunt Oil Company, NL Industries and Union Carbide Corporation were served. Zapata Corporation was served on April 10, 2007 under Louisiana's long-arm statute. To date, Smith has not been served. Therefore, this Notice of Removal is timely filed.

29.

Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

30.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the 32nd Judicial District Court of the Parish of Terrebonne, State of Louisiana, as required by the provisions of 28 U.S.C. § 1446(d). Chevron and Exxon are providing the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana written notice of this removal and has requested that the Clerk of that Court forward a certified copy of the State Court record in this matter to this Court.

31.

Defendants, Conoco Phillips Company, Continental Oil Company, Hunt Oil Company, Union Carbide Corporation and Zapata Corporation have consented to this Notice of Removal as

verified by the attached Consents to Removal. Because Smith and NL Industries were improperly joined, they need not join in the consent to the removal. Further, because Smith has not been served, it need not, and cannot, join in the consent to the removal. Further, these defendants submit that Smith is a nominal party, and therefore, its consent to remove is not necessary. However, out of an abundance of caution, and even though it was improperly joined, NL Industries signed a Consent to Removal and it is included with the other Consents to Removal. Thus, all served defendants have consented to this removal. *See*, Exhibit "D," *in globo*.

32.

A copy of this Notice of Removal has been served on counsel for Plaintiff.

**WHEREFORE**, Chevron U.S.A., Inc. and Exxon Mobil Corporation hereby remove this action to this Honorable Court.

Submitted by:

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Scott D. Huffstetler (#28615)
Tara E. Montgomery (#29354)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
  McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, Louisiana 70821
Telephone: (225) 387-0999

*Attorneys for Chevron U.S.A., Inc. and Exxon Mobil Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been forwarded, via facsimile, and/or by U. S. Mail, postage prepaid, to Plaintiff's counsel and via electronic mail to all known counsel of record.

Baton Rouge, Louisiana, this 3rd day of May, 2007.

_____
Scott D. Huffstetler

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NOLAN FONTENOT, | * | CIVIL ACTION |
|             Plaintiff, | * | CASE NO.: 07-cv-02764 |
| VS. | | |
| | * | SECTION L (5) |
| CHEVRON USA, INC., ET AL. | * | JUDGE ELDON E. FALLON |
|            Defendants. | | |
| * * * * * * * * * * * * * | * | MAGISTRATE ALMA L. CHASEZ |
| | * | |

## NOTICE OF TAG ALONG ACTION

PLEASE TAKE NOTICE THAT, on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in the federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5 provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.



EXHIBIT
C

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of that Panel may either: (1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or (2) file an order to show cause why the action should not be transferred, pursuant to MDL Rules 7.5(c) and 7.3.

Respectfully Submitted,

**ABBOTT, SIMSES & KUCHLER, PLC**

Lawrence E. Abbott, T.A. (La. Bar No. 2276)
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Sarah E. Iiams, T.A. (La. Bar No. 22418)
McGready L. Richeson, T.A. (La. Bar No. 29398)
Christine Changho Bruneau (La. Bar No. 25366)
Michael H. Abraham (La. Bar No. 22915)
Ernest G. Foundas (La. Bar No. 24419)
Jennifer D. Zajac (La. Bar No. 28564)
400 Lafayette Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933

and

Kevin Jordan, T.A. (La. Bar No. 30572)
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77001
Telephone (713) 229-1234
Facsimile (713) 229-1522
**Attorneys for Defendant,**
**Union Carbide Corporation**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the Notice of Tag-Along Action, Notice of Removal, including the Original Petition for Damages, have been sent via overnight mail to:

The Honorable Michael J. Beck
Clerk, Multidistrict Judicial Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

I further certify that a copy of the Notice of Tag-Along Action, including attachments, was sent via U.S. Mail, First Class Postage Prepaid and properly addressed to:

Patrick W. Pendley, Esquire
Pendley, Baudin & Coffin, LLP
P.O. Drawer 71
Plaquemine, LA 70764-0071
**Attorney for Plaintiff**

Gary A. Bezet (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Scott D. Huffstetler (#28615)
Tara E. Montgomery (#29354)
Kean, Miller, Hawthorne, D'Armond,
McCowan & Jarman
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513
**Attorneys for Chevron USA Inc. and**
**Exxon Mobil Corporation**

Valerie M. Sercovich (#24642)
Kathleen F. Drew (#5079)
Adams & Reese, LLP
4500 One Shell Square
New Orleans, Louisiana 70139
**Attorneys for ConocoPhillips and**
**Continental Oil Company**

Mary S. Johnson (#17647)
Jill T. Losch (#20664)
Johnson Gray McNamara, LLC
69150 Highway 190 East Service Road
Covington, LA 70433

and

Chad J. Mollere (#26427)
S. Suzanne Mahoney (#24536)
Johnson Gray McNamara, LLC
650 Poydras St., Suite 1905
New Orleans, LA 70130
**Attorneys for Hunt Oil Company**


I hereby certify to the above on this _____ day of July, 2007.

Christine Changho Bruneau, Esquire

19ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO: 537873   DIVISION " "   SECTION NO: 26

DANIEL W. MELFORD, SR.

VERSUS

PETER TERRITO; REILLY-BENTON, INC.; EAGLE, INC;
MCCARTYCORPORATION; TAYLOR-SEIDENBACH, INC.;UNIROYAL, INC.;
OWENS- ILLINOIS, INC.; GARLOCK INC.; RAPID AMERICAN CORPORATION;
FOSTER WHEELER CORPORATION; MURPHY EXPLORATION AND
PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL AND GAS CO.; NOBLE
DRILLING COMPANY; UNION CARBIDE COMPANY, as successor to UNION
CARBIDE CHEMICALS AND PLASTICS COMPANY INC., as successor to UNION
CARBIDE CORPORATION, as successor to UNION CARBIDE AND CARBON
CORPORATION; CONOCOPHILLIPS COMPANY, as successor to PHILLIPS
PETROLEUM COMPANY and/or PHILLIPS CHEMICAL HOLDING COMPANY, as
successor to DRILLING SPECIALTIES COMPANY; MONTELLO, INC.; GULF OIL
CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO CHEVRON U.S.A. INC.;
NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND AVONDALE INDUSTRIES,
INC.; TRAVELERS INSURANCE COMPANY; ONE BEACON RISK MANAGEMENT,
INC., as successor to COMMERCIAL UNION RISK MANAGEMENT, INC., as successor
to COMMERCIAL UNION INSURANCE CO., AND SHELL OIL COMPANY

FILED: _____      _____
                                              DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, comes petitioner DANIEL W.

MELFORD, SR., hereinafter referred to as "Petitioner," is a lawfully resident of Crown Point,

Louisiana, who for a cause of action respectfully represents the following:

1.

Made Defendant is PETER TERRITO, (hereinafter "Avondale Executive Officer"), who,

for all pertinent times was an executive officer of Avondale Industries, Inc. with the specific

responsibility for the health and safety of Petitioner Daniel W. Melford, Sr., and his fellow

employees during the time Mr. Melford was exposed to the substances which resulted in his

asbestos-related diseases, including but not limited to asbestosis and mesothelioma.

2.

Made Defendant, REILLY-BENTON, INC., (hereinafter "Supplier Defendant"), is a

Louisiana based corporation licensed to do business and/or is doing business in the State of

Louisiana.

FAX COPY FILED 11·8·05
ORIGINAL FILED 11·9·05



3.

Made Defendant, EAGLE, INC. (formerly Eagle Asbestos and Packing Company), (hereinafter "Supplier Defendant"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana.

4.

Made Defendant, MCCARTY CORPORATION, (hereinafter "Supplier Defendant"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana and whose principal business establishment is East Baton Rouge Parish.

5.

Made Defendant, TAYLOR-SEIDENBACH, INC., (hereinafter "Supplier Defendant"), is a Louisiana based corporation licensed to do business and/or is doing business in the State of Louisiana.

6.

Made Defendant, UNIROYAL, INC, (hereinafter "Asbestos Manufacturer Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

7.

Made Defendant, OWENS-ILLINOIS, INC., (hereinafter "Asbestos Manufacturer Defendant") is a corporation organized under the laws of the State of Delaware which for all times pertinent hereto was doing business within the jurisdiction of this court.

8.

Made Defendant, GARLOCK INC., (hereinafter "Asbestos Manufacturer Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

9.

Made Defendant, RAPID AMERICAN CORPORATION (formerly known as Philip-Carey, Inc.), (hereinafter "Asbestos Manufacturer Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

2

10.

Made Defendant, FOSTER WHEELER CORPORATION, (hereinafter "Boiler Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

11.

Made Defendant, MURPHY EXPLORATION & PRODUCTION CO., AS SUCCESSOR TO ODECO OIL AND GAS CO. AND ODECO, INC., (hereinafter "Vessel Owner Defendant"), is a corporation organized under the laws of the State of Delaware which for all times pertinent hereto was doing business in Louisiana within the jurisdiction of this court.

12.

Made defendant herein is NOBLE DRILLING COMPANY, (hereinafter referred to as ("Premise Owner Defendant"), is a corporation organized under the laws of the State of Delaware and which is doing business with its principal business establishment in East Baton Rouge Parish.

13.

Made defendant herein is UNION CARBIDE CORPORATION, as successor to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY INC., as successor to UNION CARBIDE CORPORATION, as successor to UNION CARBIDE AND CARBON CORPORATION, (hereinafter "Manufacturing Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

14.

Made Defendant, CONOCOPHILLIPS COMPANY, as successor to PHILLIPS PETROLEUM COMPANY and/or PHILLIPS CHEMICAL HOLDING COMPANY, as successor to DRILLING SPECIALTIES COMPANY, (hereinafter referred to as "Asbestos Manufacturer Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

15.

Made Defendant, MONTELLO, INC., (hereinafter referred to as "Supplier Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

3

16.

Made Defendant, GULF OIL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO CHEVRON U.S.A. INC., (hereinafter "Vessel Owner Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

17.

Made Defendant, NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC. AND AVONDALE INDUSTRIES, INC., (hereinafter "Premises Owner Defendant"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

18.

Made Defendant, TRAVELERS INSURANCE COMPANY, a foreign insurance company authorized to do and doing business in the State of Louisiana, which provided insurance to NORTHROP GRUMMAN SYSTEMS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC. AND AVONDALE INDUSTRIES, INC. and at all time material hereto, had in full force and effect one or more primary or excess coverage policies of insurance extending coverage(s) for the matter sued for herein. This defendant is liable pursuant to Louisiana's Direct Action Statute, LA R.S. 22:655 .

19.

Made Defendant, ONE BEACON RISK MANAGEMENT, INC., as successor to COMMERCIAL UNION RISK MANAGEMENT, INC., as successor to COMMERCIAL UNION INSURANCE CO., a Louisiana insurance company authorized to do and doing business in the State of Louisiana, which provided insurance to NORTHROP GRUMMAN SHIP SYSTEMS CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC. AND AVONDALE INDUSTRIES, INC. and at all time material hereto, had in full force and effect one or more primary or excess coverage policies of insurance extending coverage(s) for the matter sued for herein. This defendant is liable pursuant to Louisiana's Direct Action Statute, LA R.S. 22:655.

4

20.

Made defendant, SHELL OIL COMPANY (hereinafter "Vessel Owner Defendant"), is

a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

21.

Many of the aforesaid Defendants listed are nonresident corporations in Louisiana. However,

at all times material, were doing business in Louisiana, made contracts with residents of this state,

committed torts in this state against residents of this state, from which acts this suit arises, and such

acts subject these defendants to service of process pursuant to the Louisiana long-arm statute.

22.

## JURISDICTION AND VENUE

This Court has jurisdiction and venue because defendant, Noble Drilling Company is a

corporation whose principal business is established in East Baton Rouge Parish, State of Louisiana.

Moreover, the instant cause involves disputes between some defendants who are domiciled in

Louisiana and Petitioner who resides in Louisiana.

Petitioner's action against Defendants is properly maintainable in the parish of suit for the

following reasons:

a)   Many of the Shipping and Vessel Owner Defendants are foreign
     corporations;

b)   Presently, many of these same Shipping Defendants have agents or
     representatives conducting their business in a regular and permanent
     form in East Baton Rouge Parish; and

c)   Decedent's exposure to and injury from asbestos occurred, in
     substantial part, while he was present in this parish.

23.

## FACTS

From approximately 1957 to 1967, inclusive, Petitioner, DANIEL W. MELFORD, SR., was

employed by Noble Drilling Company (Noble) during which time he worked as a roughneck,

derrickman and driller on various rigs including but not limited to Noble Rig Nos. 3,4,7, S-26 and

jackup rigs that were owned and operated by Noble. Petitioner also worked on other rigs, including

but not limited to a Chevron LST.

5

24.

On a daily basis during Petitioner's employment as a roughneck, derrickhand and driller, he was substantially exposed to asbestos in the normal routine course of his work performing insulation installation, repair, renovation and general overhaul of piping and drilling systems during which time he was exposed to asbestos fibers and/or dust released from asbestos insulation and cement on the pipe systems and the use of asbestos drilling mud additives.

25.

Even when not using the dangerous materials himself, Petitioner was nevertheless substantially exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where the Petitioner was working causing him to sustain a bystander exposure to asbestos.

26.

From approximately 1968 to 1970, inclusive, Petitioner, DANIEL W. MELFORD, SR., was employed as a mechanic in the maintenance department at the Avondale Shipyards main yard in Avondale, Louisiana. On a daily basis during his employment, Petitioner incurred a substantial exposure to asbestos in the normal routine course of his work while working around vessels undergoing construction at the shipyard including, but not limited to, maintenance and repair, renovation and general overhaul at the shipyard.

27.

During this time, Petitioner, DANIEL W. MELFORD, SR., was exposed to asbestos fibers released from installation of heat insulation, boiler insulation, insulation pads, boiler lagging, boiler jackets, wallboards, and other asbestos insulation installed on the boilers, turbines, walls, ceilings and piping systems throughout the shipyard while he performed maintenance or repair. When not using the dangerous materials himself, Petitioner, DANIEL W. MELFORD, SR., was nevertheless exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where Petitioner was working causing him to sustain a substantial bystander exposure to asbestos.

28.

From approximately 1970 to 1981, inclusive, Petitioner, DANIEL W. MELFORD, SR., was employed at ODECO, INC. during which time, Petitioner worked as a derrickman, driller and pusher on several vessels, including but not limited to the Ocean Traveler, Ocean Viking, Ocean Rover, Kou Koui, Ocean Voyager and Zephyr l.

29.

Petitioner's exposure to asbestos on the ODECO drilling rigs included working with and around asbestos containing products including but not limited to piping systems, boilers, asbestos brake lines and drilling mud.  As a result, Petitioner sustained a substantial exposure to asbestos.

30.

On a daily basis during this employment as a driller, he was substantially exposed to asbestos in the normal routine course of his work performing insulation installation, repair, renovation and general overhaul of piping and drilling systems during which time he was exposed to asbestos fibers released from asbestos insulation on the pipe systems, boilers, asbestos brake pads and drilling muds.

31.

Even when not using the dangerous materials himself, Petitioner was nevertheless substantially exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where the Petitioner was working causing him to sustain a bystander exposure to asbestos.

32.

As a proximate result of the negligent failure of the Defendants as alleged above, Daniel Melford was diagnosed as suffering from mesothelioma on or about June 2, 2005.

33.

**JONES ACT**

Petitioner brings this cause of action pursuant to the Jones Act, 46 U.S.C., §688, and for causes of action under the General Maritime law of the United States, and files this action in this Court pursuant to a saving to suitors clause.

7

34.

Petitioner realleges and reasserts all previous allegations, and further states that:

Petitioner, Daniel Melford, was a Pusher, Driller, roughneck and derrickman from 1957 to 1968 and 1970 to 1981, inclusive, who was employed by each of the defendants and worked upon vessels owned and operated by the Defendants: NOBLE DRILLING COMPANY, ODECO, INC., CHEVRON U.S.A., INC. and SHELL OIL COMPANY, (hereinafter referred to as "Shipping Defendants").

35

The Shipping Defendants, acting by and through their officers, agents, servants and employees, who were acting in the course and scope of their employment, are guilty of negligence in one or more of the following particulars either singularly or in combination:

a) In failing to provide a safe place to work;

b) In knowingly subjecting Petitioner to hazardous materials and/or conditions;

c) In failing to protect adequately Petitioner from hazardous asbestos-containing dusts; and

d) In failing to properly inform Petitioner of safe work methods by which asbestos materials could be handled.

36.

Defendant shipping companies, many of whom were members of the National Safety Council, disregarded warnings of the hazards of asbestos disseminated by the National Safety Council to its membership and failed to keep abreast of the medical and scientific literature concerning the health hazards associated with inhalation of asbestos containing dust, debris and fibers.

37.

Additionally, in 1942, the Maritime Commission of the United States in official proceedings established work practices for those using asbestos-containing materials, all of which were ignored by shipowner defendants.

38.

Petitioner further alleges that petitioner's injuries were not caused by any fault or negligence

8

on his part, but rather was due to the failure, neglect and omission of the Shipping Defendants, their

officers, agents, servants and employees to keep and maintain vessels in a seaworthy condition and

reasonable state of repair.

39.

The unseaworthy conditions caused the Petitioner to be exposed to asbestos fibers which are

the proximate cause of his injuries, all to the damages as set forth below.

Specifically, the shipowner defendants' vessels were rendered unseaworthy:

a)   As the insulating material utilized on the vessels is an unreasonably
     dangerous material exposure to which caused the Petitioner's illness;

b)   As a result of inadequate warnings given to Petitioner to protect
     himself against hazardous asbestos dust;

c)   As a result of inadequate and/or insufficient safety devices
     (specifically respirators) for use when Petitioner was working with or
     around others engaged in tearing out or re-insulating equipment with
     asbestos-containing material, mixing and using drilling muds; and

d)   As a result of unsafe work practices when using asbestos-containing
     insulation.

40.

Each and all of the foregoing acts of negligence and strict liability proximately caused or

contributed to the personal injuries and damages sustained by the Petitioner as set forth below.

41.

## LIABILITY OF AVONDALE OR EXECUTIVE OFFICER

Petitioners reallege and re-assert all previous allegations and further state:

That a substantial contributing cause of Petitioner Daniel W. Melford, Sr.'s mesothelioma

was his exposure to asbestos and asbestos-containing products while employed by Avondale before

1976.

42.

Avondale's Executive Officer was aware or should have been aware of the dangerous

condition presented by exposure to asbestos and that Petitioner Daniel W. Melford, Sr. would suffer

from an injury as a result of this exposure, but he failed to provide to Mr. Melford knowledge of

the dangers to his health from exposure to asbestos fiber.

9

43.

Avondale's Executive Officer had the responsibility of providing Mr. Melford with a safe

place to work, and safety equipment with which to conduct his work. However, he negligently failed

to carry out these duties, and failed to protect Mr. Melford from the dangers of asbestos dust

exposure.

44.

In addition to the foregoing acts of negligence, Avondale's Executive Officer made the

following acts and/or omissions:

a) Failing to reveal and knowingly concealing critical medical information to Daniel W.
Melford, Sr.;
b) Failing to reveal and knowingly concealing the inherent dangers in the use of
asbestos, and other harmful substances in their manufacturing process;
c) Failing to provide necessary protection to Mr. Melford;
d) Failing to provide clean, respirable air and proper ventilation;
e) Failing to provide necessary showers and special clothing;
f) Failing to warn employees and their family members of the risks associated with
direct and bystander exposure to asbestos;

45.

For all times pertinent, Avondale had the *garde* of the asbestos and asbestos containing

products to which Petitioner DANIEL W. MELFORD, SR., was exposed to and is thereby strictly

liable pursuant to Louisiana Code Article 2317.

46.

For all times pertinent, Avondale knew or should have known that exposing Petitioner

DANIEL W. MELFORD, SR. to asbestos would cause injury and despite that knowledge did not

provide proper protection and or warnings to Petitioners for which Avondale is liable pursuant to

Louisiana Civil Code 2315.

47.

Avondale fabricated asbestos-containing insulation products to which Petitioner DANIEL

W. MELFORD, SR., was exposed and Avondale is strictly liable as a manufacturer of products

which were unreasonably dangerous due to design and lack of warning concerning the hazardous

nature of the asbestos products.

48.

## LIABILITY OF SUPPLIER DEFENDANTS

Petitioners allege and assert all previous allegations, and further state that:

10

49.

Supplier Defendants, each and individually, sold, distributed, and supplied asbestos and asbestos-containing product(s) which Petitioner came in contact with and utilized, and asbestos which Petitioner inhaled, causing his injury.

50.

That Supplier Defendants are liable to Petitioner as professional vendors of asbestos-containing products, and as such, because of the defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products they sold, and negligently failed to warn the users of potential health hazards from the use of said products.

51.

That, for all times pertinent, Petitioner was employed as a welder and as such, handled, or otherwise was exposed to, asbestos and asbestos products that defendants supplied to Avondale.

52.

That Supplier Defendants, each and individually, are liable to Petitioner because they knew or should have known that the asbestos products which they sold and supplied were unreasonably dangerous in normal use, and their failure to communicate said information rendered them negligent to Petitioner, and such negligence was the cause of Petitioner's injuries, including, but not limited to asbestosis, asbestos-induced pleural disease and mesothelioma.

53.

Specifically, Defendant, McCarty Corporation, re-labeled the asbestos and asbestos-containing products that it supplied, affixing to it their own brand name, and shipped the same to Avondale during the time period that Petitioner Daniel W. Melford, Sr., was employed at Avondale as a mechanic.

54.

**LIABILITY OF BOILER DEFENDANT**

Petitioners allege and assert the following allegations:

11

55.

Boiler Defendant, produced, manufactured and sold products including "marine boilers" and

land-based boilers which contained, as a component, asbestos-containing insulation.

56.

That the Boiler Defendant is liable for Petitioner's injuries in the following particulars:

1.    Unreasonably Dangerous Per Se

That the Boiler Defendant produced a product that
was used by Petitioner, namely, a boiler, that has as its
component part asbestos-containing insulation which
is unreasonably dangerous per se;

2.    Failure to Warn

That the Boiler Defendant produced a product which
component part is asbestos insulation, and failed to
place adequate warnings on the product to advise
foreseeable users against the dangers of exposure
to a component part, namely asbestos insulation, and
further failed to design in such a manner as to minimize
said exposures to asbestos;

3.    Strict Products Liability, Unreasonably Dangerous Due to Defective Design

That the Boiler Defendant produced a product, which
component part is asbestos insulation, and designed
its boiler in such a manner that it failed to incorporate
warnings, and further failed to design in such a
manner as to minimize said exposures to asbestos.

57.

The strict liability of the Boiler Defendant directly caused the injuries complained

herein.

58.

### LIABILITY OF ASBESTOS MANUFACTURING DEFENDANTS

Petitioners allege and assert the following allegations:

59.

Asbestos Manufacturer Defendants during all the times mentioned herein and for a long

time prior thereto, have been, and some are now, engaged in the business of manufacturing,

installing, selling, marketing, distributing, and otherwise placing into the stream of commerce

insulation materials containing asbestos.

12

60.

Said products were expected to and did, in fact, reach the ultimate users and consumers in substantially the same condition in which they were sold.

61.

These asbestos products of the Asbestos Manufacturer Defendants were defective and unreasonably dangerous in their design and marketing, which was a producing cause of the injuries and damages claimed herein.

62.

## BREACH OF IMPLIED AND EXPRESSED WARRANTIES

Petitioners allege and assert the following allegations:

Petitioner alleges that the Asbestos Manufacturer Defendants, and each of them, negligently breached their warranties to him in the following respects:

a)   That the Asbestos Manufacturer Defendants knew or in the exercise of reasonable care ought to have known that their insulation was defective, and that such insulation was not suitable for the purposes for which it was intended;

b)   That the Asbestos Manufacturer Defendants knew and should have tested their products, especially those containing asbestos, to ascertain the safe or dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that such products would cause asbestosis, lung cancer, and mesothelioma;

c)   That the Asbestos Manufacturer Defendants should have devised a method of application for their products, especially those containing asbestos, that would have kept those using such products from contracting asbestosis and mesothelioma if the Asbestos Manufacturer Defendants would not remove such products from sales to the public; and

d)   That the products of the Asbestos Manufacturer Defendants, especially those containing asbestos, were warranted, either expressly or impliedly, to be merchantable, when in truth they were not, and therefore, the Asbestos Manufacturer Defendants breached to the Petitioner, as well as to others, the warranty of merchantability.

63.

The Asbestos Manufacturer Defendants' breach of implied and expressed warranties resulted directly in and caused or contributed to Petitioner's injury and the damages to Petitioner as set forth below.

13

64.

Petitioner alleges that the Asbestos Manufacturer Defendants, and each of them, are

strictly liable and/or are negligent in their failure to warn in the following respects:

1.   **Negligent Failure to Warn**

That the Asbestos Manufacturer Defendants knew or in the exercise of ordinary or reasonable care ought to have known that the insulation they manufactured and distributed was deleterious, poisonous, and highly harmful to Petitioner's body, lungs, respiratory system, skin and health, notwithstanding which, Asbestos Manufacturer Defendants negligently failed to take any reasonable precautions or exercise reasonable care to warn the Petitioner of the danger and harm to which he was exposed while handling the Asbestos Manufacturer Defendants' said insulation; and

That the Asbestos Manufacturer Defendants knew or in the exercise of ordinary care ought to have known that their said insulation was deleterious, poisonous, and highly harmful to the Petitioner's body, lungs, respiratory system, skin and health, notwithstanding which, Asbestos Manufacturer Defendants failed and omitted to provide the Petitioner with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect them from being poisoned and disabled as they were by exposure to such deleterious and harmful compound substances and other material contained in said Asbestos Manufacturer Defendants' insulation.

2.   **Strict Products Liability, Unreasonably Dangerous Due to Defective Design**

That the Asbestos Manufacturer Defendants packaged asbestos-containing insulation in such a manner that in the ordinary handling of the packaging, Petitioner came in contact with such deleterious, poisonous and highly harmful compound substances and other material contained in said Asbestos Manufacturer Defendants' insulation;

That the Asbestos Manufacturer Defendants failed to design their packaging and product in such a manner so as to advise and warn foreseeable users, including the Petitioner, by placing warnings on their containers of said insulation and/or on the actual insulation, to advise the handlers, other users and bystanders of the dangers of exposure with said insulation; and

3.   **Unreasonably Dangerous Per Se**

That Asbestos Manufacturer Defendants' products are unreasonably dangerous per se.

65.

Asbestos Manufacturer Defendants' negligent failure to warn caused their products to be

unreasonably dangerous.

14

66.

Exposure to Asbestos Manufacturer Defendants' unreasonably dangerous products substantially caused the injuries complained of herein.

67.

Petitioner was employed as a welder and was exposed to asbestos directly and as a bystander, and/or because it was necessary for him to work in, near and with Asbestos Manufacturer Defendants' products in the normal course and scope of his occupation.

68.

Petitioner's exposure to Asbestos Manufacturer Defendants' products and to the respirable asbestos dust that these asbestos-containing products produced was a reasonably anticipated and foreseeable event.

69.

As a result of the above referenced conduct of the Asbestos Manufacturer Defendants, and each of them as aforesaid, including but not limited to their installation, marketing, sales and/or distribution of unreasonably dangerous products per se, their failure to adequately label and warn, their failure to properly research, test and/or design, said exposure to said asbestos has caused injuries to Mr. Melford, including, but not limited to, pleural mesothelioma.

70.

## LIABILITY OF PREMISE OWNER DEFENDANTS

Defendants, NOBLE DRILLING COMPANY, NORTHROP GRUMMAN SYSTEMS CORPORATION, (hereinafter referred to as ("Premise Owner Defendants"), owned and/or operated refineries, power plants and/or facilities where petitioner, Daniel W. Melford, Sr., performed specialized duties such as drilling and multicraft, unrelated to the business of the Premise Owner Defendants for companies under contract with the Premise Owner Defendants between the years 1957 and 1981, inclusive.

71.

During this time period while performing his job duties during the normal course and scope of his employment at the (hereinafter referred to as ("Premise Owner Defendants") facilities, petitioner was exposed to hazardous levels of asbestos dust and/or fiber which caused him to develop

15

asbestos-related disease including, but not limited to, mesothelioma.

72.

The Premise Owner Defendants were aware or should have been aware of the dangerous

condition presented by exposure to asbestos and other toxic substances, and that Daniel W.

Melford, Sr., would suffer from asbestos-induced disease, mesothelioma and other ill health effects

as a result of this exposure, but they failed and/or willfully withheld from Mr. Melford's knowledge

of the dangers to his health from exposure to asbestos fiber and other toxic substances.

73.

The Premise Owner Defendants had the responsibility of providing Mr. Melford with a

safe place to work. However, they negligently and/or intentionally failed to carry out this duty and

failed to protect Mr. Melford from the dangers of asbestos dust exposure.

74.

In addition to the foregoing acts of negligence, the Premise Owner Defendants were and

are guilty of the following:

a)  Failing to provide necessary protection to Daniel W. Melford, Sr.;

b)  Failing to provide clean, respirable air and proper ventilation;

c)  Failing to provide necessary showers and special clothing;

d)  Failing to warn contractors, including Daniel W. Melford, Sr. of the risks associated

with direct and bystander exposure to asbestos;

75.

These defendants committed these negligent acts knowing full well that Daniel W. Melford,

Sr.'s injuries would follow or were substantially certain to follow.

76.

For all times pertinent to this petition, Daniel W. Melford, Sr. was exposed to and inhaled

asbestos fibers that were in the custody and control of the Premise Owner Defendants.

77.

For all times pertinent each exposure of asbestos in the custody and control of the Premises

Owner Defendants, petitioner, Daniel W. Melford, Sr.'s suffered injury the combined result of

which was the development of asbestos related diseases including, mesothelioma.

16

78.

As to the Premises Owner Defendants, Petitioner brings specifically an action pursuant to Louisiana Civil Code Article 2317 for the injury of Daniel W. Melford, Sr. as a result of his exposure to and inhalation of asbestos in the custody and control of defendants, NOBLE DRILLING COMPANY and NORTHROP GRUMMAN SYSTEMS CORPORATION and MURPHY EXPLORATION AND PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL AND GAS COMPANY.

79.

Petitioners' injuries are cumulative, indivisible injury for which each Defendant is jointly, severally and in solido liable.

80.

## DAMAGES

As a proximate result of the fault of the Defendants, and each of them, and their acts of negligence and strict liability as hereinabove alleged, and because of the harm and injury to Petitioner's health and the resulting disability there from, the Petitioner, Daniel W. Melford, Sr., has suffered a loss of income; that he was unable to continue his employment, an employment that he has been engaged in for many years, and his earning capacity is greatly and forever permanently diminished

and impaired as the result of his development of malignant pleural mesothelioma.

81.

As a proximate result of Defendants' fault, Petitioner, Daniel W. Melford, Sr., incurred and continues to incur medical expenses due to the need to hire, consult and retain physicians to attempt to treat his asbestos-related condition, the amount of which cannot be set forth at this time and he will require further medical treatment in the future thereby incurring expenses which cannot be set forth at this time.

82.

By reason of the facts hereinabove alleged, Petitioner, Daniel W. Melford, Sr., suffered and sustained at the hands of the Defendants, the following other damages:

Physical pain and suffering; (past and future);

17

Mental pain and suffering; (past and future);

Loss of income (past and future).

83.

Petitioners request a trial by jury on all issues.

WHEREFORE, Petitioner prays for judgment against defendants, PETER TERRITO;

REILLY-BENTON, INC.;   EAGLE, INC.; MCCARTY CORPORATION; TAYLOR-

SEIDENBACH, INC.;UNIROYAL, INC.; OWENS- ILLINOIS, INC.; GARLOCK INC.;

RAPID AMERICAN CORPORATION; FOSTER WHEELER CORPORATION; MURPHY

EXPLORATION AND PRODUCTION COMPANY, AS SUCCESSOR TO ODECO OIL

AND SUCCESSOR TO UNION CARBIDE CHEMICALS AND PLASTICS COMPANY,

INC., AS SUCCESSOR TO UNION CARBIDE CORPORATION, AS SUCCESSOR TO

UNION CARBIDE AND CARBON CORPORATION; CONOCOPHILLIPS COMPANY, AS

SUCCESSOR TO PHILLIPS PETROLEUM COMPANY AND/OR PHILLIPS CHEMICAL

HOLDING COMPANY, AS SUCCESSOR TO DRILLING SPECIALTIES COMPANY;

MONTELLO, INC.; GULF OIL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR

TO CHEVRON U. S. A. INC., NORTHROP GRUMMAN SYSTEMS CORPORATION,

INDIVIDUALLY AND AS SUCCESSOR TO AVONDALE SHIPYARDS, INC., AND

AVONDALE INDUSTRIES, INC.; TRAVELERS INSURANCE COMPANY; ONEBEACON

RISK MANAGEMENT, INC., AS SUCCESSOR TO COMMERCIAL UNION RISK

MANAGEMENT, INC., AS SUCCESSOR TO COMMERCIAL UNION INSURANCE

COMPANY AND SHELL OIL COMPANY, inclusive, jointly, severally and in solido, and for

interest from the date of judicial demand and all costs and attorneys' fees and for such other and

further relief as this Court may deem just and proper.

Respectfully Submitted,

MARTZELL & BICKFORD

SCOTT R. BICKFORD, T. A. (#1165)
JEFFREY M. BURG (#25993)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)

COUNSEL FOR PLAINTIFFS

CERTIFIED TRUE COPY
01 18

CERTIFIED
TRUE COPY
NOV 3 4 2008
18
BY _____
DEPUTY CLERK

DEPUTY CLERK OF COURT FOR
DOUG WILBORN
CLERK OF COURT PARISH

Case MDL No. 875   Document 5193   Filed 09/25/07   Page 62 of 106

Case 3:05-cv-01405-JVP-DLD   Document 1   Filed 12/15/   /05   Page 1 of 53
Case 3:05-cv-01405-JVP-DLD   Document 37   Filed 02/06/2006   Page 2 of 65

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 DEC 15   P 3: 09

SIGN_____
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL W. MELFORD, SR.** * | |
| * | |
| **VERSUS** * | |
| * | |
| **PETER TERRITO; REILLY-** * | **CIVIL ACTION NO. _____** |
| **BENTON, INC.; EAGLE, INC.;** * | 05- 1405- JVP-D(D) |
| **MCCARTY CORPORATION;** * | |
| **TAYLOR-SEIDENBACH, INC.;** * | |
| **UNIROYAL, INC.; OWENS-** * | |
| **ILLINOIS, INC.; GARLOCK, INC.;** * | **SECTION_____** |
| **RAPID AMERICAN** * | |
| **CORPORATION; FOSTER** * | |
| **WHEELER CORPORATION;** * | |
| **MURPHY EXPLORATION AND** * | **MAGISTRATE JUDGE_____** |
| **PRODUCTION COMPANY AS** * | |
| **SUCCESSOR TO ODECO OIL AND** * | |
| **GAS CO.; NOBLE DRILLING** * | |
| **COMPANY; UNION CARBIDE** * | |
| **CORPORATION, as successor to** * | |
| **UNION CARBIDE AND CARBON** * | |
| **CORPORATION;** * | |
| **CONOCOPHILLIPS COMPANY as** * | |
| **successor to PHILLIPS** * | |
| **PETROLEUM COMPANY and/or** * | |
| **PHILLIPS CHEMICAL HOLDING** * | |
| **COMPANY, as successor to** * | |
| **DRILLING SPECIALTIES** * | |

JS

EXHIBIT
E

Case MDL No. 875   Document 5193   Filed 09/25/07   Page 63 of 106

Case 3:05-cv-01405- JVP-DLD   Document 1   Filed 12/15/ 05   Page 2 of 53
Case 3:05-cv-01405-JVP-DLD   Document 37   Filed 02/06/2006   Page 3 of 65

COMPANY; MONTELLO, INC.;                    *
GULF OIL CORPORATION,                       *
INDIVIDUALLY AND AS                         *
SUCCESSOR TO CHEVRON U.S.A.,                *
INC.; NORTHROP GRUMMAN                      *
SYSTEMS CORPORATION,                        *
INDIVIDUALLY AND AS                         *
SUCCESSOR TO AVONDALE                       *
SHIPYARDS, INC., AND                        *
AVONDALE INDUSTRIES, INC.;                  *
TRAVELERS INSURANCE                         *
COMPANY; ONE BEACON RISK                    *
MANAGEMENT, INC., as successor              *
to COMMERCIAL UNION RISK                    *
MANAGEMENT, INC., as successor              *
to COMMERCIAL UNION                         *
INSURANCE CO.; AND SHELL OIL                *
COMPANY                                     *

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## NOTICE OF REMOVAL

To:   The Honorable Judges
      of the United States District Court
      for the Middle District of Louisiana

Peter Territo, pursuant to 28 U.S.C. §§ 1441, 1442 and 1446, notices the

removal of the above-entitled action bearing number 537,873 (hereinafter, the "State

Case"), on the docket of the 19th Judicial District Court for the Parish of East Baton

2

Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1331 in that the action arises "under the Constitution, laws or treatises of the United States" within the meaning of that statute, and under an officer of the United States pursuant to 28 U.S.C. §1442. The grounds for removal are as follows:

1.

Territo was named a defendant in the State Case pursuant to the Original Petition for Damages ("Petition"). A copy of the Petition for Damages is attached hereto as Exhibit "A."

2.

Plaintiff, Daniel W. Melford, Sr., according to the Petition, was employed by Avondale Industries, Inc. (n/k/a Northrop Grumman Ship Systems, Inc.,) (hereinafter "Avondale") from 1968 through 1970, under the supervision of Territo. According to the Petition, Territo was delegated by Northrop Grumman the specific responsibility to provide plaintiff with a working environment free of harmful amounts of asbestos.

3.

Plaintiff, Daniel W. Melford, Sr. alleges that during his employment with Avondale, he was exposed to unsafe levels of asbestos or asbestos-containing materials due to the negligence of Territo and Avondale.

4.

This action involves a person -- namely Territo -- acting under the authority of an officer of the United States within the meaning of 28 U.S.C. §1442(a)(1). Assuming *arguendo* that Territo failed to provide Daniel W. Melford, Sr. with a safe working environment in connection with plaintiff's alleged asbestos exposure, that work environment contained asbestos-containing materials, pursuant to the directives and control of officers of the United States.

5.

Territo is raising a colorable federal defense to this action under the Longshore and Harbor Workers' Compensation Act and under the jurisprudential doctrine known as the "Federal Contractor Defense." Furthermore, a causal nexus exists between the claims made by the plaintiff against Territo (on the one hand) and the extent to which plaintiff's damages based on those claims were brought about by officers of the United States government in compliance with federal law (on the other).

6.

This case will necessarily require judicial second-guessing of the military and/or governmental decision-making process surrounding the equipping of United States vessels which, under the Constitutional doctrine of separation of powers, is an area uniquely committed to the executive branch.

4

7.

The Federal Vessels were constructed at Avondale pursuant to mandatory terms, conditions and specifications established by the United States government, including the United States Navy, the United States Coast Guard, and/or the U.S. Maritime Commission, and under the direct supervision and monitoring of representatives of the United States government, which representatives commanded an immediate and constant presence at the Avondale shipbuilding facility during all phases of planning, construction and testing.

8.

The materials used in the construction of the Federal Vessels -- specifically including asbestos-containing materials -- were in fact the kind, type and brand of materials specifically mandated by the shipbuilding contracts entered into between Avondale and the United States government for the construction of the Federal Vessels.

9.

The manner and technique of all facets of the ship-building process -- specifically including the application, use and handling of asbestos-containing materials -- were specifically monitored and enforced by inspectors and other representatives of the United States government on a day-to-day and job-specific basis.

10.

The United States government established mandatory safety rules, regulations, requirements and precautions, specifically including regulations for the use and exposure to asbestos.  Avondale and its employees charged with responsibility for asbestos-related safety, which allegedly included Territo, were required to abide by the United States government requirements during all facets of Federal Vessel construction.  United States government safety inspectors specifically monitored and enforced compliance with these safety regulations on a day-to-day and job-specific basis.

11.

The United States government required Avondale to provide certain representatives of the United States government, including inspectors, with office space and other attendant facilities within the Avondale shipbuilding facility itself.

12.

Extensive Dock Trials, Builder's Trials and Sea Trials on the Federal Vessels were performed by representatives of the United States government prior to the commission of each Federal Vessel to ensure complete conformity with the design specifications mandated by the United States government.

13.

Accordingly, Territo qualifies as a person "acting under any officer of the

United States or any agency thereof" pursuant to 29 U.S.C. §1442(a)(1) and the State

Case is therefore removable to this Court because (a) Territo can raise, as federal

defenses, immunity under the "Federal Contractors Defense" and under the LHWCA,

and (b) because Territo can demonstrate a causal nexus between the injuries claimed by

plaintiff and the acts he performed under the strict supervision of and compliance with

the United States government. *Boyle v. United States Technologies, Inc.*, 487 U.S.

500, 108 S.Ct. 2510, 101 L.Ed. 2d 442 (1988); *Niemann v. McDonnell Douglas Corp.*,

721 F. Supp. 1019 (S.D. Ill. 1989); *Pack v. A.C. and S., Inc.*, 838 F. Supp. 1099 (D.

Md. 1993); *and Lalonde*, et al. *v. Delta Field Erection*, et al., C.A. No. 96-3244-B-M3

(M.D. La. August 5, 1998), a copy which is attached as Exhibit "B."

14.

Removal under 28 U.S.C. §1442 does not require the consent of any served

defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. And Indem. Co.*, 644 F.2d 1310

(9th Cir. 1981); *Bottos v. Avakian*, 477 F. Supp. 610 (D.C. Ind. 1979), aff'd, 723 F. 2d

913 (7th Cir. 1983).

15.

Concurrent with the filing of this Notice of Removal, written notices have been

given to all adverse parties, and a copy of this Notice of Removal is being filed with

the Clerk of Court, Civil District Court for the Parish of East Baton Rouge, State of

Louisiana.

7

WHEREFORE, Peter Territo hereby gives notice that the proceeding bearing number 537,873 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law.

WHEREFORE, Peter Territo further prays that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and thereupon proceed with this civil action as if it had originally commenced in this Court.

Respectfully Submitted,

Gary A. Lee, La. Bar No. 08265
Richard M. Perles, La. Bar No. 01534
Lee, Futrell & Perles, L.L.P.
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170
Telephone: 504-569-1725
Facsimile: 504-569-1726
Attorneys for Peter Territo

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by placing copy of the same in the United States mail, postage pre-paid and properly addressed, this 15 day of December, 2005.

8

A CERTIFIED TRUE COPY

JUN 1 4 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 4 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Charles Richard Archer, et al. v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2466
*Rebekah Riggs, etc. v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2472
*Alford McGuffie v. Mead Corp., et al.*, N.D. Alabama, C.A. No. 4:05-2473
*Kim Thorp v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-551
*Dennis Montague v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-666
*Brian Ritchie v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-677
*John Rogers v. Illinois Central Railroad Co.*, S.D. Illinois, C.A. No. 3:05-685
*Karl E. Drake v. Illinois Central Railroad*, S.D. Illinois, C.A. No. 3:05-686
*Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al.*, E.D. Louisiana, C.A. No. 2:05-5221
*Mario Bellu, et al. v. Diamond Offshore (USA), Inc., et al.*, E.D. Louisiana, C.A. No. 2:06-608
*Daniel W. Melford, Sr. v. Peter Territo, et al.*, M.D. Louisiana, C.A. No. 3:05-1405
*Michael Catania, et al. v. Anco Insulations, Inc., et al.*, M.D. Louisiana, C.A. No. 3:05-1418
*Ronald Jacob Laughter, etc. v. Georgia-Pacific Corp.*, N.D. Mississippi, C.A. No. 2:06-7
*James Turner v. Ameron International Corp., et al.*, S.D. Mississippi, C.A. No. 1:05-663
*Thomas A. Chisolm v. Ingersoll-Rand Co., et al.*, S.D. Mississippi, C.A. No. 1:05-665
*Leon V. Hartfield v. Allied Signal, Inc., et al.*, S.D. Mississippi, C.A. No. 1:05-670
*Deborah McDonald, etc. v. Minnesota Mining & Manufacturing Co., et al.*, S.D. Mississippi, C.A. No. 1:06-62
*Ronald G. Toppins v. 3M Co.*, E.D. Missouri C.A. No. 4:05-1356
*Cecil Reuben Jackson, et al. v. Kimberly-Clark Corp.*, E.D. Texas, C.A. No. 1:05-769
*Thomas Vodry Allen, et al. v. Kimberly-Clark Corp., et al.*, E.D. Texas, C.A. No. 1:05-876
*Newbern Brown Adkins, et al. v. Kimberly-Clark Corp., et al.*, E.D. Texas, C.A. No. 1:05-882
*Jacqueline D. Skinner, et al. v. Atlantic Richfield Co., et al.*, S.D. Texas, C.A. No. 4:05-4094
*Priscilla Alix, etc. v. Saberhagen Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:05-2144
*Lewis A. Seymour v. Saberhagen Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:05-2145

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

---

*Judge Keenan took no part in the disposition of this matter with respect to the Eastern District of Louisiana *Chiasson* action and the Southern District of Mississippi *Hartfield* action; and Judge Motz took no part in the disposition of this matter with respect to the Northern District of Alabama *Riggs* action, the Eastern District of Louisiana *Chiasson* action, the Middle District of Louisiana *Catania* action, the Southern District of Mississippi *Turner* and *Hartfield* actions, the Eastern District of Texas *Jackson* action, and the Western District of Washington *Alix* action.

EXHIBIT

F

- 2 -

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 24 actions pending in the Northern District of Alabama, the Southern District of Illinois, the Eastern and Middle Districts of Louisiana, the Northern and Southern Districts of Mississippi, the Eastern District of Missouri, the Eastern and Southern Districts of Texas, and the Western District of Washington. Movants ask the Panel to vacate its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under the stewardship of the transferee court, as of May 25, 2006, i) over 74,450 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred

---

[1]Some plaintiffs have argued that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these 24 actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 6-19-06

ATTEST:

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

16th JUDICIAL DISTRICT COURT

PARISH OF ST. MARY

STATE OF LOUISIANA

DANIEL JARRELL

VERSUS

FRANKS PETROLEUM INC., NOBLE DRILLING CORPORATION, BAKER HUGHES OILFIELD OPERATIONS, INC., successor in interest to Milchem and Milpark, THE H. AND S. DRILLING COMPANY, CHEVRON, U.S.A. INC., SHELL OIL COMPANY and CHROMALLOY AMERICAN CORPORATION successor in interest to Delta Mud and Chemical Co and AMERADA HESS CORPORATION.

NO. ___11 6.1 23___   DIV. ___"G"___

_____

## PETITION

The petition of Daniel Jarrell, a resident of the Parish of Rapides, State of Louisiana, with respect represents:

1.

Made defendants herein are:

FRANKS PETROLEUM INC., ("Franks"), a Louisiana corporation, authorized to do and doing business in Louisiana, which has designated Bobby E.Jelks, 1312 N. Hearne Ave., Shreveport, LA 71107 as its registered agent for service of process;

NOBLE DRILLING CORPORATION, ("Noble"), a Delaware corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

BAKER HUGHES OILFIELD OPERATIONS, INC., ("Baker Hughes"), a California corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being, C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. This Defendant is a successor in interest to Milchem Incorporated and Milpark;

THE H. AND S. DRILLING COMPANY, ("H and S") a Oklahoma company not authorized to do business in the State of Louisiana with its registered agent for service of process being, The H. and S. Drilling Company, 320 S. Boston, Suite 1910, Tulsa, Ok 74103-4734;

CHEVRON U.S.A. INC., ("Chevron"),  a Pennsylvania corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, LA 70802-6129. The Defendant is a successor in interest to Gulf Oil Corporation and Texaco Oil Co;

SHELL OIL COMPANY, ("Shell"),  a Delaware company authorized to do and doing business in the State of Louisiana with its registered agent for service of process being



EXHIBIT

G

Corporation Service Company, 320 Someulos St., Baton Rouge, LA 70802-6129;

CHROMALLOY AMERICAN CORPORATION, ("Chromalloy"), a Delaware corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The Defendant is successor in interest to Delta Mud & Chemical Company, Inc.

AMERADA HESS CORPORATION, ("Amerada"), a Delaware corporation authorized to do and doing business in the State of Louisiana with its registered agent for service of process being C T Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

each of whom are justly and truly indebted, in solido, unto the Plaintiff, Daniel Jarrell, for such amount of money as will reasonably compensate plaintiffs for all his damages and injuries, as hereafter set forth:

2.

The amount in controversy exceeds the sum of $75,000.00

3.

From about 1963 until sometime around 1967, Daniel Jarrell was an employee of Shell and Franks, inter alia, on marine vessels owned, leased or chartered. One of these vessels was owned by H. and S. Drilling Company. From 1968 until 1981 he was employed by Noble Drilling Corporation on marine vessels. During that time, Daniel Jarrell was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and operation of the marine drilling vessels, identified, in part, as Noble # 1, Noble # 2 and Noble # 26.

4.

In the process of mixing drilling mud, Daniel Jarrell was required to handle asbestos fibers which were utilized in thickening the drilling mud during the drilling process, including the moving of sacks of raw asbestos, dumping raw asbestos into a "chemical hopper which was located in the mud room of the vessel". Daniel Jarrell was also required to move and stack the 50 pound bags of raw asbestos, and frequently worked in an enclosed environment where asbestos dust was present in the air.

5.

From 1963 until 1981, while working on the aforesaid marine vessels, Daniel Jarrell was constantly subjected to an unreasonably dangerous condition which rendered the above named vessels unseaworthy in that he was heavily exposed to asbestos fibers floating in the air of the

mud room.

6.

That part of his duties for Shell, Franks, Chevron, successor to Gulf Oil Co. and Texaco Oil Co and Amerada was the mixing of drilling mud which contained raw asbestos fibers and the moving of sacks or bags of raw asbestos so that it could be mixed in the drilling mud for the purpose of thickening the drilling mud.

7

The Defendants, Franks, Chevron, successor in interest to Gulf Oil Corporation, and Texaco Oil Co., Shell and Amerada through their agents, specified the chemicals and ingredients used in the drilling mud and required that asbestos be used during the drilling process to facilitate the drilling process. The Defendants, Franks, Chevron, successor in interest to Gulf Oil Corporation and Texaco Oil Co., Shell and Amerada not only specified the type and quantity of asbestos to be used but also caused asbestos containing products to be stored on the vessel on a constant basis. Daniel Jarrell and others who were working on the aforesaid marine vessels operated by the Defendants were exposed to this dust containing asbestos particles on a daily and constant basis.

8.

The Defendants named hereinabove knew or should have known of the unreasonable risk of bodily injury to Daniel Jarrell or others working on the vessels at issue in this litigation, but, despite that knowledge, failed to adequately warn Daniel Jarrell and other crew members regarding the dangers of serious bodily injury associated with the exposure to asbestos fibers or asbestos containing products which were used and stored on the aforesaid vessels.

9.

Baker Hughes, successor in interest to Milchem and Milpark; and, Chromolloy, successor in interest to Delta Mud & Chemical Company, Inc., produced the asbestos fibers for use by Shell, Chevron, Franks, Noble, H and S and Amerada on the drilling rigs, inland barges and/or other vessels operated by those companies. Baker Hughes and Chromalloy knew or should have known at the time that they were mining and/ or marketing the asbestos that the use of and storage of asbestos would pose an unreasonable risk of serious bodily injury to Daniel

Jarrell or others working on the vessels.

10.

At no time during his employment did the defendants advise Daniel Jarrell or his co-workers of the dangers and hazards of breathing asbestos fibers.

11.

As a direct and proximate result of the Daniel Jarrell's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessels owned and/or operated by the defendants, Shell, Franks, Chevron, H and S, Amerada and Noble Daniel Jarrell suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiffs allege that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by Franks, Chevron, Shell, H and S, Amerada and Noble.

13.

The negligence of the defendants includes, but is not limited to:

a) Failure to provide Daniel Jarrell with a safe place to work;

b) Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c) Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Daniel Jarrell from inhaling asbestos dust and fibers;

d) Requiring Daniel Jarrell to handle raw asbestos fibers without proper safety equipment or warning;

e) By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Daniel Jarrell and to his co-workers;

f) Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

g) Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Daniel Jarrell has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15.

Plaintiffs would show that the vessels were unseaworthy in the following non-exclusive respects:

a)   Failure to provide a safe working environment which would have prevented Daniel Jarrell from being exposed to asbestos fibers and asbestos dust;

b)   Failure to provide safety equipment to prevent Daniel Jarrell from having to inhale asbestos fibers and dust; and,

c)   Other items of unseaworthy conditions which may be established through discovery and shown at the time of trial of this matter.

17.

Plaintiffs brings this suit under the Jones Act, 46 U.S.C. 466, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U.S.C. § 1333 and the laws of the State of Louisiana.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiffs.  Accordingly, the Plaintiffs are entitled to recover punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter, where such punitive damages are allowed by law.

WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer this petition and that after due proceedings are had, that the Plaintiff be awarded judgment in his  favor and against the Defendants, jointly,  severally and in solido, as follows:

Page 5

I.   For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff, if applicable;

II.  For compensatory damages for past, present and future physical pain and suffering, if applicable;

III. For compensatory damages for emotional distress suffered by Plaintiff;

IV.  For punitive damages;

V.   For legal interest on any amount so awarded from date of judicial demand until paid;

VI.  For all reasonable costs of court and expert witness fees; and

VII. For all such general and equitable relief as may be appropriate in the premises.

BY ATTORNEY:

PATRICK W. PENDLEY (LSBA#10421)
PENDLEY, BAUDIN & COFFIN
P.O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398


WILLIAM R. COUCH (MBA # 8926)
DEAKLE-COUCH LAW FIRM
P.O. BOX 2072
HATTIESBURG, MS 39403-2072
TELE: 601-544-0631 FAX: 601-544-0666

RECEIVED AND FILED
OCT 0 6 2006
/s/ JENNIFER R. SPLANE
DY. CLERK OF COURT

RECEIVED

NOV 1 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL JARRELL | 6:06-CV-2190          LO |
| VERSUS | JUDGE MELANCON |
| | MAGISTRATE JUDGE HILL |
| FRANKS PETROLEUM, INC., | |
| NOBLE DRILLING CORPORATION, | |
| BAKER HUGHES OILFIELD | |
| OPERATIONS, INC., successor in | |
| interest to Milchem and Milpark, THE H. | |
| AND S. DRILLING COMPANY, | |
| CHEVRON U.S.A., INC., SHELL OIL | |
| COMPANY and CHROMALLOY | |
| AMERICAN CORPORATION, successor | |
| in interest to Delta Mud and Chemical Co. | |
| and AMERADA HESS CORPORATION | |

*************************************

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1332, and further

based on the ground set forth in this Notice of Removal, Shell Oil Company (hereinafter

"Shell") hereby removes that action entitled "Daniel Jarrell v. Franks Petroleum, Inc., et al,"

No. 116123 on the docket of the 16th Judicial District Court for the Parish of St. Mary, State

of Louisiana, to the United States District Court for the Western District of Louisiana. In

support of its Notice of Removal, Shell avers as follows:

1104564_1                                   - 1 -

EXHIBIT

H

1.

On October 19, 2006, Shell was served, through its registered agent, a copy of the Petition filed by Plaintiff, Daniel Jarrell, in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, No. 1161223, Section "G." In compliance with 28 U.S.C. §1446(a), a copy of Plaintiff's Petition, along with all other papers received by Shell or otherwise filed in State Court are attached hereto as Exhibit "A."

2.

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), and without prejudice to any defenses against Plaintiff's action, jurisdictional or otherwise, all named and served Defendants join in this Notice of Removal, as per the Notices of Consent to Removal submitted by Defendants, Franks Petroleum, Inc., Noble Drilling Corporation, Baker Hughes Oilfield Operations, Inc., Chromalloy American Corporation, and Hess Corporation, formerly known as Amerada Hess Corporation.

3.

To date, Defendants, Chevron U.S.A., Inc. and The H. and S. Drilling Company, have not been served, therefore, their consent is not required.

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 (federal diversity jurisdiction). As indicated below, the captioned matter is a suit between citizens of different states and the amount in controversy for Plaintiff's claim exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.

1104564_1

- 2 -

This suit is, therefore, removable pursuant to 28 U.S.C. §1441, *et seq.*

5.

Plaintiff is an individual claiming to be an adult resident of the Parish of Rapides, State of Louisiana. *See* Petition at Paragraph 1.

6.

Shell Oil Company is now, and was at the commencement of this litigation, a Delaware company with its principal place of business outside of the State of Louisiana.

7.

Noble Drilling Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside of the State of Louisiana.

8.

Baker Hughes Oilfield Operations, Inc. is now, and was at the commencement of this litigation, a California corporation with its principal place of business outside of the State of Louisiana.

9.

Chromalloy American Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of business outside of the State of Louisiana.

10.

Hess Corporation, formerly known as Amerada Hess Corporation is now, and was at the commencement of this litigation, a Delaware corporation with its principal place of

business outside of the State of Louisiana.

## 11.

Chevron U.S.A., Inc. is now, and was at the commencement of this litigation, a Pennsylvania corporation with its principal place of business outside of the State of Louisiana.

## 12.

The H. and S. Drilling Company is now, and was at the commencement of this litigation, a Oklahoma corporation with its principal place of business outside of the State of Louisiana.

## 13.

Plaintiff has alleged that he was employed by Franks Petroleum, Inc., a Louisiana corporation.  However, on information and belief, and contrary to the allegations in Plaintiff's Petition, Franks Petroleum, Inc. was not Plaintiff's employer on the dates in question. Accordingly, Franks Petroleum, Inc.'s citizenship may be disregarded for purposes of diversity of jurisdiction.

## 14.

Consequently, this suit is between citizens of different states for purposes of 28 U.S.C. §1332(a)(1) and complete diversity of citizenship exists.

## 15.

Plaintiff specifically states in his Petition for Damages, paragraph 2, that the amount of controversy exceeds $75,000.00.

16.

Removal is timely pursuant to 28 U.S.C. §1446(b) because it was filed within thirty (30) days of the date that all defendants were served.

17.

Venue is proper because the Parish of St. Mary s within the territorial jurisdiction of this Honorable court.

18.

Defendants, Franks Petroleum, Inc., Noble Drilling Corporation, Baker Hughes Oilfield Operations, Inc., Chromalloy American Corporation, and Hess Corporation, formerly known as Amerada Hess Corporation, have consented to this Removal as verified by the attached Consents. *See* Exhibit "B," *in globo.*

19.

A copy of this Notice of Removal has been served on counsel for Plaintiff.

20.

Shell is providing the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, written notice of this removal and has requested that the Clerk of that Court forward a certified copy of the state Court record in this matter to this Court.

**WHEREFORE,** Shell Oil Company hereby removes this action to this Honorable Court.


Submitted By:

1104564_1                                    - 5 -

Gary A. Bezet (#3036)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Scott D. Johnson (#24732)
Carol L. Galloway (#16930)
Alicia Edmond Wheeler (#28803)
Allison N. Benoit (#29087)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
P. O. Box 3513
Baton Rouge, LA 70821
Telephone: (225) 387-0999
*Attorneys for Shell Oil Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been forwarded,

via facsimile and/or by U.S. Mail, postage prepaid, to plaintiff's counsel and via electric mail

to all known counsel of record.

Baton Rouge, Louisiana, this ___16th___ day of November, 2006.

_____
Robert E. Dille

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL JARRELL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 6:06-CV-2190 |
| | * | |
| FRANKS PETROLEUM INC., NOBLE | * | |
| DRILLING CORPORATION, BAKER | * | JUDGE MELANCON |
| HUGHES OILFIELD OPERATIONS, INC., | * | |
| THE H & S DRILLING COMPANY, | * | MAGISTRATE JUDGE HILL |
| CHEVRON, U.S.A. INC., SHELL OIL | * | |
| COMPANY, AND CHROMALLOY | * | |
| AMERICAN CORPORATION. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE THAT, on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in the federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions" or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's order to Show Cause. MDL Rule 7.5 provides:

> Any party of counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of that Panel may either: (1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or (2) file an order to show cause why the action should not be transferred, pursuant to MDL Rules 7.5(c) and 7.3.



1

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE WILLIAMS & MARTIN**

By: _Ronnie Ammann_

DANIEL D. PIPITONE
TX State Bar No. 16024600
RONNIE A. AMMANN
TX State Bar No. 00783543
CHAMBERLAIN, HRDLICKA, WHITE
WILLIAMS & MARTIN
1200 Smith Street, Suite 1400
Houston, TX 77062
Tele: (713) 658-1818; Fax: (713) 658-2553

BALDWIN HASPEL, L.L.C.
LANCE J. ARNOLD (No. 18768)
JENA W. SMITH (No. 25255)
1100 Poydras Street, Ste. 2200
New Orleans, LA 70163-2200
Tele: (504) 585-7711; Fax: (504) 585-7751
*Counsel for Noble Drilling Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Notice of Tag-Along Action and Notice of Removal, including Original Petition have been sent via overnight mail to:

The Honorable Michael J. Beck
Clerk, Multidistrict Judicial Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

2

I further certify that a true and correct copy of the attached document, including attachments, was sent via Certified Mail, Return Receipt Requested and properly addressed to all counsel of record listed below:

Patrick W. Pendley, Esq.
Pendley, Baudin & Coffin, LLP
P. O. Drawer 71
Plaquemine, LA  70764-0071
**Attorney for Daniel Jarrell**

Gregory Andling
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman
P. O. Box 3513
Baton Rouge, LA  70821
**Attorney for Shell Oil Co.**

Christine Z. Carbo
Strasburger & Price
1401 McKinney Street, Ste. 2200
Houston, Texas  77010-4035
**Attorney for Chromalloy American Corporation**

William G. Davis
Milling Benson Woodward LLP
339 Florida Street, Ste. 300
Baton Rouge, LA  70801
**Attorney for Franks Petroleum Inc.**

Richard Sulzer
Sulzer & Williams
201 Holiday Blvd., Ste. 335
Covington, LA  70433
**Attorney for Baker Hughes Oilfield Operations Inc.**

Elizabeth Wheeler
King Leblanc & Bland, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA  70170
**Attorney for Hess Corporation**

I hereby certify to the above on this _5th_ day of January, 2007.

Ronnie Ammann

3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 13 2007

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*Eddie Joe Wooten, et al. v. Certainteed Corp., et al.*, W.D. Arkansas, C.A. No. 2:07-2004
*Jack Franklin v. CSX Transportation, Inc.*, S.D. Illinois, C.A. No. 3:06-1058
*Teressa Bell, etc. v. Rowan Companies, Inc., et al.*, M.D. Louisiana, C.A. No. 3:06-785
*Daniel Jarrell v. Franks Petroleum, et al.*, W.D. Louisiana, C.A. No. 6:06-2190
*Linda Hudson, etc. v. Rapid American Corp., et al.*, D. Maryland, C.A. No. 1:06-3319

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in five actions pending in the Western District of Arkansas, the Southern District of Illinois, the Middle District of Louisiana, the Western District of Louisiana, and the District of Maryland, respectively. Movants ask the Panel to vacate the respective portions of its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

---

[*] Judge Motz took no part in the disposition of the W.D. Louisiana and D. Maryland actions. Judge Miller took no part in the disposition of this matter.

[1] Certain plaintiffs have argued that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance
(continued...)



EXHIBIT
J

# INVOLVED COUNSEL LIST
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Eddie Joe Wooten, et al. v. CertainTeed Corp., et al.,* W.D. Arkansas, C.A. No. 2:07-2004
*Jack Franklin v. CSX Transportation, Inc.,* S.D. Illinois, C.A. No. 3:06-1058
*Teressa Bell, etc. v. Rowan Companies, Inc., et al.,* M.D. Louisiana, C.A. No. 3:06-785
*Daniel Jarrell v. Franks Petroleum, Inc., et al.,* W.D. Louisiana, C.A. No. 6:06-2190
*Linda Hudson, et al. v. Rapid-American Corp., et al.,* D. Maryland, C.A. No. 1:06-3319

Richard Damon Albert
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Ronald A. Ammann
Chamberlain, Harlicka, White,
Williams & Martin
1200 Smith Street
Suite 1400
Houston, TX 77002

Lance Arnold
Baldwin & Haspel
1100 Poydras Street
Energy Centre
Suite 2200
New Orleans, LA 70163

Allison Naquin Benoit
Kean, Miller, et al.
301 Main Street
18th Floor
P.O. Box 3513
Baton Rouge, LA 70821

Ali Abed Beydoun
Carr Maloney PC
1615 L Street NW
Suite 500
Washington, DC 20036

Gary A. Bezet
Kean, Miller, Hawthorne,
D'Armond, et al.
One American Place
22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Anna Louise Blanchard
King, Leblanc & Bland, LLP
6363 Woodway
Suite 750
Houston, TX 77057

John J. Boyd, Jr.
Lord & Whip, P.A.
Charles Center South
36 S Charles Street
10th Floor
Baltimore, MD 21201

Malcolm S. Brisker
Goodell, DeVries, Leech & Dann
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

Christine Z. Carbo
Strasburger & Price
1401 Mckinney
Ste 2200
Houston, TX 77010-4035

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Richard A. Chopin
Chopin Wagar Richard & Kutcher
Two Lakeway Center
3850 N. Causeway Blvd.
Suite 900
Metairie, LA 70002

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

William G. Davis
Milling, Benson, Woodward, LLP
339 Florida Street
Suite 300
Baton Rouge, LA 70801-1726

Paul Joseph Day
DLA Piper US, LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Robert E. Dille
Kean, Miller, Hawthorne, D'armond,
Mccowan & Jarma
P. O. Box 3513
22nd Floor
Baton Rouge, LA 70821-3513

Thomas L. Doran
DeCaro, Doran, Siciliano,
Gallagher, et.al.
4601 Forbes Boulevard
Suite 200
P.O. Box 40
Lanham, MD 20703

George C. Doub, Jr.
George C. Doub, PC
12 West Madison Street
Baltimore, MD 21201-5231

Kathleen F. Drew
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

INVOLVED COUNSEL LIST - MDL-875

Michael W. Siri
Robinson Woolson, PA
217 E. Redwood St., Suite 1500
Baltimore, MD 21202

Michelle D Siri
Segal, McCambridge, Singer
& Mahoney, Ltd.
One N. Charles Street
Suite 2500
Baltimore, MD 21202-3316

Jena W. Smith
Baldwin & Haspel
Energy Centre, Suite 2200
1100 Poydras Street
New Orleans, LA 70163

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building,
645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Keith R. Truffer
Royston, Mueller, McLean & Reid
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Michael P. Vanderford
Anderson, Murphy & Hopkins, L.L.P.
First Commerical Bldg.
400 West Capitol Avenue
Suite 2640
Little Rock, AR 72201

Margaret F. Ward
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Richard N. Watts
Watts, Donovan & Tilley, P.A.
200 South Commerce Street
Suite 200
Little Rock, AR 72201-1769

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Jim Wetwiska
Akin, Gump, Strauss, Hauer & Feld
1111 Louisiana Street
44th Floor
Houston, TX 77002-5200

Elizabeth S. Wheeler
King, Leblanc & Bland, LLP
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170

Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Russell B. Winburn
Odom Law Firm, P.A.
No. 1 East Mountain Street
P.O. Drawer 1868
Fayetteville, AR 72702

James Steven Zavakos
Law Offices of Peter G. Angelos, P.C.
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, MD 21201-3804

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY
EXECUTRIX OF THE ESTATE OF DON BELL

VERSUS

ROWAN COMPANIES, INC , Successor to Rowan Drilling Co ; TEXACO REFINING
& MARKETING INC , Successor in interest to Tidewater Oil Company and Getty Oil
Company; SCHLUMBERGER, Successor in interest to Magcobar; M-I L L C ,
Successor in interest to Magcobar; UNION CARBIDE CORPORATION, Successor in
interest to Union Carbide and Carbon Corporation; CONOCO PHILLIPS COMPANY,
Successor in interest to Phillips Petroleum Company; TIDEWATER, INC , Successor in
interest to Tidewater Marine Service, Inc; NOBLE DRILLING CORPORATION

NO. 547151 ____  DIV. Sec 23

---

## PETITION

The petition of Teressa Bell, individually and as testamentary Executrix of the Estate of Don

Bell, with respect represents:

I.

Made defendants herein are:

ROWAN COMPANIES, INC , a foreign corporation, authorized to do and doing
business in the State of Louisiana, having designated as its agent for service of process
C T Corporation, 8550 United Plaza Blvd , Baton Rouge, LA 70809   The Defendant
is a successor in interest to Rowan Drilling Co ;

TEXACO REFINING & MARKETING, INC , a Delaware corporation, which has
designated The Prentice-Hall Corporation System, Inc , 320 Somerulos St , Baton
Rouge, LA 70802-6129 as its registered agent for service of process   The Defendant
is a successor in interest to Tidewater Oil Company and Getty Oil Company;

SCHLUMBERGER TECHNOLOGY CORPORATION, a Texas corporation, which has
designated National Registered Agents, Inc , 1280 Clausel Street, Mandeville, LA 70448
as its registered agent for service of process   The Defendant is a successor in interest to
Magcobar;

M - I L L C , a Delaware corporation, authorized to do and doing business in the State of
Louisiana, having designated C T Corporation, 8550 United Plaza Blvd , Baton Rouge,
LA 70809 as its registered agent for service of process   The Defendant is a successor in
interest to Magcobar;

UNION CARBIDE CORPORATION, a foreign corporation authorized to do and doing
business in the State of Louisiana, having designated C T Corporation, System, Inc , 320
Somerulos St , Baton Rouge, LA 70802-6129 as its registered agent for service of
process   The Defendant is a successor in interest to Union Carbide and Carbon Corp,;



CONOCO PHILLIPS COMPANY, a Delaware corporation, authorized to do and doing business in the State of Louisiana having designated United States Corporation Company 320 Somerulos Street, Baton Rouge, LA 70802-6129 as its registered agent for service of process   The Defendant is a successor in interest to Phillips Petroleum Company;

TIDEWATER, INC., a Delaware corporation, which has designated S O P , Inc , 601 Poydras St , Suite 1900, New Orleans, LA 70130-6040 as its registered agent for service of process.  The Defendant is a successor in interest to Tidewater Marine Service, Inc ;

NOBLE DRILLING CORPORATION, a Delaware Corporation, authorized to do and doing business in the State of Louisiana having designated C. T. Corporation System, 8550 United Plaza Blvd , Baton Rouge, LA 70809 as its registered agent for service of process

each of whom are justly and truly indebted, in solido, unto the Plaintiffs, Teressa Bell, individually and in her capacity as testamentary Executrix of the Estate of Don Bell for such amount of money as will reasonably compensate plaintiffs for all their damages and injuries as hereafter set forth:

2

The amount in controversy exceeds the sum of $75,000 00

3

From about 1949 until sometime before his retirement or about 1985, Don Bell was an employee of Tidewater Oil Company, later known as Getty Oil Company and now known as Texaco Refining and Marketing Inc , inter alia, on marine vessels owned, leased, chartered and/or operated by Rowan Companies, Inc and Tidewater Inc , Successor in Interest to Tidewater Marine Service, Inc  During that time, Don Bell was engaged in, inter alia, the mixing of drilling mud necessary to fulfill the purpose and operation of the marine drilling vessels, identified in part as Rowan #6, Rowan # 21 and Rowan # 18.

4

In the process of mixing drilling mud, Don Bell was required to handle asbestos fibers which were utilized in thickening the drilling mud during the drilling process, including the moving of sacks of raw asbestos, dumping raw asbestos into a "chemical hopper which was located in the mud room of the vessel".  Don Bell was also required to move and stack the 60 pound bags of raw asbestos, and frequently worked in an enclosed environment where asbestos dust was present in the air

5

From 1948 until 1969, while working on the aforesaid marine vessels in , Don Bell was constantly subjected to an unreasonably dangerous condition which rendered the above named

vessels unseaworthy in that he was exposed to asbestos fibers

6

That part of his duties for Tidewater Oil Company and later Getty Oil Company, was the
mixing of drilling mud which contained raw asbestos fibers and the moving of sacks or bags of raw
asbestos so that it could be mixed in the drilling mud for the purpose of thickening the drilling mud

7

The Defendants, Texaco Refining & Marketing Inc , Successor
in Interest to Tidewater Oil Company and Getty Oil Company and Noble Drilling Corporation,
through their agents, specified the chemicals and ingredients used in the drilling mud and required
that asbestos be used during the drilling process to facilitate the drilling process  The Defendants,
Texaco Refining & Marketing, Successor in Interest to Tidewater Oil Company and Getty Oil
Company and Noble Drilling Corporation not only specified the type and quantity of asbestos to be
used but also caused asbestos containing products to be stored on the vessel on a constant basis
Don Bell and others who were working on the aforesaid marine vessels operated by the Defendants
were exposed to this dust containing asbestos particles on a daily and constant basis

8

The Defendants named hereinabove know or should have known of the
unreasonable risk of bodily injury to Don Bell or others working on the vessels at issue in this
litigation but, despite that knowledge, failed to adequately warn Don Bell and other crew
members regarding the dangers of serious bodily injury associated with the exposure to asbestos
fibers or asbestos containing products which were used and stored on the aforesaid vessels

9

Schlumberger, Successor in Interest to Magcobar; M-J L L C , Successor in Interest to
Magcobar; Union Carbide Corporation, Successor in interest to Union Carbide and Carbon
Corporation; and Conoco Phillips Company, Successor in Interest to Phillips Petroleum
Company, produced the asbestos fibers for use by the Defendants, Texaco Refining & Marketing
Inc., Successor in Interest to Tidewater Oil Company and Getty Oil Company, and Noble Drilling
Corporation on the drilling rigs, inland barges and/or other vessels operated by those companies
These companies knew or should have known at the time that they were mining and/
or marketing the asbestos  that the use of and storage of asbestos  would pose an unreasonable

Page 3

risk of serious bodily injury to Don Bell or others working on the vessels

10.

At no time during his employment did the defendants advise Don Bell or his co-workers of the dangers and hazards of breathing asbestos fibers.

11.

As a direct and proximate result of the Don Bell's exposure to the asbestos fibers during the time that he was employed on the said marine drilling vessels owned and/or operated by the defendants, Rowan Companies, Inc., Texaco Refining & Marketing Inc., Tidewater Inc. and Noble Drilling Corporation. Don Bell suffered serious and permanent injuries from the inhalation of asbestos fibers.

12.

Plaintiffs allege that the resulting injuries and damages are the direct and proximate result of the negligence of the Defendants and the unseaworthiness of the respective vessels owned and/or operated by the Defendants, Rowan Companies, Inc., Successor in Interest to Rowan Drilling Co.; Texaco Refining & Marketing Inc., Successor in Interest to Tidewater Oil Company and Getty Oil Company; Tidewater, Inc., Successor in Interest to Tidewater Marine Service, Inc.and Noble Drilling Corporation.

13.

The negligence of the defendants includes, but is not limited to:

a) Failure to provide Don Bell with a safe place to work;

b) Failure to provide adequate warnings with regard to the dangers of inhaling asbestos fibers;

c) Failure to provide a method for storing and handling the raw asbestos in a way that would prevent Don Bell from inhaling asbestos dust and fibers;

d) Requiring Don Bell to handle raw asbestos fibers without proper safety equipment or warning;

e) By using asbestos fibers in the drilling process or by causing asbestos fibers to be used in the drilling process at a time when Defendants knew or should have known that such use was unreasonably dangerous to the Don Bell and to his co-workers;

Page 4

f)   Other acts of negligence and/or fault which may be established through discovery and presented at the time of trial;

g)   Generally the failure of the Defendants to act with the required degree of care commensurate with the existing situation.

14.

Plaintiff alleges that, as a direct and proximate result of the aforegoing mentioned negligence of the defendants that Don Bell has suffered severe and permanent injuries including injuries to his lungs, which has caused him to incur physical injury, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life in the future for which he is entitled to be compensated by the Defendants in an amount which is just and reasonable in the premises.

15

Don Bell died on April 17, 2006 of lung cancer and his widow, Teressa Bell has and will suffer loss of consortium as a result of the death of Don Bell

16

Plaintiffs would show that the vessels were unseaworthy in the following non-exclusive respects:

a)   Failure to provide a safe working environment which would have prevented the Don Bell from being exposed to asbestos fibers and asbestos dust;

b)   Failure to provide safety equipment to prevent Don Bell from having to inhale asbestos fibers and dust

c)   Other items of unseaworthy conditions which may be established through discovery and shown at the time of trial of this matter

17

Plaintiffs brings this suit under the Jones Act 46 U.S.C. 466, the General Maritime Law pursuant to the Savings to Suitor Clause, 28 U S C § 1333 and the laws of the State of Louisiana.

18.

At all times relevant hereto, the conduct of the Defendants was willful, wanton, malicious, outrageous, beyond the bounds of reasonableness and, were undertaken with reckless disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover

disregard for the rights of the Plaintiffs. Accordingly, the Plaintiffs are entitled to recover punitive damages from the Defendants, jointly and severally and in solido in an amount to be determined at the trial of this matter, where such punitive damages are allowed by law.

19.

Teressa Bell has qualified as Testamentary Executrix of the Succession of Don F Bell, Sr, Probate number 2108B, Ascension Parish, Louisiana per Letters of Testamentary, dated August 21, 2006

WHEREFORE, Plaintiffs pray that the Defendants be duly cited to appear and answer this petition and that after due proceedings are had, that the Plaintiffs be awarded judgment in their favor and against the Defendants, jointly and severally, as follows:

I       For compensatory damages for all medical expenses incurred and to be incurred in the future by Plaintiff, if applicable;

II.     For compensatory damages for past, present and future physical pain and suffering, if applicable;

III.    For compensatory damages for emotional distress suffered by Plaintiff;

IV.     For punitive damages;

V.      For legal interest on any amount so awarded from date of judicial demand until paid;

VI.     For all reasonable costs of court and expert witness fees; and

VII.    For all such general and equitable relief as may be appropriate in the premises

BY ATTORNEYS:

_____
PATRICK W. PENDLEY (LSBA #10421)
PENDLEY, BAUDIN & COFFIN
P O. DRAWER 71
24110 EDEN STREET (70764)
PLAQUEMINE, LA 70765-0071
TELE: 225/687/6396 FAX: 225/687/6398

FILED _9-8-06_

Signed _Brittany Baucum_

By Clerk

A True Copy _9-12-06_

_Darrell Bourgoyne_

Dy Clerk

Page 6

TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY
EXECUTRIX OF THE ESTATE OF DON BELL
VERSUS
ROWAN COMPANIES, INC ET AL

## SERVICE INFORMATION

**ROWAN COMPANIES, INC.,** a foreign corporation, authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C. T. Corporation, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

**TEXACO REFINING & MARKETING, INC.,** a Delaware corporation, authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being The Prentice-Hall Corporation System, Inc , 320 Somerulos St , Baton Rouge, LA 70802-6129.

**SCHLUMBERGER TECHNOLOGY CORPORATION,** a Texas corporation, authorized to so and doing business in the State of Louisiana, with its registered agent for service of process being National Registered Agents, Inc., 1280 Clausel Street, Mandeville, LA

**M-I L.L.C.,** a Delaware corporation, authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C.T. Corporation, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

**UNION CARBIDE CORPORATION,** a foreign corporation, authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C.T Corporation, System, inc., 320 Somerulos St., Baton Rouge, LA 70802-6129.

**CONOCO PHILLIPS COMPANY,** a Delaware corporation, authorized to do and doing business in the State of Louisiana with its registered agent for service of process being United States Corporation Company, 320 Someulos Street, Baton Rouge, La 70802-6129.

**TIDEWATER, INC.,** a Delaware corporation, authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being S.O.P., Inc., 601 Poydras St., Suite 1900, New Orleans, LA 70130-6040.

**NOBLE DRILLING CORPORATION,** a Delaware corporation, authorized to do and doing business in the State of Louisiana, with its registered agent for service of process being C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809

FILED
U.S. DIST. COURT
MIDDLE DIST. OF L...

2006 OCT 10  PM 3: 53

SGN_____
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY EXECUTRIX OF THE ESTATE OF DON BELL | * * * * | CIVIL ACTION<br><br>NO. O6-785-FJP-DLD |
| VERSUS | * * | SECTION |
| ROWAN COMPANIES, INC., Successor to Rowan Drilling Co.; TEXACO REFINING & MARKETING INC., Successor in interest to Tidewater Oil Company and Getty Oil Company; SCHLUMBERGER, Successor in interest to Magcobar; M-J L.L.C., Successor in interest to Magcobar; UNION CARBIDE CORPORATION, Successor in interest to Union Carbide and Carbon Corporation; CONOCO PHILLIPS COMPANY, Successor in interest to Phillips Petroleum Company; TIDEWATER, INC., Successor in interest to Tidewater Marine Service, Inc.; NOBLE DRILLING CORPORATION | * * * * * * * * * * * * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*



EXHIBIT
L

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA:**

NOW INTO COURT, through undersigned counsel, comes Rowan Companies, Inc.

(Rowan), who respectfully avers:

1.

On September 8, 2006, Teressa Bell, individually and as the testamentary executrix of the

estate of Don Bell, filed a lawsuit against Rowan Companies, Inc., successor to Rowan Drilling

Co.; Texaco Refining & Marketing Inc., successor in interest to Tidewater Oil Company and

Getty Oil Company; Schlumberger, successor in interest to Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation, successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company, successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to Tidewater Marine Service, Inc.; and Noble Drilling Corporation in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Docket No. 547151, Section 23, entitled, *Teressa Bell, Individually and as Testamentary Executrix of the Estate of Don Bell v. Rowan Companies, Inc., successor to Rowan Drilling Co.; Texaco Refining & Marketing Inc., successor in interest to Tidewater Oil Company and Getty Oil Company; Schlumberger, successor in interest to Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation, successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company, successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to Tidewater Marine Service, Inc.; Noble Drilling Corporation*, a copy of which is attached as Exhibit "1."

2.

Service was requested upon Rowan through its agent for service of process, C.T. Corporation, 8550 United Plaza Boulevard, Baton Rouge, Louisiana 70809. Service was perfected upon Rowan on September 14, 2006.

3.

This Notice of Removal is filed within thirty (30) days of the receipt of service of papers with a notice of the filing of this lawsuit on the part of Rowan.

2

4.

Rowan is a foreign corporation organized under the laws of a state other than Louisiana.

5.

Rowan pleads that defendant, M-I, LLC, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

6.

Rowan pleads that defendant, Union Carbide Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

7.

Rowan pleads that defendant, Noble Drilling Corporation, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

8.

Rowan pleads that defendant, Conoco Phillips Company, a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

9.

Rowan pleads that defendant, Tidewater, Inc., a Delaware corporation authorized to do and doing business in the State of Louisiana, consents to this removal.

10.

There is complete diversity between the plaintiff and all defendants.

3

11.

Plaintiff specifically states in her Petition for Damages, paragraph 2, that the amount of the controversy exceeds $75,000.00.

12.

Thus, plaintiff, herself, has plead an alternate jurisdictional basis upon which removal is permitted and proper, pursuant to 28 U.S.C. 1332(a).

13.

Pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1446, the defendant is entitled to remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. In accordance with 28 U.S.C. 1446(b), Rowan will provide appropriate notice of this removal to the plaintiff and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

14.

All defendants consent in the removal of this case from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

15.

A copy of all process, pleadings, and orders filed with the 19th Judicial District Court are attached hereto to this notice.

**WHEREFORE**, Rowan, defendant and petitioner, prays that the action entitled, *Teressa Bell, Individually and as Testamentary Executrix of the Estate of Don Bell v. Rowan Companies,*

4

Inc., successor to Rowan Drilling Co.; Texaco Refining & Marketing Inc., successor in interest to Tidewater Oil Company and Getty Oil Company; Schlumberger, successor in interest to Magcobar; M-J L.L.C., successor in interest to Magcobar; Union Carbide Corporation, successor in interest to Union Carbide and Carbon Corporation; Conoco Phillips Company, successor in interest to Phillips Petroleum Company; Tidewater, Inc., successor in interest to Tidewater Marine Service, Inc.; Noble Drilling Corporation, Docket No. 547151, Section 23, pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from that state court to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

CHOPIN, WAGAR,
RICHARD & KUTCHER, L.L.P.

By: _____

RICHARD A. CHOPIN  (#4088)
ALEXIS M. MYERS  (#27709)
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9540
*Attorney for Defendant,*
*Rowan Companies, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 5th day of October , 2006, served a copy of the foregoing pleading on counsel for all parties by:

( ) Hand Delivery      (X) Prepaid U. S. Mail
( ) Facsimile            ( ) UPS/Federal Express

_____
RICHARD A. CHOPIN

5

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESSA BELL, INDIVIDUALLY AND AS TESTAMENTARY EXECUTRIX OF THE ESTATE OF DON BELL | CIVIL ACTION NO. 06-785 |
| | JUDGE: POLOZOLA |
| | MAGISTRATE JUDGE: DALBY |
| VERSUS | |
| ROWAN COMPANIES, ET AL | |

## NOTICE OF TAG ALONG ACTION

PLEASE TAKE NOTICE THAT, on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in the federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5 provides:

> Any party of counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The

EXHIBIT

M

Clerk of that Panel may either: (1) enter a conditional transfer order pursuant to MDL

Rule 7.4(a) or (2) file an order to show cause why the action should not be transferred,

pursuant to MDL Rules 7.5(c) and 7.3.

Respectfully Submitted,

**ABBOTT, SIMSES & KUCHLER, PLC**

Lawrence E. Abbott, T.A. (La. Bar No. 2276)
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Sarah E. Iiams, T.A. (La. Bar No. 22418)
McGready L. Richeson, T.A. (La. Bar No. 29398)
Ernest G. Foundas (La. Bar No. 24419)
Michael H. Abraham (La. Bar No. 22915)
Jennifer D. Zajac (La. Bar No. 28564)
Robert E. Guidry (La. Bar No. 28064)
Charlotte P. Livingston (La. Bar No. 26894)
Kendra L. Duay (La. Bar No. 25652)
400 Lafayette Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933

And

Kevin Jordan, T.A. (La. Bar No. 30572)
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77001
Telephone (713) 229-1234
Facsimile (713) 229-1522

**Attorneys for Defendant,**
**Union Carbide Corporation**

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the Notice of Tag-Along Action, Notice of Removal, including the Original Petition for Damages, have been sent via overnight mail to:

The Honorable Michael J. Beck
Clerk, Multidistrict Judicial Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

     I further certify that a copy of the Notice of Tag-Along Action, including attachments, was sent via U.S. Mail, First Class Postage Prepaid and properly addressed to:

Patrick W. Pendley, Esquire
Pendley, Baudin & Coffin, LLP
P.O.Drawer 71
Plaquemine, LA 70764-0071

Ronald A. Ammann, Esquire
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77062

Jena W. Smith, Esquire
Baldwin Haspel
1100 Poydras Street, Suite 2200
New Orleans, LA 70163

Richard Chopin, Esquire
Chopin, Wagar, Richard & Kutcher, LLP
3850 N. Causeway Blvd., Suite 900
Metairie, LA 70002

Kathleen F. Drew, Esquire
Adams & Reese
701 Poydras Street, Suite 4500
New Orleans, LA 70139

I hereby certify to the above on this _____ day of December, 2006.

McGready L. Richeson, Esquire