JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL 875

OCT - 5 2007

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| JAMES SAMUEL WARFIELD, et ux. | * | UNITED STATES JUDICIAL PANEL |
| Plaintiffs | * | ON MULTIDISTRICT LITIGATION |
| v. | * | MDL NO. 875 |
| NORTHRUP GRUMMAN SHIP SYSTEMS, INC. | * | D MARYLAND C.A. NO. 1.07.1870 |
| NEWPORT NEWS SHIPBUILDING AND DRYDOCK COMPANY | * | (JUDGE RICHARD D. BENNETT) |
| SELBY BATTERSBY AND COMPANY | * | |
| PARAMOUNT PACKING AND RUBBER INC. | * | |
| JH FRANCE REFRACTORIES CO. | | |
| RAPID AMERICAN CORPORATION | * | |
| INTERNATIONAL PAPER COMPANY | | |
| THE GOODYEAR TIRE & RUBBER CO. | * | |
| ANCHOR PACKING COMPANY | | |
| GARLOCK SEALING TECHNOLOGIES, LLC | * | |
| ALLTITE GASKETS | * | |
| PHELPS PACKING & RUBBER CO. | | |
| OWENS-ILLINOIS GLASS CO., f/k/a OWENS-ILLINOIS, INC. | * | |
| GEORGIA PACIFIC CORPORATION | * | |
| JOHN CRANE-HOUDAILLE, INC. | | |
| HOPEMAN BROTHERS | * | |
| GENERAL REFRACTORIES COMPANY | | |
| UNIROYAL, INC. | * | |
| DURABLA MAUFACTURING CO. | | |
| LLOYD E. MITCHELL INC. | * | |
| MCIC, f/k/a MCCORMICK ASBESTOS COMPANY | * | |
| UNIVERSAL REFRACTORIES CO. | | |
| A. W. CHESTERTON COMPANY | * | |
| WORTHINGTON PUMP INC. | | |
| E. L. STEBBINGS & COMPANY | * | |
| METROPOLITAN LIFE INSURANCE CO. | | |
| WAYNE MANUFACTURING CORP. | * | |
| UNION CARBIDE CORPORATION | | |
| MELRATH GASKET INC. | * | |
| VIACOM, INC. | | |
| PREMIER REFRACTORIES, INC. | * | |
| GENERAL ELECTRIC COMPANY | | |
| HARBISON-WALKER REFRACTORIES | * | |
| AMCHEM PRODUCTS, INC. | | |

OFFICIAL FILE COPY
IMAGED OCT 9 2007

RECEIVED CLERK'S OFFICE 2007 OCT -5 A 10:52 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

HONEYWELL, INC.                         *
THE FLINTKOTE CO.
HOPEMAN BROTHERS, INC.                  *
FLEXITALLIC GASKET CO., INC.
FOSTER WHEELER CORPORATION              *
FOSTER WHEELER ENERGY CORP.
                                        *
    Defendants
                                        *
*       *       *       *       *       *       *       *       *       *       *       *       *

## MOTION AND MEMORANDUM TO VACATE
## CONDITIONAL TRANSFER ORDER

James Samuel Warfield, et ux., Plaintiffs, by their attorneys Robert G. Skeen, Harry Goldman, Jr., Skeen, Goldman, L.L.P., move to vacate the Order for Conditional Transfer.

1.     Pursuant to Md. Rule 7.2, Movant states the following:

    (a)    The complete name of the <u>Warfield</u> action is set forth hereinabove together with the names of all Defendants.

    (b)    The <u>Warfield</u> action is pending in the United States District Court for the District of Maryland, Baltimore Division.

    (c)    The civil action number of the <u>Warfield</u> action is C.A. No.1-07-1870.

    (d)    The judge assigned to the <u>Warfield</u> action is the Honorable Richard D. Bennett.

2.     The pertinent procedural history is as follows:

    (a)    On July 16, 2007, Newport News Shipbuilding and Drydock Company and Norfolk Grumman Ship Systems, Inc. filed a Notice of Removal of this matter based on nondiversity grounds. On August 13, 2007 Plaintiffs filed a Voluntary Dismissal Without Prejudice of the removing party, Defendant Newport News Shipbuilding and Drydock Company and Norfolk Grumman Ship Systems, Inc. and a Motion to Remand.

2

Case MDL No. 875   Document 5197   Filed 10/05/07   Page 3 of 12

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 5 2007

FILED
CLERK'S OFFICE

(b)     The District Court ordered that responses to the Plaintiff's Motion to Remand were due on August 30, 2007.

(c)     Plaintiff believes and therefore alleges that no responses have been filed since none have appeared on the electronic docket.

(d)     This matter remains <u>sub</u> <u>curie</u> in the Maryland District Court at present.

2.   Plaintiff Warfield therefore moves to vacate the MDL Order of conditional transfer on the basis that since the former removing party, Grumman Shipbuilding, et al. is no longer part of this action, no basis for Federal jurisdiction remains in the case and the Motion for conditional transfer should be vacated.

_____
Robert G. Skeen

_____
Harry Goldman, Jr.
Skeen, Goldman, L.L.P.
11 E. Lexington Street, 4th Floor
Baltimore, MD 21202
410-837-4222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3 day of October, 2007, the aforementioned Motion and Memorandum to Vacate and proposed Order were served U.S. mail, postage prepaid, upon the individuals on the attached service list.

_____
Harry Goldman, Jr.

C:\GSWLaw\C\A\WARFIELD\MOTION AND MEMORANDUM TO VACATE.doc

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-287)

James Samuel Warfield, et al. v. Northrop Grumman Ship Systems, Inc., et al.,
D. Maryland, C.A. No. 1:07-1870

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

John Caleb Dougherty
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Geoffrey S. Gavett
Gavett & Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
Towson, MD 21204

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

**MDL No. 875 - Panel Service List (Excerpted from CTO-287) (Continued)**

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Chidiebere Onukwugha
Segal, McCambridge, Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, MD 21201

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert G. Skeen
Skeen Goldman, LLP
11 East Lexington Street
4th Floor
Baltimore, MD 21202

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert W. Sullivan
Segal, McCambridge, Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, MD 21201

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building, 645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Kathleen Wobber
Parler & Wobber, LLP
406 East Joppa Rd.
The Hemenway Building
Towson, MD 21286

JAMES SAMUEL WARFIELD, et ux.  *  UNITED STATES JUDICIAL PANEL

    Plaintiffs  *  ON MULTIDISTRICT LITIGATION

v.  *  MDL NO. 875

NORTHRUP GRUMMAN SHIP  *  D MARYLAND C.A. NO. 1.07.1870
   SYSTEMS, INC.
NEWPORT NEWS SHIPBUILDING  *  (JUDGE RICHARD D. BENNETT)
   AND DRYDOCK COMPANY
SELBY BATTERSBY AND COMPANY  *
PARAMOUNT PACKING AND
   RUBBER INC.  *
JH FRANCE REFRACTORIES CO.
RAPID AMERICAN CORPORATION  *
INTERNATIONAL PAPER COMPANY
THE GOODYEAR TIRE & RUBBER CO.  *
ANCHOR PACKING COMPANY
GARLOCK SEALING  *
   TECHNOLOGIES, LLC
ALLTITE GASKETS  *
PHELPS PACKING & RUBBER CO.
OWENS-ILLINOIS GLASS CO.,  *
   f/k/a OWENS-ILLINOIS, INC.
GEORGIA PACIFIC CORPORATION  *
JOHN CRANE-HOUDAILLE, INC.
HOPEMAN BROTHERS  *
GENERAL REFRACTORIES COMPANY
UNIROYAL, INC.  *
DURABLA MAUFACTURING CO.
LLOYD E. MITCHELL INC.  *
MCIC, f/k/a MCCORMICK
   ASBESTOS COMPANY  *
UNIVERSAL REFRACTORIES CO.
A. W. CHESTERTON COMPANY  *
WORTHINGTON PUMP INC.
E. L. STEBBINGS & COMPANY  *
METROPOLITAN LIFE INSURANCE CO.
WAYNE MANUFACTURING CORP.  *
UNION CARBIDE CORPORATION
MELRATH GASKET INC.  *
VIACOM, INC.
PREMIER REFRACTORIES, INC.  *
GENERAL ELECTRIC COMPANY
HARBISON-WALKER REFRACTORIES  *
AMCHEM PRODUCTS, INC.

| | |
|---|---|
| HONEYWELL, INC. | * |
| THE FLINTKOTE CO. | |
| HOPEMAN BROTHERS, INC. | * |
| FLEXITALLIC GASKET CO., INC. | |
| FOSTER WHEELER CORPORATION | * |
| FOSTER WHEELER ENERGY CORP. | |
| | * |
| Defendants | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO VACATE CONDITIONAL ORDER OF TRANSFER

### PRELIMINARY STATEMENT

This case is one of some thousands of cases which was pending in the Circuit Court for Baltimore City, alleging exposure to asbestos and consequent asbestos related disease, in this case, asbestosis.

After the case had progressed for some time, Newport News Shipbuilding and Drydock Company and Grumman Ship Systems, Inc. were joined in the action by a First Amended Complaint, whereupon on July 16, 2007, that entity removed the case to Federal District Court pursuant to the Federal Officer Statute 28 U.S.C. §1442(a)(1). Procedurally, removal was effected by 28 U.S.C. CA §1441 on July 16, 2007.

Motion to remand, proper under 28 U.S.C. §1447(c), was filed on August 13, 2007, immediately following Plaintiff's Notice of Dismissal of the removing Defendants, without prejudice.

### OPERATIVE FACTS

This action was filed in State Court because the Plaintiff, James Warfield, who has asbestosis, had served as a sailor in the U.S. Navy in the mid-1970's when he was assigned to the

2

U.S.S. Coral Sea which, Plaintiff believes and therefore alleged was constructed by Newport News Shipbuilding and Drydock Company in Norfolk, Virginia on July 10, 1944.

In the mid-1970's, the Plaintiff Warfield was assigned to the steam heat division of the crew of the Coral Sea. At that time, his duties included the repair and replacement of the asbestos insulation of pipes, pumps, boilers and turbines aboard that ship. This consisted of the removal of the original asbestos insulation packing and covering and its replacement. This work went on for months and generated a great quantity of asbestos dust which was released into the work environment and which Warfield breathed. So far as is known, he had no other exposure to asbestos, nor did he otherwise undergo asbestos dust inhalation.

In October 2005, Mr. Warfield was under the care of the U.S. Veterans Administration Hospital in Baltimore, Maryland where after several years of observation, he was diagnosed as suffering from the disease asbestosis. He is 52 years of age and has been declared by the United States Social Security Administration to be a total disability under the Social Security Act. He uses oxygen to breathe part time during the day, depending on the atmospheric conditions and 12 hours during sleep.

The Defendants, Newport News Shipbuilding and Drydock Company and Grumman Ship Systems, Inc. were joined by Plaintiffs counsel in an effort to discover the identity of all manufacturers and suppliers and installers of asbestos products when the Coral Sea was originally constructed, the dust from whose products, in the course of its removal, was breathed by Mr. Warfield, resulting in his disease and disability.

## LEGAL ARGUMENT

On August 13, 2007, Plaintiffs filed a <u>praecipe</u> with the Clerk requesting that Newport News Shipbuilding and Drydock Company and Grumman Ship Systems, Inc. be dismissed from

3

this case without prejudice on the same day Plaintiffs filed their Motion to Remand. Since the only ground for the District Court's jurisdiction and the sole basis of removal was the alleged status of Newport News Shipbuilding and Drydock Company under the Federal Officers Statute and since that basis of jurisdiction has been removed by dismissal, the Motion to Remand should be granted and, consequently, the Multi District Litigation Panel will have no jurisdiction to transfer.

Plaintiffs submit that the District Court should remand this case to the Circuit Court for Baltimore City. Interestingly, this is a legal proposition upon which there is very little appellate authority, probably for the reason that the grant of an Order of Remand by a District Court cannot be appealed by reason of 28 U.S.C. §1447(d). This principal was recently confirmed by the United States Supreme Court in the case of Kircher v. Putnam Funds Trust, 126 S.Ct. 2145.

Although after the Federal officer is dismissed, the Federal Court has discretion to retain jurisdiction, this is not usually done. Usually, the Federal District Court remands. As stated in Volume 15 MOORE'S FEDERAL PRACTICE 3d Edition §107.15(1)(b)(VII), Pp. 107-122, 123.

> "Typically, however, the Court, exercising its discretion, will remand the case pursuant to §1447(c) in the absence of compelling reasons to retain the State claims."

The weight of authority is to this effect Martinez v. Seaton, 285 F.2d 587, 589-590 (10th Cir. 1961) cert. denied 366 U.S. 1946 (1961), Gulati v. Zuckerman, 723 F.S. 353, 359 (E.D.Pa. 1989), Herman Andrae Electrical Co. v. Freiberg, U.S.D.C. E.D. Wisconsin 332, FS 858, 1971, Peroff v. Manuel, et al., 421 FS 570, D.C. 1976 (Honorable Judge Oliver Gasch) relying on Herman and Martinez). Martinez is one of the few appellate authorities and is specially to be noted because there remand was not granted at the District Court but the Court of Appeals for the

4

Tenth Circuit reversed. The weight of authority is to the effect that the District Court, in the exercise of its informed discretion, will remand the case to State Court once the ground for its Federal jurisdiction is removed by the dismissal of the Federal officer, as is the case here.

Finally, it appears that remand following dismissal would be followed in the District Court. In Pack v. A.C.&S., U.S.D.C. D.Md. 1994, on Rehearing 857; F. Supp. 26, 28, District Judge Joseph H. Young observed as follows:

> Plaintiffs also argue that their motion for reconsideration should be granted under 28 U.S.C. §1447(c)[1]. Plaintiffs maintain that they did not allege injuries sustained from exposure to asbestos associated with Westinghouse marine turbines, that the federal contractor defense does not apply and removal under §1442(a)(1) is inappropriate. However, despite several invitations by Westinghouse to voluntarily dismiss claims arising from alleged injuries sustained from marine turbines, plaintiffs refused. Plaintiffs cannot have it both ways; it is unreasonable to claim that the action should be remanded to state court because none of the plaintiffs' injuries resulted from exposure to Westinghouse marine turbines and to refuse to voluntarily dismiss such claims.

Plaintiffs oppose the conditional transfer because they firmly believe that there is no federal jurisdiction over this case. First, the Shipyard is a privately-owned facility that regularly builds and repairs commercial vessels and installs asbestos products in various buildings throughout the Shipyard – unsupervised by the Navy or any other federal entity. Second, though the Shipyard has constructed and repaired Navy vessels, the Shipyard's liability in this case arises solely from its failure to warn its employees and third parties of workplace hazards and its failure to properly maintain a safe workplace. These general common law duties exist irrespective of any government contract and there is no evidence that the Navy ever prevented the Shipyard from warning its employees or their family members of the dangers of asbestos.

---

[1] FN2. 28 U.S.C. §1447(c) provides: If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Consequently, there is no causal nexus between the Shipyard's conduct under federal authority and Plaintiff's claim.

And third, to properly invoke federal officer removal, the Shipyard must show that it has a "colorable" federal defense. The only federal defense asserted by the Shipyard is the government contractor defense, a defense has been found "in thousands of asbestos cases" in the Eastern District of Virginia not to be available "in 'failure to warn' cases." McCormick v. C.E. Thurston & Sons, Inc., 977 F. Supp. 400, 403 (E.D. Va. 1997); see also Butler v. Ingalls Shipbuilding, Inc. 89 F.3d 582, 586 citing *In re Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992), quoting *Boyle,* 487 U.S. at 512, 108 S.Ct. at 2518; *In re Joint E. & S. Dist. New York Asbestos Litig.*, 897 F.2d 626, 629-32 (2d Cir. 1990)

Finally, on compassionate grounds, remand should be granted. In the Circuit Court for Baltimore City the Warfield case can be advanced for trial in view of his severe asbestosis and the uncertainty of his long term survival.

WHEREFORE, because the District Court still has jurisdiction[2] and an Order of Remand will probably be granted so as to remove any basis for Federal Jurisdiction, the Panel's Order of Conditional Transfer should be vacated.

---

[2] Faulk v. Owens Corning 48 F. Supp. 2nd 653, 657 (E.D. Tex 1999) Bartley v. Borden, Inc. 1996 WLG 842 (E.D.LA. 1996)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 5 2007

FILED
CLERK'S OFFICE

Respectfully submitted.

_____
Harry Goldman, Jr.
Federal Bar No. 02613


_____
Robert G. Skeen
Skeen, Goldman, L.L.P.
11 E. Lexington Street, 4th Floor
Baltimore, MD 21202
410-837-4222
Federal Bar No. 08789


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of October, 2007, the aforementioned Plaintiffs Memorandum of Law in Support of Their Motion to Vacate Conditional Order of Transfer was served U.S. mail, postage prepaid, upon the individuals on the attached service list.

_____
Harry Goldman, Jr.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2007 OCT -5 A 10:51
RECEIVED CLERK'S OFFICE