MDL **8 7 5**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 5 2007

FILED
CLERK'S OFFICE

1 ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
2 BRAYTON❖PURCELL LLP
Attorneys at Law
3 222 Rush Landing Road
P.O. Box 6169
4 Novato, California  94948-6169
(415) 898-1555
5 (415) 898-1247 Fax

6 Attorneys for Plaintiffs

7

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

8

9 IN RE: ASBESTOS PRODUCTS LIABILITY   )   **MDL DOCKET NO. 875**
LITIGATION (NO. VI),                 )   **CTO-287**
10                                    )
This Document Relates to:            )
11 ROBERT and SAMANTHA LYMAN v. UNION )
CARBIDE CORP., et al.                )
12 _____ )

13         **THE UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
14                **OAKLAND DIVISION**

15 ROBERT and SAMANTHA LYMAN,      )   No. C07-4240-SBA
          Plaintiffs,            )
16                               )   **PLAINTIFF'S MOTION BEFORE THE**
                                 )   **JUDICIAL PANEL ON MULTI-**
17 vs.                           )   **DISTRICT LITIGATION TO VACATE**
                                 )   **CONDITIONAL TRANSFER ORDER 287**
18 UNION CARBIDE CORP., et al.,   )   **AND BRIEF IN SUPPORT OF MOTION**
          Defendants.           )
19 _____ )

20

21      ROBERT and SAMANTHA LYMAN ("Movants" or "Plaintiffs") by and through their

22 counsel of record file this consolidated Motion and Brief to Vacate Conditional Transfer Order

23 287 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on September

24 6, 2007.

25      Movants respectfully move the Panel pursuant to JPML Rule 7.4(c) to vacate its

26 September 6, 2007 order conditionally transferring the above entitled and numbered case to the

27 United States District Court for the Eastern District of Pennsylvania.  This motion is based on the

28

1

K:\Injured\107053\FED-Motion to Vacate CTO.wpd

IMAGED OCT  9 2007      **OFFICIAL FILE COPY**

1    brief in support which is made a part of this filing, the accompanying exhibits A through D and

2    the supporting Declarations of Gilbert L. Purcell and Robert Lyman, and such other materials as

3    may be presented to the JPML at the time of the hearing on the motion.  Movant requests the

4    Clerk of the JPML to set this motion for hearing at the next session of the Panel. Rule 7.4(c)

5         **I.**      **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**[1]

6         This action for asbestos-related personal injury was originally filed by Robert Lyman and

7    his wife, Samantha, against thirty-one defendants in the San Francisco Superior Court on

8    December 29, 2006.  Exhibit D.  It qualified for priority setting for trial pursuant to California

9    Code of Civil Procedure section 36 because of the precarious and inevitably deteriorating state of

10   Mr. Lyman's health.  Trial began with the two plaintiffs and only three remaining defendants –

11   Union Carbide Corporation, Montello, Inc., and Honeywell International, Inc. – just seven

12   months later in early August, 2007.  All pretrial issues had been  litigated and resolved in the

13   state court, including Union Carbide's Motion for Summary Judgment. Union Carbide has

14   conceded that all pretrial discovery is complete.  Exhibit A at 8.  Identification of experts who

15   would testify at trial was complete.  The parties had all expended substantial time and money,

16   scheduled witnesses, including several expert witnesses, prepared exhibits, and completed their

17   trial preparations. Declaration of Gilbert L. Purcell.

18        Union Carbide indicated at trial that it might remove the matter to federal court once it

19   received confirmation that the last California defendant had settled, but it did not do so for

20   several days thereafter because not all of the diversity defendants had consented to removal.

21   During that time, the state trial court continued hearing *in limine* motions and other trial issues.

22   A jury panel was summoned and jury selection was scheduled to begin when Union Carbide,

23   acting without the required consent of all defendants, removed the action to the United States

24   District Court for the Northern District of California on August 17, 2007. Declaration of Gilbert

25

26        [1]This summary is based upon the Declarations of Gilbert L. Purcell and Robert F.
Lyman filed contemporaneously with and in support of this Motion to Vacate, as well as

27   attached Exhibits.  Throughout, Movants refer to Exhibit B (docket in the United States District
Court for the Northern District of California) with the additional numbered entry in the Clerk's

28   Record ("CR").

2
PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT
LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287 AND BRIEF IN
SUPPORT OF MOTION (Northern Dist. California C07-4240 SBA)

1   L. Purcell; Exhibit B at 3; CR 1.  The single non-consenting defendant, Honeywell International,

2   did not file its consent to removal with the district court until two weeks later, on August 30,

3   2007.  Exhibit B at 6; CR 42.  The Lymans agree that federal jurisdiction now exists  based on

4   diversity of citizenship between the Lymans and the remaining three defendants, and the fact that

5   the amount in controversy exceeds $75,000.

6         After removal, Union Carbide's first action in district court was to seek further delay by

7   moving that district court to stay all proceedings on the theory that this Panel needed to

8   determine with a single consistent ruling the question of whether Honeywell International was a

9   sham defendant in this case so that its consent was not required to effect removal.  Exhibit A at 2,

10  6; Exhibit B at 6; CR 36.  Although the motion to stay is now moot because Honeywell has filed

11  its formal consent to removal, Union Carbide has not withdrawn it. It is set for hearing before the

12  district judge on October 16, 2007.  Exhibit B at 6; CR 36.

13        Along with its Motion to Stay, Union Carbide filed a Notice of Tag-Along Action to

14  obtain the Conditional Order filed September 6, 2007 transferring this case to the MDL-875 in

15  the Eastern District of Pennsylvania.[2] Exhibit B at 5; CR 26. In its Notice, Union Carbide did not

16  inform the federal court in Pennsylvania that this matter was already in trial when it was removed

17  to federal court.

18        Mr. Lyman's health is rapidly deteriorating.  He is a 68 year old man suffering from lung

19  cancer and asbestos-related pleural disease diagnosed last November.  He is bed-ridden and

20  under a poor prognosis.  As he states: "My greatest concern is that soon I will be unable to travel

21  to San Francisco and tell the jury in my own words how I was injured by the defendants named in

22  my case. I am concerned I will be denied the right to stand up for myself, my wife and my family,

23  as I may become either too weak to travel or more likely succumb to this cancer before I have my

24  day in Court." Declaration of Robert F. Lyman.

25  ///

26

27        [2]The Conditional Order is not a determination on the merits.  *In re Grain Shipments*, 319
    F. Supp. 533 (J.P.M.L. 1970). Tag-along actions are not exempted from the statutory
28  requirement of a Panel determination on the merits.

3

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT
LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287 AND BRIEF IN
SUPPORT OF MOTION (Northern Dist. California C07-4240 SBA)

1       It is time for trial, not for further and unnecessary delay. The Lymans, therefore, move

2   this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United

3   States District Court in the Northern District of California to move the case speedily along to

4   trial. Justice and fairness demand that the delay occasioned by Union Carbide's action be

5   ameliorated by the setting of a prompt date for trial, which requires that the matter remain in the

6   Northern District of California. The situation is urgent because Mr. Lyman is unlikely to live

7   either to testify at or to assist in the trial of his claim if the matter is further delayed, and will

8   certainly never make it to the Eastern District of Pennsylvania to do so.

9                                 **II.  ARGUMENT**

10       Title 28, United States Code, section 1407(a) allows for the transfer of a civil action

11   "involving one or more common questions of fact" only if the Panel determines that a transfer

12   "will be for the convenience of parties and witnesses and will promote the just and efficient

13   conduct of such actions." The Lymans submit that this case does not meet these requirements.

14   Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than

15   enhance the progress of this case. If transfer goes forward, it is a certainty that Mr. Lyman will

16   never meet the jury in his own case. Instead of transfer, the Lymans wish to preserve their only

17   realistic opportunity to see their day in Court together by proceeding to prompt trial in the

18   Northern District of California.

19       The well-advanced stage of this litigation which was in trial when it was removed to

20   federal court, runs counter to the intent and purpose of the Judicial Panel on Multidistrict

21   Litigation when it created MDL-875 "for coordinated or consolidated **pretrial proceedings**," and

22   specifically limited its reach to actions that "are **not in trial**, and are pending outside the Eastern

23   District of Pennsylvania." (Emphasis added.) *In re Asbestos Products Liability Litigations (No.*

24   *VI)*,771 F.Supp. 415, 424 (Jud.Pan.Mult.Lit.,1991); 28 U.S.C.A. § 1407(a). At the conclusion of

25   pretrial proceedings, each case must be remanded back to the district court from which it

26   originated for trial. *In re Drowning Incident at Quality Inn Northeast, Washington, D.C., on*

27   *May 3, 1974*, 405 F.Supp. 1304 (Jud.Pan.Mult.Lit., 1976). The statute "obligates the Panel to

28

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT
LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287 AND BRIEF IN
SUPPORT OF MOTION (Northern Dist. California C07-4240 SBA)

1  remand any pending case to its originating court when, at the latest, those pretrial proceedings

2  have run their course." *Id.* (quoting *Lexecon, Inc. v. Milberg, Weiss, Bershand, Hynes & Lerach*,

3  523 U.S. 26, 34-35 (1998)).  This obligation to remand is 'impervious to judicial discretion'" *Id.*

4      **A.    This Case Does Not Share Common Factual Issues With Other MDL Cases**

5          Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common

6  facts present.  *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*

7  *1974,* 405 F. Supp. 1304, 1306 (J.P.M.L. 1976).  Implicit in this consideration is the requirement

8  that the common facts be more than minimal.  *In re Boeing Co. Employment Practices*

9  *Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.)  A mere showing of common questions of fact

10 is not sufficient alone to merit transfer.  *In re Truck Accident Near Almagordo, New Mexico on*

11 *June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L. 1975).

12         Because the Lymans' case is grossly dissimilar from the multi-party asbestos suits in

13 MDL 875 it should remain in California.  The mere presence of some common factual issues

14 does not automatically require transfer, even in asbestos exposure and personal injury actions

15 involving scientific causation issues.  While this case shares with all MDL 875 cases the

16 common material, asbestos fibers, it is wholly different in its simplicity and limited scope.  The

17 critical issues presented in the Lymans' case pertain to the time and place and amount of his

18 exposure to a handful of specific products containing asbestos,  not to the broad spectrum of

19 asbestos product manufacturers which are the focus of a majority of asbestos litigation.

20         Once it reached trial, this case had devolved through successful settlement or dismissal of

21 twenty-eight of its original thirty-one defendants into a simple, straightforward case where the

22 facts in dispute (other than the generic fact of asbestos exposure) were entirely unique to Mr.

23 Lyman's work history and identification of the products with which he, in particular, worked.

24 The evidence that will be presented in this case is essentially applicable to this one married

25 couple, and will be of little possible benefit to the parties in MDL 875.  Discovery is completed

26 here, anyway, and the parameters of the relevant evidence have already been defined.

27

28

**B.**   **Transfer Will Immensely Inconvenience Parties and Witnesses**

In its Order creating MDL 875, the Panel explained that since section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise". *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp 415, 422 (J.P.M.L. 1991).

Movants respectfully submit, however, that *effective* practice before the Eastern District of Pennsylvania, especially to get attention for this "small" case[3] before the single Judge charged with ruling on thousands of federal asbestos cases, will unavoidably require travel to Philadelphia for settlement conferences in chambers and court hearings before Judge Giles. Travel to Philadelphia will require expensive air fares and lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977). This places a heavy and entirely unnecessary burden on the Lymans. Mr. Lyman can barely leave his bed to travel to San Francisco for court appearances due to his rapidly failing health and weakened condition, nonetheless to Pennsylvania

**C.**   **Transfer Will Be Unjust and Inefficient.**

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the action in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation,* 76 F. Supp 2d 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

---

[3]*See generally In Re Mack Trucks, Inc. Antitrust Litig.* 405 F. Supp 14100, 1401 (J.P.M.L. 1975) (denying transfer despite existence of common facts and parties where the action proposed for transfer was a simple contract action capable of prompt resolution which upon transfer would have been entangled with complex antitrust matters previously transferred.)

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287 AND BRIEF IN SUPPORT OF MOTION (Northern Dist. California C07-4240 SBA)

1    Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;

2    (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and

3    judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993)

4    *See generally In Re 'East of the Rockies' Concrete Pipe Antitrust Cases,* 302 F. Supp. 244, 254-

5    255 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in

6    transfers for coordinated or consolidated pretrial ... Considerable time and trouble are in the sheer

7    mechanics of transferring and remanding.  After transfer, the process of segregating the pretrial

8    matters which should be remanded for handling by the transferor courts may be time-consuming,

9    as well as subject to reasonable disagreement ... The basic question before the Panel in each

10   proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the

11   statute are sufficiently served to justify the necessary inconvenience of transfer and remand.")

12   Consolidation of the Lymans' case with MDL 875 will not serve any of these aims.  This

13   case is no longer the complex administrative challenge it may have been when there were thirty-

14   one defendants, and is not suitable for transfer to MDL for that reason.  Its lack of complexity

15   makes this case dissimilar to the vast majority of cases in the MDL and places it outside the

16   arena of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. At most,

17   only minimal and simple, end-stage pretrial proceedings remain, which can be most efficiently

18   handled by the district court in Northern California where the trial will take place. Here, the

19   parties will be able to move quickly through any pretrial proceedings and either be in or close to

20   beginning trial by the time the Panel decides the matter.

21   The parties will not benefit from the MDL 875's focus on common asbestos defendants

22   because this case is focused on only three defendants.  It is nothing like a 'class action natured

23   asbestos action' (multiple unrelated plaintiffs against common asbestos product manufactures)

24   which was the context in which MDL 875 was created to eliminate duplicative discovery,

25   prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and

26   the judiciary.   This case is a straightforward personal injury action, one that the state court and

27   the parties were able to move rapidly to trial in only eight months.

28

K:\Injured\107053\FED-Motion to Vacate CTO.wpd
PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT
LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287 AND BRIEF IN
SUPPORT OF MOTION (Northern Dist. California C07-4240 SBA)

1    Nor is there any real promise of enhanced settlement potential in the Eastern District of

2  Pennsylvania. In its Opposition to the Lymans' pending motion in district court to set an

3  expedited trial date, Union Carbide clearly and unambiguously asserts its position that, "Union

4  Carbide believes that Mr. Lyman's cancer is the result of his extremely heavy smoking history,

5  and that Mr. Lyman was never exposed to any Union Carbide asbestos. . . Mr. Lyman was unable

6  to identify even one asbestos-containing product that he worked with or around that could have

7  contained Union Carbide's Calidria asbestos."[4]  Exhibit C at 2.  This is not the position of a

8  defendant who at such a late stage of the proceedings is likely to be amenable to yet more

9  settlement negotiations, except as a strategy for further delaying trial.  There is no reason to think

10  that transfer to the Eastern District of Pennsylvania will accomplish what the year of intense

11  discovery, settlement discussions, motions, and trial preparation already past could not.

12    The parties completed discovery at least two months ago, and identified all the experts

13  who were scheduled to testify at the August trial.  Trial had begun with the three remaining

14  defendants.  Now in federal court, a Case Management Conference before the district court is

15  scheduled for November 28, 2007.  Exhibit B at 6; CR 40.  In light of these events, Movants

16  respectfully submit that transfer at this stage in the proceedings to MDL-875 could not be more

17  inconvenient to the parties and witnesses, or more likely to obstruct rather than promote the just

18  and efficient conduct of this case.  Transfer  will serve only to delay the matter, while increasing

19  the judicial workload of the Pennsylvania court, and accomplishing no effective progress in the

20  action.

21    If the case were to be transferred, the Lymans would  immediately seek a remand order in

22  the Eastern District of Pennsylvania to send the case back to California because of its advanced

23  stage of litigation and demonstrated readiness for trial.  The statute "obligates the Panel to

24  remand any pending case to its originating court when, at the latest, those pretrial proceedings

25  have run their course." *Id.* (quoting *Lexecon, Inc. v. Milberg, Weiss, Bershand, Hynes & Lerach,*

26

27    ─────────────────────

28    [4]These matters are set for hearing in the district court on October 16, 2007.  Exhibit B at 6, 7; CR 36, 47.

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287 AND BRIEF IN SUPPORT OF MOTION (Northern Dist. California C07-4240 SBA)

1    34-35 (1998)). This obligation to remand is 'impervious to judicial discretion'" *Id.*    Indeed,

2    Judge Giles has the power to remand "with a minimum of delay" any actions that prove

3    incapable of benefitting from consolidation. *In re Equity Funding Corp.*, 397 F. Supp. at 886.

### CONCLUSION

5       The Lymans' case does not share common issues of fact with other asbestos litigation.

6    Transfer will serve neither the convenience of the parties nor the just and efficient conduct of the

7    case. This action is limited in nature (two plaintiffs, three defendants), has progressed in state

8    court through pretrial proceedings to jury selection, and no party will be prejudiced by the case

9    remaining where it is. It is not suitable for transfer to the MDL. Justice demands that it be

10    promptly set for trial in the Northern District of California before Mr. Lyman becomes entirely

11    incapacitated, or worse yet dies, from his asbestos injury.

12       For these reasons, and others explained below, Movants request that the Panel vacate the

13    Conditional Transfer Order 287 of September 6, 2007 as to Movants Robert and Samantha

14    Lyman.

15                          Respectfully submitted,

16

   Dated: October 8, 2007              BRAYTON❖PURCELL LLP

17

18                          By: _____

19                             David R. Donadio

                              State Bar of California  #154436

20                             BRAYTON❖PURCELL LLP

                              Attorneys at Law

21                             222 Rush Landing Road

                              P.O. Box 6169

22                             Novato, California  94948-6169

                              (415) 898-1555

23                             (415) 898-1247 Fax

                              Attorneys for Movants,

24                             Plaintiffs Robert and Samantha Lyman

25

26

27

28

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT
LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287 AND BRIEF IN
SUPPORT OF MOTION (Northern Dist. California C07-4240 SBA)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 5 2007

FILED
CLERK'S OFFICE

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiff

7
                **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**
8

9  IN RE: ASBESTOS PRODUCTS LIABILITY    )    **MDL DOCKET NO. 875**
   LITIGATION (NO. VI),                  )    **CTO-287**
10                                        )
   This Document Relates to:            )
11 ROBERT and SAMANTHA LYMAN  v.        )
   UNION CARBIDE CORPORATION, et al.    )
12 ─────────────────────────────────────)

13              **THE UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
14                    **OAKLAND DIVISION**

15 ROBERT and SAMANTHA LYMAN,            )    No. C07-4240-SBA
                                         )
16            Plaintiffs,                )    **RULE 7.2(A)(ii) SCHEDULE**
                                         )
17 v.                                    )
                                         )
   UNION CARBIDE CORPORATION, et         )
18 al.                                   )
              Defendants.                )
19 ─────────────────────────────────────)

20

21 **A.    Name of Action**

22       Robert and Samantha Lyman, Plaintiffs, vs. Union Carbide Corporation, et al.,

23       Defendants.

24 **B.    District Court**

25       United States District Court for the Northern District of California (Oakland Division)

26 **C.    Civil Action Number**

27       C07-4240-SBA

28 ///

1

**D.      Judges Assigned to Action**

2              The Honorable Saundra Brown Armstrong.

3    Dated: October 8, 2007                          BRAYTON❖PURCELL LLP

4

5                                            By: _____

6                                            David R. Donadio
                                             State Bar of California  #154436
7                                            BRAYTON❖PURCELL LLP
                                             Attorneys at Law
8                                            222 Rush Landing Road
                                             P.O. Box 6169
9                                            Novato, California  94948-6169
                                             (415) 898-1555
10                                           (415) 898-1247 Fax
                                             Attorneys for Movants,
11                                           Plaintiffs Robert and Samantha Lyman

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\107053\FED-Rule7Schedule.wpd
2
RULE 7.2(A)(ii) SCHEDULE- MDL DOCKET NO. 875, CTO-276 (Northern District of California, C07-424-SBA)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 5 2007

FILED
CLERK'S OFFICE

1   ALAN R. BRAYTON, ESQ., S.B. #73685
    DAVID R. DONADIO, ESQ., S.B. #154436
2   MARY E. POUGIALES, ESQ. S.B. #77807
    BRAYTON✦PURCELL LLP LLP
3   Attorneys at Law
    222 Rush Landing Road
4   P.O. Box 6169
    Novato, California  94948-6169
5   (415) 898-1555
    (415) 898-1247 (Fax No.)
6
    Attorneys for Plaintiffs
7

8         **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

9

10   IN RE: ASBESTOS PRODUCTS LIABILITY )    **MDL DOCKET NO. 875**
    LITIGATION (NO. VI),                   )    **CTO-287**
11                                         )
    This Document Relates To:             )
12                                         )
    ROBERT and SAMANTHA LYMAN     )
    v. UNION CARBIDE CORP., et al.       )
13                                         )

14             THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
15

16   ROBERT and SAMANTHA LYMAN,     )    No. C07-4240-SBA
                Plaintiffs,             )
17                                         )    **DECLARATION OF ROBERT F.**
    vs.                                   )    **LYMAN IN SUPPORT OF PLAINTIFF'S**
18                                         )    **MOTION BEFORE THE JUDICIAL**
    UNION CARBIDE CORP., et al.,       )    **PANEL ON MULTI-DISTRICT**
19                 Defendant.           )    **LITIGATION TO VACATE**
                                        )    **CONDITIONAL TRANSFER ORDER 287**

20

21         I, Robert F. Lyman, declare as follows:

22         1.  I have personal knowledge of the facts set forth in this declaration, and if called as a

23   witness, I could and would competently testify as to the truth of the matters set forth herein.

24         2. I am 68 years old, having just celebrated my birthday on August 13.  In October of last

25   year, 2006, I was diagnosed with lung cancer and asbestos-related pleural disease.  My doctors

26   confirmed their diagnosis by CT scans, PET scans and bronchoscopy in November of last year.

27   ///

28

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2007 OCT - 1   10: 37

RECEIVED
CLERK'S OFFICE

3.  I have undergone surgery for resection of my right lung followed by a tracheostomy. Due to my weakened condition the doctors did not prescribe chemotherapy and/or radiation treatments.  I have a history of other medical problems, vascular disease and heart murmur.  I have a pacemaker.  My neck has been broken twice and is set with a metal rod in place.

4.  Due to my lungs I continue to suffer from shortness of breath, pain, weakness, fatigue and loss of appetite.  My days are spent confined to bed.

5.  I am told by my physicians that my prognosis is poor and due to my health problems including the lung cancer and asbestos-related pleural disease, the symptoms listed previously, my already impaired ability to assist my attorneys and participate meaningfully in my law suit has and will continue to decline further as time passes.

6.  My greatest concern is that soon I will be unable to travel to San Francisco and tell the jury in my own words how I was injured by the defendants named in my case.  I am concerned I will be denied the right to stand up for myself, my wife and my family, as I may become either too weak to travel or more likely succumb to this cancer before I have my day in Court.

I declare the above declaration to be true and correct to the best of my knowledge.

Executed on October ___/___, 2007, at Silver Springs , Nevada.

Robert F. Lyman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 5 2007

FILED
CLERK'S OFFICE

1  GILBERT L. PURCELL, ESQ., S.B. #113603
   DAVID R. DONADIO, ESQ., S.B. #154436
2  MARY E. POUGIALES, ESQ., S.B. #77807
   BRAYTON❖PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
4  P.O. Box 6169
   Novato, California  94948-6169
5  (415) 898-1555
   (415) 898-1247 Fax
6
   Attorneys for Plaintiffs
7

8        **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

9  _____
   IN RE: ASBESTOS PRODUCTS LIABILITY)        **MDL DOCKET NO. 875**
10 LITIGATION (NO. VI),                )        **CTO-287**
                                       )
11 This Document Relates To:           )
                                       )
12 ROBERT and SAMANTHA LYMAN           )
   v. UNION CARBIDE CORP., et al.      )
13 _____)

14              **THE UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
15
   ROBERT and SAMANTHA LYMAN,   )   No. C07-4240-SBA
16          Plaintiffs,          )
                                 )   **DECLARATION OF GILBERT L.**
17 vs.                           )   **PURCELL IN SUPPORT OF**
                                 )   **PLAINTIFF'S MOTION BEFORE THE**
18 UNION CARBIDE CORP., et al.,  )   **JUDICIAL PANEL ON MULTI-**
          Defendant.            )   **DISTRICT LITIGATION TO VACATE**
19                               )   **CONDITIONAL TRANSFER ORDER 287**
                                 )
20 _____

21        I, Gilbert L. Purcell, do declare:

22        I am one of the attorneys assigned to handle this matter as it was prosecuted in San

23 Francisco Superior Court.  I am familiar with the factual and procedural background of the case

24 from my own personal knowledge and from my review of pleadings and records from the

25 Superior Court.  Based on this information I declare:

26        This action for asbestos-related personal injury was filed in San Francisco Superior Court

27 on December 29, 2006.  It qualified for priority setting pursuant to California Code of Civil

28

K:\Injured\107053\FED-GLP-Dec for MDL.wpd          1
DECLARATION OF GILBERT L. PURCELL IN SUPPORT OF PLAINTIFF'S MOTION
BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
CONDITIONAL TRANSFER ORDER 287 (Northern Dist. California C07-4240 SBA)

1    Procedure section 36 owing to the precarious and declining state of Mr. Lyman's health. Trial

2    began August 6, 2007. Pretrial issues were litigated and resolved before assignment for trial. At

3    trial Union Carbide's counsel began to speak about possible removal to federal court, but did not

4    actually do so for several more days. All the parties and the court discussed the fact that one of

5    the remaining defendants, Honeywell International, Inc., had not consented to removal. The state

6    trial court continued hearing *in limine* motions and other trial issues over the next court days.

7         A jury panel was summoned and jury selection was scheduled to begin when defendant

8    Union Carbide, acting without the required consent of all defendants, removed the action to this

9    court on August 17, 2007. The non-consenting defendant, Honeywell International, has since

10   filed a formal consent to removal with this court.

11        Our firm, and I personally, have expended substantial time and money in case

12   preparation. Witnesses, including expert witnesses traveling from substantial distances, were

13   scheduled. Trial exhibits and *in limine* motions were prepared. The matter was prepared and

14   ready for trial in August, 2007 as scheduled.

15        In my professional opinion, it is imperative that the trial take place as soon as possible,

16   and take place in the Northern District of California, because Robert Lyman is unlikely to be

17   able to testify at or to assist in the trial of his claim if the matter is further delayed, and his family

18   will suffer substantial and irreparable detriment if his death precedes a verdict. I am informed and

19   believe that Mr. Lyman's health continues to decline.

20        I declare the above declaration to be true and correct to the best of my knowledge.

21   Executed this 20th day of _____ September _____, 2007 in Novato, California.

22

23

24                                          _____
                                            GILBERT L. PURCELL
25                                          BRAYTON❖PURCELL LLP
                                            Attorneys for Plaintiffs Robert
26                                          and Samantha Lyman

27

28

DECLARATION OF GILBERT L. PURCELL IN SUPPORT OF PLAINTIFF'S MOTION
BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE
CONDITIONAL TRANSFER ORDER 287 (Northern Dist. California C07-4240 SBA)

1 | ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
2 | BRAYTON❖PURCELL LLP
Attorneys at Law
3 | 222 Rush Landing Road
P.O. Box 6169
4 | Novato, California  94948-6169
(415) 898-1555
5 | (415) 898-1247 (Fax No.)

6 | Attorneys for Plaintiff

7

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

8

9 | IN RE: ASBESTOS PRODUCTS LIABILITY )   **MDL DOCKET NO. 875**
LITIGATION (NO. VI),                              )   **CTO-287**
10 |                                                          )
This Document Relates to:                    )
11 |                                                          )
ROBERT and SAMANTHA LYMAN     )
12 | v. UNION CARBIDE CORP., et al.           )

13

**THE UNITED STATES DISTRICT COURT**
14 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

15 | ROBERT and SAMANTHA LYMAN,       )   No. C07-4240 SBA
16 |                                                          )
                         Plaintiff,                       )
17 |                                                          )
vs.                                                        )   **CERTIFICATE OF SERVICE**
18 |                                                          )
UNION CARBIDE CORP., et al.,              )
19 |                                                          )
                         Defendants.                  )
20

21 |            I am over 18 years of age and not a party to the within action. I am employed in

22 | the County of Marin, California; my business address is 222 Rush Landing Road, P.O. Box 6169,

23 | Novato, California, 94948-6169.

24 |            On the $5th$ day of October, 2007, I served the within:

25 | **PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-**
**DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER**
26 | **287 AND BRIEF IN SUPPORT OF MOTION (with Exhibits A-D)**

27 | **RULE 7.2(A)(ii) SCHEDULE**

28 | ///

K:\FORMS\POSTRIAL\FED-CertServ.wpd
Certificate of Service - MDL DOCKET NO. 875, CTO-276 (Northern District of California
Case No. C07-4240 SBA)

1

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2007 OCT -5  A 10: 38

RECEIVED
CLERK'S OFFICE

1 | **DECLARATION OF GILBERT L. PURCELL IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT**
2 | **LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287**

3 | **DECLARATION OF ROBERT F. LYMAN IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT**
4 | **LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 287**

5

6 | on the interested party(ies) in this action as LISTED ON THE **ATTACHED** "PANEL SERVICE

7 | LIST".

8

9 |   X   BY OFFICE MAILING: I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing

10 | with the United States Postal Service on that same day with postage thereon fully prepaid at Novato, California. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope,

11 | addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

12 | Executed this 5th day of October, 2007, at Novato, California.

13 | I declare under penalty of perjury that the foregoing is true and correct.

14

15 | Signature: _Jane Ehni_

16 | Jane Ehni

17

18

19

20

21

22

23

24

25

26

27

28

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-287)**

Robert F. Lyman, et al. v. Union Carbide Corp., et al., N.D. California, C.A. No. 4:07-4240

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

David R. Donadio
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Christopher M. Jhang
Perkins Coie, LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

**MDL No. 875 - Panel Service List (Excerpted from CTO-287) (Continued)**

Catherine N. Morris
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building, 645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Molly Jeannette Mrowka
Dillingham & Murphy
225 Bush Street
6th Floor
San Francisco, CA 94104

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

U.S.D.C - NORTHERN DIST . OAKLAND.
C07-4240 SBA
1301 Clay St. #005
Oakland , CA 94612-5212

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 5 2007

FILED
CLERK'S OFFICE

# EXHIBIT A

# EXHIBIT A

1  CATHERINE MORRIS KROW (STATE BAR NO. 208412)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
2  The Orrick Building
   405 Howard Street
3  San Francisco, CA  94105-2669
   Telephone:     (415) 773-5700
4  Facsimile:      (415) 773-5759
   ckrow@orrick.com
5
   Attorneys for Defendant
6  UNION CARBIDE CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

12  ROBERT F. LYMAN and SAMANTHA          CASE NO.  C 07-4240 SBA
    LYMAN,
13                                        **NOTICE OF MOTION AND MOTION
                Plaintiffs,               TO STAY CASE PENDING
14                                        TRANSFER TO MDL-875;
         v.                               MEMORANDUM OF POINTS AND
15                                        AUTHORITIES IN SUPPORT OF
    ASBESTOS DEFENDANTS (B*P), *et al.*,  MOTION TO STAY**
16
                Defendants.               Date:      October 16, 2007
17                                        Time:      1:00 p.m.
                                          Courtroom: 3, 3rd Floor, Oakland
18                                        Judge:     Hon. Saundra B. Armstrong

19

20

21

22

23

24

25

26

27

28

OHS West:260291126.1

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2007 OCT -5  A 10: 36

RECEIVED
CLERK'S OFFICE

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ....................................................................................................2

II.  FACTUAL BACKGROUND...................................................................................2

    A.   MDL-875 ........................................................................................................2

    B.   The Instant Action ..........................................................................................3

III. ARGUMENT...........................................................................................................4

    A.   A Stay of This Action Is Required to Prevent Inconsistent Decisions ...................6

    B.   A Stay Will Promote Judicial Efficiency and Economy...........................................6

    C.   A Stay Would Not Unduly Prejudice Plaintiffs.........................................................7

    D.   Union Carbide Will Be Prejudiced if Proceedings Are Not Stayed and the
        Action Is Later Transferred to the MDL..................................................................8

IV.  CONCLUSION.......................................................................................................9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abrego Abrego v. The Dow Chem. Co.,*
443 F.3d 676 (9th Cir. 2006) ........................................................................4

*Aiken v. Microsoft Corp.,*
2000 WL 310391 (E.D. La. Mar. 24, 2000) ...............................................8

*Am. Seafood, Inc. v. Magnolia Processing, Inc.,*
1992 WL 102762 (E.D. Pa. 1992) ...............................................................5

*Arthur-Magna, Inc. v. Del-Val Financial Corp.,*
1991 WL 13725 (D.N.J. 1991) .....................................................................5

*Board of Trustees of Teachers' Retirement Sys., of State of Illinois v. Worldcom, Inc.,*
244 F. Supp. 2d 900 (N.D. Ill. 2002) .........................................................6

*Fontenot v. Global Marine, Inc.,*
703 F.2d 867 (5th Cir. 1983) ......................................................................4

*Good v. Prudential Ins. Co. of Am.,*
5 F. Supp. 2d 804 (N.D. Cal. 1998) .........................................................4, 5

*Hardin v. Merck & Co.,*
No. 07-CV-0070 (SBA), 2007 WL 1056790 (N.D. Cal. Apr. 5, 2007) ....................5

*In re Asbestos Products Liability Litigation,*
771 F. Supp. 415 (J.P.M.L. 1991)..............................................................2

*In re Asbestos Products Liability Litigation,*
170 F. Supp. 2d 1348 (J.P.M.L. 2001) .....................................................5, 8

*In re Patenude,*
210 F.3d 135 (3d Cir. 2000) ........................................................................8

*In re Ivy,*
901 F.2d 7 (2d Cir 1990), *abrogated in part by Syngenta Crop Prot., Inc. v. Henson,*
537 U.S. 28 (2002)........................................................................................6

*Landis v. No. Am. Co.,*
299 U.S. 248 (1936)......................................................................................4

*Medical Soc'y v. Connecticut Gen. Corp.,*
187 F. Supp. 2d 89 (S.D.N.Y. 2001) .......................................................5, 6

*Parrino v. FHP, Inc.,*
146 F.3d 699 (9th Cir. 1998) ......................................................................4

*Rivers v. Walt Disney Co.,*
980 F. Supp. 1358 (C.D. Cal. 1997) ....................................................5, 6, 7, 8

**TABLE OF AUTHORITIES**
(continued)

Page

*Weinke v. Microsoft Corp.*,
  84 F. Supp. 2d 989 (E.D. Wis. 2000)..........................................................................................5

**STATUTES**

28 U.S.C. § 1407...........................................................................................................................2, 5

28 U.S.C. § 1441.............................................................................................................................3

28 U.S.C. § 1446.............................................................................................................................3

28 U.S.C. § 1446(d).........................................................................................................................3

**MISCELLANEOUS**

MDL Rule 7.4(c)...........................................................................................................................3, 7

MDL Rule 7.5(e)...........................................................................................................................2, 3

1         PLEASE TAKE NOTICE that on the 16th day of October, 2007 at 1:00 p.m., or as

2    soon thereafter as the matter may be heard, Defendant Union Carbide Corporation ("Union

3    Carbide"), having removed to this Honorable Court the action entitled *Robert Lyman and*

4    *Samantha Lyman v. Asbestos Defendants (B\*P), et al.*, San Francisco Superior Court Case No.

5    CGC-06-459162, and having provided notice to the Judicial Panel on Multidistrict Litigation (the

6    "MDL Panel") that this matter constitutes a "tag-along" action subject to transfer to the

7    Multidistrict Litigation Proceeding No. 875, titled *In re Asbestos Product Liability Litigation (No.*

8    *VI)* ("MDL-875"), respectfully requests that the Court stay this action in its entirety pending a

9    determination from the MDL Panel as to whether transfer is appropriate.

10         This Motion is based upon this Notice of Motion and the following Memorandum

11    of Points and Authorities in Support thereof; the accompanying declaration of Catherine Morris

12    Krow and the exhibits attached thereto; the applicable law; and such other matters as may be

13    presented at the hearing on the Motion.  Union Carbide respectfully requests that this Court grant

14    the relief requested and enter the Proposed Order submitted herewith staying this action pending a

15    determination from the MDL Panel regarding transfer.

16    Dated: August 24, 2007          CATHERINE MORRIS KROW
                               ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                                    /s/ Catherine Morris Krow

19                                    Catherine Morris Krow
                                Attorneys for Defendant

20                                    UNION CARBIDE CORPORATION

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO STAY

### I.    INTRODUCTION

Union Carbide respectfully requests that the Court issue an order staying this tag-along action pending its transfer to MDL-875. A stay is appropriate because the complex "sham" or "nominal" defendant issue affecting remand in this case is likely to recur in various cases pending before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"). A stay is therefore necessary to avoid the inherent risk of inconsistent decisions by various transferor courts. Furthermore, a stay of this case will conserve judicial resources, and will result in only the briefest delay of Plaintiffs' case, if any, because transfer of jurisdiction to the MDL Panel is likely to be perfected at or around the time this Court would be considering Plaintiffs' motion to remand. Accordingly, Union Carbide respectfully requests that this action be stayed pending transfer to MDL-875, and that Plaintiffs' pending motion to remand be denied without prejudice pursuant to the requested stay of proceedings.

### II.    FACTUAL BACKGROUND

#### A.    MDL-875

On July 29, 1991, the MDL Panel entered a transfer order establishing MDL-875 and directing over 20,000 asbestos cases pending in federal court to be transferred to the United States District Court, Eastern District of Pennsylvania, for coordination or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Asbestos Products Liability Litigation*, 771 F. Supp. 415 (J.P.M.L. 1991). In the transfer order, the panel held:

> On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

771 F. Supp. at 417. That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filings of the MDL Panel's Order to Show Cause. *Id.* at 424. MDL Rule 7.5(e) provides:

OHS West:260291126.1                                    - 2 -

1    Any party or counsel in actions previously transferred under section
     1407 or under consideration by the Panel for transfer under section
2    1407 shall promptly notify the Clerk of the Panel of any potential
     "tag-along actions" in which that party is also named or in which
3    that counsel appears.

4          On Monday, August 20, 2007, Union Carbide filed a Notice of Tag-Along Action,

5    informing this Court that the case was a tag-along action, subject to transfer to the United States

6    Court for the Eastern District of Pennsylvania for consolidated pre-trial proceedings. Pursuant to

7    MDL Rule 7.5(e), Union Carbide provided notice to the MDL Panel of this "tag-along" action on

8    August 20, 2007. *See* Letter to MDL Panel Clerk providing notice of tag-along action

9    (Declaration of Catherine Morris Krow filed concurrently herewith ("Krow Decl."), Exh. A).

10   Union Carbide expects a conditional transfer order to issue shortly, at which point Plaintiffs have

11   15 days to object to the transfer. MDL Rule 7.4(c). Assuming that Plaintiffs do not object to the

12   transfer order,[1] a final transfer order will be filed in Judge Giles' court shortly thereafter.

13   Jurisdiction will then be transferred to the MDL.

14   **B.    The Instant Action**

15         On or about December 29, 2006, Plaintiffs filed an asbestos products liability suit

16   in the Superior Court of the State of California, County of San Francisco, entitled *Robert Lyman*

17   *and Samantha Lyman v. Asbestos Defendants (B\*P), et al.*, San Francisco Superior Court Case

18   No. CGC-06-459162. In their state pleadings, Plaintiffs Robert F. Lyman and Samantha Lyman

19   ("Plaintiffs") alleged that exposure to defendants' asbestos and/or asbestos-containing products

20   caused Mr. Lyman's lung cancer.

21         On August 7, 2007, less than a year after the initial action was filed, the last forum

22   defendant was dismissed from the case. On August 17, 2007, Union Carbide removed the case to

23   this Court pursuant to 28 U.S.C. §§ 1441 and 1446, based upon the existence of complete

24   diversity between Plaintiffs and the remaining defendants. Pursuant to 28 U.S.C. § 1446(d), on

25

26   _____

27   [1] If Plaintiffs do object to the transfer to MDL-875, they must file objections to the transfer with
     the MDL Panel. The issue would then be set for the next available panel hearing. However,
28   because this case involves common issues of fact with all other asbestos cases in MDL-875, any
     objection to the transfer would be futile.

OHS West:260291126.1                                    - 3 -

1   August 17, 2007, a copy of the Notice of Removal was also filed with the Clerk of the Superior

2   Court of the State of California, County of San Francisco and served on all adverse parties.

3          At the time of removal, Union Carbide had not received consent to remove from

4   one "defendant," Honeywell International, Inc. ("Honeywell").[2]  In its notice of removal Union

5   Carbide explained that Honeywell's consent should not be required in this case because

6   Honeywell is a "sham" or "nominal" defendant.  As Union Carbide noted in the notice of

7   removal, Honeywell has never answered the complaint, yet Plaintiffs have never sought to default

8   Honeywell despite the prospect of sanctions for failure to do so; Honeywell was not identified by

9   Plaintiffs as a defendant, and did not appear at trial, until after the specter of removal was raised;

10  and Honeywell is improperly colluding with Plaintiffs to defeat removal.  *See* Notice of Removal

11  dated August 17, 2007, Case No. 4:07-CV-07240 (SBA) at ¶¶ 17-23.

12         On Tuesday, August 21, 2007, Plaintiffs filed a motion to remand the case to San

13  Francisco Superior Court.  In that motion, Plaintiffs' counsel acknowledged that they have an

14  "agreement to agree" to resolve the case with Honeywell, and that agreement "set Honeywell

15  outside of the trial."  August 21, 2007 Declaration of David Donadio in Support of Motion to

16  Remand, ¶ 5.  Plaintiffs also cited statements by Honeywell's counsel acknowledging that "an

17  answer was not filed pursuant to an agreement that we [Honeywell] have with the Plaintiffs."

18  Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Remand at 2:19-20.

19  The hearing on this Motion has been noticed for October 16, 2007; additional facts and law

20  relating to the removal issue will be provided by Union Carbide in connection with its opposition

21  to Plaintiffs' motion.

22  **III.     ARGUMENT**

23         Federal district courts have inherent power to stay proceedings before them.

24  *Landis v. No. Am. Co.*, 299 U.S. 248, 254 (1936); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp.

25  2d 804, 809 (N.D. Cal. 1998).  This is particularly true when a decision by the MDL Panel to

---

26    [2] Consent of all essential defendants is a procedural requirement that may be waived by plaintiffs
    and does not warrant reversal if cured prior to entry of judgment.  *Parrino v. FHP, Inc.*, 146 F.3d
27  699, 706 (9th Cir. 1998) (citation omitted), *superseded by statute on other grounds as recognized
    in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Fontenot v. Global
28  Marine, Inc.*, 703 F.2d 867, 870-71 (5th Cir. 1983).

1   transfer the action is pending. *Good*, 5 F. Supp. 2d at 809 ("Courts frequently grant stays pending

2   a decision by the MDL Panel.") (*citing Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL

3   102762 (E.D. Pa. 1992); *Arthur-Magna, Inc. v. Del-Val Financial Corp.*, 1991 WL 13725 (D.N.J.

4   1991)); *see also Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000).

5           The MDL Panel has specifically recognized district courts' discretion to await a

6   transfer order without ruling on a pending motion to remand. *In re Asbestos Products Liability*

7   *Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts concluding that

8   [motions to remand] should be addressed by the transferee judge need not rule on them, and the

9   process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or

10  delay."). Accordingly, it is appropriate to stay preliminary proceedings while a motion to transfer

11  and consolidate are pending in the MDL Panel. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358,

12  1362 (C.D. Cal. 1997) (noting that temporary stays in this context promote judicial economy and

13  preserve scarce judicial resources). Factors to be considered in determining whether a stay should

14  issue include judicial efficiencies in avoiding duplicative litigation, hardship and inequity to the

15  moving party if the stay is not granted, and potential prejudice to non-moving party resulting

16  from a stay. *Rivers*, 980 F. Supp. at 1360. "[A] majority of courts have concluded that it is often

17  appropriate to stay preliminary proceedings while a motion to transfer and consolidate is pending

18  with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at

19  1362.

20          It is well recognized that deference to the MDL court for resolution of a motion to

21  remand often facilitates the goals of uniformity, consistency and predictability that underlie the

22  MDL system. *See* 28 U.S.C. § 1407; *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358,

23  1360-62 (C.D. Cal. 1997) (staying action pending transfer to MDL based on conservation of

24  judicial resources). Moreover, the court should stay the action if the jurisdictional issue of a

25  motion to remand is similar to cases that have been, or likely will be transferred to the MDL

26  transferee court. *Hardin v. Merck & Co.*, No. 07-CV-0070 (SBA), 2007 WL 1056790, at *2

27  (N.D. Cal. Apr. 5, 2007); *Medical Soc'y v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89 (S.D.N.Y.

28

1   2001); *Board of Trustees of Teachers' Retirement Sys., of State of Illinois v. Worldcom, Inc.*, 244

2   F. Supp. 2d 900, 905 (N.D. Ill. 2002).

3              As explained further below, each of the factors to be considered weighs in favor of

4   a stay of this action.  For these reasons, Union Carbide respectfully requests that this matter be

5   stayed pending transfer to the MDL.

6      **A.      A Stay of This Action Is Required to Prevent Inconsistent Decisions**

7              The dual concerns of judicial economy and consistency compel imposition of a

8   stay where similar legal issues are likely to be presented in other actions before the MDL court.

9   *See Medical Soc'y v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89 (S.D.N.Y. 2001).  In cases

10  where the jurisdictional issue could easily arise again in other transfer cases, "consistency as well

11  as economy is ... served" when "the jurisdictional objections . . . [are] heard and resolved by a

12  single court." *In re Ivy*, 901 F.2d 7, 9 (2d Cir 1990), *abrogated in part by Syngenta Crop Prot.,*

13  *Inc. v. Henson*, 537 U.S. 28 (2002).

14             The need for a stay is apparent in this case because the issues affecting remand,

15  namely Honeywell's collusion with Plaintiffs' counsel to defeat removal and the effect of their

16  "agreement to agree" on settlement, are likely to arise in other actions before the MDL.

17  Unfortunately, arrangements such as the one between Honeywell and the Brayton firm are not

18  uncommon in asbestos litigation.  Indeed, the ever-present threat of future litigation creates a

19  breeding ground for collusive arrangement between Plaintiffs' counsel and "sham" defendants;

20  thus, allegations relating to inappropriate deals designed to defeat federal jurisdiction are hardly

21  an unusual occurrence in the asbestos MDL.  Because the sham or nominal defendant issues

22  arising out of arrangements like the one between Honeywell and the Brayton firm are likely to

23  surface again and again in cases pending before the asbestos MDL, there exists a serious risk of

24  inconsistent rulings if various transferor courts tackle these issues individually.

25     **B.      A Stay Will Promote Judicial Efficiency and Economy**

26             A stay "is appropriate when it serves the interests of judicial economy and

27  efficiency." *Rivers*, 980 F. Supp at 1360.  These important goals would be well served by a stay

28  of the instant action.  By staying the case now, the Court can avoid the briefing and requested

OHS West:260291126.1                              - 6 -

1   hearing associated with the Plaintiffs' pending motion to remand. If it chose instead to hear the

2   motion to remand, the Court would have "needlessly expended its energies familiarizing itself

3   with the intricacies of a case that" more likely than not, will ultimately be "heard by another

4   judge" anyway. *See Rivers*, 980 F. Supp. at 1360. In other words, if the case is transferred, this

5   Court will have unnecessarily spent an inordinate amount of time addressing the peculiar facts

6   and law relating to the collusion between Honeywell and Plaintiffs' counsel, and the effect of

7   their bizarre "agreement to agree" as it pertains to the removal consent requirement. As noted

8   above, this complicated issue is unlikely to surface again in a typical litigation, but is highly

9   likely to reappear in asbestos litigation pending in the MDL.

10          In addition, a stay would promote judicial efficiency in this case because transfer

11  is likely to be perfected before or near the time that this Court would be tackling Plaintiffs'

12  motion to remand. Union Carbide notified the MDL Panel of this case on August 20, 2007 (Krow

13  Decl., Exh. A), and a conditional transfer order is expected to issue shortly. Once it does,

14  Plaintiffs have 15 days to object to the transfer. MDL Rule 7.4(c). As noted previously, any such

15  objection would be futile because this case plainly involves issues that overlap with those

16  presently before the MDL (*i.e.,* asbestos exposure and lung disease). Once the time to object has

17  passed, jurisdiction will pass exclusively to the MDL Panel. This could very well happen while

18  this Court is considering the motion to remand; thus, the time this Court will spend reviewing the

19  briefs and researching the legal issues could very well be for naught.

20      **C.      A Stay Would Not Unduly Prejudice Plaintiffs**

21          Because the MDL was notified promptly of this case, and it was tagged to the

22  MDL immediately upon removal, any delay associated with a stay would be brief at worst.

23  Union Carbide anticipates that a conditional transfer order will issue very soon, and jurisdiction

24  over the case is likely to transfer to the MDL Panel within a few weeks of that order. Thus, it is

25  quite possible, and even likely, that the transfer to MDL will be complete even before the

26  Plaintiffs' motion to remand is properly for hearing before this Court. Accordingly, the MDL

27  Panel will be able to consider Plaintiffs' motion to remand in short order.

28          Union Carbide anticipates that Plaintiffs will argue that a stay should not be

1   granted because Mr. Lyman is critically ill.  Yet any minor delay worked by granting a temporary

2   stay here should be minor because Plaintiffs will be able to take advantage of expedited

3   procedures in the asbestos MDL.  During his tenure presiding over MDL-875, Judge Charles R.

4   Weiner established expedited procedures for resolving priority cases.  *See In re Asbestos*

5   *Products Liability Litigation*, MDL-875, at 1 (E.D. Pa. Sept. 8, 1992) (Admin. Order 3).  Under

6   Admin. Order 3, cases involving mesothelioma and lung cancer are addressed on a priority basis,

7   with living plaintiffs receiving further priority over deceased plaintiffs.  *See id.*; *In re Patenude*,

8   210 F.3d 135, 140 (3d Cir. 2000).  Moreover, because pre-trial discovery in this case is already

9   complete, the case is ripe for prompt adjudication pursuant to the MDL procedures.  Accordingly,

10  Plaintiffs will not be prejudiced by the requested stay.[3]

11          **D.      Union Carbide Will Be Prejudiced if Proceedings Are Not Stayed and the
                      Action Is Later Transferred to the MDL**

12

13          By contrast, Union Carbide will be prejudiced if a stay is not granted.  A

14  temporary stay will prevent Union Carbide from incurring expenses in proceeding before this

15  Court, only to have jurisdiction transfer mid-stream and have to duplicate all those efforts in front

16  of the MDL.  A stay would also allow Union Carbide to coordinate this case with any others it

17  already has pending before the MDL.  In addition, the issue of collusion between Plaintiffs and

18  certain defendants to defeat removal is likely to come up again in other asbestos cases involving

19  Union Carbide.  This potential for duplicative jurisdictional objections across the country is a

20  factor that courts consider in deciding whether to stay an action.  *See Aiken v. Microsoft Corp.*,

21  2000 WL 310391 at *2 (E.D. La. Mar. 24, 2000) (staying case and denying motion to remand

22  where the same jurisdictional questions would likely be raised in similar cases).

23  ///

24  ///

25  ///

26  ///

27  [3] Assuming *arguendo* that there would be some prejudice to Plaintiffs if the instant motion is
    granted, cases indicate that considerations of judicial economy and efficiency discussed above are

28  afforded greater weight.  *See Rivers*, 980 F. Supp. at 1362 n.5.

OHS West:260291126.1                            - 8 -

1

**IV.    CONCLUSION**

2            Accordingly, Union Carbide respectfully requests that the Court grant its motion

3    and enter an order temporarily staying this action pending a ruling from the MDL Panel ordering

4    this case transferred to MDL-875.

5    Dated: August 24, 2007                    Respectfully submitted,

6                                              CATHERINE MORRIS KROW
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
7

8                                                    /s/ Catherine Morris Krow
9                                                    Catherine Morris Krow
                                                     Attorneys for Defendant
10                                             UNION CARBIDE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260291126.1                    - 9 -

EXHIBIT B

EXHIBIT B

ADRMOP, E-Filing

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:07-cv-04240-SBA

Lyman et al v. Asbestos Defendants (B*P) et al
Assigned to: Hon. Saundra Brown Armstrong
Case in other court: San Francisco Superior Court, CGC 06-459162
Cause: 28:1334(c) R&R re motions for abstention (non-core)

Date Filed: 08/17/2007
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Robert F. Lyman**                    represented by    **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John B. Goldstein**
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945-2469
(415) 898-1555
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lloyd F. LeRoy**
Brayton Purcell
222 Rush Landing Road
Novato, CA 94945
415-898-1555
Email: lleroy@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Elizabeth Pougiales**
Brayton Purcell
222 Rush Landing Road
Novato, CA 94948-6169
(415) 899-1011 ext 699
Email: mpougiales@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Samatha Lyman**                                    represented by **David R. Donadio**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **John B. Goldstein**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Lloyd F. LeRoy**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Mary Elizabeth Pougiales**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Union Carbide Corporation**                        represented by **Catherine Morris Krow**
                                                                    Orrick, Herrington & Sutcliffe LLP
                                                                    The Orrick Building
                                                                    405 Howard Street
                                                                    San Francisco, CA 94105
                                                                    (415) 773-5984
                                                                    Fax: 650-251-5002
                                                                    Email: cmorris@orrick.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Nathan Craig Dullum**
                                                                    Orrick, Herrington & Sutcliffe LLP
                                                                    Old Federal Reserve Bank Building
                                                                    400 Sansome Street
                                                                    San Francisco, CA 94111
                                                                    (415) 773-5968
                                                                    Email: ndullum@orrick.com
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Montello Inc**                                     represented by **Molly Jeannette Mrowka**
                                                                    Dillingham & Murphy
                                                                    225 Bush St., Sixth Floor
                                                                    San Francisco, CA 94104

415-397-2700
Fax: 415-397-3300
Email: mjm@dillinghammurphy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc.**                    represented by    **Christopher M. Jhang**
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
Suite 1400
San Francisco, CA 94111
415-344-7000
Fax: 415-344-7050
Email: cjhang@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2007 | 1 | NOTICE OF REMOVAL (no process) from San Francisco Superior Court. Their case number is CGC 06-459162. (Filing fee $350 receipt number 34611009546). Filed by Union Carbide Corporation. (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 2 | EXHIBIT 2 (vol. I) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 3 | EXHIBIT 2 (vol. II) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 4 | EXHIBIT 2 (vol. III) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 5 | EXHIBIT 2 (vol. IV) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 6 | EXHIBIT 2 (vol. V) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 7 | EXHIBIT 2 (vol. VI) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 8 | EXHIBIT 2 (vol. VII) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |

| 08/17/2007 | 9 | EXHIBIT 2 (vol. VIII) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
|---|---|---|
| 08/17/2007 | 10 | EXHIBIT 2 (vol. IX) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 11 | EXHIBIT 2 (vol. X) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 12 | EXHIBIT 2 (vol. XI) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 13 | EXHIBIT 2 (vol. XII) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 14 | EXHIBIT 2 (vol. XIII) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 15 | EXHIBIT 2 (vol. XIV) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 16 | EXHIBIT 2 (vol. XV) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 17 | EXHIBIT 2 (vol. XVI) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 18 | EXHIBIT 2 (vol. XVII) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 19 | EXHIBIT 2 (vol. XVIII) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 20 | EXHIBIT 2 (vol. XIX) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 21 | EXHIBIT 2 (vol. XX) re [1] Notice of Removal filed by Union Carbide Corporation. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 | 22 | Certificate of Interested Entities or Parties by Union Carbide Corporation. (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: |

|  |  | 08/20/2007) |
|---|---|---|
| 08/17/2007 | 23 | ADR SCHEDULING ORDER: Case Management Statement due by 11/14/2007. Case Management Conference set for 11/21/2007 01:30 PM. (Attachments: # 1 EMC Standing Order; # 2 Case Management Standing Order)(slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/17/2007 |  | CASE DESIGNATED for Electronic Filing. (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/20/2007) |
| 08/20/2007 | 24 | Declination to Proceed Before a U.S. Magistrate Judge by Robert F. Lyman, Samatha Lyman. (LeRoy, Lloyd) (Filed on 8/20/2007) (Entered: 08/20/2007) |
| 08/20/2007 | 25 | CERTIFICATE OF SERVICE by Union Carbide Corporation re [1] Notice of Removal *Proof of Service by Federal Express* (Dullum, Nathan) (Filed on 8/20/2007) (Entered: 08/20/2007) |
| 08/20/2007 | 26 | NOTICE by Union Carbide Corporation *Notice of Tag-Along Action* (Dullum, Nathan) (Filed on 8/20/2007) (Entered: 08/20/2007) |
| 08/20/2007 | 27 | CERTIFICATE OF SERVICE by Robert F. Lyman, Samatha Lyman re 24 Declination to Proceed Before a U.S. Magistrate Judge (LeRoy, Lloyd) (Filed on 8/20/2007) (Entered: 08/20/2007) |
| 08/21/2007 | 28 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (bpf, COURT STAFF) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 29 | Joinder *in Notice of Removal* by Montello Inc. (Mrowka, Molly) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 30 | Joinder *in Notice of Tag-Along Action* by Montello Inc. (Mrowka, Molly) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 31 | Certificate of Interested Entities by Molly Jeannette Mrowka (Mrowka, Molly) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 32 | MOTION to Remand filed by Robert F. Lyman, Samatha Lyman. Motion Hearing set for 9/26/2007 10:30 AM in Courtroom C, 15th Floor, San Francisco. (Pougiales, Mary) (Filed on 8/21/2007) Modified on 9/27/2007 (jlm, COURT STAFF). (Entered: 08/21/2007) |
| 08/22/2007 | 33 | ORDER REASSIGNING CASE. Case reassigned to Judge Saundra Brown Armstrong for all further proceedings. Judge Edward M. Chen no longer assigned to the case. Signed by Executive Committee on 8/22/07. (ha, COURT STAFF) (Filed on 8/22/2007) (Entered: 08/22/2007) |
| 08/22/2007 | 34 | Renotice of Motion re 32 *Motion to Remand* filed by Robert F. Lyman, Samatha Lyman. Motion Hearing set for 10/16/2007 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Pougiales, Mary) (Filed on 8/22/2007) Modified on 9/27/2007 (jlm, COURT STAFF). Modified on 9/27/2007 (jlm, COURT STAFF). (Entered: 08/22/2007) |
| 08/22/2007 |  | Set/Reset Deadlines as to 32 *Motion to Remand* Motion Hearing set for 10/16/2007 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT |

| | | |
|---|---|---|
| | | STAFF) (Filed on 8/22/2007) (Entered: 09/27/2007) |
| 08/23/2007 | 35 | Proposed Order re 34 MOTION to Remand *RENOTICE OF MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND; DECLARATION OF DAVID DONADIO* by Robert F. Lyman, Samatha Lyman. (Pougiales, Mary) (Filed on 8/23/2007) (Entered: 08/23/2007) |
| 08/24/2007 | 36 | MOTION to Stay Case Pending Transfer to MDL-875; Memorandum of Points and Authorities in Support of Motion to Stay filed by Union Carbide Corporation. Motion Hearing set for 10/16/2007 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Morris, Catherine) (Filed on 8/24/2007) Modified on 8/27/2007 (jlm, COURT STAFF). (Entered: 08/24/2007) |
| 08/24/2007 | 37 | Declaration of Catherine Morris Krow in Support of 36 *Motion to Stay Case Pending Transfer to MDL-875; Memorandum of Points and Authorities in Support of Motion to Stay* filed byUnion Carbide Corporation. (Attachments: # 1 Exhibit A to Declaration of Catherine Morris Krow in Support of Defendant Union Carbide's Motion to Stay Pending Transfer to MDL-875)(Related document(s)36) (Morris, Catherine) (Filed on 8/24/2007) Modified on 8/27/2007 (jlm, COURT STAFF). (Entered: 08/24/2007) |
| 08/24/2007 | 38 | Proposed Order re 36 *Motion to Stay Case Pending Transfer to MDL-875; Memorandum of Points and Authorities in Support of Motion to Stay* by Union Carbide Corporation. (Morris, Catherine) (Filed on 8/24/2007) Modified on 8/27/2007 (jlm, COURT STAFF). (Entered: 08/24/2007) |
| 08/27/2007 | 39 | Appendix of Authority Not Published in Official Reporters re 36 *Motion to Stay Case Pending Transfer to MDL-875; Memorandum of Points and Authorities in Support of Motion to Stay* filed by Union Carbide Corporation. (Related document(s)36) (Morris, Catherine) (Filed on 8/27/2007) Modified on 8/27/2007 (jlm, COURT STAFF). (Entered: 08/27/2007) |
| 08/27/2007 | 40 | CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASES: Case Management Statement due by 11/19/2007. Case Management Conference set for 11/28/2007 03:15 PM. VIA TELEPHONE. Signed by Judge ARMSTRONG on 8/27/07. (lrc, COURT STAFF) (Filed on 8/27/2007) Modified on 8/28/2007 (jlm, COURT STAFF). (Entered: 08/27/2007) |
| 08/28/2007 | 41 | Joinder re 36 *Motion to Stay* filed by Montello Inc. (Mrowka, Molly) (Filed on 8/28/2007) Modified on 8/29/2007 (jlm, COURT STAFF). (Entered: 08/28/2007) |
| 08/30/2007 | 42 | NOTICE of Consent to Removal of Civil Action from the San Francisco County Superior Court, filed by Honeywell International Inc. (Jhang, Christopher) (Filed on 8/30/2007) Modified on 8/31/2007 (jlm, COURT STAFF). (Entered: 08/30/2007) |

| 09/05/2007 | 43 | MOTION for Leave to File *Defendant Union Carbide's Notice of Motion and Motion for Leave to File Its First Amended Notice of Removal; Memorandum of Points and Authorities in Support Thereof* filed by Union Carbide Corporation. Motion Hearing set for 10/16/2007 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Attachments: # 1 Exhibit Exhibits 1-4 to Exhibit A of the Notice of Motion# 2 Exhibit Exhibits 5-8 of Exhibit A of the Notice of Motion)(Morris, Catherine) (Filed on 9/5/2007) (Entered: 09/05/2007) |
|---|---|---|
| 09/05/2007 | 44 | Declaration of Catherine Morris Krow in Support of 43 MOTION for Leave to File *Defendant Union Carbide's Notice of Motion and Motion for Leave to File Its First Amended Notice of Removal; Memorandum of Points and Authorities in Support Thereof* filed byUnion Carbide Corporation. (Related document(s)43) (Morris, Catherine) (Filed on 9/5/2007) (Entered: 09/05/2007) |
| 09/05/2007 | 45 | Proposed Order re 43 MOTION for Leave to File *Defendant Union Carbide's Notice of Motion and Motion for Leave to File Its First Amended Notice of Removal; Memorandum of Points and Authorities in Support Thereof* by Union Carbide Corporation. (Morris, Catherine) (Filed on 9/5/2007) (Entered: 09/05/2007) |
| 09/05/2007 | 46 | CLERK'S NOTICE re: Defendants Failure to E-File re [1] thru [22] (jlm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/05/2007) |
| 09/18/2007 | 47 | Memorandum in Opposition *to Motion to Stay Case; Plaintiff's Motion to Withdraw Motion to Remand and To Expedite Trial Setting; Memorandum of Points & Authorities in Support; Declarations of Robert F. Lymand and Gilbert L.Purcell in Support* filed byRobert F. Lyman, Samatha Lyman. (Attachments: # 1 Declaration of Robert F. Lyman# 2 Declaration of Gilbert L. Purcell# 3 Proposed Order # 4 Proof of service) (Pougiales, Mary) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/20/2007 | 48 | Memorandum in Opposition re *Conditional Transfer Order 287* by Robert F. Lyman, Samatha Lyman (Pougiales, Mary) (Filed on 9/20/2007) Modified on 9/21/2007 (jlm, COURT STAFF). (Entered: 09/20/2007) |
| 09/25/2007 | 49 | Joinder re *Union Carbide Corporation's Opposition to Plaintiffs' Motion to Expedite Trial Setting* filed by Montello Inc. (Mrowka, Molly) (Filed on 9/25/2007) Modified on 9/27/2007 (jlm, COURT STAFF). (Entered: 09/25/2007) |
| 09/25/2007 | 50 | Memorandum in Opposition *to Plaintiffs' Motion to Expedite Trial Setting* filed byUnion Carbide Corporation. (Krow, Catherine) (Filed on 9/25/2007) (Entered: 09/25/2007) |
| 09/25/2007 | 51 | Declaration of Catherine Morris Krow in Support of 50 Memorandum in Opposition *to Plaintiffs' Motion to Expedite Trial Setting* filed byUnion Carbide Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B-E) (Related document(s)50) (Krow, Catherine) (Filed on 9/25/2007) (Entered: 09/25/2007) |

| 09/25/2007 | 52 | Proposed Order re 50 Memorandum in Opposition *to Plaintiffs' Motion to Expedite Trial Setting* by Union Carbide Corporation. (Krow, Catherine) (Filed on 9/25/2007) (Entered: 09/25/2007) |
|---|---|---|
| 09/25/2007 | 53 | Memorandum in Opposition re 32 *Motion to Remand* filed by Union Carbide Corporation. (Krow, Catherine) (Filed on 9/25/2007) Modified on 9/27/2007 (jlm, COURT STAFF). (Entered: 09/25/2007) |
| 09/25/2007 | 54 | Joinder re *Union Carbide Corporation's Opposition to Plaintiffs' Motion to Remand* filed by Montello Inc. (Mrowka, Molly) (Filed on 9/25/2007) Modified on 9/27/2007 (jlm, COURT STAFF). (Entered: 09/25/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/28/2007 10:18:19 | | |
| **PACER Login:** bp0355 | **Client Code:** | Lyman 107053 |
| **Description:** | Docket Report | **Search Criteria:** | 4:07-cv-04240-SBA |
| **Billable Pages:** 4 | **Cost:** | 0.32 |

EXHIBIT C

EXHIBIT C

CATHERINE MORRIS KROW (State Bar No. 208412)
NATASHA R. CUPP (State Bar No. 240939)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759
ckrow@orrick.com
ncupp@orrick.com

Attorneys for Defendant
UNION CARBIDE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN,<br><br>            Plaintiffs,<br><br>      v.<br><br>ASBESTOS DEFENDANTS (B*P), *et al.*,<br><br>            Defendants. | Case No.  C 07-4240 SBA<br><br>**UNION CARBIDE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE TRIAL SETTING**<br><br>Date:          October 16, 2007<br>Time:          1:00 p.m.<br>Courtroom:  3, Third Floor, Oakland<br>Judge:         Hon. Saundra B. Armstrong |

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION / STATEMENT OF THE ISSUES TO BE DECIDED | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | ARGUMENT | 4 |

A.    Plaintiffs' Motion To Expedite Trial Setting Is Procedurally Improper And Should Be Denied On Procedural Grounds ........................... 4

      1.   Plaintiffs' Motion to Expedite Trial Setting Was Improperly Noticed in Violation of Civil Local Rule 7-2 ................. 4

      2.   Plaintiffs' Motion to Expedite Trial Setting Neither Sought To Shorten Time Nor Included a Stipulation by the Parties to the Hearing Date ............................ 4

B.    Plaintiffs' Motion To Expedite Trial Setting Should Be Denied In The Interest Of Judicial Economy Because There Remain Pre-Trial Issues For The MDL To Oversee; Therefore, The MDL Panel Is Likely To Transfer The Case ............................ 5

      1.   Plaintiffs' Claim That There are No Pre-Trial Issues Left for the MDL Court To Oversee Is Incorrect ........................ 6

          a.   Individual settlement negotiations and conferences are coordinated pre-trial proceedings over which the MDL court has authority ........................ 6

          b.   Interlocutory state court orders are subject to reconsideration by the federal courts ........................ 7

      2.   The Pre-Trial Issues Presented by This Case and Questions Regarding the Propriety of the MDL Court's Jurisdiction Over the Matter Are Best Resolved by the MDL Panel ........................ 8

      3.   Plaintiffs' Claim that Union Carbide Is Seeking to Unduly Delay the Trial Is Unfounded ........................ 8

IV.   CONCLUSION ........................ 10

UNION CARBIDE'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXPEDITE TRIAL
CASE NO. C 07-4240 SBA

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*In re Asbestos Products Liab. Action (No. VI)*,
   771 F. Supp. 415 (J.P.M.L. 1991)......................................................................8

*Granny Goose Foods, Inc. v. Teamsters*,
   415 U.S. 423 (1974).....................................................................................7

*In re Patenaude*,
   210 F.3d 135 (3d Cir. 2000) ......................................................................6, 7, 8

*In re Plumbing Fixture Cases*,
   298 F. Supp. 484 (J.P.M.L. 1968)......................................................................7

*Preseau v. Prudential Ins. Co.*,
   591 F.2d 74 (9th Cir. 1979) ......................................................................7, 9

## FEDERAL RULES

FED. R. CIV. P. 16(a)(5).....................................................................................6

## MISCELLANEOUS

15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL
   PRACTICE & PROCEDURE.................................................................................7

FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION – FOURTH (2004) .................6, 8

UNION CARBIDE'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXPEDITE TRIAL
CASE NO. C 07-4240 SBA

1    Defendant Union Carbide Corporation ("Union Carbide") hereby files this

2    memorandum of points and authorities in opposition to Plaintiffs' motion to expedite trial setting.

3    **I.    INTRODUCTION / STATEMENT OF THE ISSUES TO BE DECIDED**

4    Union Carbide respectfully requests that the Court deny Plaintiffs' procedurally-

5    defective motion to expedite the trial setting.  Denying the motion on procedural grounds is

6    appropriate because Plaintiffs have made no attempt to abide by the Civil Local Rules and, in so

7    doing, have compromised Union Carbide's ability to adequately and timely oppose the motion.

8    Rather than set the motion for a hearing on the requisite 35 days notice or comply with any of the

9    procedures necessary to set the motion for a hearing on an expedited time frame, Plaintiffs simply

10   tacked this entirely new motion to an opposition brief, leaving Union Carbide in the catch-22

11   position of having to oppose on shortened time or risk waiving its response.  Plaintiffs should not

12   be rewarded for ignoring the procedures all other litigants must respect.

13   Should the Court be inclined to hear Plaintiffs' motion despite its many procedural

14   improprieties, Union Carbide respectfully requests that the Court deny the motion on the merits.

15   Plaintiffs' request to expedite the trial is premised on the faulty assumption that there remains

16   nothing left for the MDL court to do and, thus, that the MDL Panel will vacate the conditional

17   transfer order that has already been issued in the case.  Plaintiffs are mistaken on both counts.

18   There remain significant pre-trial issues for the MDL court to oversee, including but not limited

19   to settlement negotiations and conferences (one of the most critical functions of an MDL court),

20   reconsideration of summary judgment rulings under now-applicable federal standards, and

21   resolution of *Daubert*-related expert and causation questions that come into play when the case

22   enters federal court.  Indeed, those issues must be addressed before this case can proceed to trial

23   in *any* federal court, including this one.

24   The existence of these and other pre-trial issues weighs in favor of transfer to the

25   MDL court.  Accordingly, denying Plaintiffs' motion to expedite the trial setting would serve

26   judicial economy by preserving this Court's judicial resources for cases not likely to be

27   transferred to another district.  Further, the best arbiter of the MDL court's authority over this

28   case – namely the MDL Panel – will soon decide whether to transfer the case to the MDL court.

UNION CARBIDE'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXPEDITE TRIAL
CASE NO. C 07-4240 SBA

1    Thus, if the motion to expedite is granted, the parties and the Court may waste substantial time

2    and effort engaging in duplicative briefing of the remaining pre-trial issues, or, worse, beginning

3    down the path of trial only to have the case transferred by the MDL Panel mid-stream.

4    II.    **FACTUAL BACKGROUND**

5            On or about December 29, 2006, Plaintiffs filed an asbestos products liability suit

6    in the Superior Court of the State of California, County of San Francisco, entitled *Robert Lyman*

7    *and Samantha Lyman v. Asbestos Defendants (B\*P), et al.*, San Francisco Superior Court Case

8    No. CGC-06-459162. In their state pleadings, Plaintiffs Robert F. Lyman and Samantha Lyman

9    ("Plaintiffs") alleged that exposure to defendants' asbestos and/or asbestos-containing products

10    caused Mr. Lyman's lung cancer. Notably, Mr. Lyman admits that he smoked up to two packs

11    per day for over 50 years, and he did not quit smoking even after being diagnosed with cancer.

12    (Decl. of Catherine Morris Krow filed concurrently herewith ("Krow Decl."), Ex. A.) Union

13    Carbide believes that Mr. Lyman's cancer is the result of his extremely heavy smoking history,

14    and that Mr. Lyman was never exposed to any Union Carbide asbestos.

15            After being thoroughly examined over the course of several days of deposition,

16    Mr. Lyman was unable to identify even one asbestos-containing product that he worked with or

17    around that could have contained Union Carbide's Calidria asbestos. (Notice of Removal, Ex. 2.)

18    On that basis, Union Carbide moved for summary judgment. After Union Carbide moved for

19    summary judgment, Mr. Lyman proffered a declaration that completely changed his sworn

20    testimony. (*Id.*) In light of Mr. Lyman's eleventh-hour declaration, the state court denied Union

21    Carbide's motion for summary judgment;[1] however, it did grant summary adjudication and

22    dismissed Plaintiffs' unsupported claims for false representation and punitive damages. (Krow

23    Decl., Ex. B.)

24            On August 17, 2007, Union Carbide timely removed the case to this Court

25    pursuant to 28 U.S.C. §§ 1441 and 1446, based upon the existence of complete diversity between

26    ///

27    _____

28    [1] Union Carbide subsequently filed a petition for writ of mandate, which was denied without
     substantive review by the California Court of Appeal on August 3, 2007.

OHS West:260307836                              - 2 -                    UNION CARBIDE'S OPPOSITION TO
                                                                        PLAINTIFFS' MOTION TO EXPEDITE TRIAL
                                                                        CASE NO. C 07-4240 SBA

1   Plaintiffs and the remaining defendants. On August 20, 2007, Union Carbide also filed a Notice

2   of Tag-Along Action with the MDL Panel that complied with all applicable procedures.[2]

3           At the time of removal, Union Carbide had not received consent to remove from

4   one defendant, Honeywell International, Inc. ("Honeywell"). In its notice of removal, Union

5   Carbide explained that Honeywell's consent should not be required in this case because

6   Honeywell is a "sham" or "nominal" defendant. (Notice of Removal ¶ 23.) On Tuesday, August

7   21, 2007, Plaintiffs filed a motion to remand the case to San Francisco Superior Court. The

8   hearing on Plaintiffs' motion to remand was scheduled for October 16, 2007. (Renotice of Mot.

9   and Mot. to Remand Case to Cal. Superior Court 1:20-26.)

10          On August 24, 2007, Union Carbide filed a Motion to Stay the Case Pending

11   Transfer to MDL-875. Union Carbide requested the Court to stay the case pending transfer to the

12   MDL court so that the remand issue could be resolved by that court for reasons of consistency

13   and judicial economy. (Mot. to Stay Case Pending Transfer to MDL-875 2:4-14.) The hearing

14   on Union Carbide's request for a stay was also noticed for October 16, 2007. (*Id.* at 1:1-9.)

15          On August 30, 2007, Honeywell filed a written consent to removal with the Court.

16   On September 5, 2007, less than 30 days after the case became removable to federal court, Union

17   Carbide filed a motion to amend its Notice of Removal to reflect Honeywell's recent consent.

18   (First Am. Notice of Removal ¶ 17.)

19          On September 17, 2007, Plaintiffs filed an Opposition to Motion to Stay Case;

20   Motion to Withdraw Motion to Remand and to Expedite Trial Setting. This filing appears to

21   notice the date for the hearing on two entirely new motions – Motion to Withdraw Motion to

22   / / /

23   / / /

---

24   [2] Plaintiffs accuse Union Carbide of having a "material omission of fact" in its tag-along notice
     because the notice did not state that there are "no pre-trial issues remaining in this case." (Mot. to
25   Withdraw Mot. to Remand and to Expedite Trial Setting 2:24-3:3.) Not only do Plaintiffs cite no
     authority for the proposition that such a statement would be required in any tag-along notice, but
26   as discussed further below, see Section IV.B.1., *infra*, their bold conclusion that no pre-trial
     issues remain is demonstrably false. Further, Plaintiffs conveniently forget that at the time the
27   tag-along notice was filed, their own motion to remand was looming on the horizon. Such a
     motion is surely a pre-trial matter that remained in the case when the notice of tag-along action
28   was submitted.

                                                          UNION CARBIDE'S OPPOSITION TO
                                                      PLAINTIFFS' MOTION TO EXPEDITE TRIAL
                                                          CASE NO. C 07-4240 SBA

1   Remand and to Expedite Trial Setting – for October 16, 2007.  (Mot. to Withdraw Mot. to

2   Remand and to Expedite Trial Setting 1:16-19.) [3]

3   **III.     ARGUMENT**

4        **A.     Plaintiffs' Motion To Expedite Trial Setting Is Procedurally Improper And
             Should Be Denied On Procedural Grounds**

5

6               Plaintiffs have attached to their opposition to Union Carbide's motion to stay an

7   entirely new motion to expedite the trial setting.  This motion has been offered in direct

8   contravention of Civil Local Rule 7-1(a), which provides only three mechanisms by which

9   Plaintiffs can present a written motion to the Court for the requested order:  (1) a duly noticed

10  motion with the Court pursuant to Civil L.R. 7-2; (2) a motion to enlarge or shorten time pursuant

11  to Civil L.R. 6-1; or (3) a stipulation of the affected parties pursuant to Civil L.R. 7-12.  Civil L.

12  R. 7-1(a).  Plaintiffs have made no attempt to comply with any of these requirements.

13             **1.     Plaintiffs' Motion to Expedite Trial Setting Was Improperly Noticed
                   in Violation of Civil Local Rule 7-2**

14

15             Civil Local Rule 7-2(a) requires that "all motions must be filed, served, and

16  noticed in writing on the motion calendar of the assigned Judge for hearing *not less than 35 days*

17  *after service of the motion.*"  Civil L.R. 7-2(a) (emphasis added).  Plaintiffs' motion to expedite

18  the trial setting was filed and served on September 18, 2007, yet Plaintiffs apparently noticed the

19  motion for hearing on October 16, 2007.[4]  Accordingly, despite the clear dictates of Civil Local

20  Rule 7-2(a), Plaintiffs provided only 28 days notice of the hearing on the motion to expedite the

21  trial setting.

22             **2.     Plaintiffs' Motion to Expedite Trial Setting Neither Sought To Shorten
                   Time Nor Included a Stipulation by the Parties to the Hearing Date**

23

24             Under the Civil Local Rules, Plaintiffs' failure to file a duly noticed motion could

---

25  [3] Union Carbide does not oppose Plaintiffs' motion to withdraw the motion to remand.
    Accordingly, the remainder of this brief is devoted to Union Carbide's opposition to Plaintiffs'
26  motion to expedite the trial setting.

27  [4] Plaintiffs did not actually provide notice of the motion as is required under Civil Local Rule 7-
    2(b)(2).  Therefore, the only information regarding the noticed hearing date and time was
28  provided on the first page of the motion.

UNION CARBIDE'S OPPOSITION TO
                                                                            PLAINTIFFS' MOTION TO EXPEDITE TRIAL
                                                                            CASE NO. C 07-4240 SBA

1    only be excused if they sought an order shortening time, or if they obtained a stipulation from

2    Union Carbide to the noticed hearing date. Civil L.R. 7-1(a).[5]  They did neither.

3          Plaintiffs' motion does not provide any indication that Plaintiffs attempted to

4    comply with the requirements for seeking an order shortening time. Furthermore, a review of

5    Civil Local Rules 6-1 and 6-3, which outline the requirements for a motion to shorten time, make

6    plain that Plaintiffs have not adhered to such requirements. Two of the most obvious deficiencies

7    include Plaintiffs' failure to file a separate motion requesting to hear the motion to expedite trial

8    setting on shortened time, and their failure to obtain, or even to seek, a stipulation from Union

9    Carbide to the time change. *See* Civil L.R. 6-1(b), 6-3(a)(2). (*See also* Krow Decl. ¶ 7.)

10          Not only did Plaintiffs fail to obtain a stipulation to shortened time from counsel

11    for Union Carbide, they also did not provide counsel for Union Carbide with *any* notice of their

12    motion to expedite the trial setting prior to the motion's filing. (Krow Decl. ¶ 8.) Thus, Union

13    Carbide was caught entirely unaware when it received Plaintiffs' motion, and it has been forced

14    to research and respond to the motion without adequate time so that it can meet its own

15    obligations for filing its opposition not less than 21 days before the noticed hearing date. Civil

16    L.R. 7-3(a).

17          As the foregoing demonstrates, Plaintiffs have flouted the Civil Local Rules and

18    have compromised Union Carbide's ability to adequately respond to the motion to expedite the

19    trial setting. For these reasons, the motion to expedite the trial setting should be denied.

20    **B.**    **Plaintiffs' Motion To Expedite Trial Setting Should Be Denied In The Interest**
       **Of Judicial Economy Because There Remain Pre-Trial Issues For The MDL**
21     **To Oversee; Therefore, The MDL Panel Is Likely To Transfer The Case**

22          At its core, Plaintiffs' argument for expediting the trial setting relies on a single

23    erroneous assumption: That because this case was ready for trial in state court, and because the

24    motion to remand has been withdrawn, it necessarily means there are no "coordinated or

---

25    [5] To the extent Plaintiffs may seek to excuse their actions by characterizing the instant motion as

26    a "counter-motion," it is important to note that counter-motions have been prohibited in the
       Northern District of California since 2001. (Krow Decl., Ex. C.) *See also* Highlights of Changes

27    to the Civil Local Rules, Effective 1/1/01, Rule 7-3 ("The subsection concerning counter-motions
       has been eliminated. Counter-motions may no longer be filed on a routine basis, absent an order

28    shortening time to allow such a motion to be heard at the same time as the original motion.").
       (Krow Decl., Ex. D.)

1  consolidated pretrial proceedings" left for the MDL court to oversee. (Pl.'s Mot. to Withdraw

2  Mot. to Remand and to Expedite Trial Setting 4:2-17.) This assumption is directly contrary to

3  federal case law and, as such, Plaintiffs' conclusion that this case is not ripe for transfer to the

4  MDL court is incorrect. Accordingly, Union Carbide believes the Court should deny Plaintiffs'

5  request in order to prevent the waste of judicial time and resources that would follow expediting

6  the trial only to have the case ultimately transferred to the MDL court.

7         1.    **Plaintiffs' Claim That There are No Pre-Trial Issues Left for the MDL Court To Oversee Is Incorrect**

8

9         a.    **Individual settlement negotiations and conferences are coordinated pre-trial proceedings over which the MDL court**

10                **has authority**

11          By Plaintiffs' own admission, the MDL court has authority over all actions where

12  there remain "coordinated or consolidated pretrial proceedings." (Pl.'s Mot. to Withdraw Mot. to

13  Remand and to Expedite Trial Setting 4:2-6.) This authority includes the power to conduct

14  settlement negotiations and conferences. *In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000)

15  (citing FED. R. CIV. P. 16(a)(5)).

16  "One of the values of multidistrict proceedings is that they bring before a single judge all of the

17  federal cases, parties, and counsel comprising the litigation. They therefore afford a unique

18  opportunity for the negotiation of a global settlement." FEDERAL JUDICIAL CENTER, MANUAL FOR

19  COMPLEX LITIGATION – FOURTH § 20.132 (2004).[6] A testament to multidistrict litigation's

20  effectiveness in settling cases is the fact that "most multidistrict litigation is settled in the

21  transferee [MDL] court." *Id.* Thus, the settlement opportunities presented by transfer to the

22  MDL court stand in stark contrast to the procedures offered by the state court, which are

23  frequently ineffective, address only one case at a time, and often mean settlement does not happen

24  until well after the jury is empanelled. Accordingly, this case is ripe for transfer to the MDL

25  court for the purpose of conducting settlement negotiations and conferences, an important pre-

26  trial opportunity that was not available to the parties while the case was pending in state court.

27  / / /

28  _____
[6] (*See* Krow Decl., Ex. E.)

- 6 -    UNION CARBIDE'S OPPOSITION TO
PLAINTIFFS' MOTION TO EXPEDITE TRIAL
CASE NO. C 07-4240 SBA

1

2

      **b.**    **Interlocutory state court orders are subject to reconsideration by the federal courts**

3            The MDL court has authority over all judicial proceedings before trial, including

4 discovery motions, motions to amend, to dismiss, for summary judgment, and to determine class

5 certification. *In re Patenaude*, 210 F.3d at 144 (quoting *In re Plumbing Fixture Cases*, 298 F.

6 Supp. 484, 494 (J.P.M.L. 1968); 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H.

7 COOPER, FEDERAL PRACTICE & PROCEDURE § 3866)). Plaintiffs do not appear to dispute this

8 point, but rather, they argue that these pre-trial issues were already resolved in the state court

9 case. (Pl.'s Mot. to Withdraw Mot. to Remand and to Expedite Trial Setting 4:14-15.) Plaintiffs

10 are mistaken, as the change from state procedures to federal procedures means that what occurred

11 in the state court proceedings is not necessarily sufficient for a federal trial.

12            Although the state court may have resolved the pre-trial issues in the case

13 according to state law, that is not the end of the inquiry. Upon removal, "it is settled that federal

14 rather than state law governs the future course of proceedings." *Granny Goose Foods, Inc. v.*

15 *Teamsters*, 415 U.S. 423, 437 (1974). Thus, "to the extent the state court order requires the

16 parties to act or refrain from acting in a manner inconsistent with federal procedural requirements,

17 the district court must accommodate the order to federal law." *Id.* at 439-41 & n.15. Moreover,

18 because federal law applies upon removal, interlocutory state orders are subject to reconsideration

19 by the federal court at any time. *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 80 (9th Cir. 1979).

20 Accordingly, the rules governing removed cases would ***permit*** the MDL court to review any

21 interlocutory orders issued in the state court action and would ***require*** the MDL court to amend

22 any state court orders that require action (or inaction) inconsistent with federal procedures.

23            Although Union Carbide cannot anticipate all of the pre-trial issues that the MDL

24 court could or should revisit in this case (particularly on the abbreviated time frame forced on it

25 by Plaintiffs' failure to provide proper notice of this motion), at least two such issues are already

26 clear: First, any defendant may chose to renew its motion for summary judgment; and second,

27 because the federal and state standards regarding scientific evidence differ dramatically, Union

28 Carbide believes there will be pre-trial questions relating to expert testimony and causation

1  evidence under the federal standard that were not previously at issue in the state court.

2       **2.**     **The Pre-Trial Issues Presented by This Case and Questions Regarding**
                      **the Propriety of the MDL Court's Jurisdiction Over the Matter Are**

3                        **Best Resolved by the MDL Panel**

4         As the foregoing discussion makes plain, several important pre-trial matters

5  remain for the MDL court to oversee.  Moreover, the outstanding issues are precisely the kinds of

6  issues best presented to the MDL court because they raise questions likely to be raised in other

7  asbestos cases as well. *See, e.g.,* FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION

8  – FOURTH § 22.35.[7]  By definition, these pre-trial questions are within the MDL court's purview.

9  *See In re Asbestos Products Liab. Action (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991); *see also In*

10  *re Patenaude*, 210 F.3d at 144.  Further, the valuable pre-trial settlement procedures of the MDL

11  court – one of the key functions of multidistrict litigation – remain applicable to this case.  Thus,

12  because transfer to the MDL court appears likely, denying Plaintiffs' motion to expedite the trial

13  setting would further judicial economy by avoiding the setting of a trial schedule only to have it

14  vacated upon transfer.  In addition, denying Plaintiffs' motion would also prevent the parties from

15  having to engage in duplicative briefing of the remaining pre-trial matters.

16         Furthermore, the one forum more qualified than any to determine whether the

17  MDL court can and will keep this case is the MDL Panel.  The Panel is going to reach that

18  decision soon, and its decision will govern.  It truly defies logic to force this case forward now

19  when the jurisdictional issue is going to be decided shortly by the true final arbiter, the MDL

20  Panel.

21       **3.**     **Plaintiffs' Claim that Union Carbide Is Seeking to Unduly Delay the**
                      **Trial Is Unfounded**

22

23         Plaintiffs try to bolster their flawed argument regarding the status of the case by

24  implying that Union Carbide has already unduly delayed the start of trial.  (Pl.'s Mot. to

25  Withdraw Mot. to Remand and to Expedite Trial Setting 2:15-3:20.)  Plaintiffs' argument is based

26  exclusively on the premise that Union Carbide's removal of the case at the beginning of the state

27  court trial amounts to "delaying tactics." (*Id.* at 3:16.)  But in reality, Plaintiffs have it

---

28  [7] (*See* Krow Decl., Ex. E.)

         - 8 -         UNION CARBIDE'S OPPOSITION TO
                                            PLAINTIFFS' MOTION TO EXPEDITE TRIAL
                                             CASE NO. C 07-4240 SBA

1   backwards: it was the Plaintiffs who decided to settle with the last forum defendant days before

2   trial; thus, Plaintiffs, not Union Carbide controlled when Union Carbide could remove the case to

3   federal court. As the Ninth Circuit noted in *Preseau*:

4   
> [Plaintiff] forgets that it was she who determined to name Doe
> defendants who might destroy diversity, . . . and it was she who
5   > determined that the Doe defendants would not be dismissed until
> the day of trial. Thus she, and not [defendant], controlled when the
6   > 30 day time limit of § 1446(b) would begin running.

7

8   *Preseau*, 591 F.2d at 74 (rejecting plaintiff's argument that "it is unfair to allow [defendant] to

9   wait until the day of trial to seek removal."). Union Carbide should not now be criticized, let

10  alone penalized, for exercising its right to a federal forum upon the first opportunity to do so.

11          Plaintiffs have stated in their papers that an expedited trial is warranted in light of

12  Mr. Lyman's potential inability to travel to San Francisco for his day in court.  (Pl.'s Mot. to

13  Withdraw Mot. to Remand and to Expedite Trial Setting 3:18-20.)  As noted above, however, the

14  fact that Plaintiffs are in federal court and subject to federal procedures so late was within the

15  Plaintiffs' power to control.  Had Plaintiffs dismissed the peripheral forum and non-diverse

16  defendants much earlier, the pre-trial proceedings would have been conducted under the federal

17  standards in the first instance.  Further, Mr. Lyman's video-taped direct testimony was preserved

18  by Plaintiffs' counsel precisely so that it could be played at trial if Mr. Lyman becomes too ill to

19  travel.

20          Union Carbide requests that the Court allow the MDL Panel the opportunity to

21  decide whether to transfer the case to the MDL court before setting the trial schedule.  This

22  process should not take an unduly long period of time.  Should the MDL Panel opt not to transfer

23  the case (which is not the likely outcome), Plaintiffs may choose to renew their motion to

24  expedite the trial setting.  Furthermore, even if the MDL Panel does not transfer the case to the

25  MDL court, Plaintiffs' motion is premature because, if the case is not transferred, there would

26  still remain several pre-trial issues for this Court to resolve before the case could be tried.

27  ///

28  ///

1   IV.    **CONCLUSION**

2            For the foregoing reasons, Union Carbide respectfully asks that the Court deny

3   Plaintiffs' request to expedite the trial setting.

4   Dated: September 25, 2007                    CATHERINE MORRIS KROW
                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

5

6   _____
                                                 Catherine Morris Krow
7                                                Attorneys for Defendant
                                                 UNION CARBIDE CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D

EXHIBIT D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAVID R. DONADIO, ESQ., STATE BAR NO. 154436<br>BRAYTON✦PURCELL LLP<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>TELEPHONE NO.: (415) 898-1555   FAX NO.: (415) 898-1247 | ENDORSED<br>**F I L E D**<br>San Francisco County Superior Court<br><br>DEC 2 9 2006<br><br>GORDON PARK-LI, Clerk<br>BY: DEBORAH STEPPE<br>Deputy Clerk |
| ATTORNEY FOR *(Name):* Plaintiff(s) | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
ROBERT F. LYMAN and SAMANTHA LYMAN vs. ASBESTOS DEFENDANTS (B✦P)

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CGC-06-459162<br>JUDGE:<br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below of the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorists (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☒ Asbestos (04)
☐ Product Liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental / Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☐ is   ☒ is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-judgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. ☒ Monetary   b. ☐ Nonmonetary; declaratory or injunctive relief   c. ☒ Punitive
4. Number of causes of action (*specify*): 8
5. This case ☐ is   ☒ is not  a class action suit.
Date: 12/29/06

David R. Donadio
(TYPE OR PRINT NAME)                                                ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 2 9 2006

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
Deputy Clerk

DAVID R. DONADIO, ESQ., S.B: #154436
JOHN B. GOLDSTEIN, ESQ., S.B. #198188
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948-CASE MANAGEMENT CONFERENCE SET
(415) 898-1555

Attorneys for Plaintiffs                    DEC 2 0 2007  1:30 PM

DEPARTMENT 206

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

ROBERT F. LYMAN and            )   ASBESTOS
SAMANTHA LYMAN,                )   No.  CGC-06-459162
                               )
              Plaintiffs,      )
                               )   COMPLAINT FOR PERSONAL INJURY
vs.                            )   AND LOSS OF CONSORTIUM -
                               )   ASBESTOS
ASBESTOS DEFENDANTS (B❖P)      )
As Reflected on Exhibits B, B-1, C, H,  )
I; and DOES 1-8500; and SEE    )
ATTACHED LIST.                 )
                               )

        1.      Plaintiff ROBERT F. LYMAN was born August 13, 1939.

        2.      The ©Brayton❖Purcell Master Complaint for Personal Injury [and Loss of

Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

Francisco Superior Court. A copy of the Master Complaint and General Order No. 55 may be

obtained upon request from Brayton❖Purcell, and designated portions of the Master Complaint

are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows: .

///

///

///

K:\Injured\107053\cmp-pi&p2cyn.wpd                    1
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

BRAYTON◆PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

2

3   CLEAVER-BROOKS, INC.
    BUCYRUS INTERNATIONAL, INC.
4   JOHN CRANE, INC.
    CRANE CO.
5   GARLOCK SEALING TECHNOLOGIES, LLC
    GENERAL MOTORS CORPORATION
6   OWENS-ILLINOIS, INC.
    PARKER-HANNIFIN CORPORATION
7   PLANT INSULATION COMPANY
    QUINTEC INDUSTRIES, INC.
8   RAPID-AMERICAN CORPORATION
    R.F. MACDONALD CO.
9   UNION CARBIDE CORPORATION
    UNIROYAL HOLDING, INC.
10  WESTERN MacARTHUR COMPANY
    MacARTHUR COMPANY
11  WESTERN ASBESTOS COMPANY
    PNEUMO ABEX LLC
12  HONEYWELL INTERNATIONAL, INC.
13  FORD MOTOR COMPANY
    INTERNATIONAL TRUCK & ENGINE CORPORATION
14  CHEVRON PHILLIPS CHEMICAL COMPANY LP
    DRILLING SPECIALTIES COMPANY LLC
15  MONTELLO INC.
16  A.W. CHESTERTON COMPANY
    TYCO INTERNATIONAL (US) INC.
17  HENRY VOGT MACHINE CO.
    WEIR VALVE & CONTROLS USA INC.
18  CARLISLE CORPORATION
    FREIGHTLINER LLC
19  MACK TRUCKS, INC.
    J.T. THORPE & SON, INC.
20  TEXACO, INC.
    SAN JOAQUIN REFINERY
21  CHEVRON U.S.A., INC.
22  CHEVRON PRODUCTS COMPANY
    UNOCAL CORPORATION
23  SHELL OIL COMPANY
    METROPOLITAN LIFE INSURANCE COMPANY
24  GATKE CORPORATION
    AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
25  UNDERWRITERS LABORATORIES, INC.
    and DOES 1-8500,
26
        Defendants.
27
    Robert F. Lyman and Samantha Lyman vs. Asbestos Defendants (B◆P)
28  San Francisco Superior Court

**DEFENDANTS* ON EXHIBITS:**

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | ☒ |  | □ | □ | □ |  |  |  |  | □ | □ | □ |
| Second (Strict Liability) | ☒ | ☒ |  |  |  |  | □ |  |  |  | □ | □ |  |
| Third (False Representation) | ☒ | ☒ |  |  |  |  | □ |  |  |  |  |  |  |
| Fourth (Loss of Consortium) | ☒ | ☒ | ☒ | □ | □ | □ | □ | ☒ | ☒ | □ | □ | □ | □ |
| Fifth (Premises Owner/ Contractor Liability) | ☒ | ☒ | ☒ | □ |  |  |  |  |  |  |  |  |  |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) |  |  |  |  | □ |  |  |  |  |  |  |  |  |
| Tenth, Eleventh (F.E.L.A.) |  |  |  |  |  | □ |  |  |  |  |  |  |  |
| Twelfth, Thirteenth (Respiratory Safety Devices) |  |  |  |  |  |  | □ |  |  |  |  |  |  |
| Fourteenth, Fifteenth (Brake Shoe Grinding) |  |  |  |  |  |  | □ |  |  |  |  |  |  |
| Sixteenth (Concert of Action) |  |  |  |  |  |  |  | ☒ | ☒ |  |  |  |  |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) |  |  |  |  |  |  |  |  |  | □ |  |  |  |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Twentieth (Fraud/Deceit - Kent) |  |  |  |  |  |  |  |  |  |  | ☒ |  |  |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

1    3.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and

2  history of exposure to asbestos are as stated on Exhibit A.

3    4.    Plaintiffs were married on January 1, 1970.

4    5.    (a) "Exposed persons" in paragraphs 21, 68 and 69 of the Master Complaint

5  include plaintiff ROBERT F. LYMAN herein and plaintiff's father, Sylvester Lyman, deceased.

6  Dated: 12/29/06                        BRAYTON✠PURCELL LLP

7

8                              By: _____

9                                   David R. Donadio
                                     Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\107053\temp-plxp2exp.wpd                        3
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

## EXHIBIT A

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Marine Corps | US Marine Corps Camp Lejuene Jacksonville, NC | Trainee | 1956-1957, 8 weeks |
| | Naval Air Station Cecil Field, Jacksonville, FL | | 9-10 months |
| Associated Transport Waltham, MA | Associated Transport Waltham, MA | Manager | 1958-1967 |
| United States Gypsum Charlestown, MA | United States Gypsum Charlestown, MA | Factory Worker (Foreman) | 1967, approx. 8 months |
| Alva Radio Industry Santa Monica, CA | Alva Radio Industry Santa Monica, CA | Assembler | 1971-1975 |
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc.: various oil fields throughout Southern California, including but not limited to: | Oil Field Worker | 1976-1987 |
| | Union Oil Co. of California, Santa Paula, CA | | |
| | Mohawk Refinery (Getty Oil) Bakerfield, CA | | |
| | San Joaquin Refinery Bakersfield, CA | | |
| | Standard Oil, Carpinteria, CA | | |
| | ExxonMobil Oil (HONDO) Santa Barbara, CA | | |
| | Shell Oil Long Beach, CA | | |
| | Shell Oil Carson, CA | | |

///

EXHIBIT A

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

### EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Baker Hughes Oilfield Operations, Inc. Houston, TX (con't) | El Capitan Oil Co. Bakersfield, CA | Oil Field Worker | 1976-1987 |
| | Shell Oil, Ventura, CA | | |
| | Shell Oil, Bakersfield, CA | | |
| | Shell Oil Pumping Station Huntington Beach, CA | | |
| | Shell Oil, San Pedro, CA | | |

**SECONDARY EXPOSURE:**

Plaintiff's father, Sylvester Lyman (deceased), worked for the US Government as a pipefitter for approximately 50 years. Plaintiff lived with his father from 1939 until approximately 1959. Plaintiff's father came home with dusty, dirty clothes every day. Plaintiff recalls meeting his father at the front gate of the shipyard and walking home with his father. Plaintiff's father's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Government | Boston Naval Shipyard Boston, MA: onboard various ships, names currently unknown | Pipefitter | 1939-1959 |

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, lung and/or other cancer, mesothelioma, and/or other lung damage. Plaintiff was diagnosed with lung cancer on or about October 2006.

Plaintiff retired from his last place of employment as a result of becoming disabled due to an injury not related to asbestos. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

EXHIBIT A

K:\Inkrood\107053\kmp-p3cp2exp.wpd
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1                                    EXHIBIT B

2    DEFENDANTS

3    CLEAVER-BROOKS, INC.                    PNEUMO ABEX LLC
     BUCYRUS INTERNATIONAL, INC.             HONEYWELL INTERNATIONAL, INC.
4    JOHN CRANE, INC.                        FORD MOTOR COMPANY
     CRANE CO.                               INTERNATIONAL TRUCK & ENGINE
5    GARLOCK SEALING TECHNOLOGIES, LLC          CORPORATION
     GENERAL MOTORS CORPORATION              CHEVRON PHILLIPS CHEMICAL COMPANY
6    OWENS-ILLINOIS, INC.                       LP
     PARKER-HANNIFIN CORPORATION             DRILLING SPECIALTIES COMPANY LLC
7    PLANT INSULATION COMPANY                MONTELLO INC.
     QUINTEC INDUSTRIES, INC.                A.W. CHESTERTON COMPANY
8    RAPID-AMERICAN CORPORATION              TYCO INTERNATIONAL (US) INC.
     R.F. MACDONALD CO.                      HENRY VOGT MACHINE CO.
9    UNION CARBIDE CORPORATION               WEIR VALVE & CONTROLS USA INC.
     UNIROYAL HOLDING, INC.                  CARLISLE CORPORATION
10   WESTERN MacARTHUR COMPANY               FREIGHTLINER LLC
     MacARTHUR COMPANY                       MACK TRUCKS, INC.
11   WESTERN ASBESTOS COMPANY                DOES 1-800

12                                 ALTERNATE ENTITY

13   CLEAVER-BROOKS, INC.            CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC.
                                     AQUA-CHEM, INC.
14                                   CLEAVER BROOKS
                                     SPRINGFIELD BOILER CO.
15
     BUCYRUS INTERNATIONAL, INC.     BUCYRUS-ERIE
16                                   MARION POWER SHOVEL COMPANY, THE
                                     OSGOOD COMPANY
17                                   GENERAL EXCAVATOR COMPANY

18   CRANE CO.                       CRANE COMPANY
                                     CRANE PLUMBING & HEATING
19                                   CRANE PUMPS & SYSTEMS, INC.
                                     CRANE SUPPLY
20                                   BURK PUMPS
                                     MIDWEST PIPING CO.
21                                   MIDWEST PIPING & SUPPLY CO.
                                     MIDWEST INVESTMENT
22                                   PACIFIC STEEL BOILER CORPORATION
                                     PACIFIC VALVES
23                                   CRANE VALVE GROUP
                                     DEMING PUMPS
24                                   REPCAL BRASS MANUFACTURING CO.
                                     CHAPMAN VALVE COMPANY

25   ///

26   ///

27   ///

28                                                              EXHIBIT B

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| GARLOCK SEALING<br>TECHNOLOGIES, LLC | GARLOCK, INC.<br>COLTEC INDUSTRIES, INC.<br>FAIRBANKS-MORSE<br>FAIRBANKS MORSE ENGINES<br>BELMONT PACKING & RUBBER CO.<br>GARLOCK PACKING CO.<br>U.S. GASKET CO.<br>GOODRICH CORPORATION<br>ENPRO INDUSTRIES, INC. |
| GENERAL MOTORS CORPORATION | NEW DEPARTURE<br>CHEVROLET<br>A.C. DELCO CO.<br>BUICK AUTOMOTIVE CORPORATION<br>CADILLAC<br>PONTIAC<br>LaSALLE<br>OLDSMOBILE<br>GM GOODWRENCH<br>ROCHESTER PRODUCTS DIVISION<br>EUCLID ROAD MACHINERY CO.<br>FRIDGIDAIRE (for exposure pre 4/9/1979) |
| UNION CARBIDE CORPORATION | UNION CARBIDE CHEMICALS AND PLASTICS<br>COMPANY, INC.<br>UNION CARBIDE AND CARBON PRODUCTS<br>LINDE AIR PRODUCTS COMPANY |
| UNIROYAL HOLDING, INC. | UNIROYAL, INC. |
| PNEUMO ABEX LLC | PNEUMO ABEX CORPORATION<br>ABEX CORPORATION<br>AMERICAN BRAKE SHOE COMPANY<br>EATON BRAKE SHOES<br>EATON MANUFACTURING CO.<br>AMERICAN BRAKE SHOE AND FOUNDRY COMPANY<br>AMERICAN BRAKEBLOK, DIVISION OF AMERICAN<br>BRAKE SHOE AND FOUNDRY CO.<br>AMERICAN BRAKEBLOK CORPORATION<br>AMERICAN BRAKE MATERIALS CORPORATION<br>AMERICAN BRAKE SHOE AND FOUNDRY (DE) |
| FORD MOTOR COMPANY | BRITISH LEYLAND MOTORS, INC.<br>BRITISH MOTOR CORPORATION<br>JAGUAR CARS, INC.<br>TRIUMPH<br>LINCOLN CONTINENTAL<br>AUSTIN HEALEY |

///

///

EXHIBIT B

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| HONEYWELL, INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| TYCO INTERNATIONAL (US) INC. | POTTER & BRUMFIELD, INC. |
| | TYCO INTERNATIONAL (PA) INC. |
| | RAYCHEM CORPORATION |
| | ANDERSON GREENWOOD |
| | CROSBY STEAM AND VALVE COMPANY |
| | CROSBY VALVE, INC. |
| HENRY VOGT MACHINE CO. | VOGT VALVES |
| WEIR VALVE & CONTROLS USA INC. | ATWOOD & MORRILL CO., INC. |
| CARLISLE CORPORATION | CARLISLE DELAWARE CORPORATION |
| | CARLISLE MANAGEMENT COMPANY |
| | MOTION CONTROL INDUSTRIES, INC. |
| | CARLISLE TIRE & RUBBER COMPANY |
| | GEAUJA COMPANY |
| | TENSOLITE COMPANY |
| | BRAEMAR CORPORATION |
| | CONTINENTAL CARLISLE CORPORATION |
| | DIGITAL CONTROLS CORPORATION |
| | GRAHAM MAGNETIC INCORPORATION |
| FREIGHTLINER LLC | FREIGHTLINER CORPORATION |
| | WHITE FREIGHTLINERS |
| | WESTERN STAR TRUCKS, INC. |

///

EXHIBIT B

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

MACK TRUCKS, INC.                    BROCKWAY MOTOR COMPANY, INC.

EXHIBIT B-1

DEFENDANTS

J.T. THORPE & SON, INC.
DOES 1-800; DOES 1001-2000

ALTERNATE ENTITY

J.T. THORPE & SON, INC.          THE THORPE COMPANY
                                 THORPE PRODUCTS CO.
                                 J.T. THORPE NORTHWEST

EXHIBIT C

DEFENDANTS

| TEXACO, INC. | J.T. THORPE & SON, INC. |
| SAN JOAQUIN REFINERY | PLANT INSULATION COMPANY |
| CHEVRON U.S.A., INC. | WESTERN MacARTHUR COMPANY |
| CHEVRON PRODUCTS COMPANY | MacARTHUR COMPANY |
| UNOCAL CORPORATION | WESTERN ASBESTOS COMPANY |
| SHELL OIL COMPANY | DOES 1001-2000 |

ALTERNATE ENTITY

TEXACO, INC.                     TEXACO REFINING AND MARKETING, INC.
                                 TEXACO REFINING & MARKETING, INC.
                                 TEXACO USA
                                 THE TEXAS COMPANY
                                 THE TEXAS CORPORATION
                                 ASSOCIATED OIL COMPANY
                                 GETTY REFINING AND MARKETING
                                 MOHAWK PETROLEUM CORPORATION, INC.
                                 MOHAWK REFINERY
                                 RESERVE OIL & GAS COMPANY
                                 HOLMES-MANLEY

/// 

///                                                 EXHIBITS B, B-1, C

9

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT C (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| CHEVRON PRODUCTS COMPANY | CHEVRON U.S.A. PRODUCTS COMPANY |
| | CHEVRON CORPORATION PRODUCTS COMPANY |
| | CHEVRON CORPORATION |
| | CHEVRON OIL REFINERY |
| | CHEVRON CHEMICAL COMPANY |
| | WILSHIRE OIL |
| | STANDARD OIL COMPANY OF CALIFORNIA |
| | STANDARD OIL COMPANY OF CALIFORNIA, |
| |    WESTERN OPERATIONS, INC. |
| | GULF OIL COMPANY |
| | GULF OIL OF CALIFORNIA |
| | GULF OIL CORPORATION |
| | GULF OIL PRODUCTS COMPANY |
| | CHEVRON RESEARCH AND |
| |    TECHNOLOGY |
| | PACIFIC OIL REFINING |
| | PACIFIC REFINING CO. |
| | SEQUOIA REFINING CORP. |
| | CHEVRON U.S.A., INC. |
| | CHEVRON U.S.A. PRODUCTS, INC. |

| PREMISES OWNER DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| TEXACO, INC. | Mohawk Refinery (Getty Oil), Bakersfield, CA | 1976-1987 |
| SAN JOAQUIN REFINERY | San Joaquin Refinery, Bakersfield, CA | 1976-1987 |
| CHEVRON U.S.A., INC./ CHEVRON PRODUCTS COMPANY | Standard Oil, Carpinteria, CA | 1976-1987 |
| UNOCAL CORPORATION | Union Oil of California, Santa Paula, CA | 1976-1987 |
| SHELL OIL COMPANY | Shell Oil, Long Beach, CA; Shell Oil, Carson, CA; Shell Oil, Ventura, CA; Shell Oil, Bakersfield, CA; Shell Oil Pumping Station, Huntington Beach, CA; Shell Oil, San Pedro, CA | 1976-1987 |

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| J.T. THORPE & SON, INC. | Various | Various |

///                            EXHIBIT C

K:\Injuries\107653\cmp-pltp2.cmp.wpd

10

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C (cont'd.)

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| PLANT INSULATION COMPANY | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

EXHIBIT H

DEFENDANTS

METROPOLITAN LIFE INSURANCE COMPANY
PNEUMO ABEX LLC
BORGWARNER MORSE TEC, INC.
HONEYWELL INTERNATIONAL, INC. (successor-in-
    interest to ALLIEDSIGNAL, INC.)
THE BUDD COMPANY
DAIMLERCHRYSLER CORPORATION
DANA CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
BRIDGESTONE/FIRESTONE
    NORTH AMERICAN TIRE, LLC
LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.
MAREMONT CORPORATION
MORTON INTERNATIONAL, INC.
PARKER-HANNIFIN CORPORATION
STANDARD MOTOR PRODUCTS, INC.
GATKE CORPORATION
GARLOCK SEALING TECHNOLOGIES, LLC
BRASSBESTOS BRAKE LINING COMPANY
H. KRASNE MANUFACTURING COMPANY
AUTO SPECIALTIES MANUFACTURING COMPANY

STUART-WESTERN, INC.
RITESET MANUFACTURING COMPANY
ASBESTOS MANUFACTURING COMPANY
FIBRE & METAL PRODUCTS COMPANY
LASCO BRAKE PRODUCTS
L.J. MILEY COMPANY
ROSSENDALE-RUBOIL COMPANY
SOUTHERN FRICTION MATERIALS COMPANY
U.S. SPRING & BUMPER COMPANY
AUTO FRICTION CORPORATION
EMSCO ASBESTOS COMPANY
FORCEE MANUFACTURING CORPORATION
MOLDED INDUSTRIAL FRICTION CORPORATION
NATIONAL TRANSPORT SUPPLY, INC.
SILVER LINE PRODUCTS, INC.
STANDCO, INC.
UNIVERSAL FRICTION MATERIALS COMPANY
WHEELING BRAKE BLOCK MANUFACTURING
    COMPANY
OWENS-ILLINOIS, INC.
BELL ASBESTOS MINES LTD.
DOES5000-8000

EXHIBIT I

DEFENDANTS

METROPOLITAN LIFE INSURANCE
    COMPANY
OWENS-ILLINOIS, INC.
PNEUMO ABEX LLC
GATKE CORPORATION
GARLOCK SEALING TECHNOLOGIES, LLC

AMERICAN CONFERENCE OF
    GOVERNMENTAL INDUSTRIAL
    HYGIENISTS, INC.
UNDERWRITERS LABORATORIES, INC.
DOES5000-7500

EXHIBITS C, H, I

K:\Injured\10705\Pcmp-pllcp2cxp.wpd

11

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO AMENDED G.O. 158

1   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON❖PURCELL LLP
2   Attorneys at Law
    222 Rush Landing Road
3   P.O. Box 6169
    Novato, California 94948-6169
4   (415) 898-1555

5   Attorneys for Plaintiffs

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

DEC 2 9 2006

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
      Deputy Clerk

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11   ROBERT F. LYMAN and          )   ASBESTOS
     SAMANTHA LYMAN,              )   No.
12                                )   CGC-06-459162
              Plaintiffs,         )
13                                )   PRELIMINARY FACT SHEET/NEW
     vs.                          )   FILING/ASBESTOS LITIGATION
14                                )
     ASBESTOS DEFENDANTS (B❖P)    )
15   _____)
                                      (See General Order No. 129, In Re:
16                                    Complex Asbestos Litigation)

17                            **NOTICE**

18   TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
     SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF
19   SAN FRANCISCO

20        You have been served with process in an action which has been designated by the Court
     as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This
21   litigation bears the caption "In Re: Complex Asbestos Litigation", [San Francisco Superior
     Court No. 828684].

22
          This litigation is governed by various general orders, some of which affect the judicial
23   management and/or discovery obligations, including the responsibility to answer interrogatories
     deemed propounded in the case. You may contact the Court or Designated Defense Counsel,
24   Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone:
     (510) 835-8330; FAX: (510) 835-5117, for further information and/or copies of these orders, at
25   your expense.

26   1. State the complete name and address of each person whose claimed exposure to asbestos is

27   the basis of this lawsuit ("exposed person"): Robert F. Lyman, P.O. Box 1066, Silver Springs,

28   Nevada 89429.

K:\Injured\107053\Comp-factst.wpd                    1
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1    2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four

2    months?    __X__ Yes                              _____ No

3    [If yes, the action will be governed by General Order No. 140; if no, the action will be governed

4    by General Order No. 129.]

5    3. Date of birth of each exposed person in item one and, if applicable, date of death:

6            Date of Birth:    __8/13/39__

7            Date of Death:    __N/A__

8    Social Security Number of each exposed person:

9            __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__

10   4. Specify the nature or type of asbestos-related disease alleged by each exposed person.

11           _____ Asbestosis                    _____ Mesothelioma

12           _____ Pleural Thickening/Plaques         _____ Other Cancer:  Specify: _____

13           __X__ Lung Cancer Other Than Mesothelioma      _____ Other:  Specify: _____

14   5. For purposes of identifying the nature of exposure allegations involved in this action, please

15   check one or more:

16           _____ Shipyard       _____ Construction       __X__ Friction-Automotive

17           __X__ Premises       _____ Aerospace          __X__ Military

18           __X__ Other:  Specify all that apply:  ___Industrial___

19   If applicable, indicate which exposure allegations apply to which exposed person.

20   6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known,

21   provide the beginning and ending year(s) of each such exposure.  Also specify each exposed

22   person's employer and job title or job description during each period of exposure.  (For example:

23   "San Francisco Naval Shipyard - Pipefitter - 1939-1948").  Examples of locations of exposure

24   might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized

25   descriptions such as "merchant marine" or "construction".  If an exposed person claims exposure

26   during only a portion of a year, the answer should indicate that year as the beginning and ending

27   year (e.g., 1947-1947).

28   ///

K:\bsjuren\107053\comp-factst.wpd

**2**

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Marine Corps | US Marine Corps Camp Lejuene Jacksonville, NC | Trainee | 1956-1957, 8 weeks |
| | Naval Air Station Cecil Field, Jacksonville, FL | | 9-10 months ... |
| Associated Transport Waltham, MA | Associated Transport Waltham, MA | Manager | 1958-1967 |
| United States Gypsum Charlestown, MA | United States Gypsum Charlestown, MA | Factory Worker (Foreman) | 1967, approx. 8 months |
| Alva Radio Industry Santa Monica, CA | Alva Radio Industry Santa Monica, CA | Assembler | 1971-1975 |
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc.: various oil fields throughout Southern California, including but not limited to: | Oil Field Worker | 1976-1987 |
| | Union Oil Co. of California, Santa Paula, CA | | |

(Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

7. For each exposed person who:

a. worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

b. may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

c. served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

///

1      d. was employed by the United States government in a civilian capacity, attach to the

2  copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of

3  the stipulation (Exhibit N-3 to General Order No. 129). ·

4  8. If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated

5  Defense Counsel a copy of the death certificate, if available.  If an autopsy report was done, also

6  attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

7  9. State the date of the filing of the initial complaint in this matter:

8  *December 29, 2006.*

9                        · · By: _____

10                                  Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4**
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Baker Hughes Oilfield Operations, Inc. Houston, TX (con't) | El Capitan Oil Co. Bakersfield, CA | Oil Field Worker | 1976-1987 |
| | Mohawk Refinery (Getty Oil) Bakerfield, CA | | |
| | San Joaquin Refinery Bakersfield, CA | | |
| | Standard Oil, Carpinteria, CA | | |
| | ExxonMobil Oil (HONDO) Santa Barbara, CA | | |
| | Shell Oil Long Beach, CA | | |
| | Shell Oil Carson, CA | | |
| | Shell Oil, Ventura, CA | | |
| | Shell Oil, Bakersfield, CA | | |
| | Shell Oil Pumping Station Huntington Beach, CA | | |
| | Shell Oil, San Pedro, CA | | |

## SECONDARY EXPOSURE:

Plaintiff's father, Sylvester Lyman (deceased), worked for the US Government as a pipefitter for approximately 50 years. Plaintiff lived with his father from 1939 until approximately 1959. Plaintiff's father came home with dusty, dirty clothes every day. Plaintiff recalls meeting his father at the front gate of the shipyard and walking home with his father. Plaintiff's father's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Government | Boston Naval Shipyard Boston, MA: onboard various ships, names currently unknown | Pipefitter | 1939-1959 |

K:\Injured\10705\Jcomp-factsx wpd

5

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

– UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 –

**DO NOT FILE WITH THE COURT**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>DAVID R. DONADIO, ESQ.   (Bar # 154436)<br>BRAYTON❖PURCELL LLP<br>222 Rush Landing Road<br>Novato, California  94948-6169<br>ATTORNEY FOR *(name)*  Plaintiff(s) | TELEPHONE NO.<br>(415) 898-1555<br>FAX NO.<br>(415) 898-1247 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco  94102
BRANCH NAME:

PLAINTIFF:  ROBERT F. LYMAN and SAMANTHA LYMAN
DEFENDANT:  ASBESTOS DEFENDANTS (B❖P)

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>459162 |
|---|---|

To *(name of one defendant only)*:  UNION CARBIDE CORPORATION

Plaintiff *(name of one plaintiff only)*:  ROBERT F. LYMAN
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**

a. ☒  Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 1,000,000.00

b. ☒  Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 1,000,000.00

c. ☐  Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

d. ☐  Loss of society and companionship*(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . . . . .  $ _____

e. ☐  Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

f. ☐  Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

g. ☐  Continued on Attachment 1.g.

2. **Special damages**

a. ☒  Medical expenses *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 200,000.00

b. ☒  Future medical expenses *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 200,000.00

c. ☐  Loss of earnings *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

d. ☒  Loss of future earning capacity *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 1,500,000.00

e. ☐  Property damage  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

f. ☐  Funeral expenses *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

g. ☐  Future contributions *(present value) (wrongful death actions only)* . . . . . . . . . . . . . . . . . . . .  $ _____

h. ☐  Value of personal service, advice, or training *(wrongful death actions only)* . . . . . . . . . . . . . . .  $ _____

i. ☒  Other *(specify)*  LOSS OF HOUSEHOLD SERVICES  . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 1,000,000.00

j. ☐  Other *(specify)*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

k. ☐  Continued on Attachment 2.k.

3. ☒  **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* . . . . . .  $ 5,000,000.00
   when pursuing a judgment in the suit filed against you.

Date:  January 3, 2007

| David R. Donadio | /s/ David R. Donadio |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF) |

(Proof of service on reverse)

| | | |
|---|---|---|
| Form Adopted by Rule 982<br>Judicial Council of California<br>982 (a)(24) [New January 1, 1997]<br>**Mandatory Form** | STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | Code of Civil Procedure, §§ 425.11, 425.115 |

*LexisNexis™ Automated California Judicial Council Forms*

– UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 –

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>**DAVID R. DONADIO, ESQ.** (Bar # 154436)<br>**BRAYTON❖PURCELL LLP**<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>ATTORNEY FOR *(name)*: **Plaintiff(s)** | TELEPHONE NO.<br>**(415) 898-1555**<br>FAX NO.<br>**(415) 898-1247** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

PLAINTIFF: ROBERT F. LYMAN and SAMANTHA LYMAN
DEFENDANT: ASBESTOS DEFENDANTS (B❖P)

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>459162 |
|---|---|

To *(name of one defendant only)*: UNION CARBIDE CORPORATION

Plaintiff *(name of one plaintiff only)*: SAMANTHA LYMAN
seeks damages in the above-entitled action, as follows:

**1. General damages** | AMOUNT
  a. ☐ Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  b. ☐ Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  c. ☒ Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ __500,000.00__
  d. ☐ Loss of society and companionship *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . $ _____
  e. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  f. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  g. ☐ Continued on Attachment 1.g.

**2. Special damages**
  a. ☐ Medical expenses *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  b. ☐ Future medical expenses *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  c. ☐ Loss of earnings *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  d. ☐ Loss of future earning capacity *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  e. ☐ Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  f. ☐ Funeral expenses *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  g. ☐ Future contributions *(present value) (wrongful death actions only)* . . . . . . . . . . . . . . . . $ _____
  h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* . . . . . . . . . . . $ _____
  i. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  j. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  k. ☐ Continued on Attachment 2.k.

**3.** ☒ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* . . . . . . $ __5,000,000.00__
when pursuing a judgment in the suit filed against you.

Date: January 3, 2007

.................................................. 
David R. Donadio
(TYPE OR PRINT NAME)

/s/ David R. Donadio
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**
Code of Civil Procedure, §§ 425.11, 425.115

*LexisNexis™ Automated California Judicial Council Forms*