JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 0 2007

FILED
CLERK'S OFFICE

MDL 875

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY :    MDL DOCKET NO. 875
LITIGATION (NO. VI)

This Document Relates To:

<u>Moses Sherman, et al. v. A.J. Pegno Construction Corp., et al.</u>, S.D. New York,
C.A. No.1:07-6433 (Judge Richard J. Sullivan)

<u>John Alexander, et al. v. Amchem Products, Inc., et al.</u>, S.D. New York,
C.A. No. 1:07-6441 (Judge Richard J. Sullivan)

DEFENDANTS' BRIEF IN OPPOSITION OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER

PRELIMINARY STATEMENT

This brief is submitted by defendants Ford Motor Company and General Motors Corporation in opposition to the plaintiffs' motion to vacate the conditional transfer orders for these cases. Ford and General Motors were, as the plaintiffs' motion reflects, the defendants who first removed these two cases from New York State court to federal court on or about July 16, 2007. The basis for the removal was the fraudulent joinder of a single defendant, Union Carbide, which was asserted to have been named in this case solely to defeat federal diversity

598450v

OFFICIAL FILE COPY

IMAGED OCT 1 2 2007

jurisdiction. There is no dispute that, but for Union Carbide being named as a defendant in this matter, the federal courts would in fact have diversity jurisdiction over this matter.

Arguing that the removal to federal court was inappropriate, counsel for the plaintiffs has now filed separate motions in both the Sherman and Alexander cases in the Southern District of New York, seeking to have the cases remanded back to state court. As of this writing, the parties are currently in the midst of briefing the remand motion in the Sherman case. Since the date of the submission of the plaintiffs' motion to vacate the conditional transfer, the Alexander case has been transferred to Judge Richard J. Sullivan of the Southern District of New York, who is also hearing the Sherman case. A briefing schedule with regard to the Sherman motion has yet to be established by the district court.

At the outset, we do not disagree with the plaintiffs' position that it would be appropriate for Judge Sullivan to decide the remand motions in both the Sherman and Alexander cases as a preliminary matter before any decision is ultimately made with regard to transferring this matter to the MDL. We would respectfully suggest, however, that the appropriate solution is not to simply vacate the conditional transfer order outright. Rather, it seems more logical and practical to simply hold the plaintiffs' current motion in abeyance until Judge Sullivan renders decisions on the remand motions currently before him. Once Judge Sullivan has rendered his decisions, the parties can inform this Court, as Judge Sullivan's decisions are likely to be dispositive of whether or not these matters should indeed be transferred to the MDL. If, for example, Judge Sullivan decides that the removal in either of the cases pending before him was appropriate, and thus denies the plaintiffs' motion to remand (the highly probable outcome, as is explained below), then this Court will be able to simply deny the application to vacate the transfer these matters to the MDL. On the other hand, if Judge Sullivan does remand one or both of these case

back to state court, then clearly the plaintiffs' motion to vacate the transfer order would become moot, since there would be no case pending in the federal courts in the first place.

## THE MERITORIOUS REMOVAL TO FEDERAL COURT

As already laid out in the motion papers being submitted before the New York District Court, the removal of this action to federal court was completely and entirely appropriate, and we believe that there is a significant likelihood that the plaintiffs' motions to remand this matter back to state court will be denied.

This is especially true with regard to the Sherman litigation, where the plaintiff has now acknowledged an agreement to settle this case with Union Carbide. Although plaintiffs' counsel has apparently not yet completed an exchange of formal settlement papers with Union Carbide, the removal of that defendant from the Sherman litigation eliminates any debate about the federal court's exercise of jurisdiction over a matter in which there is now complete diversity.

Moreover, in both the Sherman and Alexander matters, there now seems little doubt that Union Carbide was, in fact, fraudulently joined in the lawsuit from the outset. In fact, the plaintiffs' own motion papers clearly state that the legal theory on which they were proceeding against Union Carbide is something known as "bulk supplier" theory. The problem, however, is that on several different occasions prior to the commencement of either the Sherman or Alexander lawsuits, New York State courts have told the very plaintiffs' counsel involved in these cases that New York Law does not recognize the bulk supplier theory of liability as a matter of law, with all those cases involving Union Carbide. It is hard to think of a clearer example of fraudulent joinder than a particular plaintiffs' counsel who has already been previously told that his legal theories against a particular defendant are not cognizable under the law nevertheless starting additional lawsuits under that very theory.

## DISCOVERY IS NOT COMPLETE

The plaintiffs' motion to vacate the conditional transfer order states that discovery is complete in both the <u>Sherman</u> and <u>Alexander</u> cases, and that the matters are ready for trial. This is manifestly untrue.

In the <u>Sherman</u> case, outstanding discovery includes depositions of family members, which have now become especially important with the recent death of the primary plaintiff, Moses Sherman. Additionally, no expert discovery has yet taken place.

In the <u>Alexander</u> case, outstanding discovery also includes depositions of family members and depositions of experts. Further, Mr. Alexander is currently a defendant in two separate actions related to his workplace activities, and there is outstanding investigation of materials from those lawsuits also outstanding.

For the reasons articulated above, it is thus respectfully submitted that the plaintiffs' pending motion to vacate the conditional transfer order to the MDL should either be denied on its face, or at least held in abeyance pending the decisions of the district court for the Southern District of New York.

Dated: New York, New York
       October 5, 2007

> Respectfully submitted,
>
> *[signature]*
>
> By: ELLIOTT J. ZUCKER (EJZ 8664)
> AARONSON RAPPAPORT
> FEINSTEIN & DEUTSCH, LLP
> Attorneys for Defendants
> FORD MOTOR COMPANY and
> GENERAL MOTORS CORPORATION
> 757 Third Avenue
> New York, N.Y. 10017
> (212) 593-6700

**AFFIDAVIT OF SERVICE BY MAIL**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
OCT 10 2007
FILED
CLERK'S OFFICE

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK   )

      RUTH A. TIERNEY, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at Queens, N.Y.

      That on the 9th day of October, 2007, deponent served the within DEFENDANTS' BRIEF IN OPPOSITION & STATEMENTS (2) PURSUANT TO RULE 5.3 upon:

| | |
|---|---|
| Richard C. Binzley<br>Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH  44114 | Edward J. Cass<br>Gallagher, Sharp, Fulton & Norman<br>Bulkley Building, 7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH  44115 |
| Adam M. Chud<br>Goodwin Procter, LLP<br>901 New York Avenue, N.W.<br>Washington, D.C.  20001 | David A. Damico<br>Burns, White & Hickton, LLC<br>Four Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA  15212 |
| Raymond P. Forceno<br>Forceno & Hannon<br>111 S. Independence Mall East<br>The Bourse, Suite 1000<br>Philadelphia, PA  19106-2374 | Ellen B. Furman<br>Goldfein & Hosmer<br>1600 Market Street-33rd Fl.<br>Philadelphia, PA  19103 |
| Susan M. Hansen<br>Brownson & Ballou<br>225 South Sixth Street-Suite 4800<br>Minneapolis MN  55402 | Reginald S. Kramer<br>Oldham & Dowling<br>195 South Main Street-Suite 300<br>Akron, OH  44308-1314 |
| David C. Landin<br>Hunton & Williams, LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA  23219 | Gene Locks<br>Locks Law Firm, LLC<br>1500 Walnut Street<br>Philadelphia, PA  19102 |
| Ronald L. Motley<br>Motley Rice, LLC<br>P.O. Box 1792<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC  29464 | John J. Repcheck<br>Marks, O'Neill, O'Brien & Courtney, P.C.<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA  15219 |

| | |
|---|---|
| Stephen Jeffrey Riegel<br>Wietz & Luxenberg, P.C.<br>180 Maiden Lane<br>New York, N.Y. 10038-4925 | John D. Roven<br>Roven-Kaplan. LLP<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 |
| Richard D. Schuster<br>Vorys, Sater, Seymour<br>& Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216-1008 | Neil Selman<br>Selman, Breitman & Burgess<br>11766 Wilshire Blvd.<br>Sixth Floor<br>Los Angeles, CA 90025 |
| Robert N. Spinelli<br>Kelley, Jasons, McGuire<br>& Spinelli, LLP<br>Centre Square West-15th Fl.<br>Philadelphia, PA 19102 | Robert E. Swickle<br>Jacques Admiralty Law Firm, PC<br>1370 Penoscot Bldg., 645 Griswold St.<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226-4192 |
| Andrew J. Trevelise<br>Reed Smith, LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | James K. Weston, II<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 |

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*[signature]*
RUTH A. TIERNEY

Sworn to before me this
9th day of October, 2007.

*[signature]*
Notary Public

Catherine K Longsworth
Notary Public, State of New York
No. 01LO5040376
Qualified in Kings County
My Commission Expires 07/21/2011

2

598769v

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2007 OCT 10 A 10: 30
RECEIVED CLERK'S OFFICE