MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 29 2007

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORIS RITA BUFFONE JAMBON | CIVIL ACTION |
| VERSUS | NO: 07-6056 |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC. ET AL. | SECTION: "S" (5) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Doris Rita Buffone Jambon's motion to remand is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #4.)

### I. BACKGROUND

Doris Rita Buffone is suffering from mesothelioma as a result of exposure to asbestos brought home from work on the clothes of her husband, Mason Jambon, and her two sons Billy and Bobby. Her husband and sons were employed by Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc. (Avondale), a privately owned shipyard which constructed both military and commercial vessels.

Jambon filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Avondale and multiple other defendants. Avondale removed the case

OFFICIAL FILE COPY

IMAGED OCT 29 2007

to federal court, alleging jurisdiction under the federal officers removal statute, 28 U.S.C. § 1442(a)(1). Jambon filed a motion to remand.

## II. DISCUSSION

Avondale argues that removal is proper because the action involves persons acting under the authority of an officer of the United States. Avondale contends that a causal nexus exists between the claims made by Jambon and the extent to which her alleged damages were brought about by officers of the United States government.

The defendant has the burden to establish the existence of federal jurisdiction over the controversy. See Vasquez v. Alton Bonito Gravel Plant Corp., 56 F.3d 689, 692 (5th cir. 1995). Section 1442 provides in relevant part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

One of the most important functions of a federal officer's right of removal "is to allow a federal court to determine the validity of an asserted official immunity defense." Winters v. Diamond, 149 F.3d 387, 397 (5th Cir. 1998). "Removal pursuant to § 1442(a)(1) is thus meant to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." Id. (internal quotation and citation omitted). The defendant must demonstrate that it (1) is a person within the meaning of the statute, (2) was acting under color of federal

2

authority when committing the alleged injurious acts and that a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims, and (3) has asserted a colorable federal defense. Id. at 398.

Avondale has not carried its burden of establishing that it was acting as a person under color of federal authority when it committed the alleged acts that led to Jambon's injuries. To satisfy that requirement, "the officer must show a nexus, a causal connection between the charged conduct and asserted official authority." Jefferson County, Ala. v. Acker, 119 S.Ct. 2069, 2075 (1999). The "asserted official authority" is that the United States entered a contract with Avondale to construct federal vessels, which required the installation of specific asbestos-containing materials. Avondale, however, has not established that there is a causal connection between Jambon's injuries and the construction of the vessels for the government. Avondale is a private company that builds many types of commercial, as well as military vessels. Avondale has not presented evidence that Jambon's husband and sons worked on any of the vessels that were constructed under contracts with the government.[1] Therefore, Avondale has not established that it was acting as a person under color of federal authority and that it directed Jambon's husband and sons to perform duties involving asbestos installation aboard a federally contracted vessel that ultimately led to Jambon's alleged injury.[2]

---

[1] At oral argument, Avondale placed the blame for the absence of evidence that Jambon's relatives worked on vessels being constructed under federal contract on Jambon. However, Avondale bears the burden on that issue.

[2] Even if Avondale had established a causal connection, Avondale has not established a colorable federal defense. Jambon is not covered under the Longshore Harbor Workers Compensation Act, and this is not a design defect case to which the government contractor

3

Accordingly, the court lacks jurisdiction over the matter, and the motion to remand the case to state court is granted.

New Orleans, Louisiana, this __10th__ day of October, 2007.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

defense applies. See Gauthe v. Asbestos Corp., 1997 WL 3255 (E.D. La. 1997)(unpublished).