**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 30 2007

FILED
CLERK'S OFFICE

*PLEADING NO. 5231*

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY     :     **MDL DOCKET NO. 875**
LITIGATION (NO. VI)     :

This Document Relates To:

<u>Christian Holinka v. Baxter Healthcare Corp., et al.</u>, S.D. New York,
C.A. No. 1:07-8019 (Judge Sidney H. Stein)

## NOTICE OF MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER (CTO-290)

**TO:**     Jeffrey N. Luthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg.
Room G-255, North Lobby
Washington, D.C. 20002

All Counsel on the attached Panel Service List (Excerpted from CTO-290)

**PLEASE TAKE NOTICE** that upon the accompanying Plaintiffs' Brief In Support Of

Motion To Vacate Conditional Transfer Order (CTO-290), and pursuant to the Rules of the

Judicial Panel on Multidistrict Litigation, Plaintiff Christian Holinka in the above-referenced

**OFFICIAL FILE COPY**

IMAGED OCT 30 2007

action, which is described in the attached Schedule of Action Involved, by and through their

undersigned attorneys, WEITZ & LUXENBERG, P.C., hereby moves the Judicial Panel to

vacate CTO-290 with respect to his case, and for such other relief as deemed just and

appropriate.

Dated:    New York, N.Y.
          October 29, 2007

                                        Respectfully submitted,

                              By: _____
                                        Stephen J. Riegel
                                        WEITZ & LUXENBERG, P.C.
                                        180 Maiden Lane, 17th Fl.
                                        New York, N.Y.  10038
                                        (212) 558-5500
                                        Attorneys for Plaintiff Christian Holinka

## SCHEDULE OF ACTION INVOLVED

1. CHRISTIAN F. HOLINKA, Plaintiff, v. A.W. CHESTERTON COMPANY; AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG COMPANY, n/k/a BAYER CROPSCIENCE INC.; ANCHOR PACKING COMPANY; AQUA-CHEM, INC.; BAXTER HEALTHCARE CORPORATION, Individually and as successor in interest to AMERICAN HOSPITAL SUPPLY CORP. and AMERICAN SCIENTIFIC PRODUCTS; BAXTER INTERNATIONAL INC., Individually and as successor in interest to AMERICAN HOSPITAL SUPPLY CORP., and AMERICAN SCIENTIFIC PRODUCTS; BECKMAN COULTER, INC.; CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION; CERTAINTEED CORPORATION; CORNING GLASS, k/n/a CORNING INCORPORATED; E.I. DUPONT DE NEMOURS AND COMPANY; EMPIRE-ACE INSULATION MFG. CORP.; FISHER SCIENTIFIC INTERNATIONAL INC.; GARLOCK SEALING TECHNOLOGIES LLC, f/k/a GARLOCK INC.; INGERSOLL-RAND COMPANY; J.H. FRANCE REFRACTORIES COMPANY; KEWAUNEE SCIENTIFIC CORPORATION; LENNOX INDUSTRIES, INC.; MANORCARE HEALTH SERVICES, INC., d/b/a MANOR CARE, INC., Individually and as successor to PRECISION-COSMET COMPANY, INC., CENTRAL SCIENTIFIC COMPANY, a division of CENCO INCORPORATED, CENTRAL SCIENTIFIC COMPANY, a division of CENCO INSTRUMENTS CORPORATION; PREMIER REFRACTORIES, INC., f/k/a ADIENCE, INC., f/k/a BMI; RAPID-AMERICAN CORPORATION; RHEEM MANUFACTURING COMPANY, INC., Individually and as successor to RHEEM MANUFACTURING COMPANY, as successor by merger to CIVESTCO, INC.; UNIVAR USA INC., Individually and as successor to VAN WATERS & ROGERS INC., BRAUN CHEMICAL COMPANY and WILL SCIENTIFIC, INC.; VWR INTERNATIONAL, INC., Defendants.

   B. United States District Court for the Southern District of New York

   C. No. 07 CV 8019 (SHS).

   D. Hon. Sidney H. Stein



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 0 2007

FILED
CLERK'S OFFICE

**CERTIFICATION OF SERVICE**

I, Stephen J. Riegel, do hereby certify as follows:

I am an attorney admitted to the practice of law in the Federal and State Courts of the

State of New York and am an associate of the law firm of Weitz & Luxenberg, P.C., counsel for

Plaintiff in the above-referenced action.

On October 29, 2007, I caused a copy of the following documents – **PLAINTIFF'S**

**NOTICE OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-290);**

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL**

**TRANSFER ORDER (CTO-290)** and this **CERTIFICATION OF SERVICE –** to be served

by United States Postal Service, postage-paid first-class mail, on all counsel listed on the

attached Panel Service List (Excerpted from CTO-290), MDL Docket No. 875, IN RE Asbestos

Products Liability Litigation (No. VI).

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 29, 2007

_____
Stephen J. Riegel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                    MDL No. 875


## PANEL SERVICE LIST (Excerpted from CTO-290)


Christian Holinka v. Baxter Healthcare Corp., et al., S.D. New York, C.A. No. 1:07-8019

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Timothy J. Fraser
Drinker, Biddle & Reath, L.L.P.
500 Campus Drive
Florham Park, NJ 07932

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Marc S. Gaffrey
Hoagland, Longo, Moran, Dunst & Doukas
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

James Stephen Nowak
Kenney, Shelton, Liptak & Nowak, L.L.P
Rand Building, Suite 510
14 Lafayette Square
Buffalo, NY 14203

**MDL No. 875 - Panel Service List (Excerpted from CTO-290) (Continued)**

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Stephen Jeffrey Riegel
Wietz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038-4925

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Carol M. Tempesta
Marks, O'Neil, O'Brien & Courtney, PC
530 Saw Mill River Road
Elmsford, NY 10523

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 0 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | MDL DOCKET NO. 875 |

This Document Relates To:

   Christian Holinka v.  Baxter Healthcare Corp., et al., S.D. New York,
   C.A. No. 1:07-8019 (Judge Sidney H. Stein)

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO
VACATE CONDITIONAL TRANSFER ORDER (CTO-290)

PRELIMINARY STATEMENT

Plaintiff Christian Holinka  respectfully submits this brief in support of his motion to

vacate CTO-290, as to his asbestos personal injury action recently removed to U.S. District Court

for the Southern District of New York.   The expedited trial of Dr. Holinka, who is dying of

mesothelioma, an invariably fatal cancer whose only known cause is asbestos exposure, had

begun in New York State Supreme Court, when on its first day, September 12, 2007, Defendant

Baxter Healthcare Corp. (sued as a successor in interest to American Hospital Supply Corp. And

American Scientific Products) (hereafter "Baxter") removed this case to federal court on the

basis of diversity jurisdiction.   Because Mr. Holinka will die before his trial unless it is held very soon, because his case is essentially trial-ready, and because his case involves an unusual manner of asbestos exposures and remaining defendants who do not often appear in asbestos litigation, his motion to vacate the CTO should be granted.

## STATEMENT OF FACTS AND PROCEEDINGS

1.   This action alleging state law product liability claims against several defendants for personal injuries sustained as a result of Plaintiff's asbestos exposures was filed in New York State Supreme Court on or about September 29, 2006, under Index No. 114120-06.   This is one of thousands of asbestos personal injury cases which have been consolidated for purposes of discovery, trial and settlement in the In re New York City Asbestos Litigation, Index No. 40000/88 ("NYCAL"), for almost two decades, under the oversight of Justice Helen E. Freedman.

2.   Dr. Holinka has testified that his only known exposures to asbestos occurred when he worked in research laboratories both as a student and a researcher from 1959-62 and 1964-66 at the University of California at Berkeley, from 1971-74 at SUNY Stony Brook and Columbia University, and from 1977-89 at Mount Sinai Hospital.   He specifically remembered being exposed to asbestos from Bunsen burner pads and mittens he used, which when heated repeatedly became flaky and created dust, which he breathed.   He identified a number of defendants, including Baxter, as supplying  asbestos Bunsen burner pads to some of the labs where he worked.

3.   Former employees of another defendant, who have been deposed, testified that Baxter and other defendants sold and supplied asbestos-containing Bunsen burner pads and mittens to

some of the labs where Dr. Holinka worked.

    4.   Because Dr. Holinka is dying from mesothelioma diagnosed in 2006, his case was assigned by Justice Freedman to the May 2007 <u>In Extremis</u> Trial Cluster, which under the <u>NYCAL</u> management order, entitled him to an expedited trial.   His case and six others were consolidated for a joint trial before Justice Joan A. Madden.   On September 12,  the first day of jury selection for the trial, Baxter removed this case to federal court pursuant to 28 U.S.C. §§1332 and 1441.   Its removal papers included the consent of the remaining defendants, Fisher Scientific International Inc., VWR International, Inc. And Univar USA Inc.

    5.   The Judicial Panel issued Conditional Transfer Order (CTO-290), filed on September 28, 2007, in <u>IN RE Asbestos Products Liability Litigation (No. VI)</u>, MDL No. 875, which included in its  "SCHEDULE CTO-290 – TAG-ALONG ACTIONS" the above-referenced case.

## LEGAL ARGUMENT

### I.

### THE CONDITIONAL TRANSFER ORDER SHOULD BE VACATED AND THIS CASE PROCEED TO TRIAL IN THE S.D.N.Y.

It is well-established that "[e]ach action so transferred [to the MDL Court] shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."  28 U.S.C. §1407(a); <u>see also</u> <u>Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26, 41 (1998).

In MDL  No. 875, well over 1,000 asbestos cases have been remanded to transferor courts for trial.  <u>In re Asbestos Products Liability Litigation (No. VI)</u>, 170 F. Supp. 2d 1348 (Jud. Pan. Mult. Lit. 2001).   Motions to remand cases for trial typically have been considered by the

Asbestos MDL court and the Judicial Panel when "'the claimant was seriously ill or dying and all avenues of settlement were exhausted.'"  In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting Carlough v. Amchem, No. 93-215 at 8 (E.D. Pa. Apr. 15, 1993)), cert. den., 531 U.S. 1011  Among the factors considered in determining whether to transfer asbestos cases under 28 U.S.C. §1407 are "the uniqueness of a party's status, the type of defendant, . . . the stage of pretrial proceedings, [and] the presence of unique claims. . . ."  Asbestos Products Liability Litig., 170 F. Supp. 2d at 1348.

All these factors strongly support this case not being transferred to the Asbestos MDL. Dr. Holinka undisputedly is suffering from mesothelioma, and will die in a matter of months. Indeed, his trial in New York State Supreme Court would have been completed by now, if not for Defendant's belated removal of this case with the obvious intent of preventing him from being alive at his trial.

Moreover, as discussed above, Plaintiff's exposures to asbestos from using Bunsen burner pad and mitten products are quite unusual and unique, as are the particular defendants remaining here who are suppliers of such equipment.   It is quite unlikely that these defendants have been sued in other cases now before the Asbestos MDL.   Because of these circumstances, the possibility of settlement of this case once transferred to the MDL is not appreciably increased from what it was in state court.  Indeed, to date, Defendants have made unreasonably low settlement offers in state court, and have no incentive to do otherwise in the MDL.

Of course, the great bulk of discovery proceedings have been completed in this case, and it can readied soon for trial.   (In fact, the state court trial had actually commenced when Baxter removed it to the Southern District of New York.)   Although there may be a few outstanding discovery odds and ends that have to be done before trial, they are largely case-specific and can

-4-

more easily and efficiently be done in the transferor court than in the MDL proceedings.

This Panel has frequently denied such a transfer to the MDL court where discovery has already

been completed and the cases are ready for trial.   See, e.g., In re Dow Chemical Co. Sarabond

Products Liability Litigation, 650 F. Supp. 187, 188-89 (Jud. Pan. Mult. Lit. 1986) (transfer of a

case under §1407 not warranted where it was "at a sufficiently advanced stage"); In re Ortho

Pharmaceutical "Lippes Loop" Products Liability Litigation, 447 F. Supp. 1073, 1074 (Jud. Pan.

Mult. Lit. 1978) (transfer of a case under §1407 not warranted where "pretrial proceedings have

been completed and trial is imminent"); In re Celotex Corp. "Technifoam" Products Liability

Litigation, 68 F.R.D. 502, 505 (Jud. Pan. Mult. Lit. 1975) (same).

To have Dr. Holinka's case transferred to the Asbestos MDL, settlement discussions go

nowhere, and then it be remanded back to the Southern District of New York for trial, would be

an exercise in futility, and would definitely consume the remaining months of Plaintiff's life.

Plaintiff meanwhile has written letters to Judge Sidney H. Stein, requesting a conference to

discuss the possibility of having an expedited trial of his case in the Southern District of New

York.   (A copy of a recent letter is attached at Exhibit 1 hereto.)   Accordingly, he respectfully

requests an opportunity to apply to the transferor court  for an expeditious trial of his case while

he is still living.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Christian Holinka  respectfully requests that the

Judicial Panel vacate CTO-290 as it applies to his case.

Dated:   New York, N.Y.
        October 29, 2007

                                         Respectfully submitted,

By: _____
                  Stephen J. Riegel
                  **WEITZ & LUXENBERG, P.C.**
                  180 Maiden Lane, 17th Fl.
                  New York, N.Y.   10038
                  (212) 558-5500
                  Attorneys for Plaintiff Christian Holinka

-6-

EXHIBIT 1

# W  E  I  T  Z

## &

# L  U  X  E  N  B  E  R  G

### A  PROFESSIONAL  CORPORATION

• LAW OFFICES •

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500                     FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG

ROBERT J. GORDON ††

| | | | | |
|---|---|---|---|---|
| EDWARD S. BOSEK | STEVEN J. GERMAN ▲ | VICTORIA MANIATIS †† | JIM R. ROSS ○ | * Of Counsel |
| EDWARD BRANIFF †† | LAWRENCE GOLDHIRSCH ** | CURT D. MARSHALL ‡ | SHELDON SILVER * | ‡ Also admitted in CT |
| JOHN M. BROADDUS ✱ | ROBIN L. GREENWALD * ** | HADLEY L. MATARAZZO †† | FRANKLIN P. SOLOMON ¶ | ˄ Also admitted in FL |
| DANIEL C. BURKE | EDWARD J. HAHN * | RICHARD S. McGOWAN * ‡‡ ‡ | LEMUEL M. SROLOVIC | ‡‡ Also admitted in MA |
| PATTI BURSHTYN †† | CATHERINE HEACOX †† | WILLIAM J. NUGENT | JAMES S. THOMPSON †† | †† Also admitted in NJ |
| LISA NATHANSON BUSCH | RENEÉ L. HENDERSON ** | ANGELA T. PACHECO ○ | JOSH VITOW | § Also admitted in DC |
| BRIAN BUTCHER ○ | MARIE L. IANNIELLO †* | MICHAEL E. PEDERSON | DOUGLAS D. von OISTE ‡ | † Also admitted in NJ and CT |
| DAVID A. CHANDLER | ERIK JACOBS | PAUL J. PENNOCK ‡ | WILLIAM A. WALSH †† | ** Also admitted in NJ and PA |
| EILEEN CLARKE | GARY R. KLEIN †† | STUART S. PERRY * | JOSEPH P. WILLIAMS | ▲ Also admitted in NJ and DC |
| THOMAS COMERFORD †† | GLENN KRAMER ‡‡ | ELLEN RELKIN *▲ | NICHOLAS WISE | ▲▲ Also admitted in NJ and ME |
| ADAM R. COOPER | JERRY KRISTAL **§ | STEPHEN J. RIEGEL †† | ALLAN ZELIKOVIC | ** Also admitted in DC and TX |
| TERESA A. CURTIN ▲▲ | DEBBI LANDAU | MICHAEL P. ROBERTS | GLENN ZUCKERMAN | ⊘ Also admitted in DC, VA |
| BENJAMIN DARCHE | ROBERTO LARACUENTE * | CHRIS ROMANELLI †† | | ¶ Admitted only in NJ and PA |
| CHARLES M. FERGUSON | HANNAH LIM ✦ | JILLIAN ROSEN | | ✦ Admitted only in NJ |
| STUART R. FRIEDMAN | JAMES C. LONG, JR. ** | DAVID ROSENBAND | | ✱ Admitted only in DC, MD, PA and VA |
| | | | | ◉ Admitted only in CO |
| | | | | ** Admitted only in IL |
| | | | | ○ Admitted only in TX |

**BY FED EX**

October 24, 2007

Hon. Sidney H. Stein
United States District Judge
United States Courthouse, Room 1010
500 Pearl Street
New York, N.Y.  10007-1312

Re:   Holinka v. Baxter Healthcare Corp., et al.,
        Case No. 07 CV 8019 (SHS)

Dear Judge Stein:

Plaintiff Christian Holinka respectfully submits this response to the Letter dated October 16, 2007 ("Letter"), to Your Honor from counsel for Baxter Healthcare Corporation, in opposition to Baxter's request for a stay of proceedings in this Court, and in furtherance of his request for a conference to discuss the holding of an expedited trial.  As discussed herein, Defendant greatly overstates any pretrial proceedings remaining in the case, and if anything remains, it is precisely because of its own removal of this case to this Court when the trial judge below was about to decide the remaining matters.  Nor has Baxter provided any reasons at all why sending this case to the Asbestos MDL Court in the Eastern District of Pennsylvania will in any way result in the expeditious trial or resolution of this case, rather than the delaying and denying a dying man his ability to be present and participate in his trial.

As Defendant is aware, this case ultimately must be tried in this Court.   See 28 U.S.C.

1

*215 South Monarch Street, Suite 202*
*Aspen, CO 81611*
*(970) 925-6101*

*210 Lake Drive East, Suite 101*
*Cherry Hill, NJ 08002*
*(856) 755-1115*

*76 South Orange Avenue, Suite 201*
*South Orange, NJ 07079*
*(973) 761-8995*

*100 E. 15th Street, Suite 400*
*Fort Worth, Texas 76102*
*(817) 885-7815*

 2179-123

§1407(a) ("Each action so transferred <u>shall</u> be remanded by the panel <u>at or before the conclusion</u> <u>of such pretrial proceedings</u> to the district from which it was transferred. . . ." (emphasis added)). Furthermore, it has long been the policy of the Asbestos MDL Court that "the sick and dying, their widows and survivors should have their claims addressed first." <u>Carlough v. Amchem</u>, No. 93-215 (E.D. Pa. Apr. 15, 1993) (quoted in <u>In re Patenaude</u>, 210 F.3d 135, 139-40 (3d Cir. 2000), <u>cert. den.</u>, 531 U.S. 1011 (2000)). Motions to remand cases back for trial in the transferor court typically have been granted where "the claimant was seriously ill or dying and all avenues of settlement were exhausted." <u>Id.</u>[1] If there are no settlement prospects, "the Court shall determine whether the matter is appropriate for immediate remand of the plaintiff's compensatory damages claims." <u>Id.</u>

Here, it is uncontested that Christian Holinka is dying of mesothelioma and has only months to live. But for Defendant's removal of his case on the first day of his trial, Mr. Holinka's trial would be over by now. Baxter has not offered any reasonable settlement value to date, and there is no reason to expect that it will be more willing (indeed, probably less willing) to settle if the case is transferred to the Asbestos MDL. To have the case transferred to the MDL, only to have the MDL Court grant a motion to remand Mr. Holinka's case for immediate trial in this Court would obviously take several months to accomplish, by which time he likely will be dead. Such a result would amount to a travesty of justice.

Nor are Baxter's claims that there are "numerous pretrial issues left to be addressed" in this case fairly made. Letter at p. 6. Indeed, the first two items it lists in its letter – defendants' motion for summary judgment and their <u>in limine</u> motions to exclude plaintiff's experts and plaintiff's cross-motion to exclude defendants' experts (which are routinely made in cases in the <u>In re New York City Asbestos Litigation</u>) – were filed in New York Supreme Court, and were about to be argued and decided by the trial judge when Baxter removed this case and deprived the state court of jurisdiction. <u>Id.</u>[2] (Indeed, the summary judgment motion was scheduled to be heard and argued on the very day that Baxter removed this case.) In other words, the only thing that prevented such pre-trial proceedings from being completed and the case going to trial was Baxter's own affirmative actions. Indeed, one reason for the removal perhaps is reflected in the third item of "outstanding" discovery in Defendant's letter – "Depositions of Plaintiff's experts, <u>which were denied or limited in the state court</u>." <u>Id.</u> (emphasis added). Defendant apparently would like to take additional discovery in the Asbestos MDL, which has been denied by the state court below.

---

[1] The Third Circuit noted in <u>Patenaude</u> that as of 2000, the Asbestos MDL Court had remanded approximately 1,000 actions for trial in transferor courts. 210 F.3d at 140.

[2] Defendant did take the deposition of Plaintiff's medical causation expert, Dr. Jacqueline Moline, on September 12, right before its removal. Also, the Special Discovery Master ruled that Defendants were not entitled to depose Plaintiff's "state-of-the-art" expert, Dr. Barry Castleman, under the rules of the <u>New York City Asbestos Litigation</u>, because he had been deposed in cases many times before.

Any remaining discovery there may be in this case, moreover, is quite case-specific. Mr. Holinka's alleged exposures to asbestos from using Bunsen burners and other laboratory equipment are very unique. Baxter most likely is not a defendant in any other asbestos cases pending in the Asbestos MDL. Because of the uniqueness of the exposures and defendants in this case, it clearly would not benefit from being part of the "coordinated or consolidated pretrial proceedings" in the MDL, nor from any group settlement negotiations had there. 28 U.S.C. §1407(a).

All in all, there are no reasons why a transfer of this case to the Asbestos MDL will help further prepare for trial or resolve Mr. Holinka's case in a manner favorable to him, only the certainty that a transfer will deprive him of the right to have his case tried expeditiously before he dies from mesothelioma. For the same reasons presented here, Plaintiff has filed a notice of opposition to the conditional transfer order for this case issued by the Judicial Panel for Multidistrict Litigation, and, as directed by the Judicial Panel, will be filing a formal motion to vacate the transfer order next week.

Accordingly, Mr. Holinka respectfully repeats his request that the Court hold an initial conference at which the expeditious holding of a trial in this case, and related matters, can be discussed.

Very truly yours,

**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiff Christian Holinka

By: _____
Stephen J. Riegel (SR-8832)
(212) 558-5838

cc:  Timothy J. Fraser, Esq.
     Kristy K. Lyons, Esq.
     Carol M. Tempesta, Esq.

3