MDL 875

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), ) ) ) | MDL DOCKET NO. 875 CTO -291 |
| This Document Relates to: ) ) | |
| HENRY BARABIN and GERALDINE BARABIN v. ALBANY INTERNATIONAL CORP., et al., ) ) ) ) | |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| HENRY BARABIN and GERALDINE BARABIN, ) ) ) | No. C07-1454 RSL |
| Plaintiffs, ) ) ) | PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER |
| v. ) ) | |
| ALBANY INTERNATIONAL CORP., et al., ) ) ) | |
| Defendants. ) ) | |

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT**

**LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 291**

**AND BRIEF IN SUPPORT OF MOTION**

1 -  PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
   VACATE CONDITIONAL TRANSFER ORDER
   MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
   J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

OFFICIAL FILE COPY

IMAGED OCT 3 1 2007

PLEADING NO. 5233

1    HENRY and GERALDINE BARABIN ("Movants" or "Plaintiffs") by and through their

2   counsel of record file this consolidated Motion and Brief to Vacate Conditional Transfer Order

3   291 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on October 1,

4   2007.

5    Movants respectfully move the Panel pursuant to JPML Rule 7.4(c) to vacate its October

6   1, 2007 order conditionally transferring the above entitled and numbered case to the United

7   States District Court for the Eastern District of Pennsylvania.  This motion is based on the brief

8   in support which is made a part of this filing, the accompanying Declarations of Zachary

9   Herschensohn, Henry Barabin and Drew Brodkin and such other materials as may be presented to

10   the JPML at the time of the hearing on the motion.  Movant requests the Clerk of the JPML to set

11   this motion for hearing at the next session of the Panel. Rule 7.4(c).

12   **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY** [1]

13    This action for asbestos-related personal injury was originally filed by Henry Barabin and

14   his wife, Geraldine, against numerous defendants including Crane Co. Inc ("Crane"), Scapa dryer

15   Fabrics Inc. ("Scapa") and Asten Group, Inc. ("Asten") in the King County Superior Court on

16   December 16, 2006.  It qualified for an expedited trial pursuant to RCW 4.44.025 because of the

17   precarious and inevitably deteriorating state of Mr. Barabin health.  Trial was set to begin with

18   the two plaintiffs and only three remaining defendants – Crane, Scapa and Asten. – just six

19   months later in late September 2007.  All pretrial issues, save motions in limine, had been

20   litigated and resolved in the state court, including summary judgment motions filed by each of

21   the remaining defendants, Asten, Scapa and Crane.  Identification of experts who would testify at

22   trial was complete as was extensive expert and fact discovery.  The parties had all expended

23   substantial time and money, scheduled witnesses, including several expert witnesses, prepared

24   exhibits, and completed their trial preparations. Declaration of Zachary Herschensohn.

25

26    [1]This summary is based upon the Declarations Zachary Herschensohn, Henry Barabin and Drew Brodkin filed
contemporaneously with and in support of this Motion to Vacate, as well as attached Exhibits.  Throughout, Movants refer to
27   Exhibit B (docket in the United States District Court for the Western District of Washington) with the additional numbered entry
in the Clerk's Record ("CR").

28
2 -   PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd          **BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1    Defendant Asten removed Barabin v. Albany International to the United States District

2    Court for the Western District of Washington on September 18, 2007. Declaration of Zachary

3    Herschensohn *Exhibit A*.

4    The Conditional Order filed on October 1, 2007 transferred this case to the MDL-875 in

5    the Eastern District of Pennsylvania.[2] *Exhibit B*.

6    Mr. Barabin's health is precarious and deteriorating. He is a 68 year old man suffering

7    from mesothelioma, a near uniformly fatal illness. This disease is an inherently progressive

8    illness, with inevitable and predictable deterioration over time. Declaration of Drew Brodkin. Mr.

9    Barabin is expected to experience a progressive decline in respiratory function, leading to death.

10   Id. Mr. Barabin is acutely aware of his prognosis and is concerned that the removal to federal

11   court will deny him his day in court.

12   As he states: "My greatest concern is that soon I will be unable to travel to Seattle,

13   Washington and tell the jury in my own words how I was injured by the defendants named in my

14   case. I am concerned I will be denied the right to stand up for myself, my wife and my family, as

15   I may become either too weak to travel or more likely succumb to this cancer before I have my

16   day in Court." Declaration of Henry Barabin.

17   It is time for trial, not for further and unnecessary delay. The Barabins, therefore, move

18   this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United

19   States District Court in the Western District of Washington to move the case speedily along to

20   trial.  Justice and fairness demand that the delay occasioned by Asten's action be ameliorated by

21   the setting of an prompt date for trial, which requires that the matter remain in the Western

22   District of Washington, or be remanded to King County Superior Court.

23   The situation is urgent because Mr. Barabin suffers from a lethal and unpredictable

24   illness. Because of the nature of this disease there is great danger that Mr. Barabin will be either

25   too ill testify at or to assist in the trial of his claim if the matter is further delayed. There is also

26

27   _____

[2]The Conditional Order is not a determination on the merits.  *In re Grain Shipments*, 319 F. Supp. 533 (J.P.M.L. 1970). Tag-along actions are not exempted from the statutory requirement of a Panel determination on the merits.

28

3 -   PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
       VACATE CONDITIONAL TRANSFER ORDER
       MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
       J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1   the danger that he may die if there is further delay.

2                       **ARGUMENT**

3       Title 28, United States Code, section 1407(a) allows for the transfer of a civil action

4   "involving one or more common questions of fact" only if the Panel determines that a transfer

5   "will be for the convenience of parties and witnesses and will promote the just and efficient

6   conduct of such actions."  The Barabins submit that this case does not meet these requirements.

7   Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than

8   enhance the progress of this case.  If transfer goes forward, it is a certainty that Mr. Barabin will

9   never meet the jury in his own case.  Instead of transfer, the Barabins wish to preserve their only

10   realistic opportunity to see their day in Court together by proceeding to prompt trial in

11   Washington.

12       The well-advanced stage of this litigation which was very nearly in trial when it was

13   removed to federal court, runs counter to the intent and purpose of the Judicial Panel on Multi-

14   district Litigation when it created MDL-875 "for coordinated or consolidated **pretrial**

15   **proceedings**," and specifically limited its reach to actions that "are **not in trial**, and are pending

16   outside the Eastern District of Pennsylvania." (Emphasis added.)  *In re Asbestos Products*

17   *Liability Litigations (No. VI)*,771 F.Supp. 415, 424 (Jud.Pan.Mult.Lit.,1991); 28 U.S.C.A. §

18   1407(a).  At the conclusion of pretrial proceedings, each case must be remanded back to the

19   district court from which it originated for trial.  *In re Drowning Incident at Quality Inn*

20   *Northeast, Washington, D.C., on May 3, 1974*, 405 F.Supp. 1304 (Jud.Pan.Mult.Lit., 1976).  The

21   statute "obligates the Panel to remand any pending case to its originating court when, at the

22   latest, those pretrial proceedings have run their course." *Id.* (quoting *Lexecon, Inc. v. Milberg,*

23   *Weiss, Bershand, Hynes & Lerach*, 523 U.S. 26, 34-35 (1998)).  This obligation to remand is

24   'impervious to judicial discretion'" *Id.*

25      A.    **This Case Does Not Share Common Factual Issues With Other MDL Cases**

26       Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common

27   facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*

28

4 -   PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
      VACATE CONDITIONAL TRANSFER ORDER
      MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
      J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd       **BRAYTON ❖ PURCELL, LLP**
                                      Columbia Square Building
                        111 SW Columbia Street, Suite 250
                                   Portland, Oregon 97201
                        Tel: (503) 295-4931; Fax: (503) 241-2573

1   *1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976).  Implicit in this consideration is the requirement

2   that the common facts be more than minimal.  *In re Boeing Co. Employment Practices*

3   *Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.)   A mere showing of common questions of fact

4   is not sufficient alone to merit transfer.  *In re Truck Accident Near Almagordo, New Mexico on*

5   *June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).

6       Because the Barabins' case is dissimilar from the multi-party asbestos suits in MDL 875

7   it should remain in Washington.  The mere presence of some common factual issues does not

8   automatically require transfer, even in asbestos exposure and personal injury actions involving

9   scientific causation issues.  While this case shares with all MDL 875 cases the common material,

10   asbestos fibers, it is wholly different in its simplicity and limited scope.  The critical issues

11   presented in the Barabins' case pertain to the time and place and amount of Mr. Barabin's

12   exposure to a handful of specific products containing asbestos,  not to the broad spectrum of

13   asbestos product manufacturers which are the focus of a majority of asbestos litigation.

14       Once it reached eve of trial, this case had devolved through successful settlement or

15   dismissal of the several defendants named in the original complaint into a simple, straightforward

16   case where the facts in dispute (other than the generic fact of asbestos exposure) were entirely

17   unique to Mr. Barabin's work history and identification of the products with which he, in

18   particular, worked. The evidence that will be presented in this case is essentially applicable to

19   this one married couple, and will be of little possible benefit to the parties in MDL 875.

20   Discovery is completed here, anyway, and the parameters of the relevant evidence have already

21   been defined.

22      **B.**     **Transfer Will Immensely Inconvenience Parties and Witnesses**

23       In its Order creating MDL 875, the Panel explained that since section 1407 transfer is

24   "primarily for pretrial, there is usually no need for the parties and witnesses to travel to

25   [Pennsylvania] for depositions or otherwise".  *In re Asbestos Products Liability Litigation (No.*

26   *VI)*, 771 F.Supp 415, 422 (J.P.M.L. 1991).

27

28

    5 -  PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
        VACATE CONDITIONAL TRANSFER ORDER
        MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
        J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1    Movants respectfully submit, however, that *effective* practice before the Eastern District

2  of Pennsylvania, especially to get attention for this "small" case[3] before the single Judge charged

3  with ruling on all thousands of federal asbestos cases, will unavoidably require travel to

4  Philadelphia for settlement conferences in chambers and court hearings before Judge Giles.

5  Travel to Philadelphia will require expensive air fares and lodging for parties and, their attorneys.

6  There is little benefit, and thus little convenience, to adding the present case to a massive number

7  of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on*

8  *December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977). This places a heavy and entirely

9  unnecessary burden on the Barabins.

10    **C.    Transfer Will Be Unjust and Inefficient.**

11    In reaching its decision to transfer, in addition to the convenience of the parties and

12  witnesses, the Panel should consider whether transfer will promote the just and efficient conduct

13  of the action in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000).   That is the

14  most important factor in determining whether consolidation of a tag along case is appropriate. *In*

15  *re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C. 1999). The term

16  "efficiency" in this context usually refers to conserving judicial resources.   17 Moore's Federal

17  Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

18    Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;

19  (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and

20  judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993). *See*

21  *generally In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255

22  (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in

23  transfers for coordinated or consolidated pretrial.   Considerable time and trouble are in the sheer

24  mechanics of transferring and remanding.   After transfer, the process of segregating the pretrial

25

26

27    [3]*See generally In Re Mack Trucks, Inc. Antitrust Litig.* 405 F. Supp 14100, 1401 (J.P.M.L. 1975) (denying transfer despite existence of common facts and parties where the action proposed for transfer was a simple contract action capable of prompt resolution which upon transfer would have been entangled with complex antitrust matters previously transferred.)

28    6 -  PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
     VACATE CONDITIONAL TRANSFER ORDER
     MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
     J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd              **BRAYTON ❖ PURCELL, LLP**
                                                                  Columbia Square Building
                                                                  111 SW Columbia Street, Suite 250
                                                                  Portland, Oregon 97201
                                                                  Tel: (503) 295-4931; Fax: (503) 241-2573

1    matters which should be remanded for handling by the transferor courts may be time-consuming,

2    as well as subject to reasonable disagreement. The basic question before the Panel in each

3    proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the

4    statute are sufficiently served to justify the necessary inconvenience of transfer and remand.")

5            Consolidation of the Barabins' case with MDL 875 will not serve any of these aims. This

6    case is no longer the complex administrative challenge it may have been when there were thirty-

7    one defendants, and is not suitable for transfer for MDL for that reason. Its lack of complexity

8    makes this case dissimilar to the vast majority of cases in the MDL and places it outside the area

9    of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. At most, only

10   minimal and simple, end-stage pretrial proceedings remain, which can be most efficiently

11   handled by the district court in Seattle, Washington in the Federal District Court for the Western

12   District of Washington or in King County Superior Court where the trial will take place. Here,

13   the parties will be able to move quickly through any pretrial proceedings and either be in or close

14   to beginning trial by the time the Panel decides the matter.

15           The parties will not benefit from the MDL 875's focus on common asbestos defendants

16   because this case is focused on only three defendants. It is nothing like a 'class action natured

17   asbestos action' (multiple unrelated plaintiffs against common asbestos product manufactures)

18   which was the context in which MDL 875 was created to eliminate duplicative discovery,

19   prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and

20   the judiciary. This case is a straightforward personal injury action, one that the state court and

21   the parties were able to move rapidly to trial in only eight months.

22           Nor is there any real promise of enhanced settlement potential in the Eastern District of

23   Pennsylvania. All of the defendants have engaged in alternative dispute resolution and have

24   made attempts to settle the case pre-trial. One of the defendants, Scapa, has indicated a total

25   unwillingness to settle for any amount however small. Declaration of Zachary Herschensohn

26           The parties completed discovery at least two months ago, and identified all the experts

27   who were scheduled to testify at the September trial. Pre-trial conferences were held and had

28

7 -   PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
      VACATE CONDITIONAL TRANSFER ORDER
      MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
      J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd         **BRAYTON ❖ PURCELL, LLP**
                                                                Columbia Square Building
                                                                111 SW Columbia Street, Suite 250
                                                                Portland, Oregon 97201
                                                                Tel: (503) 295-4931; Fax: (503) 241-2573

1  been concluded with the three remaining defendants.  In light of these events, Movants

2  respectfully submit that transfer at this stage in the proceedings to MDL-875 could not be more

3  inconvenient to the parties and witnesses, or more likely to obstruct rather than promote the just

4  and efficient conduct of this case.  Transfer  will serve only to delay the matter, while increasing

5  the judicial workload of the Pennsylvania court, and accomplishing no effective progress in the

6  action.

7      If the case were to be transferred, the Barabins would  immediately seek a remand order

8  in Eastern District of Pennsylvania to send the case back to Washington because of its advanced

9  stage of litigation and demonstrated readiness for trial.  The statute "obligates the Panel to

10  remand any pending case to its originating court when, at the latest, those pretrial proceedings

11  have run their course." *Id.* (quoting *Lexecon, Inc. v. Milberg, Weiss, Bershand, Hynes & Lerach*,

12  523 U.S. 26, 34-35 (1998)).  This obligation to remand is 'impervious to judicial discretion'" *Id.*

13  Indeed, Judge Giles has the power to remand "with a minimum of delay" any actions that prove

14  incapable of benefitting from consolidation.  *In re Equity Funding Corp.*, 397 F. Supp. at 886.

15      **D.      Mr. Barabin has a right to an expedited trial date under Washington Law.**

16      Mr. Barabin moved for and was granted an expedited trial date on March 6, 2007. He

17  qualified for an expedited trial date under Washington law because he is afflicted with a terminal

18  illness. Declaration of Drew Brodkin.

19      RCW 4.44.025 provides as follows:

20          When setting civil cases for trial, unless otherwise provided by
            statute, upon motion of a party, the court may give priority to cases
21          in which a party is frail and over 70 years of age *or is afflicted with
            a terminal illness.*  (emphasis added)
22

23      His rights to an expedited trial date under this provision of Washington law did not and

24  do not extinguish simply because the defendants have been successful in removing this case to

25  federal court. Indeed both the applicability and the rationale for an expedited proceeding persist

26  in the federal action.

27

28

8 -  PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
     VACATE CONDITIONAL TRANSFER ORDER
     MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
     J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd          **BRAYTON ❖ PURCELL, LLP**
                                                                Columbia Square Building
                                                                111 SW Columbia Street, Suite 250
                                                                Portland, Oregon 97201
                                                                Tel: (503) 295-4931; Fax: (503) 241-2573

## CONCLUSION

1

2        The Barabins' case does not share common issues of fact with other asbestos litigation.

3   Transfer will serve neither the convenience of the parties nor the just and efficient conduct of the

4   case. This action is limited in nature (two plaintiffs, three defendants), has progressed in state

5   court through pretrial proceedings to jury selection, and no party will be prejudiced by the case

6   remaining where it is. It is not suitable for transfer to the MDL.  Justice demands that it be

7   promptly set for trial in Washington before Mr. Barabin becomes entirely incapacitated, or worse

8   yet dies, from his asbestos injury.

9        For these reasons, Movants request that the Panel vacate the Conditional Transfer Order

10   291 of as to Movants Henry and Geraldine Barabin.

11

12   DATED this  30ᵗʰ  day of October, 2007.

13                                          BRAYTON ❖ PURCELL, LLP

14

15                                          Zachary B. Herschensohn, WSBA #33568

16                                          Brayton Purcell, LLP
                                           Columbia Square Building
17                                          111 SW Columbia Street, Suite 250
                                           Portland, Oregon 97201
18                                          (503) 295-4931 - telephone
                                           (503) 241-2573 - facsimile
19                                          Attorneys for Plaintiffs Henry Barabin and
                                           Geraldine Barabin

20

21

22

23

24

25

26

27

28

9 -   PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
      VACATE CONDITIONAL TRANSFER ORDER
      MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
      J:\WA\106995\USDC\PLD\MTN-VacateCondTransORD.wpd          **BRAYTON ❖ PURCELL, LLP**
                                                                Columbia Square Building
                                                                111 SW Columbia Street, Suite 250
                                                                Portland, Oregon 97201
                                                                Tel: (503) 295-4931; Fax: (503) 241-2573

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2007

FILED
CLERK'S OFFICE

1
2
3
4
5
6
7
8
9

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

10  IN RE: ASBESTOS PRODUCTS                )   MDL DOCKET NO. 875
    LIABILITY LITIGATION (NO. VI),          )   CTO -291
11                                          )
    This Document Relates to:               )
12                                          )   ─────────────────────────
    HENRY BARABIN and GERALDINE             )
13  BARABIN v. ALBANY                       )
    INTERNATIONAL CORP., et al.,            )
14  ─────────────────────────────────────── )

15              UNITED STATES DISTRICT COURT

16            WESTERN DISTRICT OF WASHINGTON

17                     AT SEATTLE

18  HENRY BARABIN and GERALDINE             )   No. C07-1454 RSL
    BARABIN,                                )
19                                          )   DECLARATION OF ZACHARY
                    Plaintiffs,             )   HERSCHENSOHN
20                                          )
                                            )   ─────────────────────────
21          v.                              )
                                            )
22  ALBANY INTERNATIONAL CORP., et          )
    al.,                                    )
23                                          )
                    Defendants.             )
24  ─────────────────────────────────────── )

25          I, Zachary Herschensohn, do declare:

26          I am one of the attorneys assigned to handle this matter as it was prosecuted in King

27  County Superior Court.  I am familiar with the factual and procedural background of the case

28  from my own personal knowledge and from my review of pleadings and records from the

1 - DECLARATION OF ZACHARY HERSCHENSOHN
    MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
    J:\WA\106995\USDC\PLD\Dec-MTN-VacateCondTransORD.wpd
                                                            **BRAYTON ❖ PURCELL, LLP**
                                                            Columbia Square Building
                                                            111 SW Columbia Street, Suite 250
                                                            Portland, Oregon 97201
                                                            Tel: (503) 295-4931; Fax: (503) 241-2573

1  Superior Court.  Based on this information I declare:

2       This action for asbestos-related personal injury was filed in King County Superior Court

3  on December 18, 2006.  It qualified for an expedited trial date pursuant to <u>RCW 4.44.025</u> owing

4  to the precarious, unpredictable and inevitable and progressively worsening course of

5  Mr. Barabin's disease.  Trial was scheduled to begin on September 24, 2007. Pretrial

6  issues were litigated and resolved before assignment for trial. At a pre-trial status

7  conference, and in several e-mails prior, a discussion of the remaining defendants was

8  discussed. On September 18, 2007 several days after the status conference, and six days

9  prior to the start of trial, Asten Group Inc. ("Asten") filed its notice of removal to federal

10  court.

11       Our firm, and I personally, have expended substantial time and money in case

12  preparation.  Witnesses, including expert witnesses traveling from substantial distances,

13  were scheduled.  Trial exhibits and *in limine* motions were prepared. The parties had all

14  expended substantial time and money, scheduled witnesses, including several expert

15  witnesses, prepared exhibits, and completed their trial preparations.  The matter was

16  prepared and ready for trial in September 24, 2007 as scheduled.

17       In my professional opinion, it is imperative that the trial take place as soon as

18  possible, and take place in the Western District of Washington,  because Henry Barabin is

19  unlikely to be able to testify at or to assist in the trial of his claim if the matter is further

20  delayed, and his family will suffer substantial and irreparable detriment if his death

21  precedes a verdict. I am informed and believe that Mr. Barabin's health continues to

22  decline. It is my further opinion, based upon personal experience with victims of this

23  illness in a litigation context, that Mr. Barabin's ability to assist and meaningfully

24  participate in this lawsuit will continue to decline further as time passes.

25       I make the following declaration based on my own personal knowledge and belief.

26      (a)    Attached hereto as Exhibit A is a true and correct copy of the notice of removal to

27           federal court;

28  ///

2 - DECLARATION OF ZACHARY HERSCHENSOHN
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
J:\WA\106995\USDC\PLD\Dec-MTN-VacateCondTransORD.wpd
**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1  (b)  Attached hereto as Exhibit B is a true and correct copy of the Conditional Transfer

2      Order ("CTO") 291.

3  I declare the above declaration to be true and correct to the best of my knowledge.

4

5 DATED this *30ᵗʰ* day of October, 2007.

6           BRAYTON ❖ PURCELL, LLP

7

8           Zachary B. Herschensohn, WSBA #33568

9           Brayton Purcell, LLP

           Columbia Square Building

10          111 SW Columbia Street, Suite 250

           Portland, Oregon 97201

11          (503) 295-4931 - telephone

           (503) 241-2573 - facsimile

12          Attorneys for Plaintiffs Henry Barabin and

           Geraldine Barabin

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3 - DECLARATION OF ZACHARY HERSCHENSOHN
  MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
  J:\WA\106995\USDC\PLD\Dec-MTN-VacateCondTransORD.wpd    **BRAYTON ❖ PURCELL, LLP**
                   Columbia Square Building
               111 SW Columbia Street, Suite 250
                  Portland, Oregon 97201
             Tel: (503) 295-4931; Fax: (503) 241-2573

JS 44 (Rev. 11/04)

CIVIL COVER SHEET **C07-1454RSL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Henry and Geraldine Barabin

**DEFENDANTS** (1) AstenJohnson, Inc.
(2) Crane Co.
(3) Scapa Dryer Fabrics, Inc.

**(b)** County of Residence of First Listed Plaintiff  Maricopa County
(EXCEPT IN U.S. PLAINTIFF CASES)   Arizona

County of Residence of First Listed Defendant   Charleston County
(IN U.S. PLAINTIFF CASES ONLY)   South Carolina
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  503-295-4931
Zachery Herschensohn
Brayton Purcell
621 SW Morrison Street #950
Portland, OR  97205

Attorneys (If Known)  (1) G. William Shaw (K&L Gates)
(2) Barry Mesher (Lane Powell)
(3) Christopher Marks (Williams Kastner)

SEP 18 2007
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DJ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

07-CV-01454-CVSHT

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity; 28 USC Section 1332 (a)
Brief description of cause:
Personal Injury - Asbestos Product Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ____
DOCKET NUMBER  MDL 875

DATE  Septe.  19, 2007

SIGNATURE OF ATTORNEY OF RECORD   Co. Will    G. William Shaw  6573

FOR OFFICE USE ONLY

RECEIPT #____   AMOUNT____   APPLYING IFP____   JUDGE____   MAG. JUDGE____

Exhibit ___A___
Page ____ of ____

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2007

FILED
CLERK'S OFFICE

1
2
3
4
5
6
7
8

9        **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

10   IN RE: ASBESTOS PRODUCTS          )    MDL DOCKET NO. 875
     LIABILITY LITIGATION (NO. VI),    )    CTO -291
11                                     )
     This Document Relates to:         )
12                                     )    ———————————————
     HENRY BARABIN and GERALDINE       )
13   BARABIN v. ALBANY                 )
     INTERNATIONAL CORP., et al.,      )
14   ————————————————————————          )

15                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
16                              AT SEATTLE

17   HENRY BARABIN and GERALDINE       )    No. C07-1454 RSL
     BARABIN,                          )
18                                     )    King County Superior Court
                      Plaintiffs,      )    Cause No. 06-2-39452-6SEA
19                                     )
                                       )    AFFIDAVIT OF DELIVERY AND/OR
20          v.                         )    MAILING
                                       )
21   ALBANY INTERNATIONAL CORP., et    )
     al.,                              )    ———————————————
22                                     )
                      Defendants.      )
23   ————————————————————————          )

24          I am employed by the law firm of Brayton ❖ Purcell, LLP in Portland, Oregon.  I am over
     the age of eighteen years and not a party to the within cause.  My business address is 621 SW
25   Morrison Street, Suite 950, Portland, Oregon 97205.

26          On the date below, I caused to be served the within **PLAINTIFF'S MOTION BEFORE
     THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE**
27   **CONDITIONAL TRANSFER ORDER** to the parties listed below by transmitting a true copy
     thereof in the following manner unless otherwise indicated.
28
     1 -   AFFIDAVIT OF DELIVERY AND/OR MAILING
           MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)

     J:\WA\106995\Service\MDL Decmail.wpd                    **BRAYTON ❖ PURCELL, LLP**
                                                                  Columbia Square Building
                                                              111 SW Columbia Street, Suite 250
                                                                    Portland, Oregon 97201
                                                            Tel: (503) 295-4931; Fax: (503) 241-2573

1  _XX_  I caused each of the above document(s) to be placed in a sealed envelope, postage thereon prepaid, addressed and served as follows:

2  ____  The above document was transmitted by facsimile transmission to the following:

3
4  ____  I delivered by hand this date the above listed document(s), in an envelope to the offices of the following:

5  I declare under penalty of perjury and under the laws of the State of Washington (RCW 9A.72.085) that the foregoing is true and correct.

6  Executed at Portland, Oregon, this ____ day of October, 2007.

7
8
9                                    Lisa C.D. Minner, Legal Secretary

10
11  SUBSCRIBED AND SWORN TO before me this ____ day of _October_____, 2007.

12
13      OFFICIAL SEAL
        ABIGAIL J E ADAMS
        NOTARY PUBLIC–OREGON
        COMMISSION NO. 375359
14      MY COMMISSION EXPIRES DEC 8, 2007
                                    Notary Public in and for the State of Oregon
                                    My commission expires on _12/8/07_____.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

2 -  AFFIDAVIT OF DELIVERY AND/OR MAILING
      MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)

J:\WA\106995\Service\MDL Decmail.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICHARD C. BINZLEY
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

EDWARD J. CASS
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

ADAM M. CHUD
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001

DAVID A. DAMICO
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

RAYMOND P. FORCENO
Forenco & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

ELLEN B. FURMAN
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

SUSAN M. HANSEN
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

REGINALD S. KRAMER
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

DAVID C. LANDIN
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Dyrd Street
Richmond, VA 23219

GENE LOCKS
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

RONALD L. MOTLEY
Motley Rice, LLL
PO Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**Plaintiffs' Co-Counsel**

JOHN J. REPCHECK
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

JOHN D. ROVEN
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

RICHARD D. SCHUSTER
Vorys, Sater, Seymuor & Pease, LLP
52 East Gray Street
PO Box 1008
Columbus, OH 43216-1008

NEIL SELMAN
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

ROBERT N. SPINELLI
Kelley, Jasons, McGuire & Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

ROBERT E. SWICKLE
Jaques Admiralty Law Firm, PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

ANDREW J. TREVELISE
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

3 -   AFFIDAVIT OF DELIVERY AND/OR MAILING
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)

J:\WA\106995\Service\MDL Decmail.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1

2

| JAMES K. WESTON, II<br>Tom Riley Law Firm<br>4040 First Avenue, NE<br>PO Box 998<br>Cedar Rapids, IA 52406<br><br>G. WILLIAM SHAW<br>KEVIN ROSENFIELD<br>Kirkpatrick & Lockhart Preston Gates & Ellis, LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>**Attorneys for AstenJohnson, Inc.** | BARRY N. MESHER<br>BRIAN D. ZERINGER<br>Lane Powell, PC<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101-2338<br>**Attorneys for Crane Co.**<br><br>JAN KIRKWOOD<br>GEORGE S. PITCHER<br>Williams, Kastner & Gibbs, PLLC<br>Two Union Square, Suite 4100<br>P.O. Box 21926<br>Seattle, WA 98111-3926<br>**Attorneys for Scapa Dryer Fabrics, Inc.** |
|---|---|

Revised: 10/24/07

4 -   AFFIDAVIT OF DELIVERY AND/OR MAILING
      MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)

J:\WA\106995\Service\MDL Decmail.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1
2
3
4
5
6

7                              UNITED STATES DISTRICT COURT

8                            WESTERN DISTRICT OF WASHINGTON

9                                        AT SEATTLE

10    HENRY BARABIN and GERALDINE          )    No. C07-1454 RSL
      BARABIN,                             )
11                                         )    DECLARATION OF HENRY BARABIN
                          Plaintiffs,      )
12                                         )
                                           )
13          v.                             )
                                           )
14    ALBANY INTERNATIONAL CORP., et       )
      al.,                                 )
15                                         )
                          Defendants.      )
16    _____)

17          I, Henry Barabin, declare as follows:

18

19          1. I have personal knowledge of the facts set forth in this declaration, and if called as a

20    witness, I could and would competently testify as to the truth of the matters set forth herein.

21          2. I am 68 years old, having just celebrated my birthday on October 29.

22          3. In October of 2006 I was diagnosed with malignant mesothelioma.

23          3. I have undergone chemotherapy treatments in order to delay the course of my illness,

24    mesothelioma. I have a history of other medical problems, diabetes, hypertension, high cholesterol

25    and .

26          4. Due to my lungs, I continue to suffer from shortness of breath, pain, weakness, fatigue and

27    loss of appetite.

28
      1 -  DECLARATION OF HENRY BARABIN IN SUPPORT OF NOTICE OF MOTION AND MOTION TO
           REMAND CASE TO WASHINGTON SUPERIOR COURT AND FOR PAYMENT OF FEES AND COSTS;
           MEMORANDUM OF POINTS AND AUTHORITIES
           J:\WA\106995\USDC\PLD\DEC-Barabin.wpd              BRAYTON ✦ PURCELL, LLP
                                                                    American Bank Building
                                                              621 SW Morrison Street, Suite 950
                                                                    Portland, Oregon 97205
                                                          Phone: (503) 295-4931; Fax: (503) 241-2573

10/30/2007  10:28    6239334673         SENDME                              PAGE   03/03
10/30/2007  10:23    5032412573         BRAYTON PURCELL                     PAGE   03/03

5. I am told by my physicians that my prognosis is poor and due to my health problems, including the mesothelioma, my ability to assist my attorneys and participate meaningfully in my law suit has and will continue to decline further as time passes.

6. My greatest concern is that soon I will be unable to travel to Seattle and tell the jury in my own words how I was injured by the defendants named in my case. I am concerned I will be denied the right to stand up for myself, my wife and my family, as I may become either too weak to travel or more likely succumb to this cancer before I have my day in Court.

I declare under penalty of perjury under the laws of the States of Arizona and Washington that the foregoing is true and correct.

DATED this _30_ day of October, 2007 at _Sun City_ , _AZ._

                                 City              State

_Henry Barabin_

2 -  DECLARATION OF HENRY BARABIN IN SUPPORT OF NOTICE OF MOTION AND MOTION TO
    REMAND CASE TO WASHINGTON SUPERIOR COURT AND FOR PAYMENT OF FEES AND COSTS;
    MEMORANDUM OF POINTS AND AUTHORITIES
    J:\WA\106695\USDC\PLD\DEC-Barabin.wpd

BRAYTON ✦ PURCELL, LLP
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
Phone: (503) 295-4931; Fax: (503) 241-2573

**Chief Judge Robert S. Lasnik**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | | |
|---|---|---|
| HENRY BARABIN and GERALDINE BARABIN, | ) ) ) | No. C07-1454 RSL |
| Plaintiffs, | ) ) ) | DECLARATION OF CARL ANDREW BRODKIN |
| v. | ) ) | |
| ALBANY INTERNATIONAL CORP., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

I, Carl Andrew Brodkin, MD MPH FACOEM, declare and state as follows:

1.     I make the following declaration based on my own personal knowledge and belief, and if called to testify, could testify competently thereto.

2.     I am a physician licensed to practice medicine in the State of Washington.

3.     I have extensive experience diagnosing asbestos-related lung disease, including asbestosis, asbestos-related pleural disease, lung cancer and malignant mesothelioma.

4.     I examined Mr. Barabin on February 26, 2007, and confirmed a diagnosis of malignant pleural epithelial mesothelioma. At the time, Mr. Barabin was experiencing symptoms of progressive dyspnea (shortness of breath), increasing fatigue and diminished stamina.

5.     Malignant mesothelioma is an inherently progressive illness, with inevitable and

1 -  DECLARATION OF C. ANDREW BRODKIN
C:\Documents and Settings\Carl A. Brodkin\My Documents\My Documents\barabin-hendry.doc
BRAYTON ◆ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

Chief Judge Robert S. Lasnik

1    predictable deterioration over time.  There is no effective curative therapy for Mr. Barabin's

2    malignant mesothelioma; his clinical condition is thus expected to deteriorate over time.  It is

3    anticipated, to a reasonable degree of medical certainty, that Mr. Barabin will experience a

4    progressive decline in respiratory function, leading to death. The rate of tumor progression and

5    clinical deterioration with mesothelioma varies from patient to patient, however the decline is

6    often precipitous in the later stages of the disease.  Further, individuals such as Mr. Barabin with

7    mesothelioma are highly prone to respiratory infection (e.g., pneumonia), which can result in an

8    unpredictable and rapid clinical decline and death.

9        6. Given the progressive and consistently fatal nature of Mr. Barabin's condition

10   (malignant mesothelioma), his ability to assist his attorneys and participate meaningfully in legal

11   proceedings can be significantly compromised at any time.  It is important that this be considered

12   and appropriately expedited  in the scheduling of any trial hearings.

13

14   I declare that the foregoing is true and correct under penalty of perjury under the laws of the State

15   of Washington.

16

17   DATED this 27th day of October, 2007 at Seattle, Washington.

18

19                          Carl Andrew Brodkin, M.D.

20                          Carl Andrew Brodkin, MD MPH FACOEM

21

22

23

24

25

26

27

28

2 -  DECLARATION OF C. ANDREW BRODKIN

```
_____ FILED          _____ ENTERED
_____ LODGED         _____ RECEIVED

            SEP 1 8 2007    LK

                  AT SEATTLE
        CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
                  DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY BARABIN and GERALDINE
BARABIN,

                      Plaintiffs,

    v.

ALBANY INTERNATIONAL CORP.;
*et al.*,

                      Defendants.

No. C 07-1454 RSL

NOTICE OF REMOVAL OF ACTION
UNDER 28 USC §§ 1332, 1441 and
1446

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN

DISTRICT OF WASHINGTON:

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441 and 1446,

Defendants ASTENJOHNSON, INC. ("Asten") and SCAPA DRYER FABRICS, INC.

("Scapa") hereby remove to this Court the state court action described below. The grounds

for removal are as follows:

      1.    The state court action, hereby removed, is a civil action over which this Court

has jurisdiction under 28 U.S.C. section 1332(a), as the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

|||||||| ||||| ||||||| ||||||| ||||| |||||| ||||| |||||| |||||
| |||||||| ||| |||||||| |||||| ||||||| || ||||||

**07-CV-01454-CMP**

NOTICE OF REMOVAL - 1
K:\20388785\00554\20950_MRL\20950P20HF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

SEA 10150 NO FSCu.

2.     On or about December 18, 2006, this civil action was filed in the Superior Court for the State of Washington in and for the County of King, entitled <u>Henry Barabin and Geraldine Barabin v. Albany International Corporation, et al.</u>, Cause No. 06-2-39452-6 SEA.

3.     The Complaint alleges that Henry Barabin was injured as a result of his work with and around asbestos and various asbestos-containing products. Plaintiffs' Complaint claims that Asten is liable for plaintiffs' alleged asbestos-related injuries on theories of negligence; strict liability; civil conspiracy; fraud and deceit/negligent misrepresentation; and loss of consortium. The apparent basis of these claims against Asten, taken in conjunction with the evidence set forth in Plaintiffs' Answers to the Style Interrogatories, is Asten's manufacture and supply of dryer felts to a facility where Mr. Barabin worked.

4.     Plaintiffs' original complaint filed with the Superior Court on December 18, 2006 named the Bartells Settlement Trust ("Bartells"), a Washington company, as a Defendant. A true and accurate copy of the complaint is attached as Exhibit A. The plaintiff's First Amended Complaint signed on March 1 ,2007 added Scapa as a defendant, while keeping Bartells as a Defendant. Exhibit B.

5.     On September 6, 2007, Plaintiffs' counsel initially informed the court via email that Crane Co., Scapa Dryer Fabrics, Inc., Foster Wheeler, and AstenJohnson, Inc. remained as defendants. A true and correct copy of Plaintiffs' email, with the attached word document, is attached hereto as Exhibit C.

6.     On September 10, 2007, in response to an email inquiry from Judge Lau's bailiff asking for a list of defense counsel in the Barabin case, Plaintiff's counsel responded indicating that there were three defendants in the Barabin case, Crane Co., Scapa, and Asten Group. A true and accurate copy of that email is attached as Exhibit D.

7.     On September 13, 2007, Plaintiffs' counsel informed the Court during a status conference that it had entered into an administrative agreement with Bartells.

NOTICE OF REMOVAL - 2
K:\20388\8\00554\20950_MRL\20950P20HF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1       8.    The basis for removal is that, after the Bartells settlement, this action enjoys

2   complete diversity. Pursuant to 28 U.S.C. section 1441(b), an "action shall be removable only

3   if none of the parties in interest properly joined and served as defendants is a citizen of the

4   State in which such action is brought." Here, Plaintiffs are residents of Arizona, Defendant

5   Crane Co. is a resident of Connecticut, Defendant Scapa is a Delaware Corporation with its

6   principal place of business in Connecticut, and Defendant Asten is a Delaware corporation

7   with South Carolina as its principal place of business.

8       9.    28 U.S.C. section 1446(b) provides that a case becomes removable when the

9   Defendant receives "a copy of an amended pleading, motion, order or other paper from which

10   it may first be ascertained that the case is one which is or has become removable."

11       10.    Plaintiffs' email to the court disclosing that Bartells was no longer a defendant

12   was received on September 10, 2007. The existence of an administrative agreement with

13   Bartells was confirmed during the Court's status hearing on September 14, 2007. Thus, on

14   September 10, 2007, Asten received its first notice, within the meaning of 28 U.S.C. section

15   1446(b), of facts indicating the grounds for removability of this case. Harris v. Bankers Life

16   and Cas. Co., 425 F.3d 689, 695-96 (9th Cir. 2005) (finding that removal was timely when it

17   was filed after the remaining defendant received a letter from plaintiff's counsel suggesting

18   that he was not proceeding against a resident defendant who had not been served or

19   dismissed); Hessler v. Armstrong World Industries, Inc., 684 F. Supp. 393, 394-95 (D. Del.

20   1988) (finding that removal was untimely when the defendant learned, through

21   correspondence and statements to the Court, that nondiverse defendants had settled). Because

22   these removal papers have been filed within 30 days of receiving notice of Plaintiffs'

23   settlement, this removal is timely.

24       11.    The required jurisdictional amount of $75,000 is met in this case. 28 U.S.C.

25   section 1332. By way of example, attached as Exhibit E are Plaintiffs' Answers to the First

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   Style Interrogatories, where Plaintiffs claim medical expenses of $200,000, future medical

2   expenses of $200,000, $1,000,000 in lost earning capacity, and $500,000 in loss of household

3   services.  See Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240, 64 S.Ct. 5, 88

4   L.Ed. 15 (1943) (9th Cir. 2002) (stating that a court may consider evidence of actual

5   damages).

6         12.    Notably, Plaintiffs have requested $1,000,000 to settle their claims with Asten.

7   A true and accurate copy of a letter from Plaintiffs' counsel reflecting a $1,000,000 settlement

8   demand is attached as Exhibit F.  Plaintiff has also obtained settlements from other former

9   defendants, and the cumulative total of those settlements have exceeded the jurisdictional

10   amount.  A true and accurate copy of a letter from Plaintiffs' counsel reflecting settlement

11   amounts with three defendants is attached as Exhibit G.   Cohn v. Petsmart, Inc., 281 F.3d

12   837, 840 (9th Cir. 2002) (finding that a settlement letter is relevant evidence of the amount in

13   controversy).

14         13.    Asten and Scapa have notified and obtained the consent of the other defendant

15   in this action in order to remove Plaintiffs' action as a whole under 28 U.S.C. section 1446.

16   That consent will be filed separately.

17         14.    A properly removed case cannot be remanded for discretionary or policy

18   reasons, such as a contention that judicial economy compels remand. 28 U.S.C. section

19   1447(c); Elrad v. United Life & Accident Insurance Company, 624 F. Supp. 742, 743 (N.D.

20   Ill. 1985).

21         15.    Asten and Scapa will notify the clerk of the Judicial Panel on Multidistrict

22   Litigation ("Panel") of the existence of this "tag-along" asbestos case and request that the case

23   be transferred to the United States District Court for the Eastern District of Pennsylvania (In

24   Re Asbestos Products Liability Litigation, MDL Docket No. 875), pursuant to the Panel's

25   order transferring asbestos cases to that district for centralized pretrial proceedings.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    16.    Pursuant to 28 U.S.C. §1446(a) and CR 101(b), a copy of all pleadings,

2  process and orders served on or by the parties in the state action will be forwarded to the court

3  within ten days.

4    17.    Written notice of the filing of this Notice of Removal will be given to Plaintiffs

5  and the other defendants in this action, together with a copy of the Notice of Filing Notice of

6  Removal and supporting papers with the Superior Court of Washington, County of King, as

7  required by 28 U.S.C. §1446(d).

8        WHEREFORE, ASTEN and SCAPA respectfully request that this action be removed

9  to this Court.

10       DATED this 18th day of September, 2007.

11                         KIRKPATRICK & LOCKHART
                           PRESTON GATES ELLIS LLP
12

13                         By_____/ s /___G. William Shaw_____

14                           G. William Shaw, WSBA # 8573
                             Kevin A. Rosenfield, WSBA # 34972
15                           Martha Rodriguez-Lopez, WSBA # 35466
                           Attorneys for Defendant
16                         AstenJohnson, Inc.

17

18                         WILLIAMS, KASTNER & GIBBS, PLLC

19

20                         By___/ s /___Christopher S. Marks_____
                             Christopher S. Marks, WSBA # 28634
21                         Attorneys for Defendant
                           Scapa Dryer Fabrics, Inc.

22

23

24

25

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP 18 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASH...
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY BARABIN and GERALDINE
BARABIN,

                Plaintiffs,

    v.

ALBANY INTERNATIONAL CORP.;
et al.,

                Defendants.

No. C07-1454 RSL

NOTICE OF RELATED CASES

07-CV-01454-NTC

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

      In connection with its Notice of Removal of Action pursuant to 28 USC §§ 1332, 1441 and 1446, ASTENJOHNSON, INC. ("Asten") hereby provides notice that on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Order"). Numerous asbestos cases are currently pending in that jurisdiction (In Re Asbestos Products Liability Litigation, MDL Docket No. 875). Those cases are related to the above-captioned case in that (1) they involve product liability and negligence causes of action based on plaintiffs' exposure to asbestos and asbestos-containing products, (2) they call for

NOTICE OF RELATED CASES - 1

K:\20385780\00554\20950_MRL\20950P20HK

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  determination of the same or substantially identical questions of law, and (3) they are likely to

2  entail duplication of labor if heard by different judges.

3           MDL Rule 13(e) provides as follows:

4           Any party or counsel in actions previously transferred under
           Section 1407 or under consideration by the Panel for transfer
5           under Section 1407 shall notify the Clerk of the Panel of any
           potential "tag-along actions" in which that party is also named
6           or in which that counsel appears.

7           The undersigned hereby notifies this Court that this case is a potential "tag-along

8  action" which may be subject to transfer to the Eastern District of Pennsylvania. Asten will

9  notify the Clerk of the Panel via letter that this case has been removed and that the Clerk may

10 either (1) enter a conditional transfer order pursuant to MDL Rule 12(a), or (2) file an Order

11 to show cause why the action should not be transferred pursuant to MDL Rule 13(b).

12           DATED this 18th day of September, 2007.

13                                          KIRKPATRICK & LOCKHART
                                          PRESTON GATES ELLIS LLP
14

15                                          _____
                                          By _____ s/ G. William Shaw _____
16                                             G. William Shaw, WSBA # 8573
                                             Kevin A. Rosenfield, WSBA # 34972
17                                             Martha Rodriguez-Lopez, WSBA # 35466
                                          925 Fourth Avenue, Suite 2900
18                                          Seattle, WA 98104
                                          Phone: (206) 623-7580
19                                          E-mail: bill.shaw@klgates.com
                                          Attorneys for Defendant
20                                          AstenJohnson, Inc.

21

22

23

24

25

26

NOTICE OF RELATED CASES - 2
K:\20388878\00554\20950_MRL\20950P20HK

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

FILED ___ ENTERED
LODGED ___ RECEIVED

OCT 18 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY BARABIN and GERALDINE
BARABIN,

                              Plaintiffs,

        v.

ALBANY INTERNATIONAL CORP.;
et al.,

                              Defendants.

No. C 07-1454 RSL

ASTENJOHNSON, INC. CORPORATE
DISCLOSURE STATEMENT

        Pursuant to Fed. R. Civ. Proc. 7.1, AstenJohnson, Inc. makes the following corporate

disclosure:  AstenJohnson, Inc. is neither a subsidiary nor an affiliate of a publicly traded

company.  No publicly held corporation owns ten percent or more of AstenJohnson, Inc.'s

stock.

        The undersigned party understands that it must promptly file a supplemental statement

upon any change in the information that the statement requires.

//

//

//

07-CV-01454-STMT

//.

///

ASTENJOHNSON, INC. CORPORATE
DISCLOSURE STATEMENT - 1

K:\2038878\00554\20950_MKL\20950P201IG

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    DATED this 18th day of September, 2007.

2                                    KIRKPATRICK & LOCKHART
                                     PRESTON GATES ELLIS LLP
3

4                                    By ____s/ G. William Shaw____
5                                        G. William Shaw, WSBA # 8573
                                         Kevin A. Rosenfield, WSBA # 34972
6                                        Martha Rodriguez-Lopez, WSBA # 35466
                                     925 Fourth Avenue, Suite 2900
7                                    Seattle, WA  98104
                                     Phone:  (206) 623-7580
8                                    E-mail:  bill.shaw@klgates.com
                                     Attorneys for Defendant
9                                    AstenJohnson, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ASTENJOHNSON, INC. CORPORATE
DISCLOSURE STATEMENT - 2

K:\203887R\00154\20950_MRL\20950P20HG

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

FILED _____ ENTERED
LODGED _____ RECEIVED

SEP 1 8 2007   tK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

1

2

3

```
ERROR: timeout
OFFENDING COMMAND: timeout

STACK:
```

**CIVIL COVER SHEET** C07-1454RSL

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Henry and Geraldine Barabin

**DEFENDANTS** (1) AstenJohnson, Inc.
(2) Crane Co.
(3) Scapa Dryer Fabrics, Inc.

(b) County of Residence of First Listed Plaintiff  Maricopa County  Arizona
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Charleston County  South Carolina
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Zachery Herschensohn
Brayton Purcell

(c) Attorney's (Firm Name, Address, and Telephone Number) 503-295-4931
621 SW Morrison Street #950
Portland, OR  97205

Attorneys (If Known)  (1) G. William Shaw (K&L Gates)
(2) Barry Mesher (Lane Powell)
(3) Christopher Marks (Williams Kastner)

SEP 18 2007
DJ
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | | Injury Product | ☐ 640 Airline Regs. | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

07-CV-01454-CVSHT

## V. ORIGIN  (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity; 28 USC Section 1332 (a)
Brief description of cause:
Personal Injury - Asbestos Product Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER  MDL 875

DATE  September 19, 2007
SIGNATURE OF ATTORNEY OF RECORD  G. William Shaw  6573

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

———— FILED          ———— ENTERED
———— LODGED         ———— RECEIVED

SEP 1 8 2007   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY BARABIN and GERALDINE
BARABIN,

                   Plaintiffs,

    v.

ALBANY INTERNATIONAL CORP.;
*et al.,*

                   Defendants.

No. C 07-1454 RSL

NOTICE OF REMOVAL OF ACTION
UNDER 28 USC §§ 1332, 1441 and
1446

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON:

     PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441 and 1446,
Defendants ASTENJOHNSON, INC. ("Asten") and SCAPA DRYER FABRICS, INC.
("Scapa") hereby remove to this Court the state court action described below. The grounds
for removal are as follows:

     1.    The state court action, hereby removed, is a civil action over which this Court
has jurisdiction under 28 U.S.C. section 1332(a), as the matter in controversy exceeds the sum
or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

07-CV-01454-CMP

NOTICE OF REMOVAL - 1

K:\2038878\00354\20950_MRL\20950P20HF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2.     On or about December 18, 2006, this civil action was filed in the Superior

Court for the State of Washington in and for the County of King, entitled Henry Barabin and

Geraldine Barabin v. Albany International Corporation, et al., Cause No. 06-2-39452-6 SEA.

3.     The Complaint alleges that Henry Barabin was injured as a result of his work

with and around asbestos and various asbestos-containing products.  Plaintiffs' Complaint

claims that Asten is liable for plaintiffs' alleged asbestos-related injuries on theories of

negligence; strict liability; civil conspiracy; fraud and deceit/negligent misrepresentation; and

loss of consortium.  The apparent basis of these claims against Asten, taken in conjunction

with the evidence set forth in Plaintiffs' Answers to the Style Interrogatories, is Asten's

manufacture and supply of dryer felts to a facility where Mr. Barabin worked.

4.     Plaintiffs' original complaint filed with the Superior Court on December 18,

2006 named the Bartells Settlement Trust ("Bartells"), a Washington company, as a

Defendant. A true and accurate copy of the complaint is attached as Exhibit A. The

plaintiffs' First Amended Complaint signed on March 1, 2007 added Scapa as a defendant,

while keeping Bartells as a Defendant.  Exhibit B.

5.     On September 6, 2007, Plaintiffs' counsel initially informed the court via email

that Crane Co., Scapa Dryer Fabrics, Inc., Foster Wheeler, and AstenJohnson, Inc. remained

as defendants.  A true and correct copy of Plaintiffs' email, with the attached word document,

is attached hereto as Exhibit C.

6.     On September 10, 2007, in response to an email inquiry from Judge Lau's

bailiff asking for a list of defense counsel in the Barabin case, Plaintiff's counsel responded

indicating that there were three defendants in the Barabin case, Crane Co., Scapa, and Asten

Group.  A true and accurate copy of that email is attached as Exhibit D.

7.     On September 13, 2007, Plaintiffs' counsel informed the Court during a status

conference that it had entered into an administrative agreement with Bartells.

NOTICE OF REMOVAL - 2
K:\20389\8\00554\20950_MRL\20950P2OHF

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:         [202] 502-2888
http://www.jpml.uscourts.gov

October 1, 2007

CAL Updated
OCT 0 4 2007
SIS Updated

PARA _____ _____ OTHER
ATTY _____ CLASS _____ FILE
RECEIVED
OCT 0 4 2007
OCT 0 4 2007
ICU995
BRAYTON ◆ PURCELL
HAND _____ OVERNIGHT _____ MAIL _____

TO INVOLVED COUNSEL

Re: MDL No. 875 -- IN RE: Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-291)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:  <u>October 16, 2007</u>   (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Deputy Clerk

Attachments

Exhibit __B__   JPML Form 39
Page_____of_____

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 1 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-291)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,494 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## SCHEDULE CTO-291 - TAG-ALONG ACTIONS

| **DIST. DIV. C.A. #** | **CASE CAPTION** |
|---|---|

**CALIFORNIA NORTHERN**
CAN 3      07-4352      Jennifer S. Carolan, et al. v. General Electric Co.

**MARYLAND**
MD  1      07-2397      Lewis Shifflett, et al. v. AC&R Insulation Co., Inc., et al.

**NORTH CAROLINA EASTERN**
NCE 5      07-341       Judith Flynn Verret, et al. v. Anchor Packing Co., et al.
NCE 5      07-361       James B. Pridgen, et al. v. A.W. Chesterton Co., et al.

**NORTH CAROLINA MIDDLE**
NCM 1      07-556       William Jack Billings, et al. v. Aqua-Chem, Inc., et al.
NCM 1      07-557       Marvin Lucky Menius, et al. v. Aqua-Chem, Inc., et al.
NCM 1      07-558       John Stephen Litaker, et al. v. Aqua-Chem, Inc., et al.
NCM 1      07-681       Charles L. Vipperman v. A.W. Chesterton Co., et al.
NCM 1      07-684       Tony Fred Peacock, et al. v. Aqua-Chem, Inc., et al.
NCM 1      07-685       Henry Donald Heglar, et al. v. Aqua-Chem, Inc., et al.

**NORTH CAROLINA WESTERN**
NCW 1      07-299       Clarence B. Crotts, Jr. v. Aqua-Chem, Inc., et al.
NCW 1      07-300       Sally Lyton Gilleland, et al. v. Aqua-Chem, Inc., et al.
NCW 1      07-301       Richard Dennis Talbert, et al. v. Aqua-Chem, Inc., et al.

**SOUTH CAROLINA**
SC  0      07-3122      Bobby Ray Patrick, Sr., et al. v. Aqua-Chem, Inc., et al.
SC  8      07-3116      Henry R. Kirkland, et al. v. Aqua-Chem, Inc., et al.
SC  8      07-3117      Tony Allen Orr, et al. v. Aqua-Chem, Inc., et al.
SC  8      07-3119      Harold Timothy Crews, et al. v. Aqua-Chem, Inc., et al.
SC  8      07-3121      Donald Austin Gilstrap, et al. v. Aqua-Chem, Inc., et al.
SC  8      07-3123      Ricky Dean Wilkerson, et al. v. Aqua-Chem, Inc., et al.

**WASHINGTON WESTERN**
WAW 2      07-1454      Henry Barabin, et al. v. Albany International Corp., et al.

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

## INVOLVED COUNSEL LIST (CTO-291)

Richard Damon Albert
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

David Foxwell Albright, Sr.
Law Offices of David F. Albright
1122 Kenilworth Drive
Suite 500
Baltimore, MD 21202

Steven A. Allen
Hodes, Pessin & Katz, PA
901 Dulaney Valley Road
Suite 400
Baltimore, MD 21204

Joshua H. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Thomas P. Bernier
Segal, McCambridge, Singer & Mahoney, Ltd.
One North Charles Street
Suite 2500
Baltimore, MD 21201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Ward Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401-1307

Alan R. Brayton
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP.
One South Street
Alex Brown Building, 20th Floor
Balitmore, MD 21202

Scott Patrick Burns
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Paul Joseph Day
DLA Piper US, LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

**MDL No. 875 - Involved Counsel List (CTO-291) (Continued)**

Thomas L. Doran
DeCaro, Doran, Siciliano, Gallagher, et.al.
4601 Forbes Boulevard
Suite 200
P.O. Box 40
Lanham, MD 20703

George C. Doub, III
William H. Murphy, Jr. & Associates
12 West Madison Street
Baltimore, MD 21201

Katherine S. Duyer
Gavett & Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Louis E. Grenzer, Jr.
Bodie, Nagle, Dolina, Smith & Hobbs, PA
21 W. Susquehanna Avenue
Towson, MD 21204

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Derek Spencer Johnson
Sedgwick, Detert, Moran & Arnold, LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Jeannie P. Kauffman
Bacon Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Philip A. Kulinski
Evert Weathersby Houff
120 E. Baltimore Street
Suite 1300
Baltimore, MD 21201

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

**MDL No. 875 - Involved Counsel List (CTO-291) (Continued)**

Steven Andrew Luxton
Edwards Burns & Krider LLP
201 North Charles Street
Suite 1402
Baltimore, MD 21201

Neil J. MacDonald
Hartel Kane Desantis MacDonald & Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Christopher S. Marks
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111-3926

Barry N. Mesher
Lane Powell, P.C.
1420 Fifth Avenue
Suite 4100
Seattle, WA 98101

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Joel D. Newport
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Scott A. Niebling
Brayton Purcell, LLP
621 S.W. Morrison
Suite 955
Portland, OR 97205

Jeremy W. North
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

Vincent J. Palmiotto
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Steven J. Parrott
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Scott Hamilton Phillips
Semmes, Bowen & Semmes
250 West Pratt Street
16th Floor
Baltimore, MD 21201

Michael A. Pichini
Goodell, DeVries, Leech & Dann, LLP.
One South Street
Alex Brown Building, 20th Floor
Balitmore, MD 21202

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

**MDL No. 875 - Involved Counsel List (CTO-291) (Continued)**

Theodore F. Roberts
Venable, LLP
210 Allegheny Avenue
Towson, MD 21285-5517

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Jonathan Ruckdeschel
Ruckdeschel Law Firm, LLC
3645 Cragsmoor Rd.
Ellicott City, MD 21042

Rrichard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

David A. Seltzer
Wilson Elser Moskowitz Edelman & Dicker, LLP
1341 G Street N.W.
Suite 500
Washington, DC 20005-3105

G. William Shaw
Kirkpatrick & Lockhart Preston Gates Ellis, LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West, 15th Floor
Philadelphia, PA 19102

Charles Monroe Sprinkle, III
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Deborah K. St. Lawrence
Brown & Sheehan, LLP
1010 Hull Street
Suite 300
Baltimore, MD 21230

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Jennifer M. Techman
Evert Weathersby & Houff, LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Mark S. Thomas
Williams Mullen Maupin Taylor
3200 Beechleaf Court
Suite 500
Raleigh, NC 27604

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

**MDL No. 875 - Involved Counsel List (CTO-291) (Continued)**

Keith R. Truffer
Royston, Mueller, McLean & Reid
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes & Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

James T. Zois
Meringer, Zois & Quigg, LLC
300 East Lombard Street
Suite 1440
Baltimore, MD 21202

<u>RULE 7.4:</u>    <u>CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"</u>

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

<u>RULE 7.5:</u>    <u>MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"</u>

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.