

DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 26 2007

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

This document relates to the
following case:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| FERNANDO AUGUSTO SILVA | § | |
|---|---|---|
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION |
| | § | NO: 07-6259 |
| | § | |
| CERTAINTEED | § | |
| CORPORATION, INC., et al., | § | |
| Defendants | § | |

ORIGINAL PLEADING NO. 5256

## MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 293

COMES NOW Plaintiff in the above styled case and respectfully moves the Panel to Vacate Conditional Transfer Order No. 293, which would transfer this case to the United States District Court for the Eastern District of Pennsylvania. This case should not be transferred because the removal was untimely. For this reason, addressed more fully in the attached brief, Plaintiff urges the Panel to vacate Conditional Transfer Order No. 274 to the extent that it transfers this case to the Eastern District of Pennsylvania.

MOTION TO VACATE CTO-293 -- PAGE 1

**OFFICIAL FILE COPY**
IMAGED NOV 26 2007

Respectfully Submitted by:

**LeBLANC & WADDELL, LLP**
Cameron R. Waddell (LA # 24245)
Christopher C. Colley (LA # 30322)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-1181
214/874-7077; Fax: 214/874-7117

**BARON & BUDD, P.C.**
Lisa R. Shirley (LA # 26511)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-1181
214/521-3605; Fax: 214/520-1181

*Attorneys for Plaintiff*

By: _____
CHRISTOPHER C. COLLEY

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT** I have served a true and correct copy of **PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 293** upon the Panel Service List (Excepted from CTO-293), attached hereto, via overnight delivery (Federal Express) on this 21st day of November, 2007.

_____
CHRISTOPHER C. COLLEY

2007 NOV 26  A 9: 42
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 26 2007

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

## PANEL SERVICE LIST
(Excerpted from CTO-293)

Fernando Augusto Silva v. CertainTeed Corp., et al., E.D. Louisiana, C.A. 2:07-6259

**See Attached Herein**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-293)**

Fernando Agusto Silva v. CertainTeed Corp., et al., E.D. Louisiana, C.A. No. 2:07-6259

Lawrence E. Abbott
ABBOTT SIMSES
& KUCHLER
5100 Village Walk
Suite 200
Covington, LA 70433

Ryan Andrew Beason
BEASON WILLINGHAM LLP
808 Travis
Suite 1608
Houston, TX 77002

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

Christopher C. Colley
LEBLANC & WADDELL LLP
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219-1181

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Robert E. Dille
KEAN MILLER
HAWTHORNE ET AL
P. O. Box 3513
22nd Floor
Baton Rouge, LA 70821-3513

Douglas R. Elliott
DEUTSCH KERRIGAN
& STILES
755 Magazine Street
New Orleans, LA 70130

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Susan B. Kohn
SIMON PERAGINE SMITH
& REDFEARN LLP
Energy Centre, Suite 3000
1100 Poydras Street
New Orleans, LA 70163-3000

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

Deborah D. Kuchler
ABBOTT SIMSES
& KUCHLER
400 LaFayette Street
Suite 200
New Orleans, LA 70130

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher K. Lightfoot
HAILEY MCNAMARA HALL
LARMANN & PAPALE
One Galleria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

MDL No. 875 - Panel Service List (Excerpted from CTO-293)          Page 2 of 2

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Jeanette Seraile-Riggins
AULTMAN TYNER & RUFFIN LTD
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Richard P. Sulzer
SULZER & WILLIAMS LLC
201 Holiday Boulevard
Suite 335
Covington, LA 70433

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 26 2007

FILED
CLERK'S OFFICE

DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

This document relates to the
following case:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| FERNANDO AUGUSTO SILVA | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION |
| | § | NO: 07-6259 |
| | § | |
| CERTAINTEED | § | |
| CORPORATION, INC., et al., | § | |
| Defendants | § | |

ORIGINAL

## BRIEF IN SUPPORT OF MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 293

COMES NOW Plaintiff in the above styled case and submits this Brief in Support of Motion to Vacate Conditional Transfer Order No. 293. Plaintiff would respectfully show as follows:

### I.

Mr. Silva commenced this action on July 16, 2007, seeking compensation for mesothelioma, a rare and fatal form of cancer caused by asbestos exposure. Mr. Silva sued seven defendants, alleging that each of them manufactured, sold, supplied and/or installed asbestos-containing products to which he was exposed. *See* Plaintiff's Original Petition for Damages ("Petition"). Exhibit "A"

BRIEF IN SUPPORT OF
MOTION TO VACATE CTO-293 -- PAGE 1



to the Petition sets out the locations at which Mr. Silva was exposed to asbestos, including Fort Polk and the other "federal enclaves" discussed in the Notice of Removal.

Two of the defendants, Eagle, Inc. ("Eagle") and Taylor-Seidenbach, Inc. ("Taylor-Seidenbach"), were served on July 17, 2007. The remaining defendants were served during July and August. CertainTeed Corporation, Inc. ("CertainTeed") removed the case on September 28, 2007, more than 60 days after Eagle and Taylor-Seidenbach were served. *See* Notice of Removal. CertainTeed's removal after the expiration of the 30-day period was improper, and the case must be remanded to state court.

## II.

The removing party bears the burden of showing that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts or ambiguities "are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* Statutory deadlines and other procedural limits on removal are "strictly construed because the exercise of removal jurisdiction raises significant federalism concerns." *Turner v. Mine Safety Appliances Co.*, 2001 WL 456351, at *2 (E.D. La. April 27, 2001); *see also Aucoin v. Gulf South Pipeline Co., L.P.*, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004) ("Because removal of cases from state to federal court is considered an infringement on state sovereignty, statutory provisions governing removal are strictly applied."); *Dixie Sav. & Loan Ass'n v. Wheatley*, 1987 WL 16339, at *2 (E.D. La. Aug. 24, 1987 (a plaintiff "is entitled to demand strict compliance with the removal requirements."). If "the right to removal is doubtful, the case should be remanded [to state court]." *Gauthe v. Asbestos Corp.*, 1997 WL 3255, at *1 (E.D. La. Jan. 2, 1997).

The removal statute requires the notice of removal to be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). This time limit is mandatory and "cannot be extended by stipulation of the parties or by order of the court." *Sciortino v. National Railroad Passenger Corp.*, 2005 WL 1431697, at *1 (E.D. La. May 27, 2005).

In a case involving multiple defendants, "the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil Corp., v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). If "the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . ." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

District courts have consistently followed *Brown* and *Getty*. *See, e.g., Basinger v. Federated Dept. Stores, Inc.*, 1992 WL 193491, at *2 (E.D. La. July 30, 1992) (explaining that *Brown* and *Getty* "instruct that the 30-day removal period runs for all defendants, even later added defendants, from the date the first of them is served with the complaint provided that the case is then removable. . . . If that first named and served defendant fails to remove the action within 30 days, later served defendants cannot remove."); *see also Casley v. Barnette*, 2005 WL 517495, at *1 (E.D. La. Feb. 22, 2005) ("[T]he rule in the Fifth Circuit regarding such cases involving multiple defendants is that the thirty-day period established by section 1446(b) begins to run immediately after the *first* defendant is served.") (emphasis in original); *Bodden v. Union Oil Co. of Cal.*, 82 F.Supp.2d 584, 586 (E.D. La. 1998) ("[I]n the Fifth Circuit, a Notice of Removal must be filed within thirty days of when the first defendant is served."); *Dixie Sav. & Loan*, 1987 WL 16339, at *2 (holding that it was "patently

clear" that case removed more than 30 days after service on first defendant "must be remanded as improvidently removed").

### III.

The "federal enclaves" discussed in the Notice of Removal were all identified in Mr. Silva's Petition. CertainTeed therefore cannot dispute that the case was "removable" when Eagle and Taylor-Seidenbach were served on July 17, 2007. Eagle and Taylor-Seidenbach chose not to remove the case within the 30 days provided by the removal statute. Under the Fifth Circuit's interpretation of the removal statute, the time for removal expired on August 16, 2007. CertainTeed's removal on September 28, 2007 was untimely, and Mr. Silva is entitled to remand.

### IV.

In an effort to excuse its patently untimely removal, CertainTeed asserts that Eagle and Taylor-Seidenbach were "improperly joined" because Mr. Silva was not able to provide direct testimony against these defendants in his deposition. Notice of Removal at ¶¶ IX, XV. CertainTeed's claim of improper joinder has no valid basis. In fact, the Fifth Circuit expressly rejected virtually identical arguments on improper joinder in *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329 (5th Cir. 2004) and *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003).

In *Travis*, the plaintiff answered interrogatories about the facts supporting the claims against the resident defendants. The plaintiff responded that she "does not possess the facts supporting said allegations at this time." *Travis*, 326 F.3d at 649. The Fifth Circuit held that this discovery response could not support a claim of improper joinder. The court observed that "discovery was continuing" and explained that "the lack of substantive evidence as to the non-diverse defendant does not support

BRIEF IN SUPPORT OF
MOTION TO VACATE CTO-293 -- PAGE 4

a conclusion that he was fraudulently joined." *Id.* at 649.[1] Likewise, in *McKee*, the Fifth Circuit held that a defendant could not claim improper joinder before the plaintiff has had an opportunity to develop the claims against the in-state defendant. *McKee*, 358 F.3d at 333-34. In the initial stages of litigation, it is "not necessary that [the plaintiff] prove her claims against the non-diverse defendants but rather only that she have claims to be proven against these defendants." *Id.* at 336.

The removing defendant bears the "heavy" burden of establishing improper joinder. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). If the case is at an early stage, "simply pointing to the plaintiff's lack of evidence . . . is insufficient" to establish fraudulent joinder. *Travis*, 326 F.3d at 650. The removing defendant "must put forward evidence that would negate a possibility of liability" as to the resident defendant. *Id.* Although the court may consider "summary judgment-type evidence," the court "is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee*, 358 F.3d at 333-34.

## V.

The "analysis of whether an in-state defendant is properly joined must focus on the joinder, 'not the merits of the plaintiff's case.' The test for fraudulent joinder is 'whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Dee v. State Farm Fire & Cas.*

---

[1] The Fifth Circuit now uses the term "improper joinder" rather than "fraudulent joinder," but there is no substantive difference between the two phrases. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-293 -- PAGE 5**

*Co.*, 2007 WL 2436679, at *1(E.D. La. Aug. 22, 2007) (citations omitted). Any doubt as to federal jurisdiction is resolved in favor of remand. *Id.*

CertainTeed has not even arguably met its burden to negate the "possibility of liability" as to Eagle and Taylor-Seidenbach. Eagle is a defendant Eagle is a defendant in "approximately 2,000 personal injury lawsuits filed in Louisiana and other state courts on behalf of approximately 12,000 claimants for bodily injuries allegedly resulting from the sale and installation of defective asbestos-containing insulation." *American Employers' Ins. Co. v. Eagle Inc.*, 122 Fed.Appx. 700, 701 (5th Cir. 2004); *see also Grant v. American Sugar Refining, Inc.*, 952 So.2d 746, 747 (La. App. 4th Cir. 2007 (finding that a fact issue existed as to Eagle's liability as the "the seller, installer and remover of asbestos-containing insulation products at the Domino Sugar Refinery in Arabi"). Taylor-Seidenbach has likewise been named in numerous lawsuits, often alongside Eagle and Reilly-Benton, as a supplier of asbestos-containing products. *See, e.g., Breaux v. Avondale Industries, Inc.*, 842 So.2d 1115 (La. App. 4th Cir. 2003); *Dempster v. A.P. Green Industries, Inc.*, 753 So.2d 330, 331, (La. App. 4th Cir. 2000).

## VI.

Although discovery is still ongoing, counsel for Mr. Silva has already identified a Taylor-Seidenbach employee who has confirmed that Taylor-Seidenbach supplied asbestos-containing products to Fort Polk during the time frame of Mr. Silva's exposure. *See* Affidavit of Chris Colley, attached as Exhibit 1. Mr. Silva himself testified that the asbestos-containing products at Fort Polk were supplied by outside contractors, although he was not able to identify those companies personally. *See* Deposition of Fernando Augusto Silva, attached as Exhibit B to Notice of Removal, at 116-18. CertainTeed is simply incorrect in asserting that Mr. Silva is required to provide direct

personal testimony against each defendant. *See., e.g., Egan v. Kaiser Aluminum & Chemical Corp.*, 677 So.2d 1027, 1033 (La. App. 4th Cir. 1996) (upholding liability finding based on circumstantial evidence despite the fact that "the plaintiff did not know the identity of the manufacturer of the insulation he was exposed to."); *see also Hennegan v. Cooper/T. Smith Stevedoring Co., Inc.*, 837 So.2d 96, 102 (La. App. 4th Cir. 2002) (explaining that proof of asbestos exposure may be direct or circumstantial). Once this case has been remanded to state court, Mr. Silva will continue to develop evidence for his claims against Taylor-Seidenbach, Eagle and the other defendants in this case.

### VII.

Under the unambiguous holdings of *Travis* and *McKee*, Mr. Silva unquestionably has "claims to be proven" against Eagle and Taylor-Seidenbach. Addressing a similar claim of improper joinder, the Western District of Louisiana held that Honeywell, the removing defendant, had failed to meet its burden of negating the liability of in-state asbestos insulation suppliers:

> The dispute on which the Motion to Remand turns can in no way be described as involving discrete and undisputed facts. . . . Honeywell's argument is focused on the plaintiffs' alleged inability to gather the evidence they need to sustain claims against the Louisiana defendants. . . . [T]he question of improper joinder does not turn on evidence but upon legal viability of the plaintiffs' claims against the Louisiana defendants. Even assuming that Honeywell is correct that the plaintiffs' claims against the Louisiana defendants are improbable -- an issue concerning which this Court will venture no opinion whatsoever -- the argument concerning the unlikelihood of the plaintiffs' success reflects a misunderstanding of the standard Honeywell must prove in order to demonstrate that this Court has jurisdiction over this action: that there is no possibility of recovery by the plaintiffs against each and every one of the Louisiana defendants.

*LeBlanc v. Georgia-Pacific Corp.*, 2005 WL 1657131, at *2 (W.D. La. July 14, 2005).

Since Eagle and Taylor-Seidenbach were properly joined and served more than 30 days before the removal, CertainTeed's Notice of Removal was untimely. Moreover, because Eagle, Taylor-Seidenbach and Reilly-Benton Company, Inc.[2] are citizens of Louisiana, CertainTeed's assertion of diversity jurisdiction as a basis for removal was invalid. The removal statute provides that a case may not be removed on the basis of diversity if any of the parties "properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. This case should not remain in federal court.

Respectfully Submitted by:

**LeBLANC & WADDELL, LLP**
Cameron R. Waddell (LA # 24245)
Christopher C. Colley (LA # 30322)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-1181
214/874-7077; Fax: 214/874-7117

**BARON & BUDD, P.C.**
Lisa R. Shirley (LA # 26511)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-1181
214/521-3605; Fax: 214/520-1181

*Attorneys for Plaintiff*

By: _____
CHRISTOPHER C. COLLEY

---

[2] CertainTeed also asserts that Reilly-Benton Company, Inc. was improperly joined but has offered no valid basis for that claim.

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-293 -- PAGE 8**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT I have served a true and correct copy of **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 293** upon the Panel Service List (Excepted from CTO-293), attached hereto, via overnight delivery (Federal Express) on this 21st day of November, 2007.

_____
CHRISTOPHER C. COLLEY

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

**PANEL SERVICE LIST**
(Excerpted from CTO-293)

Fernando Augusto Silva v. CertainTeed Corp., et al., E.D. Louisiana, C.A. 2:07-6259

**See Attached Herein**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                   MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-293)

Fernando Agusto Silva v. CertainTeed Corp., et al., E.D. Louisiana, C.A. No. 2:07-6259

Lawrence E. Abbott
ABBOTT SIMSES
& KUCHLER
5100 Village Walk
Suite 200
Covington, LA 70433

Ryan Andrew Beason
BEASON WILLINGHAM LLP
808 Travis
Suite 1608
Houston, TX 77002

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

Christopher C. Colley
LEBLANC & WADDELL LLP
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219-1181

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Robert E. Dille
KEAN MILLER
HAWTHORNE ET AL
P. O. Box 3513
22nd Floor
Baton Rouge, LA 70821-3513

Douglas R. Elliott
DEUTSCH KERRIGAN
& STILES
755 Magazine Street
New Orleans, LA 70130

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Susan B. Kohn
SIMON PERAGINE SMITH
& REDFEARN LLP
Energy Centre, Suite 3000
1100 Poydras Street
New Orleans, LA 70163-3000

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

Deborah D. Kuchler
ABBOTT SIMSES
& KUCHLER
400 LaFayette Street
Suite 200
New Orleans, LA 70130

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher K. Lightfoot
HAILEY MCNAMARA HALL
LARMANN & PAPALE
One Galleria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

MDL No. 875 - Panel Service List (Excerpted from CTO-293)     Page 2 of 2

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Jeanette Seraile-Riggins
AULTMAN TYNER & RUFFIN LTD
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Richard P. Sulzer
SULZER & WILLIAMS LLC
201 Holiday Boulevard
Suite 335
Covington, LA 70433

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406