11/26/2007 11:10 FAX          GARDNER BOND TRABOLSI                              ☒002/004

Case MDL No. 875   Document 5262   Filed 11/28/07   Page 1 of 3
Case 2:07-cv-01656-RSM   Document 125   Filed 11/08/2007   Page 1 of 3

**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 28 2007

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES KENNETH MORGAN and KAY ELAINE MORGAN, <br><br> Plaintiffs, <br><br> v. <br><br> AGCO CORPORATION, et al., <br><br> Defendants. | CASE NO. C07-1656 RSM <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

This matter comes before the Court on plaintiffs' Motion to Remand Case to State Court. (Dkt. #9). Plaintiffs argue that this case should be remanded because all defendants did not consent to removal. Alternatively, plaintiffs argue that defendants have failed to demonstrate the existence of subject matter jurisdiction.

Defendant Viad Corporation ("Viad"), who originally filed the notice of removal to this Court, responds that it was unable to obtain consent from all defendants because it did not have actual notice that the non-consenting defendants had been served.[1] Defendant Viad also argues that the claims arise out of exposure to asbestos at a Puget Sound Naval Shipyard, thereby creating federal enclave jurisdiction. In addition, defendant Nash Engineering Company ("Nash") responds that it was incorrectly sued under the name "Gardner Denver

---

[1] Defendants Viking Pump, Inc. and Weil Pump Co. join defendant Viad's response to plaintiff's motion to remand. (Dkt. #93).

ORDER
PAGE - 1

**OFFICIAL FILE COPY**
IMAGED NOV 28 2007

MDL-875 RECOMMENDED ACTION
Vacate CTO-295-action
Approved/Date: JP 27 Nov 07

Nash, LLC f/k/a The Nash Engineering Company." Nash indicates that Gardner Denver Nash, LLC was never formerly known as the Nash Engineering Company. Therefore Nash argues that consent of Gardner Denver Nash, LLC was not required.

Having reviewed plaintiffs' motion, defendants' responses, plaintiffs' reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion to Remand Case to State Court (Dkt. #9) is GRANTED. It is well-established that removal jurisdiction is statutorily and strictly construed. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). Furthermore, in order for multiple defendants to properly remove a case to federal court under 28 U.S.C. § 1446, all defendants must consent to removal. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 393, 118 S.Ct. 2047 (1998) (Kennedy, J., concurring); *see also Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981) ("[A]ll defendants who may properly join in the removal petition must join."). This "rule of unanimity" applies regardless of whether the removing parties predicate federal subject matter jurisdiction on diversity or federal question. *Borden v. Blue Cross and Blue Shield of Western New York*, 418 F.Supp.2d 266, 270 (W.D.N.Y. 2006) (citations omitted). However, the "rule of unanimity" is excused where the non-joining defendants have not been served with service of process when the notice of removal was filed. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (noting that the rule applies "only to defendants properly joined and served in the action").

In the instant case, defendant Cla-Val Company ("Cla-Val") clearly did not consent to removal. It is undisputed that defendant Cla-Val sent a letter to plaintiffs counsel on October 11, 2007 that states, "please be advised that Cla-Val Company does not consent to the removal of the above-referenced case to federal court." (Dkt. #10, Declaration of Thomas Owens, Exhibit C). Additionally, defendant Cla-Val was properly served on September 18, 2007. Defendant Viad filed its notice of removal on October 5, 2007. Therefore the exception to the "rule of unanimity" does not apply because defendant Cla-Val was properly

ORDER
PAGE - 2

served before defendant Viad filed its notice of removal.

Nevertheless, defendant Viad asks the Court to "relax ever so slightly the rule of unanimity" because Viad did not have actual notice that defendant Cla-Val had been served until October 7, 2007, two days after it filed its notice of removal. However, given that this Court must strictly construe removal jurisdiction, the undisputed fact that defendant Cla-Val was served on September 18, 2007 provides the Court with the requisite justification to preclude removal regardless of whether defendant Viad had actual notice. In any event, defendant Cla-Val has still not consented to removal. Consequently, the Court finds that defendant Viad's notice of removal was defective. The Court finds it unnecessary to address the parties' respective arguments regarding federal enclave jurisdiction.

(2) This case is hereby REMANDED to King County Superior Court.

(3) The Clerk SHALL close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court. The Clerk shall also send uncertified copies of this Order to all counsel of record.

DATED this 8th day of November, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3