MDL 875

NOV 29 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | MDL DOCKET NO. 875 CTO-291 |
| This Document Relates to: | |
| HENRY BARABIN and GERALDINE BARABIN v. ALBANY INTERNATIONAL CORP., et al., | |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| HENRY BARABIN and GERALDINE BARABIN, | No. C07-1454 RSL |
| Plaintiffs, | PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER |
| v. | |
| ALBANY INTERNATIONAL CORP., et al., | |
| Defendants. | |

Plaintiffs Henry Barabin and Geraldine Barabin renew their request to this panel to vacate the conditional transfer of this action to the MDL and to remand it to the District Court for the Western District of Washington for immediate trial. The opposition provided by the

1 - PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
J:\WA\106995\USDC\PLD\Reply - MTV-CNDTNLTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

OFFICIAL FILE COPY
ORIGINAL
IMAGED NOV 29 2007

removing defendants only emphasizes the fact that this case is already in a substantially advanced stage and that all of the steps required to bring it to completion can be accomplished more quickly and efficiently in the Washington court than in the MDL court. The interests of judicial economy, the convenience of the parties and witnesses, and efficient conduct of the litigation would all benefit by prompt trial in the state of Washington.

## ARGUMENT

### JURISDICTION MUST REMAIN IN THE DISTRICT COURT FOR THE JUST RESOLUTION OF THIS ACTION

Transfer of this proceeding shall be made by the judicial panel on multidistrict litigation "upon its determination that (the transfer) will be for the convenience of parties and witnesses and will promote the just and efficient conduct of (the action)". 28 U.S.C. 1407(a).

The judicial panel, in support of its order on July 29, 1991, cited the observation and conclusion of Judge Jack B. Weinstein (E.D.N.Y.): "The large number of asbestos lawsuits...threatens to ...deprive all litigants...of meaningful resolution of their claims..." (*In re Asbestos Products Liability Litigation* (No. VI), 1991, 771 F. Supp. 415419)

The panel itself stated that the number of asbestos cases threatened "to deny justice and compensation to many deserving claimants" (*Id*. at 419) and that its Order offered a "great opportunity to all participants who sincerely wish to resolve these asbestos matters fairly and with as little unnecessary expense as possible." (*Id*. at 424).

In the instant matter, which began with twenty-two named defendants, there are only three remaining defendants and the trial was set and ready to be commenced on September 24, 2007. Defendants notice of removal was filed just six days prior to trial. Discovery was nearly complete excepting for two "discretionary" and "corroborative" depositions to be taken by plaintiffs, should they so wish. The case is no longer complex and there are no longer common issues of fact to be decided. Settlement negotiations were concluded without success with plaintiffs and all three removing defendants participating in mediation conferences. Not only did

2 -  PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
J:\WA\106995\USDC\PLD\Reply - MTV-CNDTNLTransORD.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

Defendant Scapa communicate to the mediator that it was not willing to offer any monies whatsoever to settle this case, it is noteworthy that in defendants' responses to plaintiffs motion to vacate the Conditional Transfer Order, only defendant Asten stated that it was "amenable to engaging in settlement negotiations". Both Scapa and Crane are conspicuously silent on this issue - but at least consistent with their previous actions and communications. It is extremely disingenuous, therefore, for defendants to suggest, as they do in their response, that settlement negotiations with an MDL judge might resolve this matter.

The question thus arises: What exactly are defendants trying to achieve here? The just and efficient conduct of this litigation? A prompt and meaningful resolution of plaintiffs' claims? Possible settlements? Hardly. To be perfectly blunt and unambiguous, plaintiffs posit that the only reason for defendants attempt to transfer this matter to MDL is delay. Plaintiffs submit that the true motives of these defendants are completely antithetical to the valid, reasonable, and indeed admirable, purpose of the MDL mission.

Defendants are engaging in "gamesmanship" at the expense of justice. Without meaning to be overly dramatic, it is a fact that each and every day that prolongs the path to trial and a verdict, brings Henry Barabin closer to his deathbed, denying him the opportunity to speak to a jury, to assist in the trial of his case and to see justice for him and his family in his lifetime. But this extreme and irrevocable prejudice to Mr. Barabin is a benefit to defendants. Once Mr. Barabin dies, damages are lessened and the jury will never have to see a frail and dying person on the stand. Perhaps this is too harsh a condemnation of defendants motives - but this is too important an issue to dance around.

This panel should not countenance this type of procedural gamesmanship for this is not a game. Mr. Barabin is a real person who is dying. He deserves the "just and efficient" conclusion of this matter during his lifetime. The universally recognized maxim that "Justice delayed is justice denied" is more than just hollow verbiage in this case.

The case of In re Patenaude (3d Cir., 2000, 210 F.3d 135), although speaking to the propriety of remand, is instructive concerning when it is appropriate to allow jurisdiction to

3 - PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
J:\WA\106995\USDC\PLD\Reply - MTV-CNDTNLTransORD.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

remain in the transferor district court: If the claimant is seriously ill or dying and all avenues of settlement were exhausted (at 140); When pretrial proceedings have run their course (at 142) and; When everything that remains to be done is case specific (at 145). In this case, all of the above factors are present. Jurisdiction should remain with the District Court for the Western District of Washington and this matter should proceed promptly to trial.

## DEFENDANTS ERR IN CITING JPML RULE 7.6. A SUGGESTION OF REMAND IS PREMATURE AND NOT POSSIBLE AT THIS TIME.

Defendants misread and misapply JPML rule 7.6. Plaintiffs' motion is one to vacate the conditional transfer order pursuant to JPML 7.4, not one to remand pursuant to 7.6. While it is true that if a party brings a motion for remand under 7.6, the panel is "reluctant" to order remand "absent a suggestion of remand from the transferee district court," that rule is inapplicable to the present proceedings. At this point in time, there is no "transferee court" since Rule 7.4(e) specifically states "conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court." The conditional transfer order (CTO-291) itself expressly mandates that once a notice of opposition is properly filed, the transmittal of the order to the district court shall be stayed until further order of the Panel. Thus, there currently is no transferee court from which to seek a remand and no transferee court to issue a "suggestion of remand." Plaintiffs' motion is rather to vacate the CTO which, of course, would automatically continue jurisdiction in the district court. Rule 7.6 and its proviso regarding a "suggestion of remand" simply does not apply.

## THIS MATTER IS NOT PROPERLY BEFORE THE PANEL AT THIS TIME

Defendants' Notice of Removal was admittedly procedurally deficient in that it failed to set forth the principal place of business of defendant Crane Co., and failed to satisfy diversity requirements both at the time of filing of the complaint and at the time of removal. Defendants have filed a motion to amend said notice in the Washington District Court. However, there has

4 -   PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
J:\WA\106995\USDC\PLD\Reply - MTV-CNDTNLTransORD.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

been no ruling on their motion and no amendment has been filed as of this date. Accordingly the CTO should be vacated at this time, in any event, as diversity jurisdiction has not yet been properly alleged which would vest the federal courts with jurisdiction herein.

## CONCLUSION

The case is prepared for trial, indeed was on the eve being tried, when it was removed from the state court to the federal court. It needs no more pretrial proceedings. There are no common issues to be determined in the MDL. The plaintiff's health is rapidly deteriorating and the interests of justice cry out for a speedy trial. There are only three defendants, there are only individual questions of exposure and disease to be determined, and there are no common questions shared with other MDL cases to be considered. It is time for an end to defendants' cynical attempts to continue delaying the Barabins' day in court.

Plaintiffs Henry Barabin and Geraldine Barabin respectfully request that this panel vacate the conditional transfer order and leave the case with the district court for the Western District of Washington where all parties have the best opportunity to have this matter efficiently conducted in the interests of a fair, just and prompt resolution of the matter.

DATED this 28th day of November, 2007.

Respectfully Submitted,

BRAYTON ❖ PURCELL, LLP

_____
Zachary B. Herschensohn, WSBA #33568
Brayton Purcell, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
(503) 295-4931 - telephone
(503) 241-2573 - facsimile
Attorneys for Movants, Plaintiffs Henry Barabin
and Geraldine Barabin

5 - PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)
J:\WA\106995\USDC\PLD\Reply - MTV-CNDTNLTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 29 2007

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| HENRY BARABIN and GERALDINE BARABIN,<br><br>        Plaintiffs,<br><br>   v.<br><br>ALBANY INTERNATIONAL CORP., et al.,<br><br>        Defendants. | No. C07-1454 RSL<br><br>DECLARATION OF ZACHARY HERSCHENSOHN |

I, Zachary Herschensohn, declare as follows:

1. I am an attorney at Brayton Purcell and I am one of the attorneys who represents the Barabins. I have personal knowledge of the facts set forth in this declaration, and I am competent to testify.

2. Mr. Barabin suffers and is dying from malignant mesothelioma, a uniformly fatal disease caused by exposure to airborne asbestos.

3. Plaintiff proceeds under several theories of recovery against the manufacturers of asbestos products to which Mr. Barabin was exposed during his working life. Included within Mr. Barabin's work history are exposures to asbestos containing dryer felts manufactured by AstenJohnson, Inc.("Asten") and Scapa Dryer Fabrics, Inc. ("Scapa"). His exposure history also includes exposure to asbestos containing valves and attendant asbestos containing products for which Crane Co. ("Crane") is charged with liability.

1 - DECLARATION OF ZACHARY HERSCHENSOHN
J:\WA\106995\USDC\PLD\DecZBH-Reply - MTV-CNDTNLTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

4. Defendants Scapa and Crane, both brought motions for summary judgment on issues of product identification. Both were unsuccessful. The orders denying summary judgment are attached as Exhibits 1 and 2 to this declaration.

5. Pursuant to the agreement of the parties, the depositions of Charles Blake and Sam Hammar, if necessary, were to take place past discovery cut-off, but before they would testify at trial. However, these depositions would not have continued the trial date. All parties are ready to proceed to trial.

6. Plaintiffs have no desire to depose Dr. Smith and doubt that he will be called by the defendants in this case.

7. On August 24, 2007, Scapa and Plaintiffs participated in a mediation at the Washington Arbitration and Mediation Service. The mediator was Kathleen Wareham; it was communicated in no uncertain terms at the mediation that defendant Scapa was not willing to offer any money to settle the case with Mr. Barabin.

8. It is known to this attorney that Scapa has a "no pay" policy nationally. This litigation strategy can be confirmed by the fact that Scapa has never settled with any asbestos injury plaintiff, regardless of the facts of the case, in any jurisdiction in North America.

9. On September 14, 2007, Asten and Plaintiffs participated in alternative dispute resolution. This consisted of a mediation with the Honorable Larry Jordan; no progress was made resolving the case with Asten.

10. On August 30, 2007, Crane Co. participated in alternative dispute resolution. This consisted of a mediation with the Honorable Larry Jordan; no progress was made resolving the case with Crane.

11. The King County Superior Court signed an order to obtain commissions for out of state subpoenas to conduct discovery on the Texas Port Arthur Works on May 24, 2007. A subsequent order was filed by the King County Superior Court on August 29, 2007 to conduct discovery on Chevron. The most recent subpoenas were not served until November 19, 2007. At the pre-trial conference held in front of Judge Lau on September 13, 2007, no reference was made to the need for this discovery. All of the parties were prepared for trial, no motions were pending before

2 - DECLARATION OF ZACHARY HERSCHENSOHN
J:\WA\106995\USDC\PLD\DecZBH-Reply - MTV-CNDTNLTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

the court to move the trial date. No mention of outstanding pre-trial discovery was made at the pre-trial hearing and furthermore, as a practical matter, plaintiffs' settlement with Texaco for $76,5000, that was disclosed to the defendants as is required by pre-trial discovery orders, would have forced the plaintiff to concede his exposure at that work site at trial.

12. Leroy Barabin is not listed on plaintiffs' witness list and the lack of a deposition or pre-trial discovery on this one potential defense witness is far from sufficient justification to have the case remain in the MDL. More to the point, this was third-party discovery that the defense could have completed long before its recent attempts. Discovery is over; no efforts to obtain an extension pre-trial were made; Leroy Barabin was never referenced at any pre-trial conferences.

13. The various motions cited by Rosenfield in his paragraph 11 were all made in anticipation of trial commencing on September 24, 2007, and were ready to be addressed by the court. Plaintiffs' would have complied with the court ordered page-line designation as referenced in Rosenfield's declaration, but were unable to do so because of defendants' removal on September 18, 2007 which divested the state court of jurisdiction.

14. The Federal Western District of Washington is fully capable of handling an asbestos case and the case is ready to be tried in federal court.

15. The client has been contacted regarding medical stipulations; all of the medical records necessary for a fair trial will be provided to the defendants in this case.

16. At the commencement of this action there were 22 original defendants and two plaintiffs; only three defendants remain in the case as the others have resolved. The substantive issues that remain for trial are product identification specific to the Camas Mill, causation specific to the plaintiff and damages-- again specific to the plaintiff. All of these issues are specific to these plaintiffs and are not common to the others in the MDL.

17. Defense counsel for Scapa, Asten and Crane are all represented by attorneys from Seattle, Washington.

18. The value of a mesothelioma asbestos case is severely diminished if the plaintiff dies before the start of the trial. This is true for several reasons, most importantly because the plaintiff is unavailable to testify at the trial if he dies prior to the trial. It is also the case because the economic

3 - DECLARATION OF ZACHARY HERSCHENSOHN
J:\WA\106995\USDC\PLD\DecZBH-Reply - MTV-CNDTNLTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

3 - DECLARATION OF ZACHARY HERSCHENSOHN
J:\WA\106995\USDC\PLD\DecZBH-Reply - MTV-CNDTNLTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

damages are diminished since the calculation for wrongful death is significantly less than the calculation for a personal injury law suit. I believe that the defendants are aware of the relative value of the case and the extent to which the value is diminished by the plaintiff's death.

I declare under penalty of perjury under the laws of the States of Oregon and Washington that the foregoing is true and correct.

DATED this 27th day of November, 2007 at Portland, City, Oregon, State

Zachary B. Herschensohn, WSBA # 33568
Attorney for Movants, Plaintiffs Henry Barabin and Geraldine Barabin

4 -   DECLARATION OF ZACHARY HERSCHENSOHN
J:\WA\106995\USDC\PLD\DecZBH-Reply - MTV-CNDTNLTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

The Honorable Linda Lau<br>
Hearing Date: July 27, 2007<br>
Hearing Time: 9:00 a.m.<br>
With Oral Argument

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| HENRY BARABIN and GERALDINE BARABIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ALBANY INTERNATIONAL CORP., et al,,<br><br>    Defendant. | NO. 06-2-39452-6 SEA<br><br>ORDER GRANTING IN PART AND DENYING IN PART SCAPA'S MOTION FOR SUMMARY JUDGMENT [~~PROPOSED~~] |

THIS MATTER having come before the Court by way of motion from Defendant Scapa Dryer Fabrics, Inc., and the Court having considered the following:

1. The Motion for Summary Judgment of Defendant Scapa Dryer Fabrics, Inc.;
2. The Declaration of Christopher S. Marks and the exhibits attached thereto;
3. Plaintiffs' Response in Opposition to Defendant Scapa Dryer Fabrics, Inc.'s Motion for Summary Judgment;
4. The Declaration of Zachary Herschensohn and the exhibits attached thereto;
5. The Declaration of Kenneth Cohen, C.I.H.;
6. Scapa Dryer Fabrics, Inc.'s Reply in Support of Summary Judgment;

And the Court being fully advised in the premises, now, therefore, it is hereby ordered as follows:

---

ORDER GRANTING IN PART AND DENYING IN PART SCAPA'S MOTION FOR SUMMARY JUDGMENT [PROPOSED] - 1

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

2076705.1

ORIGINAL   Exhibit  1   Page  1

1.      The Motion for Summary Judgment of Defendant Scapa Dryer Fabrics, Inc. be and hereby is GRANTED IN PART AND DENIED IN PART;

2.      Plaintiff's claims for civil conspiracy, fraud and deceit, negligent misrepresentation and _____ claims against defendant Scapa Dryer Fabrics, Inc. are dismissed with prejudice;

3.      The Motion for Summary Judgment of Defendant Scapa Dryer Fabrics, Inc. on plaintiff's strict liability claim be and hereby is DENIED; *with leave on defendant to file a separate focused motion for summary judgment*

4.      The Motion for Summary Judgment of Defendant Scapa Dryer Fabrics, Inc. on plaintiff's negligence claim be and hereby is *denied* *or dismissal on the specific theory of liability.*

~~DONE IN OPEN COURT~~ July 27, 2007

_____
The Honorable Linda Lau

PRESENTED BY:

WILLIAMS, KASTNER & GIBBS PLLC

By _____
Christopher S. Marks, WSBA #28634

Attorneys for Defendant Scapa Dryer Fabrics, Inc.

COPY RECEIVED; APPROVED AS TO FORM; NOTICE OF PRESENTATION WAIVED:

BRAYTON ❖ PURCELL

By _____
Zachary B. Herschensohn, WSBA #33568

Attorneys for Plaintiffs

ORDER GRANTING IN PART AND DENYING IN PART SCAPA'S MOTION FOR SUMMARY JUDGMENT [PROPOSED] - 2

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967 · Fax (503) 222-7261

2076705.1

Exhibit ___1___ Page ___2___

THE HONORABLE LINDA LAU
Hearing Date: August 31, 2007
Hearing Time: 1:30 p.m.

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

HENRY BARABIN and GERALDINE BARABIN,

              Plaintiffs,

v.

ALBANY INTERNATIONAL CORP.; et al.,

NO. 06-2-39452-6 SEA  *IN PART*
[PROPOSED]
ORDER GRANTING DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER having come on regularly before this Court for hearing upon Defendant Crane Co.'s Motion for Summary Judgment, and the Court having heard the argument of counsel, reviewed the motion papers and the records and files herein, including:

1. Defendant Crane Co.'s Motion for Summary Judgment;

2. Declaration of Robert H. Fulton, II in Support of Crane Co.'s Motion for Summary Judgment, and exhibits 1-3 attached thereto;

3. Plaintiffs' Response to Crane Co.'s Summary Judgment;

4. Declaration of Zachary B. Herschensohn in Support of Plaintiffs' Response to Crane Co.'s Summary Judgment, and exhibits attached thereto;

5. Defendant Crane Co.'s Reply to Plaintiffs' Response; and

6. Declaration of Robert H. Fulton, II in Support of Crane Co.'s Reply to Plaintiffs' Response, and exhibits 1-4 attached thereto.

////

ORDER GRANTING DEFENDANT CRANE CO.'S
MOTION FOR SUMMARY JUDGMENT - 1

119993.0063/1409427.1

**ORIGINAL**

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Exhibit 2  Page 1

1   IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

2   Defendant Crane Co.'s Motion for Summary Judgment is GRANTED ~~in~~ *in part*. ~~The Court~~

3   concludes that there is no evidence by which a jury may ~~reasonably~~ conclude that Henry

4   Barabin was exposed to respirable ~~asbestos fibers~~ from an asbestos-containing product that

5   was manufactured, ~~sold, or~~ delivered by Crane Co., or another manufacturer's asbestos-

6   ~~containing product used in conjunction~~ with a Crane Co. product.

7   The Court further concludes that ~~all of~~ *the following* plaintiffs' claims against Crane Co. are

8   dismissed with prejudice: ~~in their entirety, including without limitation, plaintiffs' claims~~

9   ~~based on negligence, product liability,~~ civil conspiracy, fraud and deceit, *and* negligent ~~and~~

10  representation, ~~and loss consortium~~. *And the Court denies Crane Co motion with respect to negligence, product liability and consortium.*

11  ~~Therefore, based on the Court's express determination that there is no evidence~~ by

12  ~~which a jury may reasonably conclude that Henry Barabin was exposed to respirable asbestos~~

13  ~~fibers from an asbestos-containing product that was manufactured, sold, or delivered by Crane~~

14  ~~Co., or another manufacturer's asbestos-containing product used in conjunction with a Crane~~

15  ~~Co. product and there is no just reason for delay for entry of judgment; the Court therefore~~

16  ~~directs entry of final judgment as to all claims against Crane Co. CR 54(b).~~

17  DONE IN OPEN COURT this **31st** day of August, 2007.

18

19  _____
    HONORABLE LINDA LAU

20  Presented by:                              Copy Received, Approved as to Form:

21  LANE POWELL PC                             BRAYTON PURCELL

22
    By_____           By_____
23      Barry N. Mesher, WSBA No. 07845         Zachary Herschensohn
        Robert H. Fulton, II, WSBA No. 29277    James Shadduck
24      Attorneys for Defendant Crane Co.       Attorneys for Plaintiffs

25

26

ORDER GRANTING DEFENDANT CRANE CO.'S
MOTION FOR SUMMARY JUDGMENT - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

119993.0063/1409427.1

Exhibit __2__ Page __2__

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 29 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), ) ) ) This Document Relates to: ) ) HENRY BARABIN and GERALDINE ) BARABIN v. ALBANY ) INTERNATIONAL CORP., et al., ) ) | MDL DOCKET NO. 875 CTO -291 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY BARABIN and GERALDINE BARABIN, ) ) )  Plaintiffs, ) ) ) v. ) ) ALBANY INTERNATIONAL CORP., et al., ) ) )  Defendants. ) | No. C07-1454 RSL King County Superior Court Cause No. 06-2-39452-6SEA AFFIDAVIT OF DELIVERY AND/OR MAILING |

    I am employed by the law firm of Brayton ❖ Purcell, LLP in Portland, Oregon. I am over the age of eighteen years and not a party to the within cause. My business address is 621 SW Morrison Street, Suite 950, Portland, Oregon 97205.

    On the date below, I caused to be served the within **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER** to the parties listed below by transmitting a true copy thereof in the following manner unless otherwise indicated.

1 - AFFIDAVIT OF DELIVERY AND/OR MAILING
    MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)

J:\WA\106995\Service\MDL Decmail.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1
2
3
4

_XX_ I caused each of the above document(s) to be placed in a sealed envelope, postage thereon prepaid, addressed and served as follows:

____ The above document was transmitted by facsimile transmission to the following:

____ I delivered by hand this date the above listed document(s), in an envelope to the offices of the following:

5
6

I declare under penalty of perjury and under the laws of the State of Washington (RCW 9A.72.085) that the foregoing is true and correct.

Executed at Portland, Oregon, this 28th day of November, 2007.

Lisa C.D. Minner, Legal Secretary

SUBSCRIBED AND SWORN TO before me this 28th day of November, 2007.

OFFICIAL SEAL
ABIGAIL J E ADAMS
NOTARY PUBLIC-OREGON
COMMISSION NO. A422783
MY COMMISSION EXPIRES DECEMBER 8, 2011

Notary Public in and for the State of Oregon
My commission expires on 12/8/11

2 - AFFIDAVIT OF DELIVERY AND/OR MAILING
MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)

J:\WA\106995\Service\MDL Decmail.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

| | |
|---|---|
| RICHARD C. BINZLEY<br>Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | GENE LOCKS<br>Locks Law Firm, LLC<br>1500 Walnut Street<br>Philadelphia, PA 19102 |
| EDWARD J. CASS<br>Gallagher, Sharp, Fulton & Norman<br>Bulkley Building, 7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH 44115 | RONALD L. MOTLEY<br>Motley Rice, LLL<br>PO Box 1792<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>**Plaintiffs' Co-Counsel** |
| ADAM M. CHUD<br>Goodwin Procter, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001 | JOHN J. REPCHECK<br>Marks, O'Neill, O'Brien & Courtney, PC<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 |
| DAVID A. DAMICO<br>Burns, White & Hickton, LLC<br>Four Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA 15212 | JOHN D. ROVEN<br>Roven-Kaplan, LLP<br>2190 North Loop West, Suite 410<br>Houston, TX 77018 |
| RAYMOND P. FORCENO<br>Forenco & Hannon<br>111 S. Independence Mall East<br>The Bourse, Suite 1000<br>Philadelphia, PA 19106-2574 | RICHARD D. SCHUSTER<br>Vorys, Sater, Seymuor & Pease, LLP<br>52 East Gray Street<br>PO Box 1008<br>Columbus, OH 43216-1008 |
| ELLEN B. FURMAN<br>Goldfein & Hosmer<br>1600 Market Street<br>33rd Floor<br>Philadelphia, PA 19103 | NEIL SELMAN<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, CA 90025 |
| SUSAN M. HANSEN<br>Brownson & Ballou<br>225 South Sixth Street, Suite 4800<br>Minneapolis, MN 55402 | ROBERT N. SPINELLI<br>Kelley, Jasons, McGuire & Spinelli, LLP<br>Centre Square West<br>15th Floor<br>Philadelphia, PA 19102 |
| REGINALD S. KRAMER<br>Oldham & Dowling<br>195 South Main Street, Suite 300<br>Akron, OH 44308-1314 | ROBERT E. SWICKLE<br>Jaques Admiralty Law Firm, PC<br>1370 Penobscot Building<br>645 Griwsold Street<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226-4192 |
| DAVID C. LANDIN<br>Hunton & Williams, LLP<br>Riverfront Plaza, East Tower<br>951 East Dyrd Street<br>Richmond, VA 23219 | ANDREW J. TREVELISE<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |

3 -   AFFIDAVIT OF DELIVERY AND/OR MAILING
      MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)

J:\WA\106995\Service\MDL Decmail.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

| | |
|---|---|
| JAMES K. WESTON, II<br>Tom Riley Law Firm<br>4040 First Avenue, NE<br>PO Box 998<br>Cedar Rapids, IA 52406<br><br>G. WILLIAM SHAW<br>KEVIN ROSENFIELD<br>Kirkpatrick & Lockhart Preston Gates & Ellis, LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>**Attorneys for AstenJohnson, Inc.** | BARRY N. MESHER<br>BRIAN D. ZERINGER<br>Lane Powell, PC<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101-2338<br>**Attorneys for Crane Co.**<br><br>JAN KIRKWOOD<br>GEORGE S. PITCHER<br>Williams, Kastner & Gibbs, PLLC<br>Two Union Square, Suite 4100<br>P.O. Box 21926<br>Seattle, WA 98111-3926<br>**Attorneys for Scapa Dryer Fabrics, Inc.** |

Revised: 10/24/07

4 -   AFFIDAVIT OF DELIVERY AND/OR MAILING
      MDL DOCKET NO. 875, CTO-291 (Western District of Washington Case No. C07-1454 RSL)

J:\WA\106995\Service\MDL Decmail.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573