MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 3 2007

FILED
CLERK'S OFFICE

PLEADING NO. 5 2 7 1

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |

**************************

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM J. HILBERT, Jr. and | § | CIVIL ACTION NO. |
| PAMELA R. HILBERT, | § | 1:07-cv-11900 |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AEROQUIP, INC., et al., | § | |
|     Defendants. | § | |

**PLAINTIFFS' MOTION FOR ORDER VACATING
CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT
TO RULE ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**

Come now plaintiffs and file this Motion for Order Vacating Conditional Transfer Order to

Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court, and would

respectfully show as follows:

1.  This case was filed in state court but removed to federal court. On October 26, 2007 the

**OFFICIAL FILE COPY**

- 1 -

IMAGED DEC 4 2007

Panel entered an order conditionally transferring this case to MDL-875 in the Eastern District of Pennsylvania. Currently, Plaintiffs' motion for remand to state court has been fully briefed and argued, and is awaiting ruling by the District Court.

2.  Plaintiffs respectfully request that the panel vacate the conditional transfer order so that the transferor court may have time to rule on plaintiffs' motion for remand to state court. Such relief is warranted because Mr. Hilbert is dying of mesothelioma and will be gravely prejudiced if he dies before trial. The Panel has the power to vacate the conditional transfer order and has done so in the past so that transferor courts may rule on threshold motions for remand.

3.  The Panel is respectfully referred to plaintiffs' brief in support of this motion, filed herewith, for a full discussion of these issues.

## CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the District of Massachusetts on Plaintiffs' Motion to Remand.

DATED: November 27, 2007

Respectfully submitted,

By: _____

Michael C. Shepard, MA Bar No. 567842
The Shepard Law Firm, P.C.
10 High Street
Boston, MA 02110
(617) 451-9191

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the court and served on all counsel of record via regular mail.

_____
Michael C. Shepard

Defendant Northrop Grumman Corporation represented by Shepard M. Remis
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Email:  sremis@goodwinprocter.com

Defendants McDonnell Douglas Corporation, The Boeing Company and Boeing North American represented by Robert J. Muldoon, Jr.
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
Phone:  (617) 646-2000
Email:  rjmuldoon@sherin.com

Defendant Raytheon Corporation represented by Brian D. Gross
Cooley Manion Jones LLP
21 Custom House St
Boston, MA 02110
Phone: (617) 737-3100
Fax:    (617) 737-3113
Email: bgross@cmj-law.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 3 2007

**PROOF OF SERVICE**

FILED
CLERK'S OFFICE

COMMONWEALTH OF MASSACHUSETTS                    §

COUNTY OF SUFFOLK                                §
                                                 §

     I certify that I am over the age of 18 years and not a party to the within action; that my business address is 10 High Street, Boston, MA 02110; and that on this date I served a true copy of the document entitled:

**PLAINTIFFS' MOTION FOR ORDER VACATING
CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT
TO RULE ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**

Service was effectuated by forwarding the above-noted document in the following manner:

X    **By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of The Shepard Law Firm, P.C. to all counsel named on the Service Panel List provided herewith.

    **By Hand Delivery** in a sealed envelope, addressed as noted above, through services provided by the office of The Shepard Law Firm, P.C.

    **By Facsimile** to the numbers as noted on the attached counsel list by placing it for facsimile transmittal following the ordinary business practices of The Shepard Law Firm, P.C.

    **By Overnight Courier** in a sealed envelope, addressed as noted above, through services provided by (Federal Express, UPS,) and billed to The Shepard Law Firm, P.C.

    On the date executed below, I electronically served the document(s) via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Boston, Massachusetts in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on December 3, 2007 at Boston, Massachusetts.

Michael C. Shepard

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2007 DEC -3  A 10: 51

RECEIVED
CLERK'S OFFICE

Page 1 of 2

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-293)

William J. Hilbert, Jr., et al. v. McDonnell Douglas Corp., et al., D. Massachusetts,
C.A. No. 1:07-11900  (Judge Nancy Gertner)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE
& HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Fl.
Philadelphia, PA 19103

Brian D. Gross
COOLEY MANION
& JONES LLP
21 Custom House Street
6th Floor
Boston, MA 02110

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Robert J. Muldoon, Jr.
SHERIN & LODGEN LLP
101 Federal Street
Boston, MA 02110

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Michael C. Shepard
SHEPARD LAW FIRM
10 High Street, 11th Fl.
Boston, MA 02110

MDL No. 875 - Panel Service List (Excerpted from CTO-293)          Page 2 of 2

Marcy D. Smirnoff
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston. MA 02109-2881

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia. PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids. IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 3 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |

**************************

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM J. HILBERT, Jr. and | § | CIVIL ACTION NO. |
| PAMELA R. HILBERT, | § | 1:07-cv-11900 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AEROQUIP, INC., et al., | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER VACATING
CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT TO RULE
ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**

Come now plaintiffs and file this brief in support of their Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court, and would respectfully show as follows:

**<u>INTRODUCTION</u>**

1. Plaintiffs, William J. Hilbert, Jr. and Pamela R. Hilbert, filed this asbestos personal-injury case in Middlesex Superior Court Department of the Massachusetts Trial Court on December 21, 2006. This case was filed against several defendants alleging that the plaintiff, William J. Hilbert, was exposed to asbestos through everyday contact with asbestos-containing products. This exposure to asbestos was a proximate cause of his mesothelioma, a terminal, painful cancer that Mr. Hilbert was diagnosed with in August of 2005.

2. Due to the fact that Mr. Hilbert is suffering from mesothelioma, he is not likely to survive long enough to see his case adjudicated in the normal course. Plaintiffs requested that the Superior Court set an expedited trial date due to Mr. Hilbert's status as an "exigent" plaintiff. That request was granted, and the case is presently set for trial in State Court on May 7, 2008.

## **PROCEDURAL HISTORY**

3. Defendant Northrop Grumman Corporation (hereinafter "Northrop Grumman") was a party defendant and served with summons and the Complaint on January 5, 2007.

4. In the Massachusetts State Court Complaint, plaintiffs alleged state-law negligence and breach of warranties claims against the defendants, based on their failure to warn of the health hazards associated with asbestos exposure. No claim arising under federal law was alleged in the Complaint. No federal question was raised and no federal issue needs to be decided to establish defendants' liability under the causes of action in the Plaintiff's Complaint.

5. On February 2, 2007, Defendant Northrop Grumman removed the above-captioned case to federal court based on federal officer removal.

6. On March 2, 2007, a hearing was held in front of Magistrate Judge Dein. At said hearing, Defendant Northrop Grumman presented its argument against remand and also was given an opportunity to respond with a sur-reply after the hearing.

7. Based on the hearing and the various papers filed, Magistrate Judge Dein recommended that the case be remanded to state court. On April 13, 2007, Judge Gertner ordered the case remanded to state court. The case was closed by the District Court on April 16, 2007.

8. The plaintiff's deposition was held on September 10, 11 and 12, 2007.

9. On October 5, 2007, Mr. Hilbert's case was again removed to Federal Court, this time by five different defendants: Northrop Grumman Corporation (second removal of this case), McDonnell Douglas Corporation, The Boeing Company, Boeing North American, Inc. and Raytheon Corporation. The five defendants removed the case based on federal

officer removal, the same basis as alleged in the first removal.

10. Plaintiffs promptly filed their Motion for Remand on October 15, 2007.

11. A hearing was held before Judge Gertner on November 1, 2007.  Judge Gertner has taken the Motion under advisement.

## **ARGUMENT**

### **Mr. Hilbert is Dying of Mesothelioma.**

12. Mr. Hilbert has terminal mesothelioma, an "invariably fatal cancer… for which asbestos exposure is the only known cause…."  In re Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. Denied, 531 U.S. 1011 (2000).  The affidavit of S. George Saman, M.D., one of Mr. Hilbert's treating physicians, is attached as exhibit A.  Dr. Saman confirms that there is only "%20 - %25 that Mr. Hilbert will survive beyond two (2) years of the date of his diagnosis" and that as his condition worsens, "his ability to actively participate in future legal proceedings" could be "impaired."  Dr. Saman further urges that "all steps be taken to expedite [Mr. Hilbert's] case for trial."

### **Mr. Hilbert will be Substantially Prejudiced if the Motion to Vacate the Conditional Transfer Order is not Granted.**

13. Mr. Hilbert's state law case was scheduled for trial in state court on May 7, 2008.  If the conditional transfer order is vacated and Judge Gertner, who has already heard oral arguments on the remand action, is allowed to make a decision regarding remand of the action, there is a chance that Mr. Hilbert will be able to have his case heard against all of the defendants in state court on May 7, 2008.  If Judge Gertner is not given the opportunity to make a decision on remand before the case is transferred to the MDL there is very little chance that Mr. Hilbert will ever get to participate in his case against Northrop Grumman Corporation, McDonnell Douglas Corporation, The Boeing Company, Boeing North

American, Inc. and Raytheon Corporation.

14. Nowhere are the famous words of Gladstone that "justice delayed is justice denied" more fitting than when used in connection with a lawsuit brought by a terminally ill individual seeking justice regarding their disease.  It is undisputed that MDL 875 will not provide a speedy, or even timely, forum for the Plaintiffs' claims to be heard.

### The Panel May Vacate Conditional Transfer Orders for this Purpose.

15. The Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court.  In <u>Vasura v. ACandS, Inc.</u>, 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." <u>Id.</u> at 533.

16. Plaintiffs seek only a timely ruling on their motion for remand, so that Mr. Hilbert can have his day in court before he dies.

### It Would be a Waste of Judicial Resources to Transfer the Case to the MDL Without First Determining Whether Federal Jurisdiction is Appropriate.

17. The Conditional Transfer Order should be Vacated to allow the District Court Judge to rule on the Motion for Remand.  Judge Gertner has taken the time to hold a hearing on the Motion, is well-versed in the issues presented in the Motion, and is in the best position to rule on whether the case properly belongs in Federal Court.  It would make the most sense, from a judicial resource standpoint, to allow Judge Gertner to the additional time needed to make a decision as to remand of the case.

18. In fact, Judge Gertner has already taken action on Plaintiffs' Motion to Remand.  Judge Gertner ordered the removing defendants be severed from the non-removing defendants

and remanded the non-removing defendants to state court. (Exhibit B, Order of Judge Gertner.) Judge Gertner has taken the matter of whether the removing defendants should be remanded to state court under advisement. Clearly, as Judge Gertner has already heard oral arguments, had the issue fully briefed and has ruled partially on the remand motion, she should be given the opportunity to make her ruling in regards to whether or not there is a valid basis for removal before the case is transferred.

19. The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. If there is no valid basis for federal jurisdiction, the case does not belong in MDL 875. It makes abundant sense, from a judicial resource standpoint, to allow the remand motion process, which is substantially completed, to fully run its course before burdening the MDL with another asbestos case.

20. Vacating the Conditional Transfer Order (CTO) in this case until the United States District Court for the District of Massachusetts rules upon the Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy – the entire point of the MDL process. If jurisdiction is rejected, the case leaves federal court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

21. In contrast, finalizing the CTO prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875, further increasing the burden on Judge Giles and his staff despite the fact that federal jurisdiction has already been found lacking once. Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL-875 procedures despite the

lack of confirmation of jurisdiction.  Upon completion of those procedures, the case will

be sent back to the transferor court – incurring yet more administrative costs and burdens

– only to return to the same question pending today – whether the federal courts have

jurisdiction over this matter.

### CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel VACATE the conditional transfer

order, pending decision by the United States District Court for the District of Massachusetts on

Plaintiffs' Motion to Remand.

DATED: November 27, 2007                    Respectfully submitted,

                                        By: _____
                                            Michael C. Shepard, MA Bar No. 567842
                                            The Shepard Law Firm, P.C.
                                            10 High Street
                                            Boston, MA  02110
                                            (617) 451-9191

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the court and served on all counsel of record via regular mail.

Michael C. Shepard

Defendant Northrop Grumman Corporation represented by Shepard M. Remis
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Email:  sremis@goodwinprocter.com

Defendants McDonnell Douglas Corporation, The Boeing Company and Boeing North American represented by Robert J. Muldoon, Jr.
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
Phone:  (617) 646-2000
Email:   rjmuldoon@sherin.com

Defendant Raytheon Corporation represented by Brian D. Gross
Cooley Manion Jones LLP
21 Custom House St
Boston, MA 02110
Phone: (617) 737-3100
Fax:    (617) 737-3113
Email: bgross@cmj-law.com

**JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**DEC - 3 2007**

**PROOF OF SERVICE**

**FILED
CLERK'S OFFICE**

COMMONWEALTH OF MASSACHUSETTS                    §
                                                 §
COUNTY OF SUFFOLK                                §

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 10 High Street, Boston, MA 02110; and that on this date I served a true copy of the document entitled:

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER VACATING
CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT
TO RULE ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**

Service was effectuated by forwarding the above-noted document in the following manner:

X     **By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of The Shepard Law Firm, P.C. to all counsel named on the Service Panel List provided herewith.

      **By Hand Delivery** in a sealed envelope, addressed as noted above, through services provided by the office of The Shepard Law Firm, P.C.

      **By Facsimile** to the numbers as noted on the attached counsel list by placing it for facsimile transmittal following the ordinary business practices of The Shepard Law Firm, P.C.

      **By Overnight Courier** in a sealed envelope, addressed as noted above, through services provided by (Federal Express, UPS,) and billed to The Shepard Law Firm, P.C.

      On the date executed below, I electronically served the document(s) via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Boston, Massachusetts in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2007 at Boston, Massachusetts.

Michael C. Shepard

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-293)

William J. Hilbert, Jr., et al. v. McDonnell Douglas Corp., et al., D. Massachusetts,
C.A. No. 1:07-11900  (Judge Nancy Gertner)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE
& HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Fl.
Philadelphia, PA 19103

Brian D. Gross
COOLEY MANION
& JONES LLP
21 Custom House Street
6th Floor
Boston, MA 02110

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Robert J. Muldoon, Jr.
SHERIN & LODGEN LLP
101 Federal Street
Boston, MA 02110

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Michael C. Shepard
SHEPARD LAW FIRM
10 High Street, 11th Fl.
Boston, MA 02110

MDL No. 875 - Panel Service List (Excerpted from CTO-293)          Page 2 of 2

Marcy D. Smirnoff
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109-2881

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**A**

COMMONWEALTH OF VIRGINIA )
CITY OF Norfolk, Virginia )

**I, S. George Saman, M. D.,** do hereby certify as follows:

1. I am a physician licensed to practice in the State of Virginia and North Carolina. I am board certified in Medical Oncology, Hematology and Internal Medicine. I primarily work as a physician specializing in Oncology/Hematology with Virginia Oncology Associates. My primary office is located at 5900 Lake Wright Drive, Norfolk, VA, 23502.

2. Mr. William J. Hilbert, Jr. of 758 Red Mill Road, Norfolk, VA 23502, is currently under my care for his malignant mesothelioma. He was diagnosed on August 11, 2005. I last examined Mr. Hilbert on December 11, 2006. I am familiar with his physical condition and have personal knowledge of facts upon which this affidavit is made. My opinion and observations below stated are within a reasonable degree of medical probability and certainty.

3. Since being diagnosed with mesothelioma, he underwent systemic cytotoxic chemotherapy using a combination of Carboplatin with Alimta, between October, 2005 and December, 2005. He finished four cycles of treatment with few side affects. Chemotherapy was supplemented by folic acid and B12. His last restaging CT scan was done September 8, 2006, and was overall unremarkable with stable pleural calcifications. He continues without any major clinical issues or any new symptoms. Additional chemotherapy could be offered should there be progression of the mesothelioma. Because of cardiopulmonary co-morbidities, he is not considered to be a candidate for surgical intervention (i.e. extrapleural pneumonectomy).

4. Based upon my experience and clinical trials, due to the serious nature of his mesothelioma, I am of the opinion that there is %20-%25 chance that Mr. Hilbert will survive beyond two (2) years of the date of his diagnosis (*Journal of Clinical Oncology 21:2636-2644 © 2003*).

5. While Mr. Hilbert at this time maintains a fair functional status, and a normal appetite, he remains home oxygen dependant and his condition could rapidly deteriorate impairing his ability to actively participate in any future legal proceedings, including testifying at a deposition or trial. Consequently, I would urge that his deposition proceed as soon as possible, and that all steps be taken to expedite his case for trial.

FURTHER THE AFFIANT SAYETH NOT.

_____
S. George Saman, M. D.

1

Sworn to and subscribed before me, a Notary Public at Large in the Commonwealth of Virginia, this____29____ day of ___JANUARY_____, 2007, by S. George Saman, M. D.

Carolyn B. Motley
Notary Public

My Commission Expires: _11/30/07___

2

B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. HILBERT, et al, <br>     Plaintiffs, <br><br>      v. <br><br> MCDONNELL DOUGLAS CORP., <br>     et al., <br>     Defendants. | ) <br> ) <br> ) <br> )    Civil Action No. 07cv11900-NG <br> ) <br> ) <br> ) <br> ) |

### ORDER RE: SEVERANCE
November 5, 2007

Five of the twenty-nine defendants in this case -- McDonnell Douglas, Boeing, Boeing North American, Northrop Grumman, and Raytheon -- have invoked this Court's jurisdiction under 28 U.S.C. § 1442, which provides for removal for federal officers. Plaintiffs have moved to remand. With respect to the remaining defendants, removed along with the five, this Court arguably has supplemental jurisdiction over them through 28 U.S.C. § 1367. The plaintiffs have moved, in the alternative, to sever the case against the five above-named defendants from that against the remaining twenty-four, and remand the latter to state court. The plaintiffs' latter motion is **GRANTED**. The plaintiffs' Motion to Remand (# 11) as to McDonnell Douglas, Boeing, Boeing North American, Northrop Grumman, and Raytheon **remains under advisement**.

This Court may decline to exercise its supplemental jurisdiction when, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). In considering whether such circumstances exist, this Court examines the totality of the circumstances, Rodriquez v.

Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995), and
considers "comity, judicial economy, fairness, and the like," Roche
v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir.
1996).  Considerations of comity, judicial efficiency, and fairness
require this Court to sever and remand the claims over which it
does not, and cannot, have independent jurisdiction.

If the five removing defendants prevail in their argument that
they deserve a federal forum because they were acting as federal
officers during the time when the plaintiff was allegedly exposed
to asbestos, the case will be transferred to Philadelphia for
pretrial proceedings under 28 U.S.C. § 1407.  See Notice of Tag-
Along Action (document # 6).

The plaintiffs, however, have represented that they have a
firm trial date set for May 2008 in state court.  One of the
plaintiffs, William Hilbert, is dying of mesothelioma, a fatal
disease caused by his exposure to asbestos.  See Motion to Expedite
Hearing Date (document # 12).  Fairness requires that he be given
the best possible chance to try at least some of his claims while
he is still alive.  If the case is transferred to Philadelphia, he
will not be given the opportunity to do so.

Moreover, as the plaintiffs argued at the hearing on the
Motion to Remand, the defendants' concerns over judicial economy
are overstated.  Massachusetts law imposes joint and several
liability on the defendants, meaning that should the five removing
defendants eventually be found liable, the remaining defendants
could seek contribution.

-2-

Finally, considerations of judicial efficiency are not to the contrary. This Court is the proper forum to decide whether the defendants can assert a viable federal officer defense. If they can, then the claims against them must be dismissed. If they cannot, the entire case belongs in state court. Thus, judicial efficiency, not to mention comity, undergirds this Order to remand the case immediately as to the non-removing defendants, so that pretrial proceedings may continue.

For the foregoing reasons, the plaintiffs' motion to sever is **GRANTED**. The case as to the following defendants is **REMANDED** to state court: Aeroquip, Inc.; Aircraft Braking Systems; Arvinmeritor, Inc.; A.W. Chesterton Co.; B.F. Goodrich Aerospace; B.F. Goodrich Co.; Eaton Aeroquip, Inc.; Eaton Corp.; Garlock, Inc.; General Dynamics Corp.; Goodrich Corp.; The GoodYear Tire & Rubber Co.; H.B. Smith Co., Inc.; Honeywell International, Inc.; IMO Industries, Inc.; Metropolitan Life Ins. Co.; North American Aviation Corp.; North American Rockwell Corp.; Parker-Hannifin Corp.; Pneumo Abex Corp.; Rapid-American Corp.; Rockwell International; and Transdigm, Inc. The plaintiffs' Motion to Remand (# 11) as to the five defendants who have asserted federal officer removal jurisdiction **remains under advisement.**

**SO ORDERED.**

**Date:  November 5, 2007**          /s/ Nancy Gertner
                                     **NANCY GERTNER, U.S.D.C.**

-3-

**William J. Hilbert, Jr., et al., v. Aeroquip Inc., et al.**
District Court of Massachusetts, Case No. 1:07-cv-11900
Assigned to Judge Nancy Gertner
Counsel List

<u>Plaintiffs</u> William and Pamela Hilbert represented by **Michael C. Shepard.**
The Shepard Law Firm, P.C.
10 High Street
Boston, MA 02110
Phone: (617) 451-9191
Fax:    (617) 451-9292
Email: mshepard@shepardlawfirm.com

<u>Defendant</u> Northrop Grumman Corporation represented by **Shepard M. Remis, Marcy D. Smirnoff and Sheryl A. Koval.**
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Email: sremis@goodwinprocter.com

<u>Defendants</u> McDonnell Douglas Corporation, The Boeing Company and Boeing North American represented by **Robert J. Muldoon, Jr. and Katy Ellen Koski.**
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
Phone:  (617) 646-2000
Email:  rjmuldoon@sherin.com

**Robert E, Boone, III**
**James Pettis**
Bryan Cave LLP
120 Broadway
Santa Monica, CA 90401
Phone: (310) 576-2000
Fax:    (310) 576-2200
Email: reboone@bryancave.com

<u>Defendant</u> Raytheon Corporation represented by **Brian D. Gross.**
Cooley Manion Jones LLP
21 Custom House St
Boston, MA 02110
Phone: (617) 737-3100
Fax:    (617) 737-3113
Email: bgross@cmj-law.com

**L. Michael Brooks**
Wells, Anderson & Race
1700 Broadway
Suite 1020
Denver, CO 80290
Phone: (303) 830-1212
Fax:    (303) 830 - 0898