MDL 875

James S. Crane, OSB 901420
Email: jcrane@landye-bennett.com
Robert B. Hopkins, OSB 73143
Email: rhopkins@landye-bennett.com
LANDYE BENNETT BLUMSTEIN LLP
1300 S.W. Fifth Avenue, Suite 3500
Portland, OR 97201
Tel: 503-224-4100
Fax: 503-224-4133

Of Attorneys for Plaintiff Eugene F. Booth

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2007

FILED
CLERK'S OFFICE

PLEADING NO. 5289

## BEFORE THE JUDICIAL PANEL

## ON

## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |
| | PLAINTIFF EUGENE F. BOOTH'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-295) |
| EUGENE F. BOOTH, | |
| Plaintiff, | DISTRICT OF OREGON |
| v. | NO. 07-CV-1544-AS |
| ARVINMERITOR, INC., et al., | |
| Defendants. | |

**OFFICIAL FILE COPY**

2007 DEC 18 A 11: 01
RECEIVED CLERK'S OFFICE

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

450130.DOC.12148-002

IMAGED DEC 18 2007

## I. ISSUE TO BE DECIDED

Should the Panel grant plaintiff Booth's Motion to Vacate CTO-295, in light of the anticipated order abating the federal civil action by the district court, and panel rules and decisions acknowledging the transferor district court's jurisdiction to enter such an order?

## II. MOTION

Plaintiff Eugene F. Booth, by and through his counsel Landye Bennett Blumstein LLP ("LBB"), respectfully asks the Panel to vacate Conditional Transfer Order 295 ("CTO-295") as to this federal civil action, *Booth v. Arvinmeritor and Maremont Corp.*, District of Oregon No. 07-CV-1544-AS.

For the reasons stated in the Brief in Support of this Motion to Vacate, filed herewith, Mr. Booth asks the Panel to Vacate CTO-295 in his case, with leave for defendants to file a renewed Motion to Transfer if and when the district court lifts its order abating this case. There is a state court action which is set for trial, and the outcome of state court proceedings may moot this federal civil action. It is anticipated that by the time the Panel hears this motion, the district court will have abated the federal civil action. The Panel should respect the decision of the transferor district court by vacating transfer until such time as the abatement is lifted.

DATED this 14th day of December, 2007.

LANDYE BENNETT BLUMSTEIN LLP

By: _____

James S. Crane, OSB #901420
Robert B. Hopkins, P.C., OSB #73143
Of Attorneys for Plaintiffs

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

450130.DOC.12148-002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2007, I served the foregoing **PLAINTIFF EUGENE F. BOOTH'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-295)** on the following individuals:

Please see the attached "PANEL SERVICE LIST"

by first class mail.

LANDYE BENNETT BLUMSTEIN LLP

Julie Cohrs, Assistant to James S. Crane
Of Attorneys for Plaintiff Eugene F. Booth

2007 DEC 18 A 11: 01
RECEIVED
CLERK'S OFFICE

Page 1 -   CERTIFICATE OF SERVICE

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*449509.DOC.12148-002*

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

### PANEL SERVICE LIST (Excerpted from CTO-295)

Eugene F. Booth v. ArvinMeritor, Inc., et al., D. Oregon, C.A. No. 3:07-1544

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

James S. Crane
LANDYE BENNETT
& BLUMSTEIN
1300 S.W. Fifth Avenue
Suite 3500
Portland, OR 97201

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James H. Gidley
PERKINS COIE LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Diane J. Kero
GORDON THOMAS
HONEYWELL
MALANCA  ET AL
One Union Square
Suite 2100
600 University
Seattle, WA 98101

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
 & PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

MDL No. 875 - Panel Service List (Excerpted from CTO-295) (Continued)

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael Esler
ESLER STEPHENS & BUCKLEY
888 SW Fifth Avenue, Suite 700
Portland OR  97204

Peter Glade
MARKOWITZ, HERBOLD,
 GLADE & MEHLHAF, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730

Jeffrey S. Mutnick
LAW OFFICE OF JEFFREY MUTNICK
1300 SW Fifth Avenue, Suite 2750
Portland OR  97201

James S. Crane, OSB 901420
Email: jcrane@landye-bennett.com
Robert B. Hopkins, OSB 73143
Email: rhopkins@landye-bennett.com
LANDYE BENNETT BLUMSTEIN LLP
1300 S.W. Fifth Avenue, Suite 3500
Portland, OR 97201
Tel: 503-224-4100
Fax: 503-224-4133

Of Attorneys for Plaintiff Eugene F. Booth

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 8 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL

### ON

## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br><br>PLAINTIFF EUGENE F. BOOTH'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-295) |
| EUGENE F. BOOTH,<br><br>              Plaintiff,<br><br>   v.<br><br>ARVINMERITOR, INC., et al.,<br><br>              Defendants. | DISTRICT OF OREGON<br>NO. 07-CV-1544-AS |

2007 DEC 18  A 11: 02
RECEIVED CLERK'S OFFICE

Page 1 -   PLAINTIFF BOOTH'S BRIEF IN SUPPORT OF MOTION TO VACATE

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

448454_3.DOC.12148-002

## I. INTRODUCTION

This matter will likely be mooted by the Oregon state court, *Eugene F. Booth v. Allied Signal Inc., et al.*, Multnomah County Circuit Court Case No. 0607-07230 ("Multnomah County case"), which was filed before this case. Plaintiff has filed a Motion to Abate in this case, which would stay this federal civil action in favor of the original Multnomah County case. If the district court orders abatement, the Panel should respect that order by vacating transfer of this civil action at this time. The Motion to Abate explains that, if the judge in Multnomah County determines that the correct entity was served, or that the complaint in the Multnomah County case may be amended to proceed against Maremont and Arvinmeritor, the plaintiff will proceed in that forum and will consequently dismiss this federal civil action. Defendants Arvinmeritor and Maremont filed no timely opposition to plaintiff's motion to abate, and have indicated that they will not oppose the motion. Hearing on the motion is set on December 17, 2007. It therefore appears likely that the district court will stay this federal civil action for the express purpose of permitting the Multnomah County action to proceed prior to any action being taken in this federal case—including transfer by this Panel.

## II. FACTUAL BACKGROUND

As explained in plaintiff's Memorandum and Motion to Abate before the District Court, (Ct. Rec. 7), plaintiff originally filed this action in Multnomah County Circuit Court against only ArvinMeritor and Maremont as a precautionary move in response to arguments by Maremont's defense counsel that (1) it had not been properly named or served as a defendant in the Multnomah County Circuit Court case, *Eugene F. Booth v. Allied Signal Inc., et al.*, Multnomah County Circuit Court Case No. 0607-07230, and (2) that Arvin Industries was not a successor to Maremont.[1]

---

[1] The facts demonstrating this background are set forth extensively in support of the memorandum and motion to abate U.S.D.Ct., D. Or., 07-CV-1544-AS (Ct. Rec. 7). This motion is unopposed in the district court. *Crane Dec.* For sake of brevity the facts are not repeated in full but are incorporated by this reference.

Page 2 -   PLAINTIFF BOOTH'S BRIEF IN SUPPORT OF MOTION TO VACATE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*448454_3.DOC.12148-002*

Jeffrey S. Mutnick was Mr. Booth's counsel in the previously-filed *Booth* case. When Mr. Mutnick filed that case, he was a partner in Landye Bennett Blumstein LLP ("LBB"), but his relationship with the firm ended on July 31, 2007. In the previously-filed *Booth* case, plaintiff named "Arvin Industries, Inc., an Indiana corporation, individually and as successor-in-interest to Maremont Corp., successor-in-interest to Grizzly Manufacturing Co" as a defendant. Counsel for Maremont, Diane Kero, communicated with Mr. Mutnick and alleged a lack of service on Maremont. As Mr. Mutnick was departing from LBB, this firm reviewed the file and saw a risk that the statute of limitations might run if counsel prevailed in her arguments of improper service. Further, this firm felt that it lacked sufficient time to amend the complaint to add Maremont before the statute of limitations could have run in light of the rapidly approaching running of the statute, Mr. Mutnick's departure, and difficulties in obtaining counsel's agreement to amend by stipulation. Therefore, as a precautionary matter, the present action was filed against Maremont and ArvinMeritor as alternative successors-in-interest to Grizzly Manufacturing Co., in order to ensure that the statute of limitations against these corporations did not run *if the defendant prevailed on its arguments in the first-filed case.*

LBB therefore filed this second action in Multnomah County Circuit Court, Case No. 0708-09439 ("second action"), against ArvinMeritor Inc. and Maremont Corporation, and promptly served both defendants, intending to move promptly to consolidate the two cases. After serving Arvinmeritor on October 11, 2007 and Maremont on September 19, 2007, LBB met and conferred with counsel for Maremont to determine whether it would oppose a motion to consolidate. Ms. Kero asked for more time to check with Maremont on its position. In a hearing before Multnomah County Circuit Judge Kantor on October 11, 2007, Ms. Kero still had no response to plaintiff's request for agreement on a motion to consolidate. Then, instead of responding, Maremont removed this matter on October 15, 2007 by its local counsel of record, Mr. Gidley. The Notice of Removal also advised the Court that it was filed with the consent of and on behalf of the second defendant, Arvinmeritor. (Although Mr. Mutnick had named Arvin

Page 3 -   PLAINTIFF BOOTH'S BRIEF IN SUPPORT OF MOTION TO VACATE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

448454_3.DOC.12148-002

Industries as a defendant to the Asbestos Case, he had actually served Arvinmeritor.  LBB again elected to name Arvinmeritor to ensure Mr. Booth's claims would not be barred by a statute of limitations defense.)  Maremont's Notice of Removal also advises that the case is "Subject to In Re Asbestos Products Liability" (No. IV) United States District Court for the Eastern District of Pennsylvania."

On November 14, 2007, plaintiff filed his Motion to Abate (Ct. Rec. 7), asking the district court to stay the federal civil action until such time as the state court action is resolved. *Crane Dec.*  Defendants did not respond, and subsequently indicated that they did not intend to oppose that motion.  *Id.*  The district court has set a hearing on plaintiff's Motion to Abate for December 17, 2007.  *Id.*  It is therefore likely that by the time the Panel hears and decides this Motion to Vacate CTO-295, that the transferor district will have stayed this action.

### III.  LEGAL CONTENTIONS: THE PANEL SHOULD VACATE CTO-295

Plaintiff asks the Panel to Vacate CTO-295, in favor of the district court's order, which is likely to prevent any litigation of the federal civil action until the state court action is resolved. Plaintiff's motion to abate—which is unopposed by defendants—was filed to promote judicial efficiency by *waiting to see if state court proceedings obviate the need for a federal civil action*. By the time the Panel hears this motion, it is likely that the District Court will have entered an abatement order that *prevents* litigation of this civil action.  The MDL panel should respect the full jurisdiction of the district court by declining transfer until such time—if ever—that the abatement is lifted.  Because this Panel will defer to district court rulings made prior to the Panel's decision on an objection and motion to vacate a conditional transfer order, CTO-295 should be vacated if the district court grants plaintiff's motion to abate.

As discussed herein, the Panel Rules affirm the transferor district's power to enter such an order, and Panel decisions have cited this power.  Thus, to be consistent in Panel rulings, if the transferor district enters a stay to prevent *any litigation of the federal civil action* until the state case is resolved, this Panel should vacate the conditional transfer order and abide by the

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

448454_3.DOC.12148-002

transferor district court's ruling.  The Panel could grant defendants leave renew their motion to transfer if and when the district court lifts the abatement order.  At that point in time—and only then—would the case be appropriate for transfer.

## IV.  AUTHORITY AND ANALYSIS

### A.  Judicial Economy Will Be Served By Vacating CTO-295 As To Plaintiff Booth

The very purpose of the Judicial Panel on Multidistrict Litigation is to promote judicial economy by permitting the *consolidation of civil actions* pending in multiple districts which share common questions of fact.  28 U.S.C. § 1407(a).  Plaintiff has asked the district court to stay this civil action pending the outcome of the Multnomah County case, because that is where the primary action lies concerning Mr. Booth.  If the defendants are found to have been properly served in the Multnomah County case, this civil action will be moot, and plaintiff will dismiss it.

Further, plaintiff also intends to file a motion to amend the Multnomah County complaint to cure any alleged deficiency in naming these defendants—and would likely relate back to the original complaint for purposes of the statute of limitations.  If that occurs, all claims will be joined and tried in Multnomah county in a single forum, and the plaintiff will dismiss this civil action.

Transferring a matter that is unlikely to proceed will be inefficient, time consuming, and is directly contrary to the purposes of 28 U.S.C. § 1407.  The Plaintiff therefore asks the Panel to vacate CTO-295 as to Plaintiff Booth, and to abide by the abatement order that is anticipated to be entered in the District of Oregon.

### B.  If Plaintiff's Unopposed Motion To Abate Is Granted By The District Court on December 17, 2007, Panel Rules and Decisions Mandate Deference to the Ruling of the Transferor District.

Unlike some motions to stay—such as when a party seeks a stay of discovery to *allow time* for transfer by the Panel—plaintiff here seeks abatement of the *federal civil action as a whole* so that no federal litigation proceed until after resolution of the state court matter.  Plaintiff specifically informed the Oregon District Court that "Maremont's Notice of Removal

448454_3.DOC.12148-002

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

also advises that the case is 'Subject to On [sic] Re Asbestos Products Liability' (No. 14) [sic]United States District Court for the Eastern District of Pennsylvania." (Ct. Rec. 7, Memorandum at 3). Moreover, the motion requested the following relief:

> LBB requests that the Court abate this removed case until the issue of whether plaintiff has alleged and served claims against these defendants in the pending state court Asbestos Case has been resolved. Arvin Industries has a motion for summary judgment pending in state court. Pursuant to Judge Kantor's Order, Mr. Mutnick will have the opportunity to take additional discovery to address the precise relationship between and among Grizzly, Maremont, and Arvinmeritor and to oppose the pending Motion for Summary Judgment. Until these issues have been resolved in the Asbestos Case, there is no good reason to require either Mr. Booth or defendants herein to proceed to litigate this second action, particularly where this second action was filed for contingent reasons, *i.e.,* to ensure that Mr. Booth's claims were not barred by the statute of limitations solely in the event they had not been timely filed and served against these two corporations in the [Multnomah County] Asbestos Case.

*Id.* at 4. Plaintiff's motion to abate plainly asks the transferor district to abate this matter to *stay this federal civil action in its entirety*, until the state court matter is resolved, in the interest of judicial economy. Because the motion was filed November 14, 2007, Defendants' response to this motion was due on November 26, 2007, and none was filed. LR 7.1(e)(1), *Crane Dec.* Defendants' counsel subsequently indicated that they did not intend to oppose the motion to abate. *Crane Dec.* The Court has set a hearing on this motion for December 17, 2007. Plaintiff anticipates that the Court will grant plaintiff's motion.

If the motion to abate is granted, the Panel should abide by the district court's ruling. Rule 1.5 provides that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. 425, 427 (2001). Thus, the rules plainly anticipate that a transferor district may exercise its jurisdiction without limitations, unless or until the Panel transfers the case.

More importantly, the Panel has at least twice cited this rule for the proposition that if the transferor district court wants to rule on an issue that impacts transfer, in can do so while briefing on the conditional transfer order is pending. For example, *In re Asbestos Products Liability*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224-4133 (facsimile)

448454_3.DOC.12148-002

*Litigation* (No. VI).; *Wooley v. International Paper Co.*, 170 F. Supp.2d 1348 (Jud. Pan. Mult.

Lit. 2001), plaintiffs argued that transfer should be denied or deferred until the transferor court

decided pending motions that would impact transfer.  170 F. Supp.2d at 1349, n.1.  The Panel

rejected such grounds for vacating transfer, noting that the transferor district had the time and the

power to make such rulings if the district court desired to do so:

> There is no need to delay transfer in order to accommodate such an interest.  We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objections tot the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action is pending , or ii) limit the pretrial jurisdiction of that court; and 3) **accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.**

170 F. Supp. 2d at 1349. n. 1 (emphasis added).  In a 1996 order, the Panel made a nearly

identical observation in refusing to delay transfer to await a ruling from the transferor district on

issues that could impact the propriety of transfer.  *In re Asbestos Products Liability Litigation*

*(No. VI), Gonzales v. Owens-Corning Fiberglas Corp.*, 1996 WL 143826 at n. 2. (Jud. Pan. Mult.

Lit. Feb. 16, 1996) (same).  In other words, when a transferor district fails to rule on pending

motions prior to the Panel's hearing on a motion to vacate a conditional transfer order, the Panel

accepts failure to resolve pending motions as a declination in favor of permitting the transferee

district to rule on the pending motions—even where the pending motions would impact the need

for transfer by the Panel.  To be consistent in its rulings, the Panel should rule that the converse

is true:  where a district court accepts jurisdiction and makes a ruling that obviates transfer,

exercising its full jurisdiction under Panel Rule 1.5, the entry of such an order prior to hearing on

a motion to vacate before the Panel should result in the motion to vacate being granted.

   Because the Motion to Abate is unopposed, the plaintiff anticipates that the federal civil

action will be stayed by the (transferor) District of Oregon.  Prior rulings of the Panel in MDL-

Page 7 -   PLAINTIFF BOOTH'S BRIEF IN SUPPORT OF MOTION TO VACATE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

448454_3.DOC.12148-002

875 have suggested that if a district court chooses to enter an order that obviates a need for transfer prior to hearing on this motion to vacate, the Panel will respect such an order. According, the Panel should abide by the finding that this federal civil action should be stayed in the interests of judicial economy. To abide by the anticipated order of the district court, the Panel should vacate CTO-295 as to Plaintiff Booth.

In addition to respect for the district court order, transfer of this action would actually proliferate litigation, rather than streamline it. In asbestos cases where the Panel has declined to vacate a conditional transfer order, the Panel often cites the policy reasons giving rise to the original Order creating MDL-875 as supporting transfer without exception. *In re Asbestos Products Liability Litigation (No VI)*, 771 F. Supp. 415 (Jud. Pan. Mult. Lit. 1991). Primary among these public policy reasons was the sheer numbers of pending actions in the district courts. 771 F. Supp. at 419-421. The Act creating the Panel requires the Panel to make a determination that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This case is different from other transferred cases in that transfer will create two cases, where vacating transfer (until such time—if ever—that the abatement is lifted), will likely result in one state court action and dismissal of the federal action. The just and efficient conduct of this action requires respecting the order of the district court, which is anticipated to stay the federal civil action.

Moreover, in the Panel's 1991 order, the Panel noted that it "has neither the power nor the disposition to direct the transferee court in the exercise of its powers and discretion in pretrial proceedings." 771 F. Supp. 415, 421 (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 489 (J.P.M.L. 1968)). Given Panel Rule 1.5, full respect for the jurisdiction of the transferor court prior to transfer requires the Panel to abide by any order of the transferor court that stays the federal civil action. Vacating CTO-295 as to plaintiff Booth will demonstrate and affirm that

Page 8 -   PLAINTIFF BOOTH'S BRIEF IN SUPPORT OF MOTION TO VACATE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

448454_3.DOC.12148-002

the Panel likewise has neither the power nor the disposition to direct the *transferor* court in the exercise of its powers prior to transfer.

Moreover, a stay in the Oregon district court forces adjudication of a single issue unique to plaintiff Booth before any fact issues requiring MDL transfer may be litigated. Once entered, the stay order requires adjudication of local issues *prior to any further litigation of the federal civil action.* Whether and when the abatement order is lifted is an issue of fact unique to Plaintiff Booth and not shared or in common with *any other federal action.* It is therefore wholly inappropriate to foist lifting of such a stay on the transferee district court, when the issue must be determined prior to any other pretrial proceeding taking place, and where the issue has nothing in common with *any other federal case.* Only if the district court lifts the stay (based on the outcome of Mr. Booth's state court case) will this civil action proceed to be litigated. At that point in time, fact issues in common with the other MDL-875 cases will become ripe for adjudication. As a consequence, the Panel should vacate CTO-295 with respect to Plaintiff Booth, to respect a stay of the federal civil action by district court. If the stay is lifted based on the outcome of the state court proceeding, the civil action would then appropriately be transferred under MDL-875.

### C. If the District Court denies the Motion to Abate, or if the Stay is Lifted, Defendants could have Leave to Renew a Motion to Transfer at that Point in Time.

As discussed herein, the Panel Rules and decisions support vacating CTO-295 as to plaintiff Booth if the district court enters an order abating this federal civil action. The Order is likely to be entered, because different rulings in the first-filed state court proceeding are likely to moot this civil action in its entirety. In the unlikely event that the district court were to lift the stay and this civil action were to proceed following the state court action, defendants could have leave to renew their motion to transfer the case at that point in time. The policies and purposes of 28 U.S.C. 1407 and the Panel's 1991 order will best be served by vacating CTO-295 as to

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

Plaintiff Booth, with leave for Defendants to renew a motion to transfer if or when the stay of this action is lifted by the Oregon district court.

### IV.  THE PANEL SHOULD GRANT PLAINTIFF'S MOTION TO VACATE

For the reasons stated in this brief, Conditional Transfer Order -295 ("CTO-295") should be vacated as to Plaintiff Booth to abide by the Abatement Order likely to be entered in the U.S. District Court, District of Oregon prior to hearing of this motion.  Vacating CTO-295 will promote judicial economy, because permitting the Multnomah County action to proceed to trial first is likely to effectively moot this action.  In the event that the federal case is not dismissed following state court proceedings, defendants should be free to file a renewed motion for transfer once the district court lifts the stay.

DATED this 14th day of December, 2007.

LANDYE BENNETT BLUMSTEIN LLP

By: _____

James S. Crane, OSB #901420
Robert B. Hopkins, P.C., OSB #73143
Of Attorneys for Plaintiff

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

448454_3.DOC.12148-002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 8 2007

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2007, I served the foregoing **PLAINTIFF EUGENE F. BOOTH'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-295)** on the following individuals:

Please see the attached "PANEL SERVICE LIST"

by first class mail.

LANDYE BENNETT BLUMSTEIN LLP

Julie Cohrs, Assistant to James S. Crane
Of Attorneys for Plaintiff Eugene F. Booth

RECEIVED
CLERK'S OFFICE
2007 DEC 18 A 11: 03

Page 1 -   CERTIFICATE OF SERVICE

LANDYE BENNETT BLUMSTEIN LLP
Attorney at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

449509.DOC.12148-002

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                              MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-295)

Eugene F. Booth v. ArvinMeritor, Inc., et al., D. Oregon, C.A. No. 3:07-1544

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

James S. Crane
LANDYE BENNETT
& BLUMSTEIN
1300 S.W. Fifth Avenue
Suite 3500
Portland, OR 97201

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James H. Gidley
PERKINS COIE LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Diane J. Kero
GORDON THOMAS
HONEYWELL
MALANCA ET AL
One Union Square
Suite 2100
600 University
Seattle, WA 98101

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

MDL No. 875 - Panel Service List (Excerpted from CTO-295) (Continued)

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael Esler
ESLER STEPHENS & BUCKLEY
888 SW Fifth Avenue, Suite 700
Portland OR  97204

Peter Glade
MARKOWITZ, HERBOLD,
 GLADE & MEHLHAF, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730

Jeffrey S. Mutnick
LAW OFFICE OF JEFFREY MUTNICK
1300 SW Fifth Avenue, Suite 2750
Portland OR  97201

2007 DEC 18  A 11: 03
RECEIVED
CLERK'S OFFICE

James S. Crane, OSB 901420
Email: jcrane@landye-bennett.com
Robert B. Hopkins, OSB 73143
Email: rhopkins@landye-bennett.com
LANDYE BENNETT BLUMSTEIN LLP
1300 S.W. Fifth Avenue, Suite 3500
Portland, OR 97201
Tel: 503-224-4100
Fax: 503-224-4133

Of Attorneys for Plaintiff Eugene F. Booth

*ORIGINAL*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON

MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |
| | DECLARATION OF JAMES S. CRANE IN SUPPORT OF PLAINTIFF EUGENE F. BOOTH'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-295) |
| EUGENE F. BOOTH, | |
| Plaintiff, | |
| v. | DISTRICT OF OREGON NO. 07-CV-1544-AS |
| ARVINMERITOR, INC., et al., | |
| Defendants. | |

RECEIVED
CLERK'S OFFICE
2007 DEC 18 A II: 02

Page 1 -   DECLARATION OF JAMES S. CRANE IN SUPPORT OF PLAINTIFF
BOOTH'S MOTION TO VACATE

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*450141.DOC.12148-002*

I, James S. Crane, declare as follows:

1.    I am attorney with Landye Bennett Blumstein LLP, counsel for plaintiff Eugene F. Booth in this action.  I make this declaration on personal knowledge, unless otherwise stated.

2.    The "II. Background" section of Plaintiff Eugene F. Booth's Brief In Support Of Motion To Vacate Conditional Transfer Order (CTO-295), filed here with, was set forth in the Plaintiff's Memorandum and Motion to Abate, filed with the United States District Court, District of Oregon, 07-CV-1544-AS (Ct. Rec. 7).  The quote from Plaintiff's Motion at page 6 is a true and accurate excerpt of that pleading.

3.    Defendants did not respond to Plaintiff's Memorandum and Motion to Abate, filed with the United States District Court, District of Oregon, 07-CV-1544-AS (Ct. Rec. 7).  Counsel for defendants subsequently informed me that defendants were not opposing the motion to abate.

4.    Hearing on Plaintiff's Memorandum and Motion to Abate, filed with the United States District Court, District of Oregon, 07-CV-1544-AS (Ct. Rec. 7) is set for December 17, 2007.  Plaintiff filed a Notice of Withdrawal of Request for Oral Argument because of the lack of opposition from defendants.

5.    For sake of brevity, and given the lack of opposition before the district court, the Plaintiff's Memorandum and Motion to Abate, filed with the United States District Court, District of Oregon, 07-CV-1544-AS (Ct. Rec. 7) has not been resubmitted to the panel as an exhibit.  However, attached to this declaration is a true copy of the proposing Findings and Recommendations submitted to the Judge Magistrate concerning the Motion to Abate.

I declare the foregoing is true under the pains and penalties of perjury.

DATED this 14th day of December, 2007, at Portland, Oregon.

By: _____
James S. Crane, OSB #901420
Of Attorneys for Plaintiff

Page 2 -    DECLARATION OF JAMES S. CRANE IN SUPPORT OF PLAINTIFF BOOTH'S MOTION TO VACATE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

450141.DOC.12148-002

James S. Crane, OSB 901420
Email: jcrane@landye-bennett.com
Robert B. Hopkins, OSB 73143
Email: rhopkins@landye-bennett.com
LANDYE BENNETT BLUMSTEIN LLP
1300 S.W. Fifth Avenue, Suite 3500
Portland, OR 97201
Tel: 503-224-4100
Fax: 503-224-4133

Of Attorneys for Plaintiff Booth

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 8 2007

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

EUGENE F. BOOTH,

                Plaintiff,

    v.

ARVINMERITOR, INC., et al.,

                Defendants.

No. 07-CV-1544-AS

**FINDINGS AND RECOMMENDATION
FOR AN ORDER GRANTING
PLAINTIFF'S MOTION TO ABATE
AND ORDER**

**[PROPOSED]**

## FINDINGS AND RECOMMENDATION

Before the Court for hearing without oral argument is Plaintiff's Motion to Abate (Ct. Rec. 7). The Court considered the Motion and supporting memoranda and exhibits submitted in support of the motion, and the record as a whole. Defendants did not respond, plaintiff subsequently withdrew his request for oral argument, and plaintiff's counsel certified therein that defendants were not opposing the motion to abate. (Ct. Rec. __). Plaintiff also requested that the stay be effective one week after the order is signed, to permit the parties to continue negotiations that could resolve the case prior to entry of the stay.

The Court hereby finds and recommends that this federal civil action should be abated until after the resolution of the issue of whether these defendants are properly named and served

Page 1 -  FINDINGS AND RECOMMENDATION FOR AN ORDER GRANTING
              PLAINTIFF'S MOTION TO ABATE

*450045.DOC.12148-002*

defendants in the case of *Eugene F. Booth v. Allied Signal, Inc., et al.*, Multnomah County Circuit Court Case No. 0607-07230, a state court asbestos action filed in July 2006, and set for trial in April, 2007. As explained in plaintiff's Memorandum, this separate action against only Arvinmeritor and Maremont was filed in Multnomah County Circuit Court as a precautionary move in response to defense arguments that Maremont had not been properly named or served as a defendant in Case No. 0607-07230 and that Arvin Industries was not a successor to Maremont, in order to ensure that the statute of limitations against these corporations did not run.

Until it is clear that these claims must be litigated in a forum separate from Multnomah County Circuit Court Case No. 0607-07230, it would be a waste of both the parties' and judicial resources to require this federal civil action to proceed in any respect. Accordingly, this federal civil action is hereby abated and stayed for a period of one year, effective one week from the date of entry the order granting plaintiff's motion to abate.

Following the effective date of the stay, no discovery shall be taken, nor shall pretrial proceedings occur in any respect. Notwithstanding the above, the parties may file any pleading that disposes of this action in its entirety, such as a judgment, or dismissal, or any other stipulated motion and order that would be dispositive of the federal civil action.

For the foregoing reasons, the undersigned finds and recommends that the district court enter an order as follows:

1. That Plaintiff's Motion to Abate (Ct. Rec.7), which is unopposed, is GRANTED;

2. All pretrial and trial proceedings are hereby ABATED and STAYED for one year from the effective date of the Order Granting Plaintiff's Motion to Abate;

3. All pretrial and trial deadlines are hereby STRICKEN;

4. A party who files a Motion to Lift Abatement may only do so after *Eugene F. Booth v. Allied Signal, Inc., et al.*, Multnomah County Circuit Court Case No. 0607-07230 has been disposed of by trial or otherwise;

5.     Notwithstanding the abatement and stay, the parties may file any pleading that disposes of this action in its entirety, such as an agreed judgment, dismissal, or any other stipulated motion and order that would be dispositive of the federal civil action.

DATED:  December _____, 2007.


_____
Hon. Donald C. Ashmanskas
United States Magistrate Judge


## ORDER

On review of the Findings and Recommendations above, and given that Plaintiff's Motion to Abate is unopposed, the Court hereby adopts Judge Ashmanskas' Findings and Recommendations in their entirety.

IT IS SO ORDERED.

DATED:  December _____, 2007.


_____
United States District Court Judge


Presented by:

LANDYE BENNETT BLUMSTEIN LLP


/s/ James S. Crane
_____
James S. Crane, OSB #901420
Of Attorneys for Plaintiffs

RECEIVED
CLERK'S OFFICE
2007 DEC 18  A 11: 02

450045.DOC.12148-002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2007

**CERTIFICATE OF SERVICE**

FILED
CLERK'S OFFICE

I hereby certify that on December 17, 2007, I served the foregoing **DECLARATION OF**

**JAMES S. CRANE IN SUPPORT OF PLAINTIFF EUGENE F. BOOTH'S MOTION TO**

**VACATE CONDITIONAL TRANSFER ORDER (CTO-295)** on the following individuals:

Please see the attached "PANEL SERVICE LIST"

by first class mail.

LANDYE BENNETT BLUMSTEIN LLP

Julie Cohrs, Assistant to James S. Crane
Of Attorneys for Plaintiff Eugene F. Booth

RECEIVED
CLERK'S OFFICE
2007 DEC 18  A 11: 02

*449509.DOC.12148-002*

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-295)

Eugene F. Booth v. ArvinMeritor, Inc., et al., D. Oregon, C.A. No. 3:07-1544

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

James S. Crane
LANDYE BENNETT
& BLUMSTEIN
1300 S.W. Fifth Avenue
Suite 3500
Portland, OR 97201

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James H. Gidley
PERKINS COIE LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Diane J. Kero
GORDON THOMAS
HONEYWELL
MALANCA ET AL
One Union Square
Suite 2100
600 University
Seattle, WA 98101

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

MDL No. 875 - Panel Service List (Excerpted from CTO-295) (Continued)

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael Esler
ESLER STEPHENS & BUCKLEY
888 SW Fifth Avenue, Suite 700
Portland OR 97204

Peter Glade
MARKOWITZ, HERBOLD,
 GLADE & MEHLHAF, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730

Jeffrey S. Mutnick
LAW OFFICE OF JEFFREY MUTNICK
1300 SW Fifth Avenue, Suite 2750
Portland OR 97201