MDL 8750

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 19 2007

FILED
CLERK'S OFFICE

PLEADING NO. 5292

# BEFORE THE JUDICIAL PANEL ON MULTISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 <br><br> Civil Action No. 2:07-cv-04185-JAG-MCA |

## PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 295

The Plaintiff Ruth Shamir opposes transfer and consolidation of <u>Ruth Shamir, et al. v.</u>

<u>Agilent Technologies, Inc., et al.</u>, Civil Action No. 2:07-cv-04185-JAG-MCA (D.N.J.) to MDL-

875, <u>In Re: Asbestos Products Liability Litigation</u> (No. VI).  The Plaintiff respectfully moves

this Panel to grant Plaintiff's Motion to Vacate Conditional Transfer Order 295.  For the reasons

stated in the accompanying Brief, Plaintiff maintains that these cases should not be consolidated

and transferred.

2007 DEC 18 P 4:32

RECEIVED
CLERK'S OFFICE

## OFFICIAL FILE COPY

IMAGED DEC 19 2007

Respectfully Submitted,

Date: 12/17/07

By: _____
Christopher M. Placitella, Esquire

**Cohen, Placitella, and Roth, P.C.**
127 Maple Avenue
Red Bank, New Jersey 07701
Tel: 732-747-9003
Fax: 732-747-9004

*Attorney for Plaintiff Ruth Shamir*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 9 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br><br>Civil Action No. 2:07-cv-04185-JAG-MCA |

**PLAINTIFF'S BRIEF IN SUPPORT OF THE MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-295)**

**I.      INTRODUCTION:**

The present action should not be transferred to the Eastern District of Pennsylvania for

coordinated or consolidated pretrial proceedings with IN RE: Asbestos Products Liability

Litigation, MDL No. 875 (hereinafter referred to as "Asbestos MDL") because the questions of

fact at issue in the present action are distinct from those pending in the Asbestos MDL and

transfer of this case would not eliminate any duplicative discovery or conserve the resources of

the parties, their counsel or the judiciary.  Accordingly, Plaintiff Ruth Shamir respectfully

submits this brief in support of her Motion to Vacate Conditional Transfer Order 295 (hereinafter

referred to as "Motion to Vacate").  For the reasons set forth below, Plaintiff's Motion to Vacate should be granted.

## II.    STATEMENT OF FACTS

A Complaint was filed with respect to the present action in the Superior Court of New Jersey, Middlesex County, on July 19, 2007 by counsel for the Plaintiff, Ruth Shamir. Defendants Hewlett-Packard Co. ("HP") and Agilent Technologies, Inc. ("Agilent") (hereinafter collectively referred to as "Defendants") subsequently filed a Notice of Removal with the United States District Court, District of New Jersey on August 31, 2007.  Then, on September 25, 2007, Defendants filed a Motion to Dismiss the present action in United States District Court, District of New Jersey, pursuant to F.R.C.P. 12(b)(6).  Defendants' filing of this Motion to Dismiss was an unequivocal indication that Defendants wished to proceed with the present action in District Court for the District of New Jersey.  Accordingly, the Plaintiff promptly prepared a brief in support of Plaintiff's opposition to Defendants' Motion to Dismiss with the understanding that the matter would be decided in New Jersey District Court by a Judge familiar with New Jersey law.  On October 16, 2007, Frank C. Testa of Morgan, Lewis & Bockius succeeded as counsel for Defendants.  Shortly thereafter, on November 1, 2007, Defendants' counsel requested an adjournment of Defendants' Motion to Dismiss to the current return date of December 24, 2007.

Pursuant to 28 U.S.C. § 1407 and Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, a Conditional Transfer Order (CTO-295) was entered on November 16, 2007 by the Judicial Panel on Multidistrict Litigation ("JPML"), transferring the Ruth Shamir, et al. v. Agilent Technologies, Inc., et al., Civil Action No. 2:07-cv-04185-JAG-MCA (D.N.J.) to MDL-875, IN RE: Asbestos Products Liability Litigation (No. VI), pending in the United States District Court for the Eastern District of Pennsylvania.  Panel Rules, 199 F.R.D.

425, 435-36 (2001).  On December 3, 2007, the Plaintiff filed a Notice of Opposition to this

Conditional Transfer Order with the Clerk of the JPML.  The Plaintiff subsequently filed a brief

in support of Plaintiff's opposition to Defendants' Motion to Dismiss with the United States

District Court, District of New Jersey on December 4, 2007.  Pursuant to the JMPL Rule 7.4(d),

Plaintiff respectfully submits the Motion to Vacate and brief in support thereof now before this

Panel.

**III.   ARGUMENT**

      **A.   THE PRESENT ACTION SHOULD NOT BE TRANSFERRED FOR
CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS
BECAUSE THERE ARE NO SIGINIFICANT QUESTIONS OF FACT
AND TRANSFER WOULD NOT ELIMINATE DUPLICATIVE
DISCOVERY, AVOID INCONSISTENT RULINGS, OR CONSERVE
JUDICIAL RESOURCES**

      Central to the determination of whether the Panel should transfer an action to the Eastern

District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28

U.S.C. § 1407 is whether such a transfer "will be for the convenience of the parties and witnesses

and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  In

particular, the Multidistrict Litigation Act establishes that transfer to the MDL is proper where

the transfer involves actions having one or more common questions of fact pending in different

districts.  See id.  In determining whether to transfer an action, the Panel is to weigh the interests

of all parties and consider the litigation as a whole.  See, e.g., In re Stirling Homex Corp. Sec.

Litig., 442 F. Supp. 547, 550 (J.P.M.L 1977).  In fact, "[b]efore transfer will be ordered, the

Panel must be satisfied that all of the statutory criteria have been met."  In re Highway Accident

Near Rockville Connecticut on December 30, 1972, 388 F. Supp. 574. 575 (J.P.M.L. 1975).

1. **Transfer and consolidation of the present action will neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of this action.**

The rationale for centralizing Asbestos MDL actions, *i.e.*, to convenience parties and witnesses and promote the just and efficient conduct of actions, simply does not apply to the present action as the facts are not sufficiently common to warrant inclusion of this case in the Asbestos MDL proceedings. See 28 U.S.C. § 1407. The present action arises from decedent's occupational exposure to asbestos-containing thermal conductivity detectors ("T.C") which were removed from gas chromatographs manufactured by Defendants' corporate predecessor, F&M. Decedent's exposure to the asbestos-containing T.C. detectors occurred while working overtime during the course of his employment as a lead electronics technician at Defendant HP's repair center in Paramus, New Jersey between the years 1968 to 1973. The Plaintiff in the present action seeks to hold Defendants HP an Agilent liable as successors in interest to F&M, the manufacturer of the T.C. detectors to which the decedent was exposed. The present action thus derives from decedent's exposure to a unique type of asbestos-containing product at one specific worksite within a defined period of time. Moreover, the T.C. detectors to which the decedent was exposed were manufactured by one manufacturer, F&M, to which the Defendants have succeeded in interest.

It is clear from the aforesaid facts that, contrary to many Asbestos MDL cases, discovery will not be difficult to conduct in the present action. This is due to the limited number of parties, witnesses, worksites and asbestos-containing products involved in the case at bar. First, the Defendants, as corporate successors to F&M, are the only Defendants to the present action. Second, the decedent's exposure occurred solely in Paramus, New Jersey. Third, the Plaintiff resides a mere 30 miles west of Paramus in Randolph, New Jersey. Finally, the decedent was

exposed only to asbestos-containing T.C. detectors.  It follows that discovery in the present

action will not involve the numerous defendants, worksites and asbestos-containing products

characteristic of Asbestos MDL cases that make discovery so difficult as to require coordinated

or consolidated pretrial proceedings.  To the contrary, the ease at which parties will be able to

conduct discovery renders coordinated or consolidated pretrial proceedings unnecessary in the

present action.  Therefore, transfer of the present action to the Asbestos MDL will neither serve

the convenience of the parties and witnesses nor promote the just and efficient conduct of the

action.  Accordingly, this Panel should grant the Plaintiff's Motion to Vacate.

> **2.      There is insufficient commonality and complexity of facts to justify
> transfer and consolidation of the present action.**

Defendants HP and Agilent and the asbestos-containing T.C. detectors involved in the

present action are unique to asbestos litigation and as a result, factually distinct from those cases

pending in the Asbestos MDL.  Due to the present action's insufficient commonality and

complexity of fact, pretrial proceedings in the present action are also unique to asbestos litigation

and consequently, the Asbestos MDL.  Therefore, coordinating or consolidating pretrial

proceedings with Asbestos MDL cases will not render discovery more convenient for the parties

and witnesses nor will it promote the just and efficient conduct of this action.

An unrestricted search for Defendants HP and Agilent as well as their corporate

predecessor, F&M, on a national index of United States District, Bankruptcy and Appellate

Courts does not reveal a single action, open or closed, involving the Defendants individually or

as successors in interest to F&M arising from asbestos-related injuries.  In fact, the search

revealed only thirty six personal injury/product liability cases filed against HP, none of which

appear to arise from asbestos-related injuries.  See U.S. Party/Case Index, Civil Name Search

Results for HP ("HP Index Search"), attached hereto as Ex. A.  Excluding the present action,

only one of these cases is currently pending and it does not involve asbestos-related injuries. The search also revealed the Shamir matter as the only personal injury/product liability case involving Agilent. See U.S. Party/Case Index, Civil Name Search Results for Agilent ("Agilent Index Search"), attached hereto as Ex. B. Further, the search did not reveal a single action involving F&M and in particular, involving HP or Agilent as successors in interest to F&M. See U.S. Party/Case Index, Civil Name Search Results for F&M ("F&M Index Search"), attached hereto as Ex. C. Notably, none of the cases involving HP or Agilent identified by this search were transferred to the MDL pursuant to § 1407. Therefore, this search reaffirmed that the Defendants and the asbestos-containing T.C. detectors manufactured by F&M at issue in the present action are entirely unique not only to asbestos litigation in general but also unique to the Asbestos MDL.

As such, any benefit from coordinated or consolidated pretrial proceedings with respect to defendants commonly party to Asbestos MDL cases will go unrealized in the present action. Further, any benefit from coordinated or consolidated pretrial proceedings with respect to asbestos-containing products commonly at issue in Asbestos MDL cases will also go unrealized in the present action. This is because common issues of fact simply do not predominate between the present action and those cases pending in the Asbestos MDL. See In re Westinghouse Electric Corp. Employment Discrimination Litig., 438 F. Supp. 937 (J.P.M.L. 1977) (holding non-common issues predominated and denying transfer despite universal allegations of discriminatory conduct because different types of discrimination were alleged). Thus, transfer of this case would not eliminate any duplicative discovery or conserve the resources of the parties, their counsel or the judiciary. The unique nature of the present action with respect to asbestos litigation in general renders it incapable of advancing the objectives of the Multidistrict

6

Litigation Act if transferred to the Asbestos MDL. As such, the present action should not be transferred and accordingly, this Panel should grant the Plaintiff's Motion to Vacate.

        3.        **The present action is already proceeding in District Court for the District of New Jersey on the Defendants' volition**

The present action is already proceeding in the District Court for the District of New Jersey before the Honorable Joseph. A. Greenaway, Jr. As stated above, the Defendants filed a Motion to Dismiss the present action pursuant to F.R.C.P. 12(b)(6) in the District Court for the District of New Jersey. Defendants' Motion to Dismiss is currently returnable on December 24, 2007. The Plaintiff filed a brief in support of Plaintiff's opposition to Defendants' Motion to Dismiss on December 4, 2007. In particular, the Defendants' Motion to Dismiss argues that the present action is barred by the exclusivity provisions of the New Jersey's Workers' Compensation Act ("the Act") and thus, should be dismissed with prejudice. N.J. Stat. § 34:15-8 (2007). Whether the present action is barred by the exclusivity provisions of the Act is determinative of the Plaintiff's ability to litigate her claims and as such, should be decided in New Jersey District Court by a judge familiar with New Jersey law. Accordingly, this Panel should grant the Plaintiff's Motion to Vacate.

**IV.    CONCLUSION**

For the reasons discussed herein, Plaintiff Ruth Shamir respectfully requests that the Conditional Transfer Order transferring the present action to MDL-875, IN RE: Asbestos Products Liability Litigation (No. VI) be vacated and that this case be remanded to the District Court for the District of New Jersey.

Respectfully submitted,

Dated: 12/17/07

By: _____

Christopher M. Placitella

**Cohen, Placitella, and Roth, P.C.**
127 Maple Avenue
Red Bank, New Jersey 07701
Tel: 732-747-9003
Fax: 732-747-9004

*Attorney for Plaintiff Ruth Shamir*

8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 9 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |
| | Civil Action No. 2:07-cv-04185-JAG-MCA |

### PLAINTIFF RUTH SHAMIR'S REASONS WHY
### ORAL ARGUMENT NEED NOT BE HEARD

Pursuant to Panel Rule 16.1(b), Plaintiff Ruth Shamir respectfully requests that the Panel deny oral argument on the matter of transfer and consolidation of Ruth Shamir, et al. v. Agilent Technologies, Inc., et al., Civil Action No. 2:07-cv-04185-JAG-MCA, which is currently pending in the District Court for the District of New Jersey. Plaintiff's Motion to Vacate Conditional Transfer Order 295 and Brief in support thereof sufficiently sets forth the reasons for Plaintiff's opposition to Conditional Transfer Order 295. Therefore, it is the Plaintiff's position that the Panel is able to make an informed decision as to whether the above-captioned matter should be transferred and consolidated based on the Plaintiff's moving papers and any opposition thereto. Accordingly, the Plaintiff respectfully requests that oral argument not be heard.

Respectfully submitted,

Dated: 12/17/07                     By: _____

Christopher M. Placitella

**Cohen, Placitella, and Roth, P.C.**
127 Maple Avenue
Red Bank, New Jersey 07701
Tel: 732-747-9003
Fax: 732-747-9004

*Attorney for Plaintiff Ruth Shamir*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 9 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br><br>Civil Action No. 2:07-cv-04185-JAG-MCA |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion, Brief, Reasons Why Oral Argument

Need Not Be Heard and this Certificate of Service was served on December 17, 2007 via

Overnight Mail to the attorney for the Defendants at the following address:

Frank C. Testa
Morgan, Lewis & Bockius, LLP
502 Carnegie Center
Princeton, NJ 08540

and has been served via Overnight Mail and via the United States District Court, District of New

Jersey's CM/ECF System at the following address:

Honorable Joseph A. Greenaway, Jr., U.S.D.J.
United States District Court
District of New Jersey
M.L. King Jr., Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07102

and has been served via First Class Mail to all parties on the Panel Service List as set forth in the

attached page.

Dated:  12/17/07                    By:  _____

                                        Christopher M. Placitella, Esq.

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                      MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-295)

Ruth Shamir, etc. v. Agilent Technologies, Inc., et al., D. New Jersey, C.A. No. 2:07-4185

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON &
NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Christopher M. Placitella
COHEN PLACITELLA & ROTH PC
115 Maple Avenue
Red Bank, NJ 07701

John J. Repcheck
MARKS O'NEILL O'BRIEN &
COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR &
PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE &
SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Frank C. Testa
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 19 2007

FILED
CLERK'S OFFICE

A

# U.S. Party/Case Index

## Civil Name Search Results

**36 Total Party matches for selection HEWLETT-PACKARD NOS 365 for ALL COURTS**

**Search Complete**

**Mon Dec 17 13:10:06 2007**

**Selections 1 through 36 (Page 1)**

● Download (1 pages $ 0.00)

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | HEWLETT-PACKARD | mndce | 0:2006cv01690 | 05/05/2006 | 365 | 10/04/2006 |
| | Hammond et al v. Hewlett-Packard Company et al | | | | | |
| 2 | HEWLETT-PACKARD CO | ohsdce | 2:1994cv00462 | 05/18/1994 | 365 | 10/31/1995 |
| | Dawson v. Intl Bus Machines, et al | | | | | |
| 3 | HEWLETT-PACKARD CO | flmdce | 6:1994cv00563 | 05/20/1994 | 365 | 05/04/1995 |
| | Ruiz, et al v. IBM, et al | | | | | |
| 4 | HEWLETT-PACKARD CO | ohsdce | 1:1991cv00718 | 10/16/1991 | 365 | 09/23/1992 |
| | Hamlin v. Hewlett-Packard Co | | | | | |
| 5 | HEWLETT-PACKARD CO | ksdce | 6:1997cv01001 | 01/02/1997 | 365 | 03/27/1997 |
| | Vernon, et al v. IBM, et al | | | | | |
| 6 | HEWLETT-PACKARD CO | ksdce | 6:1994cv01182 | 05/17/1994 | 365 | 01/09/1996 |
| | Andres, et al v. Epson America Inc, et al | | | | | |
| 7 | HEWLETT-PACKARD CO | ksdce | 6:1994cv01183 | 05/17/1994 | 365 | 02/21/1996 |
| | Abbott, et al v. Unisys, et al | | | | | |
| 8 | HEWLETT-PACKARD CO | ksdce | 6:1994cv01383 | 09/08/1994 | 365 | 08/28/1996 |
| | Nolte, et al v. Hewlett-Packard Co | | | | | |
| 9 | HEWLETT-PACKARD CO | ksdce | 6:1994cv01386 | 09/08/1994 | 365 | 08/14/1996 |
| | Case, et al v. Hewlett-Packard Co | | | | | |
| 10 | HEWLETT-PACKARD CO | ksdce | 6:1994cv01389 | 09/08/1994 | 365 | 12/07/1995 |
| | Snodgrass v. IBM, et al | | | | | |
| 11 | HEWLETT-PACKARD CO. | nyedce | 0:1993cv00468 | 02/02/1993 | 365 | 10/21/1997 |
| | Smith, et al v. Ericsson North Amer., et al | | | | | |
| 12 | HEWLETT-PACKARD CO. | dedce | 1:1994cv00610 | 11/17/1994 | 365 | 03/31/2000 |
| | Rosenzweig v. IBM, et al | | | | | |
| 13 | HEWLETT-PACKARD CO. | nyedce | 0:1993cv02183 | 05/17/1993 | 365 | 11/26/1997 |
| | Johnston, et al v. Compaq Computer Corp, et al | | | | | |
| 14 | HEWLETT-PACKARD CO. | paedce | 2:1994cv03066 | 05/18/1994 | 365 | 01/26/1996 |
| | PATTERSON, et al v. INTL BUSINESS CORP, et al | | | | | |

15 HEWLETT-PACKARD CO.        nyedce  0:1993cv03254 07/21/1993 365 07/13/1998
Richmond, et al v. International Busine, et al

16 HEWLETT-PACKARD CO.        nyedce  0:1993cv03387 07/28/1993 365 12/09/1997
Vernon, et al v. International Busine, et al

17 HEWLETT-PACKARD CO.        nyedce  0:1993cv03494 08/03/1993 365 07/13/1998
Turner, et al v. Hewlett-Packard Co., et al

18 HEWLETT-PACKARD CO.        nyedce  0:1992cv03515 07/27/1992 365 04/13/1998
Johnson, et al v. Unisys Corporation, et al

19 HEWLETT-PACKARD CO.        paedce  2:2004cv03878 10/01/2004 365 10/24/2005
CHEN v. HEWLETT-PACKARD CO.

20 HEWLETT-PACKARD CO.        njdce   2:2007cv04185 08/31/2007 365
SHAMIR et al v. AGILENT TECHNOLOGIES INC. et al

21 HEWLETT-PACKARD CO.        nysdce  1:1991cv04441 06/28/1991 365 07/31/1992
Berridge v. Hewlett-Packard Co.

22 HEWLETT-PACKARD CO.        nysdce  1:1991cv04441 06/28/1991 365 07/31/1992
Berridge v. Hewlett-Packard Co.

23 HEWLETT-PACKARD CO.        nyedce  0:1992cv04917 10/16/1992 365 04/21/1994
Webster, et al v. Digital Equipment Co, et al

24 HEWLETT-PACKARD CO.        nyedce  0:1992cv05227 11/05/1992 365 04/10/1998
Roszak v. Hewlett-Packard Co., et al

25 HEWLETT-PACKARD CO.        nyedce  0:1992cv05259 11/09/1992 365 04/20/1994
Patterson, et al v. International Busine, et al

26 HEWLETT-PACKARD CO.        nyedce  0:1992cv05630 11/30/1992 365 04/21/1994
Miller, et al v. Unisys Corporation, et al

27 HEWLETT-PACKARD COMPANY tnmdce  3:1997cv00130 02/04/1997 365 03/19/1997
Rowland, et al v. Hewlett-Packard Comp, et al

28 HEWLETT-PACKARD COMPANY medce   2:1996cv00205 07/01/1996 365 08/28/1996
BASINGER, et al v. HEWLETT PACKARD COMP, et al

29 HEWLETT-PACKARD COMPANY nywdce  1:1993cv00258 03/19/1993 365 10/03/1994
College v. Hewlett-Packard

30 HEWLETT-PACKARD COMPANY codce   1:2005cv00782 04/28/2005 365 07/26/2006
Quick v. Hewlett-Packard Company

31 HEWLETT-PACKARD COMPANY nyedce  0:1994cv01500 03/31/1994 365 05/26/1998
Basinger, et al v. Hewlett-Packard Co, et al

32 HEWLETT-PACKARD COMPANY mndce   0:2006cv01670 05/04/2006 365
Hammond et al v. Hewlett-Packard Company et al

33 HEWLETT-PACKARD COMPANY mndce   0:2006cv01690 05/05/2006 365 10/04/2006
Hammond et al v. Hewlett-Packard Company et al

34 HEWLETT-PACKARD COMPANY nyedce  0:1994cv03783 08/12/1994 365 12/20/1996
Rowland, et al v. Hewlett-Packard Co, et al

35 HEWLETT-PACKARD COMPANY nyedce 0:1993cv05579 12/09/1993 365 01/22/1998
Toro, et al v. Hewlett-Packard Co

36 HEWLETT-PACKARD COMPANY miedce 2:1990cv70370 02/09/1990 365 04/24/1991
Imbriaco v. Hewlett-Packard Co, et al

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/17/2007 13:10:07 | | | |
| **PACER Login:** | kc0183 | **Client Code:** | Shamir |
| **Description:** | Civil srch pg 1 | **Search Criteria:** | HEWLETT-PACKARD NOS 365 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

**?????** Help

B

# U.S. Party/Case Index

## Civil Name Search Results

**1 Total Party match for selection AGILENT TECHNOLOGIES NOS 365 for ALL COURTS**

**Search Complete**

**Mon Dec 17 13:10:48 2007**

**Selections 1 through 1 (Page 1)**

● Download (1 pages $ 0.00)

| Name | Court | Case No. | Filed | NOS Closed |
|------|-------|----------|-------|------------|
| 1 AGILENT TECHNOLOGIES INC. | njdce | 2:2007cv04185 | 08/31/2007 | 365 |

SHAMIR et al v. AGILENT TECHNOLOGIES INC. et al

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/17/2007 13:10:48 | | | |
| **PACER Login:** | kc0183 | **Client Code:** | Shamir |
| **Description:** | Civil srch pg 1 | **Search Criteria:** | AGILENT TECHNOLOGIES NOS 365 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**U.S. Party/Case Index - Home**

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?²? Help
? ? ?

C

# U.S. Party/Case Index

## All Types Name Search Results

**0 Total Party matches for selection F&M SCIENTIFIC for ALL COURTS**
**Search Complete**
**Mon Dec 17 13:09:29 2007**
**No Matches Found**

⬤**Download** (1 pages $ 0.00)

---

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/17/2007 13:09:29 | | |
| **PACER Login:** | kc0183 | **Client Code:** | Shamir |
| **Description:** | All Types srch pg 1 | **Search Criteria:** | F&M SCIENTIFIC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

---

**U.S. Party/Case Index - Home**
**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?**?**? Help

# U.S. Party/Case Index

## Civil Name Search Results

**0 Total Party matches for selection F&M SCIENTIFIC NOS 365 for ALL COURTS**

**Search Complete**

**Mon Dec 17 13:10:30 2007**

**No Matches Found**

● Download (1 pages $ 0.00)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/17/2007 13:10:30 | | | |
| **PACER Login:** | kc0183 | **Client Code:** | Shamir |
| **Description:** | Civil srch pg 1 | **Search Criteria:** | F&M SCIENTIFIC NOS 365 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

**??? Help**