MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 19 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS ) MDL DOCKET NO. 875
LIABILITY LITIGATION (NO. VI), ) CTO -295
 )
This Document Relates to: )
 )
CLAUDE E. NEWMAN v. CROWN )
CORK & SEAL COMPANY, INC., et al., )
 )

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLAUDE E. NEWMAN, ) Civil No. CV-07-1533-JO
 )
           Plaintiff, ) PLAINTIFF'S MOTION BEFORE THE
 ) JUDICIAL PANEL ON MULTI-
     v. ) DISTRICT LITIGATION TO VACATE
 ) CONDITIONAL TRANSFER ORDER
CROWN CORK & SEAL COMPANY, ) 295
INC., et al., )
 )

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT**

**LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 295**

**AND BRIEF IN SUPPORT OF MOTION**

CLAUDE E. NEWMAN ("Movant" or "Plaintiff") by and through his counsel of record file this consolidated Motion and Brief to Vacate Conditional Transfer Order 295 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on November 16, 2007.

1 - PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
    VACATE CONDITIONAL TRANSFER ORDER
    MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)
    \\fso\vol4\OR\105902\Appeal\Pld\MTN-VacateCondTransORD.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

OFFICIAL FILE COPY
IMAGED DEC 20 2007

| | |
|---|---|
| 1 | Movant respectfully moves the Panel pursuant to JPML Rule 7.4(c) to vacate its |
| 2 | November 16, 2007 order conditionally transferring the above entitled and numbered case to the |
| 3 | United States District Court for the Eastern District of Pennsylvania. This motion is based on the |
| 4 | brief in support which is made a part of this filing, the accompanying Declaration of Patrick D. |
| 5 | Angel and such other materials as may be presented to the JPML at the time of the hearing on the |
| 6 | motion. Movant requests the Clerk of the JPML to set this motion for hearing at the next session |
| 7 | of the Panel. Rule 7.4(c). |

### **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY** [1]

This action for asbestos-related personal injury was originally filed by Claude Newman, against numerous defendants including Ford Motor Company in the Multnomah County Circuit Court on October 13, 2006. Trial was set to begin with plaintiff and the seven remaining defendants – Crown Cork & Seal, Curtiss-Wright, Ford Motor Company, Foster Wheeler, Honeywell International, Uniroyal Holdings, and United Technologies – on January 14, 2008. Nearly all pretrial issues, save motions in limine, have been resolved in the state court. Identification of experts who would testify at trial is essentially complete as is nearly all expert and fact discovery. The parties have all expended time and money, scheduled witnesses, including several expert witnesses, prepared exhibits, and nearly completed preparations for trial. Declaration of Patrick D. Angel.

Defendant Ford Motor Company removed Newman v. Crown Cork & Seal to the United States District Court for the Western District of Washington on October 12, 2007. Declaration of Patrick D. Angel.

The Conditional Order filed on November 16, 2007 transferred this case to the MDL-875 in the Eastern District of Pennsylvania.[2] *Exhibit A*.

---

[1] This summary is based upon the Declarations Patrick D. Angel filed contemporaneously with and in support of this Motion to Vacate, as well as attached Exhibits.

[2] The Conditional Order is not a determination on the merits. *In re Grain Shipments*, 319 F. Supp. 533 (J.P.M.L. 1970). Tag-along actions are not exempted from the statutory requirement of a Panel determination on the merits.

2 - PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)
\\fso\vol4\OR\105902\Appeal\Pld\MTN-VacateCondTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1  Mr. Newman's health is precarious and deteriorating. He is a 67 year old man suffering
2  from asbestosis, an inherently progressive illness, with inevitable and predictable deterioration
3  over time, he is also suffering from prostate cancer. Mr. Newman is expected to experience a
4  progressive decline in respiratory function and depends on the assistance of supplemental oxygen
5  twenty four hours a day. Mr. Newman is acutely aware of his prognosis and is concerned that the
6  removal to federal court will deny him his day in court.

7  Mr. Newman is very concerned that soon he will be unable to travel to Portland, Oregon
8  and tell the jury in his own words how he was injured by the defendants named in his case. He is
9  concerned that he will be denied the right to stand up for himself and his family, since he may
10 become either too weak to travel or become incapacitated from his illness before having his day
11 in Court.

12 It is time for trial, not for further and unnecessary delay. Mr. Newman, therefore, move
13 this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United
14 States District Court in the District of Oregon to move the case speedily along to trial. Justice
15 and fairness demand that the delay occasioned by Ford Motor Company's action be ameliorated
16 by the setting of an prompt date for trial, which requires that the matter remain in the District of
17 Oregon, or be remanded to Multnomah County Circuit Court.

18 The situation is urgent because Mr. Newman suffers from a possible lethal and
19 unpredictable illness. Because of the nature of this disease there is great danger that Mr. Newman
20 will be either too ill testify at or to assist in the trial of his claim if the matter is further delayed.

### ARGUMENT

22 Title 28, United States Code, section 1407(a) allows for the transfer of a civil action
23 "involving one or more common questions of fact" only if the Panel determines that a transfer
24 "will be for the convenience of parties and witnesses and will promote the just and efficient
25 conduct of such actions." Mr. Newman submits that this case does not meet these requirements.
26 Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than
27 enhance the progress of this case. If transfer goes forward, it is possible that Mr. Newman will

28
3 - PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)
\\fso\vol4\OR\105902\Appeal\Pld\MTN-VacateCondTransORD.wpd           **BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

never meet the jury in his own case.

The well-advanced stage of this litigation which was nearly in trial when it was removed to federal court, runs counter to the intent and purpose of the Judicial Panel on Multi-district Litigation when it created MDL-875 "for coordinated or consolidated **pretrial proceedings**," and specifically limited its reach to actions that "are **not in trial**, and are pending outside the Eastern District of Pennsylvania." (Emphasis added.) *In re Asbestos Products Liability Litigations (No. VI)*, 771 F.Supp. 415, 424 (Jud.Pan.Mult.Lit.,1991); 28 U.S.C.A. § 1407(a). At the conclusion of pretrial proceedings, each case must be remanded back to the district court from which it originated for trial. *In re Drowning Incident at Quality Inn Northeast, Washington, D.C., on May 3, 1974*, 405 F.Supp. 1304 (Jud.Pan.Mult.Lit., 1976). The statute "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Id.* (quoting *Lexecon, Inc. v. Milberg, Weiss, Bershand, Hynes & Lerach*, 523 U.S. 26, 34-35 (1998)). This obligation to remand is 'impervious to judicial discretion'" *Id.*

### A.   This Case Does Not Share Common Factual Issues With Other MDL Cases

Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3, 1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. *In re Boeing Co. Employment Practices Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.)   A mere showing of common questions of fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo, New Mexico on June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).

Because Mr. Newman's case is dissimilar from the multi-party asbestos suits in MDL 875 it should remain in Oregon. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL 875 cases the common material, asbestos fibers, it is wholly different in its simplicity and limited scope. The critical issues

4 -   PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
      VACATE CONDITIONAL TRANSFER ORDER
      MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)
      \\fso\vol4\OR\105902\Appeal\Pld\MTN-VacateCondTransORD.wpd          **BRAYTON ❖ PURCELL, LLP**
                                                                          Columbia Square Building
                                                                          111 SW Columbia Street, Suite 250
                                                                          Portland, Oregon 97201
                                                                          Tel: (503) 295-4931; Fax: (503) 241-2573

presented in Mr. Newman's case pertain to the time and place and amount of Mr. Newman's exposure to a handful of specific products containing asbestos, not to the broad spectrum of asbestos product manufacturers which are the focus of a majority of asbestos litigation.

Once it reached eve of trial, this case had devolved through successful settlement or dismissal of the several defendants named in the original complaint into a simple, straightforward case where the facts in dispute (other than the generic fact of asbestos exposure) were entirely unique to Mr. Newman's work history and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is essentially applicable to this one plaintiff, and will be of little possible benefit to the parties in MDL 875. Discovery is nearly completed here, and the parameters of the relevant evidence have already been mostly defined.

### B.  Transfer Will Immensely Inconvenience Parties and Witnesses

In its Order creating MDL 875, the Panel explained that since section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise". *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp 415, 422 (J.P.M.L. 1991).

Movants respectfully submit, however, that *effective* practice before the Eastern District of Pennsylvania, especially to get attention for this "small" case[3] before the single Judge charged with ruling on all thousands of federal asbestos cases, will unavoidably require travel to Philadelphia for settlement conferences in chambers and court hearings before Judge Giles. Travel to Philadelphia will require expensive air fares and lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977). This places a heavy and entirely

---

[3]*See generally In Re Mack Trucks, Inc. Antitrust Litig.* 405 F. Supp 14100, 1401 (J.P.M.L. 1975) (denying transfer despite existence of common facts and parties where the action proposed for transfer was a simple contract action capable of prompt resolution which upon transfer would have been entangled with complex antitrust matters previously transferred.)

5 -  PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)
\\fso\vol4\OR\105902\Appeal\Pld\MTN-VacateCondTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1  unnecessary burden on the Mr. Newman.

2  **C.   Transfer Will Be Unjust and Inefficient.**

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the action in question. See *In re Patenaude,* 210 F.3d. 135, 142 (3rd Circuit 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation,* 76 F. Supp 2d 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery; (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993). See generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases,* 302 F. Supp. 244, 254-255 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer mechanics of transferring and remanding. After transfer, the process of segregating the pretrial matters which should be remanded for handling by the transferor courts may be time-consuming, as well as subject to reasonable disagreement. The basic question before the Panel in each proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer and remand.")

Consolidation of Mr. Newman's case with MDL 875 will not serve any of these aims. This case is no longer the complex administrative challenge it may have been when there were at lease sixteen defendants, and is not suitable for transfer for MDL for that reason. Its lack of complexity makes this case dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. At most, only minimal and simple, end-stage pretrial proceedings remain, which can be most efficiently handled by the district court in Portland, Oregon in the Federal District Court for the

6 - PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)
\\fso\vol4\OR\105902\Appeal\Pld\MTN-VacateCondTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

District of Oregon or in Multnomah County Circuit Court where the trial will take place. Here, the parties will be able to move quickly through any pretrial proceedings and either be in or close to beginning trial by the time the Panel decides the matter.

The parties will not benefit from the MDL 875's focus on common asbestos defendants because this case is focused on only seven defendants. It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against common asbestos product manufactures) which was the context in which MDL 875 was created to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. This case is a straightforward personal injury action, one that the state court and the parties were able to move rapidly to trial in only eight months.

Nor does there seem to be any real promise of enhanced settlement potential in the Eastern District of Pennsylvania. The defendants have made attempts to settle the case pre-trial. In light of these events, Movants respectfully submit that transfer at this stage in the proceedings to MDL-875 could not be more inconvenient to the parties and witnesses, or more likely to obstruct rather than promote the just and efficient conduct of this case. Transfer will serve only to delay the matter, while increasing the judicial workload of the Pennsylvania court, and accomplishing no effective progress in the action.

If the case were to be transferred, Mr. Newman would immediately seek a remand order in Eastern District of Pennsylvania to send the case back to Washington because of its advanced stage of litigation and demonstrated readiness for trial. The statute "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Id.* (quoting *Lexecon, Inc. v. Milberg, Weiss, Bershand, Hynes & Lerach*, 523 U.S. 26, 34-35 (1998)). This obligation to remand is 'impervious to judicial discretion'" *Id.* Indeed, Judge Giles has the power to remand "with a minimum of delay" any actions that prove incapable of benefitting from consolidation. *In re Equity Funding Corp.*, 397 F. Supp. at 886.

## **CONCLUSION**

7 -   PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
      VACATE CONDITIONAL TRANSFER ORDER
      MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)
      \\fso\vol4\OR\105902\Appeal\Pld\MTN-VacateCondTransORD.wpd           **BRAYTON ❖ PURCELL, LLP**
                                                                             Columbia Square Building
                                                                         111 SW Columbia Street, Suite 250
                                                                                 Portland, Oregon 97201
                                                                         Tel: (503) 295-4931; Fax: (503) 241-2573

1    Mr. Newman's case does not share common issues of fact with other asbestos litigation. Transfer will serve neither the convenience of the parties nor the just and efficient conduct of the case. This action is limited in nature, has progressed in state court through pretrial proceedings and no party will be prejudiced by the case remaining where it is. It is not suitable for transfer to the MDL.

   For these reasons, Movants request that the Panel vacate the Conditional Transfer Order 295 of as to Movant Mr. Claude Newman.

DATED this 17 day of December, 2007.

BRAYTON ❖ PURCELL, LLP

/s/ PDA 12/17/07

Patrick D. Angel, Esq., OSB No. 032672
pangel@braytonlaw.com
BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931
Fax: (503) 241-2573
Attorneys for Plaintiff

8 - PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER
MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)
\\fso\vol4\OR\105902\Appeal\Pld\MTN-VacateCondTransORD.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 19 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | MDL DOCKET NO. 875<br>CTO -295 |
| This Document Relates to: | |
| CLAUDE E. NEWMAN v. CROWN CORK & SEAL COMPANY, INC., et al., | |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLAUDE E. NEWMAN, | Civil No. CV-07-1533-JO |
| Plaintiff, | Corrected Certificate of Service |
| v. | |
| CROWN CORK & SEAL COMPANY, INC., et al., | |

I, the undersigned, hereby certify that I am an employee of Brayton ❖Purcell LLP, 222 Rush Landing Rd., Novato, California.

That on December 18, 2007, I served a true and correct copy of PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 295 and DECLARATION OF PATRICK D. ANGEL, (along with this certificate of service) by placing a true copy of said documents in a postage paid envelope addressed to the persons listed on the PANEL SERVICE LIST attached

1 - CERTIFICATE OF SERVICE
MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)

**BRAYTON❖PURCELL LLP**

1  and to the additional parties listed below and by depositing said envelopes in the U.S. MAIL, or
2  by placing said copies into an inter-office delivery receptacle located in this office.
3      I caused each of the above documents to be placed in a sealed envelope, postage thereon
4  prepaid, addressed and served as follows
5  **TO ALL PARTIES ON THE ATTACHED PANEL SERVICE LIST and to:**

| | |
|---|---|
| WILLIAM PATTON<br>Lane Powell, PC<br>601 SW Second Avenue, Ste. 2100<br>Portland, OR 97204-3158<br>**Attys for Crown Cork & Seal Co.** | JAMES H. GIDLEY<br>Perkin Coie LLP<br>1120 NW Couch Street, 10th Flr.<br>Portland, OR 97209-4128<br>**Attys for Honeywell International, Inc.** |
| GEORGE S. PITCHER<br>Williams, Kastner & Gibbs<br>888 SW Fifth Avenue, Ste. 600<br>Porland, OR 97204<br>**Attys for Curtiss-Wright Corp.** | Uniroyal Holdings Inc.<br>70 Great Hill Rd.<br>Naugatuck, CT 06770<br>**Agent for Service for Uniroyal Holdings Inc.** |
| Nancy Hudgins<br>Law Offices of Nancy Hudgins<br>565 Commerical Street, 4th Floor<br>San Francisco, CA 94111-3031<br>**Attys for Uniroyal Holdings, Inc.** | Eric Dahlin<br>Davis Wright Tremaine<br>1300 SW Fifth Avenue. Ste. 2300<br>Portland, OR 97201-5682<br>**Attys for Foster Wheeler LLC** |
| Michael A. Jaeger<br>Wilson, Smith, Cochran, Dickerson<br>1215 Fourth Avenue. Ste. 1700<br>Seattle, WA 98161-1007<br>**Attys for United Technologies Corp.** | Hon. Robert E. Jones (CV-07-1533 JO)<br>United States District Court<br>1000 SW Third Avenue<br>Portland, OR 97204-2902 |

   Executed this 18th of December, 2007, at Novato, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
Jane Ehni

2 -  CERTIFICATE OF SERVICE
     MDL DOCKET NO. 875, CTO-295 (District of Oregon Civil No. CV-07-1533-JO)

BRAYTON❖PURCELL LLP

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                         MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-295)**

Claude E. Newman v. Crown Cork & Seal Co., Inc., et al., D. Oregon,
C.A. No. 3:07-1533

Patrick D. Angel
BRAYTON PURCELL LLP
Columbia Square Building
111 SW Columbia Street
Suite 250
Portland, OR 97201

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Michael A. Jaeger
WILSON SMITH COCHRAN
DICKERSON
1215 Fourth Avenue
Suite 1700
Seattle, WA 98161

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Daniel K. Reising
FUCILE & REISING LLP
115 Northwest First Avenue
Suite 410
Portland, OR 97209-4024

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

MDL No. 875 - Panel Service List (Excerpted from CTO-295) (Continued)

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY
 LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis
Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 19 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | MDL DOCKET NO. 875 <br> CTO-295 |
| This Document Relates to: | |
| CLAUDE E. NEWMAN v. CROWN CORK & SEAL COMPANY, INC., et al., | |

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CLAUDE E. NEWMAN, | No. CV-07-1533-JO |
| Plaintiff, | DECLARATION OF PATRICK D. ANGEL |
| v. | |
| CROWN CORK & SEAL COMPANY, INC., et al., | |
| Defendants. | |

I, Patrick D. Angel, do declare:

I am one of the attorneys assigned to handle this matter as it was prosecuted in Multnomah County Circuit Court. I am familiar with the factual and procedural background of the case from my own personal knowledge and from my review of pleadings and records from the Circuit Court. Based on this information I declare:

1 - DECLARATION OF PATRICK D. ANGEL
MDL DOCKET NO. 875, CTO-295 (For the District of Oregon, Civil Case No. CV-07-1533-JO)
J:\OR\105902\Appeal\Pld\DEC-MTN-VacateCondTransORD.NEWMAN.wpd

**BRAYTON ❖ PURCELL, LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

1   This action for asbestos-related personal injury was filed in Multnomah County Circuit Court on October 13, 2006. Trial was scheduled to begin on January 14, 2008. Pretrial issues were nearly resolved before assignment for trial. On October 12, 2007, Ford Motor Company filed its notice of removal to federal court.

Our firm, and I personally, have expended significant time and money in case preparation. Witnesses, including expert witnesses traveling from substantial distances, have been tentatively scheduled. Trial exhibits and *in limine* motions were prepared. The parties had all expended substantial time and money, scheduled witnesses, including several expert witnesses, prepared exhibits, and completed their trial preparations. The matter was prepared and very nearly ready for trial in January 14, 2008 as scheduled.

It is imperative that the trial take place as soon as possible, and take place in the District of Oregon, because Mr. Newman is unlikely to be able to testify at or to assist in the trial of his claim if the matter is further delayed, and his family will suffer substantial and irreparable detriment if his death precedes a verdict. I am informed and believe that Mr. Newman's health continues to decline. It is my further opinion that Mr. Newman's ability to assist and meaningfully participate in this lawsuit will continue to decline further as time passes.

I make the following declaration based on my own personal knowledge and belief.

(a)   Attached hereto as Exhibit A is a true and correct copy of the Conditional Transfer Order ("CTO") 295.

I declare the above declaration to be true and correct to the best of my knowledge. DATED this 17 day of December, 2007.

BRAYTON ❖ PURCELL, LLP

*/s/ Patrick D. Angel*

Patrick D. Angel, OSB #03267
Brayton Purcell, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
(503) 295-4931 - telephone
(503) 241-2573 - facsimile
Attorneys for Plaintiff Claude E. Newman

2 -   DECLARATION OF PATRICK D. ANGEL
MDL DOCKET NO. 875, CTO-295 (For the District of Oregon, Civil Case No. CV-07-1533- JO)
J:\OR\105902\Appeal\Pld\DEC-MTN-VacateCondTransORD.NEWMAN.wpd

BRAYTON ❖ PURCELL, LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Tel: (503) 295-4931; Fax: (503) 241-2573

# DECLARATION OF PATRICK D. ANGEL IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 295

## EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 16 2007

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-295)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,584 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel