**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 6 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITITGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) MDL No. 875 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) December 19, 2007 |

PLEADING NO. 5 2 9 7

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD A. MACHNIK  and ELIZABETH MACHNIK | ) Case No.  3:07-CV-00357 (CFD) <br> ) |
| Plaintiffs | ) <br> ) |
| v. | ) <br> ) |
| BUFFALO PUMPS, INC. et al. | ) <br> ) |
| Defendants | ) |

### DEFENDANT VIAD CORP'S
### MEMORANDUM OF LAW IN OPPOSITION TO
### PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER TO MDL

The undersigned Defendant, Viad Corp, improperly served herein as Viad Corp.

f/k/a The Dial Corp individually and as successor in interest to Griscom-Russell

Company ("Viad"), by and through counsel, hereby submits this Objection to the

Plaintiffs' Motion to Vacate Conditional Transfer Order to MDL.

## OFFICIAL FILE COPY

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2007 DEC 26  A 9: 1

RECEIVED
CLERK'S OFFICE

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
&SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**IMAGED** DEC 2 7 2007

I.   **ARGUMENT**

The federal asbestos multidistrict litigation docket No. 875 ("MDL") was specifically created to centralize all personal injury and wrongful death asbestos related litigation.  Thus, the MDL is the appropriate and proper venue for transfer of this case.

A.   **The MDL Is The Appropriate Venue For This Case.**

In moving to vacate the conditional transfer order, the plaintiffs argue at the outset that the MDL in Philadelphia is inconvenient for the parties or witnesses.  The undersigned defendant notes that it is based in Arizona and the multitude of its expert witnesses will likewise be from outside the jurisdiction of Connecticut.  The defendant further points out that in creating the federal asbestos MDL, the Panel chose Philadelphia in large part for the convenience of the litigants.  The Panel found that the largest numbers of asbestos cases were in proximity to Philadelphia and also that:

> on the basis of the papers filed and the hearing held, … the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best  serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

In re Asbestos Products Liability Litigation (No. VI)  771 F.Supp. 415, *417 (Jud.Pan. Mult.Lit.,1991).

The Panel recognized that the transfer might be burdensome or inconvenient to some, but explained that the "§ 1407 transfer is primarily for pretrial, [so] there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise.  Furthermore… it is most logical to assume that prudent counsel will

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel, and the judiciary." Id. at 422.

The defendant's lack of proximity to the MDL court coupled with the court's dispensing of the same inconvenience argument in In re Asbestos Products Liability Litigation renders the plaintiffs' argument without merit.

### B.   The MDL Is A Just And Efficient Venue To Conduct This Action.

In plaintiffs' second argument to vacate the conditional transfer order, they argue that the MDL is unjust or inefficient claiming that the defendants seek to avail themselves of the "black hole" that is the federal asbestos MDL. To the contrary, the MDL is the appropriate and an adequate venue for this litigation.

Before the creation of the MDL, both federal and state courts faced "an asbestos-litigation crisis." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 598 (1997). The courts were overwhelmed with asbestos lawsuits.

> The most objectionable aspects of asbestos litigation can be briefly summarized: dockets in both federal and state courts continue to grow; long delays are routine, trials are too long; the same issues are litigated over and over; transaction costs exceed the victims' recovery by nearly two to one; exhaustion of assets threatens and distorts the process; and future claimants may lose altogether.

Id. (citing the Report of the Judicial Conference Ad Hoc Committee on Asbestos Litig. at 2-3 (Mar. 1991)). In creating federal asbestos MDL 875, the court was persuaded that asbestos litigation had reached a magnitude that threatened the administration of justice and that required a new, streamlined approach. In re Asbestos Products Liability Litigation 771 F. Supp. at 418. The centralization of all federal asbestos personal injury/wrongful death actions, in the words of 28 U.S.C. § 1407(a), "will be for the

3

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Id.

In undertaking the asbestos litigation crisis, the MDL court has successfully created procedures for overseeing the asbestos docket. In re Asbestos Prods. Liab. Litig., 1996 WL 539589, *1 (E.D. Pa Sept. 16, 1996). For instance, through the MDL the parties developed a settlement model that resolved cases in the New England area; a model that is now employed nationwide. Id. As a result of the MDL court's efforts, significant gains have been made to resolve cases. In 1996 the number of cases resolved exceeded the number of new cases filed. Id. at *2. In 1997 and 1998, the MDL court was closing 10,000 cases a year. In re Patenaude, 210 F.3d 135, 140 (3rd Cir. 2000). By September 2006, nearly 75,000 of the 110,000 cases in the MDL were resolved. See Judicial Panel on Multidistrict Litig., Statistical Analysis of Multidistrict Litigation 2006, at 11 (Summary of Docket of Multidistrict Litigation Pending as of Sept. 30, 2006, or Closed since Oct. 1, 2005), available at http://www.jpml.uscourts.gov/ Statistics/statistics.html.

In seeking to avoid transfer to the MDL, the plaintiffs cite to Maine Asbestos, 44 F.Supp.2d 368 (D.Me 1999), and argue that cases go untouched in the MDL. The Maine Asbestos opinion makes disparaging comments regarding the MDL only in passing, indeed, in a footnote. Maine Asbestos, 44 F.Supp.2d at 374 n.2. Notably, the Maine Asbestos court cites neither statistics nor authority for its statements and, moreover, its comments were centered on the MDL's early interest in achieving a global settlement, a now defunct goal.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Additionally, plaintiffs are misguided in quoting <u>Madden v. Able Supply Company</u>, 205 F.Supp.2d 695 (S.D. Texas, 2002).  The court in that case held that keeping the subject claim in federal court would not increase efficiency or expediency, but the court focused its decision largely on the fact that state court trial was set for a mere eight weeks away.  Additionally, the case involved forty defendants with claims based on state law, and only one defendant who was the basis for federal officer jurisdiction.  The court severed that one federal contractor and sent that portion of the case to federal court remanding the additional forty defendants and their claims to state court for disposition.

In this case, plaintiffs avoided this scenario by originally filing two separate actions in the Connecticut Superior Court.  One action was filed against thirty two (32) defendants.  That action, designated as *Machnik v. A.W. Chesterton, et al*,  Docket Number FBT-CV-07-5006719 S, is still pending in the Connecticut Superior Court.  The other action is the one at hand, and it was filed against six (6) defendants.  As noted, this action was removed based on federal officer jurisdiction as the plaintiff alleged exposure to asbestos while serving in the U.S. Navy.  Thus, the plaintiffs have avoided the scenario presented in the <u>Madden</u> case.

Similarly, the plaintiffs quote from <u>Rosamond v. Garlock Sealing Technologies, Inc.</u>, 2004 WL 943924 (N.D. Miss, 2004), but fail to advise the court of the fact that <u>Rosamond</u> was remanded to state court because of a lack of subject matter jurisdiction due to a lack diversity of citizenship and also because the removal was not timely filed in regard to the one-year statute of limitations.  A variety of federal judges may disagree with the administration of MDL No. 875 to some degree, however their dicta is not

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

binding on this court and it does not preempt the fact that the MDL was specially created to preside over asbestos litigation.

The MDL has a strong grasp on the cases within its docket.  Recently, Judge Giles of the MDL issued Administrative Orders regarding the MDL whereby strengthening the court's procedures over the docket.  More particularly, Administrative Orders 11 and 12 adjust calendar management and filing requirements.  Copies of the recent orders are attached hereto as Exhibit A.  These recent orders and the aforementioned record of resolving a significant number of cases and remanding many others for trial plainly indicates the MDL court's dedication to managing and resolving asbestos litigation cases.

The MDL 875 has extensive experience in complex asbestos litigation, and the published cases and available statistics demonstrate that the MDL is a fair and appropriate venue.  As such, MDL 875 is an appropriate venue for transfer of the instant case and the plaintiffs' motion to vacate should be denied.

### C.   Plaintiffs' Constitutional Rights Will Not Be Violated By Transfer To The MDL.

Plaintiffs incorrectly contend that a transfer to the MDL would violate the plaintiffs' state right of redress or right to open access to the courts under Article 1, §§ 10 of the Connecticut Constitution, as well as the Seventh and Fourteenth Amendments of the United States Constitution.

#### 1.  Transfer to the MDL will not violate the plaintiffs' State right of redress or "right of open access to the courts."

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs' argument hinges on blanket speculation that plaintiffs' avenues for redress will be foreclosed merely by the case transferring to MDL 875. To the contrary, and as mentioned above, the MDL has extensive experience with asbestos litigation and the goal of the asbestos MDL is to streamline and simplify asbestos litigation for both the court and the parties. Plaintiffs' assertions are a broad leap neither supported by the published cases, nor the statistical record of resolved MDL cases, but instead supported by the dicta of a few discontented judges.

Transfer to the MDL is not a total denial of plaintiffs' right of redress and the plaintiffs are not being denied the right to open access in court. Conversely, the MDL is the judicial innovation for handling this exact category of litigation and plaintiff's ability to remand the case to trial back to the transferor court is not foreclosed upon. Plaintiffs Article 1, § 10 of the Connecticut Constitution are not being violated as the management of his litigation is merely being transferred to the docket with expertise for this matter.

2. ***Transfer to the MDL will not violate the right to trial by jury as guaranteed by the Seventh Amendment to the U.S. Constitution and Article 1, §19 of the Connecticut Constitution.***

In seeking to vacate the conditional transfer order, plaintiffs argue that such a transfer will violate their right to trial by jury. Again, plaintiffs hinge their argument on the idea that a trial will be unduly delayed once the case is transferred to the MDL. This is not a projection plaintiffs can reasonably make. Empirical evidence shows that MDL 875 is successful in handling and remanding cases to trial where appropriate. Plaintiff can not predict the future and thereby, plaintiff's right to a trial by jury is readily available for when the court sees fit.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Notably, the MDL court has already denied this same constitutional argument that plaintiffs attempt to make.  The plaintiffs in a Southern District of Texas action argued that a conditional transfer should be denied because the way in which MDL 875 is being administered effectively denies them their constitutional right to a jury trial.  In re Asbestos Products Liability Litigation, 170 F.Supp.2d 1348, *1349 – 1350 (Jud.Pan.Mult.Lit.,2001).  The court flatly rejected this argument finding that although the number of § 1407 remands is proportionately small, this is only because the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings.  Id.  The court further explained that whenever the transferee/ MDL judge deems remand of any claims or actions appropriate, procedures are utilized to accomplish § 1407 remand for trial with a minimum of delay.  Id.  "The Panel has deferred to this suggested approach, recognizing that the recommendations of the transferee judge regarding the timing of remand should be given great weight, because that judge, after all, is the one who supervises day-to-day pretrial proceedings."  Id. at 1350.

Plaintiffs admit that reasonable delays and alternative process in jury trials has been accepted as constitutional.  See Plaintiffs' Memorandum of Law at p. 14.  However, the plaintiffs attempt to distinguish the typical MDL timeline as unreasonable by quoting to cases in which Judges have made disapproving statements in dicta, but never as part of their decision.  In Maine Asbestos, Madden v. Able Supply Company, and Rosamond v. Garlock Sealing Technologies, Inc., each discussed above, the courts' dicta regarding the MDL played no or a limited role in the final disposition of each case by the court.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs inappropriately attempt to analogize the reasonable delays, which can occur by transfer to the MDL with those unreasonable delays that took place in <u>Armster v. U.S. Dist. Court for the Central Dist. of Florida</u>, 792 F.2d 1423 (9th Cir, 1986).  In that case, all trials were outright suspended due to budgetary concerns.  There the court held that the civil jury trial system may not be suspended for lack of funds and that it was an unconstitutional violation of plaintiff's right to trial by jury.  Clearly, no legal syllogism follows here.  This case is in no way analogous to a trial suspension due to lack of funds nor is there any evidence other than speculation that an unconstitutional delay will occur.

The focus of the MDL is admittedly on collective pretrial, but given the enormous numbers of cases relying on the same facts and the same defendants, collective pretrial is the most just and efficient manner in which to handle asbestos cases.  Nonetheless, the court can and does remand cases to the transferor courts for trial when appropriate and as such, the plaintiffs' right to a trial by jury is alive and well within MDL 875.

3. ***Transfer to the MDL will not violate plaintiffs' rights to equal protection as guaranteed by Article 1, §§1 and 20 of the Connecticut Constitution and the Fourteenth Amendment to the U.S. Constitution.***

Finally, plaintiffs incorrectly assert that transfer to the MDL would be a violation of plaintiffs equal protection rights under Article 1, §§1 and 20 of the Connecticut Constitution and the Fourteenth Amendment to the United States Constitution.  Plaintiffs contend that the transfer of cases under §1407 to the asbestos MDL 875 is

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

unconstitutional because it does not meet the strict scrutiny standard.  Plaintiffs' argument is without merit.

To pass muster under the strict scrutiny test, a challenged governmental action must be closely related to a compelling governmental interest.  The federal was confronted with a compelling interest when it faced the asbestos litigation crisis.  The well-known asbestos crisis included overcrowded dockets in both federal and state courts; long delays, cumbersome trials, repetitiously litigated issues, transaction costs exceeding the victims' recovery by nearly two to one; exhaustion of assets, etc.  It was necessary to address these issues and creation and administration of MDL 875 is the government's narrowly tailored means to do so.  Because plaintiffs' equal protection rights have not been violated, the transfer of this case to the MDL is proper and appropriate.

## II.   **CONCLUSION**

The MDL is the proper venue for this action since it is both adequately convenient and will provide just and efficient administration for asbestos litigation.  Furthermore, there are no violations of plaintiffs' Constitutional rights by a conditional transfer to the MDL.

Wherefore, Defendant Viad Corp respectfully requests that Plaintiffs' Motion to Vacate Conditional Transfer Order to MDL be denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**DEFENDANT, VIAD CORP**

By

James M. Celentano
Federal Bar No. ct 17630
Halloran & Sage, LLP
One Goodwin Square
Hartford, CT  06103-4303
Telephone:  (860) 297-4651
Fax: (860) 548-0006
celentano@halloran-sage.com
Its Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 6 2007

### Certificate of Service

FILED
CLERK'S OFFICE

I hereby certify that on December 19, 2007, a copy of foregoing Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order to MDL was filed and served by mail, postage prepaid, via United States Postal Service to all parties listed on the attached certificate page.

Christopher Meisenkothen, Esq.
Early, Ludwick & Sweeney, LLC
265 Church Street
11th Floor
New Haven, CT 06510

Timothy E. Kapshandy, Esq.
Sidley Austin, LLP
One South Dearborn
Chicago, IL 60603

Dan E. LaBelle, Esq.
Halloran & Sage, LLP
315 Post Rd. West
Westport, CT 06880

Geoffrey Lane Squitiero, Esq.
Maher 7 Murtha
528 Clinton Ave.
P.O. Box 901
Bridgeport, CT 06601

James R. Oswald, Esq.
Adler, Pollock & Sheehan
One Citizens Plza
8th Floor
Providence, RI 02903

Ronald L. Motely, Esq.
Motely & Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Richard C. Binzley, Esq.
Thompson Hine, LLP
127 Public Sq.
3900 Key Center
Cleveland, OH 44114

Edward J. Cass, Esq.
Gallagher Sharp Fulton Norman
Bulkley Building, 7th Floor
1501 Euclid Ave.
Cleveland, OH 44115

Adam M. Chud, Esq.
Goodwin Procter, LLP
901 New York Ave.
N.W.
Washington, D.C. 20001

David A. D'Amico, Esq.
Burns White & Hickton
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno, Esq.
Forceno Goggin & Keller
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

12

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

John J. Repcheck, Esq.
Marks O;Neill O'Brien & Courtney PC
Gulf Tower, Suite 2600
707 Grant Street
Philadelphia, PA  15219

Ellen Be. Furman, Esq.
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hansen, Esq.
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MA  55402

Reginald S. Kramer, Esq.
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH  44308-1314

David C. Landin, Esq.
Hunton & Williams, LLP
Riverfront Tower
East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks, Esq.
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA  19102

John D. Roven, Esq.
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys Sater Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216-1008

Neil Selman, Esq.
Selman Breitman & Burgess
11766 Wilshire Blvd.
6th Floor
Los Angeles, CA  90025

Robert E. Swickle, Esq.
Jacques Admiralty Law Firm, P.C.
1370 Penobscot Building
645 Griswold Street
Maritime Asb. Legal Clinic
Detroit, MI  48226-4192

Andrew Trevelise, Esq.
Reed Smith, LLP
2500 Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II, Esq.
Tom Riley Law Firm
4040 First Ave. NE
P.O. Box 998
Cedar Rapids, IA  52406

Robert N. Spinelli, Esq.
Kelley Jasons McGuire & Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA  19102

James M. Celentano

13

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

# EXHIBIT A

RECEIVED
CLERK'S OFFICE

2001 DEC 26  A 4 13

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :       **MULTIDISTRICT LITIGATION**
LIABILITY LITIGATION                      :       **NO. MDL 875**

### ADMINISTRATIVE ORDER NO. 11

Whereas Asbestos Products Liability Litigation (MDL 875) has been an active, ongoing multidistrict action since July 29, 1991, and

Whereas the undersigned transferee judge has analyzed the existing Court case management procedures as they relate to MDL 875, and is of the view that adjustments of these procedures need to be made to allow a more efficient discharge of the transferee court's responsibilities, it is hereby

**ORDERED** that the following modifications to the existing procedures for the processing of cases, dockets, pleadings and orders in MDL 875 cases are adopted:

1.    ***Calendar Management.***

Effective immediately, and except as otherwise set forth herein, the management of the case files and dockets for all pending MDL 875 cases (and, the files and dockets for all future MDL 875 cases filed after the entry of this Administrative Order) shall be transferred to the Transferee Court in accordance with both the schedule compiled by the Clerk of the Transferee Court and the following terms:

A.    **Actions to be taken by the Clerks of the Transferor Courts.**

I.    The Clerks of the Transferor Courts shall retain all case files for those actions in which all claims have been completely resolved between all parties, including bankrupt defendants, whether by dismissal, stipulation or attrition.  Unless otherwise directed, case files and dockets of cases previously remanded to the Transferor Courts by the Judicial Panel on Multidistrict Litigation shall also be retained by the Transferor Court.  In addition, the Clerks of the Transferor Courts shall retain all case files and dockets for those actions transferred to a state court or a federal district court registry which has been previously specifically established for the placement and tracking of asbestos personal injury cases which do not currently meet specified criteria for advancement to trial.

II.    The remaining cases having unresolved claims against bankrupt defendants and non-bankrupt defendants shall be transferred to the Transferee Court in the following manner:

a.    In the interests of administrative efficiency and uniformity, upon the entry of an Order of Transfer by the undersigned

judge, a list of all cases to be transferred shall be sent by the Clerk of the Transferee Court to the Clerk of the Transferor Court. The Clerk of the Transferee Court shall retrieve a copy of each docket sheet from the CM/ECF system from the Clerk of the Transferor Court for the transferred cases, and shall initiate a new file in the Transferee Court. The Clerk of the Transferor Court shall mark the Transferor Court's file "CLOSED."

b.     In the event the Transferor Court does not maintain its MDL 875 cases under the CM/ECF system, a paper copy of each docket sheet for the cases to be transferred shall be forwarded to the Clerk of the Transferee Court.

c.     New pleadings, documents and other papers received for filing after the case has been transferred shall be forwarded to the Clerk of the Transferee Court, and the Clerk of the Transferor Court shall notify all counsel concerned, as well as all *pro se* parties, that all future pleadings are to be filed with the Clerk of the Transferee Court, in accordance with the conditions set forth in Section 1.B.II of this Administrative Order, by giving notice of this Order to counsel and to any *pro se* party.

III.     Documents in any asbestos personal injury lawsuit involving MDL 875 filed in any one Transferor Court shall not be filed in the Transferee Court until a Transfer Order has been entered in the Transferee Court that states that documents in that specific Transferor Court shall be filed in the Transferee Court.

IV.     Any document in any asbestos personal injury lawsuit involving MDL 875, over which the Transferor Court, and not the Transferee Court, has jurisdiction and venue, shall not be filed in the Transferee Court until a Transfer Order has been entered in the Transferee Court that states that documents in that specific Transferor Court shall be filed in the Transferee Court.

B.     **Actions to be taken by the Clerk of the Transferee Court.**

I.     The Clerk of the Transferee Court shall maintain dockets and create case files in all actions transferred from the Transferor Courts as soon as they are received.

II.     All documents submitted to the Clerk of the Transferee Court shall be treated in all respects in accordance with the Transferee Court's Local Rules of Civil Procedure 5.1.2; 5.1.3; and, 5.1.4. All attorneys who file documents pursuant to the Transferee Court's Local Rule of Civil Procedure 5.1.4 shall apply for a signature code by completing and filing with the Clerk of the Transferee Court a

Validation of Signature Form, a copy of which is attached hereto. Such an attorney's signature code shall be entered on the signature line of the courtesy copy of the document for the purpose of signature validation pursuant to Federal Rule of Civil Procedure 11.

III.   The Clerk of the Transferee Court shall compile a schedule of all MDL 875 cases in order to allow for the more efficient transfer of MDL 875 cases from the Transferor Court to the Transferee Court.

IV.   The Clerk of the Transferee Court shall submit to the undersigned transferee judge a quarterly pending caseload status report specific to the Transferee Court and each Transferor District Court.

2.   **_Motions._**

All Motions pending in MDL 875 which are neither granted nor denied as of the date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the Transferee Court shall be deemed denied _**without prejudice**_ and with all time requirements held in abeyance from the initial date of filing. Counsel may refile any unresolved motions for further transferee court action. Motions brought in accordance with the procedures contained in Administrative Order #3 shall be preceded by a telephone conference with the Court. Disputing counsel shall attempt to resolve issues between the parties without Court assistance, and failing resolution, through a telephone conference with the Court prior to the filing of any disputed motion.

3.   **_Exclusions._**

The dockets and files for cases filed in the United States District Court for the Northern District of Ohio under the designation "MARDOC-MDL875(2)" shall not be transferred at this time under the terms of this order.

4.   **_Conflicts._**

To the extent that any conflicts exist, this Administrative Order shall take precedence over and supercede all previous administrative orders in this Multidistrict Litigation consolidation.

**BY THE COURT:**

_8/15/06_
**DATE**

/s/ James T. Giles
**JAMES T. GILES, J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)              :

                                   Civil Action No. MDL 875

This Document Relates To:
    ALL ACTIONS
_____x

ADMINISTRATIVE  ORDER  NO 12

     THE COURT, after examination of current procedures in place in this matter, and with a desire to facilitate the expeditious movement of pending cases on the MDL docket, and having had the benefit of input from the court-appointed plaintiff and defendant steering committees, hereby imposes the following filing requirements and procedures:

1.    **SUBMISSION OF IDENTIFICATION INFORMATION**

     All plaintiffs shall submit to the Court a report identifying each plaintiff by full name, date of birth, last four digits of plaintiffs SSN, and a statement indicating the status of the plaintiff in the case before this Court; ie., asbestos-related injury victim, spouse of injured party, administrator of injured party of deceased injured party, executor(trix), child of injured party, etc.

2.    **SUBMISSION OF RELATED COURT ACTIONS**

     Each plaintiff shall identify each and every prior or pending court or administrative action brought with the intent of satisfjlng in whole or in part the damages sustained by the plaintiffs alleged asbestos-related personal injury.  In each such instance the plaintiff shall identify the claim, the parties involved and the results of any action thereon.

3.    **SUBMISSION OF STATEMENT OF CASE STATUS**

     The plaintiff in each case shall identify all of the named defendants in the following manner:

     a) Each defendant with whom the plaintiff has achieved resolution of his/her claim, whether by settlement or agreement to dismiss without payment or by payment of a claim through the bankruptcy court, shall be identified and, where a dismissal has not yet been entered of record, a proposed order shall be submitted.

b) Each defendant that the plaintiff now desires to dismiss from the action, with or without prejudice, the reason for the dismissal, and a proposed order.

c) Each remaining defendant that is currently in bankruptcy with a claim pending, together with an order for the transfer of the claim to an inactive docket which the court has created for the holding of such claims.

d) Each non-bankrupt unsettled defendant.

4.      **SUBMISSION OF MEDICAL REPORTS**

Each plaintiff asserting a claim based upon an alleged asbestos-related <u>malignancy</u> shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claim as if to withstand a dispositive motion.

Each plaintiff asserting a claim based upon an alleged <u>non-malignant</u> injury or condition shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claim as if to withstand a dispositive motion.

Each report or opinion submitted hereunder shall be based upon objective and subjective data which shall be identified and descriptively set out within the report or opinion.

5.      **ALTERNATIVE PLAINTIFF SUBMISSION**

Alternative submissions to the court are acceptable under the following circumstances:

a) If the plaintiff has remaining claims only against bankrupt parties and is desirous of seeking payment on those claims through the bankruptcy action, then, as an alternative to the required submissions under sections 2. and 4. above, the plaintiff may submit a proposed order for the transfer of this case to the "Bankrupts Only" docket in the form attached.

b) If the plaintiff has viable claims remaining against both bankrupt and non-bankrupt parties and wishes to pursue through the bankruptcy action only those claims remaining against the bankrupt parties, then, as an alternative to the required submissions under sections 2. and 4. above, the plaintiff may submit a proposed order for the dismissal of the non-bankrupt parties with prejudice and the transfer of the remaining claims against the bankrupt parties to the "Bankrupts Only" docket in the form attached.

c) The plaintiff may at any time submit to the court a proposed order to dismiss his/her case against all parties with prejudice. Plaintiff may also request a dismissal against any or all parties without prejudice; however, notice must be given to all parties, any of whom may file an objection within thirty (30) days thereafter. The court will hold a hearing if deemed necessary.

6.    **TIMING REQUIREMENTS**

Plaintiffs shall submit required documentation and proposed orders to the court in accordance with the schedule set forth:

a) Plaintiffs whose cases were filed during the years 2007, 2006, and before July 29, 1991 shall file with the court their required papers on or before August 1, 2007.

b) Plaintiffs whose cases were filed between July 29, 1991 and December 31, 1995 shall file with the court their required papers on or before September 1, 2007.

c) Plaintiffs whose cases were filed in 1996, 1997 and 1998, shall file with the court their required papers on or before October 1, 2007.

d) Plaintiffs whose cases were filed in 1999, 2000, 2001 and 2002, shall file with the court their required papers on or before November 1, 2007.

e) Plaintiffs whose cases were filed in 2003, 2004, and 2005 shall file with the court their required papers on or before December 1, 2007.

The court may dismiss pursuant to F.R.C.P. 41(b) the cases of any plaintiffs who fail to comply with the requirements set forth.

7.    **SCREENED CASES**

Current litigation efforts in this court and in the silica litigation have revealed that many mass screenings lack reliability and accountability and have been conducted in a manner which failed to adhere to certain necessary medical standards and regulations. The result is that mass screenings create an inherent suspicion as to their reliability. Where screenings have been conducted by the Sheet Metal Occupational Health Institute Trust and other organizations utilizing standards and protocols established by the American Thoracic Society (ATS), the Association of Occupational and Environmental Clinics (AOEC), and other accredited health organizations, there is a larger probability of adequacy for the reliablity foundation necessary for admissibility. This court will therefore entertain motions and conduct such hearings as may be necessary to resolve questions of evidentiary sufficiency in non-malignant cases supported only by the results of mass screenings which allegedly fail to comport with acceptable screening standards.

8.    **EXCLUSIONS**

The cases designated as 2MDL 875 (MARDOC) shall be excluded from the requirements set forth and those actions shall continue to be governed by the requirements of previous orders of this court concerning the management of the MARDOC cases.

9.    **SETTLEMENT CONFERENCES/SUGGESTIONS OF REMAND**

The court intends upon stepping up the pace of settlement conferences and will accordingly issue orders to that effect. Counsel are expected to comply with all requirements of the notice and to be prepared at the conference. All parties shall submit to the court at the time of the first settlement conference in any case a **short** position paper stating their position relative to disease, exposure and damages. Mitigating factors for the purposes of settlement shall also be set forth.

If the parties have failed to achieve settlement following one or more settlement conferences and working with the court, the case may be referred to mediation or, if the court finds that the parties have negotiated in good faith without success, the court may suggest the case for remand. A determination of good faith may not be necessary with regard to all defendants. The court will continue to prioritize malignant and exigent cases.

10.   **MANNER OF SUBMISSIONS**

All submissions to be made to the court pursuant to this order shall be paper filings with copies provided to all remaining viable parties in accordance with Rule 5, F.R.C.P.

IT IS SO ORDERED

Date: 5/31/07

BY THE COURT

James T. Giles                    J.

[Administrative Order No. 12 - Exhibit to Section 5 a)]

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS     :
LIABILITY LITIGATION (NO. VI)    :     Civil Action No.  MDL - 875

---

### This Document Relates To:

---

### UNITED STATES DISTRICT COURT
### FOR THE (name of Transferor District)

DOE, John and Mary          :
                         :
       v.                  :      Civil Action No. (Transferor Ct. No.)
                         :
ABC Corp., et al.            :

---

## MOTION AND ORDER TO TRANSFER TO "BANKRUPT's ONLY" DOCKET

Plaintiff hereby submits to the Court, in accordance with this Court's Administrative Order No. 12, that the only remaining claims in this action are against defendants in bankruptcy and that the defendant wishes at this time to pursue those claims through the bankruptcy claim process.

Plaintiff therefore moves that this action be transferred to the Court's administrative "Bankrupt's Only" docket. The Plaintiff understands that should there be a change of circumstances, the Plaintiff may, upon compliance with Administrative Order No. 12, petition the Court to have this action reinstated against certain defendants.

Plaintiff further understands that it is Plaintiff's responsibility to submit a final dismissal order to this Court when all claims have been resolved.

SUBMITTED BY:                       SO ORDERED

_____ (   /   /   )        _____ J.
(Counsel for Plaintiff)                      James T. GILES
address                                    (   /   /   )
tel. No.

[Administrative Order No. 12 - Exhibit to Section 5 b)]

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASPESTOS PRODUCTS   :
LIABILITY LITIGATION (NO. VI)  :  Civil Action No.  MDL - 875

This Document Relates To:

## UNITED STATES DISTRICT COURT
## FOR THE (name of Transferor District)

DOE, John and Mary       :
              :
   v.          :   Civil Action No. (Transferor Ct. No.)
              :
ABC Corp., et al.       :

## MOTION FOR PARTIAL DISMISSAL AND ORDER TO TRANSFER TO
## "BANKRUPT's ONLY" DOCKET

   Plaintiff hereby submits to the Court, in accordance with this Court's Administrative Order No. 12, that the remaining claims in this action are against bankrupt and non-bankrupt defendants. Plaintiff desires to dismiss with prejudice all claims against the remaining non-bankrupt defendants and pursue those claims remaining against the bankrupt defendants through the bankruptcy claim process.

   The remaining non-bankrupt defendants to be dismissed with prejudice are:

   (list non-bankrupt defendants to be dismissed with prejudice)

   Plaintiff therefore moves that, following the dismissal of the non-bankrupt defendants, this action be transferred to the Court's administrative "Bankrupt's Only" docket.  The Plaintiff understands that should there be a change of circumstances, the Plaintiff may, upon compliance with Administrative Order No. 12,  petition the Court to have this action reinstated against certain bankrupt defendants.

   Plaintiff further understands that it is Plaintiff's responsibility to submit a final dismissal order to this Court when all claims have been resolved.

SUBMITTED BY:          SO ORDERED

_____ (  /  / )   _____ J.
(Counsel for Plaintiff)        James T. GILES
address            (  /  / )
tel. No.