# MDL 875 ◀

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| EUGENE F. BOOTH, )<br><br>Plaintiff, )<br><br>v. )<br><br>ARVINMERITOR, INC., ET AL., )<br><br>Defendants. )<br>_____ ) | No. 07-CV-1544-AS (D. Or.) |

PLEADING NO. 5299

## OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-295

Defendants ArvinMeritor, Inc. and Maremont Corporation respectfully submit this Opposition to plaintiff's Motion to Vacate Conditional Transfer Order ("CTO") 295 in the above-referenced action. Defendants oppose plaintiff's motion because it contradicts well-settled Panel precedent, and is premised on a fundamental misunderstanding of the purpose of MDL No. 875. For these reasons, the Panel should deny plaintiff's motion.

This action is an asbestos-related personal injury action, and as such it falls within the category of cases that should be transferred to MDL No. 875. Plaintiff argues that the Panel should not transfer the case to MDL No. 875 because the federal district court in Oregon has stayed the case and because an unrelated state court action has a motion pending that may result, if decided in plaintiff's favor, in the dismissal of this case. See Plaintiff's Motion to Vacate at 2. But plaintiff ignores that there is an existing federal asbestos-related case that unquestionably is subject to transfer to MDL No. 875. Any request to dismiss this case or even any as-yet unmade

## OFFICIAL FILE COPY

IMAGED DEC 2 7 2007

motion to remand the case to state court can just as easily be made in the transferee court as in the transferor court and does not affect the propriety of transfer.

In the past, the Panel has consistently rejected plaintiff's arguments against transfer. In its initial opinion creating this MDL docket, the Panel made clear "that distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order) (copy annexed to this opposition) at 2 (citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991)). The Panel has repeatedly reaffirmed this position and has explicitly held that even a pending motion for remand to state court is not a proper basis for denial of transfer. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order), at 2 n.1 ("Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.")[1]

Plaintiff's motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor Oregon district court to decide expeditiously whether remand to the state court is appropriate, assuming plaintiff makes such a motion, which he has not. And the transferee court is certainly just as capable of processing a dismissal as the transferor court. The bottom line is that, while the case remains in federal court, it should be

---

[1]  Even if plaintiff had filed a motion to remand in the transferor court, which plaintiff has not done here, it would not prevent transfer. The Panel has noted that the transferor court has sufficient time to rule on a motion to remand prior to final transfer if it so chooses, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action to final transfer." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order), at 2 n.1.

subject to transfer to MDL No. 875 like the other federal court asbestos-related personal injury cases.  Nothing in plaintiff's motion to vacate compels a different result.

Plaintiff makes much of the fact that the transferor court is entertaining a motion to stay the case and that the defendants did not oppose the stay motion.  See, e.g., Plaintiff's Brief in Support of Motion to Vacate at 4.  But the defendants did not oppose the motion to stay in the transferor court because they favored such a stay pending the Panel's determination on whether transfer to the MDL was appropriate.  Indeed, stays are common when awaiting a determination on a "tag-along" transfer application and are sought by parties seeking to conserve judicial resources.[2]  In any event, consent to a stay pending determination by the MDL Panel is not the functional equivalent of stipulating to remand.

The presence of an unrelated state court action by plaintiff against a different entity than the defendants in this case also has no bearing on whether this federal court case is subject to transfer to MDL No. 875.  Plaintiff's argument is nothing more than fanciful speculation regarding the outcome of a motion for summary judgment in the unrelated state court action.  In brief, plaintiff sued the wrong entity in the unrelated state court action and did not perfect service on Maremont Corporation (a defendant in this case), the proper entity.  Plaintiff offers no reason why the summary judgment motion in the unrelated state court action would be denied.  Moreover, although plaintiff states that if the motion is denied, plaintiff will dismiss this case, plaintiff does not discuss what happens if the motion is granted.  If the motion is granted, and it certainly should be given the undisputed facts of improper naming and incorrect service, plaintiff will be left with claims against the defendants in this federal court case, which is pending in

---

[2]   Courts frequently enter stays pending a decision by the MDL Panel.  E.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 48 F. Supp. 2d 37, 43 (D.D.C. 1999); Good v. Prudential Ins. Co., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); Bullard v. American Airlines, Inc., 929 F. Supp. 1284, 1286-87 (W.D. Mo. 1996).

federal court and which would remain in federal court.  Additionally, the motion for summary

judgment in the unrelated state court action is not scheduled to be heard until February 29, 2008.

As the cases from the Panel cited in plaintiff's own brief make clear, there is no reason to delay

transfer in order to permit another court to rule on a motion that might impact transfer.  Inasmuch

as the transferee court can certainly process plaintiff's dismissal request should the motion for

summary judgment somehow be denied, there is no prejudice to plaintiff in the undeniably

proper transfer of this federal court case to MDL No. 875.

In short, plaintiff has presented no cognizable basis on which the Panel should vacate

CTO-295 with respect to this case.  For these reasons, the Panel should deny plaintiff's motion.

Respectfully submitted,

KASOWITZ, BENSON, TORRES &
  FRIEDMAN LLP

By: John C. Canoni
    John C. Canoni
1633 Broadway
New York, New York  10019
(212) 506-1700

Attorneys for Defendants ArvinMeritor, Inc.
  and Maremont Corporation

December 21, 2007

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 6 2007

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of December, 2007, I caused an original, four (4)

copies and one computer readable disk copy in .pdf format of the foregoing Opposition to

Plaintiff's Motion to Vacate CTO-295 to be served by Federal Express on the Clerk of the Panel:

> Jeffery N. Lüthi
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-255, North Lobby
> Washington, D.C.  20002-8004

I further certify that, on this 21st day of December, 2007, I caused copies of the foregoing

Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached

service list.

I finally certify that, on this 21st day of December, 2007, I caused a copy of the foregoing

Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street, Room 2609
> Philadelphia, PA  19106-1797

_____
John C. Canoni

2007 DEC 26  A 9: 58

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-295)

Eugene F. Booth v. ArvinMeritor, Inc., et al., D. Oregon, C.A. No. 3:07-1544

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

James S. Crane
LANDYE BENNETT
& BLUMSTEIN
1300 S.W. Fifth Avenue
Suite 3500
Portland, OR 97201

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James H. Gidley
PERKINS COIE LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Diane J. Kero
GORDON THOMAS
HONEYWELL
MALANCA  ET AL
One Union Square
Suite 2100
600 University
Seattle, WA 98101

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

MDL No. 875 - Panel Service List (Excerpted from CTO-295) (Continued)

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael Esler
ESLER STEPHENS & BUCKLEY
888 SW Fifth Avenue, Suite 700
Portland OR  97204

Peter Glade
MARKOWITZ, HERBOLD,
 GLADE & MEHLHAF, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730

Jeffrey S. Mutnick
LAW OFFICE OF JEFFREY MUTNICK
1300 SW Fifth Avenue, Suite 2750
Portland OR  97201

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 1 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Darrell Dillon, et al. v. Kaiser Aluminum & Chemical Corp., et al.*, E.D. Louisiana, C.A. No. 2:02-1445
*Barbara Catania, et al. v. ACandS, Inc., et al.*, M.D. Louisiana, C.A. No. 3:02-368
*Procopio A. Martinez, et al. v. A.P. Green Industries, Inc., et al.*, D. New Mexico, C.A. No. 1:02-398
*George Baca, et al. v. A.P. Green Industries, Inc., et al.*, D. New Mexico, C.A. No. 1:02-506
*Tony G. Chavez, et al. v. A.P. Green Industries, Inc., et al.*, D. New Mexico, C.A. No. 1:02-515
*Leon Chavez, et al. v. A.P. Green Industries, Inc., et al.*, D. New Mexico, C.A. No. 1:02-517
*Willis D. Hardy, et al. v. Asbestos Claims Management Corp., et al.*, D. New Mexico, C.A. No. 1:02-518
*Robert A. Biel, et al. v. ACandS, Inc., et al.*, D. New Mexico, C.A. No. 1:02-519
*William P. Amon, et al. v. ACandS, Inc., et al.*, D. New Mexico, C.A. No. 1:02-520
*Aurelio A. Saiz v. ACandS, Inc., et al.*, D. New Mexico, C.A. No. 1:02-521
*Richard Ortiz, et al. v. Asbestos Claims Management Corp., et al.*, D. New Mexico, C.A. No. 1:02-522
*Jackie Litten v. ACandS, Inc., et al.*, D. New Mexico, C.A. No. 6:02-516
*Eugene Collins, et al. v. Uniroyal, Inc., et al.*, D. South Carolina, C.A. No. 2:02-1732
*Colleen Carter, et al. v. ACandS, Inc., et al.*, E.D. Texas, C.A. No. 3:02-9
*Laura Madden, etc. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 3:02-194

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] MOREY L. SEAR,[*] BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN[*] AND J. FREDERICK MOTZ,[*] JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in fifteen Eastern District of Louisiana, Middle District of Louisiana, District of New Mexico, District of South Carolina, Eastern District of Texas, or Southern District of Texas actions. Movants seek to vacate the Panel's orders conditionally transferring their actions to the Eastern District of

---

[*]Judge Sear took no part in the decision of this matter. In his absence, all other members of the Panel participated in the decision of this matter with respect to three of the New Mexico actions (*Hardy*, *Biel* and *Amon*) and the Southern District of Texas action under the "rule of necessity." This was done in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001). Finally, i) Judge Keenan took no part in the decision of this matter with respect to the South Carolina action; ii) Judge Selya took no part in the decision of this matter with respect to the Middle District of Louisiana action, five of the New Mexico actions (*Martinez*, *Baca*, *Saiz*, *Ortiz* and *Litten*), and the Eastern District of Texas action; iii) Judge Jensen took no part in the decision of this matter with respect to two of the New Mexico actions (*Baca* and *Tony G. Chavez*) and the Eastern District of Texas action; and iv) Judge Motz took no part in the decision of this matter with respect to the Middle District of Louisiana action and two of the New Mexico actions (*Saiz* and *Litten*).

- 2 -

Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these fifteen actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[*] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

We note that under Judge Weiner's stewardship, as of October 1, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,200 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these fifteen actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the

---

[*]Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman