**MDL 875**

BEFORE THE JUDICIAL PANEL
FOR MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 3 2008

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| MICHAEL J. MCCURDY, *et ux.* | * | D. Maryland |
| Plaintiffs | * | Dist. Div. C.A. # MD 1 07-02681 |
| vs. | * | MDL Docket No. 875 |
| JOHN CRANE-HOUDAILLE, INC., *et al.* | * | In re Asbestos Products Liability Litigation |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### REMOVING DEFENDANTS GARLOCK SEALING TECHNOLOGIES AND GREENE TWEED, & COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendants, Garlock Sealing Technologies, LLC (improperly named as Garlock, Inc.) ( hereinafter, "Garlock"), and Greene Tweed & Co. (individually and as successor to Palmetto Inc. and improperly named as Green, Tweed & Co.) (hereinafter "Greene Tweed") (hereinafter collectively known as "Removing Defendants"), by their undersigned counsel, do hereby file this Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order and in support thereof state the following:

1. Plaintiffs' Motion, a reiteration of several motions recently filed in the United States District Court for the District of Maryland, fails to show good cause for why this case should not be transferred to the Eastern District of Pennsylvania in accordance with 28 U.S.C. §1407.

2. Furthermore, Plaintiffs' Motion to Vacate should have been filed within fifteen days of the date on which the Conditional Transfer Order was issued. As the Order was issued on November 16, 2007 and Plaintiffs failed to file their Motion to Vacate until December 14, 2007, it is untimely and should be denied.

PLEADING NO. 5309

OFFICIAL FILE COPY
IMAGED JAN 4 2008

3.  In further support of this Opposition, Removing Defendants adopt and incorporate by reference herein the accompanying Brief in Support of Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order.

Respectfully submitted,

/s/ Michelle Siri

Thomas P. Bernier
Federal Bar # 2141
Michelle Daugherty Siri
Federal Bar # 27500
Segal, McCambridge, Singer & Mahoney, Ltd.
One North Charles Street
Suite 2500
Baltimore, MD  21201
Phone:  410-779-3960
Fax:  410-779-3967
tbernier@smsm.com
msiri@smsm.com

Attorneys for:
Defendants Garlock Sealing Technologies, LLC
and Greene Tweed & Co.

2008 JAN -3  A 9:39
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
FOR MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| MICHAEL J. MCCURDY, *et ux.* | * | D. Maryland |
| Plaintiffs | * | Dist. Div. C.A. # MD 1 07-02681 |
| vs. | * | MDL Docket No. 875 |
| JOHN CRANE-HOUDAILLE, INC., *et al.* | * | In re Asbestos Products Liability Litigation |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### REMOVING DEFENDANTS GARLOCK SEALING TECHNOLOGIES AND GREENE TWEED, & COMPANY'S BRIEF IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendants, Garlock Sealing Technologies, LLC (improperly named as Garlock, Inc.) ( hereinafter, "Garlock"), and Greene Tweed & Co. (individually and as successor to Palmetto Inc. and improperly named as Green, Tweed & Co.) (hereinafter "Greene Tweed") (hereinafter collectively known as "Removing Defendants"), by their undersigned counsel, do hereby file this Brief in Support of Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order, as Plaintiffs have failed to show good cause as to why the conditional transfer order should be vacated, and in support thereof state the following:

### Legal Background

On July 29, 1991, the Judicial Panel on Multidistrict Litigation (hereinafter, "MDL") entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania (hereinafter, "Asbestos MDL Court"] for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C.

§1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991) (*cited in Docket No. 875, Before the Judicial Panel on Multidistrict Litigation, In re Asbestos products Liability Litigation (No. VI), Conditional Transfer Order* (CTO-275)). The Asbestos MDL Court has been given "unusually broad discretion to carry out its functions, including substantial authority . . . to decide how the cases under its jurisdiction should be coordinated". *In Re Wilson*, 451 F.3d 161, 173 (2006) (internal quotations omitted) (citing *In re Collins*, 233 F.3d 809, 811-12 (3d Cir. 2000)).

In the past seventeen years, additional actions have been transferred to the Asbestos MDL Court, and have been designated "tag-along actions". These tag-along-actions are actions pending in a district court and involving common questions of fact with actions previously transferred under 28 U.S.C. § 1407, all come under the MDL's rules. *See* Rule 1.1, *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* ["R.P.J.P.M.L."], 199 F.R.D. 425. Further, Rule 7.5(e) of R.P.J.P.M.L. provides: Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears. Rule 7.5(e).

Procedural History

On May 11, 2007, Plaintiffs filed a Complaint in the Circuit Court for Baltimore City alleging injury caused by Michael McCurdy's occupational exposure to asbestos. On October 2, 2007, once Garlock and Greene Tweed were served in the case, and the facts surrounding Mr. McCurdy's alleged exposure to asbestos while in the U.S. Navy became clear, Defendants removed the case to Federal Court. Promptly thereafter, on October 8,

2007, Defendants filed their Notice of Tag-Along Action. Plaintiffs filed their Motion to Remand the matter on October 25, 2007 and the Removing Defendants filed an Opposition to the Motion to Remand on November 13, 2007.

On November 17, 2007 the MDL issued a conditional transfer order transferring this matter to the United States District Court for the Eastern District of Pennsylvania. Shortly thereafter, on November 19, 2007, the Maryland District Court administratively closed the case, noting that the matter may be reopened only upon a showing of good cause. Plaintiffs next filed an untimely reply to Defendants' Opposition to the Motion to Remand on November 29, 2007 and subsequently filed a Motion to Reopen Administratively Closed Matter on December 3, 2007. Defendants filed their Opposition to Plaintiffs' Motion to Reopen Administratively Closed Matter on December 20, 2007. Finally, Plaintiffs filed their Motion to Vacate Conditional Transfer Order (hereinafter, "Plaintiffs' Motion to Vacate") on December 14, 2007.

Argument

1. **Plaintiffs Fail To Show Good Cause As To Why This Case Should Not Be Transferred**

Plaintiffs' Motion to Vacate primarily reiterates the arguments set forth in their Motion to Remand, Reply to Defendants' Opposition to Remand, and Motion to Reopen. Again, they attempt to argue the substantive issues underlying the removal as opposed to the factors upon which a transfer to the MDL is made. This is not the proper time to argue the merits of removal; these factual arguments will eventually be heard when the Plaintiffs' Motion to Remand is argued. Currently at issue is whether the goals and requirements of the MDL are met by transferring this matter from the United States District Court for the District of Maryland. Thus, the appropriate question presently is not

whether the case should be heard in Federal Court, but rather, which Federal Court should handle the case.

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407. Thus the purpose of the Judicial Panel on Multi-District Litigation is to streamline questions of fact in similarly situated actions and to ensure judicial efficiency. "Such transfers shall be made by the judicial panel on multidistrict litigation authorized by [28 U.S.C. §1407] upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions". *Id.* As Mr. McCurdy's case shares similar facts regarding exposure and work history, as well as sharing similar expert testimony regarding the disease process and state-of-the-art scientific literature, with hundreds of other cases, it is particularly well-suited for transfer to the MDL. Nothing in Mr. McCurdy's case suggests that it is uniquely situated in such a way as to prevent the transfer of this matter.

Plaintiffs suggest that by transferring Mr. McCurdy's case they are effectively robbed of their day in court. In fact, in their Motion to Reopen Administratively Closed Matter, Plaintiffs state that: "Defendants' apparent goal is to have this case transferred to the MDL-857 proceedings where over 100,000 asbestos claims have sat dormant for years. Based on experience, Plaintiffs' counsel will <u>never</u> be heard on their remand motion in MDL". *Plaintiffs' Motion to Reopen Administratively Closed Case, 4* (emphasis in original). This is simply not true. The MDL, as stated *supra*, was designed to streamline the litigation of thousands of cases and offer an even playing field for all parties. It is patently incorrect and unfair to suggest that cases simply languish there and are never

4

heard of again. This argument, which has no legal basis and appears to question the policy and procedures of the MDL, is not proper for this particular motion and should therefore be disregarded.

2.  **There Is No Exigency To Plaintiffs' Case**

Plaintiffs continue to argue that there is an exigency to Mr. McCurdy's case requiring it to be heard immediately; that is not the case. To begin with, Mr. McCurdy has unfortunately passed away. His testimony is therefore forever maintained within his deposition transcripts. Any time restraints which would have understandably been in place had Mr. McCurdy remained alive at trial, are no longer at issue. Additionally, Plaintiffs have themselves sought to expand the scheduling order of this case on several occasions. On August 27, 2007 Plaintiffs' counsel requested an extension to name fact witnesses. (See Exhibit 1 to Defendants' Opposition to Motion to Reopen Administratively Closed Matter)[1]. On September 5, 2007, Plaintiffs' counsel again asked for an extension, this time to produce expert medical and economic loss reports. (See Exhibit 2 to Defendants' Opposition to Motion to Reopen Administratively Closed Matter). Finally, on November 8, 2007, Plaintiffs' counsel requested another extension to depose fact witnesses. (See Exhibit 3 to Defendants' Opposition to Motion to Reopen Administratively Closed Matter). To now claim that any delay in Mr. McCurdy's case would be prejudicial seems an overstatement at best, and disingenuous at worst.

3.  **Plaintiffs' Motion to Vacate was Untimely**

Civil actions transferred to the MDL pursuant to 28 U.S.C. §1407 are governed by both the Federal Rules of Civil Procedure as well as the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (R.P.J.P.M.L.). According to the R.P.J.P.M.L., the Court

---

[1] Copies of Exhibits 1 through 3 are readily available through PACER and are therefore not attached.

may enter a conditional order transferring an action, but "in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof". Rule 7.4(a). The Rules continue, stating that "any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen day period". Rule 7.4(c).

Thus, Plaintiffs had fifteen days from the date on which the Court served the parties with the conditional order. As Plaintiffs' own pleading states, the conditional order was issued on November 16, 2007. Thus, any opposition or motion to vacate the order should have been filed within fifteen days of that date: by December 3, 2007[2]. However, according to the Certificate of Service, Plaintiffs filed their Motion to Vacate on December 17, 2007 – more than two weeks after the date it was due. As such, it is the Defendants' position that the Motion to Vacate was untimely and the Order should be entered as if no opposition was filed thereto.

4.  **Conclusion**

In conclusion, Plaintiffs' Motion to Vacate attempts to argue the sum and substance of their Motion to Remand, but this is not the appropriate forum for such an argument. At issue before the Court is whether the Plaintiffs have shown good cause to prevent the transfer of this matter to the MDL. Plaintiffs' only argument in support of reopening this matter is the alleged exigent nature of Mr. McCurdy's case. However, as there is no real exigency, and all the reasons for transfer to the MDL still exist, there is no basis for reopening the case. Plaintiffs will not be prejudiced by the transfer of this case, and in fact the transfer will allow all parties an efficient and fair opportunity to be heard.

---

[2] Fifteen days from November 16, 2007 would technically have been December 1, 2007. However, since that date was a Saturday, Plaintiffs would have had until the following Monday, December 3, 2007 in which to file their Motion.

This case was properly removed from State to Federal Court and Plaintiffs' Motion to Vacate Conditional Transfer Order should therefore be denied. Additionally, Plaintiffs Motion to Vacate was filed well after the date required by the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. As such, the conditional transfer order should be treated as unopposed and thus entered accordingly.

Wherefore, Plaintiffs have failed to establish good cause to prevent the transfer of this matter to the MDL, and therefore Removing Defendants respectfully request this Court deny the Plaintiffs' Motion to Vacate Conditional Transfer Order.

Respectfully submitted,

/s/ *[signature]*

Thomas P. Bernier
Federal Bar # 2141
Michelle Daugherty Siri
Federal Bar # 27500
Segal, McCambridge, Singer & Mahoney, Ltd.
One North Charles Street
Suite 2500
Baltimore, MD 21201
Phone: 410-779-3960
Fax: 410-779-3967
tbernier@smsm.com
msiri@smsm.com

Attorneys for:
Defendants Garlock Sealing Technologies, LLC
and Greene Tweed & Co.

Case MDL No. 875   Document 5309   Filed 01/03/08   Page 10 of 15

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 3 2008

FILED
CLERK'S OFFICE

## Certificate of Service

I hereby certify that on this 2nd day of January, 2008, a copy of Defendants' Opposition and Brief in Support of Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order was mailed first class, postage prepaid, to the below listed counsel.

Michelle Daugherty Siri

**John Crane-Houdaille, Inc.**
Peter Allan Woolson
Robinson Woolson PA
217 E Redwood St Ste 1500
Baltimore, MD 21202

**E.L. Stebbing & Co., Inc.**
**MCIC, Inc.**
John J Nagle, III
Bodie Nagle Dolina Smith and Hobbs PA
21 W Susquehanna Ave
Towson, MD 21204

**Hampshire Industries, Inc.**
**Hopeman Brothers, Inc.**
**Selby Battersby & Company**
**Zurn Industries**
**Lofton Corporation**
**Wayne Manufacturing Corporation**
Malcolm Sean Brisker
David A. Allen
Goodell DeVries Leech and Dann LLP
One South St 20th Fl
Baltimore, MD 21202

**Rapid American Corporation**
(As Successor-in-interest th The Philip Carey Manufacturing Company and Glen Alden Corp.)
**The Goodyear Tire & Rubber Company**
**International Paper Company**
**American Standard, Inc.**
M King Hill, III
Venable LLP
210 Allegheny Ave
PO Box 5517

Towson, MD 21285-5517

**Premier Refractories, Inc.**
**JH France Refractories Co**
**GL&V Dorr-Oliver Incorporated**
Katherine S Duyer
Gavett and Datt PC
15850 Crabbs Branch Way Ste 180
Rockville, MD 20855

**Durabla Manufacturing Co.**
**A.W. Chesterton Company**
**The William Powell Company**
Keith R Truffer
Royston Mueller McLean and Reid LLP
102 W Pennsylvania Ave Ste 600
Towson, MD 21204

**CBS Corporation**
Philip A Kulinski
Evert Weathersby Houff
120 E Baltimore St Ste 1300
Baltimore, MD 21201
General Electric Company
Donald S Meringer
Meringer, Zois & Quigg, LLC
300 E Lombard St Ste 1440
Baltimore, MD 21202

**RHI Refractories America**
**Hercules Chemical Company, Inc.**
John J Boyd, Jr
Lord and Whip PA
Charles Center South
36 S Charles St 10th Fl
Baltimore, MD 21201

**Metropolitan Life Insurance Co.**
Stephen Anthony Fennell
Steptoe and Johnson LLP
1330 Connecticut Ave NW
Washington, DC 20036

**Certainteed Corporation**
**Cleaver-Brooks Corporation**
**Superior Boiler Works**
**R.E. Michael Company, Inc.**

4

**Georgia-Pacific Corporation**
Laura A Cellucci
Miles and Stockbridge PC
10 Light St
Baltimore, MD 21202

**Bondex International, Inc.**
**RPM, Inc.**
Jeannie Pittillo Kauffman
Bacon Thornton and Palmer LLP
Capital Office Park
6411 Ivy Ln Ste 706
Greenbelt, MD 20770-1411

**Kaiser Gypsum Company, Inc.**
**The Wallace & Gale Asbestos Settlement Trust**
**Columbia Heating Products Co.**
Joel D Newport
Moore and Jackson LLC
305 Washington Ave Ste 401
Baltimore, MD 21204

**Union Carbide Corporation**
**Foster Wheeler Corporation**
**Bayer Cropscience, Inc.**
**Burnham Corporation**
**Babcock Borsig Power, Inc.**
Steven J Parrott
Dehay and Elliston LLP
36 S Charles St Ste 1300
Baltimore, MD 21201

**Square D Company**
**Crane Co.**
Neil J MacDonald
Hartel Kane DeSantis MacDonald and Howie LLP
11720 Beltsville Dr Ste 500
Beltsville, MD 20705

**Conwed Corporation**
Alexander J May
Brassel and Baldwin
112 West St
Annapolis, MD 21401

**Oakfabco, Inc.**
David A Seltzer

5

Wilson Elser Moskowitz Edelman and Dicker LLP
1341 G St NW Ste 500
The Colorado Bldg
Washington, DC 20005-3105

**A.O. Smith Corporation**
Thomas L Doran
DeCaro Doran Siciliano Gallagher and DeBlasis LLP
4601 Forbes Blvd Ste 200 PO Box 40
Lanham, MD 20703

**Dunham Bush, Inc.**
Gordon S Woodward
Schnader Harrison Segal and Lewis LLP
2001 Pennsylvania Ave NW Ste 300
Washington, DC 20006-1825

**H.B. Smith**
David Foxwell Albright, Sr
Law Offices of David F Albright
1122 Kenilworth Dr Ste 500
Baltimore, MD 21204

**Uniroyal, Inc.**
John Stewart Cobb
North and Cobb PA
7313 York Rd
Towson, MD 21204

**Plaintiffs**
Sean Daman Burns
Law Offices of Peter G. Angelos
100 North Charles Street
Baltimore, Maryland 21201

Panel Service List

I hereby certify that, on this 2nd day of January 2008, a true and correct copy of the foregoing Removing Defendants' Response in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order was served via first-class mail, postage pre;aid, upon the following individuals pursuant to CTO-291:

| | |
|---|---|
| Adam M. Chud<br>Goodwin Procter, LLP<br>901 New York Avenue, N.W<br>Washington, D.C. 20001 | Edward J. Cass<br>Gallagher, Sharp, Fulton & Norman<br>Bulkley Building, 7th Floor<br>1501 Euclid Avenue<br>Cleveland, Ohio 44115 |
| Richard C. Binzley<br>Thompson Hine LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland Ohio 44114 | David A. Damico<br>Burns White & Hickton<br>Four Northshore Center 106 Isabella Street<br>Pittsburgh, Pennsylvania 15212 |
| Gene Locks<br>Locks Law Firm LLC<br>1500 Walnut Street<br>Philadelphia, Pennsylvania 19102 | Ellen B. Furman<br>Goldfein & Hosmer<br>1600 Market Street<br>33rd Floor<br>Philadelphia, PA 19103 |
| Raymond P. Forceno<br>Forceno Gogin & Keller<br>152 Walnut Street<br>Suite 900<br>Philadelphia, PA 19102 | Susan M. Hansen<br>Brownson & Ballou<br>225 South Sixth Street<br>Suite 4800<br>Minneapolis, Minnesota 55402 |
| Ronald L. Motley<br>Motley Rice LLC<br>P.O. Box 1792<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 | Reginald S. Kramer<br>Oldham& Dowling<br>195 South Main Street<br>Suite 300<br>Akron, Ohio 44308 |
| Richard D. Schuster<br>Vorys Sater Seymour & Pease LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, Ohio 43216 | David C. Landlin<br>Hunton & Williams, LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219 |
| Robert E. Swickle<br>Jaques Admiralty Law Firm PC<br>1370 Penobscot Building<br>645 Griswold Street<br>Detroit, Michigan 48226 | John J. Repcheck<br>Marks O'Neill O'Brien & Courtney PC<br>Gulf Tower, Suite 2600<br>707 Grant Street<br>Pittsburgh, Pennsylvania 15219 |
| Andrew J. Trevelise<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, Pennsylvania 19103 | John D. Roven<br>Roven0Kaplan LLP<br>2190 North Loop West<br>Suite 410<br>Houston, Texas 77018 |
| Neil Selman<br>Selman Breitman & Burgess<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, California 90025 | James K. Weston, II<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, Iowa 52406 |

| Robert N. Spinelli | Gordon S. Woodward |
| Kelley Jasons McGuire & Spinelli LLP | Schnader Harrison Segal & Lewis |
| Centre Square West | 2001 Pennsylvania Avenue, N.W. |
| 15th Floor | Suite 300 |
| Philadelphia, Pennsylvania 19102 | Washington, DC 20006 |

Michelle Daugherty Siri

RECEIVED CLERK'S OFFICE 2008 JAN -3 A 9:40 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION