JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL 875**

JAN - 8 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | **MDL DOCKET NO. 875** |
| | *Ruth Shamir, et al. v. Agilent Technologies, Inc., et al.*, Civil Action No. 2:07-cv-04185 (DNJ) |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 295

PLEADING NO. 5313

RECEIVED
CLERK'S OFFICE

2008 JAN -7 A 10: 01

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## OFFICIAL FILE COPY

IMAGED JAN 8  2008

# TABLE OF CONTENTS

I.  INTRODUCTION……………………………………………………………………...1

II.  FACTUAL AND PROCEDURAL BACKGROUND……………………………………....3

III.  ARGUMENT……………………………………………………………………......6

    A.  The *Shamir* Action Satisfies The Conditions For Transfer Under 28 U.S.C. §
       1407(a)……………………………………………………………………….....6

        i.  The *Shamir* Action Shares Common Questions of Fact
          With Those Actions Previously Transferred to the Asbestos…………….7

        ii.  Transfer of the Shamir Action Will Serve the Convenience
          of the Parties and Witnesses and Promote the Just and Efficient
          Conduct of this Action………………………………………………....8

    B.  Plaintiff's Arguments In Opposition to Transfer Are Without Merit…………..….9

IV.  CONCLUSION……………………………………………………………………......11

Defendants Agilent Technologies, Inc. and Hewlett-Packard Co. (hereinafter collectively "Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiff Ruth Shamir's ("Plaintiff") Motion to Vacate Conditional Transfer Order 295 ("CTO 295").[1] For the reasons states herein, Defendants respectfully submit that the action encaptioned *Ruth Shamir, et al. v. Agilent Technologies, Inc., et al.*, Civil Action No. 2:07-cv-04185 (DNJ) (the "*Shamir* Action") should be transferred by the Judicial Panel on Multidistrict Litigation (the "Panel") to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with *In re Asbestos Products Liability Litigation (No. VI)*, MDL No. 875 (the "Asbestos MDL").

## I. INTRODUCTION

In CTO 295, the Panel noted: "On July 29, 1991, the Panel transferred 21,973 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,584 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles." The Panel then went on to state: "It appears that the [*Shamir* Action] involve[s] questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles." The Panel is correct.

The *Shamir* Action is a personal injury and wrongful death action based solely on Plaintiff's decedent's alleged exposure to asbestos, thereby involving questions of fact that are

---

[1]    CTO 295 includes 38 cases filed in thirteen states. However, Plaintiff has moved to vacate only that portion of CTO 295 that relates to Plaintiff's lawsuit filed in the United States District Court for the District of New Jersey.

common to the more than 100,000 asbestos personal injury and wrongful death actions already

transferred to the Asbestos MDL.  Nevertheless, Plaintiff argues that the *Shamir* Action should

not be transferred to the Asbestos MDL because:  (1) questions of fact at issue in the *Shamir*

Action are somehow uniquely distinct from those pending in the tens of thousands of other

asbestos personal injury/wrongful death actions pending in the Asbestos MDL; (2) transfer of the

*Shamir* Action will not eliminate duplicative discovery or conserve the resources of the parties,

their counsel or the judiciary; and (3) a motion to dismiss the *Shamir* Action is currently pending

in the United States District Court for the District of New Jersey.  These arguments are not only

inaccurate, but noticeably devoid of any citations to Panel decisions involving the Asbestos

MDL.  This is not surprising given that, in deciding motions to vacate conditional transfers to the

Asbestos MDL, the Panel has repeatedly rejected arguments of the nature raised by Plaintiff:

> In particular, *we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant*, the docket condition of any specific federal district, *the stage of pretrial proceedings*, *the presence of unique claims* or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to any action, *were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.  We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel*.

*In re Asbestos Products Liability Litig. (No. VI)*, 170 F.Supp.2d 1348 (J.P.M.L. 2001) (emphasis

added) (*citing In re Asbestos Products Liability Litig. (No. VI)*, 771 F.Supp. 415 (J.P.M.L.

1991)); *accord, In re Asbestos Products Liability Litig. (No. VI)*, 1996 WL 143826, * 1 (J.P.M.L.

Feb. 16, 1996).

As noted above, in light of "the serious problem that asbestos personal injury litigation

continues to be for the federal judiciary," in 1991, pursuant to 28 U.S.C. § 1407, the Panel

centralized *all pending federal court actions* not then in trial *involving allegations of personal*

*injury or wrongful death caused by asbestos or asbestos-containing products* in the Eastern

District of Pennsylvania. *See In re Asbestos Products Liability Litig. (No. VI.)*, 771 F.Supp. 415

(J.P.M.L. 1991). Since that time, tens of thousands of additional asbestos-related matters have

been transferred to the Asbestos MDL. Plaintiff has failed to offer any credible reason why the

Panel should deviate from its historic practice of transferring all actions involving allegations of

personal injury or wrongful death caused by asbestos or asbestos-containing products to the

Asbestos MDL.

Accordingly, for the reasons set-forth herein and in previous Panel decisions, the Panel's

November 16, 2007 decision to transfer and coordinate the *Shamir* Action before Judge Giles

pursuant to 28 U.S.C. § 1407 was entirely proper and should not be disturbed.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On or about July 19, 2007, Plaintiff filed a Complaint in the Superior Court of New

Jersey, Middlesex County,[2] asserting claims for personal injury and wrongful death arising out of

Plaintiff's decedent, Mordechai Shamir's, alleged exposure to asbestos-containing thermal

conductivity detectors during the course of his employment with Defendants. Plaintiff's

Complaint (attached hereto as Exhibit "A") alleges, *inter alia*, the following:

- "Plaintiff, Mordechai Shamir, was employed at Hewlett-Packard, Co., Rockaway, New
  Jersey and Paramus, New Jersey from 1966 to 2001. While working at Hewlett-Packard
  Co., Mordechai Shamir was exposed to dust from asbestos and asbestos containing
  products. As a direct result of contact with asbestos, plaintiff Mordechai Shamir

---

[2]   Much like the Asbestos MDL, where asbestos-related matters are consolidated and
      coordinated for pretrial purposes, thousands of asbestos-related matters filed in the Superior
      Court of New Jersey, Middlesex County, are also consolidated, case managed and
      coordinated for pretrial purposes by a court-appointed Special Master. Given that Plaintiff
      voluntarily chose to avail herself of this venue, where neither she nor the Defendants reside
      and where none of her husband's alleged asbestos exposure occurred, she can hardly be
      heard to complain of the consolidated pre-trial proceedings of the Asbestos MDL. Clearly
      Plaintiff's opposition to transfer is predicated on her dislike of this federal venue, rather than
      on a concern of having to participate in consolidated pre-trial proceedings.

contracted mesothelioma, from which he subsequently died." (Complaint at pg. 2, ¶ 2).

- "Defendant, Agilent Technologies Inc., individually and as successor to Hewlett-Packard Company, and F&M Scientific Corporation. Defendant, Agilent Technologies Inc., mined, manufactured, sold, purchased, marketed, installed, or removed asbestos or asbestos containing products which plaintiff, Mordcai (sic) Shamir, was exposed to." (Complaint at pg. 3, ¶ 1).

- "Defendant Hewlett-Packard Company, individually and as successor to F&M Scientific Corporation. Defendant, Hewlett-Packard Company, mined, manufactured, sold, purchased, marketed, installed, or removed asbestos or asbestos containing products which plaintiff, Mordechai  Shamir, used or was exposed to." (Complaint at pg. 3, ¶ 2).

- "John Doe 1 through John Doe 50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who mined, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which plaintiff, Mordechai Shamir, used or was exposed to." (Complaint at pg. 3, ¶ 3).

- "John Doe 51 through John Doe 75 are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which plaintiff, Mordechai Shamir, used or was exposed to." (Complaint at pg. 4, ¶ 4).

- "The term 'defendants' is used hereafter to refer to all the entities named above." (Complaint at pg. 5, ¶ 5).

- "Plaintiff, Ruth Shamir, demands judgment against defendants for damages resulting from the death of plaintiff's decedent, Mordechai Shamir . . . under New Jersey's Wrongful Death Act, N.J.S.A. 2A:31-1 et seq . . ." (Complaint at pg. 12, ¶ 4).

- As a direct and proximate result of the acts and/or omissions of the defendants as set forth herein, plaintiff's decedent contracted mesothelioma which resulted in his death on April 1, 2007.  Plaintiff's decedent was made to endure great pain and suffering, both physical and mental in nature . . ." (Complaint at pg. 13, ¶ 4).

In short, Plaintiff alleges that: (1) Mr. Shamir was an employee of Defendants from 1966 through 2001; (2) Mr. Shamir was exposed to asbestos and suffered an asbestos-related disease during the course of his employment with Defendants; and (3) Defendants, including up to 75 unnamed John Doe defendants, should be held liable for Mr. Shamir's asbestos-related personal

injuries and wrongful death.

On August 31, 2007, Defendants removed the matter to the United States District Court for the District of New Jersey. The *Shamir* Action was assigned to the Honorable Joseph A. Greenaway, Jr., U.S.D.J. Thereafter, on September 25, 2007, Defendants filed a Motion to Dismiss the *Shamir* Action pursuant to *Fed. R. Civ. P.* 12(b)(6).[3]

Thereafter, on or about October 17, 2007, shortly after entering an appearance as Defendants' counsel, the undersigned filed with the Panel a notice of a potential "tag-along" action to the Asbestos MDL. On November 1, 2007, in light of the undersigned counsel's belief that the *Shamir* Action would likely be transferred to the Asbestos MDL, Defendants' counsel, with the consent of counsel for the Plaintiff, wrote to Judge Greenaway to request an adjournment of the return date (and a postponement of further briefing) for Defendants' Motion to Dismiss to December 24, 2007 to allow sufficient time to confirm that the *Shamir* Action would, in fact, be transferred to the Asbestos MDL.

As expected, on November 16, 2007, the Panel entered CTO 295 transferring the *Shamir* Action to the Asbestos MDL. Then, on or about December 3, 2007, much to Defendants' surprise, Plaintiff filed a Notice of Opposition to CTO 295 with the clerk of the Panel and a brief in Opposition to Defendants' Motion to Dismiss in the District of New Jersey. In light of

---

[3]     Plaintiff contends that Defendants' decision to file a Motion to Dismiss the *Shamir* Action "was an unequivocal indication that Defendants wished to proceed with the present action in District Court for the District of New Jersey" that should somehow bar transfer of the *Shamir* Action to the Asbestos MDL. *See* Plaintiff's Brief in Support of Motion to Vacate at p. 2. This argument is ridiculous. Whether or not Defendants wanted the *Shamir* Action to be transferred to the Asbestos MDL, they were required to take some action (answer or motion) in the transferor court within the time prescribed by the Federal Rules of Civil Procedure. Essentially, Plaintiff would have defendants who desire a transfer to the MDL simply abandon their responsibilities in the transferor court and risk default. In any event, as described below, Defendants repeatedly advised the transferor court of their desire to hold their Motion to Dismiss in abeyance pending the Panel's decision on transfer.

Plaintiff's opposition to transfer, on December 6, 2007, Defendants' counsel wrote to Judge

Greenaway to request a further adjournment of the return date for Defendants' Motion to

Dismiss to February 18, 2008, to allow the Panel sufficient time to decide the transfer issue.  On

December 18, 2007, Plaintiff filed her Motion to Vacate Conditional Transfer Order 295.

Thereafter, on December 27, 2007, Judge Greenaway entered an Order directing the Clerk to

administratively terminate the *Shamir* Action pending the outcome of the Panel's determination

regarding transfer. [4]

### III.  ARGUMENT

A.     **The *Shamir* Action Satisfies The Conditions For Transfer Under 28 U.S.C. § 1407(a).**

Pursuant to 28 U.S.C. § 1407(a), the Panel may transfer civil actions pending in different

districts to any district for coordinated or consolidated pretrial proceedings if: (i) the actions

involve one or more common questions of fact; (ii) transfer would serve the convenience of the

parties and witnesses; and (iii) transfer would promote the just and efficient conduct of the

action.  *See* 28 U.S.C. § 1407(a).  The Panel has already decided and repeatedly reaffirmed that

the transfer of tens of thousands of cases unified only by their description as actions "involving

allegations of personal injury or wrongful death caused by asbestos or asbestos containing

products" satisfies these criteria.  *In re Asbestos Products Liability Litig. (No. VI.)*, 771 F.Supp.

415, 416 (J.P.M.L. 1991).  Because the *Shamir* Action is also an action involving "allegations of

personal injury or wrongful death caused by asbestos or asbestos containing products," it

---

[4]     Although Judge Greenaway's order was not entered until December 27, 2007, on December 14, 2007, Defendants' counsel received a telephone call from Judge Greenaway's Chambers advising that Judge Greenaway intended to administratively terminate the *Shamir* Action pending the Panel's determination.  Defendants' counsel immediately advised Plaintiff's counsel of Judge Greenaway's message.  Nevertheless, Plaintiff's moving papers of December 18 argue that the pendency of Defendants' Motion to Dismiss militates in favor of vacating CTO 295.

satisfies each of the Section 1407(a) requirements, and the Panel should deny Plaintiff's Motion to Vacate CTO 295 and transfer the *Shamir* Action to the Asbestos MDL for consolidated or coordinated pretrial proceedings.

### i.  The *Shamir* Action Shares Common Questions of Fact With Those Actions Previously Transferred to the Asbestos MDL.

The *Shamir* Action is a personal injury and wrongful death action arising solely from Plaintiff's decedent's alleged exposure to asbestos. As such, the *Shamir* Action shares common questions of fact with the more than 100,000 asbestos personal injury/wrongful death actions previously transferred to the Asbestos MDL.

Plaintiff seeks to avoid transfer of the *Shamir* Action by arguing that the *Shamir* Action is distinct from the tens of thousands of other cases in the Asbestos MDL. Specifically, Plaintiff argues that the alleged asbestos containing products (thermal conductivity detectors) and work site at issue are unique to this action. However, Plaintiff does not offer any credible support for these assertions[5] or explain why, even if these assertions are correct, the *Shamir* Action should be differentiated from the tens of thousands of other asbestos personal injury/wrongful death matters previously transferred to the MDL. Indeed, as discussed above, any alleged distinctions based on the "presence of unique claims" has already been "considered and rejected by the Panel as grounds for carving out exceptions to transfer of this extraordinary docket." *In re Asbestos Products Liability Litig. (No. VI)*, 170 F.Supp.2d 1348 (J.P.M.L. 2001) (emphasis added) (*citing In re Asbestos Products Liability Litig. (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991)); *accord, In re Asbestos Products Liability Litig. (No. VI)*, 1996 WL 143826, * 1 (J.P.M.L. Feb. 16, 1996).

---

[5]   Furthermore, even if the thermal conductivity detectors manufactured by F&M Scientific Corporation, to which Plaintiff's decedent was allegedly exposed, are not the subject of actions currently pending in the Asbestos MDL, it is possible that similar thermal conductivity detectors manufactured by other entities may be at issue in actions currently pending in the Asbestos MDL.

Plaintiff's Complaint seeks redress for personal injury and wrongful death allegedly caused by exposure to asbestos-containing products. As a result, the *Shamir* Action indisputably shares common questions of fact with the asbestos personal injury/wrongful death actions previously transferred to the Asbestos MDL.

### ii. Transfer of the Shamir Action Will Serve the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of this Action.

Despite Plaintiff's protestations to the contrary, transfer of the *Shamir* Action to the Asbestos MDL for coordinated pretrial proceedings will also serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel has repeatedly recognized that "coordinated or consolidated pretrial proceedings in [the Asbestos MDL] will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re Asbestos Products Liability Litig. (No. VI)*, 1996 WL 143826, * 1 (J.P.M.L. Feb. 16, 1996). The *Shamir* Action is no different than the tens of thousands of other cases already transferred to the Asbestos MDL and will benefit from coordinated or consolidated pretrial proceedings.

Both Plaintiff's counsel and Defendants' counsel represent parties in other actions currently pending in the Asbestos MDL.[6] In addition, should the need arise, both counsel also have offices in Philadelphia. Furthermore, because "there is usually no need for the parties [or] witnesses to travel to the transferee district for depositions or otherwise," (*In re Asbestos Products Liability Litig. (No. VI.)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991)), the parties and witnesses will not be inconvenienced by a transfer to the Asbestos MDL.

The fact that Defendants may not be parties to any other matters currently pending in the

---

[6]     As such, both counsel are familiar with the procedures and practices of the Asbestos MDL, the various Administrative Orders of that Court, and the case management system employed in the Asbestos MDL.

Asbestos MDL is immaterial.  As noted above, the Panel has already rejected distinctions such as the "uniqueness of a party's status" and "the type of defendant" as grounds for rejecting transfer. *In re Asbestos Products Liability Litig. (No. VI)*, 170 F.Supp.2d 1348 (J.P.M.L. 2001) (emphasis added) (*citing In re Asbestos Products Liability Litig. (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991)); *accord, In re Asbestos Products Liability Litig. (No. VI)*, 1996 WL 143826, * 1 (J.P.M.L. Feb. 16, 1996).   Furthermore, the fact that Defendants may not be parties to any other Asbestos MDL matters does not prevent them from taking advantage of the efficiencies created by a coordinated, well established, set of pre-trial procedures, and judiciary personnel familiar with the applicable issues.[7]

Transfer of the *Shamir* Action will also further judicial economy by allowing pretrial issues to be handled by Judge Giles who has devoted significant time and resources to analyzing the numerous discovery, factual and legal issues peculiar to asbestos litigation.  Thus, by granting transfer, the Panel can avoid unnecessarily duplicating Judge Gile's efforts and free up the resources of the District of New Jersey to attend to other matters on its already crowded docket.

In sum, like the thousands of other asbestos personal injury/wrongful death matters already transferred to the Asbestos MDL, the *Shamir* Action satisfies the conditions for transfer under 28 U.S.C. § 1407(a), and the Panel correctly concluded that the *Shamir* Action should be transferred to the Asbestos MDL.

**B.**      **Plaintiff's Arguments In Opposition to Transfer Are Without Merit.**

As addressed in Section III. A. above, the *Shamir* Action satisfies the conditions for

---

[7]    It should also be noted that 75 John Doe defendants were named in Plaintiff's Complaint. Accordingly, the possibility exists that discovery will reveal the identity of one or more defendants who may be a party to other actions currently pending in the Asbestos MDL.

transfer under 28 U.S.C. § 1407(a).  Accordingly, Plaintiff's arguments that questions of fact at issue in the *Shamir* Action are somehow uniquely distinct from those pending in the tens of thousands of other actions pending in the Asbestos MDL and that transfer of the *Shamir* Action will not eliminate duplicative discovery or conserve the resources of the parties, their counsel or the judiciary fail.

Plaintiff also argues that the *Shamir* Action should not be transferred because Defendants' Motion to Dismiss is pending in the District of New Jersey.  This argument also fails.  First, as noted above, the transferor court administratively terminated the *Shamir* Action and all proceedings therein pending the outcome of the Panel's determination.  Second, and more importantly, the Panel has already rejected the "pendency of motions or other matters before the transferor court . . . as grounds for carving out exceptions to transfer."[8]  *In re Asbestos Products Liability Litig. (No. VI)*, 170 F.Supp.2d 1348 (J.P.M.L. 2001) (emphasis added) (*citing In re Asbestos Products Liability Litig. (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991)); *accord, In re Asbestos Products Liability Litig. (No. VI)*, 1996 WL 143826, * 1 (J.P.M.L. Feb. 16, 1996).

In sum, even if the *Shamir* Action is determined to include unique claims, a pending motion to dismiss, and/or defendants which are not involved in any other actions pending in the Asbestos MDL, the Panel should deny Plaintiff's Motion to Vacate as it has consistently done in the past in order to avoid "carving out exceptions to transfer in this extraordinary docket."  *Id.*

---

[8]    Plaintiff also makes the remarkable argument that Defendants' motion to dismiss involves the exclusivity provisions of New Jersey's Workers' Compensation Act and therefore "should be decided in New Jersey District Court by a judge familiar with New Jersey law."  Plaintiff's Brief in Support of Motion to Vacate at pg. 7.  Federal Judges sitting in diversity are regularly called upon to address issues of state law, including the law of states in which they do not sit.  Certainly Judge Giles is capable of deciding a matter involving New Jersey law.

## IV.  CONCLUSION

For the reasons set forth above, Defendants respectfully submit that the Panel should

deny Plaintiff's Motion to Vacate Conditional Transfer Order 295, and that the *Shamir* Action

should be transferred to the Asbestos MDL.

<div style="margin-left:40%;">

Respectfully Submitted,
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
609.919.6621

Attorneys for Defendants
Agilent Technologies, Inc. and
Hewlett-Packard Co.

Frank C. Testa
Christopher Iannicelli

</div>

Dated: January 4, 2007

RECEIVED
CLERK'S OFFICE
2008 JAN -7  A 10: 02
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 8 2008

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | **MDL DOCKET NO. 875**<br><br>*Ruth Shamir, et al. v. Agilent Technologies, Inc., et al.*, Civil Action No. 2:07-cv-04185 (DNJ) |

## DEFENDANTS' REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD ON PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 295

Pursuant to Rule 16.1(b) of the General Rules for Multidistrict Litigation, Defendants

Agilent Technologies, Inc. and Hewlett-Packard Co. respectfully submit that oral argument on

Plaintiff's Motion to Vacate Conditional Transfer Order 295 need not be heard and the matter

can be decided on the papers submitted by the parties.

Respectfully Submitted,
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
609.919.6621

Attorneys for Defendants
Agilent Technologies, Inc. and
Hewlett-Packard Co.

Frank C. Testa
Christopher Iannicelli

Dated: January 4, 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 8 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | **MDL DOCKET NO. 875**<br><br>*Ruth Shamir, et al. v. Agilent Technologies, Inc., et al.*, Civil Action No. 2:07-cv-04185 (DNJ) |
| --- | --- |

### CERTIFICATE OF SERVICE

I hereby certify that on this day the original plus four copies of Defendants Agilent Technologies, Inc. and Hewlett-Packard Co.'s Memorandum of Law in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order 295; Defendants' Reasons Why Oral Argument Need Not Be Heard on Plaintiff's Motion to Vacate Conditional Transfer Order 295; Agilent Technologies, Inc.'s Corporate Disclosure Statement and Hewlett-Packard Co.'s Corporate Disclosure Statement along with a disk containing the Memorandum of Law were filed via Federal Express with the Clerk of the United States Judicial Panel on Multidistrict Litigation. In addition, a true and correct copy of Defendants' Memorandum of Law; Defendants' Reasons Why Oral Argument Need Not Be Heard on Plaintiff's Motion to Vacate Conditional Transfer Order 295; Agilent Technologies, Inc.'s Corporate Disclosure Statement and Hewlett-Packard Co.'s Corporate Disclosure Statement were served via Federal Express upon Plaintiff's counsel Christopher M. Placitella, Esq., Cohen, Placitella & Roth, PC, 115 Maple Avenue, Red Bank, NJ 07701, and via regular mail upon all counsel on the attached Panel Service List.

Frank C. Testa

Dated: January 4, 2007

1-PR/1365215.1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-295)

Ruth Shamir, etc. v. Agilent Technologies, Inc., et al., D. New Jersey, C.A. No. 2:07-4185

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON &
NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Christopher M. Placitella
COHEN PLACITELLA & ROTH PC
115 Maple Avenue
Red Bank, NJ 07701

John J. Repcheck
MARKS O'NEILL O'BRIEN &
COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR &
PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE &
SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Frank C. Testa
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Exhibit A

COHEN, PLACITELLA, AND ROTH, P.C.
115 Maple Avenue
Red Bank, NJ   07701
(732) 747-9003
Attorneys for Plaintiffs

--------------------------------X
RUTH SHAMIR, Individually,        : SUPERIOR COURT OF NEW JERSEY
and as Executrix of the           : MIDDLESEX COUNTY: LAW DIVISION
Estate of her husband,            :
MORDECHAI SHAMIR                   :      L-6433-07
                                  :
              Plaintiff,          :
                                  : Docket No.
         vs.                      :
                                  :
AGILENT TECHNOLOGIES INC.,        :
individually and as successor :        CIVIL ACTION
to Hewlett-Packard Co., and       :
F&M Scientific Corporation;       :       COMPLAINT
HEWLETT-PACKARD CO.,              :
individually and as a             :
successor to F&M Scientific       :
Corporation; JOHN DOES 1          :
through 50 (fictitious);          :
JOHN DOES 51 through 75           :
(fictitious)                      :
                                  :
              Defendants.         :
--------------------------------X

Plaintiffs, by way of Complaint against defendants, upon

information and belief. allege as follows:

                    PARTIES – PLAINTIFFS


    1.  Plaintiff, Ruth Shamir, is the Executrix to the Estate

of Mordechai Shamir, and resides at 26 Meadowbrook Road,

Randolph, NJ.  Plaintiff, Mordechai Shamir, now deceased, was

exposed to dust from asbestos and asbestos-containing products, and died from mesothelioma on April 1, 2007.

2.  Plaintiff, Mordechai Shamir, was employed at Hewlett-Packard, Co., Rockaway, New Jersey and Paramus, New Jersey from 1966 to 2001.  While working at Hewlett-Packard Co., Mordechai Shamir was exposed to dust from asbestos and asbestos containing products. As a direct result of contact with asbestos, plaintiff Mordechai Shamir contracted mesothelioma, from which he subsequently died.

3.  Mordechai Shamir leaves surviving his wife and children and all whom have sustained pecuniary injuries resulting from said death.

4.  Plaintiff brings this action:

     __x__ on behalf of himself or herself;

     __x__ as the representative of the Estate of Mordechai Shamir;

     __x__ as Administrator or Executrix of the Estate of Mordechai Shamir.

5.  Plaintiff claims damages as a result of:

     __x__ wrongful death;

     __x__ survival action;

     __x__ loss of consortium (per quod)

     __x__ loss of services

-2-

x    economic loss

6.    Reference herein to "Plaintiff" is reference to all persons set forth above as is syntactically and contextually correct.

## PARTIES - DEFENDANTS

1.    Defendant, Agilent Technologies Inc., individually and as successor to Hewlett-Packard Company, and F&M Scientific Corporation.  Defendant, Agilent Technologies Inc., mined, manufactured, sold, purchased, marketed, installed, or removed asbestos or asbestos containing products which plaintiff, Mordcai Shamir, was exposed to.

2.    Defendant Hewlett-Packard Company, individually and as successor to F&M Scientific Corporation.  Defendant, Hewlett-Packard Company, mined, manufactured, sold, purchased, marketed, installed, or removed asbestos or asbestos containing products which plaintiff, Mordecai Shamir, used or was exposed to.

3.    John Doe 1 through John Doe 50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who mined, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which plaintiff, Mordechai Shamir, used or was exposed to.

-3-

4.     John Doe 51 through John Doe 75 are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which plaintiff, Mordechai Shamir, used or was exposed to.

5.     The term "defendants" is used hereafter to refer to all the entities named above.

6.     Defendants do business in the State of New Jersey.

## FIRST COUNT

1.     Plaintiffs repeat the prior allegations of this Complaint.

2.     Defendants, at all times material hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of defendants.

3.     Defendants were engaged, directly or indirectly, in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing or installing of asbestos containing products and raw asbestos fiber of various kinds and grades, or of products, including,

-4-

but not limited to, asbestos containing gas chromatographs, (hereinafter collectively referred to as "asbestos products").

4.     Defendants, directly or indirectly, caused their asbestos products to be sold to or used at plaintiff's place of employment.

5.     Defendant manufacturers knew or in the exercise of reasonable care should have known that Plaintiff was continuously working with and exposed to products containing asbestos, asbestos fibers and asbestos dust, which were mined, milled, manufactured, produced, processed, imported, converted, compounded, supplied, distributed, sold and/or otherwise placed in the stream of commerce by these defendant manufacturers for use at Plaintiff's workplace(s) by Plaintiff, Plaintiff's co-worker(s) and/or Plaintiff's employer(s).

6.     Defendant manufacturers named here have long been in possession of medical and scientific information, which clearly indicated that asbestos, asbestos fibers and asbestos dust are hazardous to health and inherently dangerous materials.

7.     Defendant manufacturers were careless and negligent in that they:

        (a)   wrongfully processed, manufactured, packaged, distributed, used, delivered, and sold to Plaintiff's employers

-5-

asbestos products for use by its employees, including in particular Plaintiff;

      (b)  failed to provide proper, adequate, correct and appropriate warnings, labels, advice, cautions, instructions, and information as to the use of and consequences of exposure to asbestos, its fibers and dusts and failed to use reasonable care as to same;

      (c)  failed to provide proper and appropriate warnings and cautions to all users of said asbestos products, fibers and dusts, both known and foreseeable, including Plaintiff; and

      (d)  failed to investigate, impose and comply with reasonable standards and regulations as to the safe use of and exposure to asbestos, asbestos fibers, and asbestos dust.

8.  As a direct and proximate result of the aforementioned acts, omissions, carelessness and/or negligence on the part of defendant manufacturers, Plaintiff Mordechai Shamir became ill and died from asbestos-related disease, including mesothelioma. Plaintiff endured great pain and suffering, both physical and mental in nature; expended great sums of money for medical services; was prevented from attending to his regular activities, duties, and responsibilities; and suffered severe pecuniary loss.

-6-

WHEREFORE, Plaintiffs demand judgment against defendants
jointly, severally and/or in the alternative for such damages as
may be permitted pursuant to the laws of the State of New
Jersey, together with interest thereon, costs of suit, and
attorney fees.

### SECOND COUNT

1.   All previous paragraphs of this Complaint are repeated
as if fully set forth here.

2.   The conditions set forth in the previous paragraphs of
this Complaint were proximately caused by the defendant
manufacturers in that they wrongfully processed, manufactured,
packaged, distributed, used, supplied, delivered, and/or sold to
Plaintiff's employer(s), for use by its employees, including
Plaintiff, various asbestos products containing asbestos fibers,
asbestos dust and the like, and failed to render proper,
adequate and correct warnings, advice, instruction, and
information, and so acted in a grossly negligent, malicious,
willful and wanton manner, with reckless disregard for the
health and welfare of Plaintiff and others similarly situated,
and failed to use reasonable care under all of the
circumstances.

3.   As a direct and proximate result of the aforementioned

-7-

acts and/or omissions of a gross, willful, wanton and malicious nature on the part of the defendant manufacturers, Plaintiff Mordechai Shamir became ill with and died from asbestos-related disease, including malignant mesothelioma. Plaintiff endured great pain and suffering, both physical and mental in nature; expended great sums of money for medical services; was prevented from attending to his regular activities, duties, and responsibilities; and suffered severe pecuniary loss.

WHEREFORE, Plaintiffs demand judgment against defendants jointly, severally and/or in the alternative for such damages, both compensatory and punitive, as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

### THIRD COUNT

1.    All previous paragraphs of this Complaint are repeated as if fully set forth here.

2.    At all relevant times, the defendant manufacturers, as a part of their businesses, manufactured, processed, fashioned, sold, distributed, supplied, and delivered asbestos and asbestos products into the stream of commerce in a defective, unsafe and inherently dangerous condition in that, among other things, adequate warnings, instructions and precautions were not given to known and foreseeable users and handlers, including

-8-

Plaintiff, and the products and materials were expected to and did reach such persons, including Plaintiff, without substantial change in the condition in which they were sold.

3.   At all relevant times, the asbestos products and materials were used and employed for the purposes for which they were mined, processed and manufactured, designed, fashioned, packaged, inspected, tested, sold and intended to be used, and in a manner foreseeable to these defendant manufacturers.

4.   The injuries and resulting damages to Plaintiff were caused by the defective, unsafe and dangerous condition of the asbestos products and materials which defendant manufacturers distributed, supplied, sold, and otherwise placed in the stream of commerce.

5.   As a direct and proximate result of the aforementioned marketing of defective products by defendant manufacturers, thereby imposing strict liability upon these defendants, Plaintiff Mordechai Shamir became ill with, and subsequently died from, asbestos-related disease, including malignant mesothelioma. Plaintiff endured great pain and suffering, both physical and mental in nature; expended great sums of money for medical services; was prevented from attending to his regular activities, duties, and responsibilities; and suffered severe pecuniary loss.

-9-

WHEREFORE, Plaintiffs demand judgment against defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

### FOURTH COUNT

1.   All previous paragraphs of this Complaint are repeated as if fully set forth here.

2.   Defendant manufacturers warranted either expressly or impliedly that said asbestos products and materials were of merchantable quality, fit and safe for the purpose for which they were mined, processed, manufactured, fashioned, packaged, inspected, tested, distributed, sold, intended and used.

3.   Defendant manufacturers breached said warranties in that said asbestos products and materials were not of merchantable quality, fit and safe for the purposes for which they were mined, processed, manufactured, fashioned, packaged, inspected, tested, distributed, sold, intended and used in that, among other things, adequate warnings, precautions and instructions were not provided to users, handlers and persons coming into contact with said products.

4.   As a direct and proximate result of the breach of said warranties, Plaintiff Mordechai Shamir became ill with, and

-10-

subsequently died from, asbestos-related disease, including malignant mesothelioma. Plaintiff endured great pain and suffering, both physical and mental in nature; expended great sums of money for medical services; was prevented from attending to his regular activities, duties, and responsibilities; and suffered severe pecuniary loss.

WHEREFORE, Plaintiffs demand judgment against defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

<u>**FIFTH COUNT**</u>

1.   Plaintiffs repeat the prior allegations of this Complaint.

2.   As a consequence of the injuries and death of her husband, Mordechai Shamir, plaintiff, Ruth Shamir, has suffered loss of consortium, companionship, services, society and support.

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally and in the alternative, for compensatory damages, punitive damages and costs of suit.

-11-

## SIXTH COUNT

1.    Plaintiffs repeat the prior allegations of this Complaint.

2.    This action is being brought pursuant to New Jersey's Wrongful Death Act, N.J.S.A. 2A:31-1 *et seq.*

3.    As a direct and proximate result of defendants' acts and/or omissions set forth herein, plaintiff and plaintiff's decedent's estate have incurred pecuniary damages and hospital, medical, funeral, and estate administration expenses.

4.    Plaintiff, Ruth Shamir, demands judgment against defendants for damages resulting from the death of plaintiff's decedent, Mordechai Shamir, including, but not limited to, decedent's pecuniary injury, together with all hospital, medical, funeral, and estate administration expenses as specifically provided for under New Jersey's Wrongful Death Act, N.J.S.A. 2A:31-1 *et seq.*, as well as compensatory damages, punitive damages, costs of suit, and all other relief that the Court deems equitable and just.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally, and in the alternative, for compensatory damages, punitive damages, and costs of suit.

## SEVENTH COUNT

-12-

1.    Plaintiffs repeat the prior allegations of this Complaint.

2.    Plaintiff, Ruth Shamir, on behalf of plaintiff's decedent, Mordechai Shamir, seeks damages compensable under New Jersey's Survival Act, N.J.S.A. 2A:15-3 (or any successor statute) against the defendants.

3.    Plaintiff, Ruth Shamir, as decedent's surviving spouse, is entitled to recover damages as decedent would have if he/she were living, as a result of the acts and/or omissions of defendants as set forth herein, pursuant to the New Jersey Survival Act, N.J.S.A. 2A:15-3.

4.    As a direct and proximate result of the acts and/or omissions of the defendants as set forth herein, plaintiff's decedent contracted mesothelioma which resulted in his death on April 1, 2007.  Plaintiff's decedent was made to endure great pain and suffering, both physical and mental in nature, and was required to expend great sums of money for medical services, and was prevented from attending to his regular activities, duties, and employment, and was made to suffer severe pecuniary loss, all to his great loss.

5.    As a direct and proximate result of defendants' acts and/or omissions set forth herein, Plaintiff's decedent's estate

-13-

has incurred pecuniary damages and hospital, medical, funeral, and estate administration expenses.

6.   Plaintiff, as Executrix of plaintiff's decedent's estate, is entitled to recover punitive damages and damages for the pain and suffering caused to plaintiff's decedent by defendants acts and/or omissions set forth herein, including, but not limited to, punitive damages pursuant to New Jersey's Survival Act, N.J.S.A. 2A:15-3.

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally and in the alternative, for compensatory damages, punitive damages and costs of suit.

COHEN, PLACITELLA & ROTH, P.C.

Attorneys for Plaintiffs

By: _____

CHRISTOPHER M. PLACITELLA

Date: July 19, 2007

-14-

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs

By: _____
CHRISTOPHER M. PLACITELLA

Date: July 19, 2007

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to my knowledge the within matter in
controversy is not the subject of any other action pending in
any court or of a pending arbitration proceeding, and that no
other action or arbitration proceeding is contemplated.  I have
no knowledge at this time of any non-party who should be joined
in this action.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs

By: _____
CHRISTOPHER M. PLACITELLA

Date: July 19, 2007

-15-

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher M. Placitella is
hereby designated as trial counsel in this matter.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs


By: _____
CHRISTOPHER M. PLACITELLA

Date: July 19, 2007

-16-