MDL   875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 1 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                              **MDL No. 875**

## TRANSFERRED FROM:
### THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BEATRICE CHIASSON, et. al.,**<br>**Individually and on behalf of**<br>**her deceased husband, DONALD J.**<br>**CHIASSON** | : <br> : <br> : <br> : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | **NUMBER: 05-5221** |
| | : | |
| **HONEYWELL INTERNATIONAL, INC., ET AL.** | : | |

## EX PARTE MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUMs
### IN SUPPORT OF MOTION TO VACATE CONDITIONAL REMAND ORDER

Now through undersigned counsel comes mover, defendant Eaton Corporation ("Eaton"),

and respectfully moves the Panel for leave to submit a supplemental memorandum in further support

of Eaton's motion for leave to vacate the conditional remand order of the captioned action, in the

form of the attached Exhibit "A", for the purpose of informing the Panel of a further development

since Eaton filed its original motion to vacate the conditional remand order and memorandum in

-1-

## OFFICIAL FILE COPY

IMAGED JAN 1 1 2008

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 1 2008

FILED
CLERK'S OFFICE

support thereof.

Respectfully Submitted,

BARKLEY & THOMPSON, L.C.
**ROBERT E. BARKLEY, JR. (#2782)**
**MARK P. SEYLER (#17422)**
**CHARLES M. PISANO (#19107)**
**NICHOLAS D. DOUCET (#18542)**
1515 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: (504) 595-3350

By: _____
Mark P. Seyler
**ATTORNEYS FOR DEFENDANT**
**EATON CORPORATION**

### Certificate of Service

I hereby certify that I have, on this 10th day of January, 2008, served a copy of the above and foregoing on counsel of record for all parties on the attached service list, by depositing the same in the United States Mail, first class postage prepaid, or by electronic mail, by agreement.

_____

RECEIVED
CLERK'S OFFICE
2008 JAN 11 A 10: 17

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CRO)

Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al., E.D. Pennsylvania
(E.D. Louisiana, C.A. No. 2:05-5221)

Lawrence E. Abbott
ABBOTT SIMSES & KUCHLER
5100 Village Walk
Suite 200
Covington, LA 70433

Julie A. Ardoin
JULIE ARDOIN LLC
2200 Veterans Memorial Boulevard
Suite 210
Kenner, LA 70065

Scott Cameron Barney
CHAFFE MCCALL LLP
202 Two United Plaza
8550 United Plaza Blvd
Baton Rouge, LA 70809

Troy N. Bell
AULTMAN TYNER & RUFFIN LTD
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Gregory E. Bodin
TAYLOR PORTER BROOKS
& PHILLIPS LLP
P.O. Box 2471
Baton Rouge, LA 70821

Andre Charles Broussard, Jr.
DEUTSCH KERRIGAN & STILES
P.O. Box 96
Baton Rouge, LA 70884

Pamela W. Carter
BAKER DONELSON BEARMAN
CALDWELL & BERKOWTIZ
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jennifer S. Kilpatrick
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130-3672

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Joseph E. Leblanc, Jr.
KING LEBLANC & BLAND LLP
6363 Woodway
Suite 750
Houston, TX 77057

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Stephen B. Murray, Jr.
MURRAY LAW FIRM
Poydras Center
650 Poydras Street
Suite 1100
New Orleans, LA 70130

MDL No. 875 - Panel Service List (Excerpted from CRO) (Continued)

John F. Olinde
CHAFFE MCCALL LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300

Dawn M. Palmisano
PLAUCHE MASELLI LANDRY
& PARKERSON LLP
201 St. Charles Avenue
Suite 4240
New Orleans, LA 70170

Charles M. Pisano
BARKLEY & THOMPSON
1515 Poydras Street
Suite 2350
New Orleans, LA 70112

Janika D. Polk
ABBOTT SIMSES & KUCHLER
400 Lafayette Street
Suite 200
New Orleans, LA 70130

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Eric Shuman
MCGLINCHEY STAFFORD PLLC
643 Magazine Street
New Orleans, LA 70130-3477

Emmett C. Sole
STOCKWELL SIEVERT
VICCELLIO ET AL
First National Bank Building
One Lakeside Plaza, Suite 400
P.O. Box 2900
Lake Charles, LA 70602

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

A. Wendel Stout III
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Elizabeth S. Wheeler
KING LEBLANC & BLAND LLP
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 1 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO.  VI)                                            **MDL No.  875**

### TRANSFERRED FROM:
### THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BEATRICE CHIASSON, et. al.,**<br>**Individually and on behalf of**<br>**her deceased husband, DONALD J.**<br>**CHIASSON** | : <br> : <br> : <br> : | |
| | : | **CIVIL ACTION** |
| **vs.** | : <br> : | **NUMBER: 05-5221** |
| | : | |
| **HONEYWELL INTERNATIONAL, INC., ET AL.** | : | |

### ORDER

In consideration of the *ex parte* motion of Eaton Corporation for leave to file a supplemental

memorandum in further support of motion to vacate conditional order of remand, it is hereby ordered

that the said motion is granted, and that the reply memorandum of Eaton Corporation attached as

Exhibit "A" to the said motion be and the same is hereby deemed filed.

_____

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 1 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO.  VI)                                    **MDL No.  875**

**TRANSFERRED FROM:**
**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

BEATRICE CHIASSON, et. al.,                    :
Individually and on behalf of                  :
her deceased husband, DONALD J.                :
CHIASSON                                       :          **CIVIL ACTION**
                                               :
        **vs.**                                :          **NUMBER: 05-5221**
                                               :
HONEYWELL INTERNATIONAL, INC., ET AL.          :

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT**
**OF MOTION TO VACATE CONDITIONAL REMAND ORDER**

**MAY IT PLEASE THE PANEL:**

Defendant Eaton Corporation submits this supplemental memorandum in further support of

its motion to vacate the conditional remand order entered in the captioned action on or about

November 27, 2007, in order to inform the Panel of a further development subsequent to Eaton's

original motion to vacate.  In its original motion to vacate, Eaton Corporation advised the Panel that

it sought to obtain a stipulation of dismissal of the claims against it prior to the remand of the

-1-



captioned action to the transferor Court, but that one defendant had objected to the proposed stipulation, and Eaton was seeking to resolve the objections of that defendant to the stipulation procedure. After further discussions with that defendant, it became apparent that a voluntary stipulation of dismissal was not possible. Accordingly Eaton Corporation is filing, contemporaneous with this memorandum, a motion for summary judgment in the MDL proceedings, in order to resolve the claims against it. Copies of Eaton's motion for summary judgment and memorandum in support thereof (exclusive of exhibits) are attached to this memorandum.

For all of the reasons previously stated, and because there is now a motion for summary judgment pending in the transferee court, Eaton Corporation respectfully suggests that this matter is not ripe for remand to the transferor court unless and until that motion is resolved. Accordingly, Eaton respectfully requests that the Panel vacate the order of conditional transfer, or alternatively stay its consideration of Eaton's motion to vacate that order, pending the final resolution in the MDL proceedings of Eaton's motion for summary judgment.

Respectfully Submitted,

BARKLEY & THOMPSON, L.C.
**ROBERT E. BARKLEY, JR. (#2782)**
**MARK P. SEYLER (#17422)**
**CHARLES M. PISANO (#19107)**
**NICHOLAS D. DOUCET (#18542)**
1515 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: (504) 595-3350

By: _____
Mark P. Seyler
**ATTORNEYS FOR DEFENDANT**
**EATON CORPORATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 1 2008

FILED
CLERK'S OFFICE

**Certificate of Service**

I hereby certify that I have, on this 10th day of January, 2008, served a copy of the above and foregoing on counsel of record for all parties on the attached service list, by depositing the same in the United States Mail, first class postage prepaid, or by electronic mail, by agreement.

RECEIVED
CLERK'S OFFICE
2008 JAN 11 P 2: 04
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

-3-

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

**PANEL SERVICE LIST (Excerpted from CRO)**

Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al., E.D. Pennsylvania
(E.D. Louisiana, C.A. No. 2:05-5221)

Lawrence E. Abbott
ABBOTT SIMSES & KUCHLER
5100 Village Walk
Suite 200
Covington, LA 70433

Julie A. Ardoin
JULIE ARDOIN LLC
2200 Veterans Memorial Boulevard
Suite 210
Kenner, LA 70065

Scott Cameron Barney
CHAFFE MCCALL LLP
202 Two United Plaza
8550 United Plaza Blvd
Baton Rouge, LA 70809

Troy N. Bell
AULTMAN TYNER & RUFFIN LTD
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Gregory E. Bodin
TAYLOR PORTER BROOKS
 & PHILLIPS LLP
P.O. Box 2471
Baton Rouge, LA 70821

Andre Charles Broussard, Jr.
DEUTSCH KERRIGAN & STILES
P.O. Box 96
Baton Rouge, LA 70884

Pamela W. Carter
BAKER DONELSON BEARMAN
CALDWELL & BERKOWTIZ
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Edward J. Cass
GALLAGHER SHARP FULTON
 & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jennifer S. Kilpatrick
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130-3672

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Joseph E. Leblanc, Jr.
KING LEBLANC & BLAND LLP
6363 Woodway
Suite 750
Houston, TX 77057

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Stephen B. Murray, Jr.
MURRAY LAW FIRM
Poydras Center
650 Poydras Street
Suite 1100
New Orleans, LA 70130

MDL No. 875 - Panel Service List (Excerpted from CRO) (Continued)

John F. Olinde
CHAFFE MCCALL LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300

Dawn M. Palmisano
PLAUCHE MASELLI LANDRY
& PARKERSON LLP
201 St. Charles Avenue
Suite 4240
New Orleans, LA 70170

Charles M. Pisano
BARKLEY & THOMPSON
1515 Poydras Street
Suite 2350
New Orleans, LA 70112

Janika D. Polk
ABBOTT SIMSES & KUCHLER
400 Lafayette Street
Suite 200
New Orleans, LA 70130

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Eric Shuman
MCGLINCHEY STAFFORD PLLC
643 Magazine Street
New Orleans, LA 70130-3477

Emmett C. Sole
STOCKWELL SIEVERT
VICCELLIO ET AL
First National Bank Building
One Lakeside Plaza, Suite 400
P.O. Box 2900
Lake Charles, LA 70602

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

A. Wendel Stout III
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Elizabeth S. Wheeler
KING LEBLANC & BLAND LLP
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEATRICE CHIASSON, et. al.,  :
Individually and on behalf of  :
her deceased husband, DONALD J.  :
CHIASSON  :     MDL 875 DOCKET
 :
 :
vs.  :
 :
HONEYWELL INTERNATIONAL, INC., ET AL. :
 :
 :

TRANSFERRED FROM:
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

BEATRICE CHIASSON, et. al.,  :
Individually and on behalf of  :
her deceased husband, DONALD J.  :
CHIASSON  :     CIVIL ACTION
 :
vs.  :     NUMBER: 05-5221
 :
HONEYWELL INTERNATIONAL, INC., ET AL. :
 :

DEFENDANT EATON  CORPORATION'S
MOTION FOR SUMMARY  JUDGMENT

Now through undersigned counsel comes defendant Eaton Corporation, and

respectfully moves, pursuant to Rule 56, F.R.C.P., for a summary judgment dismissing

plaintiffs claims and this action as against defendant Eaton, on the following grounds:

-1-



1. Plaintiffs allege that deceased plaintiff Donald Chiasson, Sr., contracted mesothelioma as a result of alleged exposure to asbestos while working as an auto mechanic and welder at various locations between 1958 and 1994. (Petition, on file with the Court, at Paragraphs 10-13.)

2. Eaton Corporation is alleged to be liable as a purported manufacturer of asbestos-containing brake products. (Petition at Paragraph 22.)

3. Plaintiffs allege that deceased plaintiff Donald Chiasson, Sr., was exposed to Eaton products incorporated into vehicles manufactured by Ford, General Motors and/or Chrysler Corporation. (Plaintiffs' answers to interrogatories, copies of which are attached hereto as Exhibit "A".)

4. However, it is undisputed that Eaton's products were incorporated only into heavy trucks, not into the passenger cars and light pickup trucks on which Donald Chiasson, Sr., is alleged to have worked. (Affidavit of Miles Tuttle, Exhibit "B" hereto.)

5. Plaintiffs have no evidence that any Eaton products were incorporated into the types of vehicles on which deceased plaintiff Donald Chiasson, Sr., allegedly worked.

6. In their depositions, co-worker witnesses Leroy Chiasson, Leroy Thibodeaux, Marcel Rodriguez, and Russell Rodriguez did not identify any product manufactured by Eaton Corporation, and in fact testified that Donald Chiasson, Sr., worked on cars and light trucks, not heavy trucks. (*See* Deposition of Leroy Chiasson, excerpts from which are attached hereto as Ex. "C", at pp. 87, 148-150; Deposition of Leroy

Thibodeaux, excerpts from which are attached hereto as Ex. "D", at p. 26; Deposition of Marcel Rodriguez, excerpts from which are attached hereto as Ex. "E", at pp. 19-20; and Deposition of Russell Rodriguez, excerpts from which are attached hereto as Ex. "F", at pp. 30-31.)

7.  Likewise, witnesses Joe Bourgeois and Sidney J. Bourgeois, who were former owners of Sidney's Texaco, where Donald Chiasson, Sr., worked, testified that the clientele of Sidney's was cars and light trucks, not heavy trucks. (*See* Deposition of Joe Bourgeois, excerpts from which are attached hereto as Ex. "G", at pp. 10-11, 23; and Deposition of Sidney J. Bourgeois, excerpts from which are attached hereto as Ex. "H", at pp. 12-13.)

8.  Further, the deposition testimony of plaintiffs did not identify any Eaton products, and confirmed that Donald Chiasson, Sr., did not work on heavy trucks. (*See* Deposition of Beatrice Chiasson, excerpts from which are attached hereto as Ex. "I", at pp. 69-70; Deposition of Roxanne Abadie, excerpts from which are attached hereto as Ex. "J", at p. 14; Deposition of Donald Chiasson, Jr., excerpts from which are attached hereto as Ex. "K", at pp. 25-26; and Deposition of Rodney Chiasson, excerpts from which are attached hereto as Ex. "L", at pp. 22-23.)

9.  Pursuant to applicable law, plaintiffs cannot establish liability against Eaton as an alleged product manufacturer without evidence to identify some Eaton product to which plaintiff had regular and frequent exposure.

10.   Accordingly, plaintiffs cannot offer evidence sufficient to establish a genuine issue

of material fact, and Eaton Corporation is entitled to judgment as a matter of law

dismissing plaintiffs' claims and this action as against Eaton Corporation.

Respectfully submitted,

Barkley & Thompson, L.C.
**ROBERT E. BARKLEY, JR. (Bar No. 2782)**
**MARK P. SEYLER (Bar No. 17422)**
**NICHOLAS D. DOUCET (Bar No. 18542)**
1515 Poydras Street, Suite 2350
New Orleans, LA 70112
Telephone: (504) 595-3350
Telecopier: (504) 595-3355

By: /s/ Mark P. Seyler
    **Mark P. Seyler (Bar No. 17422)**
    **ATTORNEYS FOR DEFENDANT EATON**
    **CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 10th day of January, 2008, served a copy of the above and foregoing pleading on counsel of record for all parties to this action by express courier, by depositing the same in the United States Mail, first class postage prepaid, or by e-mail (by agreement).

      /s/ Mark P. Seyler
      Mark P. Seyler

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BEATRICE CHIASSON, et. al.,<br>Individually and on behalf of<br>her deceased husband, DONALD J.<br>CHIASSON<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC., ET AL. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | MDL 875 DOCKET |

TRANSFERRED FROM:
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| BEATRICE CHIASSON, et. al.,<br>Individually and on behalf of<br>her deceased husband, DONALD J.<br>CHIASSON<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC., ET AL. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NUMBER: 05-5221 |

**MEMORANDUM IN SUPPORT OF DEFENDANT EATON
CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

**INTRODUCTION**

Defendant and moving party herein, Eaton Corporation ("Eaton"), seeks summary

judgment dismissing the claims of all plaintiffs, Beatrice M. Chiasson, Donald J. Chiasson, Jr.,

-1-

EXHIBIT

**2**

Rodney J. Chiasson, Robin A. Belaire, Roxanne M. Abadie and Brian P. Chiasson, individually, and on behalf of their late husband/father, Donald J. Chiasson, Sr., on the grounds that the said plaintiffs have not produced any evidence that Donald Chiasson, Sr., was ever exposed to asbestos from any product manufactured by Eaton, or that any such alleged exposure was a substantial factor in causing his alleged injury. On the motion for summary judgment, the burden is on plaintiffs to come forward with at least *prima facie* evidence of each essential element of their respective claims. Because they cannot, each plaintiff's claims against Eaton should be dismissed.

## FACTUAL BACKGROUND

Plaintiffs allege that deceased plaintiff Donald Chiasson, Sr., was exposed to asbestos and asbestos-containing products while working as an auto mechanic, and welder, at various places of employment from 1958 to 1994. Eaton Corporation is named as an alleged manufacturer of asbestos-containing brake products, i.e., a product liability defendant. However, the depositions indicate that plaintiffs do not have any evidence of exposure to asbestos from any product manufactured by Eaton. Indeed, none of the plaintiffs or co-worker witnesses can specifically identify any product manufactured by Eaton, and none can offer evidence of regular and frequent exposure to asbestos from any Eaton product, as would be required to establish that any such product allegedly caused Donald Chiasson, Sr., harm.

Plaintiffs' alleged claims appear to be premised on the belief that Eaton Corporation supplied axle assemblies that may have been incorporated into vehicles manufactured by Ford, General Motors, or Chrysler. (*See* Plaintiffs' Interrogatory Answers, Exhibit "A" to Eaton's Motion for Summary Judgment.) However, plaintiffs do not offer any competent summary judgment evidence to support that belief – only hearsay based on allegations by Ford and General Motors in other suits.

(*Id.*)  And as evidenced by the affidavit of Mr. Miles Tuttle, Eaton Corporation was never the exclusive supplier of axle assemblies to any vehicle manufacturer, so that even if plaintiffs *could* show that Donald Chiasson worked on a vehicle manufactured by a company to whom Eaton may have sold some axle assemblies, it is not possible to say whether Eaton or some other supplier manufactured or sold the axle or brake products on that particular vehicle.  (Tuttle Affidavit, Exhibit "B" to Eaton's motion for summary judgment.)  Further, the evidence is undisputed that the axle assemblies Eaton sold were for heavy trucks, not the types of passenger cars and pick-up trucks that Donald Chiasson, Sr., is alleged to have repaired.  (*Id.*)

These undisputed facts were confirmed by the deposition testimony, as well.  As specifically demonstrated in the statement of undisputed material facts below, co-worker witnesses Leroy Chaisson, Leroy Thibodeaux, Marcel Rodriguez, and Russell Rodriguez all testified that Donald Chiasson, Sr., worked on cars and light trucks, not heavy trucks.  (See Exhibits "C", "D", "E" and "F" to Eaton's motion for summary judgment.)  Likewise, witnesses Joe Bourgeois and Sidney J. Bourgeois, who were former owners of Sidney's Texaco, where Donald Chiasson, Sr., worked, testified that the clientele of Sidney's was cars and light trucks, not heavy trucks.  (*See* Exhibit "G" and "H" to Eaton's motion for summary judgment.)  Even the plaintiffs confirmed that Donald Chiasson, Sr., did not work on heavy trucks.  (*See* Depositions of plaintiffs Beatrice Chiasson, Roxanne Abadie, Donald Chiasson, Jr., and Rodney Chiasson, Exhibits "I", "J", "K" and "L" to Eaton's motion for summary judgment.)

For all of those reasons, plaintiffs cannot present evidence at trial sufficient to demonstrate a genuine issue of material fact, and the Court should grant summary judgment in favor of Eaton, dismissing plaintiffs' claims, with prejudice, at plaintiffs' costs.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Eaton Corporation submits the following statement of the undisputed material facts in support of its motion for summary judgment, with citations to the specific page of the documents or transcripts in which they are established:

- Plaintiffs contend that Eaton Corporation is liable as an alleged manufacturer of automotive brake parts. (Petition at paragraph 22.)

- In responses to interrogatories, plaintiffs asserted a belief that Eaton supplied original equipment parts to Ford, General Motors or Chrysler, to which Mr. Donald Chiasson, Sr., allegedly was exposed while replacing such parts on vehicles manufactured by those companies. (Plaintiffs' Answers to Eaton Corporation's interrogatories, an accurate copy of which is attached as Exhibit "A" to Eaton's Motion for Summary Judgment.)

- Defendant Eaton Corporation did not supply brake assemblies for vehicles in the class identified by Donald Chiasson's co-workers, namely passenger cars and light trucks. (Affidavit of Miles Tuttle, attached as Exhibit "B" to Eaton's Motion for Summary Judgment.)

- Eaton Corporation was one of the suppliers of brake assemblies to manufacturers of larger, heavy duty trucks, including Ford and General Motors, however, there is no evidence Mr. Chiasson was exposed to such brake products.

- Eaton was never the sole or exclusive supplier of brake products to any manufacturer. (Affidavit of Miles Tuttle, Exhibit "B" to Eaton's Motion for Summary Judgment.)

- In his deposition, co-worker witness Leroy Chaisson testified that Donald Chiasson, Sr., did not like working on heavy trucks and equipment. (Deposition of Leroy Chiasson, October

25, 2006, excerpts from which are attached as Exhibit "C" to Eaton's motion for summary judgment, at p. 87.)

- Mr. Leroy Chaisson identified two school buses that Mr. Donald Chiasson, Sr., worked on, which Mr. Chaisson believed were manufactured by Mack Truck, but Mr. Chaisson did not identify any other larger vehicles. (*Id.* at pp. 148-150.)

- Mr. Leroy Chaisson identified various other products in his deposition, but he did not identify any brake or other products allegedly manufactured by Eaton Corporation.

- In his deposition, co-worker witness Leroy Thibodeaux testified that Mr. Donald Chiasson, Sr., worked primarily on passengers cars and light trucks, and a few school buses. (Deposition of Leroy Thibodeaux, October 26, 2006, excerpts from which are attached as Exhibit "D" to Eaton's motion for summary judgment, at p. 26.)

- Mr. Thibodeaux identified various other products in his deposition, but did not identify any product allegedly manufactured by Eaton Corporation.

- In his deposition, co-worker witness Marcel Rodriguez testified that he could not identify the manufacturer of any of the products that Donald Chiasson, Sr., may have used. (Deposition of Marcel Rodriguez, April 19, 2007, excerpts from which are attached as Exhibit "E" to Eaton's motion for summary judgment, at pp. 19-20.)

- In his deposition, co-worker witness Russell Rodriguez testified that he could not identify the manufacturer of any of the products that Donald Chiasson, Sr., may have used. (Deposition of Russell Rodriguez, April 19, 2007, excerpts from which are attached as Exhibit "F" to Eaton's motion for summary judgment, at pp. 30-31.)

- In his deposition, Joe Bourgeois, a former owner of Sidney's Texaco, where Donald

Chiasson, Sr., worked, confirmed that the clientele of Sidney's Texaco was passenger cars and light trucks, not heavy trucks. (Deposition of Joe Bourgeois, May 7, 2007, excerpts from which are attached as Exhibit "G" to Eaton's motion for summary judgment, at pp. 10-11, 23.)

- Joe Bourgeois identified some products used at Sidney's Texaco, but testified that he did not know of any products from Eaton Corporation that were used. (*Id.* at p. 42.)

- In his deposition, Sidney J. Bourgeois, a former owner of Sidney's Texaco, testified about some brake products that were used at Sidney's in the late 1970s and 1980s, but did not identify any brake products allegedly manufactured by Eaton Corporation. (Deposition of Sidney J. Bourgeois, May 2, 2007, excerpts from which are attached as Exhibit "H" to Eaton's motion for summary judgment, at pp. 12-13.)

- In her deposition, plaintiff Beatrice Chiasson testified that she did not know who manufactured any of the products or equipment her husband worked with, and that she had never heard of Eaton Corporation. (Deposition of Beatrice Chiasson, February 8, 2007, excerpts from which are attached as Exhibit "I" to Eaton Corporation 's motion for summary judgment, at pp. 69-71.)

- Ms. Chiasson testified that her husband worked primarily on passenger cars and small trucks, and that she did not recall his working on heavy trucks. (*Id.*)

- In her deposition, plaintiff Roxanne Abadie (Donald Chiasson, Sr.'s daughter) testified that she is not able to identify any of the products her father may have used. (Deposition of Roxanne Abadie, March 29, 2007, excerpts from which are attached as Exhibit "J" to Eaton's motion for summary judgment, at p. 14.)

- In his deposition, plaintiff Donald Chiasson, Jr., also testified that his father worked with passenger cars and pick-up trucks, not heavy trucks. (Deposition of Donald Chiasson, Jr., March 29, 2007, excerpts from which are attached as Exhibit "K" to Eaton's motion for summary judgment, at pp. 25-26.)

- Donald Chiasson, Jr., also testified that he had never heard of Eaton Corporation, and did not identify any product allegedly manufactured by Eaton Corporation. (*Id.*)

- In his deposition, plaintiff Rodney Chiasson testified that he had never heard of Eaton Corporation, and did not identify any product allegedly manufactured by Eaton. (Deposition of Rodney Chiasson, March 29, 2007, excerpts from which are attached as Exhibit "L" to Eaton's motion for summary judgment, at pp. 22-23.)

- Accordingly, the evidence establishes that plaintiffs cannot demonstrate that Donald Chiasson, Sr., had any exposure to asbestos from products manufactured by Eaton Corporation, and certainly cannot show that he had the type of regular and frequent exposure that is necessary to establish any claim against Eaton, and summary judgment should be granted.

**ESSENTIAL LEGAL ELEMENTS OF A CLAIM FOR ASBESTOS EXPOSURE**

This is a product liability case alleging exposure to asbestos in Louisiana, and is before the Court pursuant to its diversity jurisdiction. Accordingly, although federal procedural law will apply, the substantive rules of decision in this case will be supplied by Louisiana law. *See, e.g., Masterson v. Mead County Fiscal Court*, 489 F.Supp2d 740, 747 (W.D. Ky. 2007); *Royal Surplus Lines Ins. Co. v. Brownsville Independent School District*, 404 F.Supp.2d 942, 947 (S.D. Tex. 2005).

Under Louisiana product liability law applicable to cases such as this one, the plaintiff bears

the burden of identifying the manufacturer of the allegedly defective product. *Jefferson v. Lead Industries Association, Inc.*, 106 F.3d 1245, 1248-1249 (5th Cir. 1997); *Fricke v. Owens-Corning Fiberglas Corp.*, 618 So.2d 473, 475 (La. App. 4th Cir. 1993); *Bernard v. Ferrell Gas, Inc.*, 96-621 (La. App. 3rd Cir. 2/5/97); 689 So.2d 554, 558; *Scaffidi v. Thompson-Hayward Chemical, Inc.*, 1997 W.L. 469966, *2 E.D. La. 8/12/97). Pursuant to Louisiana law, the plaintiff in an asbestos case bears the burden of proving that he was exposed to asbestos from a specific defendant's product. *Vodanovich v. A. P. Green Industries*, 2003-CA-1079 (La. App. 4th Cir. 3/3/04); 869 So.2d 930, 932; *Hardy v. Johns-Manville Sales Corporation*, 681 F.2d 334, 337 (5th Cir. 1982). The plaintiff also bears the burden of proving that he received an injury substantially caused by asbestos exposure to asbestos from a particular defendant's product. *Vodanovich*, *supra*, 869 So.2d at 932.

To prove causation, Louisiana law requires the plaintiff to show that he had a significant exposure to asbestos from the specific product complained of to the extent it was a "substantial factor" in bringing about his injury. *Vodanovich*, *supra*, 869 So.2d at 933. The "substantial factor" element of causation in an asbestos case places the burden on the plaintiff to prove frequent and regular exposure to the particular defendant's product. *Hoerner v. Anco Insulations, Inc.*, 2000-CA-2333 (La. App. 4th Cir. 01/23/02); 812 So.2d 45,55.

Speculation is insufficient to defeat a motion for summary judgment which is based on a lack of evidence to support an essential element of the plaintiff's claim. *American Zurich Insurance Company v. Johnson*, 37566-CA (La. App. 2nd Cir. 7/30/03); 850 So.2d 1112, 1114; *Babin v. Winn-Dixie Louisiana, Inc.*, 00-C-0078 (La. 6/30/00); 764 So.2d 37, 40; *Jones v. Estate of Santiago*, No. 2003-CC-1424 (La. 4/14/04); 870 So.2d 1002, 1009.

## STANDARDS FOR GRANTING SUMMARY JUDGMENT

Pursuant to Rule 56, F.R.C.P., the movant's burden on a motion for summary judgment is dependent upon whether it will have the burden of proof on the claim or defense at trial.  *See* Rule 56(c), F.R.C.P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).   The Supreme Court has explained that a movant for summary judgment need not support its motion with evidence negating the opponent's case.   Rather, once the movant establishes that there is an absence of evidence to support the non-movant's case, the burden shifts to the non-movant to make a sufficient showing establishing each element as to which that party will have the burden of proof at trial.  *Celotex*, 477 U.S. at 322-25, 106 S.Ct. 2548.

Summary judgment is appropriate when the non-moving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof at trial.  *See* Rule 56(c), F.R.C.P.; *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  The proof must be of such quality that "a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

issue for trial.' " *Matsushita*, 475 U.S. at 586-87, 106 S.Ct. 1348.  Courts will decide all reasonable

doubts and inferences in the light most favorable to the party opposing the motion.  *Lemelle v.*

*Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir.1994).  But the non-moving parties must come

forward with evidence to support the inference they seek.

### THE DEPOSITION TESTIMONY OFFERS NO EVIDENCE OF ASBESTOS EXPOSURE TO ANY EATON PRODUCT, AND CERTAINLY NO EXPOSURE THAT WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT ANY OF DONALD CHIASSON, SR.,'S INJURIES

Pursuant to the authorities cited above, Plaintiffs bear the burden of proving that Donald

Chiasson, Sr., was exposed to asbestos from a specific product manufactured by Eaton, that his

alleged injury was substantially caused by exposure to asbestos from a specific Eaton product, and

that he had a significant enough exposure to asbestos from a specific Eaton product to the extent it

was a "substantial factor" in bringing about his illness or death.  In this case, the testimony of Donald

Chiasson, Sr.'s co-workers, his former employers, and his family members establishes that the

plaintiffs have insufficient evidence to satisfy these essential legal elements of an asbestos product

liability claim against Eaton.

Simply put, there is not a shred of evidence in this case that Donald Chiasson, Sr., actually

worked with an Eaton product that contained any asbestos.  While plaintiffs allege exposure to brake

products, neither the plaintiffs nor any of his co-workers can identify any product manufactured by

Eaton.  Indeed, the testimony shows that Donald Chiasson, Sr., worked on passenger automobiles

and light trucks, and that the brake parts at in those vehicles could not have come from any axle

assembly supplied to a vehicle manufacturer by Eaton.  Because product identification is an essential

element of any product liability claim, Eaton respectfully submits that it is entitled to summary

judgment in this case as to the claims of all plaintiffs.

## CONCLUSION

For the foregoing reasons, defendant Eaton Corporation respectfully requests that this Court

grant this Motion for Summary Judgment, as requested herein.

Respectfully submitted,

Barkley & Thompson, L.C.
**ROBERT E. BARKLEY, JR. (Bar No. 2782)**
**MARK P. SEYLER (Bar No. 17422)**
**NICHOLAS D. DOUCET (Bar No. 18542)**
1515 Poydras Street, Suite 2350
New Orleans, LA 70112
Telephone: (504) 595-3350
Telecopier: (504) 595-3355

By:   /s/ Mark P. Seyler
      **Mark P. Seyler (Bar No. 17422)**
      **ATTORNEYS FOR DEFENDANT EATON**
      **CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 10th day of January, 2008, served a copy of the above and
foregoing pleading on counsel of record for all parties to this action by express courier, by depositing
the same in the United States Mail, first class postage prepaid, or by e-mail (by agreement).

          /s/ Mark P. Seyler
          Mark P. Seyler