**MDL 875**

LAW OFFICES

**COHEN, PLACITELLA & ROTH**

A PROFESSIONAL CORPORATION

127 MAPLE AVENUE

RED BANK, NEW JERSEY 07701

————

(732) 747-9003

FACSIMILE: (732) 747-9004

RED BANK, NJ
PRINCETON, NJ
HARRISBURG, PA
BALA CYNWYD, PA
NEW BRUNSWICK, NJ

————

CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**JAN 16 2008**

FILED
CLERK'S OFFICE

CHRISTOPHER M. PLACITELLA
cplacitella@cprlaw.com

January 14, 2008

**VIA OVERNIGHT MAIL**

Jeffery N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

   Re:  **MDL No. 875 – IN RE: Asbestos Products Liability Litigation   (No. VI)**

Dear Mr. Lüthi:

   We are counsel for Plaintiff Ruth Shamir in the above captioned matter.  Please accept this letter brief in lieu of a more formal response to the Memorandum of Law in Opposition to Plaintiff Ruth Shamir's Motion to Vacate Conditional Transfer Order 295 filed by Defendants Agilent Technologies, Inc. ("Agilent") and Hewlett-Packard Co. ("HP") (hereinafter collectively referred to as "Defendants") on January 8, 2008.

   The present action should not be transferred to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with In re Asbestos Products Liability Litigation, MDL No. 875 (hereinafter referred to as "Asbestos MDL") because the questions of fact at issue in the present action are distinct from those at issue in Asbestos MDL cases and transfer of this case will not eliminate any duplicative discovery or conserve the resources of the parties, their counsel or the judiciary.  Pursuant to 28 U.S.C. § 1407(a), an action may be transferred to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings only if such a transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."  Further, transfer to the Asbestos MDL is proper only if the transfer involves actions having one or more common questions of fact pending in different districts.  See 28 U.S.C. § 1407(a).

**OFFICIAL FILE COPY**

PLEADING NO. 5324

IMAGED JAN 18 2008

In Plaintiff's Memorandum of Law in Support of her Motion to Vacate Conditional Transfer Order 295, Plaintiff Ruth Shamir established the uniqueness of the present action from those cases in the Asbestos MDL. In particular, Plaintiff Ruth Shamir established the uniqueness of the Defendants, of the asbestos-containing T.C. detectors to which Plaintiff's decedent was exposed and of the work site involved. Furthermore, and contrary to Defendants' argument that the Plaintiff failed to offer credible support for her assertions of uniqueness, Plaintiff Ruth Shamir has in fact provided the Judicial Panel on Multidistrict Litigation ("JPML") with proof of the present action's insufficient commonality and complexity of fact with Asbestos MDL cases. This proof includes the results of an unrestricted search in a national index of United States District, Bankruptcy and Appellate Courts for actions arising from asbestos-related injuries involving Defendants or Defendants' corporate predecessor and manufacturer of the asbestos-containing T.C. detectors, F&M Scientific ("F&M"). This search failed to reveal a single action arising from asbestos-related injuries, open or closed, involving Defendants individually or as successors in interest to F&M. See U.S. Party/Case Index, Civil Name Search Results for HP, Agilent and F&M, attached to Plaintiff Ruth Shamir's Memorandum of Law in Support of her Motion to Vacate Conditional Transfer Order 295 as Ex. A, Ex. B and Ex. C.

The results of this search unambiguously reaffirm the distinct nature of the present action as compared to those cases transferred to the Asbestos MDL. Because Defendants are not involved in any actions arising from asbestos-related injuries, individually or as successors in interest to F&M, both the asbestos-containing T.C. detectors manufactured by Defendants' corporate predecessor F&M to which Plaintiff's decedent was exposed as well as the Defendant's repair center in Paramus, New Jersey where Plaintiff's decedent's exposure occurred are entirely unique to asbestos litigation. The uniqueness of the Defendants thus effectuates the uniqueness of the asbestos-containing product and the work site involved in the present action.

As a result of the distinct nature of the present action, any benefit from coordinated or consolidated pretrial proceedings with respect to defendants, products and work sites commonly involved in Asbestos MDL cases will go unrealized. Common issues of fact simply do not predominate between the present action and those actions in the Asbestos MDL. See In re Westinghouse Electric Corp. Employment Discrimination Litig., 438 F. Supp. 937 (J.P.M.L. 1977) (denying transfer despite universal allegations of discriminatory conduct because non-common issues predominated). Therefore, transfer of the present action will not eliminate any duplicative discovery, conserve the resources of the parties, their counsel or the judiciary and as a result, will not promote the just and efficient conduct of the present action. In fact, the opposite is true. There is simply no common discovery to conduct and as such, transfer of the present action to the Asbestos MDL for coordinated and consolidated pretrial proceedings will actually serve to delay what would be an efficient discovery process if executed in New Jersey District Court.

Defendants presume that because the present personal injury and wrongful death action arises from Plaintiff's decedent's exposure to an asbestos-containing product, that the present action thereby invokes questions of fact common to all actions in the Asbestos MDL. This presumption, however, is patently incorrect. As stated above, the present action could not be more distinct from Asbestos MDL cases, particularly with respect to the parties, product and work site involved. It is the present action's uniqueness from asbestos litigation in general that renders it incapable of advancing the objectives of the Multidistrict Litigation Act if transferred to the Asbestos MDL.

2

Accordingly, and for the foregoing reasons, the present action should not be transferred to the Asbestos MDL and this Panel should grant Plaintiff Ruth Shamir's Motion to Vacate Conditional Transfer Order 295.

We thank this Court for its consideration of this matter.

Respectfully submitted,

Christopher M. Placitella, Esq.

CMP/sol
Enclosures

cc:        All Courts and Counsel/Persons Served listed on the enclosed Proof of Service and
           attached Panel Service List

RECEIVED
CLERK'S OFFICE
2008 JAN 15  A 11: 19
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**JAN 16 2008**

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br><br>Civil Action No. 2:07-cv-04185-JAG-MCA |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Letter Brief in Response to Defendants'

Memorandum of Law in Opposition to Plaintiff Ruth Shamir's Motion to Vacate Conditional

Transfer Order 295 and this Certificate of Service was served on January 14, 2008 via Overnight

Mail to the attorney for the Defendants at the following address:

>Frank C. Testa
>Morgan, Lewis & Bockius, LLP
>502 Carnegie Center
>Princeton, NJ 08540

and has been served via Overnight Mail and via the United States District Court, District of New

Jersey's CM/ECF System at the following address:

Honorable Joseph A. Greenaway, Jr., U.S.D.J.
United States District Court
District of New Jersey
M.L. King Jr., Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07102

and has been served via First Class Mail to all parties on the Panel Service List as set forth in the

attached page.

Dated: 1 / 14 / 08                    By: _____

                                          Christopher M. Placitella, Esq.

RECEIVED CLERK'S OFFICE
2008 JAN 15 A 11: 19
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                        MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-295)

Ruth Shamir, etc. v. Agilent Technologies, Inc., et al., D. New Jersey, C.A. No. 2:07-4185

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON &
NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Christopher M. Placitella
COHEN PLACITELLA & ROTH PC
115 Maple Avenue
Red Bank, NJ 07701

John J. Repcheck
MARKS O'NEILL O'BRIEN &
COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR &
PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE &
SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Frank C. Testa
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406