MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 24 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

In re: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

**Objection to Transfer**

| | |
|---|---|
| DORA VANDEGRAFT, individually, and as Special Administrator of the Estate of ANDREW VANDEGRAFT, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>PNEUMO ABEX CORPORATION, PNEUMO ABEX, LLC, OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD COMPANY,<br><br>Defendants. | PLEADING STRICKEN 1/24/08<br><br>No. 07 cv 1144 |

PLEADING NO. 5327

**OBJECTION TO TRANSFER**

Now comes DORA VANDEGRAFT, individually, and as Special Administrator of the Estate of ANDREW VANDEGRAFT, Deceased, by her attorney, Mike McElvain, and objects to the transfer of her cause on the following basis:

**I. FEDERAL JURISDICTION HAS NOT BEEN ESTABLISHED**

A. This cause was filed in the Circuit Court of McLean County, Illinois, Eleventh Judicial Circuit on April 12, 2007 wherein Illinois Central Railroad Company, an Illinois Corporation, was a defendant and the Plaintiff, DORA VANDEGRAFT, individually, and as Special Administrator of the Estate of ANDREW VANDEGRAFT, Deceased is a citizen of the State of Illinois.

B. Complete diversity does not exist as this is litigation in between Illinois citizens.

C. Despite this, PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, submitted a

**NOTICE OF REMOVAL** with attached consents from OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD COMPANY.

**D.** An **unsubstantiated allegation** that Illinois Central was improperly joined is the sole basis of this matter currently appearing before this court. In response, The Plaintiff on June 22, 2007 filed an OBJECTION TO REMOVAL AND MOTION TO REMAND TO STATE COURT (exhibit A)

> *An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. B., Inc., 663 F2d at 549. At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?* **Poulos v. Naas Foods, Inc., 959 F.2d 69 (C.A.7 (Wis.). 1992)**

No Court proceeding has:

1) Taken evidence on the propriety of the joinder of Illinois Central;

2) Accepted briefs and authority on the propriety of the joinder of Illinois Central;

3) Accepted affidavits propriety of the joinder of Illinois Central;

4) Help arguments propriety of the joinder of Illinois Central;

5) and most importantly, **NO RULING THAT COMPLETE DIVERSITY IS PRESENT ALLOWING JURISDICTION BEFORE THIS COURT HAS EVER BEEN MADE.**

**E.** No ruling should be issued by this court on a transfer of this cause until such time as there is clear demonstration that federal jurisdiction exists as the record submit to do so far shows that the only court with proper jurisdiction is the state court of the State of Illinois, County of McLean, 11th judicial circuit.

## II. ANY TRANSFER IS PREMATURE UNTIL JURISDICTION IS ESTABLISHED

**A.** The workload of the UNITED STATES JUDICIAL PANEL on MULTIDISTRICT LITIGATION handling the cause : IN RE:ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) MDLNo.875 should not be burdened with claims that have failed to

demonstrate removal from State Court was proper.

**B.** The plaintiff has attempted to obtain a ruling from the District Court, Central District of Illinois, and as evidenced by the attached Docket entry, the Central District Court of Illinois believes that the matter is entirely before this court. (Exhibit B)

    Wherefore, DORA VANDEGRAFT, individually, and as Special Administrator of the Estate of ANDREW VANDEGRAFT, Deceased, by her attorney, mike McElvain requests that transfer of this cause from the Central District Court, United States District Court, Peoria division be denied.

                                **Dora Vandergraph, individually, and as Special Administrator of the Estate of ANDREW VANDEGRAFT, Deceased**
                                **PLAINTIFF**

**By:** _/s/ Mike McElvain_
                              Mike McElvain, Attorney

*Law Office of Mike McElvain*
*234 East Front*
*P.O. Box 3007*
*Bloomington, IL 61701*
*(309)828-3340 ph*
*(309)828-3743 fax*
*ARDC # 01834924*

# Exhibit A

E-FILED
Friday, 22 June, 2007  04:19:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DORA VANDEGRAFT, Individually and as )
Special Administrator of the Estate of )
Andrew Vandegraft, deceased, )
)
        Plaintiff, )
   v. ) No. 07-cv-1144
ILLINOIS CENTRAL RAILROAD )
COMPANY, et al., )
)
        Defendants. )

## PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION FOR REMAND TO STATE COURT

Plaintiff, Dora Vandegraft, individually, and as special administrator of the estate of Andrew Vandegraft, deceased, by her attorney, Mike McElvain, moves to return this matter to the Circuit Court of McLean County, and states as follows:

1. Pneumo Abex Corporation and Pneumo Abex, LLC have filed what they labeled a notice of removal with this Court.

2. The motion is supported by no factual information and merely contains legal conclusions.

3. Defendants acknowledge that Illinois Central is an Illinois Corporation and its principal place of business is in Illinois and further acknowledge that Illinois Central destroys the diversity necessary for this case to be removed to Federal Court.

4. Without any factual basis Defendants merely state that Illinois Central was improperly joined as a party to the suit. Such a conclusion lacks even the barest effort to make a factual explanation or support for the claim that Illinois Central, an Illinois corporation, was improperly joined.

Files:Vandegraft 07 L 59:P Opp to Rem.doc

5.  This court recognizes that any allegation of improper joinder by an out-of-state defendant attempting to create diversity must show that when everything is considered in favor of the plaintiff, no action could be stated against Illinois Central.

> *An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. B., Inc., 663 F2d at 549. At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal? Poulos v. Naas Foods, Inc., 959 F.2d 69 (C.A.7 (Wis.). 1992)*

6.  Defendants have done nothing to meet any burden and their motion is a bare allegation with no facts for this Court to resolve giving this Court no ability to rule in their favor. Other than the conclusion of "fraudulent joinder," Defendants left it to this Court's imagination as to what the facts might be. Their motion for removal is totally devoid of any facts.

7.  Attempting to utilize its presence in this Court, Illinois Central has filed a motion to dismiss Plaintiff's complaint. Plaintiff objects to such motion being considered by this Court in that this Court does not have jurisdiction of the matter as long as no diversity exists for an appropriate transfer from the state court.

8.  Similar motions for removal have been filed in the causes of Nussbaum v. Pneumo Abex, 07-CV-1038, and Durbin v. Pneumo Abex, 07-CV-1037. In each case, as this one, Illinois Central has filed a motion to dismiss with attached argument. Additionally, Illinois Central then attempts to argue the merits of the complaint a second time in what is titled "Memorandum in Opposition to Plaintiff's Motion to Remand."

9.  As demonstrated by Plaintiff Nussbaum's attached exhibits in "Plaintiff's Motion for remand to State Court (07-CV-1038), Illinois Central has failed to be successful in state court

on a minimum of 15 different occasions wherein the same or similar allegations were made by the plaintiff and the motions to dismiss have been denied. Submitting tired and worn arguments that have not been excepted in the past is not the way the *Poulos* court anticipated a heavy burden would be met.

Wherefore, Plaintiff, requests that this Court reject the notice of removal and remand this cause to the Circuit Court of McLean County.

DORA VANDEGRAFT, Plaintiff,

By S/Mike McElvain
Mike McElvain, Attorney

Law Office of Mike McElvain
234 East Front
P.O. Box 3007
Bloomington, IL  61701

ME/cs

Files:Vandegraft 07 L 59:P Opp to Rem.doc

# Exhibit B

## Mike McElvain

| | |
|---|---|
| **From:** | <ECF_Returns@ilcd.uscourts.gov> |
| **To:** | <ECF_Notices@ilcd.uscourts.gov> |
| **Sent:** | Tuesday, January 15, 2008 8:52 AM |
| **Subject:** | Activity in Case 1:07-cv-01144-MMM-JAG Vandegraft v. Pneumo Abex Corporation et al Order Striking/Vacating Document |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### CENTRAL DISTRICT OF ILLINOIS

### Notice of Electronic Filing

The following transaction was entered on 1/15/2008 at 8:52 AM CST and filed on 1/15/2008
**Case Name:**    Vandegraft v. Pneumo Abex Corporation et al
**Case Number:**  1:07-cv-1144
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER STRIKING/VACATING DOCUMENT: [17] Objection filed by Dora Vandegraft, [18] Response filed by Dora Vandegraft [19] Certificate of Service/Counsel filed by Dora Vandegraft are all STRICKEN as filed in the wrong court. The Conditional Transfer Order entered in this court on 1/7/08 states that parties are to file a notice of opposition with the Clerk of the Panel. Entered by Judge Michael M. Mihm on 1/15/08. (SM, ilcd)**

**1:07-cv-1144 Notice has been electronically mailed to:**

Nicole C Behnen    nbehnen@polsinelli.com, mclardy@polsinelli.com

Mark R Kurz    m.kurz@gundlachlee.com, a.faith@gundlachlee.com, info@gundlachlee.com, s.wagner@gundlachlee.com

Joshua Douglas Lee    jdlee@schiffhardin.com, edocket@schiffhardin.com, tsallay@schiffhardin.com

Mike McElvain    mcelvain@gte.net, mike@mcelvainlaw.com

James E Peckert    jep@kehart.com, lara@kehart.com

Thomas R Peters    t.peters@gundlachlee.com, d.mcvickar@gundlachlee.com, info@gundlachlee.com

1/15/2008

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 24 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                         MDL No. 875

Proof of Service

| | |
|---|---|
| DORA VANDEGRAFT, individually, and as Special Administrator of the Estate of ANDREW VANDEGRAFT, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>PNEUMO ABEX CORPORATION, PNEUMO ABEX, LLC, OWENS-ILLINOIS, INC., METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and ILLINOIS CENTRAL RAILROAD COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 07 cv 1144<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROOF OF SERVICE

Under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure, the undersigned certifies that a copy of:

1) OBJECTION TO TRANSFER
2) REQUEST FOR HEARING ON PLAINTIFF'S REQUEST TO DENY REMOVAL

was served upon the individuals listed below by mailing the following attorney's at their listed address by deposition in the United States Mails notification of such filings to all attorneys for Defendants that are of record on the 16th day of January, 2008:

Robert Westwood Scott
SWAIN HARTSHORN & SCOTT
Associated Bank Plaza
Suite 1812
411 Hamilton Blvd
Peoria, IL 61602



(309) 637-1700
Fax: 637-1708
Email: bobscott@peorialaw.com


**Timothy Whitzel Swain, II**
SWAIN HARTSHORN & SCOTT
Associated Bank Plaza
Suite 1812
411 Hamilton Blvd
Peoria, IL 61602
309-637-1700
Fax: 309-637-1708
Email: timswain@peorialaw.com

**Joshua Douglas Lee**
SCHIFF HARDIN LLP
6600 Sears Tower
233 S Wacker Dr
Chicago, IL 60606-6473
312-258-5500
Fax: 312-258-5600
Email: jdlee@schiffhardin.com

**James E Peckert**
KEHART PECKERT & BOOTH
132 S Water St Suite 200
PO Box 860
Decatur, IL 62525-0860
217-428-4689
Fax: 217-422-7950
Email: jep@kehart.com

**Nicole C Behnen**
POLSINELLI SHALTON & WELTE
Suite 1110
100 S Fourth St
St Louis, MO 63102-1825
(314) 231-1950
Fax: 231-1776
Email: nbehnen@polsinelli.com

**Mark R Kurz**
GUNDLACH LEE EGGMANN BOYLE &
ROESSLER
5000 W Main
PO Box 23560
Belleville, IL 62223-0560
618-277-9000
Fax: 618-277-0192
Email: m.kurz@gundlachlee.com

**Thomas R Peters**
GUNDLACH LEE EGGMANN BOYLE
ROESSLER

5000 W Main
PO Box 23560
Belleville, IL 62223-0560
618-277-9000
Fax: 618-277-4594
Email: t.peters@gundlachlee.com

                                              **DORA VANDEGRAFT, individually, and as Special Administrator of the Estate of ANDREW VANDEGRAFT, Deceased, by her attorney, Mike McElvain**
                                              **PLAINTIFF**

By: _____/s/ Mike McElvain_____
                                         **Mike McElvain, Attorney**

*Law Office of Mike McElvain*
*234 East Front*
*P.O. Box 3007*
*Bloomington, IL 61701*
*(309)828-3340 ph*
*(309)828-3743 fax*
*ARDC # 01834924*