**MDL  875**

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL. NO. 875

### IN RE Asbestos Products Liability Litigation (No. VI)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**This Document Relates To:**
*Diana Wheeler McCarthy et al. v. AstenJohnson, Inc., et al.*,
**E.D. Pennsylvania, (C.D. California, C.A. No. 2:03-3046)**

JAN 2 9 2008

FILED
CLERK'S OFFICE

## ASTENJOHNSON, INC.'S MOTION TO VACATE
## CONDITIONAL REMAND ORDER

Defendant, AstenJohnson, Inc. hereby moves the Panel to vacate the Conditional Remand Order entered in the above-captioned action on December 28, 2007, for the following reasons:

1.      The Panel's Conditional Remand Order in this case is premised on the suggestion that pre-trial proceedings in this matter have been concluded as required by Rule 7.6 of Rules of Procedure of the Judicial Panel on Multidistrict Litigation.   However, substantial discovery remains to be conducted in this matter.

2.      Moreover, no settlement conference has been conducted in this action, and accordingly pre-trial proceedings cannot be considered to have been concluded at this juncture. It is respectfully submitted that the case should not be remanded in this posture.

WHEREFORE, for the reasons set forth in this motion, the attached exhibits, and accompanying brief, which is as if fully set forth herein by reference and attached hereto, Defendant, AstenJohnson, Inc., moves this Panel to vacate the order of December 28, 2007,

1

**OFFICIAL FILE COPY**

FILING NO. 5334

conditionally remanding the above-referenced captioned case to the United States District

Court for the Central District of California.

This the ___28th___ day of January, 2008.

Respectfully submitted,

Nancy Lucas by permission AW

Nancy E. Lucas (California State Bar No. 126854)
On behalf of Defendant
ASTENJOHNSON. INC.

Of Counsel:
HAIGHT, BROWN & BONESTEEL, LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045
Telephone: 310.215.7100
Facsimile:  310.215.7300

2008 JAN 29  A 10: 29
RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have this day mailed, via United States mail, postage fully pre-paid, a true and correct copy of the above and foregoing document to Plaintiffs' Counsel and all other known Counsel of Record as set forth in the Panel Service List.

This, the 28th day of January, 2008.

Respectfully submitted,

Nancy B. Lucas (California State Bar No. 126854)
On behalf of Defendant
ASTENJOHNSON. INC.

RECEIVED
CLERK'S OFFICE
2008 JAN 29 A 10: 29

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

## PANEL SERVICE LIST (Excerpted from CRO)

Diana Wheeler McCarthy, et al. v. Asten Johnson, Inc., et al., E.D. Pennsylvania
(C.D. California 2:03-3046)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

John C. Heubeck
JOHN C HEUBECK LAW OFFICES
400 Continental Blvd, 6th Floor
El Segundo, CA 90245

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Nancy E. Lucas
HAIGHT BROWN & BONESTEEL
6080 Center Drive
Suite 800
P.O. Box 45068
Los Angeles, CA 90045-0068

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL. NO. 875

IN RE Asbestos Products Liability Litigation (No. VI)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**This Document Relates To:**
*Diana Wheeler McCarthy et al. v. AstenJohnson, Inc., et al.,*
**E.D. Pennsylvania, (C.D. California, C.A. No. 2:03-3046)**

JAN 2 9 2008

FILED
CLERK'S OFFICE

## ASTENJOHNSON, INC.'S BRIEF IN SUPPORT OF ITS
MOTION TO VACATE CONDITIONAL REMAND ORDER

Defendant AstenJohnson, Inc. ("Asten") hereby files its brief in support of its Motion to Vacate

Conditional Remand Order and in support thereof states as follows:

## I.      INTRODUCTION AND BACKGROUND

The instant case was filed by plaintiffs in the Superior Court of Los Angeles County, California, on

or about March 18, 2003, see Exhibit 1 to Defendant's Motion to Vacate, and was subsequently removed

to the United States District Court for the Central District of California on April 20, 2003. The Judicial

Panel on Multidistrict Litigation ("MDL Panel") transferred plaintiffs' claims to asbestos MDL No. 875 in

the United States District Court for the Eastern District of Pennsylvania (hereinafter the "MDL Court") on

September 22, 2003, pursuant to Conditional Transfer Order No. 227. See Certified Copy of Conditional

Transfer Order No. 227, attached as Exhibit 2 to Defendant's Motion to Vacate.

On December 5, 2007, the MDL Court entered a Suggestion of Remand in this case upon motion

of the plaintiffs to remand[1] the instant action, wherein the MDL Court found that:

---

[1]As discussed below in section II-A, despite reference to plaintiffs' motion to remand in the MDL Court's
suggestion, defendant is unaware of the filing of any such motion in this case. The Court's docket in this case does

> having reviewed this case, and now believing that such motion is appropriate since this matter has been previously tried and only the issue of damages remains to be resolved;...THE COURT SUGGESTS that the within entitled matter should be REMANDED to the United States District Court for the Central District of California for resolution of all outstanding motions and such further action as may be deemed proper by that Court.

See Suggestion of Remand, attached as Exhibit 3 to Defendant's Motion to Vacate. The MDL further ordered in its Suggestion of Remand that plaintiffs' claims for punitive damages be severed and retained by it. *Id.*

Thereafter, on December 28, 2007, this Panel entered a Conditional Remand Order in this action, wherein it specifically stated that it has been advised by the MDL Court "that coordinated or consolidated pretrial proceedings with respect to the remaining claims have been completed, and that remand of those claims to the tranferor court, as provided in 28 U.S.C. §1407(a), is appropriate." See Conditional Remand Order, attached as Exhibit 4 to Defendant's Motion to Vacate.

The instant action has been brought by plaintiffs against Asten and other defendants for damages based upon the alleged wrongful death of Douglas McCarthy as the result of exposure to asbestos and/or asbestos-containing products. See Exhibit 1. The wrongful death claims brought by the plaintiffs in this action are separate and distinct from the personal injury claims previously brought by plaintiffs' decedent in a personal injury action filed in 2001. Plaintiffs' decedent's asbestos-related personal injury action was originally filed on June 12, 2001, in the Los Angeles Superior Court, Case Number BC 252 223. See Exhibit 5 to Defendant's Motion to Vacate. Asten was later brought into the personal injury action by substitution of parties and was served in that case in December of 2001. See Exhibit 6 to Defendant's

---

not reflect the filing of a motion to remand by plaintiffs, and defendant was never served with any such motion and never afforded an opportunity to respond.

Motion to Vacate. Plaintiffs' decedent's personal injury action was tried to verdict, and a special verdict was entered against Asten in that action in July 2002, which found that Asten's product was a "contributing cause" to plaintiff's asbestos related disease. See Exhibit 7 to Defendant's Motion to Vacate.

The Conditional Remand Order is clearly premised upon the fact that coordinated or consolidated pre-trial proceedings with respect to the claims involved herein have been completed. See *Id.* To the contrary, significant pre-trial proceedings remain to be conducted in this action, particularly discovery and a settlement conference, before this action is trial ready, as discussed in detail below. Accordingly, it is respectfully submitted that the MDL Court's suggestion was improvident and that the Panel should vacate the Conditional Remand Order.

## II.    ARGUMENT AND AUTHORITY

### A.    Defendant Was Not Afforded Notice of Any Motion for Remand.

The MDL Court's Suggestion of Remand in this action states that it was made "upon Plaintiff's Motion to Remand to the United States District Court for the Central District of California." See Exhibit 3.

However, the Court's PACER docket in this action does not reflect the filing of any motion to remand by plaintiffs, and as set forth in the affidavit of counsel Nancy Lucas, Asten was never served with a motion to remand in this action and was never afforded an opportunity to respond to same. See Exhibits 8 and 9, respectively, to Defendant's Motion to Vacate. Accordingly, any motion to remand was not properly before the MDL Court and should not have been considered by that Court to suggest remand.

Rule 5.2 of the Rules for Multidistrict Litigation requires that service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure with respect to all papers filed

3

with the Clerk of the Panel. Rule 5.2, 28 U.S.C.A. foll. § 1407. Moreover, Rule 5 of the Federal Rules of Civil Procedure specifically requires that a written motion, such as a motion for remand, must be served on every party and filed with the Clerk of Court. Moreover, the lack of service of any motion, and the resulting lack of an opportunity to oppose remand before any suggestion was entered by the MDL Court, was prejudicial to defendant because substantial discovery remained to be completed, no meaningful settlement conference had been conducted, and the instant action presents new issues of fact and law.

> **B.    The Instant Action Is Not Ripe For Remand Because Coordinated Pretrial Proceedings Remain To Be Had.**

Rule 7.6(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation specifically provides:

> (i) When the Panel has been advised by the transferee district judge, or otherwise has reason to believe, that pretrial proceedings in the litigation assigned to the transferee district judge are concluded or that remand of an action or actions is otherwise appropriate, an order may be entered by the Clerk of the Panel remanding the action or actions to the transferor district court.

Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Rule 7.6, 28 U.S.C.A. foll. § 1407. The standard for remand is that coordinated pretrial proceedings must be concluded. *In Re Patenaude*, 210 F.3d 135, 142 (3rd Cir. 2000).

The Panel's Conditional Remand Order in this case is necessarily premised on the suggestion that pre-trial proceedings in this matter have been concluded as required by Rule 7.6. However, substantial discovery remains to be conducted in this separate wrongful death action and accordingly, pretrial proceedings cannot be considered to have been concluded at this juncture. Therefore, any remand of this action to the United States District Court for the Southern District of California at this time is premature and would be inconsistent with the Panel Rules. More specifically:

4

1.    To date, the only discovery in this action consists of written interrogatories, requests for production, and requests for admission served upon plaintiffs by Asten.  Plaintiffs' served Asten with responses to this discovery on November 11, 2004, following a status conference with the MDL Court's staff attorney.  However, these response are completely obfuscated by objections, and are wholly insufficient.  See Exhibit 10 to Defendant's Motion to Vacate.

2.    Further, no depositions have been taken in the instant action.  Plaintiffs, the wrongful death beneficiaries of Douglas McCarthy, seek damages in this action for loss of society, comfort, attention, services and economic support of the decedent, among others, based upon the alleged wrongful death of Douglas McCarthy.  The wrongful death claim is a separate and independent claim which presents different issues and damages from that in the action involving decedent.  Yet, Asten has been unable to question plaintiffs under oath in deposition regarding their relationships with the decedent and the nature and extent of their alleged damages, and thus, have had no objective evidence available to assess the true value of plaintiffs' claims.

3.    Additionally, the complaint in this action was filed against approximately seventeen (17) named defendants, some of which upon information and belief settled claims brought by plaintiffs' decedent in his prior personal injury action.  See Exhibit 1.  Asten is entitled to seek discovery related to the possible liability of other named defendants and of any new defendants, as such information is directly relevant to apportionment of damages in this wrongful death suit.

4.    Lastly, no settlement conference has been held in this action, despite Asten's desire to engage in meaningful settlement negotiations as expressed by its counsel at the November 10, 2004, status conference.  Specifically, and as detailed in the Declaration of Tim Gray, Esquire, attached as Exhibit 11

to Defendant's Motion to Vacate, a telephonic status conference was held on November 10, 2004, between the parties. This status conference was conducted by the MDL Court's staff attorney. During the status conference, counsel for plaintiffs insinuated that the instant case was ready for trial, that no further discovery was necessary, and that the case should be remanded for trial. To the contrary, counsel for Asten advised the Court that to the contrary significant discovery remained to be completed in the matter and further informed the Court and counsel opposite that Asten was interested in settling this case. Plaintiffs' counsel was instructed by the Court attorney that plaintiffs should consider answering discovery prior to requesting remand. No further proceedings have been noticed by the Court, and no settlement conference has been conducted. See Exhibit 11. As pointed out above, the responses given by plaintiffs to the written discovery were wholly insufficient and nothing but objections.

Under the circumstances of this matter, the instant asbestos wrongful death claims by Mr. McCarthy's beneficiaries is a separate and different cause of action, and the MDL Court's cursory suggestion that a determination on liability in the first case warrants a remand to the transferee court without completion of any discovery as to issues in the second action or a settlement conference, is misplaced. No determination of any preclusive effect of the liability determination in the first action has been made, or should be made, by the MDL Court, and it is noted that "the offensive use of collateral estoppel is more closely scrutinized than the defensive use of the doctrine." *White Motor Corp. v. Teresenski* (1989) 214 Cal. App. 3d 754, 763, 263 Cal. Rptr. 26. The underlying purposes of the MDL Court in this new asbestos action, to coordinate discovery and promote meaningful settlement negotiations in all newly filed and unresolved asbestos cases which have been consolidated in MDL litigation, remain the same.

It is respectfully submitted that the case should not be remanded in this posture, but rather that

6

discovery should take place, and discovery disputes should be resolved, by the transferee court, and a

settlement conference should be conducted by that Court as well.

As noted by the Third Circuit Court of Appeals in *In Re Patenaude*, 210 F.3d 135, 142 n.4 (3rd

Cir. 2000), "the standard for remand is that coordinated pretrial proceedings be concluded." The Third

Circuit's decision in this case discusses the meaning of "coordinated pretrial proceedings" at length, and

finds that individual settlement conferences are coordinated pretrial proceedings for purposes of 28 U.S.C.

§ 1407. The Court opined:

> Centralized management of individual settlement negotiations is not inconsistent with the
> objective of providing centralized management ... to assure the just and efficient conduct
> of ...actions. Such centralized management avoids the possibility of conflict and duplication
> of, if nothing else, the judge's time and energy spent becoming familiar with the recurring
> issues of asbestos litigation, the major players and how best to facilitate settlement with
> particular defendants.

*Id.* at 145 (internal quotations and citations omitted).

Asten has expressed a desire to participate in a meaningful settlement conference after necessary

discovery in the instant case, and submits that the MDL Court is the appropriate forum for a settlement

conference to be held, as settlement negotiations will likely be more efficient "if facilitated by a judge who

is intimately familiar with the general issues and the parties." See *In Re Patenaude*, 210 F.3d at 145.

**III.   CONCLUSION**

Although a suggestion of remand has been made by the MDL Court in this case, it was apparently

prompted by a motion to remand filed by plaintiffs. As discussed previously, this motion does not appear

on PACER, and this defendant was not served with any motion, and had no opportunity to respond to a

motion. Thus, the MDL Court did not have all of the pertinent facts or defendant's position before it when

7

making its suggestion of remand. The MDL Court has been led to believe that "this matter has been previously tried and that only the issue of damages remains to be resolved." See Suggestion of Remand, attached as Exhibit 3. However, this is not the case and had Asten been afforded an opportunity to respond to assertions made by plaintiffs in their motion to remand, Asten would have specifically disputed the accuracy of representations made concerning the state of proceedings in this action.

Because of the significant amount of discovery which remains to be conducted and completed in this wrongful death action, there is considerable more work at hand for plaintiffs and defendant than the mere resolution of outstanding motions. Discovery is not "concluded" in any meaningful sense. The case does not approach being trial-ready. As such, all remaining pre-trial proceedings should continue to be coordinated and consolidated through the MDL Court, and the Conditional Remand Order should be vacated.

WHEREFORE, for the reasons set forth herein, Defendants AstenJohnson, Inc. moves this Panel to vacate the order of December 28th, 2007, conditionally remanding the above-captioned case to the United States District Court for the Central District of California.

This, the 28th day of January, 2008.

Respectfully submitted,

Nancy Lacas with permission

Nancy E. Lucas (California State Bar No. 126854)
On behalf of Defendant
ASTENJOHNSON. INC.

Of Counsel:
HAIGHT, BROWN & BONESTEEL, LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045
Telephone: 310.215.7100
Facsimile:  310.215.7300

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2008

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I, the undersigned attorney, do hereby certify that I have this day mailed, via United States mail,

postage fully pre-paid, a true and correct copy of the above and foregoing document to Plaintiffs' Counsel

and all other known Counsel of Record as set forth in the Panel Service List.

This, the 28th day of January, 2008.

Respectfully submitted,

*Nancy Lucas with permission*

Nancy E. Lucas (California State Bar No. 126854)
On behalf of Defendant
ASTENJOHNSON. INC.

RECEIVED
CLERK'S OFFICE
2008 JAN 29 A 10: 31

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

**PANEL SERVICE LIST (Excerpted from CRO)**

Diana Wheeler McCarthy, et al. v. Asten Johnson, Inc., et al., E.D. Pennsylvania
(C.D. California 2:03-3046)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

John C. Heubeck
JOHN C HEUBECK LAW OFFICES
400 Continental Blvd, 6th Floor
El Segundo, CA 90245

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Nancy E. Lucas
HAIGHT BROWN & BONESTEEL
6080 Center Drive
Suite 800
P.O. Box 45068
Los Angeles, CA 90045-0068

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2008

FILED
CLERK'S OFFICE

1

**DAVIS & HEUBECK, LLP**
**ATTORNEYS AT LAW**

JOSEPH DANIEL DAVIS, ESQ. (SB#49231)
JOHN C. HEUBECK, ESQ. (SB#141080)

10100 Santa Monica Boulevard, Suite 910
Los Angeles, CA  90067-4100
Tel:  (310) 552-2121 Fax:  (310) 282-0473

**Attorneys for** Plaintiffs

ORIGINAL FILED

MAR 1 8 2003

LOS ANGELES
SUPERIOR COURT

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

DIANA WHEELER McCARTHY, Heir-at-Law of DOUGLAS McCARTHY; THE ESTATE OF DOUGLAS McCARTHY; ANNA MELISSA McCARTHY; and SARA AMANDA McCARTHY,

                                    Plaintiffs,

vs.

ASTENJOHNSON, INC., a corporation, f/k/a ASTEN GROUP, INC. and ASTEN-HILL MANUFACTURING COMPANY; ACANDS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation, Individually and As Successors-In-Interest to PANACON CORPORATION, a corporation, PHILIP CAREY CORPORATION, a corporation, and CAREY CANADA INC., a corporation; T&N plc, a corporation, Individually and As Successor-In-Interest to TURNER & NEWALL, a corporation, TURNER & NEWALL, plc, a corporation, ATLAS ASBESTOS COMPANY, LTD., a corporation, ATLAS TURNER, INC. a corporation, ATLAS-TURNER COMPANY, LTD, a corporation, BELL ASBESTOS MINES, LTD, a corporation, CASSIAR ASBESTOS COMPANY, LTD, a corporation, and KEASBY & MATTISON COMPANY, a corporation; THORPE INSULATION COMPANY, a corporation; GOULD PAPER CORPORATION Individually and as successor-in-interest to the HAWTHORNE PAPER COMPANY a

CASE NO:   **BC 292345**

COMPLAINT FOR WRONGFUL DEATH [NEGLIGENCE, BREACH OF WARRANTY, STRICT LIABILITY; PREMISES OWNER/ CONTRACTOR LIABILITY; SURVIVORSHIP ACTION FOR PERSONAL INJURY]

EXHIBIT
1

1   corporation; ALBANY INTERNATIONAL,
a corporation; MT. VERNON MILLS,
2   INC., a corporation; R.B. PAMPLIN
CORP., individually and as
3   successor-in-interest to the MT. VERNON
MILLS CO., a corporation; VOITH
4   FABRICS WAYCROSS SALES, INC.,
individually and as successor-in-interest to
5   the SCAPA PAPER MACHINE
CLOTHING (DRYER) INC., a corporation;
6   PNEUMO ABEX CORPORATION
(individually and as Successor-in-Interest to
7   ABEX CORPORATION);
ALLIEDSIGNAL, INC. (individually and as
8   Successor-in-Interest to THE BENDIX
CORPORATION); BORG-WARNER
9   CORPORATION; MOOG
AUTOMOTIVE, INC. (individually and as
10   Successor-in-Interest to WAGNER
ELECTRIC CORPORATION); BELOIT
11   CORP., a corporation; LANGSTON
CORP., a corporation; CAMERON
12   ELITE, INC., Individually and as
successor- in-interest to CAMERON
13   MACHINE COMPANY; SOMERSET
TECHNOLOGIES, INC., a corporation
14   individually as successor-in-interest to
CAMERON MACHINE COMPANY;
15   and DOES 1 through 50, inclusive,

16                    Defendants.

17

18          COME NOW, Plaintiffs, and for causes of action against Defendants, and

19   each of them, complain and allege as follows:

20

21                    **FIRST CAUSE OF ACTION**

22                 **(For Negligence Against All Defendants)**

23          1.      Plaintiffs, DIANA WHEELER McCARTHY, ANNA MELISSA

24   McCARTHY and SARA AMANDA McCARTHY, bring this action pursuant to §377.60 of

25   the *Code of Civil Procedure* in their capacity as Heirs at Law of decedent, DOUGLAS

26   McCARTHY.

27          2.      Plaintiff, DIANA WHEELER McCARTHY, is the widow of decedent,

28   DOUGLAS McCARTHY.  ANNA MELISSA McCARTHY and SARA AMANDA

1   McCARTHY are the surviving daughters of the decedent, DOUGLAS McCARTHY.

2        3.     Plaintiff, DIANA WHEELER McCARTHY, brings this survivorship

3   action pursuant to §§377.20, 377.30, 377.31, 377.33, 377.34 and 377.35 of the *Code of Civil*

4   *Procedure* on behalf of the estate of decedent, DOUGLAS McCARTHY.

5        4.     The true names and/or capacities of Defendants, DOES 1 through 20,

6   are unknown to Plaintiffs at this time. Plaintiffs are informed and believe, and thereon

7   allege, that each Defendant designated herein as a DOE caused injuries and damages proxi-

8   mately thereby to Plaintiffs.

9        5.     Plaintiffs are informed and believe, and thereupon allege, that at all

10   times mentioned herein, Defendants, and each of them, were the agents, servants, employees

11   and/or joint venturers, successors, predecessors, parent or subsidiary corporations of their

12   co-Defendants and were, as such, acting within the scope, course and authority of said

13   agency, employment and/or joint venture.

14        6.     Plaintiffs are informed and believe, and thereupon allege, that at all

15   times mentioned herein, Defendants, and each of them, and DOES 1 through 20, inclusive,

16   are corporations or other business entities organized and existing under and by virtue of the

17   laws of the State of California, or the laws of some State in the United States of America, or

18   some foreign jurisdiction, and that said Defendants were and are authorized to do and are

19   doing business in the State of California, and have regularly conducted business in the State

20   of California.

21        7.     That Defendants, and each of them, individually and collectively, were

22   and presently are, engaged in the manufacturing, fabricating, compounding, packaging,

23

24   labeling, testing, distribution, marketing, advertising, promotion, sale, installation, and use

25   of asbestos products. That said asbestos products were manufactured, fabricated, packaged,

26   labeled, compounded, distributed, marketed, advertised, promoted and sold by Defendants,

27   and each of them, acting through their employees, agents, and servants, who were and are

28   placing said products on the market to be purchased and used by the public.

8.     Decedent, DOUGLAS McCARTHY, was exposed to substantial quantities of asbestos during his life.  Decedent was exposed to unsafe, and harmful quantities of airborne asbestos fibers and clouds of highly toxic and harmful particulates and dust generated by the asbestos products and materials manufactured, supplied, distributed or used by Defendants, and each of them.

9.     Plaintiffs are informed and believe that Decedent's death was directly and proximately caused by the negligence of the named Defendants, and each of them, in the following particulars, among others:  each of them knew, or should have known, in the exercise of reasonable care, that the asbestos and asbestos products which they manufactured, fabricated, packaged, labeled, tested, distributed, marketed, advertised, compounded, sold, installed, and used were and are deleterious, toxic, poisonous and harmful to the body, lungs, respiratory system, cardiovascular system, skin, and health of the persons installing, handling, and using them, as well as to persons in the immediate vicinity of their installation, use and handling, as well as to family members of said persons.

10.     Further, Plaintiffs are informed and believe that the injuries complained of herein were directly and proximately caused by the failure of the Defendants, and each of them, to take reasonable care to warn decedent of the dangers and harm to which she was exposed.  The Defendant suppliers, users and manufacturers, and each of them, failed to coat, treat, encapsulate, or otherwise process, package and label said products so as to prevent the generation of the harmful particulates and dust and to warn those installing, handling, using, working and living in the vicinity as to the dangers of those products.

11.     As a direct and proximate result of the negligence, carelessness and unlawful conduct of the Defendants, and each of them, and the death of decedent caused thereby, decedent's heirs have sustained a pecuniary loss resulting from the loss of the society, comfort, attention, services and support of decedent in an amount presently unknown.  Plaintiffs will assert the amount of said loss when the same is ascertained or according to proof at the time of trial.

1    12.    As a further proximate result of the negligence, carelessness and unlaw-
2  ful conduct of the Defendants, and each of them, and the death of decedent caused thereby,
3  decedent's heirs have incurred funeral and burial expenses.  Additionally, decedent was
4  required to and did employ physicians to exam, treat and care for him and did incur medical
5  and incidental expenses in an amount which is presently unknown.  Plaintiffs will assert said
6  amounts when the same are ascertained, or according to proof, at the time of trial.

7    13.    On August 23, 2002, as a direct and proximate result of said conduct of
8  the Defendants, and each of them, and said injuries and disease caused thereby, decedent,
9  DOUGLAS McCARTHY, died.

10

11    **SECOND CAUSE OF ACTION**

12    **(For Breach of Express and Implied Warranty**

13    **Against All Defendants)**

14    14.    Plaintiffs hereby reallege and incorporate by reference each and every
15  allegation of each and every paragraph of the First of Action of this pleading with the same
16  force and effect as if each were again set forth in detail at this point.

17    15.    That in connection with the manufacture, preparation, sale, specifica-
18  tion, installation, use and supply, Defendants, and each of them, expressly and impliedly
19  warranted that said asbestos products were fit for use.  In truth and in fact, the products
20  manufactured, fabricated, compounded, packaged, labeled, tested, distributed, marketed,
21  advertised, prepared, sold, installed, and used by Defendants contained harmful and deleteri-
22  ous asbestos fibers, known to the Defendants herein, to be defective and harmful to humans
23  exposed thereto.  Said products were not and are not suitable for the purposes for which said
24  products were intended, supplied, and relied upon, nor suitable for any other similar pur-
25  pose, including their use by human beings in confined spaces where humans would be
26  physically present, working, resting and breathing.

27    16.    Decedent relied on the skill and judgment of Defendants, and each of
28  them, and on said express and implied warranties of Defendants, and each of them regarding

1  the use of said asbestos and asbestos products.  Decedent was exposed to said asbestos in a

2  foreseeably intended manner.

3         17.  As a proximate result of the breach of said express and implied warran-

4  ties, Plaintiffs sustained the injuries and damages hereinabove set forth.

5

6                 **THIRD CAUSE OF ACTION**

7           **(For Strict Liability Against All Defendants)**

8         18.  Plaintiffs hereby reallege and incorporate by reference each and every

9  allegation of each and every paragraph of the First and Second Causes of Action of this

10  pleading with the same force and effect as if each were again set forth in detail at this point.

11         19.  That the involved asbestos products hereinabove described were and

12  are defective in design and manufacture because they contain and did contain harmful,

13  toxic, poisonous, and deleterious asbestos fibers that should have been known to

14  Defendants, and each of them, to be harmful and who placed their asbestos products on the

15  market, knowing that they would be used without inspection for such defects and unsafe

16  conditions.  Decedent was otherwise exposed to Defendants' asbestos products in a manner

17  that was reasonably foreseeable and in fact anticipated by the Defendants herein, and was

18  thereby exposed to the harmful and deleterious effects of the asbestos fibers contained

19  within said products.

20         20.  As a proximate result of Decedent's exposure to the asbestos products,

21  Plaintiffs suffered those damages identified herein.

22

23               **FOURTH CAUSE OF ACTION**

24           **(Premises Owner/Contractor Liability)**

25

26         21.  Plaintiffs, by this reference, hereby incorporates and makes a part

27  hereof, as though fully set forth herein, each and every allegation contained in First ,

28  Second and Third Causes of Action of this pleading.

22.   At all times mentioned herein, the Premises Owner/Contractor Liability Defendants, and each of them, respectively, owned, maintained, managed and/or controlled the premises which were the source of decedent's exposure to asbestos products.

23.   Prior to and during the periods of decedent's asbestos exposure, said Premises Owner/Contractor Liability Defendants, and each of them, respectively, caused certain asbestos fibers and other asbestos-containing building materials and products to be manufactured, constructed, installed, maintained, used, replaced and/or repaired by their own workers and/or various independent contractors, and caused the release of dangerous quantities of toxic asbestos fibers into the ambient air and thereby created a hazardous condition and risk of harm and personal injury to decedent and other persons exposed to said asbestos fibers while working on said premises or otherwise being exposed to said asbestos fibers.

24.   At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous and hazardous condition and unreasonable risks of harm and personal injury to decedent and other workers or persons so exposed while working on or using or coming on each of their respective premises or otherwise being exposed to said asbestos fibers.

25.   At all times relevant herein, decedent entered said premises and used and occupied each of said premises as intended and for each of the respective Premises Owner/Contractor Liability Defendants' benefit and advantage and at each of the respective Premises Owner/Contractor Liability Defendants' request and invitation.  In doing so, decedent was exposed to dangerous quantities of asbestos fibers released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by said Premises Owner/Contractor Liability Defendants, and each of them.

26.   Prior to and during the period of decedent's employment, said Premises Owner/Contractor Liability Defendants were subject to certain ordinances, statutes, and other government regulations promulgated by the United States Government, the State of California and others, which required said Premises Owner/Contractor Liability Defendants to provide specific safeguards or precautions to prevent or reduce the release of asbestos dust and said Premises Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions or contractors employed by the Premises Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions and said failure is a legal cause of decedent's injuries.

27.    Decedent at all times was unaware of the risk of personal injury and hazardous conditions created by the aforesaid presence and use the asbestos-containing products on said premises and materials.

28.    At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used  as alleged without knowledge of, or inspection for, defects or dangerous conditions and that the persons working on or using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises.

29.    At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, negligently failed to maintain, manage, inspect, survey or control said premises or to abate or correct, or to warn decedent of the existence of the aforesaid dangerous conditions and hazards on said premises.

30.    As a legal consequence of the foregoing, decedent DOUGLAS McCARTHY developed an asbestos-related illness, mesothelioma, which has caused great injury, disability and death.

///

///

COMPLAINT FOR WRONGFUL DEATH

## PUNITIVE DAMAGE ALLEGATIONS

## AS AGAINST ALL DEFENDANTS

31.    Plaintiffs hereby reallege and incorporate by reference each and every allegation of each and every paragraph of the First, Second, Third and Fourth Causes of Action of this pleading with the same force and effect as if each were again set forth in detail at this point.

32.    That Defendants, and each of them, did conspire, combine, concord, unite, agree, compact and join together to commit tortious and wrongful acts which they knew would, could, and did result in the exposure of thousands of workers and individuals, including the Decedent, to the dangerous, harmful, toxic and deleterious effects of asbestos contained within their products.

33.    In researching, testing, manufacturing, distributing, labeling, and marketing said asbestos and asbestos products, Defendants, and each of them, did so with conscious disregard for the safety of the users of said asbestos and asbestos products, in that said Defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including, but not limited to, lung cancer and other forms of cancer, and asbestosis.  Said knowledge was obtained, in part, from scientific studies and medical data to which Defendants had access, and of which Defendants had actual knowledge, as well as scientific studies performed by, at the request of, or with the assistance of, said Defendants, and which knowledge was obtained by said Defendants on or before 1933.

34.    On or before 1933, said Defendants, and each of them, were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, would assume, and in fact did assume,

D&H/asb

mccarthy 2/pleadings

COMPLAINT FOR WRONGFUL DEATH

1  that exposure to asbestos and asbestos products was safe, when in fact, said exposure was

2  extremely hazardous to human health and life.

3        35.    With said knowledge, said Defendants opted to manufacture, distribute

4  and use said asbestos and asbestos products without attempting to protect users from, or

5  warn users of, the high risk of injury and death resulting from exposure to said asbestos and

6  asbestos products.  Said Defendants intentionally failed to reveal their knowledge of said

7  risk, and consciously and actively concealed and suppressed said knowledge from members

8  of the general public, thus impliedly representing to members of the general public that said

9  asbestos and asbestos products were safe for all reasonably foreseeable use, with the knowl-

10  edge of the falsity of said implied representations.

11        36.    The above-referenced conduct of said Defendants was motivated by the

12  financial interest of said Defendants in the continuing, uninterrupted distribution, marketing

13  and use of said asbestos and asbestos products.  In pursuance of said financial motivation,

14  said Defendants consciously disregarded the safety of the users of said asbestos and asbestos

15  products, and were in fact, consciously willing to permit said asbestos and asbestos products

16  to cause injury to users thereof, including Decedent.

17        37.    The above-referenced conduct of said Defendants, and each of them,

18  was and is willful, malicious, despicable, outrageous and in conscious disregard and indif-

19  ference to the safety of users of said asbestos and asbestos products, including Decedent.

20  Therefore, for the sake of example and by way of punishing said Defendants, Plaintiffs seek

21  punitive damages according to proof.

22

23        **WHEREFORE,** Plaintiffs pray judgment against Defendants, and each of

24  them, as follows:

25        1.    For general damages in excess of the jurisdictional limits, according to

26  proof;

27        2.    For the value of reasonable and necessary medical and hospital care

28  and attention required, prior to Decedent's death;

1       3.     For loss of society, comfort, attention, services, and economic support

2 of Decedent, according to proof;

3       4.     For funeral and burial expenses according to proof;

4       5.     For punitive damages according to proof;

5       6.     For pre-judgment interest, according to proof;

6       7.     For the costs of suit incurred herein;

7       8.     For such other and further relief as the Court deems just and proper.

8

9  DATED: March 17, 2003        DAVIS & HEUBECK, LLP

10

11

12                  By: _____

13                      JOHN C. HEUBECK

                            Attorneys For Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JCH/asc    mccarthy 2/pleadings             -11-

2

A CERTIFIED TRUE COPY

SEP - 3 2003

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 9-8-03

ATTEST:

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 8 2003

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

FILED
CLERK, U S DISTRICT COURT

SEP 2 2 2003

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

*(SEE ATTACHED SCHEDULE)*     CV03-3046 MMM (E)

*CONDITIONAL TRANSFER ORDER (CTO-227)*

Diana W. McCarthy vs Asten Johnson Inc.

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court
for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. § 1407. Since that time, 76,709 additional actions have been transferred to
the Eastern District of Pennsylvania. With the consent of that court, all such actions have been
assigned to the Honorable Charles R. Weiner.

It appears that the actions on this conditional transfer order involve questions of fact which are
common to the actions previously transferred to the Eastern District of Pennsylvania and
assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation,
199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the
Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp.
415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R.
Weiner.

This order does not become effective until it is filed in the Office of the Clerk of the United
States District Court for the Eastern District of Pennsylvania. The transmittal of this order to
said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of
opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be
continued until further order of the Panel.

ENTERED
CLERK, U.S. DISTRICT COURT

SEP 2 6 2003

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

SEP - 3 2003

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

.... DOCKETED
.... MLD COPY PTYS
.... MLD NOTICE PTYS
.... JS-6

EXHIBIT

2

SCHEDULE FOR CTO-227 - TAG-ALONG CASES  MDL 875 (Cont.)                    PAGE 2 OF 4

| DISTRICT DIV. CIVIL ACTION# | DISTRICT DIV. CIVIL ACTION# | DISTRICT DIV. CIVIL ACTION# |
|---|---|---|
| NYE  1  01-6791 | NYE  1  02-2034 | NYE  1  02-3941 |
| NYE  1  01-6792 | NYE  1  02-2035 | NYE  1  02-4031 |
| NYE  1  01-6793 | NYE  1  02-2036 | NYE  1  02-4032 |
| NYE  1  01-6794 | NYE  1  02-2078 | NYE  1  02-4100 |
| NYE  1  01-6795 | NYE  1  02-2090 | NYE  1  02-4354 |
| NYE  1  01-6796 | NYE  1  02-2129 | NYE  1  02-4355 |
| NYE  1  01-6797 | NYE  1  02-2197 | NYE  1  02-4356 |
| NYE  1  01-6798 | NYE  1  02-2198 | NYE  1  02-4384 |
| NYE  1  01-6799 | NYE  1  02-2199 | NYE  1  02-4385 |
| NYE  1  01-6800 | NYE  1  02-2200 | NYE  1  02-4386 |
| NYE  1  01-6888 | NYE  1  02-2246 | NYE  1  02-4387 |
| NYE  1  01-6889 | NYE  1  02-2365 | NYE  1  02-4388 |
| NYE  1  01-6890 | NYE  1  02-2366 | NYE  1  02-4389 |
| NYE  1  01-6892 | NYE  1  02-2367 | NYE  1  02-4437 |
| NYE  1  01-6893 | NYE  1  02-2368 | NYE  1  02-4439 |
| NYE  1  01-6894 | NYE  1  02-2369 | NYE  1  02-4440 |
| NYE  1  01-6895 | NYE  1  02-2370 | NYE  1  02-4441 |
| NYE  1  01-6896 | NYE  1  02-2371 | NYE  1  02-4443 |
| NYE  1  01-6897 | NYE  1  02-2372 | NYE  1  02-4486 |
| NYE  1  01-6898 | NYE  1  02-2415 | NYE  1  02-4487 |
| NYE  1  01-6912 | NYE  1  02-2416 | NYE  1  02-4488 |
| NYE  1  01-6913 | NYE  1  02-2499 | NYE  1  02-4536 |
| NYE  1  01-6914 | NYE  1  02-2500 | NYE  1  02-4537 |
| NYE  1  01-6915 | NYE  1  02-2569 | NYE  1  02-4786 |
| NYE  1  01-6932 | NYE  1  02-2570 | NYE  1  02-4787 |
| NYE  1  01-6937 | NYE  1  02-2622 | NYE  1  02-4788 |
| NYE  1  01-6938 | NYE  1  02-2623 | NYE  1  02-4789 |
| NYE  1  01-6939 | NYE  1  02-2765 | NYE  1  02-4790 |
| NYE  1  01-6940 | NYE  1  02-2766 | NYE  1  02-4972 |
| NYE  1  01-6941 | NYE  1  02-2785 | NYE  1  02-4973 |
| NYE  1  01-6942 | NYE  1  02-2839 | NYE  1  02-5030 |
| NYE  1  01-6944 | NYE  1  02-2862 | NYE  1  02-5100 |
| NYE  1  01-6947 | NYE  1  02-2863 | NYE  1  02-5102 |
| NYE  1  01-6948 | NYE  1  02-2967 | NYE  1  02-5103 |
| NYE  1  01-6949 | NYE  1  02-3073 | NYE  1  02-5104 |
| NYE  1  01-6952 | NYE  1  02-3092 | NYE  1  02-5136 |
| NYE  1  01-6953 | NYE  1  02-3333 | NYE  1  02-5139 |
| NYE  1  01-7060 | NYE  1  02-3334 | NYE  1  02-5141 |
| NYE  1  01-7068 | NYE  1  02-3335 | NYE  1  02-5196 |
| NYE  1  01-7069 | NYE  1  02-3336 | NYE  1  02-5197 |
| NYE  1  01-7070 | NYE  1  02-3337 | NYE  1  02-5198 |
| NYE  1  01-7071 | NYE  1  02-3339 | NYE  1  02-5199 |
| NYE  1  01-7072 | NYE  1  02-3431 | NYE  1  02-5201 |
| NYE  1  01-7165 | NYE  1  02-3432 | NYE  1  02-5207 |
| NYE  1  01-7166 | NYE  1  02-3524 | NYE  1  02-5208 |
| NYE  1  01-7338 | NYE  1  02-3592 | NYE  1  02-5212 |
| NYE  1  01-7340 | NYE  1  02-3593 | NYE  1  02-5213 |
| NYE  1  01-7341 | NYE  1  02-3701 | NYE  1  02-5227 |
| NYE  1  01-7343 | NYE  1  02-3767 | NYE  1  02-5392 |
| NYE  1  01-7347 | NYE  1  02-3768 | NYE  1  02-5480 |
| NYE  1  02-1848 | NYE  1  02-3818 | |
| NYE  1  02-2032 | NYE  1  02-3910 | |
| NYE  1  02-2033 | NYE  1  02-3911 | |

SCHEDULE FOR CTO-227 - TAG-ALONG CASES  MDL 875 (Cont.)                    PAGE 3 OF 4

| DISTRICT | DIV. | CIVIL ACTION# | DISTRICT | DIV. | CIVIL ACTION# | DISTRICT | DIV. | CIVIL ACTION# |
|---|---|---|---|---|---|---|---|---|
| NYE | 1 | 02-5481 | NYE | 1 | 03-813 | TXN | 4 | 03-545 |
| NYE | 1 | 02-5511 | NYE | 1 | 03-814 | TXN | 4 | 03-546 |
| NYE | 1 | 02-5512 | NYE | 1 | 03-815 | TXN | 4 | 03-547 |
| NYE | 1 | 02-5514 | NYE | 1 | 03-816 | TXN | 4 | 03-548 |
| NYE | 1 | 02-5515 | NYE | 1 | 03-987 | TXN | 4 | 03-549 |
| NYE | 1 | 02-5535 | NYE | 1 | 03-989 | TXN | 4 | 03-550 |
| NYE | 1 | 02-5570 | NYE | 1 | 03-1141 | TXN | 4 | 03-551 |
| NYE | 1 | 02-5571 | NYE | 1 | 03-1199 | TXN | 4 | 03-552 |
| NYE | 1 | 02-5616 | NYE | 1 | 03-1200 | TXN | 4 | 03-553 |
| NYE | 1 | 02-5617 | NYE | 1 | 03-1201 | TXN | 4 | 03-554 |
| NYE | 1 | 02-5618 | NYE | 1 | 03-1202 | TXN | 4 | 03-555 |
| NYE | 1 | 02-5619 | NYE | 1 | 03-1204 | TXN | 4 | 03-556 |
| NYE | 1 | 02-5620 | NYE | 1 | 03-1631 | TXN | 4 | 03-557 |
| NYE | 1 | 02-5630 | NYE | 1 | 03-1879 | TXN | 4 | 03-558 |
| NYE | 1 | 02-5637 | NYE | 1 | 03-2155 | TXN | 4 | 03-559 |
| NYE | 1 | 02-5661 | NYE | 1 | 03-2535 | TXN | 4 | 03-560 |
| NYE | 1 | 02-5685 | NYE | 1 | 03-2536 | TXN | 4 | 03-561 |
| NYE | 1 | 02-5871 | NYE | 1 | 03-2716 | TXN | 4 | 03-565 |
| NYE | 1 | 02-5941 | | | | TXN | 4 | 03-617 |
| NYE | 1 | 02-5978 | NEW YORK SOUTHERN | | | TXN | 4 | 03-618 |
| NYE | 1 | 02-5979 | NYS | 1 | 03-804 | TXN | 4 | 03-647 |
| NYE | 1 | 02-5980 | NYS | 1 | 03-4046 | TXN | 4 | 03-648 |
| NYE | 1 | 02-6012 | NYS | 1 | 03-4047 | TXN | 4 | 03-649 |
| NYE | 1 | 02-6049 | NYS | 1 | 03-4048 | TXN | 4 | 03-650 |
| NYE | 1 | 02-6172 | | | | TXN | 4 | 03-651 |
| NYE | 1 | 02-6189 | OREGON | | | TXN | 4 | 03-652 |
| NYE | 1 | 02-6418 | OR | 6 | 03-8 Opposed 9/2/03 | TXN | 4 | 03-653 |
| NYE | 1 | 02-6468 | | | | TXN | 4 | 03-654 |
| NYE | 1 | 02-6534 | RHODE ISLAND | | | TXN | 4 | 03-655 |
| NYE | 1 | 02-6789 | RI | 1 | 01-519 | TXN | 4 | 03-656 |
| NYE | 1 | 03-104 | | | | TXN | 4 | 03-657 |
| NYE | 1 | 03-143 | SOUTH CAROLINA | | | TXN | 4 | 03-658 |
| NYE | 1 | 03-152 | SC | 2 | 03-1695 | TXN | 4 | 03-659 |
| NYE | 1 | 03-243 | SC | 2 | 03-1696 | TXN | 4 | 03-660 |
| NYE | 1 | 03-244 | SC | 2 | 03-2089 Opposed 8/29/03 | TXN | 4 | 03-661 |
| NYE | 1 | 03-245 | SC | 2 | 03-2114 | TXN | 4 | 03-662 |
| NYE | 1 | 03-246 | SC | 2 | 03-2115 Opposed 8/29/03 | TXN | 4 | 03-663 |
| NYE | 1 | 03-247 | | | | TXN | 4 | 03-664 |
| NYE | 1 | 03-266 | TEXAS NORTHERN | | | TXN | 4 | 03-665 |
| NYE | 1 | 03-267 | TXN | 4 | 03-167 | TXN | 4 | 03-666 |
| NYE | 1 | 03-268 | TXN | 4 | 03-168 | TXN | 4 | 03-667 |
| NYE | 1 | 03-269 | TXN | 4 | 03-347 | TXN | 4 | 03-668 |
| NYE | 1 | 03-270 | TXN | 4 | 03-532 | TXN | 4 | 03-669 |
| NYE | 1 | 03-271 | TXN | 4 | 03-533 | TXN | 4 | 03-670 |
| NYE | 1 | 03-272 | TXN | 4 | 03-534 | TXN | 4 | 03-671 |
| NYE | 1 | 03-283 | TXN | 4 | 03-535 | TXN | 4 | 03-672 |
| NYE | 1 | 03-294 | TXN | 4 | 03-536 | TXN | 4 | 03-673 |
| NYE | 1 | 03-295 | TXN | 4 | 03-537 | TXN | 4 | 03-674 |
| NYE | 1 | 03-299 | TXN | 4 | 03-538 | TXN | 4 | 03-675 |
| NYE | 1 | 03-301 | TXN | 4 | 03-539 | TXN | 4 | 03-676 |
| NYE | 1 | 03-302 | TXN | 4 | 03-540 | TXN | 4 | 03-677 |
| NYE | 1 | 03-450 | TXN | 4 | 03-541 | TXN | 4 | 03-678 |
| NYE | 1 | 03-614 | TXN | 4 | 03-542 | TXN | 4 | 03-679 |
| NYE | 1 | 03-811 | TXN | 4 | 03-543 | TXN | 4 | 03-680 |
| NYE | 1 | 03-812 | TXN | 4 | 03-544 | TXN | 4 | 03-681 |

SCHEDULE FOR CTO-227 - TAG-ALONG CASES  MDL 875 (Cont.)                    PAGE 4 OF 4

| DISTRICT | DIV. | CIVIL ACTION# | | DISTRICT | DIV. | CIVIL ACTION# |
|---|---|---|---|---|---|---|
| TXN | 4 | 03-682 | | VAE | 2 | 03-7328 |
| TXN | 4 | 03-683 | | VAE | 2 | 03-7329 |
| TXN | 4 | 03-684 | | VAE | 2 | 03-7330 |
| TXN | 4 | 03-685 | | VAE | 2 | 03-7331 |
| TXN | 4 | 03-686 | | VAE | 2 | 03-7332 |
| TXN | 4 | 03-687 | | VAE | 2 | 03-7333 |
| TXN | 4 | 03-688 | | VAE | 2 | 03-7334 |
| TXN | 4 | 03-689 | | VAE | 2 | 03-7335 |
| TXN | 4 | 03-690 | | VAE | 2 | 03-7336 |
| TXN | 4 | 03-691 | | VAE | 2 | 03-7337 |
| TXN | 4 | 03-692 | | VAE | 2 | 03-7338 |
| TXN | 4 | 03-693 | | VAE | 2 | 03-7339 |
| TXN | 4 | 03-694 | | VAE | 2 | 03-7340 |
| TXN | 4 | 03-695 | | VAE | 2 | 03-7341 |
| TXN | 4 | 03-696 | | VAE | 2 | 03-7342 |
| TXN | 4 | 03-697 | | VAE | 2 | 03-7343 |
| TXN | 4 | 03-698 | | VAE | 2 | 03-7344 |
| TXN | 4 | 03-699 | | VAE | 2 | 03-7345 |
| TXN | 4 | 03-700 | | VAE | 2 | 03-7346 |
| TXN | 4 | 03-701 | | VAE | 2 | 03-7347 |
| TXN | 4 | 03-702 | | VAE | 2 | 03-7348 |
| TXN | 4 | 03-703 | | VAE | 2 | 03-7349 |
| TXN | 4 | 03-704 | | | | |
| TXN | 4 | 03-705 | | | | |
| TXN | 4 | 03-706 | | | | |
| TXN | 4 | 03-707 | | | | |
| TXN | 4 | 03-708 | | | | |
| TXN | 4 | 03-709 | | | | |
| TXN | 4 | 03-710 | | | | |
| TXN | 4 | 03-711 | | | | |
| TXN | 4 | 03-712 | | | | |
| TXN | 4 | 03-713 | | | | |
| TXN | 4 | 03-714 | | | | |
| TXN | 4 | 03-715 | | | | |
| TXN | 4 | 03-716 | | | | |
| TXN | 4 | 03-717 | | | | |
| TXN | 4 | 03-718 | | | | |
| TXN | 4 | 03-719 | | | | |
| TXN | 4 | 03-720 | | | | |
| TXN | 4 | 03-721 | | | | |
| TXN | 4 | 03-722 | | | | |
| TXN | 4 | 03-723 | | | | |
| TXN | 4 | 03-724 | | | | |
| TXN | 4 | 03-725 | | | | |
| TXN | 4 | 03-726 | | | | |
| TXN | 4 | 03-727 | | | | |
| TXN | 4 | 03-728 | | | | |

VIRGINIA EASTERN

| | | |
|---|---|---|
| VAE | 2 | 03-7322 |
| VAE | 2 | 03-7323 |
| VAE | 2 | 03-7324 |
| VAE | 2 | 03-7325 |
| VAE | 2 | 03-7326 |
| VAE | 2 | 03-7327 |

### SCHEDULE CTO-227 - TAG ALONG CASES
### DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DISTRICT | DIV. | CIVIL ACTION# | DISTRICT | DIV. | CIVIL ACTION# | DISTRICT | DIV. | CIVIL ACTION# |
|---|---|---|---|---|---|---|---|---|
| ALABAMA NORTHERN | | | MONTANA | | | NYE | 1 | 01-6530 |
| ALN | 2 | 03-647 | MT | 4 | 03-56 | NYE | 1 | 01-6531 |
| | | | MT | 4 | 03-57 | NYE | 1 | 01-6532 |
| CALIFORNIA CENTRAL | | | MT | 4 | 03-58 | NYE | 1 | 01-6533 |
| CAC | 2 | 03-3046 | MT | 4 | 03-59 | NYE | 1 | 01-6534 |
| | | | MT | 4 | 03-60 | NYE | 1 | 01-6535 |
| CONNECTICUT | | | MT | 4 | 03-61 | NYE | 1 | 01-6536 |
| CT | 3 | 03-245 Opposed 8/29/03 | MT | 4 | 03-62 | NYE | 1 | 01-6537 |
| | | | MT | 4 | 03-63 | NYE | 1 | 01-6548 |
| FLORIDA MIDDLE | | | MT | 4 | 03-64 | NYE | 1 | 01-6597 |
| FLM | 3 | 03-498 | MT | 4 | 03-65 | NYE | 1 | 01-6598 |
| | | | MT | 4 | 03-66 | NYE | 1 | 01-6599 |
| FLORIDA SOUTHERN | | | MT | 4 | 03-67 | NYE | 1 | 01-6600 |
| FLS | 1 | 03-20827 | MT | 4 | 03-68 | NYE | 1 | 01-6601 |
| | | | MT | 4 | 03-69 | NYE | 1 | 01-6602 |
| GEORGIA NORTHERN | | | MT | 4 | 03-70 | NYE | 1 | 01-6607 |
| GAN | 1 | 03-1722 | MT | 4 | 03-71 | NYE | 1 | 01-6608 |
| | | | MT | 4 | 03-72 | NYE | 1 | 01-6609 |
| INDIANA NORTHERN | | | MT | 4 | 03-73 | NYE | 1 | 01-6610 |
| INN | 2 | 02-448 | | | | NYE | 1 | 01-6611 |
| INN | 2 | 02-449 | NORTH CAROLINA MIDDLE | | | NYE | 1 | 01-6612 |
| INN | 2 | 02-459 | NCM | 1 | 02-819 | NYE | 1 | 01-6613 |
| INN | 2 | 02-464 | | | | NYE | 1 | 01-6614 |
| INN | 2 | 02-465 | NEW HAMPSHIRE | | | NYE | 1 | 01-6695 |
| INN | 3 | 03-227 | NH | 1 | 03-212 | NYE | 1 | 01-6696 |
| | | | | | | NYE | 1 | 01-6697 |
| INDIANA SOUTHERN | | | NEW MEXICO | | | NYE | 1 | 01-6698 |
| INS | 1 | 02-1863 | NM | 2 | 03-641 | NYE | 1 | 01-6699 |
| INS | 1 | 03-236 | NM | 6 | 03-640 | NYE | 1 | 01-6700 |
| INS | 1 | 03-264 | | | | NYE | 1 | 01-6701 |
| INS | 1 | 03-483 | NEW YORK EASTERN | | | NYE | 1 | 01-6702 |
| | | | NYE | 1 | 01-512 | NYE | 1 | 01-6703 |
| LOUISIANA MIDDLE | | | NYE | 1 | 01-710 | NYE | 1 | 01-6704 |
| LAM | 3 | 03-416 | NYE | 1 | 01-842 | NYE | 1 | 01-6705 |
| | | | NYE | 1 | 01-1176 | NYE | 1 | 01-6706 |
| MARYLAND | | | NYE | 1 | 01-1181 | NYE | 1 | 01-6732 |
| MD | 1 | 03-1430 | NYE | 1 | 01-1208 | NYE | 1 | 01-6733 |
| MD | 1 | 03-1911 | NYE | 1 | 01-1212 | NYE | 1 | 01-6734 |
| | | | NYE | 1 | 01-1214 | NYE | 1 | 01-6762 |
| MINNESOTA | | | NYE | 1 | 01-1215 | NYE | 1 | 01-6768 |
| MN | 0 | 03-3313 | NYE | 1 | 01-1216 | NYE | 1 | 01-6769 |
| | | | NYE | 1 | 01-6522 | NYE | 1 | 01-6776 |
| MISSOURI WESTERN | | | NYE | 1 | 01-6523 | NYE | 1 | 01-6777 |
| MOW | 4 | 03-445 | NYE | 1 | 01-6524 | NYE | 1 | 01-6780 |
| | | | NYE | 1 | 01-6525 | NYE | 1 | 01-6781 |
| MISSISSIPPI SOUTHERN | | | NYE | 1 | 01-6526 | NYE | 1 | 01-6782 |
| MSS | 1 | 03-131 Vacated 8/28/03 | NYE | 1 | 01-6527 | NYE | 1 | 01-6790 |
| MSS | 1 | 03-551 | NYE | 1 | 01-6528 | | | |
| | | | NYE | 1 | 01-6529 | | | |

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
#### US COURTHOUSE
#### 601 MARKET STREET
#### PHILADELPHIA, PA 19106-1797

**MICHAEL E. KUNZ**
CLERK OF COURT

September 11, 2003

**CLERK'S OFFICE**
ROOM 2609
TELEPHONE
215) 597-

U.S. District Court
Central District of California
Sherri R. Carter, Clerk
G-8 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

                    MDL-875
         IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION
                    C.A. 2:03-3046

Dear Clerk:

     The enclosed conditional transfer Order CTO-227 is being  sent
to  you  regarding  this  involved  action.    It  has  been  properly
identified  as  multidistrict  litigation  asbestos  cases.    However,
pursuant to the opinion and order of 7/29/91, 771 F.Supp. 415, our
court  is  not  accepting  the  original  records  and/or  docket
responsibility on the involved 93,000 actions.

     **Please do not forward the original record, certified docket
entries and/or a certified copy of the transfer order to this
District.**

Please continue to process the litigation in your court, per the
opinion,  pretrial  and  administrative  orders.    If  you  have  any
questions please contact me at (267) 299-7019.

                         Sincerely,

                         MICHAEL E. KUNZ
                         Clerk of Court


                         Sharon Carter
                         MDL Coordinator


enclosure

**3**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: ASBESTOS PRODUCTS LIABILITY      :
LITIGATION (NO. VI)                     :
                                        :
                                        :
_____x

This Document Relates to:               :        CIVIL ACTION NO.  MDL 875

United States District Court            :
Central District of California          :
                                        :
McCARTHY, No. 03 CV 3046                :
                                        :
 [In the event the above-listed case is a multiple :
plaintiff (victim) action, this transfer is for the :
above-named party only, or said parties repre-  :
sentative, and any spousal or dependent actions.]:
_____x


SUGGESTION OF REMAND


        THIS MATTER being reviewed this date upon Plaintiff's Motion To Remand to the

United States District Court for the Central District of California, and the Court having reviewed this

case, and now believing that such motion is appropriate since this matter has been previously tried and

only the issue of damages remains to be resolved;


        THE COURT FINDS that the issue of punitive damages must be resolved at a further

date with regard to the entire MDL action, and therefore any claims for punitive or exemplary


EXHIBIT
3

damages are hereby ORDERED severed from this case and retained by the Court within its jurisdiction over MDL 875 in the Eastern District of Pennsylvania.

THE COURT SUGGESTS that the within entitled matter should be REMANDED to the United States District Court for the Central District of California for resolution of all outstanding motions and such further action as may be deemed proper by that Court.

BY THE COURT:

Date: 12/5/2007

James T. Giles                                    J.

2

**4**

# MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 28 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                        MDL No. 875

(SEE ATTACHED SCHEDULE)

## CONDITIONAL REMAND ORDER

**PLEADING NO. 5305**

The transferee court in this litigation has, in the actions on this conditional remand order: (1) severed all claims for punitive or exemplary damages; and (2) advised the Panel that coordinated or consolidated pretrial proceedings with respect to the remaining claims have been completed, and that remand of those claims to the transferor courts, as provided in 28 U.S.C. §1407(a), is appropriate.

IT IS THEREFORE ORDERED that all claims in the actions on this conditional remand order except the severed damages claims be remanded to their respective transferor courts.

IT IS ALSO ORDERED that, pursuant to Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 436-38 (2001) (Rules), the transmittal of this order to the transferee clerk for filing shall be stayed 15 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Eastern District of Pennsylvania.

IT IS FURTHER ORDERED that, pursuant to Rule 7.6(g), the parties shall furnish the Clerk for the Eastern District of Pennsylvania with a stipulation or designation of the contents of the record to be remanded all necessary copies of any pleadings or other matter filed so as to enable said Clerk to comply with the order of remand.

FOR THE PANEL:

Jeffery N. Luthi
Clerk of the Panel

**EXHIBIT**

4

**OFFICIAL FILE COPY**

IMAGED DEC 28 2007

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## SCHEDULE FOR CONDITIONAL REMAND ORDER

| --- TRANSFEREE --- DIST. DIV. C.A. NO. | — TRANSFEROR — DIST. DIV. C.A. NO. | CASE CAPTION |
|---|---|---|
| PAE  2 | CAC  2  03-3046 | Diana Wheeler McCarthy, et al. v. Asten  Johnson, Inc., et al. |
| PAE  2 | FLM  8  06-2115 | Robert E. Powell, et al. v. Owens-Illinois, Inc., et al. |

**5**

**DAVIS & HEUBECK, LLP**
ATTORNEYS AT LAW

JOSEPH DANIEL DAVIS, ESQ. (SB#49231)
JOHN C. HEUBECK, ESQ. (SB#141080)

10100 Santa Monica Boulevard, Suite 910
Los Angeles, CA 90067-4100
Tel: (310) 552-2121 Fax: (310) 282-0473

Attorneys for   Plaintiffs

**ORIGINAL FILED**

JUN 1 2 2001

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DOUGLAS McCARTHY and DIANA WHEELER McCARTHY<br><br>                          Plaintiffs,<br><br>          vs.<br><br>ACANDS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation, Individually and As Successors-In-Interest to PANACON CORPORATION, a corporation, PHILIP CAREY CORPORATION, a corporation, and CAREY CANADA INC., a corporation; T&N plc, a corporation, Individually and As Successor-In-Interest to TURNER & NEWALL, a corporation, TURNER & NEWALL, plc, a corporation, ATLAS ASBESTOS COMPANY, LTD., a corpora-tion, ATLAS TURNER, INC. a corporation, ATLAS-TURNER COMPANY, LTD, a cor-poration, BELL ASBESTOS MINES, LTD, a corporation, CASSIAR ASBESTOS COMPANY, LTD, a corporation, and KEASBY & MATTISON COMPANY, a cor-poration; THORPE INSULATION COMPANY, a corporation; GOULD PAPER CORPORATION Individually and as successor-in-interest to the HAWTHORNE PAPER COMPANY a corporation; ALBANY INTERNATIONAL, a corporation; MT. VERNON MILLS, INC., a corporation; R.B. PAMPLIN CORP., individually and as successor-in-interest to the MT. VERNON MILLS CO., a corporation; VOITH FABRICS WAYCROSS SALES, INC., | CASE NO:<br>Complaint Filed:   BC252223<br><br>Honorable _____<br>Department __<br><br>**COMPLEX ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO: C 700 000**<br><br>COMPLAINT FOR PERSONAL INJURIES [NEGLIGENCE, BREACH OF WARRANTY, STRICT LIABILITY; CONTRACTOR LIABILITY; LOSS OF CONSORTIUM] |

EXHIBIT
tabbies
5

d&h/asb      mccarthy/pleadings                                    -1-

1    individually and as successor-in-interest to
2    the SCAPA PAPER MACHINE CLOTHING
     (DRYER) INC., a corporation; PNEUMO
3    ABEX CORPORATION (individually and as
     Successor-in-Interest to ABEX
4    CORPORATION); ALLIEDSIGNAL, INC.
     (individually and as Successor-in-Interest to
5    THE BENDIX CORPORATION); BORG-
     WARNER CORPORATION; MOOG
6    AUTOMOTIVE, INC. (individually and as
     Successor-in-Interest to WAGNER
7    ELECTRIC CORPORATION); BELOIT
     CORP., a corporation; LANGSTON
8    CORP., a corporation; CAMERON
     ELITE, INC., Individually and as
9    successor- in-interest to CAMERON
     MACHINE COMPANY; SOMERSET
10   TECHNOLOGIES, INC., a corporation
     individually as successor-in-interest to
11   CAMERON MACHINE COMPANY; and
     DOES 1 through 50, inclusive,

12                                 Defendants.

13

14

15            COME NOW the plaintiffs, and for causes of action against defendants, and

16   each of them, complain and allege as follows:

17

18                          FIRST CAUSE OF ACTION

19                     (For Negligence Against All Defendants)

20

21            1.      The true names and/or capacities of defendants, DOES 1 through 50,

22   are unknown to plaintiff at this time.  Plaintiff is informed and believes, and thereon alleges,

23   that each defendant designated herein as a DOE caused injuries and damages proxi-

24   mately thereby to plaintiff.

25            2.      Plaintiff is informed and believes, and there upon alleges, that at all

26   times mentioned herein, defendants, and each of them, were the agents, servants,

27   employees and/or joint venturers, successors, predecessors, parent or subsidiary corpora-

28   tions of their co-defendants and were, as such, acting within the scope, course and

d&h/asb        mccarthy/pleadings                    -2-

1   authority of said agency, employment and/or joint venture.

2       3.   At all times relevant herein, plaintiff was a resident of the State of

3   California.

4       4.   This court is the proper court because the principal place of business

5   of a corporate defendant is in its jurisdictional area.

6       5.   That defendants, and each of them, individually and collectively, were

7   engaged in the manufacturing, packaging, labeling, distribution, sale, installation, and use

8   of asbestos products.

9       6.   At all times mentioned herein defendants, and each of them, were the

10  successors, successor in business, successor in product line or a portion thereof, assigns,

11  predecessor, predecessor in business, predecessor in product line or a portion thereof,

12  parent, subsidiary, wholly or partially owned by, or the whole or partial owner of each of the

13  defendant corporations identified above.

14      7.   That by reason of defendants' negligence as aforesaid, plaintiff devel-

15  oped a severe and permanent asbestos-caused disease.  Know as mesothelioma.

16      8.   Plaintiff is informed and believes that the injuries complained of herein

17  were proximately caused by the negligence of the defendants, and each of them, in the

18  following particulars, among others:  (a) each of them knew or should have known, in the

19  exercise of reasonable care, that said asbestos products were and are harmful to the

20  body, lungs, respiratory system, cardiovascular system, skin, and health of persons install-

21  ing, handling, and using them, as well as to persons in the immediate vicinity of their

22  installation, use and handling; (b) said asbestos products were and are capable of causing

23  and did, in fact, cause personal injuries to users, consumers and others, while being used

24  in a manner reasonably foreseeable, thereby rendering said substance unsafe and dan-

25  gerous for use by plaintiff; (c) defendants, and each of them, failed to take reasonable care

26  to warn the plaintiff of the danger and harm to which he was exposed while installing, han-

27  dling and using said products, as well as while in the vicinity of the use, installation, and

28  handling of said products; (d) each of the defendants failed to specify, recommend,

d&h/asb     mccarthy/pleadings                     -3-

1 │ supply, install, sell, and use readily available substitutes which do not and did not pose the

2 │ danger to human health.

3 │

4 │        9.     Plaintiff is informed and believes that he was exposed to substantial

5 │ amounts of asbestos during a portion of his working career.

6 │       10.    Plaintiff was not aware of, did not comprehend, nor was he advised of

7 │ the harmful and deleterious effects asbestos products would have and did have upon his

8 │ health.

9 │       11.    As a direct and proximate result of the aforesaid conduct of the defen-

10 │ dants, and each of them, plaintiff has suffered, and continues to suffer, permanent injuries

11 │ to his person, body and health, all to his general damage in a sum within the jurisdictional

12 │ limits of this Court.

13 │       12.    As a direct and proximate result of the aforesaid conduct of the defen-

14 │ dants, and each of them, plaintiff will be or was compelled to and did employ medical ser-

15 │ vices.

16 │       13.    As a direct and proximate result of the aforesaid conduct of defen-

17 │ dants, and each of them, plaintiff has or will suffer a loss of income and earnings, past,

18 │ present and future.  The exact amount of said losses are unknown to plaintiff at this time.

19 │       14.    That as a direct and proximate result of the negligence of the defen-

20 │ dants, and each of them, plaintiff did necessarily incur and in the future will incur incidental

21 │ expenses and damages in an amount and amounts which have not as yet been fully

22 │ ascertained.  Plaintiff will assert the amount of incidental expenses and damages when the

23 │ same have been ascertained or according to proof.

24 │

25 │                      SECOND CAUSE OF ACTION

26 │    (For Breach of Express and Implied Warranty Against All Defendants)

27 │

28 │       15.    Plaintiff realleges as though fully set forth at length, all of the allega-

d&h/asb   mccarthy/pleadings         -4-

1    tions of Paragraphs 1 through 14, inclusive.

2            16.    That in connection with the manufacture, preparation, sale, specifica-

3    tion, installation, use, and supply of asbestos products, defendants, and each of them,

4    expressly and impliedly warranted that said products were fit for use.  In truth and in fact,

5    said products contained harmful and deleterious asbestos fibers, known to the defendants

6    herein, to be defective and harmful to humans exposed thereto.  Said products were not

7    and are not suitable for the purposes for which said products were intended, supplied, and

8    relied upon, nor suitable for any other similar purpose, including their use by human beings

9    in confined spaces where humans would be physically present, working, resting or

10   breathing.

11           17.    Plaintiff relied on the express and implied warranties of defendants,

12   and each of them, in the use of and exposure to said asbestos and asbestos products, and

13   plaintiff was using and/or exposed to said asbestos in a reasonably foreseeable intended

14   manner.

15           18.    Defendants, and each of them, breached the above-described

16   express and implied warranties in that said substance was defective, which defects per-

17   mitted and/or caused said substance to seriously and permanently cause injury to plaintiff

18   while using said substance in a manner that was reasonably foreseeable.

19           19.    As a direct and proximate result of the above-described breaches of

20   warranties by defendants, and each of them, plaintiff suffered severe and permanent inju-

21   ries to his person, as alleged above.

22

23                          THIRD CAUSE OF ACTION

24               (Strict Liability in Tort Against All Defendants)

25

26           20.    Plaintiff realleges as though fully set forth at length, and incorporates

27   herein by this reference, all of the allegations of Paragraphs 1 through 14, inclusive.

28           21.    At all times mentioned herein, defendants, and each of them,

d&h/asb    mccarthy/pleadings                    -5-

1  researched, manufactured, tested, designed, labeled, distributed, advertised, marketed,

2  warranted, inspected, repaired, offered for sale and sold a certain substance, the generic

3  name of which is asbestos, and other products containing said substance, which sub-

4  stance contained design and manufacturing defects, in that same was capable of causing

5  and did, in fact, cause personal injuries to the users and consumers thereof while being

6  used in a reasonably foreseeable manner, thereby rendering same unsafe and dangerous

7  for use by the consumers, users or bystanders.

8        22.    Defendants placed said asbestos products on the market, knowing

9  that they would be used without inspection for such defects and unsafe conditions.

10  Plaintiff used, handled, and was otherwise exposed to defendants' asbestos products in a

11  manner that was reasonably foreseeable and in fact anticipated by the defendants herein.

12  Said products were defective when they left defendants' possession.

13        23.    As a proximate result of plaintiff's exposure to the asbestos products

14  hereinabove described, plaintiff suffered those damages described above.

15

16                  FOURTH CAUSE OF ACTION

17                    **(Contractor Liability)**

18

19        24.    Plaintiff, by this reference, hereby incorporates and makes a part

20  hereof, as though fully set forth herein, each and every allegation contained in Paragraphs

21  1-14, inclusive.

22        25.    At all times mentioned herein, the Contractor Liability Defendants, and

23  each of them, respectively, owned, maintained, managed and/or controlled the premises

24  where plaintiff DOUGLAS McCARTHY was employed.

25        26.    Prior to and during the periods of plaintiff's employment, said

26  Contractor Liability Defendants, and each of them, respectively, caused certain asbestos

27  fibers and other asbestos-containing materials and products to be manufactured,

28  constructed, installed, maintained, used, replaced and/or repaired by their own workers

COMPLAINT FOR PERSONAL INJURIES [NEGLIGENCE, BREACH OF WARRANTY,
STRICT LIABILITY, CONTRACTOR LIABILITY, LOSS OF CONSORTIUM]

1   and/or various independent contractors, and caused the release of dangerous quantities of

2   toxic asbestos fibers into the ambient air and thereby created a hazardous condition and

3   risk of harm and personal injury to plaintiff and other persons exposed to said asbestos

4   fibers while working on said premises, products or materials, or otherwise using or coming

5   on said premises.

6          27.    At all times mentioned herein, said Contractor Liability Defendants,

7   and each of them, knew, or in the exercise of ordinary and reasonable care should have

8   known, that the foregoing conditions and activities created a dangerous and hazardous

9   condition and unreasonable risks of harm and personal injury to plaintiff and other workers

10  or persons so exposed while working on or using or coming on each of their respective

11  premises.

12         28.    At all times relevant herein, plaintiff entered said premises and used

13  and occupied each of said premises as intended and for each of the respective Contractor

14  Liability Defendants' benefit and advantage and at each of the respective Contractor

15  Liability Defendants' request and invitation.  In doing so, plaintiff was exposed to danger-

16  ous quantities of asbestos fibers released into the ambient air by the aforesaid hazardous

17  conditions and activities managed, maintained, initiated, and/or otherwise created, con-

18  trolled, or caused by said Contractor Liability Defendants, and each of them.

19         29.    Prior to and during the period of plaintiff's employment, said Contrac-

20  tor Liability Defendants were subject to certain ordinances, statutes, and other government

21  regulations promulgated by the United States Government, the State of California and

22  others, which required said Contractor Liability Defendants to provide specific safeguards

23  or precautions to prevent or reduce the inhalation of asbestos dust and said Contractor

24  Liability Defendants failed to provide the required safeguards and precautions or contrac-

25  tors employed by the Contractor Liability Defendants failed to provide the required safe-

26  guards and precautions and said failure is a legal cause of plaintiff's injuries.

27         30.    Plaintiff at all times was unaware of the risk of personal injury and haz-

28  ardous conditions created by the aforesaid presence and use the asbestos–containing

d&h/esb   mccarthy/pleadings       -7-

COMPLAINT FOR PERSONAL INJURIES [NEGLIGENCE, BREACH OF WARRANTY,
STRICT LIABILITY; CONTRACTOR LIABILITY; LOSS OF CONSORTIUM]

1   products on said premises and materials.

2         31.   At all times mentioned herein, said Contractor Liability Defendants,

3   and each of them, knew, or in the exercise of ordinary and reasonable care should have

4   known, that the premises that were in their control would be used as alleged without

5   knowledge of, or inspection for, defects or dangerous conditions and that the persons

6   working on or using said premises would not be aware of the aforesaid hazardous condi-

7   tions to which they were exposed on the premises.

8         32.   At all times mentioned herein, said Contractor Liability Defendants,

9   and each of them, negligently failed to maintain, manage, inspect, survey or control said

10  premises or to abate or correct, or to warn plaintiff of, the existence of the aforesaid dan-

11  gerous conditions and hazards on said premises.

12        33.   As a legal consequence of the foregoing, plaintiff DOUGLAS

13  McCARTHY developed an asbestos-related illness, which has caused great injury and dis-

14  ability and plaintiff has suffered general and special damages as herein alleged.

15

16                   FIFTH CAUSE OF ACTION

17          **(For Loss of Consortium Against all Defendants)**

18

19        **COMES NOW**, plaintiff, DIANA WHEELER McCARTHY, and for a cause of

20  action against defendants, and each of them, complains and alleges as follows:

21        34.   Plaintiff hereby realleges as though set forth at length, and incorpo-

22  rated herein by this reference, all of the allegations contained in paragraphs 1 through 33

23  of the Complaint.

24        35.   By reason of the injuries to plaintiff, plaintiff's wife, DIANA WHEELER

25  McCARTHY, suffered loss of affection, society, comfort, support, consortium, companion

26  ship, and is therefore bringing a loss of consortium claim against defendants, and each of

27  them.

28  ///

d&h/asb    mccarthy/pleadings                -8-

1    ///

2    ///

3    ///

4    ### PUNITIVE DAMAGE ALLEGATIONS AGAINST ALL

5    ### DEFENDANTS AND DOES 1 THROUGH 50, INCLUSIVE

6    36.    Plaintiff hereby realleges and incorporates by reference each and

7    every allegation contained in Paragraphs 1 through 33 of the Complaint, as though set

8    forth in detail at this point.

9    37.    That defendants, and DOES 1 through 50, and each of them, inclu-

10   sive, individually and in combination, acted maliciously in marketing asbestos products

11   which they knew would, could and did result in the exposure of thousands of workers,

12   including the plaintiff, to the dangerous, harmful, toxic, and deleterious effects of the

13   asbestos contained within their products.

14   38.    In researching, testing, manufacturing, distributing, labeling, and mar-

15   keting said asbestos and asbestos products, defendants, and each of them, did so with

16   conscious disregard for the safety of the users and individuals exposed to said asbestos

17   and asbestos products, and as such constitute despicable conduct in that said defendants

18   had specific prior knowledge that there was a high risk of injury or death resulting from

19   exposure to asbestos or asbestos products, including, but not limited to, lung cancer, other

20   forms of cancer, asbestosis and other forms of lung disease and physical injury.

21   39.    The above-referenced conduct of defendants, and each of them, was

22   motivated by the financial interest of said defendants in the continuing, uninterrupted dis-

23   tribution and marketing of said asbestos and asbestos products.  In pursuance of said

24   financial motivation, said defendants consciously disregarded the safety of the users of

25   said asbestos and asbestos products, and were in fact, consciously willing to permit said

26   asbestos and asbestos products to cause injury to users thereof, including plaintiff.

27   40.    As the above-referenced conduct of said defendants, and each of

28   them, was and is willful, malicious, outrageous, despicable and in conscious disregard and

1 | indifference to the safety of individuals exposed to said asbestos and asbestos products,

2 | including plaintiff, plaintiff therefore, for the sake of example and by way of punishing said

3 | defendants, seeks punitive damages, according to proof.

4 |        WHEREFORE, plaintiffs prays judgment against defendants, and each of

5 | them, as follows:

6 |        1.    For general damages in excess of the minimum jurisdictional limits,

7 | according to proof;

8 |        2.    For the value of reasonable and necessary medical and hospital care

9 | and attention required, which has been and will be required in the future;

10 |        3.    For the reasonable value of loss of earnings, income and loss of earn-

11 | ing capacity;

12 |        4.    For punitive damages according to proof;

13 |        5.    For incidental damages according to proof;

14 |        6.    For the costs of suit incurred herein, and interest as allowed by law;

15 | and

16 |        7.    For such other and further relief as the Court deems just and proper.

17 |

18 | DATED:  June 7, 2001            DAVIS & HEUBECK, LLP

19 |

20 |                 BY: _____

21 |                     JOHN C. HEUBECK

22 |                     Attorneys for Plaintiffs

23 |

24 |

25 |

26 |

27 |

28 |

COMPLAINT FOR PERSONAL INJURIES [NEGLIGENCE, BREACH OF WARRANTY,
STRICT LIABILITY; CONTRACTOR LIABILITY; LOSS OF CONSORTIUM]

| SHORT TITLE: DOUGLAS McCARTHY and DIANA WHEELER McCARTHY vs. ACANDS, INC., et al., | CASE NUMBER: |
|---|---|

1  T&N plc, a corporation, Individually and As Successor-In-Interest to TURNER & NEWALL, a

2  corporation, TURNER & NEWALL, plc, a corporation, ATLAS ASBESTOS COMPANY, LTD., a

3  corporation, ATLAS TURNER, INC. a corporation, ATLAS-TURNER COMPANY, LTD, a corporation,

4  BELL ASBESTOS MINES, LTD, a corporation, CASSIAR ASBESTOS COMPANY, LTD, a corporation,

5  and KEASBY & MATTISON COMPANY, a corporation; THORPE INSULATION COMPANY, a

6  corporation; GOULD PAPER CORPORATION Individually and as successor-in-interest to the

7  HAWTHORNE PAPER COMPANY a corporation; ALBANY INTERNATIONAL, a corporation; MT.

8  VERNON MILLS, INC., a corporation; R.B. PAMPLIN CORP., individually and as successor-in-interest

9  to the MT. VERNON MILLS CO., a corporation; VOITH FABRICS WAYCROSS SALES, INC.,

10  individually and as successor-in-interest to the SCAPA PAPER MACHINE CLOTHING (DRYER) INC.,

11  a corporation; PNEUMO ABEX CORPORATION (individually and as Successor-in-Interest to ABEX

12  CORPORATION); ALLIEDSIGNAL, INC. (individually and as Successor-in-Interest to THE BENDIX

13  CORPORATION); BORG-WARNER CORPORATION; MOOG AUTOMOTIVE, INC. (individually and

14  as Successor-in-Interest to WAGNER ELECTRIC CORPORATION); BELOIT CORP., a corporation;

15  LANGSTON CORP., a corporation; CAMERON ELITE, INC., Individually and as successor- in-interest

16  to CAMERON MACHINE COMPANY; SOMERSET TECHNOLOGIES, INC., a corporation  individually

17  as successor-in-interest to CAMERON MACHINE COMPANY;  DOES 1 — 50. INCLUSIVE

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)*  The items on this page stated on information and belief *(specify item numbers, **not** line numbers):*

27
This page  may  be  used  with  any  Judicial  Council  form  or  any  other  paper  filed  with  this  court.   Page 1of1

Form Approved by the
Judicial Council of California
MC-G20 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

LEGAL SOLUTIONS

CRC 201. 501

NOTICE OF CASE ASSIGNMENT
LOS ANGELES SUPERIOR COURT

CASE NUMBER _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT      BC252223

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Hon. Judith M. Ashmann | 31 | 407 |
| Hon. Helen I. Bendix | 18 | 308 |
| Hon. Elihu M. Berle | 42 | 416 |
| Hon. Paul Boland | 36 | 410 |
| Hon. Soussan Bruguera | 71 | 729 |
| Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Alan Buckner | 14 | 300 |
| Hon. Ronald E. Cappai | 23 | 315 |
| Hon. James C. Chalfant | 13 | 630 |
| Hon. Lawrence W. Crispo | 58 | 516 |
| Hon. J. Stephen Czuleger | 50 | 508 |
| Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 |
| Hon. Reginald A. Dunn | 44 | 418 |
| Hon. Emilie Elias | 3 | 224 |
| Hon. Irving Feffer | 51 | 511 |
| Hon. Edward A. Ferns | 69 | 621 |
| Hon. Madeleine Flier | 37 | 413 |
| Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Haley J. Fromholz | 20 | 310 |
| Hon. Richard Fruin | 15 | 307 |
| Hon. Ray L. Hart | 10 | 631 |
| Hon. Robert L. Hess | 24 | 314 |
| Hon. William Highberger | 32 | 406 |
| Hon. Ernest Hiroshige | 54 | 512 |
|  |  |  |
|  |  |  |

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Hon. Marilyn L. Hoffman | 78 | 730 |
| Hon. David Horowitz | 30 | 400 |
| Hon. Richard C. Hubbell | 62 | 600 |
| Hon. Morris B. Jones | 48 | 506 |
| Hon. Owen Lee Kwong | 49 | 509 |
| Hon. Marvin Lager | 38 | 412 |
| Hon. Malcolm H. Mackey | 84 | 835 |
| Hon. Jon M. Mayeda | 72 | 731 |
| Hon. David L. Minning | 61 | 632 |
| Hon. Anthony J. Mohr* | 309 | CCW-1409 |
| Hon. Aurelio Munoz | 47 | 507 |
| Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Alban I. Niles | 34 | 408 |
| Hon. Rodney E. Nelson | 46 | 500 |
| Hon. Gregory O'Brien | 21 | 313 |
| Hon. S. James Otero | 68 | 617 |
| Hon. Victor H. Person | 39 | 415 |
| Hon. Mel Recana | 45 | 632 |
| Hon. Frances Rothschild | 28 | 318 |
| Hon. Cesar C. Sarmiento | 55 | 515 |
| Hon. John P. Shook | 53 | 513 |
| Hon. Ronald Sohigian | 41 | 417 |
| Hon. Fumiko Wasserman | 16 | 306 |
| Hon. Alexander Williams III | 35 | 411 |
| Hon David A. Workman | 40 | 414 |
| Hon. George Wu | 33 | 409 |
| OTHER |  |  |

(Revised 01/01/01)

_____, DEPUTY CLERK

1    **Loss of Consortium** in the amount of $3,000,000.

2

3    **Special Damages** consisting of medical expenses, past, present and

4    future:  Precise amount unknown at present as no such calculation

5    can be made given the terminal nature of Mr. McCarthy's

6

7    mesothelioma and the need for extensive future medical care and

8    treatment during his final days.  It is roughly estimated that these costs

9    will exceed $50,000.

10

11   DATED:  June 7, 2001                    DAVIS & HEUBECK, LLP

12

13   BY: _____

14          JOHN C. HEUBECK
             Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

## CSC      United States Corporation Company
2711 Cente    lle Road Suite 400, Wilmingtc    DE, 19808
(302) 636-5400

United States Corporation Company                    The Prentice-Hall Corporation System, Inc.

### NOTICE OF SERVICE OF PROCESS

**Date Processed:** 12-DEC-01                    **Transmittal #:**  CA1306261C          ALL

**To:** JAMES A. YOUNG, ESQUIRE                    Redirect sent to:
CHRISTIE, PABARUE, MORTENSEN & YOUNG
10TH FLOOR
1880 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA PA 19103

TYPE OF REPRESENTATION:   Statutory

*We enclose the following documents which were served upon:*
Corporation Service Company which will do business in California as CSC-Lawyers
*as registered agent in   California           for*
ASTENJOHNSON, INC. (ID#:  1646699)
*Documents were served on  12-DEC-01     via Personal Service*          **ID#:** N/A

**Title of Action:** DOUGLAS MCCARTHY, ET AL                    Case #: BC252223
**vs.** ACANDS, INC., ET AL
**Court:** LOS ANGELES COUNTY SUPERIOR COURT, CA
**Nature of Case:** Asbestos

| | | |
|---|---|---|
| X  Summons | ____ Notice of Mechanic's Lien | ____ A self-addressed stamped |
| X  Complaint | ____ Notice of Attorney's Lien | envelope enclosed |
| ____ Garnishment | ____ Notice of Default Judgment | ____ Duplicate copies of the Notice |
| ____ Subpoena | | and Acknowledgement enclosed |

X  Other:  AMENDMENT TO COMPLAINT, ETC.

**Answer Due:** 30 CALENDAR DAYS AFTER SERVICE
**Documents Sent:** Federal Express          ID#: 491903522523
**Call Placed:** No call placed          Spoke to: N/A
**Comments:** SERVICE WAS RECEIVED AS "ASTENJOHNSON, INC. AS-SUCCESSOR-IN-
INTEREST TO…ASTEN-HILL, LTD."

**Attorney for Claimant:**
JOHN C. HEUBECK
DAVIS & HEUBECK, LLP
10100 SANTA MONICA BLVD, SUITE 910
LOS ANGELES, CA 90067-4100
310-552-2121

Form Prepared By:  Amber Matranga

*Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.*

Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents.  This information does not constitute a legal op
details of this action.  These should be obtained from the documents themselves.  The receiver of this transmittal is responsible for interpreti
for taking appropriate action.  If you have received only a copy of the transmittal, you should be aware that the documents have been sent to
You should contact that addressee for details or interpretations of the content of those documents.

**EXHIBIT**
6

NAME, ADDRESS AND TELEPHONE NUMBER
OF ATTORNEY(S)         (310) 552-2121
JOHN C. HEUBECK, ESQ. (SB# 141080)
DAVIS & HEUBECK, LLP
10100 Santa Monica Boulevard, Ste. 910

Los Angeles, CA. 90067-4100
ATTORNEY(S) FOR  PLAINTIFFS

ORIGINAL FILED

DEC 0 5 2001

LOS ANGELES
SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| DOUGLAS McCARTHY and DIANA WHEELER McCARTHY | CASE NUMBER |
|---|---|
| | BC 252 223 |
| PLAINTIFF(S) | |
| VS. | |
| ACANDS, INC., a corporation, et al., | AMENDMENT TO COMPLAINT SEC. 474 C.C.P. |
| DEFENDANT(S) | |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant, and having
designated said defendant in the complaint by a fictitious name, to-wit:      DOE 1


, and having discovered the true name of said defendant to be
ASTENJOHNSON, INC., individually and As Successor-In-Interest to  ASTEN GROUP, INC.,
ASTEN, INC., ASTEN-HILL, INC., ASTEN-HILL COMPANY, ASTEN-HILL MANUFACTURING
COMPANY, ASTEN-HILL MFG. CO., and ASTEN-HILL, LTD.

hereby amends his complaint by inserting such true name in the place and stead of such fictitious name
wherever it appears in said complaint.

DAVIS & HEUBECK, LLP

Dated  DECEMBER 4, 2001

_____
ATTORNEY FOR PLAINTIFF
JOHN C. HEUBECK, ESQ. (SB# 141080)

76A486A (Rev. 4-69) 6-84
RC038

AMENDMENT  TO  COMPLAINT

LA-107

**107**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
ACANDS, INC., a corporation; RAPID AMERICAN CORPORATION,
a corporation, Individually and As Successors-In-Interest to
PANACON CORPORATION, a corporation, PHILIP CAREY
CORPORATION, a corporation, a corporation, and CAREY CANADA
INC., a corporation (See Attached Additional Page)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
DOUGLAS McCARTHY and DIANA WHEELER McCARTHY

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*

| | CASE NUMBER *(Número del Caso)* |
|---|---|
| LOS ANGELES SUPERIOR COURT<br>111 N. HILL STREET | **BC252223** |

LOS ANGELES, CA. 90012
CENTRAL DISTRICT

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
JOHN C. HEUBECK, ESQ. (SB# 141080)                    (310) 552-2121
DAVIS & HEUBECK, LLP
10100 Santa Monica Boulevard, Ste. 910

Los Angeles, CA. 90067-4100

**JOHN A. CLARKE, CLERK**

| DATE:<br>*(Fecha)* | JUN 1 2 2001 | Clerk, by<br>*(Actuario)* | GONZALEZ | , Deputy<br>*(Delegado)* |
|---|---|---|---|---|

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of (specify): Doe1
3. ☒ on behalf of (specify): Asten Johnson, Inc, individually and As Successor-in-interest to Asten Group, Inc, Asten, Inc,
   under: ☒ CCP 416.10 (corporation) Asten-Hill Inc ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) Asten-Hill ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
   ☐ other:  Company, Asten-Hill Manufacturing
4. ☐ by personal delivery on (date): Company, Asten Hill MFG. Co,
   And Asten Hill, LTD

(See reverse for Proof of Service)

**SUMMONS**

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

CCP 412.20

7

1-51-02

1

**DAVIS & HEUBECK, LLP**
   **ATTORNEYS AT LAW**

2
JOSEPH DANIEL DAVIS, ESQ. (SB#49231)
JOHN C. HEUBECK, ESQ. (SB#141080)

3
10100 Santa Monica Boulevard, Suite 910
Los Angeles, CA  90067-4138

4
Tel:  (310) 552-2121 Fax:  (310) 282-0473

5
**Attorneys for**   Plaintiffs

6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **FOR THE COUNTY OF LOS ANGELES**

10

11   DOUGLAS McCARTHY and DIANA            **CASE NO:  BC 252 223**
     WHEELER McCARTHY                       Complaint Filed:  06/12/01
12
                              Plaintiffs,   **Honorable Ricardo A. Torres**
13                                          **Dept. 4**
        vs.
14                                          JUDGMENT ON SPECIAL VERDICT
     ASTENJOHNSON, INC. f/k/a ASTEN
15   GROUP, INC. and ASTEN-HILL
     MANUFACTURING COMPANY,
16
                              Defendants.
17

18

19          This action came on regularly for trial on June 25, 2002, in Department 4 of

20   the Superior Court, the Honorable Ricardo A. Torres, Judge Presiding; the plaintiffs appear-

21   ing by attorneys Joseph Daniel Davis and John C. Heubeck of Davis & Heubeck, and the

22   defendants appearing by attorneys Tim Gray, Esq. and Ronald Collins, Esq. of Forman,

23   Perry, Watkins, Krutz & Tardy, PLLC and Peter Ezzell, Esq. of Haight, Brown &

24   Bonesteel.

25

26          A jury of 12 persons was regularly impaneled and sworn/acknowledged and

27   agreed to try the cause.  Witnesses were sworn and testified.  After hearing the evidence and

28   argument of counsel, the jury was duly instructed by the Court and the cause was submitted

D&H/asb          mccarthy/pleadings                        -1-

**EXHIBIT**

**7**

1   to the jury with directions to return a verdict on special issues.  The jury deliberated and

2   thereafter returned into court with its verdict consisting of the special issues submitted to the

3   jury and the answers given thereto by the jury, which said verdict was in words and figures

4   as follows, to wit:

5   ///

6   ///

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

(Title of Court and Cause) JUDGMENT ON SPECIAL VERDICT

2

3   **WE THE JURY,** in the above-entitled action, find the following special verdict on

4   the questions submitted to us:

5

6   **QUESTION NO. 1:** Was there a defect in the design of AstenJohnson Inc.'s dryer

7   felts in that they failed to perform as safely as an ordinary user would expect'?

8

9   ANSWER: Yes ☐          No ☒

10

11   Answer Question No. 2.

12

13   **QUESTION NO. 2.:** Was there a defect in AstenJohnson Inc's dryer felts in that

14   there was a failure to warn of the potential risk which was known or knowable in light of the

15   generally recognized and prevailing best medical and scientific knowledge at the time of

16   manufacture and distribution?

17

18   ANSWER: Yes ☒          No ☐

19

20   Answer Question No. 3.

21

22   **QUESTION NO. 3:** Was there a defect in AstenJohnson's dryer felts in that the risk

23   of danger inherent in the design of such felts outweighed the benefits of such design?

24

25   ANSWER: Yes ☐          No ☐          [*Not decided*]

26   ///

27   ///

28   ///

If you answered "Yes" to one or more of Questions No. 1 <u>2</u> or <u>3</u> then answer Question no. 4. If you answered "No" to each of the previous questions, (No.'s 1,2 and 3), then sign and return this verdict.

**QUESTION NO. 4:** Did any such defect exist when it left the possession of the AstenJohnson, Inc.?

ANSWER: Yes ☒        No ☐

If you answer to Question 4 is "Yes", then answer Question No. 5. If your answer to Question 4 is "No", then sign and return this verdict.

**QUESTION NO. 5:** Was the defect found by you in your answer to Questions No. 1,2 <u>or</u> <u>3</u> a contributing cause of Douglas McCarthy's malignant mesothelioma?

ANSWER: Yes ☒        No ☐

If your answer to Question No 5 is "Yes", answer Question No. 6a. If your answer to Question No. 5 is "No", then sign and return this verdict.

**QUESTION NO. 6a:** Was plaintiff's use of AstenJohnson, Inc.'s dryer felts reasonably foreseeable by the defendant?

ANSWER: Yes ☒        No ☐

If your answer to Question No. 6a is "Yes", answer Question No. 6b. If your answer to Question No. 6a is "No", then sign and return this verdict.

///

**QUESTION NO. 6b**: Was plaintiff's injury caused by the use of AstenJohnson Inc., dryer felts that was reasonably foreseeable by the Defendant?

ANSWER: Yes ☒       No ☐

If you answer to Question 6b is "Yes", then answer Question No. 7.  If your answer to Question 6b is "No", then sign and return this verdict.

**QUESTION NO. 7**:  What do you find to be the total amount of damages, including economic and non economic damages, if any, suffered by the plaintiff, Douglas McCarthy?

| | | |
|---|---|---|
| **ANSWER:** | Medical and Incidental Expenses | $  85,000.00 |
| **ANSWER:** | Past Earnings Losses | $  55,000.00 |
| **ANSWER:** | Present Value of Future Earnings Social Security and Household Services | $ 500,000.00 |
| **ANSWER:** | Pain and Suffering | $ 260,000.00 |
| | TOTAL: | $900,000.00 |

If you find "no damage", then sign and return this verdict. If you have found a dollar amount in response to Question No. 7, then answer Question No. 8.

**QUESTION NO. 8:** What do you find the total amount of damages, if any, suffered by Plaintiff, Diana Wheeler McCarthy as a result of Douglas McCarthy's mesothelioma?

$100,000.00

Answer Question No. 9

///

1    **QUESTION NO. 9:** Do you find by clear and convincing evidence that
2    AstonJohnson Inc. acted with malice or oppression so that punitive damages should be
3    imposed for sake of example or by way of punishment?

4

5    ANSWER: Yes ☐        No ☒

6

7  Dated:  July 23, 2002

8                                          /s/
9                                          Henry Weinstock
                                           FOREPERSON
10

1    It appearing by reason of said special verdict that:

2

3    Plaintiffs Douglas McCarthy and Diana Wheeler McCarthy, are entitled to

4    judgment against defendant AstenJohnson, Inc..

5

6    **WHEREFORE**, by virtue of the law, and by reason of the aforesaid, it is

7    ordered, adjudged and decreed that said plaintiff Douglas McCarthy have and recover from

8    defendant AstenJohnson, Inc., economic and non-economic damages in the sum of

9    $900,000.00.

10

11    **WHEREFORE**, by virtue of the law, and by reason of the premises aforesaid,

12    it is ordered, adjudged and decreed that said plaintiff Diana Wheeler McCarthy have and

13    recover from said defendant AstenJohnson, Inc. damages in the sum of $100,000.00.

14

15    With interest thereon at the rate of ten percent (10%) per annum from the date

16    of the verdict until paid, together with costs and disbursements, to be determined by the

17    court, amounting to the sum of $_____.

18

19

20    DATED: August __, 2002

21                                              _____
                                               RICARDO A. TORRES,
22                                              JUDGE OF THE SUPERIOR COURT

23

24

25

26

27

28

**PROOF OF SERVICE BY MAIL AND FACSIMILE**

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

       I am a resident of the county aforesaid, I am over the age of eighteen years and not a party to the within action. My business address is 10100 Santa Monica Boulevard, Suite 910, Los Angeles, California 90067.

       On July 31, 2002, I served the within document entitled, *Judgment on Special Verdict*, on counsel for all interested parties in said action, by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

Richard Hildebrandt, Esq.
HILDEBRANDT & LUCKY
757 West 9th Street
San Pedro, CA. 90731-360

Ron Collins, Esq.
FORMAN, PERRY, WATKINS, et al.
1200     One Jackson Place
188 E. Capitol Street
Jackson, MS 39201

Peter Q. Ezzell, Esq.
HAIGHT, BROWN & BONESTEEL, LLP,
6080 Century Drive, Suite 800
Los Angeles, California 90045 1574

       Additionally, on July 31, 2002, I caused a copy of the aforementioned document to be transmitted via facsimile to counsel at the following facsimile number(s):

Peter Q. Ezzell, Esq.
HAIGHT, BROWN & BONESTEEL, LLP, 6080 Century Drive, Suite 800
Los Angeles, California 90045 1574
(310) 215-7300 *fax*.

       I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 31st day of July 2002, at Los Angeles, California.

_____
ROSEMARY GALLAGHER

-1-

8

(Ex), CLOSED, MANADR

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:03-cv-03046-MMM-E

| | |
|---|---|
| Diana W McCarthy, et al v. AstenJohnson Inc, et al | Date Filed: 04/30/2003 |
| Assigned to: Judge Margaret M. Morrow | Date Terminated: 06/30/2003 |
| Referred to: Discovery Charles F. Eick | Jury Demand: Defendant |
| Demand: $0 | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: LA Cnty Supr Crt, BC292345 | Jurisdiction: Diversity |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

**Diana Wheeler McCarthy**           represented by   **John C Heubeck**
*Heir-at-Law of Douglas McCarthy*                     Davis & Heubeck
                                                      10100 Santa Monica Blvd, Ste 910
                                                      Los Angeles, CA 90067-4100
                                                      310-552-2121
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Joseph Daniel Davis**
                                                      Davis & Heubeck
                                                      10100 Santa Monica Blvd, Ste 910
                                                      Los Angeles, CA 90067-4100
                                                      310-552-2121
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Douglas McCarthy (Estate of)**      represented by   **John C Heubeck**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Joseph Daniel Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anna Melissa McCarthy**             represented by   **John C Heubeck**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

EXHIBIT

8

**Joseph Daniel Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sara Amanda McCarthy**                represented by   **John C Heubeck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Daniel Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AstenJohnson Inc**                     represented by   **Nancy E Lucas**
*a corporation*                                          Haight Brown & Bonesteel
*formerly known as*                                      6080 Center Dr, Ste 800
Asten Group                                              P O Box 45068
*formerly known as*                                      Los Angeles, CA 90045-0068
Asten-Hill Manufacturing Company                         310-215-7100
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Peter Q Ezzell**
Haight Brown & Bonesteel
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574
310-215-7100
Fax: 310-215-7300
Email: pezzell@hbblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Acands Inc**
*a corporation*

**Defendant**

**Rapid American Corporation**
*a corporation, individually*
*Successor*
Panacon Corporation

**Defendant**

**Philip Carey Corporation, -**
*a corporation*

**Defendant**

**Carey Canada Inc**
*a corporation*

**Defendant**

**T & N plc**
*a corporation*
*Successor*
Turner & Newhall

**Defendant**

**Turner & Newall PLC**
*a corporation*
*TERMINATED: 12/12/2003*

**Defendant**

**Atlas Asbestos Company Ltd**
*a corporation*

**Defendant**

**Atlas Turner Inc**
*a corporation*

**Defendant**

**Atlas-Turner Company Ltd**
*a corporation*

**Defendant**

**Bell Asbestos Mines Ltd**
*a corporation*

**Defendant**

**Cassiar Asbestos Company Ltd**
*a corporation*

**Defendant**

**Keasby & Mattison Company**
*a corporation*

**Defendant**

**Thorpe Insulation Company**
*a corporation*

**Defendant**

**Gould Paper Corporation**
*individually*

*Successor*
Hawthornes Paper Company

**Defendant**

**Albany International**
*a corporation*

**Defendant**

**Mt Vernon Mills Inc**
*a corporation*

**Defendant**

**R B Pamplin Corp**
*individually*
*Successor*
Mt Vernon Mills Co

**Defendant**

**Voith Fabrics Waycross Sales Inc**
*individually*
*Successor*
Scapa Paper Machine Clothing (Dryer)
Inc

**Defendant**

**Pneumo Abex Corporation**
*individually*
*Successor*
Abex Corporation

**Defendant**

**Alliedsignal Inc**
*individually*
*Successor*
Bendix Corporation

**Defendant**

**Borg-Warner Corporation, -**

**Defendant**

**Moog Automotive Inc**
*individually*
*Successor*
Wagner Electric Corporation, -

**Defendant**

**Beloit Corp**
*a corporation*

**Defendant**

**Langston Corp**
*a corporation*

**Defendant**

**Cameron Elite Inc**
*individually*
*Successor*
Cameron Machine Company

**Defendant**

**Somerset Technologies Inc**
*a corporation*
*Successor*
Cameron Machine Company

**Defendant**

**Does**
*1 through 50, inclusive*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/30/2003 | 1 | NOTICE OF REMOVAL by defendant AstenJohnson Inc from LA Cnty Supr Crt( Case Number: BC292345) with copy summons and complaint referred to Discovery Charles F. Eick . (jag) (Entered: 05/05/2003) |
| 04/30/2003 | 2 | CERTIFICATION & NOTICE OF INTERESTED PARTIES filed by defendant AstenJohnson Inc (jag) (Entered: 05/05/2003) |
| 04/30/2003 | 3 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed. (jag) (Entered: 05/05/2003) |
| 04/30/2003 | 5 | CERTIFICATE OF SERVICE by defendant AstenJohnson Inc on 4/30/03 of Notice to Adverse Party of Removal to Federal Court (mg) (Entered: 05/06/2003) |
| 05/01/2003 | 4 | PROOF OF SERVICE by defendant AstenJohnson Inc on 5/1/03 of Notice to Adverse Party of Removal to Federal Court (bg) (Entered: 05/05/2003) |
| 05/05/2003 | 6 | CERTIFICATION OF INTERESTED PARTIES filed by defendant AstenJohnson Inc (nhac) (Entered: 05/06/2003) |
| 05/05/2003 | 7 | ANSWER filed by defendant AstenJohnson Inc to removal complaint [1-1]; jury demand (nhac) (Entered: 05/06/2003) |
| 05/07/2003 | 8 | MINUTES: settlement conference 9:00 6/30/03 Counsel are directed to comply with Rule 26(f) of the Federal Rules of Civil Procedure in a timely fashion and to file a Joint Rule 26(f) Report on or before June 20, 2003 by Judge Margaret M. Morrow CR: None (bg) (Entered: 05/08/2003) |

| 05/15/2003 | 9 | NOTICE OF TAG-ALONG ACTION by defendant AstenJohnson Inc. (nhac) (Entered: 05/16/2003) |
|---|---|---|
| 06/20/2003 | 11 | ADR PILOT PROGRAM QUESTIONNAIRE filed by atty John C Heubeck for plaintiff Sara Amanda McCarthy, Nancy E Lucas for defendant AstenJohnson Inc. (mch) (Entered: 06/24/2003) |
| 06/20/2003 | 10 | PROPOSED JOINT REPORT OF COUNSEL RULE 26 DISCOVERY PLAN filed; est length of trial plaintiff 2 days, defendants 7 days (mch) (Entered: 06/25/2003) |
| 06/30/2003 | 12 | MINUTES: Scheduling conference held; defendant is directed to file an additional notice of interested parties within 7 days of the date of this order; the parties are directed to file a joint report regarding a settlement procedure no later than 7/20/03; the Court hereby orders the case stayed and removed from its active case load pending the ruling on the related state action by the Court of Appeals; parties shall file a joint status report every 90 days regarding the status of case before the Court of Appeals by Judge Margaret M. Morrow CR: David Salyer staying case , terminating case (MD JS-6) (rrey) (Entered: 07/01/2003) |
| 07/08/2003 | 13 | CERTIFICATION AND NOTICE OF INTERESTED PARTIES filed by defendant AstenJohnson Inc (bg) (Entered: 07/09/2003) |
| 07/21/2003 | 14 | JOINT REPORT OF COUNSEL RE SETTLEMENT filed (bg) (Entered: 07/22/2003) |
| 09/22/2003 | 15 | CONDITIONAL TRANSFER ORDER (CTO-227)i Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation the actions is transferred to the Eastern District of Pennsylvania and with the consent of that court, assigned to the Honorable Charles R. Weiner. (Per Letter from the USDC Eastern District of Pennsylvania Do Not Forward the original Record, Certified Docket Entries etc. Continue to process the litigation in this court, per the opinion, pretrial and administrative orders) (pbap) (Entered: 09/26/2003) |
| 12/12/2003 | 16 | ORDER from USDC E/D PA, Judge Charles R Weiner, having declared bankruptcy, dismissing party Turner & Newall PLC (dmjr) (Entered: 12/15/2003) |
| 12/11/2007 | 17 | NOTICE of attorney lien. Please take notice that the Law Offices of Joseph Daniel Davis claims a lien against the proceeds of any settlement, judgment or other recovery. (bp) (Entered: 12/13/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/09/2008 15:22:16 | | | |
| PACER Login: | fp0263 | Client Code: | 42143.046163 |

| Description: | Docket Report | Search Criteria: | 2:03-cv-03046-MMM-E |
|---|---|---|---|
| Billable Pages: | 4 | Cost: | 0.32 |

**9**

## Declaration of Nancy E. Lucas

I, Nancy E. Lucas, declare as follows:

1.      I am a partner in the law firm Haight, Brown & Bonesteel, LLP, counsel of record for defendant AstenJohnson, Inc. in this action.  My California State Bar number is 126854.

2.      My office was not served with a motion for remand or a suggestion of remand requesting that this action be transferred to the United States District Court for the Central District of California.  Nor was my office made aware of any such request prior to our receipt of the Conditional Remand Order dated December 28, 2007.  Additionally, I am informed and believe that no such document can be located on the federal PACER docket system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge (except for those matters averred on information and belief and as to those matters I believe them to be true), that if called upon to do so I could and would competently testify thereto, and that I executed this declaration on January ___, 2008, at Los Angeles, California.

_____
Nancy E. Lucas

EXHIBIT

9

10

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION                MDL 875

This document relates to:

---

DIANA WHEELER McCARTHY, Heir at Law of
DOUGLAS McCARTHY; THE ESTATE OF
DOUGLAS McCARTHY, et al.

                               Plaintiffs,

vs.                                                        No. 03-3046MMM(Ex)

ASTEN JOHNSON, INC., et al.

                               Defendants.

---

## PLAINTIFFS' RESPONSES TO DEFENDANT ASTENJOHNSON, INC.'S FIRST SET OF COMBINED INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

<u>REQUEST FOR ADMISSION NO. 1</u>: Admit that Mr. McCarthy was exposed to asbestos fibers contained in products sold, distributed, or manufactured by each of the following entities:

    (a)     AC&S, Inc.
    (b)     Rapid American Corporation
    (c)     Panicon Corporation
    (d)     Phillip Carey Corporation
    (e)     Carey Canada, Inc.
    (f)     T&N PLC
    (g)     Turner & Newall PLC
    (h)     Turner & Newall Corporation

EXHIBIT
10

| | |
|---|---|
| (i) | Atlas Asbestos Company, Ltd. |
| (j) | Atlas Turner, Inc. |
| (k) | Atlas Turner Company, Ltd. |
| (1) | Bell Asbestos Mines, Ltd. |
| (m) | Cassiar Asbestos Company, Ltd. |
| (n) | Keasby & Mattison Company |
| (o) | Thorpe Insulation Company |
| (p) | Gould Paper Corporation |
| (q) | Hawthorne Paper Company |
| (r) | Albany International |
| (s) | Mt. Vernon Mills |
| (t) | R.B. Pampling Corp. |
| (u) | Mt. Vernon Mills Company |
| (v) | Voith Fabrics |
| (w) | Waycross Sales, Inc. |
| (x) | Scapa Paper Machine Clothing, Inc. |
| (y) | Pneumo Abex Corporation |
| (z) | Allied Signal, Inc. |
| (aa) | Bendix Corporation |
| (bb) | Borg-Warner Corporation |
| (cc) | Moog Automotive, Inc. |
| (dd) | Wagner Electric Corporation |
| (ee) | Beloit Corp. |
| (ff) | Langston Corp. |
| (gg) | Cameron Elite, Inc. |
| (hh) | Cameron Machine Company |
| (ii) | Somerset Technologies, inc. |
| (jj) | Owens Illinois |

## RESPONSE TO REQUEST FOR ADMISSION NO. 1

Objection. This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*. The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*. As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case: AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and

Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

INTERROGATORY NO. 1: Identify all information in your possession at the time of filing of the McCarthy I complaint which relates to Mr. McCarthy's alleged exposure to asbestos containing products manufactured, distributed, or sold by the entities described in Request for Admission No. 1.

**RESPONSE TO INTERROGATORY NO. 1**

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*.  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*.  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

INTERROGATORY NO. 2: Identify all information in your possession which relates to Mr. McCarthy's alleged exposure to asbestos containing products manufactured, distributed, or sold by the entities described in Request for Admission No. 1.

**RESPONSE TO INTERROGATORY NO. 2**

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*.  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*.  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest*. 2d Judgments, §46.

INTERROGATORY NO. 3: Identify each person or entity which settled with plaintiffs in either the McCarthy I or McCarthy II action(s). Such identification should include:

(a) The date such settlement agreement was reached;

(b) The amount of any settlement;

(c) The portion of such settlement attributable to the settling of McCarthy I and the portion attributable to settling McCarthy II;

(d) Any information you have relating to Mr. McCarthy' s exposure to asbestos from a product manufactured, sold, or distributed by such person or entity and/or any information that such person or entity was legally liable or otherwise responsible for Mr. McCarthy's mesothelioma.

### RESPONSE TO INTERROGATORY NO. 3

Objection. This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*. The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*. As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case: AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46. There have been no settlements in *McCarthy II*. Moreover, the settlements in *McCarthy I* are confidential and may not be disclosed.

REQUEST FOR PRODUCTION NO. 1: Produce all settlement agreements identified in the preceding interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Objection. This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*. The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*. As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case: AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46. Moreover, the settlements in *McCarthy I* are confidential and may not be disclosed.


INTERROGATORY NO. 4: Do you believe or contend that Mr. McCarthy was ever exposed to asbestos fibers from cigarettes manufactured, distributed, or sold by Lorillard?

**RESPONSE TO INTERROGATORY NO. 4**

Objection. This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*. The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*. As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case: AstenJohnson is solely responsible for Douglas McCarthy's

wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

INTERROGATORY NO. 5: Have you asserted a claim against Lorillard (including, without limitation, suing or contacting Lorillard and/or its agents without actually having filed suit) in connection with any allegation that Mr. McCarthy was exposed to asbestos fibers from cigarettes manufactured, distributed, or sold by Lorillard.

**RESPONSE TO INTERROGATORY NO. 5**

Objection. This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I.* The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I.* As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case: AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

REQUEST FOR ADMISSION NO. 2: Admit that Mr. McCarthy was exposed to asbestos at the Hawthorne Paper Mill from sources other than dryer felts.

#### RESPONSE TO REQUEST FOR ADMISSION NO. 2

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*.  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*.  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

REQUEST FOR ADMISSION NO. 3: Admit that Mr. McCarthy was exposed to asbestos while working in office buildings in California.

#### RESPONSE TO REQUEST FOR ADMISSION NO. 3

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*.  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*.  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's

wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

REQUEST FOR ADMISSION NO. 4: Admit that Mr. McCarthy was exposed to asbestos while serving in the U.S. Air Force.

### RESPONSE TO REQUEST FOR ADMISSION NO. 4

Objection. This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I.* The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I.* As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case: AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

REQUEST FOR ADMISSION NO. 5: Admit that Mr. McCarthy was exposed to asbestos supplied, installed, torn out, or otherwise manipulated by Thorpe Insulation Company.

9

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*.  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*.  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.


INTERROGATORY NO. 6: Identify all information in your possession which relates to Mr. McCarthy's possible exposure to asbestos at the Hawthorne Paper Mill.

**RESPONSE TO INTERROGATORY NO. 6**

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*.  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*.  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and

Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

INTERROGATORY NO. 7: Identify all information in your possession at the time of the filing of the complaint in McCarthy I which relates to Mr. McCarthy's possible exposure to asbestos at the Hawthorne Paper Mill.

### RESPONSE TO INTERROGATORY NO. 7

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I.*  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I.*  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

REQUEST FOR PRODUCTION NO. 2: Please produce an executed Authorization for Release of Military Records in the form attached hereto as Attachment 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I.*  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I.*  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

REQUEST FOR PRODUCTION NO. 3: Produce all documents in your possession which relate or pertain to Mr. McCarthy's alleged exposure to asbestos from any source at any location whatsoever.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I.*  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I.*  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature

12

and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

INTERROGATORY NO. 8: Identify all information in your possession at the time of the filing of the complaint in McCarthy I which relates to Mr. McCarthy's possible exposure to asbestos which was either supplied, installed, repaired, torn out, or otherwise manipulated in any way by Thorpe Insulation Company, its agents or employees.

**RESPONSE TO INTERROGATORY NO. 8**

Objection. This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I.* The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I.* As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case: AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

13

INTERROGATORY NO. 9: Identify all information in your possession which relates to Mr. McCarthy's alleged exposure to asbestos which was either supplied, installed, repaired, torn out, or otherwise manipulated in any way by Thorpe Insulation Company, its agents or employees.

### RESPONSE TO INTERROGATORY NO. 9

Objection. This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*. The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*. As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case: AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy. See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

INTERROGATORY NO. 10: Identify each person with information regarding Mr. McCarthy's exposure to asbestos at any location an from any source whatsoever. Please include a full name, current address, current phone number, and a brief summary of such information in your response.

14

**RESPONSE TO INTERROGATORY NO. 10**

Objection.  This discovery seeks information that is not relevant in that it relates solely to AstenJohnson, Inc.'s Sixth Affirmative Defense raised in its answer in *McCarthy I*.  The issue of the responsibility of "other tortfeasors" was in fact litigated in *McCarthy I*.  As such, the issue of the responsibility of other tortfeasors for Douglas McCarthy's fatal disease (and wrongful death) was conclusively determined in *McCarthy I* and under the doctrine of collateral estoppel that finding is binding on AstenJohnson, Inc. in the present case:  AstenJohnson is solely responsible for Douglas McCarthy's wrongful death and evidence in the wrongful death action will be limited to the nature and extent of the damages suffered by Diana McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy.  See *Brown v. Rahman* (1991) 231 Cal.App.3d 1458; *Lucas v. County of L.A.* (1996) 47 Cal.App.4th 277; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 226; and *Rest.* 2d Judgments, §46.

Respectfully submitted, this 11th day of November, 2004.

By: _____

Joseph Daniel Davis
Davis & Heubeck, LLP
Attorneys at Law
10100 Santa Monica Blvd., Suite 910
Los Angeles, CA 90067-4138

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a copy of the above and foregoing document was served this 11th day of November, 2004 by first-class mail, postage prepaid to:

Peter J. Lynch
Stella M. Tsai
Christie, Pabarue, Mortensen and Young
A Professional Corporation
1880 JFK Boulevard, 10 Floor
Philadelphia, PA 19 103-7424
(215) 587-1684/1 651
Attorneys For AstenJohnson, Inc.

Tim Gray, Esquire
Forman, Perry, Watkins, Krutz & Tardy', LLP
1200 One Jackson Place
188 F. Capitol Street
Post Office Box 22608
Jackson, MS 3 9225-2608
Phone: (601) 960-8600
Fax: (601) 960-8613

Nancy Lucas, Esquire
Haight, Brown & Bonesteel
6080 Center Drive, Suite 800
Los Angeles, CA 90045-15 74
Phone: (310) 215-7100
Fax: (310) 215-7300

Joseph Daniel Davis

**11**

## Declaration of Tim Gray

I, Tim Gray, declare as follows:

1.    I am a partner in the law firm Forman Perry Watkins Krutz & Tardy, LLP.   I, along with California counsel, Nancy Lucas, represent AstenJohnson in this matter. My Mississippi State Bar number is 10192.

2.    In November 2004, we were advised that the MDL Court wished to conduct a status conference in this matter.  On information and belief, this call was initiated by plaintiffs' counsel making a phone call to the Court's staff attorney Bruce Lassman to discuss the remand of the case.  A conference call between Mr. Lassman, plaintiffs' counsel, and counsel for AstenJohnson, Inc. was held on November 10, 2004.

3.    During the call plaintiffs' counsel suggested that the case should be remanded because, in plaintiffs counsel's opinion, no further discovery was necessary and the case was ready for trial.

3.    Counsel for AstenJohnson, Inc. advised the Court: (i) that significant discovery remained to be completed, including the receipt of discovery responses from plaintiffs; and (ii) that AstenJohnson, Inc. was interested in settling this case.  Mr. Lassman advised plaintiffs' counsel that unless the discovery was "patently out of bounds," plaintiffs should consider answering it before requesting a remand.

4.    Plaintiffs subsequently served discovery responses, which consisted of only objections.  No settlement conference was ever conducted.



EXHIBIT

tabbies®

11

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, that if called upon to do so I could and would competently testify thereto, and that I executed this declaration on January 28, 2008, in Houston, Texas.

_____
Tim Gray

Signed before me on this date _January 28_ , 2008.

_____
Notary Public



CAROLYN ANDERS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
3, 2008