MDL 875

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 08, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                 MDL No. 875

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in five actions listed on Schedule A and pending in the District of Connecticut, Eastern District of Louisiana, District of Maryland, Southern District of New York, and Western District of Washington, respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

---

[*] Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut *Machnik* and District of Maryland *Shifflett* actions.

[1] General Electric Co. and Viad Corp. (in the District of Connecticut action); Certainteed Corp. (in the Eastern District of Louisiana action); CBS Corp. and Federated Development, L.L.C. (in the District of Maryland action); Baxter Healthcare Corp., Fisher Scientific International Inc., VWR International, Inc., and Univar USA Inc. (in the Southern District of New York action); and AstenJohnson, Inc., and Scapa Dryer Fabrics, Inc. (in the Western District of Washington action).

PLEADING NO. 5338

OFFICIAL FILE COPY         IMAGED FEB 8 2008

- 2 -

Under the stewardship of the transferee court, as of February 1, 2008, (1) over 76,400 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*     J. Frederick Motz*
Robert L. Miller, Jr.             Kathryn H. Vratil
David R. Hansen                   Anthony J. Scirica

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                  MDL No. 875

## SCHEDULE A

District of Connecticut

Elizabeth Machnik, etc. v. Buffalo Pumps, Inc., et al., C.A. No. 3:07-357

Eastern District of Louisiana

Fernando Agusto Silva v. CertainTeed Corp., et al., C.A. No. 2:07-6259

District of Maryland

Lewis Shifflett, et al. v. AC&R Insulation Co., Inc., et al., C.A. No. 1:07-2397

Southern District of New York

Christian Holinka v. Baxter Healthcare Corp., et al., C.A. No. 1:07-8019

Western District of Washington

Henry Barabin, et al. v. Albany International Corp., et al., C.A. No. 2:07-1454