**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FEB 12 2008

FILED
CLERK'S OFFICE

IN RE:   MDL No. 875 – ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)
(CTO-299)

| | |
|---|---|
| HAROLD HENDLEY and LINDA HENDLEY, )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>AMERICAN STANDARD, INC., et al.,  )<br><br>Defendants.  ) | CIVIL ACTION NO. 5:07-CV-0208-R<br><br>pending in the United States District Court for the Western District of Kentucky, Paducah Division |

**PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER TO MDL**

The plaintiffs in the above-captioned action hereby move this Court to vacate the

conditional transfer order that will transfer this case to the Asbestos MDL (MDL-875) in

Philadelphia ("CTO-299").  Transfer of this case should not be allowed for two main reasons:  1)

this case does not satisfy the preconditions for transfer; and 2) transferring this case to the MDL

would violate the plaintiffs' constitutional rights.

Respectfully submitted,

SAVILLE, EVOLA & FLINT, L.L.C.

By:_____

Richard L. Saville, Jr., #6202868
Robert J. Evola, #6242860
322 East Broadway
P.O. Box 602
Alton, Illinois 62002

**PLEADING NO. 5 3 4 2**

**OFFICIAL FILE COPY**

1

IMAGED FEB 1 2 2008

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 2 2008

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that an original and four copies of the foregoing document, along with a computer generated disk, were filed with the Clerk of the Panel and that a copy was also served on the attached Panel Service List by depositing a copy of the same in United States Mail, postage prepaid, on the 12th day of February, 2008.

By:

Richard L. Saville, Jr., #6202868
Robert J. Evola, #6242860
322 East Broadway
P.O. Box 602
Alton, Illinois 62002
(618) 465-3220
Fax:  (618) 465-3240

2

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-299)

Warren W. Sether, et al. v. AGCO Corp., et al., S.D. Illinois, C.A. No. 3:07-809
Harold Hendley, et al. v. American Standard, Inc., et al., W.D. Kentucky,
C.A. No. 5:07-208

Jeffrey T. Bash
HEYL ROYSTER VOELKER
& ALLEN
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025

Brenda G. Baum
HEPLER BROOM MACDONALD
HEBRANK ET AL
Mark Twain Plaza
103 West Vandalia Street, Suite 300
P.O. Box 510
Edwardsville, IL 62025-0510

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Melissa N. Bork
GREENEBAUM DOLL
& MCDONALD PLLC
101 S. Fifth Street
3300 National City Tower
Louisville, KY 40202-3197

J. David Boswell
BOSWELL SIMS & VASSEUR
425 S. Sixth Street
P.O. Box 1265
Paducah, KY 42002-1265

Edward K. Box
GAULT MARSHALL & MILLER
P.O. Box 30
129 S. Water Street
Paducah, KY 42002-0030

Robert J. Brummond
FOLEY & MANSFIELD PLLP
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO 63110

Kymala B. Carrier
MCAFEE & TAFT
2 Leadership Square 10th Fl
211 N. Robinson
Oklahoma City, OK 73102

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Jeffery G. Chrones
JOHNSON & BELL LTD
33 West Monroe Street
Suite 2700
Chicago, IL 60603-5404

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

Thomas Bennet Clark
851 Corporate Drive
Suite 310
Lexington, KY 40503

Edward M. Crane
SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Steven M. Crawford
FROST BROWN TODD LLC
400 West Market Street
32 Floor
Louisville, KY 40202-3363

Donald J. Dahlmann
WALKER & WILLIAMS
4343 West Main Street
Belleville, IL 62223

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Scott Allen Davidson
BOEHL STOPHER & GRAVES
400 W. Market Street
2300 Aegon Center
Louisville, KY 40202

Scott T. Dickens
FULTZ MADDOX HOVIOUS
& DICKENS PLC
101 South Fifth Street
2700 National City Tower
Louisville, KY 40202-3116

Daniel G. Donahue
FOLEY & MANSFIELD PLLP
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO 63110

Robert J. Evola
SAVILLE EVOLA & FLINT
322 East Broadway
P.O. Box 602
Alton, IL 62002

**MDL No. 875 - Panel Service List (Excerpted from CTO-299)(Continued)**

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Raymond R. Fournie
ARMSTRONG TEASDALE LLP
One Metropolitan Square
211 North Broadway, Suite 2600
St. Louis, MO 63102-2740

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John K. Gordinier
PEDLEY ZIELKE GORDINIER
& PENCE
462 South Fourth Avenue
2000 Meidinger Tower
Louisville, KY 40202

Albert F. Grasch, Jr.
GRASCH & COWEN
302 West High Street
Lexington, KY 40507

Susan Gunty
GUNTY & MCCARTHY
150 South Wacker Drive
Suite 1025
Chicago, IL 60606

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Max S. Hartz
MCCARROLL NUNLEY
& HARTZ
111 E. Third Street
P.O. Box 925
Owensboro, KY 42302-0925

Mary Ann Hatch
HERZOG CREBS LLP
One City Centre
515 North Sixth Street, 24th Floor
St. Louis, MO 63101

Blaire M. Henley
WOODEN & MCLAUGHLIN
One Indiana Square, Suite 1800
211 North Pennsylvania
Indianapolis, IN 46204-4208

Harry K. Herren, Jr.
WOODWARD HOBSON & FULTON
2500 National City Tower
101 S. Fifth Street
Louisville, KY 40202

William A. Hoback II
MIDDLETON REUTLINGER PSC
2500 Brown & Williamson Tower
Louisville, KY 40202-3410

Stefan Richard Hughes
COLE & MOORE, PSC
P.O. Box 10240
Bowling Green, KY 42102

Rebecca R. Jackson
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750

Joseph J. Janatka
ROSS & HARDIES
150 N. Michigan Avenue
Ste. 2500
Chicago, IL 60601

Charles L. Joley
DONOVAN ROSE NESTER
& JOLEY
8 East Washington Street
Belleville, IL 62220

A. Timothy Jones
HAWKINS & PARNELL LLP
4000 One Peachtree Center
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Walter M. Jones
WYATT TARRANT & COMBS
500 W. Jefferson Street
Suite 2800
Louisville, KY 40202

Rebecca K. Jude
Jude & Jude, PLLC
6424 Highway 98 West
Suite 50
P.O. Box 17468
Hattiesburgh, MS 39402

Mark A. Kinzie
STINSON MORRISON HECKER
100 South Fourth Street
Suite 700
St. Louis, MO 63102

William M. Koziol
LAW OFFICES OF WILLIAM
M KOZIOL
1 Kemper Drive
Long Grove, IL 60049

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

Thomas Ksobiech
RASMUSSEN WILLIS DICKEY
& MOORE LLC
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

Kimberly K. Kuhlengel-Jones
255 East St. Louis Street
Nashville, IL 62263

John J. Kurowski
KUROWSKI BAILEY & SHULTZ
24 Bronze Pointe
Swansea, IL 62226

Candice C. Kusmer
KUROWSKI BAILEY & SHULTZ
24 Bronze Pointe
Swansea, IL 62226

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

**MDL No. 875 - Panel Service List (Excerpted from CTO-299)(Continued)**

David E. Larson
LARSON & LARSON
11150 OverBrook Road, Suite 350
Leewood, KS 66211

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Stephen J. Maassen
HOAGLAND FITZGERALD ET AL
401 Market Street, P.O. Box 130
Alton, IL 62002

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Ryan J. McQueeney
SANCHEZ DANIELS & HOFFMAN
333 West Wacker Drive
Suite 500
Chicago, IL 60606

Robert J. Meyer
SWANSON MARTIN & BELL LLP
330 North Wabash, Suite 3300
Chicago, IL 60611

John B. Moore
PHILLIPS PARKER ORBERSON
& MOORE PLC
716 West Main Street, Suite 300
Louisville, KY 40202

H. Patrick Morris
JOHNSON & BELL LTD
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

James W. Owens
730 Clark Street
P.O. Box 2757
Paducah, KY 42002-2757

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

Karen M. Rheingans
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
330 North Wabash Avenue
Suite 200
Chicago, IL 60611-3514

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Rebecca F. Schupbach
WYATT TARRANT & COMBS
500 W. Jefferson Street
Suite 2800
Louisville, KY 40202

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Adam B. Shadburne
THOMPSON MILLER & SIMPSON
600 W. Main Street
Suite 500
Louisville, KY 40202

Robert H. Shultz, Jr.
HEYL ROYSTER VOELKER
& ALLEN
103 West Vandalia Street
Suite 100
P.O. Box 467
Edwardsville, IL 62025

Stephen E. Smith, Jr.
MCMURRY & LIVINGSTON
P.O. Box 1700
333 Broadway
Paducah, KY 42002-1700

Milton C. Spaulding
SPENCER FANE BRITT
& BROWNE LLP
1 N. Brentwood Boulevard
Suite 1000
St. Louis, MO 63105

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

James K. Toohey
JOHNSON & BELL LTD
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Palmer G. Vance II
STOLL KEENON & OGDEN
300 W. Vine Street
Suite 2100
Lexington, KY 40507-1380

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Gary E. Wiseman
NOONAN & WISEMAN PC
701 Market, Suite 650
St. Louis, MO 63101

UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 2 2008

FILED
CLERK'S OFFICE

IN RE:  MDL No. 875 – ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)
(CTO-299)

| | |
|---|---|
| HAROLD HENDLEY and<br>LINDA HENDLEY, | )<br>) |
| | ) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| AMERICAN STANDARD, INC., et al., | )<br>) |
| Defendants. | ) |

CIVIL ACTION NO. 5:07-CV-0208-R

pending in the United States District
Court for the Western District of
Kentucky, Paducah Division

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER TO MDL**

The plaintiffs in the above-captioned action hereby move this Court to vacate the

conditional transfer order that will transfer this case to the Asbestos MDL (MDL-875) in

Philadelphia ("CTO-299").  Transfer of this case should not be allowed for two main reasons:  1)

this case does not satisfy the preconditions for transfer; and 2) transferring this case to the MDL

would violate the plaintiffs' constitutional rights.

**I.**     **Introduction and Facts:**

In accordance with Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, the plaintiffs oppose the transfer of the above-captioned action to the

United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1407.

The plaintiffs respectfully ask that this Court enter an Order vacating CTO-299 of January 11,

2008, and allowing this case to be litigated and proceed to trial in the United States District Court

for the Western District of Kentucky.

1

This case was originally filed in state court in Graves County, Kentucky. The plaintiff, Harold Hendley, was diagnosed with an asbestos related lung cancer on or around July 17, 2007. The plaintiffs now move to prevent the imminent transfer of this case to the MDL and the concomitant, irreparable damage that would be done to their lawsuit and to their constitutional rights.

**II.     Argument:**

Pursuant to 28 U.S.C. § 1407(a), a case may be transferred to the MDL if the court makes an affirmative finding that the transfer 1) "will be for the convenience of parties and witnesses," and 2) "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Neither of these preconditions to a transfer has been met in this case and, therefore, transfer to the MDL is inappropriate. Even if these preconditions are deemed satisfied, transfer to the MDL should not be permitted as any transfer would irreparably violate the plaintiffs' constitutional rights.

> *1.     Transfer of this case to the MDL in Philadelphia will <u>not</u> be convenient for the parties or witnesses.*

Any transfer of this case out of the State of Kentucky will ***not*** "be for the convenience of parties and witnesses" and, therefore, the first precondition for transfer to the MDL is not met and transfer should not be allowed. 28 U.S.C. § 1407(a). Mr. and Mrs. Hendley filed their lawsuit in the Graves County, Kentucky, their preferred choice of jurisdiction and venue.

The Hendleys lived and worked their entire lives in and around Graves County, Kentucky, having never lived or worked in Pennsylvania. Much of Mr. Hendley's work was at a facility in Graves County operated by Union Carbide the removing defendant. On the other hand, the parties have all retained counsel near Kentucky to represent them in this action.

Although some expert and some lay witnesses may be traveling in from various parts of the country for trial, there is no reason why traveling to Philadelphia is any easier or more convenient than traveling to Kentucky.  Since Union Carbide's facility was located in Kentucky, one or more of their corporate witnesses (whether called by the defendant or by the plaintiffs) are also likely to be Kentucky-based.

It is hard to imagine why the jurisdiction of Kentucky is not an appropriate venue for this case.  It is even harder to imagine why the jurisdiction of Philadelphia *would be* appropriate.  Considering these simple facts, transfer to the MDL will not be for the convenience of the parties or witnesses and transfer should not be allowed.

     2.     ***Transfer of this case to the MDL will <u>not</u> promote the just and efficient conduct of this action.***

Transfer to the MDL will also ***not*** "promote the just and efficient conduct of [this] action[]."  28 U.S.C. § 1407(a).  Since the second precondition for transfer has also not been satisfied, transfer should not be allowed.

The attempted removal of asbestos cases is a common tactic for defendants seeking to delay or deny plaintiffs' rights to a trial on the merits of their state claims.  Defendants seek to avail themselves of the delay that accompanies the federal asbestos MDL.  Once removed and assigned to the MDL, asbestos cases that would have proceeded to a timely trial in state court are forever mired in inactivity.  Defendants benefit from the passage of time, while plaintiffs (most of whom die first) suffer from never having the opportunity to put their claims to a jury.  As Judge Michael Mills of the United States District Court for the Northern District of Mississippi stated:

> [A]sbestos removal litigation … generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted

period of time. While the desire of defendants to reach the comparative safety of an MDL court is understandable, their repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among the federal courts regarding the validity of most asbestos removals.

Rosamond v. Garlock Sealing Technologies, Inc., No. 3:03CV235, 2004 WL 943924 at *4 (N.D. Miss, Apr. 5, 2004).

Asbestos cases removed to federal court are transferred to MDL-875. The cases languishing in MDL-875 are not only never tried, but indeed virtually nothing happens to them at all. In fact, Chief Judge Hornsby of the United States District Court in Maine has recognized this very problem:

> If these claims return to state court, they will proceed to resolution. If they remain in federal court they will encounter significant delay upon their transfer through the panel on multidistrict litigation to the Eastern District of Pennsylvania where no asbestos trials or discovery takes place in deference to global settlement efforts. This delay is of economic benefit to the defendants and imposes costs on the plaintiffs.

In re Maine Asbestos Cases, 44 F.Supp.2d 368, 374 (D.Me 1999). Although approximately 103,000 asbestos cases have been transferred to MDL-875 from other federal courts during the life of MDL-875, no common or global discovery has been sought or obtained by either the plaintiffs or the defendants. Nor has the asbestos Plaintiffs' Steering Committee met since 1993. Remand is an empty dream for victims unlucky enough to have their cases transferred to MDL-875. Indeed, it is to achieve this very result (referral to the black hole that is MDL-875) that this removal was pursued in the first place.

The plaintiffs' fate is best summed up by a concise statement from the United States District Court for the Southern District of Texas, which found that if the cases before that court were not remanded,

> they will surely be transferred to the MDL Court in the Eastern District of Pennsylvania. There are thousands of asbestos cases pending in that forum, and,

4

if history be any indicator, Plaintiff's claims against the Remaining Defendants
will not be heard for many years.  Keeping these claims in federal court will not
increase efficiency and expediency.  Rather the opposite is true.

Madden v. Able Supply Company, 205 F.Supp.2d 695, 702 (May 27, 2002).  The conditions for

transfer to the MDL have not been met, and indeed, cannot be met.  Transfer is inappropriate and

should not be allowed.

### 3. *Transfer to the MDL would violate the plaintiffs' constitutional rights.*

Transferring this case to the Asbestos MDL would violate the plaintiffs' constitutional

rights under the Seventh and Fourteenth Amendments to the United States Constitution.

#### a. *Transfer to the MDL would violate the plaintiffs' State right of redress or "right of open access to the courts."*

There is virtually no movement of cases in the MDL.  This systemic inertia violates the

plaintiffs' State constitutional rights to redress and open access to the courts.  Upon transfer to

the MDL, the plaintiffs' case will be mired in the MDL quicksand and all remedies against these

particular defendants will be effectively extinguished, leaving no "reasonable alternative" for the

plaintiffs' to pursue their lawful claims against these defendants.  The plaintiffs' State

constitutional right to seek redress against these defendants for their injuries would be

foreclosed, and their right to open access to the courts would become a nullity.  Such an obvious

injustice should not be allowed to stand.

#### b. *Transfer to the MDL would violate the plaintiffs' right of trial by jury as guaranteed by the Seventh Amendment to the U.S. Constitution.*

The Seventh Amendment to the United States Constitution guarantees that "[i]n Suits at

common law . . . the right of trial by jury shall be preserved . . ." U.S.C.A. Const. Amend. VII.

Transfer of the plaintiffs' case to the MDL would violate the plaintiffs' fundamental right to trial

by jury, as guaranteed by the Seventh Amendment to the United States Constitution.  The

Seventh Amendment enshrines and protects one of our most cherished and fundamental rights – the right of trial by jury – that was deemed so crucial to our new republic that the Founding Fathers included it among the first ten amendments – the Bill of Rights – that were added to the Constitution shortly after its ratification.  With the current state of the MDL (indeed, the state that has persisted for many years now), there is no realistic hope of any trial, let alone a jury trial, for the vast majority of plaintiffs banished to Philadelphia.

     In 1787, no less an authority than Thomas Jefferson explained the fundamental importance of the right to trial by jury:  "A bill of rights [should provide] clearly and without the aid of sophisms for... the eternal and unremitting force of the habeas corpus laws, and trials by jury in all matters of fact triable by the laws of the land and not by the law of nations."  Thomas Jefferson to James Madison, 1787, ME 6:387 (http://etext.virginia.edu/jefferson/quotations/jeff1520.htm).  Two years later, Jefferson again intoned his unflinching faith in the bedrock principle of the jury system:  "I consider trial by jury as the only anchor ever yet imagined by man, by which a government can be held to the principles of its constitution."  Thomas Jefferson to Thomas Paine, 1789, ME 7:408, Papers 15:269 (http://etext.virginia.edu/jefferson/quotations/jeff1520.htm).  The case before this Court represents more than simple ideological or historical platitudes about the jury system; it reveals the actual application of these fundamental, first principles:  that all people should have equal access to the courts to seek redress for their legitimate grievances and that the government shall deny no person the right to trial by jury.

     Some reasonable delay or alternative process in jury trials has sometimes been accepted as constitutional.  See Woods v. Holy Cross Hospital, 591 F.2d 1164, 1178-81 (5th Cir. 1979) (mediation requirement for medical malpractice case prior to jury trial held constitutional);

Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 867-68 (9th Cir. 1976), *cert. denied*, 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976) (referral of complex matter to special master prior to jury trial held constitutional); In re Peterson, 253 U.S. 300, 304, 40 S.Ct. 543, 64 L.Ed. 919 (1920) (court-appointed auditor to conduct initial investigation and file report held constitutional). However, the interminable delay wrought by transfer to the MDL is not reasonable nor constitutional, and it effectively denies the plaintiffs their rights to trial by jury.

The plaintiffs' assertions are not made in a vacuum or invented out of whole cloth. As we saw in Section 2 of this brief, even the federal courts themselves have acknowledged that the MDL is a broken quagmire. See Rosamond v. Garlock Sealing Technologies, Inc., No. 3:03CV235, 2004 WL 943924 at *4 (N.D. Miss, Apr. 5, 2004); In re Maine Asbestos Cases, 44 F.Supp.2d 368, 374 (D.Me 1999); Madden v. Able Supply Company, 205 F.Supp.2d 695, 702 (May 27, 2002). The MDL does not simply *delay* the trial and resolution of asbestos cases, it effectively *eliminates* trials and halts resolution.

This type of substantial delay was ruled unconstitutional by the Ninth Circuit Court of Appeals. See Armster v. U.S. Dist. Court for the Central Dist. of Florida, 792 F.2d 1423 (9th Cir. 1986). See also Ex parte Milligan, 71 U.S. 2, 18 L.Ed. 281 (1866) (holding that criminal jury trials may not be suspended even during wartime). In Armster, the plaintiffs sought writs of mandamus prohibiting the local district courts from suspending all civil jury trials for a period of *three-and-a-half-months* due to budgetary concerns. See Armster, 792 F.2d at 1424 ("alleged insufficiency of funds appropriated for the payment of juror fees"). The Court of Appeals noted that the United States Supreme Court has "emphasized, in no uncertain terms, the importance of the right to a civil jury trial and the need for the courts to be vigilant in guarding against the erosion of that right." Id. at 1428. "The right of jury trial in civil cases . . . is a basic and

fundamental feature of our system of federal jurisprudence which is protected by the Seventh

Amendment.  A right so fundamental and sacred to the citizen . . . should be jealously guarded

by the courts."  Id. (quoting Jacob v. New York City, 315 U.S. 752, 752-53, 62 S.Ct. 854, 86

L.Ed. 1166 (1942)).

> ***The Supreme Court has adopted a most rigorous standard for reviewing any
> potential infringement of the right to a civil trial***.  The Court has said more than
> once that "'[m]aintenance of the jury as a fact-finding body is of such importance
> and occupies so firm a place in our history and jurisprudence that any seeming
> curtailment of the right to a jury trial should be scrutinized with the utmost care.'"
> Beacon Theatres v. Westover, 359 U.S. 500, 501, 79 S.Ct. 948, 951, 3 L.Ed.2d
> 988 (1959) (quoting Dimick v. Schiedt, 293 U.S. 474, 486, 55 S.Ct. 296, 301
> (1935)).
> Thus, our duty is clear.  ***We must vigilantly protect the right to civil jury trials,
> and we must scrutinize in the most rigorous manner possible any action that
> appears to limit in any way the availability of that right***.

Id. at 1428-29 (emphasis added).

The Ninth Circuit emphatically rejected any cessation of civil jury trials for even a

relatively short three-and-a-half-month period.  The court explained:

> [C]onstitutional rights do not turn on the political mood of the moment, the
> outcome of cost/benefit analyses or the results of economic or fiscal calculations.
> Rather, our constitutional rights are fixed and immutable, subject to change only
> in the manner our forefathers established for the making of constitutional
> amendments.  The constitutional mandate that federal courts provide civil litigants
> with a system of civil jury trials is clear.  There is no price tag on the continued
> existence of that system, or on any other constitutionally-provided right.

Id. at 1429.  The court concluded that "the civil jury trial system may not be suspended for lack

of funds" and "***the seventh amendment right to a civil jury trial is violated when, because of

such a suspension, an individual is not afforded, for any significant period of time, a jury trial

he would otherwise receive***."  Id. at 1430 (emphasis added).   As the Ninth Circuit forbade, the

Machniks are "not [being] afforded, for any significant period of time, a jury trial [they] would

otherwise receive."  Id.  The Ninth Circuit went so far as to determine that the three-and-a-half-

8

month delay in Armster was "far more than a significant period, given the mandate of the

seventh amendment." Id.

The defendant cannot argue that the plaintiffs would be able to have any trial, let alone a

timely trial, if this case is transferred to the MDL.  This case does not belong in the MDL and

transfer should not be allowed.

> c.    *Transfer to the MDL would violate the plaintiffs' rights to equal protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution.*

Transferring this case to the MDL would violate the plaintiffs' rights of equal protection

under the Fourteenth Amendment to the United States Constitution.

> When a statute is challenged on equal protection grounds . . . the reviewing court must first determine the standard by which the challenged statute's constitutional validity will be determined.  When a statutory classification impinges upon an inherently suspect class or affects a fundamental personal right, the statute is subject to strict scrutiny and is justified only by a compelling state interest. Otherwise, a statute will stand if the classification bears a reasonable relation to a legitimate state interest. . . . A right is fundamental for purposes of equal protection analysis if it is explicitly or implicitly guaranteed by the constitution.

Id. at 505 (citations omitted; internal quotation marks omitted).  Transfer to the MDL affects the

plaintiffs' rights to trial by jury, which are explicitly guaranteed under the U.S. Constitution.

Because transfer to the MDL affects the plaintiffs' fundamental rights to trial by jury, courts

must utilize a strict scrutiny standard when reviewing the constitutionality of the MDL for equal

protection purposes.  See id.

Section 1 of the Fourteenth Amendment to the United States Constitution provides that

"[no] State [shall] deprive any person of life, liberty, or property, without due process of law; nor

deny to any person within its jurisdiction the equal protection of the laws."  As is, unfortunately,

clearly shown by the MDL's own policies and statistics, cases stagnate in the MDL and become

forgotten.  A miniscule fraction of one percent of the pending cases in any given year are

remanded for trial.  While courts have sometimes permitted reasonable delays and alternative

procedures in jury trials, this unique MDL brand of trial elimination and litigation limbo was

never intended nor anticipated, and it should not be permitted.  There is simply no compelling

state interest in allowing legitimate lawsuits to languish and in denying plaintiffs their

fundamental right to trial by jury.

**III.    Conclusion:**

      This case does not belong in the MDL in Philadelphia.  By any objective measure, this

case belongs in the State of Kentucky and should be allowed to proceed to trial.  The

preconditions for transfer to the MDL have not been satisfied and, therefore, transfer is not

appropriate and should not be allowed.  Transferring this case to the MDL will not "be for the

convenience of parties and witnesses" and it will not promote the just and efficient conduct of

such actions."  28 U.S.C. § 1407(a).  Transferring this case to the MDL will also violate the

plaintiffs' constitutional rights to redress, open access to the courts, equal protection and trial by

jury.  The plaintiffs respectfully request that this Court enter an Order prohibiting transfer of the

case to MDL-875 in Philadelphia.

      Respectfully submitted,

      SAVILLE, EVOLA & FLINT, L.L.C.

      By:_____
         Richard L. Saville, Jr., #6202868
         Robert J. Evola, #6242860
         322 East Broadway
         P.O. Box 602
         Alton, Illinois 62002
         (618) 465-3220
         Fax:  (618) 465-3240

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 12 2008

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that an original and four copies of the foregoing document, along with a computer generated disk, were filed with the Clerk of the Panel and that a copy was also served on the attached Panel Service List by depositing a copy of the same in United States Mail, postage prepaid, on the 12th day of February, 2008.

By: _____

Richard L. Saville, Jr., #6202868
Robert J. Evola, #6242860
322 East Broadway
P.O. Box 602
Alton, Illinois 62002
(618) 465-3220
Fax:  (618) 465-3240

11

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-299)

Warren W. Sether, et al. v. AGCO Corp., et al., S.D. Illinois, C.A. No. 3:07-809
Harold Hendley, et al. v. American Standard, Inc., et al., W.D. Kentucky,
C.A. No. 5:07-208

Jeffrey T. Bash
HEYL ROYSTER VOELKER
& ALLEN
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025

Brenda G. Baum
HEPLER BROOM MACDONALD
HEBRANK ET AL
Mark Twain Plaza
103 West Vandalia Street, Suite 300
P.O. Box 510
Edwardsville, IL 62025-0510

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Melissa N. Bork
GREENEBAUM DOLL
& MCDONALD PLLC
101 S. Fifth Street
3300 National City Tower
Louisville, KY 40202-3197

J. David Boswell
BOSWELL SIMS & VASSEUR
425 S. Sixth Street
P.O. Box 1265
Paducah, KY 42002-1265

Edward K. Box
GAULT MARSHALL & MILLER
P.O. Box 30
129 S. Water Street
Paducah, KY 42002-0030

Robert J. Brummond
FOLEY & MANSFIELD PLLP
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO 63110

Kymala B. Carrier
MCAFEE & TAFT
2 Leadership Square 10th Fl
211 N. Robinson
Oklahoma City, OK 73102

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Jeffery G. Chrones
JOHNSON & BELL LTD
33 West Monroe Street
Suite 2700
Chicago, IL 60603-5404

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

Thomas Bennet Clark
851 Corporate Drive
Suite 310
Lexington, KY 40503

Edward M. Crane
SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Steven M. Crawford
FROST BROWN TODD LLC
400 West Market Street
32 Floor
Louisville, KY 40202-3363

Donald J. Dahlmann
WALKER & WILLIAMS
4343 West Main Street
Belleville, IL 62223

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Scott Allen Davidson
BOEHL STOPHER & GRAVES
400 W. Market Street
2300 Aegon Center
Louisville, KY 40202

Scott T. Dickens
FULTZ MADDOX HOVIOUS
& DICKENS PLC
101 South Fifth Street
2700 National City Tower
Louisville, KY 40202-3116

Daniel G. Donahue
FOLEY & MANSFIELD PLLP
1001 Highlands Plaza Drive West
Suite 400
St. Louis, MO 63110

Robert J. Evola
SAVILLE EVOLA & FLINT
322 East Broadway
P.O. Box 602
Alton, IL 62002

**MDL No. 875 - Panel Service List (Excerpted from CTO-299)(Continued)**

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Raymond R. Fournie
ARMSTRONG TEASDALE LLP
One Metropolitan Square
211 North Broadway, Suite 2600
St. Louis, MO 63102-2740

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John K. Gordinier
PEDLEY ZIELKE GORDINIER
& PENCE
462 South Fourth Avenue
2000 Meidinger Tower
Louisville, KY 40202

Albert F. Grasch, Jr.
GRASCH & COWEN
302 West High Street
Lexington, KY 40507

Susan Gunty
GUNTY & MCCARTHY
150 South Wacker Drive
Suite 1025
Chicago, IL 60606

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Max S. Hartz
MCCARROLL NUNLEY
& HARTZ
111 E. Third Street
P.O. Box 925
Owensboro, KY 42302-0925

Mary Ann Hatch
HERZOG CREBS LLP
One City Centre
515 North Sixth Street, 24th Floor
St. Louis, MO 63101

Blaire M. Henley
WOODEN & MCLAUGHLIN
One Indiana Square, Suite 1800
211 North Pennsylvania
Indianapolis, IN 46204-4208

Harry K. Herren, Jr.
WOODWARD HOBSON & FULTON
2500 National City Tower
101 S. Fifth Street
Louisville, KY 40202

William A. Hoback II
MIDDLETON REUTLINGER PSC
2500 Brown & Williamson Tower
Louisville, KY 40202-3410

Stefan Richard Hughes
COLE & MOORE, PSC
P.O. Box 10240
Bowling Green, KY 42102

Rebecca R. Jackson
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750

Joseph J. Janatka
ROSS & HARDIES
150 N. Michigan Avenue
Ste. 2500
Chicago, IL 60601

Charles L. Joley
DONOVAN ROSE NESTER
& JOLEY
8 East Washington Street
Belleville, IL 62220

A. Timothy Jones
HAWKINS & PARNELL LLP
4000 One Peachtree Center
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Walter M. Jones
WYATT TARRANT & COMBS
500 W. Jefferson Street
Suite 2800
Louisville, KY 40202

Rebecca K. Jude
Jude & Jude, PLLC
6424 Highway 98 West
Suite 50
P.O. Box 17468
Hattiesburgh, MS 39402

Mark A. Kinzie
STINSON MORRISON HECKER
100 South Fourth Street
Suite 700
St. Louis, MO 63102

William M. Koziol
LAW OFFICES OF WILLIAM
M KOZIOL
1 Kemper Drive
Long Grove, IL 60049

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

Thomas Ksobiech
RASMUSSEN WILLIS DICKEY
& MOORE LLC
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

Kimberly K. Kuhlengel-Jones
255 East St. Louis Street
Nashville, IL 62263

John J. Kurowski
KUROWSKI BAILEY & SHULTZ
24 Bronze Pointe
Swansea, IL 62226

Candice C. Kusmer
KUROWSKI BAILEY & SHULTZ
24 Bronze Pointe
Swansea, IL 62226

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

## MDL No. 875 - Panel Service List (Excerpted from CTO-299)(Continued)

David E. Larson
LARSON & LARSON
11150 OverBrook Road, Suite 350
Leewood, KS 66211

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Stephen J. Maassen
HOAGLAND FITZGERALD ET AL
401 Market Street, P.O. Box 130
Alton, IL 62002

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Ryan J. McQueeney
SANCHEZ DANIELS & HOFFMAN
333 West Wacker Drive
Suite 500
Chicago, IL 60606

Robert J. Meyer
SWANSON MARTIN & BELL LLP
330 North Wabash, Suite 3300
Chicago, IL 60611

John B. Moore
PHILLIPS PARKER ORBERSON
& MOORE PLC
716 West Main Street, Suite 300
Louisville, KY 40202

H. Patrick Morris
JOHNSON & BELL LTD
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

James W. Owens
730 Clark Street
P.O. Box 2757
Paducah, KY 42002-2757

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

Karen M. Rheingans
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
330 North Wabash Avenue
Suite 200
Chicago, IL 60611-3514

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Rebecca F. Schupbach
WYATT TARRANT & COMBS
500 W. Jefferson Street
Suite 2800
Louisville, KY 40202

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Adam B. Shadburne
THOMPSON MILLER & SIMPSON
600 W. Main Street
Suite 500
Louisville, KY 40202

Robert H. Shultz, Jr.
HEYL ROYSTER VOELKER
& ALLEN
103 West Vandalia Street
Suite 100
P.O. Box 467
Edwardsville, IL 62025

Stephen E. Smith, Jr.
MCMURRY & LIVINGSTON
P.O. Box 1700
333 Broadway
Paducah, KY 42002-1700

Milton C. Spaulding
SPENCER FANE BRITT
& BROWNE LLP
1 N. Brentwood Boulevard
Suite 1000
St. Louis, MO 63105

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

James K. Toohey
JOHNSON & BELL LTD
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Palmer G. Vance II
STOLL KEENON & OGDEN
300 W. Vine Street
Suite 2100
Lexington, KY 40507-1380

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Gary E. Wiseman
NOONAN & WISEMAN PC
701 Market, Suite 650