**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2008

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL NO. 875

This Document Relates To:
*Diana Wheeler McCarthy et al. v. AstenJohnson, Inc., et al.,*
E.D. Pennsylvania, (C.D. California, C.A. No. 2:03-3046)

## PLAINTIFFS' OPPOSITION TO ASTENJOHNSON, INC.'S MOTION TO VACATE CONDITIONAL REMAND ORDER

Plaintiffs hereby oppose Defendant AstenJohnson, Inc.'s Motion to Vacate the Conditional Remand Order, for the following reasons:

1.     Remand is appropriate in this case because it involves an uncomplicated damages-only wrongful death claim and the trial would involve no more than a day of testimony. The cause of the decedent's terminal illness and the moving party's liability was previously established in a personal injury action brought by the decedent.  The Defendant is barred by principles of collateral estoppel from re-litigating the issues of causation and liability.  The only issue remaining for trial is the amount of the Plaintiffs' damages.

2.     There is no "substantial discovery" that remains to be conducted in this case. Since liability issues were resolved in the personal injury action, the only discovery that Defendant needs to conduct relates to the damages sustained by the decedent's heirs.  The depositions of Plaintiffs (decedent's wife and two daughters) can be completed in a matter of hours and do not pose any imposition on the transferor district.

///

///

///

///

**OFFICIAL FILE COPY**

RECEIVED
CLERK'S OFFICE

2008 FEB 19  A 9: 52

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**IMAGED FEB 2 0 2008**

PLEADING NO. 5 3 5 1

WHEREFORE, Plaintiffs support this Panel's decision to remand the above-captioned case to the United States District Court for the Central District of California.

This the 18th day of February, 2008.

Respectfully submitted,

John C.Heubeck (California State Bar No. 141080)
Marc A. Lowe (California State Bar No. 222360)
On behalf of Plaintiffs
DIANA WHEELER McCARTHY, THE ESTATE
OF DOUGLAS MCCARTHY, ANNA MELISSA
MCCARTHY, AND SARA AMANDA
MCCARTHY

LAW OFFICES OF JOHN C. HEUBECK
300 Continental Boulevard, Suite 470
El Segundo, CA  90245
Telephone: 310.322.6858
Facsimile: 310.322.6462

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2008

FILED
CLERK'S OFFICE

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that I have this day mailed, via United

States mail, postage fully prepaid, a true and correct copy of the above and foregoing document

to Defendant AstenJohnson, Inc.'s Counsel and all other known Counsel of Record as set forth in

the Panel Service List.

This 18th day of February, 2008.

Respectfully submitted,

Marc A. Lowe (California State Bar No. 222360)
On behalf of Plaintiffs
DIANA WHEELER McCARTHY, THE ESTATE
OF DOUGLAS MCCARTHY, ANNA MELISSA
MCCARTHY, AND SARA AMANDA
MCCARTHY

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 FEB 19 A 9: 52

RECEIVED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CRO)

Diana Wheeler McCarthy, et al. v. Asten Johnson, Inc., et al., E.D. Pennsylvania
(C.D. California 2:03-3046)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

John C. Heubeck
JOHN C HEUBECK LAW OFFICES
400 Continental Blvd, 6th Floor
El Segundo, CA 90245

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Nancy E. Lucas
HAIGHT BROWN & BONESTEEL
6080 Center Drive
Suite 800
P.O. Box 45068
Los Angeles, CA 90045-0068

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

2008 FEB 19  A 9: 52
RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2008

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL NO. 875**

**This Document Relates To:**
*Diana Wheeler McCarthy et al. v. AstenJohnson, Inc., et al.,*
**E.D. Pennsylvania, (C.D. California, C.A. No. 2:03-3046)**

## PLAINTIFFS' BRIEF IN OPPOSITION TO ASTENJOHNSON, INC.'S MOTION TO VACATE CONDITIONAL REMAND ORDER

Plaintiffs hereby file their brief in opposition to Defendant AstenJohnson, Inc.'s

Motion to Vacate the Conditional Remand Order and state as follows:

### I.   INTRODUCTION

This action is an asbestos-related wrongful death case brought by Mrs. Diane

McCarthy for the death of her husband, Douglas McCarthy, from mesothelioma.  She is joined in

her lawsuit by her two daughters.    This action is the sequel to a personal injury action that was

previously brought by Mr. McCarthy and his wife following his initial diagnosis of

mesothelioma.

The McCarthy personal injury action was tried before a jury in Los Angeles

Superior Court and, in a special verdict, the jury concluded that Mr. McCarthy's mesothelioma

was caused by his exposure to certain asbestos-containing products manufactured by

AstenJohnson, Inc. (hereinafter "Asten") and that Asten was solely liable for Mr. McCarthy's

injuries and damages.  A judgment was entered against Asten and it has since become final.

Shortly after the verdict was entered in the personal injury action, Mr. McCarthy

died from mesothelioma.   (Mr. McCarthy was only 56 years old when he died on August 23,

2002.)  Following his death, the instant wrongful death action was filed. The action was

originally filed in California State Court.  Although a number of entities were named in the

complaint, only Asten was served as a defendant.  On May 1, 2003, Asten filed a notice of

removal of the case to the U.S. District Court for the Central District of California on the basis of

diversity jurisdiction.

In its original removal notice, Asten alleged removal was appropriate, "notwithstanding

the fact that plaintiffs brought this claim against more than 25 defendants", because only Asten

had been served and all of the evidence established that Asten was the only culpable party.  The

plaintiffs did not dispute this assertion.  Following removal, the action was transferred by the

Panel to the Eastern District of Pennsylvania.

The case has remained in the MDL ever since.  More than four years have passed

since the transfer of the case and the time for remand is long overdue.  Plaintiffs are encouraged

by the fact that on December 5, 2007, the MDL court issued a Suggestion of Remand indicating

that the case should be transferred back to California for trial.

Asten has not provided any satisfactory grounds for vacating the Conditional

Remand Order.  Asten's plain desire to prevent the transfer and further deny the plaintiffs the

opportunity to obtain compensation for the death of Mr. McCarthy is not a sufficient basis for

postponing the remand.  For the reasons discussed herein, Plaintiffs oppose Asten's motion and

ask the Panel to remand the case without further delay.


## II.     ARGUMENT AND AUTHORITY

### a.  The Panel has Discretion to Order Remand Whenever Appropriate

Despite Asten's assertions to the contrary, the Panel's discretion to remand is not

dependent on the completion of discovery or other pretrial proceedings.  It may be exercised

whenever appropriate.  Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Rule 7.6(f)(i), 28. U.S.C.A. foll. § 1407.

### b.  Collateral Estoppel Applies to the Claims Against the Moving Defendant

### i.  Applicable Law

The cause of Mr. McCarthy's terminal cancer and Asten's liability for it have previously been litigated and neither party has the right to relitigate theses issues.  Both federal and California State law recognize the use of collateral estoppel in this instance.

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.  Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action."  *Parklane Hosiery Company, Inc. v. Shore*, 439 U.S. 322, 326 note 5 (1979) (citations omitted); See also *Clemmer v. Hartford Insurance Co.*, 22 Cal. 3d 865, 874 (1974).  These doctrines protect both the litigants and the courts from the unnecessary burden of repeat litigation. *Parklane Hosiery Company, Inc., supra*, 439 U.S. at 326, citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328-329.

The fact that the prior case was a personal injury action and the instant case is a wrongful death action does not limit the application of collateral estoppel.  "Collateral estoppel may act as a bar to a subsequent litigation on the same set of facts even though different causes of action are involved. Collateral estoppel bars relitigation of the same issues; it does not require identity of legal theories or causes of action. If it did, there would be no end to litigation for injuries arising out of the same facts, as long as a party could offer another legal theory by which

the same issue might be differently decided." *Evans, supra,* 194 Cal. App. 3d at 746-747 (citations omitted). Furthermore, the possibility or even the existence of additional evidence does not justify relitigation of facts. *Id.* at 748; *Roos v. Red*, 130 Cal. App. 4th 870, 888 (2005); *Smith v. ExxonMobil Oil Corp.*, 153 Cal. App. 4th 1407, 1417 (2007).

In *Smith, supra,* the California Court of Appeal clearly accepted the proposition that a defendant in an asbestos cancer wrongful death case would be equally precluded from relitigating issues of causation and liability decided in an earlier personal injury action, absent a showing that it did not have a "full and fair opportunity" to litigate the issues in the personal injury action. The facts in *Smith* presented a rare exception to the general application of collateral estoppel in this context: The defendant's causation and liability expert was unable to appear at trial, through no fault of their own, because of a recent death in his family. "In the unusual and compelling circumstances of this case, the trial court's application of collateral estoppel was unfair and must be set aside." *Id.* at 1420.

It is clear that if Asten had prevailed in the personal injury action, Mr. McCarthy's heirs would have no right to later pursue a wrongful death action against Asten – notwithstanding the fact that the wrongul death action was technically a separate lawsuit. The heirs are deemed to be in privity with the decedent since the decedent had an "identity or community of interest" in the cause of his injuries and the defendant's liability, and are thus bound by the outcome of the prior case. *Evans v. Celotex Corp.*, 194 Cal. App. 3d 741, 745-746 (1987).

Since Asten could have used collateral estoppel against the heirs, they have the same right to use it against Asten. Collateral estoppel may be used "offensively" (i.e., by a plaintiff against a defendant) if the party against whom it is asserted had a "full and fair

opportunity" to litigate the issues the original contest. *Roos, supra*, 130 Cal. App. 4th at 880

(citations omitted).  Asten litigated both issues in the personal injury action and the jury returned

a verdict in favor of Mr. McCarthy.

### ii.  **Application**

#### *1.  Defendant's Liability is Already Established*

Asten can hardly feign unfamiliarity with its own involvement in causing

asbestos-related injuries.  Asten is sued as a manufacturer, not an unknowing reseller, of

asbestos-containing products.  Asten is not a stranger to asbestos litigation.   Most importantly,

the issue of whether Asten is responsible for the decedent's injuries was established by the

verdict rendered in the personal injury action.  (Exhibit A)

There is clearly no need for discovery on issues related to Asten's liability.  As

admitted in the moving papers and exhibits thereto, *passim*, Asten was served with summons in

the personal injury action on December 12, 2001, and faced trial in July of 2002.  Asten thus had

a full six months to conduct discovery about its liability in connection with the decedent's

injuries and did so.

#### *2.  The Fault of any Other Alleged Tortfeasors is an Issue Already Determined vis-à-vis Plaintiffs and Can be Tried Separately Without Plaintiffs' Participation*

Asten pled the fault of others as an affirmative defense in the personal injury

action (Exhibit B) and in the action at bar.  Under California law, this defense can be asserted at

trial to offset a defendant's liability for pain and suffering.  CAL. CIV CODE § 1431.2(a);

California Civil Jury Instructions No. 406.  However, Asten failed to raise or prove this defense

at trial in the personal injury action (thus the special verdict form makes no reference to this

defense).  In other words, Asten had a "full and fair opportunity" to litigate the issue.

In the months (now years) following its loss in that trial, Asten has apparently foregone any interest in filing an action for contribution or indemnity against its supposed fellow tortfeasors.  Asten has not filed any cross-claims in the action at bar.  Asten's suggestion herein that somehow there remains discovery to be conducted is disingenuous.  The other named defendants were never served in the wrongful death action and have not been joined to the action by service of a cross-complaint.

Indeed, when Asten removed this action to federal court, Asten asserted that all of the evidence indicated that Asten was the sole responsible party and that the other unserved defendants had no discernable liability and should not stand in the way of removal.   (See Exhibit C - Notice of Removal executed April 30, 2003).[1]  Plaintiffs did not dispute this point.

Now, purely for the sake of concocting an argument to oppose removal, Asten has chosen to contradict itself and argue that maybe these unserved defendants have some liability and that the principles of collateral estoppel should be ignored.  Aspen should not be allowed to allege on position for the purposes of removing the case to federal court, and allege the opposite position for the purpose of opposing remand.

Even if, for the sake of argument, some other party had potential liability *and* Asten could avoid the imposition of collateral estoppel, Asten's right to contribution or indemnity is separate from the instant action.  It should be noted that "a tort defendant's equitable indemnity action is separate and distinct from the plaintiff's tort action against the defendant and does not arise for statute of limitations purposes until the defendant pays a

---

[1] For example, see Exhibit C hereto, p. 4, ¶ 9, ln. 11-14: "Based on Douglas McCarthy's deposition testimony, the only source of any possible asbestos exposure is from a three month period in 1966 when he worked at the Hawthorne Paper Mill ("Hawthorne") in Kalamazoo, Michigan, while working with products manufactured by Asten."  Asten then asserts that removal is appropriate because the other defendants have been "[f]raudulently joined" and should therefore be ignored. Id. at p. 5, ¶ 12, ln. 14-16.

judgment or settlement for which he is entitled to indemnity." *Crouse v. Brobeck, Phlegler & Harrison*, 67 Cal. App. 4th 1509, 1541 (1998).  Thus, after the instant action is resolved, Asten will be able to bring a separate action against its alleged fellow tortfeasors, if it now feels they exist.  It is neither necessary nor desirable to litigate their liability prior to a resolution of the pending controversy between Plaintiffs and Asten.

### c.  Remaining Discovery does not Justify a Delay in Remand

Asten's purported interest in conducting further discovery is simply a pretext for delaying prosecution of the action at bar.  In the personal injury suit, Asten frustrated the plaintiffs discovery efforts until Asten was sanctioned for eight thousand dollars by the trial court (Exhibit D) and unsuccessfully opposed the plaintiffs' motion for preferential trial setting even though the decedent was then dying of malignant mesothelioma.

Discovery of Plaintiffs' damages is the only legitimate remaining concern for Asten.  This matter can be taken care of in short fashion by taking the depositions of the three wrongful death claimaints.  The entire process should last no longer than a few hours.  Any effort to enforce the depositions would be carried out by the local U.S. District Court in southern California (Plaintiffs plan to cooperate and do not anticipate a need for court intervention against them).

### III.   CONCLUSION

There is little activity left to be done in this case except for the taking of Plaintiffs' depositions and a trial on the issue of damages for wrongful death.  Remand is now

///

///

///

appropriate.  Therefore, Plaintiffs respectfully ask the Court to deny Asten's Motion to Vacate the Conditional Remand Order.

This the 18th day of February, 2008.

Respectfully submitted,

John C.Heubeck (California State Bar No. 141080)
Marc A. Lowe (California State Bar No. 222360)
On behalf of Plaintiffs
DIANA WHEELER McCARTHY, THE ESTATE
OF DOUGLAS MCCARTHY, ANNA MELISSA
MCCARTHY, AND SARA AMANDA
MCCARTHY

LAW OFFICES OF JOHN C. HEUBECK
300 Continental Boulevard, Suite 470
El Segundo, CA  90245
Telephone: 310.322.6858
Facsimile: 310.322.6462

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have this day mailed, via United

States mail, postage fully prepaid, a true and correct copy of the above and foregoing document

to Defendant AstenJohnson, Inc.'s Counsel and all other known Counsel of Record as set forth in

the Panel Service List.

This 18th day of February, 2008.

Respectfully submitted,

Marc A. Lowe (California State Bar No. 222360)
On behalf of Plaintiffs
DIANA WHEELER McCARTHY, THE ESTATE
OF DOUGLAS MCCARTHY, ANNA MELISSA
MCCARTHY, AND SARA AMANDA
MCCARTHY

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CRO)

Diana Wheeler McCarthy, et al. v. Asten Johnson, Inc., et al., E.D. Pennsylvania
(C.D. California 2:03-3046)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

John C. Heubeck
JOHN C HEUBECK LAW OFFICES
400 Continental Blvd, 6th Floor
El Segundo, CA 90245

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Nancy E. Lucas
HAIGHT BROWN & BONESTEEL
6080 Center Drive
Suite 800
P.O. Box 45068
Los Angeles, CA 90045-0068

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## DECLARATION OF MARC A. LOWE

FEB 19 2008

I, Marc A. Lowe, being over the age of 21 years, declare as follows: FILED
CLERK'S OFFICE

1)     I am an attorney in good standing licensed to practice before all courts of the State of California and the U.S. District Court for the Central District of California.

2)     I have personal knowledge of the facts set forth in this declaration, except for those facts based on information and belief.  As to those facts based on information and belief, I believe them to be true.

3)     I am an associate at the Law Offices of John C. Heubeck, attorneys of record for Plaintiffs Diana Wheeler McCarthy, The Estate of Douglas McCarthy, Anna Melissa McCarthy and Sara Amanda McCarthy.

4)     Attached hereto as Exhibit "A" is a true and correct copy of the Minutes Entered 07/23/02 in the Superior Court of California, County of Los Angeles, in Case No. BC 252 223.

5)     Attached hereto as Exhibit "B" is a true and correct copy of the Answer to Complaint by AstenJohnson, Inc. filed in the Superior Court of California, County of Los Angeles, in Case No. BC 252 223.

6)     Attached hereto as Exhibit "C" is a true and correct copy of the Notice of Removal of Action filed by Defendant AstenJohnson, Inc., in the instant action, sans exhibits thereto.

7)     Attached hereto as Exhibit "D" is a true and correct copy of Minutes Entered 05/31/02 in the Superior Court of California, County of Los Angeles, in Case No. BC 252 223.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 18, 2008                    By _____

Marc A. Lowe, declarant

1

Exhibit A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/23/02

DEPT. 4

HONORABLE Ricardo A. Torres    JUDGE    D. McCULLOUGH    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR

N. ALVARADO, C.A.    Deputy Sheriff    D. GONZALES    Reporter

9:00 am  BC252223

DOUGLAS MCCARTHY

VS

ACANDS INC

Plaintiff Counsel    JOHN HEUBECK (X)

Defendant Counsel    TIM GRAY (X)

**NATURE OF PROCEEDINGS:**

JURY TRIAL

Jury resumes deliberations from July 22, 2002 with all jurors present as heretofore.

Out of the presence of the jury:  Court and counsel confer regarding jury questions received on July 22, 2002.

At 9:10 a.m. the court returns the following question to the jury:  "Are you hopelessly deadlocked?"

The jury continues deliberating without responding to courts question.

At 11:15 the jury returns into the courtroom with the following Special Verdict:

"TITLE OF COURT AND CAUSE"

"We, the jury, in teh above-entitled action, find the following special verdict on the questions submitted to us:

Question No. 1:  Was there a defect in the design of AstenJohnson Inc.s' dryer felts in that they failed to perform as safely as an ordinary user would expect?

Answer: No

Page   1 of   4    DEPT. 4

MINUTES ENTERED
07/23/02
COUNTY CLERK

Exhibit A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. 4 |
|---|---|---|
| DATE: 07/23/02 | | |
| HONORABLE Ricardo A. Torres | JUDGE D. McCULLOUGH | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| N. ALVARADO, C.A. | Deputy Sheriff D. GONZALES | Reporter |

| 9:00 am | BC252223 | Plaintiff Counsel | JOHN HEUBECK (X) |
|---|---|---|---|
| | DOUGLAS MCCARTHY | | |
| | VS | Defendant Counsel | TIM GRAY (X) |
| | ACANDS INC | | |

**NATURE OF PROCEEDINGS:**

Question No. 2:  Was there a defect in AstenJohnson, Inc.s' dryer felts in that there was a failure to warn of the potential risk which was known or knowable in light of the generally recognized and prevailing best medical and scientific knowledge at the time of manufacture and distribution?

Answer: Yes

Question No. 3:  Was there a defect in AstenJohnson's dryer felts in that the risk of danger inherent in the design of such felts outweighed the benefits of such design?

Answer: Undecided

Question No. 4:  Did any such defect exist when it left the possession of the AstenJohnson, Inc.?

Answer: Yes

Question No. 5:  Was the defect found by you in your answer to Question No. 1, 2 or 3, a contributing cause of Douglas McCarthy's malignant mesothelioma?

Answer: Yes

Question 6a:  Was Plaintiff's use of AstenJohnson Inc.'s dryer felts reasonably foreseeable by the Defendant?

Page   2 of   4   DEPT. 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/23/02

DEPT. 4

HONORABLE Ricardo A. Torres     JUDGE    D. McCULLOUGH     DEPUTY CLERK

HONORABLE     JUDGE PRO TEM         ELECTRONIC RECORDING MONITOR

N. ALVARADO, C.A.    Deputy Sheriff    D. GONZALES      Reporter

| | | | |
|---|---|---|---|
| 9:00 am | BC252223 | Plaintiff Counsel | JOHN HEUBECK (X) |
| | DOUGLAS MCCARTHY | | |
| | VS | Defendant Counsel | TIM GRAY (X) |
| | ACANDS INC | | |

**NATURE OF PROCEEDINGS:**

Answer: Yes

Question 6b: Was Plaintiff's injury caused by the use of AstenJohnson Inc.'s dryer felts that was reasonably foreseeable by the Defendant?

Answer: Yes

Question No. 7:  What do you find to be the total amount of damages, including economic and non-economic damages, if any, suffered by the plaintiff, Douglas McCarthy?

Answer: Medical and Incidental Expenses   $  85,000.
        Past Earnings Losses            $  55,000.
        Present Value of Future Earnings
        Social Security and Household
        Services                      $ 500,000.
        Pain and Suffering            $ 260,000.
                  TOTAL       $ 900,000.

Question No. 8:  What do you find the total amount of damages, if any, suffered by Plaintiff, Diana Wheeler McCarthy as a result of Douglas McCarthy's mesothelioma?

     $100,000.

Question No. 9:  Do you find by clear and convincing evidence that AstenJohnson, Inc. acted with malice

Page   3 of   4   DEPT. 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/23/02

DEPT. 4

HONORABLE Ricardo A. Torres    JUDGE    D. McCULLOUGH    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR

N. ALVARADO, C.A.    Deputy Sheriff    D. GONZALES    Reporter

9:00 am | BC252223

DOUGLAS MCCARTHY

VS

ACANDS INC

Plaintiff Counsel    JOHN HEUBECK (X)

Defendant Counsel    TIM GRAY (X)

**NATURE OF PROCEEDINGS:**

or oppression so that punitive damages should be imposed for sake of example or by way of punishment?

Answer: No

Dated: 7/23/02     Henry Weinstock, Foreperson"

The verdict is read. The jury is polled, per request of counsel, as to Questions 1, 2, 4, 5, 6a, 6b, and 9 only and answer as follows: Question No. 1 - 10 "Yes" and jurors 4 and 11 "No"; Question No. 2 - 11 "Yes" and juror 2 "No"; Question No. 4 - 11 "Yes" and juror 11 "No"; Question 5 - 9 "Yes" and jurors 1, 2 and 6 "No"; Question 6a - 9 "Yes" and jurors 1, 2 and 6 "No"; Question 6b - 9 "Yes" and jurors 1, 2 and 3 "No"; Question 9 - 11 "Yes" and juror 4 "No".

The verdict is recorded. The jury is discharged. All jury instructions given, refused and withdrawn are filed.

Court orders all exhibits admitted into evidence and given to the jury returned to counsel for plaintiff for safekeeping pending running of time for appeal.

Counsel for plaintiff is directed to prepare proposed judgment and submit to this department for signing.

Page    4 of    4    DEPT. 4

MINUTES ENTERED
07/23/02
COUNTY CLERK

Exhibit B

1 │ NANCY E. HUDGINS, ESQ. (CSB #85222)
  │ JANETTE CHASE GADDIE , ESQ. (CSB #173319)
2 │ LAW OFFICES OF NANCY E. HUDGINS
  │ 1388 Sutter Street, Suite 505
3 │ San Francisco, CA  94109
  │ Telephone:     (415) 979-0100
4 │ Facsimile:     (415) 979-0747

5 │ Attorneys for Defendant AstenJohnson, Inc. sued erroneously as Doe 1

6

7

8 │ IN THE SUPERIOR COURT OF CALIFORNIA,

  │ FOR THE COUNTY OF LOS ANGELES
9

10

11 │ DOUGLAS McCARTHY AND DIANA          CASE NO.  BC252223
   │ WHEELER McCARTHY
   │                                     ANSWER TO COMPLAINT BY
12 │         Plaintiffs,                 ASTENJOHNSON, INC. [Personal
   │                                     Injury]
13 │     v.

14 │ ACANDS, INC., et. al.
   │                         Defendants.
15 │ _____/

16

17 │         COMES NOW defendant, ASTENJOHNSON, INC., erroneously sued as Doe 1,

18 │ and in answer to plaintiff's unverified complaint for personal injury on file herein, and each and

   │ every cause of action allegedly set forth therein, answers, alleges and denies as follows:
19

20 │                                      I.

21 │         This answering defendant denies each and every, all and singular, generally and

22 │ specifically, the allegations contained therein, and each and every cause of action allegedly set

   │ forth therein, as they may apply to this answering defendant.
23

24 │                                      II.

25 │         Further answering said unverified complaint, and each and every cause of action

26 │ allegedly set forth therein, this defendant denies that it was legally responsible in some manner

27 │ for the circumstances and happenings, as alleged therein, or at all, and denies that by reason of

28 │ the premises, or otherwise, plaintiffs have been damaged in any sum or sums whatsoever, or at

Exhibit B

ANSWER TO COMPLAINT BY ASTENJOHNSON, INC.        McCARTHY v. ACANDS, Inc.        CASE NO. BC252223

1

1    all, as set forth in said unverified complaint and each and every cause of action allegedly set forth

2    therein.

3    III.

4           Further answering said unverified complaint, and each and every cause of action

5    allegedly set forth therein, this defendant denies that it was negligent and/or careless in any

6    respect whatsoever, as alleged therein, or at all, and denies that by reason of the premises, or

7    otherwise, plaintiffs have been damaged in any sum or sums whatsoever, or at all, as set forth in

8    said unverified complaint and each and every cause of action allegedly set forth therein.

9           **AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO**

10   **SAID COMPLAINT**, this answering defendant alleges that the complaint and causes of action

11   therein fail to state facts sufficient to constitute a cause of action against this answering

12   defendant.

13          **AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**

14   **TO SAID COMPLAINT**, this answering defendant alleges that plaintiff Douglas McCarthy was

15   himself, careless and negligent in and about the matters referred to in the complaint and that such

16   negligence and carelessness on his part proximately caused and contributed to plaintiffs'

17   damages complained of, if any there were.

18          **AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO**

19   **SAID COMPLAINT**, this answering defendant alleges that plaintiff Douglas McCarthy knew,

20   or in the exercise of ordinary care, should have known of the risks and hazards involved in the

21   undertaking in which he engaged, but nevertheless and with full knowledge of these things, did

22   fully and voluntarily consent to assume the risks and hazards involved in the undertaking.

23          **AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**

24   **TO SAID COMPLAINT**, this answering defendant alleges that plaintiff Douglas McCarthy was

25   himself solely and totally negligent in and about the matters referred to in the complaint and that

26   such negligence and carelessness on his part proximately amounted to One Hundred Percent

27   (100%) of the negligence involved in this case and was the sole cause of the injuries and

28   damages complained of, if any there were.

1            **AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**

2    **SAID COMPLAINT,** this answering defendant alleges that at all times and places mentioned in

3    the complaint, plaintiff and/or other persons without this defendant's knowledge and approval

4    redesigned, modified, altered, and used this defendant's products contrary to instructions and

5    contrary to the custom and practice of the industry.  This redesign, modification, alteration, and

6    use so substantially changed the product's character that if there was a defect in the product --

7    which is specifically denied -- such defect resulted solely from the redesign, modification,

8    alteration, or other such treatment or change and not from any act or omission by this defendant.

9    Therefore, said defect, if any, was created by plaintiff and/or other persons, as the case may be,

10   and was the direct and proximate cause of the injuries and damages, if any, that plaintiff

11   allegedly suffered.

12           **AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**

13   **SAID COMPLAINT,** this answering defendant alleges that if there is any negligence or liability

14   of any of the parties named herein, it is the sole and exclusive negligence and liability of the

15   other defendants, and not of this answering defendant.

16           **AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

17   **TO SAID COMPLAINT,** this answering defendant alleges that at the time of the injuries

18   alleged in the complaint plaintiff was employed and was entitled to and did receive workers'

19   compensation benefits from said employers.  This defendant is informed and believes, and on the

20   basis of said information and belief alleges that, if the conditions as alleged in plaintiffs'

21   complaint are found to exist, plaintiff's employers were negligent and careless in and about the

22   matters referred to in said complaint and that said negligence on the part of the employers

23   proximately caused or contributed to the injuries and damages, if any, complained of by plaintiff,

24   and further, that the plaintiff employers assumed the risk of injury to the plaintiff, if any there

25   was, in that at the time and place of the incident such conditions, if any, were open and apparent

26   and were fully known to the plaintiff's employers; and that by reason thereof, this defendant is

27   entitled to set off any compensation benefits received or to be received by the plaintiffs against

28   any judgment which may be rendered in favor of the plaintiffs herein.

---

1         **AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE**

2  **TO SAID COMPLAINT,** this answering defendant alleges that the complaint and the causes of

3  action therein are barred by the statute of limitations, including but not limited to the provisions

4  of Sections 340(3) and 340.2 of the Code of Civil Procedure of the State of California.

5         **AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**

6  **SAID COMPLAINT,** this answering defendant alleges that plaintiffs unreasonably delayed in

7  bringing this action against it and that such delay substantially prejudiced this

8  answering defendant.  Therefore, this action is barred by the doctrine of laches.

9         **AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**

10  **SAID COMPLAINT,** this answering defendant alleges that the complaint and the causes of

11  action therein fail to state facts sufficient to constitute a cause of action against this answering

12  defendant pursuant to Sections 3600, et seq., of the California Labor Code.

13         **AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE**

14  **DEFENSE TO SAID COMPLAINT,** this answering defendant alleges that plaintiff's

15  employers were contributorily negligent and careless in and about the matters alleged in the

16  complaint, and that such negligence and carelessness were a proximate cause of any injuries and

17  damages suffered by plaintiffs, if any there were.

18         **AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE**

19  **TO SAID COMPLAINT,** this answering defendant alleges that plaintiff's employers voluntarily

20  and knowingly entered into and engaged in the operations, acts and conduct alleged in said

21  complaint, and voluntarily and knowingly assumed all of the risks incident to said operation, acts

22  and conduct alleged in said complaint, and voluntarily and knowingly assumed all of the risks

23  incident to said operations, acts and conduct at the time and place mentioned in the complaint.

24         **AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE**

25  **DEFENSE TO SAID COMPLAINT,** this answering defendant alleges that plaintiffs

26  acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of

27  this answering defendant, thus barring plaintiffs from any relief as prayed for herein.

28

1    **AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE**

2    **DEFENSE TO SAID COMPLAINT,** this answering defendant is informed and believes and

3    therefore alleges that plaintiffs are unable to identify the actual manufacturer or manufacturers of

4    the asbestos products which allegedly caused the injury which forms the basis of the complaint

5    herein, and that said manufacturers were entities other than this defendant.  Therefore, this

6    defendant may not be held liable for the injury of the plaintiffs.

7    **AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE**

8    **DEFENSE TO SAID COMPLAINT,** this answering defendant alleges that plaintiff's

9    employers were and are sophisticated users and knew independently or should have known of

10   any danger or hazard associated with the use of a product containing asbestos and of exposure to

11   high levels of dust of any sort.  Defendant further alleges that it warned the plaintiff's employers

12   of the danger or hazard associated with the use of its product and that plaintiff's employers failed

13   to rely upon such warning resulting in alleged damages due to plaintiff and plaintiff's employers'

14   act or omission and failure to act as sophisticated users.

15   **AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE**

16   **DEFENSE TO SAID COMPLAINT,** this answering defendant alleges that at all times alleged

17   in the complaint the products alleged to have caused plaintiff's injuries were designed,

18   manufactured, sold, distributed, labeled and advertised in compliance with the then existing state

19   of the art in the industry to which this defendant belonged and furthermore, that the benefits of

20   any such product design outweighed any risk of danger in the design and that any such product

21   met the safety expectations of plaintiff and the general public.

22   **AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE**

23   **DEFENSE TO SAID COMPLAINT,** plaintiff has released, settled, entered into an accord and

24   satisfaction or otherwise compromised his claims herein, and accordingly, said claims are barred

25   by operation of law; alternatively, plaintiff has accepted compensation as partial settlement of

26   those claims for which this defendant is entitled to a set-off.

27   **AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE**

28   **DEFENSE TO SAID COMPLAINT,** there was no negligence, gross negligence, willful,

1   wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the

2   plaintiffs, or malice (actual, legal, or otherwise) on the part of this defendant as to the plaintiffs

3   herein.

4        **AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE**

5   **DEFENSE TO SAID COMPLAINT,** at all times and places mentioned in the complaint,

6   plaintiffs have failed to make reasonable efforts to mitigate injuries and damages, if any.

7        **AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE**

8   **DEFENSE TO SAID COMPLAINT,** plaintiff prior to the filing of this complaint, never

9   informed this defendant, by notification or otherwise, of any breach of express and/or implied

10   warranties;  consequently, his claims of breach of express and/or implied warranties against this

11   defendant are barred.

12        **AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE**

13   **DEFENSE TO SAID COMPLAINT,** the doctrine of joint civil liability has been abolished in a

14   case such as this, and should plaintiff prevail against this defendant's liability, it is limited to its

15   own action or segment of fault, which fault is vigorously denied.

16        **AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE**

17   **DEFENSE TO SAID COMPLAINT,** in addition to the above, and without waiving the above,

18   this answering defendant asserts that all claims asserted against it by plaintiff or third- party

19   plaintiffs are barred, in whole or in part, by the "government contractor" doctrine as set forth by

20   the United States Supreme Court in Delbert Boyle v. United Technologies Corporation (1988) 48

21   U.S. 925, 117 S.Ct. 3207.

22        **AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE**

23   **DEFENSE TO SAID COMPLAINT,** in addition to the above and without waiving the above,

24   this answering defendant asserts that plaintiff's complaint has not been filed in the proper

25   jurisdiction.

26        **AS AND FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE**

27   **DEFENSE TO SAID COMPLAINT,** in addition to the above and without waiving the above,

28

1  this answering defendant asserts that this case should br adjudicated in another state of competent

2  jurisdiction, based on the doctrine of forum non-conveniens.

3        **WHEREFORE**, this answering defendant prays that plaintiffs take nothing by

4  their action, that this answering defendant be dismissed with costs of suit incurred herein, and for

5  such other and further relief as this court deems just and proper.

6

DATE:   January 08, 2002           **LAW OFFICES OF NANCY E. HUDGINS**

7

8            By: _____

9                Nancy E. Hudgins
              Attorneys for Defendant

10                ASTENJOHNSON, INC.,
              sued erroneously as Doe 1.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I, Jennifer Marquez, declare that I am employed in the County of San Francisco, State of California, am over the age of eighteen years, and am not a party to the within action.  My business address is 1388 Sutter Street, Suite 505, San Francisco, California 94109.

On January 9, 2002 I served the within

1.      ANSWER TO COMPLAINT BY ASTENJOHNSON, INC.

on the party(ies) to this matter by providing a true and correct copy(ies) of same to:

John C. Heubeck, Esq.
Davis & Heubeck, LLP
10100 Santa Monica Boulevard, Ste 910
Los Angeles, CA 90064-4100

in the following manner:

/ X/    BY MAIL.  I placed such document in a sealed envelope(s) addressed to that party(ies), with postage fully prepaid for first-class mail, for collection and mailing at San Francisco, California, following ordinary business practices.  I am readily familiar with the practice at the Law Offices of Nancy E. Hudgins for the processing of correspondence, i.e., in the ordinary course of business, outgoing mail is deposited in the United States mail the same day as it is placed for processing in our mail room.

/ /     BY PERSONAL SERVICE.  I caused an envelope containing said copy to be delivered by hand to the addressee(s) noted above. (HAND DELIVERY)

/ /     BY FACSIMILE.  I caused the said document(s) to be transmitted by facsimile machine to the number indicated after the addressee(s) noted above.

/ /     BY FEDERAL EXPRESS.  I caused an envelope containing said copy to be delivered to the nearest Federal Express office, with the attached airbill addressed to the above individual and indicating overnight delivery.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 9, 2002 at San Francisco, California.

Jennifer Marquez

Exhibit C

4/30/03

1  Peter Q. Ezzell (Bar No. 53497)
   Nancy E. Lucas (Bar No. 126854)
2  HAIGHT, BROWN & BONESTEEL, L.L.P.
   6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
   Telephone:  (310) 215-7100
4  Facsimile:  (310) 215-7300

5  Attorneys for Defendant
   AstenJohnson, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  DIANA WHEELER McCARTHY,          )   Case No. _____
    Heir-at-Law of DOUGLAS           )
12  McCARTHY; THE ESTATE OF          )   NOTICE OF REMOVAL OF ACTION
    DOUGLAS McCARTHY; ANNA           )   UNDER 28 U.S.C. SECTION 1441(a)
13  MELISSA McCARTHY; and SARA       )   BY DEFENDANT ASTENJOHNSON,
    AMANDA McCARTHY,                 )   INC. (DIVERSITY); DECLARATION
14                                   )   OF NANCY E. LUCAS IN SUPPORT
               Plaintiffs,           )   OF MOTION
15                                   )
          vs.                        )
16                                   )
    ASTENJOHNSON, INC., et. al.,     )
17                                   )
               Defendants.           )
18  _____ )

19       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20       PLEASE TAKE NOTICE that defendant AstenJohnson, Inc. ("Asten")

21  hereby removes to this Court the state court action described below.

22       1.    On March 18, 2003, an action was commenced in the Superior Court of

23  the State of California in and for the County of Los Angeles, entitled Diana Wheeler

24  McCarthy, Heir-at-Law of Douglas McCarthy, the Estate of Douglas McCarthy,

25  Anna Melissa McCarthy, and Sara Amanda McCarthy Plaintiffs v. AstenJohnson,

26  Inc., et al., Defendants, as Case No. BC292345.  A copy of the complaint is attached

27  hereto as Exhibit "A".

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

PM03-0000003
2868508.1

1

NOTICE OF REMOVAL OF ACTION

Exhibit C

2.    The first date upon which defendant Asten received a copy of the said complaint was March 31, 2003, when defendant was served with a copy of the said complaint and a summons from the said state court.  A copy of the summons is attached hereto as Exhibit "B".

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.    Plaintiffs seek compensatory and punitive damages for the death of Douglas McCarthy, which allegedly resulted from exposure to asbestos that allegedly caused him to develop mesothelioma.  Defendant is informed and believes that plaintiffs Diana Wheeler McCarthy, Heir-at-Law of Douglas McCarthy, the Estate of Douglas McCarthy, Anna Melissa McCarthy, and Sara Amanda McCarthy were, and still are, citizens of the State of California.  Defendant Asten was, at the time of the filing of this action, and still is, a Delaware corporation with its principal place of business in South Carolina.

5.    The complaint herein also names other defendants; however, the only other remaining viable California defendant is Thorpe Insulation Company ("Thorpe").[1]  To date, only Asten has been served in the present action.  Asten does not believe any other defendant will be served with process.  Furthermore, searching the California Secretary of State's website for the other codefendants showed that

---

[1]  In the related case Douglas McCarthy and Diana Wheeler McCarthy v. AstenJohnson, Inc., et al., plaintiffs settled with and/or voluntarily dismissed all other defendants, except Thorpe.  Thus, the consent of any other defendant identified in the complaint is no longer necessary, since such defendants are not parties to this case because they have not been served.  Furthermore, Thorpe's consent is also not required since it has been fraudulently joined.  "Persons named as defendants to prevent removal need not join in notice of removal."  See Moore's Federal Practice & Procedure, 3d 107.11[d]; Emrich v. Touche Ross & Company, 846 F.2d 1190, 1192 (9th Cir. 1988).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

PM03-0000003
2868508.1

2

NOTICE OF REMOVAL OF ACTION

1   only two other codefendants other than Thorpe are registered in California. <u>See</u>

2   <u>California Secretary of State Info for McCarthy v. Asten Co-Defendants as of April</u>

3   <u>4, 2003</u>, attached as Exhibit "F" to the <u>Declaration of Nancy E. Lucas</u>. These two

4   codefendants are Allied Signal, Inc. and Langston Corporation.

5       6.   Allied Signal, Inc.'s, listed status on the California Secretary of State's

6   website is "suspended." <u>See Allied Signal Devices, Inc., information printout from</u>

7   <u>the California Business Portal</u>, attached as Exhibit "G" to the <u>Declaration of Nancy</u>

8   <u>E. Lucas</u>. The likely reason for this status is because Allied Signal merged with

9   Honeywell International, Inc., in 1999. <u>See Honeywell International, Inc.'s, 1999</u>

10  <u>Annual Report p.2</u>, attached as Exhibit "H" to the <u>Declaration of Nancy E. Lucas</u>.

11  Honeywell International, Inc., is a Delaware corporation. <u>See Honeywell</u>

12  <u>International, Inc., information printout from the California Business Portal</u>,

13  attached as Exhibit "I" to the <u>Declaration of Nancy E. Lucas</u>. Thus, Allied Signal,

14  Inc., cannot be served by the plaintiffs to achieve diversity. Also, Asten does not

15  believe that plaintiffs will attempt to serve Allied Signal, Inc., with process.

16      7.   Langston Corporation's listed status on the California Secretary of

17  State's website is "suspended." <u>See Langston Corporation information printout</u>

18  <u>from the California Business Portal</u>, attached as Exhibit "J" to the <u>Declaration of</u>

19  <u>Nancy E. Lucas</u>. The likely reason for this status is because the Langston

20  Corporation filed for bankruptcy in 2000. <u>See Langston Corporation Printout from</u>

21  <u>U.S. Bankruptcy Court Delaware</u>, indicating that the Langston Corporation is

22  currently in Chapter 7 bankruptcy, attached as Exhibit "K" to the <u>Declaration of</u>

23  <u>Nancy E. Lucas</u>. Additionally, the office of William Harrington, the attorney for the

24  Langston Corporation, was contacted, and the office stated that the Langston

25  Corporation has not been served with process in this matter. <u>See Declaration of</u>

26  <u>Nancy E. Lucas</u> ¶ 8. Asten does not believe that plaintiffs will attempt to serve the

27  Langston Corporation with process.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

PM03-0000003
2868508.1

3

NOTICE OF REMOVAL OF ACTION

8.      Thorpe's status as a California based defendant presumptively defeats diversity jurisdiction.  However, during Douglas McCarthy's deposition on May 20, 2002, in the related case, he testified that he was exposed only to asbestos containing products manufactured by Asten and not to any product manufactured or distributed by Thorpe, a Southern California supplier of insulation products. Douglas McCarthy denied exposure to any other asbestos containing products besides Asten's at trial.  Thorpe has been fraudulently joined in this action solely to defeat diversity jurisdiction.  Plaintiffs do not intend, and have no basis, to pursue a legitimate claim against Thorpe and have an agreement with Thorpe not to proceed against Thorpe.

9.      Based on Douglas McCarthy's deposition testimony, the only source of any possible asbestos exposure is from a three month period in 1966 when he worked at the Hawthorne Paper Mill ("Hawthorne") in Kalamazoo, Michigan, while working with products manufactured by Asten.  (See Generally, Douglas McCarthy's deposition transcript attached as Exhibit "C."  (Asten exposure alleged at pages 8-13)).[2]  Notwithstanding the fact that plaintiffs brought this claim against more than 25 defendants in the complaint, the only defendant whose product Douglas McCarthy claimed to be able to identify is Asten.  Douglas McCarthy denied having any knowledge of exposure to asbestos containing insulation products used at the mill in the summer of 1966 (Id. at page 85)[3]; at any job he worked at prior to his graduation from college (Id. at page 43); at the job he worked at between graduation from college and his entering the air force (Id. at page 43); at the various

---

[2]  Asten's sales records reflect no sales to the Hawthorne Mill after September 1959, over six years prior to this alleged exposure.  Moreover, other than Douglas McCarthy's allegations that he thought the felts contained asbestos, because of "what his attorneys may have told him," plaintiffs have not identified any evidence that such felts contained asbestos.  (Exhibit "C" at page 78.)

[3]  Louis Slavin, a former Hawthorne mill employee, also testified that he did not know if asbestos containing insulation was used at Hawthorne.  (See Exhibit "D," deposition of Louis Slavin at p. 43.)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

PM03-0000003
2868508.1

4

NOTICE OF REMOVAL OF ACTION

1  air force bases where he was stationed (Id., at pages 109-115,119), while working in

2  Nevada (Id., at page 102), at the homes he has live in throughout his entire life (Id.,

3  at page 119), and to any exposure from any source within the State of California

4  (Id., at page 108).

5      10.   Thus, notwithstanding allegations in the complaint, Douglas McCarthy

6  admitted he did not believe he was exposed to asbestos containing insulation

7  products from any source, much less insulation products sold by Thorpe.

8      11.   Thorpe was not dismissed in the related case Douglas McCarthy and

9  Diana Wheeler McCarthy v. AstenJohnson, Inc., et al., but there was an absence of a

10  colorable claim against Thorpe and no possibility of recovery was shown against

11  Thorpe. Notably, Thorpe failed to appear at trial in the related case despite the fact

12  that it had not been dismissed from the action. Thorpe has obviously been joined in

13  this case solely to defeat diversity jurisdiction

14      12.   Fraudulently joined defendants – defendants against whom relief is no

15  seriously sought – must be ignored in assessing whether the "complete diversity"

16  requirement of federal diversity jurisdiction is met. See e.g., Morris v. Princess

17  Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citizenship of fraudulently joined

18  defendants should not be considered in determining propriety of removal); Ritchey

19  v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (accord). A defendant may

20  remove a civil action on the basis of diversity jurisdiction and seek to persuade the

21  district court that a non-diverse defendant was fraudulently joined. McCabe v.

22  General Foods Corp., 811 F.2d 1336, 1339 (9th Cir 1987). "…[I]t is well settled that

23  upon allegations of fraudulent joinder designed to prevent removal, federal courts

24  may look beyond the pleadings to determine if the joinder, although fair on its face,

25  is a sham or fraudulent device to prevent removal." Charlin v. Allstate Ins. Co., 19

26  F.Supp. 2d 1137, 1140 (C.D.Calif. 1998), citing Smoot v. Chicago, Rock Island &

27  Pacific RR Co., 378 F.2d 879, 881-82 (10th Cir. 1967). The Court may "pierce the

28  pleadings, consider the entire record and determine the basis of joinder by any

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

PM03-0000003
2868508.1

5

NOTICE OF REMOVAL OF ACTION

1 means available." <u>Charlin, supra</u>, citing <u>Dodd v. Fawcett Pubs., Inc.</u>, 329 F.2d 82,

2 85 (10th Cir. 1964). "[T]he question is simply whether there is any possibility that

3 plaintiff will be able to state a claim against the party in question." (<u>Rosenblatt v.</u>

4 <u>Ernst & Young International, Ltd.</u>, 87 F.Supp. 2d 1048, 1052 (S.D.Cal. 2000),

5 <u>affirmed in part and reversed in part by, Rosenblatt v. Ernst & Young International,</u>

6 <u>Ltd.</u>, 2002 WL 115577 (9th Cir. 2002), citing <u>Lewis, supra</u>; <u>See also</u>, <u>Levine v.</u>

7 <u>Allmerical Financial Life Ins. & Annuity Co.</u>, 41 F.Supp. 2d 1077, 1078 (C.D.Cal.

8 1999)). Thus, Thorpe's status as a California defendant must be ignored when

9 determining whether diversity jurisdiction exists.

10     13.     Removal, based on diversity, is therefore authorized by 28 U.S.C. §

11 1441(a).

12     14.     In accordance with 28 U.S.C. § 1441(a), venue is proper in the Western

13 Division of the United States District Court for the Central District of California,

14 because the action is pending in this district and division.

15     15.     Asten has advised the Clerk of the Superior Court of Los Angeles

16 County of the removal of this action.  (A copy is attached hereto as Exhibit "E").

17

18 Dated:  April 30, 2003                    Respectfully submitted

19                                          HAIGHT, BROWN & BONESTEEL,
                                            L.L.P.
20

21                              By: _Nancy E. Lucas_____

22                                  Peter Q. Ezzell
                                    Nancy E. Lucas
23                                  Attorneys for Defendant
                                    AstenJohnson, Inc.

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

PM03-0000003
2868508.1

6

NOTICE OF REMOVAL OF ACTION

## DECLARATION OF NANCY E. LUCAS

I, Nancy E. Lucas, declare as follows:

1.     I am a partner at the law firm of Haight, Brown & Bonesteel, L.L.P., counsel of record for AstenJohnson, Inc. in the .  I am a member in good standing of the State Bar of California and have been admitted to practice before this Court.  My California State Bar number is 126854.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     Attached hereto as Exhibit "F" is a true and correct copy of the California Secretary of State Info for McCarthy v. Asten Co-Defendants as of April 4, 2003.

3.     Attached hereto as Exhibit "G" is a true and correct copy of Allied Signal Devices, Inc., information printout from the California Business Portal.

4.     Attached hereto as Exhibit "H" is a true and correct copy of Honeywell International, Inc.'s, 1999 Annual Report p.2.

5.     Attached hereto as Exhibit "I" is a true and correct copy of Honeywell International, Inc., information printout from the California Business Portal.

6.     Attached hereto as Exhibit "J" is a true and correct copy of Langston Corporation information printout from the California Business Portal.

7.     Attached hereto as Exhibit "K" is a true and correct copy of Langston Corporation Printout from U.S. Bankruptcy Court Delaware.

8.     On April 29, 2003, at my direction, Jason Lindsay, an attorney in my office I called William Harrington's office to inquire whether the Langston Corporation has been served with process in this matter.  I am informed by Mr. Lindsay the he spoke with Mr. Harrington's secretary and Mr. Harrington's secretary stated that he (Mr. Harrington) was out of the office, but that she was familiar with matters concerning the Langston Corporation.  She stated that she had

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

PM03-0000003
2868508.1

7

NOTICE OF REMOVAL OF ACTION

Exhibit D

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/31/02

DEPT. 37

HONORABLE MADELEINE I. FLIER    JUDGE    H. A. SMITH    DEPUTY CLERK

JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR

HONORABLE
13.    T. SCOTT, C/A    Deputy Sheriff    L. MACHUCA    Reporter

9:05 am | BC252223

DOUGLAS MCCARTHY
VS
ACANDS INC

| | |
|---|---|
| Plaintiff Counsel | Joseph Daniel Davis (X) DAVIS & HEUBECK |
| Defendant Counsel | Janette Chase Gaddie (X) L/A NANCY E. HUDGINS |

**NATURE OF PROCEEDINGS:**

MOTION OF PLAINTIFFS TO COMPEL ANSWERS TO DEPOSITION
QUESTIONS AND PRODUCTION OF DOCUMENTS and FOR MONETARY
AND ISSUE SANCTIONS AGAINST DEFENDANT ASTEN-JOHNSON,
INC. IN THE SUM OF $8,000.00;

Matter is called for hearing and the Court hears
argument of counsel.  The tentative ruling issues
as the order of the Court:

The motion is granted, except as to issue sanctions.

On June 5, 2002, commencing at 10:00 a.m., deponent,
person most knowledgeable, Mr. Chapman, shall attend
a further deposition, at the law offices of Davis &
Heubeck, LLP, located at 10100 Santa Monica Boulevard,
Suite 910, Los Angeles, California, and respond to all
questions and produce all documents specified in
moving party's separate statement.

Additionally, by the same time, defendant AstenJohnson
Inc., and attorneys, James Young and Law Offices of
Nancy E. Hudgins, jointly and severally shall pay to
plaintiffs Diana McCarthy and Douglas McCarthy
sanctions in the sum of $8,000.00.

Counsel for plaintiff to give notice.

The Court rules on the following ex parte application
without conducting a hearing thereon:

Page    1 of    2    DEPT. 37

MINUTES ENTERED
05/31/02
COUNTY CLERK

Exhibit D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | **DEPT.** 37 |
|---|---|---|---|
| DATE: 05/31/02 | | | |
| HONORABLE MADELEINE I. FLIER | JUDGE | H. A. SMITH | DEPUTY CLERK |
| | | | ELECTRONIC RECORDING MONITOR |
| HONORABLE | JUDGE PRO TEM | | |
| 13.     T. SCOTT, C/A | Deputy Sheriff | L. MACHUCA | Reporter |

| | | | |
|---|---|---|---|
| 9:05 am | BC252223 | Plaintiff Counsel | Joseph Daniel Davis (X) DAVIS & HEUBECK |
| | DOUGLAS MCCARTHY VS ACANDS INC | Defendant Counsel | Janette Chase Gaddie (X) L/A NANCY E. HUDGINS |

**NATURE OF PROCEEDINGS:**

EX PARTE APPLICATION FOR AN ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR FOR CONTINUING THE
HEARING ON THE MOTION TO THE DATE OF TRIAL;

The Court has read and considered the ex parte
application.  The ex parte application is granted
in part.

Hearing on defendant AstenJohnson's motion for
summary judgment, presently set for June 4, 2002, is
advanced and continued to June 11, 2002, at 9:00 a.m.
in this department.

As notice of the Court's ruling on the ex parte
application, a copy of this minute order is sent this
date via U.S. mail to counsel for the parties
addressed as follows:

Joseph Daniel Davis
DAVIS & HEUBECK
10100 Santa Monica Blvd., Suite 910
Los Angeles, CA  90067

Janette Chase Gaddie
LAW OFFICES OF NANCY E. HUDGINS
1388 Sutter St., Suite 505
San Francisco, CA  94109

Page   2 of   2   DEPT. 37

MINUTES ENTERED
05/31/02
COUNTY CLERK