**MDL 875**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL. NO. 875

IN RE Asbestos Products Liability Litigation (No. VI)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 28 2008

FILED
CLERK'S OFFICE

**This Document Relates To:**
*Diana Wheeler McCarthy et al. v. AstenJohnson, Inc., et al.,*
E.D. Pennsylvania, (C.D. California, C.A. No. 2:03-3046)

---

### ASTENJOHNSON, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE CONDITIONAL REMAND ORDER

---

After almost four years of taking no steps to push this action ahead in MDL-875, and stonewalling on discovery requests which, if answered, would have provided information relevant to a meaningful settlement conference and negotiation, the plaintiffs now seek to short circuit the orderly processes envisioned by the Panel's rules. See generally *In Re Patenaude*, 210 F3d 135 (3rd Cir 2000). The Plaintiffs' Opposition does not address in any principled fashion the material questions that the Judicial Panel must consider in determining whether this case is ready to be remanded back to the transferor court – that is, whether discovery in the action has been substantially completed, and whether meaningful settlement efforts have taken place. Instead, the plaintiffs now seek a remand based on their argumentative version of the effect of offensive collateral estoppel in this matter– the type of substantive issue that the Panel cannot decide and should not decide.

    1.    First, plaintiffs offer no explanation whatsoever in their opposition for the fact that Asten's counsel was never served with, and the PACER docket does not reflect, any motion to remand in MDL-875 as described in the MDL court's Suggestion of Remand. *See* Asten's Brief at 3-4. Rule 5 of the Federal Rules of Civil Procedure and Panel Rule 5.2 require every pleading, and every motion, to be

PLEADING NO. 5357

OFFICIAL FILE COPY

IMAGED FEB 2 9 2008

served on counsel opposite. Instead of responding, plaintiffs' counsel can only state disingenuously that plaintiffs are "encouraged by the fact" that on December 5, 2007, the MDL court issued a suggestion of remand. Brief in Opposition at 2. The defendant Asten was and is prejudiced by this default, because it has been denied the opportunity to oppose remand in the first instance in the Multi-District Court which has the specialized expertise to conduct settlement negotiations in asbestos matters and to enforce discovery obligations toward that end. It is undisputed on this record that Asten was not served with any motion to remand in MDL-875, and it accordingly, never had the opportunity to present its position on discovery and settlement to the MDL Judge before a Suggestion was entered. While the Panel has the ultimate authority, in its sound discretion, to order remand to a transferor court absent a suggestion, it is respectfully submitted that it should not do so where, as here, the question of remand is before the Judicial Panel *only* because of a suggestion that is based on a short-circuited process.

2. Moreover, the plaintiffs' opposition skews the facts with respect to the proceedings in *McCarthy I*, and seeks to lead this Court to believe that "Asten was the only culpable party" as to Douglas McCarthy's injury. See Brief in Opposition at 2. In fact, the jury in *McCarthy I* found by way of special verdict only that Asten's products were a "contributing cause" of Douglas McCarthy's injury. See Asten's Exhibit 7. The fault of other defendants was not considered by the jury in *McCarthy I*, and no finding was made as to liability of other defendants for Douglas McCarthy's injuries. Similarly, the basis for removal in this cases is mischaracterized and is not germane to the issue of remand. The plaintiffs' contentions are not material to the issues before the panel.

3. The sole basis for plaintiffs' claim that this multi-district proceeding should be immediately remanded is their argumentative position that under collateral estoppel defendant Asten is barred from

litigation, or obtaining discovery on practically every factual and legal issue in this asbestos wrongful death action. Brief in Opposition at 3-6. For the record, defendant disagrees with plaintiff's expansive characterization of this doctrine. Under California law, a wrongful death suit is viewed as a separate and distinct cause of action, and the offensive use of collateral estoppel by plaintiffs to bar litigation of issues is limited in scope and closely scrutinized on a case by case basis. *See Horwich v. Superior Court* (1999) 21 Cal. 4th 272, 283-286, 980 P. 2d 927; *White Motor Corp. v. Teresenski* (1989) 214 Cal. App. 3d 754, 763, 263 Cal. Rptr. 26; *see also, Boeken v. Philip Morris U.S.A., Inc.* (2008) 2008 WL 352351, __ Cal. Rptr.3d __. In addition, California law permits the allocation of damages and set-off credits for the settlements of other defendants. *See e.g., Wilson v. John Crane, Inc.* (2000) 81 Cal. App. 4th 847, 97 Cal. Rptr. 2d 240. Here, the wrongful death complaint does not even plead the judgment in the first action as required by Federal Rules of Civil Procedures, Rule 9. More to the point, however, is the fact that, as Asten pointed out in its initial brief, at p.6, the Judicial Panel should not adjudicate the substantive collateral estoppel issue to determine the procedural issue of whether a remand is appropriate under the circumstances. The material issues are the substantial completion of discovery and opportunity for settlement. Should the matter not be settled after meaningful discovery in MDL-875, the determination of what collateral estoppel bars, and does not bar, is the type of decision for the district court to make.

    4. As to the key points relevant to remand, the plaintiffs make no meritorious showing in opposition. It is uncontroverted that plaintiffs have stonewalled on discovery in MDL-875, *see* Asten's Exhibit 10, and that discovery remains to be completed as to the wrongful death claims. Moreover, plaintiffs have not demonstrated, and cannot demonstrate, that a settlement conference with a meaningful opportunity to resolve the case – a central purpose of MDL proceedings – has taken place.

Accordingly, for the reasons set forth in Asten's original brief and motion, and in this reply, AstenJohnson, Inc. respectfully prays that its motion to vacate the conditional remand order in this matter will be granted by the panel.

Respectfully submitted, this, the 25th day of February, 2008.

Nancy E. Lucas w/permission by [initials]
Nancy E. Lucas (California State Bar No. 126854)
On behalf of Defendant
ASTENJOHNSON. INC.

Of Counsel:
HAIGHT, BROWN & BONESTEEL, LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045
Telephone: 310.215.7100
Facsimile:   310.215.7300

2008 FEB 26 A 10:59
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 28 2008

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have this day mailed, via United States mail, postage fully pre-paid, a true and correct copy of the above and foregoing document to Plaintiffs' Counsel and all other known Counsel of Record as set forth in the Panel Service List.

This, the 25th day of February, 2008.

        Respectfully submitted,

        _Nancy E. Lucas with permission_
        Nancy E. Lucas (California State Bar No. 126854)
        On behalf of Defendant
        ASTENJOHNSON. INC.

2008 FEB 26 A 10:59
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                         MDL No. 875

## PANEL SERVICE LIST (Excerpted from CRO)

Diana Wheeler McCarthy, et al. v. Asten Johnson, Inc., et al., E.D. Pennsylvania
(C.D. California 2:03-3046)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

John C. Heubeck
JOHN C HEUBECK LAW OFFICES
400 Continental Blvd, 6th Floor
El Segundo, CA 90245

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Nancy E. Lucas
HAIGHT BROWN & BONESTEEL
6080 Center Drive
Suite 800
P.O. Box 45068
Los Angeles, CA 90045-0068

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406