MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 5 2008

FILED
CLERK'S OFFICE

PLEADING NO. 5363

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION
IN RE MDL DOCKET NO. 875-ASBESTOS PRODUCTS LIABILITY LITIGATION

| | |
|---|---|
| HAROLD HENDLEY and LINDA HENDLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 5:07-cv-00208-TBR |
| ) | |
| AMERICAN STANDARD, INC. d/b/a ) | |
| AMERICAN STANDARD PRODUCTS, INC., ) | |
| WARREN PUMPS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Warren Pumps, LLC ("Warren Pumps"), by counsel, hereby submits its Brief in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order to MDL ("Motion"). Plaintiffs' Motion should be denied for two reasons, the conditions for transfer have been satisfied and transfer will not violate the Plaintiffs' constitutional rights.

I.   INTRODUCTION

The Plaintiffs filed their action in Graves County, Kentucky on or about November 21, 2007. On December 17, 2007, Co-Defendant Union Carbide Corporation removed the action to federal court under 28 U.S.C. § 1442. A conditional transfer order to the federal asbestos multidistrict litigation docket number 875 ("MDL 875") was issued on December 18, 2007

OFFICIAL FILE COPY

IMAGED MAR 5 2008

(CTO-299). The Plaintiffs moved to remand the action on January 15, 2008. The Plaintiffs now seek to vacate CTO-299 and request that the action proceed in the Western District of Kentucky.

II. ARGUMENT

In support of their motion to vacate CTO-299, the Plaintiffs assert that the conditions for transfer have not been satisfied and that transfer will violate the Plaintiffs' constitutional rights. Both arguments must fail.

A. The Conditions for Transfer Are Satisfied

Under 28 U.S.C. § 1407(a), an action may be transferred to the judicial panel on multidistrict litigation where the panel determines that transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." These conditions are satisfied here.

The Judicial Panel on Multi-District Litigation ("the Panel") created MDL No. 875 in 1991 and specifically held that creation of the MDL would "serve the convenience of parties and witnesses and promote the just and efficient conduct of this litigation." *In Re Asbestos Products Liability Litigation* (No VI), 771 F. Supp. 415, 417-18 (JPML 1991). This decision was not made lightly, in fact, the Panel considered creating such an MDL on five prior occasions. *Id.* In deciding to create MDL No. 875 in 1991, the Panel explained that 30,000 cases concerning personal injury or death as a result of asbestos exposure were pending in federal courts. *Id.* The Panel explained that the "litigation has reached a magnitude, not contemplated in the record before us in 1977, that threatens the administration of justice and that requires a new, streamlined approach." *Id.* at 418. The Plaintiffs have offered no argument that the magnitude of asbestos litigation, and attendant complications, necessitating creation of MDL 875 no longer exist.

Instead, the Plaintiffs argue that transfer will not serve the convenience of the parties and explain that the Plaintiffs live in Kentucky and that much of Mr. Hendley's work took place at a Union Carbide facility in Kentucky. In the opinion creating MDL No. 875, the Panel explained that transfer "is primarily for pretrial, [thus] there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *Id.* Also, the Panel explained that:

> the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel, and the judiciary, thereby effectuating an overall savings of cost and a reduction of inconvenience to all concerned.

*Id.* (internal citations omitted). Thus, the Panel has already considered and rejected the arguments the Plaintiffs raise here.

The Plaintiffs also argue that transfer will not promote the just and efficient conduct of this action, as they assert that cases transferred to the MDL are "forever mired in inactivity." (Pls' Memorandum of Law in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order to MDL, p. 3.)  As noted above, MDL No. 875 was created because asbestos litigation in federal courts had ballooned to a critical volume, calling for a "new, streamlined approach." *Id.* at 418. Clearly, the Panel's desire to create a streamlined approach to the litigation comports with the transfer statute's goal of promoting the just and efficient conduct of matters.

The Panel's creation of MDL 875 has served that goal.  While the Plaintiffs claim that cases on the MDL docket languish indefinitely, the MDL has, in fact, successfully managed and resolved a significant portion of the transferred cases. In 2000, the Third Circuit Court of Appeals reviewed a request from asbestos plaintiffs for remand. In denying that request, the

Court stated, in part, that as "of late 1996, some 62,000 cases had been assigned to MDL 875 and approximately 40,000 had been resolved." *In re Joann Patenaude*, 210 F.3d 135 (3rd Cir. 2000). "As of January 1999, nearly 60,000 cases had been closed." *Id.* In 2001, Plaintiffs with actions pending in the Southern District of Mississippi and the Southern District of Texas moved to vacate orders conditionally transferring their actions to MDL 875. *In re Asbestos Products Liability Litigation, Wooley v. International Paper Co.*, 170 F. Supp. 2d 1348, 1349 (J.P.M.L. 2001). This Panel denied the motions to vacate, noting that "under Judge Weiner's stewardship the vast majority of transferred actions have been able to be concluded in the transferee district during the court of pretrial proceedings (as of October 9, 2001, nearly 70,000 such actions have been closed in the transferee district.)" *Id.* Further, MDL 875 has "overseen broad discovery regarding litigation screening companies, the physicians they employ, and the nature of their contracts with plaintiffs' firms." *In re Joann Patenaude*, 210 F.3d at 139. Thus, contrary to the plaintiffs' arguments, discovery is conducted in the MDL cases, and numerous cases have been resolved.

The Plaintiffs cite to a few cases offering comments critical of MDL 875. The Plaintiffs first cite to *Rosamond v. Garlock Sealing Technologies, Inc.*, 2004 WL 943924 (N.D. Miss. 2004). The *Rosamond* court, however, remanded the case based on its finding that diversity jurisdiction did not exist, thus the court's discussion regarding the MDL is dicta. *See Id.* In the *In re Maine Asbestos Cases*, 44 F. Supp. 2d 368, 374 (D. Me 1999) cited by the Plaintiffs, the court criticized the lack of movement of cases in the MDL, but the Court, in contrast to the *Patenaude* and *Wooley* cases, offered no statistics in support of its statements. Finally, the Plaintiffs cite to *Madden v. Able Supply Company*, 205 F. Supp. 2d 695 (S.D. Tex. 2002). In that case, the Court notes that a transfer of the case to the MDL would not be efficient, but this

determination was affected not only by the speed of resolution of cases in the MDL, but by the fact that the case had already been pending in state court for two years and because the trial was a mere eight weeks away. *Id.* As the cases cited by the Plaintiff may be distinguished, and none offer any statistics rebutting those offered in the *Patenaude* and *Wooley* cases, all conditions for transfer have been satisfied and the Plaintiffs' motion should be denied.

B. Transfer Will Not Violate the Plaintiffs' Constitutional Rights

The Plaintiffs argue that transfer to MDL 875 will violate their constitutional rights, by violating their right to access to the courts and by denying them the right to a trial by jury. Their arguments regarding each alleged constitutional violation are based on the Plaintiffs' assertions that cases transferred to the MDL languish indefinitely. Again, as explained above, the Plaintiffs' assertions are simply inaccurate. *See In re Joann Patenaude*, 210 F.3d at 139; *In re Asbestos Products Liability Litigation, Wooley v. International Paper Co.*, 170 F. Supp. 2d at 1349. Accordingly, their arguments that transfer to the MDL results in a de facto extinguishment of their constitutional rights must fail.

Further, this Panel has already considered, and rejected, an argument that transfer to the MDL denies a plaintiff his/her right to a jury trial. In *Wooley*, this Panel noted that the Plaintiffs "suggested that transfer should be denied because the way in which MDL-875 is being administered effectively denies them their constitutional right to a jury trial." *Wooley*, 170 F. Supp. 2d at 1349. The Panel expressly rejected that argument, explaining:

> Although the number of Section 1407 remands in this docket is proportionately small, this is only because under Judge Weiner's stewardship the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings . . . The fact remains that whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been utilized to accomplish Section 1407 remand for trial with a minimum of delay.

5

*Id.* Accordingly, the Plaintiffs' constitutional arguments also must fail.

WHEREFORE, Warren Pumps LLC respectfully requests that the Court deny the Plaintiffs' Motion to Vacate Conditional Transfer Order to MDL and transfer this matter from the Western District of Kentucky to MDL No. 875, and for all other appropriate relief.

Respectfully submitted,

*Blaire M. Henley*

Douglas B. King, Indiana Atty. # 5199-49
dking@woodmclaw.com
Blaire M. Henley, Indiana Atty. # 25629-53
bhenley@woodmclaw.com

J. David Boswell
Van F. Sims
Boswell, Sims, & Vasseur PLLC
425 South Sixth Street
Paducah, KY 42003

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 5 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that and original and four (4) copies of the foregoing document, along with a computer-generated disk, were mailed to the Clerk of the Panel and that a copy was also served on the attached panel service list by depositing a copy of the same in the United States Mail, post-prepaid, on the 3rd day of March, 2008.

*Blaire M. Henley*
Blaire M. Henley

70775_1

2008 MAR -4 A 11:18
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
PANEL SERVICE LIST (Excerpted from CTO-299)
MDL No. 875
*Harold Hendley, et al. v. American Standard, Inc., et al.*
W.D. Kentucky, C.A. No. 5:07-208

Jeffrey T. Bash
HEYL ROYSTER VOELKER
 & ALLEN
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025

Brenda G. Baum
HEPLER BROOM
Mark Twain Plaza
P.O. Box 510
Edwardsville, IL 62025-0510

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Melissa N. Bork
GREENEBAUM DOLL
 & MCDONALD PLLC
101 S. Fifth Street
3300 National City Tower
Louisville, KY 40202-3197

J. David Boswell
BOSWELL SIMS & VASSEUR
P.O. Box 1265
Paducah, KY 42002-1265

Edward K. Box
GAULT MARSHALL
 & MILLER
P.O. Box 30
Paducah, KY 42002-0030

Robert J. Brummond
FOLEY & MANSFIELD PLLP
1001 Highlands Plaza Dr. W.
Suite 400
St. Louis, MO 63110

Kymala B. Carrier
MCAFEE & TAFT
2 Leadership Square, 10th Floor
211 N. Robinson
Oklahoma City, OK 73102

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Jeffery G. Chrones
JOHNSON & BELL LTD
33 West Monroe Street
Suite 2700
Chicago, IL 60603-5404

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

Thomas Bennet Clark
851 Corporate Drive, Suite 310
Lexington, KY 40503

Edward M. Crane
SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Steven M. Crawford
FROST BROWN TODD LLC
400 West Market Street
32nd Floor
Louisville, KY 40202-3363

Donald J. Dahlmann
WALKER & WILLIAMS
4343 West Main Street
Belleville, IL 62223

David A. Damico
BURNS WHITE
 & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Scott Allen Davidson
BOEHL STOPHER
 & GRAVES
400 W. Market Street
2300 Aegon Center
Louisville, KY 40202

Scott T. Dickens
FULTZ MADDOX HOVIOUS
 & DICKENS PLC
101 South Fifth Street
2700 National City Tower
Louisville, KY 40202-3116

Daniel G. Donahue
FOLEY & MANSFIELD PLLP
1001 Highlands Plaza Dr. W.
Suite 400
St. Louis, MO 63110

Robert J. Evola
SAVILLE EVOLA & FLINT
P.O. Box 602
Alton, IL 62002

Raymond P. Forceno
FORCENO GOGGIN
 & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Raymond R. Fournie
ARMSTRONG TEASDALE
One Metropolitan Square
211 North Broadway]
Suite 2600
St. Louis, MO 63102-2740

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John K. Gordinier
PEDLEY ZIELKE
GORDINIER &PENCE
462 South Fourth Avenue
2000 Meidinger Tower
Louisville, KY 40202

Albert F. Grasch, Jr.
GRASCH & COWEN
302 West High Street
Lexington, KY 40507

Susan Gunty
GUNTY & MCCARTHY
150 South Wacker Drive
Suite 1025
Chicago, IL 60606

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Max S. Hartz
MCCARROLL NUNLEY
&HARTZ
P.O. Box 925
Owensboro, KY 42302-0925

Mary Ann Hatch
HERZOG CREBS LLP
One City Centre
515 North Sixth Street
24th Floor
St. Louis, MO 6310 I

Harry K. Herren, Jr.
WOODWARD HOBSON
& FULTON
2500 National City Tower
101 S. Fifth Street
Louisville, KY 40202

William A. Hoback, II
MIDDLETON REUTLINGER
2500 Brown & Williamson
Tower
Louisville, KY 40202-3410

Stefan Richard Hughes
COLE & MOORE, PSC
P.O. Box 10240
Bowling Green, KY 42102

Rebecca R. Jackson
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750

Joseph J. Janatka
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601

Charles L. Joley
DONOVAN ROSE NESTER
& JOLEY
8 East Washington Street
Belleville, IL 62220

A. Timothy Jones
HAWKINS & PARNELL LLP
4000 One Peachtree Center
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Walter M. Jones
WYATT TARRANT
& COMBS
500 W. Jefferson Street
Suite 2800
Louisville, KY 40202

Rebecca K. Jude
Jude & Jude, PLLC
P.O. Box 17468
Hattiesburgh, MS 39402

Mark A. Kinzie
STINSON MORRISON
HECKER
100 South Fourth Street
Suite 700
St. Louis, MO 63102

William M. Koziol
Law Offices of William M.
Koziol
1 Kemper Drive
Long Grove, IL 60049

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street Suite 300
Akron, OH 44308-1314

Thomas Ksobiech
RASMUSSEN WILLIS
DICKEY & MOORE LLC
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

Kimberly K. Kuhlengel-Jones
255 East St. Louis Street
Nashville, IL 62263

John J. Kurowski
KUROWSKI BAILEY
& SHULTZ
24 Bronze Pointe
Swansea, IL 62226

Candice C. Kusmer
KUROWSKI BAILEY
& SHULTZ
24 Bronze Pointe
Swansea, IL 62226

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

David E. Larson
LARSON & LARSON
11150 OverBrook Road
Suite 350
Leewood, KS 66211

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, P A 19102

Stephen J. Maassen
HOAGLAND FITZGERALD
P.O. Box 130
Alton, IL 62002

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Ryan J. McQueeney
SANCHEZ DANIELS
 & HOFFMAN
333 West Wacker Drive
Suite 500
Chicago, IL 60606

Robert J. Meyer
SWANSON MARTIN
 & BELL LLP
330 North Wabash, Suite 3300
Chicago, IL 60611

John B. Moore
PHILLIPS PARKER
ORBERSON & MOORE PLC
716 West Main Street, Suite 300
Louisville, KY 40202

H. Patrick Morris
JOHNSON & BELL LTD
33 West Monroe Street
Suite 2700
Chicago, IL 60603-5404

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
Mt. Pleasant, SC 29464

James W. Owens
P.O. Box 2757
Paducah, KY 42002-2757

John J. Repcheck
MARKS O'NEILL O'BRIEN
 & COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

Karen M. Rheingans
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
330 North Wabash Avenue
Suite 200
Chicago, IL 60611-3514

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Rebecca F. Schupbach
WYAIT TARRANT
 & COMBS
500 W. Jefferson Street
Suite 2800
Louisville, KY 40202

Richard D. Schuster
VORYS SATER SEYMOUR
 & PEASE LLP
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
 & BURGESS
11766 Wilshire Blvd., 6th Fl.
Los Angeles, CA 90025

Adam B. Shadburne
THOMPSON MILLER
 & SIMPSON
600 W. Main Street
Suite 500
Louisville, KY 40202

Robert H. Shultz, Jr.
HEYL ROYSTER VOELKER
 & ALLEN
P.O. Box 467
Edwardsville, IL 62025

Stephen E. Smith, Jr.
MCMURRY & LIVINGSTON
P.O. Box 1700
Paducah, KY 42002-1700

Milton C. Spaulding
SPENCER FANE BRITT
 & BROWNE LLP
1 N. Brentwood Boulevard
Suite 1000
St. Louis, MO 63105

Robert N. Spinelli
KELLEY JASONS MCGUIRE
 & SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW
FIRM
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226-4192

James K. Toohey
JOHNSON & BELL LTD
33 West Monroe Street
Suite 2700
Chicago, IL 60603-5404

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Palmer G. Vance II
STOLL KEENON & OGDEN
300 W. Vine Street, Suite 2100
Lexington, KY 40507-1380

James K. Weston II
TOM RILEY LAW FIRM
P.O. Box 998
Cedar Rapids, IA 52406

Gary E. Wiseman
NOONAN & WISEMAN PC
701 Market, Suite 650
St. Louis, MO 63101