**MDL 875**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2008

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS   )
LIABILITY LITIGATION         )
(NO. VI)                    )
                         )
_____)
                         )
This Documents Relates To:   )      MDL No. 875
_____)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Miami-Dade Circuit Court Case No. 07-36063

CASE NO. 07-23042-CIV-Jordan/Torres

DAVID A. MARLEY, and
PAULINE E. MARLEY, his wife,

      Plaintiffs,

v.

ELLIOTT TURBOMACHINERY
CO., INC., et al.,

      Defendants.
_____/

**DEFENDANTS, VIAD CORPORATION' AND ELLIOTT TURBOMACHINERY CO.
INC.'S, JOINT RESPONSE AND OPPOSITION TO PLAINTIFFS MOTION TO
VACATE THE CONDITIONAL TRANSFER ORDER**

      Pursuant to Rule 7.2 and 7.4(f) of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, Defendants, VIAD CORP, improperly sued herein as VIAD

CORPORATION, f/k/a THE DIAL CORPORATION SUCCESSOR TO GRISCOM

RUSSELL COMPANY, and ELLIOTT TURBOMACHINERY CO. INC., by and through

**OFFICIAL FILE COPY**

PLEADING NO. 5370

undersigned counsel, hereby submits this, their Joint Response and Opposition to the Plaintiff's Motion to Vacate the Conditional Transfer Order to the MDL.

## I.   THE MDL SERVES TO CENTRALIZE CLAIMS FOR PRETRIAL PROCEEDINGS

The Judicial Panel on Multidistrict Litigation ("MDL") was created by an Act of Congress in 1968- 28 U.S.C. §1407. Where cases involve common questions of fact, these claims should be transferred for coordinated or consolidated pretrial proceedings. The purpose of the transfer to the MDL is to avoid duplication of discovery, prevent inconsistent pretrial rulings and to preserve the resources of the parties and the judiciary. MDL-875 was created to centralize all personal injury and wrongful death asbestos related litigation.

In their motion to vacate the conditional transfer order, the Plaintiffs have misstated the purpose and efficacy of the MDL. The MDL is the appropriate and proper venue for this case.   Retaining jurisdiction of this case in the MDL will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation.

## II.   MDL-875 IS THE APPROPRIATE AND PROPER VENUE FOR THIS CASE

### A.  MDL-875 is convenient for the purpose of pretrial proceedings

In their motion to vacate the conditional transfer order, Plaintiffs argue that the transfer of this claim from Florida to the MDL in Philadelphia is not convenient.  This argument has previously been presented to the Panel and has been dispensed with.

In creating MDL-875, the Panel chose Philadelphia in large part for the convenience of the litigants. The Panel found that the largest number of asbestos cases were in proximity to Philadelphia and that:

> on the basis of the papers filed and the hearing held...the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under §1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote just and efficient conduct of this litigation.

*See In re Asbestos Products Liability Litigation* (No. VI) 771 F. Supp. 415, 417 (Jud.Pan.Mult.Lit., 1991)

In so designating Philadelphia as the venue for MDL-875, the Panel recognized that the transfer might be burdensome or inconvenient to some, but explained that the "§1407 transfer is primarily for pretrial, [so] there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. Furthermore... it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. *Id.* at 422.

### B.  MDL-875 is the just and efficient for asbestos pretrial proceedings

In their motion to vacate the conditional transfer order, the Plaintiffs repeatedly refer to the MDL as a "black hole". The content of their moving papers misstates the statistics relative to the MDL as a whole, and MDL-875 in particular.

Since it's creation in 1968 through September 30, 2007, 265,269 cases have been so centralized for pretrial proceedings. This figure includes a multitude of diverse claims, including asbestos litigation. As of September 30, 2007 only 76,842 of those cases remained pending in the MDL as a whole. At the end of 2007, only 29% of the cases that had been transferred to the MDL as a whole from its inception remained pending. *See*

-3-

*Statistical Analysis of Multidistrict Litigation* 2007, cumulative summary of Multidistrict Litigation.

Of all the cases centralized for pretrial proceedings in the MDL, 104,434 were transferred to MDL-875 for asbestos litigation. As of September 30, 2007, only 35,881 cases remained pending in MDL-875. At the end of 2007, only 34% of the cases that had been transferred to MDL-875 from its inception remained pending. *See Statistical Analysis of Multidistrict Litigation* 2007, page 13.

Federal and state courts had faced an asbestos litigation crisis prior to the inception of MDL-875. In *Amchem Prods. Inc., v. Windsor*, 521 U.S. 591, 598 (1997) the Court noted that:

> the most objectionable aspects of asbestos litigation can be briefly summarized: dockets in both federal and state courts continue to grow; long delays are routine, trials are too long; the same issues are litigated over and over; transaction costs exceed the victims' recovery by nearly two to one; exhaustion of assets threatens and distorts the process; and future claimants may lose altogether.

(*Citing* the Report of the Judicial Conference Ad Hoc Committee on Asbestos Litigation at 2-3 (Mar. 1991))

In creating MDL-875, the Court was persuaded that asbestos litigation had reached a magnitude that threatened the administration of justice and that required a new, streamlined approach. *See In re Asbestos Products Liability Litigation*, 771 F. Supp at 418.

Since its creation, the MDL Court has effected procedures for oversight of the asbestos docket. *See In re Asbestos Products Liability Litigation*, 1996 WL 539589 at 1 (E.D. PA, Sept. 16, 1996). These procedures have worked effectively and as of

-4-

September 30, 2007, 75,221 out of 104,434 cases transferred to MDL-875 have been resolved. *See Statistical Analysis of Multidistrict Litigation* 2007, page 13.

Plaintiffs filed a brief in support of their motion to vacate the conditional transfer order. However, Plaintiff's legal authority is not well taken and fails to identify for this Panel the context in which the cited decisions were rendered.

In support of its opposition, Plaintiff cites, out of context, *In re Maines Asbestos Cases*, 44 F. Supp.2d 368 (D. Me. 1999). Plaintiffs fail to identify that the quotation cited in their motion is contained in a footnote, and not the opinion. Additionally, this opinion was entered in 1999 and the footnote cited by Plaintiff referenced the MDL's early and now abandoned interest in achieving a global settlement. Nine years of litigation in the MDL have passed since the entry of the Court's decision in *Maine Asbestos.*

Plaintiffs also cite *Madden v. Able Supply Company*, 205 F.Supp.2d 695 (S.D. TX 2002) for the proposition that the conditional transfer order should be vacated. Again, Plaintiffs citation is taken out of context and fails to identify the procedural posture of the *Madden* case at the time the Court heard argument on Plaintiff's motion to remand. In *Madden*, the Plaintiff filed suit against "over 40 Defendants", including Westinghouse. The Court ordered the claims against Westinghouse (based on federal officer jurisdiction) severed and the claims against the remaining Defendants remanded to state court. In reaching it's holding, the Court expressly noted that the "Plaintiff's state court trial setting is less than eight weeks away. At this late date, practically on the eve of trial, the Court finds delaying the resolution of the Remaining Claims senseless and unjustified." *Id.* at 702. The factual circumstances identified by the Court in *Madden* do not exist in the case

at bar. Notably, this case is not set for trial. The urgency that existed in the *Madden* case simply does not exist in the instant action. This action was based on federal officer jurisdiction as Plaintiff's alleged exposure to asbestos and asbestos containing products was while aboard the U.S.S. Lake Champlain.

Similarly, Plaintiff's have cited to *Rosamond v. Garlock Sealing Technologies, Inc.*, 2004 WL 943924 (N.D. Miss. 2004) but failed to identify for this Panel that the quoted language is merely dicta from the Court's opinion. The Court in *Rosamond* did not determine that jurisdiction in the MDL was improper but held that diversity of citizenship was lacking that the Court lacked subject matter jurisdiction. The Court further noted that removal had not been timely effected.

Since it's creation in 1991, MDL-875 has centralized pretrial procedures for asbestos litigation. The MDL is dedicated to the management and resolution of asbestos litigation cases. As recently as January 29, 2008, Administrative Orders continue to be entered in MDL-875 regarding its case management and file handling requirements. MDL-875 has extensive experience in complex asbestos litigation.

MDL-875 is the appropriate and proper venue for this case.

## III.   PLAINTIFFS' CONSTITUTIONAL RIGHTS ARE NOT VIOLATED BY THE TRANSFER OF THIS CASE TO THE MDL

In their motion to vacate the conditional transfer order, Plaintiffs argue that the transfer of this case to MDL-875 violates their right of access to the Court under Article 1 §21 and 22 of the Florida Constitution and the 7th and 14th Amendments to the United States Constitution.

Contrary to this assertion, transfer of this case to the MDL does not deny Plaintiffs their right of access to the Court. The MDL has extensive experience with asbestos litigation and the stated goal of the MDL is to streamline and simplify asbestos litigation for both the parties and the judiciary. The MDL's own statistical analysis establishes the resolution of asbestos cases transferred to the MDL.

Plaintiffs will not be denied access to the Court. The MDL is the judicial body designed to manage this case through the pretrial process. Plaintiffs will return to the local District Court for trial of their claims. The Plaintiffs retain their right and ability to seek remand of their case.

Constitutional arguments, such as Plaintiffs, have been argued and previously rejected by this Panel. *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (Jud.Pan.Mult.Lit., 2001) the Judicial Panel held that transfer to the MDL was warranted. The Panel noted that "Plaintiffs in the Southern District of Texas have suggested that transfer should be denied because the way in which MDL-875 is being administered denies them their constitutional right to a jury trial". *Id.* at 1349. In response to this claim, the Panel stated "we reject this argument... The fact remains that whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been utilized to accomplish Section 1407 remand for trial with a minimum of delay." *Id.* at 1349-50.

Plaintiffs reliance upon the Court's decision in *Armster v. U.S. Dist. Court for the Central Dist. of Florida,* 792 F.2d 1423 (9th Cir. 1986) is misplaced. In *Armster* the Court held that jury trials could not be suspended due to budgetary concerns. There is no analogy that can be made by Plaintiffs to the facts identified in *Armster*. Plaintiffs have not

established to this Panel any support for their claim that their right to a jury trial has been removed or suspended by transfer of this cause to the MDL.

The transfer of Plaintiffs' case to the MDL does not violate Plaintiffs' equal protection rights under the 14th Amendment to the United States Constitution. Plaintiffs' argument fails. To pass muster under the strict scrutiny test, a challenged governmental action must be closely related to a compelling governmental interest. The federal government was confronted with such a compelling governmental interest with the asbestos litigation crisis. The asbestos litigation crisis crowded both the federal and state court dockets resulting in long delays, cumbersome trials and duplicitous discovery and re-litigation of the same issues. The financial impact of the asbestos crisis was felt by all the parties, including its effect on the victims' recoveries. This compelling governmental interest was addressed with the creation of MDL-875. The creation and administration of MDL-875 is the government's narrowly tailored means to address this matter.

Plaintiffs' constitutional rights have not been violated and transfer of this case to the MDL is proper and appropriate.

## IV        THE BLACK HOLE ARGUMENT

Plaintiffs have argued in their remand motion and in their motion to vacate the conditional transfer order that the MDL is a "black hole". In their motion to vacate Plaintiffs incorrectly state that "defendants did not address plaintiffs' legitimate arguments, or the federal district courts, that have criticized the MDL, during the original removal/remand debate. Indeed, the defendants' silence on this 'MDL-as-black-hole" issue in the Southern District of Florida is deafening. The defendants did not address these issues because they

know they cannot credibly defend the transfer of this case to the MDL as fair, just, convenient or efficient."

Plaintiffs assertion misstates the procedural history of this claim in the District Court and improperly suggests that Viad and Elliot have conceded to Plaintiffs "black hole" theory. Viad's grounds for removal, and opposition to Plaintiffs motion to remand, addressed issues relative to the jurisdiction of the federal court, not the transfer of this cause to the MDL. As such, Plaintiffs "black hole" concept was wholly irrelevant and unworthy of comment in Viad's moving papers. Elliott responded to the "black hole" argument in its memoranda in opposition to Plaintiffs emergency motion to remand.

Further, as Plaintiffs' repeatedly raised their "black hole" theory, Viad and Elliott Company jointly filed it's Notice of Supplemental Authority on January 15, 2008 regarding the decision of *In re: United States Lines, Inc.*, 1998 WL 382023 (S.D.N.Y. 1998). In that case, the Court noted counsel's reference to the MDL as a "black hole" and "the third level of Dante's inferno" and stated that "these metaphors do not justify an interruption in the normal function of the legal system".

Oral argument on the Plaintiffs motion to remand was heard by Judge Jordan on January 16, 2008. During that hearing, Plaintiff's counsel argued it's "black hole- MDL" theory to the District Court. Judge Jordan expressly advised counsel that "the fact that they want to transfer to the MDL is not going to have any bearing on my decision dealing with your motion to remand... You're going to win or lose on the merits of that motion, not why you want to be in state court and not why they want to be in the MDL." Judge Jordan clearly stated that the motion to remand would be addressed on it's merits only and refused to entertain Plaintiffs' "black hole" allegations.

-9-

## V. CONCLUSION

The MDL is the proper venue for this action as it will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation. The MDL provides just and efficient administration for asbestos litigation. Plaintiffs constitutional rights are not violated by the transfer of this matter to the MDL.

Wherefore, Defendants, VIAD CORP and ELLIOTT TURBOMACHINERY CO.INC., respectfully request that Plaintiffs' motion to vacate the conditional transfer order to the MDL be denied.

Dated this 7th day of March, 2008.

Respectfully submitted,

Abigail M. Cohen, Esquire
Fla. Bar No. 982679
acohen@conroysimberg.com
CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY, MORROW
 & SCHEFER, P.A.
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
Telephone: 954-961-1400
Facsimile: 954-967-8577
*Counsel for VIAD CORPORATION*

Helaine S. Goodner, Esquire
Fla. Bar No.  0462111
Hgoodner@fowler-white.com
Fowler White Burnett, P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone (305) 789-9200
Facsimile: (305) 789-9201
*Counsel for Elliott Turbomachinery*



-10-

Mailed to:

Jeffrey N. Luthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judicial Builidng
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 20002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 12 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Defendants, VIAD CORP and

ELLIOTT TURBOMACHINERY CO. INC.'S, Joint Response and Opposition to Plaintiff's

Motion to Vacate the Conditional Transfer Order by United States Mail, First Class,

postage prepaid to Plaintiffs' counsel and all other counsel of record addressed below, this

7th day of March, 2008.

Abigail M. Cohen, Esquire
Fla. Bar No. 982679
acohen@conroysimberg.com
CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY, MORROW
 & SCHEFER, P.A.
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
Telephone: 954-961-1400
Facsimile: 954-967-8577
*Counsel for VIAD CORPORATION*

Helaine S. Goodner, Esquire
Fla. Bar No.  0462111
Hgoodner@fowler-white.com
Fowler White Burnett, P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone (305) 789-9200
Facsimile: (305) 789-9201
*Counsel for Elliott Turbomachinery*

PANEL SERVICE LIST - MDL NO. 875

David A. Marley, et al. v. Elliott Turbomachinery Co., Inc., et al.,
S.D. Florida, C.A. No. 1:07-23042

David A. Jagolinzer, Esq.
Case A. Dam, Esquire
Ferraro & Associates, P.A.
4000 Ponce de Leon Boulevard, Suite 700
Miami, FL 33146
Telephone:  305-375-0111
Fax:  305-379-6222
*Counsel for Plaintiffs*

Edward J. Briscoe, Esquire
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida  33131
305-789-9200
fax: 305-789-9201
*Counsel for Alfa Laval, Inc.*

Susan J. Cole, Esquire
Kathleen LaBarge
Bice Cole Law Firm
999 Ponce de Leon Boulevard, Suite 710
Coral Gables, Florida 33134
305-444-1225
fax: 305-446-1598
*Counsel for Defendants Buffalo Pumps, Inc.,*
 *Goodyear Tire & Rubber Co. and Velan Valve Corp.*

Hugh Turner, Esquire
David Hawthorne, Esquire
Akerman Senterfitt
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301
*Counsel for Defendants Carrier Corporation*

Evelyn M. Fletcher, Esquire
Frances Spinthourakis, Esquire
Hawkins & Parnell, LLP
303 Peachtree Street, NE, Suite 4000
Atlanta, Georgia 30308
*Counsel Defendant General Electric Co.*
 *Goulds Pumps, The Sherwin Williams Co.,*

Daniel Casey, Esquire
Rebecca C. Kibbe, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
201 South Biscayne Boulevard, 20th Floor
Miami, Florida 33131
*Counsel for Defendant Crane Co.*

Edward A. Moss, Esquire
Sergio Pagliery, Esquire
Shook Hardy & Bacon LLP
201 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
*Counsel for Defendant, DuPont*

Henry Salas, Esquire
Cole Scott & Kissane
6301 Sunset Drive
South Miami, Florida 33143
*Counsel for Defendant General Motors Corporation*

Marty Fulgueira Elfenbein, Esquire
Stuart L. Cohen, Esquire
M. Stephen Smith, III
Rumberger Kirk & Caldwell
Brickell Bayview Centre
80 SW 8th Street, Suite 3000
Miami, FL 33130-3047
  *Counsel for Fairbanks Morse Pumps; Foster Wheeler Energy Corp.;*
    *Garlock Sealing Technology; John Crane, Inc.; Warren Pumps, LLC*

Christopher Collings, Esquire
Morgan, Lewis & Bockius
5300 Wachovia Financial Center
200 S Biscayne Blvd.
Miami, FL 33131
  *Counsel for T H Agriculture & Nutrition; Tyco International; Yarway Corporation*

Steven A. Edelstein, Esquire
Law Offices of Steven A. Edelstein
The Biltmore Hotel Executive Office Center
1200 Anastasia Ave., Suite 410
Coral Gables, FL 33134
305-444-5660
Fax: 305-444-5646
  *Counsel for Ingersoll Rand Corp.*

Trent Hamilton, Esquire
Alston & Bird
1201 W. Peachtree Street, NE
One Atlantic Center
Atlanta, GA 30309-3424
404-881-4977
Fax: 404-253-8511
  *Counsel for Union Carbide Corporation*

Richard C. Binzley, Esquire
Thompson Hine LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass, Esquire
Gallagher Sharp Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud, Esquire
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001

Timothy Clark, Esquire
Law Offices of Timothy Clark PA
Wellesley Corporate Plaza
7951 SW 6th Street, Suite 106
Plantation, FL 33324

David A. Damico, Esquire
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburg, PA 15212

Raymond P. Forceno, Esquire
Forceno Googin & Keller
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman, Esquire
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen, Esquire
Brownson & Ballou
225 S. Sixth Street
Suite 4800
Minneapolis, MN 55402

Virginia E. Johnson, Esquire
Foley & Mansfield LLP
4770 Biscayne Blvd., Suite 1000
Miami, FL 33137

Reginald S. Kramer, Esquire
Oldham & Dowling
195 S. Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin, Esquire
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219

Gene Locks, Esquire
Locks Law Firm LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley, Esquire
Motley Rice LLC
PO Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck, Esquire
Marks, O'Neill, O'Brien & Courtney, PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven, Esquire
Roven- Kaplan, LLP
2190 N. Loop West, Suite 410
Houston, TX 77018

Lori Anne Rovner, Esquire
Foley & Mansfield
4770 Biscayne Blvd., Suite 1000
Miami, FL 33137

Richard Schuster, Esquire
Vorys, Sater, Seymour & Pease LLP
52 E. Gay Street,
PO Box 1008
Columbus, OH 43216-1008

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Frank J. Sioli, Jr.
Brown Sims PC
9100 S. Dadeland Blvd., Suite 908
Miami, FL 33156

Robert N. Spinelli, Esquire
Kelley Jasons McGuire & Spinelli LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm PC
1370 Penobscot Building
645 Giwsold Street
the Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew Trevelise, Esquire
Reed Smtih LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, NE
PO Box 998
Cedar Rapids, IA 52406
074928/2G63239.WPD

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 12 2008

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS   )
LIABILITY LITIGATION       )
(NO. VI)                   )
                           )
_____  )
                           )
This Documents Relates To: )        MDL Docket No. 875
_____  )

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Miami-Dade Circuit Court Case No. 07-36063

CASE NO. 07-23042-CIV-Jordan/Torres

DAVID A. MARLEY, and
PAULINE E. MARLEY, his wife

        Plaintiffs,

v.

ELLIOTT TURBOMACHINERY CO., INC.,
et al.,
        Defendants.
_____/

## DEFENDANTS, VIAD CORPORATION'S AND ELLIOTT TURBOMACHINERY CO., INC.'S, REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD

Pursuant to Rule 16.1(b) of the Rules of Procedure of the Judicial Panel on

Multi District Litigation, Defendants, VIAD CORP, improperly sued herein as VIAD

CORPORATION, f/k/a/ THE DIAL CORPORATION SUCCESSOR TO GRISCOM

RUSSELL COMPANY, and ELLIOTT TURBOMACHINERY CO., INC., by and through

undersigned counsel, hereby submits this, it's Reasons why Oral Argument need not be heard in this matter:

      1.     The dispositive issues raised by Plaintiffs in their motion to vacate have been authoritatively decided.

      2.     The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

      Wherefore, Defendants VIAD CORP. and ELLIOTT TURBOMACHINERY CO., INC., respectfully requests that Plaintiff's request for oral argument be denied.

      Dated this 7th day of March, 2008.

                  Respectfully submitted,

                  _____
                  Abigail M. Cohen, Esquire
                  Fla. Bar No. 982679
                  acohen@conroysimberg.com
                  CONROY, SIMBERG, GANON,
                  KREVANS, ABEL, LURVEY, MORROW
                   & SCHEFER, P.A.
                  3440 Hollywood Boulevard, Second Floor
                  Hollywood, FL 33021
                  Telephone: 954-961-1400
                  Facsimile: 954-967-8577
                  *Counsel for VIAD CORPORATION*

                  _____
                  Helaine S. Goodner, Esquire
                  Fla. Bar No.  0462111
                  Hgoodner@fowler-white.com
                  Fowler White Burnett, P.A.
                  Espirito Santo Plaza, 14th Floor
                  1395 Brickell Avenue
                   Miami, Florida 33131-3302
                  Telephone (305) 789-9200
                  Facsimile: (305) 789-9201
                  *Counsel for Elliott Turbomachinery*

Mailed to:   Jeffrey N. Luthi
             Clerk of the Panel
             Judicial Panel on Multidistrict Litigation
             Thurgood Marshall Federal Judicial Builidng
             One Columbus Circle, NE, Room G-255, North Lobby
             Washington, DC 20002

074928/2G59604.WPD

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Defendant, VIAD

CORPORATION'S, Reasons why oral argument need not be heard by United States Mail,

First Class, postage prepaid to Plaintiffs' counsel and all other counsel of record addressed

below, this 7th day of March, 2008.

Abigail M. Cohen, Esquire
Fla. Bar No. 982679
acohen@conroysimberg.com
CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY, MORROW
 & SCHEFER, P.A.
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
Telephone: 954-961-1400
Facsimile: 954-967-8577
*Counsel for VIAD CORPORATION*

Helaine S. Goodner, Esquire
Fla. Bar No. 0462111
Hgoodner@fowler-white.com
Fowler White Burnett, P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone (305) 789-9200
Facsimile: (305) 789-9201
*Counsel for Elliott Turbomachinery*

074928/2G59604.WPD

–4–

## PANEL SERVICE LIST - MDL NO. 875
### David A. Marley, et al. v. Elliott Turbomachinery Co., Inc., et al.,
### S.D. Florida, C.A. No. 1:07-23042

David A. Jagolinzer, Esq.
Case A. Dam, Esquire
Ferraro & Associates, P.A.
4000 Ponce de Leon Boulevard, Suite 700
Miami, FL 33146
Telephone:  305-375-0111
Fax:  305-379-6222
*Counsel for Plaintiffs*

Edward J. Briscoe, Esquire
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida  33131
305-789-9200
fax: 305-789-9201
*Counsel for Alfa Laval, Inc.*

Susan J. Cole, Esquire
Kathleen LaBarge
Bice Cole Law Firm
999 Ponce de Leon Boulevard, Suite 710
Coral Gables, Florida 33134
305-444-1225
fax: 305-446-1598
*Counsel for Defendants Buffalo Pumps, Inc.,*
 *Goodyear Tire & Rubber Co. and Velan Valve Corp.*

Hugh Turner, Esquire
David Hawthorne, Esquire
Akerman Senterfitt
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301
*Counsel for Defendants Carrier Corporation*

Evelyn M. Fletcher, Esquire
Frances Spinthourakis, Esquire
Hawkins & Parnell, LLP
303 Peachtree Street, NE, Suite 4000
Atlanta, Georgia 30308
*Counsel Defendant General Electric Co.*
 *Goulds Pumps, The Sherwin Williams Co.,*

Daniel Casey, Esquire
Rebecca C. Kibbe, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis LLP
201 South Biscayne Boulevard, 20th Floor
Miami, Florida 33131
*Counsel for Defendant Crane Co.*

Edward A. Moss, Esquire
Sergio Pagliery, Esquire
Shook Hardy & Bacon LLP
201 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
*Counsel for Defendant, DuPont*

Henry Salas, Esquire
Cole Scott & Kissane
6301 Sunset Drive
South Miami, Florida 33143
*Counsel for Defendant General Motors Corporation*

Marty Fulgueira Elfenbein, Esquire
Stuart L. Cohen, Esquire
M. Stephen Smith, III
Rumberger Kirk & Caldwell
Brickell Bayview Centre
80 SW 8th Street, Suite 3000
Miami, FL 33130-3047
 *Counsel for Fairbanks Morse Pumps; Foster Wheeler Energy Corp.;*
   *Garlock Sealing Technology; John Crane, Inc.; Warren Pumps, LLC*

Christopher Collings, Esquire
Morgan, Lewis & Bockius
5300 Wachovia Financial Center
200 S Biscayne Blvd.
Miami, FL 33131
 *Counsel for T H Agriculture & Nutrition; Tyco International; Yarway Corporation*

Steven A. Edelstein, Esquire
Law Offices of Steven A. Edelstein
The Biltmore Hotel Executive Office Center
1200 Anastasia Ave., Suite 410
Coral Gables, FL 33134
305-444-5660
Fax: 305-444-5646
 *Counsel for Ingersoll Rand Corp.*

Trent Hamilton, Esquire
Alston & Bird
1201 W. Peachtree Street, NE
One Atlantic Center
Atlanta, GA 30309-3424
404-881-4977
Fax: 404-253-8511
 *Counsel for Union Carbide Corporation*

Richard C. Binzley, Esquire
Thompson Hine LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass, Esquire
Gallagher Sharp Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud, Esquire
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001

Timothy Clark, Esquire
Law Offices of Timothy Clark PA
Wellesley Corporate Plaza
7951 SW 6th Street, Suite 106
Plantation, FL 33324

David A. Damico, Esquire
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburg, PA 15212

Raymond P. Forceno, Esquire
Forceno Googin & Keller
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman, Esquire
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen, Esquire
Brownson & Ballou
225 S. Sixth Street
Suite 4800
Minneapolis, MN 55402

Virginia E. Johnson, Esquire
Foley & Mansfield LLP
4770 Biscayne Blvd., Suite 1000
Miami, FL 33137

Reginald S. Kramer, Esquire
Oldham & Dowling
195 S. Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin, Esquire
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219

Gene Locks, Esquire
Locks Law Firm LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley, Esquire
Motley Rice LLC
PO Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck, Esquire
Marks, O'Neill, O'Brien & Courtney, PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven, Esquire
Roven- Kaplan, LLP
2190 N. Loop West, Suite 410
Houston, TX 77018

Lori Anne Rovner, Esquire
Foley & Mansfield
4770 Biscayne Blvd., Suite 1000
Miami, FL 33137

Richard Schuster, Esquire
Vorys, Sater, Seymour & Pease LLP
52 E. Gay Street,
PO Box 1008
Columbus, OH 43216-1008

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Frank J. Sioli, Jr.
Brown Sims PC
9100 S. Dadeland Blvd., Suite 908
Miami, FL 33156

Robert N. Spinelli, Esquire
Kelley Jasons McGuire & Spinelli LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm PC
1370 Penobscot Building
645 Giwsold Street
the Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew Trevelise, Esquire
Reed Smtih LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, NE
PO Box 998
Cedar Rapids, IA 52406
074928/2G63239.WPD