**MDL ☛ 875**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-208-R

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MAR 27 2008**

**FILED CLERK'S OFFICE**

HAROLD HENDLEY AND
LINDA HENDLEY                                              PLAINTIFFS

v.

AMERICAN STANDARD, INC, ET AL.                            DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs' Motion to Remand (Docket #38).
Defendants have responded (Docket #66). Plaintiffs have replied (Docket #94). This matter is now
ripe for adjudication. For the reasons that follow, Plaintiffs' Motion to Remand is GRANTED.

### BACKGROUND

Plaintiffs Harold and Linda Hendley initiated this action by filing a complaint on November
21, 2007, in Graves County Circuit Court. Plaintiff claims that he was injured by exposure to
asbestos while working at the Paducah Gaseous Diffusion Plant, which was operated by Defendant
Union Carbide. Defendant removed the action the this Court, asserting jurisdiction under 28 U.S.C.
§ 1442, the federal officer removal statute. Plaintiffs filed a motion to remand on January 15, 2008.

### DISCUSSION

The federal officer removal statute permits removal by "the United States or any agency
thereof or any officer (or any person acting under that officer) of the United States or of any agency
thereof, sued in an official or individual capacity for any act under color of such office." 28
U.S.C. § 1442(a)(1).

MDL-875

RECOMMENDED ACTION

VAC CTO-299 & HO    1 Action
Approved/Date: _Jr 27 Mar 08_

**OFFICIAL FILE COPY**

**IMAGED** MAR 2 8 2008    ✓

To remove a state court action under the federal officer removal statute, the burden is on the defendant to establish:

> 1) it is a "person" within the meaning of the statute; 2) it has a colorable federal defense; 3) it acted under the direction of a federal agency or officer; and 4) there is a causal nexus between the claims and the conduct performed under the color of federal office.

*Ferguson v. Lorillard Tobacco Co., Inc.*, 475 F. Supp. 2d 725, 729 (N.D. Ohio 2007).

The federal agency that Defendant states it acted under is the Atomic Energy Commission. The colorable federal defense asserted by Defendant is the federal contractor defense.

The federal contractor defense provides governmental immunity to a contractor acting under the direction and control of government officers. *See Boyle v. United Technologies Corp.*, 487 U.S. 500(1988). The *Boyle* Court held that a government contractor cannot be liable for providing military equipment when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; 3) the supplier warned the United States about the dangers in the use of equipment that were known to the supplier but not the United States. *Id.* at 512.

The Court does not have any information before it regarding the circumstances under which Hendley was exposed to asbestos at the Paducah Gaseous Diffusion Plant. Nor is there any information before the Court what was the "conduct" that the Atomic Energy Commission directed Defendants to engage in, other than a general assertion that Defendant acted under the direction of the Atomic Energy Commission in the plant's operations. Therefore, the Court cannot find that Defendant has established a causal nexus between Plaintiff's claims and Defendant's conduct.

Subsequent discovery may give Defendant the information necessary to establish such a the causal nexus necessary for federal officer removal jurisdiction. However, at this time the Court

cannot find that it has jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED.

An appropriate order shall issue.

**Thomas B. Russell, Judge**
**United States District Court**

March 26, 2008

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-208-R

HAROLD HENDLEY AND
LINDA HENDLEY                                                              PLAINTIFFS

v.

AMERICAN STANDARD, INC, ET AL.                               DEFENDANTS


### ORDER

This matter coming before the Court on Plaintiffs Harold Hendley and Linda Hendley's

Motion to Remand (Docket #38); Defendant Union Carbide having responded; Plaintiffs having

replied; the Court being sufficiently advised;

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand is GRANTED.  This case

shall be remanded to state court without delay.


Thomas B. Russell, Judge
United States District Court

March 26, 2008