**MDL 875**

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 27 2008

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

PLEADING NO. 5390 ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

TED MUNN et al.                                        Plaintiffs

v.                                                     CASE NO. 2:08-248

CLA-VAL CO.., et al.                                   Defendants

### PLAINTIFFS' MOTION TO VACATE THE
### CONDITIONALTRANSFER ORDER (CTO-303)

Plaintiffs Ted and Donna Munn, pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, hereby move the Panel to vacate its Conditional Transfer Order dated February 26, 2008 (CTO-303). Defendant Viad Corporation removed this action from California state court on January 15, 2008, claiming subject matter jurisdiction under the federal officer removal statute (28 U.S.C. § 1442(a)(1)).

The Munns filed a motion to remand that remains pending in the United States District Court for the Central District of California. That motion has been fully briefed and, at a recent hearing on March 24, 2008, the court continued the hearing and ordered Viad to produce additional documentation to support its removal. The Munns' motion

**OFFICIAL FILE COPY**   IMAGED MAR 2 7 2008

for remand is premised on the grounds that there is no subject matter jurisdiction because Viad failed to demonstrate the elements of federal officer jurisdiction. Pending resolution of their motion to remand, the Munns contend that transfer would be inappropriate because federal subject matter jurisdiction does not exist, a transfer will not further the convenience of the parties or witnesses, and common issues do not predominate over individual issues of fact.

This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and any other materials as may be presented to the Panel at the time of the hearing on the motion. The Munns also request the Clerk to set this motion for hearing at the next session of the Panel.

March 25, 2008                                  Respectfully submitted,

                                                _____
                                                ATTORNEYS FOR PLAINTIFFS

BRIAN P. BARROW
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412


## PROOF OF SERVICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 27 2008

FILED
CLERK'S OFFICE

STATE OF CALIFORNIA    )
                       )
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 301 East Ocean Blvd., Suite 1950, Long Beach, California. I am employed in Los Angeles County, California.

On the date set forth below, I served the foregoing document(s) described as:

**PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-303) and PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-303)**

On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

SEE ATTACHED SERVICE LIST

[XX] BY MAIL: I caused such envelope(s) to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[] BY FACSIMILE: I caused a courtesy copy to be transmitted by facsimile to the facsimile number of the offices of the addressee(s) as indicated above and below (see service list) on.

[] BY FEDERAL EXPRESS: I caused such envelope to be transmitted by federal express for next day delivery (by 10:30 a.m.) to the offices of _____.

[X] [STATE] I declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

[X] [FEDERAL] I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed this 26th day of March, 2008, at Long Beach, California.

ANNIE GREENFELD

**PANEL SERVICE LIST (Excerpted from CTO-303)**
**DYER vs. ALFA LAVAL, INC., et al., C.D. California, C.A. No. 2:07-7959**
**MUNN vs. CLA-VAL CO., et al., C.D. California, C.A. No. 2:08-248**
**MDL No. 875**
Updated as of 3/26/2008

| | | |
|---|---|---|
| Richard C. Binzley<br>THOMPSON HINE LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | Reginald S. Kramer<br>OLDHAM & DOWLING<br>195 South Main Street, Suite 300<br>Akron, OH 44308-1314 | Neil Selman<br>SELMAN BREITMAN & BURGESS<br>11766 Wilshire Blvd., Sixth Floor<br>Los Angeles, CA 90025 |
| Edward J. Cass<br>GALLAGHER SHARP FULTON & NORMAN<br>Bulkley Building, 7th Floor<br>1501 Euclid Ave.<br>Cloeveland, OH 44115 | David C. Landin<br>HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Robert N. Spinelli<br>KELLEY JASONS MCGUIRE & SPINELLI<br>Centre Square West, 15th Floor<br>Philadelphia, PA 19102 |
| Adam M. Chud<br>GOODWIN PROCTER LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001 | Ryan S. Landis<br>McKENNA LONG & ALDRIDGE LLP<br>444 South Flower Street, 8th Floor<br>Los Angeles, CA 90071 | Robert E. Swickle<br>JAQUES ADMIRALTY LAW FIRM PC<br>1370 Penobscot Building<br>645 Griwsold Street<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226-4192 |
| David A. Damico<br>BURNS WHITE & HICKTON<br>Fourth Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA 15212 | Peter B. Langbord<br>FOLEY & MANSFIELD, PLLP<br>150 South Robles Ave., Suite 400<br>Pasadena, CA 91101 | Andrew J. Trevelise<br>REED SMITH LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |
| Raymond P. Forceno<br>FORCENO GOGGIN & KELLER<br>1528 Walnut Street, Suite 900<br>Philadelphia, PA 19102 | Gene Locks<br>LOCKS LAW FIRM LLC<br>1500 Walnut Street<br>Philadelphia, PA 19102 | James K. Weston II<br>TOM RILEY LAW FIRM<br>4040 First Ave, N.E.<br>P. O. Box 998<br>Cedar Rapids, IA 52406 |
| Ellen B. Furman<br>GOLDFEIN & HOSMER<br>1600 Market Street, 33rd Floor<br>Philadelphia, PA 19103 | Ronald L. Motley<br>MOTLEY RICE LLC<br>P. O. Box 1792<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 | |
| Julia A. Gowin<br>PALMIERI, TYLER, WIENER, WILHELM & WALDRON LLP<br>2603 Main Street, East Tower – Suite 1300<br>Irvine, CA 92614-4281 | John J. Repcheck<br>MARKS O'NEILL O'BRIEN & COURTNEY PC<br>Gulf Tower, Suite 2600<br>707 Grant Street<br>Pittsburgh, PA 15219 | |
| Susan M. Hansen<br>BROWNSON & BALLOU<br>225 South Sixth Street, Suite 4800<br>Minneapolis, MN 55402 | John D. Roven<br>ROVEN-KAPLAN LLP<br>2190 North Loop West, Suite 410<br>Houston, TX 77018 | |
| Edward R. Hugo<br>BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105 | Richard D. Schuster<br>VORYS SATER SEYMOUR & PEASE<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216-1008 | |

1

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 27 2008

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

TED MUNN et al.,                                     Plaintiffs

v.                                                   CASE NO. 2:08-248

CLA-VAL CO., et al.                                  Defendants

ORIGINAL

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-303)

Plaintiffs Ted and Donna Munn respectfully file this brief in support of their motion to vacate the Conditional Transfer Order (CTO-303) entered by the Judicial Panel on Multidistrict Litigation on February 26, 2008. The Munns moves to vacate the Conditional Transfer Order on the ground that there is no federal subject matter jurisdiction in this case. Defendant Viad Corporation removed this action from California state court on January 15, 2008, claiming subject matter jurisdiction based on the federal officer removal statute (28 U.S.C. § 1442(a)(1)).

The Munns filed a timely motion to remand that remains pending before Judge Manuel L. Real in the United States District Court for the Central District of California.

The motion is premised on the grounds that there is no removal jurisdiction because the moving defendants did not satisfy their burden of demonstrating all the elements of federal officer jurisdiction. At a recent hearing on March 24, 2008, Judge Real continued the hearing until April 14 and ordered Viad to produce additional information to bolster its assertion of the military contractor defense.

The Munns respectfully submit that the District Court is in the best position to rule on their pending motion for remand. The Munns' action, and their pending motion to remand, raises issues of California state law having to do with strict products liability, negligence, and other related subjects. These issues are fully-briefed and ripe for determination by the District Court. Accordingly, the Conditional Transfer Order should be vacated so that this case is not transferred before the threshold jurisdictional issues raised by the Munns' motion for remand are resolved.

## PROCEDURAL HISTORY

The Munns filed this asbestos product liability action on or around December 6, 2007, in the Superior Court of the State of California, County of Los Angeles. In their complaint, the Munns asserted state-law based failure to warn causes of action, but expressly disclaimed any cause of action or recovery based on acts or omissions undertaken at the direction of a federal officer.

On January 15, 2007, defendant Viad Corporation nevertheless filed a notice of removal claiming that all aspects of design and manufacture of its products were directed by a federal officer. The Munns filed a motion for remand contending that there is no evidence that the federal government ever precluded Viad from warning about the

hazards of asbestos that arose from the intended use of its products. That motion is fully briefed and remains pending before District Judge Manuel L. Real. On February 26, the Panel issued a Conditional Transfer Order, to which the Munns filed a timely notice of opposition.

On March 24, Judge Real heard argument on the Munns' motion for remand and ordered Viad to produce additional documentation at a continued hearing on April 14 to support its claim of federal officer jurisdiction. The Munns move to vacate the Conditional Transfer Order on the ground that their motion for remand is pending in District Court and, regardless, there is no underlying federal jurisdiction upon which to base a transfer to the Eastern District of Pennsylvania.

## LEGAL ARGUMENT

### I.

### This Panel Should Vacate the Conditional Transfer Order So That the District Court May Rule On The Pending Motion For Remand.

Jurisdictional issues, like those presented by the Munns' motion for remand, must be resolved before transfer by this Panel. See, e.g., Garcia v. American Home Prods., No. C-02-146; Mauck v. Warner Lambert Company, 7:01-CV-027-R, 2001 U.S. Dist. LEXIS 5919 (N.D. Tex. May 7, 2001) (granting plaintiff's motion for remand, mooting the conditional transfer order after discussing the efficiency of ruling on jurisdictional issues first); McGrew v. Schering-Plough Corp., No. 01-2311, 2001 U.S. Dist. LEXIS 12205, at *6 (D. Kan. Aug. 6, 2001); Arsenault v. Congoleum Corp., 01-Civ. 10657, 2002 U.S. Dist. LEXIS 5084 at *2 n.1 (S.D.N.Y. Mar. 26, 2002); Vasura v. ACandS, 84

3

F. Supp. 2d 531, 532-533 (S.D.N.Y. 2000) (original district court retained jurisdiction to decide motion for remand that was pending at the time a conditional transfer order was issued).

Factors of justice and efficiency, as well as judicial economy weigh heavily in favor of allowing the district court judge to rule on the motion for remand currently pending before it. (28 U.S.C. § 1407(a).) If jurisdiction is ultimately determined to be lacking, thereby making remand appropriate, minimal federal resources would have been expended by having the appropriate forum make such a determination. Transferring this case *before* the remand issue is decided accomplishes nothing, and risks needlessly wasting federal judicial resources. It would also result in repetitive briefing of the same issues concerning remand, albeit in different forums—the District Court, this Panel, and then the Eastern District of Pennsylvania. The Munns respectfully request this Panel to vacate the Conditional Transfer Order so that the District Court may rightfully resolve the Munns' pending motion for remand.

## II.

### This Case Should Not Be Transferred to the MDL Because There Is No Underlying Federal Subject Matter Jurisdiction.

The federal officer removal statute only provides federal jurisdiction over claims "against [a]ny officer of the United States or any agency thereof, or any person acting under him, for any act under color of such office . . . ." (28 U.S.C. § 1442(a)(1).) The party seeking such jurisdiction must satisfy three distinct requirements: (1) that it acted "pursuant to a federal officer's directions"; (2) that a "causal nexus exists between the

defendant's actions under color of federal office and the plaintiff's claims"; and, (3) that it has a "colorable federal defense." Mesa v. California, supra, 489 U.S. at pp. 124-125, 134-135 (1989); see also Durham v. Lockheed Martin Corporation, 445 F.3d 1247, 1251 (9th Cir. 2006). Viad, which acknowledges these particular requirements in its notice of removal, cannot satisfy them.

Viad will nevertheless argue, based on Circuit Judge Kozinski's opinion in Durham, that the requirements for federal officer removal should be liberally construed in favor of remand. But Durham (and therefore also Viad) fails to address the distinction between actual federal officers and private military contractors seeking to benefit from federal jurisdiction. Failing to address that critical distinction, Durham makes no mention of the burden a private actor must satisfy in order to benefit from a statute designed for the protection of federal officers, not military contractors. "Notwithstanding its broad application, because the federal officer removal statute is predicated 'on the protection of federal activity and an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit, private actors seeking to benefit from its provisions [like Viad] bear a special burden in establishing the official nature of their activities.'" Williams v. General Electric Co., 418 F.Supp.2d 610 (M.D. Penn. 2005), quoting Freiberg v. Swinerton & Walberg Prop. Svcs., Inc., 245 F.Supp.2d 1144, 1150 (D. Col. 2002), italics in original.

This "special burden" translates to a emphasis on the importance of the three-part test for federal jurisdiction enunciated by the U.S. Supreme Court in Mesa. In Hilbert v. McDonnell Douglas Corp., -- F.Supp.2d --, 2008 WL 53266 (D. Mass., Jan. 3, 2008) the

5

court acknowledged Durham, but explained that the federal officer removal statute was never intended to provide military contractors like Viad with easy access to federal court in order to further the strategy of getting cases transferred to the MDL. "An overly generous interpretation of the Mesa criteria would do just that by permitting private, non-diverse defendants to remove to federal court merely because of their status as government contractors." Id. at p. *2.

It follows that Viad must meet the "special burden" to demonstrate under Mesa and its progeny that federal officer jurisdiction actually exists and that removal was proper. This "special burden" does not mean speculative or circumstantial evidence based on conclusory affidavits of paid consultants. To the contrary, given the otherwise strict limitations on federal jurisdiction, Viad's burden requires solid, direct, and specific evidence that the Navy actually precluded it from issuing warnings about the dangers of asbestos. As will be explained, Viad has no such evidence.

1. **PRONGS ONE AND TWO: Viad Cannot Demonstrate That It Acted Pursuant To the Navy's Directions Or That There Is a "Causal Nexus" Between the Navy and the Munns' Failure to Warn Claims**.

Viad must show not only that it acted pursuant to the Navy's directions, but also that there is a "causal nexus" between what the Navy supposedly told it to do and the Munns' failure to warn claims. Mesa v. California, supra, 489 U.S. at pp. 124-25. Viad cannot satisfy this element because there is no evidence that it acted at the direction of the Navy when it failed to warn Munn about the dangers of asbestos exposure. Viad has no evidence that by specifying certain asbestos-containing equipment for installation on its

vessels, the Navy somehow also prohibited Viad from affixing warnings to that equipment or providing appropriate warnings about asbestos in the technical manuals and maintenance guides.

The question of whether the Navy ever precluded such warnings has already been adjudicated. In GAF Corporation v. U.S., 932 F.2d 947 (C.A. Fed. 1991), an asbestos insulation manufacturer brought suit against the federal government seeking indemnity for its asbestos-related tort losses. The court entered summary judgment in favor of the government on the ground that there was no evidence that the Navy ever specified that no asbestos warnings were to be given. The court refused to hold the government liable, finding that "nothing in the contract specifications prevented [GAF] from putting warnings on its products. These asbestos supply contract specifications, whether design or performance, did not cause [GAF's] tort losses." Id. at p. 950. If nothing else, GAF shows that Viad, if it is to succeed in removal, must provide direct evidence that the Navy actually prohibited warnings about the hazards of asbestos.

There is no such evidence. Viad has no actual contracts or product specifications wherein the Navy ever precluded it from issuing warnings about asbestos. Viad will not identify or describe any incident in which it attempted to give an asbestos warning, but was stopped by the Navy. Viad will not cite any regulation or any other military requirement precluding the issuance of warnings. Rather, Viad only offered speculative and conclusory affidavits about what "would have" happened if Viad had attempted to comply with its state law obligations to warn. Viad has no admissible evidence that the Navy ever precluded Viad (or any other defendant) from warning about asbestos hazards.

7

Viad therefore cannot show that it acted pursuant to a federal officer's directions or demonstrate the existence of any "nexus" between plaintiffs' claims and what the Navy supposedly directed it to do. Viad has no evidence demonstrating that it was subject to any government instructions or specifications with respect to the placement of warnings on its products. Put another way, the Munns sued Viad for failing to warn, and Viad will provide no evidence that the Navy ever precluded such warnings. Without such evidence, Viad cannot satisfy the first and second elements of federal officer jurisdiction.

2.  **PRONG THREE:  Viad Cannot Establish Even a "Colorable" Federal Defense Based On Military Contractor Immunity.**

Just as it cannot show that the Navy specifically directed it to do what the Munns are suing it for, Viad cannot show the remaining element of a "colorable federal defense" based on military contractor immunity. Under certain conditions, such a defense immunizes contractors who supply military equipment to the government from the duties imposed by state tort law. But such displacement of ordinary tort liability "occur[s] only where . . . a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law . . . ." Boyle v. United Technologies Corp., 487 U.S. 500 (1988); see also Hilbert v. McDonnell Douglas Corp., supra,-- F.Supp.2d --, 2008 WL 53266 (D. Mass., Jan. 3, 2008).

In Boyle, a military pilot was killed after his helicopter crashed off the coast of Virginia. Although the pilot survived the impact, he drowned because the helicopter's escape hatch opened outward and he could not overcome the water pressure once the

8

craft was submerged. The pilot's father sued the helicopter manufacturer alleging that it defectively designed the emergency escape system, even though the government contract specified that the hatch must open outward. The Supreme Court granted certiorari to consider if and when federal law provided a defense for government contractors to state tort claims. Id. at 502-03.

The Boyle court ruled that state tort law claims may be preempted only when the claims involve "uniquely federal interests," and a "significant conflict" exists between the federal interest and the operation of state law. Id. at 503-504, 507. Although the court concluded that civil liabilities arising out of the performance of a military procurement contract is an area of federal interest, the mere existence of such a federal interest is not sufficient to warrant displacement of state law. State law will be preempted only if there is a significant conflict between the defendants' contractual duties to the federal government and its state law duties. Id. at p. 505-506.

Consequently, the court held that a government contractor is only immune from state tort liability for design defects in military equipment when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the danger in the use of the equipment that were known to the supplier but not to the United States. Id. at p. 512. The first two prongs are intended to ensure that a government officer, and not just the contractor, considered the design feature in question. Ibid. In other words, immunity is granted to a contractor only when its liability arises from acts or omissions made on the

9

government's behalf. The third prong is designed to discourage contractors from withholding their knowledge of any latent risks. Ibid.

Because the defendant's contractual duty in Boyle (design an outward opening escape hatch) was "precisely contrary" to its state law duty of care (design an inward opening escape hatch), the Supreme Court held that state law was preempted by the government contractor defense. This case, however, presents the exact opposite situation: Viad's liability for failing to warn of the dangers of asbestos in its products did not arise from the performance of its contractual duties because, as explained above, the Navy never prohibited any such warnings. In fact, as also explained above, Viad has no evidence to show that the Navy ever exercised any discretion over asbestos-related health warnings.

Viad therefore has no legal or factual basis to assert the government contractor defense to the Munns' failure to warn claims. Without evidence that the Navy forbade warnings regarding asbestos, Viad is not entitled to the government contractor defense for failing to do so. Indeed, every circuit court to address application of the Boyle factors in failure-to-warn cases has concluded that the government contractor defense is only available when the contractor's warning conforms to one that the government approved, if not dictated. For example, in Tate v. Boeing Helicopters, 55 F.3d 1150, 1156-1157 (6th Cir. 1995), the Sixth Circuit explained that: "[s]imply because the government exercises discretion in approving a design does not mean that the government considered the appropriate warnings, if any, that should accompany the product." Id. at p. 1156. Likewise, the Seventh Circuit held that a defendant may not defeat a state failure to warn

claim simply by showing the elements of the government contractor defense with respect to a design defect claim because "design defect and failure to warn claims differ practically as well as theoretically." Oliver v. Oshkosh Truck Corp., 96 F.3d 992, 1003 (7th Cir. 1996).

Applying these rules in an asbestos case, the Ninth Circuit held that a defendant contractor was not entitled to protection under Boyle because it produced no evidence that the government ever required it to do anything with respect to warnings on its products. In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 813 (9th Cir. 1992). The Second and Eleventh Circuits also held in asbestos cases that state law cannot be displaced where there is no evidence that the government contractor could not comply with both its state law duties to warn and its contractual obligations to manufacture asbestos containing products. See In re Joint Southern and Eastern District New York Asbestos Litigation, 897 F.2d 626, 632 (2d Cir. 1992) ["Stripped to its essentials, the military contractor's defense under Boyle is to claim, 'the Government made me do it.' Boyle displaces state law only when the Government, making discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion."].)

Bottom line, the fundamental tenet underlying Boyle is that state law should not be preempted when the state law duty sought to be imposed on a contractor is not contrary to a duty assumed under a government contract. Boyle, supra, 487 U.S. at p. 508-09. Borrowing the Boyle court's example, if the government contracted to purchase an air

11

conditioner, specifying the cooling capacity, but not its precise construction, a state law imposing a duty upon the manufacturer to include certain safety features [e.g. a warning] would not be contrary to the contractor's duty under the contract. Ibid. "The contractor could comply with both its contractual obligations and the state-prescribed duty of care." Ibid.

Here, again, there is no evidence that Viad was attempting to comply with the Navy's instructions when it failed to give an asbestos warning. To the contrary, there was no conflict between Viad's federal and state responsibilities; it could have easily complied with both its federal contractual duties and its state law duty to warn Munn and others of the dangers inherent in the asbestos used with its products. Consequently, there is not even a "colorable" basis for Viad's assertion that it is protected by the government contractor defense. Viad therefore cannot show the third element required for federal officer jurisdiction.

### 3. The Express Disclaimer In the Munns' Complaint Eliminates Any Possible Basis For Federal Subject Matter Jurisdiction.

Regardless of what evidence Viad may offer to support federal officer jurisdiction, the Munns' complaint affirmatively disclaimed any cause of action or recovery arising out of "any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party defendant committed at the direction of an officer of the United States Government." In other words, the Munns are not suing Viad, and preemptively waived any claim against it, for anything that a federal officer may have compelled or instructed it to do.

Federal courts have frequently given effect to such disclaimers, and ordered remand, on the basis that plaintiffs may use them to preserve state court jurisdiction. "The party who brings suit is master to decide what law he will rely upon." Willy v. Coastal Corp., 855 F.2d 1160, 1167 (5th Cir. 1988). Disclaimers to preclude removal are specifically authorized because "the plaintiff has the prerogative of determining the theory of his action and . . . may defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction." Jones v. General Tire & Rubber Co., 541 F.2d 660. 664 (7th Cir. 1976). "[I]f a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal." Carpenter v. Wichita Indep. Sch. Dist., 44 F.3d 362, 367 (5th Cir. 1995), citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 391, fn. 7 (1987).

Finally, district courts in California have repeatedly remanded asbestos cases based on disclaimers. In Westbrook v. Asbestos Defendants (BHC), 2001 WL 902642 (N.D. Cal. July 31, 2001), the plaintiffs provided a disclaimer that excluded any claim based on exposure to asbestos at federal job sites. The court granted remand, stating "[t]he court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal job sites in Vessels. This waiver, therefore, justifies remand. If plaintiffs later attempt to reverse course and are allowed to do so by the state court despite their expressed waiver, [defendant] can always file for removal once again." Id. at p. *3, emphasis added; see also, Overly v. Raybestos-Manhattan, Inc., 1996 WL 532150, *3 (N.D. Cal., Sept. 9, 1996); Schilz v. A.P. Green Ind., Inc., 2002 WL 102608,

*1 (N.D. Cal., Jan. 15, 2002) [remand granted based on plaintiffs' waiver of design defect claims that could have given rise to federal officer exposure].

Most recently, a district court in Louisiana cited these California cases and held that plaintiffs' disclaimer precluded removal. <u>Sheppard v. Northrop Grumman Systems Corp.</u>, 2007 WL 1550992 (E.D. La., May 24, 2007) As it explained in <u>Sheppard</u>, "the court concludes that its decision to follow plaintiffs' disclaimer is further supported by the fact that, unlike the plaintiffs in Overly and Westbrook who disclaimed causes of action post-removal, plaintiff here disclaimed these causes of action in his original petition in state court." <u>Id</u>. at *7. Regardless, the use of a disclaimer rests on the proposition that a plaintiff is always free to plead his or her action, including the waiver of federal claims, so that he or she may proceed in state court. And that is exactly what the Munns did in this case: affirmatively waive any and all claims based on the directions of a federal officer in order to defeat removal and preserve state court jurisdiction. In doing so, the Munns eliminated any basis upon which Viad could establish federal officer jurisdiction. Without subject matter jurisdiction, the Panel should vacate the Conditional Transfer Order.

## CONCLUSION

As only briefly explained above, this case does not belong in federal court. There is no federal subject matter jurisdiction. Before transferring this case to the Eastern District of Pennsylvania, the Panel should afford the District Court time to address and resolve the jurisdictional issues raised by the Munns' motion for remand. The Munns therefore request this court to vacate the Conditional Transfer Order and leave the matter

pending in the District Court for the sole purpose of ruling on the pending motion for remand.

March 25, 2008

Respectfully submitted

_____
ATTORNEYS FOR PLAINTIFF

BRIAN P. BARROW
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412 (facsimile)

RECEIVED CLERK'S OFFICE
2008 MAR 27 A 10: 27
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION