MDL 875

Original

PLEADING NO. 5 3 9 6

1   Edward R. Hugo [Bar No. 124839]
    ehugo@bhplaw.com
2   James C. Parker [Bar No. 106149]
    jparker@bhplaw.com
3   Thomas J. Moses [Bar No. 116002]
    tmoses@bhplaw.com
4   BRYDON HUGO & PARKER
    135 Main Street, 20th Floor
5   San Francisco, CA 94105
    Telephone:  (415) 808-0300
6   Facsimile:  (415) 808-0333

7   Attorneys for Defendant
    FOSTER WHEELER ENERGY CORPORATION

8

9

10              **BEFORE THE JUDICIAL PANEL**

11              **ON MULTIDISTRICT LITIGATION**

12  IN RE: ASBESTOS PRODUCTS          )       MDL Docket No. 875
                                      )
13  LIABILITY LITIGATION (No. VI)     )
                                      )
14  _____ )

15  This Document Also Relates to:

16  RODNEY C. BALL, individually and as Special Administrator of the Estate of ALFRED
    C. BALL; and REGINALD K. BALL, an individual; v. UNION CARBIDE
17  CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, a
    corporation, formerly known as FOSTER WHEELER CORPORATION, a corporation;
18  GARLOCK, INC., a corporation; OWENS-ILLINOIS, INC., a corporation; RAPID
    AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive,
19
20              Case No. U.S.D.C. 07CV2392WPOR

21
22  **DEFENDANT FOSTER WHEELER COMPANY'S OPPOSITION TO PLAINTIFFS'
    MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303**

23  _____

24  I.      **INTRODUCTION**

25          Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this

26  Opposition to the Motion to Vacate Conditional Transfer Order 303 ("CTO-303") filed by

27  Plaintiffs in the case of *Rodney C. Ball, et al., v. Union Carbide Corporation, et al.*, Civil Action

28  Number 07CV2392WPOR (S.D.Cal.).  The Judicial Panel on Multidistrict Litigation's (the

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR – 2 2008

FILED
CLERK'S OFFICE

OFFICIAL FILE COPY   IMAGED APR  2 2008

1   "Panel") CTO-303 transferred this case for coordinated or consolidated pretrial

2   proceedings in the United States District Court for the Eastern District of Pennsylvania

3   ("MDL-875") pursuant to 28 U.S.C. § 1407.  This case is similar, if not identical, to cases

4   that have been or will be subject to transfer to MDL-875.  To ensure the efficient and

5   consistent adjudication of this case, along with the many others throughout the United

6   States, this Panel should deny Plaintiffs' Motion to Vacate CTO-303.

7          For both efficiency and consistency, the Panel routinely denies objections to

8   transfer that are premised on jurisdictional issues or pending motions to remand.  In fact,

9   the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products*

10  *Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products*

11  *Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).)  Although Plaintiffs

12  have filed a motion to remand in this case, it has not been heard by the district court, but

13  can just as easily be decided by the MDL Panel after transfer.

14         Foster Wheeler contends that the only factual issues germane to CTO-303 are

15  already known and stated in Plaintiffs' motion.  Namely, it is contended that Decedent

16  Rodney Ball contracted mesothelioma as a result of his exposure to asbestos.  (Plaintiffs'

17  Memorandum In Support Of Motion To Vacate, at 1:25-26.)  This is exactly the type of

18  asbestos personal injury case that should be transferred to MDL-875.  The threat of a

19  jurisdictional objection does not change this fact.  Since any motion filed by Plaintiffs

20  could only raise issues already addressed by the Panel in this litigation, the Panel, as it

21  has done many times previously, should deny Plaintiffs' Motion to Vacate.

22  II.    **TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS**
        **APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL**
23      **PROCEEDINGS.**

24         Transfer of this tag-along action to the Eastern District of Pennsylvania for

25  coordinated or consolidated pretrial proceedings is appropriate for several reasons.

26  First, the Panel has the authority to transfer such cases despite pending, or

27  contemplated, jurisdictional objections.  Second, assuming a jurisdictional issue is raised,

28  a determination of the issue is well within the transferee court's authority and should be

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, Ca 94105

1 heard by a single court.  Third, transfer and coordination or consolidation promotes

2 judicial efficiency and consistency.

3       **A.**    **The Panel Has Authority To Transfer Despite Pending Jurisdictional**

4                  **Claims**.

5       Courts have consistently held that the Panel's authority to transfer tag-along cases

6 to multidistrict litigation withstands pending jurisdictional objections.  Jurisdictional

7 objections alone are not grounds for opposing transfer of a case for coordinated or

8 consolidated pretrial proceedings. (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794

9 (J.P.M.L. 1969).)  Likewise, the fact that a case is in federal court by removal from state

10 court has no bearing on a motion to transfer the case for MDL proceedings. (*In re*

11 *Antibiotic Drugs*, 299 F. Supp. 1403 (J.P.M.L. 1969).)

12       As recognized by the Second Circuit Court of Appeals, the Panel has the authority

13 to transfer a case in which (as is true here) a motion to remand to state court is pending.

14 (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).)  Numerous courts have cited and relied on *Ivy* for

15 this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust*

16 *Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone,*

17 *Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047

18 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson*

19 *v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

20       Consistent with the goal of promoting efficiency and consistency, other courts have

21 also recognized the Panel's authority to transfer cases subject to pending jurisdictional

22 objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).)  The

23 "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor

24 court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F.

25 Supp. 794, 794 (J.P.M.L. 1969).)

26       The pendency of a motion to remand does not compromise the Panel's

27 authority to transfer such actions for coordinated or consolidated MDL proceedings.

28 The existence of such a pending motion in this case does not mandate a return of this

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT FOSTER WHEELER COMPANY'S OPPOSITION
TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303

1 | case to the district court.

2 | **B.    Transfer Promotes Judicial Efficiency and Consistency**.

3 | Through Section 1407, Congress intended to promote the "just and efficient

4 | conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).)  In

5 | mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily

6 | capable of arising in hundreds or even thousands of cases in district courts throughout

7 | the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of

8 | [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft*

9 | *Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).)  "If remand issues are common to

10 | many [cases], decisions by the transferee judge would avoid duplicative discovery and

11 | conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, at *2

12 | (E.D. La., February 24, 1995).) In fact, in the present litigation this Panel already has

13 | stated that:

14 | [T]ransfer of these actions to the Eastern District of Pennsylvania for
15 | inclusion in the coordinated or consolidated pretrial proceedings in that
   | district will serve the convenience of the parties and witnesses and promote
   | the just and efficient conduct of the litigation... In particular, we note that in
16 | the Panel's original decision distinctions based on such matters as the
   | pendency of motions or other matters before the transferor court, the
17 | uniqueness of a party's status, the type of defendant, the docket condition of
   | any specific federal district...were considered and rejected by the Panel as
18 | grounds for carving out exceptions to transfer in this extraordinary docket.
   | (*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).)

19 |

20 | The transferee judge's experience and expertise with cases coordinated or

21 | consolidated in multidistrict litigation will assist the determination of jurisdictional

22 | issues and "should not be wasted."  (*Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923,

23 | at *2 (N.D. 111. Nov. 12, 1999).  Any suggestion that the transferor jurisdiction is better

24 | equipped to decide jurisdictional issues will not support opposition to the issuance of a

25 | transfer order because "the problem of ascertaining and applying the law of the

26 | transferor jurisdiction is frequently faced by transferee judges." (*In re Duane*, 354 F. Supp.

27 | 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.*, 340 F. Supp. 492

28 | (D.P.R. 1972).)  Indeed, remand and other motions can be presented to and decided by

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1   the transferee judge. (See, e.g., *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products*

2   *Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on*

3   *December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

4         Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the

5   merits of the transfer viewed against the purposes of the multidistrict litigation statutory

6   scheme, whether or not there is a pending jurisdictional objection." *In re Ivy*, 901 F.2d 7, 9

7   (2d Cir. 1990).  In view of this aim, allegedly imminent rulings by the transferor district

8   have little bearing on this case. The panel recently addressed this point:

9         Furthermore, there is no need to delay transfer in order to accommodate any
          interest of the transferor court in resolving a pending remand motion. We

10        note that: 1) as a practical matter, there is a lag time of at least three or four
          months from the filing of an action, its identification as a potential tag-along

11        action, issuance of a conditional transfer order, stay of transfer when a party
          timely objects to the conditional transfer, briefing on the question of transfer,

12        the Panel hearing session, and the issuance of the Panel's subsequent order; 2)
          Panel Rule 1.5, R.P.IP.ML., 199 F.R.D. at 427, expressly provides that the

13        pendency of a conditional transfer order does not in any way i) suspend
          orders and pretrial proceedings in the district court in which the action that is

14        the subject of the conditional transfer order is pending, or ii) limit the pretrial
          jurisdiction of that court; and 3) accordingly, those courts wishing to address

15        such motions have adequate time in which to do so, those courts concluding
          that such issues should be addressed by the transferee judge need not rule on

16        them, and the process of 1407 transfer in MDL-1061 can continue without any
          unnecessary interruption or delay.  (*In re Prudential Ins. Co.*, 2001 WL 980541,

17        at *1 (J.P.ML. Aug. 15, 2001).)

18        Against this background, courts consistently find that transfer of an otherwise

19  transferable tag-along action to a single district for pretrial proceedings under Section

20  1407 should not be delayed due to the pendency of motions in the transferor district.

21  (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979);

22  *see also In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice

23  of appeal from order denying motion for preliminary injunction was pending in district

24  from which private civil antitrust action was proposed to be transferred where

25  circumstances otherwise warranted transfer].)

26        Thus, because the Panel has the authority to transfer this action despite the

27  pendency of the Plaintiffs' motion to remand, because the transferee district is well

28  positioned to handle such issues in a coordinated or consolidated manner, and because

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5

1  such coordination or consolidation promotes judicial efficiency and consistency in

2  keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs'

3  Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos*

4  *Product Liability Litigation (No. VI),* pending in the United States District Court for the

5  Eastern District of Pennsylvania.

6  **III.  CONCLUSION**

7  Defendant FOSTER WHEELER ENERGY CORPORATION respectfully requests

8  that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 303.

9                                          Respectfully submitted,

10  Dated: March 28, 2008                   BRYDON HUGO & PARKER

11

12

13  By: _____
         Edward R. Hugo
14         James C. Parker
         Thomas J. Moses
15         Attorneys for Defendant
         FOSTER WHEELER ENERGY
16         CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 APR - 1  A 10: 44

RECEIVED
CLERK'S OFFICE

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

**DEFENDANT FOSTER WHEELER COMPANY'S OPPOSITION
TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303**

*Ball, Rodney (WD Alfred)*
San Diego County Superior Court Case No. 37-2007-00081444-CU-PO-CTL
United States District Court Central District of California Case No. 07CV2392-
WPOR

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 2 2008

FILED
CLERK'S OFFICE

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action.  My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105.  On the date below, I served the following:

DEFENDANT FOSTER WHEELER COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303

on the following:

Frederick Schenk
Casey, Gerry Schenk, Francavilla, Blatt & Penfield, LLP
110 Laurel Street
San Diego, CA 92101

David M. Glaspy
Brian S. O|'Malley
Law Offices of Glaspy & Glaspy
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596

Jayme Long
McKenna, Long & Aldridge
444 S. Flower Street, 8th Floor
Los Angeles, CA 90071

Ivor E. Samson
Sarah Ratcliffe
525 Market Street
San Francisco, CA 94105

John J. Petry
Schiff Hardin
One Market Street, Spear Street Tower, 32nd Floor
San Francisco, CA 94105

X   By placing the document(s) listed above in a sealed envelope and placing the envelope for collection and mailing on the date below following the firm's ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the above is true and correct.
Executed on March 28, 2008 at San Francisco, California.

JUDICIAL PANEL ON
MULTIDISTRICT
2008 APR -1  A 10: 44
RECEIVED
CLERK'S OFFICE

3Vanda D. Claudio
Wanda D. Claudio

1

1   Edward R. Hugo [Bar No. 124839]
    ehugo@bhplaw.com
2   James C. Parker [Bar No. 106149]
    jparker@bhplaw.com
3   Thomas J. Moses [Bar No. 116002]
    tmoses@bhplaw.com
4   BRYDON HUGO & PARKER
    135 Main Street, 20th Floor
5   San Francisco, CA 94105
    Telephone:  (415) 808-0300
6   Facsimile:  (415) 808-0333

7   Attorneys for Defendant
    FOSTER WHEELER ENERGY CORPORATION

8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR ~ 2 2008

FILED
CLERK'S OFFICE

9                    BEFORE THE JUDICIAL PANEL

10                   ON MULTIDISTRICT LITIGATION

11  IN RE: ASBESTOS PRODUCTS          )      MDL Docket No. 875
                                      )
12  LIABILITY LITIGATION (No. VI)     )
                                      )
13                                    )
                                      )
14                                    )

15  This Document Also Relates to:

16  RODNEY C. BALL, individually and as Special Administrator of the Estate of ALFRED
    C. BALL; and REGINALD K. BALL, an individual; v. UNION CARBIDE
17  CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, a
    corporation, formerly known as FOSTER WHEELER CORPORATION, a corporation;
18  GARLOCK, INC., a corporation; OWENS-ILLINOIS, INC., a corporation; RAPID
    AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive,

19                            Case No. U.S.D.C. 07CV2392WPOR

20

21  DEFENDANT FOSTER WHEELER COMPANY'S CERTIFICATE OF SERVICE OF ITS
22     OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL
                         TRANSFER ORDER 303
23

24

25

26

27

28

_Ball, Rodney (WD Alfred)_
San Diego County Superior Court Case No. 37-2007-00081444-CU-PO-CTL
United States District Court Central District of California Case No. 07CV2392
WPOR

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

DEFENDANT FOSTER WHEELER COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303

on the following:

Frederick Schenk
Casey, Gerry Schenk, Francavilla, Blatt
& Penfield, LLP
110 Laurel Street
San Diego, CA 92101

David M. Glaspy
Brian S. O'Malley
Law Offices of Glaspy & Glaspy
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596

Lawrence E. Abbott
Abbott Simses & Kuchler
5100 Village Walk, Suite 200
Covington, LA 70433

Robert M. Arentson Jr.
Baker Donelson Bearman Caldwell &
Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Christine Chang H. Bruneau
Abbott Simes & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

Edward J. Cass
Gallagher Sharp Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Dawn M. Ceizler
Glynn & Finley
100 Pringle Avenue, Suite 500

Jayme Long
McKenna, Long & Aldridge
444 S. Flower Street, 8th Floor
Los Angeles, CA 90071

Ivor E. Samson
Sarah Ratcliffe
525 Market Street
San Francisco, CA 94105

John J. Petry
Schiff Hardin
One Market Street,
Spear Street Tower, 32nd Floor
San Francisco, CA 94105

Brian P. Barrow
Simon Eddins & Greenstone
301 East Ocean Blvd., Suite 1950
Long Beach, CA 90802

Richard C. Binzley
Thompson Hine
127 Public Square
3900 Key Center
Cleveland, OH 44114

David A. Damico
Burns White & Hickton
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

John E. Deaton
Deaton Law Firm
One Richmond Square, Suite 134C

RECEIVED CLERK'S OFFICE 2008 APR -2 A 6: [JUDICIAL PANEL ON MULTIDISTRICT LITIGATION]

1

Walnut Creek, CA 94596

Adam M. Chud
Goodwin Procter
901 New York Avenue, N.W.
Washington, DC 20001

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Richard S. Glasser
Glasser & Glasser
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

H.W. Trey Jones
Simon Eddins & Greenstone
301 East Ocean Blvd., Suite 1950
Long Beach, CA 90802

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Roger B. Lane
Roger B Lane
1601 Reynolds Street
Brunswick, GA 31520

Lynn M. Luker
Lynn Luker & Associates
3433 Magazine Street
New Orleans, LA 70115

Frank X. Neuner
Laborde & Neuner
P.O. Drawer 52828
Lafayette, LA 70505

John D. Roven
Roven-Kaplan
2190 North Loop West, Suite 410
Houston, TX 77018

Providence, RI 02906

Kathleen F. Drew
Adams & Reese
701 Poydras Street, Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno Goggin & Keller
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Julia A. Gowin
Palmieri Tyler Weiner Wilhelm &
Waldron
East Tower, Suite 1300
2603 Main Street
Irvine, CA 92614

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Daniel Lee Keller
Keller Fishback & Jackson
28720 Roadside Drive, Suite 201
Agoura Hills, CA 91301

Gary Paul Kraus
Onebane Law Firm
1200 Camellia Blvd., Suite 300
P.O. Box 3507
Lafayette, LA 70502

Peter B. Langbord
Foley & Mansfield
150 South Los Robles Avenue, Suite 400
Pasadena, CA 91101

Gene Locks
Locks Law Firm
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Timothy W. Porter
Porter & Malouf
P.O. Box 12768

1  Aaron P. Rudin
   Gordon & Rees
2  633 West Fifth Street, Suite 4900
   Los Angeles, CA 90071
3
   James G. Scadden
4  Gordon & Rees
   Embarcadero Center West
5  275 Battery Street, 20th Floor
   San Francisco, CA 94111
6
   Robert N. Spinelli
7  Kelley Jasons McGuire & Spinelli
   Center Square West, 15th Floor
8  Philadelphia, PA 19102

9  Jeffrey M. Thomen
   McCarter & English
10 185 Asylum Street
   City Place I
11 Hartford, CT 06103

12 Andrew J. Trevelise
   Reed Smith
13 2500 One Libert Place
   1650 Market Street
14 Philadelphia, PA 19103

15 Randall A. Jordon
   Jordan Firm
16 1804 Frederica Road, Suite C
   St. Simons Isl., GA 31522
17
   Charles H. Kanter
18 Palmieri Tyler Weiner Wilhelm &
19 Waldron
   East Tower, Suite 1300
20 2603 Main Street
   Irvine, CA 92614
21
   Mona Lisa Wallace
22 Wallace & Graham
   525 North Main Street
23 Salisbury, NC 28144
24
   James K. Weston II
25 Tom Riley Law Firm
   4040 First Avenue, N.E.
26 P.O. Box 998
   Cedar Rapids, IA 52406
27

Jackson, MS 39236

John J. Repcheck
Marks O'Neill O'Brien & Courtney
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

Richard D. Schuster
Vorys Sater Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman Breitman & Burgess
11766 Wilshire Blvd., 6th Floor
Los Angeles, CA 90025

Richard P. Sulzer
Sulzer & Williams
201 Holiday Blvd., Suite 335
Covington, LA 70433

Robert E. Swickle
Jaques Admiralty Law Firm
1370 Ponobscot Building
645 Griwsold Street
The Maritime Asbestos Legal Clinic
Detroit, MI 48226

David L. Trewolla
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225

Patrick W. Pendley
Pendley Baudin & Coffin
24110 Eden Street
P.O. Box 71
Plaquemine, LA 70765

Thomas E. Vaughn
Vaughn Bowden & Wooten
P.O. Drawer 240
Gulfport, MS 39502

28    X   By placing the document(s) listed above in a sealed envelope and placing
          the envelope for collection and mailing on the date below following the
          firm's ordinary business practices. I am readily familiar with the firm's

3

1     practice of collection and processing correspondence for mailing. Under
2     that practice it would be deposited with U.S. Postal service on the same
     day with postage thereon fully prepaid at San Francisco, California in
     the ordinary course of business. I am aware that on motion of party
3     served, service is presumed invalid if postal cancellation date or postage
     meter date is more than one day after date of deposit for mailing in
4     affidavit.

5        I declare under penalty of perjury that the above is true and correct.
   Executed on April 1, 2008, at San Francisco, California.

6

7                   *Wanda D. Claudio*
                  Wanda D. Claudio
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4