MDL 875



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION
MDL NO. 875
IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
CASE NO. KYW 3:07-CV-65-H

ROBERT L. MOELLER and
OLWEN MOELLER

v.

GARLOCK SEALING TECHNOLOGIES, LLC
THE ANCHOR PACKING COMPANY
and
JOHN CRANE, INC.

MOTION TO VACATE CONDITIONAL REMAND ORDER
ON BEHALF OF JOHN CRANE, INC.

Comes now John Crane, Inc., by counsel, and moves to vacate the conditional remand order filed on March 7, 2008. In support of said motion, John Crane, Inc. refers to the attached brief in support of the motion to vacate the conditional remand order. Also attached is the schedule required by Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

WHEREFORE, John Crane, Inc., by counsel, respectfully requests an order vacating the conditional remand order filed on March 7, 2008, and that this action remain before the United States Judicial Panel on Multidistrict Litigation.

OFFICIAL FILE COPY

IMAGED APR  8 2008

PLEADING NO. 5407

Respectfully submitted,
McCARROLL, NUNLEY & HARTZ

By: _____
Max S. Hartz
111 East Third Street
P. O. Box 925
Owensboro, KY 42302-0925
Telephone: (270) 683-3535
Telefax:    (270) 926-6056
Email:mshartzlaw@aol.com
COUNSEL FOR DEFENDANT
JOHN CRANE, INC.

### CERTIFICATE OF SERVICE

I hereby certify that the original and four copies of the foregoing document along with a computer generated disk were filed with the Clerk of the Panel and that a copy was also served on the attached panel service list by depositing a copy of the same in the United States Mail, postage prepaid on this April 4, 2008.

_____
Max S. Hartz
Counsel for John Crane, Inc.

RECEIVED
CLERK'S OFFICE
2008 APR -7 A 10: 05
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2008

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL NO. 875
FILED
CLERK'S OFFICE

## PANEL SERVICE LIST (Excerpted from CRO)

Robert Moeller, et al. v. Garlock Sealing Technologies, LLC, et al., E.D. Pennsylvania
   (W.D. Kentucky 3:07-65)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Max S. Hartz
MCCARROLL NUNLEY & HARTZ
111 East Third Street, P.O. Box 925
Owensboro, KY 12302

Eric J. Jacobi
CLAY KENEALY WAGNER
& ADAMS PLLC
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792, 28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Joseph D. Satterley
SALES TILLMAN WALLBAUM
CATLETT & SATTERLEY
1900 Waterfront Plaza,
325 West Main Street
Louisville, KY 40202

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Berlin Tsai
PEDLEY ZIELKE GORDINIER
& PENCE
462 S. Fourth Avenue
2000 Medinger Tower
Louisville, KY 40202

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION
MDL NO. 875
IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
CASE NO. KYW 3:07-CV-65-H

ROBERT L. MOELLER and
OLWEN MOELLER

v.

GARLOCK SEALING TECHNOLOGIES, LLC
THE ANCHOR PACKING COMPANY
and
JOHN CRANE, INC.

ORDER

Upon motion of John Crane, Inc. to vacate the conditional remand order filed on March 7, 2008, and the Panel having considered briefs and being sufficiently advised;

IT IS HEREBY ORDERED that the motion to vacate the conditional remand order of March 7, 2008, be and is hereby SUSTAINED and the case shall remain before the United States Judicial Panel on Multidistrict Litigation.

This _____day of _____, 2008.

_____



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION
MDL NO. 875
IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
CASE NO. KYW 3:07-CV-65-H

ROBERT L. MOELLER and
OLWEN MOELLER

v.

GARLOCK SEALING TECHNOLOGIES, LLC
THE ANCHOR PACKING COMPANY
and
JOHN CRANE, INC.

SCHEDULE PURSUANT TO RULE 7.2 OF THE RULES OF PROCEDURE
OF JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

Comes John Crane, Inc., pursuant to Rule 7.2 (a)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and gives notice of the following schedule.

(A) The name of the action is Robert L. Moeller and Olwen Moeller v. Garlock Sealing Technologies LLC, The Anchor Packing Company and John Crane, Inc.

(B) United States District Court, Western District of Kentucky at Louisville, Kentucky.

(C) Civil Action No. 3:07-65-H

(D) Judge John G. Heyburn, II.

Respectfully submitted,
McCARROLL, NUNLEY & HARTZ

By: _____
Max S. Hartz
111 East Third Street
P. O. Box 925
Owensboro, KY 42302-0925
Telephone: (270) 683-3535
Telefax:   (270) 926-6056
Email:mshartzlaw@aol.com
COUNSEL FOR DEFENDANT
JOHN CRANE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the original and four copies of the foregoing document along with a computer generated disk were filed with the Clerk of the Panel and that a copy was also served on the attached panel service list by depositing a copy of the same in the United States Mail, postage prepaid on this April 4, 2008.

_____
Max S. Hartz
Counsel for John Crane, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 APR -7  A 10: 05

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2008

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875
CLERK'S OFFICE
FILED

## PANEL SERVICE LIST (Excerpted from CRO)

Robert Moeller, et al. v. Garlock Sealing Technologies, LLC, et al., E.D. Pennsylvania
(W.D. Kentucky 3:07-65)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Max S. Hartz
MCCARROLL NUNLEY & HARTZ
111 East Third Street, P.O. Box 925
Owensboro, KY 12302

Eric J. Jacobi
CLAY KENEALY WAGNER
& ADAMS PLLC
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792, 28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Joseph D. Satterley
SALES TILLMAN WALLBAUM
CATLETT & SATTERLEY
1900 Waterfront Plaza,
325 West Main Street
Louisville, KY 40202

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Berlin Tsai
PEDLEY ZIELKE GORDINIER
& PENCE
462 S. Fourth Avenue
2000 Medinger Tower
Louisville, KY 40202

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION
MDL NO. 875
IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
CASE NO. KYW 3:07-CV-65-H

ROBERT L. MOELLER and
OLWEN MOELLER

v.

GARLOCK SEALING TECHNOLOGIES, LLC
THE ANCHOR PACKING COMPANY
and
JOHN CRANE, INC.

BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL REMAND ORDER
ON BEHALF OF JOHN CRANE, INC.

<u>Litigation Background</u>

This is a product liability case in which plaintiff is
alleging exposure to asbestos-containing products manufactured by
John Crane, Inc. and others.   The case was originally filed in
Jefferson Circuit Court in Louisville, Kentucky, on March 22, 2006.
The state court trial was scheduled to begin on February 26, 2007.

On October 3, 2006, plaintiffs disclosed 11 expert
witnesses.  Plaintiffs disclosed Dr. Victor L. Roggli, Dr. Douglas
A. Pohl, Dr. Arthur Frank, Dr. Ronald Dodson, Dr. Richard Lemen,

1

William Longo, Richard Hatfield, and treating physicians.  The only depositions taken to date are the depositions of plaintiff, Robert Moeller, and two co-workers.

On January 11, 2007, plaintiffs filed a motion for trial continuance and new trial date. (Exhibit A).  Plaintiffs' motion stated that only two defendants, Garlock and John Crane, Inc., remained in the case.  Plaintiffs noted that "...the landscape of the case has changed."  The motion stated that:

> Garlock has identified 21 potential experts and John Crane has identified six experts.
>
> * * *
>
> Regrettably, plaintiffs cannot adequately prepare their case for trial as scheduled. Plaintiffs' counsel desires to depose defendants' experts.  Further, plaintiffs intend to retain and disclose rebuttal witnesses.

None of the expert witnesses have been deposed.  Also, Garlock filed a motion to join numerous third party defendants based upon the testimony of plaintiff and his co-workers.  John Crane, Inc. joined the motion to file the third party complaint before the state court.  The motion was not heard before the case was removed to federal court.

The case was removed from the Jefferson Circuit Court to the United States District Court for the Western District of

Kentucky on January 9, 2007, upon Garlock's notice of removal. John Crane, Inc. consented to the removal to federal court.

A conditional transfer order (CTO-275) was entered transferring the case to the United States District Court for the Eastern District of Pennsylvania for coordination or consolidation of pretrial proceedings pursuant to 28 USC § 1407. The conditional transfer order was filed on March 8, 2007, and assigned MDL 875. Plaintiffs did not file an opposition to the conditional transfer order.

On June 6, 2007, plaintiffs' counsel wrote Bruce Lassman, asbestos MDL75 law clerk, requesting a settlement conference or if the case could not be resolved, then immediate transfer to the Western District of Kentucky to proceed with a trial. (Exhibit B). Thereafter a settlement conference was held on July 30, 2007, with counsel for Garlock and John Crane, Inc. appearing. Plaintiffs' attorney was unable to attend due to the cancellation of his flight. The matter was adjourned to be rescheduled at a later date. The subsequent settlement conference was arranged by a telephone call between plaintiffs' counsel, Garlock's counsel, and Mr. Lassman on November 29, 2007. (Exhibit C). The settlement conference took place on December 10, 2007. Local counsel was retained to attend on behalf of John Crane, Inc. and mistakenly advised Mr. Lassman that John Crane, Inc. would not oppose a remand since she believed that discovery was completed.

3

Suggestion of remand was entered by Judge James T. Gilles on December 10, 2007, for all claims except for punitive or exemplary damages. A conditional remand order was filed on March 7, 2008. A timely notice of opposition to the conditional remand order was filed by Garlock Sealing Technologies, LLC, Anchor Packing Company and John Crane, Inc.

## Factual Contention

The only depositions to date are the plaintiff and two co-workers. None of the numerous expert witnesses disclosed by plaintiffs and defendants have been deposed. Plaintiffs acknowledge in their motion for trial continuance that plaintiffs' counsel desires to depose the defendants' expert witnesses. Furthermore, plaintiffs stated that they intended to retain and disclose rebuttal witnesses. John Crane, Inc. desires to depose some or all of the 11 expert witnesses and rebuttal witnesses disclosed by plaintiffs. Furthermore, third party defendants need to be joined and proof developed as to their liability.

## Legal Contentions

The Judicial Panel on Multidistrict Litigation is to determine whether civil actions pending in different federal district courts involve one or more common questions of fact such that the action should be transferred to one federal district for coordinating or consolidating pretrial proceedings. The purposes of the transfer process are to avoid duplication of discovery, to

prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and judiciary.

Common discovery and other pretrial proceedings have not been completed in this case. The only depositions taken are plaintiffs and co-workers and none of the expert witnesses have been deposed. Many of plaintiffs' expert witnesses were designated to testify on the relationship between certain asbestos products and the development of asbestos disease. Plaintiffs' designated expert witnesses are expected to testify regarding their experiments and studies on asbestos products. Obviously this type of testimony would be common discovery with other plaintiffs making claims against these remaining defendants. Also there have not been any rulings on any pretrial motions which may be filed by the parties. Thus there is outstanding common discovery and other pretrial proceedings which should be resolved before the panel on multidistrict litigation.

Prior to the removal, Garlock and John Crane, Inc. filed a motion to join third party defendants. Kentucky law provides for apportionment among the parties including third party defendants. KRS 411.182. John Crane, Inc. has a right to join third party defendants and develop proof of their liability. The joinder of the third party defendants may involve other parties before the MDL.

Plaintiffs' motion to continue clearly states that discovery is not complete.  The grounds for the motion to continue the state court trial were that the plaintiffs desired to depose Garlock and John Crane, Inc.'s expert witnesses and to retain and disclose rebuttal witnesses.  John Crane, Inc. likewise desires to depose plaintiffs' expert witnesses as well as any rebuttal witnesses disclosed by plaintiffs.

The conditional transfer order (CT0-275) was filed on March 8, 2007.  Plaintiffs did not file a notice of opposition within the 15 day period as permitted by Rule 7.4(c).  The obvious reason that plaintiffs did not oppose the conditional transfer order is that plaintiffs knew that there was common discovery and pretrial proceedings which had to be resolved before remand for trial.

Plaintiffs requested remand to the Western District of Kentucky for trial by letter dated June 6, 2007, and reiterated the request at the settlement conference.  The letter and oral request are not in compliance with Rule 7.6(D) requiring a party seeking remand to do so by motion accompanied by an affidavit reciting whether all common discovery and other pretrial proceedings had been completed and, if not, what remains to be done.  Plaintiffs have  not filed a motion for remand nor submitted an affidavit conforming to Rule 7.6(D).

Plaintiffs may contend that John Crane, Inc.'s statement that it did not oppose remand at the settlement conference is binding.  The settlement conference was scheduled on November 29, 2007, for December 10, 2007.  John Crane, Inc. did not participate in the telephone conference setting the settlement conference. Local counsel was retained to attend the settlement conference and she believed that discovery had been completed since the matter was previously set for trial in state court.  However, this statement does not abrogate the fact that common discovery is incomplete and there are additional pretrial proceedings to be addressed.  To do otherwise would thwart the purpose and intent of MDL.

<u>Conclusion</u>

Common discovery and pretrial proceedings have not been completed.  There have not been any depositions taken of the expert witnesses who are expected to testify on issues common to all asbestos litigation involving these parties.  Plaintiffs' motion to continue clearly establishes that discovery is incomplete and pretrial motions including a motion to join third party defendants needs to be addressed.  Plaintiffs did not file any opposition to the conditional transfer order knowing that discovery was incomplete and no pretrial issues had been decided.  Furthermore, plaintiffs did not request remand in compliance with Rule 7.6(D). Thus John Crane, Inc., respectfully requests that the conditional

remand order be vacated and the case remain before the Panel on Multidistrict Litigation.

Respectfully submitted,
McCARROLL, NUNLEY & HARTZ

By: _____
Max S. Hartz
111 East Third Street
P. O. Box 925
Owensboro, KY 42302-0925
Telephone: (270) 683-3535
Telefax:   (270) 926-6056
Email:mshartzlaw@aol.com
COUNSEL FOR DEFENDANT
JOHN CRANE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the original and four copies of the foregoing document along with a computer generated disk were filed with the Clerk of the Panel and that a copy was also served on the attached panel service list by depositing a copy of the same in the United States Mail, postage prepaid on this April 4, 2008.

_____
Max S. Hartz
Counsel for John Crane, Inc.

RECEIVED
CLERK'S OFFICE
2008 APR -7 A 10: 05
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2008

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

FILED
CLERK'S OFFICE

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CRO)

Robert Moeller, et al. v. Garlock Sealing Technologies, LLC, et al., E.D. Pennsylvania
(W.D. Kentucky 3:07-65)

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Max S. Hartz
MCCARROLL NUNLEY & HARTZ
111 East Third Street, P.O. Box 925
Owensboro, KY 12302

Eric J. Jacobi
CLAY KENEALY WAGNER
& ADAMS PLLC
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792, 28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Joseph D. Satterley
SALES TILLMAN WALLBAUM
CATLETT & SATTERLEY
1900 Waterfront Plaza,
325 West Main Street
Louisville, KY 40202

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Berlin Tsai
PEDLEY ZIELKE GORDINIER
& PENCE
462 S. Fourth Avenue
2000 Medinger Tower
Louisville, KY 40202

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

No. 06-CI-02564

**JEFFERSON CIRCUIT COURT**
**DIVISION FOUR (4)**
**JUDGE DENISE G. CLAYTON**

ROBERT L. MOELLER
and
OLWEN MOELLER                                                                PLAINTIFFS

v.

GARLOCK SEALING TECHNOLOGIES LLC                              DEFENDANTS

**    **    **    **

## NOTICE - MOTION - ORDER

Please take NOTICE that the undersigned will on Monday, January 22, 2007 at 10:15 a.m

(local time) make this Motion and tender the attached Order.

### MOTION FOR TRIAL CONTINUANCE AND NEW TRIAL DATE

Come the plaintiffs, by counsel, and respectfully moves the Court to continue the trial setting

scheduled for February 26, 2007. Plaintiff also moves the Court to select a new trial setting.

**I.**

This case is presently scheduled for trial to begin February 26, 2007.  Recently, the landscape

of the case has changed. Only two defendants remain in the case: Garlock/Anchor Packing and John

Crane. The remaining defendants are gasket and packing manufacturers sharing common defenses

and exposure histories in this case.

Plaintiffs previously granted defendants' request for an extension of time to identify and file

experts in this case.  The defendants' disclosures were received on December 28, 2006. Garlock has

identified 21 potential experts and John Crane has identified 6 experts.

RECEIVED JAN 1 2 RECD

Regrettably, plaintiffs cannot adequately prepare their case for trial as scheduled.  Plaintiffs' counsel desires to depose defendants' experts. Further, plaintiffs intend to retain and disclose rebuttal witnesses.

For the reasons set forth above, plaintiffs request a short continuance of the trial date. Plaintiffs propose the case be re-scheduled for a trial setting (at the Court's convenience) in the summer or fall of 2007. Plaintiffs also request entry of a new scheduling order setting new deadlines for disclosure of rebuttal witnesses and completion of expert and fact discovery.

Respectfully submitted,

William R. Kenealy, Esq.
Eric J. Jacobi, Esq.
KENEALY & JACOBI PLLC
462 South Fourth Avenue, Suite 1730
Louisville, Kentucky 40202
Phone: (502) 561-2005
Fax: (502) 589-5500
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was this 11th day of January, 2007, mailed all parties identified on the attached service list.

COUNSEL FOR PLAINTIFFS

# KENEALY | JACOBI

KENEALY & JACOBI PLLC
462 South Fourth Avenue, Suite 1730, Louisville, Kentucky 40202
Phone: (502) 561-2005  |  Fax: (502) 589-5500  |  Web: www.kandjlaw.com

Writer's email:
ejacobi@kandjlaw.com

June 6, 2007

Mr. Bruce Lassman
Asbestos MDL 875 Law Clerk
U.S. Courthouse
601 Market Street, Room 17614
Philadelphia, PA 19106

**Re:**   **MDL 875 – In Re: Asbestos Products Liability Litigation (No. VI)**
*Robert Moeller et al. v. Garlock Sealing Technologies LLC et al.*
**Kentucky Western District, KYW 3 07-65**

Dear Mr. Lassman:

As counsel for the plaintiff in Robert Moeller v. Garlock Sealing Technologies LLC et al., No. 03:07-CV-00065 (W.D.K.Y.), I am writing to respectfully request a status/settlement conference in the case.

Mr. Moeller is a 63 year-old retired pipefitter _living_ with mesothelioma. He and his doctors are cognizant of the fatal nature of his disease and shortened life expectancy.

Mr. Moeller originally filed suit in Jefferson Circuit in Louisville, Kentucky on March 22, 2006. The plaintiff sought and was provided an expedited trial setting for February 26, 2007. All defendants except Garlock and John Crane settled before trial. Counsel for Garlock and John Crane removed the case the Western District of Kentucky immediately prior to trial. Transfer to MDL 875 followed.

Mr. Moeller is anxious to proceed with his case in hopes he can participate in his trial. His health raises substantial doubt that he will be able to assist with the prosecution of his case. For this reason, Mr. Moeller desires an expedited status/settlement conference at the MDL. If the case cannot be resolved at the MDL, Mr. Moeller desires immediate transfer to the Western District of Kentucky to proceed with a trial.

Thank you for your consideration. If you have any questions, please do not hesitate to call me. With best personal regards,

Sincerely,

Eric J. Jacobi

EJJ/es
cc: All counsel of record

RECEIVED JUN 0 7 REC'D



Kenneth I. Sales •
Stephen J. Tillman
Linda J. Wallbaum
Robert L. Catlett, Jr.
Joseph D. Satterley #
Philip Harrison Cade*
J. Key Schoen
Rex Dunn
J. Robert Shelton☐
Paul J. Kelley
Allison B. Grant
Corey Ann Finn•

**SALES TILLMAN WALLBAUM CATLETT & SATTERLEY, PLLC**
LAW OFFICES

1900 Waterfront Plaza
325 West Main Street
Louisville, Kentucky 40202
(502) 589-5600 • (502) 814-5500 Fax
www.STWLaw.com

*Of Counsel:*
Raymond I. Sales
L. Kent Robinson, PSC

*Paralegals:*
Angie Southers
Dana French
Tammy Owens

*Paducah Office:*
Kenneth L. Sales
Joseph D. Satterley
Rick A. Johnson
P. O. Box 730
Paducah, KY 42002

November 29, 2007

VIA: *Facsimile: 847-741-4692*

Daniel O'Connell, Esq.
O'Connell & Associates, P.C.
Elgin/Barrington
645 Tollgate Road, Suite 220
Elgin, IL 60123

    RE:   *Robert Moeller v. Garlock & John Crane*

Dear Dan:

    This letter is to confirm that I tried to reach you on November 29, 2007 to discuss this matter. You were not available to talk at that time, but I left a message for you. I also contacted Max Hartz to discuss having this case remanded back to Federal Court in Louisville, but he advised me he did not have authority to do anything in the case and he would have to contact you. Accordingly, I got John Gordinier on the telephone and he and I talked to Bruce Lassman briefly about this case. Mr. Lassman set a settlement conference for this case on December 10, 2007 at 10:30 a.m. at the Federal Courthouse. Garlock's counsel informed Mr. Lassman and myself that he would be present for this settlement conference. Mr. Lassman simply wanted me to check to make sure one of John Crane's numerous counsel could be present during the settlement conference.

    Please advise me as soon as possible whether your local counsel in Philadelphia, Max Hartz or yourself can be present for this settlement conference.

    As always, if you have any questions, please do not hesitate to contact me. If John Crane wants to negotiate this case prior to the settlement conference, please feel free to contact me.

    With best personal regards,

                        Sincerely,

                        Joseph D. Satterley

cc: Max Hartz
    John Gordinier
    Eric Jacobi

9411 Smyrna Parkway • Okolona, KY 40229 • (502) 968-7554        5300 Bardstown Road • Louisville, KY 40291
10400 Dixie Highway • Valley Station, KY 40272 • (502) 935-5656
115 East Spring Street • Suite 301, Elsby Building • New Albany, IN 47150 • (812) 944-2428
* Also licensed in Indiana    # Also licensed in Pennsylvania    ☐ Also licensed in Tennessee    • Also licensed in Colorado

