

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 08, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

    Diana Wheeler McCarthy, et al. v. AstenJohnson, Inc., et al., )
        E.D. Pennsylvania (C.D. California, C.A. No. 2:03-3046) )   MDL No. 875
    Beatrice Chiasson, et al. v. Honeywell International, Inc., et al., )
        E.D. Pennsylvania (E.D. Louisiana, C.A. No. 2:05-5221) )

## SEPARATION OF CLAIMS AND REMAND ORDER

**Before the entire Panel**[*]: Defendants[1] in two actions (*McCarthy* and *Chiasson*) pending in the Eastern District of Pennsylvania have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders, entered at the suggestions of the transferee court, conditionally remanding *McCarthy* to the Central District of California and *Chiasson* to the Eastern District of Louisiana, with the exception of any claims for punitive or exemplary damages that have previously been severed by the transferee court. Responding plaintiffs oppose the motions to vacate.

After considering all argument of counsel, we find that remand of the non-punitive/exemplary damage claims in *McCarthy* and *Chiasson* is appropriate at this time. The following quotation from our precedent is instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

---

    [*]    Judges Heyburn and Scirica took no part in the disposition of this matter.

    [1]    AstenJohnson, Inc., in *McCarthy*, and Eaton Corp. in *Chiasson*.

OFFICIAL FILE COPY   IMAGED APR 8 2008

PLEADING NO. 5410

-2-

In *McCarthy* and *Chiasson*, the transferee court has entered suggestions of remand reflecting its determination that the two actions' non-punitive/exemplary damage claims should be remanded to their respective transferor courts. The number of Section 1407 remands in MDL No. 875 is proportionately small, because under the transferee court's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as of March 31, 2008, over 76,450 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to overrule the transferee court's conclusions with respect to the appropriateness of remand. We therefore will adopt the transferee court's recommendations and order remand of the suggested claims in *McCarthy* and *Chiasson*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims by plaintiffs in these two actions except the severed claims for punitive or exemplary damages are separated and remanded to the Central District of California and the Eastern District of Louisiana, respectively.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman[*]    J. Frederick Motz
Robert L. Miller, Jr.              Kathryn H. Vratil
David R. Hansen                    Anthony J. Scirica[*]