**MDL 875**

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS  :  MDL NO. 875
LIABILITY LITIGATION (NO. VI)  :
  :
  :
  :  April 10, 2008

THIS DOCUMENT RELATES TO:

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

TODD KORTEKAMP, as Executor of the  :
Estate of JACK KORTEKAMP, and  :
GERALDINE KORTEKAMP, as Surviving  :  Civil Action No.:  08-043
Spouse  :
    Plaintiffs,  :
  :
v.  :
  :
3M COMPANY, et al  :
    Defendants.  :  April 10, 2008

PLEADING NO. 5413

---

**DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN
OPPOSITION TO  PLAINTIFFS' MOTION TO VACATE CONDITIONAL
TRANSFER ORDER 303**

Defendant General Electric Company ("GE") submits this Memorandum in Opposition to

Plaintiffs' Motion to Vacate the Conditional Transfer Order dated March 25, 2008 (the

"Motion").  The Judicial Panel on Multidistrict Litigation's (the "Panel") CT-303 transferred this

case for coordinated or consolidated pretrial proceedings in the United States District Court for

the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. §1407.

**I.     PROCEDURAL HISTORY**

This civil action alleging an asbestos-related injury was originally filed in the Rhode

Island Superior Court.  It was not until January 4, 2008 that this case first became removable.

Accordingly, the action was timely removed within thirty (30) days thereof to the District Court

**OFFICIAL FILE COPY**
IMAGED APR 11 2008

ME1 7273103v.2

for the District of Rhode Island pursuant to the Federal Officer Removal Statute, 28 U.S.C. §1442 (a)(1). Plaintiffs moved to remand and GE filed its opposition thereto.

A conditional transfer order (CTO-303) to the Asbestos MDL ("MDL-875") was issued on February 26, 2008. On February 29, 2008, Plaintiffs requested the District Court of Rhode Island to stay CTO-303 based on essentially the same arguments Plaintiffs now raise before the Panel. GE filed its opposition to Plaintiff's motion to stay and on March 4, 2008, the District Court of Rhode Island denied the Plaintiffs' motion to stay CTO-303. See Exhibit A. Before the Panel is Plaintiffs' second attempt to vacate CTO-303.

## II.   THE ASBESTOS MDL IS APPROPRIATE FOR COORDINATION OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Plaintiffs' motion to vacate the transfer order should be denied because, contrary to Plaintiffs' arguments, this case is appropriate for transfer to the Asbestos MDL for several reasons. First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court in order to serve both consistency and economy. Third, transfer and coordination or consolidation promotes the just and efficient resolution of asbestos-related lawsuits. Finally, transfer to the Asbestos MDL will not violate any of Plaintiffs' constitutional rights.

### A.   The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

A jurisdictional challenge raised in Plaintiffs' motion to remand does not change the fact that this case is exactly the type of asbestos personal injury case that should be transferred to MDL-875. For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. *See In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos*

*Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).   Moreover,

courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict

litigation withstands pending jurisdictional objections.   Simply put, jurisdictional objections

alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial

proceedings.  *See In re* Gypsum *Wallboard*, 302 F.Supp. 794, 794 (J.P.M.L. 1969).   Likewise,

the fact that a case is in federal court by removal from state court has no bearing on a motion to

transfer the case for MDL proceedings.  *See In re Antibiotic Drugs*, 299 F.Supp. 1403 (J.P.M.L.

1969).

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to

transfer a case in which (as is true here) a motion to remand to state court is pending.  *In re Ivy,*

901 F.2d 7 (2d Cir. 1990).   Numerous courts have cited and relied on *Ivy* for this proposition.

*See, e.g., In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d

1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.,* 151 F.Supp.2d 1381,

1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v.*

*Down Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.,* 1996 WL

164415, at *3 (N.D. Ill. April 3, 1996).

Consistent with the goal of promoting efficiency and consistency, other courts have also

recognized the Panel's authority to transfer cases subject to pending jurisdictional objections.

*See, e.g., Good v. Prudential Ins. Co.,* 5 F.Supp. 2d 804 (N.D. Ca. 1998).   The "power of the

Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal

jurisdiction over a defendant."  *In re Gypsum Wallboard*, 302 F.Supp. 794, 794 (J.P.M.L. 1969).

The pendency of a motion to remand does not compromise the Panel's authority to transfer such

actions for coordinated or consolidated MDL proceedings.   Thus, while Plaintiffs' motion for

3

remand has not been heard by the district court, it can just as easily be decided by the Panel after transfer.

### B.    Transfer Promotes Judicial Consistency and Economy.

"Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." *Akins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La. Mar. 24, 2000). "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." *Boudreaux v. Metropolitan Life ins. Co.*, 1995 WL 83788, at *2 (E.D. La. February 24, 1995). In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation… In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal court…were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999. Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." *In re Duane*, 354 F.Supp. 278, 279 (J.P.M.L. 1973); *see, e.g., In re Puerto Rico Air Disaster Litig.*, 340 F.Supp. 492 (D.P.R. 1972). Indeed, remand and other motions can be presented to and decided by the transferee judge. See, e.g., *In re Ivy*, 901 F.2d 7; *In re Serzone*

4

*Products Liability Litigation* (J.P.M.L. June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy*, 901 F.2d at 9.  In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion.  We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay or transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.I.P.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay.

*In re Prudential Ins. Co.*, 2001 WL 980541, at *1 (J.P.M.L. Aug. 15, 2001).

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district.  *See, e.g., In re New Mexico Natural Gas Antitrust Litig.*, 482 F.Supp. 333 (J.P.M.L. 1979); *see also In re IBM*, 302 F.Supp. 796 (J.P.M.L. 1969) (refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted

5

transfer.).  Therefore, as the determination of a jurisdictional issue is well within the transferee court's authority, the interests of judicial consistency and economy would be best served by transferring this case to a single court with the requisite experience and expertise to decide the issue.

**C.     The Asbestos MDL Promotes The Just And Efficient Resolution Of Asbestos-Related Lawsuits.**

Another consideration for transfer to an MDL is whether it "will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  Plaintiffs argue that transfer of this case will not promote these objectives because, in their words, the Asbestos MDL is a "black hole" and cases transferred there are "forever mired in inactivity."

As an initial matter, the Panel has already considered competing arguments about the efficiency and efficacy in administering an MDL for asbestos-related cases as opposed to maintaining traditional case-by-case adjudication of such cases.  *See In re Asbestos Product. Liability Litigation*, 771 F.Supp. 415 (J.P.M.L. 1991).  The facts of this case do not make it any different from other asbestos-related cases that are routinely transferred to the Asbestos MDL as one can see from a recent decision from the Panel overruling a plaintiff's objection to its transfer order.  *See In re Asbestos Products Liability Litigation,* Opinion and Order dated February 8, 2008, attached hereto as Exhibit B.  The Plaintiffs' protests and citations to other commentators' criticisms here merely represent disagreement with the J.P.M.L.'s ultimate policy decision – a reason insufficient to vacate transfer of this particular case.  Moreover, Plaintiffs' claims are without merit – the Asbestos MDL *does* promote "just and efficient" resolution of asbestos-related lawsuits, and Plaintiffs' focus on the frequency of remands and trials of such actions, rather than overall *resolutions*, is a red herring.

6

Plaintiffs focus on the fact that they will be "subject to [a] forced pre-trial procedure and settlement conference" and the proportional infrequency of remands, but the proper focus should be on overall *resolutions* of asbestos-related actions, which are occurring at a steady pace in the Asbestos MDL.  Contrary to Plaintiffs' suggestions, there is nothing improper about, and indeed it is actually preferable to, resolve cases through negotiation, settlement, and/or dismissal before trials of individual cases are ever needed.  As explained in the Manual for Complex Litigation (Third), § 31.132 (1995), "[o]ne of the values of multidistrict proceedings is that they bring before a single judge all of the cases, parties, and counsel comprising the litigation" and "therefore afford a unique opportunity for the negotiation of a global settlement[s]" that reduce litigation costs for *all* parties, thereby maximizing recovery by deserving plaintiffs.

Additionally, there is nothing unusual or problematic about the relatively low number of remands coming out of the Asbestos MDL:  "[e]xperience [with MDLs] shows that few cases are remanded for trial; most multidistrict litigation is settled in the transferee court."  Manual for Complex Litigation (Third), § 31.132.  Indeed, trials of individual cases are not a panacea because, as the former Asbestos MDL judge explained, "the necessity of trial when either or both parties refused to negotiate in good faith and lengthy post trial practice served only to deplete the funds otherwise available to compensate the victims."  *Carlough v. Amchem Prod., Inc. No. 93-215, Memorandum Opinion and Order*, at *7-8 (E.D. Pa. April 15, 1993) (Weiner, J.); *see also In re Asbestos Prod. Liab. Litig.*, 771 F.Supp. at 419 (collecting authorities "recount[ing] the inefficiencies and inequities of case-by-case adjudication in the context of mass tort disasters").  Finally, it should be emphasized that virtually all of the cases in the Asbestos MDL that involve screened plaintiffs with non-malignancies (which likely represent more than 90% of that MDL's current docket, Stephen Carroll et al., *Asbestos Litigation*, RAND Institute for Civil Justice

ME1 7273103v.2

(2005), at 75) are subject to pending motions to dismiss on the grounds that those plaintiffs rely on (1) medical "records" created through mass screenings that are unreliable at best, and fraudulent at worst, and on (2) testimony of purported medical experts (a handful of whom are used in literally tens of thousands of cases) who have routinely and repeatedly used flawed, and often fraudulent, methodology in order to falsely generate positive "diagnoses" of plaintiffs.[1] Not only are these precisely the sorts of issues that an MDL is best equipped to handle, but this also contravenes the Plaintiffs' presumption here that there are thousands of meritorious cases bollixed up in the Asbestos MDL for no reason other than that MDL's supposed pro-defense bias. The MDL court is expected to rule on these motions to dismiss in the upcoming months.

In summary, contrary to Plaintiffs' aspersions, the history of resolutions in the Asbestos MDL so far is very "encouraging," for both defendants *and* plaintiffs.

### D.    Transfer To The Asbestos MDL Will Not Violate Any Of Plaintiffs' Constitutional Rights.

As a final attack on the Asbestos MDL, Plaintiffs claim that their constitutional rights will be violated if this case is transferred to the Asbestos MDL. Putting aside that Plaintiffs may not even have standing to assert such claims at this point in the proceedings, the Panel has already considered and rejected the same type of arguments regarding the constitutionality of this MDL and, in any case, Plaintiffs' sweeping claims here are wholly without merit. Contrary to Plaintiffs' efforts to cast the Asbestos MDL as some tribunal lacking in basic legal procedures, the reality is that parties are not denied any rights by having their cases transferred to a federal court such as the Asbestos MDL.

---

[1] These motions are presently on file with the Asbestos MDL court. This Court may take judicial notice of the filing of these motions. Defendants, however, would also be happy to provide this Court with copies of the relevant motions, should this Court deem that helpful to its analysis herein.

ME1 7273103v.2

The Panel has already considered and rejected a challenge by other asbestos plaintiffs that "transfer [to the MDL] should be denied because the way in which MDL-875 is being administered effectively denies them their constitutional right to a jury trial." *In re Asbestos Prod. Liab. Litig.*, 170 F.Supp. 2d 1348, 1349-50 (J.P.M.L. 2001). In rejecting this challenge to a transfer and the constitutionality of the Asbestos MDL, the Panel explained that "[a]lthough the number of Section 1407 remands in this docket is proportionately small, this is only because under Judge Weiner's stewardship the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings . . . The fact remains that whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been utilized to accomplish Section 1407 remand for trial with a minimum of delay." *Id.* Plaintiffs' arguments about the impending violation of their right to a trial by jury here are no different, and should be similarly rejected.

Furthermore, Plaintiffs here fail to recognize the crucial distinction for constitutional purposes between a blanket moratorium on all jury trials (such as those in the cases Plaintiffs cite, *Armster v. U.S. Dist. Ct.*, 792 F.2d 1423, 1428 (9th Cir. 1986) and *Ex parte Milligan,* 71 U.S. 2 (1866) (which actually involved *criminal* trials)) as opposed to some delay in getting a civil jury trial. As evidenced by the statistics quoted herein, there is certainly no absolute denial of jury trials for cases in the Asbestos MDL. Plaintiffs are incorrect when they characterize the Asbestos MDL as a system that would cause "severe constitutional prejudice" to Plaintiffs because, as explained above, this characterization ignores that jury trials are not even sought in most cases in the Asbestos MDL since those cases are otherwise resolved through settlement or dismissal. And, as Plaintiffs themselves allude, there is no *per se* constitutional infirmity with some delay in getting a jury trial, particularly in the context of mass tort litigation such as this.

ME1 7273103v.2

*See, e.g., Capital Traction Co. v. Hof,* 174 U.S. 1, 23 (1899) (the Seventh Amendment "does not prescribe at what stage of an action a trial by jury must, if demanded, be had"); *In re Vermont Supreme Court Admin. Directive No. 17,* 579 A.2d 1036, 1041 (Vt. 1990) ("actions that may delay or condition the jury trial right do not by themselves infringe on that right"); *Pittsburgh Corning Corp. v. Bradley,* 453 A.2d 314, 316 (Pa. 1982) (holding that "requirement that the litigants proceed first in another forum [non-jury trial before any jury trial allowed for asbestos cases] does not offend the Constitution"); *Rhea v. Massey-Ferguson, Inc.,* 767 F.2d 266, 268 (6th Cir. 1985) (holding that mandatory arbitration program does not violate right to jury trial and explaining that "the core of these fundamental elements is the right to have a 'jury *ultimately* determine the issues of fact if they cannot be settled by the parties or determined as a matter of law'" (citation omitted)) (per curiam). Despite Plaintiffs' suggestions to the contrary, there is no constitutional right to a speedy *civil* jury trial. Moreover, Plaintiffs' claim of having an April 14, 2008 trial date conveniently leaves out the fact that Plaintiffs' purported trial date has already been moved several times because of outstanding discovery that still has yet to be completed, and that Plaintiffs' case was one of six cases with the same trial date in a jurisdiction with only one judge assigned to try asbestos-related cases.

Plaintiffs' view that it would be unjust and a violation of their rights if they are required to navigate the so-called "maze of MDL-875" is mistaken because of the more-than-adequate opportunities for discovery and resolution available in the Asbestos MDL, as outlined throughout this brief. Just because a court provides a different procedure or rules for resolution does not mean that it is an inadequate forum, even if a particular plaintiff's lawsuit ceases to be economically viable under such a system. *See, e.g., Gonzalez v. Chrysler Corp.,* 301 F.3d 377 (5th Cir. 2002) (holding that a Mexican court was an adequate forum even though there was a

damages cap of $2500 and no strict products liability under Mexican law).  Any notion that a federal court such as the Asbestos MDL is inadequate to hear Plaintiffs' lawsuit is preposterous.

## III.    CONCLUSION

For all of the reasons stated herein, Plaintiffs' Motion to Vacate Conditional Transfer Order to MDL should be denied.

DEFENDANT
GENERAL ELECTRIC COMPANY

/s/

Jeffrey M. Thomen, Esquire
jthomen@mccarter.com
Federal Bar No. 6738
McCARTER & ENGLISH, LLP
185 Asylum Street, 36th Floor
Hartford, Connecticut 06103
Tel.: (860) 275-6700
Fax.: (860) 724-3397

RECEIVED
CLERK'S OFFICE
2008 APR 11  A 9:41
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

11

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 11 2008

FILED
CLERK'S OFFICE

## CERTIFICATION

I hereby certify that on April 10, 2008, a copy of the foregoing DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303 was served on the parties listed on the Involved Counsel List (CTO-303) attached to this certification.

/s/ _____

Jeffrey M. Thomen

ME1 7273103v.2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

## INVOLVED COUNSEL LIST (CTO-303)

Lawrence E. Abbott
ABBOTT SIMSES & KUCHLER
5100 Village Walk
Suite 200
Covington, LA 70433

Robert M. Arentson Jr.
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
P.O. Box 14167
Jackson, MS 39236-4167

Brian P. Barrow
SIMON EDDINS & GREENSTONE
301 East Ocean Boulevard
Suite 1950
Long Beach, CA 90802

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Christine Chang H. Bruneau
ABBOTT SIMSES & KUCHLER
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Dawn M. Ceizler
GLYNN & FINLEY
100 Pringle Avenue
Suite 500
Walnut Creek, CA 94596

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

John E. Deaton
DEATON LAW FIRM LLC
One Richmond Square
Suite 134C
Providence, RI 02906

Kathleen F. Drew
ADAMS & REESE LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Richard S. Glasser
GLASSER & GLASSER PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Julia A. Gowin
PALMIERI TYLER WIENER
WILHELM & WALDRON
East Tower, Suite 1300
2603 Main Street
Irvine, CA 92614

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

H.W. Trey Jones
SIMON EDDINS & GREENSTONE
301 East Ocean Boulevard
Suite 1950
Long Beach, CA 90802

Randall A. Jordan
JORDAN FIRM
1804 Frederica Road
Suite C
St. Simons Isl., GA 31522

Charles H. Kanter
PALMIERI TYLER WIENER
WILHELM & WALDRON
East Tower, Suite 1300
2603 Main Street
Irvine, CA 92614

Daniel Lee Keller
KELLER FISHBACK & JACKSON
28720 Roadside Drive
Suite 201
Agoura Hills, CA 91301

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

Gary Paul Kraus
ONEBANE LAW FIRM
1200 Camellia Blvd.
Suite 300
P.O. Box 3507
Lafayette, LA 70502-3507

**MDL No. 875 - Involved Counsel List (CTO-303) (Continued)**

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY & MANSFIELD PLLP
150 South Los Robles Avenue
Suite 400
Pasedena, CA 91101

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Lynn M. Luker
LYNN LUKER & ASSOCIATES
3433 Magazine Street
New Orleans, LA 70115

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Frank X. Neuner
LABORDE & NEUNER
P.O. Drawer 52828
Lafayette, LA 70505

James C. Parker
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Patrick W. Pendley
PENDLEY BAUDIN & COFFIN
24110 Eden Street
P.O. Box 71
Plaquemine, LA 70765

Timothy W. Porter
PORTER & MALOUF PA
P.O. Box 12768
Jackson, MS 39236-2768

John J. Repcheck
MARKS O'NEILL O'BRIEN
 & COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Aaron P. Rudin
GORDON & REES LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

James G. Scadden
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Frederick Schenk
CASEY GERRY SCHENK
FRANCAVILLA ET AL
110 Laurel Street
San Diego, CA 92101

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Richard P. Sulzer
SULZER & WILLIAMS LLC
201 Holiday Boulevard
Suite 335
Covington, LA 70433

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Jeffrey M. Thomen
MCCARTER & ENGLISH LLP
185 Asylum Street
City Place I
Hartford, CT 06103-3495

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
DOGAN & WILKINSON PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Thomas E. Vaughn
VAUGHAN BOWDEN & WOOTEN
P. O. Drawer 240
Gulfport, MS 39502-0240

Mona Lisa Wallace
WALLACE & GRAHAM PA
525 North Main Street
Salisbury, NC 28144

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## REVISED CERTIFICATION

APR 11 2008

FILED
CLERK'S OFFICE

I hereby certify that on April 11, 2008, a copy of the DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303 dated April 10, 2008 was serviced via U.S. Mail on the parties listed on the Panel Service List (Excerpted from CTO-303) attached to this certification.

_____
Jeffrey M. Thomen

RECEIVED
CLERK'S OFFICE

2008 APR 11  P 12: 03

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

ME1 7284603v.1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                              MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-303)


Todd Kortekamp, et al. v. 3M Co., et al., D. Rhode Island, C.A. No. 1:08-43


Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Jeffrey S. Brenner
NIXON PEABODY LAW FIRM
One Citizens Plaza
Providence, RI 02903

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

John E. Deaton
DEATON LAW FIRM LLC
One Richmond Square
Suite 163W
Providence, RI 02906

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Jeffrey M. Thomen
MCCARTER & ENGLISH LLP
185 Asylum Street
City Place I
Hartford, CT 06103-3495

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

APR 1 1 2008

FILED
CLERK'S OFFICE

Exhibit A

## Thomen, Jeffrey M.

| | |
|---|---|
| **From:** | cmecf@rid.uscourts.gov |
| **Sent:** | Wednesday, March 05, 2008 10:10 AM |
| **To:** | cmecfnef@rid.uscourts.gov |
| **Subject:** | Activity in Case 1:08-cv-00043-S-LDA Kortekamp v. 3M Company et al Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Rhode Island

## Notice of Electronic Filing

The following transaction was entered on 3/5/2008 at 10:09 AM EST and filed on 3/5/2008
**Case Name:**      Kortekamp v. 3M Company et al
**Case Number:**    1:08-cv-43
**Filer:**
**Document Number:** No document attached

**Docket Text:**
TEXT ORDER DENYING Plaintiff's Motion to Stay the Conditional Transfer Order. So Ordered by Judge William E Smith on 3/4/2008. (Baldinelli, Doreen)


**1:08-cv-43 Notice has been electronically mailed to:**

Mark T. Boivin     mboivin@deatonlawfirm.com, jdeaton@deatonlawfirm.com, mwaring@deatonlawfirm.com, vdennis@deatonlawfirm.com

Jeffrey S. Brenner     jbrenner@nixonpeabody.com, mryone@nixonpeabody.com, ProEfile@nixonpeabody.com

Jeffrey M. Thomen     jthomen@mccarter.com

**1:08-cv-43 Notice has been delivered by other means to:**

John E. Deaton
The Deaton Law Firm LLC
One Richmond Square
Suite 134C
Providence, RI 02906

Exhibit B

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Feb 08, 2008**

**FILED**
**CLERK'S OFFICE**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MDL No. 875

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in five actions listed on Schedule A and pending in the District of Connecticut, Eastern District of Louisiana, District of Maryland, Southern District of New York, and Western District of Washington, respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

---

[*]      Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut *Machnik* and District of Maryland *Shifflett* actions.

[1]      General Electric Co. and Viad Corp. (in the District of Connecticut action); Certainteed Corp. (in the Eastern District of Louisiana action); CBS Corp. and Federated Development, L.L.C. (in the District of Maryland action); Baxter Healthcare Corp., Fisher Scientific International Inc., VWR International, Inc., and Univar USA Inc. (in the Southern District of New York action); and AstenJohnson, Inc., and Scapa Dryer Fabrics, Inc. (in the Western District of Washington action).

- 2 -

Under the stewardship of the transferee court, as of February 1, 2008, (1) over 76,400 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION


_____
D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | J. Frederick Motz* |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                    MDL No. 875

## SCHEDULE A

     <u>District of Connecticut</u>

Elizabeth Machnik, etc. v. Buffalo Pumps, Inc., et al., C.A. No. 3:07-357

     <u>Eastern District of Louisiana</u>

Fernando Agusto Silva v. CertainTeed Corp., et al., C.A. No. 2:07-6259

     <u>District of Maryland</u>

Lewis Shifflett, et al. v. AC&R Insulation Co., Inc., et al., C.A. No. 1:07-2397

     <u>Southern District of New York</u>

Christian Holinka v. Baxter Healthcare Corp., et al., C.A. No. 1:07-8019

     <u>Western District of Washington</u>

Henry Barabin, et al. v. Albany International Corp., et al., C.A. No. 2:07-1454