**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MUTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAKE BRADSHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 5:08-CV-00053-C |
| | § | |
| AVENTIS CROPSCIENCE USA, INC., | § | |
| f/k/a Bayer Crop Science, f/k/a AmChem | § | |
| Products, et al., | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S MOTION FOR ORDER VACATING THE CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT TO RULE ON PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

COMES NOW Plaintiff, Jake Bradshaw, in the above-styled action and respectfully moves this Panel for an Order Vacating the Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiff's Motion for Remand to State Court. As grounds therefore, Plaintiff states the following:

1.      On September 14, 2007 Plaintiff filed this personal injury products liability action in the Superior Court of Peach County, Georgia. On March 5, 2008, Defendants untimely removed this action to the United States District Court for the Middle District of Georgia (Macon Division).



**OFFICIAL FILE COPY** IMAGED APR 1 5 2008

PLEADING NO. 5417

2.      On March 6, 2008 Defendants filed their Motion to Transfer with this Panel, and this Panel entered an order on March 20, 2008 conditionally transferring this case to MDL 875 sitting in the Eastern District of Pennsylvania.

3.      Plaintiff filed a Motion to Remand to Georgia state court on April 2, 2008 in the United States District Court for the Middle District of Georgia (Macon Division), and provided this Panel with Notice of Plaintiff's Intent to Oppose Transfer to MDL 875 on April 3, 2008.

4.      To date, Defendants have not responded to Plaintiff's Motion to Remand. As such, the District Court has not had the opportunity to rule on Plaintiff's Motion.

5.      Plaintiff respectfully requests that this Panel vacate the Conditional Transfer Order so that the transferor court may have the time and opportunity to rule on Plaintiff's Motion to Remand to the Superior Court of Peach County, Georgia.  Such relief is warranted because Mr. Bradshaw is diagnosed with malignant mesothelioma and will be gravely prejudiced should he succumb to the disease before trial.  This Panel has authority to vacate the Conditional Transfer Order and has done so in the past so that transferor courts may rule on threshold motions for remand.

6.      This Panel is respectfully referred to Plaintiff's Brief in support of this Motion, filed herewith, for a full discussion of these issues.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Panel vacate the Conditional Transfer Order pending decision by the United States District Court for the Middle District of Georgia (Macon Division) on Plaintiff's Motion to Remand.

2008 APR 14  P 3:47

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

Dated this _____ day of April, 2008

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

By:_____
Benjamin D. Cunningham
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**Attorney for Plaintiff**

John A. Baden IV
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**Attorney for Plaintiff**

Malcolm G. Lindley
LINDLEY, POWELL & RUMPH, P.A.
4601 Arkwright Road
Macon, GA 31210-1303
**Attorney for Plaintiff**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court and on all counsel of record listed on the attached Panel Service List via regular mail.

Dated this ___ day of April, 2008.

Benjamin D. Cunningham
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**Attorney for Plaintiff**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL
ON MUTIDISTRICT LITIGATION

APR 15 2008

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |

**************************

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAKE BRADSHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 5:08-CV-00053-C |
| | § | |
| AVENTIS CROPSCIENCE USA, INC., | § | |
| f/k/a Bayer Crop Science, f/k/a AmChem | § | |
| Products, et al., | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER VACATING
THE CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT
TO RULE ON PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

COMES NOW Plaintiff, Jake Bradshaw, in the above-styled action and
respectfully files this Brief in support of his Motion for an Order Vacating the
Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiff's Motion for
Remand to State Court.  As grounds therefore, Plaintiff states the following:

**FACTS**

1.     Plaintiff was diagnosed with terminal mesothelioma caused by his
exposure to Defendants' asbestos and asbestos-containing products in May 2006.  On
September 14, 2007 Plaintiff filed this asbestos personal-injury action in the Superior

Court of Peach County, Georgia. Plaintiff seeks compensation for, <u>inter alia</u>, "past, present, and future physical pain and suffering; past, present, and future mental anguish; past, present and future medical expenses and rehabilitation; past, present, and future loss of earnings and/or earning capacity; past, present, and future disability; loss of enjoyment of life; loss of support; loss of services, love and affection of their loved ones," as a result of Defendants' negligence in failing to warn of the latent dangers associated with the foreseeable use of their products, for strict liability, and for general contractor negligence.

2.      The Complaint was served on all Defendants on or about September 14, 2007. Throughout the Complaint and Exhibits attached thereto, Plaintiff repeatedly stated he was exposed to asbestos and asbestos-containing products while working as an electrician, electrical technician, and in various warehouse jobs at the Robins Air Force Base, located in Warner Robins, Georgia.

3.      On September 14, 2007 Plaintiff also filed his Sworn Informational Statement required by O.C.G.A. § 51-14-7 in all asbestos personal injury actions. In his Sworn Informational Statement, Plaintiff stated that "he was exposed to asbestos from October 12, 1966 through the 1980's while employed at Warner Robins Air Force Base." In their Notice for Removal, Defendants conceded that Plaintiff's Sworn Informational Statement did, in fact, contain this information.

4.      On September 14, 2007, Plaintiff also provided Defendants with copies of Plaintiff's social security records which reflected Plaintiff's employment at Robins Air Force Base.



5.     Plaintiff served Interrogatory Answers on January 29, 2008 again indicating that his exposure to Defendants' asbestos and asbestos-containing products occurred while employed at Robins Air Force Base.

6.     Plaintiff's deposition occurred on February 4, 2008, and Plaintiff yet again indicated that his exposure to Defendants' asbestos and asbestos-containing products occurred while employed at Robins Air Force Base.

7.     On March 5, 2008, more than 170 days after receipt of the Complaint, Plaintiff's Sworn Informational Statement, and Plaintiff's social security records and more than 35 days after filing of Plaintiff's Interrogatory Answers, Defendants filed a Notice of Removal in the United States District Court for the Middle District of Georgia (Macon Division), asserting "federal enclave jurisdiction."  The next day, Defendants' filed their Motion to Transfer this action from the United States District Court for the Middle District of Georgia (Macon Division) to MDL 875 in the Eastern District of Pennsylvania.

8.     Plaintiff promptly filed his Motion for Remand on April 2, 2008 asserting that Defendants' removal was untimely, as it violated 28 U.S.C. § 1446(b)'s 30 day time limitation on the removal of actions from state court.  Defendants' have not responded to Plaintiff's Motion.

9.     On April 3, 2008 Plaintiff provided this Panel with Notice of Plaintiff's intent to oppose transfer to MDL 875.

**ARGUMENT**

### I.      Mr. Bradshaw is Dying of Mesothelioma

10.      It is undisputed that Mr. Bradshaw has terminal mesothelioma, an "invariably fatal cancer … for which asbestos exposure is the only known cause …" In re Patenaude, 210 F.3d 135, 138 (3d Cir. 2000), cert. denied, 531 U.S. 1011 (2000). Thus, expeditious resolution of this matter is required for Plaintiff to personally participate in this action.

### II.     Mr. Bradshaw will be Substantially Prejudiced if the Motion to Vacate the Conditional Transfer Order is not Granted.

11.      Mr. Bradshaw's state law case had already entered discovery and was moving toward an expeditious trial.   Mr. Bradshaw had already responded to interrogatory requests and had served discovery requests on Defendants prior to removal. Moreover, Mr. Bradshaw was already deposed in the Georgia matter, and settlement discussions were in place with some Defendants.

12.      If the Conditional Transfer Order is vacated and the District Court, who has already received Plaintiff's Motion to Remand, is allowed to make a decision regarding remand of this action, Mr. Bradshaw may be able to have his case heard against all Defendants in the Superior Court for Peach County, Georgia prior to succumbing to mesothelioma caused by exposure to Defendants' asbestos and asbestos-containing products.  If the District Court is not given this opportunity prior to this Panel's issuing a transfer order, there is very little hope that Mr. Bradshaw will get to experience justice for his grave pain and suffering.

13.     Given the liberal removal rules provided by 28 U.S.C. § 1446(b), Defendants have yet to prove that federal jurisdiction is appropriate. Indeed, all that Defendants have done to date is file a brief Notice of Removal in the District Court, which Plaintiff promptly and vigorously opposed. Transferring this case to MDL 875 before the Defendants have been required to prove that federal jurisdiction is appropriate in the first instance, particularly in light of the fact that removal did not occur until more than 170 days after Defendants were first notified of possible federal enclave jurisdiction, would be patently unjust.

14.     Nowhere are the famous words of William Gladstone that "justice delayed is justice denied" more compelling than in a personal injury lawsuit brought by a terminally ill individual against defendants who belatedly seek to stall resolution of the matter by filing an untimely Notice of Removal. Given the volume of actions currently pending before MDL 875, it is undisputed that Mr. Bradshaw's case will proceed with greater haste in state court should the District Court deem remand appropriate.

## III.     This Panel Has Authority to Vacate Conditional Transfer Orders to Allow Transferor Courts to Resolve Questions of Remand.

14.     This Panel has vacated conditional transfer orders in similar personal injury cases to afford transferor courts an opportunity to rule on motions to remand to state court. See Vasura v. AC & S, Inc., 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000) (discussing the Panel's vacating of a "prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand" in an asbestos personal injury action); see also In re Richardson-Merrell, Inc. Bendectin Prods. Liab. Litig. (No. II), 606 F. Supp. 715, 717

(J.P.M.L. 1985) (vacating conditional transfer order in a products liability personal injury action).

16.     15.     In this action, Plaintiff only seeks a timely ruling on his Motion to Remand so that he may have his day in court before he succumbs to mesothelioma.

## IV.     This Panel Should Issue an Order Vacating the Conditional Transfer Order Because Defendants' Notice of Removal Was Procedurally Untimely.

16.     The right to removal is limited.  It arises only when a federal interest in the matter exists.  Willingham v. Morgan, 395 U.S. 402, 406 (1969).  In a motion to remand, the party seeking removal bears the burden of establishing federal jurisdiction.  Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005); Pancheco De Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) ("the removing party bears the burden of showing the existence of federal jurisdiction").

17.     Removal jurisdiction is construed narrowly, with any doubts resolved in favor of remand.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 2004) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; … removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003) (same); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (same); Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (same); accord Kuhn v. Brunswich Corp., 871 F. Supp. 1444, 1446 (N.D. Ga. 1994).  In the present case, Defendants have failed to overcome a clear presumption against removal.

18.     Defendants are precluded from removing this case from state court because more than thirty (30) days have passed since receipt by Defendants of Plaintiff's Complaint revealing the facts forming the basis of Defendants' Notice of Removal.  28 U.S.C. § 1446(b) states "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based." (emphasis added).  If the Complaint does not support removal on its face, a defendant may receive a second thirty-day period for removal upon receipt of "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."  Id. (emphasis added).

19.     As discussed above, Plaintiff's Complaint dated **September 14, 2007** contained at least 10 references to his exposure to asbestos or asbestos-containing products while working at Robins Air Force Base.  See Complaint at ¶¶ 72, 73, 76, 77, 78, 79, 80, 82, 83, 88, 89; Plaintiff's Sworn Informational Statement Pursuant to O.C.G.A. § 51-14-7.   Specifically, Plaintiff alleged that "the installation, use or disturbance of asbestos-containing products and materials by Defendants occurred while JAKE BRADSHAW was employed and actively working in and throughout the Air Force Base and in close proximity to the Defendant's employees, agents and/or servants." Complaint at ¶¶ 78, 82 ("Defendants National Service Industries had actual and/or constructive knowledge of the hazardous nature of asbestos fibers and dust when it commenced work at the Robins Air Force Base, and Defendant obtained further and additional actual and/or constructive knowledge of the hazardous nature of asbestos and dusts throughout the time period that it was performing work at the base"); Complaint at

¶ 87 ("Defendant, National Service Industries had a duty to warn individuals working within the Robins Air Force Base, including JAKE BRADSHAW, of the existence and danger of hazardous dust, asbestos-containing products and materials that had been purchased, assembled, installed, sawed, removed, transported and/or otherwise handled by Defendant, its employees, agents and/or servants.").

20.     Moreover, in Plaintiff's Sworn Informational Statement attached to the Complaint as required by O.C.G.A. § 51-14-7, Plaintiff identified "Warner Robins Air Force Base" as his "location of exposure to asbestos" from "October 12, 1966 through the 1980's."   Defendants' Notice of Removal dated **March 5, 2008** conceded that Plaintiff's Sworn Informational Statement, filed on **September 14, 2007**, identified Warner Robins Air Force Base as Plaintiff's location of exposure to asbestos. Defendants were, therefore on notice of the location of Plaintiff's asbestos exposure on or about **September 14, 2007**, making **October 14, 2007** the deadline for filing a notice of removal.   Defendant's Notice dated **March 5, 2008** was, therefore, almost 6 months late. See Weaver v. Miller Elec. Mfg. Co., Inc., 616 F. Supp. 683, 686 (S.D. Ala. 1985) ("A defendant should not be allowed to delay removing when he knows the facts necessary for removal, as the purpose of the statute is to extend the time limit only when a defendant cannot ascertain removability ... As the defendant has the burden of showing removability ... he should not be able to claim the limit is tolled when he knows he could remove.")

21.     At the absolute latest, Plaintiff's **January 29, 2008** Interrogatory Answers should have put Defendants on notice that Plaintiff's exposure to asbestos or asbestos-containing products occurred during his employment at Robins Air Force Base.   See

8

Answer to Interrogatory No. 14 (employment history includes "Warner Robins Air Force Base" from 10/12/66-1/1/03 as a "warehouse worker, electrician, electronic technician, foreman, manager, supervisor"); Answer to Interrogatory No. 23 ("Plaintiff states that he was exposed to visible dust during employment at Moncrieff New & Used Auto Parts, and while employed at Robins AFB.").

22.    28 U.S.C. § 1446(b) allows for "other paper" to trigger the 30 day window to remove. See Leboeuf v. Texaco, 9 F. Supp. 2d 661, 665 (E.D. La. 1998) (answers to interrogatories deemed other paper within the meaning of 1446(b)); Hines v. AC & S, Inc., 128 F. Supp. 2d 1003, 1006 (N.D. Tex. 2001) (same); Johnson v. Dillard Dept. Stores Inc., 836 F. Supp. 390, 391 (N.D. Tex. 1993) (same for responses to requests for admissions); Trotter v. Steadman Motors, Inc., 47 F. Supp. 2d 791, 793 (S.D. Miss. 1999) (same for deposition testimony); Pack v. AC & S, Inc., 838 F. Supp. 1099, 1102 (D. Md. 1993) (same for product identification documents given in discovery). Thus, Plaintiff's Interrogatory Answers, qualified as "other paper" for purposes of 28 U.S.C. § 1446(b) further put Defendants on notice of Plaintiff's exposure to asbestos while employed at Robins Air Force Base.

23.    In their Notice of Removal filed on **March 5, 2008**, Defendants contend that they were unaware of the specific buildings at Robins Air Force Base in which Plaintiff worked until Mr. Bradshaw's deposition on February 4, 2008. Thus, Defendants argue, "this action was not ripe for removal" until after Mr. Bradshaw's deposition. However, to reach this conclusion, Defendants have shifted to Plaintiff a burden which is not Plaintiff's to bear, namely that it is the responsibility of the defendant and not the plaintiff to timely investigate and determine whether an action is removable.

9

24.     In a factually analogous case, a district court in Texas remanded an asbestos class action lawsuit where plaintiffs served defendants with discovery responses on July 26, 2000 but defendants waited until December 4, 2000 to file a notice of removal based on federal enclave jurisdiction.  In holding that removal was inappropriate, the district court stated that once "[d]efendants knew the name of the work site; they knew enough to remove the matter." Hines, 128 F. Supp. 2d at 1008.

25.     Addressing defendants' argument that federal enclave permitted removal, the court stated that "[p]laintiffs have not hidden, disguised, or obscured the site of his exposure.  The relative rarity of federal enclave jurisdiction may have clouded the legal significance of those facts, but that alone does not justify indefinitely suspending the removal period.  Defendants' argument that Plaintiffs have a duty to disclose possible federal enclave jurisdiction is wrong.  Nothing requires Plaintiffs to take the step of adding a footnote, parenthetical, or caveat stating that the exposure locale happened to be a federal enclave.  The adversarial system, while sometimes collegial, is never that collegial." Id.

26.     In this case, Plaintiff clearly stated in his Complaint, his Sworn Informational Statement Pursuant to O.C.G.A. § 51-14-7, and his Interrogatory Answers that his exposure to asbestos-containing products occurred on Robins Air Force Base located in Warner Robins, Georgia.  Plaintiff has not "hidden, disguised, or obscured the site of exposure."  Hines, 128 F. Supp. 2d at 1008.  Although Defendants would undoubtedly prefer that Plaintiff have a duty to broadcast all bases of removal on the face of his Complaint, 28 U.S.C. § 1446(b) and cases interpreting the removal statute do not place this burden on Plaintiff.  See Hines, 128 F. Supp. 2d at 1009 (finding that

"[d]efendants' argument that Plaintiffs have a duty to disclose possible federal enclave jurisdiction is wrong"); Delaney v. Viking Freight, Inc., 41 F. Supp. 2d 672, 676 (E.D. Tex. 1999) (holding that the removal period began when defendant was able to detect fraudulent joinder, even without any additional information supplied by the plaintiff). Thus, Plaintiff's repeated statements that his exposure to asbestos and asbestos-containing products occurred while employed at the Robins Air Force Base should have put Defendants on notice of federal enclave jurisdiction, and Defendants' Notice of Removal, filed months after the filing of the Complaint, the Sworn Informational Statement, and the Interrogatory Answers was thus untimely.

27.     As another bite at the removal apple, Defendants claim that it was impossible to determine whether the buildings on Robins Air Force Base in which Plaintiff worked were subject to exclusive federal jurisdiction or whether those buildings remained under Georgia jurisdiction until after Plaintiff's deposition.  However, a review of Defendants' own Exhibits attached to their Notice of Removal reveals this argument's flaws.

28.     Since approximately 1953, the United States has exercised exclusive jurisdiction over roughly 80% of Robins Air Force Base.  Of the 6,790.374 acres at Robins Air Force Base, the United States maintains jurisdiction over 5,454.02 acres, with the State of Georgia retaining jurisdiction over the remaining 1,146.70 acres. Specifically, the areas excluded from federal jurisdiction are "those portions of Georgia State Highway No. 247 lying within Land Lots 214, 215, 216, 225, 226, 227, and 241." Clarity as to what structures and features are actually on these Georgia-retained portions

is provided in a 1953 letter from James H. Douglas, Under Secretary, to Georgia Governor Talmadge.

29.     In the Acceptance Letter, the following are explicitly excluded from exclusive federal jurisdiction: "(1) That portion of the new Macon-Hawkinsville Road (Georgia State Highway No. 247) which crosses Robins Air Force Base at the south-westerly corner thereof in Land Lot No. 241, as shown on Drawing No. 4309-6-2 above referred to, containing 5 acres of land, more or less;" and "(2) a tract of land in Land Lots 214, 215, 216, 227, 226 and 225, containing 27,624 acres more or less, being a narrow strip of land along the westerly boundary of Robins Air Force Base for public road right-of-way for the improvement of State Highway No. 247, and more particularly described in Enclosure No. 5."

30.     As Defendants are well aware, Plaintiff worked as an electrician, an electronic technician, and in various warehouse jobs located on Robins Air Force Base. Throughout the Complaint, Plaintiff stated that he was exposed to asbestos-containing products installed or used by Defendant National Service Industries ("NSI") while employed at Robins Air Force Base. See, e.g. Complaint at ¶¶ 72, 73, 74, 75, 76, 77, 81, 82, 83, 84. NSI, therefore, was on notice that Plaintiff alleged exposure to its products and could easily determine whether this exposure occurred on land under federal or Georgia jurisdiction at Robins Air Force Base. Once Defendant NSI had notice of possible federal enclave jurisdiction, all defendants are presumed to have notice, as the trigger-date for the thirty-day period is the date on which the first of the served defendants received notice that the claims at issue are removable. See Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988) (finding waiver of

defendants' right to remove by their failure to request removal unanimously within thirty days after the first defendant became aware that the action could be removed).

31.    In any event, Defendants, who had maps and descriptions of Robins Air Force Base at their disposal, could have, with relative ease, discovered that Plaintiff's work as an electrician, an electrical technician, and a warehouse worker did not occur on "that portion of the new Macon-Hawkinsville Road (Georgia State Highway No. 247) which crosses Robins Air Force Base at the south-westerly corner" or "a tract of land … being a narrow strip of land along the westerly boundary of Robins Air Force Base for public road right-of-way for the improvement of State Highway No. 247." Plaintiff, as an electrician would not have worked on unimproved tracts of narrow land or on a public roadway. In this case, as in the Hines case, "[n]othing is left to Defendants' speculation, surmise, or subjective hunch." See Hines, 128 F. Supp. 2d at 1007 (ordering remand due to untimely removal based on federal enclave jurisdiction where plaintiff's interrogatory responses provided defendants with "the name of the work site"). Remand is similarly proper here.

32.    Vacating the Conditional Transfer Order in this case until the United States District Court for the Middle District of Georgia (Macon Division) has had the opportunity to rule on Plaintiff's Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy. If federal jurisdiction is rejected, the action will be remanded back to the Superior Court for Peach County, Georgia. If federal jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

33.     In contrast, finalizing the Conditional Transfer Order prior to the District Court's ruling on jurisdiction will add yet another case to the already crowded docket of MDL 875, further increasing the burden on Judge Giles and his staff despite the fact that federal jurisdiction may not properly exist.   Significant administrative costs will be incurred, and all parties will be forced to expend valuable time and resources participating in MDL 875 procedures despite the lack of confirmation of jurisdiction. Upon completion of those procedures, the case will be sent back to the transferor court, incurring more administrative costs and burdens, only to return to the same question pending before the District Court today: whether the federal court has jurisdiction over this matter.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Panel vacate the Conditional Transfer Order, pending decision by the United States District Court for the Middle District of Georgia (Macon Division) on Plaintiff's Motion to Remand.

Dated this _10th_ day of April, 2008.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

By: _____
Benjamin D. Cunningham
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**Attorney for Plaintiff**

John A. Baden IV
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**Attorney for Plaintiff**

Malcolm G. Lindley
LINDLEY, POWELL & RUMPH, P.A.
4601 Arkwright Road
Macon, GA 31210-1303
**Attorney for Plaintiff**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court and on all counsel of record listed on the attached Panel Service List via regular mail.

Dated this _11_ day of April, 2008.

Benjamin D. Cunningham
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**Attorney for Plaintiff**

2008 APR 14 P 3: 47
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-304)

Jake Bradshaw v. Aventis CropScience USA, Inc., et al., M.D. Georgia, C.A. No. 5:08-53

Michael J. Athans
FIELDS HOWELL ATHANS
& MCLAUGHLIN
1360 Peachtree Street, N.E.
One Midtown Plaza, Suite 800
Atlanta, GA 30309

Robert A. Barnaby II
DONAGHUE HOEY NELSON
& COHEN LLC
1050 Crown Pointe Parkway
Suite 1600
Atlanta, GA 30338

Andrew Thomas Bayman
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521

Charles W. Billingsley, Jr.
SWIFT CURRIE MCGHEE
& HARRIS
300 The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA 30309

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Franklin P. Brannen, Jr.
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309-3521

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

Benjamin D. Cunningham
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465

John D. Dalbey
CHILIVIS COCHRAN LARKINS
& BEVER
3127 Maple Drive, N.E.
Atlanta, GA 30305

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Andrew Alan Davenport
KASOWITZ BENSON TORRES
& FRIEDMAN LLP
1360 Peachtree Street, N.E.
Suite 1150
Atlanta, GA 30309

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

David Andrew Hughes
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
600 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30308

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Malcolm G. Lindley
LINDLEY POWELL & RUMPH
4601 Arkwright Road
Macon, GA 31210-1303

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Bates Lovett
HUNTER MACLEAN EXLEY
& DUNN
P.O. Box 9848
200 East St. Julian Street
Savannah, GA 31412

## MDL No. 875 - Panel Service List (Excerpted from CTO-304)(Continued)

Dennis Manganiello
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

David C. Marshall
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E., 40th Floor
Atlanta, GA 30308-3243

Clay Massey
ALSTON & BIRD LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Lacey J. Ourso
CLARK COPELAND SEMLER
& STAIR LLP
2600 Marquis II Tower
285 Peachtree Center Avenue
Atlanta, GA 30303-1235

John J. Repcheck
MARKS O'NEILL O'BRIEN &
COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

E. Elaine Schofner
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Jennifer M. Techman
EVERT WEATHERSBY & HOUFF
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James Valbrun
NELSON MULLINS RILEY
& SCARBOROUGH LLP
Atlantic Station
201 17th Street NW
Suite 1700
Atlanta, GA 30363

Thomas F. Wamsley
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Atlantic Station, Suite 1700
201 17th Street, N.W.
Atlanta, GA 30363

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

H. Lane Young II
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308