MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 18 2008

FILED
CLERK'S OFFICE

## DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Regarding:   June Thomas, Keri Cook, Keith Thomas and Kevin Thomas
v. B.P. Amoco Chemical Company, S.D. Texas,   C.A. No. G-08-0026

### MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

**TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION:**

COME NOW Plaintiffs **June Thomas, Keri Cook, Keith Thomas and Kevin Thomas**, and file this their Motion and Brief to Vacate Conditional Transfer Order 304 pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and would show the Panel as follows:

1.  The Panel entered a Conditional Transfer Order (CTO - 304) on March 20, 2008, in the above styled case conditionally transferring this action to the United States District Court for the Eastern District of Pennsylvania (MDL Docket No. 875). The CTO is attached as Exhibit 1.

2.  In accordance with Rule 7.4(c), the Plaintiffs sent the Panel a Notice of Opposition by facsimile on April 4, 2008.

PLEADING NO. 5420

OFFICIAL FILE COPY

IMAGED APR 18 2008

3. The Plaintiffs are the statutory heirs of Paul Thomas. Plaintiffs' Original Petition[1] alleges that Mr. Thomas died from an asbestos related disease as a result of the Defendant's gross neglect in exposing Mr. Thomas to asbestos during the course of his employment at B.P. Amoco Chemical Company facility in Texas City, Texas.

4. The Texas Workers' Compensation Act is generally an employee's exclusive remedy against his employer when he is injured on the job. However, the Act allows the heirs of an employee who is killed through the gross neglect of the employer to bring a cause of action for punitive damages. Tex. Labor Code § 408.001. The cause of action is governed by art. XVI § 26 of the Texas Constitution and Tex. Civ. Prac. & Rem. Code § 41.003(a)(3).

5. The cause of action alleged by the Plaintiffs is against the employer, only, and for punitive damages, only. The petition does not allege that any defendant is liable as a manufacturer of asbestos-containing products and it does not seek compensatory damages against any defendant. In Texas practice, this type of case is often referred to as a "gross negligence" case.

6. The action that is the subject of this motion was filed in State court and removed to federal court by Defendant. A motion to remand was filed on the basis that Plaintiffs' claims cannot be removed pursuant to 28 U.S.C. § 1445(c) which provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The CTO-304 was entered before the District Court had issued a ruling on the motion to remand.

---

[1] Plaintiffs initially filed suit in State Court, <u>Cause No. 07CV1450; June Thomas, et al v. B.P. Amoco Chemical Company,</u> In the District Court of Galveston County, Texas, 212th Judicial District. Defendants then removed this action to the United States District Court for the Southern District of Texas, Galveston Division.

7. This exact issue has been brought to the MDL 875 Transferee Court's attention in a number of gross negligence/employer cases pending in Texas. Judge Weiner has repeatedly ruled that gross negligence cases do not belong in MDL 875 because: (a) the form of the action is dissimilar to traditional asbestos-related personal injury actions; and (b) the defendant is an employer rather than a manufacturer or distributor of asbestos. The Panel has repeatedly remanded this type of case. See copies of suggestions of remand in *Hamilton v. Chevron*, Civil Action No. 1:90CV980 USDC E.D. Tex. (Sept. 18, 1991) (Exhibit 2); and *Mortensen v. Maxwell House Coffee Company*, Civil Action No. 4-95-736, USDC SD of Tex. (Sep. 27, 1995) (Exhibit 3).

8. Clearly, this is not the type of case that was contemplated by the Panel in their July 29, 1991 decision. This case involves defendants who are not sued as asbestos manufacturers or as normal third party defendants in asbestos cases. It involves a unique aspect of Texas Law, i.e., the right of a deceased employee's heirs to sue for gross negligence and punitive damages, only. Actual damages are not recoverable. In other words, there is no litigation crisis with respect to these Plaintiffs and these Defendants. There is no reason to take this case away from the Court where it is pending.

9. For the foregoing reasons, Plaintiffs respectfully ask that the Panel vacate the conditional transfer order of March 20, 2008.

Respectfully submitted,

BY: D'Juana Parks
D'Juana Parks
STATE BAR NO. 15519395

PROVOST & UMPHREY
LAW FIRM, L.L.P.
490 PARK STREET
P. O. BOX 4905
(409) 835-6000
(409) 838-8888 (Fax)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 18 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was sent regular U.S. Mail on <u>April 16, 2008</u>, to the attached Panel Service List.

*D'Juana Parks*

2008 APR 18 A 10: 49
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-304)

June Thomas, et al. v. BP Amoco Chemical Co., S.D. Texas, C.A. No. 3:08-26

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
dadamico@bwhite.com

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

D'Juana B. Parks
PROVOST & UMPHREY
 LAW FIRM LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Thomas W. Taylor
ANDREWS & KURTH
600 Travis
Suite 4200
Houston, TX 77002-2778

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# **EXHIBIT 1**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 20 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                            MDL No. 875

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-304)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,800 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                                   MDL No. 875

## SCHEDULE CTO-304 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**         **CASE CAPTION**

ALABAMA MIDDLE
  ALM  2  08-46              Daniel R. Brown, et al. v. Albany International, et al.

CALIFORNIA CENTRAL
  CAC  2  08-118             Robert Oberstar, et al. v. CBS Corp., et al.
  CAC  2  08-282             Ted Munn, et al. v. CLA-VAL Co., et al.
  CAC  2  08-712             David Kelemen, et al. v. Buffalo Pumps, Inc., et al.
  CAC  2  08-873             Larry Lindquist, et al. v. Alfa Laval, Inc., et al.
  CAC  2  08-1123            John H. Prince v. CBS Corp., et al.
  CAC  2  08-1296            Robert Reaser, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al.

CALIFORNIA NORTHERN
  CAN  3  08-228             John L. Davis, et al. v. General Electric Co., et al.
  CAN  3  08-229             Betty Rabener, etc. v. General Electric Co., et al.
  CAN  3  08-230             Naomi Beaurman-White, et al. v. General Electric Co., et al.

GEORGIA MIDDLE
  GAM  5  08-53              Jake Bradshaw v. Aventis CropScience USA, Inc., et al.

LOUISIANA MIDDLE
  LAM  3  08-43              Michael T. Hackler v. P&O Ports Louisiana, Inc., et al.
  LAM  3  08-81              George Landess v. Baton Rouge Marine Contractors, Inc., et al.

NORTH CAROLINA EASTERN
  NCE  2  07-63              Tom Wallace, et al. v. A.W. Chesterton Co., et al.
  NCE  4  08-2               Dolcy Lee Hicks, et al. v. Aqua-Chem, Inc., et al.
  NCE  7  07-188             Patricia A. Holt, et al. v. The Anchor Packing Co., et al.
  NCE  7  07-191             Mary E. Flowers v. The Anchor Packing Co., et al.
  NCE  7  07-197             Lynn Reynolds Smythe, et al. v. The Anchor Packing Co., et al.

NORTH CAROLINA MIDDLE
  NCM  1  04-1166            Sallie Mae Hines, etc. v. Anchor Packing Co., et al.
  NCM  1  08-120             Larry D. Clark, et al. v. American Investors, LLC, et al.
  NCM  1  08-146             Harold D. Pritchard, et al. v. A.W. Chesterton Co., et al.

## MDL No. 875 - Schedule CTO-304 Tag-Along Actions (Continued)

**DIST. DIV. C.A. #**          **CASE CAPTION**

NORTH CAROLINA WESTERN
  NCW  1  08-35       Ray Michael Lyle, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-36       Thomas Ray Withers, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-37       Charles Lloyd Bennett, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-45       Gladys Elizabeth Gill v. Aqua-Chem, Inc., et al.
  NCW  1  08-46       Edward Wayne Brock, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-48       Robert David Cody, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-49       Ripon W. Lowrance, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-52       Dan W. Phillips v. A.W. Chesterton Co., et al.
  NCW  1  08-56       Joseph L. Green, et al. v. A.W. Chesterton Co., et al.
  NCW  1  08-59       Bruce Alan Lail, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-60       George A. Harkey, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-62       James Franklin Bumgarner, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-63       William F. Landis, et al. v. A.W. Chesterton Co., et al.
  NCW  1  08-66       Florian Malcolm Johnson, et al. v. Aqua-Chem, Inc., et al.
  NCW  1  08-67       Earl Brown v. Aqua-Chem, Inc., et al.
  NCW  1  08-68       Michael Edward Collins, et al. v. Aqua-Chem, Inc., et al.

NEW YORK EASTERN
  NYE  1  05-3166     Ralph Aldarelli, etc. v. A.W. Chesterton Co., et al.
  NYE  1  08-5        James Russell Holter v. A.W. Chesterton Co., et al.
  NYE  1  08-468      Michael Ross, et al. v. A.W. Chesterton Co., et al.
  NYE  1  08-863      Charles Callahan, etc. v. A.W. Chesterton Co., et al.

PENNSYLVANIA WESTERN
  PAW  2  08-291      Richard Vallecorsa, et al. v. Premier Refractories, Inc., et al.

SOUTH CAROLINA
  SC   0  08-482      John Warren Blackwelder, et al. v. Aqua-Chem, Inc., et al.
  SC   2  08-459      Richard G. Krauk, et al. v. Owens-Illinois, Inc., et al.
  SC   2  08-588      Susan Maria Welch-Pierce, et al. v. Owens Illinois, Inc., et al.
  SC   6  08-473      Tyrone Perry Edwards, Sr., et al. v. Aqua-Chem, Inc., et al.
  SC   7  08-377      Roger Dale Thomason, et al. v. Aqua-Chem, Inc., et al.
  SC   7  08-378      Charles C. Hamrick, et al. v. Aqua-Chem, Inc., et al.
  SC   8  08-468      Franklin Terry Tippett v. Aqua-Chem, Inc., et al.
  SC   8  08-471      Larry Dale Reams v. Aqua-Chem, Inc., et al.
  SC   8  08-484      Julius A. McCoy, Jr., et al. v. Aqua-Chem, Inc., et al.
  SC   8  08-485      Carl S. Bagwell, et al. v. Aqua-Chem, Inc., et al.
  SC   8  08-584      Daniel Gordon Lowie v. Aqua-Chem, Inc., et al.

TEXAS NORTHERN
  TXN  3  07-1976     Shanda Kozak, et al. v. Guard-Line, Inc., et al.

TEXAS SOUTHERN
  TXS  3  08-26       June Thomas, et al. v. BP Amoco Chemical Co.

# **EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY :
LITIGATION (NO. VI)                :

───────────────────────────────────x

This Document Relates to:          :   CIVIL ACTION NO. MDL 875

Mae Louise Hamilton

USDC - ED of Texas,
Beaumont Division,

C.A. No. 1:90CV980

FILED
SEP 18 1991
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## SUGGESTION OF REMAND

THIS MATTER being reviewed this 16th day of September, 1991, upon Plaintiff's Motion to Remand; and

THE COURT FINDS the following unusual circumstances are present:

a) The form of the action is dissimilar to traditional asbestos-related, personal injury actions, and

b) The defendant, Chevron, U.S.A., Inc., is named as an employer rather than a manufacturer or distributor of asbestos products. Furthermore, the defendant is not a "traditional" defendant in asbestos actions, and there are no other asbestos defendants

THE COURT THEREFORE SUGGESTS to the Judicial Panel on Multidistrict Litigation that the above-entitled action be

REMANDED to the United States District Court, Eastern District of Texas, Beaumont Division, for further proceedings.

BY THE COURT:

Date: 9/16/91

CHARLES R. WEINER, J.

xc 9/19/91: USDC ED of TX, Beaumont
MDL Panel
Andrew Trevelise
Robt Spinelli
Ronald Motley
Gene Locks
STRONG, PIPKIN, NELSON, BISSELL
Greg Thompson

# **EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

United States District Court
Southern District of Texas
FILED

SEP 27 1995

Michael N. Milby, Clerk of Court

This Document Relates to:

Civil Action No. MDL 875

Kris Mortensen and Leslie
Mortensen Huntington
Civil Action No. 4-95-736
USDC - SD of Texas
Houston Division

FILED
SEP 18 1995
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

9/19/95

### SUGGESTION OF REMAND

THIS MATTER being reviewed this 14th day of September 1995, upon Plaintiff's Motion to Remand; and

THE COURT FINDS the following unusual circumstances are present:

(a) The form of the action is dissimilar to traditional asbestos-related, personal injury actions, and

(b) The defendant, Maxwell House Coffee Company, is named as an employer rather than a manufacturer or distributor of asbestos products. Furthermore, the defendant is not a "traditional" defendant in asbestos actions, and there are no other asbestos defendants

THE COURT THEREFORE SUGGESTS to the Judicial Panel on Multidistrict Litigation that the above-entitled action be remanded to the United States District Court for the Southern District of Texas, Houston Division

BY THE COURT

_____
CHARLES R. WEINER, JR.

9/18/95

ENTERED: 9/18/95

CLERK OF COURT