MDL 875

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 21 2008

FILED CLERK'S OFFICE

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** **MDL NO. 875**

THIS DOCUMENT RELATES TO CTO-304 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA (TRANSFEROR JUDGE: MYRON H. THOMPSON):

**DANIEL R. BROWN, ET AL.,** **PLAINTIFFS,**

**v.** **CASE NO. 2:08-CV-46**

**ALBANY INTERNATIONAL, ET AL.,** **DEFENDANTS.**

PLEADING NO. 5426

**DEFENDANTS' NATIONAL SERVICE INDUSTRIES, INC. AND OWENS-ILLINOIS, INC. MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-304)[1]**

Come the defendants, National Service Industries, Inc. ("NSI") and Owens-Illinois, Inc. ("O-I"), by and through counsel, and respectfully submit this Motion to Vacate the Panel's Conditional Transfer Order (CTO-304).

As grounds for this Motion, defendants would respectfully show the Panel that it is clear on the face of the Complaint that the federal courts lack subject matter jurisdiction of this case. See Complaint [Doc #1].[2] Accordingly, consistent with Rule 12 of the Federal Rules of Civil Procedure and case law relating thereto, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12 (h)(3); see also Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Moreover, "[a] federal court not only has the power but also the obligation at any time to inquire into

---

[1] Defendants' Brief in Support of Motion to Vacate the Conditional Transfer Order (CTO-034) and all attached exhibits are expressly incorporated herein by reference.

[2] Defendants, including NSI and O-I, have filed motions to dismiss based upon a number of grounds, including lack of subject matter jurisdiction.

OFFICIAL FILE COPY

IMAGED APR 21 2008

jurisdiction whenever the possibility that jurisdiction does not exist arises." Johansen v. Combustion Engineering, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999).

WHEREFORE, for the reasons more particularly set forth in the brief filed in support of this Motion, defendants NSI and O-I respectfully request that the Multidistrict Panel vacate the Conditional Transfer Order (CTO-304) and if the Panel determines it appropriate, dismiss this case based upon the lack of subject matter jurisdiction and transfer the case to the United States District Court for the Middle District of Alabama for further proceedings consistent therewith.

Respectfully submitted this 18th day of April, 2008.

By: */s/ Anthony C. Harlow*
Anthony C. Harlow
Bar Number: ASB-5692-W474
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, AL 35259-8512
Email: ach@starneslaw.com
(205) 868-6000

*Attorneys for National Service Industries, Inc. and Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

I certify that I have this date served a copy of the foregoing pleading upon counsel of record identified on the attached Panel Service List via U.S. Mail, as well as electronically with the Clerk of the United States District Court for the Middle District of Alabama.

Dated this 18th day of April, 2008.

*/s/ Anthony C. Harlow*
Counsel

RECEIVED
CLERK'S OFFICE
2008 APR 21 A 10: 14
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 21 2008

FILED
CLERK'S OFFICE

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-304)**

Daniel R. Brown, et al. v. Albany International, et al., M.D. Alabama, C.A. No. 2:08-46

Haley Amanda Andrews
LIGHTFOOT FRANKLIN & WHITE
400 20th Street, North
Birmingham, AL 35203

Cyrus C. Barger, III
JUDE & JUDE PLLC
P. O. Box 17468
Hattiesburg, MS 39404-7468

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Brian M. Blythe
BRADLEY ARANT ROSE & WHITE
1819 Fifth Avenue, North
Birmingham, AL 35203-2119

Nathaniel A. Bosio
DOGAN WILKINSON KINARD SMITH & EDWARDS PLLC
P.O. Box 1618
734 Delmas Avenue
Pascagoula, MS 39567

Edward J. Cass
GALLAGHER SHARP FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

S. Christopher Collier
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Helen K. Downs
JOHNSTON BARTON PROCTOR & POWELL
569 Brookwood Villate
Suite 901
Birmingham, AL 35209

Jenelle R. Evans
BALCH & BINGHAM LLP
1901 6th avenue N
Suite 2700
Birmingham, AL 35203-0306

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Roger C. Foster
LANEY & FOSTER PC
Two Perimeter Park South
Suite 426 East
P.O. Box 43798
Birmingham, AL 35243-0798

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Walter T. Gilmer, Jr.
MCDOWELL KNIGHT ROEDDER & SLEDGE LLC
P.O. Box 350
Mobile, AL 36601

Laura DeVaughn Goodson
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Anthony C. Harlow
STARNES & ATCHISON LLP
100 Brookwood Place
Seventh Floor
P.O. Box 598512
Birmingham, AL 35259

Freddie N. Harrington, Jr.
SCOTT SULLIVAN STREETMAN & FOX
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

James A. Harris, III
HARRIS & HARRIS LLP
2501 20th Place South
Colonial Bank Building, Suite 450
Birmingham, AL 35223

Clifton Wayne Jefferis
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

**MDL No. 875 - Panel Service List (Excerpted from CTO-304)(Continued)**

Lucy W. Jordan
KEE & SELBY LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

G. Patterson Keahey Jr
G PATTERSON KEAHEY PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Timothy W. Knight
KEE & SELBY LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
HUIE FERNAMBUCQ & STEWART
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Brian P. McCarthy
MCDOWELL KNIGHT ROEDDER & SLEDGE LLC
63 South Royal Street
Suite 900
P.O. Box 350
Mobile, AL 36602

Edward Bailey McDonough, Jr.
EDWARD B MCDONOUGH JR PC
1800 AmSouth Bank Building
P.O. Box 1943
Mobile, AL 36633

David W. McDowell
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
Wachovia Tower
420 North 20th Street, Suite 1600
Birmingham, AL 35203-5202

William T. Mills, II
PORTERFIELD HARPER MILLS & MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Randi Peresich Mueller
PAGE MANNINO PERESICH & MCDERMOTT PLLC
460 Briarwood Drive
Suite 415
Jackson, MS 39236

Edwin B. Nichols
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203-2618

Vincent A. Noletto, Jr.
CARR ALLISON
6251 Monroe Street
Suite 200
Daphne, AL 36526

Elizabeth B. Padgett
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Donald C. Partridge
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Keith J. Pflaum
PORTERFIELD HARPER MILLS & MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

F. Grey Redditt, Jr.
VICKERS RIIS MURRAY & CURRAN
Eleventh Floor, Regions Bank Building
106 Saint Francis Street
Post Office Drawer 2568
Mobile, AL 36652-2568

John J. Repcheck
MARKS O'NEILL O'BRIEN & COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Connie Ray Stockham
STOCKHAM CARROLL & SMITH PC
2204 Lakeshore Drive
Suite 114
Birmingham, AL 35209

**MDL No. 875 - Panel Service List (Excerpted from CTO-304)(Continued)**

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Michael A. Vercher
CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Allan R. Wheeler
BURR & FORMAN LLP
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

Donald A. Windham, Jr.
BALCH & BINGHAM LLP
401 East Capital Street
Suite 200
Jackson, MS 39201

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 21 2008

FILED CLERK'S OFFICE

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**MDL NO. 875**

THIS DOCUMENT RELATES TO CTO-304 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA (TRANSFEROR JUDGE: MYRON H. THOMPSON):

**DANIEL R. BROWN, ET AL.** **PLAINTIFFS,**

**v.** **CASE NO. 2:08-CV-46**

**ALBANY INTERNATIONAL, ET AL.,** **DEFENDANTS.**

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-034)**

Come the defendants, National Service Industries, Inc. ("NSI") and Owens-Illinois, Inc. ("O-I"), by and through counsel, and hereby respectfully submit this Brief in Support of Defendants' Motion to Vacate the Conditional Transfer Order (CTO-304) dated March 20, 2008. Defendants oppose transfer to the Panel because it is clear and unequivocal on the face of the Complaint that the federal courts do not have subject matter jurisdiction of this action.

**STATEMENT OF FACTS**

1. On January 17, 2008, twenty (20) plaintiffs filed a Complaint alleging personal injuries and/or wrongful deaths as a result of exposure to asbestos-containing products manufactured, produced, distributed, sold, installed, specified, and/or marketed by seventy-one (71) defendants. Complaint [Doc #1].

2. Plaintiffs' action is based upon the following theories: (I) Alabama Extended Manufacturer's Liability Doctrine, (II) Negligence and Intentional Tort, (III) Negligence in the Course of Employment, (IV) Fraudulent Concealment/Misrepresentation/Alteration of Medical

Studies/Conspiracy/Aiding and Abetting Conspiracy, and (V) Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy. Complaint [Doc #1].

3. Plaintiffs only allege residency and not their states of citizenship. Complaint, pp. 6-24 [Doc #1].

4. Plaintiffs, in asserting diversity as the basis of subject matter jurisdiction, generally state in the Complaint, "[t]he amount in controversy, exclusive of interests and costs, exceeds $75,000.00 and is within the jurisdiction of the court." Complaint, p. 6 [Doc #1].

5. There are no allegations in the Complaint that the individual plaintiff's claims meet the amount in controversy requirement. Complaint [Doc #1]. The plaintiffs' claims arise out of their separate exposure to asbestos at different locations over different time periods; yet, the plaintiffs do not allege that each individual plaintiff's claims meet the amount in controversy requirement. Id.

6. Numerous defendants, including defendants NSI and O-I, filed Motions to Dismiss based upon the lack of subject matter jurisdiction, as well as other bases and/or defenses. See e.g., Defendants National Service Industries, Inc.'s and Owens-Illinois, Inc.'s Motion to Dismiss, or, in the Alternative, Motion to Sever and for more Definite Statement and Memorandum in Support [Doc # 185] ; Motion to Dismiss by Hobart Brothers Company, The Lincoln Electric Company [Doc # 105].

7. Notices of Tag-Along Action were filed by several defendants. See e.g., [Doc # 53].

8. A Motion to Stay by all Plaintiffs was filed in the United States District Court for the Middle District of Alabama [Docs # 180, 228]. A Response to Plaintiffs' Motion to Stay was filed by defendants NSI and O-I [Doc # 229].

9. On April 4, 2008, Defendants NSI and O-I filed a Notice of Opposition with the MDL opposing the Panel's Conditional Transfer Order (CTO-304) dated March 20, 2008.

10. On April 15, 2008, the United States District Court for the Middle District of Alabama entered an Order granting plaintiffs' Motion to Stay, and holding, "[a]ll proceedings in this case are stayed pending a determination as to whether this case should be transferred to an MDL court." See Order [Doc # 232] attached hereto as Exhibit A.

11. Pursuant to Rule 7.2(a)(ii)(A) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, attached hereto is a Schedule. See Exhibit B.

## ARGUMENT

### THE PANEL SHOULD VACATE THE CONDITIONAL TRANSFER ORDER BECAUSE THE FEDERAL COURTS DO NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' ACTION.

Plaintiffs' Complaint is due to be dismissed for lack of subject matter jurisdiction. In Morrison v. Allstate Indemnity Co., the Eleventh Circuit Court of Appeals stated:

> Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000)(citations omitted). **"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."** Fed. R. Civ. P. 12 (h)(3); see also Morrison, 228 F.3d at 1261(emphasis added). Moreover, **"[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction**

**does not exist arises."** Johansen v. Combustion Engineering, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999)(emphasis added).

A plaintiff which is the party asserting diversity jurisdiction has the burden to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). As demonstrated herein, the plaintiffs do not allege facts which demonstrate the existence of subject matter jurisdiction in this case; therefore, the case should be dismissed. The U.S. Court of Civil Appeals for the Eleventh Circuit recently affirmed the dismissal of an asbestos complaint for lack of subject matter jurisdiction. See Beavers vs. A.O. Smith Electrical, Nos. 06-15401 and 07-11401 (11th Cir. February 13, 2008); attached hereto as Exhibit C. The Beavers Complaint was filed by the same plaintiffs' counsel as in the present case and that Complaint is nearly identical to the Complaint in this case.

The Eleventh Circuit affirmed the dismissal of the Beavers Complaint on two grounds: (1) the plaintiffs alleged only the residency, not the citizenship of the plaintiffs; and (2) plaintiffs failed to allege that each individual plaintiff's claims met the amount in controversy required. Id.

As explained in the Eleventh Circuit's opinion, "[C]itizenship, not residency, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Beavers, slip op. at 13. (quoting Taylor v. Appleton, 30 F. 3d 1365, 1367 (11th Cir. 1994)). Additionally, "where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement." Beavers, slip op. at 13.

In the present case, plaintiffs only allege residency and not their states of citizenship. Complaint, pp. 6 – 24 [Doc #1]. Without the citizenship of each plaintiff, this Court lacks subject matter jurisdiction. Also, plaintiffs, in asserting diversity as the basis of subject matter

jurisdiction, generally state in the Complaint, "The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the court." Complaint, p. 6 [Doc #1]. There are no allegations that the individual plaintiff's claims meet the amount in controversy requirement. "The plaintiffs' claims arise out of their separate exposure to asbestos at different locations over different time periods; therefore, the plaintiffs were required to allege that each individual plaintiff's claims met the amount in controversy requirement." Beavers, slip op. at 14.

In Beavers, the Eleventh Circuit affirmed dismissal of a Complaint for lack of subject matter jurisdiction when the only possible jurisdictional basis was diversity and the complaint failed to allege the citizenship of each plaintiff and failed to assert that the amount in controversy requirement was met for each plaintiff's claims. Similarly, in this case, plaintiffs' Complaint is due to be dismissed for lack of subject matter jurisdiction for the reasons enumerated above.

Furthermore, defendants NSI and O-I respectfully submit that there is certainly no reason for this case to remain pending before the MDL when it is evident that the federal courts lack subject matter jurisdiction. This case would only serve to clutter the court system and require both the Courts and all parties to waste valuable time and resources.

## CONCLUSION

For these reasons, Defendants NSI and O-I respectfully request that the Multidistrict Panel vacate the Conditional Transfer Order (CTO-304) and if the Panel determines it appropriate, dismiss this case based upon the lack of subject matter jurisdiction and transfer the case to the United States District Court for the Middle District of Alabama for further proceedings consistent therewith.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 21 2008

FILED CLERK'S OFFICE

Respectfully submitted this 18th day of April, 2008.

By: /s/ Anthony C. Harlow
Anthony C. Harlow
Bar Number: ASB-5692-W474
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, AL 35259-8512
Email: ach@starneslaw.com
(205) 868-6000

*Attorneys for National Service Industries, Inc. and Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

I certify that I have this date served a copy of the foregoing pleading upon counsel of record identified on the attached Panel Service List via U.S. Mail as well as electronically with the Clerk of the United States District Court for the Middle District of Alabama.

Dated this 18th day of April, 2008.

/s/ Anthony C. Harlow
Counsel

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-304)**

Daniel R. Brown, et al. v. Albany International, et al., M.D. Alabama, C.A. No. 2:08-46

Haley Amanda Andrews
LIGHTFOOT FRANKLIN & WHITE
400 20th Street, North
Birmingham, AL 35203

Cyrus C. Barger, III
JUDE & JUDE PLLC
P. O. Box 17468
Hattiesburg, MS 39404-7468

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Brian M. Blythe
BRADLEY ARANT ROSE & WHITE
1819 Fifth Avenue, North
Birmingham, AL 35203-2119

Nathaniel A. Bosio
DOGAN WILKINSON KINARD SMITH & EDWARDS PLLC
P.O. Box 1618
734 Delmas Avenue
Pascagoula, MS 39567

Edward J. Cass
GALLAGHER SHARP FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

S. Christopher Collier
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Helen K. Downs
JOHNSTON BARTON PROCTOR & POWELL
569 Brookwood Villate
Suite 901
Birmingham, AL 35209

Jenelle R. Evans
BALCH & BINGHAM LLP
1901 6th avenue N
Suite 2700
Birmingham, AL 35203-0306

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Roger C. Foster
LANEY & FOSTER PC
Two Perimeter Park South
Suite 426 East
P.O. Box 43798
Birmingham, AL 35243-0798

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Walter T. Gilmer, Jr.
MCDOWELL KNIGHT ROEDDER & SLEDGE LLC
P.O. Box 350
Mobile, AL 36601

Laura DeVaughn Goodson
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Anthony C. Harlow
STARNES & ATCHISON LLP
100 Brookwood Place
Seventh Floor
P.O. Box 598512
Birmingham, AL 35259

Freddie N. Harrington, Jr.
SCOTT SULLIVAN STREETMAN & FOX
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

James A. Harris, III
HARRIS & HARRIS LLP
2501 20th Place South
Colonial Bank Building, Suite 450
Birmingham, AL 35223

Clifton Wayne Jefferis
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

**MDL No. 875 - Panel Service List (Excerpted from CTO-304)(Continued)**

Lucy W. Jordan
KEE & SELBY LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

G. Patterson Keahey Jr
G PATTERSON KEAHEY PC
One Independence Plaza
Suite 612
Birmingham, AL 35209

Timothy W. Knight
KEE & SELBY LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
HUIE FERNAMBUCQ & STEWART
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Brian P. McCarthy
MCDOWELL KNIGHT ROEDDER
& SLEDGE LLC
63 South Royal Street
Suite 900
P.O. Box 350
Mobile, AL 36602

Edward Bailey McDonough, Jr.
EDWARD B MCDONOUGH JR PC
1800 AmSouth Bank Building
P.O. Box 1943
Mobile, AL 36633

David W. McDowell
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
Wachovia Tower
420 North 20th Street, Suite 1600
Birmingham, AL 35203-5202

William T. Mills, II
PORTERFIELD HARPER MILLS
& MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Randi Peresich Mueller
PAGE MANNINO PERESICH
& MCDERMOTT PLLC
460 Briarwood Drive
Suite 415
Jackson, MS 39236

Edwin B. Nichols
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203-2618

Vincent A. Noletto, Jr.
CARR ALLISON
6251 Monroe Street
Suite 200
Daphne, AL 36526

Elizabeth B. Padgett
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Donald C. Partridge
FORMAN PERRY WATKINS
KRUTZ
& TARDY PLLC
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Keith J. Pflaum
PORTERFIELD HARPER MILLS
& MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

F. Grey Redditt, Jr.
VICKERS RIIS MURRAY & CURRAN
Eleventh Floor, Regions Bank Building
106 Saint Francis Street
Post Office Drawer 2568
Mobile, AL 36652-2568

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Connie Ray Stockham
STOCKHAM CARROLL & SMITH PC
2204 Lakeshore Drive
Suite 114
Birmingham, AL 35209

**MDL No. 875 - Panel Service List (Excerpted from CTO-304)(Continued)**

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Michael A. Vercher
CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Allan R. Wheeler
BURR & FORMAN LLP
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

Donald A. Windham, Jr.
BALCH & BINGHAM LLP
401 East Capital Street
Suite 200
Jackson, MS 39201

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL R. BROWN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:08cv46-MHT |
| | ) | |
| ALBANY INTERNATIONAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

It is ORDERED as follows:

(1) The motion to stay (doc. no. 180) is granted.

(2) All proceedings in this case are stayed pending a determination as to whether this case should be transferred to an MDL court.

DONE, this the 15th day of April, 2008.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE



**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)(TRANSFEREE JUDGE JAMES T. GILES)** — **MDL NO. 875**

THIS DOCUMENT RELATES TO CTO-304 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA: (TRANSFEROR JUDGE MYRON H. THOMPSON)

**DANIEL R. BROWN, ET AL.** — **PLAINTIFFS,**

**v.** — **CASE NO. 2:08-CV-46**

**ALBANY INTERNATIONAL, ET AL.,** — **DEFENDANTS.**

**SCHEDULE**

**NAMES OF PLAINTIFFS:**

DANIEL R. BROWN

DENNIS E. BUTLER

WILLIAM CADLE

REBECCA DODD, spouse & pers. rep. for the ESTATE OF CARLON RODGER DODD, dec.

HOSEA HARRY

JOE HENSON

WILLIAM C. JENKINS

ARTHUR MARBRY

LINDA MCALLISTER, spouse & pers. rep for ESTATE OF JEREMIAH MCALLISTER, dec.

DON McANNALLEY

CATHERINE MEEKS, spouse & personal rep. for the ESTATE OF LEE P. MEEKS, deceased

MOODY RAY NOBLE

HAROLD G. PHILLIPS

JAMES A. ROUSE

RICHARD D. SAXON

BARBARA SPENCER, spouse & personal rep. for ESTATE OF JIMMIE WAYNE SPENCER

JAMES L. TAYLOR

CLYDE TAYLOR






587115.1

ROBERT E. TURNER

WILLIAM ESTES WHITE

**NAMES OF DEFENDANTS:**

ALBANY INTERNATIONAL

ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST

AMERICAN OPTICAL CORPORATION

ANCHOR PACKING COMPANY

ARVINMERITOR, INC.

ASTEN JOHNSON, INC., individually and as successor-in-interest to ASTEN, INC., successor-in-interest by way of name change to ASTEN GROUP, INC., formerly trading as ASTEN-HILLS MANUFACTURING CO

BAYER CROPSCIENCE, INC., individual and as successor to AVENTIS CROPSCIENCE USA, INC., f/k/a RHONE-POULENE AG CO., f/k/a AMCHEM PRODUCTS, INC., BENJAMIN FOSTER CO.

BECHTEL CONSTRUCTION COMPANY

BELL & GOSSETT, a subsidiary of ITT INDUSTRIES

BONDEX INTERNATIONAL, INC.

BP AMERICA, as successor in interest to AMOCO CHEMICAL COMPANY, AMOCO CHEMICALS COMPANY, PLASKON ELECTRONIC MINERALS, AVISUNCORP., CARBORUNDUM, ATLANTIC RICHFIELD COMPANY/ ARCO METALS, as successor in interest to ANACONDA AMERICAN BRASS COMPANY, AMERICAN BRASS COMPANY, and ANACONDA CO.

BP AMOCO CHEMICAL COMPANY

BUFFALO PUMPS, INC.,

CBS CORPORATION, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC COROPORATION

CERTAINTEED CORPORATION

CLARK-RELIANCE CORPORATION

CLEAVER BROOKS, a division of AQUA-CHEM, INC.

CONWED CORPORATION

COOPER INDUSTRIES, LLC, f/n/a COOPER INDUSTRIES, INC., individually and as successor-in interest to CROUSE-HINDS

CRANE CO., individually and as successor in interest to DEMING PUMP, CYCLOTHERM, HYDROAIRE, LEAR ROMEC, RESISTOFLEX, SWARTWOUT CO., STOCKHAM VALVE COMPANY, WEINMAN PUMP COMPANY, CHEMPUMP, AND BURKS PUMPS

CRANE PUMPS SYSTEMS, individually and as successor to all pump companies acquired by CRANE

CROWN, CORK & SEAL COMPANY, INC.

CROWN HOLDINGS, INC., successor-in-interest to MUNDET CORK CORP.

CUTLER HAMMER, currently referred to as EATON ELECTRICAL, INC.

D. B. RILEY, INCORPORATE

EATON CORPORATION

EMERSON ELECTRIC CO.

FMC CORPORATION, individually and on behalf of its former CONSTRUCTION EQUIPMENT GROUP, and former PEERLESS PUMP DIVISION, COFFIN TURBO PUMPS, and CHICAGO PUMP, business

FOSECO, INC.

FOSTER-WHEELER CORPORATION

GARLOCK SEALING TECHNOLOGIES, LLC

GEORGIA-PACIFIC CORPORATION

GENERAL ELECTRIC COMPANY

THE GOODYEAR TIRE AND RUBBER CO.

GOULDS PUMPS INC.

GUARD-LINE, INC.

HOBART BROTHERS COMPANY

HONEYWELL, INC., specifically excluding liability for NARCO, individually and as successor to ALLIED SIGNAL, BENEDIX, WHEELABRATOR, RUST ENGINEERING, AND ALLIED CHEMICAL

IMO INDUSTRIES, INC., formerly IMO DE LAVAL, formerly TRANSAMERICA DE LAVAL TURBINE

INDUSTRIAL HOLDINGS CORPORATION, f/k/a THE CARBORUNDUM COMPANY

INGERSOLL-RAND COMPANY

ITT INDUSTRIES INC.

JOHN CRANE, INC., f/k/a JOHN CRANE PACKING COMPANY

KAISER-GYPSUM COMPANY, INC.

KELLY-MOORE PAINT COMPANY, INC.

THE LINCOLN ELECTRIC COMPANY

KOPPERS INDUSTRIES

MAREMOUNT CORPORATION

METROPOLITAN LIFE INSURANCE COMPANY

NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROTHERS, INC.

OGLEBAY NORTON COMPANY

OWENS-ILLINOIS, INC.

P&H CRANES

PNEUMO ABEX LLC, successor in interest to ABEX CORPORATION

RAPID AMERICAN CORPORATION

RILEY INC., f/k/a/ BABCOCK BORSIG POWER INC., a/k/a RILEY STOKER CORP.

ROCKBESTOS-SURPRENANT CABLE CORPORATION, f/k/a THE ROCKBESTOS CO.

ROCKWELL AUTOMATION, successor by merger to ALLEN-BRADLEY CO., LLC

SCHNEIDER ELECTRIC INDUSTRIES, S.A.S., NORTH AMERICAN DIVISION

SEPCO CORPORATION

SQUARE D COMPANY

SUNBEAM PRODUCTS INCORPORATION, f/k/a SUNBEAM CORPORATION

SURFACE COMBUSTION

T H AGRICULTURE & NUTRITION, LLC

THIEM CORPORATION, successor by merger to UNIVERSAL REFRACTORIES CORP.

TRANE US, INC., formerly known as AMERICAN STANDARD, INC.

USX CORPORATION as successor in interest to UNITED STATES STEEL, LLC., formerly known as TENNESSEE COAL AND IRON

UNION CARBIDE CORPORATION

UNIROYAL FIBER AND TEXTILE DIVISION OF UNIROYAL, INC.

UNITED STATES STEEL CORPORATION

WARREN PUMPS, INC.

ZURN INDUSTRIES, INC.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 13, 2008
THOMAS K. KAHN
CLERK

---

Nos. 06-15401 & 07-11401
Non-Argument Calendar

---

D. C. Docket No. 06-00899-CV-UWC-2-S

VERA L. BEAVERS,
personal representative for The Estate of
Charles A. Abernathy, deceased,
DOUGLAS AKINS,
CLEBURN E. ADERHOLT,
CLARICE W. ANDERSON,
spouse and personal representative for the Estate
of Henry L. Anderson, deceased,
DONALD F. ARMSTRONG,
ERNEST W. AUSTIN,
JERRY WAYNE BARFIELD,
ROBERT H. BARKER,
RUTH L. ALLEN,
daughter and personal representative for
Jerry Allen Barronton, deceased,
SHIRLEY DARLENE BARROW,
personal representative for the Estate of
Carl A. Barrow, deceased,
ETHAL BATES,
spouse and personal representative for the Estate
of John H. Bates, Jr., deceased,
DEBRA BAYLIS,
spouse and personal representative for the Estate
of
John Baylis, deceased,



ROBERT L. BECKWITH,
JOHN W. BLACKERBY,
personal representative for the Estate of
Ernest Leon Blackerby, deceased,
PATRICK BORDEN,
personal representative for the Estate of
David C. Borden, deceased,
SIDNEY R. BOUTWELL, SR.,
spouse and personal representative for the Estate
of
Bonnie Boutwell, deceased,
JAMES E. BOWLING,
IRENE BROWN,
spouse and personal representative for the Estate
of
James Edward Brown, deceased,
EVELYN BROWN,
personal representative for the Estate of
Richard Allen Brown, deceased,
JAMES P. BURNETT,
JAMES J. BYRD,
GAYLE BYROM,
spouse and personal representative for the Estate
of
Jerry L. Byrom, deceased,
CAROLYN SUE CHAPMAN,
personal representative for the Estate of
Allen M. Chapman, deceased,
CATHY SHERK,
personal representative for the Estate of
Lester Knox Coleman, deceased,
JAMES CATON,
GEORGIE L. CORSBIE,
LEON H. COSBY,
VERNON C. CREASY,
JAMES E. DANLEY,
LOUISE S. DAVIS,
personal representative for the Estate of

Bobby R. Davis, deceased,
MARSHALL DEASE,
LLOYD H. DEVAUGHN,
REBECCA ANN ELLIOTT,
spouse and personal representative for the Estate of
James Weldon Elliott, deceased,
CHARLES E. EMMONS,
JOANN EVANS,
personal representative for the Estate of
Robert Evans, deceased,
LUCILLE W. EVERS,
WILLIAM FARSHEE,
MATTIE L. FEAGIN,
personal representative for the Estate of
Ray Feagin, deceased,
FLORA MAE FEAGINS,
personal representative for the Estate of
Roosevelt Feagins, deceased,
MARVIN D. GHRIGSBY,
A. C. GOSS,
DEBRA J. GRIFFIN,
personal representative for the Estate of
William R. Griffin, deceased,
PHILLIP HALLMARK,
personal representative for the Estate of
Chester Hallmark, deceased,
MARLYN HARRIS,
spouse and personal representative for the Estate of
Frank Harris, deceased,
MELBA MALLORY,
personal representative for the Estate of
Rena Houston, deceased,
PATRICIA HOWELL,
spouse and personal representative for the Estate of
Ray Nance Howell, Jr., deceased,

FAYTHE HUGHES,
spouse and personal representative for the Estate of
Thomas D. Hughes, deceased,
VERDIE MAY JAMES,
spouse and personal representative for the Estate of
Clarence O. James, deceased,
EVETTE JIMMERSON,
daughter and personal representative for the Estate of
Lee R. Jimmerson, deceased,
JOYCE ANN JOHNSON,
spouse and personal representative for the Estate of
Ansel Lee Johnson, deceased,
DAVID H. JOHNSON,
BILLY F. JONES,
CASEY T. JONES,
THELMA JANE KRUEGER,
spouse and personal representative for the Estate of
Robert S. Krueger, deceased,
DAVID LANE,
BOBBY LAW,
personal representative for the Estate of
Chester Law, deceased,
GLENNES B. LEMLEY,
JAMES LEWIS MALONE,
WANDA MANGUM,
spouse and personal representative for the Estate of
Barney Mayo Mangum, deceased,
BOBBY JOE MCDOWELL,
BILL MOORE,
WILLIAM C. MORGAN,
MARY MORRISON,
spouse and personal representative for the Estate

of
James D. Morrison,
ELLIS MORICLE,
CAROLYN SUE MOTE,
spouse and personal representative for the Estate of
Morris R. Mote,
JOE NORMAN,
TONY CURTIS HUNTER,
personal representative for the Estate of
Percy L. Norwood, deceased,
JAMES OGLE,
SANDRA OWENS,
daughter and personal representative for the Estate of
Raymond Owens, deceased,
JAMES ROBERT PALMER,
EDDIE PITTS,
NELDA D. LECROY,
daughter and personal representative for the Estate of
Harold Poland, deceased,
GERALDINE RATLIFF,
spouse and personal representative for the Estate of
Max Ratliff, deceased,
HERMAN REA,
LEOPOLDO RENDON,
ARNOLD L. RICHEY,
NORMA ROBINSON,
spouse and personal representative for the Estate of
Edward H. Robinson, deceased,
AZALEAN ROGERS,
spouse and personal representative for the Estate of
Thomas L. Rogers, deceased,
DENNIS RYE,

EULA SCORVER,
spouse and personal representative for the Estate of
Henry Scorver, deceased,
BILLY O. SEAL,
BEVERLY SHELBY,
daughter and personal representative for the Estate of
Eula D. Shelby, deceased,
JOE R. SMITH,
PEGGY WALKER,
daughter and personal representative for the Estate of
James R. Steelman, deceased,
CHARLES D. STEVENS,
MARVIN STRINGER,
MAMIE M. STONE,
spouse and personal representative for the Estate of
Fred Stone, deceased,
WOODROW WILSON THOMAS,
FAY D. THRASHER,
DONNA SWEET,
spouse and personal representative for the Estate of
Phillip Austin Sweet, deceased,
CHARLETTE TURNER,
spouse and personal representative for the Estate of
James E. Turner, deceased,
JACK W. TYRBYFILL,
SUSIE WEBB,
spouse and personal representative for the Estate of
Gean Charles Webb, deceased,
ELVA WILLMMARTH,
spouse and personal representative for the Estate of

Oliver Howard Willmarth, deceased,
LYNN W. WILSON,
BARBARA COLLINS,
Executrix for the Estate of Larry B. Wolfe,
MICHEAL E. WOOD,
ALAN WOODS,

Plaintiffs-Appellants,

versus

A. O. SMITH ELECTRICAL PRODUCTS COMPANY,
a division of A.O. Smith Corporation,
A. O. SMITH CORPORATION,
A. W. CHESTERTON COMPANY,
ALBANY INTERNATIONAL,
AMERICAN OPTICAL CORPORATION,
CROWN CORK & SEAL COMPANY,INC.
CROWN HOLDINGS,INC.,
KELLY-MOORE PAINT COMPANY,
BORG WARNER CORP. by and through its successor in interest,
BORGWARNER MORSE TEC Inc.,
EXTECO,INC. f/k/a THERMO ELECTRIC CO., INC.,
MARLEY-WYLAIN CO. d/b/a WEIL-MCLAIN CO., INC.,
HONEYWELL INC.,
JOHN CRANE INC. et.al.,

Defendants-Appellees.

---

Appeals from the United States District Court
for the Northern District of Alabama

---

**(February 13, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

In this case, which is not a class action, the plaintiffs, nearly 100 individuals, appeal the district court's dismissal of their complaint for lack of subject matter jurisdiction, as well as the court's denial of their subsequent Rule 60(b) motion for relief from judgment. The complaint, which sought damages for personal injury and wrongful death resulting from exposure to asbestos, alleged that the court had diversity jurisdiction under 28 U.S.C. § 1332. However, the district court determined that it lacked subject matter jurisdiction because there was not complete diversity among the parties—specifically, the complaint contained plaintiffs and defendants that were both alleged to be from California and Georgia. Accordingly, on August 31, 2006, the court dismissed the complaint "[f]or want of diversity jurisdiction."

On October 2, 2006, the plaintiffs filed a notice of appeal, challenging the district court's dismissal of their complaint. On that same day, the plaintiffs filed a Rule 60(b) motion for relief from judgment, arguing that the court's impression that there was not complete diversity was the result of mistake under Rule 60(b)(1), they were unfairly surprised by the district court's order under Rule 60(b)(1), and the order was manifestly unjust under Rule 60(b)(6). The plaintiffs also moved to

sever each plaintiff's claim and to amend their complaint. On October 25, 2006, the district court struck the plaintiffs' Rule 60(b) motion for relief from judgment because it believed that the pending appeal stripped it of jurisdiction over the motion.

On the next day, the plaintiffs filed a motion for reconsideration, arguing that the district court did have jurisdiction to entertain its earlier Rule 60(b) motion, and that the court should therefore grant them relief from its October 25, 2006, order and consider the merits of their Rule 60(b) motion. The district court held a hearing on the plaintiffs' motion on January 9, 2007, and the next day, January 10, denied their Rule 60(b) motion because it "raised no meritorious arguments entitling relief under Rule 60(b)." The court also re-emphasized that on the face of the complaint the court lacked diversity jurisdiction. Finally, the court stated that the plaintiffs could either file a new action or move to reopen the current case with an attached proposed amended complaint that satisfied the court's jurisdictional requirements.

On January 19, 2007, the plaintiffs filed a motion to reopen the case and to file their proposed amended complaint, which was attached to the motion. The district court denied that motion on February 28, 2007, for want of jurisdiction because the case was still pending on appeal in this Court. On March 12, 2007, the

plaintiffs filed with the district court a motion for an extension of time to appeal the court's January 10, 2007, order denying their Rule 60(b) motion, arguing that they had good cause for their failure to file, because they had believed that the court's order was an invitation to move to re-open the case and was therefore not a final, appealable order. The district court granted the plaintiffs' motion, and the plaintiffs appealed the district court's order denying their Rule 60(b) motion.

The plaintiffs' appeals of the district court's order dismissing their complaint and the court's order denying them Rule 60(b) relief were consolidated. In this consolidated appeal, the plaintiffs first contend that the district court erred by dismissing their complaint for lack of diversity jurisdiction because, according to the plaintiffs, the proper method to cure problems with diversity is to dismiss a dispensable nondiverse party or to allow severance of the claims.[1] The plaintiffs further contend that the district court erred by denying their Rule 60(b) motion for relief from judgment because: (1) the lack of diversity jurisdiction on the face of the complaint was the result of mistake; (2) the court unfairly surprised them by sua sponte dismissing their complaint for lack of jurisdiction; and (3) the court's

---

[1] The plaintiffs also contend that the district court erred by sua sponte dismissing their complaint because the district court's order of dismissal mentioned some of the arguments raised by the defendants in their various motions to dismiss without first allowing the plaintiffs a chance to respond. However, because the district court ultimately dismissed the complaint for lack of jurisdiction, and our review of subject matter jurisdiction is de novo, see Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997), we need not address this argument.

dismissal of their complaint was manifestly unjust.

I.

The plaintiffs contend that the district court erred by dismissing their complaint for lack of subject matter jurisdiction because, although they admit that their complaint on its face gave the mistaken impression that complete diversity did not exist, they argue that the proper method to cure problems with diversity is to dismiss a dispensable nondiverse party or to allow severance of the plaintiffs' claims. The defendants respond that the district court properly dismissed the plaintiffs' complaint because, in addition to the problems with complete diversity found by the district court and admitted by the plaintiffs, the plaintiffs alleged only the residency, not the citizenship, of the nearly 100 plaintiffs. Moreover, according to the defendants, the plaintiffs also failed to allege that each plaintiff's claims met the amount in controversy requirement.

We review de novo the district court's conclusion that it lacked subject matter jurisdiction. Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997); see also Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001) ("Subject matter jurisdiction is a question of law subject to de novo review."). "[W]e may affirm the district court's judgment 'on any ground that finds support in the record.'" Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 n.1 (11th Cir.

1999) (quoting Jaffke v. Dunham, 352 U.S. 280, 281, 77 S. Ct. 307, 308 (1957)).

In Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000), a case premised on diversity jurisdiction, we said:

> Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

Id. at 1260–61 (citations omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Morrison, 228 F.3d at 1261.

The plaintiffs allege in their complaint that jurisdiction in the district court over their state-law tort claims is proper based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. The plaintiffs, as the party asserting diversity jurisdiction, have the burden to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams, 269 F.3d at 1319 (citing 28 U.S.C. § 1332(a)). Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth., 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367. Moreover, where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement. See Smith v. GTE Corp., 236 F.3d 1293, 1300 n.6 (11th Cir. 2001) ("Generally, when plaintiffs join in one lawsuit, the value of their claims may not be added together, or 'aggregated,' to satisfy the amount in controversy requirement for diversity jurisdiction."); see also Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40–41, 32 S. Ct. 9, 9 (1911) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount . . . .").

The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to

"affirmatively allege facts demonstrating the existence of jurisdiction," Taylor, 30 F.3d at 1367, and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint. See id. Moreover, the plaintiffs' complaint does not allege that the claims of each individual plaintiff exceeded the $75,000 threshold, but instead states generally that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum of $75.000.00." The plaintiffs' claims arise out of their separate exposures to asbestos at different locations over different time periods, and therefore the plaintiffs were required to allege that each individual plaintiff's claims met the amount in controversy requirement. See Smith, 236 F.3d at 1300 n.6; see also Troy Bank, 222 U.S. at 40–41, 32 S. Ct. at 9. Because they failed to do so, the district court also lacked subject matter jurisdiction on this basis.

Neither of these defects in the plaintiffs' complaint could be remedied by the plaintiffs' suggested approach of dismissing nondiverse dispensable parties, and therefore "the court's sole remaining act [was] to dismiss the case for lack of jurisdiction." Morrison, 228 F.3d at 1261. Even though the district court did not address the amount in controversy requirement or the fact that the plaintiffs alleged residence instead of citizenship, we nonetheless affirm the district court's dismissal of the plaintiffs' complaint for lack of subject matter jurisdiction on these grounds.

See Gaston, 167 F.3d at 1363 n.1.

II.

The plaintiffs also contend that the district court erred by denying their Rule 60(b) motion for relief from judgment because: (1) the lack of diversity jurisdiction on the face of the complaint was the result of mistake; (2) the court unfairly surprised the plaintiffs by sua sponte dismissing their complaint for lack of jurisdiction; and (2) the court's dismissal of their complaint was manifestly unjust. We review the district court's denial of the plaintiffs' Rule 60(b) motion only for abuse of discretion. Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for several reasons, including "mistake, inadvertence, surprise, or excusable neglect;" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6). In order to obtain relief under Rule 60(b), a party "'must prove some justification for relief.' He 'cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order.'" Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (citations omitted).

The plaintiffs first argue that the district court abused its discretion by denying them relief under Rule 60(b)(1) because, according to them, their complaint was mistakenly drafted to give the impression that complete diversity did not exist even though it really did. In other words, the plaintiffs argue that Rule 60(b) should provide them relief because of their own error in drafting the document. However, even if a party's own mistake in drafting its complaint were a basis for relief under Rule 60(b)(1), which we seriously doubt, the district court did not abuse its discretion in denying relief on this ground because, as we mentioned above, this "mistaken drafting" was not the only problem with jurisdiction in this case. Even apart from the plaintiffs' asserted drafting mistakes, the court lacked jurisdiction over the case.

The plaintiffs next argue that the district court abused its discretion by denying them relief under Rule 60(b)(1) because the district court's sua sponte dismissal of their complaint was an unfair surprise. This argument is meritless. As we mentioned above, federal courts are courts of limited jurisdiction and have the duty to inquire into whether they have subject-matter jurisdiction. See Johansen, 170 F.3d at 1328 n.4; Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court sua sponte may raise a jurisdiction defect at any time."). And when a court discovers that it lacks jurisdiction, "the court must

dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Morrison, 228 F.3d at 1261. The plaintiffs drafted the complaint and were responsible for alleging the proper jurisdictional facts. We will not characterize the district court's correct application of settled law as an unfair surprise.

Finally, the plaintiffs argue that the district court abused its discretion by denying them relief under Rule 60(b)(6) because the district court's sua sponte dismissal of their complaint worked a manifest injustice against them. Specifically, they argue that the district court's dismissal of their complaint without prejudice was in effect a "death penalty sanction" because some plaintiffs may be time-barred from refiling their claims. According to the plaintiffs, it was manifestly unjust for the court to resort to this heavy sanction without notice, hearing, or an opportunity to amend to cure any jurisdictional defects.

"[R]elief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." Griffin v. Swim-Tech Corp. 722, F.2d 677, 680 (11th Cir. 1984) (citations omitted). The plaintiffs have failed to meet this heavy burden. It is not—or should not be, given our precedent in the area of subject matter jurisdiction—"unexpected" that a district court will dismiss a plaintiff's

complaint for lack of jurisdiction when the only possible jurisdictional basis is diversity, and the complaint on its face fails to allege not only the citizenship of each plaintiff, see Taylor, 30 F.3d at 1367, but also that the amount in controversy requirement is met for each plaintiff's claims, see Smith, 236 F.3d at 1300 n.6; see also Troy Bank, 222 U.S. at 40–41, 32 S. Ct. at 9. The district court properly denied the plaintiffs' Rule 60(b) motion for relief.

**AFFIRMED.**