MDL 875

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 1 2008

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

Robert Oberstar, et al. v. CBS Corp., et al., C.D. Cal., C.A. No. 2:08-118
Ted Munn, et al. v. Cla-Val Co., et. al., C.D. Cal., C.A. No. 2:08-282
David Kelemen, et al. v. Buffalo Pumps, Inc., et al., C.D. Cal., C.A. No. 2:08-712
Larry Lindquist, et al. v. Alfa Laval, Inc., et al., C.D. Cal., C.A. No. 2:08-873
Robert Reaser, et al. v. Allis Chalmers, etc., et. al., C.D. Cal., C.A. No. 2:08-1296

ORIGINAL
PLEADING NO. 5427

## PLAINTIFFS' MOTIONS TO VACATE THE
## CONDITIONAL TRANSFER ORDER (CTO-304)

Plaintiffs in these separate personal injury actions suffer from malignant pleural mesothelioma. Each of them, pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, individually moves the Panel to vacate its Conditional Transfer Order dated March 20, 2008 (CTO-304). Defendants removed these actions from California state court, claiming subject matter jurisdiction under the federal officer removal statute (28 U.S.C. § 1442(a)(1)).

Plaintiffs filed motions to remand that either remain pending or have been denied in the United States District Court for the Central District of California. The plaintiffs whose motions for remand remain pending (Larry Lindquist, case no. 2:08-873, and Robert Reaser, case no. 2:08-1296) submit that transfer would be inappropriate because

OFFICIAL FILE COPY   IMAGED APR 2 1 2008

there has been no showing of federal subject matter jurisdiction. Moreover, regardless of the status of any motions for remand, all plaintiffs contend that any transfer would be inappropriate because of their status as living mesothelioma victims and entitlement under California substantive law to a preferential trial date in the proposed transferor court.

This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and any other materials as may be presented to the Panel at the time of the hearing on the motion. The plaintiffs also request the opportunity to present oral argument at the hearing on the motion.

April 17, 2008

Respectfully submitted,

_____
ATTORNEYS FOR PLAINTIFFS

BRIAN P. BARROW
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2008 APR 21 A 10:12
RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

APR 21 2008

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

Robert Oberstar, et al. v. CBS Corp., et al., C.D. Cal., C.A. No. 2:08-118
Ted Munn, et al. v. Cla-Val Co., et. al., C.D. Cal., C.A. No. 2:08-282
David Kelemen, et al. v. Buffalo Pumps, Inc., et al., C.D. Cal., C.A. No. 2:08-712
Larry Lindquist, et al. v. Alfa Laval, Inc., et al., C.D. Cal., C.A. No. 2:08-873
Robert Reaser, et al. v. Allis Chalmers, etc., et. al., C.D. Cal., C.A. No. 2:08-1296

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTIONS TO VACATE
## THE CONDITIONAL TRANSFER ORDER (CTO-304)

Plaintiffs in these cases respectfully file this brief in support of their motion to vacate the Conditional Transfer Order (CTO-304) entered by the Judicial Panel on Multidistrict Litigation on March 20, 2008. Plaintiffs move to vacate the Conditional Transfer Order on two distinct grounds: (1) there is no federal subject matter jurisdiction over any of these cases; and (2) plaintiffs, all of whom are living mesothelioma victims, are entitled to seek expedited trial settings under California substantive law.

Plaintiffs' arguments regarding the lack of federal subject matter jurisdiction are premised on the removing defendants' failure to satisfy their burden of demonstrating all the elements of federal officer jurisdiction under 28 U.S.C. 1442(a)(1). In particular, defendants never showed that their failures to warn about the hazards of asbestos were directed by a federal officer. As for the plaintiffs whose motions for remand are still

pending (i.e., Larry Lindquist, case no. 2:08-873, and Robert Reaser, case no. 2:08-1296) they respectfully submit that, under this Panel's own rule 1.5, the district courts should make an initial determination whether federal subject matter exists. Where the district courts have denied remand, plaintiffs respectfully request this Panel to revisit the jurisdictional issues and vacate the Conditional Transfer Order.

The district courts are also in the best position to get these cases to trial as expeditiously as possible. Again, each plaintiff is afflicted with malignant mesothelioma and there is substantial medical doubt as to their survival beyond the next six months. In California state court, where these matters were originally filed, plaintiffs were substantively entitled to seek an expedited trial setting in no more than 120 days. As will be explained, they remain entitled to a similarly expedited trial at the district court level. Given that right, which plaintiffs are informed cannot be accommodated in the MDL, the Conditional Transfer Order should be vacated so that the proposed transferor courts retain control over these cases and provide the expedited trials that plaintiffs need.

## LEGAL ARGUMENT

### I.

### This Panel Should Vacate the Conditional Transfer Order So That the District Court May Rule On the Pending Motions For Remand.

Jurisdictional issues, like those presented by motions for remand, must be resolved before transfer by this Panel. See, e.g., Garcia v. American Home Prods., No. C-02-146; Mauck v. Warner Lambert Company, 7:01-CV-027-R, 2001 U.S. Dist. LEXIS 5919 (N.D. Tex. May 7, 2001) (granting plaintiff's motion for remand, mooting the conditional

transfer order after discussing the efficiency of ruling on jurisdictional issues first); McGrew v. Schering-Plough Corp., No. 01-2311, 2001 U.S. Dist. LEXIS 12205, at *6 (D. Kan. Aug. 6, 2001); Arsenault v. Congoleum Corp., 01-Civ. 10657, 2002 U.S. Dist. LEXIS 5084 at *2 n.1 (S.D.N.Y. Mar. 26, 2002); Vasura v. ACandS, 84 F. Supp. 2d 531, 532-533 (S.D.N.Y. 2000) (original district court retained jurisdiction to decide motion for remand that was pending at the time a conditional transfer order was issued).

Factors of justice and efficiency, as well as judicial economy weigh heavily in favor of allowing proposed transferor judge to rule on the motion for remand currently pending before it. (28 U.S.C. § 1407(a).) If jurisdiction is ultimately determined to be lacking, thereby making remand appropriate, minimal federal resources would have been expended by having the appropriate forum make such a determination. Transferring this case *before* the remand issue is decided accomplishes nothing, and risks needlessly wasting federal judicial resources. It would also result in repetitive briefing of the same issues concerning remand, albeit in different forums—the District Court, this Panel, and then the Eastern District of Pennsylvania. Plaintiffs respectfully request this Panel to vacate the Conditional Transfer Order so that the District Court may rightfully resolve the plaintiffs' pending motions for remand.

## II.

### These Cases Should Not Be Transferred Because

### There Is No Underlying Federal Subject Matter Jurisdiction.

The federal officer removal statute only provides subject matter jurisdiction over claims "against [a]ny officer of the United States or any agency thereof, or any person

acting under him, for any act under color of such office . . . ." (28 U.S.C. § 1442(a)(1).) The party seeking such jurisdiction must satisfy three distinct requirements: (1) that it acted "pursuant to a federal officer's directions"; (2) that a "causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims"; and, (3) that it has a "colorable federal defense." Mesa v. California, 489 U.S. 121, 124-125, 134-135 (1989); see also Durham v. Lockheed Martin Corporation, 445 F.3d 1247, 1251 (9th Cir. 2006). Removing parties, which acknowledge these particular requirements in their notices of removal, never satisfied them.

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). Under 28 U.S.C. 1447(c), subject matter jurisdiction is an issue that must (and may be) considered at every stage of the litigation: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Indeed, even if the defense of lack of subject matter jurisdiction is overruled, stricken, or excluded by the district court, it may be reasserted at any time in the action. See 5B Wright & Miller, Fed. Practice and Procedure § 1350, at 132 (3d ed. 2004), citing Fahnestock v. Reeder, 223 F.Supp.2d 618, 621 (E.D. Pa. 2002). Plaintiffs maintain that there is a lack of subject matter jurisdiction over these cases, and will continue to assert that position at every stage of these proceedings.

1. **PRONGS ONE AND TWO: Removing Parties Cannot Demonstrate That They Acted Pursuant To the Navy's Directions Or That There Is a "Causal Nexus" Between the Navy and the Dyers' Failure to Warn Claims**.

Removing parties must show not only that they acted pursuant to the Navy's directions, but also that there is a "causal nexus" between what the Navy supposedly told them to do and plaintiffs' failure to warn claims. Mesa v. California, supra, 489 U.S. at pp. 124-25. Defendants here cannot satisfy this element because there is no evidence that they acted at the direction of the Navy when they failed to warn plaintiffs about the dangers of asbestos exposure. Defendants have no evidence that by specifying certain asbestos-containing equipment for installation on their vessels, the Navy somehow also prohibited them from affixing warnings to that equipment or providing appropriate warnings about asbestos in the technical manuals and maintenance guides.

The question of whether the Navy ever precluded such warnings has already been adjudicated. In GAF Corporation v. U.S., 932 F.2d 947 (C.A. Fed. 1991), an asbestos insulation manufacturer brought suit against the federal government seeking indemnity for its asbestos-related tort losses. The court entered summary judgment in favor of the government on the ground that there was no evidence that the Navy ever specified that no asbestos warnings were to be given. The court refused to hold the government liable, finding that "nothing in the contract specifications prevented [GAF] from putting warnings on its products. These asbestos supply contract specifications, whether design or performance, did not cause [GAF's] tort losses." Id. at p. 950. If nothing else, GAF

shows that defendants, if they are to succeed in removal, must provide direct evidence that the Navy actually prohibited warnings about the hazards of asbestos.

There is no such evidence. Defendants never offered any actual contracts or product specifications wherein the Navy ever precluded them from issuing warnings about asbestos. Defendants never identified or described any incident in which they attempted to give an asbestos warning, but were stopped by the Navy. None of the defendants cited any regulation or any other military requirement precluding the issuance of warnings. Rather, defendants only offered speculative and conclusory affidavits about what "would have" happened if they had attempted to comply with state law obligations to warn. Defendants have no admissible evidence that the Navy ever precluded them from warning about asbestos hazards.

Defendants therefore cannot show that they acted pursuant to a federal officer's directions or demonstrate the existence of any "nexus" between plaintiffs' claims and what the Navy supposedly directed them to do. Defendants have no evidence demonstrating they were subject to any government instructions or specifications with respect to the placement of warnings on its products. Put another way, plaintiffs sued these defendants for failing to warn, and there was never any evidence that the Navy ever precluded such warnings. Without such evidence, defendants cannot satisfy the first and second elements of federal officer jurisdiction.

## 2. **PRONG THREE: Defendants Cannot Establish Even "Colorable" Federal Defenses Based On Military Contractor Immunity.**

Just as they cannot show that the Navy specifically directed them to do what the sued them for, defendants cannot show the remaining element of a "colorable federal defense" based on military contractor immunity. Under certain conditions, such a defense immunizes contractors who supply military equipment to the government from the duties imposed by state tort law. But such displacement of ordinary tort liability "occur[s] only where . . . a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law . . . ." Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

In Boyle, a military pilot was killed after his helicopter crashed off the coast of Virginia. Although the pilot survived the impact, he drowned because the helicopter's escape hatch opened outward and he could not overcome the water pressure once the craft was submerged. The pilot's father sued the helicopter manufacturer alleging that it defectively designed the emergency escape system, even though the government contract specified that the hatch must open outward. The Supreme Court granted certiorari to consider if and when federal law provided a defense for government contractors to state tort claims. Id. at 502-03.

The Boyle court ruled that state tort law claims may be preempted only when the claims involve "uniquely federal interests," and a "significant conflict" exists between the federal interest and the operation of state law. Id. at 503-504, 507. Although the court concluded that civil liabilities arising out of the performance of a military procurement

7

contract is an area of federal interest, the mere existence of such a federal interest is not sufficient to warrant displacement of state law. State law will be preempted only if there is a significant conflict between the defendants' contractual duties to the federal government and its state law duties. Id. at p. 505-506.

Consequently, the court held that a government contractor is only immune from state tort liability for design defects in military equipment when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the danger in the use of the equipment that were known to the supplier but not to the United States. Id. at p. 512. The first two prongs are intended to ensure that a government officer, and not just the contractor, considered the design feature in question. Ibid. In other words, immunity is granted to a contractor only when its liability arises from acts or omissions made on the government's behalf. The third prong is designed to discourage contractors from withholding their knowledge of any latent risks. Ibid.

Because the defendant's contractual duty in Boyle (design an outward opening escape hatch) was "precisely contrary" to its state law duty of care (design an inward opening escape hatch), the Supreme Court held that state law was preempted by the government contractor defense. These cases, however, present the exact opposite situation: Defendants' liability for failing to warn of the dangers of asbestos in its products did not arise from the performance of its contractual duties because, as explained above, the Navy never prohibited any such warnings. In fact, as also explained

8

above, defendants have no evidence to show that the Navy ever exercised any discretion over asbestos-related health warnings.

Defendants therefore have no legal or factual basis to assert the government contractor defense to plaintiffs' failure to warn claims. Without evidence that the Navy forbade warnings regarding asbestos, defendants are not entitled to the government contractor defense for failing to do so. Indeed, every circuit court to address application of the Boyle factors in failure-to-warn cases has concluded that the government contractor defense is only available when the contractor's warning conforms to one that the government approved, if not dictated. For example, in Tate v. Boeing Helicopters, 55 F.3d 1150, 1156-1157 (6th Cir. 1995), the Sixth Circuit explained that: "[s]imply because the government exercises discretion in approving a design does not mean that the government considered the appropriate warnings, if any, that should accompany the product." Id. at p. 1156. Likewise, the Seventh Circuit held that a defendant may not defeat a state failure to warn claim simply by showing the elements of the government contractor defense with respect to a design defect claim because "design defect and failure to warn claims differ practically as well as theoretically." Oliver v. Oshkosh Truck Corp., 96 F.3d 992, 1003 (7th Cir. 1996).

Applying these rules in an asbestos case, the Ninth Circuit held that a defendant contractor was not entitled to immunity under Boyle because it produced no evidence that the government ever required it to do anything with respect to warnings on its products. In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 813 (9th Cir. 1992). The Second and Eleventh Circuits also held in asbestos cases that state law cannot be displaced where

9

there is no evidence that the government contractor could not comply with both its state law duties to warn and its contractual obligations to manufacture asbestos containing products. See In re Joint Southern and Eastern District New York Asbestos Litigation, 897 F.2d 626, 632 (2d Cir. 1992) ["Stripped to its essentials, the military contractor's defense under Boyle is to claim, 'the Government made me do it.' Boyle displaces state law only when the Government, making discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion."].)

Here, again, there is no evidence that defendants was attempting to comply with the Navy's instructions when it failed to give an asbestos warning. To the contrary, there was no conflict between defendants' federal and state responsibilities; they could have easily complied with their federal contractual duties and their state law duties to warn plaintiffs of the dangers inherent in the asbestos used with its products. Consequently, there is not even a "colorable" basis for defendants' assertion that they are protected by the government contractor defense. Defendants therefore cannot show the third element required for federal officer jurisdiction.

### 3. The Express Disclaimer In the Plaintiffs' Complaints Eliminated Any Possible Basis For Federal Subject Matter Jurisdiction.

Regardless of what purported evidence defendants offered to support federal officer jurisdiction, the plaintiffs' individual complaints all disclaimed any cause of action or recovery arising out of "any injuries resulting from exposure to asbestos dust

10

caused by any acts or omissions of a party defendant committed at the direction of an officer of the United States Government." In other words, the plaintiffs are not suing defendants, and preemptively waived any claim against them, for anything that a federal officer may have compelled or instructed them to do.

Federal courts have frequently given effect to such disclaimers, and ordered remand, on the basis that plaintiffs may use them to preserve state court jurisdiction. "The party who brings suit is master to decide what law he will rely upon." Willy v. Coastal Corp., 855 F.2d 1160, 1167 (5th Cir. 1988). Disclaimers to preclude removal are specifically authorized because "the plaintiff has the prerogative of determining the theory of his action and . . . may defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction." Jones v. General Tire & Rubber Co., 541 F.2d 660. 664 (7th Cir. 1976). "[I]f a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal." Carpenter v. Wichita Indep. Sch. Dist., 44 F.3d 362, 367 (5th Cir. 1995), citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 391, fn. 7 (1987).

Finally, various district courts have repeatedly remanded asbestos cases based on disclaimers. In Westbrook v. Asbestos Defendants (BHC), 2001 WL 902642 (N.D. Cal. July 31, 2001), the plaintiffs provided a disclaimer that excluded any claim based on exposure to asbestos at federal job sites. The court granted remand, stating "[t]he court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal job sites in Vessels. This waiver, therefore, justifies remand. If plaintiffs later attempt to reverse course and are allowed to do so by the state court

11

despite their expressed waiver, [defendant] can always file for removal once again." Id. at p. *3, emphasis added; see also, Overly v. Raybestos-Manhattan, Inc., 1996 WL 532150, *3 (N.D. Cal., Sept. 9, 1996); Schilz v. A.P. Green Ind., Inc., 2002 WL 102608, *1 (N.D. Cal., Jan. 15, 2002) [remand granted based on plaintiffs' waiver of design defect claims that could have given rise to federal officer exposure].

Most recently, a district court in Louisiana cited these California cases and held that plaintiffs' disclaimer precluded removal. Sheppard v. Northrop Grumman Systems Corp., 2007 WL 1550992 (E.D. La., May 24, 2007) As it explained in Sheppard, "the court concludes that its decision to follow plaintiffs' disclaimer is further supported by the fact that, unlike the plaintiffs in Overly and Westbrook who disclaimed causes of action post-removal, plaintiff here disclaimed these causes of action in his original petition in state court." Id. at *7. Regardless, the use of a disclaimer rests on the proposition that a plaintiff is always free to plead his or her action, including the waiver of federal claims, so that he or she may proceed in state court. And that is exactly what the plaintiffs did in these cases: affirmatively waive any and all claims based on the directions of a federal officer in order to defeat removal and preserve state court jurisdiction. In doing so, the plaintiffs eliminated any basis upon which defendants could establish federal officer jurisdiction. Without the necessary underlying subject matter jurisdiction, the Panel should vacate the Conditional Transfer Order.

### III.

### The CTO Should Be Vacated Because Each of These Plaintiffs Is a Living Mesothelioma Victim With Substantive State Rights To An Expedited Trial.

California Code of Civil Procedure section 36, subdivision (d), states that an expedited trial, i.e., one that commences "not more than 120 days" from the date of a motion for preference, may be granted where the plaintiff suffers from an illness or condition that may cause death within six months:

> "[T]he court may also grant a motion for preference [that is] accompanied by clear and convincing medical documentation which concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and which satisfies the court that the interests of justice will be served by granting the preference."

Here, each of these plaintiffs suffers from malignant mesothelioma, a terminal cancer that invariably causes death less than two years from diagnosis. Mesothelioma plaintiffs are routinely granted preferential trials in California pursuant to section 36 because of their indisputably dire medical condition.

It is well-established under the Erie doctrine that federal courts are to follow state substantive law as derived from state statutes and common law. Procedural issues, of course, are governed by federal law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938); see also Achtman v. Kirby, McInerny & Squire, LLP (2nd Cir. 2006) 464 F.3d 328, 337, fn. 4 ["Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law."]. Defendants will argue that

13

plaintiffs only have a procedural right to seek an expedited trial in California and, therefore, section 36 does not apply in federal court. Defendants would be wrong.

Classifying a law as "substantive" or "procedural" is "sometimes a challenging endeavor." Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 426 (1996). But here, the right to an expedited trial is clearly substantive because it is bound up in California's laws regarding the right to recover damages, which are themselves indisputably substantive law. In re Air Crash Disaster near Cerritos, California on Aug. 31, 1986, 982 F.2d 1271, 1277 ["collateral source" rule deemed "substantive"]; see also Gasperini, supra, 518 U.S. at 430 [state damage limits held "substantive"]. The right to an expedited trial offsets the longstanding inability of wrongful death plaintiffs (i.e., heirs) to recover non-economic damages for pain, suffering, or anguish experienced by the decedent. Parsons v. Easton, 184 Cal. 764, 770 (1921); Bond v. United R.R. of San Francisco, 159 Cal. 270, 277 (1911).

California substantive law thus takes away a decedent's heir's right to recover damages for decedent's pain and suffering but, in exchange, provides terminally-ill plaintiffs with a right to seek an expedited trial and, thus, the opportunity to seek full recovery of those damages. The right to seek an expedited trial is therefore not a procedural rule, but more accurately a substantive right to recover damages that will become legally extinguished upon his or her death. California law in this regard has as its primary objective to influence conduct and provide legal incentives by getting ill plaintiffs to trial as quickly as possible. The Panel should, especially under these

circumstances, defer to that substantive right by vacating the Conditional Transfer Order so that the district courts can set the expedited trials to which the plaintiffs are entitled.

## CONCLUSION

As explained above, plaintiffs maintain that these actions do not belong in federal court because of a simple lack of subject matter jurisdiction. Before transferring these cases to the Eastern District of Pennsylvania, the Panel should revisit the critical jurisdictional issues and/or order the proposed transferor courts to address and resolve any pending motions for remand. Alternatively, the Conditional Transfer Order should be vacated so as to permit plaintiffs the unfettered opportunity to seek and receive the expedited trials that they are substantively entitled to under California state law.

April 17, 2008

Respectfully submitted,

_____
ATTORNEYS FOR PLAINTIFF

BRIAN P. BARROW
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412 (facsimile)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

PROOF OF SERVICE

APR 21 2008

FILED
CLERK'S OFFICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 301 East Ocean Blvd., Suite 1950, Long Beach, California. I am employed in Los Angeles County, California.

On the date set forth below, I served the foregoing document(s) described as:
**PLAINTIFFS' BRIEF IN SUPPORT OF MOTIONS TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-304)**
On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

SEE ATTACHED SERVICE LIST

[XX] BY MAIL: I caused such envelope(s) to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[] BY FACSIMILE: I caused a courtesy copy to be transmitted by facsimile to the facsimile number of the offices of the addressee(s) as indicated above and below (see service list).

[X] [STATE] I declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

[X] [FEDERAL] I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed this 18th day of April, 2008, at Long Beach, California.

ANNIE GREENFELD

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2008 APR 21 A 10: 13

CLERK'S OFFICE
RECEIVED

**PANEL SERVICE LIST (Excerpted from CTO-304)**
Robert Oberstar, et al. v. CBS Corp., et al., C.D. California, C.A. No. 2:08-118
MUNN vs. CLA-VAL CO., et al., C.D. California, C.A. No. 2:08-282
David Kelemen, et al. v. Buffalo Pumps, Inc., et al., C.D. California, C.A. No. 2:08-712
Larry Lindquist, et al. v. Alfa Laval, inc., et al., C.D. California, C.A. 2:08-873
Robert Reaser, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al., C.D. California, C.A. No. 2:08-1296
MDL No. 875
Updated as of 4/18/2008

| | | |
|---|---|---|
| Richard C. Binzley<br>THOMPSON HINE LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | Edward R. Hugo<br>BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105 | John J. Repcheck<br>MARKS O'NEILL O'BRIEN &<br>COURTNEY PC<br>Gulf Tower, Suite 2600<br>707 Grant Street<br>Pittsburgh, PA 15219 |
| Edward J. Cass<br>GALLAGHER SHARP FULTON &<br>NORMAN<br>Bulkley Building, 7th Floor<br>1501 Euclid Ave.<br>Cleveland, OH 44115 | Charles H. Kanter<br>PALMIERI, TYLER, WIENER, WILHELM &<br>WALDRON LLP<br>2603 Main Street, East Tower – Suite 1300<br>Irvine, CA 92614-4281 | John D. Roven<br>ROVEN-KAPLAN LLP<br>2190 North Loop West, Suite 410<br>Houston, TX 77018 |
| Adam M. Chud<br>GOODWIN PROCTER LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001 | Reginald S. Kramer<br>OLDHAM & DOWLING<br>195 South Main Street, Suite 300<br>Akron, OH 44308-1314 | Richard D. Schuster<br>VORYS SATER SEYMOUR & PEASE, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 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 |
| David A. Damico<br>BURNS WHITE & HICKTON<br>Fourth Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA 15212 | David C. Landin<br>HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Neil Selman<br>SELMAN BREITMAN & BURGESS<br>11766 Wilshire Blvd., Sixth Floor<br>Los Angeles, CA 90025 |
| Raymond P. Forceno<br>FORCENO GOGGIN & KELLER<br>1528 Walnut Street, Suite 900<br>Philadelphia, PA 19102 | Peter B. Langbord<br>FOLEY & MANSFIELD, PLLP<br>150 South Robles Ave., Suite 400<br>Pasadena, CA 91101 | Robert N. Spinelli<br>KELLEY JASONS MCGUIRE & SPINELLI<br>Centre Square West, 15th Floor<br>Philadelphia, PA 19102 |
| Ellen B. Furman<br>GOLDFEIN & HOSMER<br>1600 Market Street, 33rd Floor<br>Philadelphia, PA 19103 | Gene Locks<br>LOCKS LAW FIRM LLC<br>1500 Walnut Street<br>Philadelphia, PA 19102 | Robert E. Swickle<br>JAQUES ADMIRALTY LAW FIRM PC<br>1370 Penobscot Building<br>645 Griwsold Street<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226-4192 |
| Katherine Paige Gardiner<br>SEDGWICK DETERT MORAN & ARNOLD LLP<br>One Market Plaza, Steuart Tower, 8th Flr.<br>San Francisco, CA 94105 | Ronald L. Motley<br>MOTLEY RICE LLC<br>P. O. Box 1792<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 | Andrew J. Trevelise<br>REED SMITH LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |
| Julia A. Gowin<br>PALMIERI, TYLER, WIENER, WILHELM &<br>WALDRON LLP<br>2603 Main Street, East Tower – Suite 1300<br>Irvine, CA 92614-4281 | John S. Murray<br>WALSWORTH FRANKLIN BEVINS &<br>McCALL<br>One City Boulevard West, 5th Floor<br>Orange, CA 92868-3604 | James K. Weston II<br>TOM RILEY LAW FIRM<br>4040 First Ave, N.E.<br>P. O. Box 998<br>Cedar Rapids, IA 52406 |
| Susan M. Hansen<br>BROWNSON & BALLOU<br>225 South Sixth Street, Suite 4800<br>Minneapolis, MN 55402 | Glen R. Powell<br>GORDON & REES LLP<br>Embarcadero Center West<br>275 Battery Street, 20th Floor<br>San Francisco, CA 94111 | |