MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 25 2008

FILED
CLERK'S OFFICE

PLEADING NO. 5433

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Regarding:  Lorene Barton v. Kelly-Springfield Tire Corp., E.D. Texas, C.A. No. 6:08-00039

**MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER**

**TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION:**

COMES NOW Plaintiff **Lorene Barton**, and files this her Motion and Brief to Vacate Conditional Transfer Order 305 pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and would show the Panel as follows:

1. The Panel entered a Conditional Transfer Order (CTO - 305) on March 28, 2008, in the above styled case conditionally transferring this action to the United States District Court for the Eastern District of Pennsylvania (MDL Docket No. 875). The CTO is attached as Exhibit 1.

2. In accordance with Rule 7.4(c), the Plaintiff sent the Panel a Notice of Opposition by facsimile on April 11, 2008.

OFFICIAL FILE COPY

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 APR 25 A 11:0

RECEIVED
CLERK'S OFFICE

IMAGED APR 25 2008

3. This is not an asbestos products liability case. The Plaintiff is the statutory heir of John Barton. Plaintiff's Original Petition[1] was filed in Texas state court and alleges that Mr. Barton died from an asbestos related disease as a result of the Defendant's gross neglect in exposing Mr. Barton to asbestos during the course of his employment at Kelly-Springfield Tire Corporation at its facility in Tyler, Texas.

4. The Texas Workers' Compensation Act is generally an employee's exclusive remedy against his employer when he is injured on the job. However, the Act allows the heirs of an employee who is killed through the gross neglect of the employer to bring a cause of action for punitive damages. Tex. Labor Code § 408.001. The cause of action is governed by art. XVI § 26 of the Texas Constitution and Tex. Civ. Prac. & Rem. Code § 41.003(a)(3).

5. The cause of action alleged by the Plaintiff is against the employer, only, and for punitive damages, only. The petition does not allege that any defendant is liable as a manufacturer of asbestos-containing products and it does not seek compensatory damages against any defendant. In Texas practice, this type of case is often referred to as a "gross negligence" case.

6. The action that is the subject of this motion was filed in state court and removed to federal court by Defendant. A motion to remand was filed on the basis that Plaintiff's claims cannot be removed pursuant to 28 U.S.C. § 1445(c) which provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The CTO-305 was entered before the District Court had issued a ruling on the motion to remand.

---

[1] Plaintiffs initially filed suit in State Court, Cause No. 08-0211-A; Lorene Barton v. Kelly-Springfield Tire Corp., In the District Court of Smith County, Texas, 7th Judicial District. Defendants then removed this action to the United States District Court for the Eastern District of Texas, Tyler Division.

7. This exact issue has been brought to the MDL 875 Transferee Court's attention in a number of gross negligence/employer cases pending in Texas. Judge Weiner has repeatedly ruled that gross negligence cases do not belong in MDL 875 because: (a) the form of the action is dissimilar to traditional asbestos-related personal injury actions; and (b) the defendant is an employer rather than a manufacturer or distributor of asbestos. See copies of suggestions of remand in *Hamilton v. Chevron*, Civil Action No. 1:90CV980 USDC E.D. Tex. (Sept. 18, 1991) (Exhibit 2); and *Mortensen v. Maxwell House Coffee Company*, Civil Action No. 4-95-736, USDC SD of Tex. (Sep. 27, 1995) (Exhibit 3).

8. Clearly, this is not the type of case that was contemplated by the Panel in their July 29, 1991 decision. This case involves defendants who are not sued as asbestos manufacturers or as normal third party defendants in asbestos cases. It involves a unique aspect of Texas Law, i.e., the right of a deceased employee's heirs to sue for gross negligence and punitive damages, only. Actual damages are not recoverable. In other words, there is no litigation crisis with respect to this Plaintiff and this Defendant. There is no reason to take this case away from the Court where it is pending.

9. Prior to the Panel's entrance of its Conditional Transfer Order (CTO - 305) on March 28, 2008, this case was set for trial on the transferor court's trial docket for November 2008. Both sides are working toward a mediated solution and the inclusion in the MDL will only delay the ultimate resolution of the case.

10. For the foregoing reasons, Plaintiff respectfully asks that the Panel vacate the conditional transfer order of March 28, 2008.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 5 2008

FILED
CLERK'S OFFICE

Respectfully Submitted,

PROVOST UMPHREY LAW FIRM, L.L.P.
P. O. Box 4905
490 Park Street
Beaumont, Texas 77704
(409) 835-6000/ (409) 838-8888 FAX

_____
Aaryn K. Giblin
TBA No. 00784382

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was sent regular U.S. Mail on <u>April 24, 2008</u>, to the attached Panel Service List.

_____
Aaryn K. Giblin

RECEIVED CLERK'S OFFICE
2008 APR 25 A 11: 0
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-305)**

Lorene Barton v. Kelly-Springfield Tire Corp., E.D. Texas, C.A. No. 6:08-39

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Russell C. Brown
LAW OFFICES OF
RUSSELL C BROWN PC
300 West Main Street
P.O. Box 1780
Henderson, TX 75653-1780

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Aaryn K. Giblin
PROVOST & UMPHREY
LAW FIRM LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704-4905

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

David Arthur Oliver, Jr.
PORTER & HEDGES LLP
1000 Main Street
36th Floor
Houston, TX 77002-6336

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

**MDL No. 875 - Panel Service List (Excerpted from CTO-305)(Continued)**

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# **EXHIBIT 1**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

APR 2 2008

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:           [202] 502-2888
http://www.jpml.uscourts.gov

March 28, 2008

TO INVOLVED COUNSEL

Re: MDL No. 875 -- IN RE: Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-305)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: April 14, 2008 (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Teresa Bishop*
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 28 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-305)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,819 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                              MDL No. 875

## SCHEDULE CTO-305 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

LOUISIANA MIDDLE
  LAM 3  08-82        Michael T. Hackler, M.D. v. Greater Baton Rouge Port Commission, et al.

MISSISSIPPI SOUTHERN
  MSS 1  08-77        Benton T. Slade v. Crane Co., et al.

NORTH CAROLINA MIDDLE
  NCM 1  08-160       Forest D. Malloy v. A.W. Chesterton Co., et al.

NORTH CAROLINA WESTERN
  NCW 1  08-69        Samuel Henry Gold, et al. v. Aqua-Chem, Inc., et al.
  NCW 1  08-72        Richard C Deaver, et al. v. Aqua-Chem, Inc , et al
  NCW 1  08-73        Meredith Lampley v. Aqua-Chem, Inc., et al.

OHIO NORTHERN
  OHN 1  08-10000     Duane Lanham, et al. v. Eaton Corp., et al.

SOUTH CAROLINA
  SC 0  08-778        Simeon A. Broome, et al. v. Aqua-Chem, Inc., et al
  SC 0  08-794        Samuel E. Elliott, et al. v. Aqua-Chem, Inc., et al.
  SC 0  08-795        Marvin James, et al. v. Aqua-Chem, Inc., et al.
  SC 2  08-811        Rosalia G. Adelsflugel, etc. v. Owens-Illinois, Inc., et al.
  SC 7  08-792        Thomas Jeff Davis, et al. v. Aqua-Chem, Inc., et al.
  SC 7  08-796        Ralph Earl Jennnings, Jr., et al. v. Aqua-Chem, Inc., et al.
  SC 8  08-799        George Moore, et al. v. Aqua-Chem, Inc., et al.

TEXAS EASTERN
  TXE 6  08-39        Lorene Barton v. Kelly-Springfield Tire Corp.

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## INVOLVED COUNSEL LIST (CTO-305)

F Saunders Aldridge, III
HUNTER MACLEAN EXLEY
& DUNN
P O. Box 9848
Savannah, GA 31412

Ruth A. Antinone
WILLMAN & ARNOLD
705 McKnight Park Drive
Pittsburgh, PA 15237

V. Brian Bevon
MOTLEY RICE LLC
28 Bridgeside Blvd.
P O Box 1792
Mt. Pleasant, SC 29464

David M Bienvenu, Jr.
TAYLOR PORTER BROOKS
& PHILLIPS
P. O Box 2471
Baton Rouge, LA 70821

Richard C Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Wilton Ellwood Bland, III
MOULEDOUX BLAND
LEGRAND & BRACKETT
One Shell Square, Suite 4250
701 Poydras Street
New Orleans, LA 70139-4250

Timothy W. Bouch
LEATH BOUCH & CRAWFORD
134 Meeting Street
P O Box 59
Charleston, SC 29402-0059

Philip C. Brickman
FOWLER RODRIGUEZ CHALOS
400 Poydras Street, 30th Floor
New Orleans, LA 70130

Russell C. Brown
LAW OFFICES OF RUSSELL C
BROWN PC
300 West Main Street
P.O. Box 1780
Henderson, TX 75653-1780

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M Chud
GOODWIN PROCTER LLP
901 New York Avenue, N W.
Washington, DC 20001

William David Conner
HAYNSWORTH SINKLER
BOYD PA
P O Box 2048
Greenville, SC 29602-2048

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

William Pearce Davis
BAKER RAVENEL &
BENDER
P.O. Box 8057
Columbia, SC 29202

Raymond P. Forceno
FORCENO GOGGIN &
KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Aaryn K. Giblin
PROVOST & UMPHREY
LAW FIRM LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704-4905

Stephen W. Glusman
GLUSMAN BROYLES &
GLUSMAN
P.O. Box 2711
Baton Rouge, LA 70821-2711

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Anthony C Hayes
NELSON MULLINS RILEY &
SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-1070

Page 3 of 3

## MDL No. 875 - Involved Counsel List (CTO-305) (Continued)

Robert N. Spinelli
KELLEY JASONS MCGUIRE & SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Richard P Sulzer
SULZER & WILLIAMS LLC
201 Holiday Boulevard
Suite 335
Covington, LA 70433

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Jennifer M. Techman
EVERT WEATHERSBY & HOUFF LLC
3405 Piedmont Road, N.E.
Suite 200
Atlanta, GA 30305

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mark Hedderman Wall
ELMORE & WALL
P O. Box 1200
Charleston, SC 29402

Mona Lisa Wallace
WALLACE & GRAHAM PA
525 North Main Street
Salisbury, NC 28144

James K Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P O. Box 998
Cedar Rapids, IA 52406

Daniel Bowman White
GALLIVAN WHITE & BOYD P A
P.O. Box 10589
Greenville, SC 29603

**RULE 5.2:**    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5.    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

# **EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY :
LITIGATION (NO. VI)                 :

———————————————————————x

This Document Relates to:     :   CIVIL ACTION NO. MDL 875

<u>Mae Louise Hamilton</u>

USDC - ED of Texas,
Beaumont Division,

C.A. No. 1:90CV980

FILED
SEP 1 8 1991
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

<u>SUGGESTION OF REMAND</u>

THIS MATTER being reviewed this 16th day of September, 1991, upon Plaintiff's Motion to Remand; and

THE COURT FINDS the following unusual circumstances are present:

a) The form of the action is dissimilar to traditional asbestos-related, personal injury actions, and

b) The defendant, Chevron, U.S.A., Inc., is named as an employer rather than a manufacturer or distributor of asbestos products. Furthermore, the defendant is not a "traditional" defendant in asbestos actions, and there are no other asbestos defendants.

THE COURT THEREFORE SUGGESTS to the Judicial Panel on Multidistrict Litigation that the above-entitled action be

REMANDED to the United States District Court, Eastern District of Texas, Beaumont Division, for further proceedings.

BY THE COURT:

Date: 9/16/91

_____
CHARLES R. WEINER, J.

xc 9/19/91: USDC ED of TX, Beaumont
MDL Panel
Andrew Trevelise
Robt Spinelli
Ronald Motley
Gene Locks
STRONG, PIPKIN, NELSON, BISSELL
Greg Thompson

# **EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

United States District Court
Southern District of Texas
FILED

SEP 27 1995

Michael N. Milby, Clerk of Court

This Document Relates to:

Civil Action No. MDL 875

Kris Mortensen and Leslie
Mortensen Huntington
Civil Action No. 4-95-736
USDC - SD of Texas
Houston Division

FILED
SEP 18 1995
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

9/19/95

## SUGGESTION OF REMAND

THIS MATTER being reviewed this 14th day of September 1995, upon Plaintiff's Motion to Remand; and

THE COURT FINDS the following unusual circumstances are present:

(a) The form of the action is dissimilar to traditional asbestos-related, personal injury actions, and

(b) The defendant, Maxwell House Coffee Company, is named as an employer rather than a manufacturer or distributor of asbestos products. Furthermore, the defendant is not a "traditional" defendant in asbestos actions, and there are no other asbestos defendants.

THE COURT THEREFORE SUGGESTS to the Judicial Panel on Multidistrict Litigation that the above-entitled action be remanded to the United States District Court for the Southern District of Texas, Houston Division.

BY THE COURT:

_____
CHARLES R. WEINER, JR.

9/14/95

ENTERED: 9/18/95

CLERK OF COURT