# MDL 875◄

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 6 2008

FILED
CLERK'S OFFICE

**PLEADING NO. 5441**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**IN RE: Asbestos Production Liability Litigation**          **MDL No. 875**
CTO-305
LAM 3:08-82 Hackler v. Greater Baton Rouge Port Commission, et al

---

## BATON ROUGE MARINE CONTRACTORS, INC.'S AND P & O PORTS LOUISIANA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 305 RELATIVE TO CIVIL ACTION LAM 3:08-82

MAY IT PLEASE THE COURT:

Defendants/third-party plaintiffs Baton Rouge Marine Contractors, Inc. (hereinafter "BRMC") and P & O Ports Louisiana, Inc. (hereinafter "POLA"), submit the following memorandum in opposition to plaintiff's Motion to Vacate Conditional Transfer Order 305 Relative to Civil Action LAM 3:08-82 filed on or around April 17, 2008. BRMC and POLA respectfully suggest that after consideration of this memorandum, including the law and argument presented herein, plaintiff's motion should be denied.

**I.      THE CONCLUSIONS IN PLAINTIFF'S PROCEDURAL AND FACTUAL BACKGROUND ARE FLAWED.**

Generally, BRMC and POLA agree with plaintiff's statements concerning the basis of his claim, the fact that he sued certain former executive officers (some alive, some deceased) to take advantage of the fact that those men do not enjoy tort immunity under the Louisiana Workers' Compensation Act, and that all third-party defendants named by

**OFFICIAL FILE COPY** IMAGED MAY 6 2008

BRMC and POLA previously removed the entire[1] action from the Eighteenth Judicial District Court for Port Allen, Louisiana to the U.S. District Court for the Middle District of Louisiana in Baton Rouge. However, there are several inconsistencies and misstatements in plaintiff's opening paragraphs.

First, in an effort to persuade this Panel that the action should not be transferred to MDL 875, plaintiff states that his case presents a "lone civil action involving a single person who developed mesothelioma as a result of exposure to asbestos in the 1960's." Plaintiff squarely contradicted himself, however, in a recent filing in the Middle District of Louisiana.

Specifically, in Civil Action 3:08-82, pending before the Middle District of Louisiana, plaintiff told the Court that the recent removal of the action to federal court rendered his main demand "unduly complicated" and "overburdened."[2] Now, when the question before this Panel requires a different turn, plaintiff spins his position to try and make us all believe that his case is merely a single action turning on one-of-a-kind facts and witnesses.[3] Aside from the fact that plaintiff's contention that his case is unique is false, the contradiction is

---

[1]     Plaintiff's statement that the third-party defendant's removal to the Middle District of Louisiana caused the "technical" removal of the entire action is misleading. There is nothing technical about what the third-party defendants did, particularly South African Marine Corp. ("Safmarine") and Industrial Development Corporation of South Africa, Ltd, ("IDC"). Both third-party defendants simply availed themselves of the procedures available to them in 28 U.S.C. § 1441(d), which provides: "[A]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

[2]     Not coincidentally, "unduly complicated" and "overburdened" were the buzz words cited by the Fifth Circuit in *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000). Plaintiff cited the *Delgado* decision for the proposition that district courts have discretion to sever third-party claims from main demands – a proposition that BRMC and POLA respectfully aver is improper under the facts and circumstances of this case.

[3]     In this regard, plaintiff uses the word "unique" throughout his brief.

glaring and must be considered when reviewing the legitimacy of plaintiff's motion.

Second, plaintiff's motion harps on the fact that it would be unfair for this Panel to transfer his case in light of the fact that the action was pending in Louisiana state court for over two years.  To the extent the Panel assumes that two years of state court proceedings below brought significant legal activities by plaintiff, this assumption is absolutely incorrect. The following facts concerning the state court action are undisputed:

- Number of status conferences held by state court trial judge: **zero**.

- Number of scheduling conferences held by state court trial judge: **zero**.

- Number of trial settings in state court:  **zero**.

- Number of parties that made appearances in state court action: **at least thirteen**.

- Number of substantive motions filed by those thirteen parties: **two**.

- Number of motion hearings before state court trial judge:  **two**.

- Number of rulings by state court judge on two substantive motions:  **zero**.

- Number of times plaintiff's counsel noticed an original deposition of someone other than his client:  **zero**.

These undisputed facts should eliminate any notion that the parties were engaged in extensive litigation in the state court proceeding, if such notion even existed prior to the filing of plaintiff's motion.  Thus, plaintiff's attempt to persuade the Panel that transfer is improper because it would be unfair to take a case from federal court when its roots are entrenched by the passage of two years' time in state court, must be rejected because the mere passage of time, without substantive action, cannot be substituted for substantive

evidence to support plaintiff's claim.

Finally, plaintiff's factual and procedural arguments moved on to true "desperation mode" when he claimed that third-party defendants Safmarine and IDC filed defective removal notices "based on purely conclusory allegations," that severance is proper, and that BRMC's and POLA's Notices of Tag Along Actions were premature. Plaintiff's claim of improper removal must be rejected because it would be improper to sever the third-party defendants when their role in this case reverts all the way back to plaintiff's alleged exposure to asbestos in 1963 or 1964.[4]

As for plaintiff's claim that Safmarine's and/or IDC's removal notices were improper because no evidence was submitted, the Panel need only review the signed Declarations and references to South African law submitted by Safmarine and IDC to the Middle District of Louisiana to reject plaintiff's claim. Likewise, plaintiff's argument that the Notices of Tag Along Action were premature because the Middle District of Louisiana has not yet ruled on his Motion to Remand must be rejected because there is no Rule plaintiff can cite (or has cited) to support his claim that the Panel's decision to transfer the action from the Middle District of Louisiana would be premature. *See, e.g.*, J. P. M. L. Rule 7.4(a).

Plaintiff also asserts on page four that the entire case should be remanded to state court because federal jurisdiction is not proper as to the Greater Baton Rouge Port Commission under the Eleventh Amendment to the United States Constitution. Plaintiff's attempt to assert the purported Constitutional rights of another party – a party he seeks

---

[4]       The crux of this issue concerns the fact that upon information and belief, including certain records produced in connection with the action, vessels owned by Safmarine transported bagged asbestos to the Port of Greater Baton Rouge for offloading. It was during this offloading process that plaintiff claims he was exposed to asbestos fibers.

4

monetary damages from, no less – is unequivocal evidence of the lengths plaintiff is willing to take to avoid this Panel and indeed, federal court, at all costs.   It is also telling that plaintiff is compelled to try and assert the purported Constitutional rights of his opposition despite the fact that his opponent – the Greater Baton Rouge Port Commission – has remained absolutely silent on the issue throughout the pendency of this case in the Middle District of Louisiana.

II.    PLAINTIFF'S ARGUMENTS THAT THIS CASE DOES NOT MEET THE REQUIREMENTS OF 28 U.S.C. § 1407 MUST BE REJECTED.

In section "A" of plaintiff's motion, is it not curious that plaintiff failed to cite even a single case to support his position?  Regardless, all of the arguments plaintiff presented in his motion have been presented, considered and rejected by this Panel on numerous prior occasions.

To wit, consider this Panel's recent decision in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 (U.S. Jud. Pan. Mult. Lit. 2008).  (Copy attached hereto as Exhibit "A.") In that case, plaintiffs with asbestos lawsuits pending in four separate United States District Courts moved to vacate Conditional Transfer Orders, just as plaintiff has attempted to do in our case. *Id.* In rejecting the plaintiffs' contentions, this Panel made several crucial findings.

First, the Panel found that "these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *Id.* Similarly, despite plaintiff's claims in this case that

5

his situation, claims, etc., are unique, in fact, they are not. His claim is one for personal injury and/or wrongful death caused by alleged exposure to asbestos, nothing more.[5] Based upon this Panel's ruling of less than one month ago, these facts alone are enough to merit transfer to MDL 875.

Second, this Panel found:

> We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket *directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products*. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). **Particularly, in our original decision distinctions based on such matters as <u>the pendency of motions</u> or other matters before the transferor court, <u>the uniqueness of a party's status</u>, the type of defendant, the docket condition of any specific federal district, <u>the stage of pretrial proceedings, the presence of unique claims</u> or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, *<u>were considered and rejected</u> <u>by us as grounds for carving out exceptions to transfer in this extraordinary docket</u>. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions*.**

*In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 at *1. (Emphasis added.)

All of plaintiff's arguments in his Motion to Vacate are the same exact arguments this Panel specifically rejected in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 and its progeny. For example, at the bottom of page one continuing to the top of page two of his memorandum in support, plaintiff states that his lawsuit is governed

---

[5]    See page two of plaintiff's brief. "[I]t is a lone civil action involving a single person who developed mesothelioma as a result of exposure to asbestos in the 1960's."

by Louisiana state tort law, that "some of his claims may be governed by maritime law,"[6] and that his case is unique because the matter has proceeded "under Louisiana's system which encompasses elements of both common law an the state's own unique[7] Civil Code and related authorities that govern civil actions within Louisiana."  *See* plaintiff's brief in support of Motion to Vacate at page six.  As quoted above, however, this Panel has specifically rejected "the presence of unique claims" as a reason for departing from this Panel's usual and customary practice of transferring "all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products" to MDL 875.

Moreover, plaintiff's contentions in his brief that the Panel should not transfer to MDL 875 because "*the Louisiana Middle District Court has not decided whether to remand this action to Louisiana state court*" (emphasis in original), because the main demand has been pending for over two years, and because this case purportedly revolves around "a lone civil action involving a single person" must be rejected because (1) "the pendency of motions," (2) "the stage of pretrial proceedings," and (3) "the uniqueness of a party's status . . . were considered and rejected by us [the JPML] as grounds for carving out exceptions to transfer in this extraordinary docket."  *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 at *1.  Despite plaintiff's attempts to create a distinguishable situation, all of his creative contentions have been considered and rejected by the Panel.

---

[6]     This is news to BRMC and POLA, as plaintiff's statement about the possibility of maritime law governing this action in his memorandum in support of Motion to Vacate was the first reference to maritime law in this case.

[7]     Plaintiff even used the same exact keyword – "unique" – that was specifically rejected by this Panel.

In this regard, this Panel's decision in *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (U.S. Jud. Pan. Mult. Lit. 1991) should be examined more closely. In that situation, the matter came before the Panel on an order to show cause "why all pending federal district court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos should not be centralized in a single forum under 28 U.S.C. § 1407." In ultimately holding that "the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation," the Panel relied upon several crucial factors, including the fact that "a single transferee court" must be in place to coordinate all pending federal asbestos personal injury or wrongful death matters "in order to avoid duplication of effort (with concomitant unnecessary expenses) by the parties and witnesses, their counsel, and the judiciary, and in order to prevent inconsistent decisions." *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. at 421.

Importantly, the Panel also concluded that "all pending federal personal injury or wrongful death asbestos actions not yet in trial ***must*** be included in § 1407 proceedings." 771 F.Supp. at 422. (Emphasis added.) To be sure, it should be noted that there is a reason why plaintiff's brief cites various MDL actions involving securities fraud, antitrust violations and a plane crash at a municipal golf course – he has no choice but to rely on the wholly unrelated factual situations mentioned above to muddy the water because he lacks the caselaw and facts to squarely address this Panel's prior rulings in *In re Asbestos*

*Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (U.S. Jud. Pan. Mult. Lit. 1991) and

*In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 (U.S. Jud. Pan.

Mult. Lit. 2008).  The fact that plaintiff failed to cite even a single asbestos decision from

this Panel in support of his motion is evidence of the fact that prior precedent from the

Panel mandates that this entire action be transferred to the docket of MDL 875.[8]

In a further attempt to create a maelstrom where none otherwise exists, plaintiff

claims in his brief that it would be unfair to "rip[...] a two-year-old case away from its true

'nexus' to the facts in this case – i.e., reater [sic] Baton Rouge, Louisiana – and trying to

combine it with scores of other cases which involve completely unrelated and separate

questions of fact as well as legal questions that do not at all parallel the pretrial discovery

requirements in Dr. Hackler's case."

Apparently, plaintiff misunderstands the true role of MDL 875, which is to deal with

*pretrial* proceedings.[9]  The fact that MDL 875 was created to deal with pretrial proceedings

is confirmed in the first sentence of 28 U.S.C. § 1407: "[W]hen civil actions involving one

or more common questions of fact are pending in different districts, such actions may be

transferred to any district for coordinated or consolidated pretrial proceedings."  Whenever

plaintiff believes this case is ready for trial, he may fully avail himself of Rule 7.6 of the

---

[8]       As established herein, plaintiff's brief relies upon arguments, contentions and purported distinctions that the Panel expressly rejected in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814.  Nonetheless and for the sake of argument, it should also be noted that even if "unanimity of opposition to transfer by the parties to an action" was a relevant factor (which it is not), plaintiff failed to produce evidence of any other party to this action who opposes transfer to MDL 875.

[9]       So that there is no misunderstanding as to plaintiff's beliefs, he states on page eleven of his brief that this Panel should wait for the Middle District of Louisiana to decide whether to remand, "where it is most convenient for the bulk of its witnesses and parties to conduct discovery *and to try this case.*"  (Emphasis added.)

9

Multidistrict Litigation Rules, including Rule 7.6(b) which provides that if a case has not been terminated by the transferee district court, it "shall be remanded by the Panel to the transferor district for trial."  Thus, to the extent plaintiff contends in his brief that transfer to MDL 875 is not proper because it would be unfair to force him to trial in the Eastern District of Pennsylvania, such fears are unwarranted because under Rule 7.6, plaintiff will likely have his day in court[10] in the Middle District of Louisiana.

Finally, plaintiff's argument that the Panel should sever the third-party demands and consider only those demands for consolidated pretrial proceedings is not logical and must be rejected for several reasons.  First, plaintiff cites no cases or Rules for the proposition, instead choosing to craft his argument around unsupported argument.  For this reason alone, plaintiff's argument must be rejected.

Second, plaintiff's suggestion is contradicted by this Panel's decision in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814: "transfer of these actions is appropriate for reasons that we set out in our original decision in this docket ***directing centralization*** of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products." *Id*. at *1 (emphasis added).  Obviously, retaining part of a case, yet sending another portion back to the transferor court is hardly a step towards centralization.  In fact, it is contrary to the express purpose of MDL 875.

---

[10]      Throughout his brief and this opposition, both plaintiff and BRMC/POLA refer to "plaintiff" as personally advancing this action or a position.  However, Dr. Hackler passed away in August 2007.  The reason BRMC and POLA continue to use the moniker "plaintiff" even though Dr. Hackler is deceased is because no effort to substitute heirs or representatives has occurred as of this writing.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 6 2008

FILED
CLERK'S OFFICE

Finally, plaintiff's claim that the third-party demands are "distinct" from his main demand is incorrect.  As BRMC and POLA previously stated in memoranda submitted to the Middle District of Louisiana, at least two third-party defendants, Safmarine and IDC, were parties that plaintiff tried to sue originally, but failed because he named the wrong corporate iterations as original defendants.  Under all of these circumstances, the entire action must be transferred for further proceedings consistent with MDL 875.

WHEREFORE, defendants/third-party plaintiffs Baton Rouge Marine Contractors, Inc. and P & O Ports Louisiana, Inc. pray that plaintiff's Motion to Vacate be denied and for all other general and equitable relief to which they may be entitled and this Panel is competent to grant.

Respectfully submitted,

_____
PATRICK E. COSTELLO, TA      (#26619)
WILTON E. BLAND, III         (#3123)
JACQUES P. DeGRUY            (#29144)
MOULEDOUX, BLAND, LEGRAND
     & BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:   (504) 522-2121
*Attorneys for P&O Ports Louisiana, Inc. and
Baton Rouge Marine Contractors, Inc.*
H:\0585\06119 Hackler, M.D\Pleadings\USDC\MDL\Opposition - draft 2.wpd

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2008, that a copy of the above and foregoing has been mailed, postage prepaid, this date to all known counsel or record:

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2008 MAY - 5  A 10: 27

RECEIVED
CLERK'S OFFICE

| | |
|---|---|
| Norman C. Sullivan, Jr. | Jennifer M. Morris |
| George J. Nalley, Jr. | Robert H. Urann |
| Stephen W. Glusman | Philip C. Brickman |
| Charles W. Schmidt, III | John P. Sheridan |
| David M. Bienvenu, Jr. | Andy Weinstock |
| Darrel J. Papillion | See attached Panel Service List |

_____
Patrick E. Costello

RECEIVED
CLERK'S OFFICE
2008 MAY -5  A 10: 27
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Darrel J. Papillion
Moore, Walters, Thompson,
    Thomas, Papillion &
Cullens
6513 Perkins Road
Baton Rouge, LA 70808

Stephen W. Glusman
Glusman,  Broyles  &
Glusman
P.O. Box 2711
Baton Rouge,LA 70821

Norman C. Sullivan, Jr.
Fowler Rodriguez
400 Poydras Street
30th Floor
New Orleans, LA 70130

George J. Nalley, Jr.
Nalley & Dew
2121 Ridgelake Drive
Suite 200
Metairie, LA 70001

David M. Bienvenu, Jr.
Taylor, Porter, Brooks
    & Phillips
P.O. Box 2471
Baton Rouge, LA 70821

Charles Schmidt
Christovich & Kearney
Pan American Life Center
601 Poydras Street
Suite 2300
New Orleans, LA 70130

Patrick E. Costello
Mouledoux, Bland, Legrand
    & Brackett
701 Poydras Street
Suite 4250
New Orleans, LA 70139

Daniel L. Avant
Avant & Falcon
429 Government Street
Baton Rouge, LA 70802

Richard C. Binzley
Thompson Hine, LLP

127 Public Square
3900 Key Center
Cleveland, OH 444114

Edward J. Cass
Gallagher Sharp Fulton
    & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001

David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno Goggin & Keller
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Va 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

John J. Repcheck
Marks O'Neill O'Brien &
Courtney, PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys  Sater  Seymour  &
Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman Breitmen & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelly Jasons McGuire &
Spinelli, LLP
Cenrtre Square West
15th Floor
Philadelphia, PA 19102

Robert Swickle
Jaques Admiralty Law
    Firm, PC
The Maritime Asbestosis
    Legal Clinic
1370 Penobscot Building
645 Griswold Street
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Robert H. Urann
Robein Urann & Lurye
2540 Severn Avenue
Suite 400
P.O. Box 6768
Metairie, LA 70009-6768

Edward J. Walters, Jr.
Moore Walters Thompson
    Thomas, et al.
6513 Perkins Road
Baton   Rouge,   LA   70808-
4259

Randall Gordon Wells
6541 Sheffield Avenue
Baton Rogue, LA 70806

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 7 2008

FILED
CLERK'S OFFICE

## MDL Service List:

Darrel J. Papillion
Moore, Walters, Thompson,
    Thomas, Papillion &
    Cullens
6513 Perkins Road
Baton Rouge, LA 70808

Stephen W. Glusman
Glusman, Broyles &
Glusman
P.O. Box 2711
Baton Rouge, LA 70821

Norman C. Sullivan, Jr.
Fowler Rodriguez
400 Poydras Street
30th Floor
New Orleans, LA 70130

George J. Nalley, Jr.
Nalley & Dew
2121 Ridgelake Drive
Suite 200
Metairie, LA 70001

David M. Bienvenu, Jr.
Taylor, Porter, Brooks
    & Phillips
P.O. Box 2471
Baton Rouge, LA 70821

Charles Schmidt
Christovich & Kearney
Pan American Life Center
601 Poydras Street
Suite 2300
New Orleans, LA 70130

Patrick E. Costello
Mouledoux, Bland, Legrand
    & Brackett
701 Poydras Street
Suite 4250
New Orleans, LA 70139

Daniel L. Avant
Avant & Falcon
429 Government Street
Baton Rouge, LA 70802

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Philip C. Brickman
Fowler, Rodriguez &
    Chalos
400 Poydras Street
30th Floor
New Orleans, LA 70130

Edward J. Cass
Gallagher Sharp Fulton
    & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001

David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno Goggin & Keller
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East
Tower
951 East Byrd Street
Richmond, Va 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Jennifer Morris
Duplass, Zwain, Bourgeois,
    Morton, Pfister &
    Weinstock
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 7002

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

John J. Repcheck
Marks O'Neill O'Brien &
Courtney, PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys Sater Seymour &
Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman Breitmen &
Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

John P. Sheridan
Gleason, Marrinan &
    Mazzola Mardon
26 Broadway, 17th Floor
New York, NY 10004

Robert N. Spinelli
Kelly Jasons McGuire &
Spinelli, LLP
Cenrtre Square West
15th Floor
Philadelphia, PA 19102

Robert Swickle
Jaques Admiralty Law
    Firm, PC
The Maritime Asbestosis
    Legal Clinic
1370 Penobscot Building
645 Griswold Street
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Robert H. Urann
Robein Urann & Lurye
2540 Severn Avenue
Suite 400
P.O. Box 6768
Metairie, LA 70009-6768

Edward J. Walters, Jr.
Moore Walters Thompson
    Thomas, et al.
6513 Perkins Road
Baton Rouge, LA 70808-
4259

Andy Weinstock
Duplass, Zwain, Bourgeois,
    Morton, Pfister &
    Weinstock
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002

Randall Gordon Wells
6541 Sheffield Avenue
Baton Rogue, LA 70806

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 6 2008

FILED
CLERK'S OFFICE

Westlaw.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.)
(Cite as: --- F.Supp.2d ----, 2008 WL 1214814)

Page 1

**H**In re Asbestos Products Liability Litigation (No. VI)
U.S.Jud.Pan.Mult.Lit.,2008.
  Only the Westlaw citation is currently available.In re
ASBESTOS PRODUCTS LIABILITY LITIGATION
(NO. VI).
MDL No. 875.

April 8, 2008.

**Background:** Plaintiffs in five actions, pending in four
districts, moved to vacate portions of prior orders
conditionally transferring their actions to the Eastern
District of Pennsylvania for inclusion in coordinated or
consolidated pretrial proceedings in actions involving
allegations of personal injury or wrongful death caused by
asbestos or asbestos containing products.

**Holding:** The Judicial Panel on Multidistrict Litigation,
D. Lowell Jensen, Acting Chairman, held that transfers
were warranted.
Transfers ordered.

**Federal Courts 170B** 🔑152.5

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)5 Multi-District Litigation; Transfer
    for Pre-Trial Proceedings
                170Bk152 Particular Transferable Cases
                    170Bk152.5 k. In General. Most Cited
Cases
Transfer of five actions, pending in four districts, to the
Eastern District of Pennsylvania for inclusion in
coordinated or consolidated pretrial proceedings in actions

involving allegations of personal injury or wrongful death
caused by asbestos or asbestos containing products, was
warranted; actions involved questions of fact in common
with the previously-transferred actions, and transfer would
serve the convenience of the parties and witnesses and
promote the just and efficient conduct of the litigation. 28
U.S.C.A. § 1407.

Before D. LOWELL JENSEN Acting Chairman, JOHN G.
HEYBURN II, Chairman [FN*], ROBERT L. MILLER, JR.,
DAVID R. HANSEN, J. FREDERICK MOTZ
*KATHRYN H. VRATIL and ANTHONY J. SCIRICA *,
Judges of the Panel.

**TRANSFER ORDER**

D. LOWELL JENSEN, Acting Chairman.
**\*1Before the entire Panel *:** Plaintiffs in five actions
listed on Schedule A and pending in the District of
Connecticut, Northern District of Illinois, District of
Maryland (two actions), and District of New Jersey,
respectively, [FN1] have moved, pursuant to Rule 7.4,
R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate
the respective portions of our orders conditionally
transferring the actions to the Eastern District of
Pennsylvania for inclusion in MDL No. 875.Responding
defendants [FN2] oppose the motions to vacate.

After considering all argument of counsel, we find that
these actions involve common questions of fact with
actions in this litigation previously transferred to the
Eastern District of Pennsylvania, and that transfer of these
actions to the Eastern District of Pennsylvania for
inclusion in MDL No. 875 will serve the convenience of
the parties and witnesses and promote the just and
efficient conduct of the litigation. We further find that
transfer of these actions is appropriate for reasons that we

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT

A

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.)
(Cite as: --- F.Supp.2d ----, 2008 WL 1214814)

Page 2

set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. See In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415 (J.P.M.L.1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.FN*We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of March 31, 2008, (1) over 76,450 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. SeeRule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

*2 IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for

inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

**SCHEDULE A**

District of Connecticut

Laura Contois, etc. v. Able Industries, Inc., et al., C.A. No. 3:07-1328

Northern District of Illinois

Mary Ellen Harris, etc. v. Rapid-American Corp., et al., C.A. No. 1:07-6055

District of Maryland

Michael J. McCurdy, et al. v. John Crane-Houdaille, Inc., et al., C.A. No. 1:07-2681Dorothy Boyd, etc. v. MCIC, Inc., et al., C.A. No. 1:07-3311

District of New Jersey

Ruth Shamir, etc. v. Agilent Technologies, Inc., et al., C.A. No. 2:07-4185

FN* Judges Heyburn and Scirica took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut Contois, Northern District of Illinois Harris, and District of Maryland Boyd and McCurdy actions.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.)
(Cite as: --- F.Supp.2d ----, 2008 WL 1214814)

Page 3

FN1. Plaintiffs in a sixth action that was pending in the Southern District of Illinois, *Sether, et al. v. AGCO Corp., et al.*, C.A. No. 3:07-809, also moved to vacate the respective portion of our order conditionally transferring that action to MDL No. 875. Although we considered that motion at our March 2008 hearing session, we have since been informed that *Sether* has been remanded to Illinois state court. Accordingly, the issue of Section 1407 transfer with respect to *Sether* is moot.

FN2. General Electric Co. and Buffalo Pumps, Inc. (in the District of Connecticut action); Viad Corp. (in the Northern District of Illinois action); Garlock Sealing Technologies, LLC, and Greene, Tweed & Co. (in the District of Maryland *McCurdy* action); and Agilent Technologies, Inc., and Hewlett-Packard Co. (in the District of New Jersey action).

FN3. We have also previously rejected the contention, which is again raised by plaintiff in the District of Connecticut *Contois* action here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial."*In re Asbestos Products Liability Litigation (No. VI),* 170 F.Supp.2d 1348, 1349 (J.P.M.L.2001).

U.S.Jud.Pan.Mult.Lit.,2008.
In re Asbestos Products Liability Litigation (No. VI)
--- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.