MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 14 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | MDL NO. 875 |
| | : | |
| | : | May 13, 2008 |

THIS DOCUMENT RELATES TO:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD KORTEKAMP, as Executor of the Estate of JACK KORTEKAMP, and GERALDINE KORTEKAMP, as Surviving Spouse | : | Civil Action No.: 08-043 |
| Plaintiffs, | : | |
| v. | : | |
| 3M COMPANY, et al | : | |
| Defendants. | : | May 13, 2008 |

PLEADING NO. 5452

### DEFENDANT GENERAL ELECTRIC COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303

Defendant General Electric Company ("GE") submits this Supplemental Memorandum in Opposition to Plaintiffs' Motion to Vacate the Conditional Transfer Order dated March 25, 2008 (the "Motion").

On February 26, 2008, the Judicial Panel on Multidistrict Litigation's (the "Panel") CT-303 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. §1407. On February 29, 2008, Plaintiffs requested the District Court of Rhode Island to stay CTO-303. GE filed its opposition to Plaintiff's motion to stay and on March 4, 2008, the District Court of Rhode Island denied the Plaintiffs' motion to stay CTO-303. Plaintiffs moved for

**OFFICIAL FILE COPY**

IMAGED MAY 1 5 2008

ME1 7361242v.1

reconsideration and on March 14, 2008, a hearing was held before the Honorable William E. Smith for the District Court of Rhode Island. At the conclusion of the hearing, Judge Smith stated that he would issue a ruling in the near future. Prior to any such ruling, Plaintiffs' filed with the Panel their Motion to Vacate CTO-303 which is based on essentially the same arguments Plaintiffs raised before the District Court of Rhode Island. In their supporting papers, Plaintiffs state that "Judge [Smith] indicated it would be inappropriate for this case to be transferred before he decided whether he would rule on Plaintiffs' Motion to Remand...." *See Plaintiffs' Memorandum in Support of Their Motion to Vacate the Conditional Transfer Order* at p. 4.

On April 25, 2008, Judge Smith issued a decision and order denying Plaintiffs' Motion for Reconsideration of the District Court's prior order denying Plaintiffs' Motion to Stay CTO-303. In his decision, Judge Smith stated that: "Because the MDL Panel currently has before it Plaintiffs' pending motions on the Conditional Transfer Order, and because the MDL Panel is in the unique position of being able to assess whether the issues raised in Plaintiffs' Motion to Remand are those that have risen before or are capable of rising again in asbestos multidistrict litigation cases, this Court leaves the matter to the MDL Panel for determination." *See Decision of U.S.D.C. for District of Rhode Island* dated April 25, 2008 at p. 5, attached hereto as Exhibit "A".

In light of Judge Smith's ruling and for the reasons set forth in GE's Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order 303, this case is appropriate for transfer to the Asbestos MDL and Plaintiffs' motion should be denied.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 1 4 2008

FILED
CLERK'S OFFICE

DEFENDANT
GENERAL ELECTRIC COMPANY

_____
Jeffrey M. Thomen, Esquire
jthomen@mccarter.com
Federal Bar No. 6738
McCARTER & ENGLISH, LLP
185 Asylum Street, 36th Floor
Hartford, Connecticut 06103
Tel.: (860) 275-6700
Fax.: (860) 724-3397

### CERTIFICATION

I hereby certify that on May 13, 2008, a copy of the foregoing DEFENDANT GENERAL ELECTRIC COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 303 was served on the parties listed on the Panel Service List (Excerpted from CTO-303) attached to this certification.

_____
Jeffrey M. Thomen

RECEIVED
CLERK'S OFFICE
2008 MAY 14 A 10: 12
JUDICIAL PANEL
MULTIDISTRICT
LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                      MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-303)

Todd Kortekamp, et al. v. 3M Co., et al., D. Rhode Island, C.A. No. 1:08-43

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Jeffrey S. Brenner
NIXON PEABODY LAW FIRM
One Citizens Plaza
Providence, RI 02903

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

John E. Deaton
DEATON LAW FIRM LLC
One Richmond Square
Suite 163W
Providence, RI 02906

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Jeffrey M. Thomen
MCCARTER & ENGLISH LLP
185 Asylum Street
City Place I
Hartford, CT 06103-3495

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
- - - - - - - - - - - - - - - -
TODD KORTEKAMP AS EXECUTOR OF  )
THE ESTATE OF JACK KORTEKAMP   )
AND GERALDINE KORTEKAMP AS     )
SURVIVING SPOUSE,              )
                               )
          Plaintiffs,          )
                               )
     v.                        )   C.A. No. 08-043 S
                               )
3M CO., et al.,                )
                               )
          Defendants.          )
- - - - - - - - - - - - - - - -
```

ORDER

At a hearing on March 14, 2008, this Court heard arguments on Plaintiffs' Motion for Reconsideration of this Court's Order Denying Plaintiff's Motion to Stay the February 26, 2008 Order of the MDL Panel conditionally transferring this case to the Eastern District of Pennsylvania. At the heart of Plaintiffs' motion is the request that this Court, rather than the Eastern District of Pennsylvania acting as MDL No. 875, take up and rule on Plaintiffs' Motion to Remand the case to the Rhode Island Superior Court. Having taken the matter under advisement, and having determined that either of the District Courts could decide the pending jurisdictional motion, the Court has determined that the appropriate course of action is to leave the issue to the MDL Panel to be considered in connection with its determination of whether the case should be transferred to MDL No. 875.

To summarize the procedural posture of the matter, Defendant General Electric Company ("GE") removed the case to this Court on February 1, 2008 pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), just weeks before it was scheduled to be heard on the asbestos trial calendar in the Rhode Island Superior Court. Immediately thereafter, GE filed its Notice of Tag-Along Action to have the case transferred to MDL No. 875 in the Eastern District of Pennsylvania. On February 19, 2008, Plaintiffs filed their Motion to Remand the case to state court. Subsequently, and within days of the MDL Panel's February 26, 2008 issuance of the Conditional Transfer Order, Plaintiffs requested that this Court stay the conditional transfer and expedite the proceedings on Plaintiffs' Remand Motion. Plaintiffs' request was denied, and Plaintiffs' moved for reconsideration.

At the March 14, 2008 hearing on the Motion for Reconsideration, Plaintiffs strenuously objected to the transfer of the case to the MDL prior to the Motion to Remand being heard. Plaintiffs asserted that the principles of fairness and judicial economy require this Court to rule on the Motion to Remand before transfer takes place. From Plaintiffs' perspective, transfer to the MDL would result in significant delays and an unwarranted strategic victory for GE, and the Motion to Remand would be lost in the "black hole" of pending pretrial motions. Plaintiffs further maintained that even if the MDL transferee court were to rule on

2

the Motion to Remand, it would be after a lengthy delay. Plaintiffs also suggested that it was likely that the Motion to Remand would be returned to this Court for decision. Thus, Plaintiffs argue that this Court should take it up the question now.

There is no question that this Court is well within its discretion to decide the Motion to Remand. See Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("The pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."); see also Letter from John G. Heyburn II, Chairman of the United States Judicial Panel on Multidistrict Litigation, to Judge William E. Smith (March 11, 2008) ("you are free to rule on any pending motions or you may wish to wait until the Panel has decided the transfer issue"). However, this Court is not obliged to do so. Rather, "[i]t is considered a general rule . . . that federal courts should defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case." D'Amico v. Guidant Sales Corp., 2007 WL 3003181, at *2 (D.R.I. Oct. 11, 2007) (citations omitted). In particular, the transferor court should defer to the MDL where "a jurisdictional issue of a motion to remand is similar or identical to those in cases transferred or

3

likely to be transferred to the MDL transferee court." <u>Hardin v. Merck & Co.</u>, 2007 WL 1056790, at *2 (N.D. Cal. April 5, 2007); <u>see also</u> <u>New Mexico State Inv. Council v. Alexander</u>, 317 B.R. 440, 443 (D.N.M. 2004) (district court deference "to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system"); <u>Med. Soc'y of the State of New York v. Conn. Gen. Corp.</u>, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (transferee court should resolve jurisdictional questions particularly where the question "is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation").

This Court has conferred with the Honorable Judge James T. Giles of the Eastern District of Pennsylvania on the question of which court - the transferor court or the transferee MDL court - is best suited to hear the Motion to Remand in this matter. Having discussed with Judge Giles the issues raised by Plaintiff at the March 14, 2008 hearing, this Court is of the opinion that either this Court or the Eastern District could decide the pending jurisdictional motion, and that both courts would do so in a timely fashion. Presently, and as a result of Plaintiffs' initial objection to the Conditional Transfer Order and their subsequent Motion to Vacate the Conditional Transfer Order, transfer has been stayed, and the parties have had the opportunity to fully brief

their respective positions before the MDL Panel. Because the MDL Panel currently has before it Plaintiffs' pending motions on the Conditional Transfer Order, and because the MDL Panel is in the unique position of being able to assess whether the issues raised in Plaintiffs' Motion to Remand are those that have risen before or are capable of rising again in asbestos multidistrict litigation cases, this Court leaves the matter to the MDL Panel for determination.

It is so ordered.

_____
William E. Smith
United States District Judge
Date: 4/25/08

RECEIVED CLERK'S OFFICE
2008 MAY 14 A 10:12
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION