**MDL 875■**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 1 2008

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGAITON IN RE
ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Regarding*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **LORENE BARTON** | § | |
| | § | |
| **V.** | § | **Civil Action No. 6:08-cv-39** |
| | § | |
| **KELLY-SPRINGFIELD TIRE** | § | |
| **CORPORATION** | § | |

PLEADING NO. 5459

**KELLY-SPRINGFIELD TIRE CORPORATON'S RESPONSE TO PLAINTIFF'S
MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER**

Defendant Kelly-Springfield Tire Corporation ("Kelly-Springfield") files this, its Response to Plaintiff's Motion and Brief to Vacate Conditional Transfer Order, and would respectfully show the Panel as follows:

1.   On January 25, 2008, Plaintiff filed a lawsuit against Kelly-Springfield in the 7th Judicial District Court of Smith County, Texas, Cause No. 08-0211-A, styled *Barton v. Kelly-Springfield Tire Corporation*.   Plaintiff's petition asserts a wrongful death, gross negligence cause of action against Kelly-Springfield.   Specifically, Plaintiff's petition alleges that Mr. Barton died as a result of alleged exposure to asbestos-containing products during his employment at the Kelly-Springfield facility, located in Tyler, Texas.

2.   Kelly-Springfield filed its Original Answer and Motion to Transfer Venue on February 8, 2008, and its Notice of Removal to the United States District Court for the Eastern District of Texas, Tyler Division on February 8, 2008, based on diversity jurisdiction.

**OFFICIAL FILE COPY** IMAGED MAY 2 1 2008

3.    Thereafter, Kelly-Springfield properly filed its Notice of Tag-Along to the Multi-District Litigation Panel of the United States District Court for the Eastern Pennsylvania Division on February 21, 2008.  Kelly-Springfield filed its Notice of Removal, based on the requirement of 28 U.S.C. § 1407 MDL Rule 7.5(e) that requires "Any party or counsel in actions previously transferred under Section 1407 . . . shall promptly notify the Clerk of the Panel of any potential 'tag-along actions' in which that party is named or in which that counsel appears."

4.    The Panel entered a Conditional Transfer Order (CTO-305) on March 28, 2008, transferring this action to the United States District Court for the Eastern District of Pennsylvania.  Plaintiff filed her notice of opposition on April 11, 2008.

5.    Undoubtedly, Kelly-Springfield properly transferred Plaintiff's asbestos-related wrongful death claim to the federal MDL court.  Plaintiff mistakenly argues that this case should not be transferred to the federal MDL court because it does not involve an asbestos products-liability matter.  However, nothing in the 1991 MDL Order, establishing the asbestos MDL, limits adjudication of asbestos-related injuries to claims solely against product manufacturers. *See generally In re Asbestos Prods. Liability Litig.,* 771 F. Supp. 415 (J.P.M.L. 1991).  In fact, the 1991 Order questioned why "all pending federal district court actions alleging asbestos exposure should not be centralized in a single forum." *See id.* at 416.  Moreover, the 1991 Order generally refers to the adjudication of asbestos personal injury claims and wrongful death claims. *See id.*  Furthermore, no MDL Federal Rule of Procedure limits adjudication of asbestos-related injuries in the federal MDL to claims solely against product manufacturers. *See generally* 28 U.S.C. § 1407 MDL Rules 1.1, *et seq.*  Accordingly, Plaintiff's wrongful death claim against Kelly-Springfield for Mr. Barton's exposure to asbestos-containing products during his

employment on its premises and subsequent development of mesothelioma is clearly a claim contemplated by the 1991 Order.

  6. The federal MDL court routinely handles similar matters. By way of example, Kelly-Springfield currently has another asbestos-related wrongful death case pending in MDL Court. *See* Court Docket Sheet, *Martha Spears v. The Goodyear Tire & Rubber Company*, attached hereto as Exhibit 'A'). The *Spears* case involves facts and allegations identical to Mrs. Barton's claim against Kelly-Springfield in the instant case. *Spears* filed a gross negligence, wrongful-death lawsuit against Kelly-Springfield based on the decedent's alleged asbestos exposure during his employment at the very same Kelly-Springfield plant. In that case, Kelly-Springfield properly filed for removal of the case to the United States District Court, for the Eastern District of Texas, based on diversity jurisdiction. Kelly-Springfield, again, properly filed a tag-along action to the MDL Court. The Panel granted transfer to MDL, and the case is currently pending in the MDL court. The court routinely handles negligence, premises liability, and gross negligence cases. *See  Thomas Vodry Allen v. Kimberly Clark Corporation; Harold Edward Horton v. Kimberly-Clark Corporation; Coleman Brown Pennington v. Kimberly-Clark Corporation,* previously referred to, and attached hereto as Exhibit 'B'). Indeed, there are cases involving injuries from alleged exposure to asbestos with claims against premise owners, employers, and contractor defendants, not only product defendants. *See* Exhibits A and B.

  7. Plaintiff cites no binding statutory or common law authority to support her argument that denial of CTO is required in this case. The two orders noted by the Plaintiff in support of her motion to vacate this case to MDL are from unrelated cases, and furthermore, both orders are approximately 15 years old. The denial of transfer in those cases was based on the defendants not being "traditional asbestos defendants" in 1991 and 1995. Since the bankruptcy

4

of many product manufacturers and suppliers – premises owners, contractors, and employers have been, for some time now, traditional targets of plaintiffs' firm.   The unrelated orders articulate no definition of what is meant by a traditional asbestos defendant and no legal authority is cited in the order.  Kelly-Springfield and its parent corporation, The Goodyear Tire & Rubber Company, are commonly sued by plaintiffs in premises and gross neglect cases, and by all means represent the *sin qua non* of a traditional asbestos defendant.  Thus, the documents offered by plaintiffs have no bearing on this matter, and do not preclude Kelly-Springfield from its right to transfer this matter to the MDL pursuant the 1991 Order and MDL Rules of Federal Procedure.

8.     The MDL was created to address the asbestos litigation crisis, not just in relation to asbestos product-liability cases only.  The 1991 Order concluded that "centralization in a single district of all pending federal *personal injury* and *wrongful death* asbestos actions is necessary."  *See In re Asbestos Prods. Liability Litig.,* 771 F. Supp. at 410; 28 § 1407 MDL Rule 1.1, *et seq.* (emphasis added).  This language includes the claims alleged by the Plaintiff in this case.

9.     The MDL provides an efficient forum to resolve pre-trial issues for this lawsuit.  Upon the transfer of this case to the MDL Court, the case will be efficiently litigated in a fair forum and any assertions by Plaintiff to the contrary are without merit.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Kelly-Springfield Tire Corporation respectfully requests that the Plaintiff's Motion and Brief to Vacate Conditional Transfer Order be denied and for such other and further relief to which it may show itself justly entitled.

5

1336384_1

Respectfully submitted,

David A. Oliver

by permission
JBing

David A. Oliver
State Bar No. 15257510
Joseph D. Cohen
State Bar No. 04508369
Tiffany S. Bingham
State Bar No. 24012287
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-6646
Telefacsimile: (713) 228-1331
Electronic Mail: doliver@porterhedges.com

ATTORNEYS FOR KELLY-SPRINGIFLED
TIRE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2008, a true and correct copy of the foregoing document was served upon counsel of record as listed on the Panel Service List.

David A. Oliver

by permission
JBin

David A. Oliver

RECEIVED
CLERK'S OFFICE
2008 MAY 19 P 2: 33
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

6

1336384_1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 1 2008

FILED
CLERK'S OFFICE

Respectfully submitted,

David A. Oliver
State Bar No. 15257510        by permission
Joseph D. Cohen
State Bar No 04508369
Tiffany S. Bingham
State Bar No. 24012287
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-6646
Telefacsimile: (713) 228-1331
Electronic Mail: doliver@porterhedges.com

ATTORNEYS FOR KELLY-SPRINGIFLED
TIRE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2008, a true and correct copy of the foregoing document was served upon counsel of record as listed on the Panel Service List.

David A. Oliver
by permission

6

1336384_1

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2008 MAY 21 P 1:00
RECEIVED CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-305)

Lorene Barton v. Kelly-Springfield Tire Corp., E.D. Texas, C.A. No. 6:08-39

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Russell C. Brown
LAW OFFICES OF
RUSSELL C BROWN PC
300 West Main Street
P.O. Box 1780
Henderson, TX 75653-1780

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Aaryn K. Giblin
PROVOST & UMPHREY
LAW FIRM LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704-4905

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

David Arthur Oliver, Jr.
PORTER & HEDGES LLP
1000 Main Street
36th Floor
Houston, TX 77002-6336

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

MDL No. 875 - Panel Service List (Excerpted from CTO-305)(Continued)

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

James K. Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Richard D. Schuster
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 1 2008

FILED
CLERK'S OFFICE

# EXHIBIT A

BENCH, CLOSED

## U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
## CIVIL DOCKET FOR CASE #: 6:01-cv-00387

Spears v. Goodyear Tire
Assigned to: Judge Charles Weiner
Demand: $0
Case in other court: Smith County, TX, 01-01838-A
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 08/22/2001
Date Terminated: 06/17/2002
Jury Demand: Defendant
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

### Plaintiff

**Martha Spears**
*Individually and as heir of the estate of*
*Madison Spears, and on behalf of*
*wrongful death beneficiaries Tom*
*Spears, Eric Spears, Kevin Spears, and*
*Randy Spears*

represented by **Ian P Cloud**
Heard Robins Cloud Lubel &
Greenwood
910 Travis
Suite 2020
Houston, TX 77002
713/650-1200
Fax: 17136501400
*TERMINATED: 03/07/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lance Henry Lubel**
Heard Robins Cloud & Lubel, LLP -
Houston
3800 Buffalo Speedway
5th Floor
Houston, TX 77098
713/650-1200
Fax: 713/650-1400
Email: llubel@heardrobins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Goodyear Tire & Rubber Company**

represented by **David Arthur Oliver, Jr**
Porter & Hedges - Houston
1000 Main St
36th Floor
Houston, TX 77002-6336
713/226-6646
Fax: 713/226-6246
Email: doliver@porterhedges.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Herschel Tracy Crawford**
Ramey & Flock
100 East Ferguson
Ste 500
Tyler, TX 75702
903/597-3301
Fax: 9035972413
Email: tcrawford@rameyflock.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/22/2001 | 1 | Notice of Removal by defendant Goodyear Tire from Smith County, TX Court; Case Number: 01-1838-A including (1) pla's original petition, (2) dft's original answer, (3) dft's amended answer, (4) civil docket sheet. (former empl) (Entered: 08/23/2001) |
| 08/22/2001 | | Filing Fee Paid; FILING FEE $ 150.00 RECEIPT # 615200 (former empl) (Entered: 08/23/2001) |
| 08/22/2001 | | Demand for jury trial by Goodyear Tire (former empl) (Entered: 08/23/2001) |
| 08/22/2001 | | Original Complaint filed. Cause: 28:1332 Diversity-Personal Injury (former empl) (Entered: 08/23/2001) |
| 08/22/2001 | | Answer to original petition by Goodyear Tire (former empl) (Entered: 08/23/2001) |
| 09/07/2001 | 2 | Motion by Martha Spears for Ian P Cloud to appear pro hac vice (fnt) (Entered: 09/07/2001) |
| 09/07/2001 | | PHV Filing Fee paid by atty firm: Robins Cloud Greenwood; PHV FILING FEE $ 10.00 RECEIPT # 615409 (fnt) (Entered: 09/07/2001) |
| 09/11/2001 | 3 | ORDER set scheduling conference for 10:00 10/12/01 before Judge William M. Steger ( signed by Judge William Steger ) cc:attys 9-12-01 (mll) (Entered: 09/12/2001) |
| 09/24/2001 | 4 | ORDER granting [2-1] motion for Ian P Cloud to appear pro hac vice ( signed by Judge William M. Steger 9-21-01) cc:attys 9-24-01 (mll) (Entered: 09/24/2001) |
| 10/10/2001 | 5 | Response by Martha Spears, Goodyear Tire to [3-1] order set scheduling conference for 10:00 10/12/01 before Judge William M. Steger (mll) (Entered: 10/10/2001) |
| 10/23/2001 | 6 | Docket Control Order setting Join parties by 1/14/02 ; Amend pleadings by 5/20/02 for Martha Spears ; Identify trial witnesses by 5/15/02 for |

| | | |
|---|---|---|
| | | Goodyear Tire, for Martha Spears Expert witness list by 4/8/02 for Goodyear Tire, for Martha Spears ; Deadline for filing of all motions 6/3/02 for Goodyear Tire, for Martha Spears ; Pretrial order to be submitted on or before 6/24/02 for Goodyear Tire, for Martha Spears ; Jury selection begins at 10:00 7/15/02 Jury instructions due by 6/24/02 for Goodyear Tire, for Martha Spears ; Jury trial at 10:00 7/15/02; deadline to mediate 4/5/02; Motions in Limine 6/24/02; all pretrial motions, except motions in limine 6/17/02 ( signed by Judge William M. Steger ) cc: Judge Steger, all parties 10/24/01 (fnt) (Entered: 10/24/2001) |
| 11/21/2001 | 7 | Notice of initial disclosure by Goodyear Tire (mll) (Entered: 11/26/2001) |
| 12/06/2001 | 8 | Notice of supplemental disclosure by Goodyear Tire (mjm) (Entered: 12/07/2001) |
| 12/11/2001 | 9 | Response/Objections by Goodyear Tire to Pla's Disclosure of Testifying Experts (mjm) (Entered: 12/12/2001) |
| 12/21/2001 | 10 | MOTION by Goodyear Tire to extend time to designate impeaching experts (mll) (Entered: 12/26/2001) |
| 01/03/2002 | 11 | ORDER granting [10-1] motion to extend time to designate impeaching experts; reset expert witness list due for 5/8/02 for Goodyear Tire ( signed by Judge William M. Steger 1-2-02) cc:attys 1-3-02 (mll) (Entered: 01/03/2002) |
| 05/03/2002 | | Received notice by deft regarding Notice of Tag-Along Action (MDL 1407) (mll) (Entered: 05/03/2002) |
| 05/03/2002 | 12 | Notice of first amended disclosure by Goodyear Tire (mll) (Entered: 05/03/2002) |
| 05/08/2002 | 13 | ORDER on objections to expert disclosures ( signed by Judge William M. Steger ) cc:pltf & dfts 5-8-02 (mll) (Entered: 05/08/2002) |
| 06/11/2002 | | Received notice of Conditional Transfer Order (CTO-213) pending transfer to the Eastern District of Pennsylvania to MDL-875 Docket (mll) (Entered: 06/11/2002) |
| 06/17/2002 | 14 | ORDER transferring case to the Eastern District of Pennsylvania (MDL 875) pursuant to CTO-213 (mll) (Entered: 06/17/2002) |
| 06/17/2002 | | Case closed (mll) (Entered: 06/17/2002) |
| 06/17/2002 | | Case reassigned to Judge Charles Weiner (mll) (Entered: 07/18/2002) |
| 04/08/2003 | | Substitution of Counsel. Terminated attorney Ian P Cloud for Martha Spears; Added Lance Henry Lubel (mll) Modified on 05/21/2003 (Entered: 05/21/2003) |
| 02/21/2008 | 15 | NOTICE of Attorney Appearance by David Arthur Oliver, Jr on behalf of Goodyear Tire & Rubber Company (Oliver, David) (Entered: 02/21/2008) |

NO. 01-1838-A

MARTHA SPEARS, INDIVIDUALLY AND AS §
HEIR OF THE ESTATE OF MADISON SPEARS, §
AND ON BEHALF OF THE WRONGFUL DEATH §
BENEFICIARIES TOM M. SPEARS, ERIC D. §
SPEARS, KEVIN SPEARS, AND RANDY S. §
SPEARS §
§
VS. §
§
GOODYEAR TIRE & RUBBER COMPANY, ET AL. §

IN THE DISTRICT COURT OF



SMITH COUNTY, TEXAS

JUDICIAL DISTRICT

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Martha Spears, individually and as heir of the estate of Madison Spears, and on behalf of the wrongful death beneficiaries Tom M. Spears, Eric D. Spears, Kevin Spears, and Randy S. Spears (hereinafter "Plaintiffs"), complaining of Defendants named below, and for causes of action respectfully show the Court and Jury as follows:

1. Goodyear Tire & Rubber Company, as successor in interest to The Kelly Springfield Tire Company, is an Ohio corporation doing business in the State of Texas and may be served with citation by serving its registered agent, to wit: C. T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201

2. The Kelly Springfield Tire Company is a Maryland corporation and has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to the home office at: Kelly Springfield Tire Company, 12501 Willow Brook Road, Cumberland, Texas 21502

3. The Kelly Springfield Tire Company is a Delaware corporation and may be served with citation by serving its registered agent, to wit: C. T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201

I.

### DISCOVERY CONTROL AND JURY DEMAND

Plaintiffs intend to conduct discovery of this case under Rule 190.4 (level 3) which requires Court order. In the event this Court does not order a level 3 scheduling order, Plaintiffs shall conduct discovery under Rule 190.3 (level 2). Plaintiffs demand a trial by jury pursuant to the Texas Rules of Civil Procedure.

II.

### PARTIES

Plaintiff Martha Spears is the surviving spouse of the decedent, Madison Spears. Plaintiffs Tom M. Spears, Kevin Spear, Eric D. Spears, and Randy S. Spears are the natural children of the decedent. Plaintiffs are the only heirs that survived decedent. There are no debts of the estate and no administration is pending or necessary.

III.

## VENUE AND JURISDICTION

Both jurisdiction and venue are proper in Smith County, Texas pursuant to the Texas Civil Practice and Remedies Code. Venue is proper because all or a substantial part of the events giving rise to this cause of action occurred in Smith County, Texas and/or Defendants maintain a principal office in Texas in Smith County. This Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

## IV.

## BACKGROUND

Mr. Madison Spears ("decedent") died on July 25, 1999.   Plaintiffs would show that Mr. Spears worked as a laborer from approximately 1966 to 1998. The defendants are the employers of Mr. Spears.

As a result of his exposure to asbestos dust and/or fibers while working for the Defendants, Madison Spears contracted lung cancer which ultimately took his life.

## V.

## CAUSES OF ACTION

This action against the decedent's employers for gross neglect is brought under the authority of the Constitution of the State of Texas, TEX. CONST. Art. 16, sec. 26; and the Workers' Compensation Statutes of the State of Texas, TEX. REV. CIV. STAT. ANN. Art. 8306, sec. 5, which has been codified as '408.001 of the Labor Code. For those Defendants that did not employ the decedent or that were not covered by the exclusivity provision of the Texas Workers' Compensation Act, Plaintiffs sue Defendants under the wrongful death act and survival statutes and are seeking all actual damages recoverable under Texas law.

The injuries, damages, and resulting death of Mr. Madison Spears were directly and proximately caused by the acts and/or omissions of the Defendants constituting negligence, gross negligence, gross neglect and/or malice.

## VI.

## DAMAGES

The acts or omissions of the Defendants, acting through their agents, employees, and/or representatives, was of such character as to make the Defendants guilty of malice. The conduct of the Defendants was in heedless and reckless disregard of the rights of Madison Spears, and involved such an entire want of care as to establish that it was a result of conscious indifference to the rights, welfare, and safety of Madison Spears. As a result of the conduct of Defendant, acting through their agents, employees, and/or representatives, Plaintiffs herein seek exemplary damages in such an amount as appropriate from the jury.

## VII.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon final trial the Plaintiffs have judgment against the Defendants and recover damages from the Defendants, in the total sum of their damages, actual and exemplary, in an amount greatly in excess of the minimal jurisdictional limits of the Court, plus costs of court, pre-judgment and post-judgment interest allowed by Texas law, and for such other and further relief, general and special, legal and equitable, to which the Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**ROBINS, CLOUD, GREENWOOD & LUBEL, L.L.P.**

By: _____

Ian P. Cloud
State Bar No.: 00783843
910 Travis, Suite 2020
Houston, Texas 77002
(713) 650-1200 - Phone
(713) 650-1400 - Facsimile

ATTORNEYS FOR PLAINTIFF

# EXHIBIT B

**UNITED STATES DISTRICT COURT**         **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| HAROLD EDWARD HORTON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:06-CV-24 |
| | § | |
| KIMBERLY-CLARK CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

On January 20, 2006, this case was consolidated with *Cecil Reuben Jackson, et al., versus Kimberly-Clark Corporation, et al.*, cause number 1:05-CV-769, which was transferred to the United States District Court for the Eastern District of Pennsylvania by Transfer Order #875, filed by the Judicial Panel on Multidistrict Litigation in this district on June 27, 2006. Accordingly, this case is administratively closed pending further order of this court.

Any outstanding motions are denied as premature in order to permit the transferee court to consider them. Counsel must re-urge any outstanding motions should the case return to this court's docket.

SIGNED at Beaumont, Texas, this 27th day of July, 2006.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

FILED – CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

'06 JAN 13  PM 3: 42

FOR THE EASTERN DISTRICT OF TEXAS

TX EASTERN-BEAUMONT

BEAUMONT DIVISION

BY _Adele Mornilla_

| | |
|---|---|
| HAROLD EDWARD HORTON, ET. AL. | § |
| | § |
| | § |
| | § CIVIL ACTION NO. |
| | § |
| VS. | § |
| | § **1:06CV0024** |
| | § |
| KIMBERLY CLARK CORPORATION, | § **Judge Heartfield** |
| ET. AL. | § |

## NOTICE OF REMOVAL OF
## DEFENDANT, KIMBERLY-CLARK CORPORATION

Defendant, Kimberly-Clark Corporation, files this its Notice of Removal under 28 U.S.C.

§ 1331, 28 U.S.C. § 1441(b), 28 U.S.C. § 1442(a) (1), and 28 U.S.C. § 1446(b).  This is an

ASBESTOS case.

### A.    Introduction

1.    Plaintiffs are:

HAROLD EDWARD HORTON

LARRY EARL BOTHWELL

MURRAY DAVID BURRAGE

WILLIE JAMES CHAMBERS

RICHARD HARD FAIR

ROY M. FAUCETT

ROGER MELTON FULLER

ROGER WAYNE GOOCH

THEO GRAHAM

JAMES EDWIN JONES

DANIEL ROY KAY

WILLIE JAMES LEVERT

CHARLES HOLLEY MALLOY

CHARLES MCQUEEN

HESTER JAMES NICK

CALVIN HARRY REEVES, SR.

CHARLES WILLIAM SHAW

MARILYN I. DAVIS

MICHAEL A. BURNS

REVA L. DURFELD

MERRELL ALLEN BURNS

ALTON HUBBARD BURRAGE

DOUGLAS WAYNE CARNES

LULA MAE CHAMBERS

ROBERT AVERY CLARK

ALBERT JACK COHILL

HOWARD BLAKE DOBBS

RUSSELL GOODEN

DEBBIE WALTERS

KENNETH HARRISON

MURRAY HUBBARD HARRISON

2

FRANCES HORTON

STEVEN LAMAR ISBELL

MICHAEL GRAY JONES

WILLIAM RONNIE LEE

JANIE SHEPARD

WILLIE JAMES LEE

ROSE MEANS

JOHN MEANS, JR.

CRYSTAL M. WILSON

ARTHUR LEE MORELAND

JENNIFER ANN NICK

BILLY GENE PARKER

ELMER ELLIS PORTER

ALBERT PARKER REID

MINNIE L. REID

PAUL KENNETH REID

HUGH SANFORD SHAW

WILLIAM EDWARD THOMAS

SILAS EDWARD WILLIAMS

MILLARD WOMACK

CHARLES LYNN WOOD

JAMES ROBURE BATTLE, JR.

ROBERT LEE BAYLES

JERRY WAYNE BOSHWELL

Kimberly-Clark Corporation is the defendant.  Plaintiffs sue for alleged damages related to alleged exposure to asbestos-containing products on the premises of Defendant.

2.     This case was commenced on Plaintiffs' motion, on or after March 3, 2005, when the claims of plaintiffs and several defendants, were severed from the state court action styled Cause No. B-150,896; *Inez Martin, et al vs. A.C.&S., Inc, et al* into Cause No. B-150,896-AI; *Harold Edward Horton, et al vs. Kimberly Clark Corp., et al.*

## B.     Bases for Removal

3.     This action is a civil action of which this court has exclusive original jurisdiction under U.S. CONST. Art. I, § 8, cl. 17 (commonly referred to as the "Enclave Clause") in that that the facility at which Plaintiffs claim injury was constructed, purchased and/or operated as a federal military related property, in whole or part.

4.     Plaintiffs have never alleged, in any of their pleadings, the locations where they claim plaintiffs were exposed to asbestos by this Defendant. Plaintiffs did stipulate, on December 14, 2005, that the alleged exposures in this case, as to this Defendant, occurred at the Coosa Pines Newsprint Mill in Alabama. This is believed to be the first, and only pleading filed by Plaintiffs in this cause setting forth exposure allegations as to this Defendant.

5.     In 1947, The Coosa River Newsprint Company leased and ultimately partially purchased from the Secretary of War of the United States, property upon which a newsprint mill was erected. The U.S. Government operated an ordinance works at this location during that latter part of WWII. A powerhouse and water filtration plant were designed, spec'd and built by, or on behalf of, the U.S. Government and these facilities were ultimately leased to and used by The Coosa River Newsprint Company and then by Kimberly-Clark Corporation in mill operations.

4

The newsprint mill and the government designed, spec'd and built facilities were located in close association with, and in many instances were connected to one another, and the government designed, spec'd and built facilities provided power, water and steam, among other things, to the mill.

6.      The U.S. Government maintained facilities near, and easements through, the mill property for decades after 1947. The lease between the Secretary of War and The Coosa River Newsprint Company, the predecessor to Kimberly-Clark Corporation, required Coosa River and Kimberly-Clark to maintain these facilities and be able to supply power, water and other services, on short notice and in specified quantities, to the U.S. Government in times of national emergency.

7.      Kimberly-Clark Corporation employees and contract workers were allegedly exposed to asbestos while working on the premises of the Coosa Pines Newsprint Mill. There are no allegations or discovery responses to distinguish alleged exposures caused by the U.S. Government designed, spec'd and built facilities as opposed to Kimberly-Clark Corporation built facilities. In their response to Master Interrogatory no. 44, plaintiffs typically state:

> "Plaintiff was exposed to asbestos at the worksites primarily as a result of his having to work with or around asbestos products, or in using or working around those who were using or disturbing asbestos containing products.  In addition, he was frequently exposed to asbestos when working around or downwind of insulators or other workers using asbestos products.  Finally, Plaintiff was exposed simply by being present and breathing the air in premises where asbestos products had been previously installed, and were releasing asbestos fibers into the air through wear, deterioration, aging, vibration or other deleterious processes or disturbances.  The asbestos fibers were in the air all over the plants in concentrations far in excess of those permitted by law or good practice, and well beyond what common decency and a simple respect for human life called for."

5

8.      In toxic exposure cases, where the plaintiff's claims arise out of exposure to substances on a government facility in furtherance of their employment duties, enclave jurisdiction is properly invoked.

9.      The Coosa River Newsprint Company and Kimberly-Clark Corporation's obligations under the above referenced lease to maintain the leased premises and numerous easements in favor of the U.S. Government running through the premises, to build no structures or additions without written approval of the U.S. Army Corps of Engineers Division Engineer, to maintain the leased facilities in efficient operating condition, to accommodate U.S Government personnel at the facility, to make services available to the U.S. Government within thirty (30) days of the declaration of a national emergency, to maintain all leased premises not being used for newsprint operations in standby condition for the War Department and similar requirements, clearly establish the continuing obligations of the Coosa River Newsprint Company and ultimately Kimberly-Clark Corporation with respect to maintaining the government premises as built.

10.     Defendant, acting pursuant to its obligations arising under the lease between the Coosa River Newsprint Company and the Secretary of War, is absolutely entitled to remove this case pursuant to 28 U.S.C. § 1442(a) (1).   Defendant will assert as defenses at least the following: (a) Its' required compliance with its obligations to the U.S. Government pursuant to the lease, (b) its lack of knowledge of the alleged hazards of asbestos and (3) the state of the art of the knowledge of the hazards of asbestos in the U.S. Government and in U.S. Industry at the relevant times.

6

11.     Further, this case is one which may be removed to this Court by defendant pursuant to "equitable tolling" as set forth in *Tedford v. Warner Lambert Co.* 327 F3d 423 (5th Cir. 2003) which permits a removal under equitable circumstances.

12.     Where the pleadings are ambiguous, the thirty days set forth in 28 U.S.C. § 1446(b) are tolled until the Defendants receive sufficient notice of removability via receipt of an "other paper". As stated above, Plaintiffs did stipulate, on December 14, 2005, that the alleged exposures in this case as to this Defendant, occurred at the Coosa Pines Newsprint Mill in Alabama. Again, this is believed to be the first, and only pleading filed by Plaintiffs in this cause setting forth these allegations.

13.     All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a) and the local rules of the Eastern District of Texas.

14.     Venue is proper for this Notice of Removal in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending. Venue for this Asbestos case, once it is removed, is in the Federal MDL in Philadelphia, PA.

15.     Defendant has filed a copy of this Notice of Removal with the clerk of the state court in which the action has been pending.

## C.    Conclusion

16.     Defendant, Kimberly-Clark Corporation, files this Notice of Removal and asks this Court for any general relief to which it is entitled.

7

Respectfully submitted,

**ADAMS & BOSWELL, PC**

BY _____

    **KENT M. ADAMS**
    STATE BAR NO. 00869200
The Century Tower
550 Fannin, Suite 800
P. O. Box 7505
Beaumont, Texas 77726-7505
(409) 838-6767 – Phone
(409) 838-6950 – Fax
**ATTORNEY IN CHARGE FOR DEFENDANT,
KIMBERLY-CLARK CORPORATION**

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been delivered on this 13th day of January 2006, to the following:

Mr. Glen Morgan
TBN: 14438900
Reaud, Morgan & Quinn, L.L.P.
801 Laurel Street
Beaumont, Texas 77726

Mr. Jerry Kacal
TBN: 11063500
Kacal, Adams & Law, P.C.
One Riverway, Suite 1200
Houston, Texas 77056
(713) 529-3992 -Phone
(713) 529-8161-Fax

Ms. Gail Jenkins
TBN: 05201525
Jenkins & Martin, L.L.P.
2615 Calder, Suite 500
P.O. Box 26008
Beaumont, Texas 77720-6008

Mr. Rex Peveto
TBN: 00791437
Peveto Law Firm
118 Border Street
Orange, Texas 77630-6344

Mr. Michael Martin Essmyer
TBN: 06672400
Essymer & Tritico, L.L.P.
4300 Scotland Street
Houston, Texas 77007

Mr. James L. Ware
TBN: 20861800
Sheehy, Serpe & Ware
A Professional Corporation
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003

9

Mr. James Rowland Old, Jr.
TBN: 15242500
Germer & Gertz, L.L.P.
Post Office Box 4915
Beaumont, Texas 77704

Mr. Gary Elliston
TBN: 06584700
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, Texas 75202-3736

Mr. D. Allan Jones
TBN: 10868500
Orgain, Bell & Tucker, L.L.P
P.O. Box 1751
Beaumont, Texas 77704-1751

Mr. Jeffrey Marsh
TBN: 13018300
The Marsh Law Firm
1770 St James Place Ste 350
Houston, Texas, 77056

Ms. Paula Heirtzler Blazek
TBN: 09383600
Germer Gertz, L.L.P.
550 Fannin, Suite 400
Beaumont, Texas 77701

Mr. Robert C. Mace
TBN: 12771300
Tekell, Book, Matthews & Limmer, L.L.P
4300 One Houston Center, 1221 McKinney
Houston, Texas 77010

Mr. Francis G. Harmon, III
TBN: 09020500
Crain, Caton & James
A Professional Corporation
1401 McKinney, Suite 1700
Houston, Texas 77010

Mr. George R. Carlton, Jr.
TBN: 03819500
Godwin Gruber, LLP
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270

Mr. John Jeffrey Mundy
TBN: 14665575
Mundy & Singley, LLP
816 Congress Ste 1230
Austin, Texas, 78701

Mr. Paul Joseph Holmes
TBN: 09908350
Mehaffy Weber
A Professional Corporation
2615 Calder Avenue, Suite 800
Beaumont, Texas 77704

Mr. James M. Riley, Jr.
TBN: 16931800
Coats, Rose, Yale, Ryman, & Lee
A Professional Corporation
3 Greenway Plaza, Suite 200
Houston, Texas 77046

Mr. Gene M. Williams
TBN: 21535300
Shook, Hardy, Bacon, L.L.P
JP Morgan/Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

Mr. Franklin A. Poff
TBN:
Crisp, Boyd, Poff
Schubert, & Burgess, L.L.P.
2301 Moores Lane
P.O. Box 6297
Texarkana, Texas 75505-6331

Mr. Vic Fields
TBN: 06975050
3600 W. Bee Caves Rd., #212
Austin, Texas 78746

11

Mr. David Arthur Oliver, Jr.
TBN: 15257510
Porter & Hedges. LLP
700 Louisiana, 35th Floor
Houston, Texas 77002

Mr. Robert L. Adams
TBN: 00878000
Dunn, Kacal, Adams, Pappas & Law PC
One Riverway Ste 1200
Houston, Texas 77056

Mr. Jon P. Bohn
TBN: 02564900
Bohn & Ducloux
806 Main Ste 1411
Houston, TEXAS, 77002

J. Frank Kinsel, Jr.
TBN: 11488700
Cantey & Hanger, L.L.P.
Burnett Plaza, Suite 2100
801 Cherry Street, Unit #2
Fort Worth, Texas 76102-6881

Mr. Robert H. Bass
TBN: 00793166
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi 39211

Mr. James H. Powers
TBN: 16217400
Powers & Frost LLP
1221 McKinney St.
2400 One Houston Center
Houston, Texas 77010-0000

Mr. Thomas W. Taylor
TBN: 19723875
Andrews & Kurth, LLP
600 Travis St., Ste 4200
Chase Tower
Houston, Texas, 77002-0000

12

Ms. Kathryn B. Ward
TBN:20844500
Spain Hastings & Ward
909 Fannin Ste 3900
Houston, Texas 77010

Jerry L. Beane
TBN: 01966000
Andrews & Kurth, LLP
1717 Main St Ste 3700
Dallas, Texas, 75201

Mr. David Craig Landin
TBN: 11863720
Hunton & Williams
951 E Byrd St.
Richmond, VA  23219-4040

Ms. Sandra Clark
TBN:04294520
Mehaffy Weber, P.C.
Post Office Box 16
Beaumont, Texas 77704-0016

Ms. Kathryn O. Hermes
TBN: 15156500
4406 Nashwood Ln.
Dallas, Texas, 75244

H. Tracy Richardson, III
TBN: 16863700
Strong Pipkin, Bissell & Ledyard, LLP
1400 San Jacinto Building
595 Orleans
Beaumont, Texas 77701-3255

Mr. James D. Dowell
TBN: 06079000
595 Orleans
Beaumont, Texas

13

Ms. Lauren Miller Robbins
SBOT #00785325
Mr. William B. Levay
ISLN: 905498865
Munisteri, Sprott, Rigby Newsom & Robbins, P.C.
3323 Richmond Avenue
Houston, Texas  77098


KENT M. ADAMS