MDL 875█

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 1 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**IN RE: Asbestos Product Liability Litigation**          **MDL No. 875**
CTO-304
LAM 3:08-81 Landess v. Baton Rouge Marine Contractors, Inc., et al.

---

## BATON ROUGE MARINE CONTRACTORS, INC.'S AND P & O PORTS LOUISIANA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 304 RELATIVE TO CIVIL ACTION LAM 3:08-81

MAY IT PLEASE THE COURT:

Defendants/third-party plaintiffs Baton Rouge Marine Contractors, Inc. (hereinafter

"BRMC") and P & O Ports Louisiana, Inc. (hereinafter "POLA"), submit the following

memorandum in opposition to plaintiff's Motion to Vacate Conditional Transfer Order 304

Relative to Civil Action LAM 3:08-81 filed on or around April 17, 2008.  BRMC and POLA

respectfully suggest that after consideration of this memorandum, including the law and

argument presented herein, plaintiff's motion should be denied.

**I.     THE REQUESTS FOR RELIEF PRESENTED IN PLAINTIFF'S PROCEDURAL
         AND FACTUAL BACKGROUND ARE MOOT.**

Generally, BRMC and POLA agree with plaintiff's statements concerning the basis

of his claim, the fact that he sued certain former executive officers (some alive, some

deceased) to take advantage of the fact that those men do not enjoy tort immunity under

the Louisiana Workers' Compensation Act, and that all third-party defendants named by

**OFFICIAL FILE COPY**MAGED MAY 2 1 2008

PLEADING NO. 5 4 6 1

BRMC and POLA previously removed the entire[1] action from the Eighteenth Judicial District Court for Port Allen, Louisiana to the U.S. District Court for the Middle District of Louisiana in Baton Rouge. However, there is an important point and recent development that merit the Panel's attention.

At the outset, the crux of plaintiff's position is that the Panel should not convert the Conditional Transfer Order 304 to a final Order until the United States District Court for the Middle District of Louisiana "first rule[s] on the motion to remand to state court that is still pending before it." *See* plaintiff's Motion to Vacate Conditional Transfer Order 304 Relative to Civil Action LAM 3:08-81 at p. 3-4. To be sure, plaintiff alleged on p. 3 of his brief that because at the time his brief was written, "*the Middle District has not yet decided whether or not to remand this case to Louisiana state court*" (emphasis in original), "this makes transfer of this case to the MDL at this time premature." *Id.* at p. 3.

Importantly, the entire basis for plaintiff's argument disintegrated when the Honorable Stephen C. Riedlinger, United States Magistrate Judge for the Middle District of Louisiana, denied plaintiff's Motion to Remand or Alternatively Motion to Sever Third Party Demand from Main Demand and Remand Main Demand on May 14, 2008. *See* copy of Magistrate Riedlinger's Report attached as Exhibit "A." Accordingly, to the extent

---

[1]     Plaintiff's statement that the third-party defendant's removal to the Middle District of Louisiana caused the "technical" removal of the entire action is misleading. There is nothing technical about what the third-party defendants did, particularly South African Marine Corp. ("Safmarine") and Industrial Development Corporation of South Africa, Ltd, ("IDC"). Both third-party defendants simply availed themselves of the procedures available to them in 28 U.S.C. § 1441(d), which provides: "[A]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

2

plaintiff's argument relied solely upon his request that the Panel reserve ruling until the Middle District of Louisiana had an opportunity to confirm that jurisdiction is proper there and that a severance is not warranted, his argument on both fronts was rejected. As a result, CTO 304 should be made final.[2]

## II.   PLAINTIFF'S ARGUMENTS THAT THIS CASE DOES NOT MEET THE REQUIREMENTS OF 28 U.S.C. § 1407 MUST BE REJECTED.

In section "A" of plaintiff's motion, is it not curious that plaintiff failed to cite even a single case to support his position? Regardless, all of the arguments plaintiff presented in his motion have been presented, considered and rejected by this Panel on numerous prior occasions.

To wit, consider this Panel's recent decision in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 (U.S. Jud. Pan. Mult. Lit. 2008). (Copy attached hereto as Exhibit "B.") In that case, plaintiffs with asbestos lawsuits pending in four separate United States District Courts moved to vacate Conditional Transfer Orders, just as plaintiff has attempted to do in our case. *Id.* In rejecting the plaintiffs' contentions, this Panel made several crucial findings.

First, the Panel found that "these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and

---

[2]     It must also be noted that on page 9 of his brief, plaintiff states that discovery in his case "has continued for more than seven months in state court already." While this is technically true, in fact, the only discovery that has occurred in this case is that the plaintiff was deposed twice before he passed away. To the best of undersigned counsel's knowledge, no other discovery, whether in writing or by deposition, has occurred.

3

efficient conduct of the litigation." *Id.* Similarly, despite plaintiff's claims in this case that

his situation, claims, etc., are unique, in fact, they are not. His claim is one for personal

injury and/or wrongful death caused by alleged exposure to asbestos, nothing more.

Based upon this Panel's ruling of early April 2008, these facts alone are enough to merit

transfer to MDL 875.

    Second, this Panel found:

> We further find that transfer of these actions is appropriate for
> reasons that we set out in our original decision in this docket
> ***directing centralization of all pending federal court actions***
> ***not then in trial involving allegations of personal injury or***
> ***wrongful death caused by asbestos or asbestos***
> ***containing products***. *See In re Asbestos Products Liability*
> *Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991).
> **Particularly, in our original decision distinctions based on**
> **such matters as the pendency of motions or other matters**
> **before the transferor court, the uniqueness of a party's**
> **status, the type of defendant, the docket condition of any**
> **specific federal district, the stage of pretrial proceedings,**
> **the presence of unique claims or additional claims not**
> **relating to asbestos injury or death, and/or the unanimity**
> **of opposition to transfer by the parties to an action, *were***
> ***considered and rejected* by us as grounds for carving out**
> **exceptions to transfer in this extraordinary docket**. *We are*
> *not persuaded to depart from this approach in dealing with*
> *the question of transfer of the present actions*.

*In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 at *1. (Emphasis
added.)

    All of plaintiff's arguments in his Motion to Vacate are the same exact arguments

this Panel specifically rejected in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008

WL 1214814 and its progeny. For example, plaintiff states that his lawsuit is governed by

Louisiana state tort law and that his case is unique because the matter has proceeded

"under Louisiana's system which encompasses elements of both common law and the

4

state's own unique Civil Code and related authorities that govern civil actions within Louisiana." *See* plaintiff's brief in support of Motion to Vacate at page five. As quoted above, however, this Panel has specifically rejected "the presence of unique claims" as a reason for departing from this Panel's usual and customary practice of transferring "all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products" to MDL 875.

Moreover, plaintiff's contentions in his brief that the Panel should not transfer to MDL 875 because "*the Louisiana Middle District Court has not decided whether to remand this action to Louisiana state court*" (emphasis in original), because the main demand has been pending for over two years, and because this case purportedly revolves around "a lone civil action involving a single person" must be rejected because it is not true. Magistrate Riedlinger denied plaintiff's motions on May 14, 2008. *See* attached Exhibit A.

Furthermore, (1) "the pendency of motions," (2) "the stage of pretrial proceedings," and (3) "the uniqueness of a party's status . . . were considered and rejected by us [the JPML] as grounds for carving out exceptions to transfer in this extraordinary docket." *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 at *1. Despite plaintiff's attempts to create a distinguishable situation, all of his creative contentions have been considered and rejected by the Panel. Moreover, the crux of plaintiff's motion – that the Panel should not rule until the Middle District of Louisiana has – went down the proverbial tube when Magistrate Riedlinger denied plaintiff's motions.

In this regard, this Panel's decision in *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (U.S. Jud. Pan. Mult. Lit. 1991) should be examined more

5

closely. In that situation, the matter came before the Panel on an order to show cause "why all pending federal district court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos should not be centralized in a single forum under 28 U.S.C. § 1407." In ultimately holding that "the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation," the Panel relied upon several crucial factors, including the fact that "a single transferee court" must be in place to coordinate all pending federal asbestos personal injury or wrongful death matters "in order to avoid duplication of effort (with concomitant unnecessary expenses) by the parties and witnesses, their counsel, and the judiciary, and in order to prevent inconsistent decisions." *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. at 421.

Importantly, the Panel also concluded that "all pending federal personal injury or wrongful death asbestos actions not yet in trial *must* be included in § 1407 proceedings." 771 F.Supp. at 422. (Emphasis added.) To be sure, it should be noted that there is a reason why plaintiff's brief cites various MDL actions involving securities fraud, antitrust violations and a plane crash at a municipal golf course – he has no choice but to rely on the wholly unrelated factual situations mentioned above to muddy the water because he lacks the caselaw and facts to squarely address this Panel's prior rulings in *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (U.S. Jud. Pan. Mult. Lit. 1991) and *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 (U.S. Jud. Pan.

6

Mult. Lit. 2008). The fact that plaintiff failed to cite even a single asbestos decision from this Panel in support of his motion is evidence of the fact that prior precedent from the Panel mandates that this entire action be transferred to the docket of MDL 875.[3]

In a further attempt to muddy the water, plaintiff claims in his brief that it would be unfair to transfer the case to MDL 875 because it would be improper to try this case before the transferee court in Philadelphia. Apparently, plaintiff misunderstands the true role of MDL 875, which is to deal with *pretrial* proceedings. The fact that MDL 875 was created to deal with pretrial proceedings is confirmed in the first sentence of 28 U.S.C. § 1407: "[W]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." Whenever plaintiff believes this case is ready for trial, he may fully avail himself of Rule 7.6 of the Multidistrict Litigation Rules, including Rule 7.6(b) which provides that if a case has not been terminated by the transferee district court, it "shall be remanded by the Panel to the transferor district for trial." Thus, to the extent plaintiff contends in his brief that transfer to MDL 875 is not proper because it would be unfair to force him to trial in the Eastern District of Pennsylvania, such fears are unwarranted because under Rule 7.6, plaintiff will likely have his day in court in the Middle District of Louisiana.

Finally, plaintiff's argument that the Panel should sever the third-party demands and

---

[3]     As established herein, plaintiff's brief relies upon arguments, contentions and purported distinctions that the Panel expressly rejected in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814. Nonetheless and for the sake of argument, it should also be noted that even if "unanimity of opposition to transfer by the parties to an action" was a relevant factor (which it is not), plaintiff failed to produce evidence of any other party to this action who opposes transfer to MDL 875.

7

consider only those demands for consolidated pretrial proceedings is not logical and must be rejected for several reasons. First, plaintiff cites no cases or Rules for the proposition, instead choosing to craft his argument around unsupported argument. Second, in his ruling of May 14, 2008, Magistrate Riedlinger specifically rejected plaintiff's similar request to sever. For these reasons, plaintiff's argument must be rejected.

Second, plaintiff's suggestion is contradicted by this Panel's decision in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814: "transfer of these actions is appropriate for reasons that we set out in our original decision in this docket **directing centralization** of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products." *Id.* at *1 (emphasis added). Obviously, retaining part of a case, yet sending another portion back to the transferor court is hardly a step towards centralization. In fact, it is contrary to the express purpose of MDL 875.

Finally, plaintiff's claim that the third-party demands are "distinct" from his main demand is incorrect. As BRMC and POLA previously stated in memoranda submitted to the Middle District of Louisiana, at least two third-party defendants, Safmarine and IDC, were parties that plaintiff tried to sue originally, but failed because he named the wrong corporate iterations as original defendants. Under all of these circumstances, the entire action must be transferred for further proceedings consistent with MDL 875.

**WHEREFORE**, defendants/third-party plaintiffs Baton Rouge Marine Contractors, Inc. and P & O Ports Louisiana, Inc. pray that plaintiff's Motion to Vacate be denied and for all other general and equitable relief to which they may be entitled and this Panel is

8

competent to grant.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 1 2008

FILED
CLERK'S OFFICE

Respectfully submitted,

PATRICK E. COSTELLO, TA        (#26619)
WILTON E. BLAND, III            (#3123)
JACQUES P. DeGRUY              (#29144)
MOULEDOUX, BLAND, LEGRAND
      & BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:   (504) 522-2121
*Attorneys for P&O Ports Louisiana, Inc. and
Baton Rouge Marine Contractors, Inc.*
H:\0800\07296 Landess (tort)\Pleadings\MDL\Opposition to P's Motion to Vacate.wpd

## CERTIFICATE OF SERVICE

I hereby certify that on the _____20th_____ day of _____May_____, 2008, that a copy of the

above and foregoing has been mailed, postage prepaid, this date to all known counsel or record:

| | |
|---|---|
| Norman C. Sullivan, Jr. | Jennifer M. Morris |
| George J. Nalley, Jr. | Robert H. Urann |
| Stephen W. Glusman | Philip C. Brickman |
| Charles W. Schmidt, III | John P. Sheridan |
| David M. Bienvenu, Jr. | Andy Weinstock |
| Darrel J. Papillion | See attached Panel Service List |

Patrick E. Costello

JUDICIAL PANEL
MULTIDISTRICT
LITIGATION
2008 MAY 21  A 10: 39
RECEIVED
CLERK'S OFFICE

**MDL Service List:**

Darrel J. Papillion
Moore, Walters, Thompson,
   Thomas, Papillion &
   Cullens
6513 Perkins Road
Baton Rouge, LA 70808

Stephen W. Glusman
Glusman, Broyles &
Glusman
P.O. Box 2711
Baton Rouge,LA 70821

Norman C. Sullivan, Jr.
Fowler Rodriguez
400 Poydras Street
30th Floor
New Orleans, LA 70130

George J. Nalley, Jr.
Nalley & Dew
2121 Ridgelake Drive
Suite 200
Metairie, LA 70001

David M. Bienvenu, Jr.
Taylor, Porter, Brooks
   & Phillips
P.O. Box 2471
Baton Rouge, LA 70821

Charles Schmidt
Christovich & Kearney
Pan American Life Center
601 Poydras Street
Suite 2300
New Orleans, LA 70130

Patrick E. Costello
Mouledoux, Bland, Legrand
   & Brackett
701 Poydras Street
Suite 4250
New Orleans, LA 70139

Marion J. Bergeron
664 Belle River Road
Pierre Part, LA 70339

David M. Bienvenu, Jr.
Taylor, Porter, Brooks
   & Phillips, LLP
451 Florida Street
P.O. Box 2471
Baton Rouge, LA 70821

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Wilton E. Bland, III
Mouledoux, Bland,
   Legrand & Brackett
701 Poydras St., Ste. 4250
New Orleans, LA 70139

Harold J. Bourque
209 Palm Street
Port Allen, LA 70767

Philip C. Brickman
Fowler, Rodriguez &
   Chalos
400 Poydras Street
30th Floor
New Orleans, LA 70130

Edward J. Cass
Gallagher Sharp Fulton
   & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001

David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Jacques P. DeGruy
Mouledoux, Bland, Legrand
   & Brackett
701 Poydras Street
Suite 4250
New Orleans, LA 70139

Raymond P. Forceno
Forceno Goggin & Keller
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Margaret M. Joffe
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Va 23219

Arthur Leith
McGlinchey Stafford, PLC
643 Magazine Street
New Orleans, LA 70139

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Jennifer Morris
Duplass, Zwain, Bourgeois,
  Morton, Pfister &
  Weinstock
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 7002

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

Kenan S. Rand, Jr.
Plauche, Maselli &
  Parkerson
701 Poydras Street
Suite 3800
New Orleans, LA 700139

John J. Repcheck
Marks O'Neill O'Brien &
Courtney, PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

Antonio J. Rodriguez
Fowler Rodriguez Chalos
400 Poydras Street, 30th Flr.
New Orleans, LA 70130

John D. Roven
Roven-Kaplan LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys Sater Seymour &
Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman Breitmen & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

John P. Sheridan
Gleason, Marrinan &
  Mazzola Mardon
26 Broadway, 17th Floor
New York, NY 10004

Robert N. Spinelli
Kelly Jasons McGuire &
Spinelli, LLP
Cenrtre Square West
15th Floor
Philadelphia, PA 19102

Robert Swickle
Jaques Admiralty Law
  Firm, PC
The Maritime Asbestosis
  Legal Clinic
1370 Penobscot Building
645 Griswold Street
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Edward J. Walters, Jr.
Moore Walters Thompson
  Thomas, et al.
6513 Perkins Road
Baton Rouge, LA 70808-
4259

Andy Weinstock
Duplass, Zwain, Bourgeois,
  Morton, Pfister &
  Weinstock
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Boulevard
Suite 335
Covington, LA 70433

11

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 21 2008

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GEORGE LANDESS

CIVIL ACTION

VERSUS

NUMBER 08-81-JJB-SCR

BATON ROUGE MARINE CONTRACTORS,
INC.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 14, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE



EXHIBIT
A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE LANDESS

                CIVIL ACTION

VERSUS

                NUMBER 08-81-JJB-SCR

BATON ROUGE MARINE CONTRACTORS,
INC.

## MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiff's Motion to Remand or Alternatively Motion to Sever Third Party Demand From Main Demand and Remand Main Demand filed by plaintiff George Landess. Record document number 4. The motion is opposed.[1]

### Background

Plaintiff[2] filed suit in state court against defendants Baton Rouge Marine Contractors, Inc. (hereafter BRMC), and The Greater Baton Rouge Port Commission. Plaintiff later added defendants Sonny Bergeron and Harold Bourque, as executive officers of BRMC, and The Dow Chemical Company. Plaintiff sought to recover damages

---

[1] Record document numbers 6, 7, and 8, opposition memoranda filed by Industrial Development Corporation of South Africa Limited, SSA Gulf, Inc. and Baton Rouge Marine Contractors, Inc., and P & O Ports Louisiana, Inc., respectively. Plaintiff filed two replies. Record document numbers 11 and 17. Industrial Development Corporation of South Africa Limited filed a sur-reply. Record document number 16.

[2] The Second Supplemental and Amending Petition for Damages indicates that Cheryl Landess is also a plaintiff. For the purpose of this report, George Landess is referred to as the plaintiff.

resulting from his exposure to asbestos while working as a longshoreman in the early 1960's and later for Dow. As to defendant BRMC, the plaintiff alleged that when he was working for defendant BRMC he inspected sacks of raw asbestos in warehouses and transit sheds owned and maintained by defendant The Greater Baton Rouge Port Commission.

Defendant BRMC filed a third party demand against South African Marine Corporation Limited, Industrial Development Corporation of South Africa Limited, SSA Gulf, Inc., Rogers Terminal and Shipping Corporation, and Cargo Carriers, Inc., seeking indemnity and/or contribution in the event that BRMC is found liable for the plaintiff's injuries. Industrial Development Corporation of South Africa Limited (IDC) filed a notice of removal asserting jurisdiction under the Foreign Sovereign Immunities Act (FSIA), and specifically 28 U.S.C. § 1330.

Plaintiff moved to remand the entire case to state court, or alternatively to sever and remand the principal demand. In support of remanding the entire case, the plaintiff argued that IDC failed to file its notice of removal within the time allowed by 28 U.S.C. § 1446(b) and to secure the consent of all third party defendants as required under § 1446(a). Plaintiff also argued that IDC failed to sufficiently allege its status as a political subdivision, agency or instrumentality of a foreign state for purposes of removal under § 1330. If the Court rejects this argument, then the

3

plaintiff argued that IDC is not entitled to immunity under the FSIA because it falls under the commercial activity exception to immunity.

Plaintiff argued further that if jurisdiction under § 1330 is proper, the main demand should be severed from the third party demand and remanded to state court. Plaintiff argued that severance is discretionary and is appropriate in this case. Plaintiff asserted that if the main demand remained in federal court, the case could be transferred to multi-district asbestos litigation pending in the Eastern District of Pennsylvania, which would take the action away from where it arose.

Plaintiff also asserted that because defendant The Greater Baton Rouge Port Commission is a political subdivision of the State of Louisiana it is immune from suit in federal court under the 11th Amendment, and therefore this court cannot exercise jurisdiction over the Commission.

### Applicable Law

The party removing the case bears the burden of establishing federal jurisdiction over the state court suit. *Frank v. Bear Stearns & Company*, 128 F.3d 919, 921-22 (5th Cir. 1997). Pursuant to § 1330, the federal district courts are vested with original jurisdiction of civil actions against a foreign state as defined in § 1603(a). Section 1603 provides in pertinent part:

> (a) A "foreign state", . . . includes a political

4

subdivision of a foreign state or an agency or
instrumentality of a foreign state as defined in
subsection (b).

(b) An "agency or instrumentality of a foreign state"
means any entity-

(1) which is a separate legal person, corporate or
otherwise, and

(2) which is an organ of a foreign state or
political subdivision thereof, or a majority of whose
shares or other ownership interest is owned by a foreign
state or political subdivision thereof, and

(3) which is neither a citizen of a State of the
United States ..., nor created under the laws of any
third country.

Foreign states are given clear authority to remove a state
court action to federal court under § 1441(d). Under this statute
a foreign sovereign may remove an action without obtaining consent
of its co-defendants. *Acosta v. Master Maintenance and Const.,
Inc.*, 52 F.Supp.2d 699, 708 (M.D. La. 1999). Section 1441(d) also
allows for an expansion of the removal time limitations if "cause"
is shown. *Tennessee Gas Pipeline Co. v. Continental Cas. Co.*, 814
F.Supp. 1302, 1305 (M.D. La. 1993).

## Analysis

Third party defendant IDC has met its burden of establishing
that removal of the entire case is proper under § 1330.
Plaintiff's argument that the notice of removal insufficiently
established IDC's status as a foreign state is without merit.
Section 1446(a) only requires that the notice of removal contain "a

5

short and plain statement of the grounds for removal." Third party defendant IDC generally alleged that it is a political subdivision, agency or instrumentality of a foreign state. This is satisfactory under § 1446(a). The evidence to support the ground for removal may be provided later.

Of the three requirements to establish IDC's foreign state status under § 1603(a), the plaintiff only challenge the second, i.e. that it "is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof."[3]  To establish it's status, IDC submitted South Africa's Industrial Development Corporation Act No. 22 of 1940, which states that IDC is a state-owned financial institution whose shares are owned by the government of South Africa.[4] Plaintiff argued that IDC's structure as described in the Act may not be current. However, this argument is not supported by any facts or information contrary to IDC's submission. Nor does the

---

[3] Section 1603(b)(2).

[4] Record document number 6, IDC opposition memorandum, exhibit C, March 26, 2008 Declaration of Nonandi Diko and attached Act. The Act was submitted with updated amendments as recent as 2001. IDC also identified a current website which also confirms that its shares are currently owned, and have always been held, by the South African government. See also record document number 16, IDC sur-reply memorandum, exhibit 3, April 14, 2008 Declaration of Nonandi Diko. Plaintiff noted that the declaration was not notarized. However, notarization is not required for a declaration under oath pursuant to 28 U.S.C. § 1746.

6

plaintiff's reference to South Africa's historical changes provide a reason to call into question the current status of the Act, particularly in light of the fact that nothing in the record indicates that any corporate shares of IDC are not owned by the South African Government.  Therefore, IDC has established that it qualifies as a foreign state under § 1603(a) and (b).

Because IDC has established that it is a foreign state as defined under § 1603(a), the entire state court action may be removed pursuant to § 1441(d).  Under this subsection, the time limit for removal may be "enlarged at any time for cause shown." While the removing foreign state is not required to establish "good" cause, the court when deciding whether to expand the delay should take into consideration "the purpose of the removal statute, the extent of prior activity in the state system, the prejudice to both parties, the effect on the substantive rights of the parties and any intervening equities."[5]  "[T]he period of enlargement is left to the discretion of the trial court who must balance Congress' express preference for allowing foreign states to proceed in federal court while being mindful of the role of state courts in our federal system and the policy of construing the removal statutes strictly and in favor of remand to state court."[6]  "The greatest weight, considering this Court's respect for federalism,

---

[5] *Steward v. Garrett*, 935 F.Supp. 849, 854 (E.D. La., 1996).
[6] *Id.*

7

is given to the extent the case has progressed in state court prior to removal by the foreign state."[7]

In its memorandum, IDC asserted that its delay in filing was due to the fact that it required additional time to investigate the claim and determine whether service was properly perfected on it. This Court has previously found that a similar explanation is sufficient for purposes of demonstrating cause.[8]  Because only a one-day extension is being sought, the plaintiff cannot show that a considerable amount of progress occurred in the state court between the expiration of the 30-day removal time limit imposed by § 1446(b) and the date IDC filed its notice of removal.  Nor has the plaintiff shown that he would be prejudiced by the one-day extension.    Therefore, this case was timely removed to federal court.

With respect to the requirement of consent in removing actions involving the FSIA, the Fifth Circuit has held that a foreign state's right to remove any action in which it is a defendant means that a foreign state is not required to obtain consent to the removal from its co-defendants.[9]  Because this action is removed

---

[7] *Id.*

[8] *Tennessee Gas Pipeline Co.*, 814 F.Supp. at 1305.

[9] *Acosta, supra, citing, Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1375-76 (5th Cir. 1980); *see also, Nolan v. Boeing Co.*, 919 F.2d 1058, 1065 (5th Cir. 1990), *cert. denied*, 499 U.S. 962, 111 S.Ct. 1587 (1991).

8

under § 1441(d), the lack of consent from the defendants and the other third party defendants is inconsequential.

The final issue to be decided is whether the third party demand should be severed and the principal action remanded to state court.[10]   A review of the record and the applicable case law supports keeping the entire action in federal court.   The Fifth Circuit's holdings in *Delgado v. Shell Oil Company*[11] and *Nolan v.*

---

[10] Three other arguments made by the plaintiff warrant only a brief mention. Plaintiff's Eleventh Amendment immunity argument does not need to be addressed to decide his motion to remand. Plaintiff has not shown that he can assert an Eleventh Amendment immunity defense for The Greater Baton Rouge Port Commission when the Commission itself has not. *See*, *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 839, 118 S.Ct. 2047, 2052 (1998)("The Eleventh Amendment, however, does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense. ... Unless the State raises the matter, a court can ignore it."(internal citations omitted)). Even in the Status Report filed recently, record document number 18, the Commission did not identify Eleventh Amendment immunity as a legal issue in dispute.
Plaintiff also argued in his motion that the FSIA unconstitutionally deprives him of his Seventh Amendment right to a jury trial. Plaintiff offered no authority for this argument in his supporting memorandum. Lastly, the plaintiff argued that IDC's activities fall within the "commercial activity" exception to FSIA immunity.   It is improper to decide whether IDC can establish immunity under the FSIA on a motion to remand.   More importantly, if IDC properly removed the case, then it is entitled to have a federal court decide the immunity issue as well as the merits of the third party claim against it.   *See, Arango*, 621 F.2d at 1377, n. 6.

[11] 231 F.3d 165, 182 (5th Cir. 2000), *cert. denied*, 532 U.S. 972, 121 S.Ct. 1603 (2001).

9

*Boeing Company*[12] clearly support the conclusion that removal of the entire action involving a foreign state subject to the FSIA is favored, if not mandatory.[13] As in *Delgado*, it is unnecessary to determine a district court's discretionary authority to sever and remand a plaintiff's claims when the case is removed under the FSIA.[14]

In this case, the allegations in the third party demand are substantially intertwined with the facts alleged and claims asserted in the principal action.  Third party plaintiff BRMC alleged that the third party defendants committed acts which directly contributed to the plaintiff's damages.  Given these allegations, the better course is for the federal court to maintain this action as a whole even if it has discretion to remand the claims in the plaintiff's main demand.

### Recommendation

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand or Alternatively Motion to Sever Third Party Demand from Main Demand and Remand Main Demand filed by

---

[12] *Nolan*, *supra*.

[13] *See*, *In re Surinam Airways Holding Co.*, 974 F.2d 1255, 1260 (11th Cir. 1992) (district court has no discretion to remand a plaintiff's claims when a FSIA third-party defendant has removed the third-party and primary claims to federal court).

[14] *Delgado*, *supra*, *citing*, *In re Surinam Airways Holding Co.*, *supra*.

10

plaintiff George Landness be denied.

Baton Rouge, Louisiana, May 14, 2008.

Stephen C. Riedlinger

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

11

Westlaw.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.)
(Cite as: --- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.))

Page 1

**H**In re Asbestos Products Liability Litigation (No. VI)
U.S.Jud.Pan.Mult.Lit.,2008.
  Only the Westlaw citation is currently available.In re
ASBESTOS PRODUCTS LIABILITY LITIGATION
(NO. VI).
**MDL No. 875.**

April 8, 2008.

**Background:** Plaintiffs in five actions, pending in four
districts, moved to vacate portions of prior orders
conditionally transferring their actions to the Eastern
District of Pennsylvania for inclusion in coordinated or
consolidated pretrial proceedings in actions involving
allegations of personal injury or wrongful death caused by
asbestos or asbestos containing products.

**Holding:** The Judicial Panel on Multidistrict Litigation,
D. Lowell Jensen, Acting Chairman, held that transfers
were warranted.
Transfers ordered.

**Federal Courts 170B** ⟲**152.5**

170B Federal Courts
  170BII Venue
    170BII(B) Change of Venue
      170BII(B)5 Multi-District Litigation; Transfer
for Pre-Trial Proceedings
        170Bk152 Particular Transferable Cases
          170Bk152.5 k. In General. Most Cited
Cases
Transfer of five actions, pending in four districts, to the
Eastern District of Pennsylvania for inclusion in
coordinated or consolidated pretrial proceedings in actions

involving allegations of personal injury or wrongful death
caused by asbestos or asbestos containing products, was
warranted; actions involved questions of fact in common
with the previously-transferred actions, and transfer would
serve the convenience of the parties and witnesses and
promote the just and efficient conduct of the litigation. 28
U.S.C.A. § 1407.

Before D. LOWELL JENSEN ActingChairman,JOHN G.
HEYBURN II, Chairman[FN*], ROBERT L. MILLER, JR.,
DAVID R. HANSEN, J. FREDERICK MOTZ
*KATHRYN H. VRATIL and ANTHONY J. SCIRICA *,
Judges of the Panel.

**TRANSFER ORDER**

D. LOWELL JENSEN, Acting Chairman.
**\*1Before the entire Panel *:** Plaintiffs in five actions
listed on Schedule A and pending in the District of
Connecticut, Northern District of Illinois, District of
Maryland (two actions), and District of New Jersey,
respectively, [FN1] have moved, pursuant to Rule 7.4,
R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate
the respective portions of our orders conditionally
transferring the actions to the Eastern District of
Pennsylvania for inclusion in MDL No. 875.Responding
defendants [FN2] oppose the motions to vacate.

After considering all argument of counsel, we find that
these actions involve common questions of fact in
actions in this litigation previously transferred to the
Eastern District of Pennsylvania, and that transfer of these
actions to the Eastern District of Pennsylvania for
inclusion in MDL No. 875 will serve the convenience of
the parties and witnesses and promote the just and
efficient conduct of the litigation. We further find that
transfer of these actions is appropriate for reasons that we

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT
*B*

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.)
(Cite as: --- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.))

set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. See *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L.1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.<sup>FN2</sup>We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of March 31, 2008, (1) over 76,450 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See*Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

**\*2** IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

#### SCHEDULE A

*District of Connecticut*

*Laura Contois, etc. v. Able Industries, Inc., et al.,* C.A. No. 3:07-1328

*Northern District of Illinois*

*Mary Ellen Harris, etc. v. Rapid-American Corp., et al.,* C.A. No. 1:07-6055

*District of Maryland*

*Michael J. McCurdy, et al. v. John Crane-Houdaille, Inc., et al.,* C.A. No. 1:07-2681*Dorothy Boyd, etc. v. MCIC, Inc., et al.,* C.A. No. 1:07-3311

*District of New Jersey*

*Ruth Shamir, etc. v. Agilent Technologies, Inc., et al.,* C.A. No. 2:07-4185

> FN\* Judges Heyburn and Scirica took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut *Contois,* Northern District of Illinois *Harris,* and District of Maryland *Boyd* and *McCurdy* actions.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.)
(Cite as: --- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.))

FN1. Plaintiffs in a sixth action that was pending in the Southern District of Illinois, *Sether, et al. v. AGCO Corp., et al.,* C.A. No. 3:07-809, also moved to vacate the respective portion of our order conditionally transferring that action to MDL No. 875.Although we considered that motion at our March 2008 hearing session, we have since been informed that *Sether* has been remanded to Illinois state court. Accordingly, the issue of Section 1407 transfer with respect to *Sether* is moot.

FN2. General Electric Co. and Buffalo Pumps, Inc. (in the District of Connecticut action); Viad Corp. (in the Northern District of Illinois action); Garlock Sealing Technologies, LLC, and Greene, Tweed & Co. (in the District of Maryland *McCurdy* action); and Agilent Technologies, Inc., and Hewlett-Packard Co. (in the District of New Jersey action).

FN3. We have also previously rejected the contention, which is again raised by plaintiff in the District of Connecticut *Contois* action here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." *In re Asbestos Products Liability Litigation (No. VI),* 170 F.Supp.2d 1348, 1349 (J.P.M.L.2001).

U.S.Jud.Pan.Mult.Lit.,2008.
In re Asbestos Products Liability Litigation (No. VI)
--- F.Supp.2d ----, 2008 WL 1214814 (U.S.Jud.Pan.Mult.Lit.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.