**MDL 875**

ROGER L. GORDON, Esq., State Bar No. 53626
VINCENT VALLIN BENNETT, Esq., State Bar No. 153861
NOAH GREEN, Esq., State Bar No. 218643
GORDON, EDELSTEIN, KREPACK,
GRANT, FELTON & GOLDSTEIN
3580 Wilshire Boulevard, Suite 1800
Los Angeles, California 90010
(213) 739-7000

Attorneys for Plaintiffs
LOUIS TED KOVARY, et al.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 27 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL

ON

MULTIDISTRICT LITIGATION

| | |
|---|---|
| LOUIS TED KOVARY, et al.      ) <br>          Plaintiff(s),      ) <br>      ) <br> vs.      ) <br>      ) <br> HONEYWELL INTERNATIONAL, INC., et ) <br> al.      ) <br>      ) <br>          Defendant(s).      ) <br>      ) <br>      ) <br>      ) <br>      ) <br>      ) <br>      ) <br>      ) | RE: MDL No. 875 – IN RE: <br> Asbestos Products Liability Litigation <br> (No.VI) <br><br> PLAINTIFFS' NOTICE OF MOTION AND <br> MOTION TO VACATE CONDITIONAL <br> TRANSFER ORDER [CTO-307]; <br> EXHIBITS; DECLARATION OF ROGER <br> L. GORDON; CERTIFICATE OF SERVICE <br><br> [FILED CONCURRENTLY WITH <br> PLAINTIFFS' BRIEF IN SUPPORT OF <br> MOTION TO VACATE CONDITIONAL <br> TRANSFER ORDER] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLAINTIFFS, LOUIS TED KOVARY and MARIA KOVARY, pursuant to Panel Rule 7.4(d)

respectively moves this panel to vacate its conditional transfer order of April 25, 2008 in regard

to Louis Ted Kovary, et al v. Honeywell International, Inc., et al, Case No. CV-08-2172-GW

**OFFICIAL FILE COPY**

1

PLEADING NO. 5462

1

2

(CWx), United States District Court for the Central District of California on the basis that said

transfer is inappropriate in this case for the reasons set forth in the concurrently filed Brief.

3

4

Wherefore, plaintiffs request that the panel grant their motion to vacate the conditional

transfer order and remand the above referenced case to the United States District Court for the

5

6

Central District of California, where plaintiffs' motion to remand to State court is based upon

7

non-diversity of the parties is pending.

8

9

DATED: May 23, 2008                              GORDON, EDELSTEIN, KREPACK,

10                                               GRANT, FELTON & GOLDSTEIN

11

12                                               By: _Roger L. Gordon_

13                                               ROGER L. GORDON

                                                 VINCENT VALLIN BENNETT

14                                               NOAH GREEN

                                                 Attorneys for Plaintiffs

15                                               LOUIS TED KOVARY and

                                                 MARIA KOVARY

16

17

18

19

20

21

22

23

24

25

26

27

28

2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 27 2008

FILED
CLERK'S OFFICE

MDL No. 875

In Re: Asbestos Products Liability Litigation (No. VI)

Louis Ted Kovary, et al. vs. Honeywell International, Inc., et al.,

Case No. CV-08-2172-GW(CWx)

**CERTIFICATE OF SERVICE**

I hereby certify that Plaintiffs' Notice of Motion and Motion to Vacate

Conditional Transfer Order [CTO-307]; Exhibits; Declaration of Roger L. Gordon

served by overnight mail to the Clerk of the Panel on May 23, 2008 and served by

First Class Mail on May 23, 2008 upon all counsel on the involve counsel list

attached to this Certificate of Service.

DATED: May 23, 2008                    GORDON, EDELSTEIN, KREPACK,
                                       GRANT, FELTON & GOLDSTEIN


                                       By: _____
                                       ROGER L. GORDON
                                       VINCENT VALLIN BENNETT
                                       NOAH GREEN
                                       Attorneys for Plaintiffs
                                       LOUIS TED KOVARY and
                                       MARIA KOVARY

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-307)

Louis Ted Kovary, et al. v. Honeywell International, Inc., et al., C.D. California,
C.A. No. 2:08-2172

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Robert D. Daniels
MANNING LEAVER BRUDER
& BERBERICH
570 Wilshire Boulevard, Suite 655
Los Angeles, CA 90036-3637

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Roger L. Gordon
GORDON EDELSTEIN KREPACK, et al.
3580 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Benjamin E. Soffer
PERKINS COIE LLP
South Tower
1620 26th Street, 6th Floor
Santa Monica, CA 90404-4013

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY
LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis
Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Craig L. Winterman
HERZFELD & RUBIN LLP
1925 Century Park East
Los Angeles, CA 90067

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 27 2008

FILED
CLERK'S OFFICE

1  ROGER L. GORDON, Esq., State Bar No. 53626
2  VINCENT VALLIN BENNETT, Esq., State Bar No. 153861
   NOAH GREEN, Esq., State Bar No. 218643
3  GORDON, EDELSTEIN, KREPACK,
   GRANT, FELTON & GOLDSTEIN
4  3580 Wilshire Boulevard, Suite 1800
   Los Angeles, California 90010
5  (213) 739-7000

6  Attorneys for Plaintiffs
7  LOUIS TED KOVARY, et al.

8
                    UNITED STATES JUDICIAL PANEL
9
                                  ON
10
                    MULTIDISTRICT LITIGATION
11

12
13  LOUIS TED KOVARY, et al.          )    RE: MDL No. 875 – IN RE:
                                      )    Asbestos Products Liability Litigation
14              Plaintiff(s),         )    (No.VI)
                                      )
15  vs.                               )
                                      )    PLAINTIFFS' BRIEF IN SUPPORT OF
16  HONEYWELL INTERNATIONAL, INC., et )    MOTION TO VACATE CONDITIONAL
17  al.                               )    TRANSFER ORDER [CTO-307]
                                      )
18              Defendant(s).         )
                                      )
19                                    )
                                      )
20  _____)

21      **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL**

22                        **TRANSFER ORDER**

23          Plaintiffs, Louis Kovary and Maria Kovary, submit this Brief in support of their motion

24  to vacate the conditional transfer order (hereinafter "CTO"), pursuant to the Rules of Procedure

25  of the Judicial Panel on Multidistrict Litigation, Rule 7.4(d).  Plaintiffs request that the panel

26  vacate its CTO and remand the above referenced case to United States District Court for the

27  Central District of California.

28

                                      1

# I.

## STATEMENT OF RELEVANT FACTS

This is a products liability action filed by plaintiffs, Louis Ted Kovary and his wife, Maria Kovary against defendants for injuries and damages sustained by plaintiffs as a result of plaintiff, Louis Ted Kovary's exposure to defendants' asbestos containing products, including Bendix brakes and other friction materials. As a result of Mr. Kovary's exposure to asbestos and asbestos containing materials designed, manufactured and/or sold by defendants, he has developed severe and debilitating injuries, including mesothioloma.

This action was originally filed in Los Angeles Superior Court, Case No. BC384176 on January 23, 2008. The case was assigned to Judge Michael Solner. (Declaration of Roger L. Gordon)

On April 2, 2008, defendant Volkswagen Group of America, Inc. (formerly known as Volkswagen of America, Inc.) served a notice of removal of civil action based on diversity jurisdiction, alleging that no named defendant in plaintiffs' complaint that had appeared was a California corporation or citizen. (Declaration of Roger L. Gordon)

Accordingly, defendant sought removal of this action based upon diversity jurisdiction. However, subsequent to this action's removal to the Federal District Court, plaintiffs' counsel was contacted by counsel for defendant, Robert Smith Volkswagen who informed plaintiff's counsel that Robert Smith Volkswagen no longer existed, but during the relevant times of plaintiff's allegations, it was a dba for its corporate parent, Robert A. Smith, Inc., a California corporation, and therefore a citizen of California. Counsel for Robert Smith Volkswagen has since provided a signed Declaration by the President of Robert A. Smith, Inc. attesting to the fact that Robert A. Smith, Inc. has been a company formed and incorporated under the laws of the State of California since December 9, 1955 (Attached hereto as Exhibit "A" is a true and correct

2

copy of the Declaration of Timothy Smith, President of Robert A. Smith, Inc.). (Declaration of Roger L. Gordon)

Accordingly, plaintiffs were then able to identify the true nature and identity of this additional defendant, Robert A. Smith, Inc., who is a California corporation with its principal place of business in Ventura, California and which, may be shown to have contributed to the injuries and damages alleged by plaintiff. (Declaration of Roger L. Gordon)

Since discovery of this California corporation and/or citizen, plaintiffs have filed a motion with the Central District Court of California to both amend their complaint to substitute their true name and identities of this defendant and to remand the action back to the Los Angeles Superior Court based upon diversity of the parties (Attached hereto as Exhibit "B" is a true and correct copy of plaintiff's motion for leave to amend the complaint and to remand the action to Los Angeles Superior Court based upon non-diversity of the parties).

Plaintiffs filed their motion for leave to amend their complaint and remand their action back to the Los Angeles Superior Court on May 9, 2008 with the motion to be heard by the district court on June 9, 2008. With plaintiffs amendment of its original complaint to include a defendant who is a citizen of the State of California (Robert A. Smith, Inc.), diversity jurisdiction is destroyed, and it would be appropriate for the District Court to remand this action back to Los Angeles Superior Court based upon non-diversity of the parties. (Declaration of Roger L. Gordon)

///

///

///

///

///

3

**A.** **Since Diversity Of Citizenship Between The Parties Will No Longer Exist, The Action Can Be Remanded To State Court And Therefore Will Not Be An Action Pending In The District Court And Considered A "Tag-A-Long" Action**

28 U.S.C., Section 1447(e) gives the District Court authority to accomplish this result.  It states:

> "If after removal, plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, they may deny the joinder or permit joinder and remand the action to the State court."

Further, Rule 15 of the Federal Rules in Subsection (a) states:

> "A party may amend a party's pleading only by leave of court or by written consent of the adverse parties, and leave shall be freely given when justice so requires."  (Emphasis Added)

Accordingly, based upon plaintiffs clear showing as to the existence and joinder of an additional defendant in this action who is a California citizen and potentially responsible for contributing to plaintiff's injuries, and in view of the policy of the Federal District Court to freely give leave to amend a party's pleadings, it is reasonably anticipated that the United States District Court for Central District of California will permit amendment of plaintiffs' complaint and, accordingly remand this action back to State court based upon non-diversity of the parties. Since the action will not be pending in district court, it cannot be considered a "Tag-A-Long" action subject to transferred to MDL.

///

///

///

///

4

## II.

### <u>APART FROM A PROBABILITY THAT THIS ACTION WILL BE REMANDED BACK TO STATE COURT, TRANSFER AND CONSOLIDATION OF THIS ACTION IS NOT APPROPRIATE UNDER 28 U.S.C., SECTION 1407(A)</u>

Under 28, U.S.C., Section 1407(a), there are three statutory requisites for transfer and consolidation of cases into multidistrict litigation. First, the action to be transferred and consolidated must involve common issues of facts. Second, consolidation of the actions must benefit the convenience of the parties and witnesses. Third, consolidation must "promote a just and efficient conduct of the action."

However, the Jurisdictional Panel on Multidistrict Litigation has the authority to separate any claim, cross-claim, counter-claim or third-party claim from the others. In such a case, the panel may vacate its CTO when any party shows good cause for it to do so. <u>In Re Multidistrict Commodity Credit Corporation Litigation Involving Grain Shipments</u>, 319 Federal Supplement, 533, 534 (JPML 1970). A party shows good cause to vacate when the cases do not share sufficient questions of law or fact. <u>In Re Price State Water Rights Litigation</u> 481, Federal Supplement 2nd, 1351, 1353 (JPML 2007).

Here, apart from the reasonable probability that the District Court for the Central District of California will grant plaintiffs motion to remand this action back to the Los Angeles Superior Court, there are no common questions of fact that would support a decision to either transfer or consolidate this action into the Asbestos Multidistrict Litigation. First, the present case has fundamental unique issues of fact which are not relevant to the MDL cases. Plaintiff, Louis Ted Kovary's exposure to the asbestos containing products that has been alleged to have caused his mesothelioma, includes his exposure to these products in his capacity as an auto mechanic employed with certain named defendants, including Robert A. Smith, Inc. Unique to the MDL

5



cases, is plaintiff Louis Ted Kovary's allegation in his complaint that his <u>employer</u> was aware of the hazards of asbestos containing materials that he was using and that he was getting ill because of this exposure but nevertheless compelled him to continue working with these hazardous materials, thereby exacerbating his injuries. Ordinarily, an employee is prohibited from filing a civil action directly against his employer for injuries sustained during the course and scope of his employment, limiting the employee to a worker's compensation claim.

However, because of the allegations that Mr. Kovary's employer was aware of the hazards of asbestos but still allowed him to continue to be exposed and become further injured because of his exposure, California law allows an employee to circumvent the worker's compensation exclusivity rule and file a direct civil action against his employer. Mr. Kovary has done that in this case and certainly these unique facts and/or allegations will prompt a plan of discovery specific to Mr. Kovary's case that would prove to be of little or no benefit to the other parties in other MDL cases.

Accordingly, because of the uniqueness of Mr. Kovary's action, there would be no benefit to the convenience of the parties and witnesses and there would be no reasonable notion of the just and efficient conduct of the action. The majority of witnesses, including Mr. Kovary's former employers and co-employees as well as his treating physicians are residents of the State of California.

Further, as Mr. Kovary's medical condition is so grave that this matter must be expedited, the transfer and/or consolidation of his action with the MDL cases would certainly be an injustice to Mr. Kovary and his family as the potential resolution of his lawsuit would be dependent upon certain scheduling and phasing of litigation applicable to the MDL cases.

As the issues of facts are uncommon among Mr. Kovary's action and the MDL cases, there is no benefit to either transfer or consolidation. Mr. Kovary's action requires unique

6

discovery and legal analysis. Failure to vacate the CTO would certainly prejudice Mr. Kovary as well as those cases currently in MDL Litigation as the fundamental unique issues of fact in Mr. Kovary's action would require separate development.

## IV.

## CONCLUSION

Plaintiffs, Louis Ted Kovary and his wife Maria Kovary respectively submit that there exists sufficient cause for this panel to vacate its conditional transfer order. First, there is the reasonable probability that this action will be remanded by the District Court for the Central District of California back to State court based upon the non-diversity of the parties in this action, which was the sole criterion upon which the original State court action was removed to Federal Court.

Further, transfer and/or consolidation would serve none of the policies under 28 U.S.C., Section 1407 as Mr. Kovary's action presents unique questions of fact that will demand distinct discovery and resolutions of unique questions of law concerning worker's compensation exclusivity for example, that are not present in the MDL cases.

Accordingly, there would be no joint discoverable issues which would benefit the convenience of the parties or witnesses, and no improvement upon the economy of the judicial system would occur as a result of the transfer of this action.

///

///

///

///

///

///

7



1

2    Wherefore, plaintiffs Louis Ted Kovary and Maria Kovary respectfully pray that this

3    panel vacate its conditional transfer order and allow this matter to be remanded back to the

4    District Court for the Central District of California where a motion to remand back to State court

5    is currently pending.

6

7    DATED:  May 23, 2008                     GORDON, EDELSTEIN, KREPACK,
                                               GRANT, FELTON & GOLDSTEIN
8

9                                           By: _____
10                                              ROGER L. GORDON
11                                              VINCENT VALLIN BENNETT
                                               NOAH GREEN
12                                              Attorneys for Plaintiffs
                                               LOUIS TED KOVARY and
13                                              MARIA KOVARY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACTE CONDITIONAL TRANSFER ORDER



## DECLARATION OF ROGER L. GORDON

I, Roger L. Gordon, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts of the State of California.  I am a partner of the Law Firm of Gordon, Edelstein, Krepack, Grant, Felton and Goldstein, the attorneys of record for plaintiffs Louis Ted Kovary and Maria Kovary.  If called upon to testify, I could and would testify as to the foregoing facts of my own personal knowledge.

2.      This is a products liability action filed by plaintiffs, Louis Ted Kovary and his wife, Maria Kovary against defendants for injuries and damages sustained by plaintiffs as a result of plaintiff, Louis Ted Kovary's exposure to defendants' asbestos containing products, including Bendix brakes and other friction materials.  As a result of Mr. Kovary's exposure to asbestos and asbestos containing materials designed, manufactured and/or sold by defendants, he has developed severe and debilitating injuries, including mesothioloma.

3.      This action was originally filed in Los Angeles Superior Court, Case No. BC384176 on January 23, 2008.  The case was assigned to Judge Michael Solner.

4.      On April 2, 2008, defendant Volkswagen Group of America, Inc. (formerly known as Volkswagen of America, Inc.) served a notice of removal of civil action based on diversity jurisdiction, alleging that no named defendant in plaintiffs' complaint that had appeared was a California corporation or citizen.

5.      Accordingly, defendant sought removal of this action based upon diversity jurisdiction.  However, subsequent to this action's removal to the Federal District Court, plaintiffs' counsel was contacted by counsel for defendant, Robert Smith Volkswagen who informed plaintiff's counsel that Robert Smith Volkswagen no longer existed, but during the

9



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

relevant times of plaintiff's allegations, it was a dba for its corporate parent, Robert A. Smith, Inc., a California corporation, and therefore a citizen of California. Counsel for Robert Smith Volkswagen has since provided a signed Declaration by the President of Robert A. Smith, Inc. attesting to the fact that Robert A. Smith, Inc. has been a company formed and incorporated under the laws of the State of California since December 9, 1955 (Attached hereto as Exhibit "A" is a true and correct copy of the Declaration of Timothy Smith, President of Robert A. Smith, Inc.).

6. Accordingly, plaintiffs were then able to identify the true nature and identity of this additional defendant, Robert A. Smith, Inc., who is a California corporation with its principal place of business in Ventura, California and which, may be shown to have contributed to the injuries and damages alleged by plaintiff.

7. Since discovery of this California corporation and/or citizen, plaintiffs have filed a motion with the Central District Court of California to both amend their complaint to substitute their true name and identities of this defendant and to remand the action back to the Los Angeles Superior Court based upon diversity of the parties (Attached hereto as Exhibit "B" is a true and correct copy of plaintiff's motion for leave to amend the complaint and to remand the action to Los Angeles Superior Court based upon non-diversity of the parties).

8. Plaintiffs filed their motion for leave to amend their complaint and remand their action back to the Los Angeles Superior Court on May 9, 2008 with the motion to be heard by the district court on June 9, 2008. With plaintiffs amendment of its original complaint to include a defendant who is a citizen of the State of California (Robert A. Smith, Inc.), diversity jurisdiction is destroyed, and it would be appropriate for the District Court to remand this action back to Los Angeles Superior Court based upon non-diversity of the parties.

///

10

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3        Executed on May 23, 2008, at Los Angeles, California.

4

5

6                                    Roger L. Gordon
                                     Declarant
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACTE CONDITIONAL TRANSFER ORDER

MDL No. 875

In Re: Asbestos Products Liability Litigation (No. VI)

Louis Ted Kovary, et al. vs. Honeywell International, Inc., et al.,

Case No. CV-08-2172-GW(CWx)

**CERTIFICATE OF SERVICE**

I hereby certify that Plaintiffs' Brief in Support of Motion to Vacate

Conditional Transfer Order [CTO-307] served by overnight mail to the Clerk of the

Panel on May 23, 2008 and served by First Class Mail on May 23, 2008 upon all

counsel on the involve counsel list attached to this Certificate of Service.

DATED: May 23 , 2008                GORDON, EDELSTEIN, KREPACK,
                                    GRANT, FELTON & GOLDSTEIN


                                    By: _____
                                        ROGER L. GORDON
                                        VINCENT VALLIN BENNETT
                                        NOAH GREEN
                                        Attorneys for Plaintiffs
                                        LOUIS TED KOVARY and
                                        MARIA KOVARY

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                        MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-307)

Louis Ted Kovary, et al. v. Honeywell International, Inc., et al., C.D. California,
C.A. No. 2:08-2172

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Robert D. Daniels
MANNING LEAVER BRUDER
& BERBERICH
570 Wilshire Boulevard, Suite 655
Los Angeles, CA 90036-3637

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Roger L. Gordon
GORDON EDELSTEIN KREPACK, et al.
3580 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Benjamin E. Soffer
PERKINS COIE LLP
South Tower
1620 26th Street, 6th Floor
Santa Monica, CA 90404-4013

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY
LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis
Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Craig L. Winterman
HERZFELD & RUBIN LLP
1925 Century Park East
Los Angeles, CA 90067

*Exhibit A*

Robert D. Daniels, Esq. SBN 085252
rdaniels@manningleaver.com
Christian J. Scali, Esq. SBN 193785
cscali@manningleaver.com
Members of MANNING, LEAVER,
BRUDER & BERBERICH
5750 Wilshire Boulevard, Suite 655
Los Angeles, California 90036-3637

Tel. (323) 937-4730
Fax (323) 937-6727

Attorneys for Defendant, Robert A. Smith,
Inc. dba Bob Smith Volkswagen (erroneously
sued as Bob Smith Volkswagen)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS TED KOVARY; MARIA KOVARY, | CASE NO. CV08-02172 GW (CWx) |
| Plaintiffs, | **DECLARATION OF TIMOTHY SMITH** |
| vs. | |
| HONEYWELL INTERNATIONAL, INC.; BENDIX; LUCAS INDUSTRIES; VOLKSWAGON OF AMERICA; BOB SMITH VOLKSWAGEN and DOES 1 THROUGH 100 | |
| Defendants. | |
| BOB SMITH VOLSKWAGEN, | |
| Cross-claimant, | |
| vs. | |
| HONEYWELL INTERNATIONAL, INC.; BENDIX; LUCAS INDUSTRIES; VOLKSWAGEN OF AMERICA and ROES 1 THROUGH 100 | |
| Cross-defendants. | |

//

//

-1-

00251237

I, TIMOTHY SMITH, hereby declare as follows:

1. I am not a party to this action. I am over the age of eighteen years old. And I am a resident of the State of California, County of Los Angeles. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to the accuracy of these facts if called on to do so in a court of law.

2. I am (and have been for at least the last 20 years) the president of Robert A. Smith, Inc., a corporation duly organized under the laws of the State of California on December 9, 1955. Over the years, Robert A. Smith, Inc. has owned automobile franchises. When Robert A. Smith, Inc. obtained a new automobile franchise, it operated that franchise under a fictitious business name. Currently, Robert A. Smith operates a BMW franchise under the fictitious business name, Bob Smith BMW. When Robert A. Smith operated a Volkswagen franchise, it operated that franchise under the fictitious business name Bob Smith Volkswagen.

3. I declare under the penalty of perjury under the laws of the United States of America and the State of California that all of the foregoing is true and correct and that this declaration was executed in Carmel, California on May 23, 2008.

_____
Timothy Smith

-2-

**DECLARATION OF TIM SMITH**

00251237

**Exhibit B**

ROGER L. GORDON, Esq., State Bar No. 53626
VINCENT VALLIN BENNETT, Esq., State Bar No. 153861
NOAH GREEN, Esq., State Bar No. 218643
GORDON, EDELSTEIN, KREPACK,
GRANT, FELTON & GOLDSTEIN
3580 Wilshire Boulevard, Suite 1800
Los Angeles, California 90010
(213) 739-7000

Attorneys for Plaintiffs
LOUIS TED KOVARY, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIS TED KOVARY, et al. | ) | CASE NO: CV-08-2172-GW (CWx) |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | AMENDED NOTICE OF MOTION FOR ORDER PERMITTING AMENDMENT OF COMPLAINT AND REMANDING CASE TO STATE COURT; DECLARATION OF ROGER L. GORDON; [PROPOSED] ORDER |
| HONEYWELL INTERNATIONAL, INC., et al. | ) ) ) | |
| Defendant(s). | ) ) ) | |
| | ) ) | DATE: June 9, 2008 TIME: 8:30 a.m. DEPT.: 10 |

TO THE HONORABLE COURT AND TO ALL PARTIES AND TO THEIR

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 9, 2008 at 10:00 a.m., at the United States District

Court located at 312 N. Spring Street, Los Angeles , CA  90012, Courtroom 10, plaintiffs, Louis

Ted Kovary and Maria Kovary will move the court for an order permitting them to amend their

complaint by substituting Honeywell Consumer Products Group for fictitiously named defendant

Doe 1, by substituting TRW Conekt for fictitiously named defendant Doe 2, by substituting

Robert A. Smith, Inc. (a California Corporation), for fictitiously named defendant Doe 3, by

1

1  substituting Volkswagen Santa Monica, LLC, for fictitiously named defendant Doe 4, and

2  remanding the action back to Los Angeles Superior Court, Judge Michael Solner.

3      Said motion will be made on the grounds that in this products liability action (asbestos

4  exposure), plaintiffs have recently learned the identify of a <u>California corporation</u> that sold,

5  distributed and/or otherwise placed in the chain of commerce the subject defective asbestos

6  containing products, that plaintiff Louis Ted Kovary was exposed to and could be liable for

7  plaintiff's injuries.

8      Said motion will be brought pursuant to Rule 15(a) of the Federal Rules of Civil

9  Procedure and 28 U.S.C. 1447(e) (non-diversity jurisdiction). Said motion will be based on this

10 motion, the Declaration of Roger L. Gordon and the attached Memorandum of Points and

11 Authorities, all exhibits attached hereto, and on such other oral and/or documentary evidence as

12 may be introduced at the time of said hearing.

13 DATED: May 14, 2008            GORDON, EDELSTEIN, KREPACK,
                                      GRANT, FELTON & GOLDSTEIN

                              By: _____
                                ROGER L. GORDON
                                VINCENT VALLIN BENNETT
                                NOAH GREEN
                                Attorneys for Plaintiffs
                                LOUIS TED KOVARY and
                                MARIA KOVARY

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER PERMITTING AMENDMENT OF COMPLAINT AND REMANDING CASE TO STATE COURT**

I.

**STATEMENT OF RELEVANT FACTS**

This action for products liability is brought by plaintiffs, Louis Ted Kovary and his wife Maria Kovary for personal injuries sustained by plaintiffs as a result of Louis Ted Kovary's exposure to asbestos containing products manufactured, sold and otherwise distributed by the named defendants.  Plaintiffs allege in their complaint that during Louis Ted Kovary's employment with various auto repair facilities, he was exposed to asbestos containing products, including Bendix brakes and/or other friction materials or products manufactured by defendants. As a result of his exposure to these asbestos containing products, plaintiff Louis Ted Kovary has developed and is suffering from significant personal injuries, including mesothelioma, other lung disease and injuries. (Attached hereto as Exhibit "A" is a true and correct copy of plaintiffs' First Amended Complaint); Declaration of Roger L. Gordon.

The action was originally filed in Los Angeles Superior Court, Case No. BC384176 on January 23, 2008.  The case was assigned to Judge Michael Solner. (Declaration of Roger L. Gordon)

On April 2, 2008, defendant Volkswagen Group of America, Inc., formerly known as Volkswagen of America, Inc. served a Notice of Removal of Civil Action based on <u>diversity jurisdiction</u>, alleging that no named defendant in plaintiffs' complaint that had appeared was a California corporation.  Accordingly, defendant sought removal of this action based upon diversity jurisdiction.  However, subsequent to this action's removal to the Federal District Court, plaintiffs' counsel was contacted by counsel for defendant, Robert Smith Volkswagen

1

NOTICE OF MOTION PERMITTING  AMENDMENT TO COMPLAINT

who informed plaintiffs' counsel that Robert Smith Volkswagen no longer existed but it was during the relevant times of plaintiff's allegations, a business entity doing business as Robert Smith Volkswagen for its corporate parent, Robert A. Smith, Inc., a California corporation. (Exhibit "B") Accordingly, plaintiff was then able to identify the true nature and identity of this California corporation that may be shown to have contributed to the injuries and damages alleged by plaintiffs herein. . (Declaration of Roger L. Gordon)

Based thereon, plaintiffs request leave to amend the complaint to substitute Does 1-4, which includes Defendants Robert A. Smith, Inc., which is a California corporation, and accordingly remanding the action back to Los Angeles Superior Court based upon non-diversity of the parties.

## II.

## LEAVE TO AMEND SHALL BE FREELY GIVEN WHEN

## JUSTICE SO REQUIRES

Rule 15 of the Federal Rules of Civil Procedures states in subsection (a):

"(A)    party may amend a party's pleading only by leave of

court or by written consent of the adverse parties; and leave

shall be freely given when justice or so requires."

Justice requires that plaintiffs be required to amend their complaint to add various parties originally named as fictitiously named defendants in plaintiffs' original complaint, including Robert A. Smith, Inc., which is a California corporation and may bear responsibility for the injuries and damages sustained by plaintiffs herein.  It is in the interest of justice that the proper party defendants be pursued.

///

///

2

### III.

### BASED ON LACK OF DIVERSITY JURISDICTION, THE CASE SHOULD BE

### REMANDED TO LOS ANGELES SUPERIOR COURT

This action was removed by defendant Volkswagen Group of America, Inc., formerly known as Volkswagen of America, Inc., based on diversity jurisdiction under 28 U.S.C., Section 1441 and Section 1332. Plaintiffs are citizens of the State of California, and defendant Robert A. Smith, Inc., is a company incorporated under the laws of the State of California and has its principal place of business in the state of California. Defendants, Robert A. Smith, Inc. is thus a citizen of the State of California for purposes of diversity jurisdiction. As complete diversity of citizenship no longer would exist between the parties to this case, the case should be remanded.

28 U.S.C., Section 1447(e) gives the court authority to accomplish this result. It states:

> "If after removal, the plaintiff seeks to join additional defendants
> whose joinder would destroy subject matter jurisdiction, the court
> may deny joinder or permit joinder and remand the action to the
> state court."

### IV.

### THE EXISTING DEFENDANTS WILL NOT BE PREJUDICED IF THIS

### MOTION IS GRANTED

The defendants who have appeared and answered this action will suffer no prejudice if this motion is granted. As the purpose is to pursue those parties which may be liable for plaintiffs' injuries, possible liability of separate entities, defendants can claim no prejudice.

///

///

///

3

1        Wherefore, plaintiffs Louis Ted Kovary and his wife Maria Kovary respectfully request

2    that their motion be granted.

3    DATED: May 14, 2008                    GORDON, EDELSTEIN, KREPACK,
                                            GRANT, FELTON & GOLDSTEIN
4

5

6                                           By: _Roger L. Gordon_____
7                                               ROGER L. GORDON
                                                VINCENT VALLIN BENNETT
8                                               NOAH GREEN
                                                Attorneys for Plaintiffs
9                                               LOUIS TED KOVARY and
                                                MARIA KOVARY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            4

NOTICE OF MOTION PERMITTING  AMENDMENT TO COMPLAINT

## DECLARATION OF ROGER L. GORDON

I, Roger L. Gordon, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts of the State of California.  I am a partner of the Law Firm of Gordon, Edelstein, Krepack, Grant, Felton and Goldstein, the attorneys of record for plaintiffs Louis Ted Kovary and Maria Kovary.  If called upon to testify, I could and would testify as to the foregoing facts of my own personal knowledge.

2.      This action for products liability is brought by plaintiffs, Louis Ted Kovary and his wife Maria Kovary for personal injuries sustained by plaintiffs as a result of Louis Ted Kovary's exposure to asbestos containing products manufactured, sold and otherwise distributed by the named defendants.  Plaintiffs allege in their complaint that during Louis Ted Kovary's employment with various auto repair facilities, he was exposed to asbestos containing products, including Bendix brakes and/or other friction materials or products manufactured by defendants. As a result of his exposure to these asbestos containing products, plaintiff Louis Ted Kovary has developed and is suffering from significant personal injuries, including mesothelioma, other lung disease and injuries. (Attached hereto as Exhibit "A" is a true and correct copy of plaintiffs' First Amended Complaint)

3.      The action was originally filed in Los Angeles Superior Court, Case No. BC384176 on January 23, 2008.  The case was assigned to Judge Michael Solner.

4.      On April 2, 2008, defendant Volkswagen Group of America, Inc., formerly known as Volkswagen of America, Inc. served a Notice of Removal of Civil Action based on diversity jurisdiction, alleging that no named defendant in plaintiffs' complaint that had appeared was a California corporation.  Accordingly, defendant sought removal of this action based upon

5

1  diversity jurisdiction. However, subsequent to this action's removal to the Federal District

2  Court, plaintiffs' counsel was contacted by counsel for defendant, Robert Smith Volkswagen

3  who informed plaintiffs' counsel that Robert Smith Volkswagen no longer existed but it was

4  during the relevant times of plaintiff's allegations, a business entity doing business as Robert

5  Smith Volkswagen for its corporate parent, Robert A. Smith, Inc., a California corporation.

6  (Exhibit "B" is a true and correct copy of the California Secretary of State's listing of Robert A.

7  Smith, Inc., indicating that its corporate jurisdiction is California) Accordingly, plaintiff was then

8  able to identify the true nature and identity of this California corporation that may be shown to

9  have contributed to the injuries and damages alleged by plaintiffs herein.

10  5.      Based thereon, plaintiffs request leave to amend the complaint to substitute Does

11  1-4, which includes Defendants Robert A. Smith, Inc., which is a California corporation, and

12  accordingly remanding the action back to Los Angeles Superior Court based upon non-diversity

13  of the parties.

14  I declare under penalty of perjury under the laws of the State of California that the

15  foregoing is true and correct.

16  Executed on May  /4  , 2008, at Los Angeles, California.

17  

18  

19  

20  

21                                  Roger L. Gordon
                                    Declarant

22  

23  

24  

25  

26  

27  

28  

NOTICE OF MOTION PERMITTING AMENDMENT TO COMPLAINT

# EXHIBIT "A"

ROGER L. GORDON, Esq., State Bar No. 53626
VINCENT VALLIN BENNETT, Esq., State Bar No. 153861
NOAH GREEN, Esq., State Bar No. 218643
GORDON, EDELSTEIN, KREPACK,
GRANT, FELTON & GOLDSTEIN
3580 Wilshire Boulevard, Suite 1800
Los Angeles, California 90010
(213) 739-7000

Attorneys for Plaintiffs
LOUIS TED KOVARY, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS TED KOVARY, et al. | CASE NO: CV-08-2172-GW (CWx) |
| Plaintiff(s), | FIRST AMENDED COMPLAINT |
| vs. | 1.  Strict liability:<br> Manufacturing and Design Defect; |
| HONEYWELL INTERNATIONAL, INC., et al. | 2.  Strict Liability:<br> Failure to Warn; |
| Defendant(s). | 3.  Negligence;<br>4.  Loss of Consortium; |
| | [Demand for Jury Trial] |

COMES NOW Plaintiffs LOUIS TED KOVARY and MARIA KOVARY
(hereinafter "Plaintiffs") and for causes of action against the Defendants, and each of them,
allege as follows:

///

///

///

1
FIRST AMENDED COMPLAINT

## THE PARTIES AND GENERAL ALLEGATIONS

1.      Plaintiff, Louis Ted Kovary, is an individual and is now, and at all times relevant to this action, was a resident of the County of Los Angeles and the County of Ventura, State of California.

2.      Plaintiff, Maria Kovary, is an individual and is now, and at all times relevant to this action, was the wife of Louis Ted Kovary and a resident of the County of Los Angeles and the County of Ventura, State of California.

3.      Defendant , Honeywell International, Inc., (sued individually and as successor in interest to AlliedSignal, Inc., and as the parent corporation and successor in interest to the Bendix Corporation), is now, and at all times relevant to this action, was a corporation organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendant was and is authorized to do and is doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said defendant has regularly conducted  business in the County of Los Angeles , State of California.

4.      Defendant, Honeywell Consumer Products Group (herein named in this amended complaint and substituted in and in place of fictitiously named Doe Defendant No. 1, in plaintiffs' original complaint. Said defendant is sued herein individually and as the subsidiary and/or division of defendant Honeywell International, Inc.,) is now and at all times relevant to this action, was a corporation organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendant was and is authorized to do and is doing business in the State of California, or the laws of some

FIRST AMENDED COMPLAINT

other state or foreign jurisdiction, and that said defendant has regularly conducted business in the County of Los Angeles , State of California.

5.      Defendant, Bendix Corporation (sued individually and as successor in interest to Bendix-Westinghouse Automotive Air Brake Company, Allied Automotive, and as the subsidiary of Honeywell International, Inc., and/or as a division of Honeywell Consumer Products Group) is now, and at all times relevant to this action, was a corporation organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendant was and is authorized to do and is doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said defendant has regularly conducted business in the County of Los Angeles , State of California.

6.      Defendant, TRW Conekt (herein named in this amended complaint and substituted in and in the place of fictitiously named Doe Defendant No. 2, in plaintiffs' original complaint. Said defendant is sued individually and as successor in interest to TRW Automotive, Inc., which in turn was the successor in interest to Lucas Verity, Plc., which in turn was the successor in interest to Lucas Industries, Plc., which was the parent company of its subsidiary, Girling, Ltd., which under license, manufactured and sold Bendix Brakes and friction materials as well as Lucas clutch plates to the public, including plaintiff Louis Ted Kovary) is now, and at all times relevant to this action, was a corporation organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendant was and is authorized to do and is doing business

in the State of California, or the laws of some other state or foreign jurisdiction, and
that said defendant has regularly conducted business in the County of Los Angeles ,
State of California.

7.     Defendant, Volkswagen Group of America, Inc., (sued individually
and formerly known as, and as the successor in interest to Volkswagen of America,
Inc.) is now, and at all times relevant to this action, was a corporation organized and
existing under and by virtue of the laws of the State of California, or the laws of some
other state or foreign jurisdiction, and that said defendant was and is authorized to do
and is doing business in the State of California, or the laws of some other state or
foreign jurisdiction, and that said defendant has regularly conducted business in the
County of Los Angeles , State of California.

8.     Defendant, Robert A. Smith, Inc., (herein named in this amended
complaint and substituted in and in place of fictitiously named Doe Defendant No. 3,
in plaintiffs' original complaint. Said defendant is sued individually and in its
capacity as the parent company of its d/b/a Robert Smith Volkswagen) is now, and at
all times relevant to this action, was a corporation organized and existing under and
by virtue of the laws of the State of California, or the laws of some other state or
foreign jurisdiction, and that said defendant was and is authorized to do and is doing
business in the State of California, with its principal place of business located at
24500 Calabasas Road, Calabasas, CA 91302. Between 1966 to 1969, said
defendant was plaintiff Louis Ted Kovary's employer during which time plaintiff
worked as an auto mechanic in the auto repair department. During this time and
because of the proximity in which he worked, plaintiff Louis Ted Kovary was and

did suffer continuous exposure to asbestos and asbestos containing products,

including Bendix Brakes, pads, liners and/or other asbestos containing Bendix friction

materials as well as Lucas Industries clutches. During this same time period,

Defendant Robert A. Smith, Inc. and/or its d/b/a Robert Smith Volkswagen, was

aware and did know that asbestos and asbestos containing products were severely

harmful to the health, safety and welfare to those persons exposed to said asbestos

and/or asbestos containing products. Defendant further knew during this same time

period that certain products, including Bendix brakes and Bendix friction materials as

well as Lucas Industries clutches and/or other Lucas Industries products contained

asbestos as part of said products' design and/or manufacture and that said asbestos

containing products were being used, handled, assembled, manipulated, installed,

repaired, replaced, scraped, sanded, destroyed, broken apart, and/or stored at its place

of business, thereby knowingly exposing the public and its employees, including

plaintiff Louis Ted Kovary to asbestos and/or asbestos containing products. Despite

defendant's knowledge of the serious harmful health effects that asbestos and/or

asbestos containing products had on exposed persons, including plaintiff Louis Ted

Kovary and that Louis Ted Kovary was and did suffer from significant health effects

from exposure to asbestos and/or asbestos containing products at and during his

employment with defendant, Defendant Robert A. Smith, Inc., and/or its d/b/a Robert

Smith Volkswagen, disregarded the rights and safety of plaintiff Louis Ted Kovary

and concealed from plaintiff the true nature and extent of the health hazards and/or

dangerousness of exposure to asbestos and asbestos containing products and allowed

plaintiff to continue working in an environment in which he would continue to be

exposed to asbestos and asbestos containing products. Further, during this same time period, defendant sold, distributed and/or provided to plaintiff for his own personal use and application, asbestos containing products including Bendix brakes and/or other Bendix friction materials, resulting in further exposure to asbestos and asbestos containing products.

9.    Defendant, Volkswagen Santa Monica, LLC (herein named in this amended complaint and substituted in and in place of fictitiously named Doe Defendant No. 4, in plaintiffs' original complaint. Said defendant is sued herein individually and as the successor in interest to Volkswagen of Santa Monica, Inc.) is now, and at all times relevant to this action, was a corporation organized and existing under and by virtue of the laws of the State of California or the laws of some other state or foreign jurisdiction, with its principal place of business located at 2440 Santa Monica Blvd., Santa Monica, California 90404 Between approximately 1975 to 1998, said defendant was plaintiff Louis Ted Kovary's employer during which time plaintiff worked as a auto mechanic in the auto repair department. During this time and because of the proximity in which he worked, plaintiff Louis Ted Kovary was and did suffer continuous exposure to asbestos and asbestos containing products, including Bendix Brakes, pads, liners and/or other asbestos containing Bendix friction materials as well as Lucas Industries clutches. During this same time period, Defendant Volkswagen Santa Monica, LLC, was aware and did know that asbestos and asbestos containing products were severely harmful to the health, safety and welfare to those persons exposed to said asbestos and/or asbestos containing products. Defendant further knew during this same time period that certain products, including

Bendix brakes and Bendix friction materials as well as Lucas Industries clutches and/or other Lucas Industries products contained asbestos as part of said products' design and/or manufacture and that said asbestos containing products were being used, handled, assembled, manipulated, installed, repaired, replaced, scraped, sanded, destroyed, broken apart, and/or stored at its place of business, thereby knowingly exposing the public and its employees, including plaintiff Louis Ted Kovary to asbestos and/or asbestos containing products. Despite defendant's knowledge of the serious harmful health effects that asbestos and/or asbestos containing products had on exposed persons, including plaintiff Louis Ted Kovary and that Louis Ted Kovary was and did suffer from significant health effects from exposure to asbestos and/or asbestos containing products at and during his employment with defendant. Defendant Volkswagen Santa Monica, LLC, disregarded the rights and safety of plaintiff Louis Ted Kovary and concealed from plaintiff the true nature and extent of the health hazards and/or dangerousness of exposure to asbestos and asbestos containing products and allowed plaintiff to continue working in an environment in which he would continue to be exposed to asbestos and asbestos containing products. Further, during this same time period, defendant sold, distributed and/or provided to plaintiff for his own personal use and application, asbestos containing products including Bendix brakes and/or other Bendix friction materials, resulting in further exposure to asbestos and asbestos containing products.

10.    Plaintiffs are informed and believe, and based upon such information and belief allege, that defendants, and Does 5 through 100 inclusive, were individuals, corporations, partnerships, and/or unincorporated associations organized and existing under

7

and by virtue of the laws of the State of California, or the laws of some other state for foreign

jurisdiction, and that said defendants, and each of them, were and are authorized to do and

are doing business in the State of California, or the laws of some other state or foreign

jurisdiction, and that said defendants, and each of them, were and are authorized to do and

are doing business in the State of California, and that said defendants have regularly

conducted business in the County of Los Angeles, State of California.

11.     The true names and/or capacities, whether individual, corporate, associate,

governmental or otherwise, of defendants Does 5 through 100, inclusive, are unknown to

plaintiffs at this time, who therefore sues said defendants by such fictitious names.  When the

true names and capacities of said defendants have been ascertained, plaintiffs will amend this

complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each

defendant designated herein as a Doe is responsible, negligently or in some other actionable

manner, for the events and happenings hereinafter referred to, and caused injuries and

damages approximately thereby to the plaintiffs, as hereinafter alleged.

12.     At all times herein mentioned, each of the defendants was the agent, servant,

employee, and/or joint venture of his co-defendants, and each of them, and at all said times,

each defendant was acting in the full course and scope of said agency, service, employment

and/or joint venture.

13.     Plaintiffs disclaim any causes of action or recovery for any injuries caused by

any exposure to asbestos dust that occurred in a federal enclave.  Plaintiffs also disclaim any

cause of action or recovery for any injuries resulting from exposure to asbestos dust caused

by any acts or omissions of a defendant committed at the direction of an officer of the United

States Government.

FIRST AMENDED COMPLAINT

14.    Plaintiffs did not discover the tortious conduct until within the year last past as hereinabove alleged. Plaintiffs did not discover, nor through the exercise of reasonable diligence, could Plaintiffs have become aware of the tortious conduct of the Defendants, and each of them, in each cause of action herein contained due to the tortious conduct of Defendants herein, and each of them, as herein alleged, and due to the further representations of Defendants, and each of them, which continue to a time within one year of the filing of the Complaint, that plaintiff's work place was safe at all times and that the injuries suffered by plaintiffs were not, and are not, the result of health hazard found in Plaintiff's place of employment, and representation by Defendants, and each of them, that no such health hazards exist, or that health hazards are so limited in nature as to not present a risk of harm to the health of those persons who were employed in said workplace. Due to this concealment and/or misrepresentation, Plaintiffs did not discover, nor through the exercise of reasonable diligence, could Plaintiffs have discovered the true facts concerning the tortious conduct of Defendants, and each of them, until within one year of the filing of the Complaint. Plaintiffs did not discover, nor could they have discovered through the exercise of reasonable diligence, the cause of plaintiff's injuries until a time within one year prior to the filing of this action, and Plaintiffs were blamelessly ignorant in not discovering the existence of each cause of action herein contained until a time within the year prior to the filing of this action.

## FIRST CAUSE OF ACTION

### (Strict Liability: Manufacturing and Design Defect as to all

### Defendants and Does 5 through 100)

15.    Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 14 inclusive, as though fully set forth herein.

9

16.    At all times herein mentioned, each of the named defendants and Does 5 through 100 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and other products containing said substance.  Said entities shall hereinafter collectively be called "alternate entities".  Each of the herein named defendants is liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assigned, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owed entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, rebranded, manufactured for others and advertised a certain substance, the generic name of which is asbestos, and other products containing said asbestos.  The following Defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, and that there has been a virtual destruction of plaintiff's remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; defendants, and each of them, have caused the destruction of plaintiff's remedy against each such "alternate entity", each such defendant has the ability to assume the risk spreading role of each such "alternate entity"; and that each such defendant enjoys the goodwill originally attached to each such "alternate entity":

///

Honeywell International, Inc.:

    AlliedSignal, Inc.; Bendix Corporation; Bendix-
Westinghouse Automotive Air Brake Company;
Allied Automotive

TRW Conekt:

    TRW Automotive, Inc.; Lucas Verity, Plc;
Lucas Industries, Plc; Girling, Ltd.

Volkswagen Group of America, Inc.:

    Volkswagen of America, Inc.

Robert A. Smith, Inc.:

    Robert Smith Volkswagen

Volkswagen Santa Monica, LLC:

    Volkswagen of Santa Monica, Inc.

17.    Defendants, their "alternate entities", and each of them, knew and intended that the above referenced asbestos and asbestos containing products would be used by the purchaser and/or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

18.    Said asbestos and asbestos containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of the defendants, their "alternate entities" and each of them. Said products did, in fact, cause personal injuries, including asbestosis, mesothelioma, other lung damage, and cancer to exposed persons, including plaintiff, LOUIS TED KOVARY herein, while being used in a

reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous

for use.

19.     "Exposed persons", such as plaintiff Louis Ted Kovary herein did not know of

the substantial danger of using said products. Said dangers were not readily recognizable by

"exposed persons".  Said defendants, their "alternate entities", and each of them, further

failed to adequately warn of the risks to which plaintiff Louis Ted Kovary and others

similarly situated were exposed.

20.     In researching, manufacturing, fabricating, designing, modifying, testing, or

failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying,

offering for sale, supplying, selling, inspecting, servicing, installing, contracting for

installation, repairing, marketing, warranting, rebranding, designing and/or, manufacturing

for others, packaging, and advertising asbestos and asbestos containing products and

equipment, defendants, their "alternate entities", and each of them, did so with conscious

disregard for the safety of "exposed persons" such as plaintiff Louis Ted Kovary who came

in contact with said asbestos and asbestos containing products, in that defendants and each of

them, knew that asbestos and asbestos containing products could and did cause injuries and

illnesses including, but not limited to, asbestosis, and other lung damages, and cancer. Said

knowledge was obtained, in part, from scientific studies performed by, at the request of, or

with the assistance of, said defendants, their "alternate entities", and each of them, on or

before 1930, and thereafter.

21.     On or before 1930, and thereafter, said defendants, their "alternate entities"

and each of them, were aware that members of the general public and other "exposed

persons", who would come in contact with their asbestos and asbestos containing products,

12

FIRST AMENDED COMPLAINT

had no knowledge or information indicating that asbestos or asbestos containing products could cause injury, and said defendants, their "alternate entities", and each of them, knew that members of the general public, and other "exposed persons", who came in contact with asbestos and asbestos containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

22.     With said knowledge, said defendants, their "alternate entities", and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contact for installation, repair, market, warrant, rebrand, manufacture for others, package, and advertise said asbestos and asbestos containing products without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos containing products, defendants, their "alternate entities", and each of them, intentionally failed to reveal their knowledge of said risk, fail to warn of said risk and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos containing products were safe for all reasonably foreseeable uses. Defendants, their "alternate entities", and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

13
FIRST AMENDED COMPLAINT

23.     The above referenced conduct of said defendants, their "alternate entities", and each of them, was motivated by the financial interests of said defendants, their "alternate entities", and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging and advertising and asbestos and asbestos containing products.  In pursuance of said financial motivation, defendants, their "alternate entities", and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including plaintiff LOUIS TED KOVARY.

24.     Plaintiffs allege that the aforementioned defendants, their "alternate entities", and each of them, impliedly warranted their asbestos and asbestos containing products and equipment to be safe for their intended use, but their asbestos and asbestos containing products created an unreasonable risk of bodily harm to "exposed persons."

25.     Plaintiff's further allege that plaintiff LOUIS TED KOVARY's injuries are a result of cumulative exposure to asbestos and various asbestos containing products and equipment manufactured, fabricated, inadequately researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased, brought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised by the aforementioned defendants, their "alternate entities", and each of them, that plaintiffs cannot identify precisely which asbestos or asbestos containing products caused and/or contributed

14
FIRST AMENDED COMPLAINT

to the injuries complained of herein.  Among the injurious exposures alleged herein are
plaintiff LOUIS TED KOVARY's exposures to asbestos supplied with, affixed and/or added
to, and/or installed on the following equipment and/or products:  Bendix asbestos brakes,
shoes, and/or pads  supplied with, affixed and/or added to, and/or installed on Volkswagen
automobiles and/or Volkswagen parts and/or equipment.

26.     Plaintiff, LOUIS TED KOVARY relied upon defendants, their "alternate
entities", and each of their representations, lack of warnings, and implied warranties of the
fitness of asbestos and asbestos containing products.  As a direct, foreseeable, and proximate
result thereof, plaintiffs have been injured permanently as alleged herein.

27.     As a direct and proximate result of the actions and conduct outlined herein,
plaintiff LOUIS TED KOVARY has suffered the injuries and damages alleged herein.

28.     The aforesaid conduct of the defendants, and each of them, and their
"alternate entities", were committed by, or authorized or ratified by officers, directors,
partners, or managing agents of defendants and each of them.  Defendants acted for their own
benefits and callously disregarded plaintiff's rights.  In so doing, defendants, and their
"alternate entities", and each of them engaged in acts constituting oppression, fraud, or
malice, thereby entitling plaintiffs to an award of exemplary or punitive damages, in an
amount according to proof.

## SECOND CAUSE OF ACTION

### (Strict Liability, Failure to Warn as to all Defendants and Does 5 through 100)

29.     Plaintiffs hereby incorporate by reference each and every allegation contained
in paragraphs 1 through 28 inclusive, as though fully set forth herein.  At all relevant times
hereto, the defendants, their "alternate entities", and each of them, knew and intended that the

15

FIRST AMENDED COMPLAINT

above referenced asbestos and asbestos containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

30. Said asbestos and asbestos containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers caused a serious disease and/or death. The defect existed in the said products at the time they left the possession of the defendants, their "alternate entities" and each of them. Said asbestos and asbestos containing products were further defective as a result of the failure of defendants, their alternate entities, and each of them as a result of the failure of defendants, their alternate entities and each of them to give adequate warnings as to their use to prevent their being dangerous to the user. Said products did, in fact, cause personal injuries, including asbestosis, mesothelioma, other lung damage, and cancer to "exposed persons", including plaintiff LOUIS TED KOVARY herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

31. Since on or before 1930, the defendants, their "alternate entities", and each of them, have known and have possessed the true facts of medical and scientific data and other knowledge which clearly indicated that the asbestos and asbestos containing products and equipment referred to in plaintiff's First Cause of Action were and are hazardous to the health and safety of plaintiffs, and others and plaintiff LOUIS TED KOVARY's position working in close proximity with such materials. The defendants, their "alternate entities", and each of them, have known of the dangerous propensities of the aforementioned materials and products since before that time. With the intent to mislead, deceive and/or misrepresent plaintiff LOUIS TED KOVARY, and others in plaintiff's position, and with the intent that he

and such others should be and remain ignorant of such facts with intent to induce plaintiffs and such others to alter his and their positions to his and their injury and/or risk and in order to be advantages, the following acts occurred:

a)    Defendants, their "alternate entities", and each of them, did not label any of the aforementioned asbestos containing materials, products, and equipment regarding the hazards of such materials and products to the health and safety of plaintiffs and others in plaintiff's position working in close proximity with such materials until some time later, when certain of such materials were labeled by some, but not all, of defendants, their "alternate entities", and each of them, since on or before 1930. By not labeling such materials, products, and equipment as to their said hazards, defendants, their "alternate entities", and each of them, caused to be suggested as a fact to plaintiffs that it was safe for plaintiff LOUIS TED KOVARY to work in close proximity to such materials, when in fact it was not true; and defendants, their "alternate entities", and each of them, did not believe it to be true;

b)    Defendants, their "alternate entities", and each of them, suppressed information relating to the danger of use of the aforementioned materials, products, and equipment by requesting the suppression of information to the plaintiffs and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would have given general notice to the public and knowledge of the hazardous nature thereof when defendants, their "alternate entities", and each of them, were bound to disclose such information;

c)    Defendants, their "alternate entities", and each of them, sold the aforementioned products, materials, and equipment to plaintiff LOUIS TED KOVARY's

17
FIRST AMENDED COMPLAINT

employers and others without advising plaintiff LOUIS TED KOVARY, his employer, and

others of the dangers of use of such materials to persons working in close proximity thereto

when defendants, their "alternate entities" and each of them, knew of such dangers, and had a

duty to disclose such dangers all as set forth herein. By said conduct, defendants, their

"alternate entities", and each of them, caused to be positively asserted to plaintiff LOUIS

TED KOVARY that such was not true and that which defendants, their "alternate entities",

and each of them had no reasonable ground for believing to be true, to wit: that it was safe

for plaintiff LOUIS TED KOVARY to work in close proximity to such materials;

   d)  Defendants, their "alternate entities", and each of them, suppressed from

plaintiffs medical and scientific data and knowledge of the results of studies including, but

not limited to, the information and contents of the "Lanza report". Although bound to

disclose it, defendants, their "alternate entities", and each of them, influenced A.J. Lanza,

M.D. to change his report, the altered version of which was published in public health

reports, volume 50, at page 1, in 1935, thereby causing plaintiffs and others to be and remain

ignorant thereof. Defendants, their "alternate entities", and each of them, caused Asbestos

Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening

the probability of notice of danger to the users thereof;

   e)  Defendants, their "alternate entities", and each of them, belonged to,

participated in, and financially supported the Asbestos Textile Institute Industrial Hygiene

Foundation and other industry organizations which, for and on behalf of defendants, their

"alternate entities", and each of them, actively promoted the suppression of information of

dangers to users of the aforementioned products and materials, thereby misleading plaintiff

LOUIS TED KOVARY by the suggestions and deceptions set forth above in this cause of

18

FIRST AMENDED COMPLAINT

action. The Dust Control Committee, which changes its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this Committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to plaintiffs at this time;

f)    Commending in 1930 with a study of mine and millworkers at asbestos and Thetford Mines in Quebec, Canada, and a study of the workers at Raybastos-Manhattan plants in Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants, their "alternate entities", and each of them, herein;

g)    Defendants, their "alternate entities", and each of them, failed to warn plaintiff LOUIS TED KOVARY and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate entities", and each of them, possess knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

h)    Defendant, "alternate entities", and each of them, failed to provide plaintiff LOUIS TED KOVARY with information concerning adequate protective masks, and other equipment devised to be used when applying and installing the products of the defendants, their "alternate entities", and each of them, despite knowing that such protective measures

1   were necessary, and that they were under a duty to disclose that such materials were

2   dangerous and would result in injury to plaintiff LOUIS TED KOVARY and others applying

3   and installing such material;

4       i)      Defendants, their "alternate entities", and each of them, when under a duty to

5   so disclose, concealed from plaintiff LOUIS TED KOVARY the true nature of the industrial

6   exposure of plaintiff LOUIS TED KOVARY and knew that plaintiff and anyone similarly

7   situated, upon inhalation of asbestos would, in time, develop irreversible conditions of

8   pneumoconiosis, asbestosis, mesothelioma and/or cancer.  Defendants, their "alternate

9   entities", and each of them, also concealed from plaintiff LOUIS TED KOVARY and others

10  that harmful materials to which they were exposed would cause pathological effects without

11  noticeable trauma;

12      j)      Defendants, their "alternate entities", and each of them, failed to provide

13  information of the true nature of the hazards of asbestos materials and that exposure to these

14  materials would cause pathological effects without noticeable trauma to the public, including

15  buyers, users, and physicians employed by plaintiff LOUIS TED KOVARY so that said

16  physicians could not examine, diagnose, and treat plaintiffs and others who were exposed to

17  asbestos, despite the fact that defendants, their "alternate entities", and each of them, were

18  under a duty to so inform and said failure was misleading; and

19      k)      Defendants, their "alternate entities", and each of them, failed to provide

20  adequate information to physicians and surgeons retained by plaintiff LOUIS TED

21  KOVARY and/or his employers and their predecessor companies, for purposes of making

22  physical examinations of LOUIS TED KOVARY and other employees as to the true nature

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

and risk of such materials and exposure thereto when they in fact possessed such information
and had a duty to disclose it.

32.    Defendants, their "alternate entities", and each of them, willfully failed and
omitted to complete and file a first report of occupational injury or illness regarding
plaintiff's injuries, as required by law, and did willfully fail and omit to file a report of injury
and occupational disease with the State of California. Plaintiff LOUIS TED KOVARY was
in a class of persons with respect to whom a duty was owed to file such reports and who
would have been protected thereby if the fact of danger from products complained of had
become known.

33.    Defendants, their "alternate entities", and each of them, having such
aforementioned knowledge, and a duty to inform plaintiff LOUIS TED KOVARY about the
true facts, and knowing the plaintiff LOUIS TED KOVARY did not possess such knowledge
and would breath such material innocently, acted falsely and fraudulently with the full intent
to cause plaintiff LOUIS TED KOVARY to remain unaware of the true facts and to induce
plaintiff LOUIS TED KOVARY to work in a dangerous environment, all in violation of
Section 1708, 1709, and 1710 of the Civil Code of the State of California.

34.    As a direct and proximate result of such conduct by defendants, their
"alternate entities", and each of them, plaintiff LOUIS TED KOVARY sustained the injuries
and damages alleged herein.

35.    Defendants, their "alternate entities", and each of them, acted for their own
benefit and callously disregarded plaintiff's rights. In so doing, defendants, their "alternate
entities", and each of them engaged in acts constituting oppression, fraud or malice, thereby

entitling plaintiffs to an award of exemplary or punitive damages in an amount according to

proof.

## THIRD CAUSE OF ACTION

### (Negligence as to All Defendants and Does 5 through 100)

36.    Plaintiffs reallege and incorporate herein by reference each and every

allegation contained in paragraphs 1 through 35, inclusive as though fully set forth herein.

37.    At all times herein mentioned, Defendants, their "alternate entities", and each

of them, were and are engaged in the business of researching, manufacturing, fabricating,

designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

marketing, warranting, re-branding, manufacturing for others, packaging, and advertising a

certain substance, the generic name of which is asbestos and other products containing said

substances.

38.    At all times herein mentioned, Defendants, their "alternative entities", and

each of them, singularly and jointly, negligently and carelessly researched, manufactured,

fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or

failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered

for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

marketed, warranted, re-branded, manufactured for others, packaged, and advertised a certain

substance, the generic name of which is asbestos, and other products and equipment

containing said substance, in that said substance proximately caused personal injuries to

users, consumers, workers, bystanders, and others, including the Plaintiffs herein (hereinafter

collectively called "exposed persons"), while being used in a manner that was reasonably

foreseeable, thereby rendering said substance unsafe and dangerous for use by the "exposed

persons".

39.    Defendants, their "alternate entities," and each of them, had a duty to exercise

due care in the pursuance of the activities mentioned above and Defendants, and each of

them, breached said duty of due care.

40.    Defendants, their "alternate entities", and each of them, knew, or should have

known, and intended that the aforementioned asbestos and products containing asbestos

would be transported by truck, rail, ship and other common carriers, and that in the shipping

process the products would break, crumble or be otherwise damaged; and/or that such

products would be used for insulation, construction, plastering, fireproofing, soundproofing,

automotive, aircraft and/or other applications, including, but not limited to: sawing, chipping,

hammering, scraping, sanding, breaking, removal "rip-out", and other manipulation, resulting

in the release of airborne asbestos fibers, and that through such foreseeable use and/or

handling "exposed persons", including Plaintiffs herein, would use or be in the proximity of

and exposed to said asbestos fibers.

41.    Plaintiff LOUIS TED KOVARY has used, handled, or been otherwise

exposed to asbestos and asbestos containing products and equipment referred to herein and in

a manner that was reasonably foreseeable. Plaintiff LOUIS TED KOVARY's exposure to

asbestos and asbestos containing products occurred at various locations and in working with

various employers.

42.    As a direct and proximate result of the conduct of the defendants, their

"alternate entities", and each of them, as aforesaid, plaintiff LOUIS TED KOVARY's

exposure to asbestos and asbestos containing products caused severe and permanent injury to

FIRST AMENDED COMPLAINT

the plaintiffs, the nature of which, along with the date of plaintiff, LOUIS TED KOVARY's

diagnosis and the date he learned such injuries were attributable to exposure to asbestos

and/or asbestos containing products.

43.    Plaintiffs are informed and believe, and thereon allege, that progressive lung

disease, cancer, asbestosis, mesothelioma, and other serious diseases are caused by inhalation

of asbestos fibers without perceptible trauma and that said disease results from exposure to

asbestos and asbestos containing products over a period of time.

44.    Plaintiff LOUIS TED KOVARY suffers from malignant pleural

mesothelioma, caused by an exposure to asbestos and asbestos containing products and

equipment. Plaintiff LOUIS TED KOVARY was not aware at the time of exposure that

asbestos and asbestos containing products presented any risk of injury and/or disease.

45.    As a direct and proximate result of the aforesaid conduct of defendants, their

"alternate entities", and each of them, plaintiff LOUIS TED KOVARY has suffered, and

continues to suffer, permanent injuries and/or future increased risk of injuries to his person,

body and health, including, but not limited to, throat cancer, other lung damage, and cancer,

and the mental and emotional distress attendant thereto, from the affective exposure to

asbestos fibers, all to his general damage in a sum in excess of the jurisdictional limit of a

limited civil case.

46.    As a direct and proximate result of the aforesaid conduct of the defendants,

their "alternate entities", and each of them, plaintiff LOUIS TED KOVARY has incurred, is

presently incurring, and will incur in the future, liability for physicians, surgeons, nurses,

hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact

FIRST AMENDED COMPLAINT

amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

47. As a further direct and proximate result of the said conduct of the defendants, their "alternate entities", plaintiffs have incurred, and will incur loss of income, wages, profits, and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is requested to amend this Complaint to conform to proof at the time of trial.

48. The aforesaid conduct of the defendants, their alternate entities, and each of them, were committed by, or authorized or ratified by officers, directors, partners, or managing agents of defendants and each of them. Defendants acted for their own benefit and callously disregard plaintiff's rights. In so doing, defendants, and each of them engaged in acts constituting oppression, fraud or malice, thereby entitling plaintiff to an award of exemplary or punitive damages in an amount according to proof.

## FOURTH CAUSE OF ACTION

### (Loss of Consortium as to all Defendants and Does 5 through 100)

49. Plaintiff MARIA KOVARY incorporates by reference, in each and every paragraph of the first through third causes of action herein.

50. Plaintiffs LOUIS TED KOVARY and MARIA KOVARY and at all times relevant to this action, were, and are now, husband and wife.

51. Prior to plaintiff LOUIS TED KOVARY's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, plaintiff LOUIS TED KOVARY has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of a

family home, and he will be unable to perform such work, service and duties in the future. As a proximate result thereof, plaintiff MARIA KOVARY has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at time of trial.

52.   Plaintiff MARIA KOVARY's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

53.   As a direct and proximate result of the acts of defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to plaintiff LOUIS TED KOVARY, as set forth in this Complaint, plaintiff MARIA KOVARY has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited to, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe and mental and emotional distress and general nervousness as a result thereof.

WHEREFORE, plaintiffs pray for judgment against the defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff LOUIS TED KOVARY:

1.   For plaintiff's general damages according to proof;

2.   For plaintiff's loss of income, wages, and earning potential according to proof;

3.   For plaintiff's medical and related expenses according to proof;

///

26

FIRST AMENDED COMPLAINT

Plaintiff MARIA KOVARY:

    4.    For plaintiff's damages for loss of consortium and or society according to proof;

Plaintiffs LOUIS TED KOVARY and MARIA KOVARY:

    5.    For plaintiffs' cost of suit herein;

    6.    For exemplary or punitive damages according to proof;

    7.    For damages for fraud according to proof; and

    8.    For such other and further relief as the court may deem just and proper, including cost and prejudgment interest as provided in Code of Civil Procedure Section 998, CCP Section 1032, and related provisions of law.

DATED: May 9, 2008            GORDON, EDELSTEIN, KREPACK,
                             GRANT, FELTON & GOLDSTEIN

                        By: _____
                           ROGER L. GORDON
                           VINCENT VALLIN BENNETT
                           NOAH GREEN
                           Attorneys for Plaintiffs
                           LOUIS TED KOVARY and
                           MARIA KOVARY

FIRST AMENDED COMPLAINT

1
2                              **DEMAND FOR JURY TRIAL**
3            Plaintiffs hereby demand trial by jury as to all issues so triable.
4      DATED: May 9, 2008                    GORDON, EDELSTEIN, KREPACK,
5                                            GRANT, FELTON & GOLDSTEIN
6
7                                    By: _Roger S. Gordon_
8                                         ROGER L. GORDON
                                          VINCENT VALLIN BENNETT
9                                         NOAH GREEN
                                          Attorneys for Plaintiffs
10                                        LOUIS TED KOVARY and
                                          MARIA KOVARY
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                     28
                           FIRST AMENDED COMPLAINT

# EXHIBIT "B"

Page 1 of 1



# California Business Portal
### Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JAN 18, 2008* and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| ROBERT A. SMITH, INC. | | |
| **Number:** C0312953 | **Date Filed:** 12/9/1955 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 24500 CALABASAS ROAD | | |
| CALABASAS, CA 91302 | | |
| **Agent for Service of Process** | | |
| ANNE S BOLAND | | |
| 24500 CALABASAS ROAD | | |
| CALABASAS, CA 90302 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIS TED KOVARY, et al. | ) | CASE NO: CV-08-2172-GW (CWx) |
| | ) | |
| Plaintiff(s), | ) | [PROPOSED] ORDER PERMITTING |
| | ) | AMENDMENT OF COMPLAINT AND |
| | ) | REMANDING CASE TO STATE COURT |
| vs. | ) | |
| | ) | |
| HONEYWELL INTERNATIONAL, INC., et al. | ) | DATE: To Be Determined |
| | ) | TIME: To Be Determined |
| Defendant(s). | ) | DEPT.: 10 |
| | ) | |
| | ) | |

The motion of plaintiffs Louis Ted Kovary and Maria Kovary for an order permitting them to amend their complaint and to remand the case to Los Angeles Superior Court came on regularly for hearing on _____ in Courtroom 10 of the United States District Court, Central District of California, the Honorable _____ presiding.

The court having read and considered all papers filed in support of and in opposition to said motion, and hearing the arguments of counsel, and good cause appearing therefor:

///

///

1
2          IT IS HEREBY ORDERED that plaintiffs Louis Ted Kovary and Maria Kovary
3    may file their first amended complaint, which has been lodged with the court and is
4    deemed filed and served this date;
5          IT IS FURTHER ORDERED that based on the absence of diversity jurisdiction
6    under 28 U.S.C. §1332, the within action is remanded to Los Angeles Superior Court,
7    Judge _____, pursuant to 28 U.S.C. §1447(e).
8
9    DATED: _____        _____
10                            HON.
                             UNITED STATES DISTRICT COURT
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER PERMITTING AMENDMENT OF COMPLAINT, ETC.

**PROOF OF SERVICE**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 27 2008

FILED
CLERK'S OFFICE

**STATE OF CALIFORNIA**   )
                            )ss.
**COUNTY OF LOS ANGELES**   )

       I am a citizen of the United States and a resident of county aforesaid; I am over the age of eighteen (18) years and not a party to the within entitled action; my business address is 3580 Wilshire Boulevard, Suite 1800, Los Angeles, CA 90010.

       On May 14, 2008, I served, in the manner indicated below, the foregoing document described as **AMENDED NOTICE OF MOTION FOR ORDER PERMITTING AMENDMENT OF COMPLAINT AND REMANDING CASE TO STATE COURT; DECLARATION OF ROGER L. GORDON [PROPOSED] ORDER** on the interested parties in said action, by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, California, addressed as follows:

      **SEE ATTACHED LIST**

<u>XXX</u>   BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Los Angeles, California, with postage thereon fully prepaid, I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(a)).

_____   BY FACSIMILE: (C.C.P. § 1013(e)(f)).

_____   BY OVERNIGHT SERVICE: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addresses, (C.C.P. §1013(c)(d)).

_____   BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addresses. (C.C.P. §1011(a)(b)).

       I declare under penalty of perjury that the foregoing is true and correct. Executed on May 14, 2008 at Los Angeles, California.

                                    _____
                                   PATRICIA ALAMINA

1

2

### SERVICE LIST RE: KOVARY v HONEYWELL et al

3    John F. Wolcott, Esq.
     John F. Wolcott & Associates
4    205 South Broadway, Suite 905
     Los Angeles, CA  90012
5    (213) 680-1716 (phone)
     (213) 680-1905 (fax)
6    **CO-COUNSEL FOR PLAINTIFFS**
     **LOUIS TED KOVARY and MARIA KOVARY**
7

8    David Biderman, Esq
     Benjamin E. Soffer, Esq
9    PERKINS COIE LLP
     1620 26th Street, Sixth Floor South
10   Santa Monica, CA  90404-4013
     (310) 788-9900 (phone)
11   (310) 843-1284 (fax)
12   **ATTORNEYS FOR DEFENDANT and X-DEFENDANT HONEYWELL**
     **[formerly known as Allied Signal Inc, Successor in Interest**
13   **to The Bendix Corporation]**

14   Robert D.  Daniels, Esq
     Christian J. Scalli, Esq.
15   MANNING, LEAVER, BRUDER
     & BURBERICH
16   5750 Wilshire Blvd., Suite 655
     Los Angeles, CA  90036-3637
17   (323) 937-4730 (phone)
     (323) 937-6727 (fax)
18
     **ATTORNEYS FOR DEFENDANT and X-COMPLAINANT**
19   **BOB SMITH VOLKSWAGEN**

20

21   Herzfeld & Rubin LLP
     Craig L. Winterman, Esq.
22   1925 Century Park East, Suite 600
     Los Angeles, CA  90067
23   (310) 553-0451 (phone)
     (310) 553-0648 (fax)
24   **ATTORNEYS FOR DEFENDANT and X-DEFENDANT**
     **VOLKSWAGEN GROUP OF AMERICA, INC.**
25

26

27

28