**MDL 875**



MAY 27 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | ) | MDL NO. 875 |
| LIABILITY LITIGATION (NO. VI) | ) | |

THIS DOCUMENT RELATES TO CTO-307 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA: (TRANSFERROR JUDGE WILLIAM KEITH WATKINS)

| | | |
|---|---|---|
| OTHRE E. BURNETT, et al., | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | **Middle District of Alabama** |
| v. | ) | **CIVIL ACTION NO. 2:08-cv-150** |
| | ) | |
| ASBESTOS DEFENDANTS: ALBANY | ) | |
| INTERNATIONAL, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER (CT0-307)**[1]

COMES NOW the Defendant, Trane US, Inc. f/k/a American Standard, Inc., by and through counsel, and respectfully submit this Motion to Vacate the Panel's Conditional Transfer Order (CTO-307).

---

[1] This defendant's Brief in Support of Motion to Vacate the Conditional Transfer Order (CTO-307) and all attached exhibits are expressly incorporated herein by reference.

**OFFICIAL FILE COPY**   IMAGED MAY 2 8 2008

PLEADING NO. 5463

As grounds for this Motion, defendant would respectfully show the Panel that it is clear on the face of the Complaint that the federal courts lack subject matter jurisdiction of this case. See Complaint [Doc #1].[2] Accordingly, consistent with Rule 12 of the Federal Rules of Civil Procedure and case law relating thereto, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12 (h)(3); see also Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Moreover, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Johansen v. Combustion Engineering, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999).

WHEREFORE, for the reasons more particularly set forth in the brief filed in support of this Motion, Defendant Trane US, Inc. f/k/a American Standard, Inc. respectfully requests that the Multidistrict Panel vacate the Conditional Transfer Order (CTO-307) and if the Panel determines it appropriate, dismiss this case based upon the lack of subject matter jurisdiction and transfer the case to the United States District Court for the Middle District of Alabama for further proceedings consistent therewith.

Respectfully submitted this 23 day of May, 2008.

Timothy W. Knight (ASB5824170T)
Lucy W. Jordan (ASB4426U69J)

---

[2] Defendants, including Trane US, Inc., have filed motions to dismiss based upon a number of grounds, including lack of subject matter jurisdiction.

2

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
Telephone (205) 968-9900
Facsimile (205) 968-9909
Email: tk@keeselby.com
Email: lj@keeselby.com

Attorneys for Defendant Trane US, Inc. f/k/a American Standard, Inc.

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of the foregoing pleading upon counsel of record identified on the Proof of Service (which is being simultaneously filed with the Judicial Panel on Multi-District Litigation) via U.S. Mail.

I further certify that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail.

Dated this 23 day of May, 2008.

_____
Timothy W. Knight

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
Telephone (205) 968-9900
Facsimile (205) 968-9909
Email: tk@keeselby.com
Email: lj@keeselby.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 27 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS ) | **MDL NO. 875** |
| LIABILITY LITIGATION (NO. VI) ) | |

THIS DOCUMENT RELATES TO CTO-307 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA: (TRANSFERROR JUDGE WILLIAM KEITH WATKINS)

| | |
|---|---|
| **OTHRE E. BURNETT, et al.,** ) | |
| ) | |
| **PLAINTIFFS,** ) | |
| ) | **Middle District of Alabama** |
| v. ) | **CIVIL ACTION NO. 2:08-cv-150** |
| ) | |
| **ASBESTOS DEFENDANTS: ALBANY** ) | |
| **INTERNATIONAL, et al.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

### BRIEF IN SUPPORT OF MOTION TO VACATE
### THE CONDITIONAL TRANSFER ORDER (CTO-307)

COMES NOW the Defendant, Trane US, Inc. f/k/a American Standard, Inc. ("Trane"), by and through counsel, and hereby respectfully submit this Brief in Support of Defendants' Motion to Vacate the Conditional Transfer Order (CTO-307) dated April 25, 2008. Defendants oppose transfer to the Panel because it is clear and unequivocal on

the face of the Complaint that the federal courts do not have subject matter jurisdiction of this action.

## STATEMENT OF FACTS

1.  On March 4, 2008, nine (9) plaintiffs filed a Complaint alleging personal injuries and/or wrongful deaths as a result of exposure to asbestos-containing products manufactured, produced, distributed, sold, installed, specified, and/or marketed by seventy-two (72) defendants. Complaint [Doc #1].

2.  Plaintiffs' action is based upon the following theories: (I) Alabama Extended Manufacturer's Liability Doctrine, (II) Negligence and Intentional Tort, (III) Negligence in the Course of Employment, (IV) Fraudulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy, and (V) Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy. Complaint [Doc #1].

3.  Plaintiffs only allege residency and not their states of citizenship. Complaint, pp. 6-12 [Doc #1].

4.  Plaintiffs, in asserting diversity as the basis of subject matter jurisdiction, generally state in the Complaint, "[t]he amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the Court." Complaint, p. 6 [Doc #1].

5.  There are no allegations in the Complaint that the individual plaintiff's claims meet the amount in controversy requirement. Complaint [Doc #1]. The plaintiffs' claims arise out of their separate exposures to asbestos at different locations over

different time periods; yet, the plaintiffs do not allege that each individual plaintiff's claims meet the amount in controversy requirement. Id.

6.  Numerous defendants, including defendant Trane, filed a Motion to Dismiss based upon the lack of subject matter jurisdiction, as well as other bases and/or defenses. See e.g., ; Motion to Dismiss by Trane US, Inc. [Doc # 112].

7.  Notices of Tag-Along Action were filed by several defendants. See e.g., [Doc # 122, 163].

8.  A Motion to Stay by all Plaintiffs was filed in the United States District Court for the Middle District of Alabama [Docs # 190]. An Objection to Plaintiffs' Motion to Stay was filed by defendant Trane US, Inc. [Doc # 197] on April 16, 2008.

9.  On May 12, 2008, Defendant Trane US, Inc. filed a Notice of Opposition with the MDL opposing the Panel's Conditional Transfer Order (CTO-307) dated April 25, 2008.

10.  Pursuant to Rule 7.2(a)(ii)(A) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, attached hereto is a Schedule. See Exhibit A.

## ARGUMENT

### THE PANEL SHOULD VACATE THE CONDITIONAL TRANSFER ORDER BECAUSE THE FEDERAL COURTS DO NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' ACTION.

Plaintiffs' Complaint is due to be dismissed for lack of subject matter jurisdiction.

In Morrison v. Allstate Indemnity Co., the Eleventh Circuit Court of Appeals stated:

> Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been

3

> a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000)(citations omitted). **"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."** Fed. R. Civ. P. 12 (h)(3); see also Morrison, 228 F.3d at 1261(emphasis added). Moreover, **"[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."** Johansen v. Combustion Engineering, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999)(emphasis added).

A plaintiff which is the party asserting diversity jurisdiction has the burden to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). As demonstrated herein, the plaintiffs do not allege facts which demonstrate the existence of subject matter jurisdiction in this case; therefore, the case should be dismissed. The U.S. Court of Civil Appeals for the Eleventh Circuit recently affirmed the dismissal of an asbestos complaint for lack of subject matter jurisdiction. See Beavers vs. A.O. Smith Electrical, Nos. 06-15401 and 07-11401 (11th Cir. February 13, 2008); attached hereto as Exhibit B. The Beavers Complaint was filed by the same plaintiffs' counsel as in the present case and that Complaint is nearly identical to the Complaint in this case.

The Eleventh Circuit affirmed the dismissal of the Beavers Complaint on two grounds:

4

(1) the plaintiffs alleged only the residency, not the citizenship of the plaintiffs; and (2) plaintiffs failed to allege that each individual plaintiff's claims met the amount in controversy required. Id.

As explained in the Eleventh Circuit's opinion, "[C]itizenship, not residency, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Beavers, slip op. at 13. (quoting Taylor v. Appleton, 30 F. 3d 1365, 1367 (11th Cir. 1994)). Additionally, "where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement." Beavers, slip op. at 13.

In the present case, plaintiffs only allege residency and not their states of citizenship. Complaint, pp. 6 – 12 [Doc #1]. Without the citizenship of each plaintiff, this Court lacks subject matter jurisdiction. Also, plaintiffs, in asserting diversity as the basis of subject matter jurisdiction, generally state in the Complaint, "The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the court." Complaint, p. 6 [Doc #1]. There are no allegations that the individual plaintiff's claims meet the amount in controversy requirement. "The plaintiffs' claims arise out of their separate exposure to asbestos at different locations over different time periods; therefore, the plaintiffs were required to allege that each individual plaintiff's claims met the amount in controversy requirement." Beavers, slip op. at 14.

In Beavers, the Eleventh Circuit affirmed dismissal of a Complaint for lack of subject matter jurisdiction when the only possible jurisdictional basis was diversity and the complaint failed to allege the citizenship of each plaintiff and failed to assert that the amount in controversy

5

requirement was met for each plaintiff's claims. Similarly, in this case, plaintiffs' Complaint is due to be dismissed for lack of subject matter jurisdiction for the reasons enumerated above.

Furthermore, defendant Trane US, Inc. respectfully submits that there is certainly no reason for this case to remain pending before the MDL when it is evident that the federal courts lack subject matter jurisdiction. This case would only serve to clutter the court system and require both the Courts and all parties to waste valuable time and resources.

## CONCLUSION

For these reasons, Defendant Trane US, Inc. respectfully requests that the Multidistrict Panel vacate the Conditional Transfer Order (CTO-307) and if the Panel determines it appropriate, dismiss this case based upon the lack of subject matter jurisdiction and transfer the case to the United States District Court for the Middle District of Alabama for further proceedings consistent therewith.

Respectfully submitted this **23** day of May, 2008.

Timothy W. Knight (ASB5824170T)
Lucy W. Jordan (ASB4426U69J)

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
Telephone (205) 968-9900
Facsimile (205) 968-9909
Email: tk@keeselby.com
Email: lj@keeselby.com

Attorneys for Defendant Trane US, Inc. f/k/a American Standard, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 27 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of the foregoing pleading upon counsel of record identified on the Proof of Service (which is being simultaneously filed with the Judicial Panel on Multi-District Litigation) via U.S. Mail.

I further certify that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail.

Dated this 23 day of May, 2008.

_____
Timothy W. Knight

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
Telephone (205) 968-9900
Facsimile (205) 968-9909
Email: tk@keeselby.com
Email: lj@keeselby.com



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 27 2008

FILED
CLERK'S OFFICE

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | ) | **MDL NO. 875** |
| LIABILITY LITIGATION (NO. VI) | ) | |

THIS DOCUMENT RELATES TO CTO-307 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA: (TRANSFERROR JUDGE WILLIAM KEITH WATKINS)

| | | |
|---|---|---|
| **OTHRE E. BURNETT, et al.,** | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | **Middle District of Alabama** |
| v. | ) | **CIVIL ACTION NO. 2:08-cv-150** |
| | ) | |
| **ASBESTOS DEFENDANTS: ALBANY** | ) | |
| **INTERNATIONAL, et al.,** | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### PROOF OF SERVICE

I certify that I have served, via U.S. Mail, a copy of the following documents, along with this proof of service, to all those listed on the attached Panel Service List:

- Motion to Vacate the Conditional Transfer Order (CTO 307), filed by Defendants The Lincoln Electric Company and Hobart Brothers Company;

- Brief in Support of Motion to Vacate the Conditional Transfer Order (CTO 307), filed by Defendants The Lincoln Electric Company and Hobart Brothers Company;

Page 1 of 4

- Corporate Disclosure Statement, filed by The Lincoln Electric Company;

- Corporate Disclosure Statement, filed by Hobart Brothers Company;

- Motion to Vacate the Conditional Transfer Order (CTO 307), filed by Defendant Trane US, Inc. f/k/a American Standard, Inc.;

- Brief in Support of Motion to Vacate the Conditional Transfer Order (CTO 307), filed by Trane US, Inc. f/k/a American Standard, Inc.;

- Corporate Disclosure Statement, filed by Trane US, Inc. f/k/a American Standard, Inc.;

- Motion to Vacate the Conditional Transfer Order (CTO 307), filed by Defendants ITT Corporation f/k/a ITT Industries, Inc. and Bell & Gossett, a subsidiary of ITT Corporation f/k/a ITT Industries, Inc.;

- Brief in Support of Motion to Vacate the Conditional Transfer Order (CTO 307), filed by Defendants ITT Corporation f/k/a ITT Industries, Inc. and Bell & Gossett, a subsidiary of ITT Corporation f/k/a ITT Industries, Inc.;

- Corporate Disclosure Statement, filed by ITT Corporation f/k/a ITT Industries, Inc. and Bell & Gossett, a subsidiary of ITT Corporation f/k/a ITT Industries, Inc.

I further certify that I have served, via U.S. Mail, a copy of the listed documents, along with this proof of service to the following counsel at an address corrected from that listed on the Panel Service List:

**Vincent A. Noletto, Jr.**
*(address correction)* Carr Allison
6251 Monroe Street
Suite 200
Daphne, AL 36526

In addition, I certify that I have served, via U.S. Mail, a copy of the listed documents, along with this proof of service to the following additional parties not listed on the Panel Service List:

**PRO SE Defendant Bondex International Inc.**
   Bondex International Inc.
   50 W. Broad Street
   Columbus, OH 43215

**PRO SE Defendant CBS Corporation**, *successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation formerly known as Viacom Inc.*
   CBS Corporation
   Westinghouse Building, Gateway Center
   11 Stanwix Street
   Pittsburgh, PA 15222

**PRO SE Defendant Crane, Co.** *individually and as successor in interest to Deming Pump, Cyclotherm, Hydro-Aire, Lear Romec, Resistoflex, Swartwout Co., Stockham Valve Company, Weinman Pump Company, Chempump, and Burks Pump*
   Crane, Co.
   1201 Peachtree Street
   Atlanta, GA 30361

**PRO SE Defendant The Goodyear Tire and Rubber Co.**
   The Goodyear Tire and Rubber Co.
   2711 Centerville Road, Suite 400
   Wilmington, DE 19808

**PRO SE Defendant Owens-Illinois, Inc.**
   Owens-Illinois, Inc.
   The Corporation Company
   1209 Orange Street
   Wilmington, DE 19801

**PRO SE Defendant Zurn Industries, Inc.**
   Zurn Industries, Inc
   350 N. St. Paul Street
   Dallas, TX 75201

This the 23rd day of May, 2008.

*[signature]*
Timothy Wade Knight (ASB5824170T)
Lucy Westover Jordan (ASB4426U69J)

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
Telephone (205) 968-9900
Facsimile (205) 968-9909
Email: tk@keeselby.com
Email: lj@keeselby.com

Representing:
**Defendant** **The Lincoln Electric Company**
**Defendant** **Hobart Brothers Company**
**Defendant** **Trane US, Inc.,** *f/k/a American Standard, Inc.*
**Defendant** **ITT Corporation,** *f/k/a ITT Industries, Inc..*
**Defendant** **Bell & Gossett**, *a subsidiary of ITT Corporation, f/k/a ITT Industries, Inc.*

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-307)

Othre E. Burnett, et al. v. Albany International Co., et al., M.D. Alabama,
C.A. No. 2:08-150

Haley Amanda Andrews
LIGHTFOOT FRANKLIN & WHITE
400 20th Street, North
Birmingham, AL 35203

Cyrus C. Barger, III
JUDE & JUDE PLLC
P. O. Box 17468
Hattiesburg, MS 39404-7468

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Brian M. Blythe
BRADLEY ARANT ROSE & WHITE
1819 Fifth Avenue, North
Birmingham, AL 35203-2119

Nathaniel A. Bosio
DOGAN WILKINSON KINARD
SMITH & EDWARDS PLLC
P.O. Box 1618
734 Delmas Avenue
Pascagoula, MS 39567

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

S. Christopher Collier
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Helen K. Downs
JOHNSTON BARTON PROCTOR
& POWELL
569 Brookwood Villate, Suite 901
Birmingham, AL 35209

Jenelle R. Evans
BALCH & BINGHAM LLP
1710 6th Avenue North, Suite 2700
Birmingham, AL 35201-0306

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Roger C. Foster
LANEY & FOSTER PC
Two Perimeter Park South
Suite 426 East
P.O. Box 43798
Birmingham, AL 35243-0798

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Walter T. Gilmer, Jr.
MCDOWELL KNIGHT ROEDDER &
SLEDGE LLC
P.O. Box 350
Mobile, AL 36601

Laura DeVaughn Goodson
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
200 S. Lamar Street
City Center Building, Suite 100
Jackson, MS 39201-4099

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Freddie N. Harrington, Jr.
SCOTT SULLIVAN STREETMAN
& FOX
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

James A. Harris, III
HARRIS & HARRIS LLP
2501 20th Place South
Colonial Bank Building, Suite 450
Birmingham, AL 35223

Clifton Wayne Jefferis
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

G. Patterson Keahey, Jr.
G PATTERSON KEAHEY PC
One Independence Plaza, Suite 612
Birmingham, AL 35209

## MDL No. 875 - Panel Service List (Excerpted from CTO-307)(Continued)

Timothy Wade Knight
KEE & SELBY LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Frank E. Lankford, Jr.
HUIE FERNAMBUCQ & STEWART
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

E. L. McCafferty, III
VICKERS RIIS MURRAY
& CURRAN
106 St. Francis Street, Suite 1100
Mobile, AL 36602

Brian P. McCarthy
MCDOWELL KNIGHT ROEDDER
& SLEDGE LLC
63 South Royal Street, Suite 900
P.O. Box 350
Mobile, AL 36602

Edward Bailey McDonough, Jr.
EDWARD B MCDONOUGH JR PC
1800 AmSouth Bank Building
P.O. Box 1943
Mobile, AL 36633

David W. McDowell
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
Wachovia Tower
420 North 20th Street, Suite 1600
Birmingham, AL 35203-5202

William T. Mills II
PORTERFIELD HARPER MILLS
& MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Randi Peresich Mueller
PAGE MANNINO PERESICH
& MCDERMOTT PLLC
460 Briarwood Drive, Suite 415
Jackson, MS 39236

Edwin B. Nichols
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203-2618

Vincent A. Noletto
BROWN HUDGENS PC
P.O. Box 16818
Mobile, AL 36616

Elizabeth B. Padgett
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Donald C. Partridge
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
200 S. Lamar Street
City Center Building, Suite 100
Jackson, MS 39201-4099

Keith J. Pflaum
PORTERFIELD HARPER MILLS
& MOTLOW PA
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

F. Grey Redditt, Jr.
VICKERS RIIS MURRAY & CURRAN
Eleventh Floor, Regions Bank Building
106 Saint Francis Street
Post Office Drawer 2568
Mobile, AL 36652-2568

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Connie Ray Stockham
STOCKHAM CARROLL & SMITH PC
2204 Lakeshore Drive
Suite 114
Birmingham, AL 35209

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

## MDL No. 875 - Panel Service List (Excerpted from CTO-307)(Continued)

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Michael A. Vercher
CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203-2696

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Allan R. Wheeler
BURR & FORMAN LLP
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

Donald A. Windham, Jr.
BALCH & BINGHAM LLP
401 East Capital Street
Suite 200
Jackson, MS 39201

ARVINMERITOR, INC.

ASTEN JOHNSON, INC., individually and as successor-in-interest to ASTEN, INC., successor-in-interest by way of name change to ASTEN GROUP, INC., formerly trading as ASTEN-HILLS MANUFACTURING CO

BAYER CROPSCIENCE, INC., individual and as successor to AVENTIS CROPSCIENCE USA, INC., f/k/a RHONE-POULENE AG CO., f/k/a AMCHEM PRODUCTS, INC., BENJAMIN FOSTER CO.

BECHTEL CONSTRUCTION COMPANY

BELL & GOSSETT, a subsidiary of ITT INDUSTRIES

BONDEX INTERNATIONAL, INC.

BP AMERICA, as successor in interest to AMOCO CHEMICAL COMPANY, AMOCO CHEMICALS COMPANY, PLASKON ELECTRONIC MINERALS, AVISUNCORP., CARBORUNDUM, ATLANTIC RICHFIELD COMPANY/ ARCO METALS, as successor in interest to ANACONDA AMERICAN BRASS COMPANY, AMERICAN BRASS COMPANY, and ANACONDA CO.

BP AMOCO CHEMICAL COMPANY

BUFFALO PUMPS, INC.,

CBS CORPORATION, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC COROPORATION

CERTAINTEED CORPORATION

CLARK-RELIANCE CORPORATION

CLEAVER BROOKS, a division of AQUA-CHEM, INC.

CONWED CORPORATION

COOPER INDUSTRIES, LLC, f/n/a COOPER INDUSTRIES, INC., individually and as successor-in interest to CROUSE-HINDS

CRANE CO., individually and as successor in interest to DEMING PUMP, CYCLOTHERM, HYDROAIRE, LEAR ROMEC, RESISTOFLEX, SWARTWOUT CO., STOCKHAM VALVE COMPANY, WEINMAN PUMP COMPANY, CHEMPUMP, AND BURKS PUMPS

CRANE PUMPS SYSTEMS, individually and as successor to all pump companies acquired by CRANE

CROWN, CORK & SEAL COMPANY, INC.

CROWN HOLDINGS, INC., successor-in-interest to MUNDET CORK CORP.

CUTLER HAMMER, currently referred to as EATON ELECTRICAL, INC.

D. B. RILEY, INCORPORATE

EATON CORPORATION

EMERSON ELECTRIC CO.

FMC CORPORATION, individually and on behalf of its former CONSTRUCTION EQUIPMENT GROUP, and former PEERLESS PUMP DIVISION, COFFIN TURBO PUMPS, and CHICAGO PUMP, business

FOSECO, INC.

FOSTER-WHEELER CORPORATION

GARLOCK SEALING TECHNOLOGIES, LLC

GEORGIA-PACIFIC CORPORATION

GENERAL ELECTRIC COMPANY

THE GOODYEAR TIRE AND RUBBER CO.

GOULDS PUMPS INC.

GUARD-LINE, INC.

HOBART BROTHERS COMPANY

HONEYWELL, INC., specifically excluding liability for NARCO, individually and as successor to ALLIED SIGNAL, BENEDIX, WHEELABRATOR, RUST ENGINEERING, AND ALLIED CHEMICAL

IMO INDUSTRIES, INC., formerly IMO DE LAVAL, formerly TRANSAMERICA DE LAVAL TURBINE

INDUSTRIAL HOLDINGS CORPORATION, f/k/a THE CARBORUNDUM COMPANY

INGERSOLL-RAND COMPANY

ITT INDUSTRIES INC.

JOHN CRANE, INC., f/k/a JOHN CRANE PACKING COMPANY

KAISER-GYPSUM COMPANY, INC.

KELLY-MOORE PAINT COMPANY, INC.

THE LINCOLN ELECTRIC COMPANY

KOPPERS INDUSTRIES

MAREMOUNT CORPORATION

METROPOLITAN LIFE INSURANCE COMPANY

NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROTHERS, INC.

OGLEBAY NORTON COMPANY

OWENS-ILLINOIS, INC.

P&H CRANES

PNEUMO ABEX LLC, successor in interest to ABEX CORPORATION

RAPID AMERICAN CORPORATION

RILEY INC., f/k/a/ BABCOCK BORSIG POWER INC., a/k/a RILEY STOKER CORP.

ROCKBESTOS-SURPRENANT CABLE CORPORATION, f/k/a THE ROCKBESTOS CO.

ROCKWELL AUTOMATION, successor by merger to ALLEN-BRADLEY CO., LLC

SCHNEIDER ELECTRIC INDUSTRIES, S.A.S., NORTH AMERICAN DIVISION

SEPCO CORPORATION

SQUARE D COMPANY

SUNBEAM PRODUCTS INCORPORATION, f/k/a SUNBEAM CORPORATION

SURFACE COMBUSTION

T H AGRICULTURE & NUTRITION, LLC

THIEM CORPORATION, successor by merger to UNIVERSAL REFRACTORIES CORP.

TRANE US, INC., formerly known as AMERICAN STANDARD, INC.

USX CORPORATION as successor in interest to UNITED STATES STEEL, LLC.,
   formerly known as TENNESSEE COAL AND IRON

UNION CARBIDE CORPORATION

UNIROYAL FIBER AND TEXTILE DIVISION OF UNIROYAL, INC.

UNITED STATES STEEL CORPORATION

WARREN PUMPS, INC.

ZURN INDUSTRIES, INC