**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: **Asbestos Production Liability Litigation**          **MDL No. 875**

CTO-304
LAM 3:08-81  Landess v. Baton Rouge Marine Contractors, Inc., et al

## PLAINTIFF GEORGE LANDESS' BRIEF IN RESPONSE TO DEFENDANT BATON ROUGE MARINE CONTRACTORS, INC.'S AND P & O PORTS LOUISIANA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 304 RELATIVE TO CIVIL ACTION LAM 3:08-81

NOW INTO COURT, through undersigned counsel, comes plaintiff, George Landess, who, without in any manner waiving any objection to federal jurisdiction, respectfully replies here to the opposition filed by defendants Baton Rouge Marine Contractors, Inc. (hereinafter "BRMC") and P&O Ports Louisiana, Inc. (hereinafter "P&O Ports") to plaintiff's Motion to Vacate Conditional Transfer Order 304 relative to Civil Action LAM 3:08-81. Plaintiff respectfully urges that this Court vacate Conditional Transfer Order 304 insofar as that order seeks to transfer civil action LAM 3:08-81.

Pursuant to Rule 7.2 (d), plaintiff as the movant in this matter comes now to file this brief in reply to defendants' opposition. Plaintiff George Landess served his motion to vacate by mail on April 17, 2008. Rule 7.2 (c) calls for a response to a motion to be filed "within twenty days after filing of a motion." It appears, however, that defendants filed their response to plaintiff's motion

OFFICIAL FILE COPY

IMAGED MAY 2 9 2008

Page 1

PLEADING NO. 5471

on May 20, 2008. Plaintiff suggests that defendants' response is therefore untimely filed and should not be considered. Defendant served his response on May 20, 2008 and, pursuant Rule 7.2 (d) of the Rules of Procedure of the Judicial Panel on Multi-District Litigation and Rule 6 of the Federal Rules of Civil Procedures, plaintiff timely submits this opposition.

## I. PROCEDURAL AND FACTUAL BACKGROUND:

Plaintiff's Motion to Vacate Conditional Transfer Order 304 relative to Civil Action LAM 3:08-81 lays out the procedural background to this case, including the fact that this lawsuit, originally filed in the 18th Judicial District Court for the State of Louisiana (a case rooted in Louisiana entities, witnesses and discovery) had been proceeding in discovery in state court for almost five months when, on November 20, 2007, BRMC and P&O Ports filed a third-party demand against South African Marine Corporation Limited   (hereinafter "SAMC") and Industrial Development Corporation of South Africa Limited (hereinafter "IDC"), largely for purposes of contribution and indemnity.

On February 7, 2008, IDC removed the third-party demand filed on behalf of BRMC and P&O Ports to the United States District Court for the Middle District of Louisiana, alleging it was a foreign entity. On February 22, 2008, the Middle District's Clerk of Court notified this Panel that Mr. George Landess' lawsuit was potentially a "tag along" action. On April 17, 2008, plaintiff filed his Motion to Vacate Conditional Transfer Order 304 relative to Mr. Landess' case, to which BRMC and P&O Ports filed an opposition in response on May 20, 2008, appearing to plaintiff to have filed outside the 20 days post-filing of a motion in which opponents of that motion may file a response in this case. However, plaintiff out of an abundance of caution files this brief in response to defendants' opposition, specifically answering a number of defendants' points raised in their opposition.

## II. LAW AND ARGUMENT:

Defendants misguidedly seize upon the Magistrate's Report recently issued regarding this case in the Middle District to declare a wholly inaccurate supposition: that "the entire basis for plaintiff's argument disintegrated" with the issuing of the Magistrate's Report and Recommendation to deny plaintiff's Motion to Remand or alternatively to Sever the Third-Party Demand from Mr. Landess' underlying state court case.

Plaintiff points out that, even as of the filing of this response, *the Middle District has not yet ruled on whether to remand this case to Louisiana state court.* United States District Judge James Brady has not yet ruled on whether or not to remand this case. Magistrate Stephen Riedlinger himself noted this in a recent status conference on Mr. Landess' case, noting to all counsel present that Judge Brady could very well reject his recommendations and rule that this case should return to state court.

Secondly, however, plaintiff submits that this is not the "entire basis" for his argument at all, but merely a very important procedural consideration plaintiff urges this court to note before allowing a case rooted in Louisiana legal theories, Louisiana witnesses, Louisiana discovery facts and a single Louisiana plaintiff to be transferred for pre-trial purposes to the Multi-District Litigation Panel.

The fact is that simply the involvement of asbestos-related personal injuries does *not* automatically send the case to the Multi-District Litigation panel. The very recent decision of this Panel that defendants cite in their opposition – *In re: Asbestos Products Liability Litigation (No. VI),* 200 WL 1214814 (U.S. Jud. Pan. Mult. Lit. 2008) – itself discusses the fact that a federal district court *remanded to state court* a mesothelioma case involving personal injuries related to asbestos, and how this Panel itself, even though it had discussed the Conditional Transfer Order related to that

case in its March 2008 hearing session, nevertheless regarded the condition transfer as moot because that case had been remanded to Illinois state court. *Id.,* FN 1. This Panel itself there recognizes that, despite the acknowledged purpose of the 1991 decision to consolidate a number of asbestos-related personal injury cases before one court, that nevertheless *not all asbestos-related cases are suitable for transfer to MDL 875.* In the case in question in Illinois, *Sether, et al. V. AGDO Corp., et al,* C.A. No. 3:07-809, the Illinois federal district judge remanded the case to state court because it was not properly before the federal court on a jurisdictional basis. Importantly, the case was *not* automatically transferred simply because of the presence of asbestos-related claims, and the Panel recognized that.

Further, the five other cases that were transferred in that Panel decision to the Eastern District of Pennsylvania for consolidation with the MDL 875 represent very different facts and claims from those in Mr. Landess' case. Both *Laura Contois, etc v. Able Industries, Inc., et al,* C.A. No. 3:07-1328 (Dist. Conn.) and *Mary Ellen Harris, etc. v. Rapid-American Corp., et al,* C.A. No. 1:07-6055 (N.D. Ill.) are cases involving claims against the United States Navy, which in turn raised questions of "federal officer status" for the contractors involved there. Not only do these sorts of claims give rise to a more plausible basis for federal jurisdiction than Mr. Landess' claims against private companies or Louisiana-based entities in his case, but there is certainly more of a likelihooed that claims against such a large employer as the United States Navy may well involve facts similar to other cases already in the Multi-District Litigation – thus furthering the stated purpose of the MDL 875: "the just and efficient conduct of the litigation."

Similarly, *Michael J. McCurdy, et al, v. John Crane-Houdaille, Inc., et al.,* C.A. No. 1:07-268 (attached to *Dortohy Boyd, etc., v. MCIC Inc., et al.,* C.A. No. 1:07-3311, both District of Maryland cases) involved the question of whether one of the places Mr. McCurdy would have been

exposed to asbestos was on board the U.S.S. Intrepid – again, a United States Navy installation involving questions of whether that was a "federal enclave" and therefore involved a "federal question."

In Mr. Landess' case, he has brought claims against Louisiana-based entities, involving not federal installations, but private companies for whom he worked as a longshoreman. In his case, defendants are claiming the right to enter the federal court system based on an alleged "foreign entity," but there is no indication – nor do defendants cite any of these in their opposition – of any facts that are similar to other MDL 875 cases that would allow for the transfer of Mr. Landess' case there to represent "just and efficient conduct of his litigation."

In fact, plaintiff urges here that with more than 95,000 cases before the MDL 875, many of which have been there for more than 16 years – with the first 36, 000 having been transferred with the initial 1991 order transferring many existing asbestos-related personal injury cases to the Eastern District of Pennsylvania – the individualized Louisiana facts, witnesses and entities involved in his case, and the lack of a federal entity being sued, as in most of the cases involved in this Panel's recent transfer of five cases mentioned by defendants, the principles of "just and efficient conduct" of litigation argue to keep Mr. Landess' case in Louisiana.

In the final case transferred in the April 8, 2008 Panel hearing that defendants cite, *Ruth Shamir, etc. v. Agilent Technologies, Inc., et al.,* C.A. No. 2:07-4185 (Dist. N.J.), the District Court there has not ruled on the issue of remand, nor has it consider the reasons for whether or not the case belongs in state court, federal district court or before the MDL, but rather stayed the proceedings of the federal district court saying that "it appear[ed]" that proceedings in that case had been "administratively stayed." pending the outcome of the Multi-District Litigation determination.

Therefore, contrary to defendants' assertions that plaintiff has to look "outside" asbestos

cases to find asbestos-related personal injury cases that are not appropriately transferred to the MDL

875, in fact the very April 2008 Panel decision defendants cite notes a mesothelioma asbestos-related

personal injury case that was remanded to state court, and which this Panel recognized did not

belong before the MDL 875.


### III.  CONCLUSION:

For the reasons more fully explained above, plaintiff George Landess urges this Panel that

for the very reasons for which the asbestos-related Multi-District Litigation was originally created

by the Judicial Panel on Multi-district Litigation – "the just and efficient conduct of litigation" – and

in view of the fact that this Panel has recognized that *not all asbestos-related cases* belong in front

of this panel – for example, those lacking either a proper basis for federal jurisdiction or such

sufficiently similar asbestos-related facts so as to make their inclusion convenient for the parties and

witnesses and in promotion of the "just and efficient conduct" of pre-trial procedure – that

Conditional Transfer Order 304, relative to civil action LAM 3:08-81, should be vacated.


By attorneys:

Edward J. Walters, Jr. (#13214)
Darrel J. Papillion (#23243)
Julie J. Baxter (#29756)
**MOORE, WALTERS, THOMPSON,**
**THOMAS, PAPILLION & CULLENS**
6513 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 766-1100/Fax: (225) 766-1142
Counsel for George Landess

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 MAY 29 A 11: 17

CLERK'S OFFICE
RECEIVED

# CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been mailed, postage prepaid, this date to all known counsel of record:

Stephen W. Glusman
**GLUSMAN, BROYLES & GLUSMAN**
Post Office Box 2711
Baton Rouge, LA 70821
sglusman@bellsouth.net

Patrick E. Costello
**MOULEDOUX, BLAND, LEGRAND & BRACKETT**
Suite 4250, 701 Poydras Street
New Orleans, LA 70139
pcostello@mblb.com

Richard P. Sulzer
**SULZER & WILLIAMS**
201 Holiday Boulevard, Suite 335
Covington, LA 70433
rsulzer@sulzerandwilliams.com

David M. Bienvenu, Jr.
**TAYLOR, PORTER, BROOKS & PHILLIPS**
Post Office Box 2471
Baton Rouge, LA 70821
david.bienvenu@taylorporter.com

Norman C. Sullivan, Jr.
Philip C. Brickman
**FOWLER RODRIGUEZ**
400 Poydras Street, 30th Floor
New Orleans, LA 70130
nsullivan@frc-law.com
prickman@frc-law.com

Charles Schmidt
**CHRISTOVICH & KEARNEY**
601 Poydras Street , Suite 2300
New Orleans, LA 70130
cwschmidt@christovich.com

George J. Nalley, Jr.
**NALLEY & DEW**
2121 Ridgelake Drive, Suite 200
Metairie, LA 70001
george@gnalley.com

Jennifer M. Morris
DUPLASS ZWAIN BOURGEOIS MORTON PFISTER & WEINSTOCK
29th Floor, Three Lakeway Center
3838 N. Causeway Boulevard
Metairie, LA 70002
jmorris@duplass.com

Margaret M. Joffee
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130
mjoffee@dkslaw.com

Baton Rouge, Louisiana this _28_ day of May, 2008.

Darrel J. Papillion

Marion J. Bergeron
664 Belle River Road
Pierre Part, LA 70339

Jacques P. DeGruy
MOULEDOUX BLAND
LEGRAND & BRACKETT
701 Poydras Street
Suite 4250 One Shell Square
New Orleans, LA 70139-4250

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Raymond P. Forceno
FORCENO GOGGIN &
KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

John J. Repcheck
MARKS O'NEILL O'BRIEN &
COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

Wilton E. Bland, III
MOULEDOUX BLAND
LEGRAND & BRACKET
650 Poydras Street
Suite 2150
New Orleans, LA 70130

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Antonio J. Rodriguez
FOWLER RODRIGUEZ
CHALOS
400 Poydras Street
30th Floor
New Orleans, LA 70130

Harold Bourque
209 Palm Street
Port Allen, LA 70767

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Edward J. Cass
GALLAGHER SHARP
FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

Richard D. Schuster
VORYS SATER SEYMOUR &
PEASE
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Neil Selman
SELMAN BREITMAN &
BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

David A. Damico
BURNS WHITE &
HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY
LAW FIRM PC
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis
Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Robert E. Williams, IV
SULZER & WILLIAMS
LLC
201 Holiday Blvd.
Suite 335
Covington, LA 70433