MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 5 2008

FILED
CLERK'S OFFICE

PLEADING NO. 5473

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**IN RE: Asbestos Product Liability Litigation**          **MDL No. 875**
CTO-304
LAM 3:08-81 Landess v. Baton Rouge Marine Contractors, Inc., et al.

---

### BATON ROUGE MARINE CONTRACTORS, INC.'S AND P & O PORTS LOUISIANA, INC.'S REPLY TO PLAINTIFF'S BRIEF IN RESPONSE TO OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 304 RELATIVE TO CIVIL ACTION LAM 3:08-81

MAY IT PLEASE THE COURT:

Baton Rouge Marine Contractors, Inc. ("BRMC") and P & O Ports Louisiana, Inc.

("POLA") offer the following short reply to plaintiff's Response, received by the undersigned

on May 30, 2008.

Plaintiff's argument on page four of his Response that other federal court actions

are somehow more suited for MDL 875 administration because they involve claims against

the U.S. Navy (concerning "federal officer status") must be rejected for two reasons.

First, our case, *Landess v. Baton Rouge Marine Contractors, Inc.*, involves an

important federal issue, namely a claim against two foreign entities who properly removed

the matter from state court to federal court under 28 U.S.C. § 1441(d). Plaintiff's claim that

other cases pending transfer are somehow more important or more suited for the MDL

because they involve a claim against a branch of the U.S. Military must be denied.

Second, plaintiff omits the fact that his case is not based purely upon Louisiana

## OFFICIAL FILE COPY

IMAGED JUN 6 2008

facts, situs and witnesses.  As Magistrate Riedlinger noted in his May 14, 2008 ruling, "[T]hird party plaintiff BRMC alleged that the third party defendants committed acts which directly contributed to the plaintiff's damages."  Unfortunately for plaintiff, this includes South African Marine Corp. and Industrial Development Corp. of South Africa, Ltd., two South Africa-based companies and indeed "foreign" entities within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330.  Contrary to plaintiff's belief, this is not a case to be fully contained within the borders of Baton Rouge, Louisiana.

Similarly, plaintiff's attempt to somehow distinguish his claim on grounds that defendants never cited "any facts that are similar to other MDL 875 cases that would allow for the transfer of Mr. Landess' case there to represent 'just and efficient conduct of his litigation'" is misguided.  As the Panel stated in its recent decision *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 (J.P.M.L. April 8, 2008):

> We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products.

*Id.* at *1.

Accordingly, when the Panel considers that the case at bar is:

- a civil action pending in the Middle District of Louisiana with docket no. 3:08-81

- not currently in trial

- concerned with allegations by plaintiff, George Landess, of personal injury or wrongful death allegedly caused by asbestos or asbestos containing product

this is the crux of what is required for MDL 875 administration. *Id.* (citing *In re: Asbestos*

2

*Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Indeed, this is likely all that need be shown to go forward with MDL pre-trial administration.

Plaintiff's claim that the MDL should govern pre-trial proceedings because of a "lack of federal entity being sued" or that he was not allegedly exposed on a "federal installation" is baseless and irrelevant. If, as plaintiff suggests, only those asbestos cases where a federal entity were sued or where the purported exposure occurred on U.S. Government-owned property were eligible for pre-trial administration by the MDL, the Panel's directive for centralization and economy would be rendered useless. Similarly, plaintiff's claim that his case bears "individualized Louisiana facts" is incorrect factually[1] and irrelevant for purposes of this Panel's jurisdiction over pre-trial matters. Plaintiff's repeated attempt to gut the purpose and mandate of 28 U.S.C. § 1441(d) by suggesting that South African Marine Corp. and/or Industrial Development Corp. of South Africa, Ltd. somehow bent or even broke the rules is without merit and must also be rejected.

Finally, BRMC and POLA respectfully request that both their original opposition and this reply be properly docketed into the record of this Panel. Plaintiff is correct that BRMC and POLA did not serve their original opposition until May 20, 2008. However, plaintiff made absolutely no showing in his brief how, if at all, he was prejudiced by the fact that the opposition was mailed on that date. In fact, because Magistrate Riedlinger's Report and

---

[1]     Plaintiff conveniently omits the presence of the South African defendants in his brief because they undercut his argument that the entire action concerns Louisiana parties. Furthermore, plaintiff's attempt to distance himself from the South Africans on grounds that *he did not sue South African Marine Corp. or Industrial Development Corp. of South Africa, Ltd.*, but BRMC did is a red herring because he claims in his original Petition for Damages that he was exposed to asbestos at the Port of Greater Baton Rouge from December 1961 through July 1963. Upon information, belief and documentation, at least two South African Marine Corp. vessels carrying asbestos docked at the Port during that time period.

3

Recommendation is still under review by U.S. District Judge James Brady, plaintiff was not at all prejudiced by the date BRMC and POLA's original opposition memoranda was filed with the Panel.   Thus, because BRMC and POLA have sufficiently indicated their opposition to plaintiff's motion by the filing of two briefs on the subject, the intent and substantive efforts have been demonstrated.  This issue should simply be classified as a "no harm, no foul."

Respectfully submitted,

PATRICK E. COSTELLO, TA         (#26619)
WILTON E. BLAND, III                  (#3123)
JACQUES P. DeGRUY                 (#29144)
MOULEDOUX, BLAND, LEGRAND
          & BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:    (504) 522-2121
*Attorneys for P&O Ports Louisiana, Inc. and*
*Baton Rouge Marine Contractors, Inc.*
H:\0800\07296 Landess (tort)\Pleadings\MDL\Reply to P's Response to Opposition to P's Motion to Vacate.wpd

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 5 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the __2nd__ day of __June__, 2008, that a copy of the

FILED
CLERK'S OFFICE

above and foregoing has been mailed, postage prepaid, this date to all known counsel or record:

Norman C. Sullivan, Jr.                    Philip C. Brickman

George J. Nalley, Jr.                       Andy Weinstock

Stephen W. Glusman                       See attached Panel Service List

Charles W. Schmidt, III

David M. Bienvenu, Jr.

Darrel J. Papillion

_____

Patrick E. Costello

## MDL Service List:

Darrel J. Papillion
Moore, Walters, Thompson,
   Thomas, Papillion &
   Cullens
6513 Perkins Road
Baton Rouge, LA 70808

Stephen W. Glusman
Glusman, Broyles &
Glusman
P.O. Box 2711
Baton Rouge, LA 70821

Norman C. Sullivan, Jr.
Fowler Rodriguez
400 Poydras Street
30th Floor
New Orleans, LA 70130

George J. Nalley, Jr.
Nalley & Dew
2121 Ridgelake Drive
Suite 200
Metairie, LA 70001

David M. Bienvenu, Jr.
Taylor, Porter, Brooks
   & Phillips
P.O. Box 2471
Baton Rouge, LA 70821

Charles Schmidt
Christovich & Kearney
Pan American Life Center
601 Poydras Street
Suite 2300
New Orleans, LA 70130

Patrick E. Costello
Mouledoux, Bland, Legrand
   & Brackett
701 Poydras Street
Suite 4250
New Orleans, LA 70139

Marion J. Bergeron
664 Belle River Road
Pierre Part, LA 70339

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Harold J. Bourque
209 Palm Street
Port Allen, LA 70767

Philip C. Brickman
Fowler, Rodriguez &
   Chalos
400 Poydras Street
30th Floor
New Orleans, LA 70130

Edward J. Cass
Gallagher Sharp Fulton
   & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001

David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno Goggin & Keller
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Margaret M. Joffe
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Va 23219

Arthur Leith
McGlinchey Stafford, PLC
643 Magazine Street
New Orleans, LA 70139

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

Kenan S. Rand, Jr.
Plauche, Maselli &
   Parkerson
701 Poydras Street
Suite 3800
New Orleans, LA 700139

John J. Repcheck
Marks O'Neill O'Brien &
Courtney, PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

Antonio J. Rodriguez
Fowler Rodriguez Chalos
400 Poydras Street, 30th Flr.
New Orleans, LA 70130

John D. Roven
Roven-Kaplan LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Boulevard
Suite 335
Covington, LA 70433

Richard D. Schuster
Vorys  Sater  Seymour  &
Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman Breitmen & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelly Jasons McGuire &
Spinelli, LLP
Cenrtre Square West
15th Floor
Philadelphia, PA 19102

Robert Swickle
Jaques Admiralty Law
   Firm, PC
The Maritime Asbestosis
   Legal Clinic
1370 Penobscot Building
645 Griswold Street
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Andy Weinstock
Duplass, Zwain, Bourgeois,
   Morton, Pfister &
   Weinstock
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406