

MDL 875

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 05, 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)
    Robert L. Moeller, et al. v. Garlock Sealing          )
        Technologies, LLC, et al., W.D. Kentucky, 3:07-65  )     MDL No. 875

### SEPARATION OF CLAIMS AND REMAND ORDER

**Before the entire Panel**[*]: Defendants Garlock Sealing Technologies, LLC, Anchor Packaging Co., and John Crane, Inc., in this action (*Moeller*) pending in the Eastern District of Pennsylvania have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate that portion of our order, entered at the suggestion of the transferee court, conditionally remanding *Moeller* to the Western District of Kentucky, with the exception of any claims for punitive or exemplary damages that have previously been severed by the transferee court. Responding plaintiffs oppose the motion to vacate.

After considering all argument of counsel, we find that remand of the non-punitive/exemplary damage claims in *Moeller* is appropriate at this time. The following quotation from our precedent is instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

---

[*] Judge Heyburn took no part in the disposition of this matter.

IMAGED JUN 5 2008    OFFICIAL FILE COPY

In *Moeller*, the transferee court has entered a suggestion of remand reflecting its determination that the action's non-punitive/exemplary damage claims should be remanded to the transferor court.[1] The number of Section 1407 remands in MDL No. 875 is proportionately small, because under the transferee court's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as of June 2, 2008, over 77,000 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to depart from the transferee court's conclusions with respect to the appropriateness of remand. We therefore will adopt the transferee court's recommendation and order remand of the suggested claims in *Moeller*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims by plaintiffs in *Moeller* except the severed claims for punitive or exemplary damages are separated and remanded to the Western District of Kentucky.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*   J. Frederick Motz
Robert L. Miller, Jr.           Kathryn H. Vratil
David R. Hansen                 Anthony J. Scirica

---

[1] Responding defendants acknowledge that at a December 2007 settlement conference, their local counsel misinformed the transferee court that defendants did not oppose remand to the Western District of Kentucky. Defendants do not explain what efforts, if any, they undertook before the transferee court to correct that misinformation.