MDL 875●

PLEADING NO. 5475

OFFICIAL FILE COPY

IMAGED JUN 6 2008

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 06, 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)　　　　　　　　　　　　　　　　　　　MDL No. 875

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in eight actions listed on Schedule A and pending in the Central District of California (three actions), Southern District of California, Middle District of Florida, Southern District of Florida (two actions), and District of Rhode Island, respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status,

---

[*]　　Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the Central District of California *Dyer*, Southern District of Florida *Marley* and *Papp*, and District of Rhode Island *Kortekamp* actions.

[1]　　Foster Wheeler Energy Corp. (with respect to the Central District of California *Dyer* and *Munn* actions and the Southern District of California *Ball* action); Viad Corp. (with respect to the Central District of California *Munn* actions and the Southern District of Florida *Marley* and *Papp* actions); Lorillard Tobacco Co. (with respect to the Middle District of Florida *Krause* action); Elliott Turbomachinery Co., Inc. (with respect to the Southern District of Florida *Marley* action); and General Electric Co. (with respect to the District of Rhode Island *Kortekamp* action).

[2]　　Certain plaintiffs argue that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a
(continued...)

the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.[3] We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of June 2, 2008, (1) over 77,000 actions have been closed in the transferee district, and (2) over 1,375 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.[4] *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these eight actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the

---

[2](...continued)
practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

[3] We have also previously rejected the contention, which is again raised by plaintiffs in the three Florida actions here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." *In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001).

[4] We note, for example, that on May 7, 2008, we remanded, on the transferee court's suggestion, an Eastern District of Louisiana action that had been transferred to the MDL – over the plaintiff's objection – only in October of last year. *See Leigh Cole, Sr. v. Northrop Grumman Ship Systems, Inc., et al.*, C.A. No. 2:07-3049. Although the number of Section 1407 remands in MDL No. 875 is proportionately small, this is only because under the transferee court's stewardship, the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings. *See In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d at 1349-50.

- 3 -

Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*   J. Frederick Motz*
Robert L. Miller, Jr.           Kathryn H. Vratil
David R. Hansen                 Anthony J. Scirica

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)　　　　　　　　　　　　　　　　　　　　　　　MDL No. 875

### SCHEDULE A

#### Central District of California

Jerry Dyer, et al. v. Alfa-Laval, Inc., et al., C.A. No. 2:07-7959
Ted Munn, et al. v. CLA-VAL Co., et al., C.A. No. 2:08-248
Ted Munn, et al. v. CLA-VAL Co., et al., C.A. No. 2:08-282

#### Southern District of California

Rodney C. Ball, et al. v. Union Carbide Corp., et al., C.A. No. 3:07-2392

#### Middle District of Florida

Phyllis Krause, etc. v. Bondex International, Inc., et al., C.A. No. 8:07-1954

#### Southern District of Florida

Charles G. Papp, et al. v. Alfa Laval, Inc., et al., C.A. No. 0:07-61827
David A. Marley, et al. v. Elliott Turbomachinery Co., Inc., et al., C.A. No. 1:07-23042

#### District of Rhode Island

Todd Kortekamp, et al. v. 3M Co., et al., C.A. No. 1:08-43