MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

JUN 1 3 2008

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL NO. 875

FILED
CLERK'S OFFICE

THIS DOCUMENT RELATES TO CTO-304 AS IT PERTAINS TO THE
FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED
FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA
(TRANSFEROR JUDGE: MYRON H. THOMPSON):

| | | |
|---|---|---|
| DANIEL R. BROWN, ET AL., | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | **Case No. 2:08-CV-46** |
| | ) | |
| ALBANY INTERNATIONAL, ET AL, | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

PLEADING NO. 5478

## PLAINTIFFS' RESPONSE IN OPPOSITION OF DEFENDANTS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-304)

COMES NOW the Plaintiffs, by and through their attorney of record, and files this Brief in Support of Plaintiffs' Response in Opposition to Defendants National Service Industries, Inc. ("NSI") and Owens-Illinois, Inc. ("O-I") Motion to Vacate the Conditional Transfer Order. Plaintiffs' are opposed to the Defendant's Motion because Plaintiffs have sufficiently established that subject matter jurisdiction exists in this case: Plaintiffs have shown diversity of citizenship between the parties, as well as a satisfaction of the requirements of amount in controversy. Plaintiffs state before this Honorable Court as follows:

OFFICIAL FILE COPY

IMAGED JUN 1 3 2008

## STATEMENT OF FACTS

1.      On or about January 17, 2008, Plaintiffs filed a Complaint to the United States District Court for the Middle District of Alabama. The Complaint alleged personal injuries and/or wrongful deaths suffered as a result of exposure to asbestos-containing products which were manufactured, produced, distributed, sold, installed, specified, and/or marketed by Defendants. *See* Complaint [attached herewith as Exhibit A].

2.      Plaintiffs' Complaint alleges the following charges: I) Alabama Extended Manufacturer's Liability Doctrine; II) Negligence and Intentional Tort; III) Negligence in the Course of Employment; IV) Fradulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy; and V) Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy. *See* Complaint [Exhibit A].

3.      Plaintiffs' Complaint clearly establishes that Plaintiffs are citizens of Alabama and New Mexico. *See* Complaint, p. 6 [Exhibit A].

4.      Plaintiffs' complaint states that: "The amount in controversy, exclusive of interests and costs, exceeds $75,000.00 and is within the jurisdiction of the Court". *See* Complaint, p. 6-7 [Exhibit A].

5.      On April 18, 2008, Defendants NSI and O-I filed a Motion to Vacate The Conditional Transfer Order on the grounds that Plaintiffs had not established subject matter jurisdiction of either diversity of citizenship or of amount in controversy. Plaintiffs respond in Opposition to that Motion as follows:

## ARGUMENT

**I.      The Panel Should Not Vacate The Conditional Transfer Order Because The Federal Courts Do Have Subject Matter Jurisdiction Over Plaintiffs' Action.**

**A. Diversity of Citizenship Exists Between Plaintiffs and Defendants**

Defendants NSI and O-I allege that the Plaintiffs have failed to establish subject matter jurisdiction for the federal courts in this case. Plaintiffs respectfully submit that Plaintiffs' original Complaint clearly establishes that subject matter jurisdiction exists for this case, and that this case is properly brought before the MDL Panel. Specifically, Plaintiffs would argue that Defendants NSI and O-I's argument against subject matter jurisdiction is a trivial dispute of semantics that goes against commonly accepted practices of legal writing. Plaintiffs further argue that Defendant's Motion to Vacate is petty, lacks necessary foundation, and is meant only to delay and harass the smooth continuation of Plaintiffs' action.

Plaintiffs' Complaint clearly indicates that Plaintiffs are citizens of Alabama and New Mexico and that diversity of citizenship exists between Plaintiffs and Defendant corporations. Defendants NSI and O-I have implied that the use of the phrase "resident citizens" means only that the individual Plaintiffs are residents of a state, and not citizens of it. Plaintiffs contend that this is a trivial and baseless argument. Plaintiffs' use of the phrase "resident citizens" is a clear reference to the simple fact that individual plaintiffs reside in the states of which they are citizens. Moreover, the mere use of the word "citizens" clearly and concretely identifies the Plaintiffs as citizens of the specified states; the fact that Plaintiffs also reside in these states goes to further strengthen the inference of citizenship. The Defendant's misapplied, linear focus on the word "resident" wholly negates the overall meaning of the phrase, and should not be interpreted as such.

Furthermore, use of the phrase "resident citizens" and similar expressions is not only an accepted practice of legal writing, it is also one that is used commonly by the federal courts of this nation. For example, the Court of Appeals for the Eleventh Circuit, the very Court which issued the *Beavers v. A.O. Smith Electrical* opinion that Defendants NSI and O-I cite so extensively, has itself referred to Plaintiffs as "resident citizens" and has upheld diversity of jurisdiction based on that description. In its decision in *McCormick v. Aderholt*, the Eleventh Circuit Court of Appeals states:

> In light of the foregoing, we find that the district court did not err in finding that the plaintiff is and was at the time of filing suit, a **resident citizen** of Florida. Because McCormick's citizenship is diverse from Aderholt's, the district court properly exercised subject-matter jurisdiction over this case.

*McCormick v. Aderholt*, 293 F. 3rd 1254, 1258 (11 Cir. 2002)(emphasis added). The Eleventh Circuit upheld this finding despite the Plaintiff's significant ties to the state of Alabama, of which the Defendant was a citizen. *Id.* Furthermore, this is not the only case in which the Eleventh Circuit Court of Appeals has accepted the use of this phrase.

In 1994, the Eleventh Circuit impliedly adopted the term "resident citizen", used in Plaintiff's Complaint to indicate a lack of diversity between parties, when it relied on that description in denying federal question jurisdiction. *Hill v. Marston*, 13 F. 3rd 1548 (11 Cir. 1994). The Court held that federal jurisdiction did not exist where there was no federal question present in the case; since the parties were admittedly "resident citizens" of the same state, diversity of citizenship could not be applied to otherwise remove the case to federal court. *Id.* Even more persuasively, the United States Supreme Court has also upheld the use of the phrase "resident citizen", and has interpreted it to mean that an

4

individual is an "inhabitant, resident and citizen" of a particular state. *Missouri, K. & T.R. Co. v. Wulf*, 226 U.S. 570, 572 (1912).

Defendants NSI and O-I correctly state that "[c]itizenship, not residency, is the key fact that must be alleged in the complaint to establish diversity for a natural person"; however, the Defendants conveniently ignore the accepted legal meaning of the phrase "resident citizen" as has been previously interpreted by the Eleventh Circuit Court of Appeals and the United States Supreme Court. A "resident citizen" is recognized as an "inhabitant, resident and citizen" of a state; therefore, the Defendant's argument that diversity of citizenship does not exist is misplaced and should be denied.

### B. The Amount In Controversy Requirement Has Been Satisfied

Defendants NSI and O-I also allege that subject matter jurisdiction does not exist due to a Plaintiffs' failure to establish that the $75,000.00 amount in controversy requirement has been satisfied. *See* Brief in Support of Defendants Motion to Vacate, p. 5. The Defendants base this argument on the theory that each individual Plaintiff's claim must meet or exceed $75,000.00 in damages. Plaintiff asserts that each individual Plaintiff's amount in controversy does meet or exceed $75,000 in damages as evident by the clear language in Plaintiffs' Complaint. Plaintiffs declare in their Complaint that, "Plaintiffs allege and complain against the above-named Defendants, and ***each*** demands a jury trial of all issues and causes of actions:". *See* Complaint, p. 6 [Exhibit A] (emphasis added). The Complaint thereafter goes on to state that, "[t]he amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the Court." *See* Complaint, p. 6-7 [Exhibit A]. Plaintiffs assert that it is clear on the face of the Complaint that the amount in controversy is applicable to each

Plaintiff named in the Complaint.  Further,  by virtue of the very fact that the first sentence of the Complaint sets forth the clearly word "each" followed thereafter by a colon and the applicable amount in controversy requirement, that each Plaintiff has adequately plead the amount in controversy needed to proceed with their cause of action.

In the alternative, should this court not find that each Plaintiff has adequate plead the amount in controversy requirement, Plaintiffs assert that only one Plaintiff need to satisfy this requirement in order to proceed with the cause of action.  In *Exxon Mobil Corp. v. Allapattah Services*, the United States Supreme Court held that:

> where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction

*Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 549 (2005).  Interestingly, the Supreme Court's decision was an affirmation of the decision previously rendered by the Eleventh Circuit Court of Appeals, which also held that jurisdiction of a diversity class action did not fail for lack of amount in controversy where at least one of the class members met the requirement. *Allapattah Servs, Inc. v. Exxon Corp.*, 333 F. 3rd 1248, 1256 (11 Cir. 2003).  Similar findings have also been issued by the Courts of Appeals for the Fourth, Fifth, Sixth and Seventh Circuits. *Exxon Corp.* at 551.  The consistency of these precedents indicates that Defendants are mistaken in their argument that Plaintiffs' action must fail if each individual Plaintiff cannot meet the amount in controversy requirement.

Plaintiffs' Complaint clearly states that the amount in controversy exceeds the $75,000.00 requirement.  This statement indicates that Plaintiffs' have met the burdens

outlined in *Exxon Services* that at least one Plaintiff have an amount in controversy which exceeds $75,000.00, and thus that all Plaintiffs are thereby approved under the Supreme Court's meaning and intent in *Exxon Services*. Defendants NSI and O-I's assertion that Plaintiffs must prove that each individual claim exceeds the amount in controversy is erroneous and is not in line with precedent. As such, the Defendant's argument that the amount of controversy has not been met should be denied.

## CONCLUSION

Defendants NSI and O-I's Motion to Vacate the Conditional Transfer Order should be denied. Plaintiffs respectfully submit that Defendants NSI and O-I's argument against subject matter jurisdiction is nothing more than a combination of myopic interpretation of semantics and mistaken applications of law, designed primarily to delay and harass the smooth continuation of Plaintiffs' action. For these reasons, Plaintiffs respectfully request that the Multidistrict Panel deny Defendants NSI and O-I's Motion to Vacate the Conditional Transfer Order.

Respectfully submitted this 16th day of May, 2008.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiff*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE: 205-871-0801
EMAIL:        alasbestos@mesohelp.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 13 2008

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that on this 16th day of May, 2008, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will automatically

send e-mail notification to the attorneys of record.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE: 205-871-0801
EMAIL:        alasbestos@mesohelp.com

8

# Counsel Served via ECM/CF

**Defendant**

| | | |
|---|---|---|
| **Albany International** | represented by | **Keith James Pflaum**<br>Porterfield Harper Mills & Motlow PA<br>PO Box 530790<br>Birmingham, AL 35253-0790<br>205-980-5000<br>Fax: 205-980-5001<br>Email: cec@phm-law.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Allis-Chalmer Corporation Product Liability Trust** | represented by | **Haley Andrews Cox**<br>Lightfoot, Franklin & White LLC<br>400 20th Street North<br>Birmingham, AL 35203<br>205-581-1519<br>Email: hcox@lightfootlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**William Larkin Radney, IV**<br>Lightfoot Franklin & White LLC<br>The Clark Building<br>400 20th Street North<br>Birmingham, AL 35203-3200<br>205-581-0700<br>Fax: 581-0799<br>Email: lradney@lightfootlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **American Optical Corporation** | represented by | **Freddie Neal Harrington, Jr**<br>Scott, Sullivan, Streetman & Fox, P.C.<br>2450 Valleydale Road<br>Birmingham, AL 35244<br>205-967-9675<br>Fax: 205-967-7563<br>Email: fharrington@sssandf.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Anchor Packing** represented by **Edward Bailey McDonough, Jr.**
**Company**                                    Edward B. McDonough, Jr., P.C.
                                               P.O. Box 1943
                                               Mobile, AL 36633
                                               251-432-3296
                                               Fax: 251-432-3300
                                               Email: ebm@emcdonoughlaw.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Gary W. Fillingim**
                                               Edward B. McDonough, Jr., P.C.
                                               PO Box 1943
                                               Mobile, AL 36633
                                               (251) 432-3296
                                               Fax: 432-3300
                                               Email: gwf@emcdonoughlaw.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Arvinmeritor,** represented by **Elizabeth B Padgett**
**Inc.**                                       Hawkins & Parnell LLP
                                               303 Peachtree Street NE
                                               Suite 4000
                                               Atlanta, GA 30308
                                               404-614-7455
                                               Email: epadgett@hplegal.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Evelyn M. Fletcher**
                                               Hawkins & Parnell, LLP
                                               303 Peachtree Street, NE
                                               Suite 4000
                                               Atlanta, GA 30308
                                               404-614-7400
                                               Fax: 404-614-7500
                                               Email: efletcher@hplegal.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Asten Johnson,** represented by **Clifton W. Jefferis**
**Inc.**                                       Forman Perry Watkins Krutz & Tardy, LLP
*individually and*                             P.O. Box 22608
*as successor in*                              Jackson, MS 39201-2608

*interest to Asten,*
*Inc., successor in*
*interest by way*
*of name change*
*to Asten Group,*
*Inc., formerly*
*trading as Asten-*
*Hills*
*Manufacturing*
*Co.*

601-960-8625
Fax: 601-960-8613
Email: jefferiscw@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G House, III**
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar Street, Suite 100
Post Office Box 22608
Jackson, MS 39201
601-960-3184
Fax: 601-960-8613
Email: housejg@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer**                represented by  **Elizabeth B Padgett**
**Cropscience,**                         (See above for address)
**Inc.**                                 *LEAD ATTORNEY*
*individually and*                       *ATTORNEY TO BE NOTICED*
*as successor to*
*Aventis*
*Cropscience*                            **Evelyn M. Fletcher**
*USA, Inc.*                              (See above for address)
*Benjamin Foster*                        *LEAD ATTORNEY*
*Co.*                                    *ATTORNEY TO BE NOTICED*
*formerly known*
*as*
Rhone-Poulence
AG Co.
*formerly known*
*as*
Amchem,
Products, Inc.

**Defendant**

**Bechtel**              represented by  **Bechtel Construction Company**
**Construction**                         c/o Its Registered Agent for Service
**Company**                              Corporation Trust Company of Nevada
                                         6100 Neil Road, Suite 500
                                         Reno, NV 89511
                                         PRO SE

**Defendant**

**Bell & Gossett**       represented by  **Timothy Wade Knight**

*a subsidiary of*
*ITT Industries*
*TERMINATED:*
*03/27/2008*

Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
205-968-9900
Fax: 205-968-9909
Email: tk@keeselby.com
*TERMINATED: 03/27/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lucy Westover Jordan**
Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
205-968-9900
Fax: 205-968-9909
Email: lj@keeselby.com
*TERMINATED: 03/27/2008*
*ATTORNEY TO BE NOTICED*

## Defendant

**Bondex**
**International**
**Inc.**

represented by **F. Grey Redditt, Jr.**
Vickers, Riis, Murray and Curran, LLC
Eleventh Floor, Regions Bank Building
106 Saint Francis Street
Post Office Drawer 2568
Mobile, AL 36652-2568
251-432-9772
Fax: 251-432-9781
Email: gredditt@vickersriis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Allen Clarke**
Vickers Riis Murray Curran LLC
PO Drawer 2568
Mobile, AL 36652-2568
251-432-9772
Fax: 251-432-9781
Email: tclarke@vickersriis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**BP America**       represented by **Donald C. Partridge**

*as successor in
interest to
Amoco Chemical
Co, Amoco
Chemicals Co,
Plaskon
Electronic
Minerals,
Avisuncorp,
Carborundum,
Atlantic
Richfield
Co/Arco Metals,
as successor in
interest to
Anaconda
American Brass
Co, American
Brass Co.,
Anaconda C*

Forman Perry Watkins Krutz & Tardy LLP
P. O. Box 22608
Jackson, MS 39225
601-974-8775
Fax: 601-960-8613
Email: partridgedc@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G House, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
Forman Perry Watkins Krutz & Tardy LLP
PO Box 22608
Jackson, MS 39225-2608
601-969-4297
Fax: 601-960-8613
Email: goodsonld@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
Forman Perry Watkins Krutz & Tardy LLP
Post Office Box 22608
Jackson, MS 39225
601-969-4272
Fax: 601-960-8613
Email: crumprm@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BP Amoco
Chemical
Company**

represented by **Donald C. Partridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G House, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Buffalo Pumps, Inc.**          represented by    **Edward Bailey McDonough, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary W. Fillingim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**          represented by    **James Addison Harris, III**
*successor by*                                  Harris & Harris, LLP
*merger to CBS*                                 2100-A SouthBridge Parkway
*Corporation*                                   Suite 570
*formerly known*                                Birmingham, AL 35209
*as*                                            205-871-5777
Viacom Inc.                                     Fax: 205-871-0029
*formerly known*                                Email: jamey@harris-harris.com
*as*                                            *LEAD ATTORNEY*
Westinghouse                                    *ATTORNEY TO BE NOTICED*
Electric
Corporation                                     **Nicole Mapp Hardee**
                                                Harris & Harris, LLP
                                                2501 20th Place S
                                                Colonial Bank Bldg
                                                Suite 450
                                                Birmingham, AL 35223
                                                (205) 871-5777
                                                Fax: 205-871-0029
                                                Email: nicole@harris-harris.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corporation**          represented by    **Elizabeth B Padgett**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evelyn M. Fletcher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Clark-Reliance Corporation** | represented by | **Connie Ray Stockham**<br>Stockham, Carroll & Smith, P.C.<br>2204 Lakeshore Drive<br>Suite 114<br>Birmingham, AL 35209<br>205-879-9954<br>Fax: 205-879-9990<br>Email: crs@stockhampc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Cleaver Brooks**<br>*a division of*<br>*Aqua Chem* | represented by | **Stephen Christopher Collier**<br>Hawkins & Parnell, LLP<br>303 Peachtree St. NE 4000<br>Atlanta, GA 30308<br>404-614-7479<br>Fax: 404-614-7500<br>Email: ccollier@hplegal.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Conwed Corporation** | represented by | **Nathaniel Austin Bosio**<br>Dogan Wilkinson Kinard Smith & Edwards PLLC<br>734 Delmas Avenue<br>Pascagoula, MS 39567<br>228-762-2272<br>Fax: 228-762-3223<br>Email: nbosio@doganwilkinson.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Cooper Industries, LLC**<br>*f/n/a Cooper*<br>*Industries, Inc.,* | represented by | **Stephen Christopher Collier**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

*individually and
as successor in
interest to
Crouse-Hinds*

**Defendant**

**Crane Co.**          represented by   **F. Grey Redditt, Jr.**
*individually and*                     (See above for address)
*as successor in*                      *LEAD ATTORNEY*
*interest to*                          *ATTORNEY TO BE NOTICED*
*Deming Pump,*
*Cyclotherm,*                          **Timothy Allen Clarke**
*Hydro-Aire,*                          (See above for address)
*Lear Romec,*                          *LEAD ATTORNEY*
*Resistoflex,*                         *ATTORNEY TO BE NOTICED*
*Swartwout Co.,*
*Stockham Valve*
*Company,*
*Weinman Pump*
*Co, Chempump,*
*& Burks Pumps*

**Defendant**

**Crane Pumps**        represented by   **F. Grey Redditt, Jr.**
**Systems**                            (See above for address)
*individually and*                     *LEAD ATTORNEY*
*as successor to*                      *ATTORNEY TO BE NOTICED*
*all pump*
*companies*                            **Timothy Allen Clarke**
*acquired by*                          (See above for address)
*Crane*                                *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Crown, Cork &**      represented by   **Walter Thompson Gilmer, Jr.**
**Seal Company,**                      McDowell, Knight, Roedder & Sledge, L.L.C.
**Inc.**                               PO Box 350
                                       Mobile, AL 36601-0350
                                       251-432-5300
                                       Fax: 205-432-5303
                                       Email: wgilmer@mcdowellknight.com
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Crown**              represented by   **Walter Thompson Gilmer, Jr.**
**Holdings, Inc.**                     (See above for address)

*successor in*          *LEAD ATTORNEY*
*interest to*           *ATTORNEY TO BE NOTICED*
*Mundet Cork*
*Corp.*

**Defendant**

**Cutler Hammer**  represented by  **Edwin Bryan Nichols**
*currently*                         Maynard, Cooper & Gale, P.C.
*referred to as*                    1901 Sixth Avenue North
*Eaton Electrical,*                 Suite 2400
*Inc.*                              Birmingham, AL 35203
                                   205-254-1184
                                   Fax: 205-254-1999
                                   Email: bnichols@maynardcooper.com
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **John Albert Smyth, III**
                                   Maynard, Cooper & Gale, P.C.
                                   1901 Sixth Avenue North
                                   Suite 2400
                                   Birmingham, AL 35203-2618
                                   205-254-1029
                                   Fax: 205-254-1999
                                   Email: jsmyth@maynardcooper.com
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Thomas Gerald Delawrence**
                                   Maynard, Cooper & Gale
                                   1901 6th Ave N
                                   Suite 2400 Harbert Plaza
                                   Birmingham, AL 35203
                                   205-254-1194
                                   Fax: 205-254-1999
                                   Email: tdelawrence@maynardcooper.com
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**D. B. Riley,**  represented by  **Donald Alan Windham, Jr.**
**Incorporate**                   Balch & Bingham LLP
                                   401 East Capitol Street
                                   Suite 200
                                   Jackson, MS 39201
                                   601-965-8178
                                   Fax: 866-830-1506

Email: awindham@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eaton
Corporation**      represented by  **Edwin Bryan Nichols**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Albert Smyth, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Gerald Delawrence**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Emerson
Electric Co.**      represented by  **Haley Andrews Cox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melody Hurdle Eagan**
Lightfoot Franklin & White LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
205-581-0777
Fax: 205-581-0799
Email: meagan@lightfootlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Larkin Radney, IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FMC
Corporation**
*individually and
on behalf of its*      represented by  **Allan Rexford Wheeler**
Burr & Forman LLP
420 North 20th Street
Suite 3400

*former*
*Construction*
*Equipment*
*Group, and*
*former Peerless*
*Pump Division,*
*Coffin Turbo*
*Pumps, and*
*Chicago Pump,*
*business*

Birmingham, AL 35203
205-251-3000
Fax: 205-458-5100
Email: awheeler@burr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Paul Cavender**
Burr & Forman LLP
420 North Twentieth Street
Suite 3400
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5100
Email: pcavende@burr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Foseco, Inc.**        represented by   **Elizabeth B Padgett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evelyn M. Fletcher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Foster-Wheeler**   represented by   **F. Grey Redditt, Jr.**
**Corporation**                               (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Allen Clarke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Garlock Sealing**   represented by   **Edward Bailey McDonough, Jr.**
**Technologies**                            (See above for address)
**L.L.C.**                                         *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary W. Fillingim**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific**   represented by  **Allan Rexford Wheeler**
**Corporation**                          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Paul Cavender**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General**        represented by  **Jenelle Rae Evans**
**Electric**                       Balch & Bingham, LLP
**Company**                    1901 6th Ave N, suite 2700
Birmingham, AL 35203
205-226-8760
Fax: 205-488-5686
Email: jevans@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Schuyler Allen Baker, Jr.**
Balch & Bingham
PO Box 306
1710 Sixth Avenue, North
Birmingham, AL 35201-0306
205-226-3416
Fax: 205-488-5880
Email: abaker@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Goodyear Tire**   represented by  **Goodyear Tire and Rubber Co.**
**and Rubber Co.**                 c/o Its Registered Agent
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808
PRO SE

**Defendant**

**Goulds Pumps**   represented by  **F. Grey Redditt, Jr.**

Inc.

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Allen Clarke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Guard-Line,**          represented by   **Nathaniel Austin Bosio**
**Inc.**                                 (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Hobart**               represented by   **Timothy Wade Knight**
**Brothers**                             (See above for address)
**Company**                              *TERMINATED: 03/27/2008*
*TERMINATED:*                            *LEAD ATTORNEY*
*03/27/2008*                             *ATTORNEY TO BE NOTICED*

                                         **Lucy Westover Jordan**
                                         (See above for address)
                                         *TERMINATED: 03/27/2008*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell, Inc.**      represented by   **Frank Edward Lankford, Jr.**
*specifically*                           Huie Fernambucq Stewart LLP
*excluding*                              Three Protective Center
*liability for*                          2801 Highway 280 South, Suite 200
*Narco,*                                 Birmingham, AL 35223-2484
*individually and*                       205-251-1193
*as successor to*                        Fax: 205-251-1256
*Allied Signal,*                         Email: fel@hfsllp.com
*Bendix,*                                *LEAD ATTORNEY*
*Wheelabrator,*                          *ATTORNEY TO BE NOTICED*
*Rust*
*Engineering, and*                       **Jenelle Rae Evans**
*Allied Chemical*                        (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Schuyler Allen Baker, Jr.**
                                         (See above for address)
                                         *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Imo Industries, Inc.** *formerly IMO De Laval, formerly Transamerica De Laval Turbine* | represented by | **Brian P. McCarthy** McDowell, Knight, Roedder & Sledge, L.L.C. PO Box 350 Mobile, AL 36601-0350 251-432-5300 Fax: 432-5303 Email: bmccarthy@mcdowellknight.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Frederick George Helmsing, Jr.**
McDowell, Knight, Roedder & Sledge, L.L.C.
Post Office Box 350
Mobile, AL 36601-0350
251-431-8818
Fax: 251-432-5303
Email: fhelmsing@mcdowellknight.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Industrial Holdings Corporation** *formerly known as* The Carborundum Company | represented by | **Donald C. Partridge** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**James G House, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Ingersoll-Rand Company** | represented by | **Donald C. Partridge** (See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G House, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **ITT Industries, Inc.** *TERMINATED: 03/27/2008* | represented by | **Timothy Wade Knight** (See above for address) *TERMINATED: 03/27/2008* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Lucy Westover Jordan** (See above for address) *TERMINATED: 03/27/2008* *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **John Crane, Inc.** *formerly known as* John Crane Packing Company | represented by | **Frank Edward Lankford, Jr.** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Kaiser Gypsum Company, Inc.** | represented by | **Vincent A. Noletto, Jr.** Carr Allison 6251 Monroe Street Suite 200 Daphne, AL 36526 251-626-9340 Fax: 251-626-8928 |

Email: vnoletto@carrallison.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kelly-Moore**          represented by   **William T. Mills, II**
**Paint Company,**                        Porterfield Harper & Mills PA
**Inc.**                                  PO Box 530790
                                          Birmingham, AL 35253-0790
                                          205-980-5000
                                          Fax: 980-5001
                                          Email: mrs@phm-law.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**The Lincoln**          represented by   **Timothy Wade Knight**
**Electric**                              (See above for address)
**Company**                               *TERMINATED: 03/27/2008*
*TERMINATED:*                             *LEAD ATTORNEY*
*03/27/2008*                              *ATTORNEY TO BE NOTICED*

                                          **Lucy Westover Jordan**
                                          (See above for address)
                                          *TERMINATED: 03/27/2008*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Koppers**              represented by   **Allan Rexford Wheeler**
**Industries**                            (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **C. Paul Cavender**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Maremont**             represented by   **Elizabeth B Padgett**
**Corporation**                           (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Evelyn M. Fletcher**
                                          (See above for address)
                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Metropolitan Life Insurance Company** | represented by | **Michael Anthony Vercher**<br>Christian & Small, LLP<br>505 20th Street North<br>Suite 1800<br>Birmingham, AL 35203<br>205-250-6621<br>Fax: 205-328-7234<br>Email: mavercher@csattorneys.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **National Service Industries, Inc.** *formerly known as* North Bothers, Inc. | represented by | **Anthony Cameron Harlow**<br>Starnes & Atchison<br>PO Box 598512<br>Birmingham, AL 35259-8512<br>205-868-6000<br>Fax: 205-868-6099<br>Email: ach@starneslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Oglebay Norton Company** | represented by | **Cyrus C Barger, III**<br>Jude & Jude, PLLC<br>6424 US Hwy 98 W<br>Ste. 50<br>Hattiesburg, MS 39402<br>601-579-8411<br>Fax: 601-579-8461<br>Email: tresbarger@judelawfirm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Owens-Illinois, Inc.** | represented by | **Anthony Cameron Harlow**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **P&H Cranes** | represented by | **William T. Mills, II**<br>(See above for address)<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Pneumo Abex LLC** *successor in interest to Abex Corporation* | represented by | **Brian Mitchell Blythe** Bradley Arant Rose & White 1819 Fifth Avenue North Birmingham, AL 35203 205-521-8000 Fax: 205-521-8800 Email: bblythe@bradleyarant.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Joel M Kuehnert**
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
205-521-8000
Fax: 205-521-8800
Email: jkuehnert@bradleyarant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terrance Michael Brown**
Bradley Arant Rose & White LLP - Bham
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
205-521-8462
Fax: 205-488-6462
Email: mbrown@bradleyarant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Rapid American Corporation** | represented by | **Rapid American Corporation** c/o Its Registered Agent for Service The Prentice Hall Corporation System Inc 2711 Centerville Road, Suite 400 Wilmington, DE 19808 PRO SE |

**Defendant**

| | | |
|---|---|---|
| **Riley Inc.** *formerly known as* | represented by | **Riley Inc.** c/o Its Registered Agent CT Corporation System |

| | | |
|---|---|---|
| Babcock Borsig Power, Inc. *also known as* Riley Stoker Corporation | | 5 Neponset Street Worcester, MA 01606 PRO SE |

**Defendant**

| | | |
|---|---|---|
| **Rockbestos-Suprenant Cable Corporation** *formerly known as* The Rockbestos Company | represented by | **Haley Andrews Cox** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED*<br><br>**William Larkin Radney, IV** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Rockwell Automation** *successor by merger to Allen-Bradley Co., LLC.* | represented by | **Helen Kathryn Downs** Johnston, Barton, Proctor & Rose LLP Colonial Brookwood Center 569 Brookwood Village, Suite 901 Birmingham, AL 35209 205-458-9400 Fax: 205-458-9500 Email: hkd@johnstonbarton.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED*<br><br>**Shayana Boyd Davis** Johnston, Barton, Proctor & Rose LLP Colonial Brookwood Center 569 Brookwood Village, Suite 901 Birmingham, AL 35209 205-458-9469 Fax: 205-458-9500 Email: sdavis@johnstonbarton.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED*<br><br>**William Donald Jones, III** Johnston, Barton, Proctor & Rose LLP Colonial Brookwood Center 569 Brookwood Village, Suite 901 Birmingham, AL 35209 205-458-9424 Fax: 205-458-9500 |

Email: wjones@johnstonbarton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Schneider**          represented by  **Schneider Electric Industries**
**Electric**                           c/o Its President
**Industries**                         1415 South Roselle Road
*S.A.S., North*                        Palatine, IL 60067
*American*                             PRO SE
*Division*

**Defendant**

**Sepco**              represented by  **Frank Edward Lankford, Jr.**
**Corporation**                        (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Square D**           represented by  **Edward Bailey McDonough, Jr.**
**Company**                            (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Gary W. Fillingim**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Sunbeam**            represented by  **Randi Peresich Mueller**
**Products**                           Page, Mannino, Peresich & McDermott, PLLC
**Incorporated**                       460 Briarwood Drive, Suite 415
*formerly known*                       Post Office Box 16450
*as*                                   Jackson, MS 39236
Sunbeam                                601-896-0114
Corporation                            Fax: 601-896-0145
                                       Email: rmueller@pmp.org
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Surface**            represented by  **David Whittington McDowell**
**Combustion**                         Baker Donelson Bearman Caldwell & Berkowitz PC
                                       1600 SouthTrust Tower
                                       420 North 20th Street
                                       Birmingham, AL 35203-5202
                                       205-250-8312

Fax: 205-488-3712
Email: dmcdowell@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TH Agriculture**   represented by   **Roger Charles Foster**
**& Nutrition**                       Laney & Foster, P.C.
**LLC**                               P O Box 43798
                                      Birmingham, AL 35243-0798
                                      205-986-4405
                                      Fax: 205-298-8441
                                      Email: rcfoster@laneyfoster.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Thiem**           represented by   **Allan Rexford Wheeler**
**Corporation**                      (See above for address)
*successor by*                       *LEAD ATTORNEY*
*merger to*                          *ATTORNEY TO BE NOTICED*
*Universal*
*Refractories*                       **C. Paul Cavender**
*Corp.*                              (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Trane US, Inc.**   represented by   **Timothy Wade Knight**
*TERMINATED:*                         (See above for address)
*03/27/2008*                          *TERMINATED: 03/27/2008*
*formerly known*                      *LEAD ATTORNEY*
*as*                                  *ATTORNEY TO BE NOTICED*
American
Standard, Inc.                        **Lucy Westover Jordan**
*TERMINATED:*                         (See above for address)
*03/27/2008*                          *TERMINATED: 03/27/2008*
                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**USX**             represented by   **Allan Rexford Wheeler**
**Corporation**                      (See above for address)
*as successor in*                    *LEAD ATTORNEY*
*interest to*                        *ATTORNEY TO BE NOTICED*
*United States*
*Steel, LLC*                         **C. Paul Cavender**
*formerly known*                     (See above for address)

*as Tennessee*                         *LEAD ATTORNEY*
*Coal and Iron*                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide**      represented by  **Elizabeth B Padgett**
**Corporation**                        (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Evelyn M. Fletcher**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Uniroyal Fiber**     represented by  **Laura DeVaughn Goodson**
**& Textile**                          (See above for address)
**Division of**                        *LEAD ATTORNEY*
**Uniroyal, Inc.**                     *ATTORNEY TO BE NOTICED*

**Defendant**

**United States**      represented by  **Allan Rexford Wheeler**
**Steel**                              (See above for address)
**Corporation**                        *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **C. Paul Cavender**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Warren Pumps,**      represented by  **William T. Mills, II**
**Inc.**                               (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Zurn**               represented by  **Zurn Industries, Inc.**
**Industries, Inc.**                   c/o Its Registered Agent
                                       CT Corporation
                                       350 N. St. Paul Street
                                       Dallas, TX 75201
                                       PRO SE

KEAHEY LAW OFFICE    Fax 2058710801          Jun 13 2008 09:55am  P001

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 13 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2008, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will automatically

send e-mail notification to the attorneys of record. In addition, for those attorneys not

registered with CM/ECF, I have mailed via U.S. Mail the documents on the date of June

13, 2008.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE: 205-871-0801
EMAIL:        alasbestos@mesohelp.com

## Counsel Served via ECM/CF

**Keith James Pflaum**
Porterfield Harper Mills & Motlow P.A.
PO Box 530790
Birmingham, AL 35253-0790
205-980-5000
Fax: 205-980-5001
Email: cec@phm-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Haley Andrews Cox**
Lightfoot, Franklin & White LLC
400 20th Street North
Birmingham, AL 35203
205-581-1519
Email: hcox@lightfootlaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**William Larkin Radney, IV**
Lightfoot Franklin & White LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
205-581-0700
Fax: 581-0799
Email: lradney@lightfootlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Freddie Neal Harrington, Jr**
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
205-967-9675
Fax: 205-967-7563
Email: fharrington@sssandf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Bailey McDonough, Jr.**
Edward B. McDonough, Jr., P.C.
P.O. Box 1943
Mobile, AL 36633
251-432-3296
Fax: 251-432-3300
Email: ebm@emcdonoughlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary W. Fillingim**
Edward B. McDonough, Jr., P.C.
PO Box 1943
Mobile, AL 36633
(251) 432-3296
Fax: 432-3300
Email: gwf@emcdonoughlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth B Padgett**

Hawkins & Parnell LLP
303 Peachtree Street NE
Suite 4000
Atlanta, GA 30308
404-614-7455
Email: epadgett@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evelyn M. Fletcher**
Hawkins & Parnell, LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30308
404-614-7400
Fax: 404-614-7500
Email: efletcher@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clifton W. Jefferis**
Forman Perry Watkins Krutz & Tardy, LLP
P.O. Box 22608
Jackson, MS 39201-2608
601-960-8625
Fax: 601-960-8613
Email: jefferiscw@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G House, III**
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar Street, Suite 100
Post Office Box 22608
Jackson, MS 39201
601-960-3184
Fax: 601-960-8613
Email: housejg@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth B Padgett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

KEAHEY LAW OFFICE     Fax 2058710801          Jun 13 2008 09:55am P004

**Evelyn M. Fletcher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bechtel Construction Company**
c/o Its Registered Agent for Service
Corporation Trust Company of Nevada
6100 Neil Road, Suite 500
Reno, NV 89511
PRO SE

**Timothy Wade Knight**
Kee & Selby LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
205-968-9900
Fax: 205-968-9909
Email: tk@keeselby.com
*TERMINATED: 03/27/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lucy Westover Jordan**
Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
205-968-9900
Fax: 205-968-9909
Email: lj@keeselby.com
*TERMINATED: 03/27/2008*
*ATTORNEY TO BE NOTICED*

**F. Grey Redditt, Jr.**
Vickers, Riis, Murray and Curran, LLC
Eleventh Floor, Regions Bank Building
106 Saint Francis Street
Post Office Drawer 2568
Mobile, AL 36652-2568
251-432-9772
Fax: 251-432-9781

Email: gredditt@vickersriis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Allen Clarke**
Vickers Riis Murray Curran LLC
PO Drawer 2568
Mobile, AL 36652-2568
251-432-9772
Fax: 251-432-9781
Email: tclarke@vickersriis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Donald C. Partridge**
Forman Perry Watkins Krutz & Tardy LLP
P. O. Box 22608
Jackson, MS 39225
601-974-8775
Fax: 601-960-8613
Email: partridgedc@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**James G House, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
Forman Perry Watkins Krutz & Tardy LLP
PO Box 22608
Jackson, MS 39225-2608
601-969-4297
Fax: 601-960-8613
Email: goodsonld@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Richard M. Crump**
Forman Perry Watkins Krutz & Tardy LLP
Post Office Box 22608
Jackson, MS 39225
601-969-4272
Fax: 601-960-8613

Email: crumprm@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Donald C. Partridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G House, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Edward Bailey McDonough, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary W. Fillingim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**James Addison Harris, III**
Harris & Harris, LLP
2100-A SouthBridge Parkway
Suite 570
Birmingham, AL 35209
205-871-5777
Fax: 205-871-0029
Email: jamey@harris-harris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

KEAHEY LAW OFFICE    Fax 2058710801    Jun 13 2008 09:55am    P007/025

**Nicole Mapp Hardee**
Harris & Harris, LLP
2501 20th Place S
Colonial Bank Bldg
Suite 450
Birmingham, AL 35223
(205) 871-5777
Fax: 205-871-0029
Email: nicole@harris-harris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth B Padgett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evelyn M. Fletcher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Connie Ray Stockham**
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive
Suite 114
Birmingham, AL 35209
205-879-9954
Fax: 205-879-9990
Email: crs@stockhampc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Christopher Collier**
Hawkins & Parnell, LLP
303 Peachtree St. NE 4000
Atlanta, GA 30308
404-614-7479
Fax: 404-614-7500
Email: ccollier@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathaniel Austin Bosio**
Dogan Wilkinson Kinard Smith & Edwards PLLC
734 Delmas Avenue
Pascagoula, MS 39567
228-762-2272
Fax: 228-762-3223
Email: nbosio@doganwilkinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Stephen Christopher Collier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**F. Grey Redditt, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Timothy Allen Clarke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**F. Grey Redditt, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Timothy Allen Clarke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Walter Thompson Gilmer, Jr.**
McDowell, Knight, Roedder & Sledge, L.L.C.
PO Box 350
Mobile, AL 36601-0350
251-432-5300
Fax: 205-432-5303
Email: wgilmer@mcdowellknight.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter Thompson Gilmer, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edwin Bryan Nichols**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
Suite 2400
Birmingham, AL 35203
205-254-1184
Fax: 205-254-1999
Email: bnichols@maynardcooper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Albert Smyth, III**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
Suite 2400
Birmingham, AL 35203-2618
205-254-1029
Fax: 205-254-1999
Email: jsmyth@maynardcooper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Gerald Delawrence**
Maynard, Cooper & Gale
1901 6th Ave N
Suite 2400 Harbert Plaza
Birmingham, AL 35203
205-254-1194
Fax: 205-254-1999
Email: tdelawrence@maynardcooper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald Alan Windham, Jr.**
Balch & Bingham LLP
401 East Capitol Street
Suite 200
Jackson, MS 39201
601-965-8178

Fax: 866-830-1506
Email: awindham@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Edwin Bryan Nichols**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**John Albert Smyth, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Thomas Gerald Delawrence**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Haley Andrews Cox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Melody Hurdle Eagan**
Lightfoot Franklin & White LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
205-581-0777
Fax: 205-581-0799
Email: meagan@lightfootlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**William Larkin Radney, IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Allan Rexford Wheeler**
Burr & Forman LLP
420 North 20th Street

Suite 3400
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5100
Email: awheeler@burr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Paul Cavender**
Burr & Forman LLP
420 North Twentieth Street
Suite 3400
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5100
Email: pcavende@burr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Elizabeth B Padgett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evelyn M. Fletcher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**F. Grey Redditt, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Timothy Allen Clarke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Edward Bailey McDonough, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary W. Fillingim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Allan Rexford Wheeler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**C. Paul Cavender**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Jenelle Rae Evans**
Balch & Bingham, LLP
1901 6th Ave N, suite 2700
Birmingham, AL 35203
205-226-8760
Fax: 205-488-5686
Email: jevans@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Schuyler Allen Baker, Jr.**
Balch & Bingham
PO Box 306
1710 Sixth Avenue, North
Birmingham, AL 35201-0306
205-226-3416
Fax: 205-488-5880
Email: abaker@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Goodyear Tire and Rubber Co.**
c/o Its Registered Agent
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808
PRO SE


**F. Grey Redditt, Jr.**

KEAHEY LAW OFFICE      Fax 2058710801          Jun 13 2008 09:56am   P013/025

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Allen Clarke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathaniel Austin Bosio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Wade Knight**
(See above for address)
*TERMINATED: 03/27/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lucy Westover Jordan**
(See above for address)
*TERMINATED: 03/27/2008*
*ATTORNEY TO BE NOTICED*

**Frank Edward Lankford, Jr.**
Huie Fernambucq Stewart LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
205-251-1193
Fax: 205-251-1256
Email: fel@hfsllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenelle Rae Evans**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Schuyler Allen Baker, Jr.**
(See above for address)
*LEAD ATTORNEY*

KEAHEY LAW OFFICE     Fax 2058710801           Jun 13 2008 09:56am  P014/025

*ATTORNEY TO BE NOTICED*


**Brian P. McCarthy**
McDowell, Knight, Roedder & Sledge, L.L.C.
PO Box 350
Mobile, AL 36601-0350
251-432-5300
Fax: 432-5303
Email: bmccarthy@mcdowellknight.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick George Helmsing, Jr.**
McDowell, Knight, Roedder & Sledge, L.L.C.
Post Office Box 350
Mobile, AL 36601-0350
251-431-8818
Fax: 251-432-5303
Email: fhelmsing@mcdowellknight.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Donald C. Partridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G House, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Donald C. Partridge**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G House, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard M. Crump**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Wade Knight**
(See above for address)
*TERMINATED: 03/27/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lucy Westover Jordan**
(See above for address)
*TERMINATED: 03/27/2008*
*ATTORNEY TO BE NOTICED*

**Frank Edward Lankford, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vincent A. Noletto, Jr.**
Carr Allison
6251 Monroe Street
Suite 200
Daphne, AL 36526
251-626-9340
Fax: 251-626-8928
Email: vnoletto@carrallison.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

KEAHEY LAW OFFICE     Fax 2058710801          Jun 13 2008 09:56am  P016/025

**William T. Mills, II**
Porterfield Harper & Mills PA
PO Box 530790
Birmingham, AL 35253-0790
205-980-5000
Fax: 980-5001
Email: mrs@phm-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Timothy Wade Knight**
(See above for address)
*TERMINATED: 03/27/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lucy Westover Jordan**
(See above for address)
*TERMINATED: 03/27/2008*
*ATTORNEY TO BE NOTICED*


**Allan Rexford Wheeler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**C. Paul Cavender**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Elizabeth B Padgett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Evelyn M. Fletcher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Michael Anthony Vercher**
Christian & Small, LLP

505 20th Street North
Suite 1800
Birmingham, AL 35203
205-250-6621
Fax: 205-328-7234
Email: mavercher@csattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Cameron Harlow**
Starnes & Atchison
PO Box 598512
Birmingham, AL 35259-8512
205-868-6000
Fax: 205-868-6099
Email: ach@starneslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cyrus C Barger, III**
Jude & Jude, PLLC
6424 US Hwy 98 W
Ste. 50
Hattiesburg, MS 39402
601-579-8411
Fax: 601-579-8461
Email: tresbarger@judelawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Cameron Harlow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William T. Mills, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Mitchell Blythe**
Bradley Arant Rose & White
1819 Fifth Avenue North

KEAHEY LAW OFFICE      Fax 2058710801           Jun 13 2008 09:56am   P018/025

Birmingham, AL 35203
205-521-8000
Fax: 205-521-8800
Email: bblythe@bradleyarant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M Kuehnert**
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
205-521-8000
Fax: 205-521-8800
Email: jkuehnert@bradleyarant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terrance Michael Brown**
Bradley Arant Rose & White LLP - Bham
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
205-521-8462
Fax: 205-488-6462
Email: mbrown@bradleyarant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rapid American Corporation**
c/o Its Registered Agent for Service
The Prentice Hall Corporation System Inc
2711 Centerville Road, Suite 400
Wilmington, DE 19808
PRO SE

**Riley Inc.**
c/o Its Registered Agent
CT Corporation System
5 Neponset Street
Worcester, MA 01606
PRO SE

**Haley Andrews Cox**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Larkin Radney, IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Helen Kathryn Downs**
Johnston, Barton, Proctor & Rose LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
205-458-9400
Fax: 205-458-9500
Email: hkd@johnstonbarton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Shayana Boyd Davis**
Johnston, Barton, Proctor & Rose LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
205-458-9469
Fax: 205-458-9500
Email: sdavis@johnstonbarton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**William Donald Jones, III**
Johnston, Barton, Proctor & Rose LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
205-458-9424
Fax: 205-458-9500
Email: wjones@johnstonbarton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Schneider Electric Industries**
c/o Its President
1415 South Roselle Road

Palatine, IL 60067
PRO SE

**Frank Edward Lankford, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Bailey McDonough, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary W. Fillingim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Randi Peresich Mueller**
Page, Mannino, Peresich & McDermott, PLLC
460 Briarwood Drive, Suite 415
Post Office Box 16450
Jackson, MS 39236
601-896-0114
Fax: 601-896-0145
Email: rmueller@pmp.org
*ATTORNEY TO BE NOTICED*

**David Whittington McDowell**
Baker Donelson Bearman Caldwell & Berkowitz PC
1600 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203-5202
205-250-8312
Fax: 205-488-3712
Email: dmcdowell@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger Charles Foster**
Laney & Foster, P.C.
P O Box 43798
Birmingham, AL 35243-0798

205-986-4405
Fax: 205-298-8441
Email: rcfoster@laneyfoster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Allan Rexford Wheeler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**C. Paul Cavender**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Timothy Wade Knight**
(See above for address)
*TERMINATED: 03/27/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Lucy Westover Jordan**
(See above for address)
*TERMINATED: 03/27/2008*
*ATTORNEY TO BE NOTICED*


**Allan Rexford Wheeler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**C. Paul Cavender**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Elizabeth B Padgett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Evelyn M. Fletcher**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allan Rexford Wheeler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Paul Cavender**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William T. Mills, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## The Following Attorneys were served Via U.S. Mail, on the date of June 14, 2008

Richard C. Binzley
Thompson Hine LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher Sharp Fulton & Norman
Bukley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Proctor LLP
901 New York Avenue, NW
Washington, DC 20001

S. Christopher Collier

KEAHEY LAW OFFICE        Fax 2058710801              Jun 13 2008 09:57am  P023/025

Hawkins & Parnell LLP
4000 Sun Trust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243


David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella ST
Pittsburgh, PA 15212


Ronald L. Motley
Motley Rice LLC
P.O. Box 1792
28 Bridgeside Blvd
Mt. Pleasant, SC 29464

John J. Repcheck
Marks O'Neill O'Brien & Courtney PC
Guld Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219


John D. Roven
Roven-Kaplan LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys Sater Sermour & Pease
52 Gay Street
P.O. Box 1008
Columbus, OH 43216


Neil Selman
Selman Breitman & Burgess
11766 Wilshire Blvd
Sixth Floor
Los Angeles, CA 90025


Robert N. Spinelli
Kelly Jasons McGuire & Spinelli
Centre Square West
15th Floor

Philadelphia, PA 19102


Robert E. Swickle
Jaques Admiralty Law Firm PC
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226


Raymond P. Forceno
Forceno Goggin & Keller
1528 Walnut Street
Suite 900
Philadelphia, PA 19102


Ellen B. Furman
Goldfein & Hosmer
1600 Markey St
33rd Floor
Philadelphia, PA 19103


Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402


Freddie N. Harrington, Jr.
Scott Sullivan Streetman & Fox
2450 Valleydale Rd
P.O. Box 380548
Birmingham, AL 35244


Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314


David C. Landin
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd St
Richmond, VA 23219

Gene Locks
Locks Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite 20
Birmingham, AL 35223

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, NE
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 13 2008

FILED
CLERK'S OFFICE

# Exhibit A

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA RECEIVED

DANIEL R. BROWN;                                    )    · 2009 JAN 17 P 3: 26
                                                     )
DENNIS E. BUTLER;                                    )
                                                     )   DEBRA P. HACKETT, CLK
WILLIAM CADLE;                                        )    U.S. DISTRICT COURT
                                                     )   MIDDLE DISTRICT ALA
REBECCA DODD spouse and personal                     )
representative for the ESTATE OF CARLON              )          CIVIL ACTION
RODGER DODD, deceased;                               )           Case No.
                                                     )
HOSEA HARRY;                                          )
                                                     )   2:08-CV-46
JOE HENSON;                                           )
                                                     )
WILLIAM C. JENKINS;                                  )
                                                     )
ARTHUR MARBRY;                                        )          JURY DEMAND
                                                     )
                                                   · )
LINDA McALLISTER spouse and personal                 )
representative for the ESTATE OF JEREMIAH            )
McALLISTER, deceased;                                )
                                                     )
DON McANNALLEY;                                       )
                                                     )
CATHERINE MEEKS spouse and personal                  )
representative for the ESTATE OF LEE P. MEEKS,       )
deceased;                                            )
                                                     )
MOODY RAY NOBLE;                                      )
                                                     )
HAROLD G. PHILLIPS;                                  )
                                                     )
JAMES A. ROUSE;                                       )
                                                     )
RICHARD D. SAXON;                                     )
                                                     )
BARABARA SPENCER spouse and personal                 )
representative for the ESTATE OF JIMMIE              )
WAYNE SPENCER                                         )
                                                     )
JAMES L. TAYLOR;                                     )
                                                     )

CLYDE TAYLOR;                                          )
                                                      )
ROBERT E. TURNER;                                     )
                                                      )
WILLIAM ESTES WHITE;                                  )
                                                      )
                              Plaintiffs,             )
                                                      )
vs.                                                   )
                                                      )
ASBESTOS DEFENDANTS:                                  )
                                                      )
ALBANY INTERNATIONAL;                                 )
                                                      )
ALLIS-CHALMERS CORPORATION                            )
PRODUCT LIABILITY TRUST;                              )
                                                      )
AMERICAN OPTICAL CORPORATION;                         )
                                                      )
ANCHOR PACKING COMPANY;                               )
                                                      )
ARVINMERITOR, INC.;                                   )
                                                      )
ASTEN JOHNSON, INC., individually and as              )
successor-in-interest to ASTEN, INC., successor-in-   )
interest by way of name change to ASTEN GROUP,        )
INC., formerly trading as ASTEN-HILLS                 )
MANUFACTURING CO.;                                    )
                                                      )
BAYER CROPSCIENCE, INC., individual and as            )
successor to AVENTIS CROPSCIENCE USA, INC.            )
f/k/a RHONE-POULENCE AG CO., f/k/a                    )
AMCHEM, PRODUCTS, INC., BENJAMIN                      )
FOSTER CO.;                                           )
                                                      )
BECHTEL CONSTRUCTION COMPANY;                         )
                                                      )
BELL & GOSSETT, a subsidiary of ITT                   )
INDUSTRIES;                                           )
                                                      )
BONDEX INTERNATIONAL INC.;                            )
                                                      )
BP AMERICA, as successor in interest to AMOCO         )
CHEMICAL COMPANY, AMOCO CHEMICALS                     )
COMPANY, PLASKON ELECTRONIC                           )
MINERALS, AVISUNCORP., CARBORUNDUM,                   )
ATLANTIC RICHFIELD COMPANY/ARCO

2

METALS, as successor in interest to ANACONDA
AMERICAN BRASS COMPANY, AMERICAN
BRASS COMPANY, and ANACONDA CO.;

BP AMOCO CHEMICAL COMPANY;

BUFFALO PUMPS, INC.;

CBS CORPORATION , f/k/a VIACOM INC.,
successor by merger to CBS CORPORATION f/k/a
WESTINGHOUSE ELECTRIC CORPORATION;

CERTAINTEED CORPORATION;

CLARK-RELIANCE CORPORATION;

CLEAVER BROOKS, a division of AQUA-CHEM
INC.;

CONWED CORPORATION;

COOPER INDUSTRIES, LLC, f/n/a COOPER
INDUSTRIES, INC., individually and as successor-
in-interest to CROUSE-HINDS;

CRANE CO., individually and as successor in interest
to DEMING PUMP, CYCLOTHERM,  HYDRO-
AIRE,  LEAR ROMEC, RESISTOFLEX,
SWARTWOUT CO., STOCKHAM VALVE
COMPANY, WEINMAN PUMP COMPANY,
CHEMPUMP, and BURKS PUMPS;

CRANE PUMPS SYSTEMS, individually and as
successor to all pump companies acquired by
CRANE;

CROWN, CORK, & SEAL COMPANY, INC.;

CROWN HOLDINGS, INC., successor-in-interest to
MUNDET CORK CORP.;

CUTLER HAMMER, currently referred to as
EATON ELECTRICAL, INC.;

D. B. RILEY, INCORPORATE;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

EATON CORPORATION;                                              )
                                                               )
EMERSON ELECTRIC CO.;                                          )
                                                               )
FMC CORPORATION, individually and on behalf                    )
of its former CONTRUCTION EQUIPMENT                            )
GROUP, and former PEERLESS PUMP                                )
DIVISION, COFFIN TURBO PUMPS, and                             )
CHICAGO PUMP, business;                                        )
                                                               )
FOSECO, INC.;                                                  )
                                                               )
FOSTER-WHEELER CORPORATION;                                    )
                                                               )
GARLOCK SEALING TECHNOLOGIES L.L.C.;                           )
                                                               )
GEORGIA-PACIFIC CORPORATION;                                   )
                                                               )
GENERAL ELECTRIC COMPANY;                                      )
                                                               )
THE GOODYEAR TIRE AND RUBBER CO.;                              )
                                                               )
GOULDS PUMPS INC.;                                             )
                                                               )
GUARD-LINE, INC.;                                              )
                                                               )
HOBART BROTHERS COMPANY;                                       )
                                                               )
HONEYWELL, INC., specifically excluding liability             )
for NARCO, individually and as successor to                    )
ALLIED SIGNAL, BENDIX, WHEELABRATOR,                          )
RUST ENGINEERING, AND ALLIED                                  )
CHEMICAL;                                                      )
                                                               )
IMO INDUSTRIES, INC., formerly IMO DE                         )
LAVAL, formerly TRANSAMERICA DE LAVAL                         )
TURBINE;                                                       )
                                                               )
INDUSTRIAL HOLDINGS CORPORATION,                              )
f/k/a THE CARBORUNDUM COMPANY;                                )
                                                               )
INGERSOLL-RAND COMPANY;                                        )
                                                               )
ITT INDUSTRIES INC.;                                           )
                                                               )
JOHN CRANE, INC., f/k/a JOHN CRANE                            )
PACKING COMPANY;                                               )

4

KAISER GYPSUM COMPANY, INC.;                         )
                                                     )
KELLY-MOORE PAINT COMPANY, INC.;                     )
                                                     )
THE LINCOLN ELECTRIC COMPANY;                        )
                                                     )
KOPPERS INDUSTRIES;                                  )
                                                     )
MAREMOUNT CORPORATION;                               )
                                                     )
METROPOLITAN LIFE INSURANCE                          )
COMPANY;                                             )
                                                     )
NATIONAL SERVICE INDUSTRIES, INC., f/k/a             )
NORTH BOTHERS, INC.                                  )
                                                     )
OGLEBAY NORTON COMPANY;                              )
                                                     )
OWENS-ILLINOIS, INC.;                                )
                                                     )
P&H CRANES;                                          )
                                                     )
PNEUMO ABEX LLC, successor in interest to            )
ABEX CORPORATION;                                    )
                                                     )
RAPID AMERICAN  CORPORATION;                         )
                                                     )
RILEY INC., f/k/a BABCOCK BORSIG POWER               )
INC., a/k/a RILEY STOKER CORPORATION;                )
                                                     )
ROCKBESTOS-SURPRENANT CABLE                          )
CORPORATION, f/k/a THE ROCKBESTOS                    )
COMPANY;                                             )
                                                     )
ROCKWELL AUTOMATION, successor by merger             )
to ALLEN-BRADLEY CO., LLC;                           )
                                                     )
SCHNEIDER ELECTRIC INDUSTRIES, S.A.S.,               )
NORTH AMERICAN DIVISION;                             )
                                                     )
SEPCO CORPORATION;                                   )
                                                     )
SQUARE D COMPANY;                                    )
                                                     )
SUNBEAM PRODUCTS INCORPORATED, f/k/a                 )

5

SUNBEAM CORPORATION;                                    )

SURFACE COMBUSTION;

T H AGRICULTURE & NUTRITION, LLC;

THIEM CORPORATION, successor by merger to
UNIVERSAL REFRACTORIES CORP.;

TRANE US, INC., formerly known as AMERICAN
STANDARD INC.;

USX CORPORATION as successor in interest to
UNITED STATES STEEL, LLC, formerly known as
TENNESSEE COAL AND IRON;

UNION CARBIDE CORPORATION;

UNIROYAL FIBER AND TEXTILE DIVISION
OF UNIROYAL, INC.;

UNITED STATES STEEL CORPORATION;

WARREN PUMPS, INC.;

ZURN INDUSTRIES, INC.;

                                Defendants.


## COMPLAINT

Plaintiffs allege and complain against the above-named Defendants, and each

demands a jury trial of all issues and causes of actions:

## JURISDICTION

This Court has subject jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Plaintiffs are resident citizens of the State of Alabama, and New Mexico, and Defendants are

corporations whose principal places of business are in states other than the State of Alabama.

The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within

the jurisdiction of the Court.

## STATUTE OF LIMITATIONS

"Federal courts sitting in diversity cases must apply the substantive laws of the states in which they sit, and statutes of limitations are considered substantive" *Van Buskirk v Cary Canandian Mines, Ltd.*760 F.2d 481(3rd Cir. Pa., 1985). Therefore, the Alabama Statute of limitations, and other related statutes, apply to this case.

## BACKGROUND FACTS — THE PLAINTIFFS

1.     Plaintiff **DANIEL R. BROWN,** a resident of Tuscaloosa, Alabama, contracted one or more asbestos-related diseases including Asbestosis. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff, Daniel R. Brown, worked, including but not limited to, as a stacker for Central Foundry, from 1962-1965, in Holt, Alabama; as a brake mechanic for Bagget Truck stop from 1966-1969, in Northport, Alabama; as a boiler room technician for the University of Alabama from 1969-1994, in Tuscaloosa, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff Daniel R. Brown has been diagnosed with Asbestosis.

2.     Plaintiff **DENNIS E. BUTLER,** a resident of Florence, Alabama, contracted one or more asbestos-related diseases including Asbestosis. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use,

7

installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff Dennis E. Butler, worked, including but not limited to, as a steamfitter/welder for TVA-Browns Ferry from 1973-1976, in Athens, Alabama; as a steamfitter/welder for TVA-Belefonte Nuclear Plant from 1976-1977, in Scottsboro, Alabama; as a steamfitter/welder for Champion Paper in 1977, in Courtland, Alabama; as a maintenance/construction worker for Reynolds Metal Co. from 1977-1980, in Sheffield, Alabama; as a maintenance/construction worker for TVA-Browns Ferry from 1980-present, in Athens, Alabama; as a maintenance/construction worker for Cobert Steam Plant from 1983-1984, in Tuscumbia, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff Dennis Butler has been diagnosed with Lung Cancer.

3.      Plaintiff **WILLIAM CADLE**, a resident of Delta, Alabama, contracted one or more asbestos-related diseases including Asbestosis.  The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff William Cadle worked, including but not limited to, as a private contractor from the 1950s to 1960s, in Anniston, Alabama; as a cabinet maker for Lees Cabinet Works from 1950-1953, in Anniston, Alabama; as a service station attendant for Direct Oil Co. of Alabama in 1953, in Nashville, Tennessee; as a carpenter's helper for Ellis W. Smith – Plumbing and Carpentry from 1953-1954; as a

8

carpenter's helper for Robert H. Howle in 1954, in Delta, Alabama; as a factory worker for McDonald & Olliff Inc. in 1955, in Wauchula, Florida; as a truck driver for John B. Lagarde Inc. from 1955-1958, in Anniston, Alabama; as a cabinet maker for W.H. Barker & Sons Woodwork from 1956-1960, 1962 and 1964, in Anniston, Alabama; as a cabinet maker for W.E. Lott Cabinet Shop from 1960-1980 in Anniston, Alabama; as a cabinet maker for Acker Cabinet Shop from 1965-1967 in Anniston, Alabama; as a pattern maker for R&J Machinery Co. in 1969, in Anniston, Alabama; as a carpenter for G.C. Colyer & Co. Inc. from 1969-1970, in Anniston, Alabama; as a delivery driver for Institutional Equipment Corp. in 1969, in Birmingham, Alabama; as a cabinet maker for Alabama College in 1969, in Montevallo, Alabama; as a carpenter for Hoar Construction Inc. in 1970, in Birmingham, Alabama; as a cabinet maker for Anniston Cabinet Shop in 1970, in Anniston, Alabama; as a carpenter for Roberts Bros Anderson & Co. Inc. in 1970, in Gadsden, Alabama; as a cabinet installer for Tibbitts & Morris Construction in 1974, in Heflin, Alabama; as a carpenter for Oxford Development Corp. in 1974, in Indianapolis, Indiana; as a carpenter for Jerry Eaton Construction Co. Inc in 1978, in Oxford, Alabama; as a carpenter for Crawford Commercial Constructors, from 1982-1983, in Gautier, Mississippi; as a carpenter for Al-Tex Construction Inc. from 1985-1986 in Lineville, Alabama; as a formica installer for Klemco Inc. in 1985 in Dallas, Texas; as a cabinet installer for Stolte Inc. in 1985 in Oakland, California; as a pallet maker for Franklin Box & Crate Co. Inc in 1987 in Weaver, Alabama; as a laborer for Ledbetter Sawmill in 1988, in Heflin, Alabama; as a laborer for Poultry Growers Inc. in 1988 in Springdale, Arizona; self-employed in 1977, 1982, 1984, 1986 and 1987, in Delta, Alabama; around furnaces,

9

boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff William Cadle has been diagnosed with Asbestosis.

4.      Plaintiff **REBECCA DODD**'s Decedent, **CARLON RODGER DODD,** a resident of Huntsville, Alabama, prior to his death contracted one or more asbestos-related diseases including Esophagus Cancer. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Decedent Carlon Rodger Dodd, worked, including but not limited to, as a Welder for Chicago Bridge in Cordoba, Alabama; as a Stock Clerk and Sharpshooter in the U.S. Army from 1974-1976 in Fort Campbell, Kentucky and Alaska; as a Laborer for Renfroe Construction Co. Inc. in 1977 in Fayette, Alabama; as a Laborer for Marathon Corp. in 1978 in Birmingham, Alabama; as a Welder for Guthrie Machine and Welding Shop Inc. in 1978 in Jasper, Alabama; as a Welder for Raines Lumber Company Inc. in 1979 in Birmingham, Alabama; as a Welder for Dime Coal Company Inc. from 1979-1986; as a Welder for United Steel Erectors Inc. in 1987 in Cassville, Arkansas; as a Welder for CBI Services Inc. from 1987-1988 in Cordova, Alabama; as a Welder for 3 Star Manufacturing Inc. in 1987 in Lynn, Alabama; as a Welder for Precision Alignment in 1987 in Cassville, Arkansas; as a Welder for Mustang Trailers from 1990-1991 in Carbird Hill, Alabama; as a Welder for Dodd Leon Gen. PTR in 1993 in Haleyville, Alabama; as a Welder for Winston Furniture Co. in 1994 in Haleyville, Alabama; as a Welder for J&B Contractors in 1994 in Haleyville, Alabama;

10

around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Esophagus Cancer as the result of exposure to asbestos and asbestos-containing materials and products, on or about, March 4, 2006. This case is brought by Decedent, Carlon Rodger Dodd's spouse and personal representative Rebecca Dodd.

5. Plaintiff **HOSEA HARRY**, a resident of Birmingham, Alabama, contracted one or more asbestos-related diseases including Lung Cancer. The plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Hosea Harry worked, including but not limited to, as an Assembly Line Worker for Chrysler Motors in 1966 in Detroit, Michigan; as an Assembly Line Worker for Ford Motor Company in 1967 in Detroit, Michigan; as a Laborer for Chevrolet Gear and Axle in 1968 in Detroit Michigan; as a Bricksman for U.S. Steel from 1968-1972 in Fairfield, Alabama; as a Brick Layer at BrickLayers Local 2 in 1978 in Los Angeles, California; around products and materials that contained significant amounts of asbestos.

Plaintiff Hosea Harry has been diagnosed with Lung Cancer.

6. Plaintiff **JOE HENSON**, a resident of Sipsey, Alabama, contracted one or more asbestos-related diseases including Larynx Cancer. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use,

installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff Joe Henson worked, including but not limited to, as a Mechanical Drafter for Radiation Co. from 1965-1970 in Melbourne, Florida; as a Field Designer for General Electric in 1968 in Cincinnati, Ohio and Louisville, Kentucky; as a Field Designer for Magna Box in 1969 in Fort Wayne, Indiana; as an Electrical Designer for Dalcorning Glass in 1969 in Parkersburg, West Virginia; as a Field Designer for Union Carbide in 1969 in Florence, South Carolina; as a Field/Electrical Designer for Eastman Chemical Co. from 1970-1976, 1985-1986, 1989-1990 and 1991-1996 in Kingsport, Tennessee; as a Senior Electrical Designer for Bechtel Corp. from 1976-1983 in Louisville, Kentucky; as a Senior Electrical Designer for Olin Chemical Co. from 1983-1985 in Brandenburg, Kentucky; as a Design Supervisor for Electrical Controls and Services Co. from 1985-1988 in Birmingham, Alabama; as an Electrical Designer for Monsanto Chemical Co. in 1986 in St Louis, Missouri; as a Field Designer for Olin Chemical Co. from 1986-1990 and 1993-1994 in Decatur, Alabama and Brandenburg, Kentucky; as a Senior Electrical/Instrument Designer for Amoco Chemical Co. from 1988-1991 in Decatur, Alabama; as a Field Engineer for Electrical Controls & Services Co. (US Steel) from 1990-1993 in Birmingham, Alabama; as a Field Designer for Scott Paper in 1994 in Mobile, Alabama; as a Senior Electrical Designer for Noel Industries from 1996-1997 in Atlanta, Georgia; as an Electrical Designer in 1997 for International Paper in Mobile, Alabama; as an Electrical Designer for Monsanto Chemical Co. in 1997 in Lulling, Louisiana; as an Electrical Designer for Monsanto Chemical in 1997 in Muscatine, Iowa; as an Electrical Designer for Proctor & Gamble from 1997-1998 in Cincinnati, Ohio;

as a Senior Electrical Designer for Matrix Engineering Co. from 1998-1999 in Beaumont, Texas; as a Senior Electrical Facilities Tool Designer for ADP Marshall (Fluor Daniel Co.) from 1999-2000 in Burlington, Vermont; as a Senior Electrical Facilities Tool Designer for IDC from 2000-2001 in Manassas, Virginia; as a Senior Electrical Designer for Harris Group from 2001-2002 in Denver, Colorado; as an Electrical/Instrument Designer for Fluor Daniels in 2002 in Houston, Texas; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff Joe Henson has been diagnosed with Larynx Cancer.

7.    Plaintiff **WILLIAM C. JENKINS** a resident of Sipsey, Alabama, contracted one or more asbestos-related diseases including Lung Cancer. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff William C. Jenkins worked, including but not limited to, as a Laborer for Gorgas Steam Plant from 1942-1949 in Gorgas, Alabama; as a Welder for Brigg Manufacturing Co. from 1950-1951 in Hamtramick, Michigan; as a Motorman, Roofbolter and Foreman for Gorgas Steam Plant from 1951-1961 in Gorgas, Alabama; as a Metal Finisher for Production Finishing Co. from 1964-1967 in various parts of Michigan including Wyandatte; as a Foreman for Gorgas Steam Plant from 1967-1971 in Gorgas, Alabama; as a Foreman for Alabama By Products from 1971-1985 in Gorgas, Alabama; around furnaces, boilers, turbines, and other

13

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff William C. Jenkins has been diagnosed with Lung Cancer.

8.      Plaintiff **ARTHUR MABRY**, a resident of Birmingham, Alabama, contracted one or more asbestos-related diseases, including Lung Cancer. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and his environment while employed.

During the course of his employment, the Plaintiff Arthur Mabry worked, including but not limited to, as a Laborer at Jim Walter Resources from 1964-1968 in Birmingham, Alabama; as a Fork Lift Operator at Norala Seed Company from 1968-1986 in Birmingham, Alabama; as a Laborer at Jones Manufacturing from 1986-1996 in Leeds, Alabama; as a Truck Driver at Yarborough Produce from 1996-2005 in Birmingham, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff Arthur Mabry has been diagnosed with Lung Cancer.

9.      Plaintiff **LINDA McALLISTER'S** Decedent, **JEREMIAH McALLISTER,** a resident of Ozark, Alabama, prior to his death contracted one or more asbestos-related diseases including Lung Cancer. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

14

During the course of his employment, Decedent Jeremiah McAllister, worked, including but not limited to, as a sheet metal mechanic (aircrafts) for Pemco from 1967-2003 in Dothan, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as the result of exposure to asbestos and asbestos-containing materials and products, on or about, January 18, 2006. This case is brought by Decedent, Jeremiah McAllister's spouse and personal representative Linda McAllister.

10.     Plaintiff **DON McANNALLEY**, a resident of Tuscumbia, Alabama contracted one or more asbestos-related disease including Lung Cancer. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff Don McAnnalley worked, including but not limited to, as an Electrician at Tennessee Valley Authority from 1964-1969 in Muscle Shoals, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amount of asbestos-containing products and materials.

The Plaintiff Don McAnnalley has been diagnosed with Lung Cancer.

11.     Plaintiff **CATHERINE MEEKS'** Decedent, **LEE P. MEEKS**, a resident of Albuquerque, New Mexico, prior to his death contracted one or more asbestos-related diseases including Lung Cancer. Decedent was continually exposed to asbestos-containing

15

products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, Decedent Lee P. Meeks, worked, including but not limited to, as a concrete maker for Mountain State Insulation from 1965-1980 in Albuquerque, New Mexico; as a concrete maker for Condeck Insulation from 1980-1997, in Albuquerque, New Mexico; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as the result of exposure to asbestos and asbestos-containing materials and products, on or about, January 19, 2006. This case is brought by Decedent, Lee P. Meeks' spouse and personal representative Catherine Meeks.

12.    Plaintiff **MOODY RAY NOBLE**, a resident of Thomasville, Alabama contracted one or more asbestos-related diseases including Lung Cancer. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff Moody Ray Noble worked, including by not limited to, as a Maintenance Worker at Ideal Cement Company from 1955-1965 in Mobile, Alabama; as a Machine Operator at American Can Paper from 1965-1977 in Pennington, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

16

The Plaintiff Moody Ray Noble has been diagnosed with Lung Cancer.

13.     Plaintiff **HAROLD G. PHILLIPS**, a resident of Florence, Alabama, contracted one or more asbestos-related diseases including Asbestosis. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff Harold G. Phillips worked, including but not limited to, as an Aircraft Repairer for the U.S. Navy from 1953-1957 in California, Maryland and Guam; as a Machinist and Welder for the TVA from 1958-1976 in Muscle Shoals, Alabama; as a Mechanic for Reynolds in 1968 in Sheffield, Alabama; as a Machine Repairer and Welder for Ford Motor Company from 1973-1983 in Sheffield, Alabama; as a Machine Repairer and Welder for Chrysler from 1983-2004; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff Harold G. Phillips has been diagnosed with Asbestosis.

14.     Plaintiff **JAMES A. ROUSE**, a resident of Phil Campbell, Alabama, contracted one or more asbestos-related diseases including Laryngeal Cancer. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

17

During the course of his employment, the Plaintiff James A. Rouse worked, including but not limited to, as a Milker at Beard Dairy in 1957 in Warrior, Alabama; as a Brick Cleaner at Old Mills Homes in 1958 in Birmingham, Alabama; as a Cook in the United States Marine Corp from 1961-1966 in Albany, Georgia; as a Factory Worker at Millbrook Bread in 1966 in Birmingham, Alabama; as a Delivery Man at Holsom Bread in 1967 in Birmingham, Alabama; as a Truck Driver for Bevill State Community College in 1967 in Sumiton, Alabama; as a Truck Driver for Schwerman Trucking from 1967-1978 in Birmingham, Alabama; as a Truck Driver for LTL Trucking from 1982-1988 in Leeds, Alabama; around furnaces,  boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff James A. Rouse has been diagnosed with Laryngeal Cancer.

15.    Plaintiff **RICHARD D. SAXON,** a resident of Huntsville, Alabama, contracted one or more asbestos-related diseases including Lung Cancer. The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff Richard D. Saxon worked, including but not limited to, as an Apprentice Lineman for Alabama Power from 1946-1951 in Birmingham, Alabama; as an Electrical Lineman for Dunn's Construction from 1951-1952 in Akins, South Carolina; as a Soldier for the U.S. Army from 1952-1954 in El Paso, Texas, South Korea and North Korea; as an Electrician for Alagenia Electric from 1954-1956 in Oak Ridge, Tennessee; as a Lineman for Jett Construction from 1956-1957 in

18

Gainsville, Florida; as a Lineman for TVA from 1957-1967 at various sites across Alabama, Tennessee, Mississippi and Kentucky; as a Supervisor of Outside Electric from 1961-1988 for the U.S. Government, Post Engineers from 1961-1988 at Redstone Arsenal, Alabama; as a Supervisor of Outside Electric for BAMSI from 1988-1992 at Redstone Arsenal, Alabama; as a Supervisor of Outside Electric for Northrop-Grumman Corp from 1992-1996 at Redstone Arsenal, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff Richard D. Saxon has been diagnosed with Lung Cancer.

16.    Plaintiff **BARBARA SPENCER**'s Decedent, **JIMMIE WAYNE SPENCER,** a resident of Muscle Shoals, Alabama, prior to his death contracts one or more asbestos-related diseases including Lung Cancer.  Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendant as specified herein throughout his employmen, and in his environment while employed.

During the course of his employment, Decedent Jimmie Wayne Spencer, worked, including but not limited to, as a Welder at Reynolds Metals from 1975-1980, 1990-1995, 1998 in Sheffield, Alabama; as an Iron Worker at Tennessee Pulp and Paper Mill from 1993-1994, 2000, and 2005 in Counts, Tennessee; as an Iron Worker at Boeing Power Plant from 1994-1995, 1999-2001 in Cartersville, Georgia; as an Iron Worker at U.S. Steel in 1996, 1998, and 2000 in Birmingham, Alabama; as an Iron Worker at Wise Alloys LLC from 2002-2005 in Muscle Shoals, Alabama; as an Iron Worker at Boeing Plant from 1978-1980, 1998-1999 in Decatur, Alabama; as an Iron Worker at Colbert Steam Plant (TVA) from

19

1975-1976 in Muscle Shoals, Alabama; as an Iron Worker at Belfont Nuclear Plant from

197601977 in Scottsboro, Alabama; as an Iron Worker at Redstone Arsenal from 1977-1978

in Huntsville, Alabama; as an Iron Worker at 3M Plant from 1978-1980 in Decatur,

Alabama; as an Iron Worker at Champion Paper Mill from 1978-1980 in Courtland,

Alabama; as an Iron Worker at Baxter Williams Power House from 1978-1980 in

Hattiesburg, Mississippi; as an Iron Worker at Yellow Creek Nuclear Plant from 1978-1981

in Iuka, Mississippi; as an Iron Worker at Wilson Dam (TVA) in 1981 in Muscle Shoals,

Alabama; as an Iron Worker at Telephone Communication Tower in 1981 in Tupelo,

Mississippi; as an Iron Worker at Alberdene Lock and Dam from 1982-1984 in Alberdene,

Mississippi; as an Iron Worker at Browns Ferry Nuclear Plant in 1985 and 1997 in Athens,

Alabama; as an Iron Worker at Penn Station from 1986-1990 in Newark, New Jersey; as an

Iron Worker at Tennessee Tombigbee Waterway in 1990 in Alberdene, Mississippi; as an

Iron Worker at Johns Manville Insulation Plant in 1995 in Winder, Georgia; as an Iron

Worker at Baptist Church in 1995 in St. Louis, Missouri; as an Iron Worker at Cement Plant

in 1996 in Ragland, Alabama; as an Iron Worker at Copper Mill in 1996 in Birmingham,

Alabama; as an Iron Worker at Coal Burner Power House in 1996 in Paradise, Kentucky; as

an Iron Worker at Telephone Communications Tower in 1996 in Greenbank, West Virginia;

as an Iron Worker at Downtown Football Stadium in 1997 in St. Louis, Missouri; as an Iron

Worker at U&E Power House in 1997 in St. Louis, Missouri; as an Iron Worker at TVA

Power House in 1997 in Chattanooga, Tennessee; as an Ironworker at AK Steele Plant in

1998 in Evansville, Indiana; as an Iron Worker at State Bridge Job in 1999 in St. Louis,

Missouri; as an Iron Worker at Mille Park Baseball Stadium in 2000 in Milwaukee,

Wisconsin; as an Iron Worker at Toupta Plant in 2002 in Huntsville, Alabama; around

20

furnaces, boilers, and other industrial equipment in his workplace, which contained

significant amount of asbestos-containing products and materials.

The Plaintiff's Decedent dies of Lung Cancer as a result of the exposure to asbestos

and asbestos-containing materials and products on April 22, 2007. This case is brought by

Decedent, Jimmie Wayne Spencer's spouse and personal representative Barbara Spencer.

17.     Plaintiff **CLYDE TAYLOR**, resident of Killen, Alabama, contracted one or

more asbestos-related diseases including Lung cancer. The Plaintiff was continually exposed

to asbestos-related products, produced, manufactured, specified for use, installed, distributed,

sold and/or placed into the stream of commerce by defendants as specifed herein throughout

his employment, and in his environment while employed.

During the course of his employment, the Plaintiff Clyde Taylor worked, including

but not limited to, as a Boiler and Heater Operator at Lauderdale County Board of Education

from 1978-1993 in Florence, Alabama; as a General Laborer at Royal Electric from 1972-

1977 in Florence, Alabama; as a Craftsman for the United States Navy from 1951-1971 in

Washington, California, Oregon, and Japan; around furnaces, boilers, turbines, and other

industrial equipment in his workplace, which contained significant amounts of asbestos

containing products and materials.

The Plaintiff Clyde Taylor has been diagnosed with Lung Cancer.

18.     Plaintiff **JAMES L. TAYLOR**, resident of Tuscumbia, Alabama, contracted

one or more asbestos-related diseases including Lung Cancer. Plaintiff was continually

exposed to asbestos-containing products, produced, manufactured, specified for use,

installed, distributed, sold and/or placed into the stream of commerce by defendants as

specified herein throughout his employment, and in his environment while employed.

21

During the course of his employment, the Plaintiff worked, including but not limited to, as a Dry Wall and Blown Ceiling Worker at House of Marble from 1966-1967 in Haleyville, Alabama; as an Electrician at Whitt Electrical from 1969-1970 in Haleyville, Alabama; as an Electrician at Duncan Electrical in 1970 in Sheffield, Alabama at various job sites including paper mills; as an Electrician at Garnet Electric from 1970-1972 in Sheffield, Alabama at various job sites including Reynolds Metals; as an Electrician at J.K. Johnson Electric from 1972-1973 in Sheffield, Alabama at various jobs sites including Ford Motor Company; as an Electrician at Gulf Electric from 1972-1973 in Decatur, Alabama at various job sites including Bell South; as an Electrician at T.V.A.-Brown Ferry Nuclear in 1974 in Muscle Shoals, Alabama; as an Electrician at Bagby Electrician for Amaco from 1974-1975 in Decatur, Alabama; as an Electrician at T.V.A. Browns Ferry Chemical Plant from 1974-1975 in Muscle Shoals, Alabama; as an Electrician at Reynolds Metal Company from 1978-1980 in Sheffield, Alabama; as an Electrician for T.V.A. Power Service Colbert Steam Plant from 1981-1882 in Muscle Shoals, Alabama; as an Electrician at Sargent Electric at USS Pipe Mill in 1983 in Fairfield, Alabama; as an Electrician at T.V.A. Office Services from 1983-1984 in Muscle Shoals, Alabama; as an Electrician for Garnet Electric and Reynolds Metal Company in 1984 in Sheffield, Alabama; as an Electrician at Quad Cities Electric for Reynolds Metal Company in 1984 in Sheffield, Alabama; as an Electrician for J.K. Johnson Electricfor Reynolds Metal Company from 1984-1985 in Sheffield, Alabama; as an Electricians for Buccaneer Electric from 1984-1985 at a Ramada Inn; as an Electrician for Shoals Electrical and T.V.A. Chemical Plant in 1985 in Muscle Shoals, Alabama; as an Electrician at T.V.A. at Wilson Dam in 1985 in Muscle Shoals, Alabama; as an Electrician at NASA. Marshell Space Flight Center from 1985-1997; as an Electrician for NASA MSFC

22

Redstone Arsenal from 1997 to present in Alabama; around furnaces, boilers, turbines, and other equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff James L. Taylor has been diagnosed with Lung Cancer.

19.   Plaintiff **ROBERT E. TURNER**, resident of Anniston, Alabama, contracted one or more asbestos-related diseases including Lung Cancer.  The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff Robert E. Turner, worked, including but not limited to, as a Military Policeman in the United States Army from 1954-1962 in various places; in the Supervision Press Department at Revere Copper and Brass from 1963-1974 in Detroit, Michigan; as a Computer Engineer Tester at General Motors from 1977-1989 in Detroit, Michigan; as a Press Operator at Brom Field Hyduomat in from 1989-1993 in An arbor, Michigan; as a chef at Hazel Park Raceway from 1971-1977 in Hazel Park, Michigan; around furnaces, boilers, turbine, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials.

The Plaintiff Clyde Taylor has been diagnosed with Lung Cancer.

20.   Plaintiff **WILLIAM ESTES WHITE**, resident of Rogersville, Alabama, contracted one or more asbestos-related diseases including Lung Cancer.  The Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for

23

use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed.

During the course of his employment, the Plaintiff William Estes White worked, including but not limited to; as a Maintenance Man at National Flooring from 1963-1978 in Florence, Alabama; as a Mechanic at White Service Station from 1978-1997 in Rogersville, Alabama; as a Maintenance Man at Doublehead Resort from 1999-2008 in Town Creek, Alabama; around furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amount of asbestos-containing products and materials.

The Plaintiff William Estes White has been diagnosed with Lung Cancer.

### BACKGROUND FACTS — THE DEFENDANTS

21.     The Plaintiffs adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

22.     The term "Producer Defendant" refers to each and every one of those defendants which produced and/or manufactured asbestos-containing products and/or materials and placed the asbestos-containing products and/or materials into the stream of commerce.

23.     The following defendants are "Producer Defendants". (The asbestos-containing products produced by each defendant that have been identified at plaintiffs workplace, during his employment years there, are set out hereinbelow).

24.     **ALBANY INTERNATIONAL** is a New York corporation whose principal place of business is 1373 Broadway, Albany, New York 12204.

24

- Asbestos containing products, including but not limited to Paper Machine Clothing.

25. **ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST**, is a Delaware Corporation whose principle place of business is 1126 South 70th Street, West Allis, Wisconsin, 53214.

26. **AMERICAN OPTICAL CORPORATION** is a Delaware corporation whose principal place of business is 100 Merchanic Street, Southbridge, Massachusetts 01550.

- Protective covering.

27. **ANCHOR PACKING COMPANY** is a Delaware Corporation whose principal place of business is One Buttonwood Square, Philadelphia, Pennsylvania, 19130.

- Packing.

28. **ARVINMERITOR, INC.** is a Nevada Corporation whose principal place of business is 2135 West Maple Road, Troy, Michigan, 48084.

- Asbestos containing products, including but not limited to Asbestos brakeshoes;

- Asbestos containing products, including but not limited to Friction materials.

29. **ASTEN JOHNSON, INC.**, individually and as successor-in-interest to **ASTEN, INC.**, successor-in-interest by way of name change to **ASTEN GROUP, INC.**, formerly trading as **ASTEN-HILLS MANUFACTURING CO.** is a Delaware corporation whose principal place of business is 1013 Centre Road, Wilmington, Delaware 19805.

- Asbestos containing products, including but not limited to Asbestos Felt;

- Asbestos containing products, including but not limited to Bestmesh Felt;

- Asbestos containing products, including but not limited to Calcot Felt;

25

- Asbestos containing products, including but not limited to Syncot Felt;

- Asbestos containing products, including but not limited to Synbest Felt;

- Asbestos containing products, including but not limited to Thermesh Felt;

- Asbestos containing products, including but not limited to Ventmesh Felt.

30.     **BAYER CROPSCIENCE, INC.**, individual and as successor to **AVENTIS CROPSCIENCE USA, INC.** f/k/a **RHONE-POULENCE AG CO.**, f/k/a **AMCHEM, PRODUCTS, INC., BENJAMIN FOSTER CO.** is a New York corporation whose principal place of business is 600 Madison Avenue, New York, NY  10022.

- Asbestos containing products, including but not limited to Benjamin Foster
  Products;

- Asbestos containing products, including but not limited to Roofing Products.

31.     **BELL & GOSSETT**, a subsidiary of **ITT INDUSTRIES** is an Indiana corporation whose principal place of business is 4 West Red Oak Lane, White Plains, New York 10604.  8200 N. Austin Avenue, Morton Grove, Illinois 60053.

- Asbestos containing products, including but not limited to Compressors.

32.     **BONDEX INTERNATIONAL INC.** is an Ohio corporation whose principal place of business is 20 Casey Street, Gilroy, California 95020.

- Asbestos containing products, including but not limited to Paper Products;

- Asbestos containing products, including but not limited to Drywall Products.

33.     **BP AMERICA INC.**, as successor in interest to **AMOCO CHEMICAL COMPANY, AMOCO CHEMICALS COMPANY, PLASKON ELECTRONIC MINERALS, AVISUN CORP., CARBORUNDUM, ATLANTIC RICHFIELD COMPANY/ARCO METALS**, as successor in interest to **ANACONDA AMERICAN**

BRASS COMPANY, AMERICAN BRASS COMPANY, AND ANACONDA

COMPANY is a Delaware corporation whose principal place of business is 200 East

Randolph Drive, Chicago, Illinois, 60601

    - Asbestos containing products, including but not limited to Grinding products.

    34.    **BP AMOCO CHEMICAL COMPANY** is a Delaware corporation whose

principal place of business is 200 East Randolph Drive, Chicago, Illinois, 60601.

    - Asbestos containing products, including but not limited to Grinding products.

    35.    **BUFFALO PUMP, INC.** is a Delaware corporation whose principal place

of business is 874 Oliver Street, North Tonawanda, New York 14120.

    - Asbestos containing products, including but not limited to Pumps.

    36.    **CBS CORPORATION**, formerly known as **VIACOM INC.**, successor by

merger to **CBS CORPORATION** f/k/a **WESTINGHOUSE ELECTRIC**

**CORPORATION** is a Delaware corporation whose principal place of business is 1515

Broadway, New York, New York 10036

    - Asbestos containing products, including but not limited to all kinds of electrical

      products;

    - Asbestos containing products, including but not limited to Wire;

    - Asbestos containing products, including but not limited to Cable;

    - Asbestos containing products, including but not limited to Gaskets;

    - Asbestos containing products, including but not limited to Packing;

    - Asbestos containing products, including but not limited to Panels;

    - Asbestos containing products, including but not limited to Paper;

    - Asbestos containing products, including but not limited to Turbines;

- Asbestos containing products, including but not limited to Transformers;

- Asbestos containing products, including but not limited to Terminals;

- Asbestos containing products, including but not limited to Breakers;

- Asbestos containing products, including but not limited to Motors;

- Asbestos containing products, including but not limited to Micarta;

- Asbestos containing products, including but not limited to Welding Rods;

- Asbestos containing products, including but not limited to Welding Electrodes;

- Asbestos containing products, including but not limited to Welding Machines.

37.   **CERTAINTEED CORPORATION** is a Maryland corporation whose principal place of business is 750 East Swedesford Road, Valley Forge, Pennsylvania 19482.

- Asbestos Cement Sheets (1968 – 1976)

- CertainTeed Asbestos Roof Coating (1930 – 1982)

- CertainTeed Asbestos Cement Pipe (1962 – 1992)

- CertainTeed Cold Process Cement (1940 – 1967)

- CertainTeed Joint Treating Compound (1937 – 1956)

- CertainTeed Plastic Cement (1930 – 1983)

- CertainTeed Sealing Cement (1930 – 1976)

- Wet Seal Plastic Cement (1961 – 1977)

38.   **CLARK-RELIANCE CORPORATION** is a Delaware corporation whose principal place of business is 16633 Foltz Industrial Parkway, Strongsville, Ohio 44149.

- Asbestos containing products, including but not limited to Electric Motors.

39.    **CLEAVER BROOKS**, a division of **AQUA CHEM** is a Wisconsin corporation whose principal place of business is 7800 North 113th Street, Milwaukee, Wisconsin 53201.

- Boilers.

40.    **CONWED CORPORATION** is a Delaware corporation whose principal place of business is 208 S. LaSalle Street, Chicago, Illinois 60604.

- Asbestos containing products, including but not limited to Ceiling tiles.

41.    **COOPER INDUSTRIES, LLC,** f/n/a **COOPER INDUSTRIES, INC.,** individually and as successor-in-interest to **CROUSE-HINDS** is an Ohio corporation whose principal place of business is Wolf & 7th Streets, Syracuse, NY 13221.

- Asbestos containing products, including but not limited to Electrical Products;

- Asbestos containing products, including but not limited to Chico Belden wire and cable;

- Asbestos containing products, including but not limited to Crouse-Hinds electrical products ;

- Asbestos containing products, including but not limited to Chico packing;

- Asbestos containing products, including but not limited to Arrow-Hart electrical products;

- Asbestos containing products, including but not limited to Bussman electrical products;

- Asbestos containing products, including but not limited to Cooper lighting products;

- Asbestos containing products, including but not limited to McGraw-Edson electrical products.

42.    **CRANE CO.**, individually and as successor in interest to **DEMING PUMP, CYCLOTHERM, HYDRO-AIRE, LEAR ROMEC, RESISTOFLEX, SWARTWOUT CO., STOCKHAM VALVE COMPANY, WEINMAN PUMP COMPANY, CHEMPUMP,** and **BURKS PUMPS** is an Alaska corporation whose principal place of business is 100 Stamford Place, Stamford, Connecticut 06902.

- Asbestos containing products, including but not limited to Gaskets;

- Asbestos containing products, including but not limited to Hydraulic Packing;

- Asbestos containing products, including but not limited to Ring Packing;

- Asbestos containing products, including but not limited to Rope Packing;

- Asbestos containing products, including but not limited to Yarn.

43.    **CRANE PUMPS & SYSTEMS, INC.**, individually and as successor to all pump companies acquired by **CRANE** is a Delaware corporation whose principal place of business is 420 Third Street, Piqua, Ohio, 45356.

- Asbestos containing products, including but not limited to Pumps;

- Asbestos containing products, including but not limited to Valves.

44.    **CROWN, CORK, & SEAL COMPANY, INC.** is a Delaware corporation whose principal place of business is One Crown Way, Philadelphia, Pennsylvania 19154.

- Mundet Block Insulation (1950's – 1963)

- Mundet Insulating Cement (1950's – 1963)

- Mundet Pipe Covering (1950's – 1963)

- Pipe Covering

30

- Block Insulation.

45.    **CROWN HOLDINGS, INC.,** successor-in-interest to **MUNDET CORK CORP.** is a Delaware corporation whose principal place of business is One Crown Way, Philadelphia, PA 19154.

- Mundet Block Insulation (1950's – 1963)

- Mundet Insulating Cement (1950's – 1963)

- Mundet Pipe Covering (1950's – 1963)

- Pipe Covering

- Block Insulation.

46.    **CUTLER HAMMER,** currently referred to as **EATON ELECTRICAL, INC.** is a Delaware corporation whose principal place of business is 4201 N. 27th Street, Milwaukee, Wisconsin 53216.

- Electrical Products.

47.    **D. B. RILEY, INCORPORATE,** is a Massachusetts corporation whose principal place of business is 9 Neponset Street, Worcester, Massachusetts, 01606.

- Boilers.

48.    **EATON CORPORATION** is a Delaware corporation whose principal place of business is 1209 Orange Street, Wilmington, Delaware 19801.

- Asbestos containing products, including but not limited to Industrial Automation Products.

49.    **EMERSON ELECTRIC CO.** is a Missouri corporation whose principal place of business is 8000 W. Florissant Avenue, Saint Louis, Missouri 63136.

- Asbestos containing products, including but not limited to Motors;

31

- Asbestos containing products, including but not limited to Starters;

- Asbestos containing products, including but not limited to Electrical Products.

50.     **FMC CORPORATION**, individually and on behalf of its former

**CONTRUCTION EQUIPMENT GROUP**, and former **PEERLESS PUMP DIVISION**,

**COFFIN TURBO PUMPS**, and **CHICAGO PUMP**, business is a Delaware corporation

whose principal place of business is 200 E. Randolph Drive, Chicago, Illinois 60601.

    - Asbestos containing products, including but not limited to Pumps;

    - Asbestos containing products, including but not limited to Valves;

    - Asbestos containing products, including but not limited to Cranes.

51.     **FOSECO, INC.** is a New York corporation whose principal place of

business is 277 Park Avenue, New York, New York 10017.

    - Asbestos containing products, including but not limited to "Hot Tops" Insulating
      cements.

52.     **GARLOCK SEALING TECHNOLOGIES L.L.C.** is a Delaware

corporation whose principal place of business is 1666 Division Street, Palmyra, New York

14522.

    - Asbestos containing products, including but not limited to Asbestos Cloth (1907 –
      1980);

    - Asbestos containing products, including but not limited to Gaskets (1907 – 1980);

    - Asbestos containing products, including but not limited to Packing (1907 – 1980);

    - Asbestos containing products, including but not limited to Ring Packing (1907 –
      1980);

32

- Asbestos containing products, including but not limited to Rope Packing (1907 – 1980);

- Asbestos containing products, including but not limited to Sheet Packing (1907 – 1980);

- Asbestos containing products, including but not limited to Sheet Gaskets (1907 – 1980);

- Asbestos containing products, including but not limited to Valve Packing (1907 – 1980).

53.     **GENERAL ELECTRIC CO.** is a New York corporation whose principal place of business is 1 River Road, Schnecectady, New York 12301.

- Asbestos containing products, including but not limited to Cable;

- Asbestos containing products, including but not limited to Furnaces;

- Asbestos containing products, including but not limited to Turbines;

- Asbestos containing products, including but not limited to Wire;

- Asbestos containing products, including but not limited to Welding Electrodes;

- Asbestos containing products, including but not limited to Welding Machines.

54.     **GEORGIA-PACIFIC CORPORATION** is a Georgia corporation whose principal place of business is 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

- Acoustical Plaster (1950's – 1974)

- All Purpose Joint Compound (1967 – 1977)

- Bedding Compound (1956 – 1977)

- Dry Mixed Joint Compound (1956 – 1977)

- Drywall Adhesive (1972)

33

- Joint Compound (1956 – 1977)

- Kalite (1956 – 1959)

- Laminating Compound (1969)

- Lite Acoustical Plaster (1958 – 1964)

- Patching Plaster (1956 – 1976)

- Ready Mix Joint Compound (1963 – 1977)

- Roof Coating (1975 - ?)

- Spackling Compound (1956 – 1971)

- Speed Set Joint Compound (1962 – 1974)

- Texture (1956 – 1974)

- Topping Compound (1956 – 1977)

- Triple Duty Joint Compound (1956 – 1977.

55.    **GOODYEAR TIRE AND RUBBER CO.** is a Delaware corporation whose principal place of business is 1144 E. Market Street, Akron, Ohio 44316.

- Asbestos containing products, including but not limited to Gaskets.

56.    **GOULDS PUMPS INC.** is a Delaware corporation whose principal place of business is 300 Willow Block Office Park, Fairport, New York 14450.

- Asbestos containing products, including but not limited to ITE electrical products including breakers

- Asbestos containing products, including but not limited to Century motors.

57.    **GUARD-LINE, INC.** is a Texas corporation whose principal place of business is 215 S. Louise Street, Atlanta, Texas 75551.

- Protective Clothing.

34

58.     **HOBART BROTHERS COMPANY** is an Ohio corporation whose principal place of business is 3600 W. Lake Avenue, Glenview, Illinois 60025-5811.

- Asbestos containing products, including but not limited to Welding Products

- Asbestos containing products, including but not limited to Welding Flux;

- Asbestos containing products, including but not limited to Welding Electrodes;

- Asbestos containing products, including but not limited to Welding Machines;

- Asbestos containing products, including but not limited to Welding Rods.

59.     **IMO INDUSTRIES, INC.,** is an Delaware corporation whose principal place of business is 8730 Stony Point Parkway, #150, Richmond, Virginia, 23235.

- Asbestos containing products, including but not limited to Turbines.

60.     **INDUSTRIAL HOLDINGS CORPORATION,** f/k/a **THE CARBORUNDUM COMPANY** is a New York corporation whose principal place of business is 101 Hudson Street, Jersey City, New Jersey 07302.

- Asbestos containing products, including but not limited to Grinding Mills.

61.     **INGERSOLL-RAND COMPANY** is a New Jersey corporation whose principal place of business is 200 Chestnut Ridge Road, Woodcliff, New Jersey 070677.

- Asbestos containing products, including but not limited to Air Compressors;

- Asbestos containing products, including but not limited to Impact Wrenches;

- Asbestos containing products, including but not limited to Blowers;

- Asbestos containing products, including but not limited to Industrial Products;

- Asbestos containing products, including but not limited to Pumps.

62.     **ITT INDUSTRIES INC.** is an Indiana corporation whose principal place of business is 4 West Red Oak Lane, West Plains, New York 10604.

- Asbestos containing products, including but not limited to Compressors.

63.    **JOHN CRANE, INC.**, f/k/a **JOHN CRANE PACKING COMPANY** is a

Delaware corporation whose principal place of business is 6400 West Oakton Street,

Morton Grove, Illinois 60053.

- Asbestos containing products, including but not limited to Gaskets;

- Asbestos containing products, including but not limited to Packing.

64.    **KAISER GYPSUM COMPANY, INC.** is a Washington corporation whose

principal place of business is P. O. Box 8019, Walnut Creek, California 94596.

- Asbestos containing products, including but not limited to Cover-Tex Wall Texture;

- Asbestos containing products, including but not limited to Dual Purpose Joint
  Compound;

- Asbestos containing products, including but not limited to Finishing Compound;

- Asbestos containing products, including but not limited to Joint Compound;

- Asbestos containing products, including but not limited to Kaiser Mineral
  Fiberboard;

- Asbestos containing products, including but not limited to K-Spray Ceiling Texture
  (1961 – 1975);

- Asbestos containing products, including but not limited to Masonry Cement;

- Asbestos containing products, including but not limited to Null-A-Fire Board (1969
  – 1978);

- Asbestos containing products, including but not limited to One-Day Joint
  Compound;

- Asbestos containing products, including but not limited to Plastic Cement;

- Asbestos containing products, including but not limited to Plastic Cement;

- Asbestos containing products, including but not limited to Plastic Gun Cement;

- Asbestos containing products, including but not limited to Premix Finishing Compound.

65. **KELLY-MOORE PAINT COMPANY, INC.** is a California corporation whose principal place of business is 987 Commercial Street, San Carlos, California 94070.

- Asbestos containing products, including but not limited to Bedding Cement (1960 – 1970);

- Asbestos containing products, including but not limited to Deco-Tex Ceiling Texture (1964 – 1978);

- Asbestos containing products, including but not limited to Paco All-Purpose Joint Compound (1960 – 1978);

- Asbestos containing products, including but not limited to Paco Finishing Compound (1960 – 1977);

- Asbestos containing products, including but not limited to Paco Joint Cement;

- Asbestos containing products, including but not limited to Paco Joint Compound (1960 – 1978);

- Asbestos containing products, including but not limited to Paco Quik-Set Joint Compound (1963 – 1978);

- Asbestos containing products, including but not limited to Paco Ready Mix Joint Compound (1963 – 1978);

- Asbestos containing products, including but not limited to Paco Spray Texture;

- Asbestos containing products, including but not limited to Paco Taping Compound
(1970 – 1977);

- Asbestos containing products, including but not limited to Paco Texture;

- Asbestos containing products, including but not limited to Paco Texture Paint;

- Asbestos containing products, including but not limited to Paco Topping Compound
(1963 – 1977);

- Asbestos containing products, including but not limited to Paco Wall Texture (1960
– 1978);

- Asbestos containing products, including but not limited to Paco-Tex Wall Texture.

66.     **KOPPERS INDUSTRIES** is a Pennsylvania corporation whose principal

place of business is 1750 Kopper Building, 437 7th Avenue, Pittsburgh, Pennsylvania

15219.

- Coke Batteries

- Roofing Materials.

67.     **THE LINCOLN ELECTRIC COMPANY** is an Ohio corporation whose

principal place of business is 22801 St. Clair Avenue, Cleveland, Ohio 44114.

- Asbestos containing products, including but not limited to Welding Rods;

- Asbestos containing products, including but not limited to Welding Flux.

68.     **MAREMONT CORPORATION** is an Illinois corporation whose principal

place of business is One Noblitt Plaza, Columbus, Indiana 47202.

- Asbestos containing products, including but not limited to Brake Linings;

- Asbestos containing products, including but not limited to Brake Shoes.

38

69.    **METROPOLITAN LIFE INSURANCE COMPANY** is a New York

corporation whose principal place of business is 1 Madison Avenue, New York, New York

10010.

- Insurance company.

70.    **OGLEBAY NORTON COMPANY,** is a Delaware corporation whose

principal place of business is North Point Tower, 1001 Lakeside Avenue, 15th Floor,

Cleveland, Ohio, 44114.

- Asbestos containing products, including but not limited to Hot Top Refractories.

71.    **OWENS-ILLINOIS, INC.** is a Delaware corporation whose principal place

of business is One Segate Tax 5, Toledo, Ohio 43666.

- Asbestos containing products, including but not limited to Kaylo Block Insulation

(1944 – 1958);

- Asbestos containing products, including but not limited to Kaylo Pipe Covering

(1944 – 1958).

72.    **P&H CRANES** is a Wisconsin corporation whose principal place of

business is 4400 W. National Avenue, Milwaukee, Wisconsin 53201.

- Cranes.

73.    **PNEUMO ABEX LLC,** successor in interest to **ABEX CORPORATION**

is a Delaware corporation whose principal place of business is One Liberty Lane, Hampton,

New Hampshire 03842.

- Asbestos containing products, including but not limited to Industrial Automotive;

- Asbestos containing products, including but not limited to Aerospace Segments.

74.    **RAPID AMERICAN CORPORATION** is a Delaware corporation whose principal place of business is 888 Seventh Avenue, New York, New York 10106.

- Asbestos containing products, including but not limited to Cements;

- Asbestos containing products, including but not limited to Pipe Covering.

75.    **RILEY INC., f/k/a BABCOCK BORSIG POWER INC., a/k/a RILEY STOKER CORPORATION** is a Massachusetts corporation whose principal place of business is 5 Neponset Street, Worcester, Massachusetts 01606.

- Steam & Fuel Burning Equipment

- Boilers

- Steam Generators

- Desuperheaters

- Waste Heat Boilers.

76.    **ROCKBESTOS-SURPRENANT CABLE CORPORATION, f/k/a THE ROCKBESTOS COMPANY** is a Delaware corporation whose principal place of business is 172 Sterling Street, Clinton, Massachusetts 01510.

- Cable and Wire (1918 – 1986).

77.    **ROCKWELL AUTOMATION**, successor by merger to **ALLEN-BRADLEY CO., LLC** is a Delaware corporation whose principal place of business is 777 E. Wisconsin Avenue, Suite 1400, Milwaukee, Wisconsin 53202.

- Pumps

- Valves.

78.   **SCHNEIDER ELECTRIC INDUSTRIES, S.A.S., NORTH**

**AMERICAN DIVISION** is a Pennsylvania corporation whose principal place of business

is 118 Poplar Street, Ambler, Pennsylvania 19002.

- Breakers

- Terminals.

79.   **SEPCO CORPORATION** is a Pennsylvania corporation whose principal

place of business is 322 Thomson Park Drive, Cranberry, Pennsylvania, 16066-6430.

- Gaskets

- Packing.

80.   **SQUARE D COMPANY** is a Delaware corporation whose principal place

of business is 1415 South Roselle Road, Palatine, Illinois 60067.

- Asbestos containing products, including but not limited to Electrical Products;

- Asbestos containing products, including but not limited to Braker Boxes;

- Asbestos containing products, including but not limited to Braker Panels;

- Asbestos containing products, including but not limited to Crane Brakes.

81.   **SUNBEAM PRODUCTS INCORPORATED, fka SUNBEAM**

**CORPORATION** is a Delaware corporation whose principal place of business is 100 West

Tenth Street, Wilmington, Delaware, 19801.

- Asbestos containing products, including but not limited to Furnaces.

82.   **SURFACE COMBUSTION** is an Ohio corporation whose principal place of

business is 2375 Dorr Street, Toledo, Ohio, 43607.

- Asbestos containing products, including but not limited to Furnaces.

83.     **TH AGRICULTURE & NUTRITION, LLC** is a Delaware

corporation whose principal place of business is 100 W. 10th Street, Wilmington, Delaware

19801.

- Asbestos containing products, including but not limited to Fiber.

84.     **THIEM CORPORATION**, successor by merger to **UNIVERSAL**

**REFRACTORIES CORP.** is a New York corporation whose principal place of business is

436 Seventh Avenue, Pittsburg, Pennsylvania 15219.

85.     **TRANE US, INC.** is a Delaware corporation whose principal place of

business is One Centennial Avenue, Piscataway, New Jersey 08855.

- Asbestos containing products, including but not limited to Air Conditioning

Systems;

- Asbestos containing products, including but not limited to Plumbing Products;

- Asbestos containing products, including but not limited to Automotive Breaking

Systems.

86.     **UNION CARBIDE CORPORATION** is a New York corporation whose

principal place of business is 335 Madison Avenue, New York, NY 10017.

- Asbestos containing products, including but not limited to Asbestos containing

products, Bakelite Panels (1939 – 1974);

- Asbestos containing products, including but not limited to Panelboard (1939 –

1974);

- Asbestos containing products, including but not limited to Calidria – Raw Fiber;

- Asbestos containing products, including but not limited to Welding Flux.

87.    **UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC.** is a New Jersey corporation whose principal place of business is 70 Great Hill Road, Naugatuck, Connecticut, 06770.

- Asbestos containing products, including but not limited to Asbestos cloth.

88.    **USX CORPORATION** as successor in interest to **UNITED STATES STEEL, LLC,** formerly known as **TENNESSEE COAL AND IRON** is a Delaware corporation whose principal place of business is 600 Grant Street, Pittsburgh, Pennsylvania, 15219.

- Wire & cable

- Premise liability.

89.    **WARREN PUMPS, INC.** is a Massachusetts corporation whose principal place of business is 82 Bridges Avenue, Warren, Pennsylvania, 01083-0969.

- Pumps.

90.    **ZURN INDUSTRIES, INC.** is a Pennsylvania corporation whose principal place of business is 1801 Pittsburgh Avenue, Erie, Pennsylvania 16514.

- Pumps

- Valves.

91.    The term "Specifying Defendant" refers to each and every one of those defendants which specified the use of asbestos-containing products and/or materials on equipment, including both equipment it produced, manufactured, distributed, sold, and/or placed into the stream of commerce and equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by others.

92.    The following defendant is a "Specifying Defendants", "Producer Defendants"

and a "Premise Defendant":

93.   **UNITED STATES STEEL CORPORATION** is a corporation whose principal place of business is 600 Grant Street, Pittsburgh, PA 15219

- Wire & cable

- Premise Liability.

94.   The term "Distributor Defendant" refers to each and every one of those defendants which distributed, sold and/or placed into the stream of commerce asbestos-containing products and/or materials, including both their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

95.   **NATIONAL SERVICE INDUSTRIES, INC.,** f/k/a **NORTH BOTHERS, INC.** is a Georgia corporation whose principal place of business is 1420 Peachtree Street, N.E., Atlanta, Georgia 30309.

- Insulation contracting company

96.   The term "Contractor Defendant" refers to each and every one of those defendants which installed asbestos-containing products and/or materials at the worksites, including both their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

97.   The following defendant is both a "Specifying Defendants" and a "Contractor Defendants":

98.   **BECHTEL CONSTRUCTION COMPANY** is a Nevada Corporation whose principal place of business is 50 Beale Street, San Francisco, California, 94105.

99.   The following defendant is both a "Producer Defendant" and a "Contractor

44

Defendant":

 100. **FOSTER-WHEELER CORPORATION** is a New York corporation whose principal place of business is 110 Lookerman Square, Dover, Delaware 19904.

 - Asbestos containing products, including but not limited to Boilers;

 - Asbestos containing products, including but not limited to Contract Units;

 - Asbestos containing products, including but not limited to Appartemart Boiler Parts;

 101. The following defendant is both "Distributor Defendants" and "Contractor Defendants":

 102. **HONEYWELL, INC.**, specifically excluding liability for **NARCO**, individually and as successor to **ALLIED SIGNAL, BENDIX, WHEELABRATOR, RUST ENGINEERING**, AND **ALLIED CHEMICAL** is a Delaware corporation whose principal place of business is Honeywell Plaza, Minneapolis, Minnesota 55408.

 - Asbestos containing products, including but not limited to Pumps and Valves;

 - Asbestos containing products, including but not limited to Electrical Products (controls, wires, etc.).

 - Asbestos containing products, including but not limited to Contractor liability defendant.

 103. Each defendant is sued (a) in its individual capacity, (b) as a successor in interest to each of those entities specifically identified herein as the Defendant's predecessor in interest, (c) as a successor in interest to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's predecessor in interest, (d) as an alter ego to each of those entities specifically identified herein as the Defendant's adjunct or instrumentality, and (e) as an alter ego to each of those entities which,

through discovery or otherwise, is identified during the course of litigation as the Defendant's adjunct or instrumentality.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

104.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

105.    The Defendants acted by and through their agents, servants, and employees, and are liable for the conduct of their agents, servants, and employees.  Whenever this complaint refers to Defendants' actionable conduct, it includes the conduct of Defendants' agents, servants, and employees.

106.    Whenever this complaint refers to asbestos-containing products and/or materials, it includes, without limitation, all products and/or materials containing any amount of any form of asbestos and/or any form of talc.

107.    The Defendants, at all times relevant to this complaint, knew, or in the exercise of ordinary care should have known, that asbestos was poisonous and harmful to human beings and that asbestos-containing products and/or materials posed a serious health hazard to humans, particularly in connection with the human lungs and respiratory system but also in connection with other vital organs.

108.    Plaintiffs and/or Plaintiffs' Decedents were injured and/or died as a direct and proximate consequence of the conduct of the Defendants, which were negligent in some or all of the following respects:

A.    Producing and/or manufacturing and placing into the stream of commerce asbestos-containing products and/or materials.

B.     Distributing, selling, and/or placing into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

C.     Installing asbestos-containing products and/or materials at the Worksites, including both their own asbestos-containing products and/or materials produced or manufactured by others.

D.     Specifying the use of asbestos-containing products and/or materials on equipment, including both, equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by the Defendants,

and on equipment produced, manufactured, distributed, sold, and/or placed into the stream of commerce by others.

E.     Marketing asbestos-containing products and/or materials to industries which Defendants knew, or should have known, would expose workers and their families to dust from such asbestos-containing products and/or materials.

F.     Failing to properly design and manufacture asbestos-containing products and/or materials.

G.     Failing to properly test asbestos-containing products and/or materials before they were released for consumer use.

H.     Failing to develop and to utilize a substitute material for asbestos-containing products and/or materials.

I.     Failing to specify for use on equipment safe substitutes for asbestos-containing products and/or materials.

47

J.      Failing to timely and adequately warn Plaintiffs Decedent of the dangerous characteristics and serious health hazards associated with secondary exposure to asbestos-containing products and/or materials.

K.      Failing to provide Plaintiffs Decedent's with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect the Plaintiffs Decedent from being harmed and disabled by secondary exposure to asbestos-containing products and/or materials.

L.      Failing to take precautions to protect Plaintiffs Decedent from exposure to asbestos-containing products and/or materials while Plaintiffs Decedent was an invitee on premises occupied, controlled, and/or owned by the Defendants.

M.      Failing to place timely and adequate health warnings on the containers of asbestos-containing products and/or materials, and/or on the asbestos-containing products and/or materials themselves, and/or on equipment requiring or calling for the use of asbestos-containing products and/or materials.

N.      Failing to take reasonable precautions or to exercise reasonable care to publish, to adopt, and to enforce a safety plan and/or safe method of handling and installing asbestos-containing products and/or materials.

O.      Failing to recall and/or to remove from the stream of commerce asbestos-containing products and/or materials despite knowledge of their unsafe and dangerous nature.

P.      Engaging in a conspiracy or conspiracies to affirmatively misrepresent and/or to suppress material facts about the dangers of exposure to asbestos fibers and the seriousness of the health hazard posed by asbestos fibers.

48

Q.      Specifically disregarding the safety of Plaintiffs Decedent and fraudulently concealing from Plaintiffs Decedent the dangerous nature of the asbestos fibers to which Plaintiffs Decedent was exposed.

R.      Otherwise (a) causing and/or contributing to cause Plaintiffs Decedent to be exposed to asbestos-containing products and/or materials and/or (b) failing to prevent Plaintiffs Decedent from being secondarily exposed to asbestos-containing products and/or materials.

109.   The Defendants' actions were negligent, reckless, and willful and wanton and constituted an outrageous disregard for the health and safety of workers and their families, including Plaintiffs Decedent, who was exposed to asbestos-containing products and/or materials in his workplace.

## COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

110.   The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

111.   The initial cause of action for personal injury and wrongful death is grounded in the Alabama Extended Manufacturer's Liability Doctrine.

112.   The asbestos-containing products and/or materials to which Plaintiffs Decedent was exposed were unreasonably dangerous when applied to their intended use in the usual and customary manner in that:

A.      The asbestos fibers contained in the asbestos-containing products and/or materials are highly carcinogenic and otherwise injurious to the tissue of the human

49

body when inhaled into the respiratory system or ingested into the digestive system.

      B.    The asbestos fibers contained in the asbestos-containing products and/or materials are fibrous by nature and increase in friability with exposure to heat or friction or by mere passage of time, so that such asbestos fibers are subject to being readily inhaled or ingested into the respiratory and digestive systems of person in the vicinity thereof.

    113.   The Defendants caused the unreasonably dangerous asbestos-containing products and/or materials to enter the market, as a result of which Plaintiffs Decedent was exposed and suffered grave and progressive bodily injuries and death.

    114.   The Defendants knew or should have known in the exercise of ordinary care and diligence that the asbestos-containing products and/or materials were unreasonably dangerous. Nevertheless, the Defendants made no effort to recall the asbestos-containing products and/or materials from any buildings, including, without limitation, the Worksites. The Defendants thus allowed Plaintiffs Decedent to be exposed to the asbestos-containing products and/or materials without warning of the dangers thereof or taking preventive measures to protect Plaintiffs Decedent from asbestos exposure, as a proximate result of which Plaintiff's Decedent suffered grave and progressive bodily injury and death.

**COUNT TWO**

**Negligence and Intentional Tort**

    115.   The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

    116.   The second cause of action for personal injury and wrongful death is grounded

50

in legal theories of negligence and intentional tort.

117. The Defendants acted tortiously in concert with one another, and in some instances, intentionally, to advance, to pursue or to implement agreements concerning the misrepresentation, concealment, and/or destruction of scientific and legal evidence concerning the health hazards of asbestos.

118. The Defendants reached an agreement or understanding to inflict a wrong against Plaintiffs Decedent and other similarly situated individuals. Moreover, the Defendants' minds met on the object or course of action, amounting to some mutual mental action coupled with an intent to commit the acts which resulted in the injuries and death to Plaintiffs Decedent. In short, the Defendants hatched a preconceived plan with unity of design and purpose to misrepresent, conceal and/or destroy scientific and/or legal evidence concerning the health hazards of asbestos. They intended to engage in a course of conduct which resulted in injuries, and the course of conduct was known to them through their officers, directors, agents, servants, and managers.

119. The Defendants' liability is joint for all of the tortious conduct and resultant injuries, as well as for the wanton behavior of each Defendant, including the wantonness of co-conspirators not sued herein.

120. The Defendants acted in concert along with other co-conspirators not sued herein with the intent to deceive and to misinform Plaintiffs Decedents and others about the health hazards of asbestos.

121. Plaintiffs Decedents and others similarly situated were the targets of the intentional acts of deception and misrepresentation.

122. In particular, the Defendants, acting through their own medical departments

51

and in conjunction with those of their co-conspirators, including their trade associations, investigated the health hazards faced by workers, thereby learning, or in the exercise of reasonable care, having to learn, of the hazards of asbestos.

123.  Acting maliciously, the Defendants initially suppressed and misrepresented the results of investigations, actively concealing the information from customers, from the users of the asbestos-containing products and/or materials, from their own workers, from the employees of contractors working upon their premises, and from governmental and medical authorities. Ultimately, however, the Defendants conspired to destroy or to alter records of knowledge in order to prevent the scientific and medical evidence from being discovered by the victims of their conspiracy and to forestall regulatory efforts and legislation intended to protect innocent workers from the invisible dusty death.

124.  Each Defendant either, (a) actively took part in the suppression, concealment, misrepresentation, and eventual destruction of data and evidence, and/or (b) furthered the plan or plans by cooperation, and/or (c) lent aid or encouragement to the actual wrongdoers, and/or (d) ratified and adopted the wrongdoers' acts done for their benefit.

125.  The acts of the Defendants in furtherance of their plan of deception were done intentionally or negligently, and in concert, rendering them each jointly and severally liable for the wanton behavior of the other Defendants and coconspirators not sued herein with whom they acted in concert.

126.  As a result of the conspiratorial acts described above, the dangers of asbestos to the human respiratory and digestive systems were hidden from industry in particular and society in general, with the consequences (a) that asbestos-containing products and/or materials were installed in virtually every plant and building in the United States and a large

part of the rest of the industrialized world, (b) that safe substitutes were not developed by industry until after plants and buildings had already been made hazardous by the application or installation of numerous asbestos-containing products and/or materials, and (c) that a large number of people who have come into contact with asbestos-containing products and/or materials have become ill or died as a result of the inhalation or ingestion of asbestos fibers.

127.    Plaintiffs Decedent was among those who worked in the hidden danger of asbestos, sometimes unaware of the presence of asbestos and always unaware of the carcinogenic and other adverse properties of asbestos fibers. As a proximate consequence of the conspiratorial acts of the Defendants in affirmatively misrepresenting and/or suppressing evidence concerning the carcinogenic and other adverse properties of the asbestos-containing products and/or materials, some of which were installed in or applied to the Worksites, Plaintiffs Decedent was caused to be exposed to, and was unable to protect himself from the asbestos fibers, and consequently, Plaintiffs Decedent was exposed to asbestos in his work environment, and thereby suffered grave and progressive bodily injuries and death.

## COUNT THREE

### Negligence in the course of employment

128.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

129.    The third cause of action for personal injury and wrongful death is grounded in a legal theory of negligence and intentional tort.

130.    Plaintiffs Decedents were exposed to dangerous and carcinogenic asbestos fibers.

131. The Defendants knew or should have known that Plaintiffs Decedents, in the course of their employment, were being exposed to asbestos-containing products and/or materials which would injure Plaintiffs Decedents, and the Defendants owed a duty of care to Plaintiffs Decedents to protect them from the dangers of exposure to the asbestos-containing products and/or materials.

132. The Defendants specifically disregarded the safety and health of Plaintiffs Decedents and failed to protect them from the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed by (a) failing to warn Plaintiffs Decedents that they was being exposed to dangerous asbestoscontaining products, and by (b) failing to remove the dangerous asbestoscontaining products and/or materials promptly after the Defendants became aware of their presence and the dangers thereof.

133. The Defendants further concealed from Plaintiffs Decedents the carcinogenic and other adverse effects of the asbestos fibers to which they were exposed in their work environment.

134. As a proximate result of the conduct of the Defendants, Plaintiffs Decedents were exposed to dangerous and carcinogenic asbestos fibers which caused them grave bodily injury and death.

## COUNT FOUR

### Fraudulent Concealment / Misrepresentation / Alteration of Medical Studies /Conspiracy /Aiding and Abetting Conspiracy

135. The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

136.   As will be discussed below, the Defendants used a number of trade and industrial hygiene associations to further the goals of their conspiracy to control the dissemination of research and information regarding the hazards of asbestos and other substances to lend an air of independence and legitimacy to the information which was published, albeit in edited form.

137.   Defendant Metropolitan Life and other Defendants named herein, individually and/or as successors-in-interest of other corporations, and as agents of one another and as co-conspirators, aided, abetted, encouraged, counseled, assisted, agreed, and conspired among themselves and with other asbestos manufactures and distributors to injure Plaintiff's Decedent.

138.   Defendants acted in the following fashion:

A.   Metropolitan Life Insurance Company (Met Life) required a tangible quid pro quo from McGill University in the 1920s in exchange for them providing funding for a study of asbestos disease in Canadian miners. The study was never published and agents of Met Life materially misrepresented in the published literature the fact that asbestos miners developed asbestosis.

B.   In 1932, Met Life, through its agents Dr. Anthony Lanza, Dr. Fellows, and others, assisted the Johns-Manville Corporation with medical examinations of over 1,000 employees of Johns-Manville's factory in Manville, New Jersey. The report of this study shows that a large percentage of the employees suffered from pneumoconiosis, including asbestosis, including employees not directly involved in the manufacturing process. This 1932 medical survey was not published in the medical literature and therefore was unavailable to scientists studying the issue of asbestos disease. Further

55

collaboration between the conspiring asbestos producers and Met Life officials continued this trend of intentional cover-up.

C.   Beginning in approximately 1934, Johns-Manville Corporation, through its agents, Vandiver Brown and attorney J. C. Hobart, and conspirator Raybestos-Manhattan, through its agents, Sumner Simpson and J. Rohrbach, suggested to Dr. Lanza, Associate Medical Director of Met Life (insurers of Manville, Raybestos, and others), that Dr. Lanza publish a study on asbestosis in which Dr. Lanza would affirmatively misrepresent a material fact about asbestos exposure; i.e., the seriousness of the disease process, asbestosis. This was accomplished through intentional deletion of Dr. Lanza's description of asbestosis as fatal and through other selective editing at the behest of the asbestos industry that affirmatively misrepresented asbestosis as a disease process less serious than it actually is and was then known to be, and deletion of information concerning levels of exposure. As a result, Dr. Lanza's study was published in the medical literature in this misleading fashion in 1935. The Defendants were motivated, in part, to effectuate this fraudulent misrepresentation and fraudulent nondisclosure by the desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in lawsuits involving Manville, Raybestos, and others, as well as Met Life, the insurer.

D.   In 1936, conspirators American Brake Block Corporation, Asbestos Manufacturing Company, Gatke corporation, Johns-Manville corporation, Keasby & Mattison company (then an alter-ego to conspirator Turner & Newall), Raybestos-Manhattan, Russell Manufacturing, Thermoid Rubber co., Southern Asbestos Co., (whose liabilities have been assumed by H. K. Porter  Company), Union Asbestos and Rubber company, and United States Gypsum Company, entered into an agreement with the

56

Saranac Laboratories. Under this agreement, these companies acquired the power to decide what information Saranac Laboratories could publish about asbestos disease and control in what form such publications were to occur. This agreement gave these conspirators power to affirmatively misrepresent the results of the work at Saranac and also gave these conspirators power to suppress material facts included in any study. On numerous occasions thereafter, the conspirators exercised their power to prevent Saranac scientists from disclosing material scientific data resulting in numerous misstatements of fact being made about scientific data resulting in numerous misstatements of fact being made at scientific meetings.

     E.    On November 11, 1948, representatives of the following conspirators met at the headquarters of Johns-Manville Corporation: American Brake Block Division of American Brake and Shoe Foundry, Gatke Corporation, Keasby & Mattison Company (whose assets and liabilities were later purchased by H. K. Porter Company), Union Asbestos and Rubber Company, and U. S. Gypsum Company. U. S. Gypsum did not send a representative to the meeting, but instead authorized Vandiver Brown of Johns-Manville to represent its interest at the meeting and to take action on its behalf.

     F.    At the November 11, 1948, meeting, these Defendants and their representatives decided to exert their influence to materially alter and misrepresent material facts about the substance of research started by Dr. Leroy Gardner at the Saranac Laboratories beginning in 1936. Dr. Gardner's research involved the carcinogeniucity of asbestos in mice and also included an evaluation of the health effects of asbestos on humans with a critical review of the then-existing standards of dust exposure from asbestos and asbestos-containing products.

G.    At this meeting, the Defendants intentionally and affirmatively determined that Dr. Gardner's work should be edited to specifically delete material facts about the cancer-causing propensity of asbestos and the health effects of asbestos on humans and critique of the dust standards and then published it in the medical literature as edited by Dr. Arthur Vorwald. The acts of these Defendants were carried out by co-conspirator Defendant Met Life's agent, Dr. Lanza. These Defendants thereby fraudulently misrepresented the risks of asbestos exposure to the public in general and the class of persons exposed to asbestos, including Plaintiff's Decedent.

H.    As a direct result of influence exerted by the above-described conspirators, Dr. Vorwald published Dr. Gardner's edited work in January 1951, in the Archives of Industrial Hygiene and Occupational Medicine (Vol. 3, No. 1), a journal of the American Medical Association. The published version stressed those portions of Gardner's work that the conspirators wished stressed, but omitted references to cancer, to human asbestosis, and to the inadequacy of the then-established threshold limit values (TLV's). Furthermore, that article made a false claim that the published report was the complete survey of Dr. Gardner's work. The Defendants thereby fraudulently, affirmatively, and deliberately disseminated this misleading Dr. Vorwald publication to university libraries, government officials, medical doctors, agencies, the public, and others.

I.    Such action constituted a material affirmative misrepresentation of the total context of material facts involved in Dr. Gardner's work and resulted in creating an appearance that the inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

J.     The following conspirators and others were members of the trade association known as Quebec Asbestos Mining Association: Johns-Manville Corporation, Carey-Canada (individually and as successor to Quebec Asbestos Corporation), Rapid American Corporation (successor to Philip Carey and Quebec Asbestos Corporation, National Gypsum Company (n/k/a Asbestos Claims Management Corporation), Flintkote, Cape Asbestos, Turner & Newall (individually and successor to Bell Asbestos). The members of Q.A.M.A. participated in the above-described misrepresentation of the work of Dr. Gardner published by Dr. Vorwald in the AMA Archives of Industrial Health in 1951. Evidence of the Q.A.M.A., as well as correspondence from Co-conspirators, indicates close monitoring of the editing process by Q.A.M.A.'s representative, Ivan Sabourin, acting on behalf of all Q.A.M.A's members.

K.     Defendants who were members of the Q.A.M.A. began, on or about 1950, to formulate a plan to influence public opinion about the relationship between asbestos and cancer by influencing the medical literature on this subject and then touting and disseminating this literature to the public and to organizations and legislative bodies responsible for regulatory controls of asbestos with the specific intent of misrepresenting the existing scientific information and suppressing contrary scientific data in their possession and control.

L.     This plan of misrepresentation and influence over the medical literature began on or about 1950 when the Q.A.M.A. members selected Saranac Laboratories to do an evaluation of whether cancer was related to asbestos. After a preliminary report authored by Dr. Vorwald in 1952 indicated that a cancer/asbestos relationship might exist

59

in experimental animals, the Q.A.M.A. members refused to further fund the study and it was terminated and never publicly discussed.

M.    As a result of the termination of this study, these Defendants fraudulently withheld information from the public and affirmatively misrepresented to the public and responsible legislative and regulatory bodies that asbestos did not cause cancer, including affirmative misrepresentations by conspirators' agents Kenneth W. smith, M.D., Paul Cartier, M.D., Arthur J. Vorwald, M.D., Anthony J. Lanza, M.D., Vandiver Brown, and Ivan Sabourin, said misrepresentations being directed to inter alia, U. S. Government officials, Canadian Government officials, U. S. National Cancer Institute, other medical organizations, and the general public, including Plaintiff's Decedent.

N.    Subsequently, the Q.A.M.A. Defendant conspirators contracted with the Industrial Hygiene Foundation (I.H.F.) and Dr. Daniel Braun to further study the relationship between asbestos exposure, asbestosis and lung cancer. In 1957, Drs. Braun and Truan reported to the Q.A.M.A. that asbestosis did increase a worker's chances of incurring lung cancer.

O.    The Q.A.M.A. Defendants thereafter caused, in 1958, a publication of the work by Braun and Truan in which the findings regarding increased incidence of cancer in persons with asbestosis was edited out by agents of the Q.A.M.A. The published version of this study contained a conclusion that asbestos exposure did not increase the incidence of lung cancer, a conclusion known by the Defendant conspirators to be patently false.

P.    By falsifying and causing publication of studies concluding that the asbestos exposure did not cause lung cancer and simultaneously omitting a documented Finding that asbestosis did increase the risk of lung cancer, the Q.A.M.A. Defendants

affirmatively misrepresented to the public and concealed from the public the extent of risk associated with inhalation of asbestos fibers.

Q.    In approximately 1958, the Q.A.M.A. Defendants publicized the edited works of Drs. Braun and Truan at a symposium in an effort to fraudulently misrepresent to the public and persons exposed to asbestos that the inhalation of asbestos dust would not cause cancer.

R.    The fraudulent misrepresentation beginning in 1946, as elaborated above and continuing with publication of the 1958 Braun/Truan study, influenced the standard set for the TLVs and inhibited the lowering of the threshold limit value due to the cancer risk associated with asbestos inhalation.

S.    In 1967, the Q.A.M.A. Defendants determined at their trade association meeting that they would intentionally mislead consumers about the extent of risk involved in inhalation of asbestos products.

T.    In 1952, a symposium regarding the health effects of asbestos was held at the Saranac Laboratories.  The following conspirators were in attendance:  Central Mining & Investment Corporation, Johns-Manville, Turner & Newall, Raybestos-Manhattan, and Q.A.M.A. members by way of their agents, Cartier, Sabourin, and LeChance.

U.    At this meeting, the occurrence of lung cancer and asbestosis in product users was discussed and the carcinogenic properties of all fiber types of asbestos were also discussed.  In an affirmative attempt to mislead the public about the extent of health risk associated with asbestos, and in an effort to fraudulently conceal those risks from the public, these Defendants conspired to prevent publication of the record of his 1952 Saranac

61

Symposium and it was not published. In addition, the conspirators induced Dr. Vorwald not to announce the results of his and Dr. Gardner's animal studies showing excess cancers in animals and thereby fraudulently misrepresenting existing data, albeit secret, that could not be publicized because of the secret provisions contained in the 1936 Saranac agreement required by the asbestos industry members.

V.     The following conspirators were members of the Magnesia Insulation Manufactures Association MIMA): Philip-Carey Corporation (predecessors to Rapid American Corporation), Johns-Manville, and others.

W.     In 1955, these conspirators caused to be published the MIMA 85% Magnesia insulation Manual. This manual falsely and fraudulently misrepresented that asbestos-containing products offered no hazard to workers who used these products.

X.     The following conspirators were members of the trade organization known as the Asbestos Textile Institute (ATI): Garlock, Uniroyal, Raybestos-Manhattan, Johns-Manville, H. K. Porter, Keasby & Mattison (individually and through its alter-ego Turner & Newell), National Gypsum (n/k/a Asbestos claims Management Corporation), Cape Asbestos and others.

Y.     In 1947, the members of the ATI, received a report from W.C.L. Hemeon regarding asbestosis that suggested re-evaluation of the then-existing TLVs for asbestos exposure. These Defendants and Metropolitan Life caused this report not to be published and thereby fraudulently concealed material facts about asbestos exposure from the public and affirmatively misrepresented to the public and classes of persons exposed to asbestos that the then-existing TLV was acceptable. Thereafter, these Defendant conspirators withheld additional material information on the dust standards from The

American Conference of Governmental Industrial Hygienists (ACGIH), thereby further influencing evaluation of TLVs for asbestos exposure.

Z.    In 1953, conspirator National Gypsum (n/k/a Asbestos Claims Management Corporation), through its agents, in response to an inquiry from the Indiana Division of Industrial Hygiene regarding health hazards of asbestos spray products, refused to mail a proposed response to that division indicating that respirators should be worn by applicators of the products. National Gypsum's response distorted and fraudulently misrepresented the need for applicators of asbestos spray products to wear respirators and fraudulently concealed form such applicators the need for respirators.

AA.    In 1955, conspirator Johns-Manville, through its agent Kenneth W. Smith, M.D., caused to be published in the AMA Archives of Industrial Health, an article entitled A Pulmonary Disability in Asbestos Workers. This published study materially altered the results of an earlier study in 1949 concerning the same set of workers. This alteration of Dr. Smith's study constituted a fraudulent and material misrepresentation about the extent of the risk associated with asbestos inhalation.

BB.    In 1955, the National Cancer Institute held a meeting at which conspirators Johns-Manville (individually and as an agent for other alleged co-conspirators) and Dr. Vorwald (as agent of co-conspirators) affirmatively misrepresented that there were no existing animal studies concerning the relationship between asbestos exposure and cancer when, in fact, the conspirators were in secret possession of several studies which demonstrated that positive evidence did exist.

CC.    In 1957, the members of the ATI, jointly rejected a proposed research study on cancer and asbestos and this resulted in fraudulent concealment from the public of

63

material facts regarding asbestos exposure and also constituted an affirmative misrepresentation of the then-existing knowledge about asbestos exposure and lung cancer.

DD.   In 1964, the members of the ATI met to formulate a plan for rebutting the association between lung cancer and asbestos exposure that had been recently discussed by Dr. Irvin J. Selikoff. Thereafter, these members of the ATI embarked upon a campaign to further misrepresent the association between asbestos exposure and lung cancer.

EE.   In 1970, through their agents, defendants The Celotex Corporation (predecessor of Rapid American Corporation) and Cary-Canada, affirmatively misrepresented that it had been in the asbestos business since 1918 and found no reported conditions of asbestosis or lung disease. This constituted a fraudulent misrepresentation about the material facts known to these Defendants.

FF.   All Conspirators approved and ratified and furthered the previous conspiratorial acts of conspirators Johns-Manville, Raybestos Manhattan, and Anthony J. Lanza, M.D., acting on behalf of Met Life, and all alleged co-conspirators during the relevant time period and circumstances alleged above, acted as agents and co-conspirators for the other conspirators.

GG.   Certain of the Defendants and/or co-conspirators, including but not limited to Westinghouse Electric Corporation, Metropolitan Life, Raybestos Manhattan, Johns-Manville, Dresser Industries, Harbison-Walker, General Refractories, Pittsburgh Corning, PPG Industries, General Electric, Uniroyal, Owens-Illinois and Owens-Corning Fiberglas, were members of the Industrial Hygiene Foundation (AIHF). The IHF, touted by its industry members as an independent research agency, was used by the members of the asbestos industry to suppress the truth about asbestos and other substances and generate

misleading or outright substances and generate misleading or outright false scientific publications. For example, in the 1940s the IHF was contacted by the Asbestos Textile Institute to conduct a study on asbestos dust. Mr. W. C. L. Hemeon, an industrial hygienist who worked for the IHF, completed the study and forwarded the report entitled Report on Preliminary dust Investigation for Asbestos Textile Institute in June 1947. Mr. Hemeon's report indicated that workers exposed to less than the recommended threshold limit value for asbestos were nonetheless developing diseases. The IHF never published this study and, in doing so, acted to conceal the study from the general public, including asbestos-exposed workers.

HH.    As discussed infra, the IHF also assisted in the QAMA in the publication of the edited version of the Braum Truan report in 1958 which reported the conclusion, known to the IHF and its members to be false, that asbestos exposure did not increase the incidence of lung cancer.

II.    The Activities of IHF and its members substantially assisted the co-conspirators by retarding the development of knowledge about the hazards of asbestos.

JJ.    Metropolitan Life and other co-conspirators downplayed the seriousness of the hazard of exposure to diatomaceous earth by misleading public health officials in California.

139.    As a direct and proximate result of the above referenced conspirators intentional publication of deceptive and misleading medical data and information as described in the preceding paragraphs, and upon which data the Plaintiff's Decedent, and those charged with warning them reasonably relied, the Plaintiff's Decedent inhaled or

otherwise were exposed to and ingested hazardous dust resulting in the injuries described in this Complaint.

140. Additionally and alternatively, as a direct and proximate result of Metropolitan Life's actions and omissions as described above, the Plaintiff's Decedent was caused to remain ignorant concerning the danger of human exposure to asbestos and other substances, resulting in damage to the Plaintiff's Decedent by depriving the Plaintiff's Decedent, their employers, and the general public of opportunities to be aware of the hazards of asbestos and other substances exposure, and thus the opportunity to take proper safety precautions and/or avoid this exposure. Because of this ignorance and intentional failure to warn, the Plaintiff's Decedent inhaled, was exposed to, or otherwise ingested hazardous asbestos dust resulting in the injuries described above.

141. The conspirators fraudulently concealed from the Plaintiff's Decedent the alteration of its published test results, the actions and omissions and concerted design and conspiracy, all as described in the paragraphs above, until the Plaintiff's Decedent discovered said conduct following these diagnoses of asbestos-related injuries.

142. Certain of the Defendants, in addition, belong to the IHF and the AIA/NA also known as the Asbestos Information Association/North America and took part in certain activities wherein they individually and through their organization took steps to stop the dissemination of information with regard to asbestos and its hazards, took steps to influence proposed regulation of asbestos by making misleading statements regarding the health effects of asbestos and conspired to make false representations with regard to the safety and hazards of asbestos-containing products.

66

143.    Certain of these Defendants in the IHF, AID/NA, ATI, the Asbestosis Research Council and/or other organizations, acting individually and as members of a conspiracy and as agents of other co-conspirators took steps to fraudulently conceal and/or fraudulently misrepresent the hazards of asbestos which proximately caused injury and death to the Plaintiff's Decedent in the following manner:

(a)    published material or caused to be published material that the Defendants individually and/or through their organizations knew was false and incomplete in that the Defendants knowingly and deliberately deleted certain references to the known health hazards of asbestos and asbestos related products;

(b)    that the publication of these false and misleading reports and non-disclosure of documented reports on the health hazards of asbestos were done to maintain a favorable atmosphere for the continued sale and distribution of asbestos and asbestos related products;

(c)    that the acts were perpetrated to influence in the Defendants' favor proposed legislation to regulate asbestos exposure, and

(d)    that the acts in question were also done to provide a defense in lawsuits brought for injury and death resulting from asbestos disease.

144.    In continuing their asbestos exposure, the Plaintiff's Decedent reasonably relied upon the published medical and scientific data about the purported lack of hazards of asbestos products, Defendants' false representations that their products were safe, and the lack of publicity about the hazards of asbestos, which he reasonably believed to be safe.

145.    Defendants individually, as members of a conspiracy, and as agents of other co-conspirators intended that the Plaintiff's Decedent rely upon the published reports

regarding the safety of asbestos and asbestos-related products, to continue their exposure to those products.

146.    Defendants individually, as members of a conspiracy, and as agents of other co-conspirators are in a position of superior knowledge regarding the health hazards of asbestos and, therefore, the Plaintiff's Decedent had a right to rely on the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos related products. This conduct was directed at all state of the United State including Alabama.

147.    Certain Defendants belonged to The Mellon Institute and the Industrial Hygiene Foundation (IHF), which were institutes whose functions included involved in research and communications to member companies regarding the health effects of inhaling asbestos dust. In 1935, The Mellon Institute conducted a meeting at which time a plan was developed where members of the asbestos industry would join together to combat publicity and dissemination of data on the hazards of asbestos.

148.    Beginning in the early 1940's, the IHF was involved in a study by W.C.L. Hemeon entitled Report of Preliminary Dust Investigation for Asbestos Textile Institute, June 1947. This study was done in connection with members of the Asbestos Textile Institute (ATI). This study found that workers exposed to less than the recommended threshold limit value for asbestos were nonetheless developing disease. The IHF never published this study and, in doing so, acted to conceal the study from the general public including asbestos-exposed workers.

149.    Beginning in the mid-1950's, the IHF and The Mellon Institute were involved in the publication of works by Dr. Braun and Mr. Truan entitled An epidemiological

68

Study of Lung Cancer in Asbestos Miners. In its original form in September, 1957, this study had concluded that workers with asbestosis had an increased incidence of lung cancer and that the Canadian government had been under-reporting cases of asbestosis. The final published version of this study in June, 1958, deleted the conclusion that workers with asbestosis suffered an increased incidence of lung cancer and that the Canadian government had been under-reporting cases of asbestosis. The members and agents of the IHF and The Mellon Institute, individually and through these organizations, conspired with the members of the Quebec Asbestos Mining Association (Q.A.M.A.) and their legal counsel, Ivan Sabourin, to delete the above-described information regarding asbestos and cancer.

150. The above-described actions of the members and agents of the IHF and The Mellon Institute constituted intentional deception and fraud in actively misleading the public about the extent of the hazards connected with breathing asbestos dust.

151. The above-described actions of the IHF and The Mellon Institute and their individual members substantially contributed to retarding the development of knowledge about the hazards of asbestos and thereby substantially contributed to injuries suffered by the Plaintiff's Decedent. The Plaintiff's Decedent reserves the right to supplement these allegations once the defendants have identified all their memberships in trade organizations and the memberships of their officers, agents, employees and directors.

## COUNT FIVE

### Product Liability, combined and concurring negligence, intentional tort and conspiracy

152. The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

153.   The fourth cause of action for wrongful death is based on legal theories of product liability, combined and concurring negligence, intentional tort, and conspiracy.

154.   As a result of Defendants' actions, Plaintiffs Decedents were exposed to unreasonably dangerous, defective, negligently manufactured and marketed asbestos-containing products and/or materials, which caused grave and progressive bodily injury to Plaintiffs Decedents and which proximately caused the death of Plaintiffs Decedents.

155.   Plaintiffs assert that they have filed suit either within the applicable state statute of limitations period, and/or that their claims are timely as a matter of law pursuant to 42 U.S.C. § 9658, a provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Under this provision, the running of the state statute of limitations for applicable actions is delayed until "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). The provision " 'creates a federally mandated discovery rule for the accrual of state law claims involving releases of hazardous substances that cause or contribute to personal injury.... ' " *Kowalski v. Goodyear Tire and Rubber Co.*, 841 F. Supp. 104, 107 (W.D.N.Y. 1994)(quoting *Soo Line Ry. Co. v. B.J. Carney & Co.*, 797 1472, 1487 (D.Minn. 1992). Application of the statute to a state law cause of action does not depend on the existence of an underlying federal CERCLA action. *Id.* at 107-08.

### JURY DEMAND AND AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs hereby demand a trial by struck jury on all of the issues which have been or may hereafter be raised in any of the pleadings, whether filed by or on behalf of the Plaintiffs or any of the Defendants, and further

demands judgment jointly and severally against all of the Defendants in an amount to be assessed by the jury as proper and just, together with all special and general damages permitted under applicable law as the Court deems proper and just.

This ___ day of January, 2008.

Respectfully submitted,

G. Patterson Keahey, Jr. ASB-6357-A64G
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
Telephone: (205) 871-0707
Facsimile: (205) 871-0801
E-mail: info@mesohelp.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 3 2008

FILED
CLERK'S OFFICE

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL NO. 875

THIS DOCUMENT RELATES TO CTO-304 AS IT PERTAINS TO THE
FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED
FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA
(TRANSFEROR JUDGE: MYRON H. THOMPSON):

|  |  |
|---|---|
| **DANIEL R. BROWN, ET AL.,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ALBANY INTERNATIONAL, ET AL,** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

Request of Pltfs. in Brown, et al., ALM 2:08-46,
for Extension of Time to file Motion/Brief to
vacate CTO. -- **GRANTED**.
*RECEIVED WITH PLEADING.*
(jnl - 9 Jun 08)

**Case No. 2:08-CV-46**

## MOTION FOR EXTENSION OF TIME

Come now Plaintiffs and move this Court to consider an Extension of Time to file

a Response to Defendants' Motion to Vacate the Conditional Transfer Order in the above

styled case. As grounds therefore, Plaintiffs respectfully show unto the Court as follows:

1. Plaintiff inadvertently and erroneously file Plaintiff's Response to Defendants

   Motion to Vacate the Conditional Transfer Order with the Federal District

   Court, Middle District of Alabama.

2. Plaintiff just became aware of this filing error and now understands that all

   filings involving the transfer of the case sited above should be filed with the

   Judicial Planel of the Multidistrict Litigation Sector in Washington, D.C.

3.   Therefore, Plaintiff respectfully requests this Court grant Plaintiff's an

extension of time to file Plaintiff's Response to Defendant's Motion to Vacte

the Conditional Transfer Order, attached hereto as Exhibit 1.

This is 3rd day of June, 2008.

Respectfully submitted,

G. Patterson Keahey, Jr.
ASB-6357-a64g
One Independence Drive
Suite, 612
Birmingham, AL
205-871-0707
205-871-0801
info@mesohelp.com (email)

# Exhibit 1

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY**   **MDL NO. 875**
**LITIGATION (NO. VI)**

THIS DOCUMENT RELATES TO CTO-304 AS IT PERTAINS TO THE
FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED
FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA
(TRANSFEROR JUDGE: MYRON H. THOMPSON):

| | | |
|---|---|---|
| **DANIEL R. BROWN, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | **Case No. 2:08-CV-46** |
| | ) | |
| **ALBANY INTERNATIONAL, ET AL,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION OF DEFENDANTS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-304)

COMES NOW the Plaintiffs, by and through their attorney of record, and files this Plaintiffs' Response in Opposition to Defendants National Service Industries, Inc. ("NSI") and Owens-Illinois, Inc. ("O-I") Motion to Vacate the Conditional Transfer Order. Plaintiffs' are opposed to the Defendant's Motion because Plaintiffs have sufficiently established that subject matter jurisdiction exists in this case: Plaintiffs have shown diversity of citizenship between the parties, as well as a satisfaction of the requirements of amount in controversy. Plaintiffs state before this Honorable Court as follows:

## STATEMENT OF FACTS

1.     On or about January 17, 2008, Plaintiffs filed a Complaint to the United States District Court for the Middle District of Alabama. The Complaint alleged personal injuries and/or wrongful deaths suffered as a result of exposure to asbestos-containing products which were manufactured, produced, distributed, sold, installed, specified, and/or marketed by Defendants. *See* Complaint [attached herewith as Exhibit A].

2.     Plaintiffs' Complaint alleges the following charges: I) Alabama Extended Manufacturer's Liability Doctrine; II) Negligence and Intentional Tort; III) Negligence in the Course of Employment; IV) Fradulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy; and V) Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy. *See* Complaint [Exhibit A].

3.     Plaintiffs' Complaint clearly establishes that Plaintiffs are citizens of Alabama and New Mexico. *See* Complaint, p. 6 [Exhibit A].

4.     Plaintiffs' complaint states that: "The amount in controversy, exclusive of interests and costs, exceeds $75,000.00 and is within the jurisdiction of the Court". *See* Complaint, p. 6-7 [Exhibit A].

5.     On April 18, 2008, Defendants NSI and O-I filed a Motion to Vacate The Conditional Transfer Order on the grounds that Plaintiffs had not established subject matter jurisdiction of either diversity of citizenship or of amount in controversy. Plaintiffs respond in Opposition to that Motion as follows:

## ARGUMENT

**I.     The Panel Should Not Vacate The Conditional Transfer Order Because The Federal Courts Do Have Subject Matter Jurisdiction Over Plaintiffs' Action.**

## A. Diversity of Citizenship Exists Between Plaintiffs and Defendants

Defendants NSI and O-I allege that the Plaintiffs have failed to establish subject matter jurisdiction for the federal courts in this case. Plaintiffs respectfully submit that Plaintiffs' original Complaint clearly establishes that subject matter jurisdiction exists for this case, and that this case is properly brought before the MDL Panel. Specifically, Plaintiffs would argue that Defendants NSI and O-I's argument against subject matter jurisdiction is a trivial dispute of semantics that goes against commonly accepted practices of legal writing. Plaintiffs further argue that Defendant's Motion to Vacate is petty, lacks necessary foundation, and is meant only to delay and harass the smooth continuation of Plaintiffs' action.

Plaintiffs' Complaint clearly indicates that Plaintiffs are citizens of Alabama and New Mexico and that diversity of citizenship exists between Plaintiffs and Defendant corporations. Defendants NSI and O-I have implied that the use of the phrase "resident citizens" means only that the individual Plaintiffs are residents of a state, and not citizens of it. Plaintiffs contend that this is a trivial and baseless argument. Plaintiffs' use of the phrase "resident citizens" is a clear reference to the simple fact that individual plaintiffs reside in the states of which they are citizens. Moreover, the mere use of the word "citizens" clearly and concretely identifies the Plaintiffs as citizens of the specified states; the fact that Plaintiffs also reside in these states goes to further strengthen the inference of citizenship. The Defendant's misapplied, linear focus on the word "resident" wholly negates the overall meaning of the phrase, and should not be interpreted as such.

3

Furthermore, use of the phrase "resident citizens" and similar expressions is not only an accepted practice of legal writing, it is also one that is used commonly by the federal courts of this nation. For example, the Court of Appeals for the Eleventh Circuit, the very Court which issued the *Beavers v. A.O. Smith Electrical* opinion that Defendants NSI and O-I cite so extensively, has itself referred to Plaintiffs as "resident citizens" and has upheld diversity of jurisdiction based on that description.    In its decision in *McCormick v. Aderholt*, the Eleventh Circuit Court of Appeals states:

> In light of the foregoing, we find that the district court did not err in finding that the plaintiff is and was at the time of filing suit, a **resident citizen** of Florida. Because McCormick's citizenship is diverse from Aderholt's, the district court properly exercised subject-matter jurisdiction over this case.

*McCormick v. Aderholt*, 293 F. 3rd 1254, 1258 (11 Cir. 2002)(emphasis added).    The Eleventh Circuit upheld this finding despite the Plaintiff's significant ties to the state of Alabama, of which the Defendant was a citizen.  *Id*.  Furthermore, this is not the only case in which the Eleventh Circuit Court of Appeals has accepted the use of this phrase.

In 1994, the Eleventh Circuit impliedly adopted the term "resident citizen", used in Plaintiff's Complaint to indicate a lack of diversity between parties, when it relied on that description in denying federal question jurisdiction. *Hill v. Marston*, 13 F. 3rd 1548 (11 Cir. 1994).  The Court held that federal jurisdiction did not exist where there was no federal question present in the case; since the parties were admittedly "resident citizens" of the same state, diversity of citizenship could not be applied to otherwise remove the case to federal court.  *Id*.  Even more persuasively, the United States Supreme Court has also upheld the use of the phrase "resident citizen", and has interpreted it to mean that an

4

individual is an "inhabitant, resident and citizen" of a particular state. *Missouri, K. & T.R. Co. v. Wulf*, 226 U.S. 570, 572 (1912).

Defendants NSI and O-I correctly state that "[c]itizenship, not residency, is the key fact that must be alleged in the complaint to establish diversity for a natural person"; however, the Defendants conveniently ignore the accepted legal meaning of the phrase "resident citizen" as has been previously interpreted by the Eleventh Circuit Court of Appeals and the United States Supreme Court. A "resident citizen" is recognized as an "inhabitant, resident and citizen" of a state; therefore, the Defendant's argument that diversity of citizenship does not exist is misplaced and should be denied.

### B. The Amount In Controversy Requirement Has Been Satisfied

Defendants NSI and O-I also allege that subject matter jurisdiction does not exist due to a Plaintiffs' failure to establish that the $75,000.00 amount in controversy requirement has been satisfied. *See* Brief in Support of Defendants Motion to Vacate, p. 5. The Defendants base this argument on the theory that each individual Plaintiff's claim must meet or exceed $75,000.00 in damages. Plaintiff asserts that each individual Plaintiff's amount in controversy does meet or exceed $75,000 in damages as evident by the clear language in Plaintiffs' Complaint. Plaintiffs declare in their Complaint that, "Plaintiffs allege and complain against the above-named Defendants, and *each* demands a jury trial of all issues and causes of actions:". *See* Complaint, p. 6 [Exhibit A] (emphasis added). The Complaint thereafter goes on to state that, "[t]he amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the Court." *See* Complaint, p. 6-7 [Exhibit A]. Plaintiffs assert that it is clear on the face of the Complaint that the amount in controversy is applicable to each

5

Plaintiff named in the Complaint. Further, by virtue of the very fact that the first sentence of the Complaint sets forth the clearly word "each" followed thereafter by a colon and the applicable amount in controversy requirement, that each Plaintiff has adequately plead the amount in controversy needed to proceed with their cause of action.

In the alternative, should this court not find that each Plaintiff has adequate plead the amount in controversy requirement, Plaintiffs assert that only one Plaintiff need to satisfy this requirement in order to proceed with the cause of action. In *Exxon Mobil Corp. v. Allapattah Services*, the United States Supreme Court held that:

> where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction

*Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 549 (2005). Interestingly, the Supreme Court's decision was an affirmation of the decision previously rendered by the Eleventh Circuit Court of Appeals, which also held that jurisdiction of a diversity class action did not fail for lack of amount in controversy where at least one of the class members met the requirement. *Allapattah Servs, Inc. v. Exxon Corp.*, 333 F. 3rd 1248, 1256 (11 Cir. 2003). Similar findings have also been issued by the Courts of Appeals for the Fourth, Fifth, Sixth and Seventh Circuits. *Exxon Corp.* at 551. The consistency of these precedents indicates that Defendants are mistaken in their argument that Plaintiffs' action must fail if each individual Plaintiff cannot meet the amount in controversy requirement.

Plaintiffs' Complaint clearly states that the amount in controversy exceeds the $75,000.00 requirement. This statement indicates that Plaintiffs' have met the burdens

outlined in *Exxon Services* that at least one Plaintiff have an amount in controversy which exceeds $75,000.00, and thus that all Plaintiffs are thereby approved under the Supreme Court's meaning and intent in *Exxon Services*. Defendants NSI and O-I's assertion that Plaintiffs must prove that each individual claim exceeds the amount in controversy is erroneous and is not in line with precedent. As such, the Defendant's argument that the amount of controversy has not been met should be denied.

## CONCLUSION

Defendants NSI and O-I's Motion to Vacate the Conditional Transfer Order should be denied. Plaintiffs respectfully submit that Defendants NSI and O-I's argument against subject matter jurisdiction is nothing more than a combination of myopic interpretation of semantics and mistaken applications of law, designed primarily to delay and harass the smooth continuation of Plaintiffs' action. For these reasons, Plaintiffs respectfully request that the Multidistrict Panel deny Defendants NSI and O-I's Motion to Vacate the Conditional Transfer Order.

Respectfully submitted this 16th day of May, 2008.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiff*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE: 205-871-0801
EMAIL:        alasbestos@mesohelp.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 3 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2008, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will automatically

send e-mail notification to the attorneys of record.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE: 205-871-0707
FACSIMILE: 205-871-0801
EMAIL: alasbestos@mesohelp.com

8