MDL 875

Craig L. Winterman (Bar No. 75220)
HERZFELD & RUBIN LLP
1925 Century Park East, Suite 600
Los Angeles CA 90067
(310) 553-0451 Fax (310) 553-0648
cwinterman@hrllp-law.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 9 2008

FILED
CLERK'S OFFICE

Attorneys for Defendants,
VOLKSWAGEN GROUP OF AMERICA, INC. f/k/a
VOLKSWAGEN OF AMERICA, INC.

# BEFORE THE JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

PLEADING NO. 5 4 8 5

| | |
|---|---|
| LOUIS TED KOVARY and MARIA KOVARY<br><br>Plaintiffs,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC.; BENDIX; LUCAS INDUSTRIES; VOLKSWAGEN OF AMERICA; BOB SMITH VOLKSWAGEN and DOES 1 to 100,<br><br>Defendants | RE: MDL No. 875 – IN RE: Asbestos Products Liability Litigation (No. VI)<br><br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CASE NO. CV08-02172 GW (CWx)<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER; DECLARATION OF CRAIG L. WINTERMAN;<br><br>NOTICE OF REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY |
| BOB SMITH VOLKSWAGEN,<br><br>Cross-claimant,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL INC.; BENDIX; LUCAS INDUSTRIES; VOLKSWAGEN OF AMERICA and ROES 1 THROUGH 100<br><br>Cross-defendants. | |

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 JUN 16  P 4:0

RECEIVED
CLERK'S OFFICE

OFFICIAL FILE COPY
IMAGED JUN 1 9 2008

VWGoA's RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

For the reasons set forth below Plaintiff's Motion to Vacate CTO should be denied. The Panel should, at a minimum, continue Plaintiffs' Motion to Vacate CTO until *after* August 14, 2008, the date the District Court is to hear and rule on (1) any challenges to an amended complaint which the plaintiffs may file in an effort to destroy diversity, and then (2) upon plaintiffs' Motion to Remand.

After the District Court has issued its rulings in August, this Panel should deny the Motion to Vacate CTO. VWGoA requests leave of Court to supplement this Response to address any new matter that may arise between now and the August 14, 2008 hearing.

## I. SUMMARY OF FACTS AND PROCEDURAL HISTORY

Plaintiffs Louis Ted Kovary and Maria Kovary ("Plaintiffs") filed this asbestos personal injury action against Defendants Honeywell International, Inc. ("Honeywell"), Volkswagen Group of America, Inc. ("VWGoA"), Lucas Industries ("Lucas"), Bendix, and Robert A. Smith, Inc., dba Bob Smith Volkswagen ("BSVW") (erroneously sued as Bob Smith Volkswagen). Plaintiffs' form Complaint was filed in the Los Angeles Superior Court on January 23, 2008. Just five days later, on January 28,

2008, Plaintiff Louis Ted Kovary ("Plaintiff") executed an application for workers' compensation benefits for the very same injuries ("exposure to asbestosis (sic)/toxins") complained of in the Complaint.   In his action before the State of California Department of Industrial Relations Workers' Compensation Appeals Board, (Case No. MON0358394), Plaintiff is seeking benefits from several of his former employers, including BSVW ("BSVW") and Volkswagen of Santa Monica, LLC ("VWSM").   (A copy of Plaintiff's application for Workers' Compensation benefits is attached to the declaration of Craig L. Winterman as Exhibit "A".)

On April 2, 2008, defendant Volkswagen Group of America, Inc. ("VWGoA") removed this action to the United States District Court for the Central District of California, on the grounds that the only non-diverse defendant, former employer BSVW, was a sham defendant.   Defendant Honeywell joined in VWGoA's Notice of Removal.   On April 2, 2008, VWGoA also served and filed a Notice of Tag Along to the United States District Court for the Eastern District of Pennsylvania.   On April 25, 2008, the Judicial Panel on Multidistrict Litigation issued an Order of Conditional Transfer to the USDC for Eastern District of Pennsylvania.

The basis for VWGoA's Notice of Removal is that there was (and still is) complete diversity of citizenship between Plaintiffs and all Defendants against whom Plaintiffs set forth allegations in their Complaint.   Although

BSVW is named in the caption of the Complaint, it is not the object of any of the charging allegations in the Complaint. Furthermore, BSVW should be disregarded for purposes of diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. §1441(b), on the grounds that there is *by law* no possibility that Plaintiffs will be able to establish liability against BSVW.

Under California law, an employee is barred – subject to a few narrowly defined exceptions – from bringing a personal injury suit against his employer for injuries sustained in the course of employment. As outlined below, Labor Code §3602(a) provides that workers' compensation is the "sole and exclusive remedy of the employee or his or her dependents against the employer" for such injuries.

On April 10, 2008, BSVW filed an Answer to the Complaint, and a Cross-Claim for 1) Express Indemnity; 2) Implied Indemnity; 3) Contribution; and 4) Declaratory Relief against VWGoA, Honeywell and Lucas. On May 2, 2008, VWGoA filed a Motion to Dismiss BSVW's Cross-Claim under Rule 12(b)(6), on the basis that, because there were no charging allegations against BSVW in the Complaint, there was *nothing that BSVW could receive indemnification for.*

On May 14, 2008, in a post-removal attempt to destroy diversity, Plaintiffs filed a Motion for Order Permitting Leave to Amend and Remanding Case to State Court ("Motion for Leave to Amend"). Plaintiffs

sought leave to amend the Complaint and attached a [Proposed] First Amended Complaint ("PFAC") substituting, among others, Robert A. Smith, Inc. as Doe 3, and substituting VWSM as Doe 4. Plaintiff Louis Ted Kovary was previously employed by BSVW and VWSM, and workers' compensation is therefore the exclusive remedy available to Plaintiffs for any injuries sustained during that employment. In an effort to circumvent the workers' compensation bar, Plaintiffs sought improperly to allege in their PFAC that Plaintiff acted in a "dual capacity" by purchasing asbestos-containing parts from his employers. Plaintiffs further sought in their PFAC to set forth allegations of fraud (i.e., "fraudulent concealment") not found in the Complaint, in an attempt to fall within a narrow exception to the exclusive remedy provisions set forth in Labor Code §3602(b).

On May 27, 2008, Plaintiffs filed the instant Motion to Vacate Conditional Transfer Order ("Motion to Vacate CTO"). Plaintiffs' Motion to Vacate the CTO is based on the false assumption that *if granted* leave to amend, then the case would automatically be remanded to state court.

On May 27, 2008, VWGoA filed an Opposition to Plaintiffs' Motion for Leave to Amend ("Opposition"), *outlining why Plaintiffs have not stated, and will not be able to state, grounds for relief against BSVW and VWSM.* VWGoA's Opposition further details Plaintiffs' attempts in the PFAC to bring

improper "Dual capacity" allegations and improperly pleaded fraudulent concealment allegations in a post-removal attempt to destroy diversity.

On June 4, 2008, Plaintiffs filed their Reply to VWGoA's Opposition, alleging that "plaintiffs have timely and appropriately added non-diverse defendants to this action; thereby, destroying diversity of citizenship between the parties, which was the sole basis that defendant (VWGoA) sought removal of this action to federal court." Plaintiffs also raised for the first time in their Reply an argument that BSVW could be liable for failing to obtain workers' compensation insurance, a claim which has not been substantiated.

## II. THE COURT'S RULING ON THE MOTIONS

The hearing dates on VWGoA's Motion to Dismiss the Cross-Claim and Plaintiff's Motion for Leave to Amend were consolidated to June 9, 2008. At the hearing, the Court cited the "extreme liberality" which is to be afforded in interpreting Rule 15(a), and granted Plaintiffs' Motion for Leave to Amend. Because the Court allowed amendment, it did not rule on VWGoA's Motion to Dismiss or Plaintiffs' Motion to Remand.

However, the Court agreed with the substantive arguments set forth in VWGoA's Opposition and flatly rejected Plaintiffs' PFAC. The Court noted that the "real issue underlying (Plaintiff's Motion for Leave to Amend) is

Plaintiffs' ability to state a claim against the non-diverse employer defendants, Robert A. Smith, Inc. and VWSM."

The Court first addressed the Plaintiffs' attempt to circumvent the worker's compensation bar by pleading "dual capacity," and ruled that "Defendants correctly note that the dual capacity exception was – except in narrow circumstances not alleged in this case – barred by a 1982 amendment to Labor Code § 3602."[1] [Citing, Ashdown v. Ameron Internat. Corp., 83 Cal.App.4th 868, 878-76] (See, Court's Minute Order attached as Exhibit "B" to declaration of Craig L. Winterman.) The Court found that the PFAC failed to allege facts comporting with the requirements of Labor Code § 3602.

The Court further found that, despite asserting in their Reply that they could bring a civil cause of action for violation of Labor Code §3700, Plaintiffs failed to include any such allegations in the PFAC. For the foregoing reasons, the Court concluded that the "ultimate amended complaint which the Plaintiffs seek to file is not the present PFAC." (See, Court's Minute Order, page 2, ¶4 Exhibit "B" to declaration of Craig L.

---

[1] Labor Code §3602 (b)(2) provides a very narrow exception to the exclusive remedy bar on personal injury suits and allows an employee to bring an action at law for damages against the employer, where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to only those damages proximately caused by the aggravation.

Winterman). The Court gave Plaintiffs until June 27, 2008 to file a new First Amended Complaint (11 days *after* VWGoA's Response to the Motion to Vacate the CTO is due), and gave Defendants' until July 16, 2008 to file any motions relating to that pleading. Plaintiffs' opposition is due by August 1, 2008, and Defendants' Reply by August 8, 2008. The matter will be heard, along with the Defendants' Motion to Dismiss and Plaintiffs' Motion to Remand on August 14, 2008. See, *Court's Minute Order attached as* Exhibit "B" to declaration of Craig L. Winterman.

For the reasons set forth below Plaintiff's Motion to Vacate CTO should be denied. VWGoA further requests that the Panel, at a minimum, continue Plaintiffs' Motion to Vacate CTO until *after* August 14, 2008, the date the District Court is to hear and rule on any challenges to Plaintiffs' amended complaint (assuming one is filed) and Motion to Remand. Further, VWGoA requests leave of Court to supplement this Response to address any new matter that may arise between now and the August 14, 2008 hearing.

## III.   SUMMARY OF ARGUMENTS IN OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER.

Plaintiffs' Motion to Vacate the Conditional Transfer Order should be DENIED on the following grounds:

1. Consolidation of this action is proper under 28 USC §1407(a)

because there are numerous questions of common fact shared by this case and the thousands of other cases that have been transferred to the MDL by the Judicial Panel. Moreover, such transfer will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions;

2. Plaintiffs cannot amend their Complaint to state grounds upon which relief could be granted as against BSVW and VWSM (and thereby destroy diversity) because:

      a. the District Court rejected Plaintiffs' "dual capacity" allegations;

      b. the District Court rejected Plaintiffs' fraudulent concealment allegations;

      c. Plaintiffs' prior pleadings contain admissions that *no one* knew plaintiff Louis Ted Kovary had any asbestos-related illness before October 2007, the date when Plaintiffs allege Mr. Kovary was diagnosed with mesothelioma; and, Plaintiffs cannot bring, and are estopped from now bringing, inconsistent allegations in an effort to fall within the very narrow exception to the exclusive remedy provisions of the worker's compensation laws under Labor Code §3602(b)(2);

3. Plaintiffs' seek fraudulently to join improper defendants for the sole improper purpose of destroying diversity; and

4. Complete Diversity exists and diversity will continue to exist between Plaintiffs and all proper defendants herein, even if Plaintiffs amend their Complaint. As such, VWGoA anticipates that Plaintiffs' Motion to Remand will be denied.

IV.   CONSOLIDATION OF THIS ACTION IS PROPER UNDER 28 USC §1407(a)

Consolidation of actions is proper under 28 USC §1407(a) where there are questions of common fact, and where such transfer will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Since 1991, the Panel has transferred thousands of asbestos cases to the United States District Court for the Eastern District of Pennsylvania. The instant matter is a garden variety asbestos exposure case, and it involves questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania. There are no unique theories of liability or questions of law presented. In fact, Plaintiffs initial pleading was a judicially approved State form complaint. The very same issues are presented in the instant matter as arise in virtually every other asbestos personal injury case.

Plaintiffs allege that defendants are liable, under theories of negligence and strict product liability, for injuries that they claim stem from exposure to certain asbestos-containing products manufactured, sold or distributed by

the defendants.   The only asbestos-containing products that Plaintiffs complain of are automobile friction products, i.e., brakes and clutches. Claiming such exposure does absolutely nothing to distinguish this case – legally or factually - from thousands of other cases currently consolidated before this Court.

Plaintiffs sought in their PFAC to amend their Complaint to add allegations of fraudulent concealment and "active suppression" of knowledge by all defendants.  Such claims are virtually indiscernible from those brought in nearly every other asbestos case.  The vast majority of all asbestos complaints include (unfounded) allegations to the effect that the defendants were engaged in a vast conspiracy to suppress knowledge of the purported dangers of asbestos, knowledge which the defendants allegedly had since before the 1930s, and kept secret from the users of their asbestos containing products. Plaintiffs' proposed claims of active suppression of knowledge are not unique in any way.  These allegations appear to be modeled *very* closely on – or copied verbatim from -- a generic, standard asbestos complaint.

In 1991, recognizing the ever-increasing threat to the administration of justice posed by the burgeoning proliferation of asbestos personal injury cases, the Panel concluded:

> In our view, it is precisely this change that now leads us to conclude that **centralization of all federal asbestos personal injury/wrongful death actions, in the words of 28 U.S.C. § 1407(a), "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."** In short, we are persuaded that this litigation has reached a magnitude, not contemplated in the record before us in 1977, that threatens the administration of justice and that requires a new, streamlined approach. (emphasis added)

[In re ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), MDL No. 875, (1991.) 771 F.Supp. 415, 419]

In reaching its conclusion in 1991, the Panel considered and specifically rejected earlier reasoning that had theretofore led to a denial of consolidation of a number of cases. Among the plaintiffs' arguments considered and rejected by the Panel in 1991 were alleged "circumstances of exposure predominantly unique to each action." [Id, at 417]. Plaintiffs cannot and have not set forth any "unique" exposure circumstances. Even if there were something unique about this exposure (and there clearly is not), such a claim is unavailing to Plaintiffs because the Panel has already rejected this argument. Now, seventeen years after the Panel's decision, Plaintiffs would reverse this sensible streamlining and return their (and, presumably, every other) generic asbestos case to the District Court(s). The just and efficient conduct of actions and administration of justice contemplated under 28 USC §1407(a) cannot suffer such effrontery.

V.   PLAINTIFFS' CANNOT STATE GROUNDS UPON WHICH
     RELIEF COULD BE GRANTED BECAUSE, UNDER THE
     CALIFORNIA LABOR CODE, WORKERS' COMPENSATION
     IS THE SOLE REMEDY AGAINST PLAINTIFF'S FORMER
     EMPLOYERS

The District Court rejected plaintiffs proposed PFAC, wherein
Plaintiffs sought to join as Doe defendants two of Mr. Kovary's former
employers, BSVW and VWSM. Even with leave to amend, Plaintiffs will not
be able to state grounds upon which relief can be granted, because
California Labor Code §§3600 - 3602 preclude a claim against those former
employers.

1.  Plaintiffs Cannot Allege a Valid Claim Against BWSV and VWSM

California Labor Code §3602(a) provides in pertinent part:

> (a) Where the conditions of compensation set forth in
> Section 3600 concur, the right to recover such
> compensation is, except as specifically provided in this
> section...the **sole and exclusive remedy of the employee
> or his or her dependents against the employer**, and the
> fact that either the employee or the employer also occupied
> another or dual capacity prior to, or at the time of, the
> employee's industrial injury shall not permit the employee or
> his or her dependents to bring an action at law for damages
> against the employer. (emphasis added)

Thus, to bring a personal injury suit against former employers BSVW
and VWSM, Plaintiffs must find an exception to the exclusive remedy
provisions of Labor Code §3602(a). Labor Code §3602 (b)(2) provides a
very narrow exception to the exclusive remedy bar:

-13-

> (b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances:
>
> …
>
> (2) Where the employee's injury is **aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment**, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation… (emphasis added)

The District Court in its recent ruling on Plaintiffs' Motion to Amend and Remand set forth the requirements to fall within the exception of Labor Code §3602 (b)(2), noting that plaintiffs must plead that: "(1) the employer knew that the plaintiff had suffered a work-related injury, (2) the employer concealed that knowledge from the plaintiff, and (3) the injury was aggravated as a result of such concealment." (See Ruling Minute Order, p.2; citing Palestini v. General Dynamics Corp., 99 Cal.App.4[th] 80,90 (2002))  The Court found that the allegations in Plaintiffs' PFAC <u>do not</u> satisfy the requirements of Labor Code §3602(b)(2).  Plaintiffs cannot truthfully bring such allegations in their next amended Complaint.  As discussed below, Plaintiffs will be able at best to allege only that Defendants knew of *exposure* to asbestos, not of any actual injury.

2.     <u>Plaintiffs are Estopped from Now Bringing Allegations Inconsistent with their Prior Pleadings and Admissions</u>

Plaintiffs alleged in their original form complaint that:

> "October 22, 2007, plaintiff discovered for the first
> time that he had suffered injury as a result of the
> aforesaid exposures when he was diagnosed with
> mesothelioma of the lungs caused by the wrongdoing
> of the defendants herein."

[Complaint, page 5, Prod.L-1.]

Moreover, plaintiff Louis Ted Kovary responded to VWGoA's form

Interrogatory 6.4 as follows:

> "Plaintiff has and continues to seen (sic) the following
> for symptoms of mesotheleoma (sic), which was
> diagnosed in October 2007."

[See, declaration of Craig L. Winterman]

Thus, Plaintiffs have admitted that Louis Ted Kovary was not diagnosed with his alleged asbestos-related injury until October 2007. It is disingenuous (at best) of Plaintiffs to now propose to allege that BSVW knew - no later than 1969 - and that VWSM knew – no later than 1998 - that Plaintiff was "injured" from asbestos exposure, when there was no diagnosis until October 2007. Although superseded as a pleading, prior allegations may be admissible in evidence as an admission or prior inconsistent statement against the pleader. The "amendment of a pleading does not make it any less the admission of the party." [Andrews v. Metro North Commuter R.R. Co. (2nd Cir. 1989) 882 F2d 705, 707] Accordingly, Plaintiffs have **admitted** – both in the Complaint, and in Plaintiff Louis Ted Kovary's response to VWGoA's Form Interrogatory No. 6.4 - that Plaintiff's

Louis Ted Kovary's injury (i.e., illness) was not known until diagnosed in October 2007. Plaintiffs are therefore estopped from asserting allegations which would fall within Labor Code §3602(b)(2) because of their inconsistent prior pleadings and responses to discovery. Therefore, the exception under Labor Code §3602(b)(2) cannot be invoked.

Moreover, Plaintiffs attempt improperly to equate *exposure* with *injury*. Everyone knows that smoking causes lung cancer. But that fact does not mean that everyone who has been exposed to cigarette smoke has cancer of the lungs. The proposed allegations, in order to fall within the very narrow exception set forth in Labor Code §3602(b)(2), would require the illogical leap that BSVW's and VWSM's alleged *knowledge of exposure* was synonymous with *knowledge of injury*. Mere *exposure* to asbestos, (assuming that is factually correct here) with nothing more, may be an insult, but it is not, in and of itself, an "injury."

### 3. The Court Rejected Plaintiffs' Proposed "Dual Capacity" Allegations

The District Court has already ruled that Plaintiffs cannot invoke a "dual capacity" theory as means to circumvent workers' compensation as the sole and exclusive remedy available to Plaintiffs. See Court's Minute Order attached to declaration of Craig L. Winterman as Exhibit "B). Plaintiffs sought to allege improperly that Mr. Kovary could sue his employers because he acted in a "dual capacity" by purchasing parts from

his employers for his personal use. The District Court noted that the California legislature eliminated the dual capacity theory as a means of circumventing workers' compensation as an exclusive remedy in 1982.

### 4. Designation of BSVW and VWSM as Doe Defendants is Improper because Plaintiffs were Not Genuinely Ignorant of those Defendants at the Time of Filing

Under California law, a plaintiff can only designate a defendant by a fictitious name if the plaintiff is genuinely ignorant of that defendant's true name. Here, Plaintiffs cannot legitimately contend that they did not know the identity of BSVW and VWSM, entities for whom Mr. Kovary was employed with for three and twenty-three years, respectively. The test of whether plaintiffs were "genuinely ignorant" or had "actual knowledge" of defendant's identity and liability when the complaint was filed is a *good faith* test: i.e., the "ignorance" *must be real, not feigned.* [Munoz v. Purdy (1979) 91 CA3d 942, 947, 154 CR 472, 475.] It is difficult to imagine that Plaintiff could not recall these entities for which he worked for over 26 years. As such, Plaintiffs' request for leave to add as Doe defendants BSVW and VWSM is improper and should not be permitted.

### 5. Leave to Amend is Not Leave to Fraudulently Join Defendants

In every action, the interests of justice dictate that only proper defendants be pursued. Neither of the two new defendants who plaintiffs seek to join for the sole and improper purpose of destroying diversity are

proper defendants.  Courts do not tolerate plaintiffs improperly manipulating the forum of an action, which is precisely what plaintiffs are attempting to do.  Plaintiffs' motive for joinder may be the dispositive factor when it appears that plaintiff is seeking to join a party solely to destroy diversity of jurisdiction.  (See, Mayes v. Rapoport (4th Cir. 1999) 198 F3d 457, 463)

The 9th Circuit Court of Appeal has held that:

> "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court..."

[Desert Empire Bank v. Insurance Co. of No. America (9th Cir. 1980) 623 F2d 1371, at 1376]

Plaintiffs' motives are transparent and improper.  Plaintiffs initially had no charging allegations against BSVW, and did not include VWSM as a defendant at all.  Now, subsequent to the removal of the case – and nearly four months after executing his Workers' Compensation application, Plaintiffs claimed to have only recently learned of the identities of BSVW and VWSM.  Yet, Mr. Kovary was employed by BSVW from 1966 to 1969, a period of 3 years and by VWSM from 1975 to 1998, a period of 23 years.  (See declaration of Craig L. Winterman).  It is preposterous to suggest that Mr. Kovary did not know of these entities at the time of filing.

VI.  EVEN AFTER AMENDING, COMPLETE DIVERSITY WILL
EXIST BETWEEN PLAINTIFFS AND ALL PROPER
DEFENDANTS AND REMAND WOULD BE IMPROPER

As stated in the District Court's Ruling, the real underlying issue is

Plaintiffs' ability to state a cause of action against the non-diverse employer

defendants, BSVW and VWSM.  At the time of filing the instant action,

complete diversity of citizenship existed between Plaintiffs and all proper

defendants.  Although plaintiffs *named* BSVW in the Complaint, they failed

to bring any charging allegations as to BSVW.  Plaintiffs' only hope to

destroy diversity rests on joining a local defendant.

For the reasons stated above, Plaintiffs will not be able to state

grounds for relief against BSVW or VWSM, and complete diversity will

persist.

VII.  CONCLUSION

Plaintiffs' Motion to Vacate the Conditional Transfer Order should be

denied because Consolidation of this action is proper under 28 USC

§1407(a), as there are numerous questions of fact common to this case

and thousands of cases currently pending before the Judicial Panel on

Multidistrict Litigation; such transfer will be for the convenience of parties

and witnesses and will promote the just and efficient conduct of such

actions.

1  Moreover, Plaintiffs cannot state grounds upon which relief could be

2  granted.  Plaintiffs' subsequent attempts to fraudulently join improper
3
4  defendants for the sole purpose of destroying diversity are unlikely to

5  succeed.  Complete diversity exists between Plaintiffs and all proper
6
7  defendants herein.  Barring amendment to add a proper local defendant -

8  complete diversity of citizenship will persist.  Plaintiffs' proposed first

9  amended complaint did not contain allegations sufficient to state grounds
10
11  for relief against a local defendant, and it is unlikely they will be able to do

12  so.  Therefore, Plaintiffs' Motion for Remand will likely be denied.

13  In view of the foregoing, VWGoA respectfully requests that Plaintiffs'
14
15  Motion to Vacate the Conditional Transfer Order be DENIED.  In the

16  alternative, the matter should be continued until after the United States

17  District Court for the Central District of California rules on Defendants'
18
19  Opposition to Plaintiffs' anticipated Amended Complaint and on

20  Defendants' Motions to Dismiss same as well as Plaintiffs' Motion to

21  Remand all of which we be heard on August 14, 2008.
22

23  DATED: June 13, 2008          Respectfully Submitted
24                                HERZFELD & RUBIN LLP

25

26
                                By: _____
27                                    Craig L. Winterman
28                                    Attorneys for Defendant
                                     Volkswagen Group of America, Inc.

-20-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 19 2008

## DECLARATION OF CRAIG L. WINTERMAN
FILED
CLERK'S OFFICE

I, Craig L. Winterman, declare and state as follows:

1.   I am an attorney at law duly licensed to practice before the United States District Court for the Central District of California, and am a member in the law firm of Herzfeld & Rubin LLP, attorneys of record for the defendant and cross-defendant, Volkswagen Group of America, Inc. ("VWGoA"), in the above-captioned matter.

2.   This Declaration is made in support of VWGoA's Response to Plaintiffs' Motion to Vacate Conditional Transfer Order. I have personal knowledge of the within stated facts and, if called as a witness, I could and would testify competently to the following.

3.   A true and correct copy of Plaintiff Louis Ted Kovary's Application for Adjudication of Claim filed in the State of California Workers' Compensation Appeals Board as Case No. MON0358394 is attached as Exhibit "A."

4.   A true and correct copy of the Honorable Judge George H. Wu's Ruling - Minute Order pertaining to Plaintiffs' Motion for Leave to Amend and Remand is attached hereto as Exhibit "B".

5.   I received and have reviewed Plaintiff Louis Ted Kovary's Responses to VWGoA's Form Interrogatories, Set One. In response to

Interrogatory Number 2.6 which asks:

2.6 State:
(a) the name, **ADDRESS**, and telephone number of your
    present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title,
    and nature of work for each employer or
    self-employment you have had from five years before
    the **INCIDENT** until today.

Mr. Kovary answered in pertinent part, as follows:

> "1966-1968 Bob Smith Volkswagen…
>
> June 1974 to 1998: Volkswagen of Santa Monica…."

In response to Interrogatory Number 6.4 which asks:

6.4 Did  you  receive  any  consultation  or  examination
(except from expert witnesses covered by Code of Civil
Procedure sections 2034.210–2034.310) or treatment from a
**HEALTH CARE PROVIDER** for any injury you attribute to
the **INCIDENT**?  If so, for each **HEALTH CARE PROVIDER**
state:
(a) the name, **ADDRESS**, and telephone number;
(b) the  type  of  consultation,  examination,  or  treatment
    provided;
    the  dates  you  received  consultation,  examination,  or
    treatment; and
(d) the charges to date.

///

///

///

///

1  Mr. Kovary answered:

2
3      "Plaintiff has and continues to seen (sic) the following for symptoms of

4      mesothelioma , which was diagnosed in October 2007"

5      I declare under penalty of perjury under the laws of the State of

6
7  California that the foregoing is true and correct.

8      Executed on this 13th  day of June 2008.

9

10

11                          Craig L. Winterman

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-

JUN 1 9 2008

FILED
CLERK'S OFFICE

1

2

## PROOF OF SERVICE
### Louis Ted Kovary, et al. v. Honeywell International, Inc., et al.

3       I am employed in the County of Los Angeles, State of California.  I am
4   over the age of 18 and not a party to the within action; my business address
5   is:  1925 Century Park East, Suite 600, Los Angeles, California 90067.  On
the date mentioned below, I served the foregoing documents described as
6   **VOLKSWAGEN GROUP OF AMERICA, INC.'S RESPONSE TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER;**
7   **DECLARATION OF CRAIG L. WINTERMAN** on the interested parties in
8   this action by:

9   / X /  placing the true copies thereof enclosed in sealed envelopes
10  addressed as stated on the attached service list:

11  / X / **BY MAIL:** I am "readily familiar" with the firm's practice of collection
12  and processing correspondence for mailing.  Under that practice it would be
deposited with U.S. postal service on that same day with postage thereon
13  fully prepaid at Los Angeles, California, in the ordinary course of business.  I
14  am aware that on motion of the party served, service is presumed invalid if
15  postal cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.
16

17  /     / (State)  I declare under penalty of perjury under the laws  of the State
of California that the above is true and correct.
18

19  / X / (Federal)  I declare that I am employed in the office of a  member of
the bar of this court at whose direction the service was made.
20

21      Executed on **June 16, 2008**, at Los Angeles, California.

22

23  _____

24  **CINDY K. MOON**

25

26

27

28

-24-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 9 2008

1   **PROOF OF SERVICE**    FILED
                          CLERK'S OFFICE
2   **Louis Ted Kovary, et al. v. Honeywell International, Inc., et al.**

3        I am employed in the County of Los Angeles, State of California.  I am
4   over the age of 18 and not a party to the within action; my business address
    is:  1925 Century Park East, Suite 600, Los Angeles, California 90067.  On
5   the date mentioned below, I served the foregoing documents described as
6   **REQUEST FOR JUDICIAL NOTICE PURSUANT TO RULE 201 OF THE**
    **FEDERAL RULES OF EVIDENCE** on the interested parties in this action by:
7

8   / X / placing the true copies thereof enclosed in sealed envelopes
    addressed as stated on the attached service list:
9

10  / X / **BY MAIL**: I am "readily familiar" with the firm's practice of collection
    and processing correspondence for mailing.  Under that practice it would be
11  deposited with U.S. postal service on that same day with postage thereon
12  fully prepaid at Los Angeles, California, in the ordinary course of business.  I
13  am aware that on motion of the party served, service is presumed invalid if
    postal cancellation date or postage meter date is more than one day after
14  date of deposit for mailing in affidavit.

15  /___/ (State)  I declare under penalty of perjury under the laws  of the State
16  of California that the above is true and correct.

17  / X / (Federal)  I declare that I am employed in the office of a  member of
18  the bar of this court at whose direction the service was made.

19       Executed on June 16, 2008, at Los Angeles, California.
20

21

22  **CINDY K. MOON**

23

24

25

26

27

28

-3-

MULTIDISTRICT LITIGATION

JUN 1 9 2008

FILED
CLERK'S OFFICE

## PROOF OF SERVICE
## Louis Ted Kovary, et al. v. Honeywell International, Inc., et al.

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  1925 Century Park East, Suite 600, Los Angeles, California 90067.  On the date mentioned below, I served the foregoing documents described as as **VOLKSWAGEN GROUP OF AMERICA, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER; DECLARATION OF CRAIG L. WINTERMAN; REQUEST FOR JUDICIAL NOTICE PURSUANT TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE** on the interested parties in this action by:

/ X / **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**ATTORNEYS FOR DEFENDANT and X-DEFENDANT HONEYWELL**
**[formerly known as Allied Signal Inc, Successor in Interest**
**to The Bendix Corporation)**

David Bidennan, Esq
Benjamin E. Soffer, Esq
PERKINS COIE LLP
1620 26th Street, Sixth Floor South
Santa Monica, CA 90404-4013
Tel: (310) 788-9900 Fax: (310) 843-1284

**ATTORNEYS FOR DEFENDANT and X-COMPLAINANT**
**BOB SMITH VOLKSWAGEN**

Robert D. Daniels, Esq
Christian J. Scalli, Esq.
MANNING, LEAVER, BRUDER
& BURBERICH
5750 Wilshire Blvd., Suite 655
Los Angeles, CA 90036-3637

-1-

Request for Judicial Notice

Tel: (323) 937-4730 Fax: (323) 937-6727 (fax)

**/ X / BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

**ATTORNEYS FOR PLAINTIFFS**
**LOUIS TED KOVARY and MARIA KOVARY**

Roger L. Gordon, Esq.
GORDON, EDELSTEIN, KREPACK, et al.
3580 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90010
Tel: (213) 739-7000 Fax: (213) 386-1671

**CO-COUNSEL FOR PLAINTIFFS**
**LOUIS TED KOVARY and MARIA KOVARY**

John F. Wolcott, Esq.
John F. Wolcott & Associates
205 South Broadway, Suite 905
Los Angeles, CA 90012
Tel: (213) 680-1716 Fax: (213) 680-1905

/    / (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/ X / (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 16, 2008**, at Los Angeles, California.

_____

**CINDY K. MOON**

Request for Judicial Notice

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 9 2008

FILED
CLERK'S OFFICE

1   Craig L. Winterman (Bar No. 75220)
    John A. Eberlein (Bar No. 185660)
2   HERZFELD & RUBIN LLP
    1925 Century Park East, Suite 600
3   Los Angeles CA 90067
    (310) 553-0451 Fax (310) 553-0648
4

5   Attorneys for Defendants,
    VOLKSWAGEN GROUP OF AMERICA, INC. f/k/a
6   VOLKSWAGEN OF AMERICA, INC.

7

8               BEFORE THE JUDICIAL PANEL

9            ON MULTIDISTRICT LITIGATION

10

| | |
|---|---|
| 11  LOUIS TED KOVARY; MARIA KOVARY<br>12 | RE: MDL No. 875 -- IN RE:<br>Asbestos Products Liability<br>Litigation (No. VI) |
| 13              Plaintiffs, | CENTRAL DISTRICT OF CALIFORNIA |
| 14 | |
| 15  VS. | CASE NO. CV08-02172 GW (CWx) |
| 16  HONEYWELL INTERNATIONAL,<br>17 INC.; BENDIX; LUCAS<br>INDUSTRIES; VOLKSWAGEN OF<br>18 AMERICA; BOB SMITH<br>VOLKSWAGEN and DOES 1 to<br>19 100, | **CERTIFICATE OF SERVICE OF VOLKSWAGEN GROUP OF AMERICA, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER; DECLARATION OF CRAIG L. WINTERMAN; REQUEST FOR JUDICIAL NOTICE PURSUANT TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE** |
| 20<br>21              Defendants | |

22

23

24  ///

25  ///

26  ///

27  ///

28  ///

-1-

CERTIFICATE OF SERVICE

## PROOF OF SERVICE
### Louis Ted Kovary, et al. v. Honeywell International, Inc., et al.

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1925 Century Park East, Suite 600, Los Angeles, California 90067. On the date mentioned below, I served the foregoing documents described as **VOLKSWAGEN GROUP OF AMERICA, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER; DECLARATION OF CRAIG L. WINTERMAN; REQUEST FOR JUDICIAL NOTICE PURSUANT TO RULE 201 OF THE FEDERAL RULES OF EVIDENCE** on the interested parties in this action by:

/ X / placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list:

/ X / **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/___/**BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

/___/ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/ X / (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 18, 2008, at Los Angeles, California.

**CINDY K. MOON**

-2-

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-307)

Louis Ted Kovary, et al. v. Honeywell International, Inc., et al., C.D. California,
C.A. No. 2:08-2172

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Robert D. Daniels
MANNING LEAVER BRUDER
& BERBERICH
570 Wilshire Boulevard, Suite 655
Los Angeles, CA 90036-3637

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Roger L. Gordon
GORDON EDELSTEIN KREPACK, et al.
3580 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN
& BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Benjamin E. Soffer
PERKINS COIE LLP
South Tower
1620 26th Street, 6th Floor
Santa Monica, CA 90404-4013

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY
LAW FIRM PC
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis
Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

1  Craig L. Winterman (Bar No. 75220)
   HERZFELD & RUBIN LLP
2  1925 Century Park East, Suite 600
   Los Angeles CA 90067
3  (310) 553-0451 Fax (310) 553-0648
   cwinterman@hrllp-law.com
4

5  Attorneys for Defendants,
   VOLKSWAGEN GROUP OF AMERICA, INC. f/k/a
6  VOLKSWAGEN OF AMERICA, INC.

7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 9 2008

FILED
CLERK'S OFFICE

8              **BEFORE THE JUDICIAL PANEL**

9              **ON MULTIDISTRICT LITIGATION**

10

11 | LOUIS TED KOVARY and MARIA       RE:  MDL No. 875 – IN RE:
   | KOVARY                           Asbestos Products Liability
12 |                                  Litigation (no. VI)
13 |                Plaintiffs,       CENTRAL DISTRICT OF
   |                                  CALIFORNIA
14 |     vs.                          CASE NO. CV08-02172 GW (CWx)
15 |                                  REQUEST FOR JUDICIAL
   |                                  NOTICE PURSUANT TO
16 |                                  RULE 201 OF THE FEDERAL
   | HONEYWELL INTERNATIONAL,         RULES OF EVIDENCE
17 | INC.; BENDIX; LUCAS
   | INDUSTRIES; VOLKSWAGEN OF        VOLKSWAGEN GROUP OF
18 | AMERICA; BOB SMITH               AMERICA, INC. RESPONE TO
   | VOLKSWAGEN and DOES 1 to         PLAINTIFFS' MOTION TO
19 | 100,                             VACATE CONDITIONAL
   |                                  TRANSFER ORDER;
20 |                                  DECLARATION OF CRAIG L.
   |                Defendants        WINTERMAN TO PLAINTIFFS'
21 |
22 |
   | BOB SMITH VOLSKWAGEN,
23 |
   |                Cross-claimant,
24 |
   |     vs.
25 |
   | HONEYWELL INTERNATIONAL
26 | INC.; BENDIX; LUCAS
   | INDUSTRIES; VOLKSWAGEN OF
27 | AMERICA and ROES 1 THROUGH
   | 100
28 |
   |                Cross-defendants.

2008 JUN 16   P 4: 06

RECEIVED
CLERK'S OFFICE

-1-

Request for Judicial Notice

1     Defendant and Cross-Defendant VOLKSWAGEN GROUP OF

2   AMERICA, INC. ("VWGoA") requests pursuant to Rule 201 of the Federal
3
4   Rules of Evidence that the court take judicial notice of the following

5   documents:

6
7       1. Application For Adjudication of Claim executed by Plaintiff Louis Ted

8          Kovary in the State of California Department of Industrial Relations

9          Workers' Compensation Appeal Board on January 28, 2008. A true
10
11         and correct certified copy of the document is attached to the

12         Declaration of Craig L. Winterman that was filed in opposition to

13         Plaintiffs' Motion for Leave to Amend and to Remand as Exhibit "A".
14
15      2. The Ruling – Minute Order of the Honorable Judge George H. Wu

16         pertaining to Plaintiffs' Motion For Leave To Amend and Remand

17         Plaintiffs'. A true and correct copy of the Ruling – Minute Order is
18
19         attached to the declaration of Craig L. Winterman as Exhibit "B".

20   Dated: June 16, 2008                    HERZFELD & RUBIN, LLP

21

22

23                                   By:   _____

24                                         Craig L. Winterman, Esq.
                                           Attorneys for Defendant,
25                                         VOLKSWAGEN GROUP OF
                                           AMERICA, INC.
26

27

28

                                    -2-
                                                    Request for Judicial Notice

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 9 2008

FILED
CLERK'S OFFICE

# EXHIBIT A

**STATE OF CALIFORNIA**
**DIVISION OF WORKERS' COMPENSATION**
## WORKERS' COMPENSATION APPEALS BOARD

LOUIS (TED) KOVARY

*Applicant,*

vs.

DOWNTOWN LA MOTORS, RUZNIK
VOLKSWAGEN, ETAL

*Defendants.*

**Case No(s):  MON 358394**
**Marina del Rey District Office**

**CERTIFICATION**

I do hereby certify that the attached are a full, true and correct copies of the

**APPLICATION FOR ADJUDICATION OF CLAIM** dated 1/28/08, "**ATTACHMENT**" list

of employers, **LETTER** dated 2/22/08, **VENUE AUTHORIZATION** dated 1/28/08 and

**WORKERS' COMPENSATION CLAIM FORM (DWC 1)** dated 1/28/08 in the above-

entitled cause.

These documents may be filed with the County Clerk's Office as provided in

Section 5806 of the Labor Code.

I attest my hand and the Seal of the Workers' Compensation Appeals Board of the

State of California.

Executed on May 14, 2008, at Marina del Rey, California.

**ROBERT T. HJELLE**, Presiding
Workers' Compensation Administrative Law Judge

Macro-Pro Incorporated
Compared by: AT

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS

# WORKERS' COMPENSATION APPEALS BOARD

SEE REVERSE SIDE
FOR INSTRUCTIONS

**APPLICATION FOR ADJUDICATION OF CLAIM**
(PRINT OR TYPE NAME **AND ADDRESSES**)

CASE No. MON Unassigned 0358394

M r. Louis (Ted) Kovary

4454 Summerglen Ct.
Moorpark, CA 93021
(INJURED EMPLOYEE'S ADDRESS AND ZIP CODE)

Social Security No.: 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

(APPLICANT, IF OTHER THAN INJURED EMPLOYEE)
VS.

See "ATTACHMENT"

(APPLICANT'S ADDRESS AND ZIP CODE)

(EMPLOYER - STATE IF SELF-INSURED)
Liberty Mutual Ins. Grp.

1750 Howe Ave., #450
Sacramento, CA 95825
(EMPLOYER'S ADDRESS AND ZIP CODE)

(EMPLOYER'S INSURANCE CARRIER OR, IF SELF-INSURED, ADJUSTING AGENCY)

(INSURANCE CARRIER OR ADJUSTING AGENCY'S ADDRESS)

IT IS CLAIMED THAT:

1. The injured employee, born **06/21/1944**, while employed as a **Mechanic**
on **Approx. 1966- 5/05** at **L.A. County, California**
By the employer sustained injury arising out of and in the course of employment to
**Entire body, neurological system/CNS, Respiratory system, mesothelioma , cancer**

2. The injury occurred as follows: **Exposure to asbestosis/toxins**

3. Actual earnings at time of injury were: **Approx. $62,186.00 annually**

4. The injury caused disability as follows: **Approx. 10/23/07 & continuing**

5. Compensation was paid ___ (YES) ___ (NO) $ ___ (TOTAL PAID) $ ___ (WEEKLY RATE) ___ (DATE OF LAST PAYMENT)

6. Unemployment insurance or unemployment compensation disability benefits have been received since the date of injury. **N**

7. Medical treatment was received **Y** **Approx. 11/07** All treatment was furnished by
the Employer or Insurance Company **Y** Other treatment was provided or paid for by ___

Did Medi-Cal pay for any health care related to this claim **N** doctors not provided or paid for by employer or insurance company who treated or examined for this injury are ___

8. Other cases have been filed for industrial injuries by this employee as follows:
**MON 0290198**

9. This application is filed because of a disagreement regarding liability for:
Temporary disability indemnity **Y**
Permanent disability indemnity **Y**    Reimbursement for medical expense **Y**    Medical Treatment **Y**
Compensation at proper rate **Y**    Rehabilitation ___    Other (Specify) ___
All benefits

Dated at **Los Angeles**, California, **01/28/2008**

Louis (Ted) Kovary

(APPLICANT'S ATTORNEY)
Irwin L. Goldstein
Gordon, Edelstein, Krepack, Grant, Felton & Goldstein
3580 Wilshire Blvd, Suite 1800
Los Angeles, CA 90010, 213-739-7000

DIA WCAB FORM 1 (REV. 7/81)

84 32595

0005

# "ATTACHMENT"

## EMPLOYER

1) Sears Automotive
   145 W. Hillcrest Dr.
   Thousand Oaks, CA  91360

2) Woodland Hills/Livingston Volkswagen
   21141 Ventura Blvd.
   Woodland Hills, CA  91364

3) Volkswagen of Santa Monica
   2440 Santa Monica Blvd.
   Santa Monica, CA  90404

4) Ruznik Volkswagen
   Santa Monica, CA

5) Downtown (L.A.) Motors(Volkswagen
   1900 South Figueroa St.
   Los Angeles, CA  90007

6) Universal Motors
   Universal City, CA

7) Bob Smith Volkswagen
   No. Hollywood, CA

8) Does 1-100

## DATE OF INURY(IES)

1) Approx. 10/27/04 – 5/05

2) Approx. 1998 – 2000

3) Approx. 6/20/1975 – 1998

4) Approx. 1973/1974

5) Approx. December 1972

6) Approx. 1968 – 1969

7) Approx. 1966

8) Approx. 1966 – 10/07

**0006**

IRWIN L. GOLDSTEIN
ROGER L. GORDON
MARK EDELSTEIN
HOWARD D. KREPACK
SHERRY E. GRANT
RICHARD I. FELTON
DAVID A. GOLDSTEIN
ADAM DOMBCHIK
EUGENIA L. STEELE
VINCENT VALLIN BENNETT
GARY N. STERN
JENNIFER S. KUKLIN
JOANNA SACAVITCH
NOAH GREEN
ERIKA L. VARGAS
STEVE SCARDINO
DAVID C. LOPEZ

JOSHUA M. MERLISS
Of Counsel

## GORDON, EDELSTEIN, KREPACK, GRANT, FELTON & GOLDSTEIN

### ATTORNEYS AT LAW

THE PARAMOUNT PLAZA
SUITE 1800
3580 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90010

(213) 739-7000
(213) 487-1520
(323) 245-2222

FAX
(213) 386-1671

WWW.GEKLAW.COM

February 22, 2008

Workers' Compensation Appeals Board
4720 Lincoln Blvd., 2nd Floor
Marina Del Rey, CA 90292

RE:   Louis (Ted) Kovary v. See "ATTACHMENT"
      WCAB No: MON Unassigned
      Date(s) of Injury(ies): Approx. 1966- 5/05

To Whom It May Concern:

Enclosed for filing please find a Venue Authorization , an original and a copy of two Application(s) for Adjudication of Claim, Employee Claim Form and Disclosure Statement.

Venue in said matter(s) is established pursuant to Administrative Code 10403 by: Location of injury (See Paragraph 1 of Application).

Very truly yours,

Irwin L. Goldstein

ILG:hmm

Enclosures:
cc:   Liberty Mutual Ins. Grp.
      1750 Howe Ave., #450
      Sacramento, CA 95825
(Form No 1020)

**0007**

# VENUE AUTHORIZATION

**I HEREBY AUTHORIZE MY WORKERS' COMPENSATION CASE(S)**

**FOR INJURY(IES) DATED** _Approx, 1966 - 5/05_ **TO**

**BE FILED AT** _MARINA DEL REY_

**WORKERS' COMPENSATION APPEALS BOARD.**

**DATED:** _1/28/08_                 _[signature]_
                                          **APPLICANT**

## LABOR CODE SECTION 139.3

I declare, under penalty of perjury, under the laws of the State of California, that the following is true and correct:

I have not violated Labor Code 139.3.

I have not offered, delivered, received, or accepted any rebate, refund, commission, preference, patronage, dividend, discount, or other consideration, whether in the form of money or otherwise, as compensation or inducement for any referred examination or evaluation.

_[signature]_                               _[signature]_
Applicant                                   Attorney for Applicant
DATED: _1/28/08_

APPLICANT'S PRINTED OR TYPED NAME: _Louis Ted Kovary_

State of California
Department of Industrial Relations
DIVISION OF WORKERS' COMPENSATION

*Estado de California*
*Departamento de Relaciones Industriales*
*DIVISION DE COMPENSACIÓN AL TRABAJADOR*

WORKERS' COMPENSATION CLAIM FORM (DWC 1)

*PL   ÍON DEL EMPLEADO PARA DE COMPENSACIÓN DEL*
*TRABAJADOR (DWC 1)*

Employee: Complete the "Employee" section and give the form to your employer. Keep a copy and mark it "Employee's Temporary Receipt" until you receive the signed and dated copy from your employer. You may call the Division of Workers' Compensation and hear recorded information at (800) 736-7401. An explanation of workers' compensation benefits is included as the cover sheet of this form.

You should also have received a pamphlet from your employer describing workers' compensation benefits and the procedures to obtain them.

*Empleado: Complete la sección "Empleado" y entregue la forma a su empleador. Quédese con la copia designada "Recibo Temporal del Empleado" hasta que Ud. reciba la copia firmada y fechada de su empleador. Ud. puede llamar a la Division de Compensación al Trabajador al (800) 736-7401 para oír información gravada. En la hoja cubierta de esta forma esta la explicación de los benficios de compensación al trabajador.*

*Ud. también debería haber recibido de su empleador un folleto describiendo los beneficios de compensación al trabajador lesionado y los procedimientos para obtenerlos.*



| Employee — complete this section and see note above | *Empleado: complete esta sección y note la notación arriba* |
|---|---|

1. Name. *Nombre.*   __Louis Ted Kovary__          Today's Date: *Fecha de Hoy.*   __1/28/08__
2. Home Address. *Dirección Residencial.*   __4454 Summerglen Ct.__
3. City. *Ciudad.*   __Moorpark__          State. *Estado.*   __CA__   Zip. *Código Postal.*   __93021__
4. Date of Injury. *Fecha de la lesión (accidente).*   __Approx. 1966 – 5/05__
   Time of injury. *Hora en que ocurrió*   ____ a.m   ____ p.m.
5. Address and description of where injury happened . *Dirección/lugar dónde occurió el accidente.*
   __L.A. County, California__
6. Describe injury and part of body affected. *Describa la lesión y la parte del cuerpo afectada.*   __Exposure to asbestosis/toxins: Entire body, neurological system/CNS, Respiratory system, mesothelioma__
7. Social Security Number. *Número de Seguro Social del Empleado*   __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__
8. Signature of employee. *Firma del empleado.*   __Louis T. Kovary__

| Employer — complete this section and see note below. | *Empleador - complete esta sección y notación abajo.* |
|---|---|

9. Name of employer. *Nombre del empleador.*
10. Address. *Dirección.*
11. Date employer first knew of injury. *Fecha en que el empleador supo por primera vez de la lesión o accidente.*
12. Date claim form was provided to employee. *Fecha en que se le entregó al empleado la petición.*
13. Date employer received claim form. *Fecha en que el empleado devolvió la petición al empleador.*
14. Name and address of insurance carrier or adjusting agency. *Nombre y dirección de la compañía de seguros o agencia administradora de seguros.*
15. Insurance Policy Number. *El número de la póliza del Seguro*
16. Signature of employer representative. *Firma del representante del empleador.*
17. Title. *Título.*          18. Telephone: *Teléfono.*

Employer: You are required to date this form and provide copies to your insurer or claims administrator and to the employee, dependent or representative who filed the claim within **one working day** of receipt of completed form from employee.

SIGNING THIS FORM IS NOT AN ADMISSION OF LIABILITY

*Empleador: Se requiere que Ud. feche esta forma y que provéa copias a su compañía de seguros, administrador de reclamos, o dependiente/representante de reclamos y al empleado que hayan presentado esta petición dentro del plazo de **un día hábil** desde el momento de haber sido recibida la forma del empleado.*

*EL FIRMAR ESTA FORMA NO SIGNIFICA ADMISION DE RESPONSABILIDAD*

☐ Employer copy/Copia del Empleador    ☐ Employee copy/Copia del Empleado    ☐ Claims Administrator/Administrador de Reclamos    ☐ Temporary Receipt/Recibo del Empleado

7/1/04 Rev.

XOO 330362

DATE: 5/7/08

# PHOTOCOPY OR CERTIFICATION REQUEST

WCAB CASE NUMBER: MON 0358394

APPLICANT NAME: Louis ted Kovary   SSN: 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

EMPLOYER: _____

CARRIER: _____

## PHOTOCOPYING ONLY

1. ☐ $ 1.00 For the first copy.
2. ☐ $.20 Per page for each additional copy plus sales tax.
3. ☐ $.10 Per page plus sales tax for injured employee.
4. ☐ Photocopy all papers in file with paper clip attached to the RIGHT side of the page.
   TOTAL PAGES: _____
5. ☐ Specify document (title, date, etc.): _____

## CERTIFICATION

FEE:   $10.00 per document. If photocopying is required in order to complete Certification, this fee is in addition to the fee for photocopying.

☐ PHOTOCOPY AND CERTIFY all papers in the file with paper clip attached to the RIGHT side of the page
   TOTAL PAGES: _____

☒ CERTIFY all pages attached (already photocopied).

## PURPOSE OF CERTIFICATION

☐ EVIDENCE:   For use is any court or tribunal in this state for evidence only.
☐ EXECUTION:   For action in Superior Court to enforce payment of award pursuant to Labor Code Section 5806.

Date of trial for which Certification is needed: _____

☐ PAID:   $_____   Firm name: Macro Pro
☐ Invoice: For payment.   By: _____
   Address: PB 93010
Telephone: 800 696 2511   Long Beach CA 90809
ext 278

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   CV 08-2172-GW(CWx)                                    Date   June 9, 2008

Title      Louis Ted Kovary, et al. v. Honeywell International, Inc., et al.

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez/Andrea Keifer | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Vincent Vallin Bennett                              Christian J. Scali
                                                   Craig L. Winterman
                                                   Benjamin E. Soffer

**PROCEEDINGS:**   **DEFENDANT'S MOTION TO DISMISS CROSS CLAIM OF ROBERT A. SMITH, INC. DBA BOB SMITH VOLKSWAGEN AS AGAINST VOLKSWAGEN GROUP OF AMERICA, INC. PURSUANT TO FRCP RULE 12(b)(6) (filed 05/02/08); HONEYWELL INTERNATIONAL, INC.'S JOINDER IN MOTION TO DISMISS CROSS CLAIM (filed 05/02/08); PLAINTIFF'S MOTION FOR ORDER PERMITTING AMENDMENT OF COMPLAINT AND REMANDING CASE TO STATE COURT (filed 05/13/08); AND SCHEDULING CONFERENCE**

Hearing held. The Court and parties confer.

The Court hereby lodges the tentative ruling (attached hereto). Plaintiff is allowed to file an amended complaint no later than June 27, 2008.

The Court sets the following schedule:

| | |
|---|---|
| Plaintiff's Proposed First Amended Complaint: | June 27, 2008 |
| Defendant's Motion(s) Re Plaintiff's First Amended Complaint: | July 16, 2008 |
| Plaintiff's Oppositions to Motion(s): | August 1, 2008 |
| Defendant's Reply to Motion(s): | August 8, 2008 |
| **Hearing on Motion to Dismiss and** | |
| **Motion to Remand:** | **August 14, 2008 at 8:30 a.m.** |

The Scheduling Conference is **continued** to **August 14, 2008 at 8:30 a.m.**

IT IS SO ORDERED.

                                                                    :     12

                                            Initials of Preparer   JG/ALK

CV-90 (06/04)                          CIVIL MINUTES - GENERAL                          Page 1 of 1

**Kovary v. Honeywell International, Inc.**, Case No. CV08-2172
Tentative Ruling on 1) Motion for Order Permitting Amendment of Complaint and Remanding to State
Court, and 2) Motion to Dismiss Cross-Complaint

     This is an asbestos products liability action filed by Plaintiffs Louis Ted Kovary and Maria
Kovary ("Plaintiffs") against Defendants Honeywell International, Inc. ("Honeywell"), Volkswagen
Group of America, Inc. ("VWG"), Lucas Industries ("Lucas"), Bendix, and Robert A. Smith, Inc. dba
Bob Smith Volkswagen ("BSVW") (erroneously sued as Bob Smith Volkswagen). Plaintiffs'
Complaint was filed in Los Angeles Superior Court on January 23, 2008, as a form complaint. The
case was removed to federal court on April 2, 2008, on the ground that the only non-diverse defendant,
BSVW, was a sham defendant.[1]   The Complaint contains causes of action for strict liability,
negligence, breach of warranty, and loss of consortium arising from Plaintiff Louis Kovary's exposure
to asbestos from products manufactured, distributed and/or sold by Defendants Bendix, Lucas, and
VWGoA.

     Although BSVW is named in the caption of the Complaint in this action, it is not, ostensibly,
the object of any of the charging allegations in the Complaint. On January 28, 2008, Plaintiff Louis
Kovary filed a claim before the State of California Department of Industrial Relations Workers'
Compensation Appeals Board (Case No. MON0358394) in which he seeks compensation for
"exposure to asbestosis (sic)/toxins". In that action, he lists BSVW as one of his employers.

     BSVW filed an Answer to the Complaint consisting of a general denial and 45 affirmative
defenses on April 10, 2008. On the same date, BSVW filed a Cross-Claim for (1) express indemnity,
(2) equitable indemnity, (3) contribution, and (4) declaratory relief against Honeywell, Lucas, and
VWG. VWG filed a motion to dismiss the cross-claim, which was originally calendared for May 29,
2008, and continued by the Court to this date. On May 14, 2008, Plaintiffs filed their Motion for
Order Permitting Amendment of the Complaint and Remanding Case to State Court. Plaintiffs seek
an order permitting them to amend their complaint by substituting Defendants Honeywell Consumer
Products Group for fictitiously named defendant Doe 1, substituting TRW Conekt for Doe 2,
substituting Robert A. Smith, Inc., for Doe 3, and substituting Volkswagen Santa Monica, LLC
("VWSM"), for Doe 4. Because the Court will allow an amendment, it will not at this point reach
the motion to dismiss or the motion to remand. The motion to amend is opposed only by VWA and
Honeywell.

     Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a party's
pleadings] shall be freely given when justice so requires." "[T]his mandate is to be heeded." Foman
v. Davis, 371 U.S. 178, 182 (1962). This rule should be interpreted and applied with "extreme
liberality," Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991), and leave to amend "should
be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is
futile, or creates undue delay." Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d
1241, 1246 (9th Cir. 1999) (internal quotation marks omitted).

_____

     [1] 28 U.S.C. § 1441(a), permits a defendant to remove an action to federal court if the plaintiff could have
filed the action in federal court initially. "The party invoking the removal statute bears the burden of establishing
federal jurisdiction. Furthermore, the removal statute is strictly construed against removal jurisdiction." Ethridge
v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988) (citations omitted).

While substituting a defendant who has already answered as a Doe Defendant may or may not be procedurally apt, the real issue underlying this motion is Plaintiff's ability to state a claim against the non-diverse employer defendants, Robert A. Smith, Inc., and VWSM. Defendants, in opposing Plaintiff's motion, primarily argue that it should fail because Plaintiff cannot allege a valid claim against the two employer defendants, Robert A. Smith, Inc., and VWSM, because worker's compensation is the sole and exclusive remedy available for Mr. Kovary's alleged injuries as a result of his employment. See, e.g., Ashdown v. Ameron Internat. Corp., 83 Cal.App.4th 868, 874 (2000) ("Where the 'conditions of compensation concur,' the California workers' compensation law provides the exclusive remedy in this state for the recovery of compensation, from either the employer or any other employee of the employer acting within the scope of employment, for the injury or death of an employee 'arising out of and in the course of the employment.'") (quoting Cal. Lab. Code §§ 3600, 3602). "The defendant has the burden of pleading and proving , as an affirmative defense, the existence of the conditions of compensation." 2 Witkin, Summary of California Law, Workers' Compensation § 26 at 566 (10th ed. 2005).

Although Plaintiffs, in their Proposed First Amended Complaint ("PFAC"), attempt to circumvent the worker's compensation bar by pleading "dual capacity," i.e., that Mr. Kovary purchased parts from his employers for his own personal use, Defendants correctly note that the dual capacity exception was - except in narrow circumstances not alleged in this case - barred by a 1982 amendment to § 3602. See Ashdown, 83 Cal.App.4th at 875-76. In their Reply, Plaintiffs attempt to argue that they have properly alleged a cause of action under Cal. Lab. Code § 3602(b)(2). An employee seeking to allege that claim must plead facts that establish: (1) the employer knew that the plaintiff had suffered a work-related injury, (2) the employer concealed that knowledge from the plaintiff, and (3) the injury was aggravated as a result of such concealment. Palestini v. General Dynamics Corp., 99 Cal.App.4th 80, 90 (2002). No such cause of action is expressly alleged in the PFAC, but it would be premature to hold that such a claim could not be alleged.

Finally, Plaintiffs assert that they could assert "a direct civil action for violation of Labor Code § 3700" against Defendant Robert A. Smith, Inc., for failing to obtain worker's compensation insurance. Again, no such cause of action is alleged, but the more important point is that, if Plaintiffs were to plead facts indicating an absence of coverage, then it would be up to the employer defendants to plead and prove the existence of "the conditions of compensation liability." See Doney v. Tambouratgis, 23 Cal. 3d 91, 98 (1979) ("Because an employer faced with a civil complaint seeking to enforce a common law remedy which does not state facts indicating coverage by the act bears the burden of pleading and proving that the act is a bar to the employee's ordinary remedy, we believe that the burden includes a showing by the employer-defendant, through appropriate pleading and proof, that he had 'secured the payment of compensation' (Lab. Code, § 3706) in accordance with the provisions of the act.") (citations, quotes, and brackets omitted).

It is apparent that the ultimate amended complaint which the Plaintiffs seek to file is not the present PFAC. Therefore, the Court will allow Plaintiffs to file and serve by June 27th a new proposed First Amended Complaint. Defendants will have until July 16th to file and serve any motions in regards to that pleading. The Plaintiffs will file and serve any opposition by August 1st, and the reply will be filed and serve by August 8th. The matter will be heard, along with the motion to dismiss and the motion to remand on August 14th at 8:30 a.m.