MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 27 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS ) MDL NO. 875
LIABILITY LITIGATION (NO. VI) )

THIS DOCUMENT RELATES TO CTO-309 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, WESTERN DISTRICT OF NEW YORK: (TRANSFERROR JUDGE CHARLES J. SIRAGUSA)

| | |
|---|---|
| GAIL GARNER, etc., ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | Western District of New York |
| V. ) | CIVIL ACTION NO.6:08-6191 |
| ) | |
| DII INDUSTRIES, LLC, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**MOTION TO VACATE THE**
**CONDITIONAL TRANSFER ORDER (CTO-309)**[1]

COME NOW the plaintiffs, Gail Garner, etc., as pro se, and respectfully submit this Motion to Vacate the Panel's Conditional Transfer Order (CTO-309).

---

[1] These plaintiffs' Brief in Support of Motion to Vacate the Conditional Transfer Order (CTO-309) and all attached exhibits are expressly incorporated herein by reference.

**OFFICIAL FILE COPY**

IMAGED JUN 3 0 2008

PLEADING NO. 5490

As grounds for this Motion, pro se Plaintiffs would respectfully show the Panel that it is clear on the face of the Complaint that the questions of fact are not common based on the different companies involved and actions. See Complaint [Doc #1].[2] In addition, it definitely would create an undue hardship on the pro se Plaintiffs for this case to be transferred to the United States District Court for the Eastern District of Pennsylvania.

WHEREFORE, for the reasons more particularly set forth in the brief filed in support of this Motion, Plaintiffs Gail Garner, etc. respectfully requests that the Multidistrict Panel vacate the Conditional Transfer Order (CTO-309) and retain the case to the United States District Court for the Western District of New York for further proceedings consistent therewith.

Respectfully submitted this 23rd day of June 2008.

_/s/ Gail Garner_
Gail Garner

---

[2] Pro se plaintiffs have filed based upon a number of grounds, including Violation of Bankruptcy Code, Not Following Trust Distribution Procedures, Breach of Fiduciary Duties, Unfair Practices, as well as, an Asbestos Tort Injury.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 27 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS ) | MDL NO. 875 |
| LIABILITY LITIGATION (NO. VI) ) | |

THIS DOCUMENT RELATES TO CTO-309 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, WESTERN DISTRICT OF NEW YORK: (TRANSFERROR JUDGE CHARLES J. SIRAGUSA)

| | |
|---|---|
| GAIL GARNER, etc., ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | Western District of New York |
| V. ) | CIVIL ACTION NO.6:08-6191 |
| ) | |
| DII INDUSTRIES, LLC, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

### BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-309)

COME NOW the plaintiffs, Gail Garner, etc., as pro se, and hereby respectfully submit this Brief in Support of Plaintiffs' Motion to Vacate the Conditional Transfer Order (CTO-309) dated May 29, 2008. Plaintiffs oppose transfer to the Panel because it is clear and unequivocal on the face of the Complaint that the companies are not the same and there

are different questions of fact. In addition, it definitely would create undue hardship and an inconvenience to the pro se Plaintiffs for this case to be transferred to the United States District Court for the Eastern District of Pennsylvania.

**STATEMENT OF FACTS**

1. On April 25, 2008, plaintiff filed a Complaint of: (I) personal injuries and wrongful death, as a result of exposure to asbestos-containing products manufactured, produced, distributed, sold, installed, specified, and/or marketed by defendant; (II) denial of rights of recovery of damages; (III) denial of claim categorization, denial of review by special Extraordinary Claim Panel, denial of liquidation of claims, denial of rights to exhaust administrative trust remedies; (IV) denied equitable treatment, ignored and did not address issues, undue legal fees liability; (V) defendant not fulfilling official duties and responsibilities, not maximizing value available for distribution to plaintiffs. Complaint [Doc #1].

2. Pro se plaintiffs' action is based upon the following theories: (I) Negligence and Intentional Tort, Negligence in the Course of Employment, Product Liability, Intentional Tort and Conspiracy, tortuous injury (II) Bankruptcy Fraud, (III) Not Following Trust Procedures, (IV) Unfair Practices, and (V) Breach of Fiduciary Duties.

2

3. Pro se plaintiffs assert Federal Court Jurisdiction, based on both: (I) Federal Question - a federal law has been violated and, (II) Diversity of Citizenship - parties residing in different states, and the amount in controversy is $75,000 or more.

4. The companies on the Tag-A-Long listing are not the same name and/or not known to be affiliated with the defendant on the Complaint.

5. In addition to, asbestos related; there are other special circumstances of complaints of Violation of Bankruptcy Code Law, Not Following Trust Distribution Procedures, Breach of Fiduciary Duties and Unfair Practices.

6. The decedent lived, worked, and died in New York State.

7. Pro se plaintiffs' wrongful death claim arises from exposure to asbestos by defendant, at employment locations in New York State.

8. Pro Se plaintiffs' reside in New York State and would experience much undue hardship if their claim were transferred to the Eastern District of Pennsylvania.

9. On June 11, 2008, plaintiffs' Gail Garner, etc. filed Notice of Opposition with the MDL opposing the Panel's Conditional Transfer Order (CTO-309) dated May 29, 2008.

## **ARGUMENT**

The Panel should vacate the Conditional Transfer Order because the Complaint meets the New York State District Court

Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedures 12(b)(1); Personal Jurisdiction 12(b)(2); and Proper Venue 12(b)(3). There is no common element for a Tag-A-Long except it is asbestos related. In addition to asbestos wrongful death, the Complaint involves Violation of Bankruptcy Code Law, Not Following Trust Distribution Procedures, Unfair Practices, and Breach of Fiduciary Duties. The defendant, on the Complaint, is for a different company name and/or not known to be affiliated with any other company on the Tag-A-Long listing. Defendant on the Complaint operated a business in New York State. Plaintiffs' decedent lived, worked directly for the defendant, and died in New York State. A transfer to a different state would create inconvenience and hardship for the pro se plaintiffs.

## CONCLUSION

For these reasons, pro se plaintiffs Gail Garner, etc. respectfully requests that the Multidistrict Panel vacate the Conditional Transfer Order (CTO-309) and transfer the case back to the United States District Court for the Western District of New York for further proceedings consistent therewith. This would be a fair and reasonable decision in the interest of justice.

Respectfully submitted this 23rd day of June, 2008.

_____
Gail Garner

4

Gail Garner
983 Brown Road
Rochester, NY 14622
Telephone (585) 544-8678
Facsimile (585) 544-8678
Email: gg_garner@yahoo.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 27 2008

FILED
CLERK'S OFFICE

Pro se for Plaintiff Gail Garner, etc.

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of the foregoing pleading upon counsel of record identified on the Proof of Service (which is being simultaneously filed with the Judicial Panel on Multi-District Litigation) via U.S. Mail.

I further certify that on this date I filed the foregoing document with the Clerk of the Court using the U.S. Mail system.

Dated this 23rd day of June, 2008.

_____
Gail Garner

2008 JUN 26  P 3: 52
RECEIVED CLERK'S OFFICE
JUDICIAL PANEL MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 27 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) | MDL NO. 875 |

THIS DOCUMENT RELATES TO CTO-309 AS IT PERTAINS TO THE FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL DISTRICT COURT, WESTERN DISTRICT OF NEW YORK: (TRANSFERROR JUDGE CHARLES J. SIRAGUSA)

| | | |
|---|---|---|
| GAIL GARNER, etc., | ) ) | |
| PLAINTIFFS, | ) ) | |
| v. | ) ) ) | Western District of New York CIVIL ACTION NO.6:08-6191 |
| DII INDUSTRIES, LLC, et al., | ) ) | |
| DEFENDANTS. | ) | |

PROOF OF SERVICE

I certify that I have served, via U.S. Mail, a copy of the following documents, along with this proof of service, to all those listed on the attached Panel Service List:

- Motion to Vacate the Conditional Transfer Order (CTO-309), filed by Plaintiffs Gail Garner, etc.;
- Brief in Support of Motion to Vacate the Conditional Transfer Order (CTO-309), filed by Plaintiffs Gail Garner, etc.

Dated this 23rd day of June, 2008.

_Gail Garner_
Gail Garner

Page 1 of 2

# IN RE: ASBESTOS PRODUCTS LIABILITY
# LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-309)

Gail Garner, etc. v. DII Industries, LLC, et al., W.D. New York, C.A. No. 6:08-6191

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Gail Garner
983 Brown Road
Rochester, NY 14622

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
2100 One Cleveland Center
1375 E. Ninth Street
Cleveland, OH 44114

Neil Selman
SELMAN BREITMAN LLP
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# CIVIL COVER SHEET

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUN 27 2008

FILED CLERK'S OFFICE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**: GAIL GARNER CLAIMANT REPRESENTATIVE FOR ESTATE OF ANGELO PALERMO

**DEFENDANTS**: DII Industries, LLC ASBESTOS PI TRUST; MARK GLEASON, MARCELLENE MALOUF, DOUGLAS L. ALLEN

(b) County of Residence of First Listed Plaintiff: MONROE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: DALLAS COUNTY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number):
PRO SE — GAIL GARNER
983 BROWN ROAD
ROCHESTER, NY 14622
(585) 544-8678

Attorneys (If Known):
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
1717 MAIN STREET SUITE 2800
DALLAS, TEXAS 75201-7342
BETH W. BIVANS (214) 939-5815

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

TORTS — PERSONAL INJURY: ☒ 368 Asbestos Personal Injury Product Liability

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding

**VI. CAUSE OF ACTION**: ASBESTOS PERSONAL INJURY PRODUCT LIABILITY — DII TRUST CLAIM - DENIED COMPENSATION — NOTICE OF AUTHORIZATION to commence litigation by DII TRUST

**VII. REQUESTED IN COMPLAINT**: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $3,500,000.00  JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**: See instructions
JUDGE _____ DOCKET NUMBER _____

Judge Charles Siragusa

Revised 05/01 WDNY 

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

## FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
### (Non-Prisoner Context)

### 1. CAPTION OF ACTION

**A.** Full Name of Plaintiff: *NOTE: If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

GAIL GARNER, CLAIMANT REPRESENTATIV ESTATE FOR ANGELO PALERMO

-vs-

**B.** Full Name(s) of Defendant(s) *NOTE: Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. DII INDUSTRIES, LLC ASBESTOS PI TRUST
2. MARK M. GLEASON
3. MARCELLENE MALOUF
4. DOUGLAS C. ALLEN
5. 
6. 

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections MUST be answered*

Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.

A. Basis of Jurisdiction in Federal Court: ARISES UNDER FEDERAL LAW OF BANKRUPTCY Code 11

State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.

Reason for Venue in the Western District: EVENTS GIVING RISE TO CLAIM OCCURRED IN WESTERN DISTRICT OF NEW YORK

State the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights or whatever it is.

Nature of Suit: ASBESTOS PERSONAL INJURY

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: GAIL GARNER, ESTATE OF ANGELO PALERMO

Present Address: 983 BROWN ROAD
ROCHESTER, NEW YORK 14622

Name of Second Plaintiff: _____

Present Address: _____

**DEFENDANT'S INFORMATION** NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: DII Industries, LLC ASBESTOS PI TRUST

Official Position of Defendant (if relevant): ASBESTOS PERSONAL INJURY TRUST

Address of Defendant: 7557 RAMBLER ROAD, SUITE 285
DALLAS, TEXAS 75231

Name of Second Defendant: MARK M. GLEASON

Official Position of Defendant (if relevant): TRUSTEE OF DII TRUST

Address of Defendant: ONE GATEWAY CENTER, SUITE 525
420 FT. DUQUESNE BLVD., PITTSBURGH, PA 15222

Name of Third Defendant: MARCELLENE MALOUF

Official Position of Defendant (if relevant): EXECUTIVE DIRECTOR OF DII TRUST

Address of Defendant: 7557 RAMBLER ROAD, SUITE 285
DALLAS, TEXAS 75231

— CONTINUED —

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?

Yes ___   No ✗

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): _____

2

— CONTINUED —

— CONTINUED —

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: GAIL GARNER ESTATE OF ANGELO PALERMO

Present Address: 983 BROWN ROAD
ROCHESTER, NY 14622

Name of Second Plaintiff: _____

Present Address: _____

**DEFENDANT'S INFORMATION** NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of ~~First~~ FOURTH Defendant: DOUGLAS C. ALLEN

Official Position of Defendant (if relevant): DII ARBITRATOR — DISPUTE MANAGEMENT + RESOLUTION

Address of Defendant: 1457 VERMONT ROUTE 14N
EAST MONTPELIER, VERMONT 05651

Name of Second Defendant: _____

Official Position of Defendant (if relevant): _____

Address of Defendant: _____

Name of Third Defendant: _____

Official Position of Defendant (if relevant): _____

Address of Defendant: _____

2A

   Defendant(s):_____

2. Court (if federal court, name the district; if state court, name the county):_____

3. Docket or Index Number:_____

4. Name of Judge to whom case was assigned:_____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

   Is it still pending? Yes_____ No_____

   If not, give the approximate date it was resolved._____

   Disposition (check those statements which apply):

   _____ Dismissed (check the statement which indicates why it was dismissed):

   _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;
   _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;
   _____ By court due to your voluntary withdrawal of claim;

   _____ Judgment upon motion or after trial entered for

   _____ plaintiff
   _____ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

Fed.R.Civ.P. 8(a) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is _____ to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify ___ ___ of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

F..d.R.Civ.P. 10(b) states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of ___ ___ be limited as far a practicable to a single set of circumstances."

_____ CLAIM: On (date of the incident) AUGUST 30, 2007 / DECEMBER 3, 2007
OCTOBER 29, 2007 / DECEMBER 27, 2007
___ **name and (if relevant) the position held of each defendant** involved in this incident) DII TRUST,
MARK GLEASON, TRUSTEE; MARCELLENE MALOUF, EXECUTIVE
DIRECTOR; DOUGLAS ALLEN, ARBITRATOR.

3                                                      - CONTINUED

did the following to me (briefly state what each defendant named above did):

The Trust and its representatives denied me my right to a recovery of damages.

The federal basis for this claim is: **Violation of Bankruptcy Code 11 U.S.C §§524(g)(2)(b)(ii)(v)**

State briefly **exactly** what you want the Court to do for you. Make no legal arguments and cite no cases or statutes:
Jury Trial. monetary Settlement

**B. SECOND CLAIM:** On (date of the incident) August 30, 2007 / October 29, 2007/ December 3, 2007

Defendant (give the name and (if relevant) position held of each defendant involved in this incident) The DII Trust; Mark Gleason, Trustee; Marcellene Malouf, DII Executive Director; and Douglas Allen, Arbitrator

did the following to me (briefly state what each defendant named above did): **1.** The Trust and its representatives violated my right to have my claim categorized. **2.** The Trust and its representatives violated my right to have my claim reviewed by their special established Extraordinary Claims Panel. **3.** The Trust and its representatives violated my right to liquidate the value of each of our claims. **4.** The Trust and its representatives violated my right to exhaust all administrative Trust remedies. I communicated with the DII Bankruptcy Court Judge; the New York State Attorney General's office; and the Texas Attorney General's office; all stating they do not have jurisdiction over my claim. My only recourse, at this point, is to file a lawsuit.

The federal basis for this claim is: **Not Following Trust Distribution Procedures (TDP)**

State briefly **exactly** what you want the Court to do for you. Make no legal arguments and cite no cases or statutes:
Jury Trial. monetary Settlement

**If you have additional claims, use the above format to set them out on additional sheets of paper**

4.

- CONTINUED -

**C. THIRD CLAIM:** On (date of the incident) <u>August 30, 2007 / October 29, 2007/ December 3, 2007</u>

Defendant (give the name and (if relevant) position held of each defendant involved in this incident) <u>The DII Trust, Mark Gleason, Trustee; Marcellene Malouf, DII Executive Director, and Douglas Allen, Arbitrator</u>

did the following to me (briefly state what each defendant named above did): **1.** <u>The Trust and its representatives did not treat me equitably (fair and just), as they ignored my complaints and did not personally address my issues.</u> **2.** <u>Mark Gleason, Trustee of DII and H.K. Porter Trusts did not give me the same rights on my DII claim versus my H.K. Porter claim.</u> **3.** <u>The Trust and its representatives put an undue liability on me for legal fees.</u>

The federal basis for this claim is: **Unfair Practices**

State briefly **exactly** what you want the Court to do for you. Make no legal arguments and cite no cases or statutes:
<u>Jury Trial</u> monetary settlement

---

**D. FOURTH CLAIM:** On (date of the incident) <u>August 30, 2007 / October 29, 2007/ December 3, 2007</u>

Defendant (give the name and (if relevant) position held of each defendant involved in this incident) <u>The DII Trust, Mark Gleason, Trustee; Marcellene Malouf, DII Executive Director, and Douglas Allen, Arbitrator</u>

did the following to me (briefly state what each defendant named above did): **1.** <u>The Trust and its representatives violated my rights by not fulfilling their official duties and responsibilities for our claim.</u> **2.** <u>The Trust and its representatives violated my rights by not maximizing the value available for distribution of our claim.</u>

The federal basis for this claim is: **Breach of Fiduciary Duty**

State briefly **exactly** what you want the Court to do for you. Make no legal arguments and cite no cases or statutes:
<u>Jury Trial.</u> monetary settlement

**If you have additional claims, use the above format to set them out on additional sheets of paper**

4A.

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Do you want a **jury trial**? Yes __X__ No____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on ___4/25/08___
(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

*Gail Rainer*

Signature(s) of Plaintiff(s)

5