MDL 875

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Lawrence David Weaver v. Owens-Illinois, Inc., et al.*, D. South Carolina, C/A No. 6:08-cv-2060

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND BRIEF IN SUPPORT THEREOF

Pursuant to Rule 12(d) f the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the plaintiff hereby moves to vacate the Conditional Transfer Order entered by the Clerk of the Panel on June 17, 2008, transferring this action to the U.S. District Court for the Eastern District of Pennsylvania (MDL Docket No. 875) previously designated as the transferee district court for actions alleging asbestos related personal injury. Plaintiff avers as follows in support of this motion.

1. The plaintiff brings a claim for asbestos-related injuries against a number of defendants including a South Carolina corporation previously engaged in the distribution of asbestos-containing products.

2. The defendants contend that the U.S. District Court has original federal subject matter jurisdiction over this case because the Charleston Naval Shipyard is a Federal enclave.

3. The plaintiff has filed a Motion with the U.S. District Court for the District of South Carolina to remand the action to State Court based upon the belief that the Motion for Removal is procedurally defective under 28 USC §1446(a) and (b).

4. The plaintiff contends that the U.S. District Court for the District of South Carolina is best suited to decide the Motion to Remand and that, therefore, this case should remain in South Carolina until such time as the Motion has been resolved.

5. The plaintiff further submits the accompanying brief in support of this Motion.

PLEADING NO. 5493

OFFICIAL FILE COPY

IMAGED JUL 3 2008

THEREFORE, for the foregoing reasons, the plaintiff respectfully moves the Panel to vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on June 17, 2008.

Respectfully submitted,

MOTLEY RICE LLC

By: *V. B*B

V. Brian Bevon, Esquire
Federal Court ID No. 6425
28 Bridgeside Blvd.
Post Office Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

ATTORNEYS FOR PLAINTIFF

June 30, 2008
Charleston, South Carolina

2008 JUL -2 A 11:20 RECEIVED

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL -2 2008

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

BRIEF IN SUPPORT OF
MOTION TO VACATE CONDITIONAL TRANSFER ORDER
PURSUANT TO RULE 10 OF THE RULES OF PROCEDURE
OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*Lawrence David Weaver v. Owens-Illinois, Inc.., et al.*, D. South Carolina, C/A No. 6:08-cv-2060

The plaintiff submits the instant brief in support of his Motion to Vacate the Conditional Transfer Order entered by the Clerk on the Panel on June 17, 2008. The Plaintiff contends that removal is defective because the Defendants failed to comply with the procedural requirements of 28 USC §1446(b). In particular, the Notice of Removal was filed more than thirty (30) days from the date of notice that the case was subject to removal under 28 USC §1446(b).

As the Panel is aware, asbestos personal injury actions in Federal Court are automatically transferred to the Eastern District of Pennsylvania, Judge James T. Giles, for proceedings under the Rules of the Judicial Panel on Multidistrict Litigation. (MDL Docket-No.875).

In a previous case against Owens-Corning Fiberglas Corporation, one of the defendants to these actions, the Court held

> The purpose of the MDL Panels' referring of asbestos cases to Judge Giles was not to make one Judge rule on the various difficult issues that might come up on different factual contexts. Rather, cases are supposed to be referred to Judge Giles for determination of issues common to asbestos litigation. To force difficult and fact-sensitive jurisdictional issues from all types of cases onto one Court would impossibly overburden that Court and not serve the goal of efficiency that underlies the MDL Program.
>
> Thus this Court refuses to defer on this motion to remand and elects to address the merits.

*Viala v. Owens-Corning Fiberglas Corp.*, 1994 WL 139287 (N.D. Cal.) at pp. 1-2.

Like *Viala*, the transferor court in South Carolina is in the best position to rule on the issue of whether the Defendants complied with the procedural requirements of 28 USC §1446.

>Respectfully submitted,
>
>MOTLEY RICE LLC
>
>By: V. Brian Bevon
>    V. Brian Bevon, Esquire
>    Federal Court ID No. 6425
>    28 Bridgeside Blvd.
>    Post Office Box 1792
>    Mt. Pleasant, SC 29465
>    (843) 216-9000
>
>ATTORNEYS FOR PLAINTIFF

June 30, 2008
Charleston, South Carolina

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2008

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I do hereby certify that a copy of the foregoing was sent by Federal Express to Mr. Jeffery N. Luthi, Clerk of the Panel, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Building, Room G-255, North Lobby, Washington, DC 20002 and mailed to all counsel of record as shown below and on the attached Panel Service List, this 1st ___ day of July, 2008.

**W. Thomas Causby, Esquire**
**Robert O. Meriwether, Esquire**
NELSON, MULLINS, RILEY & SCARBOROUGH
P.O. Box 11070
Columbia, SC 29211
*COUNSEL FOR DEFENDANTS, OWENS-ILLINOIS, INC.*
*and CRANE CO.*

**William David Conner, Esquire**
HAYNSWORTH SINKLER BOYD, P. A.
PO Box 2048
Greenville, SC 29602
*COUNSEL FOR DEFENDANTS, BAYER CROPSCIENCE, INC., as*
*Successor in interest to Amchem Products, Inc., CERTAINTEED CORPORATION,*
*UNION CARBIDE CORPORATION and UNIROYAL, INC.*

**James D. Gandy, III Esquire**
PIERCE, HERNS, SLOAN & McLEOD
P. O. Box 22437
Charleston, SC 29413-2437
*COUNSEL FOR DEFENDANT, NATIONAL SERVICE INDUSTRIES, INC.*
*f/k/a North Brothers Company*

**James H. Elliott, Esquire**
PRITCHARD & ELLIOTT LLC
8 Cumberland St., Suite C
Charleston, SC 29401
*COUNSEL FOR DEFENDANT, NOLAND COMPANY, INC.*

**Timothy W. Bouch, Esquire**
LEATH, BOUCH & CRAWFORD
PO Box 59
Charleston, SC 29402
*COUNSEL FOR DEFENDANT, GARLOCK SEALING TECHNOLOGIES LLC*

**Timothy Peck, Esquire**
SMITH MOORE LLP
PO Box 21927
Greensboro, NC 28420
*COUNSEL FOR DEFENDANT, GENERAL ELECTRIC COMPANY*

**Jennifer Techman, Esquire**
EVERT & WEATHERSBY LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305
*COUNSEL FOR DEFENDANTS, A. W. CHESTERTON COMPANY
and CBS CORPORATION f/k/a Viacom, Inc., successor by merger to CBS Corporation
f/k/a Westinghouse Corporation*

**Steven J. Pugh, Esquire**
RICHARDSON, PLOWDEN, CARPENTER & ROBINSON, P. A.
P. O. Drawer 7788
Columbia, SC 29202 (Richland County)
*COUNSEL FOR DEFENDANT, CLEAVER-BROOKS, INC.*

**A. Timothy Jones, Esquire**
HAWKINS & PARNELL LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243
*COUNSEL FOR DEFENDANTS, D. B. RILEY, INC. and
SEALING EQUIPMENT PRODUCTS COMPANY, INC.*

**Nancy W. Monts, Esquire**
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.
P. O. Box 2757
Greenville, SC 29602-2757
*COUNSEL FOR DEFENDANT, GOULDS PUMPS, INC.*

**Daniel B. White, Esquire**
**Frances G. Zacher, Esquire**
GALLIVAN, WHITE & BOYD, P. A.
P. O. Box 10589
Greenville, SC 29603
*COUNSEL FOR DEFENDANT, COVIL CORPORATION*

Polly McGillivray

Charleston, SC

2008 JUL -2 A 11: 20   RECEIVED CL... OFFICE

PANEL SERVICE LIST
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574
19102

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

James A. McKowen
James F. Humphreys & Associates
United Center
500 Virginia Street, East
Suite 800
Charleston, WV 25301

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

G. Kenneth Robertson
Farmer, Cline & Arnold
P.O. Box 3842
Charleston, WV 25338

John D. Roven
Roven, Kaplan & Wells, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Reported in F.Supp.
s: 1994 WL 139287 (N.D.Cal.))

Page 1

Bonifacio T. VIALA, Plaintiff,
v.
OWENS-CORNING FIBERGLAS CORP., et al.,
Defendants.

No. C 94-0399 EFL.

United States District Court, N.D. California.

April 13, 1994.

ORDER REMANDING CASE TO STATE COURT

LYNCH, District Judge.

*1 Plaintiff Viala filed this suit in San Francisco Superior Court claiming injuries arising out of exposure to asbestos while working at the Subic Bay military base in the Philippines. Several but not all defendants have timely joined in the removal of this case to this Court. Viala has brought a motion to remand the case to state court.

Defendants have the burden of establishing that removal was proper. Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir.1992). The removal statute is strictly construed against removal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988).

Defendants base removal on two independent grounds: (1) that a federal question is present under 28 U.S.C. § 1331 and Article 1, section 8, clause 17 of the U.S. Constitution and that removal is therefore proper under 28 U.S.C. § 1441 because this Court would have had original (either concurrent or exclusive) jurisdiction over the case under the doctrine of federal enclave jurisdiction, [FN1] and (2) that removal is proper under 28 U.S.C. § 1442 because some defendants are being sued in state court for injuries arising out of conduct they were directed to undertake by a federal officer.

In addition, defendants argue that this Court should defer from ruling on this jurisdictional question and allow Judge Weiner in Pennsylvania to address this issue pursuant to the Panel on Multi-District Litigation's (MDL) consolidation of asbestos cases before him for purposes of pre-trial motions.

Viala argues that this Court should rule on this motion, since these types of jurisdictional issues are better determined by a "transferor" court such as this than by the "transferee" MDL court. Addressing the merits, Viala argues that "federal enclave jurisdiction" is no longer a valid concept nor is it applicable here, that in any event not all defendants have consented to removal on federal question grounds, and that removal under § 1442 is not justified because defendants have not established that they were "acting under" a federal officer or that they have a colorable government contractor defense.

For the reasons set forth below, the Court concludes that it is appropriate for this Court to rule on this motion and that, addressing the merits, removal of this case to federal court is not justified and remand to state court is proper. [FN2]

The Court agrees with the parties that it is allowed to defer on this remand issue to Judge Weiner. The Court also agrees with the parties that the conditional transfer order issued in this case (and objected to by Viala) in no way deprives this Court of jurisdiction to hear and decide this motion on its own.

The Court disagrees with defendants that deferring on this motion and allowing Judge Weiner to rule on it would promote the interests of efficiency and uniformity. Indeed, defendants' extolling the virtues of uniformity is somewhat disingenuous where, as here, the first wave of Subic Bay cases was remanded to state court but defendants have continued to attempt the removal of subsequent waves to the federal courts. Given that the first 29 cases are in state court, uniformity would clearly have been served if defendants had left subsequent cases in the state court in which they were filed, so that they could be decided uniformly with the first 29 Subic Bay cases.

*2 The purpose of the MDL panel's referring of asbestos cases to Judge Weiner was not to make one judge rule on the various difficult issues that might come up in different factual contexts. Rather, cases are supposed to be referred to Judge Weiner for determination of issues common to asbestos litigation. To force difficult and fact-sensitive jurisdictional issues from all types of cases onto one court would impossibly overburden that court and not serve the goal of efficiency that underlies t'

Not Reported in F.Supp.
(Cite as: 1994 WL 139287, *2 (N.D.Cal.))

Page 2

MDL program.

Thus, this Court refuses to defer on this motion to remand and elects to address the merits.

## REMOVAL UNDER SECTION 1441

The parties argue at great length over the continuing vitality of federal enclave jurisdiction and whether it is implicated in this case. For purposes of defendants' § 1441 removal, this issue is irrelevant, since the defendants have not unanimously consented to removal of this case from state court to federal court. Such unanimous consent is required under 28 U.S.C. § 1446. [FN3] See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 N. 1 (9th Cir.1988) (discussing unanimity requirement in the context of a § 1441(a) removal); Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir.1986) (noting unanimity requirement for removal under § 1441(b)); see also Acierto v. Owens-Corning Fiberglas Corp., No. C-93-2136 JPV (N.D.Cal., Order of August 13, 1993). Thus, since defendants' defect in removing under section 1441 is of a procedural nature under section 1446, plaintiff's timely remand motion under section 1447(c) is granted.

## REMOVAL UNDER SECTION 1442

For removal under § 1442, [FN4] defendants must (1) raise a colorable federal defense, (2) establish that they were acting under a federal officer, and (3) establish a causal connection between the conduct undertaken at the direction of the federal officer and the basis for defendants' state law liability. Mesa v. California, 489 U.S. 121 (1989), Fung v. Abex Co., 816 F.Supp. 569 (N.D.Cal.1992), Ryan v. Dow Chemical, 781 F.Supp. 934 (E.D.N.Y.1992).

For their "colorable federal defense," defendants [FN5] argue that they will be entitled to raise a "government contractor" defense. In order to establish such a defense, defendants must establish that they presented specially-designed products to the government under federal orders or specifications that directly conflicted with the state law duty upon which the defendants are now being sued, and that: (1) the specifications were reasonably precise, (2) the equipment produced conformed to those specifications, and (3) the defendants warned the government about dangers of the products known to the defendants but not to the government. Boyle v. United Technologies, Inc., 487 U.S. 500 (1988), In Re Hawaii Federal Asbestos Cases, 960 F.2d 806 (9th Cir.1992).

Defendants fail to state a colorable federal defense because they have produced no evidence to support the prerequisites to the government contractor defense that the products were designed at the direction of federal specifications or that these specifications conflicted with the state law duties sued upon. To assert the government contractor defense, the product purchased by the government cannot be a product that a supplier sells on the open market anyway. In Re Hawaii Federal Asbestos Cases, 960 F.2d at 811-12. Defendants have produced no evidence that the asbestos-containing material (apparently insulation) here sold to the government was anything but the asbestos-containing insulation being sold at the time to commercial and industrial concerns. Additionally, though defendants have produced evidence of government specifications controlling the procurement of insulation, all of the government specifications produced by defendants refer only to the performance of the insulation and not to the design or the manufacturing process. These "specifications" only established the performance criteria to be considered by government purchasers in deciding whether to purchase a particular (independently existing) product. Thus, there is no evidence that the specifications provided by the government in any way conflicted with defendants' state law duty to design and manufacture safe products that did not cause asbestos-related illnesses. In the absence of such a conflict, the government contractor defense is not colorable. Thus, § 1442 removal is inappropriate.

*3 For the same reasons, defendants have failed to satisfy the requirement under § 1442 that there be a nexus between the directions of the federal officer and the conduct for which defendants are in trouble under state law. Additionally, defendants have failed to establish that they were acting under the direction or control of any federal officer when they designed or manufactured their asbestos-containing products. For each of these reasons, § 1442 removal is also defeated.

Though this Court grants remand on the basis that defendants [FN6] have not produced sufficient

Copr. © West 1997 No claim to orig. U.S. govt. works

-idence to justify removal under § 1442, this is not the result--as it apparently was in Acierto--of defendants' having produced no evidence at all. Rather, defendants have submitted to this Court numerous declarations and documents, as well as excerpts from depositions taken in asbestos litigation from all across the country. The Court has reviewed all of this evidence. Defendants fail to justify removal under § 1442 because this evidence does not support the essential elements necessary to establish a colorable government contractor defense nor does it support the governmental direction and causal nexus requirements that are further necessary for § 1442 removal. Thus, defendants have failed to carry their burden of establishing that section 1442 removal was proper.

Accordingly, Viala's motion is granted and this case is REMANDED to state court.

IT IS SO ORDERED.

> FN1. Article I, section 8, clause 17 of the United States Constitution reads: "Congress shall have Power ... to exercise exclusive legislation in all Cases whatsoever ... over all Places purchased by the consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-yards, and other needful Buildings."

> FN2. This Court notes that this resolution on the merits is consistent with that reached in the only other case from this district to reach the merits of such removal. See Acierto v. Owens-Corning Fiberglas Corp., et al. No. C 93-2136 JPV (N.D.Cal., Order dated August 13, 1993). The parties speak of the cases filed arising out of Subic Bay exposures as having been brought by plaintiff's counsel (and removed here by defendants) in "waves." The first wave consisted of cases related by Judge Vukasin and then remanded to state court in the above referenced order. The second wave consisted of cases related by Judge Walker, who subsequently deferred to Judge Weiner on this remand motion (which is still under submission before Judge Weiner). The third wave was also related by Judge Walker and the remand motion was again deferred to Judge Weiner. This fourth wave, consisting of 42 cases now before 10 judges of this district, has not been related. According to representations of counsel at oral argument, the four judges of this district who have ruled on these fourth wave cases have each deferred the remand motion to Judge Weiner. Thus, this case represents only the second instance in which the merits of defendants' removal have been addressed.

> FN3. Defendant Flintkote seems to argue before this Court that the procedural requirement of unanimity is not needed if the substance of the federal question being removed is one over which a federal court would have exclusive jurisdiction. Flintkote offers absolutely no authority for this proposition, other than that its attorney remembers plaintiff's attorney not contesting this point at some other hearing. Since nothing in the language of sections 1441 or 1446 or in the case law surrounding these sections lends credence to this distinction, the Court rejects it. See, e.g., Bradwell v. Silk Greenhouse, 828 F.Supp. 940, 943-44 (M.D.Fla.1993) (remanding for lack of unanimous consent to removal, even though the ERISA claims invoked exclusive federal jurisdiction), Samuel v. Langham, 780 F.Supp. 424, 427 (N.D.Tex.1992) (remanding a case to state court even accepting ERISA pre-emption); see also McCain v. Cahoj, 794 F.Supp. 1061 (D.Kan.1992) (remanding a case because of a procedural defect in the removal despite protestations of exclusive federal jurisdiction). Plaintiff filed this case in state court. In order to invoke removal under a federal question theory, it is a procedural requirement that all defendants timely consent to the removal. This has not been done, so the case is not properly removed on federal question grounds. If Flintkote believes that the state court has no jurisdiction over this suit because of federal enclave jurisdiction--a position upon which this Court expresses no opinion--Flintkote is free to bring whatever motions it deems appropriate in the state court proceeding. Defendants simply are procedurally barred from removing this case to federal court on the basis of a federal question.

> FN4. There is no unanimity requirement for removal under section 1442. Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co., 644 F.2d 1310 (9th Cir.1981). Removal under section 1442 confers subject matter jurisdiction over the entire case to the federal district court. Concerned Tenants Assn. of Father Panik Village v. Pierce, 685 F.Supp. 316 (D.Conn.1988).

Copr. © West 1997 No claim to orig. U.S. govt. works