MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2008

FILED
CLERK'S OFFICE

PLEADING NO. 5497

BEFORE THE JUDICIAL PANEL ON MULTIDISCTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                        MDL No. 875

| | |
|---|---|
| WILLIAM W. BUSSEY ) | Civil Action No. 2:08-cv-09367-JBF |
| Plaintiff, ) | |
| v. ) | From the |
| ) | UNITED STATES DISTRICT COURT |
| BUFFALO PUMPS, INC., et al., ) | FOR THE EASTERN DISTRICT OF |
| ) | VIRGINIA, NORFOLK DIVISION |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Comes now Plaintiff and files this Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiff's Motion for Remand to State Court, and would respectfully show as follows:

1. This case was filed in state court but removed to federal court. On June 17, 2008 the Panel entered an order conditionally transferring this case to MDL-875 in the Eastern District of Pennsylvania. Currently, Plaintiff's motion for remand to state court has been fully briefed, and is awaiting ruling by the District Court.

OFFICIAL FILE COPY
IMAGED JUL 1 6 2008

2.      Plaintiff respectfully requests that the panel vacate the conditional transfer order so that the transferor court may have time to rule on plaintiff's motion for remand to state court. Such relief is warranted because Plaintiff, William Bussey, is dying of mesothelioma and will be gravely prejudiced if he dies before trial. The Panel has the power to vacate the conditional transfer order and has done so in the past so that transferor courts may rule on threshold motions for remand.

3.      Plaintiff respectfully requests that the panel vacate the conditional transfer order due to the fact that there are multiple case numbers associated with this case and only one case number has been conditionally transferred. Transfer of only the one case number will create confusion regarding the jurisdictional capacities of the MDL panel, the transferee court, and the transferor court.

4.      The Panel is respectfully referred to Plaintiff's brief in support of this motion, filed herewith, for a full discussion of these issues.

## CONCLUSION

**WHEREFORE**, Plaintiff requests that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the District of Massachusetts on Plaintiff's Motion to Remand.

Dated: July 11, 2008                                    Respectfully submitted,

                                                        Jonathan George, Esquire
                                                        VSB No.: 25481
                                                        Laura Cabutto, Esquire
                                                        Jeffrey B. Simon, Esquire

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2008

FILED
CLERK'S OFFICE

Ron C. Eddins, Esquire
David C. Greenstone, Esquire
SIMON, EDDINS & GREENSTONE
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
Telephone: 214-276-7680
Facsimile: 214-276-7699

Michael G. Phelan, Esquire
VSB No.: 29725
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip, Fourth Floor
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via Federal Express on this 14th day of July, 2008.

Jonathan George, Esquire

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2008

FILED
CLERK'S OFFICE

### BEFORE THE JUDUCIAL PANEL ON MULTIDISCTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL No. 875 |

| | |
|---|---|
| WILLIAM W. BUSSEY<br><br>Plaintiff,<br><br>v.<br><br>BUFFALO PUMPS, INC., et al.,<br><br>Defendants. | Civil Action No. 2:08-cv-09367-JBF<br><br>From the<br>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER

NOW COMES PLAINTIFF, by and through his counsel, and files this Brief in Support of Motion to Vacate Conditional Transfer Order, and would respectfully show the Court as follows:

### INTRODUCTION

1. Plaintiff, William Bussey, filed this asbestos personal-injury case in the Circuit Court for the City of Portsmouth, Virginia on April 28, 2008. This case was filed against several defendants alleging that the Plaintiff was exposed to asbestos through everyday contact with asbestos-containing products. This exposure to asbestos was a proximate cause of his mesothelioma, a terminal, painful cancer that Mr. Bussey was diagnosed with in October of 2007. Due to the fact that Mr.

2. Bussey is suffering from mesothelioma, he is not likely to survive long enough to see his case adjudicated if it is transferred to the multi district litigation transferee court.

## PROCEDURAL HISTORY

3. Buffalo Pumps, Inc. ("Buffalo Pumps"), General Electric Company ("GE"), Viad Corporation ("Viad"), and Foster Wheeler Energy Corporation ("Foster Wheeler") (collectively referred to as "Defendants") are the removing defendants in this case.[1]

4. Buffalo Pumps was served with summons and the Complaint on June 9, 2008. Viad was served with summons and the Complaint on June 5, 2008. Foster Wheeler was served with summons and the Complaint on June 4, 2008. GE was served with summons and the Complaint on May 5, 2008.

5. In the Virginia State Court Complaint, Plaintiff alleged state-law negligence and breach of warranties claims against the defendants, based on their failure to warn of the health hazards associated with asbestos exposure. No claim arising under federal law was alleged in the Complaint. No federal question was raised and no federal issue needs to be decided to establish defendants' liability under the causes of action in the Plaintiff's Complaint.

6. On May 27, 2008, Viad, joined by Buffalo Pumps, Foster Wheeler and GE, removed the case to federal court, under case number - 2:08-cv-09367-JBF, based on federal officer removal.

7. GE filed a separate notice of removal on June 4, 2008 under a separate case number - 2:08-cv-09376-JBF.

8. Plaintiffs promptly filed their motion to remand on June 17, 2008.

9. This panel issued a conditional transfer order transferring case number 2:08-cv-09367-JBF. No conditional transfer order has been issued for case number 2:08-cv-09376-JBF.

10. Defendants filed oppositions to the motions to remand in case numbers 2:08-cv-09367-JBF and 2:08-cv-09376-JBF on July 1, 2008 and July 3, 2008.

11. Buffalo Pumps' notice of removal was filed on July 3, 2008 under a separate case number - 2:08-cv-09378-JBF. No conditional transfer order has been issued for case number 2:08-cv-09378-JBF.

12. Plaintiff filed a reply to Defendants' oppositions on July 8, 2008.

---

[1] CBS Corporation and Waco, Inc. were also named as defendants, however, CBS Corporation has been nonsuited and Waco, Inc. did not join in removing this case to federal court.


## ARGUMENT

**Mr. Bussey is dying of mesothelioma.**

13. Mr. Bussey has terminal mesothelioma, an "invariably fatal cancer... for which asbestos exposure is the only known cause...." In re Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000). The life expectancy of a person following a diagnosis of mesothelioma is measured in months, not years. See In re Joint Eastern and Southern Districts Asbestos Litigation, 237 F.Supp.2d 297 (E.D.N.Y. 2002) (discussing the irrebuttable presumption, established for distribution of the Manville settlement trust, that for living claimants with confirmed mesothelioma there is normally substantial medical doubt that they will survive beyond six months). It is likely that Mr. Bussey will not survive to have his day in court should the case be further delayed by transfer to the MDL.

**Mr. Bussey will be substantially prejudiced if the motion to vacate the conditional transfer order is not granted.**

14. If the conditional transfer order is vacated and the district court is allowed to make a decision regarding remand of the action, there is a chance that Mr. Bussey will be able to have his case heard against all of the defendants in state court before the end of the year. If the district court is not given the opportunity to make a decision on remand before the case is transferred to the MDL there is very little chance that Mr. Bussey will ever get to participate in his case against the Defendants.

15. Nowhere are the famous words of Gladstone that "justice delayed is justice denied" more fitting than when used in connection with a lawsuit brought by a terminally ill individual seeking justice regarding their disease. It is undisputed that MDL 875 will not provide a speedy, or even timely, forum for the Plaintiff's claims to be heard.

**The Panel may vacate conditional transfer orders for this purpose.**

16. The Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In *Vasura v. ACandS, Inc.*, 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." *Id.* at 533.

17. Plaintiffs seek only a timely ruling on their motion for remand, so that Mr. Bussey can have his day in court before he dies.

**It would be a waste of judicial resources to transfer the case to the MDL without first determining whether federal jurisdiction is appropriate.**

18. The Conditional Transfer Order should be Vacated to allow the district court to rule on the Motion for Remand. The district court is in the best position to rule on whether the case properly belongs in Federal Court. It would make the most sense, from a judicial resource standpoint, to allow the district court the additional time needed to make a decision as to remand of the case.

19. The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. If there is no valid basis for federal jurisdiction, the case does not belong in MDL 875. It makes abundant sense, from a judicial resource standpoint, to allow the remand motion process, which is substantially completed, to fully run its course before burdening the MDL with another asbestos case.

20. Vacating the Conditional Transfer Order (CTO) in this case until the United States District Court for the Eastern District of Virginia rules upon the Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy – the entire point of the MDL process. If jurisdiction is rejected, the case leaves federal court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

21. In contrast, finalizing the CTO prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875, further increasing the burden on that court and its staff. Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL-875 procedures despite the lack of confirmation of jurisdiction. Upon completion of those procedures, the case will be sent back to the transferor court – incurring yet more administrative costs and burdens – only to return to the same question pending today – whether the federal courts have jurisdiction over this matter.

**Due to the three case numbers associated with this case, and the conditional transfer of only one of the case numbers, this court should not transfer the one case alone.**

22. The conditional transfer order in this case should be vacated because there exist three separate case numbers for this case and only one case number has been conditionally transferred. Transferring one case number while the transferor court still has jurisdiction over the other two case numbers will create confusion regarding the jurisdictional capacity of the MDL panel, the transferee court, and the transferor court. Should the panel wish to transfer all three case numbers, it should wait until it issues a new conditional transfer order and include all three case numbers in that order.

## CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the Eastern

...

District of Virginia on Plaintiff's Motion to Remand.

Dated: July 11, 2008                    Respectfully submitted,

                                        _____
                                        Jonathan George, Esquire
                                        VSB No.: 25481
                                        Laura Cabutto, Esquire
                                        Jeffrey B. Simon, Esquire
                                        Ron C. Eddins, Esquire
                                        David C. Greenstone, Esquire
                                        SIMON, EDDINS & GREENSTONE
                                        3232 McKinney Avenue, Suite 610
                                        Dallas, Texas 75204
                                        Telephone: 214-276-7680
                                        Facsimile: 214-276-7699

                                        Michael G. Phelan, Esquire
                                        VSB No.: 29725
                                        BUTLER WILLIAMS & SKILLING
                                        100 Shockoe Slip, Fourth Floor
                                        Richmond, VA 23219
                                        Telephone: (804) 648-4848
                                        Facsimile: (804) 648-6814
                                        ATTORNEYS FOR PLAINTIFF

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2008

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via Federal Express on this 14th day of July, 2008.

_____
Jonathan George, Esquire

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-310)

William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9367

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Kenneth Reed Mayo
HUNTON & WILLIAMS LLP
484 Viking Drive, Suite 130
Virginia Beach, VA 23452

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Michael G. Phelan
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip, 4th Floor
Richmond, VA 23219

John J. Repcheck
MARKS O'NEILL O'BRIEN &
COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
2100 One Cleveland Center
1375 E. Ninth Street
Cleveland, OH 44114

Neil Selman
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, 6th Fl.
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW
FIRM PC
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226-4192

Anthony Berardo Taddeo Jr.
JUNKER TADDEO & STURM
3 West Cary Street
Richmond, VA 23220

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**Panel Service List - Continued**

Jeffrey Poretz
Miles & Stockbridge
1751 Pinnacle Drive, Suite 500
McLean, VA 22102


George Dancigers
McKenry, Dancigers, Dawson & Lake
192 Ballard Court, Suite 400
Virginia Beach, VA 23462