**MDL 875**

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 21 2008

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

---

Allen Christiansen, et al., v. CBS Corporation, et al., C.D. Cal., C.A. No. 2:08-3133

## PLAINTIFFS' MOTIONS TO VACATE THE
## CONDITIONAL TRANSFER ORDER (CTO-310)

Plaintiff Allen Christiansen suffers from malignant pleural mesothelioma. Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, plaintiffs move the Panel to vacate its Conditional Transfer Order (CTO-310). Defendants removed this action from California state court, claiming subject matter jurisdiction under the federal officer removal statute (28 U.S.C. § 1442(a)(1)).

Plaintiffs filed a motion to remand that remains pending in the United States District Court for the Central District of California. Plaintiffs submit that transfer would be inappropriate because there has been no showing of federal subject matter jurisdiction. Moreover, regardless of the status of any motion for remand, plaintiffs contend that any transfer would be inappropriate because of Mr. Christiansen's status as a living mesothelioma victim and entitlement under California substantive law to a preferential trial date in the proposed transferor court.

OFFICIAL FILE COPY

2008 JUL 21 A 10 13
CLERK'S OFFICE
RECEIVED

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

IMAGED JUL 21 2008

ORIGINAL

PLEADING NO. 5500

This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and any other materials as may be presented to the Panel at the time of the hearing on the motion. The plaintiffs also request the opportunity to present oral argument at the hearing on the motion.

July 18, 2008

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

BRIAN P. BARROW (Cal. Bar No. 177906)
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412

RECEIVED CLERK'S OFFICE 2008 JUL 21 A 10:13 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 21 2008

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

Allen Christiansen, et al., v. CBS Corporation, et. al., C.D. Cal., C.A. No. 2:08-3133

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER (CTO-310)

Plaintiffs in this case respectfully file this brief in support of their motion to vacate the Conditional Transfer Order (CTO-310) entered by the Judicial Panel on Multidistrict Litigation. Plaintiffs move to vacate the Conditional Transfer Order on two grounds: (1) there is no federal subject matter jurisdiction over any of these cases; and (2) plaintiff Allen Christiansen, who is suffering from mesothelioma, is entitled to seek an expedited trial setting under California substantive law.

Plaintiffs' arguments regarding the lack of federal subject matter jurisdiction are premised on the removing defendants' failure to satisfy their burden of demonstrating all the elements of federal officer jurisdiction under 28 U.S.C. 1442(a)(1). In particular, defendants never showed that their failures to warn about the hazards of asbestos were directed by a federal officer. Plaintiffs, whose motion for remand is fully-briefed and awaiting argument, respectfully submit that under this Panel's own rule 1.5 the district court should make an initial determination of federal subject matter jurisdiction.

The District Court is in the best position to get this case to trial as expeditiously as possible. Again, plaintiff is afflicted with malignant mesothelioma and there is substantial medical doubt as to his survival beyond the next six months. In California state court, where this matter was originally filed, plaintiffs are substantively entitled to seek an expedited trial setting in no more than 120 days. As will be explained, they remain entitled to a similarly expedited trial at the district court level. Given that right, which plaintiffs are informed cannot (or will not) be accommodated in the MDL, the Conditional Transfer Order should be vacated so that the proposed transferor court retains these cases so as to provide the expedited trial that plaintiffs need.

## LEGAL ARGUMENT

### I.

### This Panel Should Vacate the Conditional Transfer Order So That the District Court May Rule On the Pending Motion For Remand.

Jurisdictional issues, like those presented by motions for remand, must be resolved before transfer by this Panel. See, e.g., Garcia v. American Home Prods., No. C-02-146; Mauck v. Warner Lambert Company, 7:01-CV-027-R, 2001 U.S. Dist. LEXIS 5919 (N.D. Tex. May 7, 2001) (granting plaintiff's motion for remand, mooting the conditional transfer order after discussing the efficiency of ruling on jurisdictional issues first); McGrew v. Schering-Plough Corp., No. 01-2311, 2001 U.S. Dist. LEXIS 12205, at *6 (D. Kan. Aug. 6, 2001); Arsenault v. Congoleum Corp., 01-Civ. 10657, 2002 U.S. Dist. LEXIS 5084 at *2 n.1 (S.D.N.Y. Mar. 26, 2002); Vasura v. ACandS, 84 F. Supp. 2d 531,

532-533 (S.D.N.Y. 2000) (original district court retained jurisdiction to decide motion for remand that was pending at the time a conditional transfer order was issued).

Factors of justice and efficiency, as well as judicial economy weigh heavily in favor of allowing proposed transferor judge to rule on the motion for remand currently pending before it. (28 U.S.C. § 1407(a).) If jurisdiction is ultimately determined to be lacking, thereby making remand appropriate, minimal resources would have been expended by having the appropriate forum make such a determination. Transferring this case *before* the remand issue is decided accomplishes nothing, and risks needlessly wasting federal judicial resources. It would also result in repetitive briefing of the same issues concerning remand, albeit in different forums—the District Court, this Panel, and then the Eastern District of Pennsylvania. Plaintiffs respectfully request this Panel to vacate the Conditional Transfer Order so that the District Court may rightfully resolve plaintiffs' pending motion for remand.

## II.

### These Cases Should Not Be Transferred Because

### There Is No Underlying Federal Subject Matter Jurisdiction.

The federal officer removal statute only provides subject matter jurisdiction over claims "against [a]ny officer of the United States or any agency thereof, or any person acting under him, for any act under color of such office . . . ." (28 U.S.C. § 1442(a)(1).) The party seeking such jurisdiction must satisfy three distinct requirements: (1) that it acted "pursuant to a federal officer's directions"; (2) that a "causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims"; and, (3)

3

that it has a "colorable federal defense." Mesa v. California, 489 U.S. 121, 124-125, 134-135 (1989); see also Durham v. Lockheed Martin Corporation, 445 F.3d 1247, 1251 (9th Cir. 2006). Removing parties, which acknowledge these particular requirements in their notices of removal, have not satisfied them.

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). Under 28 U.S.C. 1447(c), subject matter jurisdiction is an issue that must (and may be) considered at every stage of the litigation: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Indeed, even if the defense of lack of subject matter jurisdiction is overruled, stricken, or excluded by the district court, it may be reasserted at any time in the action. See 5B Wright & Miller, Fed. Practice and Procedure § 1350, at 132 (3d ed. 2004), citing Fahnestock v. Reeder, 223 F.Supp.2d 618, 621 (E.D. Pa. 2002). Plaintiffs maintain that there is a lack of subject matter jurisdiction over this case, and will continue to assert that position at every stage of these proceedings.

### III.

### The CTO Should Be Vacated Because Mr. Christiansen Is a Living Mesothelioma Victim With Substantive State Rights To An Expedited Trial.

California Code of Civil Procedure section 36, subdivision (d), states that an expedited trial, i.e., one that commences "not more than 120 days" from the date of a motion for preference, may be granted where the plaintiff suffers from an illness or

4

condition that may cause death within six months:

> "[T]he court may also grant a motion for preference [that is] accompanied by clear and convincing medical documentation which concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and which satisfies the court that the interests of justice will be served by granting the preference."

Here, each of these plaintiffs suffers from malignant mesothelioma, a terminal cancer that invariably causes death less than two years from diagnosis. Mesothelioma plaintiffs are routinely granted preferential trials in California pursuant to section 36 because of their indisputably dire medical condition.

It is well-established under the Erie doctrine that federal courts are to follow state substantive law as derived from state statutes and common law. Procedural issues, of course, are governed by federal law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938); see also Achtman v. Kirby, McInerny & Squire, LLP (2nd Cir. 2006) 464 F.3d 328, 337, fn. 4 ["Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law."]. Defendants will argue that plaintiffs only have a procedural right to seek an expedited trial in California and, therefore, section 36 does not apply in federal court. Defendants would be wrong.

Classifying a law as "substantive" or "procedural" is "sometimes a challenging endeavor." Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 426 (1996). But here, the right to an expedited trial is substantive because it is bound up in California's laws regarding the right to recover damages, which are themselves indisputably substantive law. In re Air Crash Disaster near Cerritos, California on Aug. 31, 1986, 982 F.2d 1271, 1277 ["collateral source" rule deemed "substantive"]; see also Gasperini,

5

supra, 518 U.S. at 430 [state damage limits held "substantive"]. The right to an expedited trial offsets the longstanding inability of wrongful death plaintiffs (i.e., heirs) to recover non-economic damages for pain, suffering, or anguish experienced by the decedent. Parsons v. Easton, 184 Cal. 764, 770 (1921); Bond v. United R.R. of San Francisco, 159 Cal. 270, 277 (1911).

California substantive law thus takes away a decedent's heir's right to recover damages for decedent's pain and suffering but, in exchange, provides terminally-ill plaintiffs with a right to seek an expedited trial and, thus, the opportunity to seek full recovery of those damages. The right to seek an expedited trial is therefore not a procedural rule, but more accurately a substantive right to recover damages that will become legally extinguished upon his or her death. California law thus has as its primary objective to influence conduct and provide legal incentives by getting ill plaintiffs to trial as quickly as possible. The Panel should, especially under these circumstances, defer to that substantive right by vacating the Conditional Transfer Order so that the district courts can set the expedited trials to which the plaintiffs are entitled.

## CONCLUSION

As explained above, plaintiffs maintain that this action does not belong in federal court because of a simple lack of subject matter jurisdiction. Before transferring these cases to the Eastern District of Pennsylvania, the Panel should permit or order the proposed transferor courts to address and resolve the pending motion for remand. Alternatively, the Conditional Transfer Order should be vacated so as to permit plaintiffs

the unfettered opportunity to seek and receive the expedited trial that they are substantively entitled to under California state law.

July 18, 2008

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

BRIAN P. BARROW (Cal. Bar No. 177906)
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412 (facsimile)

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

2008 JUL 21 A 10 14

CLERK'S OFFICE
RECEIVED

7

PROOF OF SERVICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 21 2008

FILED
CLERK'S OFFICE

STATE OF CALIFORNIA     )
COUNTY OF LOS ANGELES   )

    I am employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 301 East Ocean Blvd., Suite 1950, Long Beach, California. I am employed in Los Angeles County, California.

    On the date set forth below, I served the foregoing document(s) described as:
**PLAINTIFFS' BRIEF IN SUPPORT OF MOTIONS TO VACATE
THE CONDITIONAL TRANSFER ORDER (CTO-304)**
On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

SEE ATTACHED SERVICE LIST

    [XX]  BY MAIL:  I caused such envelope(s) to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    []  BY FACSIMILE:  I caused a courtesy copy to be transmitted by facsimile to the facsimile number of the offices of the addressee(s) as indicated above and below (see service list).

    [X]  [STATE] I declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

    [X]  [FEDERAL] I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed this 18th day of July, 2008, at Long Beach, California.

ANNIE GREENFELD

8

## PANEL SERVICE LIST (Excerpted from CTO-310)
### Allen Christiansen, et al. v. CBS Corp., et al., C.D. California, C.A. No. 2:08-3133
### MDL No. 875
Updated as of 7/18/2008

| | | |
|---|---|---|
| Keith M. Ameele<br>FOLEY & MANSFIELD, PLLP<br>150 South Robles Ave., Suite 400<br>Pasadena, CA 91101 | Susan M. Hansen<br>BROWNSON & BALLOU<br>225 South Sixth Street, Suite 4800<br>Minneapolis, MN 55402 | Richard D. Schuster<br>VORYS SATER SEYMOUR & PEASE, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 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 |
| Richard C. Binzley<br>THOMPSON HINE LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | Edward R. Hugo<br>BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105 | Neil Selman<br>SELMAN BREITMAN LLP<br>11766 Wilshire Blvd., Sixth Floor<br>Los Angeles, CA 90025 |
| Edward J. Cass<br>GALLAGHER SHARP FULTON & NORMAN<br>Bulkley Building, 7th Floor<br>1501 Euclid Ave.<br>Cleveland, OH 44115 | Reginald S. Kramer<br>OLDHAM & DOWLING<br>195 South Main Street, Suite 300<br>Akron, OH 44308-1314 | Robert N. Spinelli<br>KELLEY JASONS MCGUIRE & SPINELLI<br>Centre Square West, 15th Floor<br>Philadelphia, PA 19102 |
| Adam M. Chud<br>GOODWIN PROCTER LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001 | David C. Landin<br>HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Robert E. Swickle<br>JAQUES ADMIRALTY LAW FIRM PC<br>1370 Penobscot Building<br>645 Griswold Street<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226-4192 |
| David A. Damico<br>BURNS WHITE & HICKTON<br>Fourth Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA 15212 | Gene Locks<br>LOCKS LAW FIRM LLC<br>1500 Walnut Street<br>Philadelphia, PA 19102 | Andrew J. Trevelise<br>REED SMITH LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |
| Raymond P. Forceno<br>FORCENO GOGGIN & KELLER<br>1528 Walnut Street, Suite 900<br>Philadelphia, PA 19102 | Craig R. Maki<br>SELMAN & BREITMAS LLP<br>11766 Wilshire Blvd., 6th Floor<br>Los Angeles, CA 90025-6538 | James K. Weston II<br>TOM RILEY LAW FIRM<br>4040 First Ave, N.E.<br>P. O. Box 998<br>Cedar Rapids, IA 52406 |
| Ellen B. Furman<br>GOLDFEIN & HOSMER<br>1600 Market Street, 33rd Floor<br>Philadelphia, PA 19103 | Ronald L. Motley<br>MOTLEY RICE LLC<br>P. O. Box 1792<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 | |
| Katherine Paige Gardiner<br>SEDGWICK DETERT MORAN & ARNOLD LLP<br>One Market Plaza, Steuart Tower, 8th Flr.<br>San Francisco, CA 94105 | John J. Repcheck<br>MARKS O'NEILL O'BRIEN & COURTNEY PC<br>Gulf Tower, Suite 2600<br>707 Grant Street<br>Pittsburgh, PA 15219 | |
| Julia A. Gowin<br>PALMIERI, TYLER, WIENER, WILHELM & WALDRON LLP<br>2603 Main Street, East Tower – Suite 1300<br>Irvine, CA 92614-4281 | John D. Roven<br>ROVEN-KAPLAN LLP<br>2190 North Loop West, Suite 410<br>Houston, TX 77018 | |

1