MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 4 2008

FILED
CLERK'S OFFICE

**PLEADING NO. 5513**

# BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

**In re ASBESTOS PRODUCTS
LIAIBLITY LITIGATION (No. VI)**          **MDL Docket No. 875**

---

| | |
|---|---|
| **WILLIAM W. BUSSEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 2:08cv9367** |
| | )     **From the United States District Court,** |
| | )     **Eastern District of Virginia** |
| **BUFFALO PUMPS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## VIAD CORP'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant Viad Corp, by counsel, pursuant to Rule 7.2 of the Rules of Procedure of the

Judicial Panel on Multidistrict Litigation, states as follows for its opposition to the Plaintiff's

Motion to Vacate Conditional Transfer Order:

**OFFICIAL FILE COPY**

IMAGED AUG 4 2008

## ARGUMENT

The Plaintiff asserts essentially three grounds in support of his motion to vacate the Conditional Transfer Order entered June 17, 2008 ("CTO-310"). First, he contends that he is suffering from mesothelioma and will be prejudiced if CTO-310 is not vacated because he "is not likely to survive long enough to see his case adjudicated if it is transferred to the [MDL]." Plaintiff's Brief ¶ 2. Second, he argues that it would be a waste of judicial resources to transfer the case without first having his remand motion heard. Plaintiff's Brief ¶¶ 18-21. Third, he contends that, because the district court has assigned a different case number to each of the three Notices of Removal that were filed, and only one of the three (the case assigned to Viad's Notice of Removal, 2:08cv9367) is the subject of CTO-310, this Panel should not transfer the one case and leave the others pending. Plaintiff's Brief ¶ 22. None of these grounds justifies vacating CTO-310.

Whether the Plaintiff is suffering from mesothelioma or some other asbestos disease should be immaterial to this Panel's decision whether to vacate CTO-310. As the Panel repeatedly has held, such arguments were considered and rejected at the outset in determining to centralize all pending federal asbestos personal injury cases not then in trial. See June 6, 2008 Transfer Order, *In Re: Asbestos Products Liability Litigation (No. VI)*, MDL No. 875 (attached as Exhibit A):

> [D]istinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status . . . , the docket condition of any specific federal district, [or] the stage of pretrial proceedings . . . were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.

June 6, 2008 Transfer Order at 1-2 (Exhibit A) (footnotes omitted). See also April 8, 2008 Transfer Order, *In Re: Asbestos Products Liability Litigation (No. VI)*, MDL No. 875 (attached

as Exhibit B); February 8, 2008 Transfer Order, *In Re: Asbestos Products Liability Litigation (No. VI)*, MDL No. 875 (attached as Exhibit C).

Moreover, the Plaintiff nowhere represents that – even if the case is remanded – he will survive to testify at trial in state court. Indeed, accepting the Plaintiff's representation that he was diagnosed with mesothelioma in October 2007, Plaintiff's Brief ¶ 1, there is no reason to believe that a timely trial would have been scheduled in state court even if the case had never been removed. See Plaintiff's Brief ¶ 13 (noting substantial medical doubt that mesothelioma claimants will survive beyond six months). Thus, the Plaintiff's argument that this Panel's refusal to vacate CTO-310 will somehow prejudice his ability to "have his day in court" is disingenuous.

Plaintiff's second argument – that it will be judicially inefficient to transfer the case to the MDL before his remand motion is heard – also fails. As noted above, this Panel has specifically held that the pendency of a motion to remand should not result in the denial or delay of transfer. That is because a transferor court "wishing to address such motions ha[s] adequate time in which to do so. . . ." June 6, 2008 Transfer Order at 1-2 n.2. The transferee court, of course, is equally capable of ruling on any motion to remand. And given that the issue of appropriateness of federal officer removal in asbestos cases is likely to recur, the transferee court is arguably in a better position to resolve the issue dispositively than any single transferor court.

Finally, the Plaintiff points out that the removal of his state court case by three different defendants has resulted in the district court's opening three separate cases and assigning each a different case number. Because only the first removed case is currently subject to CTO-310, the Plaintiff argues, the Panel should leave all three cases in the transferor court.

Procedurally, it is doubtful that any but the first removal of the state action has any legal effect. That is because the state court is deprived of jurisdiction to act in the case once the

3

appropriate removal notice is filed.  See 28 U.S.C. § 1446(d) (after removal, "the State court shall proceed no further unless and until the case is remanded.").  In a sense then, there are no further proceedings to "remove" once the first removal notice is filed.[1]

To resolve any doubt, the Panel should include the other two pending actions (*William Bussey v. Buffalo Pumps, Inc., et al.,* C.A. No. 2:08cv9376 (E.D. Va.) and *William Bussey v. Buffalo Pumps, Inc., et al.,* C.A. No. 2:08cv9378 (E.D. Va.)) in the next Conditional Transfer Order.

## CONCLUSION

To summarize, neither the contention that the Plaintiff is suffering from mesothelioma nor the fact that he has pending a motion to remand the case to state court make this case any different from many others already transferred to the MDL.  This Panel considered and rejected those factors as a basis for treating one asbestos case different from another in setting up the original parameters of MDL No. 875.  The fact that the district court saw fit to open three cases rather than one should have no bearing on transfer either.  The proper procedure is to add the other two cases to the MDL at the next opportunity.

---

[1]   In any case, the Plaintiff should not be heard to complain that only one of the three federal cases is being transferred.  As two different courts will then have before it his motion to remand, the resolution of that motion can only be accelerated.

Respectfully submitted,

VIAD CORP

8-1-08
_____
Date

_____
K. Reed Mayo
Virginia State Bar #26601
REED MAYO LAW FIRM, P.C.
484 Viking Drive, Suite 130
Virginia Beach, Virginia 23452
Tel:    (757) 648-1376
Fax:    (757) 648-1379
*Counsel for Viad Corp*

RECEIVED
CLERK'S OFFICE

2008 AUG -4 A 9: 48

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG − 4 2008

## **CERTIFICATE OF SERVICE**

FILED
CLERK'S OFFICE

I hereby certify that on August 1, 2008, I served a copy of the foregoing upon all counsel

of record appearing on the Panel Service List (excerpted from CTO-310) and counsel listed

below via U.S. Mail:

Jeffrey S. Poretz, Esq.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102-3833
*Counsel for Buffalo Pumps, Inc.*

George J. Dancigers, Esq.
J. Brian Slaughter, Esq.
McKenry, Dancigers, Dawson & Lake, P.C.
192 Ballard Court, Suite 400
Virginia Beach, VA 23462
*Counsel for Waco, Inc.*

Laura Cabutto, Esq.
SIMON, EDDINS, & GREENSTONE, LLP
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
*Counsel for Plaintiff*

Henry N. Ware, Jr., Esq.
SPOTTS FAIN PC
411 E. Franklin St.
P.O. Box 1555
Richmond, VA 23218
*Counsel for CBS Corporation*

K. Reed Mayo

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                        MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-310)

William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9367

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Kenneth Reed Mayo
HUNTON & WILLIAMS LLP
484 Viking Drive, Suite 130
Virginia Beach, VA 23452

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Michael G. Phelan
BUTLER PAPPAS & SKILLING
100 Shockoe Slip, 4th Floor
Richmond, VA 23219

John J. Repcheck
MARKS O'NEILL O'BRIEN &
COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
2100 One Cleveland Center
1375 E. Ninth Street
Cleveland, OH 44114

Neil Selman
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, 6th Fl.
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW
FIRM PC
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226-4192

Anthony Berardo Taddeo Jr.
JUNKER TADDEO & STURM
3 West Cary Street
Richmond, VA 23220

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jun 06, 2008**

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                    MDL No. 875

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in eight actions listed on Schedule A and pending in the Central District of California (three actions), Southern District of California, Middle District of Florida, Southern District of Florida (two actions), and District of Rhode Island, respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status,

---

[*]    Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the Central District of California *Dyer*, Southern District of Florida *Marley* and *Papp*, and District of Rhode Island *Kortekamp* actions.

[1]    Foster Wheeler Energy Corp. (with respect to the Central District of California *Dyer* and *Munn* actions and the Southern District of California *Ball* action); Viad Corp. (with respect to the Central District of California *Munn* actions and the Southern District of Florida *Marley* and *Papp* actions); Lorillard Tobacco Co. (with respect to the Middle District of Florida *Krause* action); Elliott Turbomachinery Co., Inc. (with respect to the Southern District of Florida *Marley* action); and General Electric Co. (with respect to the District of Rhode Island *Kortekamp* action).

[2]    Certain plaintiffs argue that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a
(continued...)

EXHIBIT
*A*

- 2 -

the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.[3]  We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of June 2, 2008, (1) over 77,000 actions have been closed in the transferee district, and (2) over 1,375 actions or claims therein have been returned to their originating transferor districts.  To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.[4]  *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.  We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these eight actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the

---

[2](...continued)
practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

[3]   We have also previously rejected the contention, which is again raised by plaintiffs in the three Florida actions here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." *In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001).

[4]   We note, for example, that on May 7, 2008, we remanded, on the transferee court's suggestion, an Eastern District of Louisiana action that had been transferred to the MDL – over the plaintiff's objection – only in October of last year. *See Leigh Cole, Sr. v. Northrop Grumman Ship Systems, Inc., et al.*, C.A. No. 2:07-3049.  Although the number of Section 1407 remands in MDL No. 875 is proportionately small, this is only because under the transferee court's stewardship, the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings. *See In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d at 1349-50.

- 3 -

Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____

D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | J. Frederick Motz[*] |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**                                    MDL No. 875

## SCHEDULE A

### Central District of California

Jerry Dyer, et al. v. Alfa-Laval, Inc., et al., C.A. No. 2:07-7959
Ted Munn, et al. v. CLA-VAL Co., et al., C.A. No. 2:08-248
Ted Munn, et al. v. CLA-VAL Co., et al., C.A. No. 2:08-282

### Southern District of California

Rodney C. Ball, et al. v. Union Carbide Corp., et al., C.A. No. 3:07-2392

### Middle District of Florida

Phyllis Krause, etc. v. Bondex International, Inc., et al., C.A. No. 8:07-1954

### Southern District of Florida

Charles G. Papp, et al. v. Alfa Laval, Inc., et al., C.A. No. 0:07-61827
David A. Marley, et al. v. Elliott Turbomachinery Co., Inc., et al., C.A. No. 1:07-23042

### District of Rhode Island

Todd Kortekamp, et al. v. 3M Co., et al., C.A. No. 1:08-43

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**Apr 08, 2008**

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MDL No. 875

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in five actions listed on Schedule A and pending in the District of Connecticut, Northern District of Illinois, District of Maryland (two actions), and District of New Jersey, respectively,[1] have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[2] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the

---

[*]       Judges Heyburn and Scirica took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut *Contois*, Northern District of Illinois *Harris*, and District of Maryland *Boyd* and *McCurdy* actions.

[1]       Plaintiffs in a sixth action that was pending in the Southern District of Illinois, *Sether, et al. v. AGCO Corp., et al.*, C.A. No. 3:07-809, also moved to vacate the respective portion of our order conditionally transferring that action to MDL No. 875. Although we considered that motion at our March 2008 hearing session, we have since been informed that *Sether* has been remanded to Illinois state court. Accordingly, the issue of Section 1407 transfer with respect to *Sether* is moot.

[2]       General Electric Co. and Buffalo Pumps, Inc. (in the District of Connecticut action); Viad Corp. (in the Northern District of Illinois action); Garlock Sealing Technologies, LLC, and Greene, Tweed & Co. (in the District of Maryland *McCurdy* action); and Agilent Technologies, Inc., and Hewlett-Packard Co. (in the District of New Jersey action).



**EXHIBIT**
B

- 2 -

type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.[3] We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of March 31, 2008, (1) over 76,450 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transfer districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman[*]      J. Frederick Motz[*]
Robert L. Miller, Jr.                Kathryn H. Vratil
David R. Hansen                      Anthony J. Scirica[*]

---

[3]   We have also previously rejected the contention, which is again raised by plaintiff in the District of Connecticut Contois action here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." In re Asbestos Products Liability Litigation (No. VI), 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001).

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (No. VI)**                                         MDL No. 875

## SCHEDULE A

<u>District of Connecticut</u>

Laura Contois, etc. v. Able Industries, Inc., et al., C.A. No. 3:07-1328


<u>Northern District of Illinois</u>

Mary Ellen Harris, etc. v. Rapid-American Corp., et al., C.A. No. 1:07-6055


<u>District of Maryland</u>

Michael J. McCurdy, et al. v. John Crane-Houdaille, Inc., et al., C.A. No. 1:07-2681
Dorothy Boyd, etc. v. MCIC, Inc., et al., C.A. No. 1:07-3311


<u>District of New Jersey</u>

Ruth Shamir, etc. v. Agilent Technologies, Inc., et al., C.A. No. 2:07-4185

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 08, 2008**

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                  MDL No. 875

**TRANSFER ORDER**

 **Before the entire Panel**[*]: Plaintiffs in five actions listed on Schedule A and pending in the District of Connecticut, Eastern District of Louisiana, District of Maryland, Southern District of New York, and Western District of Washington, respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

 After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

---

[*] Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut *Machnik* and District of Maryland *Shifflett* actions.

[1] General Electric Co. and Viad Corp. (in the District of Connecticut action); Certainteed Corp. (in the Eastern District of Louisiana action); CBS Corp. and Federated Development, L.L.C. (in the District of Maryland action); Baxter Healthcare Corp., Fisher Scientific International Inc., VWR International, Inc., and Univar USA Inc. (in the Southern District of New York action); and AstenJohnson, Inc., and Scapa Dryer Fabrics, Inc. (in the Western District of Washington action).



- 2 -

Under the stewardship of the transferee court, as of February 1, 2008, (1) over 76,400 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*      J. Frederick Motz*
Robert L. Miller, Jr.                       Kathryn H. Vratil
David R. Hansen                           Anthony J. Scirica

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**                                     MDL No. 875

## SCHEDULE A

District of Connecticut

Elizabeth Machnik, etc. v. Buffalo Pumps, Inc., et al., C.A. No. 3:07-357

Eastern District of Louisiana

Fernando Agusto Silva v. CertainTeed Corp., et al., C.A. No. 2:07-6259

District of Maryland

Lewis Shifflett, et al. v. AC&R Insulation Co., Inc., et al., C.A. No. 1:07-2397

Southern District of New York

Christian Holinka v. Baxter Healthcare Corp., et al., C.A. No. 1:07-8019

Western District of Washington

Henry Barabin, et al. v. Albany International Corp., et al., C.A. No. 2:07-1454