MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 5 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASPESTOS PRODUCT LIABILITY
LITIGATION (NO. VI)                                   MDL No. 875

| | |
|---|---|
| WILLIAM W. BUSSEY, | Civil Action No. 2:08-cv-09367-JBF |
| Plaintiff, | |
| v. | From the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION (Removed on May 27, 2008, from the Circuit Court for the City of Portsmouth, Case No. CL08-950) |
| BUFFALO PUMPS, INC., et. al., | |
| Defendants. | |

PLEADING NO. 5521

## DEFENDANT GENERAL ELECTRIC COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant, General Electric Company ("GE"), by counsel, submits this brief in opposition to Plaintiff's Motion and Brief to Vacate the Conditional Transfer Order filed herein. Contrary to Plaintiff's arguments, the Transferee Court has the ability and authority to decide Plaintiff's Motion to Remand, without unfair prejudice to Plaintiff or unnecessary waste of judicial resources, and Plaintiff's motion should therefore be denied, as further set forth below.

### STATEMENT OF FACTS

1. This is an asbestos case in which Plaintiff, William Bussey, alleges he developed malignant mesothelioma as a result of exposure to asbestos allegedly associated with GE "turbines and generators" while serving in the United States Navy from 1960 to 1964 during his time aboard two World War II-era destroyers, the *U.S.S.*

OFFICIAL FILE COPY   IMAGED AUG 6 2008

*Massey* (DD-778) and the *U.S.S. Meredith* (DD-880), both of which were constructed in 1944-1945. *See* Complaint, ¶ 2, 19. Plaintiff claims GE violated its state law duties and was negligent in failing to warn Plaintiff of hazards associated with asbestos, and therefore, that the GE turbines and generators were defective. *See* Complaint, ¶¶ 18-25.

2. Plaintiff filed his state law Complaint against GE (and other defendants) in the Circuit Court for the City of Portsmouth on April 29, 2008. On May 27, 2008, one of the defendants, Viad Corporation ("Viad"), removed this action to the United States District Court for the Eastern District of Virginia. On June 4, 2008, GE timely filed its Notice of Removal in the Eastern District of Virginia, along with a Notice of Joinder of Removal, in which GE joined in the Notice of Removal filed by Viad Corporation. Both Viad and GE based their Notices of Removal on 28 U.S.C. § 1442 (a)(1), the "federal officer" removal statute. Unlike removals based on diversity of citizenship, consent or joinder of other defendants in removal on these grounds is not required pursuant to 28 U.S.C. §1442(a). On June 23, 2008, Plaintiff filed his "Emergency Motion to Remand" with the Eastern District of Virginia arguing that the removal was improper as not meeting the requirements of 28 U.S.C. §1442(a).

3. On June 17, 2008, the Judicial Panel on Multidistrict Litigation ("the Judicial Panel") issued a Conditional Transfer Order, which established that this action would be transferred to MDL-875 in the Eastern District of Pennsylvania on or about July 2, 2008. On July 16, 2008, Plaintiff objected to the transfer and moved the Judicial Panel to vacate the Conditional Transfer Order.

2

4.     GE respectfully requests the Judicial Panel to deny Plaintiff's motion, and permit this action to be transferred to MDL-875 in accordance with the provisions of the Conditional Transfer Order.

## ARGUMENT

### I. Plaintiff is Currently Pursuing Over 40 Defendants for the Very Same Injuries in State Court, Therefore, Plaintiff's Claim that a Transfer of the Instant Case to MDL-875 Will Extinguish His "Right" to Appear Live at Trial is False.

Plaintiff argues that the Judicial Panel should vacate its Conditional Transfer Order because it would deny Plaintiff the opportunity to "survive to have his day in court" if the case were transferred to the Transferee Court. Plaintiff's contention is misplaced for several reasons.

First, Plaintiff, William Bussey, failed to disclose to the Judicial Panel in his opposition brief that he had filed another asbestos personal injury action against more than 40 other defendants, which is currently pending in the Circuit Court for the City of Portsmouth ("the State Court action")[1]. Instead, Plaintiff represented to the Judicial Panel that he will not live to see trial as a result of the Conditional Transfer Order. This representation certainly is not accurate. Plaintiff is presently pursuing more than 40 other defendants for the same exact alleged injuries, and Plaintiff may very well live to see a trial against those 40-plus defendants, regardless of whether the case is transferred to the MDL-875.

Indeed, it appears Plaintiff planned for removal of the instant case to federal court because he filed two separate asbestos personal injury cases in state court – one suit

---

[1] That action, William W. Bussey v. Alfa Laval, Inc., et al. Law No. CL08-1026, is currently pending in the Circuit Court for the City of Portsmouth.

3

against the defendants who traditionally remove cases on federal officer grounds, and one suit against the 40-plus defendants who traditionally do not. Apparently, Plaintiff desired to continue pursuing those 40-plus defendants in state court, while the removed case is pending in MDL-875. Indeed, Plaintiff has continued pursuing those defendants in state court, as Mr. Bussey's discovery and trial preservation depositions concluded on July 29, 2008.[2]

Plaintiff claims prejudice based on Plaintiff's "right" to "survive to have his day in court" while noting that his life expectancy (of a person diagnosed with mesothelioma) is measured "in months, not years." However, during the nearly three months that the State Court action has been pending (since May 8, 2008), Plaintiff has never even asked the Portsmouth Circuit Court to issue a trial date for the pending 40-plus defendant case. Certainly, Plaintiff cannot reasonably claim prejudice to a right that Plaintiff himself has failed to protect.

Plaintiff further claims that "there is **a chance** that Mr. Bussey will be able to have his case heard … in state court before the end of the year." However, notwithstanding the fact that Plaintiff has never even asked for a trial date, Plaintiff grossly misunderstands and misrepresents the Portsmouth Circuit Court docket. The most recent asbestos cases that the Portsmouth Circuit Court set for trial occurred in April 2007, which at that time set the trials for September 2009 (Johnson) and October 2009 (Younce). Over a year has passed since then, therefore, it is reasonable to assume that the State Court action will not be tried until at least late 2010, over two years from now (and three years post-diagnosis for a 67 year-old man, who currently requires oxygen).

---

[2] It should also be noted that Plaintiff's videotaped discovery and trial preservation depositions in both the State Court action and in the instant federal case have been completed.

The fact is Plaintiff's "right" to "survive to see trial" argument is a red herring. In reality, regardless of what occurs on the transfer and remand motions in the instant case, Plaintiff is presently one year post-diagnosis and Plaintiff's odds of surviving three years post-diagnosis for a trial (when in Plaintiff's own words his life span is "measured in months, not years") are next to zero.

II. **Plaintiff's sole reliance on *Vasura* to support a transfer is misguided because that was a case where federal diversity jurisdiction clearly never existed and the district court requested permission of the Judicial Panel to permit it to *sua sponte* remand.**

Plaintiff cites *Vasura v. ACandS, Inc.*, 84 F.Supp.2d 531 (2nd Cir. 1990) for the proposition that the Judicial Panel could or should vacate its Conditional Transfer Order, however, this reliance is inapposite for several reasons.

First, the issue decided in *Vasura* was whether diversity jurisdiction existed to support the defendants' removal to federal court.[3] In that case, it was undisputed that no diversity of citizenship existed at the time of removal. In other words, *Vasura* was a case where it was undisputed that federal court did not have jurisdiction.

Second, the plaintiff in *Vasura* did not even ask the Panel to vacate its Conditional Transfer Order. Instead, it was the Transferor Court, realizing that jurisdiction did not exist, who contacted the Judicial Panel and inquired whether it could hear and decide the remand *sua sponte*. The Judicial Panel then vacated its conditional transfer order because it was clear that no federal diversity jurisdiction existed.

---

[3] In Vasura, the issue to be decided by the court was whether a case, which lacked diversity at the time of removal, could remain in federal court when the non-diverse defendant was dismissed after removal.

Of course, the case at bar is not one where jurisdiction clearly does not lie, such as existed in *Vasura*. The issue to be decided is whether GE (and other defendants) have made out a colorable claim to support federal officer removal pursuant to 28 U.S.C. § 1442(a)(1). In fact, contrary to the clear cut issue of no diversity presented in *Vasura*, the great weight of recent well-reasoned federal decisions in analogous factual situations and on essentially identical proffered evidence as GE presented in this case, have held that a sufficient showing to support federal officer removal had been made (including making a colorable government contractor defense) and have denied remand.

### III.   Other Multidistrict Litigation Panels Have Correctly Transferred Cases Where Remand Motions are Pending Because the Transferee Court's Familiarity Permits Expeditious Resolution of the Litigation as a Whole.

Other multidistrict litigation panels have permitted cases to be transferred to their respective transferee courts for the purpose of having motions to remand heard and decided. In the case of *In re Crown Life Insurance Company Premium Litigation*, 178 F.Supp.2d 1365 (MDL No. 1096, 2001), the Judicial Panel on Multidistrict Litigation for MDL 1096 held that its transfer order should not be vacated on motion by the plaintiffs in a life insurance sales practices action because the issues presented in that case involved "common questions of fact with actions in this litigation previously transferred..." *Id.* at 1366. The panel further held that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole. We note that any anticipated motion to remand this action to Alabama state court can be presented to and decided by the transferee judge." *Id.* at 1366.

The case of *In re Ivy,* 901 F.2d 7 (2nd Cir. 1990)[4], which involved Agent Orange litigation, is instructive here. In that case, plaintiffs sued various chemical companies in state court in Texas, alleging injury from exposure to herbicides during the conflict in Vietnam. The defendants removed the case to the United States District Court for the Eastern District of Texas, and the Panel issued a Conditional Transfer Order which would move the case to the United States District Court for the Eastern District of New York, to be part of MDL No. 381. As in the instant case, the plaintiffs in *In re Ivy* filed a motion to vacate the Panel's Conditional Transfer Order, and also moved the District Court in Texas to remand the action back to state court.

After a hearing, the Panel denied the plaintiffs' motion to vacate the Conditional Transfer Order, basing its decision on findings that transfer to the MDL "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re Ivy,* 902 F.2d at 8. After the case was transferred to the MDL, the plaintiffs moved for a writ of mandamus from the Second Circuit instructing the Panel to vacate its Conditional Transfer Order on the grounds that the Panel lacked authority to transfer the case if the federal courts lacked jurisdiction. The Second Circuit held that "the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court." *In re Ivy,* 902 F.2d at 9 (internal citation omitted). The Second Circuit further explained that such a transfer was appropriate, because "[o]nce transferred, the jurisdictional objections can be heard and

---

[4] Numerous courts have cited and relied on *Ivy* for the proposition that the Panel has the authority to transfer a case in which a motion to remand to state court is pending. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation,* 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc,* 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Myers v. Bayer,* 143 F.Supp.2d 1044, 1047 (E.D. Wis. 2001); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.,* 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

7

resolved by a single court and reviewed at the appellate level in due course." *In re Ivy*, 901 F.2d at 9.

MDL-875 may be particularly suited to decide whether that removal was proper, because it has long experience in handling asbestos personal injury cases such as the instant action, and is intimately familiar with the issues, claims and defenses raised in these cases, including those implicated in federal officer removals.

### IV. Plaintiff Failed to Demonstrate Any Substantial Need, Unfair Prejudice, or Waste of Judicial Resources that Would Result from the Transfer to MDL-875.

Plaintiff has failed to demonstrate any undue delay or unfair prejudice that would arise from permitting this action to be transferred to MDL-875 (and permitting the Transferee Court to hear and adjudicate Plaintiff's Motion for Remand). Instead, Plaintiff argues that he will be "substantially prejudiced" if the Conditional Transfer Order is not vacated, claiming that "there is a chance" that, *if* the Conditional Transfer Order is vacated, and *if* the Transferor Court remands this action to the Circuit Court for the City of Portsmouth, and *if* the Circuit Court for the City of Portsmouth assigns this action to the same trial date as Plaintiff's State Court Action, and *if* that trial date is before the end of 2008 (less than 5 months from now), Plaintiff *may* be able to have his case heard against all defendants before the end of the year. Plaintiff's stated desire to have a single trial against all defendants does not fit with Plaintiff's actions in filing duplicate actions against disparate groups of defendants in the same state court, suing for the same indivisible injury, and on the same theories, in both cases. Further, Plaintiff's allegation that transfer to MDL-875 would effectively deny his day in court simply does

not comport with the fact that there is an long string of *possibilities* that would need to materialize before such a trial could take place—it is far from a certainty, or even a probability, that all of these possible variables would fall into place to permit such a trial in such a short time.[5]

Plaintiff's contention that "justice delayed is justice denied" overlooks the fact that MDL-875 is equipped and qualified to hear and adjudicate his Motion to Remand, and presumes without any basis that MDL-875 will not appropriately adjudicate his Motion to Remand. Indeed, Plaintiff has not cited any support for his contention that the MDL-875 will be unable to hear and decide Plaintiff's motion in a timely fashion.

Plaintiff states that he only seeks a "timely ruling" on his motion for remand, but offers no support for his contention that he would be unable to obtain such a ruling before MDL-875. Plaintiff likewise offers no support for the naked assertion that the Transferor Court "is in the best position to rule on whether the case properly belongs in Federal Court" *See* Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order, at Para. 18. Plaintiff points to no particular expertise or experience possessed by the Transferor Court that is lacking in the Transferee Court. Indeed, it would seem that the Transferee Court, having dealt with a greater number of asbestos personal injury cases, would have an equal or greater depth of experience and knowledge on the applicability of federal officer jurisdiction.

Likewise, Plaintiff's argument that transferring this action to the Transferee Court would increase the burden on MDL-875 and its staff, and would force the parties to

---

[5] Plaintiff's counsel, while professing to want a single trial (in state court) against all defendants, has in the past opposed consolidation of cases involving the same plaintiff, in the same court, alleging the same injury, but which involve "removing defendants" who are likely to invoke federal officer jurisdiction and "non-removing defendants" who historically do not do so.

9

expend time and resources "participating in MDL-875 procedures" is similarly unavailing. Plaintiff's position appears to be that this case should not proceed in federal court without "confirmation of jurisdiction", but he articulates no authority in support of such a position. In fact, the holding in *In re Ivy* states the exact opposite: "the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court." 902 F.2d at 9.

### V. The Existence of Three Case Numbers for this Action is Not Grounds for Vacating the Conditional Transfer Order in This Action, as All Defendants are Properly Before the Court in the Present Case.

Plaintiff's last assertion is that the existence of multiple case numbers in this action, assigned based on the removals filed by three defendants on federal officer grounds, would somehow "create confusion regarding the jurisdictional capacity of the MDL panel, the transferee court, and the transferor court." However, Plaintiff is unable to articulate any example of any such confusion. Furthermore, each of the three case numbers assigned to this action, given by the Clerk of the Eastern District of Virginia, represent the removals of the same state court action, on the same federal officer removal grounds, by different defendants. It is reasonable to assume that these other case numbers will be transferred to MDL-875 with the next Conditional Transfer Order, and that all three actions will be consolidated by the Transferee Court once the transfer is completed.

## CONCLUSION

For those reasons, and for the other reasons discussed above, it is respectfully submitted that the Court should deny Plaintiff's Motion to Vacate the Conditional Transfer Order, and award defendant GE such other and further relief as is deemed just and proper.

Respectfully submitted,

**GENERAL ELECTRIC COMPANY**

By: _____
Of Counsel

Thomas C. Junker, Esquire (VSB No. 29928)
Anthony B. Taddeo, Jr., Esquire (VSB No. 70677)
David M. Sturm, Esquire (VSB No. 44580)
Matthew D. Joss, Esquire (VSB No. 48434)
JUNKER, TADDEO & STURM, PLC
3 West Cary Street
Richmond, Virginia 23220
(804) 344-8540 (Telephone)
(804) 344-8541 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant General Electric Company's Response to Plaintiff's Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via first class mail, postage prepaid on this 4th day of August, 2008.

_____
Matthew D. Joss, Esquire

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                           MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-310)

William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9367

Richard C. Binzley
THOMPSON HINE LP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
GALLAGHER SHARP FULTON
& NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

David A. Damico
BURNS WHITE & HICKTON
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
FORCENO GOGGIN
& KELLER
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Kenneth Reed Mayo
HUNTON & WILLIAMS LLP
484 Viking Drive, Suite 130
Virginia Beach, VA 23452

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Michael G. Phelan
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip, 4th Floor
Richmond, VA 23219

John J. Repcheck
MARKS O'NEILL O'BRIEN &
COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
2100 One Cleveland Center
1375 E. Ninth Street
Cleveland, OH 44114

Neil Selman
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, 6th Fl.
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW
FIRM PC
1370 Penobscot Building
645 Griswold Street
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226-4192

Anthony Berardo Taddeo Jr.
JUNKER TADDEO & STURM
3 West Cary Street
Richmond, VA 23220

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**Panel Service List – Continued**

Jeffrey Poretz
Miles & Stockbridge
1751 Pinnacle Drive, Suite 500
McLean, VA 22102


George Dancigers
McKenry, Dancigers, Dawson & Lake
192 Ballard Court, Suite 400
Virginia Beach, VA 23462