MDL 875

Edward R. Hugo [Bar No. 124839]
ehugo@bhplaw.com
James C. Parker [Bar No. 106149]
jparker@bhplaw.com
Thomas J. Moses [Bar No. 116002]
tmoses@bhplaw.com
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0333

Attorneys for Defendant
FOSTER WHEELER ENERGY CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 7 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL Docket No. 875 |

This Document Also Relates to:

CBS CORPORATION f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION); CLA-VAL CO.; FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; HENRY TECHNOLOGIES, INC. (sued individually and as successor-in-interest to HENRY VALVE CO.); VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); and DOES 1-450 INCLUSIVE,

Case No. CV08-3133 GPS

**DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 310**

I.   **INTRODUCTION**

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this Opposition to the Motion to Vacate Conditional Transfer Order 310 ("CTO-310") filed by Plaintiffs in the case of ALLEN CHRISTIANSEN and KATHLEEN CHRISTIANSEN CV08-3133GPS (C.D.Cal.). The Judicial Panel on Multidistrict Litigation's (the "Panel")

1
OFFICIAL FILE COPY   IMAGED AUG 7 2008
BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 310

CTO-310 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-310.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).) Although Plaintiffs have filed a motion to remand in this case, it has not been heard by the district court, but can just as easily be decided by the MDL Panel after transfer.

Foster Wheeler contends that the only factual issues germane to CTO-310 are already known and stated in Plaintiffs' motion. Namely, it is contended that Plaintiff Allen Christiansen contracted mesothelioma as a result of his exposure to asbestos. (Plaintiff's Memorandum In Support of Motion To Vacate, at p. 1.) This is exactly the type of asbestos personal injury case that should be transferred to MDL-875. The threat of a jurisdictional objection does not change this fact. Since any motion filed by Plaintiffs could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny Plaintiffs' Motion to Vacate.

II. **TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.**

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 310

heard by a single court. Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

### A. The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs*, 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case even if a motion to remand to state court is pending. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

Even the pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. While the existence of a pending motion in this case would not, in any event, mandate a

3

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 310

return of this case to the district court, this is no longer an issue in this case, as District Court Judge Manuel L. Real *denied* Plaintiffs' Motion To Remand on August 4, 2008.

### B. Transfer Promotes Judicial Efficiency and Consistency.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, at *2 (E.D. La., February 24, 1995).)

In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. (*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).)

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. 111. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane*, 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.*, 340 F. Supp. 492

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 310

(D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. (See, e.g., *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation* (J.P.M.L. June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." (*In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).) In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.*, 2001 WL 980541, at *1 (J.P.ML. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); see also *In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

The Panel has the authority to transfer this even if Plaintiffs' motion to remand were still pending, because the transferee district is best positioned to handle such issues in a coordinated or consolidated manner.

Because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III.  CONCLUSION

Defendant FOSTER WHEELER ENERGY CORPORATION respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 310.

Respectfully submitted,

Dated: August 6, 2008

BRYDON HUGO & PARKER

By: _____
Edward R. Hugo
James C. Parker
Thomas J. Moses
Attorneys for Defendant
FOSTER WHEELER ENERGY CORPORATION

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

6

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 310

*Christiansen, Allen & Kathleen*
United States District Court Case No. CV08-3133 GPS

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 310

on the following:

See Attached Service List

- o   By transmitting electronically the document(s) listed above as set forth on the electronic service list on this date before 5:00 p.m.

- o   By transmitting via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

- X   By placing the document(s) listed above in a sealed envelope and placing the envelope for collection and mailing on the date below following the firm's ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

- o   By placing the document(s) listed above in a sealed envelope designated for Federal Express overnight delivery and depositing same with fees thereupon prepaid, in a facility regularly maintained by Federal Express, addressed as set forth above.

- o   By causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth above.

I declare under penalty of perjury that the above is true and correct. Executed on August 6, 2008, at San Francisco, California.

*Wanda D. Claudio*
Wanda D. Claudio

1

PROOF OF SERVICE

MDL Panel Service List
*Allen Christiansen, et al. v. CBS Corp., et al.* C.D. California CV08-3133

MDL. No. 875

| | |
|---|---|
| Brian P. Barrow<br>Simon, Eddins & Greenstone<br>301 E. Ocean Blvd., Suite 1950<br>Long Beach, CA 90802 | Keith M. Ameele<br>Foley & Mansfield<br>150 South Robles Avenue, Suite 400<br>Pasadena, CA 91101 |
| Richard C. Binzley<br>Thompson Hine<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44115 | Edward J. Cass<br>Gallagher Sharp Fulton & Norman<br>Bulkley Building, 7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH 44115 |
| Adam M. Chud<br>Goodwin Procter<br>901 New York Avenue, N.W.<br>Washington, DC 20001 | David A. Damico<br>Burns White & Hickton<br>Fourth Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA 19102 |
| Raymond P. Forceno<br>Forcena Goggin & Keller<br>1528 Walnut Street<br>Philadelphia, PA 19102 | Ellen B. Furman<br>Goldfein & Hosmer<br>1600 Market Street, 33rd Floor<br>Philadelphia, PA 19103 |
| Katherine P. Gardiner<br>Sedgwick Detert Moran & Arnold<br>One Market Plaza, Steuart Tower 8th Fl.<br>San Francisco, CA 94105 | Julia A. Gowin<br>Palmieri, Tyler, Weiner, Wilhelm & Waldron<br>2603 Main Street, East Tower, Suite 1300<br>Irvine, CA 92614-4281 |
| Susan M. Hansen<br>Brownson & Ballou<br>225 South Sixth Street, Suite 4800<br>Minneapolis, MN 55402 | Reginald S. Kramer<br>Oldham & Dowling<br>195 South Main Street, Suite 300<br>Akron, OH 44308-1314 |
| David C. Landin<br>Hunton & Williams<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Gene Locks<br>Locks Law Firm<br>1500 Walnut Street<br>Philadelphia, PA 19102 |

| | |
|---|---|
| Neil Selman<br>Craig R. Maki<br>Selman & Breitman<br>11766 Wilshire Blvd., 6th Floor<br>Los Angeles, CA 90025-6538 | Ronald L. Motley<br>Motley Rice<br>P.O. Box 1792<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 |
| John J. Repcheck<br>Marks O'Neil O'Brien & Courtney<br>Gulf Tower, Suite 2600<br>707 Grant Street<br>Pittsburgh, PA 15219 | John D. Roven<br>Roven-Kaplan<br>2190 North Loop West, Suite 410<br>Houston, TX 77018 |
| Richard D. Schuster<br>Vorys Sater Seymour & Pease<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216-1008 | Robert N. Spinelli<br>Kelley Jasons McGuire & Spinelli<br>Centre Square West, 15th Floor<br>Philadelphia, PA 19102 |
| Robert E. Swickle<br>Jaques Admiralty Law Firm<br>1370 Penobscot Building<br>645 Griswold Street<br>Detroit, MI 48226-4192 | Andrew J. Trevelise<br>Reed Smith<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |
| James K. Weston II<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 | |

Docket: 875 - IN RE: Asbestos Products Liability Litigation (No. VI)

Status: Transferred on 07/29/1991

Transferee District: PAE    Judge: Giles, James T.

Page 1

| Liaison Counsel<br>Firm/ Address | Phone<br>Fax | Email<br>Notes |
|---|---|---|
| **Angelos, Peter G.**<br>LAW OFFICES OF PETER G ANGELOS PC<br>One Charles Center<br>100 North Charles Street<br>22nd Floor<br>Baltimore, MD 21201 | (410) 649-2000<br>(410) 649-2111 | pangelos@LAWPGA.com<br>Joint Pltf. /Deft. Steering Committee replaces previous liasion counsel per Administrative Order 10 (tb) |
| **Black, Janet W.**<br>WARD BLACK PA<br>208 West Wendover Avenue<br>Greensboro, NC 27401-1307 | (336) 273-3812<br>(336) 379-9415 | jwblack@wardblacklaw.com |
| **Budd, Russell W.**<br>BARON & BUDD PC<br>3102 Oaklawn Avenue<br>Suite 1100<br>Dallas, TX 75219 | (214) 521-3605<br>(214) 520-1181 | attorneys@baronbudd.com |
| **Cooney, John D.**<br>COONEY & CONWAY<br>120 North LaSalle Street<br>Suite 3000<br>Chicago, IL 60602-2415 | (312) 236-6166<br>(312) 236-3029 | |
| **Jordan, Kevin M.**<br>BAKER BOTTS LLP<br>910 Louisiana<br>One Shell Plaza<br>Houston, TX 77002-4995 | (713) 229-1322<br>(713) 229-7722 | kevin.jordan@bakerbotts.com |
| **Kalish, Paul**<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2595 | (202) 624-2500<br>(202) 628-5116 | pkalish@crowell.com |
| **Kazan, Steven**<br>KAZAN MCCLAIN ABRAMS FERNANDEZ ET AL<br>171 Twelfth Street<br>Third Floor<br>Oakland, CA 94607 | (510) 302-1000<br>(510) 835-4913 | |
| **Kraus, Peter A.**<br>WATERS & KRAUS LLP<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas, TX 75204 | (214) 357-6244<br>(214) 357-7252 | |
| **Landin, David C.**<br>Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 East Byrd Street<br>Richmond, VA 23219-4074 | (804) 788-8200<br>(804) 877-8218 | DLandin@Hunton.com |
| **Lane, Roger B.**<br>LANE & GOSSETT<br>1601 Reynolds Street<br>Brunswick, GA 31520 | (912) 264-8296<br>(912) 265-3757 | attylane@bellsouth.net |
| **Mahoney, William F.**<br>SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD | (312) 645-7800<br>(312) 645-7711 | wmahoney@smsm.com |

| Liaison Counsel<br>Firm/ Address | Phone<br>Fax | Email<br>Notes |
|---|---|---|
| 233 South Wacker Drive<br>Suite 5500<br>Chicago, IL 60606 | | |
| **Malaby, Robert C.**<br>MALABY & BRADLEY<br>150 Broadway<br>Suite 600<br>New York, NY 10038 | (212) 791-0285<br>(212) 791-0286 | |
| **McShea, John P.**<br>MCSHEA TECCE PC<br>Mellon Bank Center<br>1717 Arch Street<br>28th Floor<br>Philadelphia, PA 19103 | (215) 599-0800<br>(215) 599-0888 | |
| **McWeeny, Philip**<br>SCHIFF HARDIN LLP<br>One Market Plaza<br>32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 | (415) 901-8795<br>(415) 901-8701 | pmcsweeney@schiffhardin.com |
| **Packer, Thomas A.**<br>GORDON & REES LLP<br>Embarcadero Center West<br>275 Battery Street<br>Suite 2000<br>San Francisco, CA 94111 | (415) 986-5900<br>(415) 986-8054 | tpacker@gordonrees.com |
| **Rice, Joseph F.**<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464 | (843) 216-9000<br>(843) 216-9450 | jrice@motleyrice.com |
| **Thornton, Michael P.**<br>THORNTON & NAUMES LLP<br>100 Summer Street<br>30th Floor<br>Boston, MA 02110 | (617) 720-1333<br>(617) 720-2445 | mthornton@tenlaw.com |
| **Watkins, Jr., Walter G.**<br>FORMAN PERRY WATKINS KRUTZ & TARDY PLLC<br>P.O. Box 22608<br>Jackson, MS 39225-2608 | (601) 960-8600<br>(601) 960-8613 | wwatkins@fpwk.com |