**MDL 875**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 19, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MDL No. 875

### TRANSFER ORDER

**Before the entire Panel**[*]: Certain defendants[1] in two actions pending in the Middle District of Alabama, and plaintiffs in actions pending in the Central District of California (four actions), Middle District of Georgia, Middle District of Louisiana (three actions), Eastern District of Texas, and Southern District of Texas, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding plaintiffs in the two Middle District of Alabama actions and responding defendants[2] in the other actions oppose the motions to vacate.

---

[*]  Although two of the Panel's five current members hold stock interests that would normally disqualify them under 28 U.S.C. § 455 from participating with respect to certain actions in this docket, the Panel invokes the Rule of Necessity to decide the motions to vacate with respect to those actions on the authority of, and for the reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1]  National Service Industries, Inc.; Owens-Illinois, Inc.; and Kaiser Gypsum Co. (with respect to the *Brown* action); and ITT Corp. f/k/a ITT Industries, Inc.; Bell & Gossett; Trane U.S., Inc., f/k/a American Standard, Inc.; The Lincoln Electric Co.; and Hobart Brothers Co. (with respect to the *Burnett* action).

[2]  Viad Corp. (with respect to Central District of California *Keleman, Oberstar,* and *Reaser*); General Electric Co. (with respect to *Reaser* and Middle District of Georgia *Bradshaw*); Volkswagen Group of America, Inc. (with respect to Central District of California *Kovary*); Aventis Cropscience USA, Inc.; A.W. Chesterton Co.; Borg-Warner Corp.; CBS Corp.; Certainteed Corp.; Chrysler, LLC; CNA Holdings, Inc.; Crane Co.; Crown, Cork & Seal Co., Inc.; Durabla Manufacturing Co.; ExxonMobil Corp.; Ford Motor Co.; Garlock Sealing Technologies, LLC; Georgia-Pacific, LLC; General Motors Corp.; John Crane, Inc.; Maremont Corp.; Metropolitan Life Insurance Co.; National Automotive Parts Association; National Service Industries, Inc.; Nissan North America, Inc.; SEPCO Corp.; Toyota Motor North America, Inc.; Union Carbide Corp.; Uniroyal Holding, Inc.; U.S. Rubber Co.; Vimasco Corp.; Volkswagen Group of America, Inc.; and Yarway Corp. (also with respect to Middle District of Georgia *Bradshaw*); Baton Rouge Marine Contractors, Inc., and P & O Ports Louisiana, Inc. (with respect to Middle District of Louisiana *Landess, Hackler,* and *Hackler*); Kelly-Springfield Tire Corp. (with respect to Eastern District of Texas *Barton*); and BP Amoco Chemical Co. (with respect to Southern District of Texas *Thomas*).

PLEADING NO. 5541

OFFICIAL FILE COPY
IMAGED AUG 2 0 2008

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[3] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of August 1, 2008, (1) over 77,025 actions have been closed in the transferee district, and (2) over 1,375 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these twelve actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

[3] Certain plaintiffs argue that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz          Robert L. Miller, Jr.
Kathryn H. Vratil          David R. Hansen

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                              MDL No. 875

## SCHEDULE A

### Middle District of Alabama

Daniel R. Brown, et al. v. Albany International, et al., C.A. No. 2:08-46
Othre E. Burnett, et al. v. Albany International Co., et al., C.A. No. 2:08-150

### Central District of California

Robert Oberstar, et al. v. CBS Corp., et al., C.A. No. 2:08-118
David Kelemen, et al. v. Buffalo Pumps, Inc., et al., C.A. No. 2:08-712
Robert Reaser, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al.,
    C.A. No. 2:08-1296
Louis Ted Kovary, et al. v. Honeywell International, Inc., et al., C.A. No. 2:08-2172

### Middle District of Georgia

Jake Bradshaw v. Aventis Cropscience USA, Inc., et al., C.A. No. 5:08-53

### Middle District of Louisiana

Michael T. Hackler, M.D. v. P & O Ports Louisiana, Inc., et al., C.A. No. 3:08-43
George Landess v. Baton Rouge Marine Contractors, Inc., et al., C.A. No. 3:08-81
Michael T. Hackler, M.D. v. Greater Baton Rouge Port Commission, et al., C.A. No. 3:08-82

### Eastern District of Texas

Lorene Barton v. Kelly-Springfield Tire Corp., C.A. No. 6:08-39

### Southern District of Texas

June Thomas, et al. v. BP Amoco Chemical Co., C.A. No. 3:08-26