MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS            :   MDL NO. 875
LIABILITY PRODUCTS LITIGATION (NO. VI)  :
                                    :

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARMANDO A. SAMMARTINO and THERESE   :
SAMMARTINO, his wife,               :
                                    :
            Plaintiffs,             :
                                    :
    v.                              :   Civil Action No. 08 0967 RJL
                                    :
                                    :
AC&R INSULATION CO., INC., et al.,  :
                                    :
            Defendants.             :
                                    :

PLEADING NO. 5554

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiff Therese Sammartino, by undersigned counsel, hereby moves the Panel to vacate the Conditional Transfer Order ("CTO-312") entered in this case. The grounds for this motion are set forth in the accompanying Memorandum in Support and are incorporated herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court vacate the Conditional Transfer Order.

**OFFICIAL FILE COPY**

IMAGED AUG 2 1 2008

Respectfully submitted,

*[signature]*

Daniel A. Brown
BROWN & GOULD, LLP
7700 Old Georgetown Road, Ste. 500
Bethesda, Maryland 20814
Tel: (301) 718-4548
Fax: (301) 718-8037
dbrown@brownandgould.com
Attorney for Plaintiff Therese Sammartino

*[Stamp: JUDICIAL PANEL ON MULTIDISTRICT LITIGATION / AUG 21 2008 / FILED / CLERK'S OFFICE]*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2008, true and correct copies of the Motion to Vacate the Conditional Transfer Order and Memorandum in Support have been served by U.S. Mail on all counsel on the attached Panel Service List.

*[signature]*

Daniel A. Brown

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-312)

Armando A. Sammartino, et al. v. AC& R Insulation Co., Inc., et al.,
D. District of Columbia, C.A. No. 1:08-967

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
One North Charles Street, Suite 2500
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Daniel A. Brown
BROWN & GOULD LLP
7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814-6204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

Scott Patrick Burns
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Katherine S. Duyer
GAVETT & DATT PC
15850 Crabbs Branch Way, Suite 180
Rockville, MD 20855

Richard L. Flax
LAW OFFICES OF
RICHARD L FLAX LLC
29 West Susquehanna Avenue
Suite 500
Baltimore, MD 21204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Steven Andrew Luxton
MORGAN LEWIS & BOCKIUS
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Neil J. MacDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, MD 20705-3166

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John A. McCauley
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202

Neil J. McDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park, Suite 500
11720 Beltsville Drive
Beltsville, MD 20705-3166

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

## MDL No. 875 - Panel Service List (Excerpted from CTO-312(Continued)

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Scott Hamilton Phillips
SEMMES BOWEN & SEMMES
25 South Charles Street
Suite 1400
Baltimore, MD 21201

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Robin Silver
MILES & STOCKBRIDGE
10 Light Street
Baltimore, MD 21202

Andrew J. Sloniewsky
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2008

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS : MDL NO. 875
LIABILITY PRODUCTS LITIGATION (NO. VI) :
:

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ARMANDO A. SAMMARTINO and THERESE :
SAMMARTINO, his wife,
:
Plaintiffs, :
:
v. : Civil Action No. 08 0967 RJL
:
:
AC&R INSULATION CO., INC., et al., :
:
Defendants. :
:

---

**MEMORANDUM IN SUPPORT OF**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Plaintiff, Therese Sammartino, hereby submits this Memorandum in Support of her Motion to Vacate the Conditional Transfer Order ("CTO-312") entered in this matter. This memorandum highlights the problems that exist when a motion to remand remains unresolved at the time of transfer to the Multi-District Litigation Number 875 ("MDL-875"). A failure to evaluate a challenge to federal removal jurisdiction as a threshold matter (i) conflicts with Supreme Court precedent, (ii) infringes on notions of due process and federalism, and (iii) runs afoul of 28 U.S.C. § 1407. Any transfer of this action should be stayed until the United States District Court for the District of Columbia rules on Plaintiff's pending motion to remand the case to state court.

I.  **Procedural Background**

Plaintiffs originally filed this action in the Superior Court of the District of Columbia on May 1, 2008. On or about June 5, 2008, Defendant Krafft-Murphy removed the case to the United States District Court for the District of Columbia, citing federal enclave jurisdiction as the basis for removal, despite a complete absence of any allegation in the Complaint supporting federal enclave removal. Thereafter, on July 7, 2008, Plaintiffs filed a motion to remand which lays out the facial and substantive defects with Defendant's removal of this case. An Opposition to the Motion to Remand was filed by Krafft-Murphy on July 17, and Plaintiffs replied on July 25. Thus, the matter has been fully briefed and is ripe for resolution by the U.S. District Court for the District of Columbia.

On June 12, 2008, this case was identified as a potential tag-along action to Multidistrict Litigation ("MDL") No. 875. Subsequently, on July 21, the Panel on Multidistrict Litigation issued a CTO, which sets forth the potential transfer of the case to the MDL No. 875. Plaintiff timely filed her Notice of Opposition to the CTO on August 4.

Mr. Sammartino died of mesothelioma on July 29, 2008. A Suggestion of Death was filed with the U.S. District Court for the District of Columbia on July 30, 2008. A Consent Motion to Substitute Mrs. Sammartino as Plaintiff in lieu of Mr. Sammartino was filed on August 5, 2008.

## II. Argument

### A. The Supreme Court Mandates that Federal Jurisdiction be Established as a Threshold Matter

A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) *see also Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279 (11th Cir. 2001). The United States Supreme Court has made it clear that federal courts must determine their jurisdiction at the very outset, and that "without jurisdiction the court cannot proceed *at all* in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998)(emphasis added). In *Steel Co. v. Citizens for a Better Environment*, the Supreme Court roundly rejected the so-called "doctrine of hypothetical jurisdiction" by which several circuits allowed federal courts to "assume" jurisdiction for the purpose of deciding certain questions on the merits. 523 U.S. at 94, 118 S.Ct. at 1012. The Supreme Court protested that the failure to determine their jurisdiction at the very outset "carried [federal] courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." The Court noted that "[t]his conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases." *Id.*

The Supreme Court's command is clear: "without jurisdiction the court cannot proceed *at all* in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (emphasis added). The Court made it clear that there are no

3

exceptions to this rule: "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." 523 U.S. at 94-95, 118 S. Ct. at 112 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, (1884).

### B. The Reality of MDL-875

The unique circumstances of MDL-875 have created a situation where a transfer of this case—with a motion to remand pending in the U.S. District Court for the District of Columbia—would inconvenience the parties, and would impede any just and efficient conduct of this action. A transfer will strip the local District Court of its ability to rule on remand, and MDL-875 in the Eastern District of Pennsylvania, quite simply, does not rule on motions to remand cases to state courts. *See* Declarations of Jonathan Ruckdeschel and Charles Siegel, copies attached hereto as Exhibits 1 and 2. The result would be a substantial and unnecessary delay to the ultimate resolution of this case by forcing aside the unresolved question of federal jurisdiction until the case returns to the local District Court from MDL-875. Until the question of federal jurisdiction is resolved, the case can not be decided on its merits by any court. *See Steel Co.*, 523 U.S. at 94, 118 Sup. Ct. at 1012.

Transfer of this case—if federal jurisdiction is, in fact, absent—would not promote a just, speedy and inexpensive determination of the action, nor would it eliminate the potential for conflicting contemporaneous pretrial rulings. Despite the commendable efforts of the Transferee Court, MDL-875 still contains thousands of unresolved cases to be handled by a single judge. *See, e.g., Statistical Analysis of Multidistrict Litigation 2007* (Jud.Pan.Mult.Lit. 2007); *In re Asbestos Products Liability*

*Litigation (No. VI)*, 2007 WL 2372400 (E.D.Pa. 2007). Federal courts have recognized that Defendants in asbestos cases have sought to exploit the substantial backlog of MDL-875 cases. As described by then-Chief Judge Hornby of the United States District Court for the District of Maine:

> If these claims return to state court they will proceed to resolution. If they remain in federal court they will encounter significant delay upon their transfer through the panel on multidistrict litigation to the Eastern District of Pennsylvania where no asbestos trials or discovery takes place in deference to global settlement efforts. This delay is of economic benefit to the defendants and imposes costs on the plaintiffs.

*In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 374 n.2 (D.Me. 1999). As further observed by Chief Judge Mills of the United States District Court for the Northern District of Mississippi:

> The court is also aware that asbestos removal litigation, as it has developed in this state, generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted period of time. While the desire of the defendants to reach the comparative safety of an MDL court is understandable, their repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among the federal courts regarding the validity of most asbestos removals.

*Rosamond v. Garlock Sealing Technologies*, 2004 WL 943924, *4 (N.D.Miss., April 5, 2004). Baseless removal of a case to federal court, and subsequent transfer to MDL-875, creates substantial delays and economic costs for plaintiffs, and certainly does not facilitate the just, speedy and inexpensive determination of the action.

### C.    28 U.S.C. § 1407

If the Panel transfers this case to MDL-875, the purposes of 28 U.S.C. § 1407 will be frustrated, and Plaintiff will be denied a just and efficient resolution to this action. Accordingly, before transferring this case to MDL-875, the Panel should determine

whether Plaintiff is reasonably likely to succeed on the pending motion to remand. If success is reasonably likely, the purposes of Section 1407 instruct the Panel to stay transfer pending a ruling on remand by the transferor court.

Section 1407(a) provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination *that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.*

28 U.S.C. § 1407(a) (emphasis added). The basic purpose underlying the enactment of 28 U.S.C. § 1407 was to secure, in multi-district civil litigation as in all other civil litigation, the "just, speedy and inexpensive determination of every action." *In re Nat. Student Mktg. Litig.*, 368 F.Supp. 1311, 1316 (Jud.Pan.Mult.Lit. 1972). According to this Court, the statute's "remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 491-92 (Jud.Pan.Mult.Lit. 1968).

The statute requires the Panel to "weigh the interests of all parties and to consider multidistrict litigation as a whole in light of the purposes of Section 1407." *In re Stirling Homex Corp. Sec. Litig.*, 442 F.Supp. 547, 550 (Jud.Pan.Mult.Lit. 1977). The Panel is afforded "broad discretion" to carry out its functions, *In re Wilson*, 451 F.3d 161, 173 (3d Cir. 2006), but such discretion is abused by the Panel's failure to exercise it in furtherance of Section 1407's above-mentioned purposes. *See Ray v. Robinson*, 640 F.2d 474, 478 (3d Cir. 1981) ("If a district court fails to exercise its discretion, that is itself an

abuse of discretion."). An assessment of the merits of the notice of removal and a pending motion to remand allows the Panel to effectively exercise its discretion to determine if a transfer will encourage a just, speedy and inexpensive determination.

Besides thwarting the speed and efficiency goals of Section 1407, transfer of this case, without a stay pending a ruling on remand, would not further Section 1407's purpose of promoting uniformity in pretrial rulings. Simply put, MDL-875 does not rule on motions to remand to state court. This court has ruled that transferring a case with a motion to remand pending is appropriate because the transferee court can rule on remand. *See In re Vioxx Products Liability Litig.*, 360 F.Supp.2d 1352, 1354 (Jud.Pan.Mult.Lit. 2005); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347 (Jud.Pan.Mult.Lit. 2001). However, the rationale underlying those decisions—that the transferee court can rule on remand—does not apply in this case.

Judge Giles has instituted prudent measures to help cases in MDL-875 settle (and the volume of settled cases proves their expediency) but rulings on remand to state courts do not occur as a matter of practice. *See* Exhibits 1 and 2. Indeed, if the transferee court never rules on motions to remand to state courts, consistency in such rulings by the transferee court is necessarily impossible; conflicting rules are not prevented because rulings on remand to state court are left to the transferor courts following cases' return from MDL-875. Uniformity in other pretrial rulings may follow from MDL-875 practices, but transferring cases with motions to remand pending does not further this purpose of Section 1407 any more than does transfer following a ruling on remand.

Staying transfer until a transferor court rules on a pending motion to remand would not risk any additional judicial resources beyond those that would be needed if

7

transfer is granted. Indeed, allowing a ruling on remand before transfer would potentially preserve significant judicial resources, as well as resources of the parties to the litigation. Should remand to state court be ordered, the federal courts will save the additional resources that would be expended by inclusion of this case in MDL-875. Besides efficiency considerations, principles of comity support staying transfer of any action that has an important motion under submission with a court. *In re L. E. Lay & Co. Antitrust Litigation*, 391 F.Supp. 1054, 1056 (Jud.Pan.Mult.Lit. 1975); *see also In re Plumbing Fixture Cases*, 298 F.Supp. at 496 ("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts (and Courts of Appeals if any are involved) to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel."). Moreover, in the instant case, "federalism concerns tip the scales in favor of initially ruling on the motion to remand." *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986).

### D.   Due Process

In addition to requirements imposed by Section 1407, transfer of the instant case violates Plaintiff's right to Due Process under the Fifth Amendment to the United States Constitution. "[R]equirements of due process are not reducible to a static formula, but rather are sensitive to the facts and circumstances of a given case." *Rogal v. American Broadcasting Companies, Inc.*, 74 F.3d 40, 44 (3d Cir. 1996) (internal citation omitted). Further, "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner," before one is deprived of life, liberty, or

property. *Id.* In this case, Plaintiff's right to have this action decided on its merits by a court of competent jurisdiction (and to receive corresponding due compensation and damages) will be effectively restricted by a transfer of this case prior to a ruling on the pending motion to remand. "The determination of the appropriate form of procedural protection requires an evaluation of all the circumstances and an accommodation of competing interests. The individual's right to fairness must be respected as must the court's need to act quickly and decisively." *Id.* (internal citation omitted). Here, Plaintiff's right to fairness requires that this case not be transferred to MDL-875 if federal jurisdiction does not exist; allowing this case to be transferred based on a potentially baseless, tactically-motivated removal infringes on Plaintiff's right. Allowing a ruling on remand prior to transfer does not limit any court's ability to act quickly and decisively. The Panel can stay transfer for a short period of time to allow a ruling on remand, and transfer the case at such a point if federal jurisdiction is found to exist. Such a stay would actually *protect* the ability of the local District Court to act decisively on the motion to remand. As such, due process requires a stay until the United States District Court for the District of Columbia rules on the pending motion to remand.

### III. Conclusion

For the foregoing reasons, the Court should stay transfer of this case to MDL-875 until the United States District Court for the District of Columbia rules on the pending motion for remand.

property. *Id.* In this case, Plaintiff's right to have this action decided on its merits by a court of competent jurisdiction (and to receive corresponding due compensation and damages) will be effectively restricted by a transfer of this case prior to a ruling on the pending motion to remand. "The determination of the appropriate form of procedural protection requires an evaluation of all the circumstances and an accommodation of competing interests. The individual's right to fairness must be respected as must the court's need to act quickly and decisively." *Id.* (internal citation omitted). Here, Plaintiff's right to fairness requires that this case not be transferred to MDL-875 if federal jurisdiction does not exist; allowing this case to be transferred based on a potentially baseless, tactically-motivated removal infringes on Plaintiff's right. Allowing a ruling on remand prior to transfer does not limit any court's ability to act quickly and decisively. The Panel can stay transfer for a short period of time to allow a ruling on remand, and transfer the case at such a point if federal jurisdiction is found to exist. Such a stay would actually *protect* the ability of the local District Court to act decisively on the motion to remand. As such, due process requires a stay until the United States District Court for the District of Columbia rules on the pending motion to remand.

### III. Conclusion

For the foregoing reasons, the Court should stay transfer of this case to MDL-875 until the United States District Court for the District of Columbia rules on the pending motion for remand.

Respectfully submitted,

_____
Daniel A. Brown
BROWN & GOULD, LLP
7700 Old Georgetown Road, Ste. 500
Bethesda, Maryland 20814
Tel: (301) 718-4548
Fax: (301) 718-8037
dbrown@brownandgould.com
Attorney for Plaintiff Therese Sammartino

# EXHIBIT 1

## DECLARATION OF JONATHAN RUCKDESCHEL

I, Jonathan Ruckdeschel, am over the age of eighteen (18) years and competent to testify to the matters contained herein.

1. I am a partner at The Ruckdeschel Law Firm, LLC. I am licensed to practice law in the States of Maryland and Florida, as well as the United States District Court for the District of Maryland.

2. I have represented numerous asbestos-injured individuals. Some of my clients have had their cases removed to federal court. A number of these clients have had their cases transferred to MDL-875.

3. In a number of the removed cases, I have filed jurisdictional motions to remand to state court. In two cases, the motion to remand was not ruled on by the local federal district court before the case was transferred to MDL-875. After transfer to MDL-875, the motions to remand were not ruled on by Judge Weiner or Judge Giles.

4. Despite the fact that the federal courts' jurisdiction had not been established, each of the transferred cases was required to complete the forced settlement negotiation process of MDL-875. Eventually both cases were remanded by MDL-875 to the US District Court from which they were transferred, with the jurisdictional motion to remand to state court still pending. The first case was then finally remanded to state court due to lack of subject matter jurisdiction, nearly 2 years after its initial removal. The second case has yet to even have the motion to remand to state court heard despite being removed nearly a year ago.

5. In my experience jurisdictional motions to remand are not entertained by MDL-875. To the contrary, the sole activity in MDL-875 is lengthy, mandatory settlement discussions. In is my experience, consideration of the jurisdictional motion is left to the local federal district transferor court if and when the case is ultimately returned to the transferor court.

6. In the case currently just making it back from MDL-875 to the United States District Court for the District of Maryland, my client's health has gravely deteriorated during his year-long delay in federal court, without the jurisdiction of the federal courts ever being established. He will now, almost certainly, die before receiving his day in court.

I declare under the penalties of perjury that the contents of the foregoing paper are true and correct to the best of my knowledge, information and belief.

_____        8/19/08
Jonathan Ruckdeschel                Date

# EXHIBIT 2

## DECLARATION OF CHARLES S. SIEGEL

I, Charles S. Siegel, am over the age of eighteen (18) years and competent to testify to the matters contained herein.

1. I am a partner at the law firm of Waters & Kraus, LLP. I am licensed to practice law in the State of Texas, as well as numerous federal courts throughout the country.

2. In the course of my practice, I have represented numerous asbestos-injured plaintiffs, some of whom have had their cases removed to federal court and transferred to the MDL 875.

3. In each of the removed cases, I, on behalf of the affected plaintiff(s), filed a motion to remand the case to state court.

4. In the event that the motion to remand was not ruled on by the local federal district court to which removal was effected, the case then transferred to the MDL 875 where the motions to remand were not ruled on by either Judge Weiner or Judge Giles.

5. Each of the transferred cases remained in the MDL 875 for several years without ever having the propriety of the federal court's jurisdiction ruled on or established. One such case is still pending in the MDL, nearly three years after removal, with no ruling on the motion for remand.

6. It is my experience that no motions to remand are, in fact, entertained by the MDL 875 sitting judge and that these matters are left to the local federal district transferor court if and when the case is ultimately returned – perhaps years later – to the transferor court.

I declare under the penalties of perjury that the contents of the foregoing paper are true and correct to the best of my knowledge, information and belief.

_____          8-19-08
Charles S. Siegel                                        Date



KATHY DUNLAP
Notary Public, State of Texas
My Commission Expires
July 22, 2009

BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS               :       MDL NO. 875
LIABILITY PRODUCTS LITIGATION (NO. VI) :
                                       :

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARMANDO A. SAMMARTINO and THERESE    :
SAMMARTINO, his wife,                :
                                     :
         Plaintiffs,                 :
                                     :
v.                                   :   Civil Action No. 08 0967 RJL
                                     :
                                     :
AC&R INSULATION CO., INC., et al.,   :
                                     :
         Defendants.                 :
                                     :

## ORDER

**UPON CONSIDERATION** of Plaintiff's Motion to Vacate the Conditional Transfer Order ("CTO-312"), and any opposition thereto, it is thereupon, this ____ day of _____ 2008

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that the transfer of the above-referenced civil action to MDL-875 is stayed until the United States District Court for the District of Columbia rules on the pending motion for remand.

_____
United States Judicial Panel on
Multidistrict Litigation

Copies to: All counsel of record