**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 1 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**IN RE: Asbestos Production Liability Litigation**          **MDL No. 875**

CTO-312

LAM 3:08-74 Michael T. Hackler v. P & O Ports Louisiana, Inc., et al

---

### BATON ROUGE MARINE CONTRACTORS, INC.'S AND P & O PORTS LOUISIANA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 312 RELATIVE TO CIVIL ACTION LAM 3:08-74

MAY IT PLEASE THE COURT:

Defendants/third-party plaintiffs Baton Rouge Marine Contractors, Inc. (hereinafter "BRMC") and P & O Ports Louisiana, Inc. (hereinafter "POLA"), submit the following memorandum in opposition to plaintiff's Motion to Vacate Conditional Transfer Order 305 Relative to Civil Action LAM 3:08-82 filed on or around August 5, 2008. BRMC and POLA respectfully suggest that after consideration of this memorandum, including the law and argument presented herein, plaintiff's motion should be denied.

**I.     THE CONCLUSIONS IN PLAINTIFF'S PROCEDURAL AND FACTUAL BACKGROUND ARE FLAWED.**

Generally, BRMC and POLA agree with plaintiff's statements concerning the basis of his claim, the fact that he sued certain former executive officers (some alive, some deceased) to take advantage of the fact that those men do not enjoy tort immunity under the Louisiana Workers' Compensation Act, and that all third-party defendants named by

PLEADING NO. 5555

## OFFICIAL FILE COPY

IMAGED AUG 2 1 2008

BRMC and POLA previously removed the entire[1] action from the Eighteenth Judicial District Court for Port Allen, Louisiana to the U.S. District Court for the Middle District of Louisiana in Baton Rouge. However, there are several inconsistencies and misstatements in plaintiff's opening paragraphs.

First, in an effort to persuade this Panel that the action should not be transferred to MDL 875, plaintiff states that his case presents a "lone civil action involving a single person who developed mesothelioma as a result of exposure to asbestos in the 1960's." Plaintiff squarely contradicted himself, however, in a recent filing in the Middle District of Louisiana.

Specifically, in Civil Action 3:08-74, pending before the Middle District of Louisiana, plaintiff told the Court that the recent removal of the action to federal court rendered his main demand "unduly complicated" and "overburdened."[2] Now, when the question before this Panel requires a different turn, plaintiff spins his position to try and make us all believe that his case is merely a single action turning on one-of-a-kind facts and witnesses.[3] Aside from the fact that plaintiff's contention that his case is unique is false, the contradiction is

---

[1]     Plaintiff's statement that the third-party defendant's removal to the Middle District of Louisiana caused the "technical" removal of the entire action is misleading. There is nothing technical about what the third-party defendants did, particularly South African Marine Corp. ("Safmarine") and Industrial Development Corporation of South Africa, Ltd, ("IDC"). Both third-party defendants simply availed themselves of the procedures available to them in 28 U.S.C. § 1441(d), which provides: "[A]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

[2]     Not coincidentally, "unduly complicated" and "overburdened" were the buzz words cited by the Fifth Circuit in *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000). Plaintiff cited the *Delgado* decision for the proposition that district courts have discretion to sever third-party claims from main demands – a proposition that BRMC and POLA respectfully aver is improper under the facts and circumstances of this case.

[3]     In this regard, plaintiff uses the word "unique" throughout his brief.

glaring and must be considered when reviewing the legitimacy of plaintiff's motion.

Second, plaintiff's motion harps on the fact that it would be unfair for this Panel to transfer his case in light of the fact that the action was pending in Louisiana state court for over two years.  To the extent the Panel assumes that two years of state court proceedings below brought significant legal activities by plaintiff, this assumption is absolutely incorrect. The following facts concerning the state court action are undisputed:

- Number of status conferences held by state court trial judge: **zero**.

- Number of scheduling conferences held by state court trial judge: **zero**.

- Number of trial settings in state court:  **zero**.

- Number of parties that made appearances in state court action: **at least thirteen**.

- Number of substantive motions filed by those thirteen parties: **two**.

- Number of motion hearings before state court trial judge:  **two**.

- Number of rulings by state court judge on two substantive motions:  **zero**.

- Number of times plaintiff's counsel noticed an original deposition of someone other than his client:  **zero**.

These undisputed facts should eliminate any notion that the parties were engaged in extensive litigation in the state court proceeding, if such notion even existed prior to the filing of plaintiff's motion.  Thus, plaintiff's attempt to persuade the Panel that transfer is improper because it would be unfair to take a case from federal court when its roots are entrenched by the passage of two years' time in state court, must be rejected because the mere passage of time, without substantive action, cannot be substituted for substantive

evidence to support plaintiff's claim.

Finally, plaintiff's factual and procedural arguments moved on to true "desperation mode" when he claimed that third-party defendants Safmarine and IDC filed defective removal notices "based on purely conclusory allegations," that severance is proper, and that BRMC's and POLA's Notices of Tag Along Actions were premature.  Plaintiff's claim of improper removal must be rejected because it would be improper to sever the third-party defendants when their role in this case reverts all the way back to plaintiff's alleged exposure to asbestos in 1963 or 1964.[4]

As for plaintiff's claim that Safmarine's and/or IDC's removal notices were improper because no evidence was submitted, the Panel need only review the signed Declarations and references to South African law submitted by Safmarine and IDC to the Middle District of Louisiana to reject plaintiff's claim.  Furthermore, plaintiff cannot cite (and has not cited) any cases or rules of law to support the notion that the Panel's decision to transfer the action from the Middle District of Louisiana would be premature.  *See, e.g.,* J. P. M. L. Rule 7.4(a).  In fact, with the recent withdrawal of all of plaintiff's Motions to Remand filed in the Middle District of Louisiana, there are no existing impediments to plaintiff's claims remaining in federal court.

Plaintiff also asserts that the entire case should be remanded to state court because federal jurisdiction is not proper as to the Greater Baton Rouge Port Commission under the

---

[4]        The crux of this issue concerns the fact that upon information and belief, including certain records produced in connection with the action, vessels owned by Safmarine transported bagged asbestos to the Port of Greater Baton Rouge for offloading.  It was during this offloading process that plaintiff claims he was exposed to asbestos fibers.  BRMC and POLA deny any and all liability for whatever asbestos exposure, if any.

Eleventh Amendment to the United States Constitution.  Plaintiff's attempt to assert the purported Constitutional rights of another party – a party he seeks monetary damages from, no less – is unequivocal evidence of the lengths plaintiff is willing to take to avoid this Panel and indeed, federal court, at all costs.  It is also telling that plaintiff is compelled to try and assert the purported Constitutional rights of his opposition despite the fact that his opponent – the Greater Baton Rouge Port Commission – has remained absolutely silent on the issue throughout the pendency of this case in the Middle District of Louisiana.

## II.    PLAINTIFF'S ARGUMENTS THAT THIS CASE DOES NOT MEET THE REQUIREMENTS OF 28 U.S.C. § 1407 MUST BE REJECTED.

In section "A" of plaintiff's motion, is it not curious that plaintiff failed to cite even a single case to support his position?  Regardless, all of the arguments plaintiff presented in his motion have been presented, considered and rejected by this Panel on numerous prior occasions.

To wit, consider this Panel's recent decision in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 (U.S. Jud. Pan. Mult. Lit. 2008).  (Copy attached hereto as Exhibit "A.") In that case, plaintiffs with asbestos lawsuits pending in four separate United States District Courts moved to vacate Conditional Transfer Orders, just as plaintiff has attempted to do in our case. *Id.*  In rejecting the plaintiffs' contentions, this Panel made several crucial findings.

First, the Panel found that "these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and

5

efficient conduct of the litigation." *Id.* Similarly, despite plaintiff's claims in this case that

his situation, claims, etc., are unique, in fact, they are not. His claim is one for personal

injury and/or wrongful death caused by alleged exposure to asbestos, nothing more.

Based upon this Panel's ruling of just a few months ago, these facts alone are enough to

merit transfer to MDL 875.

Second, this Panel found:

> We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket *directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products*. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as <u>the pendency of motions</u> or other matters before the transferor court, <u>the uniqueness of a party's status</u>, the type of defendant, the docket condition of any specific federal district, <u>the stage of pretrial proceedings</u>, <u>the presence of unique claims</u> or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, <u>*were considered and rejected*</u> by us as grounds for carving out exceptions to transfer in this extraordinary docket. *We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions*.

*In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 at *1. (Emphasis added.)

All of plaintiff's arguments in his Motion to Vacate are the same exact arguments

this Panel specifically rejected in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008

WL 1214814 and its progeny. For example, at the bottom of page one continuing to the

top of page two of his memorandum in support, plaintiff states that his lawsuit is governed

by Louisiana state tort law, that "some of his claims may be governed by maritime law,"[5] and that his case is unique because the matter has proceeded "under Louisiana's system which encompasses elements of both common law an the state's own unique[6] Civil Code and related authorities that govern civil actions within Louisiana." *See* plaintiff's brief in support of Motion to Vacate at page six.  As quoted above, however, this Panel has specifically rejected "the presence of unique claims" as a reason for departing from this Panel's usual and customary practice of transferring "all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products" to MDL 875.

Moreover, plaintiff's contentions in his brief that the Panel should not transfer to MDL 875 because "*the Louisiana Middle District Court has not decided whether to remand this action to Louisiana state court*" (emphasis in original), because the main demand has been pending for over two years, and because this case purportedly revolves around "a lone civil action involving a single person" must be rejected because (1) "the pendency of motions," (2) "the stage of pretrial proceedings," and (3) "the uniqueness of a party's status . . . were considered and rejected by us [the JPML] as grounds for carving out exceptions to transfer in this extraordinary docket." *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 at *1.  Despite plaintiff's attempts to create a distinguishable situation, all of his creative contentions have been considered and rejected by the Panel.

---

[5]     This is news to BRMC and POLA, as plaintiff's statement about the possibility of maritime law governing this action in his memorandum in support of Motion to Vacate was the first reference to maritime law in this case.

[6]     Plaintiff even used the same exact keyword – "unique" – that was specifically rejected by this Panel.

In this regard, this Panel's decision in *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (U.S. Jud. Pan. Mult. Lit. 1991) should be examined more closely. In that situation, the matter came before the Panel on an order to show cause "why all pending federal district court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos should not be centralized in a single forum under 28 U.S.C. § 1407." In ultimately holding that "the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation," the Panel relied upon several crucial factors, including the fact that "a single transferee court" must be in place to coordinate all pending federal asbestos personal injury or wrongful death matters "in order to avoid duplication of effort (with concomitant unnecessary expenses) by the parties and witnesses, their counsel, and the judiciary, and in order to prevent inconsistent decisions." *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. at 421.

Importantly, the Panel also concluded that "all pending federal personal injury or wrongful death asbestos actions not yet in trial ***must*** be included in § 1407 proceedings." 771 F.Supp. at 422. (Emphasis added.) To be sure, it should be noted that there is a reason why plaintiff's brief cites various MDL actions involving securities fraud, antitrust violations and a plane crash at a municipal golf course – he has no choice but to rely on the wholly unrelated factual situations mentioned above to muddy the water because he lacks the caselaw and facts to squarely address this Panel's prior rulings in *In re Asbestos*

8

*Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (U.S. Jud. Pan. Mult. Lit. 1991) and

*In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814 (U.S. Jud. Pan.

Mult. Lit. 2008). The fact that plaintiff failed to cite even a single asbestos decision from

this Panel in support of his motion is evidence of the fact that prior precedent from the

Panel mandates that this entire action be transferred to the docket of MDL 875.[7]

In a further attempt to create a maelstrom where none otherwise exists, plaintiff

claims in his brief that it would be unfair to "rip[...] a two-year-old case away from its true

'nexus' to the facts in this case – i.e., reater [sic] Baton Rouge, Louisiana – and trying to

combine it with scores of other cases which involve completely unrelated and separate

questions of fact as well as legal questions that do not at all parallel the pretrial discovery

requirements in Dr. Hackler's case."

Apparently, plaintiff misunderstands the true role of MDL 875, which is to deal with

*pretrial* proceedings.[8] The fact that MDL 875 was created to deal with pretrial proceedings

is confirmed in the first sentence of 28 U.S.C. § 1407: "[W]hen civil actions involving one

or more common questions of fact are pending in different districts, such actions may be

transferred to any district for coordinated or consolidated pretrial proceedings." Whenever

plaintiff believes this case is ready for trial, he may fully avail himself of Rule 7.6 of the

---

[7]     As established herein, plaintiff's brief relies upon arguments, contentions and purported distinctions that the Panel expressly rejected in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814. Nonetheless and for the sake of argument, it should also be noted that even if "unanimity of opposition to transfer by the parties to an action" was a relevant factor (which it is not), plaintiff failed to produce evidence of any other party to this action who opposes transfer to MDL 875.

[8]     So that there is no misunderstanding as to plaintiff's beliefs, he states on page eleven of his brief that this Panel should wait for the Middle District of Louisiana to decide whether to remand, "where it is most convenient for the bulk of its witnesses and parties to conduct discovery *and to try this case*." (Emphasis added.)

Multidistrict Litigation Rules, including Rule 7.6(b) which provides that if a case has not been terminated by the transferee district court, it "shall be remanded by the Panel to the transferor district for trial." Thus, to the extent plaintiff contends in his brief that transfer to MDL 875 is not proper because it would be unfair to force him to trial in the Eastern District of Pennsylvania, such fears are unwarranted because under Rule 7.6, plaintiff's representatives (assuming they are substituted for the deceased plaintiff) will likely have their day in court in the Middle District of Louisiana.

Finally, plaintiff's argument that the Panel should sever the third-party demands and consider only those demands for consolidated pretrial proceedings is not logical and must be rejected for several reasons. First, plaintiff cites no cases or Rules for the proposition, instead choosing to craft his argument around unsupported argument. For this reason alone, plaintiff's argument must be rejected.

Second, plaintiff's suggestion is contradicted by this Panel's decision in *In re: Asbestos Products Liability Litigation (No. VI)*, 2008 WL 1214814: "transfer of these actions is appropriate for reasons that we set out in our original decision in this docket ***directing centralization*** of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products." *Id*. at *1 (emphasis added). Obviously, retaining part of a case, yet sending another portion back to the transferor court is hardly a step towards centralization. In fact, it is contrary to the express purpose of MDL 875.

Finally, plaintiff's claim that the third-party demands are "distinct" from his main demand is incorrect. As BRMC and POLA previously stated in memoranda submitted to

10

the Middle District of Louisiana, at least two third-party defendants, Safmarine and IDC, were parties that plaintiff tried to sue originally, but failed because he named the wrong corporate iterations as original defendants.  Under all of these circumstances, the entire action must be transferred for further proceedings consistent with MDL 875.

WHEREFORE, defendants/third-party plaintiffs Baton Rouge Marine Contractors, Inc. and P & O Ports Louisiana, Inc. pray that plaintiff's Motion to Vacate be denied and for all other general and equitable relief to which they may be entitled and this Panel is competent to grant.

Respectfully submitted,

PATRICK E. COSTELLO, TA        (#26619)
WILTON E. BLAND, III              (#3123)
JACQUES P. DeGRUY              (#29144)
MOULEDOUX, BLAND, LEGRAND
        & BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:     (504) 522-2121
*Attorneys for P&O Ports Louisiana, Inc. and*
*Baton Rouge Marine Contractors, Inc.*
H:\0585\06119 Hackler MD\Pleadings\USDC\MDL\Opposition - final - 3 08 74.wpd

11

## CERTIFICATE OF SERVICE

I hereby certify that on the ___18th___ day of ___August___, 2008, that a copy of the

above and foregoing has been mailed, postage prepaid, this date to all known counsel or record:

| | |
|---|---|
| Norman C. Sullivan, Jr. | Jennifer M. Morris |
| George J. Nalley, Jr. | Robert H. Urann |
| Stephen W. Glusman | Philip C. Brickman |
| Charles W. Schmidt, III | John P. Sheridan/Daniel Avant |
| David M. Bienvenu, Jr. | Andy Weinstock |
| Darrel J. Papillion | Randell G. Wells |
| Lawrence J. Duplass | See attached Panel Service List |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 1 2008

FILED
CLERK'S OFFICE

_____

Patrick E. Costello

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          **MDL NO. 875**

## INVOLVED COUNSEL LIST (CTO-312)

Peter G. Angelos
Law Offices of
    Peter G. Angelos, PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Daniel L. Avant
Avant & Falcon
429 Government Street
Baton Rouge, LA 70802

Jennifer L. Bartlett
Simon Eddins & Greenstone
301 East Ocean Boulevard
Suite 1950
Long Beach, CA 90802

James Duane Bashline
McLeod Alexander Powel &
Apffel
Wedge International Tower
Suite 2600
1415 Louisiana
Houston, TX 77002

Joshua H. Bennett
Bennett & Guthrie PLLC
1560 Westbrook Plaza Drive
Winston Salem, NC 27103

Thomas P. Bernier
Segal McCambridge Singer
    & Mahoney, Ltd.
One North Charles Street
Suite 2500
Baltimore, MD 21201

Robert Karl Beste, III
Smith Katzenstein Furlow
The Corporate Plaza
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

Gary A. Bezet
Kean Miller Hawthorne, et al
One American Place
22nd  Floor
P.O. Box 3513
Baton Rogue, LA 70821-3513

David M. Bienvenu, Jr.
Taylor Porter Brooks
    & Phillips
P.O. Box 2471
Baton Rouge, LA 70821

Janet W. Black
Ward Black, PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Wilton Ellwood Bland, III
Mouledoux, Bland, Legrand
    & Brackett
One Shell Square
701 Poydras Street
Suite 4250
New Orleans, LA 70139-4250

Brian C. Bossier
Blue Williams, LLP
3421 N. Causeway Boulevard
9th Floor
Metairie, LA 70002

Allen Dale Bowers, II
Law Office of Joseph
    Rhoades
1225 King Street, Suite 1200
P.O. box 874
Wilmington, DE 19899-0874

Paul A. Bradley
McCarter & English, LLP
919 Market Street
Suite 1800
P.O. Box 111
Wilmington, DE 19899

Daniel A. Brown
Brown & Gould, LLP
7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814-6204

Robert Dorrance Brown, Jr.
Gibbons, PC
One Gateway Center
Newark, NJ 07102-5310

Russell W. Budd
Baron & Budd, PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Lisa N. Busch
Weitz & Luxenberg, PC
180 Maiden Lane
New York, NY

Thomas M. Canevari
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY 1005

Michael P. Cascino
Cascino, Vaughan, Law
    Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607-5308

John R. Christie
Rawling Ravens, LLP
55 Public Square, Suite 850
Cleveland, OH 44113

R. Dean Church, Jr.
Forman, Perry Watkins, Krutz
    & Tardy, LLP
1515 Poydras Street
Suite 1300
New Orleans, LA 70112

Linda J. Clark
Hiscock Barclay, LLP
50 Beaver Street, Fifth Floor
Albany, NY 12207-2830

Walter L. Comeaux
2051 Silverside Drive
Suite 160
Baton Rouge, LA 70808

John D. Cooney
Cooney & Conway
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Noriss Ennis Cosgrove
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801

Patrick E. Costello
Mouledoux, Bland, Legrand
 & Brackett
701 Poydras Street
Suite 4250
New Orleans, LA 70139

Michele W. Crosby
Jones, Walker, Waechter,
 Poitevant, Carriere &
 Denegre
8555 United Plaza Boulevard
5th Floor
four United Plaza
Baton Rouge, LA 70809

John E. Cuttino
Turner, Padget, Graham
 & Laney, PA
P.O. Box 1473
Columbia, SC 29202

Joseph A. D'Avanzo
Wilson, Elzer, Moskowitz,
 Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604-3407

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Adam Devlin Demahy
Crawford, Lewis, PLLC
400 Poydras Street
Suite 2100
New Orleans, LA 70130

Elia Demetria Diaz-Yeager
Lugenbuhl, Wheaton, Peck,
 Rankin & Hubbard
601 Poydras Street
Suite 2775
New Orleans, LA 70130

Anna M. DiLonardo
Weiner & Lesniak, LLP
888 Veterans Memorial
 Highway
Suite 540
Hauppauge, NY 11788

Erik C. DiMarco
Wilson, Elser, Moskowitz,
 Edelman & Dicker, LLP
150 East 42nd Street
22nd Floor
New York, NY 10017

David R. Donadio
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

Daniel G. Donahue
Foley & Mansfield, PLLP
1001 Highland Plaza Dr West
Suite 400
St. Louis, MO 63110

Michael W. Drumke
Schiff, Hardin, LLP
6600 Sears Tower
Chicago, Illinois 60606-6473

Patrick J. Dwyer
Smith, Stratton, Wise, Heher
 & Brennan
2 Research Way
Princeton, NJ 08540

Edwin A. Ellinghausen, III
Blue, Williams, LLP
3421 N. Causeway Boulevard
9th Floor
Metairie, La 70002-3733

John J. Fanning
Cullen & Dykman, LLP
177 Montague Street
Brooklyn, NY 11201-3611

Sheri Sport Faust
Frilot, Partridge, Kohnke
 & Clements, LC
3600 Energy Center
1100 Poydras Street
New Orleans, LA 70163-3600

Matthew J. Fischer
Schiff, Hardin, LLP
6600 Sears Tower
233 S. Wacker Drive
Chicago, Il 60606-6473

Richard L. Flax
Law Offices of Richard Flax
29 West Susquehanna Ave.
Suite 500
Baltimore, MD 21204

Abbie Eliasberg Fuchs
Harris Beach, PLLC
100 Wall Street, 23rd Floor
New York, NY 10005

Christian H. Gannon
Segal, McCambridge, Singer
 & Mahoney, Ltd.
830 Third Avenue, Suite 400
New York, NY 10022

Elisa T. Gilbert
Gilbert Firm, LLC
325 East 57th
New York, NY 10022

Neal C. Glenn
Kelley, Jasons, McGuire &
 Spinelli, LLP
Centre Square West
1500 Market Street
Suite 1500
Philadelphia, PA 19102

Stephen W. Glusman
Glusman, Broyles Glusman
P.O. Box 2711
Baton Rouge, LA 70821-2711

Scott Harford
Lynch Daskal Emery, LLP
264 West 40th Street
New York, NY 10018

Anthony C. Hayes
Nelson, Mullins, Riley
 & Scarborough, LLP
P.O. Box 11070
Columbia, SC 28211-1070

Edward R. Hugo
Brydon, Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105

Margaret M. Joffe
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130-3672

Derek Spencer Johnson
Sedgwick, Detert, Moran &
 Arnold, LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

J. Michael Johnson
Rawle & Henderson, LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801

Zandra Lynn Johnson
Leatherwood, Walker, Todd
 & Mann, PC
300 East McBee Avenue
Suite 500
P.O. Box 87
Greenville, SC 29601

Kevin M. Jordan
Baker Botts, LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
Crowell & Moring, LLP
1001 Pennsylvania Ave. NW
Washington, DC 2004-2595

Gary H. Kaplan
Marshall, Dennehey, Warner,
 Coleman & Goggin
1220 Market Street, 5th Floor
Wilmington, DE 19801

John Daniel Kassel
John D. Kassel Law Firm
1330 Laurel Street
P.O. Box 1476
Columbia, SC 29202

Steven Kazan
Kazan, McClain, Abrams,
 Fernandez, et al
171 Twelfth Street, 3rd Floor
Oakland, CA 94607

Daniel J. Kelly
Haight, Brown & Bonesteel
71 Stevenson Street, 20th Flr.
San Francisco, CA
        94105-2981

James G. Kennedy
Pierce Herns, Sloan &
 McLeod
P.O. Box 22437
Charleston, SC 29413

Edward P. Kenney
Sidley Austin, LLP
One South Dearborn Street
Chicago, Il 60603

Scott E. Knox
Scott Knox Attorney at Law
13 E. Court Street, Suite 300
Cincinnati, OH 45202-1103

Susan B. Kohn
Simon, Peragine, Smith,
 & Redfearn, LLP
Energy Centre, Suite 3000
1100 Poydras Street
New Orleans, LA 70163-3000

Peter A. Kraus
Waters & Kraus, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Dan E. LaBelle
Halloran & Sage
315 Post Road, West
Westport, CT 06880

Matthew P. Lachaussee
Dogan & Wilkinson, PLLC
734 Delmas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Mark S. Landman
Landman, Corsi, Ballaine,
 & Ford, PC
120 Broadway, 27th Floor
New York, NY 10271-0079

Roger B. Lane
Lane & Gossett
1601 Reynolds Street
Brunswick, GA 31520

Joseph P. Lasala
McElroy Deutsch Mulvaney &
 Carpenter, LLP
88 Pine Street, 24th Floor
New York, NY 10005

Teresa Fizardi Lazzaroni
Hawkins & Parnell, LLP
4000 Sun Trust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Gary Allen Lee
Lee Futrell & Perles, LLP
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170-4120

Lynn Luker
Lynn Luker & Associates
3433 Magazine Street
New Orleans, LA 70115

Jaime Walker Luse
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

William F. Mahoney
Segal McCambridge Singer
 & Mahoney, Ltd.
233 South Wacker Drive
Suite 5500
Chicago, Il 60606

Robert C. Malaby
Malaby & Bradley
150 Broadway, Suite 600
New York, NY 10038

Stephen A. Manuele
Feldman, Kieffer & Herman
The Dunn Building
100 Pearl Street, Suite 400
Buffalo, NY 14202

Jeffrey S. Marlin
Marks, O'Neill, O'Brien,
 & Courtney, PC
913 North Market Street
Suite 800
Wilmington, DE 19801

Kenneth Reed Mayo
Reed, Mayo Law Firm, PC
484 Viking Drive, Suite 130
Virginia Beach, VA 23452

Moffatt Grier McDonald
Haynsworth, Sinkler Boyd
P.O. Box 2048
Greenville, SC 29602

Nancy McDonald
McElroy, Deutsch, Mulvaney
 & Carpenter
P.O. box 2075
1300 Mount Kemble Avenue
Morristown, NJ 07962-2075

Neil J. McDonald
Hartel Kane Desantis
MacDonald & Howie, LLP
Calverton Office Park
Suite 500
11720 Beltsville Drive
Beltsville, MD 20705-3166

Timothy J. McHugh
Lavin, O'Neil, Ricci, Cedrone
   & Disipio
420 Lexington Ave., 29th Flr.
New York, NY 10170

John P. McShea
McShea, Tecce PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
Schiff, Hardin, LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Blaine A. Moore
Duncan, Courington &
   Rydberg
400 Poydras Street
Suite 1200
New Orleans, LA 70130

George J. Nalley, Jr.
Nalley & Dew
2121 Ridgelake Drive
Suite 200
Metairie, LA 70001

Penelope B. O'Connell
Elzufon, Austin, Reardon,
Tarlov & Mondell, PA
300 Delaware Avenue
Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Melissa M. Olson
Embry & Neusner
118 Poquonnock Road
P.O. Box 14090
Groton, CT 06340

Thomas A. Packer
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Ste. 2000
San Francisco, Ca 94111

Thomas Russell Pantino
Mendes & Mount, LLP
One Newark Center, 19th Flr.
Newark, NJ 07102

Lynne M. Parker
Hollstein Keating Cattell, et al
12th & Orange Street
Suite 730
One Commerce Center
Wilmington, DE 19801

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 17603

Timothy Peck
Smith Moore, LLP
P.O. Box 21927
Greensboro, NC 27420

Michael G. Phelan
Butler, Williams & Skilling
100 Schockoe Slip
4th Floor
Richmond, VA 23219

Mark W. Phillips
Semmes, Bowen & Semmes
25 South Charles Street
Suite 1400
Baltimore, MD 21201

Carl E. Pierce, II
Pierce, Herns, Sloan &
McLeon
P.O. Box 22437
Charleston, SC 29413

Armand J. Della Porta, Jr.
Marshall Dennehey, Warner
   Coleman & Coggin
1220 Market Street, 5th Floor
Wilmington, DE 19801

Timothy W. Porter
Porter & Malouf, PA
P.O. Box 12768
Jackson, MS 39236-2768

Steven J. Pugh
Richardson Plowden &
   Robinson, PA
1900 Barnwell Street
P.O. Drawer 7788
Columbia, SC 29201

Giovanni Regina
Waters, McPherson, McNeill
300 Lighting Way, 7th Floor
Secaucus, NJ 07096

Donald E. Reid
Morris, Nichols, Arsht,
   & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, De 19899

Joseph F. Rice
Motley, Rice, LLC
28 Bridgeside Boulevard
 Mount Pleasant, SC 29464

Antonio J. Rodriguez
Fowler, Rodriguez, Chalos
400 Poydras Street, 30th Floor
New Orleans, LA 70130

Robert M. Rolfe
Hunton & Williams, LLP
Riverfront Plaza
951 East Byrd Street
Richmond, Va 23219

David A. Root
Kernodle, Taylor & Root
P.O. Box 12009
Charleston, SC 29422

Hector Lee Sandoval
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

David A. Schaefer
McCarthy, Lebit, Crystal
   & Liffman Co LPA
1800 Midland Building
101 W. Prospect Avenue
Cleveland, OH 44115-1088

Charles W. Schmidt, III
Christovich & Kearney, LLP
Pan American Life Center
Suite 2300
601 Poydras Street
New Orleans, LA 70130-6078

Charles T. Sheldon
Sedgwick, Detert, Moran
   & Arnold, LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

John P. Sheridan
Marrinan & Mazzola Mardon
26th Broadway, 17th Floor
New York, NY 10004

Daniel M. Silver
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor

Christian J. Singewald
White & Williams, LLP
824 Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Stephanie D. Skinner
Fowler, Rodriguez, Chalos
400 Poydras Street, 30th Floor
New Orleans, LA 70130

Carol G. Snider
Damon & Morey, LLP
1000 Cathedral Place
298 Main Street
Buffalo, NY 14202-4096

William Buckley Stewart
Copeland Cook Taylor
   & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Norman Charles Sullivan, Jr.
Fowler Rodriguez Chalos
400 Poydras Street, 30th Floor
New Orleans, LA 70130

Michael A. Tanenbaum
Sedgwick Detert Moran
 & Arnold, LLP
Three Gateway Center, 12th
Floor
Newark, NJ 07102

Jennifer M. Techman
Evert Weathersby & Houff
3405 Piedmont Road, NE
Suite 200
Atlanta, GA 30305

Mark S. Thomas
Williams Mullen
3200 Beachleaf Court
Suite 500
Raleigh, NC 27619

Michael P. Thornton
Thornton & Naumes, LLP
200 Summer Street
30th Floor
Boston, MA 02110

Patrick J. Timmins
Levy Phillips Law Firm
800 Third Avenue

13th Floor
new York, NY 10022

Brendan J. Tully
Levy Phillips Law Firm
800 Third Avenue, 13th Floor
New York, NY 10022

Robert H. Urann
Robein Urann & Lurye
2540 Severn Avenue
Suite 400
P.O. Box 6768
Metairie, LA 70009-6768

Beth E. Valocchi
Swartz & Campbell
300 Delaware Avenue
Suite 1130
Wilmington, DE 19801

Craig L. Vandergrift
Goldberg Persky & White
1030 Fifth Avenue
Pittsburgh, PA 15219

Cameron Ray Waddell
Leblanc & Waddell, LLP
6955 Perkins Road
Suite 100
Baton Rouge, LA 70809

Mona Lisa Wallace
Wallace & Graham, PA
525 North Main Street
Salisbury, NC 28144

Michael Waller
K&L Gates, LLP
One Newark Center
10th Floor
Newark, NJ 07102-5285

Edward J. Walters, Jr.
Moore Walters Thompson
Thomas Papillion & Cullen
6513 Perkins Road
Baton Rouge, LA 70808-4259

Kirk G. Warner
Smith Anderson Blount
   Dorsett, et al
P.O. Box 2611
2500 Wachovia Capitol
Center
Raleigh, NC 27602-2611

Walter G. Watkins, Jr.
Forman, Perry, Watkins,
Krutz & Tardy, PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert Watson
1827 Strand
Galveston, TX 77550

Andrew D. Weinstock
Duplass Zwain Bourgeois
   Morton Pfister, et al
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002

Randall Gordon Wells
6541 Sheffield Avenue
Baton Rouge, LA 70806

Theodore L. White
Deutsch Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130-3672

Stephen B. Williamson
McGuire Woods, LLP
100 North Tyron Street
Suite 2900
Charlotte, NC 28202

Gordon P. Wilson
Lugenbuhl, Wheaton, Peck,
   Rankin & Hubbard
601 Poydras St., Suite 2775
New Orleans, LA 70130

Sarah B. Windham
Aultman, Tyner, Ruffin
   & Swetman, Ltd.
P.O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Judith A. Yavitz
Reed Smith, LLP
599 Lexington Avenue
29th Floor
New York, NY 10152-1799



545 F.Supp.2d 1359
545 F.Supp.2d 1359

**H**In re: Asbestos Products Liability Litigation (No. VI)
U.S.Jud.Pan.Mult.Lit.,2008.
In re: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI).
**MDL No. 875.**

April 8, 2008.

**Background:** Plaintiffs in five actions, pending in four districts, moved to vacate portions of prior orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in coordinated or consolidated pretrial proceedings in actions involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products.

**Holding:** The Judicial Panel on Multidistrict Litigation, D. Lowell Jensen, Acting Chairman, held that transfers were warranted.
Transfers ordered.

West Headnotes

**Federal Courts 170B ⊕152.5**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)5 Multi-District Litigation; Transfer for Pre-Trial Proceedings
                170Bk152 Particular Transferable Cases
                    170Bk152.5 k. In General. Most Cited Cases
Transfer of five actions, pending in four districts, to the Eastern District of Pennsylvania for inclusion in coordinated or consolidated pretrial proceedings in actions involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products, was warranted; actions involved questions of fact in common with the previously-transferred actions, and transfer would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. 28 U.S.C.A. § 1407.

**\*1360** Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman ^FN\*, J. FREDERICK MOTZ \*, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA \*, Judges of the Panel.

    FN\* Judges Heyburn and Scirica took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut *Contois,* Northern District of Illinois *Harris,* and District of Maryland *Boyd* and *McCurdy* actions.

**TRANSFER ORDER**

D. LOWELL JENSEN, Acting Chairman.
**Before the entire Panel** \*: Plaintiffs in five actions listed on Schedule A and pending in the District of Connecticut, Northern District of Illinois, District of Maryland (two actions), and District of New Jersey, respectively,^FN1 have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants ^FN2 oppose the motions to vacate.



EXHIBIT
A
tabbies

FN1. Plaintiffs in a sixth action that was pending in the Southern District of Illinois, *Sether, et al. v. AGCO Corp., et al.,* C.A. No. 3:07-809, also moved to vacate the respective portion of our order conditionally transferring that action to MDL No. 875. Although we considered that motion at our March 2008 hearing session, we have since been informed that *Sether* has been remanded to Illinois state court. Accordingly, the issue of <u>Section 1407</u> transfer with respect to *Sether* is moot.

FN2. General Electric Co. and Buffalo Pumps, Inc. (in the District of Connecticut action); Viad Corp. (in the Northern District of Illinois action); Garlock Sealing Technologies, LLC, and Greene, Tweed & Co. (in the District of Maryland *McCurdy* action); and Agilent Technologies, Inc., and Hewlett-Packard Co. (in the District of New Jersey action).

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos**1361** containing products. *See* <u>*In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415 (J.P.M.L.1991)</u>. Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.<u>FN3</u> We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

FN3. We have also previously rejected the contention, which is again raised by plaintiff in the District of Connecticut *Contois* action here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." <u>*In re Asbestos Products Liability Litigation (No. VI),* 170 F.Supp.2d 1348, 1349 (J.P.M.L.2001)</u>.

Under the stewardship of the transferee court, as of March 31, 2008, (1) over 76,450 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* <u>Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38</u>. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to <u>28 U.S.C. § 1407</u>, these five actions are transferred to the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

545 F.Supp.2d 1359
545 F.Supp.2d 1359

Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

C.A. No. 2:07-4185

U.S.Jud.Pan.Mult.Lit.,2008.
In re Asbestos Products Liability Litigation (No. VI)
545 F.Supp.2d 1359

**SCHEDULE A**

END OF DOCUMENT

MDL No. 875 - **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)**

*District of Connecticut*

*Laura Contois, etc. v. Able Industries, Inc., et al.,* C.A. No. 3:07-1328

*Northern District of Illinois*

*Mary Ellen Harris, etc. v. Rapid-American Corp., et al.,* C.A. No. 1:07-6055

*District of Maryland*

*Michael J. McCurdy, et al. v. John Crane-Houdaille, Inc., et al.,* C.A. No. 1:07-2681

*Dorothy Boyd, etc. v. MCIC, Inc., et al.,* C.A. No. 1:07-3311

*District of New Jersey*

*Ruth Shamir, etc. v. Agilent Technologies, Inc., et al.,*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: Asbestos Production Liability Litigation**          **MDL No. 875**
         CTO-312
         LAM 3:08-74 Hackler v. Greater Baton Rouge Port Commission, et al

_____

**ORDER**

_____

**IT IS HEREBY ORDERED** that plaintiff, Michael T. Hackler's, Motion to Vacate

Conditional Transfer Order 312 is **DENIED.**

 

_____
                    **UNITED STATES JUDICIAL PANEL**
                    **ON MULTIDISTRICT LITIGATION**