MDL 8751

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISCTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                              MDL No. 875

PLEADING NO. 5557

| | |
|---|---|
| JOHN W. VAWTER AND EARNESTINE VAWTER ) ) ) | Civil Action No. 3:08-cv-2343 |
| Plaintiff, ) ) | |
| v. ) ) | From the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION |
| BUFFALO PUMPS, INC., et al., ) ) | |
| Defendants. ) ) | |

**PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Comes now Plaintiffs and file this Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court, and would respectfully show as follows:

1. This case was filed in state court but removed to federal court. On July 21, 2008 the Panel entered an order conditionally transferring this case to MDL-875 in the

**OFFICIAL FILE COPY**

IMAGED AUG 2 1 2008

Eastern District of Pennsylvania. Currently, Plaintiffs' motion for remand to state court will be fully briefed as of August 21, 2008, and will thereafter be awaiting a ruling by the District Court.

2. Plaintiffs respectfully request that the panel vacate the conditional transfer order so that the transferor court may have time to rule on plaintiffs' motion for remand to state court. Such relief is warranted because Plaintiff, John Vawter, is dying of mesothelioma and will be gravely prejudiced if he dies before trial. The Panel has the power to vacate the conditional transfer order and has done so in the past so that transferor courts may rule on threshold motions for remand.

3. The Panel is respectfully referred to Plaintiffs' brief in support of this motion, filed herewith, for a full discussion of these issues.

## CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the District of South Carolina on Plaintiffs' Motion to Remand.

Dated: August 20, 2008

Respectfully submitted,

Theile B. McVey    by permission
Theile B. McVey
FBA # 7614
JOHN D. KASSEL,
ATTORNEY AT LAW L.L.C.
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202
Telephone: (803) 256-4242
Facsimile: (803) 256-1952

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2008

**CERTIFICATE OF SERVICE**

FILED
CLERK'S OFFICE

I hereby certify that a copy of Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via Federal Express on this 20th day of August, 2008.

Theile B. McVey    By permission

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISCTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

| | |
|---|---|
| JOHN W. VAWTER AND<br>EARNESTINE VAWTER<br><br>Plaintiff,<br><br>v.<br><br>BUFFALO PUMPS, INC., et al.,<br><br>Defendants. | Civil Action No. 3:08-cv-2343<br><br>From the<br>UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF SOUTH<br>CAROLINA, COLUMBIA DIVISION |

PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

NOW COME PLAINTIFFS, by and through their counsel, and file this Brief in Support of Motion to Vacate Conditional Transfer Order, and would respectfully show the Court as follows:

INTRODUCTION

1. Plaintiff, John Vawter, filed this asbestos personal-injury case in the Court of Common Pleas for the County of Richland on May 22, 2008. This case was filed against several

defendants alleging that the Plaintiff was exposed to asbestos through everyday contact with asbestos-containing products. This exposure to asbestos was a proximate cause of his mesothelioma, a terminal, painful cancer that Mr. Vawter was diagnosed with in February 22 of 2008. Due to the fact that Mr. Vawter is suffering from mesothelioma, he is not likely to survive long enough to see his case adjudicated if it is transferred to the multi district litigation transferee court.

## PROCEDURAL HISTORY

2. Viad Corporation ("Viad") and Buffalo Pumps, Inc. ("Buffalo Pumps") (collectively referred to as "Defendants") are the removing defendants in this case.[1]

3. Buffalo Pumps was served with summons and the Complaint on June 6, 2008. Viad was served with summons and the Complaint on June 3, 2008.

4. In the South Carolina State Court Complaint, Plaintiffs alleged state-law negligence and breach of warranties claims against the defendants, based on their failure to warn of the health hazards associated with asbestos exposure. No claim arising under federal law was alleged in the Complaint. No federal question was raised and no federal issue needs to be decided to establish Defendants' liability under the causes of action in the Plaintiffs' Complaint.

5. On June 26, 2008, Viad, removed the case to federal court based on diversity and federal officer removal grounds. On July 3, 2008, Buffalo Pumps also filed a notice of removal based on federal officer removal grounds.

6. This panel issued a conditional transfer order in this on July 21, 2008.

7. Plaintiffs promptly filed their motion to remand on July 28, 2008.

8. Defendants filed oppositions to the motions to remand on August 11, 2008 and August 12, 2008.

9. Plaintiffs will file a reply to Defendants' oppositions on August 21, 2008.

## ARGUMENT

**Mr. Vawter is dying of mesothelioma.**

10. Mr. Vawter has terminal mesothelioma, an "invariably fatal cancer… for which asbestos exposure is the only known cause…." In re Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000). The life expectancy of a person following a diagnosis of mesothelioma is measured in months, not years. See In re Joint Eastern and Southern Districts Asbestos Litigation, 237 F.Supp.2d 297 (E.D.N.Y. 2002) (discussing the

---

[1] CBS Corporation, General Electric Company, and Hoke Inc. were also named as defendants, however, these defendants did not join in removing this case to federal court.

irrebuttable presumption, established for distribution of the Manville settlement trust, that for living claimants with confirmed mesothelioma there is normally substantial medical doubt that they will survive beyond six months). It is likely that Mr. Vawter will not survive to have his day in court should the case be further delayed by transfer to the MDL.

**Mr. Vawter will be substantially prejudiced if the motion to vacate the conditional transfer order is not granted.**

11. If the conditional transfer order is vacated and the district court is allowed to make a decision regarding remand of the action, there is a chance that Mr. Vawter will be able to have his case heard against all of the defendants in state court before the end of the year. If the district court is not given the opportunity to make a decision on remand before the case is transferred to the MDL there is very little chance that Mr. Vawter will ever get to participate in his case against the Defendants.

12. Nowhere are the famous words of Gladstone that "justice delayed is justice denied" more fitting than when used in connection with a lawsuit brought by a terminally ill individual seeking justice regarding their disease. It is undisputed that MDL 875 will not provide a speedy, or even timely, forum for the Plaintiffs' claims to be heard.

**The Panel may vacate conditional transfer orders for this purpose.**

13. The Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In *Vasura v. ACandS, Inc.*, 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." *Id.* at 533.

14. Plaintiffs seek only a timely ruling on their motion for remand, so that Mr. Vawter can have his day in court before he dies.

**It would be a waste of judicial resources to transfer the case to the MDL without first determining whether federal jurisdiction is appropriate.**

15. The Conditional Transfer Order should be Vacated to allow the district court to rule on the Motion for Remand. The district court is in the best position to rule on whether the case properly belongs in Federal Court. It would make the most sense, from a judicial resource standpoint, to allow the district court the additional time needed to make a decision as to remand of the case.

16. The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. If there is no valid basis for federal jurisdiction, the case does not belong in MDL 875. It makes abundant sense, from a judicial resource standpoint, to allow the remand motion process, which is substantially completed, to fully run its course before burdening the MDL with another asbestos case.

17. Vacating the Conditional Transfer Order (CTO) in this case until the United States District Court for the District of South Carolina rules upon the Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy – the entire point of the MDL process. If jurisdiction is rejected, the case leaves federal court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

18. In contrast, finalizing the CTO prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875, further increasing the burden on that court and its staff. Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL-875 procedures despite the lack of confirmation of jurisdiction. Upon completion of those procedures, the case will be sent back to the transferor court – incurring yet more administrative costs and burdens – only to return to the same question pending today – whether the federal courts have jurisdiction over this matter.

## CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the District of South Carolina on Plaintiffs' Motion to Remand.

Dated: August 20 2008

Respectfully submitted,

Theile B. McVey
FBA # 7614
JOHN D. KASSEL,
ATTORNEY AT LAW L.L.C.
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202
Telephone: (803) 256-4242
Facsimile: (803) 256-1952

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2008

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via Federal Express on this 20th day of August, 2008.

Theile B. McVey

Case MDL No. 875   Document 5557   Filed 08/21/08   Page 9 of 10

## IN RE: ASBESTOS PRODUCTS LIABILITY
## LITIGATION (NO. VI)

MDL No. 875

### PANEL SERVICE LIST (Excerpted from CTO-312)

John W. Vawter, et al. v. Buffalo Pumps, Inc., et al., D. South Carolina, C.A. No. 3:08-2343
Jerry T. Hickman, et al. v. Buffalo Pumps, Inc., et al., D. South Carolina, C.A. No. 3:08-2409

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Anthony C. Hayes
NELSON MULLINS RILEY
& SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-1070

Zandra Lynn Johnson
LEATHERWOOD WALKER TODD
& MANN PC
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29601

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Theile B. McVey
JOHN D KASSEL LAW FIRM
1330 Laurel Street, P.O. Box 1476
Columbia, SC 29202

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Timothy Peck
SMITH MOORE LLP
P.O. Box 21927
Greensboro, NC 27420

Mark W. Phillips
ROBINS KAPLAN MILLER & CIRESI
950 East Paces Ferry Road, N.E.
2600 One Atlanta Plaza
Atlanta, GA 30326

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

David A. Root
KERNODLE TAYLOR & ROOT
P.O. Box 12009
Charleston, SC 29422

Jennifer M. Techman
EVERT WEATHERSBY & HOUFF
3405 Piedmont Road, NE, Suite 200
Atlanta, GA 30305

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

**MDL No. 875 - Panel Service List (Excerpted from CTO-312(Continued)**

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608