MDL 875 

AUG 21 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISCTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL No. 875 |
| SANDRA BRUNSON, *Individually and as the Executor of the Estate of John Brunson, Deceased* : | Civil Action No. 3:08-cv-00374-JRS |
| Plaintiff, : | From the |
| v. : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION |
| ALFA LAVAL, et al. : | |
| Defendants. : | |

PLEADING NO. 5558

### PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Comes now Plaintiff and files this Motion for Order Vacating Conditional Transfer Order to allow transferor court to rule on Plaintiff's motion for remand to state court, and would respectfully show as follows:

**OFFICIAL FILE COPY**

IMAGED AUG 21 2008

1. This case was filed in state court but removed to federal court. On July 21, 2008 the Panel entered an order conditionally transferring this case to MDL-875 in the Eastern District of Pennsylvania. Currently, Plaintiffs' motion for remand to state court has been fully briefed, and is awaiting a ruling by the District Court.

2. Plaintiff respectfully requests that the panel vacate the conditional transfer order so that the transferor court may have time to rule on Plaintiff's motion for remand to state court. Such relief is warranted because Defendants have not satisfied the requirements for removal. The Panel has the power to vacate the conditional transfer order and has done so in the past so that transferor courts may rule on threshold motions for remand.

3. The Panel is respectfully referred to Plaintiff's brief in support of this motion, filed herewith, for a full discussion of these issues.

## CONCLUSION

**WHEREFORE**, Plaintiff requests that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the District of Virginia on Plaintiff's Motion to Remand.

Dated: August 20, 2008

Respectfully submitted,

Michael G. Phelan, Esquire By permission
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip, Fourth Floor
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814
VSB No.: 29725

Laura Cabutto, Esquire
Jeffrey B. Simon, Esquire
Ron C. Eddins, Esquire
David C. Greenstone, Esquire
SIMON, EDDINS & GREENSTONE, LLP
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
Telephone: 214-276-7680
Facsimile: 214-276-7699

COUNSEL FOR SANDRA BRUNSON

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of Plaintiff's Motion to Vacate Conditional Transfer Order upon the Judicial Panel for Multidistrict Litigation via Federal Express, and upon all counsel of record via Federal Express on this 20th day of August, 2008.

_____
Michael G. Phelan, Esquire  By permission

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISCTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                      MDL No. 875

| | |
|---|---|
| SANDRA BRUNSON, *Individually and as the Executor of the Estate of John Brunson, Deceased* | : Civil Action No. 3:08-cv-00374-JRS |
| Plaintiff, | : From the |
| v. | : UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION |
| ALFA LAVAL, et al. | |
| Defendants. | |

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES PLAINTIFF, by and through her counsel, and files this Brief in Support of Motion to Vacate Conditional Transfer Order, and would respectfully show the Court as follows:

## INTRODUCTION

1. This case was filed against several defendants alleging that Plaintiff's husband, now deceased, was exposed to asbestos through everyday contact with asbestos-containing products. This exposure to asbestos was a proximate cause of her husband developing mesothelioma, a terminal, painful cancer that Mr. Brunson was diagnosed with in February 13 of 2007.

## PROCEDURAL HISTORY

2. Plaintiff, Sandra Brunson, filed this asbestos personal-injury case in the Circuit Court for the City of Richmond, Virginia on May 16, 2008.

3. Buffalo Pumps, Inc. ("Buffalo Pumps"), General Electric Company ("GE"), and Viad Corporation ("Viad") (collectively referred to as "Defendants") are the removing defendants in this case.[1]

4. In the Virginia State Court Complaint, Plaintiff alleged state-law negligence and breach of warranties claims against the defendants, based on their failure to warn of the health hazards associated with asbestos exposure. No claim arising under federal law was alleged in the Complaint. No federal question was raised and no federal issue needs to be decided to establish defendants' liability under the causes of action in the Plaintiff's Complaint.

5. Viad removed the case to federal court on June 18, 2008 based on federal officer removal, under case number - 3:08-cv-00374-JRS,

6. Buffalo Pumps filed a separate notice of removal on June 18, 2008 under a separate case number - 3:08-cv-00375-JRS, also based on federal officer removal.

7. GE filed a separate notice of removal on June 18, 2008 under a separate case number - 3:08-cv-00376-JRS, also based on federal officer removal.

8. Plaintiff filed her motion to remand on July 17, 2008.

9. This panel issued a conditional transfer order transferring case number 3:08-cv-00374-JRS. No conditional transfer orders have been issued for case numbers 3:08-cv-00375-JRS or 3:08-cv-00376-JRS.

10. Defendants Buffalo Pumps and GE filed oppositions to the motions to remand in case numbers 3:08-cv-00374-JRS, 3:08-cv-00375-JRS and 3:08-cv-00376-JRS on July 28, 2008 and July 30, 2008. Defendant Viad filed an opposition to the motion to remand in case number 3:08-cv-00374-JRS on July 29, 2008.

11. Plaintiff filed a reply to Defendants' oppositions on August 8, 2008.

---

[1] Alfa Laval, Inc. was also named as a defendant; however, Alfa Laval did not join in removing this case to federal court.

## ARGUMENT

**The Panel may vacate conditional transfer orders for this purpose.**

12. The Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In *Vasura v. ACandS, Inc.*, 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." *Id.* at 533.

**It would be a waste of judicial resources to transfer the case to the MDL without first determining whether federal jurisdiction is appropriate.**

13. The Conditional Transfer Order should be vacated to allow the district court to rule on the Motion for Remand. The district court is in the best position to rule on whether the case properly belongs in Federal Court. It would make the most sense, from a judicial resource standpoint, to allow the district court the additional time needed to make a decision as to remand of the case.

14. The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. If there is no valid basis for federal jurisdiction, the case does not belong in MDL 875. It makes abundant sense, from a judicial resource standpoint, to allow the remand motion process, which is substantially completed, to fully run its course before burdening the MDL with another asbestos case.

15. Vacating the Conditional Transfer Order (CTO) in this case until the United States District Court for the Eastern District of Virginia rules upon the Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy – the entire point of the MDL process. If jurisdiction is rejected, the case leaves federal court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

16. In contrast, finalizing the CTO prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875, further increasing the burden on that court and its staff. Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL-875 procedures despite the lack of confirmation of jurisdiction. Upon completion of those procedures, the case will be sent back to the transferor court – incurring yet more administrative costs and burdens – only to return to the same question pending today – whether the federal courts have jurisdiction over this matter.

**Due to the three case numbers associated with this case, and the conditional transfer of only one of the case numbers, this panel should not transfer the one case alone.**

17. The conditional transfer order in this case should be vacated because there exist three separate case numbers for this case and only one case number has been conditionally transferred. Transferring one case number while the transferor court still has jurisdiction over the other two case numbers will create confusion regarding the jurisdictional capacity of the MDL panel, the transferee court, and the transferor court. Should the panel wish to transfer all three case numbers, it should wait until it issues a new conditional transfer order and include all three case numbers in that order.

## CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the Eastern District of Virginia on Plaintiff's Motion to Remand.

Dated: August 20, 2008

Respectfully submitted,

Michael G. Phelan, Esquire  by permission
Butler Williams & Skilling
100 Shockoe Slip, Fourth Floor
Richmond, VA  23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814
VSB No.: 29725

Laura Cabutto, Esquire
Jonathan George, Esquire
Jeffrey B. Simon, Esquire
Ron C. Eddins, Esquire
David C. Greenstone, Esquire
SIMON, EDDINS & GREENSTONE, LLP
3232 McKinney Avenue, Suite 610
Dallas, Texas  75204
Telephone: 214-276-7680
Facsimile: 214-276-7699

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2008

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via Federal Express on this 20th day of August, 2008.

Michael G. Phelan, Esquire  By Permission

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)      MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-312)

Sandra Brunson, etc. v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 3:08-374

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Laura Cabutto
SIMON EDDINS & GREENSTONE
3232 McKinney Avenue
Suite 610
Dallas, TX 75205

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kenneth Reed Mayo
REED MAYO LAW FIRM PC
484 Viking Drive
Suite 130
Virginia Beach, VA 23452

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael G. Phelan
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608