MDL 875

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 26 2008

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

JERRY T. HICKMAN and ) Civil Action No. 3:08-CV-02409
MARY B. HICKMAN, )
)
Plaintiffs, )
)
) From the
v. ) UNITED STATES DISTRICT COURT
) FOR THE DISTRICT OF SOUTH
BUFFALO PUMPS, INC., et al., ) CAROLINA, COLUMBIA DIVISION
)
Defendants. )

PLEADING NO. 5560

## DEFENDANT GENERAL ELECTRIC COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant General Electric Company ("GE") submits this Response in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order dated August 20, 2008. The Judicial Panel on Mulitdistrict Litigation's (the "Panel") conditionally transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C § 1407.

I.  PROCEDURAL HISTORY

This civil action alleging an asbestos-related injury was originally filed in the South Carolina Court of Common Pleas on May 22, 2008. On July 2, 2008 GE timely removed the case to the United States District Court for the District of South Carolina pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).[1] The Panel issued a conditional transfer order

---

[1] GE also removed the case pursuant to 28 U.S.C. 1441 because some of Mr. Hickman's alleged exposure occurred on a federal enclave. Plaintiffs have since sufficiently dismissed claims arising from any such exposure and therefore GE concedes this case is no longer removable on federal enclave grounds. GE has reserved the right to

OFFICIAL FILE COPY IMAGED AUG 27 2008

to MDL-875 on July 21, 2008. Plaintiffs subsequently moved to remand and GE filed its opposition thereto. Plaintiffs have indicated that they plan to file a reply to GE's response.

## II. THE ASBESTOS MDL IS APPROPRIATE FOR COORDINATION OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiffs' motion to vacate the transfer order should be denied because this case is appropriate for transfer to the Asbestos MDL for several reasons. First, the Panel has the authority to transfer such cases despite a pending motion to remand. Second, a determination of the remand motion is well within the transferee court's authority and should be heard by a single court in order to serve both consistency and economy. Third, transfer and coordination or consolidation promotes the just and efficient resolution of asbestos-related lawsuits.

### A. The Panel Has Authority To Transfer Despite The Pending Motion to Remand.

A jurisdictional challenge raised in plaintiffs' motion to remand does not change the fact that this case is exactly the type of asbestos personal injury case that should be transferred to MDL-875. For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. *See In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L February 6, 1996), *In re Asbestos Products Liability Litigation*, 170 F. Supp. 2d 1348 (J.P.M.L. October 18, 2001). Moreover, courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Simply put, jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. *See In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969). Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to

---

remove the case on those grounds again, if necessary, should discovery reveal that plaintiffs are alleging claims from exposure on a federal enclave.

transfer the case for MDL proceedings. *See In re Antibiotic Drugs*, 299 F. Supp. 1403 (J.P.M.L. 1969).

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is the case here) a motion to remand to state court is pending. *In re Ivy*, F.2d 7 (2d Cir. 1990). Numerous courts have cited and relied on *Ivy* for this proposition. *See, e.g., In re California Retail Natural Gas and Electric Antitrust Litigation*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F. Supp. 2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F. Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415 at *3 (N.D. Ill. April 3, 1996).

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. *See, e.g., Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Cal. 1998). The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. Thus, while plaintiffs' motion for remand has not been heard by the district court, it can just as easily be decided by the Panel after transfer.

**B.     Transfer Promotes Judicial Consistency and Economy.**

"Consistency and economy are both served by resolutions of [motions to remand] by a single court after transfer by the J.P.M.L." *Akins v. Microsoft Corp.*, 2000 WL 310391 at *1 (E.D. La. March 24, 2000). "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." *Boudreax v. Metropolitan Life Ins. Co.*, 1995 WL 83788 at *2 (E.D. La. February 24, 1995). In fact, in the present litigation this Panel has already stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation...In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal court...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923 at *2 (N.D. Ill. November 12, 1999). Plaintiffs' suggestion that the transferor jurisdiction is better equipped to decide the motion to remand is erroneous and does not support opposition to transfer to the MDL because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." *In re Duane*, 354 F. Supp. 278, 279 (J.P.M.L. 1973); *See also In re Puerto Rico Air Disaster Litigation*, 340 F. Supp. 492 (D.P.R. 1972). Indeed, remand and other motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7; *In re Serzone Products Liability Litigation* (J.P.M.L. June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973).

The sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy*, 901 F.2d at 9. In view of this aim, a pending motion to remand in the transferor court has little bearing on whether this case should be transferred. The Panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note

> that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay or transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.I.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of the court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay.

*In re Prudential Ins. Co.*, 2001 WL 980541 at *1 (J.P.M.L. August 15, 2001).

In light of this, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. *See, e.g., In re New Mexico Natural Gas Antitrust Litigation*, 482 F. Supp. 333 (J.P.M.L. 1979); *In re IBM*, F. Supp. 796 (J.P.M.L. 1969). Therefore, as the determination of a motion to remand is well within the transferee court's authority, the interests of judicial consistency and economy would be best served by transferring this case to a single court with specialized experience and expertise to decide the issue.

### C. The Asbestos MDL Promotes The Just and Efficient Resolution Of Asbestos-Related Lawsuits.

Another consideration for transfer to an MDL is whether it "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Plaintiffs argue that transfer of this case will not promote these objectives because, in plaintiffs' words, "[i]t is undisputed that MDL 875 will not provide a speedy, or even timely, forum for Plaintiffs' claims to be heard."

The Panel has already considered competing arguments about the efficiency in administering an MDL for asbestos-related cases as opposed to maintaining traditional case-by-

case adjudication of such cases. *See In re Asbestos Product Liability Litigation*, 771 F. Supp. 415 (J.P.M.L. 1991). The facts of this case do not make it any different from other asbestos-related cases that are routinely transferred to the MDL. The plaintiffs' protests in this case merely represent disagreement with J.P.M.L.'s ultimate policy decision. Such disagreement is insufficient reason to vacate transfer of this particular case.

### III.   CONCLUSION

For the reasons stated herein, GE respectfully requests that Plaintiffs' Motion to Vacate Conditional Transfer Order be denied.

                             SMITH MOORE LEATHERWOOD LLP

                             By:  /s/ Zandra L. Johnson
                                  Zandra L. Johnson (Federal Bar No. 9219)
                                  E-Mail: zandra.johnson@smithmoorelaw.com
                                  300 East McBee Avenue, Suite 500
                                  Greenville, South Carolina 29601
                                  (864) 242-6440

                                  Timothy Peck (N.C. Bar No. 9991)
                                  E-Mail: tim.peck@smithmoorelaw.com
                                  300 North Greene Street, Suite 1400
                                  Post Office Box 21927
                                  Greensboro, North Carolina 27420
                                  (336) 378-5200

                                  *Attorneys for the Defendant General Electric Company*

Greenville, South Carolina
August 25, 2008

RECEIVED CLERK'S OFFICE 2008 AUG 26 A 10:13 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant General Electric Company's Response in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation Via Federal Express and service has been made on all counsel of record via the United States District Court for the District of South Carolina electronic filing system and on all counsel included on the Panel Service List via regular mail.

This the 25th day of August, 2008.

/s/ Patrick M. Kane
Patrick M. Kane

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                            MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-312)**

John W. Vawter, et al. v. Buffalo Pumps, Inc., et al., D. South Carolina, C.A. No. 3:08-2343
Jerry T. Hickman, et al. v. Buffalo Pumps, Inc., et al., D. South Carolina, C.A. No. 3:08-2409

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Anthony C. Hayes
NELSON MULLINS RILEY
& SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-1070

Zandra Lynn Johnson
LEATHERWOOD WALKER TODD
& MANN PC
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29601

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Theile B. McVey
JOHN D KASSEL LAW FIRM
1330 Laurel Street, P.O. Box 1476
Columbia, SC 29202

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Timothy Peck
SMITH MOORE LLP
P.O. Box 21927
Greensboro, NC 27420

Mark W. Phillips
ROBINS KAPLAN MILLER & CIRESI
950 East Paces Ferry Road, N.E.
2600 One Atlanta Plaza
Atlanta, GA 30326

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

David A. Root
KERNODLE TAYLOR & ROOT
P.O. Box 12009
Charleston, SC 29422

Jennifer M. Techman
EVERT WEATHERSBY & HOUFF
3405 Piedmont Road, NE, Suite 200
Atlanta, GA 30305

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

**MDL No. 875 - Panel Service List (Excerpted from CTO-312(Continued)**

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608