ORIGINAL
MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 2 2008

FILED
CLERK'S OFFICE

1   Guy J. Lewis, SBN 90413
    Eric N. Scholnick, SBN 98782
2   LEWIS & SCHOLNICK
    660 S. Figueroa Street, Suite 1720
3   Los Angeles, California 90017-3433
    Telephone: (213) 627-0800
4   Facsimile: (213) 627-7262
5   Email:      gjl@lewischolaw.com
                eric@lewischolaw.com
6
7   Attorneys for Plaintiff
8
9                 BEFORE THE JUDICIAL PANEL
10              ON MULTIDISTRICT LITIGATION
11
12  MARGARET NEBER, Individually  )   CASE NO. CV 08-04500-FMC(AGRx)
    and as Executrix of the Estate of )
13  PHILLIP NEBER                  )   Honorable Florence-Marie Cooper
                                   )
14            Plaintiffs,          )   MOTION TO STAY CONDITIONAL
                                   )   TRANSFER OF TAG-ALONG
15  vs.                            )   ACTION TO MDL No. 875
                                   )   (CTO-313); MEMORANDUM
16                                 )   OF POINTS AND AUTHORITIES;
                                   )   DECLARATION OF GUY J. LEWIS
17  SYD CARPENTER MARINE           )
    CONTRACTOR, INC., a corporation )
18  FRASER'S BOILER SERVICE, INC.  )
    a corporation; ASTRA FLOORING  )
19  COMPANY, a corporation;        )
    CAMPBELL INDUSTRIES, INC.      )
20  a corporation; QUINTEC         )
    INDUSTRIES, INC., a corporation )
21  as Successor-in-Interest to    )
    WESTERN FIBROUS GLASS          )
22  PRODUCTS COMPANY, a            )
    corporation; THOMAS DEE        )
23  ENGINEERING CO., INC., a       )
    corporation; C.H. MURPHY/CLARK )
24  ULLMAN INC. a corporation;     )
    TRIPLE A MACHINE SHOP, INC.    )
25  a corporation; KAMAN INDUSTRIAL )
26
27                              1
28  PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No.
                              875 (CTO-313)

OFFICIAL FILE COPY

IMAGED SEP  2 2008

RECEIVED
CLERK'S OFFICE
2008 AUG 29 A 10: 37
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

PLEADING NO. 5571

TECHNOLOGIES CORPORATION )
Individually and as Successor- )
in-Interest to WINN SUPPLY )
COMPANY, a corporation; )
CERTAINTEED CORPORATION, a )
corporation; METALCLAD )
INSULATION CORPORATION, a )
corporation; AMERICAN STANDARD )
INC., a corporation; RILEY STOKER )
CORPORATION, a corporation; )
GENERAL ELECTRIC COMPANY, )
a corporation; CBS CORPORATION )
formerly known as VIACOM, INC. )
successor by merger to CBS )
corporation, formerly known as )
WESTINGHOUSE ELECTRIC )
CORPORATION; and DOES 1 )
through 700, Inclusive, )
    )
          Defendants. )
_____ )

TO THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT

LITIGATION:

Plaintiff Margaret Neber Individually, and as Executrix of the Estate of

Philip Neber herby moves the Judicial Panel on Multidistrict Litigation for an

order staying the conditional transfer of her "Tag-Along" action to the MDL

No. 875, In Re Asbestos Products Liability Litigation.

The basis for this Motion is that plaintiff has a Motion for Remand to

State Court pending before the Honorable Florence-Marie Cooper of the

United States District Court, Central District of California.  The Motion for

Remand is scheduled for hearing on September 15, 2008.

PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No.
875 (CTO-313)

Plaintiff submits that this case should be remanded to State Court due to a lack of federal subject matter jurisdiction, and the failure of defendant to seek removal in a timely manner.  Both issues are unique to plaintiff herein, and do not require uniformity in decision that a transfer to the asbestos multidistrict court would justify.  General Electric Company removed this action, claiming jurisdiction under the federal officer removal statute (28 U.S.C. § 1442(a)(1).

This motion is based on this notice, the Memorandum of Points and Authorities and Declaration of Guy J. Lewis attached hereto, the pleadings and papers on file herein, and upon such other matters as may be present to the Panel.

Dated:  August 28, 2008                          LEWIS & SCHOLNICK

                                                 By:
                                                 GUY J. LEWIS
                                                 Attorneys for Plaintiff

**PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No. 875 (CTO-313)**

MEMORANDUM OF POINTS AND AUTHORITIES

I.    STATEMENT OF FACTS

A.    PROCEDURAL HISTORY

This action was filed by Margaret Neber in Los Angeles Superior Court on October 30, 2007.   Relevant discovery was completed by plaintiff pursuant to the Los Angeles Superior Court Asbestos General Orders on February 28, 2008.

On July 9, 2008, General Electric Corporation a Defendant in the State Court action, filed a Notice of Removal.   Subsequent thereto, this action was assigned to the Honorable Margaret Morrow, then transferred to the Honorable Florence-Marie Cooper of the United States District Court.

On August 6, 2008, Plaintiff, filed a motion to remand this matter to state court pursuant to 28 U.S.C. § 1447(c).   A copy of the courts acknowledgement of electronic filing of the motion is attached.   The motion is now set for hearing on September 15, 2008.

On or about August 11, 2008, Plaintiff was served with a Conditional Transfer Order (CTO-313), transferring the above-entitled action to MDL No. 875, In Re: Asbestos Products Liability Litigation.

On August 15, 2008, Plaintiff filed a Notice of Opposition To Conditional Transfer of Tag-Along Action to MDL No. 875.   On August 18, 2008, the Judicial Panel on Multidistrict Litigation advised Plaintiff that a Motion and Brief are due on or before September 2, 2008.

**PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No. 875 (CTO-313)**

On or about August 25, 2008, GE filed an Opposition to Plaintiff's motion for remand, and on or about August 28, 2008, Plaintiff will file a Reply to the Opposition.  The issues of remand are now fully briefed.


B.    STATEMENT OF THE CASE

This is an action for the wrongful death of Phillip Neber.  Decedent had a mixed military and civilian exposure history to asbestos.   Decedent's military exposure occurred while Decedent served in the U.S. Navy aboard four ships (USS Nereus, USS Sperry, USS Prairie, and the USS Dixon), and at various naval and private shipyards during ship overhauls.

Defendant General Electric Company (GE) supplied turbines, to the four ships on which Decedent served.

GE removed this action claiming jurisdiction under the federal officer removal statute (28 U.S.C. § 1442 (a) (1).  GE contends that the four ships on which Decedent served were supplied with turbines built to reasonable precise military specifications.   Plaintiff disputes this contention, and in addition argues that GE failed to remove this action in a timely manner as required by 28 U.S.C.  1446 (b).

//

//

PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No. 875 (CTO-313)

II.   ISSUE FOR CONSIDERATION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.

**Is the Conditional Transfer Order issued on August 11, 2008 premature, in light of the unique issues raised by plaintiff's motion for remand?**

II.   ARGUMENT

A.   THE ISSUES RAISED BY PLAINTIFF'S MOTION FOR REMAND ARE JURSIDICITIONAL AND UNIQUE TO THIS PLAINTIFF, AND SHOULD THEREFORE BE CONSIDERED BY THE DISTRICT COURT RATHER THAN THE MDL PANEL.

Plaintiff raises two issues in her motion for remand; first, that the court lacks subject matter jurisdiction, as defendant has failed to establish federal officer jurisdiction, <u>Mesa v. California</u>, 489 U.S. 121,124-125,134-135 (1989); see also <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1251 (9th Cir. 2006), and secondly, that remand to state court is mandatory because defendant failed to file its petition for removal in a timely manner. See 28 U.S.C. §1446(b); <u>Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 348-49 (1999).   If plaintiff is successful on either issue, the federal court will be divested of jurisdiction.

Hearing in Central District of California is appropriate, rather then the Eastern District of Pennsylvania, because the jurisdictional question is

PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No. 875 (CTO-313)

fundamental and unique to this plaintiff, and because of the unnecessary delays and expense caused to plaintiff by a premature transfer.

One key basis for federal jurisdiction (for either the District Court, or the Multidistrict Panel in Philadelphia) boils down to the nature of the contractual arrangements GE had with the U.S. Navy in the construction of the USS Nereus, USS Sperry, USS Prairie, and the USS Dixon, particularly, whether the Navy issued Military specifications prohibiting GE from issuing warnings of the dangers associated with insulating their turbines with asbestos lagging.   While among the over eighty-three thousand federal asbestos actions pending in the Eastern District of Pennsylvania (See CTO 313) a few may have arisen from exposure to turbines on the USS Nereus, USS Sperry, USS Prairie, and the USS Dixon, that issue is not so specialized, or requires such uniformity in decision, that transfer to the asbestos multidistrict court would be judicially efficient.   Further, the second issue posed by plaintiff (the failure of GE to timely remove) is based solely on the procedural history and discovery conducted in this action, and has no facts or issue in common with any of the federal asbestos cases filed.

In Morales v. American Home Products Corp. 213 F. Supp. 2d 723, 725 (S.D. Tex. 2002) the District Court was asked to stay proceedings on a motion to remand while awaiting action on a transfer order to multidistrict litigation.   The Court declined the request for a stay, noting that the conditional transfer order did not affect or suspend any pretrial proceedings

<hr />

7

in the transferor court and, while the court has deferred to the multidistrict litigation court when presented with an issue common among the other cases, when the issue is discrete to the particular case "there is no reason to ask a federal court in Washington to make that decision," Id. at 725.  The court went on to grant the motion for remand.

The Panel must balance judicial efficiency of dealing with common issues with the potential for delay to the parties.  Since this action is fully briefed and presented to the District Court for hearing on September 15, 2008, and since the issued raised in the motion for remand are unique to the parties herein, plaintiff would request that the Panel stay execution of its conditional order of transfer pending the outcome of plaintiff's motion for remand.

Dated:  August 28, 2008

LEWIS & SCHOLNICK

By:

GUY J. LEWIS
Attorneys for Plaintiff

**PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No. 875 (CTO-313)**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## DECLARATION OF GUY J. LEWIS

SEP - 2 2008

FILED
CLERK'S OFFICE

I, Guy J. Lewis, declare:

1.     I am an attorney at law, duly licensed to practice before all courts in the State of California and am admitted to the United States District Court, Central District of California.    I am a partner in the law firm of Lewis & Scholnick, attorneys for plaintiff. As such, I have personal knowledge of the facts attested to below.

2.     This is an action for the wrongful death of Phillip Neber.  Decedent had a mixed military and civilian exposure history to asbestos.   Decedent's military exposure occurred while Decedent served in the U.S. Navy aboard four ships (USS Nereus, USS Sperry, USS Prairie, and the USS Dixon), and at various naval and private shipyards during ship overhauls.

3.     Defendant General Electric Company (GE) supplied turbines, to the four ships on which Decedent served.

4.     This action was filed in the Los Angeles Superior Court on October 30, 2007.

5.     Relevant discovery was completed by plaintiff, pursuant to the Los Angeles Superior Court Asbestos General Orders, on February 28, 2008.

6.     On July 9, 2008, GE filed a Notice of Removal.   Subsequent thereto, this action was assigned to the Honorable Margaret Morrow, and then transferred to the Honorable Florence-Marie Cooper of the United States District Court.

**PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No. 875 (CTO-313)**

7.     On August 6, 2008, plaintiff filed a motion to remand this matter to state court pursuant to 28 U.S.C. § 1447(c).

8.     On or about August 11, 2008, plaintiff was served with a Conditional Transfer Order (CTO-313), transferring the above-entitled action to MDL No. 875, In Re: Asbestos Products Liability Litigation.

9.     On August 15, 2008, plaintiff filed a Notice of Opposition To Conditional Transfer of Tag-Along Action to MDL No. 875.   On August 18, 2008, the Judicial Panel on Multidistrict Litigation advised plaintiff that a Motion and Brief are due on or before September 2, 2008.

10.     On or about August 25, 2008, GE filed an opposition to plaintiff's motion for remand, and, on or about August 28, 2008 plaintiff will file a Reply to the opposition.  The issues of remand are now fully briefed.

11.     GE removed this action claiming jurisdiction under the federal officer removal statute (28 U.S.C. § 1442 (a) (1).  GE contends that the four ships on which decedent served were supplied with turbines built to reasonable precise military specifications.   Plaintiff disputes this contention, and in addition argues that GE failed to remove this action in a timely manner as required by 28 U.S.C. 1446 (b).

I declare under penalty of perjury that the foregoing is true and correct. Executed this the 28th day of August 2008, at Los Angeles, California.

GUY J. LEWIS, Declarant

PLAINTIFFS' MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No. 875 (CTO-313)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**PROOF OF SERVICE**

SEP - 2 2008

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

FILED
CLERK'S OFFICE

I declare that I am employed in the office of a member of the bar of this Court, at whose direction service was made. I am over the age of 18 and not a party to the within action; my business address is: 660 S. Figueroa Street, Ste. 1720, Los Angeles, California 90017-3433.

On August 28, 2008, I served the foregoing document described as MOTION TO STAY CONDITIONAL TRANSFER OF TAG-ALONG ACTION TO MDL No. 875 (CTO) 313; DECLARATION OF GUY J. LEWIS; on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED

_____ (By U. S. Mail) I caused such envelope with postage thereon fully prepaid to be sent via U. S. Mail at Los Angeles, California.

_____ (By Facsimile) I transmitted from a facsimile transmission machine whose telephone number is (213) 627-7262 the document described above to the parties listed herein, at the facsimile number listed above. The above-described transmission was reported as complete without error.

_____ (By Personal Service) I delivered such envelope by hand to the offices of McKenna, Long & Aldridge, 444 S. Flower Street, 8th Floor, Los Angeles, California.

_____ (By Overnight Courier) I caused the above-described documents to be delivered to Federal Express in a sealed envelope, addressed as noted above, with the cost of delivery billed to Lewis & Scholnick.

I declare under penalty of perjury that the above is true and correct. Executed on the date of delivery at Los Angeles, California.

Fern Johnson

RECEIVED
CLERK'S OFFICE
2008 AUG 29  A 10: 38
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Kenneth Prindle
PRINDLE, DECKER & AMARO
P.O. Box 22711
Long Beach, CA 90801-5511
Fax No. 562 495-0564

Triple A
Syd Carpenter
C.H. Murphy/Clark
Campbell
American Standard

Bruce G. Nye, Esq.
ADAMS, NYE, SINUNU, BRUNI, BECHT LLP
222 Kearny Street, 7th Floor
San Francisco, CA 94108-4521

Kaman Ind/Winn Supp

Frank Pond
POND NORTH
350 S. Grand Ave. # 2850
Los Angeles, CA 90071
Fax No.  213 623-3594

Fraser's Boiler
Astra Flooring
Viacom/Westinghouse

Michael McCall
WALSWORTH FRANKLIN BEVINS & MCCALL
1 City Boulevard West, 5th Floor
Orange, California 92868
Fax No. 714 634-0686

Quintec
Thomas Dee

William Sayers
MCKENNA, LONG & ALDRIDGE
444 South Flower Street, 8th Floor
Los Angeles, California 90071
Fax No. 213 243-6330

Metalclad
Certainteed

Deborah Prosser
KUTAK ROCK
515 S. Figueroa Street, Suite 1240
Los Angeles, CA 90071-3329
Fax No. 213 312-4001

General Electric

Melanie White
FOLEY & MANSFIELD
150 Los Robles Avenue, Suite 400
Pasadena, CA 91101

Riley Stoker

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

### PANEL SERVICE LIST (Excerpted from CTO-313)

Margaret Neber, etc. v. SYD Carpenter Marine Contractor, Inc., et al.,
C.D. California, C.A. No. 2:08-4500

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Antoinette P. Hewitt
KUTAK ROCK LLP
515 South Figueroa Street
Suite 1240
Los Angeles, CA 90071-3329

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN McCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Guy J. Lewis, Esq.
LEWIS & SCHOLNICK
660 S. Figueroa Street
Suite 1720
Los Angeles, CA 90017-3433

William F. Mahoney
SEGAL McCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608