MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

SEP - 8 2008

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

Mary T. Meredith, et al., v. Bondex International, et al.,
C.D. Cal., C.A. No. 2:08-4443

PLAINTIFF'S MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER (CTO-313)

Kenneth L. Meredith suffered and died from malignant pleural mesothelioma in April 2008. Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, plaintiff Mary T. Meredith now moves the Panel to vacate its Conditional Transfer Order (CTO-313). Defendant General Electric Company removed this action from California state court, claiming subject matter jurisdiction under the federal officer removal statute (28 U.S.C. § 1442(a)(1)).

Plaintiffs submit that transfer would be inappropriate because there is no federal subject matter jurisdiction pursuant to that statute. Although General Electric Company asserts that Mr. Meredith was exposed to asbestos while serving in the Navy, and therefore claims that as the basis for federal officer jurisdiction, the operative complaint against General Electric is not based on any such Navy-based exposure. To the contrary, the complaint only asserts claims against General Electric for non-Navy exposures, thereby rendering the federal officer removal statute inapplicable. This motion is based

OFFICIAL FILE COPY

IMAGED SEP 8 2008

on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and any other materials as may be presented to the Panel at the time of the hearing on the motion.

September 3, 2008                                          Respectfully submitted,

                                                                    _____
                                                                    ATTORNEYS FOR PLAINTIFFS

BRIAN P. BARROW (Cal. Bar No. 177906)
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 8 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

DOCKET NO. 875

Mary T. Meredith, et al., v. Bondex International, et al.,
C.D. Cal., C.A. No. 2:08-4443

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-313)

Plaintiff Mary T. Meredith respectfully files this brief in support of her motion to vacate the Conditional Transfer Order (CTO-313) entered by the Judicial Panel on Multidistrict Litigation. Plaintiff moves to vacate the Conditional Transfer Order on the ground that there is no federal subject matter jurisdiction over this case.

Plaintiff's arguments regarding the lack of federal subject matter jurisdiction are premised on removing defendant General Electric Company's inability to satisfy its burden of demonstrating all the elements of federal officer jurisdiction under 28 U.S.C. 1442(a)(1). In particular, General Electric cannot show that its failure to warn about the hazards of asbestos was directed by a federal officer. General Electric inaccurately asserts that plaintiff's claims against it are based on exposures to asbestos while in the Navy. Plaintiff respectfully submits that under this Panel's own rule 1.5 the district court should make the initial determination of federal subject matter jurisdiction.

## LEGAL ARGUMENT

### I.

### This Panel Should Vacate the Conditional Transfer Order So That the District Court May Rule On a Motion For Remand.

Jurisdictional issues, like those presented by motions for remand, must be resolved before transfer by this Panel. See, e.g., Garcia v. American Home Prods., No. C-02-146; Mauck v. Warner Lambert Company, 7:01-CV-027-R, 2001 U.S. Dist. LEXIS 5919 (N.D. Tex. May 7, 2001) (granting plaintiff's motion for remand, mooting the conditional transfer order after discussing the efficiency of ruling on jurisdictional issues first); McGrew v. Schering-Plough Corp., No. 01-2311, 2001 U.S. Dist. LEXIS 12205, at *6 (D. Kan. Aug. 6, 2001); Arsenault v. Congoleum Corp., 01-Civ. 10657, 2002 U.S. Dist. LEXIS 5084 at *2 n.1 (S.D.N.Y. Mar. 26, 2002); Vasura v. ACandS, 84 F. Supp. 2d 531, 532-533 (S.D.N.Y. 2000) (original district court retained jurisdiction to decide motion for remand that was pending at the time a conditional transfer order was issued).

Factors of justice and efficiency, as well as judicial economy, weigh heavily in favor of allowing the proposed transferor judge to rule on the motion for remand currently pending before it. (28 U.S.C. § 1407(a).) If jurisdiction is ultimately determined to be lacking, thereby making remand appropriate, minimal resources would have been expended by having the appropriate forum make such a determination. Transferring this case *before* the remand issue is decided accomplishes nothing, and risks needlessly wasting federal judicial resources. It would also result in repetitive briefing of the same issues concerning remand, albeit in different forums—the district court, this

Panel, and then the transferee court. Plaintiff respectfully requestS this Panel to vacate the Conditional Transfer Order so that the district court may rightfully resolve all jurisdictional issues.

## II.

## This Case Should Not Be Transferred Because There Is No Underlying Federal Subject Matter Jurisdiction.

The federal officer removal statute only provides subject matter jurisdiction over claims "against [a]ny officer of the United States or any agency thereof, or any person acting under him, for any act under color of such office . . . ." (28 U.S.C. § 1442(a)(1).) The party seeking such jurisdiction must satisfy three distinct requirements: (1) that it acted "pursuant to a federal officer's directions"; (2) that a "causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims"; and, (3) that it has a "colorable federal defense." Mesa v. California, 489 U.S. 121, 124-125, 134-135 (1989); see also Durham v. Lockheed Martin Corporation, 445 F.3d 1247, 1251 (9th Cir. 2006). General Electric Company, which acknowledges these particular requirements in its notice of removal, cannot satisfy them.

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). Under 28 U.S.C. 1447(c), subject matter jurisdiction is an issue that must (and may be) considered at every stage of the litigation: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Indeed, even if the defense of lack of subject matter jurisdiction is overruled, stricken, or excluded by the

3

district court, it may be reasserted at any time in the action. See 5B Wright & Miller, Fed. Practice and Procedure § 1350, at 132 (3d ed. 2004), citing Fahnestock v. Reeder, 223 F.Supp.2d 618, 621 (E.D. Pa. 2002). Plaintiff maintains that there is a lack of subject matter jurisdiction over this case, and will continue to assert that position at every stage of these proceedings.

## CONCLUSION

As explained above, this action does not belong in federal court because of a simple lack of subject matter jurisdiction. Before transferring this case to the Eastern District of Pennsylvania, the Panel should permit or order the proposed transferor court to address and resolve the underlying jurisdictional issues.

September 3, 2008

Respectfully submitted,

_____
ATTORNEYS FOR PLAINTIFF

BRIAN P. BARROW (Cal. Bar No. 177906)
SIMON, EDDINS & GREENSTONE LLP
301 E. Ocean Boulevard, Suite 1950
Long Beach, California 90802
(562) 590-3400
(562) 590-3412 (facsimile)



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

PROOF OF SERVICE

SEP - 8 2008

STATE OF CALIFORNIA    )
COUNTY OF LOS ANGELES  )

FILED
CLERK'S OFFICE

I am employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 301 East Ocean Blvd., Suite 1950, Long Beach, California. I am employed in Los Angeles County, California.

On the date set forth below, I served the foregoing document(s) described as:

**PLAINTIFF'S MOTION TO VACATE
THE CONDITIONAL TRANSFER ORDER (CTO-313)**

On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

SEE ATTACHED SERVICE LIST

[XX]  BY MAIL:  I caused such envelope(s) to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[]  BY FACSIMILE:  I caused a courtesy copy to be transmitted by facsimile to the facsimile number of the offices of the addressee(s) as indicated above and below (see service list).

[X]  [STATE] I declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

[X]  [FEDERAL] I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed this 3rd day of July, 2008, at Long Beach, California.

GABRIELA MERCADO

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-313)

Robert Reaser, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al.,
C.D. California, C.A. No. 2:08-1441
Mary T. Meredith, et al. v. Bondex International, Inc., et al.,
C.D. California, C.A. No. 2:08-4443

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Brian P. Barrow
SIMON EDDINS & GREENSTONE
301 East Ocean Boulevard, Suite 1950
Long Beach, CA 90815

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Julia A. Gowin
PALMIERI TYLER WIENER
WILHELM & WALDRON
East Tower, Suite 1300
2603 Main Street
Irvine, CA 92614-4281

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas Jeffrey Moses
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Charles T. Sheldon
SEDGWICK DETERT MORAN &
ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

**MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)**

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608