MDL 8751

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 8 2008

FILED
CLERK'S OFFICE

1  Mark P. Robinson, Jr., SBN 054426
2  Kevin F. Calcagnie, SBN 108994
   Lexi W. Myer, SBN 227757
3  **ROBINSON, CALCAGNIE & ROBINSON**
4  620 Newport Center Drive, Seventh floor
   Newport Beach, CA 92660
5  Tele:  (949) 720-1288; Fax:  (949) 720-1292

6
7  Major A. Langer, SBN 041440
   **PERONA, LANGER, BECK & SERBIN**
8  350 E. San Antonio Drive
9  Long Beach, California   90807
   Tele:  (800) 333-0000; Fax:  (562) 490-9855
10
11 Attorneys for Plaintiffs and Petitioners

12               **BEFORE THE JUDICIAL PANEL ON**
13                **MULTIDISTRICT LITIGATION**
14  **MDL No. 875 – IN RE:  Asbestos Products Liability Litigation (No. VI)**

15

16 EDGARDO R. SALAMANTE and        ) UNITED STATES DISTRICT COURT
   NOLA SALAMANTE,                 ) CENTRAL DISTRICT OF CALIFORNIA
17               Plaintiffs,        ) CASE NO. CAC 2:08-04674
                                    ) Motion canal (YK)
18 v.                              )
19 QUINTEC INDUSTRIES, INC. (sued  ) **BRIEF IN SUPPORT OF MOTION TO**
   individually and as successor-in- ) **VACATE CONDITIONAL**
20 interest to WESTERN FIBERGLASS  ) **TRANSFER ORDER**
   PRODUCTS CO., and               )
21 INSULECTRO), et al.             )
                                    ) Date:
22                                  ) Time:
23                                  ) Dept.:
                                    )
24                                  )
25                                  )
26 _____

27
28               **OFFICIAL FILE COPY**

1

PLEADING NO. 5580

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs EDGARDO SALAMANTE and NOLA SALAMANTE hereby move the Judicial Panel on Multidistrict Litigation ("JPML") to vacate the conditional transfer order to transfer this action to *MDL No. 875, In Re: Asbestos Products Liability Litigation (No. IV)*. Plaintiffs respectfully request that this action be transferred back to the United States District Court Central District of California, where a motion is pending seeking remand of the action to state court.

This motion is based on this notice of motion and motion, the attached brief in support of motion to vacate conditional transfer order, the pleadings and papers on file herein, and upon such other matters as may be presented to this Panel at the time of the hearing.

BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER

# BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 8 2008

## I.   INTRODUCTION

FILED
CLERK'S OFFICE

This memorandum is filed pursuant to Judicial Panel on Multidistrict Litigation ("JPML") Rule 7.4(c), in support of Plaintiffs' motion to vacate the Conditional Transfer Order of the Panel issued on August 11, 2008, ordering transfer of the above-captioned case to the Eastern District of Pennsylvania for proceedings in accordance with 28 U.S.C.A. § 1407.

This case was filed on June 2, 2008, in the Superior Court of California, County of Los Angeles, Central District, seeking damages for injuries caused by exposure to asbestos and asbestos products. The case was removed by Defendant Foster Wheeler on July 17, 2008 to the United States District Court, Central District of California and was assigned to the Hon. Percy Anderson. The conditional transfer order made by this Panel to MDL No. 875, *In Re: Asbestos Product Liability Litigation (No. IV),* was prompted by a notice of Tag-Along served by Defendant Foster Wheeler on July 22, 2008. The transfer order was entered on August 11, 2008. Plaintiffs timely filed a notice of opposition to the conditional transfer order with this Panel on August 21, 2008, which was acknowledged by the JPML Deputy Clerk in a letter dated August 22, 2008.

In the interim, on August 15, 2008, Plaintiffs also filed a motion for remand to state court, which has not yet been decided. This matter, which is fully briefed, is currently set

for hearing in the District Court for September 29, 2008.  Due to the pendency of this

motion, and for reasons of convenience and judicial comity, Plaintiffs respectfully request

that this Panel's conditional transfer order be vacated.


## II.   CASE OVERVIEW

Plaintiffs filed this action in California state court, seeking damages for asbestos-

related injuries to Plaintiff Edgardo Salamante, who has been diagnosed with severe

underlying asbestosis and squamous cell carcinoma of the lung.  Plaintiffs have alleged

that Mr. Salamante was exposed to asbestos and asbestos products over a period of several

decades while serving as a steward aboard United States Naval ships and in his

employment at the Long Beach Naval Shipyard.  It is Plaintiffs' contention that in his

capacity as a steward, shipwright and mechanic, Mr. Salamante was exposed to asbestos

manufactured by Defendants, that Defendants failed to warn Plaintiff of the inherent

health risks of this toxic material, and that such exposure caused the illness from which he

now suffers.

## III.   LEGAL ARGUMENT

### A. <u>Legal Standard</u>

A case should be transferred for coordinated or consolidated pretrial proceedings

pursuant to 28 U.S.C.A. § 1407 only when it is determined that its transfer will be for the

convenience of parties and witnesses and will promote the just and efficient conduct of

4

such actions. (*See* 28 U.S.C.A. § 1407(a)).  The statute does not exempt tag-along actions from this determination.  In fact, a Conditional Transfer Order is simply "an administrative device used to expeditiously transfer apparently related cases where there is no anticipated opposition to transfer.  It should not be considered by counsel to be a decision or judgment by the Panel which must be reversed before such an order can be vacated.  It is simply an administrative act of the Clerk which can and will be vacated on the showing of good cause by any party." (*See In re Grain Shipments,* 319 F. Supp. 533, 534 (J.P.M.L. 1970))

Plaintiffs submit that good cause exists here as Plaintiff Edgardo Salamante is extremely ill, the parties and witnesses are in California, and local issues will predominate in the discovery process.  In addition, a motion to remand to state court is completely briefed and currently awaiting hearing in the District Court.  Therefore, the convenience of the parties and witnesses as well as the policy of promoting just and efficient conduct of this action are best served by vacation of the Conditional Transfer Order.

### B. Convenience of the Parties Necessitates Vacation of the Conditional Transfer Order

Courts have found that transfer pursuant to 28 U.S.C. § 1407 is not required where the overall convenience to the parties and witnesses is not enhanced.  (See *In re Fotomat Franchisee Litigation,* 394 F.Supp. 798, 799 (Jud.Pan.Mult.Lit. 1975); *In re Luminex International, Inc. Products Liability Litigation,* 434 F.Supp. 668, 669 (Jud.Pan.Mult.Lit.

5

1977).  This determination has been made in cases where local issues predominate, as well as in cases where the MDL no longer provides convenience to the parties. (See *In re Asbestos and Asbestos Insulation Material Products Liability Litigation,* 431 F.Supp. 906, 910 (Jud.Pan.Mult.Lit. 1977) (holding that convenience of the parties is not served by consolidation because the medical, personnel and product use records of the individuals were found locally); see also *In Re Air Crash Disaster near Upperville,* 430 F.Supp 1295 (Jud.Pan.Mult.Lit. 1977) (holding that because the transferee court had concluded the pretrial proceedings, transfer to the MDL was not appropriate).  Both of these situations are present here and would mandate against transferring the instant case to the MDL.

<div align="center">

1.    Local Issues Predominate in the Discovery Process

</div>

In *In re Asbestos and Asbestos Insulation Material Products Liability Litigation*, the JPML vacated an order to show cause why 103 asbestos actions should not be consolidated on the grounds that it was inconvenient to the parties.  In doing so, the Panel set forth factors it considered relevant in its determination, among which included whether discovery would involve local issues.  It found transfer inconvenient where:

> "Local issues will predominate in the discovery process.  The medical, personnel, and product use records of each individual will be found locally.  Liability in these actions will be based on state substantive law."

In this situation, the court found that "transfer would not promote the parties' and witnesses' convenience regarding discovery." (*In re Asbestos and Asbestos Insulation Material Products Liability Litigation, supra* at 910).

<div align="center">

6

</div>

Here, as in *Asbestos*, local California issues predominate.  Mr. Salamante and his wife currently live in California.  He worked for part of his career in the Long Beach shipyard, located in Long Beach, California.  Any personnel records from the shipyard will be located in California, as well as any witnesses to his exposure there.  Mr. Salamante's treating physicians are located in Long Beach.  Most of the counsel of record in this action are also located in California, so excessive travel is not necessary.  Liability will be based on California state substantive law, and the California Court system has particular experience in litigating asbestos cases.  Therefore, transfer to the MDL in the Eastern District of Pennsylvania, 3,000 miles away from a site of Mr. Salamante's exposure, would not serve convenience of the parties and witnesses in the discovery process.

## 2. Delay to Trial in the MDL Mandates Vacation of the Transfer Order

The JPML has denied transfer to an MDL where the MDL no longer served the convenience of the parties. (See *In Re Air Crash Disaster near Upperville, supra*).  In *Air Crash*, the MDL had essentially concluded pretrial proceedings and settled most of the cases, and the Panel felt that it was inappropriate to transfer at that time.  Therefore, the Panel is empowered to vacate a transfer order where MDL proceedings would provide little benefit to the parties.  Because of Mr. Salamante's failing health, transferring the

7

instant matter to the MDL would not only inconvenience the Plaintiffs, but would unduly prejudice his interest in the litigation due to the delay to trial.

California Code of Civil Procedure § 36 provides a party over the age of 70 an opportunity to petition the court for a preference if they have a substantial interest in the litigation and if the health of the party is such that a "preference is necessary to prevent prejudicing the party's interest in the litigation." Because of Mr. Salamante's age and poor prognosis, Plaintiffs would petition for such preference to secure their day in court before Mr. Salamante's demise. Currently, however, Plaintiffs are in federal district court, after being removed by Defendant Foster Wheeler. Federal court does not provide a mechanism to apply for preference, which is one of the reasons Plaintiffs have sought remand to state court. However, even if Plaintiffs do not prevail on their remand motion, it would be more convenient for the Plaintiffs to remain in District Court rather than be transferred to the MDL, where the delay to trial is considerably longer.

Once removed and assigned to the MDL, asbestos cases that would have timely proceeded to trial in state court are forever mired in inactivity. It is well-known that asbestos cases removed to federal court are transferred to MDL-875, where they languish for years. In fact, Chief Judge Hornsby of the United States District Court in Maine noted in an asbestos case filed against several manufacturers:

> If these claims return to state court, they will proceed to resolution. If they remain in federal court they will encounter significant delay upon their transfer through the panel on multidistrict litigation to the Eastern District of Pennsylvania where no

asbestos trials or discovery takes place in deference to global settlement efforts. This delay is of economic benefit to the defendants and imposes costs on the plaintiffs. *In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 374 (D.Me 1999).

Similarly, in a case heard in Texas, Judge Kent confirmed that if a case is not remanded, it will likely not proceed to trial for years:

> They will surely be transferred to the MDL Court in the Eastern District of Pennsylvania. There are thousands of asbestos cases pending in that forum, and, if history be any indicator, Plaintiff's claims against the Remaining Defendants will not be heard for many years. Keeping these claims in federal court will not increase efficiency and expediency. Rather the opposite is true. *Madden v. Able Supply Company*, 205 F.Supp.2d 695, 702 (S.D. Tex. 2002).

Mr. Salamante cannot afford such a delay. Asbestosis is a chronic inflammatory medical condition in which lung tissue is scarred from the inhalation of asbestos fibers. There is no curative treatment, and often, as in the case of Mr. Salamante, oxygen treatment is necessary to relieve shortness of breath, one of the major symptoms of asbestosis. Mr. Salamante has also been diagnosed with severe sqaumous cell carcinoma of the lung, which experts attribute to his exposure to asbestos. (*See* Reports of Dr. John, attached as Exhibit 1 and Dr. Hammar, attached as Exhibit 2) As with asbestosis, there is no curative treatment for cancer. Mr. Salamante has undergone 22 treatments of radiation, as well as chemotherapy, in an effort to control the disease before it spreads further. Nevertheless, his treating physician, Dr. Krueger, opines that the Plaintiff "suffers from an illness that raises a substantial medical doubt of his survival beyond six (6) months." (*See*

Krueger Decl. ¶ 4).  It would be highly prejudicial to transfer his case to the MDL where there is little opportunity for trial within six months.  Plaintiffs submit that much like in *Air Crash*, where the JPML vacated the transfer order because the MDL no longer inured to the benefit of the parties, the Asbestos MDL, in this case, would not allow Mr. Salamante to benefit from the timely trial his health demands.  In this case, convenience of the parties and the just and efficient conduct of the litigation would be better served if this Panel were to vacate the conditional transfer order.

## C. <u>Transfer Will Not Promote Judicial Comity</u>

In deciding motions for transfer under 28 U.S.C. § 1407, the JPML has considered principles of judicial comity.  (See *In Re Professional Hockey Antitrust Litigation*, 352 F.Supp. 1405, 1406 (Jud.Pan.Mult.Lit. 1973)).  The Panel has noted, "[o]n principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts . . . to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel.  This policy of comity has been followed in the past and will be followed in the future by the panel." (*Id.* at 1406) In furtherance of this policy, the Panel has declined to transfer when motions are pending in the transferor courts. ("We are persuaded, on principles of comity, to defer our decision concerning transfer of the Pennsylvania action because of the pendency of the defendants' motion for summary

10

judgment, which is fully submitted to the potential transferor judge." *In Re Resource Exploration, Inc., Securities Litigation,* 483 F.Supp. 817, 822 (Jud.Pan.Mult.Lit. 1980)).

In this instance, as noted above, Judge Anderson currently has under consideration Plaintiffs' motion for remand, which is fully briefed.  The hearing is only three weeks away, and will resolve the issue of whether the case will remain in the federal court system.  Though the transferee court is equipped to hear this motion, any delay in this proceeding would further delay Mr. Salamante's ability to apply for preference if remanded to state court.  Because this motion is already submitted in full to the District Court, Plaintiffs respectfully request that based on principles of judicial comity, and to promote the just and efficient conduct of the litigation, the Panel vacate the conditional transfer order.

/ / /

/ / /

## IV.    CONCLUSION

For the foregoing reasons, the transfer of this action will not be convenient for the parties and witnesses, nor will it promote the just and efficient conduct of this action. Accordingly, Plaintiffs respectfully request that the Panel vacate the Conditional Transfer Order entered on August 11, 2008.

Dated: 9/5/2008                                    Respectfully submitted,


*Mark P. Robinson, Jr.*
———————————————
Mark P. Robinson, Jr.
Kevin F. Calcagnie,
Lexi W. Myer
**ROBINSON, CALCAGNIE & ROBINSON**
620 Newport Center Drive, Seventh floor
Newport Beach, CA 92660
(949) 720-1288
Counsel for EDGARDO R. SALAMANTE and
NOLA SALAMANTE


Major A. Langer
**PERONA, LANGER, BECK & SERBIN**
350 E. San Antonio Drive
Long Beach, California   90807
Counsel for EDGARDO R. SALAMANTE and
NOLA SALAMANTE

12

**DECLARATION OF JAMES J. KRUEGER, M.D.**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 8 2008

FILED
CLERK'S OFFICE

I, James J. Krueger, M.D. declare as follows:

1. I am over the age of 18 and if called upon I could and would competently testify to the following.

2. I am a physician licensed to practice medicine in the State of California. I earned a medical degree from University Del Noreste. I specialize in Critical Care Medicine, Internal Medicine and Pulmonary Disease.

3. I am the treating physician for Edgardo Salamante. Mr. Salamante has been diagnosed with severe squamous cell carcinoma of the lung.

4. If called upon to testify, my opinion that Mr. Salamante suffers from an illness that raises a substantial medical doubt of his survival beyond six (6) months.

5. Mr. Salamante is 70 years of age. Because of his age and deteriorating health, an early trial is necessary to prevent prejudicing his interest in the litigation.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed this 21 day of August, 2008, at Long Beach , California.

James J. Krueger, M.D.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 8 2008

CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I HEREBY CERTIFY that the above **BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER** has been served upon all parties, as well as those listed on the attached Panel Service List, by U.S. Mail and that the foregoing was sent via Federal Express to be filed with the United States Judicial Panel on Multidistrict Litigation on this 5th day of September, 2008.


                                        /s/ Mark P. Robinson, Jr.
                                        Mark P. Robinson, Jr.

PROOF OF SERVICE OF PLAINTIFFS' OPPOSITION TO DEFENDANT UNION CARBIDE'S RULE 12(F) MOTION FOR MORE DEFINITIVE
PLEADING AND RULE 12(E) MOTION TO STRIKE PUNITIVE DAMAGES

# SERVICE LIST

**Salamante v. Quintec Industries, Inc., et al.**
**United States District Court, Central District of California**
**Case No. CV08-04674**

| | |
|---|---|
| Edward R. Hugo<br>James C. Parker<br>Thomas J. Moses<br>BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105<br>Phone: (415) 808-0300<br>Fax: (415) 808-0333<br>ehugo@bhplaw.com<br>jparker@bhplaw.com<br>tmoses@bhplaw.com | Counsel for Defendant<br>FOSTER WHEELER ENERGY<br>CORPORATION |
| Kevin C. Mayer<br>Emily K. Ayers<br>Raul Perez<br>LINER YANKELEVITZ SUNSHINE &<br>REGENSTREIF, LLP.<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3503<br>Phone: (310) 500-3500<br>Fax: (310) 500-3501<br>Direct: (310) 500-3627<br>Rperez@linerlaw.com | Counsel for Defendant<br>UNION CARBIDE CORPORATION |

| | |
|---|---|
| Grant D. Stiefel<br>Stephen P. Farkas<br>Angelo L. Primas<br>KIRKPATRICK & LOCKHART PRESTON<br>GATES ELLIS, LLP<br>10100 Santa Monica Blvd, 7th Floor<br>Los Angeles, CA 90067<br>Phone: (310) 552-5000<br>Fax: (310) 552-5001<br>Grant.stiefel@klgates.com<br>Stephen.farkas@klgates.com<br>Angelo.primas@klgates.com | Counsel for Defendant<br>CRANE CO. |
| Kathleen A. Waters<br>Joseph Duffy<br>Noelle B. McCall<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Ave, 22nd Floor<br>Los Angeles, CA 90071-3132<br>Phone: (213) 612-2500<br>Fax: (213) 612-2501<br>kwaters@morganlewis.com<br>jduffy@morganlewis.com<br>nmccall@morganlewis.com | Counsel for Defendants<br>YARWAY CORPORATION and<br>TYCO FLOW CONTROL, INC. |
| Frank D. Pond<br>Kevin D. Jamison<br>POND NORTH, LLP<br>350 South Grand Avenue, Suite 2850<br>Los Angeles, CA 90071<br>Phone: (213) 617-6170<br>Fax: (213) 623-3594<br>fpond@pondnorth.com<br>kjamison@pondnorth.com | Counsel for Defendant<br>VIACOM, INC. |

3

| | |
|---|---|
| William H. Armstrong<br>Lisa A. Sapcoe<br>ARMSTRONG & ASSOCIATES, LLP<br>One Kaiser Plaza, Suite 625<br>Oakland, CA 94612<br>Phone: (510) 433-1830<br>Fax: (510) 433-1836<br>Bill.armstrong@armstrongetal.com<br>Lisa.sapcoe@armstrongetal.com | Counsel for Defendant<br>ELEMENTIS CHEMICALS, INC. |
| William J. Sayers<br>Farah S. Nicol<br>Joseph L. Greenslade<br>McKENNA LONG & ALDRIDGE LLP<br>444 South Flower Street, 8th Floor<br>Los Angeles, CA 90071-2901<br>Phone: (213) 688-1000<br>Fax: (213) 243-6330<br>bsayers@mckennalong.com<br>fnicol@mckennalong.com<br>jhgreenslade@mckennalong.com | Counsel for Defendant<br>FMC CORPORATION |
| Deborah C. Prosser<br>Stephanie A. Hingle<br>KUTAK ROCK LLP<br>515 South Figueroa St, Suite 1240<br>Los Angeles, CA 90071-3329<br>Phone: (213) 312-4000<br>Fax: (213) 312-4001<br>Deborah.Prosser@Kutakrock.com<br>Stephanie.hingle@kutakrock.com | Counsel for Defendant<br>GENERAL ELECTRIC COMPANY |

4

| | |
|---|---|
| A. Scott Goldberg<br>Bruce G. Chusid<br>SELMAN BREITMAN LLP<br>11766 Wilshire Blvd, 6th Floor<br>Los Angeles, CA 90025<br>Phone: (310) 445-0800<br>Fax: (310) 473-2525<br>Sgoldberg@selmanbreitman.com<br>bchusid@selmanbreitman.com | Counsel for Defendants<br>HENRY TECHNOLOGIES, INC.; CLEAVER BROOKS, INC.; and KINNEY VACUUM COMPANY |
| Michael J. Pietrykowski<br>GORDON & REES LLP<br>Embarcadero Center West<br>275 Battery St, 20th Floor<br>San Francisco, CA 94111<br>Phone: (415) 986-5900<br>Fax: (415) 986-8054<br>mpietrykowski@gordonrees.com | Counsel for Defendants<br>INGERSOLL-RAND COMPANY; 3M COMPANY; LESLIE CONTROLS, INC.; and GOODYEAR TIRE & RUBBER CO. |
| James P. Cunningham<br>Edward R. Ulloa<br>CARROLL, BURDICK & McDONOUGH LLP<br>633 West Fifth St, 51st Floor<br>Los Angeles, CA 90071<br>Phone: (213) 833-4500<br>Fax: (213) 833-4555<br>jcunningham@cbmlaw.com<br>eulloa@cbmlaw.com | Counsel for Defendant<br>WARREN PUMPS, LLC |

| | |
|---|---|
| Steven E. Knott<br>Guy P. Glazier<br>KNOTT & GLAZIER LLP<br>601 S. Figueroa St., Suite 4200<br>Los Angeles, CA 90017<br>Phone: (213) 312-9200<br>Fax: (213) 312-9201<br>knott@knottglazier.com | Counsel for Defendants<br>TH AGRICULTURE &<br>NUTRITION LLC; and PHILLIPS<br>ELECTRONICS NORTH<br>AMERICA CORPORATION |
| Michael T. McCall<br>Anne C. Gritzer<br>WALSWORTH, FRANKLIN,<br>BEVINS & MCCALL, LLP<br>1 City Boulevard West, 5th Floor<br>Orange, CA 92868-3677<br>Phone: (714) 634-2522<br>Fax: (714) 634-0686<br>mmccall@wfbm.com<br>agritzer@wfbm.com | Counsel for Defendant<br>THOMAS DEE ENGINEERING<br>COMPANY; ELLIOTT COMPANY;<br>QUINTEC INDUSTRIES, INC.; and<br>AMETCK, INC. |
| Ivor E. Samson<br>Sarah Ratcliffe Choi<br>Edward K. Low<br>SONNENSCHEIN NATH & ROSENTHAL<br>LLP<br>525 Market Street, 26th Floor<br>San Francisco, CA 94105-2708<br>Phone: (415) 882-5000<br>Fax: (415) 882-0300<br>isamson@sonnenschein.com<br>srchoi@sonnenschein.com<br>eklow@sonnenschein.com | Counsel for Defendant<br>RAPID-AMERICAN<br>CORPORATION |

6

| | |
|---|---|
| Constance McNeil<br>Roger P. Downes<br>LEWIS BRISBOIS BISGAARD &<br>SMITH<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>Phone: (415) 362-2580<br>Fax: (415) 434-0882<br>mcneil@lbbslaw.com<br>downes@lbbslaw.com | Counsel for Defendant<br>CAMERON INTERNATIONAL<br>CORPORATION |
| David M. Glaspy<br>Brian S. O'Malley<br>James O. Hartman<br>LAW OFFICES OF GLASPY &<br>GLASPY,INC.<br>One Walnut Creek Center<br>100 Pringle Ave, Suite 750<br>Walnut Creek, CA 94596<br>Phone: (925) 947-1300<br>Fax: (925) 947-1594<br>dglaspy@glaspy.com<br>bomalley@glaspy.com<br>jhartman@glaspy.com | Counsel for Defendants<br>COLTEC INDUSTRIES, INC.; and<br>GARLOCK SEALING<br>TECHNOLOGIES |
| Henry D. Rome<br>Bobbie R. Bailey<br>HOWARD ROME MARTIN & RIDLEY, LLP<br>1775 Woodside Road, Suite 200<br>Redwood City, CA 94061-3436<br>Phone: (650) 365-7715<br>Fax: (650) 364-5297<br>hrome@hrmrlaw.com<br>brbailey@hrmrlaw.com | Counsel for Defendant<br>IMO INDUSTRIES, INC. |

7

| | |
|---|---|
| Kenneth B. Prindle<br>PRINDLE, DECKER & AMARO LLP<br>310 Golden Shore, 4th Floor<br>P.O. Box 22711<br>Long Beach, CA 90801-5511<br>Phone: (562) 436-3946<br>Fax: (562) 495-0564<br>kprindle@pdalaw.com | Counsel for Defendant<br>TRIPLE A MACHINE SHOP, INC. |
| Kathleen A. Stimeling<br>Alex P. Catalona<br>SCHIFF HARDIN LLP<br>One Market, Spear Street Tower, 32nd Floor<br>San Francisco, CA 94105<br>Phone: (415) 901-8700<br>Fax: (415) 901-8701<br>kstimeling@schiffhardin.com<br>acatalona@schiffhardin.com | Counsel for Defendant<br>TUTHILL CORPORATION |
| Kenneth B. Prindle<br>Mary Kirk Hillyard<br>PRINDLE, DECKER & AMARO LLP<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Phone: (415) 788-8354<br>Fax: (415) 788-3625<br>kprindle@pdalaw.com<br>mhillyard@pdalaw.com | Counsel for Defendant<br>A. W. CHESTERTON COMPANY |
| Ruth D. Kahn<br>John P. Swenson<br>STEPTOE & JOHNSON LLP<br>633 West Fifth Street, Suite 700<br>Los Angeles, CA 90071<br>Phone: (213) 439-9400<br>Fax: (213) 439-9599<br>rkahn@steptoe.com<br>jswenson@steptoe.com | Counsel for Defendant<br>METROPOLITAN LIFE<br>INSURANCE COMPANY |

8

| | |
|---|---|
| PERKINS COIE, LLP<br>1620 26th Street, 6th Floor<br>South Tower<br>Santa Monica, CA 90404-4013<br>Phone: (310) 788-9900<br>Fax: (310) 788-3399<br>WEmer@perkinscoie.com | Counsel for Defendant<br>HONEYWELL INTERNATIONAL,<br>INC. |
| Julie A. Torres<br>Joanna L. MacQueen<br>JACKSON & WALLACE, LLP<br>14724 Ventura Blvd, Suite 1210<br>Sherman Oaks, CA 94061-3436<br>Phone: (818) 379-4700<br>Fax: (818) 379-4702<br>jtorres@jacksonwallace.com<br>jmacqueen@jacksonwallace.com | Counsel for Defendants<br>VIKING PUMPS, INC.; and<br>BUFFALO PUMPS, INC. |
| | Counsel for Defendant<br>UNIROYAL, INC. |
| | Counsel for Defendant<br>ALLIS-CHALMERS<br>CORPORATION PRODUCT<br>LIABILITY TRUST |

9

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-313)

Edgardo R. Salamante, et al. v. Quintec Industries, Inc., et al.,
C.D. California, C.A. No. 2:08-4674

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201
pangelos@LAWPGA.com

Emily K. Ayers
LINER YANKELEVITZ SUNSHINE
& REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
eayers@linerlaw.com

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307
jwblack@wardblacklaw.com

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219
rbudd@baronbudd.com

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415
jcooney@cooneyconway.com

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
EHugo@bhplaw.com

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue
Suite 2850
Los Angeles, CA 90071
kjamison@pondnorth

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995
kevin.jordan@bakerbotts.com

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
pkalish@crowell.com

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607
skazan@kazanlaw.com

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204
kraus@waterskraus.com

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
DLandin@Hunton.com

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520
attylane@bellsouth.net

Major A. Langer
PERONA LANGER BECK
LALLANDE & SERBIN
300 E. San Antonio Drive
P.O. Box 7948
Long Beach, CA 90807

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
wmahoney@smsm.com

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038
rcmalaby@mblaw.net

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103
jmcshea@mcshea-tecce.com

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105
pmcweeney@schiffhardin.com

Noelle B. Mccall
MORGAN LEWIS & BOCKIUS LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
nmccall@morganlewis.com

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
tpacker@gordonrees.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
jrice@motleyrice.com

**MDL No. 875 - Panel Service List (Excerpted from CTO-313)(Continued)**

Mark P. Robinson, Jr.
ROBINSON CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
mrobinsion@rcrlaw.net

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110
mthornton@tenlaw.com

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608
wwatkins@fpwk.com

Jessica L. Woelfel
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street
26th Floor
San Francisco, CA 94105-2708
jwoelfel@sonnenschein.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 8 2008

FILED
CLERK'S OFFICE

**Exhibit 1**

# SOUTHWEST PULMONARY ASSOCIATES

## CHRISTOPHER LEIGH JOHN, M.D.

M.B.B.CH., M.R.C.P. (UK), F.R.C.P.C., F.C.C.P.
PULMONOLOGY, INTERNAL MEDICINE, ALLERGIC DISEASES

11321 INTERSTATE 30, SUITE 306
LITTLE ROCK, ARKANSAS 72209

TEL (501) 407-0200

FAX (501) 407-0220

April 12, 2008

Robinson, Calcagnie & Robinson, Inc.
620 Newport Center Drive
Newport Beach, CA 72660

Re: Edgardo Salamante
SS: 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
DOB: 2-27-1938

**OCCUPATIONAL HISTORY:** As indicated by the patient, he was exposed to asbestos from 1957 through 1977 while working for the US Navy as a shipwright mechanic and insulator.

**CHEST X-RAY:** The chest x-ray dated 3-11-08 read by me 4-11-08, according to the ILO-2000 Classification was a film quality 1. Parenchymal changes are noted. S/T in size and shape. Distribution in all zones bilaterally. Profusion 2/3. No large opacities are seen.

Pleural changes are noted on the left hemidiaphragm with calcified pleural plaque, the right hemidiaphragm with thin calcified pleural plaque and in profile at the left base.

Other abnormalities detected include minimal calcification of the aortic arch, evidence of previous sternal surgery presumably cardiac with sternal wires in place; all of which appear to be intact except for the most superior wire, which has a fracture. There is also evidence of cardiac enlargement on the right side and there is scarring at the left base where his previous lung cancer was noted. Possible recurrence of lung cancer at the right hilum should be considered and evaluated further by his primary care physician.

**IMPRESSION:**

1. Given the patient's history of asbestos exposure and the appropriate latent period, he does have parenchymal and pleural changes, which are within a reasonable degree of medical certainty diagnostic of a history of asbestos exposure and underlying asbestosis.

**RECOMMENDATION:**

1. He is at increased risk for the development of lung cancer, mesothelioma and other non-pulmonary malignancies associated with asbestos exposure.
2. He should be advised to have a yearly chest x-ray and pulmonary function studies.
3. He should be advised to refrain from the use of all tobacco products.

Yours sincerely,

Christopher L. John, M. D.
M.B.B.CH., M.R.C.P. (UK), F.R.C.P.C., F.C.C.P.

CLJ:kw

CERTIFIED BY:   ROYAL COLLEGE OF PHYSICIANS & SURGEONS OF CANADA
ROYAL COLLEGE OF PHYSICIANS OF GREAT BRITAIN
EUROPEAN SPECIALIST REGISTER

Edgardo Salamanie

1544192534

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PUBLIC HEALTH SERVICE**

OMB No.: 0920-0020

**CENTERS FOR DISEASE CONTROL & PREVENTION**
National Institute for Occupational Safety and Health
Federal Mine Safety and Health Act of 1977
Medical Examination Program

**DATE OF RADIOGRAPH**

| MONTH | DAY | YEAR |
|---|---|---|
| 0 3 | 1 1 | 2 0 0 8 |

Coal Workers' Health Surveillance Program
NIOSH
PO Box 4258
Morgantown, West Virginia 26504

**WORKER'S Social Security Number**

5 6 4   5 6   2 8 9 2

**ROENTGENOGRAPHIC INTERPRETATION**

**TYPE OF READING**

☐ A  ☒ B  ☐ P

Note: Please record your interpretation of a single film by placing an "x" in the appropriate boxes on this form.

**FACILITY IDENTIFICATION**

| | | | | | |
|---|---|---|---|---|---|

---

**1. FILM QUALITY**

☒ 1  ☐ 2  ☐ 3  ☐ UR
(If not Grade 1, mark all boxes that apply)

☐ Overexposed (dark)
☐ Underexposed (light)
☒ Artifacts

☐ Improper position
☐ Poor contrast
☐ Poor processing

☐ Underinflation
☐ Mottle
☐ Other (please specify)

---

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**

YES ☒   Complete Sections 2B and 2C   NO ☐ Proceed to Section 3A

**2B. SMALL OPACITIES**

a. SHAPE/SIZE

| PRIMARY | SECONDARY |
|---|---|
| ☒ p  ☐ r  ☐ s | ☐ p  ☒ s |
| ☐ q  ☐ t | ☐ q  ☐ g |
| ☐ r  ☐ u | ☐ r  ☐ u |

b. ZONES
R  L

UPPER  ☒ ☒
MIDDLE ☒ ☒
LOWER  ☐ ☐

c. PROFUSION
☐ 0/-  ☐ 0/0  ☐ 0/1
☐ 1/0  ☒ 1/1  ☐ 1/2
☐ 2/1  ☐ 2/2  ☐ 2/3
☐ 3/2  ☐ 3/3  ☐ 3/+

**2C. LARGE OPACITIES**

SIZE ☒ A  ☐ B  ☐ C   Proceed to Section 3A

---

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**

YES ☒   Complete Sections 3B, 3C   NO ☐ Proceed to Section 4A

**3B. PLEURAL PLAQUES** (mark site, calcification, extent, and width)

| | Site | Calcification | Extent (chest wall; combined for in profile and face on) | Width (in profile only) (3mm minimum width required) |
|---|---|---|---|---|
| Chest wall | | | Up to 1/4 of lateral chest wall = 1 | 3 to 5 mm = a |
| In profile | ☒ R  ☒ L | ☐ R  ☐ L | 1/4 to 1/2 of lateral chest wall = 2 | 5 to 10 mm = b |
| Face on | ☐ R  ☐ L | ☐ R  ☐ L | > 1/2 of lateral chest wall = 3 | > 10 mm = c |
| Diaphragm | ☐ R  ☐ L | ☐ R  ☐ L | ☒ R  ☐ 1  ☒ O  ☐ L  ☐ 2  ☐ 3 | ☒ R  ☐ a  ☐ b  ☐ c  ☒ O  ☐ L  ☐ a  ☐ b  ☐ c |
| Other site(s) | | | | |

**3C. COSTOPHRENIC ANGLE OBLITERATION**

☐ R  ☐ L   Proceed to Section 3D   NO ☒ Proceed to Section 4A

---

**3D. DIFFUSE PLEURAL THICKENING** (mark site, calcification, extent, and width)

| | Site | Calcification | Extent (chest wall; combined for in profile and face on) | Width (in profile only) (3mm minimum width required) |
|---|---|---|---|---|
| Chest wall | | | Up to 1/4 of lateral chest wall = 1 | 3 to 5 mm = a |
| In profile | ☐ O  ☐ R  ☐ L | ☐ O  ☐ R  ☐ L | 1/4 to 1/2 of lateral chest wall = 2 | 5 to 10 mm = b |
| Face on | ☐ O  ☐ R  ☐ L | ☐ O  ☐ R  ☐ L | > 1/2 of lateral chest wall = 3 | > 10 mm = c |
| | | | ☐ O  ☐ R  ☐ 1  ☐ O  ☐ L  ☐ 2  ☐ 3 | ☐ O  ☐ R  ☐ a  ☐ b  ☐ c  ☐ O  ☐ L  ☐ a  ☐ b  ☐ c |

---

**4A. ANY OTHER ABNORMALITIES?**

YES ☒   Complete Sections 4B, 4C, 4D, 4E   NO ☐ Proceed to Section 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

☒ at  ☐ ax  ☐ bu  ☐ ca  ☐ cg  ☒ cn  ☐ co  ☐ cp  ☐ cv  ☐ di  ☐ ef  ☐ em  ☐ es  ☐ fr  ☐ hi  ☐ ho  ☐ id  ☐ ih  ☐ kl  ☐ me  ☐ pa  ☐ pb  ☐ pi  ☐ px  ☐ ra  ☐ rp  ☐ tb

☒ If other diseases or significant abnormalities, findings must be recorded on reverse. (section 4C/4D)

Date Physician or Worker notified?

| MONTH | DAY | YEAR |
|---|---|---|
| | | |

**4E. Should worker see personal physician because of findings in section 4?**

YES ☒   NO ☐   Proceed to Section 5

---

**5. PHYSICIAN'S Social Security Number***

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

* Furnishing your social security number is voluntary. Your refusal to provide this number will not affect your right to participate in this program.

**FILM READER'S INITIALS**

C J S

**DATE OF READING**

| MONTH | DAY | YEAR |
|---|---|---|
| 0 4 | 1 1 | 2 0 0 8 |

John   1/321 Interstate 30 Ste 306
LAST NAME - STREET ADDRESS

Little Rock
CITY

AR   72209
STATE   ZIP CODE

CDC/NIOSH (M) 2.8
REV. 6/02

Exhibit 2

### DIAGNOSTIC SPECIALTIES LABORATORY, INC., P.S.

Samuel P. Hammar, M.D., F.C.C.P., F.C.A.P., Director   Keith O. Hallman, M.D.  David M. Bray, M.D.
700 Lebo Boulevard
Bremerton, Washington 98310
e-mail: shammar@harrisonmedical.org

Voice: 360-479-7707 Facsimile: 360-479-7886 Washington State: 800-762-2344

| | | | | | |
|---|---|---|---|---|---|
| *Name:* | **SALAMANTE, EDGARDO** | *Age:* | **70 (M)** | | |
| | | *DOB:* | **02/27/38** | *DOD:* | **(Living)** |
| | | | *Date Received:* | | **03/31/08** |
| | | | *Date Transcribed:* | | **07/24/08** |

*Requested:*  **Karen Barth Menzies**

*Specimens:*  **Pathology materials (2 slides):**
**1 recut slide CY07-2439**
**1 recut slide SP07-10983**

*From:*  **Robinson Calcagnie & Robinson, Newport Beach, CA**
**Phone: (949) 720-1288    Fax: (949) 720-1292**
**Co-counsel: Andrew McEnaney of Hissey Kintz Law Firm**

Received from Karen Barth Menzies, Law Offices of Robinson Calcagnie & Robinson, Newport Beach, California, and co-counsel Andrew McEnaney of Hissey Kintz Law Firm, is one glass slide for review designated CY07-2439 and one glass slide for review designated SP07-10983. Also received are the pathology reports corresponding to the slides.

According to the letter addressed to me from Ms. Menzies dated March 28, 2008, this case concerns Mr. Edgardo Salamante who was stated to have been diagnosed with "cancer" in 2007. I am asked to examine the medical records in light of the patient's history and provide a report discussing my analysis and determination of whether, based on reasonable medical probability, if asbestos was a cause of the illness.

Mr. Salamante was stated to have served in the U.S. Navy from 1957 to 1977 and worked at the Long Beach Naval Shipyard as a shipwright mechanic. During this time, Mr. Salamante was stated to have been exposed to various asbestos-containing products, including pipe covering, asbestos cement, block insulation, joint compounds, fireproofing, gaskets, rope, asbestos pipe, and firebrick. Mr. Salamante was stated to have worked around insulators, boilermakers, pipefitters, machinists, carpenters, electricians and other trades who used asbestos-containing products.

Mr. Salamante was stated to have been exposed to pipecovering, asbestos cements, block insulation, joint compounds, fireproofing, gaskets, rope, asbestos pipe, firebrick and other asbestos containing products.

Clinical information obtained from the pathology report designated SP07-10983 stated Mr. Salamante was a smoker who had hemoptysis, a persistent left lower lobe infiltrate/effusion and a left mainstem endobronchial lesion that was suspicious for carcinoma. [**My note:** per a phone call on 7/23/08 between Adam Modras, Assistant to Ms. Menzies, and my assistant, Michaele Stoll, Mr. Salamante smoked one pack of cigarettes per day from 1977 to 2006 and

---

*L08-106*                  ***Salamante, Edgardo***                  *Page 1 of 3*

smoked ½ pack of cigarettes per day from 2006 to the beginning of 2008 (approximately 30-pack years).

There is a letter report addressed to Robinson Calcagnie & Robinson, Newport Beach, CA dated April 12, 2008 from Christopher L. John, M.D., Little Rock, Arkansas. This report concerns Mr. Edgardo Salamante. The report stated Mr. Salamante was exposed to asbestos from 1957 to 1977 while working for the US Navy as a shipwright mechanic and insulator. Dr. John stated the chest radiograph dated March 11, 2008 read by him on April 11, 2008 according to the ILO 2000 classification was of film quality 1. Parenchymal changes were noted that were stated to be s/t in size and shape and in all lung zones. Profusion was stated to be 2/3. No large opacities were stated to have been seen. Pleural changes were stated to have been noted on the left hemidiaphragm with calcified pleural plaque on the right hemidiaphragm with thin calcified pleural plaque and in profile at the left base. Other abnormalities detected included minimal calcification of the aortic arch, evidence of previous sternal surgery, presumably cardiac, with sternal wires in place; cardiac enlargement on the right side and scarring at the left base which was where his previous lung cancer was. There was stated to be possible recurrence of lung cancer at the right hilum.

There is an ILO form that speaks for itself.

**Review of slides:**
There is one glass slide for review designated CY07-2439 that corresponds to a cytology report bearing that number from the Long Beach Memorial Medical Center, accession date September 14, 2007, stating the specimen represented bronchial washings and consisted of 10 cc of bloody material from which smears and a cell block were prepared. This slide shows blood clot with numerous aggregates of bacteria and a few fragments of respiratory epithelium. There are atypical epithelial cells that I would consider suspicious for malignancy. The large number of aggregates of bacteria could indicate aspiration.

There is one glass slide for review designated SP07-10983 that corresponds to a pathology report bearing that number from the Long Beach Memorial Medical Center, accession date September 14, 2007, stating the specimen represented biopsies from a left endobronchial lesion and consisted of seven pieces of tissue measuring 1 to 2 mm in greatest dimension that were inked and totally submitted in cassettes 10983. This slide shows four step sections made from the block that contained multiple pieces of tissue. There are fragments of viable and necrotic tumor, the viable tumor having features most suggestive of a poorly differentiated squamous cell carcinoma.

According to the pathology report, immunostains were performed and showed the following results:

| | |
|---|---|
| p63 | Positive (nuclear) |
| TTF-1 | Negative |
| Synaptophysin | Negative |
| NSE | Negative |
| Chromogranin A | Negative |

The results were stated to confirm a diagnosis of a poorly differentiated squamous cell carcinoma.

---

L08-106                    *Salamante, Edgardo*                    *Page 2 of 3*

**The following summary statements can be made in this case:**

1. My name is Samuel P. Hammar, M.D., and I am licensed to practice medicine in the State of Washington. My license is active. I have been Board certified in clinical and anatomic pathology since 1975.

2. Mr. Edgardo Salamante is a 70 year old man. According to information received from Ms. Menzies, Mr. Salamante served in the U.S. Navy from 1957 to 1977 and worked at the Long Beach Naval Shipyard as a shipwright mechanic where he was exposed to asbestos-containing materials. Mr. Salamante was stated to have had an approximate 30-pack year history of cigarette smoking between 1977 and early 2008.

3. Clinical information obtained from the pathology report designated SP07-10983 stated Mr. Salamante was a smoker who had hemoptysis, a persistent left lower lobe infiltrate/effusion and a left mainstem endobronchial lesion that was suspicious for carcinoma.

4. A letter report by Dr. Christopher L. John stated there were small irregular opacities in the chest radiograph dated March 11, 2008 that were in all zones with a profusion of 2/3. There were bilateral calcified pleural plaques.

5. I reviewed one glass slide designated CY07-2439 that represented a bronchial washing. This slide contained blood and numerous aggregates of bacteria and a few highly atypical epithelial cells consistent with a primary non-small cell lung cancer.

6. I reviewed one glass slide designated SP07-10983 that represented a left endobronchial lesion that had the features of a poorly differentiated squamous cell carcinoma including positive p63 test and a negative TTF-1, synaptophysin, NSE and chromogranin.

7. Based on Mr. Salamante's history of exposure to asbestos as described in my report, I conclude his lung cancer was caused by asbestos.

8. Based on Mr. Salamante's 30-pack year history of cigarette smoking, I conclude his lung cancer was caused by cigarette smoke carcinogens.

9. I conclude Mr. Salamante's lung cancer was caused by the combined effect of asbestos and cigarette smoke carcinogens.

10. All opinions and conclusions in my report are to a reasonable degree of medical certainty/probability.

*Sam Hammar*

---

**L08-106**         *Salamante, Edgardo*              *Page 3 of 3*