MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 9 2008

FILED
CLERK'S OFFICE

PLEADING NO. 5583

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re ASBESTOS PRODUCTS LIAIBLITY LITIGATION (No. VI) | MDL Docket No. 875 |

| | |
|---|---|
| SANDRA BRUNSON, Individually and as the Executor of the Estate of JOHN BRUNSON, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>ALFA LAVAL, INC., et al., | Civil Action No. 3:08cv374-JRS<br>E.D. Va., Richmond Division |

**VIAD CORP'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER 312**

Defendant Viad Corp, by counsel, pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, states as follows for its opposition to the Plaintiff's Motion to Vacate Conditional Transfer Order:

OFFICIAL FILE COPY

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
2008 SEP -8 P 3: 45
RECEIVED
CLERK'S OFFICE

IMAGED SEP 9 2008

## ARGUMENT

The Plaintiff asserts essentially two grounds in support of her motion to vacate the Conditional Transfer Order 312 ("CTO-312"). First, she argues that it would be a waste of judicial resources to transfer the case without first having her remand motion heard. Plaintiff's Brief ¶¶ 13-16. Second, she contends that, because the district court has assigned a different case number to each of the three Notices of Removal that were filed, and only one of the three (the case assigned to Viad's Notice of Removal, 3:08cv374) is the subject of CTO-312, this Panel should not transfer the one case and leave the others pending. Plaintiff's Brief ¶ 17. Neither of these grounds justifies vacating CTO-312.

Plaintiff's argument that it will be judicially inefficient to transfer the case to the MDL before her remand motion is heard must fail. As this Panel repeatedly has held, such arguments were considered and rejected at the outset in determining to centralize all pending federal asbestos personal injury cases not then in trial. See June 6, 2008 Transfer Order, *In Re: Asbestos Products Liability Litigation (No. VI)*, MDL No. 875 (attached as Exhibit A):

> [D]istinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status . . . , the docket condition of any specific federal district, [or] the stage of pretrial proceedings . . . were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.

June 6, 2008 Transfer Order at 1-2 (Exhibit A) (footnotes omitted). See also April 8, 2008 Transfer Order, *In Re: Asbestos Products Liability Litigation (No. VI)*, MDL No. 875 (attached as Exhibit B); February 8, 2008 Transfer Order, *In Re: Asbestos Products Liability Litigation (No. VI)*, MDL No. 875 (attached as Exhibit C).

This Panel specifically has noted that a transferor court "wishing to address such motions ha[s] adequate time in which to do so. . . ." June 6, 2008 Transfer Order at 1-2 n.2. The

transferee court, of course, is equally capable of ruling on any motion to remand. And given that the issue of appropriateness of federal officer removal in asbestos cases is likely to recur, the transferee court is arguably in a better position to resolve the issue dispositively than any single transferor court.

Finally, the Plaintiff points out that the removal of her state court case by three different defendants has resulted in the district court's opening three separate cases and assigning each a different case number. Because only the first removed case is currently subject to CTO-312, the Plaintiff argues, the Panel should leave all three cases in the transferor court.

Procedurally, it is doubtful that any but the first removal of the state action has any legal effect. That is because the state court is deprived of jurisdiction to act in the case once the appropriate removal notice is filed. See 28 U.S.C. § 1446(d) (after removal, "the State court shall proceed no further unless and until the case is remanded."). In a sense then, there are no further proceedings to "remove" once the first removal notice is filed.[1]

To resolve any doubt, the Panel should include the other two pending actions (*Sandra Brunson, etc., v. Alfa Laval, Inc., et al.*, C.A. No. 3:08cv375 (E.D. Va.) and *Sandra Brunson, etc., v. Alfa Laval, Inc., et al.*, C.A. No. 3:08cv375 (E.D. Va.) in the next Conditional Transfer Order.

## CONCLUSION

To summarize, the fact that the Plaintiff has pending a motion to remand the case to state court does not make this case any different from many others already transferred to the MDL. This Panel considered and rejected that factor as a basis for treating one asbestos case differently

---

[1] In any case, the Plaintiff should not be heard to complain that only one of the three federal cases is being transferred. As two different courts will then have before it her motion to remand, the resolution of that motion can only be accelerated.

from another in setting up the original parameters of MDL No. 875. The fact that the district court saw fit to open three cases rather than one should have no bearing on transfer either. The proper procedure is to add the other two cases to the MDL at the next opportunity.

Respectfully submitted,

VIAD CORP

9-5-08
Date

K. Reed Mayo
Virginia State Bar #26601
REED MAYO LAW FIRM, P.C.
484 Viking Drive, Suite 130
Virginia Beach, Virginia 23452
Tel:   (757) 648-1376
Fax:   (757) 648-1379
*Counsel for Viad Corp*

2008 SEP -8 P 3:46
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

Case MDL No. 875 Document 5583 Filed 09/09/08 Page 5 of 16

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 9 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I served a copy of the foregoing upon all counsel of record appearing on the Panel Service List (excerpted from CTO-312) and counsel listed below via U.S. Mail:

Thomas C. Junker, Esq.
Anthony B. Taddeo, Jr., Esq.
David M. Sturm, Esq.
Junker, Taddeo & Sturm, PLC
3 West Cary Street
Richmond, VA 23220
*Counsel for General Electric*

Jeffrey S. Poretz, Esq.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102-3833
*Counsel for Buffalo Pumps, Inc.*

Clement D. Carter, Esq.
Robert F. Redmond, Jr., Esq.
Williams Mullen, P.C.
Two James Center
1021 East Cary Street
Richmond, VA 23219
*Counsel for Alfa Laval, Inc.*

_____
K. Reed Mayo

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                  MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-312)

Sandra Brunson, etc. v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 3:08-374

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Laura Cabutto
SIMON EDDINS & GREENSTONE
3232 McKinney Avenue
Suite 610
Dallas, TX 75205

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kenneth Reed Mayo
REED MAYO LAW FIRM PC
484 Viking Drive
Suite 130
Virginia Beach, VA 23452

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael G. Phelan
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 06, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MDL No. 875

TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in eight actions listed on Schedule A and pending in the Central District of California (three actions), Southern District of California, Middle District of Florida, Southern District of Florida (two actions), and District of Rhode Island, respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. See *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status,

---

[*] Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the Central District of California *Dyer*, Southern District of Florida *Marley* and *Papp*, and District of Rhode Island *Kortekamp* actions.

[1] Foster Wheeler Energy Corp. (with respect to the Central District of California *Dyer* and *Munn* actions and the Southern District of California *Ball* action); Viad Corp. (with respect to the Central District of California *Munn* actions and the Southern District of Florida *Marley* and *Papp* actions); Lorillard Tobacco Co. (with respect to the Middle District of Florida *Krause* action); Elliott Turbomachinery Co., Inc. (with respect to the Southern District of Florida *Marley* action); and General Electric Co. (with respect to the District of Rhode Island *Kortekamp* action).

[2] Certain plaintiffs argue that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a
(continued...)

EXHIBIT A

the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.[3] We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of June 2, 2008, (1) over 77,000 actions have been closed in the transferee district, and (2) over 1,375 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.[4] *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these eight actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the

---

[2](...continued)
practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

[3] We have also previously rejected the contention, which is again raised by plaintiffs in the three Florida actions here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." *In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001).

[4] We note, for example, that on May 7, 2008, we remanded, on the transferee court's suggestion, an Eastern District of Louisiana action that had been transferred to the MDL – over the plaintiff's objection – only in October of last year. *See Leigh Cole, Sr. v. Northrop Grumman Ship Systems, Inc., et al.*, C.A. No. 2:07-3049. Although the number of Section 1407 remands in MDL No. 875 is proportionately small, this is only because under the transferee court's stewardship, the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings. *See In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d at 1349-50.

- 3 -

Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*    J. Frederick Motz*
Robert L. Miller, Jr.            Kathryn H. Vratil
David R. Hansen                  Anthony J. Scirica

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                            MDL No. 875

## SCHEDULE A

### Central District of California

Jerry Dyer, et al. v. Alfa-Laval, Inc., et al., C.A. No. 2:07-7959
Ted Munn, et al. v. CLA-VAL Co., et al., C.A. No. 2:08-248
Ted Munn, et al. v. CLA-VAL Co., et al., C.A. No. 2:08-282

### Southern District of California

Rodney C. Ball, et al. v. Union Carbide Corp., et al., C.A. No. 3:07-2392

### Middle District of Florida

Phyllis Krause, etc. v. Bondex International, Inc., et al., C.A. No. 8:07-1954

### Southern District of Florida

Charles G. Papp, et al. v. Alfa Laval, Inc., et al., C.A. No. 0:07-61827
David A. Marley, et al. v. Elliott Turbomachinery Co., Inc., et al., C.A. No. 1:07-23042

### District of Rhode Island

Todd Kortekamp, et al. v. 3M Co., et al., C.A. No. 1:08-43

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 08, 2008

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MDL No. 875

TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in five actions listed on Schedule A and pending in the District of Connecticut, Northern District of Illinois, District of Maryland (two actions), and District of New Jersey, respectively,[1] have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[2] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the

---

[*] Judges Heyburn and Scirica took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut *Contois*, Northern District of Illinois *Harris*, and District of Maryland *Boyd* and *McCurdy* actions.

[1] Plaintiffs in a sixth action that was pending in the Southern District of Illinois, *Sether, et al. v. AGCO Corp., et al.*, C.A. No. 3:07-809, also moved to vacate the respective portion of our order conditionally transferring that action to MDL No. 875. Although we considered that motion at our March 2008 hearing session, we have since been informed that *Sether* has been remanded to Illinois state court. Accordingly, the issue of Section 1407 transfer with respect to *Sether* is moot.

[2] General Electric Co. and Buffalo Pumps, Inc. (in the District of Connecticut action); Viad Corp. (in the Northern District of Illinois action); Garlock Sealing Technologies, LLC, and Greene, Tweed & Co. (in the District of Maryland *McCurdy* action); and Agilent Technologies, Inc., and Hewlett-Packard Co. (in the District of New Jersey action).


EXHIBIT B

- 2 -

type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.[3]  We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of March 31, 2008, (1) over 76,450 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*      J. Frederick Motz*
Robert L. Miller, Jr.                         Kathryn H. Vratil
David R. Hansen                             Anthony J. Scirica*

---

[3] We have also previously rejected the contention, which is again raised by plaintiff in the District of Connecticut *Contois* action here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." *In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001).

## IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)

MDL No. 875

### SCHEDULE A

#### District of Connecticut

Laura Contois, etc. v. Able Industries, Inc., et al., C.A. No. 3:07-1328

#### Northern District of Illinois

Mary Ellen Harris, etc. v. Rapid-American Corp., et al., C.A. No. 1:07-6055

#### District of Maryland

Michael J. McCurdy, et al. v. John Crane-Houdaille, Inc., et al., C.A. No. 1:07-2681
Dorothy Boyd, etc. v. MCIC, Inc., et al., C.A. No. 1:07-3311

#### District of New Jersey

Ruth Shamir, etc. v. Agilent Technologies, Inc., et al., C.A. No. 2:07-4185

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 08, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MDL No. 875

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in five actions listed on Schedule A and pending in the District of Connecticut, Eastern District of Louisiana, District of Maryland, Southern District of New York, and Western District of Washington, respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

---

[*] Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of Connecticut *Machnik* and District of Maryland *Shifflett* actions.

[1] General Electric Co. and Viad Corp. (in the District of Connecticut action); Certainteed Corp. (in the Eastern District of Louisiana action); CBS Corp. and Federated Development, L.L.C. (in the District of Maryland action); Baxter Healthcare Corp., Fisher Scientific International Inc., VWR International, Inc., and Univar USA Inc. (in the Southern District of New York action); and AstenJohnson, Inc., and Scapa Dryer Fabrics, Inc. (in the Western District of Washington action).


EXHIBIT C

-2-

Under the stewardship of the transferee court, as of February 1, 2008, (1) over 76,400 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*   J. Frederick Motz*
Robert L. Miller, Jr.           Kathryn H. Vratil
David R. Hansen                 Anthony J. Scirica

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                         MDL No. 875

## SCHEDULE A

### District of Connecticut

Elizabeth Machnik, etc. v. Buffalo Pumps, Inc., et al., C.A. No. 3:07-357

### Eastern District of Louisiana

Fernando Agusto Silva v. CertainTeed Corp., et al., C.A. No. 2:07-6259

### District of Maryland

Lewis Shifflett, et al. v. AC&R Insulation Co., Inc., et al., C.A. No. 1:07-2397

### Southern District of New York

Christian Holinka v. Baxter Healthcare Corp., et al., C.A. No. 1:07-8019

### Western District of Washington

Henry Barabin, et al. v. Albany International Corp., et al., C.A. No. 2:07-1454