MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 9 2008

FILED
CLERK'S OFFICE

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
415-898-1555

PLEADING NO. 5584

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | ) MDL DOCKET NO. 875 ) CTO -291 ) |
| This Document Relates to: | ) *Western District of Washington, at Seattle* ) *Case No. C07-1454 RSL* |
| HENRY BARABIN, et al. | ) |
| Plaintiffs, | ) **PLAINTIFFS' RESPONSE IN** |
| vs. | ) **OPPOSITION TO MOTION TO** ) **VACATE CONDITIONAL REMAND** ) **ORDER** |
| ALBANY INTERNATIONAL CORP., et al., | ) |
| Defendants. | ) |

HENRY and GERALDINE BARABIN ( "Plaintiffs") file their Response in Opposition

to Defendant AstenJohnson, Inc.'s ("Asten") Motion to Vacate Conditional Remand Order

entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on July 22, 2008.

Plaintiffs respectfully request the Panel deny Asten's Motion and to immediately

remand the above entitled and numbered case to the transferor court, the United States District

Court for the Western District of Washington.

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

This action for asbestos-related personal injury was originally filed by Henry Barabin

and his wife, Geraldine, against numerous defendants including Crane Co. Inc ("Crane"), Scapa

dryer Fabrics Inc. ("Scapa") and Asten Group, Inc. ("Asten") in the King County Superior

IMAGED SEP 9 2008    *OFFICIAL FILE COPY*

1  Court on December 16, 2006. It qualified for an expedited trial pursuant to <u>RCW 4.44.025</u>

2  because of the precarious and inevitably deteriorating state of Mr. Barabin health. Trial was set

3  to begin with the two plaintiffs and only three remaining defendants – Crane, Scapa and Asten.

4  – just six months later in late September 2007. All pretrial issues, save motions in limine, had

5  been litigated and resolved in the state court, including summary judgment motions filed by

6  each of the remaining defendants, Asten, Scapa and Crane. Identification of experts who would

7  testify at trial was complete as was extensive expert and fact discovery. The parties had all

8  expended substantial time and money, scheduled witnesses, including several expert witnesses,

9  prepared exhibits, and completed their trial preparations.

10      Defendant Asten removed this matter to the United States District Court for the Western

11  District of Washington on September 18, 2007. This matter was subsequently transferred to the

12  United States District Court for the Eastern District of Pennsylvania pursuant to the order of this

13  Panel on February 1, 2008.

14      Mr. Barabin's health is precarious and deteriorating. He is a 68 year old man suffering

15  from mesothelioma, a near uniformly fatal illness. This disease is an inherently progressive

16  illness, with inevitable and predictable deterioration over time. Mr. Barabin is expected to

17  experience a progressive decline in respiratory function, leading to death. Mr. Barabin is

18  acutely aware of his prognosis and is concerned that any delay in remanding this case to the

19  transferor court will deny him his day in court.

20      It is time for trial, not for further and unnecessary delay. The Barabins, therefore, in

21  furtherance of justice, vigorously oppose Asten's Motion to vacate the Conditional Remand

22  Order, and ask this Panel to defer to and uphold the Suggestion of Remand issued by the Hon.

23  James T. Giles of the United States District Court in the Eastern District of Pennsylvania.

24      Justice, reason and fairness demand that the further intentional and unnecessary delay

25  sought by Asten be denied, and that this case be remanded to the Western District of

26  Washington for the setting of a prompt date for trial. The situation is urgent because Mr.

27  Barabin suffers from a lethal and unpredictable illness and there is great danger that Mr.

28  Barabin will be either too ill testify at or to assist in the trial of his claim if the matter is further

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO VACATE CONDITIONAL REMAND ORDER

1    delayed. There is also the danger that he may die if there is further delay.

2    **ARGUMENT**

3    The Barabins wish to preserve their only realistic opportunity to see their day in Court

4    together by proceeding to prompt trial in the Western District of Washington.

5    Mr. Barabin moved for and was granted an expedited trial date on March 6, 2007. He

6    qualified for an expedited trial date under Washington law because he is afflicted with a

7    terminal illness.

8    RCW 4.44.025 provides as follows:

9    When setting civil cases for trial, unless otherwise provided by statute, upon
     motion of a party, the court may give priority to cases in which a party is frail

10   and over 70 years of age *or is afflicted with a terminal illness*. (emphasis added)

11   His rights to an expedited trial date under this provision of Washington law should not

12   be extinguished. Indeed both the applicability and the rationale for an expedited proceeding

13   persist in the federal action. In light of the well-advanced stage of this litigation (which was

14   very nearly in trial when it was removed to federal court) and the considerable and substantial

15   settlement conferences and efforts, retaining this matter in the transferee court runs counter to

16   the intent and purpose of the Judicial Panel on Multi-district Litigation when it created MDL-

17   875 "for coordinated or consolidated pretrial proceedings," and specifically limited its reach to

18   actions that "are not in trial, and are pending outside the Eastern District of Pennsylvania." *In*

19   *re Asbestos Products Liability Litigations* (No. VI), 771 F.Supp.415, 424

20   (Jud.Pan.Mult.Lit.,1991); 28 U.S.C.A. § 1407(a). At the conclusion of pretrial proceedings,

21   each case must be remanded back to the district court from which it originated for trial. *In re*

22   *Drowning Incident at Quality Inn Northeast, Washington, D.C.,* on May 3, 1974, 405 F.Supp.

23   1304 (Jud.Pan.Mult.Lit., 1976). The statute "obligates the Panel to remand any pending case to

24   its originating court when, at the latest, those pretrial proceedings have run their course." *Id.*

25   (quoting *Lexecon, Inc. v. Milberg, Weiss, Bershand, Hynes & Lerach*, 523 U.S. 26, 34-35

26   (1998)). This obligation to remand is 'impervious to judicial discretion'" *Id.*

27   This Panel, in entering its Transfer Order, stated:

28   We are confident that the transferee court will continue to
     promptly review arguments for returning transferred actions

1   or claims to their transferor courts and will take all appropriate
    steps to assure their speedy return whenever it is convinced
2   that retention in the MDL Bo. 875 proceedings is no longer needed.

3   Judge Giles, in his Suggestion of Remand, stated:

4   This matter being reviewed this date upon Plaintiff's Motion
    to Remand to the United states District Court for the Western
5   District of Washington, and the Court having reviewed this
    case and having had settlement and telephone conferences
6   with the parties, and now believing that such motion is
    appropriate for the determination of certain issues as the
7   parties have been unable to resolve these matters despite
    reasonable efforts being made.

8

9   This panel should continue its "confidence" in Judge Giles and follow his suggestion to

10  remand this case.

11       After these unsuccessful settlement and telephone conferences, this matter should be

12  remanded to Washington.  While this case shares with other MDL 875 cases the common

13  material, asbestos fibers, it is wholly different in its simplicity and limited scope.  The critical

14  issues presented in the Barabins' case pertain to the time and place and amount of Mr.

15  Barabin's exposure to a handful of specific products containing asbestos,  not to the broad

16  spectrum of asbestos product manufacturers which are the focus of a majority of asbestos

17  litigation.

18       This case has devolved through successful settlement or dismissal of many of the

19  defendants named in the original complaint into a simple, straightforward case where the facts

20  in dispute (other than the generic fact of asbestos exposure) are entirely unique to Mr. Barabin's

21  work history and identification of the products with which he, in particular, worked.  The

22  evidence that will be presented in this case is essentially applicable to this one married couple,

23  and will be of little possible benefit to the parties in MDL 875.  Discovery is mostly completed

24  here and the parameters of the relevant evidence have already been defined.

25       There is little benefit, and thus little convenience, to retaining the present case in the

26  Pennsylvania proceedings.

27       In reaching a decision to remand and to follow the suggestion of remand issued by Judge

28  Giles, the Panel should consider whether transfer will promote the just and efficient conduct of

1   the action in question.  See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000).  That is the

2   most important factor in determining whether consolidation of a tag along case is appropriate.

3   *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C. 1999). The term

4   "efficiency" in this context usually refers to conserving judicial resources.  17 Moore's Federal

5   Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

6          Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;

7   (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and

8   judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993).  *See*

9   *generally In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255

10  (J.P.M.L. 1969) (Wiegel, J., concurring)

11         Continued consolidation of the Barabins' case with MDL 875 will not serve any of these

12  aims.  This case is no longer the complex administrative challenge it may have been when there

13  were thirty-one defendants, and following "reasonable efforts being made", according to the

14  express findings of Judge Giles, to settle this case in the transferee court, it is now suitable for

15  remand to the transferor court.  Only minimal and simple, end-stage pretrial proceedings

16  remain, which can be most efficiently handled by the district court in Seattle, Washington in the

17  Federal District Court for the Western District of Washington.  Here, the parties will be able to

18  move quickly through any further pretrial proceedings and proceed to trial.  It is time.

19         The parties will no longer benefit from the MDL 875's focus on common asbestos

20  defendants because this case is focused on only three defendants.  It is nothing like  a 'class

21  action natured asbestos action' (multiple unrelated plaintiffs against common asbestos product

22  manufactures) which was the context in which MDL 875 was created to eliminate duplicative

23  discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their

24  counsel, and the judiciary.  This case is a straightforward personal injury action, one that the

25  state court and the parties were able to move rapidly to trial in only eight months.

26         Contrary to the disingenuous contentions of Asten, there is no further promise of

27  enhanced settlement potential in the Eastern District of Pennsylvania.  Settlement negotiations

28  took place with Judge Giles who has found that the parties "have been unable to resolve these

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO VACATE CONDITIONAL REMAND ORDER

1    matters despite reasonable efforts being made." Moreover, all of the remaining defendants had

2    previously engaged in alternative dispute resolution and had made attempts to settle the case

3    pre-trial. One of the defendants, Scapa, has indicated a total unwillingness to settle for any

4    amount however small.

5    The parties basically completed discovery months ago, and identified all the experts who

6    were scheduled to testify at the scheduled September, 2007 trial. Pre-trial conferences were

7    held and had been concluded with the three remaining defendants. In light of these events,

8    Plaintiffs respectfully submit that denial of remand is more likely to obstruct rather than

9    promote the just and efficient conduct of this case. Retention in the transferee court will serve

10    only to delay the matter, while increasing the judicial workload of the Pennsylvania court, and

11    accomplishing no effective progress in the action. Defendant attempts to delay justice, rather

12    than to serve it.

13    This Panel, pursuant to the Suggestion of Judge Giles, has the power to remand "with a

14    minimum of delay" any actions that prove incapable of benefitting from consolidation. *See, In*

15    *re Equity Funding Corp.*, 397 F. Supp. at 886.

16    The judicial panel, in support of its order on July 29, 1991, cited the observation and

17    conclusion of Judge Jack B. Weinstein (E.D.N.Y.): "The large number of asbestos

18    lawsuits...threatens to ...deprive all litigants...of meaningful resolution of their claims..." (*In re*

19    *Asbestos Products Liability Litigation* (No. VI), 1991, 771 F. Supp. 415419)

20    The panel itself stated that the number of asbestos cases threatened "to deny justice and

21    compensation to many deserving claimants" (*Id*. at 419) and that its Order offered a "great

22    opportunity to all participants who sincerely wish to resolve these asbestos matters fairly and

23    with as little unnecessary expense as possible." (*Id*. at 424).

24    In the instant matter, which began with twenty-two named defendants, there are only

25    three remaining defendants and the trial was set and ready to be commenced on September 24,

26    2007. Defendants notice of removal was filed just six days prior to trial. Discovery was nearly

27    complete. The case is no longer complex and there are no longer common issues of fact to be

28    decided. Settlement negotiations were concluded without success with plaintiffs and all three

1   removing defendants participating in mediation conferences.  Defendant Scapa communicated

2   to the mediator that it was not willing to offer any monies whatsoever to settle this case, and it

3   is noteworthy that in defendants' responses to plaintiffs motion to vacate the Conditional

4   Transfer Order, only defendant Asten stated that it was "amenable to engaging in settlement

5   negotiations".  Both Scapa and Crane were, and remain, conspicuously silent on this issue - but

6   at least consistent with their previous actions and communications.  It is extremely

7   disingenuous, therefore, for defendant Asten to suggest, as it does in their motion,  that

8   additional settlement negotiations with Judge Giles might resolve this matter.  In fact this naked

9   assertion is directly contrary to the suggestion of remand issued by Judge Giles.

10          The question thus arises: What exactly are defendants trying to achieve here?  The just

11   and efficient conduct of this litigation?  A prompt and meaningful resolution of plaintiffs'

12   claims?  Possible settlements?  Hardly.  To be perfectly blunt and unambiguous, plaintiffs posit

13   that the only reason for defendants attempt to retain this matter in the transferee MDL court is

14   delay.  Plaintiffs submit that the true motives of these defendants are completely antithetical to

15   the valid, reasonable, and indeed admirable, purpose of the MDL mission.

16          Defendants are engaging in "gamesmanship" at the expense of justice.  Without

17   meaning to be overly dramatic, it is a fact that each and every day that prolongs the path to trial

18   and a verdict, brings  Henry Barabin closer to his deathbed, denying him the opportunity to

19   speak to a jury, to assist in the trial of his case and to see justice for him and his family in his

20   lifetime.  But this extreme and irrevocable prejudice to Mr. Barabin is a benefit to defendants.

21   Once Mr. Barabin dies, damages are lessened and the jury will never have to see a frail and

22   dying person on the stand.  Perhaps this is too harsh a condemnation of defendant's motives -

23   but this is too important an issue to dance around.

24          This panel should not countenance this type of procedural gamesmanship for this is not

25   a game.  Mr. Barabin is a real person who is dying.  He deserves the "just and efficient"

26   conclusion of this matter during his lifetime.  The universally recognized maxim that "Justice

27   delayed is justice denied" is more than just hollow verbiage in this case.

28   ///

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO VACATE CONDITIONAL REMAND ORDER

1    The case of In re Patenaude (3d Cir., 2000, 210 F.3d 135) is instructive concerning when

2   to remand jurisdiction to the transferor district court:  If the claimant is seriously ill or dying and

3   all avenues of settlement were exhausted (at 140); When pretrial proceedings have run their

4   course (at 142) and; When everything that remains to be done is case specific (at 145).  In this

5   case, all of the above factors are present.  Jurisdiction should be remanded to the District Court

6   for the Western District of Washington and this matter should proceed promptly to trial.

7

8                                         **CONCLUSION**

9          The case is prepared for trial, as indeed it was on the eve of being tried, when it was

10  removed from the state court to the federal court.  It needs no more pretrial proceedings.  There

11  are no common issues to be determined in the MDL.  The plaintiff's health is rapidly

12  deteriorating and the interests of justice cry out for a speedy trial.  There are only three

13  defendants, there are only individual questions of exposure and disease to be determined, and

14  there are no common questions shared with other MDL cases to be considered.  It is time for an

15  end to defendants' cynical attempts to continue delaying the Barabins' day in court.

16         Plaintiffs Henry Barabin and Geraldine Barabin respectfully request that this panel deny

17  defendant's motion to vacate the conditional remand order and follow the suggestion of Judge

18  Giles to remand this matter to United States District court for the Western District of

19  Washington where all parties now have the best opportunity to have this matter efficiently

20  conducted in the interests of a fair, just and prompt resolution of the matter.

21                                         Respectfully submitted,

22  Dated: September 8, 2008                BRAYTON❖PURCELL LLP

23

24

25                                   By:

26                                       Richard M. Grant
                                         BRAYTON❖PURCELL LLP
27                                       Attorneys for Plaintiffs, Henry Barabin, et al.

28

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO VACATE CONDITIONAL REMAND ORDER

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 9 2008

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7

8          **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

9

10   IN RE: ASBESTOS PRODUCTS                    )   MDL DOCKET NO. 875
     LIABILITY LITIGATION (NO. VI),              )   CTO -291
11                                               )
     This Document Relates to:                   )   *Western District of Washington, at Seattle*
12                                               )   *Case No. C07-1454 RSL*
     HENRY BARABIN, et al.                       )
13                                               )
              Plaintiffs,                        )   **CERTIFICATE OF SERVICE**
14                                               )
     vs.                                         )
15                                               )   Re: Plaintiffs' Response in Opposition to
     ALBANY INTERNATIONAL CORP., et              )   Motion to Vacte Conditioal Remand Order
16   al.,                                        )
                                                 )
17            Defendants.                        )

18

19          I hereby certify that on September 8, 2008, I sent the following documents (including

20   this Certificate of Service:

21          **PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO VACATE**
            **CONDITIONAL REMAND ORDER**
22

23   via Fed Ex to:

24          Jeffery N. Luthi, Clerk of the Panel
            One Columbia Circle NE
25          Thurgood Marshall Federal Blds., G 255 North Lobby
            Washington, DC 20002
26

27   ///

28

BRAYTON◆PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
415-898-1555

K:\FORMS\POSTRIAL\USDC-CertServ.wpd                    1
CERTIFICATE OF SERVICE

1  and the same documents via United States First Class Mail to the following parties on the

2  attached service list.

3        Dated this 8th day of September, 2008

4

5                                    BRAYTON ❖ PURCELL LLP

6

7

8                                    _____
                                     Jane Ehni, Secretary to Richard Grant
9                                    Attorneys for Plaintiffs, Henry Barabin, et al.

10

11

12

13

14

15

16

17

18

19

20

21

22

23                                   RECEIVED
                                     CLERK'S OFFICE
24                                   2008 SEP -9 A 10: 26
                                     JUDICIAL PANEL ON
25                                   MULTIDISTRICT
                                     LITIGATION

26

27

28

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

PANEL SERVICE LIST (Excerpted from CRO)

Henry Barabin, et al. v. Albany International Corp., et al., E.D. Pennsylvania
(W.D. Washington 2:07-1454)

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Jan C. Kirkwood
WILLIAMS KASTNER
Two Union Square, Suite 4100
601 Union Street
Seattle, WA 98101

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Barry N. Mesher
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101

Delaney L. Miller
BRAYTON PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Date Created: 9/8/2008-1:35:49 PM                    Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Live
Matter Number: 106995.001 - Henry Barabin

**Jackson & Wallace**
Portland, OR  97204
**Defendants:**
   Viking Pump Inc. (VIKPUM)

**Kirkpatrick & Lockhart Preston Gates Ellis LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
206-623-7580   206-623-7022 (fax)
**Defendants:**
   Asten Johnson, Inc. (ASTJOH)

**Lane Powell PC**
1420 Fifth Avenue
Suite 4100
Seattle, WA  98101
206-223-7000   206-223-7107 (fax)
**Defendants:**
   Crane Co. (CRANCO)

**Law Offices of Nancy E. Hudgins**
565 Commercial, 4th Floor
San Francisco, CA  94111
415-979-0100   415-979-0747 (fax)
**Defendants:**
   Uniroyal Holding, Inc. (UNIROY)

**Williams, Kastner & Gibbs**
601 Union St., Suite 4100
PO Box 21926
Seattle, WA  98111
206-628-6600   206-628-6611 (fax)
**Defendants:**
   Scapa Dryer Fabrics, Inc. (SCAPAD)