MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 11 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCT LIABILITY
LITIGATION (NO. VI)

MDL No. 875

SANDRA BRUNSON, Individually
And as Executor of the Estate of JOHN
BRUNSON, Deceased,

    Plaintiff,

v.

ALFA LAVAL, INC., et. al.,

    Defendants.

Civil Action No. 3:08-cv-00374-JRS

From the
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF VIRGINIA,
RICHMOND DIVISION
(Removed on June 18, 2008, from the
Circuit Court for the City of
Richmond, Case No. CL08-2342)

PLEADING NO. 5586

## DEFENDANT GENERAL ELECTRIC COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant General Electric Company ("GE"), by counsel, submits this brief in opposition to Plaintiff's Motion and Brief to Vacate the Conditional Transfer Order filed herein. Contrary to Plaintiff's arguments, the Transferee Court has the ability and authority to decide Plaintiff's Motion to Remand, without unfair prejudice to Plaintiff or unnecessary waste of judicial resources, and Plaintiff's motion should therefore be denied, as further set forth below.

### STATEMENT OF FACTS

1. This is an asbestos case in which Plaintiff William Bussey ("Plaintiff") alleges, among other things, that he developed malignant mesothelioma as a result of

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 11 2008

RECEIVED
CLERK'S OFFICE

OFFICIAL FILE COPY

IMAGED SEP 1 2 2008

exposure to asbestos allegedly associated with GE "turbines and generators" while he served in the U.S. Navy from 1957-73, on board the *U.S.S. Denebola* (AF-56), *U.S.S. Grampus* (SS-523), *U.S.S. Rankin* (AKA-103), *U.S.S. Randolph* (CVS-15), *U.S.S. John F. Kennedy* (CV-67) and the *U.S.S. Rigel* (AF-58). See Complaint, ¶ 1, 9. Plaintiff claims that GE violated its state law duties and was negligent in failing to warn Plaintiff of the hazards of asbestos, and that the GE products were also defective as a result. See Complaint, ¶¶ 10-14; 15-25.

2. Plaintiff commenced this action in the Circuit Court for the City of Richmond on May 16, 2008. On June 18, 2008, defendants GE, Viad Corporation ("Viad"), and Buffalo Pumps, Inc. ("Buffalo Pumps") removed the action to the United States District Court for the Eastern District of Virginia. Buffalo Pumps, Viad and GE based their Notices of Removal on 28 U.S.C. § 1442 (a)(1), the "federal officer" removal statute. Consent or joinder of other defendants in removal on these grounds is not required. On July 17, 2008, Plaintiff filed her "Emergency Motion to Remand" with the Eastern District of Virginia arguing that the removal was improper as not meeting the requirements of that statute.

3. On July 21, 2008 the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order, which established that, on or about August 5, 2008, this action would be transferred to MDL-875 in the Eastern District of Pennsylvania. Plaintiff objected to the transfer, and on August 20, 2008 moved the Panel to vacate the Conditional Transfer Order.

...

    4.    GE respectfully requests that the Panel deny Plaintiff's motion, and allow this action to be transferred to MDL-875 in accordance with the provisions of the Conditional Transfer Order.

## ARGUMENT

### OTHER MULTIDISTRICT LITIGATION PANELS HAVE PERMITTED TRANSFEREE COURTS TO HEAR AND DECIDE MOTIONS TO REMAND, PARTICULARLY WHEN THOSE MOTIONS INVOLVE ISSUES OF LAW AND FACT COMMON TO LARGE NUMBERS OF CASES PENDING BEFORE THE MDL

Plaintiff's reliance on *Vasura v. ACandS, Inc.*, 84 F.Supp.2d 531 for the proposition that the Panel could or should vacate its Conditional Transfer Order is misplaced for several reasons. First, the issue to be decided in *Vasura* was whether diversity jurisdiction applied at the time the case was filed and when the case was removed to federal court. It was clear that the citizenship of the plaintiff in that case was the same as that of one of the defendants at the time the case was filed, and therefore there was no diversity of citizenship to support removal. In the present case, diversity is not the basis for removal of the action—this case has been removed by GE pursuant to the "federal officer removal statute", 28 U.S.C. § 1442(a)(1). Second, the plaintiff in *Vasura* did not ask the Panel to vacate its Conditional Transfer Order—the Transferor Court contacted the Panel in that instance and inquired whether it could hear and decide the remand *sua sponte*, and the Panel in that instance, seeing that the case had to be remanded for lack of diversity, vacated its order to permit remand by the Transferor Court. In the present case, of course, there is no easily-adjudicated diversity issue, and there has been no *sua sponte* request by the Transferor Court to retain jurisdiction over

this case for the purpose of hearing Plaintiff's motion. Rather, in this case, GE and other defendants have asserted that they properly removed the case against them under the federal officer removal statute, on the grounds that they can assert a colorable federal [government contractor] defense, and MDL-875 may be particularly suited to decide whether that removal was proper, because it involves common issues of law and fact across the country. Plaintiff's request for a piecemeal approach does nothing to promote efficiency and swift resolution, either in her own case or in other, similarly-situated cases already pending before MDL-875.

Other multidistrict litigation panels have permitted cases to be transferred to their respective transferee courts for the purpose of having motions to remand heard and decided. In the case of *In re Crown Life Insurance Company Premium Litigation*, 178 F.Supp.2d 1365 (MDL No. 1096, 2001), the Judicial Panel on Multidistrict Litigation for MDL 1096 held that its transfer order should not be vacated on motion by the plaintiffs in a life insurance sales practices action because the issues presented in that case involved "common questions of fact with actions in this litigation previously transferred…" Id., at 1366. The panel further held that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole. We note that any anticipated motion to remand this action to Alabama state court can be presented to and decided by the transferee judge." Id., at 1366.

In a similar case involving Agent Orange litigation, the Second Circuit held that transfer of actions to the appropriate MDL was appropriate, even in the face of a motion to remand, because "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." *In re Ivy*,

901 F.2d 7 (C.A. 2, 1990). In that case, while the procedural posture of the case was different (plaintiffs sought a writ of mandamus directing the Judicial Panel on Multidistrict Litigation to vacate its Conditional Transfer Order, after that order had taken effect), the issue presented was similar to that found in the present case—the argument that a challenge to federal courts' jurisdiction over a case is sufficient to warrant vacating the Conditional Transfer Order failed, just as it should in the present action before the Panel.

Plaintiff likewise offers no support for the naked assertion that the Transferor Court "is in the best position to rule on whether the case properly belongs in Federal Court" See, Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order, at Para. 13. Plaintiff points to no particular expertise or experience possessed by the Transferor Court that is lacking in the Transferee Court. Indeed, it would seem that the Transferee Court, having dealt with a greater number of asbestos personal injury cases, would have a greater depth of experience on the applicability of federal officer jurisdiction, and a ruling by the Transferee Court would promote uniformity and consistency in asbestos cases pending in federal courts across the country.

Likewise, Plaintiff's argument that transferring this action to the Transferee Court would increase the burden on MDL-875 and its staff, and would force the parties to expend time and resources "participating in MDL-875 procedures" is similarly unavailing. Plaintiff's position appears to be that this case should not proceed in federal court without "confirmation of jurisdiction", but he articulates no authority in support of such a position. Plaintiff also contends that, after completion of the MDL-875 "procedures", this action will be returned to the Eastern District of Virginia to deal with

the same question of whether the federal courts have jurisdiction over this action. <u>See</u>, Plaintiff's Brief, at Para. 16.

### **THE EXISTENCE OF THREE CASE NUMBERS FOR THIS ACTION IS NOT GROUNDS FOR VACATING THE CONDITIONAL TRANSFER ORDER IN THIS ACTION, AS ALL DEFENDANTS ARE PROPERLY BEFORE THE COURT IN THE PRESENT CASE**

Plaintiff's last assertion is that the existence of multiple case numbers in this action, assigned based on the removals filed by three defendants on federal officer grounds, would somehow "create confusion regarding the jurisdictional capacity of the MDL panel, the transferee court, and the transferor court." However, Plaintiff is unable to articulate any example of any such confusion which may come to afflict either this Panel, the Transferor Court, or the Transferee Court upon transfer of this action to MDL-875. Furthermore, each of the three case numbers assigned to this action, given by the Clerk of the Eastern District of Virginia, represent the removals of the same state court action, on the same federal officer removal grounds, by different defendants. It is reasonable to assume that these other case numbers will be transferred to MDL-875 with the next Conditional Transfer Order, and that all three actions will be consolidated by the Transferee Court once the transfer is completed.

### **CONCLUSION**

For those reasons, and for the other reasons discussed above, it is respectfully submitted that the Court should deny Plaintiff's Motion to Vacate the Conditional Transfer Order, and award defendant GE such other and further relief as is deemed just and proper.

Respectfully submitted,

GENERAL ELECTRIC COMPANY

By: _____
            Of Counsel

Thomas C. Junker, Esquire (VSB No. 29928)
Anthony B. Taddeo, Jr., Esquire (VSB No. 70677)
David M. Sturm, Esquire (VSB No. 44580)
Matthew D. Joss, Esquire (VSB No. 48434)
JUNKER, TADDEO & STURM, PLC
3 West Cary Street
Richmond, Virginia  23220
(804) 344-8540 (Telephone)
(804) 344-8541 (Facsimile)

*Counsel for Defendant General Electric Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendant General Electric Company's Response to Plaintiff's Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via first class mail, postage prepaid, on this 10th day of September, 2008.

_____
Matthew D. Joss, Esquire

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)  MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-312)

Sandra Brunson, etc. v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 3:08-374

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Laura Cabutto
SIMON EDDINS & GREENSTONE
3232 McKinney Avenue
Suite 610
Dallas, TX 75205

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kenneth Reed Mayo
REED MAYO LAW FIRM PC
484 Viking Drive
Suite 130
Virginia Beach, VA 23452

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael G. Phelan
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey S. Poretz
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102-3833

Clement D. Carter
Robert F. Redmond, Jr.
WILLIAMS MULLEN, P.C.
Two James Center
1021 East Cary Street
Richmond, VA 23219