MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 11 2008

FILED
CLERK'S OFFICE

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   LLOYD F. LEROY, ESQ., S.B. #203502
2  RICHARD M. GRANT, ESQ., S.B. #55677
   BRAYTON❖PURCELL LLP
3  222 Rush Landing Road
   PO Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiff

7

8  UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9  IN RE: ASBESTOS PRODUCTS          )   MDL DOCKET NO. 875
   LIABILITY LITIGATION (NO. VI)     )   CTO - 313
                                     )
10 This Document Relates to:         )
   ROBERT SCHOELZEL v.               )
11 ALLIS-CHALMERS CORP., et al.      )
   _____    /

12

13              UNITED STATES DISTRICT COURT

14       NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

15 ROBERT SCHOELZEL                  )   No.  C 08-03113 JSW
                                     )
16        Plaintiff,                 )   PLAINTIFF'S MOTION BEFORE
                                     )   THE JUDICIAL PANEL ON MULTI-
17 v.                                )   DISTRICT LITIGATION TO
                                     )   VACATE CONDITIONAL
18 ASBESTOS DEFENDANTS, et al.,      )   TRANSFER ORDER 313 AND BRIEF
                                     )   IN SUPPORT OF MOTION
19        Defendants.                )
   _____    /

20

21        ROBERT SCHOELZEL ("Movant" or "Plaintiff") by and through his counsel of record

22 files this consolidated Motion and Brief to Vacate Conditional Transfer Order 313 entered by

23 the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on August 11, 2008.

24        Movant respectfully moves the Panel pursuant to JPML Rule 7.4(c) to vacate its order

25 conditionally transferring the above entitled and numbered case to the United States District

26 Court for the Eastern District of Pennsylvania.  This motion is based on the brief in support

27 which is made a part of this filing, the Declaration of Richard M. Grant, and such other

28 materials as may be presented to the JPML at the time of the hearing on the motion.  Movant

OFFICIAL FILE COPY

IMAGED SEP 1 2 2008

1   requests the Clerk of the JPML to set this motion for hearing at the next session of the Panel.

2   Rule 7.4(c).

### I.

### PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

5        This action for asbestos-related personal injury was originally filed by Robert Schoelzel,

6   against numerous defendants in the Superior Court of the State of California, County of San

7   Francisco on June 30, 2006.  On March 5, 2008 plaintiff amended his complaint to add Carrier

8   Corporation as a defendant.  Trial was originally set to begin with plaintiff and all remaining

9   defendants on June 16, 2008.  The trial date was subsequently continued and trial is now set for

10  December 1, 2008.   Nearly all pretrial issues, save motions in limine, have been resolved in the

11  state court.  Discovery has been extensive and mostly completed excepting for expert

12  designations.

13       Defendant Carrier Corporation removed this matter to the United States District Court

14  for the Northern District of California on June 27, 2008.

15       The Conditional Order filed on August 11, 2008 transferred this case to the MDL-875 in

16  the United States District Court for the Eastern District of Pennsylvania.

17       Mr. Schoelzel's health is precarious and deteriorating. He is a 55 year old man suffering

18  from pleural disease and asbestosis, an inherently progressive illness, with inevitable and

19  predictable deterioration over time.  Mr. Schoelzel is expected to experience a progressive

20  decline in respiratory function and the removal to MDL may well deny him his day in court.

21       Because of the deteriorating and disabling nature and of the disease there is a well

22  founded concern that Mr. Schoelzel will be denied the right to stand up for himself and his

23  family, since he may become either too weak to travel or become incapacitated from his illness

24  before having his day in Court.

25       It is time for trial, not for further and unnecessary delay.  Mr. Schoelzel, therefore,

26  moves this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the

27  United States District Court for the Northern District of California to move the case speedily

28  along to trial.  Justice and fairness demand that the delay occasioned by Carrier Corporation's

1  action be ameliorated by the setting of an prompt date for trial, which requires that the matter

2  remain in the Northern District of California, or be remanded to San Francisco County Superior

3  Court.

4  ## II.

5  ## ARGUMENT

6  Title 28, United States Code, section 1407(a) allows for the transfer of a civil action

7  "involving one or more common questions of fact" only if the Panel determines that a transfer

8  "will be for the convenience of parties and witnesses and will promote the just and efficient

9  conduct of such actions."  Mr. Schoelzel submits that this case does not meet these

10  requirements.  Grouping this case with the MDL's inventory of huge and unrelated cases will

11  impede rather than enhance the progress of this case.  If transfer goes forward, it is possible that

12  Mr. Schoelzel will never meet the jury in his own case.

13  The well-advanced stage of this litigation which is now less than three months short of

14  trial, runs counter to the intent and purpose of the Judicial Panel on Multi-district Litigation

15  when it created MDL-875 "for coordinated or consolidated pretrial proceedings," and

16  specifically limited its reach to actions that "are not in trial, and are pending outside the Eastern

17  District of Pennsylvania." *In re Asbestos Products Liability Litigations (No. VI)*,771 F.Supp.

18  415, 424 (Jud.Pan.Mult.Lit.,1991); 28 U.S.C.A. § 1407(a).  At the conclusion of pretrial

19  proceedings, each case must be remanded back to the district court from which it originated for

20  trial. *In re Drowning Incident at Quality Inn Northeast, Washington, D.C., on May 3, 1974,*

21  405 F.Supp. 1304 (Jud.Pan.Mult.Lit., 1976).  The statute "obligates the Panel to remand any

22  pending case to its originating court when, at the latest, those pretrial proceedings have run their

23  course." *Id.* (quoting Lexecon, Inc. v. Milberg, Weiss, Bershand, Hynes & Lerach, 523 U.S. 26,

24  34-35 (1998)).  This obligation to remand is 'impervious to judicial discretion'" *Id.*

25  A.  **This Case Does Not Share Common Factual Issues With Other MDL Cases**

26  Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common

27  facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*

28  *1974*, 405 F.Supp.1304, 1306 (J.P.M.L. 1976).  Implicit in this consideration is the requirement

1   that the common facts be more than minimal.  *In re Boeing Co. Employment Practices*

2   *Litigation*, 293 F. Supp.2d 1382 (J.P.M.L. 2003.)   A mere showing of common questions of

3   fact is not sufficient alone to merit transfer.  *In re Truck Accident Near Almagordo, New*

4   *Mexico on June 18, 1969*, 387 F.Supp.732, 733 (J.P.M.L.1975).

5   Because Mr. Schoelzel's case is dissimilar from the multi-party asbestos suits in MDL

6   875 it should remain in California.  The mere presence of some common factual issues does not

7   automatically require transfer, even in asbestos exposure and personal injury actions involving

8   scientific causation issues.  While this case shares with all MDL 875 cases the common

9   material, asbestos fibers, it is wholly different in its simplicity and limited scope.

10   The facts in dispute in this matter (other than the generic fact of asbestos exposure) are

11   entirely unique to Mr. Schoelzel's  work history and identification of the products with which

12   he, in particular, worked. The evidence that will be presented in this case is essentially

13   applicable to this one plaintiff, and will be of little possible benefit to the parties in MDL 875.

14   Discovery is nearly completed here, and the parameters of the relevant evidence have already

15   been mostly defined.

16   **B.      Transfer Will Immensely Inconvenience Parties and Witnesses**

17   In its Order creating MDL 875, the Panel explained that since section 1407 transfer is

18   "primarily for pretrial, there is usually no need for the parties and witnesses to travel to

19   [Pennsylvania] for depositions or otherwise".  In re Asbestos Products Liability Litigation (No.

20   VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).

21   Movants respectfully submit, however, that effective practice before the Eastern District

22   of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in

23   chambers and court hearings before Judge Giles.  Travel to Philadelphia will require expensive

24   air fares and lodging for parties and, their attorneys.  There is little benefit, and thus little

25   convenience, to adding the present case to a massive number of cases in the Pennsylvania

26   proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp.

27   1295 (J.P.M.L. 1977).  This places a heavy and entirely unnecessary burden on Mr. Schoelzel.

28   ///

C.      **Transfer Will Be Unjust and Inefficient.**

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the action in question.  See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources.  17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery; (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and judiciary.  *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993).  See generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in transfers for coordinated or consolidated pretrial.  Considerable time and trouble are in the sheer mechanics of transferring and remanding.  After transfer, the process of segregating the pretrial matters which should be remanded for handling by the transferor courts may be time-consuming, as well as subject to reasonable disagreement.  The basic question before the Panel in each proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer and remand.")

Consolidation of Mr. Schoelzel's case with MDL 875 will not serve any of these aims. This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created.  Only end-stage pretrial proceedings remain, which can be most efficiently handled by the California Superior Court in San Francisco or in the Federal District Court for the Northern District of California where the trial will take place.

The parties will not benefit from the MDL 875's focus on common asbestos defendants. It is nothing like  a 'class action natured asbestos action' (multiple unrelated plaintiffs against

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 313 AND BRIEF IN SUPPORT OF MOTION

1    common asbestos product manufactures) which was the context in which MDL 875 was created

2    to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the

3    resources of the parties, their counsel, and the judiciary.   This case is a straightforward personal

4    injury action, one that the state court and the parties were able to move relatively rapidly to trial.

5          Nor does there seem to be any real promise of enhanced settlement potential in the

6    Eastern District of Pennsylvania.  The defendants have made attempts to settle the case pre-trial.

7    In light of these events, Movants respectfully submit that transfer at this stage in the

8    proceedings to MDL-875 could not be more inconvenient to the parties and witnesses, or more

9    likely to obstruct rather than promote the just and efficient conduct of this case.  Transfer  will

10   serve only to delay the matter, while increasing the judicial workload of the Pennsylvania court,

11   and accomplishing no effective progress in the action.

12                                    **CONCLUSION**

13          Transfer will serve neither the convenience of the parties nor the just and efficient

14   conduct of the case.  This action has progressed in state court through pretrial proceedings and

15   is presently set for trial in less than three months.  No party will be prejudiced by the case

16   remaining where it is. It is not suitable for transfer to the MDL.

17          For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer

18   Order 313 as to Movant Robert Schoelzel.

19   DATED: September 10, 2008                    BRAYTON❖PURCELL LLP

20

21

22                                              RICHARD M. GRANT, ESQ., S.B. #55677
                                                BRAYTON❖PURCELL LLP
23                                              222 Rush Landing Road
                                                PO Box 6169
24                                              Novato, California 94948-6169
                                                (415) 898-1555
25                                              (415) 898-1247 Fax

26

27

28

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO
VACATE CONDITIONAL TRANSFER ORDER 313 AND BRIEF IN SUPPORT OF MOTION

1   ALAN R. BRAYTON, ESQ., S.B. #73685
    LLOYD F. LEROY, ESQ., S.B. #203502
2   RICHARD M. GRANT, ESQ., S.B. #55677
    BRAYTON❖PURCELL LLP
3   222 Rush Landing Road
    PO Box 6169
4   Novato, California 94948-6169
    (415) 898-1555
5   (415) 898-1247 Fax

6   Attorneys for Plaintiff

7

                JUDICIAL PANEL ON
                MULTIDISTRICT LITIGATION

                SEP 1 1 2008

                FILED
                CLERK'S OFFICE

8           UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9   IN RE: ASBESTOS PRODUCTS          )    MDL DOCKET NO. 875
    LIABILITY LITIGATION (NO. VI)     )    CTO - 313
                                      )
10  This Document Relates to:         )    _____
    ROBERT SCHOELZEL v.               )
11  ALLIS-CHALMERS CORP., et al.      )
                                      /

12              UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

14  ROBERT SCHOELZEL                  )    No.  C 08-03113 JSW
                                      )
15          Plaintiff,                )    DECLARATION OF RICHARD M.
                                      )    GRANT IN SUPPORT OF
16  v.                                )    PLAINTIFF'S MOTION BEFORE
                                      )    THE JUDICIAL PANEL ON MULTI-
17  ASBESTOS DEFENDANTS, et al.,      )    DISTRICT LITIGATION TO
                                      )    VACATE CONDITIONAL
18          Defendants.               )    TRANSFER ORDER 313
                                      /
19

20

21          I, RICHARD M. GRANT, declare as follows:

22          1.  I am an attorney at law duly licensed to practice before the courts of the State of

23  California and before this MDL Panel and before the United States District Court for the

24  Eastern District of Pennsylvania.  I am a member of the firm of BRAYTON❖PURCELL LLP,

25  attorneys of record for plaintiff herein.  I have personal knowledge of the following facts and, if

26  called upon to do so, could and would competently testify thereto.

27  ///

28  ///

K:\Injured\105358\Fed-DecRMG-MTN VAC CTO 313.wpd          1
DECLARATION OF RICHARD M. GRANT IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE
JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CTO 313

2. This action for asbestos-related personal injury was originally filed by Robert Schoelzel, against numerous defendants, in the Superior Court of the State of California, County of San Francisco, Case No. CGC-06-453669, on June 30, 2006.

3. On March 5, 2008 plaintiff amended his complaint to add Carrier Corporation as a defendant.

4. Trial was originally set to begin with plaintiff and all remaining defendants on June 16, 2008. The trial date was subsequently continued and trial is now set for December 1, 2008. Nearly all pretrial issues, save motions in limine, have been resolved in the state court. Discovery has been extensive and mostly completed excepting for expert designations.

5. Defendant Carrier Corporation removed this matter to the United States District Court for the Northern District of California on June 27, 2008.

6. Conditional Transfer Order 313, filed on August 11, 2008, transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

7. Mr. Schoelzel's health is precarious and deteriorating. He is a 55 year old man suffering from pleural disease and asbestosis, an inherently progressive illness, with inevitable and predictable deterioration over time. Mr. Schoelzel is expected to experience a progressive decline in respiratory function.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Novato, California this 10th day of September, 2008.


RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

DECLARATION OF RICHARD M. GRANT IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CTO 313

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 1 2008

FILED
CLERK'S OFFICE

1
2
3
4
5
6
7

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
415-898-1555

8    **BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

9
10   IN RE: ASBESTOS PRODUCTS )          MDL DOCKET NO. 875
     LIABILITY LITIGATION (NO. VI),  )    CTO - 313
11   This Document Relates to:        )    *USCAN 03:cv-08-03113 JSW*
                                      )
12   ROBERT SCHOELZEL,                )
                                      )    **CERTIFICATE OF SERVICE**
13            Plaintiff,              )
                                      )
14   vs.                              )
                                      )
15   ALLIS-CHALMERS CORP, et al.,     )
                                      )
16            Defendants.             )
17   ─────────────────────────────── )

18
19       I hereby certify that on September 10, 2008, I sent the following documents:

20       **PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON
         MULTIDISTRICT LITIGATION TO VACATE CONDITIONAL TRNASFER
         ORDER 313 AND BRIEF IN SUPPORT OF MOTION**
21

22       **DECLARATION OF RICHARD M. GRANT IN SUPPORT OF PLAINTIFF'S
         MOTION BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
         LITIGATION TO VACATE CONDITIONAL TRNASFER ORDER 313**
23

24       **CERTIFICATE OF SERVICE**

25   via Fed Ex to:

26       Jeffery N. Luthi, Clerk of the Panel
         One Columbia Circle NE
27       Thurgood Marshall Federal Blds., G 255 North Lobby
         Washington, DC 20002
28

2008 SEP 11  A 10 29

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

1 and the same documents via United States First Class Mail to the following parties on the

2 attached service list.

3    Dated this 10th day of September, 2008

4

5              BRAYTON ❖ PURCELL LLP

6

7

8    Jane Ehni, Secretary to Richard Grant
9    Attorneys for Plaintiff, Robert Schoelzel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\FORMS\POSTRIAL\USDC-CertServ.wpd
CERTIFICATE OF SERVICE

Page 1 of 2

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-313)

Robert Schoelzel v. Allis-Chalmers Corp., et al., N.D. California,  C.A. No. 3:08-3113
Norman Carveth v. Allis-Chalmers Corp. Product Liability Trust, et al.,
N.D. California, C.A. No. 3:08-3314

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Sabrina M. Berdux
KNOX RICKSEN LLP
1300 Clay Street, Suite 500
Oakland, CA 94612-1427

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

Timothy Colin Connor
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

David W. Fermino
BRAYTON PURCELL LLP
222 Rush Landing Road,
P.O. Box 6169
Novato, CA 94948-6169

Peter Collins Freeman
LAW OFFICES OF
PETER C FREEMAN
16485 Laguna Canyon Road, Suite 230
Irvine, CA 92618-3846

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road, P.O. Box 6169
Novato, CA 94948-6169

Curtiss L. Isler
TUCKER ELLIS & WEST LLP
515 South Flower Stree, 42nd Floor
Los Angeles, CA 90017-2223

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Lillian C. Ma
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

Miriam P. Maxwell
VASQUEZ & ESTRADA
Courthouse Square
1000 Fourth Street
Suite 700
San Rafel, CA 94901

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

## MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Sara Marie Parker
MCKENNA LONG & ALDRIDGE LLP
101 California Street
41st. Floor
San Franisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

David Walter Scopp
MORGAN LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105-1126

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Julie Ann Torres
JACKSON & WALLACE
55 Francisco Street
6th Floor
San Francisco, CA 94133

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Date Created: 9/10/2008-11:56:19 AM                      Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Live
Matter Number: 105358.001 - Robert Schoelzel

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
  Berry & Berry (B&B)

**Bowman and Brooke LLP**
879 West 190th Street
Suite 700
Gardena, CA 90248-4227
310-768-3068   310-719-1019 (fax)
**Defendants:**
  Ford Motor Company (FORD)
  General Motors Corporation (GM)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300   415-808-0333 (fax)
**Defendants:**
  Foster Wheeler LLC (FKA Foster Wheeler
Corporation) (FOSTER)

**Burnham & Brown**
1901 Harrison Street
11th Floor
Oakland, CA 94612
510-444-6800   510-835-6666 (fax)
**Defendants:**
  Borg-Warner Corporation by its Successor
in Interest, BorgWarner Morse TEC Inc.
(BWMORS)

**Carroll, Burdick & McDonough**
Asbestos Case Coordinator
44 Montgomery Street, Ste. 400
San Francisco, CA 94104
415-989-5900   415-989-0932 (fax)
**Defendants:**
  Warren Pumps, LLC (WARPUM)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
**Defendants:**
  Ingersoll-Rand Company (INGRSL)
  Leslie Controls, Inc. (LESCON)

**Howard Rome Martin & Ridley**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715   650-364-5297 (fax)
**Defendants:**
  IMO Industries, Inc. (IMOIND)

**Jackson & Wallace**
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300   415-982-6700 (fax)
**Defendants:**
  BW/IP International Inc. (BWIPIN)

**Kirkpatrick & Lockhart Preston Gates
Ellis LLP**
55 Second Street
Suite 1700
San Francisco, CA 94105
415-882-8200   415-882-8220 (fax)
**Defendants:**
  Crane Co. (CRANCO)

**Knox Ricksen LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
510-285-2500   510-285-2505 (fax)
**Defendants:**
  Allis-Chalmers Corporation Product
Liability Trust (ALLIS)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
  Steego Corporation (STGCOR)

**Law Offices of Nancy E. Hudgins**
565 Commercial, 4th Floor
San Francisco, CA 94111
415-979-0100   415-979-0747 (fax)
**Defendants:**
  Uniroyal Holding, Inc. (UNIROY)

**Law Offices of Peter C. Freeman**
16485 Laguna Canyon Road, Ste. 230
Irvine, CA 92618
949-341-0500   949-341-0505 (fax)
**Defendants:**
  Barr Lumber Company, Inc. (BARRLU)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000   415-267-4198 (fax)
**Defendants:**
  Certainteed Corporation (CERT)

**Morgan, Lewis & Bockius LLP**
One Market, Spear Tower
San Francisco, CA 94105
415-442-1000   415-442-1001 (fax)
**Defendants:**
  Grinnell Corporation (GRINN)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94071
415-344-7000   415-344-7288 (fax)
**Defendants:**
  Georgia-Pacific Corporation (GP)
  Honeywell International, Inc. (HONEYW)

**Pond North, LLP**
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213-617-6170   213-623-3594 (fax)
**Defendants:**
  Viacom, Inc. (VIACOM)

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900   415-781-2635 (fax)
**Defendants:**
  General Electric Company (GE)

**Sonnenschein Nath & Rosenthal, LLP**
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
415-882-5000   415-882-0300 (fax)
**Defendants:**
  Rapid-American Corporation (RAPID)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400   415-617-2409 (fax)
**Defendants:**
  Carrier Corporation (CARRCP)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
  Thomas Dee Engineering Co., Inc. (DEE)