**MDL 875**

UNITED STATES JUDICIAL PANEL
on
MULTIDISCTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 11 2008

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                   MDL No. 875

This document relates to:

| | |
|---|---|
| WILLIAM W. BUSSEY ) | Civil Action No. 2:08-cv-09379 |
| Plaintiff, ) | |
| v. ) | From the |
| ) | UNITED STATES DISTRICT COURT |
| BUFFALO PUMPS, INC., et al., ) | FOR THE EASTERN DISTRICT OF |
| ) | VIRGINIA, NORFOLK DIVISION |
| Defendants. ) | |

### PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Comes now Plaintiff and files this Motion to Vacate Conditional Transfer Order to allow Transferor Court to rule on Plaintiff's Motion for Remand to State Court, and would respectfully show as follows:

1. This case was filed in state court but removed to federal court. On June 17, 2008 the Panel entered an order conditionally transferring this case to MDL-875 in the Eastern District of Pennsylvania. Currently, Plaintiffs' motion for remand to state court has been fully briefed, and is awaiting ruling by the District Court.

2. Plaintiff respectfully requests that the panel vacate the conditional transfer order so that the transferor court may have time to rule on plaintiff's motion for remand to state court. Such relief is warranted because Plaintiff, William Bussey, is dying of mesothelioma and will be gravely prejudiced if he dies before trial. The Panel

ORIGINAL

PLEADING NO. 5594

OFFICIAL FILE COPY
IMAGED SEP 1 2 2008

has the power to vacate the conditional transfer order and has done so in the past so that transferor courts may rule on threshold motions for remand.

3. The Panel is respectfully referred to Plaintiff's brief in support of this motion, filed herewith, for a full discussion of these issues.

## CONCLUSION

**WHEREFORE**, Plaintiff requests that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the Eastern District of Virginia on Plaintiff's Motion to Remand.

Dated: September 11, 2008                    Respectfully submitted,

/s/ Michael Phelan  by permission
Michael G. Phelan, Esquire
Butler Williams & Skilling
100 Shockoe Slip, Fourth Floor
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814
VSB No.: 29725

Laura Cabutto, Esquire
Jeffrey B. Simon, Esquire
Ron C. Eddins, Esquire
David C. Greenstone, Esquire
SIMON, EDDINS & GREENSTONE, LLP
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
Telephone: 214-276-7680
Facsimile: 214-276-7699

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2008 SEP 11  A 10: 43
RECEIVED CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the forgoing document upon the Judicial Panel for Multidistrict Litigation via facsimile to (202) 502-2888, and upon all counsel of record via Federal Express on this 11th day of September, 2008.

Michael G. Phelan, Esquire

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-313)

William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9378
William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9379
John Kline v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 2:08-9380
John Kline v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 2:08-9381

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Edward E. Bagnell, Jr.
SPOTTS FAIN PC
411 E Franklin Street
P.O. Box 1555
Richmond, VA 23218-1555

Bruce T. Bishop
WILCOX & SAVAGE PC
One Commercial Place
Suite 1800
Norfolk, VA 23510

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Eric David Cook
WILLCOX & SAVAGE PC
1800 Bank of America Center
One Commercial Place
Norfolk, VA 23510

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kenneth Reed Mayo
REED MAYO LAW FIRM PC
484 Viking Drive
Suite 130
Virginia Beach, VA 23452

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

## MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael G. Phelan
BUTLER WILLIAMS & SKILLING PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Jeffrey S. Poretz
MILES & STOCKBRIDGE PC
1751 Pinnacle Drive
Suite 500
Mclean, VA 22102

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Anthony Berardo Taddeo, Jr.
JUNKER TADDEO & STURM PLC
3 West Cary Street
Richmond, VA 23220

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Henry N. Ware, Jr.
SPOTTS FAIN PC
411 E Franklin Street
P.O. Box 1555
Richmond, VA 23218-1555

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 11 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISCTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

This document relates to:

| | |
|---|---|
| WILLIAM W. BUSSEY | Civil Action No. 2:08-cv-09379 |
| Plaintiff, | |
| v. | From the |
| | UNITED STATES DISTRICT COURT |
| BUFFALO PUMPS, INC., et al., | FOR THE EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION |
| Defendants. | |

### PLAINTIFFS' BRIEF IN SUPPORT OF
### MOTION TO VACATE CONDITIONAL TRANSFER ORDER

COMES NOW PLAINTIFF, by and through his counsel, and files this Brief in Support of Motion to Vacate Conditional Transfer Order, and, in support thereof, states as follows:

### INTRODUCTION

1. Plaintiff, William Bussey, filed this asbestos personal-injury case in the Circuit Court for the City of Portsmouth, Virginia on April 28, 2008. This case was filed against several defendants alleging that the Plaintiff was exposed to asbestos through everyday contact with asbestos-containing products. This exposure to asbestos was a proximate cause of his mesothelioma, a terminal, painful cancer that Mr. Bussey was diagnosed with in October of 2007. Due to the fact that Mr. Bussey is suffering from mesothelioma, he is not likely to survive long enough to see his case adjudicated if it is transferred to the multi district litigation transferee court.

## PROCEDURAL HISTORY

2. Buffalo Pumps, Inc. ("Buffalo Pumps"), General Electric Company ("GE"), Viad Corporation ("Viad"), and Foster Wheeler Energy Corporation ("Foster Wheeler") (collectively referred to as "Defendants") are the removing defendants in this case.[1]

3. Buffalo Pumps was served with summons and the Complaint on June 9, 2008. Viad was served with summons and the Complaint on June 5, 2008. Foster Wheeler was served with summons and the Complaint on June 4, 2008. GE was served with summons and the Complaint on May 5, 2008.

4. In the Virginia State Court Complaint, Plaintiff alleged state-law negligence and breach of warranties claims against the defendants, based on their failure to warn of the health hazards associated with asbestos exposure. No claim arising under federal law was alleged in the Complaint. No federal question was raised and no federal issue needs to be decided to establish defendants' liability under the causes of action in the Plaintiff's Complaint.

5. On May 27, 2008, Viad, joined by Buffalo Pumps, Foster Wheeler and GE, removed the case to federal court, under case number - 2:08-cv-09367-JBF, based on federal officer removal.

6. Buffalo Pumps filed two notices of removal on July 3, 2008 under a separate case numbers - 2:08-cv-09378-JBF and 2:08-cv-09379-JBF.

7. Plaintiffs filed their motion to remand on June 17, 2008.

8. This panel issued a conditional transfer orders transferring cases number 2:08-cv-09367-JBF, 2:08-cv-09378-JBF and 2:08-cv-09379-JBF.

9. Defendants filed oppositions to the motions to remand in case numbers on July 1, 2008 and July 3, 2008.

10. Plaintiff filed a reply to Defendants' oppositions on July 8, 2008.

## **ARGUMENT**

**Mr. Bussey is dying of mesothelioma.**

11. Mr. Bussey has terminal mesothelioma, an "invariably fatal cancer... for which asbestos exposure is the only known cause...." In re Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000). The life expectancy of a person following a diagnosis of mesothelioma is measured in months, not years. See In

---

[1] CBS Corporation and Waco, Inc. were also named as defendants, however, CBS Corporation has been nonsuited and Waco, Inc. did not join in removing this case to federal court.

re Joint Eastern and Southern Districts Asbestos Litigation, 237 F.Supp.2d 297 (E.D.N.Y. 2002) (discussing the irrebuttable presumption, established for distribution of the Manville settlement trust, that for living claimants with confirmed mesothelioma there is normally substantial medical doubt that they will survive beyond six months). It is likely that Mr. Bussey will not survive to have his day in court should the case be further delayed by transfer to the MDL.

**Mr. Bussey will be substantially prejudiced if the motion to vacate the conditional transfer order is not granted.**

12. If the conditional transfer order is vacated and the district court is allowed to make a decision regarding remand of the action, there is a chance that Mr. Bussey will be able to have his case heard against all of the defendants in state court before the end of the year. If the district court is not given the opportunity to make a decision on remand before the case is transferred to the MDL there is very little chance that Mr. Bussey will ever get to participate in his case against the Defendants.

13. Nowhere are the famous words of Gladstone that "justice delayed is justice denied" more fitting than when used in connection with a lawsuit brought by a terminally ill individual seeking justice regarding their disease. It is undisputed that MDL 875 will not provide a speedy, or even timely, forum for the Plaintiffs' claims to be heard.

**The Panel may vacate conditional transfer orders for this purpose.**

14. The Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In Vasura v. ACandS, Inc., 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." Id. at 533.

15. Plaintiffs seek only a timely ruling on their motion for remand, so that Mr. Bussey can have his day in court before he dies.

**It would be a waste of judicial resources to transfer the case to the MDL without first determining whether federal jurisdiction is appropriate.**

16. The Conditional Transfer Order should be Vacated to allow the district court to rule on the Motion for Remand. The district court is in the best position to rule on whether the case properly belongs in Federal Court. It would make the most sense, from a judicial resource standpoint, to allow the district court the additional time needed to make a decision as to remand of the case.

17. The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. If there is no valid basis for federal jurisdiction, the case does

not belong in MDL 875. It makes abundant sense, from a judicial resource standpoint, to allow the remand motion process, which is substantially completed, to fully run its course before burdening the MDL with another asbestos case.

18. Vacating the Conditional Transfer Order (CTO) in this case until the United States District Court for the Eastern District of Virginia rules upon the Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy – the entire point of the MDL process. If jurisdiction is rejected, the case leaves federal court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

19. In contrast, finalizing the CTO prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875, further increasing the burden on that court and its staff. Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL-875 procedures despite the lack of confirmation of jurisdiction. Upon completion of those procedures, the case will be sent back to the transferor court – incurring yet more administrative costs and burdens – only to return to the same question pending today – whether the federal courts have jurisdiction over this matter.

## CONCLUSION

**WHEREFORE,** Plaintiffs request that the Panel VACATE the conditional transfer order, pending decision by the United States District Court for the Eastern District of Virginia on Plaintiffs' Motion to Remand.

Dated: September 11, 2008

Respectfully submitted,

Michael G. Phelan, Esquire
Butler Williams & Skilling
100 Shockoe Slip, Fourth Floor
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814
VSB No.: 29725

Laura Cabutto, Esquire
Jonathan George, Esquire
SIMON, EDDINS &
GREENSTONE, LLP
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
Telephone: 214-276-7680
Facsimile: 214-276-7699

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via Federal Express on this 11th day of September, 2008.

Michael G. Phelan, Esquire

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-313)

William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9378
William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9379
John Kline v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 2:08-9380
John Kline v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 2:08-9381

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Edward E. Bagnell, Jr.
SPOTTS FAIN PC
411 E Franklin Street
P.O. Box 1555
Richmond, VA 23218-1555

Bruce T. Bishop
WILCOX & SAVAGE PC
One Commercial Place
Suite 1800
Norfolk, VA 23510

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Eric David Cook
WILLCOX & SAVAGE PC
1800 Bank of America Center
One Commercial Place
Norfolk, VA 23510

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kenneth Reed Mayo
REED MAYO LAW FIRM PC
484 Viking Drive
Suite 130
Virginia Beach, VA 23452

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

## MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael G. Phelan
BUTLER WILLIAMS & SKILLING PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Jeffrey S. Poretz
MILES & STOCKBRIDGE PC
1751 Pinnacle Drive
Suite 500
Mclean, VA 22102

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Anthony Berardo Taddeo, Jr.
JUNKER TADDEO & STURM PLC
3 West Cary Street
Richmond, VA 23220

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Henry N. Ware, Jr.
SPOTTS FAIN PC
411 E Franklin Street
P.O. Box 1555
Richmond, VA 23218-1555

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608