MDL 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 15 2008

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCT LIABILITY
LITIGATION (NO. VI)

MDL No. 875

SANDRA BRUNSON, Individually
And as Executor of the Estate of JOHN
BRUNSON, Deceased,

       Plaintiff,

v.

ALFA LAVAL, INC., et. al.,

       Defendants.

Civil Action No. 3:08-cv-00374-JRS

Request of Defts. General Electric, in Brunson, etc., VAE 3:08-374, to strike Plfts. Motion/Brief --- **DENIED**.
(jwn - September 15, 2008)

From
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF VIRGINIA,
RICHMOND DIVISION
*(Removed on June 18, 2008, from the
Circuit Court for the City of
Richmond, Case No. CL08-2342)*

PLEADING NO. 5596

## DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION TO STRIKE PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND PLAINTIFF'S BRIEF IN SUPPORT THEREOF

Defendant, General Electric Company ("GE"), by counsel, respectfully moves this Honorable Court to strike Plaintiff's Motion to Vacate Conditional Transfer Order ("her Motion") and Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order ("her Brief") for failure to comply with the signature requirement of Rule 11 of the Federal Rules of Civil Procedure ("FRCP"), and for violating the Panel Rules/filing requirements and FRCP 5(a)(1)(D) by failing to serve GE counsel with either her Motion or her Brief, and for the reasons stated in GE's Brief in Support of its Motion to Strike, filed herewith.

Respectfully submitted,

**GENERAL ELECTRIC COMPANY**

By: _____
Of Counsel

RECEIVED
CLERK'S OFFICE
2008 SEP 11  A 10:25
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**OFFICIAL FILE COPY**

IMAGED SEP 15 2008

Called left message w/ Mr. Sturm on 9/15/08 @ 10:37 AM (+b)

Thomas C. Junker, Esquire
Anthony B. Taddeo, Jr., Esquire
David M. Sturm, Esquire
Matthew D. Joss, Esquire
JUNKER, TADDEO & STURM, PLC
3 West Cary Street
Richmond, Virginia 23220
(804) 344-8540 (Telephone)
(804) 344-8541 (Facsimile)
***Counsel for Defendant General Electric Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant General Electric Company's Motion to Strike Plaintiff's Motion to Vacate Conditional Transfer Order and Plaintiff's Brief in Support Thereof has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via first class mail, postage prepaid, on this 10th day of September, 2008.

_____
David M. Sturm, Esquire

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                               MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-312)**

Sandra Brunson, etc. v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 3:08-374

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Laura Cabutto
SIMON EDDINS & GREENSTONE
3232 McKinney Avenue
Suite 610
Dallas, TX 75205

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kenneth Reed Mayo
REED MAYO LAW FIRM PC
484 Viking Drive
Suite 130
Virginia Beach, VA 23452

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael G. Phelan
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey S. Poretz
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102-3833

Clement D. Carter
Robert F. Redmond, Jr.
WILLIAMS MULLEN, P.C.
Two James Center
1021 East Cary Street
Richmond, VA 23219

Case MDL No. 875   Document 5596   Filed 09/15/08   Page 5 of 12

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 15 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCT LIABILITY
LITIGATION (NO. VI)                                                          MDL No. 875

| | | |
|---|---|---|
| SANDRA BRUNSON, Individually And as Executor of the Estate of JOHN BRUNSON, Deceased, | : : : : | Civil Action No. 3:08-cv-00374-JRS |
| Plaintiff, | : : | |
| v. | : : : : : : : : : | From the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION (Removed on June 18, 2008, from the Circuit Court for the City of Richmond, Case No. CL08-2342) |
| ALFA LAVAL, INC., et. al., | : : | |
| Defendants. | : | |

### DEFENDANT GENERAL ELECTRIC COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

Defendant, General Electric Company ("GE"), by counsel, hereby submits its Brief in Support of its Motion to Strike Plaintiff's Motion to Vacate Conditional Transfer Order ("her Motion") and Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order ("her Brief") for violating the signature requirement of Rule 11(a) of the Federal Rules of Civil Procedure ("FRCP"), and for violating the Panel Rules and FRCP 5(a)(1)(D) by failing to serve GE counsel with either her Motion or her Brief. In support of its motion, GE states as follows:

### STATEMENT OF FACTS

This is an asbestos case in which Plaintiff, Sandra Brunson ("Plaintiff"), alleges that her deceased husband, John Brunson, developed malignant mesothelioma as a result of exposure to asbestos while Mr. Brunson served in the U.S. Navy as a fireman's apprentice and petty officer from 1957 to 1973.

Plaintiff commenced this action in the Richmond City Circuit Court on May 16, 2008. On June 18, 2008, within thirty days of being served with the Summons and Complaint herein, GE timely filed its Notice of Removal in this Court, setting forth its bases for its removal pursuant to 28 U.S.C. §1442(a)(1) (the "federal officer" removal statute). On July 21, 2008, the United States Judicial Panel on Multidistrict Litigation ("the Panel") entered an order conditionally transferring this case to MDL-875 in the Eastern District of Pennsylvania ("CTO-312").

On August 5, 2008, Plaintiff faxed Plaintiffs' Notice of Opposition to CTO-312 to the Clerk of the Panel and to all counsel of record, including GE counsel. On August 21, 2008, Plaintiff filed Plaintiff's Motion to Vacate Conditional Transfer Order ("her Motion") and Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order ("her Brief") with the Panel. However, Plaintiff, in violation of the Panel Rules, and also FRCP 5(a)(1)(D), failed to serve GE counsel with either her Motion or her Brief.[1] In fact, the certificate of service for Plaintiff's Brief indicates service was made "on the attached Panel Service List via FedEx" and does not indicate any service was made on counsel of record.

In addition, Plaintiff's counsel signed her Motion and her Brief as "Michael Phelan By permission Sean Cox" in violation of FRCP 11(a)'s requirement that motions be signed by at least one attorney of record and in that attorney's name.

On September 2, 2008, GE counsel, David Sturm notified Plaintiff's counsel, Laura Cabutto of Simon, Eddins & Greenstone during a telephone conversation that he did not believe Sean Cox' signature of Michael Phelan's name by permission was a valid signature in federal

---

[1] GE only discovered the filing of her Motion and her Brief because another defendant, Viad Corporation, served GE with its brief in reply (to her Motion and her Brief) on September 9, 2008. GE, therefore, had less than one day to prepare its response brief and has been prejudiced by Plaintiff's failure to serve her Motion and her Brief. However, as the authorities *infra* demonstrate, a showing of prejudice is not necessary, required, or relevant, because Plaintiff's violations *per se* require striking her Motion and her Brief.

2

court (while discussing the "Michael Phelan By permission Sean Cox" signature that appeared on a motion filed with this Panel in the *Bussey* case). A week has passed and Plaintiff's counsel still has not cured the invalid signature, despite the issue having been brought to Plaintiff's counsel's attention.

## ARGUMENT

I. **Plaintiff's Motion and Brief Must Be Stricken Pursuant to FRCP 11(a) Because Plaintiff Failed to Promptly Correct Her Invalid "By Permission" Signature.**

Rule 11(a) of the Federal Rules of Civil Procedure states:

> Every pleading, written motion, and other paper must be signed by at least one **attorney of record in the attorney's name** — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. **The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention** (emphasis added).

In *Standard Guar. Ins. Co. v. Fidelity & Deposit Co. of Maryland*, 140 F.R.D. 5 (M.D. Fla. 1991), the court considered whether a signature on defendant's "Supplement to Motion to Dismiss" violated FRCP Rule 11(a). The court found that no attorney of record signed the motion because the counsel's partner signed the attorney of record's name to the document. Because no attorney of record signed the paper in his own name, the court held that the signature violated the signature requirement of FRCP Rule 11(a) and struck the motion.[2]

In *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp.2d 1314 (M.D. Ala. 2006), the court found that the signatures of defense counsel, Terry Butts and David Anderson, on a Notice of Removal were not authentic because the signatures were provided by a party identified by the

---

[2] The court's local rule also required personal signatures. Also, the case was reversed in part on appeal, however, the certified question was limited to whether the defendant was entitled to notice and an opportunity to cure the defective signature. In the present case, this is not at issue because Plaintiff's counsel has been provided notice and an opportunity to cure.

3

initials "L.F." Defense counsel argued that they expressly authorized those signatures. However, the court found that such authorization did not comply with the Rule 11 signature requirement because the attorneys did not sign the original themselves. The court, therefore, held that the defective "purported signatures" prevented compliance with the removal statutes and remanded the case to state court.

In the case *sub judice*, the signatures on her Motion and her Brief were signed by Sean Cox, who is not an attorney of record in this case. Therefore, pursuant to the express requirements of FRCP Rule 11(a) and the authority *supra*, those signatures are ineffective. In addition, those signatures were "by permission" and were not in the attorney's own name, and therefore pursuant to FRCP Rule 11(a) and the authority *supra*, those signatures are ineffective.

Pursuant to Rule 11(a), the Panel must strike the unsigned papers unless the defective signatures are "promptly corrected." Merriam-Webster states the definition of prompt as: "performed readily or immediately." In the instant case, Plaintiff's counsel was notified over a week ago (and the clock is still ticking) that "Michael Phelan By permission" was an invalid signature. Yet, Plaintiff's counsel still has not corrected the invalid signature. Taking over seven days to act in this context, certainly, does not meet the definition of prompt or immediate action.

Therefore, because Plaintiff's signatures on her Motion and her Brief were invalid and not promptly corrected, the Panel "must strike" her Motion and her Brief, deem Plaintiff's opposition to CTO-312 withdrawn, and lift the stay on conditional transfer.

### II. Plaintiff's Violation of the Panel Rules and FRCP 5(a)(1)(D) Requires that Plaintiff's Motion and Brief in Opposition to CTO-312 Be Withdrawn and/or Stricken, and the Stay of Conditional Transfer Lifted.

On August 6, 2008, the Clerk of the Panel, Jeffery N. Luethi, sent a letter to counsel setting forth the briefing requirements relating to the conditional transfer opposition briefs. The letter states that counsel "<u>must adhere</u> to the following requirements" and then lists those requirements in four paragraphs. Paragraph Two states that papers must be served on the enclosed Panel Service List and parties that have made appearances in the case. Paragraph Four states that "[f]ailure to file <u>and serve</u> the required motion and brief within the allotted 15 days <u>will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted</u>" (emphasis added). In addition, Rule 5(a)(1)(D) of the Federal Rules of Civil Procedure requires that a written motion must be served on every party.

GE appeared in the state court case on May 21, 2008 by filing an Answer. In addition, GE removed the Brunson case to the Eastern District. Moreover, Plaintiff has served GE with various motions and briefs since the case was removed to federal court, including an emergency motion and brief for remand hearing and its notice of opposition to CTO-312. Yet, Plaintiff mistakenly failed to serve her Motion and her Brief on GE in this instance.

Pursuant to the express terms of the Panel Rules and filing requirements, Plaintiff's failure to serve her Motion and her Brief within the allotted 15 days, must be considered a withdrawal of her opposition and the conditional transfer order stay must be lifted.

THEREFORE, GE respectfully requests this Honorable Court to strike Plaintiff's Motion to Vacate Conditional Transfer Order and Brief in Support thereof and/or deem Plaintiff's opposition to CTO-312 withdrawn, and lift the stay on conditional transfer of this case to MDL-875.

Respectfully submitted,

**GENERAL ELECTRIC COMPANY**

By: _____
Of Counsel

Thomas C. Junker, Esquire (VSB No. 29928)
Anthony B. Taddeo, Jr., Esquire (VSB No. 70677)
David M. Sturm, Esquire (VSB No. 44580)
Matthew D. Joss, Esquire (VSB No. 48434)
JUNKER, TADDEO & STURM, PLC
3 West Cary Street
Richmond, Virginia 23220
(804) 344-8540 (Telephone)
(804) 344-8541 (Facsimile)
***Counsel for Defendant General Electric Company***

RECEIVED CLERK'S OFFICE 2008 SEP 11 A 10: 27 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 15 2008

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that a copy of Defendant General Electric Company's Brief In Support of Its Motion to Strike Plaintiff's Motion and Brief to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all included on the attached Panel Service List via first class mail, postage prepaid, on this 10th day of September, 2008.

_____
David M. Stum, Esquire

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                              MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-312)**

Sandra Brunson, etc. v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 3:08-374

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Laura Cabutto
SIMON EDDINS & GREENSTONE
3232 McKinney Avenue
Suite 610
Dallas, TX 75205

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kenneth Reed Mayo
REED MAYO LAW FIRM PC
484 Viking Drive
Suite 130
Virginia Beach, VA 23452

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael G. Phelan
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Jeffrey S. Poretz
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102-3833

Clement D. Carter
Robert F. Redmond, Jr.
WILLIAMS MULLEN, P.C.
Two James Center
1021 East Cary Street
Richmond, VA 23219