MDL 875

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP 17 2008

FILED
CLERK'S OFFICE

BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS : MDL NO. 875
LIABILITY PRODUCTS LITIGATION (NO. VI) :
:

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ARMANDO A. SAMMARTINO and THERESE :
SAMMARTINO, his wife, :
:
Plaintiffs, :
:
v. : Civil Action No. 08 0967 RJL
:
:
AC&R INSULATION CO., INC., et al., :
:
Defendants. :
:

---

### REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiff, Therese Sammartino, hereby submits this Reply to Defendant's Opposition ("Opposition") to Plaintiff's Motion to Vacate Conditional Transfer Order ("CTO").

Krafft-Murphy spends the first half of its Opposition rearguing the merits of Plaintiff's Motion to Remand. This misses the point. This Panel is not charged with resolving the jurisdictional issue of remand. Moreover, contrary to Defendant's assertion that the Asbestos MDL Panel [sic][1] is better suited to rule on a motion to remand (Opp. at 8), **Judge Giles' does not and, absent a change in policy, will not rule on issues of the**

---

[1] In parts of its Opposition, Krafft-Murphy refers to the "Asbestos MDL Panel" when it appears to be referring to MDL No. 875 presided over by Judge Giles.

**OFFICIAL FILE COPY**
IMAGED SEP 17 2008

PLEADING NO. 5607

**federal court's jurisdiction.** *See* Exhibits 1 and 2 attached to Plaintiff's Memorandum in Support of Motion to Vacate ("Memorandum"). This is simply not how MDL-875 operates. Accordingly, transfer of this action should be stayed pending a ruling by the United States District Court for the District of Columbia on Plaintiff's Motion to Remand.

Defendant fails to counter any of the four arguments articulated by Plaintiff in her Memorandum. Plaintiff initially argues that the United States Supreme Court mandates a jurisdictional inquiry at the very outset. Krafft-Murphy offers no response to this proposition. Plaintiff's Remand Motion was filed on July 7, 2008 -- over 70 days ago at the time of this filing. No ruling is in sight. While the Supreme Court has held that "[t]he requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception," (Memorandum at 4) there exists a glaring exception. That unauthorized exception is MDL-875, where jurisdictional questions can and do remain unresolved for years.

Plaintiff's second argument demonstrates that a transfer would inconvenience the parties and would not promote a just and efficient resolution of this action. Without challenging any of Plaintiff's factual assertions, Defendant states "[t]ransfer under Section 1407 promotes judicial economy by eliminating duplicate discovery, preventing inconsistent or repetitive pretrial rulings thereby conserving the resources of the parties, their counsel and the judiciary [sic]." Opp. at 8. Even if this statement is true (and the facts suggest it is not), allowing a ruling on remand would not prevent the case from being transferred to MDL-875 if the pending Motion for Remand is denied. Likewise, a granting of remand, if found to be appropriate, would preserve resources of the federal judiciary and would uphold interests of federalism and justice.

Plaintiff's third argument states that a transfer of this action to MDL-875 without a ruling by the District Court on the pending Motion to Remand would frustrate the well-recognized purposes of 28 U.S.C. §1407. Defendant offers no response to this proposition.

The fourth argument shows that a transfer of this action, without a ruling by the District Court on the pending Motion to Remand, violates Due Process. Defendant only responds by offering the pithy *ipse dixit* of counsel: "Plaintiffs' right to Due Process is not violated by transfer to the MDL Panel." Opp. at 10.

In short, Defendant does not address the legal principles raised in Plaintiff's Memorandum which outline the impropriety of transfer of this case prior to the District Court ruling on the pending Motion to Remand. Where Defendant does offer any argument in support of transfer, those arguments fall outside the proper scope of inquiry or are otherwise inconsequential. For example, Defendant contends that because Judge Leon has not, as yet, ruled on the pending Motion for Remand, "it is proper for the case to be transferred" to MDL-875. Opp. at 7. However, the fact that a transferor court has not decided on a pending Motion to Remand has never been identified as a factor supporting transfer, and Defendant proffers no authority indicating otherwise. Krafft-Murphy also states that the "Asbestos MDL Panel" (which Plaintiff presumes means MDL-875 rather than the Joint Panel on Multidistrict Litigation) has the "authority" to rule on motions to remand. Opp. at 8. While true, Defendant's assertion completely ignores the fact that MDL-875 does not actually rule on motions to remand, as discussed in the Memorandum. Accordingly, transfer of this action would not promote uniformity in rulings on remand.

Instead of addressing the arguments opposing transfer articulated in the Memorandum, Defendant raises conclusory generalizations about the purposes of MDL litigation, and rehashes its arguments in support of removal of this action to federal court. Accordingly, Plaintiff respectfully requests that the Panel issue a stay of the CTO pending a ruling by the United States District Court for the District of Columbia on Plaintiff's Motion for Remand.

Respectfully submitted,

_____
Daniel A. Brown
BROWN & GOULD, LLP
7700 Old Georgetown Road, Ste. 500
Bethesda, Maryland 20814
Tel: (301) 718-4548
Fax: (301) 718-8037
dbrown@brownandgould.com
Attorney for Plaintiff Therese Sammartino

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September 2008, true and correct copies of the Reply to Defendant's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order have been served by U.S. Mail on all counsel on the attached Panel Service List.

_____
Daniel A. Brown

# IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-312)

Armando A. Sammartino, et al. v. AC& R Insulation Co., Inc., et al.,
D. District of Columbia, C.A. No. 1:08-967

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
One North Charles Street, Suite 2500
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Daniel A. Brown
BROWN & GOULD LLP
7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814-6204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

Scott Patrick Burns
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Katherine S. Duyer
GAVETT & DATT PC
15850 Crabbs Branch Way, Suite 180
Rockville, MD 20855

Richard L. Flax
LAW OFFICES OF
RICHARD L FLAX LLC
29 West Susquehanna Avenue
Suite 500
Baltimore, MD 21204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Steven Andrew Luxton
MORGAN LEWIS & BOCKIUS
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Neil J. MacDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, MD 20705-3166

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John A. McCauley
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202

Neil J. McDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park, Suite 500
11720 Beltsville Drive
Beltsville, MD 20705-3166

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Case MDL No. 875   Document 5607   Filed 09/17/08   Page 6 of 6

Page 2 of 2

## MDL No. 875 - Panel Service List (Excerpted from CTO-312(Continued)

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Scott Hamilton Phillips
SEMMES BOWEN & SEMMES
25 South Charles Street
Suite 1400
Baltimore, MD 21201

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Robin Silver
MILES & STOCKBRIDGE
10 Light Street
Baltimore, MD 21202

Andrew J. Sloniewsky
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608