MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 18 2008

FILED
CLERK'S OFFICE

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   LLOYD F. LEROY, ESQ., S.B. #203502
2  DAVID W. FERMINO, ESQ., S.B. #154131
   BRAYTON❖PURCELL LLP
3  222 Rush Landing Road
   PO Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiffs

## UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)  ) ) ) | MDL DOCKET NO. 875 CTO - 314 |
| This Document Relates to: ) FINAS BELK, et al. v.  ) BUCYRUS INTERNATIONAL, et al. ) / | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

| | |
|---|---|
| FINAS BELK, et al., ) ) Plaintiffs, ) ) v. ) ) BUCYRUS INTERNATIONAL, et al. ) ) Defendants. ) / | No. C 08-03317 VRW  PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 314 AND BRIEF IN SUPPORT OF MOTION |

FINAS BELK ("Movant" or "Plaintiff") by and through his counsel of record files this consolidated Motion and Brief to Vacate Conditional Transfer Order 314 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on August 20, 2008.

Movant respectfully moves the Panel pursuant to JPML Rule 7.4(c) to vacate its order conditionally transferring the above entitled and numbered case to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the brief in support which is made a part of this filing, the Declaration of David W. Fermino, and such other materials as may be presented to the JPML at the time of the hearing on the motion. Movant

OFFICIAL FILE COPY

PLEADING NO. 5610

K:\Injured\109534\Fed-MTN BRF VACATE CTO 314.wpd    1
PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 314 AND BRIEF IN SUPPORT OF MOTION

IMAGED SEP 1 9 2008

requests the Clerk of the JPML to set this motion for hearing at the next session of the Panel. Rule 7.4(c).

I.

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

This action for asbestos-related personal injury was originally filed by Finas Belk, against numerous defendants in the Superior Court of the State of California, County of San Francisco on May 30, 2008. No trial date has been set in this case.

Defendant Bucyrus International, Inc. ("Bucyrus") removed this matter to the United States District Court for the Northern District of California on July 9, 2008.

The Conditional Order filed on August 20, 2008 transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Mr. Belk's health is precarious and deteriorating. He is a 71 year old man suffering from lung cancer, with inevitable and predictable deterioration over time. Mr. Belk is expected to experience a progressive decline in respiratory function and removal to MDL may well deny him his day in court.

Because of the deteriorating and disabling nature of lung cancer there is a well founded concern that Mr. Belk will be denied the right to stand up for himself and his family, since he may become either too weak to travel or become incapacitated from his illness before having his day in Court.

It is time for trial, not for further and unnecessary delay. Mr. Belk, therefore, moves this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United States District Court for the Northern District of California to move the case speedily along to trial. Justice and fairness demand that the delay occasioned by Bucyrus' action be ameliorated by the setting of an prompt date for trial, which requires that the matter remain in the Northern District of California, or be remanded to San Francisco County Superior Court.

///

///

///

## II.

## ARGUMENT

Title 28, United States Code, section 1407(a) allows for the transfer of a civil action "involving one or more common questions of fact" only if the Panel determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." This case does not meet these requirements. Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than enhance the progress of this case. If transfer goes forward, it is possible that Mr. Belk may never meet the jury in his own case.

### A. This Case Does Not Share Common Factual Issues With Other MDL Cases

Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3, 1974*, 405 F. Supp. 1304,1306 (J.P.M.L. 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. *In re Boeing Co. Employment Practices Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.) A mere showing of common questions of fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo, New Mexico on June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).

Because Mr. Belk's case is dissimilar from the multi-party asbestos suits in MDL 875 it should remain in California. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL 875 cases the common material, asbestos fibers, it is wholly different in its simplicity and limited scope.

The facts in dispute in this matter (other than the generic fact of asbestos exposure) are entirely unique to Mr. Belk's work history and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is essentially applicable to this one plaintiff, and will be of little possible benefit to the parties in MDL 875. Discovery is nearly completed here, and the parameters of the relevant evidence have already been mostly defined.

**B.     Transfer Will Immensely Inconvenience Parties and Witnesses**

In its Order creating MDL 875, the Panel explained that since section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise". *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp 415, 422 (J.P.M.L. 1991).

Movants respectfully submit, however, that effective practice before the Eastern District of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in chambers and court hearings before Judge Giles. Travel to Philadelphia will require expensive air fares and lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977). This places a heavy and entirely unnecessary burden on Mr. Belk.

**C.     Transfer Will Be Unjust and Inefficient.**

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the action in question. *In re Patenaude*, 210 F.3d. 135, 142 (3rd Cir. 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C. 1999).

Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery; (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993). See *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255 (J.P.M.L. 1969) (Wiegel, J., concurring)

> There are a number of inherent inconveniences in transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer mechanics of transferring and remanding. After transfer, the process of segregating the pretrial matters which should be remanded for handling by the transferor courts may be time-consuming, as well as subject to reasonable disagreement. The basic question before the Panel in each proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer and remand.

1  Consolidation of Mr. Belk's case with MDL 875 will not serve any of these aims. This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. The litigation can be most efficiently handled by the California Superior Court in San Francisco or in the Federal District Court for the Northern District of California where the trial will take place.

The parties will not benefit from the MDL 875's focus on common asbestos defendants. It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against common asbestos product manufactures) which was the context in which MDL 875 was created to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. This case is a straightforward personal injury action, one that the state court and the parties were able to move relatively rapidly to trial.

Nor does there seem to be any real promise of enhanced settlement potential in the Eastern District of Pennsylvania. The defendants have made attempts to settle the case pre-trial. In light of these events, movants respectfully submit that transfer at this stage in the proceedings to MDL-875 could not be more inconvenient to the parties and witnesses, or more likely to obstruct rather than promote the just and efficient conduct of this case. Transfer will serve only to delay the matter, while increasing the judicial workload of the Pennsylvania court, and accomplishing no effective progress in the action.

## CONCLUSION

Transfer will serve neither the convenience of the parties nor the just and efficient conduct of the case. This action has progressed in state court through pretrial proceedings and is presently set for trial in less than three months. No party will be prejudiced by the case remaining where it is. It is not suitable for transfer to the MDL.

///

///

///

For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer Order 314 as to Movant Finas Belk.

Dated: September 17, 2008

BRAYTON ❖ PURCELL LLP

By: _____
DAVID W. FERMINO, ESQ., S.B. #154131
BRAYTON ❖ PURCELL LLP
222 Rush Landing Road
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

RECEIVED CLERK'S OFFICE 2008 SEP 18 A 10: 22 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
DAVID W. FERMINO, ESQ., S.B. #154131
BRAYTON❖PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

Attorneys for Plaintiffs

**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br>CTO - 314 |
| This Document Relates to:<br>FINAS BELK, et al. v.<br>BUCYRUS INTERNATIONAL, et al. | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO**

| | |
|---|---|
| FINAS BELK, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>BUCYRUS INTERNATIONAL, et al.<br><br>         Defendants. | No. C 08-03317 VRW<br><br>**DECLARATION OF DAVID W. FERMINO I SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 314** |

I, DAVID W. FERMINO declare as follows:

1. I am an attorney at law duly licensed to practice before the courts of the State of California and before this MDL Panel and before the United States District Court for the Eastern District of Pennsylvania. I am a member of the firm of BRAYTON PURCELL LLP, attorneys of record for plaintiff herein. I have personal knowledge of the following facts and, if called upon to do so, could and would competently testify thereto.

///

2. This action for asbestos-related personal injury was originally filed by Finas Belk, against numerous defendants, in the Superior Court of the State of California, County of San Francisco, Case No. CGC-08-274686, on May 30, 2008.

3. Defendant Bucyrus International, Inc. removed this matter to the United States District Court for the Northern District of California on July 9, 2008.

4. Conditional Transfer Order 314, filed on August 20, 2008 transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

5. Mr. Belk's health is precarious and deteriorating. He is a 70 year old man suffering from lung cancer, an inherently progressive illness, with inevitable and predictable deterioration. Mr. Belk is expected to experience a progressive decline in respiratory function, leading to death. Any delay in remanding this case to the transferor court will most likely deny him his day in court.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Novato, California this 17th day of September, 2008.

Dated: September 17, 2008

BRAYTON ❖ PURCELL LLP

By: _____
DAVID W. FERMINO, ESQ., S.B. #154131
BRAYTON ❖ PURCELL LLP
222 Rush Landing Road
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2008 SEP 18 A 10: 22
RECEIVED CLERK'S OFFICE

---

K:\Injured\109534\Fed-DEC DWF MTN BRF VACATE CTO 314.wpd       2
DECLARATION OF DAVID W. FERMINO I SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION TO VACATE CTO 314

|   |   |   |
|---|---|---|
| 1 | ALAN R. BRAYTON, ESQ., S.B. #73685 | JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |
| 2 | LLOYD F. LEROY, ESQ., S.B. #203502<br>DAVID W. FERMINO, ESQ., S.B. #154131 | SEP 18 2008 |
| 3 | BRAYTON❖PURCELL LLP<br>222 Rush Landing Road | FILED |
| 4 | PO Box 6169<br>Novato, California 94948-6169 | CLERK'S OFFICE |

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   LLOYD F. LEROY, ESQ., S.B. #203502
2  DAVID W. FERMINO, ESQ., S.B. #154131
   BRAYTON❖PURCELL LLP
3  222 Rush Landing Road
   PO Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiffs

## UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS         )   MDL DOCKET NO. 875
LIABILITY LITIGATION (NO. VI)    )   CTO - 314
                                 )
This Document Relates to:        )
FINAS BELK, et al. v.            )
BUCYRUS INTERNATIONAL, et al.    )
_____ /

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

FINAS BELK, et al.,              )   No. C 08-03317 VRW
                                 )
         Plaintiffs,             )   PROOF OF SERVICE
                                 )
v.                               )
                                 )
BUCYRUS INTERNATIONAL, et al.    )
                                 )
         Defendants.             )
_____ /

RECEIVED CLERK'S OFFICE 2008 SEP 18 A 10: 22 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

K:\Injured\109534\Fed-MTN BRF VACATE CTO 314.wpd        1
PROOF OF SERVICE

Finas Belk v. Bucyrus International, et al.
MDL # 875, CTO-314

## PROOF OF SERVICE BY MAIL

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California 94948-6169.

On September 17, 2008, I served the following document(s) described as:

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 314 AND BRIEF IN SUPPORT OF MOTION**

**DECLARATION OF DAVID W. FERMINO IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 314**

**PROOF OF SERVICE**

on the interested party(ies) in this action as follows:

**TO ALL PARTIES ON THE SERVICE LIST**

     XX    BY OFFICE MAILING

I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Petaluma, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed September 17, 2008, at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Jane Ehni

Finas Belk, et al. v. Bucyrus International, et al
U.S.D.C. CAN 03:08-cv-03317 VRW

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

PROOF OF SERVICE BY MAIL

Page 1 of 2

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                          MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-314)**

Harry Lemaster, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al.,
N.D. California, C.A. No. 3:08-3316
Finas Belk, et al. v. Bucyrus International, Inc., et al.,
N.D. California, C.A. No. 3:08-3317

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

David W. Fermino
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Curtiss L. Isler
TUCKER ELLIS & WEST LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90017-2223

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Evan Craig Nelson
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Frank D. Pond
POND NORTH LLP
350 South Grand Avenue
Suite 2850
Los Angeles, CA 90071

## MDL No. 875 - Panel Service List (Excerpted from CTO-314 (Continued)

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

James G. Scadden
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Lance D. Wilson
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105

Brayton-Purcell Service List

Case MDL No. 875   Document 5610   Filed 09/18/08   Page 13 of 13

1

Date Created: 9/17/2008-2:17:28 PM
Created by: LitSupport - ServiceList - Live
Matter Number: 109534.001 - Finas Belk

Run By : Ehni, Jane (JAE)

**Bassi, Martini, Edlin & Blum**
351 California Street, Suite 200
San Francisco, CA  94104
415-397-9006    415-397-1339 (fax)
**Defendants:**
    J.T. Thorpe & Son, Inc. (THORPE)
    Parker-Hannifin Corporation (PARKHF)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA  94610
510-835-8330    510-835-5117 (fax)
**Defendants:**
    Berry & Berry (B&B)

**Filice, Brown, Eassa & McLeod LLP**
1999 Harrison Street, 18th Floor
Oakland, CA  94612-0850
510-444-3131    510-839-7940 (fax)
**Defendants:**
    Ford Motor Company (FORD)
    General Motors Corporation (GM)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA  94596
925-947-1300    925-947-1594 (fax)
**Defendants:**
    Garlock Sealing Technologies, LLC (GARLCK)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA  94111
415-267-4000    415-267-4198 (fax)
**Defendants:**
    Plant Insulation Company (PLANT)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111
415-344-7000    415-344-7288 (fax)
**Defendants:**
    Honeywell International, Inc. (HONEYW)

**Perkins Coie LLP**
1620 - 26th Street
6th Floor
Santa Monica, CA  90404
310-788-9900    310-843-1284 (fax)
**Defendants:**
    Boeing Company, The (BOEING)

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA  94105
415-781-7900    415-781-2635 (fax)
**Defendants:**
    General Electric Company (GE)

**Tucker Ellis & West LLP**
515 South Flower Street
Forty Second Floor
Los Angeles, CA  90071-2223
213-430-3400    213-430-3409 (fax)
**Defendants:**
    United Technologies Corporation (UNTECH)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA  94105
415-617-2400    415-617-2409 (fax)
**Defendants:**
    United Technologies Corporation (UNTECH)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA  94111
415-781-7072    415-391-6258 (fax)
**Defendants:**
    Quintec Industries, Inc. (QUINTC)

U.S.D.C - Northern Dist
450 Golden Gate Ave.
San Francisco, CA 94102