

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 25 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (VI)                                    MDL Docket No. 875

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | | |
|---|---|---|
| PATRICIA TIGNER | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:08CV166-P-A |
| | § | |
| BONDEX INTERNATIONAL, INC., | § | |
| ET AL., Including JOHN DOES 1-30, | § | |
| | § | |
| Defendants | § | |

PLEADING NO. 5618

**DEFENDANTS JARDEN CORPORATION AND SUNBEAM PRODUCTS INCORPORATED'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Come now Defendants Jarden Corporation and Sunbeam Products Incorporated (collectively "Defendants"), and file this their Response to Plaintiff's Motion to Vacate Conditional Transfer Order. In support, Defendants state as follows:

1.  On July 14, 2008, Defendants filed their Notice of Removal in the United States District Court for the Northern District of Mississippi, Delta Division, pursuant to 28 U.S.C. §§ 1441, *et seq.*

2.  On August 11, 2008, the Multi-District Litigation Panel entered an Order conditionally transferring this case to MDL No. 875 in the Eastern District of Pennsylvania. Plaintiff objected to this transfer, and on or about September 11, 2008, Plaintiff filed her Motion to Vacate

OFFICIAL FILE COPY

IMAGED SEP 29 2008

objected to this transfer, and on or about September 11, 2008, Plaintiff filed her Motion to Vacate Conditional Transfer Order.

3. The only ground on which Plaintiff seeks to have this Panel vacate its Order is to allow the transferor court adequate time to rule on Plaintiff's Motion for Remand to state court.

4. On September 15, 2008, the United States District Court for the Northern District of Mississippi denied Plaintiff's Motion to Remand. *See* Exhibit "A" (Order). Therefore, Plaintiff's Motion to Vacate Conditional Transfer Order is moot. The transferor court has ruled upon Plaintiff's motion to remand and has determined that federal jurisdiction is appropriate.

**WHEREFORE**, Defendants Jarden Corporation and Sunbeam Products Incorporated respectfully request that this Panel enter an order denying Plaintiff's Motion to Vacate Conditional Transfer Order. The United States District Court for the Northern District of Mississippi has denied Plaintiff's Motion to Remand to state court, finding that federal jurisdiction is proper.

Respectfully Submitted,
JARDEN CORPORATION
SUNBEAM PRODUCTS INCORPORATED

BY: _____
RONALD G. PERESICH, MSB# 4113
MICHAEL E. WHITEHEAD, MSB# 8891
RANDI PERESICH MUELLER, MSB#100022
KATHARINE MCKEE SURKIN, MSB# 100560
PAGE, MANNINO, PERESICH &
MCDERMOTT, P.L.L.C.
460 BRIARWOOD DRIVE, SUITE 415
POST OFFICE BOX 16450
JACKSON, MS 39236
(601) 896-0114/FAX (601) 896-0145

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 25 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, KATHARINE MCKEE SURKIN, of the law firm of PAGE, MANNINO, PERESICH & MCDERMOTT, P.L.L.C., do hereby certify that I have this date mailed, by United States mail, postage prepaid, a true and correct copy of the above and foregoing DEFENDANTS JARDEN CORPORATION AND SUNBEAM PRODUCTS INCORPORATED'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER to the Clerk of the Panel for Multidistrict Litigation and to all counsel of record as per the attached service list. A copy of the foregoing pleading will also be provided electronically to the United States District Court for the Northern District of Mississippi using the CM/ECF system.

This, the __22nd__ day of September, 2008.

*[signature]*
KATHARINE MCKEE SURKIN
PAGE, MANNINO, PERESICH &
MCDERMOTT, P.L.L.C.
460 BRIARWOOD DRIVE, SUITE 415
POST OFFICE BOX 16450
JACKSON, MS 39236

Page 1 of 2

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-313)

Patricia Tigner v. Bondex International, Inc., et al., N.D. Mississippi, C.A. No. 2:08-166

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Jay Marshall Atkins
LEITNER WILLIAMS DOOLEY &
NAPOLITAN PLLC
254 Court Avenue, Second Floor
Memphis, TN 38103

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Jamie W. Howell, Jr.
GILDER HOWELL & ASSOCIATES
P.O. Box 193
Southhaven, MS 38671-0193

Jeffrey P. Hubbard
WELLS MOORE SIMMONS
& HUBBARD
P.O. Box 1970
Jackson, MS 39215-1970

Lakeysha Greer Isaac
COSMICH SIMMONS & BROWN
P.O. Box 22626
Jackson, MS 39225-2626

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

John T. Kitchens
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
200 S. Lamar Street
City Center Building, Suite 100
Jackson, MS 39201-4099

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John C. McCants
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Clinton W. Moody
FORMAN PERRY WATKINS KRUTZ
& TARDY
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Kyle S. Moran
PHELPS DUNBAR LLP
NorthCourt One, Suite 300
2304 19th Street
Gulfport, MS 39501

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

## MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)

Ronald G. Peresich
PAGE MANNINO PERESICH & MCDERMOTT
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Kelly D. Simpkins
WELLS MARBLE & HURST PLLC
Lamar Life Building, Suite 600
317 East Capitol Street
P.O. Box 131
Jackson, MS 39205-0131

Martha B. Stegall
MITCHELL MCNUTT & SAMS PA
P. O. Box 7120
Tupelo, MS 38802-7120

Jennifer M. Studebaker
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Katharine McKee Surkin
PAGE MANNINO PERESICH & MCDERMOTT
P.O. Box 16450
Jackson, MS 39236-6450

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Jason Douglas Watkins
FORMAN PERRY WATKINS KRUTZ & TARDY
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Sarah B. Windham
AULTMAN TYNER RUFFIN & SWETMAN LTD
P. O. Drawer 750
Hattiesburg, MS 39403-0750

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

PATRICIA TIGNER,                                          PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:08CV166-P-A

BONDEX INTERNATIONAL, INC., ET AL.,                       DEFENDANTS.

## ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [52]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff filed the instant action in the Circuit Court of Panola County, Mississippi on March 12, 2008. The defendants argue that since one of the co-defendants was a Mississippi resident corporation – State Beauty Supply of Northeast Mississippi, Inc. – they did not believe they had the right to remove the case to federal court at that time. State Beauty filed its Answer on June 13, 2008 wherein they set forth the affirmative offense that it did not exist until July 14, 1989 and that the plaintiff's lawsuit is based on her allegations that she was exposed to asbestos from 1958 until 1987. It was on the receipt of State Beauty's Answer, the defendant's argue, that they received notice that they had the right to remove because of the improper joinder of State Beauty, the sole Mississippi defendant. The defendants removed this action on July 14, 2008 on the basis of diversity jurisdiction and improper joinder.

The plaintiff filed her motion to remand on August 6, 2008 wherein she argues that removal was improper because it was untimely. That is, while the plaintiff does not deny that there is no reasonable possibility of recovery against State Beauty given their argument in their Answer that they did not exist until approximately two years after the plaintiff claims she was last exposed to

1



asbestos, she argues that the removal was untimely since (a) the notice of removal should have been filed no later than 30 days after the defendants were served with the Complaint; and/or (b) the notice of removal should have been filed within 30 days of the defendants' receipt of State Beauty's Answer on June 13, 2008.

### A. Timeliness

The defendants maintain that pursuant to Fed. R. Civ. P. 6(d), they were not deemed to have received State Beauty's Answer until three days after they received it in the mail. Rule 6(d) provides in pertinent part: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) ["mailing it to the person's last known address – in which event service is complete upon mailing"] ... 3 days are added after the period would otherwise expire under Rule 6(a)." Thus, the defendants argue that they are deemed to have received State Beauty's Answer on June 16, 2008. Therefore, they were not required to file their notice of removal until July 16, 2008 and since they filed their notice of removal on July 14, 2008, their removal was timely.

The plaintiff did not file a reply rebutting these assertions.

The court concludes that the defendants are correct that pursuant to Fed. R. Civ. P. 6(d) and its Mississippi counterpart, the defendants had until July 16, 2008 to remove since they did not receive notice of a removable ground until they received State Beauty's Answer.

### B. Improper Joinder

Having concluded that removal was timely, the court must now determine if the removal was proper. The defendants argue that the court has diversity jurisdiction because the amount in controversy is over $75,000.00 and there is a complete diversity of citizenship between the plaintiff and the defendants. The defendants argue that the joinder of State Beauty – the sole Mississippi

defendant – was improper given there is no reasonable possibility of recovery against State Beauty since they did not begin to exist until approximately two years after the plaintiff alleges that she was last exposed to asbestos.

The burden in this case is upon the defendants to persuade the Court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id.* Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the resident defendant is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

3

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

The plaintiff does not dispute, though she does not explicitly agree, that State Beauty did not exist during the period relevant to the plaintiff's claims. Her deadline to reply to the defendants' response passed on September 11, 2008. Nevertheless, if the plaintiff does not dispute State Beauty's affirmative defense, then there is no reason for this court to believe that there is a reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [52] is **DENIED**.

SO ORDERED this the 15th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

4