MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 3 0 2008

FILED
CLERK'S OFFICE

*Original*

PLEADING NO. 5620

1  Edward R. Hugo [Bar No. 124839]
   ehugo@bhplaw.com
2  James C. Parker [Bar No. 106149]
   jparker@bhplaw.com
3  Thomas J. Moses [Bar No. 116002]
   tmoses@bhplaw.com
4  BRYDON HUGO & PARKER
   135 Main Street, 20th Floor
5  San Francisco, CA 94105
   Telephone:  (415) 808-0300
6  Facsimile:  (415) 808-0333

7  Attorneys for Defendant
   FOSTER WHEELER ENERGY CORPORATION
8

9

                **BEFORE THE JUDICIAL PANEL**
10
                **ON MULTIDISTRICT LITIGATION**
11

12  IN RE: ASBESTOS PRODUCTS          )          MDL Docket No. 875
                                      )
13  LIABILITY LITIGATION (No. VI)     )
                                      )
14                                    )
    _____ )
15
    This Document Also Relates to:
16
    EDGARDO R. SALAMANTE and NOLA SALAMANTE,
17
              Plaintiffs,
18
    vs.
19
    QUINTEC INDUSTRIES, INC. (sued individually and as successor-in-interest to
20  WESTERN FIBERGLASS PRODUCTS CO., and INSULECTRO); THOMAS DEE
    ENGINEERING COMPANY; 3M COMPANY, f/k/a MINNESOTA MINNING AND
21  MANUFACTURING, INC.; AQUA-CHEM, INC., dba CLEAVER BROOKS COMPANY;
    ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST; AMETEK, INC.,
22  successor-in-interest to HAVEG INDUSTRIES, INC.; A.W. CHESTERTON COMPANY;
    BUFFALO PUMPS, individually and as successor-in-interest to BUFFALO FORGE
23  COMPANY; COLTEC INDUSTRIES, individually and as successor-in-interest to
    FAIRBANKS MORSE ENGINE; CAMERON INTERNATIONAL CORPORATION,
24  formerly COOPER CAMERON CORPORATION, individually and as successor-in-
    interest to COOPER BESSEMER CORPORATION; CRANE CO. individually and as
25  successor-in-interest to COOPER BESSEMER CORPORATION; CRANE CO.,
    individually and as successor-in-interest to COCHRANE CORP.; ELEMENTIS
26  CHEMICALS, INC., individually and as successor-in-interest to HARRISONS &
    CROSSFIELDS (Pacific), INC. ; ELLIOTT COMPANY a/k/a ELLIOT TURBO
27  MACHINERY COMPANY; FMC CORPORATION, individually and as successor-in-
    interest to NORTHERN PUMP COMPANY; FOSTER WHEELER ENERGY
28  CORPORATION; GARLOCK SEALING TECHNOLOGIES, LLC, individually and as
    successor-in-interest to GARLOCK, INC.; GENERAL ELECTRIC COMPANY; THE

OFFICIAL FILE COPY   IMAGED SEP 3 0 2008

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

**DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313**

1  GOODYEAR TIRE & RUBBER COMPANY; HENRY TECHNOLOGIES, INC., f/k/a
   HENRY VALVE CO.; HONEYWELL INTERNATIONAL INC., individually and as
2  successor-in-interest to ALLIED SIGNAL and BENDIX CORPORATION; IMO
   INDUSTRIES, INC., individually and as successor-in-interest to DE LAVAL TURBINE,
3  INC., and WARREN PUMPS, INC.; INGERSOLL-RAND COMPANY, individually and
   as successor-in-interest to TERRY STEAM TURBINE COMPANY; LESLIE CONTROLS,
4  INC.; METROPOLITAN LIFE INSURANCE COMPANY; PHILIPS ELECTRONICS
   NORTH AMERICA CORPORATION, individually and as successor-in-interest to and as
5  alter-ego to THOMAS-HAYWARD CHEMICAL CO.; RAPID-AMERICAN
   CORPORATION, f/k/a GLEN ALDEN CORPORATION, individually and successor-by-
6  merger to GLEN ALDEN CORPORATION, BRIGGS MANUFACTURING CO., PHILIP
   CAREY CORPORATION, and PHILIP CAREY MANUFACTURING; TH
7  AGRICULTURE & NUTRITION, LLC, individually and as successor-in-interest to
   THOMPSON-HAYWARD CHEMICAL CO.; TUTHILL CORPORATION, individually
8  and as successor-in-interest to KINNEY VACUUM COMPANY; TYCO
   INTERNATIONAL, INC., individually and as successor-in-interest to YARWAY
9  CORPORATION; UNION CARBIDE CORPORATION; UNIROYAL, INC., a/k/a
   UNIROYAL GOODRICH TIRE CO., f/k/a UNITED STATES RUBBER COMPANY;
10 VIACOM, INC., f/k/a WESTINGHOUSE ELECTRIC CORPORATION; VIKING PUMPS,
   INC., a/k/a IDEX CORPORATION; WARREN PUMPS, LLC; YARWAY
11 CORPORATION, and DOES through 500, inclusive,

12           Defendants.

13                                      Case No. CV08-4674 PA

14   **DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO
15   PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313**

16   _____

17   **I.       INTRODUCTION**

18           Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this

19   Opposition to the Motion to Vacate Conditional Transfer Order 313 ("CTO-313") filed by

20   Plaintiffs in the case of *Edgardo Salamante and Nola Salamante v. Foster Wheeler Energy*

21   *Corp., et al.*, Civil Action Number 2:08-cv-04674 PA (C.D. Cal.).  The Judicial Panel on

22   Multidistrict Litigation's (the "Panel") CTO-313 transferred this case for coordinated or

23   consolidated pretrial proceedings in the United States District Court for the Eastern

24   District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407.  This case is similar, if

25   not identical, to cases that have been or will be subject to transfer to MDL-875.  To ensure

26   the efficient and consistent adjudication of this case, along with the many others

27   throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-

28   313.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

                                            2

1    For both efficiency and consistency, the Panel routinely denies objections to

2    transfer that are premised on jurisdictional issues or pending motions to remand.  In fact,

3    the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products*

4    *Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products*

5    *Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).)  Although Plaintiffs

6    have filed a motion to remand in this case, it has not yet been heard by the district court,

7    but can just as easily be decided by the MDL Panel after transfer.

8    Foster Wheeler contends that the only factual issues germane to CTO-313 are

9    already known and stated in Plaintiffs' motion.  Namely, it is contended that Plaintiff

10   Edgardo Salamante contracted lung cancer as a result of his exposure to asbestos.

11   (Plaintiff's Memorandum In Support of Motion To Vacate, at page 4.)  This is exactly the

12   type of asbestos personal injury case that should be transferred to MDL-875.  The threat

13   of a jurisdictional objection does not change this fact.  Since any motion filed by Plaintiffs

14   could only raise issues already addressed by the Panel in this litigation, the Panel, as it

15   has done many times previously, should deny Plaintiffs' Motion to Vacate.

16   **II.    TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS**
     **APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL**
17   **PROCEEDINGS.**

18   Transfer of this tag-along action to the Eastern District of Pennsylvania for

19   coordinated or consolidated pretrial proceedings is appropriate for several reasons.

20   First, the Panel has the authority to transfer such cases despite pending, or

21   contemplated, jurisdictional objections.  Second, assuming a jurisdictional issue is raised,

22   a determination of the issue is well within the transferee court's authority and should be

23   heard by a single court.  Third, transfer and coordination or consolidation promotes

24   judicial efficiency and consistency.

25   **A.    The Panel Has Authority To Transfer Despite Pending Jurisdictional**

26   **Claims.**

27   Courts have consistently held that the Panel's authority to transfer tag-along cases

28   to multidistrict litigation withstands pending jurisdictional objections.  Jurisdictional

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313

1    objections alone are not grounds for opposing transfer of a case for coordinated or

2    consolidated pretrial proceedings. (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794

3    (J.P.M.L. 1969).)  Likewise, the fact that a case is in federal court by removal from state

4    court has no bearing on a motion to transfer the case for MDL proceedings. (*In re*

5    *Antibiotic Drugs*, 299 F. Supp. 1403 (J.P.M.L. 1969).)

6           As recognized by the Second Circuit Court of Appeals, the Panel has the authority

7    to transfer a case in which (as is true here) a motion to remand to state court is pending.

8    (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).)  Numerous courts have cited and relied on *Ivy* for

9    this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust*

10   *Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone,*

11   *Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047

12   (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson*

13   *v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

14          Consistent with the goal of promoting efficiency and consistency, other courts have

15   also recognized the Panel's authority to transfer cases subject to pending jurisdictional

16   objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).)  The

17   "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor

18   court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F.

19   Supp. 794, 794 (J.P.M.L. 1969).)

20          The pendency of a motion to remand does not compromise the Panel's authority

21   to transfer such actions for coordinated or consolidated MDL proceedings.  The

22   existence of such a pending motion in this case does not mandate a return of this case to

23   the district court.

24          **B.      Transfer Promotes Judicial Efficiency and Consistency.**

25          Through Section 1407, Congress intended to promote the "just and efficient

26   conduct" of the actions transferred thereunder.  (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).)  In

27   mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily

28   capable of arising in hundreds or even thousands of cases in district courts throughout

**DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313**

1    the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of

2    [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft*

3    *Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) "If remand issues are common to

4    many [cases], decisions by the transferee judge would avoid duplicative discovery and

5    conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, at *2

6    (E.D. La., February 24, 1995).)

7            In fact, in the present litigation this Panel already has stated that:

8            [T]ransfer of these actions to the Eastern District of Pennsylvania for
             inclusion in the coordinated or consolidated pretrial proceedings in that
9            district will serve the convenience of the parties and witnesses and promote
             the just and efficient conduct of the litigation... In particular, we note that in
10           the Panel's original decision distinctions based on such matters as the
             pendency of motions or other matters before the transferor court, the
11           uniqueness of a party's status, the type of defendant, the docket condition of
             any specific federal district...were considered and rejected by the Panel as
12           grounds for carving out exceptions to transfer in this extraordinary docket.
             (*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).)
13

14           The transferee judge's experience and expertise with cases coordinated or

15   consolidated in multidistrict litigation will assist the determination of jurisdictional

16   issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923,

17   at *2 (N.D. Ill., Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better

18   equipped to decide jurisdictional issues will not support opposition to the issuance of a

19   transfer order because "the problem of ascertaining and applying the law of the

20   transferor jurisdiction is frequently faced by transferee judges." (*In re Duane*, 354 F.

21   Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.*, 340 F. Supp.

22   492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided

23   by the transferee judge. (See, e.g., *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products*

24   *Liability Litigation* (J.P.M.L. June 13, 2003); *In re Air Crash Disaster at Florida Everglades on*

25   *December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

26           Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the

27   merits of the transfer viewed against the purposes of the multidistrict litigation statutory

28   scheme, whether or not there is a pending jurisdictional objection." (*In re Ivy*, 901 F.2d 7,

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313

9 (2d Cir. 1990).)  In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case.

The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay.  (*In re Prudential Ins. Co.*, 2001 WL 980541, at *1 (J.P.M.L. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); see also *In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

Thus, because the Panel has the authority to transfer despite the pendency of the Plaintiffs' motion to remand, because the transferee district is best positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313

III.   **CONCLUSION**

Defendant FOSTER WHEELER ENERGY CORPORATION respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 313.

Respectfully submitted,

Dated: September 25, 2008                     BRYDON HUGO & PARKER

By: _____
Edward R. Hugo
James C. Parker
Thomas J. Moses
Attorneys for Defendant
FOSTER WHEELER ENERGY
CORPORATION

LITIGATION
MULTIDISTRICT
JUDICIAL PANEL ON

2008 SEP 26  A 10: 53

CLERK'S OFFICE
RECEIVED

BRYDON
HUGO & PARKER
135 MAIN STREET
20ᵀᴴ FLOOR
San Francisco, CA 94105

**DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 3 0 2008

FILED
CLERK'S OFFICE

*Salamante, Edgardo R. & Nola*
United States Central District Court of California Case No. CV08-4674
MDL 875 Panel Service List

## PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action.  My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105.  On the date below, I served the following:

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 313

on the following:

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
Newport Beach, CA 92660
Fax: (949) 720-1292

Major A. Langer, Esq.
PERONA, LANGER, BECK & SERBIN
300 East San Antonio Drive
Long Beach, CA 90807
Fax: (562) 490-9855

o   By transmitting via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

X   By placing the document(s) listed above in a sealed envelope and placing the envelope for collection and mailing on the date below following the firm's ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

o   By placing the document(s) listed above in a sealed envelope designated for Federal Express overnight delivery and depositing same with fees thereupon prepaid, in a facility regularly maintained by Federal Express, addressed as set forth above.

o   By causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth above.

I declare under penalty of perjury that the above is true and correct. Executed on September 25, 2008, at San Francisco, California.

*Wanda D. Claudio*
Wanda D. Claudio

1

Service List

| | |
|---|---|
| Henry D. Rome<br>HOWARD ROME MARTIN &<br>RIDLEY<br>1775 Woodside Road, Suite 200<br>Redwood City, CA 94061 | Constance McNeil<br>LEWIS BRISBOIS BISGAARD & SMITH<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94101 |
| Kenneth B. Prindle<br>PRINDLE, DECKER & AMARO<br>310 Golden Shore, 4th Floor<br>P.O. Box 22711<br>Long Beach, CA 90801 | Ivor E. Samson<br>SONNENSCHEIN NATH &<br>ROSENTHAL<br>525 Market Street, 26th Floor<br>San Francisco, CA 94105 |
| Grant D. Stiefel<br>K&L GATES<br>10100 Santa Monica Blvd., 7th Floor<br>Los Angeles, CA 90067 | Kathleen A. Waters<br>MORGAN, LEWIS & BOCKIUS<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071 |
| Steven E. Knott<br>KNOTT & GLAZIER<br>601 S. Figueroa Street, Suite 4200<br>Los Angeles, CA 90017 | Michael T. McCall<br>WALSWORTH, FRANKLIN, BEVINS &<br>McCALL<br>1 City Boulevard West, 5th Floor<br>Orange, CA 92868 |
| Jessica J. Han<br>Kutak Rock<br>515 S. Figueroa Street, Suite 1240<br>Los Angeles, CA 90071-3329 | |
| Peter G. Angelos<br>Law Office of Peter G. Angelos<br>One Charles Center<br>100 North Charles Street, 22nd Floor<br>Baltimore, MD 21201 | Emily K. Ayers<br>Liner Yankelevitz Sunshine &<br>Regenstreif<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3503 |
| Janet W. Black<br>Ward Black<br>208 West Wendover Avenue<br>Greensboro, NC 27401 | Russell W. Budd<br>Baron & Budd<br>3102 Oaklawn Avenue, Suite 1100<br>Dallas, TX 75219 |
| John D. Cooney<br>Cooney & Conway<br>120 North LaSalle Street, Suite 3000<br>Chicago, IL 60602-2415 | Kevin D. Jamison<br>Pond North<br>350 South Grand Avenue, Suite 2850<br>Los Angeles, CA 90071 |
| Kevin M. Jordan'<br>Baker Botts<br>910 Louisiana, One Shell Plaza<br>Houston, TX 77002-4995 | Paul Kalish<br>Crowell & Moring<br>1001 Pennsylvania Avenue, M.W.<br>Washington, DC 20004-2595 |
| Steven Kazan<br>Kazan McClain Abrams Fernandez<br>171 Twelfth Street, Third Floor | Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue, Suite 3000 |

1

| | |
|---|---|
| Oakland, CA 94607 | Dallas, TX 75204 |
| David C. Landin<br>Hunton & Williams<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Roger B. Lane<br>Lane & Gossett<br>1601 Reynolds Street<br>Brunswick, GA 31520 |
| William F. Mahoney<br>Segal McCambridge Singer &<br>Mahoney<br>233 South Wacker Drive, Suite 5500<br>Chicago, IL 60606 | Robert C. Malaby<br>Malaby & Bradley<br>150 Broadway, Suite 600<br>New York, NY 10038 |
| John P. McShea<br>McShea Tecce<br>Melloon Bank Center<br>1717 Arch Street, 28th Floor<br>Philadelphia, PA 19103 | Philip McWeeny<br>Schiff Hardin<br>One Market Plaza, 32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 |
| Noelle B. McCall<br>Morgan Lewis & Bockius<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071 | Thomas A. Packer<br>Gordon & Rees<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 |
| Joseph f. Rice<br>Motley Rice<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464 | Michael P. Thornton<br>Thornton & Naumes<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Walter G. Watkins, Jr.<br>Forman Perry Watkins Krutz & Tardy<br>P.O. Box 22608<br>Jackson, MS 39225 | Ivor E. Samson<br>Jessica L. Woelfel<br>Sonnenschein Nath & Rosenthal<br>525 Market Street, 26th Floor<br>San Francisco, CA 94105 |

2