MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 1 2008

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

**MDL DOCKET NO. 875**

This Document Relates To:
PATRICIA TIGNER
vs. BONDEX INTERNATIONAL, INC., ET AL.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | | |
|---|---|---|
| PATRICIA TIGNER<br>　　Plaintiff, | ) | |
| | ) | |
| V. | ) | **NO. 2:08CV166-P-A** |
| | ) | |
| BONDEX INTERNATIONAL, INC., et al. | ) | |
| Including JOHN DOES 1-30 | ) | |
| 　　Defendants. | ) | |

PLEADING NO. 5631

**CERTAIN DEFENDANTS[1] RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND JOINDER IN DEFENDANTS JARDEN CORPORATION AND SUNBEAM PRODUCTS INCORPORATED'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

COME NOW Certain Defendants and file this Response to Plaintiff's Motion to

Vacate Conditional Transfer Order and Joinder in Defendants Jarden Corporation and

Sunbeam Products Incorporated's Response to Plaintiff's Motion to Vacate Conditional

Transfer Order.  In support, Certain Defendants state as follows:

---

[1]Bondex International, Inc.; General Electric Company; Kaiser Gypsum Company, Inc.; RPM, Inc., erroneously sued as successor-in-interest to Bondex International, Inc.; RPM International, Inc., erroneously sued as successor-in-interest to RPM, Inc.; R.T. Vanderbilt Company, Inc.; T.H. Agriculture Nutrition, LLC; Georgia-Pacific LLC f/k/a Georgia-Pacific Corporation; and Union Carbide Corporation

**OFFICIAL FILE COPY**

IMAGED OCT 2 2008

1.      On July 14, 2008, this case was removed from Panola County Circuit Court to the United States District Court for the Northern District of Mississippi, Delta Division, pursuant to 28 U.S.C. §§ 1441, *et seq*.

2.      On August 11, 2008, the Multidistrict Litigation Panel [MDL] entered its order conditionally transferring this case to MDL No. 875 in the Eastern District of Pennsylvania. Plaintiff filed her Notice objecting to this transfer on or about August 26, 2008.

3.      The only ground in the Motion to Vacate on which Plaintiff seeks to have this Panel vacate its Order is to allow the transferor court adequate time to rule on Plaintiff's Motion for Remand to state court.  However, the undersigned submits that a Motion for Remand has no effect on a Conditional Transfer Order. *See* Exhibit A (Transfer Order from the Judicial Panel of Multidistrict Litigation dated February 8, 2007).

4.      Furthermore, on September 15, 2008, the United States District Court for the Northern District of Mississippi [District Court] denied Plaintiff's Motion to Remand.  *See* Exhibit B (Order).  Therefore, Plaintiff's Notice in Opposition to the Conditional Transfer Order is moot since the District Court has ruled on Plaintiff's Motion to Remand and has determined that federal jurisdiction is appropriate.

5.      Moreover, Certain Defendants hereby join in the Response to Plaintiff's Motion to Vacate Conditional Transfer Order filed on September 16, 2008, by Jarden Corporation and Sunbeam Products Incorporated. *See* Exhibit C (Response).

2

JUDICIAL PANEL ON
DISTRICT LITIGATION

OCT - 1 2008

FILED
CLERK'S OFFICE

WHEREFORE, Certain Defendants submit that it is appropriate that the MDL Panel deny Plaintiff's Motion to Vacate the Transfer Order, and said Certain Defendants respectfully request that this Panel deny said Motion to Vacate.

RESPECTFULLY SUBMITTED, this the 30th day of September, 2008.

_Samuel D. Habeeb_

SAMUEL D. HABEEB, MB #9552
ATTORNEY FOR CERTAIN DEFENDANTS

OF COUNSEL:
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
P.O. Box 22608
200 S. Lamar Street
City Centre Building, Suite 100
Jackson, Mississippi  39225-2608
Telephone:   601-960-8600
Facsimile:    601-960-8613

## CERTIFICATE OF SERVICE

I, Samuel D. Habeeb, hereby certify that I have this day mailed, by United States Mail, postage prepaid, a true and correct copy of the above and foregoing Response to the Clerk of the Panel for Multidistrict Litigation pursuant to the attached service list.  A copy of the foregoing pleadings will also be provided electronically to the United States District Court for the Northern District of Mississippi using the CM/ECF system.

This the 30th day of September, 2008.

_Samuel D. Habeeb_

SAMUEL D. HABEEB

3

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-313)

Patricia Tigner v. Bondex International, Inc., et al., N.D. Mississippi, C.A. No. 2:08-166

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Jay Marshall Atkins
LEITNER WILLIAMS DOOLEY &
NAPOLITAN PLLC
254 Court Avenue, Second Floor
Memphis, TN 38103

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Jamie W. Howell, Jr.
GILDER HOWELL & ASSOCIATES
P.O. Box 193
Southhaven, MS 38671-0193

Jeffrey P. Hubbard
WELLS MOORE SIMMONS
& HUBBARD
P.O. Box 1970
Jackson, MS 39215-1970

Lakeysha Greer Isaac
COSMICH SIMMONS & BROWN
P.O. Box 22626
Jackson, MS 39225-2626

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

John T. Kitchens
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
200 S. Lamar Street
City Center Building, Suite 100
Jackson, MS 39201-4099

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John C. McCants
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Clinton W. Moody
FORMAN PERRY WATKINS KRUTZ
& TARDY
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Kyle S. Moran
PHELPS DUNBAR LLP
NorthCourt One, Suite 300
2304 19th Street
Gulfport, MS 39501

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

**MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)**

Ronald G. Peresich
PAGE MANNINO PERESICH & MCDERMOTT
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Kelly D. Simpkins
WELLS MARBLE & HURST PLLC
Lamar Life Building, Suite 600
317 East Capitol Street
P.O. Box 131
Jackson, MS 39205-0131

Martha B. Stegall
MITCHELL MCNUTT & SAMS PA
P. O. Box 7120
Tupelo, MS 38802-7120

Jennifer M. Studebaker
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Katharine McKee Surkin
PAGE MANNINO PERESICH & MCDERMOTT
P.O. Box 16450
Jackson, MS 39236-6450

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Jason Douglas Watkins
FORMAN PERRY WATKINS KRUTZ & TARDY
200 S. Lamar Street
City Center Building
Suite 100
Jackson, MS 39201-4099

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Sarah B. Windham
AULTMAN TYNER RUFFIN & SWETMAN LTD
P. O. Drawer 750
Hattiesburg, MS 39403-0750

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

February 8, 2007

TO INVOLVED COUNSEL

Re:  MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached Order)

Dear Counsel:

    For your information, I am enclosing a copy of an order filed today by the Panel in the above-
captioned matter.

                    Very truly,

                    Jeffery N. Lüthi
                    Clerk of the Panel

                    By _Teresa Bishop_
                         Deputy Clerk

Enclosure

                                                    JPML Form 34B

**EXHIBIT**

*tabbies*  A

MDL 875

FEB - 8 2007

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Eswin Dean v. 3M Co., et al.*, N.D. Mississippi, C.A. No. 4:06-142
*Archie Lord, Sr. v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-660
*Joseph Newsome v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-661
*Cleophus Smith v. Phillips 66 Co., et al.*, S.D. Mississippi, C.A. No. 1:06-662
*Joseph Alexander Anderson, Jr., et al. v. Ford Motor Co., et al.*, D. Utah, C.A. No. 2:06-741

## BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending in the Northern District of Mississippi and the District of Utah, respectively, and three actions pending in the Southern District of Mississippi. Movants ask the Panel to vacate the respective portions of its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

---

[*] Judges Hodges, Jensen and Motz took no part in the disposition of this matter.

[1] Plaintiffs have argued that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on
(continued...)

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under the stewardship of the transferee court, as of January 1, 2007, i) over 74,460 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Robert L. Miller, Jr.
Acting Chairman

RECEIVED
FEB 1 2 2007
FORMAN, PERRY, WATKINS
KRUTZ & TARDY

---

[1](...continued)
the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

PATRICIA TIGNER,                                          PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:08CV166-P-A

BONDEX INTERNATIONAL, INC., ET AL.,                    DEFENDANTS.

<u>ORDER</u>

 This matter comes before the court upon Plaintiff's Motion to Remand [52]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

 The plaintiff filed the instant action in the Circuit Court of Panola County, Mississippi on March 12, 2008. The defendants argue that since one of the co-defendants was a Mississippi resident corporation – State Beauty Supply of Northeast Mississippi, Inc. – they did not believe they had the right to remove the case to federal court at that time. State Beauty filed its Answer on June 13, 2008 wherein they set forth the affirmative offense that it did not exist until July 14, 1989 and that the plaintiff's lawsuit is based on her allegations that she was exposed to asbestos from 1958 until 1987. It was on the receipt of State Beauty's Answer, the defendant's argue, that they received notice that they had the right to remove because of the improper joinder of State Beauty, the sole Mississippi defendant. The defendants removed this action on July 14, 2008 on the basis of diversity jurisdiction and improper joinder.

 The plaintiff filed her motion to remand on August 6, 2008 wherein she argues that removal was improper because it was untimely. That is, while the plaintiff does not deny that there is no reasonable possibility of recovery against State Beauty given their argument in their Answer that they did not exist until approximately two years after the plaintiff claims she was last exposed to

EXHIBIT
B
tabbies

asbestos, she argues that the removal was untimely since (a) the notice of removal should have been filed no later than 30 days after the defendants were served with the Complaint; and/or (b) the notice of removal should have been filed within 30 days of the defendants' receipt of State Beauty's Answer on June 13, 2008.

## A. Timeliness

The defendants maintain that pursuant to Fed. R. Civ. P. 6(d), they were not deemed to have received State Beauty's Answer until three days after they received it in the mail. Rule 6(d) provides in pertinent part: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) ["mailing it to the person's last known address – in which event service is complete upon mailing"] ... 3 days are added after the period would otherwise expire under Rule 6(a)." Thus, the defendants argue that they are deemed to have received State Beauty's Answer on June 16, 2008. Therefore, they were not required to file their notice of removal until July 16, 2008 and since they filed their notice of removal on July 14, 2008, their removal was timely.

The plaintiff did not file a reply rebutting these assertions.

The court concludes that the defendants are correct that pursuant to Fed. R. Civ. P. 6(d) and its Mississippi counterpart, the defendants had until July 16, 2008 to remove since they did not receive notice of a removable ground until they received State Beauty's Answer.

## B. Improper Joinder

Having concluded that removal was timely, the court must now determine if the removal was proper. The defendants argue that the court has diversity jurisdiction because the amount in controversy is over $75,000.00 and there is a complete diversity of citizenship between the plaintiff and the defendants. The defendants argue that the joinder of State Beauty – the sole Mississippi

2

defendant – was improper given there is no reasonable possibility of recovery against State Beauty since they did not begin to exist until approximately two years after the plaintiff alleges that she was last exposed to asbestos.

The burden in this case is upon the defendants to persuade the Court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id.* Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the resident defendant is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

3

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

The plaintiff does not dispute, though she does not explicitly agree, that State Beauty did not exist during the period relevant to the plaintiff's claims. Her deadline to reply to the defendants' response passed on September 11, 2008. Nevertheless, if the plaintiff does not dispute State Beauty's affirmative defense, then there is no reason for this court to believe that there is a reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [52] is **DENIED**.

**SO ORDERED** this the 15th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (VI)                                   MDL Docket No. 875

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | | |
|---|---|---|
| PATRICIA TIGNER | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:08CV166-P-A |
| | § | |
| BONDEX INTERNATIONAL, INC., | § | |
| ET AL., Including JOHN DOES 1-30, | § | |
| | § | |
| Defendants | § | |

---

**DEFENDANTS JARDEN CORPORATION AND SUNBEAM PRODUCTS
INCORPORATED'S RESPONSE TO PLAINTIFF'S MOTION
TO VACATE CONDITIONAL TRANSFER ORDER**

---

Come now Defendants Jarden Corporation and Sunbeam Products Incorporated (collectively

"Defendants"), and file this their Response to Plaintiff's Motion to Vacate Conditional Transfer

Order. In support, Defendants state as follows:

1.      On July 14, 2008, Defendants filed their Notice of Removal in the United States

District Court for the Northern District of Mississippi, Delta Division, pursuant to 28 U.S.C. §§

1441, *et seq.*

2.      On August 11, 2008, the Multi-District Litigation Panel entered an Order

conditionally transferring this case to MDL No. 875 in the Eastern District of Pennsylvania. Plaintiff



EXHIBIT

C

objected to this transfer, and on or about September 11, 2008, Plaintiff filed her Motion to Vacate Conditional Transfer Order.

3.      The only ground on which Plaintiff seeks to have this Panel vacate its Order is to allow the transferor court adequate time to rule on Plaintiff's Motion for Remand to state court.

4.      On September 15, 2008, the United States District Court for the Northern District of Mississippi denied Plaintiff's Motion to Remand. *See* Exhibit "A" (Order). Therefore, Plaintiff's Motion to Vacate Conditional Transfer Order is moot. The transferor court has ruled upon Plaintiff's motion to remand and has determined that federal jurisdiction is appropriate.

**WHEREFORE**, Defendants Jarden Corporation and Sunbeam Products Incorporated respectfully request that this Panel enter an order denying Plaintiff's Motion to Vacate Conditional Transfer Order. The United States District Court for the Northern District of Mississippi has denied Plaintiff's Motion to Remand to state court, finding that federal jurisdiction is proper.

**Respectfully Submitted,**
**JARDEN CORPORATION**
**SUNBEAM PRODUCTS INCORPORATED**

BY:      _____

**RONALD G. PERESICH, MSB# 4113**
**MICHAEL E. WHITEHEAD, MSB# 8891**
**RANDI PERESICH MUELLER, MSB#100022**
**KATHARINE MCKEE SURKIN, MSB# 100560**
**PAGE, MANNINO, PERESICH &**
**MCDERMOTT, P.L.L.C.**
**460 BRIARWOOD DRIVE, SUITE 415**
**POST OFFICE BOX 16450**
**JACKSON, MS  39236**
**(601) 896-0114/FAX (601) 896-0145**

## CERTIFICATE OF SERVICE

I, KATHARINE MCKEE SURKIN, of the law firm of PAGE, MANNINO, PERESICH & MCDERMOTT, P.L.L.C., do hereby certify that I have this date mailed, by United States mail, postage prepaid, a true and correct copy of the above and foregoing DEFENDANTS JARDEN CORPORATION AND SUNBEAM PRODUCTS INCORPORATED'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER to the Clerk of the Panel for Multidistrict Litigation and to all counsel of record as per the attached service list. A copy of the foregoing pleading will also be provided electronically to the United States District Court for the Northern District of Mississippi using the CM/ECF system.

This, the __16th__ day of September, 2008.

KATHARINE MCKEE SURKIN
PAGE, MANNINO, PERESICH &
MCDERMOTT, P.L.L.C.
460 BRIARWOOD DRIVE, SUITE 415
POST OFFICE BOX 16450
JACKSON, MS 39236

3

Case MDL No. 875   Document 5631   Filed 10/01/08   Page 16 of 22

Case 2:08-cv-00166-WAP-SAA   Document 63   Filed 09/16/2008   Page 4 of 10
Case 2:08-cv-00166-WAP-SAA   Document 62   Filed 09/15/2008   Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

PATRICIA TIGNER,                                              PLAINTIFF,

VS.                                              CIVIL ACTION NO. 2:08CV166-P-A

BONDEX INTERNATIONAL, INC., ET AL.,                  DEFENDANTS.

### ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [52]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff filed the instant action in the Circuit Court of Panola County, Mississippi on March 12, 2008. The defendants argue that since one of the co-defendants was a Mississippi resident corporation – State Beauty Supply of Northeast Mississippi, Inc. – they did not believe they had the right to remove the case to federal court at that time. State Beauty filed its Answer on June 13, 2008 wherein they set forth the affirmative offense that it did not exist until July 14, 1989 and that the plaintiff's lawsuit is based on her allegations that she was exposed to asbestos from 1958 until 1987. It was on the receipt of State Beauty's Answer, the defendant's argue, that they received notice that they had the right to remove because of the improper joinder of State Beauty, the sole Mississippi defendant. The defendants removed this action on July 14, 2008 on the basis of diversity jurisdiction and improper joinder.

The plaintiff filed her motion to remand on August 6, 2008 wherein she argues that removal was improper because it was untimely. That is, while the plaintiff does not deny that there is no reasonable possibility of recovery against State Beauty given their argument in their Answer that they did not exist until approximately two years after the plaintiff claims she was last exposed to

1



Case MDL No. 875   Document 5631   Filed 10/01/08   Page 17 of 22
Case 2:08-cv-00166-WAP-SAA   Document 63   Filed 09/16/2008   Page 5 of 10
Case 2:08-cv-00166-WAP-SAA   Document 62   Filed 09/15/2008   Page 2 of 4

asbestos, she argues that the removal was untimely since (a) the notice of removal should have been filed no later than 30 days after the defendants were served with the Complaint; and/or (b) the notice of removal should have been filed within 30 days of the defendants' receipt of State Beauty's Answer on June 13, 2008.

## A. Timeliness

The defendants maintain that pursuant to Fed. R. Civ. P. 6(d), they were not deemed to have received State Beauty's Answer until three days after they received it in the mail. Rule 6(d) provides in pertinent part: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) ["mailing it to the person's last known address – in which event service is complete upon mailing"] ... 3 days are added after the period would otherwise expire under Rule 6(a)." Thus, the defendants argue that they are deemed to have received State Beauty's Answer on June 16, 2008. Therefore, they were not required to file their notice of removal until July 16, 2008 and since they filed their notice of removal on July 14, 2008, their removal was timely.

The plaintiff did not file a reply rebutting these assertions.

The court concludes that the defendants are correct that pursuant to Fed. R. Civ. P. 6(d) and its Mississippi counterpart, the defendants had until July 16, 2008 to remove since they did not receive notice of a removable ground until they received State Beauty's Answer.

## B. Improper Joinder

Having concluded that removal was timely, the court must now determine if the removal was proper. The defendants argue that the court has diversity jurisdiction because the amount in controversy is over $75,000.00 and there is a complete diversity of citizenship between the plaintiff and the defendants. The defendants argue that the joinder of State Beauty – the sole Mississippi

2

Case MDL No. 875   Document 5631   Filed 10/01/08   Page 18 of 22

Case 2:08-cv-00166-WAP-SAA    Document 63    Filed 09/16/2008    Page 6 of 10
Case 2:08-cv-00166-WAP-SAA    Document 62    Filed 09/15/2008    Page 3 of 4

defendant – was improper given there is no reasonable possibility of recovery against State Beauty since they did not begin to exist until approximately two years after the plaintiff alleges that she was last exposed to asbestos.

The burden in this case is upon the defendants to persuade the Court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id.* Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the resident defendant is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

3

Case MDL No. 875   Document 5631   Filed 10/01/08   Page 19 of 22

Case 2:08-cv-00166-WAP-SAA     Document 63     Filed 09/16/2008     Page 7 of 10
Case 2:08-cv-00166-WAP-SAA     Document 62     Filed 09/15/2008     Page 4 of 4

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

The plaintiff does not dispute, though she does not explicitly agree, that State Beauty did not exist during the period relevant to the plaintiff's claims. Her deadline to reply to the defendants' response passed on September 11, 2008. Nevertheless, if the plaintiff does not dispute State Beauty's affirmative defense, then there is no reason for this court to believe that there is a reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [52] is **DENIED**.

**SO ORDERED** this the 15th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

4

## SERVICE LIST - PATRICIA TIGNER

Jamie W. Howell, Jr., Esquire
GILDER, HOWELL & ASSOCIATES, P.A.
230 Goodman Road East
Building 2, Suite 100
P.O. Box 193
Southaven, MS 38671
(662) 349-2889; FAX (662) 349-7028

Clay Carroll, Esquire
SIMON, EDDINS & GREENSTONE, LLP
3232 McKinney Ave., Suite 610
Dallas, TX 75204
(214) 276-7680; FAX (214) 276-7699

**ATTORNEYS FOR PLAINTIFF**

**DEFENSE COUNSEL:**

Ronald G. Peresich, Esquire
Randi Peresich Mueller, Esquire
Katharine McKee Surkin, Esquire
PAGE, MANNINO, PERESICH & MCDERMOTT, P.L.L.C.
460 Briarwood Drive, Suite 415
Post Office Box 16450
Jackson, MS 39236-6450
(601) 896-0114; FAX (601) 896-0145
**ATTORNEYS FOR SUNBEAM PRODUCTS, INC.; JARDEN CORPORATION**

Richard L. Forman, Esquire
Walter G. Watkins, Jr., Esquire
Thomas W. Tardy, III, Esquire
Fred Krutz, Esquire
John T. Kitchens, Esquire
James G. House, III, Esquire
Ronald D. Collins, Esquire
Julie E. Chaffin, Esquire
John T. McCants, Esquire
Stefan G. Bourn, Esquire
Samuel D. Habeeb, Esquire
Marcy B. Croft, Esquire
Amanda D. Summerlin, Esquire
Jennifer M. Studebaker, Esquire

Clinton W. Moody, Esquire
FORMAN, PERRY, WATKINS, KRUTZ & TARDY
200 S. Lamar Street, Suite 100
Post Office Box 22608
Jackson, MS   39225-2608
(601) 960-8600; FAX (601) 960-3241 or (601) 960-3242

**ATTORNEYS FOR BONDEX INTERNATIONAL, INC.;  GENERAL ELECTRIC CO.; GEORGIA-PACIFIC CORP.; UNION CARBIDE CORPORATION; RMP INTERNATIONAL, INC.; RPM, INC.; RT VANDERBILT COMPANY; KAISER GYPSUM COMPANY, INC.; T H AGRICULTURE & NUTRITION LLC**

Kyle S. Moran, Esquire
PHELPS DUNBAR, LLP
2304 19th Street, Suite 300
Gulfport, MS  39501
(228) 679-1130; FAX (228) 679-1131

**ATTORNEYS FOR PHILIPS ELECTRONIC NORTH AMERICA CORPORATION**

William N. Graham, Esquire
S. Beth Windham, Esquire
AULTMAN, TYNER, RUFFIN & SWETMAN, LTD.
315 Hemphill Street (39401)
Post Office Drawer 750
Hattiesburg, MS   39403-0750
(601) 583-2671; FAX (601) 583-2677

**ATTORNEY FOR SEARS, ROEBUCK AND CO.**

Martha Bost Stegall, Esquire
MITCHELL, McNUTT & SAMS
105 South Front Street
P.O. Box 7120
Tupelo, MS 38802-7120
(662) 842-3871; FAX (662) 842-8450

**ATTORNEYS FOR STATE BEAUTY SUPPLY OF NORTHEAST MISSISSIPPI**

Jeffrey P. Hubbard, Esquire
WELLS, MOORE, SIMMONS & HUBBARD, P.L.L.C.
4450 Old Canton Road, Suite 200 (39211)
Post Office Box 1970
Jackson, MS   39215-1970
(601) 354-5400; FAX (601) 355-5850

**ATTORNEYS FOR HAMILTON BEACH BRANDS, INC.; J.C. PENNEY CORPORATION, INC., F/K/A J.C. PENNEY COMPANY, INC.;**

John D. Cosmich, Esquire
LaKeysha Greer Issac, Esquire
COSMICH, SIMMONS & BROWN, P.L.L.C.
120 North Congress Street, Suite 400 (39201)
P.O. Box 22626
Jackson, MS 39225-2626
(601) 863-2100; FAX (601) 863-0078

**ATTORNEYS FOR SPECTRUM BRANDS, INC.; THE PROCTER AND GAMBLE COMPANY**

Jay M. Atkins, Esquire
Paul P. Blake, Esquire
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC
Data Company Building
254 Court Ave., Second Floor
Memphis, TN 38103
(901) 527-0214/FAX (901) 527-8224

**ATTORNEYS FOR ZOTOS INTERNATIONS, INC.**

Kelly D. Simpkins, Esquire
J. Spencer Young, Esquire
WELLS, MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
PO Box 131
Jackson, MS 39205

**ATTORNEYS FOR CONAIR CORPORATION**