MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 6 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)
MDL NO. 875

| | |
|---|---|
| ERNESTO and DIANA MIRANDA | |
| Plaintiffs, | CIVIL ACTION NO. 08-CV-5491 |
| VS. | |
| GENERAL ELECTRIC COMPANY, et al. | |
| Defendants. | |

PLEADING NO. 5639

**DEFENDANT GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS'
MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

OFFICIAL FILE COPY

2008 OCT -3 A 10:26
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

IMAGED OCT 6 2008

## I.    INTRODUCTION

Defendant General Electric Company ("GE") files this Opposition to the Motion to Vacate Conditional Transfer Orders 312 and 313 ("CTO-312" and "CTO-313") filed by Plaintiffs in the case of *Ernesto and Diana Miranda v. General Electric Company, et al.*, Civil Action Number 08-CV-5491(S.D.N.Y.). The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-312 and CTO-313 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-312 and CTO-313.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).) Although Plaintiffs have filed a motion to remand in this case, it has not been heard by the district court, but can just as easily be decided by the MDL Panel after transfer.

GE contends that the only factual issues germane to CTO-312 and CTO-313 are already known and stated in Plaintiffs' motion. Namely, it is contended that Plaintiff Ernesto Miranda contracted mesothelioma as a result of his exposure to asbestos. (Plaintiffs' Memorandum In

Support Of Motion To Vacate)  This is exactly the type of asbestos personal injury case that should be transferred to MDL-875.  The threat of a jurisdictional objection does not change this fact.  Since any motion filed by Plaintiffs could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny Plaintiffs' Motion to Vacate.

## II. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons.  First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections.  Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court.  Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

### A. The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections.  Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)  Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to

transfer the case for MDL proceedings. (*In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re Ivy,* 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation.,* 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.,* 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer,* 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.,* 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.,* 5 F. Supp. 2d 804 (N.D. Ca. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. The existence of such a pending motion in this case does not mandate a return of this case to the district court.

GE disagrees with plaintiffs' characterization of their "stipulation for remand". GE opposes a remand of this matter back to state court for several reasons. Plaintiff Ernesto Miranda

4

alleges exposure to asbestos from working on aircraft engines while in the United States Air Force during the 1980s. GE Aviation Systems, LLC, a defendant in this case to which plaintiff extended a dismissal in exchange for remand back to state court, was not formed until May 2007. As such, it could not have manufactured any products that would form the basis of plaintiffs' claims. Furthermore, GE manufactured aircraft engines during all relevant time periods pursuant to precise military specification and under the direct control and supervision of Air Force personnel. Therefore, absent a dismissal of GE, federal jurisdiction remains vested in federal court and the claims asserted in the Complaint arising from alleged exposure to asbestos on equipment manufactured by GE for the United States Air Force remain in the case. GE respectfully submits that plaintiffs' dismissal of GE Aviation Systems, LLC does not divest the Southern District of New York of jurisdiction of this action, as GE has an independent basis to assert the government contractor defense.

### B. Transfer Promotes Judicial Efficiency and Consistency.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) "If remand issues are common to many [cases], decisions by the transferee

judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.,* 1995 WL 83788, at *2 (E.D. La., February 24, 1995).) In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district…were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. (*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.,* 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. (See, e.g., *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the merits of

the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.,* 2001 WL 980541, at *1 (J.P.ML. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.,* 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM,* 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

Thus, because the Panel has the authority to transfer this action despite the pendency of

the Plaintiffs' motion to remand, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III.   CONCLUSION

Defendant GENERAL ELECTRIC COMPANY respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Orders 312 and 313.

Respectfully submitted,

Afigo I. Okpewho, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 242-0002
Attorneys for Defendant General Electric Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 6 2008

FILED
CLERK'S OFFICE

| | |
|---|---|
| ERNESTO and DIANA MIRANDA,<br><br>Plaintiffs,<br><br>-against-<br><br>ABEX CORPORATION, et al.,<br><br>Defendants. | **Civil Action No.: 08 CV 5491**<br><br><br><br>**CERTIFICATION OF SERVICE** |

I, Afigo I. Okpewho, hereby certify that on October 2, 2008, Defendant General Electric Company's Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order and Certification of Service, were forwarded via Federal Express to the Clerk of the Judicial Panel on Multidistrict Litigation and counsel for plaintiff.

I further certify that a true copy of the within papers have been served on all known defense counsel via regular mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 2, 2008

By: _____
Afigo I. Okpewho

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 OCT -3 A 10: 26

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 6 2008

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNESTO and DIANA MIRANDA, § § § § Plaintiffs, § § -against- § § ABEX CORPORATION, et al., § § Defendants. § § § | Civil Action No.: 08 CV 5491 <br><br> AMENDED CERTIFICATION OF SERVICE |

I, Christopher J. Keale, hereby certify that on October 2, 2008, Defendant General Electric Company's Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order and Certification of Service, were forwarded via Federal Express to the Clerk of the Judicial Panel on Multidistrict Litigation and counsel for plaintiff.

I further certify that a true copy of the within papers have been served on all Panel counsel on the attached riders, via regular mail.

I further certify that I forwarded a disc containing the above documents via Federal Express on October 3, 2008 to the Clerk of the Judicial Panel on Multidistrict Litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 3, 2008

By: _____
Christopher J. Keale

NJ/226597v1

## PANEL SERVICE LIST
## (EXCERPTED FROM CTO-312)

| | |
|---|---|
| Peter G. Angelos, Esq.<br>Law Offices of Peter G. Angelos PC<br>One Charles Center<br>100 North Charles Street, 22nd Floor<br>Baltimore, MD 21201 | Scott Harford<br>Lynch Daskal Emery<br>264 West 40th Street<br>New York, NY 10018 |
| Janet W. Black<br>Ward Black PA<br>208 West Wendover Avenue<br>Greensboro, NC 27401-1307 | Kevin M. Jordan<br>Baker Botts, LLP<br>910 Louisiana<br>One Shell Plaza<br>Houston, TX 77002 |
| Robert Dorrance Brown, Jr.<br>Gibbons PC<br>One Gateway Center<br>Newark, NJ 07102-5310 | Paul Kalish<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, NW<br>Washington DC 20004 |
| Russell W. Budd<br>Baron & Budd PC<br>3102 Oaklawn Avenue, Suite 1100<br>Dallas, TX 75219 | Steven Kazan<br>Kazan McClain Abrams Fernandez<br>171 Twelfth Street, 3rd Floor<br>Oakland, CA 94607 |
| Samantha M. Burd<br>Landman Corsi Ballaine & Ford PC<br>One Gateway Center<br>Newark, NJ 07102 | Peter A. Kraus<br>Waters & Kraus, LLP<br>3219 McKinney Aveue, Suite 3000<br>Dallas, TX 75204 |
| John D. Cooney<br>Cooney & Conway<br>120 North LaSalle Street, Suite 3000<br>Chicago, IL 60602 | David C. Landin<br>Hunton & WIlliams<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 |
| Joseph A. D'Avanzo<br>Wilson Elser Moskowitz Edelman & Dicker<br>3 Gannett Drive<br>White Plains, NY 10604 | Roger B. Lane<br>Lane & Gossett<br>1601 Reynolds Street<br>Brunswich, GA 31520 |
| Erik C. DiMarco<br>Wilson Elser Moskowitz Edelman & Dicker<br>150 East 42nd Street, 22nd Floor<br>New York, NY 10017 | William F. Mahoney<br>Segal McCambridge Singer & Mahoney<br>233 South Wacker Drive, Suite 5500<br>Chicago, IL 60606 |
| Patrick J. Dwyer<br>Smith Stratton Wise Heher & Brennan<br>2 Research Way<br>Princeton, NJ 08540 | Robert C. Malaby<br>Malaby & Bradley<br>150 Broadway, Suite 600<br>New York, NY 10038 |
| Elisa T. Gilbert<br>Gilbert Firm LLC<br>325 East 57th Street<br>New York, NY 10022 | John P. McShea<br>McShea Tecce PC<br>Mellon Bank Center<br>1717 Arch Street, 28th Floor<br>Philadelphia, PA 19103 |

NJ/207388v1

| | |
|---|---|
| Erich Gleber<br>Segal McCambridge Singer & Mahoney<br>805 Third Avenue, 19th Floor<br>New York, NY 10022 | Philip McWeeny<br>Schiff Hardin, LLP<br>One Market Plaza, 32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 |
| Thomas A. Packer<br>Gordon & Rees LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | Michael P. Thornton<br>Thornton & Naumes, LLP<br>100 Summer Street 30th Floor<br>Boston, MA 02110 |
| Thomas Russell Pantino<br>Mendes & Mount LLP<br>One Newark Center, 19th Floor<br>Newark, NJ 07102 | Patrick Timmins<br>Levy Phillips<br>800 Third Avenue, 13th Floor<br>New York, NY 10022 |
| Donald Ricahrd Pugliese, Sr.<br>McDermott Will & Emery<br>340 Madison Avenue<br>New York, NY 10017 | Walter G. Watkins, Jr.<br>Forman Perry Watkins Krutz & Tardy PLLC<br>P.O. Box 22608<br>Jackson, MS 39225 |
| Joseph F. Rice<br>Motley Rice LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant SC 29464 | Christopher R. Strianese<br>Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 |

## PANEL SERVICE LIST (Excerpted from CTO-313)

| | |
|---|---|
| Peter G. Angelos<br>One Charles Center<br>100 North Charles Street<br>22nd Floor<br>Baltimore, Maryland 21202 | Robert Karl Beste, III<br>Smith Katzenstein Furlow<br>The Corporate Plaza<br>800 Delaware Avenue<br>P.O. Box 410<br>Wilmington, DE 19899 |
| Janet W. Black<br>Ward Black<br>208 West Wendover Avneue<br>Greensboro, NC 27401-1307 | Allen Dale Bowers, II<br>Law Office of Joseph Rhoades<br>1225 King Street<br>Sutie 1200<br>P.O. Box 874<br>Wilmington, DE 19801 |
| Paul A. Bradley<br>Maron Marvel Bradley & Anderson<br>1201 North Market Street<br>Suite 900<br>P.O. Box 288<br>Wilmington, DE 19801 | Russell W. Budd<br>Barron & Budd<br>3102 Oaklawn Avenue<br>Suite 1100<br>Dallas, TX 75219 |
| John D. Cooney<br>Conney & Conway<br>120 North LaSalle STreet<br>Suite 3000<br>Chicago, IL 60602-2415 | Noriss Ennis Cosgrove<br>McCarter & English<br>Renaissance Centre<br>405 N. King Street<br>8th Floor<br>Wilmington, DE 19801 |
| Neal C. Glenn<br>Kelley Jasons McGuire & Spinelli<br>Centre Square West<br>1500 Market Street<br>Suite 1500<br>Philadelphia, PA 19102 | J. Michael Johnson<br>Rawle & Henderson<br>300 Delaware Avenue<br>Suite 1015<br>Wilmington, DE 19801 |
| Kevin M. Jordan<br>Baker Botts<br>910 Louisianna<br>One Shell Plaza<br>Houston, TX 77002-4995 | Paul Kalish<br>Crowell & Moring<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004-2595 |
| Gary H. Kaplan<br>Marshall Dennehey Warner Coleman & Goggin<br>1220 N. Market Street<br>5th Floor<br>Wilmington, DE 19801 | Steven Kazan<br>Kazan McClain Abrams Fernandez<br>171 Twelfth Street<br>Third Floor<br>Oakland, CA 94607 |
| Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 2000<br>Dallas, TX 75204 | David C. Landin<br>Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 E. Byrd Street<br>Richmond, VA 23219-4074 |
| Roger B. Lane<br>Lane & Gossett<br>1601 Reynolds Street<br>Brunswick, GA 31520 | William F. Mahoney<br>Segal McCambridge Singer & Mahoney<br>233 South Wacker Drive, Suite 5500<br>Chicago, IL 60606 |
| Robert C. Malaby<br>Malaby & Bradley | Jeffrey S. Marlin<br>Marks O'Neill O'Brien & Courtney |

| | |
|---|---|
| 150 Broadway, Suite 600<br>New York, NY 10038 | 913 N. Market Street<br>Suite 800<br>Wilmington, DE 19801 |
| John P. McShea<br>McShea Tecce PC<br>Mellon Bank Center<br>1717 Arch Street, 28th Floor<br>Philadelphia, PA 19103 | Philip McWeeny<br>Schiff Hardin, LLP<br>One Market Plaza, 32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 |
| Julie Lynn Mer<br>Weiner Lesniak, LLP<br>888 Veterans Memorial Highway<br>Hauppauge, NY 11787 | Penelope B. O'Connell<br>Elzufon Austin Reardon Tarlov & Mondell<br>300 Delaware Avenue<br>Suite 1700<br>P.O. Box 1630<br>Wilmington, DE 19899-1630 |
| Thomas A. Packer<br>Gordon & Rees LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | Sharon Zinns<br>Levy Phillips<br>800 Third Avenue, 13th Floor<br>New York, NY 10022 |
| John Francis Parker<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY 10004 | Lynne M. Parker<br>Hollstein Keating Catell<br>12th & Orrange Street<br>Suite 730<br>One Commerce Center<br>Wilmington, DE 19801 |
| Donald E. Reid<br>Morris Nichols Arsht & Tunnel<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 | Armand J. Della Prota, Jr.<br>Marshall Dennehey Warner Coleman & Goggin<br>1220 N. Market Street<br>5th Floor<br>Wilmington, DE 19801 |
| Joseph Rice<br>Motley Rice, LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29465 | Daniel M. Silver<br>McCarter & English<br>Renaissance Centre<br>405 N. King Street<br>8th Floor<br>Wilmington, DE 19801 |
| Christian J. Singewald<br>White & Williams<br>824 Market Street<br>Suite 902<br>Wilmington, DE 19899-0709 | Michael P. Thornton<br>Thornton & Naumes<br>100 Summer Street<br>30th Floor<br>boston, MA 02110 |
| Beth E. Valocchi<br>Swartz & Campbell<br>300 Delaware Avneue<br>Suite 1130<br>Wilmington, DE 19801 | Walter G. Watkins, Jr.<br>Foreman Perry Watkins<br>P.O. Box 22608<br>Jackson, MS 39225-2608 |