MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 9 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCT LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

| | | |
|---|---|---|
| WILLIAM W. BUSSEY, | : | Civil Action No. 2:08-cv-09378 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | From the |
| | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE EASTERN |
| | : | DISTRICT OF VIRGINIA, |
| | : | NORFOLK DIVISION |
| | : | *(Removed on May 27, 2008, from the* |
| BUFFALO PUMPS, INC., et. al., | : | *Circuit Court for the City of* |
| | : | *Portsmouth, Case No. CL08-950)* |
| **Defendants**. | : | |

PLEADING NO. 5644

### DEFENDANT GENERAL ELECTRIC COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant General Electric Company ("GE"), by counsel, submits this brief in opposition to Plaintiff's Motion and Brief to Vacate the Conditional Transfer Order filed herein. Contrary to Plaintiff's arguments, the Transferee Court has the ability and authority to decide Plaintiff's Motion to Remand, without unfair prejudice to Plaintiff or unnecessary waste of judicial resources, and Plaintiff's motion should therefore be denied, as further set forth below.

### STATEMENT OF FACTS

1. This is an asbestos case in which Plaintiff William Bussey ("Plaintiff") alleges, among other things, that he developed malignant mesothelioma as a result of exposure to asbestos allegedly associated with GE "turbines and generators" while he

OFFICIAL FILE COPY
IMAGED OCT 1 4 2008

served in the U.S. Navy from 1960 to 1964, on board the *U.S.S. Massey* (DD-778) and the *U.S.S. Meredith* (DD-880). See Complaint, ¶ 2, 19. [Those Navy ships were both World War II era destroyers, built in 1944-1945.] Plaintiff claims that GE violated its state law duties and was negligent in failing to warn Plaintiff of the hazards of asbestos, and that the GE products were also defective as a result. See Complaint, ¶¶ 18-25.

2. Plaintiff commenced this action in the Circuit Court for the City of Portsmouth on April 29, 2008. On May 27, 2008, one of the defendants, Viad Corporation ("Viad"), removed the action to the United States District Court for the Eastern District of Virginia. On June 4, 2008, GE timely filed its Notice of Removal in the Eastern District of Virginia. Both Viad and GE based their Notices of Removal on 28 U.S.C. § 1442 (a)(1), the "federal officer" removal statute. Consent or joinder of other defendants in removal on these grounds is not required. On June 23, 2008, Plaintiff filed his "Emergency Motion to Remand" with the Eastern District of Virginia arguing that the removal was improper as not meeting the requirements of that statute.

3. On June 17, 2008, the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order, which established that, on or about July 2, 2008, this action would be transferred to MDL-875 in the Eastern District of Pennsylvania. Plaintiff objected to the transfer, and on July 16, 2008 moved the Panel to vacate the Conditional Transfer Order.

4. GE respectfully requests that the Panel deny Plaintiff's motion, and allow this action to be transferred to MDL-875 in accordance with the provisions of the Conditional Transfer Order.

## ARGUMENT

### PLAINTIFF HAS NOT DEMONSTRATED ANY NEED FOR THIS PANEL TO VACATE ITS CONDITIONAL TRANSFER ORDER, AND HAS FAILED TO DEMONSTRATE ANY UNFAIR PREJUDICE OR WASTE OF JUDICIAL RESOURCES THAT WOULD RESULT FROM TRANSFER OF THIS ACTION TO MDL-875

Plaintiff argues that the Panel should vacate its Conditional Transfer Order because it would deny Plaintiff the opportunity to see his case adjudicated if the case were transferred to the Transferee Court. Plaintiff's contention is misplaced for several reasons. First, this same plaintiff has another asbestos personal injury action pending in the Circuit Court for the City of Portsmouth against more than 40 other defendants, alleging identical injuries to those claimed in the case before this Panel.[1] Indeed, Plaintiff filed essentially identical actions in state court for the express purpose of maintaining a state court case in the event of removal by GE or another defendant which traditionally avails itself of federal officer jurisdiction in cases such as the present action[2]. Thus, Plaintiff's contention that he will not live to see trial as a result of the Conditional Transfer Order is without merit. Second, Plaintiff has failed to demonstrate any undue delay or unfair prejudice that would arise from allowing this action to be transferred to MDL-875, and permitting Plaintiff's Motion to Remand to be heard and adjudicated by the Transferee Court.

Plaintiff further argues that he will be "substantially prejudiced" if the Conditional Transfer Order is not vacated, claiming that "there is a chance" that, *if* the

---

[1] That action, William W. Bussey v. Alfa Laval, Inc., et al. Law No. CL08-1026, is currently pending in the Circuit Court for the City of Portsmouth, and shall be referred to as the "State Court Action".

[2] It must also be noted that Plaintiff's discovery and *de bene esse* depositions in the State Court Action have been completed (and were taken, by agreement of counsel, in Florida). Counsel for defendants in the federal court action were given notice of the depositions, and have availed themselves of the opportunity to attend and examine Plaintiff.

3

Conditional Transfer Order is vacated, and *if* the Transferor Court remands this action to the Circuit Court for the City of Portsmouth, and *if* the Circuit Court for the City of Portsmouth assigns this action to the same trial date as Plaintiff's State Court Action, and *if* that trial date is before the end of 2008 (less than 5 months from now), Plaintiff *may* be able to have his case heard against all defendants before the end of the year. Plaintiff's stated desire to have a single trial against all defendants does not fit with Plaintiff's actions in filing duplicate actions against disparate groups of defendants in the same state court. Further, Plaintiff's allegation that transfer to MDL-875 would effectively deny his day in court simply does not comport with the fact that there is an long string of *possibilities* that would need to materialize before such a trial could take place—it is far from a certainty, or even a probability, that all of these possible variables would fall into place to permit such a trial in such a short time[3].

Plaintiff's contention that "justice delayed is justice denied" overlooks the fact that MDL-875 is equipped and qualified to hear and adjudicate his Motion to Remand, and Plaintiff has not cited any support for his contention that the MDL will be unable to hear and decide Plaintiff's motion in a timely fashion.

### OTHER MULTIDISTRICT LITIGATION PANELS HAVE PERMITTED TRANSFEREE COURTS TO HEAR AND DECIDE MOTIONS TO REMAND, PARTICULARLY WHEN THOSE MOTIONS INVOLVE ISSUES OF LAW AND FACT COMMON TO LARGE NUMBERS OF CASES PENDING BEFORE THE MDL

Plaintiff's reliance on *Vasura v. ACandS, Inc.*, 84 F.Supp.2d 531 for the proposition that the Panel could or should vacate its Conditional Transfer Order is

---

[3] Plaintiff's counsel, while professing to want a single trial (in state court) against all defendants, has in the past opposed consolidation of cases involving the same plaintiff, in the same court, alleging the same injury, but which involve "removing defendants" who are likely to invoke federal officer jurisdiction and "non-removing defendants" who historically do not do so.

misplaced for several reasons. First, the issue to be decided in *Vasura* was whether diversity jurisdiction applied at the time the case was filed and when the case was removed to federal court. It was clear that the citizenship of the plaintiff in that case was the same as that of one of the defendants at the time the case was filed, and therefore there was no diversity of citizenship to support removal. In the present case, diversity is not the basis for removal of the action—this case has been removed by GE pursuant to the "federal officer removal statute", 28 U.S.C. § 1442(a)(1). Second, the plaintiff in *Vasura* did not ask the Panel to vacate its Conditional Transfer Order—the Transferor Court contacted the Panel in that instance and inquired whether it could hear and decide the remand *sua sponte*, and the Panel in that instance, seeing that the case had to be remanded for lack of diversity, vacated its order to permit remand by the Transferor Court. In the present case, of course, there is no easily-adjudicated diversity issue, and there has been no *sua sponte* request by the Transferor Court to retain jurisdiction over this case for the purpose of hearing Plaintiff's motion. Rather, in this case, GE and other defendants have asserted that they properly removed the case against them under the federal officer removal statute, on the grounds that they can assert a colorable federal [government contractor] defense, and MDL-875 may be particularly suited to decide whether that removal was proper, because it involves common issues of law and fact across the country. Plaintiff's request for a piecemeal approach does nothing to promote efficiency and swift resolution, either in his own case or in other, similarly-situated cases already pending before MDL-875.

Other multidistrict litigation panels have permitted cases to be transferred to their respective transferee courts for the purpose of having motions to remand heard and

decided. In the case of *In re Crown Life Insurance Company Premium Litigation*, 178 F.Supp.2d 1365 (MDL No. 1096, 2001), the Judicial Panel on Multidistrict Litigation for MDL 1096 held that its transfer order should not be vacated on motion by the plaintiffs in a life insurance sales practices action because the issues presented in that case involved "common questions of fact with actions in this litigation previously transferred…" Id., at 1366. The panel further held that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole. We note that any anticipated motion to remand this action to Alabama state court can be presented to and decided by the transferee judge." Id., at 1366.

In a similar case involving Agent Orange litigation, the Second Circuit held that transfer of actions to the appropriate MDL was appropriate, even in the face of a motion to remand, because "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." *In re Ivy*, 901 F.2d 7 (C.A. 2, 1990). In that case, while the procedural posture of the case was different (plaintiffs sought a writ of mandamus directing the Judicial Panel on Multidistrict Litigation to vacate its Conditional Transfer Order, after that order had taken effect), the issue presented was similar to that found in the present case—the argument that a challenge to federal courts' jurisdiction over a case is sufficient to warrant vacating the Conditional Transfer Order failed, just as it should in the present action before the Panel.

Plaintiff states that he only seeks a "timely ruling" on his motion for remand, but offers no support for his contention that he would be unable to obtain such a ruling before MDL-875. Plaintiff likewise offers no support for the naked assertion that the Transferor

Court "is in the best position to rule on whether the case properly belongs in Federal Court" See, Plaintiff's Brief in Support of Motion to Vacate Conditional Transfer Order, at Para. 18. Plaintiff points to no particular expertise or experience possessed by the Transferor Court that is lacking in the Transferee Court. Indeed, it would seem that the Transferee Court, having dealt with a greater number of asbestos personal injury cases, would have a greater depth of experience on the applicability of federal officer jurisdiction, and a ruling by the Transferee Court would promote uniformity and consistency in asbestos cases pending in federal courts across the country.

Likewise, Plaintiff's argument that transferring this action to the Transferee Court would increase the burden on MDL-875 and its staff, and would force the parties to expend time and resources "participating in MDL-875 procedures" is similarly unavailing. Plaintiff's position appears to be that this case should not proceed in federal court without "confirmation of jurisdiction", but he articulates no authority in support of such a position. Plaintiff also contends that, after completion of the MDL-875 "procedures", this action will be returned to the Eastern District of Virginia to deal with the same question of whether the federal courts have jurisdiction over this action. See, Plaintiff's Brief, at Para. 21.

### THE EXISTENCE OF THREE CASE NUMBERS FOR THIS ACTION IS NOT GROUNDS FOR VACATING THE CONDITIONAL TRANSFER ORDER IN THIS ACTION, AS ALL DEFENDANTS ARE PROPERLY BEFORE THE COURT IN THE PRESENT CASE

Plaintiff's last assertion is that the existence of multiple case numbers in this action, assigned based on the removals filed by three defendants on federal officer grounds, would somehow "create confusion regarding the jurisdictional capacity of the

MDL panel, the transferee court, and the transferor court." However, Plaintiff is unable to articulate any example of any such confusion which may come to afflict either this Panel, the Transferor Court, or the Transferee Court upon transfer of this action to MDL-875. Furthermore, each of the three case numbers assigned to this action, given by the Clerk of the Eastern District of Virginia, represent the removals of the same state court action, on the same federal officer removal grounds, by different defendants. In fact, one of the three case numbers assigned to this action has already been transferred to the MDL, as the stay associated with the CTO has been lifted, and a copy of the Transfer Order has been filed with the Clerk of the Eastern District of Pennsylvania. See, Conditional Transfer Order (CTO-314), filed with the Eastern District of Pennsylvania on or about September 23, 2008, attached as **Exhibit A**. The other two case numbers associated with this action should follow this same path and be transferred to MDL-875 in the Eastern District of Pennsylvania

## CONCLUSION

For those reasons, and for the other reasons discussed above, it is respectfully submitted that the Court should deny Plaintiff's Motion to Vacate the Conditional Transfer Order, and award defendant GE such other and further relief as is deemed just and proper.

Respectfully submitted,

**GENERAL ELECTRIC COMPANY**

By: _____
                    Of Counsel

Thomas C. Junker, Esquire (VSB No. 29928)
Anthony B. Taddeo, Jr., Esquire (VSB No. 70677)
David M. Sturm, Esquire (VSB No. 44580)
Matthew D. Joss, Esquire (VSB No. 48434)
JUNKER, TADDEO & STURM, PLC
3 West Cary Street
Richmond, Virginia 23220
(804) 344-8540 (Telephone)
(804) 344-8541 (Facsimile)

*Counsel for Defendant General Electric Company*

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2008 OCT -8 A 10: 19
RECEIVED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant General Electric Company's Response to Plaintiff's Motion to Vacate Conditional Transfer Order has been served upon the Clerk of the Panel for Multidistrict Litigation via Federal Express and simultaneous service has been made on all counsel of record, including those on the attached Panel Service List via first class mail, postage prepaid on this 7th day of October, 2008.

_____
Matthew D. Joss, Esquire

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

Page 1 of 2

MDL No. 875

### PANEL SERVICE LIST (Excerpted from CTO-313)

William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9378
William W. Bussey v. Buffalo Pumps, Inc., et al., E.D. Virginia, C.A. No. 2:08-9379
John Kline v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 2:08-9380
John Kline v. Alfa Laval, Inc., et al., E.D. Virginia, C.A. No. 2:08-9381

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Edward E. Bagnell, Jr.
SPOTTS FAIN PC
411 E. Franklin Street
P.O. Box 1555
Richmond, VA 23218-1555

Bruce T. Bishop
WILCOX & SAVAGE PC
One Commercial Place
Suite 1800
Norfolk, VA 23510

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Eric David Cook
WILCOX & SAVAGE
1800 Bank of America Center
One Commercial Place
Norfolk, VA 23510

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520
San Francisco, CA 94105

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kenneth Reed Mayo
REED MAYO LAW FIRM PC
484 Viking Drive
Suite 130
Virginia Beach, VA 23452

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

MDL No. 875 – Panel Service List (Excerpted from CTO-313) (Continued)

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael G. Phelan
BUTLER WILLIAMS & SKILLING
100 Shockoe Slip
4th Floor
Richmond, VA 23219

Jeffrey S. Poretz
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102-3833

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Anthony Berardo Taddeo, Jr.
JUNKER TADDEO & STURM PLC
3 West Cary Street
Richmond, VA 23220

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Henry N. Ware, Jr.
SPOTTS FAIN PC
411 E. Franklin Street
P.O. Box 1555
Richmond, VA 23218-1555

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Inasmuch as no objection is pending at this time, the stay is lifted.

SEP - 5 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 0 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

FILED  SEP 25 2008  CLERK, US DISTRICT COURT  NORFOLK, VA

MDL No. 875

(SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-314)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 83,219 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED TRUE COPY

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 9-23-08
ATTEST:
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                   MDL No. 875

## SCHEDULE CTO-314 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #      CASE CAPTION**

### CALIFORNIA CENTRAL
~~CAC 2 08-4714    Andrew Schnabel, et al. v. Borg-Warner Morse Tec, Inc., et al.~~
                          **Opposed 9/4/08**

### CALIFORNIA NORTHERN
CAN 3  08-3070    Allene McIntyre, et al. v. Northrop Grumman Ship Systems, Inc.
CAN 3  08-3181    Margaret McCue, et al. v. General Electric Co., et al.
CAN 3  08-3274    Shirley Cronin, et al. v. Todd Shipyards Corp., et al.
~~CAN 3  08-3316    Harry Lemaster, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al.~~
                          **Opposed 9/5/08**
~~CAN 3  08-3317    Finas Belk, et al. v. Bucyrus International, Inc., et al.~~ **Opposed 9/5/08**

### INDIANA SOUTHERN
INS 1  08-1000    Walter L. Gassner, Jr. v. Norfolk Southern Railway Co.
INS 1  08-1001    Kenneth L. Devault v. Norfolk Southern Railway Co.

### NORTH CAROLINA MIDDLE
NCM 1  08-526    Richard W. Minter, et al. v. Aqua-Chem, Inc., et al.
NCM 1  08-527    Frank L. Scott, et al. v. Aqua-Chem, Inc., et al.
NCM 1  08-530    Charles M. Williams, et al. v. Aqua-Chem, Inc., et al.
NCM 1  08-531    George A. Cummings, et al. v. Aqua-Chem, Inc., et al.

### NORTH CAROLINA WESTERN
NCW 1  08-346    Raymond S. Perry, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-348    Thomas B. Reid, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-349    Donald L. Sisk, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-350    Lee Allen Turner, Jr., et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-351    Troy D. Underwood, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-352    Henry T. Westmoreland, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-353    Joe C. Wilson, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-354    Gary Neal Allen, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-355    Garry M. Arnold, Sr., et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-356    Maven B. Hoyle, etc. v. Aqua-Chem, Inc., et al.
NCW 1  08-359    Joe Miller Iddings, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-360    Melton G. Johnson, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-361    Glen Lee Kaylor, et al. v. Aqua-Chem, Inc., et al.
NCW 1  08-362    Lynda R. Long, et al. v. Aqua-Chem, Inc., et al.

## MDL No. 875 - Schedule CTO-314 Tag-Along Actions (Continued)

**DIST. DIV. C.A. #**    **CASE CAPTION**

| DIST. | DIV. | C.A. # | CASE CAPTION |
|---|---|---|---|
| NCW | 1 | 08-366 | Harvey W. Gould, et al. v. Aqua-Chem, Inc., et al. |
| NCW | 1 | 08-367 | Reginald L. Parker, et al. v. Aqua-Chem, Inc., et al. |
| NCW | 1 | 08-368 | Joseph Barnes, Jr., et al. v. Aqua-Chem, Inc., et al. |
| NCW | 1 | 08-369 | William Cloud, et al. v. Aqua-Chem, Inc., et al. |
| NCW | 1 | 08-370 | John B. Drum, et al. v. Aqua-Chem, Inc., et al. |

RHODE ISLAND

~~RI   1   08-302   Linda Richards, etc. v. Buffalo Pumps, Inc., et al.~~ **Opposed 9/5/08**

SOUTH CAROLINA

| DIST. | DIV. | C.A. # | CASE CAPTION |
|---|---|---|---|
| SC | 0 | 08-2688 | Sonny Lee Bailey, et al. v. Aqua-Chem, Inc., et al. |
| SC | 0 | 08-2690 | Larry G. Nunn, et al. v. Aqua-Chem, Inc., et al. |
| SC | 0 | 08-2691 | Grady F. Oliver, et al. v. Aqua-Chem, Inc., et al. |
| SC | 0 | 08-2744 | Terry Coleman v. Aqua-Chem, Inc., et al. |
| SC | 7 | 08-2692 | Dennis W. Richards, et al. v. Aqua-Chem, Inc., et al. |
| SC | 7 | 08-2743 | Ronald Leo Buysse, et al. v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2689 | Thomas B. Grantham, et al. v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2740 | Donald Marion Amos v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2741 | Everett C. Baker, et al. v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2742 | Thurman G. Blackwell, et al. v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2745 | Bruce G. VanHorn, et al. v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2746 | Cecil A. Zorn, et al. v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2747 | Randy G. Gilchrist, et al. v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2748 | William Samuel Henry v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2750 | Ernest William Herron v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2752 | Winfred H. Knight, Jr., et al. v. Aqua-Chem, Inc., et al. |
| SC | 8 | 08-2754 | Truett A. Pitts, et al. v. Aqua-Chem, Inc., et al. |

VIRGINIA EASTERN

| DIST. | DIV. | C.A. # | CASE CAPTION |
|---|---|---|---|
| VAE | 2 | 08-9376 | William W. Bussey v. Buffalo Pumps, Inc., et al. |



# JUNKER, TADDEO & STURM PLC
ATTORNEYS AT LAW

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 14 2008

FILED
CLERK'S OFFICE

Matthew D. Joss
joss@jtands.com

direct: 804.344.8545
fax: 804.344.8541

October 10, 2008

**BY FACSIMILE (202) 502-2888**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, D.C. 20002-8004

Request of Deft. General Electric Co. in Bussey,
VAE 2:08-9378 and VAE 2:08-9379, for Extension
of Time to File Response - - - GRANTED.
RECEIVED WITH PLEADING
(jwn - October 14, 2008)

Re: *William W. Bussey v. Buffalo Pumps, Inc., et al.*
MDL No. 875
Civil Action No. 2:08-cv-09378
and
Civil Action No. 2:08-cv-09379

Dear Clerk of the Panel:

Pursuant to Rule 1.3 of the Rules of Procedure of the Judicial Panel On Multidistrict Litigation, I request that you enlarge the time for the filing of Defendant General Electric Company's Response to Plaintiff's Motion to Vacate Conditional Transfer Order in the above-styled actions to permit the filing of that Response on October 8, 2008.

A copy of this letter has been forwarded to all counsel of record.

Very truly yours,

Matthew D. Joss

cc: Panel Service List (by U.S. Mail)

2008 OCT 10 P 1:43
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

3 WEST CARY STREET
RICHMOND, VIRGINIA 23220
804.344.8540 PHONE
804.344.8541 FAX