MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 15 2008

FILED
CLERK'S OFFICE

PLEADING NO. 5651

IMAGED OCT 16 2008

OFFICIAL FILE COPY

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION | : | MDL DOCKET NO. 875<br>CTO-312/CTO-313 |

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDERICK SEITZ and<br>MARY LOUISE SEITZ, his wife | :<br>: | C.A. No. 08-CV-0351 GMS<br>C.A. No. 08-CV-0353 GMS |
| Plaintiffs, | : | |
| v. | : | |
| ADEL WIGGINS GROUP, et al., | : | |
| Defendants. | : | |

---

### OPPOSITION OF DEFENDANT BELL HELICOPTER TEXTRON INC. TO PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Defendant Bell Helicopters Textron, Inc. ("Bell"), by and through its attorneys, and pursuant to Rules 7.4(f) and 7.2(c) of the Procedural Rules of the Judicial Panel on Multidistrict Litigation, hereby submits this Brief in Opposition to Plaintiffs' Motion to Vacate the Conditional Transfer Order in this matter. The *Seitz* matter was conditionally transferred by this Panel to the Eastern District of Pennsylvania for consolidation and coordination of pretrial proceedings, and for centralization with asbestos litigation cases previously transferred to that District as part of MDL-875. In this regard, the Panel has specifically determined that centralization of federal asbestos personal injury/wrongful death actions pursuant to 28 U.S.C. § 1407 is necessary for the convenience of the parties and witnesses and will promote the just and

1

efficient conduct of these sorts of actions. *See In re Asbestos Prod. Liab. Litig. (No. IV)*, 771 F. Supp. 415 (J.P.M.L. 1991). As the instant matter shares common issues of fact with the actions pending in MDL-875, and as transfer herein will promote judicial economy and efficiency, the conditional transfer order entered by this Panel was proper and should not be vacated. Accordingly, for the reasons set forth below, defendant Bell respectfully requests that this Panel deny Plaintiffs' Motion to Vacate the Conditional Transfer Order and effectuate transfer of the *Seitz* matter to the Eastern District of Pennsylvania for inclusion in MDL-875.

I. **INTRODUCTION**

Plaintiffs Frederick and Mary Louise Seitz initiated the instant asbestos litigation against thirty defendants on April 25, 2008, in the Superior Court of the State of Delaware for New Castle County, alleging that the defendants, including Bell Helicopter Textron Inc (hereinafter "Bell") specified, manufactured, distributed, sold, licensed, leased, installed, removed, developed, or used asbestos-containing products. On June 11, 2008 Bell removed this matter to the United States District Court for the District of Delaware on the basis of federal officer removal jurisdiction. Thereafter, both Bell and codefendant Northrop Grumman ("Grumman") filed separate Notices of Tag-Along Action with the Panel on Multidistrict Litigation, seeking to transfer this matter for consolidation and coordination of pretrial proceedings to the MDL to become part of the *In re Products Liability Litigation*, Docket No. MDL-875 ("MDL-875") currently pending in the Eastern District of Pennsylvania before the Honorable James T. Giles. Subsequently, conditional transfer orders designated were issued by the MDL, transferring the *Seitz* action to the Eastern District of Pennsylvania for inclusion in MDL No. 875.

Ironically, despite plaintiffs' assertion that time is essentially of the essence in this matter, plaintiffs waited until July 29, 2008, nearly two months after Bell filed its removal of this

matter, to file its Motion to Remand. Thereafter, plaintiffs sought a six week extension from the MDL Panel in order to file the instant Brief in Support of its Motion to Vacate the CTO.

## II. CONDITIONAL TRANSFER ORDERS ARE PROPER DESPITE THE UNIQUE STATUS OF A PLAINTIFF

Plaintiffs assert in their Brief in Support of their Motion to Vacate the Conditional Transfer Order, that the CTO should be vacated because Mr. Seitz is dying of mesothelioma and will therefore be prejudiced if he is unable to participate in his trial and "have his day in Court." *See* Plaintiffs' Brief at 2. Although Mr. Seitz's alleged condition may be unfortunate, the MDL Panel has consistently considered and rejected grounds such as distinctions based on the uniqueness of a party's status, the type of defendant, the stage of pretrial conditions, and the presence of unique claims, when issuing transfer orders. *In re Asbestos Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 30443 (J.P.M.L. 2008); *In re Asbestos Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 45876, at *3 (J.P.M.L. 2008). Indeed, the Panel has expressly denied arguments such as that asserted by the plaintiffs herein that a condition such as mesothelioma is grounds for remanding a case to state court once transferred to the MDL. *See In re Asbestos Cases of Hatch, James & Dodge, G. Patterson Keahey*, 2007 U.S. Dist. LEXIS 12023 (D. Utah 2007). Moreover, even where motions to remand have been filed in matters pending transfer as tag-along actions, the MDL Panel has expressly held that delay or denial of such a transfer order need not be performed in order to accommodate such an interest. *See In re Asbestos Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS, at *3 (J.P.M.L. 2008). On the contrary, where asbestos litigation actions "all present the same key issue which is . . . also present in actions in the transferee district, "the MDL Panel strongly favors transfers." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2002 WL 1042562, at *1 (J.P.M.L. 2001). Indeed, the Panel has found that in such

3

circumstances "transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent ruling, and waste of the transferee court's experience and expertise." *Id.* Therefore, as the conditional transfer orders herein were properly entered by the MDL Panel, and as transfer of the *Seitz* matter will not prejudice the plaintiff, but rather, will serve the interest of judicial economy and efficiency as the case by consolidating asbestos cases sharing common issues of fact, the CTO in the instant matter should not be vacated.

### III. MOTIONS TO VACATE CTOs HAVE BEEN PROPERLY DENIED BY MDL PANEL WHERE MOTIONS TO REMAND ARE PENDING

In further support of its Motion to Vacate the CTO, plaintiff asserts that "the Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court," and therefore that this conditional transfer order should likewise be vacated. *See* Plaintiffs' Brief at 2. In support of this contention, plaintiff cites to a factually distinct case from the Second Circuit, *Vasura v. ACandS, Inc.*, 84 F. Supp. 2d 531 (S.D.N.Y. 2000), arguing that just as the Panel vacated a prior transfer in that case that the Panel should vacate the instant conditional transfer order. Plaintiffs do not set forth any legal or policy reasons for why the CTO should be vacated, nor do they attempt to explain how the circumstances in the *Vasura* case are in any way similar to the matter at hand other than that it was also an asbestos case that had been removed from state court. Indeed, the *Vasura* matter is factually distinct from the instant case as there the defendant removed the action on the basis of diversity of citizenship and on the defendant's "foreign state" status under 28 U.S.C. § 1441(d). *Vasura*, 84 F. Supp. 2d at 532. The plaintiff's motion to remand was based primarily upon the lack of subject matter jurisdiction, specifically with regard to the lack of diversity of citizenship between the parties and based upon the argument that removal was improper because one of the

defendants was a citizen of the forum state. The *Vasura* plaintiff also based his motion to remand upon the court's lack of subject matter jurisdiction under § 1441(d) because the defendant at issue did not have the requisite status as a foreign state at the time the lawsuit was filed or at the time the events which formed the basis of the lawsuit occurred. *Vasura*, 84 F. Supp.2d at 532-533. While the plaintiff's motion to remand was before the court, the MDL Panel transferred the case to the Eastern District for discovery purposes. Due to uncertainty regarding whether the District Court retained authority to decide the motion, the court conferred with Judge Weiner of the Eastern District of Pennsylvania regarding whether the case should be remanded for the purpose of deciding the motion. Judge Weiner in turn sought a determination from the MDL Panel as to this issue, which later vacated its previous transfer order so as to permit the District Court to decide the plaintiff's motion to remand. *Id.* Entirely unlike *Vasura*, where the basis for removal was diversity of citizenship and "foreign state" jurisdiction, and where the court was presented with evidence that subject matter jurisdiction did not lie, here defendant Bell properly removed this matter on the basis of federal officer jurisdiction pursuant to 28 U.S.C. § 1442.

Despite plaintiffs' reference to one factually distinct case in support of their argument that the Panel has vacated transfer orders in the past and therefore should do so here, the fact is that the MDL Panel has consistently denied motions to vacate conditional transfer orders even in light of pending motions to remand. In so doing, the Panel has expressly rejected arguments based on the uniqueness of a party's status or situation and the pendency of motions or other matters before the transferor court. *See, e.g., In re: Asbestos Products Liability Litigation (No. VI)*, 545 F. Supp. 2d 1359. *See also In re: Shirley Ivy v. Diamond Shamrock Chems. Co.*, 901 F.2d 7 (2d Cir. 1990) (where petitioners filed motion to remand and simultaneously moved to

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 15 2008

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875<br>CTO-312/CTO-313 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FREDERICK SEITZ and
MARY LOUISE SEITZ, his wife

      Plaintiffs,

      v.

ADEL WIGGINS GROUP, et al.,

      Defendants.

C.A. No. 08-CV-0351 GMS
C.A. No. 08-CV-0353 GMS

### CERTIFICATE OF SERVICE - REVISED

I HEREBY CERTIFY that on this 9th day of October, 2008, a true and correct copy of Opposition of Defendant Bell Helicopter Textron, Inc.'s to Plaintiffs' Brief in Support of Its Motion To Vacate Conditional Transfer Order were served on the following by U.S. Mail.

| | |
|---|---|
| Allen D. Bowers, II, Esquire<br>Law Office of Joseph J. Rhoades<br>1225 King Street, Suite 1200<br>Wilmington, DE 19801 | Sharon Zinns, Esquire<br>Levy, Phillips & Konigsberg, LLP<br>800 Third Avenue<br>New York, NY 10022 |
| Loreto P. Rufo, Esquire<br>Rufo Associates, P.A.<br>7217 Lancaster Pike, Suite 4<br>Hockessin, DE 19707 | Wade Mitchell, Esquire<br>Baker & Hostetler, LLP<br>3200 National City Center<br>1900 E. 9th Street<br>Cleveland, OH 44144-3485 |

08164|COS|10054036.WPD

| | |
|---|---|
| Neal C. Glenn, Esquire<br>Daniel Daly, Esquire<br>Kelley Jasons McGuire & Spinelli, LLP<br>The Webster Building, Suite 209<br>3411 Silverside Road<br>Wilmington, DE 19810 | Christian J. Singewald, Esquire<br>White & Williams<br>824 Market St., Suite 902<br>Wilmington, DE 19801 |
| Air Cooled Motors<br>94 Hale Drive<br>Walterboro, SC 29488 | Beth Valocchi, Esquire<br>Swartz Campbell, LLC<br>300 Delaware Ave., Suite 1130<br>Wilmington, DE 19801 |
| Curtiss-Wright Corporation<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801 | Fletch Air, Inc.<br>118 FM 1621<br>Comfort, TX 78013-3425 |
| Franklin Aircraft Engines, Inc.<br>136 Racquette Drive<br>Ft. Collins, CO 80524 | Gary H. Kaplan, Esquire<br>Armand Della Porta, Esquire<br>Ana Marina McCann, Esquire<br>Marshall Dennehy Warner Coleman & Goggin<br>1220 N. Market Street, 5th Floor<br>Wilmington, DE 19801 |
| Lynne M. Parker, Esquire<br>Hollstein, Keating, Cattell, Johnson & Goldstein<br>One Commerce Center, Suite 730<br>1201 N. Orange Street<br>Wilmington, DE 19801 | Daniel Silver, Esquire<br>Noriss E. Cosgrove, Esquire<br>McCarter & English, LLP<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801 |
| J. Michael Johnson, Esquire<br>Rawle & Henderson LLP<br>300 Delaware Avenue, Suite 1015<br>Wilmington, DE 19801 | Jeffrey Marlin, Esquire<br>Megan Mantzavinos, Esquire<br>Marks O'Neill O'Brien & Courtney, P.C.<br>913 N. Market St., Suite 800<br>Wilmington, DE 19801 |
| Paul A. Bradley, Esquire<br>Maron Marvel Bradley & Anderson, P.A.<br>1201 N. Market Street, Suite 900<br>Wilmington, DE 19801 | Rolls Royce North America, Inc.<br>c/o Corporation Service Co.<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |

| | |
|---|---|
| Donald Reid, Esquire<br>Morris Nichols Arsht & Tunnell LLP<br>1201 N. Market Street<br>Wilmington, DE 19801 | Penelope O'Connell, Esquire<br>Elzufon Austin Reardon Tarlov &<br>Mondell, P.A.<br>300 Delaware Ave., Suite 1700<br>Wilmington, DE 19801 |
| Peter G. Angelos, Esquire<br>Law Offices of Peter G. Angelos, P.C.<br>100 N. Charles Street, 22nd Floor<br>Baltimore, MD 21201 | Janet W. Black, Esquire<br>Ward Black, P.A.<br>208 W. Wendover Avenue<br>Greensboro, NS 27401-1397 |
| Russell W. Budd, Esquire<br>Baron & Budd PC<br>3102 Oaklawn Avenue, Suite 1100<br>Dallas, TX 75219 | John D. Cooney, Esquire<br>Cooney & Conway<br>120 N. LaSalle St., Suite 3000<br>Chicago, IL 60602-2415 |
| Kevin M. Jordan, Esquire<br>Baker Botts LLP<br>910 Louisiana, One Shell Plaza<br>Houston, TX 77002-4995 | Paul Kalish, Esquire<br>Crowell & Moring, LLP<br>1001 Pennsylvania Ave., NW<br>Washington, DC 20004-2595 |
| Steven Kazan, Esquire<br>Kazan McClain Abrams Fernandez, et al<br>171 Twelfth Street, Third Floor<br>Oakland, CA 94607 | Peter A. Krauss, Esquire<br>Waters & Krauss LLP<br>3219 McKinney Avenue, Suite 3000<br>Dallas, TX 75204 |
| David C. Landin, Esquire<br>Hunton & Williams<br>Riverfornt Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219-4074 | Roger B. Lane, Esquire<br>Lane & Gossett<br>1601 Reynolds Street<br>Brunswick, GA 31520 |
| William F. Mahoney, Esquire<br>Segal McCambridge Singer & Mahoney Ltd<br>233 S. Wacker Drive, Suite 5500<br>Chicago, IL 60606 | Robert C. Malaby, Esquire<br>Malaby & Bradley<br>150 Broadway, Suite 600<br>New York, NY 10038 |
| John P. McShea, Esquire<br>McShea Tecce PC<br>Mellon Bank Center<br>1717 Arch Street, 28th Floor<br>Philadelphia, PA 19103 | Philip McWeeny<br>Schiff Hardin LLP<br>One Market Plaza, 32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 |

| | |
|---|---|
| Thomas A. Packer, Esquire<br>Gordon & Rees LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | Joseph F. Rice, Esquire<br>Motley Rice LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464 |
| Michael P. Thornton, Esquire<br>Thornton & Naumes LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 | Walter G. Watkins, Jr., Esquire<br>Forman Perry Watkins Krutz & Tardy PLLC<br>P.O. Box 22608<br>Jackson, MS 39225-2608 |
| Julie Lynn Mer, Esquire<br>Weiner & Lesniak LLP<br>888 Veterans Memorial Highway<br>Suite 540<br>Hauppauge, NY 11788 | John Francis Parker, Esquire<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY 10004 |
| Michael A. Tanenbaum, Esquire<br>Sedgwick Detert Moran & Arnold LLP<br>Three Gateway Center<br>12th Floor<br>Newark, NJ 07102 | |

SMITH, KATZENSTEIN & FURLOW LLP

_____
Robert K. Beste, III (No. 3931)
800 Delaware Avenue, Suite 1000
Wilmington, Delaware 19801
(302) 652-8400
(302) 652-8405 (facsimile)
rkb@skfdelaware.com

*Attorneys for defendant,*
*Bell Helicopter Textron, Inc.*

RECEIVED CLERK'S OFFICE 2008 OCT 10 A 10: 16 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION