**MDL 875** ¹

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 5 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION | § | MDL DOCKET NO. 875 |
| | | CTO-312/CTO-313 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDERICK SEITZ and | § | |
| MARY LOUISE SEITZ, | § | |
| | § | CASE NO. 08-CV-0351 GMS |
| Plaintiffs, | § | CASE NO. 08-CV-0353 GMS |
| v. | § | |
| | § | |
| ADEL WIGGINS GROUP, et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

PLEADING NO. 5652

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
TO VACATE THE CONDITIONAL TRANSFER ORDER**

Come now Plaintiffs Frederick and Mary Louise Seitz and file this Reply Brief in support of their Motion to Vacate the Conditional Transfer Order. Mr. Seitz is suffering from mesothelioma, a fatal cancer caused by exposure to asbestos.

**INTRODUCTION**

Plaintiffs' Motion to Remand this Case to State Court is fully briefed and remains pending in the United States District Court for the District of Delaware awaiting a ruling. The question before this Court is whether the Conditional Transfer Order ("CTO") should be vacated, thereby allowing the District Court in Delaware to resolve the threshold issue of federal jurisdiction, or whether it this Case should now be transferred to MDL-875.

There is no question that judicial efficiency and the principles of limited federal jurisdiction would be best served by allowing the District Court of Delaware to rule on Plaintiff's Motion to Remand. Simply put, transfer of this case to MDL-875 will not result in an expeditious ruling on

IMAGED OCT 1 6 2008

OFFICIAL FILE COPY

the threshold issue of federal jurisdiction.

Instead, cases that are transferred to MDL-875 with a pending motion to remand to state court, proceed in MDL-875 as follows:  (1) settlement conference will be held in Philadelphia, upon request, even though the issue of federal jurisdiction has not been decided; and (2) after numerous settlement conferences, the case may get remanded to the District Court to which the action was originally removed after many months, and more often years, of delay.  Ironically, after the long delay, it is the District Court to which the action was removed which will then called upon to decide the Motion to Remand to State Court.

Plaintiffs present data in this brief and a sworn declaration documenting this practice.  (See Exhibit A[1])  One case represented in Exhibit A is particularly illustrative:

In Hauck v. Borg Warner, the case was removed to the District Court for the Middle District of Florida on December 16, 2004.  Plaintiff filed a timely motion to remand based on lack of subject matter jurisdiction on January 18, 2005.  In June 2005, the case was transferred to MDL-875 while the motion to remand was still pending.  Two settlement conference were held in Philadelphia under the authority of MDL-875 before the case was transferred back to the Middle District of Florida on August 14, 2006.  On October 12, 2006, the Middle District of Florida Court then granted Plaintiff's Motion to Remand – 22 months after it was originally filed.  Fourteen months of this delay occurred while the case was pending in MDL-875.  Moreover, the MDL-875 had been holding settlement conferences in a case in which the federal courts had no jurisdiction. Clearly, it would have been more efficient for the Middle District of Florida to rule on the motion to remand before transfer of the case to MDL-875.  Stated differently, it is the job of MDL-875 to coordinate federal asbestos cases – not asbestos cases in which federal jurisdiction has not yet been determined.

Many other cases described in Exhibit A were transferred to MDL-875, with a motion to remand pending, have never been determined to be federal cases and have never been transferred

---

[1]  All Exhibits referenced herein are attached to the Declaration of Jerome H. Block filed simultaneously herewith and adopted and incorporated herein.

back to the District Court to which the action was removed.  (Exhibit A).  In fact, this is the most common and expected course.

Federal Courts are of limited jurisdiction, and therefore have an obligation to determine questions of federal jurisdiction at the earliest opportunity. 28 U.S.C. § 1447(c).  Transfer of cases to MDL-875 where a Motions to Remand to State Court is pending does not serve the stated purposes of MDL-875 -- just and efficient treatment of cases.  Further, the MDL-875 should not be burdened with cases where there has not yet been a determination as to jurisdiction.

For these reasons, and based upon the evidence set forth herein, Plaintiffs respectfully request that the panel vacate the Conditional Transfer Orders in this case so that the District Court of Delaware may promptly rule on Plaintiffs' Motion for Remand to State court.

## ARGUMENT

**A.     Federal Courts Have A Duty To Determine Questions of Subject Matter Jurisdiction At The Earliest Opportunity**

When a case is removed from State Court to Federal Court, the District Court to which the case is removed has an obligation to determine questions of federal subject matter jurisdiction and, when lacking, to remand the case to State Court. 28 U.S.C. § 1447(c); Weekly v. Olin Corporation, 681 F.Supp. 346, 348 (N.D. W. Va. 1987). This requirement is so stringent that the District Court must raise the issue itself even if not raised by the parties. In re Methyl Tertiary Butyl Ether (""MTBE") Products Liability Litigation, 488 F.3d 112, C.A.2 (N.Y.) 2007; Scherer v. Laborers' Interntaional Union of North America, 746 F.Supp. 73, 78 (N.D. Fla. 1988) (citing Delta Coal Program v. Libman, 743 F.2d 852, 854 (11th Cir.1984) and In re Carter, 618 F.2d 1093 (5th Cir.1980), cert. denied, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981)).

"Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest

level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

Plaintiffs in this case have raised a question of federal jurisdiction by filing their Motion to Remand on July 29, 2008. The motion is fully briefed and awaiting a ruling. The District Court has an obligation to determine the question of jurisdiction before it and to decide Plaintiffs' Motion to Remand.

**B.      Transfer of Asbestos Cases Where Jurisdiction Has Not Been Determined Does Not Promote the Stated Purposes of MDL-875**

The multidistrict litigation system was created "to promote the just and efficient conduct of [transferred] actions." 28 U.S.C. § 1407. Transferring cases to MDL-875 where Motions to Remand are pending in the District Court to which the action was removed does not promote justice and efficiency.

Plaintiffs have attached a chart (Exhibit A)  reflecting cases transferred to MDL-875 while Motions to Remand were pending in the District Court. As the chart shows, MDL-875 does not rule on pending jurisdictional motions upon acceptance of transfer.  Rather, the common practice is for MDL-875 to hold settlement conferences, upon request, in cases that have not yet been determined to be federal cases.  Most significantly, MDL-875 has acknowledged that the District Court to which the action is removed should rule on the Motion to Remand by transferring cases back so that such rulings can be made.  (Exhibit A) (e.g., Hauck – case was returned to Middle District of Florida where motion to remand was decided, 22 months after it was filed and after 2 settlement conference in MDL-875).

4

**C.     Defendants Recognize that Removal Can Be Used To Delay Asbestos Cases to The Detriment of Plaintiffs.**

The delay in having jurisdictional motions heard by federal courts encourages defendants to remove improperly and thereby burden the federal courts with state law product liability actions which have no valid basis of federal jurisdiction.  Recently, counsel for a defendant that frequently removes asbestos cases to federal court stated on the record that MDL-875 is a "black hole" where asbestos cases "get settled for peanuts".  See Pokorney v. Foster Wheeler Energy Corporation, et al, Supreme Court of the State of New York, Trial Transcript dated July 8, 2008, page 1623, lines 11-21, attached as Exhibit B.

Under the current practices of MDL-875, a defendant is only encouraged to improperly remove cases when they know that is it unlikely that the motion to remand will ever be decided and where they know that Plaintiff, at best, will be able to get settlement conferences in MDL-875 which defendants widely recognize as resulting in greatly reduced compensation for mesothelioma victims.  (Exhibit B).

In this case, the most efficient and just way to proceed would be for the District of Delaware, to hear and decide Plaintiffs' pending and fully briefed Motion to Remand before transfer to MDL-875. Mr. Seitz is dying from mesothelioma (Exhibit C), and therefore a prompt resolution of the threshold issue of jurisdiction is of critical importance.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the panel vacate the Conditional Transfer Orders so that the District of Delaware may promptly rule on Plaintiffs' Motion for Remand.

[*signature on the following page*]

DATED: October 14, 2008

Respectfully submitted,

By:

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block
Sharon J. Zinns
800 Third Ave, 13th Floor
New York, New York 10022
(212) 605-6200

and

LAW OFFICE OF JOSEPH J. RHOADES
A. Dale Bowers, Esquire
1225 King Street, 12th Floor
Wilmington, Delaware 19801
(302) 427-9500

*Attorneys for Plaintiffs*

RECEIVED CLERK'S OFFICE
2008 OCT 15 A 10:29
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

OCT 15 2008

FILED
CLERK'S OFFICE

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF NEW YORK           )

      MARIA MASTROGIACOMO, being duly sworn deposes and says she is an employee of Levy Phillips & Konigsberg, L.L.P., the attorneys for the plaintiffs herein, that she is over 18 years of age and is not a party to the within action, that on the 14th day of October, 2008, a copy of the REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER, was caused to be sent via regular mail to all counsel of record indicated on the attached service list as well as on the attached Panel Service List.

                                         MARIA MASTROGIACOMO

Sworn to before me this
14th day of October, 2008

           **NOTARY PUBLIC**

ELLEN T. PINE
Commissioner of Deeds, City of N.Y.
No. 4-1544
Certificate Filed in New York County
Commission Expires November 1, 2009

00125729.WPD

## SEITZ v. ADEL WIGGINS GROUP, ET AL

### SERVICE LIST

| DEFENDANT | ADDRESS |
|---|---|
| DELAWARE DEFENSE COORDINATING COUNSEL | Loreto P. Rufo, Esquire<br>Rufo Associates, P.A.<br>7217 Lancaster Pike, Suite 4<br>Hockessin, Delaware 19701<br>*Fax: (302)-234-5905* |
| ADEL WIGGINS GROUP | Wade Mitchell<br>Baker & Hostetler LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, Ohio 44114-3485<br>*Fax: (216)-696-0740* |
| AEROJET-GENERAL CORPORATION | Neal C. Glenn<br>Daniel P. Daly<br>KELLEY JASONS McGUIRE & SPINELLI, L.L.P.<br>The Webster Building, Ste. 209<br>3411 Silverside Road<br>Wilmington, DE 19810<br>*Fax:(302)-478-7113* |
| AIR COOLED MOTORS | Air Cooled Motors<br>94 Hale Dr.<br>Walterboro, SC  29488<br>*Fax Number Unknown – Sent via U.S. Mail* |
| BELL HELICOPTER TEXTRON INC | Robert K. Beste, III, Esquire<br>Smith, Katzenstein & Furlow<br>P.O. Box 410<br>Wilmington, DE  19899<br>*Fax: (302)-652-8405* |
| THE BOEING COMPANY | Christian J. Singewald, Esquire<br>White & Williams<br>824 Market Street, Suite 902<br>Wilmington, Delaware 19801-4938<br>*Fax: (302)-654-0245* |
| CBS CORPORATION | Beth Valocchi, Esquire<br>Swartz Campbell LLC<br>300 Delaware Avenue, Suite 1130<br>Wilmington, Delaware 19801<br>*Fax: (302)-656-1434* |

{00124571.DOC}

| | |
|---|---|
| CESSNA AIRCRAFT RHODE ISLAND INC | Robert K. Beste, III, Esquire<br>Smith, Katzenstein & Furlow<br>P.O. Box 410<br>Wilmington, DE 19899<br>***Fax: (302)-652-8405*** |
| CURTISS-WRIGHT CORPORATION | CURTIS-Wright Corporation<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, Delaware 19801<br>***Fax Number Unknown – Sent via U.S. Mail*** |
| FLETCHAIR, INC. | Fletch Air, Inc.<br>118 FM 1621<br>Comfort, TX 78013-3425<br>***Fax: (830)-995-5903*** |
| FRANKLIN AIRCRAFT ENGINES, INC. | Franklin Aircraft Engines, Inc.<br>136 Racquette Dr.<br>Ft. Collis, CO 80524<br>***Fax: (970)-224-4404*** |
| GARLOCK SEALING TECHNOLOGIES LLC | Gary H. Kaplan<br>MARSHALL, DENNEHEY, WARNER,<br>COLEMAN & GOGGIN<br>1220 N. Market Street, 4th Floor<br>P.O. Box 8888<br>Wilmington, DE 19899-8888<br>***Fax: (302) 651-7905*** |
| GENERAL ELECTRIC COMPANY | Lynne M. Parker, Esquire<br>Holistein, Keating, Cattell,<br>Johnson & Goldstein<br>One Commerce Center, Suite 730<br>1201 North Orange Street<br>Wilmington, Delaware 19801<br>***Fax: (302)573-2507*** |
| GENERAL MOTORS CORPORATION | Christian J. Singewald, Esquire<br>White & Williams<br>824 Market Street, Suite 902<br>Wilmington, Delaware 19801-4938<br>***Fax: (302)-654-0245*** |
| GOODRICH CORPORATION | Donald E. Reid<br>Jason A. Cincilla<br>Amaryah K. Bocchino<br>Morris, Nichols, Arsht, & Tunnell, LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>***Fax: (302) 658-3989*** |

| | |
|---|---|
| GOODYEAR TIRE & RUBBER COMPANY | Gary H. Kaplan, Esquire<br>Armand J. Della Porta, Esquire<br>Ana Marina McCann, Esquire<br>Marshall Dennehey Warner<br>Coleman & Goggin<br>1220 North Market Street, 5th Floor<br>Post Office Box 8888<br>Wilmington, Delaware 19899-8888<br>*Fax: (302) 651-7905* |
| HAWKER BEECHCRAFT, INC. | Daniel M. Silver, Esquire<br>Noriss E. Cosgrove, Esquire<br>McCarter & English, LLP<br>405 North King Street, 8th Floor<br>Post Office Box 111<br>Wilmington, Delaware 19899<br>*Fax: (302)-984-6399* |
| HONEYWELL | J. Michael Johnson, Esquire<br>Rawle & Henderson LLP<br>300 Delaware Avenue, Suite 1015<br>Post Office Box 588<br>Wilmington, Delaware 19899-0588<br>*Fax: (302)-778-1400* |
| IMO INDUSTRIES INC | Jeffrey S. Marlin, Esquire<br>Megan T. Mantzavinos, Esquire<br>Marks O'Neill O'Brien & Courtney, P.C.<br>913 North Market Street, Suite 800<br>Wilmington, Delaware 19801<br>*Fax: (302)-658-6537* |
| LYCOMING ENGINES | Robert K. Beste, III, Esquire<br>Smith, Katzenstein & Furlow<br>P.O. Box 410<br>Wilmington, DE 19899<br>*Fax: (302)-652-8405* |
| NORTHROP GRUMMAN CORPORATION | Penelope B. O'Connell, Esquire<br>Elzufon Austin Reardon Tarlov<br>& Mondell, P.A.<br>300 Delaware Avenue, Suite 1700<br>Post Office Box 1630<br>Wilmington, Delaware 19899-1630<br>*Fax: (302)-428-3180* |
| PARKER-HANNIFIN CORPORATION | Noriss E. Cosgrove, Esquire<br>McCarter & English, LLP<br>405 North King Street, 8th Floor<br>Post Office Box 111<br>Wilmington, Delaware 19899<br>*Fax: (302)-984-6399* |

| PRATT & WHITNEY | Paul A. Bradley, Esquire<br>Maron Marvel Bradley & Anderson, P.A.<br>1201 North Market Street, Suite 900<br>Post Office Box 288<br>Wilmington, Delaware 19899<br>*Fax: (302) 425-0180* |
|---|---|
| ROCKETDYNE, INC. | Paul A. Bradley, Esquire<br>Maron Marvel Bradley & Anderson, P.A.<br>1201 North Market Street, Suite 900<br>Post Office Box 288<br>Wilmington, Delaware 19899<br>*Fax: (302) 425-0180* |
| RAYTHEON COMPANY | Daniel M. Silver, Esquire<br>Noriss E. Cosgrove, Esquire<br>McCarter & English, LLP<br>405 North King Street, 8th Floor<br>Post Office Box 111<br>Wilmington, Delaware 19899<br>*Fax: (302)-984-6399* |
| ROLLS-ROYCE NORTH AMERICA INC | Rolls Royce North America, Inc.<br>c/o Corporation Service Co.<br>2711 Centerville Rd., Suite 400<br>Wilmington, DE  19808<br>*Fax: (302)-636-5454* |
| SIKORSKY AIRCRAFT CORPORATION | Paul A. Bradley, Esquire<br>Maron Marvel Bradley & Anderson, P.A.<br>1201 North Market Street, Suite 900<br>Post Office Box 288<br>Wilmington, Delaware 19899<br>*Fax: (302) 425-0180* |
| TELEDYNE CONTINENTAL MOTORS | Christian J. Singewald, Esquire<br>White & Williams<br>824 Market Street, Suite 902<br>Wilmington, Delaware 19801-4938<br>*Fax: (302)-654-0245* |
| TEXTRON INC. | Robert K. Beste, III, Esquire<br>Smith, Katzenstein & Furlow<br>P.O. Box 410<br>Wilmington, DE  19899<br>*Fax: (302)-652-8405* |
| UNION CARBIDE CORPORATION | Beth Valocchi, Esquire<br>Swartz Campbell LLC<br>300 Delaware Avenue, Suite 1130<br>Wilmington, Delaware 19801<br>*Fax: (302)-656-1434* |

{00124571.DOC}

| | |
|---|---|
| UNITED TECHNOLOGIES CORPORATION | Paul A. Bradley, Esquire<br>Maron Marvel Bradley & Anderson, P.A.<br>1201 North Market Street, Suite 900<br>Post Office Box 288<br>Wilmington, Delaware 19899<br>***Fax: (302) 425-0180*** |
| VOUGHT AIRCRAFT INDUSTRIES, INC. | Paul A. Bradley, Esquire<br>Maron Marvel Bradley & Anderson, P.A.<br>1201 North Market Street, Suite 900<br>Post Office Box 288<br>Wilmington, Delaware 19899<br>***Fax: (302) 425-0180*** |

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-312)

Frederick Seitz, et al. v. Adel Wiggins Group, et al., D. Delaware, C.A. No. 1:08-353

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Robert Karl Beste III
SMITH KATZENSTEIN FURLOW
The Corporate Plaza
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Allen Dale Bowers II
LAW OFFICE OF JOSEPH
RHOADES
1225 King Street, Suite 1200
P.O. Box 874
Wilmington, DE 19899-0874

Paul A. Bradley
MARON MARVEL BRADLEY
& ANDERSON PA
1201 North Market Street Suite 900
P.O. Box 288
Wilmington, DE 19801

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Noriss Ennis Cosgrove
MCCARTER & ENGLISH LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801

Neal C. Glenn
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
1500 Market Street, Suite 1500
Philadelphia, PA 19102

J. Michael Johnson
RAWLE & HENDERSON LLP
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Gary H. Kaplan
MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN
1220 North Market Street, 5th Floor
Wilmington, DE 19801

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

Jeffrey S. Marlin
MARKS O'NEILL O'BRIEN
& COURTNEY PC
913 North Market Street, Suite 800
Wilmington, DE 19801

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

## MDL No. 875 - Panel Service List (Excerpted from CTO-312(Continued)

Penelope B. O'Connell
ELZUFON AUSTIN REARDON TARLOV
& MONDELL PA
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Lynne M. Parker
HOLLSTEIN KEATING CATTELL ET AL
12th & Orange Street, Suite 730
One Commerce Center
Wilmington, DE 19801

Armand J. Della Porta, Jr.
MARSHALL DENNEHEY WARNER COLEMAN
& GOGGIN
1220 Market Street, 5th Floor
Wilmington, DE 19801

Donald E. Reid
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Daniel M. Silver
MCCARTER & ENGLISH LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801

Christian J. Singewald
WHITE & WILLIAMS LLP
824 Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Beth E. Valocchi
SWARTZ & CAMPBELL
300 Delaware Avenue, Suite 1130
Wilmington, DE 19801

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Sharon J. Zinns
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue
13th Floor
New York, NY 10022

Page 1 of 2

# IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-313)

Frederick Seitz, et al. v. Adel Wiggins Group, et al., D. Delaware, C.A. No. 1:08-351
Ernesto Miranda, et al. v. Abex Corp., et al., S.D. New York, C.A. No. 1:08-5509

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Robert Karl Beste, III
SMITH KATZENSTEIN FURLOW
The Corporate Plaza
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Allen Dale Bowers, II
LAW OFFICE OF JOSEPH
RHOADES
1225 King Street, Suite 1200
P.O. Box 874
Wilmington, DE 19899-0874

Paul A. Bradley
MARON MARVEL BRADLEY
& ANDERSON PA
1201 North Market Street. Suite 900
P.O. Box 288
Wilmington, DE 19801

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Noriss Ennis Cosgrove
MCCARTER & ENGLISH LLP
Renaissance Centre
405 N. King Street
8th Floor
Wilmington, DE 19801

Neal C. Glenn
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
1500 Market Street
Suite 1500
Philadelphia, PA 19102

J. Michael Johnson
RAWLE & HENDERSON LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Gary H. Kaplan
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
1220 North Market Street, 5th Floor
Wilmington, DE 19801

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Jeffrey S. Marlin
MARKS O'NEILL O'BRIEN
& COURTNEY PC
913 North Market Street
Suite 800
Wilmington, DE 19801

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor

**MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Julie Lynn Mer
WEINER & LESNIAK LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

Penelope B. O'Connell
ELZUFON AUSTIN REARDON
TARLOV & MONDELL PA
300 Delaware Avenue
Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

John Francis Parker
MOUND COTTON WOLLAN
& GREENGRASS
One Battery Park Plaza
New York, NY 10004

Lynne M. Parker
HOLLSTEIN KEATING
CATTELL ET AL
12th & Orange Street
Suite 730
One Commerce Center
Wilmington, DE 19801

Armand J. Della Porta, Jr.
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
1220 Market Street
5th Floor
Wilmington, DE 19801

Donald E. Reid
MORRIS NICHOLS ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Daniel M. Silver
MCCARTER & ENGLISH LLP
Renaissance Centre
405 N. King Street
8th Floor
Wilmington, DE 19801

Christian J. Singewald
WHITE & WILLIAMS LLP
824 Market Street
Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Michael A. Tanenbaum
SEDGWICK DETERT MORAN
& ARNOLD LLP
Three Gateway Center
12th Floor
Newark, NJ 07102

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Beth E. Valocchi
SWARTZ & CAMPBELL
300 Delaware Avenue
Suite 1130
Wilmington, DE 19801

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Sharon J. Zinns
LEVY PHILLIPS & KONIGSBERG LLP
800 Third Ave
13th Floor
New York, NY 10022

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 15 2008

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION | §<br>§<br>§ | MDL DOCKET NO. 875<br>CTO-312/CTO-313 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDERICK SEITZ and<br>MARY LOUISE SEITZ, | §<br>§<br>§ | CASE NO. 08-CV-0351 |
| GMS | | |
|     Plaintiffs, | § | CASE NO. 08-CV-0353 |
| GMS | | |
| v. | §<br>§ | |
| ADEL WIGGINS GROUP, et al. | §<br>§ | |
|     Defendants. | §<br>§<br>§ | |

**DECLARATION OF JEROME H. BLOCK IN FURTHER SUPPORT
OF PLAINTIFFS' MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER**

JEROME H. BLOCK, declares the following under penalty of perjury:

1. I am a member of Levy Phillips & Konigsberg, LLP, the attorneys for Plaintiffs in the above captioned case.

2. The statements herein are based upon my personal knowledge.

3. Exhibit A consists of information compiled by my law firm relating to cases transferred to MDL-875 in which a motion to remand was pending at the time of transfer. This listing of cases is by no means exhaustive and consists only of the cases that my office was able to gather.

4. I am counsel of record for the Gitto case which is listed in Exhibit A. At the time of transfer to MDL-875, a motion to remand for lack of subject matter jurisdiction was pending with Judge Denny Chin for the U.S. District Court for the Southern District of New York. The Gitto case has now been in MDL-875 for 1 year without any determination as to federal jurisdiction.

5. In the Gitto case, my office has made efforts to have the motion to remand heard in MDL-875 to no avail.  Instead, MDL-875 has held two different settlement conferences in Philadelphia with a third one scheduled for next week.

6. Exhibit B is a true and accurate copy of the trial transcript in Pokorney v. Foster Wheeler Energy Corporation, et al, Supreme Court of the State of New York, Trial Transcript dated July 8, 2008, in which I served as trial counsel.

7. Exhibit C is a true and accurate copy of a letter from Dr. Timothy Bresnahan, one of Mr. Seitz's treating doctors, setting forth Mr. Seitz's diagnosis with mesothelioma, the terminal nature of mesothelioma, and Mr. Seitz's prognosis.

JEROME H. BLOCK

LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022

Attorneys for Plaintiffs

{00130417.DOC}

# EXHIBIT A

**Case Transferred to MDL-875 while Motions to Remand were pending in District Court**

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---|---|---|---|---|---|
| *Gitto v. A.W. Chesterton et al* Southern District of New York Case No. 07 CV 4771 | 6/5/07 | 6/13/07 | 10/15/07 | 3 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Raymond C. Allison and Mary Lou Allison v. Alfa Laval, Inc. et al.* District of Minnesota Case No. 07 CV 3659 | 8/7/07 | 8/13/07 | 9/27/07 | 0 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Laughter v. Georgia Pacific, et al.* Northern District of Mississippi, Delta Division Case No. 2-06CV007-P-A, | 1/23/06 | 2/01/06 | 6/19/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Robert L. Reeves v. Afton Pumps, Inc., et al.* Southern District of Mississippi, Southern Division. Case No. 1:07-cv-00141-WIG | 2/28/07 | 3/8/07 | 8/6/07 | 0 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Charles G. Papp and Catharine Papp v. Alfa Laval, Inc., et al* Southern District of Florida, Miami Division Case No. 07-CV-61827 | 12/14/07 | 1/2/08 | 6/6/08 | unknown | Remand motion has not been heard. Case still pending in MDL-875. |
| *Hauck v. Borg Warner* Middle District of Florida Case No. 6:04-cv-01835-JA-DAB | 12/16/04 | 1/18/05 | 6/05 | 2 | Case transferred back to District Court on 8/14/06 (22 months after removal). Case remanded to State Court on 10/12/06 |

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---|---|---|---|---|---|
| *Shifflett v. AC&R Insulation Co., Inc., et al* District of Maryland Case No. 07-CV-2397 | 9/7/07 | 10/4/07 | 2/25/08 | 2 | Case remanded 8/11/08 |
| *Kaiser v. American Standard, Inc.,* Case No. 06-600 | 9/15/05 | 12/15/05 | 3/23/07 | 0 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Harwood v. Bondex International, Inc., et al.* District of Delaware Case No. 06-CV-0673 | 11/1/06 | 11/08/06 | 4/24/07 | 1 (to take place on 10/15/08 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Wooley v. International Paper Co., et al* Southern District of Mississippi, Southern Division. Case No. 01 CV 0237 | 6/6/01 | 8/6/01 | 10/18/01 | unknown | unknown |
| *Baden et al v. BPU Reynolds, Inc., et al* Southern District of Texas Case No. 01-CV-0288 | 6/29/01 | 7/27/01 | 10/18/01 | unknown | unknown |
| *Gonzales v. Owens Corning Fiberglass Corp., et al* Northern District of California Case No. 95-CV-3705 | 10/20/95 | 11/15/95 | 2/16/96 | unknown | unknown |
| *San Juan v. Owens Corning Fiberglass Corp., et al* Northern District of California Case No. 95-CV-3709 | 10/20/95 | 10/30/95 | 2/16/96 | unknown | unknown |

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---|---|---|---|---|---|
| *Headley v. Anchor Packing Co., et al* District of Oregon Case No. 95-CV-1543 | 10/5/95 | 11/6/95 | 2/16/96 | unknown | unknown |
| *Dyer v. Alfa Laval, Inc., et al* Central District of California Case No. 07-CV-7959 | 12/6/07 | 12/31/07 | 6/6/08 | unknown | unknown |
| *Ball v. Union Carbide Corporation, et al* Central District of California Case No. 07-CV-2392 | 12/20/07 | 1/16/08 | 6/6/08 | unknown | unknown |
| *Kortekamp v. 3M Co., et al* District of Rhode Island Case No. 07-CV-23042 | 2/1/08 | 2/19/08 | 6/6/08 | unknown | unknown |
| *Krause v. Bondex Internataional, Inc., et al* Middle District of Florida Case No. 08-CV-1954 | 10/29/07 | 11/29/07 | 6/6/08 | unknown | unknown |

# EXHIBIT B

1616

2  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF ONONDAGA
3  - - - - - - - - - - - - - - - - - - - - X
   DOUGLAS POKORNEY,
4
                    Plaintiff,
5        -against-

6  FOSTER WHEELER ENERGY CORP., GENERAL
   ELECTRIC COMPANY,
7
                    Defendants.
8  - - - - - - - - - - - - - - - - - - - - X

9                  Index No.:  2005/107034
                   Onondaga County Courthouse
10                  Montgomery Street
                   Syracuse, New York 13202
11                  July 8, 2008
                   TRIAL
12
   B E F O R E:
13
         HONORABLE JAMES W. McCARTHY, Justice, and a Jury.
14
   A P P E A R A N C E S:
15
         LEVY, PHILLIPS & KONIGSBERG, LLP
16         Attorneys for the Plaintiff
         800 Third Avenue, 13th Floor
17         New York, New York 10022
         BY:  JEROME H. BLOCK, ESQ.
18         -and-
         LIPSITZ PONTERIO
19         135 Delaware Avenue
         Buffalo, New York 14202
20         BY: KEITH VONA, ESQ.

21         WHEELER, TRIGG & KENNEDY, LLP
         Attorneys for the Defendant Foster Wheeler
22         1801 California Street, Suite 3600
         Denver, Colorado 80202-2617
23         BY: JOHN M. FITZPATRICK, ESQ.
           ERIK D. DADOLINK, ESQ.

24

25

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1617

2
APPEARANCES (Continued):
3
        SEDGWICK, DETERT, MORAN & ARNOLD, LLP
4        Attorneys for the Defendant General Electric
        Three Gateway Center
5        Newark, New Jersey
        BY: STEPHEN NOVAKIDIS, ESQ.
6
                Adam H. Alweis
7                Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1618

1           Proceedings

2           THE COURT:  On the record.  All are present.

3           We are going to complete the charge

4    conference that we started the other day, and I guess

5    the main issue relative to this is the argument of

6    whether I'm going to charge the government contractor

7    defense; that's it, the major issue.

8           I received memorandums of law from both the

9    defense and the plaintiff regarding it.  And if either

10   of you wish further argument on that, we can.  You may

11   proceed.  If not --

12          MR. BLOCK:  Your Honor, I'll make further

13   argument.

14          I think Dr. Betts' testimony yesterday makes

15   it very clear that there is no basis to charge

16   government contractor.  I specifically asked him

17   whether he can identify any reasonably precise

18   specification on the issue of warnings regarding

19   asbestos, and he said no.

20          That's the language of the government

21   contractor defense.  The defendant has to identify

22      reasonably precise specifications that either made them

23      do the conduct upon which an offer is based or

24      prevented them from performing an obligation upon which

25      the claim is based, and Dr. Betts says that he knows of

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1619

| | |
|---|---|
| 1 | Proceedings |
| 2 | no such reasonably precise specification. |
| 3 | He knows of no such specification at all, and |
| 4 | when we remove it from even the written specification, |
| 5 | Dr. Betts admitted, which we submit, are required to |
| 6 | make out the government contractor defense, you have to |
| 7 | show something in the contracts, something -- the |
| 8 | specifications, and, indeed, something in the |
| 9 | specifications that was incorporated into the contract. |
| 10 | But, even when we take it out of that realm, |
| 11 | Dr. Betts said, in his experience, and in his |
| 12 | knowledge, he's never encountered any instance in which |
| 13 | a manufacturer tried to make a warning about safety |
| 14 | associated with their product and was not permitted to |
| 15 | do so. |
| 16 | So, it is clear, Your Honor, that while |
| 17 | Foster Wheeler may have a comparable claim to the |
| 18 | government contractor defense, if this were a design |
| 19 | defect case -- and we spent hours and hours yesterday |
| 20 | getting testimony from Dr. Betts about how they had to |
| 21 | use asbestos and how the design was specified, that is |

22    not the issue in this case.  And under Grispo and the

23    case law on failure to warn in the government

24    contractor defense --

25        THE COURT:  He says Grispo stands for exactly

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1620

1       Proceedings

2       the opposite, as Mr. Novakidis' memo, to what you're

3       saying.  He says Grispo answers the question

4       definitively.  I'm not saying he's correct.  I'm saying

5       that is what he says in his memo.

6               You're saying he's wrong?

7               MR. BLOCK:  We are saying he's absolutely

8       wrong.  If the government contract defense means

9       anything in a failure to warn case, it means that they

10      have to show a specification that prevented them from

11      warning, and Dr. Betts admitted there is no such

12      specification.

13              Now, Your Honor, you now have a record that

14      is undisputed from their own witness that there is no

15      specification, but what there was, Your Honor, there

16      was total silence on the issue of warning of asbestos.

17              THE COURT:  Let me ask you a question.

18      Except for Ronsini, is there any indication in

19      New York, a New York Court, where the government

20      contractor defense was given in a failure to warn a

21      case?

22          Anybody?

23          MR. BLOCK:  Well, Ronsini, the government

24     contractor defense was not --

25          THE COURT:  I know that.

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1621

| 1 | Proceedings |
|---|---|

1   Proceedings

2   MR. BLOCK:  And other than the request of

3   Worthington to charge the government contractor

4   defense, the Trial Court's rejection of that, and the

5   affirmance of that on appeal, I know of no case where

6   the Court gave the government contractor case.

7   THE COURT:  Failure to warn in New York --

8   MR. BLOCK:  I know of no case.

9   THE COURT:  How about, and it doesn't have to

10   hit -- anybody can answer this one -- there is a lot of

11   removal cases, Nesbiet being one, where it was removed

12   to Federal District Court.  A lot of these removal

13   cases in the Second Circuit, they are removed, and one

14   of the reasons is, the government contractor defense,

15   but then you never see what happened at the trial level

16   in any of those Federal District Court cases in

17   New York as to whether, in fact, the government

18   contractor defense was given.

19   Maybe they settled, removed or dismissed or

20   something, I don't know.  But, I didn't see one case in

21   New York on a removal case, Nesbiet being the latest

22      one, what happened.  I mean, maybe they didn't go to

23      trial.  Maybe the government contractor defense wasn't

24      given.

25              Does anyone know of any government contractor

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1622

| | |
|---|---|
| 1 | Proceedings |
| 2 | defense cases in Federal Court in New York or the |
| 3 | Second Circuit that went to trial where the government |
| 4 | contractor defense was given and the jury charge to the |
| 5 | jury; failure to warn?  Anybody know of any case? |
| 6 | MR. BLOCK:  There are none. |
| 7 | MR. NOVAKIDIS:  Your Honor, cases that |
| 8 | removed by -- falsely by other companies, none of them |
| 9 | have actually gotten to the point where it's come up. |
| 10 | THE COURT:  That's what I thought. |
| 11 | MR. NOVAKIDIS:  The first one is, that is |
| 12 | going to answer this question, Your Honor. |
| 13 | MR. BLOCK:  Your Honor, one very important |
| 14 | distinction, which I'm sure you voiced that on the |
| 15 | removal -- |
| 16 | THE COURT:  I know. |
| 17 | MR. BLOCK:  -- they have to make a |
| 18 | considerable claim -- |
| 19 | THE COURT:  It is under 1442 U.S.C. |
| 20 | MR. BLOCK:  All they have to do -- |
| 21 | THE COURT:  In fact, in Nesbiet, they |

22      specifically say, we'll get to it.

23              MR. BLOCK:  Right.  On the removal issue,

24      Judge, Circuit Court Judge specifically says, Nesbiet,

25      the Court specifically says, District Court, quote,

1623

| | |
|---|---|
| 1 | Proceedings |
| 2 | first requirement for the federal officer's removal is |
| 3 | a colorable defendant.  The defense, broadly construed, |
| 4 | we do not require the officer, virtually, to win his |
| 5 | case before he can have it removed.  Thus, defense may |
| 6 | be colorable.  Even if the Court ultimately rejects it |
| 7 | at the removal stages, it's not the Court's role to |
| 8 | assess the validity of a particular defense. |
| 9 | That's at Page 211 and 212 of Nesbiet at 399 |
| 10 | Federal Supplement 2d. 205. |
| 11 | So, I just ask, if any Court in New York, |
| 12 | federal or otherwise, actually gave the failure to warn |
| 13 | defense in the government contractor defense, and, I |
| 14 | guess, and answered, somebody is telling me otherwise, |
| 15 | there is none in New York. |
| 16 | MR. NADOLINK:  Those federal court cases are |
| 17 | still pending, to my knowledge.  None of them have been |
| 18 | tried. |
| 19 | MR. FITZPATRICK:  They go in a black hole, |
| 20 | invariably, because they are in federal court.  They |
| 21 | get settled for peanuts. |

22          MR. BLOCK:  We agree that it is a black hole,

23     Your Honor.

24          THE COURT:  Nesbiet and all of these other

25     cases are pending?

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1624

1       Proceedings

2           MR. NADOLINK:  Either pending or settled.

3           MR. FITZPATRICK:  They never go to trial.

4           THE COURT:  Okay.  All right.  Go ahead.  I'm

5   sorry.  I just wanted to point that out.

6           Do you have any further argument?

7           MR. BLOCK:  Your Honor, I think Dr. Betts'

8   testimony speaks for itself on this, and unless you

9   have any questions, I think it is very clear.

10          THE COURT:  Any legal argument?

11          MR. NADOLINK:  Your Honor, the Grispo case,

12  by the Second Circuit, I think, is controlling in the

13  State of New York.  The issue of whether the government

14  contractor defense is available, to be prevalent in a

15  state federal cause, and it is determined by the

16  highest federal court that has authority in the State

17  of New York in the Second Circuit, I think it has to

18  take precedence, especially when it comes after the

19  Weitzman decision, which called into question whether

20  there was discretionary function that was being

21  exercised in Grispo and answered that question in the

22      affirmative --

23          THE COURT:  How do you reconcile Ronsini

24      where the Court refused to give the jury charge on the

25      failure to warn, government contractor defense, and it

          ADAM H. ALWEIS - OFFICIAL COURT REPORTER

# EXHIBIT C



**DEPARTMENT OF THE AIR FORCE**
10TH MEDICAL GROUP/SGOMI
4102 Pinion Dr.
USAF Academy, CO 80840

June 27, 2008

Capt Timothy Bresnahan
Staff Internist
4102 Pinion Dr.
USAF Academy, CO 80840

Levy Phillips and Konigsberg, LLP
800 Third Ave.
13th Floor
New York, NY 10022

Dear Ms. Zinns:

Per your request, I am writing this letter in order to give relevant details for Mr. Frederick Seitz and his diagnosis of malignant mesothelioma. Mr. Seitz has been a patient under my care for the past two years. On 12 February, 2008 I evaluated him for follow-up of community-acquired pneumonia that had been diagnosed one week prior by one of my partners. At that time, Mr. Seitz was complaining of significant orthopnea and I diagnosed him with a pleural effusion. Over the next few weeks and after several attempts at drainage and diagnosis, Mr. Seitz was referred for a pleural biopsy and pleurodesis. This procedure, performed in late March of 2008, was diagnostic of malignant mesothelioma. Thorough evaluation by an oncologist, Dr. Burke, confirmed the terminal nature of this disease and Mr. Seitz was given a prognosis of approximately six months from time of diagnosis.

Mr. Seitz has authorized me to release this information to you—I hope that it will be helpful.

Sincerely,

Timothy M. Bresnahan, Capt, USAF, MC

*Fairness ~Stewardship~Preparedness*