## MDL 875

### UNITED STATES OF AMERICA
### JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 17 2008

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| JAMES R. YOUNG, et ux., | * | |
| | * | MDL DOCKET NO. 875 |
| Plaintiffs | * | In re Asbestos Products Liability Litigation (No. VI) |
| v. | * | |
| AC & R INSULATION CO., et al., | * | D. Maryland |
| | * | |
| Defendants | * | C.A. No.   1:08-CV-2200-JFM |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### REMOVING DEFENDANTS GARLOCK SEALING TECHNOLOGIES OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendants, Garlock Sealing Technologies, LLC ( hereinafter "Garlock"), by their undersigned counsel, do hereby file this Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order and in support thereof state the following:

1.     Plaintiffs' Motion, a reiteration of several motions recently filed in the United States District Court for the District of Maryland, fails to show good cause for why this case should not be transferred to the Eastern District of Pennsylvania in accordance with 28 U.S.C. §1407.

2.     In further support of this Opposition, Removing Defendants adopt and incorporate by reference herein the accompanying Brief in Support of Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order.

## OFFICIAL FILE COPY

IMAGED OCT 2 0 2008

PLEADING NO. 5656

Thomas P. Bernier
Federal Bar # 2141
Gregory S. Savage
Federal Bar # 27008

SEGAL, MCCAMBRIDGE, SINGER &
MAHONEY, LTD.
One North Charles Street, Suite 2500
Baltimore, Maryland 21201
Phone: 410-779-3960
Fax: 410-779-3967
Attorneys for:

Defendant Garlock Sealing Technologies, LLC

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| JAMES R. YOUNG, et ux., | * | |
| | * | MDL DOCKET NO. 875 |
| Plaintiffs | * | In re Asbestos Products |
| | | Liability Litigation (No. VI) |
| v. | * | |
| AC & R INSULATION CO., et al., | * | |
| | | D. Maryland |
| | * | |
| Defendants | | C.A. No.   1:07-cv-02200-JFM |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REMOVING DEFENDANTS' RESPONSE
## IN OPPOSITION TO PLAINTIFFS' MOTION
## TO VACATE CONDITIONAL TRANSFER ORDER

Defendants, Garlock Sealing Technologies, LLC ( hereinafter "Garlock"), by their undersigned counsel, hereby respond in opposition to Plaintiff's Motion to Vacate Conditional Transfer Order, and in support of that opposition, state the following:

## I.  BACKGROUND

### A.   PROCEDURAL HISTORY.

Plaintiffs originally filed their Complaint in the Circuit Court for Baltimore City ["State Court"] on July 24, 2008, alleging occupational exposure of Plaintiff James Rowland Young to asbestos.   Subsequently, Garlock was served on or about August 4, 2008 with Plaintiffs' Complaint and accompanying documents via certified mail and received Plaintiffs' Answers to Defendants' Master Set of Interrogatories on August 21, 2008.  While most of these documents provided only general, non-specific work history for Mr. Young, Plaintiffs' sworn Answers to Defendants' Master Set of Interrogatories, Answer No. 88, stated that "Plaintiff believes that he

may have been exposed to asbestos while working at the National Institutes of Health from 1953-1980 in various positions including building engineer, senior building engineer, assistant unit chief, and unit chief."

Therefore, because documentation filed in support of Plaintiffs' Complaint alleged that Mr. Young was exposed to asbestos while working on an exclusive federal enclave, pursuant to 28 U.S.C. §§ 1441 and 1446, Removing Defendants filed a Notice of Removal of Civil Action with the United States District Court for the District of Maryland, Northern Division [hereinafter "U.S. District Court"] on the basis of a Federal Question under 28 U.S.C. § 1331, namely that of federal enclave jurisdiction; as well as jurisdiction conferred pursuant to 16 U.S.C. § 457. The Notice of Removal was timely filed on August 21, 2008 (at **Exhibit 1**), and was accompanied by the written joinder and consent of all other proper Defendants (at **Exhibit 2**). Further, this removal was based exclusively upon information contained in Plaintiffs' sworn discovery responses, which were provided by Plaintiffs.

Plaintiffs filed a Motion for Remand on September 19, 2008 (at **Exhibit 3**), as well as a Motion for Expedited Consideration of Plaintiffs' Motion for Remand on September 29, 2008 (at **Exhibit 4**). Removing Defendants filed a timely Response in Opposition to Plaintiffs' Motion for Remand on October 6, 2008 (at **Exhibit 5**) and a Joint Statement of All Defendants on October 6, 2008 (at **Exhibit 6**). On October 15, 2008, Removing Defendants filed a Response to Plaintiffs' Motion for Expedited Consideration of Remand (at **Exhibit 7**).

Separately, pursuant to federal requirements, Removing Defendants submitted a Notice of Tag-Along Action to the United States Judicial Panel on Multidistrict Litigation [hereinafter "MDL Panel"] on August 25, 2008. The Judicial Panel on Multidistrict Litigation ["MDL Panel"] issued a Conditional Transfer Order (CTO-315) on September 19, 2008, to which Plaintiffs filed a Notice of Opposition on September 29, 2008. On October 2, 2008, Plaintiffs'

Rule 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* ["R.P.J.P.M.L."], 199 F.R.D. 425, 435-36 (2001).  A "tag-along action" refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under 28 U.S.C. § 1407.  Rule 1.1, R.P.J.P.M.L, 199 F.R.D. 425.

## II.  ARGUMENTS

In their Motion to Vacate, Plaintiffs assert that transfer of this action by the Judicial Panel on Multidistrict Litigation [hereinafter "MDL Panel"] to the U.S. District Court for the Eastern District of Pennsylvania is unjustified, based primarily upon the argument that transfer of this action to the Asbestos MDL Court would unfairly deny one of the two Plaintiffs, allegedly diagnosed with mesothelioma, a trial date prior to his death.  This Response in Opposition refutes those arguments raised in Plaintiffs' Motion to Vacate.

A.   **IT IS HIGHLY UNLIKELY THAT PLAINTIFFS WOULD RECEIVE A TRIAL DATE BEFORE 2010, EVEN IF THE CASE WERE REMANDED TO STATE COURT.**

Plaintiffs, in their Motion to Vacate, repeatedly emphasize the poor health of Mr. Young, arguing that he will not survive to have his day in court if Plaintiffs' case is transferred to the "black hole" of the Asbestos MDL Court.  However, Plaintiffs additionally argue that it is mere hope "that Mr. Young will survive through the holiday season and into next year." (Plaintiffs' Motion to Vacate, 2).  In the process of making this argument, Plaintiffs imply that they will receive a trial in April 2010 if the case was remanded to the Circuit Court for Baltimore City [hereinafter "State Court"].  Thus, Plaintiffs concede they were never scheduled for a State Court trial in 2009, and it is highly unlikely that the case would be tried before April 2010 even if remanded to State Court.  The reality of the situation is the MDL Court will provide a higher priority to Mr. Young than the State Court.

**B.**   **THE ASBESTOS MDL COURT HAS INDICATED THAT IT GIVES PRIORITY STATUS TO EXTREMIS CASES AND TO THOSE CASES INVOLVING MALIGNANCIES.**

Plaintiffs argue that their case is unique because it involves a situation where one of the Plaintiffs is still alive, is dying from mesothelioma, and thus transfer to the Asbestos MDL Court would be even more unjustified than normal. However, there have been numerous cases transferred to the Asbestos MDL Court in which a Plaintiff allegedly diagnosed with a malignancy was still alive, and Plaintiffs have not identified anything that would distinguish the present action from other such actions that were previously transferred. Moreover, the Asbestos MDL Court has expressly indicated that living Plaintiffs and cases involving malignancies will receive priority status. Thus Plaintiffs concerns in this regard have already been specifically considered by the Asbestos MDL Court, as the Third Circuit noted in *In re Patenaude*, 210 F.3d 135, 139-40 (3rd Cir. 2000):

> The transferee [Asbestos MDL] court has stated . . . that among its "overriding objectives" "[t]hroughout the course of the multidistrict litigation" is the court's "considered judicial opinion that the sick and dying, their widows and survivors should have their claims addressed first." *Carlough v. Amchem*, No. 93-215, at 8 (E.D.Pa. Apr. 15, 1993) (Mem.Op.).

(Citations in original.) The Third Circuit further noted the following:

> The transferee court's Administrative Order No. 3, which relates to all asbestos actions, reflects this policy. This Order establishes that in attempting to resolve cases through negotiation, cases of mesothelioma and lung cancer with asbestosis will be "address[ed] ... on a priority basis." (A.47-48). However, the court cautioned that "special efforts to resolve hardship cases are not a substitute for broad-based negotiations designed to reduce docket the [sic] backlog." (A.47). The Order establishes the procedures for exchange of information and negotiation to be followed in MDL 875. If this process does not produce a resolution, "the Court shall determine whether the matter is appropriate for immediate remand of the plaintiff's compensatory damages claims." (A.50). The Order states that only when all priority cases have been addressed will the court consider applying similar procedures to address cases of other malignant conditions and asbestosis and that "[a]s to cases that involve non-malignant conditions other than asbestosis, the Court intends to establish an inactive docket." (A.53).

*In re Patenaude*, 210 F.3d 135, 139-40 (citations in original).

Thus Plaintiffs' case will be given priority status by the Asbestos MDL Court, which considers cases involving mesothelioma and cases involving the "sick and dying" on a priority basis. It is patently incorrect and unfair to suggest that cases simply languish there and are never heard of again. As such, there is no merit to Plaintiffs' arguments that their case would be unfairly and unreasonably prejudiced by transfer to the Asbestos MDL Court.

C. **PLAINTIFFS' ARGUMENTS PERTAINING TO PROCEDURAL DEFICIENCIES AND LACK OF SUBJECT MATTER JURISDICTION ARE WITHOUT MERIT.**

Despite Plaintiffs' numerous and varied arguments to the contrary, Removing Defendants fully complied with all statutory, procedural requirements for removal of this action, and submitted a Notice of Removal containing a colorable claim of removability. These matters were discussed at length in Removing Defendants' Response in Opposition to Plaintiffs' Motion for Remand (at **Exhibit 5** ). Further, and again despite Plaintiffs' assertions to the contrary, Removing Defendants have sufficiently demonstrated original federal court jurisdiction over the exclusive federal enclave discussed by Removing Defendants in their Notice of Removal and in their Response in Opposition to Plaintiffs' Motion for Remand, sufficient to confer "removal jurisdiction" (or subject matter jurisdiction) on the U.S. District Court (at **Exhibits 1, 2, 5, 7**). Thus Plaintiffs claims of procedural or jurisdictional deficiencies with this removal are simply without merit.

Moreover, Plaintiffs arguments that the Conditional Transfer Order should be vacated "until the question of federal jurisdiction is resolved by the United States District Court for the District of Maryland" (P.'s Motion to Vacate 2) is based on the faulty assumption that the Court is required to rule on Plaintiffs' Motion for Remand. In actuality, the U.S. District Court obtained jurisdiction over this action at the time the case was removed from State Court, and no further action would be required on the Motion for Remand *unless* the Court was to determine that the Court did not have

subject matter jurisdiction over this action.  However, as discussed *supra,* the District Court clearly has subject matter jurisdiction over this matter based on Plaintiffs' claims arising on exclusive federal enclave, and thus no action on Plaintiffs' Motion for Remand is required.

**D.    PLAINTIFFS' ARGUMENTS THAT THE ASBESTOS MDL COURT IS A "BLACK HOLE" IS UNFOUNDED AND IRRELEVANT.**

Plaintiffs' disdain for the Asbestos MDL Court is not a proper topic for consideration by this Panel, as it involves policy arguments that are not only unfounded (relying on unreported opinions from other jurisdictions), but also irrelevant.  At present, Congress and the federal judiciary have decided that the proper way to resolve the mass of asbestos litigation is to transfer cases to the Asbestos MDL Court for consolidated pretrial proceedings.  This action clearly fits into that category of case, and is thus properly an action for consideration by the Asbestos MDL Court.  Transferring this case to the Asbestos MDL Panel allows for judicial economy by assuring a just, efficient and uniform resolution of similarly situated cases by a judicial system that has the proper experience and background to adequately oversee pretrial issues in this matter.

### III.  CONCLUSION

Based on the foregoing, this case was properly removed from State to Federal Court, and Plaintiffs' Motion to Vacate Conditional Transfer Order should therefore be denied.

WHEREFORE, Defendant Garlock Sealing Technologies, LLC, respectfully requests that this Court deny Plaintiffs' Motion to Vacate Conditional Transfer Order.

Thomas P. Bernier
Federal Bar # 2141
Gregory S. Savage
Federal Bar # 27008

SEGAL, McCAMBRIDGE, SINGER &
MAHONEY, LTD.
One North Charles Street, Suite 2500
Baltimore, Maryland 21201
Phone: 410-779-3960
Fax: 410-779-3967
Attorneys for:

Defendant Garlock Sealing Technologies, LLC

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 17 2008

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this _17th_ day of October, 2008, a true and correct copy of the foregoing Removing Defendants' Response in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order was served via first-class mail, postage prepaid on all counsel listed in the attached Panel Service List pursuant to Rule 5.2 of the Rules of Procedure on the Judicial Panel on Multidistrict Litigation, Fed.R.Civ.P.5 and MDL – CTO-315.

Thomas P. Bernier

Page 1 of 2

# IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-315)

James Rowland Young, et al. v. AC&R Insulation Co., Inc., et al.,
D. Maryland, C.A. No. 1:08-2200

Richard Damon Albert
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
One North Charles Street
Suite 2500
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Malcolm S. Brisker
GOODELL DEVRIES LEECH
& DANN LLP
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

T. Michael Brown
BRADLEY ARANT ROSE & WHITE
1819 Fifth Avenue
Birmingham, FL 35213

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Donna Marcelle Crowe
BRADLEY ARANT ROSE & WHITE
1133 Connecticut Ave., N.W.
Suite 12th Fl.
Washington, DC 20036

Katherine S. Duyer
GAVETT & DATT PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Richard L. Flax
LAW OFFICES OF RICHARD L
FLAX
29 West Susquehanna Avenue
Suite 500
Baltimore, MD 21204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Jeannie P. Kauffman
BACON THORNTON & PALMER
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Steven Andrew Luxton
MORGAN LEWIS & BOCKIUS
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Neil J. MacDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park
11720 Beltsville Drive
Suite 500
Beltsville, MD 20705-3166

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

## MDL No. 875 - Panel Service List (Excerpted from CTO-315) (Continued)

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Charles F. Mitchell
JOHN J KIRLIN INC
515 Dover Road
Suite 2100
Rockville, MD 20850

Joel D. Newport
MOORE & JACKSON LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Michelle Noorani
MILES & STOCKBRIDGE
10 Light Street
Baltimore, MD 21202

Dawn P. O'Croinin
RUCKDESCHEL LAW FIRM LLC
5126 Dorsey Hall Drive
Suite 201
Ellicott City, MD 21042

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Theodore F. Roberts
VENABLE LLP
210 Allegheny Avenue
Towson, MD 21285-5517

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Keith R. Truffer
ROYSTON MUELLER MCLEAN & REID
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Peter Allan Woolson
P.A. WOOLSON, PA
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 AUG 21  P 2: 03

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| JAMES ROWLAND YOUNG, *et ux.* | * | Civil Action: Asbestos |
| Plaintiffs | * | (Circuit Court for Baltimore City |
| vs. | * | Case No.:  24X08000343) |
| A.C.& R INSULATION CO., INC., *et al.* | * | |
| Defendants | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant, Garlock Sealing Technologies, LLC (hereinafter, "Garlock"), joined in and consented to by all Defendants named and served in the civil action filed in the Circuit Court for Baltimore City, Maryland, Civil Action No. 24X08000343 ["the State Case"], hereby note the removal of this action to the United States District Court for the District of Maryland, Northern Division.  The United States District Court's basis for jurisdiction is that of a Federal Question under 28 U.S.C. § 1331, namely that of federal enclave jurisdiction, as well as jurisdiction conferred pursuant to 16 U.S.C. § 457, as the job sites at issue in this matter include an exclusive federal enclave, the National Institute of Health.

Concurrent grounds for removal exist under 28 U.S.C. §1442(a)(1) which permits the removal to a federal district court of a civil action commenced in a State court against the United States or any agency thereof or any officer (or person acting under that officer)



www.nih.gov/about/almanac/historical/legislative_chronology.htm (last visited August 12, 2008).

Federal law applies not only to its founding and organization but also the administration, operation and security of the NIH. The Director of the NIH is appointed by the President with advice and consent of the Senate. 42 U.S.C.A. §282(a). The duties and responsibilities of the Director of the NIH are codified at 41 U.S.C.A. §282(b). The Director of the NIH has available a discretionary fund to carry out activities authorized under statute for, among other things, research meeting certain criteria and for the purchasing or renting of equipment for activities of various research Institutes. 42 U.S.C.A. §282(i). Appropriations are also available for, among other things, the maintenance of NIH buildings. 42 U.S.C.A. §282(f). Additionally, the Director of the NIH also manages the National Institutes of Health Management Fund. The use of this fund is for the purpose of facilitating the economical and efficient conduct of operations in the NIH under certain criteria. 42 U.S.C.A. §290. In the area of human resources or employee relations administration, the Director of the NIH may also establish day care for children of NIH employees. 42 U.S.C.A. §282(k).

With respect to security, the federal government put into place a system of emergency preparedness for the protection of life and property in the United States from hazards. Executive Order No. 12656 (EON 12656) assigns emergency preparedness responsibilities for coordination among federal government departments and agencies. Part 8, §801 of EON 12656 delineates those "lead responsibilities" for the Department of Health and Human Services. 42 U.S.C.A. §5195nt, EON 12656.

Therefore, based on the above federal law applicable to its founding, organization, administration, operation and security, the National Institutes of Health qualify for federal enclave jurisdiction status in this matter.

Moreover, federal case law is clear that NIH is a federal enclave for federal jurisdiction purposes.  In his 1970 opinion in *Evans v. Cornman*, Justice Marshall wrote the following:

> Under Art. I, s 8, cl. 17, of the United States Constitution, Congress is empowered to 'exercise exclusive Legislation in all Cases whatsoever over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.'  **NIH, a medical research facility owned and operated by the United States Government, is one of the places subject to that congressional power**.  The facility commenced operation more than 30 years ago, when land was purchased and residential buildings were built to allow scientists and doctors to live near their work.  **It did not become a federal reservation, however, until 1953 when the State of Maryland ceded jurisdiction over the property to the United States**.

398 U.S. 419, 421 (1970) (emphasis added), Md.Ann.Code, Art. 96, s 34.  Thus, it is clear that the U.S. District Court has jurisdiction over alleged harms occurring at the NIH.

    4.    The defendants' right of removal in a civil action is provided in 28 U.S.C. § 1441(a), which states:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus pursuant to 28 U.S.C. § 1441(a), defendant(s) may remove an action to federal court if the case is one over which the U.S. district courts have original jurisdiction.  Further, federal courts have "original jurisdiction" over cases involving diversity of citizenship

between parties, because of claims arising under federal law, or by virtue of some other explicit grant of jurisdiction. *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760, 763 (5th Cir. 1983). Claims "arising under" federal law are those based on federal question jurisdiction under 28 U.S.C. §1331, which provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      In the instant matter, the U.S. District Court has original jurisdiction pursuant to federal enclave jurisdiction, which is a specific type of federal question jurisdiction arising under 28 U.S.C. § 1331. The Constitution grants Congress the power "[t]o exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dockyards, and other needful Buildings." U.S. Const. art. I., § 8, cl. 17. The federal courts have held that "[s]uch places are 'federal enclaves' within which the United States has exclusive jurisdiction." *Akin v. Ashland Chemical*, 156 F.3d 1030, 1034 (10th Cir. 1998), (*citing Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952)). As such, "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." *Akin*, 156 F.3d at 1034; *Mater*, 200 F.2d at 124-25.

7.      The U.S. District Court also has original jurisdiction over this matter on the basis of 16 U.S.C. § 457, which provides the following:

> *Action for death or personal injury within national park or other place under jurisdiction of United States; application of State laws.*
> In the case of the death of any person by the neglect or wrongful act of another within a national part or other place subject to the exclusive jurisdiction of the United States, within the exterior

boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be. (Feb. 1, 1928, c. 15, 45 Stat. 54).

Pursuant to 16 U.S.C. § 457, federal courts are explicitly granted jurisdictional authority over death and personal injury claims arising in federal enclaves. *Stokes v. Adair*, 265 F.2d 662, 665-66 (4th Cir. 1959). The laws of the state that are assimilated under § 457 "lose their character as laws of the state and become laws of the Union," thereby providing an independent basis for federal jurisdiction independent of the "arising under federal law" provision of 28 U.S.C. § 1331. *Id.*

8.      In the present matter, because Mr. Young was allegedly injured on an exclusive federal enclave, the United States District Courts have two independent bases for original jurisdiction: **federal enclave jurisdiction** – a specific type of federal question jurisdiction arising under 28 U.S.C. §1331; and **16 U.S.C. § 457 jurisdiction**, by virtue of the explicit grant of authority provided by statute. Therefore, as these cases involve the federal courts' original jurisdiction, and as the Plaintiffs originally brought suit in Baltimore City, Maryland, the Defendants may properly remove this case to the United States District Court for the District of Maryland, Northern Division pursuant to 28 U.S.C. §1441(a). *See Akin v. Big Three Industries*, 851 F. Supp. 819, 821-22 (E.D. Tex. 1994) (stating that "enclave jurisdictions properly invoked" where "plaintiffs' claims arise out of exposure to chemicals on base in furtherance of their employment duties"); *Fung v. Abex Corp., et al.*, 816 F. Supp. 569, 571 (N.D. Cal. 1992) (indicating that as plaintiff's causes of action arose on an exclusive federal enclave, they were properly the subject of federal jurisdiction).

9.     All other Defendants named and served in the State Case have joined in, and consented to, this Notice of Removal, and each has expressly stated their joinder and consent in written correspondence.  These correspondences have been filed separately with the Clerk, United States District Court for the District of Maryland under the docket entry, "Consent of Removal."  These correspondences do not constitute a waiver of any defenses to which these Defendants are otherwise entitled, including without limitation, the defenses of lack of personal jurisdiction, insufficient process or service of process, and improper venue.

10.     Garlock reserves the right to amend this Notice of Removal as may be necessary.

11.     Garlock reserves all defenses, including without limitation, the defenses of lack of personal jurisdiction, insufficient process or service of process, and improper venue.

12.     In accordance with 28 U.S.C. §1446(a) and Local Rule 103(5)(a), Garlock has filed with this Notice of Removal true and correct copies of all process, pleadings, and orders that have been served upon Garlock in the State Case as of this date.  Additionally, within 30 days, Garlock will file true and correct copies of all other documents on file in the State Case, together with a certification from counsel that all filings in the State Case have been filed in the United States District court.

WHEREFORE, Defendant Garlock, joined in and consented to by all other Defendants named and served in the State Case, where necessary, remove this action to the United States District Court for the District of Maryland, Northern Division.

Thomas P. Bernier
Federal Bar # 2141

Gregory S. Savage
Federal Bar # 27008

SEGAL, MCCAMBRIDGE, SINGER &
MAHONEY, LTD.
One North Charles Street
Suite 2500
Baltimore, MD  21201
Phone:          410-779-3960
Fax:     410-779-3967
Attorneys for Defendant:
Garlock Sealing Technologies, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _21st_ day of August, 2008, a copy of the

foregoing Notice of Removal of Civil Action was served via first-class mail, postage

prepaid upon the following individuals:

Jonathan Ruckdeschel, Esquire
The Ruckdeschel Law Firm, LLC
5126 Dorsey Hall Drive, Suite 201
Ellicott City, Maryland  21042
**Attorney for the Plaintiffs**

Katherine S. Duyer, Esquire
Gavatt and Datt, P.C.
Suite 180
15850 Crabbs Branch Way
Rockville, MD  20855
**Attorney for Defendant, A.C. & R. Insulation Co., Inc.**

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
BY HAND DELIVERY
**Attorney for Defendant, Anchor Packing Company**

Keith R. Truffer, Esquire
Royston, Mueller, McLean & Reid, LLP
Suite 600
The Royston Building .
102 West Pennsylvania Avenue
Towson, Maryland  21204
**Attorney for Defendant, A. W. Chesterton Company**

Jeannie Pitillo Kauffman, Esquire
Bacon, Thornton & Palmer, L.L.P.
Capital Office Park
6411 Ivy Lane. Suite 706
Greenbelt, Maryland  20770
**Attorney for Defendant, Bondex International, Inc.**

Neil J. MacDonald, Esquire
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland  20705
**Attorney for Defendant, Crane Co.**

Theodore F. Roberts, Esquire
Venable LLP
210 Allegheny Avenue
Towson, Maryland  21204
**Attorney for Defendants,**
**Crown Cork & Seal**
**Goodyear Tire and Rubber Company**
**Rapid American Corporation**

Michelle Noorani, Esquire
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland  21202
**Attorney for Defendant, Georgia-Pacific LLC f/k/a Georgia-Pacific Corporation**

Peter A. Woolson, Esquire
Robinson Woolson, P.A.
217 East Redwood Street
Suite 1500
Baltimore, Maryland  21202
**Attorney for Defendant, John Crane Inc.**

Joel D. Newport, Esquire
Moore & Jackson, LLC
305 Washington Avenue
Suite 401
Towson, Maryland  21204
**Attorney for Defendant, Kaiser Gypsum Co.**

Richard D. Albert, Esquire
Steptoe & Johnson LLP
1300 Connecticut Avenue, NW
Washington, DC  20036-1795
**Attorney for Defendant, Metropolitan Life Insurance Company**

Steven A. Luxton, Esquire
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
**Attorney for Defendant, Owens-Illinois, Inc.**

Richard L. Flax, Esquire
Law Offices of Richard L. Flax, LLC
Suite 500
29 West Susquehanna Avenue
Baltimore, Maryland  21204
**Attorney for Defendant, Walter E. Campbell Company, Inc.**

Charles F. Mitchell, Esquire
John J. Kirlin, LLC
515 Dover Road, Suite 2100
Rockville, Maryland  20850
**Attorney for Defendant, John J. Kirlin, LLC**

Malcolm S. Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
**Attorney for Defendant, Hampshire Industries, Inc.**

Thomas P. Bernier

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| JAMES ROWLAND YOUNG, *et ux.* | * | Civil Action: Asbestos |
| Plaintiffs | * | (Circuit Court for Baltimore City |
| vs. | * |   Case No.:  24X08000343) |
| A.C.& R INSULATION CO., INC., *et al.* | * | |
| Defendants | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

1.　　DEFENDANTS' CONSENT LETTERS



<table>
<tr><td>

**Main Office**

Suite 180
15850 Crabbs Branch Way
Rockville, MD 20855

301/948-1177
301/948-4334 Facsimile

</td><td>



# Gavett and Datt, P.C.

A T T O R N E Y S   A T   L A W

</td><td>

**Virginia Office**

122 South Royal Street
P.O. Box 19140
Alexandria, VA 22320

703/549-9329
*Please reply to Main Office*

</td></tr>
</table>

**Katherine S. Duyer**
Licensed in MD, DC
kduyer@gavettdatt.com

August 13, 2008

*Via Facsimile*

Thomas Bernier, Esquire
Segal, McCambridge, Singer, & Mahoney
One North Charles Street
Suite 2500
Baltimore, MD 21201

      *Re:*    *REMOVAL*
                *James Rowland Young, et ux v. AC&R Insulation Co., Inc., et al.*
                *Individual Case Number: 24X08000343*
                *Circuit Court for Baltimore City*

Dear Mr. Bernier:

      My firm represents AC&R Insulation Co., Inc. ("AC&R") in the above-referenced matter. Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

      AC&R was served in this case on August 1, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, AC&R joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

GAVETT AND DATT, P.C.

BY   *[signature]*
      Katherine S. Duyer
KSD/sej
L:\03.000\3-02313\letters\bernier1.wpd

# MOORE & JACKSON, LLC

### ATTORNEYS AT LAW

305 WASHINGTON AVENUE
SUITE 401
TOWSON, MARYLAND 21204

TELEPHONE 410-583-5241

FACSIMILE 410-583-7519

WWW.MOOREJACKSON.COM

Joel D. Newport
Direct Dial: 410-583-2207 ext. 110
Email: newport@moorejackson.com

Daniel J. Moore
William J. Jackson
Kevin M. Soper
Scott D. Goetsch
Joel D. Newport
Margaret Fonshell Ward

Counsel:  Thomas C. Swiss
_____
Karen Herzog Cooke
Stefan B. Ades

August 20, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

Re:   **REMNOVAL**
       *James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,*
       **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

My firm represents Kaiser Gypsum Co. in the above-referenced matter.  Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

Kaiser Gypsum Co. was served in this case on August 4, 2008.  While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Kaiser Gypsum Co. joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

Joel D. Newport



# VENABLE® LLP

August 13, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

**Re:** **REMOLVAL**
*James Rowland Young, et ux v. A.C. & R. Insulation Co., Inc., et al.,*
**Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

My firm represents Goodyear Tire and Rubber Company ("Goodyear") in the above-referenced matter. Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

Goodyear was served in this case on August 4, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Goodyear joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

Theodore F. Roberts

TFR/cob

TO1DOCS1: #262284

# MILES & STOCKBRIDGE P.C.

**Michelle Noorani**
410-385-3878
mnoorani@milesstockbridge.com

August 21, 2008

*VIA FAX 410-779-3967*

Thomas P. Bernier, Esquire
SEGAL MCCAMBRIDGE SINGER & MAHONEY
One North Charles Street, Suite 2500
Baltimore, Maryland 21201

> Re:  **REMOVAL**
> *James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,*
> **Individual Case Number: 24X08000343**
> **Circuit Court for Baltimore City**

Dear Mr. Bernier:

My firm represents Georgia-Pacific, LLC f/k/a Georgia-Pacific Corporation in the above-referenced matter.  Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

Georgia-Pacific, LLC f/k/a Georgia-Pacific Corporation was served in this case on August 4, 2008.  While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Georgia-Pacific, LLC f/k/a Georgia-Pacific Corporation joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

Michelle Noorani

MN/ksm


**VENABLE**®LLP

August 13, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

   Re:  **REMOVAL**
      *James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,*
      **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

   My firm represents Crown Cork & Seal in the above-referenced matter.  Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

   Crown Cork & Seal was served in this case on August 4, 2008.  While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Crown Cork & Seal joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

         Very truly yours,

         Theodore F. Roberts

TFR/cob

TO1DOCS1: #262301

## ROYSTON, MUELLER, McLEAN & REID, LLP
### ATTORNEYS AT LAW

R. TAYLOR McLEAN
E. HARRISON STONE
WILLIAM F. BLUE
THOMAS F. McDONOUGH
LAUREL PARETTA REESE*
KEITH R. TRUFFER*
ROBERT S. HANDZO*
EDWARD J. GILLISS
JOHN W. BROWNING
TIMOTHY J. OURSLER
ROBERT G. BLUE
CRAIG P. WARD

LEANNE M. SCHRECENGOST
DAVID F. LUBY
JONATHAN M. HERBST
JAMES L. SHEA, JR.
MARTHA K. WHITE

SUITE 600
THE ROYSTON BUILDING
102 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4575

—————

TELEPHONE 410-823-1800
FACSIMILE 410-828-7859
www.rmmr.com

OF COUNSEL
EUGENE W. CUNNINGHAM, JR., P.A.
H. EMSLIE PARKS*
BRADFORD G.Y. CARNEY
LISA J. McGRATH

COUNSEL EMERITUS
RICHARD A. REID

CARROLL W. ROYSTON
1913-1991

H. ANTHONY MUELLER
1913-2000

* ALSO ADMITTED IN D.C.

August 19, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

      Re:    **REMOVAL**
               ***James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,***
               **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

      My firm represents A.W. Chesterton Company in the above-referenced matter. Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

      A.W. Chesterton Company was served in this case on August 4, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, A.W. Chesterton Company joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

              Very truly yours,

              */s/ Keith R. Truffer, Esquire*

              Keith R. Truffer, Esqire



## VENABLE® LLP

August 13, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

     **Re:**    **REMOVAL**
             *James Rowland Young, et ux v. A.C. & R. Insulation Co., Inc., et al.,*
             **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

My firm represents Rapid American Corporation in the above-referenced matter. Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

Rapid American Corporation was served in this case on August 4, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Rapid American Corporation joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

Theodore F. Roberts

TFR/cob
TO1DOCS1: #262284

# LAW OFFICES OF RICHARD L. FLAX, LLC

▲

Suite 500
29 West Susquehanna Avenue
BALTIMORE, MARYLAND 21204

(410) 561-6451
FACSIMILE (443) 927-8916

RICHARD L. FLAX (MD, DC)                                                      E-Mail: richard.flax@zgf-law.com
Cell Phone: (410) 303-2309

August 18, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

      Re:    Removal
             James Rowland Young, et ux.  v. A.C. & R. Insulation Co., Inc., et al.,
             Circuit Court for Baltimore City, Maryland (Case Number: 24X08000343)

Dear Mr. Bernier:

    My firm represents Defendant, Walter E. Campbell Company, Inc., in the above-referenced matter.  Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

    Walter E. Campbell Company, Inc. was served in this case on August 5, 2008.  While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Walter E. Campbell Company, Inc. joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

                    Very truly yours,

                    Richard L. Flax

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Richard D. Albert
202.457.8339
ralbert@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC  20036-1795
Tel 202.429.3000
Fax 202.429.3902

August 19, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

       **Re:**   **REMOVAL**
               ***James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,***
               **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

      My firm represents Metropolitan Life Insurance Company in the above-referenced matter. Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

      Metropolitan Life Insurance Company was served in this case on August 5, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Metropolitan Life Insurance Company joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

      Very truly yours,

*Richard D Albert*

Richard D. Albert, Esq.

WASHINGTON  •  NEW YORK  •  CHICAGO  •  PHOENIX  •  LOS ANGELES  •  CENTURY CITY  •  LONDON  •  BRUSSELS



**SegalMcCambridge**
Segal McCambridge Singer & Mahoney

August 20, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

      **Re:**    **REMOVAL**
               *James Rowland Youn, et ux  v. A.C. & R. Insulation Co., Inc., et al.,*
               **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

      My firm represents Anchor Packing Company in the above-referenced matter. Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

      Anchor Packing Company was served in this case on August 6, 2008.  While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Anchor Packing Company joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

                          Very truly yours,

                          BENJAMIN D. WHETZEL

/kte

# ROBINSON
# WOOLSON, P.A.

*Attorneys at Law*

217 East Redwood Street
Suite 1500
Baltimore, Maryland 21202

Telephone: 410-625-0000
Facsimile:  410-625-0201

August 14, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

> **Re:** **REMOVAL**
> *James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,*
> **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

My firm represents John Crane Inc. in the above-referenced matter.  Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

John Crane Inc. was served in this case on August 6, 2008.  While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, John Crane Inc. joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

/s/ _____

Peter A. Woolson

# HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP

### ATTORNEYS AT LAW

CALVERTON OFFICE PARK
11720 BELTSVILLE DRIVE, SUITE 500
BELTSVILLE, MARYLAND 20705

5924 NORTH 15TH STREET
ARLINGTON, VIRGINIA 22205

TELEPHONE: (301) 486-1200
FACSIMILE: (301) 486-0935

WWW.HARTELKANE.COM

Writer's Direct Telephone: (301) 313-3262
Writer's E-mail Address: NMACDONALD@HARTELKANE.COM

Timothy E. Howie* • †
Neil J. MacDonald' • †
Michael A. DeSantis* •
Deborah E. Kane* • ‡
John W. Hartel* • †

**Of Counsel:**
Michael P. Chervenak* • ‡
Sharon M. Chambers*

*Maryland bar
•District of Columbia bar
†Virginia bar

Richard W. Souther* • ‡
Helyna M. Haussler* •
Rachelle A. Schofield* •
Dana K. Schultz*
Tyler O. Prout †
Matthew W. Hurd*
Philip P. Kuljurgis‡
Dawn D. Gile*

August 19, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

> Re:   **REMOVAL**
> *James Rowland Young, et ux. v. A.C. & R. Insulation Co., Inc., et al.,*
> **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

My firm represents Crane Co. in the above-referenced matter. Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

Defendant Crane Co. was served in this case on or before August 18, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Crane Co. joins in, and consents to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

Neil J. MacDonald
NJM/ddg

E:\NJM\ASBESTOS\Crane&Co\Young, James Rowland\notice of removal letter.wpd



JOHN J.
**KIRLIN**, LLC
mechanical contractors

August 18, 2008

**<u>Via Telecopy</u>**
Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

       **Re:**   ***Young v. A.C. & R. Insulation Co., Inc., et al.,***
               **Case Number: 24X08000343**

Dear Mr. Bernier:

I am writing this letter on behalf of John J. Kirlin, LLC ("Kirlin, LLC"), a named defendant in the above-referenced matter. Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

In response to your request for the joinder and consent of my client to removal, please be advised that Kirlin, LLC has not been served in this case. Consequently, my client cannot honor your request at this time, for to do so would risk waiving certain defenses, including those relating to sufficiency of service, process, venue, personal jurisdiction and the fact that Kirlin, LLC has never performed work at NIH. However, while reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, please be advised that if and when Kirlin, LLC is properly served in the above-referenced case, then at such time Kirlin, LLC will consent to the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

JOHN J. KIRLIN, LLC

Charles F. Mitchell
General Counsel

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:  202.739.3000
Fax:  202.739.3001
www.morganlewis.com



Morgan Lewis
C O U N S E L O R S   A T   L A W

Steven A. Luxton
202.738-5452
sluxton@MorganLewis.com

August 18, 2008

**VIA E-MAIL**

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

Re:   **REMOVAL:** *James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,*
      **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

    My firm represents Owens-Illinois, Inc. in the above-referenced matter.  Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

    In response to your request for the joinder and consent of my client to removal, please be advised that Owens-Illinois, Inc. has not been served in this case.  Consequently, my client cannot honor your request at this time, for to do so would risk waiving certain defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction.  However, while reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, please know that if and when Owens-Illinois, Inc. is properly served in the above-referenced case, then at that time Owens-Illinois, Inc. will join in, and consent to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

                          Very Truly Yours,

                          Steven A. Luxton

DB1/62063328.1

**BACON, THORNTON & PALMER, L.L.P.**
CAPITAL OFFICE PARK
6411 IVY LANE
SUITE 706
GREENBELT, MARYLAND 20770-1411
(301) 345-7001
FAX (301) 345-7075
www.lawbtp.com

EDWARD C. BACON (MD, DC, FL)
PATRICIA M. THORNTON (MD, DC)
MARK D. PALMER (MD, DC)
JEANNIE PITTILLO KAUFFMAN (MD, DC)

SEAN WERNER (MD, DC)
R. BRENT FULLER (MD, DC)
SHA'DONNA M. CLAGGETT (MD)
CLAIRE J. KIM (MD)

EMAIL
ebacon@lawbtp.com
pthornton@lawbtp.com
mpalmer@lawbtp.com
jkauffman@lawbtp.com
swerner@lawbtp.com
rbfuller@lawbtp.com
sclaggett@lawbtp.com
ckim@lawbtp.com

August 14, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

Re:   **REMOVAL**
*James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.*,
**Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

My firm represents Bondex International, Inc., in the above-referenced matter.  Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

In response to your request for the joinder and consent of my client to removal, please be advised that Bondex has not been served in this case.  Consequently, my client cannot honor your request at this time, for to do so would risk waiving certain defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction.  However, while reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, please know that if and when Bondex is properly served in the above-referenced case, then at that time Bondex will join in, and consent to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Should you have any questions regarding this matter, please feel free to contact me.

Very truly yours,

Jeannie Pittillo Kauffman

# GOODELL, DeVries, Leech & Dann, LLP

### ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202

TELEPHONE  (410) 783-4000

FACSIMILE (410) 783-4040

MALCOLM S. BRISKER
MSB@GDLDLAW.COM
WRITER'S DIRECT NUMBERS
410-783-4049 (VOICE)
410-951-0451 (FAX)

ADMITTED IN MARYLAND
&
THE DISTRICT OF COLUMBIA

August 19, 2008

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

Re:   **REMOVAL**
      **James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,**
      **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Bernier:

My firm represents Hampshire Industries, Inc. in the above-referenced matter.  Thank you for providing me with a copy of the Notice of Removal of Civil Action which you intend to file in the U.S. District Court for the District of Maryland, Northern Division.

In response to your request for the joinder and consent of my client to removal, please be advised that Hampshire Industries, Inc. has not been served in this case.  Consequently, my client cannot honor your request at this time, for to do so would risk waiving certain defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction. However, while reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, please know that if and when Hampshire Industries, Inc. is properly served in the above-referenced case, then at that time Hampshire Industries, Inc. will join in, and consent to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

Malcolm S. Brisker

MSB:krc
4843-7303-1170

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION
CASE NO.: 1:08-cv-02200-JFM

JAMES YOUNG, et ux.,                              (Circuit Court for Baltimore City

                                                  Case No.: 24x08000343)

Plaintiffs,


v.

AC & R INSULATION CO., INC., et al,

         Defendants,

_____/

### PLAINTIFFS' MOTION FOR REMAND

James and Norma Young, by their undersigned attorneys, pursuant to 28 U.S.C. § 1447(c), file

the following Motion for Remand.  The grounds therefore, which are more fully set forth in the

accompanying Memorandum In Support of Motion for Remand, are as follows:

1.      On August 21, 2008, Defendant Garlock Sealing Technologies, LLC (hereinafter

"Removing Defendant") filed a Notice of Removal of this case asserting as grounds for removal federal

question jurisdiction under the "federal enclave" doctrine pursuant to 28 U.S.C. § 1331, jurisdiction

conferred pursuant to 16 U.S.C. § 457 and 28 U.S.C. § 1442(a)(1).[1]

---

[1] Garlock references federal officer removal as a concurrent basis for removal pursuant to 42 U.S.C. §1442(a)(1) only once
in its Notice of Removal at p. 1-2.  However, as no additional discussion of the alleged grounds under which Garlock seeks
removal pursuant to § 1442(a)(1).



      b.    As noted above, the Removing Defendant failed to obtain the consent of the following defendants:Bondex International, Inc., John J. Kirlin, LLC, Hampshire Industries, Inc., and Owens-Illinois, Inc.   Removing Defendant further failed to allege or demonstrate *in the Notice of Removal* that the consent of these defendants was excused.  *See e.g., Egle v. Erie Ins. Group*, 981 F.Supp. 932, 934(D.Md. 1997).  This failure alone requires remand.

      3.    The Notice of Removal also substantively fails to support removal of this action based upon federal question jurisdiction under the "federal enclave" doctrine.

      a.    The Notice of Removal fails to demonstrate that Mr. Young's exposures occurred on portions of NIH that were federal enclaves at times when they were federal enclaves.  Contrary to the glib assertion of the Removing Defendant, NIH is not a monolithic facility with respect to federal jurisdiction.  To the contrary, over 76 acres of the agency's Bethesda campus and the entire nearly 500 acres of the Poolesville animal farm, remain under the jurisdiction of Maryland.  *Inventory Report on Jurisdictional Status of Federal Areas Within the States, General Services Administration* (As of June 30, 1962), at 343-344, and accompanying coding key.

      b.    In reliance upon *dicta* from a 1970 voting rights decision, Garlock incorrectly states that NIH's Bethesda campus became an enclave in 1953, when Maryland ceded jurisdiction over portions of the property.  *Evans v. Cornman*, 398 U.S. 419 (1970), referenced at p. 4 of Garlock's Notice of Removal.  Defendant ignores the fact that federal jurisdiction cannot vest over an enclave until the federal government *accepts* jurisdiction over ceded land.  40 U.S.C. § 3112 (formerly 40 U.S.C. §255).  With respect to NIH, jurisdiction over the portions ceded by Maryland to the federal government was not accepted by the federal government until September 25, 1955.  *See Report on Jurisdictional Status*

3

*of Federal Areas Within the States, General Services Administration* (As of June 30, 1962), at 343; 40

U.S.C. § 3112.

        c.     Mr. Young's work and exposures at NIH began in 1953 – before any portion of

the agency's facility in Bethesda became a federal enclave.

        d.     Plaintiffs do not dispute that, after 1955, portions of NIH's Bethesda campus

became a federal enclave. It is indisputable, however, that other portions of the Bethesda campus and

the entire Poolesville animal farm are not, and have never been federal enclaves where the United States

holds exclusive legislative jurisdiction.[2] Since Mr. Young's exposures before September 25, 1955 and

on any portions of NIH that are not enclaves will indisputably be governed by Maryland state law, it is

impossible for the Removing Defendant to demonstrate that resolution of his claims will *require*

resolution of a question of federal law. This is particularly true because Maryland state law regarding

the continuing duty to warn which attaches upon exposures governed by state law, will continue to apply

throughout Mr. Young's entire tenure at NIH irrespective of when it occurs. Since the jury could find

---

[2]  The *Inventory Report on Jurisdictional Status of Federal Areas Within the States* prepared by the General Services Administration codes the portion of the NIH campus where jurisdiction over the property was accepted by the federal government on September 25, 1955 as having "Exclusive Legislative Jurisdiction." Throughout the Report, Exclusive Legislative Jurisdiction is coded as a "1". This is defined as follows:

> This term is applied when the Federal Government possesses, by whichever method acquired, all of the authority of the State, and in which the State concerned has not reserved to itself the right to exercise any of the authority concurrently with the United States except the right to serve civil or criminal process in the area for activities which occurred outside the area.

However, the remainder of the N.I.H. campus in Bethesda, as well as the Poolesville Animal Farm is coded to show that the Federal Government has a "Proprietorial Interest Only." Throughout the Report, locations in which the Federal Government possesses an Proprietorial Interest Only is coded as a "4". This is defined as follows:

> This term is applied to those instances wherein the Federal Government has acquired some right or title to an area in a State, but has not obtained any measure of the State's authority over the area. In applying this definition, recognition should be given to the fact that the United States, by virtue of its functions and authority under various provisions of the Constitution, has many powers and immunities not possessed by ordinary landholders with respect to areas in which it acquires an interest, and of the further fact that all its properties and functions are held or performed in a governmental rather than a proprietary capacity.

for Mr. Young solely upon the state law claims, remand is required.  *See, e.g., Dixon v. Coburg Dairy*, 369 F.3d 811 (4th Cir. 2004).

**WHEREFORE**, Plaintiffs, James and Norma Young, respectfully request that the Court grant their Motion to Remand, and Remand this case to the Circuit Court for Baltimore City for further proceedings.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Jonathan Ruckdeschel*
Jonathan Ruckdeschel, Fed. Bar:  25015
Dawn P. O'Croinin, Fed. Bar: 26902
The Ruckdeschel Law Firm, LLC
5126 Dorsey Hall Drive, Suite 201
Ellicott City, Maryland 21042
Telephone: 410.884.7825
Fascimile: 443.586.0430
ruck@rucklawfirm.com
dawn@rucklawfirm.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2008, a copy of Plaintiffs' Motion for Remand and all attachments thereto were served upon all counsel of record in this matter via electronic submission on CM/ECF.

<div style="margin-left:40%">

*/s/ Jonathan Ruckdeschel*
Jonathan Ruckdeschel

</div>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION
CASE NO.: 1:08-cv-02200-JFM

JAMES ROWLAND YOUNG, et ux.,          (Circuit Court for Baltimore City

                                                            Case No.: 24x08000343)

Plaintiffs,


v.

AC & R INSULATION CO., INC., et al,

          Defendants,

_____/

### PLAINTIFFS' MOTION FOR EXPEDITED
### CONSIDERATION OF MOTION FOR REMAND

          James and Norma Young, by their undersigned attorneys, pursuant to
Fed.R.Civ.P. 7, hereby file the following Motion for Expedited Consideration of
Plaintiffs' Motion for Remand to state court.  The grounds therefore, which are more
fully set forth in the accompanying Memorandum In Support of Motion for Expedited
Consideration of Motion to Remand, are as follows:

1.  Mr. Young has terminal cancer and is unlikely to survive another year.

2.  Plaintiffs have timely filed a Motion for Remand that raises numerous clear
    procedural and jurisdictional deficiencies of the Notice of Removal filed by
    Defendant Garlock in this matter.

3.  The removing Defendant has requested that this matter be transferred to
    MDL-875, the multi-district litigation that controls asbestos cases.



4.  A Conditional Transfer Order was entered on September 19, 2008.

5.  The MDL-875 is an indisputable "black hole" of delay from which asbestos cases escape rarely or slowly, if at all.[1]

6.  Transfer to the MDL will result in Mr. Young dying before having any chance at his day in court.  While Plaintiffs will oppose any Conditional Transfer Order, it is nearly inevitable that Plaintiffs' opposition will only briefly delay transfer.  Accordingly, expedited consideration is necessary.

**WHEREFORE**, Plaintiffs, James and Norma Young, request that the Court Expedite Consideration of their Motion for Remand and rule upon the Motion by November 3, 2008 so that their jurisdictional objections will be heard before they are caught up in the inevitable morass of delay in the MDL.

Respectfully submitted,

 /s/ Dawn P. O'Croinin
Dawn P. O'Croinin
Federal Bar Number:  26902
Jonathan Ruckdeschel
Federal Bar Number: 25015
The Ruckdeschel Law Firm, LLC
5126 Dorsey Hall Drive, Suite 201
Ellicott City, Maryland 21042
Telephone: 410.884.7825
Fascimile: 443.586.0430
dawn@rucklawfirm.com
ruck@rucklawfirm.com

---

[1] *Decision of Judge Davidson in Austin Richards, et. ux. v. Carver Pump Company et al.*; Case No. 2006-22,116 (September 5, 2006).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of September, 2008, a copy of Plaintiffs'

Motion for Expedited Consideration of Motion for Remand and all attachments thereto

were served upon all counsel of record in this matter via electronic submission on

CM/ECF in accordance with the Federal Rules of Civil Procedure and the Local Rules of

this Court.


                                     */s/Dawn P. O'Croinin*
                                   Dawn P. O'Croinin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ROWLAND YOUNG, *et ux.* | * | Civil Action: Asbestos |
| | | Civil Action:  1:08-cv-2200 |
| Plaintiffs | * | |
| | | (Circuit Court for Baltimore City |
| vs. | * | Case No.:  24X08000343) |
| | | |
| A.C.& R INSULATION CO., INC., *et al.* | * | |
| | | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REMOVING DEFENDANTS' RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**



## TABLE OF CONTENTS

Table of Contents                                                                    ii.

Table of Exhibits                                                                    iii.

Response in Opposition                                                               1.

    I.      Background                                                        1.

          A.    Procedural History                                          1.

          B.    Legal Overview                                              3.

    II.     Discussion                                                       6.

          A.    Defendants Properly Joined in and
                 Consented to Removal of this Action.                        6.

              1.    Defendants fully complied with the procedural
                      requirements for removal.                               6.

              2.    Plaintiffs Misrepresent the Case Law on the
                      Rule of Unanimity.                                      9.

              3.    Bondex, OI and Hampshire each sufficiently
                      Expressed its joinder and consent to removal.           14.

          B.    The U.S. District Court has original jurisdiction over
                 this matter.                                                15.

              1.    Plaintiffs' Interrogatory Response provided the
                      grounds for removal.                                    15.

              2.    The only papers that can be considered in
                      assessing the removability of this action are
                      those provided by Plaintiffs prior to removal.          16.

              3.    The National Institutes of Health is an
                      Exclusive Federal Enclave.                              19.

    III.    Conclusion                                                      21.

## <u>TABLE OF EXHIBITS</u>

1.   Plaintiffs' Answer to Interrogatory No. 88

2.   Joint Statement

3.   Bondex Joinder Letter

4.   Owens-Illinois Joinder Letter

5.   Hampshire Joinder Letter

6.   Plaintiffs' Answer to Interrogatory No. 11

7.   Plaintiffs' Answer to Interrogatory No. 13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

JAMES ROWLAND YOUNG, et ux.          *

    Plaintiffs                                   *          Case No: 1:08-cv-2200

        vs.                                      *

AC&R INSULATION CO., INC. et al.          *

    Defendants                                   *

*    *    *    *    *    *    *    *    *    *    *    *

### REMOVING DEFENDANT GARLOCK SEALING TECHNOLOGIES
### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

    Defendant, Garlock Sealing Technologies, LLC (hereinafter "Garlock"), by its

undersigned counsel, does hereby file this Response In Opposition to Plaintiff's Motion

for Remand, and in support thereof states the following:

### I.      BACKGROUND

### A.      PROCEDURAL HISTORY

    Plaintiffs originally filed their Complaint in the Circuit Court for Baltimore City

on July 24, 2008, alleging occupational exposure of Plaintiff James Rowland Young to

asbestos.  Subsequently, Garlock was served on or about August 4, 2008 via certified

mail and received Plaintiffs' Answers to Defendants' Master Set of Interrogatories on

August 21, 2008.

    Plaintiffs' Answers to Defendants' Master Set of Interrogatories [hereinafter

"Answers to Interrogatories"], Answer to Interrogatory No. 88, states that "Plaintiff

believes that he may have been exposed to asbestos while working at the National

Institutes of Health from 1953-1980 in various positions including building engineer, senior building engineer, assistant unit chief, and unit chief." (*See* Exhibit 1). With respect to the NIH, Plaintiff's Answer to Interrogatory No. 88 subsequently provides that "Plaintiff believes that he was exposed to products which he used in the performance of maintenance and repairs in the course of his job and which other NIH employees and contractors used at NIH during these times. Plaintiff may have been exposed to asbestos from: fireproofing, pipecovering, block, cement, drywall joint compound, gaskets, packing, floor tiles, ceiling tiles and other asbestos containing products. Plaintiff also believes that he was exposed to asbestos containing materials that may have been used to insulate machinery and/or that was used in conjunction with machinery and tools." *Id.*

Because documentation filed in support of Plaintiff's Complaint alleged that Mr. Young was exposed to asbestos while working at an exclusive federal enclave for nearly thirty years, Removing Defendant filed a Notice of Removal of Civil Action with the United States District Court for the District of Maryland, Northern Division [hereinafter "U.S. District Court"] on the basis of a Federal Question under 28 U.S.C. §1331, namely that of federal enclave jurisdiction, as well as jurisdiction conferred pursuant to 16 U.S.C. §457. This removal was timely filed on August 21, 2008, and was accompanied by the written joinder and consent of all other proper Defendants. Further, this removal was based exclusively upon information contained in documents which were served with Plaintiffs' Complaint.

On September 19, 2008, a Conditional Transfer Order was entered by the Judicial Panel on Multi-District Litigation provisionally ordering the transfer of this case to the MDL. Nonetheless, Plaintiffs filed a Motion for Remand on September 19, 2008, as well

2

as a Motion for Expedited Consideration of Plaintiffs' Motion for Remand on September

24, 2008.  On October 6, 2008, Removing Defendants filed a Joint Statement on behalf of

all Defendants in response to the Standing Order Concerning Removal issued by this

Court on September 19, 2008. (*See* Exhibit 2).

This Response in Opposition addresses the Motion for Remand only; Removing

Defendants will respond to Plaintiffs' Motion for Expedited Consideration separately, on

or before October 16, 2008.

**B.     LEGAL OVERVIEW**

Removal is permitted by defendants in an action over which the U.S. district

Courts have original jurisdiction.  The defendants' right of removal in a civil action is

provided in 28 U.S.C. §1441(a), which states:

> (a) Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of which
> the district courts of the United States have original
> jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the
> district and division embracing the place where such action
> is pending.

The procedures for removing an action are governed by 28 U.S.C. §1446.
This section provides, in part, the following:

> (a)   A defendant or defendants desiring to remove any civil
> action or criminal prosecution from a State court shall file
> in the district court of the United States for the district and
> division within which such actions pending a notice of
> removal signed pursuant to Rule 11 of the Federal Rules of
> Civil Procedure and containing a short and plain statement
> of the grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such defendant
> or defendants in such action.

> (b)   The notice of removal of a civil action or proceeding shall
> be filed within thirty days after the receipt by the
> defendant, through service or otherwise, of a copy of the

> purchased by the Consent of the Legislature of the State in
> which the Same shall be, for the Erection of Forts,
> Magazines, Arsenals, Dockyards, and other needful
> Buildings.

Such consent may be in the form of a general consent statute or consent to a particular

acquisition. *United States v. State Tax Commission of Mississippi*, 412 U.S. 363, 372

n.15 (1973). Under the second method, cessation, states enact legislation expressly

ceding jurisdiction to the United States. *See, e.g., Collins v. Yosemite Park & Curry Co.*,

304 U.S. 518, 529 (1938); *Kleppe v. New Mexico*, 426 U.S. 529, 542 (1976).

Both methods are capable of creating federal enclaves "within which the United

States has exclusive jurisdiction." *Akin v. Ashland Chemical*, 156 F.3d 1030, 1034 (10th

Cir. 1998), *citing Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952). Further,

"[p]ersonal injury actions which arise from incidents occurring in federal enclaves may

be removed to federal district court on the basis of federal question jurisdiction." *Akin*,

156 F.3d at 1034; *Mater*, 200 F.2d at 124-25.

There is an additional source of federal district court "original jurisdiction" over

federal enclaves, namely 16 U.S.C. §457, which provides the following:

> Action for death or personal injury within national park or
> other place under jurisdiction of United States; application
> of State laws. In the case of the death of any person by the
> neglect or wrongful act of another within a national park or
> other place subject to the exclusive jurisdiction of the
> United States, within the exterior boundaries of any State,
> such right of action shall exist as though the place were
> under the jurisdiction of the State within whose exterior
> boundaries such place may be; and in any action brought to
> recover on account of injuries sustained in any such place
> the rights of the parties shall be governed by the laws of the
> State within the exterior boundaries of which it may be.
> (Feb. 1, 1928, c. 15, 45 Stat. 54).

5

Pursuant to 16 U.S.C. §457, federal courts are explicitly granted jurisdictional authority over death and personal injury claims arising in exclusive federal enclaves. *Stokes v. Adair*, 265 F.2d 662, 665-66 (4th Cir. 1959). The laws of the state that are assimilated under §457 "lose their character as laws of the state and become laws of the Union," thereby providing an independent basis for federal jurisdiction independent of the "arising under federal law" provision of 28 U.S.C. §1331. *Id.*

Thus, there are two different bases for the U.S. district courts' original jurisdiction over personal injury actions arising on a federal enclave. First, federal courts have original jurisdiction over claims involving federal enclaves pursuant to the "arising under" provision of 28 U.S.C. §1331 [hereinafter "federal enclave jurisdiction"]. Additionally, death and personal injury claims arising in exclusive federal enclaves are governed by 16 U.S.C. §457, which provides federal courts original jurisdiction over such actions through an explicit grant of jurisdictional authority [hereinafter "16 U.S.C. §457 jurisdiction"].

## II.    **DISCUSSION**

The numerous procedural and substantive arguments which Plaintiffs raise in the Motion to Remand are completely baseless, and are refuted in the following sections:

### A. DEFENDANTS PROPERLY JOINED IN AND CONSENTED TO REMOVAL OF THIS ACTION

1.    <u>Defendants fully complied with the procedural requirements for removal</u>.

The Removing Defendant fully complied with the procedural requirements set forth in 28 U.S.C. §§1441 and 1446, including complying with the "rule of unanimity"[1]

---

[1] The rule of unanimity, pursuant to 28 U.S.C. §1446(a)-(b), does not require that all defendants sign the same notice of removal; rather, it requires "that each defendant file a notice of removal, either

by obtaining the written joinder and consent of the other Defendants to this action, and

filing the Notice of Removal within 30 days of service.  These letters were all signed by

the parties or their counsel, and each fully indicates that particular Defendants join in, and

consent to, the removal of this action from Baltimore City Circuit Court to the U.S.

District Court for the District of Maryland based on both federal enclave jurisdiction and

16 U.S.C. §457 jurisdiction.   Each consenting Defendant was provided a copy of the

Removal notice for review prior to giving consent.  Thus, these letters from counsel meet

or exceed every procedural requirement pertaining to joinder and consent, were submitted

by Removing Defendants in both hard copy and electronically to the Office of the Clerk

at the time of removal, and leave absolutely no doubt that all Defendants fully agreed to

the removal of this action.

     This process, whereby joining Defendants provide letters to Removing

Defendants, who in turn submit the letters to the Office of the Clerk at the time of filing

the Notice of Removal, is the current accepted practice of this Court, and had been

sufficient to affirmatively demonstrate unambiguous joinder by co-defendants on

multiple occasions in the past.  For example, such letters were recently submitted to this

Court at the time the Notice of Removal was filed in *McCurdy v. John Crane-Houdaille,*

*Inc.*, et al. (Civil Action: 1:07-cv-2681-AMD) (D. Md.) (filed by counsel for Removing

Defendants in the case *sub judice*), *Shifflett v. AC&R Insulation Co, Inc.*, et al. (Civil

Action: 1:07-cv-2397-WDG) (D. Md.), *Hudson v. Rapid American Corporation*, et al.

(Civil Action: 1:06-cv-03319-JFM) (D. Md.), and *Liming v. AC and S, Inc.*, et al. (Civil

Action: 1:06-cv-3280-JFM) (D.Md.).   Although Motions to Remand were filed by

---

independently or by unambiguously joining in or consenting to another defendant's notice, within the
thirty- day period following service of process."  *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508
(E.D.Va. 1992).

Plaintiff in all four cases, none of the four Motions were granted, and each case was subsequently transferred to the Asbestos MDL Court at the U.S. District Court for the Eastern District of Pennsylvania.[2]

Plaintiffs devote considerable time and energy attempting to impugn the sufficiency and validity of the joinder and consent letters. However, Plaintiffs' arguments are factually and legally erroneous.[3]

---

[2] Plaintiffs' arguments expressing their disdain for the MDL are completely irrelevant to the issues of whether this action was properly removed or whether dismissal is warranted, and thus will not be addressed in this Response.

[3] It should be noted that the Plaintiffs cited to five [5] different unreported opinions throughout their Memorandum, but failed to acknowledge them as "unreported" in their Table of Authorities on pages iv-vi, and completely failed to cite to them as "Not Reported in Fed. Supp...," though Westlaw clearly indicates this to be a part of the citation. These opinions were as follows (correct citations provided, rather than those used by Plaintiffs): *Bedell v. Board of Educ. Of Kent County*, Not Reported in F.Supp.2d, 2006 WL 173677 (D.Md. 2006); *Black & Decker (U.S.) Inc. v. Twin City Fire Ins. Co.*, Not Reported in F.Supp., 1993 WL 56784 (D.Md 1993); *Brown v. Schiefer*, Not Reported in F.Supp.2d WL 2385314 (D.Md. 2006); *Nozick v. Davidson Hotel Co.*, Not Reported in F.Supp.2d, 2004 WL 34873 (D.Md. 2004); *Rosamond v. Garlock Sealing Technologies, Inc.*, Not Reported in F.Supp.2d, 2004 WL 943924 (N.D.Miss. 2004). Plaintiffs do reference them being unreported on page viii.

Plaintiffs utilized four of these opinions on multiple occasions in support of their various arguments without acknowledging them to be unreported. Thus, for example, Plaintiffs cited to *Rosamond v. Garlock Sealing Technologies* at length on page 4, and discussed *Brown v. Schiefer* as primary authority for an argument on page 17, yet failed to acknowledge them as unreported. For the other two opinions, *Bedell v. Board of Educ.*, and *Nozick v. Davidson Hotel Co.*, Plaintiffs indicated that they were unreported on page 11 of their Memorandum; however, Plaintiff also cited to *Bedell* and *Nozick* on page 14, and to *Nozick* again on page 17, without acknowledging them as unreported, and as indicated supra, Plaintiffs did not indicate that they are unreported on their Table of Authorities.

However, even if Plaintiffs had acknowledged that these opinions were unreported, such opinions are not binding precedent in the Fourth Circuit. *See Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va. 1993). Further, the citation of unpublished dispositions issued prior to January 1, 2007 is disfavored. *See* Local Rules of the Fourth Circuit, Local Rule 32.1 (Citation of Unpublished Dispositions). The only time that the use of unpublished opinions issued prior to January 1, 2007 is proper is when their use is essential to establishing res judicata, estoppel, law of the case, or when the opinions have material, precedential value for which there is no published opinion that would serve as well. *Id.* However, none of these opinions was issued after January 1, 2007, and at no point in the current matter have Plaintiffs ever alleged circumstances that might justify Plaintiffs' reference to unpublished opinions.

Finally, this is not an isolated issue, but is indicative of Plaintiffs' misrepresentations throughout their Memorandum In Support. For example, in discussing the Rule of Unanimity (*See* Plaintiffs' Memorandum, Section III B), Plaintiffs argue that an entire line of cases stands for one proposition that would support Plaintiffs' arguments (i.e. that co-defendants are personally required to submit their written consent directly to the court in order to effectuate unanimity in a removal action), when in fact the entire line of cases actually stands for something completely different altogether and inapposite to this matter (i.e. that the mere representation by counsel for one defendant that another defendant had <u>verbally</u> joined in, consented to, or did not object to removal, with nothing more, was insufficient to constitute joinder of that other party).

2.      Plaintiffs misrepresent the case law on the Rule of Unanimity

Plaintiffs have made multiple erroneous arguments pertaining to the Rule of Unanimity, misrepresenting the holdings in the cases which they cite on pages 9-11 of their brief.  The cases cited by Plaintiffs actually stand for the proposition that the mere representation by counsel for one defendant that another defendant had verbally joined in, consented to, or did not object to the removal, with nothing more, was insufficient to constitute joinder of that other party.  This is clearly inapposite with the case *sub judice,* in which every defendant provided a written letter, signed by their counsel or a company officer, expressing the defendants' unambiguous joinder in, and consent to, the removal. Yet Plaintiffs completely ignore the facts of these cases, and instead try to twist their holdings to mean that every defendant must personally sign the Notice of Removal or personally file their own written joinder directly with the district court.  That is simply not the holding of these cases, nor is it the legal standard, and it is a stance contrary to the accepted practices of this Court.

For example, in *Anne Arundel County, Md. v. United Pacific Ins. Co.*, a case upon which Plaintiffs rely heavily (see P.'s Motion to Remand 2, Memorandum In Support 2, 10-11, 14-15), the U.S. District Court for the District of Maryland determined that defendant United Pacific Insurance Company's ["USIP's"] Petition to Remove was defective because it failed to demonstrate that co-defendant Greenman Pedersen, Inc. ["GPI"] had actually joined in the removal.  905 F.Supp. 277, 278-279 (D.Md. 1995). Plaintiffs in the present matter claim that the holding of the Anne Arundel Co. Court was that, "each consenting party must *independently* and *officially* file with the court an unambiguous pleading indicating their consent to or joinder in removal" (Plaintiff's

9

Memo in Support, 9-10; emphasis in original), thereby implying that the case hinged on whether each defendant had personally submitted its own written joinder directly to the court. However, Plaintiffs have incorrectly paraphrased the Court's summary of the law, and have misrepresented the issues involved. The Anne Arundel Co. Court actually stated the following: "In addition, while §1446 does not require that all defendants sign the same notice of removal, it does require that each defendant file a notice of removal, either independently *or by unambiguously joining in or consenting to another defendant's notice*, within the thirty-day period following service of process" (internal citations omitted, emphasis added). *Anne Arundel Co.*, 905 F.Supp. at 278 (*citing Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va. 1992)). Plaintiffs have thus mischaracterized the Court's summary of the law; the Court did not state that each defendant was required to personally submit its own written joinder directly to the Court. Rather, the Court indicated only that the defendants were required to unambiguously join in or consent to the removal in writing.

Moreover, the decision in *Anne Arundel Co.* was actually based on the fact that GPI had, at most, made a verbal representation to UPIC, which was then set forth in writing by UPIC in its papers at the federal court. As the Court stated, "UPIC attempts to avoid this result [remand] by stating that 'upon information and belief GPI does not object to this Petition for removal.'" However, that statement does not constitute sufficient action by GPI to satisfy the requirements of §1446." *Id.* at 279. The Court ultimately concluded that it was basing its decision on a number of authorities, "which require all defendants within thirty days of service either to sign the petition or consent to the removal in writing" (emphasis added). *Id.* The Court never stated, as Plaintiffs in the

present action have implied, that each defendant must personally file its own written joinder directly with the Court.

The other authorities cited by Plaintiffs on the issue of unanimity involve circumstances analogous to *Anne Arundel Co.*, in which courts determined that the unanimity requirement is not satisfied when one party indicates in writing another party's verbal consent (or in some instances where the part argues that another party implicitly consented based on filing answers or motions in federal court, or by failing to object after removal). Such cases are thus inapposite to the present action, in which all proper defendants provided signed letters expressing their unambiguous joinder in the removal within the 30-day time period for removal. In addition to *Anne Arundel Co.*, Plaintiffs rely heavily on two similarly inapposite cases from the Fourth Circuit:  *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va. 1992)(holding that Food Lion's representations that two co-defendants had verbally consented to the removal were insufficient to demonstrate their affirmative and unambiguous desire to have the case removed); and *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236-39 (N.D.W.Va. 1993)(determining that joinder was insufficient when Philadelphia Life Insurance Company's notice of removal represented, without more, that counsel for a co-defendant had consented to the removal; the court held that, "it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf"). Plaintiffs also cite to various unreported opinions from the Fourth Circuit that involve similar situations: *Bedell v. Board of Educ. Of Kent County*, Not Reported in F.Supp.2d, 2006 WL 173677 (D.Md. 2006)(finding that the

removing defendant's statement that, "the other defendants in this case…consent to this removal, and the undersigned has been expressly authorized by their attorney to so state," with nothing more, was insufficient to satisfy unanimity requirement);   *Nozick v. Davidson Hotel Co.*, Not Reported in F.Supp.2d, 2004 WL 34873 (D.Md. 2004)(holding that a co-defendant's verbal consent to removal, given over the phone to counsel for the removing defendant on two separate occasions, did not constitute joinder and consent).

   Plaintiffs also rely on similarly inapposite cases from other circuits.   These include the following cases in which removing counsel represented in a removal petition that another defendant had somehow verbally (or implicitly) consented to removal: *Smith v. Union Nat'l Life*, 187 F.Supp.2d 635, 643-44 (S.D.Miss. 2001)(attorney's representation that "the notice of removal makes it objectively clear that [United National] consented to the removal and does not object to this federal forum" was insufficient to constitute joinder);   *Amteco, Inc. v. BWAY Corp.*, 421 F.Supp.2d 1028, 1032 (E.D.Mo. 2003)(BWAY Corp.'s representation that St. Louis Paint Manufacturing Company had orally consented to removal was not sufficient under the removal statute; *Ogletree v. Barnes*, 851 F.Supp. 184, 187, 190 (E.D.Pa. 1994)(representations in a notice of removal that "all defendants to this action consent to its removal to federal District Court," with nothing else from two co-defendants, did not satisfy "rule of unanimity"); *Nathe v. Pottenberg*, 931 F.Supp. 822, 824-25 (M.D.Fla. 1995)(joinder was not satisfied when the counsel for two removing defendants averred in the notice of removal that "he has spoken with a representative of Hartford [Insurance Company of the Midwest] and has been advised that Hartford consents to the removal of this action," nor was it satisfied when Hartford filed an answer in federal court);   *Landman v. Borough of Bristol*, 896

F.Supp. 406 (E.D.Pa. 1995)(finding that the Borough of Bristol had not provided its consent within 30 days based simply on Amtrak asserting in its removal petition that Bristol consented to the removal, with nothing more, or based on Bristol filing an answer in federal court); *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460, 461 (E.D.Mich. 1990)(defendant Jonick's removal notice held defective after it simply represented in its removal petition, with nothing more, that co-defendant Chrysler Corp. "does not object to the removal of this action and once removal is effected, they would be willing to litigate this matter in Federal Court"); *Henderson v. Holmes*, 920 F.Supp. 1184, 1186-88 (D.Kan. 1996)(Ford Motor Company's notice of removal held procedurally defective when it simply stated that co-defendant Darren Holmes did not object to removal and had given his consent, with nothing more); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074-75 (E.D.Wis. 1993)(Maryland Casualty Company's mere assertion in the notice of removal that co-defendant Northbrook Property and Casualty Company's consent to the removal was insufficient to demonstrate joinder of Northbrook to removal, as was the fact that Northbrook had filed an answer in federal court); *Spillers v. Tillman*, 959 F.Supp. 364 (S.D.Miss. 1997)(a removing physician's assertion in his Notice of Removal that the "defendants" are filing the removal does not demonstrate joinder and consent by the co-defendant hospital, nor does the fact that the hospital filed an answer and motion to dismiss in federal court); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)(assertion by a removing defendant in a notice of removal that a co-defendant had not been served, when co-defendant actually had been served two days before removal, but had submitted nothing in writing within 30 days of service, "could render removal improvident within the meaning of 28 U.S.C §1447(c)").

These cases simply do not involve the situation which occurred in the case *sub judice*, where all defendants provided their unambiguous written joinder and consent to removal.

     3.      <u>Bondex, Owens-Illinois and Hampshire each sufficiently expressed its joinder and consent to removal.</u>

Plaintiffs argue that "Defendants Bondex, Owens-Illinois and Hampshire expressly denied consent to the removal in their unofficial letters to counsel for Garlock." *See* Plaintiff's Memorandum, 16. This argument is groundless and blatantly false.

Prior to removal, using all due diligence, counsel for Bondex, OI and Hampshire was unable to ascertain that it had been properly served in this matter. Indeed, Plaintiffs concede that Hampshire's counsel was not served until August 21, 2008, the very day the Notice of Removal was filed in the case *sub judice*.

Notwithstanding the suspect timing of service, Defendants Bondex, OI and Hampshire each sufficiently expressed its joinder and consent to the removal of this action by absolutely and unconditionally agreeing to join in, and consent to, the removal of this action from State Court to U.S. District Court. Specifically, Defendants Bondex, OI and Hampshire each agreed they would "join in, and consent to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. §457 jurisdiction" if and when properly served by Plaintiff. *See* Exhibit 3, Letter from Jeannie P. Kauffman, counsel for Bondex, dated August 14, 2008; Exhibit 4, Letter from Steven A. Luxton, counsel for Owens-Illinois, dated August 18, 2008; and Exhibit 5, Letter from Malcolm S. Brisker, counsel for Hampshire, dated August 19, 2008. Each of these statements was provided

14

electronically and in hard copy to the Office of the Clerk at the time the Notice of Removal was filed. These statements are clear and unambiguous.

Thus, once again, the aforementioned cases erroneously relied upon by Plaintiff in its Memorandum simply do not involve the situation which occurred in the case *sub judice*, where all defendants provided their unambiguous written joinder and consent to removal. Consent in the case *sub judice* was not limited to merely verbal agreements.

## B. THE U.S. DISTRICT COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER

### 1. Plaintiffs' Interrogatory Response provided the grounds for removal.

Under Federal law, the period in which a defendant may remove an action begins to run from the point in time in which the defendant is first put on notice that the case is removable. *Lovern v. General Motors Corp.*, 121 F.3d 160; 1997 U.S. App. LEXIS 21469 The information that Plaintiffs did choose to disclose in their Answers to Interrogatories on August 21, 2008 made clear that Mr. Young was allegedly exposed to asbestos for nearly thirty years on an exclusive federal enclave, the National Institutes of Health. This site was an exclusive federal enclave during the timeframe of Mr. Young's alleged exposures. Upon providing this Answer, Plaintiffs effectively put Defendants on notice that this action was removable under federal question jurisdiction, thereby starting the clock on Defendants' narrow, 30-day window, during which they are statutorily granted the right to remove the case from state to federal court pursuant to 28 U.S.C. §§1441 and 1446. If Defendants had failed to remove the action within 30 days of receiving such notice, they likely would have lost their right of removal forever on these grounds. As the record notes, Defendants removed this action on August 21, 2008, the very day Plaintiffs chose to disclose their Answers to Interrogatories. Defendants

removal under federal jurisdiction on August 21, 2008, was also within 30 days of the Plaintiffs Complaint being filed on July 24, 2008.

    **2.**    **The only papers that can be considered in assessing the removability of this action are those provided by Plaintiffs prior to removal.**

The law is well settled in all federal circuits that have decided the issue, including the Fourth Circuit, that in assessing the removability of an action, a defendant is not under any duty to investigate or make further inquiry beyond the papers submitted by plaintiffs; rather, the defendant is entitled to rely upon what is contained in the "four corners" of the Complaint or other papers that had been provided to defendant at the time of removal. *Lovern*, 121 F.3d at 162. As the Fourth Circuit stated in *Lovern*,

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper. This test we adopt is consistent with that espoused by the Third and Fifth Circuits. *See Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir. 1993); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). (citations in original), 121 F.3d at 162.

*See also Harris v. Bankers Life and Casualty Company*, 425 F.3d at 694 (9th Cir. 2005)(in holding that it would follow the law of the other circuit courts that had examined the issue, the Ninth Circuit states, "we now conclude that notice of removability under §1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry") (emphasis added).

16

Thus once an action has been removed, a plaintiff is not permitted to supplement the record in an effort to defeat the removal and secure a remand; instead, in assessing removal jurisdiction, the Court should only consider that which was known to the defendant at the time of removal. *See, e.g., Harris*, 425 F.3d at 689; *Chapman v. Powermatic*, 969 F.2d 160 (5th Cir. 1992); *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48 (3e Cir. 1993); *Lovern*, 121 F.3d at 162.  This result is logical, considering that removal jurisdiction attaches at the time of removal, and subsequent events cannot deprive the federal district court of jurisdiction. *Harding v. U.S. Figure Skating Ass'n*, 851 F.Supp. 1476 (D.Or. 1994).

Therefore, in the matter *sub judice*, the only allegations of particular exposure that can be considered as to removal are those available within the "four-corners" of the papers which Plaintiffs had provided Defendants prior to removal.  As such, all new details and argument contained in Plaintiffs' Memorandum pertaining to Mr. Young's alleged lack of exposure at NIH (federal enclave) cannot be considered as this information was submitted to the Defendants for the first time following removal. Notwithstanding this fact, as noted above, Plaintiffs have argued and asserted that Mr. Young was allegedly exposed to numerous asbestos-containing products for nearly thirty years at the National Institutes of Health in their Answers to Interrogatories on August 21, 2008.

Moreover, Plaintiff's argument that Garlock has ignored Mr. Young's work at non-enclave sites is without merit.  Plaintiff simply asserts in its Answer to Interrogatory No. 88 that Mr. Young also "may have been exposed to asbestos-containing products used in conjunction with the boiler at his father's laundry business in Arkansas."

Inextricably, Plaintiff argues that this matter should be precluded from federal jurisdiction based on this "potential" exposure to which no further information is provided.  In contrast, Plaintiff goes into great detail in identifying the numerous alleged exposures Mr. Young incurred while working at NIH from 1953-1980 in various positions including building engineer, senior building engineer, assistant unit chief, and unit chief."  (*See* Exhibit 1).  With respect to the NIH, Plaintiff's Answer to Interrogatory No. 88 subsequently provides that "Plaintiff believes that he was exposed to products which he used in the performance of maintenance and repairs in the course of his job and which other NIH employees and contractors used at NIH during these times.  Plaintiff may have been exposed to asbestos from: fireproofing, pipecovering, block, cement, drywall joint compound, gaskets, packing, floor tiles, ceiling tiles and other asbestos containing products.  Plaintiff also believes that he was exposed to asbestos containing materials that may have been used to insulate machinery and/or that was used in conjunction with machinery and tools."  *Id.*  Moreover, Plaintiff identified in its Answer to Interrogatory No. 11 that Mr. Young "ha[d] to remove insulation when performing repair work and maintenance on pipes and valves during the course of his work at NIH. He also worked around other NIH personnel and contractors performing renovations and new construction in the buildings under his charge at NIH."  *See* Exhibit 6, Plaintiffs' Response to Interrogatory No. 11.  Furthermore, Plaintiff also identified that while working at NIH, "he made rounds in the building which housed monkeys for *scientific research*."  *See* Exhibit 7, Plaintiffs' Response to Interrogatory No. 13 (emphasis added).

18

3.      **The National Institutes of Health is an Exclusive Federal Enclave.**

The National Institutes of Health ("NIH") is an exclusive federal enclave.  The

NIH is an agency of the U.S. Department of Health and Human Services.  42 U.S.C.A.

§281.  The NIH is also an agency of the Public Health Service.  42 U.S.C.A. §202 and

§281.  The main NIH campus is located at 9000 Rockville Pike, Bethesda, Maryland

20892.  http://www.nih.gov (last visited October 6, 2008).  The property occupied by the

NIH at this address is owned by the United States Government.  Maryland Department of

Assessments and Taxation Real Property Data Search, Map HP21, Parcel P598.

http://www.dat.state.md.us/

Furthermore, an excerpt of the Inventory Report indicates that NIH is a federal

property located in Montgomery County, Maryland.  The Inventory Report further

indicates that NIH is a federal property over which the Federal Government exercises

exclusive legislative jurisdiction, that the Federal Government acquired the property

between 1935 and 1942, and that the legislative authority granting the Federal

Government exclusive legislative jurisdiction over NIH was Maryland Laws 1953,

Chapter 128.

Additionally, because the land at NIH was acquired both before and after the

Federal Government adopted 40 U.S.C. §255 in 1940, the Federal Government acquired

exclusive jurisdiction over those lands acquired between 1935 and 1940 as of the date

acquired, and exclusive jurisdiction over the remainder in 1955.  *See Inventory Report* ,

63 Md. Op Att. Gen. 332, 1978 WL 33745 (Md.A.G.).  Federal law applies not only to its

founding and organization but also to the administration, operation and security of the

NIH.  The Director of the NIH is appointed by the President with advice and consent of

the Senate.  42 U.S.C.A. §282(a).  The duties and responsibilities of the Director of the

NIH are codified at 41 U.S.C.A. §282(b).  The Director of the NIH has available a

discretionary fund to carry out activities authorized under statute for, among other things,

research meeting certain criteria and for the purchasing or renting of equipment for

activities of various research institutes.  42 U.S.C.A. §282(i).  Appropriations are also

available for, among other things, the maintenance of NIH buildings.  42 U.S.C.A.

§282(f).  Additionally, the Director of the NIH also manages the National Institutes of

Health Management Fund.  The use of this fund is for the purpose of facilitating the

economical and efficient conduct of operations in the NIH under certain criteria.  42

U.S.C.A. §290.

Moreover, and most compelling, is the fact that federal case law makes clear that

NIH is a federal enclave for federal jurisdiction purposes.   The United States Supreme

Court has recognized that the NIH is a federal reservation or enclave.  In *Evans v.

Cornman*, 398 U.S. 419 (1970), the Court was asked to determine whether residents who

lived on the grounds of the NIH, "a federal reservation or enclave within the geographical

boundaries of Montgomery County, MD", should be permitted to vote in Maryland.  *Id.*

The Court held that "residents of the NIH grounds are just as interested in and connected

with electoral decisions as they were prior to 1953 when the area came under federal

jurisdiction." *Id.*, at 426.  In his 1970 opinion in *Evans*, Justice Marshall wrote the

following:

> Under Art. I, s 8, cl. 17, of the United States Constitution, Congress
> is empowered to 'exercise exclusive Legislation in all Cases
> whatsoever over all Places purchased by the Consent of the
> Legislature of the State in which the Same shall be, for the Erection
> of Forts, Magazines, Arsenals, dock-Yards, and other needful
> Buildings.'  **NIH, a medical research facility owned and**

**operated by the United States Government, is one of the places subject to that congressional power.** The facility commenced operation more than 30 years ago, when land was purchased and residential buildings were built to allow scientists and doctors to live near their work. **It did not become a federal reservation, however, until 1953 when the State of Maryland ceded jurisdiction over the property to the United States.**

398 U.S. 419, 421 (1970) (emphasis added), Md.Ann.Code, Art. 96, s 34.

Thus, despite Plaintiffs' arguments, it is clear that the U.S. District Court has jurisdiction over any of Mr. Young's alleged harms occurring at the NIH, as proffered by the U.S. Supreme Court.

**III.    CONCLUSION**

The U.S. District Court has original jurisdiction over this action under both federal enclave jurisdiction and 16 U.S.C. §457 jurisdiction, and thus removal of this action was appropriate under 28 U.S.C. §1441. Furthermore, Defendants fully adhered to all of the procedural requirements set forth in 28 U.S.C. §§1441 and 1446. As such, the removal of this action was proper, and Plaintiffs' Motion for Remand should be denied on all procedural and substantive grounds.

WHEREFORE, Removing Defendants respectfully request that this Court hold a hearing on this matter.

/s/ *Thomas P. Bernier*
Thomas P. Bernier
Federal Bar # 2141
Gregory S. Savage
Federal Bar # 27008
SEGAL, MCCAMBRIDGE, SINGER
& MAHONEY, LTD.
One North Charles Street
Suite 2500
Baltimore, MD  21201
Phone:    410-779-3960

21

Fax:        410-779-3967

Attorneys for:
Defendant Garlock Sealing
Technologies, LLC


## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of October, the foregoing Response in

Opposition to Plaintiff's Motion for Remand was electronically filed and served on all

counsel of record.


*/s/ Thomas P. Bernier*
Thomas P. Bernier

DEFENDANT'S
EXHIBIT
2

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES ROWLAND YOUNG, *et ux.* | * | Civil Action:  Asbestos |
| Plaintiffs | * | Civil Action:  1:08-cv-2200 |
| vs. | * | |
| A.C. & R INSULATION CO., INC., et al. | * | |
| Defendants | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### JOINT STATEMENT

Defendant, Garlock Sealing Technologies, LLC (hereinafter, "Garlock"), in response to the Standing Order Concerning Removal issued by this Court on September 19, 2008, hereby submit the following Joint Statement on behalf of all removing Defendants:

1.     All proper Defendants in this action were served with the complaint on or after August 1, 2008.  Proofs of service for all Defendants, as originally filed by Plaintiffs in Baltimore City Circuit Court on September 17, 2008 under Transaction ID No. 21564389 (and subsequently filed under docket entry No. 55 in this Court), are provided at **Exhibit 1**.

2.     This action was removed within 30 days of the date that the first Defendants were served with a copy of the complaint; the first service occurred on August 1, 2008, and the case was timely removed on August 21, 2008.

3.     Every proper Defendant that had been served with the complaint formally joined in and consented to the action's removal to the U.S. District Court for the District of Maryland prior to the time that Garlock Sealing Technologies, LLC filed the Notice of



Case MDL No. 875    Document 5656    Filed 10/17/08    Page 72 of 111
Case 1:08-cv-02200-JFM    Document 72-3    Filed 10/06/2008    Page 2 of 30
Case 1:08-cv-02200-JFM    Document 71    Filed 10/06/2008    Page 2 of 3

Removal on August 21, 2008. These joinder and consent letters were filed previously with this Court, and appear at docket entries Nos. 2 & 3, 'Consent to Remaval...'

    4.    John J. Kirlin, LLC was not served with the complaint prior to removal. Notwithstanding, included with the letters filed previously with this Court at docket entry No. 3 is a letter from John J. Kirlin, LLC indicating that it will join in and consent to the removal of this action once John J. Kirlin, LLC has been properly served with the complaint.

    5.    Hampshire Industries, Inc. was not served with the complaint prior to removal. Notwithstanding, included with the letters filed previously with this Court at docket entry No. 3 is a letter from Hampshire Industries, Inc. indicating that it will join in and consent to the removal of this action once Hampshire Industries, Inc. has been properly served with the complaint.

    6.    After due diligence, Bondex International, Inc. did not believe it was served with the complaint prior to removal. Notwithstanding, included with the letters filed previously with this Court at docket entry No. 3 is a letter from Bondex International, Inc. indicating that it will join in and consent to the removal of this action once Bondex International, Inc. has been properly served with the complaint.

    7.    After due diligence, Owens-Illinois, Inc. did not believe it was served with the complaint prior to removal. Notwithstanding, included with the letters filed previously with this Court at docket entry No. 3 is a letter from Owens-Illinois, Inc. indicating that it will join in and consent to the removal of this action once Owens-Illinois, Inc. has been properly served with the complaint.

Case MDL No. 875   Document 5656   Filed 10/17/08   Page 73 of 111
Case 1:08-cv-02200-JFM     Document 72-3     Filed 10/06/2008     Page 3 of 30
Case 1:08-cv-02200-JFM     Document 71     Filed 10/06/2008     Page 3 of 3

8.     All removing Defendants which remain in the case have reviewed and

approved this Joint Statement.  See correspondence from counsel at **Exhibit 2**.


/s/ *Thomas P. Bernier*

Thomas P. Bernier
Federal Bar # 2141

Gregory S. Savage
Federal Bar # 27008

SEGAL, MCCAMBRIDGE, SINGER
& MAHONEY, LTD.
One North Charles Street
Suite 2500
Baltimore, MD  21201
Phone:    410-779-3960
Fax:       410-779-3967

Attorneys for Defendant
Garlock Sealing Technologies, LLC

Case MDL No. 875   Document 5656   Filed 10/17/08   Page 74 of 111
Case 1:08-cv-02200-JFM    Document 72-3    Filed 10/06/2008    Page 4 of 30
Case 1:08-cv-02200-JFM    Document 71-2    Filed 10/06/2008    Page 1 of 10

# Exhibit 1

Case MDL No. 875   Document 5656   Filed 10/17/08   Page 75 of 111
Case 1:08-cv-02200-JFM   Document 72-3   Filed 10/06/2008   Page 5 of 30
Case 1:08-cv-02200-JFM   Document 71-2   Filed 10/06/2008   Page 2 of 10

EFiled
Sep 17 2008 11:51AMEDT
Transaction ID 21564389

## IN THE CIRCUIT COURT FOR BALTIMORE CITY

IN RE:  BALTIMORE CITY       *
   ASBESTOS LITIGATION

                           *

*   *   *   *   *   *   *   *   *   *   *   *   *

                           *

JAMES ROWLA ND YOUNG, et *al.*

      **Plaintiffs,**            *

vs.                          *          Case No.: 24x08000343

A.C. & R. INSULATION CO., INC.., *et al.*     *

      **Defendants.**           *

*   *   *   *   *   *   *   *   *   *   *   *   *

### PROOF OF SERVICE

Plaintiff states that service of process was executed on the following Defendants on the dates listed below.  Attached as Exhibit "A" is a photo copy of the certified Return Receipts Received via USMAIL by the Ruckdeschel Law Firm, LLC.

| Company | Registered Agent | Date Served | Date Return Receipt Received |
|---|---|---|---|
| A.C. & R. Insulation Co., Inc. | SERVE: Kathryn Sacco Duyer, Esq. | 8/1/2008 | 8/4/2008 |
| A.W. Chesterton Company | SERVE: Joseph Riley | 8/4/2008 | 8/6/2008 |
| Anchor Packing Company | SERVE: CT Corporation System | 8/4/2008 | 8/7/2008 |
| Bondex International, Inc. | SERVE: President/Resident Agent | 8/5/2008 | 8/11/2008 |
| Crane Company, Inc. | SERVE: Eric C. Fast, President/CEO | 8/12/2008 | 8/15/2008 |
| Crown Cork & Seal Company, Inc. | SERVE: CT Corporation System | 8/4/2008 | 8/5/2008 |
| Garlock Sealing Technologies, LLC | SERVE: CT Corporation System | 8/4/2008 | 8/7/2008 |
| Georgia-Pacific Corporation | SERVE: CT Corporation System | 8/4/2008 | 8/5/2008 |
| Goodyear Tire & Rubber Company | SERVE: CSC Corp. | 8/4/2008 | 8/5/2008 |
| Hampshire Industires, Inc. | SERVE: Charles E. Fry, Jr. | 8/21/2008 | 8/22/2008 |
| JJK Group, Inc. | SERVE: The Prentice-Hall Corporation System | 8/25/2008 | 8/26/2008 |

Case MDL No. 875   Document 5656   Filed 10/17/08   Page 76 of 111
Case 1:08-cv-02200-JFM      Document 72-3      Filed 10/06/2008      Page 6 of 30
Case 1:08-cv-02200-JFM      Document 71-2      Filed 10/06/2008      Page 3 of 10

| John Crane, Inc. | SERVE: CT Corporation System | 8/4/2008 | 8/5/2008 |
| John J. Kirlin, LLC | SERVE: Resident Agent | 8/22/2008 | 8/23/2008 |
| Kaiser Gypsum Company, Inc. | SERVE: CT Corporation System | 8/4/2008 | 8/7/2008 |
| Metropolitan Life Insurance, Co. | SERVE: President | 8/5/2008 | 8/7/2008 |
| Metropolitan Life Insurance, Co. | SERVE: Ralph S. Tyler, Commissioner | 8/5/2008 | 8/8/2008 |
| Owens Illinois, Inc. | SERVE: CT Corporation System | 8/15/2008 | 8/18/2008 |
| Rapid-American Corporation | SERVE: CSC Corp. | 8/4/2008 | 8/6/2008 |
| The Walter E. Campbell Company | SERVE: Michael C. Gibbons | 8/5/2008 | 8/6/2008 |

/s/ Dawn P. O'Croinin
Jonathan Ruckdeschel, Esq.
Z. Stephen Horvat, Esq.
Dawn P. O'Croinin, Esq.
THE RUCKDESCHEL LAW FIRM, LLC
5126 Dorsey Hall Drive, Suite 201
Ellicott City, Maryland 21042
(410) 884-7825 [O]
(443) 583-0430 [F]
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, a copy of the foregoing Proof

of Service was filed electronically upon all Counsel of Record via LexisNexis File and Serve.

/s/ Dawn P. O'Croinin
Dawn P. O'Croinin

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X P. H. Burke         Sep 17 2008 11:51AMEDT
                      Transaction ID 21564389

B. Received by (Printed Name)   C. Date of Delivery
L. G. Burke                     8/1/08

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

A.C. & R. Insulation Co., Inc.
SERVE: Kathryn Sacco Duyer, Esq.
Gavett and Datt, PC
15850 Crabbs Branch Way, Ste. 180
Rockville, MD 20855-2628

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number   7007 3020 0001 9673 6971

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Vernon Kotula        ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

AUG 4

1. Article Addressed to:

A.W. Chesterton Company
SERVE: Joseph Riley
500 Unicorn Drive, 5th Floor
Woburn, MA 01801

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number   7007 3020 0001 9673 6995

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Scott Sulasata       ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
AUG 4 2008

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Anchor Packing Company
SERVE: CT Corporation System
1209 Orange Street
Wilmington, DE 19801

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number   7007 3020 0001 9673 6988

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
8/8/08

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Bondex International, Inc.
SERVE: President/Resident Agent
707 Spirit 40 Park Dr.
Suite 130
Chesterfield, MO 63005

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☒ Yes

2. Article Number  7007 3020 0001 9673 7008

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _John W. Newman_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
John W. Newman  8/12/08

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Crane Company, Inc.
SERVE: Eric C. Fast, President/CEO
100 First Stamford Place
Stamford, CT 06902

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☒ Yes

2. Article Number  7007 3020 0001 9673 7015

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☒ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
PAUL SIMON

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Crown Cork & Seal Company, Inc.
SERVE: CT Corporation System
300 E. Lombard St.
Baltimore, MD 21202

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☒ Yes

2. Article Number  7007 3020 0001 9673 7022

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Garlock Sealing Technologies, LLC
SERVE: CT Corporation System
1209 Orange Street
Wilmington, DE 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ □ Agent
□ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
AUG 2 2006

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered   ☑ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. 7007 3020 0001 9673 7039

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Georgia-Pacific Corporation
SERVE: CT Corporation System
300 E. Lombard St.
Baltimore, MD 21202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
_____ □ Agent
□ Addressee

B. Received by (Printed Name)   C. Date of Delivery
PAUL SIMONSKY

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered   ☑ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

7007 3020 0001 9673 7046

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Goodyear Tire & Rubber Company
SERVE: CSC Corp.
11 E. Chase St.
Baltimore, MD 21202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
NANCY GRUENINGER   □ Agent
□ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered   ☑ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

7007 3020 0001 9673 7053

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hampshire Industries, Inc.
SERVE: Registered Agent,
Charles E. Fry, Jr.
330 West 24th Street
Baltimore, MD 21211

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
8-0-1-08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
7007 3020 0001 9673 7206

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JJK GROUP, INC.
SERVE: THE PRENTICE-HALL
CORPORATION SYSTEM
7 ST. PAUL STREET, SUITE 1660
BALTIMORE, MD 21202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X NANCY GRUENINGER

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Nancy Grueninger  8/25/08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
7007 3020 0001 9673 7244

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John Crane, Inc.
SERVE: CT Corporation System
300 E. Lombard St.
Baltimore, MD 21202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
PAUL SIM  8/1/00

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
7007 3020 0001 9673 7060

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John J. Kirlin, LLC
SERVE: CSC-Lawyers Incorporating
Service Co.
7 St. Paul Street
Suite 1600
Baltimore, MD 21202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
AUG 2 2 2008

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☑ Yes

2. Article Number
7007 3020 0001 9673 7213

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kaiser Gypsum Company, Inc.
SERVE: CT Corporation System
818 W. 7th Street
Suite 1004
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Rudy Rivera ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
RUDY RIVERA

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☑ Yes

2. Article Number
7007 3020 0001 9673 7077

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Metropolitan Life Insurance, Co.
SERVE: President
1 Madison Ave.
New York, NY 10010

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X F. Green ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
F. Green

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☑ Yes

2. Article Number
7007 3020 0001 9673 7084

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Metropolitan Life Insurance, Co.
SERVE: Ralph S. Tyler, Commissioner
St. of Maryland Insurance Division
525 St. Paul Place
Baltimore, MD 21202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                            □ Agent
                                             □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

RECEIVED

AUG 05 2008

MARYLAND INSURANCE
ADMINISTRATION

3. Service Type
   ☑ Certified Mail   □ Express Mail
   □ Registered       ☑ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number   7007 3020 0001 9673 7091

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Owens-Illinois, Inc.
SERVE: Registered Agent/ President
One Michael Owens Way
Perrysberg, Ohio 43551-2999

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   Fred Whitley                             □ Agent
                                             □ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   FRED WHITLEY

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ☑ Certified Mail   □ Express Mail
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number   7007 3020 0001 9673 7190

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rapid-American Corporation
SERVE: CSC Corp.
2711 Centerville Rd. Ste 400
Wilmington, DE 19808

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                            □ Agent
                                             □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

WILMINGTON
AUG 05 2008
USPS

3. Service Type
   ☑ Certified Mail   □ Express Mail
   □ Registered       ☑ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number   7007 3020 0001 9673 7114

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Walter E. Campbell Company
SERVE: Michael C. Gibbons
361 Berkshire Drive
Riva, MD 21140

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

7007 3020 0001 9673 7121

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# Exhibit 2

## Karen T. Everest

**From:**     Kathy Duyer [kduyer@gavettdatt.com]

**Sent:**     Monday, October 06, 2008 11:00 AM

**To:**       Karen T. Everest

**Subject:** James Rowland Young Joint Statement

Dear Mr. Savage:

My firm represents Defendant AC&R Insulation Co., Inc. in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formerly Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008.  AC&R Insulation Co., Inc. hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,
Katherine S. Duyer

Katherine S. Duyer
Attorney
Gavett and Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD  20855
www.gavettdatt.com
Tele: 301-948-1177
Fax: 301-948-4334
Email: kduyer@gavettdatt.com

This email message and any attachment to this email message contains confidential information belonging to the sender which is legally privileged and intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are requested to notify us by return email or by telephone at 301-948-1177 and to delete this email message and any attachments.  Unauthorized disclosure, conversion to hard copy, copying, distribution, retransmission, or the taking of any action in reliance on the contents of this email message or any attachments to it is strictly prohibited and may violate Federal and state law.

10/6/2008

## Karen T. Everest

**From:**  Roberts, Theodore F. [TRoberts@Venable.com]
**Sent:**  Monday, October 06, 2008 12:30 PM
**To:**  Karen T. Everest
**Subject:** James Rowland Young

Dear Ms. Savage:

My firm represents The Goodyear Tire & Rubber Company in the James Rowland Young matter in the U.S.
District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Roland Young v. AC&R Insulation
Co., Inc. (formally Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant
joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U.S. District Court
for the District of Maryland prior to the time the case was removed on August 21, 2008. This Defendant hereby
approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing
Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

Theodore F. Roberts

```
*********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed un
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide th
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirement
form and substance.
*********************************************************************
*********************************************************************
This electronic mail transmission may contain confidential or privileged information
you believe you have received this message in error, please notify the sender by rep
transmission and delete the message without copying or disclosing it.
*********************************************************************
```

**Karen T. Everest**

| | |
|---|---|
| **From:** | Cellucci, Laura A. [LCELLUCCI@milesstockbridge.com] |
| **Sent:** | Monday, October 06, 2008 11:02 AM |
| **To:** | Gregory S. Savage |
| **Cc:** | Karen T. Everest |
| **Subject:** | James Roland Young |

Dear Mr. Savage:

My firm represents Defendant, Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation, in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant Joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008. This client hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

Laura A. Cellucci

*/s/ Laura A. Cellucci*
**Miles & Stockbridge P.C.**
**10 Light Street**
**Baltimore, MD  21202**
**Direct (410) 385-3867**
lcellucci@milesstockbridge.com

---

In accordance with Internal Revenue Service rules, any federal tax advice provided in this communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties. Confidentiality Notice:
This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

---

Secure Upload/Download files click here.

10/6/2008

## Karen T. Everest

**From:**     Roberts, Theodore F. [TRoberts@Venable.com]

**Sent:**     Monday, October 06, 2008 12:29 PM

**To:**       Karen T. Everest

**Cc:**       Zemil, Brian A.; Sullivan, Cindy F.

**Subject:** James Rowland Young

Dear Ms. Savage:

My firm represents Crown Cork & Seal Company, Inc. in the James Rowland Young matter in the U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Roland Young v. AC&R Insulation Co., Inc. (formally Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U.S. District Court for the District of Maryland prior to the time the case was removed on August 21, 2008. This Defendant hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

Theodore F. Roberts

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed un
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide th
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirement
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic mail transmission may contain confidential or privileged information
you believe you have received this message in error, please notify the sender by rep
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ROYSTON, MUELLER, McLEAN & REID, LLP**
ATTORNEYS AT LAW
SUITE 600
THE ROYSTON BUILDING
102 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4575

————

(410)823-1800
TELECOPIER FAX (410) 583-7434
KTRUFFER@RMMR.COM

KEITH R. TRUFFER

October 6, 2008

Gregory S. Savage, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, MD  21201

Dear Mr. Savage:

My firm represents Defendant, A. W. Chesterton, in the James Rowland
Young matter in U.S. District Court for the District of Maryland, Case No.  1:08-
cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al.
(formally Circuit Court for Baltimore City Case No.  24X08000343). The above-
mentioned Defendant Joined in and consented to removal of this action from the
Circuit Court for Baltimore City to the U. S. District Court for the District of
Maryland prior to the time that the case was removed on August 21, 2008.  My
client hereby approves the Joint Statement that Garlock Sealing Technologies,
LLC has prepared in response to the Standing Order Concerning Removal, which
was issued by this Court on September 19, 2008.

Sincerely,

/S/  Keith R. Truffer

**Karen T. Everest**

| | |
|---|---|
| **From:** | Roberts, Theodore F. [TRoberts@Venable.com] |
| **Sent:** | Monday, October 06, 2008 12:28 PM |
| **To:** | Karen T. Everest |
| **Cc:** | Sullivan, Cindy F.; Zemil, Brian A. |
| **Subject:** | James Rowland Young |

Dear Ms. Savage:

    My firm represents Rapid American Corporation in the James Rowland Young matter in the U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Roland Young v. AC&R Insulation Co., Inc. (formally Circuit Court for Baltimore City Case No. 24X08000343).  The above-mentioned Defendant joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U.S. District Court for the District of Maryland prior to the time the case was removed on August 21, 2008.  This Defendant hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

                    Sincerely,

                    Theodore F. Roberts

*****************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed un
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide th
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirement
form and substance.
*****************************************************************
*****************************************************************
This electronic mail transmission may contain confidential or privileged information
you believe you have received this message in error, please notify the sender by rep
transmission and delete the message without copying or disclosing it.
*****************************************************************

## LAW OFFICES OF RICHARD L. FLAX, LLC

▲

Suite 500
29 West Susquehanna Avenue
BALTIMORE, MARYLAND 21204

(410) 561-6451
FACSIMILE (443) 927-8916

RICHARD L. FLAX (MD, DC)                                       E-Mail: richard.flax@zgf-law.com
Cell Phone: (410) 303-2309

October 6, 2008

Gregory S. Savage, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

Re:   James Rowland Young, et ux.  v. A.C. & R. Insulation Co., Inc., et al.,
U.S. District Court for the District of Maryland (Case No.: 1:08-cv-02200-JFM)

Dear Mr. Savage:

My firm represents Defendant, Walter E. Campbell Company, Inc., in the James Rowland
Young matter in U.S. District Court for the District of Maryland, Case No.  1:08-cv-02200-JFM,
James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for
Baltimore City Case No.  24X08000343).

The above-mentioned Defendant Joined in and consented to removal of this action from
the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior
to the time that the case was removed on August 21, 2008.  This client hereby approves the Joint
Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing
Order Concerning Removal, which was issued by this Court on September 19, 2008.

Very truly yours,

/S/ Richard L. Flax

Richard L. Flax

## Karen T. Everest

**From:**     Ben Whetzel
**Sent:**     Monday, October 06, 2008 12:26 PM
**To:**       Gregory S. Savage
**Cc:**       Karen T. Everest
**Subject:** Joint Statement Re: James R. Young Case

Dear Mr. Savage.

My firm represents Defendant, Anchor Packing Company, in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant Joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008.  This client hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

- Ben

Benjamin D. Whetzel, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
One North Charles Street, Suite 2500
Baltimore, MD 21201
Main:  410-779-3960
Direct: 410-864-1206
Fax:   410-779-3967
www.smsm.com

## Karen T. Everest

**From:** Danielle Grilli Marcus [dmarcus@pawoolson.com]
**Sent:** Monday, October 06, 2008 11:53 AM
**To:** Gregory S. Savage
**Cc:** Karen T. Everest; Peter Woolson
**Subject:** Approval of Joint Statement in James Rowland Young, Case No.: 1:08-cv-02200-JFM

Dear Mr. Savage:

My firm represents Defendant, John Crane Inc., in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formerly Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant Joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008. This client hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

Peter A. Woolson

P.A. Woolson, P.A.
217 E. Redwood Street, Suite 1500
Baltimore, Maryland 21202
Phone: (410) 625-0000
Facsimile: (410) 625-0201
Attorneys for John Crane Inc.

1

Case MDL No. 875    Document 5656    Filed 10/17/08    Page 94 of 111

Case 1:08-cv-02200-JFM    Document 72-3    Filed 10/06/2008    Page 24 of 30

Approval of Joint Statement on behalf of Crane Co.    Filed 10/06/2008    Page 11 of 17    Page 1 of 1
Case 1:08-cv-02200-JFM    Document 71-3

## Karen T. Everest

**From:** Rachelle Schofield [RSchofield@hartelkane.com]
**Sent:** Monday, October 06, 2008 11:44 AM
**To:** Gregory S. Savage
**Cc:** Karen T. Everest
**Subject:** Approval of Joint Statement on behalf of Crane Co.

Dear Mr. Savage,

My firm represents Defendant Crane Co. in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for Baltimore City Case No. 24X08000343). Defendant Crane Co. joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008. Moreover, Crane Co. hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

Rachelle A. Schofield, Esq.
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
telephone: 301.486.1200
facsimile: 301.486.0935
email: rschofield@hartelkane.com

This e-mail message is intended only for the person or entity to which
it is addressed and may contain confidential and/or privileged material.
Any unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender by
reply e-mail and destroy all copies of the original message. If you are
the intended recipient but do not wish to receive communications through
this medium, please so advise the sender immediately.

## Karen T. Everest

**From:**    Crowe, Donna M. [dcrowe@bradleyarant.com]
**Sent:**    Monday, October 06, 2008 11:29 AM
**To:**    Gregory S. Savage
**Cc:**    Karen T. Everest; Brown, T. Michael; Mitchell, Chip; Crowe, Donna M.; Patin, Douglas L.
**Subject:**    James R. Young v. A.C.& R et al.

Dear Mr. Savage:

My firm represents Defendant, John J. Kirlin, LLC, in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant Joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008. This client hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

Donna M. Crowe

**Donna M. Crowe, Esq., LEED® AP**
**Bradley Arant Rose & White LLP**
**1133 Connecticut Avenue, N.W., 12th Floor**
**Washington, D.C. 20036**
**Phone: 202-719-8212**
**Fax: 202-719-8312**
dcrowe@bradleyarant.com

 Please consider the environment before printing this email.

Confidentiality Notice and Disclaimer: This email is from a law firm, and it may be protected by the attorney-client privilege or as attorney work product. If you received the message by error, please notify the sender that you received it by replying to this email, and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist, or as a consent to conduct business by any electronic medium.

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

### Karen T. Everest

| | |
|---|---|
| **From:** | Crowe, Donna M. [dcrowe@bradleyarant.com] |
| **Sent:** | Monday, October 06, 2008 11:30 AM |
| **To:** | Gregory S. Savage |
| **Cc:** | Karen T. Everest; Brown, T. Michael; Crowe, Donna M.; Mitchell, Chip; Patin, Douglas L. |
| **Subject:** | James R. Young v. A.C.& R et al. |

Dear Mr. Savage:

My firm represents Defendant, JJK Group, Inc., in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No.  1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for Baltimore City Case No.  24X08000343). The above-mentioned Defendant Joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008.  This client hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

Donna M. Crowe


**Donna M. Crowe, Esq., LEED® AP**
**Bradley Arant Rose & White LLP**
**1133 Connecticut Avenue, N.W., 12th Floor**
**Washington, D.C.  20036**
**Phone:  202-719-8212**
**Fax:  202-719-8312**
dcrowe@bradleyarant.com

 Please consider the environment before printing this email.

Confidentiality Notice and Disclaimer:  This email is from a law firm, and it may be protected by the attorney-client privilege or as attorney work product.  If you received the message by error, please notify the sender that you received it by replying to this email, and then delete it from your computer.  Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist, or as a consent to conduct business by any electronic medium.


Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

**Karen T. Everest**

| | |
|---|---|
| **From:** | Jeannie P. Kauffman [JKauffman@lawbtp.com] |
| **Sent:** | Monday, October 06, 2008 11:10 AM |
| **To:** | Gregory S. Savage |
| **Cc:** | Karen T. Everest |
| **Subject:** | Young Removal |

Dear Mr. Savage:

My firm represents Defendant, Bondex International, Inc., in the James Rowland Young matter in U.S. District
Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation
Co., Inc. et al. (formally Circuit Court for Baltimore City Case No. 24X08000343). As indicated in our original
letter dated August 14, 2008, Bondex agreed to join in on the Removal upon receipt/confirmation of service in this
matter. Bondex was served prior to August 21, 2008, and thus joined in and consented to removal of this action
from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that
the case was removed on August 21, 2008. This client hereby approves the Joint Statement that Garlock Sealing
Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by
this Court on September 19, 2008.

Sincerely,

Jeannie Pittillo Kauffman, Esq.
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411
301-345-7001
301-345-7075 (fax)
jkauffman@lawbtp.com

Privileged & confidential communication, intended only for the named recipient (s). If message received in error,
notify me at once and delete it. Do not save, copy or forward. No waiver of privilege or confidentiality should be
inferred from error in delivery.

# GOODELL, DeVRIES, LEECH & DANN, LLP

### ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202

TELEPHONE (410) 783-4000

FACSIMILE (410) 783-4040

MALCOLM S. BRISKER
MSB@GDLDLAW.COM
WRITER'S DIRECT NUMBERS
410-783-4049 (VOICE)
410-951-0451 (FAX)

ADMITTED IN MARYLAND
&
THE DISTRICT OF COLUMBIA

October 6, 2008

**SENT VIA FACSIMILE: 410-779-3967**
Gregory S. Savage, Esquire
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, Maryland 21201

Re:   **REMOVAL**
      **James Rowland Young, et ux  v. A.C. & R. Insulation Co., Inc., et al.,**
      **Individual Case Number: 24X08000343, Circuit Court for Baltimore City**

Dear Mr. Savage:

My firm represents Defendant, Hampshire Industries, Inc., in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant Joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008. This client hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

Malcolm S. Brisker

MSB:krc
4817-7401-6259

# MOORE & JACKSON, LLC

### ATTORNEYS AT LAW

305 WASHINGTON AVENUE
SUITE 401
TOWSON, MARYLAND 21204

TELEPHONE 410-583-5241

FACSIMILE 410-583-7519

WWW.MOOREJACKSON.COM

Daniel J. Moore
William J. Jackson
Kevin M. Soper
Scott D. Goetsch
Joel D. Newport
Margaret Forshell Ward

Karen Herzog Cooke
Stefan B. Ades

Thomas C. Swiss
*Counsel*

Thomas C. Swiss
Direct Dial: 410-583-2207 ext. 116
Email: swiss@moorejackson.com

October 6, 2008

**BY FACSIMILE**
Segal McCambridge Singer & Mahoney
One North Charles Street
Suite 2500
Baltimore, MD 21201

Dear Mr. Savage:

My firm represents Defendant, Kaiser Gypsum Company, Inc., in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant Joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008. This client hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Very truly yours,

Thomas C. Swiss

## Karen T. Everest

**From:** Albert, Richard [ralbert@steptoe.com]
**Sent:** Monday, October 06, 2008 1:54 PM
**To:** Gregory S. Savage
**Cc:** Karen T. Everest
**Subject:** James Rowland Young (Joint Statement) 10/6/08

Dear Mr. Savage:

My firm represents Defendant, Metropolitan Life Insurance Company, in the James Rowland Young matter in U.S. District Court for the District of Maryland, Case No. 1:08-cv-02200-JFM, James Rowland Young v. A.C. & R. Insulation Co., Inc. et al. (formally Circuit Court for Baltimore City Case No. 24X08000343). The above-mentioned Defendant Joined in and consented to removal of this action from the Circuit Court for Baltimore City to the U. S. District Court for the District of Maryland prior to the time that the case was removed on August 21, 2008. This client hereby approves the Joint Statement that Garlock Sealing Technologies, LLC has prepared in response to the Standing Order Concerning Removal, which was issued by this Court on September 19, 2008.

Sincerely,

/s/Richard D. Albert, Esq.

Richard D. Albert
Steptoe & Johnson LLP
Counsel for Metropolitan Life Insurance Company
1330 Connecticut Avenue, NW
Washington, D.C. 20036-1795
Tel. 202.457.8339
Fax 202.429.3902

10/6/2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

JAMES ROWLAND YOUNG, et ux.                  *

      Plaintiffs                                    *       Case No.: 1:08-cv-02200-JFM

           vs.                                      *

AC&R INSULATION CO., INC. et al.            *

      Defendants                                   *

*    *    *    *    *    *    *    *    *    *    *

**REMOVING DEFENDANT GARLOCK SEALING TECHNOLOGIES
RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED
CONSIDERATION OF MOTION TO REMAND**

Defendant, Garlock Sealing Technologies, LLC (hereinafter "Garlock"), by its undersigned counsel, does hereby respond to Plaintiffs' Motion for Expedited Consideration of Motion to Remand, and in support thereof states the following:

**I. PROCEDURAL BACKGROUND**

Plaintiffs originally filed their Complaint in the Circuit Court for Baltimore City ["State Court"] on July 24, 2008, alleging occupational exposure of Plaintiff James Rowland Young to asbestos. Subsequently, Garlock was served on or about August 4, 2008 with Plaintiffs' Complaint and accompanying documents via certified mail and received Plaintiffs' Answers to Defendants' Master Set of Interrogatories on August 21, 2008. While most of these documents provided only general, non-specific work history for Mr. Young, Plaintiffs' sworn Answers to Defendants' Master Set of Interrogatories, Answer No. 88, stated that "Plaintiff believes that he may have been exposed to asbestos



while working at the National Institutes of Health from 1953-1980 in various positions including building engineer, senior building engineer, assistant unit chief, and unit chief." (*See* Removing Defendant's Response In Opposition To Plaintiff's Motion For Remand, Exhibit 1**).**

Therefore, because documentation filed in support of Plaintiffs' Complaint alleged that Mr. Young was exposed to asbestos while working on an exclusive federal enclave, pursuant to 28 U.S.C. §§ 1441 and 1446, Removing Defendants filed a Notice of Removal of Civil Action with the United States District Court for the District of Maryland, Northern Division [hereinafter "U.S. District Court"] on the basis of a Federal Question under 28 U.S.C. § 1331, namely that of federal enclave jurisdiction; as well as jurisdiction conferred pursuant to 16 U.S.C. § 457.  The Notice of Removal was timely filed on August 21, 2008, and was accompanied by the written joinder and consent of all other proper Defendants.  Further, this removal was based exclusively upon information contained in Plaintiffs' sworn discovery responses, which were provided by Plaintiffs.

Plaintiffs filed a Motion for Remand on September 19, 2008, as well as a Motion for Expedited Consideration of Plaintiffs' Motion for Remand on September 29, 2008. Removing Defendants filed a timely Response in Opposition to Plaintiffs' Motion for Remand on October 6, 2008.

Separately, pursuant to federal requirements (*See* Section II.C, *infra*), Removing Defendants submitted a Notice of Tag-Along Action to the United States Judicial Panel on Multidistrict Litigation [hereinafter "MDL Panel"] on August 25, 2008.  The MDL Panel issued a Conditional Transfer Order on September 19, 2008, to which Plaintiffs

filed a Notice of Opposition on September 29, 2008.  Plaintiffs' Motion and Brief to
Vacate was subsequently filed on October 2, 2008.

## II.     DISCUSSION

Almost all of the assertions in Plaintiffs' present Motion were previously raised in
their Motion for Remand; these assertions were in turn refuted by Removing Defendants
in their Response in Opposition to Plaintiffs' Motion for Remand.  However, the present
Motion is not the appropriate mechanism for such substantive arguments; the legal
analysis of the Remand is not at issue at this time.  On the contrary, the only thing to be
considered in this Motion is whether Plaintiffs have shown good cause for the Court to
reverse the transfer of this case to the MDL.  Having failed to do so, Plaintiffs' Motion
should be denied.   Notwithstanding, Removing Defendants hereby incorporate by
reference their Response in Opposition to Plaintiffs' Motion for Remand in its entirety as
if fully set forth herein.  In addition, although no further response is necessary, the
following sections address a few of the more casuistic and specious arguments that
Plaintiffs raise in their Motion for Expedited Consideration.

### A.     DEFENDANTS FULLY COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL

The Removing Defendants fully complied with the procedural requirements set
forth in 28 U.S.C. §§ 1441 and 1446, including complying with the "rule of unanimity"[1]

---

[1] The rule of unanimity, pursuant to 28 U.S.C. § 1446(a)-(b), does not require that all defendants sign the same notice of removal; rather, it requires "that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process."  *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va. 1992).

by obtaining the written joinder and consent of the other Defendants to this action, and filing the Notice of Removal within 30 days of service.  These letters were all signed by the parties or their counsel, and each fully indicated that particular Defendants joined in, and consented to, the removal of this action from State Court to the U.S. District Court based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.  These letters meet or exceed every procedural requirement pertaining to joinder and consent, were submitted by Removing defendants in both hard copy and in electronic format to the Office of the Clerk at the time of removal, and leave absolutely no doubt that all Defendants fully agreed to the removal of this action.

Although Plaintiffs devote considerable time and energy attempting to impugn the sufficiency and validity of these joinder letters, both in their Remand and again in the present Motion, Plaintiffs' arguments are factually and legally erroneous, and are fully refuted in Removing Defendants' Response in Opposition to Plaintiffs' Motion for Remand.  In short, there are no procedural deficiencies associated with the removal of this action, and remand is unwarranted.

**B.      ALTHOUGH     PLAINTIFFS'     ARGUMENT     REGARDING "NUMEROUS JURISDICTIONAL DEFECTS" IS UNCLEAR, THERE ARE NO PROCEDURAL OR SUBSTANTIVE DEFECTS WITH THIS REMOVAL**

When referring to "numerous jurisdictional defects" on pages 4-5 of their Memorandum in Support of Motion for Expedited Consideration, it is unclear whether Plaintiffs are referring to the alleged procedural defects which they raise elsewhere in their Memorandum, or whether they are referring to the alleged substantive defects as to federal enclave exposure which they raised in their Motion for Remand, and which

4

impute subject matter jurisdiction.  If the latter, Removing Defendants fully addressed the

substantive issues related to subject matter jurisdiction in their Response in Opposition to

Plaintiffs' Motion for Remand.  If the former (procedural issues), *see* Section II.A, *supra*.

C.      **PLAINTIFFS IGNORE THE MDL TRANSFER PROCESS, WHILE THEIR ARGUMENTS ON THIS SUBJECT ARE COMPLETELY IRRELEVANT**

It appears that Plaintiffs have ignored the process by which the MDL Panel

transfers cases to the U.S. District Court for the Eastern District of Pennsylvania, which

the MDL Panel has designated as MDL No. 875 to conduct "coordinated or consolidated

pretrial proceedings pursuant to 28 U.S.C. § 1407" in asbestos products liability litigation

[hereinafter "Asbestos MDL Court"].  Plaintiffs seem to imply that Defendants somehow

acted improperly by filing a Notice of Tag-Along Action with the MDL Panel.  However,

Removing Defendants were required by the Rules of Procedure of the MDL Panel, Rule

7.5 (Miscellaneous Provisions Concerning "Tag-Along Actions") to file such a Notice of

Tag-Along Action:

> (e)      Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 *shall promptly notify* the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.  (Emphasis added).

199 F.R.D. 425 (Amend. April 2, 2001).  Thus, the purpose of the Judicial Panel on

Multi-District Litigation is to streamline questions of fact in similarly situated actions and

to ensure judicial efficiency.  "Such transfers shall be made by the judicial panel on

multidistrict litigation authorized by 28 U.S.C. § 1407 upon its determination that

transfers for such proceedings will be for the convenience of parties and witnesses and

will promote the just and efficient conduct of such actions." As such, administratively closing Mr. Young's case and transferring it to the MDL is both fair and practical.

As Mr. Young's case shares similar facts regarding exposure and work history, as well as sharing similar expert testimony regarding the disease process and state-of-the-art scientific literature, with hundreds of other cases, it is particularly well-suited for transfer to the MDL. Nothing in Mr. Young's case suggests that it is uniquely situated in such a way as to require the case to be reopened.

Additionally, Plaintiffs argue that "it is imperative that this Court rule on the Motion to Remand immediately – before the Conditional Transfer Order is finalized by the MDL." (*See* Plaintiff's Memo in Support, 2-3) However, as indicated in the MDL Panel Rules of Procedure, Rule 7.4 (Conditional Transfer Orders For "Tag-Along Actions), if Plaintiffs file a motion to vacate the transfer, the MDL Panel will not make a decision on transfer until after both parties have had a full opportunity to brief the respective positions, and until after the MDL Panel sets the motion in for a hearing at the next session of the Panel:

> (c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

> (d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

199 F.R.D. 425 (Amend. April 2, 2001). This process takes several months from the point that the CTO is issued until the MDL Panel makes its final determination.

In the present action, the MDL process is in its early stages. Plaintiffs have just recently submitted their Motion to Vacate; Defendants will subsequently be filing a response; and the MDL Panel has not set the motion in for a hearing. Any determination by the MDL Panel will thus be several months away. As such, Plaintiffs' request that "the Court Expedite Consideration of Motion to Remand and rule upon the Motion by November 3, 2008 so that their jurisdictional objections will be heard before they are caught up in the inevitably morass of delay in the MDL," is not at all consistent with the actual timing involved with the MDL transfer process. While Plaintiffs know and understand this fact, they ignore it by requesting such an action of the Court.

Moreover, Plaintiffs' obvious disdain for the MDL Panel and Asbestos MDL Court, including their repeated characterization of the Asbestos MDL Court as a "black hole," is completely irrelevant to this Court's consideration of the present Motion. Plaintiffs' criticisms of the MDL process ignore the fact that the MDL Panel was established, and that the MDL Courts were authorized, pursuant to federal law. Thus, while Plaintiffs may dislike that Congress has given Defendants a statutory right of removal under 28 U.S.C. § 1441, and while Plaintiffs may be disdainful that such cases can be transferred to the Asbestos MDL Court pursuant to 28 U.S.C. § 1407, the fact remains that federal law controls these matters – not the wishes and preferences of the Plaintiffs or their counsel.

Additionally, it should be noted that, in Plaintiffs' attempt to convince this Court that another federal court poses a "serious and incontestable danger" to the Plaintiffs'

case (*See* Plaintiff's Memo, 6), Plaintiffs have cited to nothing that would justify such a conclusion. First, without going into the merits of The Honorable Mark Davidson's comments about the MDL Court, the fact is that his opinion constitutes an unpublished, non-federal opinion from a different state, and thus has absolutely no precedential value whatsoever for the matter *sub judice*.

Second, Plaintiffs referenced an excerpt from Chief Judge Hornby's opinion from *In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 374 n.2 (D.Me. 1999) out of context, thereby implying that Judge Hornsby was critical of the MDL process. However, *In re Maine* was a case inapposite to this action, as it involved a removal based on diversity of citizenship, and hinged on whether one particular defendant had been fraudulently joined. None of those issues are applicable in the present matter. Moreover, the passage quoted by Plaintiffs was actually part of a longer footnote in which Judge Hornby attempted to explain the underlying motivations of the Parties, as the actions of both plaintiffs and defendants seemed to make little sense at first glance (with the plaintiffs suing a small Maine corporation that had little economic means and which would be unlikely to ever pay anything to plaintiffs, but with other co-defendants opposing the joinder of this additional corporation which potentially would have contributed another share for settlement or upon judgment, thereby reducing the individual payment of each co-defendant). Judge Hornby was not passing judgment on the Asbestos MDL Court; rather, he was explaining how economic realities were "driving the behavior of the parties in this matter." *Id.*

**D.    DESPITE THEIR HYPERBOLE, PLAINTIFFS DO NOT HAVE A TRIAL DATE IN 2009**

Plaintiffs imply that they will quickly receive a trial date if this case is remanded to State Court.  However, Plaintiffs were never scheduled for trial in 2009, and it seems unlikely that the case would even be tried before 2010 if remanded to State Court. Although Plaintiffs filed a Motion to Consolidate this case into a pre-existing trial group (April 2009) just prior to removal, this Motion was not yet ripe at the time of removal, and Defendants would be able to file oppositions in the event the case was remanded. Further, given the scarcity of time until the trial date requested by Plaintiffs (less than six months), as well as the fact that practically no discovery has taken place, it should be expected that Plaintiffs' Motion to Consolidate would be vigorously opposed by most, if not all, of the Defendants.

**E.    PLAINTIFFS REQUEST FOR A RULING BY NOVEMBER 3, 2008 HAS NO RATIONAL BASIS, AND A RULING BY THAT DATE WOULD BE UNNECESSARILY HURRIED.**

Plaintiffs have asked this Court to make a ruling on their Motion to Remand by November 3, 2008.  However, there does not appear to be any logical reason for Plaintiffs advancing such a date;  November 3 does not correspond to any filing deadline set by this Court or by the MDL Panel, and it does not appear to correspond to any statutory deadline or any other deadline in the Federal or Maryland rules.  Rather, the date of November 3 appears to be an arbitrary time selected by Plaintiffs for a purely strategic reason.

Moreover, the Removing Defendants believe that a ruling "by November 3" would be very premature in the instant matter, as the Court has only recently received

Removing Defendants' Response in Opposition to Plaintiffs' Motion for Remand. Further, Plaintiffs still have the opportunity to file a Reply, and should that occur, Removing Defendants anticipate requesting leave to file a Surreply. But even if Plaintiffs agreed to forego their Reply, it seems unreasonable for Plaintiffs to ask this Court to "rush" to make a decision in so short a time. As discussed *supra*, there is almost no possibility that this case will be transferred to the Asbestos MDL Court within the next few months; however, even if the action was transferred before a ruling could be made, the Asbestos MDL Judge could still consider the Motion for Remand.

Instead, Removing Defendants request that this Court fully consider all of the issues before rendering any decision on Plaintiffs' Motion for Remand, as Removing Defendants are confident that the Court, upon fully reviewing both the Motion and the Response in Opposition thereto, will agree that this case was properly removed – both procedurally and from the standpoint of subject matter jurisdiction. Additionally, it should be noted that Removing Defendants have requested a hearing in this matter; such a hearing would not be possible if the Court was to rule on Plaintiffs' Motion for Remand by November 3, 2008.

## III.   CONCLUSION

The U.S. District Court has original jurisdiction over this action under both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction, and thus removal of this action was appropriate under 28 U.S.C. § 1441. Further, Defendants fully adhered to the procedural requirements set forth in 28 U.S.C. §§ 1441 and 1446. As such, the removal of this action was proper, and Plaintiffs' Motion for Remand should be denied on all

procedural and substantive grounds. To fully assess the issues involved, however, will likely require much longer than the arbitrary and impending date by which Plaintiffs have requested a ruling. For these reasons, Plaintiffs' Motion for Expedited Consideration of Motion to Remand should be denied.

WHEREFORE, Removing Defendants respectfully request that this Court hold a hearing on this matter.

/s/ Thomas P. Bernier
Thomas P. Bernier
Federal Bar # 2141

Gregory S. Savage
Federal Bar # 27008

SEGAL, MCCAMBRIDGE, SINGER
& MAHONEY, LTD.
One North Charles Street
Suite 2500
Baltimore, MD 21201
Phone:    410-779-3960
Fax:        410-779-3967

Attorneys for:
Defendant Garlock Sealing
Technologies, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2008, a copy of the foregoing was served upon all counsel of record in this matter via electronic submission on CM/ECF in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

/s/ Thomas P. Bernier
Thomas P. Bernier