# MDL 875

### BEFORE THE JUDICIAL PANEL
### ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 29 2008

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§<br>§<br>§<br>§ | MDL DOCKET NO. 875 |

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES R. YOUNG, et ux.,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>AC & R INSULATION CO, et al.,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.: 1:08-CV02200-JFM |

PLEADING NO. 5663

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND REQUEST FOR
## ORAL ARGUMENT

Plaintiffs, pursuant to Rule 7.2(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, file this Reply to Removing Defendants Garlock Sealing Technologies Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order. In support thereof, Plaintiffs state as follows:

### I.　ARGUMENT

1.　Garlock's self-serving statement that "the MDL Court will provide a higher priority to Mr.

# OFFICIAL FILE COPY

IMAGED OCT 3 0 2008

Young than the State Court" is without merit. Opposition to Motion to Vacate at 6. Plaintiffs have never asserted that the Youngs case would be set for trial in 2009. On the contract, Plaintiffs stated that the matter is slotted for the April 2010 Mesothelioma Trial Group in the Circuit Court for Baltimore City. Exhibit A. The practical effect of transfer to MDL-875 is that the discovery process will cease and the parties will not move any further toward resolution of the case. Defendants, who enjoy the delay afforded by transfer to MDL-875, have no incentive to advocate for settlement with their clients when they can postpone it throughout the case's time sitting on the MDL-875 docket. Only months or years later after the case is remanded to the transferor court and the transferor court rules upon the Motion for Remand will the case proceed in any meaningful fashion. In the interim, the Plaintiff's health condition will continue to deteriorate up to and including death without a trial date on the horizon.

2.      If the transferor court rules upon the Motion for Remand prior to transfer to MDL-875, and the transferor court concludes that federal jurisdiction does exist, then Plaintiffs accept that the MDL process is a necessary part of the resolution of their case. However, it is manifestly unjust for Plaintiffs to mandatorily proceed with the obligatory settlement conferences, motions practice, and other assorted delays associated with MDL-875 where the transferor court has not ruled upon the jurisdictional challenge in Plaintiffs' Motion for Remand.

3.      At no time did Plaintiffs state, as asserted by Garlock, that cases transferred to MDL-875 "simply languish there" where they "are never heard of again." Opposition to Plaintiffs' Motion to Vacate at 8. On the contrary, Plaintiffs remarked about the "commendable efforts" of the transferee court to manage the overwhelming docket of cases on the docket of MDL-875. That being said, the statistics show the massive burden which is placed on the transferee court. Over forty-seven percent

(47%) of the cases currently pending before the various MDL's nationwide are pending in MDL-875.

Exhibit B at 12-13 (Excerpts from *United States Judicial Panel on Multidistrict Litigation – Statistical Analysis of Multidistrict Litigation 2007*). Moreover, sixty-seven percent (67%) of all cases transferred to the MDL are transferred to MDL-875. *Id.*

4.      Unfortunately, the procedural scenario presented in the instant matter is not unique. Defendants in the United States District Court for the District of Maryland, as well as in other federal district courts, are removing cases for the primary purpose of delay. This situation has been replicated time and again because the delay tactic is working. The district courts refrain from ruling on the motions to remand challenging federal jurisdiction prior to transfer to MDL-875. The MDL was created "to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and *to conserve the resources of the parties, their counsel and the judiciary*." Exhibit C (*An Introduction to the United States Judicial Panel on Multidistrict Litigation*)(emphasis added). Over time, these three primary tenets of the MDL system have fallen by the wayside in MDL-875. This case was recently set for hearing without oral argument before the MDL Panel on November 20, 2008. Because of the repeat nature of the problems faced by plaintiffs in this case and numerous other similarly situated cases across the country, Plaintiffs' counsel, along with plaintiffs' counsel in the cases of *Frederick Seitz, et al. v. Adel Wiggins Group, et al.* (D. De. Case No.: 1:08-351 and 1:08-353), and *Armando A. Sammartino, et al. v. A.C.&R. Insulation Co., Inc. et al.* (D. D.C. Case No. 1:08-967), will be filing a joint motion with the MDL Panel requesting a hearing on this issue so that the Panel can implement the simple, efficient solution to this problem proposed by Plaintiffs.

5.      The injustice of transfer to MDL-875 is exacerbated when there are facial procedural defects in the notice of removal that require little time or effort to examine and which ultimately are

determinative of whether federal jurisdiction is lacking.  Defendant Garlock has repeatedly asserted

in its pleadings signed pursuant to FED.R.CIV.P. 11 both in the United States District Court for the

District of Maryland and now, in its Opposition to Plaintiffs' Motion to Vacate Conditional Transfer

Order that its removal of the present action "was based exclusively upon information contained in

Plaintiffs' sworn discovery responses, which were provided by Plaintiffs."  Opposition to Motion to

Vacate at 4; Exhibit D at 2 (Garlock's Opposition to Motion for Remand).

6.      The intra-counsel consent letters offered by Garlock as evidence of consent to removal of this

matter by all other properly joined defendants to this case are dated August 13, 2008 – August 21,

2008, and refer to consent to a Notice of Removal which was circulated to counsel prior to the

service of Plaintiff's Answers to Master Interrogatories at 10:52 A.M. on Thursday, August 21, 2008.

 Exhibit E (Docket printout from state court case from LexisNexis File & Serve).

7.      While Plaintiffs maintain their prior arguments asserted in favor of vacating Conditional

Transfer Order 315 based on both substantive and procedural deficiencies, Garlock's insistence in its

representations to this Panel as well as to the District Court that its Notice of Removal and the

proffered consent thereto is based "*exclusively*" on Plaintiff's Answers to Interrogatories provides yet

another solid basis on which to conclude that Garlock's Notice of Removal is defective.

## II.   CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel vacate the conditional transfer order,

without prejudice, pending decision by the United States District Court for the District of Maryland

on Plaintiffs' Motion to Remand.  In the alternative, Plaintiffs request that the Panel stay any further

proceedings pending the outcome of Plaintiffs' Motion to Remand in the United States District Court

for the District of Maryland.

4

Respectfully submitted,

Jonathan Ruckdeschel
Federal Bar Number: 25015
Dawn P. O'Croinin
Federal Bar Number: 26902
The Ruckdeschel Law Firm, LLC
5126 Dorsey Hall Drive, Suite 201
Ellicott City, Maryland 21042
Telephone: 410.884.7825
Facsimile: 443.586.0430
ruck@rucklawfirm.com
dawn@rucklawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this ____ day of ____ , 2008 that a true and correct copy of

this Reply to Removing Defendants Garlock Sealing Technologies Opposition to Plaintiffs' Motion

to Vacate Conditional Transfer Order has been served by U.S. Mail on all counsel listed in the

attached Panel Service List pursuant to Rule 5.2 of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, FED.R.CIV.P. 5 and MDL – CTO 315.

Dawn P. O'Croinin

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-315)

James Rowland Young, et al. v. AC&R Insulation Co., Inc., et al.,
D. Maryland, C.A. No. 1:08-2200

Richard Damon Albert
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
One North Charles Street
Suite 2500
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Malcolm S. Brisker
GOODELL DEVRIES LEECH
& DANN LLP
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

T. Michael Brown
BRADLEY ARANT ROSE & WHITE
1819 Fifth Avenue
Birmingham, FL  35213

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Donna Marcelle Crowe
BRADLEY ARANT ROSE & WHITE
1133 Connecticut Ave., N.W.
Suite 12th Fl.
Washington, DC  20036

Katherine S. Duyer
GAVETT & DATT PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Richard L. Flax
LAW OFFICES OF RICHARD L
FLAX
29 West Susquehanna Avenue
Suite 500
Baltimore, MD 21204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Jeannie P. Kauffman
BACON THORNTON & PALMER
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Steven Andrew Luxton
MORGAN LEWIS & BOCKIUS
1111Pennsylvania Avenue, N.W.
Washington, DC 20004

Neil J. MacDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park
11720 Beltsville Drive
Suite 500
Beltsville, MD 20705-3166

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

**MDL No. 875 - Panel Service List (Excerpted from CTO-315) (Continued)**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Charles F. Mitchell
JOHN J KIRLIN INC
515 Dover Road
Suite 2100
Rockville, MD 20850

Joel D. Newport
MOORE & JACKSON LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Michelle Noorani
MILES & STOCKBRIDGE
10 Light Street
Baltimore, MD 21202

Dawn P. O'Croinin
RUCKDESCHEL LAW FIRM LLC
5126 Dorsey Hall Drive
Suite 201
Ellicott City, MD 21042

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Theodore F. Roberts
VENABLE LLP
210 Allegheny Avenue
Towson, MD 21285-5517

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Keith R. Truffer
ROYSTON MUELLER MCLEAN & REID
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Peter Allan Woolson
P.A. WOOLSON, PA
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

EFiled
Sep 12 2008 9:49AMEDT
Transaction ID 21480413

| | | |
|---|---|---|
| IN RE: BALTIMORE CITY | * | APRIL 13, 2010 MESOTHELIOMA |
| ASBESTOS LITIGATION | | TRIAL CLUSTER |
| | * | CONSOLIDATION NO. |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOAN F. DIXON, et al., | * | IN THE      **24X08000410** |
| Plaintiffs | * | CIRCUIT COURT |
| vs. | * | FOR |
| BONDEX INTERNATIONAL, Inc., | * | BALTIMORE CITY |
| et al., | | |
| | * | (RUCKDESCHEL LAW FIRM) |
| Defendants | | |

\* \* \* \* \* \* \* \* \*

<u>CASES AFFECTED</u>:

                              *

| | |
|---|---|
| JOAN F. DIXON | CASE NO. 24X08000322 |
| JAMES ROWLAND YOUNG      * | CASE NO. 24X08000343 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>*CONSOLIDATION ORDER AND PRE-TRIAL SCHEDULE*</u>

It is this __8th__ day of __September__, 2008, by the Circuit Court for Baltimore City, ORDERED, that the above listed cases are consolidated for trial and the Pre-Trial Schedule shall be as follows, subject to further order of the Court.

_____         Cases identified for trial.  Plaintiffs identify the defendants they have served with process.  Plaintiffs identify the parties with whom they have settled.

                 *Defendants shall notify Plaintiffs within ten (10) days of any case in which service is contested.*

6/17/2009        Plaintiffs provide executed answers to interrogatories which identify each worksite where plaintiff or plaintiff's decedent worked, dates at each site, co-workers at each site, asbestos-containing products (both type and

manufacturer) at each site, and contractors installing asbestos products at each site. Plaintiffs respond to requests for production of documents and tangible things (including medical records plaintiffs have had possession of). Plaintiffs produce authorization for records. Plaintiffs produce Social Security print-out if in Plaintiff's possession. Defendants must give notice to Plaintiffs of any dispute contesting the adequacy of discovery within seven (7) days of receipt of discovery.

*Defendants must file any motions contesting the adequacy of discovery within fifteen (15) days of receipt of discovery. Plaintiffs shall respond within five (5) days. Any request(s) for conference with the Court shall be filed with the motion(s) or response(s).*

| | |
|---|---|
| 7/22/2009 | Direct defendants identify parties against whom contribution/set-off, and indemnity claims will be pursued. Claims against any party not so identified are hereby dismissed. |
| 8/5/2009 | Last day for direct defendants to serve third-party complaints. |
| 8/19/2009 | Cross and third-party defendants identify parties against whom contribution/set-off, and indemnity claims will be pursued. Claims against any party not so identified are hereby dismissed. |
| 8/31/2009 | Last day for cross-and-third party defendants to serve complaints. |
| | Plaintiffs identify fact witnesses who may testify at trial. Plaintiffs provide addresses for witnesses who they cannot voluntarily produce for deposition without a subpoena from defendants. |

| | |
|---|---|
| 9/10/2009 | Plaintiffs name expert witnesses, provide Rule 2-402(e)(1) statements, and state available dates for deposition of expert witnesses.  Plaintiffs produce imaging and pathology which plaintiffs have had possession of and provide plaintiff-specific reports. |
| 12/9/2009 | Last day for deposition of plaintiffs' fact witnesses who plaintiffs are able to voluntarily produce for deposition without subpoena by defendants.  (Product Identification Witnesses) |
| 12/28/2009 | Plaintiffs name their "most likely to use" general product identification fact witnesses from the original fact witness list who have been previously deposed. Plaintiffs may supplement this list with names of any additional witnesses (1) who are specified as being made in substitution for an earlier-named witness who has become unavailable to testify at trial.  The substituted witness must come from the original fact witness list or (2) whose testimony concerns job sites newly disclosed in documents or deposition testimony during the remaining time for depositions of fact witnesses. |
| 1/11/2010 | Last day for deposition of plaintiffs' fact witnesses who plaintiffs are unable to voluntarily produce for deposition without a subpoena by defendants. |
| 2/8/2010 | Defendants and third-party defendants name all witnesses who may testify at trial, provide Rule 2-402(e)(1) statements, and state available dates for deposition of expert witnesses. Defendants produce/return imaging and pathology which defendants have had possession of and provide plaintiff- |

specific reports.  Defendants provide
addresses of fact witnesses they cannot
voluntarily produce for deposition.
Defendants provide executed answer to
interrogatories which identify each
worksite where plaintiff or plaintiff's
decedent worked, dates at each site, co-
workers at each site, and contractors
installing asbestos products at each
site.  Defendants respond to requests
for production of documents and tangible
things (including medical records
defendants have had possession of).

*Plaintiffs must file any motions
contesting the adequacy of discovery.
Defendants shall respond within five (5)
days.  Any request(s) for conference
with the Court shall be filed with the
motion(s) or response(s).*

| | |
|---|---|
| 2/8/2010 | Last day for deposition of defense fact witnesses other than witnesses not subject to deposition under Judge Levin's Order dated April 16, 1990. |
| 2/16/2010 | Defendants name their "most likely to use," general product identification fact witnesses from the original fact witness list who have been previously deposed.  Defendants may supplement this list with names of any additional witnesses (1) who are specified as being made in substitution for an earlier-named witness who has become unavailable to testify at trial.  The substituted witness must come from the original fact witness list or (2) whose testimony concerns job sites newly disclosed in documents or deposition testimony during the remaining time for depositions of fact witnesses. |
| 2/22/2010 | File mandatory pre-trial motions, if any.  Any such motion serve on adversaries by hand, fax or e-filing.  Copy provided to Judge's chambers on this date. |

| 3/15/2010 | Respond to pre-trial motions.  Responses served on adversaries by hand, fax, or e-filing.  Copy provided to Judge's chambers on this date. |
| 3/22/2010 | Complete all expert depositions. |
| 3/22/2010 | Pre-trial conference, 9:30.  Pre-trial motions hearing.  File voir dire. |
| 4/13/2010 | Jury selection and trial. |

**SO ORDERED:**

**JOHN M. GLYNN, JUDGE**

**Judge's Signature on Original Document only**

Apr13Ruckdeschel2010.wpd

EXHIBIT B.



# UNITED STATES JUDICIAL PANEL

## ON

## MULTIDISTRICT LITIGATION



# Statistical Analysis of Multidistrict Litigation

## 2007

Cumulative from September 1968 through September 30, 2007

# Statistical Analysis of Multidistrict Litigation

## Cumulative From September 1968 Through September 30, 2007

Cumulative Summary of Multidistrict Litigation

Summary by Circuit of Multidistrict Litigation
Under 28 U.S.C. § 1407

Summary of Multidistrict Litigation by Circuit
and District Under 28 U.S.C. § 1407

Index to Transferee Districts with Multidistrict Litigation
Pending as of September 30, 2007, or Closed Since October 1, 2006

Summary by Docket of Multidistrict Litigation Pending
as of September 30, 2007, or Closed Since October 1, 2006

Summary of Litigations Docketed but Not Transferred Under
28 U.S.C. § 1407 for the Period October 1, 2006, to September 30, 2007

*Prepared by:*

The Office of the Clerk
United States Judicial Panel
on Multidistrict Litigation
October 2007



# CUMULATIVE SUMMARY OF MULTIDISTRICT LITIGATION

# INDEX TO TRANSFEREE DISTRICTS WITH MULTIDISTRICT LITIGATION PENDING AS OF SEPTEMBER 30, 2007, OR CLOSED SINCE OCTOBER 1, 2006

# INDEX TO TRANSFEREE DISTRICTS WITH
# MULTIDISTRICT LITIGATION PENDING AS OF
# SEPTEMBER 30, 2007, OR CLOSED SINCE OCTOBER 1, 2006

**090**
MDL-1285 -- IN RE: Vitamin Antitrust Litigation*
MDL-1290 -- IN RE: Lorazepam and Clorazepate Antitrust Litigation*
MDL-1307 -- [UNDER SEAL.]
MDL-1515 -- IN RE: Nifedipine Antitrust Litigation*
MDL-1668 -- IN RE: Federal National Mortgage Association Securities, Derivative & "ERISA" Litigation

**100**
MDL-1361 -- IN RE: Compact Disc Minimum Advertised Price Antitrust Litigation*
MDL-1532 -- IN RE: New Motor Vehicles Canadian Export Antitrust Litigation*

**101**
MDL-1143 -- IN RE: Mutual Life Insurance Company of New York Premium Litigation*
MDL-1354 -- IN RE: Citigroup, Inc., Capital Accumulation Plan Litigation*
MDL-1380 -- IN RE: Xcelera.com Inc. Securities Litigation*
MDL-1430 -- IN RE: Lupron Marketing and Sales Practices Litigation*
MDL-1456 -- IN RE: Pharmaceutical Industry Average Wholesale Price Litigation*
MDL-1461 -- IN RE: Shell Oil Products Co. Dealer Franchise Litigation
MDL-1543 -- IN RE: Carbon Black Antitrust Litigation*
MDL-1629 -- IN RE: Neurontin Marketing, Sales Practices and Products Liability Litigation*

**102**
MDL-1704 -- IN RE: M3Power Razor System Marketing & Sales Practices Litigation*
MDL-1713 -- IN RE: Bank of America ATM Fee Litigation*
MDL-1753 -- IN RE: Standard Automotive Corp. Retiree Benefits "ERISA" Litigation*
MDL-1790 -- IN RE: Volkswagen and Audi Warranty Extension Litigation*
MDL-1820 -- IN RE: Webloyalty.com, Inc., Marketing and Sales Practices Litigation*
MDL-1838 -- IN RE: The TJX Companies, Inc., Customer Data Security Breach Litigation*
MDL-1861 -- IN RE: Welnx Marketing and Sales Practices Litigation*

MDL-1335 -- IN RE: Tyco International, Ltd., Securities, Derivative & "ERISA" Litigation*

**103**
MDL-1842 -- IN RE: Kugel Mesh Hernia Patch Products Liability Litigation*

**104**
(See Note)

**205**
MDL-1463 -- IN RE: Xerox Corp. Securities Litigation*
MDL-1505 -- IN RE: Cardiac Devices Qui Tam Litigation
MDL-1542 -- IN RE: Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*
MDL-1568 -- IN RE: Parcel Tanker Shipping Services Antitrust Litigation*

MDL-1631 -- IN RE: Publication Paper Antitrust Litigation*
MDL-1642 -- IN RE: Polychloroprene Rubber (CR) Antitrust Litigation*
MDL-1649 -- IN RE: Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002

**206**
(See Note)

MDL-1738 -- IN RE: Vitamin C Antitrust Litigation*
MDL-1775 -- IN RE: Air Cargo Shipping Services Antitrust Litigation*
MDL-1844 -- IN RE: Air Crash Near Peixoto de Azevedo, Brazil, on September 29, 2006

MDL-1689 -- IN RE: Air Crash Near Woodbury, Connecticut, on December 20, 2002
MDL-1613 -- IN RE: Nigeria Charter Flights Contract Litigation*
MDL-1596 -- IN RE: Zyprexa Products Liability Litigation
MDL-1720 -- IN RE: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*

**207**
MDL-1153 -- IN RE: Bennett Funding Group, Inc., Securities Litigation (No. II)*
MDL-1230 -- IN RE: Philip Services Corporation Securities Litigation*
MDL-1291 -- IN RE: Omeprazole Patent Litigation*
MDL-1336 -- IN RE: Abercrombie & Fitch Co. Securities Litigation*
MDL-1348 -- IN RE: Rezulin Products Liability Litigation*
MDL-1358 -- IN RE: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*

**208**
MDL-1166 -- IN RE: High Pressure Laminate Antitrust Litigation
MDL-1379 -- IN RE: Literary Works in Electronic Databases Copyright Litigation
MDL-1409 -- IN RE: Currency Conversion Fee Antitrust Litigation*
MDL-1428 -- IN RE: Ski Train Fire in Kaprun, Austria, on November 11, 2000
MDL-1445 -- IN RE: America Online, Inc., Community Leaders Litigation*
MDL-1448 -- IN RE: Air Crash at Belle Harbor, New York, on November 12, 2001
MDL-1472 -- IN RE: Global Crossing Ltd. Securities & "ERISA" Litigation*
MDL-1484 -- IN RE: Merrill Lynch & Co., Inc., Research Reports Securities Litigation*
MDL-1487 -- IN RE: WorldCom, Inc., Securities & "ERISA" Litigation*
MDL-1495 -- IN RE: Enterprise Mortgage Acceptance Co., LLC, Securities Litigation
MDL-1499 -- IN RE: South African Apartheid Litigation*
MDL-1500 -- IN RE: AOL Time Warner Inc. Securities & "ERISA" Litigation*
MDL-1508 -- IN RE: Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation*
MDL-1513 -- IN RE: Wireless Telephone Services Antitrust Litigation*
MDL-1529 -- IN RE: Adelphia Communications Corp. Securities & Derivative Litigation
MDL-1554 -- IN RE: Initial Public Offering (IPO) Securities Litigation (No. II)*
MDL-1570 -- IN RE: Terrorist Attacks on September 11, 2001*

# INDEX TO TRANSFEREE DISTRICTS WITH MULTIDISTRICT LITIGATION PENDING AS OF SEPTEMBER 30, 2007 OR CLOSED SINCE OCTOBER 1, 2006

Page 2

**312**

MDL-1584 -- IN RE: Federal Home Loan Mortgage Corp. Securities & Derivative Litigation (No. II)*
MDL-1598 -- IN RE: Ephedra Products Liability Litigation
MDL-1603 -- IN RE: OxyContin Antitrust Litigation*
MDL-1628 -- IN RE: Pineapple Antitrust Litigation
MDL-1630 -- IN RE: Global Crossing Limited Securities Litigation
MDL-1644 -- IN RE: Elevator and Escalator Antitrust Litigation*
MDL-1653 -- IN RE: Parmalat Securities Litigation*
MDL-1659 -- IN RE: Nortel Networks Corp. Securities Litigation*
MDL-1661 -- IN RE: Rivastigmine Patent Litigation
MDL-1688 -- IN RE: Pfizer Inc. Securities, Derivative & "ERISA" Litigation*
MDL-1695 -- IN RE: Veeco Instruments Inc. Securities Litigation*
MDL-1696 -- IN RE: Sierra Wireless, Inc., Securities Litigation*
MDL-1706 -- IN RE: Doral Financial Corp. Securities Litigation*
MDL-1714 -- IN RE: Rhodia S.A. Securities Litigation*
MDL-1739 -- IN RE: Grand Theft Auto Video Game Consumer Litigation (No. II)*
MDL-1740 -- IN RE: Canon U.S.A., Inc., Digital Cameras Products Liability Litigation*
MDL-1744 -- IN RE: Marsh & McLennan Companies, Inc., Securities Litigation*
MDL-1755 -- IN RE: Bayou Hedge Funds Investment Litigation*
MDL-1771 -- IN RE: 'A Million Little Pieces" Litigation*
MDL-1780 -- IN RE: Digital Music Antitrust Litigation*
MDL-1789 -- IN RE: Fosamax Products Liability Litigation
MDL-1794 -- IN RE: Novartis Wage and Hour Litigation*

**311**

MDL-1660 -- IN RE: PharmaStem Therapeutics, Inc., Patent Litigation
MDL-1717 -- IN RE: Intel Corp. Microprocessor Antitrust Litigation*
MDL-1848 -- IN RE: Rembrandt Technologies, LP, Patent Litigation
MDL-1866 -- IN RE: Brimonidine Patent Litigation

MDL-1292 -- IN RE: Cendant Corporation Securities Litigation*
MDL-1337 -- IN RE: Holocaust Era German Industry, Bank & Insurance Litigation*
MDL-1384 -- IN RE: Gabapentin Patent Litigation
MDL-1419 -- IN RE: K-Dur Antitrust Litigation*
MDL-1471 -- IN RE: Compensation of Managerial, Professional and Technical Employees Antitrust Litigation*
MDL-1479 -- IN RE: Neurontin Antitrust Litigation*
MDL-1514 -- IN RE: Electrical Carbon Products Antitrust Litigation*
MDL-1550 -- IN RE: IDT Corp. Calling Card Terms Litigation*
MDL-1658 -- IN RE: Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*
MDL-1663 -- IN RE: Insurance Brokerage Antitrust Litigation*
MDL-1687 -- IN RE: Ford Motor Co. E-350 Van Products Liability Litigation (No. II)*
MDL-1730 -- IN RE: Hypodermic Products Antitrust Litigation*
MDL-1763 -- IN RE: Human Tissue Products Liability Litigation*
MDL-1777 -- IN RE: SFBC International, Inc., Securities & Derivative Litigation*
MDL-1799 -- IN RE: Vonage Initial Public Offering (IPO) Securities Litigation*

**313**

MDL-1830 -- IN RE: Pet Food Products Liability Litigation*
MDL-1851 -- IN RE: Desloratadine Patent Litigation
MDL-1857 -- IN RE: Schering Marketing and Sales Practices Litigation (No. II)*
MDL-1862 -- IN RE: Vonage Marketing and Sales Practices Litigation*

MDL-875 -- IN RE: Asbestos Products Liability Litigation (No. VI)*
MDL-969 -- IN RE: Unisys Corp. Retiree Medical Benefit "ERISA" Litigation*
MDL-1014 -- IN RE: Orthopedic Bone Screw Products Liability Litigation*
MDL-1203 -- IN RE: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*
MDL-1244 -- IN RE: Graphite Electrodes Antitrust Litigation (No. II)*
MDL-1261 -- IN RE: Linerboard Antitrust Litigation*
MDL-1402 -- IN RE: Microcrystalline Cellulose Antitrust Litigation*
MDL-1426 -- IN RE: Automotive Refinishing Paint Antitrust Litigation*
MDL-1675 -- IN RE: ACE Limited Securities Litigation*
MDL-1682 -- IN RE: Hydrogen Peroxide Antitrust Litigation*
MDL-1684 -- IN RE: Plastics Additives Antitrust Litigation (No. II)*
MDL-1712 -- IN RE: American Investors Life Insurance Co. Annuity Marketing and Sales Practices Litigation*

MDL-1741 -- IN RE: Isolagen, Inc., Securities & Derivative Litigation*
MDL-1768 -- IN RE: Methyl Methacrylate (MMA) Antitrust Litigation*
MDL-1782 -- IN RE: Pharmacy Benefit Managers Antitrust Litigation*
MDL-1817 -- IN RE: CertainTeed Corp. Roofing Shingle Products Liability Litigation*

**314**

MDL-1556 -- IN RE: Pressure Sensitive Labelstock Antitrust Litigation*

**315**

MDL-1091 -- IN RE: Metropolitan Life Insurance Company Sales Practices Litigation*
MDL-1674 -- IN RE: Community Bank of Northern Virginia Mortgage Lending Practices Litigation*

**416**

MDL-1110 -- IN RE: Second Chance Body Armor, Inc., Advertising Litigation
MDL-1332 -- IN RE: Microsoft Corp. Windows Operating Systems Antitrust Litigation*
MDL-1387 -- IN RE: ProtoGen Sling and Vesica System Products Liability Litigation*
MDL-1421 -- IN RE: Wireless Telephone Radio Frequency Emissions Products Liability Litigation*

**417**

MDL-1518 -- IN RE: Allegheny Energy, Inc., Securities Litigation*
MDL-1539 -- IN RE: Royal Ahold N.V. Securities & "ERISA" Litigation*
MDL-1586 -- IN RE: Mutual Funds Investment Litigation*

MDL-1132 -- IN RE: Exterior Insulation Finish System (EIFS) Products Liability Litigation*

MDL-1634 -- IN RE: Peanut Crop Insurance Litigation*

**418**

MDL-1622 -- IN RE: Cotton Yarn Antitrust Litigation*

**419**

MDL-1516 -- IN RE: Polyester Staple Antitrust Litigation*

# INDEX TO TRANSFEREE DISTRICTS WITH
# MULTIDISTRICT LITIGATION PENDING AS OF
# SEPTEMBER 30, 2007 OR CLOSED SINCE OCTOBER 1, 2006

| No. | Litigation |
| --- | --- |
| 420 | MDL-865 -- IN RE: Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II)* |
| 422 | MDL-1429 -- IN RE: American General Life & Accident Insurance Co. Industrial Life Insurance Litigation |
|     | MDL-1595 -- IN RE: Electrical Receptacle Products Liability Litigation* |
|     | MDL-1785 -- IN RE: Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation* |
|     | MDL-1865 -- IN RE: Household Goods Movers Antitrust Litigation* |
|     | MDL-1705 -- IN RE: Xybernaut Corp. Securities Litigation* |
| 423 | (See Note) |
| 424 | (See Note) |
| 425 | MDL-1477 -- IN RE: Serzone Products Liability Litigation* |
| 53L | MDL-1355 -- IN RE: Propulsid Products Liability Litigation* |
|     | MDL-1371 -- IN RE: Monumental Life Insurance Company Industrial Life Insurance Litigation* |
|     | MDL-1390 -- IN RE: Life Insurance Co. of Georgia Industrial Life Insurance Litigation* |
|     | MDL-1395 -- IN RE: The Western & Southern Life Insurance Co. Industrial Life Insurance Litigation* |
|     | MDL-1643 -- IN RE: Educational Testing Service PLT 7-12 Test Scoring Litigation* |
|     | MDL-1657 -- IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation* |
| 53N | (See Note) |
| 536 | (See Note) |
| 537 | (See Note) |
| 538 | (See Note) |
| 539 | MDL-1214 -- IN RE: Great Southern Life Insurance Company Sales Practices Litigation* |
|     | MDL-1578 -- IN RE: UICI "Association-Group" Insurance Litigation |
| 540 | MDL-1512 -- IN RE: Electronic Data Systems Corp. Securities & "ERISA" Litigation* |
|     | MDL-1530 -- IN RE: Fleming Companies Inc. Securities & Derivative Litigation* |
| 541 | MDL-1422 -- IN RE: Waste Management, Inc., Securities Litigation* |
|     | MDL-1446 -- IN RE: Enron Corp. Securities, Derivative & "ERISA" Litigation* |
|     | MDL-1609 -- IN RE: Service Corporation International Securities Litigation* |
| 542 | MDL-1646 -- IN RE: Teamsters Trademark Litigation |
|     | MDL-1810 -- IN RE: MERSCORP Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litigation |
| 543 | (See Note) |
| 544 | (See Note) |
| 643 | (See Note) |
| 644 | (See Note) |
| 645 | MDL-1718 -- IN RE: Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation* |
|     | MDL-1725 -- IN RE: Delphi Corp. Securities, Derivative & "ERISA" Litigation* |
|     | MDL-1749 -- IN RE: General Motors Corp. Securities & Derivative Litigation* |
|     | MDL-1867 -- IN RE: General Motors OnStar Contract Litigation* |
| 646 | MDL-1846 -- IN RE: Trade Partners, Inc., Investors Litigation* |
| 647 | MDL-1401 -- IN RE: Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Products Liability Litigation* |
|     | MDL-1481 -- IN RE: Meridia Products Liability Litigation* |
|     | MDL-1488 -- IN RE: Ford Motor Co. Panther Platform/Fuel Tank Design Products Liability Litigation* |
|     | MDL-1490 -- IN RE: Commercial Money Center, Inc., Equipment Lease Litigation |
|     | MDL-1535 -- IN RE: Welding Fume Products Liability Litigation* |
|     | MDL-1561 -- IN RE: Travel Agent Commission Antitrust Litigation |
|     | MDL-1742 -- IN RE: Ortho Evra Products Liability Litigation* |
| 648 | MDL-1315 -- IN RE: SmartTalk TeleServices, Inc., Securities Litigation* |
|     | MDL-1565 -- IN RE: National Century Financial Enterprises, Inc., Investment Litigation* |
|     | MDL-1638 -- IN RE: Foundry Resins Antitrust Litigation* |
|     | MDL-1829 -- IN RE: Vision Service Plan Tax Litigation |
| 649 | MDL-1552 -- IN RE: UnumProvident Corp. Securities, Derivative & "ERISA" Litigation* |
| 650 | MDL-1457 -- IN RE: Allstate Insurance Co. Underwriting and Rating Practices Litigation* |
|     | MDL-1537 -- IN RE: Nortel Networks Corp. "ERISA" Litigation* |
|     | MDL-1760 -- IN RE: Aredia and Zometa Products Liability Litigation |
| 651 | MDL-1551 -- IN RE: Reciprocal of America (ROA) Sales Practices Litigation* |

# INDEX TO TRANSFEREE DISTRICTS WITH MULTIDISTRICT LITIGATION PENDING AS OF SEPTEMBER 30, 2007 OR CLOSED SINCE OCTOBER 1, 2006

Page 4

752
MDL-899 -- IN RE: Mortgage Escrow Deposit Litigation*
MDL-986 -- IN RE: "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation*

753
MDL-1715 -- IN RE: Ameriquest Mortgage Co., Mortgage Lending Practices Litigation*
MDL-1773 -- IN RE: Air Crash Near Athens, Greece, on August 14, 2005
MDL-1778 -- IN RE: Ocean Financial Corp. Prescreening Litigation*
MDL-1783 -- IN RE: JP Morgan Chase & Co. Securities Litigation*
MDL-1784 -- IN RE: McDonald's French Fries Litigation*
MDL-1818 -- IN RE: CitiFinancial Services Incorporated Prescreened Offer Litigation

754
MDL-1562 -- IN RE: General Motors Corp. Vehicle Cooling System Products Liability Litigation*
MDL-1748 -- IN RE: Profiler Products Liability Litigation

755
MDL-1700 -- IN RE: FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)*
MDL-1767 -- IN RE: H&R Block Mortgage Corp. Prescreening Litigation*

756
MDL-1313 -- IN RE: AT&T Corp. Fiber Optic Cable Installation Litigation*
MDL-1373 -- IN RE: Bridgestone/Firestone, Inc., Tires Products Liability Litigation*
MDL-1727 -- IN RE: COBRA Tax Shelters Litigation
MDL-1831 -- IN RE: Orthopaedic Implant Device Antitrust Litigation

757
(See Note)

758
(See Note)

860
MDL-1507 -- IN RE: Prempro Products Liability Litigation*

861
MDL-1832 -- IN RE: Pilgrim's Pride Fair Labor Standards Act Litigation

862
(See Note)

863
MDL-1733 -- IN RE: Teflon Products Liability Litigation*

864
MDL-1328 -- IN RE: Monosodium Glutamate Antitrust Litigation*
MDL-1396 -- IN RE: St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation*
MDL-1431 -- IN RE: Baycol Products Liability Litigation
MDL-1708 -- IN RE: Guidant Corp. Implantable Defibrillators Products Liability Litigation*
MDL-1724 -- IN RE: Viagra Products Liability Litigation*
MDL-1726 -- IN RE: Medtronic, Inc., Implantable Defibrillators Products Liability Litigation*

865
MDL-1672 -- IN RE: Express Scripts, Inc., Pharmacy Benefits Management Litigation*
MDL-1702 -- IN RE: Air Crash Near Kirksville, Missouri, on October 19, 2004
MDL-1736 -- IN RE: Celexa and Lexapro Products Liability Litigation
MDL-1811 -- IN RE: Genetically Modified Rice Litigation

866
MDL-1786 -- IN RE: H&R Block, Inc., Express IRA Marketing Litigation*

867
(See Note)

970
MDL-972 -- IN RE: Diamond Benefits Life Insurance Co. and American Universal Insurance Company Contracts Litigation
MDL-1541 -- IN RE: Allstate Insurance Co. Fair Labor Standards Act Litigation*

971
MDL-1257 -- IN RE: Cable News Network and Time Magazine "Operation Tailwind" Litigation*

972
MDL-1369 -- IN RE: Napster, Inc., Copyright Litigation*
MDL-1423 -- IN RE: Cygnus Telecommunications Technology, LLC, Patent Litigation
MDL-1486 -- IN RE: Dynamic Random Access Memory (DRAM) Antitrust Litigation*
MDL-1527 -- IN RE: Cisco Systems, Inc., Securities & Derivative Litigation*
MDL-1606 -- IN RE: Deep Vein Thrombosis Litigation
MDL-1648 -- IN RE: Rubber Chemicals Antitrust Litigation*
MDL-1654 -- IN RE: Compression Labs, Inc., Patent Litigation
MDL-1665 -- IN RE: Acacia Media Technologies Corp. Patent Litigation
MDL-1699 -- IN RE: Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*
MDL-1754 -- IN RE: Apple iPod nano Products Liability Litigation*
MDL-1761 -- IN RE: Ditropan XL Antitrust Litigation*
MDL-1770 -- IN RE: Wells Fargo Home Mortgage Overtime Pay Litigation*
MDL-1781 -- IN RE: Cintas Corp. Overtime Pay Arbitration Litigation*

# INDEX TO TRANSFEREE DISTRICTS WITH MULTIDISTRICT LITIGATION PENDING AS OF SEPTEMBER 30, 2007 OR CLOSED SINCE OCTOBER 1, 2006

**972** (See Note)

MDL-1791 -- IN RE: National Security Agency Telecommunications Records Litigation*
MDL-1793 -- IN RE: International Air Transportation Surcharge Antitrust Litigation*
MDL-1809 -- IN RE: Terminix Employment Practices Litigation*
MDL-1819 -- IN RE: Static Random Access Memory (SRAM) Antitrust Litigation*
MDL-1826 -- IN RE: Graphics Processing Units Antitrust Litigation*
MDL-1827 -- IN RE: TFT-LCD (Flat Panel) Antitrust Litigation*
MDL-1841 -- IN RE: Wells Fargo Loan Processor Overtime Pay Litigation*

**973** (See Note)

MDL-1475 -- IN RE: Heritage Bonds Litigation*
MDL-1574 -- IN RE: Paxil Products Liability Litigation*
MDL-1601 -- IN RE: StarMed Health Personnel, Inc., Fair Labor Standards Act Litigation*
MDL-1610 -- IN RE: Conseco Life Insurance Co. Cost of Insurance Litigation*
MDL-1671 -- IN RE: Reformulated Gasoline (RFG) Antitrust & Patent Litigation*
MDL-1737 -- IN RE: American Honda Motor Co., Inc., Oil Filter Products Liability Litigation*

**974**

MDL-1745 -- IN RE: Live Concert Antitrust Litigation*
MDL-1803 -- IN RE: Banc of America Investment Services, Inc., Overtime Pay Litigation*
MDL-1807 -- IN RE: Wachovia Securities, LLC, Wage and Hour Litigation*
MDL-1816 -- IN RE: Katz Interactive Call Processing Patent Litigation*
MDL-1822 -- IN RE: Bluetooth Headset Products Liability Litigation*
MDL-1825 -- IN RE: Midland National Life Insurance Co. Annuity Sales Practices Litigation*
MDL-1864 -- IN RE: Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation*
MDL-1296 -- IN RE: Alliance Equipment Lease Program Securities Litigation*
MDL-1405 -- IN RE: California Wholesale Electricity Antitrust Litigation*
MDL-1751 -- IN RE: Jamster Marketing Litigation*
MDL-1806 -- IN RE: Morgan Stanley & Co., Inc., Overtime Pay Litigation (No. II)*

**975** (See Note)

**976** (See Note)

**977** (See Note)

**978**

MDL-1357 -- IN RE: NOS Communications, Inc., Billing Practices Litigation*
MDL-1566 -- IN RE: Western States Wholesale Natural Gas Antitrust Litigation*
MDL-1619 -- IN RE: Musha Cay Litigation
MDL-1735 -- IN RE: Wal-Mart Wage and Hour Employment Practices Litigation*

**979**

MDL-1439 -- IN RE: Farmers Insurance Exchange Claims REpRESentatives' Overtime Pay Litigation*

**980** (See Note)

**981**

MDL-1407 -- IN RE: Phenylpropanolamine (PPA) Products Liability Litigation*

**1082**

MDL-1743 -- IN RE: American Family Mutual Insurance Co. Overtime Pay Litigation*
MDL-1788 -- IN RE: Qwest Communications International, Inc., Securities & "ERISA" Litigation (No. II)*

**1083**

MDL-1468 -- IN RE: Universal Service Fund Telephone Billing Practices Litigation*
MDL-1616 -- IN RE: Urethane Antitrust Litigation*
MDL-1721 -- IN RE: Cessna 208 Series Aircraft Products Liability Litigation
MDL-1840 -- IN RE: Motor Fuel Temperature Sales Practices Litigation*
MDL-1853 -- IN RE: The TJX Companies, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation

**1084** (See Note)

**1085** (See Note)

**1086** (See Note)

**1087**

MDL-1564 -- IN RE: Farmers Insurance Co., Inc., FCRA Litigation*
MDL-1600 -- IN RE: General Motors Corp. "Piston Slap" Products Liability Litigation*

**1088**

MDL-1546 -- IN RE: Medical Waste Services Antitrust Litigation*

**1089**

MDL-1293 -- IN RE: Natural Gas Royalties Qui Tam Litigation

**1126** (See Note)

**1127** (See Note)

**1128** (See Note)

**1129**

MDL-1519 -- IN RE: The Progressive Corporation Insurance Underwriting & Rating Practices Litigation*

**113A**

MDL-1624 -- IN RE: GMAC Insurance Management Corp. Overtime Pay Litigation*
MDL-1626 -- IN RE: Accutane Products Liability Litigation
MDL-1656 -- IN RE: CP Ships Ltd. Securities Litigation*
MDL-1698 -- IN RE: American General Life & Accident Insurance Co. Retiree Benefits "ERISA" Litigation*
MDL-1769 -- IN RE: Seroquel Products Liability Litigation

# INDEX TO TRANSFEREE DISTRICTS WITH
## MULTIDISTRICT LITIGATION PENDING AS OF
### SEPTEMBER 30, 2007 OR CLOSED SINCE OCTOBER 1, 2006

**113C** -- MDL-1334 -- IN RE: Managed Care Litigation*

**113E** -- MDL-1804 -- IN RE: Stand'n Seal Products Liability Litigation
MDL-1845 -- IN RE: ConAgra Peanut Butter Products Liability Litigation

**113G** -- MDL-1854 -- IN RE: Tyson Foods, Inc., Fair Labor Standards Act Litigation

**113J** -- MDL-1677 -- IN RE: NovaStar Home Mortgage Inc. Mortgage Lending Practices Litigation*

MDL-1824 -- IN RE: Tri-State Water Rights Litigation
MDL-1828 -- IN RE: Imagitas, Inc., Drivers' Privacy Protection Act Litigation

**(\*)** Denotes allegation of a class action under Rule 23, Federal Rules of Civil Procedure.

**NOTE:** Statistics Regarding the 59,056 actions in the 893 multidistrict dockets closed between September 1968 and September 30, 2006, may be obtained by contacting the Clerk's Office of the Judicial Panel on Multidistrict Litigation in Washington, D.C. They are also available on the Panel's official web site at www.jpml.uscourts.gov.

# SUMMARY BY DOCKET OF MULTIDISTRICT LITIGATION PENDING AS OF SEPTEMBER 30, 2007, OR CLOSED SINCE OCTOBER 1, 2006

# SUMMARY BY DOCKET OF MULTIDISTRICT LITIGATION PENDING AS OF SEPTEMBER 30, 2007, OR CLOSED SINCE OCTOBER 1, 2006

## DISTRICT OF COLUMBIA CIRCUIT

| Index to Tr'e Dist. | MDL No. | MDL Caption | Transferee Judge | Transferor Districts and Number of Cases Transferred | Total Tr'd | Total Filed in Tr'e Court | Cases Terminated Dismissed | Remanded | Cases Pending |
|---|---|---|---|---|---|---|---|---|---|
| 090 | | **DISTRICT OF COLUMBIA** | | *10 Litigations* | | | | | |
| | 1285 | Vitamin AT | Hogan, T.F. | 1-ALN; 1-ALS; 1-ARE; 3-ARW; 1-AZ; 2-CAC; 1-CAE; 2-CAS; 2-FLM; 1-GAN; 1-IAN; 1-ILC; 2-ILN; 1-INS; 2-KS; 1-KYE; 1-MIE; 3-MIW; 4-MN; 1-MOW; 2-MSS; 5-NJ; 2-NYE; 5-NYS; 3-OHS; 1-SC; 1-SD; 1-TNE; 1-TXE; 9-TXN; 1-VAW; 1-WIW; 1-WVN........ | 65 | 19 | 79 | 2 | 3 |
| | 1290 | Lorazepam and Clorazepate AT | Hogan, T.F. | 1-ILN; 2-MIE; 1-MSS; 1-NYS; 1-SC; 1-TXE.......... | 7 | 7 | 14 | 0 | 0 |
| | 1307 | [UNDER SEAL] | Lamberth, R.C. | [Data Withheld] | 30 | 0 | 26 | 2 | 2 |
| | 1515 | Nifedipine AT | Leon, R.J. | 3-NYS............ | 3 | 7 | 4 | 0 | 6 |
| | 1668 | Federal National Mortgage Association SEC, Derivative & "ERISA" | Leon, R.J. | 1-NJ; 2-NYS; 1-OHS............ | 4 | 14 | 11 | 0 | 7 |
| | 1686 | Iraq and Afghanistan Detainees | Hogan, T.F. | 1-CT; 1-ILN; 1-SC; 1-TXS.......... | 4 | 0 | 4 | 0 | 0 |
| | 1772 | Series 7 Broker Qualifications Exam Scoring | Bates, J.D. | 1-ARE; 1-IAS; 1-ILN; 6-NYS; 1-OHS; 1-PAE; 1-TXN; 1-WIW......... | 13 | 8 | 2 | 0 | 19 |
| | 1792 | InPhonic, Inc, Wireless Phone Rebate | Huvelle, E.S. | 1-ALN; 5-AZ; 1-CAC; 1-CAN; 1-ILN; 1-NJ....... | 10 | 5 | 0 | 0 | 15 |
| | 1796 | Department of Veterans Affairs (VA) Data Theft | Robertson, J. | 1-KYE; 1-NYE........... | 2 | 1 | 0 | 0 | 3 |
| | 1798 | Long-Distance Telephone Service Federal Excise Tax | Urbina, R.M. | 1-CAC; 1-NYS; 1-WIE.......... | 3 | 1 | 0 | 0 | 4 |
| | | **Grand Totals.......................297 Total Litigations** | | | 155768 | 50468 | 12371 | 3023 | 76842 |

## FIRST CIRCUIT

| Index to Tr'e Dist. | MDL No. | MDL Caption | Transferee Judge | Transferor Districts and Number of Cases Transferred | Total Tr'd | Total Filed in Tr'e Court | Cases Terminated Dismissed | Remanded | Cases Pending |
|---|---|---|---|---|---|---|---|---|---|
| 100 | | **MAINE** | | *2 Litigations* | | | | | |
| | 1361 | Compact Disc Minimum Advertised Price AT | Hornby, D.B. | 1-ALN; 13-CAC; 1-CAN; 1-CAS; 2-CT; 1-DC; 1-FLM; 2-ILN; 4-ILS; 3-LAE; 1-LAM; 1-MA; 1-NJ; 4-NYE; 2-NYN; 10-NYS; 4-PAE; 1-TNE; 1-TXE; 1-VT.......... | 55 | 1 | 56 | 0 | 0 |

SUMMARY BY DOCKET OF MULTIDISTRICT LITIGATION PENDING AS OF SEPTEMBER 30, 2007, OR CLOSED SINCE OCTOBER 1, 2006

Page 13

## THIRD CIRCUIT
### (continued)

| Index to Tr'e Dist. | MDL No. | MDL Caption | Transferee Judge | Transferor Districts and Number of Cases Transferred | Total Tr'd in Tr'e Court | Total Filed in Tr'e Court | Cases Terminated Dismissed | Remanded | Cases Pending |
|---|---|---|---|---|---|---|---|---|---|
| 313 | 875 | Asbestos PL (No. VI) PENNSYLVANIA, EASTERN | Giles, J.T. | 152-AK; 7-ALM; 134-ALN; 98-ALS 70-ARE; 16-ARW; 359-AZ; 54-CAC; 15-CAE; 339-CAN; 58-CAS; 252-CO; 1327-CT; 43-DC; 27-DE; 341-FLM; 20-FLN; 298-FLS; 52-GAM; 367-GAN; 1301-GAS; 1-GU; 198-HI; 32-IAN; 959-IAS; 88-ID; 1073-ILC; 1132-ILN; 476-ILS; 1170-INN; 1595-INS; 182-KS; 203-KYE; 270-KYW; 303-LAE; 140-LAM; 263-LAW; 3058-MA; 1341-MD; 554-ME; 315-MIE; 35-MIW; 325-MN; 229-MOE; 124-MOW; 118-MSN; 1716-MSS; 191-MT; 614-NCE; 395-NCM; 750-NCW; 166-ND; 165-NE; 125-NH; 392-NJ; 315-NM; 4-NMI; 158-NV; 1672-NYE; 620-NYN; 4863-NYS; 467-NYW; 4712S-OHN; 162-OHS; 29-OKE; 627-OKN; 160-OKW; 187-OR; 243-PAM; 337-PAW; 8-PR; 259-RI; 1864-SC; 6-SD; 241-TNE; 78-TNM; 78-TNW; 538-TXE; 1399-TXN; 837-TXS; 59-TXW; 344-UT; 10457-VAE; 387-VAW; 88-VI; 2-VT; 140-WAE; 313-WAW; 525-WIE; 264-WIW; 23-WVN; 658-WVS; 71-WY;......... | 104434 | 7489 | 74779 | 442 | 35881 |
| | 969 | Unisys Corp. Retiree Medical Benefit "ERISA" | Kauffman, B.W. | 1-MIE; 1-MN; 1-NYE............ | 3 | 0 | 6 | 0 | 8 |
| | | | | Returned/Claims Remain............ | 0 | 0 | 821 | 0 | 0 |

*16 Litigations*

For additional information,
please contact the Clerk's Office:

United States Judicial Panel
on
Multidistrict Litigation

One Columbus Circle, N.E.
North Lobby, Room G-255
Washington, DC 20002-8004

http://www.jpml.uscourts.gov

(202) 502-2800      (202) 502-2888 (Fax)



---

### United States Judicial Panel on
### Multidistrict Litigation

One Columbus Circle, N.E.
North Lobby, Room G-255
Washington, DC 20002-8004
(202) 502-2800

---

An Introduction
to the
United States
Judicial Panel
on
Multidistrict
Litigation

## Origin and Purposes



The United States Judicial Panel on Multidistrict Litigation, known informally as the MDL Panel, was created by an Act of Congress in 1968 – 28 U.S.C. §1407. The job of the Panel is to 1) determine whether civil actions pending in different federal districts involve one or more common questions of fact such that the actions should be transferred to one federal district for coordinated or consolidated pretrial proceedings; and 2) select the judge or judges and court assigned to conduct such proceedings. The purposes of this transfer or "centralization" process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary. Transferred actions not terminated in the transferee district are remanded to their originating transferor districts by the Panel at or before the conclusion of centralized pretrial proceedings.

## Historical Summary



Since its inception, the Panel has considered motions for centralization in over 1,900 dockets involving more than 250,000 cases and millions of claims therein. These dockets encompass litigation categories as diverse as airplane crashes, other single accidents such as train wrecks or hotel fires; mass torts, such as those involving asbestos, drugs and other products liability cases; patent validity and infringement; antitrust price fixing; securities fraud; and employment practices. Statistical and other information can be found on the Panel's web site: www.jpml.uscourts.gov

## Membership of the MDL Panel

The MDL Panel consists of seven sitting federal judges, who are appointed to serve on the Panel by the Chief Justice of the United States. The multidistrict litigation statute provides that no two Panel members may be from the same federal judicial circuit. The current Chairman of the Panel is Chief Judge John G. Heyburn II, who sits in the Western District of Kentucky. The remaining Panel members, in order of seniority on the Panel, are, D. Lowell Jensen (N.D. California), J. Frederick Motz (D. Maryland), Robert L. Miller, Jr. (N.D. Indiana), Kathryn H. Vratil (D. Kansas) and David R. Hansen (C.A. Eighth Circuit) and Anthony J. Scirica (C.A. Third Circuit).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ROWLAND YOUNG, *et ux.* | * | Civil Action: Asbestos |
| | | Civil Action:  1:08-cv-2200 |
| Plaintiffs | * | |
| | | (Circuit Court for Baltimore City |
| vs. | * | Case No.:  24X08000343) |
| A.C.& R INSULATION CO., INC., *et al.* | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REMOVING DEFENDANTS' RESPONSE
## IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

## TABLE OF CONTENTS

Table of Contents                                                                ii.

Table of Exhibits                                                                iii.

Response in Opposition                                                            1.

    I.    Background                                                            1.

        A.    Procedural History                                       1.

        B.    Legal Overview                                           3.

    II.    Discussion                                                          6.

        A.    Defendants Properly Joined in and
Consented to Removal of this Action.                                              6.

            1.    Defendants fully complied with the procedural
requirements for removal.                                                         6.

            2.    Plaintiffs Misrepresent the Case Law on the
Rule of Unanimity.                                                               9.

            3.    Bondex, OI and Hampshire each sufficiently
Expressed its joinder and consent to removal.                                   14.

        B.    The U.S. District Court has original jurisdiction over
this matter.                                                                     15.

            1.    Plaintiffs' Interrogatory Response provided the
grounds for removal.                                                             15.

            2.    The only papers that can be considered in
assessing the removability of this action are
those provided by Plaintiffs prior to removal.                                  16.

            3.    The National Institutes of Health is an
Exclusive Federal Enclave.                                                      19.

    III.    Conclusion                                                         21.

**TABLE OF EXHIBITS**

1.      Plaintiffs' Answer to Interrogatory No. 88

2.      Joint Statement

3.      Bondex Joinder Letter

4.      Owens-Illinois Joinder Letter

5.      Hampshire Joinder Letter

6.      Plaintiffs' Answer to Interrogatory No. 11

7.      Plaintiffs' Answer to Interrogatory No. 13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

JAMES ROWLAND YOUNG, et ux.      *

     Plaintiffs      *      Case No: 1:08-cv-2200

       vs.      *

AC&R INSULATION CO., INC. et al.      *

     Defendants      *

*      *      *      *      *      *      *      *      *      *      *      *

## REMOVING DEFENDANT GARLOCK SEALING TECHNOLOGIES
## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendant, Garlock Sealing Technologies, LLC (hereinafter "Garlock"), by its undersigned counsel, does hereby file this Response In Opposition to Plaintiff's Motion for Remand, and in support thereof states the following:

### I.    BACKGROUND

### A.    PROCEDURAL HISTORY

Plaintiffs originally filed their Complaint in the Circuit Court for Baltimore City on July 24, 2008, alleging occupational exposure of Plaintiff James Rowland Young to asbestos.  Subsequently, Garlock was served on or about August 4, 2008 via certified mail and received Plaintiffs' Answers to Defendants' Master Set of Interrogatories on August 21, 2008.

Plaintiffs' Answers to Defendants' Master Set of Interrogatories [hereinafter "Answers to Interrogatories"], Answer to Interrogatory No. 88, states that "Plaintiff believes that he may have been exposed to asbestos while working at the National

1

Institutes of Health from 1953-1980 in various positions including building engineer, senior building engineer, assistant unit chief, and unit chief." (*See* Exhibit 1). With respect to the NIH, Plaintiff's Answer to Interrogatory No. 88 subsequently provides that "Plaintiff believes that he was exposed to products which he used in the performance of maintenance and repairs in the course of his job and which other NIH employees and contractors used at NIH during these times. Plaintiff may have been exposed to asbestos from: fireproofing, pipecovering, block, cement, drywall joint compound, gaskets, packing, floor tiles, ceiling tiles and other asbestos containing products. Plaintiff also believes that he was exposed to asbestos containing materials that may have been used to insulate machinery and/or that was used in conjunction with machinery and tools." *Id.*

Because documentation filed in support of Plaintiff's Complaint alleged that Mr. Young was exposed to asbestos while working at an exclusive federal enclave for nearly thirty years, Removing Defendant filed a Notice of Removal of Civil Action with the United States District Court for the District of Maryland, Northern Division [hereinafter "U.S. District Court"] on the basis of a Federal Question under 28 U.S.C. §1331, namely that of federal enclave jurisdiction, as well as jurisdiction conferred pursuant to 16 U.S.C. §457. This removal was timely filed on August 21, 2008, and was accompanied by the written joinder and consent of all other proper Defendants. Further, this removal was based exclusively upon information contained in documents which were served with Plaintiffs' Complaint.

On September 19, 2008, a Conditional Transfer Order was entered by the Judicial Panel on Multi-District Litigation provisionally ordering the transfer of this case to the MDL. Nonetheless, Plaintiffs filed a Motion for Remand on September 19, 2008, as well

as a Motion for Expedited Consideration of Plaintiffs' Motion for Remand on September

24, 2008. On October 6, 2008, Removing Defendants filed a Joint Statement on behalf of

all Defendants in response to the Standing Order Concerning Removal issued by this

Court on September 19, 2008. (*See* Exhibit 2).

This Response in Opposition addresses the Motion for Remand only; Removing

Defendants will respond to Plaintiffs' Motion for Expedited Consideration separately, on

or before October 16, 2008.

**B.      LEGAL OVERVIEW**

Removal is permitted by defendants in an action over which the U.S. district

Courts have original jurisdiction. The defendants' right of removal in a civil action is

provided in 28 U.S.C. §1441(a), which states:

> (a) Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of which
> the district courts of the United States have original
> jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the
> district and division embracing the place where such action
> is pending.

The procedures for removing an action are governed by 28 U.S.C. §1446.
This section provides, in part, the following:

> (a)      A defendant or defendants desiring to remove any civil
> action or criminal prosecution from a State court shall file
> in the district court of the United States for the district and
> division within which such actions pending a notice of
> removal signed pursuant to Rule 11 of the Federal Rules of
> Civil Procedure and containing a short and plain statement
> of the grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such defendant
> or defendants in such action.

> (b)      The notice of removal of a civil action or proceeding shall
> be filed within thirty days after the receipt by the
> defendant, through service or otherwise, of a copy of the

3

> initial pleading setting for the claim for relief upon which
> such action or proceeding is based, or within thirty days
> after the service of summons upon the defendant if such
> initial pleading has then been filed in court and is not
> required to be served on the defendant, whichever period is
> shorter...

Thus, pursuant to 28 U.S.C. §§1441 and 1446, defendant(s) may remove an action to federal court if the case is one over which the U.S. district courts have original jurisdiction, and if the removing defendant(s) adhere to specific procedural requirements. Federal courts have "original jurisdiction" over cases involving diversity of citizenship between parties, because of claims arising under federal law, or by virtue of some other explicit grant of jurisdiction. *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760, 763 (5th Cir. 1983). Claims "arising under" federal law are those based on federal question jurisdiction under 28 U.S.C. §1331, which states "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Federal enclave jurisdiction is a specific type of federal question jurisdiction arising under 28 U.S.C. §1331. The federal government acquires jurisdiction over lands by one of two methods: by consent pursuant to Article I., section 8, clause 17 of the Constitution, or by a state's cessation of its rights of sovereignty. *U.S. v. Holmes*, 414 F. Supp. 831, 837 (D.C.Md. 1976). Under the first method, Clause 17 consent, the Constitution grants Congress the power, pursuant to art. I., §8, cl. 17.,

> To exercise exclusive Legislation in all Cases whatsoever,
> over such District (not exceeding ten miles square) as may,
> by Cessation of particular States, and Acceptance of
> Congress, become the Seat of the Government of the
> United States, and to exercise like Authority over all Places

4

> purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dockyards, and other needful Buildings.

Such consent may be in the form of a general consent statute or consent to a particular acquisition. *United States v. State Tax Commission of Mississippi*, 412 U.S. 363, 372 n.15 (1973). Under the second method, cessation, states enact legislation expressly ceding jurisdiction to the United States. *See, e.g., Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 529 (1938); *Kleppe v. New Mexico*, 426 U.S. 529, 542 (1976).

Both methods are capable of creating federal enclaves "within which the United States has exclusive jurisdiction." *Akin v. Ashland Chemical*, 156 F.3d 1030, 1034 (10th Cir. 1998), *citing Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952). Further, "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court on the basis of federal question jurisdiction." *Akin*, 156 F.3d at 1034; *Mater*, 200 F.2d at 124-25.

There is an additional source of federal district court "original jurisdiction" over federal enclaves, namely 16 U.S.C. §457, which provides the following:

> Action for death or personal injury within national park or other place under jurisdiction of United States; application of State laws. In the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be. (Feb. 1, 1928, c. 15, 45 Stat. 54).

Pursuant to 16 U.S.C. §457, federal courts are explicitly granted jurisdictional authority over death and personal injury claims arising in exclusive federal enclaves. *Stokes v. Adair*, 265 F.2d 662, 665-66 (4th Cir. 1959). The laws of the state that are assimilated under §457 "lose their character as laws of the state and become laws of the Union," thereby providing an independent basis for federal jurisdiction independent of the "arising under federal law" provision of 28 U.S.C. §1331. *Id.*

Thus, there are two different bases for the U.S. district courts' original jurisdiction over personal injury actions arising on a federal enclave. First, federal courts have original jurisdiction over claims involving federal enclaves pursuant to the "arising under" provision of 28 U.S.C. §1331 [hereinafter "federal enclave jurisdiction"]. Additionally, death and personal injury claims arising in exclusive federal enclaves are governed by 16 U.S.C. §457, which provides federal courts original jurisdiction over such actions through an explicit grant of jurisdictional authority [hereinafter "16 U.S.C. §457 jurisdiction"].

## II.   DISCUSSION

The numerous procedural and substantive arguments which Plaintiffs raise in the Motion to Remand are completely baseless, and are refuted in the following sections:

### A. DEFENDANTS PROPERLY JOINED IN AND CONSENTED TO REMOVAL OF THIS ACTION

1.   <u>Defendants fully complied with the procedural requirements for removal.</u>

The Removing Defendant fully complied with the procedural requirements set forth in 28 U.S.C. §§1441 and 1446, including complying with the "rule of unanimity"[1]

---

[1] The rule of unanimity, pursuant to 28 U.S.C. §1446(a)-(b), does not require that all defendants sign the same notice of removal; rather, it requires "that each defendant file a notice of removal, either

6

by obtaining the written joinder and consent of the other Defendants to this action, and filing the Notice of Removal within 30 days of service. These letters were all signed by the parties or their counsel, and each fully indicates that particular Defendants join in, and consent to, the removal of this action from Baltimore City Circuit Court to the U.S. District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. §457 jurisdiction. Each consenting Defendant was provided a copy of the Removal notice for review prior to giving consent. Thus, these letters from counsel meet or exceed every procedural requirement pertaining to joinder and consent, were submitted by Removing Defendants in both hard copy and electronically to the Office of the Clerk at the time of removal, and leave absolutely no doubt that all Defendants fully agreed to the removal of this action.

This process, whereby joining Defendants provide letters to Removing Defendants, who in turn submit the letters to the Office of the Clerk at the time of filing the Notice of Removal, is the current accepted practice of this Court, and had been sufficient to affirmatively demonstrate unambiguous joinder by co-defendants on multiple occasions in the past. For example, such letters were recently submitted to this Court at the time the Notice of Removal was filed in *McCurdy v. John Crane-Houdaille, Inc.*, et al. (Civil Action: 1:07-cv-2681-AMD) (D. Md.) (filed by counsel for Removing Defendants in the case *sub judice*), *Shifflett v. AC&R Insulation Co, Inc.*, et al. (Civil Action: 1:07-cv-2397-WDG) (D. Md.), *Hudson v. Rapid American Corporation*, et al. (Civil Action: 1:06-cv-03319-JFM) (D. Md.), and *Liming v. AC and S, Inc.*, et al. (Civil Action: 1:06-cv-3280-JFM) (D.Md.). Although Motions to Remand were filed by

---

independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty- day period following service of process." *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va. 1992).

Plaintiff in all four cases, none of the four Motions were granted, and each case was

subsequently transferred to the Asbestos MDL Court at the U.S. District Court for the

Eastern District of Pennsylvania.[2]

Plaintiffs devote considerable time and energy attempting to impugn the

sufficiency and validity of the joinder and consent letters.      However, Plaintiffs'

arguments are factually and legally erroneous.[3]

---

[2] Plaintiffs' arguments expressing their disdain for the MDL are completely irrelevant to the issues of whether this action was properly removed or whether dismissal is warranted, and thus will not be addressed in this Response.

[3] It should be noted that the Plaintiffs cited to five [5] different unreported opinions throughout their Memorandum, but failed to acknowledge them as "unreported" in their Table of Authorities on pages iv-vi, and completely failed to cite to them as "Not Reported in Fed. Supp...," though Westlaw clearly indicates this to be a part of the citation.  These opinions were as follows (correct citations provided, rather than those used by Plaintiffs):  *Bedell v. Board of Educ. Of Kent County*, Not Reported in F.Supp.2d, 2006 WL 173677 (D.Md. 2006); *Black & Decker (U.S.) Inc. v. Twin City Fire Ins. Co.*, Not Reported in F.Supp., 1993 WL 56784 (D.Md 1993);  *Brown v. Schiefer*, Not Reported in F.Supp.2d WL 2385314 (D.Md. 2006); *Nozick v. Davidson Hotel Co.*, Not Reported in F.Supp.2d, 2004 WL 34873 (D.Md. 2004);  *Rosamond v. Garlock Sealing Technologies, Inc.*, Not Reported in F.Supp.2d, 2004 WL 943924 (N.D.Miss. 2004). Plaintiffs do reference them being unreported on page viii.

Plaintiffs utilized four of these opinions on multiple occasions in support of their various arguments without acknowledging them to be unreported.  Thus, for example, Plaintiffs cited to *Rosamond v. Garlock Sealing Technologies* at length on page 4, and discussed *Brown v. Schiefer* as primary authority for an argument on page 17, yet failed to acknowledge them as unreported.  For the other two opinions, *Bedell v. Board of Educ.*, and *Nozick v. Davidson Hotel Co.*, Plaintiffs indicated that they were unreported on page 11 of their Memorandum; however, Plaintiff also cited to *Bedell* and *Nozick* on page 14, and to *Nozick* again on page 17, without acknowledging them as unreported, and as indicated supra, Plaintiffs did not indicate that they were unreported on their Table of Authorities.

However, even if Plaintiffs had acknowledged that these opinions were unreported, such opinions are not binding precedent in the Fourth Circuit. *See Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va. 1993).  Further, the citation of unpublished dispositions issued prior to January 1, 2007 is disfavored.  *See* Local Rules of the Fourth Circuit, Local Rule 32.1 (Citation of Unpublished Dispositions).  The only time that the use of unpublished opinions issued prior to January 1, 2007 is proper is when their use is essential to establishing res judicata, estoppel, law of the case, or when the opinions have material, precedential value for which there is no published opinion that would serve as well.  *Id.*  However, none of these opinions was issued after January 1, 2007, and at no point in the current matter have Plaintiffs ever alleged circumstances that might justify Plaintiffs' reference to unpublished opinions.

Finally, this is not an isolated issue, but is indicative of Plaintiffs' misrepresentations throughout their Memorandum In Support.  For example, in discussing the Rule of Unanimity (*See* Plaintiffs' Memorandum, Section III B), Plaintiffs argue that an entire line of cases stands for one proposition that would support Plaintiffs' arguments (i.e. that co-defendants are personally required to submit their written consent directly to the court in order to effectuate unanimity in a removal action), when in fact the entire line of cases actually stands for something completely different altogether and inapposite to this matter (i.e. that the mere representation by counsel for one defendant that another defendant had <u>verbally</u> joined in, consented to, or did not object to removal, with nothing more, was insufficient to constitute joinder of that other party).

2.  Plaintiffs misrepresent the case law on the Rule of Unanimity

Plaintiffs have made multiple erroneous arguments pertaining to the Rule of Unanimity, misrepresenting the holdings in the cases which they cite on pages 9-11 of their brief.  The cases cited by Plaintiffs actually stand for the proposition that the mere representation by counsel for one defendant that another defendant had verbally joined in, consented to, or did not object to the removal, with nothing more, was insufficient to constitute joinder of that other party.  This is clearly inapposite with the case *sub judice,* in which every defendant provided a written letter, signed by their counsel or a company officer, expressing the defendants' unambiguous joinder in, and consent to, the removal. Yet Plaintiffs completely ignore the facts of these cases, and instead try to twist their holdings to mean that every defendant must personally sign the Notice of Removal or personally file their own written joinder directly with the district court.  That is simply not the holding of these cases, nor is it the legal standard, and it is a stance contrary to the accepted practices of this Court.

For example, in *Anne Arundel County, Md. v. United Pacific Ins. Co.*, a case upon which Plaintiffs rely heavily (see P.'s Motion to Remand 2, Memorandum In Support 2, 10-11, 14-15), the U.S. District Court for the District of Maryland determined that defendant United Pacific Insurance Company's ["USIP's"] Petition to Remove was defective because it failed to demonstrate that co-defendant Greenman Pedersen, Inc. ["GPI"] had actually joined in the removal.  905 F.Supp. 277, 278-279 (D.Md. 1995). Plaintiffs in the present matter claim that the holding of the Anne Arundel Co. Court was that, "each consenting party must *independently* and *officially* file with the court an unambiguous pleading indicating their consent to or joinder in removal" (Plaintiff's

Memo in Support, 9-10; emphasis in original), thereby implying that the case hinged on whether each defendant had personally submitted its own written joinder directly to the court.  However, Plaintiffs have incorrectly paraphrased the Court's summary of the law, and have misrepresented the issues involved.  The Anne Arundel Co. Court actually stated the following: "In addition, while §1446 does not require that all defendants sign the same notice of removal, it does require that each defendant file a notice of removal, either independently *or by unambiguously joining in or consenting to another defendant's notice*, within the thirty-day period following service of process" (internal citations omitted, emphasis added).  *Anne Arundel Co.*, 905 F.Supp. at 278 (*citing Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va. 1992)).  Plaintiffs have thus mischaracterized the Court's summary of the law; the Court did not state that each defendant was required to personally submit its own written joinder directly to the Court.  Rather, the Court indicated only that the defendants were required to unambiguously join in or consent to the removal in writing.

Moreover, the decision in *Anne Arundel Co.* was actually based on the fact that GPI had, at most, made a verbal representation to UPIC, which was then set forth in writing by UPIC in its papers at the federal court.  As the Court stated, "UPIC attempts to avoid this result [remand] by stating that 'upon information and belief GPI does not object to this Petition for removal.'"  However, that statement does not constitute sufficient action by GPI to satisfy the requirements of §1446."  *Id.* at 279.  The Court ultimately concluded that it was basing its decision on a number of authorities, "which require all defendants within thirty days of service either to sign the petition or consent to the removal in writing" (emphasis added).  *Id.*  The Court never stated, as Plaintiffs in the

present action have implied, that each defendant must personally file its own written joinder directly with the Court.

The other authorities cited by Plaintiffs on the issue of unanimity involve circumstances analogous to *Anne Arundel Co.*, in which courts determined that the unanimity requirement is not satisfied when one party indicates in writing another party's <u>verbal</u> consent (or in some instances where the part argues that another party implicitly consented based on filing answers or motions in federal court, or by failing to object after removal). Such cases are thus inapposite to the present action, in which all proper defendants provided signed letters expressing their unambiguous joinder in the removal within the 30-day time period for removal. In addition to *Anne Arundel Co.*, Plaintiffs rely heavily on two similarly inapposite cases from the Fourth Circuit: *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va. 1992)(holding that Food Lion's representations that two co-defendants had verbally consented to the removal were insufficient to demonstrate their affirmative and unambiguous desire to have the case removed); and *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236-39 (N.D.W.Va. 1993)(determining that joinder was insufficient when Philadelphia Life Insurance Company's notice of removal represented, without more, that counsel for a co-defendant had consented to the removal; the court held that, "it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf"). Plaintiffs also cite to various <u>unreported opinions</u> from the Fourth Circuit that involve similar situations: *Bedell v. Board of Educ. Of Kent County*, Not Reported in F.Supp.2d, 2006 WL 173677 (D.Md. 2006)(finding that the

removing defendant's statement that, "the other defendants in this case...consent to this removal, and the undersigned has been expressly authorized by their attorney to so state," with nothing more, was insufficient to satisfy unanimity requirement); *Nozick v. Davidson Hotel Co.*, Not Reported in F.Supp.2d, 2004 WL 34873 (D.Md. 2004)(holding that a co-defendant's verbal consent to removal, given over the phone to counsel for the removing defendant on two separate occasions, did not constitute joinder and consent).

Plaintiffs also rely on similarly inapposite cases from other circuits. These include the following cases in which removing counsel represented in a removal petition that another defendant had somehow verbally (or implicitly) consented to removal: *Smith v. Union Nat'l Life*, 187 F.Supp.2d 635, 643-44 (S.D.Miss. 2001)(attorney's representation that "the notice of removal makes it objectively clear that [United National] consented to the removal and does not object to this federal forum" was insufficient to constitute joinder); *Amteco, Inc. v. BWAY Corp.*, 421 F.Supp.2d 1028, 1032 (E.D.Mo. 2003)(BWAY Corp.'s representation that St. Louis Paint Manufacturing Company had orally consented to removal was not sufficient under the removal statute; *Ogletree v. Barnes*, 851 F.Supp. 184, 187, 190 (E.D.Pa. 1994)(representations in a notice of removal that "all defendants to this action consent to its removal to federal District Court," with nothing else from two co-defendants, did not satisfy "rule of unanimity"); *Nathe v. Pottenberg*, 931 F.Supp. 822, 824-25 (M.D.Fla. 1995)(joinder was not satisfied when the counsel for two removing defendants averred in the notice of removal that "he has spoken with a representative of Hartford [Insurance Company of the Midwest] and has been advised that Hartford consents to the removal of this action," nor was it satisfied when Hartford filed an answer in federal court); *Landman v. Borough of Bristol*, 896

F.Supp. 406 (E.D.Pa. 1995)(finding that the Borough of Bristol had not provided its consent within 30 days based simply on Amtrak asserting in its removal petition that Bristol consented to the removal, with nothing more, or based on Bristol filing an answer in federal court); *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460, 461 (E.D.Mich. 1990)(defendant Jonick's removal notice held defective after it simply represented in its removal petition, with nothing more, that co-defendant Chrysler Corp. "does not object to the removal of this action and once removal is effected, they would be willing to litigate this matter in Federal Court"); *Henderson v. Holmes*, 920 F.Supp. 1184, 1186-88 (D.Kan. 1996)(Ford Motor Company's notice of removal held procedurally defective when it simply stated that co-defendant Darren Holmes did not object to removal and had given his consent, with nothing more); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074-75 (E.D.Wis. 1993)(Maryland Casualty Company's mere assertion in the notice of removal that co-defendant Northbrook Property and Casualty Company's consent to the removal was insufficient to demonstrate joinder of Northbrook to removal, as was the fact that Northbrook had filed an answer in federal court); *Spillers v. Tillman*, 959 F.Supp. 364 (S.D.Miss. 1997)(a removing physician's assertion in his Notice of Removal that the "defendants" are filing the removal does not demonstrate joinder and consent by the co-defendant hospital, nor does the fact that the hospital filed an answer and motion to dismiss in federal court); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)(assertion by a removing defendant in a notice of removal that a co-defendant had not been served, when co-defendant actually had been served two days before removal, but had submitted nothing in writing within 30 days of service, "could render removal improvident within the meaning of 28 U.S.C §1447(c)").

These cases simply do not involve the situation which occurred in the case *sub judice*, where all defendants provided their unambiguous written joinder and consent to removal.

      3.      <u>Bondex, Owens-Illinois and Hampshire each sufficiently expressed its joinder and consent to removal.</u>

Plaintiffs argue that "Defendants Bondex, Owens-Illinois and Hampshire expressly denied consent to the removal in their unofficial letters to counsel for Garlock." *See* Plaintiff's Memorandum, 16.  This argument is groundless and blatantly false.

Prior to removal, using all due diligence, counsel for Bondex, OI and Hampshire was unable to ascertain that it had been properly served in this matter.  Indeed, Plaintiffs concede that Hampshire's counsel was not served until August 21, 2008, the very day the Notice of Removal was filed in the case *sub judice*.

Notwithstanding the suspect timing of service, Defendants Bondex, OI and Hampshire each sufficiently expressed its joinder and consent to the removal of this action by absolutely and unconditionally agreeing to join in, and consent to, the removal of this action from State Court to U.S. District Court.  Specifically, Defendants Bondex, OI and Hampshire each agreed they would "join in, and consent to, the removal of this case to the United States District Court for the District of Maryland based on both federal enclave jurisdiction and 16 U.S.C. §457 jurisdiction" if and when properly served by Plaintiff.  *See* Exhibit 3, Letter from Jeannie P. Kauffman, counsel for Bondex, dated August 14, 2008; Exhibit 4, Letter from Steven A. Luxton, counsel for Owens-Illinois, dated August 18, 2008; and Exhibit 5, Letter from Malcolm S. Brisker, counsel for Hampshire, dated August 19, 2008.      Each of these statements was provided

electronically and in hard copy to the Office of the Clerk at the time the Notice of Removal was filed.  These statements are clear and unambiguous.

Thus, once again, the aforementioned cases erroneously relied upon by Plaintiff in its Memorandum simply do not involve the situation which occurred in the case *sub judice*, where all defendants provided their unambiguous written joinder and consent to removal.  Consent in the case *sub judice* was not limited to merely verbal agreements.

## B. THE U.S. DISTRICT COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER

### 1. Plaintiffs' Interrogatory Response provided the grounds for removal.

Under Federal law, the period in which a defendant may remove an action begins to run from the point in time in which the defendant is first put on notice that the case is removable.  *Lovern v. General Motors Corp.*, 121 F.3d 160; 1997 U.S. App. LEXIS 21469  The information that Plaintiffs did choose to disclose in their Answers to Interrogatories on August 21, 2008 made clear that Mr. Young was allegedly exposed to asbestos for nearly thirty years on an exclusive federal enclave, the National Institutes of Health.  This site was an exclusive federal enclave during the timeframe of Mr. Young's alleged exposures.  Upon providing this Answer, Plaintiffs effectively put Defendants on notice that this action was removable under federal question jurisdiction, thereby starting the clock on Defendants' narrow, 30-day window, during which they are statutorily granted the right to remove the case from state to federal court pursuant to 28 U.S.C. §§1441 and 1446.  If Defendants had failed to remove the action within 30 days of receiving such notice, they likely would have lost their right of removal forever on these grounds.  As the record notes, Defendants removed this action on August 21, 2008, the very day Plaintiffs chose to disclose their Answers to Interrogatories.  Defendants

removal under federal jurisdiction on August 21, 2008, was also within 30 days of the

Plaintiffs Complaint being filed on July 24, 2008.

**2.     The only papers that can be considered in assessing the removability of this action are those provided by Plaintiffs prior to removal.**

The law is well settled in all federal circuits that have decided the issue, including

the Fourth Circuit, that in assessing the removability of an action, a defendant is not

under any duty to investigate or make further inquiry beyond the papers submitted by

plaintiffs; rather, the defendant is entitled to rely upon what is contained in the "four

corners" of the Complaint or other papers that had been provided to defendant at the time

of removal. *Lovern*, 121 F.3d at 162. As the Fourth Circuit stated in *Lovern*,

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.  This test we adopt is consistent with that espoused by the Third and Fifth Circuits. *See Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir. 1993); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). (citations in original), 121 F.3d at 162.

*See also Harris v. Bankers Life and Casualty Company*, 425 F.3d at 694 (9th Cir. 2005)(in

holding that it would follow the law of the other circuit courts that had examined the

issue, the Ninth Circuit states, "we now conclude that notice of removability under

§1446(b) is determined through examination of the four corners of the applicable

pleadings, not through subjective knowledge or a duty to make further inquiry")

(emphasis added).

Thus once an action has been removed, a plaintiff is not permitted to supplement the record in an effort to defeat the removal and secure a remand; instead, in assessing removal jurisdiction, the Court should only consider that which was known to the defendant at the time of removal. *See, e.g., Harris*, 425 F.3d at 689; *Chapman v. Powermatic*, 969 F.2d 160 (5th Cir. 1992); *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48 (3e Cir. 1993); *Lovern*, 121 F.3d at 162. This result is logical, considering that removal jurisdiction attaches at the time of removal, and subsequent events cannot deprive the federal district court of jurisdiction. *Harding v. U.S. Figure Skating Ass'n*, 851 F.Supp. 1476 (D.Or. 1994).

Therefore, in the matter *sub judice*, the only allegations of particular exposure that can be considered as to removal are those available within the "four-corners" of the papers which Plaintiffs had provided Defendants prior to removal. As such, all new details and argument contained in Plaintiffs' Memorandum pertaining to Mr. Young's alleged lack of exposure at NIH (federal enclave) cannot be considered as this information was submitted to the Defendants for the first time following removal. Notwithstanding this fact, as noted above, Plaintiffs have argued and asserted that Mr. Young was allegedly exposed to numerous asbestos-containing products for nearly thirty years at the National Institutes of Health in their Answers to Interrogatories on August 21, 2008.

Moreover, Plaintiff's argument that Garlock has ignored Mr. Young's work at non-enclave sites is without merit. Plaintiff simply asserts in its Answer to Interrogatory No. 88 that Mr. Young also "may have been exposed to asbestos-containing products used in conjunction with the boiler at his father's laundry business in Arkansas."

Inextricably, Plaintiff argues that this matter should be precluded from federal jurisdiction based on this "potential" exposure to which no further information is provided.  In contrast, Plaintiff goes into great detail in identifying the numerous alleged exposures Mr. Young incurred while working at NIH from 1953-1980 in various positions including building engineer, senior building engineer, assistant unit chief, and unit chief."  (*See* Exhibit 1).  With respect to the NIH, Plaintiff's Answer to Interrogatory No. 88 subsequently provides that "Plaintiff believes that he was exposed to products which he used in the performance of maintenance and repairs in the course of his job and which other NIH employees and contractors used at NIH during these times.  Plaintiff may have been exposed to asbestos from: fireproofing, pipecovering, block, cement, drywall joint compound, gaskets, packing, floor tiles, ceiling tiles and other asbestos containing products.  Plaintiff also believes that he was exposed to asbestos containing materials that may have been used to insulate machinery and/or that was used in conjunction with machinery and tools."  *Id.*  Moreover, Plaintiff identified in its Answer to Interrogatory No. 11 that Mr. Young "ha[d] to remove insulation when performing repair work and maintenance on pipes and valves during the course of his work at NIH. He also worked around other NIH personnel and contractors performing renovations and new construction in the buildings under his charge at NIH."  *See* Exhibit 6, Plaintiffs' Response to Interrogatory No. 11.  Furthermore, Plaintiff also identified that while working at NIH, "he made rounds in the building which housed monkeys for *scientific research*."  *See* Exhibit 7, Plaintiffs' Response to Interrogatory No. 13 (emphasis added).

18

### 3.     The National Institutes of Health is an Exclusive Federal Enclave.

The National Institutes of Health ("NIH") is an exclusive federal enclave. The NIH is an agency of the U.S. Department of Health and Human Services. 42 U.S.C.A. §281. The NIH is also an agency of the Public Health Service. 42 U.S.C.A. §202 and §281. The main NIH campus is located at 9000 Rockville Pike, Bethesda, Maryland 20892. http://www.nih.gov (last visited October 6, 2008). The property occupied by the NIH at this address is owned by the United States Government. Maryland Department of Assessments and Taxation Real Property Data Search, Map HP21, Parcel P598. http://www.dat.state.md.us/

Furthermore, an excerpt of the Inventory Report indicates that NIH is a federal property located in Montgomery County, Maryland. The Inventory Report further indicates that NIH is a federal property over which the Federal Government exercises exclusive legislative jurisdiction, that the Federal Government acquired the property between 1935 and 1942, and that the legislative authority granting the Federal Government exclusive legislative jurisdiction over NIH was Maryland Laws 1953, Chapter 128.

Additionally, because the land at NIH was acquired both before and after the Federal Government adopted 40 U.S.C. §255 in 1940, the Federal Government acquired exclusive jurisdiction over those lands acquired between 1935 and 1940 as of the date acquired, and exclusive jurisdiction over the remainder in 1955. *See Inventory Report* , 63 Md. Op Att. Gen. 332, 1978 WL 33745 (Md.A.G.). Federal law applies not only to its founding and organization but also to the administration, operation and security of the NIH. The Director of the NIH is appointed by the President with advice and consent of

the Senate. 42 U.S.C.A. §282(a). The duties and responsibilities of the Director of the

NIH are codified at 41 U.S.C.A. §282(b). The Director of the NIH has available a

discretionary fund to carry out activities authorized under statute for, among other things,

research meeting certain criteria and for the purchasing or renting of equipment for

activities of various research institutes. 42 U.S.C.A. §282(i). Appropriations are also

available for, among other things, the maintenance of NIH buildings. 42 U.S.C.A.

§282(f). Additionally, the Director of the NIH also manages the National Institutes of

Health Management Fund. The use of this fund is for the purpose of facilitating the

economical and efficient conduct of operations in the NIH under certain criteria. 42

U.S.C.A. §290.

Moreover, and most compelling, is the fact that federal case law makes clear that

NIH is a federal enclave for federal jurisdiction purposes. The United States Supreme

Court has recognized that the NIH is a federal reservation or enclave. In *Evans v.

Cornman*, 398 U.S. 419 (1970), the Court was asked to determine whether residents who

lived on the grounds of the NIH, "a federal reservation or enclave within the geographical

boundaries of Montgomery County, MD", should be permitted to vote in Maryland. *Id.*

The Court held that "residents of the NIH grounds are just as interested in and connected

with electoral decisions as they were prior to 1953 when the area came under federal

jurisdiction." *Id.*, at 426. In his 1970 opinion in *Evans*, Justice Marshall wrote the

following:

> Under Art. I, s 8, cl. 17, of the United States Constitution, Congress
> is empowered to 'exercise exclusive Legislation in all Cases
> whatsoever over all Places purchased by the Consent of the
> Legislature of the State in which the Same shall be, for the Erection
> of Forts, Magazines, Arsenals, dock-Yards, and other needful
> Buildings.' **NIH, a medical research facility owned and**

> **operated by the United States Government, is one of the places subject to that congressional power.** The facility commenced operation more than 30 years ago, when land was purchased and residential buildings were built to allow scientists and doctors to live near their work. **It did not become a federal reservation, however, until 1953 when the State of Maryland ceded jurisdiction over the property to the United States.**

398 U.S. 419, 421 (1970) (emphasis added), Md.Ann.Code, Art. 96, s 34.

Thus, despite Plaintiffs' arguments, it is clear that the U.S. District Court has jurisdiction over any of Mr. Young's alleged harms occurring at the NIH, as proffered by the U.S. Supreme Court.

## III.   CONCLUSION

The U.S. District Court has original jurisdiction over this action under both federal enclave jurisdiction and 16 U.S.C. §457 jurisdiction, and thus removal of this action was appropriate under 28 U.S.C. §1441. Furthermore, Defendants fully adhered to all of the procedural requirements set forth in 28 U.S.C. §§1441 and 1446. As such, the removal of this action was proper, and Plaintiffs' Motion for Remand should be denied on all procedural and substantive grounds.

WHEREFORE, Removing Defendants respectfully request that this Court hold a hearing on this matter.

/s/ *Thomas P. Bernier*
Thomas P. Bernier
Federal Bar # 2141
Gregory S. Savage
Federal Bar # 27008
SEGAL, MCCAMBRIDGE, SINGER
& MAHONEY, LTD.
One North Charles Street
Suite 2500
Baltimore, MD  21201
Phone:    410-779-3960

21

Fax:        410-779-3967

Attorneys for:
Defendant Garlock Sealing
Technologies, LLC


## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of October, the foregoing Response in

Opposition to Plaintiff's Motion for Remand was electronically filed and served on all

counsel of record.


*/s/ Thomas P. Bernier*
Thomas P. Bernier

RECEIVED
CLERK'S OFFICE
2008 OCT 28  A 11: 32
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Click to Print                                          Printed on: Tuesday, October 21, 2008 11:27:26 EDT

**Case History Search**
Search Created:
Tuesday, October 21, 2008 11:27:26
EDT

---

| Court: | Baltimore City Circuit Court | Judge: | Judge, Baltimore | File & Serve Live Date: | 7/24/2008 |
|---|---|---|---|---|---|
| Division: | Not applicable | Case Number: | 24x08000343 | Document(s) Filed: | 48 |
| Case Type: | Personal Injury-Asbestos | Case Name: | Young, James Rowland vs A C & R Insulation Co Inc et al | Date Range: | All |

1-24 of 24 transactions    <<Prev Page 1 of 1 Next>>

| Transaction ▼ | Date/Time | Option | Case Number Case Name | Authorizer Organization | Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|
| 21564389 | 9/17/2008 11:51 AM EDT | File And Serve | Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Notice of Service | Proof of Service | 0.1MB |
|  |  |  |  |  | Exhibits | Exhibit A- Return Receipt Cards | 2.2MB |
| 21480413 | 9/12/2008 9:49 AM EDT | File And Serve | Multi-Case | Plaintiff Laision Counsel, Angelos, Peter G PC-Baltimore | Scheduling Order | Consolidation Order and Pre-Trial Schedule April 13, 2010 - Dixon Group Ruckdeschel Cases | 0.2MB |
| 21328414 | 9/3/2008 11:09 AM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Notice of Deposition | Amended Cross Notice of Videotaping Discovery Deposition | 0.1MB |
| 21326661 | 9/3/2008 9:55 AM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Chris R Mellott, Venable LLP-Towson | Notice of Deposition | Second Amended Notice of Deposition of Plaintiff, James Rowland Young | 0.1MB |
| 21326287 | 9/3/2008 9:20 AM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | M King Hill, Venable LLP-Towson | Notice of Deposition | Amended Notice of Deposition of Plaintiff, James Rowland Young | 0.1MB |
| 21172410 | 8/21/2008 2:23 PM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Thomas Peter Bernier, Segal McCambridge Singer & Mahoney-Baltimore | Notice | Notice of Filing a Notice of Removal of Civil Action - filed on August 21, 2008 at 2:03 p.m. | 0.1MB |
| 21172232 | 8/21/2008 2:15 PM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Amended Complaint | Amendment by Interlineation adding as party defendant, JJK Group, Inc. | 0.1MB |
| 21171041 | 8/21/2008 1:34 PM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Michelle Noorani, Miles & Stockbridge PC-Baltimore | Answer | Georgia Pacific, LLC's Answer to Plaintiff's Complaint | 0.1MB |
| 21164744 | 8/21/2008 10:52 AM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Answer to Interrogatories | Plaintiff James Rowland Young's Answers to Master Interrogatories | 0.2MB |
|  |  |  |  |  | Exhibits | Exhibit 1 - Medical Records Received To-Date for Plaintiff | 0.9MB |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Certificate | | Certificate of Service of Discovery | 0.1MB |
| 21150050 | 8/20/2008 1:17 PM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Notice of Deposition | Cross Notice of Videotaping Discovery Deposition | 0.1MB |
| 21143360 | 8/20/2008 9:45 AM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Opposition | Plaintiffs' Opposition to Hampshire Industries, Inc.'s Objections to Subpoena and Motion to Quash Subpoena or For Protective Order. | 0.1MB |
| | | | | | Proposed Order | Proposed Order | 0.1MB |
| | | | | | Exhibits | Exhibit 1 | 0.3MB |
| 21123233 | 8/19/2008 8:50 AM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Amended Complaint | Amendment by Interlineation, Hampshire Industries, Inc. ● Linked to (1) | 0.1MB |
| 21120924 | 8/18/2008 6:52 PM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Malcolm Sean Brisker, Goodell DeVries Leech & Dann LLP | Objection | HAMPSHIRE INDUSTRIES, INC.'S OBJECTIONS TO SUBPOENA AND MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER ● Linked to (2) | 0.1MB |
| | | | | | Proposed Order | PROPOSED ORDER FOR HAMPSHIRE INDUSTRIES, INC.'S OBJECTIONS TO SUBPOENA AND MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER | 0.1MB |
| 21102804 | 8/18/2008 11:38 AM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Richard L Flax, Flax, Richard L LLC | Answer | Answer of Walter E. Campbell Company, Inc. | 0.1MB |
| | | | | | Answer to Crossclaim | Answer of Walter E. Campbell Company, Inc. To Crosscaims, etc. | 0.1MB |
| | | | | | Crossclaim | Crossclaim By Walter E. Campbell Company, Inc. | 0.1MB |
| 20978954 | 8/15/2008 9:00 AM EDT | File And Serve | Multi-Case | M King Hill, Venable LLP-Towson | Answer | Short Form Answer of The Goodyear Tire & Rubber Company-Cases Affected-Gerard A. Heid, George Katsafanas, Richard W. Kauffman, Arthur E. Linke, Pauline J. Lyles, Eugene J. Wysocki and James R. Young | 0.1MB |
| 21035818 | 8/15/2008 9:00 AM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | M King Hill, Venable LLP-Towson | Answer | Short Form Answer of Rapid American Corporation to Complaint Filed by James Rowland Young | 0.1MB |
| 21084206 | 8/14/2008 7:58 PM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Benjamin D Whetzel, Segal McCambridge Singer & Mahoney-Baltimore | Answer | Garlock Sealing Technologies LLC's Answer to Plaintiff's Complaint | 0.1MB |
| | | | | | Answer | Anchor Packing Company's Answer to Plaintiff's Complaint | 0.1MB |
| 21074364 | 8/14/2008 2:24 PM EDT | File And Serve | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | M King Hill, Venable LLP-Towson | Notice of Deposition | Notice of Deposition of Plaintiff, James Rowland Young | 0.1MB |
| 21073474 | 8/14/2008 | File | 24x08000343 | Dawn P | Notice of | Notice of Deposition of | 0.1MB |

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  | 1:44 PM EDT | Only | Young, James Rowland vs A C & R Insulation Co Inc et al | O'Croinin, Ruckdeschel Law Firm LLC | Deposition | James Young |  |
| 20957188 | 8/6/2008 2:34 PM EDT | File Only | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Letter | Letter to all counsel regarding discovery and de bene esse depositions of Plaintiff James Young. | 0.1MB |
| 20948027 | 8/6/2008 10:05 AM EDT | File Only | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Amended Complaint | Amendment by Interlineation, John J. Kirlin, LLC<br>• Linked to (1) | 0.1MB |
| 20909276 | 8/4/2008 10:52 AM EDT | File Only | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Notice of Deposition | Notice of Deposition Duces Tecum, Garlock Sealing Technologies, LLC | 0.1MB |
| 20884573 | 7/31/2008 5:09 PM EDT | File Only | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Notice of Deposition | Notice of Taking Deposition Duces Tecum, A.C. & R. Insulation Co., Inc. | 0.1MB |
|  |  |  |  |  | Notice of Deposition | Notice of Taking Deposition Duces Tecum, John Crane, Inc. | 0.1MB |
|  |  |  |  |  | Notice of Deposition | Notice of Taking Deposition Duces Tecum, John H, Hampshire, Inc.<br>• Linked from (1) | 0.1MB |
|  |  |  |  |  | Notice of Deposition | Notice of Taking Deposition Duces Tecum, Kraft Murphy Company | 0.1MB |
|  |  |  |  |  | Notice of Deposition | Notice of Taking Deposition Duces Tecum, E.L. Stebbing & Co., Inc. | 0.1MB |
|  |  |  |  |  | Notice of Deposition | Notice of Taking Deposition Duces Tecum, Stebbing Company, Inc. | 0.1MB |
|  |  |  |  |  | Notice of Deposition | Notice of Taking Deposition Duces Tecum, Hampshire Industries, Inc. | 0.1MB |
|  |  |  |  |  | Exhibits | Exhibit- John H. Hampshire Supoena | 0.3MB |
|  |  |  |  |  | Exhibits | Exhibit- Kraft Murphy Supoena | 0.3MB |
|  |  |  |  |  | Exhibits | Exhibit- E.L. Stebbing & Co., Inc. Supoena | 0.3MB |
|  |  |  |  |  | Exhibits | Exhibit- Stebbing Company, Inc. Supoena | 0.3MB |
|  |  |  |  |  | Exhibits | Exhibit- Hampshire Industries, Inc. Supoena<br>• Linked from (1) | 0.3MB |
| 20788417 | 7/24/2008 4:52 PM EDT | File Only | 24x08000343 Young, James Rowland vs A C & R Insulation Co Inc et al | Dawn P O'Croinin, Ruckdeschel Law Firm LLC | Complaint | Complaint & Demand for Jury Trial<br>• Linked from (2) | 0.1MB |
|  |  |  |  |  | Civil Non-Domestic Case Info Report | Civil Non-Domestic Case Information Report | 0.8MB |
|  |  |  |  |  | Inactive Civil Docket Information Form | Inactive Civil Docket Information Form | 0.1MB |
|  |  |  |  |  | Request for Removal from Inactive Civil | Request for Removal from Inactive Civil Docket | 0.1MB |

| Docket Exhibits | |  |
|---|---|---|
| | Exhibit - Pathology Report, June 9, 2008, of James Rowland Young | 0.9MB |

1-24 of 24 transactions    <<Prev **Page 1 of 1** Next>>