MDL 875

**TUCKER ELLIS & WEST LLP**
EVAN C. NELSON – STATE BAR NO. 172957
LANCE WILSON- STATE BAR NO. 183852
TIMOTHY C. CONNOR – STATE BAR NO. 236529
135 Main Street
Suite 700
San Francisco, CA 94105
Telephone: 415.617.2400
Facsimile: 415.617.2409

Attorneys for Defendant Reliance Electric Company

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 31 2008

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

This Document Relates to:
HARRY LeMASTER, et al. v.
ALLIS-CHALMERS CORP. PRODUCT
LIABILITY TRUST, et al.

)
)
)
)
)
)
)
)
)
)

**MDL DOCKET NO. 875**
**CTO – 314**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

HARRY LeMASTER, et al.

Plaintiffs,

v.

ALLIS-CHALMERS CORP. PRODUCT
LIABILITY TRUST, et al.

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. C 08 03316 PJH

**DEFENDANT RELIANCE ELECTRIC
COMPANY'S BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION BEFORE THE
JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION TO VACATE CONDITIONAL
TRANSFER ORDER 314**

Plaintiff Harry LeMaster argues that the Panel should vacate Conditional Transfer Order 314 because (1) his asbestos action is uniquely different than other asbestos actions that have been previously transferred to MDL No. 875 and therefore does not share common questions of fact; (2) he would be inconvenienced by having to travel to Philadelphia for settlement conferences and court hearings; and (3) it is unjust and inefficient to transfer his "straightforward personal injury action." This Panel, however, has considered—and rejected—all of Plaintiff's arguments.

OFFICIAL FILE COPY
IMAGED OCT 31 2008

1

DEF. RELIANCE ELEC. CO.'S BRIEF IN OPP. TO PLS.'
MOT. BEFORE THE JPML TO VACATE CONDITIONAL
TRANSFER ORDER 314

011443.000010.161908

TUCKER ELLIS & WEST · PLEADING NO. 5668
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

**A. Plaintiff's asbestos claim is no different than claims currently part of MDL No. 875.**

It is well established that cases involving common questions of fact are good candidates for multidistrict "tag-along" consolidation. In re Shirley Homes Corp. Sec. Litig., 442 F.Supp. 547, 549 (J.P.M.L. 1977). But Plaintiff argues here that his case should not tag along because it is dissimilar from the other asbestos lawsuits that are part of MDL No. 875. He claims that although he shares exposure to common material—asbestos fibers—his case is different in its "simplicity and limited scope." Pl.'s Mot. to Vacate at 3:21-22. He offers no explanation or authority for why this unsupported statement should exempt him from MDL No. 875, only that it should be so. And despite its "simplicity," he claims that his case is nonetheless unique because of his work history and product identification, even though he provides no factual support or legal authority to support this claim. Id.

The evidence presented to this Court shows that Plaintiff claims exposure to asbestos while he worked in shipyards to thermal pipe insulation as well as gaskets and packing from common ship systems and equipment such as turbines, boilers and pumps. (See Plaintiff's response to Interrogatory No. 26 of Plaintiff's Responses to San Francisco Superior Court Standard Asbestos Case Interrogatories, set one—Said Interrogatories and Plaintiff's Responses thereto are attached to the Declaration of Lance Wilson as Exhibit A). Plaintiff also claims exposure to asbestos released from automotive brakes. Id.

Plaintiff's action is not unique. He alleges personal injury caused by asbestos or asbestos-containing products just like the thousands of actions previously transferred to MDL No. 875. And like those previously-transferred cases, all involve common questions of fact that are well-suited for multidistrict "tag-along" consolidation. E.g., In re Asbestos Prods. Liab. Litig. (No. VI), 560 F.Supp.2d 1367, 1368 (J.P.M.L. 2008); In re Asbestos Prods. Liab. Litig. (No. VI), 545 F.Supp.2d 1359, 1360 (J.P.M.L. 2008); In re Asbestos Prods. Liab. Litig. (No. VI), 170 F.Supp.2d 1348, 1348 (J.P.M.L. 2001). But even if Plaintiff's claims are unique (and they are not), the Panel has repeatedly stated uniqueness alone does not preclude transfer. Instead, the transferee judge is better suited to determine if and when Plaintiff's claims are sufficiently unique to warrant remand. 560 F.Supp.2d at 1369; 545 F.Supp.2d at 1361; 170 F.Supp.2d at 1350.

Plaintiff's claims of dissimilarity are unjustified. And unlike the In re Boeing Company

DEF. RELIANCE ELEC. CO.'S BRIEF IN OPP. TO PLS.'
MOT. BEFORE THE JPML TO VACATE CONDITIONAL
TRANFER ORDER 314

TUCKER ELLIS & WEST LLP
Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

Employment Practices Litig. (No. II) case cited by Plaintiff, there are not a "minimal number of actions" on the MDL No. 875 docket, nor are there dissimilar questions of fact like those relating to the terms and conditions of an individual employees' employment that would justify vacating transfer.  In re Boeing, 293 F.Supp.2d 1382, 1383 (J.P.M.L. 2003).  To the contrary, Plaintiff's action involves factual issues that are no different from cases that have been previously transferred to MDL No. 875.

**B.  Transfer would not inconvenience Plaintiff; the transferee court can tailor pretrial proceedings if and when necessary.**

Plaintiff next takes issue with the order creating MDL No. 875.  He claims that although the Panel explained that there is "usually no need" for the parties to travel to Pennsylvania, he insists that travel there is necessary to participate in settlement conferences and court hearings.  Pl.'s Mot. to Vacate at 4:3-9.  Like Plaintiff's arguments discussed above, he provides no support for this statement.

But even if he had, the Panel creating MDL No. 875 weighed the interests of all parties and looked at "multiple litigation as a whole in light of the purposes of the law" when it determined that centralization was necessary.  In re Asbestos Prods. Liab. Litig. (No. VI), 771 F.Supp. 415, 420 (J.P.M.L. 1991).  The Panel, therefore, was not unmindful of convenience concerns and noted that judicious use of resources would "eliminate the need for most counsel ever to travel to the transferee district."  Id. at 422.  Unwavering from this position, the Panel has repeatedly found the convenience requirement satisfied despite repeated attempts to vacate a conditional transfer order.  E.g., In re Asbestos Prods. Liab. Litig. (No. VI), 560 F.Supp.2d 1367, 1368 (J.P.M.L. 2008) (transferring cases from California, Florida, and Rhode Island); In re Asbestos Prods. Liab. Litig. (No. VI), 545 F.Supp.2d 1359, 1360 (J.P.M.L. 2008) (transferring cases from Connecticut, Illinois, Maryland, and New Jersey); In re Asbestos Prods. Liab. Litig. (No. VI), 170 F.Supp.2d 1348, 1348 (J.P.M.L. 2001) (transferring cases from Mississippi and Texas); In re Asbestos Prods. Liab. Litig. (No. VI), Nos. 875, 3:01-540, 3:02-1627, & 1:00-1454, 2001 WL 1042562 (J.P.M.L. Aug. 29, 2001) (transferring cases from California and Illinois); In re Asbestos Prods. Liab. Litig. (No. VI), Nos. 3:95-3705, 3:95-3709, 3:95-652, 3:95-1337, & 3:95-1543, 1996 WL 143826 (J.P.M.L. Feb. 16, 1996) (transferring cases from California, Louisiana, and Oregon).  Despite the limited intrusion upon parties and counsel envisioned

3

011443.000010.161908

by the panel creating MDL No. 875, a transferee court acts well within its discretion in tailoring pretrial proceedings for the convenience of the parties if and when the proceedings become unduly burdensome. In re East of the Rockies Concrete Pipe Antitrust Cases, 302 F.Supp. 244 (J.P.M.L. 1969).  Outright exclusion from the MDL, however, is unjustified.

Although not argued under this section, Plaintiff argues preliminarily that he is concerned that he will be denied his day in court because his health is precarious and deteriorating.  Pl.'s Mot. to Vacate at 2:12-21.  Plaintiff's argument regarding health concerns is not supported by any evidence and is simply based on statements made by his counsel.  At any rate, this argument is not a basis for vacating the conditional transfer order.  See In re Asbestos Prods. Liab. Litig. (No. VI), 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001) (rejecting argument that transfer would effectively deny plaintiffs their constitutional right to a jury trial).  Nor is the fact that Plaintiff may have mesothelioma a basis for vacating the transfer order.  As noted above, the transferee court can and has exercised its discretionary power to tailor pretrial proceedings to accommodate the exigencies of asbestos litigation, which includes prioritizing cases for trial based on the severity of a claimant's injury.  See In re Patenaude, 210 F.3d 135, 140 (3d Cir.2000) (noting the transferee court's administrative order prioritizing for mediation cases involving mesothelioma and certain lung cancers; see also In re Asbestos Prods. Liab. Litig. (No. VI), No. Civ. A No. MDL 875, 1996 WL 539589 (E.D.Pa. Sept. 16, 1996) (noting that the court has prioritized malignancies and other serious disease cases).  Plaintiff's complaints of hardship do not justify vacating the conditional transfer order.

It should also be noted that Plaintiff lives in Georgia and that all of his treating physicians and facilities where he is treated are all located in Georgia.  (See Plaintiff's Responses to Interrogatory Nos. 1e, 10, 11, 12, 20, 21 attached to the Declaration of Lance Wilson as Exhibit A)  However, Plaintiff opted to file his case in San Francisco, California which establishes that he is not averse to litigating this matter in a venue far remote from his home and doctors.

**C. Transferring this case to the MDL No. 875 is efficient and just.**

Plaintiff last complains that it would be unjust and inefficient to transfer his case to MDL No. 875.  Not only does he argue that his action is dissimilar to cases in the MDL, but he claims that only

TUCKER ELLIS & WEST LLP
Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco

4

011443.000010.161908

"end-stage pretrial proceedings remain." Pl.'s Mot. to Vacate at 5:3-4. He provides no support for this bold assertion because there is none. As recently as June 2008—only four months ago—the Panel denied similar requests to vacate conditional transfer orders to MDL 875. *See* In re Asbestos Prods. Liab. Litig. (No. VI), 560 F.Supp.2d 1367, 1368 (J.P.M.L. 2008).

In this case the only discovery that has been conducted or served is Plaintiff's generic responses to San Francisco Superior Court's Standard Asbestos Case Interrogatories, set one (attached to the Declaration of Lance Wilson as Exhibit A). Plaintiff has not been deposed and the parties have not yet conducted special written discovery. (See the Declaration of Lance Wilson at paragraph 3). There has been virtually no discovery conducted in this case to date.

Despite the inaccuracy of Plaintiff's claims, Plaintiff nonetheless argues that his case is unlike the "class-action natured asbestos action" that he claims was the "context" in which MDL No. 875 was created. He claims that his case is nothing more than a "straightforward personal injury action" that can be addressed locally rather than in the Eastern District of Pennsylvania. Pl.'s Mot. to Vacate at 5:11-13.

Yet, how Plaintiff characterizes his action is immaterial. In re Asbestos Prods. Liab. Litig. (No. VI), Nos. 875, 3:01-540, 3:02-1627, & 1:00-1454, 2001 WL 1042562 (J.P.M.L. Aug. 29, 2001) (regardless of how plaintiffs characterize the nature of their complaints, they all present the same key issues). Plaintiff's "straightforward personal injury case" is not unlike the other personal injury cases pending in MDL No. 875. All allege either personal injury or wrongful death caused by asbestos exposure. Plaintiff here alleges personal injury caused by asbestos exposure. Straightforward or not, a personal injury case based on asbestos exposure is still a personal injury case not unlike the other personal injury cases that have been previously transferred to MDL No. 875. Plaintiff's case, too, should be transferred.

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

5

011443.000010.161908

**Conclusion**

Vacating the conditional transfer order is unwarranted. Common questions of fact exist between Plaintiff's asbestos-related personal injury case and those cases previously transferred to MDL No. 875. And as repeatedly determined by the Panel under conditions similar to those presented here, tag-along consolidation with MDL No. 875 serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation.

Defendant Reliance Electric Company therefore respectfully requests that the Panel deny Plaintiff Harry LeMaster's Motion to Vacate Conditional Transfer Order No. 314.

DATED: October 29, 2008                    Tucker Ellis & West LLP

By: _____

Lance Wilson
Attorneys for Defendant
Reliance Electric Company

074908.000541.1020773.1

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

RECEIVED
CLERK'S OFFICE
2008 OCT 30 A 11: 33
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

6

DEF. RELIANCE ELEC. CO.'S BRIEF IN OPP. TO PLS.'
MOT. BEFORE THE JPML TO VACATE CONDITIONAL
TRANFER ORDER 314

011443.000010.161908

**TUCKER ELLIS & WEST LLP**
EVAN C. NELSON – STATE BAR NO. 172957
LANCE WILSON – STATE BAR NO. 183852
TIMOTHY C. CONNOR – STATE BAR NO. 236529
135 Main Street
Suite 700
San Francisco, CA  94105
Telephone:   415.617.2400
Facsimile:   415.617.2409

Attorneys for Defendant Reliance Electric Company

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 31 2008

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)<br><br>This Document Relates to:<br>HARRY LeMASTER, et al. v.<br>ALLIS-CHALMERS CORP. PRODUCT LIABILITY TRUST, et al. | **MDL DOCKET NO. 875**<br>**CTO – 314** |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY LeMASTER, et al.<br><br>          Plaintiffs,<br><br>     v.<br><br>ALLIS-CHALMERS CORP. PRODUCT LIABILITY TRUST, et al.<br><br>          Defendants. | Case No. C 08 03316 PJH<br><br>**DECLARATION OF LANCE WILSON IN SUPPORT OF DEFENDANT RELIANCE ELECTRIC COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 314** |

I, LANCE WILSON, declare as follows:

1.        I am an attorney licensed to practice law in the State of California and before the United States District Court for the Northern District of California, and I am Counsel in the law firm of Tucker Ellis & West LLP, attorneys for defendant Reliance Electric Company ("Reliance").  I have personal knowledge of the following facts and, if called upon to do so, could and would competently testify thereto.

1

2.      Attached to this Declaration as Exhibit A are true and correct copies of San Francisco Superior Court's Standard Asbestos Case Interrogatories, set one and Plaintiff's responses thereto.

3.      Other than Plaintiff's responses to San Francisco Superior Court's Standard Asbestos Case Interrogatories, set one, Reliance has not propounded or received any discovery requests or responses served by any party in this matter.  Further, Reliance has not received notice of any depositions to take place in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 29th Day of October, 2008.

By: _____

Lance Wilson, Declarant

DECLARATION OF LANCE WILSON

011443.000010.161909

1  TUCKER ELLIS & WEST LLP
   CURTISS L. ISLER STATE BAR NO. 146903
2  515 South Flower Street
   Forty Second Floor
3  Los Angeles, CA 90071-2223
   Telephone: 213.430.3400
4  Facsimile: 213.430.3409
   Email: curt.isler@tuckerellis.com
5
   TUCKER ELLIS & WEST LLP
6  LANCE D. WILSON STATE BAR NO. 183852
   135 Main Street, Suite 700
7  San Francisco, California 94105
   Telephone: (415) 617-2400
8  Facsimile: (415) 617-2409
   Email: lance.wilson@tuckerellis.com
9
   Attorneys for Defendant
10 RELIANCE ELECTRIC COMPANY

11

12              **UNITED STATES JUDICIAL PANEL**

13                **ON MULTIDISTRICT LITIGATION**

14

15  IN RE: ASBESTOS PRODUCTS              ) **MDL DOCKET NO. 875**
    LIABILITY LITIGATION (NO. VI)         ) **CTO – 314**
16                                        )
    This Document Relates to:             )
17  HARRY LeMASTER, et al. v.             )
    ALLIS-CHALMERS CORP. PRODUCT          )
18  LIABILITY TRUST, et al.               )
                                          )
                                          )

19

20              **UNITED STATES DISTRICT COURT**

21            **NORTHERN DISTRICT OF CALIFORNIA**

22  HARRY LeMASTER, et al.                Case No. **C 08-03316 PJH**

23          Plaintiffs,                   **PROOF OF SERVICE OF**
                                          **DEFENDANT'S OPPOSITION TO**
24      v.                                **PLAINTIFF'S MOTION TO VACATE**
                                          **CONDITIONAL TRANSFER ORDER**
25  ALLIS-CHALMERS CORP. PRODUCT          **313 AND DECLARATION OF LANCE**
    LIABILITY TRUST, et al.               **WILSON**
26          Defendants.

27

28

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 31 2008

FILED
CLERK'S OFFICE

---
                              1
SFOiManage/074908/000541/160213/1
011443 000010 161917 1

1

2

## PROOF OF SERVICE

3       I hereby certify that a copy of the foregoing **DEFENDANT'S OPPOSITION TO**

4   **PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313 AND**

5   **DECLARATION OF LANCE WILSON** was served via regular U.S. Mail, postage prepaid,

6   this 29th day of October, 2008, upon each attorney listed on the attached Panel Attorney Service

7   List.

8

9

10

11

12

13   By: _Anna Pasynkova_

14        Anna Pasynkova

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

SFOiManage/074908/000541/160213/1
011443.000010.161917.1

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-314)**

Harry Lemaster, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al.,
N.D. California, C.A. No. 3:08-3316
Finas Belk, et al. v. Bucyrus International, Inc., et al.,
N.D. California, C.A. No. 3:08-3317

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

David W. Fermino
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Curtiss L. Isler
TUCKER ELLIS & WEST LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90017-2223

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Evan Craig Nelson
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Frank D. Pond
POND NORTH LLP
350 South Grand Avenue
Suite 2850
Los Angeles, CA 90071

**MDL No. 875 - Panel Service List (Excerpted from CTO-314 (Continued)**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

James G. Scadden
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Lance D. Wilson
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105

**Exhibit A**



sfgov | residents | business | government | visitors | online services | search

Superior Court >> Court Divisions >> Civil Division >> Asbestos (General Orders) >> Exhibits to General Order No. 129

# Superior Court of California
### County of San Francisco

## Defendants' Standard Set 1(Personal Injury)

Plaintiff(s),

vs.

Defendant(s).

_____/

NO.

**DEFENDANTS' STANDARD
INTERROGATORIES
TO PLAINTIFF (Personal
Injury), Set 1**

PROPOUNDING PARTY: Defendants.

RESPONDING PARTY:

SET NUMBER:          One

### INTRODUCTION

Pursuant to San Francisco General Order No. 129 each plaintiff in the abovecaptioned asbestos litigation is required to respond to the following standard interrogatories separately and fully in writing, under oath, pursuant to Code of Civil Procedure Section 2030 within fifteen (15) days of the first service on any defendant of a complaint. In responding to these standard interrogatories, YOU are required to furnish all information that is available to YOU or YOUR attorney(s). If YOU cannot answer a standard interrogatory completely, answer it to the fullest extent possible and specify the reason(s) for YOUR inability to respond fully.

If any defendant is not satisfied with the responses to these interrogatories, any one defendant after consultation with Designated Defense Counsel, may move to compel appropriate responses under the applicable California Code of Civil Procedure sections and after complying with California Rules of Court and Local Rules of Court.

### DEFINITIONS

1. "AREA" means the name of the specific structure, building, building number, floor of the building, ship compartment, process line, unit, piece of equipment, or other specific place within the WORKSITE.

2. "ASBESTOSCONTAINING MATERIAL" means a material or product which consists of, or contains the mineral asbestos.

3. "CONTROL" means the act(s) of directing the manner and/or methods of conducting the work at a WORKSITE.

4. "DESCRIBE" as it relates to material means provide a complete description of the material including but not limited to: the material name, manufacturer, supplier, distributor, color, texture, consistency, shape, size and any markings;

a description of the material's container including size, color and all writing on that container; and a description of how the material was used.

5. "DOCUMENTS" means any writing, as defined in Evidence Code Section 250 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, computer printout, and every other means of recording upon any tangible thing or form of communication or representation including letters, words, pictures, sounds or symbols or combinations of them.

6. "IDENTIFY" as it relates to a DOCUMENT means provide the title of the DOCUMENT, the date the DOCUMENT was generated, the name of the author of the DOCUMENT, a description of the DOCUMENT (e.g., letter, memorandum, report, book, photograph, etc.) and any other information which would be required to specify the DOCUMENT in a request for production of DOCUMENTS issued pursuant to Code of Civil Procedure Section 2031.

7. "IDENTIFY" as it relates to an employer means to state the employer's name, address and telephone number.

8. "IDENTIFY" as it relates to a person means to provide the name, place of employment, job title, address and telephone number for each person.

9. "IDENTIFY" as it relates to a ship means to state the name of the ship, the owner of the ship, the operator of the ship, the type of ship, and the hull number of the ship.

10. "LOCATION" means the city, state, country, street address, intersection or shipyard. For work aboard ship, please IDENTIFY the ship and where it was located during the time YOU worked on board.

11. "OCCASION" refers to a day, any part of a day, or a series of day(s), week(s), month(s) or year(s) during which YOU worked continuously at a WORKSITE.

12. "RAW ASBESTOS" means asbestos fiber mined or milled, either packaged or in bulk, not compounded with other substances and essentially pure with the exception of naturally occurring trace amounts of other substances.

13. "RESPONSIBLE PARTY" means any person, business organization, or enterprise, including but not limited to the defendants in this action.

14. "SAFETY PRECAUTION" means respirators, masks, fans, air blowers, tarps, wetdown procedures, isolation and any other equipment and/or methods used to limit or prevent exposure to dust.

15. "WORKSITE" means any LOCATION where YOU worked at any time.

16. "YOU" and "YOUR" refer to the person who is named above as the responding party. If more than one responding party is named, "YOU" and "YOUR" refer to each responding party separately, not jointly.

## INTERROGATORIES

1. Please state YOUR:

   A. Full name including first, middle and last names;

**B.** Date of birth;

**C.** Age;

**D.** Place of birth;

**E.** Address;

**F.** Height and weight;

**G.** Social Security number;

**H.** Kaiser number;

**I.** Government Serial number;

**J.** Military Serial number;

**K.** Driver's license number and state;

**L.** All of the names by which YOU have been known;

**M.** Highest grade level of school completed;

**N.** Current spouse's name;

**O.** Spouse's date of birth;

**P.** Date of current marriage;

**Q.** Spouse's current address;

**R.** Spouse's occupation/employer;

**S.** Name(s) of any former spouse(s);

**T.** Date(s) of any former marriage(s); and

**U.** Place, date and circumstances under which any marriage(s) was (were) dissolved or terminated.

2.  For each child (either natural or adopted) of any marriage, state:

**A.** Name;

**B.** Date of birth;

**C.** Whether natural or adopted;

**D.** Address;

**E.** Occupation; and

Case MDL No. 875    Document 5668    Filed 10/31/08    Page 17 of 45

**F.** Whether the child is living or dead.

3. Are either of YOUR natural parents alive? If YOUR answer is "yes", please state for each parent:

   **A.** Name of parent;

   **B.** Current age;

   **C.** Any history of cancer or respiratory disease; and

   **D.** Occupation.

4. For each of YOUR blood relatives (for example: parent, grandparent, sibling, child, aunt, uncle) whom YOU believe died of either a malignancy (cancer) or pulmonary (lung) disease other than pneumonia, please state, separately for each person:

   **A.** Full name;

   **B.** Blood relation to YOU (for example: parent, grandparent, sibling, aunt, uncle);

   **C.** Age at death;

   **D.** Date of death;

   **E.** City, county and state where the person died; and

   **F.** The cause of death, as specifically described as possible;

   **G.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

5. State as completely as possible the address of each of YOUR residences during YOUR lifetime and the inclusive dates of each period of such residence.

6. State YOUR educational background and identify all institutions attended, including any apprenticeship courses, or formal onthejob training and identify all institutions attended, the date graduated from each institution, and YOUR major course of study and any special scholastic honors or degrees received.

7. State the earliest date that service of the summons and complaint was effected on any defendant in this case.

8. Have YOU ever been convicted of a felony? If "yes", please state fully and in detail the date, place and nature of each such felony conviction. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

9.  Have YOU ever been a member of the Armed Forces? If "yes", please state: each branch of service in which YOU served; the inclusive dates of YOUR service; the date of YOUR discharge from active duty; YOUR service number; each place (e.g., fort, base, station, etc.) at which YOU served; and YOUR duties at each place. If YOU have not ever been a member of the Armed Forces due to health reasons, please state the health reasons.

10.  For every doctor who has ever treated or examined YOU during the last 10 years for any condition, and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each treatment or examination:

A. Doctor's name;

B. Doctor's address;

C. Treatment or examination received;

D. Date(s) of treatment or examination;

E. Reason for treatment or examination;

F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

11.  For every hospital in which YOU have ever been treated, tested, or examined whether as an "inpatient" or as an "outpatient" during the last 10 years for any condition and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each hospital visit:

A. Name of hospital;

B. Address of hospital;

C. Test, treatment, examination or hospitalization received;

D. Date of test, treatment, examination or hospitalization received; and

E. Reason for hospital visit;

F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

12.  Have YOU had taken an Xray, CT scan or highresolution CT scan of YOUR "trunk"? If "yes", please state for each:

A. Name and address where taken;

B. Date(s) and number taken of each;

C. Part(s) of body xrayed or scanned;

D. Results, conclusions and/or diagnosis from each, except those prepared by consultants;

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

13. Have YOU ever undergone a pulmonary function test? If "yes", please state:

A. Name and address where test was performed;

B. Date of test;

C. Name of doctor administering and/or interpreting test;

D. Reason for test;

E. Results, conclusions and/or diagnosis from each test, except those prepared by consultants;

F. Were YOU informed of the results of the test?

G. Who informed YOU of the results of the test?

H. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

14. Describe the name and quantity of each type of drug, tranquilizer, sedative or other medication taken or used by YOU during the last 10 years, specifying the frequency and purpose of use.

15. Do YOU or YOUR attorney have any medical reports except those prepared by consultants from any persons, hospitals, doctors or medical practitioners or institutions that have ever treated or examined YOU at any time? If "yes", either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

16. Identify each and every complaint, symptom, adverse reaction or other injury which YOU allege is directly or indirectly related to YOUR alleged exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL and for each complaint, symptom, adverse reaction or other injury, please state:

**A.** The date on which YOU first became aware of signs of the complaint, symptom, adverse reaction or injury;

**B.** The date each such complaint, symptom, adverse reaction or injury ceased to affect YOU;

**C.** Any physical change in YOUR appearance occasioned by such complaint, symptom, adverse reaction or injury;

**D.** Each part of YOUR body which YOU contend has been affected;

**E.** The date upon which the complaint, symptom, adverse reaction or injury was reported to a doctor or physician;

**F.** State the name, address and telephone number of each such physician to whom said complaint, symptom, adverse reaction or injury was reported;

**G.** Whether YOU have lost any time from work as a result of YOUR asbestosrelated injury or medical condition;

**H.** If such injury has resulted in lost time from work, please state the date on which YOU first lost work and the amount of time lost from work; and

**I.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

17. Have YOU been advised that YOU are suffering from an asbestosrelated disease? If "yes", state:

**A.** The nature of the asbestosrelated disease(s);

**B.** The date and time YOU were first advised;

**C.** The name, address, and telephone number of the physician and/or other persons who so informed YOU;

**D.** The name, address and telephone number of the physician who made the evaluation;

**E.** The method and information upon which such determination was based;

**F.** The name, address, and telephone number of any hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such determination;

**G.** The name, address, and telephone number of every person, including YOUR relatives, employer or anyone acting in YOUR behalf who was so advised. Please include the date when such persons were so advised;

**H.** IDENTIFY YOUR employer(s) at the time YOU were so advised;

I. The specific course(s) of treatment or therapy, including any medicine prescribed as a result of such determination and the name, address and telephone number of each prescribing physician;

J. State whether YOU have followed the medication or therapy regime prescribed by each of the said physicians for the treatment of said complaint, symptom, adverse reaction or injury; K. State the names and addresses of any other physicians or practitioners subsequently affirming or making the same determination; and

L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

18.   Have any of the said treating physicians informed YOU at any time that YOUR complaints, symptoms, adverse reactions or injuries may have been caused by factor(s) or reason(s) other than exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)? If "yes", please state:

A. The other factor(s) or reason(s) involved;

B. The names, addresses and telephone numbers of the physicians believing or suspecting such other factor(s) or reason(s) to be involved;

C. The date(s) that said physicians told YOU that they believed or suspected that other factor(s) or reason(s) might be involved;

D. The reason that said factor(s) or reason(s) were excluded as possible sources or causes of the symptoms; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

19.   Please list all respiratory complaints and/or symptoms which YOU have suffered during the past 10 years and list the inclusive dates for each such complaint.

20.   Have YOU ever had any biopsies or tissue samples taken during the past 10 years? If YOUR answer is "yes", state for each such procedure:

A. The name of the doctor performing such procedure;

B. The address where such procedure was performed;

C. The date when such procedure was performed;

D. The results, conclusions and/or diagnosis from such procedure; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2)

attach disks containing such data, or (3) describe such DOCUMENTS with
sufficient particularity that they may be made the subject of a request for
production of documents.

21.  Do YOU know of any pathology slides that were made from any of YOUR tissue
samples during the past 10 years? If YOUR answer is "yes", for each set of slides
made please state:

A. The name of the hospital;

B. The name of the doctor;

C. The current location;

D. The date said slides were made; and

E. The accession number(s).

22.  Have YOU ever suffered any personal injuries other than those involved in this
lawsuit? If "yes", state for each such injury:

A. The date, place, names of persons involved, and circumstances surrounding
such injury;

B. The nature and extent of the injuries including any ill effects or disabilities
remaining at the time of the last treatment or examination;

C. The names, addresses and date(s) of last treatment or examination by all
persons who treated or examined YOU in connection with such injury;

D. The nature and source of any disability benefits, pensions or other payments
for such injuries; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this
interrogatory and its subparts to your answers to these interrogatories, or (2)
attach disks containing such data, or (3) describe such DOCUMENTS with
sufficient particularity that they may be made the subject of a request for
production of documents.

23.  Have YOU ever smoked tobacco products of any type? If "yes", state:

A. The dates and time periods during which YOU have smoked;

B. The type of tobacco products YOU smoke or have smoked. Please state
whether YOU inhaled the smoke or not;

C. The daily frequency with which YOU smoke or have smoked;

D. If YOU have ever smoked cigarettes, please state the average number of
packs per day YOU smoked;

E. Please state the commercial brand name(s) of any tobacco products that
YOU have used; and

**F.** Has any physician ever advised YOU to stop or curtail smoking tobacco products? If "yes", state:

1. The name of each such physician; and

2. The date(s) on which YOU were so advised.

24.  Has any person with whom YOU have shared a household for more than one year been a regular user of cigarettes during the time you shared a household with the person? If "yes", state fully and in detail for each such person:

**A.** The name and relationship to YOU of the smoker;

**B.** The dates during which YOU shared a household with the person;

**C.** The brand name(s) of cigarettes the person used during the time YOU shared a household with the person and his/her frequency of use; and

**D.** The frequency with which the person smoked cigarettes in YOUR presence during the time YOU shared a household with the person.

25.  Describe the extent to which YOU drank alcoholic beverages during YOUR lifetime, specifying the particular kind of alcoholic beverages and the quantity consumed per week over the period of time such beverages were consumed.

26.  For every type of employment that you have ever had, whether selfemployed or employed by others, please complete the following: (If more space is needed, please attach additional sheets containing the requested information.)

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
| --- | --- | --- |
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____     No
_____

| Employer's Name and | Date Started - Date Ended |
| --- | --- |

| Address | Job Title | (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |

Description of Job Duties:

_____

Job Sites:

_____

Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:

_____

Do you claim exposure to asbestos at this employment? Yes _____    No
_____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |

Description of Job Duties:

_____

Job Sites:

_____

Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:

_____

Do you claim exposure to asbestos at this employment? Yes _____    No
_____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |

Description of Job Duties:

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

**Do you claim exposure to asbestos at this employment? Yes _____      No**
_____

27. Are YOU or have YOU been a member of any labor union, including but not limited to the Heat, Frost, Insulation and Asbestos Workers Union? If YOUR answer is "yes", state for each such union membership:

    **A.** The name of each such international union and its number, along with the local number of each such union; and

    **B.** The date and time periods during which YOU maintained membership in such union.

28. When did YOU first learn that exposure to asbestos was a potential health hazard?

29. Describe how YOU first became aware that exposure to asbestos was a potential health hazard.

30. When did YOU first observe anyone use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

31. When, where and at whose direction did YOU first use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

32. State whether any of YOUR employers have either required or made available physical examinations for their employees. If such physical examinations have either been required or made available to YOU, state for each of YOUR employers:

    **A.** IDENTIFY YOUR employer;

    **B.** The nature and extent of examinations;

    **C.** The frequency of examinations;

    **D.** Whether they were required or optional;

    **E.** Whether xray examination was included;

    **F.** The frequency, including specific dates and times, with which YOU submitted to such examinations;

**G.** Whether YOU received the results of any such examinations; the dates that they were given to YOU and the nature of the results;

**H.** The name, address and telephone number of the examining physician, nurse or technician;

**I.** YOUR detailed reasons for failing to submit to such examination when required or made available, if YOU did so fail to submit; and

**J.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

33. If YOU are not currently employed, please state the last date worked and the reason that YOU are not currently employed.

34. Are YOU receiving any form of disability pension? If so, state:

    **A.** From whom;

    **B.** The amounts received each month; and

    **C.** The anticipated duration of the disability.

35. Have YOU ever been discharged from or ever voluntarily left a position due to health problems? If "yes", state in detail the time, name of employer, place and circumstances. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

36. Were YOU ever exposed to RAW ASBESTOS or ASBESTOSCONTAINING MATERIALS (S) outside of YOUR work environment? If "yes", please state for each such OCCASION:

    **A.** Circumstances surrounding the exposure;

    **B.** Date(s) and LOCATION;

    **C.** Duration and manner of the exposure; and

    **D.** DESCRIBE the RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S).

37. State whether you assert a claim for loss of income and, if so, state fully and in detail the year and YOUR annual earnings for each of the last ten years in which YOU were employed.

38. Have YOU incurred any hospital expenses to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total hospital expenses incurred and itemize each charge if more than one hospital is involved.

39. Have YOU incurred any medical expense (other than hospitalization) or have any medical expenses been incurred on YOUR behalf to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total medical expenses incurred, itemizing each such charge.

40. Has any insurance company, union or any other person, firm or corporation paid for or reimbursed YOU for, or become obligated to pay for, any medical or hospital expenses incurred by the alleged exposure to asbestos? If "yes", state the name and address of the insurance company, union, person, firm or corporation who or which has paid or is obligated for the payment of or reimbursement for said expenses.

41. Have YOU ever at any time made a claim for or received for an asbestos-related condition any health or accident insurance benefits, Workers' Compensation payments, disability benefits, pension, accident compensation payment or veterans disability compensation? If "yes", state:

    A. The illness, injury or injuries for which YOU made the claim;

    B. The date when such injury or injuries were sustained, the place of occurrence and the nature of the accident or incident causing such injury;

    C. The names and addresses of YOUR employer(s) at the time of each injury or illness;

    D. The names and addresses of the examining doctors for each injury or illness;

    E. The name of the board, tribunal or superior officer which or to whom the claim or claims were made or filed;

    F. The date the claim was made or filed;

    G. The claim, file or other number by which YOUR claim was identified;

    H. The present status of such claims (pending settlement, dismissal, etc.);

    I. The amounts of the benefits or awards or payments;

    J. The dates covering the times during which YOU received the benefits or awards or payments;

    K. The identity of the agencies or insurance companies from whom YOU received the awards, benefits or payments; and

    L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

42. Have YOU lost or do YOU claim any wage or earning loss as a result of YOUR alleged exposure to asbestos? If so, state:

    A. How much time was lost from work or employment, listing the dates

involved and the name and address of the employer;

**B.** The gross amount of salary or earnings which YOU received each pay day, stating the intervals of such paydays (e.g., weekly, bimonthly, monthly);

**C.** State the gross amount of salary or earnings actually lost due to the exposure;

**D.** If selfemployed, state the total time lost from business, listing the dates involved and the gross financial loss to YOU, stating the nature of such loss and how incurred; and

**E.** Of the sum stated in YOUR response to subpart D of this interrogatory, state YOUR net loss.

43. Have YOU incurred any expense or financial loss including property damage, other than as listed above which YOU attribute in any degree to YOUR exposure to asbestos products? If so, state such financial losses, expenses and property damage, giving the dates incurred and the amounts involved and the nature of each such expense or loss.

44. Has any insurance company, union or other person, firm or corporation paid for or reimbursed YOU for or become obligated to pay for or reimburse YOU or anyone on YOUR behalf for any sums of money (excluding medical or hospital expenses) to provide any of the following: disability or other benefits; loss of earnings; property damage resulting from the alleged exposure to asbestos? If "yes", state:

**A.** The nature of the obligation giving rise to the payment or reimbursement; and

**B.** The name and address of the insurance company, union or other person, firm or corporation who or which has paid for or is obligated for payment of or reimbursement for such sums of money.

45. Have you ever given a deposition or other testimony under oath? If so, state for each such deposition or testimony:

**A.** The date(s) it was given;

**B.** The name of the court or other body before which it was given; the identity of the proceeding including name, docket or other number, and venue or location;

**C.** The name, address and telephone number of the court reporter or other transcriber. If the proceeding was not transcribed, please so state;

**D.** Whether your or your attorney have a copy of the transcript; and

**E.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

46. Have YOU ever had an application for life, health, accident, medical or hospital insurance rejected for health reasons? If "yes", state:

    A. The date of the application(s);

    B. The date of rejection(s);

    C. The type of insurance for which YOU applied;

    D. The identity of the insurance company with which each application was filed;

    E. The reason for the rejection(s); and

    F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

47. Have YOU ever been a party to an action for damages for any personal injury YOU have suffered? If "yes", state:

    A. The identity of all parties to the action(s) and their attorneys;

    B. The court and place where each such action was filed and the date(s) of filing;

    C. The nature and extent of the injuries claimed and whether any permanent disability remains;

    D. The present status of each action and, if concluded, the final result thereof including the amount of any settlement or judgment.

48. Have YOU ever made any claim for personal injury, other than this lawsuit, for injuries which YOU claim are related to YOUR alleged exposure to asbestos? If "yes", please state:

    A. The nature of such injury or injuries;

    B. The date when such injury or injuries were sustained in each instance, the place of occurrence and the nature of the incident or accident causing this injury;

    C. The names and addresses of all persons and companies to whom said claims were made;

    D. The caption and case number;

    E. The court filing including state and county;

    F. The name and address of YOUR counsel of record;

    G. The present status of such claims (pending settlement, dismissal, etc.).

49. Have YOU received any payments or reimbursements or have any payments
been made on YOUR behalf from any source as a result of YOUR alleged
exposure to asbestos, including without limitation settlements with defendants
in this action, potential defendants, a bankrupt company, or any RESPONSIBLE
PARTIES? If so, for each payment, please state:

A. The name of each person or company making said payment(s);

B. Total amount of payments from all sources; and

C. Either (1) attach all DOCUMENTS evidencing the information sought in this
interrogatory and its subparts to your answers to these interrogatories, or (2)
attach disks containing such data, or (3) describe such DOCUMENTS with
sufficient particularity that they may be made the subject of a request for
production of documents.

50. Do YOU have in YOUR possession or under YOUR control a Social Security office
listing of past employers and dates of employment? If "yes", please either
attach a copy or give the employer's name, address, date and quarterly Social
Security Credit for each employer listed. Either (1) attach all DOCUMENTS
evidencing the information sought in this interrogatory and its subparts to your
answers to these interrogatories, or (2) attach disks containing such data, or
(3) describe such DOCUMENTS with sufficient particularity that they may be
made the subject of a request for production of documents.

ALAN R. BRAYTON, ESQ., S.B. #73685
JOHN B. GOLDSTEIN, ESQ., S.B. #198188
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| HARRY LEMASTER and CAROLYN LEMASTER, | **ASBESTOS** No. 274669 |
| Plaintiff, | ANSWERS TO INTERROGATORIES |
| vs. | |
| ASBESTOS DEFENDANTS (B❖P) | |

PROPOUNDING PARTY:     STANDARD ASBESTOS CASE INTERROGATORIES

RESPONDING PARTY:      Plaintiff HARRY LEMASTER

SET NO:                ONE

ANSWERS

1.  a.   HARRY DAVID LEMASTER.

    b.   July 23, 1938.

    c.   69 years old.

    d.   Indianapolis, Indiana..

    e.   5315 Kings Hill Dr., Cumming, Georgia.

    f.   Height: 5'8½ ; weight: 170 lbs.

    g.   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.

    h.   1311103.

K:\Injured\109521\aisacsf1.wpd                        1

| | | | |
|---|---|---|---|
| 1 | | i. | 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. |
| 2 | | j. | 466-43-46. |
| 3 | | k. | 054115132, Georgia. |
| 4 | | l. | Harry D. LeMaster; Dave LeMaster. |
| 5 | | m. | Plaintiff's investigation and discovery are continuing. |
| 6 | | n. | Carolyn LeMaster. |
| 7 | | o. | February 6, 1941. |
| 8 | | p. | July 25, 1959. |
| 9 | | q. | 5315 Kings Hill Dr., Cumming, Georgia. |
| 10 | | r.-u. | Not applicable. |
| 11 | 2. | a. | Kevin M. LeMaster. |
| 12 | | b. | August 8, 1960.. |
| 13 | | c. | Natural. |
| 14 | | d.-e. | Plaintiff's investigation and discovery are continuing. |
| 15 | | f. | Living. |
| 16 | | | |
| 17 | | a. | Barry L. LeMaster. |
| 18 | | b. | April 4, 1963. |
| 19 | | c. | Natural. |
| 20 | | d. | Plaintiff's investigation and discovery are continuing. |
| 21 | | e. | Truck Driver. |
| 22 | | f. | Living. |
| 23 | | | |
| 24 | | a. | Sean T. LeMaster. |
| 25 | | b. | May 5, 1965. |
| 26 | | c. | Natural. |
| 27 | | d. | Plaintiff's investigation and discovery are continuing. |
| 28 | | e. | Operations Director. |

K:\Injured\109521\aisacsfl.wpd

|     |     |     |     |
|-----|-----|-----|-----|
| 1   |     | f.  | Living. |
| 2   | 3.  |     | Yes. |
| 3   |     | a.  | Maxine LeMaster Noble. |
| 4   |     | b.  | 91 years old. |
| 5   |     | c.  | None. |
| 6   |     | d.  | Retired. |
| 7   | 4.  |     | None. |

5.    Plaintiff is currently able to recall the following addresses:

Present: 5315 Kings Hill Dr., Cumming, Georgia.

Plaintiff's investigation and discovery are continuing.

6.    Plaintiff's investigation and discovery are continuing.

7.    May 23, 2008.

8.    No.

9.    Yes.  Plaintiff served in the U.S. Navy from 1956 to1959.  Plaintiff refers to Interrogatory no. 26, below.

10.    Excluding plaintiff's expert consultants, plaintiff recalls the following physicians:

a.    Dr. Brouduer.

b.    Kaiser Permanente, Atlanta, Georgia.

c.    Chemotherapy.

d.    April 2008 to present.

e.    Mesothelioma.

f.    Plaintiff has provided authorizations for the release of medical records to Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.


a.    John W. Gouldman, M.D.

b.    Northside Hospital, 1000 Johnson Ferry Road Northeast, Atlanta, Georgia.

c.    Biopsy.

d.    April 1, 2008.

1        e.     Mesothelioma.

2        f.     Plaintiff has provided authorizations for the release of medical records to

3  Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

4

5        a.     Dr. Adrouni-Salpi.

6        b.     Northside Alpharetta Clinic, Atlanta, Georgia.

7        c.-e.   Plaintiff's investigation and discovery are continuing.

8        f.     Plaintiff has provided authorizations for the release of medical records to

9  Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

10     11.    Excluding those used by plaintiff's expert consultants, plaintiff currently recalls

11  the following hospitals:

12        a.     Northside Hospital.

13        b.     1000 Johnson Ferry Road Northeast, Atlanta, Georgia 30342.

14        c.     Biopsy.

15        d.     April 1, 2008.

16        e.     Mesothelioma.

17        f.     Plaintiff has provided authorizations for the release of medical records to

18  Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

19

20        a.     Kaiser Permanente.

21        b.     Atlanta, Georgia.

22        c.-e.   Plaintiff's investigation and discovery are continuing.

23        f.     Plaintiff has provided authorizations for the release of medical records to

24  Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

25     12.    Excluding any taken by plaintiff's expert consultants, plaintiff recalls the

26  following x-rays and/or scans were performed at the following facilities, including, but not

27  limited to: Northside Hospital, 1000 Johnson Ferry Road Northeast, Atlanta, Georgia. Please see

28  response to Interrogatory Numbers 10 and 11, above.  This information is as complete as plaintiff

1  can recall at this time and includes all treatment by plaintiff's healthcare providers.  Plaintiff's

2  investigation and discovery are continuing.

3      13.   Please see response to Interrogatory Numbers 10 and 11, above.  This information

4  is as complete as plaintiff can recall at this time and includes all treatment by plaintiff's

5  healthcare providers.  Plaintiff's investigation and discovery are continuing.

6      14.   Please see response to Interrogatory No.'s 10 and 11, above.  Plaintiff defers to his

7  medical records as the best source of information for medications prescribed.

8      15.   Not at this time.  Plaintiff's medical records are equally available to defendants

9  through Berry & Berry, designated defense counsel.

10      16.   Plaintiff has the following complaints from asbestos exposure:  shortness of

11  breath, fatigue, loss of stamina, chest pain, and plaintiff is unable to climb stairs without stopping

12  for breath.

13          a.    Approximately December 2007.

14          b.    No cessation.

15          c.    None that plaintiff is aware of.

16          d.    Plaintiff contends that his lungs have primarily been affected.  However,

17  as lung function affects the rest of the body, plaintiff contends that all parts of his body have been

18  affected.

19          e.    December 2007.

20          f.    Plaintiff's investigation and discovery are continuing.

21          g.    No.

22          h.    Not applicable.

23          i.    Plaintiff currently does not have any documents responsive to this

24  Interrogatory.  Plaintiff's investigation and discovery are continuing.

25      17.   Yes.

26          a.    Mesothelioma.

27          b.    April 2008.

28          c.-d.   Plaintiff's investigation and discovery are continuing.

1            e.       CT scans; Lung biopsy.

2            f.-g.     Plaintiff's investigation and discovery are continuing.

3            h.       Not applicable.

4            i.        Chemotherapy. Plaintiff's investigation and discovery are continuing.

5            j.        Yes.

6            k.       Plaintiff's investigation and discovery are continuing.

7            l.        Plaintiff currently does not have any documents responsive to this

8 Interrogatory. Plaintiff's investigation and discovery are continuing.

9       18.     No.

10      19.     Plaintiff suffers from increased shortness of breath, increased weakness and

11 fatigue, and chest pain.

12      20.     Yes.

13            a.       John W. Gouldman, M.D.

14            b.       Northside Hospital, 1000 Johnson Ferry Road Northeast, Atlanta, Georgia.

15            c.       April 1, 2008.

16            d.       Mesothelioma.

17            e.       Plaintiff has provided authorizations for the release of medical records to

18 Berry & Berry. Defendants may obtain copies of records through Berry & Berry.

19      21.     Yes.

20            a.       Northside Hospital.

21            b.       Amanda T. Davis, M.D..

22            c.       Plaintiff's consultant. Pathology slides will be offered via stipulation to

23 Berry & Berry upon completion of plaintiff's consultant review.

24            d.       April 1, 2008.

25            e.       S08-9125.

26      22.     No.

27      23.     Yes.

28            a.       Plaintiff smoked from approximately 1958 to 1968.

1        b.    Plaintiff recalls smoking cigarettes.

2        c.    Plaintiff recalls smoking approximately zero to twenty times per day.

3        d.    Plaintiff recalls smoking approximately zero to one pack per day.

4        e.    Plaintiff recalls smoking various brands of cigarettes, including, but not

5    limited to: Camels and Pall Malls.

6        f.    No.

7    24.    Yes.

8        a.    Plaintiff's wife, Carolyn LeMaster.

9        b.    Plaintiff and his spouse have shared a household from 1959 to present.

10       c.-d.    Plaintiff's investigation and discovery are continuing.

11   25.    Plaintiff consumed alcoholic beverages at various times throughout his lifetime.

12   Plaintiff's investigation and discovery are continuing.

13   26.    Plaintiff is currently able to identify the following employment information:

14

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Nance Engineering | Nance Engineering, Azusa, CA | Machinist | 1955-1956 |

Job Duties: Plaintiff machined various metallic parts. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | U.S. Navy | Electricians Mate | 02/01/56-07/14/59 |
| | Naval Training Center, San Diego, CA; "A" School, San Diego, CA | Trainee | 10/1956-2/1957 |
| | HANSON (DDR-832) | Electricians Mate | 2/1957-3/1958 |
| | PIEDMONT (AD-17) | Electricians Mate | 3/1958-7/1959 |
| | Various shipyards and repair ports, including, but not limited to: Mare Island Naval Shipyard, Vallejo, | Electricians Mate | 02/01/56-07/14/59 |

CA; Todd Shipyard, San
Francisco, CA

Job Duties: Plaintiff served on two different ships as an electricians mate 3rd class. Plaintiff repaired and maintained various electrical systems and components aboard the <u>HANSON</u> (DDR-832) including, but not limited to switch boards, switch gear, arc chutes, electrical panels, and various motors and controllers. Plaintiff repaired, removed, and installed electrical cables and breakers. Plaintiff installed WESTINGHOUSE electrical paneling. Plaintiff installed and removed SQUARE D and ALLEN BRADLEY controllers. Plaintiff worked with CUTLER-HAMMER and GENERAL ELECTRIC switchgear. Plaintiff worked with RELIANCE controllers and switchgear. Plaintiff removed built up carbon deposits from arc shields with a wire brush, cleaning up with a foxtail and dustpan. Plaintiff mounted, drilled holes, and cut into bakelite on various switch boards and panels. Plaintiff's job duties took him to all of the different areas of the ship including the engine and boiler rooms. Plaintiff was present during the overhaul of the <u>HANSON</u> (DDR-832) at Mare Island Naval Shipyard, Vallejo, California. Plaintiff recalls the crew stayed on the ship while the various repairs were done. Plaintiff recalls the voltage for most of the equipment that he worked with was 220-440v. Plaintiff was later transferred to the <u>PIEDMONT</u> (AD-17). Plaintiff's job duties consisted of repairing, installing, and removing the same and/or similar equipment to that of the <u>HANSON</u> (DDR-832). Plaintiff recalls the <u>HANSON</u> (DDR-832) was repaired at Todd Shipyard, San Francisco, California where the crew stayed on board the ship during these repairs. On both ships plaintiff worked in close proximity to insulators in the performance of his own duties and during various ship repairs at shipyards and/or repair ports. Plaintiff worked in close proximity to others working on BABCOCK & WILCOX boilers and ALRICH pumps. On the <u>HANSON</u>, plaintiff recalls shipmate, Perry Ellis, address currently unknown. On the <u>PIEDMONT</u>, plaintiff recalls shipmate, T.J. Foster, address currently unknown. Plaintiff currently contends that he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Sears Roebuck | Sears Roebuck & Co. El Monte, CA | Maintenance Electrician | 1959-1963 |
| | Sears Roebuck & Co. Los Angeles, CA | Maintenance Electrician | 1963-1967 |

Job Duties: During the first four years at Sears Roebuck, plaintiff worked at the El Monte site as a maintenance electrician. Plaintiff was in charge of maintaining the electrical equipment and the air conditioning units. Plaintiff worked with SQUARE D, CUTLER-HAMMER, and WESTINGHOUSE electrical equipment. Plaintiff worked with RELIANCE controllers and switchgear. Plaintiff maintained CARRIER and TRANE air conditioning units. Plaintiff worked on INGERSOLL-RAND pumps and blowers. Plaintiff repaired and rebuilt GLOBAL steam traps. Plaintiff recalls there was a gas fired boiler in the basement area of the store. Approximately once a year, plaintiff went inside the boiler to inspect the tubes. During these inspections, plaintiff replaced the manhole gasket, which consisted of a fibrous rope material. Plaintiff worked on ALRICH pumps that were associated with the boiler systems. Plaintiff also occasionally replaced smaller hand hole FLEXITALLIC gaskets. Plaintiff worked with asbestos-containing packing and gaskets, including, but not limited to: GARLOCK gaskets and JOHN CRANE packing. Plaintiff worked at another store that was located on Slausen and Vermont Streets in Los Angeles, California . Plaintiff recalls there was also a boiler in the basement of this store and plaintiff performed similar inspections and gasket replacements as at the El Monte store. Plaintiff worked with SQUARE D, CUTLER-HAMMER, ALLEN BRADLEY, GENERAL ELECTRIC, and WESTINGHOUSE electrical equipment. Plaintiff currently does not recall the names of any living co-workers. Plaintiff currently contends that he was exposed to asbestos during this employment.

8

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Montgomery Ward | Montgomery Ward, Napa, CA | Manager | 6 months in 1968 |

Job Duties: Plaintiff worked as the manager of the automotive center. Plaintiff was in close proximity to automotive mechanics performing various repairs to various makes and models of automobiles, ranging from new, late model cars and light trucks to older vehicles. Plaintiff recalls a very frequent service item was tire replacement. The tire replacement process included a brake inspection which involved blowing out the vehicle's brake assemblies with compressed air, creating very dusty conditions. In addition to brake inspections, the service center performed brake replacements. The center used WARD's branded brakes as replacement brakes when it could but would use other brands, including BENDIX, when a WARD's branded brake was not available or upon specific customer request. Replacement brakes were arced on a BEAR arcing machine. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Department of Defense | Mare Island Naval Shipyard, Vallejo, CA | Welder | 1968-1995 |
| | Various ships and submarines, including, but not limited to: DRUM (SSN-677) GUITARRO (SSN-665) HAWKBILL (SSN-666) PINTADO (SSN-672) MAUNA KEA (AE-22) | | |
| | Mare Island Naval Shipyard, Vallejo, CA • Shop 26 • Shop 51 | Apprentice Welder | 1968-1974 |
| | Mare Island Naval Shipyard, Vallejo, CA | Pipe Welder (Nuclear) | 1974-1976 |
| | Mare Island Naval Shipyard, Vallejo, CA | Nuclear Inspector | 1976-1995 |

Job Duties: Plaintiff worked on the new construction of the GUITARRO (SSN-665) and the PINTADO (SSN-672) during his apprenticeship as a welder out of Shop 26 and Shop 51. Plaintiff built switchboards for approximately 3-6 months in Shop 51.  Plaintiff worked with RELIANCE controllers and switchgear. Plaintiff worked in nuclear certified areas, including, but not limited to nuclear submarines. Plaintiff worked on the construction of the DRUM (SSN-677) and HAWKBILL (SSN-666).   Plaintiff worked in engine and boiler spaces and was present when insulators were installing asbestos-containing pipe insulation. Plaintiff worked on INGERSOLL-RAND pumps. Plaintiff used sheets of asbestos cloth as welding blankets to protect himself and  equipment from the heat and sparks from welding. Plaintiff used coated welding electrodes, including, but not limited to 6010s. Plaintiff later became a nuclear inspector and inspected the progress of the construction of nuclear submarines. Plaintiff worked in very dusty spaces.  Plaintiff worked in close proximity to various shipyard workers, including, but not

limited to insulators, pipefitters, and welders. Plaintiff worked in close proximity to others using JOHN CRANE packing. Plaintiff worked in close proximity to others working in auxiliary spaces on B.F. STURTEVANT turbines and pumps. Plaintiff recalls the following co-worker(s), including, but not limited to: Robert Hilton, deceased. Plaintiff currently contends he was exposed to asbestos during the employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Queen of the Valley Hospital Napa, CA | Queen of the Valley Hospital, Napa, CA | Technician | 1999-2006 |

Job Duties: Plaintiff worked part-time as a medical technician. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

PARA-OCCUPATIONAL EXPOSURE:

Plaintiff's father, Harry L. LeMaster worked as a steamfitter for the Stickles Steam Company, Indianapolis, Indiana, from approximately 1950-1952. Plaintiff's father returned from work every night in work clothes that were dusty and dirty, changing out of these clothes only after arriving home. Plaintiff currently contends that he may have been exposed to asbestos during his father's employment with Stickles Steam Company.

NON-OCCUPATIONAL EXPOSURE:

Plaintiff's father, Harry L. LeMaster performed automotive repair work, including brake replacement, on the family vehicles during the time plaintiff was growing up. Plaintiff's father worked on various vehicles including a used PONTIAC, BUICK and CHEVROLET. From age 8 or 9 and continuing until plaintiff left home, plaintiff assisted his father in brake replacement work. Plaintiff's father used a bellows to blow out dust from the brake assemblies. Plaintiff's father purchased replacement brakes from PEP BOYS, Indianapolis, Indiana; PEP BOYS, Los Angeles, California. Plaintiff's father used an emery cloth to lightly sand the new replacement brake shoes. Plaintiff currently contends that he may have been exposed to asbestos during this automotive repair work.
 Plaintiff's investigation and discovery are continuing.

27.   Plaintiff was in a welders union during his employment at Mare Island Naval Shipyard, Vallejo, California. Plaintiff's investigation and discovery are continuing.

28.   Plaintiff recalls first learning exposure to asbestos was a potential health hazard in the 1980s.

29.   Plaintiff recalls first learning exposure to asbestos was a potential health hazard when someone he knew was diagnosed with mesothelioma. Plaintiff's investigation and discovery are continuing.

1

### PROOF OF SERVICE BY MAIL

2   I am employed in the County of Marin, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California 94948-6169.

3

4   On _____, 2008, I served the following document(s) described as:

5   **ANSWERS TO INTERROGATORIES SET ONE**

6   on the interested party(ies) in this action as follows:

7   THE ALDRICH COMPANY, INC.              STICKLE STEAM SPECIALTIES CO INC
    Fred Howard                            Lynn H. Stickle
    341 E. Williams Street                 7420 Sylvan Ridge Road
8   P.O. Box 97                            Indianapolis, IN 46240
    Wyoming, IL 61491

9   MONTGOMERY WARD & COMPANY, INC.        MONTGOMERY WARD & COMPANY, INC
    Kronish Lieb Weiner & Hellman, LLP     John L. Palmer
10  Attn: Charles Shaw, Esq.               NachmanHaysBrownstein, Inc.
    1114 Avenue of the Americas            822 Montgomery Avenue, Suite 204
11  New York, NY 10036-7798                Narberth, PA 19072

12

13   ____   BY PERSONAL MAILING:

14   I deposited in the U.S. Mail at Novato, California, the above-described document(s), in a sealed envelope, with postage fully prepaid, addressed to the party(ies) as stated above.

15   ____   BY OFFICE MAILING

16   I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Novato, California in the ordinary course of business.  I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

17

18

19   Executed _____, 2008, at Novato, California.

20   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22

23

24

25

26

27

28   Harry LeMaster  v. Asbestos Defendants (B❖P)
     San Francisco Superior Court Case No. 274669

K:\FORMS\POS\MAIL POS                                    1
PROOF OF SERVICE BY MAIL

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1
## PROOF OF SERVICE BY LEXIS-NEXIS E-SERVICE

2    I am employed in the County of Marin, State of California.  I am over the age of 18
years and am not a party to the within action.  My business address is 222 Rush Landing Road,
3    P.O. Box 6169, Novato, California, 94948-6169.

4    On June 10, 2008, I electronically served (E-Service), pursuant to General Order No.
158, the following documents:

5

6    ANSWERS TO INTERROGATORIES

7    on the interested parties in this action by causing Lexis-Nexis E-service program pursuant to
General Order No. 158, to transmit a true copy thereof to the following party(ies):

8

9    See attached list

10

11    The above document was transmitted by Lexis-Nexis E-Service and the transmission
was reported as complete and without error.

12

13    Executed on June 10, 2008, at Novato, California.

14    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

15

16

17

18

19

20

21

22

23    <u>Harry LeMaster and Carolyn LeMaster  v. Asbestos Defendants (B❖P)</u>
San Francisco Superior Court Case No. 274669

24

25

26

27

28

1

PROOF OF SERVICE BY E-SERVICE

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

**Brayton-Purcell Service List**                                                    1

Date Created: 6/10/2008-12:59:41 PM
Created by: LitSupport - ServiceList - Live
Matter Number: 109521.001 - Harry LeMaster

Run By : Rogers, Eddie (EAR)

AGENT FOR SERVICE
Howard, Fred
341 E. Williams St.
P.O. Box 97
Wyoming, IL 61491
309-695-2311
**Defendants:**
    Aldrich Company, Inc., The (ALDPMP)

AGENT FOR SERVICE
Stickle, Lynn H.
7420 Sylvan Ridge Rd
Indianapolis, IN 46240
**Defendants:**
    Stickle Steam Specialties Co Inc (STISTE)

**Armstrong & Associates, LLP**
One Kaiser Plaza, Suite 625
Oakland, CA 94612
510-433-1830   510-433-1836 (fax)
**Defendants:**
    Crown Cork & Seal Company, Inc.
(CC&S)

**Bassi, Martini, Edlin & Blum**
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006   415-397-1339 (fax)
**Defendants:**
    Hopeman Brothers, Inc. (HOPE)
    J.T. Thorpe & Son, Inc. (THORPE)
    Parker-Hannifin Corporation (PARKHF)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
    Berry & Berry (B&B)

**Bowman and Brooke LLP**
879 West 190th Street
Suite 700
Gardena, CA 90248-4227
310-768-3068   310-719-1019 (fax)
**Defendants:**
    General Motors Corporation (GM)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300   415-808-0333 (fax)
**Defendants:**
    Foster Wheeler LLC (FKA Foster Wheeler
Corporation) (FOSTER)
    Union Carbide Corporation (UNIONC)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
**Defendants:**
    Actuant Corporation (ACTCOR)
    Goodyear Tire & Rubber Company, The
(GOODYR)
    Ingersoll-Rand Company (INGRSL)
    Leslie Controls, Inc. (LESCON)

**Hassard Bonnington**
Two Embarcadero Center
Suite 1800
San Francisco, CA 94111
415-288-9800   415-288-9802 (fax)
**Defendants:**
    John Crane, Inc. (CRANE)
    Pep Boys Manny Moe & Jack of
California, The (PEPBOY)

**Howard, Rome, Martin & Ridley**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715   650-364-5297 (fax)
**Defendants:**
    Eaton Electrical Inc. (EATELE)
    IMO Industries, Inc. (IMOIND)

**Jackson & Wallace**
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300   415-982-6700 (fax)
**Defendants:**
    General Dynamics Corporation
(GENDYN)

**Kirkpatrick & Lockhart Preston Gates
Ellis LLP**
55 Second Street
Suite 1700
San Francisco, CA 94105
415-882-8200   415-882-8220 (fax)
**Defendants:**
    Crane Co. (CRANCO)
    Square D Company (SQUARE)

**Knox Ricksen LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
510-285-2500   510-285-2505 (fax)
**Defendants:**
    Allis-Chalmers Corporation Product
Liability Trust (ALLIS)

**Kronish Lieb Weiner & Hellman, LLP**
Attn: Charles Shaw, Esq.
1114 Avenue o the Americas
New York, NY 10036-7798
212-479-6000   212-479-6275 (fax)
**Defendants:**
    Montgomery Ward & Company, Inc.
(MWARDS)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
    Garlock Sealing Technologies, LLC
(GARLCK)

**Law Offices of Nancy E. Hudgins**
565 Commercial, 4th Floor
San Francisco, CA 94111
415-979-0100   415-979-0747 (fax)
**Defendants:**
    Uniroyal Holding, Inc. (UNIROY)

**Lewis Brisbois Bisgaard & Smith LLP**
One Sansome Street
Suite 1400
San Francisco, CA 94104
415-362-2580   415-434-0882 (fax)
**Defendants:**
    Plant Insulation Company (PLANT)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000   415-267-4198 (fax)
**Defendants:**
    Metalclad Insulation Corporation
(METALC)

Date Created: 6/10/2008-12:59:41 PM                                              Run By : Rogers, Eddie (EAR)
Created by: LitSupport - ServiceList - Live
Matter Number: 109521.001 - Harry LeMaster

**Palmer, John L.**
NachmanHaysBrownstein, Inc.
822 Montgomery Ave, Suite 204
Narberth, PA 19072
610-660-0060   610-644-7298 (fax)
**Defendants:**
   Montgomery Ward & Company, Inc.
(MWARDS)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000   415-344-7288 (fax)
**Defendants:**
   Honeywell International, Inc. (HONEYW)

**Pond North, LLP**
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213-617-6170   213-623-3594 (fax)
**Defendants:**
   Viacom, Inc. (VIACOM)

**Prindle, Decker & Amaro**
369 Pine St., Suite 800
San Francisco, CA 94104
415-788-8354   415-788-3625 (fax)
**Defendants:**
   Trane US, Inc. fka American Standard, Inc.
(AMSTAN)

**Schiff Hardin LLP**
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
415-901-8700   415-901-8701 (fax)
**Defendants:**
   Owens-Illinois, Inc. (OI)

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900   415-781-2635 (fax)
**Defendants:**
   General Electric Company (GE)

**Sonnenschein Nath & Rosenthal, LLP**
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
415-882-5000   415-882-0300 (fax)
**Defendants:**
   Rapid-American Corporation (RAPID)

**Thomas, Whitelaw & Tyler LLP.**
Three Embarcadero Center
Suite 1350
San Francisco, CA 94111-4037
415-820-0400   415-820-0405 (fax)
**Defendants:**
   Reliance Electric Company (REICMP)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400   415-617-2409 (fax)
**Defendants:**
   Carrier Corporation (CARRCP)
   Reliance Electric Company (REICMP)
   Rockwell Automation, Inc. (ROCAUT)

**Vasquez & Estrada**
Courthouse Square
1000 Fourth Street, Suite 700
San Rafael, CA 94901
415-453-0555   415-453-0549 (fax)
**Defendants:**
   Lamons Gasket Company (LAMONS)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
   Quintec Industries, Inc. (QUINTC)
   Thomas Dee Engineering Co., Inc. (DEE)

**Wilson, Elser, Moskowitz, Edelman &
Dicker LLP**
525 Market Street, 17th Floor
San Francisco, CA 94105-2725
415-433-0990   415-434-1370 (fax)
**Defendants:**
   Asbestos Corporation Limited (ASBLTD)