MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2008

FILED
CLERK'S OFFICE

1  TUCKER ELLIS & WEST LLP
   LILLIAN C. MA – STATE BAR NO. 210103
2  LANCE D. WILSON - STATE BAR NO. 183852
   135 Main Street, Suite 700
3  San Francisco, California 94105
   Telephone: (415) 617-2400
4  Facsimile: (415) 617-2409

5  Attorneys for Defendant
   CARRIER CORPORATION

6

7

8

9                    UNITED STATES JUDICIAL PANEL

10                   ON MULTIDISTRICT LITIGATION

11 IN RE: ASBESTOS PRODUCTS                MDL DOCKET NO. 875
   LIABILITY LITIGATION (NO. VI)           CTO-313
12
   This Document Relates to:
13
   ROBERT SCHOELZEL v. ALLIS-
14 CHALMERS CORP., et al.

15

16                   UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18 ROBERT SCHOELZEL,                       Case No. C 08-03113 JSW

19           Plaintiff,                    **DEFENDANT'S OPPOSITION TO
                                           PLAINTIFF'S MOTION TO VACATE
20      v.                                 CONDITIONAL TRANSFER ORDER
                                           313**
21 ALLIS-CHALMERS CORP., et al,

22           Defendants.

23

24    A.    **There is no evidence that a transfer of this matter will affect Plaintiff's ability**

25          **to participate in his trial.**

26    Plaintiff argues that "Mr. Schoelzel's health is precarious and deteriorating," that he has

27 an "inherently progressive illness, with inevitable and predictable deterioration over time," and

28 that he "is expected to experience a progressive decline in respiratory function." (Plaintiff's

                                          1

**OFFICIAL FILE COPY**

IMAGED OCT 3 1 2008

SFOiManage/074908/000541/160213/1
011425.001621.161872.1

PLEADING NO. 5669

motion at 2:17-20; Declaration of Richard M. Grant at 2:14-17). These claims are backed up by nothing more than the statements of Plaintiff's counsel. UTC objects to these statements as lacking in foundation and speculative. Plaintiff offers no medical documentations or any statements of any physician with the proper background to advise the court of Plaintiff's condition.

The evidence before this Court indicates that Plaintiff has shown no urgency in bringing this matter to trial. Plaintiff claims that he first began suffering shortness of breath that he attributes to exposure to asbestos in June of 2005 and that he was diagnosed with "asbestosis" in January of 2006 yet he didn't bother filing a complaint until June 30, 2006. (Plaintiff's Responses to Interrogatory Nos. 16a and 17a of Plaintiff's Responses to San Francisco County Superior Court Standard Interrogatories, set one. Said Interrogatories and Responses thereto are attached to the Declaration of Lance Wilson as Exhibit A. Plaintiff's Complaint filed in this matter is attached to the Declaration of Lance Wilson as Exhibit B).

Carrier was not named in this matter until nearly two years after the complaint was filed. Plaintiff opted to by-pass his state-court trial date of June 16, 2008 by naming Carrier as a defendant in March of 2008 requiring additional discovery, much of which has not yet been completed. (Plaintiff's motion at 2:8-10) Carrier has not yet deposed Plaintiff in this matter. (Declaration of Lance Wilson at paragraph 5) There is no current trial date as this case has been removed to federal court. Simply put, the evidence indicates that Plaintiff has made no attempt to expedite this matter to trial.

In fact, Plaintiff's Preliminary Fact Sheet, filed with his Complaint, states that he does not anticipate filing a motion for a preferential trial date. (Preliminary Fact Sheet at 2:1-2; Plaintiff's Preliminary Fact Sheet is attached to the Declaration of Lance Wilson as Exhibit C). Plaintiff's sudden need for haste appears to be more related to his desire to stop the pending transfer than any actual need or desire to have this matter brought to trial in the near future.

OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER

SFOiManage/074908/000541/160213/1
011425.001621.161872.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    The claims of exposure in this matter are the same as claims of exposure in other MDL cases.**

Plaintiff argues that the relevant facts in Plaintiff's case differ from those in other matters pending in the MDL.  This is incorrect and, not surprisingly, Plaintiff offers no facts or evidence to support his assertions on this issue.  From the check-the-box complaint against the many frequently named defendants to the allegations that Plaintiff was exposed to asbestos from the removal of thermal insulation, gaskets and brakes during work performed aboard ships, on cars, and on trucks, Plaintiff's claims differ very little from other plaintiffs whose cases are pending in the MDL.  (See Plaintiff's Response to Interrogatory No. 26 attached to the Declaration of Lance Wilson as Exhibit A).

Plaintiff's action is not unique.  He alleges personal injury caused by asbestos or asbestos-containing products just like the thousands of actions previously transferred to MDL No. 875.  And like those previously-transferred cases, all involve common questions of fact that are well-suited for multidistrict "tag-along" consolidation.  *E.g.* In re Asbestos Products Liability Litigation (No. VI), 560 F.Supp.2d 1367, 1368 (Jud.Pan.Mult.Lit.2008); In re Asbestos Products Liability Litigation (No. VI), 545 F.Supp.2d 1359, 1360 (Jud.Pan.Mult.Lit.2008); In re Asbestos Products Liability Litigation (No. VI), 170 F.Supp.2d 1348, 1348 (Jud.Pan.Mult.Lit.2001).  Furthermore, the Panel has repeatedly stated uniqueness alone does not preclude transfer.  Instead, the transferee judge is better suited to determine if and when Plaintiff's claims are sufficiently unique to warrant remand.  560 F.Supp.2d at 1369; 545 F.Supp.2d at 1361; 170 F.Supp.2d at 1350.

Plaintiff's claims of dissimilarity are unjustified.  And unlike the In re Boeing Company Employment Practices Litigation (No. II) case cited by Plaintiff, there are not a "minimal number of actions" on the MDL No. 875 docket, nor are there dissimilar questions of fact like those relating to the terms and conditions of an individual employees' employment that would justify vacating transfer.  In re Boeing, 293 F.Supp.2d 1382, 1383 (Jud.Pan.Mult.Lit.2003).  To the

OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER

1  contrary, Plaintiff's action involves factual issues that are no different from cases that have been

2  previously transferred to MDL No. 875.

3      **C.      Plaintiff is not averse to litigating his case in a location that is far from his**

4  **home or where any exposure may have occurred and any potential additional expense or**

5  **burden can be ameliorated.**

6      Plaintiff claims that transfer of this matter to MDL 875 would place an

7  unnecessary burden on Mr. Schoelzel.  Mr. Schoelzel lives in Southern California and claims

8  that he was exposed to asbestos in Southern California (Long Beach), Washington (state) and

9  Colorado yet he chose to file his case in San Francisco which is hundreds of miles from where he

10  lives or where any of his alleged exposure took place. (Plaintiff's Responses to Interrogatory

11  Nos. 1, 5, 10, 11, 12, 16, 26).  In light of these facts, Plaintiff's arguments that litigating this case

12  in Pennsylvania is somehow more burdensome than San Francisco make no sense at all as he is

13  clearly not averse to litigating his case in a case that is grossly remote to him, the locations where

14  he was allegedly exposed to asbestos, and where any percipient witnesses may be located.

15  Furthermore, this Court has already concluded that the expense of conducting pre-trial

16  proceedings in the MDL can be ameliorated through various means.  In re Asbestos Products

17  Liability Litigation (No. VI), 771 F. Supp. 415, 422 (J.P.M.L. 1991)

18      The Panel has repeatedly found the convenience requirement satisfied despite repeated

19  attempts to vacate a conditional transfer order.  E.g. In re Asbestos Products Liability Litigation

20  (No. VI), 560 F.Supp.2d 1367, 1368 (Jud.Pan.Mult.Lit.2008) (transferring cases from California,

21  Florida, and Rhode Island); In re Asbestos Products Liability Litigation (No. VI), 545 F.Supp.2d

22  1359, 1360 (Jud.Pan.Mult.Lit.2008) (transferring cases from Connecticut, Illinois, Maryland, and

23  New Jersey); In re Asbestos Products Liability Litigation (No. VI), 170 F.Supp.2d 1348, 1348

24  (Jud.Pan.Mult.Lit.2001) (transferring cases from Mississippi and Texas); In re Asbestos Products

25  Liability Litigation (No. VI), Nos. 875, 3:01-540, 3:02-1627, & 1:00-1454, 2001 WL 1042562

26  (Jud.Pan.Mult.Lit. Aug. 29, 2001) (transferring cases from California and Illinois); In re

27  Asbestos Products Liability Litigation (No. VI), Nos. 3:95-3705, 3:95-3709, 3:95-652, 3:95-

28  1337, & 3:95-1543, 1996 WL 143826 (Jud.Pan.Mult.Lit. Feb. 16, 1996) (transferring cases from

4

OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER

1  California, Louisiana, and Oregon).  Despite the limited intrusion upon parties and counsel

2  envisioned by the panel creating MDL No. 875, a transferee court acts well within its discretion

3  in tailoring pretrial proceedings for the convenience of the parties if and when the proceedings

4  become unduly burdensome.  In re East of the Rockies Concrete Pipe Antitrust Cases, 302

5  F.Supp. 244 (Jud.Pan.Mult.Lit.1969).  Outright exclusion from the MDL, however, is

6  unjustified.

7  **D.   Conclusion**

8      The Judicial Panel on Multidistrict Litigation found that centralizing pre-trial proceedings

9  for the immense federal caseload of asbestos-related actions "necessary."  In re Asbestos

10  Products Liability Litigation (No. VI), 771 F. Supp. 415, 420 (J.P.M.L. 1991).  Plaintiff has

11  presented no evidence that should persuade this Court that this case has facts that would except it

12  from the MDL 875 order of transfer.  In actuality, this matter appears to have the same claims

13  and defendants that are seen in most cases that are already in the MDL for pre-trial management.

14  This Court should therefore deny Plaintiff's motion to vacate the conditional transfer order.

15

16  DATED:  OCTOBER 29, 2008

LANCE WILSON (BAR NO. 183852)
lance.wilson@tuckerellis.com

17

18  **TUCKER ELLIS & WEST LLP**
135 Main Street, Suite 700
San Francisco, CA  94105
*Tel:*  (415) 617-2400
*Fax:*  (415)617-2409

19

20

21  By: _____

22                      LANCE WILSON
ATTORNEYS FOR DEFENDANT

23  CARRIER CORPORATION

24

25

26

27

28

OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER

SFOiManage/074908/000541/160213/1
011425 001621 161872 1

1  TUCKER ELLIS & WEST LLP
   CURTISS L. ISLER STATE BAR NO. 146903
2  515 South Flower Street
   Forty Second Floor
3  Los Angeles, CA  90071-2223
   Telephone:  213.430.3400
4  Facsimile:  213.430.3409
   Email: curt.isler@tuckerellis.com
5
   TUCKER ELLIS & WEST LLP
6  LANCE D. WILSON STATE BAR NO. 183852
   135 Main Street, Suite 700
7  San Francisco, California 94105
   Telephone:  (415) 617-2400
8  Facsimile:  (415) 617-2409
   Email: lance.wilson@tuckerellis.com
9
   Attorneys for Defendant
10 CARRIER CORPORATION

11

12                    UNITED STATES JUDICIAL PANEL

13                    ON MULTIDISTRICT LITIGATION

14
   IN RE:  ASBESTOS PRODUCTS              MDL DOCKET NO. 875
15 LIABILITY LITIGATION (NO. VI)         CTO-313

16 This Document Relates to:

17 ROBERT SCHOELZEL v. ALLIS-
   CHALMERS CORP., et al.
18

19
                    UNITED STATES DISTRICT COURT
20
                 NORTHERN DISTRICT OF CALIFORNIA
21 ROBERT SCHOELZEL,                     Case No. C 08-03113 JSW

22          Plaintiff,                   DECLARATION OF LANCE WILSON
                                         IN SUPPORT OF DEFENDANT'S
23       v.                              OPPOSITION TO PLAINTIFF'S
                                         MOTION TO VACATE
24 ALLIS-CHALMERS CORP., et al,          CONDITIONAL TRANSFER ORDER
                                         313
25          Defendants.

26

27

28
                                    1
                    DECLARATION OF LANCE WILSON
   SFOiManage/074908/000541/160213/1
   011425.001621.161906.1

1    I, LANCE WILSON, declare as follows:

2        1.    I am an attorney licensed to practice law in the State of California and before the

3    United States District Court for the Northern District of California, and I am Counsel in the law

4    firm of Tucker Ellis & West LLP, attorneys for defendant Carrier Corporation ("Carrier").  I

5    have personal knowledge of the following facts and, if called upon to do so, could and would

6    competently testify thereto.

7        2.    Attached to this Declaration as Exhibit A are true and correct copies of San

8    Francisco Superior Court's Standard Asbestos Case Interrogatories, set one and Plaintiff's

9    responses thereto.

10        3.    Attached to this Declaration as Exhibit B is a true and correct copy of Plaintiff's

11    Complaint in this matter filed in San Francisco Superior Court.

12        4.    Attached to this Declaration as Exhibit C is a true and correct copy of Plaintiff's

13    Preliminary Fact Sheet filed with his Complaint in San Francisco Superior Court.

14        5.    Carrier still has substantial discovery to conduct in this case including deposing

15    Plaintiff and any witnesses that are identified and further investigation of his claims as to Carrier.

16        I declare under penalty of perjury under the laws of the United States of America that the

17    foregoing is true and correct.  Executed this 29th Day of October, 2008.

18

19

20

21

22    By: _____

23         Lance Wilson, Declarant

24

25

26

27

28

SFOiManage/074908/000541/160213/1
011425.001621.161906.1

**EXHIBIT A**

Case MDL No. 875   Document 5669   Filed 10/31/08   Page 9 of 69



**SFGOV**   san francisco            sfgov | residents | business | government | visitors | online services | search

Superior Court >> Court Divisions >> Civil Division >> Asbestos (General Orders) >> Exhibits
to General Order No. 129

## Superior Court of California
County of San Francisco

## Defendants' Standard Set 1(Personal Injury)

Plaintiff(s),                                          NO.

vs.

Defendant(s).                                  **DEFENDANTS' STANDARD
                                               INTERROGATORIES
                                               TO PLAINTIFF (Personal
_____/             Injury), Set 1**

PROPOUNDING PARTY: Defendants.

RESPONDING PARTY:

SET NUMBER:          One

### INTRODUCTION

Pursuant to San Francisco General Order No. 129 each plaintiff in the abovecaptioned
asbestos litigation is required to respond to the following standard interrogatories
separately and fully in writing, under oath, pursuant to Code of Civil Procedure
Section 2030 within fifteen (15) days of the first service on any defendant of a
complaint. In responding to these standard interrogatories, YOU are required to
furnish all information that is available to YOU or YOUR attorney(s). If YOU cannot
answer a standard interrogatory completely, answer it to the fullest extent possible
and specify the reason(s) for YOUR inability to respond fully.

If any defendant is not satisfied with the responses to these interrogatories, any one
defendant after consultation with Designated Defense Counsel, may move to compel
appropriate responses under the applicable California Code of Civil Procedure sections
and after complying with California Rules of Court and Local Rules of Court.

### DEFINITIONS

1. "AREA" means the name of the specific structure, building, building number,
   floor of the building, ship compartment, process line, unit, piece of
   equipment, or other specific place within the WORKSITE.

2. "ASBESTOSCONTAINING MATERIAL" means a material or product which consists
   of, or contains the mineral asbestos.

3. "CONTROL" means the act(s) of directing the manner and/or methods of
   conducting the work at a WORKSITE.

4. "DESCRIBE" as it relates to material means provide a complete description of
   the material including but not limited to: the material name, manufacturer,
   supplier, distributor, color, texture, consistency, shape, size and any markings;

a description of the material's container including size, color and all writing on that container; and a description of how the material was used.

5. "DOCUMENTS" means any writing, as defined in Evidence Code Section 250 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, computer printout, and every other means of recording upon any tangible thing or form of communication or representation including letters, words, pictures, sounds or symbols or combinations of them.

6. "IDENTIFY" as it relates to a DOCUMENT means provide the title of the DOCUMENT, the date the DOCUMENT was generated, the name of the author of the DOCUMENT, a description of the DOCUMENT (e.g., letter, memorandum, report, book, photograph, etc.) and any other information which would be required to specify the DOCUMENT in a request for production of DOCUMENTS issued pursuant to Code of Civil Procedure Section 2031.

7. "IDENTIFY" as it relates to an employer means to state the employer's name, address and telephone number.

8. "IDENTIFY" as it relates to a person means to provide the name, place of employment, job title, address and telephone number for each person.

9. "IDENTIFY" as it relates to a ship means to state the name of the ship, the owner of the ship, the operator of the ship, the type of ship, and the hull number of the ship.

10. "LOCATION" means the city, state, country, street address, intersection or shipyard. For work aboard ship, please IDENTIFY the ship and where it was located during the time YOU worked on board.

11. "OCCASION" refers to a day, any part of a day, or a series of day(s), week(s), month(s) or year(s) during which YOU worked continuously at a WORKSITE.

12. "RAW ASBESTOS" means asbestos fiber mined or milled, either packaged or in bulk, not compounded with other substances and essentially pure with the exception of naturally occurring trace amounts of other substances.

13. "RESPONSIBLE PARTY" means any person, business organization, or enterprise, including but not limited to the defendants in this action.

14. "SAFETY PRECAUTION" means respirators, masks, fans, air blowers, tarps, wetdown procedures, isolation and any other equipment and/or methods used to limit or prevent exposure to dust.

15. "WORKSITE" means any LOCATION where YOU worked at any time.

16. "YOU" and "YOUR" refer to the person who is named above as the responding party. If more than one responding party is named, "YOU" and "YOUR" refer to each responding party separately, not jointly.

## INTERROGATORIES

1. Please state YOUR:

   A. Full name including first, middle and last names;

Case MDL No. 875   Document 5669   Filed 10/31/08   Page 11 of 69

B. Date of birth;

C. Age;

D. Place of birth;

E. Address;

F. Height and weight;

G. Social Security number;

H. Kaiser number;

I. Government Serial number;

J. Military Serial number;

K. Driver's license number and state;

L. All of the names by which YOU have been known;

M. Highest grade level of school completed;

N. Current spouse's name;

O. Spouse's date of birth;

P. Date of current marriage;

Q. Spouse's current address;

R. Spouse's occupation/employer;

S. Name(s) of any former spouse(s);

T. Date(s) of any former marriage(s); and

U. Place, date and circumstances under which any marriage(s) was (were) dissolved or terminated.

2. For each child (either natural or adopted) of any marriage, state:

A. Name;

B. Date of birth;

C. Whether natural or adopted;

D. Address;

E. Occupation; and

F. Whether the child is living or dead.

3. Are either of YOUR natural parents alive? If YOUR answer is "yes", please state for each parent:

   A. Name of parent;

   B. Current age;

   C. Any history of cancer or respiratory disease; and

   D. Occupation.

4. For each of YOUR blood relatives (for example: parent, grandparent, sibling, child, aunt, uncle) whom YOU believe died of either a malignancy (cancer) or pulmonary (lung) disease other than pneumonia, please state, separately for each person:

   A. Full name;

   B. Blood relation to YOU (for example: parent, grandparent, sibling, aunt, uncle);

   C. Age at death;

   D. Date of death;

   E. City, county and state where the person died; and

   F. The cause of death, as specifically described as possible;

   G. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

5. State as completely as possible the address of each of YOUR residences during YOUR lifetime and the inclusive dates of each period of such residence.

6. State YOUR educational background and identify all institutions attended, including any apprenticeship courses, or formal onthejob training and identify all institutions attended, the date graduated from each institution, and YOUR major course of study and any special scholastic honors or degrees received.

7. State the earliest date that service of the summons and complaint was effected on any defendant in this case.

8. Have YOU ever been convicted of a felony? If "yes", please state fully and in detail the date, place and nature of each such felony conviction. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

9. Have YOU ever been a member of the Armed Forces? If "yes", please state: each branch of service in which YOU served; the inclusive dates of YOUR service; the date of YOUR discharge from active duty; YOUR service number; each place (e.g., fort, base, station, etc.) at which YOU served; and YOUR duties at each place. If YOU have not ever been a member of the Armed Forces due to health reasons, please state the health reasons.

10. For every doctor who has ever treated or examined YOU during the last 10 years for any condition, and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each treatment or examination:

   A. Doctor's name;

   B. Doctor's address;

   C. Treatment or examination received;

   D. Date(s) of treatment or examination;

   E. Reason for treatment or examination;

   F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

11. For every hospital in which YOU have ever been treated, tested, or examined whether as an "inpatient" or as an "outpatient" during the last 10 years for any condition and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each hospital visit:

   A. Name of hospital;

   B. Address of hospital;

   C. Test, treatment, examination or hospitalization received;

   D. Date of test, treatment, examination or hospitalization received; and

   E. Reason for hospital visit;

   F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

12. Have YOU had taken an Xray, CT scan or highresolution CT scan of YOUR "trunk"? If "yes", please state for each:

    A. Name and address where taken;

    B. Date(s) and number taken of each;

    C. Part(s) of body xrayed or scanned;

    D. Results, conclusions and/or diagnosis from each, except those prepared by consultants;

    E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

13.  Have YOU ever undergone a pulmonary function test? If "yes", please state:

    A. Name and address where test was performed;

    B. Date of test;

    C. Name of doctor administering and/or interpreting test;

    D. Reason for test;

    E. Results, conclusions and/or diagnosis from each test, except those prepared by consultants;

    F. Were YOU informed of the results of the test?

    G. Who informed YOU of the results of the test?

    H. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

14.  Describe the name and quantity of each type of drug, tranquilizer, sedative or other medication taken or used by YOU during the last 10 years, specifying the frequency and purpose of use.

15.  Do YOU or YOUR attorney have any medical reports except those prepared by consultants from any persons, hospitals, doctors or medical practitioners or institutions that have ever treated or examined YOU at any time? If "yes", either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

16.  Identify each and every complaint, symptom, adverse reaction or other injury which YOU allege is directly or indirectly related to YOUR alleged exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL and for each complaint, symptom, adverse reaction or other injury, please state:

Case MDL No. 875 Document 5069 Filed 10/31/08 Page 15 of 69

A. The date on which YOU first became aware of signs of the complaint, symptom, adverse reaction or injury;

B. The date each such complaint, symptom, adverse reaction or injury ceased to affect YOU;

C. Any physical change in YOUR appearance occasioned by such complaint, symptom, adverse reaction or injury;

D. Each part of YOUR body which YOU contend has been affected;

E. The date upon which the complaint, symptom, adverse reaction or injury was reported to a doctor or physician;

F. State the name, address and telephone number of each such physician to whom said complaint, symptom, adverse reaction or injury was reported;

G. Whether YOU have lost any time from work as a result of YOUR asbestosrelated injury or medical condition;

H. If such injury has resulted in lost time from work, please state the date on which YOU first lost work and the amount of time lost from work; and

I. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

17. Have YOU been advised that YOU are suffering from an asbestosrelated disease? If "yes", state:

A. The nature of the asbestosrelated disease(s);

B. The date and time YOU were first advised;

C. The name, address, and telephone number of the physician and/or other persons who so informed YOU;

D. The name, address and telephone number of the physician who made the evaluation;

E. The method and information upon which such determination was based;

F. The name, address, and telephone number of any hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such determination;

G. The name, address, and telephone number of every person, including YOUR relatives, employer or anyone acting in YOUR behalf who was so advised. Please include the date when such persons were so advised;

H. IDENTIFY YOUR employer(s) at the time YOU were so advised;

Case MDL No. 875   Document 5669   Filed 10/31/08   Page 16 of 69

I. The specific course(s) of treatment or therapy, including any medicine prescribed as a result of such determination and the name, address and telephone number of each prescribing physician;

J. State whether YOU have followed the medication or therapy regime prescribed by each of the said physicians for the treatment of said complaint, symptom, adverse reaction or injury; K. State the names and addresses of any other physicians or practitioners subsequently affirming or making the same determination; and

L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

18. Have any of the said treating physicians informed YOU at any time that YOUR complaints, symptoms, adverse reactions or injuries may have been caused by factor(s) or reason(s) other than exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)? If "yes", please state:

A. The other factor(s) or reason(s) involved;

B. The names, addresses and telephone numbers of the physicians believing or suspecting such other factor(s) or reason(s) to be involved;

C. The date(s) that said physicians told YOU that they believed or suspected that other factor(s) or reason(s) might be involved;

D. The reason that said factor(s) or reason(s) were excluded as possible sources or causes of the symptoms; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

19. Please list all respiratory complaints and/or symptoms which YOU have suffered during the past 10 years and list the inclusive dates for each such complaint.

20. Have YOU ever had any biopsies or tissue samples taken during the past 10 years? If YOUR answer is "yes", state for each such procedure:

A. The name of the doctor performing such procedure;

B. The address where such procedure was performed;

C. The date when such procedure was performed;

D. The results, conclusions and/or diagnosis from such procedure; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2)

attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

21. Do YOU know of any pathology slides that were made from any of YOUR tissue samples during the past 10 years? If YOUR answer is "yes", for each set of slides made please state:

   A. The name of the hospital;

   B. The name of the doctor;

   C. The current location;

   D. The date said slides were made; and

   E. The accession number(s).

22. Have YOU ever suffered any personal injuries other than those involved in this lawsuit? If "yes", state for each such injury:

   A. The date, place, names of persons involved, and circumstances surrounding such injury;

   B. The nature and extent of the injuries including any ill effects or disabilities remaining at the time of the last treatment or examination;

   C. The names, addresses and date(s) of last treatment or examination by all persons who treated or examined YOU in connection with such injury;

   D. The nature and source of any disability benefits, pensions or other payments for such injuries; and

   E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

23. Have YOU ever smoked tobacco products of any type? If "yes", state:

   A. The dates and time periods during which YOU have smoked;

   B. The type of tobacco products YOU smoke or have smoked. Please state whether YOU inhaled the smoke or not;

   C. The daily frequency with which YOU smoke or have smoked;

   D. If YOU have ever smoked cigarettes, please state the average number of packs per day YOU smoked;

   E. Please state the commercial brand name(s) of any tobacco products that YOU have used; and

**F.** Has any physician ever advised YOU to stop or curtail smoking tobacco products? If "yes", state:

1. The name of each such physician; and

2. The date(s) on which YOU were so advised.

24. Has any person with whom YOU have shared a household for more than one year been a regular user of cigarettes during the time you shared a household with the person? If "yes", state fully and in detail for each such person:

    **A.** The name and relationship to YOU of the smoker;

    **B.** The dates during which YOU shared a household with the person;

    **C.** The brand name(s) of cigarettes the person used during the time YOU shared a household with the person and his/her frequency of use; and

    **D.** The frequency with which the person smoked cigarettes in YOUR presence during the time YOU shared a household with the person.

25. Describe the extent to which YOU drank alcoholic beverages during YOUR lifetime, specifying the particular kind of alcoholic beverages and the quantity consumed per week over the period of time such beverages were consumed.

26. For every type of employment that you have ever had, whether selfemployed or employed by others, please complete the following: (If more space is needed, please attach additional sheets containing the requested information.)

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ , _____ |
| _____ | _____ | _____ , _____ |
| _____ | _____ | _____ , _____ |

Description of Job Duties:

_____

Job Sites:

_____

Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:

_____

Do you claim exposure to asbestos at this employment? Yes _____     No _____

| Employer's Name and | | Date Started - Date Ended |

| Address | Job Title | (Month, Day, Year) |
|---------|-----------|--------------------|
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____     No _____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|-----------------------------|-----------|---------------------------------------------|
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____     No _____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|-----------------------------|-----------|---------------------------------------------|
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |

**Description of Job Duties:**

_____

Job Sites:

_____

_____

Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:

_____

Do you claim exposure to asbestos at this employment? Yes _____     No _____

27. Are YOU or have YOU been a member of any labor union, including but not limited to the Heat, Frost, Insulation and Asbestos Workers Union? If YOUR answer is "yes", state for each such union membership:

    A. The name of each such international union and its number, along with the local number of each such union; and

    B. The date and time periods during which YOU maintained membership in such union.

28. When did YOU first learn that exposure to asbestos was a potential health hazard?

29. Describe how YOU first became aware that exposure to asbestos was a potential health hazard.

30. When did YOU first observe anyone use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

31. When, where and at whose direction did YOU first use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

32. State whether any of YOUR employers have either required or made available physical examinations for their employees. If such physical examinations have either been required or made available to YOU, state for each of YOUR employers:

    A. IDENTIFY YOUR employer;

    B. The nature and extent of examinations;

    C. The frequency of examinations;

    D. Whether they were required or optional;

    E. Whether xray examination was included;

    F. The frequency, including specific dates and times, with which YOU submitted to such examinations;

G. Whether YOU received the results of any such examinations; the dates that they were given to YOU and the nature of the results;

H. The name, address and telephone number of the examining physician, nurse or technician;

I. YOUR detailed reasons for failing to submit to such examination when required or made available, if YOU did so fail to submit; and

J. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

33. If YOU are not currently employed, please state the last date worked and the reason that YOU are not currently employed.

34. Are YOU receiving any form of disability pension? If so, state:

A. From whom;

B. The amounts received each month; and

C. The anticipated duration of the disability.

35. Have YOU ever been discharged from or ever voluntarily left a position due to health problems? If "yes", state in detail the time, name of employer, place and circumstances. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

36. Were YOU ever exposed to RAW ASBESTOS or ASBESTOSCONTAINING MATERIALS (S) outside of YOUR work environment? If "yes", please state for each such OCCASION:

A. Circumstances surrounding the exposure;

B. Date(s) and LOCATION;

C. Duration and manner of the exposure; and

D. DESCRIBE the RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S).

37. State whether you assert a claim for loss of income and, if so, state fully and in detail the year and YOUR annual earnings for each of the last ten years in which YOU were employed.

38. Have YOU incurred any hospital expenses to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total hospital expenses incurred and itemize each charge if more than one hospital is involved.

39. Have YOU incurred any medical expense (other than hospitalization) or have any medical expenses been incurred on YOUR behalf to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total medical expenses incurred, itemizing each such charge.

40. Has any insurance company, union or any other person, firm or corporation paid for or reimbursed YOU for, or become obligated to pay for, any medical or hospital expenses incurred by the alleged exposure to asbestos? If "yes", state the name and address of the insurance company, union, person, firm or corporation who or which has paid or is obligated for the payment of or reimbursement for said expenses.

41. Have YOU ever at any time made a claim for or received for an asbestos-related condition any health or accident insurance benefits, Workers' Compensation payments, disability benefits, pension, accident compensation payment or veterans disability compensation? If "yes", state:

A. The illness, injury or injuries for which YOU made the claim;

B. The date when such injury or injuries were sustained, the place of occurrence and the nature of the accident or incident causing such injury;

C. The names and addresses of YOUR employer(s) at the time of each injury or illness;

D. The names and addresses of the examining doctors for each injury or illness;

E. The name of the board, tribunal or superior officer which or to whom the claim or claims were made or filed;

F. The date the claim was made or filed;

G. The claim, file or other number by which YOUR claim was identified;

H. The present status of such claims (pending settlement, dismissal, etc.);

I. The amounts of the benefits or awards or payments;

J. The dates covering the times during which YOU received the benefits or awards or payments;

K. The identity of the agencies or insurance companies from whom YOU received the awards, benefits or payments; and

L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

42. Have YOU lost or do YOU claim any wage or earning loss as a result of YOUR alleged exposure to asbestos? If so, state:

A. How much time was lost from work or employment, listing the dates

Case MDL No. 875   Document 5669   Filed 10/31/08   Page 23 of 69

involved and the name and address of the employer;

B. The gross amount of salary or earnings which YOU received each pay day, stating the intervals of such paydays (e.g., weekly, bimonthly, monthly);

C. State the gross amount of salary or earnings actually lost due to the exposure;

D. If selfemployed, state the total time lost from business, listing the dates involved and the gross financial loss to YOU, stating the nature of such loss and how incurred; and

E. Of the sum stated in YOUR response to subpart D of this interrogatory, state YOUR net loss.

43. Have YOU incurred any expense or financial loss including property damage, other than as listed above which YOU attribute in any degree to YOUR exposure to asbestos products? If so, state such financial losses, expenses and property damage, giving the dates incurred and the amounts involved and the nature of each such expense or loss.

44. Has any insurance company, union or other person, firm or corporation paid for or reimbursed YOU for or become obligated to pay for or reimburse YOU or anyone on YOUR behalf for any sums of money (excluding medical or hospital expenses) to provide any of the following: disability or other benefits; loss of earnings; property damage resulting from the alleged exposure to asbestos? If "yes", state:

A. The nature of the obligation giving rise to the payment or reimbursement; and

B. The name and address of the insurance company, union or other person, firm or corporation who or which has paid for or is obligated for payment of or reimbursement for such sums of money.

45. Have you ever given a deposition or other testimony under oath? If so, state for each such deposition or testimony:

A. The date(s) it was given;

B. The name of the court or other body before which it was given; the identity of the proceeding including name, docket or other number, and venue or location;

C. The name, address and telephone number of the court reporter or other transcriber. If the proceeding was not transcribed, please so state;

D. Whether your or your attorney have a copy of the transcript; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

Case MDL No. 875  Document 5669  Filed 10/31/08  Page 24 of 69

46. Have YOU ever had an application for life, health, accident, medical or hospital insurance rejected for health reasons? If "yes", state:

   A. The date of the application(s);

   B. The date of rejection(s);

   C. The type of insurance for which YOU applied;

   D. The identity of the insurance company with which each application was filed;

   E. The reason for the rejection(s); and

   F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

47. Have YOU ever been a party to an action for damages for any personal injury YOU have suffered? If "yes", state:

   A. The identity of all parties to the action(s) and their attorneys;

   B. The court and place where each such action was filed and the date(s) of filing;

   C. The nature and extent of the injuries claimed and whether any permanent disability remains;

   D. The present status of each action and, if concluded, the final result thereof including the amount of any settlement or judgment.

48. Have YOU ever made any claim for personal injury, other than this lawsuit, for injuries which YOU claim are related to YOUR alleged exposure to asbestos? If "yes", please state:

   A. The nature of such injury or injuries;

   B. The date when such injury or injuries were sustained in each instance, the place of occurrence and the nature of the incident or accident causing this injury;

   C. The names and addresses of all persons and companies to whom said claims were made;

   D. The caption and case number;

   E. The court filing including state and county;

   F. The name and address of YOUR counsel of record;

   G. The present status of such claims (pending settlement, dismissal, etc.).

Case MDL No. 875   Document 5669   Filed 10/31/08   Page 25 of 69

49. Have YOU received any payments or reimbursements or have any payments been made on YOUR behalf from any source as a result of YOUR alleged exposure to asbestos, including without limitation settlements with defendants in this action, potential defendants, a bankrupt company, or any RESPONSIBLE PARTIES? If so, for each payment, please state:

A. The name of each person or company making said payment(s);

B. Total amount of payments from all sources; and

C. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

50. Do YOU have in YOUR possession or under YOUR control a Social Security office listing of past employers and dates of employment? If "yes", please either attach a copy or give the employer's name, address, date and quarterly Social Security Credit for each employer listed. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   PAUL A. VAILLANCOURT, ESQ., S.B. #223648
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5
6  Attorneys for Plaintiff

7

8              SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF SAN FRANCISCO

10

11 ROBERT SCHOELZEL,                    )  ASBESTOS
                                        )  No.   453669
12           Plaintiff,                 )
                                        )
13 vs.                                  )  VERIFIED
                                        )  ANSWERS TO INTERROGATORIES
14 ASBESTOS DEFENDANTS (B❖P)            )

15

16 PROPOUNDING PARTY:   STANDARD ASBESTOS CASE INTERROGATORIES

17 RESPONDING PARTY:    Plaintiff ROBERT SCHOELZEL

18 SET NO:              ONE

19

20                         ANSWERS

21    1.    a.    ROBERT JAMES SCHOELZEL.

22          b.    October 7, 1953.

23          c.    52 years.

24          d.    Galveston, Texas.

25          e.    49305 Highway 74, #38, Palm Desert, California 92260.

26          f.    Height: 6',  weight: 238 pounds.

27          g.    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.

28          h.    Not applicable.

K:\Injured\105358\A\1-sacsf1-verif.wpd                    1

| | | |
|---|---|---|
| 1 | i. | 99209. |
| 2 | j. | Not applicable. |
| 3 | k. | California, E0312494. |
| 4 | l. | Robert James Schoelzel. |
| 5 | m. | 12th grade. |
| 6 | n. | None. |
| 7 | o.-r. | Not applicable. |
| 8 | s. | None. |
| 9 | t.-u. | Not applicable. |

10    2.    None.

11    3.    Yes.

| | | |
|---|---|---|
| 12 | a. | Robert J. Schoelzel, Sr. |
| 13 | b. | 75 years. |
| 14 | c. | Asbestosis. |
| 15 | d. | United States Coast Guard, retired. |
| 16 | | |
| 17 | a. | Helen Schoelzel. |
| 18 | b. | 76 years. |
| 19 | c. | No. |
| 20 | d. | Retired. |

21    4.    None.

22    5.    Plaintiff is currently able to recall the following addresses:

23         present:      49305 Highway 74, #38, Palm Desert, California.

24         Plaintiff currently does not recall any other previous addresses.

25    6.    Plaintiff attended the University of Phoenix, Phoenix, Arizona; Long Beach City

26  College, Long Beach, California; and Rancho Santiago school.   Plaintiff also attended Fullerton

27  College, Fullerton, California and received a certificate in Environmental Sciences.

28    7.    August 11, 2006.

8.    No.

9.    No.

10.    Excluding plaintiff's expert consultants, plaintiff recalls the following physicians:

  a.    Dr. Manzoor A. Kazi.

  b.    73 345 Highway 111, Suite 101, Palm Desert, California 92260.

  c.    General health maintenance, including exams and treatment for a chronic cough and coughing up blood.

  d.    February 2006 to present.

  e.    General health maintenance, chronic cough.

  f.    Plaintiff's investigation and discovery are continuing.

11.    Excluding those used by plaintiff's expert consultants, plaintiff currently recalls the following hospitals:

  a.    Eisenhower Hospital.

  b.    39000 Bob Hope Drive, Cathedral City, California.

  c.    Plaintiff recalls an EKG, CT scan, PT scan, and biopsy of right lung.

  d.    January 11, 2006.

  e.    Plaintiff was refereed by plaintiff's primary physician.

  f.    Plaintiff's investigation and discovery are continuing.

12.    Excluding any taken by plaintiff's expert consultants, plaintiff recalls the following x-rays:

  a.    Eisenhower Hospital.

  b.    January 11, 2006; 3 chest x-ray and 3 CT scans.

  c.    Chest.

  d.    Pneumonia, asbestosis.

  e.    Plaintiff's investigation and discovery are continuing.

13.    Excluding any taken by plaintiff's expert consultants, plaintiff recalls the following pulmonary function tests:

  a.    Long Beach Naval Shipyard, Long Beach, California.

K:\Injured\105358\A1-sacsf1-verif.wpd

3

| | | |
|---|---|---|
| 1 | b. | Every year for 10 years. |
| 2 | c. | Plaintiff does not recall. |
| 3 | d. | Exposure to asbestos. |
| 4 | e. | Unknown. |
| 5 | f. | No. |
| 6 | g. | Not applicable. |
| 7 | h. | Plaintiff's investigation and discovery are continuing. |

14.   Please see response to Interrogatory No.'s 10 and 11, above. Plaintiff defers to his medical records as the best source of information for medications prescribed.

15.   Not at this time. Plaintiff's medical records are equally available to defendants through Berry & Berry, designated defense counsel.

16.   Plaintiff has the following complaints from asbestos exposure: shortness of breath, breathing problems.

| | | |
|---|---|---|
| | a. | June 2005. |
| | b. | No cessation. |
| | c. | Plaintiff is currently unaware of any physical change. |

d.   Plaintiff contends that his lungs have primarily been affected. However, as the lung function affects the rest of the body, plaintiff also contends that all parts of his body have been affected.

| | | |
|---|---|---|
| | e. | June 2005. |
| | f. | Eisenhower Emergency Care, Cathedral City, California. |

g.   Plaintiff does not at this time contend that he has lost time from work as a result of his asbestos related conditions. Plaintiff's investigation and discovery are continuing.

| | | |
|---|---|---|
| | h. | Not applicable. |
| | i. | Plaintiff's investigation and discovery are continuing. |
| 17. | | Yes. |
| | a. | Asbestosis. |
| | b. | Approximately January 2006. |

1          c.-d.    Dr. Kazi, 73 345 Highway 111, Suite 101, Palm Desert, California 92260.

2          e.      PET scan, CT scan and chest x-ray.

3          f.       See 17, c.-d., above.

4          g.      Plaintiff advised his father, Robert Schoelzel, Sr.; Robie Anderson; and

5 Debra Crank, addresses currently unknown.  Plaintiff's investigation and discovery are

6 continuing.

7          h.      None.

8          i.       None.

9          j.       Not applicable.

10         k.      Information protected by either the attorney work-product doctrine or the

11 attorney-client privilege.  Plaintiff's investigation and discovery are continuing.

12         l.       Plaintiff's investigation and discovery are continuing.

13    18.   No.

14    19.   Plaintiff has suffered respiratory complaints and symptoms during the last 10

15 years, including but not limited to: shortness of breath.

16    20.   Yes.

17         a.      Plaintiff does not recall.

18         b.      Eisenhower Hospital, 39000 Bob Hope Drive, Cathedral City, California.

19         c.      January 11, 2006.

20         d.      Pneumonia, asbestosis.

21         e.      Plaintiff's investigation and discovery are continuing.

22    21.   Yes.

23         a.      Eisenhower Hospital.

24         b.      Plaintiff does not recall.

25         c.      39000 Bob Hope Drive, Cathedral City, California.

26         d.      January 11, 2006.

27         e.      Unknown.

28    22.   No.

23. None.

24. No.

25. Plaintiff recalls first consuming alcoholic beverages when he was in high school. Plaintiff currently drinks alcoholic beverages at social occasions.

26. Plaintiff is currently able to identify the following employment information:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Long Beach Naval Shipyard Long Beach, CA | Electrician (Helper) | 8/1974-12/1974 |
| | | Marine Mechanic | 12/1974-12/1978 |
| | AJAX (AR-6) | | |
| | ANCHORAGE (LDS-36) | | |
| | BAGLEY (FF-1069) | | |
| | BELLEAU WOOD (LHA-3) | | |
| | BIDDLE (DLG-34) | | |
| | BRADLEY (FF-1041) | | |
| | CAMDEN (AOE-2) | | |
| | CHICAGO (CG-11) | | |
| | CONSTELLATION (CVA-64) | | |
| | CORAL SEA (CVA-43) | | |
| | DECATUR (DDG-31) | | |
| | ENTERPRISE (CVN-65) | | |
| | FOX (CG-33) | | |
| | GLOMAR EXPLORER (T-AG-193) | | |
| | HALSEY (CG-23) | | |
| | HIGHPOINT (PCH-1) | | |
| | HOEL (DDG-13) | | |

K:\Injured\105358\AI-sacsfi-verif.wpd

6

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense (contd.) | | Electrician (Helper) | 8/1974-12/1974 |
| | | Marine Mechanic | 12/1974-12/1978 |

HOLLISTER (DD-788)

HORNE (CG-30)

HULL (DD-945)

IWO JIMA (LPH-2)

JOHN PAUL JONES (DDG-32)

JOUETT (CG-29)

KITTY HAWK (CVA-63)

KNOX (FF-1052)

LANG (FF-1060)

LEAHY (CG-16)

LONG BEACH (CGN-9)

LYNDE MCCORMICK (DDG-8)

MARVIN SHIELDS (FF-1066)

MISSOURI (BB-63)

NORTON SOUND (AVM-1)

O'CALLAHAN (FF-1051)

OKLAHOMA CITY (CLG-5)

ORISKANY (CV-34)

OULLET (FF-1077)

PAUL F. FOSTER (DD-964)

PELELIU (LHA-5)

K:\Injured\105358\A1-sacaf1-verif.wpd

7

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense (contd.) | | Electrician (Helper) | 8/1974-12/1974 |
| | | Marine Mechanic | 12/1974-12/1978 |
| | RAMSEY (FFG-2) | | |
| | RANGER (CVA-61) | | |
| | ROBISON (DDG-12) | | |
| | SAMUEL GOMPERS (AD-37) | | |
| | ROANOKE (AOR-7) | | |
| | SCHOFIELD (FFG-3) | | |
| | STERETT (DLG-31) | | |
| | TURNER JOY (DD-951) | | |
| | WADDELL (DDG-24) | | |
| | WILLIAM H. STANDLEY (CG-32) | | |
| | QUEEN MARY (1930) | | |
| | Long Beach Naval Shipyard Long Beach, CA | Mechanic | 12/1978-3/1980 |

Job Duties: Plaintiff worked in the engine rooms and the boiler rooms in close proximity to insulators who were ripping out insulation while working as an electrician helper. Plaintiff pulled cables and wired electrical lights. Plaintiff recalls working with 110, 220, and 440v cables. Plaintiff installed lighting. Plaintiff worked near insulators who were ripping out insulation from steam lines and feed pumps. Plaintiff worked near insulators who were removing pads from the boilers. Plaintiff recalls boilers manufactured by BABCOCK & WILCOX COMPANY and FOSTER WHEELER CORPORATION.

As a marine machinery mechanic, plaintiff repaired overhauled and maintained all major components on the ships. Plaintiff performed repairs on feed pumps. Plaintiff recalls others removing insulation and asbestos pads from the feed pumps while he was working on them. Plaintiff recalls using asbestos sheets to make gaskets for flanges. Plaintiff recalls installing GARLOCK and FLEXITALLIC gaskets. Plaintiff recalls disassembling and re-assembling flanges. Plaintiff recalls replacing the brake pad on an anchor windlass. Plaintiff recalls replacing the asbestos band on the jacking gear of the ship. Plaintiff recalls working near asbestos covered piping while performing repairs on navy tugboats.

As an automotive mechanic, plaintiff performed overhaul and maintenance on a wide variety of equipment, including but not limited to: CUSHMAN scooters, fire trucks, police trucks, semi

trucks and school buses. Plaintiff recalls installing RAYBESTOS, BENDIX & ALLIED brakes. Plaintiff recalls installing BORG-WARNER CORPORATION and SPICER clutches. Plaintiff recalls the following supplier of replacement parts: LONG BEACH TRUCK & AUTO, Long Beach, California. Plaintiff performed the following repairs:

Plaintiff recalls 1962 & 1964 model AMERICAN LAFRANCE CORPORATION fire trucks. Plaintiff recalls removing OEM clutches on AMERICAN LAFRANCE CORPORATION firetrucks.

Plaintiff recalls performing repairs on brand new 1977 CHEVY NOVA police cars. Plaintiff recalls removing OEM brakes at 5000 miles. Plaintiff recalls installing RAYBESTOS & BENDIX brakes.

Plaintiff recalls performing clutch and brake repairs on FORD fuel tankers and one DODGE 8000 fuel tanker.

Plaintiff recalls performing clutch and brake repairs on an INTERNATIONAL HARVESTER 6000 semi tractor.

Plaintiff recalls performing brake repairs on DODGE D200 3/4 ton crew cab trucks. Plaintiff recalls installing RAYBESTOS & BENDIX brakes.

Plaintiff recalls the following supervisor: Frank Forbes, address unknown. Plaintiff recalls the following co-workers: Charlie Vanderveer, address unknown; Tom Hudson, Bremerton, Washington. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Marine Corps Air Station El Toro, CA | Mechanic | 3/1980-10/1980 |

Job Duties: Plaintiff recalls performing the same or similar automotive mechanic duties as those described for US Department of Defense, above. Plaintiff recalls performing repairs on OSHKOSH TRUCK CORPORATION fire trucks. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Long Beach Naval Shipyard Long Beach, CA | Inspector | 10/1980-3/1982 |

Job Duties: Plaintiff performed estimates for accident damage. Plaintiff supervised mechanics. Plaintiff worked in close proximity to mechanics who were performing brake & clutch repairs. Plaintiff recalls that the mechanics were using BENDIX and RAYBESTOS brakes and BORG-WARNER CORPORATION and SPICER clutches. Plaintiff currently contends that he was exposed to asbestos during this employment.

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| City & County of Denver, CO | City & County of Denver, CO | Heavy Equipment Mechanic | 3/1982-4/1983 |

Job Duties: Plaintiff performed brake, clutch, diesel engine and hydraulic repair on garbage trucks. Plaintiff recalls the following truck manufacturer: INTERNATIONAL HARVESTER. Plaintiff recalls removing OEM parts. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Puget Sound Naval Shipyard Bremerton, WA | Marine Mechanic | 5/1983-1986 |

ARKANSAS (CGN-41)

BAINBRIDGE (CGN-25)

BLUEBACK (SS-581)

ETHAN ALLEN (SSN-608)

GEORGE C. MARSHALL (SSBN-654)

GEORGE WASHINGTON (SSBN-598)

JOHN ADAMS (SSBN-620)

MISSOURI (BB-63)

NATHAN HALE (SSBN-623)

PLUNGER (SSN-595)

QUEENFISH (SSN-651)

SILVERSIDES (SNN-679)

TEXAS (CGN-39)

TRUXTUN (CGN-35)

Job Duties: Plaintiff recalls performing the same or similar marine machinery mechanic duties as those described for US Department of Defense, above. Plaintiff worked on ships and submarines at this location. Plaintiff recalls the following supervisor: Floyd Forbes, address unknown. Plaintiff currently contends that he was exposed to asbestos during this employment.

1   Plaintiff's investigation and discovery are continuing.

2   27.   Yes.

3   a.-b.   Plaintiff was a member of IBEW ( International Brotherhood of Electrical

4   Workers); and International Brotherhood of Machinists while working at the shipyards from

5   1974 to 1986.

6   28.   Approximately the early 1980s.

7   29.   Plaintiff recalls first becoming aware that exposure to asbestos was a potential

8   health hazard when he was rated by the United States Navy to have been exposed to the highest

9   level of asbestos, on a scale of 1 to 10.

10   30.   Plaintiff recalls first observing the use of safety precautions by trades working

11   around asbestos or asbestos-containing materials in August 1974, at Long Beach Naval Shipyard.

12   Plaintiff's investigation and discovery are continuing.

13   31.   Plaintiff recalls first using dust masks in 1980.  Plaintiff's investigation and

14   discovery are continuing.

15   32.   Plaintiff currently does not recall being required to take physical examinations or

16   having physical examinations made available by employers.  Plaintiff's investigation and

17   discovery are continuing.

18   33.   Plaintiff was laid off work in June 2004.

19   34.   No.

20   35.   No.

21   36.   No.

22   37.   Plaintiff's investigation and discovery are continuing.

23   38.   The total hospital expense is unknown at this time and plaintiff has provided

24   authorizations for release of this information.  Plaintiff's investigation and discovery are

25   continuing.

26   39.   The total medical expense is unknown at this time and plaintiff has provided

27   authorizations for release of this information.  Plaintiff's investigation and discovery are

28   continuing.

K:\Injured\105358\A1-mcafl-verif.wpd                    11

| | | |
|---|---|---|
| 1 | 40. | No. |
| 2 | 41. | No. |
| 3 | 42. | Plaintiff currently is not claiming any wage or earning loss. |
| 4 | 43. | No. |
| 5 | 44. | No. |
| 6 | 45. | No. |
| 7 | 46. | No. |
| 8 | 47. | No. |
| 9 | 48. | No. |
| 10 | 49. | No. |
| 11 | 50. | No, plaintiff's investigation and discovery are continuing. |

BRAYTON❖PURCELL LLP

By: _____
Paul A. Vaillancourt
Attorneys for Plaintiff

K:\Injured\105358\AI-sacsf1-verif.wpd

12

1

2

**VERIFICATION**

3    <u>Robert Schoelzel</u>
San Francisco Superior Court Case No. 453669

4

5    I, Robert Schoelzel, declare:

6        I am the plaintiff in the above-entitled action.  The foregoing <u>Answers to Interrogatories,</u>

7    <u>Set One</u>, propounded by Defendants Jointly, are true of my knowledge, except as to those

8    matters which are therein stated on my information and belief and, as to those matters, I believe

9    them true.

10        I declare under penalty of perjury under the laws of the State of California that the

11    foregoing is true and correct.

12

13    Dated:  ___9 - 7 - 2 0 0 6___

14

15    Signed:  _____

16

17    **Please do not write below this line.  If you have any changes, please submit them on a**

18    **separate sheet of paper.  Thank you.**

19

20

21

22

23

24

25

26

27

28

BRAYTON◆PURCELL, LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

## PROOF OF SERVICE

I, Jane Camingue, do hereby declare and state:

I am employed in the city of Petaluma, County of Sonoma, California. I am over the age of 18 and not a party to the within action. My business address is 1009 Clegg Court, Petaluma, CA 94954.

On _____ DEC 1 2 2006 _____, I served the within:

Verified Answers to Interrogatories

Re: Robert Schmelzel

on the parties in this action by placing a true copy thereof in a sealed envelope, and envelope addressed as follows:

By mail Service:

### SEE ATTACHED LIST
(Defendants that are crossed out are not being served)

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail. Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business. On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed _____ DEC 1 2 2006 _____, at Petaluma, California.

Jane Camingue

Brayton-Purcell Service List

Date Created: 12/11/2006-12:09:05 PM
Created by: LitSupport - ServiceList - Live
Matter Number: 105358.001 - Robert Schoelzel

Run By : White, Marlena (MCW)

**Bassi, Martini, Edlin & Blum**
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006   415-397-1339 (fax)
Defendants:
  J.T. Thorpe & Son, Inc. (THORPE)
  Parker-Hannifin Corporation (PARKHF)

**Becherer, Kannett & Schweitzer**
2200 Powell Street
Suite 805
Emeryville, CA 94608
510-658-3600   510-658-1151 (fax)
Defendants:
  M. Slayen & Associates, Inc. (SLAYEN)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
Defendants:
  Berry & Berry (B&B)

**Bishop, Barry, Howe, Haney & Ryder**
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA 94608
510-596-0888   510-596-0899 (fax)
Defendants:
  Thorpe Insulation Company (THRPIN)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300   415-808-0333 (fax)
Defendants:
  Pneumo Abex LLC (ABEX)

**Burnham & Brown**
1901 Harrison Street
11th Floor
Oakland, CA 94612
510-444-6800   510-835-6739 (fax)
Defendants:
  Borg-Warner Corporation by its Successor
  In Interest, BorgWarner Morse TEC Inc.
  (BWMORS)

**Carroll, Burdick & McDonough**
Asbestos Case Coordinator
44 Montgomery Street, Ste. 400
San Francisco, CA 94104
415-989-5900   415-989-0932 (fax)
Defendants:
  Warren Pumps, LLC (WARPUM)

**Filice, Brown, Eassa & McLeod LLP**
1999 Harrison Street, 18th Floor
Oakland, CA 94612-0850
510-444-3131   510-839-7940 (fax)
Defendants:
  Ford Motor Company (FORD)
  General Motors Corporation (GM)

**Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
Defendants:
  Garlock Sealing Technologies, LLC
  (GARLCK)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
Defendants:
  Ingersoll-Rand Company (INGRSL)
  Leslie Controls, Inc. (LESCON)

**Howard, Rome, Martin & Ridley**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715   650-364-5297 (fax)
Defendants:
  IMO Industries, Inc. (IMOIND)

**Imai, Tadlock, Keeney & Cordery, LLP**
100 Bush Street, Suite 1300
San Francisco, CA 94104
415-675-7000   415-675-7008 (fax)
Defendants:
  Elliott Turbomachinery Co., Inc.
  (ELLTUR)

**Jackson & Wallace**
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300   415-982-6700 (fax)
Defendants:
  Buffalo Pumps, Inc. (BUFPUM)
  Sun Ship, LLC (SSHLLC)

**Kirkpatrick & Lockhart Nicholson
Graham LLP**
4 Embarcadero Center
10th Floor
San Francisco, CA 94111-4106
415-249-1000   415-249-1001 (fax)
Defendants:
  Crane Co. (CRANCO)

**Knox Ricksen LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
510-285-2500   510-285-2505 (fax)
Defendants:
  Allis-Chalmers Corporation Product
  Liability Trust (ALLIS)
  Oshkosh Truck Corporation (OSHTRU)

**Law Offices of Nancy E. Hudgins**
565 Commercial, 4th Floor
San Francisco, CA 94111
415-979-0100   415-979-0747 (fax)
Defendants:
  Uniroyal Holding, Inc. (UNIROY)

**Law Offices of Peter J. Nova**
P.O. Box 1328
Sonoma, CA 95476
707-938-9610
Defendants:
  Parker-Hannifin Corporation (PARKHF)

**Lewis Brisbois Bisgaard & Smith LLP**
One Sansome Street
Suite 1400
San Francisco, CA 94104
415-362-2580   415-434-0882 (fax)
Defendants:
  Plant Insulation Company (PLANT)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000   415-267-4198 (fax)
Defendants:
  Metalclad Insulation Corporation
  (METALC)

**Morgan, Lewis & Bockius LLP**
Attn: Deanne L. Miller
300 South Grand Ave.
Los Angeles, CA 90071
213-612-2500   213-612-2501 (fax)
Defendants:
  Scott Technologies, Inc. (SCOTEC)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000   415-344-7050 (fax)
Defendants:
  Honeywell International, Inc. (HONEYW)

2

Date Created: 12/11/2006-12:09:05 PM
Created by: LitSupport - ServiceList - Live
Matter Number: 105358.001 - Robert Schoelzel

Run By : White, Marlena (MCW)

**Pond North, LLP**
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213-617-6170   213-623-3594 (fax)
**Defendants:**
  Viacom, Inc. (VIACOM)

**Prindle, Decker & Amaro**
369 Pine St., Suite 800
San Francisco, CA 94104
415-788-8354   415-788-3625 (fax)
**Defendants:**
  C.H. Murphy/Clark-Ullman, Inc.
(MURULL)
  Syd Carpenter Marine Contractor, Inc.
(SYD)

**Thelen Reid Brown Raysman & Steiner
LLP**
101 Second St., Ste 1800
San Francisco, CA 94105
415-371-1200   415-644-6519 (fax)
**Defendants:**
  DaimlerChrysler Corporation (CHRYS)
  Rapid-American Corporation (RAPID)

**Towle, Denison, Smith & Tavera**
10866 Wilshire Blvd
Suite 600
Los Angeles, CA 90024
310-446-5445   310-446-5447 (fax)
**Defendants:**
  Parker-Hannifin Corporation (PARKHF)

**Vasquez & Estrada**
Courthouse Square
1000 Fourth Street, Suite 700
San Rafael, CA 94901
415-453-0555   415-453-0549 (fax)
**Defendants:**
  Lamons Gasket Company (LAMONS)

**Walsworth, Franklin, Beylns & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
  Thomas Dee Engineering Co., Inc. (DEE)

**EXHIBIT B**

1  DAVID R. DONADIO, ESQ., S.B. #154436
   NICHOLAS ALOIA, ESQ., S.B. #233020
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5
6  Attorneys for Plaintiff
7

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

JUN 3 0 2006

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
                    Deputy Clerk
CASE MANAGEMENT CONFERENCE SET

8              SUPERIOR COURT OF CALIFORNIA
9              COUNTY OF SAN FRANCISCO   JUN 2 1 2007  -1ᵖᵐPM
10                                        DEPARTMENT 206

11  ROBERT SCHOELZEL,                  )
                                       )   No. CGC-06-453669
12              Plaintiff,             )
                                       )
13  vs.                                )   COMPLAINT FOR PERSONAL INJURY -
                                       )   ASBESTOS
14  ASBESTOS DEFENDANTS (B❖P)          )
    As Reflected on Exhibits B, B-1, C, H, )
15  I; and DOES 1-8500; and SEE        )
    ATTACHED LIST.                     )
16

17      1.    Plaintiff ROBERT SCHOELZEL was born October 7, 1953.

18      2.    The ©Brayton❖Purcell Master Complaint for Personal Injury [and Loss of

19  Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

20  Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be

21  obtained upon request from Brayton❖Purcell, and designated portions of the Master Complaint

22  are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

23  Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

24  ///

25  ///

26  ///

27

28

K\Injured\105313\hcmp-pi.wpd                          1
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

BRAYTON◆PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

2

3 ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST

4 AQUA-CHEM, INC.
BUCYRUS INTERNATIONAL, INC.

5 CRANE CO.
THOMAS DEE ENGINEERING CO., INC.

6 FOSTER WHEELER LLC
GARLOCK SEALING TECHNOLOGIES, LLC

7 LAMONS METAL GASKET CO.
METALCLAD INSULATION CORPORATION

8 OWENS-ILLINOIS, INC.
PARKER-HANNIFIN CORPORATION

9 PLANT INSULATION COMPANY
QUINTEC INDUSTRIES, INC.

10 RAPID-AMERICAN CORPORATION
R.F. MACDONALD CO.

11 THORPE INSULATION COMPANY
UNIROYAL HOLDING, INC.

12 VIACOM, INC.
WESTERN MacARTHUR COMPANY

13 MacARTHUR COMPANY

14 WESTERN ASBESTOS COMPANY
PNEUMO ABEX LLC

15 HONEYWELL INTERNATIONAL, INC.
DAIMLERCHRYSLER CORPORATION

16 FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION

17 INTERNATIONAL TRUCK & ENGINE CORPORATION
BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.

18 CARLISLE CORPORATION
OSHKOSH TRUCK CORPORATION

19 BUFFALO PUMPS, INC.
IMO INDUSTRIES, INC.

20 ELLIOTT TURBOMACHINERY CO., INC.
INGERSOLL-RAND COMPANY

21 LESLIE CONTROLS, INC.

22 WARREN PUMPS, LLC
C.H. MURPHY/CLARK-ULLMAN, INC.

23 SCOTT TECHNOLOGIES, INC.
CUSHMAN INC.

24 CUTLASS CORPORATION
LONG BEACH TRUCK & AUTO

25 SUN SHIP, LLC
HOPEMAN BROTHERS, INC.

26 M. SLAYEN & ASSOCIATES, INC.
SYD CARPENTER MARINE CONTRACTOR, INC.

27 J.T. THORPE & SON, INC.

28

1   METROPOLITAN LIFE INSURANCE COMPANY
    GATKE CORPORATION
2   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
    UNDERWRITERS LABORATORIES, INC.
3   and DOES 1-8500,

4       Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Robert Schoelzel vs. Asbestos Defendants (B✤P)
     San Francisco Superior Court

## DEFENDANTS* ON EXHIBITS:

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | ☒ | | □ | □ | □ | | | | | □ | □ | □ |
| Second (Strict Liability) | ☒ | ☒ | | | | | □ | | | | □ | □ | |
| Third (False Representation) | ☒ | ☒ | | □ | □ | □ | | | | | | | |
| Fourth (Loss of Consortium) | □ | □ | | □ | □ | □ | | □ | □ | □ | □ | □ | □ |
| Fifth (Premises Owner/Contractor Liability) | | ☒ | ☒ | □ | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | | | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | □ | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | □ | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | □ | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | □ | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ☒ | ☒ | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | | | | | |
| Nineteenth (Fraud/Deceit/Intentional Misrepresentation) | | | | | | | | | | □ | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☒ | | |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

3.     Plaintiff's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

4.     Paragraph 8 of the Master Complaint is amended to add the following sentence: In part, and without limitation as to other defendants, defendant SUN SHIP, LLC, manufactured, modified, serviced and/or repaired asbestos-containing ships and vessels.

5.     Plaintiff's claims against defendant VIACOM, INC. (successor by merger to CBS CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION) exclude military and federal government jobsites.

Dated:  6/28/06                           BRAYTON❖PURCELL LLP


                                          By: _____
                                               David R. Donadio
                                               Attorneys for Plaintiff

K:\Injured\103358\temp-pmf.wpd                          3
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

## EXHIBIT A

2    Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

3    locations both inside and outside the State of California, including but not limited to:

4

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Long Beach Naval Shipyard Long Beach, CA | Electrician (Helper) | 8/1974-12/1974 |
| | | Marine Mechanic | 12/1974-12/1978 |

AJAX (AR-6)

ANCHORAGE (LDS-36)

BAGLEY (FF-1069)

BELLEAU WOOD (LHA-3)

BIDDLE (DLG-34)

BRADLEY (FF-1041)

CAMDEN (AOE-2)

CHICAGO (CG-11)

CONSTELLATION (CVA-64)

CORAL SEA (CVA-43)

DECATUR (DDG-31)

ENTERPRISE (CVN-65)

FOX (CG-33)

GLOMAR EXPLORER (T-AG-193)

HALSEY (CG-23)

HIGHPOINT (PCH-1)

HOEL (DDG-13)

28    ///                                                                EXHIBIT A

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense (cont'd.) | Long Beach Naval Shipyard Long Beach, CA | Electrician (Helper) | 8/1974-12/1974 |
| | Marine Mechanic | | 12/1974-12/1978 |

HOLLISTER (DD-788)

HORNE (CG-30)

HULL (DD-945)

IWO JIMA (LPH-2)

JOHN PAUL JONES (DDG-32)

JOUETT (CG-29)

KITTY HAWK (CVA-63)

KNOX (FF-1052)

LANG (FF-1060)

LEAHY (CG-16)

LONG BEACH (CGN-9)

LYNDE MCCORMICK (DDG-8)

MARVIN SHIELDS (FF-1066)

MISSOURI (BB-63)

NORTON SOUND (AVM-1)

O'CALLAHAN (FF-1051)

OKLAHOMA CITY (CLG-5)

ORISKANY (CV-34)

OULLET (FF-1077)

///

EXHIBIT A

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

2   EXHIBIT A (cont'd.)

3

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense (cont'd.) | Long Beach Naval Shipyard Long Beach, CA | Electrician (Helper) | 8/1974-12/1974 |
| | | Marine Mechanic | 12/1974-12/1978 |

PAUL F. FOSTER (DD-964)

PELELIU (LHA-5)

RAMSEY (FFG-2)

RANGER (CVA-61)

ROBISON (DDG-12)

SAMUEL GOMPERS (AD-37)

ROANOKE (AOR-7)

SCHOFIELD (FFG-3)

STERETT (DLG-31)

TURNER JOY (DD-951)

WADDELL (DDG-24)

WILLIAM H. STANDLEY (CG-32)

QUEEN MARY (1930)

| | Long Beach Naval Shipyard Long Beach, CA | Mechanic | 12/1978-3/1980 |
| US Department of Defense | Marine Corps Air Station El Toro, CA | Mechanic | 3/1980-10/1980 |
| US Department of Defense | Long Beach Naval Shipyard Long Beach, CA | Inspector | 10/1980-3/1982 |

///

///                          EXHIBIT A

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| City & County of Denver, CO | City & County of Denver, CO | Heavy Equipment Mechanic | 3/1982-4/1983 |
| US Department of Defense | Puget Sound Naval Shipyard Bremerton, WA | Marine Mechanic | 5/1983-1986 |
| | ARKANSAS (CGN-41) | | |
| | BAINBRIDGE (CGN-25) | | |
| | BLUEBACK (SS-581) | | |
| | ETHAN ALLEN (SSN-608) | | |
| | GEORGE C. MARSHALL (SSBN-654) | | |
| | GEORGE WASHINGTON (SSBN-598) | | |
| | JOHN ADAMS (SSBN-620) | | |
| | MISSOURI (BB-63) | | |
| | NATHAN HALE (SSBN-623) | | |
| | PLUNGER (SSN-595) | | |
| | QUEENFISH (SSN-651) | | |
| | SILVERSIDES (SNN-679) | | |
| | TEXAS (CGN-39) | | |
| | TRUXTUN (CGN-35) | | |

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer and various other cancers. Plaintiff was diagnosed with asbestosis on or about January 2006.

///

EXHIBIT A

1

<u>EXHIBIT A (cont'd.)</u>

2

3        Plaintiff is still employed and therefore has suffered no disability due to his asbestos-

4  related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

K:\Injaro\h10335\temp.pgd.wpd                                   8
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

<u>EXHIBIT B</u>

2

<u>DEFENDANTS</u>

3 ALLIS-CHALMERS CORPORATION PRODUCT            FORD MOTOR COMPANY
        LIABILITY TRUST                                       GENERAL MOTORS CORPORATION
4 AQUA-CHEM, INC.                                       INTERNATIONAL TRUCK & ENGINE
   BUCYRUS INTERNATIONAL, INC.                          CORPORATION
5 CRANE CO.                                             BORG-WARNER CORPORATION BY ITS
   THOMAS DEE ENGINEERING CO., INC.                      SUCCESSOR IN INTEREST, BORGWARNER
6 FOSTER WHEELER LLC                                     MORSE TEC INC.
   GARLOCK SEALING TECHNOLOGIES, LLC                   CARLISLE CORPORATION
7 LAMONS METAL GASKET CO.                              OSHKOSH TRUCK CORPORATION
   METALCLAD INSULATION CORPORATION                    BUFFALO PUMPS, INC.
8 OWENS-ILLINOIS, INC.                                  IMO INDUSTRIES, INC.
   PARKER-HANNIFIN CORPORATION                         ELLIOTT TURBOMACHINERY CO., INC.
9 PLANT INSULATION COMPANY                             INGERSOLL-RAND COMPANY
   QUINTEC INDUSTRIES, INC.                            LESLIE CONTROLS, INC.
10 RAPID-AMERICAN CORPORATION                          WARREN PUMPS, LLC
   R.F. MACDONALD CO.                                   C.H. MURPHY/CLARK-ULLMAN, INC.
11 THORPE INSULATION COMPANY                           SCOTT TECHNOLOGIES, INC.
   UNIROYAL HOLDING, INC.                              CUSHMAN, INC.
12 VIACOM, INC.                                         CUTLASS CORPORATION
   WESTERN MacARTHUR COMPANY                           LONG BEACH TRUCK & AUTO
13 MacARTHUR COMPANY                                    SUN SHIP, LLC
   WESTERN ASBESTOS COMPANY                            DOES 1-800
14 PNEUMO ABEX LLC
   HONEYWELL INTERNATIONAL, INC.
15 DAIMLERCHRYSLER CORPORATION

16                                                 <u>ALTERNATE ENTITY</u>

17 BUCYRUS INTERNATIONAL, INC.          BUCYRUS-ERIE
                                        MARION POWER SHOVEL COMPANY, THE
18                                      OSGOOD COMPANY
                                        GENERAL EXCAVATOR COMPANY
19
   CRANE CO.                           CRANE COMPANY
20                                      CRANE PLUMBING & HEATING
                                        CRANE PUMPS & SYSTEMS, INC.
21                                      CRANE SUPPLY
                                        BURK PUMPS
22                                      MIDWEST PIPING CO.
                                        MIDWEST PIPING & SUPPLY CO.
23                                      MIDWEST INVESTMENT
                                        PACIFIC STEEL BOILER CORPORATION
24                                      PACIFIC VALVES
                                        CRANE VALVE GROUP
25                                      DEMING PUMPS
                                        REPCAL BRASS MANUFACTURING CO.
26                                      CHAPMAN VALVE COMPANY

27 FOSTER WHEELER LLC                   FOSTER WHEELER CORPORATION

28 ///                                                                       EXHIBIT B

1

2

3

| | |
|---|---|
| | EXHIBIT B (cont'd.) |
| | ALTERNATE ENTITY |
| GARLOCK SEALING TECHNOLOGIES, LLC | GARLOCK, INC. COLTEC INDUSTRIES, INC. FAIRBANKS-MORSE FAIRBANKS MORSE ENGINES BELMONT PACKING & RUBBER CO. GARLOCK PACKING CO. U.S. GASKET CO. GOODRICH CORPORATION ENPRO INDUSTRIES, INC. |
| LAMONS METAL GASKET CO. | POWER ENGINEERING AND EQUIPMENT COMPANY, INC. POWER ENGINEERING COMPANY |
| UNIROYAL HOLDING, INC. | UNIROYAL, INC. |
| VIACOM, INC. | CBS CORPORATION WESTINGHOUSE ELECTRIC CORPORATION WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY B.F. STURTEVANT KPIX TELEVISION STATION PARAMOUNT COMMUNICATIONS, INC. |
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. HONEYWELL CONTROLS ALLIEDSIGNAL, INC. ALLIED-SIGNAL, INC. THE BENDIX CORPORATION BENDIX PRODUCTS AUTOMOTIVE DIVISION BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. BENDIX HOME SYSTEMS ALLIED CORPORATION ALLIED CHEMICAL CORPORATION GENERAL CHEMICAL CORPORATION FRAM FRICTION MATERIALS OF LOS ANGELES NORTH AMERICAN REFRACTORIES COMPANY EM SECTOR HOLDINGS INC. UNIVERSAL OIL PRODUCTS COMPANY BOYLSTON CORPORATION EHRHART & ASSOCIATES, INC. EHRHART & ARTHUR, INC. GARRETT AIR RESEARCH CORP. STANLEY G. FLAGG & CO. MERGENTHALER LINOTYPE COMPANY ELTRA CORPORATION BUNKER RAMO-ELTRA CORPORATION |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    ///

28    ///                                                    EXHIBIT B

K:\Injured\103238\comp-rep1.wpd
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

| | |
|---|---|
| 1 | <u>EXHIBIT B (cont'd.)</u> |
| 2 | <u>ALTERNATE ENTITY</u> |
| 3 | PNEUMO ABEX LLC |
| | PNEUMO ABEX CORPORATION |
| | ABEX CORPORATION |
| 4 | AMERICAN BRAKE SHOE COMPANY |
| | EATON BRAKE SHOES |
| 5 | EATON MANUFACTURING CO. |
| | AMERICAN BRAKE SHOE AND FOUNDRY COMPANY |
| 6 | AMERICAN BRAKEBLOK, DIVISION OF AMERICAN |
| |   BRAKE SHOE AND FOUNDRY CO. |
| 7 | AMERICAN BRAKEBLOK CORPORATION |
| | AMERICAN BRAKE MATERIALS CORPORATION |
| 8 | AMERICAN BRAKE SHOE AND FOUNDRY (DE) |

---

<u>EXHIBIT B (cont'd.)</u>

<u>ALTERNATE ENTITY</u>

**PNEUMO ABEX LLC**
- PNEUMO ABEX CORPORATION
- ABEX CORPORATION
- AMERICAN BRAKE SHOE COMPANY
- EATON BRAKE SHOES
- EATON MANUFACTURING CO.
- AMERICAN BRAKE SHOE AND FOUNDRY COMPANY
- AMERICAN BRAKEBLOK, DIVISION OF AMERICAN BRAKE SHOE AND FOUNDRY CO.
- AMERICAN BRAKEBLOK CORPORATION
- AMERICAN BRAKE MATERIALS CORPORATION
- AMERICAN BRAKE SHOE AND FOUNDRY (DE)

**FORD MOTOR COMPANY**
- BRITISH LEYLAND MOTORS, INC.
- BRITISH MOTOR CORPORATION
- JAGUAR CARS, INC.
- TRIUMPH
- LINCOLN CONTINENTAL
- AUSTIN HEALEY

**GENERAL MOTORS CORPORATION**
- NEW DEPARTURE
- CHEVROLET
- A.C. DELCO CO.
- BUICK AUTOMOTIVE CORPORATION
- CADILLAC
- PONTIAC
- LaSALLE
- OLDSMOBILE
- GM GOODWRENCH
- ROCHESTER PRODUCTS DIVISION
- EUCLID ROAD MACHINERY CO.
- FRIDGIDAIRE (for exposure pre 4/9/1979)

**BORGWARNER MORSE TEC, INC.**
- BORG-WARNER CORPORATION
- AP BORG & BECK
- BORG & BECK
- YORK BORG WARNER

**CARLISLE CORPORATION**
- CARLISLE DELAWARE CORPORATION
- CARLISLE MANAGEMENT COMPANY
- MOTION CONTROL INDUSTRIES, INC.
- CARLISLE TIRE & RUBBER COMPANY
- GEAUJA COMPANY
- TENSOLITE COMPANY
- BRAEMAR CORPORATION
- CONTINENTAL CARLISLE CORPORATION
- DIGITAL CONTROLS CORPORATION
- GRAHAM MAGNETIC INCORPORATION

///
///

EXHIBIT B

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

| | |
|---|---|
| 1 | <u>EXHIBIT B (cont'd.)</u> |
| 2 | <u>ALTERNATE ENTITY</u> |
| 3 | IMO INDUSTRIES, INC. |

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

IMO INDUSTRIES, INC.
TRANSAMERICA DELAVAL, INC.
ENTERPRISE ENGINE & MACHINERY CO.
DE LAVAL STEAM TURBINE, INC.
DELAVAL STEAM TURBINE
DELAVAL INDUSTRIES INC.
DE LAVAL TURBINE, INC.
GENERAL METALS CORPORATION

ELLIOTT TURBOMACHINERY
   CO., INC.
ELLIOTT COMPANY
NEW ELLIOTT CORPORATION
ETSCO, LTD.
ELLIOTT SERVICE COMPANY

INGERSOLL-RAND COMPANY
INGERSOLL-DRESSER PUMP
DRESSER-RAND CO.
PACIFIC PUMP WORKS
FLOWSERVE CORPORATION
INGERSOLL ROCK DRILL COMPANY
TERRY STEAM TURBINE CO.
RAND DRILL COMPANY
RAND & WARING DRILL AND COMPRESSOR COMPANY
INGERSOLL-SERGEANT
SCHLAGE LOCK COMPANY
VON DUPRIN
THE TORRINGTON COMPANY
BLAW-KNOX COMPANY

LESLIE CONTROLS, INC.
LESLIE CO.

WARREN PUMPS, LLC
WARREN PUMPS, INC.
QUIMBY PUMP COMPANY
WARREN STEAM PUMPS COMPANY

SCOTT TECHNOLOGIES, INC.
FIGGIE INTERNATIONAL, INC.
A-T-O, INC.
AUTOMATIC SPRINKLER CORPORATION OF AMERICA
AMERICAN LAFRANCE CORPORATION (Post 4/21/66)
SAFEWAY STEEL PRODUCTS

SUN SHIP, LLC
SUN SHIP, INC.
SUN SHIPBUILDING AND DRY DOCK COMPANY
SUN SHIPBUILDING COMPANY
SUNDOCKS FORD

EXHIBIT B

12

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

**EXHIBIT B-1**

2      DEFENDANTS

3      HOPEMAN BROTHERS, INC.
       M. SLAYEN & ASSOCIATES, INC.
4      SYD CARPENTER MARINE CONTRACTOR, INC.
       J.T. THORPE & SON, INC.
5      DOES 1-800; DOES 1001-2000

6                                       **ALTERNATE ENTITY**

7      J.T. THORPE & SON, INC.          THE THORPE COMPANY
                                        THORPE PRODUCTS CO.
8                                       J.T. THORPE NORTHWEST

9

10

11                                      **EXHIBIT C**

12     DEFENDANTS

13     HOPEMAN BROTHERS, INC.                   PLANT INSULATION COMPANY
       M. SLAYEN & ASSOCIATES, INC.             THORPE INSULATION COMPANY
14     SYD CARPENTER MARINE CONTRACTOR,         WESTERN MacARTHUR COMPANY
         INC.                                   MacARTHUR COMPANY
15     METALCLAD INSULATION CORPORATION         WESTERN ASBESTOS COMPANY
       J.T. THORPE & SON, INC.                  DOES 1001-2000

16

17     CONTRACTOR
       DEFENDANTS                  LOCATION                  TIME PERIOD
18
       HOPEMAN BROTHERS, INC.      CONSTELLATION             12/1977-3/1978
19                                 (CVA-64)

20                                 JOHN PAUL JONES (DDG-32)  1962-1979

21                                 JOUETT (CG-29)            1971-1975

22                                 KITTY HAWK (CVA-63)       8/1974-10/1974;
                                                             6/1978-10/1978
23
                                   LANG (FF-1060)            1976
24
                                   PLUNGER (SSN-595)         3/1985-5/1985
25
                                   ROANOKE (AOR-7)           10/1973-9/1976
26

27

28     ///                                                  EXHIBITS B-1, C

K:\Injtech\10535\Pcomp-pip\wpd                  13
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT C (cont'd.)

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| M. SLAYEN & ASSOCIATES, INC. | Long Beach Naval Shipyard Long Beach, CA | 8/1974-3/1980; 10/1980-3/1982 |
| | Puget Sound Naval Shipyard Bremerton, WA | 5/1983-1986 |
| SYD CARPENTER MARINE CONTRACTOR, INC.; METALCLAD INSULATION CORPORATION | Long Beach Naval Shipyard Long Beach, CA | 8/1974-3/1980; 10/1980-3/1982 |
| J.T. THORPE & SON, INC. | Various | Various |
| PLANT INSULATION COMPANY | Various | Various |
| THORPE INSULATION COMPANY | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

EXHIBIT H

DEFENDANTS

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | STUART-WESTERN, INC. |
| PNEUMO ABEX LLC | RITESET MANUFACTURING COMPANY |
| BORGWARNER MORSE TEC, INC. | ASBESTOS MANUFACTURING COMPANY |
| HONEYWELL INTERNATIONAL, INC. (successor-in-interest to ALLIEDSIGNAL, INC.) | FIBRE & METAL PRODUCTS COMPANY |
| | LASCO BRAKE PRODUCTS |
| THE BUDD COMPANY | L.J. MILEY COMPANY |
| DAIMLERCHRYSLER CORPORATION | ROSSENDALE-RUBOIL COMPANY |
| DANA CORPORATION | SOUTHERN FRICTION MATERIALS COMPANY |
| FORD MOTOR COMPANY | U.S. SPRING & BUMPER COMPANY |
| GENERAL MOTORS CORPORATION | AUTO FRICTION CORPORATION |
| BRIDGESTONE/FIRESTONE | EMSCO ASBESTOS COMPANY |
| NORTH AMERICAN TIRE, LLC | FORCEE MANUFACTURING CORPORATION |
| LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. | MOLDED INDUSTRIAL FRICTION CORPORATION |
| MAREMONT CORPORATION | NATIONAL TRANSPORT SUPPLY, INC. |
| MORTON INTERNATIONAL, INC. | SILVER LINE PRODUCTS, INC. |
| PARKER-HANNIFIN CORPORATION | STANDCO, INC. |
| STANDARD MOTOR PRODUCTS, INC. | UNIVERSAL FRICTION MATERIALS COMPANY |
| GATKE CORPORATION | WHEELING BRAKE BLOCK MANUFACTURING |
| GARLOCK SEALING TECHNOLOGIES, LLC | COMPANY |
| BRASSBESTOS BRAKE LINING COMPANY | OWENS-ILLINOIS, INC. |
| H. KRASNE MANUFACTURING COMPANY | BELL ASBESTOS MINES LTD. |
| AUTO SPECIALTIES MANUFACTURING COMPANY | DOES 5000-8000 |

EXHIBIT H

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1      EXHIBIT 1

2    DEFENDANTS

3    METROPOLITAN LIFE INSURANCE COMPANY
     OWENS-ILLINOIS, INC.
4    PNEUMO ABEX LLC
     GATKE CORPORATION
5    GARLOCK SEALING TECHNOLOGIES, LLC
     AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
6    UNDERWRITERS LABORATORIES, INC.
     DOES 5000-7500

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                 EXHIBIT 1

K:\Vallero\N\05358\vcmp-pspf.wpd                     15
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT  C**

1  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON✦PURCELL LLP
2  Attorneys at Law
   222 Rush Landing Road
3  P.O. Box 6169
   Novato, California 94948-6169
4  (415) 898-1555

5  Attorneys for Plaintiff

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 3 0 2006

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE SET
CRISTINA E. BAUTISTA
Deputy Clerk

JUN 2 1 2007  -1:30 PM

DEPARTMENT 206

6
7
8              SUPERIOR COURT OF CALIFORNIA
9                COUNTY OF SAN FRANCISCO
10
11 ROBERT SCHOELZEL,            )    No.
                                )    CGC-06-453669
12            Plaintiff,        )
                                )    PRELIMINARY FACT SHEET/NEW
13 vs.                          )    FILING/ASBESTOS LITIGATION
                                )
14 ASBESTOS DEFENDANTS (B✦P)    )
                                )    (See General Order No. 129, In Re:
15 ─────────────────────────────     Complex Asbestos Litigation)
16
17                        NOTICE
18 TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
   SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF
19 SAN FRANCISCO

20        You have been served with process in an action which has been designated by the Court
   as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration.  This
21 litigation bears the caption "In Re:  Complex Asbestos Litigation", [San Francisco Superior
   Court No. 828684].
22
          This litigation is governed by various general orders, some of which affect the judicial
23 management and/or discovery obligations, including the responsibility to answer interrogatories
   deemed propounded in the case.  You may contact the Court or Designated Defense Counsel,
24 Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone:
   (510) 835-8330; FAX: (510) 835-5117, for further information and/or copies of these orders, at
25 your expense.

26 1. State the complete name and address of each person whose claimed exposure to asbestos is

27 the basis of this lawsuit ("exposed person"): Robert Schoelzel, 49305 Hwy 74 #38, Palm Desert,

28 California 92260.

   K:\Injured\105335\temp factst.wpd                    1
   PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

(left margin, vertical)
BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1   2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four

2   months? _____ Yes       __X__ No

3   [If yes, the action will be governed by General Order No. 140; if no, the action will be governed

4   by General Order No. 129.]

5   3. Date of birth of each exposed person in item one and, if applicable, date of death:

6                Date of Birth: ___10/7/53___

7                Date of Death: ___N/A___

8   Social Security Number of each exposed person:

9                ___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___

10   4. Specify the nature or type of asbestos-related disease alleged by each exposed person.

11       __X__ Asbestosis        _____ Mesothelioma

12       _____ Pleural Thickening/Plaques    _____Other Cancer: Specify: _____

13       _____ Lung Cancer Other Than Mesothelioma    _____ Other: Specify: _____

14   5. For purposes of identifying the nature of exposure allegations involved in this action, please

15   check one or more:

16       __X__ Shipyard      _____ Construction    __X__ Friction-Automotive

17       _____ Premises      _____ Aerospace    _____ Military

18       _____ Other: Specify all that apply: _____

19   If applicable, indicate which exposure allegations apply to which exposed person.

20   6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known,

21   provide the beginning and ending year(s) of each such exposure. Also specify each exposed

22   person's employer and job title or job description during each period of exposure. (For example:

23   "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure

24   might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized

25   descriptions such as "merchant marine" or "construction". If an exposed person claims exposure

26   during only a portion of a year, the answer should indicate that year as the beginning and ending

27   year (e.g., 1947-1947).

28   ///

K:\Injured\105358\cmp-facts.wpd

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| US Department of Defense | Long Beach Naval Shipyard Long Beach, CA | Electrician (Helper) | 8/1974-12/1974 |
| | | Marine Mechanic | 12/1974-12/1978 |

AJAX (AR-6)

ANCHORAGE (LDS-36)

BAGLEY (FF-1069)

BELLEAU WOOD (LHA-3)

BIDDLE (DLG-34)

BRADLEY (FF-1041)

CAMDEN (AOE-2)

CHICAGO (CG-11)

CONSTELLATION (CVA-64)

(Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

7. For each exposed person who:

    a. worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

    b. may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

    c. served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

///

1    d.  was employed by the United States government in a civilian capacity, attach to the

2  copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of

3  the stipulation (Exhibit N-3 to General Order No. 129).

4  8.  If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated

5  Defense Counsel a copy of the death certificate, if available.  If an autopsy report was done, also

6  attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

7  9. State the date of the filing of the initial complaint in this matter:

8     6/29/06

9

10                              By: _____
                                      Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\105358\emy-factst wpd                    4
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense (cont'd.) | Long Beach Naval Shipyard Long Beach, CA | Electrician (Helper) | 8/1974-12/1974 |
| | | Marine Mechanic | 12/1974-12/1978 |

CORAL SEA (CVA-43)

DECATUR (DDG-31)

ENTERPRISE (CVN-65)

FOX (CG-33)

GLOMAR EXPLORER (T-AG-193)

HALSEY (CG-23)

HIGHPOINT (PCH-1)

HOEL (DDG-13)

HOLLISTER (DD-788)

HORNE (CG-30)

HULL (DD-945)

IWO JIMA (LPH-2)

JOHN PAUL JONES (DDG-32)

JOUETT (CG-29)

KITTY HAWK (CVA-63)

KNOX (FF-1052)

LANG (FF-1060)

LEAHY (CG-16)

LONG BEACH (CGN-9)

LYNDE MCCORMICK (DDG-8)

MARVIN SHIELDS (FF-1066)

K:\Jepuneck\10535\temp-facts.wpd
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense (cont'd.) | Long Beach Naval Shipyard Long Beach, CA | Electrician (Helper) | 8/1974-12/1974 |
| | | Marine Mechanic | 12/1974-12/1978 |

MISSOURI (BB-63)

NORTON SOUND (AVM-1)

O'CALLAHAN (FF-1051)

OKLAHOMA CITY (CLG-5)

ORISKANY (CV-34)

OULLET (FF-1077)

PAUL F. FOSTER (DD-964)

PELELIU (LHA-5)

RAMSEY (FFG-2)

RANGER (CVA-61)

ROBISON (DDG-12)

SAMUEL GOMPERS (AD-37)

ROANOKE (AOR-7)

SCHOFIELD (FFG-3)

STERETT (DLG-31)

TURNER JOY (DD-951)

WADDELL (DDG-24)

WILLIAM H. STANDLEY (CG-32)

QUEEN MARY (1930)

///

TUCKER ELLIS & WEST LLP
CURTISS L. ISLER STATE BAR NO. 146903
515 South Flower Street
Forty Second Floor
Los Angeles, CA  90071-2223
Telephone:  213.430.3400
Facsimile:  213.430.3409
Email: curt.isler@tuckerellis.com

TUCKER ELLIS & WEST LLP
LANCE D. WILSON STATE BAR NO. 183852
135 Main Street, Suite 700
San Francisco, California 94105
Telephone:  (415) 617-2400
Facsimile:  (415) 617-2409
Email: lance.wilson@tuckerellis.com

Attorneys for Defendant
CARRIER CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2008

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 CTO-313 |
| This Document Relates to: | |
| ROBERT SCHOELZEL v. ALLIS-CHALMERS CORP., et al. | |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROBERT SCHOELZEL, | Case No. C 08-03113 JSW |
| Plaintiff, | **PROOF OF SERVICE OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313 AND DECLARATION OF LANCE WILSON** |
| v. | |
| ALLIS-CHALMERS CORP., et al, | |
| Defendants. | |

1

PROOF OF SERVICE

SFOiManage/074908/000541/160213/1
011425 001621 161914 1

1

<u>PROOF OF SERVICE</u>

2

I hereby certify that a copy of the foregoing **DEFENDANT'S OPPOSITION TO**

3

**PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313 AND**

4

**DECLARATION OF LANCE WILSON** was served via regular U.S. Mail, postage prepaid,

5

this 29th day of October, 2008, upon each attorney listed on the attached Panel Attorney Service

6

List.

7

8

9

10

11

12

By: _Anna Pasynkova_

13

Anna Pasynkova

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

SFOiManage/074908/000541/160213/1
011425 001621 161914 1

**MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Sara Marie Parker
MCKENNA LONG & ALDRIDGE LLP
101 California Street
41st. Floor
San Franisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

David Walter Scopp
MORGAN LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105-1126

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Julie Ann Torres
JACKSON & WALLACE
55 Francisco Street
6th Floor
San Francisco, CA 94133

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608