MDL 875

1  TUCKER ELLIS & WEST LLP
   CURTISS L. ISLER STATE BAR NO. 146903
2  515 South Flower Street
   Forty Second Floor
3  Los Angeles, CA 90071-2223
   Telephone: 213.430.3400
4  Facsimile: 213.430.3409
   Email: curt.isler@tuckerellis.com
5
6  TUCKER ELLIS & WEST LLP
   LANCE D. WILSON STATE BAR NO. 183852
7  135 Main Street, Suite 700
   San Francisco, California 94105
8  Telephone: (415) 617-2400
   Facsimile: (415) 617-2409
9  Email: lance.wilson@tuckerellis.com

10 Attorneys for Defendant
   UNITED TECHNOLOGIES CORPORATION

11

12            **UNITED STATES JUDICIAL PANEL**

13              **ON MULTIDISTRICT LITIGATION**

14

15 IN RE: ASBESTOS PRODUCTS          MDL DOCKET NO. 875
   LIABILITY LITIGATION (NO. VI)     CTO-313

16 This Document Relates to:

17 NORMAN CARVETH, et al. v. ALLIS-
   CHALMERS CORPORATION
18 PRODUCT LIABILITY TRUST, et al.

19

20          **UNITED STATES DISTRICT COURT**

21        **NORTHERN DISTRICT OF CALIFORNIA**

22 NORMAN CARVETH,                    Case No. **C 08-03314 SI**

23          Plaintiff,               **DEFENDANT'S OPPOSITION TO
                                      PLAINTIFF'S MOTION TO VACATE
24      v.                           CONDITIONAL TRANSFER ORDER
                                      313**
25 ALLIS-CHALMERS CORPORATION
   PRODUCT LIABILITY TRUST, et al,
26          Defendants.             **OFFICIAL FILE COPY**

27

28
                                    1
                        OPPOSITION TO PLAINTIFF'S MOTION TO
                           VACATE TRANSFER ORDER

SFOiManage/074908/000541/160213/1
074908.000540.161869.1
**IMAGED** OCT 3 1 2008

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2008

FILED
CLERK'S OFFICE

PLEADING NO. 5670

**A.   There is no evidence that a transfer of this matter will affect Plaintiff's ability to participate in his trial.**

Plaintiff argues that "Mr. Carveth's health is precarious and deteriorating," that he has an "inherently progressive illness, with inevitable and predictable deterioration over time," and that he "is expected to experience a progressive decline in respiratory function." (Plaintiff's motion at 2:13-16; Declaration of David W. Fermino at 2:6-9). These claims are backed up by nothing more than the statements of Plaintiff's counsel. UTC objects to these statements as lacking in foundation and speculative. Plaintiff offers no medical documentation or any statements of any physician with the proper background to advise the Court of Plaintiff's condition.

The evidence before this Court indicates that Plaintiff has shown no urgency in bringing this matter to trial. Plaintiff claims that he first began suffering shortness of breath that he attributes to exposure to asbestos in 2002 and that he was diagnosed with "asbestosis" in March of 2006 yet he didn't bother filing a complaint until May of 2008. (Plaintiff's Responses to Interrogatory Nos. 16a and 17a of Plaintiff's Responses to San Francisco County Superior Court Standard Interrogatories, set one. Said Interrogatories and Responses thereto are attached to the Declaration of Lance Wilson as Exhibit A. Plaintiff's Complaint filed in this matter is attached to the Declaration of Lance Wilson as Exhibit B). In fact, Plaintiff's Preliminary Fact Sheet, filed with his Complaint, states that he does not anticipate filing a motion for a preferential trial date. (Preliminary Fact Sheet at 2:1-2; Plaintiff's Preliminary Fact Sheet is attached to the Declaration of Lance Wilson as Exhibit C).   Plaintiff's sudden need for haste appears to be more related to his desire to stop the pending transfer than any actual need or desire to have this matter brought to trial in the near future.

**B.   The claims of exposure in this matter are the same as claims of exposure in other MDL cases.**

Plaintiff argues that the relevant facts in Plaintiff's case differ from those in other matters pending in the MDL. This assertion is incorrect and, not surprisingly, Plaintiff offers no facts or evidence to support his claim on this issue. From the check-the-box complaint setting forth

2

SFOiManage/074908/000541/160213/1
074908.000540.161869.1

1   the many frequently named defendants to the allegations that Plaintiff was exposed to asbestos

2   from the removal of thermal insulation, gaskets and brakes, Plaintiff's claims differ very little

3   from other plaintiffs whose cases are pending in the MDL. (See Plaintiff's Response to

4   Interrogatory No. 26 attached to the Declaration of Lance Wilson as Exhibit A).

5        Plaintiff's action is not unique.  He alleges personal injury caused by asbestos or

6   asbestos-containing products just like the thousands of actions previously transferred to MDL

7   No. 875.  And like those previously-transferred cases, all involve common questions of fact that

8   are well-suited for multidistrict "tag-along" consolidation.  *E.g.* In re Asbestos Products Liability

9   Litigation (No. VI), 560 F.Supp.2d 1367, 1368 (Jud.Pan.Mult.Lit.2008); In re Asbestos Products

10  Liability Litigation (No. VI), 545 F.Supp.2d 1359, 1360 (Jud.Pan.Mult.Lit.2008); In re Asbestos

11  Products Liability Litigation (No. VI), 170 F.Supp.2d 1348, 1348 (Jud.Pan.Mult.Lit.2001).

12  Furthermore, the Panel has repeatedly stated uniqueness alone does not preclude transfer.

13  Instead, the transferee judge is better suited to determine if and when Plaintiff's claims are

14  sufficiently unique to warrant remand.  560 F.Supp.2d at 1369; 545 F.Supp.2d at 1361; 170

15  F.Supp.2d at 1350.

16        Plaintiff's claims of dissimilarity are unjustified.  And unlike the In re Boeing Company

17  Employment Practices Litigation (No. II) case cited by Plaintiff, there are not a "minimal number

18  of actions" on the MDL No. 875 docket, nor are there dissimilar questions of fact like those

19  relating to the terms and conditions of an individual employees' employment that would justify

20  vacating transfer.  In re Boeing, 293 F.Supp.2d 1382, 1383 (Jud.Pan.Mult.Lit.2003).  To the

21  contrary, Plaintiff's action involves factual issues that are no different from cases that have been

22  previously transferred to MDL No. 875.

23        Plaintiff also claims that in this case, "discovery is nearly completed." (Plaintiff's motion

24  at 3:27-28).  Again, this statement is both incorrect and not supported by any evidence submitted

25  to this Court.  The extent of discovery conducted in this matter is Plaintiff's responses to San

26  Francisco Superior Court's Standard Interrogatories, set one.  The parties have not conducted

27

28

3

OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE TRANSFER ORDER

1   any special written discovery nor have there been any depositions taken.  (See paragraph 5 of the

2   Declaration of Lance Wilson)

3           **C.     Plaintiff and most actual percipient witnesses live in Washington.**

4           Plaintiff claims that transfer of this matter to MDL 875 would place an

5   unnecessary burden on Mr. Carveth.  Mr. Carveth lives in Washington (state), was born there,

6   and has with the exception of his brief service in the US Navy has called Washington his home

7   throughout his life (Plaintiff's Responses to Interrogatory Nos. 1, 5, 10, 11, 12, 16, 26 attached to

8   the Declaration of Lance Wilson as Exhibit A).  All of Plaintiff's medical treatment and all of his

9   treating physicians can be found in Washington.  (Id.)  The gross majority of Plaintiff's claimed

10  exposure took place in Washington and any percipient witnesses that he has identified reside in

11  Washington.  (Id.)  In light of these facts, Plaintiff's arguments that litigating this case in

12  Pennsylvania is somehow more burdensome than the distant venue he selected of San Francisco

13  make no sense at all as he is clearly not averse to litigating his case in a venue that is grossly

14  remote to him, the locations where he was allegedly exposed to asbestos, and where any

15  percipient witnesses may be located.

16          The Panel has repeatedly found the convenience requirement satisfied despite repeated

17  attempts to vacate a conditional transfer order.  *E.g.* In re Asbestos Products Liability Litigation

18  (No. VI), 560 F.Supp.2d 1367, 1368 (Jud.Pan.Mult.Lit.2008) (transferring cases from California,

19  Florida, and Rhode Island); In re Asbestos Products Liability Litigation (No. VI), 545 F.Supp.2d

20  1359, 1360 (Jud.Pan.Mult.Lit.2008) (transferring cases from Connecticut, Illinois, Maryland, and

21  New Jersey); In re Asbestos Products Liability Litigation (No. VI), 170 F.Supp.2d 1348, 1348

22  (Jud.Pan.Mult.Lit.2001) (transferring cases from Mississippi and Texas); In re Asbestos Products

23  Liability Litigation (No. VI), Nos. 875, 3:01-540, 3:02-1627, & 1:00-1454, 2001 WL 1042562

24  (Jud.Pan.Mult.Lit. Aug. 29, 2001) (transferring cases from California and Illinois); In re

25  Asbestos Products Liability Litigation (No. VI), Nos. 3:95-3705, 3:95-3709, 3:95-652, 3:95-

26  1337, & 3:95-1543, 1996 WL 143826 (Jud.Pan.Mult.Lit. Feb. 16, 1996) (transferring cases from

27  California, Louisiana, and Oregon).  Despite the limited intrusion upon parties and counsel

28

SFOiManage/074908/000541/160213/1
074908.000540.161869.1

1  envisioned by the panel creating MDL No. 875, a transferee court acts well within its discretion

2  in tailoring pretrial proceedings for the convenience of the parties if and when the proceedings

3  become unduly burdensome.  In re East of the Rockies Concrete Pipe Antitrust Cases, 302

4  F.Supp. 244 (Jud.Pan.Mult.Lit.1969).  Outright exclusion from the MDL, however, is

5  unjustified.

6  **D.    Conclusion**

7      The Judicial Panel on Multidistrict Litigation found that centralizing pre-trial proceedings

8  for the immense federal caseload of asbestos-related actions "necessary."  In re Asbestos

9  Products Liability Litigation (No. VI), 771 F. Supp. 415, 420 (J.P.M.L. 1991).  Plaintiff has

10  presented no evidence that should persuade this Court that this case has facts that would except it

11  from the MDL 875 order of transfer.  In actuality, this matter appears to have the same claims

12  and defendants that are seen in most cases that are already in the MDL for pre-trial management.

13  This Court should therefore deny Plaintiff's motion to vacate the conditional transfer order.

14
15  DATED:  OCTOBER 29, 2008                    LANCE WILSON (BAR NO. 183852)
                                                lance.wilson@tuckerellis.com
16
                                                **TUCKER ELLIS & WEST LLP**
17                                              135 Main Street, Suite 700
                                                San Francisco, CA  94105
18                                              *Tel:*  (415) 617-2400
                                                *Fax:*  (415)617-2409
19
20                                      By: _____
                                                      LANCE WILSON
21                                              ATTORNEYS FOR DEFENDANT
                                                UNITED TECHNOLOGIES
22                                                  CORPORATION
23
24
25
26
27
28                                              5
                            OPPOSITION TO PLAINTIFF'S MOTION TO
                                   VACATE TRANSFER ORDER

1    TUCKER ELLIS & WEST LLP
     CURTISS L. ISLER STATE BAR NO. 146903

2    515 South Flower Street
     Forty Second Floor

3    Los Angeles, CA  90071-2223
     Telephone:  213.430.3400

4    Facsimile:  213.430.3409
     Email: curt.isler@tuckerellis.com

5

6    TUCKER ELLIS & WEST LLP
     LANCE D. WILSON STATE BAR NO. 183852

7    135 Main Street, Suite 700
     San Francisco, California 94105

8    Telephone:  (415) 617-2400
     Facsimile:  (415) 617-2409

9    Email: lance.wilson@tuckerellis.com

10   Attorneys for Defendant
     UNITED TECHNOLOGIES CORPORATION

11

12            **UNITED STATES JUDICIAL PANEL**

13            **ON MULTIDISTRICT LITIGATION**

14

15    IN RE:  ASBESTOS PRODUCTS        MDL DOCKET NO. 875
     LIABILITY LITIGATION (NO. VI)        CTO-313

16    This Document Relates to:

17    NORMAN CARVETH, et al. v. ALLIS-
     CHALMERS CORPORATION

18    PRODUCT LIABILITY TRUST, et al.

19

20         **UNITED STATES DISTRICT COURT**

21          **NORTHERN DISTRICT OF CALIFORNIA**

22    NORMAN CARVETH,          Case No. **C 08-03314 SI**

23          Plaintiff,           **DECLARATION OF LANCE WILSON
                             IN SUPPORT OF DEFENDANT'S**

24       v.                     **OPPOSITION TO PLAINTIFF'S
                             MOTION TO VACATE**

25    ALLIS-CHALMERS CORPORATION     **CONDITIONAL TRANSFER ORDER**
     PRODUCT LIABILITY TRUST, et al,     **313**

26          Defendants.

27

28

                                  1
                   DECLARATION OF LANCE WILSON

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 31 2008

FILED
CLERK'S OFFICE

RECEIVED
CLERK'S OFFICE

OCT 30 2008

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

I, LANCE WILSON, declare as follows:

1.     I am an attorney licensed to practice law in the State of California and before the United States District Court for the Northern District of California, and I am Counsel in the law firm of Tucker Ellis & West LLP, attorneys for defendant United Technologies Corporation ("UTC"). I have personal knowledge of the following facts and, if called upon to do so, could and would competently testify thereto.

2.     Attached to this Declaration as Exhibit A are true and correct copies of San Francisco Superior Court's Standard Asbestos Case Interrogatories, set one and Plaintiff's responses thereto.

3.     Attached to this Declaration as Exhibit B is a true and correct copy of Plaintiff's Complaint in this matter filed in San Francisco Superior Court.

4.     Attached to this Declaration as Exhibit C is a true and correct copy of Plaintiff's Preliminary Fact Sheet filed with his Complaint in San Francisco Superior Court.

5.     Other than Plaintiff's responses to San Francisco Superior Court's Standard Asbestos Case Interrogatories, set one, UTC has not propounded or received any discovery requests or responses served by any party in this matter.  Further, UTC has not received notice of any depositions to take place in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 29th Day of October, 2008.


By: _____
          Lance Wilson, Declarant

DECLARATION OF LANCE WILSON

SFOiManage/074908/000541/160213/1
074908.000540.161885.1

1  TUCKER ELLIS & WEST LLP
   CURTISS L. ISLER STATE BAR NO. 146903
2  515 South Flower Street
   Forty Second Floor
3  Los Angeles, CA  90071-2223
   Telephone:  213.430.3400
4  Facsimile:  213.430.3409
   Email: curt.isler@tuckerellis.com
5
   TUCKER ELLIS & WEST LLP
6  LANCE D. WILSON STATE BAR NO. 183852
   135 Main Street, Suite 700
7  San Francisco, California 94105
   Telephone:  (415) 617-2400
8  Facsimile:  (415) 617-2409
   Email: lance.wilson@tuckerellis.com
9
   Attorneys for Defendant
10 CARRIER CORPORATION

11

12              **UNITED STATES JUDICIAL PANEL**

13                **ON MULTIDISTRICT LITIGATION**

14
   IN RE:  ASBESTOS PRODUCTS           MDL DOCKET NO. 875
15 LIABILITY LITIGATION (NO. VI)       CTO-313

16 This Document Relates to:

17 NORMAN CARVETH, et al. v. ALLIS-
   CHALMERS CORPORATION
18 PRODUCT LIABILITY TRUST, et al.

19

20              **UNITED STATES DISTRICT COURT**

21             **NORTHERN DISTRICT OF CALIFORNIA**
                                       Case No. **C 08-03314 SI**
22 NORMAN CARVETH,

23          Plaintiff,               **PROOF OF SERVICE OF**
                                      **DEFENDANT'S OPPOSITION TO**
24       v.                          **PLAINTIFF'S MOTION TO VACATE**
                                      **CONDITIONAL TRANSFER ORDER**
25 ALLIS-CHALMERS CORPORATION         **313 AND DECLARATION OF LANCE**
   PRODUCT LIABILITY TRUST, et al,    **WILSON**
26        Defendants.

27

28
                        1
                 PROOF OF SERVICE
   SFOiManage/074908/000541/160213/1
   074908.000540.161915.1

**EXHIBIT  A**



sfgov | residents | business | government | visitors | online services | search

Superior Court >> Court Divisions >> Civil Division >> Asbestos (General Orders) >> Exhibits
to General Order No. 129

# Superior Court of California
### County of San Francisco

## Defendants' Standard Set 1(Personal Injury)

Plaintiff(s),                                    NO.
vs.
Defendant(s).                                **DEFENDANTS' STANDARD
                                             INTERROGATORIES
                                             TO PLAINTIFF (Personal
_____/             Injury), Set 1**

PROPOUNDING PARTY: Defendants.
RESPONDING PARTY:
SET NUMBER:        One

## INTRODUCTION

Pursuant to San Francisco General Order No. 129 each plaintiff in the abovecaptioned
asbestos litigation is required to respond to the following standard interrogatories
separately and fully in writing, under oath, pursuant to Code of Civil Procedure
Section 2030 within fifteen (15) days of the first service on any defendant of a
complaint. In responding to these standard interrogatories, YOU are required to
furnish all information that is available to YOU or YOUR attorney(s). If YOU cannot
answer a standard interrogatory completely, answer it to the fullest extent possible
and specify the reason(s) for YOUR inability to respond fully.

If any defendant is not satisfied with the responses to these interrogatories, any one
defendant after consultation with Designated Defense Counsel, may move to compel
appropriate responses under the applicable California Code of Civil Procedure sections
and after complying with California Rules of Court and Local Rules of Court.

## DEFINITIONS

1. "AREA" means the name of the specific structure, building, building number,
   floor of the building, ship compartment, process line, unit, piece of
   equipment, or other specific place within the WORKSITE.

2. "ASBESTOSCONTAINING MATERIAL" means a material or product which consists
   of, or contains the mineral asbestos.

3. "CONTROL" means the act(s) of directing the manner and/or methods of
   conducting the work at a WORKSITE.

4. "DESCRIBE" as it relates to material means provide a complete description of
   the material including but not limited to: the material name, manufacturer,
   supplier, distributor, color, texture, consistency, shape, size and any markings;

a description of the material's container including size, color and all writing on that container; and a description of how the material was used.

5. "DOCUMENTS" means any writing, as defined in Evidence Code Section 250 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, computer printout, and every other means of recording upon any tangible thing or form of communication or representation including letters, words, pictures, sounds or symbols or combinations of them.

6. "IDENTIFY" as it relates to a DOCUMENT means provide the title of the DOCUMENT, the date the DOCUMENT was generated, the name of the author of the DOCUMENT, a description of the DOCUMENT (e.g., letter, memorandum, report, book, photograph, etc.) and any other information which would be required to specify the DOCUMENT in a request for production of DOCUMENTS issued pursuant to Code of Civil Procedure Section 2031.

7. "IDENTIFY" as it relates to an employer means to state the employer's name, address and telephone number.

8. "IDENTIFY" as it relates to a person means to provide the name, place of employment, job title, address and telephone number for each person.

9. "IDENTIFY" as it relates to a ship means to state the name of the ship, the owner of the ship, the operator of the ship, the type of ship, and the hull number of the ship.

10. "LOCATION" means the city, state, country, street address, intersection or shipyard. For work aboard ship, please IDENTIFY the ship and where it was located during the time YOU worked on board.

11. "OCCASION" refers to a day, any part of a day, or a series of day(s), week(s), month(s) or year(s) during which YOU worked continuously at a WORKSITE.

12. "RAW ASBESTOS" means asbestos fiber mined or milled, either packaged or in bulk, not compounded with other substances and essentially pure with the exception of naturally occurring trace amounts of other substances.

13. "RESPONSIBLE PARTY" means any person, business organization, or enterprise, including but not limited to the defendants in this action.

14. "SAFETY PRECAUTION" means respirators, masks, fans, air blowers, tarps, wetdown procedures, isolation and any other equipment and/or methods used to limit or prevent exposure to dust.

15. "WORKSITE" means any LOCATION where YOU worked at any time.

16. "YOU" and "YOUR" refer to the person who is named above as the responding party. If more than one responding party is named, "YOU" and "YOUR" refer to each responding party separately, not jointly.

## INTERROGATORIES

1. Please state YOUR:

   A. Full name including first, middle and last names;

Case MDL No. 875 Document 5670   Filed 10/31/08   Page 12 of 68

B. Date of birth;

C. Age;

D. Place of birth;

E. Address;

F. Height and weight;

G. Social Security number;

H. Kaiser number;

I. Government Serial number;

J. Military Serial number;

K. Driver's license number and state;

L. All of the names by which YOU have been known;

M. Highest grade level of school completed;

N. Current spouse's name;

O. Spouse's date of birth;

P. Date of current marriage;

Q. Spouse's current address;

R. Spouse's occupation/employer;

S. Name(s) of any former spouse(s);

T. Date(s) of any former marriage(s); and

U. Place, date and circumstances under which any marriage(s) was (were) dissolved or terminated.

2.  For each child (either natural or adopted) of any marriage, state:

A. Name;

B. Date of birth;

C. Whether natural or adopted;

D. Address;

E. Occupation; and

F. Whether the child is living or dead.

3. Are either of YOUR natural parents alive? If YOUR answer is "yes", please state for each parent:

    A. Name of parent;

    B. Current age;

    C. Any history of cancer or respiratory disease; and

    D. Occupation.

4. For each of YOUR blood relatives (for example: parent, grandparent, sibling, child, aunt, uncle) whom YOU believe died of either a malignancy (cancer) or pulmonary (lung) disease other than pneumonia, please state, separately for each person:

    A. Full name;

    B. Blood relation to YOU (for example: parent, grandparent, sibling, aunt, uncle);

    C. Age at death;

    D. Date of death;

    E. City, county and state where the person died; and

    F. The cause of death, as specifically described as possible;

    G. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

5. State as completely as possible the address of each of YOUR residences during YOUR lifetime and the inclusive dates of each period of such residence.

6. State YOUR educational background and identify all institutions attended, including any apprenticeship courses, or formal onthejob training and identify all institutions attended, the date graduated from each institution, and YOUR major course of study and any special scholastic honors or degrees received.

7. State the earliest date that service of the summons and complaint was effected on any defendant in this case.

8. Have YOU ever been convicted of a felony? If "yes", please state fully and in detail the date, place and nature of each such felony conviction. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

Case MDL No. 875   Document 5670   Filed 10/31/08   Page 14 of 68

9.  Have YOU ever been a member of the Armed Forces? If "yes", please state: each branch of service in which YOU served; the inclusive dates of YOUR service; the date of YOUR discharge from active duty; YOUR service number; each place (e.g., fort, base, station, etc.) at which YOU served; and YOUR duties at each place. If YOU have not ever been a member of the Armed Forces due to health reasons, please state the health reasons.

10. For every doctor who has ever treated or examined YOU during the last 10 years for any condition, and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each treatment or examination:

    A. Doctor's name;

    B. Doctor's address;

    C. Treatment or examination received;

    D. Date(s) of treatment or examination;

    E. Reason for treatment or examination;

    F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

11. For every hospital in which YOU have ever been treated, tested, or examined whether as an "inpatient" or as an "outpatient" during the last 10 years for any condition and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each hospital visit:

    A. Name of hospital;

    B. Address of hospital;

    C. Test, treatment, examination or hospitalization received;

    D. Date of test, treatment, examination or hospitalization received; and

    E. Reason for hospital visit;

    F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

12. Have YOU had taken an Xray, CT scan or highresolution CT scan of YOUR "trunk"? If "yes", please state for each:

A. Name and address where taken;

B. Date(s) and number taken of each;

C. Part(s) of body xrayed or scanned;

D. Results, conclusions and/or diagnosis from each, except those prepared by consultants;

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

13.  Have YOU ever undergone a pulmonary function test? If "yes", please state:

A. Name and address where test was performed;

B. Date of test;

C. Name of doctor administering and/or interpreting test;

D. Reason for test;

E. Results, conclusions and/or diagnosis from each test, except those prepared by consultants;

F. Were YOU informed of the results of the test?

G. Who informed YOU of the results of the test?

H. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

14.  Describe the name and quantity of each type of drug, tranquilizer, sedative or other medication taken or used by YOU during the last 10 years, specifying the frequency and purpose of use.

15.  Do YOU or YOUR attorney have any medical reports except those prepared by consultants from any persons, hospitals, doctors or medical practitioners or institutions that have ever treated or examined YOU at any time? If "yes", either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

16.  Identify each and every complaint, symptom, adverse reaction or other injury which YOU allege is directly or indirectly related to YOUR alleged exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL and for each complaint, symptom, adverse reaction or other injury, please state:

A. The date on which YOU first became aware of signs of the complaint, symptom, adverse reaction or injury;

B. The date each such complaint, symptom, adverse reaction or injury ceased to affect YOU;

C. Any physical change in YOUR appearance occasioned by such complaint, symptom, adverse reaction or injury;

D. Each part of YOUR body which YOU contend has been affected;

E. The date upon which the complaint, symptom, adverse reaction or injury was reported to a doctor or physician;

F. State the name, address and telephone number of each such physician to whom said complaint, symptom, adverse reaction or injury was reported;

G. Whether YOU have lost any time from work as a result of YOUR asbestosrelated injury or medical condition;

H. If such injury has resulted in lost time from work, please state the date on which YOU first lost work and the amount of time lost from work; and

I. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

17. Have YOU been advised that YOU are suffering from an asbestosrelated disease? If "yes", state:

A. The nature of the asbestosrelated disease(s);

B. The date and time YOU were first advised;

C. The name, address, and telephone number of the physician and/or other persons who so informed YOU;

D. The name, address and telephone number of the physician who made the evaluation;

E. The method and information upon which such determination was based;

F. The name, address, and telephone number of any hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such determination;

G. The name, address, and telephone number of every person, including YOUR relatives, employer or anyone acting in YOUR behalf who was so advised. Please include the date when such persons were so advised;

H. IDENTIFY YOUR employer(s) at the time YOU were so advised;

I. The specific course(s) of treatment or therapy, including any medicine prescribed as a result of such determination and the name, address and telephone number of each prescribing physician;

J. State whether YOU have followed the medication or therapy regime prescribed by each of the said physicians for the treatment of said complaint, symptom, adverse reaction or injury; K. State the names and addresses of any other physicians or practitioners subsequently affirming or making the same determination; and

L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

18. Have any of the said treating physicians informed YOU at any time that YOUR complaints, symptoms, adverse reactions or injuries may have been caused by factor(s) or reason(s) other than exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)? If "yes", please state:

A. The other factor(s) or reason(s) involved;

B. The names, addresses and telephone numbers of the physicians believing or suspecting such other factor(s) or reason(s) to be involved;

C. The date(s) that said physicians told YOU that they believed or suspected that other factor(s) or reason(s) might be involved;

D. The reason that said factor(s) or reason(s) were excluded as possible sources or causes of the symptoms; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

19. Please list all respiratory complaints and/or symptoms which YOU have suffered during the past 10 years and list the inclusive dates for each such complaint.

20. Have YOU ever had any biopsies or tissue samples taken during the past 10 years? If YOUR answer is "yes", state for each such procedure:

A. The name of the doctor performing such procedure;

B. The address where such procedure was performed;

C. The date when such procedure was performed;

D. The results, conclusions and/or diagnosis from such procedure; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2)

attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

21. Do YOU know of any pathology slides that were made from any of YOUR tissue samples during the past 10 years? If YOUR answer is "yes", for each set of slides made please state:

   A. The name of the hospital;

   B. The name of the doctor;

   C. The current location;

   D. The date said slides were made; and

   E. The accession number(s).

22. Have YOU ever suffered any personal injuries other than those involved in this lawsuit? If "yes", state for each such injury:

   A. The date, place, names of persons involved, and circumstances surrounding such injury;

   B. The nature and extent of the injuries including any ill effects or disabilities remaining at the time of the last treatment or examination;

   C. The names, addresses and date(s) of last treatment or examination by all persons who treated or examined YOU in connection with such injury;

   D. The nature and source of any disability benefits, pensions or other payments for such injuries; and

   E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

23. Have YOU ever smoked tobacco products of any type? If "yes", state:

   A. The dates and time periods during which YOU have smoked;

   B. The type of tobacco products YOU smoke or have smoked. Please state whether YOU inhaled the smoke or not;

   C. The daily frequency with which YOU smoke or have smoked;

   D. If YOU have ever smoked cigarettes, please state the average number of packs per day YOU smoked;

   E. Please state the commercial brand name(s) of any tobacco products that YOU have used; and

**F.** Has any physician ever advised YOU to stop or curtail smoking tobacco products? If "yes", state:

1. The name of each such physician; and

2. The date(s) on which YOU were so advised.

24. Has any person with whom YOU have shared a household for more than one year been a regular user of cigarettes during the time you shared a household with the person? If "yes", state fully and in detail for each such person:

    **A.** The name and relationship to YOU of the smoker;

    **B.** The dates during which YOU shared a household with the person;

    **C.** The brand name(s) of cigarettes the person used during the time YOU shared a household with the person and his/her frequency of use; and

    **D.** The frequency with which the person smoked cigarettes in YOUR presence during the time YOU shared a household with the person.

25. Describe the extent to which YOU drank alcoholic beverages during YOUR lifetime, specifying the particular kind of alcoholic beverages and the quantity consumed per week over the period of time such beverages were consumed.

26. For every type of employment that you have ever had, whether selfemployed or employed by others, please complete the following: (If more space is needed, please attach additional sheets containing the requested information.)

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____ No _____

| Employer's Name and | | Date Started - Date Ended |

| Address | Job Title | (Month, Day, Year) |
|---------|-----------|--------------------|
| _____ | _____ | _____ · _____ |
| _____ | _____ | _____ · _____ |
| _____ | _____ | _____ · _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____      No _____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|-----------------------------|-----------|----------------------------------------------|
| _____ | _____ | _____ · _____ |
| _____ | _____ | _____ · _____ |
| _____ | _____ | _____ · _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____      No _____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|-----------------------------|-----------|----------------------------------------------|
| _____ | _____ | _____ · _____ |
| _____ | _____ | _____ · _____ |

**Description of Job Duties:**

_____

Job Sites:

_____

Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:

_____

Do you claim exposure to asbestos at this employment? Yes _____   No _____

27.  Are YOU or have YOU been a member of any labor union, including but not limited to the Heat, Frost, Insulation and Asbestos Workers Union? If YOUR answer is "yes", state for each such union membership:

   A. The name of each such international union and its number, along with the local number of each such union; and

   B. The date and time periods during which YOU maintained membership in such union.

28.  When did YOU first learn that exposure to asbestos was a potential health hazard?

29.  Describe how YOU first became aware that exposure to asbestos was a potential health hazard.

30.  When did YOU first observe anyone use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

31.  When, where and at whose direction did YOU first use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

32.  State whether any of YOUR employers have either required or made available physical examinations for their employees. If such physical examinations have either been required or made available to YOU, state for each of YOUR employers:

   A. IDENTIFY YOUR employer;

   B. The nature and extent of examinations;

   C. The frequency of examinations;

   D. Whether they were required or optional;

   E. Whether xray examination was included;

   F. The frequency, including specific dates and times, with which YOU submitted to such examinations;

G. Whether YOU received the results of any such examinations; the dates that they were given to YOU and the nature of the results;

H. The name, address and telephone number of the examining physician, nurse or technician;

I. YOUR detailed reasons for failing to submit to such examination when required or made available, if YOU did so fail to submit; and

J. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

33. If YOU are not currently employed, please state the last date worked and the reason that YOU are not currently employed.

34. Are YOU receiving any form of disability pension? If so, state:

A. From whom;

B. The amounts received each month; and

C. The anticipated duration of the disability.

35. Have YOU ever been discharged from or ever voluntarily left a position due to health problems? If "yes", state in detail the time, name of employer, place and circumstances. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

36. Were YOU ever exposed to RAW ASBESTOS or ASBESTOSCONTAINING MATERIALS (S) outside of YOUR work environment? If "yes", please state for each such OCCASION:

A. Circumstances surrounding the exposure;

B. Date(s) and LOCATION;

C. Duration and manner of the exposure; and

D. DESCRIBE the RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S).

37. State whether you assert a claim for loss of income and, if so, state fully and in detail the year and YOUR annual earnings for each of the last ten years in which YOU were employed.

38. Have YOU incurred any hospital expenses to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total hospital expenses incurred and itemize each charge if more than one hospital is involved.

39. Have YOU incurred any medical expense (other than hospitalization) or have any medical expenses been incurred on YOUR behalf to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total medical expenses incurred, itemizing each such charge.

40. Has any insurance company, union or any other person, firm or corporation paid for or reimbursed YOU for, or become obligated to pay for, any medical or hospital expenses incurred by the alleged exposure to asbestos? If "yes", state the name and address of the insurance company, union, person, firm or corporation who or which has paid or is obligated for the payment of or reimbursement for said expenses.

41. Have YOU ever at any time made a claim for or received for an asbestos-related condition any health or accident insurance benefits, Workers' Compensation payments, disability benefits, pension, accident compensation payment or veterans disability compensation? If "yes", state:

    A. The illness, injury or injuries for which YOU made the claim;

    B. The date when such injury or injuries were sustained, the place of occurrence and the nature of the accident or incident causing such injury;

    C. The names and addresses of YOUR employer(s) at the time of each injury or illness;

    D. The names and addresses of the examining doctors for each injury or illness;

    E. The name of the board, tribunal or superior officer which or to whom the claim or claims were made or filed;

    F. The date the claim was made or filed;

    G. The claim, file or other number by which YOUR claim was identified;

    H. The present status of such claims (pending settlement, dismissal, etc.);

    I. The amounts of the benefits or awards or payments;

    J. The dates covering the times during which YOU received the benefits or awards or payments;

    K. The identity of the agencies or insurance companies from whom YOU received the awards, benefits or payments; and

    L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

42. Have YOU lost or do YOU claim any wage or earning loss as a result of YOUR alleged exposure to asbestos? If so, state:

    A. How much time was lost from work or employment, listing the dates

involved and the name and address of the employer;

B. The gross amount of salary or earnings which YOU received each pay day, stating the intervals of such paydays (e.g., weekly, bimonthly, monthly);

C. State the gross amount of salary or earnings actually lost due to the exposure;

D. If selfemployed, state the total time lost from business, listing the dates involved and the gross financial loss to YOU, stating the nature of such loss and how incurred; and

E. Of the sum stated in YOUR response to subpart D of this interrogatory, state YOUR net loss.

43. Have YOU incurred any expense or financial loss including property damage, other than as listed above which YOU attribute in any degree to YOUR exposure to asbestos products? If so, state such financial losses, expenses and property damage, giving the dates incurred and the amounts involved and the nature of each such expense or loss.

44. Has any insurance company, union or other person, firm or corporation paid for or reimbursed YOU for or become obligated to pay for or reimburse YOU or anyone on YOUR behalf for any sums of money (excluding medical or hospital expenses) to provide any of the following: disability or other benefits; loss of earnings; property damage resulting from the alleged exposure to asbestos? If "yes", state:

A. The nature of the obligation giving rise to the payment or reimbursement; and

B. The name and address of the insurance company, union or other person, firm or corporation who or which has paid for or is obligated for payment of or reimbursement for such sums of money.

45. Have you ever given a deposition or other testimony under oath? If so, state for each such deposition or testimony:

A. The date(s) it was given;

B. The name of the court or other body before which it was given; the identity of the proceeding including name, docket or other number, and venue or location;

C. The name, address and telephone number of the court reporter or other transcriber. If the proceeding was not transcribed, please so state;

D. Whether your or your attorney have a copy of the transcript; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

46. Have YOU ever had an application for life, health, accident, medical or hospital insurance rejected for health reasons? If "yes", state:

    A. The date of the application(s);

    B. The date of rejection(s);

    C. The type of insurance for which YOU applied;

    D. The identity of the insurance company with which each application was filed;

    E. The reason for the rejection(s); and

    F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

47. Have YOU ever been a party to an action for damages for any personal injury YOU have suffered? If "yes", state:

    A. The identity of all parties to the action(s) and their attorneys;

    B. The court and place where each such action was filed and the date(s) of filing;

    C. The nature and extent of the injuries claimed and whether any permanent disability remains;

    D. The present status of each action and, if concluded, the final result thereof including the amount of any settlement or judgment.

48. Have YOU ever made any claim for personal injury, other than this lawsuit, for injuries which YOU claim are related to YOUR alleged exposure to asbestos? If "yes", please state:

    A. The nature of such injury or injuries;

    B. The date when such injury or injuries were sustained in each instance, the place of occurrence and the nature of the incident or accident causing this injury;

    C. The names and addresses of all persons and companies to whom said claims were made;

    D. The caption and case number;

    E. The court filing including state and county;

    F. The name and address of YOUR counsel of record;

    G. The present status of such claims (pending settlement, dismissal, etc.).

49. Have YOU received any payments or reimbursements or have any payments been made on YOUR behalf from any source as a result of YOUR alleged exposure to asbestos, including without limitation settlements with defendants in this action, potential defendants, a bankrupt company, or any RESPONSIBLE PARTIES? If so, for each payment, please state:

   A. The name of each person or company making said payment(s);

   B. Total amount of payments from all sources; and

   C. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

50. Do YOU have in YOUR possession or under YOUR control a Social Security office listing of past employers and dates of employment? If "yes", please either attach a copy or give the employer's name, address, date and quarterly Social Security Credit for each employer listed. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

20560898
Jul 8 2008 4:22PM

1   ALAN R. BRAYTON, ESQ., S.B. #73685
    JULIET K. NGUYEN, ESQ., S.B. #247968
2   BRAYTON❖PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948-6169
    (415) 898-1555
5
    Attorneys for Plaintiff
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  NORMAN CARVETH,                        )   **ASBESTOS**
                                           )   No.    274677
12                  Plaintiff,             )
                                           )   **VERIFIED**
13  vs.                                    )   ANSWERS TO INTERROGATORIES
                                           )
14  ASBESTOS DEFENDANTS (B❖P)              )

15

16  PROPOUNDING PARTY:    STANDARD ASBESTOS CASE INTERROGATORIES

17  RESPONDING PARTY:     Plaintiff NORMAN CARVETH

18  SET NO:               ONE

19

20                              <u>ANSWERS</u>

21      1.      a.      NORMAN F. CARVETH, JR.

22              b.      December 28, 1922.

23              c.      85 years.

24              d.      Wenatchee, Washington.

25              e.      402 Perry Avenue North, West Wenatchee, Washington 98802.

26              f.      Height: 5' 10",  weight: 210 pounds.

27              g.      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.

28              h.      None.

K:\Injured\28121\AI-sacsf1-verif.wpd                      1

| | | | |
|---|---|---|---|
| 1 | | i. | None. |
| 2 | | j. | 386-03-70. |
| 3 | | k. | CARVENF782R8, Washington. |
| 4 | | l. | Norman, Norm or Norman Carveth, Jr. |
| 5 | | m. | 11th grade. |
| 6 | | n. | Evelyn Mae Carveth. |
| 7 | | o. | May 6, 1925. |
| 8 | | p. | October 24, 1943. |
| 9 | | q. | Same as 1.e., above. |
| 10 | | r. | Housewife. |
| 11 | | s. | None. |
| 12 | | t.-u. | Not applicable. |
| 13 | 2. | a. | Cheryl Boss. |
| 14 | | b. | November 16, 1944. |
| 15 | | c. | Natural. |
| 16 | | d.-f. | Deceased. |
| 17 | | | |
| 18 | | a. | Russel N. Carveth. |
| 19 | | b. | January 7, 1946. |
| 20 | | c. | Natural. |
| 21 | | d. | East Wenatchee, Washington. |
| 22 | | e. | Unknown. |
| 23 | | f. | Living. |
| 24 | | | |
| 25 | | a. | Norman W. Carveth. |
| 26 | | b. | April 10, 1964. |
| 27 | | c. | Natural. |
| 28 | | d. | Spokane, Washington. |

| | | |
|---|---|---|
| 1 | e. | Unknown. |
| 2 | f. | Living. |
| 3 | 3. | No. |
| 4 | 4. | Plaintiff's investigation and discovery are continuing. |
| 5 | 5. | Plaintiff is currently able to recall the following addresses: |
| 6 | | 20 years:      402 Perry Avenue North, Wast Wenatchee, Washington 98802. |
| 7 | | Plaintiff's investigation and discovery are continuing. |

8   6.   Plaintiff completed the 11th grade at Wenatchee High School in Wenatchee,

9  Washington.  Plaintiff attended Aviation Machinists School at Sand Point in Seattle, Washington

10  in 1941.

11   7.   6/6/08

12   8.   No.

13   9.   Plaintiff was a member of the United States Navy from April 1941 to June 1947.

14  Plaintiff's service number is 386-03-70.   Please see response to Interrogatory No. 26, below.

15   10.   Excluding plaintiff's expert consultants, plaintiff recalls the following physicians:

| | | |
|---|---|---|
| 16 | a. | Dr. Toby Long. |
| 17 | b. | Wenatchee, Washington. |
| 18 | c. | General health maintenance. |
| 19 | d. | 2000 to the present. |
| 20 | e. | General health maintenance. |
| 21 | f. | Plaintiff's investigation and discovery are continuing. |
| 22 | | |
| 23 | a. | Dr. Mark Broberg. |
| 24 | b. | Wenatchee Valley Clinic, 820 North Chelan Avenue, Wenatchee, |
| 25 | Washington. | |
| 26 | c. | Plaintiff had hip replacement surgery, and follow up care. |
| 27 | d. | April to August 2000. |
| 28 | e. | Hip replacement. |

1          f.      Plaintiff's investigation and discovery are continuing.

2

3          a.      Dr. Gordon Congdon.

4          b.      Wenatchee, Washington.

5          c.-f.    Plaintiff's investigation and discovery are continuing.

6

7          a.      Dr. Ernest Platt.

8          d.-f.    Plaintiff's investigation and discovery are continuing.

9      11.    Excluding those used by plaintiff's expert consultants, plaintiff currently recalls

10 the following hospitals:

11         a.      Harbor View Medical Center.

12         b.      325 - 9th Avenue, Seattle, Washington.

13         c.      Plaintiff received treatment for burns on his skin.

14         d.      January to June 1995.

15         e.      Burns to skin.

16         f.      Plaintiff's investigation and discovery are continuing.

17

18         a.      Central Washington Hospital.

19         b.      1201 South Miller Street, Wenatchee, Washington.

20         c.      Hip replacement surgery.

21         d.      April 2000.

22         e.      Hip replacement.

23         f.      Plaintiff's investigation and discovery are continuing.

24      12.    Excluding any taken by plaintiff's expert consultants, plaintiff recalls the

25 following x-rays:

26         a.      Central Washington Hospital, 1201 South Miller, Wenatchee,

27                  Washington.

28         b.      May 16, 2008, 1 each.

1          c.      Chest and throat.

2          d.      Asbestosis.

3          e.      Plaintiff's investigation and discovery are continuing.

4      13.      Excluding any taken by plaintiff's expert consultants, plaintiff is currently

5 unaware of any other pulmonary function tests. Plaintiff's investigation and discovery are

6 continuing.

7       14.      Please see response to Interrogatory No.'s 10 and 11, above. Plaintiff defers to his

8 medical records as the best source of information for medications prescribed.

9        15.      Not at this time. Plaintiff's medical records are equally available to defendants

10 through Berry & Berry, designated defense counsel.

11        16.      Plaintiff has the following complaints from asbestos exposure: shortness of

12 breath.

13          a.      Approximately 2002.

14          b.      No cessation.

15          c.      Plaintiff is currently unaware of any physical change.

16          d.      Plaintiff contends that his lungs have primarily been affected. However,

17 as the lung function affects the rest of the body, plaintiff also contends that all parts of his body

18 have been affected.

19          e.      2002.

20          f.      Dr. Toby Long, Wenatchee, Washington.

21          g.      Plaintiff does not at this time contend that he has lost time from work as a

22 result of his asbestos related conditions. Plaintiff's investigation and discovery are continuing.

23          h.      Not applicable.

24          i.      Plaintiff's investigation and discovery are continuing.

25      17.      Yes.

26          a.-b.      Plaintiff was diagnosed with asbestosis and asbestos-related pleural

27 disease on or about March 2006.

28          c.-l.      Information protected by either the attorney work-product doctrine or the

1  attorney-client privilege.  Plaintiff's investigation and discovery are continuing.

2       18.    No.

3       19.    Shortness of breath.

4       20.    No.

5       21.    Not applicable.

6       22.    No.

7       23.    Plaintiff is a lifetime non-smoker.

8       24.    No.

9       25.    Plaintiff recalls first consuming alcoholic beverages at age 18.  Plaintiff rarely

10  drinks a glass of wine or beer.  Plaintiff's alcohol consumption has decreased since the age of 35.

11      26.    Plaintiff is currently able to identify the following employment information:

12

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, San Diego, CA | Trainee | 9/2/1941- 10/27/1941 |

15  Job Duties: Plaintiff received basic military training, including use of weapons and Navy
16  protocol. Plaintiff is currently not aware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station, Sand Point, Seattle, WA | Aircraft mechanic (Trainee) | 10/27/ 1941 – 3/8/1942 |

20  Job Duties: Plaintiff studied the engine systems of various planes manufactured by GRUMMAN
21  AIRCRAFT CORPORATION, including but not limited to the TBF-1 Avenger torpedo bomber
   and the F4F Wildcat Naval fighter. Plaintiff removed engine cowling and heat shields from
22  PRATT & WHITNEY (UNITED TECHNOLOGIES CORPORATION) engines to view the
   inside, exposing himself to dust from the edges of the asbestos sheet sandwiched between the
23  layers of sheet metal. Plaintiff installed fabric covering on plane rudders and applied compound
   to weatherproof and tighten the fabric. Plaintiff's training was cut short when he was transferred
24  in response to the attack on Pearl Harbor. Plaintiff currently contends he was exposed to asbestos
   during this employment.
25

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Unknown cruise ship | Fueler | 3/8/1942 – 3/28/1942; |
|  | Naval Air Station, Puunene, Maui, HI |  | 3/28/1942 – 12/16/1942 |

Job Duties: On board ship plaintiff was exposed to asbestos dust flaking off from overhead pipe insulation in his bunk area. At the Navy base plaintiff drove a new International cabover fuel truck to fuel airplanes. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| US Navy | USS POCOMOKE (AV-9) | Fueler | 12/16/42 - 12/31/1942 |
| | Naval Air Station, Nandi, Fiji Islands | | 1/1/1943 - 8/3/1943 |

Job Duties:  On board ship plaintiff was exposed to asbestos dust drifting from overhead pipe insulation in his bunk area and in various work spaces. At the Navy base plaintiff drove a new INTERNATIONAL TRUCK AND ENGINE CORPORATION fuel truck to fuel airplanes. Plaintiff was within ten feet of mechanics in the motor pool doing the first brake change on the fuel truck. Plaintiff identifies co-worker Carl Boyle, Marysville, California. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| US Navy | Naval Air Station, Inyokern, CA | Aircraft mechanic | 11/5/1943 - 1/31/1944 |

Job Duties: Plaintiff removed removed engine cowling and heat shields from PRATT & WHITNEY (UNITED TECHNOLOGIES CORPORATION) engines in GRUMMAN AIRCRAFT CORPORATION planes, including but not limited to the TBF-1 Avenger torpedo bomber and the F4F Wildcat Naval fighter, to observe engine conditions, exposing himself to dust from the edges of the asbestos sheet sandwiched between the layers of sheet metal. Plaintiff unbolted engines in need of repair and fastened them to a hoist for removal by crane and reversed the process to install repaired or new engines. Plaintiff drove a fuel truck and fueled the planes. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| US Navy | Naval Auxiliary Air Field, Watsonville, CA | Aircraft mechanic | 4/26/1944 - 12/8/1945 |

Job Duties: Plaintiff removed removed engine cowling and heat shields from PRATT & WHITNEY (UNITED TECHNOLOGIES CORPORATION) engines of GRUMMAN AIRCRAFT CORPORATION, including but not limited to the TBF-1 Avenger torpedo bomber and the F4F Wildcat Naval fighter, to observe engine conditions, exposing himself to dust from the edges of the asbestos sheet sandwiched between the layers of sheet metal. Plaintiff unbolted engines in need of repair and fastened them to a hoist for removal by crane and reversed the process to install repaired or new engines. Plaintiff drove a fuel truck and fueled the planes. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| US Navy | Naval Auxiliary Air Station Brown Field, Otay Mesa, CA | Aircraft mechanic | 12/10/1945 - 3/11/1946 |

Job Duties: Plaintiff removed removed engine cowling and heat shields from PRATT & WHITNEY (UNITED TECHNOLOGIES CORPORATION) engines of GRUMMAN AIRCRAFT CORPORATION, including but not limited to the TBF-1 Avenger torpedo bomber and the F4F Wildcat Naval fighter, to observe engine conditions, exposing himself to dust from the edges of the asbestos sheet sandwiched between the layers of sheet metal. Plaintiff unbolted engines in need of repair and fastened them to a hoist for removal by crane and reversed the process to install repaired or new engines. Plaintiff drove a fuel truck and fueled the planes. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Camp Elliot, San Diego, CA | Unknown | 3/11/1946 - 3/18/1946 |

Job Duties: Plaintiff does not currently recall the specifics of this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Unknown ship<br><br>Naval Air Station, Kaneohe, Oahu, HI | Master at Arms | 3/25/1946 - 5/15/1947 |

Job Duties: On board ship plaintiff was exposed to asbestos dust flaking off from overhead pipe insulation in his bunk area and in various work spaces. At the base plaintiff supervised crews cleaning barracks and insulating water pipes. Plaintiff was within 10 feet of crew members insulating hot water and steam pipes with an asbestos blanket wrap closed at the ends with sealing compound and insulating cool pipes with hard, half-round insulating jackets cut on site. Plaintiff currently contends he was exposed to asbestos during this ship voyage and employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | USS THOMAS JEFFERSON (APA-30)<br><br>Naval Receiving Station, Seattle, WA | Unknown | 5/15/1947 - 5/23/1947 |

Job Duties: Plaintiff was on board for transport from Hawaii to Seattle, where he was discharged from the Navy. On board ship plaintiff was exposed to asbestos dust flaking off from overhead pipe insulation in his bunk area and in various work spaces. Plaintiff does not currently recall the specifics of any work assignments. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Chief Wenatchee, 2626 School St., Wenatchee, WA | Unknown location | Unknown | 1948-1950 (On and off, a total of about a year) |

Job Duties: Plaintiff does not currently recall the specifics of this employment.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Russ and Buds Service Station, Route 2, Wenatchee, WA | Russ and Buds Service Station, Wenatchee, WA | Service Station Attendant | 1949 |

Job Duties: Plaintiff pumped gas and repaired vehicles. Plaintiff replaced original brakes and gaskets on CHEVROLET (GENERAL MOTORS CORPORATION) and FORD MOTOR COMPANY cars and trucks. Plaintiff removed old drum brakes, cleaned the brake assemblies and drums with a brush, blew out the dust with an air hose, and installing new BENDIX and RAYLOC drum brakes, pads and linings. Plaintiff replaced mufflers and carburetors. Plaintiff scraped and chipped old burned out manifold and head gaskets and installed new ones. Plaintiff's employer purchased replacement parts from EL DORADO AUTO PARTS in Wenatchee, Washington. Plaintiff currently contends he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pates Cleaners, 600 S. Wenatchee Ave., Wenatchee, WA | Pates Cleaners, Wenatchee, WA | Laundry worker | 1950 (Less than a month) |

Job Duties: Plaintiff recalls ironing and cleaning clothes. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Wenatchee Fruit & Produce Co. Inc., 1900 Occidental Ave So., Seattle, WA | Unknown location | Unknown | 1950 (Less than a month) |

Job Duties: Plaintiff does not currently recall the specifics of this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Keokuk Electro Metals Co. Corp., 320 Concert St., Keokuk, IA | Keokuk Electro Metals, Rock Island, WA | Millwright | 7/1950-9/1959 |

Job Duties: Plaintiff scraped off and replaced the original gaskets in the CUMMINS ENGINE COMPANY, INC. diesel engines that powered the railroad switch engines. Plaintiff scraped off and replaced the original gaskets in the WAUKESHA (DRESSER INDUSTRIES, INC.) diesel engines that ran the forklift. Plaintiff changed electrodes and water lines in the SODERBERG furnace used to create metal alloy, disturbing the asbestos gaskets and the asbestos cloth used to secure components. Plaintiff currently contends he was exposed to asbestos during this employment.

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Welch Apples Inc, Wenatchee, WA | Welch Apples Inc, Wenatchee, WA | Laborer | 1951-1952; 1954; 1962 (A total of less than four months) |

Job Duties: Plaintiff packed fruit for shipment and drove a truck hauling packed apples to the warehouse. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| International Brotherhood of Electrical Workers, Local 1665, PO Box 1914, Wenatchee, WA | International Brotherhood of Electrical Workers, Local 1665, Wenatchee, WA | Business Manager | 1954-1961 |

Job Duties: Plaintiff worked as a business manager. He simultaneously held the job at Keokuk Electro Metals Co. reported below. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Vanadium Corp of America, Pan Am Bldg, 200 Park Ave., New York, NY | Unknown | Unknown | 1959-1962 |

Job Duties: Plaintiff does not currently recall the specifics of this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Eva Hammon, Mobilburgers, Route 1, Toldedo, WA | Mobilburgers, Toldedo, WA | Unknown | 1962 |

Job Duties: Plaintiff does not recall this employment. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| ALCOA (Aluminum Company of America), Wenatchee, WA | ALCOA, Wenatchee, WA | Millwright | 01/31/63-04/01/84 |

Job Duties: During his career at ALCOA plaintiff worked in most of the process areas of the plant. In the Green Mill plaintiff fixed the bearings on the outside of the mixer where carbon blocks were created, disturbing the mixer's exterior asbestos insulation coating. Plaintiff was within 10 feet of co-workers creating the coating by mixing asbestos "feathers" and water,

creating a cloud of dust. Plaintiff was within 10 feet of co-workers cutting through the insulation to open and repair the mixers. In the Bakes plaintiff operated a NORTHERN CRANE, lifting the carbon blocks into a copper rod framework in the firing pit, where they were baked hard. Plaintiff removed and replaced crane engines. Plaintiff scraped off old crane brake material with a wire brush, cleaned off the dust with an air hose, and installed new brake parts, exposing himself to asbestos brake material. In the "Bag House" plaintiff performed welding on brackets and shelving using 6011 welding rods and wearing asbestos gloves. Plaintiff worked within three feet of co-workers changing the pre-made asbestos bags that were sewn in place to filter smoke from the firing pit. Plaintiff brushed against the bags while doing his work, releasing asbestos dust. In the Rodding Room plaintiff inspected conditions in two small furnaces used to melt metal material poured to anchor copper rods inserted into the carbon blocks. Plaintiff opened the furnace doors, disturbing the sealing gaskets and the exterior asbestos insulation coating. Plaintiff was within 10 feet of co-workers installing new sealing gaskets. In the Pot Room plaintiff operated a NORTHERN CRANE, lifting the carbon blocks into position to line the pots where molten aluminum was produced. When the metal wall of a pot ruptured, plaintiff removed the asbestos insulation coating outside the pot and the insulating bricks on the inside in order to enter and weld in a metal plate to close the rupture. Plaintiff was within 10 feet of co-workers restoring the bricks and replacing the insulation. Plaintiff disturbed exterior insulation when he replaced the shear pin in the electric motor outside the pot that was used to raise and lower the carbons. In the Casting Room plaintiff inspected three furnaces, disturbing asbestos seals and asbestos exterior insulation in order to open or replace the furnace doors. Plaintiff wore welding gloves when he used a torch to melt solidified aluminum from the edges of the trough that conducted the molten metal into various molds. Plaintiff disturbed the troughs' asbestos insulation. Plaintiff identifies co-workers Russel Carveth, East Wenatchee, Washington; George W. Conley, Sr. (c/o Brayton ❖Purcell); Orbit Arnold "Bud" Roe (c/o Brayton ❖Purcell); Dave Atkinson (c/o Brayton ❖Purcell); Leo McFarland, Wenatchee, Washington; Elmer Melcher, Wenatchee, Washington; Gene Greensfield, Greenacres, Washington; and Richard Peipel, address unknown. Plaintiff identifies supervisors: Lewis Clark (c/o Brayton ❖Purcell); and Simon Ruff (c/o Brayton ❖Purcell).  Plaintiff currently contends he was exposed to asbestos during this employment.

NON-OCCUPATIONAL EXPOSURE:

Plaintiff performed brake jobs and engine work on various personal vehicles. When performing brake jobs, plaintiff used the same routine on each occasion. Plaintiff removed old drum brakes, cleaning the brake assemblies and drums with a brush, a rag and his own breath and installing new drum brakes. Plaintiff used a wire brush and a scraper scrape off old gaskets and installed new ones.

In the 1950s plaintiff removed the original brakes from  a 1954 CHEVROLET (GENERAL MOTORS CORPORATION) sedan and installed replacement BENDIX brakes purchased from EL DORADO AUTO PARTS, in Wenatchee, Washington.

In 1977 plaintiff changed the brakes on a 1977 GMC  (GENERAL MOTORS CORPORATION) pickup truck. Plaintiff bought replacement brakes from NAPA AUTO PARTS in Wenatchee, Washington.

In 1980 plaintiff replaced the front brakes on a 1929 Model A FORD MOTOR COMPANY car. Plaintiff removed and replaced the muffler, removing the asbestos gasket located where the muffler was connected to the manifold. Plaintiff purchased the replacement gasket and brakes at NAPA AUTO PARTS in Wenatchee, Washington.

In the 1950s plaintiff removed and replaced the intake gaskets on a 1956 MERCURY coupe. Plaintiff bought replacement gaskets at ELDER AUTO PARTS (currently NAPA AUTO PARTS), in Wenatchee, Washington.

1    Plaintiff's investigation and discovery are continuing.

2    27.    Yes.

3        a.    International Association of Machinists Local 323.

4        b.    June 1963 to April 1985.

5    28.    Approximately 2002.

6    29.    Plaintiff recalls learning that exposure to asbestos was a potential health hazard

7    when chest x-rays were offered through the Union.

8    30.    Plaintiff does not recall observing the use of any safety precautions by anyone

9    around asbestos or asbestos-containing materials. Plaintiff's investigation and discovery are

10   continuing.

11   31.    Plaintiff does not recall using any safety precautions when working around

12   asbestos or asbestos-containing materials. Plaintiff's investigation and discovery are continuing.

13   32.    Yes.

14       a.-j.    Plaintiff recalls attending health screening exams at the Steel Workers 310

15   Union Hall in East Wenatchee, Washington in April 2000. Plaintiff's investigation and discovery

16   are continuing.

17   33.    Plaintiff took regular retirement in April 1985.

18   34.    No.

19   35.    No.

20   36.    Yes, please refer to the Non-Occupational Exposure section of Interrogatory No.

21   26, above.

22   37.    Plaintiff's investigation and discovery are continuing.

23   38.    The total hospital expense is unknown at this time and plaintiff has provided

24   authorizations for release of this information. Plaintiff's investigation and discovery are

25   continuing.

26   39.    The total medical expense is unknown at this time and plaintiff has provided

27   authorizations for release of this information. Plaintiff's investigation and discovery are

28   continuing.

| | | |
|---|---|---|
| 1 | 40. | No. |
| 2 | 41. | No. |
| 3 | 42. | Plaintiff currently is not claiming any wage or earning loss. |
| 4 | 43. | No. |
| 5 | 44. | No. |
| 6 | 45. | No. |
| 7 | 46. | No. |
| 8 | 47. | No. |
| 9 | 48. | Yes. |

    a.       Asbestos related disease.

    b.       Throughout plaintiff's work history.

    c.       Plaintiff's investigation and discovery are continuing.

    d.       Norman Carveth v. Alcoa, Inc., et al.; Case No. 04-2-08640-0 SEA

    e.       Superior Court of State of Washington, King County.

    f.       Brayton Purcell.

    g.       Active.

49.    Plaintiff recalls settlements with the following defendants: 3M COMPANY; E.J. BARTELLS COMPANY; FOSTER WHEELER, LLC ( FKA FOSTER WHEELER CORPORATION); GARLOCK SEALING TECHNOLOGIES, LLC; and H.K. PORTER totaling $5,972.50.  Plaintiff's investigation and discovery are continuing.

50.    Yes.

BRAYTON❖PURCELL LLP


By: _____
    JULIET K. NGUYEN
    Attorneys for Plaintiff

<u>VERIFICATION</u>

<u>Norman Carveth</u>
San Francisco Superior Court Case No. 274677

I, Norman Carveth, declare:

     I am the plaintiff in the above-entitled action.  The foregoing <u>Answers to Interrogatories,</u> <u>Set One</u>, propounded by Defendants Jointly, are true of my knowledge, except as to those matters which are therein stated on my information and belief and, as to those matters, I believe them true.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____6 - 30 - 08_____

Signed: _Norman F. Carveth Jr._

**Please do not write below this line.  If you have any changes, please submit them on a separate sheet of paper.  Thank you.**

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1    <u>PROOF OF SERVICE BY LEXIS-NEXIS E-SERVICE</u>

2         I am employed in the County of Marin, State of California.  I am over the age of 18

3    years and am not a party to the within action.  My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California, 94948-6169.

4         On July 8, 2008, I electronically served (E-Service), pursuant to General Order No. 158, the following documents:

5

6

7    VERIFIED ANSWERS TO INTERROGATORIES: SET ONE

8    on the interested parties in this action by causing Lexis-Nexis E-service program pursuant to

9    General Order No. 158, to transmit a true copy thereof to the following party(ies):

10        SEE ATTACHED SERVICE LIST

11

12

13        The above document was transmitted by Lexis-Nexis E-Service and the transmission was reported as complete and without error.

14        Executed on July 8, 2008, at Novato, California.

15        I declare under penalty of perjury under the laws of the State of California that the

16   foregoing is true and correct.

17

18                                        Laura Pasisz

19

20

21

22

23

24

25

26

27   <u>Norman Carveth  v. Asbestos Defendants (B❖P)</u>

28   San Francisco Superior Court Case No.  274677

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

1

Brayton-Purcell Service List

Date Created: 7/8/2008-11:31:16 AM
Created by: LitSupport - ServiceList - Live                    Run By : Jentes, Kevin (KLJ)
Matter Number: 28121.003 - Norman Carveth

**Bassi, Martini, Edlin & Blum**
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006  415-397-1339 (fax)
**Defendants:**
  Hopeman Brothers, Inc. (HOPE)
  Parker-Hannifin Corporation (PARKHF)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330  510-835-5117 (fax)
**Defendants:**
  Berry & Berry (B&B)

**Bowman and Brooke LLP**
879 West 190th Street
Suite 700
Gardena, CA 90248-4227
310-768-3068  310-719-1019 (fax)
**Defendants:**
  Ford Motor Company (FORD)
  General Motors Corporation (GM)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900  415-986-8054 (fax)
**Defendants:**
  Ingersoll-Rand Company (INGRSL)

**Haight, Brown & Bonesteel**
71 Stevenson Street, 20th Floor
San Francisco, CA 94105-2981
415-546-7500  415-546-7505 (fax)
**Defendants:**
  Navistar, Inc. (NAVINC)
  Northrop Grumman Corporation
(NORGRU)

**Jackson & Wallace**
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300  415-982-6700 (fax)
**Defendants:**
  Cummins Inc. (CUMINC)

**Knox Ricksen LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
510-285-2500  510-285-2505 (fax)
**Defendants:**
  Allis-Chalmers Corporation Product
Liability Trust (ALLIS)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000  415-267-4198 (fax)
**Defendants:**
  Plant Insulation Company (PLANT)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000  415-344-7288 (fax)
**Defendants:**
  Honeywell International, Inc. (HONEYW)

**Pond North, LLP**
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213-617-6170  213-623-3594 (fax)
**Defendants:**
  Genuine Parts Company (GPC) (GPC)
  Viacom, Inc. (VIACOM)

**Tucker Ellis & West LLP**
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071-2223
213-430-3400  213-430-3409 (fax)
**Defendants:**
  United Technologies Corporation
(UNTECH)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400  415-617-2409 (fax)
**Defendants:**
  United Technologies Corporation
(UNTECH)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072  415-391-6258 (fax)
**Defendants:**
  Quintec Industries, Inc. (QUINTC)

**EXHIBIT  B**

1  DAVID R. DONADIO, ESQ., S.B. #154436
2  JENNIFER L. SUPMAN, ESQ., S.B. #248302
   BRAYTON❖PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
4  P.O. Box 6169
   Novato, California 94948-6169
5  (415) 898-1555

6  Attorneys for Plaintiff

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

CASE MANAGEMENT CONFERENCE SET

MAY 2 9 2008

GORDON PARK-LI, Clerk
PARAM NATT
BY: _____
Deputy Clerk

JUN 1 8 2009  -1:30PM

7  DEPARTMENT 206

8  **SUPERIOR COURT OF CALIFORNIA**
9  **COUNTY OF SAN FRANCISCO**

11  NORMAN CARVETH,                          )  ASBESTOS
                                            )  No.
12              Plaintiff,                   )
                                            )  C G C - 0 8 - 2 7 4 6 7 7
13  vs.                                      )
                                            )  COMPLAINT FOR PERSONAL INJURY -
14  ASBESTOS DEFENDANTS (B❖P)                )  ASBESTOS
    As Reflected on Exhibits B, B-1, C, H,   )
15  I; and DOES 1-8500; and SEE              )
    ATTACHED LIST.                           )
16                                           )

17      1.      Plaintiff NORMAN CARVETH was born December 28, 1922.

18      2.      The ©Brayton❖Purcell Master Complaint for Personal Injury [and Loss of

19  Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

20  Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be

21  obtained upon request from Brayton❖Purcell, and designated portions of the Master Complaint

22  are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

23  Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

24  ///
25  ///
26  ///

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

27
28

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

2

3    ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST

4    BUCYRUS INTERNATIONAL, INC.
     CROWN CORK & SEAL COMPANY, INC.

5    PARKER-HANNIFIN CORPORATION
     PLANT INSULATION COMPANY

6    QUINTEC INDUSTRIES, INC.
     UNITED TECHNOLOGIES CORPORATION

7    VIACOM, INC.
     WESTERN MacARTHUR COMPANY

8    MacARTHUR COMPANY
     WESTERN ASBESTOS COMPANY

9    HONEYWELL INTERNATIONAL, INC.
     FORD MOTOR COMPANY

10   GENERAL MOTORS CORPORATION
     NAVISTAR, INC.

11   GENUINE PARTS COMPANY (GPC)
     INGERSOLL-RAND COMPANY

12   NORTHROP GRUMMAN CORPORATION
     CUMMINS INC.

13   SODERBERG CORPORATION
     HOPEMAN BROTHERS, INC.

14   METROPOLITAN LIFE INSURANCE COMPANY
     OWENS-ILLINOIS, INC.

15   GATKE CORPORATION
     GARLOCK SEALING TECHNOLOGIES, LLC

16   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
     UNDERWRITERS LABORATORIES, INC.

17   PNEUMO ABEX LLC
     and DOES 1-8500,

18

19      Defendants.

20

21

22

23

24

25

26

27

28   <u>Norman Carveth vs. Asbestos Defendants (B❖P)</u>
     San Francisco Superior Court

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

## DEFENDANTS* ON EXHIBITS:

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | ☒ |  | ☐ |  | ☐ |  | ☐ | ☐ |  | ☐ | ☐ | ☐ |
| Second (Strict Liability) | ☒ | ☒ |  |  |  |  | ☐ |  |  |  | ☐ | ☐ |  |
| Third (False Representation) | ☒ | ☒ |  |  |  |  | ☐ |  |  |  |  |  |  |
| Fourth (Loss of Consortium) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Fifth (Premises Owner/ Contractor Liability) | ☒ | ☒ | ☒ | ☐ |  |  |  |  |  |  |  |  |  |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) |  |  |  |  | ☐ |  |  |  |  |  |  |  |  |
| Tenth, Eleventh (F.E.L.A.) |  |  |  |  |  | ☐ |  |  |  |  |  |  |  |
| Twelfth, Thirteenth (Respiratory Safety Devices) |  |  |  |  |  |  | ☐ |  |  |  |  |  |  |
| Fourteenth, Fifteenth (Brake Shoe Grinding) |  |  |  |  |  |  | ☐ |  |  |  |  |  |  |
| Sixteenth (Concert of Action) |  |  |  |  |  |  |  | ☒ |  |  |  |  |  |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) |  |  |  |  |  |  |  |  | ☒ |  |  |  |  |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) |  |  |  |  |  |  |  |  |  | ☐ |  |  |  |
| Twentieth (Fraud/Deceit - Kent) |  |  |  |  |  |  |  |  |  |  | ☐ |  |  |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

1          3.      Plaintiff's asbestos-related injury, date of diagnosis, employment status, and

2   history of exposure to asbestos are as stated on Exhibit A.

3          4.      Plaintiff's claims against defendant VIACOM, INC. (successor by merger to

4   CBS CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC

5   CORPORATION) exclude military and federal government jobsites.

6

7   Dated:   5|28|08                          BRAYTON❖PURCELL LLP

8

9                                        By: _____

10                                           David R. Donadio
                                             Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E:\Injured\28121\cmp-pin.wpd                       3
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT A

1

## EXHIBIT A

2    Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

3    locations both inside and outside the State of California, including but not limited to:

4

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station, Sand Point, Seattle, WA | Aircraft mechanic (Trainee) | 10/27/1941 - 3/8/1942 |
| US Navy | Unknown cruise ship | Fueler | 3/8/1942 - 3/28/1942 |
| | Naval Air Station, Puunene, Maui, HI | | 3/28/1942 - 12/16/1942 |
| US Navy | USS POCOMOKE (AV-9) | Fueler | 12/16/42 - 12/31/1942 |
| | Naval Air Station, Nandi, Fiji Islands | | 1/1/1943 - 8/3/1943 |
| US Navy | Naval Air Station, Inyokern, CA | Aircraft mechanic | 11/5/1943 - 1/31/1944 |
| US Navy | Naval Auxiliary Air Field, Watsonville, CA | Aircraft mechanic | 4/26/1944 - 12/8/1945 |
| US Navy | Naval Auxiliary Air Station Brown Field, Otay Mesa, CA | Aircraft mechanic | 12/10/1945 - 3/11/1946 |
| US Navy | Unknown ship | Master at Arms | 3/25/1946 - 5/15/1947 |
| | Naval Air Station, Kaneohe, Oahu, HI | | |
| US Navy | USS THOMAS JEFFERSON (APA-30) | Unknown | 5/15/1947 - 5/23/1947 |
| | Naval Receiving Station, Seattle, WA | | |
| Russ and Buds Service Station, Route 2, Wenatchee, WA | Russ and Buds Service Station, Wenatchee, WA | Service Station Attendant | 1949 |
| Keokuk Electro Metals Co. Corp., 320 Concert St., Keokuk, IA | Keokuk Electro Metals, Rock Island, WA | Millwright | 7/1950-9/1959 |

EXHIBIT A

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| ALCOA (Aluminum Company of America), Wenatchee, WA | ALCOA, Wenatchee, WA | Millwright | 01/31/63-04/01/84 |

NON-OCCUPATIONAL EXPOSURE:

Plaintiff performed brake jobs and engine work on various personal vehicles. When performing brake jobs, plaintiff used the same routine on each occasion. Plaintiff removed old drum brakes, cleaning the brake assemblies and drums with a brush, a rag and his own breath and installing new drum brakes. Plaintiff used a wire brush and a scraper scrape off old gaskets and installed new ones.

In the 1950s plaintiff removed the original brakes from a 1954 CHEVROLET (GENERAL MOTORS CORPORATION) sedan and installed replacement BENDIX brakes purchased from EL DORADO AUTO PARTS, in Wenatchee, Washington.

In 1977 plaintiff changed the brakes on a 1977 GMC (GENERAL MOTORS CORPORATION) pickup truck. Plaintiff bought replacement brakes from NAPA AUTO PARTS in Wenatchee, Washington.

In 1980 plaintiff replaced the front brakes on a 1929 Model A FORD MOTOR COMPANY car. Plaintiff removed and replaced the muffler, removing the asbestos gasket located where the muffler was connected to the manifold. Plaintiff purchased the replacement gasket and brakes at NAPA AUTO PARTS in Wenatchee, Washington.

In the 1950s plaintiff removed and replaced the intake gaskets on a 1956 MERCURY coupe. Plaintiff bought replacement gaskets at EL DORADO AUTO PARTS, in Wenatchee, Washington.

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer and various other cancers. Plaintiff was diagnosed with asbestosis and asbestos-related pleural disease on or about March 2006.

Plaintiff retired from his last place of employment at regular retirement age. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

EXHIBIT A

**EXHIBIT B**

1 <u>EXHIBIT B</u>

2 <u>DEFENDANTS</u>

3 ALLIS-CHALMERS CORPORATION PRODUCT          WESTERN ASBESTOS COMPANY
        LIABILITY TRUST                                 HONEYWELL INTERNATIONAL, INC.
4 BUCYRUS INTERNATIONAL, INC.                    FORD MOTOR COMPANY
   CROWN CORK & SEAL COMPANY, INC.              GENERAL MOTORS CORPORATION
5 PARKER-HANNIFIN CORPORATION                   NAVISTAR, INC.
   PLANT INSULATION COMPANY                       GENUINE PARTS COMPANY (GPC)
6 QUINTEC INDUSTRIES, INC.                          INGERSOLL-RAND COMPANY
   UNITED TECHNOLOGIES CORPORATION              NORTHROP GRUMMAN CORPORATION
7 VIACOM, INC.                                        CUMMINS INC.
   WESTERN MacARTHUR COMPANY                     SODERBERG CORPORATION
8 MacARTHUR COMPANY                               DOES 1-800

9 <u>ALTERNATE ENTITY</u>

10 BUCYRUS INTERNATIONAL, INC.       BUCYRUS-ERIE
                                     MARION POWER SHOVEL COMPANY, THE
11                                   OSGOOD COMPANY
                                     GENERAL EXCAVATOR COMPANY
12
   CROWN CORK & SEAL COMPANY,        MUNDET CORK COMPANY
13    INC.

14 PARKER-HANNIFIN CORPORATION       SACOMA-SIERRA, INC.
                                     SACOMA MANUFACTURING COMPANY
15                                   E.I.S. AUTOMOTIVE CORPORATION
                                     CONDREN CORPORATION, THE
16                                   PARKER SEAL COMPANY

17 UNITED TECHNOLOGIES              UNITED AIRCRAFT CORPORATION
      CORPORATION                   UNITED AIRCRAFT & TRANSPORT CORPORATION
18                                  PRATT & WHITNEY
                                    HAMILTON STANDARD CO.
19                                  SIKORSKY AIRCRAFT CORP.

20 VIACOM, INC.                     CBS CORPORATION
                                    WESTINGHOUSE ELECTRIC CORPORATION
21                                   WESTINGHOUSE ELECTRIC AND
                                      MANUFACTURING COMPANY
22                                  B.F. STURTEVANT
                                    KPIX TELEVISION STATION
23                                  PARAMOUNT COMMUNICATIONS, INC.

24 WESTERN MacARTHUR               WESTERN ASBESTOS CO.
      COMPANY                      MAC ARTHUR COMPANY
25                                 BAY CITIES ASBESTOS COMPANY
                                   F.K. PINNEY, INC.
26 ///

27 ///

28 ///                                                         EXHIBIT B

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| | UNION TEXAS NATURAL GAS CORPORATION |
| | UNION OIL AND GAS OF LOUISIANA |
| | UNION SULPHUR AND OIL CORPORATION |
| | UNION SULPHUR COMPANY, INC., THE |
| | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | SIGNAL COMPANIES, INC., THE |
| | HANCOCK OIL COMPANY |
| | BARRETT DIVISION, ALLIED CHEMICAL & DYE CORPORATION |
| | |
| GENERAL MOTORS CORPORATION | NEW DEPARTURE |
| | CHEVROLET |
| | A.C. DELCO CO. |
| | BUICK AUTOMOTIVE CORPORATION |
| | CADILLAC |
| | PONTIAC |
| | LaSALLE |
| | OLDSMOBILE |
| | GM-GOODWRENCH |
| | ROCHESTER PRODUCTS DIVISION |
| | EUCLID ROAD MACHINERY CO. |
| | FRIDGIDAIRE (for exposure pre 4/9/1979) |

/// 

/// 

/// 

EXHIBIT B

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| FORD MOTOR COMPANY | BRITISH LEYLAND MOTORS, INC. |
| | BRITISH MOTOR CORPORATION |
| | JAGUAR CARS, INC. |
| | TRIUMPH |
| | LINCOLN CONTINENTAL |
| | AUSTIN HEALEY |
| | |
| NAVISTAR, INC. | INTERNATIONAL TRUCK & ENGINE CORPORATION |
| | NAVISTAR INTERNATIONAL CORPORATION |
| | INTERNATIONAL HARVESTER COMPANY |
| | INTERNATIONAL HARVESTER CORPORATION |
| | FARM ALL |
| | MCCORMICK DEERING |
| | |
| GENUINE PARTS COMPANY | NAPA AUTO PARTS |
| | GENUINE PARTS COMPANY OF MICHIGAN, INC. |
| | RAYLOC BRAKES |
| | AUTHORIZED MOTOR PARTS CORP. |
| | GENUINE PARTS COMPANY OF WISCONSIN, INC. |
| | AUTOMOTIVE PARTS COMPANY |
| | COLYEAR MOTOR SALES COMPANY |
| | GENERAL AUTOMOTIVE PARTS CORPORATION |
| | STANDARD UNIT PARTS CORPORATION |
| | DIGERUD AUTO PARTS |
| | FANCHER AUTO-TRUCK PARTS CO. |
| | |
| INGERSOLL-RAND COMPANY | INGERSOLL-DRESSER PUMP |
| | DRESSER-RAND CO. |
| | PACIFIC PUMP WORKS |
| | FLOWSERVE CORPORATION |
| | INGERSOLL ROCK DRILL COMPANY |
| | TERRY STEAM TURBINE CO. |
| | WHITON MACHINE COMPANY |
| | RAND DRILL COMPANY |
| | RAND & WARING DRILL AND COMPRESSOR COMPANY |
| | INGERSOLL-SERGEANT |
| | SCHLAGE LOCK COMPANY |
| | VON DUPRIN |
| | THE TORRINGTON COMPANY |
| | BLAW-KNOX COMPANY |
| | ALDRICH PUMPS |
| | |
| NORTHROP GRUMMAN CORPORATION | NORTHROP CORPORATION |
| | CALIFORNIA SHIPBUILDING CORPORATION |
| | GRUMMAN AEROSPACE CORPORATION |
| | LITTON INDUSTRIES, INC. |
| | LITTON APPLIED TECHNOLOGY |
| | |
| CUMMINS INC. | CUMMINS ENGINE COMPANY, INC. |

EXHIBIT B

**EXHIBIT B-1**

<u>EXHIBIT B-1</u>

<u>DEFENDANTS</u>

HOPEMAN BROTHERS, INC.
DOES 1-800; DOES 1001-2000

EXHIBIT B-1

K:\Vajaro\0\28121\comp-pip.wpd

12

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT C

EXHIBIT C

DEFENDANTS

HOPEMAN BROTHERS, INC.                          MacARTHUR COMPANY
PLANT INSULATION COMPANY                        WESTERN ASBESTOS COMPANY
WESTERN MacARTHUR COMPANY                       DOES 1001-2000

CONTRACTOR
| DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| HOPEMAN BROTHERS, INC. | Various | Various |
| PLANT INSULATION COMPANY | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

EXHIBIT C

K:\Injured\28121\comp-pip.wpd
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT H

1

EXHIBIT H

2 DEFENDANTS

3  METROPOLITAN LIFE INSURANCE COMPANY          STUART-WESTERN, INC.
   PNEUMO ABEX LLC                             RITESET MANUFACTURING COMPANY
4  BORGWARNER MORSE TEC, INC.                   ASBESTOS MANUFACTURING COMPANY
   HONEYWELL INTERNATIONAL, INC. (successor-in-  FIBRE & METAL PRODUCTS COMPANY
5    interest to ALLIEDSIGNAL, INC.)            LASCO BRAKE PRODUCTS
   THE BUDD COMPANY                             L.J. MILEY COMPANY
6  DAIMLERCHRYSLER CORPORATION                  ROSSENDALE-RUBOIL COMPANY
   DANA CORPORATION                             SOUTHERN FRICTION MATERIALS COMPANY
7  FORD MOTOR COMPANY                           U.S. SPRING & BUMPER COMPANY
   GENERAL MOTORS CORPORATION                   AUTO FRICTION CORPORATION
8  BRIDGESTONE/FIRESTONE                        EMSCO ASBESTOS COMPANY
   NORTH AMERICAN TIRE, LLC                     FORCEE MANUFACTURING CORPORATION
9  LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.      MOLDED INDUSTRIAL FRICTION CORPORATION
   MAREMONT CORPORATION                         NATIONAL TRANSPORT SUPPLY, INC.
10 MORTON INTERNATIONAL, INC.                   SILVER LINE PRODUCTS, INC.
   PARKER-HANNIFIN CORPORATION                  STANDCO, INC.
11 STANDARD MOTOR PRODUCTS, INC.                UNIVERSAL FRICTION MATERIALS COMPANY
   GATKE CORPORATION                            WHEELING BRAKE BLOCK  MANUFACTURING
12 GARLOCK SEALING TECHNOLOGIES, LLC             COMPANY
   BRASSBESTOS BRAKE LINING COMPANY             OWENS-ILLINOIS, INC.
13 H. KRASNE MANUFACTURING COMPANY              BELL ASBESTOS MINES LTD.
   AUTO SPECIALTIES MANUFACTURING COMPANY  DOES5000-8000

14

15                                 ALTERNATE ENTITY

16 GARLOCK SEALING                  GARLOCK, INC.
     TECHNOLOGIES, LLC              COLTEC INDUSTRIES, INC.
17                                  FAIRBANKS-MORSE
                                    FAIRBANKS MORSE ENGINES
18                                  BELMONT PACKING & RUBBER CO.
                                    GARLOCK PACKING CO.
19                                  U.S. GASKET CO.
                                    GOODRICH CORPORATION
20                                  ENPRO INDUSTRIES, INC.

21

22

23

24

25

26

27

28                                                          EXHIBIT H

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT I

1

EXHIBIT 1

2 DEFENDANTS

3 METROPOLITAN LIFE INSURANCE COMPANY
OWENS-ILLINOIS, INC.
4 PNEUMO ABEX LLC
GATKE CORPORATION
5 GARLOCK SEALING TECHNOLOGIES, LLC
AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
6 UNDERWRITERS LABORATORIES, INC.
DOES 5000-7500

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

K:\fnt\nc\62812\1\comp-pip.wpd

18

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT  C**

DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiff

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 2 9 2008

GORDON PARK-LI, Clerk
BY: _____ PARAM NATT
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

NORMAN CARVETH,

       Plaintiff,

vs.

ASBESTOS DEFENDANTS (B❖P)

ASBESTOS
No.

CGC-08-274677

PRELIMINARY FACT SHEET/NEW
FILING/ASBESTOS LITIGATION

(See General Order No. 129, In Re:
Complex Asbestos Litigation)

NOTICE

TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF
SAN FRANCISCO

       You have been served with process in an action which has been designated by the Court
as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This
litigation bears the caption "In Re: Complex Asbestos Litigation", [San Francisco Superior
Court No. 828684].

       This litigation is governed by various general orders, some of which affect the judicial
management and/or discovery obligations, including the responsibility to answer interrogatories
deemed propounded in the case. You may contact the Court or Designated Defense Counsel,
Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone:
(510) 835-8330; FAX: (510) 835-5117, for further information and/or copies of these orders, at
your expense.

1. State the complete name and address of each person whose claimed exposure to asbestos is

the basis of this lawsuit ("exposed person"): Norman Carveth, 402 Perry Avenue, N. East

Wenatchee, Washington 98802-9243.

K:\Injured\28121\carp-factst.wpd

1

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1   2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four

2   months? _____ Yes                              __X__ No

3   [If yes, the action will be governed by General Order No. 140; if no, the action will be governed

4   by General Order No. 129.]

5   3. Date of birth of each exposed person in item one and, if applicable, date of death:

6           Date of Birth: ___12/28/22___

7           Date of Death: ___N/A___

8   Social Security Number of each exposed person:

9           ___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___

10  4. Specify the nature or type of asbestos-related disease alleged by each exposed person.

11      __X__ Asbestosis            _____ Mesothelioma

12      __X__ Pleural Thickening/Plaques      _____Other Cancer: Specify: _____

13      _____ Lung Cancer Other Than Mesothelioma      _____ Other: Specify: _____

14  5. For purposes of identifying the nature of exposure allegations involved in this action, please

15  check one or more:

16      _____ Shipyard        _____ Construction      __X__ Friction-Automotive

17      _____ Premises        _____ Aerospace      __X__ Military

18      __X__ Other: Specify all that apply: ___Plant Worker___

19  If applicable, indicate which exposure allegations apply to which exposed person.

20  6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known,

21  provide the beginning and ending year(s) of each such exposure. Also specify each exposed

22  person's employer and job title or job description during each period of exposure. (For example:

23  "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure

24  might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized

25  descriptions such as "merchant marine" or "construction". If an exposed person claims exposure

26  during only a portion of a year, the answer should indicate that year as the beginning and ending

27  year (e.g., 1947-1947).

28  ///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station, Sand Point, Seattle, WA | Aircraft mechanic (Trainee) | 10/27/1941 - 3/8/1942 |
| US Navy | Unknown cruise ship | Fueler | 3/8/1942 - 3/28/1942 |
| | Naval Air Station, Puunene, Maui, HI | | 3/28/1942 - 12/16/1942 |
| US Navy | USS POCOMOKE (AV-9) | Fueler | 12/16/42 - 12/31/1942 |
| | Naval Air Station, Nandi, Fiji Islands | | 1/1/1943 - 8/3/1943 |
| US Navy | Naval Air Station, Inyokern, CA | Aircraft mechanic | 11/5/1943 - 1/31/1944 |
| US Navy | Naval Auxiliary Air Field, Watsonville, CA | Aircraft mechanic | 4/26/1944 - 12/8/1945 |
| US Navy | Naval Auxiliary Air Station Brown Field, Otay Mesa, CA | Aircraft mechanic | 12/10/1945 - 3/11/1946 |

(Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

7. For each exposed person who:

    a. worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

    b. may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

    c. served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

///

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1       d. was employed by the United States government in a civilian capacity, attach to the

2 copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of

3 the stipulation (Exhibit N-3 to General Order No. 129).

4 8. If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated

5 Defense Counsel a copy of the death certificate, if available. If an autopsy report was done, also

6 attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

7 9. State the date of the filing of the initial complaint in this matter:

8     5/29/08

9

10                                        By:                                                                                                     Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Unknown ship | Master at Arms | 3/25/1946 - 5/15/1947 |
|  | Naval Air Station, Kaneohe, Oahu, HI |  |  |
| US Navy | USS THOMAS JEFFERSON (APA-30) | Unknown | 5/15/1947 - 5/23/1947 |
|  | Naval Receiving Station, Seattle, WA |  |  |
| Russ and Buds Service Station, Route 2, Wenatchee, WA | Russ and Buds Service Station, Wenatchee, WA | Service Station Attendant | 1949 |
| Keokuk Electro Metals Co. Corp., 320 Concert St., Keokuk, IA | Keokuk Electro Metals, Rock Island, WA | Millwright | 7/1950-9/1959 |
| ALCOA (Aluminum Company of America), Wenatchee, WA | ALCOA, Wenatchee, WA | Millwright | 01/31/63-04/01/84 |

NON-OCCUPATIONAL EXPOSURE:

Plaintiff performed brake jobs and engine work on various personal vehicles. When performing brake jobs, plaintiff used the same routine on each occasion. Plaintiff removed old drum brakes, cleaning the brake assemblies and drums with a brush, a rag and his own breath and installing new drum brakes. Plaintiff used a wire brush and a scraper scrape off old gaskets and installed new ones.

In the 1950s plaintiff removed the original brakes from a 1954 CHEVROLET (GENERAL MOTORS CORPORATION) sedan and installed replacement BENDIX brakes purchased from EL DORADO AUTO PARTS, in Wenatchee, Washington.

In 1977 plaintiff changed the brakes on a 1977 GMC (GENERAL MOTORS CORPORATION) pickup truck. Plaintiff bought replacement brakes from NAPA AUTO PARTS in Wenatchee, Washington.

In 1980 plaintiff replaced the front brakes on a 1929 Model A FORD MOTOR COMPANY car. Plaintiff removed and replaced the muffler, removing the asbestos gasket located where the muffler was connected to the manifold. Plaintiff purchased the replacement gasket and brakes at NAPA AUTO PARTS in Wenatchee, Washington.

In the 1950s plaintiff removed and replaced the intake gaskets on a 1956 MERCURY coupe. Plaintiff bought replacement gaskets at EL DORADO AUTO PARTS, in Wenatchee, Washington.