MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 31 2008

FILED
CLERK'S OFFICE

1  TUCKER ELLIS & WEST LLP
   CURTISS L. ISLER STATE BAR NO. 146903
2  515 South Flower Street
   Forty Second Floor
3  Los Angeles, CA  90071-2223
   Telephone:  213.430.3400
4  Facsimile:  213.430.3409
   Email: curt.isler@tuckerellis.com
5
   TUCKER ELLIS & WEST LLP
6  LANCE D. WILSON STATE BAR NO. 183852
   135 Main Street, Suite 700
7  San Francisco, California 94105
   Telephone:  (415) 617-2400
8  Facsimile:  (415) 617-2409
   Email: lance.wilson@tuckerellis.com
9
   Attorneys for Defendant
10 UNITED TECHNOLOGIES CORPORATION

11

12              **UNITED STATES JUDICIAL PANEL**

13                **ON MULTIDISTRICT LITIGATION**

14

15 IN RE:  ASBESTOS PRODUCTS            MDL DOCKET NO. 875
   LIABILITY LITIGATION (NO. VI)       CTO-314

16 This Document Relates to:

17 FINAS BELK, et al. v. BUCYRUS
   INTERNATIONAL, et al.
18

RECEIVED
CLERK'S OFFICE

OCT 30 2008

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

19

20              **UNITED STATES DISTRICT COURT**

21             **NORTHERN DISTRICT OF CALIFORNIA**

   FINAS BELK, et al.                  Case No. C 08-03317 PH
22
            Plaintiffs,               **DEFENDANT'S OPPOSITION TO**
23                                     **PLAINTIFF'S MOTION TO VACATE**
   v.                                  **CONDITIONAL TRANSFER ORDER**
24                                     **314**
   BUCYRUS INTERNATIONAL, et al.
25
            Defendants.
26

27                        **OFFICIAL FILE COPY**

28
                                    1

SFOiManage/074908/000541/160213/1
074908.000541.161870.1

IMAGED OCT 31 2008

PLEADING NO. 5671

**A.      There is no evidence that a transfer of this matter will affect Plaintiff's ability to participate in his trial.**

Plaintiff argues that "Mr. Belk's health is precarious and deteriorating . . . with inevitable and predictable deterioration over time," and that he "is expected to experience a progressive decline in respiratory function." (Plaintiff's motion at 2:12-15; Declaration of David W. Fermino at 2:8-12). These claims are backed up by nothing more than the statements of Plaintiff's counsel. UTC objects to these statements as lacking in foundation and speculative. Plaintiff offers no medical documentation or any statements of any physician with the proper background to advise the Court of Plaintiff's condition.

The evidence before this Court indicates that Plaintiff has shown no urgency in bringing this matter to trial. Plaintiff claims that he first began suffering shortness of breath that he attributes to exposure to asbestos in April of 2004 and that he was diagnosed with lung cancer that same month yet he didn't bother filing a complaint until May of 2008. (Plaintiff's Responses to Interrogatory Nos. 16a and 17a of Plaintiff's Responses to San Francisco County Superior Court Standard Interrogatories, set one. Said Interrogatories and Responses thereto are attached to the Declaration of Lance Wilson as Exhibit A. Plaintiff's Complaint filed in this matter is attached to the Declaration of Lance Wilson as Exhibit B). Plaintiff's sudden need for haste appears to be more related to his desire to stop the pending transfer than any actual need or desire to have this matter brought to trial in the near future.

**B.      The claims of exposure in this matter are the same as claims of exposure in other MDL cases.**

Plaintiff argues that the relevant facts in Plaintiff's case differ from those in other matters pending in the MDL. This assertion is incorrect and, not surprisingly, Plaintiff offers no facts or evidence to support his claim on this issue. From the check-the-box complaint against the many frequently named defendants to the allegations that Plaintiff was exposed to asbestos from the removal of gaskets and brakes, Plaintiff's claims of exposure differ very little from

OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER

SFOiManage/074908/000541/160213/1
074908.000541.161870.1

1    other plaintiffs whose cases are pending in the MDL.  (See Plaintiff's Response to Interrogatory

2    No. 26 attached to the Declaration of Lance Wilson as Exhibit A).

3          Plaintiff's action is not unique.  He alleges personal injury caused by asbestos or

4    asbestos-containing products just like the thousands of actions previously transferred to MDL

5    No. 875.  And like those previously-transferred cases, all involve common questions of fact that

6    are well-suited for multidistrict "tag-along" consolidation.  *E.g.* In re Asbestos Products Liability

7    Litigation (No. VI), 560 F.Supp.2d 1367, 1368 (Jud.Pan.Mult.Lit.2008); In re Asbestos Products

8    Liability Litigation (No. VI), 545 F.Supp.2d 1359, 1360 (Jud.Pan.Mult.Lit.2008); In re Asbestos

9    Products Liability Litigation (No. VI), 170 F.Supp.2d 1348, 1348 (Jud.Pan.Mult.Lit.2001).

10   Furthermore, the Panel has repeatedly stated uniqueness alone does not preclude transfer.

11   Instead, the transferee judge is better suited to determine if and when Plaintiff's claims are

12   sufficiently unique to warrant remand.  560 F.Supp.2d at 1369; 545 F.Supp.2d at 1361; 170

13   F.Supp.2d at 1350.

14         Plaintiff's claims of dissimilarity are unjustified.  And unlike the In re Boeing Company

15   Employment Practices Litigation (No. II) case cited by Plaintiff, there are not a "minimal number

16   of actions" on the MDL No. 875 docket, nor are there dissimilar questions of fact like those

17   relating to the terms and conditions of an individual employees' employment that would justify

18   vacating transfer.  In re Boeing, 293 F.Supp.2d 1382, 1383 (Jud.Pan.Mult.Lit.2003).  To the

19   contrary, Plaintiff's action involves factual issues that are no different from cases that have been

20   previously transferred to MDL No. 875.

21         Plaintiff also claims that in this case, "discovery is nearly completed."  (Plaintiff's motion

22   at 3:26-28).  Again, this statement is both incorrect and not supported by any evidence submitted

23   to this Court.  The extent of discovery conducted in this matter is Plaintiff's responses to San

24   Francisco Superior Court's Standard Interrogatories, set one.  The parties have not conducted

25   any special written discovery nor have there been any depositions taken.  (See paragraph 4 of the

26   Declaration of Lance Wilson)

27

28

OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER

SFOiManage/074908/000541/160213/1
074908.000541.161870.1

1

### C.     Plaintiff lives closer to Pennsylvania than he does to California.

Plaintiff claims that transfer of this matter to MDL 875 would place an unnecessary burden on Mr. Belk in terms of the location of the court. Mr. Belk lives in Mississippi, was born there, and has been residing there continuously since 1978. (Plaintiff's Responses to Interrogatory Nos. 1, 5, 10, 11, 12, 16, 26). All of Plaintiff's medical treatment and all of his treating physicians can be found in Mississippi. (Id.) Plaintiff's only connection to California is that he was stationed at an Air Force Base near Atwater, CA for about a year in 1970-1971, yet despite his limited connection to California he opted to file his complaint in the distant venue of San Francisco. (Id.) In light of these facts, Plaintiff's arguments that litigating this case in Pennsylvania is somehow more burdensome than San Francisco make no sense at all as he is clearly not averse to litigating his case in a venue that is grossly remote to him, the locations where he was allegedly exposed to asbestos, and where any percipient witnesses may be located.

The Panel has repeatedly found the convenience requirement satisfied despite repeated attempts to vacate a conditional transfer order. *E.g.* In re Asbestos Products Liability Litigation (No. VI), 560 F.Supp.2d 1367, 1368 (Jud.Pan.Mult.Lit.2008) (transferring cases from California, Florida, and Rhode Island); In re Asbestos Products Liability Litigation (No. VI), 545 F.Supp.2d 1359, 1360 (Jud.Pan.Mult.Lit.2008) (transferring cases from Connecticut, Illinois, Maryland, and New Jersey); In re Asbestos Products Liability Litigation (No. VI), 170 F.Supp.2d 1348, 1348 (Jud.Pan.Mult.Lit.2001) (transferring cases from Mississippi and Texas); In re Asbestos Products Liability Litigation (No. VI), Nos. 875, 3:01-540, 3:02-1627, & 1:00-1454, 2001 WL 1042562 (Jud.Pan.Mult.Lit. Aug. 29, 2001) (transferring cases from California and Illinois); In re Asbestos Products Liability Litigation (No. VI), Nos. 3:95-3705, 3:95-3709, 3:95-652, 3:95-1337, & 3:95-1543, 1996 WL 143826 (Jud.Pan.Mult.Lit. Feb. 16, 1996) (transferring cases from California, Louisiana, and Oregon). Despite the limited intrusion upon parties and counsel envisioned by the panel creating MDL No. 875, a transferee court acts well within its discretion in tailoring pretrial proceedings for the convenience of the parties if and when the proceedings

4

SFOiManage/074908/000541/160213/1
074908.000541.161870.1

1   become unduly burdensome.  In re East of the Rockies Concrete Pipe Antitrust Cases, 302

2   F.Supp. 244 (Jud.Pan.Mult.Lit.1969).  Outright exclusion from the MDL, however, is

3   unjustified.

4       **D.    Conclusion**

5       The Judicial Panel on Multidistrict Litigation found that centralizing pre-trial proceedings

6   for the immense federal caseload of asbestos-related actions "necessary."  In re Asbestos

7   Products Liability Litigation (No. VI), 771 F. Supp. 415, 420 (J.P.M.L. 1991).  Plaintiff has

8   presented no evidence that should persuade this Court that this case has facts that would except it

9   from the MDL 875 order of transfer.  In actuality, this matter appears to have the same claims

10  and defendants that are seen in most cases that are already in the MDL for pre-trial management.

11  This Court should therefore deny Plaintiff's motion to vacate the conditional transfer order.

12  DATED:  OCTOBER 29, 2008               LANCE WILSON (BAR NO. 183852)
13                                         lance.wilson@tuckerellis.com

14                                         **TUCKER ELLIS & WEST LLP**
15                                         135 Main Street, Suite 700
                                           San Francisco, CA  94105
                                           *Tel:*  (415) 617-2400
16                                         *Fax:*  (415)617-2409

17

18                                         By: _____
                                                   LANCE WILSON
19                                             ATTORNEYS FOR DEFENDANT
                                               UNITED TECHNOLOGIES
20                                             CORPORATION

21

22

23

24

25

26

27

28

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 OCT 30  A 11: 38

CLERK'S OFFICE
RECEIVED

OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE CONDITIONAL TRANSFER ORDER

SFOiManage/074908/000541/160213/1
074908.000541.161870.1

TUCKER ELLIS & WEST LLP
CURTISS L. ISLER STATE BAR NO. 146903
515 South Flower Street
Forty Second Floor
Los Angeles, CA  90071-2223
Telephone:  213.430.3400
Facsimile:  213.430.3409
Email: curt.isler@tuckerellis.com

TUCKER ELLIS & WEST LLP
LANCE D. WILSON STATE BAR NO. 183852
135 Main Street, Suite 700
San Francisco, California 94105
Telephone:  (415) 617-2400
Facsimile:  (415) 617-2409
Email: lance.wilson@tuckerellis.com

Attorneys for Defendant
UNITED TECHNOLOGIES CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 CTO-314 |

This Document Relates to:

FINAS BELK, et al v. BUCYRUS INTERNATIONAL, et al.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FINAS BELK, et al., | Case No. **C 08-03317 PH** |
| Plaintiff, | **DECLARATION OF LANCE WILSON IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 314** |
| v. | |
| BUCYRUS INTERNATIONAL, et al., | |
| Defendants. | |

1

DECLARATION OF LANCE WILSON

1  I, LANCE WILSON, declare as follows:

2   1.  I am an attorney licensed to practice law in the State of California and before the

3 United States District Court for the Northern District of California, and I am Counsel in the law

4 firm of Tucker Ellis & West LLP, attorneys for defendant United Technologies Corporation

5 ("UTC").  I have personal knowledge of the following facts and, if called upon to do so, could

6 and would competently testify thereto.

7   2.  Attached to this Declaration as Exhibit A are true and correct copies of San

8 Francisco Superior Court's Standard Asbestos Case Interrogatories, set one and Plaintiff's

9 responses thereto.

10   3.  Attached to this Declaration as Exhibit B is a true and correct copy of Plaintiff's

11 Complaint in this matter filed in San Francisco Superior Court.

12   4.  Other than Plaintiff's responses to San Francisco Superior Court's Standard

13 Asbestos Case Interrogatories, set one, UTC has not propounded or received any discovery

14 requests or responses served by any party in this matter.  Further, UTC has not received notice of

15 any depositions to take place in this matter.

16  I declare under penalty of perjury under the laws of the United States of America that the

17 foregoing is true and correct.  Executed this 29th Day of October, 2008.

18

19

20

21

22  By:

23    Lance Wilson, Declarant

24

25

26

27

28

2

DECLARATION OF LANCE WILSON

1  TUCKER ELLIS & WEST LLP
   CURTISS L. ISLER STATE BAR NO. 146903
2  515 South Flower Street
   Forty Second Floor
3  Los Angeles, CA  90071-2223
   Telephone:  213.430.3400
4  Facsimile:  213.430.3409
   Email: curt.isler@tuckerellis.com
5
   TUCKER ELLIS & WEST LLP
6  LANCE D. WILSON STATE BAR NO. 183852
   135 Main Street, Suite 700
7  San Francisco, California 94105
   Telephone:  (415) 617-2400
8  Facsimile:  (415) 617-2409
   Email: lance.wilson@tuckerellis.com
9
   Attorneys for Defendant
10 CARRIER CORPORATION

11

12              UNITED STATES JUDICIAL PANEL

13              ON MULTIDISTRICT LITIGATION

14

15 IN RE:  ASBESTOS PRODUCTS          MDL DOCKET NO. 875
   LIABILITY LITIGATION (NO. VI)      CTO-314
16
   This Document Relates to:
17
   FINAS BELK, et al. v. BUCYRUS
   INTERNATIONAL, et al.
18

19

20              UNITED STATES DISTRICT COURT

21              NORTHERN DISTRICT OF CALIFORNIA

   FINAS BELK, et al.                 Case No. C 08-03317 PH
22
           Plaintiffs,               PROOF OF SERVICE OF
23                                   DEFENDANT'S OPPOSITION TO
   v.                                PLAINTIFF'S MOTION TO VACATE
24                                   CONDITIONAL TRANSFER ORDER
   BUCYRUS INTERNATIONAL, et al.     313 AND DECLARATION OF LANCE
25                                   WILSON
           Defendants.
26

27

28

                            1
                     PROOF OF SERVICE
   SFOiManage/074908/000541/160213/1
   074908 000541 161916 1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 31 2008

FILED
CLERK'S OFFICE

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 313 AND DECLARATION OF LANCE WILSON** was served via regular U.S. Mail, postage prepaid, this 29th day of October, 2008, upon each attorney listed on the attached Panel Attorney Service List.

By: *Anna Pasynkova*

Anna Pasynkova

RECEIVED
CLERK'S OFFICE
2008 OCT 30 A 11: 38
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

SFOiManage/074908/000541/160213/1
074908.000541.161916.1

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-314)

Harry Lemaster, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al.,
N.D. California, C.A. No. 3:08-3316
Finas Belk, et al. v. Bucyrus International, Inc., et al.,
N.D. California, C.A. No. 3:08-3317

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

David W. Fermino
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Curtiss L. Isler
TUCKER ELLIS & WEST LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90017-2223

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana, One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Evan Craig Nelson
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Frank D. Pond
POND NORTH LLP
350 South Grand Avenue
Suite 2850
Los Angeles, CA 90071

**MDL No. 875 - Panel Service List (Excerpted from CTO-314 (Continued)**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

James G. Scadden
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Lance D. Wilson
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105

**EXHIBIT A**



sfgov | residents | business | government | visitors | online services | search



# Superior Court of California
County of San Francisco

## Defendants' Standard Set 1(Personal Injury)

Plaintiff(s),                                        NO.

vs.

Defendant(s).                              **DEFENDANTS' STANDARD**
**INTERROGATORIES**
**TO PLAINTIFF (Personal**
**Injury), Set 1**

_____/

PROPOUNDING PARTY: Defendants.

RESPONDING PARTY:

SET NUMBER:          One

### INTRODUCTION

Pursuant to San Francisco General Order No. 129 each plaintiff in the abovecaptioned asbestos litigation is required to respond to the following standard interrogatories separately and fully in writing, under oath, pursuant to Code of Civil Procedure Section 2030 within fifteen (15) days of the first service on any defendant of a complaint. In responding to these standard interrogatories, YOU are required to furnish all information that is available to YOU or YOUR attorney(s). If YOU cannot answer a standard interrogatory completely, answer it to the fullest extent possible and specify the reason(s) for YOUR inability to respond fully.

If any defendant is not satisfied with the responses to these interrogatories, any one defendant after consultation with Designated Defense Counsel, may move to compel appropriate responses under the applicable California Code of Civil Procedure sections and after complying with California Rules of Court and Local Rules of Court.

### DEFINITIONS

1.  "AREA" means the name of the specific structure, building, building number, floor of the building, ship compartment, process line, unit, piece of equipment, or other specific place within the WORKSITE.

2.  "ASBESTOSCONTAINING MATERIAL" means a material or product which consists of, or contains the mineral asbestos.

3.  "CONTROL" means the act(s) of directing the manner and/or methods of conducting the work at a WORKSITE.

4.  "DESCRIBE" as it relates to material means provide a complete description of the material including but not limited to: the material name, manufacturer, supplier, distributor, color, texture, consistency, shape, size and any markings;

a description of the material's container including size, color and all writing on that container; and a description of how the material was used.

5. "DOCUMENTS" means any writing, as defined in Evidence Code Section 250 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, computer printout, and every other means of recording upon any tangible thing or form of communication or representation including letters, words, pictures, sounds or symbols or combinations of them.

6. "IDENTIFY" as it relates to a DOCUMENT means provide the title of the DOCUMENT, the date the DOCUMENT was generated, the name of the author of the DOCUMENT, a description of the DOCUMENT (e.g., letter, memorandum, report, book, photograph, etc.) and any other information which would be required to specify the DOCUMENT in a request for production of DOCUMENTS issued pursuant to Code of Civil Procedure Section 2031.

7. "IDENTIFY" as it relates to an employer means to state the employer's name, address and telephone number.

8. "IDENTIFY" as it relates to a person means to provide the name, place of employment, job title, address and telephone number for each person.

9. "IDENTIFY" as it relates to a ship means to state the name of the ship, the owner of the ship, the operator of the ship, the type of ship, and the hull number of the ship.

10. "LOCATION" means the city, state, country, street address, intersection or shipyard. For work aboard ship, please IDENTIFY the ship and where it was located during the time YOU worked on board.

11. "OCCASION" refers to a day, any part of a day, or a series of day(s), week(s), month(s) or year(s) during which YOU worked continuously at a WORKSITE.

12. "RAW ASBESTOS" means asbestos fiber mined or milled, either packaged or in bulk, not compounded with other substances and essentially pure with the exception of naturally occurring trace amounts of other substances.

13. "RESPONSIBLE PARTY" means any person, business organization, or enterprise, including but not limited to the defendants in this action.

14. "SAFETY PRECAUTION" means respirators, masks, fans, air blowers, tarps, wetdown procedures, isolation and any other equipment and/or methods used to limit or prevent exposure to dust.

15. "WORKSITE" means any LOCATION where YOU worked at any time.

16. "YOU" and "YOUR" refer to the person who is named above as the responding party. If more than one responding party is named, "YOU" and "YOUR" refer to each responding party separately, not jointly.

### INTERROGATORIES

1. Please state YOUR:

A. Full name including first, middle and last names;

B. Date of birth;

C. Age;

D. Place of birth;

E. Address;

F. Height and weight;

G. Social Security number;

H. Kaiser number;

I. Government Serial number;

J. Military Serial number;

K. Driver's license number and state;

L. All of the names by which YOU have been known;

M. Highest grade level of school completed;

N. Current spouse's name;

O. Spouse's date of birth;

P. Date of current marriage;

Q. Spouse's current address;

R. Spouse's occupation/employer;

S. Name(s) of any former spouse(s);

T. Date(s) of any former marriage(s); and

U. Place, date and circumstances under which any marriage(s) was (were) dissolved or terminated.

2.  For each child (either natural or adopted) of any marriage, state:

A. Name;

B. Date of birth;

C. Whether natural or adopted;

D. Address;

E. Occupation; and

F. Whether the child is living or dead.

3. Are either of YOUR natural parents alive? IF YOUR answer is "yes", please state for each parent:

   A. Name of parent;

   B. Current age;

   C. Any history of cancer or respiratory disease; and

   D. Occupation.

4. For each of YOUR blood relatives (for example: parent, grandparent, sibling, child, aunt, uncle) whom YOU believe died of either a malignancy (cancer) or pulmonary (lung) disease other than pneumonia, please state, separately for each person:

   A. Full name;

   B. Blood relation to YOU (for example: parent, grandparent, sibling, aunt, uncle);

   C. Age at death;

   D. Date of death;

   E. City, county and state where the person died; and

   F. The cause of death, as specifically described as possible;

   G. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

5. State as completely as possible the address of each of YOUR residences during YOUR lifetime and the inclusive dates of each period of such residence.

6. State YOUR educational background and identify all institutions attended, including any apprenticeship courses, or formal onthejob training and identify all institutions attended, the date graduated from each institution, and YOUR major course of study and any special scholastic honors or degrees received.

7. State the earliest date that service of the summons and complaint was effected on any defendant in this case.

8. Have YOU ever been convicted of a felony? If "yes", please state fully and in detail the date, place and nature of each such felony conviction. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

9.  Have YOU ever been a member of the Armed Forces? If "yes", please state: each branch of service in which YOU served; the inclusive dates of YOUR service; the date of YOUR discharge from active duty; YOUR service number; each place (e.g., fort, base, station, etc.) at which YOU served; and YOUR duties at each place. If YOU have not ever been a member of the Armed Forces due to health reasons, please state the health reasons.

10. For every doctor who has ever treated or examined YOU during the last 10 years for any condition, and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each treatment or examination:

    A. Doctor's name;

    B. Doctor's address;

    C. Treatment or examination received;

    D. Date(s) of treatment or examination;

    E. Reason for treatment or examination;

    F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

11. For every hospital in which YOU have ever been treated, tested, or examined whether as an "inpatient" or as an "outpatient" during the last 10 years for any condition and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each hospital visit:

    A. Name of hospital;

    B. Address of hospital;

    C. Test, treatment, examination or hospitalization received;

    D. Date of test, treatment, examination or hospitalization received; and

    E. Reason for hospital visit;

    F. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

12. Have YOU had taken an Xray, CT scan or highresolution CT scan of YOUR "trunk"? If "yes", please state for each:

A. Name and address where taken;

B. Date(s) and number taken of each;

C. Part(s) of body xrayed or scanned;

D. Results, conclusions and/or diagnosis from each, except those prepared by consultants;

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

13. Have YOU ever undergone a pulmonary function test? If "yes", please state:

A. Name and address where test was performed;

B. Date of test;

C. Name of doctor administering and/or interpreting test;

D. Reason for test;

E. Results, conclusions and/or diagnosis from each test, except those prepared by consultants;

F. Were YOU informed of the results of the test?

G. Who informed YOU of the results of the test?

H. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

14. Describe the name and quantity of each type of drug, tranquilizer, sedative or other medication taken or used by YOU during the last 10 years, specifying the frequency and purpose of use.

15. Do YOU or YOUR attorney have any medical reports except those prepared by consultants from any persons, hospitals, doctors or medical practitioners or institutions that have ever treated or examined YOU at any time? If "yes", either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

16. Identify each and every complaint, symptom, adverse reaction or other injury which YOU allege is directly or indirectly related to YOUR alleged exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL and for each complaint, symptom, adverse reaction or other injury, please state:

A. The date on which YOU first became aware of signs of the complaint, symptom, adverse reaction or injury;

B. The date each such complaint, symptom, adverse reaction or injury ceased to affect YOU;

C. Any physical change in YOUR appearance occasioned by such complaint, symptom, adverse reaction or injury;

D. Each part of YOUR body which YOU contend has been affected;

E. The date upon which the complaint, symptom, adverse reaction or injury was reported to a doctor or physician;

F. State the name, address and telephone number of each such physician to whom said complaint, symptom, adverse reaction or injury was reported;

G. Whether YOU have lost any time from work as a result of YOUR asbestosrelated injury or medical condition;

H. If such injury has resulted in lost time from work, please state the date on which YOU first lost work and the amount of time lost from work; and

I. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

17. Have YOU been advised that YOU are suffering from an asbestosrelated disease? If "yes", state:

A. The nature of the asbestosrelated disease(s);

B. The date and time YOU were first advised;

C. The name, address, and telephone number of the physician and/or other persons who so informed YOU;

D. The name, address and telephone number of the physician who made the evaluation;

E. The method and information upon which such determination was based;

F. The name, address, and telephone number of any hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such determination;

G. The name, address, and telephone number of every person, including YOUR relatives, employer or anyone acting in YOUR behalf who was so advised. Please include the date when such persons were so advised;

H. IDENTIFY YOUR employer(s) at the time YOU were so advised;

I. The specific course(s) of treatment or therapy, including any medicine prescribed as a result of such determination and the name, address and telephone number of each prescribing physician;

J. State whether YOU have followed the medication or therapy regime prescribed by each of the said physicians for the treatment of said complaint, symptom, adverse reaction or injury; K. State the names and addresses of any other physicians or practitioners subsequently affirming or making the same determination; and

L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

18. Have any of the said treating physicians informed YOU at any time that YOUR complaints, symptoms, adverse reactions or injuries may have been caused by factor(s) or reason(s) other than exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)? If "yes", please state:

A. The other factor(s) or reason(s) involved;

B. The names, addresses and telephone numbers of the physicians believing or suspecting such other factor(s) or reason(s) to be involved;

C. The date(s) that said physicians told YOU that they believed or suspected that other factor(s) or reason(s) might be involved;

D. The reason that said factor(s) or reason(s) were excluded as possible sources or causes of the symptoms; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

19. Please list all respiratory complaints and/or symptoms which YOU have suffered during the past 10 years and list the inclusive dates for each such complaint.

20. Have YOU ever had any biopsies or tissue samples taken during the past 10 years? If YOUR answer is "yes", state for each such procedure:

A. The name of the doctor performing such procedure;

B. The address where such procedure was performed;

C. The date when such procedure was performed;

D. The results, conclusions and/or diagnosis from such procedure; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2)

Case MDL: No. 3783 Document 567 Filed 10/31/08

attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

21. Do YOU know of any pathology slides that were made from any of YOUR tissue samples during the past 10 years? IF YOUR answer is "yes", for each set of slides made please state:

    **A.** The name of the hospital;

    **B.** The name of the doctor;

    **C.** The current location;

    **D.** The date said slides were made; and

    **E.** The accession number(s).

22. Have YOU ever suffered any personal injuries other than those involved in this lawsuit? If "yes", state for each such injury:

    **A.** The date, place, names of persons involved, and circumstances surrounding such injury;

    **B.** The nature and extent of the injuries including any ill effects or disabilities remaining at the time of the last treatment or examination;

    **C.** The names, addresses and date(s) of last treatment or examination by all persons who treated or examined YOU in connection with such injury;

    **D.** The nature and source of any disability benefits, pensions or other payments for such injuries; and

    **E.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

23. Have YOU ever smoked tobacco products of any type? If "yes", state:

    **A.** The dates and time periods during which YOU have smoked;

    **B.** The type of tobacco products YOU smoke or have smoked. Please state whether YOU inhaled the smoke or not;

    **C.** The daily frequency with which YOU smoke or have smoked;

    **D.** If YOU have ever smoked cigarettes, please state the average number of packs per day YOU smoked;

    **E.** Please state the commercial brand name(s) of any tobacco products that YOU have used; and

Case MDL No. 875 Document 5671  Filed 10/31/08  Page 22 of 65

**F.** Has any physician ever advised YOU to stop or curtail smoking tobacco products? If "yes", state:

1. The name of each such physician; and

2. The date(s) on which YOU were so advised.

24. Has any person with whom YOU have shared a household for more than one year been a regular user of cigarettes during the time you shared a household with the person? If "yes", state fully and in detail for each such person:

    **A.** The name and relationship to YOU of the smoker;

    **B.** The dates during which YOU shared a household with the person;

    **C.** The brand name(s) of cigarettes the person used during the time YOU shared a household with the person and his/her frequency of use; and

    **D.** The frequency with which the person smoked cigarettes in YOUR presence during the time YOU shared a household with the person.

25. Describe the extent to which YOU drank alcoholic beverages during YOUR lifetime, specifying the particular kind of alcoholic beverages and the quantity consumed per week over the period of time such beverages were consumed.

26. For every type of employment that you have ever had, whether selfemployed or employed by others, please complete the following: (If more space is needed, please attach additional sheets containing the requested information.)

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ : _____ |
| _____ | _____ | _____ : _____ |
| _____ | _____ | _____ : _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____      No _____

**Employer's Name and**                                    **Date Started - Date Ended**

Case MDL No. 875   Document 5677   Filed 10/31/08   Page 23 of 65

| Address | Job Title | (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____    No _____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |
| _____ | _____ | _____ * _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____    No _____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____    No _____

27.  Are YOU or have YOU been a member of any labor union, including but not limited to the Heat, Frost, Insulation and Asbestos Workers Union? If YOUR answer is "yes", state for each such union membership:

  **A.** The name of each such international union and its number, along with the local number of each such union; and

  **B.** The date and time periods during which YOU maintained membership in such union.

28.  When did YOU first learn that exposure to asbestos was a potential health hazard?

29.  Describe how YOU first became aware that exposure to asbestos was a potential health hazard.

30.  When did YOU first observe anyone use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

31.  When, where and at whose direction did YOU first use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

32.  State whether any of YOUR employers have either required or made available physical examinations for their employees. If such physical examinations have either been required or made available to YOU, state for each of YOUR employers:

  **A.** IDENTIFY YOUR employer;

  **B.** The nature and extent of examinations;

  **C.** The frequency of examinations;

  **D.** Whether they were required or optional;

  **E.** Whether xray examination was included;

  **F.** The frequency, including specific dates and times, with which YOU submitted to such examinations;

G. Whether YOU received the results of any such examinations; the dates that they were given to YOU and the nature of the results;

H. The name, address and telephone number of the examining physician, nurse or technician;

I. YOUR detailed reasons for failing to submit to such examination when required or made available, if YOU did so fail to submit; and

J. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

33.  If YOU are not currently employed, please state the last date worked and the reason that YOU are not currently employed.

34.  Are YOU receiving any form of disability pension? If so, state:

A. From whom;

B. The amounts received each month; and

C. The anticipated duration of the disability.

35.  Have YOU ever been discharged from or ever voluntarily left a position due to health problems? If "yes", state in detail the time, name of employer, place and circumstances. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

36.  Were YOU ever exposed to RAW ASBESTOS or ASBESTOSCONTAINING MATERIALS (S) outside of YOUR work environment? If "yes", please state for each such OCCASION:

A. Circumstances surrounding the exposure;

B. Date(s) and LOCATION;

C. Duration and manner of the exposure; and

D. DESCRIBE the RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S).

37.  State whether you assert a claim for loss of income and, if so, state fully and in detail the year and YOUR annual earnings for each of the last ten years in which YOU were employed.

38.  Have YOU incurred any hospital expenses to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total hospital expenses incurred and itemize each charge if more than one hospital is involved.

Case MDL No. 875 Document 5672 Filed 10/31/08 Page 26 of 65

39. Have YOU incurred any medical expense (other than hospitalization) or have any medical expenses been incurred on YOUR behalf to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total medical expenses incurred, itemizing each such charge.

40. Has any insurance company, union or any other person, firm or corporation paid for or reimbursed YOU for, or become obligated to pay for, any medical or hospital expenses incurred by the alleged exposure to asbestos? If "yes", state the name and address of the insurance company, union, person, firm or corporation who or which has paid or is obligated for the payment of or reimbursement for said expenses.

41. Have YOU ever at any time made a claim for or received for an asbestos-related condition any health or accident insurance benefits, Workers' Compensation payments, disability benefits, pension, accident compensation payment or veterans disability compensation? If "yes", state:

    A. The illness, injury or injuries for which YOU made the claim;

    B. The date when such injury or injuries were sustained, the place of occurrence and the nature of the accident or incident causing such injury;

    C. The names and addresses of YOUR employer(s) at the time of each injury or illness;

    D. The names and addresses of the examining doctors for each injury or illness;

    E. The name of the board, tribunal or superior officer which or to whom the claim or claims were made or filed;

    F. The date the claim was made or filed;

    G. The claim, file or other number by which YOUR claim was identified;

    H. The present status of such claims (pending settlement, dismissal, etc.);

    I. The amounts of the benefits or awards or payments;

    J. The dates covering the times during which YOU received the benefits or awards or payments;

    K. The identity of the agencies or insurance companies from whom YOU received the awards, benefits or payments; and

    L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

42. Have YOU lost or do YOU claim any wage or earning loss as a result of YOUR alleged exposure to asbestos? If so, state:

    A. How much time was lost from work or employment, listing the dates

involved and the name and address of the employer;

B. The gross amount of salary or earnings which YOU received each pay day, stating the intervals of such paydays (e.g., weekly, bimonthly, monthly);

C. State the gross amount of salary or earnings actually lost due to the exposure;

D. If selfemployed, state the total time lost from business, listing the dates involved and the gross financial loss to YOU, stating the nature of such loss and how incurred; and

E. Of the sum stated in YOUR response to subpart D of this interrogatory, state YOUR net loss.

43. Have YOU incurred any expense or financial loss including property damage, other than as listed above which YOU attribute in any degree to YOUR exposure to asbestos products? If so, state such financial losses, expenses and property damage, giving the dates incurred and the amounts involved and the nature of each such expense or loss.

44. Has any insurance company, union or other person, firm or corporation paid for or reimbursed YOU for or become obligated to pay for or reimburse YOU or anyone on YOUR behalf for any sums of money (excluding medical or hospital expenses) to provide any of the following: disability or other benefits; loss of earnings; property damage resulting from the alleged exposure to asbestos? If "yes", state:

A. The nature of the obligation giving rise to the payment or reimbursement; and

B. The name and address of the insurance company, union or other person, firm or corporation who or which has paid for or is obligated for payment of or reimbursement for such sums of money.

45. Have you ever given a deposition or other testimony under oath? If so, state for each such deposition or testimony:

A. The date(s) it was given;

B. The name of the court or other body before which it was given; the identity of the proceeding including name, docket or other number, and venue or location;

C. The name, address and telephone number of the court reporter or other transcriber. If the proceeding was not transcribed, please so state;

D. Whether your or your attorney have a copy of the transcript; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

46. Have YOU ever had an application for life, health, accident, medical or hospital insurance rejected for health reasons? If "yes", state:

    **A.** The date of the application(s);

    **B.** The date of rejection(s);

    **C.** The type of insurance for which YOU applied;

    **D.** The identity of the insurance company with which each application was filed;

    **E.** The reason for the rejection(s); and

    **F.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

47. Have YOU ever been a party to an action for damages for any personal injury YOU have suffered? If "yes", state:

    **A.** The identity of all parties to the action(s) and their attorneys;

    **B.** The court and place where each such action was filed and the date(s) of filing;

    **C.** The nature and extent of the injuries claimed and whether any permanent disability remains;

    **D.** The present status of each action and, if concluded, the final result thereof including the amount of any settlement or judgment.

48. Have YOU ever made any claim for personal injury, other than this lawsuit, for injuries which YOU claim are related to YOUR alleged exposure to asbestos? If "yes", please state:

    **A.** The nature of such injury or injuries;

    **B.** The date when such injury or injuries were sustained in each instance, the place of occurrence and the nature of the incident or accident causing this injury;

    **C.** The names and addresses of all persons and companies to whom said claims were made;

    **D.** The caption and case number;

    **E.** The court filing including state and county;

    **F.** The name and address of YOUR counsel of record;

    **G.** The present status of such claims (pending settlement, dismissal, etc.).

49. Have YOU received any payments or reimbursements or have any payments been made on YOUR behalf from any source as a result of YOUR alleged exposure to asbestos, including without limitation settlements with defendants in this action, potential defendants, a bankrupt company, or any RESPONSIBLE PARTIES? If so, for each payment, please state:

   A. The name of each person or company making said payment(s);

   B. Total amount of payments from all sources; and

   C. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

50. Do YOU have in YOUR possession or under YOUR control a Social Security office listing of past employers and dates of employment? If "yes", please either attach a copy or give the employer's name, address, date and quarterly Social Security Credit for each employer listed. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

ALAN R. BRAYTON, ESQ., S.B. #73685
RON G. ARCHER, ESQ., S.B. #189429
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiffs

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | | |
|---|---|---|
| FINAS BELK and ANNIE BELK, | ) | **ASBESTOS** |
| Plaintiffs, | ) | No. 274686 |
| vs. | ) | ANSWERS TO INTERROGATORIES |
| ASBESTOS DEFENDANTS (B❖P) | ) | |

PROPOUNDING PARTY:   STANDARD ASBESTOS CASE INTERROGATORIES

RESPONDING PARTY:   Plaintiff FINAS BELK

SET NO:   ONE

<u>ANSWERS</u>

1.  a.   FINAS LEE BELK.

b.   December 3, 1939.

c.   68 years old.

d.   Pheba, Mississippi.

e.   413 Ginger Drive, Diberville, Mississippi.

f.   Height: 5'11" ; weight: 219 pounds.

g.   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.

h.   Not applicable.

| 1 | | i. | 14618972. |
|---|---|---|---|
| 2 | | j. | 14618972. |
| 3 | | k. | 800137462, Mississippi. |
| 4 | | l. | Finas Lee Belk. |
| 5 | | m. | Plaintiff completed the 12th grade. |
| 6 | | n. | Annie Jean Belk. |
| 7 | | o. | April 1, 1941. |
| 8 | | p. | January 1, 1961. |
| 9 | | q. | 413 Ginger Drive, Diberville, Mississippi. |
| 10 | | r. | Beautician. |
| 11 | | s. | Not applicable. |
| 12 | | t. | Not applicable. |
| 13 | | u. | Not applicable. |
| 14 | 2. | a. | Cheryl Ann Lucas. |
| 15 | | b. | September 25, 1961. |
| 16 | | c. | Natural. |
| 17 | | d. | 2960 Splitwood Drive, Snellville, Georgia. |
| 18 | | e. | Information Technician. |
| 19 | | f. | Living. |
| 20 | | | |
| 21 | | a. | Caryl Lee Belk. |
| 22 | | b. | May 25, 1963. |
| 23 | | c. | Natural. |
| 24 | | d. | 2477 Harbin Village Court, Morrow, Georgia. |
| 25 | | e. | Army National Guard. |
| 26 | | f. | Living. |
| 27 | 3. | No. | |
| 28 | 4. | Not applicable. | |

K:\Injurcd\109534\aisacsf1.frm

2

5.    Plaintiff is currently able to recall the following addresses:

1939-1957:  Pheba, Mississippi;

1957:  Lackland Air Force Base, San Antonio, Texas;

1957:  Amarillo, Texas;

1961:  Homestead Air Force Base, Florida;

1961:  Minot Air Force Base, North Dakota;

1961 to 1962: Holyoke, Massachusetts;

1962 to 1964: Savannah, Georgia;

1964 to 1966: Columbus, Ohio;

1966 to 1969: Kadena Air Force Base, Okinawa, Japan;

1970 to 1971: Atwater, California;

1971: Air Force Base, Puerto Rico;

1971 to 1975: McConnell Air Force Base, Wichita, Kansas;

1975:  Columbus Air Force Base, Columbus, Mississippi;

1975 to 1978: Ellsworth Air Force Base, Rapid City, South Dakota;

1978 to 2002: Keesler Air Force Base , Biloxi, Mississippi;

2002 to present:  Diberville, Mississippi.

6.    Plaintiff completed the 12th grade.

7.    6/6/2008.

8.    No.

9.    Please see response to Interrogatory No. 26, below.

10.    Excluding plaintiff's expert consultants, plaintiff recalls the following physicians:

a.    Dr. Jerry W. Pratt.

b.    Keesler Air Force Base Medical Center, 301 Fisher St, Keesler Air Force Base, Biloxi, Mississippi.

c.    Lung surgery.

d.    4/21/2004.

e.    Lung cancer.

1        f.        Plaintiff identifies medical records from this facility.   Plaintiff will

2   provide authorizations for the release of medical records to Berry & Berry.  Defendants may

3   obtain copies of records through Berry & Berry.

4        a.        Huynh Nguyen, M.D.

5        b.        967 Cedar Lake Road, Suite B, Biloxi, Mississippi.

6        c.        General health maintenance.

7        d.        2006 to present.

8        e.        General health maintenance.

9        f.        Plaintiff currently has no documents responsive to this interrogatory.

10   Plaintiff will provide authorizations for the release of medical records to Berry & Berry.

11   Defendants may obtain copies of records through Berry & Berry.

12

13        a.        Thomas Poothullil, M.D.

14        b.        Post Office Box 4714, Biloxi, Mississippi.

15        c.        Pulmonary treatment.

16        d.        2006 to present.

17        e.        Pulmonary complications.

18        f.        Plaintiff currently has no documents responsive to this interrogatory.

19   Plaintiff will provide authorizations for the release of medical records to Berry & Berry.

20   Defendants may obtain copies of records through Berry & Berry.

21

22        a.        Lydia E. Latour, M.D.

23        b.        147 Reynoir Street, Suite 102, Biloxi, Mississippi.

24        c.        Lung treatment.

25        d.        2006 to present.

26        e.        Lung Cancer.

27        f.        Plaintiff currently has no documents responsive to this interrogatory.

28   Plaintiff will provide authorizations for the release of medical records to Berry & Berry.

1  Defendants may obtain copies of records through Berry & Berry.

2      11.   · Excluding those used by plaintiff's expert consultants, plaintiff currently recalls

3  the following hospitals:

4          a.      Keesler Air Force Base Medical Center.

5          b.      301 Fisher Street, Biloxi, Mississippi.

6          c.      Lung surgery.

7          d.      April 2004.

8          e.      Lung complications.

9          f.      Plaintiff identifies medical records from this facility.  Plaintiff will provide

10  authorizations for the release of medical records to Berry & Berry.  Defendants may obtain

11  copies of records through Berry & Berry.

12      12.   Excluding any taken by plaintiff's expert consultants, plaintiff recalls the

13  following x-rays:

14          a.      Biloxi Regional Medical Center, 150 Reynor Street, Biloxi, Mississippi.

15          b.      2006, 2007, and 2008.

16          c.      Chest.

·17          d.      Plaintiff's investigation and discovery are continuing.

18          e.      Plaintiff currently has no documents responsive to this interrogatory.

19  Plaintiff will provide authorizations for the release of medical records to Berry & Berry.

20  Defendants may obtain copies of records through Berry & Berry.

21

22          a.      Keesler Air Force Base Medical Center, 301 Fisher Street, Biloxi,

23  Mississippi.

24          b.      2004 and 2005.

25          c.      Chest.

26          d.      Lung cancer.

27          e.      Plaintiff currently has no documents responsive to this interrogatory.

28  Plaintiff will provide authorizations for the release of medical records to Berry & Berry.

1 | Defendants may obtain copies of records through Berry & Berry.

2 |      13.    Excluding any taken by plaintiff's expert consultants, plaintiff recalls the

3 | following pulmonary function tests:

4 |      a.    V.A. Medical Center, 400 Veterans Avenue, Biloxi, Mississippi.

5 |      b.    2004.

6 |      c.    Thomas Poothullil, M.D.

7 |      d.    Breathing complications.

8 |      e.    Plaintiff's investigation and discovery are continuing.

9 |      f.    Yes.

10 |      g.    Plaintiff's investigation and discovery are continuing.

11 |      h.    Plaintiff currently has no documents responsive to this interrogatory.

12 | Plaintiff will provide authorizations for the release of medical records to Berry & Berry.

13 |      14.    Plaintiff currently takes the following medications:

14 |      a.    Losartan/HCTZ (Hyzaar) 50-12.5 mg, 1 per day.

15 |      b.    Doxazosin (Cardura) 4 mg, 1 per day.

16 |      c.    Simvastation (Zocor) 40 mg (MSD 749) tab, 1 per day.

17 |      d.    Chlorhexidine Gluconate (Peridex) 0.12% oral, 2 oz, twice per day.

18 |      e.    HC Acetate (Anusol HC) 25 mg rectal supp, twice per day, as needed.

19 |      f.    Isoniazid 300 mg tab (INH) 1 a day for 9 months starting 9/19/07 and

20 |      ending 6/19/2008.

21 |      g.    Polyethylene Glycol (Miralax) 527 gm PWD, 17 gm per day.

22 |      15.    Plaintiff identifies medical records in Response to Interrogatories Nos. 10 and 11.

23 | Additionally, plaintiff will provide authorizations for the release of medical records to Berry &

24 | Berry. Defendants may obtain copies of medical records through Berry & Berry. Plaintiff's

25 | medical records are equally available to defendants through Berry & Berry, designated defense

26 | counsel.

27 |      16.    Plaintiff has the following complaints from asbestos exposure: shortness of

28 | breath.

1           a.       April 2004.

2           b.       No cessation.

3           c.       None that plaintiff is aware of.

4           d.       Plaintiff contends that his lungs have primarily been affected.  However,

5 as lung function affects the rest of the body, plaintiff contends that all parts of his body have been

6 affected.

7           e.       Approximately April 2004.

8           f.       Plaintiff's investigation and discovery are continuing.

9           g.       No.

10          h.       Not applicable.

11          i.       Plaintiff does not at this time have any documents responsive to this

12 Interrogatory.  Plaintiff's investigation and discovery are continuing.

13     17.    Yes.

14           a.       Lung cancer.

15           b.       Approximately April 2004.

16           c.       Plaintiff's investigation and discovery are continuing.

17           d.       Keesler Air Force Base Medical Center.

18           e.       X-ray.

19           f.       Plaintiff's investigation and discovery are continuing.

20           g.       Plaintiff informed his family members.

21           h.       Not applicable.

22          i.       Pain medication.

23          j.       Yes.

24     18.    No.

25     19.    Plaintiff has suffered respiratory complaints and symptoms during the last 10

26 years, including but not limited to: shortness of breath.

27     20.    Yes.

28           a.-e.    Refer to Interrogatory Response No. 10.

///

K:\Injured\109534\aisacsf1.frm           7

21. Unknown.

22. No.

23. Yes.

    a.    Plaintiff recalls smoking from 1955 to 1979.

    b.    Plaintiff recalls smoking cigarettes and inhaling.

    c.    Plaintiff recalls he usually smoked approximately 10 cigarettes per day.

    d.    Plaintiff recalls he usually smoked half a pack of cigarettes per day.

    e.    Plaintiff recalls smoking Pall Mall, Kent, Winston, Kool, and Salem Light brand cigarettes.  Plaintiff recalls smoking Kents during approximately 1961-1963.

    f.    No.

24. Yes.

    a.    Plaintiff's wife, Annie Belk.

    b.    Approximately 1961-1963.

    c.-d.    Plaintiff's investigation and discovery are continuing.

25. Plaintiff recalls first consuming alcoholic beverages when he was 17 years old. Plaintiff currently drinks non-alcoholic beer occasionally.

26. Plaintiff is currently able to identify the following employment information:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| John Tyler Belk and Ary Mae Belk | Family farm Pheba, MS | Farmhand | Approximately 1947-1957 (summers and after school) |

Job Duties: Plaintiff milked cows, picked cotton, corn and peas, and plowed the field.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown Employer Pheba, MS | Pheba, MS | Newspaper Deliveryman | Approximately 1952-1953 |

Job Duties: Plaintiff delivered a weekly newspaper.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force locations including but not limited to: | | |
| | US Air Force Lackland Air Force Base, San Antonio, TX | Trainee | 3/1957-4/1957 |
| | US Air Force Amarillo, TX | Aircraft Mechanic (Apprentice) | 4/1957-9/1957 |

**Job Duties:** Plaintiff joined the Air Force and spent a month in basic training at Lackland Air Force Base in San Antonio, Texas. Plaintiff then became an aircraft mechanic apprentice in Amarillo, Texas, and was certified as a bomber aircraft mechanic. Plaintiff learned how to maintain the entire plane, including the engine, flight controls, fuel and hydraulic systems and brakes. Plaintiff trained using BOEING B-47s (GENERAL ELECTRIC engines) and B-52s (PRATT & WHITNEY engines). Plaintiff recalls the following co-workers (aircraft mechanics) in Amarillo: Todd and Mr. Grogan. Plaintiff currently contends that he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Homestead Air Force Base, FL | Aircraft Mechanic | 9/1957-3/1961 |

**Job Duties:** Plaintiff was an aircraft mechanic stationed at Homestead Air Force Base in Florida. Plaintiff performed maintenance on brand-new BOEING B-47 Stratojets (GENERAL ELECTRIC engines). Plaintiff rotated between crew chief duties, where he performed mechanical work outside on the ramp, and heavy maintenance duties performed in the "dock," or periodic maintenance hangar. Crew chief tasks readied the aircraft for take-off and included changing wheels and brakes and refueling the plane. Plaintiff changed brakes on the B-47s, including removing the original equipment, approximately 50 times. Plaintiff would pull the tires, take the brake pads off, and use compressed air to blow out the brake dust. Plaintiff did not wear a mask. Plaintiff also changed out hydraulic piston gaskets.

Plaintiff's heavy maintenance duties in the dock included removing wings and engines and inspecting same; tearing the engine apart and putting it together again, replacing parts as needed; and preventive inspections. Plaintiff would take as long as 2-3 weeks to perform heavy maintenance on one plane. Plaintiff worked next to other workers inside the dock: electricians, hydraulics specialists, and field maintenance "heavy" mechanics, who performed engine overhauls.

Plaintiff recalled that the B-47 engine maintenance duties included removing heat shields which were wrapped around the engine tail cone. Plaintiff recalled there was a brown-colored heat-resistant packing material inside the heat shield. The heat shield trapped heat inside the tail cone to keep the engine from overheating. Plaintiff recalled that the heat shields were sometimes dusty when he shook them out. Plaintiff worked with heat shields daily while performing heavy maintenance duties.

Plaintiff currently contends that he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Minot AFB, ND | Aircraft Mechanic | 2/1961-3/1961 |

Job Duties: Plaintiff received advanced training in performing maintenance of BOEING B-52s (PRATT & WHITNEY engines).

Plaintiff is currently unaware if he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Holyoke Magazine Press Holyoke, MA | Holyoke Magazine Press Holyoke, MA | Machine operator | 9/1961-1/1962 |

Job Duties:  Plaintiff operated a trimming machine and band saw for about a year at a magazine printing shop in Holyoke, Massachusetts.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Hunter Air Force Base, Savannah, GA | Aircraft Mechanic | 1/1962-1964 |

Job Duties: Plaintiff reenlisted in the Air Force and was assigned to Hunter Air Force Base in Savannah, Georgia, where he was an aircraft mechanic on BOEING B-47s (GENERAL ELECTRIC engines), working mostly as a crew chief, though he was assigned to duties in the periodic maintenance hangar on 5-6 occasions, and recalls changing tail-cone heat pads occasionally. Plaintiff recalls performing approximately 50 brake jobs, some of which were removing original equipment.  Plaintiff currently contends that he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Lockbourne Air Force Base, Columbus, OH | Aircraft Mechanic | 1964-1966 |

Job Duties: Plaintiff was a crew chief performing mechanical work on brand-new BOEING KC-135 Stratotankers (PRATT & WHITNEY engines).  Plaintiff performed approximately 25 brake jobs, including removing original equipment during all of the brake jobs.  Plaintiff was assigned to duties in the periodic maintenance hangar on about 4 occasions, and recalls changing tail-cone heat pads during this time. Plaintiff recalls co-worker Hulbert Mills (aircraft mechanic), Deceased.  Plaintiff currently contends that he was exposed to asbestos during this service.

////

////

///

K:\Injured\109534\aisacsf1.frm

10

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force (Kadena AFB) Okinawa, Japan | Aircraft Mechanic | 1966-1969 |

Job Duties:  Plaintiff performed heavy maintenance on BOEING B-52 Stratofortresses (PRATT & WHITNEY engines) while at Kadena Air Force Base in Okinawa, Japan.  Plaintiff repaired anything that needed to be fixed and did everything from changing brakes to working on engines. Plaintiff changed tail-cone heat pads once or twice a month in the hangar or outside on the flight line.  Plaintiff did not wear a mask.  Plaintiff performed maintenance on the flight line or pulled the plane into the dock to fix it there.  Plaintiff currently contends that he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Castle AFB, Atwater, CA | Aircraft Mechanic | 1969-1970 |

Job Duties:  Plaintiff was crew chief for about a year at Castle Air Force Base in Atwater, California, performing maintenance on the BOEING B-52 Stratofortresses (PRATT & WHITNEY engines) and the KC-135 Stratotankers.  Plaintiff changed gaskets and brakes. Plaintiff also performed maintenance duties in the periodic maintenance hangar.  Plaintiff recalls co-worker William B. Coleman, Columbus, Ohio.  Plaintiff currently contends that he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force-Ramey AFB Puerto Rico | Aircraft Mechanic | 1971 |

Job Duties:  Plaintiff performed maintenance on BOEING KC-135 Stratotankers (PRATT & WHITNEY engines).  Plaintiff also performed duties as a technical order librarian.  Plaintiff recalls co-workers William B. Coleman, Columbus, Ohio, and Robert Harrison, Tampa, Florida. Plaintiff currently contends that he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force McConnell AFB, Wichita, KS | Aircraft Mechanic | 1972-1976 |

Job Duties:   Plaintiff performed crew-chief duties on BOEING KC-135 Stratotankers (PRATT & WHITNEY engines) about 20 percent of his time.   Eighty percent of his time was spent were updating technical manuals as a technical order librarian. Plaintiff recalls co-workers Jay Starks, Mobile, Alabama;  Robert Harrison, Tampa, Florida; and Allen William, Houston, Texas. Plaintiff currently contends that he was exposed to asbestos during this service.

///

    ///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Columbus AFB, Columbus, MS | Aircraft Mechanic | Approximately 1975 |

Job Duties:   Plaintiff fueled planes.  Plaintiff is currently unaware if he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Ellsworth AFB, Rapid City, SD | Librarian (Technical Order) | 1977-1979 |

Job Duties: Plaintiff managed the technical order library on base.   Plaintiff is currently unaware if he was exposed to asbestos during this service.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Keesler AFB, Biloxi, MS | Instructor | 1979-1982 |
|  |  | Aircraft Mechanic | 1982-2/1984 |

Job Duties: Plaintiff performed special duty providing military training for air-traffic controllers for three years at Keesler Air Force Base.  Following this assignment, plaintiff performed aircraft mechanical duties in the dock on C-130s and as a technical order librarian.

Plaintiff recalls the following co-worker at Keesler Air Force Base: Mr. Curry (aircraft mechanic), Biloxi, Mississippi.  Plaintiff recalls the following supervisors at Keesler Air Force Base: George Bean, aircraft maintenance superintendent, Tennessee, and Mr. Vollunuth, chief student training advisor, Biloxi, Mississippi.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Dept of Defense | US Air Force Keesler AFB, Biloxi, MS | Librarian (Technical Order) | 1984-1994 |

Job Duties:  Following plaintiff's retirement from the Air Force in February 1994, plaintiff worked as a technical order librarian as a civilian contractor at Keesler Air Force Base in Biloxi, Mississippi.  Plaintiff is currently unaware if he was exposed to asbestos during this employment.

////

///

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Dept of Defense | US Air Force Keesler AFB, Biloxi, MS | Housekeeper (Supervisor) | 1994-1/2002 |

Job Duties: Plaintiff was a housekeeping supervisor as a civilian contractor at Keesler Air Force Base. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

NON-OCCUPATIONAL EXPOSURE
FRICTION:

1956 FORD Mercury: Plaintiff changed the brakes once on his used 1956 FORD Mercury in approximately 1963. Plaintiff wiped the brake shoes down with a rag and slammed the drums on the ground, which created dust. Plaintiff did this work in the driveway and did not wear a mask. Plaintiff used BENDIX replacement brakes which he purchased at the Hunter Air Force Base service station.

1964 FORD: Plaintiff changed the brakes one time on his used 1964 FORD, which he purchased used in 1965. Plaintiff wiped the brake shoes down with a rag and slammed the drums on the ground, which created dust. Plaintiff performed the brake job in a parking lot.

1973 PONTIAC: Plaintiff removed the original brake equipment on his 1973 PONTIAC, which he purchased new in 1973. Plaintiff later performed another brake job on this automobile. Plaintiff purchased this car new. Plaintiff wiped the brake shoes down with a rag and slammed the drums on the ground, which created dust. Plaintiff did this work in the driveway and did not wear a mask. Plaintiff purchased replacement brakes at the McConnell Air Force Base service station. Plaintiff contends that he was exposed to asbestos when he performed work on these vehicles.

Plaintiff's investigation and discovery are continuing.

27.    Plaintiff's investigation and discovery are continuing.

28.    Plaintiff recalls first learning exposure to asbestos was a potential health hazard in 1977.

29.    Plaintiff recalls first learning exposure to asbestos was a potential health hazard through television.

30.    Plaintiff does not recall observing others using safety precautions when working around asbestos or asbestos-containing materials.

31.    Plaintiff does not recall using safety precautions when working around asbestos or asbestos-containing materials.

32.    Not applicable.

33.    Plaintiff took regular retirement in 2002.

34.    No.

35. No.

36. Yes, please refer to the Non-Occupational Exposure section of Interrogatory No. 26, above.

37. Plaintiff's investigation and discovery are continuing.

38. The total hospital expense is unknown at this time and plaintiff has provided authorizations for release of this information. Plaintiff's investigation and discovery are continuing.

39. The total medical expense is unknown at this time and plaintiff has provided authorizations for release of this information. Plaintiff's investigation and discovery are continuing.

40. No.

41. No.

42. No.

43. No.

44. No.

45. Plaintiff's investigation and discovery are continuing.

46. Yes.

    a. 2007.

    b. 2007.

    c. Term Life Insurance.

    d. AARP.

    e. Lung cancer.

    f. Plaintiff's investigation and discovery are continuing.

47. Yes. Plaintiff received approximately $1100 in approximately 1985 for a minor car accident injury. Plaintiff is currently a party in a class action claim in Gulfport, Mississippi, against State Farm Insurance Company for damages sustained in Hurricane Katrina.

48. No.

49. No.

///

1    50.    No.

2    Dated: _____ 6/18/08

               BRAYTON❖PURCELL LLP

3

4    By: _____ FOR

5    Ron G. Archer
       Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\109534\aisacsf1.frm                    15

**VERIFICATION**

<u>Finas Belk and Annie Belk</u>
San Francisco Superior Court Case No. 274686

I, Finas Belk, declare:

    I am the plaintiff in the above-entitled action. The foregoing <u>Answers to Interrogatories,</u> <u>Set One</u>, propounded by Defendants Jointly, are true of my knowledge, except as to those matters which are therein stated on my information and belief and, as to those matters, I believe them true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _2 July 2008_____

Signed: _F. J. Belk_____

**Please do not write below this line. If you have any changes, please submit them on a separate sheet of paper. Thank you.**

BRAYTON◆PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

**EXHIBIT  B**

1   DAVID R. DONADIO, ESQ., S.B. #154436
    RON G. ARCHER, ESQ., S.B. #189429
2   BRAYTON✷PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948
    (415) 898-1555
5
    Attorneys for Plaintiffs
6

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

**MAY 3 0 2008**

CASE MANAGEMENT CONFERENCE SET

**GORDON PARK-LI, Clerk**
PARAM NATT
BY: _____
          **Deputy Clerk**

JUN 1 8 2009 -1:00PM

7

DEPARTMENT 206

8           **SUPERIOR COURT OF CALIFORNIA**

9             **COUNTY OF SAN FRANCISCO**

10

11   FINAS BELK and ANNIE BELK,           )  **ASBESTOS**
                                      )  No.
12             Plaintiffs,           )
                                      )  **C G C - 0 8 - 2 7 4 6 8 6**
13   vs.                                 )  COMPLAINT FOR PERSONAL INJURY
                                      )  AND LOSS OF CONSORTIUM -
14   ASBESTOS DEFENDANTS (B✷P)     )  ASBESTOS
    As Reflected on Exhibits B, B-1, C, H,   )
15   I; and DOES 1-8500; and SEE       )
    ATTACHED LIST.                 )
16                                     )

17         1.       Plaintiff FINAS BELK was born December 3, 1939.

18         2.       The ©Brayton✷Purcell Master Complaint for Personal Injury [and Loss of

19   Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

20   Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be

21   obtained upon request from Brayton✷Purcell, and designated portions of the Master Complaint

22   are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

23   Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows:

24   ///

25   ///

26   ///

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

27

28

K:\Injured\109534\cmp-plep.wpd

                            1

**COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS**

*(left margin, vertical)* BRAYTON✷PURCELL LLP / ATTORNEYS AT LAW / 222 RUSH LANDING ROAD / P.O. BOX 6169 / NOVATO, CALIFORNIA 94948-6169 / (415) 898-1555

BRAYTON✧PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

2

3    BUCYRUS INTERNATIONAL, INC.

4    GARLOCK SEALING TECHNOLOGIES, LLC
     GENERAL ELECTRIC COMPANY

5    PARKER-HANNIFIN CORPORATION
     PLANT INSULATION COMPANY

6    QUINTEC INDUSTRIES, INC.
     WESTERN MacARTHUR COMPANY

7    MacARTHUR COMPANY
     WESTERN ASBESTOS COMPANY

8    HONEYWELL INTERNATIONAL, INC.
     FORD MOTOR COMPANY

9    GENERAL MOTORS CORPORATION
     THE BOEING COMPANY

10   UNITED TECHNOLOGIES CORPORATION
     J.T. THORPE & SON, INC.

11   METROPOLITAN LIFE INSURANCE COMPANY

12   OWENS-ILLINOIS, INC.
     GATKE CORPORATION

13   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
     UNDERWRITERS LABORATORIES, INC.

14   PNEUMO ABEX LLC
     and DOES 1-8500,

15
          Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28   Finas Belk and Annie Belk vs. Asbestos Defendants (B✧P)
     San Francisco Superior Court

## DEFENDANTS* ON EXHIBITS:

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | ☒ | | ☐ | ☐ | ☐ | | | | | ☐ | ☐ | ☐ |
| Second (Strict Liability) | ☒ | ☒ | | | | | ☐ | | | | ☐ | ☐ | |
| Third (False Representation) | ☒ | ☒ | | | | | ☐ | | | | | | |
| Fourth (Loss of Consortium) | ☒ | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Fifth (Premises Owner/ Contractor Liability) | ☒ | ☒ | ☒ | | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) | | | | ☐ | ☐ | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☐ | ☒ | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | | ☒ | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | | ☐ | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

1       3.     Plaintiff's asbestos-related injury, date of diagnosis, employment status, and

2 history of exposure to asbestos are as stated on Exhibit A.

3       4.     Plaintiffs were married on January 1, 1961.

4

5 Dated: _____

                BRAYTON✣PURCELL LLP

6

7                 By: _____

8                     David R. Donadio
                    Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\109534\comp-pi&cp.wpd

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

# EXHIBIT A

1

## EXHIBIT A

2   Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

3   locations both inside and outside the State of California, including but not limited to:

4

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force locations including but not limited to: | | |
| | US Air Force Lackland Air Force Base, San Antonio, TX | Trainee | 3/1957-4/1957 |
| | US Air Force Amarillo, TX | Aircraft Mechanic (Apprentice) | 4/1957-9/1957 |
| US Air Force | US Air Force Homestead Air Force Base, FL | Aircraft Mechanic | 9/1957-3/1961 |
| US Air Force | US Air Force Hunter Air Force Base, Savannah, GA | Aircraft Mechanic | 1/1962-1964 |
| US Air Force | US Air Force Lockbourne Air Force Base, Columbus, OH | Aircraft Mechanic | 1964-1966 |
| US Air Force | US Air Force (Kadena AFB) Okinawa, Japan | Aircraft Mechanic | 1966-1969 |
| US Air Force | US Air Force Castle AFB, Atwater, CA | Aircraft Mechanic | 1969-1970 |
| US Air Force | US Air Force-Ramey AFB Puerto Rico | Aircraft Mechanic | 1971 |
| US Air Force | US Air Force McConnell AFB, Wichita, KS | Aircraft Mechanic | 1972-1976 |

25   ///

26   ///

27   ///

28                                                          EXHIBIT A

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1

EXHIBIT A (cont'd.)

2

3   NON-OCCUPATIONAL EXPOSURE
    FRICTION:

4

5   1956 FORD Mercury:  Plaintiff changed the brakes on his used 1956 FORD Mercury in
    approximately 1963.  Plaintiff wiped the brake shoes down with a rag and slammed the drums
    on the ground, which created dust.  Plaintiff did this work in the driveway and did not wear a
6   mask.  Plaintiff used BENDIX replacement brakes which he purchased at the Hunter Air Force
    Base service station.

7

8   1973 PONTIAC:  Plaintiff removed the original brake equipment on his 1973 PONTIAC in
    approximately 1977.  Plaintiff purchased this car new.  Plaintiff wiped the brake shoes down
    with a rag and slammed the drums on the ground, which created dust.  Plaintiff did this work in
9   the driveway and did not wear a mask.  Plaintiff purchased replacement brakes at the
    McConnell Air Force Base service station.  Plaintiff contends that he was exposed to asbestos
10  when he performed work on these vehicles.

11          Plaintiff's exposure to asbestos and asbestos-containing products caused severe and

12  permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis,

13  lung and/or other cancer, mesothelioma, and/or other lung damage.  Plaintiff was diagnosed

14  with lung cancer on or about April 2004.

15          Plaintiff retired from his last place of employment at regular retirement age.  He has

16  therefore suffered no disability from his asbestos-related disease as "disability" is defined in

17  California Code of Civil Procedure § 340.2.

18

19

20

21

22

23

24

25

26

27

28                                                                                    EXHIBIT A

# EXHIBIT B

1

EXHIBIT B

2

DEFENDANTS

3

| | |
|---|---|
| BUCYRUS INTERNATIONAL, INC. | WESTERN ASBESTOS COMPANY |
| GARLOCK SEALING TECHNOLOGIES, LLC | HONEYWELL INTERNATIONAL, INC. |
| GENERAL ELECTRIC COMPANY | FORD MOTOR COMPANY |
| PARKER-HANNIFIN CORPORATION | GENERAL MOTORS CORPORATION |
| PLANT INSULATION COMPANY | THE BOEING COMPANY |
| QUINTEC INDUSTRIES, INC. | UNITED TECHNOLOGIES CORPORATION |
| WESTERN MacARTHUR COMPANY | DOES 1-800 |
| MacARTHUR COMPANY | |

4

5

6

7

8

ALTERNATE ENTITY

9

| | |
|---|---|
| BUCYRUS INTERNATIONAL, INC. | BUCYRUS-ERIE |
| | MARION POWER SHOVEL COMPANY, THE |
| | OSGOOD COMPANY |
| | GENERAL EXCAVATOR COMPANY |

10

11

| | |
|---|---|
| GARLOCK SEALING | GARLOCK, INC. |
| TECHNOLOGIES, LLC | COLTEC INDUSTRIES, INC. |
| | FAIRBANKS-MORSE |
| | FAIRBANKS MORSE ENGINES |
| | BELMONT PACKING & RUBBER CO. |
| | GARLOCK PACKING CO. |
| | U.S. GASKET CO. |
| | GOODRICH CORPORATION |
| | ENPRO INDUSTRIES, INC. |

12

13

14

15

16

| | |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |

17

18

19

20

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION | SACOMA-SIERRA, INC. |
| | SACOMA MANUFACTURING COMPANY |
| | E.I.S. AUTOMOTIVE CORPORATION |
| | CONDREN CORPORATION, THE |
| | PARKER SEAL COMPANY |

21

22

23

| | |
|---|---|
| WESTERN MacARTHUR | WESTERN ASBESTOS CO. |
| COMPANY | MAC ARTHUR COMPANY |
| | BAY CITIES ASBESTOS COMPANY |
| | F.K. PINNEY, INC. |

24

25

26  ///

27  ///

28  ///

EXHIBIT B

| | |
|---|---|
| 1 | EXHIBIT B (cont'd.) |
| 2 | ALTERNATE ENTITY |
| 3 | HONEYWELL INTERNATIONAL, INC.   HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| 4 | ALLIEDSIGNAL, INC. |
| | ALLIED-SIGNAL, INC. |
| 5 | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| 6 | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| 7 | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| 8 | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| 9 | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| 10 | BM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| 11 | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| 12 | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| 13 | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| 14 | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| 15 | UNION TEXAS NATURAL GAS CORPORATION |
| | UNION OIL AND GAS OF LOUISIANA |
| 16 | UNION SULPHUR AND OIL CORPORATION |
| | UNION SULPHUR COMPANY, INC., THE |
| 17 | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | SIGNAL COMPANIES, INC., THE |
| 18 | HANCOCK OIL COMPANY |
| | BARRETT DIVISION, ALLIED CHEMICAL & DYE |
| 19 | CORPORATION |
| 20 | GENERAL MOTORS CORPORATION   NEW DEPARTURE |
| | CHEVROLET |
| 21 | A.C. DELCO CO. |
| | BUICK AUTOMOTIVE CORPORATION |
| 22 | CADILLAC |
| | PONTIAC |
| 23 | LaSALLE |
| | OLDSMOBILE |
| 24 | GM GOODWRENCH |
| | ROCHESTER PRODUCTS DIVISION |
| 25 | EUCLID ROAD MACHINERY CO. |
| | FRIDGIDAIRE (for exposure pre 4/9/1979) |
| 26 | /// |
| 27 | /// |
| 28 | ///                                        EXHIBIT B |

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

FORD MOTOR COMPANY

BRITISH LEYLAND MOTORS, INC.
BRITISH MOTOR CORPORATION
JAGUAR CARS, INC.
TRIUMPH
LINCOLN CONTINENTAL
AUSTIN HEALEY

THE BOEING COMPANY

BOEING NORTH AMERICAN, INC.
BOECON CORPORATION
McDONNELL DOUGLAS CORPORATION
DOUGLAS AIRCRAFT CO.
COLLINS RADIO COMPANY
ROCKWELL INTERNATIONAL CORPORATION
ROCKWELL INTERNATIONAL CORPORATION,
    MEASUREMENT AND FLOW CONTROL DIVISION
AUTONETICS, INC.
ROCKETDYNE
ROCKWELL MANUFACTURING COMPANY
ROCKWELL-STANDARD, INC.
ROCKWELL SPRING & AXLE CO.
ROCKWELL SPRING & AXLE CO.,
    TIMKEN-DETROIT AXEL DIVISION
NORTH AMERICAN ROCKWELL
NORTH AMERICAN AVIATION, INC.
NAVION
VERTOL CORPORATION
BOEING VERTOL COMPANY
BOEING AIRPLANE COMPANY
STEARMAN AIRCRAFT COMPANY

UNITED TECHNOLOGIES
    CORPORATION

UNITED AIRCRAFT CORPORATION
UNITED AIRCRAFT & TRANSPORT CORPORATION
PRATT & WHITNEY
HAMILTON STANDARD CO.
SIKORSKY AIRCRAFT CORP.

EXHIBIT B

K:\Injured\l09534\cmp-pilcp.wpd

10

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

**EXHIBIT B-1**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT B-1</u>

<u>DEFENDANTS</u>

J.T. THORPE & SON, INC.
DOES 1-800; DOES 1001-2000

<u>ALTERNATE ENTITY</u>

J.T. THORPE & SON, INC.

THE THORPE COMPANY
THORPE PRODUCTS CO.
J.T. THORPE NORTHWEST

EXHIBIT B-1

K:\Injured\N\09534\cmp-pico.wpd

12

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

# EXHIBIT C

EXHIBIT C

DEFENDANTS

J.T. THORPE & SON, INC.                    MacARTHUR COMPANY
PLANT INSULATION COMPANY              WESTERN ASBESTOS COMPANY
WESTERN MacARTHUR COMPANY         DOES 1001-2000

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
| --- | --- | --- |
| J.T. THORPE & SON, INC. | Various | Various |
| PLANT INSULATION COMPANY | Various | Various |
| WESTERN MacARTHUR COMPANY MacARTHUR COMPANY WESTERN ASBESTOS COMPANY | Various | Various |

EXHIBIT C

# EXHIBIT H

EXHIBIT H

DEFENDANTS

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | STUART-WESTERN, INC. |
| PNEUMO ABEX LLC | RITESET MANUFACTURING COMPANY |
| BORGWARNER MORSE TEC, INC. | ASBESTOS MANUFACTURING COMPANY |
| HONEYWELL INTERNATIONAL, INC. (successor-in- | FIBRE & METAL PRODUCTS COMPANY |
| interest to ALLIEDSIGNAL, INC.) | LASCO BRAKE PRODUCTS |
| THE BUDD COMPANY | L.J. MILEY COMPANY |
| DAIMLERCHRYSLER CORPORATION | ROSSENDALE-RUBOIL COMPANY |
| DANA CORPORATION | SOUTHERN FRICTION MATERIALS COMPANY |
| FORD MOTOR COMPANY | U.S. SPRING & BUMPER COMPANY |
| GENERAL MOTORS CORPORATION | AUTO FRICTION CORPORATION |
| BRIDGESTONE/FIRESTONE | EMSCO ASBESTOS COMPANY |
| NORTH AMERICAN TIRE, LLC | FORCEE MANUFACTURING CORPORATION |
| LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. | MOLDED INDUSTRIAL FRICTION CORPORATION |
| MAREMONT CORPORATION | NATIONAL TRANSPORT SUPPLY, INC. |
| MORTON INTERNATIONAL, INC. | SILVER LINE PRODUCTS, INC. |
| PARKER-HANNIFIN CORPORATION | STANDCO, INC. |
| STANDARD MOTOR PRODUCTS, INC. | UNIVERSAL FRICTION MATERIALS COMPANY |
| GATKE CORPORATION | WHEELING BRAKE BLOCK  MANUFACTURING |
| GARLOCK SEALING TECHNOLOGIES, LLC | COMPANY |
| BRASSBESTOS BRAKE LINING COMPANY | OWENS-ILLINOIS, INC. |
| H. KRASNE MANUFACTURING COMPANY | BELL ASBESTOS MINES LTD. |
| AUTO SPECIALTIES MANUFACTURING COMPANY | DOES5000-8000 |

EXHIBIT H

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

# EXHIBIT I

1

EXHIBIT 1

2

DEFENDANTS

3  METROPOLITAN LIFE INSURANCE COMPANY
   OWENS-ILLINOIS, INC.
4  PNEUMO ABEX LLC
   GATKE CORPORATION
5  GARLOCK SEALING TECHNOLOGIES, LLC
   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
6  UNDERWRITERS LABORATORIES, INC.
   DOES 5000-7500

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                    EXHIBIT 1

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS