**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 2 2008

FILED
CLERK'S OFFICE

### BEFORE THE UNITED STATES JUDICIAL PANEL
### ON
### MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS                 :        MDL NO. 875
LIABILITY PRODUCTS LITIGATION (NO. VI)   :
                                         :

---

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---

ARMANDO A. SAMMARTINO and THERESE
SAMMARTINO, his wife,
      Plaintiffs,

> Request of Pltfs in Sammartino, DC 1:08-967;
> Seitz, DE 1:08-351; Seitz, DE 1:08-353 and Young,
> MD 1:08-2200 for oral argument at the
> November 20, 2008, hearing – **DENIED**
>     jwn - November 12, 2008)

v.                                       :   Civil Action No. 08 0967 RJL
                                         :
AC&R INSULATION CO., INC., et al.,       :
      Defendants.              :
                                         :

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

---

FREDERICK SEITZ and MARY LOUISE SEITZ    :
      Plaintiffs,                  :
                                         :
v.                                       :
                                         :   Case No.: 08-CV-0351 GMS
                                         :   Case No.: 08-CV-0353 GMS
AC&R INSULATION CO., INC., et al.,       :
      Defendants.              :
                                         :

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PLEADING NO. 5679

**OFFICIAL FILE COPY**

**IMAGED** NOV 1 4 2008

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 2 2008

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES R. YOUNG, et ux.,
        Plaintiffs,

v.

AC&R INSULATION CO., INC., et al.,
        Defendants.

: : : : : : : : : :

Case No.: 1:07-CV02200-JFM

## PLAINTIFFS' JOINT MOTION FOR ORAL ARGUMENT ON THE ISSUE OF TRANSFER TO MDL-875 OF CASES WITH JURISDICTIONAL MOTIONS TO REMAND PENDING IN THE TRANSFEROR DISTRICT COURTS

Plaintiffs, through undersigned counsel, hereby move for the Judicial Panel on Multidistrict Litigation ("the Panel") to grant oral argument, pursuant to Jud.Pan.Mult.Lit. Rule 16.1(e), on the issue of transfer to MDL-875 of cases with motions to remand pending in the transferor courts.

Plaintiffs in three separate lawsuits, represented by three separate law firms, come together to present data and case histories to bring to the Panel's attention a recurring problem that results in the waste of MDL-875's judicial resources and deprives plaintiffs living with asbestos disease of their day in Court.

The recurring problem is as follows: Defendants are removing asbestos cases to federal courts across the country in increasing numbers. While the Panel has recognized the authority of the transferor courts to rule on motions to remand and to determine the threshold issue of jurisdiction, the transferor courts often do not rule on the motion to remand before the time of transfer to MDL-875 because of a misperception that the transferee court will address the jurisdictional issues. As a result, the Panel frequently

2

transfers to MDL-875 state court-filed asbestos cases with motions to remand to state court pending in the transferor courts. Despite the best intentions of the Panel and MDL-875, both experience and the data show that MDL-875 simply cannot and does not rule on the jurisdictional motions to remand that continue to pile up every time a new asbestos case is transferred to MDL-875. Indeed, while there is abundant data on cases that have remained for years in MDL-875 with a motion to remand pending (i.e. federal jurisdiction was never determined), Plaintiffs have been unable to locate a single case in which MDL-875 has ruled on a jurisdictional motion to remand to state court.

In practice, when a jurisdictional motion to remand is pending in MDL-875, the court does not rule on the motion and simply returns the case to the transferor court with the jurisdictional motion still pending – after the plaintiff has been forced to navigate the mandatory settlement conferences of MDL-875. In several cases discussed below, the transferor court then determined that federal jurisdiction never existed in the first instance. In these cases the federal courts, and MDL-875 in particular, end up being burdened with administering cases over which they have no jurisdiction, thereby squandering scarce judicial resources.

The omnibus remedy sought by Plaintiffs is for the Panel to stay the execution of the Conditional Transfer Order ("CTO") when a motion to remand is pending that alleges that federal jurisdiction is lacking. If the motion to remand is granted, the case is remanded to state court where the plaintiff (who is typically suffering from a fatal cancer) can have his day in court. This will properly remove the case from the federal system, thereby preserving the resources of MDL-875 and the Panel. If the motion to remand is denied, then the case will be transferred to MDL-875, likely without any opposition by

the plaintiffs because opposition to the CTO is ordinarily based upon the pendency of a motion to remand.  The remedy will preserve scarce judicial resources and promote efficient administration of justice.

MDL-875 has the enormous responsibility of coordinating the pre-trial activities of thousands of *federal* asbestos cases.  Serving as the dumping ground for a large number of state court-filed asbestos cases that have not been determined to be *federal* cases wastes MDL-875's resources.  The transferor court should be put on notice by this Panel that asbestos cases will not be transferred to MDL-875 until the transferor court has resolved pending motions to remand to state court.  Without the omnibus measure sought by Plaintiffs herein: (1) this Panel will continue to see Motions to Vacate CTOs based on the pendency of motions to remand; (2) MDL-875 will continue to be burdened by cases with undetermined federal jurisdiction; (3) additional party resources will be unnecessarily and improperly expended; and, (4) plaintiffs will continue to die of asbestos cancers before having their day in court.

Because of the complexity of this issue and its grave importance to Plaintiffs and similarly situated plaintiffs, and because of the impact of this issue on the federal system, Plaintiffs respectfully request oral argument.

1. **There Is A Recurrent Fundamental Injustice That Arises In The Actual Practice Of MDL-875 For Which There Is A Simple, Efficient Solution.**

   a. **Standing**

Each Plaintiff participating in this Motion for Oral Argument: (1) suffers or suffered from malignant mesothelioma, the signal asbestos-related cancer; (2) filed an asbestos-related action in state court; (2) had that action removed to U.S. District Court;

(3) has a motion to remand currently pending in U.S. District Court; (4) was issued a CTO by the Panel; and, (5) filed a notice of opposition and motion to vacate the CTO.

> **b. The Recurrent Injustice: Cases Are Forced To Spend Years In MDL-875 When Federal Jurisdiction Has Not Been Determined And Will Not Be Determined Until The Case Is Returned To The Transferor District Court.**

As discussed in the Motions to Vacate CTO filed in each of these cases, a fundamental injustice has arisen in the operation of MDL-875. *See*, Motions to Vacate CTO, attached hereto as Exhibit A (*Sammartino*), Exhibit B (*Seitz*) and Exhibit C (*Young*). The injustice results from the practical limitations of MDL-875 in administering these cases and the disconnect between what MDL-875 is *authorized* to do and what it *does* do in practice.

MDL-875 has the *authority* to rule on jurisdictional motions to remand to state court in cases that are transferred to MDL-875. With that said, in actuality, MDL-875 does not rule upon these complex, fact-intensive motions, and realistically cannot, due to the overwhelming number of cases faced by the transferee court. Accordingly, in cases where the transferor court does not determine the existence of federal jurisdiction over a case prior to the transfer to MDL-875, the jurisdictional motion to remand will remain pending throughout the life of the case in MDL-875 and will be returned (upon completion of MDL-875's mandatory settlement conferences) to the transferor court for ruling. In many cases, this results in a finding, years after removal, that federal jurisdiction never existed.

**c.   Undersigned Counsel (Ruckdeschel) Has Twice Had This Recurrent Injustice Manifest Itself, And The *Young* Case Presents A Third Such Instance In The Past 3 Years For Just This One Law Firm.**

Two cases in which undersigned counsel (Ruckdeschel) represented the Plaintiff illustrate the recurrant nature of this problem, as both Plaintiffs suffered this fate; *Ann Hauck v. Borg Warner, et. al., Case No. 6:04-cv-01835* (M.D. Fla. October 12, 2006) and *Lewis Shifflett et. ux. v. A.C.&R. Insulation Co., et al.*, Case No. 1:07-CV02397-WDQ (D. Md. 2008).

In both the *Hauck* and *Shifflett* cases, the Plaintiffs were alive and suffering from malignant mesothelioma when the actions were filed in state court.  Both cases were removed to federal court on questionable grounds and with facial procedural defects in the removal process.  Counsel for the Plaintiffs immediately filed Motions to Remand contesting both the procedural and substantive defects in the Notices of Removal.  In both cases, Plaintiffs sought expedited review of the remand motions to avoid transfer to MDL-875 and simultaneously requested that the Panel vacate the CTO, asserting that MDL-875, as a practical matter, would not rule on the jurisdictional issue.

Despite their requests for expedited consideration of the fundamental jurisdictional issues relating to the removal, the local district courts declined to rule on the remand motions prior to transfer to MDL-875.  Similarly, the Panel summarily rejected Plaintiffs' requests that the CTO be vacated so that the issue of jurisdiction could be decided, and transferred both cases to MDL-875. Both Plaintiffs were then required to proceed through multiple mandatory settlement conferences with MDL-875 before their cases were remanded back to the transferor district courts *with the jurisdictional remand motions still pending.*

After the remands back from MDL-875, the transferor district courts in *Hauck* and *Shifflett* ruled upon the remand motions and found that federal jurisdiction *did not exist* (and accordingly had *never existed*). The cases were then remanded to state court more than a year after removal for the *Shifflett* case and nearly two years after removal for the *Hauck* case. The fundamental injustice of being forced to spend years in the federal courts when jurisdiction is not present was all the more egregious in the *Hauck* and *Shifflett* cases because, in both, the local district courts both eventually determined that there were facial defects in the removal (timeliness in *Hauck* and lack of unanimity in *Shifflett*) that could have been detected on the face of the Notice.

### d. Plaintiffs Have Collected Data Demonstrating the Recurrent Injustices Resulting from Transfer of Cases to MDL-875 with Motions to Remand Pending.

By surveying other plaintiffs' counsel who represent victims of asbestos-related disease, Plaintiffs compiled a long list of cases transferred to MDL-875 with a jurisdictional motion to remand pending. *See* Exhibit D, Chart of Cases Transferred to MDL-875 while Motions to Remand to were Pending in District Court. This is far from an exhaustive list and, on information and belief, Plaintiffs believe hundreds of similarly situated cases remain pending in MDL-875.

In each and every case represented on Plaintiffs' Chart, MDL-875 never ruled on the motion to remand. Most of the cases remain in MDL-875, some after many years, notwithstanding that no determination of jurisdiction has ever been made. In a very small minority of the cases, MDL-875 remanded the case back to the transferor court after which the *transferor court* decided the issue of jurisdiction after a long delay in MDL-875.

7

In contrast, despite extensive efforts, Plaintiffs could not find a single instance in which MDL-875 ruled on a motion to remand to state court.

### e. The Simple Solution: Delay Transfer To MDL-875 Until After Jurisdiction Is Determined.

As discussed herein and in the related pleadings, there is no dispute that MDL-875 has the *authority* to rule on motions to remand to state court. However, the disconnect between what MDL-875 has the *authority* to do (rule on jurisdictional motions) and what MDL-875 actually can accomplish, as a practical matter, has led to a situation where defendants have an incentive to remove cases on highly questionable jurisdictional grounds because of the high likelihood that the fact of removal will lead to a substantial delay in the resolution of the cases. As a practical matter, MDL-875 simply does not have the resources to handle the mass of substantive jurisdictional motions before it and to continue to administer the tens of thousands of cases before it in which jurisdiction is not contested.

This problem has a simple, efficient and just solution: delay transfer to MDL-875 until the jurisdiction of the federal courts has been determined. Indeed, in a recent action which was transferred to MDL-875 while a motion to remand to state court was pending in the transferor court, the transferee court itself called for "the resolution of all outstanding motions relating to the [federal] jurisdiction" of the case prior to the case's transfer to MDL-875. *Cole v. Northrup Grumman Ship Systems, Inc.*, 2008 WL 2651428, *1 (E.D.La. July 7, 2008). Only if the motion to remand to state court is denied should the case be transferred back to MDL-875. *See id.* In *Cole*, the transferor court ultimately granted Plaintiff's Motion to Remand to state court. *Id.* at *6. By

implementing this minor remedial measure, the Panel can eliminate the demonstrated injustice without imposing any undue burden on the transferor courts or on MDL-875.

### 2. Transfer To MDL-875 Prior To Determination Of Federal Jurisdiction Is in Conflict with Principles of Limited Federal Jurisdiction as Expressed by the United States Supreme Court.

Transfer to MDL-875 of cases where federal jurisdiction has not been established runs afoul of principles of limited federal jurisdiction as expressed by the United States Supreme Court. The Supreme Court declared that, "without jurisdiction the court can not proceed at all in any case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Failure to follow this guideline—by not making the determination of proper jurisdiction a priority—inhibits the just resolution of cases removed to federal courts on dubious legal or factual grounds. *See id.* at 94-95 ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception.").

The Supreme Court has further acknowledged that "[s]ubject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Against this Supreme Court jurisprudence, Plaintiffs make a factual showing that jurisdiction is often not determined at the earliest possible opportunity by the transferor courts in asbestos cases removed from state court, and that this problem is exacerbated by the transfer of such cases to MDL-875 where a prompt determination of jurisdiction is impractical and, in fact, never made. This state of affairs not only presents problems of inefficiency and injustice, but it also raises serious constitutional issues.

### 3.   Transfer To MDL-875 Prior To Determination Of Federal Jurisdiction is Manifestly Inefficient and Unjust

Defendants routinely remove asbestos cases from state courts to federal courts, often without sufficient support for federal jurisdiction.  The Panel then transfers many removed cases to MDL-875 before the transferor courts rule on any pending motions for remand to state court, thereby preventing the transferor court from determining federal jurisdiction as a threshold matter.  While transferor courts retain the ability to rule on remand motions, even after the CTO issues and prior to transfer to the MDL, many do not, viewing the issue as something that can be addressed in MDL-875.  However, contrary to the suggestions of removing defendants, MDL-875 does not rule on motions to remand to state court.  Rather, where a jurisdictional challenge remains pending, and only after the parties have engaged in the pretrial procedures of MDL-875, a suggestion of remand to the transferor court may issue -- typically one or two years (or more) after initial transfer to MDL-875.  Thus, jurisdictional questions in transferred cases will not be decided until after remand to the transferor courts, more than a year after removal to federal court.

Because many asbestos plaintiffs—especially those suffering from mesothelioma—live less than a year or two after being diagnosed with asbestos-related illnesses, the delay caused by MDL-875 prevents them from having their day in court.  Moreover, assuming federal jurisdiction is improper, and a case is remanded to state court, scarce federal judicial resources will have been wasted by the unnecessary transfer to MDL-875.

Some confusion seems to exist about whether MDL-875, in fact, rules on motions to remand to state court.  This court has ruled that transferring a case with a motion to

remand pending is appropriate because the transferee court can rule on remand. *See In re Vioxx Products Liability Litig.*, 360 F.Supp.2d 1352, 1354 (Jud.Pan.Mult.Lit. 2005) ("We note that motions to remand [to state court] . . . can be presented to and decided by the transferee judge."); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347 (Jud.Pan.Mult.Lit. 2001) ("We note, first, that remand motions can be presented to and decided by the transferee judge."). The same reasoning has been applied by the Panel to cases being transferred to MDL-875 while motions to remand to state court are pending in the transferor courts. *See In re: Asbestos Products Liability Litigation (No. VI)*, 560 F.Supp.2d 1367, 1368 n.2 (Jud.Pan.Mult.Lit. 2008) ("those courts concluding that [motions to remand to state court] should be addressed by the transferee judge need not rule on them"). Transferor courts often similarly believe that MDL-875 rules on remand to state court. *See, e.g., Bellu v. Diamond Offshore (USA) Inc.*, 2006 WL 950111 *1 (E.D.La., April 10, 2006) (staying motion to remand to state court because the motion, "raise[s] questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there . . .").

While the transferee court has the *authority* to rule on motions to remand to state court, the reality is that MDL-875 simply cannot and does not address such motions. Thus, the justification for transferring to MDL-875 cases with such motions pending does not apply. As previously noted, despite a thorough search, counsel has no knowledge of any case in which MDL-875 has ruled on a motion to remand to state court. This is not surprising. MDL-875 presides over tens of thousands of cases with scores more being added every year. It is not practical to expect MDL-875 to address substantive remand motions in the scores of cases it administers. Such motions tend to be extremely fact-

intensive. To foist the burden of ruling on the voluminous number of remand motions on MDL-875 would consume an inordinate amount of a single judge's time and resources. Instead, a simple solution exists that preserves party and judicial resources and allows for a just and timely resolution of these cases.

### 4. The Status Quo Produces Arbitrary Results and Lack of Predictability in the Federal System.

A plaintiff whose asbestos lawsuit is removed to federal court may have a motion to remand to state court ruled upon by the transferor court before transfer of the case to MDL-875. *See, e.g., Hilbert v. McDonnell Douglas Corp.,* 529 F.Supp.2d 187 (D.Mass. 2008) (remanding case); *Weese v. Union Carbide Corp.,* 2007 WL 2908014, *6 (S.D.Ill. 2007) (remanding case); *Faulk v. Owens-Corning Fiberglass Corp.,* 48 F.Supp.2d 653, 663 (E.D.Tex. 1999) (remanding case) *Nguyen v. Allied Signal, Inc.,* 1998 U.S. Dist. LEXIS 15517, *4 (N.D.Cal. 1998) (remanding case).

Indeed, there was a fourth case that would have been part of this joint motion, *Miranda,* whose Motion to Vacate CTO was scheduled for the same date as the Plaintiffs herein, but whose case was remanded to state court on October 31, 2008. *Miranda v. Abex Corporation et al.,* 08 Civ. 5509 (S.D.N.Y. 2008) (attached as Exhibit E).

What differentiates *Miranda* from *Sammartino, Seitz,* and *Young?* What differentiates the cases of those plaintiffs who have their motions to remand ruled upon and those plaintiffs who have their cases transferred to MDL-875 and face long delays without any determination as to federal jurisdiction? The answer is luck of the draw – plain and simple. Some plaintiffs are fortunate to draw a federal judge who has the time and desire to rule on the jurisdictional motion; other plaintiffs will wait for years and be deprived of their day in Court. Plaintiffs respectfully submit that "luck of the draw" is

not an appropriate way to handle the influx of asbestos cases that arrive at the door of the Panel by way of removal from state court.

The status quo is arbitrary, unpredictable and does not afford the parties with any type of reasonable expectations when a case is removed from state court. In contrast, if the Panel adopts the omnibus measure requested by the Plaintiffs herein, all parties would be on notice that no case would ever be transferred to MDL-875 without jurisdiction being determined by the transferor court.

Plaintiffs are cognizant of the Panel's prior statement that transferor courts "wishing to address such motions have adequate time to do so" and that "those courts concluding that such issues should be addressed by the transferee judge need not rule on them . . . ." *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d at 1349, n. 1. As argued herein and in Plaintiffs' briefings to this Panel, this policy is both unjust and based upon a faulty factual premise. Whether or not a transferor court follows the directions of the Supreme Court in promptly determining the jurisdiction of the federal courts over a matter cannot be left to the "wish" of the transferor court. That is not justice. Rather, the Supreme Court has made clear that it is the *obligation* of the federal courts to promptly determine whether they have jurisdiction over a matter. That obligation applies whether or not the transferor court *wishes* to make the determination.

### 5. Adopting A Rule That Transfer To MDL-875 Shall Not Occur Until Jurisdiction Of The Federal Courts Is Determined Will Efficiently And Justly Resolve This Problem.

Plaintiffs request that the Panel adopt a simple, equitable, efficient rule that simultaneously protects the rights of terminally ill individuals, preserves the resources of the already overburdened MDL-875, and provides for prompt determination of the

fundamental legal question involved in all removed case—does federal jurisdiction exist? Plaintiffs request that the Panel adopt—for MDL-875 only—the following rule:

In any asbestos personal injury case in which a notice of removal is filed and a timely motion to remand is filed, challenging the jurisdiction of the federal courts over the controversy, no CTO shall be finalized unless and until the federal court in to which the case is removed has ruled upon the motion to remand and made a determination regarding the jurisdiction of the federal courts over the controversy.

Assuming that federal jurisdiction is found to be proper, the case can be transferred as directed by 28 U.S.C. § 1407. If federal jurisdiction is determined not to exist, the case will be returned to the state court, preserving the scarce resources of the Panel and of MDL-875. Oral argument will shed further light on the merits of this issue.

WHEREFORE, Plaintiffs respectfully request that the Panel grant oral argument on or before November 20, 2008 when the Motion to Vacate the Conditional Transfer Order applicable to each of Plaintiffs cases is scheduled to be heard.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 2 2008

Respectfully submitted,

FILED
CLERK'S OFFICE

Daniel A. Brown
BROWN & GOULD, LLP
7700 Old Georgetown Road, Suite 500
Bethesda, Maryland 20814
Tel: (301) 718-4548
dbrown@brownandgould.com
Attorney for Plaintiff Sammartino

Jerome H. Block
Levy Phillips & Konigsberg, LLP
800 Third Ave., 13th Floor
New York, New York 10022
Tel: (212) 605-6200
jblock@lpklaw.com
Attorney for Plaintiff Seitz

Jonathan Ruckdeschel
The Ruckdeschel Law Firm, LLC
5126 Dorsey Hall Drive, Suite 201
Ellicott City, Maryland 21042
Tel: (410) 884-7825
ruck@rucklawfirm.com
Attorney for Plaintiff Young

RECEIVED
CLERK'S OFFICE

2008 NOV -7   P 2: 22

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2008, a true and correct copy of the foregoing Motion for Oral Argument was served pursuant to MDL Rule 5.2 to all counsel on the attached Service Lists by first class mail, postage prepaid.

Daniel A. Brown

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-312)

Armando A. Sammartino, et al. v. AC& R Insulation Co., Inc., et al.,
D. District of Columbia, C.A. No. 1:08-967

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
One North Charles Street, Suite 2500
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Daniel A. Brown
BROWN & GOULD LLP
7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814-6204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

Scott Patrick Burns
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Katherine S. Duyer
GAVETT & DATT PC
15850 Crabbs Branch Way, Suite 180
Rockville, MD 20855

Richard L. Flax
LAW OFFICES OF
RICHARD L FLAX LLC
29 West Susquehanna Avenue
Suite 500
Baltimore, MD 21204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Steven Andrew Luxton
MORGAN LEWIS & BOCKIUS
1111Pennsylvania Avenue, N.W.
Washington, DC 20004

Neil J. MacDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, MD 20705-3166

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John A. McCauley
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202

Neil J. McDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park, Suite 500
11720 Beltsville Drive
Beltsville, MD 20705-3166

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

## MDL No. 875 - Panel Service List (Excerpted from CTO-312(Continued)

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Scott Hamilton Phillips
SEMMES BOWEN & SEMMES
25 South Charles Street
Suite 1400
Baltimore, MD 21201

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Robin Silver
MILES & STOCKBRIDGE
10 Light Street
Baltimore, MD 21202

Andrew J. Sloniewsky
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-313)

Frederick Seitz, et al. v. Adel Wiggins Group, et al., D. Delaware, C.A. No. 1:08-351
Ernesto Miranda, et al. v. Abex Corp., et al., S.D. New York, C.A. No. 1:08-5509

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Robert Karl Beste, III
SMITH KATZENSTEIN FURLOW
The Corporate Plaza
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Allen Dale Bowers, II
LAW OFFICE OF JOSEPH
RHOADES
1225 King Street, Suite 1200
P.O. Box 874
Wilmington, DE 19899-0874

Paul A. Bradley
MARON MARVEL BRADLEY
& ANDERSON PA
1201 North Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19801

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Noriss Ennis Cosgrove
MCCARTER & ENGLISH LLP
Renaissance Centre
405 N. King Street
8th Floor
Wilmington, DE 19801

Neal C. Glenn
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
1500 Market Street
Suite 1500
Philadelphia, PA 19102

J. Michael Johnson
RAWLE & HENDERSON LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Gary H. Kaplan
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
1220 North Market Street, 5th Floor
Wilmington, DE 19801

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Jeffrey S. Marlin
MARKS O'NEILL O'BRIEN
& COURTNEY PC
913 North Market Street
Suite 800
Wilmington, DE 19801

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor

## MDL No. 875 - Panel Service List (Excerpted from CTO-313 (Continued)

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Julie Lynn Mer
WEINER & LESNIAK LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

Penelope B. O'Connell
ELZUFON AUSTIN REARDON
TARLOV & MONDELL PA
300 Delaware Avenue
Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

John Francis Parker
MOUND COTTON WOLLAN
& GREENGRASS
One Battery Park Plaza
New York, NY 10004

Lynne M. Parker
HOLLSTEIN KEATING
CATTELL ET AL
12th & Orange Street
Suite 730
One Commerce Center
Wilmington, DE 19801

Armand J. Della Porta, Jr.
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
1220 Market Street
5th Floor
Wilmington, DE 19801

Donald E. Reid
MORRIS NICHOLS ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Daniel M. Silver
MCCARTER & ENGLISH LLP
Renaissance Centre
405 N. King Street
8th Floor
Wilmington, DE 19801

Christian J. Singewald
WHITE & WILLIAMS LLP
824 Market Street
Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Michael A. Tanenbaum
SEDGWICK DETERT MORAN
& ARNOLD LLP
Three Gateway Center
12th Floor
Newark, NJ 07102

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Beth E. Valocchi
SWARTZ & CAMPBELL
300 Delaware Avenue
Suite 1130
Wilmington, DE 19801

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Sharon J. Zinns
LEVY PHILLIPS & KONIGSBERG LLP
800 Third Ave
13th Floor
New York, NY 10022

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-315)**

James Rowland Young, et al. v. AC&R Insulation Co., Inc., et al.,
D. Maryland, C.A. No. 1:08-2200

Richard Damon Albert
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
One North Charles Street
Suite 2500
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Malcolm S. Brisker
GOODELL DEVRIES LEECH
& DANN LLP
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

T. Michael Brown
BRADLEY ARANT ROSE & WHITE
1819 Fifth Avenue
Birmingham, FL 35213

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Donna Marcelle Crowe
BRADLEY ARANT ROSE & WHITE
1133 Connecticut Ave., N.W.
Suite 12th Fl.
Washington, DC 20036

Katherine S. Duyer
GAVETT & DATT PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Richard L. Flax
LAW OFFICES OF RICHARD L
FLAX
29 West Susquehanna Avenue
Suite 500
Baltimore, MD 21204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Jeannie P. Kauffman
BACON THORNTON & PALMER
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL.
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Steven Andrew Luxton
MORGAN LEWIS & BOCKIUS
111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Neil J. MacDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park
11720 Beltsville Drive
Suite 500
Beltsville, MD 20705-3166

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

**MDL No. 875 - Panel Service List (Excerpted from CTO-315) (Continued)**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Charles F. Mitchell
JOHN J KIRLIN INC
515 Dover Road
Suite 2100
Rockville, MD 20850

Joel D. Newport
MOORE & JACKSON LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Michelle Noorani
MILES & STOCKBRIDGE
10 Light Street
Baltimore, MD 21202

Dawn P. O'Croinin
RUCKDESCHEL LAW FIRM LLC
5126 Dorsey Hall Drive
Suite 201
Ellicott City, MD 21042

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Theodore F. Roberts
VENABLE LLP
210 Allegheny Avenue
Towson, MD 21285-5517

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Keith R. Truffer
ROYSTON MUELLER MCLEAN & REID
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Peter Allan Woolson
P.A. WOOLSON, PA
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS                    :          MDL NO. 875
LIABILITY PRODUCTS LITIGATION (NO. VI) :
                                                              :

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ARMANDO A. SAMMARTINO and THERESE    :
SAMMARTINO, his wife,                                 :
                                                                        :
        Plaintiffs,                                             :
                                                                        :
v.                                                                      :          Civil Action No. 08 0967 RJL
                                                                        :
                                                                        :
AC&R INSULATION CO., INC., et al.,                :
                                                                        :
        Defendants.                                           :
                                                                        :

---

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

     Plaintiff Therese Sammartino, by undersigned counsel, hereby moves the Panel to

vacate the Conditional Transfer Order ("CTO-312") entered in this case.  The grounds for

this motion are set forth in the accompanying Memorandum in Support and are

incorporated herein.

     **WHEREFORE,** Plaintiff respectfully requests that this Court vacate the

Conditional Transfer Order.

RECEIVED
CLERK'S OFFICE

2008 NOV -7 P 2: 24

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION



Respectfully submitted,

Daniel A. Brown
BROWN & GOULD, LLP
7700 Old Georgetown Road, Ste. 500
Bethesda, Maryland 20814
Tel:  (301) 718-4548
Fax:  (301) 718-8037
dbrown@brownandgould.com
Attorney for Plaintiff Therese Sammartino

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2008, true and correct copies of the

Motion to Vacate the Conditional Transfer Order and Memorandum in Support have been

served by U.S. Mail on all counsel on the attached Panel Service List.

Daniel A. Brown

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-312)**

Armando A. Sammartino, et al. v. AC& R Insulation Co., Inc., et al.,
D. District of Columbia, C.A. No. 1:08-967

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
One North Charles Street, Suite 2500
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Daniel A. Brown
BROWN & GOULD LLP
7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814-6204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

Scott Patrick Burns
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Katherine S. Duyer
GAVETT & DATT PC
15850 Crabbs Branch Way, Suite 180
Rockville, MD 20855

Richard L. Flax
LAW OFFICES OF
RICHARD L FLAX LLC
29 West Susquehanna Avenue
Suite 500
Baltimore, MD 21204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Steven Andrew Luxton
MORGAN LEWIS & BOCKIUS
1111Pennsylvania Avenue, N.W.
Washington, DC 20004

Neil J. MacDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, MD 20705-3166

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John A. McCauley
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202

Neil J. McDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park, Suite 500
11720 Beltsville Drive
Beltsville, MD 20705-3166

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

**MDL No. 875 - Panel Service List (Excerpted from CTO-312(Continued)**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Scott Hamilton Phillips
SEMMES BOWEN & SEMMES
25 South Charles Street
Suite 1400
Baltimore, MD 21201

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Robin Silver
MILES & STOCKBRIDGE
10 Light Street
Baltimore, MD 21202

Andrew J. Sloniewsky
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS | : | MDL NO. 875 |
| LIABILITY PRODUCTS LITIGATION (NO. VI) | : | |
| | : | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARMANDO A. SAMMARTINO and THERESE | : | |
| SAMMARTINO, his wife, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 08 0967 RJL |
| | : | |
| | : | |
| AC&R INSULATION CO., INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

**UPON CONSIDERATION** of Plaintiff's Motion to Vacate the Conditional

Transfer Order ("CTO-312"), and any opposition thereto, it is thereupon, this _____ day of

_____ 2008

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that the transfer of the above-referenced civil action to MDL-875 is

stayed until the United States District Court for the District of Columbia rules on the

pending motion for remand.

_____
United States Judicial Panel on
   Multidistrict Litigation

Copies to:  All counsel of record

BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS            :          MDL NO. 875
LIABILITY PRODUCTS LITIGATION (NO. VI)  :
                                                          :

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARMANDO A. SAMMARTINO and THERESE  :
SAMMARTINO, his wife,                           :
                                                          :
                Plaintiffs,                             :
                                                          :
v.                                                         :          Civil Action No. 08 0967 RJL
                                                          :
                                                          :
AC&R INSULATION CO., INC., et al.,       :
                                                          :
                Defendants.                         :
                                                          :

**MEMORANDUM IN SUPPORT OF**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Plaintiff, Therese Sammartino, hereby submits this Memorandum in Support of
her Motion to Vacate the Conditional Transfer Order ("CTO-312") entered in this matter.
This memorandum highlights the problems that exist when a motion to remand remains
unresolved at the time of transfer to the Multi-District Litigation Number 875 ("MDL-
875").  A failure to evaluate a challenge to federal removal jurisdiction as a threshold
matter (i) conflicts with Supreme Court precedent, (ii) infringes on notions of due process
and federalism, and (iii) runs afoul of 28 U.S.C. § 1407.  Any transfer of this action
should be stayed until the United States District Court for the District of Columbia rules
on Plaintiff's pending motion to remand the case to state court.

## I.    **Procedural Background**

Plaintiffs originally filed this action in the Superior Court of the District of Columbia on May 1, 2008.  On or about June 5, 2008, Defendant Krafft-Murphy removed the case to the United States District Court for the District of Columbia, citing federal enclave jurisdiction as the basis for removal, despite a complete absence of any allegation in the Complaint supporting federal enclave removal.  Thereafter, on July 7, 2008, Plaintiffs filed a motion to remand which lays out the facial and substantive defects with Defendant's removal of this case.  An Opposition to the Motion to Remand was filed by Krafft-Murphy on July 17, and Plaintiffs replied on July 25.  Thus, the matter has been fully briefed and is ripe for resolution by the U.S. District Court for the District of Columbia.

On June 12, 2008, this case was identified as a potential tag-along action to Multidistrict Litigation ("MDL") No. 875.  Subsequently, on July 21, the Panel on Multidistrict Litigation issued a CTO, which sets forth the potential transfer of the case to the MDL No. 875.  Plaintiff timely filed her Notice of Opposition to the CTO on August 4.

Mr. Sammartino died of mesothelioma on July 29, 2008.  A Suggestion of Death was filed with the U.S. District Court for the District of Columbia on July 30, 2008.  A Consent Motion to Substitute Mrs. Sammartino as Plaintiff in lieu of Mr. Sammartino was filed on August 5, 2008.

II.     **Argument**

A.     **The Supreme Court Mandates that Federal Jurisdiction be**
       **Established as a Threshold Matter**

A necessary corollary to the concept that a federal court is powerless to act

without jurisdiction is the equally unremarkable principle that a court should inquire into

whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."

*University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir.

1999) *see also Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279 (11th Cir. 2001).

The United States Supreme Court has made it clear that federal courts must determine

their jurisdiction at the very outset, and that "without jurisdiction the court cannot

proceed *at all* in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83,

94, 118 S.Ct. 1003, 1012 (1998)(emphasis added).  In *Steel Co. v. Citizens for a Better*

*Environment*, the Supreme Court roundly rejected the so-called "doctrine of hypothetical

jurisdiction" by which several circuits allowed federal courts to "assume" jurisdiction for

the purpose of deciding certain questions on the merits. 523 U.S. at 94, 118 S.Ct. at

1012.  The Supreme Court protested that the failure to determine their jurisdiction at the

very outset "carried [federal] courts beyond the bounds of authorized judicial action and

thus offends fundamental principles of separation of powers."  The Court noted that

"[t]his conclusion should come as no surprise, since it is reflected in a long and venerable

line of our cases." *Id.*

The Supreme Court's command is clear: "without jurisdiction the court cannot

proceed *at all* in any cause. Jurisdiction is power to declare the law, and when it ceases to

exist, the only function remaining to the court is that of announcing the fact and

dismissing the cause." Id. (emphasis added).  The Court made it clear that there are no

3

exceptions to this rule: "The requirement that jurisdiction be established as a threshold

matter spring[s] from the nature and limits of the judicial power of the United States and

is inflexible and without exception." 523 U.S. at 94-95, 118 S. Ct. at 112 (quoting

*Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, (1884).

**B.      The Reality of MDL-875**

The unique circumstances of MDL-875 have created a situation where a transfer

of this case—with a motion to remand pending in the U.S. District Court for the District

of Columbia—would inconvenience the parties, and would impede any just and efficient

conduct of this action.  A transfer will strip the local District Court of its ability to rule on

remand, and MDL-875 in the Eastern District of Pennsylvania, quite simply, does not

rule on motions to remand cases to state courts.  *See* Declarations of Jonathan

Ruckdeschel and Charles Siegel, copies attached hereto as Exhibits 1 and 2.  The result

would be a substantial and unnecessary delay to the ultimate resolution of this case by

forcing aside the unresolved question of federal jurisdiction until the case returns to the

local District Court from MDL-875.  Until the question of federal jurisdiction is resolved,

the case can not be decided on its merits by any court.  *See Steel Co.,* 523 U.S. at 94, 118

Sup. Ct. at 1012.

Transfer of this case—if federal jurisdiction is, in fact, absent—would not

promote a just, speedy and inexpensive determination of the action, nor would it

eliminate the potential for conflicting contemporaneous pretrial rulings.  Despite the

commendable efforts of the Transferee Court, MDL-875 still contains thousands of

unresolved cases to be handled by a single judge.  *See, e.g., Statistical Analysis of*

*Multidistrict Litigation 2007* (Jud.Pan.Mult.Lit. 2007); *In re Asbestos Products Liability*

4

*Litigation (No. VI)*, 2007 WL 2372400 (E.D.Pa. 2007).  Federal courts have recognized

that Defendants in asbestos cases have sought to exploit the substantial backlog of MDL-

875 cases.  As described by then-Chief Judge Hornby of the United States District Court

for the District of Maine:

> If these claims return to state court they will proceed to resolution.  If they
> remain in federal court they will encounter significant delay upon their
> transfer through the panel on multidistrict litigation to the Eastern District
> of Pennsylvania where no asbestos trials or discovery takes place in
> deference to global settlement efforts.  This delay is of economic benefit
> to the defendants and imposes costs on the plaintiffs.

*In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 374 n.2 (D.Me. 1999).  As further

observed by Chief Judge Mills of the United States District Court for the Northern

District of Mississippi:

> The court is also aware that asbestos removal litigation, as it has
> developed in this state, generally has less to do with effecting valid
> removals than with attempting to obtain a transfer of the case to a multi-
> district litigation (MDL) court, where the case generally languishes for a
> protracted period of time.  While the desire of the defendants to reach the
> comparative safety of an MDL court is understandable, their repeated
> efforts to do so, regardless of the jurisdictional merits, has resulted in an
> air of skepticism among the federal courts regarding the validity of most
> asbestos removals.

*Rosamond v. Garlock Sealing Technologies*, 2004 WL 943924, *4 (N.D.Miss., April 5,

2004).  Baseless removal of a case to federal court, and subsequent transfer to MDL-875,

creates substantial delays and economic costs for plaintiffs, and certainly does not

facilitate the just, speedy and inexpensive determination of the action.

**C.**     **28 U.S.C. § 1407**

If the Panel transfers this case to MDL-875, the purposes of 28 U.S.C. § 1407 will

be frustrated, and Plaintiff will be denied a just and efficient resolution to this action.

Accordingly, before transferring this case to MDL-875, the Panel should determine

whether Plaintiff is reasonably likely to succeed on the pending motion to remand. If

success is reasonably likely, the purposes of Section 1407 instruct the Panel to stay

transfer pending a ruling on remand by the transferor court.

> Section 1407(a) provides:

> When civil actions involving one or more common questions of fact are
> pending in different districts, such actions may be transferred to any
> district for coordinated or consolidated pretrial proceedings. Such transfers
> shall be made by the judicial panel on multidistrict litigation authorized by
> this section upon its determination *that transfers for such proceedings will
> be for the convenience of parties and witnesses and will promote the just
> and efficient conduct of such actions.*

28 U.S.C. § 1407(a) (emphasis added). The basic purpose underlying the enactment of

28 U.S.C. § 1407 was to secure, in multi-district civil litigation as in all other civil

litigation, the "just, speedy and inexpensive determination of every action." *In re Nat.*

*Student Mktg. Litig.*, 368 F.Supp. 1311, 1316 (Jud.Pan.Mult.Lit. 1972). According to this

Court, the statute's "remedial aim is to eliminate the potential for conflicting

contemporaneous pretrial rulings by coordinate district and appellate courts in

multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 491-

92 (Jud.Pan.Mult.Lit. 1968).

The statute requires the Panel to "weigh the interests of all parties and to consider

multidistrict litigation as a whole in light of the purposes of Section 1407." *In re Stirling*

*Homex Corp. Sec. Litig.*, 442 F.Supp. 547, 550 (Jud.Pan.Mult.Lit. 1977). The Panel is

afforded "broad discretion" to carry out its functions, *In re Wilson*, 451 F.3d 161, 173 (3d

Cir. 2006), but such discretion is abused by the Panel's failure to exercise it in

furtherance of Section 1407's above-mentioned purposes. *See Ray v. Robinson*, 640 F.2d

474, 478 (3d Cir. 1981) ("If a district court fails to exercise its discretion, that is itself an

abuse of discretion."). An assessment of the merits of the notice of removal and a pending motion to remand allows the Panel to effectively exercise its discretion to determine if a transfer will encourage a just, speedy and inexpensive determination.

Besides thwarting the speed and efficiency goals of Section 1407, transfer of this case, without a stay pending a ruling on remand, would not further Section 1407's purpose of promoting uniformity in pretrial rulings. Simply put, MDL-875 does not rule on motions to remand to state court. This court has ruled that transferring a case with a motion to remand pending is appropriate because the transferee court can rule on remand. *See In re Vioxx Products Liability Litig.*, 360 F.Supp.2d 1352, 1354 (Jud.Pan.Mult.Lit. 2005); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347 (Jud.Pan.Mult.Lit. 2001). However, the rationale underlying those decisions—that the transferee court can rule on remand—does not apply in this case.

Judge Giles has instituted prudent measures to help cases in MDL-875 settle (and the volume of settled cases proves their expediency) but rulings on remand to state courts do not occur as a matter of practice. *See* Exhibits 1 and 2. Indeed, if the transferee court never rules on motions to remand to state courts, consistency in such rulings by the transferee court is necessarily impossible; conflicting rules are not prevented because rulings on remand to state court are left to the transferor courts following cases' return from MDL-875. Uniformity in other pretrial rulings may follow from MDL-875 practices, but transferring cases with motions to remand pending does not further this purpose of Section 1407 any more than does transfer following a ruling on remand.

Staying transfer until a transferor court rules on a pending motion to remand would not risk any additional judicial resources beyond those that would be needed if

7

transfer is granted.  Indeed, allowing a ruling on remand before transfer would potentially

preserve significant judicial resources, as well as resources of the parties to the litigation.

Should remand to state court be ordered, the federal courts will save the additional

resources that would be expended by inclusion of this case in MDL-875.  Besides

efficiency considerations, principles of comity support staying transfer of any action that

has an important motion under submission with a court.  *In re L. E. Lay & Co. Antitrust

Litigation*, 391 F.Supp. 1054, 1056 (Jud.Pan.Mult.Lit. 1975); *see also In re Plumbing

Fixture Cases*, 298 F.Supp. at 496 ("On principles of comity, where appropriate, the

Panel has in the past timed its actions and constructed its orders in a manner which will

permit the transferor courts (and Courts of Appeals if any are involved) to reach timely

decisions on particular issues without abrupt, disconcerting, untimely or inappropriate

orders of transfer by the Panel. This policy of comity has been followed in the past and

will be followed in the future by the Panel.").  Moreover, in the instant case, "federalism

concerns tip the scales in favor of initially ruling on the motion to remand."  *Allen v.

Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986).

### D.    Due Process

In addition to requirements imposed by Section 1407, transfer of the instant case

violates Plaintiff's right to Due Process under the Fifth Amendment to the United States

Constitution.  "[R]equirements of due process are not reducible to a static formula, but

rather are sensitive to the facts and circumstances of a given case."  *Rogal v. American

Broadcasting Companies, Inc.*, 74 F.3d 40, 44 (3d Cir. 1996) (internal citation omitted).

Further, "the fundamental requirement of due process is the opportunity to be heard at a

meaningful time and in a meaningful manner," before one is deprived of life, liberty, or

8

property. *Id.* In this case, Plaintiff's right to have this action decided on its merits by a court of competent jurisdiction (and to receive corresponding due compensation and damages) will be effectively restricted by a transfer of this case prior to a ruling on the pending motion to remand. "The determination of the appropriate form of procedural protection requires an evaluation of all the circumstances and an accommodation of competing interests. The individual's right to fairness must be respected as must the court's need to act quickly and decisively." *Id.* (internal citation omitted). Here, Plaintiff's right to fairness requires that this case not be transferred to MDL-875 if federal jurisdiction does not exist; allowing this case to be transferred based on a potentially baseless, tactically-motivated removal infringes on Plaintiff's right. Allowing a ruling on remand prior to transfer does not limit any court's ability to act quickly and decisively. The Panel can stay transfer for a short period of time to allow a ruling on remand, and transfer the case at such a point if federal jurisdiction is found to exist. Such a stay would actually *protect* the ability of the local District Court to act decisively on the motion to remand. As such, due process requires a stay until the United States District Court for the District of Columbia rules on the pending motion to remand.

**III.**   **Conclusion**

For the foregoing reasons, the Court should stay transfer of this case to MDL-875 until the United States District Court for the District of Columbia rules on the pending motion for remand.

Respectfully submitted,

_____

Daniel A. Brown
BROWN & GOULD, LLP
7700 Old Georgetown Road, Ste. 500
Bethesda, Maryland 20814
Tel: (301) 718-4548
Fax: (301) 718-8037
dbrown@brownandgould.com
Attorney for Plaintiff Therese Sammartino

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION | § | MDL DOCKET NO. 875 |
| | | CTO-312/CTO-313 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDERICK SEITZ and | § | |
| MARY LOUISE SEITZ, | § | |
| | § | CASE NO. 08-CV-0351 GMS |
|     Plaintiffs, | § | CASE NO. 08-CV-0353 GMS |
| v. | § | |
| | § | |
| ADEL WIGGINS GROUP, et al. | § | |
| | § | |
|     Defendants. | § | |

## PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Come now plaintiffs Frederick and Mary Louise Seitz and file this motion to vacate the conditional transfer order to allow the transferor court to rule on plaintiffs' motion for remand to state court, and respectfully show as follows:

This case was filed in state court but removed to federal court. On July 21, 2008, the Panel entered an order conditionally transferring this case to MDL-875 in the Eastern District of

Pennsylvania (CTO-312). The Panel also entered an order conditionally transferring the companion district court case to MDL-875 in the Eastern District of Pennsylvania (CTO-313). Plaintiffs have filed a Motion to Remand in the District Court for the District of Delaware. The Court has not yet ruled on Plaintiffs' motion for remand, and the motion remains pending before Judge Gregory Sleet.

Plaintiffs respectfully request that the panel vacate the conditional transfer order so that the transferor court may promptly rule on plaintiffs' motion for remand to state court. Such relief is warranted because Mr. Seitz is dying of mesothelioma and will be gravely prejudiced if he dies before trial. The Panel has the power to vacate the conditional transfer order and has done so in the past so that transferor courts may rule on threshold motions for remand.

The Panel is respectfully referred to plaintiffs' brief in support of this motion, filed herewith, for a full discussion of these issues.

### CONCLUSION

WHEREFORE, plaintiffs respectfully pray that the conditional transfer orders regarding this case be vacated.

DATED: September 18, 2008

By: Respectfully submitted,

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block
Sharon J. Zinns
800 Third Ave, 13th Floor
New York, New York 10022
(212) 605-6200

and

LAW OFFICE OF JOSEPH J. RHOADES
A. Dale Bowers, Esquire
1225 King Street, 12th Floor
Wilmington, Delaware 19801
(302) 427-9500

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

STATE OF NEW YORK          §
                          §
COUNTY OF NEW YORK         §

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 800 Third Ave, 13th Floor, New York, NY 10022; and that on this date I served a true copy of the document entitled:

### PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Service was effectuated by forwarding the above-noted document in the following manner:

**By Facsimile** to the numbers as noted on the attached counsel list by placing it for facsimile transmittal following the ordinary business practices of Levy Phillips & Konigsberg.

**By U.S. Mail** to the attached Panel Service List.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2008.

Maria Mastrogiacomo

**SEITZ v. ADEL WIGGINS GROUP, ET AL**

**SERVICE LIST**

| DEFENDANT | ADDRESS |
|---|---|
| DELAWARE DEFENSE COORDINATING COUNSEL | Loreto P. Rufo, Esquire<br>Rufo Associates, P.A.<br>7217 Lancaster Pike, Suite 4<br>Hockessin, Delaware 19701<br>*Fax: (302)-234-5905* |
| ADEL WIGGINS GROUP | Wade Mitchell<br>Baker & Hostetler LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, Ohio 44114-3485<br>*Fax: (216)-696-0740* |
| AEROJET-GENERAL CORPORATION | Neal C. Glenn<br>Daniel P. Daly<br>KELLEY JASONS McGUIRE & SPINELLI, L.L.P.<br>The Webster Building, Ste. 209<br>3411 Silverside Road<br>Wilmington, DE 19810<br>*Fax:(302)-478-7113* |
| AIR COOLED MOTORS | Air Cooled Motors<br>94 Hale Dr.<br>Walterboro, SC 29488<br>*Fax Number Unknown – Sent via U.S. Mail* |
| BELL HELICOPTER TEXTRON INC | Robert K. Beste, III, Esquire<br>Smith, Katzenstein & Furlow<br>P.O. Box 410<br>Wilmington, DE 19899<br>*Fax: (302)-652-8405* |
| THE BOEING COMPANY | Christian J. Singewald, Esquire<br>White & Williams<br>824 Market Street, Suite 902<br>Wilmington, Delaware 19801-4938<br>*Fax: (302)-654-0245* |
| CBS CORPORATION | Beth Valocchi, Esquire<br>Swartz Campbell LLC<br>300 Delaware Avenue, Suite 1130<br>Wilmington, Delaware 19801<br>*Fax: (302)-656-1434* |

{00124571.DOC}

| | |
|---|---|
| CESSNA AIRCRAFT RHODE ISLAND INC | Robert K. Beste, III, Esquire<br>Smith, Katzenstein & Furlow<br>P.O. Box 410<br>Wilmington, DE  19899<br>*Fax: (302)-652-8405* |
| CURTISS-WRIGHT CORPORATION | CURTIS-Wright Corporation<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, Delaware 19801<br>*Fax Number Unknown – Sent via U.S. Mail* |
| FLETCHAIR, INC. | Fletch Air, Inc.<br>118 FM 1621<br>Comfort, TX  78013-3425<br>*Fax: (830)-995-5903* |
| FRANKLIN AIRCRAFT ENGINES, INC. | Franklin Aircraft Engines, Inc.<br>136 Racquette Dr.<br>Ft. Collis, CO  80524<br>*Fax: (970)-224-4404* |
| GARLOCK SEALING TECHNOLOGIES LLC | Gary H. Kaplan<br>MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN<br>1220 N. Market Street, 4th Floor<br>P.O. Box 8888<br>Wilmington, DE 19899-8888<br>*Fax: (302) 651-7905* |
| GENERAL ELECTRIC COMPANY | Lynne M. Parker, Esquire<br>Holistein, Keating, Cattell, Johnson & Goldstein<br>One Commerce Center, Suite 730<br>1201 North Orange Street<br>Wilmington, Delaware 19801<br>*Fax: (302)573-2507* |
| GENERAL MOTORS CORPORATION | Christian J. Singewald, Esquire<br>White & Williams<br>824 Market Street, Suite 902<br>Wilmington, Delaware 19801-4938<br>*Fax: (302)-654-0245* |
| GOODRICH CORPORATION | Donald E. Reid<br>Jason A. Cincilla<br>Amaryah K. Bocchino<br>Morris, Nichols, Arsht, & Tunnell, LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>*Fax: (302) 658-3989* |

{00124571.DOC}

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION | § | MDL DOCKET NO. 875 |
| | | CTO-312/CTO-313 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDERICK SEITZ and | § | |
| MARY LOUISE SEITZ, | § | |
| | § | CASE NO. 08-CV-0351 GMS |
| Plaintiffs, | § | CASE NO. 08-CV-0353 GMS |
| v. | § | |
| | § | |
| ADEL WIGGINS GROUP, et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
## TO VACATE THE CONDITIONAL TRANSFER ORDER

Come now plaintiffs Frederick and Mary Louise Seitz and file this brief in support of their

motion to vacate the conditional transfer order to allow transferor court to rule on plaintiffs' motion

for remand to state court and respectfully show as follows:

This case was filed in state court but removed to federal court.  On July 21, 2008, the Panel

entered an order conditionally transferring this case to MDL-875 in the Eastern District of

Pennsylvania (CTO-312). The Panel also entered an order conditionally transferring the companion

district court case to MDL-875 in the Eastern District of Pennsylvania (CTO-313).

On July 29, 2008, Plaintiffs filed their Motion to Remand in the United States District Court

for the District of Delaware. Defendants Bell Helicopter Textron, Inc. and Northrup Grumman Corporation filed their Opposition briefs on August 12, 2008. Plaintiff filed their Reply Brief on August 22, 2008. Plaintiffs' Motion to Remand is, therefore, fully briefed and remains pending before Judge Gregory M. Sleet awaiting a ruling.

Plaintiffs respectfully request that the panel vacate the conditional transfer orders so that the transferor court may promptly rule on plaintiffs' motion for remand to state court.   Such relief is warranted for the following reasons:

   1.   **Mr. Seitz is dying of mesothelioma and will be substantially prejudiced if he dies before trial.**

Mr. Seitz has terminal mesothelioma, an "invariably fatal cancer… for which asbestos exposure is the only known cause…." In re Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. Denied, 531 U.S. 1011 (2000). Mr. Seitz's case is already scheduled for trial in the State Court in Delaware. If the case is remanded to state court, Mr. Seitz may be able to participate in his own trial and have his day in Court. If this case is not transferred, Mr. Seitz will inevitably die before his case is set for trial.

**2.   The Panel may vacate conditional transfer orders for this purpose.**

The Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court.  In Vasura v. ACandS, Inc., 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." Id. at 533.

Plaintiffs seek only a timely ruling on their motion for remand, so that Mr. Seitz can have his day in court before he dies.

## CONCLUSION

WHEREFORE, plaintiffs respectfully pray that the conditional transfer orders regarding this case be vacated.

*[Signature on the following page]*

DATED: September 18, 2008

Respectfully submitted,

By:

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block
Sharon J. Zinns
800 Third Ave, 13th Floor
New York, New York 10022
(212) 605-6200

and

LAW OFFICE OF JOSEPH J. RHOADES
A. Dale Bowers, Esquire
1225 King Street, 12th Floor
Wilmington, Delaware 19801
(302) 427-9500

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

STATE OF NEW YORK          §
                          §
COUNTY OF NEW YORK         §

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 800 Third Ave, 13th Floor, New York, NY 10022; and that on this date I served a true copy of the document entitled:

### BRIEF IN SUPPOR OF PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Service was effectuated by forwarding the above-noted document in the following manner:

**By Facsimile** to the numbers as noted on the attached counsel list by placing it for facsimile transmittal following the ordinary business practices of Levy Phillips & Konigsberg.

**By U.S. Mail** to the attached Panel Service List.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2008.

Maria Mastrogiacomo

**SEITZ v. ADEL WIGGINS GROUP, ET AL**

**SERVICE LIST**

| DEFENDANT | ADDRESS |
|---|---|
| DELAWARE DEFENSE COORDINATING COUNSEL | Loreto P. Rufo, Esquire<br>Rufo Associates, P.A.<br>7217 Lancaster Pike, Suite 4<br>Hockessin, Delaware 19701<br>*Fax: (302)-234-5905* |
| ADEL WIGGINS GROUP | Wade Mitchell<br>Baker & Hostetler LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, Ohio 44114-3485<br>*Fax: (216)-696-0740* |
| AEROJET-GENERAL CORPORATION | Neal C. Glenn<br>Daniel P. Daly<br>KELLEY JASONS McGUIRE & SPINELLI, L.L.P.<br>The Webster Building, Ste. 209<br>3411 Silverside Road<br>Wilmington, DE 19810<br>*Fax:(302)-478-7113* |
| AIR COOLED MOTORS | Air Cooled Motors<br>94 Hale Dr.<br>Walterboro, SC 29488<br>*Fax Number Unknown – Sent via U.S. Mail* |
| BELL HELICOPTER TEXTRON INC | Robert K. Beste, III, Esquire<br>Smith, Katzenstein & Furlow<br>P.O. Box 410<br>Wilmington, DE 19899<br>*Fax: (302)-652-8405* |
| THE BOEING COMPANY | Christian J. Singewald, Esquire<br>White & Williams<br>824 Market Street, Suite 902<br>Wilmington, Delaware 19801-4938<br>*Fax: (302)-654-0245* |
| CBS CORPORATION | Beth Valocchi, Esquire<br>Swartz Campbell LLC<br>300 Delaware Avenue, Suite 1130<br>Wilmington, Delaware 19801<br>*Fax: (302)-656-1434* |

{00124571.DOC}

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | § § § § § | MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES R. YOUNG, et ux., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO.: 1:07-CV02200-JFM |
| AC & R INSULATION CO, et al., | § § | |
| Defendants. | § § | |

MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER

Plaintiffs, pursuant to Rules 5.2, 5.12, , 7.2 and 7.4(d) of the Rules of Procedure of the

Judicial Panel on Multidistrict Litigation, move the Panel to vacate the Conditional Transfer

Order entered on September 19, 2008 in this matter.

1.      The grounds for this Motion are set forth in the accompanying Memorandum in

Support of Motion to Vacate Conditional Transfer Order, and are incorporated herein.

2.      James Rowland Young is dying from malignant mesothelioma.

3.      Plaintiffs brought this suit in state court, asserting solely common law products

1



liability claims.

4.     One Defendant removed the case, asserting that federal question jurisdiction was

justified due to alleged exposures on an alleged federal enclave.

5.     Plaintiffs have timely filed a Motion to Remand raising numerous procedural and

jurisdictional bars to federal jurisdiction in this case.

6.     Plaintiffs request that the Panel vacate the conditional transfer order, without

prejudice, until the transferor court rules upon the motion to remand.  In practice, MDL-875 does

not consider jurisdictional motions before requiring plaintiffs to undergo the procedures of that

Court.  As a result, transfer to MDL-875 prior to determination of jurisdiction by the United

States District Court for the District of Maryland will result in Plaintiffs being forced to proceed

through the maze of the MDL, only to eventually have the case remanded to the transferor court

for determination of whether federal jurisdiction exists.  In the interim, Mr. Young, who has now

been hospitalized for the third time since his diagnosis in May of 2008, is nearly certain to die.

That result is unjust, contrary to the interests of judicial economy, and totally avoidable.

**WHEREFORE**, Plaintiffs request that the Court vacate Conditional Transfer Order 315

as applicable to this case, without prejudice, until the question of federal jurisdiction is resolved

by the United States District Court for the District of Maryland.

Respectfully submitted,

Jonathan Ruckdeschel
Federal Bar Number: 25015
Dawn P. O'Croinin
Federal Bar Number:  26902
The Ruckdeschel Law Firm, LLC
5126 Dorsey Hall Drive, Suite 201

2

Ellicott City, Maryland 21042
Telephone: 410.884.7825
Facsimile: 443.586.0430
ruck@rucklawfirm.com
dawn@rucklawfirm.com

## **REQUEST FOR HEARING**

Plaintiffs respectfully request a hearing on this motion.

Dawn P. O'Croinin

## **CERTIFICATE OF SERVICE**

I hereby certify that on this _2nd_ day of _October_, 2008 a true and correct copy of

this Motion to Vacate the Conditional Transfer Order has been served by U.S. Mail on all counsel

listed in the attached Panel Service List pursuant to Rule 5.2 of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, FED.R.CIV.P. 5 and MDL – CTO 315.

Dawn P. O'Croinin

3

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

### PANEL SERVICE LIST (Excerpted from CTO-315)

James Rowland Young, et al. v. AC&R Insulation Co., Inc., et al.,
D. Maryland, C.A. No. 1:08-2200

Richard Damon Albert
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
One North Charles Street
Suite 2500
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Malcolm S. Brisker
GOODELL DEVRIES LEECH
& DANN LLP
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

T. Michael Brown
BRADLEY ARANT ROSE & WHITE
1819 Fifth Avenue
Birmingham, FL 35213

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Donna Marcelle Crowe
BRADLEY ARANT ROSE & WHITE
1133 Connecticut Ave., N.W.
Suite 12th Fl.
Washington, DC 20036

Katherine S. Duyer
GAVETT & DATT PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Richard L. Flax
LAW OFFICES OF RICHARD L
FLAX
29 West Susquehanna Avenue
Suite 500
Baltimore, MD 21204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Jeannie P. Kauffman
BACON THORNTON & PALMER
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Steven Andrew Luxton
MORGAN LEWIS & BOCKIUS
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Neil J. MacDonald
HARTEL KANE DESANTIS
MACDONALD & HOWIE LLP
Calverton Office Park
11720 Beltsville Drive
Suite 500
Beltsville, MD 20705-3166

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Page 2 of 2

**MDL No. 875 – Panel Service List (Excerpted from CTO-315) (Continued)**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Charles F. Mitchell
JOHN J KIRLIN INC
515 Dover Road
Suite 2100
Rockville, MD 20850

Joel D. Newport
MOORE & JACKSON LLC
305 Washington Avenue
Suite 401
Baltimore, MD 21204

Michelle Noorani
MILES & STOCKBRIDGE
10 Light Street
Baltimore, MD 21202

Dawn P. O'Croinin
RUCKDESCHEL LAW FIRM LLC
5126 Dorsey Hall Drive
Suite 201
Ellicott City, MD 21042

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Theodore F. Roberts
VENABLE LLP
210 Allegheny Avenue
Towson, MD 21285-5517

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Keith R. Truffer
ROYSTON MUELLER MCLEAN & REID
102 W. Pennsylvania Avenue
Suite 600
Towson, MD 21204

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

Peter Allan Woolson
P.A. WOOLSON, PA
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | § § § § § | MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES R. YOUNG, et ux., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO.: 1:08-CV02200-JFM |
| AC & R INSULATION CO, et al., | § § § | |
| Defendants. | § § | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER
### (Request for Hearing)

Plaintiffs, pursuant to Rules, 5.2, 5.12, 7.2 and 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, file this Memorandum in Support of their Motion to Vacate the Conditional Transfer Order entered on September 19, 2008 in this matter. The grounds for this Motion and Memorandum are as follows:

## I.   INTRODUCTION

1.    James Rowland Young is eighty-four years old and dying of malignant mesothelioma.

1

2.      Mesothelioma is a rare, "fatal cancer of the lining of the lung or abdominal cavity" that is caused almost exclusively by asbestos. *See, e.g., Norfolk & Western Ry v. Ayers*, 538 U.S. 135, 142 (2003). "Asbestos is the only cause of mesothelioma established thus far, although some instances of the disease are not traceable to asbestos." *Id.* at 142 n.3. The median time from diagnosis to death ranges from four to eighteen months. Exhibit A, *Roggli, et. al., Pathology of Asbestos-Associated Diseases, p. 149 (2nd ed. 2003)*.

3.      Mr. Young was diagnosed with mesothelioma on May 19, 2008. Despite the fact that there is no cure for mesothelioma, Mr. Young has undergone a series of four cycles of toxic chemotherapy in a desperate attempt to prolong his life. Since beginning his chemotherapy on June 26, 2008, Mr. Young has been hospitalized three times. While the Youngs remain hopeful that Mr. Young will survive through the holiday season and into next year, there is no realistic chance that Mr. Young will survive long enough to see his case go to trial if it is transferred to MDL-875.

## II.   PROCEDURAL HISTORY

4.      This case was filed on July 24, 2008. On August 14, 2008, Plaintiffs, through liaison counsel, filed correspondence and a proposed pretrial schedule with the state court requesting that the case be set for the April 13, 2010 mesothelioma trial group, in which counsel for the Youngs has another mesothelioma case set for trial.   On August 21, 2008, Defendant Garlock Sealing Technologies, LLC ("Garlock") removed the case to federal court asserting federal enclave jurisdiction pursuant to 28 U.S.C. § 1331 and 16 U.S.C. § 457.

5.      On September 19, 2008, Plaintiffs timely filed a Motion to Remand the case to State Court. The Motion to Remand raised numerous independently dispositive reasons why removal was improper and why federal jurisdiction was not present.

### III.   ARGUMENT

**A.**   **Transfer to MDL-875 Will Almost Certainly Result In Mr. Young Dying Before He Receives His Day In Court.**

6.       There is a serious concern that the United States District Court for the District of Maryland will not rule upon Plaintiffs' Motion to Remand prior to the finalization of the Conditional Transfer Order.   In such circumstance, Mr. Young would be required to undergo settlement negotiations, potential discovery and all of the other procedures related to MDL-875 despite the fact that federal jurisdiction does not exist in this case.  As a practical matter, the resulting delays would almost certainly guarantee that Mr. Young will die before he can have his day in court.

7.       As the Panel is aware, the lengthy delays in MDL-875 have resulted in it being frequently referred to as a "black-hole" from which cases rarely, if ever, emerge.  The fate of cases condemned to the "black hole" of MDL-875 was graphically described by The Honorable Mark Davidson of the District Court of Harris County, Texas, who presides over the Texas intra-state MDL relating to asbestos cases as follows:

> Plaintiffs claimed in argument before the court that if the case is refiled in Maine, it will immediately be removed to Federal Court, and from there transferred to the Federal MDL.  What will happen to the cases there?  Apparently the judge will not give the plaintiff an opportunity to have his case heard before his death.  The judge will attempt to get the case to settle.  When and if the case is remanded, there will have been little, if any, judicial decision making performed that will assist the trial court.  It will sit in this court, if it does not settle, for several years before it is remanded.  The case will then go to the end of the docket in the federal court to which it is assigned.  This isn't just what I have been able to find out from conferring with federal judges around the nation – this is what the Judge D. Brock Hornby, Chief Judge of the Federal Courts of the District of Maine, wrote in *In re Maine Asbestos Cases*, 44 F.Supp.2d 368 (D.Me. 1999). . . . If it is the Federal Court of Pennsylvania, it is certain that Mr. Richards will not be alive to have his day in court, and will die without knowing whether or not his widow will get a recovery from this case.  A system of justice that would mandate such a result has nothing to do with the concept of justice.

Exhibit B, *Decision of Judge Davidson in Austin Richards, et. ux. v. Carver Pump Company et al.*; Case No. 2006-22,116 (September 5, 2006). Judge Davidson then referred to the Federal MDL as it has existed for many years as a "black hole." *Id.*

8.      Lest Removing Defendants attempt to characterize Judge Davidson's "black hole" comment as unfounded hyperbole, the agenda for the 2007 Defense Research Institute (DRI) conference regarding asbestos litigation demonstrates the generally accepted view of the defense bar regarding this issue. Exhibit C, *Agenda for DRI "Asbestos Medicine" Conference, November 8-9, 2007.* The first presentation at this year's convention of asbestos-defense lawyers is entitled:

> **MDL 875: Navigating the Black Hole – Its Future and Ramifications for State Courts:** Hear about the current role of the MDL and its projected impact on existing and future cases.

*Id.* at p. 4. While the possibility of eventual return from MDL-875 exists, there can be no reasonable dispute that the delays in reaching that point will almost certainly result in Mr. Young's death before he has a chance to receive his day in court.

**B.      Under the Circumstances of This Case, it Would Be a Gross Injustice and Violation of Mr. Young's Rights If He is Required to Navigate the Maze of MDL-875 Before Federal Jurisdiction Has Been Established.**

9.      There is no dispute that MDL-875 has resulted in the closure of tens of thousands of cases. Equally, however, there can be no dispute that the massive delays in MDL-875 almost always result in the death of individuals with mesothelioma prior to their receiving a day in court. Such delays may be an unavoidable reality in *cases where federal jurisdiction has been determined to be proper.* However, it is grossly inequitable that Mr. and Mrs. Young might have to wait 1, 2 or even 3 years in MDL-875 only to have the original transferor Court determine that federal jurisdiction

4

does not exist upon return of the case to the transfer court at the completion of the procedures of MDL-875.

10.  Despite the commendable efforts of the Transferee Court, MDL-875 still contains thousands of unresolved cases to be handled by a single judge. *See, e.g., Statistical Analysis of Multidistrict Litigation 2007* at 4 (Jud.Pan.Mult.Lit. 2007). A review of the *Statistical Analysis* demonstrates that forty-seven percent of cases pending nationwide before MDL panels as of September 30, 2007 were actions pending in MDL-875.

11.  In making this Motion, Plaintiffs are cognizant of the past statements of this Panel in rulings such as *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1384 (Jud. Pan. Mult. Lit. 2001) that "we are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or their claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed." *Id* at 1350.

12.  Based upon the recent experience of Plaintiffs' counsel discussed in more detail below, the *factual reality* is that MDL-875 does not consider jurisdictional motions and that "speedy return" from MDL-875 is nearly impossible. While return to the transferor court can, occasionally, be secured, Plaintiffs are required to navigate the maze of MDL-875, including mandatory settlement conference and potential discovery, *prior to any determination regarding whether the federal courts have jurisdiction over the case at all.* That process is not "speedy" in the context of individuals with mesothelioma, whose expected lifespan is measured in months, rather than years. *See* Exhibit A.

13.  Plaintiff urges this Panel to re-consider its policy of approval of conditional transfer orders in cases where jurisdictional motions to remand are pending in the transferor court, at least

under the particular factual circumstances of this case. The factual posture of this case, when taken as a whole, is "unique" when compared to the mass of cases currently sequestered in MDL-875:

    a.   Mr. Young has mesothelioma.  His cancer is inoperable and he has been receiving palliative chemotherapy despite there being no chance of recovery from his disease.

    b.   Mr. Young has a chance at obtaining a trial in his lifetime in state court if the case is remanded *now*.  Plaintiffs timely requested to add their case to the April 2010 mesothelioma trial group in Baltimore City, where their counsel has another case set for trial.  Exhibit D, *Request to Add Case to April 2010 Mesothelioma Trial Group.*  Should the case be returned to state court, Plaintiff intends to seek an earlier trial setting, based upon availability of the trial court.

    c.   Numerous substantial jurisdictional and procedural defects to the Removal of the case have been timely and properly raised by the Youngs.  *See* Exhibit E, *Plaintiffs' Motion for Remand.*

In these circumstances, it would be a grave injustice for Mr. Young's case to be transferred to MDL-875 before the United States District Court for the District of Maryland rules upon the jurisdictional arguments raised by Plaintiffs.[1]

    **C.**    **It Is Unfair and Unconstitutional to Allow Transferor Courts to Arbitrarily Choose Whether or Not to Rule on Jurisdictional Objections When Not Ruling Will Require Plaintiffs to Participate in Settlement Conferences, Discovery and Other MDL-875 Procedures**

---

[1] Plaintiffs refer to the Motion to Remand simply to illustrate the jurisdictional arguments raised by Plaintiffs. Accordingly, Plaintiffs attach the Motion only, and not the accompanying Memorandum or Exhibits.  Plaintiff will provide these materials to the Panel if requested.

14.     Plaintiffs are cognizant of the Panel's prior statement that transferor courts "wishing to address such motions have adequate time to do so" and that "those courts concluding that such issues should be addressed by the transferee judge need not rule on them...." *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d at 1349, n. 1. Plaintiffs submit that this policy is both unjust and based upon a faulty factual premise.

15.     The policy is unjust because it is grossly unfair for a dying Plaintiff to have his Constitutional right to due process subjected to the arbitrary question of whether the transferor court "wishes" to rule on the Motion to Remand. The Panel's policy does not articulate any standards that would provide any principled basis for the "wish" of the transferor court. The panel's policy does not require the transferor court to exercise discretion and to explain that exercise in a way that would allow for meaningful review.

16.     To the contrary, the Panels' policy allows the transferor court, without exercise of discretion, without analysis or explanation, and without any opportunity for challenge, to choose to not rule on a fundamental jurisdictional motion simply because it does not "wish" to do so. That is unfair and unconstitutional. The United States Supreme Court has made it clear that federal courts must determine their jurisdiction at the very outset of litigation, and that "without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264(1868)). The Court further stated, "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* at 94-95, 118 S.Ct. at 112 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*), 111 U.S. 379, 382, 4 S. Ct. 510, 511 (1884)). Discretion is not unbounded. In

7

exercising discretion, judges must actually consider cases and arguments – individually and on their merits.  The Panel's policy accepts unbounded, arbitrary and unexplained refusals to rule by transferor courts that indisputably result in cases being marooned in federal court for months or years despite the lack of federal jurisdiction.  That is wrong.  Moreover, it is entirely avoidable.[2]

### D.     **What Actually Happens to Cases Transferred to MDL-875.**

17.     The policy of the Panel to accept the unexplained choice of a transferor courts to not rule upon jurisdictional motions to remand is based upon a faulty factual premise.  In setting the policy, the Panel expressly assumed that the MDL-875 judge would consider and rule upon Motions to Remand.  Specifically, in *In re Asbestos Products Liability Litigation*, the Panel stated "those courts concluding that such issues should be addressed by the transferee judge need not rule on them….".  *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d at 1349 n.1.  In truth, MDL-875 does not rule upon motions to remand.  *See* Exhibits F and G (Affidavits of Jonathan Ruckdeschel, Esq. and Charles Siegel, Esq.).

18.     Contrary to the assumption of the Panel, it has been the practice of MDL-875 to require parties to pursue the settlement and discovery process of MDL-875 irrespective of whether there is a pending jurisdictional Motion to Remand.  Moreover, it has been the practice of MDL-875 to refrain from ruling upon pending Motions to Remand and, instead, to leave such motions pending until the case is returned to the transferor court years after transfer.  The transferor court then ends up ruling on the jurisdictional Motion to Remand that had been pending all along.

19.     This is precisely what occurred in the matter of *Hauck v. Borg Warner, et. al.*, Case

---

[2] In this respect, Plaintiffs do not ascribe any improper or ulterior motive to Courts that have chosen to not rule on such motions.  To the contrary, Plaintiffs believe that these Courts are laboring under the misperception that MDL-875 considers and rules upon jurisdictional motions when, in fact, it does not.

No. 6:04-cv-01835 (M.D. Fla. October 12, 2006), also handled by counsel for Plaintiffs.  In *Hauck*,

the transferor court chose, without prior explanation, to not rule on the Motion the Remand.  *See*

Exhibit H, Order Remanding Case To State Court *in Hauck v. Borg Warner, et. al., Case No. 6:04-*

*cv-01835* (M.D. Fla. October 12, 2006) (setting forth facts discussed below).  As described below,

the *Hauck* case provides a perfect example of the inequity of allowing transferor courts to arbitrarily

decide, without explanation and without possibility of review, not to rule on jurisdictional Motions

to Remand prior to transfer to MDL-875.

      20.     On December 16, 2004, the *Hauck* case was removed to federal court on the sole

ground of diversity of citizenship, despite the fact that diversity had existed since the case was

originally filed on July 21, 2004.  In January, 2005, Plaintiff moved to remand the case to state court,

asserting that the federal courts lacked jurisdiction over the case.  On February 17, 2005, the U.S.

District Court for the Middle District of Florida heard oral argument on the Motion to Remand.

      21.     In June 2005, six months after removal, five months after filing of the motion to

remand and over three months after oral argument on the motion, this Panel entered the final transfer

order in the *Hauck* case, over Ms. Hauck's objection that the federal courts lacked jurisdiction.

Despite having had months to decide the jurisdictional remand motion, the U.S. District Court for the

Middle District of Florida refused to rule on the Motion to Remand.  No explanation for that refusal

was ever provided.  Instead, after entry of the transfer order, the U.S. District Court for the Middle

District of Florida simply entered a pro-forma Order denying the Motion to Remand without

prejudice to the re-filing of the Motion in MDL-875.

      22.     Plaintiff promptly renewed her jurisdictional Motion to Remand in MDL-875.

Despite this, for the fourteen months that the *Hauck* case remained in MDL-875, the court made no

9

attempt to rule upon the motion or to even consider the jurisdictional arguments raised by Ms. Hauck. To the contrary, MDL-875 required Ms. Hauck to undergo two settlement conferences and informal discovery before Judge Giles eventually recommended "remand" of the case to the Middle District of Florida. The case returned to the Middle District of Florida – with the fundamental question of federal jurisdiction still pending.

23.     Upon *re-argument* of Plaintiff's Motion to Remand, the *Hauck* court determined that federal jurisdiction did not exist and, accordingly, *had never existed* and ordered remand to the state court system on October 12, 2006 – nearly 22 months after it was removed and nearly 20 months after the transferor court first heard oral argument on the Motion to Remand.

24.     Similarly, in the case of *Shifflett v. A.C.&R. Insulation Co., et al.*, Case No. 1:07-CV02397-WDQ (D. Md. 2008), also handled by Plaintiffs' counsel, the case was removed to federal court on September 7, 2007. Plaintiffs filed a timely Motion to Remand citing procedural deficiencies and substantive jurisdictional challenges, similar to those at issue in the present matter, on October 4, 2007. Plaintiffs also filed a Motion for Expedited Consideration on October 11, 2007. No hearings were held on the motions, and the District Court declined to rule on the jurisdictional issue prior to transfer to MDL-875 on February 29, 2008.

25.     After two unfruitful settlement conferences, the *Shifflett* case was remanded to the U.S. District Court for the District of Maryland on August 11, 2008 when the Clerk for MDL-875 transmitted a certified copy of the Conditional Remand Order to the District Court. Although the *Shifflett* case was remanded to the transferor court in just under a year, there has been no further action taken by the transferor court. Despite having filed a Renewed Motion for Remand on August 27, 2008, the question of jurisdiction, which has been pending for nearly a year, remains undecided

10

as of the date of this filing.

26.     In making the Motion herein, the Youngs do not cast any aspersions on the hard work of Judge Weiner during his tenure or Judge Giles since his assumption of MDL-875.  Indeed, Plaintiffs do not question the statement of this Panel that "whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been utilized to accomplish Section 1407 remand for trial with a minimum of delay." *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d at 1350.  The fact remains, however, that the "remand" discussed in that comment is not remand to state court due to determination that the federal courts lack jurisdiction.  To the contrary, it refers to remand to the transferor court for trial or further proceedings *after completion of the maze of MDL-875*.  There is no way to complete that maze "with a minimum of delay" however.

27.     Nowhere are the famous words of William Gladstone that "justice delayed is justice denied" more fitting than when used in connection with a lawsuit brought by a terminally ill individual seeking justice regarding their disease.  It is gravely unjust to require dying plaintiffs like Mr. Young to negotiate MDL-875 before they can obtain a ruling on a jurisdictional motion to remand.  Lacking jurisdiction over the case at all, it is unconstitutional to require a plaintiff to suffer the inevitable delays of MDL-875 before *jurisdiction* is determined.  As demonstrated by the *Hauck* and *Shifflett* cases, MDL-875 does not consider jurisdictional motions to remand.  To the contrary, if a case is transferred to MDL-875 with a pending motion to remand, that motion remains pending while the plaintiff frantically tries to outrace the Reaper though the maze of MDL-875 in the hope that he or she will obtain referral back to the transferor court.  Only at that point – one, two, three or even more years later – will the Plaintiff obtain their constitutionally guaranteed ruling upon the Motion to Remand.

**E.    The Hope of Having a Reasonable Likelihood of Obtaining a Trial During a
Plaintiff's Lifetime is a Valuable Right.**

28.    Mesothelioma is asbestos cancer. People with mesothelioma die from mesothelioma
and they almost always die within two years of diagnosis. There is no escape from this disease.

29.    Nevertheless, courts around the country, such as the courts of the state of Maryland,
have developed remarkable procedures to provide persons with mesothelioma with a reasonable
likelihood of receiving a trial in their extraordinarily limited lifetime. Any significant delay in
federal court will greatly jeopardize Plaintiffs' ability to have their case heard in the April 2010
mesothelioma trial group in the Circuit Court for Baltimore City where it is currently slotted. While
nobody knows if Mr. Young will survive until April 2010, there can be no reasonable dispute that he
has almost no chance of being alive for trial if the CTO is finalized prior to determination of the
jurisdictional issues raised in his Motion to Remand.

30.    It is unjust for Mr. Young's case to spend months or years in MDL-875 without a
determination that the federal courts have jurisdiction over his case. If the federal courts have
jurisdiction over this matter, Mr. Young understands and accepts that his case will be transferred to
MDL-875 and that he will almost certainly die before he can obtain a trial date. Mr. Young cannot
understand and cannot accept, however, that even while federal jurisdiction does not exist, there is a
possibility that he may lose his chance for trial during his lifetime, simply because the transferor
court might choose not to rule on the Motion to Remand.

31.    Vacating the Conditional Transfer Order (CTO) in this case until the United States
District Court for the District of Maryland rules upon the Motion to Remand will cause no prejudice
to any party and will further the interests of judicial economy – the entire point of the MDL process.

12

If jurisdiction is rejected, the case leaves federal court and will fall into its allotted slot in the April 2010 mesothelioma trial group.  If jurisdiction is confirmed, Plaintiffs will not oppose transfer to MDL-875 and completion of the procedures of that Court.

32.      In contrast, finalizing the CTO prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875.  Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL-875 procedures despite the lack of confirmation of jurisdiction.  Upon completion of those procedures, the case will be sent back to the transferor court – incurring yet more administrative costs and burdens – only to return to the same question pending today – whether the federal courts have jurisdiction over this matter.

## IV.    CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel vacate the conditional transfer order, without prejudice, pending decision by the United States District Court for the District of Maryland on Plaintiffs' Motion to Remand.

Respectfully submitted,

Jonathan Ruckdeschel
Federal Bar Number: 25015
Dawn P. O'Croinin
Federal Bar Number: 26902
The Ruckdeschel Law Firm, LLC
5126 Dorsey Hall Drive, Suite 201
Ellicott City, Maryland 21042
Telephone: 410.884.7825
Facsimile: 443.586.0430
ruck@rucklawfirm.com
dawn@rucklawfirm.com

## REQUEST FOR HEARING

Plaintiffs respectfully request a hearing on this motion.

Dawn P. O'Croinin

## CERTIFICATE OF SERVICE

I hereby certify that on this _2nd_ day of _October_ 2008 that a true and correct copy of this Memorandum in Support of Motion to Vacate the Conditional Transfer Order has been served by U.S. Mail on all counsel listed in the attached Panel Service List pursuant to Rule 5.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, FED.R.CIV.P. 5 and MDL – CTO 315.

Dawn P. O'Croinin

14

**Case Transferred to MDL-875 while Motions to Remand were pending in District Court**

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---|---|---|---|---|---|
| *Gitto v. A.W. Chesterton et al* Southern District of New York Case No. 07 CV 4771 | 6/5/07 | 6/13/07 | 10/15/07 | 3 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Raymond C. Allison and Mary Lou Allison v. Alfa Laval, Inc. et al.* District of Minnesota Case No. 07 CV 3659 | 8/7/07 | 8/13/07 | 9/27/07 | 0 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Laughter v. Georgia Pacific, et al.* Northern District of Mississippi, Delta Division Case No. 2-06CV007-P-A, | 1/23/06 | 2/01/06 | 6/19/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Robert L. Reeves v. Afton Pumps, Inc., et al.* Southern District of Mississippi, Southern Division. Case No. 1:07-cv-00141-WJG | 2/28/07 | 3/8/07 | 8/6/07 | 0 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Charles G. Papp and Catharine Papp v. Alfa Laval, Inc., et al* Southern District of Florida, Miami Division Case No. 07-CV-61827 | 12/14/07 | 1/2/08 | 6/6/08 | unknown | Remand motion has not been heard. Case still pending in MDL-875. |
| *Hauck v. Borg Warner* Middle District of Florida Case No. 6:04-cv-01835-JA-DAB | 12/16/04 | 1/18/05 | 6/05 | 2 | Case transferred back to District Court on 8/14/06 (22 months after removal). Case remanded to State Court on 10/12/06 |



{00131456.DOC}

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---|---|---|---|---|---|
| *Shifflet v. AC&R Insulation Co., Inc., et al*, District of Maryland Case No. 07-CV-2297 | 9/7/07 | 10/4/07 | 2/25/08 | 2 | Case transferred back to District Court on 8/11/08. Case remanded to State Court on 10/15/08 (for procedural defect – lack of unanimous consent – in removal) |
| *Kaiser v. American Standard, Inc.*, Case No. 06-600 | 9/15/05 | 12/15/05 | 3/23/07 | 0 | Remand motion has not been heard. |
| *Harwood v. Bondex International, Inc., et al.* District of Delaware Case No. 06-CV-0673 | 11/1/06 | 11/08/06 | 4/24/07 | 1 (to take place on 10/15/08 | Case still pending in MDL-875. Remand motion has not been heard. Case still pending in MDL-875. |
| *Wooley v. International Paper Co., et al* Southern District of Mississippi, Southern Division. Case No. 01 CV 0237 | 6/6/01 | 8/6/01 | 10/18/01 | unknown | Unknown |
| *Baden et al v. BPU Reynolds, Inc., et al* Southern District of Texas Case No. 01-CV-0288 | 6/29/01 | 7/27/01 | 10/18/01 | unknown | Unknown |
| *Gonzales v. Owens Corning Fiberglass Corp., et al* Northern District of California Case No. 95-CV-3705 | 10/20/95 | 11/15/95 | 2/16/96 | unknown | Unknown |
| *San Juan v. Owens Corning Fiberglass Corp., et al* Northern District of California Case No. 95-CV-3709 | 10/20/95 | 10/30/95 | 2/16/96 | unknown | Unknown |

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---|---|---|---|---|---|
| Headley v. Anchor Packing Co., et al District of Oregon Case No. 95-CV-1543 | 10/5/95 | 11/6/95 | 2/16/96 | unknown | Unknown |
| Dyer v. Alfa Laval, Inc., et al Central District of California Case No. 07-CV-7959 | 12/6/07 | 12/31/07 | 6/6/08 | unknown | Unknown |
| Ball v. Union Carbide Corporation, et al Central District of California Case No. 07-CV-2392 | 12/20/07 | 1/16/08 | 6/6/08 | unknown | Unknown |
| Kortekamp v. 3M Co., et al District of Rhode Island Case No. 07-CV-23042 | 2/1/08 | 2/19/08 | 6/6/08 | unknown | Remand motion has not been heard. Case still pending in MDL-875. |
| Krause v. Bondex International, Inc., et al Middle District of Florida Case No. 08-CV-1954 | 10/29/07 | 11/29/07 | 6/6/08 | unknown | Unknown |
| Hammons v. Dana Corp., et al Southern District of Mississippi Case No. 1:03-CV-00626 | 9/19/02 | 10/17/02 | Early 2003 | 5 | Remanded to Transferor Court on 7/24/07 |
| Cardaro v. Aerojet General Corp., et al Eastern District of Louisiana Case No. 05-CV-02684 | 6/29/05 | 7/25/05 | 1/25/06 | 4 | Remand motion has not been heard. Case still pending in MDL-875. |
| Mary E. Blackburn v. Northrup Grumman Newport News Eastern District of Virginia | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |

3

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---|---|---|---|---|---|
| Albert W. Dail v. Northrup Grumman Newport News, Eastern District of Virginia, Case No. 05-CV-2895 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| Frances C. Diggs v. Northrup Grumman Newport News, Eastern District of Virginia, Case No. 05-CV-2896 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| Mildred S. Edwards v. Northrup Grumman Newport News, Eastern District of Virginia, Case No. 05-CV-2897 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| Doris M. Harmon v. Northrup Grumman Newport News, Eastern District of Virginia, Case No. 05-CV-2898 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| Burnell Landrum v. Northrup Grumman Newport News, Eastern District of Virginia, Case No. 05-CV-2899 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| Sandra L. Russell v. Northrup Grumman Newport News, Eastern District of Virginia, Case No. 05-CV-2900 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| Robert Schaffer, Jr. v. Northrup Grumman Newport News, Eastern District of Virginia, Case No. 05-CV-2901 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |

4

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---------|----------------------------------|-----------------------------------------------|----------------------------------------|--------------------------------------|---------------------------|
| *Gladys I. Spikes v. Northrup Grumman Newport News* Eastern District of Virginia Case No. 05-CV-2902 | | | | | |
| *Peggy O. Sheets v. Northrup Grumman Newport News* Eastern District of Virginia Case No. 05-CV-2903 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Nonie C. White v. Northrup Grumman Newport News* Eastern District of Virginia Case No. 05-CV-2904 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Betty Jean Lancaster v. Northrup Grumman Newport News* Eastern District of Virginia Case No. 05-CV-2905 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Betty J. Williams v. Northrup Grumman Newport News* Eastern District of Virginia Case No.05-CV-2906 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| *Crystal W. Moore v. Northrup Grumman Newport News* Eastern District of Virginia Case No. 05-CV-2907 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |
| *James T. Turner v. Northrup Grumman Newport News* Eastern District of Virginia Case No. 05-CV-2908 | 5/18/05 | 6/20/05 | 8/15/06 | 1 | Remand motion has not been heard. Case still pending in MDL-875. |

5

| Caption | Date of Removal to Federal Court | Date Motion to Remand filed in District Court | Date of JPML Transfer Order to MDL-857 | Number of MDL Settlement Conferences | Status of Case in MDL-875 |
|---|---|---|---|---|---|
| Case No. 05-CV-2909 | | | | | |
| William Bussey v. Buffalo Pumps, Inc.et al., United States District Court for the Eastern District of Virginia, Norfolk Division. Civil Action No. 2:08-cv-09367 | 5/27/08 | 6/17/08 | 10/10/08 | 0 | Remand motion has not been heard. Case still pending in MDL-875. |

6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
                         :

ERNESTO MIRANDA and
DIANA MIRANDA,               :
                         :

             Plaintiffs,     :

      - against -          :
                         :

ABEX CORPORATION, *et al.*,   :
                         :

           Defendants.    :
------------------------------------------------ X

**OPINION AND ORDER**

08 Civ. 5509 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.     INTRODUCTION

         On June 18, 2008, defendants Northrop Grumman Corporation and Lockheed Martin Corporation removed this asbestos-related tort action to federal court after invoking the federal officer removal statute, section 1442(a)(1) of Title 28 of the United States Code.[1]  Plaintiffs Ernesto and Diana Miranda now move to remand the suit to state court.  For the reasons stated below, the Mirandas' motion to remand the case to state court is granted.

## II.     BACKGROUND

         Ernesto Miranda and his wife, Diana, brought this action in New

---

[1]     28 U.S.C. § 1442(a)(1).

1



York state court in March 2008.  Late in 2007, Ernesto was diagnosed with

mesothelioma, a fatal form of cancer attributed to asbestos exposure.[2]  The

Mirandas' claim was based in part on Ernesto's alleged exposure to asbestos from

aircraft during his service in the United States Air Force.[3]  Miranda also alleged

asbestos exposure apart from his service in the Air Force.  The Mirandas assert

that the defendants are liable to them for failing to warn Ernesto of the hazards of

asbestos exposure.  In response, many of the aviation-related defendants asserted a

federal contractor defense which — when properly asserted — allows removal to

federal court.[4]

On August 28, 2008, the Mirandas filed a motion to remand the case

back to New York state court.[5]  In a memorandum of law accompanying this

motion, the Mirandas asserted that they had waived "all aviation-related claims."[6]

On October 6, 2008, the Mirandas supplemented this waiver with a motion to

---

[2]      See 12/19/07 Letter from Dr. Cliff P. Connery to Dr. Gary Burke, Ex.
1 to Defendant General Electric Company's Memorandum of Law in Opposition
to Plaintiffs' Motion to Remand ("Def. Mem.").

[3]      See Def. Mem. at 3.

[4]      See 28 U.S.C. § 1442(a)(1).

[5]      See Plaintiffs' Motion to Remand.

[6]      See Plaintiffs' Reply Brief in Support of Plaintiffs' Motion to
Remand ("Reply Brief") at 1.

2

"dismiss all claims stated in their Complaint arising out of Mr. Miranda's employment in the United States Air Force."[7] Based on their waiver of all aviation-related claims, the Mirandas argued that there are "no claims now pending to which [defendants] could possibly allege a basis of federal jurisdiction."[8] The Mirandas also represent that because Ernesto is gravely ill, his case has already been scheduled for trial in state court.[9]

In opposition to the Mirandas' motion to remand, defendant General Electric ("GE") argues that the Mirandas' dismissal of the aviation-related claims does not strip this Court of jurisdiction under the federal officer removal statute.[10] In essence, GE argues that while the Mirandas have decided not to pursue any aviation-related claims, other defendants have brought cross-claims against GE for contribution in light of Ernesto's aviation-related asbestos exposures. In defending these cross-claims, GE will invoke its federal contractor defense. As GE notes, "Plaintiffs' aviation exposures are in this case regardless of any

---

[7]    *See* Plaintiffs' Motion to Dismiss Pursuant to Rule 41(a)(2).

[8]    Plaintiffs' Reply Memorandum in Support of Plaintiff's Motion to Dismiss and in Further Support of Remand at 1.

[9]    *See* Reply Brief at 1.

[10]    *See* Defendant General Electric Company's Memorandum of Law in Response to Plaintiffs' Motion to Dismiss Pursuant to Rule 41(a)(2), and in Further Opposition to Remand at 1-2.

3

ministerial dismissal of the 'aviation claims' in the Complaint.  As long as these exposures are in the case and a claim, by any party, exists that those exposures were a substantial contributing cause of plaintiffs' injuries, GE has a federal defense in this action."[11]

## III.   APPLICABLE LAW

Ordinarily, the well-pleaded complaint rule dictates that a defendant may remove an action from state court to federal court only if the case could have been filed in federal court in the first instance.[12]  Thus federal question jurisdiction may be invoked only "'when a federal question is presented on the face of the plaintiffs' properly pleaded complaint.'"[13]  Suits against federal officers are an exception to this general rule.[14]  "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal

---

[11]   *Id.* at 2.

[12]   *See City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) (citation omitted).

[13]   *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  *Accord Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[14]   *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

4

law."[15]

      The federal officer removal statute provides that "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove to federal court.[16] If the defendant moving for removal is not a federal officer or agency, three conditions must be satisfied for removal to be appropriate. *First*, the defendant must show that it is a "person" as that term is used in section 1442(a)(1).[17] *Second*, the defendant must offer a colorable federal defense.[18] *Third*, "it must establish that it was 'acting under' a federal officer, which subsumes the existence of a 'causal connection' between the charged conduct and asserted official authority." [19] While other removal statutes are interpreted narrowly, the federal officer removal

---

[15]    *Id.*

[16]    28 U.S.C. § 1442(a)(1).

[17]    *See In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

[18]    *Id.* (citing *Mesa v. California*, 489 U.S. 121, 129 (1989)).

[19]    *Id.* (citing *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)).

statute "must be liberally construed."[20]

## IV.   DISCUSSION

### A.   "Person" within the Meaning of Section 1442(a)(1)

In order for removal to be proper under the federal officer removal statute, GE must be a "person" within the meaning of section 1442(a)(1).[21]  The Second Circuit has held that "it is clear that corporations are 'persons' within the meaning of [section 1442(a)(1)]."[22]  Thus, GE satisfies the first requirement for removal under the federal officer removal statute.

### B.   Colorable Federal Defense

#### 1.   Legal Standard

For removal to be proper, GE must also assert a colorable federal

---

[20]   *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 136 (2d Cir. 2008) (citing *Watson v. Phillip Morris Cos., Inc*, — U.S. —, 127 S. Ct. 2301, 2304-05 (2007); *Willingham*, 395 U.S. at 407 ("Th[e] policy [of providing the protection of a federal forum to federal officers] should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).")). *Accord Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("Because it's so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441.").

[21]   *See In re MTBE*, 488 F.3d at 124.

[22]   *Id.* Federal courts presume that the term "persons" includes corporations "unless the context indicates otherwise." *Isaacson*, 517 F.3d at 135 (citing 1 U.S.C. § 1).  "Because the legislative history is devoid of evidence suggesting that Congress intended § 1442 not apply to corporate persons, the ordinary presumption established in 1 U.S.C. § 1 controls." *Id.* at 136.

6

defense.[23]  GE claims that it is immune from state tort liability arising from

Ernesto Miranda's alleged aviation-related asbestos exposure because it was

serving as military contractor at the time of Miranda's alleged exposure.[24]   Such a

defense, if established, "presents a colorable federal defense in both design defect

and failure to warn cases."[25]

"The military contractor defense is premised on federal displacement

of state law where state law significantly conflicts with the federal interest

embodied in the federal government's sovereign immunity for discretionary

functions."[26]  To show such a conflict, and thus to assert this federal defense, a

defendant contractor must satisfy three requirements.  *First*, it must demonstrate

that "'(1) the United States approved reasonably precise specifications' for the

military equipment supplied by the contractor."[27]  *Second*, it must show that "'the

---

[23]     *See In re MTBE*, 488 F.3d at 124.

[24]     *See* Def. Mem. at 17.

[25]     *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 102 (D. Conn. 2007) (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Grispo v. Eagle-Picher Indus., Inc.*, 897 F.2d 626, 629 (2d Cir. 1990)).

[26]     *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 839 (2d Cir. 1992) (citing *Boyle*, 487 U.S. at 511).

[27]     *Machnik*, 506 F. Supp. 2d at 102 (quoting *Boyle*, 487 U.S. at 512).

equipment conformed to those specifications.'"[28]  *Third*, the defendant contractor

must show that it '"warned the United States about the dangers in the use of the

equipment that were known to the [contractor] but not to the United States.'"[29]  In

the failure to warn context, the first prong of this test requires a showing that

"whatever warnings accompanied the product resulted from a determination of a

government official, and thus that the Government itself 'dictated' the content of

the warnings meant to accompany the product."[30]

### 2.    Analysis

In determining whether a defendant has asserted a colorable federal

defense, courts are permitted "to look beyond the pleadings to the evidence

submitted by the parties regarding the Motion to Remand."[31]  A review of the

evidence submitted by GE shows that it has failed to assert a colorable federal

---

[28]    *Id.* (quoting *Boyle*, 487 U.S. at 512).

[29]    *Id.* (quoting *Boyle*, 487 U.S. at 512).

[30]    *Grispo*, 897 F.2d at 631 (citations omitted).  *Accord Machnik*, 506 F. Supp. 2d at 103 ("To prove the 'reasonably precise specifications' requirement, [the defendant] must show that the government actively participated in creating the specifications for the products and warning labels [defendant] supplied, and that the government imposed these specifications on [defendant].") (citing *In re Agent Orange Prod. Liab. Litig.*, 304 F. Supp. 2d 404, 434 (E.D.N.Y. 2004)).

[31]    *Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d. 187, 196-97 (D. Mass. 2008) (citing *Machnik*, 506 F. Supp. 2d at 103).

defense.

In support of its asserted federal defense, GE offers an affidavit from Joseph D. Gould, who has worked at GE's Military Engines Operation since 1974 and who "has affirmed that he is familiar with the procedures and practices associated with providing jet aircraft engines for the U.S. Military through government contracts."[32]  According to Gould,

> "all aspects of th[e] . . . design, manufacture, testing and acceptance [of aircraft] engines would have been performed under the immediate close supervision of the United States Air Force and/or Navy . . . . This supervision and control would have been exercised through contract documents, design and construction drawings, written specifications and personal oversight by engineers and government specialists on site at GE Aircraft Engines . . . ."[33]

He also notes that "detailed drawings would have been reviewed and approved by U.S. Air Force personnel and/or their representatives before production of the component parts and assembly of the engines commenced."[34]

In this failure to warn case, GE can assert a federal defense only if the Air Force "dictated" the content of warnings to it.[35]  The Gould Affidavit demonstrates that GE employees worked closely with Air Force personnel in the

---

[32]   Def. Mem. at 18.

[33]   Affidavit of Joesph D. Gould, Ex. 5 to Def. Mem., at ¶ 6.

[34]   *Id.* ¶ 7.

[35]   *Grispo*, 897 F.2d at 631.

9

design and construction of Air Force jets, yet it says nothing about asbestos warnings — the subject of this lawsuit.  In a recent asbestos case in the District of Massachusetts, by contrast, "[e]ach of the defendants claim[ed] that the military, through its contracts, exercised its discretion in such a way as to prevent them from warning [the plaintiff] about the dangers of asbestos."[36]  In this case, however, GE makes no such claim.  Similarly, GE fails to "rebut the obvious inference: that [it] never tried to warn about asbestos at all."[37]

The Gould Affidavit — the only evidence provided by GE as to the control of the Air Force over jet design and construction — suggests that "the government was silent as to whether or not [GE was] permitted to warn, or that there was no discussion about the content of the warnings.[38]  As such, there seems to be no conflict between federal policy and holding GE to its state-law duty to warn.[39]  Accordingly, GE's asserted federal defense fails.

---

[36]   *Hilbert*, 529 F. Supp. 2d at 199.

[37]   *Id.* at 202.

[38]   *Id.* at 199.

[39]   *See id.* ("If no federal policy is infringed and the contractor had discretion to warn, then the affirmative federal contractor defense must fail.") (citing *Dorse v. Eagle-Picher Indus., Inc.*, 898 F.2d 1487, 1488-90 (11th Cir. 1990); *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1155 (D. Colo. 2002); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab.*

## V.    CONCLUSION

As GE has not demonstrated that the government prevented it from including warnings on the aircraft components it manufactured, it has failed to establish a colorable federal defense.  Therefore, because the Court does not have jurisdiction in this case under the federal officer removal statute, plaintiffs' motion to remand is granted.  The Clerk of the Court is directed to close this motion (08 Civ. 5491, Docket No. 57 ) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              October 31, 2008

_____

*Litig.*, 327 F. Supp. 2d 554, 563 (D. Md. 2004)).

## - Appearances -

**For Plaintiffs:**

Patrick J. Timmins, Esq.
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 605-6209

**For Defendants Boeing Company and Boeing Integrated Defense Systems:**

Joseph A. D'Avanzo, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
177 Broad Street, 6th Floor
Stamford, Connecticut 06901
(203) 388-9100

Charles Christopher De Martino, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

**For Defendant Bondex International, Inc.:**

Anna Maria DiLonardo, Esq.
Weiner Lesniak, LLP
888 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 232-6130

**For Defendants Chrysler LLC, Georgia Pacific Corporation, and Goodyear Tire & Rubber:**

Scott A. Harford, Esq.
Lynch Daskal Emery, LLP

264 West 40th Street
New York, New York 10018
(212) 302-2400

**For Defendant Duramettalic Corporation:**

Erich Gleber, Esq.
Segal, McCambrige, Singer & Mahoney
805 Third Avenue, 19th Floor
New York, New York 10022
(212) 912-3681

**For Defendant Epson America, Inc.:**

John Francis Parker, Esq.
Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4206

**For Defendants Fairchild Corporation and Hitco Carbon & Composites:**

Thomas Russell Pantino, Esq.
Mendes & Mount, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8039

**For Defendants GE Aviation Systems LLC and Texas Instruments, Inc.:**

Michael Alan Tanenbaum, Esq.
Sedgwick, Detert, Moran & Arnold, LLP
Three Gateway Center 12th Floor
Newark, New Jersey 07102
(973) 242-0002

**For Defendant General Dynamics:**

13

Erik Christopher DiMarco, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017
(212)-490-3000

**For Defendant General Motors Corporation:**

Nancy Loraine Pennie, Esq.
Aaronson, Rappaport, Feinstein & Deutsch, LLP
757 Third Avenue
New York, New York 10017
(212) 593-6700

**For Defendant Goodrich Corporation:**

Patrick Joseph Dwyer, Esq.
Katherine E. Hauck, Esq.
Smith, Stratton, Wise, Heher & Brennan, LLP
2 Research Way
Princeton, New Jersey 08540
(609) 734-6186

**For Defendant HoneyWell International, Inc.:**

Donald Richard Pugliese, Sr., Esq.
McDermott, Will & Emery, LLP
340 Madison Avenue
New York, New York 10017
(212) 547-5400

**For Defendant International Business Machines Corporation:**

Elizabeth Marion Young, Esq.
Aaronson, Rappaport, Feinstein & Deutsch, LLP
757 Third Avenue

14

New York, New York 10017
(212) 593-6792

**For Defendant Konica Minolta Business Solutions U.S.A., Inc.:**

Robert Dorrance Brown, Jr., Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

**For Defendant Lear Seigler Service, Inc.:**

Daniel Seth Meyers, Esq.
Bracewell & Giuliani, LLP
1177 Avenue of the Americas, 19th Floor
New York, New York 10036
(212) 508-6100

Annalyn G. Smith, Esq.
Bracewell & Giuliani LLP
106 South St. Mary's Street, Suite 800
San Antonio, Texas 78205
(210) 226-1166

**For Defendant Lockheed Martin Corporation:**

Julie Lynn Mer, Esq.
Weiner Lesniak, LLP
888 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 232-6130

**For Defendants Metropolitan Transit Authority and New York City Transit
Authority:**

Samantha Maxwell Burd, Esq.
Landman, Corsi, Bllaine & Ford, P.C.
One Gatewaty Center

15

Newark, New Jersey 07102
(973) 315-4800

**For Defendant Nasco Air Brakes, Inc.:**

James Mark Altman, Esq.
Christopher Robert Strianese, Esq.
Bryan Cave LLP
1290 Avenue of Americas
New York, New York 10104
(212) 541-2029

**For Defendant Northrop Gruman Corporation:**

Elisa T. Gilbert, Esq.
The Gilbert Firm LLC
325 East 57th
New York, New York 10022
(212) 286-8503

**For Defendant Old Orchard Industrial Corporation:**

Arthur David Bromberg, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Avenue, 3rd Floor
Garden City, New York 11530
(973) 403-1100

**For Defendant Parker Hannifin Corporation:**

Richard P O'Leary, Esq.
McCarter & English, LLP
245 Park Avenue
New York, New York 10167
(212) 609-6800

16

**Judicial Panel on Multidistrict Litigation - Docket Entry Report**   Printed on 11/10/2008

Docket: 875 - IN RE: Asbestos Products Liability Litigation (No. VI)

Status: Transferred on 07/29/1991

Transferee District: PAE     Judge: Robreno, Eduardo C.

For: Entries Between 5,637 and 5,637

Page 1

| Pleading | File Date | Description |
|---|---|---|
| 5,637 | 10/06/2008 | MOTION/BRIEF TO VACATE CTO -- (re: pldg. 5621) (CTO-315) Filed by pltfs. in Young, et al., MD 1:08-2200 -w/OA Statement, Exhibits A-H, cert of serv & disk (tb) |
| | | Response due on or before October 27, 2008 (tb)    (Received on 10/03/2008) |

**Judicial Panel on Multidistrict Litigation – Docket Entry Report**

Docket:  875 - IN RE: Asbestos Products Liability Litigation (No. VI)

Status:   Transferred on 07/29/1991

Transferee District: PAE        Judge:  Robreno, Eduardo C.

For:  Entries Between 5,615 and 5,615

| Pleading | File Date | Description |
|---|---|---|
| 5,615 | 09/22/2008 | MOTION/BRIEF TO VACATE CTO -- (CTO-312 & CTO-313) (re: pldgs. 5501, 5522, 5534, 5535, 5543 & 5569) Filed by pltfs. in Seitz, et al., DE 1:08-351 and  Seitz, et al., NYS 1:08-353 - w/cert of serv & disk (tb)

Supplemental cert of serv rcv'd 9/22/08 (tb)

Response due on or before October 14, 2008 (tb)     (Received on 09/19/2008) |

**Judicial Panel on Multidistrict Litigation - Docket Entry Report**                    Printed on 11/10/2008

Docket:  875 - IN RE: Asbestos Products Liability Litigation (No. VI)

Status:  Transferred on 07/29/1991

Transferee District: PAE      Judge:  Robreno, Eduardo C.

For:  Entries Between 5,554 and 5,554

Page 1

| Pleading | File Date | Description |
|----------|-----------|-------------|
| 5,554 | 08/21/2008 | MOTION/BRIEF TO VACATE CTO -- (CTO-312) (re: pldg. 5517) Filed by pltfs. in Sammartino, et al., DC 1:08-967-w/Exhibits 1-2, cert of serv & disk (tb) |
| | | Responses due on September 10, 2008     (Received on 08/20/2008) |