**MDL 875**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
NOV 21 2008
FILED
CLERK'S OFFICE

| | |
|---|---|
| TROY LOFTON | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:08cv1008WJG-JMR |
| PHILLIPS 66 COMPANY, *ET AL.* | DEFENDANTS |

PLEADING NO. 5693

## ORDER

THIS CAUSE comes before the Court on motions of the Defendants, ConocoPhillips Company [Conoco, 17] and Union Carbide Corporation [Union Carbide, 18] to reconsider the order entered by this Court on November 4, 2008, granting the Plaintiff's motion to remand the above referenced action to the Circuit Court of Jones County, Mississippi. (Ct. R., Doc. 15.)

According to Conoco and Union Carbide, the Court erroneously found that the basis for removal was apparent in this case as of June 27, 2008, and based its reasoning for granting the motion to remand on that erroneous presumption. (Ct. R., Docs. 17, p. 2 and 18, p. 2.) The Defendants argue that no "other paper" showing that the case was removable was apparent to the parties until the motion for summary judgment was filed in this case on September 4, 2008. (Ct. R., Docs. 17, p. 4; and 18, p. 5.) ConocoPhillips contends that Plaintiff's deposition suggested that Oilfield Service was a proper party to the lawsuit. (Ct. R., Doc. 17, p. 3.)

ConocoPhillips indicates that a "writing" must be received to open the 30-day removal window in a case, and insists that it was not aware that the case was removable until the summary judgment motion was filed in September 2008. (Ct. R., Doc. 17, pp. 4, 5.) Both Defendants

Page 1 of 4

OFFICIAL FILE COPY
IMAGED NOV 2 1 2008

MDL-875 (2 Actions) VAC CTO
RECOMMENDED ACTION
Approved/Date: ___ 20 Nov 08

claim that Lofton did not prosecute his case against the in-state Defendants, Mississippi Mud, Inc., [Mississippi Mud], and Oilfield Service and Supply Company, Inc., [Oilfield Service], establishing that Lofton engaged in forum manipulation. (Ct. R., Docs. 17, p. 6 and 18, p. 5.) Defendants contend that this shows that the Plaintiff did engage in "inequitable conduct." (Ct. R., Doc. 17, p. 7 and 18, pp. 5-6.)

> Again, under 28 U.S.C. § 1446(b):
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This case was removed on the basis of diversity on September 26, 2008. (Ct. R., Doc. 1, p. 1.) This case was originally filed on March 6, 2006, following the severance of the case from the case filed in 2004. (Ct. R., Doc. 1, p. 5, n.9.) Thus, the one-year limit mentioned above applies in this case. The case was removed well beyond one year following the filing of the case.

The Court is aware that this time requirement is subject to equitable tolling. Tolling would come into play when the plaintiff acts in such a manner that the defendants' rights to removal are frustrated. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 n.10 (5th Cir. 2003). This scenario was previously discussed in the Court's November 4, 2008, Memorandum Opinion. (Ct. R., Doc. 14.) The Court will, however, elaborate further in light of the

Defendants' motions to reconsider. This case was filed in 2004, and later severed following a ruling by the Mississippi Supreme Court. (Ct. R., Doc. 1, p. 5.) The case proceeded through state court and in March 2008, one of the non-diverse defendants, Mississippi Mud, was dismissed from the case. (Ct. R., Doc. 3-3, p. 49.) Clearly at that time if Defendants thought that the remaining in state defendant was a "sham" defendant, removal would be warranted based on Defendants' current arguments that joinder of the in- state defendants was a act of forum manipulation on the part of the Plaintiff.

Oilfield Service's motion for summary judgment certainly was not a voluntary act by the Plaintiff, as required to trigger the "other paper" basis for removal, in dismissing the non-diverse defendant. In fact, it remains to be determined whether the motion for summary judgment will be decided favorably to Oilfield Service. *See Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The state court is capable of determining the outcome of the motion for summary judgment in this case. For these reasons, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629-30 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that Defendants' motions for reconsideration [17, 18] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on November 4, 2008, (Ct. R., Doc. 15),in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the November 4, 2008, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with these motions.

SO ORDERED AND ADJUDGED this the 17th day of November, 2008.

_____
UNITED STATES SENIOR DISTRICT JUDGE

Fax sent by : 7132220938    FRANKLIN CARDWELL    11-18-08 05:19p    Pg: 21/26
Case MDL No. 875   Document 5693   Filed 11/21/08   Page 5 of 5
Case 1:08-cv-01008-WJG   Document 15   Filed 11/04/2008   Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROY LOFTON            PLAINTIFF

VERSUS            CIVIL ACTION NO. 1:08cv1008WJG-JMR

PHILLIPS 66 COMPANY, *ET AL.*            DEFENDANTS

### ORDER

THIS CAUSE comes before the Court on motion [7] of the Plaintiff, Troy Lofton, to remand the above referenced action to the Circuit Court of Jones County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that Plaintiff's motion [7] to remand be, and is hereby, granted. The Clerk of this Court shall transfer this cause to the Clerk for the Circuit Court of Jones County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than November 14, 2008. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has returned this cause to the Clerk for the Circuit Court of Jones County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of November, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE