**MDL 875**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 21 2008

FILED
CLERK'S OFFICE

| | |
|---|---|
| ELSIE SMITH, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LARRY D. SMITH, DECEASED | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:08cv839WJG-JMR |
| PHILLIPS 66 COMPANY, *ET AL.* | DEFENDANTS |

<u>ORDER</u>

THIS CAUSE comes before the Court on motions of the Defendants, ConocoPhillips Company [Conoco, 18] and Union Carbide Corporation [Union Carbide, 20] to reconsider the order entered by this Court on October 24, 2008, granting the plaintiff's motion to remand the above referenced action to the Circuit Court of Smith County, Mississippi. (Ct. R., Doc. 17.)

According to Conoco and Union Carbide, the close of discovery was moved from July 2008, until August 29, 2008, to allow for additional depositions. (Ct. R., Docs. 18, p. 1 and 20, p. 2.) The Special Master in this case amended the discovery order to allow for depositions of treating physicians and experts, but all other discovery ended on July 31, 2008. (Ct. R., Doc. 20-2, p. 4.) These Defendants contend that the removal was perfected before the thirty days passed following the actual close of discovery, making the removal timely. (Ct. R., Doc. 18, p. 3; Doc., 20, p. 2.) The Defendants maintain that the requisite "other paper" was Oilfield Service and Supply Company, Inc.'s [Oilfield Service] motion for summary judgment which allegedly revealed that Oilfield Service was improperly joined. (Ct. R., Doc. 20, p. 4.)

PLEADING NO. 5694

OFFICIAL FILE COPY

IMAGED NOV 21 2008

Union Carbide contends that the Plaintiff engaged in forum manipulation, because Mississippi Mud, Inc. [Mississippi Mud] was dismissed in this case, and because Oilfield Service was not required to respond to discovery requests. (Ct. R., Doc. 20, p. 5.)

Again, under 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This case was removed on the basis of diversity on September 26, 2008. (Ct. R., Doc. 1, p. 1.) This case was originally filed on March 13, 2006, following the severance of the case from the case filed in 2004. (Ct. R., Doc. 1, p. 5, n.9.) Thus, the one-year limit mentioned above applies in this case. The case was removed well beyond one year following the filing of the case.

The Court is aware that this time requirement is subject to equitable tolling. Tolling would come into play when the plaintiff acts in such a manner that the defendants' rights to removal are frustrated. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 n.10 (5th Cir. 2003). This scenario was previously discussed in the Court's memorandum opinion, (Ct. R., Doc. 16), however, the Court will elaborate further in light of Defendants' motions to reconsider. As previously stated, this case was filed in 2004, and was later severed following a ruling by the Mississippi Supreme Court. (Ct. R., Doc. 1, p. 5.) The case proceeded through state court and

was administered by a Special Master who oversaw discovery and scheduling matters. (Ct. R., Docs. 12-4; 18-2.) In March 2008, one of the non-diverse defendants, Mississippi Mud, was dismissed from the case. (Ct. R., Doc. 20-2, p. 7.) Clearly at that time if the Defendants thought that the remaining in state defendant was a "sham" defendant, removal would be warranted based on the Defendants' current arguments that joinder of these defendants was a act of forum manipulation on the part of the Plaintiff.

Oilfield Service's motion for summary judgment certainly was not a voluntary act by the Plaintiff, as required to trigger the "other paper" basis for removal, in dismissing the non-diverse defendant. In fact, it remains to be determine whether the motion for summary judgment will be decided favorably to Oilfield Service. *See Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The state court is capable of determining the outcome of the motion for summary judgment in this case. For these reasons, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629-30 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that Defendants' motions for reconsideration [18, 20] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on October 24, 2008, (Ct. R., Doc. 17), in the above styled and numbered cause be, and is hereby, in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the October 24, 2008, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with these motions.

SO ORDERED AND ADJUDGED this the 17th day of November, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2008 NOV 18 P 4:59
RECEIVED CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELSIE SMITH, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
LARRY D. SMITH, DECEASED　　　　　　　　　　　　　　　PLAINTIFF

VERSUS　　　　　　　　　　　　　CIVIL ACTION NO. 1:08cv839WJG-JMR

PHILLIPS 66 COMPANY, *ET AL.*　　　　　　　　　　　　DEFENDANTS

## ORDER

THIS CAUSE comes before the Court on motion of Plaintiff to remand [5] the above referenced action to the Circuit Court of Smith County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that Plaintiff's motion to remand [5] be, and is hereby, granted. The Clerk of this Court is directed finalize the transfer of this record to the Clerk for the Circuit Court of Smith County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than November 6, 2008. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has transferred the case to the Clerk for the Circuit Court of Smith County, Mississippi. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with this motion.

SO ORDERED AND ADJUDGED this the 24th day of October, 2008.

_____
UNITED STATES SENIOR DISTRICT JUDGE