**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 4 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCT                          MDL NUMBER: 875
LITIGATION (No. VI)

RE:     PENDING ACTIONS IDENTIFIED ON THE ATTACHED SCHEDULE[1]

---

### PLAINTIFFS' MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER (CTO-316)

TO THE HONORABLE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION:

COME NOW PLAINTIFFS, as identified on Exhibit A attached hereto, who file this Motion to Vacate Conditional Transfer Order (CTO-316) (Brief is filed in a separate filing), and would respectfully show as follows:

1.      Plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation ("The Panel") issue an Order vacating its Conditional Transfer Order (CTO-316).

2.      Two of the 423 cases included in CTO-316, *Elsie Smith, et al. v. Phillips 66 Company, et al.*, USDC 1:08cv839WJG (S.D. Miss. 2008) and *Troy Lofton v. Phillips 66 Company, et al.*, USDC 1:08cv1008WJG-JMR (S.D. Miss. 2008), have already been remanded to State court. These two (2) remanded cases have issues in common with the remaining 421 cases

---

[1] *See* attached Exhibit A for a complete Schedule of Actions containing all 423 Plaintiffs and the causes of action subject to this filing.  These cases are currently pending in the Southern District of Mississippi, Southern Division. As detailed below, two of the cases have been recently remanded pursuant to order of the District Court for the Southern District of Mississippi, Southern District.  Subsequent to the Panel's issuance of CTO-316, Defendants removed the *Bob Martin* case, totaling 424 cases removed by Defendants.  The *Bob Martin* case is not subject to CTO-316.

**OFFICIAL FILE COPY**
IMAGED NOV 2 4 2008

PLEADING NO. 5696

under CTO-316, the resolution of which indicates that all other cases will likely also be remanded.

3.      Numerous grounds support remand of all 423 cases subject to CTO-316. Removal was untimely pursuant to 28 U.S.C. § 1446(b) because (1) there was no "other paper" in the 30 days prior to removal that provided a basis for removal, and (2) removal took place more than one (1) year after the cases were filed and no fraudulent or manipulative conduct occurred to justify making an exception to the one (1) year removal deadline.  Additionally, properly joined Jones Act Defendants at the time the cases were filed provided a basis for State court jurisdiction. When these cases were severed years after filing as a result of a change in the law, forum Defendants that were properly joined in good faith remained in the case.  Lastly, certain Defendants did not consent to removal.

4.      Cases subject to CTO-316 should not be sent to the Eastern District of Pennsylvania for inclusion in MDL No. 875.  These cases do not involve common questions of fact with cases in the litigation previously transferred to the Eastern District of Pennsylvania. Transfer will not serve the convenience of the parties and witnesses, nor will it promote the just and efficient conduct of the litigation.  Moreover, this is not the usual situation in which a small, more manageable number of cases are removed at one time.  Instead, Defendants simultaneously removed 423 cases, which has created a considerable backlog for the Southern District of Mississippi, Southern Division, and has obviously resulted in administrative challenges to that Court's efforts to rule on each of the remaining 421 cases.  Briefing by the parties has just concluded, and the Court has ruled on two motions for remand in cases that were set to begin trial

shortly after the removal date.  In both of those cases, the District Court has ordered that the cases be remanded to State court.

5.    Plaintiffs timely filed their Notice of Opposition to the Conditional Transfer Order, and have timely filed this Motion to Vacate the Conditional Transfer Order and Brief in Support thereof as required by the rules of this Panel.

6.    Plaintiffs requestfully request that a hearing on this Motion to Vacate the Conditional Transfer Order be scheduled.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request: (1) the Panel vacate Conditional Transfer Order 316 in order that these cases may be remanded to their respective Mississippi state courts; (2) in the alternative, that the Panel provide the District Court adequate opportunity to rule on the remaining motions for remand; and (3) that Plaintiffs be provided such other and further relief to which they may be entitled.

Respectfully submitted,

FRANKLIN, CARDWELL & JONES
A Professional Corporation

BY:

Gregory N. Jones
Bar Card No. 102152
Randy Bruchmiller
Bar Card No. 102094
Allen R. Vaught
Bar Card No. 101695
1700 Pacific Ave, Suite 1610
Dallas, Texas 75214
214 999 1324 - telephone
214 999 1326 – facsimile

**ATTORNEYS FOR PLAINTIFFS**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 24 2008

FILED
CLERK'S OFFICE

S. ROBERT HAMMOND, JR. (MSB #3004)
S. Robert Hammond, Jr., P.L.L.C.
711 Hardy Street
P.O. Box 471
Hattiesburg, MS  39403-0471
Telephone: (601) 264-4499
Facsimile:  (601) 264-5588

PHILIP E. CARBY (MSB #5862)
Philip E. Carby, P.C.
Post Office Box 1047
513 State Street
Natchez, Mississippi 39121
Telephone: (601) 445-5011
Facsimile: (601) 445-5033

## CERTIFICATE OF SERVICE

On this the <u>20th</u> day of November, 2008, a true and correct copy of the above and foregoing instrument was duly served upon all parties and/or their counsel of record identified on the attached Panel List by depositing the same in the U.S. Mail, proper postage prepaid.

Gregory N. Jones

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2008 NOV 21  A 10: 02

RECEIVED
CLERK'S OFFICE

**MDL NO. 875 - SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-316)**   Page 10 of 10

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Marcy B. Croft
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

S. Robert Hammond, Jr.
P.O. Box 471
Hattiesburg, MS 39403-0471

Jeffrey P. Hubbard
WELLS MOORE SIMMONS
 & HUBBARD
P.O. Box 1970
Jackson, MS 39215-1970

Gregory N. Jones
FRANKLIN CARDWELL & JONES
1001 McKinney
18th Floor
Houston, TX 77002

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

John Jeffrey Trotter
ADAMS & REESE LLP
P.O. Box 24297
Jackson, MS 39225-4297

Allen R. Vaught
FRANKLIN CARDWELL & JONES
1001 McKinney
18th Floor
Houston, TX 77002

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 4 2008

FILED
CLERK'S OFFICE

# EXHIBIT A

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| STYLE OF CASE | CIVIL ACTION NO. | DISTRICT COURT |
|---|---|---|
| Elsie Smith, Individually and as Representative of the Estate of Larry D. Smith, Deceased v. Phillips 66, et al | 1:08-cv-00839-WJG | Southern District of Mississippi |
| Dimple I.Thompson, Individually and as Representative of the Estate of Marvin Thompson, Deceased v. Phillips 66, et al | 1:08-cv-00840-WJG | Southern District of Mississippi |
| Betty Sauls, Individually and as Representative of the Estate of Kenneth L. Sauls, Deceased v. Phillips 66, et al | 1:08-cv-00841-WJG | Southern District of Mississippi |
| Judith Richardson, Individually and as Representative of the Estate of Troyce Johnson, Deceased v. Phillips 66, et al | 1:08-cv-00842-WJG | Southern District of Mississippi |
| Alice Presley, Individually and as Representative of the Estate of William Pressley, Deceased v. Phillips 66, et al | 1:08-cv-00843-WJG | Southern District of Mississippi |
| Chrystelle Pevey, Individually and as Representative of the Estate of James E. Pevey, Deceased v. Phillips 66, et al | 1:08-cv-00844-WJG | Southern District of Mississippi |
| James R. Garner, Individually and as Representative of the Estate of Hubert Garner, Deceased v. Phillips 66, et al | 1:08-cv-00845-WJG | Southern District of Mississippi |
| Patricia Gayle Pitts, Individually and as Representative of the Estate of Homer Earl Pitts, Deceased | 1:08-cv-00846-WJG | Southern District of Mississippi |
| Betty McNair, Individually and as Representative of the Estate of L.B. McNair, Deceased v. Phillips 66, et al | 1:08-cv-00847-WJG | Southern District of Mississippi |
| Brownell v. Phillips 66, et al | 1:08-cv-00848-WJG | Southern District of Mississippi |
| Berry, Individually and as Representative of the Estate of Fred Berry, Deceased v. Phillips 66, et al | 1:08-cv-00849-WJG | Southern District of Mississippi |
| Brady, Individually and as Representative of the Estate of Willie Douglas Hancock, Deceased v. Phillips 66, et al | 1:08-cv-00850-WJG | Southern District of Mississippi |
| Taylor, Individually and as Representative of the Estate of Clarence Kelly, Sr., Deceased v. Phillips 66, et al | 1:08-cv-00851-WJG | Southern District of Mississippi |
| Frances Stewart, Individually and as Representative of the Estate of Floyd L. Nettles, Deceased v. Phillips 66, et al | 1:08-cv-00852-WJG | Southern District of Mississippi |
| Stephanie Davis, Individually and as Representative of the Estate of Don M. Davis, Deceased v. Phillips 66, et al | 1:08-cv-00853-WJG | Southern District of Mississippi |
| Shirley A. Ezell, Individually and as Representative of the Estate of Elbert C. Ezell, Deceased v. Phillips 66, et al | 1:08-cv-00854-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Krysten Lambert Butler, Individually and as Representative of the Estate of Bennie Floyd, Deceased v. Phillips 66, et al | 1:08-cv-00855-WJG | Southern District of Mississippi |
| Dodd Mitchell Sykes v. Phillips 66, et al | 1:08-cv-00856-WJG | Southern District of Mississippi |
| Corbit Sullivan v. Phillips 66, et al | 1:08-cv-00857-WJG | Southern District of Mississippi |
| Walter E. Stinson v. Phillips 66, et al | 1:08-cv-00858-WJG | Southern District of Mississippi |
| Timothy L. Stewart  v. Phillips 66, et al | 1:08-cv-00859-WJG | Southern District of Mississippi |
| Joe Stephens  v. Phillips 66, et al | 1:08-cv-00860-WJG | Southern District of Mississippi |
| Joseph Spradley v. Phillips 66, et al | 1:08-cv-00861-WJG | Southern District of Mississippi |
| Joseph Spiers  v. Phillips 66, et al | 1:08-cv-00862-WJG | Southern District of Mississippi |
| George Ross Spence v. Phillips 66, et al | 1:08-cv-00863-WJG | Southern District of Mississippi |
| Darrell D. Smith v. Phillips 66, et al | 1:08-cv-00864-WJG | Southern District of Mississippi |
| Joe Smith, Jr. v. Phillips 66, et al | 1:08-cv-00865-WJG | Southern District of Mississippi |
| Kelcie Dale Smith v. Phillips 66, et al | 1:08-cv-00866-WJG | Southern District of Mississippi |
| Charles R. Smith v. Phillips 66, et al | 1:08-cv-00867-WJG | Southern District of Mississippi |
| Charles C. Smith v. Phillips 66, et al | 1:08-cv-00868-WJG | Southern District of Mississippi |
| Charles Smith v. Phillips 66, et al | 1:08-cv-00869-WJG | Southern District of Mississippi |
| Charles R. Sims v. Phillips 66, et al | 1:08-cv-00870-WJG | Southern District of Mississippi |
| Thomas E. Simmons v. Phillips 66, et al | 1:08-cv-00871-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Jesse James Short v. Phillips 66, et al | 1:08-cv-00872-WJG | Southern District of Mississippi |
| Tom M. Saul, Jr. v. Phillips 66, et al | 1:08-cv-00873-WJG | Southern District of Mississippi |
| J.M. Saul v. Phillips 66, et al | 1:08-cv-00874-WJG | Southern District of Mississippi |
| Aaron Sasser, Jr. v. Phillips 66, et al | 1:08-cv-00875-WJG | Southern District of Mississippi |
| Charles David Sanders v. Phillips 66, et al | 1:08-cv-00876-WJG | Southern District of Mississippi |
| Ralph Gardner v. Phillips 66, et al | 1:08-cv-00877-WJG | Southern District of Mississippi |
| Jerrell J. Gunter v. Phillips 66, et al | 1:08-cv-00878-WJG | Southern District of Mississippi |
| Rudolph Gregory v. Phillips 66, et al | 1:08-cv-00879-WJG | Southern District of Mississippi |
| Ted Justin Graves v. Phillips 66, et al | 1:08-cv-00880-WJG | Southern District of Mississippi |
| David Grantham v. Phillips 66, et al | 1:08-cv-00881-WJG | Southern District of Mississippi |
| Kenneth Graham v. Phillips 66, et al | 1:08-cv-00882-WJG | Southern District of Mississippi |
| Grover Audell Goldman  v. Phillips 66, et al | 1:08-cv-00883-WJG | Southern District of Mississippi |
| Melvin R. Glass  v. Phillips 66, et al | 1:08-cv-00884-WJG | Southern District of Mississippi |
| Authur Gilmore  v. Phillips 66, et al | 1:08-cv-00885-WJG | Southern District of Mississippi |
| Bobby L. Gibson v. Phillips 66, et al | 1:08-cv-00886-WJG | Southern District of Mississippi |
| Charles Gardner v. Phillips 66, et al | 1:08-cv-00887-WJG | Southern District of Mississippi |
| Eddie Lee Gaines, Jr.  v. Phillips 66, et al | 1:08-cv-00888-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Ernest Wayne Hutto v. Phillips 66, et al | 1:08-cv-00889-WJG | Southern District of Mississippi |
| Randy R. Hunt  v. Phillips 66, et al | 1:08-cv-00890-WJG | Southern District of Mississippi |
| Ompy L. Hudson, III v. Phillips 66, et al | 1:08-cv-00891-WJG | Southern District of Mississippi |
| Johnny Howard  v. Phillips 66, et al | 1:08-cv-00892-WJG | Southern District of Mississippi |
| Malcolm Paul Howse  v. Phillips 66, et al | 1:08-cv-00893-WJG | Southern District of Mississippi |
| Donald W. Holmes  v. Phillips 66, et al | 1:08-cv-00894-WJG | Southern District of Mississippi |
| William L. Holloway  v. Phillips 66, et al | 1:08-cv-00895-WJG | Southern District of Mississippi |
| Charles Edward Holifield  v. Phillips 66, et al | 1:08-cv-00896-WJG | Southern District of Mississippi |
| Richard Hodges  v. Phillips 66, et al | 1:08-cv-00897-WJG | Southern District of Mississippi |
| John Heidel  v. Phillips 66, et al | 1:08-cv-00898-WJG | Southern District of Mississippi |
| Katie Higginbotham v. Phillips 66, et al | 1:08-cv-00899-WJG | Southern District of Mississippi |
| Isaac Haynes v. Phillips 66, et al | 1:08-cv-00900-WJG | Southern District of Mississippi |
| Thad Harvey v. Phillips 66, et al | 1:08-cv-00901-WJG | Southern District of Mississippi |
| Ex Earl Harrison  v. Phillips 66, et al | 1:08-cv-00902-WJG | Southern District of Mississippi |
| Ricky Wayne Harris v. Phillips 66, et al | 1:08-cv-00903-WJG | Southern District of Mississippi |
| James E. Harris v. Phillips 66, et al | 1:08-cv-00904-WJG | Southern District of Mississippi |
| Charles Hamrick, Sr. v. Phillips 66, et al | 1:08-cv-00905-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Ansler Dale Hall v. Phillips 66, et al | 1:08-cv-00906-WJG | Southern District of Mississippi |
| Hugh W. Mullins  v. Phillips 66, et al | 1:08-cv-00907-WJG | Southern District of Mississippi |
| Vincent Motley v. Phillips 66, et al | 1:08-cv-00908-WJG | Southern District of Mississippi |
| Willie E. Moore  v. Phillips 66, et al | 1:08-cv-00909-WJG | Southern District of Mississippi |
| Dennis G. Moak v. Phillips 66, et al | 1:08-cv-00910-WJG | Southern District of Mississippi |
| Bobby W. Mire, Sr. v. Phillips 66, et al | 1:08-cv-00911-WJG | Southern District of Mississippi |
| Bobby R. Mills  v. Phillips 66, et al | 1:08-cv-00912-WJG | Southern District of Mississippi |
| Michael D. Miller  v. Phillips 66, et al | 1:08-cv-00913-WJG | Southern District of Mississippi |
| Loranzie Miller v. Phillips 66, et al | 1:08-cv-00914-WJG | Southern District of Mississippi |
| Robert D. McLain v. Phillips 66, et al | 1:08-cv-00915-WJG | Southern District of Mississippi |
| Clifford McLain v. Phillips 66, et al | 1:08-cv-00916-WJG | Southern District of Mississippi |
| Thomas A. McKenzie v. Phillips 66, et al | 1:08-cv-00917-WJG | Southern District of Mississippi |
| Ronnie McGill v. Phillips 66, et al | 1:08-cv-00918-WJG | Southern District of Mississippi |
| Mark McFarland v. Phillips 66, et al | 1:08-cv-00919-WJG | Southern District of Mississippi |
| John W. McFarland v. Phillips 66, et al | 1:08-cv-00920-WJG | Southern District of Mississippi |
| Ben F. McDonald v. Phillips 66, et al | 1:08-cv-00921-WJG | Southern District of Mississippi |
| Ecclus McAllister v. Phillips 66, et al | 1:08-cv-00922-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Kenneth Mayhugh, Jr. v. Phillips 66, et al | 1:08-cv-00923-WJG | Southern District of Mississippi |
| Alton J. Mahaffey, Jr. v. Phillips 66, et al | 1:08-cv-00924-WJG | Southern District of Mississippi |
| Keith Mason v. Phillips 66, et al | 1:08-cv-00925-WJG | Southern District of Mississippi |
| James G. Magee v. Phillips 66, et al | 1:08-cv-00926-WJG | Southern District of Mississippi |
| Winston Madison v. Phillips 66, et al | 1:08-cv-00927-WJG | Southern District of Mississippi |
| Mark Price v. Phillips 66, et al | 1:08-cv-00928-WJG | Southern District of Mississippi |
| George R. Price v. Phillips 66, et al | 1:08-cv-00929-WJG | Southern District of Mississippi |
| Albert Preston v. Phillips 66, et al | 1:08-cv-00930-WJG | Southern District of Mississippi |
| Daniel L. Prather v. Phillips 66, et al | 1:08-cv-00931-WJG | Southern District of Mississippi |
| William Hinton Powell v. Phillips 66, et al | 1:08-cv-00932-WJG | Southern District of Mississippi |
| Herbert K. Powell v. Phillips 66, et al | 1:08-cv-00933-WJG | Southern District of Mississippi |
| Ernest Plumer v. Phillips 66, et al | 1:08-cv-00934-WJG | Southern District of Mississippi |
| Luther Pitts v. Phillips 66, et al | 1:08-cv-00935-WJG | Southern District of Mississippi |
| Frazier M. Phillips v. Phillips 66, et al | 1:08-cv-00936-WJG | Southern District of Mississippi |
| William H. Peak v. Phillips 66, et al | 1:08-cv-00937-WJG | Southern District of Mississippi |
| J.E. Patton v. Phillips 66, et al | 1:08-cv-00938-WJG | Southern District of Mississippi |
| Morgan T. Palmer v. Phillips 66, et al | 1:08-cv-00939-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Joe L. Palmer v. Phillips 66, et al | 1:08-cv-00940-WJG | Southern District of Mississippi |
| Larry Russell v. Phillips 66, et al | 1:08-cv-00941-WJG | Southern District of Mississippi |
| James Lowery Russell v. Phillips 66, et al | 1:08-cv-00942-WJG | Southern District of Mississippi |
| David P. Russell v. Phillips 66, et al | 1:08-cv-00943-WJG | Southern District of Mississippi |
| Mitchell R. Rushing v. Phillips 66, et al | 1:08-cv-00944-WJG | Southern District of Mississippi |
| Carl A. Runnels v. Phillips 66, et al | 1:08-cv-00945-WJG | Southern District of Mississippi |
| Tommy Rollins v. Phillips 66, et al | 1:08-cv-00946-WJG | Southern District of Mississippi |
| Larry Jessie Rollins v. Phillips 66, et al | 1:08-cv00947-WJG | Southern District of Mississippi |
| Pearl Lavern Robbins v. Phillips 66, et al | 1:08-cv-00948-WJG | Southern District of Mississippi |
| James D. Reid v. Phillips 66, et al | 1:08-cv-00949-WJG | Southern District of Mississippi |
| Jackie D. Ramage v. Phillips 66, et al | 1:08-cv-00950-WJG | Southern District of Mississippi |
| Jason C. Ratliff v. Phillips 66, et al | 1:08-cv-00951-WJG | Southern District of Mississippi |
| Jake W. McLain v. Phillips 66, et al | 1:08-cv-00952-WJG | Southern District of Mississippi |
| Robert E. Morris v. Phillips 66, et al | 1:08-cv-00953-WJG | Southern District of Mississippi |
| James M. Turner v. Phillips 66, et al | 1:08-cv-00954-WJG | Southern District of Mississippi |
| Lester Leroy Toney v. Phillips 66, et al | 1:08-cv-00955-WJG | Southern District of Mississippi |
| Joe R. Thompson v. Phillips 66, et al | 1:08-cv-00956-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Leroy Terrell v. Phillips 66, et al | 1:08-cv-00957-WJG | Southern District of Mississippi |
| Jerry L. Teachey v. Phillips 66, et al | 1:08-cv-00958-WJG | Southern District of Mississippi |
| Daryl Ray Tanner v. Phillips 66, et al | 1:08-cv-00959-WJG | Southern District of Mississippi |
| William A. Tatum v. Phillips 66, et al | 1:08-cv-00960-WJG | Southern District of Mississippi |
| Mathyngale "Buck" Williams v. Phillips 66, et al | 1:08-cv-00961-WJG | Southern District of Mississippi |
| David Griffin Williams v. Phillips 66, et al | 1:08-cv-00962-WJG | Southern District of Mississippi |
| J.B. White, Jr. v. Phillips 66, et al | 1:08-cv-00963-WJG | Southern District of Mississippi |
| Randy J. White v. Phillips 66, et al | 1:08-cv-00964-WJG | Southern District of Mississippi |
| Phillip West v. Phillips 66, et al | 1:08-cv-00965-WJG | Southern District of Mississippi |
| James E. Watts v. Phillips 66, et al | 1:08-cv-00966-WJG | Southern District of Mississippi |
| Ted Watkins v. Phillips 66, et al | 1:08-cv-00967-WJG | Southern District of Mississippi |
| Jerry L. Warnock v. Phillips 66, et al | 1:08-cv-00968-WJG | Southern District of Mississippi |
| James R. Walley v. Phillips 66, et al | 1:08-cv-00969-WJG | Southern District of Mississippi |
| Henry Ward, Jr. v. Phillips 66, et al | 1:08-cv-00970-WJG | Southern District of Mississippi |
| Pauline Waller v. Phillips 66, et al | 1:08-cv-00971-WJG | Southern District of Mississippi |
| James C. Wallace v. Phillips 66, et al | 1:08-cv-00972-WJG | Southern District of Mississippi |
| Larry Collins v. Phillips 66, et al | 1:08-cv-00973-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Danny Conn v. Phillips 66, et al | 1:08-cv-00974-WJG | Southern District of Mississippi |
| Charles T. Cook v. Phillips 66, et al | 1:08-cv-00975-WJG | Southern District of Mississippi |
| Charles L. Coulter v. Phillips 66, et al | 1:08-cv-00976-WJG | Southern District of Mississippi |
| Henry S. Cooper, Jr. v. Phillips 66, et al | 1:08-cv-00977-WJG | Southern District of Mississippi |
| James Edward Cupit v. Phillips 66, et al | 1:08-cv-00978-WJG | Southern District of Mississippi |
| Tim Clanan v. Phillips 66, et al | 1:08-cv-00979-WJG | Southern District of Mississippi |
| Robert L. Cowart v. Phillips 66, et al | 1:08-cv-00980-WJG | Southern District of Mississippi |
| Concie Curtis, III v. Phillips 66, et al | 1:08-cv-00981-WJG | Southern District of Mississippi |
| Jerry W. Cavin v. Phillips 66, et al | 1:08-cv-00982-WJG | Southern District of Mississippi |
| David Chipmon v. Phillips 66, et al | 1:08-cv-00983-WJG | Southern District of Mississippi |
| Alford B. Chapman v. Phillips 66, et al | 1:08-cv-00984-WJG | Southern District of Mississippi |
| Howard M. Case v. Phillips 66, et al | 1:08-cv-00985-WJG | Southern District of Mississippi |
| Herman Collins v. Phillips 66, et al | 1:08-cv-00986-WJG | Southern District of Mississippi |
| Paul Carney v. Phillips 66, et al | 1:08-cv-00987-WJG | Southern District of Mississippi |
| Henry S. Carr v. Phillips 66, et al | 1:08-cv-00988-WJG | Southern District of Mississippi |
| Jon Campbell v. Phillips 66, et al | 1:08-cv-00989-WJG | Southern District of Mississippi |
| Sherman Easterling v. Phillips 66, et al | 1:08-cv-00990-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Douglas Echols v. Phillips 66, et al | 1:08-cv-00991-WJG | Southern District of Mississippi |
| Donnie E. Evans v. Phillips 66, et al | 1:08-cv-00992-WJG | Southern District of Mississippi |
| Bennie Jake Evans v. Phillips 66, et al | 1:08-cv-00993-WJG | Southern District of Mississippi |
| Charles Echols v. Phillips 66, et al | 1:08-cv-00994-WJG | Southern District of Mississippi |
| Jacob Evans v. Phillips 66, et al | 1:08-cv-00995-WJG | Southern District of Mississippi |
| Bill Fairley v. Phillips 66, et al | 1:08-cv-00996-WJG | Southern District of Mississippi |
| Kenneth Fairchild v. Phillips 66, et al | 1:08-cv-00997-WJG | Southern District of Mississippi |
| Turner Floyd v. Phillips 66, et al | 1:08-cv-00998-WJG | Southern District of Mississippi |
| Michael V. Fountain Sr. v. Phillips 66, et al | 1:08-cv-00999-WJG | Southern District of Mississippi |
| Miles D. Fountain v. Phillips 66, et al | 1:08-cv-01000-WJG | Southern District of Mississippi |
| Leonard W. Foster v. Phillips 66, et al | 1:08-cv-01001-WJG | Southern District of Mississippi |
| Willis F. Langley v. Phillips 66, et al | 1:08-cv-01002-WJG | Southern District of Mississippi |
| Michael R. Lee v. Phillips 66, et al | 1:08-cv-01003-WJG | Southern District of Mississippi |
| Kenneth D. Leggett v. Phillips 66, et al | 1:08-cv-01004-WJG | Southern District of Mississippi |
| Colon R. Leonard, Jr. v. Phillips 66, et al | 1:08-cv-01005-WJG | Southern District of Mississippi |
| David W. Lines v. Phillips 66, et al | 1:08-cv-01006-WJG | Southern District of Mississippi |
| Robert Junior Lofton v. Phillips 66, et al | 1:08-cv-01007-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Troy Lofton v. Phillips 66, et al | 1:08-cv-01008-WJG | Southern District of Mississippi |
| Dale Donaldson v. Phillips 66, et al | 1:08-cv-01009-WJG | Southern District of Mississippi |
| David Daley v. Phillips 66, et al | 1:08-cv-01010-WJG | Southern District of Mississippi |
| Vandiver Dunn v. Phillips 66, et al | 1:08-cv-01011-WJG | Southern District of Mississippi |
| Eugene F. Dvorak v. Phillips 66, et al | 1:08-cv-01012-WJG | Southern District of Mississippi |
| Jerry L. Dunigan v. Phillips 66, et al | 1:08-cv-01013-WJG | Southern District of Mississippi |
| Ross A. Kennedy v. Phillips 66, et al | 1:08-cv-01014-WJG | Southern District of Mississippi |
| Sidney L. Kerben, Jr. v. Phillips 66, et al | 1:08-cv-01015-WJG | Southern District of Mississippi |
| Plummer Kittrell v. Phillips 66, et al | 1:08-cv-01016-WJG | Southern District of Mississippi |
| Paul Bedford Johnson v. Phillips 66, et al | 1:08-cv-01017-WJG | Southern District of Mississippi |
| Johnny Jordan v. Phillips 66, et al | 1:08-cv-01018-WJG | Southern District of Mississippi |
| Robert E. Jordan v. Phillips 66, et al | 1:08-cv-01019-WJG | Southern District of Mississippi |
| Jimmy L. Nations v. Phillips 66, et al | 1:08-cv-01020-WJG | Southern District of Mississippi |
| James Nelson v. Phillips 66, et al | 1:08-cv-01021-WJG | Southern District of Mississippi |
| Isaac Newell v. Phillips 66, et al | 1:08-cv-01022-WJG | Southern District of Mississippi |
| Cecil J. Nickey v. Phillips 66, et al | 1:08-cv-01023-WJG | Southern District of Mississippi |
| Gary L. Odom v. Phillips 66, et al | 1:08-cv-01024-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Randy Byrd v. Phillips 66, et al | 1:08-cv-01025-WJG | Southern District of Mississippi |
| Dale Butler v. Phillips 66, et al | 1:08-cv-01026-WJG | Southern District of Mississippi |
| Rex B. Byrd v. Phillips 66, et al | 1:08-cv-01027-WJG | Southern District of Mississippi |
| James Johnny Bishop v. Phillips 66, et al | 1:08-cv-01028-WJG | Southern District of Mississippi |
| David Boleware v. Phillips 66, et al | 1:08-cv-01029-WJG | Southern District of Mississippi |
| Jimmie L. Bevis v. Phillips 66, et al | 1:08-cv-01030-WJG | Southern District of Mississippi |
| George Bounds v. Phillips 66, et al | 1:08-cv-01031-WJG | Southern District of Mississippi |
| Herbert Buckley v. Phillips 66, et al | 1:08-cv-01032-WJG | Southern District of Mississippi |
| Terry Lee Biglan v. Phillips 66, et al | 1:08-cv-01033-WJG | Southern District of Mississippi |
| John D. Yelverton, Jr. v. Phillips 66, et al | 1:08-cv-01034-WJG | Southern District of Mississippi |
| Kenneth Usry v. Phillips 66, et al | 1:08-cv-01035-WJG | Southern District of Mississippi |
| Joel P. Upton v. Phillips 66, et al | 1:08-cv-01036-WJG | Southern District of Mississippi |
| Billy Quick v. Phillips 66, et al | 1:08-cv-01037-WJG | Southern District of Mississippi |
| Tommy J. Knotts, Sr. v. Phillips 66, et al | 1:08-cv-01038-WJG | Southern District of Mississippi |
| Joe Keyes v. Phillips 66, et al | 1:08-cv-01039-WJG | Southern District of Mississippi |
| Lee Owen Bailey, Jr. v. Phillips 66, et al | 1:08-cv-01040-WJG | Southern District of Mississippi |
| Harmon J. Bryant v. Phillips 66, et al | 1:08-cv-01041-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Johnny C. Banks v. Phillips 66, et al | 1:08-cv-01042-WJG | Southern District of Mississippi |
| Jerry D. Ballard v. Phillips 66, et al | 1:08-cv-01043-WJG | Southern District of Mississippi |
| Kenneth M. Brown v. Phillips 66, et al | 1:08-cv-01044-WJG | Southern District of Mississippi |
| William M. Beard v. Phillips 66, et al | 1:08-cv-01045-WJG | Southern District of Mississippi |
| James Boyte v. Phillips 66, et al | 1:08-cv-01046-WJG | Southern District of Mississippi |
| Hiram Jesse Breland v. Phillips 66, et al | 1:08-cv-01047-WJG | Southern District of Mississippi |
| James Lavern Brown v. Phillips 66, et al | 1:08-cv-01048-WJG | Southern District of Mississippi |
| John Lee Brown v. Phillips 66, et al | 1:08-cv-01049-WJG | Southern District of Mississippi |
| Julius R. Beard v. Phillips 66, et al | 1:08-cv-01050-WJG | Southern District of Mississippi |
| Cleveland D. Boler, Jr. v. Phillips 66, et al | 1:08-cv-01051-WJG | Southern District of Mississippi |
| Robert E. Aaron v. Phillips 66, et al | 1:08-cv-01052-WJG | Southern District of Mississippi |
| David Adcock v. Phillips 66, et al | 1:08-cv-01053-WJG | Southern District of Mississippi |
| Donald Allen, Sr. v. Phillips 66, et al | 1:08-cv-01054-WJG | Southern District of Mississippi |
| Wayne H. Allred v. Phillips 66, et al | 1:08-cv-01055-WJG | Southern District of Mississippi |
| Robert E. Ard v. Phillips 66, et al | 1:08-cv-01056-WJG | Southern District of Mississippi |
| Willie Glean Ard v. Phillips 66, et al | 1:08-cv-01057-WJG | Southern District of Mississippi |
| Gene B. Atwood v. Phillips 66, et al | 1:08-cv-01058-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Mozell Aultman, Sr. v. Phillips 66, et al | 1:08-cv-01059-WJG | Southern District of Mississippi |
| Edward Bacon v. Phillips 66, et al | 1:08-cv-01060-WJG | Southern District of Mississippi |
| Larry E. Jackson v. Phillips 66, et al | 1:08-cv-01061-WJG | Southern District of Mississippi |
| Leroy Jackson v. Phillips 66, et al | 1:08-cv-01062-WJG | Southern District of Mississippi |
| Jackson P. Jefcoat v. Phillips 66, et al | 1:08-cv-01063-WJG | Southern District of Mississippi |
| Jimmy D. Jernigan v. Phillips 66, et al | 1:08-cv-01064-WJG | Southern District of Mississippi |
| Tonny Herrington v. Phillips 66, et al | 1:08-cv-01065-WJG | Southern District of Mississippi |
| James V. Herrington v. Phillips 66, et al | 1:08-cv-01066-WJG | Southern District of Mississippi |
| Don F. Herrington v. Phillips 66, et al | 1:08-cv-01067-WJG | Southern District of Mississippi |
| George Henderson v. Phillips 66, et al | 1:08-cv-01068-WJG | Southern District of Mississippi |
| Cecil Heathcock v. Phillips 66, et al | 1:08-cv-01069-WJG | Southern District of Mississippi |
| Jerry W. Hayles v. Phillips 66, et al | 1:08-cv-01070-WJG | Southern District of Mississippi |
| James Jordan v. Phillips 66, et al | 1:08-cv-01071-WJG | Southern District of Mississippi |
| James B. Jones v. Phillips 66, et al | 1:08-cv-01072-WJG | Southern District of Mississippi |
| Anthony E. Jones v. Phillips 66, et al | 1:08-cv-01073-WJG | Southern District of Mississippi |
| Roland Johnson, Jr. v. Phillips 66, et al | 1:08-cv-01074-WJG | Southern District of Mississippi |
| Dan Wilson Johnson v. Phillips 66, et al | 1:08-cv-01075-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Willie James Harris v. Phillips 66, et al | 1:08-cv-01076-WJG | Southern District of Mississippi |
| Curtis Harris v. Phillips 66, et al | 1:08-cv-01077-WJG | Southern District of Mississippi |
| James Hargon v. Phillips 66, et al | 1:08-cv-01078-WJG | Southern District of Mississippi |
| Quincy L. Hall v. Phillips 66, et al | 1:08-cv-01079-WJG | Southern District of Mississippi |
| Paul Gregory v. Phillips 66, et al | 1:08-cv-01080-WJG | Southern District of Mississippi |
| Stephen C. Greene v. Phillips 66, et al | 1:08-cv-01081-WJG | Southern District of Mississippi |
| Robert E. Green v. Phillips 66, et al | 1:08-cv-01082-WJG | Southern District of Mississippi |
| Gregory Green v. Phillips 66, et al | 1:08-cv-01083-WJG | Southern District of Mississippi |
| Billy R. Green v. Phillips 66, et al | 1:08-cv-01084-WJG | Southern District of Mississippi |
| Stanley L. Goode v. Phillips 66, et al | 1:08-cv-01085-WJG | Southern District of Mississippi |
| Richard G. Gatlin v. Phillips 66, et al | 1:08-cv-01086-WJG | Southern District of Mississippi |
| Robert Wayne Gardner v. Phillips 66, et al | 1:08-cv-01087-WJG | Southern District of Mississippi |
| Larry M. Freeman v. Phillips 66, et al | 1:08-cv-01088-WJG | Southern District of Mississippi |
| Sidney R, Foxworth v. Phillips 66, et al | 1:08-cv-01089-WJG | Southern District of Mississippi |
| Ernest Ford, Jr. v. Phillips 66, et al | 1:08-cv-01090-WJG | Southern District of Mississippi |
| Thomas Larry Hutto v. Phillips 66, et al | 1:08-cv-01091-WJG | Southern District of Mississippi |
| Thomas E. Hutto v. Phillips 66, et al | 1:08-cv-01092-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Douglas Huff v. Phillips 66, et al | 1:08-cv-01093-WJG | Southern District of Mississippi |
| Charles Hoover v. Phillips 66, et al | 1:08-cv-01094-WJG | Southern District of Mississippi |
| George H. Hollomon v. Phillips 66, et al | 1:08-cv-01095-WJG | Southern District of Mississippi |
| Melvin Hollingsworth v. Phillips 66, et al | 1:08-cv-01096-WJG | Southern District of Mississippi |
| Billy R. Hollingsworth v. Phillips 66, et al | 1:08-cv-01097-WJG | Southern District of Mississippi |
| James Hollingshead v. Phillips 66, et al | 1:08-cv-01098-WJG | Southern District of Mississippi |
| W.C. Hodge v. Phillips 66, et al | 1:08-cv-01099-WJG | Southern District of Mississippi |
| Thurman R. Hitson v. Phillips 66, et al | 1:08-cv-01100-WJG | Southern District of Mississippi |
| Newt Donald v. Phillips 66, et al | 1:08-cv-01101-WJG | Southern District of Mississippi |
| Willard Donald v. Phillips 66, et al | 1:08-cv-01102-WJG | Southern District of Mississippi |
| Kenneth A. DuBose v. Phillips 66, et al | 1:08-cv-01103-WJG | Southern District of Mississippi |
| Darrius P. Dunigan v. Phillips 66, et al | 1:08-cv-01104-WJG | Southern District of Mississippi |
| James Lowrey Dunn v. Phillips 66, et al | 1:08-cv-01105-WJG | Southern District of Mississippi |
| Ernie L. Easterling v. Phillips 66, et al | 1:08-cv-01106-WJG | Southern District of Mississippi |
| Rickey Ellzey v. Phillips 66, et al | 1:08-cv-01107-WJG | Southern District of Mississippi |
| Robert W. Emler, Sr. v. Phillips 66, et al | 1:08-cv-01108-WJG | Southern District of Mississippi |
| John Eubanks v. Phillips 66, et al | 1:08-cv-01109-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Joseph C. Evans, Jr. v. Phillips 66, et al | 1:08-cv-01110-WJG | Southern District of Mississippi |
| Lee Farmer v. Phillips 66, et al | 1:08-cv-01111-WJG | Southern District of Mississippi |
| Charles Fedrick, Sr. v. Phillips 66, et al | 1:08-cv-01112-WJG | Southern District of Mississippi |
| Joe Feduccia v. Phillips 66, et al | 1:08-cv-01113-WJG | Southern District of Mississippi |
| Kendall Floyd v. Phillips 66, et al | 1:08-cv-01114-WJG | Southern District of Mississippi |
| George B. Collins v. Phillips 66, et al | 1:08-cv-01115-WJG | Southern District of Mississippi |
| Roderick Wayne Collins v. Phillips 66, et al | 1:08-cv-01116-WJG | Southern District of Mississippi |
| Thomas Cooley v. Phillips 66, et al | 1:08-cv-01117-WJG | Southern District of Mississippi |
| Jerry L. Cothern v. Phillips 66, et al | 1:08-cv-01118-WJG | Southern District of Mississippi |
| Larry Crager v. Phillips 66, et al | 1:08-cv-01119-WJG | Southern District of Mississippi |
| Henrietta Cummings, Individually and as Representative of the Estate of John Cummings, Deceased v. Phillips 66, et al | 1:08-cv-01120-WJG | Southern District of Mississippi |
| Wilmer E. Curtis v. Phillips 66, et al | 1:08-cv-01121-WJG | Southern District of Mississippi |
| Terry W. Davis v. Phillips 66, et al | 1:08-cv-01122-WJG | Southern District of Mississippi |
| James Dearman v. Phillips 66, et al | 1:08-cv-01123-WJG | Southern District of Mississippi |
| Kenneth L. Dearman v. Phillips 66, et al | 1:08-cv-01124-WJG | Southern District of Mississippi |
| Garner Delk v. Phillips 66, et al | 1:08-cv-01125-WJG | Southern District of Mississippi |
| Willie E. Doggett v. Phillips 66, et al | 1:08-cv-01126-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| James Donald v. Phillips 66, et al | 1:08-cv-01127-WJG | Southern District of Mississippi |
| Isaac Brown v. Phillips 66, et al | 1:08-cv-01128-WJG | Southern District of Mississippi |
| Randy K. Brown v. Phillips 66, et al | 1:08-cv-01129-WJG | Southern District of Mississippi |
| Thomas Brown, Jr. v. Phillips 66, et al | 1:08-cv-01130-WJG | Southern District of Mississippi |
| James Donald Burkhalter v. Phillips 66, et al | 1:08-cv-01131-WJG | Southern District of Mississippi |
| Vernon Burrell v. Phillips 66, et al | 1:08-cv-01132-WJG | Southern District of Mississippi |
| Daniel G. Burrow v. Phillips 66, et al | 1:08-cv-01133-WJG | Southern District of Mississippi |
| Michael Bustin v. Phillips 66, et al | 1:08-cv-01134-WJG | Southern District of Mississippi |
| Gary R. Byrd v. Phillips 66, et al | 1:08-cv-01135-WJG | Southern District of Mississippi |
| Charles R. Campbell v. Phillips 66, et al | 1:08-cv-01136-WJG | Southern District of Mississippi |
| Douglas E. Campbell v. Phillips 66, et al | 1:08-cv-01137-WJG | Southern District of Mississippi |
| John Howard Carruth v. Phillips 66, et al | 1:08-cv-01138-WJG | Southern District of Mississippi |
| Audley Carter v. Phillips 66, et al | 1:08-cv-01139-WJG | Southern District of Mississippi |
| Braxton Clark v. Phillips 66, et al | 1:08-cv-01140-WJG | Southern District of Mississippi |
| Colin R. Clark v. Phillips 66, et al | 1:08-cv-01141-WJG | Southern District of Mississippi |
| Robert W. Clark v. Phillips 66, et al | 1:08-cv-01142-WJG | Southern District of Mississippi |
| Thomas A. Clark v. Phillips 66, et al | 1:08-cv-01143-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Winford L. Adcock v. Phillips 66, et al | 1:08-cv-01144-WJG | Southern District of Mississippi |
| Lloyd G. Alexander v. Phillips 66, et al | 1:08-cv-01145-WJG | Southern District of Mississippi |
| Melvin Anderson v. Phillips 66, et al | 1:08-cv-01146-WJG | Southern District of Mississippi |
| Maxie Ray Anding v. Phillips 66, et al | 1:08-cv-01147-WJG | Southern District of Mississippi |
| J.C. Arrington v. Phillips 66, et al | 1:08-cv-01148-WJG | Southern District of Mississippi |
| Milton L. Arrington v. Phillips 66, et al | 1:08-cv-01149-WJG | Southern District of Mississippi |
| Carlton Aultman v. Phillips 66, et al | 1:08-cv-01150-WJG | Southern District of Mississippi |
| David Wayne Baggett v. Phillips 66, et al | 1:08-cv-01151-WJG | Southern District of Mississippi |
| Daniel M. Banks v. Phillips 66, et al | 1:08-cv-01152-WJG | Southern District of Mississippi |
| Tommy E. Barnes, Jr. v. Phillips 66, et al | 1:08-cv-01153-WJG | Southern District of Mississippi |
| Earnest Beasley v. Phillips 66, et al | 1:08-cv-01154-WJG | Southern District of Mississippi |
| Louis L. Bond v. Phillips 66, et al | 1:08-cv-01155-WJG | Southern District of Mississippi |
| Bobby G. Boykin v. Phillips 66, et al | 1:08-cv-01156-WJG | Southern District of Mississippi |
| C.N. Boykin v. Phillips 66, et al | 1:08-cv-01157-WJG | Southern District of Mississippi |
| Buren Dale Boyles v. Phillips 66, et al | 1:08-cv-01158-WJG | Southern District of Mississippi |
| George W. Boyte v. Phillips 66, et al | 1:08-cv-01159-WJG | Southern District of Mississippi |
| Fred Brent v. Phillips 66, et al | 1:08-cv-01160-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Donnie C. Brewer v. Phillips 66, et al | 1:08-cv-01161-WJG | Southern District of Mississippi |
| David Brister v. Phillips 66, et al | 1:08-cv-01162-WJG | Southern District of Mississippi |
| Thomas L. Broadhead v. Phillips 66, et al | 1:08-cv-01163-WJG | Southern District of Mississippi |
| Estelle Ruth Brown, Individually and as Representative of the Estate of Claude Brown, Jr., Deceased v. Phillips 66, et al | 1:08-cv-01164-WJG | Southern District of Mississippi |
| Michael H. Jordan v. Phillips 66, et al | 1:08-cv-01165-WJG | Southern District of Mississippi |
| John E. Keyes v. Phillips 66, et al | 1:08-cv-01166-WJG | Southern District of Mississippi |
| Jerry Kirk v. Phillips 66, et al | 1:08-cv-01167-WJG | Southern District of Mississippi |
| Kenneth Kirkendall, Sr. v. Phillips 66, et al | 1:08-cv-01168-WJG | Southern District of Mississippi |
| Dewayne Kirkley v. Phillips 66, et al | 1:08-cv-01169-WJG | Southern District of Mississippi |
| Billy Ray Knight v. Phillips 66, et al | 1:08-cv-01170-WJG | Southern District of Mississippi |
| Ralph W. Lambert v. Phillips 66, et al | 1:08-cv-01171-WJG | Southern District of Mississippi |
| Henry E. Landrum v. Phillips 66, et al | 1:08-cv-01172-WJG | Southern District of Mississippi |
| Edward J. Leggett v. Phillips 66, et al | 1:08-cv-01173-WJG | Southern District of Mississippi |
| William Lewis, Sr. v. Phillips 66, et al | 1:08-cv-01174-WJG | Southern District of Mississippi |
| Robert Lofton v. Phillips 66, et al | 1:08-cv-01175-WJG | Southern District of Mississippi |
| Bobby F. Maples v. Phillips 66, et al | 1:08-cv-01176-WJG | Southern District of Mississippi |
| William W. Mashburn, Jr. v. Phillips 66, et al | 1:08-cv-01177-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Lucious McCaffrey v. Phillips 66, et al | 1:08-cv-01178-WJG | Southern District of Mississippi |
| Roger W. McCaffrey v. Phillips 66, et al | 1:08-cv-01179-WJG | Southern District of Mississippi |
| Daniel McCarty v. Phillips 66, et al | 1:08-cv-01180-WJG | Southern District of Mississippi |
| Alfred McDonald v. Phillips 66, et al | 1:08-cv-01181-WJG | Southern District of Mississippi |
| Charles McGee v. Phillips 66, et al | 1:08-cv-01182-WJG | Southern District of Mississippi |
| William R. McGraw v. Phillips 66, et al | 1:08-cv-01183-WJG | Southern District of Mississippi |
| Delton Alford McKinney v. Phillips 66, et al | 1:08-cv-01184-WJG | Southern District of Mississippi |
| Charles Irvin McLain v. Phillips 66, et al | 1:08-cv-01185-WJG | Southern District of Mississippi |
| James Ray McManus v. Phillips 66, et al | 1:08-cv-01186-WJG | Southern District of Mississippi |
| Owen L. Mills v. Phillips 66, et al | 1:08-cv-01187-WJG | Southern District of Mississippi |
| Glen Moak v. Phillips 66, et al | 1:08-cv-01188-WJG | Southern District of Mississippi |
| William Leon Moore v. Phillips 66, et al | 1:08-cv-01189-WJG | Southern District of Mississippi |
| Otis L. Morgan v. Phillips 66, et al | 1:08-cv-01190-WJG | Southern District of Mississippi |
| Bobby Murray, Sr. v. Phillips 66, et al | 1:08-cv-01191-WJG | Southern District of Mississippi |
| Michael K. Neely, Sr. v. Phillips 66, et al | 1:08-cv-01192-WJG | Southern District of Mississippi |
| Billy D. Nichols v. Phillips 66, et al | 1:08-cv-01193-WJG | Southern District of Mississippi |
| Shelby Nugent v. Phillips 66, et al | 1:08-cv-01194-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Rickey L. Oliver v. Phillips 66, et al | 1:08-cv-01195-WJG | Southern District of Mississippi |
| Gene W. Pacey v. Phillips 66, et al | 1:08-cv-01196-WJG | Southern District of Mississippi |
| Jeffrey B. Parker v. Phillips 66, et al | 1:08-cv-01197-WJG | Southern District of Mississippi |
| Phillip Lynn Parnell v. Phillips 66, et al | 1:08-cv-01198-WJG | Southern District of Mississippi |
| Clifton A. Perkins v. Phillips 66, et al | 1:08-cv-01199-WJG | Southern District of Mississippi |
| Alfred J. Pittman v. Phillips 66, et al | 1:08-cv-01200-WJG | Southern District of Mississippi |
| Michael C. Pitts v. Phillips 66, et al | 1:08-cv-01201-WJG | Southern District of Mississippi |
| Sam Pitts v. Phillips 66, et al | 1:08-cv-01202-WJG | Southern District of Mississippi |
| Vandol Wayne "V.W." Pitts v. Phillips 66, et al | 1:08-cv-01203-WJG | Southern District of Mississippi |
| Carl O. Porter v. Phillips 66, et al | 1:08-cv-01204-WJG | Southern District of Mississippi |
| Gary L. Price v. Phillips 66, et al | 1:08-cv-01205-WJG | Southern District of Mississippi |
| William Steve Reed v. Phillips 66, et al | 1:08-cv-01206-WJG | Southern District of Mississippi |
| Harvey Richard Revette, Jr. v. Phillips 66, et al | 1:08-cv-01207-WJG | Southern District of Mississippi |
| Charles L. Rigney, Jr. v. Phillips 66, et al | 1:08-cv-01208-WJG | Southern District of Mississippi |
| Donald Robbins, Sr. v. Phillips 66, et al | 1:08-cv-01209-WJG | Southern District of Mississippi |
| Jimmy Roberts v. Phillips 66, et al | 1:08-cv-01210-WJG | Southern District of Mississippi |
| Johnny W. Roberts v. Phillips 66, et al | 1:08-cv-01211-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Julius E. Rodgers v. Phillips 66, et al | 1:08-cv-01212-WJG | Southern District of Mississippi |
| David Clinton Rollins v. Phillips 66, et al | 1:08-cv-01213-WJG | Southern District of Mississippi |
| William H. Russell v. Phillips 66, et al | 1:08-cv-01214-WJG | Southern District of Mississippi |
| Billy Joe Rutland v. Phillips 66, et al | 1:08-cv-01215-WJG | Southern District of Mississippi |
| Arthur L. Scarbrough v. Phillips 66, et al | 1:08-cv-01216-WJG | Southern District of Mississippi |
| Gary B. Sims v. Phillips 66, et al | 1:08-cv-01217-WJG | Southern District of Mississippi |
| John W. Sims, Sr. v. Phillips 66, et al | 1:08-cv-01218-WJG | Southern District of Mississippi |
| Ervin Smith v. Phillips 66, et al | 1:08-cv-01219-WJG | Southern District of Mississippi |
| Mark Smith v. Phillips 66, et al | 1:08-cv-01220-WJG | Southern District of Mississippi |
| Vince Edward Smith v. Phillips 66, et al | 1:08-cv-01221-WJG | Southern District of Mississippi |
| Willis T. Smith v. Phillips 66, et al | 1:08-cv-01222-WJG | Southern District of Mississippi |
| James C. Speights v. Phillips 66, et al | 1:08-cv-01223-WJG | Southern District of Mississippi |
| Bobby Spiars v. Phillips 66, et al | 1:08-cv-01224-WJG | Southern District of Mississippi |
| Stephen V. Spradley v. Phillips 66, et al | 1:08-cv-01225-WJG | Southern District of Mississippi |
| Charlie A. Stampley v. Phillips 66, et al | 1:08-cv-01226-WJG | Southern District of Mississippi |
| David Foster Stanley v. Phillips 66, et al | 1:08-cv-01227-WJG | Southern District of Mississippi |
| William J. Street v. Phillips 66, et al | 1:08-cv-01228-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Melton L. Strickland v. Phillips 66, et al | 1:08-cv-01229-WJG | Southern District of Mississippi |
| Louis Tageant v. Phillips 66, et al | 1:08-cv-01230-WJG | Southern District of Mississippi |
| Edward Tanner, Jr. v. Phillips 66, et al | 1:08-cv-01231-WJG | Southern District of Mississippi |
| Harold D. Thornton v. Phillips 66, et al | 1:08-cv-01232-WJG | Southern District of Mississippi |
| Larry W. Townsend v. Phillips 66, et al | 1:08-cv-01233-WJG | Southern District of Mississippi |
| William Clyde Tucker v. Phillips 66, et al | 1:08-cv-01234-WJG | Southern District of Mississippi |
| Dewey Wayne Upshaw v. Phillips 66, et al | 1:08-cv-01235-WJG | Southern District of Mississippi |
| Jerry Upshaw v. Phillips 66, et al | 1:08-cv-01236-WJG | Southern District of Mississippi |
| Robert Earl Wade v. Phillips 66, et al | 1:08-cv-01237-WJG | Southern District of Mississippi |
| Billy J. Wagley v. Phillips 66, et al | 1:08-cv-01238-WJG | Southern District of Mississippi |
| Johnny R. Weeks v. Phillips 66, et al | 1:08-cv-01239-WJG | Southern District of Mississippi |
| Freddie Weir, Jr. v. Phillips 66, et al | 1:08-cv-01240-WJG | Southern District of Mississippi |
| Bobby G. Wells, Sr. v. Phillips 66, et al | 1:08-cv-01241-WJG | Southern District of Mississippi |
| Charlie E. West v. Phillips 66, et al | 1:08-cv-01242-WJG | Southern District of Mississippi |
| Dalton L. West v. Phillips 66, et al | 1:08-cv-01243-WJG | Southern District of Mississippi |
| Thomas E. West v. Phillips 66, et al | 1:08-cv-01244-WJG | Southern District of Mississippi |
| Earl Westerfield v. Phillips 66, et al | 1:08-cv-01245-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Larry James White v. Phillips 66, et al | 1:08-cv-01246-WJG | Southern District of Mississippi |
| James E. White, Sr. v. Phillips 66, et al | 1:08-cv-01247-WJG | Southern District of Mississippi |
| Reba N. Wilkinson v. Phillips 66, et al | 1:08-cv-01248-WJG | Southern District of Mississippi |
| Helen Durr v. Phillips 66, et al | 1:08-cv-01249-WJG | Southern District of Mississippi |
| Patricia Goldman, Individually and as Representative of the Estate of William Clarence Goldman, Deceased v. Phillips 66, et | 1:08-cv-01250-WJG | Southern District of Mississippi |
| Nolan Heathcock v. Phillips 66, et al | 1:08-cv-01251-WJG | Southern District of Mississippi |
| Howard Lambert v. Phillips 66, et al | 1:08-cv-01252-WJG | Southern District of Mississippi |
| Teresa Darty, Individually and as Representative of the Estate of Charles Edward Darty, Deceased v. Phillips 66, et al | 1:08-cv-01253-WJG | Southern District of Mississippi |
| Vanessa Lindsey, Individually and as Representative of the Estate of Curtis William Lindsey, Deceased v. Phillips 66, et al | 1:08-cv-01254-WJG | Southern District of Mississippi |
| Neena Mosley, Individually and as Representative of Lee George Mosley, Deceased v. Phillips 66, et al | 1:08-cv-01255-WJG | Southern District of Mississippi |
| Billy G. Brown v. Phillips 66, et al | 1:08-cv-01256-WJG | Southern District of Mississippi |
| Ollie Mae Carter, Individually and as Representative of the Estate of Jessie L. Carter, Deceased v. Phillips 66, et al | 1:08-cv-01257-WJG | Southern District of Mississippi |
| Audrey Nell Ingle, Individually and as Representative of the Estate of W.C. Ingle, Deceased v. Philips 66, et al | 1:08-cv-01258-WJG | Southern District of Mississippi |
| Charlie W. Prine v. Phillips 66, et al | 1:08-cv-01259-WJG | Southern District of Mississippi |
| Elmer H. Smith v. Phillips 66, et al | 1:08-cv-01260-WJG | Southern District of Mississippi |
| Peter Wise v. Phillips 66, et al | 1:08-cv-01261-WJG | Southern District of Mississippi |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 24 2008

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCT
LITIGATION (No. VI)

MDL NUMBER: 875

RE:   **PENDING ACTIONS IN THE ATTACHED SCHEDULE**[1]

---

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER (CTO-316)

TO THE HONORABLE JUDGES OF THE MULTIDISTRICT PANEL:

PLAINTIFFS file this Brief in Support of their Motion to Vacate Conditional Transfer Order

316 ("CTO-316"), and respectfully show as follows:

### I.
### SUMMARY

1.      The Judicial Panel on Multidistrict Litigation (the "Panel") should not transfer the

cases subject to CTO-316 to the Eastern District of Pennsylvania for inclusion in MDL No. 875.

Contrary to the usual situation where a small number of cases are removed at one time, the volume of

oilfield workers' cases simultaneously removed – a total of 424 – has presented administrative

hardship on the District Court for the Southern District of Mississippi, Southern Division ("District

Court") and has delayed rulings on the Plaintiffs' motions to remand.  Briefing by the parties has just

concluded, and the Court has ruled on two motions for remand in cases that were set to begin trial

shortly after the removal date.  In both instances, the Court granted Plaintiffs' motion to remand,

---

[1]  *See* attached Exhibit A for a complete Schedule of Actions containing all 423 Plaintiffs and the causes of action subject to this filing.  These cases are currently pending in the Southern District of Mississippi, Southern Division. As detailed herein, two of the cases have been recently remanded pursuant to order of the District Court for the Southern District of Mississippi, Southern District.  Subsequent to the Panel's issuance of CTO-316, Defendants removed the *Bob Martin* case, totaling 424 cases removed by Defendants.  The *Bob Martin* case is not subject to CTO-316.

leaving 422 remaining motions to be ruled on.  In addition, these cases do not involve common questions of fact with cases previously transferred to the Eastern District of Pennsylvania.  Transfer will not serve the convenience of the parties and witnesses, nor will it promote the just and efficient conduct of the litigation.

2.      The District Court's action in granting Plaintiffs' motions to remand was supported by overwhelming legal justifications.  Moreover, numerous grounds support remand of all 423 cases subject to CTO-316.  Removal was untimely pursuant to 28 U.S.C. § 1446(b) because (1) there was no "other paper" in the 30 days prior to removal that provided a basis for removal, and (2) removal took place more than one year after the case was filed and no fraudulent or manipulative conduct took place to justify making an exception to the one year deadline for removal.  Properly joined Jones Act defendants at the time the cases were filed provided a basis for state court jurisdiction.  When those cases were severed years after filing as a result of a change in the law, forum Defendants that were properly joined in good faith remained in the case.  Lastly, certain Defendants did not consent to removal.  Significant discovery occurred in these cases, trial preparation was complete in the first case set for trial, and trial preparation was ongoing in other cases.  The first trial was set to commence on October 27, 2008.  Instead, these cases were removed on the eve of trial.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

3.      Plaintiffs brought these asbestos drilling mud cases against Defendants who from the early-1960s to late-1980s mined, processed, distributed, marketed and sold fifty-pound bags of drilling mud additives made of nearly 100% raw asbestos.  Defendants lmew of the significant health

risks to workers who used their products, which would ultimately cause asbestosis, cancer and mesothelioma. Yet, the Defendants consciously decided to sell the products in order to turn a profit.[2]

4.      The 423 cases originally removed and subject to CTO-316 are actually part of over 700 asbestos drilling mud additive cases that were pending in five counties in Mississippi state court prior to Defendants' removals, all of which commenced in 2004. After filing these cases, each Plaintiff was required to complete fact sheets, which were essentially detailed written discovery regarding their occupational exposure to asbestos drilling mud additives.

5.      Attorney Robert Gholson was appointed by the state court judges as Special Master to manage the development of the cases. Special Master Gholson recommended a Case Management Order ("CMO") to provide for resolution of the cases. The CMO was entered in all cases and provides that detailed written discovery and depositions be accomplished in groups of 60 Plaintiffs that were primarily randomly selected by the Special Master. Pursuant to the CMO, counsel for the Plaintiffs selected from the first discovery group the first, third, fifth, and seventh cases to be set for trial. Counsel for Defendants designated the second, fourth, sixth, and eighth trial cases from the same group. Under the CMO, the parties are to alternately choose cases for trial until all are tried or otherwise resolved.

6.      The first case that was set for trial was *Elsie Smith v. Phillips 66, et al.*, Civil Action No. 1-08-cv-00839-WJG. Special Master Gholson indicated that he would not tolerate either side manipulating the order of trials. Union Carbide Corporation and ConocoPhillips Corporation

---

[2] Facts highlighting Defendants' egregious conduct, based upon their own documents, are set forth in the Motions for Remand filed in the individual cases subject to CTO-316. To provide the Panel a summary, the Motion for Remand filed in the *Elsie Smith* case, one of the cases originally subject to CTO-316 but which has now been remanded, is incorporated herein and attached hereto as Exhibit B. Similar motions for remand were filed in each of the other 422 cases subject to CTO-316. The exhibits to the Motion for Remand have not been included to ensure that Plaintiffs comply with the Panel's page limit on briefs.

("Defendants"), however, have attempted just that with their removal of these cases in order to avoid trial.  At the very least, Defendants have attempted to manipulate the system established by the Special Master after eighty-eight (88) depositions of Plaintiffs, co-workers and experts have been taken in Mississippi and at other locations throughout the United States.  The *Elsie Smith* case was removed thirty-one (31) days before it was set to begin trial on October 27, 2008, in Smith County, Mississippi.  It took over four years of work and expense to prepare these cases for trial, only to be faced with baseless removals on the eve of trial.  The District Court has already remanded the *Elsie Smith* case.  Exhibits C and D.  The District Court also remanded the *Troy Lofton* case, another case that was set and working toward trial at the time of removal.  Exhibits E and F.

## III.
### ARGUMENT

**A.**    **These cases should not be transferred because the requirements of 28 U.S.C. §1407 and subsequent case-law have not been met.**

7.        In order to transfer these cases to the Eastern District of Pennsylvania for inclusion in MDL No. 875, there must exist common questions of fact with actions in the other cases previously transferred to MDL No. 875.  *See* 28 U.S.C. § 1407(a).  In addition, before transfer can occur, the Panel must determine that the transfer of these cases "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."  *Id.*

   **i.**        **Contrary to the usual situation where a small number of cases are removed at one time, the volume of cases removed here – a total of 424 –  has resulted in the District Court not having adequate time to rule on all motions for remand.**

8.        The Panel has articulated its concern regarding whether the District Court has an "adequate time" in which to address motions for remand.  *See In re: Asbestos Products Liability Litigation (No. VI),* 560 F. Supp.2d 1367 (J.P.M.L. 2008).  As detailed in a recent opinion, the Panel

concluded that district courts generally have an adequate time to rule on motions for remand under certain usual circumstances:

> Certain plaintiffs argue that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.R.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, *those courts wishing to address such motions have adequate time in which to do so*, while those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

*Id.* at 1369 (emphasis added). In *In re: Asbestos Products Liability Litigation*, there were only eight removed cases at issue spread among four different courts. Conversely, in this instance, there are 421 remaining cases at issue that are all pending in the *same District Court*.[3] The District Court has already ruled on two of the motions for remand, illustrating its clear intent to rule on these motions. Given the circumstances before the District Court, however, it can hardly be said the District Court has had a fair opportunity to issue opinions and orders in 421 separate cases. MDL Panels have sometimes "delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions." *Johnson v. Micron Technology, Inc.,* 354 F.Supp.2d 736, 739 (E.D. Mich. 2005).

---

[3]   Four hundred twenty-four removal notices were filed with the Court, followed by the electronic filing of 424 motions to remand, responses to the motions to remand (filed by at least two Defendants, along with joinders from other Defendants in each of the 424 cases) and 424 replies. After the District Court's initial remand orders were entered in the *Elsie Smith* and *Troy Lofton* cases, two of the Defendants' filed motions to reconsider (along with joinders filed by other Defendants), responses were filed, followed by the entry of yet two more orders denying the motions for reconsideration.

9.      The cases subject to CTO-316 present a highly unusual situation that is contrary to the usual circumstances described by the Panel in *In re: Asbestos Products Liability Litigation*.  Defendants removal of 424 cases at one time to a single court has created an huge administrative hurdle for the District Court; the Panel should permit the District Court to continue ruling on the Plaintiffs' motions for remand.  Primary briefing by the parties has been completed. [4]  The Court has ruled on two motions for remand in cases that were set to begin trial shortly after the removal date.  Both of those cases were remanded to state court this week.  Exhibits C, D, E and F.  As detailed below, the District Court's resolution of identical issues that the two remanded cases have in common with the remaining 421 cases under CTO-316 indicates that all other cases will likely be remanded if the District Court is provided an opportunity to rule.  Plaintiffs respectfully request, therefore, that the Panel defer transfer of the cases subject to CTO-316 in order to provide the District Court an opportunity to rule on Plaintiffs' motions for remand.[5]

ii.      **Transfer of these cases will not result in convenience of parties and witnesses and will not promote just and efficient conduct of such actions.**

10.     Jurisdictional issues in the 421 remaining cases subject to CTO-316 should be decided by the District Court.  The jurisdictional issues are ripe for consideration by the District Court.  *See Johnson,* 354 F.Supp.2d at 740.  It is generally argued that jurisdictional issues should be decided in the MDL to

---

[4]  While briefing on the motions for remand has been completed by the parties this week, that does not mean all briefing will ultimately be complete.  If what happened with the two cases already remanded is an indication of future conduct, motions for reconsideration may be filed by Defendants that require additional briefing by the parties and additional orders and opinions from the Court.  In reality, it appears these motions for reconsideration may simply be Defendants' attempt to keep remanded cases in federal court longer (in hopes they will go to the MDL).  Importantly, the past motions for reconsideration were denied, and the first two remanded cases are now back in state court as of this week.

[5]  If the District Court is not given an opportunity to rule in this unusual circumstance, it will encourage Defendants in the future to remove as many cases as possible at one time, even if without merit, in hopes that it will overwhelm the District Court's ability to make the necessary rulings, thus resulting in the cases being sent to languish in the MDL.

promote consistency of resolution, which in turn results in the just and efficient use of judicial resources. No such concern, however, exists in this case. *Id.; In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *see also* 28 U.S.C. §1407.

11.     The 421 remaining cases subject to CTO-316 represent the only asbestos drilling mud cases pending in a federal court that contain the precise jurisdictional questions that are present in Plaintiffs' motions for remand.   There is no risk of reaching different rulings, therefore, if the cases remain in the District Court.  Section 1407 was intended to promote the "just and efficient conduct" of the actions transferred. *In re Ivy*, 901 F.2d at 9.  In order to meet the criteria for transfer, the cases at issue "must be pending in more than one district." *Id.* All 421 of the remaining cases subject to CTO-316 are pending in the *same District Court*.  They do not qualify, therefore, for transfer.

12.     In addition, two of the cases originally subject to CTO-316 have already been remanded to state court pursuant to rulings by the District Court.  Given these facts, it follows that the principle of "consistency" is best served by giving the District Court an opportunity to rule on the remaining 421 motions for remand.  It would be an enormous waste of judicial resources and economy to now transfer the 421 remaining cases to the MDL Court, which would force the parties to re-brief the issues, again overwhelming the judicial clerks, and forcing a new Judge to become familiar with the unique issues that the District Court has already mastered.

### iii.     Oilfield worker cases differ from traditional asbestos cases.

13.     In order to transfer these cases to the Eastern District of Pennsylvania for inclusion in MDL No. 875, there must exist common questions of fact with actions in the other cases previously transferred to MDL No. 875.   28 U.S.C. §1407(a).   Oilfield workers pursuing asbestos claims are

different from the "traditional" asbestos cases previously filed in Mississippi.[6]   Defendants, however, makes no effort to analogize the present cases to "traditional" asbestos cases (or even acknowledge their existence), but seek instead to delay and dilute their own liability by asking this Court to include them among thousands of other cases with which they have virtually nothing in common.   Oilfield worker cases *are* different.  First, they are not brought against a laundry list of peripheral defendants.  Indeed, the "traditional" asbestos cases generally have at least seventy (70) defendants.   In the oilfield worker asbestos cases, however, suit is brought against the two (2) manufacturers and a limited number of suppliers of a product that consisted of pure asbestos: Union Carbide Corporation and Phillips Petroleum Company, and their distributors and sellers, Montello, Inc., Mississippi Mud Company, Oilfield Service and Supply, and Baker Hughes.[7]   Given the extraordinarily limited focus of these oilfield worker cases, the factual and legal issues presented are similarly narrow as compared with "traditional" claims.  Indeed, the vast majority of the discovery and legal issues ordinarily associated with "traditional" asbestos cases are irrelevant to oilfield worker cases.  The unreasonably dangerous asbestos products in dispute in the oilfield worker cases were actually manufactured, packaged and shipped by the manufacturers for end-use as drilling mud additives by Plaintiffs' prior employers.  There is no "bulk supplier" defense.  Oilfield workers thus object to the prospect of being thrown among an assortment of unrelated cases simply because the petition filed in their case contains the word "asbestos."  After that word, the similarity ends.

---

[6]   A court in Texas previously agreed that similar oilfield drilling mud asbestos cases filed in Texas were different than traditional asbestos cases and, accordingly, they were not included in the state asbestos MDL.

[7]   There are cases, which continue in state court in Mississippi, which also have Jones Act employers.  However, none of those are included in the cases subject to CTO-316.

**B.** **Remand to state court is appropriate in all cases included under CTO-316 on numerous grounds, and these cases should remain in the District Court to afford it the opportunity to rule on the remaining 421 cases.**

14.    Numerous grounds exist that support remand of the remaining 421 cases under CTO-316. As discussed above, two other cases originally under CTO-316 have already been remanded by the District Court. The District Court's opinions remanding these other two (2) cases indicate that remand was based upon issues common to the remaining 421 drilling mud asbestos cases. Specifically, (1) the statutory one-year bar prevents removal, (2) no "other paper" exists to provide a basis for removal, and (3) not all Defendants consented to removal. Remand is appropriate, therefore, in all cases included under CTO-316.

**i.** **Removal was untimely pursuant to 28 U.S.C. §1446(b) because removal took place more than one (1) year after the case was filed and no fraudulent or manipulative conduct occurred to justify making an exception to the one (1) year deadline for removal.**

15.    There is a one-year statutory time limit for removal of diversity cases. Defendants filed their Notice of Removal now claiming a basis for diversity jurisdiction pursuant to 28 USC §1332. The applicable federal statute governing removal states as follows:

> "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which is or has become removable, except that a case *may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*"

28 U.S.C. §1446 (emphasis added). While there is no exception by statute, the Fifth Circuit has recognized an equitable exception to §1446.

16.    The Fifth Circuit in *Tedford* held there is an equitable exception to the one-year time limit for removal, but it must be shown that Plaintiff took *manipulative* and *fraudulent* steps to see that the one-

year limitations period expired without removal, despite the diligent efforts of Defendants.[8]  *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2003)*; see also Herschberger v. ACandS,* 2005 WL 1221203, *3 (S.D. Miss. 2005) (Gex, Senior J.); *Williams v. National Heritage Realty Inc.,* 489 F.Supp.2d 595, 596 (N.D. Miss. 2007).  That is, there must be an "egregious, clear pattern of forum manipulation" that resulted from "manipulative and seemingly fraudulent maneuvers." *Joiner v. McLane Company, Inc.,* 2008 WL 1733655 (W.D. La. April 14, 2008).  "Suspicious behavior is not enough to demonstrate bad faith or forum manipulation." *Perex v. JPMorgan Chase Bank, N.A.,* 2007 WL 1944376 (N.D. Tex. 2007).  Also, "an 'aroma of manipulation' is not sufficient to trigger the rarely used exception of equitable tolling." *Edwards v. Standard Fire Insurance Company,* 2008 WL 1832366 (E.D. La. April 23, 2008).  Even if it turns out that the non-diverse defendant "is not and has never been a proper party to [the] case," that alone is not enough to justify use of the narrowly used equitable exception. *Gallegos Perez v. Lasko Products, Inc.,* 2008 WL 608313 (S.D. Tex. March 3, 2008).

17.    Defendants allege in all remaining 421 notices of removal that Plaintiffs participated in manipulative conduct to allegedly deprive them of a federal forum.  As noted above, however, the District Court held otherwise in the *Elsie Smith* and *Troy Lofton* cases, which were removed pursuant to identical allegations.  In each of its 421 Responses in Opposition to Plaintiff's Motion for Remand, Defendant ConocoPhillips has acknowledged that "[c]ertain aspects of the *Smith* case bear significantly on this case."  In the *Elsie Smith* and *Troy Lofton* cases, the District Court remanded because there was "no inequitable conduct on the part of Plaintiff" to justify an exception to the one-year limit for removal set by 28 U.S.C. §1446.  Exhibits C and E, p. 6; *see also* Exhibits D and F.  The District Court specifically

---

[8]  Only Plaintiff's conduct during the first year after commencement is evaluated.  Any conduct after the first year of the lawsuit cannot be a basis for use of the equitable exception. *Smith v. Wal-Mart Stores, Inc.,* 489 F.Supp.2d 600, 604 (N.D. Miss. 2007) (stipulation as to amount in controversy could not support equitable exception because alleged improper stipulation did not take place until after the first year of the lawsuit).

held, "[a]ccordingly, in the absence of any inequitable conduct on the part of Plaintiff in this case, the Court finds that the motion for remand should be granted." *Id.*   The Court correctly found, "[t]here was no evidence that Plaintiff joined the resident defendants without intending to prosecute claims against these defendants or solely for the purpose of defeating federal jurisdiction" and, therefore, "there is no equitable reason to estop Plaintiffs from relying on Section 1446(b) to assert the untimeliness of removal of the case." *Id.*   Similarly, the untimeliness of removal based upon 28 U.S.C. §1446(b) is again the primary basis for remand in the cases subject to CTO-316:  Defendants simply cannot show that Plaintiff engaged in fraudulent or manipulative conduct, which is required in order to allow for removal after the one-year filing date as detailed by the Fifth Circuit in *Tedford*.[9]

   18.      The District Court's ruling finds considerable support from other federal district courts.[10] *Herschberger* is one such case.  The *Herschberger* case initially involved seven plaintiffs who sued to recover for injuries from asbestos exposure.  2005 WL 1221203, at *1.  Like each Plaintiff here, the *Herschberger* plaintiffs' claims were properly joined with other plaintiffs' claims under Mississippi law when the suit was originally filed.  *Id.*  Defendants filed a motion to sever the plaintiffs' claims due to a change in state law that occurred after the case was filed.  *Id., citing Harold's Auto Parts, Inc. v. Mangialardi,* 889 So.2d 493 (Miss. 2004).  After plaintiffs opposed severance because the case had been

---

[9]   There are sixty-five cases included in the 421 that were removed a few days prior to the one-year deadline for removal.  Although those sixty-five cases were commenced in 2004, they were refiled in 2007 due to venue issues.  The District Court's resolution of the issues relating to "other paper" nevertheless indicates that remand is appropriate in all 421 remaining cases.

[10]   *See Williams v. National Heritage Realty, Inc.,* 489 F.Supp.2d 595 (N.D. Miss. 2007); *Peres v. JPMorgan Chase Bank,* 2007 WL 1944376 (N.D. Tex. 2007); *Sanders v. G.D. Searle,* 2004 WL 443886 (N.D. Miss. 2004); *Joiner v. McLane Company,* 2008 WL 1733655 (W.D. La. 2008); *Herschberger,* 2005 WL 1221203, *4; *Smith v. Wal-Mart Stores,* 489 F.Supp.2d 600 (N.D. Miss. 2007); *Daniel Mineral Development Company,* 2007 WL 2315218 (S.D. Tex. 2007); *Rhodes v. Mariner Health Care,* 516 F.Supp.2d 611 (S.D. Miss. 2007); *Edwards v. Mariner Health Care,* 2008 WL 144691 (N.D. Miss. 2008); *Edwards v. Standard Fire Insurance Company,* 2008 WL 1832366 (E.D. La. 2008).

on file for several years, the case was severed into individual cases.  2005 WL 1221203, at *1.  Once severed, the defendants alleged diversity jurisdiction for the first time and removed the case.  *Id.*  In *Herschberger,* the District Court found "[t]he facts in this case do not lead the Court to conclude that the Plaintiffs manipulated the pleadings in an attempt to avoid federal jurisdiction to be equitably estopped from seeking remand to state court."  *Id.*  Because the facts in these cases are similar to those in *Herschberger*, the District Court was correct to reach the same conclusion.

19.     As specifically detailed in Plaintiffs' Motions for Remand and Memorandum of Authorities, Plaintiffs' cases were commenced in 2004, along with many other Plaintiffs in the same case.  *Id.*  Several of the other Plaintiffs asserted claims against Jones Act Defendants.[11]  Plaintiffs' suit, which contained these other Plaintiffs for the first two (2) years, was not removable by Defendants because the "savings to suitors" clause of the Jones Act provided jurisdiction in state court for all Plaintiffs in the case, without regard to any in-state Defendant.  Joinder of Plaintiffs' claims with other Plaintiffs was allowed by Mississippi State law at the time of filing and had been a regular practice for years.  *Ill. Cent. R.R. v. Travis*, 808 So.2d 928, 931 (Miss. 2002).  After these cases were filed, *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So.2d 493 (Miss. 2004) ("*Mangialardi*"), was decided by the Mississippi Supreme Court, which changed the long-standing law in Mississippi that permitted the joinder of multiple claims in a single asbestos case.[12]  Because of *Mangialardi*, the state court severed the claims of the joined

---

[11]   The specific names of the properly joined Plaintiffs with Jones Act Defendants in their case are detailed in Plaintiffs' Memorandums of Authorities filed in the District Court.

[12]   There were two original filing dates for these cases, around 600 in May of 2004 and the remainder in August of 2004.  Therefore, for the smaller sub-group of the 421 removed cases, the *Mangialardi* decision was actually handed down by the Mississippi Supreme Court a few days before they were filed.  However, even then, the *Mangialardi* decision was still subject to revision or withdrawal because of motions to reconsider and the fact that the Supreme Court had not released its opinion for publication.  Although the *Mangialardi* opinion published by Westlaw was dated August 26, 2004, the Mississippi Supreme Court's records reveal that a motion for rehearing was denied on October 21, 2004, and mandate of the Supreme Court did not issue until October 28, 2004.  Thus, even if Plaintiffs' counsel had been immediately aware of the decision, it would nevertheless be uncertain what changes in the law, if any, had occurred.

Plaintiffs over Plaintiffs' objections. Thus, only after severance, roughly two (2) years into the case, did Oilfield Service & Supply and Mississippi Mud – the in-state Defendants – arguably become jurisdictionally relevant. But for a change in law after suit was filed, therefore, no basis existed for challenging jurisdiction because of the existence of the properly-joined Jones Act Defendants. These facts are virtually identical to those in *Herschberger* and support the District Court's decision to remand. Because this factual scenario is present in a majority of the remaining 421 cases in which remand motions are pending, the District Court will be justified in remanding those cases as well.

20.    Defendants devoted most of their briefing in the District Court to whether Plaintiffs can recover against Oilfield Service & Supply or Mississippi Mud. That, however, is not the relevant inquiry.[13] First, only by proving *Tedford*-type of conduct will Defendants be entitled to an equitable exception to the one-year time limit for removal under 28 U.S.C. §1446. Numerous district courts throughout the Fifth Circuit have evaluated post one-year removals to determine if they fall into the equitable exception created in *Tedford*. Inevitably, courts require that plaintiff participate in conduct similar to that observed in *Tedford* in order to justify making an exception to the one-year statutory time limit on removal.

21.    Oilfield Service & Supply and Mississippi Mud were not an issue during the first year because there were properly joined Jones Act Defendants in the case throughout that year that provided the State court with jurisdiction. Given that Oilfield Service & Supply and Mississippi Mud were not the

---

[13]  Defendants focused on the two-part test articulated in *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (removing party must show either (1) fraud in the pleading of jurisdictional facts (which Defendants have not alleged here), or (2) no possibility of recovery against the forum defendants) in their opposition to remand. Defendants, however, have ignored their initial hurdle; that is, they must prove fraudulent and manipulative conduct similar to that observed by the Fifth Circuit in *Tedford*. The requirement that Defendants prove fraudulent and manipulative conduct is a "separate . . . procedural bar" that prohibits untimely removal in this case that was removed beyond the one-year limit for removal prescribed by 28 U.S.C. §1446(b). *Sanders v. G.D. Searle & Co.*, 2004 WL 443886, *2 (N.D. Miss. 2004).

sole basis for jurisdiction during the first year, it cannot be credibly argued that Plaintiff engaged in any fraudulent or manipulative conduct relating to these Defendants that would give rise to an exception to the one-year limit for removal. The District Court correctly analyzed this issue in its remand orders in the *Elsie Smith* and *Troy Lofton* cases.

ii.    **Removal was untimely pursuant to 28 U.S.C. §1446(b) because there was no "other paper" in the 30 days prior to removal that provided a basis for removal.**

22.    Even if Deendants' notices of removal survive the statutory one-year bar, in order for a removal to be timely, a defendant must remove the case within thirty days of receiving "other paper," as that term is defined in Fifth Circuit case-law. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). The controlling statute, 28 U.S.C. § 1446(b), provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 

23.    To be considered "other paper," it must both: 1) result from the voluntary act of a plaintiff; and 2) give the defendant notice of changed circumstances which now support federal jurisdiction. *Id.*; *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). The 30- day limitation period for a defendant to file a removal petition begins when the defendant receives "other paper" from the plaintiff. Failure to remove within 30 days after such receipt results in an improper removal. *Addo*, 230 F.3d at 762. There was no "other paper" within the 30 days prior to removal that would in any way justify removal of these cases. The documents upon which Defendants rely as "other paper" do not qualify as "other paper" because they did not result from the voluntary act of Plaintiff. In fact, the documents at issue were not even filed in the cases remaining under CTO-316. Defendants state in their notice of

removals that "Oilfield Service's motion for summary judgment and the attached affidavit" filed in the *Elsie Smith* case are the "other paper" they rely upon for removal.

24. It is well settled in the Fifth Circuit that documents created by a defendant cannot constitute "other paper." *S.W.S. Erectors, Inc.*, 72 F.3d at 494. For something to be "other paper" it must be created by the plaintiff. *Id.* In the remaining cases subject to CTO-316, Defendants rely on a summary judgment motion and the affidavit filed in the *Elsie Smith* case as "other paper." These documents, however, were created by a Defendant. Therefore, they cannot constitute "other paper." The District Court ruled that the motion for summary judgment by Oilfield Service and Supply "certainly was not a voluntary act by the Plaintiff, as required to trigger the 'other paper' basis for removal." Exhibits D and F. The "other paper" issue is present in all cases subject to CTO-316, and Defendants relied upon the same documents for its removal of all cases. Therefore, the District Court's ruling that the document in question was not "other paper" indicates that remand is appropriate and inevitable in all cases.

### iii. <u>Some Defendants did not consent to removal.</u>

25. "In order to comply with the requirements of §1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period." *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988)). This is known as the "rule of unanimity." *Tedford*, 327 F.3d at 428 n.15. In order to "join" in the removal petition, "there [must] be 'some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.'" *Gillis*, 294 F.3d at 759 (quoting *Getty Oil*, 841 F.2d at 1262 n.11). A blanket statement by the removing defendant(s) that other defendants consent in the removal is insufficient to meet this requirement. *Id.*

26.     In each of the 421 remaining cases, Baker Hughes and Oilfield Service & Supply did not consent to removal.[14]  Both are proper parties.  There has been no settlement with Baker Hughes to result in a final disposition of the case by the court.[15]    Therefore, Baker Hughes' consent is required for removal.  The absence of unanimity in Defendants' notices of removal also justifies the District Court's decision to remand these cases to state court.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request: (1) the Panel vacate Conditional Transfer Order 316 in order that these cases may be remanded to their respective Mississippi state courts; (2) in the alternative, that the Panel provide the District Court adequate opportunity to rule on the remaining motions for remand; and (3) that Plaintiffs be provided such other and further relief to which they may be entitled.

Respectfully submitted,
FRANKLIN, CARDWELL & JONES
A Professional Corporation

BY: _____

Gregory M. Jones
Bar Card No. 102152
Randy Bruchmiller
Bar Card No. 102094
Allen R. Vaught
Bar Card No. 101695
1001 McKinney, 18th Floor
Houston, TX 77002
713-222-6026 - telephone
713-222-0938 – facsimile
www.fcj.com
gjones@fcj.com

**ATTORNEYS FOR PLAINTIFFS**

---

[14]   In sixty-five (65) of the 421 remaining cases subject to CTO-316, Mississippi Mud continues to be a party and forum defendant.  In those cases Mississippi Mud also did not consent to removal even though it is a proper party.

[15]   Baker Hughes' claim of settlement is in conflict with its own conduct.  Baker Hughes has responded to discovery, propounded by other Defendants, in the *Bob Martin* case as recently as October 14, 2008, which was several weeks after Defendants filed their notices of removal.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 24 2008

FILED
CLERK'S OFFICE

S. ROBERT HAMMOND, JR. (MSB #3004)
S. Robert Hammond, Jr., P.L.L.C.
711 Hardy Street
P.O. Box 471
Hattiesburg, MS  39403-0471
Telephone: (601) 264-4499
Facsimile:  (601) 264-5588

PHILIP E. CARBY (MSB #5862)
Philip E. Carby, P.C.
Post Office Box 1047
513 State Street
Natchez, Mississippi 39121
Telephone: (601) 445-5011
Facsimile: (601) 445-5033

## CERTIFICATE OF SERVICE

On this the <u>20th</u> day of November, 2008, a true and correct copy of the above and foregoing instrument was duly served upon all parties and/or their counsel of record identified on the attached Panel List by depositing the same in the U.S. Mail, proper postage prepaid.

Gregory N. Jones

RECEIVED
CLERK'S OFFICE
2008 NOV 21  A 10: 03
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Marcy B. Croft
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

S. Robert Hammond, Jr.
P.O. Box 471
Hattiesburg, MS 39403-0471

Jeffrey P. Hubbard
WELLS MOORE SIMMONS
 & HUBBARD
P.O. Box 1970
Jackson, MS 39215-1970

Gregory N. Jones
FRANKLIN CARDWELL & JONES
1001 McKinney
18th Floor
Houston, TX 77002

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

John Jeffrey Trotter
ADAMS & REESE LLP
P.O. Box 24297
Jackson, MS 39225-4297

Allen R. Vaught
FRANKLIN CARDWELL & JONES
1001 McKinney
18th Floor
Houston, TX 77002

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 4 2008

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE ASBESTOS PRODUCT                    MDL NUMBER: 875
LITIGATION (No. VI)

RE:    PENDING ACTIONS IN THE ATTACHED SCHEDULE

---

**EXHIBITS TO BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-316)**

# EXHIBIT A

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| STYLE OF CASE | CIVIL ACTION NO. | DISTRICT COURT |
|---|---|---|
| Elsie Smith, Individually and as Representative of the Estate of Larry D. Smith, Deceased v. Phillips 66, et al | 1:08-cv-00839-WJG | Southern District of Mississippi |
| Dimple I.Thompson, Individually and as Representative of the Estate of Marvin Thompson, Deceased v. Phillips 66, et al | 1:08-cv-00840-WJG | Southern District of Mississippi |
| Betty Sauls, Individually and as Representative of the Estate of Kenneth L. Sauls, Deceased v. Phillips 66, et al | 1:08-cv-00841-WJG | Southern District of Mississippi |
| Judith Richardson, Individually and as Representative of the Estate of Troyce Johnson, Deceased v. Phillips 66, et al | 1:08-cv-00842-WJG | Southern District of Mississippi |
| Alice Presley, Individually and as Representative of the Estate of William Pressley, Deceased v. Phillips 66, et al | 1:08-cv-00843-WJG | Southern District of Mississippi |
| Chrystelle Pevey, Individually and as Representative of the Estate of James E. Pevey, Deceased v. Phillips 66, et al | 1:08-cv-00844-WJG | Southern District of Mississippi |
| James R. Garner, Individually and as Representative of the Estate of Hubert Garner, Deceased v. Phillips 66, et al | 1:08-cv-00845-WJG | Southern District of Mississippi |
| Patricia Gayle Pitts, Individually and as Representative of the Estate of Homer Earl Pitts, Deceased | 1:08-cv-00846-WJG | Southern District of Mississippi |
| Betty McNair, Individually and as Representative of the Estate of L.B. McNair, Deceased v. Phillips 66, et al | 1:08-cv-00847-WJG | Southern District of Mississippi |
| Brownell v. Phillips 66, et al | 1:08-cv-00848-WJG | Southern District of Mississippi |
| Berry, Individually and as Representative of the Estate of Fred Berry, Deceased v. Phillips 66, et al | 1:08-cv-00849-WJG | Southern District of Mississippi |
| Brady, Individually and as Representative of the Estate of Willie Douglas Hancock, Deceased v. Phillips 66, et al | 1:08-cv-00850-WJG | Southern District of Mississippi |
| Taylor, Individually and as Representative of the Estate of Clarence Kelly, Sr., Deceased v. Phillips 66, et al | 1:08-cv-00851-WJG | Southern District of Mississippi |
| Frances Stewart, Individually and as Representative of the Estate of Floyd L. Nettles, Deceased v. Phillips 66, et al | 1:08-cv-00852-WJG | Southern District of Mississippi |
| Stephanie Davis, Individually and as Representative of the Estate of Don M. Davis, Deceased v. Phillips 66, et al | 1:08-cv-00853-WJG | Southern District of Mississippi |
| Shirley A. Ezell, Individually and as Representative of the Estate of Elbert C. Ezell, Deceased v. Phillips 66, et al | 1:08-cv-00854-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Krysten Lambert Butler, Individually and as Representative of the Estate of Bennie Floyd, Deceased v. Phillips 66, et al | 1:08-cv-00855-WJG | Southern District of Mississippi |
| Dodd Mitchell Sykes v. Phillips 66, et al | 1:08-cv-00856-WJG | Southern District of Mississippi |
| Corbit Sullivan v. Phillips 66, et al | 1:08-cv-00857-WJG | Southern District of Mississippi |
| Walter E. Stinson v. Phillips 66, et al | 1:08-cv-00858-WJG | Southern District of Mississippi |
| Timothy L. Stewart  v. Phillips 66, et al | 1:08-cv-00859-WJG | Southern District of Mississippi |
| Joe Stephens  v. Phillips 66, et al | 1:08-cv-00860-WJG | Southern District of Mississippi |
| Joseph Spradley v. Phillips 66, et al | 1:08-cv-00861-WJG | Southern District of Mississippi |
| Joseph Spiers  v. Phillips 66, et al | 1:08-cv-00862-WJG | Southern District of Mississippi |
| George Ross Spence v. Phillips 66, et al | 1:08-cv-00863-WJG | Southern District of Mississippi |
| Darrell D. Smith v. Phillips 66, et al | 1:08-cv-00864-WJG | Southern District of Mississippi |
| Joe Smith, Jr. v. Phillips 66, et al | 1:08-cv-00865-WJG | Southern District of Mississippi |
| Kelcie Dale Smith v. Phillips 66, et al | 1:08-cv-00866-WJG | Southern District of Mississippi |
| Charles R. Smith v. Phillips 66, et al | 1:08-cv-00867-WJG | Southern District of Mississippi |
| Charles C. Smith v. Phillips 66, et al | 1:08-cv-00868-WJG | Southern District of Mississippi |
| Charles Smith v. Phillips 66, et al | 1:08-cv-00869-WJG | Southern District of Mississippi |
| Charles R. Sims v. Phillips 66, et al | 1:08-cv-00870-WJG | Southern District of Mississippi |
| Thomas E. Simmons v. Phillips 66, et al | 1:08-cv-00871-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Jesse James Short v. Phillips 66, et al | 1:08-cv-00872-WJG | Southern District of Mississippi |
| Tom M. Saul, Jr. v. Phillips 66, et al | 1:08-cv-00873-WJG | Southern District of Mississippi |
| J.M. Saul v. Phillips 66, et al | 1:08-cv-00874-WJG | Southern District of Mississippi |
| Aaron Sasser, Jr. v. Phillips 66, et al | 1:08-cv-00875-WJG | Southern District of Mississippi |
| Charles David Sanders v. Phillips 66, et al | 1:08-cv-00876-WJG | Southern District of Mississippi |
| Ralph Gardner v. Phillips 66, et al | 1:08-cv-00877-WJG | Southern District of Mississippi |
| Jerrell J. Gunter v. Phillips 66, et al | 1:08-cv-00878-WJG | Southern District of Mississippi |
| Rudolph Gregory v. Phillips 66, et al | 1:08-cv-00879-WJG | Southern District of Mississippi |
| Ted Justin Graves v. Phillips 66, et al | 1:08-cv-00880-WJG | Southern District of Mississippi |
| David Grantham v. Phillips 66, et al | 1:08-cv-00881-WJG | Southern District of Mississippi |
| Kenneth Graham v. Phillips 66, et al | 1:08-cv-00882-WJG | Southern District of Mississippi |
| Grover Audell Goldman  v. Phillips 66, et al | 1:08-cv-00883-WJG | Southern District of Mississippi |
| Melvin R. Glass  v. Phillips 66, et al | 1:08-cv-00884-WJG | Southern District of Mississippi |
| Authur Gilmore  v. Phillips 66, et al | 1:08-cv-00885-WJG | Southern District of Mississippi |
| Bobby L. Gibson v. Phillips 66, et al | 1:08-cv-00886-WJG | Southern District of Mississippi |
| Charles Gardner v. Phillips 66, et al | 1:08-cv-00887-WJG | Southern District of Mississippi |
| Eddie Lee Gaines, Jr.  v. Phillips 66, et al | 1:08-cv-00888-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Ernest Wayne Hutto v. Phillips 66, et al | 1:08-cv-00889-WJG | Southern District of Mississippi |
| Randy R. Hunt  v. Phillips 66, et al | 1:08-cv-00890-WJG | Southern District of Mississippi |
| Ompy L. Hudson, III v. Phillips 66, et al | 1:08-cv-00891-WJG | Southern District of Mississippi |
| Johnny Howard  v. Phillips 66, et al | 1:08-cv-00892-WJG | Southern District of Mississippi |
| Malcolm Paul Howse  v. Phillips 66, et al | 1:08-cv-00893-WJG | Southern District of Mississippi |
| Donald W. Holmes  v. Phillips 66, et al | 1:08-cv-00894-WJG | Southern District of Mississippi |
| William L. Holloway  v. Phillips 66, et al | 1:08-cv-00895-WJG | Southern District of Mississippi |
| Charles Edward Holifield  v. Phillips 66, et al | 1:08-cv-00896-WJG | Southern District of Mississippi |
| Richard Hodges  v. Phillips 66, et al | 1:08-cv-00897-WJG | Southern District of Mississippi |
| John Heidel  v. Phillips 66, et al | 1:08-cv-00898-WJG | Southern District of Mississippi |
| Katie Higginbotham v. Phillips 66, et al | 1:08-cv-00899-WJG | Southern District of Mississippi |
| Isaac Haynes v. Phillips 66, et al | 1:08-cv-00900-WJG | Southern District of Mississippi |
| Thad Harvey v. Phillips 66, et al | 1:08-cv-00901-WJG | Southern District of Mississippi |
| Ex Earl Harrison  v. Phillips 66, et al | 1:08-cv-00902-WJG | Southern District of Mississippi |
| Ricky Wayne Harris v. Phillips 66, et al | 1:08-cv-00903-WJG | Southern District of Mississippi |
| James E. Harris v. Phillips 66, et al | 1:08-cv-00904-WJG | Southern District of Mississippi |
| Charles Hamrick, Sr. v. Phillips 66, et al | 1:08-cv-00905-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Ansler Dale Hall v. Phillips 66, et al | 1:08-cv-00906-WJG | Southern District of Mississippi |
| Hugh W. Mullins  v. Phillips 66, et al | 1:08-cv-00907-WJG | Southern District of Mississippi |
| Vincent Motley v. Phillips 66, et al | 1:08-cv-00908-WJG | Southern District of Mississippi |
| Willie E. Moore  v. Phillips 66, et al | 1:08-cv-00909-WJG | Southern District of Mississippi |
| Dennis G. Moak v. Phillips 66, et al | 1:08-cv-00910-WJG | Southern District of Mississippi |
| Bobby W. Mire, Sr. v. Phillips 66, et al | 1:08-cv-00911-WJG | Southern District of Mississippi |
| Bobby R. Mills  v. Phillips 66, et al | 1:08-cv-00912-WJG | Southern District of Mississippi |
| Michael D. Miller  v. Phillips 66, et al | 1:08-cv-00913-WJG | Southern District of Mississippi |
| Loranzie Miller v. Phillips 66, et al | 1:08-cv-00914-WJG | Southern District of Mississippi |
| Robert D. McLain v. Phillips 66, et al | 1:08-cv-00915-WJG | Southern District of Mississippi |
| Clifford McLain v. Phillips 66, et al | 1:08-cv-00916-WJG | Southern District of Mississippi |
| Thomas A. McKenzie v. Phillips 66, et al | 1:08-cv-00917-WJG | Southern District of Mississippi |
| Ronnie McGill v. Phillips 66, et al | 1:08-cv-00918-WJG | Southern District of Mississippi |
| Mark McFarland v. Phillips 66, et al | 1:08-cv-00919-WJG | Southern District of Mississippi |
| John W. McFarland v. Phillips 66, et al | 1:08-cv-00920-WJG | Southern District of Mississippi |
| Ben F. McDonald v. Phillips 66, et al | 1:08-cv-00921-WJG | Southern District of Mississippi |
| Ecclus McAllister v. Phillips 66, et al | 1:08-cv-00922-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Kenneth Mayhugh, Jr. v. Phillips 66, et al | 1:08-cv-00923-WJG | Southern District of Mississippi |
| Alton J. Mahaffey, Jr. v. Phillips 66, et al | 1:08-cv-00924-WJG | Southern District of Mississippi |
| Keith Mason v. Phillips 66, et al | 1:08-cv-00925-WJG | Southern District of Mississippi |
| James G. Magee v. Phillips 66, et al | 1:08-cv-00926-WJG | Southern District of Mississippi |
| Winston Madison v. Phillips 66, et al | 1:08-cv-00927-WJG | Southern District of Mississippi |
| Mark Price v. Phillips 66, et al | 1:08-cv-00928-WJG | Southern District of Mississippi |
| George R. Price v. Phillips 66, et al | 1:08-cv-00929-WJG | Southern District of Mississippi |
| Albert Preston v. Phillips 66, et al | 1:08-cv-00930-WJG | Southern District of Mississippi |
| Daniel L. Prather v. Phillips 66, et al | 1:08-cv-00931-WJG | Southern District of Mississippi |
| William Hinton Powell v. Phillips 66, et al | 1:08-cv-00932-WJG | Southern District of Mississippi |
| Herbert K. Powell v. Phillips 66, et al | 1:08-cv-00933-WJG | Southern District of Mississippi |
| Ernest Plumer v. Phillips 66, et al | 1:08-cv-00934-WJG | Southern District of Mississippi |
| Luther Pitts v. Phillips 66, et al | 1:08-cv-00935-WJG | Southern District of Mississippi |
| Frazier M. Phillips v. Phillips 66, et al | 1:08-cv-00936-WJG | Southern District of Mississippi |
| William H. Peak v. Phillips 66, et al | 1:08-cv-00937-WJG | Southern District of Mississippi |
| J.E. Patton v. Phillips 66, et al | 1:08-cv-00938-WJG | Southern District of Mississippi |
| Morgan T. Palmer v. Phillips 66, et al | 1:08-cv-00939-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Joe L. Palmer v. Phillips 66, et al | 1:08-cv-00940-WJG | Southern District of Mississippi |
| Larry Russell v. Phillips 66, et al | 1:08-cv-00941-WJG | Southern District of Mississippi |
| James Lowery Russell v. Phillips 66, et al | 1:08-cv-00942-WJG | Southern District of Mississippi |
| David P. Russell v. Phillips 66, et al | 1:08-cv-00943-WJG | Southern District of Mississippi |
| Mitchell R. Rushing v. Phillips 66, et al | 1:08-cv-00944-WJG | Southern District of Mississippi |
| Carl A. Runnels v. Phillips 66, et al | 1:08-cv-00945-WJG | Southern District of Mississippi |
| Tommy Rollins v. Phillips 66, et al | 1:08-cv-00946-WJG | Southern District of Mississippi |
| Larry Jessie Rollins v. Phillips 66, et al | 1:08-cv00947-WJG | Southern District of Mississippi |
| Pearl Lavern Robbins v. Phillips 66, et al | 1:08-cv-00948-WJG | Southern District of Mississippi |
| James D. Reid v. Phillips 66, et al | 1:08-cv-00949-WJG | Southern District of Mississippi |
| Jackie D. Ramage v. Phillips 66, et al | 1:08-cv-00950-WJG | Southern District of Mississippi |
| Jason C. Ratliff v. Phillips 66, et al | 1:08-cv-00951-WJG | Southern District of Mississippi |
| Jake W. McLain v. Phillips 66, et al | 1:08-cv-00952-WJG | Southern District of Mississippi |
| Robert E. Morris v. Phillips 66, et al | 1:08-cv-00953-WJG | Southern District of Mississippi |
| James M. Turner v. Phillips 66, et al | 1:08-cv-00954-WJG | Southern District of Mississippi |
| Lester Leroy Toney v. Phillips 66, et al | 1:08-cv-00955-WJG | Southern District of Mississippi |
| Joe R. Thompson v. Phillips 66, et al | 1:08-cv-00956-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Leroy Terrell v. Phillips 66, et al | 1:08-cv-00957-WJG | Southern District of Mississippi |
| Jerry L. Teachey v. Phillips 66, et al | 1:08-cv-00958-WJG | Southern District of Mississippi |
| Daryl Ray Tanner v. Phillips 66, et al | 1:08-cv-00959-WJG | Southern District of Mississippi |
| William A. Tatum v. Phillips 66, et al | 1:08-cv-00960-WJG | Southern District of Mississippi |
| Mathyngale "Buck" Williams v. Phillips 66, et al | 1:08-cv-00961-WJG | Southern District of Mississippi |
| David Griffin Williams v. Phillips 66, et al | 1:08-cv-00962-WJG | Southern District of Mississippi |
| J.B. White, Jr. v. Phillips 66, et al | 1:08-cv-00963-WJG | Southern District of Mississippi |
| Randy J. White v. Phillips 66, et al | 1:08-cv-00964-WJG | Southern District of Mississippi |
| Phillip West v. Phillips 66, et al | 1:08-cv-00965-WJG | Southern District of Mississippi |
| James E. Watts v. Phillips 66, et al | 1:08-cv-00966-WJG | Southern District of Mississippi |
| Ted Watkins v. Phillips 66, et al | 1:08-cv-00967-WJG | Southern District of Mississippi |
| Jerry L. Warnock v. Phillips 66, et al | 1:08-cv-00968-WJG | Southern District of Mississippi |
| James R. Walley v. Phillips 66, et al | 1:08-cv-00969-WJG | Southern District of Mississippi |
| Henry Ward, Jr. v. Phillips 66, et al | 1:08-cv-00970-WJG | Southern District of Mississippi |
| Pauline Waller v. Phillips 66, et al | 1:08-cv-00971-WJG | Southern District of Mississippi |
| James C. Wallace v. Phillips 66, et al | 1:08-cv-00972-WJG | Southern District of Mississippi |
| Larry Collins v. Phillips 66, et al | 1:08-cv-00973-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Danny Conn v. Phillips 66, et al | 1:08-cv-00974-WJG | Southern District of Mississippi |
| Charles T. Cook v. Phillips 66, et al | 1:08-cv-00975-WJG | Southern District of Mississippi |
| Charles L. Coulter v. Phillips 66, et al | 1:08-cv-00976-WJG | Southern District of Mississippi |
| Henry S. Cooper, Jr. v. Phillips 66, et al | 1:08-cv-00977-WJG | Southern District of Mississippi |
| James Edward Cupit v. Phillips 66, et al | 1:08-cv-00978-WJG | Southern District of Mississippi |
| Tim Clanan v. Phillips 66, et al | 1:08-cv-00979-WJG | Southern District of Mississippi |
| Robert L. Cowart v. Phillips 66, et al | 1:08-cv-00980-WJG | Southern District of Mississippi |
| Concie Curtis, III v. Phillips 66, et al | 1:08-cv-00981-WJG | Southern District of Mississippi |
| Jerry W. Cavin v. Phillips 66, et al | 1:08-cv-00982-WJG | Southern District of Mississippi |
| David Chipmon v. Phillips 66, et al | 1:08-cv-00983-WJG | Southern District of Mississippi |
| Alford B. Chapman v. Phillips 66, et al | 1:08-cv-00984-WJG | Southern District of Mississippi |
| Howard M. Case v. Phillips 66, et al | 1:08-cv-00985-WJG | Southern District of Mississippi |
| Herman Collins v. Phillips 66, et al | 1:08-cv-00986-WJG | Southern District of Mississippi |
| Paul Carney v. Phillips 66, et al | 1:08-cv-00987-WJG | Southern District of Mississippi |
| Henry S. Carr v. Phillips 66, et al | 1:08-cv-00988-WJG | Southern District of Mississippi |
| Jon Campbell v. Phillips 66, et al | 1:08-cv-00989-WJG | Southern District of Mississippi |
| Sherman Easterling v. Phillips 66, et al | 1:08-cv-00990-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Douglas Echols v. Phillips 66, et al | 1:08-cv-00991-WJG | Southern District of Mississippi |
| Donnie E. Evans v. Phillips 66, et al | 1:08-cv-00992-WJG | Southern District of Mississippi |
| Bennie Jake Evans v. Phillips 66, et al | 1:08-cv-00993-WJG | Southern District of Mississippi |
| Charles Echols v. Phillips 66, et al | 1:08-cv-00994-WJG | Southern District of Mississippi |
| Jacob Evans v. Phillips 66, et al | 1:08-cv-00995-WJG | Southern District of Mississippi |
| Bill Fairley v. Phillips 66, et al | 1:08-cv-00996-WJG | Southern District of Mississippi |
| Kenneth Fairchild v. Phillips 66, et al | 1:08-cv-00997-WJG | Southern District of Mississippi |
| Turner Floyd v. Phillips 66, et al | 1:08-cv-00998-WJG | Southern District of Mississippi |
| Michael V. Fountain Sr. v. Phillips 66, et al | 1:08-cv-00999-WJG | Southern District of Mississippi |
| Miles D. Fountain v. Phillips 66, et al | 1:08-cv-01000-WJG | Southern District of Mississippi |
| Leonard W. Foster v. Phillips 66, et al | 1:08-cv-01001-WJG | Southern District of Mississippi |
| Willis F. Langley v. Phillips 66, et al | 1:08-cv-01002-WJG | Southern District of Mississippi |
| Michael R. Lee v. Phillips 66, et al | 1:08-cv-01003-WJG | Southern District of Mississippi |
| Kenneth D. Leggett v. Phillips 66, et al | 1:08-cv-01004-WJG | Southern District of Mississippi |
| Colon R. Leonard, Jr. v. Phillips 66, et al | 1:08-cv-01005-WJG | Southern District of Mississippi |
| David W. Lines v. Phillips 66, et al | 1:08-cv-01006-WJG | Southern District of Mississippi |
| Robert Junior Lofton v. Phillips 66, et al | 1:08-cv-01007-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Troy Lofton v. Phillips 66, et al | 1:08-cv-01008-WJG | Southern District of Mississippi |
| Dale Donaldson v. Phillips 66, et al | 1:08-cv-01009-WJG | Southern District of Mississippi |
| David Daley v. Phillips 66, et al | 1:08-cv-01010-WJG | Southern District of Mississippi |
| Vandiver Dunn v. Phillips 66, et al | 1:08-cv-01011-WJG | Southern District of Mississippi |
| Eugene F. Dvorak v. Phillips 66, et al | 1:08-cv-01012-WJG | Southern District of Mississippi |
| Jerry L. Dunigan v. Phillips 66, et al | 1:08-cv-01013-WJG | Southern District of Mississippi |
| Ross A. Kennedy v. Phillips 66, et al | 1:08-cv-01014-WJG | Southern District of Mississippi |
| Sidney L. Kerben, Jr. v. Phillips 66, et al | 1:08-cv-01015-WJG | Southern District of Mississippi |
| Plummer Kittrell v. Phillips 66, et al | 1:08-cv-01016-WJG | Southern District of Mississippi |
| Paul Bedford Johnson v. Phillips 66, et al | 1:08-cv-01017-WJG | Southern District of Mississippi |
| Johnny Jordan v. Phillips 66, et al | 1:08-cv-01018-WJG | Southern District of Mississippi |
| Robert E. Jordan v. Phillips 66, et al | 1:08-cv-01019-WJG | Southern District of Mississippi |
| Jimmy L. Nations v. Phillips 66, et al | 1:08-cv-01020-WJG | Southern District of Mississippi |
| James Nelson v. Phillips 66, et al | 1:08-cv-01021-WJG | Southern District of Mississippi |
| Isaac Newell v. Phillips 66, et al | 1:08-cv-01022-WJG | Southern District of Mississippi |
| Cecil J. Nickey v. Phillips 66, et al | 1:08-cv-01023-WJG | Southern District of Mississippi |
| Gary L. Odom v. Phillips 66, et al | 1:08-cv-01024-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Randy Byrd v. Phillips 66, et al | 1:08-cv-01025-WJG | Southern District of Mississippi |
| Dale Butler v. Phillips 66, et al | 1:08-cv-01026-WJG | Southern District of Mississippi |
| Rex B. Byrd v. Phillips 66, et al | 1:08-cv-01027-WJG | Southern District of Mississippi |
| James Johnny Bishop v. Phillips 66, et al | 1:08-cv-01028-WJG | Southern District of Mississippi |
| David Boleware v. Phillips 66, et al | 1:08-cv-01029-WJG | Southern District of Mississippi |
| Jimmie L. Bevis v. Phillips 66, et al | 1:08-cv-01030-WJG | Southern District of Mississippi |
| George Bounds v. Phillips 66, et al | 1:08-cv-01031-WJG | Southern District of Mississippi |
| Herbert Buckley v. Phillips 66, et al | 1:08-cv-01032-WJG | Southern District of Mississippi |
| Terry Lee Biglan v. Phillips 66, et al | 1:08-cv-01033-WJG | Southern District of Mississippi |
| John D. Yelverton, Jr. v. Phillips 66, et al | 1:08-cv-01034-WJG | Southern District of Mississippi |
| Kenneth Usry v. Phillips 66, et al | 1:08-cv-01035-WJG | Southern District of Mississippi |
| Joel P. Upton v. Phillips 66, et al | 1:08-cv-01036-WJG | Southern District of Mississippi |
| Billy Quick v. Phillips 66, et al | 1:08-cv-01037-WJG | Southern District of Mississippi |
| Tommy J. Knotts, Sr. v. Phillips 66, et al | 1:08-cv-01038-WJG | Southern District of Mississippi |
| Joe Keyes v. Phillips 66, et al | 1:08-cv-01039-WJG | Southern District of Mississippi |
| Lee Owen Bailey, Jr. v. Phillips 66, et al | 1:08-cv-01040-WJG | Southern District of Mississippi |
| Harmon J. Bryant v. Phillips 66, et al | 1:08-cv-01041-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Johnny C. Banks v. Phillips 66, et al | 1:08-cv-01042-WJG | Southern District of Mississippi |
| Jerry D. Ballard v. Phillips 66, et al | 1:08-cv-01043-WJG | Southern District of Mississippi |
| Kenneth M. Brown v. Phillips 66, et al | 1:08-cv-01044-WJG | Southern District of Mississippi |
| William M. Beard v. Phillips 66, et al | 1:08-cv-01045-WJG | Southern District of Mississippi |
| James Boyte v. Phillips 66, et al | 1:08-cv-01046-WJG | Southern District of Mississippi |
| Hiram Jesse Breland v. Phillips 66, et al | 1:08-cv-01047-WJG | Southern District of Mississippi |
| James Lavern Brown v. Phillips 66, et al | 1:08-cv-01048-WJG | Southern District of Mississippi |
| John Lee Brown v. Phillips 66, et al | 1:08-cv-01049-WJG | Southern District of Mississippi |
| Julius R. Beard v. Phillips 66, et al | 1:08-cv-01050-WJG | Southern District of Mississippi |
| Cleveland D. Boler, Jr. v. Phillips 66, et al | 1:08-cv-01051-WJG | Southern District of Mississippi |
| Robert E. Aaron v. Phillips 66, et al | 1:08-cv-01052-WJG | Southern District of Mississippi |
| David Adcock v. Phillips 66, et al | 1:08-cv-01053-WJG | Southern District of Mississippi |
| Donald Allen, Sr. v. Phillips 66, et al | 1:08-cv-01054-WJG | Southern District of Mississippi |
| Wayne H. Allred v. Phillips 66, et al | 1:08-cv-01055-WJG | Southern District of Mississippi |
| Robert E. Ard v. Phillips 66, et al | 1:08-cv-01056-WJG | Southern District of Mississippi |
| Willie Glean Ard v. Phillips 66, et al | 1:08-cv-01057-WJG | Southern District of Mississippi |
| Gene B. Atwood v. Phillips 66, et al | 1:08-cv-01058-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Mozell Aultman, Sr. v. Phillips 66, et al | 1:08-cv-01059-WJG | Southern District of Mississippi |
| Edward Bacon v. Phillips 66, et al | 1:08-cv-01060-WJG | Southern District of Mississippi |
| Larry E. Jackson v. Phillips 66, et al | 1:08-cv-01061-WJG | Southern District of Mississippi |
| Leroy Jackson v. Phillips 66, et al | 1:08-cv-01062-WJG | Southern District of Mississippi |
| Jackson P. Jefcoat v. Phillips 66, et al | 1:08-cv-01063-WJG | Southern District of Mississippi |
| Jimmy D. Jernigan v. Phillips 66, et al | 1:08-cv-01064-WJG | Southern District of Mississippi |
| Tonny Herrington v. Phillips 66, et al | 1:08-cv-01065-WJG | Southern District of Mississippi |
| James V. Herrington v. Phillips 66, et al | 1:08-cv-01066-WJG | Southern District of Mississippi |
| Don F. Herrington v. Phillips 66, et al | 1:08-cv-01067-WJG | Southern District of Mississippi |
| George Henderson v. Phillips 66, et al | 1:08-cv-01068-WJG | Southern District of Mississippi |
| Cecil Heathcock v. Phillips 66, et al | 1:08-cv-01069-WJG | Southern District of Mississippi |
| Jerry W. Hayles v. Phillips 66, et al | 1:08-cv-01070-WJG | Southern District of Mississippi |
| James Jordan v. Phillips 66, et al | 1:08-cv-01071-WJG | Southern District of Mississippi |
| James B. Jones v. Phillips 66, et al | 1:08-cv-01072-WJG | Southern District of Mississippi |
| Anthony E. Jones v. Phillips 66, et al | 1:08-cv-01073-WJG | Southern District of Mississippi |
| Roland Johnson, Jr. v. Phillips 66, et al | 1:08-cv-01074-WJG | Southern District of Mississippi |
| Dan Wilson Johnson v. Phillips 66, et al | 1:08-cv-01075-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Willie James Harris v. Phillips 66, et al | 1:08-cv-01076-WJG | Southern District of Mississippi |
| Curtis Harris v. Phillips 66, et al | 1:08-cv-01077-WJG | Southern District of Mississippi |
| James Hargon v. Phillips 66, et al | 1:08-cv-01078-WJG | Southern District of Mississippi |
| Quincy L. Hall v. Phillips 66, et al | 1:08-cv-01079-WJG | Southern District of Mississippi |
| Paul Gregory v. Phillips 66, et al | 1:08-cv-01080-WJG | Southern District of Mississippi |
| Stephen C. Greene v. Phillips 66, et al | 1:08-cv-01081-WJG | Southern District of Mississippi |
| Robert E. Green v. Phillips 66, et al | 1:08-cv-01082-WJG | Southern District of Mississippi |
| Gregory Green v. Phillips 66, et al | 1:08-cv-01083-WJG | Southern District of Mississippi |
| Billy R. Green v. Phillips 66, et al | 1:08-cv-01084-WJG | Southern District of Mississippi |
| Stanley L. Goode v. Phillips 66, et al | 1:08-cv-01085-WJG | Southern District of Mississippi |
| Richard G. Gatlin v. Phillips 66, et al | 1:08-cv-01086-WJG | Southern District of Mississippi |
| Robert Wayne Gardner v. Phillips 66, et al | 1:08-cv-01087-WJG | Southern District of Mississippi |
| Larry M. Freeman v. Phillips 66, et al | 1:08-cv-01088-WJG | Southern District of Mississippi |
| Sidney R, Foxworth v. Phillips 66, et al | 1:08-cv-01089-WJG | Southern District of Mississippi |
| Ernest Ford, Jr. v. Phillips 66, et al | 1:08-cv-01090-WJG | Southern District of Mississippi |
| Thomas Larry Hutto v. Phillips 66, et al | 1:08-cv-01091-WJG | Southern District of Mississippi |
| Thomas E. Hutto v. Phillips 66, et al | 1:08-cv-01092-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Douglas Huff v. Phillips 66, et al | 1:08-cv-01093-WJG | Southern District of Mississippi |
| Charles Hoover v. Phillips 66, et al | 1:08-cv-01094-WJG | Southern District of Mississippi |
| George H. Hollomon v. Phillips 66, et al | 1:08-cv-01095-WJG | Southern District of Mississippi |
| Melvin Hollingsworth v. Phillips 66, et al | 1:08-cv-01096-WJG | Southern District of Mississippi |
| Billy R. Hollingsworth v. Phillips 66, et al | 1:08-cv-01097-WJG | Southern District of Mississippi |
| James Hollingshead v. Phillips 66, et al | 1:08-cv-01098-WJG | Southern District of Mississippi |
| W.C. Hodge v. Phillips 66, et al | 1:08-cv-01099-WJG | Southern District of Mississippi |
| Thurman R. Hitson v. Phillips 66, et al | 1:08-cv-01100-WJG | Southern District of Mississippi |
| Newt Donald v. Phillips 66, et al | 1:08-cv-01101-WJG | Southern District of Mississippi |
| Willard Donald v. Phillips 66, et al | 1:08-cv-01102-WJG | Southern District of Mississippi |
| Kenneth A. DuBose v. Phillips 66, et al | 1:08-cv-01103-WJG | Southern District of Mississippi |
| Darrius P. Dunigan v. Phillips 66, et al | 1:08-cv-01104-WJG | Southern District of Mississippi |
| James Lowrey Dunn v. Phillips 66, et al | 1:08-cv-01105-WJG | Southern District of Mississippi |
| Ernie L. Easterling v. Phillips 66, et al | 1:08-cv-01106-WJG | Southern District of Mississippi |
| Rickey Ellzey v. Phillips 66, et al | 1:08-cv-01107-WJG | Southern District of Mississippi |
| Robert W. Emler, Sr. v. Phillips 66, et al | 1:08-cv-01108-WJG | Southern District of Mississippi |
| John Eubanks v. Phillips 66, et al | 1:08-cv-01109-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Joseph C. Evans, Jr. v. Phillips 66, et al | 1:08-cv-01110-WJG | Southern District of Mississippi |
| Lee Farmer v. Phillips 66, et al | 1:08-cv-01111-WJG | Southern District of Mississippi |
| Charles Fedrick, Sr. v. Phillips 66, et al | 1:08-cv-01112-WJG | Southern District of Mississippi |
| Joe Feduccia v. Phillips 66, et al | 1:08-cv-01113-WJG | Southern District of Mississippi |
| Kendall Floyd v. Phillips 66, et al | 1:08-cv-01114-WJG | Southern District of Mississippi |
| George B. Collins v. Phillips 66, et al | 1:08-cv-01115-WJG | Southern District of Mississippi |
| Roderick Wayne Collins v. Phillips 66, et al | 1:08-cv-01116-WJG | Southern District of Mississippi |
| Thomas Cooley v. Phillips 66, et al | 1:08-cv-01117-WJG | Southern District of Mississippi |
| Jerry L. Cothern v. Phillips 66, et al | 1:08-cv-01118-WJG | Southern District of Mississippi |
| Larry Crager v. Phillips 66, et al | 1:08-cv-01119-WJG | Southern District of Mississippi |
| Henrietta Cummings, Individually and as Representative of the Estate of John Cummings, Deceased v. Phillips 66, et al | 1:08-cv-01120-WJG | Southern District of Mississippi |
| Wilmer E. Curtis v. Phillips 66, et al | 1:08-cv-01121-WJG | Southern District of Mississippi |
| Terry W. Davis v. Phillips 66, et al | 1:08-cv-01122-WJG | Southern District of Mississippi |
| James Dearman v. Phillips 66, et al | 1:08-cv-01123-WJG | Southern District of Mississippi |
| Kenneth L. Dearman v. Phillips 66, et al | 1:08-cv-01124-WJG | Southern District of Mississippi |
| Garner Delk v. Phillips 66, et al | 1:08-cv-01125-WJG | Southern District of Mississippi |
| Willie E. Doggett v. Phillips 66, et al | 1:08-cv-01126-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| James Donald v. Phillips 66, et al | 1:08-cv-01127-WJG | Southern District of Mississippi |
| Isaac Brown v. Phillips 66, et al | 1:08-cv-01128-WJG | Southern District of Mississippi |
| Randy K. Brown v. Phillips 66, et al | 1:08-cv-01129-WJG | Southern District of Mississippi |
| Thomas Brown, Jr. v. Phillips 66, et al | 1:08-cv-01130-WJG | Southern District of Mississippi |
| James Donald Burkhalter v. Phillips 66, et al | 1:08-cv-01131-WJG | Southern District of Mississippi |
| Vernon Burrell v. Phillips 66, et al | 1:08-cv-01132-WJG | Southern District of Mississippi |
| Daniel G. Burrow v. Phillips 66, et al | 1:08-cv-01133-WJG | Southern District of Mississippi |
| Michael Bustin v. Phillips 66, et al | 1:08-cv-01134-WJG | Southern District of Mississippi |
| Gary R. Byrd v. Phillips 66, et al | 1:08-cv-01135-WJG | Southern District of Mississippi |
| Charles R. Campbell v. Phillips 66, et al | 1:08-cv-01136-WJG | Southern District of Mississippi |
| Douglas E. Campbell v. Phillips 66, et al | 1:08-cv-01137-WJG | Southern District of Mississippi |
| John Howard Carruth v. Phillips 66, et al | 1:08-cv-01138-WJG | Southern District of Mississippi |
| Audley Carter v. Phillips 66, et al | 1:08-cv-01139-WJG | Southern District of Mississippi |
| Braxton Clark v. Phillips 66, et al | 1:08-cv-01140-WJG | Southern District of Mississippi |
| Colin R. Clark v. Phillips 66, et al | 1:08-cv-01141-WJG | Southern District of Mississippi |
| Robert W. Clark v. Phillips 66, et al | 1:08-cv-01142-WJG | Southern District of Mississippi |
| Thomas A. Clark v. Phillips 66, et al | 1:08-cv-01143-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Winford L. Adcock v. Phillips 66, et al | 1:08-cv-01144-WJG | Southern District of Mississippi |
| Lloyd G. Alexander v. Phillips 66, et al | 1:08-cv-01145-WJG | Southern District of Mississippi |
| Melvin Anderson v. Phillips 66, et al | 1:08-cv-01146-WJG | Southern District of Mississippi |
| Maxie Ray Anding v. Phillips 66, et al | 1:08-cv-01147-WJG | Southern District of Mississippi |
| J.C. Arrington v. Phillips 66, et al | 1:08-cv-01148-WJG | Southern District of Mississippi |
| Milton L. Arrington v. Phillips 66, et al | 1:08-cv-01149-WJG | Southern District of Mississippi |
| Carlton Aultman v. Phillips 66, et al | 1:08-cv-01150-WJG | Southern District of Mississippi |
| David Wayne Baggett v. Phillips 66, et al | 1:08-cv-01151-WJG | Southern District of Mississippi |
| Daniel M. Banks v. Phillips 66, et al | 1:08-cv-01152-WJG | Southern District of Mississippi |
| Tommy E. Barnes, Jr. v. Phillips 66, et al | 1:08-cv-01153-WJG | Southern District of Mississippi |
| Earnest Beasley v. Phillips 66, et al | 1:08-cv-01154-WJG | Southern District of Mississippi |
| Louis L. Bond v. Phillips 66, et al | 1:08-cv-01155-WJG | Southern District of Mississippi |
| Bobby G. Boykin v. Phillips 66, et al | 1:08-cv-01156-WJG | Southern District of Mississippi |
| C.N. Boykin v. Phillips 66, et al | 1:08-cv-01157-WJG | Southern District of Mississippi |
| Buren Dale Boyles v. Phillips 66, et al | 1:08-cv-01158-WJG | Southern District of Mississippi |
| George W. Boyte v. Phillips 66, et al | 1:08-cv-01159-WJG | Southern District of Mississippi |
| Fred Brent v. Phillips 66, et al | 1:08-cv-01160-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Donnie C. Brewer v. Phillips 66, et al | 1:08-cv-01161-WJG | Southern District of Mississippi |
| David Brister v. Phillips 66, et al | 1:08-cv-01162-WJG | Southern District of Mississippi |
| Thomas L. Broadhead v. Phillips 66, et al | 1:08-cv-01163-WJG | Southern District of Mississippi |
| Estelle Ruth Brown, Individually and as Representative of the Estate of Claude Brown, Jr., Deceased v. Phillips 66, et al | 1:08-cv-01164-WJG | Southern District of Mississippi |
| Michael H. Jordan v. Phillips 66, et al | 1:08-cv-01165-WJG | Southern District of Mississippi |
| John E. Keyes v. Phillips 66, et al | 1:08-cv-01166-WJG | Southern District of Mississippi |
| Jerry Kirk v. Phillips 66, et al | 1:08-cv-01167-WJG | Southern District of Mississippi |
| Kenneth Kirkendall, Sr. v. Phillips 66, et al | 1:08-cv-01168-WJG | Southern District of Mississippi |
| Dewayne Kirkley v. Phillips 66, et al | 1:08-cv-01169-WJG | Southern District of Mississippi |
| Billy Ray Knight v. Phillips 66, et al | 1:08-cv-01170-WJG | Southern District of Mississippi |
| Ralph W. Lambert v. Phillips 66, et al | 1:08-cv-01171-WJG | Southern District of Mississippi |
| Henry E. Landrum v. Phillips 66, et al | 1:08-cv-01172-WJG | Southern District of Mississippi |
| Edward J. Leggett v. Phillips 66, et al | 1:08-cv-01173-WJG | Southern District of Mississippi |
| William Lewis, Sr. v. Phillips 66, et al | 1:08-cv-01174-WJG | Southern District of Mississippi |
| Robert Lofton v. Phillips 66, et al | 1:08-cv-01175-WJG | Southern District of Mississippi |
| Bobby F. Maples v. Phillips 66, et al | 1:08-cv-01176-WJG | Southern District of Mississippi |
| William W. Mashburn, Jr. v. Phillips 66, et al | 1:08-cv-01177-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Lucious McCaffrey v. Phillips 66, et al | 1:08-cv-01178-WJG | Southern District of Mississippi |
| Roger W. McCaffrey v. Phillips 66, et al | 1:08-cv-01179-WJG | Southern District of Mississippi |
| Daniel McCarty v. Phillips 66, et al | 1:08-cv-01180-WJG | Southern District of Mississippi |
| Alfred McDonald v. Phillips 66, et al | 1:08-cv-01181-WJG | Southern District of Mississippi |
| Charles McGee v. Phillips 66, et al | 1:08-cv-01182-WJG | Southern District of Mississippi |
| William R. McGraw v. Phillips 66, et al | 1:08-cv-01183-WJG | Southern District of Mississippi |
| Delton Alford McKinney v. Phillips 66, et al | 1:08-cv-01184-WJG | Southern District of Mississippi |
| Charles Irvin McLain v. Phillips 66, et al | 1:08-cv-01185-WJG | Southern District of Mississippi |
| James Ray McManus v. Phillips 66, et al | 1:08-cv-01186-WJG | Southern District of Mississippi |
| Owen L. Mills v. Phillips 66, et al | 1:08-cv-01187-WJG | Southern District of Mississippi |
| Glen Moak v. Phillips 66, et al | 1:08-cv-01188-WJG | Southern District of Mississippi |
| William Leon Moore v. Phillips 66, et al | 1:08-cv-01189-WJG | Southern District of Mississippi |
| Otis L. Morgan v. Phillips 66, et al | 1:08-cv-01190-WJG | Southern District of Mississippi |
| Bobby Murray, Sr. v. Phillips 66, et al | 1:08-cv-01191-WJG | Southern District of Mississippi |
| Michael K. Neely, Sr. v. Phillips 66, et al | 1:08-cv-01192-WJG | Southern District of Mississippi |
| Billy D. Nichols v. Phillips 66, et al | 1:08-cv-01193-WJG | Southern District of Mississippi |
| Shelby Nugent v. Phillips 66, et al | 1:08-cv-01194-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Rickey L. Oliver v. Phillips 66, et al | 1:08-cv-01195-WJG | Southern District of Mississippi |
| Gene W. Pacey v. Phillips 66, et al | 1:08-cv-01196-WJG | Southern District of Mississippi |
| Jeffrey B. Parker v. Phillips 66, et al | 1:08-cv-01197-WJG | Southern District of Mississippi |
| Phillip Lynn Parnell v. Phillips 66, et al | 1:08-cv-01198-WJG | Southern District of Mississippi |
| Clifton A. Perkins v. Phillips 66, et al | 1:08-cv-01199-WJG | Southern District of Mississippi |
| Alfred J. Pittman v. Phillips 66, et al | 1:08-cv-01200-WJG | Southern District of Mississippi |
| Michael C. Pitts v. Phillips 66, et al | 1:08-cv-01201-WJG | Southern District of Mississippi |
| Sam Pitts v. Phillips 66, et al | 1:08-cv-01202-WJG | Southern District of Mississippi |
| Vandol Wayne "V.W." Pitts v. Phillips 66, et al | 1:08-cv-01203-WJG | Southern District of Mississippi |
| Carl O. Porter v. Phillips 66, et al | 1:08-cv-01204-WJG | Southern District of Mississippi |
| Gary L. Price v. Phillips 66, et al | 1:08-cv-01205-WJG | Southern District of Mississippi |
| William Steve Reed v. Phillips 66, et al | 1:08-cv-01206-WJG | Southern District of Mississippi |
| Harvey Richard Revette, Jr. v. Phillips 66, et al | 1:08-cv-01207-WJG | Southern District of Mississippi |
| Charles L. Rigney, Jr. v. Phillips 66, et al | 1:08-cv-01208-WJG | Southern District of Mississippi |
| Donald Robbins, Sr. v. Phillips 66, et al | 1:08-cv-01209-WJG | Southern District of Mississippi |
| Jimmy Roberts v. Phillips 66, et al | 1:08-cv-01210-WJG | Southern District of Mississippi |
| Johnny W. Roberts v. Phillips 66, et al | 1:08-cv-01211-WJG | Southern District of Mississippi |

## EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 316

| | | |
|---|---|---|
| Julius E. Rodgers v. Phillips 66, et al | 1:08-cv-01212-WJG | Southern District of Mississippi |
| David Clinton Rollins v. Phillips 66, et al | 1:08-cv-01213-WJG | Southern District of Mississippi |
| William H. Russell v. Phillips 66, et al | 1:08-cv-01214-WJG | Southern District of Mississippi |
| Billy Joe Rutland v. Phillips 66, et al | 1:08-cv-01215-WJG | Southern District of Mississippi |
| Arthur L. Scarbrough v. Phillips 66, et al | 1:08-cv-01216-WJG | Southern District of Mississippi |
| Gary B. Sims v. Phillips 66, et al | 1:08-cv-01217-WJG | Southern District of Mississippi |
| John W. Sims, Sr. v. Phillips 66, et al | 1:08-cv-01218-WJG | Southern District of Mississippi |
| Ervin Smith v. Phillips 66, et al | 1:08-cv-01219-WJG | Southern District of Mississippi |
| Mark Smith v. Phillips 66, et al | 1:08-cv-01220-WJG | Southern District of Mississippi |
| Vince Edward Smith v. Phillips 66, et al | 1:08-cv-01221-WJG | Southern District of Mississippi |
| Willis T. Smith v. Phillips 66, et al | 1:08-cv-01222-WJG | Southern District of Mississippi |
| James C. Speights v. Phillips 66, et al | 1:08-cv-01223-WJG | Southern District of Mississippi |
| Bobby Spiars v. Phillips 66, et al | 1:08-cv-01224-WJG | Southern District of Mississippi |
| Stephen V. Spradley v. Phillips 66, et al | 1:08-cv-01225-WJG | Southern District of Mississippi |
| Charlie A. Stampley v. Phillips 66, et al | 1:08-cv-01226-WJG | Southern District of Mississippi |
| David Foster Stanley v. Phillips 66, et al | 1:08-cv-01227-WJG | Southern District of Mississippi |
| William J. Street v. Phillips 66, et al | 1:08-cv-01228-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Melton L. Strickland v. Phillips 66, et al | 1:08-cv-01229-WJG | Southern District of Mississippi |
| Louis Tageant v. Phillips 66, et al | 1:08-cv-01230-WJG | Southern District of Mississippi |
| Edward Tanner, Jr. v. Phillips 66, et al | 1:08-cv-01231-WJG | Southern District of Mississippi |
| Harold D. Thornton v. Phillips 66, et al | 1:08-cv-01232-WJG | Southern District of Mississippi |
| Larry W. Townsend v. Phillips 66, et al | 1:08-cv-01233-WJG | Southern District of Mississippi |
| William Clyde Tucker v. Phillips 66, et al | 1:08-cv-01234-WJG | Southern District of Mississippi |
| Dewey Wayne Upshaw v. Phillips 66, et al | 1:08-cv-01235-WJG | Southern District of Mississippi |
| Jerry Upshaw v. Phillips 66, et al | 1:08-cv-01236-WJG | Southern District of Mississippi |
| Robert Earl Wade v. Phillips 66, et al | 1:08-cv-01237-WJG | Southern District of Mississippi |
| Billy J. Wagley v. Phillips 66, et al | 1:08-cv-01238-WJG | Southern District of Mississippi |
| Johnny R. Weeks v. Phillips 66, et al | 1:08-cv-01239-WJG | Southern District of Mississippi |
| Freddie Weir, Jr. v. Phillips 66, et al | 1:08-cv-01240-WJG | Southern District of Mississippi |
| Bobby G. Wells, Sr. v. Phillips 66, et al | 1:08-cv-01241-WJG | Southern District of Mississippi |
| Charlie E. West v. Phillips 66, et al | 1:08-cv-01242-WJG | Southern District of Mississippi |
| Dalton L. West v. Phillips 66, et al | 1:08-cv-01243-WJG | Southern District of Mississippi |
| Thomas E. West v. Phillips 66, et al | 1:08-cv-01244-WJG | Southern District of Mississippi |
| Earl Westerfield v. Phillips 66, et al | 1:08-cv-01245-WJG | Southern District of Mississippi |

**EXHIBIT A TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 316**

| | | |
|---|---|---|
| Larry James White v. Phillips 66, et al | 1:08-cv-01246-WJG | Southern District of Mississippi |
| James E. White, Sr. v. Phillips 66, et al | 1:08-cv-01247-WJG | Southern District of Mississippi |
| Reba N. Wilkinson v. Phillips 66, et al | 1:08-cv-01248-WJG | Southern District of Mississippi |
| Helen Durr v. Phillips 66, et al | 1:08-cv-01249-WJG | Southern District of Mississippi |
| Patricia Goldman, Individually and as Representative of the Estate of William Clarence Goldman, Deceased v. Phillips 66, et al | 1:08-cv-01250-WJG | Southern District of Mississippi |
| Nolan Heathcock v. Phillips 66, et al | 1:08-cv-01251-WJG | Southern District of Mississippi |
| Howard Lambert v. Phillips 66, et al | 1:08-cv-01252-WJG | Southern District of Mississippi |
| Teresa Darty, Individually and as Representative of the Estate of Charles Edward Darty, Deceased v. Phillips 66, et al | 1:08-cv-01253-WJG | Southern District of Mississippi |
| Vanessa Lindsey, Individually and as Representative of the Estate of Curtis William Lindsey, Deceased v. Phillips 66, et al | 1:08-cv-01254-WJG | Southern District of Mississippi |
| Neena Mosley, Individually and as Representative of Lee George Mosley, Deceased v. Phillips 66, et al | 1:08-cv-01255-WJG | Southern District of Mississippi |
| Billy G. Brown v. Phillips 66, et al | 1:08-cv-01256-WJG | Southern District of Mississippi |
| Ollie Mae Carter, Individually and as Representative of the Estate of Jessie L. Carter, Deceased v. Phillips 66, et al | 1:08-cv-01257-WJG | Southern District of Mississippi |
| Audrey Nell Ingle, Individually and as Representative of the Estate of W.C. Ingle, Deceased v. Philips 66, et al | 1:08-cv-01258-WJG | Southern District of Mississippi |
| Charlie W. Prine v. Phillips 66, et al | 1:08-cv-01259-WJG | Southern District of Mississippi |
| Elmer H. Smith v. Phillips 66, et al | 1:08-cv-01260-WJG | Southern District of Mississippi |
| Peter Wise v. Phillips 66, et al | 1:08-cv-01261-WJG | Southern District of Mississippi |

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ELSIE SMITH, INDIVIDUALLY AND AS**                                    **PLAINTIFF**
**REPRESENTATIVE OF THE ESTATE OF**
**LARRY D. SMITH, DECEASED**
**VERSUS**                                        Civil Action No. 1:08-cv-00839-WJG

**PHILLIPS 66 COMPANY, ET. AL**                                    **DEFENDANTS**

### EMERGENCY MOTION FOR REMAND
### AND REQUEST FOR EXPEDITED HEARING

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff Elsie Smith files this Emergency Motion for Remand and Request for Expedited

Hearing pursuant to Rule 7.2(H) of the Uniform Local Rules of the United States District Courts

for the Southern District of Mississippi.  This Motion is an urgent and necessitous matter

because this case is set for trial on October 27, 2008, after four (4) years of extensive State court

litigation pursuant to management by a Special Master and a Case Management Order.  In

support, Plaintiff would respectfully show as follows:

### Summary

1.      Grounds for Remand:

    A.      Defendants Oilfield Service and Supply Company, Inc. ("Oilfield Service
        & Supply") or Mississippi Mud, Inc. ("Mississippi Mud") were not
        fraudulently joined in this litigation.

    B.      An absolute bar date of one year limits Defendants' right of removal
        except under certain circumstances.

        (1)     This litigation has been pending for four years and the one-year for
            removal has long since passed.

        (2)     As indicated by this Court's analysis in *Herschberger*, this is not
            an "equitable exception" case.

            a.      There has been no fraudulent manipulation of the Court.
                Plaintiff  had ample information that Oilfield Service &

Supply or Mississippi Mud distributed asbestos drilling mud additives and had a good faith basis to sue them in all cases.

    b.    Joinder of Plaintiffs was proper under *Illinois Central Railroad v. Travis*, 808 So.2d 928 (Miss. 2002) on the cases filed prior to *Mangialardi*, including the instant case.

    c.    Plaintiff has not abandoned any claim against an in-state Defendant; in fact, Plaintiff was preparing to file a response to Oilfield Service & Supply's summary judgment motion on the day of removal, which response was not yet due as a result of an extension granted by its lawyers because of Hurricane Ike.

    d.    Eighty-eight (88) depositions have been taken, of which sixteen (16) relate to this case alone, and multiple hearings have ensued before a Special Master during the four years the cases have been pending in the State courts.

**C.**    There has been no "other paper" that would allow for removal.

**D.**    If Oilfield Service & Supply's Motion for Summary Judgment and the accompanying affidavit is an "other paper," as Union Carbide and ConocoPhillips claim, then removal was too late. The same information was contained in Oilfield Service & Supply's identification of fact witnesses filed in April, 2008, and thirty days has passed following the filing of that document without any removal.  It is now too late to remove these cases on that basis.

**E.**    All Defendants have not consented to Union Carbide and ConocoPhillips' removal.

    (1)    Oilfield Service & Supply has not consented.

    (2)    Baker Hughes has not consented; no final, definite settlement agreement exists and no order of dismissal has been entered.

### Facts

2.    Regrettably, Plaintiffs must respond to extraneous and inflammatory allegations contained in Defendants' Notice of Removal.[1]  These cases are not secondary type asbestos

---

[1]  Plaintiff's legal arguments are contained in her contemporaneously-filed Memorandum of Authorities and Argument.

cases. They are filed on behalf of Mississippi oilfield workers against the suppliers of 99.9%

pure asbestos to drilling rigs from the the mid-1960's to the late 1980's. With no legal support,

Union Carbide Corporation ("Union Carbide") and ConocoPhillips Company ("ConocoPhillips")

(collectively, "Defendants") have removed this case thirty-one (31) days before trial was set to

begin on October 27, 2008, the first of over 700 asbestos drilling mud cases to be tried in

Mississippi. This litigation has been pending for over four (4) years.   After years of litigation,

Union Carbide and ConocoPhillips' last-minute removal was obviously filed in hopes of

avoiding trial. Movants respectfully request an emergency hearing and remand pursuant to Rule

7.2(H) of the Uniform District Court Rules for the Southern District of Mississippi so the trial of

this case can proceed as scheduled.

     3.     Union Carbide and ConocoPhillips bear a heavy burden of proof to support

removal; they have not met and cannot meet their burden. To this day, there are non-diverse

Defendants that are proper parties to this case. In addition, the statutory one-year limitations

period cut-off for removal based on diversity has long since passed. 28 U.S.C. §1446(b).   The

allegations contained in what Union Carbide and ConocoPhillips call "other paper" are the same

allegations that were asserted long ago. This baseless removal on the eve of trial is the type of

conduct for which Federal District Courts in Mississippi have, in the past, admonished defense

counsel in asbestos cases, including some of the same lawyers who have appeared in these

cases.[2]

---

    [2]   As Judge Mills noted in *Duffen v. Honeywell International, Inc.,* 312 F.Supp.2d 869 (N.D. Miss. 2003),
"removal litigation . . . has less to do with effecting valid removals than with attempting to obtain a transfer of the
case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted period of time."
*Id.* at 874. Marcy (Leigh Bryan) Croft, the lawyer who signed the removal petition for Union Carbide in this case,
represented one of the asbestos defendants in the unsuccessful removal attempted in *Duffen.*

4.     This suit was brought against Defendants, who from the early-1960's to the late-1980's mined, processed, distributed and/or marketed drilling mud additives in fifty (50) pound bags that were 99.9% raw asbestos.  Defendants were fully aware of the significant health risks their products posed to workers exposed to extraordinarily dusty conditions as they dumped raw asbestos mud additives into mud hoppers.  Defendants were likewise aware that their products could cause asbestosis, a progressive restrictive lung disease, and cancer.  Nevertheless, Defendants consciously decided to sell the products in order to turn a profit.  Larry Smith, who worked in Mississippi in the oil and gas drilling industry for over twenty-five (25) years, suffered from asbestosis and ultimately died from lung cancer one hundred and six (106) days after he was diagnosed.  He left behind a wife, four (4) children and six (6) grandchildren.

5.     Union Carbide and ConocoPhillips' Notice of Removal is largely filled with irrelevant and inflammatory information that has nothing to do with this case or any of the attorneys representing Plaintiff.  The inclusion of such unrelated data highlights Union Carbide and ConocoPhillips' last-minute tactics and the fact that they have no sound basis for removal.  This information is included only to cast doubt on the legitimacy of the Plaintiff's claims in an attempt to persuade the Court to make a ruling based upon unrelated information of an accusatory nature rather than ruling on the facts and law applicable to this important lung cancer case.  Defendants' goal for this case and the other four hundred twenty-two (422) cases that were simultaneously removed to this Court is for the cases to quietly drift into the black hole of the Federal MDL so that Plaintiffs will be long-delayed in having their day in court.  As this Court has previously noted in asbestos removal litigation, "continuous frivolous removal of these cases in addition to being burdensome to the plaintiffs has become taxing on the resources of the court

and the court family. . . .   Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly." *Knotts, et al v. Minnesota Manufacturing, et al,* No. 1:03cv125 (S.D. Miss. 2003).  Exhibit 1, p. 3.  Despite this and other warnings, Union Carbide and ConocoPhillips have tossed this frivolous removal tactic against the wall with the hope that it might stick.

**A.    This case is the first case set for trial in over seven hundred (700) similar cases for individuals who hope to one day have their day in Court.**

6.    The *Smith* case is one of over seven hundred (700) cases that are part of the asbestos drilling mud litigation in Mississippi.  It was selected to be the first case to be tried.  It is set to begin on October 27, 2008.[3]  This litigation has now been stretched out over four (4) years.  Defendants' apparent strategy is to do whatever it takes to avoid trial.

7.    The seven hundred (700) plus cases are spread over five (5) counties in Mississippi.  Attorney Robert Gholson, the Special Master who was appointed to manage the development of the cases, recommended a Case Management Order ("CMO") which provided that counsel for the Plaintiffs would select the first case to go to trial from a discovery group of sixty (60) Plaintiffs that was largely randomly selected by the Special Master.  Counsel for the Defendants were to designate the second trial case from the same group.  Under the CMO, the parties are to alternately choose cases for trial until all are tried or otherwise resolved.

8.    Special Master Gholson indicated that he would not tolerate either side manipulating the order of trials.  Exhibit 2.  Union Carbide and ConocoPhillips, however, have attempted just that with their removal of the first case selected by Plaintiffs for trial along with four hundred and twenty-two (422) other cases.  It is telling that Union Carbide and

---

[3]   Only five (5) cases were set for trial over the next year, three (3) of which have been removed.

ConocoPhillips did not remove the first case they selected for trial.[4]  At the very least,

Defendants have attempted to manipulate the system established by the Special Master after

eighty-eight (88) depositions of plaintiffs, co-workers and experts have been taken in Mississippi

and at other locations throughout the United States.

**B.**     **Defendants knew their asbestos drilling mud additives were going to injure and kill
people, but they continued to sell them for over twenty (20) years to make more
money.**

9.     <u>ConocoPhillips</u>.  In the early 1960's, ConocoPhillips, through its subsidiary

Drilling Specialties Company ("Drilling Specialties"), began selling Flosal, a 99.9% raw

asbestos drilling mud additive packaged and sold in fifty pound bags.[5]  Soon thereafter, in 1964,

Dr. Irving Selikoff and his team reported findings that asbestos caused serious lung disease –

including lung cancer – among workers with relatively light, intermittent exposure. Exhibit 3.

Nevertheless, Drilling Specialties represented to its customers that its product was "non-toxic,"

while at the same time hiding the fact that the product was nearly100% raw asbestos by

describing the product as "a white, native calcium-magnesium silicate composed of fine, slender,

waxy fibers." Exhibit 4.  When workers learned that Flosal was raw, dusty asbestos that could

cause lung disease, many refused to work with it.  Exhibit 5.   Further, two segments of Drilling

Specialties' affiliated Exploration and Production Department banned the use of Flosal in 1972.

Exhibit 6.  In addition, in 1973, Drilling Specialties made medical examinations available to its

---

[4]   Defendants claim they removed all cases that did not have a Jones Act defendant in the case.
Although the first case selected by Defendants has a Jones Act Defendant listed in the pleadings, that Jones Act
Defendant could not be served because it is a defunct company.  Given that the case has been pending for several
years and has been developed beyond the designation of experts, Defendants are aware there is no Jones Act
Defendant in the case.

[5]   ConocoPhillips also sold an asbestos drilling mud additive with the trade name "Visquick."

own employees who handled Flosal "for a cumulative total of seven (7) or more hours during the course of one year" in accordance with OSHA regulations.  Exhibit 7.  Drilling Specialties, however, kept selling Flosal.

10.     After OSHA began enforcing its regulations, some of Drilling Specialties' distributors, such as Milchem, temporarily stopped selling Flosal because their customers – and Milchem itself – were subject to fines of $5,000 per day if they did not "get rid of asbestos from (the) drilling site."  Exhibit 8.  Nonetheless, Drilling Specialties continued to aggressively market Flosal.  In response to a request from the government of Norway, Drilling Specialties acknowledged that "(i)nhalation of asbestos is hazardous and may lead to lung cancer, particularly with persons who smoke tobacco.  Procedures should be established to monitor work atmosphere concentrations, as work practices require."  Exhibit 9.  But in the United States, Drilling Specialties advised its customers that adherence to OSHA was not required because Flosal was "essentially dust free" as long as its "recommended work practices" were used.  Exhibit 10.  In spite of this, incredibly, Drilling Specialties kept selling thousands of tons of Flosal – but not without resistance from some customers.  Exhibit 11.

11.     By 1982, a debate raged within Drilling Specialties as to whether Flosal should be taken off the market.  On one side were those who were concerned about the hazards to workers who worked with Flosal and the concomitant potential product liability suits; on the other were those who wanted to keep Flosal profits rolling in and who believed that "asbestos poses no threat other than political."  Exhibit 12.

12.     With good reason, the Legal Department of Drilling Specialties' then-parent, Phillips 66, "was of the opinion that (the company) should get out of the Flosal business."

Exhibit 13. Those in charge of sales, who had no legal training, insisted that Flosal presented no "undue liability risk." Exhibit 14. Even the sales people, however, acknowledged that "(a)ll you have to have is a suer with a good lawyer." Exhibit 13.

13.     On December 29, 1983, a meeting was called by R.L. Clampitt, the manager of Phillips' Production Research Branch, who requested the attendance of the players in the Flosal debate. Exhibit 15. A decision was subsequently made to stop selling Flosal and, on August 27, 1984, the last remaining truckload of Flosal was allegedly sold. Exhibit 16. This was over twenty (20) years after first knowing the danger of the asbestos products it was selling and after knowing that exposing thousands of workers daily would eventually cause asbestosis, lung cancer and mesothelioma.

14.     <u>Union Carbide Corporation</u>. Union Carbide manufactured and marketed asbestos drilling mud additives from the late 1960's until the mid-1980's. Exhibit 17, Response 1. These additives were 99.9% percent asbestos mined from Union Carbide's asbestos mine in King City, California, and were also sold in fifty (50) pound bags under the trade names Visbestos, Super Visbestos, IMCO Best, IMCO Super Best and IMCO Shurlift.

15.     Union Carbide was aware of the hazards of asbestos years before it made the decision to begin to poison oilfield workers with its dusty asbestos products in the late 1960's. For example, Union Carbide knew of the hazards of asbestos as early as the mid-1930's. Exhibit 18, Response 133. Union Carbide has admitted that it knew asbestos caused lung cancer at least as early as 1964, three or so years before it began selling asbestos drilling mud. Exhibit 18, Response 143.

16.     Despite this knowledge, Union Carbide made the decision to start selling fifty

(50) pound bags of powdered asbestos for use in the drilling industry in the late 1960's and continued to sell the products until the mid-1980's even though it *knew asbestos was a carcinogen and that exposure to small amounts of asbestos was sufficient to cause asbestosis and cancer.* Exhibit 19.[6]

17.     Union Carbide knew that the general public -- and workers exposed to its asbestos products -- were generally unaware of the hazards of asbestos. Exhibit 21. Instead of correcting this information deficit, Union Carbide chose to engage in an aggressive marketing campaign with the intent and purpose of misleading its customers, the users of its products and the Federal Government. Exhibit 22.

18.     In 1966 and 1971, Union Carbide performed toxicity studies on its asbestos products. Exhibit 23. From these studies, Union Carbide's Associate Medical Director concluded that Union Carbide's asbestos was potentially *more hazardous* than other forms of asbestos. Exhibit 24. In accordance with its aggressive marketing strategy, however, Union Carbide chose to withhold the results of these studies from its customers and the Federal Government. Exhibit 25.

19.     Consistent with its aggressive marketing strategy, Union Carbide's asbestos salesmen were instructed on how to handle customer inquiries concerning new OSHA regulations:

> "Set the mood . . . Controlling the conversation is paramount . . . If the customer is persistent and threatens to eliminate asbestos - a certain amount of aggressiveness may be effective . . . the main objective is to keep the customer on the defensive, make him justify his position . . . Change the mood before discussing

---

[6]   Union Carbide's continued sales of these deadly products is even more egregious considering Union Carbide stopped using asbestos at its own refineries as early as 1972 due to the hazards of exposure. Exhibit 20.

anything pertinent about the new regulations.  Alternating between
aggressive and submissive attitude is confusing and allows you to
bide your time . . . don't cover too much ground in one
confrontation.  Even rabies shots are spaced at moderate intervals."

Exhibit 26.

20.     Similarly, Union Carbide's asbestos salesmen also received instructions on how

to respond when a customer asked, "Is asbestos a carcinogen?"  Exhibit 27.  In response to this

question, Union Carbide salesmen were told  to advise customers that asbestos was not included

in OSHA's list of known carcinogens even though Union Carbide knew its asbestos increased

the risk of cancer, particularly in smokers, as a result of a deadly synergistic interaction between

tobacco and asbestos.

21.     Also consistent with its aggressive marketing strategy, Union Carbide's

management ignored the mandate of its *Carcinogen Labeling Policy* and made a calculated

decision to inadequately warn the roughnecks and roustabouts exposed to its asbestos products

despite repeated requests to correct the problem.  In 1975, Union Carbide knew its asbestos

warning was "obviously inadequate" and that it must do "considerably more to avoid

responsibility under strict liability."  To correct this problem, Union Carbide's legal department

recommended warning about the risks of cancer associated with its asbestos products.  Exhibit

28.  In 1976, Union Carbide's asbestos salesmen predicted that Union Carbide would "get

nailed" for failing to inform customers that its asbestos could cause cancer.  Exhibit 29.  Union

Carbide's management opposed the proposed cancer warnings because they knew it would put

an end to their asbestos sales.  In response to suggestions to use a more informative and truthful

warning, members of Union Carbide's management argued:

"The suggestions made by the Law Department undoubtedly maximize
protection against future product liability suits.  On the other hand, cancer
is a very emotional word . . .We cannot predict with certainty what effect

the use of the proposed label will have on our business, but the general
feeling here is that it is likely to vary somewhere between serious and
fatal."

Exhibit 28.

22.     Not surprisingly, Union Carbide took a similar aggressive approach with respect
to Federal regulatory agencies.  For example, in 1977, the National Institute for Occupational
Safety and Health ("NIOSH") requested information pertaining to the hazards of Union
Carbide's asbestos products.  Exhibit 30.  Union Carbide's  management ignored this request and
chose not to respond.  Similarly, in 1982, Union Carbide made the decision to withhold its secret
studies from the Environmental Protection Agency ("EPA") even though disclosure of these
studies was required by law as well as Union Carbide's own internal policies and procedures.
Exhibit 31.

23.     The facts taken from their own documents conclusively establish Union Carbide
and ConocoPhillips' liability in these cases.  Based on these facts, a jury in Longview, Texas
found gross negligence and awarded punitive damages against Union Carbide in 2005.

**C.      Oilfield Service & Supply, a non-diverse Defendant, is a proper party, and Plaintiff
continues to pursue her claims against it to this day.**

24.     Oilfield Service & Supply, a Mississippi corporation, is a proper party to this
litigation.  At the time the asbestos drilling mud additives were on the market, oilfield workers
knew Oilfield Service & Supply to be what many referred to as a "specialty company" or
"hotshot company."  As part of its regular operations, Oilfield Service & Supply delivered all
types of products that might be needed on a drilling rig on short notice and would "hotshot" the
products quickly to the rigs.[7]  Oilfield Service & Supply, therefore, was properly added as party

---

[7]    Oilfield Service & Supply has actively participated in this litigation, despite Defendants' claims to the
contrary.  In the last year alone, Oilfield Service & Supply has attended all of the eighty-eight (88) depositions and
numerous hearings that have taken place.

legally responsible for its distribution of asbestos drilling mud additives in Mississippi, including to Larry Smith's work sites. *See* Exhibit 32.

25.     Grover Goldman and John Lee Brown are former employees of Oilfield Service & Supply who have described loading or delivering asbestos drilling mud additives to drilling rigs in the State of Mississippi. Grover Goldman describes making deliveries of asbestos drilling mud additives "as far west as Natchez, Mississippi and as far east as Jay, Florida." Exhibit 33. John Lee Brown similarly states that he loaded asbestos drilling mud additives on trucks on a regular basis as part of his work.[8] Exhibit 34.

26.     The legitimacy of Defendants' last-minute-eve-of-trial removal of the four hundred and twenty three (423) cases is also undermined by looking at a number of cases in which there is already sworn testimony identifying Oilfield Service & Supply as a distributor of Union Carbide and ConocoPhillips' asbestos drilling mud additives, yet were removed anyway.[9] One example is Troy Lofton, another of the five (5) cases set for trial by Special Master Gholson. Mr. Lofton, whose case was removed, testified that Oilfield Service & Supply supplied asbestos drilling mud additives to his work sites. Exhibit 35, p. 325, ln. 20.[10] The majority of the Plaintiffs in the seven hundred (700) plus asbestos drilling mud cases have not

---

[8]     Although it is not Plaintiff's burden to show in this filing that it could overcome a motion for summary judgment, this evidence, along with that of other co-workers like Howard Case, will be clearly enough to overcome Oilfield Service & Supply's motion for summary judgment and support a liability verdict against Oilfield Service & Supply for its role as a Mississippi distributor of unreasonably dangerous products like asbestos drilling mud additives.

[9]     For those who could not recall Oilfield Service & Supply with a level of certainty to identify the company in sworn interrogatory responses, the case against Oilfield Service & Supply can certainly be made through the testimony of co-workers with a better recollection.

[10]     Later in the deposition, counsel for Oilfield Service & Supply attempted to convince Mr. Lofton that the name of the company he was recalling was "Oilfield Specialty and Supply." However, Mr. Lofton correctly identified the location of Oilfield Service & Supply in Laurel to confirm the entity to which he was referring. As indicated in his deposition corrections, he even drove by Oilfield Service & Supply's facilities to confirm the correct name of the company.

yet filed responses to master discovery due to the guidelines of the Case Management Order.  Of

the Plaintiffs who have provided interrogatory responses, eleven (11) have identified Oilfield

Service & Supply, including Howard Case, one of Larry Smith's co-workers, as one of the mud

companies that supplied Union Carbide and ConocoPhillips' asbestos drilling mud additives to

their work sites.  Exhibit 36.  Six (6) of those eleven (11) cases have been removed.  In fact,

Plaintiff's own interrogatory responses, completed with the help of Larry Smith's co-workers,

list Oilfield Service & Supply as one of the mud companies that distributed the asbestos drilling

mud additives.  *See* Exhibit 37.

27.     In addition, not a single co-worker of Larry Smith who was deposed was

specifically asked if he recalled whether Oilfield Service & Supply delivered asbestos products

to Larry Smith's work sites.  There is no testimony to date from any of Larry's Smith's eleven

(11) co-workers that would prevent them from testifying at trial or by affidavit that Oilfield

Service & Supply distributed asbestos drilling mud additives to Larry Smith's work sites.[11]

28.     Defendants claim that Plaintiff has "voluntarily abandoned" her claims against

Oilfield Service & Supply.  This is simply untrue.  As indicated by the attached email exchange,

Plaintiff obtained an extension to respond to the motion for summary judgment (because of

service issues during Hurricane Ike) before having known of Defendant's removal.  Exhibit 38.

Obviously, Plaintiff would not have obtained an extension to respond to the motion for summary

judgment if Plaintiff had "voluntary abandoned" her claims.  Defendants also claim that

"Plaintiff never developed testimony from any of the witnesses deposed regarding Oilfield

---

[11]   At most, Defendants asked a very vague set of questions to the few co-workers that were deposed along the lines of, "Can you tell me the names of the mud companies that brought mud additives that you are able to recall as you sit here today?"  The events at issue took place twenty (20) to forty (40) years ago, and asking vague questions is usually insufficient to jog a person's memory.  Defendants did not ask these co-workers, "Did Oilfield Service & Supply ever bring asbestos drilling mud additives to the work sites of Larry Smith?"

Service & Supply's potential liability." Plaintiff's counsel, however, presented witnesses for deposition. With very rare exception, Plaintiff's counsel has not asked questions of its own witnesses in deposition because Plaintiff can proffer the needed testimony at trial.

29.   Plaintiff continues to pursue her claims against Oilfield Service & Supply and intends to file a response to the motion for summary judgment if this case is remanded. Oilfield Service & Supply is a proper party to this case. Defendants simply cannot meet their burden of showing fraud on the part of Plaintiff.

**D.    Mississippi Mud, a non-diverse defendant, was a proper party, and its presence in the pleadings provides an additional basis for State court jurisdiction even though it may not have been timely served.**

30.   Mississippi Mud was also sued in these cases based on documents that indicated that Union Carbide had shipped at least 180,000 pounds (3600 bags) of asbestos drilling mud additives in 1974, 1975 and 1978 to Mississippi Mud for distribution to drill sites in the State of Mississippi. Exhibit 39. Because of confusing public records related to the corporate history of Mississippi Mud, however, Plaintiffs were unable to obtain timely service.[12] The suspect corporate history is highlighted in the affidavit of Walter Tynes, attached to Defendants' Notice of Removal. Mississippi Mud was owned and operated by the same person beginning roughly in 1970, although there appeared to be a gap in existence in the mid-1980's. Plaintiff was uncertain what to make of the apparent gap and held off on service. Despite the gap in ownership, it is now apparent Mississippi Mud was the same entity doing the same thing and run by the same

---

[12]   After receiving the Tynes affidavit in August 2007, Mississippi Mud was sued as a proper defendant in a newly filed case, *Timothy Sasser v. Phillips 66 Company, et al*, currently pending in Smith County, based on the "continuity of enterprise" theory set forth by the Mississippi Supreme Court in *Paradise Corp. v. Amerihost Dev., Inc.*, 848 S. 2d 177 (Miss.2003). Mississippi Mud has been served and has filed an appearance in *Sasser*.

person throughout its existence.[13]   When Plaintiff later learned more about the corporate history,

service was attempted, although it was after 120 days.

**E.      There was no screening company used in any litigation ever brought by Franklin, Cardwell & Jones and the Plaintiff in this case actually sought out the law firm.**

31.    Union Carbide and ConocoPhillips have accused counsel for Plaintiff of

"improper joinder and forum manipulation" and describe the oilfield worker cases as being

"strikingly similar to another lawyer-created flood of litigation," *In re Silica Prods. Liab. Litig.*,

398 F.Supp.2d 563 (S.D. Tex. 2005).  In reality, however, the facts in the four hundred and

twenty-three (423) oilfield worker cases removed to this Court by Union Carbide and

ConocoPhillips bear little resemblance to the 10,000 plus silica cases unsuccessfully removed by

defendants to the federal MDL in the *In re Silica Products Liability  Litigation.*

32.    Judge Janis Jack, the presiding judge in the *In re Silica Products Liability*

*Litigation*, conducted three (3) days of *Daubert* hearings, from February 16 to February 19,

2005, during which evidence was gleaned with regard to the methodology used by plaintiffs'

medical experts to diagnose silicosis, a lung disease caused by exposure to silica dust.  During

that process, Judge Jack determined the following:

    a.    Three screening companies, staffed by untrained personnel and paid nearly $4,000,000.00 for positive diagnoses and nothing for negatives, "orchestrated the majority of silicosis diagnoses for plaintiffs in this MDL" by engaging in "assembly line diagnosing" after performing most of the medical exams, such as x-rays, pulmonary function testing or taking occupational exposure history themselves. *Id.* at 35; 64; 71; 74; 75; 79; 84; and 146.

    b.    Several of the medical experts testified they had never seen plaintiffs' x-rays, x-ray reports, pulmonary function test reports and, in fact, had not diagnosed any plaintiff with silicosis.  Yet, the doctors admitted they

---

[13]   Defendants assert that, upon learning of GEO Drilling Fliuds, Inc. ("GEO") and its alleged role in the ownership of Mississippi Mud, Plaintiff did not pursue a claim against GEO.  Defendants fail to point out that there would have been a limitations problem had Plaintiff chosen that course.

either personally signed hundreds of forms that contained false information or instructed their assistants to stamp their signatures on the form. *Id.* at 47.

c. A "transcriptionist," an employee of one of the screening companies or one of the plaintiffs' law firms and who had no medical training, interpreted the ILO forms completed by the experts and typed the experts' written reports with the "diagnosis of silicosis" language, which were then stamped with the experts' signature. Many times the expert never saw the final report. *Id.* at 37. Upon learning of this procedure, several of the doctors admitted they had *never diagnosed anyone* with silicosis or withdrew the diagnosis during testimony. *Id.* at 39 and 47.

d. Of 6,757 silicosis plaintiffs generated by one screening company, at least 4,031 had also filed asbestosis claims with the Manville Personal Injury Settlement Trust, *Id.* at 79-80.

33.   As a result of these and other findings, Judge Jack opined that "virtually all of the diagnoses fail to satisfy the minimum, medically-acceptable criteria for the diagnosis of silicosis, and therefore, the testimony of the challenged doctors cannot be admissible under the standards set by Rule 702 and *Daubert*." *Id.* at 127.[14] Try as they might, however, Union Carbide and ConocoPhillips cannot use Judge Jack's opinion in these cases because *none* of the tawdry events she learned of in the silicosis litigation have occurred in these cases.

34.   Union Carbide and ConocoPhillips are fully aware that no screening companies were involved in any way in the instant oilfield workers' cases, either in Mississippi or in Texas. Instead, Plaintiffs' counsel conducted detailed interviews of workers who appeared in response to advertisements mailed to men over fifty years old who lived in housing valued at less than

---

[14]   As Judge Jack acknowledged, her opinion had no legal effect and was void because, citing *Dahiya v. Talmidge International, Ltd,* 371 F.3d, 207, 210 (5th Cir. 2004), she refused to deviate from the admonition that "[u]nless a federal court possesses subject matter jurisdiction over a dispute, . . . any order it makes (other than an order of dismissal or remand) is void." *Id.* at 231. Judge Jacks remanded the 10,000 plus silica cases back to State courts (predominately in Mississippi) because the removing defendants in that case, like the removing defendants in these 423 removed oilfield workers' asbestos cases, "failed to take any of the steps necessary to meet their burden of showing that federal jurisdiction exists over these cases." *Id.* at 202.

$100,000 near areas where oil and gas wells had been drilled.[15] Plaintiffs' counsel learned of the working conditions faced by oilfield workers between 1963 and 1986 working with Union Carbide and ConocoPhillips' 99.9% pure asbestos drilling mud additives while interviewing a worker suffering from mesothelioma, a fatal malignancy of the lining of the lungs unique to occupational asbestos exposure. Thus, if a worker had a work history in the oilfield between 1963 and 1986 and was able to identify the 99.9 % pure asbestos drilling mud additives as among the products he used during his work history, he was presented with an engagement agreement and chose to become a client of the firm. Then, and only then, did the client have a chest x-ray taken by a licensed x-ray technician whose equipment was specifically approved by State regulatory authorities. The x-ray was then submitted to a NIOSH certified B-reader who was asked if the x-ray revealed conditions consistent with occupational lung disease, as opposed to a "diagnosis."[16] If, and only if, the B-read was positive, the client was then scheduled for a physical exam and pulmonary function test by a board-certified pulmonologist, including Dr. Jay Segarra, for an appropriate diagnosis.[17]

     35.    As discussed at length in Judge Jack's order, asbestos lung disease, which is a progressive restrictive lung disease, has markers that are distinctive from silica-induced disease.

---

[15] When required, the advertisements were properly registered and approved with the State bar associations.

[16] No B-reader was asked to make a diagnosis based solely on an x-ray. As Judge Jack pointed out, "the American College of Occupational and Environmental Medicine recently . . . stat[ed] that it no longer supports the use of a B-read for the diagnosis of pneumoconiosis" (*Id.* at 130) and reiterated that "a positive B-read simply does not equal a diagnosis." *Id.* at 128.

[17] While Union Carbide and ConocoPhillips' lamely attempt to accuse Dr. Segarra as being guilty of "over-reading" B-reads, the defendants in *In re Silica* did not want to call him as a witness because he had diagnosed only one of the 10,000 plus plaintiffs. *Id.* at 59, fn 51. Moreover, Judge Jack made it clear that she relied on Dr. Segarra's detailed testimony with regard to the proper methodology for a diagnosis of occupational lung disease, which he used in the one silicosis diagnosis he made. As Judge Jack opined, "[o]ther than the single Plaintiff diagnosed by Dr. Segarra, there is only one of the 10,000 Plaintiffs whom the Court can say with confidence is genuinely injured." *Id.* at 164.

Every one of the Plaintiffs in the four hundred and twenty-three (423) removed cases were cases filed for only asbestos-related diseases (such as asbestosis, lung cancer, and mesothelioma). Not a single case sought recovery for silicosis. In Texas, over 900 oilfield workers' cases were filed; after several trials and one verdict for punitive damages, these cases were settled, with the Defendants collectively paying tens of millions of dollars. No silicosis cases have been or will be filed on behalf of these Plaintiffs.[18]

36.     In this case, Larry Smith's lung cancer killed him before counsel for Plaintiffs began the process described above. Elsie Smith was actually told of the litigation by a former co-worker of Larry Smith, and she sought out Franklin, Cardwell & Jones to bring this suit.

**F.     Dr. Ballard is not an expert in this case.**

37.     A significant part of the first eight (8) paragraphs of the Notice of Removal of this case is devoted to Dr. James Ballard. Dr. Ballard is not an expert in this case and has never reviewed any of Larry Smith's x-rays. The mention of Dr. Ballard is simply another attempt to divert the Court's attention from the true facts and the law governing this case.

38.     It is true that Dr. Ballard, a NIOSH certified B-reader, performed B-reads for Plaintiffs' counsel in other cases, both in Texas and Mississippi. However, such reads were performed before Judge Jack's opinion was issued in the *In re Silica Litigation*. At the time he provided B-reads, Dr. Ballard was a recognized expert and, in fact, his deposition was taken by Union Carbide *after* Judge Jack's three-day *Daubert* hearing in the *In re Slica Litigation*. It was long after he had reviewed some x-rays in cases brought by counsel for Plaintiff that Dr. Ballard

---

[18]   Defendants' efforts to create a situation like that in the *In re Silica Litigation* is disingenuous at best. One of the defense tactics utilized by Union Carbide in the trial of these cases is to allege that Plaintiff oilfield workers are suffering from a silica-induced lung disease, as opposed to an asbestos-induced disease, because these workers were exposed to silica dust that was also frequently poured into mud hoppers. Exhibit 40. It is, therefore, not out of the realm of possibility from Union Carbide's perspective that some oilfield workers' lungs are scarred from exposure to both silica and asbestos.

began to have any of the issues that Defendants belabor in their filing. Counsel for Plaintiff has

not worked with Dr. Ballard since Judge Jack issued her opinion.

**G.      Plaintiffs' counsel is a collection of well respected attorneys, despite the repeated personal attacks by defense counsel.**

39.      Plaintiff is represented by Franklin, Cardwell & Jones of Houston, Texas, along

with Bob Hammond of Hattiesburg, Mississippi and Gene Tullos of Raleigh, Mississippi.

Franklin, Cardwell & Jones has existed for almost seventeen (17) years and is headed by lawyers

who began their legal careers over three (3) decades ago at Vinson & Elkins and Fulbright &

Jaworski. The firm's fundamental practice is centered around commercial litigation, defending

doctors and hospitals in medical malpractice cases and commercial and real estate transaction

work. The firm has also handled many personal injury cases (except in the medical malpractice

area) over the years on both sides of the aisle. The firm became involved in handling these

asbestos drilling mud cases for Plaintiffs approximately five (5) years ago, as described above.

The firm did not participate in any so-called "mass tort litigation" prior to that time. All of the

Franklin, Cardwell & Jones lawyers working on the Mississippi oilfield workers' cases are

members of the Mississippi Bar.

40.      After serving as a law clerk for the Fifth Circuit Court of Appeals, the

undersigned has been a member of the Mississippi Bar for thirty-five (35) years. Gene Tullos is

a respected member of the Mississippi Bar and has been for decades. Defendants' efforts to

portray counsel for Plaintiffs in a negative light is disingenuous, at best. In truth, it is total

fabrication and offensive. This case, as well as the other four hundred and twenty-two (422)

cases removed with this case, should be remanded to State court for trial on the merits.

## Answers to Allegations in the Notice of Removal

41.    The first eight (8) paragraphs of the Notice of Removal are not numbered.  They

are largely filled with inflammatory propaganda that is untrue and not related at all to this case or

the attorneys representing the Plaintiff.  Plaintiff's response to the allegations in the paragraphs

that are not numbered is as follows:

| | |
|---|---|
| Paragraph One: | To the best of Plaintiff's knowledge and based upon the filing received by Plaintiff, it is believed (although not admitted) that this case was removed. The remaining allegations in this paragraph are denied. |
| Paragraph Two: | The allegations in this paragraph are denied.  Plaintiff specifically denies there was any "improper joinder" or "forum manipulation." |
| Paragraph Three: | It is admitted that twenty-three (23) cases (involving claims of over seven hundred (700) individuals) were filed by Franklin, Cardwell & Jones, as well as other counsel, in 2004 in Jones, Smith, Claiborne, Jasper, and Jefferson Counties.  The remaining allegations in this paragraph are denied. |
| Paragraph Four: | The allegations in this paragraph are denied. |
| Paragraph Five: | The allegations in this paragraph are denied. |
| Paragraph Six: | The allegations in this paragraph are denied. |
| Paragraph Seven: | The allegations in this paragraph are denied. |
| Paragraph Eight: | The allegations in this paragraph are denied. |

42.    The following paragraphs contain Plaintiff's response to the allegations contained

in the numbered paragraphs of Defendants' Notice of Removal.

43.    It is denied that this action was commenced "on or about 3/13/2006" as set forth

in Paragraph 1 of Defendants' removal.  This action was filed on May 19, 2004, as part of a

single case involving multiple plaintiffs.  Over Plaintiffs' objections, the cases were severed into

individual cases.  The First Amended Complaint in this case was filed on March 15, 2006, and

assigned an individual cause number at that time.  The allegations in Paragraph 1 are otherwise

denied as written.

      44.     The allegations in Paragraph 2 are denied as written.  Plaintiff has brought claims

for damages individually and on behalf of the Estate of Larry Smith.  These are brought against

Defendants who mined, manufactured, processed, distributed, marketed and sold asbestos

drilling mud additives that resulted in injuries to and the death of Larry Smith.

      45.     The allegations in Paragraph 3 are denied.   It is specifically denied that

"diversity jurisdiction exists."

      46.     It is admitted that Elsie Smith is a citizen of the State of Mississippi as set forth in

Paragraph 4.  Paragraph 4 is otherwise denied.

      47.     The allegations in Paragraphs 5 and 6  are denied.

      48.     Plaintiff is without sufficient information at this time to admit or deny the

allegations Paragraphs 7, 8, and 9, and therefore denies same.

      49.     Plaintiff admits that Defendants Mississippi Mud and Oilfield Service & Supply

are residents of the State of Mississippi.  To the extent additional allegations are contained in

Paragraphs 10 and 11, those are denied.

      50.     The allegations in Paragraph 12 are admitted.

      51.     Because they are incomplete or information presented is otherwise incorrect, the

allegations in Paragraphs 13, 21, 24, 25, 28, 29, 32, 33, 34, 37, 40, 42, 54, 56, and 57 are denied.

      52.     The allegations in Paragraphs 14, 15, 16, 17, 18, 19, 20, 22, 23, 26, 27, 30, 31, 35,

36, 38, 39, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 58, 59, 62, 63, 64, 65, 66, and 69 are specifically denied.

53.     It is admitted that Paragraphs 41, 60 and 61 appear to correctly cite the referenced case-law.

54.     Plaintiff is without sufficient information to admit or deny the allegations in Paragraphs 67 or 68, and therefore denies same.

### Request for Attorneys' Fees and Costs

55.     Plaintiff respectfully requests the payment of costs, expenses and attorneys' fees incurred as a result of Defendants' unreasonable and improper removal. 28 U.S.C. § 1447(c); *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001).

### Conclusion

56.     This case should be remanded on numerous grounds.  For example, two (2) of the five (5) Defendants in the cases have not consented to removal; thus, Defendants did not obtain unanimous consent as required by law.  In addition, the removal is untimely.  It was done on the eve of trial after four (4) years of litigation.  There was no new "other paper" within the last thirty (30) days.  The document Defendants rely upon was not created by Plaintiff.  Even if the Court finds it to be "other paper," it does not contain any new allegation different from that asserted by the very same Defendant over five (5) months before, thereby being far past the thirty(30) day deadline for removal.  Oilfield Service & Supply and Mississippi Mud, non-diverse defendants, are proper parties and were included in this case in good faith.  Accordingly, this case should be remanded immediately so that the parties may exchange exhibits, work through other pre-trial matters, and begin trial on October 27, 2008.

### Exhibits

57.   Exhibits 1 through 40 are attached to this motion and are incorporated herein.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Elsie Smith requests that her

Emergency Motion for Remand and Request for Expedited Hearing be granted, that Plaintiff be

awarded attorneys' fees and costs, and for such other relief at law and in equity to which the

Court finds Plaintiff to be entitled.

RESPECTFULLY SUBMITTED, this the 8th day of October, A.D., 2008.

PLAINTIFFS,

BY:   /s/ S. Robert Hammond, Jr.
S. ROBERT HAMMOND, JR.

GREGORY N. JONES (MSB #102152)          EUGENE C. TULLOS (MSB #8302)
RANDY BRUCHMILLER (MSB#102094)          Tullos & Tullos
ALLEN R. VAUGHT (MSB # 101695)          126 Main Street
Franklin, Cardwell & Jones, PC          Post Office Box 74
1001 McKinney, 18th Floor               Raleigh, Mississippi 39153-0074
Houston, Texas 77002                    Telephone: 601/782-4242
Telephone:  713/222-6025                Facsimile: 601/782-4212
Facsimile:  713/222-0938

S. ROBERT HAMMOND, JR. (MSB #3004)
S. Robert Hammond, Jr., PLLC
711 Hardy Street
Post Office Box 471
Hattiesburg, MS  39403-0471
Telephone:  601/450-4499
Facsimile:  601/450-1162

## CERTIFICATE OF SERVICE

I, the undersigned attorney do hereby certify that on the 8th day of October, 2008, the

above and foregoing document was electronically filed with the Clerk of the United States

District Court for the Southern District of Mississippi, Southern District, and copies of same

forwarded to counsel of record via the United States Postal Service.

s/ S. Robert Hammond, Jr._____
S. ROBERT HAMMOND, JR.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


ELSIE SMITH, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
LARRY D. SMITH, DECEASED                                      PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:08cv839WJG-JMR

PHILLIPS 66 COMPANY, *ET AL.*                                DEFENDANTS


O R D E R

THIS CAUSE comes before the Court on motion of Plaintiff to remand [5] the above

referenced action to the Circuit Court of Smith County, Mississippi.  Pursuant to the

Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is

hereby,

ORDERED AND ADJUDGED that Plaintiff's motion to remand [5] be, and is hereby,

granted.  The Clerk of this Court is directed finalize the transfer of this record to the Clerk for the

Circuit Court of Smith County, Mississippi after the expiration of ten days of the entry date of

this judgment or by no earlier than November 6, 2008.  It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until

the Clerk has transferred the case to the Clerk for the Circuit Court of Smith County, Mississippi.

It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be

appropriately sanctioned.  It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with this motion.

SO ORDERED AND ADJUDGED this the 24th day of October, 2008.

_____
*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
SOUTHERN DISTRICT OF MISSISSIPPI
Gulfport, Mississippi

November 17, 2008

*DIVISIONS*
SOUTHERN at Gulfport
2012 15th Street
Suite 403, Zip 39501

HATTIESBURG at Hattiesburg
701 Main St., Suite 200, Zip 39401

J. T. Noblin
CLERK
245 E. Capitol St., Suite 316
Jackson, MS 39201

JACKSON at Jackson
245 E. Capitol, Suite 316
Zip 39201

TELEPHONE
(601) 965-4439

EASTERN & WESTERN at Jackson
245 E. Capitol, Suite 316
Zip 39201

Circuit Court Clerk
Smith County Courthouse
P. O. Box 517
Raleigh, MS.    39553

RE:  Elsie Smith, etc. vs. Phillips 66 Company, et al
     USDC 1:08cv839WJG

Dear Sir:

Pursuant to the original order of remand filed 10/24/2008, and the order of 11/17/2008 denying motions for reconsideration, the above matter is hereby immediately remanded to your Court.

You will find enclosed certified copies of the District Court docket, the order of 10/24/2008 and the order of 11/17/2008.

J. T. Noblin, Clerk

By: _____
Deputy Clerk

cc:  All Counsel (by NEF)

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELSIE SMITH, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
LARRY D. SMITH, DECEASED                                    PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 1:08cv839WJG-JMR

PHILLIPS 66 COMPANY, *ET AL.*                               DEFENDANTS

## O R D E R

THIS CAUSE comes before the Court on motions of the Defendants, ConocoPhillips Company [Conoco, 18] and Union Carbide Corporation [Union Carbide, 20] to reconsider the order entered by this Court on October 24, 2008, granting the plaintiff's motion to remand the above referenced action to the Circuit Court of Smith County, Mississippi. (Ct. R., Doc. 17.)

According to Conoco and Union Carbide, the close of discovery was moved from July 2008, until August 29, 2008, to allow for additional depositions. (Ct. R., Docs. 18, p. 1 and 20, p. 2.) The Special Master in this case amended the discovery order to allow for depositions of treating physicians and experts, but all other discovery ended on July 31, 2008. (Ct. R., Doc. 20-2, p. 4.) These Defendants contend that the removal was perfected before the thirty days passed following the actual close of discovery, making the removal timely. (Ct. R., Doc. 18, p. 3; Doc., 20, p. 2.) The Defendants maintain that the requisite "other paper" was Oilfield Service and Supply Company, Inc.'s [Oilfield Service] motion for summary judgment which allegedly revealed that Oilfield Service was improperly joined. (Ct. R., Doc. 20, p. 4.)

Union Carbide contends that the Plaintiff engaged in forum manipulation, because Mississippi Mud, Inc. [Mississippi Mud] was dismissed in this case, and because Oilfield Service was not required to respond to discovery requests.  (Ct. R., Doc. 20, p. 5.)

Again, under 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This case was removed on the basis of diversity on September 26, 2008.  (Ct. R., Doc. 1, p. 1.) This case was originally filed on March 13, 2006, following the severance of the case from the case filed in 2004.  (Ct. R., Doc. 1, p. 5, n.9.)  Thus, the one-year limit mentioned above applies in this case.  The case was removed well beyond one year following the filing of the case.

The Court is aware that this time requirement is subject to equitable tolling.  Tolling would come into play when the plaintiff acts in such a manner that the defendants' rights to removal are frustrated.  *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 n.10 (5th Cir. 2003).  This scenario was previously discussed in the Court's memorandum opinion, (Ct. R., Doc. 16),  however, the Court will elaborate further in light of Defendants' motions to reconsider. As previously stated, this case was filed in 2004, and was later severed following a ruling by the Mississippi Supreme Court.  (Ct. R., Doc. 1, p. 5.)  The case proceeded through state court and

was administered by a Special Master who oversaw discovery and scheduling matters. (Ct. R.,

Docs. 12-4; 18-2.)  In March 2008, one of the non-diverse defendants, Mississippi Mud, was

dismissed from the case. (Ct. R., Doc. 20-2, p. 7.)  Clearly at that time if the Defendants thought

that the remaining in state defendant was a "sham" defendant, removal would be warranted based

on the Defendants' current arguments that joinder of these defendants was a act of forum

manipulation on the part of the Plaintiff.

Oilfield Service's motion for summary judgment certainly was not a voluntary act by the

Plaintiff, as required to trigger the "other paper" basis for removal, in dismissing the non-diverse

defendant.  In fact, it remains to be determine whether the motion for summary judgment will be

decided favorably to Oilfield Service.  *See Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759,

762 (5th Cir. 2000).  The state court is capable of determining the outcome of the motion for

summary judgment in this case.  For these reasons, the Court finds that the motion for

reconsideration should be denied.  *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629-30 (5th

Cir. 2002).  It is therefore,

ORDERED AND ADJUDGED that Defendants' motions for reconsideration [18, 20] be,

and are hereby, denied.  It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on October 24,

2008, (Ct. R., Doc. 17), in the above styled and numbered cause be, and is hereby, in all respects

to remain in full force and effect.  It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed

within the October 24, 2008, order.  It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in

association with these motions.

SO ORDERED AND ADJUDGED this the 17th day of November, 2008.


_Walter J. Gex III_
UNITED STATES SENIOR DISTRICT JUDGE

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROY LOFTON                                                                    PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:08cv1008WJG-JMR

PHILLIPS 66 COMPANY, *ET AL.*                                               DEFENDANTS

## O R D E R

THIS CAUSE comes before the Court on motion [7] of the Plaintiff, Troy Lofton, to remand the above referenced action to the Circuit Court of Jones County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that Plaintiff's motion [7] to remand be, and is hereby, granted. The Clerk of this Court shall transfer this cause to the Clerk for the Circuit Court of Jones County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than November 14, 2008. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has returned this cause to the Clerk for the Circuit Court of Jones County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of November, 2008.

_____
Walter J. Gex III
UNITED STATES SENIOR DISTRICT JUDGE

# EXHIBIT F

## UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
### SOUTHERN DISTRICT OF MISSISSIPPI
**Gulfport, Mississippi**

### November 18, 2008

J. T. Noblin
CLERK
245 E. Capitol St., Suite 316
Jackson, MS 39201

TELEPHONE
(601) 965-4439

*DIVISIONS*
SOUTHERN at Gulfport
2012 15th Street
Suite 403, Zip 39501

HATTIESBURG at Hattiesburg
701 Main St., Suite 200, Zip 39401

JACKSON at Jackson
245 E. Capitol, Suite 316
Zip 39201

EASTERN & WESTERN at Jackson
245 E. Capitol, Suite 316
Zip 39201

Mr. Bart Gavin
Circuit Clerk of Jones County
Second Judicial District
P.O. Box 1336
Laurel, MS 39441

RE:   Troy Lofton vs. Phillips 66 Company, et al.
      U.S. District Court No.  1:08cv1008WJG-JMR
      State Court Number 2006-106-CV3

Dear Clerk:

Pursuant to the original order of remand filed 11/4/08 and the order denying motions for reconsideration filed 11/17/08 , this case is hereby immediately remanded to your Court.

Please find enclosed certified copies of the district court docket and orders of 11/04/08 and 11/17/08.

Thank you.

J.T. NOBLIN, CLERK

By:  P. Stokes
     Deputy Clerk in Charge


cc:  All Counsel (by NEF)

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROY LOFTON                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 1:08cv1008WJG-JMR

PHILLIPS 66 COMPANY, *ET AL.*                        DEFENDANTS

## O R D E R

THIS CAUSE comes before the Court on motions of the Defendants, ConocoPhillips
Company [Conoco, 17] and Union Carbide Corporation [Union Carbide, 18] to reconsider the
order entered by this Court on November 4, 2008, granting the Plaintiff's motion to remand the
above referenced action to the Circuit Court of Jones County, Mississippi.  (Ct. R., Doc. 15.)

According to Conoco and Union Carbide, the Court erroneously found that the basis for
removal was apparent in this case as of June 27, 2008, and based its reasoning for granting the
motion to remand on that erroneous presumption.  (Ct. R., Docs. 17, p. 2 and 18, p. 2.)  The
Defendants argue that no "other paper" showing that the case was removable was apparent to the
parties until the motion for summary judgment was filed in this case on September 4, 2008.  (Ct.
R., Docs. 17, p. 4; and 18, p. 5.)  ConocoPhillips contends that Plaintiff's deposition suggested
that Oilfield Service was a proper party to the lawsuit.  (Ct. R., Doc. 17, p. 3.)

ConocoPhillips indicates that a "writing" must be received to open the 30-day removal
window in a case, and insists that it was not aware that the case was removable until the summary
judgment motion was filed in September 2008.  (Ct. R., Doc. 17, pp. 4, 5.)  Both Defendants

claim that Lofton did not prosecute his case against the in-state Defendants, Mississippi Mud,

Inc., [Mississippi Mud], and Oilfield Service and Supply Company, Inc., [Oilfield Service],

establishing that Lofton engaged in forum manipulation. (Ct. R., Docs. 17, p. 6 and 18, p. 5.)

Defendants contend that this shows that the Plaintiff did engage in "inequitable conduct." (Ct.

R., Doc. 17, p. 7 and 18, pp. 5-6.)

> Again, under 28 U.S.C. § 1446(b):
>
> The notice of removal of a civil action or proceeding shall be filed within thirty
> days after the receipt by the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may
> be filed within thirty days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from
> which it may be first ascertained that the case is one which is or has become
> removable, except that a case may not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more than 1 year after commencement of the
> action.

This case was removed on the basis of diversity on September 26, 2008. (Ct. R., Doc. 1, p. 1.)

This case was originally filed on March 6, 2006, following the severance of the case from the

case filed in 2004. (Ct. R., Doc. 1, p. 5, n.9.) Thus, the one-year limit mentioned above applies

in this case. The case was removed well beyond one year following the filing of the case.

The Court is aware that this time requirement is subject to equitable tolling. Tolling

would come into play when the plaintiff acts in such a manner that the defendants' rights to

removal are frustrated. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 n.10 (5th Cir.

2003). This scenario was previously discussed in the Court's November 4, 2008, Memorandum

Opinion. (Ct. R., Doc. 14.) The Court will, however, elaborate further in light of the

Defendants' motions to reconsider. This case was filed in 2004, and later severed following a ruling by the Mississippi Supreme Court. (Ct. R., Doc. 1, p. 5.) The case proceeded through state court and in March 2008, one of the non-diverse defendants, Mississippi Mud, was dismissed from the case. (Ct. R., Doc. 3-3, p. 49.) Clearly at that time if Defendants thought that the remaining in state defendant was a "sham" defendant, removal would be warranted based on Defendants' current arguments that joinder of the in- state defendants was a act of forum manipulation on the part of the Plaintiff.

Oilfield Service's motion for summary judgment certainly was not a voluntary act by the Plaintiff, as required to trigger the "other paper" basis for removal, in dismissing the non-diverse defendant. In fact, it remains to be determined whether the motion for summary judgment will be decided favorably to Oilfield Service. *See Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The state court is capable of determining the outcome of the motion for summary judgment in this case. For these reasons, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629-30 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that Defendants' motions for reconsideration [17, 18] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on November 4, 2008, (Ct. R., Doc. 15),in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the November 4, 2008, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with these motions.

SO ORDERED AND ADJUDGED this the 17th day of November, 2008.


_____
*Walter J. Gex IJI*
UNITED STATES SENIOR DISTRICT JUDGE