UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 02, 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                                      MDL No. 875

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs in actions pending in the Central District of California (two actions), the District of Delaware (two actions), the District of District of Columbia, the District of Maryland, the Northern District of Mississippi, the District of South Carolina (two actions), and the Eastern District of Virginia (three actions), respectively, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based

---

[*] Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter except with respect to the District of District of Columbia action.

[1] Foster Wheeler Energy Corp. (as to Central District of California *Salamante*); Bell Helicopter Textron, Inc., and Northrop Grumman Corp. (as to District of Delaware *Seitz*); Krafft-Murphy Co. (as to District of District of Columbia *Sammartino*); Garlock Sealing Technologies, LLC (as to District of Maryland *Young*); Bondex International, Inc., Kaiser Gypsum Co., Inc., RPM, Inc., RPM International, Inc., R.T. Vanderbilt Co., Inc., T.H. Agriculture Nutrition, LLC, Georgia-Pacific LLC f/k/a Georgia-Pacific Corp., Union Carbide Corp., Jarden Corp., and Sunbeam Products Inc. (as to Northern District of Mississippi *Tigner*); General Electric Co. (as to Northern District of Mississippi *Tigner* and Eastern District of Virginia *Brunson* and *Kline*); Buffalo Pumps, Inc. (as to Eastern District of Virginia *Brunson* and *Kline*); and Viad Corp. (as to District of South Carolina *Vawter* and E.D. Virginia *Brunson* and *Kline*).

- 2 -

on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of November 21, 2008, (1) 77,200 actions have been closed in the transferee district, and (2) over 1,385 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.[3] *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these twelve actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

[2] Moving plaintiffs argue, *inter alia*, that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

[3] We note, for example, that in July 2008, the transferee court suggested remand of a Western District of Washington action that had been transferred to the MDL – over the plaintiffs' objection – less than six months earlier. *See Henry Barabin, et al. v. Albany International Corp., et al.*, W.D. Washington, C.A. No. 2:07-1454. (The Panel's ruling on defendant AstenJohnson, Inc.'s motion to vacate the order conditionally remanding *Barabin* to the Western District of Washington is the subject of a separate order in this docket.) Although the number of Section 1407 remands in MDL No. 875 is proportionately small, this is only because under the transferee court's stewardship, the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings. *See In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349-50 (J.P.M.L. 2001).

- 3 -

the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                           PANEL ON MULTIDISTRICT LITIGATION

                           Robert L. Miller, Jr.
                             Acting Chairman

John G. Heyburn II, Chairman    J. Frederick Motz[*]
Kathryn H. Vratil                       David R. Hansen
W. Royal Furgeson, Jr.

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**                      MDL No. 875

## SCHEDULE A

Central District of California

Margaret Neber, etc. v. SYD Carpenter Marine Contractor, Inc., et al., C.A. No. 2:08-4500
Edgardo R. Salamante, et al. v. Quintec Industries, Inc., et al., C.A. No. 2:08-4674

District of Delaware

Frederick Seitz, et al. v. Adel Wiggins Group, et al., C.A. No. 1:08-351
Frederick Seitz, et al. v. Adel Wiggins Group, et al., C.A. No. 1:08-353

District of District of Columbia

Armando A. Sammartino, et al. v. AC& R Insulation Co., Inc., et al., C.A. No. 1:08-967

District of Maryland

James Rowland Young, et al. v. AC&R Insulation Co., Inc., et al., C.A. No. 1:08-2200

Northern District of Mississippi

Patricia Tigner v. Bondex International, Inc., et al., C.A. No. 2:08-166

District of South Carolina

John W. Vawter, et al. v. Buffalo Pumps, Inc., et al., C.A. No. 3:08-2343
Jerry T. Hickman, et al. v. Buffalo Pumps, Inc., et al., C.A. No. 3:08-2409

Eastern District of Virginia

John Kline v. Alfa Laval, Inc., et al., C.A. No. 2:08-9380
John Kline v. Alfa Laval, Inc., et al., C.A. No. 2:08-9381
Sandra Brunson, etc. v. Alfa Laval, Inc., et al., C.A. No. 3:08-374