MDL 875

JS6

Brian P. Barrow (State Bar No. 177906)
SIMON, EDDINS & GREENSTONE LLP
301 Ocean Boulevard, Suite 1950
Long Beach, California 90802
Telephone: (562) 590-3400
Facsimile: (562) 590-3412
E-mail: bbarrow@seglaw.com

Attorneys for Plaintiffs

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEC 22 2008

FILED CLERK'S OFFICE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PLEADING NO. 5709

ALLEN CHRISTIANSEN et al.,

Plaintiffs,

vs.

CBS CORPORATION, et al.,

Defendants.

Case No. CV08-03133 R (JTL)

Judge Manuel L. Real

**ORDER OF DISMISSAL**

For good cause appearing and based on the parties' Stipulation, this case is hereby dismissed with prejudice.

DATED: Oct. 1 , 2008

HON. MANUEL L. REAL

MDL-875 VAC TU - 1 ACTION
RECOMMENDED ACTION

Approved/Date: [illegible] 12/22/08

RECEIVED CLERK'S OFFICE
2008 DEC 18 A 10: 40
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION



OFFICIAL FILE COPY

IMAGED DEC 22 2008

5499

A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Oct 10, 2008
FOR THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
OCT 10 2008
MICHAEL E. KUNZ, Clerk
By________Dep. Clerk

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
Oct 10, 2008
FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)**

MDL No. 875

**TRANSFER ORDER**

**Before the entire Panel***: Plaintiffs in actions pending in the Central District of California, District of South Carolina, and Eastern District of Virginia, respectively, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our order conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the

---

* Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the District of South Carolina and Eastern District of Virginia actions.

[1] Viad Corp. (with respect to the Central District of California and Eastern District of Virginia actions), Foster-Wheeler Corp. (with respect to the Central District of California action), and General Electric Co. and Buffalo Pumps, Inc. (with respect to the Eastern District of Virginia action).

[2] Certain plaintiffs argue that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer,

(continued...)

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of September 29, 2008, (1) over 77,100 actions have been closed in the transferee district, and (2) over 1,380 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these three actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman* | J. Frederick Motz*
Kathryn H. Vratil | David R. Hansen
W. Royal Furgeson, Jr.

[2](...continued)
the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)**

**MDL No. 875**

call Panel on Mon case was closed in CA-C on 10/1/08

**SCHEDULE A**

Central District of California

Allen Christiansen, et al. v. CBS Corp., et al., C.A. No. 2:08-3133

District of South Carolina

Lawrence David Weaver v. Owens-Illinois, Inc., et al., C.A. No. 6:08-2060

Eastern District of Virginia

William W. Bussey v. Buffalo Pumps, Inc., et al., C.A. No. 2:08-9367