**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 0 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)**

*Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.*, D. Oregon, Civil No.: 3:08-CV-469-ST

**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc. respectfully move this Panel, pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an order vacating its January 9, 2009 order conditionally transferring to this MDL the *Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.* case, number 3:08-CV-469-ST, and remanding the case to the United States District Court for the District of Oregon. The Undersigned has consulted with counsel for Plaintiff Vivian L. Dunn (who is the personal representative of the Estate of James L. Dunn, deceased), and, at Plaintiff's counsel's request, asks that Plaintiff be deemed as joining in this motion.

As discussed more fully in the Brief in Support of Motion to Vacate Conditional Transfer Order, the Panel should vacate its prior order conditionally transferring the *Dunn*

IMAGED FEB 1 1 2009   OFFICIAL FILE COPY

PLEADING NO. 5743

case to the MDL because the *Dunn* case involves fundamentally different questions of law and fact than the other cases in this MDL.  Transfer will not conserve the resources of the parties, their counsel, the witnesses, or the judiciary because, unlike the other MDL cases, the *Dunn* case is not merely an asbestos products liability case—it is also a coal tar pitch products liability case.  Of the eight products liability defendants remaining in the *Dunn* case, five are coal tar pitch defendants and only three are asbestos defendants.  Thus, the claims against a majority of the products liability defendants in this case are not asbestos related claims, they are coal tar pitch related claims presenting distinct facts and issues.

WHEREFORE Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc. respectfully request that the Panel vacate its January 9, 2009 order conditionally transferring to this MDL the *Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.* case, number 3:08-CV-469-ST, and request that this case be remanded to the United States District Court for the District of Oregon.

DATED this 9th day of February, 2009.

BULLIVANT HOUSER BAILEY PC

BY
Richard J. Whittemore
Oregon Bar # 824512
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
E-mail: richard.whittemore@bullivant.com

Counsel for Defendants Beazer East, Inc.;
Honeywell International, Inc.; Koppers, Inc.; and
Vertellus Specialties, Inc.

## CERTIFICATE OF SERVICE

I hereby certify on February 9, 2009, that I served the foregoing **MOTION TO VACATE CONDITIONAL TRANSFER ORDER** on the following named attorney(s) of record on the date indicated below by:

☒     mailing with postage prepaid

☐     hand delivery

☐     facsimile transmission

☐     overnight delivery

☐     e-mail

☐     notice of electronic filing using the CM/ECF system

to said attorney(s), contained in a sealed envelope to said attorney(s) at his or her last known address(es) indicated below, and to said attorney(s) as listed on the Panel Service List, a copy of which is attached hereto and incorporated herein.

Patrick D. Angel
Brayton Purcell, LLP
Columbia Square Building
111 SW Columbia, Suite 250
Portland, OR 97201-5864
pangel@braytonlaw.com

*Attorneys for Plaintiff Vivian Dunn as
Personal Representative of the Estate of
James L. Dunn*

George S. Pitcher
Williams, Kastner & Gibbs
Pioneer Office Tower
888 SW 5th Avenue, Suite 600
Portland, OR 97204-2025
gpitcher@williamskaster.com

*Attorneys for Defendant Viacom, Inc.*

**CERTIFICATE OF SERVICE**

Phillip M. Bender
Kirkpatrick Lockhart Preston Gates
  & Ellis
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222-2312
phil.bender@klgates.com

*Attorneys for Defendant Calgon Carbon
Corporation*

Jason H. Daywitt
Claude F. Bosworth
Rizzo Mattingly Bosworth PC
411 SW 2nd Avenue, Suite 200
Portland, OR  97204
jdaywitt@rizzopc.com
cbosworth@rizzopc.com

*Attorneys for Defendants Riley
Power, Inc. and B & P Process &
Equipment Systems*

BY _____

Richard J. Whittemore
Oregon Bar # 824512
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
E-mail: richard.whittemore@bullivant.com

Counsel for Defendants Beazer East, Inc.;
Honeywell International, Inc.; Koppers, Inc.; and
Vertellus Specialties, Inc.

RECEIVED
CLERK'S OFFICE
2009 FEB 10   A 10: 08
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**CERTIFICATE OF SERVICE**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Vivian L. Dunn, etc. v. B&P Process Equipment & Systems, LLC, et al.,
D. Oregon, C.A. No. 3:08-469

Patrick D. Angel
BRAYTON PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Phillip Matthew Bender
K&L GATES LLP
222 SW Columbia Street, Suite 1400
Portland, OR 97201-6632

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Claude F. Bosworth
RIZZO MATTINGLY BOSWORTH
411 S.W. Second Avenue, Suite 200
Portland, OR 97204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Jason H. Daywitt
RIZZO MATTINGLY BOSWORTh
411 S.W. Second Avenue
Suite 200
Portland, OR 97204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

George S. Pitcher
WILLIAMS KASTNER
888 Southwest Fifth Avenue
Suite 600
Portland, OR 97204-2025

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Richard J. Whittemore
BULLIVANT HOUSER BAILEY PC
888 SW Fifth Avenue
300 Pioneer Tower
Portland, OR 97204-2089

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 0 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)**

*Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.*, D. Oregon, Civil No.:
3:08-CV-469-ST

<u>BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER</u>

Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and

Vertellus Specialties, Inc. (collectively, "the coal tar pitch defendants") submit this Brief in

support of their Motion to Vacate Conditional Transfer Order pursuant to the Rules of

Procedure of the Judicial Panel on Multidistrict Litigation Rule 7.4(d).  The coal tar pitch

defendants request that the Panel vacate its Conditional Transfer Order and remand the above

referenced case to the United States District Court for the District of Oregon.

/ / /

/ / /

/ / /

/ / /

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2009 FEB 10   A 10: 09

RECEIVED
CLERK'S OFFICE

# I. **BACKGROUND**

A.      **Schedule**

Pursuant to Rule 7.2(a)(ii) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, a schedule of the action involved in the coal tar pitch defendants'

Motion to Vacate Conditional Transfer Order is as follows:

1.      **Parties remaining**

The parties remaining in the *Dunn* case are: Plaintiff Vivian L. Dunn (who is the

personal representative of the Estate of James L. Dunn, deceased); Defendant Beazer East,

Inc.; Defendant Honeywell International, Inc.; Defendant Koppers, Inc.; Defendant Vertellus

Specialties, Inc.; Defendant Calgon Carbon Corp.; Defendant Viacom, Inc.; Defendant Riley

Power, Inc.; and Defendant B & P Equipment Systems, Inc.

2.      **District court and division**

The *Dunn* case is pending in the United States District Court for the District of

Oregon.

3.      **Civil action number**

The civil action number for the *Dunn* case is 3:08-CV-469-ST.

4.      **Assigned judge**

The judge assigned to the *Dunn* case is Magistrate Janice Stewart.

B.      **Plaintiff's Claims**

Plaintiff initiated the *Dunn* lawsuit alleging products liability theories based on the

decedent's alleged exposure to coal tar pitch volatiles while working in an aluminum plant in

Dallas, Oregon.  Plaintiff has further alleged products liability theories based on the

decedent's exposure to asbestos fibers, but the claims are distinct and there is no allegation of joint conduct between the coal tar pitch defendants and the asbestos defendants.

Only eight defendants remain in Plaintiff's lawsuit.  Of the eight, five are coal tar pitch defendants and only three are asbestos defendants.

The discovery in the *Dunn* case will be distinct from the discovery in the asbestos cases currently pending in the MDL.  (Whittemore Decl., ¶ 4.)  Counsel for the coal tar pitch defendants anticipates extensive discovery against multiple third party employers who are not parties to the *Dunn* case and from whom discovery has not been sought in asbestos matters.  (*Id.* at ¶ 5.)  This discovery is likely to result in the production of upwards of 50,000-100,000 documents—none of which will likely be relevant to the asbestos cases pending in the MDL.  (*Id.* at ¶ 6.)  Expert discovery in the *Dunn* case will also be different from the discovery in the asbestos cases currently pending in the MDL.  The science involving exposure to coal tar pitch volatiles is totally separate and distinct from the science involving exposure to asbestos products, and the coal tar pitch experts are not the same experts who are involved in the asbestos litigation.  (*Id.* at ¶ 8.)

## II. LAW AND ARGUMENT

### A.    Legal Standard

There are three statutory prerequisites for transfer and consolidation of cases under 28 U.S.C. § 1407(a).  First and foremost, the actions to be transferred and consolidated must involve common issues of fact.  28 U.S.C. § 1407(a) provides for consolidation of "civil actions involving one or more common questions of fact."  Second, consolidation of the actions must benefit the convenience of the parties and witnesses.  *Id.*  Third, consolidation must "promote the just and efficient conduct of the action."  *Id.*

The Jurisdictional Panel on Multidistrict Litigation has the authority to separate any claim, cross-claim, counter-claim, or third-party claim from the others. *Id.* Additionally, the Panel may vacate its Conditional Transfer Order when any party shows good cause for it to do so. *In re Multidistrict Commodity Credit Corp. Litig. Involving Grain Shipments*, 319 F. Supp. 533, 534 (J.P.M.L. 1970). A party shows good cause to vacate when the cases do not share sufficient questions of law or fact. *In re Tri-State Water Rights Litig.*, 481 F. Supp. 2d 1351, 1353 (J.P.M.L. 2007).

**B.**    **Argument**

The Panel should vacate its Conditional Transfer Order dated January 9, 2009, and remand the *Dunn* case to the United States District Court for the District of Oregon for three primary reasons: (1) the majority of the defendants in the *Dunn* case are coal tar pitch defendants, and there are no common questions of fact that support consolidation of Plaintiff's coal tar pitch products liability claims with the asbestos MDL actions; (2) transfer and consolidation will not promote the convenience of the parties or witnesses; and (3) transfer and consolidation will not promote the just and efficient conduct of the action.

**1.**    **The majority of the defendants in the *Dunn* case are coal tar pitch defendants, and there are no common questions of fact that support consolidation of Plaintiff's coal tar pitch products liability claims with the asbestos MDL actions.**

A panel ordering consolidation of actions must find common questions of fact that support its decision in accordance with 28 U.S.C. § 1407(a). No common questions of fact exist between Plaintiff's claims against the coal tar pitch defendants in the *Dunn* case and the other MDL actions. In its original Conditional Transfer Order, the Panel found that the *Dunn* case involved common questions of fact regarding asbestos. Those common questions of

fact end, however, with Plaintiff's claims against three of the remaining eight products

liability defendants remaining in Plaintiff's suit—Plaintiff's claims against the other five coal

tar pitch products liability defendants involve distinct questions of fact that do not relate to

the other actions pending in the MDL.

Plaintiff's coal tar pitch products liability claims warrant independence.  See *In re

Airline "Age of Employee" Employment Practices Litigation*, 483 F. Supp. 814, 816-17

(J.P.M.L. 1980) (refusing to transfer where allegations and defenses essentially similar but

principal factual issues distinct).  The MDL cases concerning products liability all revolve

around alleged asbestos exposure.  As a result, the cases have common issues of fact that will

benefit from consolidated discovery.  On the contrary, the present case alleging injuries

related to exposure to coal tar pitch volatiles will not benefit from consolidated discovery.

Resources will not be served by consolidating the *Dunn* case with the other cases in the

MDL, and the parties in the MDL will not benefit from coal-tar-pitch-related discovery.

Likewise, the issues presented by the decedent's alleged exposure to coal tar pitch

volatiles are distinct from issues presented in asbestos-related litigation, and those issues will

require a separate legal analysis.

In short, there is no benefit to consolidating the *Dunn* case with the MDL cases

because the causes of action require unique discovery and legal analysis, and a failure to

vacate the Conditional Transfer Order could actually hamper the litigation of all cases

involved in the MDL.

/ / /

/ / /

/ / /

**2.   Transfer and consolidation will not promote the convenience of the parties or witnesses.**

Since Plaintiff's claims against the coal tar pitch defendants involve distinct facts and legal issues, transfer and consolidation will not promote the convenience of the parties or witnesses as required by 28 U.S.C. § 1407(a).

Any transfer of this case out of the State of Oregon will not "be for the convenience of parties and witnesses" and, therefore, that precondition for transfer to the MDL is not met and transfer should not be allowed. 28 U.S.C. § 1407(a). Oregon is the decedent's home state and the Plaintiff's preferred choice of jurisdiction and venue. The decedent lived and worked in Oregon, and Plaintiff's claims against the coal tar pitch defendants arise out of the decedent's work at an aluminum plant in Dallas, Oregon. Further, discovery has already commenced in the state.

The fact witnesses in the *Dunn* case will likely reside in Oregon, and although some expert and some lay witnesses may be traveling in from various parts of the country for trial, there is no reason why traveling to Pennsylvania is any easier or more convenient than traveling to Oregon.

It is hard to imagine why the jurisdiction of Oregon is not an appropriate venue for this case. It is even harder to imagine why the jurisdiction of Pennsylvania would be appropriate. Considering these simple facts, transfer to the MDL will not be for the convenience of the parties or witnesses and transfer should not be allowed.

**3.   Transfer and consolidation will not promote the just and efficient conduct of the action.**

28 U.S.C. § 1407(a) requires consolidation to serve the just and efficient conduct of the action. *In re Air Crash at Washington D.C. on January 13, 1982*, 533 F. Supp. 1350

(J.P.M.L. 1982).  This section specifically encourages the prevention of duplicative discovery and the conservation of party, counsel, and judicial resources.

In the *Dunn* case, efficiency will not be served by consolidation with the MDL.  On the contrary, consolidation will likely cause the opposite result—the expenditure of more resources than necessary.  The MDL cases and the *Dunn* case share no common issues of fact as far as the coal tar pitch products liability claims are concerned, and require individualized discovery, witnesses, and pretrial rulings, all of which make consolidation improper.

### III. <u>CONCLUSION</u>

Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc. respectfully submit that there exists sufficient cause for this Panel to vacate its Conditional Transfer Order with respect to the *Dunn* case.  The policy of multidistrict litigation is to reduce and simplify the tasks of the court, parties, and witnesses.  This consolidation furthers none of those policies and instead complicates the litigation for all parties involved.  Furthermore, the requirements for consolidation under 28 U.S.C. § 1407(a) are not met—there are no common questions of fact between Plaintiff's coal tar pitch products liability claims and the MDL cases, discovery on Plaintiff's coal tar pitch products liability claims will not benefit the parties or witnesses in the MDL, and the judicial system will be less efficient as a result of consolidation.

WHEREFORE Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc. respectfully request that the Panel vacate its January 9, 2009 order conditionally transferring to this MDL the *Vivian L. Dunn v. B & P Process*

*Equipment & Systems LLC, et al.* case, number 3:08-CV-469-ST, and request that this case

be remanded to the United States District Court for the District of Oregon.

DATED this 9th day of February, 2009.

BULLIVANT HOUSER BAILEY PC

BY _____
      Richard J. Whittemore
      Oregon Bar # 824512
      300 Pioneer Tower
      888 SW Fifth Avenue
      Portland, Oregon  97204-2089
      Telephone: 503.228.6351
      Facsimile: 503.295.0915
      E-mail: richard.whittemore@bullivant.com

      Counsel for Defendants Beazer East, Inc.;
      Honeywell International, Inc.; Koppers, Inc.; and
      Vertellus Specialties, Inc.

RECEIVED CLERK'S OFFICE
2009 FEB 10  A 10: 09
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 10 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify on February 9, 2009, that I served the foregoing **BRIEF IN**

**SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER** on the

following named attorney(s) of record on the date indicated below by:

☒     mailing with postage prepaid

☐     hand delivery

☐     facsimile transmission

☐     overnight delivery

☐     e-mail

☐     notice of electronic filing using the CM/ECF system

to said attorney(s), contained in a sealed envelope to said attorney(s) at his or her last

known address(es) indicated below, and to said attorney(s) as listed on the Panel Service

List, a copy of which is attached hereto and incorporated herein.

Patrick D. Angel
Brayton Purcell, LLP
Columbia Square Building
111 SW Columbia, Suite 250
Portland, OR  97201-5864
pangel@braytonlaw.com

*Attorneys for Plaintiff Vivian Dunn as*
*Personal Representative of the Estate of*
*James L. Dunn*

George S. Pitcher
Williams, Kastner & Gibbs
Pioneer Office Tower
888 SW 5th Avenue, Suite 600
Portland, OR  97204-2025
gpitcher@williamskaster.com

*Attorneys for Defendant Viacom, Inc.*

CERTIFICATE OF SERVICE

Phillip M. Bender
Kirkpatrick Lockhart Preston Gates
  & Ellis
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222-2312
phil.bender@klgates.com

*Attorneys for Defendant Calgon Carbon
Corporation*

Jason H. Daywitt
Claude F. Bosworth
Rizzo Mattingly Bosworth PC
411 SW 2nd Avenue, Suite 200
Portland, OR  97204
jdaywitt@rizzopc.com
cbosworth@rizzopc.com

*Attorneys for Defendants Riley
Power, Inc. and B & P Process &
Equipment Systems*

BY _____
Richard J. Whittemore
Oregon Bar # 824512
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
E-mail: richard.whittemore@bullivant.com

Counsel for Defendants Beazer East, Inc.;
Honeywell International, Inc.; Koppers, Inc.; and
Vertellus Specialties, Inc.

RECEIVED
CLERK'S OFFICE
2009 FEB 10  A 10: 09
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

CERTIFICATE OF SERVICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Vivian L. Dunn, etc. v. B&P Process Equipment & Systems, LLC, et al.,
D. Oregon, C.A. No. 3:08-469

Patrick D. Angel
BRAYTON PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Phillip Matthew Bender
K&L GATES LLP
222 SW Columbia Street, Suite 1400
Portland, OR 97201-6632

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Claude F. Bosworth
RIZZO MATTINGLY BOSWORTH
411 S.W. Second Avenue, Suite 200
Portland, OR 97204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Jason H. Daywitt
RIZZO MATTINGLY BOSWORTh
411 S.W. Second Avenue
Suite 200
Portland, OR 97204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

George S. Pitcher
WILLIAMS KASTNER
888 Southwest Fifth Avenue
Suite 600
Portland, OR 97204-2025

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Richard J. Whittemore
BULLIVANT HOUSER BAILEY PC
888 SW Fifth Avenue
300 Pioneer Tower
Portland, OR 97204-2089

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 0 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)**

*Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.*, D. Oregon, Civil No.: 3:08-CV-469-ST

<u>**DECLARATION OF RICHARD WHITTEMORE IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER**</u>

I, Richard Whittemore, depose and state as follows:

    1.  I am more than 18 years of age.  The following information is true to the best of my knowledge, information and belief and, if called upon, I could competently testify to the matters discussed herein.

    2.  I am one of the attorneys representing Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc. (collectively, "the coal tar pitch defendants") in the *Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.* case, number 3:08-CV-469-ST, United States District Court for the District of Oregon.

3.   I make this declaration in support of the coal tar pitch defendants' motion to vacate the Panel's January 9, 2009 order conditionally transferring the *Dunn* case to this MDL.

4.   The discovery in the *Dunn* case will be distinct from the discovery in the asbestos cases currently pending in the MDL because the *Dunn* case involves claims related to the decedent's exposure to coal tar pitch volatiles.

5.   Counsel for the coal tar pitch defendants anticipates extensive discovery against multiple third party employers who are not parties to this case and from whom discovery has not been sought in asbestos matters.

6.   Based on prior experience with similar coal tar pitch products liability litigation, we believe that discovery related to the coal tar pitch defendants will involve upwards of 50,000-100,000 documents.

7.   Discovery related to exposure to coal tar pitch volatiles is discovery that asbestos defendants in the MDL would not participate in because it is designed to explore the safety issues that third party employers had knowledge of concerning coal tar pitch volatiles. This discovery is totally separate and distinct from what will occur in asbestos cases.

8.   Expert discovery in the *Dunn* case will also be distinct from the asbestos cases pending in the MDL.  The science involving exposure to coal tar pitch volatiles is totally separate and distinct from the science involving exposure to asbestos products, and the coal tar pitch experts are not the same experts who are involved in asbestos litigation.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS**

**MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Dated:  February 9, 2009.

RICHARD WHITTEMORE

RECEIVED
CLERK'S OFFICE
2009 FEB 10  A 10: 10
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 0 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify on February 9, 2009, that I served the foregoing **DECLARATION**

**OF RICHARD WHITTEMORE IN SUPPORT OF MOTION TO VACATE**

**CONDITIONAL TRANSFER ORDER** on the following named attorney(s) of record on

the date indicated below by:

☒  mailing with postage prepaid

☐  hand delivery

☐  facsimile transmission

☐  overnight delivery

☐  e-mail

☐  notice of electronic filing using the CM/ECF system

to said attorney(s), contained in a sealed envelope to said attorney(s) at his or her last

known address(es) indicated below, and to said attorney(s) as listed on the Panel Service

List, a copy of which is attached hereto and incorporated herein.

Patrick D. Angel
Brayton Purcell, LLP
Columbia Square Building
111 SW Columbia, Suite 250
Portland, OR 97201-5864
pangel@braytonlaw.com

*Attorneys for Plaintiff Vivian Dunn as
Personal Representative of the Estate of
James L. Dunn*

George S. Pitcher
Williams, Kastner & Gibbs
Pioneer Office Tower
888 SW 5th Avenue, Suite 600
Portland, OR 97204-2025
gpitcher@williamskaster.com

*Attorneys for Defendant Viacom, Inc.*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2009 FEB 10 A 10: 10

RECEIVED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

Phillip M. Bender
Kirkpatrick Lockhart Preston Gates
  & Ellis
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222-2312
phil.bender@klgates.com

*Attorneys for Defendant Calgon Carbon*
*Corporation*

Jason H. Daywitt
Claude F. Bosworth
Rizzo Mattingly Bosworth PC
411 SW 2nd Avenue, Suite 200
Portland, OR  97204
jdaywitt@rizzopc.com
cbosworth@rizzopc.com

*Attorneys for Defendants Riley*
*Power, Inc. and B & P Process &*
*Equipment Systems*

BY

Richard F. Whittemore
Oregon Bar # 824512
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
E-mail: richard.whittemore@bullivant.com

Counsel for Defendants Beazer East, Inc.;
Honeywell International, Inc.; Koppers, Inc.; and
Vertellus Specialties, Inc.

RECEIVED
CLERK'S OFFICE
2009 FEB 10   A 10: 10
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**CERTIFICATE OF SERVICE**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Vivian L. Dunn, etc. v. B&P Process Equipment & Systems, LLC, et al.,
D. Oregon, C.A. No. 3:08-469

Patrick D. Angel
BRAYTON PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Phillip Matthew Bender
K&L GATES LLP
222 SW Columbia Street, Suite 1400
Portland, OR 97201-6632

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Claude F. Bosworth
RIZZO MATTINGLY BOSWORTH
411 S.W. Second Avenue, Suite 200
Portland, OR 97204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Jason H. Daywitt
RIZZO MATTINGLY BOSWORTh
411 S.W. Second Avenue
Suite 200
Portland, OR 97204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

George S. Pitcher
WILLIAMS KASTNER
888 Southwest Fifth Avenue
Suite 600
Portland, OR 97204-2025

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Richard J. Whittemore
BULLIVANT HOUSER BAILEY PC
888 SW Fifth Avenue
300 Pioneer Tower
Portland, OR 97204-2089