UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**Feb 10, 2009**

FILED
CLERK'S OFFICE

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**

| | | |
|---|---|---|
| Vivian L. Dunn, etc. v. B & P Process Equipment | ) | |
| & Systems, LLC, et al., D. Oregon, C.A. No. 3:08-469 | ) | MDL No. 875 |

## ORDER REQUESTING ADDITIONAL BRIEFING

A conditional transfer order (CTO-318) was filed in this action (*Dunn*) on January 9, 2009. Prior to expiration of that order's 15-day stay of transmittal, certain defendants in *Dunn* (Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc.) filed a notice of opposition to the proposed transfer, and subsequently filed the required motion and brief to vacate CTO-318.

In their motion and brief, moving defendants, who state that plaintiff joins in their motion, argue that the CTO should be vacated because five of the eight named defendants are "coal tar pitch" defendants and only three are asbestos defendants, and that inclusion of plaintiff's coal tar pitch products liability claims in MDL No. 875 would not serve the purposes of 28 U.S.C. § 1407. Under Section 1407(a), the Panel has the authority to transfer an action but simultaneously separate and remand "any claim, cross-claim, counter-claim, or third-party claim" to the transferor court (in this case, the District of Oregon). *See* 28 U.S.C. § 1407(a); *In re: Kugel Mesh Hernia Patch Products Liability Litigation*, 560 F.Supp.2d 1362, 1363-64 (J.P.M.L. 2008). Although *Dunn* appears to be an action in which such separation and remand may be appropriate, moving defendants have not briefed the issue, and have also not identified which defendants and which claims fall into which category (*i.e.*, coal tar pitch or asbestos).

IT IS THEREFORE ORDERED that moving defendants shall, on or before Wednesday, February 25, 2009, file and serve a single brief (not to exceed ten pages in length, exclusive of any attachments) with respect to the separation and remand issue discussed above.

IT IS FURTHER ORDERED that any affected party may file a response to moving defendants' submission on or before Wednesday, March 4, 2009.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel