MDL 875 4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS PLEADING APPLIES TO:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLARENCE SCOTT WREN, SR. | * | CIVIL ACTION NO. 08-4204 |
| | * | |
| VERSUS | * | SECTION "C" |
| | * | |
| COOPER/T. SMITH | * | MAGISTRATE (5) |
| STEVEDORING, INC., ET. AL | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER**

Plaintiff, Clarence Wren, moves this Court to vacate the Conditional Transfer Order relative

to this case so that it may proceed to trial before Plaintiff dies of mesothelioma and for the reasons

set forth in the accompanying memorandum.

Respectfully submitted,

MARTZELL & BICKFORD, A.P.C.

SCOTT R. BICKFORD T.A. (#1165)
SPENCER R. DOODY (#27795)
NEIL F. NAZARETH (#28969)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (facsimile)
ATTORNEYS FOR PLAINTIFF

OFFICIAL FILE COPY

IMAGED FEB 1 2 2009

PLEADING NO. 5747

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS PLEADING APPLIES TO:

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CLARENCE SCOTT WREN, SR.** | \* | **CIVIL ACTION NO. 08-4204** |
| | \* | |
| **VERSUS** | \* | **SECTION "C"** |
| | \* | |
| **COOPER/T. SMITH** | \* | **MAGISTRATE (5)** |
| **STEVEDORING, INC., ET. AL** | \* | |
| | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
TO VACATE CONDITIONAL TRANSFER ORDER**

MAY IT PLEASE THE COURT:

Plaintiff, Clarence Wren, moves this Honorable Court to vacate the Conditional Transfer

Order issued relative to this case for the reasons set forth herein.

**FACTS**

1.    Clarence Scott Wren, Sr. is a seventy-four year old male who has been diagnosed with

malignant pleural mesothelioma.  Mr. Wren was diagnosed with this disease on July 26,

2007 and is dying. This diagnosis was confirmed by Dr. Victor Roggli, one of the most

esteemed and respected pathologists. Mesothelioma is an asbestos-related cancer of the lung

1

for which there is no cure.  Dr. Victor Roggli's report and diagnosis of mesothelioma is attached as Exhibit A.

2.   Mr. Wren's treating physician, Zoe L. Larned, M.D. testified via affidavit that due to Mr. Wren's disease, he may not survive past January 2009.  Dr. Larned's affidavit rendering this opinion is attached as Exhibit B.  Fortunately, Mr. Wren has not yet succumbed to this terminal disease.

3.   On January 28, 2008, Clarence Wren, Sr. filed a Petition for Damages in the Civil District Court for the Parish of Orleans against several defendants who he alleges are responsible for his mesothelioma.  Exhibit C. The defendants are plaintiff's stevedore employers, insulation and repair contractors and shipping lines and their insurers.

4.   Since the filing of the lawsuit, a significant amount of discovery has been completed including the plaintiff's deposition and the exchange of written discovery.  Plaintiff also served a master set of written discovery responses on all defendants on January 28, 2008. Exhibit D.

5.   Plaintiff filed a motion for an expedited trial setting, pursuant to La. Code of Civ. Proc. Art. 1573 in the Louisiana State Court. Exhibit E.

6.   A Notice of Removal to the United States District Court for the Eastern District of New Orleans was filed in this matter on August 15, 2008. Exhibit F.

7.   On September 19, 2008 Plaintiff filed a Motion for Expedited Scheduling Conference with the United States District Court for the Eastern District of Louisiana. Exhibit G.

## ARGUMENT

MDL-875 was established in 1991 for the consolidation of pre-trial and settlement matters concerning federal court asbestos cases. The Panel stated in the July 29, 1991 Order and Opinion establishing MDL-875 that "[t]his order does offer a great opportunity to all participants who sincerely wish to resolve these asbestos matters fairly and with as little unnecessary expense as possible." (Order, p. 16). The Panel transferred the pending asbestos cases in 1991 in an attempt to manage the enormous backlog of federal court asbestos cases through a consolidated proceeding with the goal of fairly concluding the pending cases. Based on the facts specific to this case, the extant matter is not one that the Panel envisioned would be appropriate for transfer under 28 U.S.C. §1407(a) and the Panel's Order and Opinion establishing MDL-875.

The Judicial Panel on Multidistrict Litigation's ("Panel") authority to transfer cases to MDL is derived from 28 U.S.C. §1407(a) which states, in pertinent part, that cases "may be transferred to any district for coordinated or consolidated pretrial proceedings...... [T]ransfers for such proceedings will be for the <u>convenience of parties and witnesses and will promote the just and efficient conduct of such actions</u>..." (Emphasis added). The Panel has denied transfer of certain cases that are advanced in the discovery stage and/or set for trial because the transfer of those cases would not "promote the just and efficient conduct of these actions." <u>In Re Multidistrict Private Civil Treble Damage Antitrust Litigation involving Concrete Pipe</u>, No. 12 Judicial Panel on Multidistrict Litigation, 297 F.Supp. 1125, 1126 (1968). In <u>In Re Concrete Pipe</u>, the Panel declined to transfer a pending case to multidistrict litigation for coordinated pretrial proceedings because pretrial proceedings were substantial." <u>Id.</u>   See also <u>In Re Celotex Corporation 'Techniform' Products Liability Litigation</u>, Judicial Panel on Multidistrict Litigation, 68 F.R.D. 502, 505 (1975); <u>In Re</u>

3

Ortho Pharmaceutical "Lippes Loop" Products Liability Litigation, No. 336 Judicial Panel on Multidistrict Litigation, 447 F.Supp. 1073, 1074 (1978)(The Panel vacated a show cause order finding that a transfer would not "serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation," in part, because two of the actions were advanced enough to be excluded from transfer).

I      Substantial Discovery is Complete

Applied here and as demonstrated in the recitation of facts, substantial discovery has been completed. The plaintiff has been deposed, and written discovery has been exchanged. A motion for an expedited trial setting was filed in the Louisiana State Court, but the case was removed prior to a hearing on Plaintiff's motion. Dispositive motions filed by several defendants were set for hearing and timely opposed by Plaintiff; however, these motions have been stayed pending the resolution of this conditional transfer order. For these reasons, transfer to the Eastern District of Pennsylvania will only serve to delay the parties in proceeding to trial in the Eastern District of Louisiana.

II     The Unique Set of Defendants in this Case Leaves the Court With Little to "Coordinate".

Unlike asbestos suits of yesteryear, with their myriad of identical defendants and common products liability causes of action, plaintiff brought his suit against mostly stevedore employers, contractors and two insurers of a bankrupt shipping line. This is not a case involving the typical asbestos manufacturers and suppliers. For these reasons, this case bears little relation to "typical" asbestos litigation (or products liability actions in general) capable of being managed by a global-type case management order or shared or coordinated discovery efforts. Judicial efficiency will best be served by allowing this case to proceed to trial in the Eastern District of Louisiana.

4

III      Justice Will Be Best Served By Vacating the Conditional Transfer Order

The undersigned recognizes that a delay in judicial proceedings is not considered prejudicial *per se*.  Nonetheless, the Plaintiff here is seventy-four years old and is dying of malignant mesothelioma.  In July 2008 Clarence Wren's treating physician opined that he may not live past January 2009.  It is imperative that Plaintiff be alive for the adjudication of his claims. Transfer of this case to the MDL-875 would cause unnecessary delay and may result in plaintiff's death before this case is even transferred back to the Eastern District of Louisiana. Therefore, the interest of justice is best served by vacating the conditional transfer order and allowing this case to proceed to trial in the Eastern District of Louisiana.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court vacate the Conditional Transfer Order and allow this matter to proceed to trial in a timely manner in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**MARTZELL & BICKFORD, A.P.C.**

**SCOTT R. BICKFORD T.A. (#1165)**
**SPENCER R. DOODY (#27795)**
**NEIL F. NAZARETH (#28969)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

5

## NOTICE

A copy of this Motion to Vacate the Conditional Transfer Order and brief in support thereof and related documents have been served by regular mail on counsel of record for all represented parties and upon all unrepresented parties to the above captioned action this 6th day of February, 2009.

        **NEIL F. NAZARETH**
        Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel on the panel service list attached hereto by placing same in the United States Mail, properly addressed and postage prepaid on this 6th day of February 2009.

        **NEIL F. NAZARETH**

F:\Clients\WREN, CLARENCE\Pleadings MDL\Motion to Vacate and Brief in Support of Opp. to Transfer.wpd

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS PLEADING APPLIES TO:

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CLARENCE SCOTT WREN, SR.** | * | **CIVIL ACTION NO. 08-4204** |
| | * | |
| **VERSUS** | * | **SECTION "C"** |
| | * | |
| **COOPER/T. SMITH** | * | **MAGISTRATE (5)** |
| **STEVEDORING, INC., ET. AL** | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the foregoing;

IT IS HEREBY ORDERED THAT, the Conditional Transfer Order (CTO-259) be vacated

and this matter shall not be transferred to the Eastern District of Pennsylvania, MDL 875.

Signed this _____ day of _____ 2009 in _____, ____.


_____
U.S. District Court Judge

F:\Clients\WREN, CLARENCE\Pleadings MDL\Motion to Vacate and Brief in Support of Opp. to Transfer.wpd

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

FEB 10 2009

FILED
CLERK'S OFFICE

I hereby certify that I have served a copy of the above and foregoing pleading on all counsel on the panel service list attached hereto by placing same in the United States Mail, properly addressed and postage prepaid on this the _6th_ day of February 2009.

NEIL F. NAZARETH

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Walter McDonald, et al. v. Crowley Maritime Corp., et al., E.D. Louisiana,
      C.A. No. 2:08-4203
Clarence Scott Wren, Sr. v. Cooper/T. Smith Stevedoring, Inc., et al., E.D. Louisiana,
      C.A. No. 2:08-4204

Francis P. Accardo
PUGH ACCARDO HAAS
 & RADECKER LLC
1100 Poydras Street
Energy Centre, Suite 2000
New Orleans, LA 70163-2000

Stephen C. Aertker, Jr.
HUVAL VEAZEY FELDER
AERTKER & RENEGAR LLC
532 E. Boston Street
Covington, LA 70433

Jerald L. Album
REICH MEEKS & TREADWAY
Two Lakeway Center, Suite 1000
3850 N. Causeway Blvd.
Metairie, LA 70002

Peter G. Angelos
LAW OFFICES OF
 PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

B. Ralph Bailey
LAW OFFICE OF B RALPH
BAILEY
660 - 3 N. Beau Chene Drive
Mandeville, LA 70471

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Wilton Ellwood Bland, III
MOULEDOUX BLAND LEGRAND
& BRACKETT
One Shell Square
701 Poydras Street
Suite 4250
New Orleans, LA 70139-4250

John A. Bolles
PHELPS DUNBAR LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Alan Guy Brackett
MOULEDOUX BLAND LEGRAND
& BRACKETT
4250 One Shell Square
701 Poydras Street
New Orleans, LA 70139-4250

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Traci Marie Castille
FRANKE & SALLOUM PLLC
2605 14th Street
P.O. Drawer 460
Gulfport, MS 39502

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kenneth Joseph Gelpi, Jr.
MONTGOMERY BARNETT ET AL
1100 Poydras Street
Suite 3200
New Orleans, LA 70163-3200

Charles V. Giordano
HEBBLER & GIORDANO
3636 S. I-10 Service Road West
Suite 300
Metairie, LA 70001

Stephen Porter Hall
PHELPS DUNBAR LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Timothy P. Hurley
MAGINNIS & HURLEY
Canal Place One
365 Canal Street
Suite 2750
New Orleans, LA 70130

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

**MDL No. 875 - Panel Service List (Excerpted from CTO-318 (Continued)**

Susan B. Kohn
SIMON PERAGINE SMITH
& REDFEARN LLP
Energy Centre, Suite 3000
1100 Poydras Street
New Orleans, LA 70163-3000

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Gary Allen Lee
LEE FUTRELL & PERLES LLP
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170-4120

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Neil F. Nazareth
MARTZELL & BICKFORD
338 Lafayette Street
New Orleans, LA 70130

John K. Nieset
CHRISTOVICH & KEARNEY LLP
601 Poydras Street
Suite 2300
New Orleans, LA 70130-6078

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Patricia Cowen Penton
LEE FUTRELL & PERLES LLP
201 St. Charles Avenue
Suite 4120
New Orleans, LA 70170-4120

Lawrence G. Pugh, III
PUGH ACCARDO HAAS
& RADECKER LLC
1100 Poydras Street
Energy Centre, Suite 2000
New Orleans, LA 70163-2000

H. Philip Radecker, Jr.
PUGH ACCARDO HAAS
& RADECKER LLC
1100 Poydras Street
Energy Centre, Suite 2000
New Orleans, LA 70163-2000

Robert Seth Reich
REICH ALBUM & PLUNKETT
Two Lakeway Center
3850 N. Causeway Blvd.
Suite 1000
Metairie, LA 70002

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Antonio J. Rodriguez
FOWLER RODRIGUEZ
400 Poydras Street
30th Floor
New Orleans, LA 70130

Mark J. Spansel
ADAMS & REESE LLP
One Shell Square, Suite 4500
701 Poydras Street
New Orleans, LA 70139

A. Wendel Stout, III
DEUTSCH KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130-3672

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Jefferson R. Tillery
JONES WALKER
Place St. Charles
5th Floor
201 St. Charles Avenue
New Orleans, LA 70170

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Williams, IV
SULZER & WILLIAMS LLC
201 Holiday Blvd.
Suite 335
Covington, LA 70433

DUKE UNIVERSITY HEALTH SYSTEM
Department of Pathology

```
Patient:   WREN,CLARENCE
MRN:    (01700)122066
DOB:    03/06/1934  AGE: 73 YRS
SEX:    MALE
DUAP ID:
Admit Dr.: ROGGLI,VICTOR
Copy to:  ROGGLI,VICTOR
```

## SURGICAL PATHOLOGY
### Box 3712 DUMC, Durham, NC 27710
### Phone: (919)681-3133 Fax: (919)684-5361

**Pathology number:  SO-07-041447**

December 26, 2007

Scott R. Bickford, Esq.
Martzell & Bickford, P.C.
338 Lafayette St.
New Orleans, LA 70130

Dear Mr. Bickford:

    I have completed studies on the materials I received regarding Mr. Clarence S. Wren (Ochsner Foundation Cytology Nos. P-04-6242, P-04-6243, P-07-16054, P-07-17403, and P-07-17627; Surgical No. S-04-6219 and S-07-1788; Duke Hospital Surgical No. SO-07-41447), and the findings and conclusions are summarized below.

    The first specimen, labeled P-04-6242, consisted of two glass slides prepared from a cytology specimen. These show quantity insufficient for diagnosis. The second specimen, labeled P-04-6243, consisted of two glass slides prepared from a cytology specimen. These show no evidence of malignancy. The third specimen, labeled S-04-6219, consisted of a single glass slide prepared from a transbronchial biopsy. This shows abundant anthracotic pigment, but no asbestos bodies and no evidence of malignancy.

    The fourth specimen, labeled P-07-16054, consisted of three glass slides prepared from a pleural fluid cytology specimen. These show atypical cells to be present. The fifth specimen, labeled P-07-17403, consisted of two glass slides prepared from a pleural fluid cytology specimen. These again show atypical cells to be present. The sixth specimen, labeled P-07-17627, consisted of two glass slides prepared from a pleural fluid cytology specimen. These also show atypical cells to be present.

    The seventh specimen, labeled S-07-1788, consisted of nine glass slides prepared from a pleural biopsy specimen. These show an epithelial malignancy forming sheets and involving the parietal pleura. Individual tumor cells are polygonal with anaplastic nuclei, occasional prominent nucleoli, and moderate eosinophilic cytoplasm. The tumor cells stain positive for calretinin with nuclear greater than cytoplasmic staining. The tumor cells stain positive for WT-1 in a nuclear distribution. The tumor cells stain positive for cytokeratins 5/6. The tumor cells stain negative for TTF-1 and p63. Positive and negative controls stain appropriately. The immunostains also show invasion

Continued on next page...

Page: 1
DATE: 12/31/07  TIME:  0702

```
Patient:   WREN,CLARENCE
MRN:    (01700)122066
Location:  APCS AP CONSULT SERVICES
```

FILE COPY

EXHIBIT
A

DUKE UNIVERSITY HEALTH SYSTEM
Department of Pathology

```
Patient:  WREN,CLARENCE
    MRN:  (01700)122066
    DOB:  03/06/1934  AGE: 73 YRS
    SEX:  MALE
DUAP ID:
Admit Dr.:  ROGGLI,VICTOR
Copy to:  ROGGLI,VICTOR
```

## SURGICAL PATHOLOGY
Box 3712 DUMC, Durham, NC 27710
Phone: (919)681-3133 Fax: (919)684-5361

**Pathology number:  SO-07-041447**

of adipose tissue by tumor cells.

The gross distribution of tumor in this case as determined by chest roentgenograms, computed tomography of the thorax, and direct observations of the surgeon at time of thoracoscopy, when combined with the histologic and immunohistochemical features of the tumor as described above, is most consistent with a malignant (diffuse) pleural mesothelioma, epithelial variant. (1) The spiculated right upper lobe mass identified radiographically in 2004 was stable on imaging studies from 2007, indicating that it is likely benign. Insufficient lung parenchyma was sampled in this case to comment upon the presence or absence of asbestosis.

Thank you for referring this case for consultation.


Sincerely,



Victor L. Roggli, MD
Professor of Pathology

REFERENCE:

1. Sporn TA, Roggli VL: Mesothelioma, Ch. 5, In: Pathology of
   Asbestos-Associated Diseases, 2nd Ed. (Roggli VL, Oury TD, Sporn TA, eds.),
   Springer: New York, 2004, pg. 104.

P.S. A bill for the slide review will be submitted separately. Slides
   returned.


VR : SEE       Verified by: Victor L. Roggli, M.D.
                     (Electronic Signature)

              Date Signed: 12/28/07

Continued on next page...

Page:  2
DATE:  12/31/07  TIME:  0702

```
Patient:   WREN,CLARENCE
    MRN:   (01700)122066
Location:  APCS AP CONSULT SERVICES
```

FILE COPY

DUKE UNIVERSITY HEALTH SYSTEM
Department of Pathology

```
Patient:    WREN,CLARENCE
   MRN:     (01700)122066
   DOB:     03/06/1934  AGE: 73 YRS
   SEX:     MALE
DUAP ID:
Admit Dr.:  ROGGLI,VICTOR
Copy to:    ROGGLI,VICTOR
```

# SURGICAL PATHOLOGY REPORT
Box 3712 DUMC, Durham, NC 27710
Phone: (919)681-3133 Fax: (919)684-5361

Collection Date: 12/26/07
Accession Date: 12/26/07                **Pathology Number:  SO-07-041447**

---

**Clinical History:**
      Not provided.

                                                              : SEE

**Gross Examination:**
      Not provided.

                                                              : SEE

**Microscopic Examination:**
      Microscopic examination is performed.

                                                              : SEE

## DIAGNOSIS:
      SEE ATTACHED LETTER


      I certify that I personally conducted the diagnostic evaluation of the above
      specimen(s) and have rendered the above diagnosis(es).

                  Victor L. Roggli, M.D.

                  Electronically signed: 12/28/07


** END OF REPORT **

Page: 3
DATE: 12/31/07  TIME: 0702

```
Patient:    WREN,CLARENCE
   MRN:     (01700)122066
Location:   APCS AP CONSULT SERVICES
```

**FILE COPY**

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF _Orleans_

    I, Dr. Zoe L. Larned, have been caring for and treating Clarence Wren for Malignant Pleural

Mesothelioma since June, 2007.

    Malignant Pleural Mesothelioma is a cancer of the lining of the lung for which there is no

cure.  This is a very rare diagnosis for which treatment options are few.  Based on my knowledge of

the disease, Mr. Wren may not survive beyond six (6) months of the date of this affidavit, but this

is dependent on his treatment response.

                                      Zoe L. Larned, M.D.

SWORN TO AND SUBSCRIBED

BEFORE ME,  this  _11th_

day of _July_ , 2008.

_____
NOTARY PUBLIC

F:\Clients\WREN, CLARENCE\Affidavit of Dr. Zoe Larned.wpd

SCOTT R. BICKFORD
Notary Public LSBA #1165
State of Louisiana
My Commission is Issued For Life

EXHIBIT
B

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 08- 943          DIVISION "" 5          SECTION "" 7

CLARENCE SCOTT WREN, SR.

**VERSUS**

COOPER/T. SMITH STEVEDORING, INC., CROWLEY MARINE SERVICES, INC.;
PORTS AMERICA GULFPORT, INC.; SSA GULF TERMINALS, INC.;
WATERMAN STEAMSHIP CORPORATION; DIXIE MACHINE
WELDING & METAL WORKS, INC.; EAGLE, INC.; and
SANK, INC., Individually and as Successor to BUCK KREIHS COMPANY, INC.,
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, JAMES J. FLANAGAN
SHIPPING CORPORATION, LTD., and HARTFORD ACCIDENT AND INDEMNITY
COMPANY

FILED: _____          _____
                                                    **DEPUTY CLERK**

## ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, comes Petitioner, **CLARENCE SCOTT WREN, SR.**, hereinafter referred to as "Petitioner," a lawful resident of the State of Louisiana, who for a cause of action respectfully represents the following:

1.

Made Defendant, **COOPER/T. SMITH STEVEDORING, INC.** (f/k/a T. Smith & Son, Inc. and Cooper Stevedoring Company, Inc.) (hereinafter **"Employer Defendant"** or **"Cooper/T. Smith"**) is a Louisiana corporation licensed to do business and/or is doing business in the State of Louisiana.

2.

Made Defendant, **CROWLEY MARINE SERVICES, INC.**, (f/k/a Delta Steamship Lines, Inc.) (hereinafter **"Employer Defendant"**) is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

3.

Made Defendant, **PORTS AMERICA GULFPORT, INC.**, (f/k/a Atlantic & Gulf Stevedores, Inc.), (hereinafter **"Employer Defendant"**), is a Louisiana corporation licensed to do business and/or is doing business in the State of Louisiana.



4.

Made Defendant, **SSA GULF TERMINALS, INC.** (f/k/a Ryan-Walsh, Inc., Ryan-Walsh Stevedoring Company, Inc., and Ryan Stevedoring Company, Inc.) (hereinafter "**Employer Defendant**" or "**Ryan-Walsh**") is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

5.

Made Defendant, **JAMES J. FLANAGAN SHIPPING CORPORATION, LTD,** (hereinafter "**Employer Defendant**" or "**Flanagan**"), is Texas Corporation that at all times pertinent was authorized to do and was doing business in Louisiana and that is subject to this Court's jurisdiction pursuant to La. R.S. 13:3201.

6.

Made Defendant, **WATERMAN STEAMSHIP CORPORATION,** (hereinafter "**Waterman**"), is a foreign corporation licensed to do business and/or is doing business in the State of Louisiana.

7.

Made Defendant, **DIXIE MACHINE WELDING & METAL WORKS, INC.** (hereinafter "**Asbestos Contractor**"), is a corporation organized under the laws of the State of Louisiana which for all times pertinent hereto was doing business within the jurisdiction of this court.

8.

Made Defendant, **EAGLE, INC.** (f/k/a Eagle Asbestos & Packing Company) (hereinafter "**Asbestos Contractor**"), is a corporation organized under the laws of the State of Louisiana which for all times pertinent hereto was doing business within the jurisdiction of this court.

9.

Made Defendant, **SANK, INC., Individually and as Successor to Buck Kreihs Company, Inc.,** (hereinafter "**Asbestos Contractor**"), is a corporation organized under the laws of the State of Louisiana which for all times pertinent hereto was doing business within the jurisdiction of this court.

10.

Made Defendant is **HARTFORD ACCIDENT AND INDEMNITY COMPANY**

2

("Hartford"), a foreign corporation licensed to do and doing business in the State of Louisiana, and at all times pertinent hereto a general liability carrier covering Lykes Brothers Steamship Company ("Lykes") for Lykes' liability as asserted herein, which is amenable to suit pursuant to the Louisiana Direct Action Statute.

11.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY**, is also made defendant as insurer of James Bernstein, Solon Turman, John Ohman, James Amos, Captain George Price, Captain Darnell and Captain Waring who, upon information and belief, were executive officers of Lykes Brothers Steamship Company ("Lykes") at all pertinent times.   James Bernstein and Solon Turman are deceased. John Ohman, James Amos and Captains George Price, Darnell and Waring are believed to be alive but their whereabouts are unknown.  Therefore, the plaintiff cannot request service and they cannot be served.  The plaintiff has made reasonable and diligent efforts to locate them but has not been successful.  The plaintiff is entitled to sue Hartford Accident and Indemnity Company, as their insurer, under the Louisiana Direct Action Statute, Louisiana Revised Statute 22:622,  for the negligence of its insureds, Lykes and/or the executive officers of Lykes.

13(a)

During Clarence Wren's employment with Lykes Bros. Steamship Co., Inc. from approximately 1960 through 1976, James Bernstein and John Ohman were Port Engineers, Solon Truman and James Amos were the Presidents of Lykes for the New Orleans office and Captains George Price, Darnell and Waring were safety officers. They all were responsible for protecting the safety of Lykes' employees, including Clarence Wren.

12.

Made defendant herein, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** (hereinafter "Lloyd's"), a foreign corporation licensed to do and doing business in the State of Louisiana, and at all times pertinent hereto issued to Lykes Brothers Steamship Company policies of insurance underwritten by Economic Insurance Company Limited; Fine Art & General Insurance Company Limited; National Provincial Insurance Company Limited; The Edinburgh Assurance Company and British Law Insurance Company.  Lloyd's are foreign insurers authorized to do and doing business in the Parish of Orleans and the State of Louisiana.  In 1968, Lloyd's issued policies of excess insurance to Lykes Brothers Steamship Company and its executive officers, including

3

those executive officers named herein.  Lloyd's policies of insurance issued to Lykes provide

coverage for the claims asserted by the plaintiff herein.  The plaintiff is entitled to sue Lloyd's, as

insurer for Lykes and/or Lykes executive officers, under the Louisiana Direct Action Statute,

Louisiana Revised Statute 22:622, for the negligence of its insureds, Lykes and/or the executive

officers of Lykes.

13.

Many of the aforesaid Defendants listed are non-resident corporations in Louisiana.

However, at all times material were doing business in Louisiana, made contracts with residents of

this State, committed torts in this state against residents of this state, from which acts this suit arises,

and such acts subject these Defendants to service of process pursuant to the Louisiana long-arm

statute.

14.

<u>JURISDICTION AND VENUE</u>

This Court has jurisdiction and venue because defendants, Waterman Steamship Corporation,

Eagle, Inc., and Sank, Inc., are all corporations whose principal businesses are established in Orleans

Parish, State of Louisiana. Moreover, the instant cause involves disputes between some defendants

who are domiciled in Louisiana and Petitioner who resides in Louisiana.

15.

Petitioner's action against Defendants is properly maintainable in the parish of suit for the

following reasons:

- a) Many of the Employer and Asbestos Contractor Defendants are foreign corporations;

- b) Presently, many of these same Defendants have agents or representatives conducting their business in a regular and permanent form in Orleans Parish; and

- c) Petitioner's exposure to and injury from asbestos occurred, in substantial part, while he was present in this parish.

- d) Several of the Defendants have their principal place of business in Orleans Parish, State of Louisiana and have done so during all times pertinent hereto.

16.

<u>FACTS</u>

Petitioner realleges and reasserts all previous allegations, and further states that:

4

17.

Petitioner, **Clarence Wren, Sr.**, was a longshoreman from approximately 1967 to 1988, inclusive, who was employed by various shipping and stevedoring companies including, but not limited to, the Employer Defendants, and worked upon vessels owned and operated by Waterman, Lykes and others while these vessels were undergoing stevedoring operations in the Port of New Orleans.

18.

Petitioner, **Clarence Wren, Sr.**, while engaged in his various duties as a longshoreman in the Port of New Orleans from approximately 1967 to 1988 was exposed to substantial quantities of asbestos fibers and asbestos dust and debris during the unloading and loading of asbestos cargoes containing raw asbestos fiber and asbestos-containing products. While engaged in his duties, Petitioner was also exposed to asbestos fibers from asbestos-containing insulation products, including cements, block insulation and pipe coverings, while he and others were working aboard vessels in the Port of New Orleans as longshoremen when other craftsmen including insulators, pipefitters, welders and crew members of the vessel were making repairs to heating insulation and boiler insulation: applying and removing insulation pads, boiler lagging, boiler jackets, and disassembling boiler feed pumps; and especially by working and breathing air that contained asbestos fragments, fibers and dust. And even when not handling the dangerous materials himself, Petitioner was nevertheless exposed to dangerous materials and especially the dust and fibers that were caused by the other workers in the areas where the Petitioner was working causing him to sustain a by-stander exposure to asbestos. As a result, Petitioner sustained a continuous, substantial exposure to asbestos throughout his career as a longshoreman.

19.

As a proximate result of the negligent failure of the **Defendants** as alleged above, Clarence Wren was diagnosed as suffering from mesothelioma on or about July 2, 2007.

20.

### COUNT ONE
### LIABILITY OF EMPLOYER DEFENDANTS

Petitioner realleges and reasserts all previous allegations, and further states that:

5

21.

That the cause of Petitioner, **Clarence Wren, Sr.'s**, mesothelioma was his substantial exposure to asbestos and asbestos-containing products while employed by COOPER/T. SMITH STEVEDORING, INC.; CROWLEY MARINE SERVICES, INC.; PORTS AMERICA GULFPORT, INC.; SSA GULF TERMINALS, INC.; JAMES J. FLANAGAN SHIPPING CORPORATION, LTD., and LYKES BROTHERS STEAMSHIP COMPANY from approximately 1967 to 1988, inclusive.

22.

That the **Employer Defendants** were aware or should have been aware of the dangerous condition presented by exposure to asbestos and that Petitioner, **Clarence Wren, Sr.**, would suffer from an injury as a result of this exposure.

23.

**Employer Defendants** had the responsibility of providing **Clarence Wren, Sr.** with a safe place to work and safety equipment with which to conduct his work.  However, they negligently failed to carry out these duties, and failed to protect and/or inform **Clarence Wren, Sr.** from the

24.

The causative exposures leading to Petitioner's mesothelioma all occurred before 1976.  At that time, there was no legal immunity provided to employers under the workmen compensation statutes of Louisiana for a suit in tort for the disease pleural mesothelioma.  Hence, pursuance to Clara Provosty, et al. vs. Ashland Oil, Inc., et al 684 So.2d 1156 (La App. 1st. Cir, 1997), writ denied, 690 So.2d 37 (La. 1997), this Court has subject matter jurisdiction over this matter.

25.

In addition to the foregoing acts of negligence, **Employer Defendants** made the following acts and/or omissions:

a)  Failing to reveal and knowingly concealing critical medical information to **Clarence Wren, Sr.**

b)  Failing to reveal and knowingly concealing the inherent dangers of handling asbestos cargos, and other harmful substances in the stevedoring process;

c)  Failing to reveal and knowingly concealing the inherent dangers in the use of or being around others using asbestos, and other harmful substances during stevedoring

operations or while working on the wharves and vessels during the normal and foreseeable course of **Clarence Wren, Sr.'s** employment;

d)   Failing to provide necessary protection to **Clarence Wren, Sr.;**

e)   Failing to provide clean, respirable air and proper ventilation;

f)   Failing to provide necessary showers and special clothing;

g)   Failing to warn employees and their family members of the risks associated with direct and by-stander exposure to asbestos;

h)   Other acts which may be revealed at the trial of this matter.

26.

For all times pertinent, **Employer Defendants** had the *garde* of the asbestos and asbestos containing products to which Petitioner, **Clarence Wren, Sr.,** was exposed to and is thereby strictly liable pursuant to Louisiana Code Article 2317.

27.

For all times pertinent, **Employer Defendants** knew or should have known that exposing Petitioner, **Clarence Wren, Sr.,** to asbestos would cause injury and despite that knowledge did not provide proper protection and or warnings to Petitioner for which **Employer Defendants** are liable pursuant to Louisiana Civil Code 2315.

28.

**COUNT TWO**
**LIABILITY OF ASBESTOS CONTRACTOR DEFENDANTS**

Petitioner realleges and reasserts all previous allegations, and further states that:

29.

That **DIXIE MACHINE WELDING & METAL WORKS, INC.;  EAGLE, INC.; and SANK, INC., Individually and as Successor to Buck Kreihs Company, Inc.** (hereinafter known as "Asbestos Contractor Defendants"), each and individually, sold, distributed, installed, removed and/or supplied asbestos and asbestos-containing product(s) which were used on or removed from vessels owned or operated by **WATERMAN, LYKES** and others.  Petitioner was exposed to these products, the dust from which he inhaled, causing his mesothelioma.

30.

That Asbestos Contractor Defendants are liable to Petitioner as professional vendors of asbestos-containing products and, as such, because of their size, volume of business and

7

merchandising practices, knew or should have known of the defects of the asbestos products they

sold, installed and removed and negligently failed to warn the users or by-standers of potential health

hazards from the use of said products.

31.

That, for all times pertinent, Petitioner was employed as a Longshoreman and worked in

close proximity to the Asbestos Contractor Defendants' employees, agents and/or representatives

and was exposed to asbestos and asbestos products that Defendants supplied, installed or removed

from the vessels where he was performing his normal job duties as a longshoreman.

32.

That the Asbestos Contractor Defendants and their employees, agents and representatives had

contracts or subcontracts with the Waterman, Lykes and others to provide repairs and maintenance

services on their vessels which services included the maintenance, removal, installation and repair

of boilers, heat piping systems and machinery aboard the vessels.

33.

That during the performance of their duties aboard these vessels while in the Port of New

Orleans, the Asbestos Contractor Defendants removed, installed or repaired asbestos-containing

materials which created a hazardous environment to others working aboard the ship including

Petitioner, without warning others working in the area of the health hazards nor taking any measures

to protect them from the hazardous conditions.

34.

That the Asbestos Contractor Defendants, each and individually, are liable to Petitioner

because they knew or should have known that the asbestos products which they sold, supplied,

installed and removed were unreasonably dangerous in normal use and their failure to communicate

said information rendered them negligent to Petitioner and such negligence was the cause of

Petitioner' mesothelioma.

35.

**COUNT THREE**
**LIABILITY OF WATERMAN AND LYKES**

Petitioner realleges and reasserts all previous allegations, and further states that:

8

36.

WATERMAN STEAMSHIP CORPORATION is liable for their *garde* over the asbestos and asbestos-containing products used on their ships to which Petitioner was exposed over the course of his employment as a Longshoreman as described above.

HARTFORD and LLOYD'S are liable to Petitioner as general liability carrier, of Lykes for Lykes' actions as hereinabove described and as insurer for Lykes' executive officers, as described above.

37

Petitioner's injuries are cumulative, indivisible injury for which each Defendant is jointly, severally and in solido liable.

38

## DAMAGES

As a cause of the fault of the Defendants, and each of them, and their acts of negligence as hereinabove alleged, and because of the harm and injury to Petitioner's health and the resulting disability there from, Petitioner has developed malignant mesothelioma.

39.

As a proximate result of Defendants' fault, Petitioner incurred and continues to incur medical expenses due to the need to hire, consult and retain physicians to attempt to treat his asbestos-related condition, the amount of which cannot be set forth at this time and he will require further medical treatment in the future thereby incurring expenses which cannot be set forth at this time.

40.

By reason of the facts hereinabove alleged, Petitioner suffered and sustained at the hands of the Defendants, the following other damages:

Physical pain and suffering; (past and future);

Mental pain and suffering; (past and future).

41.

## INTEREST

Petitioner submits that he is entitled to recovery of pre-judgment interest with respect to damages sustained prior to judgment in this matter, such pre-judgment interest to be calculated at the appropriate prevailing rate.

WHEREFORE, Petitioner prays for judgment against Defendants, COOPER/T. SMITH STEVEDORING, INC., CROWLEY MARINE SERVICES, INC., PORTS AMERICA GULFPORT, INC., SSA GULF TERMINALS, INC., JAMES J FLANAGAN SHIPPING CORPORATION, LTD, WATERMAN STEAMSHIP CORPORATION, DIXIE MACHINE WELDING and METAL WORKS, INC., EAGLE, INC., and SANK, INC., Individually and as Successor to BUCK KREIHS COMPANY, INC.,   HARTFORD ACCIDENT AND INDEMNITY COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON and each of them be cited to appear and answer herein as the law directs, and that upon final hearing hereof, Petitioner recovers of and from the Defendants and each of them, jointly and/or severally or *in solido*, for his damages as alleged in a sum above the minimum jurisdiction of this Court for general and special damages, together with his costs and disbursements herein, and interest on said judgment from the date thereof until paid at the prevailing interest rate, and for such other and further relief, special and general, at law and in equity, to which Petitioner may be entitled.

Respectfully submitted,

**MARTZELL & BICKFORD**

_(signature)_

**SCOTT R. BICKFORD TA (1165)**
**NEIL F. NAZARETH (28969)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 - facsimile

**ATTORNEYS FOR PETITIONER**

<u>PLEASE SERVE:</u>

COOPER/T.SMITH STEVEDORING COMPANY, INC.
Through its agent for service of process
C.T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

CROWLEY MARINE SERVICES, INC.
Through its agent for service of process
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802

10

**PORTS AMERICA GULFPORT, INC.**
Through its agent for service of process
C.T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

**SSA GULF TERMINALS, INC.**
Through its agent for service of process
C.T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

**WATERMAN STEAMSHIP CORPORATION**
Through its agent for service of process
William H. Hines
201 St. Charles Avenue, 50th Floor
New Orleans, LA 70170

**DIXIE MACHINE, WELDING & METAL WORKS, INC.**
Through its agent for service of process
Vicki H. Kihnemann
5801 Citrus Blvd.
Harahan, LA 70123

**EAGLE, INC.**
Through its agent for service of process
Susan B. Kohn, Esq.
1100 Poydras Street
30th Floor
New Orleans, LA 70163

**SANK, INC., Individually and as Successor to Buck Kreihs Company, Inc.**
Through its agent for service of process
Michael Tonguis
2225 Tchoupitoulas Street
New Orleans, LA 70130

**JAMES J. FLANAGAN SHIPPING CORPORATION, LTD.**
Through its agent for service of process
Henry Flanagan
4904 Warehouse Rd.
New Orleans, LA 70115

**HARTFORD ACCIDENT AND INDEMNITY COMPANY**
Through its agent for service of process
John K. Nieset, Esq.
Christovich & Kearney, LLP
Pan American Life Center
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON**
Through its agent for service of process
Stephen P. Hall
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130-6536
F:\Clients\WREN, CLARENCE\Pleadings\Petition Original.wpd

11

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                          DIVISION ""                          SECTION ""

CLARENCE WREN

VERSUS

P & O PORTS GULFPORT, INC.

FILED: _____        _____

                                                    DEPUTY CLERK

### PLAINTIFF'S CONSOLIDATED RESPONSES TO THE DISCOVERY REQUESTS OF ALL DEFENDANTS TO ALL PLAINTIFFS IN ALL ASBESTOS-RELATED, PERSONAL INJURY AND DEATH CASES

TO:   ALL DEFENDANTS, by and through their counsel of record.

NOW INTO COURT, appearing herein by and through undersigned counsel of record, comes Plaintiff, **CLARENCE WREN**, who submits his Consolidated Responses to all Defendants' Discovery Requests propounded on behalf of all Defendants pursuant to the Louisiana Code of Civil Procedure.

### GENERAL OBJECTION

Petitioner objects, and therefore declines to respond, to each interrogatory and request for production to the extent it seeks discovery regarding confidential matters, trial preparation information, and/or matters immune from discovery by virtue of the attorney-client privilege, the work product doctrine, or any other such privilege or doctrine recognized under the Louisiana Code of Civil Procedure.  Furthermore, the interrogatories and request for production are presented in a way that would not allow responses because the wording is overly broad, vague and ambiguous.

### PLAINTIFF'S RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1

Please state the name and address of each person who participated in the answers to these interrogatories or who furnished any information used in the preparation of these answered to interrogatories.



**ANSWER TO INTERROGATORY NO. 1**

Plaintiff answered these interrogatories with the assistance of counsel.

**INTERROGATORY NO. 2**

Please state the following:

a)  Your full name and all other names by which you have been known (including any nicknames).

b)  The date and place of birth.

c)  Your present home address.

d)  In chronological order, the addresses where you have lived in the past 20 (twenty) years, and the inclusive dates of your residence at each location.

e)  Your present occupation and business address:

f)  Your Social Security Number.

g)  Your drivers' license number, the state in which it was issued, the date of issuance, and the expiration date.

**ANSWER TO INTERROGATORY NO. 2**

a)  Clarence Wren "Bulldog"

b)  DOB: 03/06/1934

c)  Address: 2806 Sundorn Street, Jefferson, LA 70121

d)  n/a

e)  Retired

f)  SSN: 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

g)  LA: 002104514; 10/6/2005, expiration 3/6/2010

**INTERROGATORY NO. 3**

If you are currently married, state your spouse's name, the date of your marriage, and the name and address of your spouse's employer.

With respect to any and all prior spouses, if any, state:

a.  The name of your former spouse and the date of the marriage.

b.  The date of the dissolution of the marriage or the death of spouse.

**ANSWER TO INTERROGATORY NO. 3.**

a.  Dorothy Christine Bates, October 1951

2

b.    Deceased 02/2003

## INTERROGATORY NO. 4

State the present name, age, date of birth, and address of each of your children, and of any

person, who in any way is financially dependent upon you for support, including, but not limited to,

parents, in-laws, relatives, or other people; and for each person, state the extent to which each person

is dependent upon you for financial support.

## ANSWER TO INTERROGATORY NO. 4

**Diane Salisbury**
17401 Bottle Springs Lane
Leander, TX 78641
Not dependent

**Yvonne Davis**
1321 Timberforest Drive
Westwego, LA 70094
DOB: 01/14/1956
Not dependent

**Matthew Wren, Sr.**
5182 Sycamore Drive
Jackson, MS 39212
Not dependent

**Joyce Wren**
1720 Jutland Drive
Marrero, LA 70072
DOB: 10/30/1954
Not dependent

**Alice Faye Baptiste**
919 Ft. Daniel
Leander, TX
Not dependent

**Clarence Wren, Jr.**
3513 Oregon
Eureka, CA 95503
Not dependent

**Delphine Wren**
1326 Farragut Streeet
Algiers, LA 70114
DOB: 08/15/1959
Not dependent

## INTERROGATORY NO. 5

State the names and addresses of all schools that you have attended, the dates attended, the

type of schools attended, and with respect to each, the highest grade reached, and the degree or

certificate obtained, if any.

3

**ANSWER TO INTERROGATORY NO. 5**

Plaintiff completed the 8th grade at Liberty Rosenwall in Liberty, MS.

**INTERROGATORY NO. 6**

If you have ever been arrested, charged, or convicted of a felony, please state the date, location of the incident, and the result of each such arrest, charge or conviction.

**ANSWER TO INTERROGATORY NO. 6**

Objection. Defendant is not entitled to information concerning arrests and charges in as much as said information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7**

If you have ever served in any capacity in the military service, please give the dates, your rank, service number, and branch of service; type of discharge; and the type of disability and/or pension you have received or are receiving, if any.

**ANSWER TO INTERROGATORY NO. 7**

Not applicable.

**INTERROGATORY NO. 8**

If you have ever filed a claim or received payment for disability from the Veterans's Administration, state the basis for your claim, when the claim was filed, the disposition of the claim, the amount of payment you received, and the basis for such payment.

**ANSWER TO INTERROGATORY NO. 8**

Not applicable.

**INTERROGATORY NO. 9**

If you have ever been self-employed, state the dates of such employment, the type of work you performed, and the name of your business.

**ANSWER TO INTERROGATORY NO. 9**

Wren's Transportation, truck driver

**INTERROGATORY NO. 10**

If you have ever been a member of a union, please state:

4

a)      The name of each union to which you have belonged; the number and address of each

local of which you have been a member; and the dates you belonged to each union

and local.

b)      Whether you were an officer, director, and/or business agent of any union, and if so,

describe all positions held in any unions, and the periods during which you held such

positions.

c)      Whether you were ever a member of the International Association of Heat and Frost

Insulators and Asbestos Workers ("the Asbestos Workers' Union");

d)      Whether you ever received the Asbestos Workers' magazine from the Asbestos

Workers' Union, and if so, state whether you ever read the green sheets.

## ANSWER TO INTERROGATORY NO. 10

Plaintiff was a member of the ILA Local 3000 and Local 270 with Jahnke Laborers in New

Orleans.

## INTERROGATORY NO. 11

State your income and the source of your income for each of the last five years.  If your

spouse is or has been employed, please state his/her income for the last five years.

## ANSWER TO INTERROGATORY NO. 11

Plaintiff's social security printout has been ordered and will be supplemented upon receipt.

Additionally, Plaintiff will provide Defendant with an authorization to obtain same upon reasonable

request.

## INTERROGATORY NO. 12

a)      If you are presently employed, state the name and address of your employer, your job

classification, rate of pay, and the type of work you are presently performing.  If you

are not presently employed, give the same information as to you last employment,

together with the reasons why you are no longer employed.  Please state the same

information with respect to your spouse.

b)      If you have lost any time from work because of any physical ailment, state how much

time has been lost from work during the last five years and the disability that has

caused you to lose time from work.

**ANSWER TO INTERROGATORY NO. 12**

Plaintiff is retired

**INTERROGATORY NO. 13**

a)   If you have ever received any accidental bodily injury, state the nature and extent of injury.

b)   If you have ever been a party to any claim or lawsuit for bodily injury, give the caption of the lawsuit, the date on which the suit was filed, the name and address of your attorney, and the ultimate disposition of the claim or lawsuit.

**ANSWER TO INTERROGATORY NO. 13**

Not applicable. However, investigation is continuing and Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 14**

If you have ever filed a claim for worker's compensation, please give the following information with respect to each such claim:

a)   The name of the employer, date of claim, and claim file number;

b)   A description of the injury made the basis of the claim;

c)   The amount of money paid to you for the claim;

d)   If any lawsuit has been filed on the worker's compensation claim, the caption of the case, case number, and the court in which the case was filed;

e)   The name and address of any physician or chiropractor who has tested, treated, or examined you in connection with this claim;

f)   If you were hospitalized in connection with the claim, provide the name and address of the hospital, the length of your stay, and your primary physician during the hospitalization.

**ANSWER TO INTERROGATORY NO. 14**

Not applicable. However, investigation is continuing and Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 15**

Describe in detail your employment history, including:

a)   The name and address of each employer;

b)   The dates during which you worked for each employer;

c)   The location and description of each job site where you were employed, and the dates during which you worked at each such job site;

d)   The name and last known address of your immediate supervisor and co-workers at each job site where you are claiming exposure to asbestos;

e)   Your wage rate and hours worked in an average week for each job site where you claim you were exposed to asbestos;

f)   Your job duties, craft, and titles for each job site where you were employed and claim exposure to asbestos-containing products;

g)   The reason your employment with each employer listed was terminated;

h)   Each job site and the dates during which you claim to have been exposed to asbestos;

i)   Each asbestos product to which you were exposed, including the name of the manufacturer, the trade name of the product, and the description of the product.

j)   When, where, and whether you worked with and/or around each asbestos product identified above;

k)   Whether you were exposed to any dust, fumes, or gases, and if so, what were you exposed to and at what jobs.

**ANSWER TO INTERROGATORY NO. 15**

Plaintiff's social security earnings statements, which is attached hereto, is the best source of the names of his employers and the dates of employment. However, Plaintiff recalls the following:

1.  a)   Jahnke Services, New Orleans, LA
    b)   Plaintiff worked off and on from approximately 1952-1970. Further, Plaintiff reserves the right to supplement and amend this response.
    c)   Please see response to a, above. Please see response to a, above. Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.
    d)   Plaintiff does not recall at this time, but reserves the right to supplement and amend this response
    e)   Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.
    f)   Plaintiff worked as a cement worker
    g)   Better opportunity
    h)   Please see responses to a, b, and c, above
    i)   Plaintiff came in contact with asbestos-containing materials while making cement pipes at the facility on Jefferson Highway. As discovery is ongoing, plaintiff reserves the right to supplement this response.
    j)   Please see responses to b and c, above

7

k)  Asbestos dust.  Investigation is continuing and Plaintiff reserves the right to supplement and amend this response.

2.  a)  Gulf Stevedore Corporation; P.O. Box 50; Mobile, AL 36601
    b)  Plaintiff worked off and on from approximately 1970-1987.  Further, Plaintiff reserves the right to supplement and amend this response.
    c)  Please see response to a, above.  Please see response to a, above.  Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.
    d)  Plaintiff does not recall at this time, but reserves the right to supplement and amend this response
    e)  Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.
    f)  Plaintiff worked as a longshoreman
    g)  Better opportunity
    h)  Please see responses to a, b, and c, above
    i)  Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans.  Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel.  Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos.  As discovery is ongoing, plaintiff reserves the right to supplement this response.
    j)  Please see responses to b and c, above
    k)  Asbestos dust.  Investigation is continuing and Plaintiff reserves the right to supplement and amend this response.

3.  a)  Lykes Corporation; P.O. Box 22554; Dallas, TX 75222
    b)  Plaintiff worked off and on from approximately 1970-1987.  Further, Plaintiff reserves the right to supplement and amend this response.
    c)  Please see response to a, above.  Please see response to a, above.  Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.
    d)  Plaintiff does not recall at this time, but reserves the right to supplement and amend this response.
    e)  Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.
    f)  Plaintiff worked as a longshoreman.
    g)  Better opportunity
    h)  Please see responses to a, b, and c, above
    i)  Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans.  Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel.  Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos.  As discovery is ongoing, plaintiff reserves the right to supplement this response.
    j)  Please see responses to b and c, above
    k)  Investigation is continuing and Plaintiff reserves the right to supplement and amend this response.

4.   a)   Cooper-T Smith Stevedoring Corporation; P.O. Box 1566; Mobile, AL 36633-1566

      b)   Plaintiff worked off and on from approximately 1970-1987. Further, Plaintiff reserves the right to supplement and amend this response.

      c)   Please see response to a, above. Please see response to a, above. Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.

      d)   Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

      e)   Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.

      f)   Plaintiff worked as a longshoreman.

      g)   Better opportunity

      h)   Please see responses to a, b, and c, above

      i)   Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans. Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel. Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos. As discovery is ongoing, plaintiff reserves the right to supplement this response.

      j)   Please see responses to b and c, above

      k)   Asbestos Dust. Investigation is continuing and Plaintiff reserves the right to supplement and amend this response.

5.   a)   P & O Ports Gulfport, Incorporated
Gulfport, MS

      b)   Plaintiff worked off and on from approximately 1970-1987. Further, Plaintiff reserves the right to supplement and amend this response.

      c)   Please see response to a, above. Please see response to a, above. Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.

      d)   Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

      e)   Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.

      f)   Plaintiff was a longshoreman

      g)   Better opportunity

      h)   Please see responses to a, b, and c, above

      i)   Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans. Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel. Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos. As discovery is ongoing, plaintiff reserves the right to supplement this response.

      j)   Please see responses to b and c, above

      k)   Asbestos Dust. Investigation is continuing and Plaintiff reserves the right to supplement and amend this response.

6.   a)   Strachan Shipping Company; P.O. Box 3147, Savannah, GA 31402-3147

      b)   Plaintiff worked off and on from approximately 1970-1987. Further, Plaintiff reserves the right to supplement and amend this response.

c)    Please see response to a, above.  Please see response to a, above.  Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.

d)    Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

e)    Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.

f)    Plaintiff worked as a longshoreman.

g)    Better opportunity

h)    Please see responses to a, b, and c, above

i)    Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans.  Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel.   Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos.  As discovery is ongoing, plaintiff reserves the right to supplement this response.

j)    Please see responses to b and c, above

k)    Asbestos dust.  Plaintiff reserves the right to supplement and amend this response.

7.    a)    Cooper Stevedoring of Louisiana, Inc.; P.O. Box 1566, Mobile, AL 36601

b)    Plaintiff worked off and on from approximately 1970-1987. Further, Plaintiff reserves the right to supplement and amend this response.

c)    Please see response to a, above.  Please see response to a, above.  Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.

d)    Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

e)    Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.

f)    Plaintiff worked as a longshoreman.

g)    Better opportunity

h)    Please see responses to a, b, and c, above

i)    Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans.  Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel.   Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos.  As discovery is ongoing, plaintiff reserves the right to supplement this response.

j)    Please see responses to b and c, above

k)    Asbestos dust.  Plaintiff reserves the right to supplement and amend this response.

8.    a)    Dixie Stevedores, Inc.; 540 International Trade Mart; New Orleans, LA 70130

b)    Plaintiff worked off and on from approximately 1970-1987. Further, Plaintiff reserves the right to supplement and amend this response.

c)    Please see response to a, above.  Please see response to a, above.  Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.

10

d)    Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

e)    Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.

f)    Plaintiff worked as a longshoreman.

g)    Better opportunity

h)    Please see responses to a, b, and c, above

i)    Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans. Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel. Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos. As discovery is ongoing, plaintiff reserves the right to supplement this response.

j)    Please see responses to b and c, above

k)    Asbestos dust. Plaintiff reserves the right to supplement and amend this response.

9.    a)    Mid-Gulf Stevedores, Inc.; P.O. Box 53366; New Orleans, LA 70153

b)    Plaintiff worked off and on from approximately 1970-1987. Further, Plaintiff reserves the right to supplement and amend this response.

c)    Please see response to a, above. Please see response to a, above. Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.

d)    Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

e)    Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.

f)    Plaintiff worked as a longshoreman.

g)    Better opportunity

h)    Please see responses to a, b, and c, above

i)    Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans. Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel. Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos. As discovery is ongoing, plaintiff reserves the right to supplement this response.

j)    Please see responses to b and c, above

k)    Asbestos dust. Plaintiff reserves the right to supplement and amend this response.

10.    a)    James Stevedores, Inc.; 701 SE 24th St.; Fort Lauderdale, FL 33316

b)    Plaintiff worked off and on from approximately 1970-1987. Further, Plaintiff reserves the right to supplement and amend this response.

c)    Please see response to a, above. Please see response to a, above. Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.

d)    Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

e)    Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.

f)    Plaintiff worked as a longshoreman.

g)    Better opportunity

h)    Please see responses to a, b, and c, above

i)    Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans. Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel. Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos. As discovery is ongoing, plaintiff reserves the right to supplement this response.

j)    Please see responses to b and c, above

k)    Asbestos dust. Plaintiff reserves the right to supplement and amend this response.

11.    a)    Ryan-Walsh Gulf, Inc., Stevedoring Services of America; P.O. Box 24368; Houston, TX 77229

b)    Plaintiff worked off and on from approximately 1970-1987. Further, Plaintiff reserves the right to supplement and amend this response.

c)    Please see response to a, above. Please see response to a, above. Plaintiff worked at the various wharfs up and down the Riverfront including, but not limited to Napoleon Street, Nashville Ave., Louisiana Street and Jackson Ave.

d)    Plaintiff does not recall at this time, but reserves the right to supplement and amend this response

e)    Plaintiff's Social Security Printout has been ordered and will be supplemented upon receipt.

f)    Plaintiff worked as a longshoreman.

g)    Better opportunity

h)    Please see responses to a, b, and c, above

i)    Plaintiff came in contact with asbestos-containing materials while working aboard vessels from which general cargos were being unloaded at the Port of New Orleans. Plaintiff had an opportunity to board vessels while the cargo was being loaded and unloaded at the port and during which time asbestos-containing insulation products being used aboard ship contaminated the vessel. Furthermore, shore gangs came aboard the vessels and did maintenance and repair work while the longshoremen were loading and unloading cargos. As discovery is ongoing, plaintiff reserves the right to supplement this response.

j)    Please see responses to b and c, above

k)    Asbestos dust. Plaintiff reserves the right to supplement and amend this response.

Discovery is ongoing and Plaintiff will seasonably supplement and amend as additional information becomes available.

**INTERROGATORY NO. 16**

a)    State the name, last known address (business or home), relationship to you, present occupation, of each witness that has any knowledge of the facts relevant to this lawsuit, including those person who have knowledge of any time that you may have been exposed to any products that may have contained asbestos.

b)      As to each individual listed above, describe the jobsite at which they worked, their

occupation at each jobsite, the asbestos-containing products they can identify at each such

jobsite, and whether they worked with Plaintiff at each such jobsite.

## ANSWER TO INTERROGATORY NO. 16

Plaintiff recalls working with Andrew Tobias, Luther Fagan, Isaiah Randall, Major White,

George Tillman, Edward Jackson, Jake Lagousa, Walter Jackson, Mervin Carbo, Benny Singleton.

Further, investigation is ongoing and Plaintiff will seasonably supplement and amend as additional

information becomes available.

## INTERROGATORY NO. 17

If you have any direct evidence of invoices from suppliers for any purchases or products

containing asbestos from any or all of the Defendants, which products were used on job sites where

you worked, identify the document by name of supplier, date of invoice, name of purchaser, and

place of delivery.

## ANSWER TO INTERROGATORY NO. 17

Port import documents show shipments of tons of asbestos coming into the Port of New

Orleans.  Further, discovery is ongoing and Plaintiff will seasonably supplement and amend this

response. Indexes of relevant documents will be provided at a later date when additional information

becomes available.

## INTERROGATORY NO. 18

a)      When did you first experience any problems with your respiratory health, lungs, or

breathing?

b)      Describe in layman's language what your physical complaints were at the time you

first experienced such problems.

c)      If the physical complaints and symptoms of which you now complain are different

from those you first experienced, as described above, please describe your present

complaints and symptoms, and state when you first experienced these complaints.

d)      Identify each physician who has advised you that you had any of the following, and

when you were so advised;

1)      Chronic obstructive lung disease;

2)      Emphysema;

13

3)    Pneumoconiosis;

4)    Asbestosis; or

5)    Any other lung condition that the physician indicated was related to the exposure of asbestos-containing products.

## ANSWER TO INTERROGATORY NO. 18

Plaintiff was diagnosed as suffering from mesothelioma on or about July, 26, 2007. Please see medical records attached hereto. Plaintiffs master file which contains plaintiffs medical records is available for inspection and copying at Martzell and Bickford.

## INTERROGATORY NO. 19

Excluding the information provided in response to Interrogatory No. 18 above, please state the name and address of each physician who has examined or treated you, or to whom you have gone for any reason during your lifetime, the reason you consulted each physician, the dates and type of any treatment received

## ANSWER TO INTERROGATORY NO. 19

Ochsner Clinic
1516 Jefferson Hwy.
New Orleans, LA 70121
Mesothelioma

Dr. Zoe Larned
Ochsner Clinic
1516 Jefferson Hwy.
New Orleans, LA 70121

Dr. Braddock Burns
Ochsner Clinic
1516 Jefferson Hwy.
New Orleans, LA 70121

Dr. Gene Perrino
Ochsner Clinic
1516 Jefferson Hwy.
New Orleans, LA 70121

Dr. Christine Johnson
Ochsner Clinic
1516 Jefferson Hwy.
New Orleans, LA 70121

Further, plaintiff reserves the right to seasonably supplement and amend as additional information becomes available.

**INTERROGATORY NO. 20**

Please state the name and address of any hospital or clinic in which you were examined, had tests or x-rays performed, received outpatient carte, or were hospitalized during your lifetime, the dates and reasons for each examination, testing, hospitalization, or treatment.

**ANSWER TO INTERROGATORY NO. 20**

Ochsner Clinic
1516 Jefferson Hwy.
New Orleans, LA 70121
Mesothelioma

**INTERROGATORY NO. 21**

If you have ever smoked, state when you started smoking, what type of tobacco product you smoked, how long have you smoked, how much have you smoked of each type of tobacco product, whether a physician ever advised you to stop smoking, and if so, who and when, and state if applicable, the reasons you stopped smoking.

**ANSWER TO INTERROGATORY NO. 21**

Plaintiff started smoking when he was 17 averaging 1 pack a day until he quit in 1988.

**INTERROGATORY NO. 22**

If you have ever been examined through a company or union screening program for lung or respiratory disease, give the dates, place and details of your examination, and the name of the company or union sponsoring the program.

**ANSWER TO INTERROGATORY NO. 22**

Plaintiff does not recall at this time, and he reserves the right to supplement this response at a later date.

**INTERROGATORY NO. 23**

a)      How and under what circumstances did you learn that asbestos could be harmful to your health?

b)      When did you first believe that the lung problems or breathing problems complained of might have been related to asbestos-containing products?

c)      When were you first told, and by whom, that any lung problems or breathing problems complained of might have been related to asbestos-containing products?

15

**ANSWER TO INTERROGATORY NO. 23**

Plaintiff was not aware that he had an asbestos-related disease until he was diagnosed with mesothelioma in July, 2007.

**INTERROGATORY NO. 24**

    a)    Identify all expert witnesses who have been consulted in connection with this action, even if they may not be called to testify at trial, if their opinion has been reviewed by a testifying expert.

    b)    State the impressions and opinions held by and the facts known by any consulting expert identified above.

    c)    Identify all documents and tangible things, including reports, prepared by or relied on by any consulting expert identified above.

**ANSWER TO INTERROGATORY NO. 24**

Plaintiff objects based on the fact that defendants are not entitled to attorney-work product and evidence concerning consulting experts.

**INTERROGATORY NO. 25**

    a)    Identify each expert witness who may be called as a witness to testify at trial.

    b)    State the impressions and opinions held by and the facts known by any expert identified above.

    c)    Identify all documents and tangible things, including reports, prepared by or relied on by any expert identified above.

**ANSWER TO INTERROGATORY NO. 25**

Plaintiff may call the following experts to testify at trial:

    1.    Frank Parker
            Caliche, Ltd.
            200 Brantley Lane
            Magnolia, TX 77355

Mr. Parker is an expert industrial hygienist who may testify concerning the petitioner's occupational exposure to asbestos. He may also testify concerning the asbestos dust levels which petitioner was exposed due during the course and scope of his employment. He may also testify concerning the amount of asbestos that is necessary to produce the various diseases associated with

inhalation of asbestos dust and fiber including, but not limited to, asbestosis, lung cancer and mesothelioma.

> 2.   Dr. William Longo
> Mr. Richard Hatfield
> MAS, Inc.
> 3945 Lakefield Court
> Suwanee, GA 30024

Dr. Longo and Mr. Hatfield are experts in material analysis. They may testify concerning the physical and chemical composition of the various asbestos-containing products manufactured by the defendants in this case including pipe covering, block, gaskets, wallboard and cloth. Drs. Longo and Hatfield may testify concerning the friability and characteristics of the various asbestos-containing products manufactured by the defendants. They may also testify concerning the various methods for measurement of asbestos dust and government standards for asbestos dust. Additionally, their testimony may include information and opinions concerning the tindel effect and the quantity of asbestos that is released in the ambient atmosphere through the installation and repair of asbestos-containing products and the effects of ventilation on asbestos dust.

> 3.   Dr. Richard A. Lemen, Ph.D. - Expert
> Department of Environmental and Occupational Health
> Emory University
> 6555 Sugarloaf Parkway
> Suite 307, PMB 181
> Duluth, Georgia 30097

Dr. Lemen is an industrial hygienist and public health and occupational disease expert who may testify live or by deposition that:

(1)   The defendants knew or should have known historically that asbestos inhalation could cause asbestosis, lung cancer, mesothelioma, and other asbestos-related diseases.

(2)   Dr. Lemen may also testify that a person exposed to asbestos is at a higher risk than the normal individual to develop some form of cancer. Dr. Lemen may also testify that it is his opinion that ten years after the cessation of cigarette smoking the risk of lung cancer attributable to smoking is almost nil. He may also testify that only 8% - 12% of those who smoke cigarettes in heavy quantities will ever suffer any form of lung cancer. The basis of this opinion is founded on recent statistics filed by the National Cancer Institute, the United States Public Service, and Herbert Seidemann and others.

Furthermore, Dr. Lemen may testify concerning the following:

Between the years 1898 and 1930, the medical community gradually became aware of a fibrotic lung disease which, in 1927, actually received the name asbestosis. It is Dr. Lemen's opinion that by 1930 there was a general acceptance that exposure to asbestos was linked to a serious lung disease. This disease was caused by the inhalation of asbestos dust in quantities sufficient to cause scarring in the lungs. If the scarring was serious enough, it could be incapacitating and/or fatal.

The first cancer cases which were reported in association with asbestos exposure appeared in 1934. Over the next two decades, there were a series of articles published associating asbestos exposure and lung cancer. It is Dr. Lemen's opinion that, by 1949, there was a causal relationship established between asbestos exposure and cancer.

There was considerable debate, from the 1930's through the 1950's, as to whether mesothelioma was just a lung cancer or a special disease. It was known by several names, sometimes called pleural cancer, other times called endothelioma or mesothelioma. It is Dr. Lemen's opinion that the medical community associated the cause of mesothelioma with asbestos exposure perhaps as early as 1949 and that a consensus certainly formed no later than 1960.

Dr. Lemen may also testify as to significant pieces of medical literature and studies which have related asbestos to health risks. Dr. Lemen bases his opinion in part upon those articles noted in his bibliography and, more specifically, the following:

Annual report of the chief inspector of factories for the year 1898. HMSO, 1899, Part II, Reports, pp. 171-172.

Murray, H.M., "Report of the Departmental Committee on Compensation for Industrial Disease, Minutes of Evidence Appendices and Index, 3495-3496, London: Wyman and Sone (1907).

Pancoast, H.K., Miller, T.G., Landis, H.R.M., "A Roentgenologic Study of the Effects of Dust Inhalation upon the Lungs," Trans. Assoc. Amer. Phys. 32:97-108 (1917).

Cooke, W.E., "Pulmonary asbestosis," Br. Med.J., 2:1024-1025 (1927).

Cooke, W.E. and Hill, C.F., "Pneumoconiosis due to asbestos dust," J. Royal Micr. Soc., 47:232-238, 1927, (reported in Br. Med. J., 1:890-891, 1927; cites in JAMA, 89:304, 1927).

Merewether, E.R.A., and Price, C.W., "Reports of the Effect of Asbestos Dust on the Lungs and Dust Suppression in the Asbestos Industry," pp. 5-34, London: HMSO (1930).

Merewether, E.R.A., "A memorandum on asbestosis," Tubercle: 15:69-81, 109-118, 152-159, (1933, 1934).

Wood, W.B. and Gloyne, S.R.,. "Pulmonary asbestosis: a review of one hundred cases," Lancet, 2:1383-1385 (1934).

Lynch, K.M. and Smith, W.A., "Pulmonary asbestosis. III: carcinoma of lung in asbestos-silicosis," Am. J. Cancer, 24:56-64 (1935).

Nordmann, M., "Der Berufskrebs der Asbestarbeiter," Z. Krebsforsch., 47:288-302 (1938).

Vorwald, A.J. and Karr, J.W., "Pneumoconiosis and pulmonary carcinoma," Am. J. Path., 14:49-57 (1938).

Hueper, W.C., Occupational tumors and allied diseases. Springfield, Ill: Chas. C. Thomas, 1942, pp. 399-405.

Hueper, W.C., "Cancer in its relation to occupation and environment," Bull. Am. Soc. Control of Cancer, 25:63-69 (1943).

"Case records of the Massachusetts General Hospital. Case 33111,"NEJM, 236:407-412 (1947).

Annual report of the chief inspector of factories for the year 1947. London: HMSO: 1949, pp. 78-81.

Doll, R., "Mortality from lung cancer in asbestos workers," Br. J. Ind. Med., 12:81-86 (1955).

Wagner, J.C., et al "Diffuse pleural mesothelioma and asbestos exposure in the North Western Cape Province," Brit. J. Industr. Med, 17:260-271 (1960).

Wagner, J.C., "Epidemiology of diffuse mesotheliomal tumors: evidence of an association from studies in South Africa and the United Kingdom," Ann. N.Y. Acad. Sci., 132:575-578 (1965).

This is the general nature of the possible testimony of Dr. Lemen. However, he will not limit any testimony to the specific articles above and may utilize certain other documents in conjunction with his testimony such as other medical articles, trade association journals and corporate documents. His testimony will be directed to issues concerning the asbestos manufacturers and suppliers.

4.    Dr. Arnold Brody
       Tulane Medical School
       1430 Tulane Avenue
       SL 79
       New Orleans, LA 70112

Dr. Brody may identify asbestos fiber and bodies by mineralogic classification. He may testify as to the general medical issues concerning the development, cause, and the diagnosis of mesothelioma, lung cancer, and/or other asbestos-related diseases. He may also testify about his research and opinions on the different types of asbestos, their propensity to cause disease and his

19

opinions on the quantity and quality of asbestos to cause disease.  Additionally, Dr. Brody may

testify with regard to his research and writing with regard to asbestos and related diseases.

> 5.    Barry I. Castleman, S.C.D. - Expert
>        2412 Pickwick Rd.
>        Gwynn Oak, MD 21207

Barry Castleman, an environmental consultant with a doctor of science degree from John

Hopkins University, has extensively research the issues of the asbestos industry's knowledge of

asbestos-related diseases and the corporate response to the knowledge of the health hazards

caused by asbestos exposure.

Dr. Castleman is expected to testify about the knowledge of the defendants regarding the

effects of inhalation of asbestos fibers  based upon the literature, other publications, and

corporate documents.  Additionally, Dr. Castleman may testify concerning the matters set forth in

his deposition provided in the John T. Hannon, et al versus Waterman Steamship Corp., et al; in

the United States District Court for the Eastern District of Louisiana; C.A. 80-1175 "E"(2) which

is available for inspection and copying at Martzell & Bickford. See also Dr. Castleman's book

entitled Asbestos: Medical and Legal Aspects, 4th Edition 1996, and any supplements, Aspen law

or business publishing.

6.    Any and all health care providers named herein above or in medical records of

Plaintiff.

7.    Any and all experts listed by any other party to this litigation.

In light of the fact that discovery is ongoing, Defendant reserves the right to seasonably

supplement and amend the foregoing interrogatory.

## INTERROGATORY NO. 26

If this is a wrongful death or survival action, please state:

a)    The date of death.

b)    Whether the deceased had a Last Will and Testament and whether any

administration has been had on the decedent's estate.

## ANSWER TO INTERROGATORY NO. 26.

Not applicable.

**INTERROGATORY NO. 27**

      If Plaintiff has entered into any settlement agreement, or received any monies from a named Defendant or any third party to this action, please state:

      a)      The name of the party or person with whom Plaintiff as entered into any settlement agreement.

      b)      The date and terms of the agreement.

      c)      The amount of money received by Plaintiff from each person or party.

**ANSWER TO INTERROGATORY NO. 27**

      Objection, Defendant is not entitled to the information requested regarding settlements without a court order in light of confidentiality agreements regarding same.  Plaintiff further objects on the grounds that the information requested is not likely to lead to the discovery of admissible evidence.  However, not withstanding this objection, plaintiff responds that he has not entered into any settlements at this time.

**INTERROGATORY NO. 28**

      State when, (including the month, date and year), you first contacted an attorney for the purpose of obtaining professional legal services regarding your alleged asbestos exposure, and the date of any agreement to provide you with legal services regarding same.

**ANSWER TO INTERROGATORY NO. 28**

      Objection, Defendant is not entitled to information which is the subject of attorney-client privilege.

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**

      The reports of all expert witnesses whom Plaintiff may call at the trial of this case, and all documents reviewed by any such expert in connection with this matter.

**RESPONSE TO REQUEST NO. 1**

      Discovery is just beginning and Plaintiff reserves the right to supplement and amend.

**REQUEST FOR PRODUCTION NO. 2**

All photographs, films, movies, or video recordings that depict or purport to depict anything relevant to any of the matters at issue in this case, including any of the matters alleged in your complaint or petition.

**RESPONSE TO REQUEST NO. 2**

None at this time but Plaintiff reserves the right to seasonably supplement and amend.

**REQUEST FOR PRODUCTION NO. 3**

All documents reflecting any claims or settlements made by you in connection with any asbestos-related injury or disease that you sustained.

**RESPONSE TO REQUEST NO. 3**

Objection, defendant is not entitled to the information requested regarding settlements with out a court order in light of confidentiality agreements regarding same.  Plaintiff further objects on the grounds that the information requested is not likely to lead to the discovery of admissible evidence.  However, out of an abundance of caution and without waiving the foregoing objection, plaintiff responds that he has not entered into any settlements with respect to his asbestos claim.

**REQUEST FOR PRODUCTION NO. 4**

All documents (including, but not limited to, notes, calendars, diaries, or like materials) prepared or kept by you and all documents made by you in connection with (a) any exposure to asbestos or asbestos-containing materials; (b) any conduct of the Defendants with respect to asbestos or asbestos-containing products; (c) any asbestos-related injury, disease, or treatment (including mesothelioma); or (d) any elements of actual damages resulting from your claimed asbestos-related injury.

**RESPONSE TO REQUEST NO. 4**

None known at this time.  Discovery is ongoing and plaintiffs reserve the right to supplement as more information becomes available.

**REQUEST FOR PRODUCTION NO. 5**

All documents that Plaintiff may seek to introduce into evidence at trial.  This request includes, but is not limited to, (a) documents related to the use of asbestos or asbestos-containing products; (b) documents related to safety precautions in connection with asbestos or asbestos-

containing products; and documents related to the medical risks associated with asbestos or asbestos-containing products.

**RESPONSE TO REQUEST NO. 5**

Discovery is ongoing and plaintiffs reserve the right to supplement this interrogatory as more information becomes available.

**REQUEST FOR PRODUCTION NO. 6**

In all wrongful death cases, copies of the Decedent's death certificate, autopsy report and autopsy protocol.

**RESPONSE TO REQUEST NO. 6**

Not applicable.

**REQUEST FOR PRODUCTION NO. 7**

All copies of your medical records, including specifically any medical records relating to any respiratory, breathing, or lung related injury or illness (including, but not limited to, asbestosis, mesothelioma, emphysema, asthma, bronchitis, lung cancer and chronic obstructive pulmonary disease).

**RESPONSE TO REQUEST NO. 7**

Please see diagnosing medical reports, attached hereto. As medical records are requested they will be made available for inspection and copying at the law offices of Martzell and Bickford. Additionally, Plaintiff will execute appropriate medical releases so that defendants may obtain copies of medical records. These authorizations must be provider specific. Discovery is ongoing and Plaintiff reserves the right to supplement this request.

**REQUEST FOR PRODUCTION NO. 8**

All x-rays and pathology materials of any kind of the Plaintiff or Decedent.

**RESPONSE TO REQUEST NO. 8**

X-rays and pathology are either in the possession of Plaintiff's counsel or the applicable medical providers. As such, X-rays and pathology, if applicable, will be made available upon arrangement between counsel.

**REQUEST FOR PRODUCTION NO. 9**

All documents, including sales receipts and invoices, that support your claim that you were exposed to asbestos-containing products manufactured, distributed or sold by any Defendants.

**RESPONSE TO REQUEST NO. 9**

None at this time.  However, discovery is ongoing and plaintiffs reserve the right to supplement as more information becomes available.

**REQUEST FOR PRODUCTION NO. 10**

All materials provided to each consulting expert identified in response to Interrogatory No. 24(a) and copies of all materials prepared by such consulting experts.

**RESPONSE TO REQUEST NO. 10**

Objection, Defendant is not entitled to attorney work product or any information relative to consulting experts.

**REQUEST FOR PRODUCTION NO. 11**

All other documents identified in response to any of the attached interrogatories.

**RESPONSE TO REQUEST NO. 11**

As discovery is ongoing, Plaintiff reserves the right to supplement as more information becomes available.

**REQUEST FOR PRODUCTION NO. 12**

Please complete and sign all authorization forms attached hereto as Exhibits A through H and return a compete set of originals within five (5) days of signing to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Plaintiff will sign authorizations which are directed to specific health care providers, employers, and/or other entities which prohibit verbal communication and require that undersigned counsel be provided with copies of documents released pursuant to the request.

Respectfully submitted,

**MARTZELL & BICKFORD**

_[signature]_

**SCOTT R. BICKFORD, #1165**
**NEIL NAZARETH #28969**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been sent to counsel for all

parties by delivery of same by Hand Delivery, Facsimile Transmission, or by placing a copy of

same in the United States Mail, postage prepaid, and properly addressed, this ___28th___ day of

___January___ , 2008

_[signature]_

**NEIL NAZARETH**

F:\Clients\WREN, CLARENCE\Discovery\Master Discovery.wpd

25

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 08-943                    DIVISION "E"                    SECTION "7"

CLARENCE WREN, SR.

VERSUS

P & O PORTS GULFPORT, INC.

FILED: _____          _____
                                                        DEPUTY CLERK

<u>MOTION FOR EXPEDITED TRIAL SETTING</u>

Petitioner, Clarence Wren, respectfully moves this Honorable Court to set the above matter for a trial on merits with a jury pursuant to La. Code Civ. Pro. Art. 1573. Article 1573 provides that "the Court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interest of justice will be served by granting such preference."

In the instant matter, Petitioner, Clarence Wren, suffers from mesothelioma, a terminal cancer of the lung. According to the testimony of his treating physician, Mr. Wren may not survive beyond January 11, 2009, due to his condition. Please see affidavit of Dr. Zoe Larned attached hereto as Exibit A. Further, Petitioner is over the age of seventy.

Based on the foregoing Petitioner respectfully requests that his case be set on an expedited basis.

Respectfully submitted,

MARTZELL & BICKFORD

_____
SCOTT R. BICKFORD T.A.(#1165)
NEIL F. NAZARETH (#28969)
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065
(504) 581-7635 Fax



EXHIBIT
E

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been sent to counsel for all parties by delivery of same by Hand Delivery, Facsimile Transmission, or by placing a copy of same in the United States Mail, postage prepaid, and properly addressed, this 21st day of July, 2008.

_____

**NEIL F. NAZARETH**

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 08-943                **DIVISION "E"**                SECTION "7"

**CLARENCE WREN, SR.**

**VERSUS**

**P & O PORTS GULFPORT, INC.**

FILED: _____   _____

                                                 **DEPUTY CLERK**

**ORDER**

    **CONSIDERING** the foregoing;

    **IT IS HEREBY ORDERED** that on the _____ day of _____, 200___,

counsel appear before the Court at _____o'clock _____.m. to set a date upon which this

matter may be set for trial on the merits.

    New Orleans, Louisiana this _____, day of _____, 2008.


_____

**HONORABLE  MADELEINE  M.  LANDREIU**

F:\Clients\WREN, CLARENCE\Pleadings\Motion for expedited Trial.wpd

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF** _Orleans_

     I, Dr. Zoe L. Larned, have been caring for and treating Clarence Wren for Malignant Pleural

Mesothelioma since June, 2007.

     Malignant Pleural Mesothelioma is a cancer of the lining of the lung for which there is no

cure.  This is a very rare diagnosis for which treatment options are few.  Based on my knowledge of

the disease, Mr. Wren may not survive beyond six (6) months of the date of this affidavit, but this

is dependent on his treatment response.

                                 _____
                                   Zoe L. Larned, M.D.

SWORN TO AND SUBSCRIBED

BEFORE ME,  this  _11th_

day of _July_ , 2008.

_____
NOTARY PUBLIC

F:\Clients\WREN, CLARENCE\Affidavit of Dr. Zoe Larned.wpd

             **SCOTT R. BICKFORD**
          Notary Public LSBA #1165
             State of Louisiana
       My Commission is Issued For Life

**EXHIBIT**

_A_
_____

**Civil District Court for the Parish of Orleans**
**STATE OF LOUISIANA**

No.   2008 - 00943

Section:   07 - E

WREN, CLARENCE SCOTT SR.
versus
COOPER/T. SMITH STEVEDORING, INC.     ET AL

Date Case Filed:   1/28/2008

**NOTICE OF PRETRIAL CONFERENCE**

TO:

Neil F Nazareth Esq          28969
338 Lafayette St.
New Orleans          LA 70130

MOTION PROCESSED AND HELD FOR RUNNER.  ADDITONAL NOTICE CREATED AND EMAILED TO JUDY
FRANZ.
PER DISCUSSION WITH MR. NAZARETH, SERVICE WILL BE EFFECTED BY HIS OFFICE VIA MAIL.

PLEASE TAKE NOTICE: The above numbered and entitled cause has been fixed for pretrial conference
on August 13, 2008     , at 01:00  o'clock  PM , and appears      on the Docket.

New Orleans, Louisiana.
July 23, 2008

_Paula Morlas_
MINUTE CLERK

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 08-00943                                                    DIVISION "I"

CLARENCE SCOTT WREN, SR.

VERSUS

COOPER /T. SMITH STEVEDORING, INC., ET AL

_____          _____
            FILED                              DEPUTY CLERK

### NOTICE OF FILING NOTICE OF REMOVAL
### OF INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA, LTD.

TO:    The Honorable Piper D. Griffin
       Dale N. Atkins
       Clerk of Court
       Civil District Court for the Parish of Orleans
       Room 405
       421 Loyola Avenue
       New Orleans, LA 70112

**PLEASE TAKE NOTICE** that Industrial Development Corporation of South Africa,

Ltd. has this day filed a Notice of Removal, copy of which is attached hereto, in the Office of the

Clerk of the United States District Court for the Eastern District of Louisiana.

                          RESPECTFULLY SUBMITTED:

                          _____
                          ANTONIO J. RODRIGUEZ (11375)
                          PHILIP C. BRICKMAN (25586)
                          **FOWLER RODRIGUEZ VALDES-FAULI**
                          400 Poydras St., 30th Floor
                          New Orleans, LA 70130
                          Telephone: (504) 523-2600
                          Fax: (504) 523-2705
                          Attorneys for Industrial Development Corporation
                          of South Africa, Ltd.

EXHIBIT
F

## CERTIFICATE OF SERVICE

I hereby certify that I have on this __15th__ day of __August__ 2008, served a copy of the foregoing pleading on counsel to all parties in this proceeding, by fax, e-mail or by mailing the same by United States mail, properly addressed, with first class postage prepaid:

CLARENCE SCOTT WREN, SR.,
Through his attorney of record:
Scott R. Bickford, Esq.
Neil F. Nazareth, Esq.
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

COOPER/T. SMITH STEVEDORING COMPANY, INC.
Through their attorney of record:
Roland M. Vandenweghe, Jr., Esq.
Adams & Reese
701 Poydras Street
Suite 4500
New Orleans, LA 70139

BUCK KREIHS COMPANY, INC.
Through their attorney of record:
H. Phillip Radecke, Jr., Esq.
Pugh, Accardo, Haas & Radecker
1100 Poydras Street
Suite 2000
New Orleans, LA 70163

CERTAIN UNDERWRITERS AT LLOYD'S LONDON
Through their attorney of record:
Stephen P. Hall, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130

CROWLEY MARINE
Through their attorney of record:
John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130

DIXIE MACHINE WELDING & METAL WORKS, INC.
Through their attorney of record:
Steven E. Lacoste, Esq.
Lee, Futrell & Perles, L.L.P.
136 Metairie Lawn Drive
Metairie, LA 70001

JAMES J. FLANAGAN SHIPPING CORPORATION, LTD.
Through their attorney of record:
Jeff R. Tillery, Esq.
Jones Walker
201 St. Charles Avenue
47th Floor
New Orleans, LA 70170

**PORTS AMERICA GULFPORT, INC.**
Through their attorney of record:
Wilton E. Bland, Esq.
Mouledoux, Bland, Legrant & Brackett, L.L.C.
701 Poydras Street
Suite 4250
New Orleans, LA 70139

**SANK, INC.**
Through their attorney of record:
H.P. Radecker, Jr., Esq.
Pugh, Accardo, Haas & Radecker
1100 Poydras Street
Suite 2000
New Orleans, LA 70163

**SSA GULF TERMINALS**
Through their attorney of record:
Robert E. Williams, IV, Esq.
Sulzer & Williams
201 Holiday Blvd., Suite 335
Covington, LA 70433

**WATERMAN STEAMSHIP**
Through their attorney of record:
John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**08-4204**

## I. (a) PLAINTIFFS
Third Party - Ports America Gulfport, Inc.

**DEFENDANTS**
Third Party - Industrial Development Corporation of South Africa

2008 AUG 12

**(b)** County of Residence of First Listed Plaintiff  Orleans
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**SECT. C MAG 1**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mouledoux, Bland, LeGrand & Brackett, LLC, 701 St. Charles Ave., Ste. 4250, New Orleans, LA 70139, (504)595-3000

Attorneys (If Known)
Fowler Rodriguez Valdes-Fauli, 400 Poydras St., 30th Fl., New Orleans, LA 70130 (504) 523-2600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

(nature of suit checkbox grid)

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1441
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE          DOCKET NUMBER

DATE          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA

2008 AUG 15  PH 12: 10

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLARENCE SCOTT WREN, SR. | * | CIVIL ACTION NO. 08 - 4204 |
| VERSUS | * | DIVISION "____" |
| COOPER/T. SMITH STEVEDORING, INC., ET AL | * | JUDGE   SECT. C MAG 1 |
| | * | SECTION (_____) |
| | * | MAGISTRATE JUDGE |

\*       \*       \*       \*       \*       \*       \*       \*

## NOTICE OF REMOVAL OF THIRD-PARTY DEFENDANT
## INDUSTRIAL DEVELOPMENT CORPORATION OF SOUTH AFRICA, LIMITED

Industrial Development Corporation of South Africa, Limited (hereinafter "IDC") files this Notice of Removal of Civil Action No. 2008-00943, filed in Division I in the Civil District Court for the Parish of Orleans, State of Louisiana, and in support thereof states the grounds for removal as follows:

1.

The claims by third-party plaintiff against third-party defendant IDC involve matters over which the Federal courts have jurisdiction pursuant to 28 U.S.C. §1330, and therefore are subject to removal pursuant to 28 U.S.C. §1441(d).

2.

Specifically, IDC is a political subdivision, agency or instrumentality of a foreign state, as determined by 28 U.S.C. § 1603, and as such this court has original jurisdiction over the claims herein.

3.

At all times IDC's sole shareholder has been, and is currently, the South African government.

4.

Copies of all pleadings served on IDC are attached as Exhibit 1.

5.

This Notice of Removal is timely because it has been filed within 30 days from the date service was attempted on IDC.

Industrial Development Corporation of South Africa, Limited hereby removes Civil Action No. 2008-00943, filed in Division I, Civil District Court for the Parish of Orleans, State of Louisiana, to this Court.  A copy of this notice has been sent to the Clerk for the Civil District Court, Parish of Orleans, State of Louisiana, in which this action was commenced, in accordance with 28 U.S.C. §1446(d).

RESPECTFULLY SUBMITTED:

_____
ANTONIO J. RODRIGUEZ (11375)
PHILIP C. BRICKMAN (25586)
**FOWLER RODRIGUEZ VALDES-FAULI**
400 Poydras St., 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Fax: (504) 523-2705

Page 2 of 5

Attorneys for Industrial Development Corporation
of South Africa, Limited.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this  15th  day of  August , 2008, served a copy of the

foregoing pleading on counsel to all parties in this proceeding, by fax, e-mail or by mailing the

same by United States mail, properly addressed, with first class postage prepaid.

CLARENCE SCOTT WREN, SR.,
Through his attorney of record:
Scott R. Bickford, Esq.
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

COOPER/T. SMITH STEVEDORING COMPANY, INC.
Through their attorney of record:
Roland M. Vandenweghe, Jr., Esq.
Adams & Reese
701 Poydras Street
Suite 4500
New Orleans, LA 70139

BUCK KREIHS COMPANY, INC.
Through their attorney of record:
H. Phillip Radecke, Jr., Esq.
Pugh, Accardo, Haas & Radecker
1100 Poydras Street
Suite 2000
New Orleans, LA 70163

CERTAIN UNDERWRITERS AT LLOYD'S LONDON
Through their attorney of record:
Stephen P. Hall, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130

**CROWLEY MARINE**
Through their attorney of record:
John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130

**DIXIE MACHINE WELDING & METAL WORKS, INC.**
Through their attorney of record:
Steven E. Lacoste, Esq.
Lee, Futrell & Perles, L.L.P.
136 Metairie Lawn Drive
Metairie, LA 70001

**JAMES J. FLANAGAN SHIPPING CORPORATION, LTD.**
Through their attorney of record:
Jeff R. Tillery, Esq.
Jones Walker
201 St. Charles Avenue
47th Floor
New Orleans, LA 70170

**PORTS AMERICA GULFPORT, INC.**
Through their attorney of record:
Wilton E. Bland, Esq.
Mouledoux, Bland, Legrant & Brackett, L.L.C.
701 Poydras Street
Suite 4250
New Orleans, LA 70139

**SANK, INC.**
Through their attorney of record:
H.P. Radecker, Jr., Esq.
Pugh, Accardo, Haas & Radecker
1100 Poydras Street
Suite 2000
New Orleans, LA 70163

**SSA GULF TERMINALS**
Through their attorney of record:
Robert E. Williams, IV, Esq.
Sulzer & Williams
201 Holiday Blvd., Suite 335
Covington, LA 70433

**WATERMAN STEAMSHIP**
Through their attorney of record:
John Bolles, Esq.
Phelps Dunbar
Canal Place
365 Canal Place, Suite 2000
New Orleans, LA 70130

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLARENCE SCOTT WREN, SR. | * | CIVIL ACTION NO. 08-4204 |
| | * | |
| VERSUS | * | SECTION "C" |
| | * | |
| COOPER/T. SMITH STEVEDORING, ET AL | * | MAGISTRATE (5) |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION FOR EXPEDITED SCHEDULING CONFERENCE

Plaintiff, Clarence Wren, respectfully moves this Honorable Court to set this matter for an

expedited Scheduling Conference pursuant to Federal Rule of Civil Procedure 16.  For the reasons

expressed in the attached memorandum in support, this Honorable Court should set a preliminary

scheduling conference as soon as practicable.


Respectfully submitted,

**MARTZELL & BICKFORD, A.P.C.**

/S/ Neil F. Nazareth
**SCOTT R. BICKFORD T.A. (#1165)**
**NEIL F. NAZARETH (#28969)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (facsimile)

1





## CERTIFICATE OF SERVICE

_____I hereby certify that on the 19TH day of September, 2008, I electronically filed the foregoing with the Clerk of court through the CM/ECF system which will send a notice of electronic filing to the following:

H. Philip Radecker, Jr., Esq.
John Bolles, Esq.
Susan Kohn, Esq.
John Nieset, Esq.
Rick Sulzer, Esq.
Rob Williams, Esq.
Stephen Hall, Esq.
Barbara Arras, Esq.
Phil Brickman, Esq.
Patty Penton, Esq.
Jacques Degruy, Esq.
Lance Sannino, Esq.
Roland Vandenweghe, Esq.

I further certify that I have emailed the foregoing document to all known counsel of record who are not CM/ECF participants.

/S/ Neil F. Nazareth

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLARENCE SCOTT WREN, SR. | * | CIVIL ACTION NO. 08-4204 |
| | * | |
| VERSUS | * | SECTION "C" |
| | * | |
| COOPER/T. SMITH STEVEDORING, ET AL | * | MAGISTRATE (5) |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED SCHEDULING CONFERENCE

MAY IT PLEASE THE COURT:

Plaintiff, Clarence Wren, moves for an expedited Scheduling Conference pursuant to Federal Rule of Civil Procedure 16, which provides the trial judge with wide discretion in issuing a scheduling conference date. This case was removed from Orleans Parish Civil District Court to this Court on August 15, 2008. Prior to removal, plaintiff filed a motion for expedited trial pursuant to Louisiana Code of Civil Procedure Art. 1573, which provides a plaintiff with a preferential trial setting if the plaintiff is over seventy years old or is not expected to survive beyond six months.[1] This case was removed to this Court before an expedited trial date was scheduled in the state court.

---

[1] A copy of plaintiff's motion for expedited trial is attached as Exhibit 1.

1

Mr. Wren is seventy-four years old.  He has been diagnosed with malignant, pleural mesothelioma, a terminal cancer.  His treating physician, Dr. Zoe Larned, testified by affidavit that in her expert medical opinion, Mr. Wren may not survive past January 2009.[2]  Due to Mr. Wren's advanced age and the terminal nature of his illness, the plaintiff respectfully urges this Honorable Court to exercise its discretion and set a preliminary scheduling conference for this case as soon as possible.

Respectfully submitted,

**MARTZELL & BICKFORD, A.P.C.**

/S/ Neil F. Nazareth
**SCOTT R. BICKFORD T.A. (#1165)**
**NEIL F. NAZARETH (#28969)**
**338 Lafayette Street**
**New Orleans, Louisiana 70130**
**(504) 581-9065**
**(504) 581-7635 (facsimile)**

## CERTIFICATE OF SERVICE

_____I hereby certify that on the 19TH day of September, 2008, I electronically filed the foregoing with the Clerk of court through the CM/ECF system which will send a notice of electronic filing to the following:

H. Philip Radecker, Jr., Esq.
John Bolles, Esq.
Susan Kohn, Esq.
John Nieset, Esq.
Rick Sulzer, Esq.
Rob Williams, Esq.
Stephen Hall, Esq.
Barbara Arras, Esq.

_____

[2]Dr. Larned's affidavit is attachment "A" of plaintiff's state court motion for expedited trial, already attached as Exhibit 1.

2

Phil Brickman, Esq.
Patty Penton, Esq.
Jacques Degruy, Esq.
Lance Sannino, Esq.
Roland Vandenweghe, Esq.

I further certify that I have emailed the foregoing document to all known counsel of record who are not CM/ECF participants.

/S/ Neil F. Nazareth

3

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 08-943                DIVISION "E"                SECTION "7"

CLARENCE WREN, SR.

VERSUS

P & O PORTS GULFPORT, INC.

FILED: _____        _____
                                DEPUTY CLERK

### MOTION FOR EXPEDITED TRIAL SETTING

Petitioner, Clarence Wren, respectfully moves this Honorable Court to set the above matter for a trial on merits with a jury pursuant to La. Code Civ. Pro. Art. 1573. Article 1573 provides that "the Court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interest of justice will be served by granting such preference."

In the instant matter, Petitioner, Clarence Wren, suffers from mesothelioma, a terminal cancer of the lung. According to the testimony of his treating physician, Mr. Wren may not survive beyond January 11, 2009, due to his condition. Please see affidavit of Dr. Zoe Larned attached hereto as Exibit A. Further, Petitioner is over the age of seventy.

Based on the foregoing Petitioner respectfully requests that his case be set on an expedited basis.

Respectfully submitted,

MARTZELL & BICKFORD

SCOTT R. BICKFORD T.A.(#1165)
NEIL F. NAZARETH (#28969)
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065
(504) 581-7635 Fax



EXHIBIT
1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been sent to counsel for all parties by delivery of same by Hand Delivery, Facsimile Transmission, or by placing a copy of same in the United States Mail, postage prepaid, and properly addressed, this 21st day of July, 2008.

_____

NEIL F. NAZARETH

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 08-943                          DIVISION "E"                          SECTION "7"

CLARENCE WREN, SR.

VERSUS

P & O PORTS GULFPORT, INC.

FILED: _____        _____
                                                        DEPUTY CLERK

ORDER

CONSIDERING the foregoing;

IT IS HEREBY ORDERED that on the _____ day of _____, 200__,

counsel appear before the Court at _____ o'clock _____.m. to set a date upon which this

matter may be set for trial on the merits.

New Orleans, Louisiana this _____, day of _____, 2008.


_____
HONORABLE  MADELEINE  M.  LANDREIU


F:\Clients\WREN, CLARENCE\Pleadings\Motion for expedited Trial.wpd