MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br>Civil Action No.<br>2:07-cv-04185-JAG-MCA |

PLEADING NO. 5748

### PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 318

The Plaintiff Francine Peluso opposes transfer and consolidation of <u>Francine Peluso v. Asbestos Corp, Ltd., et al.</u>, Civil Action No. 2:08-cv-5112-(PGS) (D.N.J.) to MDL-875, <u>In Re: Asbestos Products Liability Litigation</u> (No. VI). The Plaintiff respectfully moves this Panel to grant Plaintiff's Motion to Vacate Conditional Transfer Order 318. For the reasons stated in the accompanying Brief, Plaintiff maintains that these cases should not be consolidated and transferred.

OFFICIAL FILE COPY

2009 FEB 11 A 9:35
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

IMAGED FEB 12 2009

Date: 2/9/09    By:    Respectfully Submitted,

   William L. Kuzmin, Esquire

**Cohen, Placitella, and Roth, P.C.**
127 Maple Avenue
Red Bank, New Jersey 07701
Tel: 732-747-9003
Fax: 732-747-9004

*Attorney for Plaintiff Francine Peluso*

2009 FEB 10 A 10: 50
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br><br>Civil Action No. 2:08-cv-05112-PGS-ES |

**PLAINTIFF'S BRIEF IN SUPPORT OF THE MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-318)**

**I.   INTRODUCTION:**

The present action should not be transferred to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with IN RE: Asbestos Products Liability Litigation, MDL No. 875 (hereinafter referred to as "Asbestos MDL") because the questions of fact at issue in the present action are distinct from those pending in the Asbestos MDL and transfer of this case would not eliminate any duplicative discovery or conserve the resources of the parties, their counsel or the judiciary. Accordingly, Plaintiff Francine Peluso respectfully submits this brief in support of her Motion to Vacate Conditional Transfer Order 318 (hereinafter

referred to as "Motion to Vacate"). For the reasons set forth below, Plaintiff's Motion to Vacate should be granted.

## II. STATEMENT OF FACTS

A Complaint was filed with respect to the present action in the Superior Court of New Jersey, Middlesex County, on August 29, 2008 by counsel for the Plaintiff, Francine Peluso. On October 10, 2008, the deposition of Francine Peluso was conducted. At that time she testified that her father, Franklyn Snyder performed work aboard the U.S.S. Enterprise. Defendant Foster Wheeler ("FW") (hereinafter referred to as "Defendant") subsequently filed a Notice of Removal with the United States District Court, District of New Jersey on October 16, 2008. Plaintiffs subsequently filed a Motion to Remand this matter back to New Jersey Superior Court. On December 1, 2008 Defendants then filed a Motion to Stay Proceedings in New Jersey District Court Pending a Decision by the MDL. Plaintiff opposed this Motion, for essentially similar reasons that Plaintiffs now oppose the current transfer. (See Exhibit A) As of the present filing, the New Jersey District Court has yet to rule on Plaintiff's Motion to Remand.

Pursuant to 28 U.S.C. § 1407 and Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, a Conditional Transfer Order (CTO-318) was entered on November 16, 2007 by the Judicial Panel on Multidistrict Litigation ("JPML"), transferring the <u>Francine Peluso v. Asbestos Corp, Ltd., et al.</u>, Civil Action No. 2:08-cv-5112-(PGS) (D.N.J.) to MDL-875, <u>IN RE: Asbestos Products Liability Litigation</u> (No. VI), pending in the United States District Court for the Eastern District of Pennsylvania. <u>Panel Rules</u>, 199 F.R.D. 425, 435-36 (2001). On January 23, 2009, the Plaintiff filed a Notice of Opposition to this Conditional Transfer Order with the Clerk of the JPML. Pursuant to the JMPL Rule 7.4(d), Plaintiff respectfully submits the Motion to Vacate and brief in support thereof now before this Panel.

### III. ARGUMENT

#### A. THE PRESENT ACTION SHOULD NOT BE TRANSFERRED FOR CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS BECAUSE THERE ARE NO SIGINIFICANT QUESTIONS OF FACT AND TRANSFER WOULD NOT ELIMINATE DUPLICATIVE DISCOVERY, AVOID INCONSISTENT RULINGS, OR CONSERVE JUDICIAL RESOURCES

Central to the determination of whether the Panel should transfer an action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 is whether such a transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). In particular, the Multidistrict Litigation Act establishes that transfer to the MDL is proper where the transfer involves actions having one or more common questions of fact pending in different districts. See id. In determining whether to transfer an action, the Panel is to weigh the interests of all parties and consider the litigation as a whole. See, e.g., In re Stirling Homex Corp. Sec. Litig., 442 F. Supp. 547, 550 (J.P.M.L 1977). In fact, "[b]efore transfer will be ordered, the Panel must be satisfied that all of the statutory criteria have been met." In re Highway Accident Near Rockville Connecticut on December 30, 1972, 388 F. Supp. 574. 575 (J.P.M.L. 1975).

    1.    **Transfer and consolidation of the present action will neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of this action.**

The rationale for centralizing Asbestos MDL actions, *i.e.*, to convenience parties and witnesses and promote the just and efficient conduct of actions, simply does not apply to the present action as the facts are not sufficiently common to warrant inclusion of this case in the Asbestos MDL proceedings. See 28 U.S.C. § 1407. The present action arises from plaintiff's

3

father's occupational exposure to asbestos-containing products while working at the Philadelphia Shipyard and aboard various ships that were built and repaired at that facility between 1968 to 1973. The Plaintiff in the present action seeks to hold Defendant FW liable as a manufacturer of asbestos containing products that Franklin Snyder, plaintiff's father, came into contact with during his career. The present action thus derives from Plaintiff's secondary exposure to asbestos-containing products within a defined period of time. Moreover, a unique issue presents itself as to whether the Federal Officer Removal Statute ("FORS") applies to a case involving secondary exposure. Finally, the basis for Plaintiff's claim will come mostly from documents and records of the defendants themselves; records which have been previously produced in various other state litigations involving the Philadelphia Naval Yard. It is clear from the aforesaid facts that, contrary to many Asbestos MDL cases, discovery will not be difficult to conduct in the present action. This is due to the limited number of parties, witnesses, worksites and asbestos-containing products involved in the case at bar. First, the Defendant, while admitting that their products were on one ship that Mr. Snyder worked on, the U.S.S. Enterprise towards the end of his career, are not primary Defendants in the present action. Moreover, the plaintiff's exposure occurred solely in a secondary or "bystander" capacity as a result of contact with her father and doing his laundry. It follows that discovery in the present action will not involve the numerous defendants, worksites and asbestos-containing products characteristic of Asbestos MDL cases that make discovery so difficult as to require coordinated or consolidated pretrial proceedings. To the contrary, the ease at which parties will be able to conduct discovery renders coordinated or consolidated pretrial proceedings unnecessary in the present action. Therefore, transfer of the present action to the Asbestos MDL will neither serve the convenience

of the parties and witnesses nor promote the just and efficient conduct of the action. Accordingly, this Panel should grant the Plaintiff's Motion to Vacate.

> 2. **There is insufficient commonality and complexity of facts to justify transfer and consolidation of the present action.**

While Defendant FW is involved in the present action are unique to asbestos litigation and as a result, the overall case itself is somewhat factually distinct from those cases pending in the Asbestos MDL. Due to the present action's insufficient commonality and complexity of fact, pretrial proceedings in the present action are also unique to asbestos litigation and consequently, the Asbestos MDL. Therefore, coordinating or consolidating pretrial proceedings with Asbestos MDL cases will not render discovery more convenient for the parties and witnesses nor will it promote the just and efficient conduct of this action.

As such, any benefit from coordinated or consolidated pretrial proceedings with respect to defendants commonly party to Asbestos MDL cases will go unrealized in the present action. Further, any benefit from coordinated or consolidated pretrial proceedings with respect to asbestos-containing products commonly at issue in Asbestos MDL cases will also go unrealized in the present action. This is because common issues of fact simply do not predominate between the present action and those cases pending in the Asbestos MDL. See In re Westinghouse Electric Corp. Employment Discrimination Litig., 438 F. Supp. 937 (J.P.M.L. 1977) (holding non-common issues predominated and denying transfer despite universal allegations of discriminatory conduct because different types of discrimination were alleged). Thus, transfer of this case would not eliminate any duplicative discovery or conserve the resources of the parties, their counsel or the judiciary. The unique nature of the present action with respect to asbestos litigation in general renders it incapable of advancing the objectives of the Multidistrict

Litigation Act if transferred to the Asbestos MDL. As such, the present action should not be transferred and accordingly, this Panel should grant the Plaintiff's Motion to Vacate.

### 3. The present action is already proceeding in District Court for the District of New Jersey on the Defendants' volition

The present action is already proceeding in the District Court for the District of New Jersey before the Honorable Peter G. Sheridan, USDJ. A Motion to Remand this action was timely filed on or about October 31, 2008. As of this filing, a decision on that motion is still pending. In particular, the Plaintiff's Motion to Remand argues that the FORS defense as asserted by these defendants as the basis for removal does not apply to the circumstances giving rise to this case, nor for the proposition that defendants are removed from all liability simply for performing a government contract. Recent case law has defined the provisions of the FORS more narrowly, and as a result has remanded many cases that would have previously remained in the federal system. Whether the present action should be remanded is clearly an issue that must be resolved before this action may proceed in any forum. Finally, in addition to the genuine germane issue regarding the application of FORS to a non-worker which must be resolved, Plaintiff is also entitled to the provisions of New Jersey law as it pertains to asbestos as an "inherently defective" material subject to strict liability, pursuant to <u>Beshada v. Johns-Manville Corp.</u>, 90 NJ 191 (1982). <u>See</u> also <u>In Re: Asbestos Litigation</u>, 829 F.2d 1233 (3d Cir. 1987)(Recognizing the application of Beshada and declining to find such a provision contrary to the provisions of the 14th Amendment). It is therefore imperative that Plaintiff retain the ability to litigate her claims and as such, should be decided in New Jersey District Court by a judge familiar with New Jersey law. Accordingly, this Panel should grant the Plaintiff's Motion to Vacate.

## IV. CONCLUSION

For the reasons discussed herein, Plaintiff Ruth Shamir respectfully requests that the Conditional Transfer Order transferring the present action to MDL-875, <u>IN RE: Asbestos Products Liability Litigation</u> (No. VI) be vacated and that this case be remanded to the District Court for the District of New Jersey.

Dated: 2/9/09

Respectfully submitted,

By: _____
William L. Kuzmin

**Cohen, Placitella, and Roth, P.C.**
127 Maple Avenue
Red Bank, New Jersey 07701
Tel: 732-747-9003
Fax: 732-747-9004

*Attorney for Plaintiff Francine Peluso*

RECEIVED CLERK'S OFFICE 2009 FEB 10 A 10:51 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br>Civil Action No. 2:08-cv-05112-PGS-ES |

## CERTIFICATE OF SERVICE

I, Yolanda Q. Sanchez, certifies as follows:

1. I am a Paralegal with the law offices of Cohen, Placitella & Roth, P.C.

2. The original of the within Motion, together with supporting papers and Four (4) copies of same along with an disk in Adobe format, is being filed with the United States Judicial Panel on Multidistrict Litigation via UPS Overnight Mail, and are also being mailed to all counsel listed on the attached list by way of regular mail.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiffs

By: /s/ Yolanda Q. Sanchez

Date: February 9, 2009

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)  MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Francine Peluso v. Asbestos Corp., Ltd., et al., D. New Jersey, C.A. No. 2:08-5112

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Jeanine D. Clark
MARGOLIS EDELSTEIN
216 Haddon Avenue
Suite 200
Westmont, NJ 8108

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Christopher J. Keale
SEDGWICK DETERT MORAN
& ARNOLD LLP
Three Gateway Center
100 Mulberry Street - 12th Floor
Newark, NJ 07102

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

William L. Kuzmin
COHEN PLACITELLA & ROTH PC
127 Maple Avenue
Red Bank, NJ 07701

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Carolyn F. O'Connor
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
33 Washington Street
Newark, NJ 07102

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION  2009 FEB 10 A 10:50  RECEIVED CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 1 2009

FILED
CLERK'S OFFICE

EXHIBIT A

UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCINE PELUSO | : <u>**ELECTRONICALLY FILED**</u> |
| Plaintiff, | : NO. 2:08-CV-05112 (PGS) |
| vs. | : |
| ASBESTOS CORP. LTD., et als. | : |
| Defendants. | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANT FOSTER WHEELER'S MOTION TO STAY PROCEEDINGS**

## I. Introduction

The above captioned matter was filed in the Middlesex County Superior Court on August 29, 2008 alleging personal injuries as a result of the asbestos exposure suffered by Francine Peluso. Mrs. Peluso was allegedly exposed to asbestos through the work her father, Franklyn Snyder, performed at the Philadelphia Shipyard between 1960 and 1985.

During the course of her deposition on October 10, 2008, Mrs. Peluso testified that she believed her father worked on the USS Enterprise while it was docked at the Philadelphia Shipyard. However, she was unable to testify as to the type of work that he performed as well as identify the names of any manufacturers, suppliers or contractors that Franklin Snyder came into contact with during the course of his career.

On or about October 16, 2008, defendant Foster Wheeler filed a motion to remove this action to federal court under the Federal Officer Removal Statute, 28 U.S.C. sect. 1442(a)(1).

On or about October 31, 2008, plaintiff filed a Motion to Remand this action back to the Superior Court of New Jersey, Middlesex County on the basis that the FORS did not apply to the present action. In the meantime, defendant had filed a Notice of Potential Tag-Along action in order to notify the Judicial Panel on Multidistrict Litigation of this action and ask for this action to be transferred to MDL No. 875.

Plaintiff's instant Motion seeks to stay the current Motion to Remand until the JPML makes its decision on whether this case will be part of MDL No. 875. However by doing so, Defendant seeks to remove this Court's jurisdiction to remand this case as it deems warranted, pursuant to sect. 1447.

## II. LEGAL ARGUMENT

As defendant sets forth in their moving papers, this Court may stay proceedings until the JPML makes its determination on whether to transfer the matter. In making a determination as to whether to issue a stay, Courts must analyze three (3) factors, specifically (1) the judicial resources saved by avoiding duplicative litigation; (2) the hardship and inequity to the moving party; and (3) potential prejudice to the non-moving party. As set forth below, at the present time a stay is not warranted.

### A. Judicial Economy

Contrary to defendant's position a stay in this matter will not promote judicial economy. In fact, such a stay will do nothing but slow down this litigation and allow it to stagnate under MDL No. 875. Defendant seeks no other goal by moving for a stay than to remove the ability of plaintiff to be heard on the issue of remanding this case back to state court. At the present time, plaintiff's moving papers have been filed and read by this Court. Likewise, defendant's response has been filed. Numerous parties have also filed Answers.

Defendant has no basis to claim that staying this matter prior to a determination on remand will promote judicial efficiency. If anything it would promote judicial inefficiency, in that a second judge would need to review the papers already filed and make a determination as to whether remand is warranted.

At the present time, the only issue before this Court is one dealing with remand. The return date for this motion is December 15, 2008. It is quite possible that this Court will find sufficient grounds for this case to be remanded, at which point jurisdiction would be removed

5509 (S.D.N.Y. October 31, 2008)(attached as Exhibit A). Because of the growing Federal sentiment against removal of asbestos cases based on FORS, defendant seeks to stay proceedings to deprive plaintiff the opportunity to have this matter remanded. As such, prejudice to the plaintiff is a stay is granted is not a possibility, but a complete certainty.

In fact, defendant seeks to entirely disregard the fact that a motion to remand has been filed. Specifically, defendant characterizes the need for a stay as non-prejudicial to plaintiff in that the stay would only be "limited to the brief period" needed to allow the JPML to make a determination; once the decision is made the matter proceeds in the transferee District or this Court is transfer is denied. Completely ignored is the fact that a pending Motion would remove this case from the jurisdiction of this Court as well as the JPML.

Defendant states that a stay would be imposed for a "brief period" while the JPML made its decision (in the event plaintiff's motion to remand is denied). In the meantime, however, plaintiff would be left with an uncertain future while living with what is believed to be a condition which will ultimately take her life. Even if the JPML decided to transfer this case, aspects could be undertaken that would allow plaintiff to proceed with her case against other defendants and may see a resolution to those claims. Denying her the opportunity to do so in a timely manner, specifically before her cancer takes her life, severely prejudices her and makes a stay unwarranted.

Due to the extreme nature of the prejudice that would befall plaintiff, defendant's motion must be denied.

### C. Defendant Will Not be Prejudiced

Defendant Foster Wheeler claims prejudice will arise if the stay is not granted. Defendant claims that not imposing a stay will cause "duplicative pre-trial activity" that the

MDL was designed to prevent. While, upon its inception it was designed to streamline asbestos cases, quite the opposite has happened. Cases languish in the MDL for years without a resolution. Moreover, upon information and belief, discovery is to be completed in the MDL No. 875 cases by February of 2009. Imposing a stay while this matter was transferred, if that is ultimately the case, severely prejudices plaintiff. On the other hand, defendant is currently involved in hundreds, if not thousands, of asbestos cases. Regardless of whether this matter is in the Eastern District of Pennsylvania, or remains in the District of New Jersey the fact of the matter is that federal rules govern this litigation. Any further discovery that takes place will need to be conducted, regardless of where this matter is venued. Additionally, as previously stated, any expense that could be incurred by defendant should be minimized given the fact that extensive discovery has already taken place in asbestos cases where this defendant is a party, both on the federal and state level.

As defendant has previously stated, the time for a decision to be made by the JPML regarding transfer would be a "brief period". As such, no prejudice would befall defendant in allowing this matter to proceed while the JPML makes its determination as to whether this case should be transferred.

### III. CONCLUSION

Based on the foregoing, it is respectfully submitted that imposing a stay would impose undue hardship on the Plaintiff, Francine Peluso and deny her due process. As such, it is respectfully requested that defendant's motion to stay proceedings be denied.

Date:   December 5, 2008

/s/ William L. Kuzmin
William L. Kuzmin
COHEN, PLACITELLA, AND ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 732-747-9003
Attorneys for Plaintiff