**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | MDL DOCKET NO. 875<br>CTO -318 |
| This Document Relates to: | |
| RONNIE SMITH and LINDA SMITH v. ASBESTOS DEFENDANTS, et al., United States District Court, District of Utah Case No. 2:08-cv-00630 DB | **PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 318** |

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 318 AND BRIEF IN SUPPORT OF MOTION**

RONNIE SMITH and LINDA SMITH ("Movants" or "Plaintiffs") by and through their counsel of record files this consolidated Motion and Brief to Vacate Conditional Transfer Order 318 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on January 9, 2009.

Movants respectfully move the Panel pursuant to JPML Rule 7.4(c) to vacate its order conditionally transferring the above entitled and numbered case to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the brief in support which is made a part of this filing, the Declaration of Richard M. Grant, and such other materials as may be presented to the JPML at the time of the hearing on the motion. Movant requests the JPML stay Conditional Transfer Order 318 ("CTO 318") until such time as the United States District Court for the District of Utah rules on movants' Motion to Remand, or alternatively to set this motion for hearing at the next session of the Panel. Rule 7.4(c). **The removing parties,**

**OFFICIAL FILE COPY**

1 - PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 318

IMAGED FEB 1 2 2009

**Ford Motor Company and General Motors Corporation, have stipulated that CTO 318 may be stayed with regard to this proceeding and join in movants' request urging this Panel to stay the Conditional Transfer Order.** (See Exhibit "B" to Declaration of Richard M. Grant)

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

This is an action for injuries suffered by plaintiffs Ronnie Smith and Linda Smith as a result of exposure to asbestos. Mr. Smith is dying from mesothelioma, a cancer of the lining of the lungs that is closely associated with the inhalation of asbestos fibers. The complaint was originally filed on July 15, 2008 in the Third Judicial District Court in and for Salt Lake County, State of Utah. A First Amended complaint was filed on August 6, 2008 and a Second Amended Complaint was filed on August 18, 2008.

Defendants filed their Notice of Removal on August 20, 2008. Their alleged ground for removal as stated in the Notice was that plaintiffs alleged that Mr. Smith was exposed to asbestos while working at Fort Ord U.S. Army Base in Monterey, California and at Fort Lewis U.S. Army Base in Tacoma, Washington and that this court has jurisdiction because these two sites are considered "federal enclaves". Plaintiff Ronnie Smith was an accountant at the U.S. Army bases at Fort Ord and Fort Lewis. These sites were inadvertently included as possible exposure sites in an "Exhibit A" attached to the complaint. This exhibit was meant to be a list of plaintiff Ronnie Smith's entire work history as well as citing locations where Mr. Smith was exposed to asbestos.

However, there was no exposure at these sites and plaintiffs have disclaimed any claims arising out of work done at these "enclaves". Plaintiffs are not pursuing any liability arising out of or related to these locations and have waived, in a filing with the U.S. District Court for Utah, all potential claims related to these "federal enclaves". Additionally, plaintiffs have filed their motion before the U.S. District Court for Utah for leave to file their Third Amended Complaint disclosing there was no exposure to asbestos at the federal enclaves of Fort Ord or Fort Lewis.

The true facts of this case are set forth in the proposed Third Amended Complaint. Plaintiff specifically states therein that he was not exposed to asbestos during his military service

at Fort Ord or Fort Lewis. It is thus unequivocally clear that Smith does not claim any exposure to an asbestos-containing product at a federal enclave.

On January 16, 2009, the U.S. District Court for Utah heard oral argument on Plaintiffs' Motion to Remand and Motion for Leave to Amend, and subsequently entered its Minute Order, which held:.

"After arguments were heard and discussion held, Court deferred ruling on Motion for Leave to File and ruling on Motion to Remand to State Court. The Court will grant six months discovery, until July 16, 2009 for the parties to conduct discovery regarding jurisdiction." (See Exhibit "A" attached to Declaration of Richard M. Grant.)

Although the Court found that the initial removal was proper, the Court stated, at the hearing, that it was not inclined, at that time, to find subject matter jurisdiction was proper as the defendants had not brought forth sufficient facts demonstrating a nexus between plaintiff's injury and exposure at a federal enclave. Thus the Court granted until July 16, 2009 for the parties to conduct discovery regarding jurisdiction. The court indicated that if it finds, after discovery, that defendants have failed to bring forth sufficient facts to show a nexus between plaintiffs' injury and asbestos exposure on a federal enclave, the case would be remanded to state court.

However, all parties are concerned that before the removing parties may complete discovery regarding jurisdiction and before the District Court has an opportunity to rule on the motions pending before it, this Panel may have already transferred the matter to the Eastern District of Pennsylvania. Accordingly, plaintiffs and the removing defendants have stipulated that Conditional Transfer Order 318 may be stayed until the U.S. District Court for the District of Utah is able to issue its ruling on movants' motions, including their Motion to Remand, and the parties jointly urge this Panel to stay CTO 318 with regard to this matter.

///
///
///

## ARGUMENT

### Transfer Will Be Unjust and Inefficient.

In reaching a decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the action in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

In this matter, the most efficient conduct of this action lies in staying CTO 318, as the parties request, and allowing the U.S. District Court for the District of Utah to decide whether federal jurisdiction is proper, permitting this case to be remanded should that Court find it is not. Judicial resources will be conserved by such a stay.

## CONCLUSION

It is neither judicially efficient, nor reasonable, to allow this matter to be transferred to the Eastern District of Pennsylvania at this time, and eventually have it come back to the District of Utah, only to find that Court lacked jurisdiction in the first place. The Utah Court wishes to decide and be the gatekeeper of its own jurisdiction in this matter, and the parties respectfully request and urge the Panel to stay CTO 318 to promote the just and efficient conduct of this action.

Dated: February 10, 2009                BRAYTON ❖ PURCELL LLP

By: _____
Richard M. Grant
BRAYTON ❖ PURCELL LLP
222 Rush Landing Road
Novato, California 94948
(415) 898-1555
(415) 898-1247 Fax
rgrant@braytonlaw.com
Attorneys for Plaintiffs
Ronnie Smith and Linda Smith

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2009

FILED
CLERK'S OFFICE

## PROOF OF SERVICE BY MAIL

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 1324 Rand Street, Petaluma, California 94954.

On February 10, 2009, I served the within:

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 318**

**DECLARATION OF RICHARD M. GRANT IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 318**

on the interested parties in this action by transmitting a true copy thereof in the following manner.

I placed in a sealed envelope, postage thereon prepaid, addressed and served as follows:

**ALL PARTIES ON THE SERVICE LIST**

BY MAIL SERVICE:   I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail. Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business. On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

Executed <u>February 10, 2009</u>, at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ Jane Ehni

<u>Ronnie Smith, et al. v. Asbestos Defs.</u>
United States District Ct No. 2:08-cv-00630 DB

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Ronnie Smith, et al. v. Ford Motor Co., et al., D. Utah, C.A. No. 2:08-630

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Bronson D. Bills
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Sara E. Bouley
FABIAN & CLENDENIN
215 S. State Street, Suite 1200
Salt Lake City, UT 84111-2323

Scot A. Boyd
CHRISTENSEN & JENSEN
15 W. South Temple Street
Suite 800
Salt Lake City, UT 84101

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Patricia W. Christensen
PARR BROWN GEE & LOVELESS
185 South State Street, 13th Floor
P.O. Box 11019
Salt Lake City, UT 84147

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Dennis C. Ferguson
WILLIAMS & HUNT
257 East 200 South, Suite 500
P.O. Box 45678
Salt Lake City, UT 84145-5678

Ronald L. Hellbusch
BAKER & HOSTETLER LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203

H. Scott Jacobson, Jr.
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, UT 84180

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Christopher J. Martinez
SNELL & WILMER LLP
15 West South Temple
Suite 1200
Beneficial Tower
Salt Lake City, UT 84101

Barbara L. Maw
WRONA LAW OFFICES
1745 Sidewinder Drive
Park City, UT 84060

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

**MDL No. 875 - Panel Service List (Excerpted from CTO-318 (Continued)**

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

D. Matthew Moscon
STOEL RIVES LLP
201 South Main Street
Suite 1100
Salt Lake City, UT 84111-4904

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

FORD MOTOR CO.
GENERAL MOTORS CORP.
DAN LARSEN, ESQ.
SNELL & WILMER LLP
15 WEST SO. TEMPLE, STE. 1200
GATEWAY TOWER WEST
SALT LAKE CITY, UTAH 84101

# BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), ) ) ) This Document Relates to: ) ) RONNIE SMITH and LINDA SMITH v. ASBESTOS DEFENDANTS, et al., ) *United States District Court, District of Utah Case No. 2:08-cv-00630 DB* ) ) ) ) | MDL DOCKET NO. 875<br>CTO-318<br><br>DECLARATION OF RICHARD M. GRANT IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 318 |

## DECLARATION OF RICHARD M. GRANT IN SUPPORT OF PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 318

I, RICHARD M. GRANT, declare as follows:

1. I am an attorney at law duly licensed to practice before the courts of the State of California and before this MDL Panel and before the United States District Court for the Eastern District of Pennsylvania. I am a member of the firm of BRAYTON ❖PURCELL LLP, attorneys of record for plaintiffs herein. I have personal knowledge of the following facts and, if called upon to do so, could and would competently testify thereto.

2. This action for asbestos-related personal injury was originally filed on July 15, 2008 in the Third Judicial District Court in and for Salt Lake County, State of Utah. A First Amended complaint was filed on August 6, 2008 and a Second Amended Complaint was filed on August 18, 2008.

3. Defendants Ford Motor Company and General Motors Corporation removed this matter to the United States District Court for the District of Utah on August 20, 2008.

4. Removing defendants' alleged ground for removal as stated in the Notice was that plaintiffs alleged that Mr. Smith was exposed to asbestos while working at Fort Ord U.S. Army Base in Monterey, California and at Fort Lewis U.S. Army Base in Tacoma, Washington and that this court has jurisdiction because these two sites are considered "federal enclaves". Plaintiff Ronnie Smith was an accountant at the U.S. Army bases at Fort Ord and Fort Lewis. These sites were inadvertently included as possible exposure sites in an "Exhibit A" attached to the complaint. This exhibit was meant to be a list of plaintiff Ronnie Smith's entire work history as well as citing locations where Mr. Smith was exposed to asbestos.

5. There was no exposure at these sites and plaintiffs have disclaimed any claims arising out of work done at these "enclaves". Plaintiffs are not pursuing any liability arising out of or related to these locations and have waived, in a filing with the U.S. District Court for Utah, all potential claims related to these "federal enclaves". Additionally, plaintiffs have filed their motion before the U.S. District Court for Utah for leave to file their Third Amended Complaint disclosing there was no exposure to asbestos at the federal enclaves of Fort Ord or Fort Lewis.

The true facts of this case are set forth in the proposed Third Amended Complaint.

6. On January 16, 2009, the U.S. District Court for Utah heard oral argument on Plaintiffs' Motion to Remand and Motion for Leave to Amend, and subsequently entered its Minute Order, which held:.

"After arguments were heard and discussion held, Court deferred ruling on Motion for Leave to File and ruling on Motion to Remand to State Court. The Court will grant six months discovery, until July 16, 2009 for the parties to conduct discovery regarding jurisdiction." (A copy of this Minute Order is attached hereto as Exhibit "A")

7. Although the Court found that the initial removal was proper, the Court stated, at the hearing, that it was not inclined, at that time, to find subject matter jurisdiction was proper as the defendants had not brought forth sufficient facts demonstrating a nexus between plaintiff's injury and exposure at a federal enclave. Thus the Court granted until July 16, 2009 for the parties to conduct discovery regarding jurisdiction. The court indicated that if it finds, after discovery, that defendants have failed to bring forth sufficient facts to show a nexus between plaintiffs' injury and asbestos exposure on a federal enclave, the case would be remanded to state court.

8. The parties are concerned that before the removing parties may complete discovery regarding jurisdiction and before the District Court has an opportunity to rule on the motions pending before it, this Panel may have already transferred the matter to the Eastern District of Pennsylvania. Accordingly, plaintiffs and the removing defendants have stipulated that Conditional Transfer Order 318 may be stayed until the U.S. District Court for the District of Utah is able to issue its ruling on movants' motions, including their Motion to Remand. The parties jointly urge this Panel to stay CTO 318 with regard to this matter until the Utah District Court has an opportunity to rule on the pending motion concerning its own jurisdiction. (A copy of the "Stipulation Regarding Conditional Transfer Order is attached hereto as Exhibit "B")

I declare under penalty of perjury that the foregoing is true and correct. Executed at Novato, California this 10th day of February, 2009.

RICHARD M. GRANT

3 - DECLARATION OF RICHARD M. GRANT IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 318

EXHIBIT A

EXHIBIT A

Richard Grant - Activity in Case 2:08-cv-00630-DB Smith et al v. Ford Motor Company et al Order on Motion for Leave to File

| | |
|---|---|
| **From:** | <utd_enotice@utd.uscourts.gov> |
| **To:** | <ecf_notice@utd.uscourts.gov> |
| **Date:** | 1/29/2009 9:38 AM |
| **Subject:** | Activity in Case 2:08-cv-00630-DB Smith et al v. Ford Motor Company et al Order on Motion for Leave to File |

This is an automatic e-mail message generated by the CM/ECF system. If you need assistance, call the Help Desk at (801) 524-3248.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record in a case to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

Electronic Case Filing System

District of Utah

## Notice of Electronic Filing

The following transaction was entered on 1/29/2009 at 10:36 AM MST and filed on 1/16/2009
**Case Name:**    Smith et al v. Ford Motor Company et al
**Case Number:**  2:08-cv-630
**Filer:**
**Document Number:** 50(No document attached)

Docket Text:
**Minute Order. Proceedings held before Judge Dee Benson: Cnsl present. After arguments were heard and discussion held, Crt deferred ruling on [32] Motion for Leave to File and ruling on [10] Motion to Remand to State Court. The Court will grant six months discovery, until July 16, 2009 for the parties to conduct discovery regarding jurisdiction. Motion Hearing held on 1/16/2009 re [32] Plaintiff's MOTION for Leave to File Amended Complaint filed by Linda Smith, Ronnie Smith, [10] Plaintiff's MOTION to Remand to State Court Third District Court filed by Linda Smith, Ronnie Smith. Written Order to follow oral order: N. Attorney for Plaintiff: Bronson Bills, Attorney for Defendant Ronald Hellbusch, Dan Larsen. Court Reporter: Ed Young. (reb)**

2:08-cv-630 Notice has been electronically mailed to:

Dan R. Larsen   dlarsen@swlaw.com, hallen@swlaw.com, jliljenquist@swlaw.com, kquick@swlaw.com, mjudson@swlaw.com

Patricia W. Christensen   pchristensen@parrbrown.com, calendar@parrbrown.com,

EXHIBIT B

EXHIBIT B

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | MDL DOCKET NO. 875<br>CTO-318 |
| This Document Relates to:<br>RONNIE SMITH and LINDA SMITH v. ASBESTOS DEFENDANTS, et al., *United States District Court, District of Utah Case No. 2:08-cv-00630 DB* | STIPULATION REGARDING CONDITIONAL TRANSFER ORDER |

### STIPULATION REGARDING CONDITIONAL TRANSFER ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs RONNIE SMITH and LINDA SMITH and Defendants FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION, through their respective counsel as follows:

Conditional Transfer Order 318 may be held in abeyance and stayed with regard to this matter until the United States District Court for the District of Utah enters its ruling on Plaintiffs' Motion to Remand this case to the Third Judicial District Court in and for Salt Lake County, State of Utah. Plaintiffs and Defendants respectfully request and urge this Panel to stay said

///
///
///
///

1 - STIPULATION REGARDING CONDITIONAL TRANSFER ORDER

Conditional Transfer Order until that time.

Dated: February 9, 2009

BRAYTON ❖ PURCELL LLP

By: /s/ Richard M. Grant
Richard M. Grant
BRAYTON ❖ PURCELL LLP
222 Rush Landing Road
Novato, California 94948
(415) 898-1555
(415) 898-1247 Fax
rgrant@braytonlaw.com
Attorneys for Plaintiffs
Ronnie Smith and Linda Smith

Dated: February 9th, 2009

SNELL & WILMER LLP

By: /s/ Dan R. Larsen
Dan R. Larsen
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
(801) 257-1900
(801) 257-1800
Attorneys for Defendants
Ford Motor Company and
General Motors Corporation

2 - STIPULATION REGARDING CONDITIONAL TRANSFER ORDER