**MDL 875**

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | FILED CLERK'S OFFICE<br>MDL Docket No. 875 |
| Garry Turner, | MIE 2 08-14920 |
| Plaintiff, | |
| -vs- | |
| GRAND TRUNK WESTERN RAILROAD INCORPORATED, | |
| Defendant. | |

| | |
|---|---|
| **PEARLMAN AND PIANIN**<br>ARVIN J. PEARLMAN (P18743)<br>ELAINE L. LIVINGWAY (P39307)<br>Attorneys for Plaintiff<br>24725 W. 12 Mile Rd, St. 220<br>Southfield, Michigan 48034<br>(248) 356-5000<br>apearlman@pearlpi.com | KEVIN C. ALEXANDERSEN (0037312)<br>Attorney for Defendant<br>Sixth Floor - Bulkley Building<br>1501 Euclid Avenue<br>Cleveland, Ohio 44115<br>(216) 241-5310<br>kalexandersen@gallaghersharp.com |

## PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

**NOW COMES** Plaintiff, GARRY TURNER, by and through his attorneys, PEARLMAN AND PIANIN, and for his Motion to Vacate the Conditional Transfer Order (CTO-318) entered in this case hereby affirmatively states that his action against Defendant, Grand Trunk Western Railroad Incorporated, brought pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § §51-60, should not be transferred to the United States District Court for the Eastern District of Pennsylvania under the authority of 28 U.S.C. § 1407(a) for pre-trial coordination or consolidation with MDL No. 875 for the following reasons: (1) common questions of fact in MDL No. 875 will not predominate over the individual questions of fact present in Plaintiff's FELA

OFFICIAL FILE COPY

IMAGED FEB 1 2 2009

action; and (2) transfer of Plaintiff's FELA action to the Eastern District of Pennsylvania for pre-trial consolidation with MDL No. 875 will neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation.

This Motion is supported by the accompanying brief and attachments.

Wherefore Plaintiff, Garry Turner, respectfully requests that this judicial panel on multidistrict litigation grant his motion and vacate the conditional transfer order (CTO-318) to the United States District Court for the Eastern District of Pennsylvania entered in this matter for pre-trial consolidation with MDL No. 875.

Respectfully submitted,

**PEARLMAN AND PIANIN**

By: _____
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (39307)
Attorneys for Plaintiff
24725 W. Twelve Mike Rd, Ste. 220
Southfield, MI 48034
(248) 356-5000
apearlman@pearlpi.com

DATED: February 9, 2008

purposes of pretrial proceedings. *See In re Asbestos Products Liability Litigation (No. VI) Products Liability Litigation (No. VI), 771 F. Supp. 415, 422-424 (JPML 1991).*

The propriety of the conditional transfer of Plaintif's FELA action to MDL No. 875 is governed by 28 U.S.C. § 1407(a).  Pursuant to Section 1407 (a), the judicial panel on multidistrict litigation "may" transfer a civil action to any district for coordinated or consolidated pretrial proceedings with other actions pending before that district if the action to be transferred and the pending actions involve one or more common questions of fact.  However, the panel must also determine whether transfer of the action "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."

A. **Common Questions of Fact in MDL No. 875 Will Not Predominate Over the Individual Questions of Fact Present in the Instant Action.**

It is true that Plaintiff in this case alleged personal injury because of exposure to, *inter alia*, asbestos.  But Plaintiff surmises that unlike the great majority of cases consolidated in MDL No. 875, a question of fact will exist in this case as raised by Defendant as to whether Plaintiff was even exposed to asbestos. Moreover, Plaintiff believes that his exposure to asbestos during the course of his employment was so incidental when compared to his exposure to dust, diesel fumes and herbicides, that he would be willing to dismiss from his Complaint any allegation relating to asbestos.

Many additional factual questions unique to this action also clearly predominate the disputed common question of asbestos exposure.  These include the type of vocational exposure e.g. clerk working for a railroad, the products to which exposed, the conditions of exposure, the duration and intensity of exposure, the safety precautions taken both by Plaintiff and his employer,

and the medical, personal, employment and employment history over the long course of his employment with the defendant railroad.

It is also clear that the claim of asbestos exposure in this case is also incidental to the exposures Plaintiff claims from dust, diesel fumes and herbicides - - none of which are the primary focus of the actions consolidated in MDL No. 875. Extensive discovery regarding these potential health hazards that have nothing to do with asbestos will also have to be undertaken by the parties in this action. Because Plaintiff is claiming exposure to much more than just asbestos, causation of his medical problems will be very individualized.

The liability of the railroad defendant in this case is also predominantly an individualized question. The railroad defendant in this action is not a manufacturer, supplier or distributor of asbestos or asbestos products. Unlike many of the defendants in MDL No. 875, there will be no issues in this matter regarding methods of manufacture, the types of materials used in the manufacturing process, the periods of production, or the adequacy of product testing. There will also be no factual issues regarding products liability law in the sense of proving a defective product in design or manufacture under Michigan law. See e.g., M.C.L. 600. 2946 *et seq*. Rather, factual issues will focus on the defendant railroad's alleged failure under the FELA to provide Plaintiff with a safe place to work. See e.g., *Atchison, T. & S. F. R. Co. v. Buell, 480 U.S. 557, 558; 107 S.Ct. 140; 94 L.Ed.2d 563 (1987)*(a railroad has a duty under the FELA to use reasonable care in furnishing its employees with a safe place to work).

In sum, a dispute regarding asbestos exposure exists, there is a lack of commonality among the parties, there is significant variability in type and duration of exposure, causation is individualized, many health hazards in the workplace other than asbestos exposure predominate,

and factual issues regarding liability are unique. There are simply no significant common questions of fact which justify the transfer of this litigation to be consolidated for pre-trial purposes with MDL No. 875.

> B. **Transfer of this Action to the Eastern District of Pennsylvania for Inclusion in MDL No. 875 Will Neither Serve the Convenience of the Parties and Witnesses Nor Promote the Just and Efficient Conduct of the Litigation.**

Generally, where common questions of fact are prevalent between previously transferred actions and the action at issue, transfer pursuant to 28 U.S.C. § 1407 is deemed necessary to prevent needless duplication of discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve resources of parties, their counsel, and the judiciary. See e.g., *In re Worldcom, Inc., Sec. & ERISA Litig.* 226 F. Supp.2d 1352 (2002); *In re Polyester Staple* 259 F.Supp. 2d 1376 (2003, Jud Pan Mult Lit). In this case, however, pretrial consolidation of this matter with MDL No. 875 will not eliminate duplicative discovery, will not prevent inconsistent pretrial rulings, nor serve the convenience of the parties and witnesses.

Local issues will predominate the discovery in this matter. All factual witnesses of *both* parties including co-workers, supervisors, union members and family members of Plaintiff, Garry Turner, are located in Michigan - - many of whom have absolutely nothing to do with asbestos but rather relate to the claims of exposure to dust, herbicides and diesel fumes. All of Garry Turner's medical treaters also reside in Michigan, all relevant medical documents are located in Michigan, and any site inspection would also have to occur in Michigan. A common aspect among the MDL No. 875 litigation with this matter may be the state of medical and scientific knowledge at a particular time regarding the health risks posed by exposure to asbestos. However, this knowledge

can be easily and cheaply obtained by the parties from medical literature, just as the parties will obtain the medical literature regarding exposure to dust, herbicides and diesel fumes.

Because of the uniqueness of the proofs in this matter and therefore the uniqueness of the necessary discovery, it is highly unlikely that Plaintiff will achieve any savings of expenses whatsoever by pooling his efforts with other plaintiffs in the proposed transferee district. Likewise, because the majority of Plaintiff's and Defendant's fact witnesses live in Michigan, including Plaintiff himself and any representative designated by Defendant, their convenience is best served by having this action remain in Michigan - - even for pretrial purposes.

Wherefore Plaintiff, Garry Turner, respectfully requests that this judicial panel on multi-district litigation grant his motion and vacate the conditional transfer order (CTO-318) to the United States District Court for the Eastern District of Pennsylvania entered in this matter for pre-trial consolidation with MDL No. 875.

Respectfully submitted,

PEARLMAN AND PIANIN

By: _____
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (P39307)
Attorneys for Plaintiff
24725 W. Twelve Mike Rd, Ste. 220
Southfield, MI 48034
(248) 356-5000
apearlman@pearlpi.com

DATED: February 9, 2009

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ABSESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL Docket No. 875

Garry Turner,                                                MIE 2 08-14920

    Plaintiff,

-vs-

GRAND TRUNK WESTERN RAILROAD
INCORPORATED,

    Defendant.
_____/

| PEARLMAN AND PIANIN | KEVIN C. ALEXANDERSEN (0037312) |
|---|---|
| ARVIN J. PEARLMAN (P18743) | Attorney for Defendant |
| ELAINE L. LIVINGWAY (P39307) | Sixth Floor - Bulkley Building |
| Attorneys for Plaintiff | 1501 Euclid Avenue |
| 24725 W. 12 Mile Rd, St. 220 | Cleveland, Ohio 44115 |
| Southfield, Michigan 48034 | (216) 241-5310 |
| (248) 356-5000 | kalexandersen@gallaghersharp.com |
| apearlman@pearlpi.com | |

_____/

## CERTIFICATE OF SERVICE

The undersigned states that a copy of Plaintiff's Motion to Vacate Conditional Transfer Order, Brief in Support of Plaintiff's Motion to Vacate Conditional Transfer Order along with this Certificate of Service was served upon the attached Panel Service List via U.S. Mail at their addresses as disclosed on the Panel Service List, that said envelopes having been properly sealed, sufficient postage affixed thereto and same was deposited on the 10th day of February, 2009, in the United States mail receptacle in Southfield, Michigan.

                                          /s/ Beverly Lewis
                                            Beverly Lewis

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                                                           MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-318)

Garry Turner v. Grand Trunk Western Railroad, Inc., E.D. Michigan,
C.A. No. 2:08-14920

Kevin C. Alexandersen
GALLAGHER SHARP
1501 Euclid Avenue
Bulkiey Building, Sixth Floor
Cleveland, OH 44115

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Arvin J. Pearlman
PEARLMAN & PIANIN
24725 W. Twelve Mile Road
Suite 220
Southfield, MI 48034

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Exhibit A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2009

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

GARRY TURNER,

    Plaintiff,

-vs-

GRAND TRUNK WESTERN RAILROAD INCORPORATED,

    Defendant.

_____/

Case No. 2:08cv14920
Hon. Victoria A. Roberts

**PEARLMAN AND PIANIN**
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (P39307)
Attorneys for Plaintiff
24725 W. 12 Mile Rd, St. 220
Southfield, Michigan 48034
(248) 356-5000
apearlman@pearlpi.com
_____/

## COMPLAINT

**NOW COMES** Plaintiff, GARRY TURNER, by and through his attorneys, PEARLMAN AND PIANIN, and for his Complaint against Defendant, GRAND TRUNK WESTERN RAILROAD INCORPORATED, states to the Court as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, GARRY TURNER, is a resident of St. Clair County, Michigan.

2. Defendant, GRAND TRUNK WESTERN RAILROAD INCORPORATED (referred to throughout this Complaint as "GRAND TRUNK") is a railroad company organized and existing by virtue of the laws of the State of Delaware and at the time of the injuries and damages described later in this Complaint was, and is now doing, business within the County of

|   |   |   |
|---|---|---|
|   |   | with and around substances which create known health risks; |
|   | D. | To provide proper inspection and evaluation as to safety requirements of the work to be performed before it is performed, especially when the work to be performed includes exposure to substances which create known health risks; |
|   | E. | To give notice to or warn Plaintiff that he is being required to work with and around substances which create known health risks; |
|   | G. | To adequately and safely supervise the operation of work which was being performed; |
|   | H. | To provide proper education, training and instruction to its employees as to how to safely work with substances that create known health risks; |
|   | I. | To inspect and investigate the premises upon which Plaintiff was required to work for dangerous conditions; |
|   | J. | To provide necessary safety devices including breathing apparatus or respirators to make sure that Plaintiff was adequately protected from the harmful effects of the known health risks that Defendant was requiring Plaintiff to work with and be exposed to; and |
|   | K. | To provide adequate engineering controls including proper ventilation systems and dust/fume collectors to reduce respirable exposures while working inside Defendant's buildings or outside in the yard. |

8. Defendant breached the duties owed to Plaintiff, GARRY TURNER, and was negligent in the premises in that it, among other things, failed to observe the standards of care with respect to the above-described duties as follows:

   A.   Failed to provide a reasonably safe place within

which to work;

B. Failed to provide properly working respiratory-protective equipment, especially when requiring Plaintiff to work with and around substances which create known health risks;

C. Failed to provide adequate and safe methods of work as to each task assigned to employees, especially when requiring its employees including Plaintiff to work with and around substances which create known health risks;

D. Failed to provide proper inspection and evaluation as to safety requirements of the work to be performed before it is performed, especially when the work to be performed includes exposure to substances which create known health risks;

E. Failed to give notice to or warn Plaintiff that he is being required to work with and around substances which create known health risks;

G. Failed to adequately and safely supervise the operation of work which was being performed;

H. Failed to provide proper education, training and instruction to its employees as to how to safely work with substances that create known health risks;

I. Failed to inspect and investigate the premises upon which Plaintiff was required to work for dangerous conditions;

J. Failed to provide necessary safety devices including breathing apparatus or respirators to make sure that Plaintiff was adequately protected from the harmful effects of the known health risks that Defendant was requiring Plaintiff to work with and be exposed to; and

K. Failed to provide adequate engineering controls including proper ventilation systems and dust/fume collectors to

4

reduce respirable exposures while working inside Defendant's buildings or outside in the yard.

9. The above-described acts constitute negligence on the part of Defendant and were and are a direct and proximate cause of the injuries and damages sustained by Plaintiff, GARRY TURNER, including but not limited to irritation of his throat and respiratory tract, coughing, shortness of breath, pulmonary scarring or atalectasis and other injuries to his respiratory system.

10. As a further direct and proximate result of the negligence of Defendant, Plaintiff, GARRY TURNER, has in the past, and can be expected in the future, to suffer medical expenses, loss of wages and loss of earning capacity, mental anguish, past and future, and has suffered the loss of the ability to lead a normal and healthy life, free from impairment and anxiety.

11. As a further direct and proximate result of the negligence of Defendant as described earlier in this Complaint, Plaintiff, GARRY TURNER, has been unable to carry on his normal daily activities, enjoyment of life and avocations without impairment, and may be unable to do so in the future.

## COUNT II: AGGRAVATION

12. Plaintiff, GARRY TURNER, reaffirms and realleges each and every allegation contained in the General Allegations and Count I as though fully set forth in this Count.

13. If it is shown that Plaintiff suffered from any of the conditions or injuries alleged in this Complaint unrelated to his job duties, then Plaintiff claims that those conditions were aggravated and/or accelerated by his employment with Defendant.

**WHEREFORE,** Plaintiff, GARRY TURNER, demands a judgment against the Defendant, GRAND TRUNK WESTERN RAILROAD INCORPORATED, consistent with the law and evidence, together with interest, costs and attorney fees so wrongfully incurred.

Respectfully submitted,

**PEARLMAN AND PIANIN**

By: s/Arvin J. Pearlman
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (39307)
Attorneys for Plaintiff
24725 W. Twelve Mike Rd, Ste. 220
Southfield, MI 48034
(248) 356-5000
apearlman@pearlpi.com

DATED: November 25, 2008

## JURY DEMAND

***NOW COMES*** Plaintiff, GARRY TURNER, by and through his attorneys, PEARLMAN AND PIANIN, and hereby demands a trial by jury of the allegations and matters set forth in Plaintiff's Complaint.

**PEARLMAN AND PIANIN**

BY:_____
ARVIN J. PEARLMAN (P18743)
ELAINE L. LIVINGWAY (P39307)
Attorneys for Plaintiffs
24725 W. Twelve Mile, Suite 220
Southfield, Michigan 48034
(248) 356-5000
apearlman@pearlpi.com

DATED: November 7, 2008