**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

FEB 11 2009

FILED
CLERK'S OFFICE

## MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | | |
|---|---|---|
| JOHN LUSK and HELEN LUSK, | ) | |
| | ) | |
| | ) | Civil Action No. 08-7548 R |
| Plaintiffs, | ) | |
| | ) | in the United States District Court |
| v. | ) | for the Central District of California |
| | ) | |
| | ) | |
| A.B. BOYD CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiffs John Lusk and Helen Lusk, by and through their undersigned counsel,
hereby move this Panel to vacate the Conditional Transfer Order entered in this action
(CTO-318). The grounds for this motion are set forth in the accompanying Brief In
Support and are incorporated herein.

WHEREFORE, plaintiffs request that the Panel VACATE the Conditional
Transfer Order in the above-captioned case.

Dated: February 6, 2009

Respectfully submitted,

_signature_

Deborah R. Rosenthal
PAUL & HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:     (510) 559-9980
Facsimile:     (510) 559-9970
drosenthal@paulandhanley.com
Attorneys for Plaintiffs John and Helen Lusk

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2009 FEB 11  A 10: 59

RECEIVED
CLERK'S OFFICE

## OFFICIAL FILE COPY

IMAGED FEB 1 2 2009

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Anne Scott, hereby certify that I served a true and correct copy of Plaintiffs' Motion to Vacate Conditional Transfer Order upon the Judicial Panel for Multidistrict Litigation via overnight mail, and upon the attached Panel Service List via first class mail, postage prepaid, on this ___9___ day of February, 2009.

Anne Scott

RECEIVED
CLERK'S OFFICE

2009 FEB 11 A 10: 59

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                         MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-318)**

Carol S. Dudash, et al. v. Alstom Power, Inc., et al., C.D. California, C.A. No. 2:08-7434
John Lusk, et al. v. A.B. Boyd Co., et al., C.D. California, C.A. No. 2:08-7548
Jeri Redman, et al. v. A.W. Chesterton Co., Inc., et al., N.D. California, C.A. No. 3:08-3013
David Sanborn, et al. v. Asbestos Corp., Ltd., et al., N.D. California, C.A. No. 3:08-5260

Joseph Blaise Adams
BASSI MARTINI EDLIN & BLUM
351 California Street
Suite 200
San Francisco, CA 94104

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Melissa R. Badgett
COOLEY MANION JONES
 HAKE ET AL
201 Spear Street
Suite 1800
San Francisco, CA 94105

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Robert E. Boone, III
BRYAN CAVE LLP
120 Broadway
Suite 300
Santa Monica, CA 90401-2386

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Timothy Colin Connor
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Whitney Aaron Davis
CHARTER DAVIS LLP
1730 I Street
Suite 240
P.O. Box 15408
Sacramento, CA 95814

Carlos J.E. Guzman
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Dean A. Hanley
PAUL HANLEY & HARLEY
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Bo Kim
PERKINS COIE LLP
South Tower
1620 26th Street
6th Floor, South Tower
Santa Monica, CA 90404-4013

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**MDL No. 875 - Panel Service List (Excerpted from CTO-318 (Continued)**

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY & MANSFIELD PLLP
150 South Los Robles Avenue
Suite 400
Pasedena, CA 91101

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
 & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kathryn Louise McCann
LINER YANKELEVITZ SUNSHINE
& REGENSTREIF
1100 Glendon Avenue
14th Floor
Los Angeles, CA 90024

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Andrew I. Port
EMARD DANOFF PORT
TAMULSKI & PAETZOLD
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Glen R. Powell
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Trung VI Quang
MCKENNA LONG & ALDRIDGE
101 California Street
41st Floor
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Deborah R. Rosenthal
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Carolin K. Shining
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Stree
42nd Floor
Los Angeles, CA 90017-2223

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608



# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | |
|---|---|
| JOHN LUSK and HELEN LUSK, ) | |
| ) | |
| ) | Civil Action No. 08-7548 R |
| Plaintiffs, ) | |
| ) | in the United States District Court |
| v. ) | for the Central District of California |
| ) | |
| ) | |
| A.B. BOYD CO., et al., ) | |
| ) | |
| Defendants. ) | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

### I. INTRODUCTION

Plaintiffs John Lusk and Helen Lusk, by and through their undersigned counsel, hereby move this Panel to vacate the Conditional Transfer Order entered in the above-captioned case (CTO-318) because John Lusk is dying of mesothelioma, and the delay attendant with transferring this case to the MDL for pre-trial proceedings and then back to the U.S. District Courts in California for trial would violate plaintiffs' due process rights, frustrate the policy objectives of 28 U.S.C. § 1407, and severely prejudice plaintiffs. In addition, plaintiffs' remand motion has been fully briefed and is pending in the U.S. District Courts in California, and the parties' stipulation to remand also is before the local court's judge, awaiting determination of remand by stipulated order. Perpetuating the length of time this case remains in federal court when there is a material dispute over whether the federal courts have jurisdiction over this case at all violates

constitutional authority, including the separation of powers, due process, and comity doctrines. Furthermore, if this Court transfers these cases prior to the local District Courts' rulings on these matters, the time and resources of the courts and the parties will be needlessly wasted.

## II.  PROCEDURAL BACKGROUND

Plaintiffs John and Helen Lusk filed an asbestos-related personal injury action and loss of consortium action in Los Angeles County Superior Court on September 25, 2008, pursuing remedies under state tort law and maritime law.  (*John Lusk and Helen Lusk v. A.B. Boyd Co., et. al.,* Los Angeles Superior Court Case No. BC 398818.)  John Lusk, 66 years old, suffers from mesothelioma, an incurable cancer caused by asbestos inhalation. On November 14, 2008, defendant National Steel and Shipbuilding Company (NASSCO) removed this action to the United States District Court for the Central District of California, alleging that the federal courts have jurisdiction over this action based on 28 U.S.C. § 1442(a)(1) because NASSCO was acting under the direction of a federal officer when it undertook the acts allegedly giving rise to liability.  NASSCO argues that it can assert a government contractor defense to plaintiffs' claims.

Plaintiffs filed and served their remand motion in December 2008 and subsequently requested that the Court set the motions for hearing on shortened time based on John Lusk's poor prognosis and failing health.  (See Declaration of Dennis Dale, M.D., In Support of Plaintiffs' Motion for Preference, attached hereto as Exhibit A.) Judge Manuel Real of the U.S. District Court for the Central District of California declined to expedite the hearing.  At this writing, the remand motion has been fully briefed by the parties and awaits Judge Real's ruling.  The Court has twice continued the hearing date.

Due to the substantial prejudice that will result from extended delay in litigation, as discussed in greater detail below, plaintiffs stipulated with removing defendant NASSCO to dismiss NASSCO with prejudice if NASSCO stipulated to remand. This stipulation and a proposed order based thereon have been filed in the local District Court; this also awaits Judge Real's ruling.

Pursuant to FED. R. EVID. 201, plaintiffs request that the Panel take judicial notice of the above pleadings and motions, which are currently on file and in the records of the Los Angeles County Superior Court and the U.S. District Court for the Central District of California. Plaintiffs will provide a copy of these documents to the Panel upon request.

### III.  ARGUMENT

**A.**       **Transfer to MDL No. 875 of cases involving dying plaintiffs violates plaintiffs' due process rights**

"[T]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner," before one is deprived of life, liberty, or property; "the concept is flexible calling for procedural protection as dictated by the particular circumstance." *Kahn v. United States,* 753 F.2d 1208, 128 (3d Cir. 1985)(citing to *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S. Ct. 2593 (1972). "Whether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss' ... within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." *Morrissey,* 408 U.S. at 481 (citations omitted).

Defendants in asbestos personal injury actions commonly remove state court cases regardless of whether federal subject matter jurisdiction exists in an attempt to delay or deny plaintiffs' rights to a trial on the merits of their state law claims. Plaintiffs in such

cases often are dying of incurable cancer, such as mesothelioma, which John Lusk suffers

from, and which typically kills those suffering from it within a relatively short time after

diagnosis.  Indeed, John Lusk's treating physician does not expect him plaintiffs to

survive more than another few months.  (Exhibit A attached hereto.)

If the Panel transfers *Lusk* to MDL No. 875, John Lusk will die before he and his

wife have an opportunity to take their claims against the defendants to trial.  In state

court, plaintiffs could move for a preferential trial date based on Mr. Lusk's illness and

have his case set for trial within 120 days from the granting of such a motion.  Cal. Civil

Proc. Code § 36(a)(2) and (f).  Even in the local federal court, plaintiffs would obtain

more speedy resolution of their case, due to the backlog of thousands of cases already

pending in MDL No. 875.

MDL No. 875 currently consists of approximately 59,000 cases and 3.5 million

claims relating to personal injuries allegedly caused by asbestos products.  (12/18/08

Court Memorandum, *In re Asbestos Products Liability Litigation (No. VI),* MDL Docket

No. 875, a true and correct copy of which is attached as Exhibit B.  These cases have

been consolidated for pretrial proceedings only; every action must be remanded to the

district court from which it was transferred at or before the conclusion of pretrial

proceedings.  28 U.S.C. § 1407(a).

Because of this backlog, it will be months if not years before *Lusk* would be able

to wend its way through discovery and whatever motion practice becomes necessary in

the MDL.  It will then take additional time for the Panel to return the case to the Central

District of California, where it will take still more time for the case to be set for trial.  Mr.

Lusk almost certainly will be dead by then.  When personal injury plaintiffs die, their

noneconomic damages die with them; Mr. Lusk will have lost his right to obtain damages

for his pain and suffering.  Furthermore, the case was removed before plaintiffs had an

opportunity to notice and take Mr. Lusk's deposition.  If he dies before his deposition

concludes, the best available evidence against the defendants will be lost forever, further

prejudicing his heirs in any subsequent wrongful death lawsuit.

In short, transfer to MDL No. 875 will deprive plaintiffs and their heirs of their

due process rights to meaningfully seek redress for the wrongs they allege were done to

them.

**B.**      **Transfer of *Lusk* to MDL NO. 875 frustrates the policy objectives
            of 28 U.S.C. § 1407**

Civil actions pending in different districts that involve common questions of fact

may be transferred by the Judicial Panel on Multidistrict Litigation to another district for

coordinated or consolidated pretrial proceedings where transfer effects judicial economy

and eliminates the potential for conflicting contemporaneous pretrial rulings.  28 U.S.C. §

1407(a); *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 493 (J.P.M.L. 1968).

Specifically, Section 1407, the federal statute governing multidistrict litigation,

provides that actions may be transferred "by the judicial panel on multidistrict litigation

authorized by this section *upon its determination that transfers for such proceedings will

be for the convenience of parties and witnesses and will promote the just and efficient

conduct of such actions.*"  28 U.S.C. § 1407(a)(emphasis added).

Indeed, the very purpose underlying the enactment of Section 1407 was "to

secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and

inexpensive determination of every action.'"  *In re Nat'l Student Mktg. Litig.,* 368

F.Supp. 1311, 1316 (J.P.M.L. 1973)(citing to FED. R. CIV. P. 1).  Accordingly, "[t]he

Panel's statutory mandate is to weigh the interests of all parties … in light of the purposes

of Section 1407." *In re Stirling Homex Corp. Sec. Litig.,* 442 F. Supp. 547, 550 (J.P.M.L.

1977). And while the Panel has broad discretion to carry out its functions, it abuses its

discretion if it acts in a manner than frustrates the objectives of Section 1407.

With regard to *Lusk,* transfer to MDL No. 875 thwarts the statutory goals of

promoting a just, speedy, and inexpensive determination of the action.  MDL No. 875

contains thousands of cases handled by a single judge.  (Exhibit B.)  If this case is

transferred there, it will encounter significant, well-documented delay and will not get to

trial before Mr. Lusk dies—a situation that defendants in asbestos litigation against dying

plaintiffs exploit.  Federal courts have noted that "if these [asbestos-related] claims return

to state court, they will proceed to resolution. If they remain in federal court, they will

encounter significant delay upon their transfer through the Panel on Multidistrict

Litigation to the Eastern District of Pennsylvania. ... This delay [in MDL-875] is of

economic benefit to the defendants and imposes costs on the plaintiffs." *Alexander v.*

*A.P. Green Indus., Inc. (In re Maine Asbestos Cases),* 44 F. Supp. 2d 368, 374 n.2 (D.Me.

1999); *see also Hilbert v. McDonnell Douglas Corp.,* 529 F. Supp. 2d 187, 190 (D. Mass.

2008)(noting that if removal was upheld and the case was transferred to MDL-875, "the

matter will likely be substantially delayed").

Transferring this case to MDL No. 875 prior to a ruling on whether the federal

courts have jurisdiction over this case will add yet another case to the crowded MDL

docket, further delaying resolution for other MDL cases and delaying resolution of *Lusk*

to such an extent that it will for practical purposes extinguish the rights of John and Helen

Lusk to seek the relief they allege they are entitled to.  At a minimum, further costs will

be incurred and the parties will be forced to expend valuable time and resources

participating in further, distant court procedures, only to have the cases eventually return

to California for trial.  In contrast, vacating the Conditional Transfer Order will cause no prejudice to any party and will further the interests of judicial economy.

**C.     Transfer to MDL No. 875 should not occur prior to the local District Court's determination of federal court jurisdiction pursuant to plaintiffs' pending remand motions**

Federal courts are courts of limited jurisdiction; they presumptively have no jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  Thus, failure by the Court to determine at the outset of an action that jurisdiction exists "carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers."  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998).

There are no exceptions to this rule:  "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  523 U.S. at 94-95, 118 S. Ct. at 1012 (citing to *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510 (1884).)

Transfer of this case to MDL No. 875 while a remand motion is pending in the local District Court would inconvenience the parties and impede the just and efficient administration of this action.  If no valid basis for federal jurisdiction exists, this case does not belong in MDL No. 875.  But it will take the MDL, with its backlog of cases and less frequent sessions, much longer to make that determination that it will take the local District Court.  The result would be a substantial and needless delay to the ultimate resolution of this case.  It would conserve judicial resources and foster expeditious

administration of justice to allow the remand motion process to fully run its course in the local District Court before burdening the MDL with yet another asbestos case.

Furthermore, while the jurisdictional issue could be resolved in the MDL, transfer at this time would force aside the question of federal jurisdiction while it is still unresolved, requiring the parties to resubmit all their briefing and await the Panel's availability to adjudicate the matter at one of its bimonthly sessions.  Meanwhile, plaintiffs will be forced to litigate their case in a court that potentially has no jurisdiction or simply wait in legal limbo for an indeterminate length of time because until the jurisdictional issue is determined, the case cannot be decided on its merits.  Neither option serves the interests of justice nor furthers the goals of Multidistrict Litigation. Moreover, both options run afoul of the separation of powers and due process doctrines.

Principles of comity also support vacating the Conditional Transfer Order at this time, while an important motion is under submission with the local District Court.  *In re L. E. Lay & Co. Antitrust Litig.,*  391 F.Supp. 1054, 1056 (J.P.M.L. 1975); *see also In re Multidistrict Private Civ. Treble Damages Litig.,* 298 F. Supp. 484, 496 (J.P.M.L. 1968)("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts … to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel.")

Transfer prior to remand also does not eliminate the potential for conflicting contemporaneous pretrial rulings.  Different jurisdictions have addressed the issue of federal officer jurisdiction over asbestos-related personal injury actions differently; indeed, there is not even uniformity among the District Courts within the Ninth Circuit

with regard to this issue.  Thus, while uniformity in other types of pretrial rulings, such as

discovery orders, may flow from MDL No. 875 practices, transfer of cases prior to the

local district court ruling on remand motions does not.

Nor does it foster judicial efficiency.  The jurisdictional issue already has been

fully briefed and submitted to the local District Court.  Dozens of defendants have filed

answers, and one moved to quash service of summons, a matter which also has been fully

briefed and awaits the local District Court's ruling.  In short, the local District Court is

familiar with some of the issues involved in this case, issues that it would require

additional judicial resources for the Panel to get up to speed on, and additional resources

of the parties to re-brief.  Allowing the local District Court to rule on remand before

transfer would preserve significant judicial resources—especially if remand is granted—

as well as conserving the resources of the parties.

## IV.  CONCLUSION

For the foregoing reasons, plaintiffs request that the Panel VACATE the

Conditional Transfer Order in the above-captioned case and allow the case to proceed

before the U.S. District Court for the Central District of California, where a remand

motion and proposed order based on stipulation to remand is pending.  The local District

Court already has some familiarity with the facts and legal issues involved in this action,

has requested further briefing, and will have more familiarity with the case by the time

the Panel hears this Motion to Vacate.

//

//

//

Transfer to MDL No. 875 violates plaintiffs' due process rights, frustrates the policy

objectives of 28 U.S.C. § 1407, and severely prejudices plaintiffs.


Dated:  February 9 2009

Respectfully submitted,

_____

Deborah R. Rosenthal
PAUL & HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:     (510) 559-9980
Facsimile:     (510) 559-9970
drosenthal@paulandhanley.com
Attorneys for Plaintiffs John and Helen Lusk

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2009

FILED
CLERK'S OFFICE

**EXHIBIT "A"**

1  Dean A. Hanley, Esq.  (State Bar No. 169507)
   Young S. Lee, Esq.  (State Bar No. 184506)
2  PAUL & HANLEY LLP
   1608 Fourth Street, Suite 300
3  Berkeley, California 94710
   Telephone:  (510) 559-9980
4  Facsimile:  (510) 559-9970

5  Attorneys for Plaintiffs

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF SAN FRANCISCO-COURT OF UNLIMITED JURISDICTION

10

11  JOHN LUSK,                          )  Case No.: BC398818
                                        )
12          Plaintiffs,                 )  **DECLARATION OF DENNIS DALE,**
                                        )  **M.D., IN SUPPORT OF PLAINTIFFS'**
13  vs.                                 )  **MOTION FOR PREFERENCE**
                                        )
14  A.B. BOYD COMPANY INC., et al.,     )
                                        )
15          Defendants.                 )
                                        )
16

17      I, Dennis Dale, M.D. declare as follows:

18      1. I am licensed to practice medicine in the State of _Lavisiave_ I am board certified in

19  _Almonary_____. I am the treating physician for JOHN LUSK.  My office is located

20  at 1850 Gause Boulevard, Slidell, Louisiana 70461.

21      2. Mr. LUSK, who is 66 years old, has been seen by me on multiple occasions, most

22  recently on or about _10/20/08_ He is terminally ill with malignant mesothelioma.

23      3. Mr. LUSK visited his primary care physician, Christy Graves, M.D in January, 2008

24  for his biannual routine check-up.  During the check up, Dr. Graves noted that Mr. LUSK's liver

25  functions were elevated, and referred him to pulmonologist, Dennis Dale, M.D., and

26  gastroenterologist, Arvind Gopal, M.D., for further tests and CT scan.  The CT scan revealed a

27  right pleural effusion with atelectasis of the lower right lobe.  The CT scan also showed fluid

28  build-up in Mr. LUSK's lungs.  A thoracentesis was preformed on February 1, 2008, by Dr.

Dale, removing one liter of fluid.

DECLARATION OF DENNIS DALE, M.D., IN SUPPORT OF TRIAL PREFERENCE                    PAGE 1

1    4. Mr. LUSK had another CT scan in May 2008, which showed that additional fluid had

2  accumulated in his lungs. Dr. Dale referred Mr. LUSK to thoracic surgeon, Michael Karam,

3  M.D., for a thoracentesis and lung biopsy. The treating pathologist who reviewed the pathology

4  materials diagnosed malignant mesothelioma. The diagnosis of malignant mesothelioma was

5  confirmed by Scott and White Medical Hospital in Temple, Texas on June 9, 2008.

6    5. Following diagnosis, Mr. LUSK was referred to oncologist Matthew McElveen, M.D.

7  at Northlake Hematology and Oncology who recommended chemotherapy treatment. Mr. LUSK

8  sought a second opinion at Scott and White Health Science Center in Temple, Texas on

9  approximately July 7, 2008. Mr. LUSK was seen there by W. Roy Smythe, M.D., who

10  recommended that Mr. LUSK undergo an extrapleural pneumonectomy followed by IMRT

11  radiation therapy. Mr. LUSK opted for neither course of treatment.

12    6. Mr. LUSK had a CT preformed on October 13, 2008, at Northshore Regional Medical

13  Center which showed a moderate right pleural effusion with calcified pleural plaques at both the

14  visceral and parietal pleura in the right posterior gutter.

15    7. Mr. LUSK's condition will continue to deteriorate as a result of his malignant

16  mesothelioma. In an effort to maintain quality of life, Mr. LUSK has elected not to pursue any

17  treatment for his disease. Narcotic pain medications may be prescribed and administered in

18  increasing dosages in the near future. There is no cure for this disease, and Mr. LUSK will likely

19  die from it or its complications.

20    For the forgoing reasons, it is my medical opinion that there is substantial medical doubt

21  Mr. LUSK will survive four to six months beyond the date of this declaration.

22    I declare under penalty of perjury under the laws of the State of California that the

23  foregoing is true and correct.

24    Executed on November 25, 2008, in Slidell, Louisiana.

25

26    Dennis Dale, M.D.

27

28

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :     MDL DOCKET NO. 875
LIABILITY LITIGATION (No. VI)   :
                                :
                                :
                                :
THIS DOCUMENT RELATES TO        :
ALL ACTIONS                     :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    DECEMBER 18, 2008

MDL no. 875 involves issues relating to personal injuries allegedly caused by asbestos products.  It currently consists of about 59,000 cases and 3.5 million claims consolidated for pretrial proceedings by the Judicial Panel on Multidistrict Litigation and transferred to the Eastern District of Pennsylvania.[1]

On May 31, 2007, in order to facilitate the resolution of this case, the court entered Administrative Order No. 12, requiring submission of certain information as to each pending plaintiff in MDL 875 to a database established by the court.[2]

---

[1]Typically, a single case in the MDL 875 docket has claims by multiple plaintiffs against multiple defendants.

[2]The court has established an online database of claim specific information which, when finished, will allow the court to administrate the MDL 875 docket as efficiently as possible. Administrative Order No. 12 requires each plaintiff, whose case is pending in MDL 875, to provide certain information about the basis for their claim, including personal information, the parties against whom they are alleging their claim and a good

1

The deadline for complying with Administrative Order No. 12 was December 1, 2007.  <u>See</u> Administrative Order No. 12 (May 31, 2007).  Administrative Order No. 12 initially applied to all cases filed before December 1, 2007, but the sweep of the order was later extended to cover all cases filed before October 3, 2008.  <u>See</u> Order Extending Administrative Order No. 12 (October 3, 2008).

*   *   *

    Certain defendants[3] in the individual cases have filed this motion seeking the entry of a show cause order requiring each plaintiff in MDL 875, who has failed to comply with the requirements of Administrative Order No. 12, to show cause why

_____

faith basis for their allegations.

    [3]A.R. Wifley & Sons, Inc.; Accurate Felt & Gasket Co., Inc.; Allied Glove Corporation (sometimes sued as Nationwide Glove Corporation); Amsted Industries, Inc.; Bondex International, Inc.; CertainTeed Corporation; Cooper Alloy Corp.; Crossfield Products Corp.; Eastern Safety Equipment Company, Inc. (sometimes sued as Aearo Company); Flexo Products, Inc.; Gardner Denver, Inc.; General Electric Co.; Georgia-Pacific Corporation; The Gorman-Rupp Company; Gulf Coast Marine Supply Company; Pulsafeeder, Inc.; Viking Pump Company; Warren Rupp, Inc.; Illinois Tool Works Inc.; Ingersoll-Rand Company; Lawrence Pumps, Inc.; Magnetrol International Incorporated; Marine Specialty Company, Inc.; Mueller Steam Specialty; National Service Industries, Inc. f/d/b/a North Bros. Company; Owens-Illinois, Inc. d/b/a O-I; Pecora Corporation; Pneumo Abex, LLC; Rogers Corporation; Sager Glove Corp.; Aurora Pump Company; BIF; DeZurik, Inc.; Layne & Bowler Pump Group; Marsh Instruments; Standard Equipment Company, Inc.; Terex Corporation; Terex Cranes, Inc.; The American Crane Corporation; Turner Supply Company; Union Carbide Corporation; Amchem Products, Inc.; Warren Pumps, LLC; "Yeoman's Chicago Corporation" (also erroneously served for "Chicago Pump Company" and/or "Morris Machine Works/Morris Pumps"); Yuba Heat Transfer.

their claim should not be dismissed pursuant to Fed. R. Civ. P.
41 (doc. no. 5527). Defendants also propose that any plaintiff
who fails to respond to the requested order to show cause have
their cases dismissed. The motion will be denied without
prejudice.

While many plaintiffs have complied with the obligations of
Administrative Order No. 12, there are still many who have not
done so. These noncompliant plaintiffs are the target of the
defendants' blanket motion for entry of a show cause order. The
court agrees that plaintiffs who have not complied with the
requirements of Administrative Order No. 12 can be subject to the
entry of a show cause order as to their specific claim(s).
However, defendants' instant motion sweeps too broadly. Without
details as to the specifics of each case and whether notice has
been sent to these plaintiffs, defendants' motion requests that
the court issue show cause orders applying to approximately 1.5
million individual claims within the MDL 875 docket. On this
basis alone, the court is unable to determine whether the show
cause order should issue and ultimately, whether any of these
cases should be dismissed with prejudice for failure to comply
with Administrative Order no. 12.

A motion for a rule to show cause why a case (or certain
claims within the case) should be dismissed for failure to comply
with Administrative Order no. 12 must contain, at a minimum, the

3

following information as to such case and/or claim:

    1.) The civil action number of the case in the district where it was originally filed.

    2.) The name of the plaintiff in the case.

    3.) The specific defendant or defendants on whose behalf the motion is being brought.

    4.) The claim or claims for which dismissal is sought.

    5.) The specific deficiency which fails to satisfy the requirements of Administrative Order no. 12 (e.g., failure to make any submission whatsoever; submission is inadequate)

    6.) A certification that the motion requiring the order for a rule to show cause has been served upon counsel for the party against whom the rule to show cause is being sought.

*   *   *

Any defendant seeking the entry of an order requiring a rule to show cause and ultimately the dismissal of a claim based on failure to comply with Administrative Order no. 12 should file a motion seeking entry of an order to show cause, as described above, by **January 31, 2009.**

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | MDL DOCKET NO. 875 |
| LIABILITY LITIGATION (No. VI) | : | |
| | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO | : | |
| ALL ACTIONS | : | |

<u>O R D E R</u>

**AND NOW**, this **18th** day of **December, 2008,** it is hereby **ORDERED** that certain defendants' motion for entry of a show cause order(doc no. 5527) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that a motion for a rule to show cause why a case should be dismissed for failure to comply with Administrative Order no. 12 must contain, at a minimum, the following information as to such case and/or claim:

1.) The civil action number of the case in the district where it was originally filed.

2.) The name of the plaintiff in the case.

3.)The specific defendant or defendants on whose behalf the motion is being brought.

4.)The claim or claims for which dismissal is sought.

5.)The specific deficiency which fails to satisfy the requirements of Administrative Order no. 12 (e.g., failure to make any submission whatsoever; submission is inadequate)

6.) A certification that the motion requiring the order for

5

a rule to show cause has been served upon counsel for the party against whom the rule to show cause is being sought.

**AND IT IS SO ORDERED**.

             S/Eduardo C. Robreno
             **EDUARDO C. ROBRENO, J.**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Anne Scott, hereby certify that I served a true and correct copy of Plaintiffs' Motion to Vacate Conditional Transfer Order upon the Judicial Panel for Multidistrict Litigation via overnight mail, and upon the attached Panel Service List via first class mail, postage prepaid, on this ___9___ day of February, 2009.

Anne Scott

Page 1 of 2

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                                    MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Carol S. Dudash, et al. v. Alstom Power, Inc., et al., C.D. California, C.A. No. 2:08-7434
John Lusk, et al. v. A.B. Boyd Co., et al., C.D. California, C.A. No. 2:08-7548
Jeri Redman, et al. v. A.W. Chesterton Co., Inc., et al., N.D. California, C.A. No. 3:08-3013
David Sanborn, et al. v. Asbestos Corp., Ltd., et al., N.D. California, C.A. No. 3:08-5260

Joseph Blaise Adams
BASSI MARTINI EDLIN & BLUM
351 California Street
Suite 200
San Francisco, CA 94104

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Melissa R. Badgett
COOLEY MANION JONES
 HAKE ET AL
201 Spear Street
Suite 1800
San Francisco, CA 94105

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Robert E. Boone, III
BRYAN CAVE LLP
120 Broadway
Suite 300
Santa Monica, CA 90401-2386

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Timothy Colin Connor
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Whitney Aaron Davis
CHARTER DAVIS LLP
1730 I Street
Suite 240
P.O. Box 15408
Sacramento, CA 95814

Carlos J.E. Guzman
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Dean A. Hanley
PAUL HANLEY & HARLEY
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Bo Kim
PERKINS COIE LLP
South Tower
1620 26th Street
6th Floor, South Tower
Santa Monica, CA 90404-4013

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**MDL No. 875 - Panel Service List (Excerpted from CTO-318 (Continued)**

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY & MANSFIELD PLLP
150 South Los Robles Avenue
Suite 400
Pasedena, CA 91101

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
 & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kathryn Louise McCann
LINER YANKELEVITZ SUNSHINE
& REGENSTREIF
1100 Glendon Avenue
14th Floor
Los Angeles, CA 90024

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Andrew I. Port
EMARD DANOFF PORT
TAMULSKI & PAETZOLD
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Glen R. Powell
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Trung VI Quang
MCKENNA LONG & ALDRIDGE
101 California Street
41st. Floor
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Deborah R. Rosenthal
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Carolin K. Shining
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Stree
42nd Floor
Los Angeles, CA 90017-2223

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | | |
|---|---|---|
| JOHN LUSK and HELEN LUSK, | ) | |
| | ) | |
| | ) | Civil Action No. 08-7548 R |
| Plaintiffs, | ) | |
| | ) | in the United States District Court |
| v. | ) | for the Central District of California |
| | ) | |
| | ) | |
| A.B. BOYD CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>ORDER</u>

Upon consideration of Plaintiffs' Motion to Vacate the Conditional Transfer Order (CTO-318), and any opposition thereto, and any reply to opposition, it is hereby ordered, this ____ day of _____, 2009, that Plaintiffs' Motion to Vacate is GRANTED.  The above-captioned case will not be transferred to MDL No. 875 at this time.  If this case remains in federal court after the U.S. District Court for the Central District of California rules on plaintiffs' pending remand motion and on the stipulated request for remand, removing defendants may file a Motion to Transfer in this Court based on the existence of new and different circumstances that exist at that time.

_____
United States Judicial Panel on
Multidistrict Litigation

Copies to:  Panel Service List

RECEIVED
CLERK'S OFFICE
2009 FEB 11  A 10: 59
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION