MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 25 2009

FILED
CLERK'S OFFICE

PLEADING NO. 5759

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)**

*Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.*, D. Oregon, Civil No.: 3:08-CV-469-ST

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO
VACATE CONDITIONAL TRANSFER ORDER**

At the Panel's request, Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc. (collectively, "the coal tar pitch defendants") submit this Supplemental Brief in support of their Motion to Vacate Conditional Transfer Order.

On February 10, 2009, the Panel issued an order requesting additional briefing, asking for supplemental briefing on two discrete points. First, the Panel requested supplemental briefing clarifying which of the defendants remaining in the *Dunn* case are coal tar pitch defendants and which of the defendants remaining in the *Dunn* case are asbestos defendants. Second, the Panel requested supplemental briefing addressing the merits of an order separating and simultaneously remanding Plaintiff Dunn's claims against the coal tar pitch

OFFICIAL FILE COPY

IMAGED FEB 2 5 2009

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION
TO VACATE CONDITIONAL TRANSFER ORDER
Page - 1

defendants to the District of Oregon, transferring the remainder of Plaintiff Dunn's claims against the asbestos defendants to the MDL.

This supplemental brief addresses those two discrete points.

A.  **Coal tar pitch and asbestos defendants remaining in the *Dunn* case.**

As noted in the coal tar pitch defendants' Motion to Vacate the Conditional Transfer Order, there are eight defendants remaining in Plaintiff Dunn's lawsuit -- five of which are coal tar pitch defendants and three of which are asbestos defendants.

The five coal tar pitch defendants remaining in Plaintiff Dunn's lawsuit are: (1) Defendant Beazer East, Inc.; (2) Defendant Honeywell International, Inc.; (3) Defendant Koppers, Inc.; (4) Defendant Vertellus Specialties, Inc.; and (5) Defendant Calgon Carbon Corporation.

The three asbestos defendants remaining in Plaintiff Dunn's lawsuit are: (1) Defendant Viacom, Inc.; (2) Defendant Riley Power, Inc.; and (3) Defendant B & P Equipment Systems, Inc.

B.  **An order separating and remanding Plaintiff Dunn's claims against the coal tar pitch defendants to the District of Oregon (and transferring the remainder of Plaintiff Dunn's claims against the asbestos defendants to the MDL) would be appropriate.**

Separation and remand of Plaintiff Dunn's claims against the coal tar pitch defendants is appropriate because, for the reasons articulated in the coal tar pitch defendants' moving papers, Plaintiff Dunn's coal tar pitch products liability claims have no factual overlap with Plaintiff Dunn's asbestos products liability claims. Additionally, for the reasons articulated in the coal tar pitch defendants' moving papers, transferring Plaintiff Dunn's coal tar pitch

products liability claims to the MDL would be of little to no benefit for the parties or witnesses and would not promote the just and efficient conduct of the action.[1]

1. **Plaintiff Dunn's coal tar pitch products liability claims have no factual overlap with Plaintiff Dunn's asbestos products liability claims.**

The report attached as Exhibit 1 to Plaintiff Dunn's Second Amended Complaint was prepared by the plaintiff, and it describes the decedent's alleged exposure to asbestos products and coal tar pitch volatiles while working in an aluminum plant in The Dalles, Oregon. In the report, the plaintiff distinguishes between the two types of exposure. (Whittemore Decl., ¶ 4, Ex. 1.)

According to the report prepared by the plaintiff, the decedent was present at various stages of aluminum production that involved the heating of coal tar pitch from the coal tar pitch defendants, at which time he was allegedly exposed to coal tar pitch volatiles. (*Id.*) The report does not allege that any of the coal tar pitch defendants were responsible for the decedent's alleged exposure to asbestos fibers in the aluminum smelters.

The report prepared by the plaintiff further alleges that the decedent was exposed to asbestos fibers while working in the plant (*id.*), but the decedent's exposure to asbestos fibers and the asbestos defendants are separate and distinct from the decedent's exposure to coal tar pitch volatiles and the coal tar pitch defendants as identified in the report.

There is no allegation of joint conduct between the coal tar pitch defendants and the asbestos defendants.

---

[1] In order to lessen the burden on the Panel, the coal tar pitch defendants will not repeat in this supplemental brief the same arguments and information set forth in their original moving papers. Instead, the coal tar pitch defendants incorporate those arguments and that information herein by reference.

2.  **The Panel should separate and remand Plaintiff Dunn's coal tar pitch products liability claims to the District of Oregon.**

The Panel is empowered by statute to couple an order transferring an action with a simultaneous separation and remand of any claims in the action to the transferor court (in this case, the District of Oregon). *See, e.g.*, 28 U.S.C. § 1407(a); *In re 1980 Decennial Census Adjustment Litigation*, 506 F. Supp. 648, 650 (J.P.M.L. 1981) (stating same); *In re Aviation Products Liability Litigation*, 347 F. Supp. 1401, 1405-06 (J.P.M.L. 1972) (separating and remanding a claim that did not present questions of fact sufficiently common to the other actions pending in the MDL). Before the Panel may exercise that power, it must be convinced that the claims to be returned to the transferor court involve little or no factual overlap with the claims to be transferred. *In re 1980 Decennial Census Adjustment Litigation*, 506 F. Supp. at 650.

In *In re Kugel Mesh Hernia Patch Products Liability Litigation*, for example, the plaintiff moved to vacate an order conditionally transferring his products liability action involving an allegedly defective prescription medical device known as the Composix Kugel Hernia Patch (the patch) to an MDL relating to the recall of several models of the patch. 560 F. Supp. 2d 1362, 1363-64 (J.P.M.L. 2008). In *Kugel*, the plaintiff had alleged a products liability claim arising out of a patch used in his abdomen and a products liability claim arising out of allegedly defective staples used to attach the patch to his abdomen. *Id.* at 1363. Although the Panel refused to remand the plaintiff's products liability claim related to the patch (finding that it involved common questions of fact with the other actions pending in the MDL), the Panel separated and remanded the plaintiff's products liability claim related to the staples. *Id.* The Panel held that while there could be "some slight overlap in discovery," the

claims related to the staples did not share sufficient questions of fact with previously centralized MDL actions.

Plaintiff Dunn's case is analogous to the plaintiff's case in *Kugel* because Plaintiff Dunn's claims against the asbestos defendants are separate and distinct from Plaintiff Dunn's claims against the coal tar pitch defendants, and the coal tar pitch claims do not share sufficient questions of fact with the previously centralized asbestos actions in the MDL. Thus, like the panel in *Kugel*, the Panel should remand Plaintiff Dunn's coal tar pitch claims to the District of Oregon.

This is a case in which an order separating and remanding Plaintiff Dunn's coal tar pitch products liability claims to the transferor court is appropriate because Plaintiff Dunn's coal tar pitch products liability claims rest on a different set of primary facts than Plaintiff Dunn's asbestos products liability claims and the other cases pending in the MDL. Few, if any, efficiencies would result from transferring Plaintiff Dunn's coal tar pitch products liability claims to the MDL, and the coal tar pitch products liability claims would require separate treatment in the MDL. *See, e.g., In re Kugel Mesh Hernia Patch Products Liability Litigation*, 560 F. Supp. 2d 1362, 1363-64 (J.P.M.L. 2008).

Furthermore, the coal tar pitch defendants will be prejudiced if they are forced to defend against Plaintiff Dunn's claims in the context of a complex asbestos MDL as opposed to defending against Plaintiff Dunn's claims in the District of Oregon. In the MDL, the coal tar pitch defendants will incur significant additional costs and time to wade through the complex asbestos issues and extensive discovery that is simply not relevant to Plaintiff Dunn's claims against the coal tar pitch defendants. Judicial efficiency and efficiency for all involved parties favors remanding the coal tar pitch claims to the District of Oregon.

Ultimately, an order separating and simultaneously remanding Plaintiff Dunn's coal tar pitch products liability claims to the District of Oregon would be appropriate in this case.

## CONCLUSION

For the foregoing reasons, and for the reasons articulated in the coal tar pitch defendants' moving papers, the coal tar pitch defendants respectfully submit that there exists sufficient cause for this Panel to vacate its Conditional Transfer Order with respect to the *Dunn* case and either: (1) remand the entire case to the District of Oregon; or (2) separate and simultaneously remand Plaintiff Dunn's coal tar pitch products liability claims to the District of Oregon.

DATED this 24th day of February, 2009.

BULLIVANT HOUSER BAILEY PC

BY /s/ Richard J. Whittemore
Richard J. Whittemore
Oregon Bar # 824512
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
E-mail: richard.whittemore@bullivant.com

Counsel for Defendants Beazer East, Inc.;
Honeywell International, Inc.; Koppers, Inc.; and
Vertellus Specialties, Inc.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2009 FEB 25 A 10: 31
RECEIVED CLERK'S OFFICE



# CERTIFICATE OF SERVICE

I hereby certify on February 24, 2009, that I served the foregoing **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER** on the following named attorney(s) of record on the date indicated below by:

☒ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☐ e-mail

☐ notice of electronic filing using the CM/ECF system

contained in a sealed envelope to said attorney(s) at his or her last known address(es) indicated below, and to said attorney(s) as listed on the Panel Service List, a copy of which is attached hereto and incorporated herein.

| | |
|---|---|
| Patrick D. Angel<br>Brayton Purcell, LLP<br>Columbia Square Building<br>111 SW Columbia, Suite 250<br>Portland, OR 97201-5864<br>pangel@braytonlaw.com | George S. Pitcher<br>Williams, Kastner & Gibbs<br>Pioneer Office Tower<br>888 SW 5th Avenue, Suite 600<br>Portland, OR 97204-2025<br>gpitcher@williamskaster.com |
| *Attorneys for Plaintiff Vivian Dunn as Personal Representative of the Estate of James L. Dunn* | *Attorneys for Defendant Viacom, Inc.* |

Phillip M. Bender
Kirkpatrick Lockhart Preston Gates
   & Ellis
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222-2312
phil.bender@klgates.com

*Attorneys for Defendant Calgon Carbon Corporation*

Jason H. Daywitt
Claude F. Bosworth
Rizzo Mattingly Bosworth PC
411 SW 2nd Avenue, Suite 200
Portland, OR  97204
jdaywitt@rizzopc.com
cbosworth@rizzopc.com

*Attorneys for Defendants Riley Power, Inc. and B & P Process & Equipment Systems*

BY  _____
Richard J. Whittemore
Oregon Bar # 824512
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
E-mail: richard.whittemore@bullivant.com

Counsel for Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc.

RECEIVED CLERK'S OFFICE 2009 FEB 25 A 10:31 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CERTIFICATE OF SERVICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                                     MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Vivian L. Dunn, etc. v. B&P Process Equipment & Systems, LLC, et al.,
D. Oregon, C.A. No. 3:08-469

Patrick D. Angel
BRAYTON PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Phillip Matthew Bender
K&L GATES LLP
222 SW Columbia Street, Suite 1400
Portland, OR 97201-6632

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Claude F. Bosworth
RIZZO MATTINGLY BOSWORTH
411 S.W. Second Avenue, Suite 200
Portland, OR 97204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Jason H. Daywitt
RIZZO MATTINGLY BOSWORTH
411 S.W. Second Avenue
Suite 200
Portland, OR 97204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

George S. Pitcher
WILLIAMS KASTNER
888 Southwest Fifth Avenue
Suite 600
Portland, OR 97204-2025

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Richard J. Whittemore
BULLIVANT HOUSER BAILEY PC
888 SW Fifth Avenue
300 Pioneer Tower
Portland, OR 97204-2089

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 25 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)**

*Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.*, D. Oregon, Civil No.: 3:08-CV-469-ST

### DECLARATION OF RICHARD WHITTEMORE IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER

I, Richard Whittemore, depose and state as follows:

1. I am more than 18 years of age. The following information is true to the best of my knowledge, information and belief and, if called upon, I could competently testify to the matters discussed herein.

2. I am one of the attorneys representing Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc. (collectively, "the coal tar pitch defendants") in the *Vivian L. Dunn v. B & P Process Equipment & Systems LLC, et al.* case, number 3:08-CV-469-ST, United States District Court for the District of Oregon.

3. I make this declaration in support of the coal tar pitch defendants' supplemental brief in support of their motion to vacate the Panel's January 9, 2009 order conditionally transferring the *Dunn* case to this MDL.

4. A true and correct copy of Exhibit 1 to Plaintiff's Second Amended Complaint in the *Dunn* case is attached as Exhibit 1.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Dated: February 24, 2009.

_____
RICHARD WHITTEMORE

RECEIVED CLERK'S OFFICE 2009 FEB 25 A 10: 31 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

EXHIBIT 1
PRELIMINARY PID REPORT FOR JAMES DUNN, Deceased

| Jobsite | Product | Manufacturer/Supplier | Witness/Depo |
|---|---|---|---|
| Martin-Marietta fka Harvey Aluminum, fka Northwest Aluminum, nka Golden Northwest Aluming Holding Company, The Dalles, OR while employed as a millwright Approximately 1963-2000. | exclusive fiber supplier to Eagle-Picher Industries, Inc. | Asbestos Corporation Limited | Decedent worked throughout the entire aluminum plant including, but not limited to the following areas: pot rooms, paster room, rodding room, pot lining room, boiler rooms, carbon plant boiler cast houses, and batch plants. Decedent worked on steam boilers and constructed skirts for boilers and anodes throughout the plant. Decedent mixed asbestos powder, which he referred to as "asbestos shorts", with water in five (5) gallon buckets to seal spaces between skirts. Decedent used asbestos cement board to place over skirts when using a cutting torch. Decedent applied and removed pre-cut asbestos block, boiler lagging, boiler jackets, and boiler feed pumps. Decedent used asbestos rope on boiler doors and crucibles to seal lids. Decedent worked on steam heated continuous mixers manufactured by BAKER PERKINS in the carbon plant. Decedent insulated mixers with asbestos block insulation, asbestos cloth, and asbestos cement. Decedent removed and replaced steam line insulation on steam lines and dowtherm lines running to and from the mixers. Decedent used asbestos cloth on mixers and other areas to protect against heat. Decedent used asbestos pipe covering all over the plant including in the carbon plant, boiler casthouse and troughs. Decedent cut pipe covering with a saw or knife to fit around flanges and joints. Decedent dismantled a large furnace in the mid 1980's in the #2 Casthouse and removing and cutting large amounts of refractory brick. Decedent used FLEXITALLIC, INC. "pre-cut" gaskets on dowtherm lines. Decedent assisted with the rip-out and removal of a UNION IRONWORKS boiler in the Carbon Processing Plant. This boiler was constructed with 3 inch block insulation and 1/4 inch millboard wrapped with 3 inch blanket insulation. Plaintiff is in possession of hand-written note from decedent describing a PYROTEK INC. "asbestos-containing" gasket. Decedent recalled frequently using this type of material throughout the plant. Decedent used JOHNS-MANVILLE pipe insulation.<br><br>Plaintiff recalls the following co-workers: Judy Davis, Purchasing Agent, The Dalles, OR; Myron Egbert, The Dalles, OR; Larry Bauch, location currently unknown; Art Monroe, location currently unknown; Frank Ferreira, Calstrip Mountain, MT; Richard Cyphers, Burns, OR; Jack Dillard, Lebanon, OR; Pete Buchanan, The Dalles, OR; Harry Adams, The Dalles, OR. |
| | Asbestos-containing industrial machinery and mixers | B&P Process Equipment and Systems | |
| | refractory products, adhesives, cements, cloth, and safety apparel, | LaGrand Industrial Supply Co. | |
| | coal tar pitch | Koppers, Inc. (Beazer East, Inc.) | |
| | coal tar pitch | Calgon Carbon Corporation | |
| | gaskets and packing | Mar-Dustrial Sales, Inc. | |
| | coal tar pitch | ARCO, (Atlantic Richfield Corporation dba Ericsson, Inc. | |
| | coal tar pitch | Allied Chemical Corporation, Allied Signal, Inc. (Honeywell International, Inc.) | |
| | coal tar pitch | Calgon Carbon Corporation | |
| | Plaintiff's investigation and discovery are continuing. | | |

JAMES DUNN, DECEASED - PRELIMINARY PID REPORT
J:\OR\24210\WDPLD\NEW PID RPT.wpd

EXHIBIT 1
Page 1

Exhibit " 1 "
Page 1 of 2 Pages

| Jobsite | Product | Manufacturer/Supplier | Witness/Depo |
|---|---|---|---|
| Martin-Marietta fka Harvey Aluminum, fka Northwest Aluminum, nka Golden Northwest Aluminum Holdings Company, The Dalles, OR while employed as a millwright Approximately 1963-2000. | | | Decedent's co-workers Myron Egbert, Larry Bauch, Jack Dillard, Pete Buchanan, Harry Adams, Art Monroe, Frank Ferreira, Judy Davis and Richard Cyphers will provide testimony, deposition or declaration regarding the preceding and following information: Decedent worked with WESTINGHOUSE ELECTRIC CORPORATION (VIACOM, INC.) micarta. Decedent often worked in the "paste room." In the "paste room" coal tar pitch from KOPPERS, INC., KOPPERS COMPANY, INC., ARCO, ATLANTIC RICHFIELD COMPANY, REILLY TAR AND CHEMICAL CORP., REILLY INDUSTRIES, INC., CALGON CARBON CORPORATION, ALLIED CHEMICAL CORPORATION and ALLIED SIGNAL, INC. was ground up with pet coke and heated. Decedent assisted with this process. The heated coal tar pitch and coke mixture was then brought to the "bakes" where it was heated again and baked into an anode. A rod was then put through the anode in the "rod room" where Decedent was present. The anodes were then taken to the "pot rooms" where they were heated in the aluminum making process, where Decedent was present. Spent anodes, or "butts" were broken up and re-used in the production of new anodes. Decedent was present when coal tar pitch was heated in the production of anode blocks in the "bakes." Decedent was present during and after the heating of coal tar pitch-containing anodes to make aluminum in the "pot rooms." Decedent was also present when coal tar pitch was heated and used to line the inside of pots.

Please see Exhibit 2 to the Complaint. |
| | coal tar pitch | Koppers Company, Inc. | |
| | foundry products and gasket materials | Pyrotek, Incorporated | |
| | coal tar pitch | Reilly Tar and Chemical Corp., Reilly Industries, Inc. (Vertellus Specialties Inc.) | |
| | Union Iron Works asbestos-containing boilers and boiler systems | Riley Power, Inc | |
| | electrical motors, turbines, pumps, generators, micarta, transformers and control products; and related wire, cable, gaskets, brake assemblies, starters, arc chutes, switch gears, circuit breakers, equipment, machinery, and insulating materials | Viacom, Inc., Westinghouse Electric Corporation. | |
| | Plaintiff's investigation and discovery are continuing. | | |

JAMES DUNN, DECEASED - PRELIMINARY PID REPORT
J:\OR\24210\WDPLD\NEW PID RPT.wpd

EXHIBIT 1
Page 2

Exhibit " 1 "
Page 2 of 2 Pages

# CERTIFICATE OF SERVICE

I hereby certify on February 24, 2009, that I served the foregoing **DECLARATION OF RICHARD WHITTEMORE IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER** on the following named attorney(s) of record on the date indicated below by:

☒ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☐ e-mail

☐ notice of electronic filing using the CM/ECF system

to said attorney(s), contained in a sealed envelope to said attorney(s) at his or her last known address(es) indicated below, and to said attorney(s) as listed on the Panel Service List, a copy of which is attached hereto and incorporated herein.

| | |
|---|---|
| Patrick D. Angel<br>Brayton Purcell, LLP<br>Columbia Square Building<br>111 SW Columbia, Suite 250<br>Portland, OR 97201-5864<br>pangel@braytonlaw.com | George S. Pitcher<br>Williams, Kastner & Gibbs<br>Pioneer Office Tower<br>888 SW 5th Avenue, Suite 600<br>Portland, OR 97204-2025<br>gpitcher@williamskaster.com |
| *Attorneys for Plaintiff Vivian Dunn as Personal Representative of the Estate of James L. Dunn* | *Attorneys for Defendant Viacom, Inc.* |

Phillip M. Bender
Kirkpatrick Lockhart Preston Gates
 & Ellis
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222-2312
phil.bender@klgates.com

*Attorneys for Defendant Calgon Carbon Corporation*

Jason H. Daywitt
Claude F. Bosworth
Rizzo Mattingly Bosworth PC
411 SW 2nd Avenue, Suite 200
Portland, OR  97204
jdaywitt@rizzopc.com
cbosworth@rizzopc.com

*Attorneys for Defendants Riley Power, Inc. and B & P Process & Equipment Systems*

BY _____
Richard J. Whittemore
Oregon Bar # 824512
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
E-mail: richard.whittemore@bullivant.com

Counsel for Defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc.

**CERTIFICATE OF SERVICE**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                              MDL No. 875

## PANEL SERVICE LIST (Excerpted from CTO-318)

Vivian L. Dunn, etc. v. B&P Process Equipment & Systems, LLC, et al.,
D. Oregon, C.A. No. 3:08-469

Patrick D. Angel
BRAYTON PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, OR 97201

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Phillip Matthew Bender
K&L GATES LLP
222 SW Columbia Street, Suite 1400
Portland, OR 97201-6632

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Claude F. Bosworth
RIZZO MATTINGLY BOSWORTH
411 S.W. Second Avenue, Suite 200
Portland, OR 97204

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Jason H. Daywitt
RIZZO MATTINGLY BOSWORTh
411 S.W. Second Avenue
Suite 200
Portland, OR 97204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

George S. Pitcher
WILLIAMS KASTNER
888 Southwest Fifth Avenue
Suite 600
Portland, OR 97204-2025

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Richard J. Whittemore
BULLIVANT HOUSER BAILEY PC
888 SW Fifth Avenue
300 Pioneer Tower
Portland, OR 97204-2089