MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)
MDL NO. 875

---

| | |
|---|---|
| FRANCINE PELUSO | |
| Plaintiff, | CIVIL ACTION NO. 08:CV-05112 (PGS) |
| VS. | |
| FOSTER WHEELER ENERGY CORPORATION et al., | |
| Defendants. | |

PLEADING NO. 5772

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

2009 MAR -4 A 10:52
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

OFFICIAL FILE COPY IMAGED MAR 6 2009

## I. INTRODUCTION

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this Opposition to the Motion to Vacate Conditional Transfer Order 318 ("CTO-318") filed by Plaintiff in the case of *Francine Peluso v. Foster Wheeler Energy Corp., et al.*, Civil Action Number 08:CV-05112 (PGS)(D.N.J.). The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-318 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiff's Motion to Vacate CTO-318.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).) Although Plaintiff has filed a motion to remand in this case, it has not been heard by the district court, but can just as easily be decided by the MDL Panel after transfer.

Foster Wheeler contends that the only factual issues germane to CTO-318 are already known and stated in Plaintiff's motion. Namely, Plaintiff Francine Peluso ("Peluso") claims that her father was employed as a machinist and worked aboard various ships at the Philadelphia

Naval Shipyard. It is contended that Peluso contracted mesothelioma as a result of laundering her father's clothes. (Plaintiff's Memorandum In Support Of Motion To Vacate, at page 4) This is exactly the type of asbestos personal injury case that should be transferred to MDL-875. The threat of a jurisdictional objection does not change this fact. Since any motion filed by Plaintiff could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny Plaintiff's Motion to Vacate.

II. **TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.**

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court. Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

   A. **The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims**.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the

fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re Ivy,* 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation.,* 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.,* 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer,* 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.,* 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.,* 5 F. Supp. 2d 804 (N.D. Ca. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. The existence of such a pending motion in this case does not mandate a return of this case to the district court.

### B. Transfer Promotes Judicial Efficiency and Consistency.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, at *2 (E.D. La., February 24, 1995).) In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. (*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12,

1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. (See, e.g., *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

Regardless of Plaintiff's contentions, the sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.,* 2001 WL 980541, at *1 (J.P.ML. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

Thus, because the Panel has the authority to transfer this action despite the pendency of the Plaintiff's motion to remand, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiff's Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III.   CONCLUSION

Defendant FOSTER WHEELER ENERGY CORPORATION respectfully requests that this Panel deny Plaintiff's Motion to Vacate Conditional Transfer Order 318.

RESPECTFULLY SUBMITTED, this 2nd Day of March, 2009.

*[signature: Christopher J. Keale]*

Christopher J. Keale
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 242-0002
Attorneys for Defendant Foster Wheeler Energy Corporation

RECEIVED CLERK'S OFFICE 2009 MAR -4 A 10: 52 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 5 2009

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |

## AMENDED CERTIFICATION OF SERVICE

I hereby certify that I have on this 5th day of March 2009, caused to be served a copy of Defendant, Foster Wheeler Energy Corporation's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Orders 318 and this Amended Certification of Service to all counsel and to all counsel on Panel Service List by regular mail

DATED: March 5, 2009

Respectfully submitted,

Christopher J. Keale
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center - 12th Floor
Newark, New Jersey 07102
(973) 242-0002
(973) 242-8099 (Fax)
Counsel for Defendant
Foster Wheeler Energy Corporation

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY : 
LITIGATION (NO. VI)                 :    MDL NO. 875

## ATTORNEY SERVICE LIST

| | |
|---|---|
| William L. Kuzman, Esq.<br>COHEN, PLACITELLA & ROTH, P.C.<br>127 Maple Avenue<br>Red Bank, New Jersey 07701 | Plaintiff |
| Lisa P. Wildstein, Esq.<br>David C. Weinberg<br>Segal, McCambridge, Singer & Mahoney, Ltd.<br>103 Carnegie Center, Suite 103<br>Princeton, New Jersey 08540 | Garlock Sealing Technologies, LLC |
| Bucca & Campisano<br>90 Livingston Avenue<br>New Brunswick, New Jersey 08901 | IMO Industries |
| Louis Macchiaverna, Esq.<br>Pehlivanian & Braaten<br>P.O. Box 648<br>Manasquan, New Jersey 08732 | Ingersoll Rand |
| Byan Mintz, Esq.<br>McCARTER & ENGLISH<br>100 Mulberry Street<br>Four Gateway Center<br>Newark, New Jersey 07101-0652 | Owens Illinois |
| Richard J. Brightman<br>Sonnenschein Nath & Rosenthal<br>820 Morris Turnpike, Suite 104<br>Short Hills, New Jersey 07078 | Rapid American Corporation |
| Mary S. Cook, Esq.<br>Wilbraham, Lawler & Buba<br>24 Kings Highway West<br>Haddonfield, New Jersey 08033-2122 | |

**PELUSO v ASBESTOS CORP., et al. (08-5112)**
**PANEL SERVICE LIST (Excerpted from CTO-313)**

| | |
|---|---|
| Peter G. Angelos<br>One Charles Center<br>100 North Charles Street<br>22nd Floor<br>Baltimore, Maryland 21202 | Russell W. Budd<br>Barron & Budd<br>3102 Oaklawn Avenue<br>Suite 1100<br>Dallas, TX 75219 |
| Janet W. Black<br>Ward Black<br>208 West Wendover Avneue<br>Greensboro, NC 27401-1307 | Jeannie D. Clark<br>Margolis, Edelstein<br>216 Haddon Avenue<br>P.O. Box 92222<br>Westmont, New Jersey 08108 |
| Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 2000<br>Dallas, TX 75204 | William F. Mahoney<br>Segal McCambridge Singer & Mahoney<br>233 South Wacker Drive, Suite 5500<br>Chicago, IL 60606 |
| Robert C. Malaby<br>Malaby & Bradley<br>150 Broadway, Suite 600<br>New York, NY 10038 | John P. McShea<br>McShea Tecce PC<br>Mellon Bank Center<br>1717 Arch Street, 28th Floor<br>Philadelphia, PA 19103 |
| Philip McWeeny<br>Schiff Hardin, LLP<br>One Market Plaza, 32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 | Wilson, Elser<br>33 Washington Street<br>Newark, New Jersey 07102 |
| Thomas A. Packer<br>Gordon & Rees LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | Joseph Rice<br>Motley Rice, LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29465 |
| Michael P. Thornton<br>Thornton & Naumes<br>100 Summer Street<br>30th Floor<br>boston, MA 02110 | Walter G. Watkins, Jr.<br>Foreman Perry Watkins<br>P.O. Box 22608<br>Jackson, MS 39225-2608 |
| Roger B. Lane<br>Lane & Gossett<br>1601 Reynolds Street<br>Brunswick, GA 31520 | David C. Landin<br>Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 E. Byrd Street<br>Richmond, VA 23219-4074 |
| John D. Cooney<br>Conney & Conway<br>120 North LaSalle Street<br>Suite 3000 | John D. Cooney<br>Conney & Conway<br>120 North LaSalle Street<br>Suite 3000 |

| Chicago, IL 60602-2415 | Chicago, IL 60602-2415 |
|---|---|
| Kevin M. Jordan<br>Baker Botts<br>910 Louisianna<br>One Shell Plaza<br>Houston, TX 77002-4995 | Paul Kalish<br>Crowell & Moring<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004-2595 |
| Steven Kazan<br>Kazan McClain Abrams Fernandez<br>171 Twelfth Street<br>Third Floor<br>Oakland, CA 94607 | William Kuzmin<br>Cohen, Placitella & Roth<br>115 Maple Avenue<br>Red Bank, NJ 0770 |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |

## CERTIFICATION OF SERVICE

I hereby certify that I have on this 3rd day of March 2009, caused to be served a copy of Defendant, Foster Wheeler Energy Corporation's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Orders 318 and this Certification of Service to plaintiff's counsel by Facsimile and Federal Express, and to all known defense counsel and Panel counsel listed on the attached Attorney Service Lists by regular mail

DATED: March 3, 2009

Respectfully submitted,

*Christopher J. Keale*
Christopher J. Keale
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center - 12th Floor
Newark, New Jersey 07102
(973) 242-0002
(973) 242-8099 (Fax)
Counsel for Defendant
Foster Wheeler Energy Corporation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
2009 MAR -4  A 10: 52
RECEIVED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL NO. 875

**ATTORNEY SERVICE LIST**

| | |
|---|---|
| William L. Kuzman, Esq.<br>COHEN, PLACITELLA & ROTH, P.C.<br>127 Maple Avenue<br>Red Bank, New Jersey 07701 | Plaintiff |
| Lisa P. Wildstein, Esq.<br>David C. Weinberg<br>Segal, McCambridge, Singer & Mahoney, Ltd.<br>103 Carnegie Center, Suite 103<br>Princeton, New Jersey 08540 | Garlock Sealing Technologies, LLC |
| Bucca & Campisano<br>90 Livingston Avenue<br>New Brunswick, New Jersey 08901 | IMO Industries |
| Louis Macchiaverna, Esq.<br>Pehlivanian & Braaten<br>P.O. Box 648<br>Manasquan, New Jersey 08732 | Ingersoll Rand |
| Byan Mintz, Esq.<br>McCARTER & ENGLISH<br>100 Mulberry Street<br>Four Gateway Center<br>Newark, New Jersey 07101-0652 | Owens Illinois |
| Richard J. Brightman<br>Sonnenschein Nath & Rosenthal<br>820 Morris Turnpike, Suite 104<br>Short Hills, New Jersey 07078 | Rapid American Corporation |
| Mary S. Cook, Esq.<br>Wilbraham, Lawler & Buba<br>24 Kings Highway West<br>Haddonfield, New Jersey 08033-2122 | |

2009 MAR -4 A 10: 52
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

PANEL ATTORNEY SERVICE LIST

| | |
|---|---|
| Bryan Belasky, Esq.<br>Weitz & Luxenberg<br>180 Maiden Lane<br>17th Floor<br>New York, NY 10039 | David C. Landin, Esq.<br>Huton & Williams<br>Riverfront Plaza<br>951 East Byrd Street<br>Richmond, Virginia 23219 |
| Richard Binzley, Esq.<br>Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, Ohio 44115 | Gene Locks, Esq.<br>Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA 19102 |
| Andrew J. Trevelise, Esq.<br>Reed Smith LLP<br>2500 One Liberty Plaza<br>1650 Market Street<br>Philadelphia, PA 19103 | Edward J. Cass<br>Gallagher, Sharp, Fulton & Norman<br>Bulkley Building, 7th Fl.<br>1501 Euclid Avenue<br>Cleveland, OH 44115 |
| Adam M. Chud<br>Goodwin Proctor, LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001 | David A. Damico<br>Burns, White & Hickton, LLC<br>Four Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA 15212 |
| Raymond P. Forceno<br>Forceno & & Hannon<br>111 S. Independence Mall East<br>The Bourse, Suite 1000<br>Philadelphia, PA 19106 | Ellen B. Furman<br>Goldein & Hosmer<br>1600 Market Street, 33rd Fl.<br>Philadelphia, PA 19103 |
| Susan M. Hansen<br>Brownson & Ballou<br>225 Sough Sixth Street<br>Suite 4800<br>Minneapolis, MN 55402 | Reginald S. Kramer<br>Oldham & Dowling<br>195 South Main Street<br>Suite 300<br>Akron, OH 44308-1314 |
| Ronald L. Motley<br>Motley Rice, LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29465 | John J. Repcheck<br>Marks, O'Neill, O'Brien & Courtney<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 |
| John D. Roven<br>Roven-Kaplan LLP<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 | Richard Schuster<br>Vorys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216 |
| Neil Selman<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>6th Fl. | Robert N. Spinelli<br>Kelley, Jasons, McGuire & Spinelli<br>Centre Square West, 15th Fl.<br>Philadelphia, PA 19102 |

NJ/159594v1

| | |
|---|---|
| Los Angeles, CA 90025 | |
| Robert E. Swickle | James K. Weston, II |
| Jaques Admiralty Law Firm, P.C. | Tom Riley Law Firm |
| 1570 Penobscot Building | 4040 First Avenue, N.E. |
| The Maritime Asbestosis Legal Clinic | P.O. Box 998 |
| Detroit, MI 48226 | Cedar Rapids, IA 52406 |

NJ/159594v1