MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 5 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)
MDL NO. 875

| | |
|---|---|
| MICHAEL CURRY | : |
| Plaintiff, | : CIVIL ACTION NO.<br>: 08-CV-10228 |
| VS. | : |
| AMERICAN STANDARD, INC. et al.,<br>Defendants. | : |

PLEADING NO. 5773

**DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

OFFICIAL FILE COPY          IMAGED MAR 6 2009

I.  **INTRODUCTION**

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this Opposition to the Motion to Vacate Conditional Transfer Order 318 ("CTO-318") filed by Plaintiff in the case of *Michael Curry v. Foster Wheeler Energy Corp., et al.*, Civil Action Number 08-CV-10228 (GBD)(S.D.N.Y. Feb. 6, 2009). The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-318 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiff's Motion to Vacate CTO-318.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).) However, in this case, the Panel should unequivocally deny plaintiff's opposition to transfer because **plaintiff's motion to remand was denied on February 6, 2009**. See Judge Daniels' Order, attached hereto as Exhibit 1. The Honorable Judge George B. Daniels determined that Foster Wheeler presented sufficient evidence to demonstrate that it had a colorable government contractor defense to plaintiff's claims, and that the case should proceed in federal court.

Foster Wheeler contends that the only factual issues germane to CTO-318 are already known and stated in Plaintiff's motion. Namely, Plaintiff Michael Curry ("Curry") claims he contracted mesothelioma as a result of his exposure to asbestos. (Plaintiff's Motion To Vacate, at page 2) This is exactly the type of asbestos personal injury case that should be transferred to MDL-875. Since there remains no threat of a jurisdictional objection, any motion filed by Plaintiff could only raise issues already addressed by the Panel in this litigation. Thus, the Panel, as it has done many times previously, should deny Plaintiff's Motion to Vacate.

## II. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate. Although the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections, plaintiff's motion to remand which was pending in the United States District Court for the Southern District of New York was denied.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L.

1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which a motion to remand to state court is pending. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

However, in this case, there is no motion to remand to state court pending. **Plaintiff's remand application that was pending in the United States District Court for the Southern District of New York was denied on February 6, 2009**. Therefore, this case, involving similar, if not identical claims of asbestos-related exposure and injury to the cases in MDL-875, should be decided by the MDL.

Furthermore, transfer promotes judicial efficiency and consistency. Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [these issues] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) Because the Panel has the authority

to transfer this action, and because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiff's Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III. CONCLUSION

Defendant FOSTER WHEELER ENERGY CORPORATION respectfully requests that this Panel deny Plaintiff's Motion to Vacate Conditional Transfer Order 318.

RESPECTFULLY SUBMITTED, this 2nd Day of March, 2009.

*[signature]*
Christopher J. Keale
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 242-0002
Attorneys for Defendant Foster Wheeler Energy Corporation

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION   2009 MAR -5  A 10:00   RECEIVED CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 5 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |

**CERTIFICATION OF SERVICE**

I hereby certify that I have on this 4th day of March 2009, caused to be served a copy of Defendant, Foster Wheeler Energy Corporation's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Orders 318 and this Certification of Service to plaintiff's counsel via Federal Express, and to all known defense counsel via email, and to all Panel counsel listed on the attached Attorney Service Lists by regular mail

DATED: March 4, 2009

Respectfully submitted,

Christopher J. Keale
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center - 12th Floor
Newark, New Jersey 07102
(973) 242-0002
(973) 242-8099 (Fax)
Counsel for Defendant
Foster Wheeler Energy Corporation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2009 MAR -5 A 10 00

RECEIVED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL NO. 875

**ATTORNEY SERVICE LIST**

| | |
|---|---|
| Cori Leavitt, Esq.<br>William Bradley, Esq.<br>Robert Malaby, Esq.<br>Malaby, Carlisle & Bradley, LLC<br>150 Broadway<br>New York, New York 10038 | Counsel for Viacom, Inc. and Warren Pumps, Inc. |
| John A. Turlik, Esq.<br>Dave Weinberg, Esq.<br>Segal McCambridge, Singer & Mahoney<br>830 Third Avenue, Suite 400<br>New York, New York 10022-7523 | Counsel for Anchor Packing Co., Fairbanks Morse Engine, Fairbanks Morse Pump Corp. and Garlock Sealing Technologies, LLC |
| Scott R. Emery, Esq.<br>Lynch Daskal Emery LLP<br>264 West 40th Street<br>New York, New York 10018 | Counsel for Georgia Pacific Corporation |
| Frank Cecere, Esq.<br>Ahmuty Demers & McManus<br>200 I.U. Willets Road<br>Albertson, NY 11507 | Counsel for Carrier Corp. |
| Joseph Colao, Esq.<br>Leader & Berkon<br>630 Third Avenue, 17th Floor<br>New York, NY 10017 | Counsel for IMO Industries, Inc. |
| Julie Evans, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>150 East 42nd Street<br>New York, New York 10017 | Counsel for A.W. Chesterton Co, Inc. |
| Lawrence McGivney, Esq.<br>McGivney, Kluger & Gannon, P.C.<br>80 Broad Street – 23rd Fl.<br>New York, New York 10004 | Counsel for Leslie Controls, Inc. |
| Yvette Harmon, Esq.<br>McGuire Woods, LLP<br>1345 Avenue of the Americas, 7th Floor<br>New York, New York 10105 | Counsel for American Standard, Inc. |

| | |
|---|---|
| Michael Waller, Esq.<br>Kirkpatrick, Lochard, Nicholson & Graham LLP<br>One Newark Center, 10th Floor<br>Newark, New Jersey 07102 | Counsel for Crane Co. and Crane Pumps & Systems, Inc. |
| William Mueller, Esq.<br>Clemente, Dickson & Mueller<br>218 Ridgedale Avenue<br>Morristown, New Jersey 07961 | Counsel for Durabla Manufacturing Company |
| Lisa Pascarella, Esq.<br>Pehlivanian Braaten & Pascarella, LLC<br>2430 Route 34<br>Manasquan, New Jersey 08736 | Counsel for Ingersoll-Rand Co. |
| Linda Yassky, Esq.<br>Sonnenschein Nath & Rosenthal<br>1221 Avenue of the Americas<br>New York, New York 10020 | Counsel for Rapid American Corporation |
| Edward WIlbraham, Esq.<br>Wilbraham Lawler & Buba<br>140 Broadway, 46th Floor<br>New York, NY 10005 | Counsel for Buffalo Pumps, Inc. |
| Andrew Czerepak, Esq.<br>Consolidated Edison<br>Four Irving Place<br>New York, New York 10003 | Counsel for Consolidated Edison Company of New York, Inc. |

## CURRY V. AMERICAN STANDARD, INC. et al. (08-10228)
## PANEL SERVICE LIST (Excerpted from CTO-313)

| | |
|---|---|
| Peter G. Angelos<br>One Charles Center<br>100 North Charles Street<br>22nd Floor<br>Baltimore, Maryland 21202 | Russell W. Budd<br>Barron & Budd<br>3102 Oaklawn Avenue<br>Suite 1100<br>Dallas, TX 75219 |
| Janet W. Black<br>Ward Black<br>208 West Wendover Avneue<br>Greensboro, NC 27401-1307 | Paul Kalish<br>Crowell & Moring<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004-2595 |
| Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 2000<br>Dallas, TX 75204 | William F. Mahoney<br>Segal McCambridge Singer & Mahoney<br>233 South Wacker Drive, Suite 5500<br>Chicago, IL 60606 |
| Robert C. Malaby<br>Malaby & Bradley<br>150 Broadway, Suite 600<br>New York, NY 10038 | John P. McShea<br>McShea Tecce PC<br>Mellon Bank Center<br>1717 Arch Street, 28th Floor<br>Philadelphia, PA 19103 |
| Philip McWeeny<br>Schiff Hardin, LLP<br>One Market Plaza, 32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 | Sharon J. Zinns<br>Levy Phillips & Konisberg, LLP<br>800 Third Avenue<br>New York, NY 10022 |
| Thomas A. Packer<br>Gordon & Rees LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | Joseph Rice<br>Motley Rice, LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29465 |
| Michael P. Thornton<br>Thornton & Naumes<br>100 Summer Street<br>30th Floor<br>boston, MA 02110 | Walter G. Watkins, Jr.<br>Foreman Perry Watkins<br>P.O. Box 22608<br>Jackson, MS 39225-2608 |
| Roger B. Lane<br>Lane & Gossett<br>1601 Reynolds Street<br>Brunswick, GA 31520 | David C. Landin<br>Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 E. Byrd Street<br>Richmond, VA 23219-4074 |
| John D. Cooney<br>Conney & Conway<br>120 North LaSalle Street<br>Suite 3000<br>Chicago, IL 60602-2415 | Kevin M. Jordan<br>Baker Botts<br>910 Louisianna<br>One Shell Plaza<br>Houston, TX 77002-4995 |
| Steven Kazan | |

| | |
|---|---|
| Kazan McClain Abrams Fernandez<br>171 Twelfth Street<br>Third Floor<br>Oakland, CA 94607 | |

PANEL ATTORNEY SERVICE LIST

| | |
|---|---|
| Bryan Belasky, Esq.<br>Weitz & Luxenberg<br>180 Maiden Lane<br>17th Floor<br>New York, NY 10039 | David C. Landin, Esq.<br>Huton & Williams<br>Riverfront Plaza<br>951 East Byrd Street<br>Richmond, Virginia 23219 |
| Richard Binzley, Esq.<br>Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, Ohio 44115 | Gene Locks, Esq.<br>Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA 19102 |
| Andrew J. Trevelise, Esq.<br>Reed Smith LLP<br>2500 One Liberty Plaza<br>1650 Market Street<br>Philadelphia, PA 19103 | Edward J. Cass<br>Gallagher, Sharp, Fulton & Norman<br>Bulkley Building, 7th Fl.<br>1501 Euclid Avenue<br>Cleveland, OH 44115 |
| Adam M. Chud<br>Goodwin Proctor, LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001 | David A. Damico<br>Burns, White & Hickton, LLC<br>Four Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA 15212 |
| Raymond P. Forceno<br>Forceno & & Hannon<br>111 S. Independence Mall East<br>The Bourse, Suite 1000<br>Philadelphia, PA 19106 | Ellen B. Furman<br>Goldein & Hosmer<br>1600 Market Street, 33rd Fl.<br>Philadelphia, PA 19103 |
| Susan M. Hansen<br>Brownson & Ballou<br>225 Sough Sixth Street<br>Suite 4800<br>Minneapolis, MN 55402 | Reginald S. Kramer<br>Oldham & Dowling<br>195 South Main Street<br>Suite 300<br>Akron, OH 44308-1314 |
| Ronald L. Motley<br>Motley Rice, LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29465 | John J. Repcheck<br>Marks, O'Neill, O'Brien & Courtney<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 |
| John D. Roven<br>Roven-Kaplan LLP<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 | Richard Schuster<br>Vorys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216 |

| | |
|---|---|
| Neil Selman<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>6th Fl.<br>Los Angeles, CA 90025 | Robert N. Spinelli<br>Kelley, Jasons, McGuire & Spinelli<br>Centre Square West, 15th Fl.<br>Philadelphia, PA 19102 |
| Robert E. Swickle<br>Jaques Admiralty Law Firm, P.C.<br>1570 Penobscot Building<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226 | James K. Weston, II<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MICHAEL CURRY,                                                 :
                                                               :
                                            Plaintiff,         :
                                                               :      MEMORANDUM DECISION
                  - against -                                  :      AND ORDER
                                                               :
                                                               :      08-CV-10228 (GBD)
AMERICAN STANDARD, INC., ET AL.,                               :
                                                               :
                                            Defendants.        :
-------------------------------------------------------------- x

GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE:

      Plaintiff filed this action in the Supreme Court of the State of New York. Defendant Foster Wheeler subsequently removed the case on the basis of a federal officer defense asserted under 28 U.S.C. § 1442(a)(1) (2006). Plaintiff moves to remand this proceeding back to New York State court. Plaintiff's motion is denied.

      On October 8, 2008 plaintiff commenced this action against defendant Foster Wheeler and approximately twenty other defendants, alleging that plaintiff was exposed to asbestos-containing products while he served in the United States Navy. Plaintiff maintains that he developed asbestos-related mesothelioma and that his illness was caused by exposure to marine steam generators on the U.S.S. Kitty Hawk from 1963-1965. Plaintiff maintains that "[h]e was exposed to asbestos while he worked on asbestos-containing Foster Wheeler boilers." Pl. Memo. at 1. Plaintiff's only asserted claim against Foster Wheeler is for defendant's alleged failure to warn him about asbestos hazards.

Defendant Foster Wheeler received service of the complaint on or about October 31, 2008 and filed a timely notice of removal on November 24, 2008. Foster Wheeler based its removal on the asserted federal defense that, during the time period relevant to plaintiff's claims, it acted under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).[1]

Under the federal officer removal statute, a civil action commenced in a state court against "The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may be removed by that defendant to the appropriate district court. 28 U.S.C. 1442(a)(1); see also Willingham v. Morgan, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969) ("[T]he right of removal ... is made absolute whenever a suit in a state court is for any act 'under color' of federal office"). Removal under the federal officer removal statute "must be predicated upon averment of a federal defense." Mesa v. California, 489 U.S. 121, 109, 103 L.Ed.2d 99 (1989).

In order for a defendant to qualify for removal under 28 U.S.C. § 1442(a)(1), it must establish by a preponderance of the evidence that: 1) it is a "person" who assisted, helped or carried out duties and tasks of a federal superior, thus "acting under" a federal agent; 2) plaintiff's claims relate directly to acts defendant committed under color of federal authority; and 3) defendant has a colorable federal defense to such claims. See Isaacson v. Dow Chemical Co.,

---

[1] Defendant also filed a petition pursuant to 28 U.S.C. § 1407 to transfer this matter to the multidistrict litigation proceeding entitled In re: Asbestos Products Liability currently pending in the U.S. District Court for the Eastern District of Pennsylvania. The Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order on January 9, 2009.

517 F.3d 129 (2d Cir. 2008); United. Food & Comm. Workers Union, Local 919, AFL-CIO v. Centermark Prop. Meriden Sq., Inc., 30 F.3d 298, 305 (2d Cir. 1994) ("party asserting jurisdiction must support [challenged jurisdictional] facts with competent proof and justify its allegations by a preponderance of the evidence"). The federal officer removal statute should be construed broadly. See Arizona v. Manypenny, 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981). Accordingly, the defendant need not present "a clearly sustainable defense" in order to invoke the removal statute. Willingham, 395 U.S. at 407, 89 S.Ct. at 1816. Rather, removal will be proper if the relationship between the federal officer defendant and the plaintiff giving rise to the claims "derived solely from [defendant's] official duties." Id. at 409, 89 S.Ct. at 1817.

Defendant argues that the "government contractor defense" articulated by the Supreme Court in Boyle v. United Technologies Corporation, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988) shields it from liability for plaintiff's injury. It presents evidence sufficient to demonstrate at this stage of the litigation, that it acted as an agent of the United States Navy for the purpose of producing and delivering naval equipment. Defendant "supplied boilers and auxiliary equipment for use on Navy ships pursuant to contracts and specifications executed by the Navy." See Notice of Removal at ¶ 6. Although defendant has not proven that it will prevail on its federal defense, it has proffered sufficient evidence of government control over the contract specifications, manuals, and warnings to demonstrate that it has a colorable defense.

To provide an evidentiary basis for its "government contractor defense", Foster Wheeler attached to its Notice of Removal, *inter alia*, affidavits indicating that the United States Navy maintained strict control over the products manufactured by its contractors, including Foster

FEB-06-2009 17:34         US DIST COURT         212 805 6737    P.03

Wheeler. The Inspectors of Naval Machinery exercised complete control over the equipment supplied by its contractors and "retained the 'final say' over the design of any piece of equipment." Lehman Affidavit at ¶¶4-5. Navy personnel "exercised specific direction and control over" the contents of manuals and written documentation supplied by Foster Wheeler in connection with the boilers it created. Schroppe Affidavit at ¶ 21. "These manuals included safety information related to the operation of naval boilers only to the extent directed by the Navy." Id.

Plaintiff does not dispute that Foster Wheeler acted under color of federal authority or that plaintiff's claims relate only to marine equipment defendant produced at the United States Navy's request. Rather, plaintiff argues that defendant's removal of this action is improper because "the Navy never prohibited warnings with regard to hazardous materials such as asbestos." Plaintiff's Memo. at 3-4 (emphasis in original). Plaintiff further discounts defendant's affidavits for failing to cite "any military specifications that would call for the removal of asbestos warnings from technical manuals submitted by equipment manufacturers" or any "specific instance in which a manufacturer was ever required to remove any safety warning." Id. at 5 (emphasis in original). Plaintiff maintains that defendant fails to satisfy the third prong of the Isaacson test because defendant has not proven unequivocally that the "government contractor defense" shields it from liability since it has not clearly demonstrated that it was prohibited from issuing its own warnings.

The Supreme Court has rejected plaintiff's contention that removal under 28 U.S.C. § 1442(a)(1) is only proper "when the officers ha[ve] a clearly sustainable defense." Willingham, 395 U.S. at 407, 89 S.Ct. at 1816. On the contrary, defendant must only raise a "colorable

-4-

federal defense." Isaacson, 517 F.3d at 135. In this action, defendant has demonstrated that it has sufficient facts to assert the "government contractor defense" elucidated in Boyle in an attempt to shield it from liability. The Second Circuit has made clear that the "government contractor defense" may be asserted against duty to warn claims such as those raised by plaintiff here. See In re Joint Eastern and Southern District N.Y. Asbestos Lit., 897 F.2d 626, 629 (2d Cir. 1990) ("we follow the other federal courts which already have held that Boyle may apply to a state law failure-to-warn claim"). This Court has jurisdiction over this matter since defendant has articulated a colorable federal defense sufficient to satisfy all three prongs of the Isaacson analysis.

Plaintiff's motion to remand this action to the Supreme Court of the State of New York is DENIED.

Dated: New York, New York
February 6, 2009

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

-5-