**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 12 2009

FILED
CLERK'S OFFICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| EDWARD WILHITE AND<br>MARGIE WILHITE,<br>Plaintiffs,<br><br>v.<br><br>ABLE SUPPLY COMPANY, et al.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. W-08-CA-365 |

PLEADING NO. 5777

## O R D E R

Plaintiffs initiated this action in the County Court at Law No. 2 in Dallas County on January 18, 2008. Plaintiffs assert claims against several defendants for Mr. Wilhite's development of mesothelioma. The case was transferred to the Texas Multidistrict Asbestos Litigation Panel in Harris County, Texas for pretrial proceedings. The case was certified for trial on November 14, 2008, and venue was transferred to Milam County, Texas. Defendant Alcoa, Inc. ("Alcoa" of "Defendant") removed the action to this Court based upon diversity of citizenship, asserting that the only remaining non-diverse defendants—Guardline, Inc. and Able Supply Company—were fraudulently joined. Plaintiffs have now moved to remand the case. Having reviewed the Motion, Defendants' Response, the Reply thereto, Defendant's Sur-Reply[1], and the file in this case, the Court is persuaded Plaintiffs' motion is

---

[1] This Order also contains rulings granting "Plaintiffs' Motion for Leave to Exceed Page Limitation" and granting in part and denying in part "Defendant's Motion to Strike Plaintiffs' Reply Brief, and/or Alternatively Alcoa's Motion for

MDL- 875  VAC CTO (4cT)

RECOMMENDED ACTION

**OFFICIAL FILE COPY**

Approved/Date: RN 3/10/09

IMAGED MAR 12 2009

meritorious and should be granted. Because the Court finds that Defendant has failed to establish that Able Supply and Guardline were fraudulently or improperly joined, the Court must not address the remainder of the parties' arguments.

_____The question of whether joinder is fraudulent arises in connection with the requirement of 28 U.S.C. § 1441(b) that there be diversity of citizenship among the parties to the action who are "properly joined." The burden of proving fraudulent joinder is a heavy one. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party most prove: (1) "that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts;" or (2) that there is no possibility that the plaintiff will be able to establish a valid state cause of action against the non-diverse defendant. *Id.* This does not mean that a theoretical possibility of recovery, "no matter how remote or fanciful," will suffice to defeat removal. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286, n. 4 (5th Cir. 2000). "[T]here must at least be arguably a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Id.* (emphasis in original). "While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). In making such a determination, the Court must "resolve any questions of material fact, and any ambiguity or uncertainty in the controlling

---

Leave to File Sur-Reply."

state law, in [Plaintiffs'] favor." *Id.* at 699. There is no allegation or inference of outright fraud in this case. Defendant merely asserts that Plaintiffs have no viable cause of action against defendants Guardline, Inc. and Able Supply Company.

Defendant states that Plaintiffs have not offered any "evidence that Able Supply ever made or supplied an asbestos containing product to the Alcoa facility where Mr. Wilhite worked . . . ." Def.'s Response ¶14. Defendant argues that, because Plaintiff has not offered evidence to that effect, Able Supply is improperly joined. *Id.* Defendant relies heavily on what Plaintiffs have allegedly not established. Defendant does not, however, offer any evidence to meet his heavy burden of establishing fraudulent joinder.

The Court believes that *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003) is instructive to the case before the Court. As in *Travis*, discovery in this case was ongoing at the time of removal. Defendant argues that, because the parties in *Travis* had used dilatory tactics and the parties in this case have not, *Travis* is inapplicable. The Court disagrees. Because discovery relating to Able Supply and Guardline was ongoing, Defendant may not rely on Plaintiffs' lack of evidence to meet its heavy burden of establishing fraudulent joinder.

Because Defendant has failed to establish that this Court has jurisdiction over the case, remand is proper. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Leave to Exceed Page Limitation (Court Doc. No. 17) is **GRANTED**. It is further

3

**ORDERED** that Defendant's Motion to Strike Plaintiffs' Reply Brief, and/or Alternatively Alcoa's Motion for Leave to File Sur-Reply (Court Doc. No. 20) is **DENIED** to the extent Defendant requests the Court to strike Plaintiffs' reply brief, and **GRANTED** to the extent Defendant seeks leave to file a Sur-Reply. It is further

**ORDERED** that Plaintiffs' Motion to Remand is **GRANTED** and this action is **REMANDED** to the 20th District Court of Milam County, Texas. It is further

**ORDERED** that Plaintiffs' request for attorney's fees is **DENIED** as the Court has determined there was a reasonable basis for removal. It is further

**ORDERED** that any other motions not previously ruled upon by the Court are **DENIED** as moot.

**SIGNED** on this 25th day of February, 2009.

_____
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 12 2009

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| EDWARD WILHITE AND MARGIE WILHITE, Plaintiffs, § § § § | |
| v. § | CIVIL ACTION NO. W-08-CA-365 |
| ABLE SUPPLY COMPANY, et al., Defendants. § § § | |

## AMENDED ORDER

The Court previously granted Plaintiffs' Motion to Remand. That Order remanded the case to the 20th District Court of Milam County, Texas. The case was actually removed from the Texas Multidistrict Asbestos Litigation Court in the 11th Judicial District Court, Harris County, Texas. The Order granting Plaintiffs' Motion to Remand should read that the case is remanded to the Texas Multidistrict Asbestos Litigation Court in the 11th Judicial District Court, Harris County, Texas. The reasoning and all other provisions included in the Court's previous Order are still in effect.

**IT IS SO ORDERED**

**SIGNED** on this 3rd day of March, 2009.

_Walter S. Smith, Jr._

WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE