**MDL** 875

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 16 2009

FILED
CLERK'S OFFICE

1   John K. Son – SBN 238516
    **TUCKER ELLIS & WEST LLP**
2   515 South Flower Street
    Forty-Second Floor
3   Los Angeles, CA 90071-2223
    Telephone:      213.430.3400
4   Facsimile:      213.430.3409
5   john.son@tuckerellis.com

6   Lillian C. Ma – SBN 210103
    **TUCKER ELLIS & WEST LLP**
7   135 Main Street, Suite 700
8   San Francisco, California 94105
    Telephone:      415.617.2400
9   Facsimile:      415.617.2409
10  lillian.ma@tuckerellis.com

11  Attorneys for Defendant
    CARRIER CORPORATION
12

13          **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT**

14                          **LITIGATION**

15  IN RE: ASBESTOS PRODUCTS          )  MDL DOCKET NO. 875
    LIABILITY LITIGATION              )
16                                    )
    (JOHN LUSK and HELEN LUSK v. A.B. )
17  BOYD CO., et al.)                 )
                                      )
18  _____
19

20          **UNITED STATES DISTRICT COURT**

21          **CENTRAL DISTRICT OF CALIFORNIA**

22  JOHN LUSK and HELEN LUSK,         )  Case No. 2:08-CV-07548-R-JTL
                                      )
23          Plaintiffs,               )  **DEFENDANT CARRIER**
                                      )  **CORPORATION'S OPPOSITION TO**
24      v.                            )  **PLAINTIFFS' MOTION TO VACATE**
                                      )  **CONDITIONAL TRANSFER ORDER**
25  A.B. BOYD CO., et al.             )
                                      )
26                                    )
            Defendants.               )
27                                    )
28  _____   )

**OFFICIAL FILE COPY**

CARRIER CORPORATION'S OPPOSITION TO PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

**IMAGED** MAR 20 2009

PLEADING NO. 5780

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco
TUCKER ELLIS & WEST LLP

1  Plaintiffs John Lusk and Helen Lusk are moving to vacate Conditional Transfer

2  Order No. CTO-318 on the grounds that: (1) Plaintiffs' motion for remand is pending, (2)

3  Mr. Lusk's deteriorating health, and (3) transfer to MDL 875 would inconvenience

4  Plaintiffs.  Plaintiffs' arguments, however, have repeatedly been rejected by this Panel,

5  finding that the consolidation of these cases serve the convenience of the parties and

6  witnesses, and promotes the just and efficient conduct of the litigation.

7  **I.     PLAINTIFFS' MOTION FOR REMAND IS DENIED AND FEDERAL**

8  **JURISDICTION OVER THIS MATTER IS ESTABLISHED**

9  Plaintiffs' assertion that "[t]ransfer of this case to MDL No. 875 while a remand

10 motion is pending in the local District Court would inconvenience the parties and impede

11 the just and efficient administration of this action" has been expressly rejected by the

12 Panel.  "Plaintiffs in these actions have argued in essence that transfer should be denied .

13 . . in order to permit the resolution of pending motions to remand the actions to state

14 court.  There is no need to delay transfer in order to accommodate such an interest[,]" as

15 the transferor courts have adequate time to rule on such pending motions before a final

16 transfer order is issued.  In re Asbestos Prods. Liab. Litig. (No. VI), 170 F.Supp.2d 1348,

17 1349, n. 1.

18 In any event, Plaintiffs' argument is moot.  On February 23, 2009, the United

19 States District Court for the Central District of California, in which this case is currently

20 pending, denied Plaintiff's motion for remand.  Therefore, federal jurisdiction is

21 established and transfer to the MDL is warranted as a tag-along action.

22 **II.    TRANSFER TO MDL 875 DOES NOT VIOLATE PLAINTIFFS' DUE**

23 **PROCESS RIGHTS BECAUSE THE PRETRIAL PROCEEDINGS CAN BE**

24 **TAILORED TO ACCOMMODATE MR. LUSK'S HEALTH**

25 Plaintiffs argue that they would be denied their day in court if this case were

26 transferred to the MDL because Mr. Lusk is not likely to survive the conclusion of

27 pretrial proceedings therein.  The fact that Mr. Lusk's health is precarious and

28

CARRIER CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

1  deteriorating, however, is not a basis for vacating the conditional transfer order.

2        The transferee court can and has exercised its discretionary power to tailor pretrial

3  proceedings to accommodate the exigencies of asbestos litigation, which includes

4  prioritizing cases for trial based on the severity of a claimant's injury.  *See* In re

5  Patenaude, 210 F.3d 135, 140 (3d Cir.2000) (noting the transferee court's administrative

6  order prioritizing for mediation cases involving mesothelioma and certain lung cancers);

7  *see also* In re Asbestos Prods. Liab. Litig. (No. VI), No. Civ. A No. MDL 875, 1996 WL

8  539589 (E.D.Pa. Sept. 16, 1996) (noting that the court has prioritized malignancies and

9  other serious disease cases); In re Asbestos Prods. Liab. Litig. (No. VI), 170 F.Supp.2d

10 1348, 1349-1350 (rejecting plaintiffs' argument that transfer to the MDL violates their

11 constitutional right to a jury trial).  Plaintiffs' complaints of hardship do not justify

12 vacating the conditional transfer order.

13       It should also be noted that Plaintiff lives in Louisiana and that all of his treating

14 physicians and facilities where he is treated are all located in Louisiana, with the

15 exception of one facility located in Texas.  (See Plaintiff's Responses to Defendant's

16 Standard Interrogatories, Nos. 1, 31, attached to the Declaration of John K. Son as

17 Exhibit B.)  Plaintiffs, however, chose to file this case in Los Angeles, California, which

18 establishes that they are not averse to litigating this matter in a venue far remote from Mr.

19 Lusk's home and treating physicians.

20 **III.    TRANSFER TO THE MDL 875 WOULD NOT INCONVENIENCE**

21       **PLAINTIFFS**

22       Plaintiffs also claim in their motion that "further costs will be incurred and the

23 parties will be forced to expend valuable time and resources participating in further,

24 distant court procedures, only to have the cases eventually return to California for trial."

25       In creating MDL  No. 875, however, the Panel weighed the interests of all parties

26 and looked at "multiple litigation as a whole in light of the purposes of the law" when it

27 determined that centralization was necessary.  In re Asbestos Prods. Liab. Litig. (No. VI),

28

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Los Angeles • San Francisco

3

CARRIER CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER

1  771 F.Supp. 415, 420 (J.P.M.L. 1991). The Panel, therefore, was not unmindful of

2  convenience concerns and noted that judicious use of resources would "eliminate the

3  need for most counsel ever to travel to the transferee district." Id. at 422.

4      Indeed, the Panel has repeatedly found that the convenience of parties and

5  witnesses was served by transferring the case to the MDL despite repeated attempts to

6  vacate conditional transfer orders. E.g., In re Asbestos Prods. Liab. Litig. (No. VI), 560

7  F.Supp.2d 1367, 1368 (J.P.M.L. 2008) (transferring cases from California, Florida, and

8  Rhode Island); In re Asbestos Prods. Liab. Litig. (No. VI), 545 F.Supp.2d 1359, 1360

9  (J.P.M.L. 2008) (transferring cases from Connecticut, Illinois, Maryland, and New

10 Jersey); In re Asbestos Prods. Liab. Litig. (No. VI), 170 F.Supp.2d 1348, 1348 (J.P.M.L.

11 2001) (transferring cases from Mississippi and Texas); In re Asbestos Prods. Liab. Litig.

12 (No. VI), Nos. 875, 3:01-540, 3:02-1627, & 1:00-1454, 2001 WL 1042562 (J.P.M.L.

13 Aug. 29, 2001) (transferring cases from California and Illinois); In re Asbestos Prods.

14 Liab. Litig. (No. VI), Nos. 3:95-3705, 3:95-3709, 3:95-652, 3:95-1337, & 3:95-1543,

15 1996 WL 143826 (J.P.M.L. Feb. 16, 1996) (transferring cases from California, Louisiana,

16 and Oregon). Despite the limited intrusion upon parties and counsel envisioned by the

17 panel creating MDL No. 875, a transferee court acts well within its discretion in tailoring

18 pretrial proceedings for the convenience of the parties if and when the proceedings

19 become unduly burdensome. In re East of the Rockies Concrete Pipe Antitrust Cases,

20 302 F.Supp. 244 (J.P.M.L. 1969). Outright exclusion from the MDL, however, is

21 unjustified.

22      It should also be noted that, as stated above, Mr. Lusk resides in Louisiana, but

23 opted to file this complaint in California. Plaintiffs' argument that litigating this case in

24 Pennsylvania is somehow more burdensome then in California is baseless, as they are

25 clearly not adverse to litigating this case in a remote venue. Plaintiffs' argument that

26 transferring this case would be unduly burdensome is simply unconvincing.

27

28

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

4

CARRIER CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER

1  **IV.   CONCLUSION**

2        Vacating the conditional transfer order is unwarranted.  Common questions of fact

3  exist between Plaintiffs' asbestos-related personal injury case and those cases previously

4  transferred to MDL No. 875.  And as repeatedly determined by the Panel under

5  conditions almost identical to those presented here, tag-along consolidation with MDL

6  No. 875 serves the convenience of the parties and witnesses, and promotes the just and

7  efficient conduct of the litigation.  For the foregoing reasons, Carrier respectfully requests

8  that the Panel deny Plaintiffs' motion to vacate conditional transfer order no. 318.

9  DATED: February 2-1, 2009            RESPECTFULLY SUBMITTED

10

11

12                                       By: _____

13                                       John K. Son
                                         TUCKER ELLIS & WEST LLP
14                                       515 South Flower Street
                                         Los Angeles, CA 90071

15

16                                       Attorneys for Defendant
                                         CARRIER CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

TUCKER ELLIS & WEST LLP
Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco

5

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 16 2009

FILED
CLERK'S OFFICE

1  John K. Son – SBN 238516
2  **TUCKER ELLIS & WEST LLP**
   515 South Flower Street
3  Forty-Second Floor
   Los Angeles, CA 90071-2223
4  Telephone:    213.430.3400
   Facsimile:    213.430.3409
5  john.son@tuckerellis.com

6  Lillian C. Ma – SBN 210103
7  **TUCKER ELLIS & WEST LLP**
   135 Main Street, Suite 700
8  San Francisco, California 94105
   Telephone:    415.617.2400
9  Facsimile:    415.617.2409
   lillian.ma@tuckerellis.com
10

11 Attorneys for Defendant
   CARRIER CORPORATION
12
13         **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT**
14
                        **LITIGATION**
15
   IN RE: ASBESTOS PRODUCTS        ) MDL DOCKET NO. 875
16 LIABILITY LITIGATION            )
                                   )
17 (JOHN LUSK and HELEN LUSK v. A.B. )
   BOYD CO., et al.)               )
18 _____    )
19
20              **UNITED STATES DISTRICT COURT**
21             **CENTRAL DISTRICT OF CALIFORNIA**
22 JOHN LUSK and HELEN LUSK,       ) Case No. 2:08-CV-07548-R-JTL
23              Plaintiffs,        ) **DECLARATION OF JOHN K. SON IN**
                                   ) **SUPPORT OF DEFENDANT**
24        v.                       ) **CARRIER CORPORATION'S**
                                   ) **OPPOSITION TO PLAINTIFFS'**
25 A.B. BOYD CO., et al.           ) **MOTION TO VACATE**
                                   ) **CONDITIONAL TRANSFER ORDER**
26              Defendants.        )
27 _____    )
28

DECLARATION OF JOHN K. SON IN SUPPORT OF
CARRIER CORPORATION'S OPPOSITION TO PLAINTIFFS'
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

TUCKER ELLIS & WEST LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

## DECLARATION OF JOHN K. SON

I, JOHN K. SON, hereby state of my own personal knowledge that:

1.      I am an attorney at law, duly licensed to practice before this Court and the courts of the State of California.  I am an associate with the law firm of Tucker Ellis & West LLP, attorneys of record for defendant Carrier Corporation ("Carrier").  All of the matters contained herein are from my personal knowledge, and if called and sworn in open Court to testify to the veracity thereof, I would and could testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Los Angeles Superior Court's General Order Standard Interrogatories Propounded to Plaintiff on Behalf of Defendants.

3.      Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's Responses to Defendant's Standard Interrogatories (Personal Injury), received by our office.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 24, 2009.

John K. Son

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

DECLARATION OF JOHN K. SON IN SUPPORT OF
CARRIER CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL
TRANSFER ORDER

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 19 2009

FILED
CLERK'S OFFICE

# TUCKER ELLIS & WEST LLP
## ATTORNEYS AT LAW

515 South Flower Street   Forty-Second Floor   Los Angeles, California   90071-2223
phone 213.430.3400   facsimile 213.430.3409   tuckerellis.com

CLEVELAND    COLUMBUS    LOS ANGELES    SAN FRANCISCO

March 18, 2009

**VIA FEDERAL EXPRESS**

Jeffery N. Luthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg.
Room G-255, North Lobby
Washington, D.C. 20002

> **Re:**   **John Lusk, et al. v. A.B. Boyd Co., et al.**
> Central District of California, C.A. No. 2:08-7548
> Conditional Transfer Order (CTO-318)

Dear Mr. Luthi:

This letter is to clarify that Defendant Carrier Corporation's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order and the supporting Declaration of John K. Son were erroneously filed in the United States District Court for the Central District of California, instead of the MDL Panel, on February 25, 2009. Upon being notified by Ms. Jakeia Mills of our mistake, on March 13, our office re-filed all papers originally filed in the Central District of California with the MDL. Attached as Exhibit A is a copy of the March 13, 2009 cover letter to the MDL with the "re-filing."

If you have any questions regarding this matter, please do not hesitate to contact me at (213) 430-3310.

Very truly yours,

TUCKER ELLIS & WEST LLP

John K. Son

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2009 MAR 19 A 9: 55

RECEIVED
CLERK'S OFFICE

LAimanage/011682/001880/623939

# EXHIBIT A

RECEIVED
CLERK'S OFFICE

2009 MAR 19  A 9: 55

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

515 South Flower Street   Forty-Second Floor   Los Angeles, California   90071-2223
phone 213.430.3400   facsimile 213.430.3409   tuckerellis.com

**CLEVELAND   COLUMBUS   LOS ANGELES   SAN FRANCISCO**

February 13, 2009

**VIA FEDERAL EXPRESS**

Jeffery N. Luthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg.
Room G-25, North Lobby
Washington, D.C. 20002

Re:   *MDL No. 875 – In Re: Asbestos Products Liability Litigation (No. VI)*

Dear Clerk of the Panel:

Enclosed please find the following:

1.   Defendant Carrier Corporation's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order [Original and 4 copies];

2.   Declaration of John K. Son in Support of Defendant Carrier Corporation's Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order [Original and 4 copies];

3.   Defendant Carrier Corporation's Corporate Disclosure Statement under JPML Rule 5.3 [Original and 2 copies];

4.   Defendant Carrier Corporation's Certificate of Service [Original and 2 copies];

5.   One Disk with the moving papers all in pdf format; and,



**TUCKER ELLIS & WEST** LLP

ATTORNEYS AT LAW

Clerk of the Panel
February 13, 2009
Page 2


6.    One self-addressed stamped envelope for return with received face pages.

Very truly yours,

TUCKER ELLIS & WEST LLP

Elizabeth Munnerlyn
Assistant to John K. Son

Enclosure

RECEIVED
CLERK'S OFFICE
2009 MAR 19 A 9: 56
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

LAimanage/011682/001880/623559

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 16 2009

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |
| JOHN LUSK and HELEN LUSK, et al. | |
| Plaintiffs, | |
| v. | |
| A.B. BOYD CO., et al. | |
| Defendants. | |

## DEFENDANT CARRIER CORPORATION'S CERTIFICATE OF SERVICE

I, Elizabeth Munnerlyn, declare that I am a citizen of the United States and employed in the County of Los Angles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071.

On March 13, 2009, I served the following documents:

(1)    Defendant Carrier Corporation's Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order;

(2)    Declaration of John K. Son in Support of Defendant Carrier Corporation's Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order; and

(3)    Defendant Carrier Corporation's Corporate Disclosure Statement Under JPML Rule 5.3

LAimanage\623596.1

on the Judicial Panel of Multidistrict Litigation via overnight mail, and on all parties contained in the attached Panel Service List via first class mail.

Executed on March 13, 2009, at Los Angeles, California.

_____
Elizabeth Mummerlyn

RECEIVED
CLERK'S OFFICE

2009 MAR 16  A 11: 05

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

LAimanage\623596.1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                     MDL No. 875

**PANEL SERVICE LIST (Excerpted from CTO-318)**

Carol S. Dudash, et al. v. Alstom Power, Inc., et al., C.D. California, C.A. No. 2:08-7434
John Lusk, et al. v. A.B. Boyd Co., et al., C.D. California, C.A. No. 2:08-7548
Jeri Redman, et al. v. A.W. Chesterton Co., Inc., et al., N.D. California, C.A. No. 3:08-3013
David Sanborn, et al. v. Asbestos Corp., Ltd., et al., N.D. California, C.A. No. 3:08-5260

Joseph Blaise Adams
BASSI MARTINI EDLIN & BLUM
351 California Street
Suite 200
San Francisco, CA 94104

Peter G. Angelos
LAW OFFICES OF
PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Melissa R. Badgett
COOLEY MANION JONES
HAKE ET AL
201 Spear Street
Suite 1800
San Francisco, CA 94105

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Robert E. Boone, III
BRYAN CAVE LLP
120 Broadway
Suite 300
Santa Monica, CA 90401-2386

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Timothy Colin Connor
TUCKER ELLIS & WEST LLP
135 Main Street
Suite 700
San Francisco, CA 94105

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Whitney Aaron Davis
CHARTER DAVIS LLP
1730 I Street
Suite 240
P.O. Box 15408
Sacramento, CA 95814

Carlos J.E. Guzman
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Dean A. Hanley
PAUL HANLEY & HARLEY
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Bo Kim
PERKINS COIE LLP
South Tower
1620 26th Street
6th Floor, South Tower
Santa Monica, CA 90404-4013

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**MDL No. 875 - Panel Service List (Excerpted from CTO-318 (Continued)**

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY & MANSFIELD PLLP
150 South Los Robles Avenue
Suite 400
Pasedena, CA 91101

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
 & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kathryn Louise McCann
LINER YANKELEVITZ SUNSHINE
& REGENSTREIF
1100 Glendon Avenue
14th Floor
Los Angeles, CA 90024

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Andrew I. Port
EMARD DANOFF PORT
TAMULSKI & PAETZOLD
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Glen R. Powell
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Trung VI Quang
MCKENNA LONG & ALDRIDGE
101 California Street
41st. Floor
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Deborah R. Rosenthal
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Carolin K. Shining
PAUL & HANLEY LLP
1608 Fourth Street
Suite 300
Berkeley, CA 94710

John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Stree
42nd Floor
Los Angeles, CA 90017-2223

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 16 2009

FILED
CLERK'S OFFICE

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

     On February 25, 2009, I served the following document(s): *DEFENDANT CARRIER CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER* on the interested parties in this action as stated on the attached Service List by the following means of service:

☑ **BY MAIL**: I placed a true copy thereof in a sealed envelope addressed as indicated on the attached Service List, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **VIA ELECTRONIC SERVICE:** I caused such documents to be served on the interested parties in this action by submitting an electronic version of the documents via ECF pursuant to the Court's Order.

☐ **BY FACSIMILE**: From facsimile number (213) 430-3409, I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission. Such transmission was reported as complete and without error.

☐

☑ **(FEDERAL)** I am employed in the office of a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on **February 25, 2009**, at Los Angeles, California.

_Elizabeth Munnerlyn_
Elizabeth Munnerlyn

3

1

2

Dean A. Hanley, Esq.                          ***Attorneys for Plaintiffs***

3      Caroline K. Shining, Esq.
       Donald R. Oder, Esq.
4      PAUL & HANLEY LLP
5      1608 Fourth Street, Suite 300
       Berkeley, California  94710
6

7      LOW BALL & LYNCH
       505 Montgomery Street
8      7th Floor
9      San Francisco, CA 94111

10     BENNETT, SAMUELSEN,
11     REYNOLDS & ALLARD
       1301 Marina Village Parkway
12     Suite 300
13     Alameda, CA 94501

14     COOLEY, MANION, JONES, HAKE
       & KUROWSKI
15     201 Spear Street, Suite 1800
16     San Francisco, CA 94105

17     PRINDLE, DECKER & AMARO
18     310 Golden Shore
       Fourth Floor
19     Long Beach, CA 90802

20     HERR & ZAPALA LLP
21     152 N. 3rd Street
       Suite 500
22     San Jose, CA 95112

23

24     KNOX RICKSEN
       1300 Clay Street
25     Suite 500
       Oakland, CA 94612
26

27

28

4

| | |
|---|---|
| SELMAN BREITMAN, LLP (LA)<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, CA 90025-6538 | *Attorneys for Aurora Pump Company* |
| Gerard Hickey<br>President<br>86 Finnell Drive, Suite 1<br>Weymouth, MA 02188 | *Attorneys for Automatic Temperature Control Corp.* |
| JACKSON & WALLACE, LLP (SF)<br>55 Francisco Street, 6th Floor<br>San Francisco, CA 94133 | *Attorneys for Buffalo Pumps, Inc.* |
| JACKSON & WALLACE, LLP (LA)<br>14724 Ventura Blvd., Suite 410<br>Sherman Oaks, CA 91403 | |
| JACKSON & WALLACE, LLP (SF)<br>55 Francisco Street, 6th Floor<br>San Francisco, CA 94133 | *Attorneys for BW/IP International, Inc* |
| JACKSON & WALLACE, LLP (LA)<br>14724 Ventura Blvd., Suite 410<br>Sherman Oaks, CA 91403 | |
| SEDGWICK, DETERT, MORAN & ARNOLD (SF)<br>One Market Plaza,<br>Steuart Tower, 8th Floor<br>San Francisco, CA 94105 | *Attorneys for Caterpillar Inc.* |
| KNOX RICKSEN<br>1300 Clay Street<br>Suite 500<br>Oakland, CA 94612-1427 | *Attorneys for Cemex, Inc.* |
| SELMAN BREITMAN, LLP (LA)<br>11766 Wilshire Boulevard,<br>Sixth Floor<br>Los Angeles, CA 90025-6538 | *Attorneys for Cleaver-Brooks, Inc.* |

5

LAimanage/011682/001880/622626/1

| | |
|---|---|
| HAIGHT, BROWN & BONESTEEL, LLP (LA)<br>6080 Center Drive<br>Suite 800<br>Los Angeles, CA 90045-1574 | **Attorneys for Continental Maritime Of San Diego, Inc.** |
| K&L GATES, LLP (LA)<br>10100 Santa Monica Blvd.,<br>7th Floor<br>Los Angeles, CA 90067 | **Attorneys for Crane Co.** |
| EMARD, DANOFF, PORT, TAMULSKI & PAETZOLD LLP<br>49 Stevenson Street<br>Suite 400<br>San Francisco, CA 94105 | **Attorneys for Crowley Maritime Corporation** |
| MORRIS, POLICH & PURDY, LLP<br>1055 West Seventh Street,<br>24th Floor<br>Los Angeles, CA 90017-2503 | **Attorneys for Crown Cork & Seal Company, Inc.** |
| LAW OFFICES OF LUCINDA STORM<br>610 - A Third Street<br>San Francisco, CA 94107 | **Attorneys for Durabla Manufacturing Company** |
| BOWMAN AND BROOKE LLP<br>879 West 190th St.,<br>Suite 700<br>Gardena, CA 90248-4227 | |
| JACKSON & WALLACE, LLP (SF)<br>55 Francisco Street, 6th Floor<br>San Francisco, CA 94133 | **Attorneys for Durametallic Corporation** |
| Wilmington Trust SP Services, Inc.<br>1105 N. Market Street<br>Suite 1300<br>Wilmington, DE 19801 | **Attorneys for Federal-Mogul Asbestos Personal Injury Trust - Vellumoid** |

6

| | |
|---|---|
| BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105 | *Attorneys for Foster Wheeler Usa Corporation* |
| POND NORTH (LA)<br>350 South Grand Avenue<br>Suite 2850<br>Los Angeles, CA 90071 | *Attorneys for Fraser's Boiler Service, Inc.* |
| POOLE & SHAFFERY, LLP<br>445 S. Figueroa Street<br>Suite 2520<br>Los Angeles, CA 90071 | *Attorneys for Gardner Denver, Inc.* |
| GLASPY & GLASPY<br>100 Pringle Avenue<br>Suite 750<br>Walnut Creek, CA 94596 | *Attorneys for Garlock Sealing Technologies, LLC fka Garlock, Inc.* |
| YUKEVICH CALFO &<br>CAVANAUGH<br>601 South Figueroa Street<br>38th Floor<br>Los Angeles, CA 90017 | *Attorneys for General Motors Corporation* |
| GORDON & REES (SF)<br>275 Battery Street,<br>20th Floor<br>San Francisco, CA 94111 | *Attorneys for Goodyear Canada, Inc.* |
| GORDON & REES (SF)<br>275 Battery Street,<br>20th Floor<br>San Francisco, CA 94111 | *Attorneys for The Goodyear Tire & Rubber Company* |
| GORDON & REES (SF)<br>275 Battery Street,<br>20th Floor<br>San Francisco, CA 94111 | *Attorneys for Goulds Pump, Inc.* |

7

LAimanage/011682/001880/622626/1

| | | |
|---|---|---|
| 1 | BASSI, MARTINI, EDLIN & BLUM, LLP | **_Attorneys for Hopeman Brothers, Inc._** |
| 2 | 351 California Street, | |
| 3 | Suite 200 | |
| 4 | San Francisco, CA 94104 | |
| 5 | | **_Attorneys for IMO Industries Inc._** |
| 6 | HOWARD, ROME, MARTIN & RIDLEY, LLP | |
| 7 | 1775 Woodside Road Suite 200 | |
| 8 | Redwood City, CA 94061 | |
| 9 | | |
| 10 | GORDON & REES (SF) 275 Battery Street, | **_Attorneys for Ingersoll-Rand Company_** |
| 11 | 20th Floor San Francisco, CA 94111 | |
| 12 | | |
| 13 | PRINDLE, DECKER & AMARO (LB) | **_Attorneys for ITT Corporation_** |
| 14 | 310 Golden Shore Fourth Floor | |
| 15 | Long Beach, CA 90802 | |
| 16 | HASSARD BONNINGTON, LLP (SF) | **_Attorneys for John Crane, Inc._** |
| 17 | Two Embarcadero Center, Suite 1800 | |
| 18 | San Francisco, CA 94111 | |
| 19 | GORDON & REES (SF) | **_Attorneys for Leslie Controls, Inc._** |
| 20 | 275 Battery Street, 20th Floor | |
| 21 | San Francisco, CA 94111 | |
| 22 | | |
| 23 | LOMBARDI, LOPER & CONANT, LLP | **_Attorneys for Angeles Rubber Company_** |
| 24 | Lake Merrit Plaza 1999 Harrison Street | |
| 25 | Suite 2600 | |
| 26 | Oakland, CA 94612-3541 | |
| 27 | | |
| 28 | | |

8

| | |
|---|---|
| BECHERER, KAHNETT & SCHWEITZER<br>1255 Powell Street<br>Emeryville, CA 94608 | *Attorneys for M. Slayen & Associates, Inc.* |
| McKENNA LONG & ALDRIDGE, LLP (LA)<br>444 South Flower St.,<br>Suite 800<br>Los Angeles, CA 90071 | *Attorneys for Metalclad Insulation Corporation* |
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP (LA)<br>555 South Flower Street,<br>Suite 2900<br>Los Angeles, CA 90071 | *Attorneys for Metallo Gasket Company* |
| BRYDON HUGO & PARKER<br>135 Main Street<br>20th Floor<br>San Francisco, CA 94105 | *Attorneys for National Steel And Shipbuilding Company* |
| BRYDON HUGO & PARKER<br>135 Main Street<br>20th Floor<br>San Francisco, CA 94105 | *Attorneys for Nibco, Inc.* |
| LEWIS BRISBOIS BISGAARD & SMITH, LLP (LA)<br>221 North Figueroa Street,<br>Suite 1200<br>Los Angeles, CA 90012 | *Attorneys for Plant Insulation Company* |
| WALSWORTH, FRANKLIN, BEVINS & MCCALL (ORANGE)<br>One City Boulevard West,<br>Fifth Floor<br>Orange, CA 92868-3604 | *Attorneys for Quintec Industries, Inc.* |

9

SONNENSCHEIN NATH &          ***Attorneys for Rapid-American***
ROSENTHAL LLP                ***Corporation***
525 Market Street,
26th Floor
San Francisco, CA 94105

RecordTrak                   ***Attorneys for Recordtrak***
P.O. Box 61591
King of Prussia, PA 19406

WALSWORTH, FRANKLIN,         ***Attorneys for SB Decking, Inc.***
BEVINS & MCCALL (ORANGE)
One City Boulevard West,
Fifth Floor
Orange, CA 92868-3604

McKENNA LONG & ALDRIDGE,     ***Attorneys for Schutte & Koerting,***
LLP (SF)                     ***Inc.***
101 California Street
41st Floor
San Francisco, CA 94111

SELMAN BREITMAN, LLP (LA)    ***Attorneys for Sepco Corporation***
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025-6538

Leroy Scalf, President       ***Attorneys for South Bay Boiler***
1224 Roosevelt               ***Repair, Inc.***
National City, CA 91950

PRINDLE, DECKER & AMARO (LB) ***Attorneys for Syd Carpenter, Marine***
310 Golden Shore             ***Contractor, Inc.***
Fourth Floor
Long Beach, CA 90802

IMAI, TADLOCK, KEENEY &      ***Attorneys for The C.P. Hall Company***
CORDERY, LLP
100 Bush Street,
Suite 1300
San Francisco, CA 94104 Phone:

LAimanage/011682/001880/622626/1

| | | |
|---|---|---|
| 1 | WALSWORTH, FRANKLIN, | *Attorneys for Thomas Dee* |
| 2 | BEVINS & MCCALL (ORANGE) | *Engineering Company* |
| | One City Boulevard West, | |
| 3 | Fifth Floor | |
| 4 | Orange, CA 92868-3604 | |
| 5 | PRINDLE, DECKER & AMARO (LB) | *Attorneys for Triple A Machine Shop,* |
| 6 | 310 Golden Shore | *Inc.* |
| | Fourth Floor | |
| 7 | Long Beach, CA 90802 | |
| 8 | LOW, BALL & LYNCH | *Attorneys for U.S. Filter Distribution* |
| 9 | 505 Montgomery Street | *Group, Inc.* |
| | 7th Floor | |
| 10 | San Francisco, CA 94111-2584 | |
| 11 | | |
| 12 | HAWKINS, PARNELL & | *Attorneys for Warren Pumps, Inc.* |
| 13 | THACKSTON, LLP | |
| | 444 South Flower Street | |
| 14 | Suite 1100 | |
| 15 | Los Angeles, CA 90071 | |
| 16 | FOLEY & MANSFIELD, PLLP | *Attorneys for The William Powell* |
| 17 | (Oakland) | *Company* |
| | 1111 Broadway, 10th Floor | |
| 18 | Oakland, CA 94607 | |
| 19 | MORGAN, LEWIS & BOCKIUS, LLP | *Attorneys for Yarway Corporation* |
| 20 | (LA) | |
| 21 | 300 South Grand Avenue | |
| | 22nd Floor | |
| 22 | Los Angeles, CA 90071-3132 | |
| 23 | | |
| 24 | BAKER, KEENER & NAHRA | YORK INTERNATIONAL |
| 25 | 633 West Fifth Street | CORPORATION |
| | Suite 5400 | |
| 26 | Los Angeles, CA 90071 | |
| 27 | | |
| 28 | | |

11

LAimanage/011682/001880/622626/1

LINER GRODE STEIN YANKELEVITZ
  SUNSHINE REGENSTREIF & TAYLOR
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90014

Bruce Lassman, Esq.
Case Adminstrator
United States Courthouse
Room 6415
60 Market Street
Philadelphia, PA 19106

12

LAimanage/011682/001880/622626/1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 16 2009

FILED
CLERK'S OFFICE

**Exhibit A**

1
2
3
4
5
6
7
8
9       SUPERIOR COURT OF THE STATE OF CALIFORNIA
10            FOR THE COUNTY OF LOS ANGELES
11
12                                    )   CASE NO.
                                      )
13          Plaintiffs,               )   INTERROGATORIES PROPOUNDED TO
                                      )   PLAINTIFF ON BEHALF OF
14      vs.                           )   DEFENDANTS
                                      )
15  JOHNS-MANVILLE CORPORATION,       )   [FIRST SET - P.L]
    et. al.                           )
16                                    )
            Defendants.               )
17  _____ )
18
19      TO PLAINTIFF AND HIS ATTORNEY(S) OF RECORD:
20      Defendants request that Plaintiff answer each of the following
21  interrogatories, pursuant to Code of Civil Procedure, Section 2030 and the Court's
22  March 26, 1987 Order, within 60 days after the service of these interrogatories.
23
24          PRELIMINARY STATEMENT AND DEFINITIONS
25      A.    The law firm whose name appears on this page represents the
26  propounding defendant only, and is not appearing in this action on behalf of any other
27  defenda
28  ///                         EXHIBIT "13-A"

LAW OFFICES
SHIELD & SMITH

3

B.   Unless otherwise specified, the time period covered by these interrogatories is from the date of your birth until the date of your response hereto.

C.   In responding to these interrogatories, you are to exercise due diligence to secure the information requested, providing all information in your possession or under your control. Information under your control includes employment, medical, and other records available to you if sought, even though you may not presently possess copies of such records. If you are unable to answer in full any of these interrogatories, after the exercise of due diligence as described above, you are to answer to the extent possible, stating the reason for your inability to answer in full, and provide whatever information or knowledge you have regarding each unanswered interrogatory, or portion thereof. As mandated by Rules of the Superior Court for the County of Los Angeles, Rule 254E, answers such as "unknown", "information not available", or "asking party has the information" are unacceptable. Rule 254E requires the answering party to specify why the information is unavailable, and to describe the efforts made to locate that information. Failure to comply with Rule 254E will result in a motion to compel. If additional time is required to obtain the information sought by these interrogatories, an extension should be requested from the attorneys of record for the defendant whose name appears on the caption sheet.

D.   Each plaintiff in this action shall answer these interrogatories and serve each defendant with a separate set of answers to these interrogatories.

E.   The term "writing" means any type of written, typewritten or printed material including, without limitation, papers, agreements, contracts, notes, memorandums, correspondence, letters, telegrams, statements, books, reports, studies, photographs, charts, video, tape recordings and any other records of which you have knowledge or information, whether in your possession or under your control.

F.   The term "person" includes natural persons, partnership, associates, corporations, and any other form of business or non-business entities including government agencies and labor unions.

d.   The term "asbestos" includes the naturally occurring mineral, in any form, whether you understand it to be dust, fibers, or particles, or any product or substance manufactured from or containing asbestos or asbestos fibers.

## INTERROGATORIES

I.   **BACKGROUND**

1.   State your full name, present address, date and place of birth, social security number, height, and weight, and, if you have a driver's license, the state of issuance and the number of that driver's license.

2.   State any other name or names by which you have been known, including nickname(s), and the inclusive dates of use of that name or names.

3.   State your former residence addresses for a period of 10 years prior to the date of these interrogatories, giving the dates during which you lived at each address.

4.   If you are married, state the name of your spouse, his/her age and present address, and the date and place of your marriage.

5.   State the names of any previous spouses, the dates and places of those marriages, and the circumstances under which those marriages were dissolved or terminated.

6.   If your spouse is currently employed, state:

a.   The name and address of his/her employer;

b.   Whether he/she is employed on full or part time basis; and

c.   The amount of his/her average weekly or monthly salary.

7.   State the names, ages and present addresses of each of your children.

8.   If any children, relatives or other persons are financially dependent upon you, state with respect to each such person:

a.   His/her full name and present residence address;

///

LAW OFFICES
SHIELD & SMITH

b.     His/her relationship to you and degree of financial dependency upon you;

c.     The amounts contributed from all sources to his/her support during the five years preceding your responses to these interrogatories; and

d.     The last year when he/she was claimed as a dependent by you for federal income tax purposes.

9.     If any of the members of your immediate family (i.e., parents, siblings, children and grandchildren) are suffering or have suffered from any respiratory impairment, illness or condition, identify each such person, specifying:

a.     The nature of that respiratory impairment (e.g., bronchitis, asthma, pneumonia);

b.     When that respiratory impairment first developed;

c.     Whether that respiratory impairment is totally or partially disabling; and

d.     Whether that respiratory impairment is or has been treated by any physician and, if so, the name and address of that physician.

10.    If any of the members of your immediate family (i.e., parents, siblings, children, and grandchildren) are suffering of have suffered from from any form or cancer, identify each such person, specifying:

a.     The nature and site of that cancer;

b.     When that cancer first developed and/or was diagnosed; and

c.     The name and address of all treating or diagnosing physicians.

11.    If any member of your immediate family (i.e., parents, siblings, children and grandchildren) died because of cancer or a pulmonary condition or currently has a pulmonary disease or cancer, state the following for each such person:

a.     The nature of his/her physical complaint and its duration;

b.     His/her name, address and relationship to you;

///

LAW OFFICES
SHIELD & SMITH

6

c.   If deceased, his/her age at the time of death and the detailed cause of death.

12.   State the year that you completed high school or state the highest grade level you have completed, together with the date completed, name and location of the school you attended.

13.   If you have received any education or vocational training or degrees in addition to your response to the previous interrogatory state:

a.   The name and address of each school or other institution you attended;

b.   The dates you attended;

c.   The nature of the education and/or training you received; and

d.   The type of degree or certificate you received.

14.   If you have been or are licensed by any agency, governmental or non-governmental, to perform any profession, trade or occupation, state the following:

a.   The date the license was issued;

b.   The name and address of the agency issuing the license;

c.   The profession, trade or occupation for which the license was issued;

d.   Whether the license was revoked or suspended; and if so, the date and reason for each revocation and suspension; and

e.   The amount of time you engage in the profession, trade or occupation, as authorized by the license.

15.   If you have been convicted of a felony, state the date, place and nature of each felony conviction.

16.   If you have ever been a member of the Armed Forces of the United States, state:

a.   The branch of service, your serial number, and the highest rank or grade you held;

b.    The dates you began and ended your military service;

c.    The type of discharge you received;

d.    At what locations or on what ships you served, if any, and the dates of such service;

e.    The specific nature of your duties at each of the above locations or ships.

f.    A description of the work environment at each of the above locations or ships; and

g.    Your veteran's administration number.

17.   If you received or participated in any technical or vocational training as a member of the Armed Forces, state the type of training you received and the length of the training period.

II.   **EMPLOYMENT**

18.   If you are presently employed, state:

a.    The name and address of your present employer;

b.    The name and address of your immediate superior, boss or foreman;

c.    The nature of the work you do and your job title;

d.    The number of hours, per week, you normally work;

e.    The date your employment began and your starting position if different from your current position;

f.    Your present rate of pay; and

g.    The average number of hours of overtime you work per month and the rate of pay you receive for overtime work.

19.   If you are not presently employed, describe the reason why.

///

///

20.   If you are receiving any form of disability pension, state from whom it is received, the amount received on a weekly, monthly, or yearly basis, and the length of time during which you will continue to receive this pension.

21.   List all occasions during the last ten years of your life on which you have lost time from work as a result of any of the following, and for each such loss indicate the amount of time lost and the reason for the lost time:

    a.   Illness;

    b.   Injury.

22.   If you have ever been discharged or voluntarily left a position due to health problems, state in detail the dates, names of employers, places of employment and circumstances surrounding each discharge or voluntary termination.

23.   If you are or have ever been a member of any labor union, state for each union membership:

    a.   The name, address and telephone number of the union, the union local or chapter number of each union, and your membership number, if any;

    b.   The dates and time periods during which you maintained membership in each such union;

    c.   All offices you have held or committees on which you have served, together with places and date; and

    d.   The date or dates that your membership ended and the reason.

24.   Identify all past employers in whose employ you came into contact with chromium, cadmium, mercury, or beryllium, or materials, alloys or pigments containing any of these metals. Include in your answer for each such employer:

    a.   Its name, address, telephone number; and

    b.   Your job title and work description;

    c.   The type, identity and extent of work with or exposure to each of these metals or materials with which you had contact;

///

      d.     Whether your employer provided safety equipment to reduce or prevent exposure to these metals or materials and, if so, describe such equipment;

      e.     Whether use by employees of the safety equipment referred in subpart d was required or recommended by your employer;

      f.     Whether your employer provided showers for employees; and

      g.     Whether your employer provided separate lockers for work and personal clothing.

25.   Have you ever personally performed or worked adjacent to others performing any of the following job duties: sandblasting; anodizing; electroplating; acid dipping; welding; grinding, chipping, or sanding of metal; steel making; alloy manufacturing, smelting or other steel-related industries; remelting of scrap metal products; jewelry making; engraving; lithography; metal primer application? If so, state:

      a.     The name, address, and telephone number of employer for whom you performed these job duties or worked adjacent to others performing these job duties;

      b.     Your job title and work description;

      c.     The inclusive dates of your employment;

      d.     The frequency with which you performed these job duties or worked adjacent to others performing these job duties;

      e.     The safety precautions and equipment, if any, which your employer made available; and

      f.     The safety precautions and equipment which you used while performing your job duties.

## III.   EXPOSURE TO ASBESTOS

26.   For each product, material or compound (collectively referred to as "product") which you contend contains asbestos allegedly manufactured, produced, prepared, distributed or sold by any defendant named in this action or by its

///

LAW OFFICES
SHIELD & SMITH

predecessors, subsidiaries, subdivisions or affiliates, and  which you claim to have been

exposed to at any time:

   a. Describe each product as specifically as possible, including its

trade name, product type, asbestos content, color, packaging, and manufacturer,

together with a detailed description of when and how you became aware of this

information;

   b. State the date(s) on which and places where you were exposed or

your best estimate thereof, together with the circumstances surrounding such exposure

(i.e. were you working with it or simply near an area where it was being used?) to the

product;

   c. Describe all instructions, recommendations or warnings of any

kind that accompanied the product, together with the location(s) where this information

appeared (e.g., printed on tag, tag covering, instruction sheet accompanying product,

etc);

   d. Describe all instructions and recommendations given to you

regarding the product by your employer or superior at any time, together with the name,

job title, and address of the person who gave you the instructions or recommendations

and the date you were given the instructions or recommendations;

   e. State the purpose for which you used the product; and

   f. State the date you first became aware that the product allegedly

contained asbestos, together with a detailed description of the circumstances by which

you so became aware.

  27. If you have ever worked with asbestos manufactured, produced,

prepared, distributed or sold by any other entity not named as a defendant in this lawsuit,

identify each such entity.

  28. If you believe you were ever exposed to asbestos other than at the times

or locations identified in your responses to interrogatories Nos. 26 and 27, state:

   a. The date(s) and place(s) of such exposure;

b. The circumstances surrounding such exposure;

c. The nature of the asbestos, the tradename of the asbestos product; if any, and the name and address of their manufacturer;

d. Describe what precautions you took, if any, to avoid exposure.

29. If any of your employers ever suggested or recommended that you should use any device to reduce your possible exposure to, or inhalation of, asbestos, state for each and every such employer:

a. Its name, address and telephone number;

b. The date, time and place when the suggestion or recommendation was made, together with the name, and employment position of the person making the suggestion or recommendation;

c. The name, address and telephone number of each person present when such suggestion or recommendation was made to or received by you;

d. The exact wording and content of the suggestion or recommendation;

e. Whether the suggestion or recommendation was written or oral; and

1. If written, identify in detail each such writing;

2. If oral, please set forth all persons involved and details as to the manner in which the suggestion or recommendation was presented;

f. The type, make and model of each device referred to in each suggestion or recommendation;

g. The nature of any action, if any, taken by you in response to the suggestions; and

h. A detailed description of your reasons for any response to the suggestions or recommendations, short of complete conformance thereto.

30. If you have ever seen any signs, warnings, labels, instructions, or safety precautions pertaining to the use, storage, or disposal of asbestos or asbestos-containing

products other than as described in your answer to subpart c of Interrogatory No. 28, state:

        a.    When and where you saw the signs, warnings, labels, instructions, or safety precautions; and

        b.    The nature of the signs, warnings, labels, instructions, or safety precautions.

## IV.   INJURIES ALLEGEDLY RELATED TO ASBESTOS EXPOSURE

31.   If you contend that you have incurred any injuries as a result of exposure to asbestos, describe separately and in complete detail each and every complaint, symptom, adverse reaction or other injury (hereinafter collectively referred to as "symptom") which you contend resulted from exposure. Include in your answer:

        a.    The date, or if unknown, your best approximation of the date on which you first began exhibiting each symptom;

        b.    The progression, if any, of each symptom;

        c.    The date each symptom ceased to affect you;

        d.    The name, address and telephone number of each physician to whom each symptom was reported, together with the date each symptom was reported;

        e.    What each physician told you was the cause of each symptom, together with the date you were told this;

        f.    Whether you have followed the medication or therapy regime prescribed by each physician for the treatment of each symptom; and

        g.    The names and addresses of any other physicians or practitioners subsequently affirming or contradicting any diagnosis, as to the cause of each symptom together with the date this affirmation or contradiction was made.

32.   If you have complained to anyone at any place of employment within the last ten years of inability to perform the employment assigned to you, state the following for each such complaint:

1         a.     The date you made the complaint;

2         b.     The nature of the complaint you made; and

3         c.     The name and address of your employer and the name of the

4 person to whom you made the complaint.

5     33.   If you have ever had any reason to believe or suspect that your

6 complaints, symptoms, adverse reactions or injuries described in Interrogatory No. 31

7 may have been caused by factors other than exposure to asbestos (including, but not

8 limited to, smoking, heart disease, exposure to lung irritants other than asbestos, or

9 pulmonary diseases such as emphysema, pneumonia, asthma, or bronchitis), state:

10        a.     The other factors or reasons you believe or suspect are involved;

11        b.     The names, addresses and telephone numbers of any physicians

12 who indicated that other factors or reasons could be involved; and

13        c.     The dates those physicians told you that they believed or

14 suspected that other factors or reasons might be involved.

15     34.   If you claim that injuries you have sustained from asbestos exposure

16 have limited or adversely affected your ability to work in any way, state the following:

17        a.     The nature of the limitation, when it began, and how it has

18 progressed; and

19        b.     The change, if any, in your job duties as a result of the limitation.

20     35.   If you claim that injuries you have sustained from asbestos exposure

21 have limited or adversely affected your non-occupational lifestyle and activities, state

22 the nature of the limitation or change, when it began, and how it has progressed.

23

24 V.   SMOKING HISTORY

25     36.   If you have ever used tobacco products of any type, state fully and in

26 detail:

27        a.     The type of tobacco product you have used;

28        b.     Whether you inhaled the smoke;

LAW OFFICES
SHIELD & SMITH

14

c.    The daily frequency with which you smoke or have smoked;

d.    The dates and time periods during which you have smoked;

e.    For any time period during which you ceased using tobacco products, your reasons for stopping;

f.    For any time period that you commenced using tobacco products after a period of having stopped, your reasons for beginning again;

g.    If you have smoked cigarettes, state the brand name and the average number of packs smoked per day for each year you have smoked, together with the inclusive dates you have smoked cigarettes (e.g. Lucky Strikes; one pack per day between 1930 and 1931, two packs per day between 1931 and 1960; 1930-1960);

h.    If you have smoked cigarettes, whether they were or are filtered or unfiltered;

i.    If you have ever been advised by any physician to stop smoking or to stop using other tobacco products and, if so, the date and the name and address of each physician who gave any such advice, and whether you followed such advice;

j.    If you have ever been advised by any physician that you suffered from any illness, disease or physical condition as a result of smoking or the use of other tobacco products, and if so, the date, and the name and address of each physician who gave such advice.

37.    If you have ever given a smoking history to a physician, nurse, insurance carrier, worker's compensation board, or employer that is inconsistent in any way with the smoking history given in response to the previous interrogatory state:

a.    The date the inconsistent smoking history was given;

b.    The name and address of the individual or entity to whom the inconsistent smoking history was given;

c.    The discrepancy between the inconsistent smoking history and the smoking history given in response to the previous interrogatory; and

d.    The reason for the inconsistency.

## VI.   DAMAGES

38.   State the total hospital expenses, if any, that you have incurred to date as a result of the injuries, complaints etc., which you attribute to your alleged exposure to asbestos, itemizing each charge, if more than one hospital is involved.

39.   State the total medical expenses (other than hospitalization) which you have incurred, or which has been incurred on your behalf, to date, as a result of the injuries, complaints, etc, which you attribute to your alleged exposure to asbestos, itemizing each such charge.

40.   If any person has contributed any money, goods, services or benefits or any kind, during the previous ten years for the support of either yourself or your spouse, identify each such person, and, in addition, state:

    a.    Their relationship to you;

    b.    If deceased, the date and place of their death; and

    c.    The nature and amount of any money, goods, services or benefits contributed to the support of yourself or your spouse, together with dates on which or during which such support was received.

41.   If any insurance company, union, or other person, firm or corporation has paid for or reimbursed you or anyone on your behalf for, or has become obligated to pay for or reimburse you or anyone on your behalf for, any medical or hospital expense incurred by the alleged exposure to asbestos, list such expenses, itemizing the dates incurred, the nature of such expense, and the name and address of the insurance company, union person, firm or corporation who or which has paid or is obligated for the payment for, or reimbursement for, said expenses.

42.   If you claim you have suffered any wage or earning loss as a result of your alleged exposure to asbestos, state:

    a.    The amount of time lost from work or employment, together with the date(s) involved and the name and address of the employer;

///

b.    The gross amount of salary or earnings which you received from each payday, stating the intervals of such paydays;

c.    The gross amount of salary or earnings actually lost;

d.    Of the total sum stated in response to subpart c of this interrogatory, the amount that would be your net take-home pay after deduction of taxes and all other authorized deductions;

e.    If self-employed, state the total time lost from business, listing the dates involved and the gross financial loss to you, stating the nature of such loss and how incurred; and

f.    Of the total sum stated in response to subpart e of this interrogatory, the amount that would be your net loss after deduction of taxes.

43.    If you have incurred any expense or financial loss, including property damage, other than as listed above, which you attribute in any degree to your exposure to asbestos, state such financial losses, expenses and property damage, giving the dates incurred, the amounts involved, and the nature of each such expense or loss.

44.    If any insurance company, union or other person, firm or corporation has paid for or reimbursed you for, or has become obligated to pay for or reimburse you or anyone on your behalf for, any sums or money (excluding medical or hospital expenses) to provided any of the following:  disability or other benefits, loss of earnings, property damage or any other item resulting from the alleged exposure to asbestos, state:

a.    The sum or sums of money expended, itemizing the dates incurred

b.    The nature of the obligation giving rise to the payment or reimbursement; and

c.    The name and address of the insurance company, union or other person, firm or corporation, which has paid for, or is obligated for payment or reimbursement for, such sums of money.

45.    If you claim any damages for pain and suffering, state:

a.    The amount of damages so claimed;

LAW OFFICES
SHIELD & SMITH

17

b.   The extent, duration, intensity and nature of the pain and suffering;

c.   The specific cause of such pain and suffering;

d.   The treatment, if any, prescribed for relief of such pain and suffering and the name and address of each person prescribing such treatment;

e.   All drugs used for the relief of pain or other symptoms of the diseases alleged, specifically identifying the precise name of the drug, precise quantity prescribed for each dose and the number of doses or applications of all such drugs

f.   Provide the information sought in subpart e of this interrogatory with respect to all medicines other than drugs.

## VII.   KNOWLEDGE RE ASBESTOS

46.   If you ever received newspapers, newsletters or any other publications which discussed the subject of worker exposure to asbestos, state:

a.   The name and type of publication;

b.   The date or dates that you recall such publication discussing the subject of asbestos and the nature of said discussion.

47.   If you have ever attended any international or local union meetings, seminars, conferences or conventions where the subjects of occupational health and, in particular, exposure to asbestos was discussed, state:

a.   The date and place of each such meeting, seminar, conference or convention;

b.   Your reason and/or official capacity for attending;

c.   The name and address of the speaker or speakers;

d.   A summary of the information presented concerning exposure to asbestos; and

e.   The names and addresses of any persons with whom you discussed the information presented.

1   48.   If you have ever been informed by any person in your local or

2   international union of any possible hazards associated with exposure to asbestos, state:

3         a.   The name and address of the individual(s) who furnished you with

4   such information;

5         b.   The date and place such information was furnished;

6         c.   The manner in which such information was communicated to you;

7         d.   The nature of such information furnished;

8         e.   What action, if any, you took in response to such information.

9   49.   If you have ever completed, in whole or part, or been requested to

10  complete a questionnaire provided to you by any labor union, relating to the subjects of

11  occupational health and/or exposure to asbestos, state as to each questionnaire:

12        a.   The date you received the questionnaire;

13        b.   The date you completed the questionnaire;

14        c.   The name of the union providing the questionnaire;

15        d.   The name and address of the individual, union or entity to whom

16  the questionnaire was returnable;

17        e.   Whether or not you possess a copy of the questionnaire as

18  completed by you;

19        f.   The name and address of each individual, union or entity

20  possessing a copy of your completed questionnaire.

21        50.   If you have ever received "dirty" pay, "dusty" pay, "asbestos" pay or any

22  other similar additional compensation from any employer, state the name and address of

23  the employer and dates of such payment.

24        51.   Did you at any time receive, have knowledge of or possess a tangible

25  copy of any advice, publication, warning, order, directive, requirement or

26  recommendation, whether written or oral, which purported to:

27        a.   Advise or warn you of the possible harmful effects of exposure to,

28  or inhalation of, asbestos; or

1          b.    Advise or recommend as to techniques, methods or equipment

2    which would serve to reduce or guard against such potentially dangerous exposure?

3        52.   If your response to the preceding interrogatory is yes, please state:

4          a.    The nature and exact wording of such advice, warning,

5    recommendation, etc.;

6          b.    The complete identity of each source of such advice, warning,

7    recommendation, etc.; and

8          c.    The date, time, place, manner and circumstances when each such

9    advice, warning, recommendation, etc., was given, and to whom it was given.   . . .

10

11   VIII.    PRIOR AND SUBSEQUENT CLAIMS AND LITIGATION

12       53.   If you have ever made a claim for personal injury or filed an action or

13   proceeding in any court or other forum, other than in the present matter, please state:

14         a.    The nature of such injury or injuries;

15         b.    The date when such injury or injuries were sustained in each

16   instance, the place of occurrence and the nature of the incident or accident causing the

17   injury;

18         c.    The names and addresses of all persons and companies to whom

19   said claims were made;

20         d.    The present status of such claims (pending, settled, dismissed,

21   etc.).

22       54.   If you have ever filed a claim in order to receive benefits from either

23   F.E.L.A., F.E.C.A., L.H.W.C.A. or the State of California (or any other state) Workers'

24   Compensation Fund for an occupational injury, including, but not limited to, one arising

25   out of exposure to asbestos, for each claim state:

26         a.    The date the claim was filed;

27         b.    The basis for the claim;

28         c.    The organization to whom the claim was presented;

LAW OFFICES
SHIELD & SMITH

.18

d.   The present status of the claim;

e.   Whether you have received benefits as a result of the claim;

f.   The amount of any benefit received; and

g.   The date you first received such benefits.

## IX.   INSURANCE

55.   Identify all insurance policies by which you are currently covered, including health, life, disability or accident insurance.  As to each, state fully and in detail:

a.   The name and address of each insurance carrier and number;

b.   The amount of insurance coverage provided by the policy;

c.   The date of effective period of the policy;

d.   The name and address of the person or entity having possession o the policy;

e.   The named insured of the insured policy;

f.   The type of policy;

g.   The date and place of any medical examination you underwent incidental to applying for, obtaining or retaining the policy;

h.   The name of the physician or other medical personnel conducting any examination identified in response to subpart g;

i.   The results or findings of any such examination; and

j.   The identity of any written reports or other documents prepared with respect to any such examination;

56.   If you have ever been refused insurance coverage for health, life, disability or accident insurance, whether by way of denial of the initial application, refusal to renew an existing policy or cancellation of an existing policy, state:

a.   The date your application was made;

///

LAW OFFICES
SHIELD & SMITH

19

b.   The name and address of the insurance carrier and the insurance carrier's agent to whom your application was made;

c.   The type of insurance for which you applied;

d.   The date and reason your application was rejected; and

e.   The date, nature, and findings of any physical examination (including x-rays) which was performed on you in connection with your application, together with the name and address of the examining physician, nurse, or institution.

57.   If you have ever at any time made a claim for or received any health or accident insurance benefits, worker's compensation payment, disability benefits, pensions, accident compensation payments or veteran's disability compensation awards, state for each claim:

a.   The circumstances under which you made the claim for benefits, awards or payments;

b.   The illness, injury or injuries for which you made the claim for benefits, awards or payments;

c.   The name and address of your employer(s) at the time of the injury or illness for which you made the claim;

d.   The name and address of the examining doctor(s) for each injury or illness;

e.   The name and address of the superiors, officers, boards or tribunals before which or to whom the claim as made or filed, and the date the claim as made or filed;

f.   The amount of the benefits, awards or payments you received or will receive, if any;

g.   The dates you received the benefits, awards or payments; and

h.   The identity of the agencies or insurance companies from whom you received the awards, benefits or payments.

///

## MEDICAL RECORDS

58.   If you or your attorney have any medical reports from any persons, hospitals, doctors or medical practitioners or institutions that have ever treated or examined you at any time, please attach copies of your reports to these interrogatories. If you will not voluntarily attach copies of the reports to the answer to these interrogatories, then state:

      a.   The identity of each report date, subject matter, name, address, or job title or capacity of the person(s) to whom it is addressed or directed, and the job title or capacity of the person or persons who prepared the same;

      b.   The reason why each report was prepared;

      c.   The name, job title, address and present whereabouts of the person who has present custody or control thereof.

## X.   EMPLOYMENT

59.   For each employer in whose employ you believe you were exposed to asbestos, state:

      a.   The employer's name, address and telephone number, and the dates of your employment;

      b.   Your job title and a description of your duties;

      c.   The manner of exposure, the duration and time period of exposure and the type of product (e.g., insulation, cement, etc.) to which you were exposed;

      d.   The location of each job site, including the name of each plant and the state and city where located, along with the beginning and ending dates of each such job;

      e.   If you have at any time worked in a shipyard, identify the names of all ships upon which you worked;

      f.   For each such job with regard to subparts (d) and/or (e), state the name and last known address of all persons with whom you worked regularly on such job;

g.   For each such job with regard to subparts (d) and/or (e), state the name and last known address of all persons with whom you worked regularly on such job;

60.   For all previous employment, including self-employment, not listed in your answer to the previous interrogatory, state the following:

a.   The name and address of each person, firm or other entity for whom you have worked;

b.   The dates such employment began and terminated, and the reason for each termination; and

c.   The nature of the work performed, the job title and the rate of pay at each place of employment.

61.   Please identify by name and address those employers who provided safety equipment (including, but not limited to ventilation systems, respirators or protective clothing) to protect against the inhalation of lung irritants or toxic substances, describe the equipment provided, and state the frequency with which you used this equipment.

62.   State the name and address of the following persons at each place of employment listed in response to interrogatory No. 59:

a.   Your supervisor;

b.   Your shop steward; and

c.   Your union representative.

MEDICAL HISTORY

63.   State whether you have ever been diagnosed as suffering from any of the following illnesses, diseases or abnormal physical conditions:

a.   Infectious disease (e.g., tuberculosis, pneumonia, typhoid fever, hepatitis);

b.   Cardiac disease;

c.   Gastrointestinal disease;

d.   Genito-urinary disease or infection;

LAW OFFICES
SHIELD & SMITH

22

24

e.   Skin disease;

f.   Blood disease;

g.   Neurological disease (including fainting spells, emotional upset, epilepsy, etc.);

h.   Kidney disease;

i.   Liver disease or dysfunction;

j.   Cerebrovascular accident;

k.   Personality disturbance or diseases;

l.   Metabolic disease;

m.   Allergy;

n.   Peripheral-vascular disease or circulatory disturbances;

o.   Glandular disease;

p.   An abnormal physical condition symptomatic of diseases such as edema of the extremities, chest pains, prolonged subnormal or elevated temperature, recurring headaches, jaundice, excessive hunger or thirst, etc.;

q.   Pulmonary or other respiratory condition or disease;

r.   Rib injuries;

s.   Obesity;

t.   Parasitic disease;

u.   Cancer.

84.   If your response to any of subpart of the previous interrogatory is "yes", state the following for each such illness, disease or physical condition:

a.   The name and a precise description of each such sensitivity, illness, disease or abnormal physical condition;

b.   The date on which you contracted or became aware of same;

c.   The names and addresses of all physicians or other practitioners who treated you for same;

///

d.   The name and addresses of all hospitals or other institutions where you were confined for same;

e.   Whether you are presently suffering from one or more such conditions or abnormal physical conditions, and if so, identify which condition or conditions.

65.   If you have ever received any nursing care or housekeeping services, or been confined to your bed or home as a result of any injury, illness, emotional or psychological illness or distress state:

a.   The dates during which you received the nursing care or housekeeping services or were confined to your bed or home;

b.   The addresses where such confinement took place;

c.   The name, address and relationship to you of all persons administering any care or services to you; and

d.   The injury, physical condition or illness which necessitated such care or services.

66.   If any of your employers or prospective employers either required or made available physical examinations for their employees, state the frequency, dates, and locations of such examinations, and whether chest x-rays of you were taken at such examinations.

67.   If you have ever been told or received a diagnosis that you are or were suffering from any pulmonary disease, state with regard to each diagnosis:

a.   The date the diagnosis was made;

b.   The name, address and telephone number of the person who made the diagnosis, together with the name, address and telephone number of any concurring physician;

c.   The method and information upon which the diagnosis was made;

///

///

d.   The name, address and telephone number of each and every hospital, medical institution, laboratory, physician, nurse, lab technician, etc., involved in any part of diagnosis:

e.   A detailed description of the specific course of treatment or therapy, including any medication, prescribed as a result of the diagnosis, and the name, address and telephone number of each prescribing physician;

f.   Whether you have followed the prescribed course of treatment, including medication prescribed for you by said physicians;

g.   The name, address and telephone number of each and every person, including your relatives, employer or anyone acting on your behalf, to whom such diagnosis was made known, including the date, time and place the diagnosis was made known, including the date, time and place the diagnosis was made known.

h.   The name of your employer at the time of said diagnosis;

68.   If you contend that the pulmonary disease(s) referred to in your response to the previous interrogatory is related in any way to your alleged exposure to asbestos, state all facts upon which this contentions is based.

69.   If any diagnosis referred to in your responses to Interrogatory No. 67 resulted in any prescribed or recommended change in your occupation, behavior, lifestyle, working habits or conditions, state:

a.   The nature, extent and exact content of the prescription or recommendation;

b.   What action you took in response to the prescription or recommendation; and

c.   Your reasons for failing to comply with such prescriptions or recommendations.

70.   If you have ever been told or received a diagnosis that you are or were suffering from any form of cancer whether benign or malignant, state with regard to each such diagnosis:

27

a. The date the diagnosis was made;

b. The name, address and telephone number of the person who made the diagnosis, together with the name, address and telephone number of any concurring physician;

c. The method and information upon which the diagnosis was made;

d. The name, address and telephone number of each and every hospital, medical institution, laboratory, physician, nurse, lab technician, etc., involved in any part of diagnosis;

e. A detailed description of the specific course of treatment or therapy, including any medication, prescribed as a result of the diagnosis, and the name, address and telephone number of each prescribing physician;

f. Whether you have followed the prescribed course of treatment, including medication prescribed for you by said physicians;

g. The name, address and telephone number of each and every person, including your relatives, employer, or anyone acting on your behalf, to whom such diagnosis was made known;

h. The name of your employer at the time of said diagnosis;

71. If you contend that the cancer referred to in your response to the previous interrogatory is related in any way to your alleged exposure to asbestos, state all facts upon which this contention is based.

72. If any diagnosis referred to in your responses to Interrogatory No. 70 resulted in any prescribed or recommended change in your occupation, behavior, lifestyle, working habits or conditions, state:

a. The nature, extent and exact content of the prescription or recommendation;

b. What action you took in response to the prescription or recommendation; and

///

e.    Your reasons for failing to comply with such prescriptions or recommendations.

73.   If you were ever hospitalized as a result of the injuries which you claim resulted from your exposure to asbestos, state the name and address of the hospital, the date(s) of your hospitalization, and the name of the physician(s) who treated or examined you during your hospitalization.

74.   If you have ever been treated or examined by a physician, nurse, or therapist for injuries you claim resulted from your exposure to asbestos, and which is not identified in your answer to Interrogatory No. 67, state the name, and address and telephone number of each such physicians, nurse or therapist, together with the date(s) of your treatment or examination.

75.   If you ever been hospitalized, operated upon or confined to an institution other than those occasions identified in your answer to Interrogatory No. 73, state for each such hospitalization or confinement:

a.    The name and address of the hospital or institution;

b.    The beginning and ending dates of the period of hospitalization or confinement;

c.    Your patient identification number;

d.    The nature of the illness, injury or complaint for which you were hospitalized or confined;

e. .   The names and addresses of all persons who examined or treated you;

f.    The nature and extent of any permanent disability or residual effects; and

g.    The nature, source and amount of any disability benefits or other remuneration received.

76.   If you have ever had x-rays taken of your chest, state the following for each set of x-rays taken:

a.    The name and address of the office or hospital where the x-rays were taken;

b.    The date or dates on which the x-rays were taken;

c.    The date or dates you were given the results of those x-rays and the nature of the results.

77.    If you have ever been treated or examined by a physician, nurse or therapist other than on those occasions identified in your answer to the above interrogatories, state for each such treatment or examination:

a.    The name, address, and telephone number of the physician, nurse or therapist;

b.    The date of your treatment or examination;

c.    The reason for the treatment or examination; and

d.    The diagnosis, if any, of the physician, nurse or therapist.

78.    If you have had a pulmonary or respiratory system related examination conducted upon you during your lifetime, state for each such examination:

a.    The date, place, and circumstance of the examination;

b.    The name, address and telephone number of the physician prescribing the examination;

c.    The name, address and telephone number of the physician conducting the examination;

d.    The name, address and telephone number of the medical institution or laboratory, public or private, in which the examination was conducted;

e.    The name, address and telephone number of the present or last known custodian of the results of the examination;

f.    The interpretative or diagnostic results derived from the examination, together with the date that these results were made known to you or to anyone acting on your behalf.

///

79.   If any treatment, recommendation or prescribed therapy resulted from the examinations described in your response to Interrogatory No. 78 state with regard to each such examination:

     a.   The purpose and objective of the treatment;

     b.   The date, time and duration of the treatment;

     c.   The name and dosage of any prescribed medication;

     d.   The degree of success or failure of each treatment; and

     e.   Whether you cooperated with or ignored the recommendations or treatments.  If you chose to ignore the recommendations, state your reasons for doing so.

**Exhibit B**

1  Dean A. Hanley, Esq. (State Bar No 169507)
2  Carolin K. Shining, Esq. (State Bar No. 201140)
   Donald R. Oder, Esq. (State Bar No. 204920)
3  PAUL & HANLEY LLP
   1608 Fourth Street, Suite 300
4  Berkeley, California 94710
   Telephone:    (510) 559-9980
5  Facsimile:    (510) 559-9970

6  Attorneys for Plaintiff(s)

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         COUNTY OF LOS ANGELES - COURT OF UNLIMITED JURISDICTION

10

11 JOHN H. LUSK and HELEN C. LUSK,        ) Case No. BC398818
                                          )
12        Plaintiff(s),                   ) PLAINTIFF'S RESPONSES TO
                                          ) DEFENDANT'S STANDARD
13 vs.                                    ) INTERROGATORIES
                                          ) (Personal Injury)
14 A.W. CHESTERTON COMPANY, et al.,       )
                                          )
15        Defendants.                     )
                                          )
16 ──────────────────────────────────     )

17 PROPOUNDING PARTY:          Defendants

18 RESPONDING PARTY:           Plaintiff JOHN H. LUSK

19 SET NO.:                    Standard

20 RESPONSE TO INTERROGATORY No. 1:

21
         JOHN H. LUSK;
22       P.O. Box 219
         Bush, LA  704310219;
23       8/7/1942; Butler, Texas;
         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;
24       6'; 210;
         LA00528282;
25
   RESPONSE TO INTERROGATORY No. 2:
26
         Plaintiff has been known by no other name but JOHN H. LUSK.
27 ///
28

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

Page 1

32

**RESPONSE TO INTERROGATORY No. 3:**

Not Applicable;

**RESPONSE TO INTERROGATORY No. 4:**

Helen Lusk
Current Age: 52
10/17/1980;
October 17, 1980; Olangapo, Phillipines;
Student

**RESPONSE TO INTERROGATORY No. 5:**

Plaintiff was previously married as noted below:

Jean Carol Wallace, 10/8/1966

**RESPONSE TO INTERROGATORY No. 6:**

Not applicable.

**RESPONSE TO INTERROGATORY No. 7:**

1:   Paul D. Lusk;
     Current Age: 38;
     616 S. Third St
     Copperas Cove, TX  76522;

2:   John C. Lusk;
     Deceased;

**RESPONSE TO INTERROGATORY No. 8:**

Plaintiff objects to this interrogatory as vague, ambiguous and unintelligible. Without waiving
these objections and subject thereto, plaintiff responds: not applicable.

**RESPONSE TO INTERROGATORY No. 9:**

Yes.

JAMES H. SMITH
a.                          Melanoma;
b-d.                        UNKNOWN;

SHANDA
a.                          cancer;
b-d.                        UNKNOWN;

EDITH SMITH LUSK
a.                          cancer;

---

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

Page 2

b-d.                              UNKNOWN;

**RESPONSE TO INTERROGATORY No. 10:**

Plaintiff refers to and incorporates herein response to Interrogatory No. 9, above.

**RESPONSE TO INTERROGATORY No. 11:**

Plaintiff refers to and incorporates herein response to Interrogatory No. 9, above.

**RESPONSE TO INTERROGATORY No. 12:**

1956-1961, University High School
1974, Southwestern College, Chula Vista

**RESPONSE TO INTERROGATORY No. 13:**

Plaintiff refers to and incorporates herein response to Interrogatory No. 12, above.

**RESPONSE TO INTERROGATORY No. 14:**

Plaintiff refers to and incorporates herein response to Interrogatory No. 12, above.

**RESPONSE TO INTERROGATORY No. 15:**

Not Applicable.  Plaintiff has never been convicted of a felony.

**RESPONSE TO INTERROGATORY No. 16:**

a.                       U.S. Navy,
b.                       5113636;
c-g.                     UNKNOWN

**RESPONSE TO INTERROGATORY No. 17:**

Such Records are maintained by the government and/or specific armed forces department. Plaintiff is unable to recall any additional information or state it with any precision. The records sought are equally available is known.  The parties are referred to those records pursuant to CCP §2030.230.  Further response would require a compilation or summary of those records which are equally available to all parties.  Please see medical records for the most complete information, if known.

**RESPONSE TO INTERROGATORY No. 18:**

Such Records are equally available to defendants by plaintiff's authorization and to respond to this interrogatory would require a summary of those records.  Please see plaintiff's employment records for the most complete information, if known.

**RESPONSE TO INTERROGATORY No. 19:**

Plaintiff took a regular retirement in approximately 2003.

///

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

Page 3

34

**RESPONSE TO INTERROGATORY No. 20:**

Not Applicable.

**RESPONSE TO INTERROGATORY No. 21:**

Plaintiff objects to this interrogatory to the extent it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, plaintiff responds that to the extent he has lost time from work due to an asbestos-related illness, such damages will be described in detail by the plaintiff and his percipient and expert witnesses through the course of discovery in this litigation.

**RESPONSE TO INTERROGATORY No. 22:**

Plaintiff refers to and incorporates herein response to Interrogatory No. 21, above.

**RESPONSE TO INTERROGATORY No. 23:**

Not Applicable;

**RESPONSE TO INTERROGATORY No. 24:**

Plaintiff is unaware of any such employers at this time. Plaintiff's investigation and discovery continue.

**RESPONSE TO INTERROGATORY No. 25:**

Plaintiff is unaware of any such exposures at this time. Plaintiff's investigation is continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 26:**

a.-b. Plaintiff JOHN H. LUSK worked full-time as a machinist mate; port engineer from 8/1/1961 to 1/1/1999. Plaintiff JOHN H. LUSK was exposed on numerous occasions to dust from the installation, removal, disturbance and/or handling of various asbestos-containing materials, including, but not limited to, the following:

Plaintiff is currently able to identify the following jobsites where he contends exposure to asbestos:

EMPLOYER: U.S. Navy;
DATE: Approximately 8/1/1961 to 12/31/1962;
DURATION: Approximately 5 months;
JOB SITE: U.S.S. Observation Island (EAG 154);
JOB TITLE: fireman;
JOB DUTIES: Worked as a helper to the cooks initially. He then moved to the engine spaces.

EMPLOYER: U.S. Navy;
DATE: Approximately 1/22/1963 to 4/23/1963;
DURATION: Approximately 3 months;
JOB SITE: Naval Training Center, Great Lakes, IL;
JOB TITLE: trainee;
JOB DUTIES: Was in Machinist Mate school.

EMPLOYER: U.S. Navy;
DATE: Approximately 5/12/1965 to 12/10/1965;
DURATION: Approximately 7 months
JOB SITE: USS GURKE DD-783;
JOB TITLE: Machinist Mate;
JOB DUTIES: Plaintiff duties during his naval service included work on in-port, on-board installation, repair, removal and maintenance of ships' systems as well as work with, on, and around gaskets, packing, bulkheads, gauges, controls, flooring, floor tiling, pipe insulation, refractory systems, insulation, fireproofing, auxiliary equipment, flanges, steam valves, pump systems, propulsion systems, valve assemblies, feed pumps, condensation pumps, fuel pumps, oil pumps, primary steam systems, secondary steam systems, turbines, reduction gears, shafts and alignment. This work was performed with and in close proximity to chief engineers, firemen, oil tenders, painters, laggers, welders, shipfitters, pipefitters, boilertenders and civilian shipyard contractors often in the same compartment and often during clean-up from these workers.

EMPLOYER: U.S. Navy;
DATE: Approximately 6/21/1968 to 8/16/1968;
DURATION: Approximately 2 months;
JOB SITE: San Diego Naval Station;
JOB TITLE: student;
JOB DUTIES: Plaintiff attended Air Conditioning & Repair School ("AC&R").

EMPLOYER: U.S. Navy;
DATE: Approximately 9/20/1968 to 6/26/1970;
DURATION: Approximately 1 year 6 months;
JOB SITE: USS HORNET - CVS 12;
JOB TITLE: Machinist Mate;
JOB DUTIES: Plaintiff duties during his naval service included work on in-port, on-board installation, repair, removal and maintenance of ships' systems as well as work with, on, and around gaskets, packing, bulkheads, gauges, controls, flooring, floor tiling, pipe insulation, refractory systems, insulation, fireproofing, auxiliary equipment, flanges, steam valves, pump systems, propulsion systems, valve assemblies, feed pumps, condensation pumps, fuel pumps, oil pumps, primary steam systems, secondary steam systems, turbines, reduction gears, shafts and alignment. This work was performed with and in close proximity to chief engineers, firemen, oil tenders, painters, laggers, welders, shipfitters, pipefitters, boilertenders and civilian shipyard contractors often in the same compartment and often during clean-up from these workers.

EMPLOYER: U.S. Navy;
DATE: Approximately 7/21/1970 to 12/19/1974;
DURATION: Approximately 4 years;
JOB SITE: USS CONSTELLATION (CVA-64);
JOB TITLE: Machinist Mate;
JOB DUTIES: Plaintiff duties during his naval service included work on in-port, on-board installation, repair, removal and maintenance of ships' systems as well as work with, on, and around gaskets, packing, bulkheads, gauges, controls, flooring, floor tiling, pipe insulation, refractory systems, insulation, fireproofing, auxiliary equipment, flanges, steam valves, pump systems, propulsion systems, valve assemblies, feed pumps, condensation pumps, fuel pumps, oil pumps, primary steam systems, secondary steam systems, turbines, reduction gears, shafts and alignment. This work was performed with and in close proximity to chief engineers, firemen, oil tenders, painters, laggers, welders, shipfitters, pipefitters, boilertenders and civilian shipyard contractors often in the same compartment and often during clean-up from these workers.

EMPLOYER: U.S. Navy;
DATE: Approximately 1/1/1981 to 12/31/1992;
DURATION: Approximately ; unknown
JOB SITE: USS MISPILLION - A0105;
JOB TITLE: marine surveyor / port engineer;
JOB DUTIES: unknown

EMPLOYER: U.S. Navy;
DATE: Approximately 1/1/1981 to 12/31/1992;
DURATION: Approximately unknown;
JOB SITE: USS NAVASOTA - AD 106;
JOB TITLE: engineer;
JOB DUTIES: unknown

EMPLOYER: U.S. Navy;
DATE: Approximately 1/1/1981 to 12/31/1992;
DURATION: Approximately unknown;
JOB SITE: USNS PASSUMPSIC (AD-107);
JOB TITLE: engineer;
JOB DUTIES: unknown

EMPLOYER: U.S. Navy;
DATE: Approximately 1/1/1981 to 12/31/1992;
DURATION: Approximately ;
JOB SITE: USNS HASSAYAMPA (AD 145);
JOB TITLE: engineer;
JOB DUTIES: unknown

EMPLOYER: U.S. Navy;
DATE: Approximately 1/1/1981 to 12/31/1982;
DURATION: Approximately unknown;
JOB SITE: USNS PONCHATOULA;
JOB TITLE: engineer;
JOB DUTIES: unknown

EMPLOYER: U.S. Navy;
DATE: Approximately 1/1/1981 to 12/31/1992;
DURATION: Approximately unknown;
JOB SITE: USNS Chavenet;
JOB TITLE: engineer;
JOB DUTIES: unknown

EMPLOYER: U.S. Navy;
DATE: Approximately 1/1/1981 to 12/31/1992;
DURATION: Approximately unknown;
JOB SITE: USS RIGEL T-AF-58;
JOB TITLE: engineer;
JOB DUTIES: unknown

EMPLOYER: U.S. Navy;
DATE: Approximately 1/1/1981 to 12/31/1992;
DURATION: Approximately unknown;
JOB SITE: USS SPICA (T-AFS-9);

JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Navy;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USNS METEOR (T-AKR-9);
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USMS Mercury;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USNS Jupiter (T-AKR-11);
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  SS Astral Rainbow;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  SS Astral Lightning;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  American COURIER;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  AMERICAN CHAMPION;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  SS SEALIFT PACIFIC;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USNS SEALIFT ANTARCTIC;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USNS SEALIFT CHINA SEA;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USNS Sealift Meditteranean;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USNS Ute (T-ATF-76);
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USNS Southern Cross (T-AK-285);
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  U.S. Naval Civilian Service;
DATE:  Approximately 1/1/1981 to 12/31/1992;
DURATION:  Approximately unknown;
JOB SITE:  USS WHITE PLAINS;
JOB TITLE:  engineer;
JOB DUTIES:  unknown

EMPLOYER:  UNKNOWN;
DATE:  Approximately 1/1/1995 to 1/1/1999;
DURATION:  Approximately ;
JOB SITE:  Avondale Northrop Grumman, New Orleans, LA;

---

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

Page 8

JOB TITLE: engineer;
JOB DUTIES: unknown

c. For any and all of the aforementioned products, Plaintiff does not recall any instruction or warnings provided by the manufacturer, supplier or distributor of such products.
d. Plaintiff does not remember receiving any warning or instruction provided by his employer before 1986, when he was told that cutting asbestos cement pipe with electric saws is hazardous. Plaintiff's employer simultaneously provided plaintiff and others in his crew with alternative tools for such cuts, including chain cutters.
e. Plaintiff refers to a.-b. above.
f. Plaintiff was unaware of asbestos exposure's potential hazards at all times during his exposure to asbestos. Plaintiff became generally aware of information regarding such health hazards when the same was widely disseminated in the media and made a matter of common public knowledge. Plaintiff cannot recall the exact moment when he first became aware of the hazards of asbestos, other than it being sometime in the 1980s.

## RESPONSE TO INTERROGATORY No. 27:

Plaintiff is unaware of any such un-named entity.

## RESPONSE TO INTERROGATORY No. 28:

Plaintiff is unaware of any such exposures at this time.

## RESPONSE TO INTERROGATORY No. 29(a-h):

No instruction or warnings were provided to Plaintiff JOHN H. LUSK by any of his employers before 1986. Before 1986, Plaintiff JOHN H. LUSK was unaware of asbestos exposure's potential hazards at all times during his exposure to asbestos. Plaintiff JOHN H. LUSK became aware of information regarding such health hazards when the same was widely disseminated and made a matter of common public knowledge. Plaintiff became aware of the health hazards of asbestos exposure through the newspaper and media. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 30:

No instruction or warnings were provided by the manufacturer, supplier or distributor of the asbestos-containing products to which JOHN H. LUSK was exposed, nor was any warning or instruction provided to Plaintiff or by his employer. Plaintiff does not recall observing anyone using any type of safety precaution while working around asbestos-containing materials. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 31:

Plaintiff was diagnosed with mesothelioma on May 22, 2008. It is impossible for plaintiff to identify each and every symptom, adverse reaction or other injury to which he has suffered due to his exposure to asbestos-containing materials without expert opinion. Plaintiff identifies present complaints to include: Plaintiff's symptoms, including fatigue, shortness of breath, mental suffering and anguish (associated with diagnosis, treatment and monitoring for reoccurrence), go back several months, during which time such symptoms are gradually increasing. Plaintiff continues to be impacted by this progressive and debilitating disease. Due to the debilitating effects of his exposure to asbestos, plaintiff's entire body has become

adversely affected by his exposure to asbestos and asbestos-containing products. Plaintiff's symptoms have become increasingly aggravated.

a. Plaintiff is unable to identify the exact date of onset as plaintiff's symptoms have been gradual and progressive.

b. Plaintiff's symptoms, including fatigue, shortness of breath, mental suffering and anguish (associated with diagnosis, treatment and monitoring for reoccurrence), go back several months, during which time such symptoms are gradually increasing. Plaintiff continues to be impacted by this progressive and debilitating disease.

c. Plaintiff's symptoms have not ceased and are not anticipated to cease. They are continuous and progressive.

d. Excluding plaintiff's expert consultants, and for purposes of litigation, plaintiff identifies the following physicians who have treated Plaintiff. Plaintiff's diagnosis is not disputed by any of these physicians. Records are maintained by each of these facilities.

> North Shore Regional Medical Center;
> 1850 Gause Blvd, Suite 202, Slidell, Lousiana 70461;
> right knee orthoscopy;

> Michael Karen, M.D. (surgeon);
> 1850 Gause Blvd, Suite 202, Slidell, Lousiana;
> exploratory surgery / biopsy;

> Cristy Graves, M.D. (PCP);
> North Shore Regional Medical Center, 1850 Gause Blvd. Ste 205, Slidell, LA;
> bloodwork;

> Dennis Dale, M.D. (PULM);
> North Shore Regional Medical Center;
> CT;

> Dr. Gopal (liver specialist);
> Slidell Memorial, 1051 Gause Blvd, Slidell, LA 70458;
> consultation;

> Roy Smythe, M.D. (surgeon);

> Scott & White Health Science Center;
> 2401 South 31st Street, Tempel, Texas 76508;
> PFT;

e. Plaintiff is unable to recall this information or state it with any precision. The medical records contain this information to the extent it is known. The parties are referred to those records pursuant to CCP §2030.230. Further response would require a compilation or summary of those records which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff was diagnosed with mesothelioma on May 22, 2008.

f. Plaintiff has followed all therapy regimes, if any, that have been prescribed by his doctors.

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

g. Records are maintained by the physician/facility. Plaintiff is unable to recall any additional information or state it with any precision. The medical records contain this information to the extent it is known. The parties are referred to those records pursuant to CCP §2030.230. Further response would require a compilation or summary of those records which are equally available to all parties. Please see medical records for the most complete information, if known.

This information is as complete as plaintiff can recall at this time. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 32:

Not Applicable.

## RESPONSE TO INTERROGATORY No. 33:

Plaintiff objects that this interrogatory calls for expert opinion. Notwithstanding this objection, and without waiving it, plaintiff responds:

OTHER EXPOSURES CONTRIBUTING TO INJURY (i.e. smoking, or secondary exposure).

Plaintiff smoked approximately zero to 0.15 packs of cigarettes in approximately 1978 and stopped in approximately 1989.

## RESPONSE TO INTERROGATORY No. 34:

Plaintiff retired in 2003. Plaintiff has been diagnosed with mesothelioma on May 22, 2008. Plaintiff is unable to perform any work at the present time and is completely disabled, as his present complaints include: fatigue, shortness of breath, mental suffering and anguish (associated with diagnosis, treatment and monitoring for reoccurrence), go back several months, during which time such symptoms are gradually increasing. Due to the debilitating effects of his exposure to asbestos, plaintiff's entire body has become adversely affected by exposure to asbestos and asbestos-containing products. Plaintiff's symptoms have become increasingly aggravated. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 35:

Plaintiff's illness has adversely affected his ability to perform household services, etc. Plaintiff is no longer able to perform yard work or daily household chores and has had to limit his social and recreational activities. Plaintiff is unable to identify the exact date of onset, as plaintiff's symptoms have been gradual and progressive. Plaintiff identifies his present complaints to include: fatigue, shortness of breath, mental suffering and anguish (associated with diagnosis, treatment and monitoring for reoccurrence), go back several months, during which time such symptoms are gradually increasing. Plaintiff continues to be impacted by this progressive and debilitating disease.

## RESPONSE TO INTERROGATORY No. 36:

A. Cigarettes;

B. Yes.

C. Plaintiff smoked 0 to 0.15 & packs per day.

---

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

Page 11

D. Plaintiff began smoking cigarettes in approximately 1957 and stopped in approximately 1989.

Plaintiff began smoking cigarettes in approximately January 1978 and stopped in approximately 1989.

Plaintiff began smoking cigarettes in approximately 1978 and stopped in approximately 1989.

E. Plaintiff tried to quit for health reasons.

F. Like many smokers, Plaintiff was addicted to cigarettes.

G. Plaintiff began smoking approximately zero to 2 packs of cigarettes in approximately 1957 and stopped in approximately 1989. Plaintiff recalls smoking the following brands: marlboro, camels, lucky strikes, kents (later yrs).

Plaintiff began smoking approximately zero to 1 packs of cigarettes in approximately January 1978 and stopped in approximately 1989. Plaintiff recalls smoking the following brands: sir walter raleigh.

Plaintiff began smoking approximately zero to 0.15 packs of cigarettes in approximately 1978 and stopped in approximately 1989. Plaintiff recalls smoking the following brands: vega garcia.

H. Filtered.

I. Plaintiff was never advised to stop smoking.

J. Not Applicable.

**RESPONSE TO INTERROGATORY No. 37:**

Plaintiff does not recall giving a smoking history to any doctor which was inconsistent with the above.

**RESPONSE TO INTERROGATORY No. 38:**

Plaintiff has incurred financial loss as a result of his exposure to asbestos and asbestos-related products, including, but not limited to, loss of household services, costs of medical monitoring, costs of future hospital care and medical treatment, critical care treatment, home and hospice care, supplemental oxygen costs, costs of CAT scans, x-rays, breathing tests, medical consultations, and other costs not yet determined. Exact dollar amounts are not known to date, as costs are continuing to accrue. Plaintiff's discovery is continuing with regard to specific amounts and other expenses.

**RESPONSE TO INTERROGATORY No. 39:**

Plaintiff is unable to recall this information or state it with any precision. The medical records contain this information to the extent it is known. The parties are referred to those records pursuant to CCP §2030.230. Further response would require a compilation or summary of those records which are equally available to all parties. Please see medical records for the most complete information, if known. Costs are continuing to accrue. Plaintiff's investigation and discovery are continuing and ongoing. Plaintiff has incurred financial loss as a result of his exposure to asbestos and asbestos-related products, including, but not limited to, loss of

household services, costs of medical monitoring, costs of future hospital care and medical treatment, critical care treatment, home and hospice care, supplemental oxygen costs, costs of CAT scans, x-rays, breathing tests, medical consultations, and other costs not yet determined. Exact dollar amounts are not known to date, as costs are continuing to accrue. Plaintiff's discovery is continuing with regard to specific amounts and other expenses.

**RESPONSE TO INTERROGATORY No. 40:**

Not Applicable.

**RESPONSE TO INTERROGATORY No. 41:**

Plaintiff objects that this Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff specifically objects that this interrogatory calls for information deemed inadmissible by the collateral source doctrine. Offsets and credits, if any, will be disclosed when such information becomes relevant, e.g. upon entry of a verdict in plaintiff's favor. Plaintiff does not currently possess information regarding the details of any payments made on his behalf through these health insurance plans. When this information becomes known, Plaintiff will supplement this response accordingly. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 42:**

Plaintiff is losing the value of his household services, earning capacity, and lost pension, retirement and disability benefits. Plaintiff also refers to his Social Security and employment records available through authorization and subpoena. Plaintiff will also rely on his experts for said information, disclosure of which is governed by the timelines of CCP §2034.210. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 43:**

Plaintiff is losing the value of his household services, earning capacity, and lost pension, retirement and disability benefits. Plaintiff also refers to his Social Security and employment records available through authorization and subpoena. Plaintiff will also rely on his experts for said information, disclosure of which is governed by the timelines of CCP §2034.210. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 44:**

Plaintiff objects that this Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff specifically objects that this interrogatory calls for information deemed inadmissible by the collateral source doctrine. Offsets and credits, if any, will be disclosed when such information becomes relevant, e.g. upon entry of a verdict in plaintiff's favor. Without waiving these objections, Plaintiff responds: Plaintiff does not currently possess this information. When this information becomes known, Plaintiff will supplement this response accordingly. Plaintiff's investigation and discovery are continuing and ongoing.

///

///

///

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

## RESPONSE TO INTERROGATORY No. 45:

Plaintiff claims all damages permissible under the law, the exact amount of which will be determined by the trier of fact. Plaintiff's investigation and discovery are continuing and ongoing.

A. It is impossible for plaintiff to identify each and every instance of pain and suffering that he has suffered arising out of Plaintiff's exposure to asbestos-containing materials without expert opinion. Plaintiff identifies his present complaints to include: fatigue, shortness of breath, mental suffering and anguish (associated with diagnosis, treatment and monitoring for reoccurrence), go back several months, during which time such symptoms are gradually increasing. Plaintiff continues to be impacted by this progressive and debilitating disease.

B. Plaintiff incorporates by reference as if fully set forth herein his Response to Interrogatory No. 44(b), above. Plaintiff's investigation and discovery are continuing and ongoing.

C. Plaintiff is unable to recall this information or state it with any precision. Plaintiff refers to his medical records as the best source of information for medications prescribed and prescribing physicians. Please refer to plaintiff's Response to Interrogatory No. 31 above, as all medications were prescribed in relation to such treatment by such identified physicians. Plaintiff has authorized release of medical records. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing and ongoing.

D. Plaintiff has not sought specific treatment for his pain and suffering, other than treatment he has been getting for his injury. Plaintiff refers to his medical records as the best source of information for medications prescribed and prescribing physicians. Please refer to plaintiff's Response to Interrogatory No. 31 above as all medications were prescribed in relation to such treatment by such identified physicians. Plaintiff has authorized release of medical records. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing and ongoing.

E. Plaintiff has not sought specific treatment for his pain and suffering, other than the treatment he has been getting for his injury. At present, Plaintiff is not taking any medications for the treatment of his pain and suffering. Plaintiff refers to his medical records as the best source of information for medications prescribed and prescribing physicians. Please refer to plaintiff's Response to Interrogatory No. 31 above, as all medications were prescribed in relation to such treatment by such identified physicians. Plaintiff has authorized release of medical records. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing and ongoing.

F. Plaintiff has not sought specific treatment for his pain and suffering, other than the treatment he has been getting for his injury. At present, Plaintiff is not taking any medications for the treatment of his pain and suffering. Plaintiff refers to his medical records as the best source of information for medications prescribed and prescribing physicians. Plaintiff has authorized release of medical records. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which

are equally available to all parties.  Please see medical records for the most complete information, if known.  Plaintiff's investigation and discovery are continuing and ongoing.

### RESPONSE TO INTERROGATORY No. 46:

Plaintiff does not recall ever receiving any such newspapers, newsletters or any other publications discussing asbestos or worker exposure to asbestos.  Plaintiff's investigation and discovery are continuing.

A. Plaintiff is not a medical expert.  Plaintiff attributes his pain and suffering to his asbestos-related disease, to wit: lung cancer.

B. Plaintiff is not a medical expert and his pain regimen has changed over time.  Plaintiff refers defendant to his medical records, which have information responsive to this request.

C. Plaintiff is not a medical expert and his pain regimen has changed over time.  Plaintiff refers defendant to his medical records, which have information responsive to this request.

D. Plaintiff does not take medications other than those prescribed by his treating physicians.

### RESPONSE TO INTERROGATORY No. 46:

Not Applicable.

### RESPONSE TO INTERROGATORY No. 47:

Not Applicable.

### RESPONSE TO INTERROGATORY No. 48:

Not Applicable.

### RESPONSE TO INTERROGATORY No. 49:

Not Applicable.

### RESPONSE TO INTERROGATORY No. 50:

Not Applicable.

### RESPONSE TO INTERROGATORY No. 51:

No. Plaintiff was unaware of asbestos exposure's potential hazards at all times during his exposure to asbestos.  Plaintiff became aware of information regarding such health hazards when the same was widely disseminated and made a matter of common public knowledge.

### RESPONSE TO INTERROGATORY No. 52:

Not Applicable.

### RESPONSE TO INTERROGATORY No. 53:

Not Applicable.

**RESPONSE TO INTERROGATORY No. 54:**

Not Applicable.

**RESPONSE TO INTERROGATORY No. 55:**

Plaintiff objects that this Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff specifically objects that this interrogatory calls for information deemed inadmissible by the collateral source doctrine. Offsets and credits, if any, will be disclosed when such information becomes relevant, e.g. upon entry of a verdict in plaintiff's favor. Plaintiff does not currently possess information regarding the details of any payments made on his behalf through these health insurance plans. When this information becomes known, Plaintiff will supplement this response accordingly. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 56:**

Not applicable. Plaintiff has not had any application for insurance coverage denied.

**RESPONSE TO INTERROGATORY No. 57:**

Not Applicable.

**RESPONSE TO INTERROGATORY No. 58:**

Plaintiff refers to medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available to all defendants for examination and copying. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 59:**

Not applicable. Plaintiff has not had any application for insurance coverage denied.

**RESPONSE TO INTERROGATORY No. 60:**

Not applicable. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 61:**

Plaintiff was never provided with safety equipment by any employer.

**RESPONSE TO INTERROGATORY No. 62:**

Plaintiff does not recall the identities of his union representatives, supervisor or shop steward. Plaintiff incorporates his response to Interrogatory No. 26 as if restated herein in its entirety. Investigation and discovery are continuing and ongoing.

///

///

47

## RESPONSE TO INTERROGATORY No. 63(a-u):

Plaintiff refers to medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available to all defendants for examination and copying. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing.

## RESPONSE TO INTERROGATORY No. 64:

Plaintiff objects to this interrogatory as vague, ambiguous and overbroad, and, as variously phrased, an invasion of plaintiff's and third parties' federal, state, and common law rights of privacy not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving said objections, plaintiff responds: Plaintiff refers to medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available to all defendants for examination and copying. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing.

## RESPONSE TO INTERROGATORY No. 65:

Plaintiff has not yet had to hire in-home supportive services, though he may eventually require them. Plaintiff continues to suffer from a progressive and debilitating disease. Plaintiff's symptoms have not ceased and are not anticipated to cease. They are continuous and progressive. For further information, plaintiff refers to Response to Interrogatory Nos. 31 and 35, set forth above. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 66:

No. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 67:

Plaintiff was diagnosed with mesothelioma on May 22, 2008. Plaintiff refers to his medical records as the best source of information. Plaintiff is unable to recall this information or state it with any precision. The medical records contain this information to the extent it is known. The parties are referred to those records pursuant to CCP §2030.230. Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 68:

Plaintiff's occupational exposure to asbestos was a contributing factor in the development of his mesothelioma. Plaintiff refers defendant to his response to Interrogatory No. 26, supra, which details his occupational history, including his asbestos exposures. Plaintiff is not a medical expert. Plaintiff refers to his medical records as the best source of his medical information. Plaintiff has authorized release of medical records, which will be made available for inspection and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

summary of those records, which are equally available to all parties. Plaintiff refers to Interrogatory 26 above as an explication of Plaintiff's exposure to asbestos. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 69:

Plaintiff refers to his medical records as the best source of this information. Plaintiff has authorized release of medical records, which will be made available to defendants for examination and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff refers to Interrogatories 31 and 35, above. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 70:

Plaintiff was diagnosed with mesothelioma on May 22, 2008. Plaintiff refers to his medical records as the best source of information. Plaintiff is unable to recall this information or state it with any precision. The medical records contain this information to the extent it is known. The parties are referred to those records pursuant to CCP §2030.230. Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Excluding plaintiff's expert consultants, if any, plaintiff responds: Plaintiff incorporates his response to Interrogatory No. 67 above as if fully set forth herein. Plaintiff's investigation and discovery are continuing.

## RESPONSE TO INTERROGATORY No. 71:

Plaintiff is not a medical expert. **Plaintiff contends his exposure to asbestos caused his mesothelioma.** Plaintiff refers to his medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available for inspection and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Plaintiff refers to Interrogatory 26 above as an explication of Plaintiff's exposure to asbestos. Plaintiff's investigation and discovery are continuing and ongoing.

## RESPONSE TO INTERROGATORY No. 72:

Since Plaintiff's diagnosis, Plaintiff has become increasingly unable to perform family and household services due to the progressively-worsening shortness of breath and fatigue. Plaintiff has become progressively unable to assist in the any household tasks, including caring for and enjoying time with the family. Plaintiff is presently unable to attend many of the physical and social activities he previously enjoyed. Due to the debilitating effects of his exposure to asbestos, plaintiff's entire body has become adversely affected and he is forced to take daily naps to maintain his strength. This is not an exhaustive list of the limitations and adverse affects plaintiff's illness has had on his life. Plaintiff's investigation and discovery are continuing. Plaintiff further responds: Plaintiff has authorized release of medical records, which will be made available for inspection and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further

response would require a compilation or summary of those records, which are equally available to all parties. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 73:**

Plaintiff refers to his medical records as the best source of this information. Plaintiff has authorized release of medical records, which will be made available for inspection and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 74:**

Plaintiff refers to his medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available for inspection and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 75:**

Plaintiff refers to his medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available for inspection and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 76:**

No.

**RESPONSE TO INTERROGATORY No. 77(a)-(d):**

Not to Plaintiff's knowledge. Plaintiff refers to his medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available for inspection and review at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 78(a)-(f):**

Plaintiff refers to his medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available for inspection and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing and ongoing.

**RESPONSE TO INTERROGATORY No. 79(a)-(e):**

Plaintiff refers to his medical records as the best source of information. Plaintiff has authorized release of medical records, which will be made available for inspection and copying at a mutually agreeable time and place. The parties are referred to those records pursuant to CCP § 2030(f)(2). Further response would require a compilation or summary of those records, which are equally available to all parties. Please see medical records for the most complete information, if known. Plaintiff's investigation and discovery are continuing and ongoing.

DATED: October 9, 2008                          Paul & Hanley LLP

By: _____, for
Carolin Shining, Esq.
Attorney for Plaintiffs

CKS/cmt

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

Page 20

51

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANTS'**
**STANDARD INTERROGATORIES – (Personal Injury)** and know the contents thereof.  I am a
party to this action.  The matters stated in the foregoing documents are true of my own knowledge or are
stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the law of the State of California that the
foregoing is true and correct and that this declaration was executed on _____, 2008, at Bush,
LA.

_____
John H. Lusk

John H. Lusk, et al. v. A.B. Boyd Co., et al.
LASC CASE NO. BC398818

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)
Page 21

## VERIFICATION

### STATE OF CALIFORNIA
### COUNTY OF LOS ANGELES

I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANTS'**
**STANDARD INTERROGATORIES – (Personal Injury)** and know the contents thereof.  I am a
party to this action.  The matters stated in the foregoing documents are true of my own knowledge or are
stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the law of the State of California that the
foregoing is true and correct and that this declaration was executed on _____, 2008, at Bush,
LA.

_____
Helen C. Lusk

<u>John H. Lusk, et al. v. A.B. Boyd Co., et al.</u>
LASC CASE NO. BC398818

PLAINTIFF(S) RESPONSES TO DEFENDANTS STANDARD INTERROGATORIES (Personal Injury)

Page 22

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On February 25, 2009, I served the following document(s): *DECLARATION OF JOHN K. SON IN SUPPORT OF DEFENDANT CARRIER CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER* on the interested parties in this action as stated on the attached Service List by the following means of service:

☑ **BY MAIL:** I placed a true copy thereof in a sealed envelope addressed as indicated on the attached Service List, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **VIA ELECTRONIC SERVICE:** I caused such documents to be served on the interested parties in this action by submitting an electronic version of the documents via ECF pursuant to the Court's Order.

☐ **BY FACSIMILE:** From facsimile number (213) 430-3409, I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission. Such transmission was reported as complete and without error.

☐

☑ **(FEDERAL)** I am employed in the office of a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 25, 2009**, at Los Angeles, California.

Elizabeth Munnerlyn

3

LAimanage/011682/001880/622626/1

Dean A. Hanley, Esq.                    ***Attorneys for Plaintiffs***
Caroline K. Shining, Esq.
Donald R. Oder, Esq.
PAUL & HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California  94710

LOW BALL & LYNCH
505 Montgomery Street
7th Floor
San Francisco, CA 94111

BENNETT, SAMUELSEN,
REYNOLDS & ALLARD
1301 Marina Village Parkway
Suite 300
Alameda, CA 94501

COOLEY, MANION, JONES, HAKE
& KUROWSKI
201 Spear Street, Suite 1800
San Francisco, CA 94105

PRINDLE, DECKER & AMARO
310 Golden Shore
Fourth Floor
Long Beach, CA 90802

HERR & ZAPALA LLP
152 N. 3rd Street
Suite 500
San Jose, CA 95112

KNOX RICKSEN
1300 Clay Street
Suite 500
Oakland, CA 94612

4

| | | |
|---|---|---|
| 1 | SELMAN BREITMAN, LLP (LA) | ***Attorneys for Aurora Pump Company*** |
| 2 | 11766 Wilshire Boulevard | |
|  | Sixth Floor | |
| 3 | Los Angeles, CA 90025-6538 | |

Gerard Hickey                          ***Attorneys for Automatic Temperature***
President                              ***Control Corp.***
86 Finnell Drive, Suite 1
Weymouth, MA 02188

JACKSON & WALLACE, LLP (SF)            ***Attorneys for Buffalo Pumps, Inc.***
55 Francisco Street, 6th Floor
San Francisco, CA 94133

JACKSON & WALLACE, LLP (LA)
14724 Ventura Blvd., Suite 410
Sherman Oaks, CA 91403

JACKSON & WALLACE, LLP (SF)            ***Attorneys for BW/IP International,***
55 Francisco Street, 6th Floor         ***Inc***
San Francisco, CA 94133

JACKSON & WALLACE, LLP (LA)
14724 Ventura Blvd., Suite 410
Sherman Oaks, CA 91403

SEDGWICK, DETERT, MORAN &              ***Attorneys for Caterpillar Inc.***
ARNOLD (SF)
One Market Plaza,
Steuart Tower, 8th Floor
San Francisco, CA 94105

KNOX RICKSEN                           ***Attorneys for Cemex, Inc.***
1300 Clay Street
Suite 500
Oakland, CA 94612-1427

SELMAN BREITMAN, LLP (LA)              ***Attorneys for Cleaver-Brooks, Inc.***
11766 Wilshire Boulevard,
Sixth Floor
Los Angeles, CA 90025-6538

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

| 1 | HAIGHT, BROWN & BONESTEEL, LLP (LA)<br>6080 Center Drive<br>Suite 800<br>Los Angeles, CA 90045-1574 | *Attorneys for Continental Maritime Of San Diego, Inc.* |

1
2
3
4

HAIGHT, BROWN & BONESTEEL, LLP (LA)
6080 Center Drive
Suite 800
Los Angeles, CA 90045-1574

*Attorneys for Continental Maritime Of San Diego, Inc.*

5
6
7

K&L GATES, LLP (LA)
10100 Santa Monica Blvd.,
7th Floor
Los Angeles, CA 90067

*Attorneys for Crane Co.*

8
9
10
11

EMARD, DANOFF, PORT, TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

*Attorneys for Crowley Maritime Corporation*

12
13
14

MORRIS, POLICH & PURDY, LLP
1055 West Seventh Street,
24th Floor
Los Angeles, CA 90017-2503

*Attorneys for Crown Cork & Seal Company, Inc.*

15
16
17

LAW OFFICES OF LUCINDA STORM
610 - A Third Street
San Francisco, CA 94107

*Attorneys for Durabla Manufacturing Company*

18
19
20
21

BOWMAN AND BROOKE LLP
879 West 190th St.,
Suite 700
Gardena, CA 90248-4227

22
23

JACKSON & WALLACE, LLP (SF)
55 Francisco Street, 6th Floor
San Francisco, CA 94133

*Attorneys for Durametallic Corporation*

24
25
26

Wilmington Trust SP Services, Inc.
1105 N. Market Street
Suite 1300
Wilmington, DE 19801

*Attorneys for Federal-Mogul Asbestos Personal Injury Trust - Vellumoid*

27
28

6

LAimanage/011682/001880/622626/1

1

BRYDON HUGO & PARKER          *Attorneys for Foster Wheeler Usa*
2          135 Main Street, 20th Floor          *Corporation*
San Francisco, CA 94105
3

4          POND NORTH (LA)          *Attorneys for Fraser's Boiler Service,*
350 South Grand Avenue          *Inc.*
5          Suite 2850
Los Angeles, CA 90071
6

7          POOLE & SHAFFERY, LLP          *Attorneys for Gardner Denver, Inc.*
445 S. Figueroa Street
8          Suite 2520
9          Los Angeles, CA 90071

10          GLASPY & GLASPY          *Attorneys for Garlock Sealing*
100 Pringle Avenue          *Technologies, LLC fka Garlock, Inc.*
11          Suite 750
12          Walnut Creek, CA 94596

13
YUKEVICH CALFO &          *Attorneys for General Motors*
14          CAVANAUGH          *Corporation*
601 South Figueroa Street
15          38th Floor
16          Los Angeles, CA 90017

17          GORDON & REES (SF)          *Attorneys for Goodyear Canada, Inc.*
18          275 Battery Street,
20th Floor
19          San Francisco, CA 94111

20          GORDON & REES (SF)          *Attorneys for The Goodyear Tire &*
21          275 Battery Street,          *Rubber Company*
20th Floor
22          San Francisco, CA 94111
23

24          GORDON & REES (SF)          *Attorneys for Goulds Pump, Inc.*
275 Battery Street,
25          20th Floor
San Francisco, CA 94111
26

27

28

7

LAimanage/011682/001880/622626/1

| | | |
|---|---|---|
| 1 | BASSI, MARTINI, EDLIN & BLUM, LLP | *Attorneys for Hopeman Brothers, Inc.* |
| 2 | 351 California Street, | |
| 3 | Suite 200 | |
| 4 | San Francisco, CA 94104 | |
| 5 | | *Attorneys for IMO Industries Inc.* |
| 6 | HOWARD, ROME, MARTIN & RIDLEY, LLP | |
| 7 | 1775 Woodside Road | |
| 8 | Suite 200 Redwood City, CA 94061 | |
| 9 | | |
| 10 | GORDON & REES (SF) 275 Battery Street, | *Attorneys for Ingersoll-Rand Company* |
| 11 | 20th Floor San Francisco, CA 94111 | |
| 12 | | |
| 13 | PRINDLE, DECKER & AMARO (LB) 310 Golden Shore | *Attorneys for ITT Corporation* |
| 14 | Fourth Floor | |
| 15 | Long Beach, CA 90802 | |
| 16 | HASSARD BONNINGTON, LLP (SF) | *Attorneys for John Crane, Inc.* |
| 17 | Two Embarcadero Center, Suite 1800 | |
| 18 | San Francisco, CA 94111 | |
| 19 | GORDON & REES (SF) | *Attorneys for Leslie Controls, Inc.* |
| 20 | 275 Battery Street, 20th Floor | |
| 21 | San Francisco, CA 94111 | |
| 22 | | |
| 23 | LOMBARDI, LOPER & CONANT, LLP | *Attorneys for Angeles Rubber Company* |
| 24 | Lake Merrit Plaza 1999 Harrison Street | |
| 25 | Suite 2600 | |
| 26 | Oakland, CA 94612-3541 | |
| 27 | | |
| 28 | | |

8

| | | |
|---|---|---|
| 1 | BECHERER, KAHNETT & | *Attorneys for M. Slayen & Associates,* |
| 2 | SCHWEITZER | *Inc.* |
| | 1255 Powell Street | |
| 3 | Emeryville, CA 94608 | |
| 4 | | |
| | McKENNA LONG & ALDRIDGE, | *Attorneys for Metalclad Insulation* |
| 5 | LLP (LA) | *Corporation* |
| | 444 South Flower St., | |
| 6 | Suite 800 | |
| 7 | Los Angeles, CA 90071 | |
| 8 | | |
| 9 | WILSON, ELSER, MOSKOWITZ, | *Attorneys for Metallo Gasket* |
| | EDELMAN & DICKER, LLP (LA) | *Company* |
| 10 | 555 South Flower Street, | |
| 11 | Suite 2900 | |
| | Los Angeles, CA 90071 | |
| 12 | | |
| 13 | BRYDON HUGO & PARKER | *Attorneys for National Steel And* |
| | 135 Main Street | *Shipbuilding Company* |
| 14 | 20th Floor | |
| 15 | San Francisco, CA 94105 | |
| 16 | BRYDON HUGO & PARKER | *Attorneys for Nibco, Inc.* |
| | 135 Main Street | |
| 17 | 20th Floor | |
| 18 | San Francisco, CA 94105 | |
| 19 | LEWIS BRISBOIS BISGAARD & | *Attorneys for Plant Insulation* |
| | SMITH, LLP (LA) | *Company* |
| 20 | 221 North Figueroa Street, | |
| 21 | Suite 1200 | |
| 22 | Los Angeles, CA 90012 | |
| 23 | WALSWORTH, FRANKLIN, | *Attorneys for Quintec Industries, Inc.* |
| | BEVINS & MCCALL (ORANGE) | |
| 24 | One City Boulevard West, | |
| 25 | Fifth Floor | |
| | Orange, CA 92868-3604 | |
| 26 | | |
| 27 | | |
| 28 | | |

9

LAimanage/011682/001880/622626/1

| | |
|---|---|
| SONNENSCHEIN NATH & ROSENTHAL LLP<br>525 Market Street,<br>26th Floor<br>San Francisco, CA 94105 | *Attorneys for Rapid-American Corporation* |
| RecordTrak<br>P.O. Box 61591<br>King of Prussia, PA 19406 | *Attorneys for Recordtrak* |
| WALSWORTH, FRANKLIN, BEVINS & MCCALL (ORANGE)<br>One City Boulevard West,<br>Fifth Floor<br>Orange, CA 92868-3604 | *Attorneys for SB Decking, Inc.* |
| McKENNA LONG & ALDRIDGE, LLP (SF)<br>101 California Street<br>41st Floor<br>San Francisco, CA 94111 | *Attorneys for Schutte & Koerting, Inc.* |
| SELMAN BREITMAN, LLP (LA)<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, CA 90025-6538 | *Attorneys for Sepco Corporation* |
| Leroy Scalf, President<br>1224 Roosevelt<br>National City, CA 91950 | *Attorneys for South Bay Boiler Repair, Inc.* |
| PRINDLE, DECKER & AMARO (LB)<br>310 Golden Shore<br>Fourth Floor<br>Long Beach, CA 90802 | *Attorneys for Syd Carpenter, Marine Contractor, Inc.* |
| IMAI, TADLOCK, KEENEY & CORDERY, LLP<br>100 Bush Street,<br>Suite 1300<br>San Francisco, CA 94104 Phone: | *Attorneys for The C.P. Hall Company* |

10

| | | |
|---|---|---|
| 1 | WALSWORTH, FRANKLIN, | *Attorneys for Thomas Dee* |
| 2 | BEVINS & MCCALL (ORANGE) | *Engineering Company* |
| | One City Boulevard West, | |
| 3 | Fifth Floor | |
| 4 | Orange, CA 92868-3604 | |
| 5 | PRINDLE, DECKER & AMARO (LB) | *Attorneys for Triple A Machine Shop,* |
| | 310 Golden Shore | *Inc.* |
| 6 | Fourth Floor | |
| 7 | Long Beach, CA 90802 | |
| 8 | LOW, BALL & LYNCH | *Attorneys for U.S. Filter Distribution* |
| 9 | 505 Montgomery Street | *Group, Inc.* |
| | 7th Floor | |
| 10 | San Francisco, CA 94111-2584 | |
| 11 | | |
| 12 | HAWKINS, PARNELL & | *Attorneys for Warren Pumps, Inc.* |
| 13 | THACKSTON, LLP | |
| | 444 South Flower Street | |
| 14 | Suite 1100 | |
| 15 | Los Angeles, CA 90071 | |
| 16 | FOLEY & MANSFIELD, PLLP | *Attorneys for The William Powell* |
| 17 | (Oakland) | *Company* |
| | 1111 Broadway, 10th Floor | |
| 18 | Oakland, CA 94607 | |
| 19 | MORGAN, LEWIS & BOCKIUS, LLP | *Attorneys for Yarway Corporation* |
| 20 | (LA) | |
| | 300 South Grand Avenue | |
| 21 | 22nd Floor | |
| 22 | Los Angeles, CA 90071-3132 | |
| 23 | | |
| 24 | BAKER, KEENER & NAHRA | YORK INTERNATIONAL |
| 25 | 633 West Fifth Street | CORPORATION |
| | Suite 5400 | |
| 26 | Los Angeles, CA 90071 | |
| 27 | | |
| 28 | | |

11

LINER GRODE STEIN YANKELEVITZ
  SUNSHINE REGENSTREIF & TAYLOR
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90014

Bruce Lassman, Esq.
Case Adminstrator
United States Courthouse
Room 6415
60 Market Street
Philadelphia, PA 19106

12

LAimanage/011682/001880/622626/1