UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 06, 2009

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                      MDL No. 875

**TRANSFER ORDER WITH SIMULTANEOUS**
**SEPARATION AND REMAND**

       **Before the entire Panel**[*]: Plaintiffs in actions pending in the Central District of California, Eastern District of Louisiana (two actions), Eastern District of Michigan, District of New Jersey, Southern District of New York, and Eastern District of Tennessee, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our order conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. In addition, certain defendants[1] in the District of Oregon action listed on Schedule A have moved to vacate the respective portion of our order conditionally transferring that action to MDL No. 875, insofar as the action involves non-asbestos related claims against them and another defendant. Except with respect to the District of Oregon action, responding defendants[2] oppose the motions to vacate.

       After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of

---

[*]    Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part no part in the disposition of the Central District of California, District of New Jersey, and Southern District of New York actions.

[1]    Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; and Vertellus Specialties, Inc. The fifth defendant embodied by this motion is Calgon Carbon Corp.

[2]    National Steel and Shipbuilding Co. (as to the Central District of California action); Hartford Accident and Indemnity Co. and Certain Underwriters at Lloyd's, London; Economic Insurance Co. Limited; Fine Art & General Insurance Co., Ltd.; National Provincial Insurance Co. Ltd.; The Edinburgh Assurance Co.; British Law Insurance Co.; and Ports America Gulfport, Inc. (as to both Eastern District of Louisiana actions); Dixie Machine, Welding & Metal Works, Inc. (as to the Eastern District of Louisiana *McDonald* action); Amdura Corp. (as to the Eastern District of Louisiana *Wren* action); Grand Trunk Western Railroad Inc. (as to the Eastern District of Michigan action); and Foster Wheeler Energy Corp. (as to the District of New Jersey and Southern District of New York actions). As to the District of Oregon action, moving defendants state that the plaintiff joins in their motion, and defendant B&P Process Equipment & Systems LLC submitted a response stating that it did not object to separation and remand of the non-asbestos related claims.

Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

In certain actions, plaintiffs cite serious health issues in arguing against transfer, and, indeed, express the concern that inclusion of their actions in MDL No. 875 may delay proceedings such that these plaintiffs will not live to see the ultimate resolution of their claims. Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

Under the stewardship of the transferee court, as of March 30, 2009, (1) over 82,000 actions have been closed in the transferee district, and (2) over 1,390 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

With respect to the District of Oregon action, we find persuasive moving defendants' unopposed request that the claims against them and a fifth defendant – involving the plaintiff's decedent's alleged exposure to "coal tar pitch" – not be included in Section 1407 proceedings in this docket. According to this request, it is undisputed that plaintiff's coal tar pitch claims have no factual overlap with her asbestos claims, and the complaint contains no allegation of joint conduct between the action's coal tar pitch defendants and its asbestos defendants.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

- 3 -

IT IS FURTHER ORDERED that the claims against defendants Beazer East, Inc.; Honeywell International, Inc.; Koppers, Inc.; Vertellus Specialties, Inc.; and Calgon Carbon Corp. in the District of Oregon action listed on Schedule A are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the District of Oregon.

PANEL ON MULTIDISTRICT LITIGATION

Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman[*]   J. Frederick Motz[*]
Kathryn H. Vratil                 David R. Hansen
W. Royal Furgeson, Jr.            Frank C. Damrell, Jr.

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                        MDL No. 875

## SCHEDULE A

Central District of California

John Lusk, et al. v. A.B. Boyd Co., et al., C.A. No. 2:08-7548

Eastern District of Louisiana

Walter McDonald, et al. v. Crowley Maritime Corp., et al., C.A. No. 2:08-4203
Clarence Scott Wren, Sr. v. Cooper/T. Smith Stevedoring, Inc., et al., C.A. No. 2:08-4204

Eastern District of Michigan

Garry Turner v. Grand Trunk Western Railroad, Inc., C.A. No. 2:08-14920

District of New Jersey

Francine Peluso v. Asbestos Corp., Ltd., et al., C.A. No. 2:08-5112

Southern District of New York

Michael Curry v. American Standard, Inc., et al., C.A. No. 1:08-10228

District of Oregon

Vivian L. Dunn, etc. v. B&P Process Equipment & Systems, LLC, et al., C.A. No. 3:08-469

Eastern District of Tennessee

Angie Smiddy, etc. v. Alcoa, Inc., C.A. No. 3:08-368