MDL 875

APR 24 2009

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

PLEADING NO. 5822

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION § § § § § This Document Relates To: § | CIVIL ACTION NO. MDL 875 |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| REGGY TAYLOR, Individually, KATHY LANE, Individually, and ROBERT M. TAYLOR, Individually and as Personal Representative of the Estate of Rose Taylor, Deceased, <br><br>    Plaintiffs; <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., Individually and as Successor-in-Interest to Western Electric Co.; <br><br>    Defendants. | CIVIL ACTION NO. A08CA017 LY |

## MOTION AND BRIEF TO VACATE THE CONDITIONAL ORDER OF TRANSFER

### Introduction

Pursuant to Rule 7.4(d) of the Rules of the Judicial Panel on Multidistrict Litigation and the notice of the Clerk of the Panel dated April 9, 2009, plaintiffs Reggy Taylor (individually), Kathy Lane (individually), and Robert M. Taylor (individually and as personal representative of the estate of Rose Taylor, deceased), respectfully submit this

OFFICIAL FILE COPY   IMAGED APR 2 4 2009

Motion and Brief to Vacate the Conditional Transfer Order (CTO-3290) filed by the Panel in this case on March 25, 2009.

Plaintiffs recognize that the Judicial Panel on Multidistrict Litigation has transferred many federal court asbestos cases and tag-along actions to the United States District Court in Philadelphia. However, this case presents several special and distinguishing features, and plaintiffs respectfully suggest that transfer would be uniquely inappropriate here.

## Argument

### I. Plaintiff Taylor's Poor Health Makes Transfer Inappropriate.

Robert Taylor is in his early 80s, and his health is deteriorating. Unless his case moves quickly to trial, it is very likely that he will die before he receives his day in court. For him, justice delayed will mean justice denied. Transfer is inappropriate because it would disrupt the process already in place for the expeditious resolution of Mr. Taylor's claims against Lucent Technologies.

When advised of Mr. Taylor's poor health, the transferor court – the United States District Court for the Western District of Texas (the "Austin District Court") – acted promptly to set Mr. Taylor's case for trial. On March 20, 2009, the Austin District Court set the final pretrial conference in this case for January 29, 2010, with a jury trial date of February 2010 (the Austin Division of the Western District only sets a "trial month" during which the case can be called to trial; typically, a more specific date is scheduled during the final pre-trial conference.). On March 26, 2009, the parties filed an Agreed Scheduling Order containing deadlines for all amended and supplemental pleadings, alternative dispute resolution (ADR) proceedings, settlement offers, witness and exhibit

lists, and expert reports. Moreover, Lucent agreed to the February 2010 trial date. The Austin District Court established a discovery cut-off of September 15, 2009 and a deadline for dispositive motions of October 1, 2009.

In short, the Austin District Court has acted deliberately and conscientiously with due regard for Mr. Taylor's declining health. The court has established a carefully crafted schedule for the timely completion of this case. Transfer would disrupt the schedule set by the Austin District Court and would likely deny Mr. Taylor the opportunity to resolve his claim prior to his death. The Conditional Transfer Order should therefore be vacated.

**II. Transfer Is Inappropriate Because This Case Is A Well-Developed Action.**

The Conditional Transfer Order should also be vacated for the separate reason that this action has been pending in the Austin District Court for almost 18 months, with Lucent's full support and consent. During that time, the Austin District Court has proven highly capable of managing this action in an efficient and expeditious manner.

The initial Complaint in this action was filed on January 7, 2008. On February 13, 2008, Lucent filed an Answer to the Complaint, together with a Cross-Claim against plaintiffs. On March 5, 2008, plaintiffs filed their First Amended Complaint, and on October 17, 2008, plaintiffs provided their Initial Disclosures to defendants. Further, the Austin District Court has winnowed the parties by dismissing a number of defendants in this case. Former defendant Plastics Engineering Corporation was dismissed without prejudice by order of March 18, 2008, and former defendant Cytec Engineering Materials was dismissed by order of November 26, 2008. In addition, plaintiffs filed stipulated

dismissals of former defendants Met Life and Sherwin Williams on November 26, 2008 and of former defendant 3M on January 13, 2009.

Thus, this case is a well-developed action that has been effectively managed by the Austin District Court. The court has established a schedule for the prompt completion of the pretrial proceedings in this case. Moreover, Lucent itself has participated extensively in this action before the Austin District Court, which has invested scarce judicial time and resources in this case.

At no point during the first twelve months of these proceedings before, did Lucent suggest that this case should be transferred to the MDL court or that it could be handled more efficiently in Philadelphia. Lucent participated in multiple Rule 26 conferences, and not until the Plaintiffs pressed Lucent to meet the Austin District Court's requirement to submit a proposed scheduling order did Lucent belatedly seek transfer to the MDL. Moreover, Lucent agreed to a scheduling order to govern proceedings before the Austin District Court. Although it purported to preserve its right to seek an MDL transfer, Lucent agreed to a trial date of February 2010 before the Austin District Court.

The lengthy pendency of this action in the Austin District Court provides a sound basis for denying transfer. The Panel has frequently denied transfer where a substantial period of time has elapsed before a party seeks MDL consolidation. *E.g., In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, 366 F.Supp.2d 1381, 1382 (J.P.M.L. 2005) (transfer denied where some of the constituent actions had been pending for two years); *In re Zimmer, Inc., Centralign Hip Prosthesis Prods. Liability Litig.*, 366 F.Supp.2d 1384, 1385 (J.P.M.L. 2005) (same); *In re Solaia Technology LLC Patent &*

*Antitrust Litig.*, 346 F.Supp.2d 1373, 1373 (J.P.M.L. 2004) (denying transfer where "some constituent actions have already been pending for over two years").

Moreover, transfer is unwarranted because this case is a well-developed action. Noted commentators have explained that transfer will be denied in the presence of a finding that "pretrial discovery already has progressed quite far in one or more of the actions brought before the tribunal for possible transfer or that some of the cases proposed for consolidation are proceeding expeditiously and are near trial or the completion of the pretrial process." Wright, Miller & Cooper, 15 FED. PRAC. & PROC. JURIS.3d § 3862 (2009 online ed.). For example:

*In re Qwest Communications Int'l, Inc., Secs. & "ERISA" Litig.*, 395 F.Supp.2d 1360, 1361 (J.P.M.L. 2005) (transfer unwarranted given "advanced stage of proceedings");

*In re Oxycontin Prods. Liability Litig. (No. II)*, 395 F.Supp.2d 1358, 1359 (J.P.M.L. 2005) (denying transfer where "pretrial proceedings are already advanced in certain of the constituent actions");

*In re Dow Chem. Co. "Sarabond" Prods. Liability Litig.*, 650 F.Supp. 187, 189 (J.P.M.L. 1986) (ordering transfer of many actions but exempting New York case from transfer because it was "at a sufficiently advanced stage to warrant its exclusion from Section 1407 proceedings");

*In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prod Liab. Litig.*, 570 F. Supp. 1480, 1481-82 (J.P.M.L. 1983) (since discovery proceedings were well underway, transfer of additional cases would not serve convenience of parties or just and efficient conduct of litigation);

*In re Rely Tampon Prod. Liab. Litig.*, 533 F. Supp. 1346, 1347 (J.P.M.L. 1982) (denying transfer where "1) discovery in many actions in this docket is well advanced; and 2) pretrial proceedings have been completed and trial is imminent in at least two actions. Under these circumstances, we cannot conclude that centralization of the actions in this litigation under Section 1407 will further the purposes of the statute.");

*In re Insulin Mfg. Antitrust Litigation*, 487 F. Supp. 1359, 1361 (J.P.M.L. 1980) (denying transfer where "[t]he Illinois action was commenced over two years ago, considerable discovery has occurred in this action, and the Illinois plaintiff maintains that the action is nearly ready for trial. Thus, on the basis of the record before us, inclusion of the Illinois action in centralized pretrial proceedings could delay the termination of that action without producing any overriding benefit to the litigation as a whole.");

*In re Ortho Pharmaceutical "Lippes Loop" Prods. Liability Litigation*, 447 F. Supp. 1073 (J.P.M.L. 1978) (excluding action from transfer where discovery cut-off and trial dates had been set);

*In re Allen Compound Bow Patent Litigation*, 446 F. Supp. 248, 250 (J.P.M.L. 1978) (denying transfer where "the action has been pending for approximately two years, is well advanced, as movants acknowledge, on discovery concerning the common factual questions in this litigation, is set for a final pretrial conference on April 7, 1978, and is thus nearly ready for trial");

*In re Helicopter Crash Near Cameron, Louisiana, on April 23, 1976*, 443 F. Supp. 1022, 1023 (J.P.M.L. 1978) (denying transfer where trial court had set a final pretrial conference and trial date).

### III. This Case Presents Individualized Issues And Is Not Appropriate for Transfer.

"Tag-along" cases are not appropriate for transfer and consolidation unless they raise questions of fact common to the actions previously transferred and unless transfer to the transferee district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. *In re Tobacco/Governmental Health Care Costs Litig.*, 76 F.Supp.2d 5, 7 (D.D.C. 1999).

The "common question" test cannot be met here. There are few if any additional cases in the MDL involving defendant Lucent Technologies. The absence of such cases is significant because there will be no opportunity in the MDL for common discovery efforts on issues regarding Lucent's liability. Instead, any "common questions" involving asbestos will be limited to the kind of highly generic, abstract topics that do not justify transfer. *In re Movie Artwork Copyright Litig.*, 473 F.Supp.2d 1381, 1382 (J.P.M.L. 2007) ("generic listing of elements found in virtually every" type of action did not constitute adequate showing of common questions).

Further, plaintiff Taylor's medical records and individualized exposure data will not involve any issues in common with asbestos cases consolidated in the Eastern District of Pennsylvania. Much of the remaining discovery in this proceeding will relate to individualized questions of exposure and damages and the defendant's actions.. Such discovery should occur in Texas, not in Pennsylvania. It should not be undertaken in coordinated or consolidated pretrial proceedings because there will be little or no opportunity to take advantage of the economies of scale in this matter.

Although this case is an asbestos case, transfer should be denied in the absence of common questions of fact. The Panel has recognized that remand should be ordered (and hence that consolidated treatment is unwarranted) in asbestos cases raising individual

questions of fact. *In re Asbestos Products Liability Litig. (No. VI)*, 545 F. Supp. 2d 1362 (J.P.M.L. 2008). In addition, the Panel denied transfer in *In re Asbestos School Prods. Liab. Litig.*, 606 F. Supp. 713 (J.P.M.L. 1985), despite the presence of certain common questions of fact: "Although we recognize that the actions in this litigation involve some common questions of fact, we are not persuaded that these common questions of fact will predominate over individual questions of fact present in each action." *Id.* at 714.

It is well-established that transfer should be denied if sufficient common questions of fact are lacking. *E.g., In re Not-For-Profit Hosps./Uninsured Patients Litig.*, 341 F.Supp.2d 1354, 1356 (J.P.M.L. 2004) (denying transfer in light of absence of common questions of fact, despite "numerosity of actions"); *In re Helicopter Crash Near Zachary, Louisiana on Dec. 9, 2004*, 484 F.Supp.2d 1354 (J.P.M.L. 2007) (denying transfer in light of absence of common questions of fact); *In re Midpoint Dev., LLC, Litig.*, 341 F.Supp.2d 1353, 1354 (J.P.M.L. 2004) (same); *In re Master Settlement Agreement Antitrust Litig.*, 374 F.Supp.2d 1355, 1356 (J.P.M.L. 2005) (no showing that "any common questions of fact are sufficiently complex, unresolved and/or numerous to justify" transfer); *In re Orthalliance, Inc., Contract Litig.*, 350 F.Supp.2d 1351 (J.P.M.L. 2004) (no sufficiently complex, unresolved, or numerous common questions of fact to justify transfer when some actions had been pending for over three years); *In re Boeing Co. Employment Practices Litig. (No. II)*, 293 F.Supp.2d 1382, 1383 (J.P.M.L. 2003) (one particular action's "unique" questions of fact "predominate over any common questions of fact"); *In re Pharmacy Benefit Plan Administrators Pricing Litig.*, 206 F.Supp.2d 1362, 1363 (J.P.M.L. 2002) (denying transfer because "unique questions of fact predominate over any common questions of fact").

IV.     **Transfer Should Be Denied Because There Are Alternatives To Consolidation.**

Transfer should be denied for the additional reason that it is unnecessary in this case. Even if there were any efficiencies to be gained by coordinating with the Philadelphia MDL proceeding, they could be achieved through alternatives to consolidation. For example, to the extent that the state of medical and scientific knowledge at a particular time regarding the health hazards posed by exposure to asbestos is relevant to plaintiffs' claims, the parties could use discovery developed in other actions. If certain depositions or documents produced in discovery in other asbestos actions were relevant, the parties could cooperate to ensure their availability as evidence in this case.

Hence, transfer should be denied because alternative procedures can secure any benefits to consolidation in this case. *E.g., In re New Century Mortgage Corp. Prescreening Litig.*, 473 F.Supp.2d 1383, 1384 (J.P.M.L. 2007) (denying transfer because "[a]lternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings."); *In re Lycoming Crankshaft Prods. Liability Litig.*, 473 F.Supp.2d 1380, 1381 (J.P.M.L. 2007) (same); *In re Edward D. Jones & Co., L.P., Overtime Pay Litig.*, 442 F.Supp.2d 1370, 1371 (J.P.M.L. 2006) (same); *In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978) ("For example, notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action," and "the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions."); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

## Conclusion

The Conditional Transfer Order in this case (CTO-3290) should be vacated so that the case can proceed to trial on the current accelerated schedule.

Respectfully submitted,<br>
HENDLERLAW, P.C.

By: _____
Scott M. Hendler
State Bar No. 09445500
816 Congress Avenue
Suite 1670
Austin, Texas 78701
Telephone: (512) 439-3200
Facsimile: (512) 439-3201
ATTORNEY FOR PLAINTIFFS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 24 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April 2009, I filed the foregoing with the Clerk of the Court for the United States Judicial Panel on Multidistrict Litigation by FEDEX and served a copy to each party's attorney listed below by the method indicated next to the attorney's name and to each Attorney on the attached Panel List.

HENDLERLAW, P.C.

_____
Scott M. Hendler

Morgan Culbreth
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas, Suite 3000
Houston, Texas 77002
Tel: (713) 655-0855
Fax: (713) 655-0020

**Served Via:**
**Certified Mail/RRR**

2009 APR 24 A 10: 13
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                            MDL No. 875

## INVOLVED COUNSEL LIST (EXCERPTED FROM CTO-320)

Reggy Taylor, et al. v. Lucent Technologies, Inc., et al., W.D. Texas, C.A. No. 1:08-17
(Judge Lee Yeakel)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Lenore L. Espinosa
OGLETREE DEAKINS NASH SMOAK &
STEWART PC
500 Dallas Street
Suite 3000
Houston, TX 77002

Bruce A. Griggs
OGLETREE DEAKINS NASH SMOAK &
STEWART PC
301 Congress Avenue
Suite 1150
Austin, TX 78701

Scott M. Hendler
HENDLERLAW PC
816 Congress Avenue
Suite 1670
Austin, TX 78701

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**MDL No. 875 - Involved Counsel List (Excerpted From CTO-320) (Continued)**

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

F. Barham Lewis
OGLETREE DEAKINS NASH SMOAK &
STEWART PC
500 Dallas Street
Suite 3000
Houston, TX 77002

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Harry Tracy Richardson, III
STRONG PIPKIN BISSELL & LEDYARD LLP
595 Orleans
Suite 1400
Beaumont, TX 77701-3255

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608