**MDL** 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 24 2009

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

### IN RE: ASBESTOS PRODUCTS
### LIABILITY LITIGATION (NO. VI)
### MDL DOCKET NO. 875

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORA AUSTIN, Individually and as Representative of the Estate of MELVIN D. AUSTIN, Deceased, and HANK AUSTIN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIV-09-015-FHS |
| VS. | ) ) ) | |
| FOSTER WHEELER ENERGY CORPORATION et al., | ) ) ) | |
| Defendants. | ) | |

PLEADING NO. 5823

## DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

### I.    INTRODUCTION

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this Opposition to the Motion to Vacate Conditional Transfer Order 320 ("CTO-320") filed by Plaintiffs in the case of *Nora Austin, et al. v. Foster Wheeler Energy Corp., et al.*, Civil Action Number 09-00015-FHS (E.D. Ok.).   The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-320 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. §

OFFICIAL FILE COPY

IMAGED APR 2 4 2009

1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-320.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).) Although Plaintiffs have filed a motion to remand in this case, it has not been heard by the district court, but can just as easily be decided by the MDL Panel after transfer.

Foster Wheeler contends that the only factual issues germane to CTO-320 are already known and stated in Plaintiffs' motion. Namely, it is contended that the decedent Melvin D. Austin contracted lung cancer as a result of his exposure to asbestos. (Plaintiffs' Memorandum In Support Of Motion To Vacate, at Page 2, Para. 1) This is exactly the type of asbestos personal injury case that should be transferred to MDL-875. The threat of a jurisdictional objection does not change this fact. Since any motion filed by Plaintiffs could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny Plaintiffs' Motion to Vacate.

## II.   TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons.  First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections.  Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court.  Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

### A.   The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections.  Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)  Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs*, 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).)  Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d

3

1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. The existence of such a pending motion in this case does not mandate a return of this case to the district court.

## B.     Transfer Promotes Judicial Efficiency and Consistency.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) "If remand issues are common to many [cases], decisions by the transferee

4

judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.,* 1995 WL 83788, at *2 (E.D. La., February 24, 1995).) In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. (*In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.,* 1999 WL 1044923, at *2 (N.D. 111. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. (See, e.g., *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the merits of

the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.*, 2001 WL 980541, at *1 (J.P.ML. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

Thus, because the Panel has the authority to transfer this action despite the pendency of

the Plaintiffs' motion to remand, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI),* pending in the United States District Court for the Eastern District of Pennsylvania.

### III.   CONCLUSION

Defendant FOSTER WHEELER ENERGY CORPORATION respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 320.

FELDMAN, FRANDEN, WOODARD & FARRIS

s/ Thayla Painter Bohn
John R. Woodard, III, OBA #9853
jwoodard@tulsalawyer.com
Thayla Painter Bohn, OBA #18125
tpbohn@tulsalawyer.com
Millicent L. Hughes, OBA #21228
mhughes@tulsalawyer.com
Williams Center Tower II
Two West Second Street, Suite 900
Tulsa, Oklahoma  74103
918-583-7129 (phone)
918-583-7129 (fax)

**ATTORNEYS FOR DEFENDANT**
**FOSTER WHEELER ENERGY**
**CORPORATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 4 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2009, I served the foregoing pursuant to Rule 5.2 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, to the counsel of record identified on the attached "Panel Service List" and a copy of same was electronically filed on the 15th day of April, 2009 in the Eastern District of Oklahoma.

/s/Thayla Painter Bohn
Thayla Painter Bohn

RECEIVED
CLERK'S OFFICE

2009 APR 24 P 1: 06

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

8

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

Page 1 of 4

MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-320)

Nora Austin, et al. v. A.W. Chesterton Co., Inc., et al., E.D. Oklahoma, C.A. No. 6:09-15
(Judge Frank H. Seay)

Linda G. Alexander
NIEMEYER ALEXANDER AUSTIN &
PHILLIPS PC
300 North Walker Aveue
Oklahoma City, OK 73102

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

J. Randy Baker
HILTGEN & BREWER
9400 N. Broadway Ext.
Suite 800
Oklahoma City, OK 73114-7401

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Jon Ed Brown
BROWN & SAIN LAW FIRM
5 East Main
Idabel, OK 74745

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

James B. Buxton
BUXTON CARSON
3535 NW 58th Street
Suite 950
Oklahoma City, OK 73112

Catherine L. Campbell
PHILLIPS MURRAH PC
101 N. Robinson
13th Floor
Oklahoma City, OK 73102

Brita H. Cantrell
ELDRIDGE COOPER STEICHEN &
LEACH PLLC
P.O. Box 3566
Tulsa, OK 74101-3566

Margaret M. Chaplinsky
KALINOSKI & CHAPLINSKY
100 Court Avenue
Suite 205
Des Moines, IA 50309-2200

Misty Brickey Cole
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
2001 Bryan Street
Suite 1300
Bryan Tower
Dallas, TX 75201-3008

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Richard N. Dodson
DODSON & DODSON LLP
2005 Moores Lane
P.O. Box 1877
Texarkana, TX 75503

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-320) (Continued)**

Farrah L. Fielder
LEDBETTER COGBILL ARNOLD &
HARRISON LLP
P.O. Box 185
Fort Smith, AR 72902-0185

Mark E. Fields
STEIDLEY & NEAL
100 E Carl Albert Parkway
P.O. Box 1165
McAlester, OK 74502

Mark D. Folger
MCAFEE & TAFT
211 North Robinson Avenue
Two Leadership Square
10th Floor
Oklahoma City, OK 73102

Dan S. Folluo
RHODES HIERONYMUS JONES TUCKER &
GABLE
P.O. Box 21100
Tulsa, OK 74121

Virginia M. Giokaris
RASMUSSEN WILLIS DICKEY &
MOORE LLC
9200 Ward Parkway
Suite 310
Kansas City, MO 64114

Kayce L. Gisinger
ABOWITZ TIMBERLAKE & DAHNKE PC
105 North Hudson
10th Floor, Hightower Building
P.O. Box 1937
Oklahoma City, OK 73101

Michael D. Goss
SECREST HILL & BUTLER
7134 S. Yale Avenue
Suite 900
Tulsa, OK 74136

Alex K. Haley
P.O. Box 575
Broken Bow, OK 74728

Cary E. Hiltgen
HILTGEN & BREWER
9400 N. Broadway Ext.
Suite 800
Oklahoma City, OK 73114-7401

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ
ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-320) (Continued)**

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Gregory A. Mueggenborg
PERRINE MCGIVERN REDEMANN ET AL
P.O. Box 1710
Tulsa, OK 74101-1710

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Kristen J. Pauls
NIX PATTERSON & ROACH LLP
205 Linda Drive
Dangerfield, TX 75638

John F. Peiserich
PERKINS & TROTTER
P.O. Box 251618
Little Rock, AR 72225-1618

Martha J. Phillips
ATKINSON HASKINS ET AL
525 S. Main Street
Suite 1500
Tulsa, OK 74103-4524

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Ronald N. Ricketts
GABLE & GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217

G. David Ross
LYTLE SOULE & CURLEE
119 North Robinson Avenue
Suite 1200
Oklahoma City, OK 73102

Richard A. Shallcross
RICHARD A SHALLCROSS & ASSOCIATES
1645 S. Cheyenne Avenue
Tulsa, OK 74119

Emily K. Shields
MORGAN LEWIS & BOCKIUS
1000 Louisiana, Suite 4200
Houston, TX 77002

Adam J. Strange
JONES GOTCHER & BOGAN
15 East 5th Street, Suite 3800
Tulsa, OK 74103

Albert L. Tait Jr.
FENTON FENTON SMITH RENEAU & MOON
One Leadership Square
211 North Robinson
Suite 800 North
Oklahoma City, OK 73102

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-320) (Continued)**

Chad C. Taylor
PRAY WALKER PC
100 W. Fifth Street
Suite 900
Tulsa, OK 74103

J. Derrick Teague
JENNINGS COOK & TEAGUE
204 North Robinson Avenue
Suite 1000
Oklahoma City, OK 73102

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

James R. Webb
MCAFEE & TAFT
211 North Robinson Avenue
Two Leadership Square
10th Floor
Oklahoma City, OK 73102-7101

C. Scott Wells
HAWKINS PARNELL & THACKSTON LLP
4514 Cole Avenue
Suite 550
Dallas, TX 75205

Jeffrey Lee Wilson
BARKLEY LAW FIRM
401 South Boston Avenue
Suite 2700
Tulsa, OK 74103-4063

John R. Woodard, III
FELDMAN FRANDEN WOODARD & FARRIS
2 West Second Street, Suite 900
Tulsa, OK 74103-3101