**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY − 6 2009

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | MDL DOCKET NO: 875 |
| LIABILITY LITIGATION | § | CTO-319 |

********************

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

<div style="float:left">PLEADING NO. 5 8 3 3</div>

| | | |
|---|---|---|
| GERALD L. HOFFEDITZ and | § | |
| JUDITH L. HOFFEDITZ, | § | |
| | § | CASE NO: 09-257 WJM |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AM GENERAL, LLC, individually | § | |
| and as successor-in-interest | § | |
| to AM GENERAL CORPORATION, | § | |
| et al. | § | |
| | § | |
|     Defendants. | § | |

### REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
### TO VACATE THE CONDITIONAL TRANSFER ORDER

Come now Plaintiffs, Gerald and Judith Hoffeditz, and file this reply brief in support of their Motion to Vacate the Conditional Transfer Order. Mr. Hoffeditz is suffering from mesothelioma, a fatal cancer caused by exposure to asbestos.

### INTRODUCTION

Plaintiffs' Motion to Remand this case to state court is fully brief and remains pending in the United States District

513543.1

OFFICIAL FILE COPY

IMAGED MAY 6 2009

Court for the District of New Jersey awaiting a ruling.  The question before this Court is whether the Conditional Transfer order ("CTO") should be vacated, thereby allowing the district court in New Jersey to resolve the threshold issue of federal jurisdiction, or whether this case should now be transferred to MDL-875.

There is no question that judicial efficiency and the principles of limited federal jurisdiction would be best served by allowing the district court in New Jersey to rule on Plaintiff's remand motion.  Simply put, transfer of this case to the MDL-875 will not result in an expeditious ruling on the threshold issue of federal jurisdiction.

Instead, cases that are transferred to MDL-875 with a pending motion to remand to state court, proceed in MDL-875 as follows: (1) settlement conference will be held in Philadelphia, upon request, even though the issue of federal jurisdiction has not been decided; and (2) after numerous settlement conferences, the case may get remanded to the district court to which the action was originally removed after many months, and more often years, of delay.  Ironically, after the long delay, it is the district court to which the action was removed which will then be called upon to decide the Motion to Remand to state court.

Plaintiffs present data in this brief and a sworn

declaration documenting this practice.   (See Exhibit A[1]) One case represented in Exhibit A is particularly illustrative:

In Hauck v. Borg Warner, the case was removed to the District Court for the Middle District of Florida on December 16, 2004.  Plaintiff filed a timely motion to remand based on lack of subject matter jurisdiction on January 18, 2005.  In June 2005, the case was transferred to MDL-875 while the remand motion was still pending.  Two settlement conferences were held in Philadelphia under the authority of MDL-875 before the case was transferred back to the Middle District of Florida on August 14, 2006.  On October 12, 2006, the Middle District of Florida Court then granted Plaintiff's Motion to Remand - 22 months after it was originally filed.  Fourteen months of this delay occurred while the case was pending in MDL-875.  Moreover, the MDL-875 had been holding settlement conferences in a case in which the federal courts had no jurisdiction.  Clearly, it would have been more efficient for the Middle District of Florida to rule on the remand motion before transfer of the case to MDL-875.  Stated differently, it is the job of the MDL-875 to coordinate federal asbestos cases - not asbestos cases in which federal jurisdiction has not yet been determined.

Many other cases described in Exhibit A, which were

---

[1] All Exhibits referenced herein are attached to the Declaration of Jerome H. Block filed simultaneously hereiwth and adopted and incorporated herein.

transferred to MDL-875 with a remand motion pending, have never been determined to be federal cases and have never been transferred back to the district court to which the action was removed. (Exhibit A). In fact, this is the most common and expected course.

Federal courts are of limited jurisdiction, and therefore have an obligation to determine questions of federal jurisdiction at the earliest opportunity. 28 U.S.C. § 1447(c). Transfer of cases to MDL-875, with pending remand motions, does not serve the stated purposes of MDL-875 – just and efficient treatment of cases. Further, the MDL-875 should not be burdened with cases where there has not yet been a determination as to jurisdiction.

For these reasons, and based upon the evidence set forth herein, the Hoffeditz' respectfully request that the panel vacate the Conditional Transfer Orders in this case so that the District Court of New Jersey may promptly rule on Plaintiffs' Motion for Remand to state court.

<div align="center">**ARGUMENT**</div>

**A. Federal Courts Have a Duty to Determine Questions of Subject Matter Jurisdiction at the Earliest Opportunity**

When a case is removed from state to federal court, the district court to which the case is removed has an obligation to determine questions of federal subject matter jurisdiction and, when lacking, to remand the case to state court. 28 U.S.C. § 1447(c); Weekly v. Olin Corporation, 681 F.Supp. 346 (N.D. W.Va.

1987).  This requirement is so stringent that the district court must raise the issue itself even if not raised by the parties. In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d 112, C.A.2 (N.Y.) 2007; Scherer v. Laborers' Internation Union of North America, 746 F.Supp. 73, 78 (N.D. Fla. 1988) (citing Delta Coal Program v. Libman, 743 F.2d 852, 854 (11th Cir.1984) and In re Carter, 618 F.2d. 1093 (5th Cir. 1980), certif. den., 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981)).

"Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds that the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

Plaintiffs in this case have raised a question of federal jurisdiction by filing their Motion to Remand on February 6, 2009.  The motion is fully briefed and awaiting a ruling.  The district court has an obligation to determine the question of jurisdiction before it and to decide Plaintiffs' remand motion.

**B.    Transfer of Asbestos Cases Where Jurisdiction Has Not Been Determined Does Not Promote the Stated Purposes of MDL-875**

The multidistrict litigation system was created "to promote the just and efficient conduct of [transferred] actions."  28

U.S.C. § 1407.   Transferring cases to MDL-875, when remand motions are pending in the district court to which the action was removed, does not promote justice and efficiency.

Plaintiffs have attached a chart (Exhibit A) reflecting cases transferred to MDL-875 while remand motions were pending in the district court.  As the chart shows, MDL-875 does not rule on pending jurisdictional motions upon acceptance of transfer. Rather, the common practice is for MDL-875 to hold settlement conference, upon request, in cases that have not yet been determined to be federal cases.

Most significantly, MDL-875 has acknowledged that the district court to which an action is removed should rule on pending remand motions by transferring cases back to state court so that such rulings can be made.  (Exhibit A) (See e.g., Hauck, supra - case was returned to Middle District of Florida where motion to remand was decided, 22 months after it was filed and after two settlement conferences in MDL-875).  Indeed, on at least two recent occasions, MDL-875 specifically instructed district courts to decide remand issues while a CTO was pending. See, Freiberg v. Swinterton & Walberg Property Services, Inc., et al., 245 F.Supp.2d 1144, 1149 (D.Colo. 2002)(where plaintiff's opposition to transfer to MDL-875 was scheduled to be considered, the district court stated, "In the interim, the Panel has

instructed me to proceed in these cases and, in particular, address any pending motions to remand."); Cole v. Northrop Grumman Ship Systems, Inc., 2008 W.L. 2651428 (E.D.La.) (where the district court acknowledged, "[MDL-875] issued a suggestion that this case should be returned to the United States Court for the Eastern District of Louisiana for the resolution of all outstanding motions relating to the jurisdiction of this matter in federal court.")

**C.    Defendants Recognize that Removal Can Be Used To Delay Asbestos Cases to the Detriment of Plaintiffs.**

The delay in having jurisdictional motions heard by federal courts encourages defendants to remove improperly and thereby burden the federal courts with state law product liability actions which have no valid basis of federal jurisdiction. Recently, counsel for a defendant that frequently removes asbestos cases to federal court stated on the record that MDL-875 is a "blackhole" where asbestos cases "get settled for peanuts". See, Pokorney v. Foster Wheeler Energy Corporation, et al, Supreme Court of the State of New York, trial transcript dated July 8, 2008, page 1623, lines 11-21, attached as Exhibit B.

Under the current practices of MDL-875, a defendant is encouraged to improperly remove cases when they know that it is unlikely that the motion to remand will ever be decided and where they know that Plaintiff, at best, will be able to get settlement

conferences in MDL-875 which defendants widely recognize as resulting in greatly reduced compensation for mesothelioma victims. (Exhibit B).

In this case, the most efficient and just way to proceed would be for the District of New Jersey, to hear and decide Plaintiffs' pending and fully briefed Motion to Remand before transfer to MDL-875.  Mr. Hoffeditz is dying from mesothelioma and, therefore, a prompt resolution of the threshold issue of jurisdiction is of critical importance.

### CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the panel vacate the Conditional Transfer Orders so that the District of New Jersey may promptly rule on Plaintiffs' Motion for Remand.

Respectfully submitted,

By: _____

Robert E. Lytle
Szaferman, Lakind,
Blumstein & Blader, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
(609) 275-0400

Levy, Phillips & Konigsberg, LLP
Jerome H. Block
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 605-6200

Dated: May  5  , 2009

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 6 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | MDL DOCKET NO: 875 |
| LIABILITY LITIGATION | § | CTO-319 |

********************

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GERALD L. HOFFEDITZ and | § | |
| JUDITH L. HOFFEDITZ, | § | |
| | § | CASE NO: 09-257 WJM |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AM GENERAL, LLC, individually | § | |
| and as successor-in-interest | § | |
| to AM GENERAL CORPORATION, | § | |
| et al. | § | |
| | § | |
| Defendants. | § | |

<u>DECLARATION OF MOSHE MAIMON, ESQ. IN SUPPORT OF PLAINTIFFS'
MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER</u>

I, Moshe Maimon, hereby declare under penalty of perjury,
that the foregoing statements are true and correct:

1.   I am a member of Levy Phillips & Konigsberg, LLP, co-
counsel for Plaintiffs in the above-captioned matter.

2.   I have personal knowledge of the facts set forth below.

3.   It has been my experience, as well as the experience of

513262.1

other attorneys with my firm, that cases which are transferred to MDL-875 with a pending motion to remand to state court, proceed in MDL-875 as follows: (1) settlement conference will be held in Philadelphia, upon request, even though the issue of federal jurisdiction has not been decided; and (2) after numerous settlement conferences, the case _may_ get remanded to the district court to which the action was originally removed after many months, and more often _years_, of delay.  Ironically, after the long delay, it is the district court to which the action was removed which will then be called upon to decide the Motion to Remand to state court.

    4.   Exhibit A to my Declaration consists of information compiled by my law firm relating to cases transferred to MDL-875 in which a remand motion was pending at the time of transfer. This case list is by no means exhaustive and consists only of the cases that my office was able to gather.

    4.   One of the many illustrative cases referenced on Plaintiffs' chart is Hauck v. Borg Warner.  That case was removed to the District Court for the Middle District of Florida on December 16, 2004.  Plaintiff filed a timely motion to remand based upon a lack of subject matter jurisdiction on January 18, 2005.  In June 2005, the case was transferred to MDL-875, while the remand motion was still pending.  Two settlement conferences were held in Philadelphia under the authority of MDL-875 before

513262.1

the case was transferred back to the Middle District of Florida on August 14, 2006.  On October 12, 2006, the Middle District of Florida Court then granted Plaintiff's remand motion, twenty-two months after it was originally filed.

5.    Another illustrative case referenced on Plaintiffs' chart is <u>Gitto v. A.W. Chesterton</u>.  That case was removed to the District Court for the Southern District of New York on June 5, 2007.  Eight days later, on June 13, 2007, Plaintiff filed a remand motion based upon a lack of subject matter jurisdiction. When the case was transferred to MDL-875 on October 15, 2007, a decision on Plaintiffs' remand motion had yet to be made.  My office has made efforts for over a year to have the motion to remand heard in MDL-875, without success.  Instead, MDL-875 has held three different settlement conferences in Philadelphia without any determination as to federal jurisdiction.

6.    Attached as Exhibit B is a true and accurate copy of excerpts from the trial transcript in <u>Pokorney v. Foster Wheeler, et al.,</u> dated July 8, 2008.


MOSHE MAIMON

LEVY PHILLIPS & KONIGSBERG, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648

Dated: May 5, 2009

513262.1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

### CERTIFICATE OF SERVICE

MAY – 6 2009

| | |
|---|---|
| State of New Jersey | § |
| | § |
| County of Mercer | § |

FILED
CLERK'S OFFICE

    I certify that I am over 18 years and not a party to the within action; that my business address is 101 Grovers Mill Road, Suite 200, Lawrenceville, New Jersey 08648, and that on this date I served a true copy of the documents entitled:

    (1) Plaintiffs' Reply Brief in Support Brief in Support of their Motion to Vacate the Conditional Transfer Order;

    (2) Declaration of Moshe Maimon, Esquire.

    Service was effectuated by forwarding the above noted document in the following manner:

**By U.S. Mail** to the attached counsel list following the ordinary business practices of Szaferman, Lakind, Blumstein & Blader, P.C.

**By U.S. Mail** to the attached Panel Service List.

    I declare under penalty or perjury that the foregoing is true and correct.

Executed on May 5 , 2009

RECEIVED
CLERK'S OFFICE
2009 MAY – 6  A 10: 00
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

513543.1

9

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                          MDL No. 875

## PANEL SERVICE LIST (EXCERPTED FROM CTO-319)

Joseph A. Matuska, et al. v. ABB, Inc., et al., D. New Jersey, C.A. No. 2:09-193
     (Judge William J. Martini)
    Gerald L. Hoffeditz, et al. v. AM General, LLC, et al., D. New Jersey, C.A. No. 2:09-257
     (Judge William J. Martini)


Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Gerard Cedrone
LAVIN O'NEIL RICCI CEDRONE & DISIPIO
1300 Route 73
Suite 307
MT. Laurel, NJ 08054

Mary S. Cook
WILBRAHAM LAWLER & BUBA
24 Kings Highway West
Haddonfield, NJ 08033

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Alan Ira Dunst
HOAGLAND LONGO MORAN DUNST &
DOUKAS
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

James J. Gross
DLA PIPER US LLP
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103-7300

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ
ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Christopher J. Keale
SEDGWICK DETERT MORAN & ARNOLD
LLP
Three Gateway Center
100 Mulberry Street - 12th Floor
Newark, NJ 07102

**MDL No. 875 - Panel Service List (Excerpted From CTO-319) (Continued)**

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Robert E. Lytle
SZAFERMAN LAKIND BLUMSTEIN &
BLADER PC
QuakerBridge Executive Center
101 Grovers Mill Road
Suite 200
Lawrenceville, NJ 08648

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Gerald L. Hoffeditz and Judith L. Hoffeditz

v.

AM General, LLC, et al

Docket No: MID-L-9319-08AS

COUNSEL MAILING LIST

LAST UPDATED: February 19, 2009
Attorney: REL

Joseph Kernen, Esq.
James J. Gross, Esq.
DLA Piper LLP
2 Tower Center Boulevard
Suite 1600
East Brunswick, NJ 08816-1100
Ph: 215-656-2416
Fax: 215-656-3301
james.gross@dlapiper.com
*Attorneys for AM General, LLC*

Michelle S. Hydrusko, Esq.
McElroy, Deutsch, Mulvaney &
Carpenter, LLP
1300 Mount Kemble Ave.
Morristown, NJ 07962-8100
973-993-8100
973-425-0161- fax
mhydrusko@mdmc-law.com
*Counsel for Arvin-Meritor,
Inc.*

Nora J. Grimbergen, Esq.
Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran,
   Dunst & Doukas, LLP
40 Paterson St., P.O. Box 480
New Brunswick, NJ 08903
Ph: 732-545-4717
Fax: 732-545-4579
hoagland-
asbestos@hoaglandlongo.com
*Attorneys for Borg Warner
Morse TEC, f/k/a Borg Warner;
National Gasket*

Nicea J. D'Annunzio, Esq.
Hardin, Kundla, McKeon &
   Poletto
673 Morris Ave., P.O. Box 730
Springfield, NJ 07081-0730
Ph: 973-912-5222
Fax: 973-912-9212
ndannunzio@hkmpp.com
*Attorneys for Chrysler, LLC, a
Delaware LLC*

Mary S. Cook, Esq.
Wilbraham, Lawler & Buba
24 Kings Highway West
Haddonfield, NJ 08033-2122
Ph: 856-795-4422
Fax: 856-795-4699
mcook@wlbdeflaw.com
*Attorneys for Cummins, Inc.*

Steven A. Weiner, Esq.
O'Toole Fernandez Weiner Van
Lieu, LLC
60 Pompton Avenue, 2nd Floor
Verona, NJ 07044
Ph: 973-239-5700
Fax: 973-239-3400
mfeola@ofwvlaw.com (Paralegal)
*Attorneys for Dana Corp.,
individually and as successor
to Victor Gaskets*

10202.1

Edward T. Finch, Esq.
Lavin, O'Neil, Ricci, Cedrone
  & Disipio
1300 Route 73, Suite 307
Mount Laurel, NJ 08054
Ph:  856-778-5544
Fax: 856-793-0237
efinch@lavin-law.com
*Attorneys for Detroit Diesel
Corporation; Ford Motor
Company; General Motors
Corporation, d/b/a Delco
Products*

Ethan D. Stein, Esq.
Gibbons, PC
One Penn Plaza, 37th floor
New York, New York 10119-3701
Ph:  212-613-2041
Fax: 212-554-9677
estein@gibbonslaw.com
*Attorneys for Honeywell
International, Inc. as
successor to the Bendix
Corporation*

Susan B. Fellman, Esq.
Breuninger & Fellman
1829 Front St.
Scotch Plains, NJ 07076
Ph:  908-490-9900
Fax: 908-490-9950
sfellman@comcast.net
*Attorneys for National
Automotive Parts Association
(NAPA), a/k/a Genuine Parts
Company*

Mark Debrowski, Esq.
Smith Abbot, LLP
48 Wall Street, Suite 1100
New York, NY 10005
Ph:  212-981-4501
Fax: 212-981-4502
mdebrowski@smithabbot.com
*Attorneys for Pneumo-Abex,
LLC, as successor-in-interest
to Abex Corporation f/k/a
American Brake Shoe Company*

Brian R. Ade, Esq.
Rivkin Radler, LLP
21 Main Street, Suite 158
Court Plaza South - West Wing
Hackensack, New Jersey 07601
Ph:  201-287-2460
Fax: 201-489-0495
brian.ade@rivkin.com
*Attorneys for Setco
Automotive, N.A., Inc., a/k/a
Setco Lipe Clutch*

Richard P. O'Leary, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07102
Ph:  973-622-4444
Fax: 973-624-7070
roleary@mccarter.com
*Attorneys for Standard Motor
Products, Inc. a/k/a EIS Brake
Parts*

Marc Z. Edell, Esq.
Picillo Caruso, Pope, Edell,
Picini
60 Route 46 East
Fairfield, New Jersey 07004
medell@carusopope.com
Ph:  973-667-6000
Fax: 973-667-1200
*Attorneys for Union Carbide
Corporation*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 5 2009

FILED
CLERK'S OFFICE

Exhibit A

RECEIVED
CLERK'S OFFICE

2009 MAY -6   A 10: 01

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# Exhibit B

07-08-08 pokorney

1616

```
2   SUPREME COURT OF THE STATE OF NEW YORK
    COUNTY OF ONONDAGA
3   - - - - - - - - - - - - - - - - - - - X
    DOUGLAS POKORNEY,
4
                              Plaintiff,
5        -against-

6   FOSTER WHEELER ENERGY CORP., GENERAL
    ELECTRIC COMPANY,
7
                              Defendants.
8   - - - - - - - - - - - - - - - - - - - X

9                        Index No.:  2005/107034
                         Onondaga County Courthouse
10                       Montgomery Street
                         Syracuse, New York 13202
11                       July 8, 2008
                         TRIAL
12
13  B E F O R E:

14        HONORABLE JAMES W. McCARTHY, Justice, and a Jury.

15  A P P E A R A N C E S:

16        LEVY, PHILLIPS & KONIGSBERG, LLP
          Attorneys for the Plaintiff
17        800 Third Avenue, 13th Floor
          New York, New York 10022
.17       BY:   JEROME H. BLOCK, ESQ.
18        -and-
          LIPSITZ PONTERIO
19        135 Delaware Avenue
          Buffalo, New York 14202
20        BY: KEITH VONA, ESQ.

21        WHEELER, TRIGG & KENNEDY, LLP
          Attorneys for the Defendant Foster Wheeler
22        1801 California Street, Suite 3600
          Denver, Colorado 80202-2617
23        BY: JOHN M. FITZPATRICK, ESQ.
               ERIK D. DADOLINK, ESQ.

24

25

          ADAM H. ALWEIS - OFFICIAL COURT REPORTER
0
                                             1617
```

```
2
    APPEARANCES (Continued):
                    Page 1
```

07-08-08 pokorney

3  SEDGWICK, DETERT, MORAN & ARNOLD, LLP
4  Attorneys for the Defendant General Electric
   Three Gateway Center
5  Newark, New Jersey
   BY: STEPHEN NOVAKIDIS, ESQ.
6
                        Adam H. Alweis
7                       Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        ADAM H. ALWEIS - OFFICIAL COURT REPORTER

0                                            1618

1                    Proceedings
2          THE COURT:  On the record.  All are present.
3          We are going to complete the charge
4  conference that we started the other day, and I guess
5  the main issue relative to this is the argument of
6  whether I'm going to charge the government contractor

                    Page 2

07-08-08 pokorney

15   specification, but what there was, Your Honor, there

16   was total silence on the issue of warning of asbestos.

17         THE COURT:  Let me ask you a question.

18   Except for Ronsini, is there any indication in

19   New York, a New York Court, where the government

20   contractor defense was given in a failure to warn a

21   case?

22         Anybody?

23         MR. BLOCK:  Well, Ronsini, the government

24   contractor defense was not --

25         THE COURT:  I know that.

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1621

Proceedings

1         MR. BLOCK:  And other than the request of

2   Worthington to charge the government contractor

3   defense, the Trial Court's rejection of that, and the

4   affirmance of that on appeal, I know of no case where

5   the Court gave the government contractor case.

6         THE COURT:  Failure to warn in New York --

7         MR. BLOCK:  I know of no case.

8         THE COURT:  How about, and it doesn't have to

9   hit -- anybody can answer this one -- there is a lot of

10   removal cases, Nesbiet being one, where it was removed

11   to Federal District Court.  A lot of these removal

12   cases in the Second Circuit, they are removed, and one

13   of the reasons is, the government contractor defense,

14   but then you never see what happened at the trial level

15   in any of those Federal District Court cases in

16   New York as to whether, in fact, the government

17   contractor defense was given.

Page 5

07-08-08 pokorney

19  Maybe they settled, removed or dismissed or

20  something, I don't know.  But, I didn't see one case in

21  New York on a removal case, Nesbiet being the latest

22  one, what happened.  I mean, maybe they didn't go to

23  trial.  Maybe the government contractor defense wasn't

24  given.

25          Does anyone know of any government contractor

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

1622

1          Proceedings

2  defense cases in Federal Court in New York or the

3  Second Circuit that went to trial where the government

4  contractor defense was given and the jury charge to the

5  jury; failure to warn?  Anybody know of any case?

6          MR. BLOCK:  There are none.

7          MR. NOVAKIDIS:  Your Honor, cases that

8  removed by -- falsely by other companies, none of them

9  have actually gotten to the point where it's come up.

10          THE COURT:  That's what I thought.

11          MR. NOVAKIDIS:  The first one is, that is

12  going to answer this question, Your Honor.

13          MR. BLOCK:  Your Honor, one very important

14  distinction, which I'm sure you voiced that on the

15  removal --

16          THE COURT:  I know.

17          MR. BLOCK:  -- they have to make a

18  considerable claim --

19          THE COURT:  It is under 1442 U.S.C.

20          MR. BLOCK:  All they have to do --

21          THE COURT:  In fact, in Nesbiet, they

22  specifically say, we'll get to it.

Page 6

07-08-08 pokorney

23    MR. BLOCK:  Right.  On the removal issue,

24    Judge, Circuit Court Judge specifically says, Nesbiet,

25    the Court specifically says, District Court, quote,

Proceedings

1    first requirement for the federal officer's removal is

2    a colorable defendant.  The defense, broadly construed,

3    we do not require the officer, virtually, to win his

4    case before he can have it removed.  Thus, defense may

5    be colorable.  Even if the Court ultimately rejects it

6    at the removal stages, it's not the Court's role to

7    assess the validity of a particular defense.

8

9    That's at Page 211 and 212 of Nesbiet at 399

10    Federal Supplement 2d. 205.

11    So, I just ask, if any Court in New York,

12    federal or otherwise, actually gave the failure to warn

13    defense in the government contractor defense, and, I

14    guess, and answered, somebody is telling me otherwise,

15    there is none in New York.

16    MR. NADOLINK:  Those federal court cases are

17    still pending, to my knowledge.  None of them have been

18    tried.

19    MR. FITZPATRICK:  They go in a black hole,

20    invariably, because they are in federal court.  They

21    get settled for peanuts.

22    MR. BLOCK:  We agree that it is a black hole,

23    Your Honor.

24    THE COURT:  Nesbiet and all of these other

25    cases are pending?

07-08-08 pokorney                    1624

1          Proceedings

2          MR. NADOLINK:  Either pending or settled.

3          MR. FITZPATRICK:  They never go to trial.

4          THE COURT:  Okay.  All right.  Go ahead.  I'm

5     sorry.  I just wanted to point that out.

6          Do you have any further argument?

7          MR. BLOCK:  Your Honor, I think Dr. Betts'

8     testimony speaks for itself on this, and unless you

9     have any questions, I think it is very clear.

10         THE COURT:  Any legal argument?

11         MR. NADOLINK:  Your Honor, the Grispo case,

12    by the Second Circuit, I think, is controlling in the

13    State of New York.  The issue of whether the government

14    contractor defense is available, to be prevalent in a

15    state federal cause, and it is determined by the

16    highest federal court that has authority in the State

17    of New York in the Second Circuit, I think it has to

18    take precedence, especially when it comes after the

19    Weitzman decision, which called into question whether

20    there was discretionary function that was being

21    exercised in Grispo and answered that question in the

22    affirmative --

23         THE COURT:  How do you reconcile Ronsini

24    where the Court refused to give the jury charge on the

25    failure to warn, government contractor defense, and it

ADAM H. ALWEIS - OFFICIAL COURT REPORTER

0                                        1625

1          Proceedings

2     was affirmed by the Appellate Division?

3          MR. NADOLINK:  To the extent, if it can't be

Page 8

07-08-08 pokorney

25      9, 2008)

ADAM H. ALWEIS ~ OFFICIAL COURT REPORTER

1844

1                    Proceedings

2              *      *      *

3              C E R T I F I C A T E

4        I, Adam H. Alweis, Official Court

5   Reporter, Fifth Judicial District, State of New

6   York, do hereby certify that the foregoing is a true

7   and accurate transcript of my stenographic notes

8   from the proceedings had therein.

9

10   _____

11                    Adam H. Alweis

12                    Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25

ADAM H. ALWEIS - OFFICIAL COURT REPORTER