**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 8 2009

FILED
CLERK'S OFFICE

1  MICHAEL J. PIETRYKOWKSI (SBN: 118677)
   mpietrykowski@gordonrees.com
2  DON WILLENBURG (SBN: 116377)
   dwillenburg@gordonrees.com
3  KRISTINE M. GLOVER (SBN: 245246)
   kglover@gordonrees.com
4  GORDON & REES LLP
   Embarcadero Center West
5  275 Battery Street, Twentieth Floor
   San Francisco, CA 94111
6  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
7
   Attorneys for Defendant
8  LESLIE CONTROLS, INC.

9
           **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
10

11  IN RE: ASBESTOS PRODUCTS          )    MDL DOCKET NO. 875
    LIABILITY LITIGATION              )
12                                    )
                                      )    **DEFENDANT LESLIE**
13  WILLIAM H. DAWSON and RITA M.     )    **CONTROLS, INC.'S**
    DAWSON V. CBS CORPORATION, et     )    **OPPOSITION TO PLAINTIFFS'**
14  al.                               )    **CONSOLIDATED MOTION TO**
                                      )    **VACATE CONDITIONAL**
15  JOHNNIE D. PELFREY, JR, et al. v. )    **TRANSFER ORDER (CTO-320)**
    ALLIED PACKING & SUPPLY, INC.     )
16  et al.                            )
                                      )
17  MICHAEL E. JENKINS, v. ALLIED     )
    PACKING & SUPPLY, INC. et al.     )
18                                    )
                                      )
19

20

21

22

23

24

25

26

27          **OFFICIAL FILE COPY**

28

LECO/1056093/6609796v.1

---

DEFENDANT LESLIE CONTROLS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL
TRANSFER ORDER (CTO-320)    **IMAGED MAY 8    2009**

PLEADING NO. 5837
Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

RECEIVED
CLERK'S OFFICE
2009 MAY -8 A 10: 0
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. DAWSON and RITA M. DAWSON, | USDC NO. CV09-00903-EDL |
| Plaintiffs, | **DEFENDANT LESLIE CONTROLS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-320)** |
| v. | |
| CBS CORPORATION, et al., | |
| Defendants. | |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE D. PELFREY, JR. and JAN D. PELFREY, | USDC CASE NO. 09-00902 MHP |
| Plaintiffs, | **DEFENDANT LESLIE CONTROLS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-320)** |
| v. | |
| ALLIED PACKING & SUPPLY, INC.; et al., | |
| Defendants. | |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JENKINS, | USDC CASE NO. 09-cv-0101-DMS (LSP) |
| Plaintiff, | **DEFENDANT LESLIE CONTROLS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-320)** |
| v. | |
| FOSTER WHEELER, LLC.; et al., | |
| Defendants. | |

# Table of Contents

| | | Page |
|---|---|---|
| I. | INTRODUCTION .................................................................. | 1 |
| II. | FACTS .................................................................................... | 1 |
| | A. Michael E. Jenkins v. Allied Packing & Supply, Inc., et al ................ | 1 |
| | B. William H. Dawson, et al v. CBS Corp., et al ...................................... | 2 |
| | C. Johnie D. Pelfrey, Jr., et al v. Foster Wheeler, LLC, et al .................... | 2 |
| | D. Conditional Transfer Order (CTO-320) ................................................ | 2 |
| III. | ARGUMENT .......................................................................... | 3 |
| | A. There Is No Reason For This Panel To Vacate Its Conditional Transfer Order Because These Tag-Along Actions Are No Different Than Other Federal Asbestos Actions In MDL No. 875 And Transferring Is Proper Under 28 U.S.C. § 1407. ................................. | 3 |
| |     1. Transfer Of The Subject Actions Serves Convenience Of The Parties And Witnesses And Promotes Just And Efficient Adjudication Of The Claims. ............................................. | 3 |
| |     2. Plaintiffs' Argument That The Order Should Be Vacated Because Their Diseases Are Advanced Does Not Justify Vacating CTO-320. ...................................................................... | 5 |
| | B. Federal Subject Matter Jurisdiction Was Established In The Jenkins Action. .................................................................................................... | 5 |
| | C. Plaintiffs Request Improper Substantive Relief From This Panel. ........ | 6 |
| IV. | CONCLUSION ...................................................................... | 7 |

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.  INTRODUCTION

There is no reason for this Panel to vacate its transfer order.  These actions are just like many other cases transferred to the MDL proceeding "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a) (2009).  Plaintiffs give no reason why their cases should receive different or preferential treatment.  They fail even to address Section 1407, the statute governing transfer.  Instead, they make arguments about remand, already rejected by one court and improperly addressed to this Panel.  Plaintiffs also argue that they are gravely ill, but that is true of plaintiffs in countless other cases in this asbestos MDL, and is a matter to be taken up with the transferee court, not this Panel.  This Panel should let its transfer order stand.

# II.  FACTS

## A.  Michael E. Jenkins v. Allied Packing & Supply, Inc., et al

Plaintiff filed his personal injury complaint alleging asbestos-related injuries on July 21, 2008 in the San Diego Superior Court.  Former defendant Viad Corporation ("Viad") filed a notice of removal on September 9, 2008, three months before Leslie was served with the summons and complaint in this case.  Plaintiff ultimately reached an agreement with defendant Viad, stipulating to a dismissal in exchange for remand to state court.  After Leslie received the summons and complaint, it filed a notice of removal to the United States District Court for the Southern District of California on January 9, 2009.  (Leslie's Notice of Removal, Declaration of Kristine M. Glover ("Glover Decl."), Exhibit A.)  Leslie argued that such removal was proper under 28 U.S.C. § 1442(a)(1) because (1) any products Leslie sold to the U.S. Navy were manufactured in strict compliance with detailed government specifications, including markings and labeling specifications; and (2) the Navy had superior knowledge about potential health hazards, including asbestos-related hazards.  Plaintiff filed a motion to remand on February 19, 2009.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   On March 25, 2009, the Southern District of California issued its order

2   denying Plaintiff's motion for remand to state court, ruling that Leslie met its

3   burden of establishing that removal was proper under 28 U.S.C. § 1442(a)(1).

4   (Order, Glover Decl., Exhibit B.)  Further, the district court ruled that Plaintiff's

5   purported disclaimers of any claims arising under federal law in its complaint have

6   no effect on the propriety of removal.

7   **B.   William H. Dawson, et al v. CBS Corp., et al**

8   Plaintiffs filed their personal injury complaint alleging asbestos-related

9   injuries on January 22, 2009 in the Alameda County Superior Court.  Defendant

10  General Electric ("GE") removed this action to the United States District Court for

11  the Northern District of California on March 3, 2009.  Leslie joined GE's Notice of

12  Removal on March 4, 2009.  (Leslie's Joinder to GE's Notice of Removal, Glover

13  Decl., Exhibit C.)  Pursuant to the district court's April 28, 2009 Order, all

14  proceedings in this action are stayed pending a decision to transfer by this Panel.

15  (Order, Glover Decl., Exhibit D.)

16  **C.   Johnie D. Pelfrey, Jr., et al v. Foster Wheeler, LLC, et al**

17  Plaintiffs filed their personal injury complaint alleging asbestos-related

18  injuries on January 16, 2009 in the Alameda County Superior Court.  Before Leslie

19  filed its own removal of this action, Plaintiffs dismissed Leslie on February 27,

20  2009.  (Plaintiffs' Request for Dismissal of Leslie, Glover Decl., Exhibit E.)  GE

21  removed this action to the United States District Court for the Northern District of

22  California on March 2, 2009.  Pursuant to the district court's April 10, 2009 order,

23  all proceedings in this action are stayed pending a decision to transfer by this

24  Panel.  (Order, Glover Decl., Exhibit F.)

25  **D.   Conditional Transfer Order (CTO-320)**

26  On March 25, 2009, this Panel filed its Conditional Transfer Order (CTO-

27  320) identifying the *Jenkins*, *Dawson* and *Pelfrey* actions as tag-along actions

28  pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

2

1   Multidistrict Litigation.  Under the Conditional Transfer Order, these actions will

2   be transferred to the Eastern District Of Pennsylvania (MDL No. 875) before the

3   Honorable Eduardo C. Robreno for coordinated or consolidated pretrial

4   proceedings pursuant to 28 U.S.C. § 1407.  In response, Plaintiffs filed a Notice of

5   Opposition on April 3, 2009, followed by Plaintiffs' Consolidated Motion to

6   Vacate Conditional Transfer Order (CTO-320) filed on April 20, 2009.

### III.   ARGUMENT

8       Plaintiffs' motion focuses on co-defendant GE exclusively.  However,

9   Plaintiffs failed to mention that Leslie removed the *Jenkins* action, in which GE

10  joined.  The instant issues apply equally to all defendants, and in particular, Leslie,

11  as a joining and removing co-defendant.

**A.   There Is No Reason For This Panel To Vacate Its Conditional Transfer Order Because These Tag-Along Actions Are No Different Than Other Federal Asbestos Actions In MDL No. 875 And Transferring Is Proper Under 28 U.S.C. § 1407.**

**1.   Transfer Of The Subject Actions Serves Convenience Of The Parties And Witnesses And Promotes Just And Efficient Adjudication Of The Claims.**

17      Transfers under 28 U.S.C. § 1407 "shall be made by [this Panel] upon its

18  determination that transfers for such proceedings will be for the convenience of the

19  parties and witnesses and will promote the just and efficient conduct of such

20  actions."  Pursuant to that mandate, this Panel long ago ruled that transferring all

21  asbestos-related personal injury and wrongful death claims in federal court

22  promoted the policy and goals of Section 1407.  Other than stating that all three

23  Plaintiffs are gravely ill, Plaintiffs provide no reason why their respective cases are

24  so unique and distinguishable from the other asbestos actions before the Panel.

25  Advanced disease is true of countless other plaintiffs in asbestos actions before

26  MDL No. 875.  In fact, this only further illustrates common facts between these

27  tag-along actions and the other MDL asbestos actions.  Preferential treatment of

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT LESLIE CONTROLS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-320)

1  Plaintiffs' cases due to their ailing heath is an appropriate request for the transferee
2  court to address, rather than a basis to vacate CTO-320.

3      Likewise, Plaintiffs provide no reason why these tag-along actions are not
4  subject to the Panel's other key reasons for transferring federal asbestos actions to
5  the MDL.  This Panel has ruled that transfer advances convenience of the parties
6  and witnesses in preventing needless and duplicative discovery, and other pretrial
7  rulings and events.  *In re Asbestos Prods. Liab. Litig (No. VI.)*, 771 F. Supp. 415
8  (J.P.M.L. 1991) ("economies to be achieved...should be secured before claims
9  against distinct types or groups of defendants are separated out of the litigation.").
10  This Panel also decided that such transfers would avoid duplication of efforts (and
11  unnecessary expenses) by the parties and witnesses, counsel and the judiciary, and
12  prevent inconsistent decisions.  *In re Asbestos Prods. Liab. Litig (No. VI.)*, 771 F.
13  Supp. 415, 421-22 (J.P.M.L. 1991).  The same efficiencies apply here.

14      Further, there is little burden on the parties in coordinating pretrial
15  proceedings in these cases.  Though transfer is primarily for pretrial purposes only,
16  this Panel noted in its original decision regarding MDL No. 875 that there is
17  usually little need for counsel to travel to the transferee district.  *In re Asbestos
18  Prods. Liab. Litig (No. VI.)*, 771 F. Supp. at 422.

19      The *Jenkins*, *Dawson* and *Pelfrey* actions are asbestos-related personal
20  injury claims with common issues of fact to those before MDL No. 875 currently,
21  and this Panel has many times ordered the transfer of similar tag-along actions.
22  *See, e.g.*, *In re Asbestos Prods. Liab. Litig (No. VI.)*, 560 F. Supp.2d 1367
23  (J.P.M.L. 2008); *In re Asbestos Prods. Liab. Litig (No. VI.)*, 545 F. Supp.2d 1359
24  (J.P.M.L. 2008).  There is no reason why this Panel should depart from its
25  established line of decisions ordering transfer of similar asbestos-related personal
26  injury claims.

27
28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

4

2.    **Plaintiffs' Argument That The Order Should Be Vacated Because Their Diseases Are Advanced Does Not Justify Vacating CTO-320.**

Plaintiffs argue that vacating this Panel's Conditional Transfer Order is required because Plaintiffs may die before complete adjudication of their claims in the transferee court. Citing no cases regarding the standards for such transfer, they assume the transferee court lacks the ability to resolve Plaintiffs' claims expeditiously. This does not justify vacating CTO-320. The transferee court has broad discretion to accommodate case-specific exigencies, such as an advanced disease, by prioritizing and otherwise organizing pretrial proceedings accordingly. *In re Joann Patenaude*, 210 F.3d 135, 139-40 (3rd Cir. 2000); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 1996 WL 539589 (E.D. Pa. Sept. 16, 1996) ("The Court has prioritized malignancies and other serious disease cases"). Should the need present itself, Plaintiffs can request this relief from the transferee court in these cases.

**B.    Federal Subject Matter Jurisdiction Was Established In The *Jenkins* Action.**

Plaintiffs' argument that this Panel, as well as the transferor and transferee courts, lack jurisdiction over defendants is immaterial to the current issue before the Panel, which is whether transfer is appropriate under 28 U.S.C. § 1407 and this Panel's prior decisions. It is also misguided for two other reasons.

First, Plaintiffs wrongly assert that jurisdiction was not established as to Leslie in the *Jenkins* action. (Pls.' Mot. at 5:3-6.) To the contrary, on March 25, 2009, the United States District Court for the Southern District of California denied Plaintiff's motion for remand to state court, ruling that Leslie met its burden of establishing that removal was proper under 28 U.S.C. § 1442(a)(1). (Glover Decl., Exhibit B.) Plaintiffs also argue that disclaimers in their complaints prevent federal subject matter jurisdiction, and that they have sought leave to amend their complaints in order to otherwise defeat any basis for the same. However, this

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

5

1   argument was explicitly rejected already in *Jenkins*.  The district court ruled that

2   Plaintiff's purported disclaimers of any claims arising under federal law in its

3   complaint have *no effect* on the propriety of removal.  (Glover Decl., Exhibit B,

4   3:22-4:18.)  Therefore, federal subject matter jurisdiction as to Leslie in the

5   *Jenkins* action was established.

6           Second, even if there are outstanding jurisdictional issues in the *Dawson* and

7   *Pelfrey* actions, such issues are insufficient reason to prohibit transfer.

8   Outstanding jurisdictional questions do not defeat transfer by this Panel.  *See In re*

9   *Asbestos Prods. Liab. Litig (No. VI.)*, 170 F. Supp.2d 1348 (J.P.M.L. 2001); *accord*

10  *In re Gypsum Wallboard*, 302 F.Supp 794 (J.P.M.L 1969); *In re Ivy*, 901 F.2d 7, 9

11  (2nd Cir. 1990) ("The MDL Panel has jurisdiction to transfer a case in which a

12  jurisdictional objection is pending.").  The transferee court can just as easily hear

13  Plaintiffs' motions to remand, and order remand if and when appropriate.

14  Plaintiffs argue that transfer will prohibit the "most immediate opportunity" to

15  remand.  (Pls.' Mot. at 4:24-26.)  The *Dawson* and *Pelfrey* actions were stayed

16  pending a transfer decision by this Panel, and therefore, Plaintiffs' argument is

17  moot.

18          C.      **Plaintiffs Request Improper Substantive Relief From This Panel.**

19          Plaintiffs effectively seek an alternate forum to take a "second bite" at

20  litigating the issue of remand in the *Jenkins* action.  The relevant issue is whether

21  transfer is proper under Section 1407.  Instead, the heart of Plaintiffs' arguments is

22  that defendants cannot meet their burden to prevent remand, and that Plaintiffs

23  disclaimers contained in their respective complaints defeat federal subject matter

24  jurisdiction.  However, this issue has already been ruled upon and denied in

25  *Jenkins*.  As to *Dawson* and *Pelfrey*, Plaintiffs' request to the Panel is misdirected

26  because this Panel does not have authority to rule on remand.

27          In *Jenkins*, the district court denied Plaintiffs' motion to remand, and further

28  ruled that Plaintiff's purported disclaimers of claims arising under federal law in its

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

6

1   complaint have no effect on the propriety of removal. "Section 1407 does not

2   authorize the Panel to act an appellate forum for every litigant disgruntled by the

3   rulings of a transferee judge." *In re Plumbing Fixtures*, 332 F. Supp. 1047

4   (J.P.M.L. 1971); *accord, In re Glenn W. Turner Enterprises Litig.*, 368 F. Supp.

5   805, 806 (J.P.M.L. 1973) ("The Panel is not vested with authority to review

6   decisions of district courts, whether they are transferor or transferee courts").

7   Therefore, not only do Plaintiffs attempt to litigate an improper issue before this

8   Panel, they effectively seek appellate relief, which neither this Panel nor the

9   transferee court may entertain at this point in time.

10          To the extent Plaintiffs seek an initial ruling on the issue of remand in

11   *Dawson* and *Pelfrey*, such request is likewise misdirected to the Panel, and is an

12   improper reason to vacate a conditional transfer order.  Section 1407 does not

13   empower the MDL Panel to decide questions going to the jurisdiction or the merits

14   of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9

15   (2nd Cir. 1990).  Rather, Plaintiffs may properly seek to remand of those actions

16   post-transfer, where the transferee court may decide whether remand is

17   substantively warranted.

18                    **IV.   CONCLUSION**

19          This Panel should transfer the subject actions under its Conditional Transfer

20   Order (CTO-320) and there is no reason why it should depart from its initial order.

21   Transfer is appropriate because these cases are similar to those before MDL No.

22   875, and moreover, Plaintiffs failed to demonstrate any viable reason why they are

23   dissimilar or otherwise should receive preferential treatment.  Further, Plaintiffs

24   jurisdictional arguments are irrelevant to the issues before this Panel.  If there is a

25   ///

26   ///

27   ///

28   ///

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

7

1    time and place to take up those arguments, it is before the transferee court post-

2    transfer.

3                                   Respectfully submitted,

4

5    Dated:  May 7, 2009              GORDON & REES LLP

6                                   By:

7                                   KRISTINE M. GLOVER
                                    Attorneys for Defendants
8                                   LESLIE CONTROLS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LESLIE CONTROLS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL
TRANSFER ORDER (CTO-320)

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

1  MICHAEL J. PIETRYKOWSKI (SBN: 118677)
   mpietrykowski@gordonrees.com
2  MICHAEL J. PIETRYKOWKSI (SBN: 118677)
   mpietrykowski@gordonrees.com
3  DON WILLENBURG (SBN: 116377)
   dwillenburg@gordonrees.com
4  KRISTINE M. GLOVER (SBN: 245246)
   kglover@gordonrees.com
5  GORDON & REES LLP
   Embarcadero Center West
6  275 Battery Street, Twentieth Floor
   San Francisco, CA 94111
7  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
8
   Attorneys for Defendant
9  LESLIE CONTROLS, INC.

MAY - 8 2009

FILED
CLERK'S OFFICE

10  **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

11

12  IN RE: ASBESTOS PRODUCTS            )    MDL DOCKET NO. 875
    LIABILITY LITIGATION               )
13                                      )    **DECLARATION OF KRISTINE**
                                        )    **M. GLOVER IN SUPPORT OF**
14  WILLIAM H. DAWSON and RITA M.       )    **LESLIE CONTROLS, INC.'S**
    DAWSON V. CBS CORPORATION, et       )    **OPPOSITION TO PLAINTIFFS'**
15  al.                                 )    **CONSOLIDATED MOTION TO**
                                        )    **VACATE CONDITIONAL**
16  JOHNNIE D. PELFREY, JR, et al. v.   )    **TRANSFER ORDER (CTO-320)**
    FOSTER WHEELER, LLC. et al.         )
17                                      )
    MICHAEL E. JENKINS, v. ALLIED       )
18  PACKING & SUPPLY, INC. et al.       )
                                        )
19                                      )

20

21       I, Kristine M. Glover, hereby declare:

22       1.    I am an attorney duly licensed to practice before the courts of the

23  State of California. I am also admitted to practice in the USDC, Central District of

24  California.

25       2.    I am an associate with Gordon & Rees LLP, attorneys of record for

26  defendant LESLIE CONTROLS, INC. ("Leslie"), and one of the attorneys chiefly

27  responsible for this representation. In that capacity, I have personal knowledge

28  regarding all matters contained in this declaration.

*Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111*

1

3.      A true and correct copy of Leslie Controls, Inc.'s Notice of Removal to Adverse Party in the matter of *Michael E. Jenkins v. Allied Packing & Supply, Inc.* is attached hereto as Exhibit A.

4.      A true and correct copy of Judge Dana M. Sabraw's Order Denying Plaintiff's Motion to Remand in the matter of *Michael E. Jenkins v. Allied Packing & Supply, Inc.* is attached hereto as Exhibit B.

5.      A true and correct copy of Leslie Controls, Inc.'s Joinder in General Electric Company's Notice of Removal in the matter of *William H. Dawson, et al v. CBS Corp.* is attached hereto as Exhibit C.

6.      A true and correct copy of Judge William Alsup's Order Granting Defendant General Electric Company's Motion to Stay All Proceedings Pending A Decision On Transfer By The Judicial Panel On Multidistrict Litigation in the matter of *William H. Dawson, et al v. CBS Corp.* is attached hereto as Exhibit D.

7.      A true and correct copy of Plaintiffs' Request for Dismissal of Leslie Controls, Inc. in the matter of *Johnie D. Pelfrey, et al v. Foster Wheeler, LLC, et al.* is attached hereto as Exhibit E.

8.      A true and correct copy of Judge Marilyn H. Patel's Order Granting Defendant General Electric Company's Motion to Stay All Proceedings Pending A Decision On Transfer By The Judicial Panel On Multidistrict Litigation in the matter of *Johnie D. Pelfrey, et al v. Foster Wheeler, LLC, et al* is attached hereto as Exhibit F.

I declare under penalty of perjury the foregoing is true and correct.

Dated:  May 7, 2009                        GORDON & REES LLP

                                           By: _____

                                           KRISTINE M. GLOVER
                                           Attorneys for Defendants
                                           LESLIE CONTROLS, INC.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

LECO/1055409/6633545v.1

-2-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 8 2009

FILED
CLERK'S OFFICE

**PROOF OF SERVICE**

1

2      I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite
3 2000, San Francisco, CA 94111. On **May 7, 2009**, I served the within document(s):

4    **DEFENDANT LESLIE CONTROLS, INC.'S OPPOSITION TO PLAINTIFFS'**
**CONSOLIDATED MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-**
5                                         **320)**

6  ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
7        forth below on this date.

       ☐   by personally delivering the document(s) listed above to the person(s) at the
8        address(es) set forth below.

9  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
        fully prepaid, in United States mail in the State of California at San Francisco,
10        addressed as set forth below.

11   # See attached List of Counsel

12     I declare under penalty of perjury under the laws of the State of California that the above
is true and correct. Executed on **May 7, 2009** at San Francisco, California.

13

14

15                                        _Samantha Oryall_
16                                          Samantha Oryall

17

18

19

20

21

22

23

24

25

26

27

28

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

LECO/1055409/6645012v.1

Virginia Alfonso v. Permobil AB, et al.
Contra Costa County Superior Case No. MSC06-00835

In Re:  Asbestos Products Liability Litigation (No. VI)          MDL No. 875

Southern District - *Michael E. Jenkins v. Allied Packing & Supply, et al.*
C.A. No. 3:09-101 (Judge Dana M. Sabraw)

Northern District – *William H. Dawson, et al. v. CBS Corp., et al.*
C.A. No. 3:09-903 (Judge Elizabeth D. Laporte)
Northern District – *Johnnie D. Pelfrey, Jr. et al. v. Allied Packing & Supply, et al.*
C.A. 3:09-00902

# LIST OF COUNSEL

| | |
|---|---|
| Peter G. Angelos<br>LAW OFFICES OF PETER G. ANGELOS PC<br>One Charles Center<br>100 North Charles Street, 22nd Floor<br>Baltimore, MD 21201 | John D. Cooney<br>COONEY & CONWAY<br>120 North LaSalle Street, Suite 3000<br>Chicago, IL 60602 |
| Julie R. Beaton<br>KUTAK ROCK<br>18201 Von Karman Avenue, Suite 1100<br>Irvine, CA 92612 | Stephanie A. Hingle<br>KUTAK ROCK LLP<br>515 South Figueroa Street, Suite 1240<br>Los Angeles, CA 90071 |
| Thomas A. Packer<br>GORDON & REES LLP<br>275 Battery Street, 20th Floo<br>San Francisco, CA 94111 | Guillermo Escobedo<br>GORDON & REES LLP<br>101 West Broadway, Suite 2000<br>San Diego, CA 92101 |
| Don Willenburg<br>Glen R. Powell<br>GORDON & REES LLP<br>275 Battery Street, 20th Floo<br>San Francisco, CA 94111 | Kevin M. Jordan<br>BAKER BOTTS LLP<br>910 Louisiana<br>One Shell Plaza<br>Houston, TX 77002 |
| Russell W. Budd<br>BARON & BUDD<br>3102 Oaklawn Avenue, Suite 1100<br>Dallas, TX 75219 | Steven K. Hwang<br>PERKINS & COIE<br>1620 26th Street, 6th Floor<br>Santa Monica, CA 90404 |
| Kevin D. Jamison<br>Francis D. Pond<br>POND NORTH LLP<br>350 South Grand Avenue, Suite 2850<br>Los Angeles, CA 90071 | Roger B. Lane<br>LANE & GOSSETT<br>1601 Reynolds Streets<br>Brunswick, GA 31520 |

| | |
|---|---|
| Dennis M. Young<br>FOLEY & MANSFIELD PLLP<br>1111 Broadway, 10th Floor<br>Oakland, CA 94607 | Peter B. Langbord<br>FOLEY & MANSFIELD PLLP<br>150 South Los Robles Avenue, Suite 400<br>Pasadena, CA 91101 |
| Paul Kalish<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | Carie Lin<br>COOLEY MANION JONES HAKE<br>201 Spear Street, Suite 1800<br>San Francisco, CA 94105 |
| Steven Kazan<br>KAZAN MCCLAIN ABRAMS FERNANDEZ<br>171 12th Street, 3rd Floor<br>Oakland, CA 94607 | William F. Mahoney<br>SEGAL MCCAMBRIDGE SINGER<br>233 South Wacker Drive. Suite 5500<br>Chicago, IL 60606 |
| Maureen L. King<br>BARG COFFIN LEWIS & TRAPP LLP<br>350 California Street, 22nd Floor<br>San Francisco, CA 94104 | Robert C. Malaby<br>MALABY & BRADLEY<br>150 Broadway, Suite 600<br>New York, NY 10038 |
| Peter A. Kraus<br>WATERS & KRAUS LLP<br>3219 McKinney Avenue, Suite 3000<br>Dallas, TX 75204 | John P. McShea<br>MCSHEA TECCE PC<br>Mellon Bank Center<br>1717 Arch Street, 28th Floor<br>Philadelphia, PA 19103 |
| David C. Landin<br>HUNTON & WILLIAMS<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Philip McWeeny<br>Yakov Paul Wiegmann<br>SCHIFF HARDIN LLP<br>One Market Plaza, 32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 |
| Thomas Jeffery Moses<br>BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, ca 94105 | Michael P. Thornton<br>THORNTON & NAUMES LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Stephen Robert Onstot<br>WALSWORTH FRANKLIN BEVINS & MCCALL<br>633 West 5th Street, 28th Floor<br>Los Angeles, CA 90071 | Walter G. Watkins, Jr.<br>MORMAN PERRY WATKINS KRUTZ & TARDY<br>P.O. Box 22608<br>Jackson, MS 39225 |
| Janet W. Black<br>WARD BLACK PA<br>208 West Wendover Avenue<br>Greensboro, NC 27401 | Richard A. Brody<br>Dee Dee Stephens<br>BRENT COON & ASSOCIATES<br>44 Montgomery Street, Suite 800<br>San Francisco, CA 94104 |

| Katherine Paige Gardiner | Joseph F. Rice |
|---|---|
| SEDGWICK DETERT MORAN & ARNOLD | MOTLEY RICE LLC |
| One Market Plaza, 8th Floor | 28 Bridgeside Blvd. |
| San Francisco, CA 94105 | Mount Pleasant, SC 29464 |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 8 2009

FILED
CLERK'S OFFICE

# Exhibit "A"

1  MICHAEL J. PIETRYKOWSKI (SBN: 118677)
   mpietrykowski@gordonrees.com
2  DON WILLENBURG (SBN: 116377)
   dwillenburg@gordonrees.com
3  GUILLERMO ESCOBEDO (SBN: 206198)
   gescobedo@gordonrees.com
4  GORDON & REES LLP
   Embarcadero Center West
5  275 Battery Street, Twentieth Floor
   San Francisco, CA 94111
6  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
7

8  Attorneys for Defendant
   LESLIE CONTROLS, INC.

9                  UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11                        '09 CV 0101 DMS POR

12 MICHAEL E. JENKINS,                 U.S.D.C. CASE NO.

13                 Plaintiff,          Case No. 37-2008-00088099-CU-AS-
                                       CTL (San Diego County Superior
14       v.                            Court)

15 ALLIED PACKING & SUPPLY, INC.;      DEFENDANT LESLIE
   A.W. CHESTERTON COMPANY;            CONTROLS, INC'S NOTICE OF
16 ALFA LAVAL, INC., individually and  REMOVAL TO ADVERSE
   as parent, alter ego and successor in  PARTY
17 interest to SHARPLES, INC., ALFA-
   LAVAL SEPARATION, INC., and
18 DELAVAL SEPARATOR COMPANY;
   ALLIS CHALMERS PRODUCT
19 LIABILITY TRUST; AMCHEM
   PRODUCTS, INC., individually and as
20 successor in interest to BENJAMIN
   FOSTER; AMERICAN BILTRITE,
21 INC.; AMERICAN STANDARD, INC.;
   AMETEK, INC., individually and as
22 parent, alter ego and successor in interest
   to BAVEG; ASBESTOS
23 CORPORATION, LTD.; ATLAS
   VALVE COMPANY, INC.; BONDER
24 INTERNATIONAL; BUFFALO
   PUMPS, INC., individually and as
25 parent, alter ego, successor in interest
   and/or subsidiary of AMPCO
26 PITTSBURGH CORPORATION and/or
   BUFFALO FORGE COMPANY;
27 CAMPBELL SHIPYARD; CBS
   CORPORATION individually and as
28 parent, alter ago, and/or successor in
   interest to WESTINGHOUSE

                                    1
   LESLIE CONTROLS, INC.'S NOTICE OF REMOVAL TO ADVERSE PARTY

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  ELECTRIC CORPORATION, B.F.
   STURTEVANT CO., and WESCO
2  CORPORATION; CERTAINTEBD
   CORPORATION; CLEAVER
3  BROOKS, INC.; COLTEC
   INDUSTRIES, INC., individually and as
4  parent, alter ego and successor in interest
   to COLT MANUFACTURING
5  COMPANY; COOPER INDUSTRIES,
   INC., individually and as parent, alter
6  ego and successor in Interest to
   COOPER BESSEMER; CRANE
7  COMPANY, individually and as parent,
   alter ego and successor in interest to
8  CHAPMAN VALVE COMPANY,
   COCHRANE CORPORATION, and/or
9  CHEMPUMP; CROWN CORK & SEAL
   (USA), individually and as successor in
10 interest to MUNDET CORK
   CORPORATION; DIAL
11 CORPORATION, individually and as
   parent, alter ego and successor in interest
12 to GRISCOM RUSSELL SCHACK
   COMPANY, INC.; DUR.
13 CORPORATION, individually and as
   parent, alter ego and successor in interest
14 to DUR,EZ PLASTICS & CHEMICAL;
   ELLIOTT TURBOMACHINERY
15 COMPANY, INC.; ENPRO
   ENGINEERED PRODUCTS, INC.,
16 individually and as a parent, alter ego
   and successor in interest to FAIRBANKS
17 MORSE ENGINE; ENPRO
   INDUSTRIES, individually and as
18 parent, alter ego and successor in interest
   to FAIRBANKS MORSE ENGINE;
19 FAIRBANKS MORSE PUMP
   CORPORATION, individually and as
20 parent, alter ego and successor in interest
   to FAIRBANKS MORSE ENGINE;
21 FIATALLIS NORTH AMERICA, INC.,
   individually and as parent, alter ego and
22 successor in interest to ALLIS-
   CHALMERS CORPORATION;
23 FLOWSERVE MANAGEMENT
   COMPANY, individually and as parent,
24 alter ego and successor in interest to
   HENRY VOGT MACHINE
25 COMPANY, BABCOCK POWER.
   INC., COMPANY and/OR PACIFIC
26 PUMPS, INC,; FLOWSERVE US INC.,
   individually and as parent, alter ego and
27 successor in interest to BYRON
   JACKSON and SIER BATH GEAR &
28 PUMP COMPANY; FLUOR.
   CORPORATION; FMC

2

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  CORPORATION, individually and as
2  parent, alter ego and successor in interest
   to ALLIS CHALMERS and/or
3  NORTHERN PUMP COMPANY;
   FOSTER WHEELER LLC, individually
4  and as parent, alter ego and successor by
   merger and/or in interest to FOSTER
5  WHEELER BOILER CORPORATION,
   FOSTER WHEELER CORPORATION,
6  FOSTER.WHEELER ENERGY
   CORPORATION and/or FOSTER
7  WHEELER USA CORPORATION;
   FRASER BOILER SERVICE, INC.;
8  OARLOCK SEALING
   TECHNOLOGIES LLC, individually
9  and as parent, alter ego and/or successor
   in interest to OARLOCK, INC., and/or
10 FAIRBANKS MORSE ENGINES, and
   as successor in interest to COLTEC
11 INDUSTRIES; GENERAL DYNAMICS
   CORPORATION, Individually and as
12 Successor-in-Interest to ASBESTOS
   CORPORATION, LTD.; GENERAL
13 ELECTRIC COMPANY; GEORGIA-
   PACIFIC CORPORATION;
14 GOODYEAR TIRE & RUBBER
   COMPANY; GOULDS PUMPS (ipb),
15 INC.; GRAYBAR ELECTRIC, INC.;
   HANSON PERMANENTE CEMENT,
16 INC,, formerly known as KAISER
   CEMENT CORPORATION; HILL
17 BROTHERS CHEMICAL
   CORPORATION; HOPEMAN
18 BROTHERS, INC.; IMO INDUSTRIES
   INC., parent, alter ego, successor in
19 interest and/or formerly known as IMO
   DELAVAL INC.; IMO INDUSTRIES,
20 INC., parent, alter ego, successor in
   interest and/or formerly known as
21 WORTHINGTON TURBINE, INC.,
   IMO DELAVAL INC., DELAVAL
22 TURBINES, DELAVAL PUMPS,
   TRANSAMERICA DELAVAL, IMO
23 DELAVAL, ENTERPRISE ENGINE &
   FOUNDRY COMPANY, and/or
24 WORTHINGTON TURBINE, INC.;
   INGERSOLL-RAND COMPANY,
25 individually and as parent, alter ego and
   successor in interest to DRESSER-
26 RAND, TERRY TURBINES,
   WORTHINGTON PUMP INC., formerly
27 known as WORTHINGTON PUMP
   AND MACHINERY CORPORATION,
28 and/or formerly doing business as
   WORTHINGTON PUMP INC., formerly
   known as WORTHINGTON PUMP

3

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  AND MACHINERY CORPORATION;
   INTERNATIONAL PAPER,
2  individually and as parent, alter ego and
   successor in interest to CHAMPION
3  PAPER CORPORATION AND U.S.
   PLYWOOD, INC.; ITT INDUSTRIES,
4  INC., individually and as patent, alter
   ego and successor in interest to
5  GOULDS PUMPS, INC.; J.T. THORPE
   & SON, INC.; KAISER GYPSUM CO.,
6  INC.; KENTILE CORPORATION;
   KENTILE FLOORS, INC.; LESLIE
7  CONTROLS, INC.; MASTER PUMPS
   & EQUIPMENT CORPORATION;
8  MCNALLY INDUSTRIES, INC.,
   individually and as parent, alter ego and
9  successor in interest to FMC
   CORPORATION; METALCLAD
10 INSULATION CORPORATION,
   individually and as successor in interest
11 to NORCAL INSULATION; OWENS-
   ILLINOIS CORPORATION; PARKER-
12 HANNIFIN CORPORATION,
   individually and as parent, alter ego and
13 successor in- interest to SACOMO
   SIERRA and/or DENNISON
14 ENGINEERING; PEERLESS PUMP
   COMPANY, INC.; PLANT
15 INSULATION COMPANY, individually
   and as parent, alter ego and/or successor
16 in interest to PLANT ASBESTOS
   COMPANY and ASBESTOS
17 COMPANY OF CALIFORNIA; RILEY
   POWER, INC. individually and as
18 parent, alter ego, and/or as successor to
   RILEY STOKER CORPORATION;
19 QUIRT EC INDUSTRIES, INC.,
   individually and as the parent, alter ego,
20 successor by merger and/or in interest or
   otherwise liable for the acts or omissions
21 of WESTERN FIBERGLAS SUPPLY
   COMPANY, WESTERN FIBROUS
22 GLASS PRODUCTS COMPANY
   and/or WESOLAS INC.; RAPID
23 AMERICAN CORP., as parent, alter ego
   and successor in interest to CAREY
24 CANADA, INC.; SB DECKING, INC.
   formerly known as SELBY,
25 BATTERSBY & COMPANY; RAPID
   AMERICAN CORP., individually and as
26 parent, alter ego and successor in interest
   to PHILIP CAREY
27 MANUFACTURING CORP, as
   successor in interest to PANACON
28 CORP.; RAPID AMERICAN
   CORPORATION, as parent, alter ego

4

LESLIE CONTROLS, INC.'S NOTICE OF REMOVAL TO ADVERSE PARTY

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  and successor in interest to PHILIP
CAREY CORP.; RHEEM
2  MANUFACTURING COMPANY,
individually and as parent,` alter ego,
3  successor-in-interest and as the entity
formerly known as RUUD
4  MANUFACTURING COMPANY,
successor-in-interest and as the entity
5  formerly known as RUUD BOILERS;
SEPCO CORPORATION; SEQUOIA
6  VENTURES, INC., as Successor¬in-
Interest to THE BECHTEL
7  CORPORATION; SOCO WEST
CORPORATION, successor-in-interest
8  to WESTERN CHEMICAL &
MANUFACTURING COMPANY and
9  A.J. LYNCH & CO.; STERLING
FLUID SYSTEMS (U.S.A.), INC.,
10  individually and as parent, altar ego,
successor in interest and flea PEERLESS
11  PUMPS; SULZER PUMPS (US INC.)
formerly known as SULZER BINGHAM
12  PUMPS, INC.; SYD CARPENTER
MARINE CONTRACTORS, INC.;
13  TARKETT, INC., individually and as
parent, alter ego and successor in interest
14  to DOMCO and AZROCK FLOORING;
TERRY CORPORATION OF
15  CONNECTICUT, individually and as
parent, alter ego and/or successor-in-
16  interest to TERRY STEAM TURBINES;
T.H. AGRICULTURE & NUTRITION,
17  LLC, individually and as parent, alter
ego and successor in interest to
18  THOMPSON HAYWARD CHEMICAL
COMPANY, INC.; THOMAS DEE
19  ENGINEERING COMPANY, INC.;
TRIPLE A MACHINE SHOP, INC.;
20  TUTHILL CORPORATION; UNION
CARBIDE CORPORATION;
21  UNIROYAL, INC.; VIACOM, INC.,
individually and as parent, alter ego,
22  successor in interest and/or successor by
merger to BF STURTEVANT; VIAD
23  CORPORATION, individually and as
parent, alter ego and successor in interest
24  and/or the entity formerly known as THE
DIAL CORPORATION, individually
25  and as successor in interest to
GRISCOM-RUSSELL COMPANY;
26  VIMASCO CORPORATION;
WALDRON DUFFY, INC.; WARREN
27  PUMPS, INC.; WBSCO
INTERNATIONAL, INC., individually
28  and as successor in interest to WESCO
DISTRIBUTION, INC.; WESTERN

5

LESLIE CONTROLS, INC.'S NOTICE OF REMOVAL TO ADVERSE PARTY

1  MACARTHUR COMPANY,
   individually and as successor in interest
2  to WESTERN ASBESTOS COMPANY
   and BAY CITIES ASBESTOS; WORTH
3  BROTHERS COMPANY; and DOES 1-
   500, inclusive,
4
                        Defendants.
5

6      TO PLAINTIFF MICHAEL E. JENKINS THROUGH HIS ATTORNEYS

7  OF RECORD, BRENT COON & ASSOCIATES, 44 MONTGOMERY STREET,

8  SUITE 800, SAN FRANCISCO, CA 94104:

9      Please take notice that the civil action in which you are named as plaintiff,

10 filed July 21, 2008 in the Superior Court of the State of California, County of

11 San Diego, has been removed from that court to the United States District Court

12 for the Southern District of California effective January 20, 2009. On that day a

13 Notice of Removal, a copy of which (with exhibits) is attached, was filed with the

14 clerk of the United States District Court, and a copy of that Notice of Removal has

15 been filed with the clerk of the state court, effecting removal pursuant to 28 U.S.C.

16 sections 1442(a) and 1446.

17

18 DATED:  January __19__, 2009          Respectfully submitted,

19                                       GORDON & REES LLP

20
                                        By:  [signature]
21                                             MICHAEL J. PIETRYKOWSKI
22                                             DON WILLENBURG
                                               Attorneys for Defendant
23                                             LESLIE CONTROLS, INC.

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

                                6
──────────────────────────────────────────────────────
LESLIE CONTROLS, INC.'S NOTICE OF REMOVAL TO ADVERSE PARTY

# Exhibit "B"

1

2

3

4

5

6

7  **UNITED STATES DISTRICT COURT**

8  **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  MICHAEL E. JENKINS,                                    CASE NO. 09-cv-0101 DMS (LSP)

11                                      Plaintiff,          **ORDER DENYING MOTION TO**
                    vs.                                     **REMAND**
12  ALLIED PACKING & SUPPLY, INC., et al.,

13                                      Defendant.

14

15       Plaintiff brought this state law tort action in San Diego Superior Court against Defendants,

16  including Defendant Leslie Controls, Inc. ("Leslie Controls"), on July 21, 2008. Plaintiff alleges, *inter*

17  *alia,* that Defendants violated their California state law duty to warn him of the dangers posed by

18  asbestos in their products, and that he developed lung cancer as a result. Plaintiff alleges asbestos

19  exposure from serving as a pipefitter aboard the U.S. Navy vessels U.S.S. Marshall, U.S.S. Collett,

20  and U.S.S. Fletcher. Defendant Leslie Controls furnished and fabricated valves and related equipment

21  for Navy vessels under contract during the 1940s to 1960s. It removed the case pursuant to the federal

22  officer removal statute, 28 U.S.C. § 1442(a)(1), on January 9, 2009. Plaintiff now seeks to have the

23  case remanded. (Doc. 18.) The matter is suitable for submission without oral argument, pursuant to

24  Civil Rule 7.1. For the following reasons, the motion is denied.

25  A.    **Legal Standard for Removal under 28 U.S.C. § 1442**

26       Pursuant to 28 U.S.C. § 1442(a)(1), a civil action may be removed by "[a]ny officer of the

27  United States or any agency thereof, or person acting under him, for any act under color of such

28  office." 28 U.S.C. § 1442(a)(1). To satisfy § 1442, a government contractor must (1) demonstrate that

- 1 -                                    09-cv-0101

1   it acted under the direction of a federal officer; (2) raise a colorable federal defense to plaintiff's
2   claims; and (3) demonstrate a causal nexus between plaintiff's claims and the acts defendant performed
3   under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-125, 134-135 (1989).[1]

4        Generally, removal statutes are to be strictly construed, and any doubt as to the right to remove
5   should be resolved in favor of remanding to state court. *See, e.g., Gaus v. Miles, Inc.*, 980 F.2d 564,
6   566 (9th Cir.1992). Unlike removal under § 1441(a), however, § 1442 strongly favors removal. *See*
7   *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006) ("when federal officers
8   and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of
9   removal."). Indeed, under § 1442 a federal officer may remove a case even if the plaintiff could not
10  have filed the case in federal court; removal is not subject to the well-pleaded complaint rule, *i.e.*, a
11  federal officer's defense can provide subject matter jurisdiction; and, a federal officer or agency
12  unilaterally may remove a case, without the consent of any other defendant. *Id.* at 1253.

13  **B.     Discussion**

14       Plaintiff argues that Leslie Controls fails to establish removal was proper under § 1442(a).
15  Plaintiff further argues that, Leslie Controls' defense notwithstanding, removal is improper because
16  he specifically disclaimed any claims for relief arising under federal law. Plaintiff also raises
17  evidentiary objections to Leslie Controls' evidence. The Court turns first to the evidentiary challenges,
18  then to the merits.

19       **1.     Plaintiff's Evidentiary Objections to the Notice of Removal**

20       Leslie Controls submitted declarations from Matthew Wrobel and Rear Admiral Roger Horne
21  (ret.) in support of its notice of removal. Plaintiff objects to these declarations on various grounds.
22  First, as to Mr. Wrobel's declaration, Plaintiff argues: (1) the declaration is inadmissible hearsay; (2)
23  Mr. Wrobel fails to provide a basis for his expert opinion under Fed. R. of Evid. 702, and hence, it
24  lacks foundation; and (3) the declaration is irrelevant because Mr. Wrobel does not refer to any
25  specifications regarding asbestos warnings or testify as to whether the Navy prevented Leslie Controls
26  from fulfilling its state law duty to warn. (Doc. 18-3, at 1-2.) Similarly, Plaintiff objects to Rear Adm.

27  _____

28       [1] The removing party must also qualify as a federal officer or person acting under the same.
     As a corporation, Leslie Controls meets this requirement, *see Fung v. Abex Corp.*, 816 F.Supp. 569,
     572 (N.D. Cal. 1992), and the parties do not contend otherwise.

1    Horne's declaration because: (1) it is inadmissible hearsay; (2) Rear Adm. Horne does not state

2    whether he has personal knowledge of Leslie Control's products specifications, design, or

3    manufacture, or whether warnings were placed on them; and (3) Rear Adm. Horne offers an expert

4    opinion that lacks foundation under Fed. R. of Evid. 702. (*Id.* at 2.) Plaintiff asks the Court to strike

5    Rear Adm. Horne's declaration because it is contrary to deposition testimony given by him on June

6    12, 2006, in *Baxter v. Alfa Laval, Inc., et al.*, Middlesex (Mass.) Super Ct., No. 05-4314. (*Id.* at 2-3.)

7        As a general matter, these objections are not meritorious. Mr. Wrobel is Group Director of

8    Quality Assurance at Leslie Controls. His testimony is based on his personal knowledge following

9    forty-one years of employment with Defendant, where he was personally involved in Navy

10   procurement contracts at various stages of contracting. (Wrobel Decl. ¶1.) Rear Adm. Horne's Navy

11   career focused on ship design, engineering, construction, overhaul and inspection, ultimately achieving

12   the rank of Chief Engineer and Deputy Commander, Naval Sea Systems Command for Ship Design

13   and Engineering. (Horne Decl. ¶2.) He testifies that he has personal knowledge of the Navy's

14   comprehensive plans, specifications, and requirements which governed suppliers like Leslie. Because

15   Mr. Wrobel and Rear Adm. Horne testify as a percipient witnesses, neither offers opinion testimony

16   that is subject to Fed. R. of Evid. 702. Moreover, both declarations are relevant, because both Mr.

17   Wrobel and Rear Adm. Horne offer testimony concerning the Navy's supervision of Leslie Control's

18   product manufacturing and its control over the issuance of warnings. (Wrobel Decl. ¶¶6-14; Horne

19   Decl. ¶¶7-16.) Finally, assuming Rear Adm. Horne's declaration is inconsistent with his deposition

20   testimony in *Baxter*, such inconsistency "is not ordinarily a basis for striking the testimony." *United*

21   *States v. Powers*, 467 F.2d 1089, 1095-1096 (7th Cir. 1972).

22        **2.    Plaintiff's Disclaimers**

23        Plaintiff's Complaint recites the following:

24        The Federal Courts lack subject matter jurisdiction over this action as there is no
         federal question and incomplete diversity of citizenship exists due to the presence of
25        one or more California defendants. Removal is improper. Every claim arising under
         the constitution, treaties, or laws of the United States is expressly disclaimed (including
26        any claim arising from an act or omission of a federal enclave, or any officer of the
         U.S. or any agency acting under him occurring under color of such office). . . . Plaintiff
27        specifically disclaims any federal . . . claim that would give rise to federal jurisdiction.

28   (Compl. ¶3.) Moreover, Plaintiff recites that, to the extent any of Plaintiff's asbestos exposure took

- 3 -

09-cv-0101

1   place on a federal enclave, military vessel, or in the construction, repair or maintenance of a military

2   vessel or aircraft, Plaintiff's negligence claims are based solely on a theory of failure to warn. (*Id.*)

3         Plaintiff contends that irrespective of Leslie Control's arguments under the federal officer

4   removal statute, removal is improper because Plaintiff expressly disclaimed any claim arising under

5   federal law in his complaint. (Mot. at 17-18.) Citing *Westbrook v. Asbestos Defendants*, 2001 WL

6   902642 (N.D. Cal. 2001), *Shild v. A.P. Green Indus., Inc.*, 2002 WL 102608 (N.D. Cal. 2002), and

7   *Overly v. Raybestos-Manhattan*, 1996 WL 532150 (N.D. Cal. 1996), Plaintiff argues the use of such

8   disclaimers operates to defeat removal in asbestos cases because as the Plaintiff he is free to elect what

9   law he will rely upon. (*Id.*, at 17-18; Reply at 18.)

10         Under § 1442(a), "suits against federal officers may be removed despite the nonfederal cast of

11   the complaint; the federal-question element is met if the *defense* depends on federal law." *Jefferson*

12   *County v. Acker*, 527 U.S. 423, 431 (1999) (emphasis added). Plaintiff maintains that he has waived

13   any claims raising a federal question, because "any act or omission by [Leslie Controls] at the direction

14   of [the Navy] is not the subject of this suit." (Mot. at 17.) Plaintiff's argument is flawed because it

15   presupposes that Leslie Controls is not entitled to a federal contractor defense. "One of the most

16   important reasons for [federal officer] removal is to have the validity of the defense . . . tried in a

17   federal court." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). Thus, if Leslie Controls satisfies

18   *Mesa*, Plaintiff's disclaimers have no effect on the propriety of removal.

19       **3.**     **Removal Under § 1442(a)**

20         Leslie Controls contends that removal is proper because it satisfies *Mesa*. Plaintiff contends

21   Leslie Controls does not satisfy *Mesa*, because it fails to offer credible evidence demonstrating that

22   it acted at the specific direction of the Navy to omit warnings about the dangers of asbestos exposure.

23       *a.*     *Acts Under the Direction of a Federal Officer*

24         A private party defendant satisfies *Mesa's* first prong – acts under the direction of a federal

25   officer – upon a showing it "assist[ed] or help[ed] to carry out the duties or tasks of a federal superior."

26   *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 127 S.Ct. 2301, 2307 (2007). Such assistance

27   establishes a "special relationship" between the contractor and the federal government involving

28   "subjection, guidance, or control" that is sufficient to support removal. *Id.*, at 2307, 2310.

1      Defendants provide sufficient evidence that Leslie Controls acted under the direction of the

2 federal government. Leslie Controls manufactured valves for Naval vessels, and Rear Adm. Horne

3 testifies that "in each and every instance where Leslie contracted with the [Navy] for the provision of

4 equipment, the [Navy] exercised discretion or control over the design, manufacture, inspection and

5 testing of all such equipment." (Horne Decl. ¶17.) Pursuant to the terms of all contracts between

6 Leslie Controls and the Navy, "the Navy retained authority to direct and control the performance under

7 the terms of the contract." (*Id.*) Moreover, "[t]he Navy had complete control over aspect of each piece

8 of equipment" through detailed specifications that governed the design and manufacturing of the

9 equipment itself, as well as written materials accompanying the equipment, such as operating manuals,

10 safety and hazard information and precautionary labeling. (*Id.* at ¶¶15-16.) Similarly, Mr. Wrobel

11 testifies that the Navy exercised "direction and control" over the design, manufacture, inspection and

12 testing of all equipment. (Wrobel Decl. ¶15.) Navy personnel had the authority to inspect, accept or

13 reject equipment and to halt production if the equipment did not meet the Navy's specifications. (*Id.*

14 at ¶9.) Finally, if the Navy did detect deficiencies in the procured equipment, it "directed and

15 controlled [Leslie Controls] in formulating a response to correct any such deficiencies." (*Id.* at ¶12.)

16      Indeed, these activities occurred in the context of Leslie Controls furnishing and fabricating

17 valves and related equipment for Navy vessels under contract from the 1940s to 1960s. Those vessels

18 were used to perform the Navy's various war and peacetime missions. If Leslie Controls (or any other

19 contractor) had not provided the equipment, the Navy would have had to produce those valves by

20 itself. This "special relationship" is on all fours with the Supreme Court's example in *Watson*:

21      The assistance that private contractors provide federal officers goes beyond simple
     compliance with the law and helps officers fulfill other basic governmental tasks. In

22      the context of [*Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387 (5th Cir.
     1998)], for example, Dow Chemical fulfilled the terms of a contractual agreement by

23      providing the Government with a product that it used to help conduct a war. Moreover,
     at least arguably, Dow performed a job that, in the absence of a contract with a private

24      firm, the Government itself would have had to perform.

25 127 S. Ct. at 2308. Accordingly, this prong is met.

26        *b.*     *Colorable Federal Defense*

27      To meet the second prong of the *Mesa* test, Leslie Controls must show that it has a colorable

28 federal defense. 489 U.S. at 128. A defense may be colorable even if the court ultimately rejects it.

1   *Jefferson County*, 527 U.S. at 431; *see Willingham*, 395 U.S. at 407 (federal "officer need not win his

2   case before he can have it removed"). The government contract defense shields contractors from state

3   tort liability for defects in military equipment supplied to the United States when "(1) the United States

4   approved reasonably precise specifications; (2) the equipment conformed to those specifications; and

5   (3) the supplier warned the United States about the dangers in the use of the equipment that were

6   known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512

7   (1988). The Ninth Circuit clarified *Boyle's* application to failure to warn claims in *Butler v. Ingalls*

8   *Shipbuilding, Inc.*, where it held the defense "inapplicable . . . in the absence of evidence that . . .

9   [defendant] was acting in compliance with reasonably precise specifications imposed on [it] by the

10  United States." 89 F.3d 582, 586 (9th Cir.1996) (quotations omitted).

11          According to Plaintiff, Leslie Controls "must in fact show that as a result of following a

12  directive or order from the government it was prevented from fulfilling its state law duty to warn."

13  (Reply at 4.) Citing *Overly v. Raybestos-Manhattan*, Plaintiff argues that removal is only proper upon

14  a showing that "the government affirmatively instructed it regarding the provision of warnings." 1996

15  WL 532150, *4 (N.D. Cal. 1996). Plaintiff argues Leslie Controls' evidence is insufficient because

16  the declarants fail to identify precise specifications on asbestos warnings. At most, Plaintiff argues

17  Mr. Wrobel's declaration establishes that "at no time did the Navy instruct Leslie Controls *not to warn*

18  of the dangers of asbestos." (*Id.* at 8.)

19          Plaintiff's argument is unavailing. First, the Court notes that *Overly* was decided before

20  *Durham*, and thus, its reasoning is questionable. *Compare Overly*, 1996 WL 532150, *2 ("[federal

21  officer] removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor

22  of remand") *with Durham*, 445 F.3d at 1253 ("when federal officers and their agents are seeking a

23  federal forum, we are to interpret section 1442 broadly in favor of removal"). Second, both *Butler*,

24  89 F.3d at 586 and *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992), state that

25  for the federal contractor defense to apply *on the merits*, a defendant must show that it "act[ed] in

26  compliance with reasonably precise specifications imposed on [it] by the United States." Here, Rear

27  Adm. Horne testifies that "the Navy controlled the decision making with respect to instructions and

28  warnings on every piece of equipment." (Horne Decl. ¶15.) The Navy "determined the nature of

1   hazards to be subject to any precautionary labeling and the content of any such labeling." (*Id.* at ¶16.)

2   Because the Navy "would not, and could not, permit" a contractor to place warnings on any equipment

3   that might interfere with the Navy's mission, and "the Navy dictated every aspect of . . . warnings

4   associated with its ships, it did not permit deviation from any of its contractors." (*Id.* at ¶14.) This

5   testimony is corroborated by Mr. Wrobel, who testifies that the "Navy has precise specifications,

6   practices, and procedures that governed the content of any communication affixed to machinery

7   supplied by Leslie [Controls] to the Navy as shown on approved Navy drawings." (Wrobel Decl. ¶14.)

8   "At no time did the [Navy] instruct Leslie Controls to affix warnings or caution statements regarding

9   asbestos hazards to a piece of equipment intended for installations onto a [Navy] vessel."[2] (*Id.*) The

10   inference to be drawn from this evidence is that Leslie Controls' alleged failure to warn resulted from

11   compliance with the Navy's specifications, which precluded any such warning.

12       Plaintiff attempts to rebut this inference by submitting the Navy's "Uniform Labeling Program

13   for Hazardous Industrial Chemicals and Materials," dated September 24, 1956. ("Uniform Labeling

14   Program," Gardner Decl. Ex. D.) According to Plaintiff, this instruction details labeling for hazardous

15   products supplied to the Navy, and the instruction specifically states that it does not govern the type

16   of labeling required by "State and Federal laws and regulations." (*Id.* at ¶2(a).) Because this program

17   does not trump labels required by state law, Plaintiff argues the Navy did not intend for Leslie Controls

18   to omit all warnings on its products. (Reply at. 7.) However, this instruction does not apply to

19   products containing asbestos, as its stated purpose "is to standardize . . . labeling requirement for

20   hazardous *chemical* products." (Uniform Labeling Program, ¶1.) Plaintiff fails to rebut the inference

21   to be drawn from Leslie Controls' evidence.

22       Leslie Controls also satisfies the last two *Boyle* prongs, *i.e.,* whether its product complied with

23   the Navy's specifications and whether Leslie Controls knew more about asbestos hazards than the

24   Navy. Mr. Wrobel's testimony establishes that the Navy had the authority to reject any equipment that

25   was not up to its specifications. (Wrboel Decl. ¶¶9, 12.) From this, the inference can be drawn that,

26   if Plaintiff was exposed to asbestos from Leslie Controls' valves while on board a Navy vessel, the

27

28      [2] Plaintiff objects to this portion of Mr. Wrobel's testimony under "the best evidence rule," Fed. R. Evid. 1002. However, Mr. Wrobel is not attempting to prove the content of a particular specification; rather his testimony is based on his personal knowledge.

1    valves necessarily met Navy specifications. *Machnik v. Buffalo Pumps Inc.*, 506 F.Supp.2d 99, 103

2    (D. Conn. 2007). Finally, Leslie Controls submits evidence that the Navy's knowledge of the asbestos

3    hazards on board its vessels and in its supply yards was "state-of-the-art" during relevant periods of

4    Plaintiff's alleged exposure. (*See* Declaration of Gerald Kerby, M.D. ¶¶23, 27 and Declaration of

5    Ernani D. Storlazzi ¶¶40-41.) The Navy, according to this evidence, would have known of any

6    dangers that were known to Leslie Controls. *See Nesbiet v. General Electric Co.*, 399 F.Supp.2d 205,

7    212 (S.D.N.Y. 2005). The Court concludes Leslie Controls has presented a colorable federal defense

8    sufficient for purposes of removal.

9              *c.      Causal Nexus*

10            Finally, to show the existence of a "causal nexus," Leslie Controls must show that Plaintiff's

11   claims "[arose] out of the acts done by [the defendant] under color of federal authority." *Mesa*, 489

12   U.S. at 131-32. Plaintiff's claims against Leslie Controls pertain to the warnings (or lack thereof)

13   affixed to valves produced pursuant to strict Naval specifications. Any warnings promulgated (or not

14   promulgated) with respect to the valves were governed by those specifications and "the Navy did not

15   permit contractors to deviate from any of its specifications." (Opp. at 13.) Nevertheless, Plaintiff

16   argues that the causal nexus is not met because Leslie Controls fails to show any conflict between the

17   Navy's specifications and state law, as required by *Boyle*. (Mot. at 16.) Assuming such a conflict is

18   necessary to this analysis, it is plain that "the Navy's control over warnings directly interfered with

19   [Leslie Controls'] ability to fulfill its state law obligation to warn about the dangers of asbestos."

20   *Nesbiet*, 399 F.Supp.2d at 212. Accordingly, Leslie Controls has established a sufficient causal nexus

21   for purposes of this motion.

22   **C.      Conclusion**

23            The Court finds that Leslie Controls has met its burden to remove this action. Accordingly,

24   Plaintiff's motion to remand is DENIED.

25   **IT IS SO ORDERED.**

26   DATED:  March 25, 2009

27

28                                                      _____
                                                        HON. DANA M. SABRAW
                                                        United States District Judge

09-cv-0101

**Exhibit "C"**

1  MICHAEL PIETRYKOWSKI  (SBN 118677)
   MPIETRYKOWSKI@GORDONREES.COM
2  JAMES SCADDEN (SBN 90127)
   JSCADDEN@GORDONRESS.COM
3  GLEN R. POWELL (SBN 219453)
   GPOWELL@GORDONREES.COM
4  GORDON & REES LLP
   Embarcadero Center West
5  275 Battery Street, Suite 2000
   San Francisco, CA 94111
6  (415) 986-5900
   (415) 986-8054
7
   Attorneys for Defendant
8  LESLIE CONTROLS, INC.

9

10               UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  WILLIAM H. DAWSON and RITA M.      )   CASE NO.3:09-cv- 00903 (EDL)
    DAWSON,                            )
14                                     )
                       Plaintiffs,     )
15                                     )   **LESLIE CONTROLS, INC.'S**
           v.                          )   **JOINDER IN GENERAL**
16                                     )   **ELECTRIC COMPANY'S**
    CBS CORPORATION, a Delaware        )   **NOTICE OF REMOVAL**
17  corporation, f/k/a VIACOM, INC.,   )
    successor by merger to CBS         )
18  CORPORATION, a Pennsylvania        )
    corporation, f/k/a WESTINGHOUSE    )
19  ELECTRIC CORPORATION; B.F.         )
    STURTEVANT CO. and WESCO           )
20  CORPORATION; FOSTER WHEELER,       )
    LLC; GENERAL ELECTRIC              )
21  COMPANY; LESLIE CONTROLS,          )
    INC.; VIAD CORPORATION,            )
22  individually and as successor in interest )
    to GRISCOM-RUSSELL COMPANY;        )
23  WARREN PUMPS LLC; and DOES 1-      )
    500, inclusive,                    )
24                                     )
                       Defendants.     )
25                                     )

26

27

28
                                      1
─────────────────────────────────────────────────────────

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

## I.    **INTRODUCTION**

The Notice of Removal filed by defendant General Electric Company was appropriate, with the same authorities and logic applying equally to LESLIE CONTROLS, INC. ("LESLIE").  Defendant LESLIE, hereby joins in and incorporates by reference as though fully set forth herein the points and authorities relied upon in Defendant General Electric Company's Notice of Removal.

## II.    **FACTS**

In the Complaint, Plaintiff WILLIAM H. DAWSON (Plaintiff) alleges he was exposed to asbestos containing products manufactured by a number of defendants, including Leslie Controls, while serving as an engineman in the U.S. Navy from 1958 until 1978, aboard the USS GENESSEE (AOG-8), the USS BACHE (DD-470), the USS PROTEUS (AS-19) and the USS HUNLEY (AS-31). Plaintiff also claims exposure to asbestos containing products while assigned to the Puget Sound Naval Shipyard/Bremerton Navy Yard.  (A true and correct copy of the Summons and Complaint is attached as **Exhibit 1** to this Joinder in General Electric Company's Notice of Removal.)

## III.    **ARGUMENT**

Any equipment manufactured for the U.S. Navy by Leslie Controls to be used aboard U.S Naval vessels or in a Naval shipyard was manufactured under the direction and control of a federal officer.  (See, generally, Declaration of Ret. Adm. Roger Horne, **Exhibit 2** and the Declaration of Matthew Wrobel, **Exhibit 3**.) Leslie Controls manufactured and designed equipment sold to the Navy according to the precise, detailed specifications of the U.S. Navy.  The United States Navy enforced compliance with those design specifications and no aspect of the design of that equipment escaped the close control of the United States Navy and its officers, including all aspects of warnings associated with the equipment.  (*Id.*)

LESLIE CONTROLS, INC.S JOINDER IN GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL– CASE NO. 3:09-cv- 00903 (EDL)

1    Accordingly, Leslie Controls was acting under an officer or agent of the United

2    States within the meaning of 28 U.S.C. § 1442(a)(1).

3        In addition, Leslie refers this court to the following recent authorities which

4    advise that the federal officer removal statute is to be interpreted broadly in favor

5    of removal.

6        In 2006, the Ninth Circuit unequivocally stated in *Durham v. Lockheed*

7    *Martin Corporation,* 445 F. 3d 1247, 1252 (9th Cir. 2006) (citations omitted) that

8    "the Supreme Court has mandated a generous interpretation of the federal officer

9    removal statute . . . [and] has held that the right of removal is absolute for conduct

10   performed under color of federal office, and has insisted that the policy favoring

11   removal should not be frustrated by a narrow, grudging interpretation of

12   *§ 1442(a)(1).*"  In light of the *Durham* court's ruling, several California federal

13   district courts have recently held that they are required to interpret § 1442 broadly

14   in favor of removal where a manufacturer of equipment demonstrates that it acted

15   under the direction of a federal officer, raises a colorable federal defense to

16   Plaintiffs' claims and establishes a causal connection between its alleged action

17   under the control of a federal officer and Plaintiffs' claims. *See Ballenger v. Agco*

18   *Corporation,* 2007 WL 1813821 (N.D. Cal. June 22, 2007) (a copy of Judge

19   Wilken's Order is attached as **Exhibit 4**); *Nelson v. Alfa Laval, Inc.* et al, CV 07-

20   8338VBF(RCx) (a copy of Judge Fairbank's Order is attached as **Exhibit 5**);

21   *Wright v. A.W Chesterton, Inc.,* CV 07-05403MJJ (a copy of Judge Jenkin's Order

22   is attached as **Exhibit 6**); *Oberstar v. CBS Corp.,* CV 08-118PA (JWJx) (a copy of

23   this order is attached as **Exhibit 7**).

24       Like defendant General Motors Company, Leslie may also assert a federal

25   officer defense pursuant to the declaration of Matt Wrobel filed and served

26   concurrently herewith.  Matthew Wrobel as a corporate representative of LESLIE

27   attests to his own personal experience of the extensive direction and control

28   exercised by the US Navy in regards to equipment suppliers such as LESLIE.  This

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  declaration and the declaration of Ret. Admiral Roger Horne leave no question that

2  the US Navy directed and controlled ALL of the activities of LESLIE vis-a – vis

3  its contracts to provide equipment for use on US Navy warships and in Naval

4  shipyards.

5  IV.   **CONCLUSION**

6       Accordingly, for the reasons set forth above and in the Notice of Removal of

7  General Electric Company, the removal of this case to federal court was

8  appropriate.

9  Dated:  March 4, 2009                    GORDON & REES, LLP

10

11                                          By: _____
                                            GLEN R. POWELL
12                                          Attorneys for Defendants
                                            LESLIE CONTROLS, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

LI CO 1056098 63777)0v.1

4

Re:    William H. Dawson, et al. v. CBS Corporation, et al.

   United States District Court – Northern District No. 3:09-cv-00903 (EDL)

1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and
not a party to the within action.  My business address is: Gordon & Rees LLP 275
3    Battery Street, Suite 2000, San Francisco, CA  94111.  On **March 4, 2009**, I served
the within documents:

4

5

## LESLIE CONTROLS, INC.'S JOINDER IN GENERAL ELECTRIC
6 ## COMPANY'S NOTICE OF REMOVAL

7

   ☒    by electronically serving the document(s) described above via United States District
8         Court Electronic Case Filing website (CM/ECF notification system) on the recipients
          designated on the electronic service list that is located on the Pacer website.

9

10       I declare under penalty of perjury under the laws of the State of California
11    that the above is true and correct.  Executed on **March 4, 2009**, at San Francisco,
California.

12

13

14                                                    _Samantha Oryall_
15                                                    Samantha Oryall

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

LLCO 1056098/6399078v.1

**Exhibit "D"**

1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    CHARLES T. SHELDON (Bar No. 155598)
2   charles.sheldon@sdma.com
    KATHERINE P. GARDINER (Bar No. 215542)
3   katherine.gardiner@sdma.com
4   One Market Plaza
    Steuart Tower, 8th Floor
5   San Francisco, California 94105
    Telephone: (415) 781-7900
6   Facsimile: (415) 781-2635

7

8   Attorneys for
    GENERAL ELECTRIC COMPANY

9

                 UNITED STATES DISTRICT COURT
10
             NORTHERN DISTRICT OF CALIFORNIA
11

12   WILLIAM H. DAWSON and RITA M.      CASE NO.  C 09-00903 WHA
    DAWSON,                            **ORDER**
13                                ~~[PROPOSED ORDER]~~ **GRANTING**
           Plaintiffs,             **DEFENDANT GENERAL ELECTRIC**
14                                **COMPANY'S MOTION TO STAY ALL**
           v.                     **PROCEEDINGS PENDING A DECISION**
15                                **ON TRANSFER BY THE JUDICIAL**
    CBS CORP., et al.,                 **PANEL ON MULTIDISTRICT**
16                                **LITIGATION**
           Defendants.
17

18                              Hearing Date:    ~~May 7, 2009~~
                             Time:         ~~8:00 am~~
19                              ~~Department:~~    9
                             ~~Judge:~~       Hon. William H. Alsup
20                  is deemed submitted on the papers
       This matter ~~came on regularly for hearing on May 7, 2009, in Department 9 of the above-~~

21    ~~entitled Court, with counsel for plaintiffs and for defendants appearing~~.  Based on the papers

22    filed herein~~, and upon hearing of oral argument~~, and for good cause shown:

23         IT IS ORDERED that GE's Motion to Stay All Proceedings is GRANTED.

24         All proceedings in this asbestos action are hereby stayed, pending a decision on transfer

25    by the Judicial Counsel on Multi-District Litigation.    The hearing scheduled for May 7, 2009
    on pending motions is **VACATED**.
26    Dated: April 28, 2009

27

28                                             William H. Alsup

IT IS SO ORDERED
Judge William Alsup

1

## PROOF OF SERVICE

2    I am a resident of the State of California, over the age of eighteen years, and not a party to the
3    within action.   My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market
     Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105.  On the date executed below, I
4    electronically served the document(s) via U.S. District Court – Northern District of California
     ECF website described as:

5

6    **NOTICE OF LODGING [PROPOSED] ORDER GRANTING DEFENDANT GENERAL
     ELECTRIC COMPANY'S MOTION TO STAY ALL PROCEEDINGS PENDING A
7    DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT
     LITIGATION**

8

9    **[PROPOSED ORDER] GRANTING DEFENDANT GENERAL ELECTRIC
     COMPANY'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON
10   TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

11   on the recipients designated on the Transaction Receipt located on the U.S. District Court –
     Northern District of California ECF website.
12

13        I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct.  Executed on March 30, 2009, at San Francisco, California.

14

15                                                             Christine P. Tapang

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit "E"**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Richard A. Brody, Esq. (SBN 100379)    415-489-7420
Brent Coon & Associates
44 Montgomery Street, Suite 800
San Francisco, CA 94104

ATTORNEY FOR (Name): Plaintiffs Johnie D. Pelfrey, Jr.,

Insert name of court and name of judicial district and branch court, if any:
Alameda County Superior Court of CA
Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Plaintiffs Johnie D. Pelfrey, Jr., et al.
DEFENDANT/RESPONDENT: Allied Packing & Supply, Inc., et al.

**ORIGINAL**

**FILED**
ALAMEDA COUNTY
FEB 27 2009
CLERK OF THE SUPERIOR COURT
By M. Hayes
Deputy

*7376322*

## REQUEST FOR DISMISSAL

CASE NUMBER: RG-09-431218

[X] Personal Injury, Property Damage, or Wrongful Death
[ ] Motor Vehicle   [X] Other Asbestos
[ ] Family Law
[ ] Eminent Domain
[ ] Other (specify):

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice   (2) [X] Without prejudice
   b. (1) [X] Complaint   (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                on (date):
      (4) [ ] Cross-complaint filed by (name):                on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify):* As to Defendant Leslie Controls, Inc., ONLY.  Each side to bear its own costs of suit.

Date: February 27, 2009

Richard A. Brody, Esq. (SBN 100379)
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

Attorney or party without attorney for:
[X] Plaintiff/Petitioner   [ ] Defendant/Respondent   [ ] Cross - complainant

* If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent   [ ] Cross - complainant

** If a cross-complaint or Response (Family Law) seeking affirmative relief is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

(To be completed by clerk)
3. [X] Dismissal entered as requested on (date): FEB 27 2009
4. [ ] Dismissal entered on (date):                as to only (name):
5. [ ] Dismissal not entered as requested for the following reasons (specify):
6. [ ] a. Attorney or party without attorney notified on (date):
       b. Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to conform   [ ] means to return conformed copy

Date: FEB 27 2009     Clerk, by M. Hayes , Deputy

Page 1 of 1

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Legal Solutions Plus

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390

# Exhibit "F"

1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    CHARLES T. SHELDON (Bar No. 155598)
2   charles.sheldon@sdma.com
    KATHERINE P. GARDINER (Bar No. 215542)
3   katherine.gardiner@sdma.com
    One Market Plaza
4   Steuart Tower, 8th Floor
    San Francisco, California 94105
5   Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
6

7
    Attorneys for
8   GENERAL ELECTRIC COMPANY

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  JOHNIE D. PELFREY and JAN D.          CASE NO.  C 09-00902 EMC
    PELFREY,
13                                        NOTICE OF LODGING [PROPOSED]
              Plaintiffs,                 ORDER GRANTING DEFENDANT
14                                        GENERAL ELECTRIC COMPANY'S
         v.                               MOTION TO STAY ALL PROCEEDINGS
15                                        PENDING A DECISION ON TRANSFER
    FOSTER WHEELER, LLC, et al.,          BY THE JUDICIAL PANEL ON
16                                        MULTIDISTRICT LITIGATION
              Defendants.
17

18       Defendant GENERAL ELECTRIC COMPANY (hereinafter "GE") hereby lodges with

19  the Court, in connection with GE's Motion to Stay All Proceedings Pending Transfer By the

20  Judicial Panel on Multidistrict Litigation, the following proposed order granting GE's Motion.

21  DATED: March 12, 2009          SEDGWICK, DETERT, MORAN & ARNOLD LLP

22
                                   By:  _____
23                                        Katherine P. Gardiner
                                          Attorneys for Defendant
24                                        GENERAL ELECTRIC COMPANY

25

26

27

28

SF/1575925v1                              -1-
            ORDER GRANTING MOTION TO STAY ALL PROCEEDINGS  CASE NO.  C 09-00902 EMC

1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    CHARLES T. SHELDON (Bar No. 155598)
2   charles.sheldon@sdma.com
    KATHERINE P. GARDINER (Bar No. 215542)
3   katherine.gardiner@sdma.com
4   One Market Plaza
    Steuart Tower, 8th Floor
5   San Francisco, California 94105
    Telephone: (415) 781-7900
6   Facsimile: (415) 781-2635

7

8   Attorneys for
    GENERAL ELECTRIC COMPANY

9

                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  JOHNIE D. PELFREY and JAN D.            CASE NO.  C 09-00902 ~~EMC~~  MHP
    PELFREY,
13                                          [PROPOSED ORDER] GRANTING
            Plaintiffs,                     DEFENDANT GENERAL ELECTRIC
14                                          COMPANY'S MOTION TO STAY ALL
        v.                                  PROCEEDINGS PENDING A DECISION
15                                          ON TRANSFER BY THE JUDICIAL
    FOSTER WHEELER, LLC, et al.,            PANEL ON MULTIDISTRICT
16                                          LITIGATION
            Defendants.
17
                                            Hearing Date:   April 22, ~~2009~~
18                                          Time:           ~~10:30 am~~
                                            Department:     C
19                                          Judge:          Hon. Edward M. Chen
                                                       is deemed submitted on the papers.
20      This matter ~~came on regularly for hearing on April 22, 2009, in Department C of the~~

21  ~~above-entitled Court, with counsel for plaintiffs and for defendants appearing.~~  Based on the

22  papers filed herein, and upon hearing of oral argument, and for good cause shown:

23      IT IS ORDERED that GE's Motion to Stay All Proceedings is GRANTED.

24      All proceedings in this asbestos action are hereby stayed, pending a decision on transfer

25  by the Judicial Counsel on Multi-District Litigation.

26  Dated:   4/10/2009

27

28
                                                        IT IS SO ORDERED

                                                        Judge Marilyn H. Patel

**PROOF OF SERVICE**

1

2  I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market
3  Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105.  On the date executed below, I
electronically served the document(s) via U.S. District Court – Northern District of California
4  ECF website described as:

5

**NOTICE OF LODGING [PROPOSED] ORDER GRANTING DEFENDANT GENERAL**
6  **ELECTRIC COMPANY'S MOTION TO STAY ALL PROCEEDINGS PENDING A**
**DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT**
7  **LITIGATION**

8
**[PROPOSED ORDER] GRANTING DEFENDANT GENERAL ELECTRIC**
9  **COMPANY'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON**
**TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
10

11  on the recipients designated on the Transaction Receipt located on the U.S. District Court –
Northern District of California ECF website.
12

13      I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.  Executed on March 13, 2009, at San Francisco, California.
14

15                                                              Christine P. Tapang

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA  94111.  On **May 7, 2009**, I served the within document(s):

3

4     **DECLARATION OF KRISTINE M. GLOVER IN SUPPORT OF LESLIE CONTROLS, INC.'S OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-320)**

5

6     ☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

7     ☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

8

9     ☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

10

11     # See attached List of Counsel

12     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **May 7, 2009** at San Francisco, California.

13

14

15

*Samantha Oryall*

16     Samantha Oryall

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

RECEIVED
CLERK'S OFFICE
2009 MAY -8  A 10: 11
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

LECO/1055409/6645012v.1

Virginia Alfonso v. Permobil AB, et al.
Contra Costa County Superior Case No.  MSC06-00835

In Re:  Asbestos Products Liability Litigation (No. VI)                MDL No. 875

Southern District - *Michael E. Jenkins v. Allied Packing & Supply, et al.*
C.A. No. 3:09-101 (Judge Dana M. Sabraw)

Northern District – *William H. Dawson, et al. v. CBS Corp., et al.*
C.A. No. 3:09-903 (Judge Elizabeth D. Laporte)
Northern District – *Johnnie D. Pelfrey, Jr. et al. v. Allied Packing & Supply, et al.*
C.A. 3:09-00902

# LIST OF COUNSEL

| | |
|---|---|
| Peter G. Angelos<br>LAW OFFICES OF PETER G. ANGELOS PC<br>One Charles Center<br>100 North Charles Street, 22nd Floor<br>Baltimore, MD 21201 | John D. Cooney<br>COONEY & CONWAY<br>120 North LaSalle Street, Suite 3000<br>Chicago, IL 60602 |
| Julie R. Beaton<br>KUTAK ROCK<br>18201 Von Karman Avenue, Suite 1100<br>Irvine, CA 92612 | Stephanie A. Hingle<br>KUTAK ROCK LLP<br>515 South Figueroa Street, Suite 1240<br>Los Angeles, CA 90071 |
| Thomas A. Packer<br>GORDON & REES LLP<br>275 Battery Street, 20th Floo<br>San Francisco, CA 94111 | Guillermo Escobedo<br>GORDON & REES LLP<br>101 West Broadway, Suite 2000<br>San Diego, CA 92101 |
| Don Willenburg<br>Glen R. Powell<br>GORDON & REES LLP<br>275 Battery Street, 20th Floo<br>San Francisco, CA 94111 | Kevin M. Jordan<br>BAKER BOTTS LLP<br>910 Louisiana<br>One Shell Plaza<br>Houston, TX 77002 |
| Russell W. Budd<br>BARON & BUDD<br>3102 Oaklawn Avenue, Suite 1100<br>Dallas, TX 75219 | Steven K. Hwang<br>PERKINS & COIE<br>1620 26th Street, 6th Floor<br>Santa Monica, CA 90404 |
| Kevin D. Jamison<br>Francis D. Pond<br>POND NORTH LLP<br>350 South Grand Avenue, Suite 2850<br>Los Angeles, CA 90071 | Roger B. Lane<br>LANE & GOSSETT<br>1601 Reynolds Streets<br>Brunswick, GA 31520 |

| | |
|---|---|
| Dennis M. Young<br>FOLEY & MANSFIELD PLLP<br>1111 Broadway, 10th Floor<br>Oakland, CA 94607 | Peter B. Langbord<br>FOLEY & MANSFIELD PLLP<br>150 South Los Robles Avenue, Suite 400<br>Pasadena, CA 91101 |
| Paul Kalish<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | Carie Lin<br>COOLEY MANION JONES HAKE<br>201 Spear Street, Suite 1800<br>San Francisco, CA 94105 |
| Steven Kazan<br>KAZAN MCCLAIN ABRAMS FERNANDEZ<br>171 12th Street, 3rd Floor<br>Oakland, CA 94607 | William F. Mahoney<br>SEGAL MCCAMBRIDGE SINGER<br>233 South Wacker Drive. Suite 5500<br>Chicago, IL 60606 |
| Maureen L. King<br>BARG COFFIN LEWIS & TRAPP LLP<br>350 California Street, 22nd Floor<br>San Francisco, CA 94104 | Robert C. Malaby<br>MALABY & BRADLEY<br>150 Broadway, Suite 600<br>New York, NY 10038 |
| Peter A. Kraus<br>WATERS & KRAUS LLP<br>3219 McKinney Avenue, Suite 3000<br>Dallas, TX 75204 | John P. McShea<br>MCSHEA TECCE PC<br>Mellon Bank Center<br>1717 Arch Street, 28th Floor<br>Philadelphia, PA 19103 |
| David C. Landin<br>HUNTON & WILLIAMS<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Philip McWeeny<br>Yakov Paul Wiegmann<br>SCHIFF HARDIN LLP<br>One Market Plaza, 32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 |
| Thomas Jeffery Moses<br>BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, ca 94105 | Michael P. Thornton<br>THORNTON & NAUMES LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Stephen Robert Onstot<br>WALSWORTH FRANKLIN BEVINS & MCCALL<br>633 West 5th Street, 28th Floor<br>Los Angeles, CA 90071 | Walter G. Watkins, Jr.<br>MORMAN PERRY WATKINS KRUTZ & TARDY<br>P.O. Box 22608<br>Jackson, MS 39225 |
| Janet W. Black<br>WARD BLACK PA<br>208 West Wendover Avenue<br>Greensboro, NC 27401 | Richard A. Brody<br>Dee Dee Stephens<br>BRENT COON & ASSOCIATES<br>44 Montgomery Street, Suite 800<br>San Francisco, CA 94104 |

| Katherine Paige Gardiner | Joseph F. Rice |
|---|---|
| SEDGWICK DETERT MORAN & ARNOLD | MOTLEY RICE LLC |
| One Market Plaza, 8th Floor | 28 Bridgeside Blvd. |
| San Francisco, CA 94105 | Mount Pleasant, SC 29464 |