**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 19 2009

FILED
CLERK'S OFFICE

)
)   **MDL Docket No. 875**
)
)
**IN RE:**             )
)
**ASBESTOS PRODUCTS LIABILITY**   )
**LITIGATION (No. VI):**        )
)
)
)
)
)
)
)
)
)

This Document Relates to:
DORIS STALLARD v. FOSTER WHEELER
CORPORATION, ET AL., Civil Action No.
2:09-cv-00504-WJM-MF

**PLAINTIFF DORIS STALLARD'S
MOTION TO VACATE CONDITION
TRANSFER ORDER (CTO-321); BRIEF
IN SUPPORT THEREOF**

PLEADING NO. 5845

**Plaintiff Doris Stallard's
Motion to Vacate Conditional Transfer Order (CTO-321)**

1.      Doris Stallard, Administratrix of the Estate of Emory Stallard (Doris Stallard), is the plaintiff in the action Doris Stallard Administratrix of the Estate of Emory Stallard v. Foster Wheeler Corporation, et al., Case No. 2:09-cv-00504-WJM-MF (D.N.J.) (hereinafter "Stallard Action"), which is identified as a "tag-along case" in the schedule of district court civil actions subject to CTO-321, issued by the Judicial Panel on Multidistrict Litigation ("Panel") on April 17, 2009.

2.      Doris Stallard hereby moves the Panel to vacate the above-referenced conditional transfer order as it applies to the Stallard Action on the grounds that such action does not meet the required criteria for transfer and consolidation set forth in 28 U.S.C. § 1407.

3.      Specifically, resolution of Doris Stallard's pending Remand Motion by the Transferee Court will result in no significant savings of judicial resources, because jurisdictional arguments raised therein differ materially from this raised by other plaintiffs currently before the Transferee Court.  Second, even if the Stallard Action is not remanded to state court, the

**OFFICIAL FILE COPY**

IMAGED MAY 19 2009

likelihood of inconsistent pretrial rulings and duplicative discovery is minimal, because

discovery regarding the few questions of fact shared with other cases involving asbestos already

has largely been completed in the prior proceedings and can be made available to all parties.

    4.      This Motion is based on the attached Brief in support thereof, certification from

Plaintiff's counsel, Lynne Kizis, Esq., the files, pleadings, and documents on file with the Panel,

and upon such further documentary and oral evidence as may be presented in the hearing on this

matter.

    5.      Wherefore, Doris Stallard respectfully requests that the Panel:

        A.      Vacate the Conditional Transfer Order as it applies to the Stallard

             Action;

        B.      Schedule Oral Argument on this Motion; and

        C.      Grant such other relief as the Court deems just and proper.

                 Respectfully submitted,

Lynne Kizis
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, New Jersey 07095
Tel: (732) 636-8000
Fax: (732) 726-4752

Attorneys for Plaintiff

Dated: May 18, 2009

**Brief In Support of Doris Stallard's Motion to Vacate
Conditional Transfer Order (CTO-321)**

**I.    Factual and Procedural Background**

Decedent, Emory Stallard, died from malignant mesothelioma
and other serious asbestos related diseases on October 21, 2004.
Plaintiff properly served Defendant, Foster Wheeler, with its
Summons and Complaint on, or about, April 21, 2005.  Plaintiff
then served Foster Wheeler with an Amended Complaint on
February 13, 2008.  Both complaints named the defendant and
described in detail the type of work performed by Mr. Stallard
which led to his demise.  As is often the situation in asbestos
cases, a detailed work history is impossible at this early stage
of the case because the victim is deceased, the jobsites are
numerous, and many years have passed since the causative events
occurred.

Subsequent discovery by Plaintiff revealed that
Mr. Stallard worked on the construction of the U.S.S. Kitty Hawk
during the years 1957 and 1958.  During his employment at New
York Shipbuilding in Camden, New Jersey, Mr. Stallard installed
asbestos in and around boilers manufactured by Foster Wheeler.
These facts were conveyed to Foster Wheeler in the Plaintiff's
responses to the Standard Part I Middlesex County Asbestos
Interrogatories and Wrongful Death Interrogatories.

#3875461

Upon receipt of this information, Foster Wheeler filed for the removal of the action to the Federal District Court of New Jersey.  Foster Wheeler's sole basis for the removal of this matter is its claim that it was acting under an officer or agency of the United States.  Thus, Defendant seeks removal under 28 U.S.C. § 1442(a)(1) (hereinafter "Federal Officer Removal Statute").  That statute in pertinent part reads:

> A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States . . .The United States or any agency thereof or any officer (*or any person acting under that officer*)

28 U.S.C. § 1442(a)(1) (emphasis added).

On March 5, 2009, Plaintiff filed its Motion to Remand, with supporting briefs and documents, in a timely fashion with the District Court of New Jersey. Plaintiff has argued that the Federal officer stature does not apply to Foster Wheeler. In response to Plaintiff's motion to remand this action to the Superior Court of New Jersey, Law Division – Middlesex County, Defendant, Foster Wheeler, filed its opposition papers with the District Court of New Jersey on March 11, 2009. The Court's ruling on plaintiff's Motion for Remand is currently pending.

## II.   Legal Argument

### A.   The Panel lacks jurisdiction because Foster Wheeler was not acting under an officer or Agency of the United States as defined by 28 U.S.C. § 1442(a)(1)

The condition transfer order transferring the Stallard Action to MDL No. 875 should be vacated because there is no justification for a case lacking federal jurisdiction to be transferred to the MDL.  Foster Wheeler has not met the elements to qualify for federal officer removal jurisdiction, the only basis for federal jurisdiction that it claims. Since Foster Wheeler has failed to provide grounds for federal jurisdiction, it is not entitled to have this matter transferred to the MDL.

Foster Wheeler's argument for federal jurisdiction is lacking on several grounds. The factual information relied on by Foster Wheeler does not apply to this Plaintiff and as a result its argument does not satisfy the basic elements of the Federal Officer Removal Statute.  Furthermore, its argument against remand ignores the heightened burden imposed on a removing private party when that party seeks refuge under the Federal Officer Removal Statute.  In support of this position, Plaintiff incorporates in full the legal arguments she made in her Motion for Remand and supporting documents.

#3875461

1.   **Transfer to the MDL is improper because the Federal Officer Removal Statute does not apply in the present instance.**

The facts of this case demonstrate the flaws in Foster Wheeler's argument for federal jurisdiction.  Plaintiff, Doris Stallard, initiated this suit on June 14, 2006 after her husband, Emory Stallard, died from malignant mesothelioma and other serious asbestos related diseases.  Subsequent discovery revealed that Mr. Stallard, a civilian, was exposed to asbestos dust while installing and working with Defendant's boilers on the U.S.S. Kitty Hawk during the years 1957 and 1958.

The fact that Mr. Stallard was a civilian seems to be lost in Foster Wheeler's opposition papers to Plaintiff's Motion for Remand. In fact, in its Memorandum of Law in opposition to Plaintiff's remand motion, Foster Wheeler states:

> [t]he Amended Complaint alleges that the decedent, Emory Stallard ("Stallard" or "Decedent"), was exposed to asbestos *while serving in the United States Navy* ("Navy").

*Def. Foster Wheeler Corp. Mem. Of Law* at 2.  (emphasis added) This statement is incorrect.  Plaintiff has not alleged that decedent was exposed to asbestos while "serving in the United States Navy." As specified in Plaintiff's answers to Interrogatories, Decedent was employed at New York Shipbuilding when he was exposed to asbestos while working with Defendant's boilers.

#3875461

Ms. Stallard contends that her husband's mesothelioma was caused by Foster Wheeler's failure to provide proper warnings regarding its boilers.  Foster Wheeler did not warn, nor did it attempt to warn, Mr. Stallard of the risk of developing mesothelioma or other asbestos related diseases associated with the use of asbestos containing products - a risk Foster Wheeler readily admits was knowable as early as the 1940's. *Def. Foster Wheeler Corp. Mem. Of Law* citing Affidavit of Lawrence Stilwell Bets at ¶¶ 16 - 19.  Despite this readily available knowledge, Foster Wheeler did not advise, nor did it attempt to advise, Mr. Stallard to use masks and other equipment that would have prevented his inhalation of asbestos fibers.  The inhalation of these asbestos fibers ultimately caused Mr. Stallard's demise.

Even assuming, arguendo, that Foster Wheeler was absolutely prohibited from placing any warnings on its boilers by the Navy, they could have easily advised Mr. Stallard's employer, who could have then conveyed this information to him, thereby preventing his death.  Alternatively, Foster Wheeler could have just as easily provided Mr. Stallard with literature about the risks associated with asbestos exposure or placed signs nearby the construction site.  These are just a few of the several options that were available to Foster Wheeler.  Foster Wheeler has submitted no information indicating any one of these simple

precautionary efforts were taken, attempted to be taken, or prohibited by the U.S. Navy.

In support of its position, Foster Wheeler incorrectly states that it is entitled to removal because these omissions were performed pursuant to directions of a federal officer. Foster Wheeler has not offered evidence to support this statement.  It has not offered any documents or testimony to support the proposition that the U.S. Navy actively prevented Foster Wheeler from offering warnings, through any reasonable method, to civilians using its products.

Instead, Foster Wheeler has only provided documents that the Navy exercised some control over the specifications of the boilers manufactured by Defendant.  This offering is insufficient and is not applicable to this case.  Nothing in the statements provided by Foster Wheeler indicate that the U.S. Navy specifically prohibited Foster Wheeler from communicating the risks of asbestos either directly to those exposed to its product or indirectly by communicating those risks to known employers.

Without demonstrating that the U.S. Navy imposed such restrictions, Foster Wheeler cannot support its claim for removal.  Failing to produce any such information Foster Wheeler cannot show that it omitted warnings at the direction of a official federal authority.  Unable to make this showing, Foster

Wheeler cannot demonstrate a casual nexus between the claims and the conduct performed under color of a federal office either.

> **2.  Remand is proper because Foster Wheeler fails to meet the heightened burden imposed on it by law.**

Foster Wheeler has failed to meet the requisite heightened burden necessary for federal jurisdiction of this matter.  The District Court of New Jersey has previously held that private party defendants must carry a heightened burden because "the policy reasons for generally favoring removal and the existence of federal jurisdiction under section 1442 are not applicable" to those parties.  *Orthopedic Specialists of New Jersey PA v. Horizon Blue Cross/Blue Shield of New Jersey*, 518 F. Supp. 2d. 128, 133 (D.N.J. 2007) (quoting *Dep't of Envtl. Prot. v. Dixo Co.*, 2006 U.S. Dist. LEXIS 68288, *2 (D.N.J. Sept. 22, 2006) and citing by reference *N.J. Dept. of Envtl. Protection v. Exxon Mobil Corp.*, 381 F. Supp. 2d 398, 403 n.5 (D.N.J. 2005) (emphasis added).  Thus, "[w]hen, as here, a private party is seeking removal under section 1442(a)(1), the party 'bear[s] a special burden of establishing the official nature of [its] activities."  Id.  (emphasis added).

While Plaintiff agrees that Foster Wheeler does not have to prove its case at this stage of proceedings, it none the less must fulfill this burden.  Foster Wheeler has not done so because it has failed to demonstrate that the U.S. Navy

prohibited it from issuing warnings regarding its products to civilians.  Thus, Foster Wheeler is not able to demonstrate that it meets the requirements necessary to seek refuge in the Federal Officer Removal Statute. Unable to do so, Foster Wheeler has not provided a sufficient basis for a transfer of this matter to the MDL.

**B.      Transfer to the MDL is improper because the transfer would not further the just and efficient conduct of the litigation and would inconvenience parties and witnesses.**

Even if plaintiff's motion for remand is denied, the conditional transfer of the Stallard Action to MDL No. 875 should be vacated because transfer would neither further the just and efficient conduct of the litigation on common questions of fact or law, nor serve the convenience of parties and witnesses who are located in the State of New Jersey. This matter does not meet the statutory factors necessary to uphold the conditional transfer of an alleged tag along action.

The statutory factors considered by the Panel in deciding whether to uphold the conditional transfer order are: (1) whether there are common questions of fact between the alleged tag-along action and existing MDL cases; (2) whether transfer would serve the convenience of parties and witnesses; and (3) whether transfer would serve the just and efficient conduct of the actions. 28 U.S.C. § 1407; *In re Managed Care Litig.*, 246 F.

#3875461

Supp 2d 1363, 1364 (JPML 2003). The panel has held that all three criteria must be met to justify transfer. *In re Highway Acc Near Rockville, Connecticut on December 30, 1972*, 388 F. Supp. 574,575 (JPML 1975).

Transfer of the instant matter to the MDL would not serve the just and efficient conduct of the action. In analyzing whether transfer would serve the just and efficient conduct of actions under section 1407, the Panel primarily considers whether the transfer and consolidation will avoid duplicative discovery and inconsistent pretrial rulings. See, e.g., *In re TMJ Implants Products Liability Litig.*, 844 F. Supp. 1553, 1554 (JPML 1994).

The Stallard Action is inappropriate for MDL treatment because resolution of Stallard's Remand Motion by an MDL court will not conserve judicial resources. Jurisdictional arguments raised therein differ materially from those raised by plaintiffs currently before the Transferee Court. Since the underlying legal arguments raised in Stallard's Remand Motion are different, the risk of inconsistent rulings absent transfer, as well as any perceived judicial savings, is illusory. See *Board of Trustees v. Worldcom*, 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002) (holding "when remand motions in cases potentially subject to MDL consolidation raise unique questions of law or fact, channeling the decisions to a single court would result in

little of no savings of judicial resources.")  As a result, there is nothing but delay to be gained from transferring this matter since the District Court of New Jersey is at least as capable of deciding the unique issues raised in Stallard's Remand Motion in an expeditious manner.

Furthermore, the transfer of this matter would create the exact harms that the Panel seeks to avoid through the MDL process.  Transferring the matter is unnecessary because substantial discovery has already taken place at the State Court level. In fact this matter was scheduled for trial prior to Foster Wheeler's Motion for Removal. Therefore, allowing this transfer could potentially cause rather than eliminate duplicative discovery.

While not providing any savings of judicial resources, the transfer of this matter would serve to inconvenience the parties and witnesses. Mrs. Stallard deserves timely closure of this approximately three year old litigation.  Defendants' attempt to remove this case is but one in a series of legal tactics designed to forum-shop, avoid the trial date set in the state court, and otherwise delay their day of judgment.  Mrs. Stallard deserves the prompt trial date set by the state court after nearly  three years in that forum. She should not have to start all over again in this forum.

## IV. Conclusion

For the foregoing reasons, the plaintiff's Motion to Vacate Conditional Transfer Order (CTO-321) as it applies to the Stallard Action should be granted.

Respectfully Submitted,

Lynne Kizis
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, New Jersey 07095
Tel: (732) 636-8000
Fax: (732) 726-4752

Attorneys for Plaintiff

Dated: May 18, 2009

#3875461

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

)
)   **MDL Docket No. 875**       MAY 1 9 2009
)
)                                      FILED
)                                  CLERK'S OFFICE
**IN RE:**                                     )
)   This Document Relates to:
**ASBESTOS PRODUCTS LIABILITY**     )   DORIS STALLARD v. FOSTER WHEELER
**LITIGATION (No. VI):**            )   CORPORATION, ET AL., Civil Action No.
)   2:09-cv-00504-WJM-MF
)
)   **CERTIFICATION OF FACTS**
)
)
)
)
)

**WILENTZ, GOLDMAN & SPITZER**
Lynne M. Kizis, Esq.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095-0958
Telephone:    (732) 636-8000
Facsimile:    (732) 726-6542

*Attorneys for Plaintiff Doris Stallard*

I, Lynne Kizis, Esq., hereby certify as follows:

1. Plaintiff properly served Defendant, Foster Wheeler, with its Summons and Complaint on, or about, April 21, 2005. See Complaint annexed hereto as Exhibit "A."

2. Plaintiff then served Foster Wheeler with an Amended Complaint on February 13, 2008. See Amended Complaint, annexed hereto as Exhibit "B."

3. Subsequent discovery revealed that Mr. Stallard worked on the construction of the U.S.S. Kitty Hawk during the years 1957 and 1958. During his employment at New York Shipbuilding in Camden, New Jersey, Mr. Stallard installed asbestos in and around boilers manufactured by Foster Wheeler. These facts were conveyed to Foster Wheeler in the Plaintiff's responses to the Standard Part I Middlesex County Asbestos Interrogatories and

Wrongful Death Interrogatories.  <u>See</u> Plaintiff's Answers to Interrogatories annexed hereto as Exhibit "C."

    4. At the time this matter was removed, discovery was ostensibly completed, and the matter was scheduled for a trial date of May 18, 2009. <u>See</u> Middlesex County Asbestos Case Management Order annexed hereto as Exhibit "D."

    I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Lynne Kizis, Esq.

DATED: May 18, 2009

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

)
)     **MDL Docket No. 875**     MAY 1 9 2009
)
)                                  FILED
)                               CLERK'S OFFICE
**IN RE:**                                     )
)     This Document Relates to:
**ASBESTOS PRODUCTS LIABILITY**      )     DORIS STALLARD v. FOSTER WHEELER
**LITIGATION (No. VI):**      )     CORPORATION, ET AL., Civil Action No.
)     2:09-cv-00504-WJM-MF
)
)          **CERTIFICATION OF SERVICE**
)
)
)
)
)

**WILENTZ, GOLDMAN & SPITZER**
Lynne M. Kizis, Esq.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095-0958
Telephone:     (732) 636-8000
Facsimile:     (732) 726-6542

*Attorneys for Plaintiff Doris Stallard*

I, **LYNNE M. KIZIS**, being of full age, hereby certify as follows:

1.     I am a member of the Bar of this Court and an attorney at the law firm of Wilentz,

Goldman & Spitzer, P.A., attorneys for Plaintiff Doris Stallard in the above-captioned matter.

2.     I hereby certify that on this 19th day of May, 2009, a true and correct copy of the

following documents:  (a) Plaintiff Doris Stallard's Motion to Vacate Conditional Transfer Order

(CTO-321) and brief in support thereof;   (b) Certification of Service was served via First Class

mail to the following:

Counsel for Defendant Foster Wheeler
Christopher J. Keale, Esq.
Sedgwick, Detert, Moran & Arnold LLP
Three Gateway Center, 12th Floor
Newark, New Jersey 07102

3.      I hereby certify that on this 19th day of May, 2009, a true and correct copy of the

following documents:  (a) Plaintiff Doris Stallard's Motion to Vacate Conditional Transfer Order

(CTO-321) and brief in support thereof; (b) Certification of Service was served via First Class

mail to the following:

To Counsel for all known Defendants as per the attached list


I declare under penalty of perjury that the foregoing is true and correct.

_____
Lynne M. Kizis

Dated:  May 19, 2009

#3875461

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-321)

Theresa C. Poggioli, et al. v. A.J. Friedman Supply Co., Inc., et al., D. New Jersey, C.A. No. 2:09-504
(Judge William J. Martini)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Christopher J. Keale
SEDGWICK DETERT MORAN &
ARNOLD LLP
Three Gateway Center
100 Mulberry Street - 12th Floor
Newark, NJ 07102

Lynne M. Kizis
WILENTZ GOLDMAN & SPITZER PA
90 Woodbridge Center Drive
Suite 900
P.O. Box 10
Woodbridge, NY 07095

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-321) (Continued)**

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 19 2009

FILED
CLERK'S OFFICE

Exhibit A

ASBESTOS LITIGATION

WILENTZ, GOLDMAN & SPITZER
A Professional Corporation
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Plaintiffs

RECEIVED & FILED

2005 APR 21  AM 8:58

MASS TORT C....
MIDDLESEX V....

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION-MIDDLESEX COUNTY
Docket No.:

----------------------------------------X

IN RE POGGIOLI;

ASBESTOS LITIGATION
Civil Action
COMPLAINT,
DEMAND FOR TRIAL BY JURY
AND DEMAND FOR ANSWERS TO
INTERROGATORIES

----------------------------------------X
----------------------------------------X

Joseph M. Poggioli;

Docket No.: L-3020-05 AS

----------------------------------------X

Thomas Spalding;

Docket No.: L-3026-05 AS

----------------------------------------X
----------------------------------------X

Doris Stallard, Administratrix of the
   Estate of Emory Stallard;

Docket No.: L-3037-05 AS

----------------------------------------X
----------------------------------------X

vs.

A.J. FRIEDMAN SUPPLY CO., INC.;
A.J. MCNEIL CO., INC., individually
   and as successor to George E.
   Ransom Company and George E.
   Ransom, Inc.;
A.W. CHESTERTON COMPANY;
AGL WELDING SUPPLY CO., INC.;
ALFA LAVAL, INC., individually and as
   successor to, and previously known
   as Alfa-Laval AB, Alfa-Laval
   Thermal Co. and DeLaval Separator
   Company;
ALLIED BUILDING PRODUCTS CORP.;
ALLIED RUBBER & GASKET – CRAFT CO.;
AMERICAN OPTICAL CORPORATION;
AMERICAN STANDARD INC., formerly
   American Radiator & Standard
   Sanitary Corp., individually and as
   successor to Kewanee Boiler
   Company, Inc. and The Trane
   Company;
BERGEN INDUSTRIAL SUPPLY CO., INC.;
BINSKY & SNYDER, INC.;
BURNHAM CORPORATION, individually and
   as successor to Burnham Boiler
   Corp. and as a successor to Kewanee
   Boiler Company, Inc., Penn Boiler &
   Burner Co., Spencer Boiler Company
   and Bryan Boilers;

#3708171 (141019.002)

CALON INSULATION CORP.;

CENTRAL JERSEY SUPPLY COMPANY;

CERTAINTEED CORPORATION, formerly
   CertainTeed Products Corp., indivi-
   dually and as successor to Keasbey
   and Mattison Company and Unisul;

CHARLES A. WAGNER, INC.;

CHICAGO BRIDGE & IRON COMPANY;

COLUMBIA BOILER COMPANY OF POTTSTOWN,
   INC.;

CROWN, CORK & SEAL COMPANY, INC.,
   individually and as successor to
   Mundet Cork Corporation;

DANA CORPORATION, individually and as
   successor to Spicer Enterprises,
   Inc., Victor Gaskets and Wichita
   Clutch Co., Inc.;

DB RILEY, INC., individually, as
   successor to, and/or formerly known
   as DB Riley Stoker Corporation, and
   as successor to, and/or formerly
   doing business as Union Iron Works;

DURABLA MANUFACTURING COMPANY;

E&B MILL SUPPLY CO.;

ELIZABETH INDUSTRIAL HARDWARE CO.,
   a/k/a Elizabeth Industrial Supply
   Co., a division of Guyon General
   Piping, Inc.;

THE FAIRBANKS COMPANY, a California
   corporation, individually and as
   successor to The Fairbanks Company,
   a New Jersey corporation;

FLOMATIC CORPORATION;

FLOWSERVE CORPORATION, individually
   and as successor to The Duriron
   Company, Inc.;

FOSTER WHEELER CORPORATION;

GARLOCK, INC.;

GENERAL REFRACTORIES COMPANY;

GEORGIA-PACIFIC CORPORATION;

GLOBAL MANAGEMENT, INC., individually
   and as successor to Paterson Supply
   and Engineering Co.;

GRANT SUPPLY CO., INC.;

GREENE TWEED & COMPANY;

H & B INDUSTRIES, INC., individually,
   as successor to and doing business
   as Slingman Industries;

H.B. SMITH COMPANY, INC., individu-
   ally, doing business as and
   success-sor to Smith Cast Iron
   Boilers;

HERCULES CHEMICAL COMPANY, INC.;

HUDSON IRON AND METAL COMPANY;

IMO INDUSTRIES INC., as successor to
   and formerly known as DeLaval
   Turbine, Transamerica DeLaval, and
   IMO DeLaval;

INDUSTRIAL PETROLIC CO., INC.;

INDUSTRIAL RUBBER COMPANY;

INDUSTRIAL WELDING SUPPLY, INC.;

INGERSOLL-RAND COMPANY;

J.H. FRANCE REFRACTORIES CO., INC.;

THE JOHANSEN COMPANY;

JOHN W. WALLACE & CO.;

KAISER GYPSUM COMPANY, INC.;

KOENIG INDUSTRIAL SUPPLY, INC.,
    individually and as successor to
    Koenig Hardware Company;
KRAEMER GUNITE, INC.;
LA BOUR PUMP CO., INC.;
LAWTON & BURNS, INC.;
LEHIGH GASKET COMPANY;
LINE A CORPORATION;
MADSEN & HOWELL, INC.;
MAGNATROL VALVE CORPORATION;
MARSAM VALVES & FITTINGS CORPORATION;
MELRATH SUPPLY & GASKET CO., INC.;
MILWAUKEE VALVE COMPANY;
MOONEY BROS. CORP., individually and
    doing business as Chem Flow
    Corporation, its wholly owned
    subsidiary;
NEW JERSEY GASKET MANUFACTURING CO.,
    INC.;
NEW YORK PROTECTIVE COVERING
    INDUSTRIES, INC.;
NORTH CAROLINA ENTERPRISES CO., INC.,
    individually, as successor to and
    doing business as EMCO Wheaton,
    Inc.;
NOTTE SAFETY APPLIANCE COMPANY;
NUTLEY HEATING & COOLING SUPPLY
    COMPANY, INC.;
ONYX INDUSTRIAL, INC., individually,
    as successor to and doing business
    as Brand Insulations, Inc., The
    Brand Companies, Inc. and Waste
    Management, Inc.;
OWENS-ILLINOIS, INC.;
PALERMO SUPPLY CO., INC.;
PASSAIC METAL PRODUCTS COMPANY;
PATTERSON PUMP COMPANY;
THE PEERLESS HEATER COMPANY, division
    of Peerless Industries, Inc.;
PFAUDLER UNITED STATES INC.
    also named
PFAUDLER COMPANIES, INC.;
POMPTON PLUMBING & HEATING SUPPLY CO.;
PULMOSAN SAFETY EQUIPMENT CORPORATION;
RAPID AMERICAN CORP., individually and
    as successor to The Celotex
    Corporation, Philip Carey Mfg. Co.,
    Philip Carey Company, Inc., XPRU
    Corporation, Briggs Manufacturing
    Company, Panacon Corporation, Smith
    & Kanzler, Inc. and Quebec Asbestos
    Corp., Ltd.;
RARITAN SUPPLY COMPANY, individually
    and as successor to Bridge Supply
    Co.;
RECORD INDUSTRIAL COMPANY;
RHONE-POULENC, INC., individually, as
    successor and doing business as
    Amchem Products, Inc.;
ROBERT A. KEASBEY COMPANY;
S.O.S. PRODUCTS, INC.;
SAFEGUARD INDUSTRIAL EQUIPMENT CO.;
SHERMAN AND CHAPLIN, INC.;
SID HARVEY INDUSTRIES, INC., indivi-
    dually and successor to or formerly
    known as Sid Harvey Sales Co.;

SLOAN VALVE CO.;
SPIRAX SARCO, INC., individually and
    as successor to Sarco Company,
    Inc.;
STATE INSULATION CORP.;
STRAHMAN VALVES, INC.;
SUPERIOR WELDING AND BOILER REPAIR,
    INC.;
SUPERIOR WELDING SUPPLY, INC.,
    individually and as successor to
    Mercer Oxygen Company;
SVI CORPORATION, individually and as
    successor to Stockham Valves &
    Fittings, Inc.;
T.J. McGLONE & CO., INC.;
UNION CARBIDE CORPORATION;
UNION PUMP COMPANY;
UNITED CONVEYOR CORP.;
UNIVERSAL ALLOY VALVE & FITTING CO.;
VAN HOUTEN PLUMBING & HEATING SUPPLY
    CO.;
VIKING PUMP INC.;
WALLACE EANNACE ASSOCIATES, INC.;
WASHINGTON GROUP INTERNATIONAL, INC.,
    formerly known as Raytheon
    Engineers & Constructors, Inc.;
WEIL-McLAIN, a division of the Marley
    Company, individually, as successor
    to and doing business as Wylain,
    Inc. and The Marley-Wylain Company;
WILMAR INDUSTRIES, INC., individually
    and as successor to J.A. Sexauer,
    Inc.;
WOOLSULATE CORPORATION;
YORK CORRUGATING COMPANY;
YORK INDUSTRIES CORP., formerly York
    Insulation Company;
YORK SHEET METAL & ROOFING SUPPLY CO.;
ZAENTZ INDUSTRIAL HARDWARE
    WHOLESALERS;
ZY-TECH GLOBAL INDUSTRIES, INC.,
    individually, as successor to and
    doing business as Zidell Explor-
    ations, Inc. and Zidell Valve
    Corp.;
JOHN DOE 1 through
    JOHN DOE 75 (fictitious);

                    Defendants.
------------------------------------------X

        Plaintiffs, by way of Complaint against defendants, upon

information and belief allege as follows:

                    **PARTIES - PLAINTIFFS**

        1.  Plaintiff, Joseph M. Poggioli, resides at 163

Midfield Road, Colonia, New Jersey and was a member of BAC Local 10

and Local 4 working at various job sites throughout New Jersey from

approximately 1963 to 2003.  Plaintiff's work included the

installation, renovation and repair of refractory linings of boilers,

furnaces, breechings and similar industrial equipment at refineries, powerhouses, chemical plants and various other locations.  In the course of this and other work, plaintiff was exposed to dust from asbestos and asbestos containing products and he has contracted asbestosis and other serious diseases.

2.  Plaintiff, Thomas Spalding, resides at 4 York Court, Forked River, New Jersey and was a member of BAC Local 36 working at various job sites throughout New Jersey from approximately 1958 to 1983. Plaintiff's work included the installation, renovation and repair of refractory linings of boilers, furnaces, breechings and similar industrial equipment at refineries, powerhouses, chemical plants and various other locations.  In the course of this and other work, plaintiff was exposed to dust from asbestos and asbestos containing products and he has contracted esophageal cancer and other serious diseases.

3.  Plaintiff, Doris Stallard, is the Administratrix of the Estate of her husband, Emory Stallard and resides at 1861 Corbery Lane, Williamstown, New Jersey.  Emory Stallard was employed as a bricklayer and mason from approximately 1957 to 1962 and as a laborer by Niagra Alkaline Chemical, Niagra, New York from 1955 to 1956; Great Lakes Carbon, Niagra, New York from 1956 to 1957 and Lucas Paint, Gibbsboro, New Jersey from 1962 to 1967.  Decedent's work included the installation, renovation and repair of refractory linings of boilers, furnaces, breechings and similar industrial equipment.  In the course of this and other work, decedent was exposed to dust from asbestos and asbestos containing products and he contracted and died from malignant mesothelioma and other serious asbestos-related diseases on October 21, 2004.

4.  Doris Stallard is the lawful wife of Emory Stallard and resides at the same address.

5.  Reference herein to "plaintiff" or "plaintiff's decedent" is reference to all the persons set forth above as is syntactically and contextually correct.

## PARTIES - DEFENDANTS

1. Defendant, **A.J. FRIEDMAN SUPPLY CO., INC.,** is a corporation and was doing business in the State of New Jersey.

2. Defendant, **A.J. MCNEIL CO., INC.,** individually and as successor to George E. Ransom Company and George E. Ransom, Inc., is a corporation and was doing business in the State of New Jersey.

3. Defendant, **A.W. CHESTERTON COMPANY,** is a corporation and was doing business in the State of New Jersey.

4. Defendant, **AGL WELDING SUPPLY CO., INC.,** is a corporation and was doing business in the State of New Jersey.

5. Defendant, **ALFA LAVAL, INC.,** individually and as successor to, and previously known as Alfa-Laval AB, Alfa-Laval Thermal Co. and DeLaval Separator Company, is a corporation and was doing business in the State of New Jersey.

6. Defendant, **ALLIED BUILDING PRODUCTS CORP.,** is a corporation and was doing business in the State of New Jersey.

7. Defendant, **ALLIED RUBBER & GASKET - CRAFT CO.,** is a corporation and was doing business in the State of New Jersey.

8. Defendant, **AMERICAN OPTICAL CORPORATION,** is a corporation and was doing business in the State of New Jersey.

9. Defendant, **AMERICAN STANDARD INC.,** formerly American Radiator & Standard Sanitary Corp., individually and as successor to Kewanee Boiler Company, Inc. and The Trane Company, is a corporation and was doing business in the State of New Jersey.

10. Defendant, **BERGEN INDUSTRIAL SUPPLY CO., INC.,** is a corporation and was doing business in the State of New Jersey.

11. Defendant, **BINSKY & SNYDER, INC.,** is a corporation and was doing business in the State of New Jersey.

12. Defendant, **BURNHAM CORPORATION,** individually and as successor to Burnham Boiler Corp. and as a successor to Kewanee Boiler Company, Inc., Penn Boiler & Burner Co., Spencer Boiler Company and Bryan Boilers, is a corporation and was doing business in the State of New Jersey.

13.   Defendant, **CALON INSULATION CORP.**, is a corporation and was doing business in the State of New Jersey.

14.   Defendant, **CENTRAL JERSEY SUPPLY COMPANY**, is a corporation and was doing business in the State of New Jersey.

15.   Defendant, **CERTAINTEED CORPORATION**, formerly CertainTeed Products Corp., individually and as successor to Keasbey and Mattison Company and Unisul, is a corporation and was doing business in the State of New Jersey.

16.   Defendant, **CHARLES A. WAGNER, INC.**, is a corporation and was doing business in the State of New Jersey.

17.   Defendant, **CHICAGO BRIDGE & IRON COMPANY**, is a corporation and was doing business in the State of New Jersey.

18.   Defendant, **COLUMBIA BOILER COMPANY OF POTTSTOWN, INC.**, is a corporation and was doing business in the State of New Jersey.

19.   Defendant, **CROWN, CORK & SEAL COMPANY, INC.**, individually and as successor to Mundet Cork Corporation, is a corporation and was doing business in the State of New Jersey.

20.   Defendant, **DANA CORPORATION**, individually and as successor to Spicer Enterprises, Inc., Victor Gaskets and Wichita Clutch Co., Inc., is a corporation and was doing business in the State of New Jersey.

21.   Defendant, **DB RILEY, INC.**, individually, as successor to, and/or formerly known as DB Riley Stoker Corporation, and as successor to, and/or formerly doing business as Union Iron Works, is a corporation and was doing business in the State of New Jersey.

22.   Defendant, **DURABLA MANUFACTURING COMPANY**, is a corporation and was doing business in the State of New Jersey.

23.   Defendant, **E&B MILL SUPPLY CO.**, is a corporation and was doing business in the State of New Jersey.

24.   Defendant, **ELIZABETH INDUSTRIAL HARDWARE CO.**, a/k/a Elizabeth Industrial Supply Co., a division of Guyon General Piping, Inc., is a corporation and was doing business in the State of New Jersey.

25. Defendant, **THE FAIRBANKS COMPANY**, a California corporation, individually and as successor to The Fairbanks Company, a New Jersey corporation, is a corporation and was doing business in the State of New Jersey.

26. Defendant, **FLOMATIC CORPORATION**, is a corporation and was doing business in the State of New Jersey.

27. Defendant, **FLOWSERVE CORPORATION**, individually and as successor to The Duriron Company, Inc., is a corporation and was doing business in the State of New Jersey.

28. Defendant, **FOSTER WHEELER CORPORATION**, is a corporation and was doing business in the State of New Jersey.

29. Defendant, **GARLOCK, INC.**, is a corporation and was doing business in the State of New Jersey.

30. Defendant, **GENERAL REFRACTORIES COMPANY**, is a corporation and was doing business in the State of New Jersey.

31. Defendant, **GEORGIA-PACIFIC CORPORATION**, is a corporation and was doing business in the State of New Jersey.

32. Defendant, **GLOBAL MANAGEMENT, INC.**, individually and as successor to Paterson Supply and Engineering Co., is a corporation and was doing business in the State of New Jersey.

33. Defendant, **GRANT SUPPLY CO., INC.**, is a corporation and was doing business in the State of New Jersey.

34. Defendant, **GREENE TWEED & COMPANY**, is a corporation and was doing business in the State of New Jersey.

35. Defendant, **H & B INDUSTRIES, INC.**, individually, as successor to and doing business as Slingman Industries, is a corporation and was doing business in the State of New Jersey.

36. Defendant, **H.B. SMITH COMPANY, INC.**, individually, doing business as and successor to Smith Cast Iron Boilers, is a corporation and was doing business in the State of New Jersey.

37. Defendant, **HERCULES CHEMICAL COMPANY, INC.**, is a corporation and was doing business in the State of New Jersey.

38.  Defendant, **HUDSON IRON AND METAL COMPANY**, is a corporation and was doing business in the State of New Jersey.

39.  Defendant, **IMO INDUSTRIES INC.**, as successor to and formerly known as DeLaval Turbine, Transamerica DeLaval, and IMO DeLaval, is a corporation and was doing business in the State of New Jersey.

40.  Defendant, **INDUSTRIAL PETROLIC CO., INC.**, is a corporation and was doing business in the State of New Jersey.

41.  Defendant, **INDUSTRIAL RUBBER COMPANY**, is a corporation and was doing business in the State of New Jersey.

42.  Defendant, **INDUSTRIAL WELDING SUPPLY, INC.**, is a corporation and was doing business in the State of New Jersey.

43.  Defendant, **INGERSOLL-RAND COMPANY**, is a corporation and was doing business in the State of New Jersey.

44.  Defendant, **J.H. FRANCE REFRACTORIES CO., INC.**, is a corporation and was doing business in the State of New Jersey.

45.  Defendant, **THE JOHANSEN COMPANY**, is a corporation and was doing business in the State of New Jersey.

46.  Defendant, **JOHN W. WALLACE & CO.**, is a corporation and was doing business in the State of New Jersey.

47.  Defendant, **KAISER GYPSUM COMPANY, INC.**, is a corporation and was doing business in the State of New Jersey.

48.  Defendant, **KOENIG INDUSTRIAL SUPPLY, INC.**, individually and as successor to Koenig Hardware Company, is a corporation and was doing business in the State of New Jersey.

49.  Defendant, **KRAEMER GUNITE, INC.**, is a corporation and was doing business in the State of New Jersey.

50.  Defendant, **LA BOUR PUMP CO., INC.**, is a corporation and was doing business in the State of New Jersey.

51.  Defendant, **LAWTON & BURNS, INC.**, is a corporation and was doing business in the State of New Jersey.

52.   Defendant, **LEHIGH GASKET COMPANY**, is a corporation and was doing business in the State of New Jersey.

53.   Defendant, **LINE A CORPORATION**, is a corporation and was doing business in the State of New Jersey.

54.   Defendant, **MADSEN & HOWELL, INC.**, is a corporation and was doing business in the State of New Jersey.

55.   Defendant, **MAGNATROL VALVE CORPORATION**, is a corporation and was doing business in the State of New Jersey.

56.   Defendant, **MARSAM VALVES & FITTINGS CORPORATION**, is a corporation and was doing business in the State of New Jersey.

57.   Defendant, **MELRATH SUPPLY & GASKET CO., INC.**, is a corporation and was doing business in the State of New Jersey.

58.   Defendant, **MILWAUKEE VALVE COMPANY**, is a corporation and was doing business in the State of New Jersey.

59.   Defendant, **MOONEY BROS. CORP.**, individually and doing business as Chem Flow Corporation, its wholly owned subsidiary, is a corporation and was doing business in the State of New Jersey.

60.   Defendant, **NEW JERSEY GASKET MANUFACTURING CO., INC.**, is a corporation and was doing business in the State of New Jersey.

61.   Defendant, **NEW YORK PROTECTIVE COVERING INDUSTRIES, INC.**, is a corporation and was doing business in the State of New Jersey.

62.   Defendant, **NORTH CAROLINA ENTERPRISES CO., INC.**, individually, as successor to and doing business as EMCO Wheaton, Inc., is a corporation and was doing business in the State of New Jersey.

63.   Defendant, **NOTTE SAFETY APPLIANCE COMPANY**, is a corporation and was doing business in the State of New Jersey.

64.   Defendant, **NUTLEY HEATING & COOLING SUPPLY COMPANY, INC.**, is a corporation and was doing business in the State of New Jersey.

65.   Defendant, **ONYX INDUSTRIAL, INC.**, individually, as successor to and doing business as Brand Insulations, Inc., The Brand Companies, Inc. and Waste Management, Inc., is a corporation and was doing business in the State of New Jersey.

66.   Defendant, **OWENS-ILLINOIS, INC.**, is a corporation and was doing business in the State of New Jersey.

67.   Defendant, **PALERMO SUPPLY CO., INC.**, is a corporation and was doing business in the State of New Jersey.

68.   Defendant, **PASSAIC METAL PRODUCTS COMPANY,** is a corporation and was doing business in the State of New Jersey.

69.   Defendant, **PATTERSON PUMP COMPANY**, is a corporation and was doing business in the State of New Jersey.

70.   Defendant, **THE PEERLESS HEATER COMPANY**, division of Peerless Industries, Inc., is a corporation and was doing business in the State of New Jersey.

71.   Defendant, **PFAUDLER UNITED STATES INC.** also named **PFAUDLER COMPANIES, INC.,** is a corporation and was doing business in the State of New Jersey.

72.   Defendant, **POMPTON PLUMBING & HEATING SUPPLY CO.**, is a corporation and was doing business in the State of New Jersey.

73.   Defendant, **PULMOSAN SAFETY EQUIPMENT CORPORATION**, is a corporation and was doing business in the State of New Jersey.

74.   Defendant, **RAPID AMERICAN CORP.**, individually and as successor to The Celotex Corporation, Philip Carey Mfg. Co., Philip Carey Company, Inc., XPRU Corporation, Briggs Manufacturing Company, Panacon Corporation, Smith & Kanzler, Inc. and Quebec Asbestos Corp., Ltd., is a corporation and was doing business in the State of New Jersey.

75.   Defendant, **RARITAN SUPPLY COMPANY**, individually and as successor to Bridge Supply Co., is a corporation and was doing business in the State of New Jersey.

76. Defendant, **RECORD INDUSTRIAL COMPANY**, is a corporation and was doing business in the State of New Jersey.

77. Defendant, **RHONE-POULENC, INC.**, individually, as successor and doing business as Amchem Products, Inc., is a corporation and was doing business in the State of New Jersey.

78. Defendant, **ROBERT A. KEASBEY COMPANY**, is a corporation and was doing business in the State of New Jersey.

79. Defendant, **S.O.S. PRODUCTS, INC.**, is a corporation and was doing business in the State of New Jersey.

80. Defendant, **SAFEGUARD INDUSTRIAL EQUIPMENT CO.**, is a corporation and was doing business in the State of New Jersey.

81. Defendant, **SHERMAN AND CHAPLIN, INC.**, is a corporation and was doing business in the State of New Jersey.

82. Defendant, **SID HARVEY INDUSTRIES, INC.**, individually and successor to or formerly known as Sid Harvey Sales Co., is a corporation and was doing business in the State of New Jersey.

83. Defendant, **SLOAN VALVE CO.**, is a corporation and was doing business in the State of New Jersey.

84. Defendant, **SPIRAX SARCO, INC.**, individually and as successor to Sarco Company, Inc., is a corporation and was doing business in the State of New Jersey.

85. Defendant, **STATE INSULATION CORP.**, is a corporation and was doing business in the State of New Jersey.

86. Defendant, **STRAHMAN VALVES, INC.**, is a corporation and was doing business in the State of New Jersey.

87. Defendant, **SUPERIOR WELDING AND BOILER REPAIR, INC.**, is a corporation and was doing business in the State of New Jersey.

88. Defendant, **SUPERIOR WELDING SUPPLY, INC.**, individually and as successor to Mercer Oxygen Company, is a corporation and was doing business in the State of New Jersey.

89. Defendant, **SVI CORPORATION**, individually and as successor to Stockham Valves & Fittings, Inc., is a corporation and was doing business in the State of New Jersey.

90.   Defendant, **T.J. McGLONE & CO., INC.**, is a corporation and was doing business in the State of New Jersey.

91.   Defendant, **UNION CARBIDE CORPORATION**, is a corporation and was doing business in the State of New Jersey.

92.   Defendant, **UNION PUMP COMPANY**, is a corporation and was doing business in the State of New Jersey.

93.   Defendant, **UNITED CONVEYOR CORP.**, is a corporation and was doing business in the State of New Jersey.

94.   Defendant, Universal Alloy Valve & Fitting Co., is a corporation and was doing business in the State of New Jersey.

95.   Defendant, **VAN HOUTEN PLUMBING & HEATING SUPPLY CO.**, is a corporation and was doing business in the State of New Jersey.

96.   Defendant, **VIKING PUMP INC.**, is a corporation and was doing business in the State of New Jersey.

97.   Defendant, **WALLACE EANNACE ASSOCIATES, INC.**, is a corporation and was doing business in the State of New Jersey.

98.   Defendant, **WASHINGTON GROUP INTERNATIONAL, INC.**, formerly known as Raytheon Engineers & Constructors, Inc., is a corporation and was doing business in the State of New Jersey.

99.   Defendant, **WEIL-McLAIN**, a division of the Marley Company, individually, as successor to and doing business as Wylain, Inc. and The Marley-Wylain Company, is a corporation and was doing business in the State of New Jersey.

100.   Defendant, **WILMAR INDUSTRIES, INC.**, individually and as successor to J.A. Sexauer, Inc., is a corporation and was doing business in the State of New Jersey.

101.   Defendant, **WOOLSULATE CORPORATION**, is a corporation and was doing business in the State of New Jersey.

102.   Defendant, **YORK CORRUGATING COMPANY**, is a corporation and was doing business in the State of New Jersey.

103.   Defendant, **YORK INDUSTRIES CORP.**, formerly York Insulation Company, is a corporation and was doing business in the State of New Jersey.

104.   Defendant, **YORK SHEET METAL & ROOFING SUPPLY CO.**, is a corporation and was doing business in the State of New Jersey.

105.   Defendant, **ZAENTZ INDUSTRIAL HARDWARE WHOLESALERS**, is a corporation and was doing business in the State of New Jersey.

106.   Defendant, **ZY-TECH GLOBAL INDUSTRIES, INC.**, individually, as successor to and doing business as Zidell Explorations, Inc. and Zidell Valve Corp., is a corporation and was doing business in the State of New Jersey.

107.   John Doe 1 (believed to be Johns-Manville Sales Corporation); John Doe 2 (believed to be Johns-Manville Sales Corporation, successor to Johns-Manville Products Corporation); John Doe 3 (believed to be Johns-Manville Corporation); John Doe 4 (believed to be Johns-Manville Canada, Inc., formerly known as Canadian Johns-Manville Co., Ltd.); John Doe 5 (believed to be Canadian Johns-Manville Amiante Ltd., formerly known as Canadian Johns-Manville Asbestos, Ltd.); John Doe 6 (believed to be Manville Corporation); and John Doe 7 (believed to be International Johns-Manville Corporation, Ltd.) are the fictitious names of corporations, partnerships, or other business entities or organizations, whose identities are not presently known.

108.   John Doe 8 through John Doe 50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who mined, manufactured, sold, marketed, installed or removed, asbestos or asbestos containing products which plaintiff used or was exposed to.

109.   John Doe 51 through John Doe 75 are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which plaintiff used or to which plaintiff was exposed.

110.  The term "defendants" is used hereafter to refer to all of the entities named above.

111.  Defendants do business in Middlesex County, New Jersey.

Plaintiffs hereby incorporate by reference all allegations set forth in the Standard Complaint, as amended, previously served upon all parties and filed with the Middlesex County Clerk. Additional copies of the Standard Complaint are available upon written request to plaintiff's counsel.  Copies of General Orders pertaining to Middlesex County asbestos litigation are available from Special Master, Special Master Agatha Dzikiewicz, Esq., Toxic Tort Litigation, Middlesex County Court House, 120 New Street, Family Court Building - 4th Floor, New Brunswick, NJ 08903, Tel: (732) 981-3205.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiffs

By: _____
LYNNE M. KIZIS
For the Firm

Dated: 4/14/05

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues.

LYNNE M. KIZIS

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs demand answers to the Standard Interrogatories pursuant to the Court's January 25, 1982 General Order annexed hereto.  Said Standard Interrogatory forms may be obtained from the Court upon request.

LYNNE M. KIZIS

## CERTIFICATION

The undersigned certifies that to the best of my knowledge this matter is not the subject of any other legal or arbitration proceeding in the Courts of New Jersey other than a workers compensation matter.  The undersigned further certifies that to my knowledge no other persons should be party to this matter other than those named in this complaint.

LYNNE M. KIZIS

Dated: 4/14/05

MIDDLESEX COUNTY SUPERIOR COURT
P O BOX 2633
1 JFK SQUARE
NEW BRUNSWICK     NJ 08903

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 981-3301
COURT HOURS

```
                    DATE:   APRIL 26, 2005
                    RE:     POGGIOLI JOSEPH M VS AJ FRIEDMAN SUPPLY CO INC
                    DOCKET: MID L -003020 05
```

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON ANN G. MCCORMICK

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      005
AT:  (732) 981-2622.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

```
                    ATT: LYNNE M. KIZIS
                    WILENTZ GOLDMAN SPITZER
                    90 WOODBRIDGE CENTER DR
                    SUITE 900 BOX 10
                    WOODBRIDGE      NJ 07095
```

JUKLH0

MIDDLESEX COUNTY SUPERIOR COURT
P O BOX 2633
1 JFK SQUARE
NEW BRUNSWICK    NJ 08903

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 981-3301
COURT HOURS

DATE:   APRIL 26, 2005
RE:     SPALDING THOMAS VS AJ FRIEDMAN SUPPLY CO INC
DOCKET: MID L -003026 05

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON ANN G. MCCORMICK

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     005
AT:  (732) 981-2622.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: LYNNE M. KIZIS
WILENTZ GOLDMAN SPITZER
90 WOODBRIDGE CENTER DR
SUITE 900 BOX 10
WOODBRIDGE       NJ 07095

JUKLH0

MIDDLESEX COUNTY SUPERIOR COURT
P O BOX 2633
1 JFK SQUARE
NEW BRUNSWICK      NJ 08903

                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 981-3301
COURT HOURS

                        DATE:    APRIL 26, 2005
                        RE:      STALLARD EMORY ESTATE OF VS AJ FRIEDMAN SUPPLY CO
                        DOCKET: MID L -003037 05

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON ANN G. MCCORMICK

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      005
AT:  (732) 981-2622.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                             ATT: LYNNE M. KIZIS
                             WILENTZ GOLDMAN SPITZER
                             90 WOODBRIDGE CENTER DR
                             SUITE 900 BOX 10
                             WOODBRIDGE        NJ 07095

JUKLH0

Exhibit B

ASBESTOS LITIGATION

WILENTZ, GOLDMAN & SPITZER
A Professional Corporation
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Plaintiffs

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION-MIDDLESEX COUNTY
Docket No.:  MID-L-3020-05 AS

---------------------------------------X

IN RE POGGIOLI;

ASBESTOS LITIGATION
Civil Action
AMENDED COMPLAINT,
DEMAND FOR TRIAL BY JURY
AND DEMAND FOR ANSWERS TO
INTERROGATORIES

---------------------------------------X
---------------------------------------X

Theresa C. Poggioli, Individually
    and as Executrix of the Estate
    of Joseph M. Poggioli;

Docket No.:  MID-L-3020-05 AS

---------------------------------------X

Martha C. Spalding, Individually and
    as Executrix of the Estate of
    Thomas Spalding;

Docket No.:  MID-L-3026-05 AS

---------------------------------------X

Doris Stallard, Administratrix of the
    Estate of Emory Stallard;

Docket No.:  MID-L-3037-05 AS

---------------------------------------X
---------------------------------------X

vs.

A.J. FRIEDMAN SUPPLY CO., INC.;
A.J. MCNEIL CO., INC., individually
    and as successor to George E.
    Ransom Company and George E.
    Ransom, Inc.;
A.W. CHESTERTON COMPANY;
AGL WELDING SUPPLY CO., INC.;
ALFA LAVAL, INC., individually and as
    successor to, and previously known
    as Alfa-Laval AB, Alfa-Laval
    Thermal Co. and DeLaval Separator
    Company;
ALLIED BUILDING PRODUCTS CORP.;
ALLIED RUBBER & GASKET - CRAFT CO.;
AMERICAN OPTICAL CORPORATION;
AMERICAN STANDARD INC., formerly
    American Radiator & Standard
    Sanitary Corp., individually and as
    successor to Kewanee Boiler
    Company, Inc. and The Trane
    Company;
BERGEN INDUSTRIAL SUPPLY CO., INC.;
BINSKY & SNYDER, INC.;
BURNHAM CORPORATION, individually and
    as successor to Burnham Boiler
    Corp. and as a successor to Kewanee
    Boiler Company, Inc., Penn Boiler &
    Burner Co., Spencer Boiler Company
    and Bryan Boilers;

RECEIVED & FILED
2008 FEB 13  PM 4:06
MASS TORT CIVIL DIV
MIDDLESEX VICINAGE

#3708171 (141019.002)

CALON INSULATION CORP.;
CENTRAL JERSEY SUPPLY COMPANY;
CERTAINTEED CORPORATION, formerly
    CertainTeed Products Corp., indivi-
    dually and as successor to Keasbey
    and Mattison Company and Unisul;
CHARLES A. WAGNER, INC.;
CHICAGO BRIDGE & IRON COMPANY;
COLUMBIA BOILER COMPANY OF POTTSTOWN,
    INC.;
CROWN, CORK & SEAL COMPANY, INC.,
    individually and as successor to
    Mundet Cork Corporation;
DANA CORPORATION, individually and as
    successor to Spicer Enterprises,
    Inc., Victor Gaskets and Wichita
    Clutch Co., Inc.;
DB RILEY, INC., individually, as
    successor to, and/or formerly known
    as DB Riley Stoker Corporation, and
    as successor to, and/or formerly
    doing business as Union Iron Works;
DURABLA MANUFACTURING COMPANY;
E&B MILL SUPPLY CO.;
ELIZABETH INDUSTRIAL HARDWARE CO.,
    a/k/a Elizabeth Industrial Supply
    Co., a division of Guyon General
    Piping, Inc.;
THE FAIRBANKS COMPANY, a California
    corporation, individually and as
    successor to The Fairbanks Company,
    a New Jersey corporation;
FLOMATIC CORPORATION;
FLOWSERVE CORPORATION, individually
    and as successor to The Duriron
    Company, Inc.;
FOSTER WHEELER CORPORATION;
GARLOCK, INC.;
GENERAL REFRACTORIES COMPANY;
GEORGIA-PACIFIC CORPORATION;
GLOBAL MANAGEMENT, INC., individually
    and as successor to Paterson Supply
    and Engineering Co.;
GRANT SUPPLY CO., INC.;
GREENE TWEED & COMPANY;
H & B INDUSTRIES, INC., individually,
    as successor to and doing business
    as Slingman Industries;
H.B. SMITH COMPANY, INC., individu-
    ally, doing business as and
    success-sor to Smith Cast Iron
    Boilers;
HERCULES CHEMICAL COMPANY, INC.;
HUDSON IRON AND METAL COMPANY;
IMO INDUSTRIES INC., as successor to
    and formerly known as DeLaval
    Turbine, Transamerica DeLaval, and
    IMO DeLaval;
INDUSTRIAL PETROLIC CO., INC.;
INDUSTRIAL RUBBER COMPANY;
INDUSTRIAL WELDING SUPPLY, INC.;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES CO., INC.;
THE JOHANSEN COMPANY;
JOHN W. WALLACE & CO.;
KAISER GYPSUM COMPANY, INC.;

KOENIG INDUSTRIAL SUPPLY, INC.,
   individually and as successor to
   Koenig Hardware Company;
KRAEMER GUNITE, INC.;
LA BOUR PUMP CO., INC.;
LAWTON & BURNS, INC.;
LEHIGH GASKET COMPANY;
LINE A CORPORATION;
MADSEN & HOWELL, INC.;
MAGNATROL VALVE CORPORATION;
MARSAM VALVES & FITTINGS CORPORATION;
MELRATH SUPPLY & GASKET CO., INC.;
MILWAUKEE VALVE COMPANY;
MOONEY BROS. CORP., individually and
   doing business as Chem Flow
   Corporation, its wholly owned
   subsidiary;
NEW JERSEY GASKET MANUFACTURING CO.,
   INC.;
NEW YORK PROTECTIVE COVERING
   INDUSTRIES, INC.;
NORTH CAROLINA ENTERPRISES CO., INC.,
   individually, as successor to and
   doing business as EMCO Wheaton,
   Inc.;
NOTTE SAFETY APPLIANCE COMPANY;
NUTLEY HEATING & COOLING SUPPLY
   COMPANY, INC.;
ONYX INDUSTRIAL, INC., individually,
   as successor to and doing business
   as Brand Insulations, Inc., The
   Brand Companies, Inc. and Waste
   Management, Inc.;
OWENS-ILLINOIS, INC.;
PALERMO SUPPLY CO., INC.;
PASSAIC METAL PRODUCTS COMPANY;
PATTERSON PUMP COMPANY;
THE PEERLESS HEATER COMPANY, division
   of Peerless Industries, Inc.;
PFAUDLER UNITED STATES INC.
   also named
PFAUDLER COMPANIES, INC.;
POMPTON PLUMBING & HEATING SUPPLY CO.;
PULMOSAN SAFETY EQUIPMENT CORPORATION;
RAPID AMERICAN CORP., individually and
   as successor to The Celotex
   Corporation, Philip Carey Mfg. Co.,
   Philip Carey Company, Inc., XPRU
   Corporation, Briggs Manufacturing
   Company, Panacon Corporation, Smith
   & Kanzler, Inc. and Quebec Asbestos
   Corp., Ltd.;
RARITAN SUPPLY COMPANY, individually
   and as successor to Bridge Supply
   Co.;
RECORD INDUSTRIAL COMPANY;
RHONE-POULENC, INC., individually, as
   successor and doing business as
   Amchem Products, Inc.;
ROBERT A. KEASBEY COMPANY;
S.O.S. PRODUCTS, INC.;
SAFEGUARD INDUSTRIAL EQUIPMENT CO.;
SHERMAN AND CHAPLIN, INC.;
SID HARVEY INDUSTRIES, INC., indivi-
   dually and successor to or formerly
   known as Sid Harvey Sales Co.;

SLOAN VALVE CO.;
SPIRAX SARCO, INC., individually and
    as successor to Sarco Company,
    Inc.;
STATE INSULATION CORP.;
STRAHMAN VALVES, INC.;
SUPERIOR WELDING AND BOILER REPAIR,
    INC.;
SUPERIOR WELDING SUPPLY, INC.,
    individually and as successor to
    Mercer Oxygen Company;
SVI CORPORATION, individually and as
    successor to Stockham Valves &
    Fittings, Inc.;
T.J. McGLONE & CO., INC.;
UNION CARBIDE CORPORATION;
UNION PUMP COMPANY;
UNITED CONVEYOR CORP.;
UNIVERSAL ALLOY VALVE & FITTING CO.;
VAN HOUTEN PLUMBING & HEATING SUPPLY
    CO.;
VIKING PUMP INC.;
WALLACE EANNACE ASSOCIATES, INC.;
WASHINGTON GROUP INTERNATIONAL, INC.,
    formerly known as Raytheon
    Engineers & Constructors, Inc.;
WEIL-McLAIN, a division of the Marley
    Company, individually, as successor
    to and doing business as Wylain,
    Inc. and The Marley-Wylain Company;
WILMAR INDUSTRIES, INC., individually
    and as successor to J.A. Sexauer,
    Inc.;
WOOLSULATE CORPORATION;
YORK CORRUGATING COMPANY;
YORK INDUSTRIES CORP., formerly York
    Insulation Company;
YORK SHEET METAL & ROOFING SUPPLY CO.;
ZAENTZ INDUSTRIAL HARDWARE
    WHOLESALERS;
ZY-TECH GLOBAL INDUSTRIES, INC.,
    individually, as successor to and
    doing business as Zidell Explor-
    ations, Inc. and Zidell Valve
    Corp.;
JOHN DOE 1 through
    JOHN DOE 75 (fictitious);

            Defendants.
----------------------------------------X

        Plaintiffs, by way of Complaint against defendants, upon

information and belief allege as follows:

### PARTIES - PLAINTIFFS

        1.  Plaintiff, Theresa C. Poggioli resides at 163

Midfield Road, Colonia, New Jersey.  She is the Executrix of the

Estate of Joseph M. Poggioli.  Decedent was a member of BAC Local 10

and Local 4 working at various job sites throughout New Jersey from

approximately 1963 to 2003. Decedent's work included the installation, renovation and repair of refractory linings of boilers, furnaces, breechings and similar industrial equipment at refineries, powerhouses, chemical plants and various other locations. In the course of this and other work, decedent was exposed to dust from asbestos and asbestos containing products and he has contracted asbestosis and other serious diseases and died on November 25, 2006.

2. Plaintiff, Martha C. Spalding, is the Executrix of the Estate of Thomas Spalding and resides at 4 York Court, Forked River, New Jersey. Thomas Spalding was a member of BAC Local 36 working at various job sites throughout New Jersey from approximately 1958 to 1983. Plaintiff's work included the installation, renovation and repair of refractory linings of boilers, furnaces, breechings and similar industrial equipment at refineries, powerhouses, chemical plants and various other locations. In the course of this and other work, decedent was exposed to dust from asbestos and asbestos containing products and he contracted esophageal cancer and other serious diseases and died on July 17, 2005.

3. Plaintiff, Doris Stallard, is the Administratrix of the Estate of her husband, Emory Stallard and resides at 1861 Corbery Lane, Williamstown, New Jersey. Emory Stallard was employed as a bricklayer and mason from approximately 1957 to 1962 and as a laborer by Niagra Alkaline Chemical, Niagra, New York from 1955 to 1956; Great Lakes Carbon, Niagra, New York from 1956 to 1957 and Lucas Paint, Gibbsboro, New Jersey from 1962 to 1967. Decedent's work included the installation, renovation and repair of refractory linings of boilers, furnaces, breechings and similar industrial equipment. In the course of this and other work, decedent was exposed to dust from asbestos and asbestos containing products and he contracted and died from malignant mesothelioma and other serious asbestos-related diseases on October 21, 2004.

4.   Doris Stallard is the lawful wife of Emory Stallard and resides at the same address.

5.   Reference herein to "plaintiff" or "plaintiff's decedent" is reference to all the persons set forth above as is syntactically and contextually correct.

## PARTIES - DEFENDANTS

1.   Defendant, **A.J. FRIEDMAN SUPPLY CO., INC.**, is a corporation and was doing business in the State of New Jersey.

2.   Defendant, **A.J. MCNEIL CO., INC.**, individually and as successor to George E. Ransom Company and George E. Ransom, Inc., is a corporation and was doing business in the State of New Jersey.

3.   Defendant, **A.W. CHESTERTON COMPANY**, is a corporation and was doing business in the State of New Jersey.

4.   Defendant, **AGL WELDING SUPPLY CO., INC.**, is a corporation and was doing business in the State of New Jersey.

5.   Defendant, **ALFA LAVAL, INC.**, individually and as successor to, and previously known as Alfa-Laval AB, Alfa-Laval Thermal Co. and DeLaval Separator Company, is a corporation and was doing business in the State of New Jersey.

6.   Defendant, **ALLIED BUILDING PRODUCTS CORP.**, is a corporation and was doing business in the State of New Jersey.

7.   Defendant, **ALLIED RUBBER & GASKET - CRAFT CO.**, is a corporation and was doing business in the State of New Jersey.

8.   Defendant, **AMERICAN OPTICAL CORPORATION**, is a corporation and was doing business in the State of New Jersey.

9.   Defendant, **AMERICAN STANDARD INC.**, formerly American Radiator & Standard Sanitary Corp., individually and as successor to Kewanee Boiler Company, Inc. and The Trane Company, is a corporation and was doing business in the State of New Jersey.

10.   Defendant, **BERGEN INDUSTRIAL SUPPLY CO., INC.**, is a corporation and was doing business in the State of New Jersey.

11.    Defendant, **BINSKY & SNYDER, INC.**, is a corporation and was doing business in the State of New Jersey.

12.    Defendant, **BURNHAM CORPORATION**, individually and as successor to Burnham Boiler Corp. and as a successor to Kewanee Boiler Company, Inc., Penn Boiler & Burner Co., Spencer Boiler Company and Bryan Boilers, is a corporation and was doing business in the State of New Jersey.

13.    Defendant, **CALON INSULATION CORP.**, is a corporation and was doing business in the State of New Jersey.

14.    Defendant, **CENTRAL JERSEY SUPPLY COMPANY**, is a corporation and was doing business in the State of New Jersey.

15.    Defendant, **CERTAINTEED CORPORATION**, formerly CertainTeed Products Corp., individually and as successor to Keasbey and Mattison Company and Unisul, is a corporation and was doing business in the State of New Jersey.

16.    Defendant, **CHARLES A. WAGNER, INC.**, is a corporation and was doing business in the State of New Jersey.

17.    Defendant, **CHICAGO BRIDGE & IRON COMPANY**, is a corporation and was doing business in the State of New Jersey.

18.    Defendant, **COLUMBIA BOILER COMPANY OF POTTSTOWN, INC.**, is a corporation and was doing business in the State of New Jersey.

19.    Defendant, **CROWN, CORK & SEAL COMPANY, INC.**, individually and as successor to Mundet Cork Corporation, is a corporation and was doing business in the State of New Jersey.

20.    Defendant, **DANA CORPORATION**, individually and as successor to Spicer Enterprises, Inc., Victor Gaskets and Wichita Clutch Co., Inc., is a corporation and was doing business in the State of New Jersey.

21.    Defendant, **DB RILEY, INC.**, individually, as successor to, and/or formerly known as DB Riley Stoker Corporation, and as successor to, and/or formerly doing business as Union Iron Works, is a corporation and was doing business in the State of New Jersey.

22.   Defendant, **DURABLA MANUFACTURING COMPANY**, is a corporation and was doing business in the State of New Jersey.

23.   Defendant, **E&B MILL SUPPLY CO.**, is a corporation and was doing business in the State of New Jersey.

24.   Defendant, **ELIZABETH INDUSTRIAL HARDWARE CO.**, a/k/a Elizabeth Industrial Supply Co., a division of Guyon General Piping, Inc., is a corporation and was doing business in the State of New Jersey.

25.   Defendant, **THE FAIRBANKS COMPANY**, a California corporation, individually and as successor to The Fairbanks Company, a New Jersey corporation, is a corporation and was doing business in the State of New Jersey.

26.   Defendant, **FLOMATIC CORPORATION**, is a corporation and was doing business in the State of New Jersey.

27.   Defendant, **FLOWSERVE CORPORATION**, individually and as successor to The Duriron Company, Inc., is a corporation and was doing business in the State of New Jersey.

28.   Defendant, **FOSTER WHEELER CORPORATION**, is a corporation and was doing business in the State of New Jersey.

29.   Defendant, **GARLOCK, INC.**, is a corporation and was doing business in the State of New Jersey.

30.   Defendant, **GENERAL REFRACTORIES COMPANY**, is a corporation and was doing business in the State of New Jersey.

31.   Defendant, **GEORGIA-PACIFIC CORPORATION**, is a corporation and was doing business in the State of New Jersey.

32.   Defendant, **GLOBAL MANAGEMENT, INC.**, individually and as successor to Paterson Supply and Engineering Co., is a corporation and was doing business in the State of New Jersey.

33.   Defendant, **GRANT SUPPLY CO., INC.**, is a corporation and was doing business in the State of New Jersey.

34.   Defendant, **GREENE TWEED & COMPANY**, is a corporation and was doing business in the State of New Jersey.

35.  Defendant, **H & B INDUSTRIES, INC.**, individually, as successor to and doing business as Slingman Industries, is a corporation and was doing business in the State of New Jersey.

36.  Defendant, **H.B. SMITH COMPANY, INC.**, individually, doing business as and successor to Smith Cast Iron Boilers, is a corporation and was doing business in the State of New Jersey.

37.  Defendant, **HERCULES CHEMICAL COMPANY, INC.**, is a corporation and was doing business in the State of New Jersey.

38.  Defendant, **HUDSON IRON AND METAL COMPANY**, is a corporation and was doing business in the State of New Jersey.

39.  Defendant, **IMO INDUSTRIES INC.**, as successor to and formerly known as DeLaval Turbine, Transamerica DeLaval, and IMO DeLaval, is a corporation and was doing business in the State of New Jersey.

40.  Defendant, **INDUSTRIAL PETROLIC CO., INC.**, is a corporation and was doing business in the State of New Jersey.

41.  Defendant, **INDUSTRIAL RUBBER COMPANY**, is a corporation and was doing business in the State of New Jersey.

42.  Defendant, **INDUSTRIAL WELDING SUPPLY, INC.**, is a corporation and was doing business in the State of New Jersey.

43.  Defendant, **INGERSOLL-RAND COMPANY**, is a corporation and was doing business in the State of New Jersey.

44.  Defendant, **J.H. FRANCE REFRACTORIES CO., INC.**, is a corporation and was doing business in the State of New Jersey.

45.  Defendant, **THE JOHANSEN COMPANY**, is a corporation and was doing business in the State of New Jersey.

46.  Defendant, **JOHN W. WALLACE & CO.**, is a corporation and was doing business in the State of New Jersey.

47.  Defendant, **KAISER GYPSUM COMPANY, INC.**, is a corporation and was doing business in the State of New Jersey.

48.  Defendant, **KOENIG INDUSTRIAL SUPPLY, INC.**, individually and as successor to Koenig Hardware Company, is a corporation and was doing business in the State of New Jersey.

49.   Defendant, **KRAEMER GUNITE, INC.**, is a corporation and was doing business in the State of New Jersey.

50.   Defendant, **LA BOUR PUMP CO., INC.**, is a corporation and was doing business in the State of New Jersey.

51.   Defendant, **LAWTON & BURNS, INC.**, is a corporation and was doing business in the State of New Jersey.

52.   Defendant, **LEHIGH GASKET COMPANY**, is a corporation and was doing business in the State of New Jersey.

53.   Defendant, **LINE A CORPORATION**, is a corporation and was doing business in the State of New Jersey.

54.   Defendant, **MADSEN & HOWELL, INC.**, is a corporation and was doing business in the State of New Jersey.

55.   Defendant, **MAGNATROL VALVE CORPORATION**, is a corporation and was doing business in the State of New Jersey.

56.   Defendant, **MARSAM VALVES & FITTINGS CORPORATION**, is a corporation and was doing business in the State of New Jersey.

57.   Defendant, **MELRATH SUPPLY & GASKET CO., INC.**, is a corporation and was doing business in the State of New Jersey.

58.   Defendant, **MILWAUKEE VALVE COMPANY**, is a corporation and was doing business in the State of New Jersey.

59.   Defendant, **MOONEY BROS. CORP.**, individually and doing business as Chem Flow Corporation, its wholly owned subsidiary, is a corporation and was doing business in the State of New Jersey.

60.   Defendant, **NEW JERSEY GASKET MANUFACTURING CO., INC.**, is a corporation and was doing business in the State of New Jersey.

61.   Defendant, **NEW YORK PROTECTIVE COVERING INDUSTRIES, INC.**, is a corporation and was doing business in the State of New Jersey.

62.   Defendant, **NORTH CAROLINA ENTERPRISES CO., INC.**, individually, as successor to and doing business as EMCO Wheaton, Inc., is a corporation and was doing business in the State of New Jersey.

63.   Defendant, **NOTTE SAFETY APPLIANCE COMPANY**, is a corporation and was doing business in the State of New Jersey.

64.   Defendant, **NUTLEY HEATING & COOLING SUPPLY COMPANY, INC.**, is a corporation and was doing business in the State of New Jersey.

65.   Defendant, **ONYX INDUSTRIAL, INC.**, individually, as successor to and doing business as Brand Insulations, Inc., The Brand Companies, Inc. and Waste Management, Inc., is a corporation and was doing business in the State of New Jersey.

66.   Defendant, **OWENS-ILLINOIS, INC.**, is a corporation and was doing business in the State of New Jersey.

67.   Defendant, **PALERMO SUPPLY CO., INC.**, is a corporation and was doing business in the State of New Jersey.

68.   Defendant, **PASSAIC METAL PRODUCTS COMPANY**, is a corporation and was doing business in the State of New Jersey.

69.   Defendant, **PATTERSON PUMP COMPANY**, is a corporation and was doing business in the State of New Jersey.

70.   Defendant, **THE PEERLESS HEATER COMPANY**, division of Peerless Industries, Inc., is a corporation and was doing business in the State of New Jersey.

71.   Defendant, **PFAUDLER UNITED STATES INC.** also named **PFAUDLER COMPANIES, INC.**, is a corporation and was doing business in the State of New Jersey.

72.   Defendant, **POMPTON PLUMBING & HEATING SUPPLY CO.**, is a corporation and was doing business in the State of New Jersey.

73.   Defendant, **PULMOSAN SAFETY EQUIPMENT CORPORATION**, is a corporation and was doing business in the State of New Jersey.

74.   Defendant, **RAPID AMERICAN CORP.**, individually and as successor to The Celotex Corporation, Philip Carey Mfg. Co., Philip Carey Company, Inc., XPRU Corporation, Briggs Manufacturing Company, Panacon Corporation, Smith & Kanzler, Inc. and Quebec Asbestos Corp., Ltd., is a corporation and was doing business in the State of New Jersey.

75.   Defendant, **RARITAN SUPPLY COMPANY**, individually and as successor to Bridge Supply Co., is a corporation and was doing business in the State of New Jersey.

76.   Defendant, **RECORD INDUSTRIAL COMPANY**, is a corporation and was doing business in the State of New Jersey.

77.   Defendant, **RHONE-POULENC, INC.**, individually, as successor and doing business as Amchem Products, Inc., is a corporation and was doing business in the State of New Jersey.

78.   Defendant, **ROBERT A. KEASBEY COMPANY**, is a corporation and was doing business in the State of New Jersey.

79.   Defendant, **S.O.S. PRODUCTS, INC.**, is a corporation and was doing business in the State of New Jersey.

80.   Defendant, **SAFEGUARD INDUSTRIAL EQUIPMENT CO.**, is a corporation and was doing business in the State of New Jersey.

81.   Defendant, **SHERMAN AND CHAPLIN, INC.**, is a corporation and was doing business in the State of New Jersey.

82.   Defendant, **SID HARVEY INDUSTRIES, INC.**, individually and successor to or formerly known as Sid Harvey Sales Co., is a corporation and was doing business in the State of New Jersey.

83.   Defendant, **SLOAN VALVE CO.**, is a corporation and was doing business in the State of New Jersey.

84.   Defendant, **SPIRAX SARCO, INC.**, individually and as successor to Sarco Company, Inc., is a corporation and was doing business in the State of New Jersey.

85.   Defendant, **STATE INSULATION CORP.**, is a corporation and was doing business in the State of New Jersey.

86.   Defendant, **STRAHMAN VALVES, INC.**, is a corporation and was doing business in the State of New Jersey.

87.   Defendant, **SUPERIOR WELDING AND BOILER REPAIR, INC.**, is a corporation and was doing business in the State of New Jersey.

88.   Defendant, **SUPERIOR WELDING SUPPLY, INC.**, individually and as successor to Mercer Oxygen Company, is a corporation and was doing business in the State of New Jersey.

89.   Defendant, **SVI CORPORATION**, individually and as successor to Stockham Valves & Fittings, Inc., is a corporation and was doing business in the State of New Jersey.

90.   Defendant, **T.J. McGLONE & CO., INC.**, is a corporation and was doing business in the State of New Jersey.

91.   Defendant, **UNION CARBIDE CORPORATION**, is a corporation and was doing business in the State of New Jersey.

92.   Defendant, **UNION PUMP COMPANY**, is a corporation and was doing business in the State of New Jersey.

93.   Defendant, **UNITED CONVEYOR CORP.**, is a corporation and was doing business in the State of New Jersey.

94.   Defendant, Universal Alloy Valve & Fitting Co., is a corporation and was doing business in the State of New Jersey.

95.   Defendant, **VAN HOUTEN PLUMBING & HEATING SUPPLY CO.**, is a corporation and was doing business in the State of New Jersey.

96.   Defendant, **VIKING PUMP INC.**, is a corporation and was doing business in the State of New Jersey.

97.   Defendant, **WALLACE EANNACE ASSOCIATES, INC.**, is a corporation and was doing business in the State of New Jersey.

98.   Defendant, **WASHINGTON GROUP INTERNATIONAL, INC.**, formerly known as Raytheon Engineers & Constructors, Inc., is a corporation and was doing business in the State of New Jersey.

99.   Defendant, **WEIL-McLAIN**, a division of the Marley Company, individually, as successor to and doing business as Wylain, Inc. and The Marley-Wylain Company, is a corporation and was doing business in the State of New Jersey.

100.   Defendant, **WILMAR INDUSTRIES, INC.**, individually and as successor to J.A. Sexauer, Inc., is a corporation and was doing business in the State of New Jersey.

101.   Defendant, **WOOLSULATE CORPORATION**, is a corporation and was doing business in the State of New Jersey.

102.   Defendant, **YORK CORRUGATING COMPANY**, is a corporation and was doing business in the State of New Jersey.

103.   Defendant, **YORK INDUSTRIES CORP.**, formerly York Insulation Company, is a corporation and was doing business in the State of New Jersey.

104.   Defendant, **YORK SHEET METAL & ROOFING SUPPLY CO.**, is a corporation and was doing business in the State of New Jersey.

105.   Defendant, **ZAENTZ INDUSTRIAL HARDWARE WHOLESALERS**, is a corporation and was doing business in the State of New Jersey.

106.   Defendant, **ZY-TECH GLOBAL INDUSTRIES, INC.**, individually, as successor to and doing business as Zidell Explorations, Inc. and Zidell Valve Corp., is a corporation and was doing business in the State of New Jersey.

107.   John Doe 1 (believed to be Johns-Manville Sales Corporation); John Doe 2 (believed to be Johns-Manville Sales Corporation, successor to Johns-Manville Products Corporation); John Doe 3 (believed to be Johns-Manville Corporation); John Doe 4 (believed to be Johns-Manville Canada, Inc., formerly known as Canadian Johns-Manville Co., Ltd.); John Doe 5 (believed to be Canadian Johns-Manville Amiante Ltd., formerly known as Canadian Johns-Manville Asbestos, Ltd.); John Doe 6 (believed to be Manville Corporation); and John Doe 7 (believed to be International Johns-Manville Corporation, Ltd.) are the fictitious names of corporations, partnerships, or other business entities or organizations, whose identities are not presently known.

108.   John Doe 8 through John Doe 50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who mined, manufactured, sold, marketed, installed or removed, asbestos or asbestos containing products which plaintiff used or was exposed to.

109.   John Doe 51 through John Doe 75 are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the  conduct or liability of those who mined, milled, manufactured, sold, marketed, installed or removed asbestos or asbestos containing products which plaintiff used or to which plaintiff was exposed.

110.   The term "defendants" is used hereafter to refer to all of the entities named above.

111.   Defendants do business in Middlesex County, New Jersey.

Plaintiffs hereby incorporate by reference all allegations set forth in the Standard Complaint, as amended, previously served upon all parties and filed with the Middlesex County Clerk. Additional copies of the Standard Complaint are available upon written request to plaintiff's counsel.  Copies of General Orders pertaining to Middlesex County asbestos litigation are available from Special Master, Special Master Agatha Dzikiewicz, Esq., Toxic Tort Litigation, Middlesex County Court House, 120 New Street, Family Court Building - 4th Floor, New Brunswick, NJ 08903, Tel: (732) 981-3205.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiffs

By: _____
LYNNE M. KIZIS
For the Firm

Dated: 2/11/08

<u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs demand a trial by jury on all issues.

_____
LYNNE M. KIZIS


<u>DEMAND FOR ANSWERS TO INTERROGATORIES</u>

Plaintiffs demand answers to the Standard Interrogatories pursuant to the Court's January 25, 1982 General Order annexed hereto.  Said Standard Interrogatory forms may be obtained from the Court upon request.

_____
LYNNE M. KIZIS

## CERTIFICATION

     The undersigned certifies that to the best of my knowledge this matter is not the subject of any other legal or arbitration proceeding in the Courts of New Jersey other than a workers compensation matter.  The undersigned further certifies that to my knowledge no other persons should be party to this matter other than those named in this complaint.

                      LYNNE M. KIZIS

Dated: 2/11/08

#3708171 (141019.002)             -17-

Exhibit C

# WILENTZ GOLDMAN &SPITZER P.A.

## ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2285
(732) 542-4500
Fax (732) 493-8387

110 William Street
26th Floor
New York, NY 10038-3901
(212) 267-3091
Fax (212) 267-3828

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(215) 940-4000
Fax (215) 636-3999

Park Building
355 Fifth Avenue
Suite 400
Pittsburgh, PA 15222
(412) 232-0808
Fax (412) 232-0773

*website: www.wilentz.com*

Please reply to:
Woodbridge
**Direct Dial: (732) 855-6152**
**Direct Fax: (732) 726-6590**

January 5, 2009

TO ALL COUNSEL

      Re:  **Estate of Emory Stallard**
            *Docket No.:  L-3037-05*

Dear Counsellors:

    Enclosed please find the responses of Plaintiff Doris Stallard to Standard Part I Middlesex County Asbestos Interrogatories and Wrongful Death Interrogatories, which we hereby serve upon you.

    If you have any questions please do not hesitate to contact me.

                      Very truly yours,

                      Greg D. Shaffer

GDS/kam
Enclosure

#3863579

# Defense Counsel List

Wilentz, Goldman and Spitzer, P.A.

Wednesday, December 31, 2008                                                                                    Page: 1 of 15

Case(s) and Plaintiff(s)
**IN RE POGGIOLI - L-3020-05**
    Poggioli, Theresa C.               L-3020-05
    Poggioli, Joseph M.
    Spalding, Martha                   L-3026-05
    Spalding, Thomas H.
    Stallard, Doris                     L-3037-05
    Stallard, Emory
Trial Group:    NJ Jul 2008 - June 2009
Site Group:    Bricklayers IX
Site:          NJ Bricklayers/Boiler Repair
Paralegal:    MAMROSH, KRISTINE A.
Attorney:     KIZIS, LYNNE M.

---

<<Unknown Counsel>>

    Defendant
    **NEW JERSEY GASKET MANUFACTURING CO., INC.**

Robert G. Alencewicz, Esq.
 Hack, Piro, O'Day, Merklinger, Wallace & McKenna
30 Columbia Turnpike
P.O. Box 941
Florham Park, NJ  07932-0941

Tel:    973-301-6500
Fax:   973-301-0094
Email:
Web:

    Defendant
    **H.B. SMITH COMPANY, INC.**

    **JOHANSEN COMPANY, THE**

Robert F. Ball, Esq.
 Wade Clark & Mulcahy
917 Mountain Avenue
Mountainside, NJ  07092

Tel:    908-789-1681
Fax:   908-789-0984
Email:  robertball@wcmlaw.com
Web:

    Defendant
    **LINE A CORPORATION**

Richard Brightman, Esq.
Sonnenschein, Nath & Rosenthal
101 JFK Parkway
Short Hills, NJ  07078

Tel:     973-912-7100
Fax:     973-912-7199
Email:
Web:

      Defendant
      **RAPID AMERICAN CORP.**


Arthur D. Bromberg, Esq.
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ  07054

Tel:     973-403-1100
Fax:     973-403-0010
Email:
Web:

      Defendant
      **ROBERT A. KEASBEY COMPANY**

      **ZAENTZ INDUSTRIAL HARDWARE WHOLESALERS**


Anthony J. Caruso, Esq.
Picillo Caruso Pope Edell Picini, PC
60 Route 46 East
Fairfield, NJ  07004

Tel:     973-667-6000
Fax:     973-667-1200
Email:
Web:

      Defendant
      **NOTTE SAFETY APPLIANCE COMPANY**

      **RHONE-POULENC, INC.**

      **UNION CARBIDE CORPORATION**

Joel R. Clark, Esq.
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham Park, NJ  07932

Tel:    973-822-1110
Fax:    973-822-1116
Email:  jclark@mcgivneyandkluger.com
Web:

Defendant
**FAIRBANKS COMPANY, THE**

**FLOWSERVE CORPORATION**

**JOHN W. WALLACE & CO.**

**KRAEMER GUNITE, INC.**

**MADSEN & HOWELL, INC.**

**NUTLEY HEATING & COOLING SUPPLY COMPANY, INC.**

**ONYX INDUSTRIAL, INC.**

**PATTERSON PUMP COMPANY**

**PEERLESS HEATER COMPANY, THE**

**RARITAN SUPPLY COMPANY**

**SID HARVEY INDUSTRIES, INC.**

**SVI CORPORATION**

**WEIL-McLAIN**

**WILMAR INDUSTRIES, INC.**

Matthew J. Connahan, Esq.
Maloof, Lebowitz, Connahan & Oleske
127 Main Street
Chatham, NJ  07928

Tel:    973-635-9200
Fax:    973-635-8877
Email:
Web:

Defendant
**ALLIED BUILDING PRODUCTS CORP.**

Timothy E. Corriston, Esq.
 Connell, Foley LLP
85 Livingston Avenue
Roseland, NJ  07068

Tel:    973-535-0500
Fax:    973-535-9217
Email:
Web:

     Defendant
     **LAWTON & BURNS, INC.**

     **PALERMO SUPPLY CO., INC.**


Nicea D'Annunzio, Esq.
 Hardin, Kundla, McKeon & Poletto
673 Morris Avenue, P.O. Box 730
Springfield, NJ  07081-0730

Tel:    973-912-5222
Fax:    973-912-9212
Email:  ndannunzio@hkmpp.com
Web:

     Defendant
     **CALON INSULATION CORP.**

     **LA BOUR PUMP CO., INC.**

     **STRAHMAN VALVES, INC.**


Dawn Dezii, Esq.
 Margolis Edelstein
100 Century Parkway, Suite 200
Mount Laurel, NJ  08054

Tel:    856-727-6000
Fax:    856-727-6010
Email:
Web:    www.margolisedelstein.com

     Defendant
     **CENTRAL JERSEY SUPPLY COMPANY**

     **COLUMBIA BOILER COMPANY OF POTTSTOWN, INC.**

     **INDUSTRIAL RUBBER COMPANY**

     **PASSAIC METAL PRODUCTS COMPANY**

     **RECORD INDUSTRIAL COMPANY**

     **YORK SHEET METAL & ROOFING SUPPLY CO.**

Basil A. DiSipio, Esq.
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 North Independence Mall West, suite 500
6th & Race Streets
Philadelphia, PA  19106

Tel:    215-351-7929
Fax:    215-351-3024
Email:  bdisipio@lavin-law.com
Web:

    Defendant
**MINNESOTA MINING & MANUFACTURING COMPANY**


Linda Dunne, Esq.
Nowell Amoroso Klein Bierman, P.A.
155 Polifly Road
Hackensack, NJ  07601

Tel:    201-343-5001
Fax:    201-343-5181
Email:
Web:

    Defendant
**H & B INDUSTRIES, INC.**

    **WALLACE EANNACE ASSOCIATES, INC.**


Marc Z. Edell, Esq.
Picillo Caruso Pope Edell Picini, PC
60 Route 46 East
Fairfield, NJ  07004

Tel:    973-667-6000
Fax:    973-667-1200
Email:
Web:

    Defendant
**CERTAINTEED CORPORATION**


Allison Fihma, Esq.
Schnader Harrison Segal & Lewis LLP
140 Broadway,  Suite 3100
New York, NY  10005

Tel:    (212) 973-8161
Fax:    (212) 972-8798
Email:  afihma@schnader.com
Web:

    Defendant
**E&B MILL SUPPLY CO.**

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Paterson Street, P.O. Box 480
New Brunswick, NJ  08903

Tel:     732-545-4717
Fax:     732-545-4579
Email:   mgaffrey@hoaglandlongo.com
Web:

     Defendant
     **AGL WELDING SUPPLY CO., INC.**

     **HUDSON IRON AND METAL COMPANY**

     **INDUSTRIAL WELDING SUPPLY, INC.**

Mark G. Galdieri, Esq.
Drinker Biddle & Reath
500 Campus Drive
Florham Park, NJ  07932-1047

Tel:     973-549-7024
Fax:     973-360-9831
Email:
Web:

     Defendant
     **AMERICAN OPTICAL CORPORATION**

John C. Garde, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street, P.O. Box 652
Newark, NJ  07102

Tel:     973-622-4444
Fax:     973-624-7070
Email:
Web:

     Defendant
     **ALLIED RUBBER & GASKET - CRAFT CO.**

     **LA BOUR PUMP CO., INC.**

     **OWENS-ILLINOIS, INC.**

     **TRANE USA, INC.**

William Gearty, Esq.
Law Offices of William Gearty, Esq.
301 Morris Avenue
Spring Lake, NJ  07762

Tel:      732-449-1114
Fax:      732-449-7292
Email:
Web:

    Defendant
    **CROWN, CORK & SEAL COMPANY, INC.**

Stuart M. Goldstein, Esq.
Hollstein, Keating, Cattell, Johnson & Goldstein
Willow Ridge Executive Office Park, Suite 301
750 Route 73 South
Marlton, NJ  08053

Tel:      856-810-8860
Fax:      856-810-8861
Email:
Web:

    Defendant
    **CHICAGO BRIDGE & IRON COMPANY**

Nora Grimbergen, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Paterson Street, P.O. Box 480
New Brunswick, NJ  08903

Tel:      732-545-4717
Fax:      732-545-4579
Email:   ngrimbergen@hoaglandlongo.com
Web:

    Defendant
    **SUPERIOR WELDING AND BOILER REPAIR, INC.**

Kevin Grubb, Esq.
Kevin Grubb, Esq. P.A.
The Concourse At Beaver Brook
1465 Rt. 31, P.O. Box 546
Annandale, NJ  08801

Tel:      908-238-9400
Fax:      908-238-9401
Email:
Web:

    Defendant
    **UNION PUMP COMPANY**

Kevin E. Hoffman, Esq.
Kent & McBride
555 Route 1 South
Woodbridge Towers, 4th Floor
Iselin, NJ  08830

Tel:     732-326-1711
Fax:     732-326-1830
Email:  khoffman@kentmcbride.com
Web:

    Defendant
**ALFA LAVAL, INC.**

    **BINSKY & SNYDER, INC.**

    **CHARLES A. WAGNER, INC.**

    **KOENIG INDUSTRIAL SUPPLY, INC.**

    **MARSAM VALVES & FITTINGS CORPORATION**

    **MOONEY BROS. CORP.**

    **PULMOSAN SAFETY EQUIPMENT CORPORATION**

    **T.J. McGLONE & CO., INC.**


Kim Hollaender, Esq.
Nelson Levine deLuca & Horst
518 Township Line Road - Suite 300
Blue Bell, PA  19422

Tel:     215-358-5100
Fax:
Email:  khollaender@nldhlaw.com
Web:

    Defendant
**ZY-TECH GLOBAL INDUSTRIES, INC.**


Angela A. Iuso, Esq.
Connell, Foley LLP
85 Livingston Avenue
Roseland, NJ  07068

Tel:     973-535-0500
Fax:     973-535-9217
Email:
Web:

    Defendant
**SUPERIOR WELDING SUPPLY, INC.**

Paul C. Johnson, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002

Tel:     856-414-6000
Fax:     856-414-6077
Email:
Web:

    Defendant
**KAISER GYPSUM COMPANY, INC.**

    **RILEY POWER, INC.**


Sean X. Kelly, Esq.
Marks, O'Neill, O'Brien & Courtney
Cooper River West - Suite 300
6981 North Park Drive
Pennsauken, NJ  08109

Tel:     856-663-4300
Fax:     856-663-4439
Email:
Web:

    Defendant
**GEORGIA-PACIFIC CORPORATION**

    **VAN HOUTEN PLUMBING & HEATING SUPPLY CO.**


Jeffrey S. Kluger, Esq.
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham Park, NJ  07932

Tel:     973-822-1110
Fax:     973-822-1116
Email:  jkluger@mcgivneyandkluger.com
Web:

    Defendant
**BERGEN INDUSTRIAL SUPPLY CO., INC.**


Mark G.  Lionetti, Esq.
Maron, Marvel, Bradley & Anderson, P.A.
1700 Market Street, Suite 1500
Philadelphia, PA  19103

Tel:     215-231-7100
Fax:     215-231-7101
Email:  mgl@maronmarvel.com
Web:     www.maronmarvel.com

    Defendant
**MILWAUKEE VALVE COMPANY**

Mark F. MacDonald, Esq.
Baginski, Mezzanolte, Hasson & Rubinate
Suite 500 Public Ledger Building
150 South Independence Mall West
Philadelphia, PA 19106

Tel:     215-627-3087
Fax:     215-629-1570
Email:
Web:

    Defendant
**SHERMAN AND CHAPLIN, INC.**

    **VIKING PUMP INC.**


James V. Marks, Esq.
Holland & Knight, L.L.P.
195 Broadway, 23rd Floor
New York, NY 10007

Tel:     212-513-3200
Fax:     212-385-9010
Email:   james.marks@hklaw.com
Web:     www.hklaw.com

    Defendant
**FLOMATIC CORPORATION**


Charles M. McGivney, Esq.
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham Park, NJ 07932

Tel:     973-822-1110
Fax:     973-822-1116
Email:
Web:

    Defendant
**NORTH CAROLINA ENTERPRISES CO., INC**


Michael P. McGrath, Esq.
Garrity, Graham, Favetta & Flinn
1 Lackawanna Plaza, P.O. Box 4205
Montclair, NJ 07042

Tel:     973-509-7500
Fax:     973-509-0414
Email:
Web:

    Defendant
**UNITED CONVEYOR CORP.**

Jack McGuire, Esq.
Sedgwick, Detert, Moran & Arnold
Three Gateway Center, 12th Floor
Newark, NJ 07102

Tel:    973-242-0002
Fax:    973-242-8099
Email:
Web:

Defendant
**FOSTER WHEELER CORPORATION**


Stephen McHugh, Esq.
Kent & McBride
1040 Kings Highway North, Suite 600
Cherry Hill, NJ 08034

Tel:    856-667-3113
Fax:    856-667-4003
Email:  smchugh@kentmcbride.com
Web:

Defendant
**S.O.S. PRODUCTS, INC.**


Michael A. Moroney, Esq.
Weber, Gallagher, Simpson, Stapleton, Fires & Newby, LLP
33 Washington Street, 10th Floor
Newark, NJ 07102

Tel:    973-854-1060
Fax:    973-242-1945
Email:  mmoroney@wglaw.com
Web:

Defendant
**SPIRAX SARCO, INC.**


William F. Mueller, Esq.
Clemente Mueller, P.A.
218 Ridgedale Avenue
Cedar Knolls, NJ 07927

Tel:    973-455-8008
Fax:    973-455-8118
Email:
Web:    www.cm-legal.com

Defendant
**DURABLA MANUFACTURING COMPANY**

Gerard D. Nolan, Esq.
Ronca, Hanley, Nolan & Zaremba, LLP.
5 South Regent Street, Suite 517
Livingston, NJ  07039

Tel:     973-994-2030
Fax:     973-994-2113
Email:  lchan@roncalawfirm.com
Web:

     Defendant
**NEW YORK PROTECTIVE COVERING INDUSTRIES, INC.**


William J. O'Brien, Esq.
Delany & O'Brien
111 South Independence Mall East - Suite 1002
Philadelphia, PA  19106

Tel:     888-365-2973
Fax:     888-365-2988
Email:  wjo@dolaw.com
Web:

     Defendant
**GRANT SUPPLY CO., INC.**


Kevin J. O'Toole, Esq.
O'Toole, Fernandez, Weiner & Van Lieu LLC
60 Pompton Avenue
Verona, NJ  07044

Tel:     973-239-5700
Fax:     973-239-3400
Email:
Web:     www.ofwvlaw.com

     Defendant
**DANA COMPANIES**


Monika Pundalik, Esq.
Dreifuss, Bonacci & Parker
26 Columbia Turnpike - North Entrance
Florham Park, NJ  07932

Tel:     973-514-1414
Fax:     973-514-5959
Email:
Web:

     Defendant
**A.J. MCNEIL CO., INC.**

Vincent Reilly, Esq.
Reilly, Janiczek & McDevitt
Kevon Office Center, Suite 240
2500 McClellan Blvd.
Merchantville, NJ  08109

Tel:     856-317-7180
Fax:     856-317-7188
Email:
Web:

    Defendant
**MAGNATROL VALVE CORPORATION**

    **YORK CORRUGATING COMPANY**

Frank H. Reimers, Esq.
Garrity, Graham, Favetta & Flinn
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ  07042-4205

Tel:     973-509-7500
Fax:     973-509-0414
Email:
Web:

    Defendant
**INDUSTRIAL PETROLIC CO., INC.**

Steve Satz, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Paterson Street, PO Box 480
New Brunswick, NJ  08903

Tel:     732-545-4717 x 2111
Fax:     732-545-4579
Email:   ssatz@hoaglandlongo.com
Web:

    Defendant
**BURNHAM CORPORATION**

Charles P. Savoth, III, Esq.
Methfessel & Werbel
3 Ethel Road, Suite 300
P.O. Box 3012
Edison, NJ  08818

Tel:     732-248-4200
Fax:     732-248-2355
Email:   savoth@methwerb.com
Web:

    Defendant
**POMPTON PLUMBING & HEATING SUPPLY CO.**

Mark Turner, Esq.
 Tierney Law Offices
 1125 Land Title Building
 100 South Broad Street
 Philadelphia, PA  19110-01029

Tel:    215-790-2400
Fax:    215-790-2409
Email:  tierneylaw@aol.com
Web:

 Defendant
 **A.J. FRIEDMAN SUPPLY CO., INC.**

 **ELIZABETH INDUSTRIAL HARDWARE CO.**

Kristine M.  Urban, Project Assistant
 Georgia-Pacific Corporation, LLC
 133 Peachtree Street NE, 39th Floor
 Atlanta, GA  30303

Tel:    404-652-8004
Fax:    404-487-4151
Email:
Web:

 Defendant
 **GEORGIA-PACIFIC CORPORATION**

Donald E. Ward
 Special Claims Services, Inc.
 809 Coshocton Avenue, Suite 1
 Mount Vernon, OH  43050-1931

Tel:    (740) 397-6700
Fax:    (740) 397-6701
Email:  donward@specialclaimsservices.com
Web:

 Defendant
 **J.H. FRANCE REFRACTORIES CO., INC.**

Lisa Wildstein, Esq.
 Segal McCambridge Singer & Mahoney, Ltd.
 103 Carnegie Center, Suite 103
 Princeton, NJ  08540

Tel:    609-452-1558
Fax:    609-452-1559
Email:  lwildstein@smsm.com
Web:    www.smsm.com

 Defendant
 **GREENE TWEED & COMPANY**

Judith A. Yavitz, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY  10022

Tel:    212-205-6093
Fax:    212-521-5450
Email:  jyavitz@reedsmith.com
Web:

Defendant
**PFAUDLER UNITED STATES INC. also named PFAUDLER COMPANIES, INC.**

Stallard

I.  1.  State your full name, address and telephone number, date of birth, educational background and social security number.

Emory Stallard

Date of Birth:  1/19/33
Date of Death:  10/21/04
Social Security No.:  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
Education:  High School Graduate

I.  2.  State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:

a.  fuel use for heating and cooking;

b.  significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);

c.  number of family units co-occupying said structure.

1933-1950
Amonate, Virginia
a.  Coal for heating and cooking
b.  None
c.  Single family

1950-1955
War, West Virginia
a.  Coal for heating and cooking
b.  None
c.  Single family

1955-1956
88th Street
Niagara, New York
a.  Gas for heating and cooking
b.  None
c.  Single family

1956-1957
Waterford, New jersey
a.  Gas for heating and cooking
b.  None
c.  Four family

1957-1959
Michigan Avenue
Niagara, New York
a.  Oil heating; electric cooking
b.  None
c.  Two family

1959-1963
Penbryn Road
Tansboro, New Jersey
a.  Oil heating; electric cooking
b.  None

#3835762                                    1

Stallard

   c.  Single family

1963-1974
3rd Avenue
West Berlin, New Jersey
a.  Gas for heating and cooking
b.  None
c.  Single family

1974-1977
Preston Street
Bluefield, West Virginia
a.  Gas for heating and cooking
b.  None
c.  Single family

1978-1985
Pine Run
Blackwood, New Jersey
a.  Gas for heating and cooking
b.  None
c.  Single family

1986-2004
1861 Corkery Lane
Williamstown, New Jersey
a.  Gas for cooking and heating
b.  None
c   Single family


   I.  3.  Are you married or single.  If you are married, set forth:

   a.  your maiden name or the maiden name of your spouse;

   b.  give the date and place of marriage.


We were married on June 15, 1952 in War, West Virginia.  My maiden name was Doris Trent.


   I.  4.  Did you ever serve in the armed forces of the United States?  If so, state which service (Army, Navy, etc.), the branch of that service, your service identification number, the years of service, type of discharge and, if a medical discharge, attach a copy hereto and set forth the medical reasons.


   Not applicable.


   I.  5.  If you are now or have you ever been, a member of a trade or labor union, provide the following information:

   a.  the name of the union or unions to which you have belonged;

   b.  the inclusive dates of your membership in each;

Stallard

    c.  the numbers and complete address of the local unions to which you have belonged;

    d.  all officers or other positions which you have held in each union, identifying the office, position, and union in which held and inclusive dates the position or office was held.

    Not applicable.

    I.  6.  Identify all jobs and projects on which you worked with or around asbestos or materials containing asbestos and state separately as to each job or project the following:

    a.  the name and location of each job (stating the plant site, city, county and state);

    b.  the name and address of each employer for whom you worked;

    c.  the beginning and ending dates of each job or project;

    d.  the name and manufacturer of each and every product containing asbestos with which you worked or to which you were exposed on each particular job or project and a general description of each such product;

    e.  the identity of your immediate superior or job superintendent on each such job or project;

    f.  the identity of all persons with whom you worked on each such job or project;

    g.  the approximate length of time that you worked on each such job or project;

    h.  whether or not you wore a respirator or mask on each such job or project;

    i.  your specific duties on each job.

    a.-c.  My husband worked as a bricklayer from 1955 to 1962

    My husband has worked on both new construction and renovations throughout New Jersey and New York where he installed, renovated and repaired refractory linings of boilers, furnaces, breechings and similar industrial equipment. When he wasn't working with asbestos himself, he was constantly working around and right next to insulators, plumbers and pipefitters, boilermakers, contractors and other trades who were handling, cutting, mixing, removing, and installing asbestos pipe covering, block, cement, gaskets, packing and other asbestos-containing materials, or servicing equipment that was insulated with or contained asbestos products.  The dust they created covered everything, including him and his clothing, and he

3

Stallard

inhaled it.  In 1957-1958 he worked on construction of the U.S.S. Kitty Hawk which he installed the asbestos brick inside of the boilers.

The following are the job sites where he was exposed to asbestos and asbestos dust in the ways set forth above:

**NIAGARA ALKALINE CHEMICAL**, Niagara, New York (1955-1956)

**GREY LAKES CARBON**, Niagara, New York (1956-1957)

**NEW YORK SHIPBUILDING**, Camden, New Jersey (1957-1958)

**NIAGARA FALLS POWER PROJECT**, Niagara, New York (1959-1962)

d. I don't remember the name of every asbestos product my husband worked with and was exposed to. Asbestos was everywhere.  When he wasn't using it himself he was always working next to insulators, plumbers and pipefitters, boilermakers, contractors and other trades who were handling, cutting, mixing, removing, and installing it and creating a lot of asbestos dust which he inhaled

My husband's co-workers will establish that he used and was exposed to the following types of products:

Asbestos pipe covering
Asbestos cement and compound
Asbestos gaskets
Asbestos packing
Asbestos gloves

My husband was also exposed to asbestos dust when working on or around asbestos containing equipment, made by the following companies, which contained or were covered with asbestos insulation:

A.W. Chesterton gaskets
Babcock and Wilcox
Brand pipe insulation
Combustion Engineering boilers
Delaval Turbines
Durabla
Fairbanks-Morse
Foster Wheeler
Garlock
General Electric Engines and Turbines
Georgia Pacific pipe insulation
Gould's pumps
Ingersoll Rand Pumps
Madsen & Howell
Owens-Illinois
Rapid American
Riley Stoker
Robert A. Keasbey
Union Carbide
Woolsulate

83835762

4

Stallard

Worthington Pumps
Westinghouse Turbines

My husband was also around the installers, handlers
and suppliers of asbestos products:

York
Standard
A.C.& S
Westinghouse
General Electric
General Dynamics
Delaval
John-Manville
Kaylo

His co-workers will also establish that he was
exposed to asbestos dust when working on or around
the equipment, including boilers, pumps and
valves, which was assembled, sealed and/or
insulated with asbestos products.

They will also testify that my husband was exposed
to asbestos dust from asbestos products supplied,
handled, installed and/or removed by outside
contractors and other entities.

e.-f.   My husband worked with so many people it is
impossible to list them all.

James Yoder
Albert Maffei
Joseph Cappy
Robert Richter
Paul Barber
Joseph Walters
Edward Redmond
Robert Fuhrmeister

g.   See (a.-c.) above.

h.   My husband's co-workers will testify that neither
they nor my husband were ever told to wear a mask
to protect them from asbestos dust.  Had they been
warned of the dangers of asbestos, they would have
worn protection or worked somewhere else.

i.   See (a.-c.) above.


I.   7.   As to each exposure to each product listed in
the answer to the immediately preceding interrogatory, describe
by name or other description the persons or documents which you
claim will establish the fact of your exposure to the product.
For each witness listed, state the witness's complete name, job
title or capacity, employer, address and telephone number.  For
each document listed, state a description of the document, its
contents and the name, address and telephone number of the
custodian of the document.

The following is not based on my personal
knowledge,but is provided on advice of my

Stallard

attorneys solely to assist in discovery in this matter.

The products set forth in response to interrogatory I.6 are the asbestos products which my husband was exposed.  To establish the identity of these products, I will rely upon the testimony of my husband's co-workers and/or others employed by and at the sites where he worked, and on discovery produced by defendants, in this matter and in other asbestos    litigation arising from employment at those sites.  I will further rely upon discovery from companion bricklayer cases including Calderone, Re De Fresco,  Dilanni, Falco, Pelliegrino, In Re Bellizzi, Weaver,    In Re Horner, In Re Yoder and Falco.

Upon advice of counsel, documents and witnesses will establish that the following companies (and/or their predecessor or subsidiary companies) made asbestos products used at, or supplied asbestos products to the job sites where my husband worked, installed asbestos products at those sites, or made equipment operated at those sites which was assembled, sealed and/or insulated with asbestos products:

A.J. FRIEDMAN SUPPLY CO., INC.
A.J. MCNEIL CO., INC
A.W. CHESTERTON COMPANY
AGL WELDING SUPPLY CO., INC.
ALFA LAVAL, INC
ALLIED BUILDING PRODUCTS CORP.
ALLIED RUBBER & GASKET - CRAFT CO.
AMERICAN OPTICAL CORPORATION
AMERICAN STANDARD INC
BERGEN INDUSTRIAL SUPPLY CO., INC.
BINSKY & SNYDER, INC.
BURNHAM CORPORATION
CALON INSULATION CORP.
CENTRAL JERSEY SUPPLY COMPANY
CERTAINTEED CORPORATION
CHARLES A. WAGNER, INC.
CHICAGO BRIDGE & IRON COMPANY
COLUMBIA BOILER COMPANY OF POTTSTOWN, INC.
CROWN, CORK & SEAL COMPANY, INC.
DANA CORPORATION
DB RILEY, INC.
DURABLA MANUFACTURING COMPANY
E&B MILL SUPPLY CO.
ELIZABETH INDUSTRIAL HARDWARE CO.
THE FAIRBANKS COMPANY
FLOMATIC CORPORATION
FLOWSERVE CORPORATION
FOSTER WHEELER CORPORATION
GARLOCK, INC.
GENERAL REFRACTORIES COMPANY
GEORGIA-PACIFIC CORPORATION
GLOBAL MANAGEMENT, INC
GRANT SUPPLY CO., INC.
GREENE TWEED & COMPANY
H & B INDUSTRIES, INC
H.B. SMITH COMPANY, INC
HERCULES CHEMICAL COMPANY, INC.
HUDSON IRON AND METAL COMPANY
IMO INDUSTRIES INC.

Stallard

INDUSTRIAL PETROLIC CO., INC.
INDUSTRIAL RUBBER COMPANY
INDUSTRIAL WELDING SUPPLY, INC.
INGERSOLL-RAND COMPANY
J.H. FRANCE REFRACTORIES CO., INC.
THE JOHANSEN COMPANY
JOHN W. WALLACE & CO.
KAISER GYPSUM COMPANY, INC.
KOENIG INDUSTRIAL SUPPLY, INC.
KRAEMER GUNITE, INC.
LA BOUR PUMP CO., INC.
LAWTON & BURNS, INC.
LEHIGH GASKET COMPANY
LINE A CORPORATION
MADSEN & HOWELL, INC.
MAGNATROL VALVE CORPORATION
MARSAM VALVES & FITTINGS CORPORATION
MELRATH SUPPLY & GASKET CO., INC.
MILWAUKEE VALVE COMPANY
MOONEY BROS. CORP.
NEW JERSEY GASKET MANUFACTURING CO., INC.
NEW YORK PROTECTIVE COVERING INDUSTRIES, INC.
NORTH CAROLINA ENTERPRISES CO., INC
NOTTE SAFETY APPLIANCE COMPANY
NUTLEY HEATING & COOLING SUPPLY COMPANY, INC.
ONYX INDUSTRIAL, INC.
OWENS-ILLINOIS, INC.
PALERMO SUPPLY CO., INC.
PASSAIC METAL PRODUCTS COMPANY
PATTERSON PUMP COMPANY
THE PEERLESS HEATER COMPANY
PFAUDLER UNITED STATES INC.
PFAUDLER COMPANIES, INC.
POMPTON PLUMBING & HEATING SUPPLY CO.
PULMOSAN SAFETY EQUIPMENT CORPORATION
RAPID AMERICAN CORP.
RARITAN SUPPLY COMPANY
RECORD INDUSTRIAL COMPANY
RHONE-POULENC, INC
ROBERT A. KEASBEY COMPANY
S.O.S. PRODUCTS, INC.
SAFEGUARD INDUSTRIAL EQUIPMENT CO.
SHERMAN AND CHAPLIN, INC.
SID HARVEY INDUSTRIES, INC
SLOAN VALVE CO.
SPIRAX SARCO, INC
STATE INSULATION CORP.
STRAHMAN VALVES, INC.
SUPERIOR WELDING AND BOILER REPAIR, INC.
SUPERIOR WELDING SUPPLY, INC.
SVI CORPORATION
T.J. McGLONE & CO., INC.
UNION CARBIDE CORPORATION
UNION PUMP COMPANY
UNITED CONVEYOR CORP.
UNIVERSAL ALLOY VALVE & FITTING CO.
VAN HOUTEN PLUMBING & HEATING SUPPLY CO.
VIKING PUMP INC.
WALLACE EANNACE ASSOCIATES, INC.
WASHINGTON GROUP INTERNATIONAL, INC
WEIL-McLAIN
WILMAR INDUSTRIES, INC
WOOLSULATE CORPORATION
YORK CORRUGATING COMPANY
YORK INDUSTRIES CORP.
YORK SHEET METAL & ROOFING SUPPLY CO.
ZAENTZ INDUSTRIAL HARDWARE WHOLESALERS
ZY-TECH GLOBAL INDUSTRIES, INC.

Stallard

Depositions and documents upon which Plaintiffs
may rely are set forth in Plaintiffs' answers to
Form II Interrogatories.

    I.  8.  Have you at any time during your life ever used
any device to reduce your possible exposure to, or inhalation
of, asbestos dust or fiber?  If your answer is affirmative,
please state for each such device:

    a.  make, model and type;

    b.  from whom received;

    c.  company or employer requirements regarding use
of such device;

    d.  name, address, phone number of document title,
date and description of the source of such requirement(s) or
recommendation(s);

    e.  date and time of each period of use of such
device;

    f.  if you will do so without a motion to produce,
please attach a copy of each writing which evidences the
requirements or recommendations referred to in subparts (c) and
(d) on this interrogatory.

    See response to I.6(h).

    I.  9.  Identify the disease or injuries for which
claim is made by you in the above-captioned complaint, and as to
such disease or injury provide the following information:

    a.  a description of the symptoms of the disease
or injury;

    b.  the date you first experienced any of the
above symptoms of the disease or injury described above;

    c.  the name and address of each doctor or other
practitioner of the healing arts who has either examined or
treated you for the disease or injury described above and the
dates of such treatment or examination;

    d.  the treatment provided by each doctor or
other practitioner of the healing arts for the disease or injury
identified above.

    Mesothelioma

    a.  Prior to his death my husband suffered with very
    severe pain in his chest.  Even with pain
    medication he was still very uncomfortable.  He
    couldn't rest and had a lot of trouble sleeping.
    He had very bad shortness of breath.  He couldn't
    do anything physical without getting completely
    winded.  He had no stamina and an activity tired
    him out.  This entire process was difficult for
    my husband as he had always been a very

Stallard

independent person.  He got very depressed and he
was very worried about what was going to happen
to me.

b.-d.   My husband first experienced these complaints in
the December of 2003.  We didn't know that he had
mesothelioma until after his December 17, 2003
biopsy.

To be supplemented.

I.  10.  State the date of the diagnosis made by any
physician or other practitioner of the healing arts of the
disease or injury which you set forth in your answer to
interrogatory 9 and identify the individual making such
diagnosis.

See response to I.11.

I.  11.  State the date you learned of the diagnosis
of such disease or injury.

The first time we were told that my husband had
mesothelioma was after his December 2003 biopsy.

I.  12.  If you have received any treatment with
respect to the disease or injury set forth in your answer to
interrogatory 9, state:

a.  The name and address of each hospital, clinic
or other medical facility at which you were treated or admitted;

b.  The dates on which said treatment or
treatments were rendered, including the dates of entry into and
discharge from said hospitals, clinics or other medical
facility.

See response to I.9(d).

I.  13.  Identify each physician or other
practitioner of the healing arts not previously identified
herein who has examined or treated you for any reason and for
each such individual so identified provide the following
information:

a.  The reason for such examination or treatment;

b.  The date of each examination or treatment;

c.  The diagnosis resulting from each such
examination or treatment.

Records for treatment rendered by the following
physicians and hospitals are available through
RecordTrak, 651 Allendale Road, P.O. Box 61591, King

Stallard

of Prussia, Pennsylvania 19406.

Dr. Richard Costa & Dr. Scott Druckman
Berlin, New Jersey
a. Family physician
b. 1990-2004
c. General care

Virtua West Jersey Hospital Voorhees
Voorhees, New Jersey
a. Biopsy & Bronchoscope
b. December 2003
c. See (a)

Center for Cancer and Hematology Disease
Cherry Hill, New Jersey
a. Oncologist & Procrit Therapy
b. December 2003-2004
c. See (a)

Dr. Constantine Andrew
Cherry Hill, New Jersey
a. 2003-2004
b. Routine visits
c. See (a)

Dr. Neil Cohen
Marlton, New Jersey
a. Gastroenterology
b. February 2004
c. See (a)

Surgical Group of South Jersey
Marlton, New Jersey
a. Treatments for blood clots
b. April 2004
c. See (a)

Center for Cancer and Hematology Disease
Cherry Hill, New Jersey
a. Treatment for mesothelioma
b. 2003-2004
c. See (a)


I. 14.  Identify each hospital, clinic or other
medical facility not previously identified herein at
which you have been examined or received medical
treatment and for each such facility identified
provide the following information:

     a.  The reason for such examination or treatment;

     b.  The date of each such examination or
treatment;

     c.  If you were an inpatient, the dates of admis-
sion to and discharge from such hospital, clinic or medical
facility;

     d.  The diagnosis resulting from each such
examination or treatment.

Stallard

See response to I.13.

I.  15.  If you are currently receiving medical services or treatment for any nature whatsoever, states:

a.  The name or names of the persons or persons attending you;

b.  The approximate frequency of said treatment of services;

c.  The date you last received said treatment or services.

See response to I.13.

I.  16.  If you have ever had x-rays taken of your chest, provide the following information for each set of x-rays taken:

a.  The name and address of the office or hospital where the x-rays were taken;

b.  The reason why such x-rays were taken;

c.  The date or dates on which the x-rays were taken;

d.  The information reported to you as being the x-ray diagnosis;

e.  The identity of the person or persons who took the x-ray and the person or persons who made the diagnosis.

See response to I.13.

I.  17.  If you have filed any claim with the Social Security Administration as a result of any injuries or disease, provide the following information:

a.  The date you filed said claim;

b.  The nature of such claim;

c.  The date upon which you first received any benefits, either for disability or for medical treatment;

d.  The amount of benefits you are receiving and the frequency with which you receive these benefits.

Not applicable.

I.  18.  Have you ever been convicted of a crime?  If so, state the following:

#3835762                                         11

Stallard

    a.  The date of each arrest;

    b.  The nature of each alleged offense;

    c.  The place of each arrest;

    d.  The outcome of each charge, indicating whether you were convicted or plead guilty;

    e.  The court where the matter was heard and date of the hearing.

    No.

    I.  19.  Do you or your counsel have written reports from any physician or practitioner of the healing arts respecting any injuries or diseases which you have identified in your response to these interrogatories?  If so, please attach a copy of said report to your answers to these interrogatories.

    To be served under separate cover

    I.  20.  As to any job or jobs on which you allege you were injuriously exposed to asbestos containing materials, was there any company other than your employer installing asbestos containing material at the same job site?  If so, please identify each job, its location, the approximate dates on which you worked on that job and the other company.

    See response to I.6.

    I.  21.  Do you now, or have you ever, chewed, smoked, consumed, or otherwise used tobacco products?  If so, please state:

    a.  The type or types of products (i.e., cigarettes, cigars, etc.);

    b.  The brand name of each product listed above; (indicate whether filtered or non-filtered as to each brand);

    c.  The inclusive dates of use of each product listed above;

    d.  The frequency of use or amount of use (i.e. one pack a day, etc.).

    My husband never smoked or used any tobacco products.

    I.  22.  Are you aware of the United States Surgeon General's warning placed on all cigarette packages and advertisements?

    Not applicable.

#3835762

12

Stallard

I.  23.  Have you ever read the warning referred to in interrogatory I.22?

Objection.  See response to I.22.

I.  24.  Have you ever smoked cigarettes subsequent to being aware of or reading the warning referred to in interrogatory I.22?

Objection.  See response to I.22.

I.  25.  Have you ever smoked tobacco products other than cigarettes subsequent to being aware of or reading the warning referred to in interrogatory I.22?

Objection.  See response to I.22.

I.  26.  State the names and current addresses of all persons who have knowledge of any relevant facts relating to this case.

See answers to prior and subsequent interrogatories; deposition testimony; reports of treating physicians; records custodians at relevant hospitals; co-workers regarding job conditions and product identification; and experts.

See also answers to Part II interrogatories and Riders annexed thereto with regard to experts, persons who have given deposition testimony regarding product identification in past asbestos cases and persons who have knowledge of facts relating to punitive damage issues, warnings, composition of defendant's products and other similar issues common to asbestos litigation.

To be supplemented as discovery continues.

I.  27.  Did you ever file a Workmen's Compensation claim for any or all of the injuries claimed in this action?  If so, state:

a.  The claim petition number;

b.  The name and address of the Workmen's Compensation insurance company and its file number;

c.  The terms of final judgment, if concluded;

d.  Attach hereto copies of all reports of all doctors who examined or treated you with regard to these claims;

Stallard

e.  Attach copies of the Claim Petition and Answer in said proceedings and copy of the Judgment, Order Approving Settlement, Order of Discontinuance, and/or any other Order of the Court disposing of the Workman's Compensation Petition;

f.  The name and address of the attorney who represented you in that proceeding.

See response to I.28.

I.  28.  Did you file a Workmen's Compensation claim at any time for any reason for any condition and/or injury other than those mentioned in the foregoing interrogatory?  If so, state:

a.  The claim petition number;

b.  The name and address of the Workmen's Compensation insurance company and its file number;

c.  The terms of final judgment, if concluded;

d.  Attach hereto copies of all reports of all doctors who examined or treated you with regard to these claims;

e.  Attach copies of the Claim Petition and Answer in said proceedings and copy of the Judgment, Order Approving Settlement, Order of Discontinuance, and/or any other Order of the Court disposing of the Workmen's Compensation Petition;

f.  The name and address of the attorney who represented you in that proceeding.

Not applicable.

I.  29.  Give a complete history of your employment including:

a.  The date you were hired;

b.  The name of each department and each plant in which you worked during your employment, giving the inclusive dates you worked in each;

c.  A detailed description of your duties in each of said departments;

d.  Whether there was any exposure by you during the aforementioned periods of employment to any dust, fumes or other conditions;

e.  If so, set forth in detail the nature of the exposure;

f.  The date your employment was terminated and the reasons therefor.

#3835762                    14

Stallard

Jones-Spry Supermarket
War, West Virginia
a.  1951-1955
b.  Supermarket
c.  Produce Clerk
d.  No
e.  Not applicable
f.  1955

Lucas Paint(Division of Sherwin Williams)
Gibbsboro, New Jersey
a.  1962-1967
b.  Paint manufacturer
c.  Laborer
d.  No
e.  Not applicable
f.  1967

Red Robin Convenience Store(Division of Penn Fruit)
Pint Hill, New Jersey
a.  1967-1974
b.  Convenience store
c.  Owner/operator
d.  No
e.  Not applicable
f.  1975

An Jean Coal Mining
West Virginia
a.  1975 (for a couple of months)
b.  Coal mine
c.  Miner
d.  No
e.  Not applicable
f.  See (a)

Ogle Georgia Coal Company
Caretta, West Virginia
a.  1976-1977
b.  Coal mine
c.  Miner
d.  No
e.  Not applicable
f.  1977

Self-employed Painter
New Jersey
a.  1977-2003
b.  Painter
c.  See (b)
d.  No
e.  Not applicable
f.  2003

For remainder of his employment see response to I.6.


     I.  30.  Are you presently receiving any form of
benefits under any insurance policy or policies, retirement
program or programs, pensions, social security or from any

Stallard

person, firm, corporation, governmental body or agency?  If so, set forth full details in regard thereto.

> Not applicable

I.  31.  Give the exact date upon which you became aware that those symptoms referred to in answers to interrogatories I.9 and I.11 were caused by the alleged acts of any party to this law suit.  Please respond separately as to each party so named by you.  If advised by another of said cause, set forth the name and correct address of that person.

> The first time we were told that my husband had mesothelioma was after his December 2003 biopsy.

I.  32.  If you were employed at the time the symptom, injury and/or condition complained of in the present action manifested itself, state as to each date of manifestation of symptom, injury and/or condition the following:

> a.  The name and address of the employer;

> b.  The position held and nature of work performed;

> c.  Your average weekly wages for the previous year;

> d.  The period of time lost from employment, if any, giving dates;

> e.  The amount of wages lost, if any;

> f.  Attach W-2 forms or I.R.S. returns for the last five (5) years.

> No lost wage claim presently being made.

I.  33.  If there has been a return to employment or occupation, state:

> a.  The name and address of present employer;

> b.  Position held and nature of work performed;

> c.  Present weekly wages, earnings, income or profit.

> Not applicable.

I.  34.  Itemize any and all moneys expended or expenses incurred for hospitals, doctors, nurses, x-rays, medicines, care and appliances and state the name and address of each payee and the amount paid or owed each payee.

#3835762                          16

Stallard

To be furnished under separate cover.

I.  35.  Itemize any and all other losses or expenses incurred not otherwise set forth.

To be furnished under separate cover.

I.  36.  Did decedent die testate?  If decedent died testate kindly attach to these answers to interrogatories a copy of his/her LAST WILL and TESTAMENT and state the date and the name of the County in which said Will was submitted for probate.

Yes

I.  37.  Did decedent die intestate?  If decedent died intestate kindly attach a copy of the Certificate appointing plaintiff as Administrator/Administratrix ad Prosequendum of the Estate concerned in the within matter.

No

I.  38.  Attached the Certificate appointing plaintiff General Administrator/Administratrix of the Goods, Chattels Rights and Credits of the Estate concerned in this matter.

See attached.

I.  39.  Attach a copy of the Death Certificate as to the decedent.

See attached.

I.  40.  Please set forth decedent's:

    a.  full name;

    b.  date and place of birth;

    c.  date and place of death.

a.  Emory Stallard
b.  My husband was born on January 19, 1933, in Amonate, Virginia.
c.  He died on October 21, 2004 in Williamstown,  New Jersey.

I.  41.  If decedent was ever known by any other name, set forth said other name or names and the periods of time during which it was used.

Stallard

Not applicable.

I. 42. If decedent was married at the time of his/her death, set forth:

a. date and place of said marriage;

b. maiden name of spouse.

See response to I.3.

I. 43. With whom did decedent reside at the time of his/her death?

With me, his wife.

I. 44. Did decedent have any children?

Yes.

I. 45. Set forth the name, age and address of each and every one of decedent's children.

Ramona Stallard Reese (55)
115 Thomas Ave.
Newtonville, NJ 08346

Norman Stallard (53)
13304 Oak Forest Court
Louisville, KY 40245

Emory Stallard, Jr. (51)
6 Bromley Drive
Erial, NJ 08081

Thomas Stallard (46)
724 West Browing Road
Bellmawr, NJ 08031

I. 46. Set forth decedent's Social Security number.

See response to I.1.

I. 47. Set forth with particularity and in detail:

a. the amount expended by decedent on his/her behalf for his/her support and maintenance during the year preceding the date of death indicated:

1. rent, mortgage payments or other costs of

Stallard

shelter;

        2.  food;

        3.  clothing;

        4.  operation, maintenance and insurance on automobile owned by decedent;

       b.  laundry and dry cleaning;

       c.  other expenditures for decedent in excess of $100.00; itemizing same.

If based on records of decedent, state the name and address of the person having custody of same.

To be supplemented.

I.  48.  Set forth all debts of the decedent which remained unpaid at his death, indicating the name and address of the person to whom owed, the date on which the original debt was incurred and the amount thereof and the present balance to the creditor.

See response to I.47.

I.  49.  Which next of kin plaintiff claims were dependent upon decedent at his death, if any.

My children and I were dependent upon him for advice, support and guidance.

I.  50.  If any of the next of kin of decedent are claimed to have been dependent upon the decedent at his death, set forth the nature of the benefits which the person or persons dependent upon the decedent received in each of the five years preceding the date of death, and the pecuniary value of the benefits received in each year.

See response to I.47.

I.  51.  If any of the next of kin of decedent are claimed to have been dependent upon the decedent at his death, set forth the gross annual income reported by said dependent on his Federal Income Tax Return for each year in which he claims to have been dependent upon decedent in whole or in part and the name and address of the person or persons having possession of copies of paid returns.

See response to I.47.

I.  52.  Was the decedent the recipient of any gifts of money or payment in the nature of support of decedent during the five year period preceding the date of death?  If so, set forth the name of the person making said gifts or payments, the

#3835762

Stallard

date of same, the amount of each gift or payment and the purpose
therefore.

No.

I. 53. Was the decedent receiving Social Security
Unemployment Compensation Disability Benefits, public or private
pension payments, or any form of public welfare or assistance
payments in the five years preceding his death? If so, set
forth the nature of the payments made, the amount of the same
and the agency or person paying the same to decedent.

No.

I. 54. Did the decedent have any physical or mental
defect or disability in the year preceding his death? If so,
describe the nature thereof, whether or not it disabled the
decedent and set forth the names and addresses of all hospitals,
institutions, physicians or other persons administering medical
or other assistance to decedent for said condition.

Prior to being diagnosed with mesothelioma, my husband
was in very good health.

I. 55. Set forth with particularity all pecuniary
benefits received by the next of kin from decedent to date of
death and the nature of all future pecuniary expectation of
which the next of kin were allegedly deprived of by the death of
decedent.

See response to I.47.

I. 56. Set forth the age of decedent at the date of
death, the general condition of his health and the names and
addresses of all physicians who examined or treated decedent or
were consulted by decedent in the year preceding decedent's
death and the purpose thereof.

See prior responses. My husband was 71 when he died.

MMNJ1919



VIRTUA HEALTH - PATHOLOGY AND LABORATORY MEDICINE

Loc: M3N  M311 W

Admitting Dx: PLEURAL EFFUSION NOS
Admission Date: 12/11/03
Billing # 0002025566403
Ordering Dr: SUTHERLAND,JEWELLE R.
Admitting Dr: SUTHERLAND,JEWELLE R.
Discharge:

Patient: STALLARD,EMORY W  JR
Medical Record# (0000)70108435-2
1861 CORKERY LANE
WILLIAMSTOWN                  , NJ 08094
Age:  70 YRS    DOB:01/19/33 Sex: M

Deliver to:     JEWELLE R. SUTHERLAND ,M.
                SOUTH CROSSING
                520A LIPPINCOTT DRIVE
                MARLTON                , NJ 08053

Copy to: SUTHERLAND,JEWELLE R.     SUTHERLAND,JEWELLE R.     RODIS,ANGEL V.
         SUTHERLAND,JEWELLE R.
         COSTABILE,JOSEPH P.

------------------------        ------------------------------------
                             NON-GYN CYTOLOGY
------------------------        ------------------------------------
          Accession: CN-03-02758   Collected: 12/12/03   Accession Date: 12/12/03

SOURCE
          Pleural fluid

GROSS DESCRIPTION
          1000 cc mucoid bloody fluid.
          Smears and cell block are prepared.
CLINICAL INFORMATION
          Pleural effusion.

DIAGNOSIS
          Pleural fluid: Almost acellular hemorrhagic effusion showing occasional
          degenerated atypical-appearing cells in single distribution inconclusive for
          diagnosis of malignancy (smears and cell block).

          Favor degenerated mesothelial cells.
          Follow up is suggested as clinically indicated.
                    Screened by: Patricia Kramer,CT(ASCP)
          12/15/03   Verified by: Evgenya Skarinsky, M.D.
                                  (Electronic Signature)

------
Gulnar R. Balsara, M.D.           William L. Manion, M.D.        Miles M. McFarland, M.D.
David A. Obando, M.D.             Arthur S. Schantz, M.D.        Evgenya Skarinsky, M.D.
Min Sohn, M.D.                    Allen J. Steinberg, M.D.       Jagjit K. Chawla, M.D.
Norman P. Levin, M.D.

CUMULATIVE CHART                              Patient: STALLARD,EMORY W  JR
Printed: 12/15/03  1813                       Page:   1   *** END OF REPORT **

MMNJ1920

**Virtua HEALTH**   VIRTUA HEALTH – PATHOLOGY AND LABORATORY MEDICINE

Loc: M3N  M314 D

Admitting Dx: PLEURAL EFFUSION NOS
Admission Date: 12/11/03
Billing # 0002025566403
Ordering Dr: SUTHERLAND,JEWELLE R.
Admitting Dr: SUTHERLAND,JEWELLE R.
Discharge:

Patient: STALLARD,EMORY W  JR
Medical Record# (0000)70108435-2
1861 CORKERY LANE
WILLIAMSTOWN               , NJ 08094
Age:  70 YRS    DOB:01/19/33 Sex: M

Deliver to:    JEWELLE R. SUTHERLAND ,M.
               SOUTH CROSSING
               520A LIPPINCOTT DRIVE
               MARLTON              , NJ 08053

Copy to: SUTHERLAND,JEWELLE R.       SUTHERLAND,JEWELLE R.       RODIS,ANGEL V.
         SUTHERLAND,JEWELLE R.
         COSTABILE,JOSEPH P.

---

**NON-GYN CYTOLOGY**

---

         Accession: CN-03-02767    Collected: 12/15/03   Accession Date: 12/15/03

SOURCE        Bronchial brushing-right

GROSS DESCRIPTION
              6 slides are received.
CLINICAL INFORMATION
              Pleural effusion, NOS.
CAL
DIAGNOSIS
              Bronchial brushing-right lower lobe:  No malignant cells identified.

              Mildly reactive bronchial cells are present.

              See also associated CN-03-2768 report.
                   Screened by: Barbara DeSantis, CT(ASCP)
              12/16/03   Verified by: Evgenya Skarinsky, M.D.
                         (Electronic Signature)

---

Gulnar R. Balsara, M.D.          William L. Manion, M.D.       Miles M. McFarland, M.I.
David A. Obando, M.D.            Arthur S. Schantz, M.D.       Evgenya Skarinsky, M.D.
Min Sohn, M.D.                   Allen J. Steinberg, M.D.      Jagjit K. Chawla, M.D.
Norman P. Levin, M.D.

CUMULATIVE CHART                              Patient: STALLARD,EMORY W  JR
Printed: 12/17/03  1347                       Page:    1   *** END OF REPORT

MMNJ1921

**Virtua HEALTH**   VIRTUA 1 · LTH - PATHOLOGY AND LABORATORY MEDICINE

Loc:

Admitting Dx: PLEURAL EFFUSION NOS
Admission Date: 12/11/03
Billing # 000202566403
Ordering Dr: DERIVAUX,CHRISTOPHER C.
Admitting Dr: SUTHERLAND,JEWELLE R.
Discharge: 12/20/03

Patient: STALLARD,EMORY W JR
Medical Record# (0000)70108435-2
1861 CORKERY LANE
WILLIAMSTOWN                 , NJ 08094
Age: 70 YRS    DOB:01/19/33 Sex: M

Deliver to:   JEWELLE R. SUTHERLAND ,M.
              SOUTH CROSSING
              520A LIPPINCOTT DRIVE
              MARLTON                  , NJ 08053

Copy to: SUTHERLAND,JEWELLE R.        SUTHERLAND,JEWELLE R.        RODIS,ANGEL V.
         DERIVAUX,CHRISTOPHER C.

--------------------------------------------------------------------------
                                NON-GYN CYTOLOGY
--------------------------------------------------------------------------
         Accession: CN-03-02786   Collected: 12/16/03   Accession Date: 12/17/03
CE
         Pleural fluid

S DESCRIPTION
         32 cc bloody clotted fluid.
         Smears and cell block are prepared.
ICAL INFORMATION
         Right pleural effusion.

NOSIS
         Pleural fluid:  Suspicious for malignancy.

         Very rare degenerated highly atypical cells are identified on the cell block.
         The smears demonstrate blood only.

         See also associated SP-03 15347 biopsy report positive for sarcomatoid
         malignant mesothelioma.
                     Screened by:  Barbara DeSantis, CT(ASCP)
         12/18/03    Verified by:  Evgenya Skarinsky, M.D.
                                   (Electronic Signature)

--------------------------------------------------------------------------
Gulnar R. Balsara, M.D.        William L. Manion, M.D.        Miles M. McFarland, M.D.
David A. Obando, M.D.          Arthur S. Schantz, M.D.        Evgenya Skarinsky, M.D.
Min Sohn, M.D.                 Allen J. Steinberg, M.D.       Jagjit K. Chawla, M.D.
Norman P. Levin, M.D.

CUMULATIVE CHART                              Patient: STALLARD,EMORY W  JR
Printed: 12/22/03  1342                       Page:   1    *** END OF REPORT ***

MMNJ1922

 **Virtua** HEALTH    VIRTUA HEALTH - PATHOLOGY AND LABORATORY MEDICINE

LOC:

Admitting Dx: PLEURAL EFFUSION NOS
Admission Date: 12/11/03
Billing # 0002025566403
Ordering Dr: DERIVAUX,CHRISTOPHER C.
Admitting Dr: SUTHERLAND,JEWELLE R.
Discharge: 12/20/03

Patient: STALLARD,EMORY W JR
Medical Record# (0000)70108435-2
1861 CORKERY LANE
WILLIAMSTOWN         , NJ 08094
Age: 70 YRS    DOB:01/19/33 Sex: M

Deliver to:    JEWELLE R. SUTHERLAND ,M.
               SOUTH CROSSING
               520A LIPPINCOTT DRIVE
               MARLTON              , NJ 08053

Copy to: SUTHERLAND,JEWELLE R.        SUTHERLAND,JEWELLE R.        RODIS,ANGEL V.
         DERIVAUX,CHRISTOPHER C.

---

## SURGICAL PATHOLOGY

---

Accession  SP-03-15347        Surgery: 12/17/03

**SOURCE OF SPECIMEN**
    Right diaphragmatic pleura
    Right parietal pleura
    Right visceral pleura
    Right parietal pleura

**CLINICAL INFORMATION**
    PREOPERATIVE DIAGNOSIS: Right pleural effusion
    POSTOPERATIVE DIAGNOSIS: Right pleural effusion
    Right diaphragmatic pleura rule out questionable mesothelioma

**GROSS DESCRIPTION**
    Four specimens are received.

    Specimen number one is labeled "right diaphragmatic pleura" and consists of
    multiple pieces of membranous gray tan tissue measuring 2.5 cm in aggregate.
    Totally submitted for microscopic examination in cassette "1A", multiple
    pieces.

    Specimen number two is labeled "right parietal pleura" and consists of pieces
    of gray tan and somewhat hemorrhagic membranous tissue in formalin measuring
    2.5 cm in aggregate.  Totally submitted for microscopic examination in
    cassette "2A", multiple pieces.

    Specimen number three is labeled "right visceral pleura" and consists of two
    pieces of white and tan membranous tissue in formalin measuring 2 cm in
    aggregate.  Submitted for microscopic examination in cassette "3A", two
    pieces.

    Specimen number four is labeled "right parietal pleura" and consists of three
    pieces of white membranous firm tissue in formalin measuring 1.8 cm in
    aggregate.  Submitted for microscopic examination in cassette "4A", three

---

Printed: 12/22/03  1342                          Page:   1   CONTINUED...

MMNJ1923

 **Virtua** HEALTH   VIRTUA 1. LTH - PATHOLOGY AND LABORATOR\ .EDICINE

Loc:      M314 D

Admitting Dx: PLEURAL EFFUSION NOS                Patient: STALLARD,EMORY W  JR
Admission Date: 12/11/03                          Medical Record# (0000)70108435-2
Billing # 0002025566403                           1861 CORKERY LANE
Ordering Dr: DERIVAUX,CHRISTOPHER C.              WILLIAMSTOWN                , NJ 08094
Admitting Dr: SUTHERLAND,JEWELLE R.              Age:  70 YRS    DOB:01/19/33 Sex: M
Discharge: 12/20/03


Deliver to:    JEWELLE R. SUTHERLAND ,M.
               SOUTH CROSSING
               520A LIPPINCOTT DRIVE
               MARLTON            , NJ 08053


Copy to: SUTHERLAND,JEWELLE R.        SUTHERLAND,JEWELLE R.        RODIS,ANGEL V.
         DERIVAUX,CHRISTOPHER C.

-------------------    -------------------------------------------------
                            SURGICAL PATHOLOGY
----------------------------------------------------------------------------
             Accession  SP-03-15347    Surgery: 12/17/03

   GROSS DESCRIPTION
        pieces.
        RM/DO:nm  12/17/03

   FINAL DIAGNOSIS
        Right pleura, diaphragmatic, parietal and visceral (specimens 1, 2, 3 and 4):
        Sarcomatoid malignant mesothelioma, high grade.
        See COMMENT.

        Immunoperoxidase stains performed. The neoplastic cells demonstrate
        reactivity with calretinin, high and low molecular weight cytokeratins
        (KER 34BE12 and KER-AE-1) and are negative for CEA.
        These results favor the mesothelial origin of this tumor.

   COMMENT:  The tumor is composed of plump fibroblast-like cells with marked
   nuclear atypia in a whorled, storiform growth pattern, thus closely resembling
   a spindle cell sarcoma or a spindled carcinoma.

   See also associated CN-03-2786 cytology report.
   ES:dc
                          By:  Evgenya Skarinsky, M.D.
   12/22/03   Transcription verified by:  Evgenya Skarinsky, M.D.
                                (Electronic Signature)



-------------------------------------------------------------------------
Printed: 12/22/03  1342                        Page:   2   CONTINUED...

FEB 18 05 11:00a    UNITED CHECK   MMNI2287ISHING   0000000004                 P.2

# State of New Jersey
# Gloucester County Surrogate's Court

In the Matter of the Estate of                          **LETTERS OF**
Emory W. Stallard, Deceased                          **ADMINISTRATION**

I, **Stephen R. Salvatore**, Surrogate of the County of Gloucester do certify that on November 15, 2004, Administration of the Goods and Chattels, Rights and Credits which were of Emory W. Stallard late of the County of Gloucester, who died intestate, was granted by me to Doris L. Stallard who is(are) the Administrator(s) and is(are) duly authorized to administer the same agreeably to law.



WITNESS my hand and seal of office this
this 15th day of November, 2004.

_Stephen R. Salvatore_
**Stephen R. Salvatore, Surrogate**

©FACSTORE, 1994 Form-A13 CASE: 11475  PRINT DATE: 11/15/2004          Page 1

FEB 16 05 11:00A   UNITED CHECK   MMN7253   606262621

# STATE OF NEW JERSEY

A0001165424

## CERTIFICATE OF DEATH

Name *(First, Middle, Last)*: **EMORY W. STALLARD**

Date of Death *(Month/Day/Year)*:and/or Age: **10-21-04**

Date of Birth *(Month/Day/Year)*: **1-19-1933**

Social Security Number: **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**

Sex: **M**

Marital Status: **M**

Name of Surviving Spouse (or "None"): **DORIS TRENT**

Domestic Partnership Status: **N/A**

Name of Surviving Partner (or "None"): **N/A**

Place of Death *(City/County)*: **MONROE TWP., GLOUCESTER COUNTY**

Residence Address: **1861 CORKERY LA. WILLIAMSTOWN, NJ 08094**

County of Residence: **GLOUCESTER**

Cause/Manner of Death: **MESOTHELIOMA**

File Number:

Date Filed: **10/26/2004**

Date Amended (if applicable):

Date Issued: **10/26/2004**

Issued By: **CHARLENE SANTORA**

**59 S. WHITE HORSE PIKE BERLIN, NJ 08009**

This is to certify that the above is correctly
copied from a record on file in my office.

*Certified copy not valid unless the raised
Great Seal of the State of New Jersey,
or the seal of the issuing municipality
or county, is affixed hereon.*

REG-42A
JULY 04

Joseph A. Komosinski, State Registrar
Bureau of Vital Statistics

*Attorney(s):*
*Office Address & Tel. No.:*    WILENTZ, GOLDMAN & SPITZER
90 Woodbridge Center Drive - P.O. Box 10
Woodbridge, New Jersey 07095-0958
732-636-8000

*Attorney(s) for:*    Plaintiff(s)

---

| | |
|---|---|
| **Doris Stallard, Administratrix of the Estate of Emory Stallard;**<br><br>            Plaintiff,<br><br>vs.<br><br>**A.J. FRIEDMAN SUPPLY CO., INC.;**<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>MIDDLESEX        *COUNTY*<br><br>LAW        *DIVISION*<br><br>Docket No.:   **L-3037-05 AS**<br><br>*CIVIL ACTION*<br><br>**CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT** |

     I certify that the foregoing statements made by me in the annexed Answers to Standard Middlesex Interrogatories are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:

                          *Doris Stallard*
                            Doris Stallard

Exhibit D

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
**ASBESTOS LITIGATION**

|  |  |
|---|---|
| BRICKLAYERS IX | |
| POGGIOLI, In Re | L-3020-05 |
| SPALDING | L-3026-05 |
| STALLARD | L-3037-05 |
| MONELLO | L-3098-05 |
| HUMPHREYS | L-3111-05 |
| MASSARO | L-7973-05 |

**Civil Action**

**CASE MANAGEMENT ORDER  III**

These matters coming on for a Case Management Conference with Special Master, Agatha N. Dzikiewicz, on *November 5, 2008*  and the following firms appearing:

| | | |
|---|---|---|
| Wilentz Goldman & Spitzer | Gregory Shaffer, Esq. | Plaintiffs |
| Baginski Mezzanotte | Lawrence Magro, Esq. | Viking Pump; Sherman & Chaplin |
| Clemente Mueller | Naveen M. Nadipuram, Esq. | Durabla |
| Connell Foley | Megan Roberts, Esq. | Lawton & Burns; Superior Welding; Palermo |
| Delany O'Brien | | Grant Supply |
| Drinker Biddle | Mark Galdieri, Esq. | American Optical |
| Feitlin Young | Christine Waller, Esq. | Monello |
| Garrity Graham | Anthony Marino, Esq. | State Insulation; Industrial Petrolic; United Conveyor |
| Gibbons | Robert Brown Jr., Esq. | Yuba Heat |
| Hack Piro O'Day | Robert Alencewicz, Esq. | Johansen |
| Hardin Kundla | Michael Jardim, Esq. | Calon; Strahman Valves; Labour Pumps |
| Harris Beach | Devi Shanmughan, Esq. | Kentile Floors |
| Hoagland Longo | Sarah E. Newsome, Esq. | 84 Lumber; AGL; Central Engineering; Hudson Iron; Superior Welding &Boiler; Goulds; Burnham; AGL; Industrial Welding |
| Holland & Knight | Lindsay Tasher, Esq. | Flomatic Corp. |
| Hollstein Keating | Jordan Tafflin Esq. | Chicago Bridge & Iron |
| Kent McBride | Jonathan Altman, Esq. | Koenig; Marsam; Mooney; Pulmosan; TJ McGlone; Binsky; Marshall; SOS; Trilco; Charles Wagner |
| Margolis Edelstein | Ryan M. Kooi, Esq. | York Sheet Metal; Passaic Metal; Columbia Boiler; Industrial Rubber; Record Ind.; Karnak; Neill Supply H.K. Ferguson; United Engineers |
| Maloof Lebowitz | Matthew Connahan, Esq. | Allied Building Products |
| Marks O'Neill | Dennis Schneider, Esq. | Van Houten |
| Maron Marvel | Ryan E. Gilbert, Esq. | Milwaukee Valve |
| Marshall Dennehey | Nadira Kirkland, Esq. | Riley Stoker; Kaiser Gypsum |
| McCarter & English | Bryan Mintz, Esq. | Trane; American Standard; Allied Rubber; L&H Plumbing |
| McGivney Kluger | Nancy Giacumbo, Esq. / Jennifer Hally, Esq. / Nicholas DeMatheis, Esq. | Sid Harvey; Sloan; Fairbanks; Weil McLain; SOS; John Wallace; Flowserve; Ace Plumbing; Stockham; Madsen & Howell; Bergen Ind. Supply; Raritan; Brand Insulation; Patterson Pump; Fairbanks; North Carolina Enterprises; Peerless; DAP; J.A. Sexauer; Nutley Heating; NY Protective Coverings |

| | | |
|---|---|---|
| Nowell Amoroso | Timothy J. Bartzus, Esq. | Wallace Eannace |
| Picillo Caruso | Ronald S. Suss, Esq. | Amchem; CertainTeed; Union Carbide; Notte |
| Reilly Janiczek | Zachary Cregar, Esq. | York Corrugating; Cleaver Brooks; Magnatrol Valve |
| Schilp Law Office | Susan Day Schilp, Esq. | Alfa Laval Inc. |
| Sedgwick Detert | Robin Greene, Esq. | Foster Wheeler |
| Speziali Greenwald | Michael Quinn, Esq. | General Electric |
| Taylor Colicchio | Ellen Nunno Corbo, Esq. | Sandy Hill |
| Vasios Kelly | Thomas Kelly Jr., Esq. | Bird, Inc. |
| Weiner Lesniak | Victoria Williams Donath, Esq. | Robert Keasbey; Zaetz Hardware |

IT IS on this __12th__ day of __November, 2008__ *effective from the conference date;*

ORDERED as follows:

Counsel receiving this Order through computerized electronic medium (E-Mail) shall be deemed by the court to have received a copy of the filed original court document. Any document served pursuant to this Order shall be deemed to be served by mail pursuant to *R.*1:5-2.

These matters are hereby consolidated for discovery, case management and trial.

## DISCOVERY

| | |
|---|---|
| December 31, 2008 | Plaintiff shall serve answers to standard interrogatories and identify fact witnesses by this date. |
| December 31, 2008 | Plaintiff shall serve answers to wrongful death interrogatories by this date. |
| January 9, 2009 | Defendants shall serve answers to standard interrogatories by this date. |
| January 9, 2009 | Defendants shall propound supplemental interrogatories and document requests by this date. |
| February 6, 2009 | Plaintiff shall serve answers to supplemental interrogatories and document requests by this date. |
| February 27, 2009 | Fact discovery, including depositions, shall be completed by this date. Plaintiffs' counsel shall contact the Special Master within one week of this deadline if all fact discovery is not completed. |

## EARLY SETTLEMENT CONFERENCE

| | |
|---|---|
| November 18, 2008 | The settlement conference previously scheduled on this date is **cancelled**. |
| March 6, 2009 | Settlement demands shall be served on all counsel and the Special Master by this date. |

## SUMMARY JUDGMENT MOTION PRACTICE

| | |
|---|---|
| March 20, 2009 | Summary judgment motions shall be filed no later than this date. |
| April 17, 2009 | Last return date for summary judgment motions. |

## MEDICAL DEFENSE

| | |
|---|---|
| January 9, 2009 | Any defendant wishing to present a medical defense shall advise all counsel of its intention by entering a Notice of Appearance of Defense Medical Counsel by this date.  Any defendant who does not file such an appearance by this date may be foreclosed from asserting a medical defense. |
| December 31, 2008 | Plaintiff shall serve executed medical authorizations by this date. |
| December 31, 2008 | Plaintiff shall identify its medical experts and serve medical reports by this date. |
| March 31, 2009 | Defendants shall identify its medical experts and serve medical reports, if any, by this date. |

## LIABILITY EXPERT REPORTS

| | |
|---|---|
| April 3, 2009 | Plaintiff shall identify its liability experts and serve liability expert reports   or a certified expert statement by this date or waive any opportunity to rely on liability expert testimony. |
| May 1, 2009 | Defendants shall identify its liability experts and serve liability expert reports, if any, by this date or waive any opportunity to rely on liability expert testimony. |

## PRE-TRIAL AND TRIAL

| | |
|---|---|
| May 1, 2009 @ 10:00am | Final settlement conference.  All defense counsel shall appear with authority to negotiate settlement and have a representative authorized to negotiate settlement available by phone. Any request to be excused from the settlement conference shall be made to the Special Master no later than 4:00pm of the day prior to the conference. |
| May 18, 2009 | Trial Date. *(The December 1, 2008 trial is adjourned to this date.)* |

> **Plaintiffs' counsel shall serve a copy of this Order upon any additional counsel immediately upon receipt.**

*/s/ Ann G. McCormick*
ANN G. McCORMICK, J.S.C.

cc:    Clerk, Mass Tort
       Brody Deposition Services
       Priority One