MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

HENRIETTA McCRARY, ET AL.

                                  In re Asbestos Products Liability Litigation (No. VI)
                                  MDL. No. 875

v.                                                             CTO-321

THE UNITED STATES OF AMERICA

**OPPOSITION OF THE UNITED STATES TO PLAINTIFFS' MOTION
TO VACATE CONDITIONAL TRANSFER ORDER (CTO-321)**

I.

INTRODUCTION

This action was commenced by Plaintiffs by a complaint filed in the United States District Court for the Middle District of Louisiana. After filing an Answer to the complaint, the United States notified the Judicial Panel on Multidistrict Litigation (the "Panel") that the case was a potential "tag-along action" to the cases transferred pursuant to the Panel's Opinion and Order in MDL, No. 875, *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415 (Jud. Pan..Mult. Lit. 1991). On April 17, 2009, the Panel filed a Conditional Transfer Order transferring the case from the Middle District of Louisiana to the United States District Court for the Eastern District of Pennsylvania. Plaintiffs, opposing such transfer, filed an Opposition to Transfer Order (Opposition) with the Panel on May 4, 2009. Accompanying the Opposition was a memorandum in support of the opposition, which has been amended once.

PLEADING NO. 5851

OFFICIAL FILE COPY

IMAGED MAY 29 2009

Subsequently, on May 19, 2009, Plaintiffs filed a Motion to Vacate Conditional Transfer Order (CTO-321). The United States files this opposition to the Motion to Vacate.

Plaintiffs are the surviving relatives of Edward McCrary. They allege that Edward McCrary died after contracting lung cancer due to the exposure to asbestos while he was incarcerated at the Bureau of Prison's Correctional Center in Carville, Louisiana during 1993 - 1994.[1]

In their memorandum in support of their motion, Plaintiffs argue that their suit is not an asbestos-related suit because Plaintiffs have not sought damages against any asbestos companies; however, they assert that "when information is determined as to the type of asbestos, an asbestos claim may be filed."[2] They characterize their suit as a premises liability claim that may include asbestos manufacturers later on, should discovery lead in that direction."[3] On this basis, and on the basis that they "have not sought damages against the asbestos companies but rather have requested informal discovery in order to file suit against the contractors, installers, and against the prison itself," they ask the Panel to vacate the Conditional Transfer Order.[4] As we show below, Plaintiffs' argument that a case is not with the this MDL proceeding unless the named defendants are asbestos product manufacturers finds no support in either the initial 1991 decision setting up the Asbestos MDL arrangement or in the Panel's subsequent treatment of asbestos personal injury cases, regardless of who the defendants might be.

---

[1] Complaint, ¶¶ 2 and 3.

[2] Memorandum in Support of Motion to Vacate Conditional Transfer Order, p. 2.

[3] Memorandum in Support of Plaintiff's Opposition to Conditional Transfer Order, p. 2.

[4] Amended Memorandum in Support of Plaintiff's Opposition to Conditional Transfer Order, p. 2.

## II.

## TRANSFER IS WARRANTED

In 1991, the Judicial Panel on Multidistrict Litigation held that all pending federal district court actions involving allegations of personal injury or wrongful death caused by "asbestos or asbestos-containing products" should be centralized in one district, the Eastern District of Pennsylvania, for pretrial proceedings. In re Asbestos Products Liability Litigation, 771 F. Supp.415, 417 (Jud. Pan. Mult. Lit. 1991). In so doing, the Panel rejected the contentions that the lack of common parties and that individual factual issues were such that they predominated over issues common to asbestos personal injury cases. The Panel held that the nationwide crisis of asbestos litigation clogging the dockets of the courts justified consolidation. "The most objectionable aspects of asbestos litigation can be briefly summarized: dockets in both federal and state courts continue to grow; long delays are routine; trials are too long; the same issues are litigated over and over; transaction costs exceed the victims' recovery by nearly two to one; exhaustion of assets threatens and distorts the process; and future claimants may lose altogether." Id. at 419.

The Panel noted that the criteria of 28 U.S.C. § 1407 were met, namely, that the exigencies of the asbestos litigation as a whole required transfer because transfer would further the convenience of the parties and witnesses, and would promote the just and efficient conduct of asbestos actions.

In endorsing global transfer, the Panel decided that certain factors were not sufficiently important to forego such transfer:

> First of all, our decision to order transfer is not unmindful of the fact that the impact of asbestos litigation varies from district to district, and that in some courts asbestos personal injury actions are

> being resolved in a fashion indistinguishable from other civil actions. It is not surprising, therefore, that the parties and courts involved in such actions might urge that the inclusion of their actions in multidistrict proceedings is inappropriate. The Panel, however must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation <u>as a whole</u> in light of the purposes of the law.

771 F. Supp. at 420 (emphasis added).

Moreover, the Panel determined that the transfer was the optimal solution to the asbestos docket despite alleged inconvenience to witnesses. The Panel acknowledged that witnesses often were in the transferor district and transfer could be "burdensome or inconvenient." *Id.* at 422. However, the Panel noted that depositions could be taken in the local district under Fed. R. Civ. P. 45(d)(2). *See* 771 F. Supp. at 422.

While, in this case, the defendant is not a manufacturer, installer or distributor of asbestos, that is not significant. The Panel's decision was not limited to suits against asbestos manufacturers, but, rather, by its own terms applies to cases "relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products." 771 F. Supp. at 417. Thus, plaintiffs' assertion that their action "is not an asbestos suit" within the scope of the Panel's decision is simply incorrect.[5]

Moreover, there are issues in common with the bulk of asbestos litigation, such as medical causation: was the amount of exposure to asbestos capable of causing ill effects, and did it?

Finally, Plaintiffs' contentions in this case are not new or different from contentions made to the Panel in prior cases. In its unreported decision in <u>Chisholm v. United States,</u> [No. 3:99-

---

[5] Plaintiffs do not dispute that they intend to add the manufacturers and installers of the asbestos products once that information is gleaned from discovery.

224, N.D. Cal.] (July 27, 1999) (copy attached as Exhibit A) – a case brought by an individual against the United States seeking tort damages due to alleged asbestos exposure in a National Forest – the Panel stated at page 2:

> In particular, we note that in the Panel's original decision distinctions based on such matters . . . the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not related to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

The proceedings in this case are at an extremely early stage. No formal discovery has been had or attempted. Only the complaint, an answer, and status report have been filed. No scheduling conference has been held. There is no substantial reason that these litigants' case should be treated differently from other asbestos personal injury cases. In sum, the considerations underlying the creation of a centralized asbestos docket warrant inclusion of this case.

Respectfully submitted,

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY

_____
James L. Nelson, LBN 9934
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jim.nelson@usdoj.gov

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that the Defendant United States of America's Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-321) was served upon counsel all counsel listed on the attached Involved Counsel List, by first class mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 27th day of May, 2009.

James L. Nelson
Assistant United States Attorney

2009 MAY 29 P 1:30
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-321)

Henrietta McCrary, et al. v. United States of America, M.D. Louisiana, C.A. No. 3:08-777
(Judge John V. Parker)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Donald G. Cave
CAVE LAW FIRM
3909 Plaza Tower Drive
Baton Rouge, LA 70816-4356

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

MDL No. 875 - Involved Counsel List (Excerpted from CTO-321) (Continued)

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

James L. Nelson
United States Attorney's Office
777 South Florida Street
Suite 208
Baton Rouge, LA 70801

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608