Case 4:09-cv-01456-CW    Document 22    Filed 05/26/2009    Page 1 of 4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

JUN - 1 2009

FILED
CLERK'S OFFICE

PLEADING NO. 5852
United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOBROCKE and DARLENE DEBROCKE,

    Plaintiffs,

    v.

ALLIS-CHALMERS CORPORATION PRODUCT
LIABILITY TRUST, et al.,

    Defendants.

    No. C 09-01456 CW

    ORDER GRANTING
    PLAINTIFFS' MOTION
    TO REMAND

    Plaintiffs John and Darlene Debrocke move to remand this action to state court. Defendant Foster Wheeler, LLC, opposes the motion. Having considered all of the papers filed by the parties, the Court grants Plaintiffs' motion.

BACKGROUND

    On February 13, 2009, Plaintiffs filed suit in the San Francisco superior court alleging personal injury and loss of consortium against numerous defendants, among them Foster Wheeler. Plaintiff John Dobrock formerly worked with asbestos as an insulator and now suffers from asbestos-related lung disease. The precise nature of Plaintiffs' allegations against Foster Wheeler is unclear. The only mention in the complaint of Foster Wheeler by name is the following: "Plaintiffs' claims against defendant FOSTER

OFFICIAL FILE COPY

IMAGED JUN 1 2009

To: Jeffrey N. Luthi  From: Jane Ehni  Friday, May 29, 2009 2:27 PM Page: 4 of 6
Subject: John Dobrocke v. Allis Chalmers Corp. MDL No. 875 875 Document 5852 Filed 06/01/09 Page 2 of 4

Case 4:09-cv-01456-CW    Document 22    Filed 05/26/2009    Page 2 of 4

1  WHEELER LLC (FKA FOSTER WHEELER CORPORATION) exclude plaintiff's
2  asbestos exposure at military and federal government jobsites and
3  aboard U.S. Navy vessels."
4                           DISCUSSION
5      I.  Remand
6      Defendant Foster Wheeler argues that it properly removed this
7  action under the federal officer removal statute, which provides
8  that an action may be removed by "any officer of the United States
9  or any agency thereof, or person acting under him, for any act
10 under color of such office."  28 U.S.C. § 1442(a)(1).[1]
11     Generally, removal statutes are to be strictly construed; any
12 doubt as to the right to remove should resolved in favor of
13 remanding to state court.  See, e.g., Gaus v. Miles, Inc., 980 F.2d
14 564, 566 (9th Cir. 1992).  But that is not the case concerning the
15 federal officer removal statute.  See Durham v. Lockheed Martin
16 Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that, because it
17 is important to the federal government to protect federal officers,
18 removal rights under section 1442 are much broader than those under
19 section 1441).  The Ninth Circuit instructs that there is a "clear
20 command from both Congress and the Supreme Court that when federal
21 officers and their agents are seeking a federal forum, we are to
22 interpret section 1442 broadly in favor of removal."  Id. (noting

---

[1] Specifically, § 1442(a)(1) provides:
A civil or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

2

To: Jeffrey N. Luthi    From: Jane Ehni    Friday, May 29, 2009 2:27 PM Page: 5 of 6
Subject: John Dobrocke v. Allis-Chalmers Corp. MDL 875

Case MDL No. 875 Document 5852    Filed 06/01/09    Page 3 of 4

Case 4:09-cv-01456-CW    Document 22    Filed 05/26/2009    Page 3 of 4

that the Supreme Court has "insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)'" (quoting <u>Arizona v. Manypenny</u>, 451 U.S. 232, 242 (1981))).

As the Supreme Court explained in <u>Jefferson County v. Acker</u>, 527 U.S. 423 (1999),

> It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit. To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal. Suits against federal officers are exceptional in this regard. Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint.

<u>Id.</u> at 430-31 (citations omitted).

Thus, the fact that Plaintiffs' complaint expressly disavows any federal claims is not determinative. Rather, removal is proper under the federal officer removal statute if the removing party: (1) demonstrates that it acted under the direction of a federal officer; (2) raises a colorable federal defense to the plaintiff's claims; and (3) demonstrates a causal nexus between the plaintiff's claims and the defendant's acts performed under color of federal office. <u>Mesa v. California</u>, 489 U.S. 121, 124-25, 134-35 (1989); <u>Fung v. Abex Corp.</u>, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

Here, Foster Wheeler claims that it is shielded from liability by military contractor immunity. This doctrine provides, "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States

To: Jeffrey N. Luthi　　　　From: Jane Ehni　　　　Friday, May 29, 2009 2:27 PM Page: 6 of 6
Subject: John Dobrocke v. Allis-Chalmers Corp.

Case MDL No. 875 Document 5852   Filed 06/01/09   Page 4 of 4

Case 4:09-cv-01456-CW　　Document 22　　Filed 05/26/2009　　Page 4 of 4

about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988).

In the present case, Plaintiffs have expressly disclaimed and waived any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels. The Court sees no reason not to hold Plaintiffs to this waiver; this same waiver language was found to justify remand in a factually similar case. Westbrook v. Asbestos Defendants, 2001 WL 902642 (N.D. Cal.). Therefore, this waiver justifies remand. If Plaintiffs later attempt to reverse course, and are allowed to do so by the state court despite their express waiver, Foster Wheeler can file for removal once again.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to remand. The Court shall remand the case back to the Superior Court for the County of San Francisco. The hearing scheduled for May 28, 2009 at 2:00 p.m. is vacated.

IT IS SO ORDERED.

Dated: 5/26/09

CLAUDIA WILKEN
United States District Judge

4