**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 2 2009

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

HENRIETTA McCRARY, ET AL.
CIVIL ACTION
NUMBER 08-777-JVP-CN
MIDDLE DISTRICT OF LOUISIANA
v.

THE UNITED STATES OF AMERICA

In re Asbestos Products Liability Litigation (No. VI)
MDL. No. 875

CTO-321

Request of deft United States in McCrary, LAM 3:08-777, for Leave to Attach Exhibit -- **GRANTED.**
(jnl - 3 Jun 09)

### UNITED STATES' MOTION FOR LEAVE TO ATTACH EXHIBIT TO ITS MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE

In its Memorandum in Opposition the United States represented that it had attached a copy of the Chisolm decision to the memorandum as Exhibit A. Through inadvertence, the exhibit was not attached to the memorandum. The United States seeks leave to attach a copy of the Chisolm decision to its memorandum. The Chisolm decision is attached hereto as Exhibit A.

WHEREFORE, the United States prays for entry of an order granting it leave to attach the Chisolm decision (Exhibit A hereto) to its Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order. A proposed Order is attached for the Court's convenience.

Date: May 28, 2009

Respectfully submitted,

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY

James L. Nelson, LBN 9934
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jim.nelson@usdoj.gov

PLEADING NO. 5857

**OFFICIAL FILE COPY**

IMAGED JUN 3  2009

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 2 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that the United States' Motion for Leave to Attach Exhibit to Its Memorandum in Opposition to Plaintiffs' Motion to Vacate was served upon counsel all counsel listed on the attached Involved Counsel List, by first class mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 28th day of May, 2009.

James L. Nelson
Assistant United States Attorney

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-321)

Henrietta McCrary, et al. v. United States of America, M.D. Louisiana, C.A. No. 3:08-777
(Judge John V. Parker)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Donald G. Cave
CAVE LAW FIRM
3909 Plaza Tower Drive
Baton Rouge, LA 70816-4356

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

MDL No. 875 - Involved Counsel List (Excerpted from CTO-321) (Continued)

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

James L. Nelson
United States Attorney's Office
777 South Florida Street
Suite 208
Baton Rouge, LA 70801

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 2 2009

FILED
CLERK'S OFFICE

EXHIBIT A

MULTIDISTRICT
LITIGATION

JUL 27 1999

FILED
CLERK'S OFFICE

## DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Janice Chisholm v. United States of America, et al.*, N.D. California, C.A. No. 3:99-224
*Charles I. Harley v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-38
*John L. Renfro, Sr. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-71
*Amiel P. Amin, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-79
*Lawrence D. Graves, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-80
*Clarence F. Metsker, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-81
*Charles R. Ernst, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-82
*Louis E. Atzinger, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-87
*Harold R. Allen, Sr., et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-109
*Alpha Knight, etc. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-110
*Jack B. Boston, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-143
*Ronald C. Foree, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-179
*Raymond Hall, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-229

### BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS,* LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998), by i) certain plaintiffs and/or defendant Cardinal Industrial Insulation, Inc., in the twelve above-captioned Western District of Kentucky actions, and ii) plaintiff in the remaining above-captioned Northern District of California action. All movants request that the Panel vacate the portions of its orders conditionally transferring their respective action(s) to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed,[1] the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions

---

*Judge Sanders took no part in the decision of this matter.

[1] The parties to these actions waived oral argument and, accordingly, the question of Section 1407 transfer of the actions was submitted on the briefs. Rule 16.2, R.P.J.P.M.L., 181 F.R.D. 1, 14 (1998).

not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. See *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of these actions now before the Panel. We note that under Judge Weiner's stewardship, as of July 27, 1999, i) nearly 60,000 actions have been closed in the transferee district, and ii) nearly 1,000 actions or claims therein have been returned to their originating transferor districts. To parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., *supra*, 181 F.R.D. at 11-13. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the thirteen above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*/s/ John F. Nangle*
John F. Nangle
Chairman

---

[2] Parties in certain of the actions before the Panel have argued that transfer should be denied or deferred in order to permit the judges assigned the actions to rule on various potentially dispositive pending motions. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra*, 181 F.R.D. at 3, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.