MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 875 - IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

William Sillanpa, et al. v. Durabla Manufacturing Co. et.al.. N.D. of Ohio, C.A. No.: 1:09-10002

**PLAINTIFFS' MOTION FOR ORDER VACATING CONDITIONAL TRANSFER ORDER (CTO-322) TO ALLOW TRANSFEROR COURT TO RULE ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**

NOW COME PLAINTIFFS William Sillanpa et.al. and file this Motion for Order Vacating Conditional Transfer Order (herein after CTO-322) to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court, and would respectfully show as follows:

This case was filed in state court but removed to Federal Court. On May 18, 2009, the Panel entered an order conditionally transferring this case to MDL-875 in the Eastern District of Pennsylvania. Currently, Plaintiffs' motion for remand to State Court has been fully briefed and is awaiting oral argument and a ruling by the District Court.

Plaintiffs respectfully request that the panel vacate the Conditional Transfer Order so that the transferor court may have time to rule on Plaintiffs' Motion for Remand to State Court. The Panel has the power to vacate the Conditional Transfer Order and has done so in the past so that transferor courts may rule on threshold motions for remand.

The Panel is respectfully referred to Plaintiffs' Brief in Support of this Motion, filed herewith and incorporated herein for a full discussion of these issues.

PLEADING NO. 5859

IMAGED JUN 3 2009

OFFICIAL FILE COPY

## CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel Vacate the Conditional Transfer Order, pending decision by the United States District Court for the Northern District of Ohio on Plaintiffs' Motion to Remand.

Dated: June 2, 2009

Respectfully submitted,

CHRISTOPHER J. HICKEY (0065416)
MARY BRIGID SWEENEY (0044148)
Brent Coon & Associates
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
Email: Chip@bcoonlaw.com
Marybrigid@bcoonlaw.com

*Attorneys for Plaintiffs William Sillanpa et.al.*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

An original and four copies as well as Computer Generated Disk in Adobe Acrobat format (PDF) of the foregoing Plaintiffs' Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court has been filed this day of June 2, 2009 upon the Clerk of the Judicial Panel for Multidistrict Litigation located at Thurgood Marshall Federal Judiciary Building, One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004 via overnight mail. Simultaneously Plaintiffs' Motion was served upon the attached Panel Service List via regular U.S. Mail, postage prepaid.

*[signature]*

CHRISTOPHER J. HICKEY (0065416)
MARY BRIGID SWEENEY (0044148)
Brent Coon & Associates
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
Email: Chip@bcoonlaw.com
         Marybrigid@bcoonlaw.com

*Attorney for Plaintiffs William Sillanpa et.al.*

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                       MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-322)

William Sillanpa v. Durabla Manufacturing Co., N.D. Ohio, C.A. No. 1:09-10002
(Judge James G. Carr)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Stephen H. Daniels
MCMAHON DEGULIS
The Caxton Building
812 Huron Road, East
Suite 650
Cleveland, OH 44115-1126

Christopher J. Hickey
BRENT COON & ASSOCIATES
1220 West 6th Street
Suite 303
Cleveland, OH 44113

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-322) (Continued)**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kevin E. McDermott
36815 Detroit Road
Avon, OH 44011

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2009

FILED
CLERK'S OFFICE

## MDL No. 875 - IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)

William Sillanpa, et al. v. Durabla Manufacturing Co. et.al.. N.D. of Ohio, C.A. No.: 1:09-10002

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER VACATING CONDITIONAL TRANSFER ORDER TO ALLOW TRANSFEROR COURT TO RULE ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT

NOW COME PLAINTIFFS who by and through counsel file this Brief in Support of their Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court. As asserted below:

I. Mr. Sillanpa will be substantially prejudiced if the Motion to Vacate the Conditional Transfer Order is not granted.

II. The Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court.

III. It would be a waste of judicial resources to transfer the case to the MDL without first determining whether federal jurisdiction is appropriate.

### INTRODUCTION

Plaintiffs, William and Margaret Sillanpa, filed this asbestos personal-injury case in the Lake County Court of Common Pleas on February 22, 2006. The case was filed against several asbestos manufacturers. Many of these defendants at the time of filing and even now are incorporated in Ohio and have main offices located in Ohio. The complaint alleges that the plaintiff, William Sillanpa, was exposed to Defendants asbestos containing products, and as a result contracted an asbestos-related lung cancer.

## PROCEDURAL HISTORY

Defendant Durabla Manufacturing Company (hereinafter "Durabla"), was a named party Defendant in the Ohio State Court Complaint. In the Ohio State Court Complaint, Plaintiffs alleged state-law negligence and breach of warranties claims against the Defendants, based on their failure to warn of the health hazards associated with asbestos exposure. No claim arising under federal law was alleged in the Complaint. No federal questions were raised, and no federal issue needs to be decided to establish Defendants' liability under the causes of action in the Plaintiffs' Complaint.

On March 9, 2009, Defendant Durabla removed the above-captioned case to federal court based on diversity. Plaintiffs assert that at the time of removal on the <u>day of trial</u>, Defendant Durabla was unprepared and frivolously filed the removal action as a delay tactic. Plaintiffs filed their Motion to Remand the Case Back to Lake County Common Pleas Court and a Motion for Sanctions which have been fully briefed by the parties and are ready to be heard by the United States District Court for the Northern District of Ohio.

## ARGUMENT

I. **Mr. Sillanpa will be Substantially Prejudiced if the Motion to Vacate the Conditional Transfer Order is not Granted.**

Nowhere are the famous words of Gladstone that "justice delayed is justice denied" more fitting than when used in connection with a lawsuit brought by a terminally ill elderly individual seeking justice regarding his disease. Plaintiff William Sillanpa, an 85 year old lung cancer survivor waited <u>three</u> years for his trial. One of his witnesses, a coworker has already passed away during the course of this litigation. Mr. Sillanpa may be alive when his new trial date comes around but he may not be physically or mentally able to testify were it to be delayed much

longer. It is undisputed that MDL 875 will not provide a speedy, or even timely, forum for the Plaintiffs' claims to be heard. If the Conditional Transfer Order is vacated, there is a chance that Mr. Sillanpa will be able to have his case heard while he is still alive and cognizant of the proceedings.

**II.     The Panel May Vacate Conditional Transfer Orders for this Purpose.**

The Panel has vacated conditional transfer orders in the past, to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In *Vasura v. AcandS, Inc.*, 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." Id. At 533. Plaintiffs seek only a timely ruling on their motion for remand, so that Mr. Sillanpa can have his day in court.

**III.    It Would be a Waste of Judicial Resources to Transfer the Case to the MDL Without First Determining Whether Federal Jurisdiction is Appropriate**

The Conditional Transfer Order should be vacated to allow the District Court Judge to rule on the Motion for Remand. It would make most sense, from a judicial resource standpoint, to allow the District Judge additional time needed to make a decision as to remand of the case. The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. If there is no valid basis for federal jurisdiction, the case does not belong in MDL 875. It makes abundant sense, from a judicial resource standpoint, to allow the remand motion process, which is substantially completed, to fully run its course before burdening the MDL with another asbestos case.

Vacating the Conditional Transfer Order in the case until the United States District Court for the Northern District of Ohio rules upon the Motion to Remand will cause no prejudice to

any party and will further the interests of judicial economy – the entire point of the MDL process. If jurisdiction is rejected, the case leaves federal court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

In contrast, finalizing the Conditional Transfer Order prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875, further increasing the burden on the Court and his staff despite the fact that federal jurisdiction has already been found lacking once. Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL-875 procedures despite the lack of confirmation of jurisdiction. Upon completion of those procedures, the case will be sent back to the transferor court – incurring yet more administrative costs and burdens – only to return to the same question pending today – whether the federal courts have jurisdiction over this matter.

## CONCLUSION

**WHEREFORE**, Plaintiffs request that the Panel VACATE the Conditional Transfer Order, pending decision by the United States District Court for the Northern District of Ohio on Plaintiffs' Motion to Remand.

Dated: June 2, 2009

Respectfully submitted,

CHRISTOPHER J. HICKEY (0065416)
MARY BRIGID SWEENEY (0044148)
Brent Coon & Associates
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
Email: Chip@bcoonlaw.com
          Marybrigid@bcoonlaw.com

*Attorneys for Plaintiffs William Sillanpa*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

An original and four copies as well as Computer Generated Disk in Adobe Acrobat format (PDF) of the foregoing Brief in Support of Plaintiffs' Motion for Order Vacating Conditional Transfer Order to Allow Transferor Court to Rule on Plaintiffs' Motion for Remand to State Court has been filed this day of June 2, 2009 upon the Clerk of the Judicial Panel for Multidistrict Litigation located at Thurgood Marshall Federal Judiciary Building, One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004 via overnight mail. Simultaneously a copy of the Brief in Support was served upon the attached Panel Service List via regular U.S. Mail, postage prepaid.

CHRISTOPHER J. HICKEY (0065416)
MARY BRIGID SWEENEY (0044148)
Brent Coon & Associates
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
Email: Chip@bcoonlaw.com
       Marybrigid@bcoonlaw.com

*Attorney for Plaintiffs William Sillanpa et.al.*

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-322)

William Sillanpa v. Durabla Manufacturing Co., N.D. Ohio, C.A. No. 1:09-10002
(Judge James G. Carr)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Stephen H. Daniels
MCMAHON DEGULIS
The Caxton Building
812 Huron Road, East
Suite 650
Cleveland, OH 44115-1126

Christopher J. Hickey
BRENT COON & ASSOCIATES
1220 West 6th Street
Suite 303
Cleveland, OH 44113

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

## MDL No. 875 - Involved Counsel List (Excerpted from CTO-322) (Continued)

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kevin E. McDermott
36815 Detroit Road
Avon, OH 44011

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608