**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 24 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. IV) | ) ) ) ) ) ) | MDL No.: 875<br><br>N.D. Ohio No.: 1:09-cv-10002 |
| WILLIAM SILLANPA, *et al.*,<br><br>Plaintiffs<br><br>vs.<br><br><br>DURABLA MANUFACTURING COMPANY<br><br>Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER VACATING CONDITIONAL TRANSFER ORDER (CTO-322) TO ALLOW TRANSFEROR COURT TO RULE ON PLAINTIFFS' MOTION FOR REMAND TO STATE COURT** |

PLEADING NO. 5867

In their motion, plaintiffs have asked this Panel to vacate its transfer order so that the Northern District of Ohio can rule on plaintiffs' motion for remand to state court. Plaintiffs make this request without following the proper procedure as set forth in MDL Rule 7.6 and without providing the Panel with appropriate justification for the vacation of the transfer order. Therefore, plaintiffs' motion to vacate should be denied.

The MDL was established in 28 U.S.C.A. §1407 so that civil actions involving one or more common questions of fact that are pending in

OFFICIAL FILE COPY          IMAGED JUN 2 4 2009

different district courts may be transferred to any one district court for coordinated or consolidated pretrial proceedings.

MDL Rule 7.6 sets forth the procedure for a party to request a remand from MDL back to the transferor court. It provides in pertinent part as follows:

> In the absence of unusual circumstances—
>
> **(c)** The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on
>
>> **(i)** motion of any party,
>>
>> **(ii)** suggestion of the transferee district court, or
>>
>> **(iii)** the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.
>
> **(d)** The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court. If remand is sought by motion of a party, the motion shall be accompanied by:
>
>> **(i)** an affidavit reciting
>>
>>> **(A)** whether the movant has requested a suggestion of remand from the transferee district court, how the court responded to any request, and, if no such request was made, why;
>>>
>>> **(B)** whether all common discovery and other pretrial proceedings have been completed in the action sought to be remanded, and if not, what remains to be done; and
>>>
>>> **(C)** whether all orders of the transferee district court have

been satisfactorily complied with, and if not, what remains to be done; and

In the case at bar, plaintiffs have not obtained the transferee district court's consent to remand this matter back to the transferor district court and they have failed to accompany their motion with the required affidavit as set forth in MDL Rule 7.6(d)(i). The plaintiffs' motion, therefore, should be denied on these bases alone.

The merits of plaintiffs' argument for remand are equally flawed. Once a transfer order is entered by Judicial Panel on Multidistrict Litigation, a party seeking remand back to the transferor court has burden of establishing that remand is warranted. *In re Integrated Resources, Inc. Real Estate Ltd. Partnerships,* 851 F.Supp. 556, 562 (S.D.N.Y. 1994). This Panel has made it clear that it will "remand an action ... prior to completed pretrial proceedings only upon a showing of good cause." *In re South Cent. States Bakery Prods. Antitrust Litig.,* 462 F.Supp. 388, 390 (J.P.M.L.1978).

The plaintiffs' sole basis for requesting the remand seems to be centered on the fact that they believe the case was improperly removed to federal court. The pendency of a motion to remand to state court, however, is not a sufficient basis to avoid inclusion in Section 1407 proceedings. *In Re VIOXX Product Liability Litigation,* 360 F.Supp.2d 1352, 1354 (J.P.M.L.2005). Motions to remand can be presented to and decided by the

transferee judge. *In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L.2001).

The plaintiffs also argue that their case is unique if this case were to remain in MDL 875, justice would somehow be denied. This Panel recently rejected a similar request to have a series of asbestos personal injury and wrongful death claims remanded out of MDL 875 in *In re: Asbestos Products Liability Litigation,* 545 F.Supp.2d 1359 (J.P.M.L.2008):

> After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415 (J.P.M.L.1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.[FN3] We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

FN3. We have also previously rejected the contention, which is again raised by plaintiff in the District of Connecticut *Contois* action here, that "the way in which **MDL-875** is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." *In re Asbestos Products Liability Litigation (No. VI),* 170 F.Supp.2d 1348, 1349 (J.P.M.L.2001).

Under the stewardship of the transferee court, as of March 31, 2008, (1) over 76,450 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

*Id.* at 1360.

Plaintiffs herein have failed to justify their request to have this matter remanded back to the Northern District of Ohio. Therefore, defendant requests that this Panel deny plaintiffs' motion to vacate the conditional transfer order.

Respectfully submitted,

STEPHEN DANIELS(#0019198)
**McMAHON DeGULIS LLP**
The Caxton Building — Suite 650
812 Huron Road, E.
Cleveland, OH 44115-1168

5

Ph: (216) 621-1312 Ext. 105
Fax: (216) 621-0577
sdaniels@mdllp.net
Attorney for Defendant,
Durabla Manufacturing Co.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 24 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER VACATING CONDITIONAL TRANSFER ORDER* has been sent via overnight mail on June 23, 2009 to the Clerk of the Judicial Panel for Multidistrict Litigation located at Thurgood Marshall Federal Judiciary Building, One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. Simultaneously a copy of the Brief in Opposition was sent to opposing counsel via overnight mail.

STEPHEN DANIELS (#0019198)
**McMAHON DeGULIS LLP**

Attorney for Defendant,
Durabla Manufacturing Co.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 24 2009

## AMENDED CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

The undersigned hereby certifies that a true and accurate copy of the *DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER VACATING CONDITIONAL TRANSFER ORDER* was sent via overnight mail on June 23, 2009 to the Clerk of the Judicial Panel for Multidistrict Litigation located at Thurgood Marshall Federal Judiciary Building, One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. A copy of the Brief in Opposition was served upon the attached Panel Service List via regular U.S. Mail, postage prepaid, on June 24, 2009.

_____
STEPHEN DANIELS (#0019198)
**MCMAHON DEGULIS LLP**

Attorney for Defendant,
Durabla Manufacturing Co.

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)  MDL No. 875

### INVOLVED COUNSEL LIST (Excerpted from CTO-322)

William Sillanpa v. Durabla Manufacturing Co., N.D. Ohio, C.A. No. 1:09-10002
(Judge James G. Carr)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Stephen H. Daniels
MCMAHON DEGULIS
The Caxton Building
812 Huron Road, East
Suite 650
Cleveland, OH 44115-1126

Christopher J. Hickey
BRENT COON & ASSOCIATES
1220 West 6th Street
Suite 303
Cleveland, OH 44113

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-322) (Continued)**

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Kevin E. McDermott
36815 Detroit Road
Avon, OH 44011

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608