JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 26 2009

FILED
CLERK'S OFFICE

MDL 875

PLEADING NO. 5868

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

RE:  Philip Walter Herion and wife, Betty M. Herion, v. Daniel International Corporation, Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc., Fluor Daniel Environmental Services, Inc., Fluor Daniel Services Corporation
(M.D. North Carolina, C.A. No. 1:000-32)

### REPLY BRIEF IN OPPOSITION TO MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Defendants Fluor Daniel Inc., f/ka Daniel Construction Company and Fluor Daniel Services Corporation ("Defendants") respectfully submit this Opposition to Plaintiffs' Motion To Vacate the Conditional Transfer Order (CTO-321) (hereinafter "the CTO") in the above-referenced case. Plaintiffs argue that the transfer was improper because "Mr. Herion is dying of mesothelioma" and "will be substantially prejudiced if he dies before trial." See Pl. Brief in Supp. Mot. to Vacate the CTO, at 2. As discussed below, there is no basis for the broad exception Plaintiffs seek to carve out.

OFFICIAL FILE COPY        IMAGED JUN 2 6 2009

## A.    LEGAL CONTENTIONS

**1.    The Panel has never recognized an exception for cases involving mesothelioma**

In its initial opinion creating this MDL docket, the Panel consolidated "all pending federal personal injury and wrongful death asbestos actions" without any exception for mesothelioma, even though asbestos actions frequently involve allegations of mesothelioma. In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has never recognized such an exception since creating the docket. Plaintiffs have failed to articulate any reason why the Panel should recognize such a broad exception now.[1]

**2.    Plaintiffs' argument is contrary to the Panel's well-settled precedent**

The Panel has rejected carving out an exception based on the "uniqueness of a party's status" or the "presence of unique claims." See In re Asbestos Prods. Liab. Litig. (No. VI), 545 F. Supp. 2d 1359, 1361 (J.P.M.L. 2008) (citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991)). Moreover, the Panel has consistently rejected the argument "that 'the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial.'" Id. (quoting In re Asbestos Products Liability Litigation (No. VI), 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001)). The argument that an exception exists based on the severity of a party's asbestos-related injury or the presence of a terminal disease is contrary to this well-settled precedent.

**3.    MDL no. 875 has expressly implemented procedures addressing Plaintiffs' concern that the illness will preclude the participation of the plaintiff in the proceedings**

---

[1] The only case cited by Plaintiffs, In re: Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. denied. 531 U.S. 1011 (2000), actually supports the transfer, as it held that remand from MDL no. 875 was improper.

Under the MDL court's Administrative Orders, cases involving mesothelioma and lung cancer are addressed on a priority basis. Lyman v. Asbestos Defendants, 2007 U.S. Dist. LEXIS 78766, *8 (N.D. Cal. October 10, 2007) (citing Administrative Order number three as "procedures addressing the plaintiffs' concern that the very illness alleged to have been caused by the defendants will preclude the participation of the plaintiff in the proceedings" and noting "the likelihood of transfer, which even the plaintiffs acknowledge"); see also In re: Patenaude, 210 F.3d at 138. Not only should these procedures alleviate Plaintiffs' concern, Plaintiffs have offered no reason for why the transfer of Mr. Herion's claim should take priority over the older mesothelioma claims have utilized the same Administrative Orders.

4. **The broad exception proposed by Plaintiffs would undermine the purpose of consolidating asbestos cases for pretrial proceedings**

Given the number of asbestos plaintiffs who claim to suffer from mesothelioma, lung cancer, and other terminal diseases, the broad exception proposed by Plaintiffs would undermine the centralization of pretrial proceedings for asbestos actions, which the Panel found as "necessary" in its initial opinion creating this MDL docket. In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. at 421.

5. **Continued jurisdiction in the transferee court of the cases is proper to further the purpose of 28 U.S.C.S. § 1407**

The purpose of 28 U.S.C.S. § 1407 is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation for the just and efficient conduct of such actions. In the Matter of New York City Municipal Securities Litigation, 572 F.2d 49 (2nd Cir. 1978). This action is part of the asbestos-related litigation which is the subject of MDL 875 and which requires and benefits from

coordinated proceedings. In re First National Bank, 451 F.Supp. 995 (JPMDL 1978). The issues to be tried in this case are identical to the common issues that prompted the MDL consolidation. This case involves Plaintiffs that have allegedly suffered injuries to their lungs due to exposure to asbestos or a loss of consortium due to asbestos exposure of a spouse, which are the same injuries asserted by the other cases in MDL 875. Additionally, the defendants in MDL 875 cases are those companies who allegedly manufactured, used, sold, or worked with asbestos materials. These common defendants are spread throughout the United States, as are the plaintiffs pursuing these lawsuits. The transferee judge is most familiar with the issues and the defendants involved in asbestos litigation and is in a better position to facilitate the resolution of each plaintiff's case without the necessity of a trial. Thus, the transfer actually promotes the most efficient resolution of Plaintiffs' claims. For this reason, Congress intended for the transferee court to have control over all proceedings prior to trial, including discovery motions, motions to amend, motions to dismiss, motions for summary judgment, etc' See In re Patenaude, 210 F.3d 135, 144 (3d. Cir. 2000) (citing 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3866). The present action is not even three months old and discovery has not started, thus the transfer is proper.

**B.    CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Vacate the Conditional Transfer Order.

*[signature]*

Moffatt G. McDonald
E-mail:mmcdonald@hsblawfirm.com
W. David Conner
E-mail:dconner@hsblawfirm.com
Charles M. Sprinkle, III, NC Bar #28096
E-mail: csprinkle@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 2048
Greenville, SC 29602
(864) 240-3200
(864) 240-3300

Attorneys for Defendants Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc., and Fluor Daniel Services Corporation

Date:  June 25, 2009

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 6 2009

FILED
CLERK'S OFFICE

## SCHEDULE OF ACTIONS

Philip Walter Herion and wife, Betty M. Herion, Plaintiffs

Daniel International Corporation, Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc., Fluor Daniel Environmental Services, Inc., Fluor Daniel Services Corporation, Defendants

Pending in the U.S. District Court, Middle District of North Carolina (Asheville)
Case No. 1:09-CV-223

Assigned to Judge Thomas D. Schroeder; Mag/Judge Wallace W. Dixon

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 6 2009

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## MDL DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

RE:   Philip Walter Herion and wife, Betty M. Herion, v. Daniel International
Corporation, Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc., Fluor
Daniel Environmental Services, Inc., Fluor Daniel Services Corporation
(M.D. North Carolina, C.A. No. 1:000-32)

### CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2009, a true and correct copy of Brief in

Opposition to Motion to Vacate Conditional Transfer Order was mailed to:

Michael B. Pross
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC 28144
Attorney for Plaintiffs

and to all parties listed on the attached Involved Counsel List.

*/s/ W. David Conner*
_____
Moffatt G. McDonald
E-mail:mmcdonald@hsblawfirm.com
W. David Conner
E-mail:dconner@hsblawfirm.com
Charles M. Sprinkle, III, NC Bar #28096
E-mail: csprinkle@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 2048
Greenville, SC 29602
(864) 240-3200
(864) 240-3300

Attorneys for Defendants Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc., and Fluor Daniel Services Corporation

Date:  June 25, 2009

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                      MDL No. 875

**INVOLVED COUNSEL LIST (Excerpted from CTO-321)**

Philip Walter Herion, et al. v. Daniel International Corp., et al., M.D. North Carolina,
C.A. No. 1:09-223  (Judge Thomas D. Schroeder)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-321) (Continued)**

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Michael B. Pross
WALLACE & GRAHAM PA
525 North Main Street
Salisbury, NC 28144

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608