**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2009

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)
MDL NO. 875

---

| | |
|---|---|
| **RAY FELLOWS** | : |
| **Plaintiff,** | : **CIVIL ACTION NO. 1:09-cv-10015-JGC** |
| **VS.** | : |
| | : |
| **FOSTER WHEELER, LLC, et al.** | : |
| | : |
| **Defendants.** | : |

---

PLEADING NO. 5872

## DEFENDANT FOSTER WHEELER LLC'S OPPOSITION TO PLAINTIFF'S MOTION
## TO VACATE CONDITIONAL TRANSFER ORDER # 322

RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
2009 JUN 26  P 3:15

**OFFICIAL FILE COPY**

IMAGED JUN 3 0 2009

## I.     __INTRODUCTION__

Defendant Foster Wheeler LLC ("Foster Wheeler") files this Opposition to the Motion to Vacate Conditional Transfer Order 322 ("CTO-322") filed by Plaintiff in the case of *Ray Fellows v. Foster Wheeler LLC, et al.*, Civil Action Number 1:09-cv-10015-JGC (N.D.Ohio).   The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-322 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407.  This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875.  To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiff's Motion to Vacate CTO-322.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand.  In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation,* 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).)  Although Plaintiff has filed a motion to remand in this case, it has not been heard by the district court, but can just as easily be decided by the MDL Panel after transfer.

The only factual issues germane to CTO-322 are already known and stated in Plaintiff's motion.  Namely, it is contended that plaintiff developed lung cancer as a result of his exposure to asbestos.  (Plaintiff's Motion to Vacate CTO at p.1, para.2)  This is exactly the type of asbestos personal injury case that should be transferred to MDL-875.   The threat of a jurisdictional objection does not change this fact.  Since any motion filed by Plaintiff could only

raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny Plaintiff's Motion to Vacate.

## II.   TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons.  First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court.   Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

### A.   The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections.   Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).)  Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re Ivy,*

901 F.2d 7 (2d Cir. 1990).)  Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).)  The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings.  The existence of such a pending motion in this case does not mandate a return of this case to the district court.

**B.      Transfer Promotes Judicial Efficiency and Consistency**.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy,* 901 F.2d 7 (2d Cir. 1990).)  In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court

after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.,* 2000 WL 310391, at * 1 (E.D. La.,

Mar. 24, 2000).)   "If remand issues are common to many [cases], decisions by the transferee

judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v.*

*Metropolitan Life Ins. Co.,* 1995 WL 83788, at *2 (E.D. La., February 24, 1995).) In fact, in the

present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in
> the coordinated or consolidated pretrial proceedings in that district will serve the
> convenience of the parties and witnesses and promote the just and efficient conduct
> of the litigation... In particular, we note that in the Panel's original decision
> distinctions based on such matters as the pendency of motions or other matters
> before the transferor court, the uniqueness of a party's status, the type of defendant,
> the docket condition of any specific federal district...were considered and rejected
> by the Panel as grounds for carving out exceptions to transfer in this extraordinary
> docket. (*In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L.
> 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in

multidistrict litigation will assist the determination of jurisdictional issues and "should not be

wasted." (*Tench v. Jackson Nat'l Life Ins. Co.,* 1999 WL 1044923, at *2 (N.D. 111. Nov. 12,

1999).  Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional

issues will not support opposition to the issuance of a transfer order because "the problem of

ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee

judges." (*In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air*

*Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972).)  Indeed, remand and other motions can be

presented to and decided by the transferee judge. (See, e.g., *In re Ivy,* 901 F.2d 7 (2d Cir. 1990);

*In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at*

*Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

The sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.IP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.,* 2001 WL 980541, at *1 (J.P.ML. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.,* 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM,* 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

Thus, because the Panel has the authority to transfer this action despite the pendency of the Plaintiff's motion to remand, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiff's Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI),* pending in the United States District Court for the Eastern District of Pennsylvania.

## III.   CONCLUSION

Defendant FOSTER WHEELER respectfully requests that this Panel deny Plaintiff's Motion to Vacate Conditional Transfer Order 322.

Date:   June 25, 2009

Respectfully submitted,

**EVANCHAN & PALMISANO, LLC**

Nicholas L. Evanchan (#0026028)
Ralph J. Palmisano (#0021146)
One GOJO Plaza, Suite 300
Akron, Ohio 44311
Phone:  (330) 208-4520
Fax:  (330) 208-4519
Email:  ep@eandplaw.com

**ATTORNEYS FOR DEFENDANT
FOSTER WHEELER, LLC**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2009

FILED
CLERK'S OFFICE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2009, a copy of the foregoing was sent by regular U.S. mail to Plaintiff's counsel and all defense counsel of record.

*Nich Evanchan*
_____

Nicholas L. Evanchan (#0026028)
Ralph J. Palmisano (#0021146)

**ATTORNEYS FOR DEFENDANT
FOSTER WHEELER, LLC**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2009, a copy of the foregoing was sent by regular U.S. mail to Plaintiff's counsel and all defense counsel of record and all counsel listed on the attached Involved Counsel List.

Nicholas L. Evanchan (#0026028)
Ralph J. Palmisano (#0021146)

**ATTORNEYS FOR DEFENDANT**
**FOSTER WHEELER, LLC**

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**
MDL No. 875

## INVOLVED COUNSEL LIST (Excerpted from CTO-322)

Ray Fellows v. Allied Glove Corp., et al., N.D. Ohio, C.A. No. 1:09-10015  (Judge James
G. Carr)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Stephen H. Daniels
MCMAHON DEGULIS
The Caxton Building
812 Huron Road, East
Suite 650
Cleveland, OH 44115-1126

John J. Duffy
Brendan Place
23823 Lorain Road
Suite 279
North Olmsted, OH 44070

Nicholas L. Evanchan, Jr.
EVANCHAN & PALMISANO
One GOJO Plaza
Suite 300
Akron, OH 44311

Diana Nickerson Jacobs
GOLDBERG PERSKY & WHITE
1030 Fifth Avenue
Pittsburgh, PA 15219

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-322) (Continued)**

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Richard D. Schuster
VORYS SATER SEYMOUR &
PEASE LLP
2100 One Cleveland Center
1375 E. Ninth Street
Cleveland, OH 44114

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608