**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 1 2009

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM DENNIS and JOANNE DENNIS,

    Plaintiffs,

v.

ALLIS-CHALMERS CORPORATION
PRODUCT LIABILITY TRUST, ET AL.,

    Defendants.

No. C 09-02363 JSW

**ORDER GRANTING MOTION TO REMAND**

This matter is set for a hearing on July 31, 2009 at 9:00 a.m. on Plaintiffs' motion to remand. By order dated June 5, 2009, the Court ordered that an opposition to the motion was due to be filed by no later than June 19, 2009 and a reply brief filed by no later than June 26, 2009. The Court has received no opposition to the motion and finds the motion appropriate for decision without oral argument. N.D. Civ. L.R. 7-1(b). Accordingly, the Court HEREBY VACATES the hearing date of July 31, 2009. Having carefully considered the Plaintiffs' papers and the relevant legal authority, the Court HEREBY GRANTS the motion to remand.

On April 6, 2009, Plaintiffs filed the complaint in this action in the Superior Court for the State of California, County of San Francisco, alleging state law claims arising out of exposure to asbestos. On May 28, 2009, defendant Foster Wheeler LLC removed the action to district court. The federal-officer removal statute allows removal of a state action against "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. §

RECOMMENDED ACTION
875 - VAC CTO - 1 ACTION

Approved/Date: _____ 6/30/09

**OFFICIAL FILE COPY**

IMAGED JUL 1 2009

1442(a)(1). No other defendant has joined in Foster Wheeler's notice of removal or asserted any other ground for removal jurisdiction. On June 1, 2009, Plaintiffs dismissed their complaint against Foster Wheeler.

In cases removed under 28 U.S.C. § 1442(a)(1), "[i]f the federal party is eliminated from the suit after removal ... the district court does not lose its ... jurisdiction over the state law claims against the remaining non-federal parties." *District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129, 132-33 (D.C. Cir. 1985). "Instead, the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court." *Id.* at 133; *see also Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) (noting, in case removed under 28 U.S.C. § 1442(a)(1), "it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed.").

Here, as the proceedings in the action are at an early stage, Plaintiffs have alleged no federal claims, and no defendant except Foster Wheeler has yet appeared, the Court finds it appropriate to remand the action to state court. *See District of Columbia*, 762 F.2d at 133 (noting, where claims involve purely local law and federal party is dismissed early in the proceedings, courts "regularly remand cases removed under section 1442(a)(1)").

Accordingly, Plaintiffs' motion to remand is HEREBY GRANTED and the action is remanded to the Superior Court in the State of California in and for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: June 26, 2009

*[signature: Jeffrey S. White]*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE