**MDL 875**

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 11 2009

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL-875 |
| ROBERT SHEPHERD and SHIRLEY SHEPHERD ) ) ) Plaintiffs, ) ) vs. ) ) ALLIED SIGNAL, INC., et al. ) ) Defendants. ) | Case No. 1:09-cv-10016-JGC  Judge James G. Carr (ASB) |

PLEADING NO. 5900

### DEFENDANT HONEYWELL INTERNATIONAL, INC'S (f/k/a ALLIED SIGNAL) MEMORANDUM IN OPPOSITION TO PLANTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant, Honeywell International, Inc. f/k/a AlliedSignal, Inc., by and through their undersigned counsel, file the within Memorandum in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order as follows:

#### ARGUMENT:

On July 15, 2009 Plaintiff filed a motion in the *Robert Shepherd v. Allied Signal, et al.* (1:09-cv-10016-JGC) matter in an attempt to vacate a conditional transfer order that would place the matter within the MDL-875. The Motion and its Supporting Memorandum are perhaps most remarkable for the absence of legal reasoning and/or argument, relying solely, it would appear, on an interpretation of a plain reading of the statute controlling such transfers, 28 U.S.C §1407, which would serve the Plaintiff's ends. Any indication that the statute has already been interpreted on multiple occasions to permit such transfers is absent from Plaintiff's Motion.

In a July 29, 1991 decision a Judicial Panel of Multidistrict Litigation addressed these arguments head-on, 771 F. Supp.415. The panel held a hearing upon an order to show

cause why all personal injury and wrongful death actions related to asbestos but not in trial should not have been centralized pursuant to 28 U.S.C.S. § 1407.  The panel concluded, on the basis of filings and testimony at the hearing, that the pending litigation involved common questions of fact related to injuries or wrongful death caused by asbestos, and that therefore, centralization was the most convenient way to promote justice, efficient docket control, and protect the parties and witnesses, 771 F. Supp.415, 417.

According to Moore's Federal Practice – Civil §112.05, there are 6 commonly utilized arguments for denying the transfer of an action to the MDL.  They are that 1) Pretrial activities are complete; 2) Insufficient complexity or commonality of factual issues; 3) Minimal number of actions; 4) Opposition of all parties; 5) Denial of right to jury trial; and 6) Mass actions may not be transferred.  It is not necessary to explore all 6 of these arguments in opposition as it would appear that only the "lack of commonality of factual issues" is even alluded to in the Plaintiff's Motion.

Unfortunately, for the purposes of this evaluation, it is difficult to determine the strength of the argument put forth by Plaintiff with regard to the lack of commonality of factual issues since neither their Motion nor its Memorandum in Support makes any attempt to outline them.  Additionally, an examination of the *Shepherd* matter yields little factual novelty to differentiate it from a great number of asbestos-related matters already placed within the MDL-875.

This inability of Plaintiff to meaningfully differentiate this case from many others currently governed by the MDL-875 demonstrates why the Panel should not vacate the Conditional Transfer Order to the MDL-875.  The MDL-875 has announced that it will commence with scheduling conferences of cases transferred from the Northern District of Ohio with the intention of completing pretrial activities so that these cases can be scheduled for trial.  Plaintiff has not even attempted to outline any compelling reason why this case should skip to the head of the line of asbestos matters originating in the U.S. District Court for the Northern District of Ohio.

## **CONCLUSION**

For the foregoing reasons, the Panel should uphold its Conditional Transfer Order with respect to this case.

Dated: July 30, 2009

Respectfully Submitted,

WILLMAN & SILVAGGIO LLP

_____
Steven G. Blackmer, Esquire

5500 Corporate Drive, Suite 150

Pittsburgh, PA 15237
(412) 366-3333
sblackmer@willmanlaw.com

Counsel for Defendant
Honeywell International, Inc.
(f/k/a Allied Signal Inc.)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 11 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within NOTICE OF APPEARANCE

was, on this __31st__ day of _____July,_____ 2009 served by electronic notification on:

Marc C. Meyer, Esquire
Stephanie N. Bell, Esquire
Joseph J. Cirilano, Esquire (#:0080038)
GOLDBERG, PERSKY & WHITE, P.C.
1030 Fifth Avenue
Pittsburgh, PA 15219
*(Counsel for Plaintiff)*

/s/ Steve G. Blackmer
Steve G. Blackmer, Esquire

Willman & Silvaggio, LLP

5500 Corporate Drive, Suite 150

Pittsburgh, PA  15237
(412) 366-3333
sblackmer@willmanlaw.com

08/11/2009 10:58    4123663462                WILLMAN SILVAGGIO                                    PAGE 02/04

Case MDL No. 875   Document 5900   Filed 08/11/09   Page 5 of 7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 11 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Memorandum in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order was filed on this 30th day of July 2009 and served via regular mail to:

Marc C. Meyer, Esquire
Stephanie N. Bell, Esquire
Joseph J. Cirilano, Esquire (#:0080038)
GOLDBERG, PERSKY & WHITE, P.C.
1030 Fifth Avenue
Pittsburgh, PA 15219
*(Counsel for Plaintiff)*

And a copy of the filing letter was sent via regular mail to the following Counsel of Record:

**IN RE:ASBESTOS PRODUCTS LIABILITY**             **MDL 875**
**LITIGATION (NO. VI)**

**INVOLVED COUNSEL LIST (Excerpted from CTIO-323)**
Robert Shepherd, et al v Allied Signal, Inc., et al., N.D. Ohio, CA No. 1:09-10016

Peter G. Angelos
Law Offices of Peter G. Angelos, PC
One Gateway Center
100 North Charles Street, 2nd Floor
Baltimore, MD 21201

Janet W. Black
Ward Black PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
Baron & Budd PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

John D. Cooney
Cooney & Conway
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

John J. Duffy
Brendan Place
23823 Lorain Road
Suyite 729
North Olmsted, OH 44070

Claire R. Hurlety
Sutter O'Connell Mannion & Farchone
3600 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114

Diana Nickerson Jacobs
Goldberg Persky & White
1030 Fifth Avenue, 3rd Floor
Pittsburgh, PA 15219-6295

Kevin M. Jordan
Baker Botts LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
Crowell & Moring, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
Kazan McClain Abrams Fernandez, et al
171 Twelfth Street, Third Floor
Oakland, CA 94607

Arun J. Kottha
Tucker Ellis & Wet
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland OH 44115

Peter A. Kraus
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

David C. Landin
Hunton & Wililams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
Lane & Gossett
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
Segal McCambridge Singer & Mahoney LTD
233 South Wakcer Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
Malaby & Bradley
150 Broadway
Suite 600
New York NY 10038

John P. McShea
McShea Tecce PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
Schiff Hardin LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Brad A. Rimmel
Roetzel & Andress
222 South Main Street
Suite 400
Akron, OH 44308

08/11/2009 10:58  4123663462  WILLMAN SILVAGGIO  PAGE 04/04

Thomas A. Packer
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Brad A. Rimmel
Roetzel & Andress
222 South Main Street
Suite 400
Akron, OH 44308

Michael P. Thornton
Thornton & Naumes LLP
10 Summer Street
39th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
Forman Perry Watkins Krutz & Tardy PLLC
P. O. Box 22608
Jackson, MS 39225-2608


s/ Steven G. Blackmer
Steven G. Blackmer, Esquire

Willman & Silvaggio, LLP

5500 Corporate Drive, Suite 150
Pittsburgh, PA 15237
(412) 366-3333
sblackmer@willmanlaw.com