**MDL** 8 7 5

*Law Office of Jeffrey S. Mutnick*

737 SW Vista Avenue
Portland, Oregon 97205
Tel. (503) 595-1033
Fax (503) 224-9430
jmutnick@mutnicklaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 1 2009

FILED
CLERK'S OFFICE

## FACSIMILE COVER SHEET

| DATE: August 6, 2009<br><br>Sent again 8/10/09 | RE: USDC, District of Oregon Case No. 09-678<br>MDL 875<br>CTO 324 |
|---|---|
| TO: Jeffery N. Luthi<br>Attn: JaKeia | FROM: Jeffrey S. Mutnick (Plaintiff's counsel) |
| FAX: 1-202-502-~~2~~ 2888 | NO. PAGES: ~~2~~ 35 |

PLEADING NO. 5902

**MESSAGE:** In response to receiving the Conditional Transfer Order (CTO) from Judge Panner's Medford, Oregon office this morning, our office called and spoke with someone at the Panel's Office. This morning was the first time that we received the Conditional Transfer Order and this was e-mailed from Judge Panner's Medford, Oregon clerk. After speaking with the clerk in the Panel's office we explained that this morning was the first time our office had received the CTO, and therefore, never had a chance to object to this Order and continue the stay. The Panel's Office advised that we should fax over the Motion for Remand that Plaintiff filed on July 14, 2009 and had pending in front of Judge Panner in the United States District Court, District of Oregon. Defendant Leslie Controls filed a response to Plaintiff's Motion for Remand on July 28, 2009 and requested oral argument. So our office and Judge Panner's Portland Office had no notice of a CTO pending. We would like time to object to the CTO as we never received a copy and plaintiff had a request pending before the court.

**OFFICIAL FILE COPY**

IMAGED AUG 1 1 2009

**NOTICE:** <u>This message is intended only for the use of the individual or entity to which it appears it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.</u> If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. **Thank You.**

## Jennifer Gabler

| | |
|---|---|
| **From:** | info@ord.uscourts.gov |
| **Sent:** | Tuesday, July 14, 2009 3:47 PM |
| **To:** | nobody@ord.uscourts.gov |
| **Subject:** | Activity in Case 1:09-cv-00678-PA Holmes v. A.W. Chesterton Company et al Motion to Remand to State Court |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**District of Oregon**

## Notice of Electronic Filing

The following transaction was entered by Mutnick, Jeffrey on 7/14/2009 at 3:47 PM PDT and filed on 7/14/2009

| | |
|---|---|
| **Case Name:** | Holmes v. A.W. Chesterton Company et al |
| **Case Number:** | 1:09-cv-678 |
| **Filer:** | Daniel Holmes |
| **Document Number:** | 13 |

**Docket Text:**
**Motion to Remand Case to State Court. Oral Argument requested. Filed by all plaintiffs. (Mutnick, Jeffrey)**

**1:09-cv-678 Notice has been electronically mailed to:**

Brian R. Talcott     brt@dunn-carney.com, llm@dunn-carney.com

Christine E. Dinsdale     asbestos@sohalang.com, sandstrom@sohalang.com

Eric L. Dahlin     ericdahlin@dwt.com, stevezalewski@dwt.com

George S. Pitcher     gpitcher@williamskastner.com, ccarlson@williamskastner.com

Jason H. Daywitt     jdaywitt@rizzopc.com, recordsmanagement@rizzopc.com

Jeanne F. Loftis     jeanne.loftis@bullivant.com, portlanddocketing@bullivant.com, stephanie.wilken@bullivant.com

8/6/2009

Jeffrey S. Mutnick    jmutnick@mutnicklaw.com, ahilber@mutnicklaw.com, jgabler@mutnicklaw.com

John M. Silk    silk@wscd.com, jay@wscd.com

Marc M. Carlton    mcarlton@williamskastner.com, knelson@williamskastner.com

Mark J. Fucile    mark@frllp.com, signe@frllp.com

Monica A. Wells    monica.wells@bullivant.com, cheri.stinson@bullivant.com, james.barela@bullivant.com, portlanddocketing@bullivant.com

**1:09-cv-678 Notice will <u>not</u> be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=7/14/2009] [FileNumber=2890146-0] [ 6df6e250f02dfc2a99d2d7c4a56fecda07512733de791072dfda0f5487fbd1007b77da 69d9d218014d72cb3122b07c05bcb2d13605af992b034abca58b4f9cfd]]

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4247 (20090715) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

JEFFREY S. MUTNICK, OSB #721784
jmutnick@mutnicklaw.com
Jeffrey S. Mutnick Law Office
737 SW Vista Avenue
Portland, Oregon 97205
503-595-1033
503-224-9430 (Facsimile)

*Of Attorneys for Plaintiff Daniel Holmes, Personal Representative for the Estate of
Gerald Holmes*


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL HOLMES, Personal Representative for the Estate of GERALD HOLMES, <br><br>                  Plaintiff, <br><br>      v. <br><br> A.W. CHESTERTON CO., et al., <br><br>                  Defendants. | Case No. CV-09-678-JO <br><br> **PLAINTIFF'S MOTION FOR REMAND** <br> **Pursuant to 28 U.S.C. § 1447(c)** <br><br> **ORAL ARGUMENT REQUESTED** |

Pursuant to 28 USC §1447(c), Plaintiff respectfully moves the Court for an order

remanding the above-captioned case to the Circuit Court for the State of Oregon, County of

Multnomah on the following grounds: (1) Defendant Leslie Controls ("Defendant") failed to

remove this matter within the time period required by 28 USC §1446(b); and (2) there is no

subject matter jurisdiction in the U.S. District Court as required by 28 USC §1442(a)(1).

///

JEFFREY S. MUTNICK
Jeffrey S. Mutnick Law Office
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)

Pursuant to L.R. 7.1(a), Plaintiff certifies that it made a good faith effort to confer with the attorney for Leslie Controls.  Plaintiff requested that Defendant withdraw their Notice of Removal or Plaintiff would be forced to file a motion for remand and seek sanctions.  Defendant denied Plaintiff's request.

This Motion is supported by the accompanying Memorandum of Law in Support of Plaintiff's Motion for Remand.

DATED this _____ day of July 2009.

LAW OFFICE OF JEFFREY S. MUTNICK


_____
Jeffrey S. Mutnick, OSB #721784
Of Attorneys for Plaintiff

JEFFREY S. MUTNICK
Jeffrey S. Mutnick Law Offices
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
J.MUTNICK@MUTNICKLAW.COM

JEFFREY S. MUTNICK, OSB #721784
jmutnick@mutnicklaw.com
Jeffrey S. Mutnick Law Office
737 SW Vista Avenue
Portland, Oregon 97205
503-595-1033
503-224-9430 (Facsimile)
    *Of Attorneys for Plaintiff Daniel Holmes, Personal Representative for the Estate of
    Gerald Holmes*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL HOLMES, Personal Representative for the Estate of GERALD HOLMES, | Case No. CV-09-678-JO |
| Plaintiff, | |
| v. | **AFFIDAVIT OF JEFFREY S. MUTNICK IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND Pursuant to 28 U.S.C. §1447(c)** |
| A.W. CHESTERTON CO., et al., | |
| Defendants. | |

STATE OF OREGON      )
County of Multnomah  ) ss.

I, Jeffrey S. Mutnick, having been duly sworn, do hereby depose and say as follows:

1.      I am the attorney for Plaintiff, Daniel Holmes. I have reviewed the documents

attached to Plaintiff's Motion for Remand and marked as Exhibits A-G, and that those exhibits

are true and accurate copies of the original documents.

2.      I filed this lawsuit in Multnomah County Circuit Court, as their was no complete

diversity of parties. I confirmed with other counsel in California the identity and appropriate

information regarding Defendant Leslie Controls, a defendant with whom I have not previously

been involved in litigation.

Page 1 -     **AFFIDAVIT OF JEFFREY S. MUTNICK IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Office*
737 SW Vista Avenue
Portland, OR 97205
505 595-1055; 503 224-9450 (facsimile)
JMUTNICK@MUTNICKLAW.COM

3.       An appearance was made by Leslie Controls through correspondence and then later through attendance by a representative of the same law firm, Bullivant Houser Bailey, at Mr. Holmes' deposition. Brief discussions were had with counsel from Bullivant Houser Bailey regarding the issues of service. Counsel contended that service should be made on Leslie Controls at the Circor location. Rather than create an unnecessary issue regarding service, I proceeded to serve Leslie Controls in addition to the earlier service made on Circor.

4.       Since Leslie Controls indicated it would appear without necessarily referencing its relationship to Circor, I named Leslie Controls as directed by the same counsel who had initially written me on November 14, 2008 (Exhibit C).

5.       My staff also directed copies of the proposed Amended Complaint after Mr. Holmes' death to all of the previous counsel by e-mail prior to my appearance at ex parte.

6.       Throughout the pendency of the litigation, from the date of filing until the present, Defendant Leslie Controls has been represented by Bullivant Houser Bailey.

DATED this _____ day of July 2009.


_____
Jeffrey S. Mutnick, OSB #721784
Of Attorneys for Plaintiff

Subscribed and sworn to before me this ___ day of July 2009.


_____
Notary Public for Oregon
My commission expires: _____


Page 2 -     **AFFIDAVIT OF JEFFREY S. MUTNICK IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
Jeffrey S. Mutnick Law Offices
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

**Jennifer Gabler**

| | |
|---|---|
| **From:** | info@ord.uscourts.gov |
| **Sent:** | Tuesday, July 14, 2009 3:51 PM |
| **To:** | nobody@ord.uscourts.gov |
| **Subject:** | Activity in Case 1:09-cv-00678-PA Holmes v. A.W. Chesterton Company et al Memorandum in Support of Motion |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Oregon

**Notice of Electronic Filing**

The following transaction was entered by Mutnick, Jeffrey on 7/14/2009 at 3:51 PM PDT and filed on 7/14/2009

**Case Name:** Holmes v. A.W. Chesterton Company et al
**Case Number:** 1:09-cv-678
**Filer:** Daniel Holmes
**Document Number:** 14

**Docket Text:**
**Memorandum in Support *of Motion for Remand*. Filed by all plaintiffs. (Related document(s): Motion to Remand to State Court[13].) (Mutnick, Jeffrey)**

**1:09-cv-678 Notice has been electronically mailed to:**

Brian R. Talcott    brt@dunn-carney.com, llm@dunn-carney.com

Christine E. Dinsdale    asbestos@sohalang.com, sandstrom@sohalang.com

Eric L. Dahlin    ericdahlin@dwt.com, stevezalewski@dwt.com

George S. Pitcher    gpitcher@williamskastner.com, ccarlson@williamskastner.com

Jason H. Daywitt    jdaywitt@rizzopc.com, recordsmanagement@rizzopc.com

Jeanne F. Loftis    jeanne.loftis@bullivant.com, portlanddocketing@bullivant.com, stephanie.wilken@bullivant.com

8/6/2009

Jeffrey S. Mutnick    jmutnick@mutnicklaw.com, ahilber@mutnicklaw.com, jgabler@mutnicklaw.com

John M. Silk    silk@wscd.com, jay@wscd.com

Marc M. Carlton    mcarlton@williamskastner.com, knelson@williamskastner.com

Mark J. Fucile    mark@frllp.com, signe@frllp.com

Monica A. Wells    monica.wells@bullivant.com, cheri.stinson@bullivant.com,
james.barela@bullivant.com, portlanddocketing@bullivant.com

**1:09-cv-678 Notice will <u>not</u> be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=7/14/2009] [FileNumber=2890149-0] [
615aa30fc52dd8484eb614ba3a35b9b91c92806de3768f18f00a908e42d83518f8112a
405ef6217a6c4c6f8806b23b8d4ba192c2f4b321bcfbae7e5c0311dee0]]

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4247
(20090715) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

8/6/2009

JEFFREY S. MUTNICK, OSB #721784
jmutnick@mutnicklaw.com
Jeffrey S. Mutnick Law Office
737 SW Vista Avenue
Portland, Oregon 97205
503-595-1033
503-224-9430 (Facsimile)

*Of Attorneys for Plaintiff Daniel Holmes, Personal Representative for the Estate of
Gerald Holmes*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL HOLMES, Personal Representative for the Estate of GERALD HOLMES,<br><br>                    Plaintiff,<br><br>        v.<br><br>A.W. CHESTERTON CO., et al.,<br><br>                    Defendants. | Case No. CV-09-678-JO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND Pursuant to 28 U.S.C. § 1447(c)**<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

This is an asbestos-related personal injury case which must be remanded to the

Multnomah County Circuit Court because it was both untimely and improperly removed.

Plaintiff's counsel would not customarily request attorney fees and costs, but Counsel does in

this instance based upon the facts set forth below. The untimeliness of the Motion, as well as the

fact that Defendant's memorandum fails to address significant authority contrary to Leslie

Control's (hereinafter "Leslie" or "Defendant") position, suggest the removal was solely for the

**Page 1 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Office*
737 SW Vista Avenue
Portland, OR 97205
503-595-1055; 503-224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

purpose of delaying resolution of the case through transfer to MDL 875. Since significant facts

were ignored, Plaintiff has been forced to devote a substantial amount of time responding to this

Motion, and therefore seeks attorney fees and costs as allowed by 28 USC 1447.

## II. STATEMENT OF FACTS

Contrary to the allegations in Defendant's petition and pleadings upon which it relies, the

complaint in the present case was filed on October 27, 2008. A copy of the Complaint is attached

as Exhibit A. At the time the complaint was filed, Plaintiff was recently diagnosed with

mesothelioma, and while in failing health, remained capable of having his testimony perpetuated.

Exhibit A named the removing Defendant in this case. While Defendant was also

designated as a predecessor to Circor International, Inc., Defendant appeared at Plaintiff's

deposition (see Exhibit B) as Leslie Controls. A letter dated November 14, 2008, from defense

counsel stated:

> **This will serve to advise you that we will be representing the defendant
> Leslie Controls, Inc., in the above-referenced case** (identified in the
> complaint as "Circor International, inc., a Delaware corporation, individually
> and as successor-in-interest to Leslie Controls, Inc.") and intend to file an
> appearance on its behalf.

(Emphasis added). (*See* Exhibit C). Counsel's appearance on behalf of Leslie Controls was more

than two weeks prior to Mr. Holmes' December 4, 2008, deposition (*see* Exhibit B).

Counsel did not indicate he was "specially appearing" or otherwise contend he was

appearing for any entity other than Leslie Controls. By letter of December 9, 2008 (Exhibit D),

counsel for Leslie Controls stated as follows:

> By letter of November 14, 2008, we advised we would be representing the
> defendant Leslie Controls, Inc. ... Please note, we will be representing only
> CIRCOR International, Inc., in this matter and intend to file an appearance on
> its behalf.

**Page 2 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

As noted in the affidavit of Plaintiff's counsel (Exhibit H), a discussion was had between counsel in which counsel for Leslie Controls (Circor) indicated that, for purposes of service, Leslie Controls wished to be served independently of Circor. The parties agreed that additional service would be made upon Leslie Controls. Copies of the service documents as to Circor and Leslie Controls are attached as Exhibit E.

## III. ARGUMENT

### A. DEFENDANT LESLIE CONTROLS, INC.'S REMOVAL IS UNTIMELY

Leslie has removed this case based on 28 USC § 1442(a)(1). Leslie's removal is clearly untimely:[1]

> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,** or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, **whichever period is shorter.**

28 USC § 1446(b) (emphasis added).

The thirty day time period for removal starts to run from a defendant's receipt of the initial pleading when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction. *Harris v. Bankers Life & Casualty Co.*, 425 F3d 689, 690-91 (9th Cir 2005). Defendant was aware of Plaintiff's complaint by at least November 14, 2008. The complaint stated on its face the location of Plaintiff's exposure, in and around U.S. Navy ships in the Kaiser ship yards during World War II. Defendant's reliance on *Durham v. Lockheed Martin Corp.*, 445 F3d 1247 (9th Cir 2006), is misplaced. In *Durham*, the removing defendant only learned of

---

[1] Leslie's removal is also improper, as explained *infra*.

**Page 3 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
757 SW Vista Avenue
Portland, OR 97205
503 595-1035; 503 224-0430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

the basis for federal officer removal at some point after it was served with summons and complaint. A State of California pleading was a "notice" pleading. Lockheed received responses to interrogatories, which made more definite and certain the allegation of exposure, providing a basis for federal officer removal. In *Durham*, the Court held that removal was timely based upon the circumstances. In the present case, Defendant has been served with three complaints. Only after the last amendment, which was partially to substitute the personal representative after Mr. Holmes' death from mesothelioma, did Defendant initiate removal proceedings. Unlike *Durham*, the removal in the present case is untimely. Defendant was aware of the facts of the case on November 14, 2008, when it appeared in behalf of Leslie Controls. It is disingenuous for the same counsel to now say it should not have removed the case within 30 days of October 28, 2007.

It is Plaintiff's position that Leslie had knowledge of this suit and its allegations by October 27, 2008. A notice of deposition of Mr. Holmes was also served on counsel for Leslie on November 29, 2008. Counsel for Leslie attended the deposition on December 4, 2008, during which Mr. Holmes identified his exposure to pumps and described his the work which exposed him to asbestos in the shipyards. None of Plaintiff's allegations regarding exposure on or around Navy ships in the Kaiser shipyards have changed. The same facts of which Leslie's counsel was aware when served with the complaint and when responding with the letter of November 14, 2008, are the present facts.

While various U.S. District Courts have not interpreted the question of when a defendant had notice and whether some formality need be associated with that notice, that is not an issue in the present case. The only issues in the present case are whether Defendant's removal is timely

Page 4 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
jmutnick@mutnicklaw.com

and whether that removal is otherwise proper. Given Defendant's correspondence, service upon Defendant, appearance at deposition, and Defendant's knowledge of Plaintiff's exposure as testified to by Plaintiff in his deposition, it is clear Defendant had notice.

The only colorable argument that could be made by Defendant under these circumstances is that the amended complaint substituting Daniel Holmes as the personal representative of Gerald Holmes constituted a "new claim," which began the 30-day removal period anew. This argument is without merit. ORCP 34A states as follows: "No action shall abate by the death or disability of a party or by the transfer of any interest therein if the claim survives or continues."

ORCP 34B states, in pertinent part: "In the case of the death of a party, the court shall, on motion, allow the action to be continued: ... (b)(1) by such party's personal representative or successor of interest at any time within one year after the party's death..." *See also* ORCP 34D (Death of a Party; Surviving Parties). The substitution of the personal representative did not require additional service on Defendant, but only a motion continuing the action already pending in the Multnomah County Circuit Court. The dates upon which Defendant seizes in attempting to rationalize this removal proceeding appear to be the 30-days subsequent to the amendment of the complaint to substitute the personal representative and the removal of Circor from the complaint.

**B.  THERE IS NO SUBJECT MATTER JURISDICTION IN THE US DISTRICT COURT**

If the court finds the Defendant's removal was timely, the court should nevertheless remand this case to state court because Defendant's basis for removal – federal officer jurisdiction – has not been established by the removing party.

Leslie appears to claim it has a colorable federal defense to Plaintiffs' action with its inclusion of some military specifications and the affidavit of Admiral Horne. It contends the

JEFFREY S. MUTNICK
Jeffrey S. Mutnick Law Offices
757 SW Vista Avenue
Portland, OR 97205
503 595-1055; 503 224-9450 (facsimile)
JMUTNICK@MUTNICKLAW.COM

"government contractor immunity" defense as stated in *Boyle v. United Technologies, Inc.*, 487 U.S. 500, 101 LE2d 442, 108 S. Ct. 2510 (1988) and its progeny, is its colorable defense. Leslie has failed to apprise this Court of controlling Ninth Circuit case law which states there is no federal "government contractor" immunity defense under *Boyle* in asbestos litigation where the theory of liability is a failure to warn or failure to meet consumer expectations. *In Re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 ((9th Cir. 1992).

Federal district courts throughout the country have determined that (1) if the plaintiff is only asserting a failure to warn claim in asbestos litigation, (2) then there is no federal defense available to the purported federal officer under *Boyle*, and (3) federal officer removal jurisdiction is inappropriate. *Overly v. Raebestos-Manhattan*, 1996 W.L. 532150 (N.D. Cal. 1996), attached hereto and marked as Exhibit A; *Ruffin v. Armco Steel Corp.*, 959 F. Supp. 770 (S.D. Texas 1997); *Good v. Armstrong World Industries*, 914 F. Supp. 1125 (E.D. Penn. 1996); *Feidt v. Owens-Corning Fiberglass*, 153 F. 3d 126 (3d Cir. 1998); *Arness v. Boeing North American*, 997 F. Supp. 1268 (C.D. Cal. 1998); *Megill v. Worthington Pump, Inc.*, 1999 W.L. 191565 (D. Del. 1999) (Exhibit B hereto); *McCormick v. C.E. Thurston*, 977 F. Supp. 400, 403 (E.D. Vir. 1997). *See also, Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 951 (E.D.N.Y. 1992) (Weinstein, J.) (Agent Orange case granting motion to remand.) ("The defendants . . . are being sued entirely for past acts in allegedly providing a tainted product to the government. . . . The military contractor defense raises straightforward common law tort issues that the State Courts are as adept at handling as the federal judiciary.").

**Page 6 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffry S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 593-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

## C. THE NINTH CIRCUIT HAS A STRONG PRESUMPTION AGAINST REMOVAL JURISDICTION

When a case is removed to Federal Court, there is a "strong presumption" against federal court removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992) [citing *Nishimoto v. Federman-Bachrach & Associates*, 903 F. 2d 709, 712 n. 3 (9th Cir. 1990)]. The defendant, who was the removing party, bears the burden of proving the propriety of removal, including jurisdiction. *Id.* at 566-67. *Nishimoto*, 903 F. 2d at 712 n. 3. The Ninth Circuit "strictly construes the removal statute against removal jurisdiction." *Gaus*, 980 F. 2d at 566; *Duncan v. Stuetzle*, 76 F. 3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is <u>any doubt</u> as to the right of removal in the first instance." *Duncan*, 76 F. 3d at 1485 (emphasis added). In determining whether to remand a removed civil action due to lack of subject matter jurisdiction, "any doubt should be resolved in favor of remand." *St. Francis Hospital And Medical Center v. Blue Cross & Blue Shield Of Connecticut, Inc.*, 776 F. Supp. 659, 661 (D. Conn. 1991); 28 U.S.C. §§ 1441(a), 1447(c). There is no "federal officer" removal jurisdiction here.

## D. THERE IS NO COLORABLE FEDERAL CONTRACTOR DEFENSE TO THIS FAILURE-TO-WARN CLAIM.

Leslie's memorandum is relatively spartan as to the specific concepts upon which Defendant relies. They appear to rely on the *Boyle* "government contractor" defense to support federal officer removal jurisdiction herein. However, the Ninth Circuit and other U. S. Circuit Courts throughout the country have struck the *Boyle* government contractor defense as a matter of law in asbestos cases at least for failure to warn claims and in the Ninth Circuit consumer expectation defect claims. *In Re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir.

**Page 7 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1055; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

1992).  As the Ninth Circuit explained:

> The appellants' failure to alert those individuals who work most closely with their insulation products . . . to the dangers of asbestos exposure was patently clear from the evidence.  That the inadequacy of the defendants' warnings was a legal cause of the plaintiffs' injuries cannot be denied.  The plaintiffs could have taken precautionary measures or left their jobs had they been warned of the dangers.  A reasonable jury, in reaching its verdict of liability, necessarily would have found from the evidence that the defendants breached their State law duty to warn both before and after the introduction of warning labels in 1966.  Thus, even were the asbestos insulation "military equipment", we would affirm the district court's decision to preclude the military contractor defense.

*In Re Hawaii Federal Asbestos Cases*, 960 F.2d at 814.  *See also*, *In Re Joint Eastern And Southern District New York Asbestos Litigation*, 897 F.2d 626, 632 (2d Cir. 1990) ("Stripped to its essentials, the military contractor's defense under *Boyle* is to claim 'the government made me do it.' ").

Plaintiffs' claim is based upon a failure to warn.  *See* Exhibit A.

Relying upon the Ninth Circuit *In Re Hawaii Federal Asbestos Cases* precedent, district courts within the Ninth Circuit, Fifth Circuit, Third Circuit, and Second Circuit, have already remanded asbestos cases when federal officer removal jurisdiction is invoked by an asbestos defendant under the *Boyle* "government contractor" defense.  One of the most lucid explanations of the rational is *Good v. Armstrong World Industries*, 914 F. Supp. 1125 (E.D. Penn. 1996).  In *Good*, a case was removed to Federal Court when the plaintiff stated he worked with asbestos that was used on turbine generators manufactured by Westinghouse.  As the Court explained:

> Westinghouse contends that it designed and manufactured the turbine generators in accordance with specifications and regulations mandated by the Navy and is thereby entitled to remove the case to federal court pursuant to the federal officer removal statute."

914 F. Supp. at 1126.

**Page 8 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1055; 503 224-9450 (facsimile)
JMUTNICK@MUTNICKLAW.COM

As the *Good* Court explained:

> The facts relied on by Westinghouse as set forth in the notice and affidavit applied to the foundations of the government contractor defense, rather than the federal officer removal statute. By showing that the United States Navy was involved in the design and manufacture of the turbines, **the detailed affidavit of Gate** lends support for a colorable claim of the government contractor defense, but I find that these facts do **not** show that Westinghouse acted under the immediate supervision of the Secretary of the Navy or any other officer, as required by the statute. [¶] . . . In order to remove to federal court, Westinghouse must set forth evidence showing that it did, in fact, act under a federal officer, a burden that Westinghouse has not satisfied. [¶] . . . **Acting under the direction of the Navy, however, is not the same as acting under the direct and detailed control of the federal officer. . . .** [¶] Westinghouse's poor showing of the causal connection between the allegations of plaintiffs and the conduct taken under direction of a federal officer is also evidence by **its failure to set forth the substance of the regulations and specifications.** The Complaint alleges personal injury based upon exposure to asbestos. Neither the notice nor the affidavit establishes that the Secretary of the Navy specified the use of asbestos in the design and manufacture of the turbine generators.

*Good*, 914 F. Supp. at 1129-1130 (emphasis added).

The *Good* Court further explained that the policy reasons for having federal officer removal jurisdiction are not present in asbestos cases where the *Boyle* government contract defense is asserted. As the *Good* Court explained:

> The Supreme Court fashioned the government contract defense to displace State law because there exists a unique federal interest in civil liability arising out of the performance of federal procurement contracts. [citation omitted] **I question whether that federal interest exists in this case. The impact of this personal injury action on the federal interest in protecting future defense procurement -- the fundamental point of the government contract defense -- is speculative.** It is common knowledge that asbestos is no longer used in the design and manufacture of equipment, so that this lawsuit cannot interfere with a federal program involving products that contain asbestos. Therefore, **the adjudication of this personal injury action in State Court does not threaten the enforcement of a federal policy sufficient to warrant removal.**

**Page 9 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffry S. Mutnick Law Office*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

> Even assuming that the federal interest underlying the government contractor defense is present, simply noting the presence of a federal interest does not provide a sufficient or necessary basis to allow removal. . . .   When enacting the federal officer removal statute, Congress sought to distinguish lawsuits on the basis of their susceptibility to State Court manipulation. **The government contractor defense is not subject to such manipulation.** Unlike a federal officer's defense of immunity, the government contract defense by a corporation raises straightforward common law issues that State Courts are as adept at handling as the federal judiciary.

*Good*, 914 F. Supp. at 1131 (emphasis added).

Here, the *Boyle* defense is not subject to State Court manipulation and this is emphatically true because the Ninth Circuit itself has struck the *Boyle* defense in both failure to warn and consumer expectation claims based on common law product liability.   An excellent discussion of the asbestos cases and federal officer removal jurisdiction not being provided by the *Boyle* defense is found in *Arness v. Boeing North America*, 997 F. Supp. 1268 (C.D. Cal. 1998).   In *Arness*, Boeing sought to remove the case against federal officer removal concerning its disposal of toxic chemicals at the Rocketdyne facilities.   Boeing had manufactured and tested rocket engines at these facilities pursuant to contracts with the U. S. government.   Plaintiffs claimed personal injury from its disposal.   The *Arness* Court summarized the holdings of two asbestos cases when favorably using them as precedents to grant a motion to remand as follows:

> In both cases, the defendant government contractors were sued by plaintiffs for their alleged exposure to asbestos **based on failure to warn theories.** The court in *Overly* found that because of the control exercise by the United States over the defendant, **in the guise of detailed specifications regarding the manufacture and design of ships built by the defendant,** did not restrict the defendant's "ability to notify individuals of the presence of asbestos in the work environment," the defendant failed to establish a causal connection between that control and "the legal theory under which plaintiffs" sought to hold the defendant liable. [citation omitted]   Likewise in *Ruffin*, the court held that to establish the required causal connection, the defendant must not only show that the mill where plaintiffs were exposed to asbestos was built pursuant to government specifications, "but also that (the

**Page 10 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffry J. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503-595-1035; 503-224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

government) restricted or prohibited (the defendant) from providing adequate precautions against or otherwise notifying its employees of the hazards of asbestos exposure."

*Arness*, 997 F. Supp. at 1275 (emphasis added).

One of the cases favorably relied upon by the *Arness* Court was *Overly v. Raybestos-Manhattan*, 1996 W.L. 532150 (N.D. Cal. 1996). In *Overly*, defendant Avondale Industries removed an asbestos case to Federal Court based on federal officer jurisdiction. The *Overly* Court explained that "plaintiffs have proceeded against Avondale on the 'failure to warn theory' of product liability." *Overly* at p. 1. Also, the Court noted that "plaintiffs are not pursuing a design defect claim of products liability and have offered in writing to waive all potential claims related to design defects." *Overly* at p. 3. The *Overly* Court citing *In Re Hawaii Federal Asbestos Cases*, explained as follows:

> The Ninth Circuit has ruled that in failure to warn product liability cases involving asbestos allegedly used in the construction of naval ships, a defendant must specifically show that "in making (its) decisions with regard to warnings (it was) acting in compliance with "reasonably precise specifications" imposed on (it) by the United States." *In Re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992). Thus, in order to meet the *Boyle* test in a failure to warn case, the defendant must show that the government affirmatively instructed it regarding the provision of warnings. Defendant's only showing on this motion relates to the government's manufacturing and engineering specifications. Defendant has not demonstrated that the government provided "reasonably precise specifications" affecting Avondale's provision of warnings. [citation omitted] Absent a showing by defendant that the federal government gave specific instructions to Avondale not to warn employees of the existence of asbestos, Avondale is offered no protection by government contractor immunity. [citation omitted] Therefore defendant fails to meet the second prong of the *Mesa* [v. *California*, 489 U.S. 121 (1989)] standard because Avondale has no colorable federal defense to the charges in this case.

*Overly* at pp. 3-4.

In *Ruffin v. Armco Steel Corp.*, 959 F. Supp. 770 (S.D. Tex. 1997), the Court held there

**Page 11 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffry S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

was no federal officer removal jurisdiction in a case that involved even more control by the

federal government over the defendant than the allegations by Leslie in supplying valves.   In

*Ruffin*, the plaintiff worked at Armco's steel mill where he was exposed to asbestos.   Armco

claimed that "its Houston steel plant was constructed under the control of federal officers, which

presumptively provides it with sufficient basis for removal under §1442(a)(1)."   *Ruffin* at 959 F.

Supp. at 772.   As the defendant contended:

> Armco claims that at all times relevant to the suit, it acted
> under the supervision of the Secretary of Commerce and other
> officials from the Defense Plan Corporation ("DPC"), one of many
> federal corporations created to assist in the war program.   Armco
> claims that the nexus requirement under *Mesa* is satisfied with
> proof that the plant it constructed was built pursuant to DPC plans
> and the State action against it arose from injuries allegedly caused
> from Armco's compliance with those plans [presumably insulating
> parts of the plant with asbestos].   Because the plaintiff's State
> action is predicated on a failure to warn theory, **however, Armco
> must not only show that the mill was built pursuant to DPC
> specifications (and asbestos was a government approved or
> mandated material) but also that DPC restricted or prohibited
> Armco from providing adequate precautions against or
> otherwise notifying its employees of the hazards of asbestos
> exposure.**

*Ruffin*, 959 F. Supp. at 744 (emphasis added).

The Court went on to further explain that it is not enough merely to show government

involvement in the procurement contract, but detailed control and indeed **federally mandated**

**conflicts with State law duties.**   As the Court explained:

> The court finds that although Armco has proven that DPC
> supervised and extensively monitored the construction of the mill,
> Armco has failed to demonstrate that DPC exercised the same
> degree of control with respect to safety precautions that allegedly
> should have been taken to warn employees of the hazards
> associated with asbestos exposure.   There was no evidence to show
> that DPC prevented Armco from issuing adequate safety warnings
> or that the government enacted or even considered enacting its own
> programs or guidelines to cover workplace safety.   Nor does the
> evidence show that DPC controlled personnel matters or at all

**Page 12 -- PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
Jeffry S. Mutnick Law Offices
757 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

> interfered with the duty of care Armco owed under State law to its employees. **The mere fact that the government possessed the power to control or regulate employee safety neither establishes that that power was ever used nor that operational mandates of this type were ever issued. Without such proof, Armco cannot satisfy the statutory requirements for removal under §1442(a)(1).**

*Ruffin*, 959 F. Supp. at 776 (emphasis added).

The *Ruffin* Court further explained that giving blanket immunity under *Boyle* and expanding federal jurisdiction is not warranted by any federal policy. As the Court explained:

> The court also believes that blanket absolution of liability for all acts of neglect, whether or not committed under specific and direct order, would encourage laxity at the expense of human lives without any corresponding benefit. [¶] Finally, the court can find no threat to the enforcement of federal laws if the instant case is adjudicated in State Court. . . . Furthermore, the basic intent of §1442(a)(1) removal is for protection of federal officials, as well as those acting under their direction, against State Court hostility or interference with the effectuation of federal policy. **In this case, there is arguably no potential federal policy violation, aside from a general government interest in cost control, requiring a federal form for adjudication.**

*Ruffin*, 959 F. Supp. at 776-777 (emphasis added).

Even in the Third Circuit which broadly interprets the scope of federal officer removal jurisdiction, district courts remand asbestos cases back to State Court in highly analogous situations. *Megill v. Worthington Pump*, 1999 W.L. 191565 (D. Del. 1999). In *Megill*, the defendant claimed that it "supplied various pumps to the U. S. Navy for use on navy vessels" and "[a]ccording to the military specifications included in the record, asbestos was specifically mentioned". *Megill*, at pp. 1-2. The *Megill* Court cited the Ninth Circuit's striking of the *Boyle* defense in asbestos cases and went on to remand the case back to State Court holding as follows:

> In the case at bar, plaintiffs assert liability based on the following conduct:  1) failure to substitute other materials for asbestos; 2) failure to warn; 3) failure to adequately research the dangers of asbestos; 4) failure to adequately package, distribute

**Page 13 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503-595-1033; 503 224-9450 (facsimile)
JMUTNICK@MUTNICKLAW.COM

and use asbestos; and 5) failure to remedy the above failures. Worthington has not established that the U. S. Navy prohibited it from substituting materials or otherwise changing the specifications, so long as protocol was followed. **Likewise, there is no evidence of record that the U. S. Navy prohibited defendant from, or otherwise directed defendant in, issuing warnings or researching and effectuating product safety.** Under these circumstances, the court concludes that **there is no causal connection between plaintiffs' claims and the conduct performed under color of a federal office; thus, there is no colorable federal defense.**

*Megill* at pp. 3-4 (emphasis added).

The Ninth Circuit has routinely struck the *Boyle* government contractor defense as a matter of law in other failure-to-warn cases involving military equipment such as marine helicopters and naval vessels. *Snell v. Bell Helicopter*, 107 F.3d (9th Cir. 1997); *Butler v. Ingalls Shipbuilding*, 89 F.3d 582 (9th Cir. 1996). *See also, Tate v. Boeing Helicopters*, 55 F.3d 1160 (6th Cir. 1995).

As noted above, the Ninth Circuit has repeatedly held that in a failure to warn claim, the government must have affirmatively precluded warnings in order for the contractor to be shielded of *Boyle* immunity. *Nielson v. George Diamond Vogel Paint Co.*, 892 F.2d 1450 (9th Cir. 1989). The Ninth Circuit's interpretation of *Boyle* does apply to military aircraft and vessels. *Snell v. Bell Helicopter*, 107 F.3d 744, 749 (9th Cir. 1997). As has been explained above, the requirement that the government affirmatively bar warnings is not just Ninth Circuit law. *See, Boyle, supra. Boyle* required the government must actually make a decision regarding the act or omission upon which state tort liability is grounded.

**Page 14 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

Defendant may try to avoid the holding of *In re Hawaii Federal Asbestos Cases* by speculating that the Navy would not have permitted it to warn about asbestos. However, it never asked permission to warn about asbestos. Moreover, any attempt to manufacture a conflict is foreclosed by the United States Supreme Court's recent landmark preemption decision in *Wyeth v. Levine,* which held that the FDA's approval of a particular drug warning label did not preempt the plaintiff's Vermont state law claims against the manufacturer for failure to warn. *Wyeth v. Levine,* 555 U.S. __, No. 06-1249, slip op. (2009). On the contrary, the Court made it clear that "absent clear evidence that the FDA would not have approved a change to [the] label, we will **not** conclude that it was impossible for Wyeth to comply with both state and federal requirements." *Id.,* slip op. at 15 (2009) *Wyeth* makes it clear that in the duty to warn context, state law is not preempted unless there is <u>clear evidence</u> that the federal agency actually considered the warning that the state law requires and would have prohibited such a warning. This is consistent with *Boyle*, which held the federal officer has to consider the actual design defect at issue. *Boyle*, 108 S. Ct. at 2518 ("they assure the design feature in question was considered by a government officer").

The *Wyeth* defendant had argued that it could not have complied with its state-law duty to strengthen its warning label, because the FDA would not have approved a stronger warning label. The Supreme Court rejected that argument. *Wyeth* held that while the FDA retained authority to approve or reject any labeling changes, the Court "cannot credit Wyeth's contention that the FDA would have prevented it from adding a stronger warning." *Id.,* slip op. at 16. The Court noted that the defendant had offered no evidence "that it attempted to give the kind of warning required by the Vermont jury but was prohibited from doing so by the FDA," nor that

**Page 15 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
*Jeffry S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1055; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

"the FDA intended to prohibit it from strengthening the warning . . . because the agency deemed such a warning inappropriate in reviewing [its] drug applications." *Id.*, slip op. at 16-17. Indeed, the Court noted that there was no evidence that the FDA made any affirmative decision regarding the warnings required by Vermont law, or even "gave more than passing attention to the issue." *Id.*, slip op. at 17. The Court further made it clear that "the mere fact that the FDA approved [the] label does not establish that it would have prohibited such a change." *Id.* Thus, the Court held that the defendant had "failed to demonstrate that it was impossible for it to comply with both federal and state requirements," and affirmed the plaintiff's verdict under Vermont tort law. *Id.*

Defendant here cannot show that asbestos warnings were barred by military contract. As in *Wyeth*, Defendant has no evidence it attempted to warn end users about the hazards of asbestos, but was prohibited from doing so by the Navy. Nor can it provide any evidence that the Navy ever considered whether Defendant would be permitted to give the asbestos warnings had they wished to do so. As the Ninth Circuit correctly stated in *In re Hawaii Federal Asbestos Cases, supra.*, there was no conflict between the conditions imposed by Defendant's Navy contracts and its state law duty to warn, and there can be no basis to hold that state law is preempted.

Most significantly in the present case, Defendant implies that it was prohibited from placing warnings on the products because of the level of government supervision. Defendant relies on Admiral Horne's affidavit, and contends that it was required to comply with the government's specifications. Leslie cannot prove that the existence of the military specifications altered its publically available products in any respect. To the contrary, Leslie's interrogatory

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
757 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
MUTNICK@MUTNICKLAW.COM

responses (Exhibit F) establish that Leslie did not have warnings on its products at the time it sought certification by the military and that it did not put warnings on the products subsequent to World War II or at any time during the manufacture of the products in question.

Leslie contends in its responses to the plaintiff's standard interrogatories in the State of California at page 32, Response to Interrogatory No. 37, as follows:

> **INTERROGATORY NO. 37:**
> As to RAW ASBESTOS and to each such ASBESTOS-CONTAINING PRODUCT listed in YOUR responses to Interrogatories No. 29 and 31 did DEFENDANT warn of the health hazards of asbestos? If so, state for each such warning:
> A.      The content, size, color, and location; whether the warning appeared on the material and/or on the container, and/or was placed on a tag; whether the warning was included in contracts; whether the warning was included in advertising or other promotional materials;
> B.      State whether you have any photographs thereof;
> C.      The inclusive dates on which you used each such warning;
> D.      State all changes you made in such warnings and the dates of such changes; and
> E.      Identify the person most knowledgeable about your warnings and warning policy.
>
> **RESPONSE TO INTERROGATORY NO. 37:**
> Defendant states that it is not aware of any health or safety hazards associated with normal use of its products; therefore, issued no such warnings.

Defendant Leslie Control, Inc.'s Responses to Plaintiffs' Standard Interrogatories to All Defendants (Asbestos General Order 129) (Exhibit F).

Its assertion that warnings were not required at any time, a defense which renders moot its claim that it was in some way intimidated, directed, prohibited, or mandated by the government in its failure to warn of the hazards associated with its products. To the contrary, Leslie states clearly it would not and did not put a warning on a product regardless of the

**Page 17 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND**

JEFFREY S. MUTNICK
Jeffrey S. Mutnick Law Offices
737 SW Vista Avenue
Portland, OR 97205
503 595-1055; 503 224-9430 (facsimile)
jmutnick@mutnicklaw.com

existence of the military specification. Significantly, Leslie has asserted this same position in its

defense to Plaintiff's claims. *See* Answer of Leslie Controls (Exhibit G).

In response to Interrogatory No. 44 at page 36 of Exhibit F, Leslie stated as follows:

**INTERROGATORY NO. 44**:
When do YOU contend that THIS DEFENDANT first became aware
that there is an association between asbestos exposure and disease in human
beings?

**RESPONSE TO INTERROGATORY NO. 44**:
....
Leslie responds that the exact time of when Leslie first obtained any
knowledge concerning the potential health hazards of asbestos is unknown.
Matthew Wrobel – Director of Quality Assurance, first became aware of the
potential health hazards of asbestos sometime in the late 1980's through oral
conversation. ... Accordingly, Leslie Controls is able to state that, as a
company, it took its safety obligation seriously and was well aware of any and
all hazards involved in the manufacture of valves.
.... Based upon information and belief, it is the position of the manufacturers of
the gaskets and packing that the manufacturers encapsulated the fiber in lubricants,
binders, metals and adhesives, which prevents the release of asbestos fibers upon normal
use and installation. ....

(Exhibit F).

It would appear Leslie's own statements are the most appropriate basis for granting

Plaintiff's motion to remand. Defendant's contention that its products were not dangerous,

required no warnings, and no warnings were placed on the products at any point in time prohibits

this defendant from relying upon the federal contractor defense, since Defendant's position is it

would not have put warnings on the products regardless of the position of the federal

government.

It is difficult to understand how Leslie can contend it was prohibited from placing

warnings on its products when it has taken the position that the products did not require warnings

and has pled as its defense to Plaintiff's mesothelioma claim that its products did not cause

JEFFREY S. MUTNICK
*Jeffry S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

asbestos fibers to enter the air and were not at any point in time during the period of manufacture unreasonably dangerous to the extent that Leslie should have provided a warning (Exhibit G). Leslie's contentions are incongruous, inconsistent, and without either factual or legal merit.

## IV. CONCLUSION

Plaintiff's motion to remand this matter to the state court should be granted because Defendant failed to timely remove the case. Even if the court find Defendant did remove the case in a timely manner, Defendant fails to meet the requirements of federal officer jurisdiction. This case should be remanded to the state court.

DATED this _____ day of July 2009.

LAW OFFICE OF JEFFREY S. MUTNICK

Jeffrey S. Mutnick, OSB #721784
Of Attorneys for Plaintiff

Page 19 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND

JEFFREY S. MUTNICK
Jeffrey S. Mutnick Law Offices
757 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

## Jennifer Gabler

| | |
|---|---|
| **From:** | info@ord.uscourts.gov |
| **Sent:** | Tuesday, July 14, 2009 3:58 PM |
| **To:** | nobody@ord.uscourts.gov |
| **Subject:** | Activity in Case 1:09-cv-00678-PA Holmes v. A.W. Chesterton Company et al Exhibits |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Oregon

## Notice of Electronic Filing

The following transaction was entered by Mutnick, Jeffrey on 7/14/2009 at 3:58 PM PDT and filed on 7/14/2009
**Case Name:** Holmes v. A.W. Chesterton Company et al
**Case Number:** 1:09-cv-678
**Filer:** Daniel Holmes
**Document Number:** 16

**Docket Text:**
**Exhibits *F - H* re Motion to Remand Case to State Court[13]. Filed by all plaintiffs. (Mutnick, Jeffrey)**

**1:09-cv-678 Notice has been electronically mailed to:**

Brian R. Talcott    brt@dunn-carney.com, llm@dunn-carney.com

Christine E. Dinsdale    asbestos@sohalang.com, sandstrom@sohalang.com

Eric L. Dahlin    ericdahlin@dwt.com, stevezalewski@dwt.com

George S. Pitcher    gpitcher@williamskastner.com, ccarlson@williamskastner.com

Jason H. Daywitt    jdaywitt@rizzopc.com, recordsmanagement@rizzopc.com

Jeanne F. Loftis    jeanne.loftis@bullivant.com, portlanddocketing@bullivant.com, stephanie.wilken@bullivant.com

8/6/2009

Jeffrey S. Mutnick     jmutnick@mutnicklaw.com, ahilber@mutnicklaw.com, jgabler@mutnicklaw.com

John M. Silk     silk@wscd.com, jay@wscd.com

Marc M. Carlton     mcarlton@williamskastner.com, knelson@williamskastner.com

Mark J. Fucile     mark@frllp.com, signe@frllp.com

Monica A. Wells     monica.wells@bullivant.com, cheri.stinson@bullivant.com,
james.barela@bullivant.com, portlanddocketing@bullivant.com

**1:09-cv-678 Notice will _not_ be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=7/14/2009] [FileNumber=2890172-0] [
343e92e81be537c4c61ff966abf0289115edf4381d1ed00bc9363359230096f046e698
5d5c68615d5320100f9494964a198395e4a459d9b2b231fa823cb5db68]]


_____ Information from ESET NOD32 Antivirus, version of virus signature database 4247
(20090715) _____


The message was checked by ESET NOD32 Antivirus.


http://www.eset.com

8/6/2009

**Jennifer Gabler**

**From:** info@ord.uscourts.gov
**Sent:** Tuesday, July 14, 2009 3:55 PM
**To:** nobody@ord.uscourts.gov
**Subject:** Activity in Case 1:09-cv-00678-PA Holmes v. A.W. Chesterton Company et al Exhibits

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.

## U.S. District Court

### District of Oregon

#### Notice of Electronic Filing

The following transaction was entered by Mutnick, Jeffrey on 7/14/2009 at 3:55 PM PDT and filed on
7/14/2009
**Case Name:**        Holmes v. A.W. Chesterton Company et al
**Case Number:**      1:09-cv-678
**Filer:**            Daniel Holmes
**Document Number:** 15

**Docket Text:**
**Exhibits *A-E* re Motion to Remand Case to State Court[13]. Filed by all plaintiffs.
(Mutnick, Jeffrey)**

**1:09-cv-678 Notice has been electronically mailed to:**

Brian R. Talcott    brt@dunn-carney.com, llm@dunn-carney.com

Christine E. Dinsdale    asbestos@sohalang.com, sandstrom@sohalang.com

Eric L. Dahlin    ericdahlin@dwt.com, stevezalewski@dwt.com

George S. Pitcher    gpitcher@williamskastner.com, ccarlson@williamskastner.com

Jason H. Daywitt    jdaywitt@rizzopc.com, recordsmanagement@rizzopc.com

Jeanne F. Loftis    jeanne.loftis@bullivant.com, portlanddocketing@bullivant.com,
stephanie.wilken@bullivant.com

Jeffrey S. Mutnick    jmutnick@mutnicklaw.com, ahilber@mutnicklaw.com, jgabler@mutnicklaw.com

John M. Silk    silk@wscd.com, jay@wscd.com

Marc M. Carlton    mcarlton@williamskastner.com, knelson@williamskastner.com

Mark J. Fucile    mark@frllp.com, signe@frllp.com

Monica A. Wells    monica.wells@bullivant.com, cheri.stinson@bullivant.com,
james.barela@bullivant.com, portlanddocketing@bullivant.com

**1:09-cv-678 Notice will <u>not</u> be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=7/14/2009] [FileNumber=2890161-0] [
9d2a5cd44f37b065e3756e3b12ffeb3b9b280237860fcc6f814e28938d00c5b026cd5a
19582a67a7cc23c207aa99b92f3aa65796461e35412e3e46c0e4eeca83]]


_____ Information from ESET NOD32 Antivirus, version of virus signature database 4247
(20090715) _____


The message was checked by ESET NOD32 Antivirus.


http://www.eset.com

**Jennifer Gabler**

| | |
|---|---|
| **From:** | info@ord.uscourts.gov |
| **Sent:** | Tuesday, July 28, 2009 2:06 PM |
| **To:** | nobody@ord.uscourts.gov |
| **Subject:** | Activity in Case 1:09-cv-00678-PA Holmes v. A.W. Chesterton Company et al Response to Motion |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**District of Oregon**

**Notice of Electronic Filing**

The following transaction was entered by Wells, Monica on 7/28/2009 at 2:05 PM PDT and filed on 7/28/2009

| | |
|---|---|
| **Case Name:** | Holmes v. A.W. Chesterton Company et al |
| **Case Number:** | 1:09-cv-678 |
| **Filer:** | Leslie Controls, Inc. |
| **Document Number:** | 21 |

**Docket Text:**
**Response to Motion to Remand Case to State Court[13] Oral Argument requested. Filed by Leslie Controls, Inc.. (Wells, Monica)**

**1:09-cv-678 Notice has been electronically mailed to:**

Brian R. Talcott    brt@dunn-carney.com, llm@dunn-carney.com

Christine E. Dinsdale    asbestos@sohalang.com, dinsdale@sohalang.com, sandstrom@sohalang.com

Christopher E. Hawk    chawk@gordonrees.com

Eric L. Dahlin    ericdahlin@dwt.com, stevezalewski@dwt.com

George S. Pitcher    gpitcher@williamskastner.com, ccarlson@williamskastner.com

Jason H. Daywitt    jdaywitt@rizzopc.com, recordsmanagement@rizzopc.com

Jeanne F. Loftis    jeanne.loftis@bullivant.com, portlanddocketing@bullivant.com,
stephanie.wilken@bullivant.com

Jeffrey S. Mutnick    jmutnick@mutnicklaw.com, ahilber@mutnicklaw.com, jgabler@mutnicklaw.com

John M. Silk    silk@wscd.com, jay@wscd.com

Marc M. Carlton    mcarlton@williamskastner.com, knelson@williamskastner.com

Mark J. Fucile    mark@frllp.com, signe@frllp.com

Monica A. Wells    monica.wells@bullivant.com, cheri.stinson@bullivant.com,
james.barela@bullivant.com, portlanddocketing@bullivant.com

**1:09-cv-678 Notice will <u>not</u> be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=7/28/2009] [FileNumber=2902889-0] [
0f45f97c32a980b7581259c5cf22042fff79931eb5e5eb1456ae50f40dd2834753ae5d
fba897bc486967478f8740d51be51949b18e26f1dcd87c95bfbb957632]]


_____    Information from ESET NOD32 Antivirus, version of virus signature database 4286
(20090728) _____


The message was checked by ESET NOD32 Antivirus.


http://www.eset.com