MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2009

FILED
CLERK'S OFFICE

PLEADING NO. 5906

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS )
LIABILITY LITIGATION (NO. VI), ) MDL DOCKET NO. 875
) WAW 2:09-838
DUANE PREWETT and EILEEN )
PREWETT, husband and wife, )
) FOSTER WHEELER ENERGY
Plaintiffs, ) CORPORATION'S OPPOSITION
v. ) TO PLAINTIFFS' MOTION TO
) VACATE CONDITIONAL
GOULDS PUMPS (IPG), et al., ) TRANSFER ORDER #324
)
Defendants. )
)

DUANE and EILEEN PREWETT v. GOULD PUMPS, et al.
NO: 2:09-cv-0838 RSM
U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

I.  **INTRODUCTION**

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this Opposition to the Motion to Vacate Conditional Transfer Order 324 ("CTO-324") filed by Plaintiffs in the case of *Duane and Eileen Prewett v. Goulds Pumps (IPG), et al.*, Civil Action Number 2:09-cv-0838 RSM (W.D.Wash.). The Judicial Panel on Multidistrict

OPPOSITION TO MOTION TO VACATE CONDITIONAL
TRANSFER ORDER #324   -1-

**OFFICIAL FILE COPY**

IMAGED AUG 14 2009

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington 98109-0844
(206) 622-2655, (FAX) 684-6924

Litigation's (the "Panel") CTO-324 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-324.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).) Although Plaintiffs have filed a motion to remand in this case, it has not been heard by the district court, but can just as easily be decided by the MDL Panel after transfer.

The only factual issues germane to CTO-324 are already known and stated in Plaintiffs' motion. Namely, it is contended that Plaintiff developed lung cancer as a result of his exposure to asbestos. (Plaintiffs' Motion to Vacate CTO at p.1, para.2) This is exactly the type of asbestos personal injury case that should be transferred to MDL-875. The threat of a jurisdictional objection does not change this fact. Since any motion filed by Plaintiffs could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny Plaintiffs' Motion to Vacate.

OPPOSITION TO MOTION TO VACATE CONDITIONAL
TRANSFER ORDER #324  -2-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington 98109-0844
(206) 622-2655, (FAX) 684-6924

## II. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. The issue is well within the transferee court's authority and should be heard by a single court. Further, transfer and coordination or consolidation promotes judicial efficiency and consistency.

### A. The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs*, 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*,

OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER #324 -3-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington 98109-0844
(206) 622-2655, (FAX) 684-6924

143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. The existence of such a pending motion in this case does not mandate a return of this case to the district court.

### B. Transfer Promotes Judicial Efficiency and Consistency.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting

OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER #324 -4-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington 98109-0844
(206) 622-2655, (FAX) 684-6924

pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.,* 1995 WL 83788, at *2 (E.D. La., February 24, 1995).) In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and_witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. (*In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.,* 1999 WL 1044923, at *2 (N.D. 111. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. (See, e.g., *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

The sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending
OPPOSITION TO MOTION TO VACATE CONDITIONAL
TRANSFER ORDER #324  -5-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington 98109-0844
(206) 622-2655, (FAX) 684-6924

jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.IP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.,* 2001 WL 980541, at *1 (J.P.ML. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.,* 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM,* 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

OPPOSITION TO MOTION TO VACATE CONDITIONAL
TRANSFER ORDER #324   -6-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington 98109-0844
(206) 622-2655, (FAX) 684-6924

Thus, because the Panel has the authority to transfer this action despite the pendency of the Plaintiffs' motion to remand, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III. CONCLUSION

Defendant Foster Wheeler respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order.

Dated this 13th day of August, 2009.

MURRAY DUNHAM & MURRAY

Dirk Bernhardt, WSBA #33071
Murray Dunham & Murray
200 West Thomas, Suite 350
Seattle, Washington 98109
Telephone: (206) 622-2655
Facsmile: (206) 684-6924
dirk@murraydunham.com
Of attorneys for Defendant Foster
Wheeler Energy Corporation

OPPOSITION TO MOTION TO VACATE CONDITIONAL
TRANSFER ORDER #324   -7-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington 98109-0844
(206) 622-2655, (FAX) 684-6924

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | MDL DOCKET NO. 875<br>WAW 2:09-838 |
| DUANE PREWETT and EILEEN PREWETT, husband and wife,<br>Plaintiffs,<br>v.<br>GOULDS PUMPS (IPG), et al.,<br>Defendants. | CERTIFICATE OF SERVICE |

DUANE and EILEEN PREWETT v. GOULD PUMPS, et al.
NO: 2:09-cv-0838 RSM
U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

I, Oscar Ramos Jr., certify under penalty of perjury, under the laws of the State of Washington,

1. I am now and all times herein, a citizen of the United States and resident of the State of Washington, over the age of eighteen years, not a party to the above-captioned matter, and am competent to testify.

2. I am employed with the law firm of Murray, Dunham and Murray, 200 W. Thomas, Suite 350, Seattle, Washington, 98121.

3. That on this day, I caused to be sent via Federal Express next day delivery the original, four paper copies and a CD containing .pdf format copies of Foster Wheeler's

CERTIFICATE OF SERVICE -1-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington 98109-0844
(206) 622-2655, (FAX) 684-6924

Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order and this Certificate of Service, for filing to the Clerk of the Panel, Judicial Panel on Multidistrict Litigation, Thurgood Marshall Federal Judiciary Building, One Columbus Circle, NE, Room G-255, North Lobby, Washington, D.C. 20002-8004.

On this day I also caused to be sent, by way of U.S. Mail, a true and correct copy of same documents to all counsel indicated on the attached Involved Counsel List.

DATED this 13th day of August, 2009.

Oscar Ramos Jr., Paralegal
Murray Dunham & Murray
200 West Thomas, Ste. 350, Seattle, WA  98119
P.O. Box 9844, Seattle, WA  98109
Phone: 206.622.2655
Fax:    206.684.6924
oscar@murraydunham.com

CERTIFICATE OF SERVICE  -2-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
200 West Thomas Street, Ste. 350
Post Office Box 9844
Seattle, Washington  98109-0844
(206) 622-2655, (FAX) 684-6924

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                         MDL No. 875

### INVOLVED COUNSEL LIST (Excerpted from CTO-324)

Duane Prewett, et al. v. Goulds Pumps, et al., W.D. Washington, C.A. No. 2:09-838
(Judge Ricardo S. Martinez)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

R. Dirk Bernhardt
MURRAY DUNHAM &
MURRAY
200 W Thomas Street
Suite 350
P.O. Box 9844
Seattle, WA 98109-0844

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin J. Craig
GORDON & REES LLP
701 Fifth Avenue
Suite 2130
Seattle, WA 98104

Christine E. Dinsdale
SOHA & LANG PS
701 Fifth Avenue
Suite 2400
Seattle, WA 98104

Carl E. Forsberg
FORSBERG & UMLAUF
901 5th Avenue
Suite 1700
Seattle, WA 98164-1039

James Edward Horne
GORDON THOMAS
HONEYWELL MALANCA
PETERSON & DAHEIM
600 University
Suite 2100
Seattle, WA 98101-4185

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue,
N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

Christopher S. Marks
WILLIAMS KASTNER &
GIBBS
601 Union Street
Suite 4100
Seattle, WA 98101-2380

MDL No. 875 - Involved Counsel List (Excerpted from CTO-324) (Continued)

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Jackson Schmidt
PEPPLE JOHNSON CANTU & SCHMIDT PLLC
1501 Western Avenue
Suite 600
Seattle, WA 98101

G. William Shaw
K&L GATES LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

Katherine M. Steele
STAFFORD FREY & COOPER PC
601 Union Street
3100 Two Union Square
Seattle, WA 98101-1374

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Timothy Kost Thorson
CARNEY BADLEY SPELLMAN
701 Fifth Avenue
Suite 3600
Seattle, WA 98104-7010

Christopher W. Tompkins
BETTS PATTERSON & MINES
One Convention Place
701 Pike Street
Suite 1400
Seattle, WA 98101-3927

Matthew Turetsky
SCHWABE WILLIAMSON & WYATT
1420 5th Ave Ste 3010
Seattle, WA 98101-2339

Mark B. Tuvim
CORR CRONIN MICHELSON BAUMGARDNER & PREECE
1001 4th Avenue
Ste. 3900
Seattle, WA 98154-1051

Walter G. Watkins Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

John D. Wilson, Jr.
WILSON SMITH COCHRAN & DICKERSON
1700 Financial Center
1215 4th Avenue
Seattle, WA 98161-1007