MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

SEP - 2 2009

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION

MDL DOCKET NO. 875

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Roosevelt Samuel v. Liberty Mutual Insurance Co., et al.**
**M.D. Louisiana C.A. No. 3:09-448**

PLEADING NO. 5911

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-324

*MAY IT PLEASE THE COURT:*

This Memorandum is being submitted by Defendants, Liberty Mutual Insurance Company, Bituminous Fire and Marine Insurance Company and The Travelers Indemnity Company, solely as the alleged insurers B&B Engineering and Supply Company of Louisiana, Inc., and B&B Engineering and Supply Company Inc., in opposition to plaintiff's Motion to Vacate Conditional Transfer Order 324. It is respectfully submitted, noted below, there is no reasonable basis to vacate said transfer order and not transfer this alleged asbestos exposure case to the MDL.

Plaintiff presents four (4) reasons why he claims this case should not be transferred: (1) Unique fact issues predominate; (2) Transfer is Not Convenient; (3) Transfer does not promote efficiency; and (4) Justice will not be served by the transfer.

In the regard to plaintiff's claim that unique fact issues predominate, he claims that his cause of action is based on The Louisiana Direct Action Statute and since it is

OFFICIAL FILE COPY   IMAGED SEP 2 2009

only recognized in a "handful of states" this case raises unique questions of fact that would not be common to the MDL 875.

The fact of the matter is that under the Louisiana Direct Action Statute, La. R.S. 22:655, insurance companies stand in the shoes of their insureds insofar as liability is concerned. In a suit under the Direct Action Statute, La. R.S. 22:655, the insurer's liability is contingent upon proof of the negligence or tortuous conduct of the insured. *Hebert v. General Acc. Fire & Life Assur. Corp.*, 48 So.2d 107 (La. App. Orleans 1950); *Musmeci v. American Automobile Insurance Co.*, 146 So.2d 496 (La. App. 4 Cir. 1962); *Whittington v. Levy*, 184 So. 2d 577 (La. App. 4 Cir. 1966); *Lucey v. Haries*, 490 So.2d 416 (La. App. 5 Cir. 1986); and *Crown Zellerbach Corp. v. Ingram Industries, Inc.* 745 F.2d 995 (5th Cir. 1984). In the absence of legal fault and delitual liability on the insured's part, there can be no liability in a direct action suit against the insurer. *Freyoux v. Estate of Beauregard*, 484 So.2d 73, 75 (La. App. 1 Cir. 1986). The issues of liability and exposure herein are not unique. This case is no different than any of the thousands of asbestos claims now pending in the MDL. The sole difference is that there are now insurance companies standing directly in the shoes of the insured.

Plaintiff further claims that these particular insurance companies, and their insureds, are not defendants in previously MDL transferred cases, and as such, plaintiff will seek discovery from these companies, that is "vastly different from discovery obtained from other defendants in the MDL 875 cases." Again, plaintiff offers no support for this claim of vastly different discovery. The fact of the matter is that this type of asbestos litigation is common in Louisiana with these particular defendants. Indeed, plaintiff's counsel has taken discovery from these defendants in other cases and it should

not be one of first impression for him. Furthermore, assuming arguendo that the discovery may, in some way, be different than other discovery taken in the MDL 875 litigation, this by no means should prevent this case from being transferred pursuant to MDL rules. The critical issue is "asbestos" discovery. That discovery will not be any different than that in the litigation presently pending before the MDL. In summary, there are no unique fact issues that clearly predominate in this straight-forward asbestos exposure case of a claimant who alleges he was exposed to asbestos during a long career as a delivery man out of the State of Texas. This is not a matter of first impression to this Court or any other Court. The MDL is perfectly suitable of managing discovery on these very same issues. The discovery will be no different than that already on going in the MDL.

Plaintiff next contends that the matter is not convenient because "the greatest part of discovery will relate to local issues" and "the majority of witnesses are local."

Defendants respectfully submit that plaintiff's arguments in this regard are no different than any other case that is transferred pursuant to the MDL where witnesses and discovery relate to local issues. Other than cases originating in Pennsylvania, <u>every</u> case in the MDL 875 relates to "local" issues. Conducting discovery and deposing witnesses in the MDL would be no different than if this case is not transferred. This plaintiff is a Houston, Texas resident who worked almost his entire career in the State of Texas. Notwithstanding that, he elected to file suit against 119 defendants in Madison County, Illinois State Court. At the same time, plaintiff elected to file this suit against these defendants in Louisiana State Court. Plaintiff had no difficulty surmounting the "local issues" and "local witnesses" problem by electing to sue in Illinois for what is essentially

a Texas exposure case. It is respectfully submitted that plaintiffs should not have any difficulty dealing with those very same issues if this case is transferred to the MDL. The locality of witnesses is in Texas, not Louisiana.

Plaintiff's next claim is that transfer of this matter does not promote efficiency. As noted above, this case involves essentially a Texas exposure with suits filed in Illinois against the majority of alleged culpable defendants and an additional suit filed in Louisiana. It is unknown whether the Illinois defendants could ever be joined as potential defendants in the Louisiana case and as such, trying this case in the MDL will promote judicial efficiency with the potential effect of gathering all of the necessary and indispensible parties before one Court.

Plaintiff's further claim that pre-trial discovery has begun, noting that on July 28, Roosevelt Samuel's video perpetuation deposition took place and that the plaintiff provided defendants with his response to their "master discovery requests." Plaintiff fails to point out that the defendants twice moved to quash the plaintiff's deposition, first in state court, which was granted, and secondly United States District Court for the Middle District of Louisiana because of the plaintiff's failure to provide Federal Rule of Civil Procedure Rule 26 disclosures. Plaintiff objected to that Motion to Quash/Protective Order forcing the deposition to go forward at his request, not at the defendant's request. Plaintiff has never filed any Federal Rule of Civil Procedure Rule 26 disclosures, much less the more comprehensive discovery disclosures that are required by MDL 875.

Furthermore, the so-called "master discovery responses" are not discovery responses to any actual discovery propounded by these defendants. Instead, they are a selected discovery response to the plaintiff's questions and requests of his own choosing.

In fact, were never even provided a social security print-out sheet from the plaintiff evidencing and verifying the plaintiff's exact employers over his work career.

The only discovery taken in this case was the "cherry-picked" information given to the defendants by the plaintiff. The so called "discovery" is wholly inadequate and do not reach the level of Federal Rules of Civil Procedure Rule 26 disclosures, much less the more comprehensive discovery requests in the MDL 875 litigation.

Finally, plaintiff claims that justice will not be served if this case is transferred, because Mr. Samuel, who is dying from mesothelioma, will never have his day in Court. This is simply a "red herring" issue. Defendants respectfully submit that this mesothelioma case is not dissimilar from hundreds if not thousands of cases that are now pending in the MDL, many of which include mesothelioma claims. To accept plaintiff's argument in regard to his mesothelioma disease process, this Court would have to accept the proposition that it cannot and should not transfer any asbestos exposure malignancy cases. In addition, plaintiff fails to point out, once again, the fact that he filed suit against 119 other defendants in Madison County, Illinois for which he does have a trial date in June 2010. He already has one trial date and there is no reason why this case should not be transferred to the MDL No. 875 where plaintiff can get an orderly trial date of his federal claim pursuant to the rules that have been set in place for cases like his.

## CONCLUSION

It is respectfully submitted that this is a straight-forward asbestos exposure case no different than the thousands of other cases transferred and pending in MDL 875. The fact that this is a direct action case against insurers under Louisiana law (which the MDL 875 should be very capable of understanding and handling) those insurers stand in the

shoes of their insureds insofar as liability is concerned. Medical causation and damages are no different in this case than any other case. Unique issues do not apply to this case that are different from the others pending MDL cases. This is true for the legal issues as well as the availability of witnesses for depositions. As noted above, plaintiff elected to file suit in Illinois without any problem concerning his Texas exposure. He also elected to file this additional suit in Louisiana but now he is complaining about the possible transfer of this case to MDL 875. This is a case that is entirely appropriate for transfer to MDL asbestos litigation. Accordingly, it is respectfully submitted that this CTO-324 should not vacated and plaintiff's Motion in that regard should be denied.

Respectfully submitted:

DUNCAN, COURINGTON & RYBERG, L.L.C.

_____
KAYE N. COURINGTON (#18582)
WILLIAM J. SOMMERS, JR. T.A. (#12253)
MAGALI ANN PUENTE-MARTIN (#27279)
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
***Attorneys for Defendants,***
***Liberty Mutual Insurance Company, Bituminous Fire and Marine Insurance Company and The Travelers Indemnity Company, solely as the alleged insurers B&B Engineering and Supply Company of Louisiana, Inc., and B&B Engineering and Supply Company Inc., (collectively "B&B") and B&B's so-called "executive officers"***

Sep. 2. 2009 11:21AM    Duncan Courington & Rydberg                No. 8133    P. 2
Case MDL No. 875   Document 5911   Filed 09/02/09   Page 7 of 11
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 2 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon **involved counsel** below via electronic mail and U.S. Mail and **other involved counsel** by U.S. Mail only this 2nd day of September 2009.

## INVOLVED COUNSEL

**Plaintiff, Roosevelt Samuel:**
Brian F. Blackwell (Blackwell-associates.com)
Blackwell & Associates
9270 Siegen Lane
Suite 201
Baton Rouge, LA 70810-1999

**Royal Indemnity Company as successor by merger to Royal Insurance Company of America f/k/a Royal Globe Insurance Company, individually and as successor by merger to Queen Insurance Company of America as insurer of The Aber Company, Inc.:**
Lawrence G. Pugh, III (lpugh@puch-law.com)
Jacqueline A. Romero (jromero@puch-law.com)
Pugh, Accardo, Haas & Radecker, LLC
1100 Poydras Street
Energy Centre, Suite 2000
New Orleans, LA 70163-2000

**Liberty Mutual Insurance Company as insurer of The Aber Company, Inc.:**
Elia Diaz-Yaeger (ediaz-yaeger@lawla.com)
Katherine L. Osborne (kosborne@lawla.com)
Lugenbuhl, Weaton, Peck, Rankin & Hubbard
601 Poydras Street
Suite 2775
New Orleans, LA 70130



## OTHER INVOLVED COUNSEL

| | |
|---|---|
| Peter G. Angelos<br>Law Offices of Peter G. Angelos PC<br>One Charles Center, 22nd Floor<br>100 North Charles Street<br>Baltimore, MD 21201 | Janet W. Black<br>Ward Black PA<br>208 West Wendover Avenue<br>Greensboro, NC 27401-1307 |
| John D. Cooney<br>Cooney & Conway<br>120 North LaSalle Street<br>Suite 3000<br>Chicago, IL 60602-2415 | Russell W. Budd<br>Baron & Budd PC<br>3102 Oaklawn Avenue<br>Suite 1100<br>Dallas, TX 75219 |
| William F. Mahoney<br>Segal, McCambridge Singer &<br>Mahoney Ltd.<br>233 South Wacker Drive<br>Suite 5500<br>Chicago, IL 60606 | Kevin M. Jordan<br>Baker Botts LLP<br>910 Louisiana<br>One Shell Plaza<br>Houston, TX 77002-4995 |
| Paul Kalish<br>Crowell & Moring LLP<br>1001 Pennsylvanie Avenue, N.W.<br>Washington, DC 20004-2595 | Peter A. Kraus<br>Waters & Krausj LLP<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas, TX 75204 |
| David C. Landin<br>Hunton & Williams<br>Riverfront Plaza, East Tower<br>951 East Byrd Steet<br>Richmond, VA 23219-4074 | John P. McShea<br>McShea Tecce PC<br>1717 Arch Street<br>28th Floor<br>Philadelphia, PA 19103 |
| Philip McWeeny<br>Schiff, Hardin LLP<br>One Market Plaza<br>32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 | Robert C. Malaby<br>Malaby & Bradley<br>150 Broadway, Suite 600<br>New York, NY 10038 |
| Thomas A. Packer<br>Gordon & Reese LLP<br>Embarcadero Center West<br>275 Battery Street<br>Suite 20000<br>San Francisco, CA 94111 | Walter G. Watkins, Jr.<br>Forman Perry, Watkins, Krutz<br>  & Tardy PLLC<br>P.O. Box 22608<br>Jackson, MS 39225-2608 |

| Steven Kazan<br>Kazan McClain Abrams,<br>Fernandez, et al.<br>171 Twelfth Street<br>Third Floor<br>Oakland, CA 94607 | Michael P. Thornton<br>Thornton & Naumes LLP<br>100 Summer Street<br>30th Floor<br>Boston, MA 02110 |
|---|---|
| Joseph F. Rice<br>Motley Rice LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29464 | |

**CERTIFICATE OF SERVICE**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 2 2009

FILED
CLERK'S OFFICE

I hereby certify that a copy of the above and foregoing pleading has been served upon **involved counsel** below via electronic mail and U.S. Mail and **other involved counsel** by U.S. Mail only this _1st_ day of September 2009.

**INVOLVED COUNSEL**

**Plaintiff, Roosevelt Samuel:**
Brian F. Blackwell (Blackwell-associates.com)
Blackwell & Associates
9270 Siegen Lane
Suite 201
Baton Rouge, LA 70810-1999

**Royal Indemnity Company as successor by merger to Royal Insurance Company of America f/k/a Royal Globe Insurance Company, individually and as successor by merger to Queen Insurance Company of America as insurer of The Aber Company, Inc.:**
Lawrence G. Pugh, III (lpugh@puch-law.com)
Jacqueline A. Romero (jromero@puch-law.com)
Pugh, Accardo, Haas & Radecker, LLC
1100 Poydras Street
Energy Centre, Suite 2000
New Orleans, LA 70163-2000

**Liberty Mutual Insurance Company as insurer of The Aber Company, Inc.:**
Elia Diaz-Yaeger (ediaz-yaeger@lawla.com)
Katherine L. Osborne (kosborne@lawla.com)
Lugenbuhl, Weaton, Peck, Rankin & Hubbard
601 Poydras Street
Suite 2775
New Orleans, LA 70130

## OTHER INVOLVED COUNSEL

| | |
|---|---|
| Peter G. Angelos<br>Law Offices of Peter G. Angelos PC<br>One Charles Center, 22nd Floor<br>100 North Charles Street<br>Baltimore, MD 21201 | Janet W. Black<br>Ward Black PA<br>208 West Wendover Avenue<br>Greensboro, NC 27401-1307 |
| John D. Cooney<br>Cooney & Conway<br>120 North LaSalle Street<br>Suite 3000<br>Chicago, IL 60602-2415 | Russell W. Budd<br>Baron & Budd PC<br>3102 Oaklawn Avenue<br>Suite 1100<br>Dallas, TX 75219 |
| William F. Mahoney<br>Segal, McCambridge Singer &<br>Mahoney Ltd.<br>233 South Wacker Drive<br>Suite 5500<br>Chicago, IL 60606 | Kevin M. Jordan<br>Baker Botts LLP<br>910 Louisiana<br>One Shell Plaza<br>Houston, TX 77002-4995 |
| Paul Kalish<br>Crowell & Moring LLP<br>1001 Pennsylvanie Avenue, N.W.<br>Washington, DC 20004-2595 | Peter A. Kraus<br>Waters & Krausj LLP<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas, TX 75204 |
| David C. Landin<br>Hunton & Williams<br>Riverfront Plaza, East Tower<br>951 East Byrd Steet<br>Richmond, VA 23219-4074 | John P. McShea<br>McShea Tecce PC<br>1717 Arch Street<br>28th Floor<br>Philadelphia, PA 19103 |
| Philip McWeeny<br>Schiff, Hardin LLP<br>One Market Plaza<br>32nd Floor<br>Spear Street Tower<br>San Francisco, CA 94105 | Robert C. Malaby<br>Malaby & Bradley<br>150 Broadway, Suite 600<br>New York, NY 10038 |
| Thomas A. Packer<br>Gordon & Reese LLP<br>Embarcadero Center West<br>275 Battery Street<br>Suite 20000<br>San Francisco, CA 94111 | Walter G. Watkins, Jr.<br>Forman Perry, Watkins, Krutz<br>  & Tardy PLLC<br>P.O. Box 22608<br>Jackson, MS 39225-2608 |