JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

SEP - 9 2009

FILED
CLERK'S OFFICE

PLEADING NO. 5915

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| *Daniel Holmes v. A.W. Chesterton Co., et al.*, Case No. 09-cv-00678-PA (D. Oregon) | IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) |
| | MDL No. 875 |

**DEFENDANT LESLIE CONTROLS, INC.'S RESPONSE TO PLAINTIFF DANIEL HOLMES' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 324**

Jeanne F. Loftis (OR Bar No. 903712)
Monica Wells (OR Bar No. 034918)
Bullivant Houser Bailey PC
888 SW 5th Ave., Ste. 300
Portland, OR 97204
(503) 228-6351
(503) 295-0915 – Fax

Attorneys for Defendant
Leslie Controls, Inc.

Page 1 – RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 324

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

OFFICIAL FILE COPY

IMAGED SEP 9 2009

## I. LEGAL ANALYSIS

Transfer is appropriate if: (1) this action will involve "one or more common questions of fact" with actions in MDL No. 875 previously transferred to the Eastern District of Pennsylvania; (2) transfer "will be for the convenience of parties and witnesses," and (3) transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). In his Motion to Vacate, Holmes doesn't argue that any of these three requirements are lacking here.

Instead, Holmes argues that "[t]ransfer of this case should be stayed until the transferor court has had the opportunity to rule on [his] motion to remand." (Brief in Supp. of Mot. to Vacate, Aug. 21, 2009, at 9.) But that argument should be rejected for two reasons. First, the panel has already concluded that the Eastern District of Pennsylvania can adequately address motions to remand actions to state court—and that there is no need to delay transfer in order to let the transferor court address those motions. And second, based on the law and facts discussed in Leslie Controls, Inc.'s response to Holmes's remand motion (attached as Exhibit A), that motion is unlikely to be granted in any event.

**A.     The remand motion can—and should—be addressed by the transferee court.**

In the panel's original decision directing centralization of all pending federal court asbestos lawsuits, distinctions based on matters such as the pendency of motions or other matters before the transferor court were considered and rejected as grounds for carving out exceptions to transfer. *In re Asbestos Product Liability Litig.*, 560 F. Supp.2d 1367, 1368 (J.P.M.L. 2008) (citing *In re Asbestos Product Liability Litig.*, 771 F. Supp. 415 (J.P.M.L. 1991)); *see also In re Asbestos Product Liability Litig.*, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001 (same). And as recently as 2008 the panel noted, "Certain plaintiffs argue that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest." *In re Asbestos Product Liability Litig.*, 560 F. Supp.2d at 1368 n. 2; *see*

Page 2 –  RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 324

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

*also In re Asbestos Product Liability Litig.*, 170 F. Supp.2d at 1349 n. 1 (same); *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990) ("The MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending.").

Since Holmes's Motion to Vacate is premised on his assertion that "[t]ransfer of this case should be stayed until the transferor court has had the opportunity to rule on [his] motion to remand," (Brief in Supp., at 9), and since the panel has already rejected that as a basis for vacating its conditional transfer orders, the panel should deny Holmes's motion.

**B.    The law and facts do not support Holmes's remand motion.[1]**

In his remand motion, Holmes argues that the removal of this lawsuit was untimely and improper. Holmes's timeliness argument is premised on the notion that since his original Complaint named Circor International, Inc. as Leslie Controls' "successor-in-interest," Leslie Controls had the immediate right to remove the lawsuit. That argument ignores many facts to reach its conclusion; not the least of which is that Leslie Controls was not named as a defendant in nor served with a copy of the original Complaint. Since Leslie Controls couldn't remove a lawsuit to which it was not a party, the thirty-day removal period didn't begin to run until June 4, 2009, when Leslie Controls was made a defendant and served with a Summons and the Second Amended Complaint. Leslie Controls removed the lawsuit on June 17, 2009.

Holmes's other challenge questions the merits of the federal contractor defense itself. But Holmes's doesn't dispute the evidence offered by Leslie Controls in support of this defense, and he submits no evidence supporting his belief that the defense is not at least "colorable." Instead, Holmes simply argues that the federal contractor defense is not a proper defense to his "failure to warn" claims and that application of the defense requires

---

[1] This is a brief summary of the arguments set forth in Leslie Controls' Response to Plaintiff's Motion to Remand, July 28, 2009, attached as Exhibit A.

Page 3 -- RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 324

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

proof that Leslie Controls was required to, and failed to, warn the U.S. Navy about the hazards of asbestos. Holmes is wrong on both points.

The Second Amended Complaint broadly alleges that Leslie Controls exposed the decedent to "unreasonably dangerous products" that caused his death. Thus, the Second Amended Complaint is not limited to "failure to warn" claims, as Holmes' argues, but also includes claims based on design defect. Moreover, the uncontested evidence submitted by Leslie Controls with its removal papers shows that no aspect of the design of the equipment at issue—including warnings and instruction manuals associated with that equipment and the selection and inclusion of component parts, such as gaskets and packing—escaped the close scrutiny and control of the U.S. Navy.

The federal contractor defense is available in "failure to warn" claims where, as here, the evidence shows that the content (or lack thereof) of warnings reflect governmental direction and control rather than the unfettered discretion of the product's manufacturer. *Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir. 2000). The U.S. Navy exercised direction and control over the design, manufacture, inspection and testing of all equipment supplied by Leslie Controls to the Navy pursuant to government contract; and even *if* certain products supplied by Leslie to the Navy did contain asbestos (which Holmes has not shown), the Navy possessed virtually unparalleled knowledge of the dangers of asbestos—and so Leslie Controls had no duty to warn. *See, e.g., Durham v. Lockheed Martin Corporation,* 445 F. 3d 1247, 1252 (9th Cir. 2006). Therefore, since the Navy knew as much or more about the potential hazards of asbestos but nevertheless mandated that Leslie Controls use warnings and written instructions that failed to address those hazards, Leslie Controls can properly assert the federal contractor defense. *Oliver v. Oshkosh Truck Corp.,* 96 F.3d 992, 1001 (7th 1996); *Kerstetter,* 210 F.3d at 438.

Page 4 –   RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
          TRANSFER ORDER NO. 324

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

Under these circumstances, since Leslie Controls has timely removed and properly asserted a colorable federal contractor defense, Holmes's remand motion will properly be denied by the Eastern District of Pennsylvania.

## II. CONCLUSION

For the foregoing reasons, Holmes's Motion to Vacate should be denied.

DATED: September 8, 2009

                Bullivant Houser Bailey PC

                By _/s/ Monica Wells_
                **Jeanne F. Loftis,** OSB #913612
                **Monica Wells,** OSB #034918
                888 SW Fifth Ave, Ste 300
                Portland, OR 97204
                Telephone: 503.228.6351
                Facsimile: 503.295.0915
                Attorneys for Defendant Leslie Controls, Inc.



JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2009 SEP -9 A 10: 48
RECEIVED CLERK'S OFFICE

Page 5 – RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 324

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 9 2009

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2009, I caused to be served the foregoing **DEFENDANT LESLIE CONTROLS, INC.'S RESPONSE TO PLAINTIFF DANIEL HOLMES' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 324** on the following counsel of record via US Mail:

**SEE ATTACHED INVOLVED COUNSEL LIST**

I declare under penalty of perjury this 8th day of September, 2009, at Portland, Oregon

*/s/ Monica A. Wells*
Monica Wells, OSB #034918
Telephone: 503.228.6351
Attorneys for Defendant Leslie Controls, Inc

11878527.1

Page 1 –  RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 324

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                             MDL No. 875

**INVOLVED COUNSEL LIST (Excerpted from CTO-324)**

Daniel Holmes, etc. v. A.W. Chesterton, Co., et al., D. Oregon, C.A. No. 1:09-678
(Judge Owen M. Panner)

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Eric L. Dahlin
DAVIS WRIGHT
TREMAINE LLP
1300 S.W. 5th Avenue
Suite 2300
Portland, OR 97201-5630

Jason H. Daywitt
RIZZO MATTINGLY
BOSWORTH PC
411 S.W. Second Avenue
Suite 200
Portland, OR 97204

Christine E. Dinsdale
SOHA & LANG PS
701 Fifth Avenue
Suite 2400
Seattle, WA 98104

Mark J. Fucile
FUCILE & REISING LLP
115 Northwest First Avenue
Suite 410
Portland, OR 97209-4024

Christopher E. Hawk
GORDON & REES LLP
601 SW 2nd Ave.
Suite 2300
Portland, OR 97204

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Jeanne F. Loftis
BULLIVANT HOUSER
BAILEY PC
888 SW Fifth Avenue
300 Pioneer Tower
Portland, OR 97204

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-324) (Continued)**

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Jeffrey S. Mutnick
LAW OFFICE OF JEFFREY S MUTNICK
737 SW Vista Avenue
Portland, OR 97205

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

George S. Pitcher
WILLIAMS KASTNER
888 Southwest Fifth Avenue
Suite 600
Portland, OR 97204-2025

George S. Pitcher
WILLIAMS KASTNER & GIBBS
601 Union Street
Suite 4100
Seattle, WA 98101-2380

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

John Michael Silk
WILSON SMITH COCHRAN & DICKERSON
1215 Fourth Avenue
Suite 1700
Seattle, WA 98161-1007

Brian R. Talcott
DUNN CARNEY ALLEN HIGGINS & TONGUE
851 SW 6th Avenue
Suite 1500
Portland, OR 97204

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Monica A. Wells
BULLIVANT HOUSER BAILEY PC
888 SW 5th Avenue
Suite 300
Portland, OR 97204