JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

SEP 16 2009

FILED
CLERK'S OFFICE

# DeHAY ELLISTON
L.L.P.

September 14, 2009

PLEADING NO. 5921

**VIA FAX: 202-502-2888**
Jeffery N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-225, North Lobby
Washington, DC 20002-8004

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2009 SEP 15 A 6:53

RECEIVED
CLERK'S OFFICE

TB

Re: IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI), MDL
Docket No. 875: *Staton, et al. v. American Standard, Inc., individually and as
successor-in-interest to the Trane Company; et al.*

Dear Mr. Lüthi:

We are in receipt of Plaintiffs' letter of September 10, 2009 to the JPML requesting a stay in the transfer of the above-entitled action to MDL No. 875 ("MDL"), pursuant to the JPML's Conditional Transfer Order of July 17, 2009. On behalf of our client, Leslie Controls, Inc. ("Leslie"), we object to any stay of the transfer.

Plaintiffs are engaging in various litigation tactics simply to delay the proper transfer of this action to the MDL. Such tactics include the filing of a Petition for a Writ of Mandamus in the Federal Court of Appeals in the Ninth Circuit. As you are aware, a writ is an extraordinary measure, requiring the Ninth Circuit to find clear error on the part of the District Court amounting to a "usurpation of judicial powers." Plaintiffs' Petition before the Ninth Circuit is merely a rehash of its unsuccessful arguments in its Motion for Remand and in Plaintiffs' Motion Opposing Transfer filed with the JPML. The Ninth Circuit partially granted Plaintiffs' request for an emergency hearing merely to allow parties to file responses thereto. Plaintiffs' Petition before the Ninth Circuit has little chance of success.

**DeHay & Elliston, L.L.P.** – *Los Angeles Office*
800 West 6th Street • Suite 788 • Los Angeles, CA 90017
Telephone: (213) 271-2727 • Fax: (213) 271-2730

Dallas • Houston • Baltimore • Los Angeles • Bay Area

**OFFICIAL FILE COPY**

IMAGED SEP 16 2009

Jeffery N. Lüthi
September 14, 2009
Page 2

    Please note: Despite a partial grant of Plaintiffs' request of an emergency hearing, *the Ninth Circuit did not stay this litigation.*

    The only case Plaintiffs cite wherein the JPML vacated a CTO, the *Vasura* case, involved a pending motion for remand. Here, Plaintiffs have *already* had their Motion for Remand denied, and have filed a petition for a Writ of Mandamus as a last ditch attempt to frustrate proper transfer to the MDL. Moreover, Plaintiffs are fully aware that transfer to the MDL *in no way* precludes transfer of the action back to State court in the unlikely event that the Ninth Circuit rules in favor of remand. In brief, Plaintiffs may avail themselves of the same litigation procedures and strategies in the MDL as in any other court. Plaintiffs' "concerns" are unwarranted.

    Lastly, we have just received Plaintiffs' Reply in support of its Motion to Vacate the CTO. As they have throughout this litigation in the District Court, the Ninth Circuit, and before the JPML, Plaintiffs continue to misconstrue the controlling case law in the Ninth Circuit regarding removal. As the JPML is aware, the crux of Plaintiffs' argument for remand lies in their interpretation of *In Re Hawaii Federal Asbestos Cases*, 960 F. 2d 806 (9th Cir. 1992). However, Plaintiffs are simply wrong in their application of this case. The reality is that *In re Hawaii* is almost completely inapposite to the instant case – which is why the District Court denied remand.

    As the District Court noted, Leslie has clearly shown, through proper application of controlling case law, that it has raised a "colorable" defense based on the federal officer statute (28 U.S.C. 1442(a)(1)) and that removal was proper. Subsequent to the denial of remand, Plaintiffs have offered no new arguments. Instead they continue to rely on misinterpreting (or in some cases, not applying) controlling case law.

    For all of the foregoing reasons, Leslie requests that the JPML not delay transfer of this action to the MDL No. 875. Should you have any questions, please do not hesitate to contact me. I may be reached at 213.271.2727 (direct line: 2724) or pwhite@dehay.com.

DeHAY & ELLISTON LLP

*[signature]*

Paul C. White
Attorneys for Defendant
LESLIE CONTROLS, INC.

PCW:pcw

DeHay & Elliston, L.L.P. – *Los Angeles Office*
800 West 6th Street • Suite 788 • Los Angeles, CA 90017
Telephone: (213) 271-2727 • Fax: (213) 271-2730

Dallas • Houston • Baltimore • Los Angeles • Bay Area