Case MDL No. 875   Document 5938   Filed 10/08/09   Page 1 of 11

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2009

FILED
CLERK'S OFFICE

MDL 875

ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

Attorneys for Plaintiff

PLEADING NO. 5938

## UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br>CTO - 326 |
| This Document Relates to:<br>WAYNE HARTMAN v.<br>LESLIE CONTROLS, INC., et al. | |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

| | |
|---|---|
| WAYNE HARTMAN,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE CONTROLS, INC., et al.,<br><br>Defendants. | No. No. CV 09 - 3938 JSW<br><br>PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 326 |

### PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 326

### AND BRIEF IN SUPPORT OF MOTION

WAYNE HARTMAN ("Movant" or "Plaintiff") by and through his counsel of record files this consolidated Motion and Brief to Vacate Conditional Transfer Order 326 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on September 8, 2009.

Movant respectfully moves the Panel pursuant to JPML Rule 7.4(c) to vacate its order conditionally transferring the above entitled and numbered case to the United States District

**OFFICIAL FILE COPY**   IMAGED OCT 8   2009

Court for the Eastern District of Pennsylvania. This motion is based on the brief in support which is made a part of this filing, and such other materials as may be presented to the JPML at the time of the hearing on the motion. Movant requests the Clerk of the JPML to set this motion for hearing at the next session of the Panel. Rule 7.4(c).

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

This action for asbestos-related personal injury was originally filed by Wayne Hartman against numerous defendants in the Superior Court of the State of California, County of San Francisco on June 23, 2009.

Defendant Leslie Controls, Inc. removed this matter to the United States District Court for the Northern District of California on August 26, 2009. Plaintiff has filed his Motion to Remand to the San Francisco County Superior Court based upon lack of subject matter jurisdiction.

The Conditional Order filed on September 8, 2009 transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Mr. Hartman's health is precarious and deteriorating. He is a 65 year old man suffering from pleural disease and asbestosis, an inherently progressive illness, with inevitable and predictable deterioration over time. Mr. Hartman is expected to experience a progressive decline in respiratory function and the removal to MDL may well deny him his day in court.

Because of the deteriorating and disabling nature and of the disease there is a well founded concern that Mr. Hartman will be denied the right to stand up for himself and his family, since he may become either too weak to travel or become incapacitated from his illness before having his day in Court.

Mr. Hartman, therefore, moves this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United States District Court for the Northern District of California to move the case speedily along to trial. Justice and fairness demand that the delay occasioned by Leslie Control's action be ameliorated by the setting of an prompt date for trial, which requires that the matter remain in the Northern District of California, or be remanded to San Francisco County Superior Court.

# ARGUMENT

Title 28, United States Code, section 1407(a) allows for the transfer of a civil action "involving one or more common questions of fact" only if the Panel determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Mr. Hartman submits that this case does not meet these requirements. Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than enhance the progress of this case.

A. **There is no federal subject matter jurisdiction and the case should be remanded to the state court.**

Defendant Leslie Controls, Inc. filed its Notice of Removal on August 26, 2009. Its alleged grounds for removal as stated in the Notice is that plaintiff alleged occupational exposures which occurred aboard various U.S. Naval ships, and that Leslie Controls, in its manufacture and sale of equipment for the U.S. Navy, was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1).

However, plaintiff has specifically waived any claims against Leslie Controls Inc. relating to plaintiff's exposure to asbestos at military and federal government jobsites and aboard U.S. Navy vessels. Accordingly, there can be no government contractor defense and removal was improper.

Removal was improper as a matter of law. This Court does not have jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. sec 1442, and is without subject-matter jurisdiction to hear the case. Plaintiff's Motion to Remand, pending before the District Court for the Northern District of California, should be granted and the case remanded in its entirety to the California Superior Court for the County of San Francisco.

B. **This Case Does Not Share Common Factual Issues With Other MDL Cases**

Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3, 1974*, 405 F.Supp. 1304, 1306 (J.P.M.L. 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. *In re Boeing Co. Employment Practices*

*Litigation*, 293 F.Supp.2d 1382 (J.P.M.L. 2003.)   A mere showing of common questions of fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo, New Mexico on June 18, 1969*, 387 F.Supp. 732, 733 (J.P.M.L.1975).

Because Mr. Hartman's case is dissimilar from the multi-party asbestos suits in MDL 875 it should remain in California. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL 875 cases the common material, asbestos fibers, it is wholly different in its simplicity and limited scope.

The facts in dispute in this matter (other than the generic fact of asbestos exposure) are entirely unique to Mr. Hartman's work history and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is essentially applicable to this one plaintiff, and will be of little possible benefit to the parties in MDL 875.

C. **Transfer Will Immensely Inconvenience Parties and Witnesses**

In its Order creating MDL 875, the Panel explained that since section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise". In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).

Movant respectfully submit, however, that effective practice before the Eastern District of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in chambers and court hearings. Travel to Philadelphia will require expensive air fares and lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F.Supp. 1295 (J.P.M.L. 1977). This places a heavy and entirely unnecessary burden on Mr. Schoelzel.

D. **Transfer Will Be Unjust and Inefficient.**

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the action in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000).

That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery; (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993). See generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer mechanics of transferring and remanding. After transfer, the process of segregating the pretrial matters which should be remanded for handling by the transferor courts may be time-consuming, as well as subject to reasonable disagreement. The basic question before the Panel in each proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer and remand.")

Consolidation of Mr. Hartman's case with MDL 875 will not serve any of these aims. This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. Only end-stage pretrial proceedings remain, which can be most efficiently handled by the California Superior Court in San Francisco or in the Federal District Court for the Northern District of California where the trial will take place.

The parties will not benefit from the MDL 875's focus on common asbestos defendants. It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against common asbestos product manufactures) which was the context in which MDL 875 was created to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. This case is a straightforward personal

///

injury action, one that the state court and the parties would be able to move relatively rapidly to trial.

In light of these events, Movant respectfully submit that transfer at this stage in the proceedings to MDL-875 could not be more inconvenient to the parties and witnesses, or more likely to obstruct rather than promote the just and efficient conduct of this case. Transfer will serve only to delay the matter, while increasing the judicial workload of the Pennsylvania court, and accomplishing no effective progress in the action.

## CONCLUSION

Transfer will serve neither the convenience of the parties nor the just and efficient conduct of the case. No party will be prejudiced by the case remaining where it is. It is not suitable for transfer to the MDL.

For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer Order 326 as to Movant John Hartman.

Dated: October 5, 2009

BRAYTON ❖ PURCELL LLP

_____
Richard M. Grant
222 Rush Landing Road
Novato, California 94945
Attorneys for Plaintiff, JOHN HARTMAN
Telephone: (415) 898-1555

Case MDL No. 875   Document 5938   Filed 10/08/09   Page 7 of 14

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2009

FILED
CLERK'S OFFICE

PROOF OF SERVICE BY MAIL

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California 94948-6169.

On October 7, 2009, I served the following document(s) described as:

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 326**

on the interested party(ies) in this action as follows:

**TO ALL PARTIES ON THE ATTACHED SERVICE LISTS**

   XX      BY OFFICE MAILING

I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Petaluma, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed October 7, 2009, at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Jane Ehni*
Jane Ehni

Wayne Hartman v. Leslie Controls, Inc.
United States District Court Case No. 09-3938 JSW

PROOF OF SERVICE BY MAIL

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                                          MDL No. 875

## SCHEDULE OF ACTIONS/INVOLVED COUNSEL LIST (Excerpted from CTO-326)

Northern District of California

John Madden v. A.H. Voss Co., et al., C.A. No. 3:09-3786  (Judge Jeffrey S. White)
Wayne Hartman v. Leslie Controls, Inc., et al., C.A. No. 3:09-3938  (Judge Jeffrey S. White) ✓
Paul Simme v. Asbestos Defendants (B-P), et al., C.A. No. 3:09-3953  (Judge Vaughn R. Walker)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Marc Brainich
SEDGWICK DETERT MORAN & ARNOLD
One Market Plz
Steuart Tower
8th Floor
San Francisco, CA 94105

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Richard M. Grant
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Kevin D. Jamison
POND NORTH LLP
350 South Grand Avenue
Suite 2850
Los Angeles, CA 90071

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**MDL No. 875 - Schedule of Actions/Involved Counsel List (Excerpted from CTO-326) (Continued)**

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas Jeffrey Moses
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ &
TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Case MDL No. 875   Document 5938   Filed 10/08/09   Page 10 of 11

Brayton-Purcell Service List                                              1

Date Created: 10/5/2009-10:46:43 AM                    Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Live
Matter Number: 110925.001 - Wayne Hartman

**Armstrong & Associates, LLP**
One Kaiser Plaza, Suite 625
Oakland, CA 94612
510-433-1830   510-433-1836 (fax)
**Defendants:**
  Crown Cork & Seal Company, Inc.
(CC&S)

**Bassi, Edlin, Huie & Blum LLP**
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006   415-397-1339 (fax)
**Defendants:**
  Hopeman Brothers, Inc. (HOPE)
  J.T. Thorpe & Son, Inc. (THORPE)
  Kaiser Gypsum Company, Inc. (KAISGY)
  Parker-Hannifin Corporation (PARKHF)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
  Berry & Berry (B&B)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300   415-808-0333 (fax)
**Defendants:**
  Bayer Cropscience Inc. (BAYCRO)

**Cooley, Manion, Jones, Hake, & Kurowski LLP**
201 Spear Street
Suite 1800
San Francisco, CA 94105
415-512-4381   415-512-6791 (fax)
**Defendants:**
  A.W. Chesterton Company (CHESTR)

**Crosby & Rowell, LLP**
299 Third Street, 2nd Floor
Oakland, CA 94607
510-267-0300   510-839-6610 (fax)
**Defendants:**
  Goulds Pumps, Inc. (GOULDP)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
**Defendants:**
  Goodyear Tire & Rubber Company, The (GOODYR)
  Ingersoll-Rand Company (INGRSL)

**Howard Rome Martin & Ridley**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715   650-364-5297 (fax)
**Defendants:**
  IMO Industries, Inc. (IMOIND)

**K & L Gates LLP**
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8200   415-882-8220 (fax)
**Defendants:**
  Crane Co. (CRANCO)

**Knox Ricksen LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
510-285-2500   510-285-2505 (fax)
**Defendants:**
  Allis-Chalmers Corporation Product Liability Trust (ALLIS)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
  Coltec Industries, Inc. (COLTEC)
  Garlock Sealing Technologies, LLC (GARLCK)

**Law Offices of Jerome Schreibstein**
Embarcadero Center West
275 Battery Street, Eighteenth Floor
San Francisco, CA 94111
415-875-3355   415-358-9885 (fax)
**Defendants:**
  Bayer Cropscience Inc. (BAYCRO)

**Lewis Brisbois Bisgaard & Smith LLP**
One Sansome Street
Suite 1400
San Francisco, CA 94104
415-362-2580   415-434-0882 (fax)
**Defendants:**
  Kaiser Gypsum Company, Inc. (KAISGY)

**Low, Ball & Lynch**
505 Montgomery Street, 7th Floor
San Francisco, CA 94111-2584
415-981-6630   415-982-1634 (fax)
**Defendants:**
  Veritas Construction, Inc. (VRTCON)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000   415-267-4198 (fax)
**Defendants:**
  Velan Valve Corporation (VELVAL)

**Morgan, Lewis & Bockius LLP**
One Market, Spear Tower
San Francisco, CA 94105
415-442-1000   415-442-1001 (fax)
**Defendants:**
  Yarway Corporation (YARWAY)

**Morrison & Foerster**
425 Market Street
32nd Floor
San Francisco, CA 94105
415-268-7124   415-268-7522 (fax)
**Defendants:**
  Veritas Construction, Inc. (VRTCON)

**Pond North, LLP**
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213-617-6170   213-623-3594 (fax)
**Defendants:**
  Viacom, Inc. (VIACOM)

Brayton-Purcell Service List

Date Created: 10/5/2009-10:46:43 AM
Created by: LitSupport - ServiceList - Live
Matter Number: 110925.001 - Wayne Hartman

Run By : Ehni, Jane (JAE)

**Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz LLP.**
369 Pine St., Suite 800
San Francisco, CA 94104
415-788-8354   415-788-3625 (fax)
**Defendants:**
  Trane US, Inc. fka American Standard, Inc. (AMSTAN)

**Steptoe & Johnson LLP**
Kevin C. Mayer, Esq.
633 West Fifth St., 7th Floor
Los Angeles, CA 90071
213-439-9400   213-439-9599 (fax)
**Defendants:**
  Metropolitan Life Insurance Company (MET)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
  Cleaver-Brooks, Inc. (CLEAVR)
  Quintec Industries, Inc. (QUINTC)
  Spirax Sarco, Inc. (SPISAR)
  Thomas Dee Engineering Co., Inc. (DEE)

Honorable Jeffrey S. White
United States District Court
450 Golden Gate Ave.
San Francisco, CA 94102
09-cv-3938 JSW