**MDL** 8 7 5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2009

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

## MDL No. 875 IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Lilia Nepomuceno, et al.  v. A. W. Chesterton, et al.*, C.D. CALIFORNIA, C.A. NO. 2:09-6092

## PLAINTIFFS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 326

COME NOW Plaintiffs and hereby Move this Honorable Court to Vacate Conditional

Transfer Order No. 326, filed on September 8, 2009, to the extent that the Order affects

Plaintiffs' cause of action. A Brief in Support of Plaintiffs' Motion to Vacate Conditional

Transfer Order No. 326  is attached hereto and incorporated herein.

Date: October 7, 2009

Respectfully Submitted,

BARON & BUDD, P.C.
9465 Wilshire Blvd., Suite 460
Beverly Hills, California 90212
Telephone: (310) 860-0476
Facsimile: (310) 860-0480

Jed Borghei, Esq. (SBN 257049)
Counsel for Plaintiffs,
Lilia Nepomuceno, et al.

Denyse F. Clancy, Esq. (SBN 255276)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

PLEADING NO. 5941

1

**OFFICIAL FILE COPY**

IMAGED OCT 8 2009

Paul Kiesel, Esq. (SBN 119854)
KIESEL, BOUCHER & LARSON, L.L.P.
8648 Wilshire Blvd.
Beverly Hills, CA 90212
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Sep 08, 2009**

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

MDL No. 875

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-326)**

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for
the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant
to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 84,834 additional
actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court,
all such actions have been assigned to the Honorable Eduardo C. Robreno.

It appears that the actions on this conditional transfer order involve questions of fact that are
common to the actions previously transferred to the Eastern District of Pennsylvania and assigned
to Judge Robreno.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199
F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern
District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent
of that court, assigned to the Honorable Eduardo C. Robreno.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk
shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk
of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

## SCHEDULE CTO-326 - TAG-ALONG ACTIONS

| DIST. | DIV. | C.A. # | CASE CAPTION |
|-------|------|--------|--------------|
| **CALIFORNIA CENTRAL** | | | |
| CAC | 2 | 09-6092 | Lilia Nepomuceno, et al. v. A.W. Chesterton Co., et al. |
| **CALIFORNIA NORTHERN** | | | |
| CAN | 3 | 09-3786 | John Madden v. A.H. Voss Co., et al. |
| CAN | 3 | 09-3938 | Wayne Hartman v. Leslie Controls, Inc., et al. |
| CAN | 3 | 09-3953 | Paul Simme v. Asbestos Defendants (B-P), et al. |
| **CONNECTICUT** | | | |
| CT | 3 | 09-1093 | Pauline Sanborn, etc. v. Buffalo Pumps, Inc., et al. |
| **FLORIDA SOUTHERN** | | | |
| FLS | 0 | 09-61236 | Lorin Bolton-Munach, etc. v. Anchor Packing Co., Inc., et al. |
| **GEORGIA SOUTHERN** | | | |
| GAS | 2 | 09-134 | Anderson Kelly v. General Electric Co., et al. |
| **ILLINOIS NORTHERN** | | | |
| ILN | 1 | 09-1450 | Cherri B. Farris, etc. v. Chevron Corp., et al. |
| **ILLINOIS SOUTHERN** | | | |
| ILS | 3 | 09-329 | Vashti Murray, et al. v. BNSF Railway Co. |
| **INDIANA NORTHERN** | | | |
| INN | 2 | 09-59 | James H. Johnson, et al. v. A.W. Chesterton Co., et al. |
| **INDIANA SOUTHERN** | | | |
| INS | 1 | 09-1028 | Lola M. Spicer v. Asbestos Corp., Ltd., et al. |
| INS | 1 | 09-1052 | Carolyn Musselman, et al. v. American Standard, Inc., et al. |
| INS | 1 | 09-1053 | E. Joann Fallowfield v. A.W. Chesterton, Inc., et al. |
| INS | 2 | 09-251 | Dennis Crowder, et al. v. Foster Wheeler LLC, et al. |
| **LOUISIANA EASTERN** | | | |
| LAE | 2 | 09-5898 | Betty Najolia Eckerle v. Northrop Grumman Ship Systmes, Inc., et al. |

**MDL No. 875 - Schedule CTO-326 Tag-Along Actions (Continued)**

| DIST. | DIV. | C.A. # | CASE CAPTION |
|-------|------|--------|--------------|

**MAINE**

| | | | |
|-----|---|--------|------|
| ME | 1 | 09-367 | Gloria Hogan-Wheeler v. Eckel Industries, Inc., et al. |
| ME | 1 | 09-374 | Erland B. Campbell, et al. v. Metropolitan Life Insurance Co., et al. |

**NORTH CAROLINA MIDDLE**

| | | | |
|-----|---|--------|------|
| NCM | 1 | 09-606 | Joyce Juanita Bryson, etc. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-621 | Joseph Greenlee Hicks, et al. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-626 | Louise H. Isenhour, etc. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-627 | Jackson Wayne Davis, et al. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-649 | Peter Perkins Wilson, et al. v. A.W. Chesterton Co., et al. |

**NORTH CAROLINA WESTERN**

| | | | |
|-----|---|--------|------|
| NCW | 1 | 09-259 | Thurston Lionelle Patterson v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-276 | Gary Robert Pearson, et al. v. Alfa Laval, Inc., et al. |
| NCW | 1 | 09-310 | Laura O. Smathers, etc. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-314 | Ronald Harvey Humphries, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-315 | Warren Bryant Singleton v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-317 | Cohen S. Mathews, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-318 | Mozelle J. Howie, etc. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-319 | Mona Lee Almond Wright, etc. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-330 | Kirby Dale Sechrist, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-334 | Nancy Irene Garrison, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-337 | Samuel James June, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-339 | Robert Michael Anthony, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-343 | Douglas Franklin Biggs v. A.W. Chesterton Co., et al. |

**SOUTH CAROLINA**

| | | | |
|-----|---|--------|------|
| SC | 2 | 09-2163 | Tina Willis, etc. v. BW IP International, Inc., et al. |
| SC | 2 | 09-2219 | Edna Yvonne Grace, etc. v. Bayer Cropscience, Inc., et al. |
| SC | 8 | 09-2311 | James Larry Capell, et al. v. A.W. Chesterton Co., et al. |

**WASHINGTON WESTERN**

| | | | |
|-----|---|--------|------|
| WAW | 2 | 09-1080 | Majorie M. Arnold, et al. v. American Optical Corp. |
| WAW | 3 | 09-5385 | Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al. |

**WISCONSIN WESTERN**

| | | | |
|-----|---|--------|------|
| WIW | 3 | 09-462 | Daryl D. Kelly v. CBS Corp., et al. |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**MDL No.  875 IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Lilia Nepomuceno, et al.  v. A. W. Chesterton, et al.*, C.D. CALIFORNIA, C.A. NO. 2:09-6092

---

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO
<u>VACATE CONDITIONAL TRANSFER ORDER NO. 326</u>**

COME NOW Plaintiffs and hereby file the following brief opposing the transfer of their case from the Central District of California to the Eastern District of Pennsylvania until such time as District Judge Manuel L. Real has had the opportunity to rule upon Plaintiffs' Motion for Remand to State Court, which was filed on September 18, 2009, and is set for hearing on October 19, 2009.

**<u>INTRODUCTION</u>**

Defendants Viad Corp, General Electric Company, and CBS Corporation wrongfully removed this case from state court to federal court, claiming federal officer removal was warranted because they could establish a "colorable federal defense" pursuant to *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988) and *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992).  This case does not belong in federal court; there is no federal subject matter jurisdiction.  Defendants are entirely unable to demonstrate that they can avail themselves of the governmental contractor affirmative defense  as established  by *Boyle* and interpreted by the Ninth Circuit in *In re Hawaii*.  Thus, on September 18, 2009, Plaintiffs filed a Motion for Remand to State Court.  The Honorable Manuel L. Real of the Central District of California is set to hear Plaintiffs' Motion for Remand on October 19, 2009.   Thus, Plaintiffs respectfully request that, in the interests of justice and judicial economy, this case not be transferred

1

by this Panel to the Eastern District of Pennsylvania until such time as Judge Real has ruled upon Plaintiffs' remand motion.

## PROCEDURAL HISTORY

On January 21, 2009, Plaintiffs' Decedent, Mr. Eugenio Nepomuceno, passed away from malignant mesothelioma, a terminal cancer of the lining of his lungs caused by his exposures to asbestos.  This action was commenced in Los Angeles County Superior Court on July 21, 2009, against 40 named Defendants and Does 1-300, whose products and activities are alleged to have caused Mr. Nepomuceno's cancer and resulting death.  On August 20, 2009, Defendant Viad Corp. filed an improper Notice of Removal, transferring this case to the Central District of California. Defendant General Electric Company filed a Joinder to Viad's improper Notice of Removal on August 24, 2009, and Defendant CBS Corporation filed an additional Joinder to Viad's improper Notice of Removal on August 27, 2009.  Because federal courts lack subject matter jurisdiction over this action, Plaintiffs timely filed a Motion for Remand to State Court on September 18, 2009.  This motion is set for hearing before Judge Real on October 19, 2009.

## ARGUMENT

The federal statute governing multidistrict litigation provides that actions may be transferred "by the judicial panel on multidistrict litigation authorized by this section *upon its determination that transfers for such proceedings . . . will promote the just and efficient conduct of such actions.*" 28 U.S.C. § 1407(a) (emphasis added).  "The Panel's statutory mandate is to weigh the interests of all parties . . . in light of the purposes of Section 1407." *In re Stirling Homex Corp. Sec. Litig.*, 442 F. Supp. 547, 550 (J.P.M.L. 1977).  On prior occasions, this Panel has vacated orders transferring cases to MDL No. 875 in order to allow the transferring court adequate time to rule on remand motions.

*Vasura v. AC&S*, 84 F. Supp. 2d 531, 532-33 (S.D.N.Y. 2000). Such relief is warranted here, where transfer of this case to MDL No. 875 prior to a decision by Judge Real on Plaintiffs' Motion for Remand would promote judicial inefficiency.

### A.   Transfer of this Lawsuit to MDL No. 875 Would Not Promote Judicial Efficiency.

Judicial efficiency and economy are best served when issues relating to the remand of erroneously removed cases are considered and decided by courts in the original federal jurisdiction, prior to the transfer of such lawsuits to an MDL court. *Barragan v. Warner-Lambert Co.,* 216 F. Supp. 2d 627, 630 (W.D. Tex. 2002) ("[J]udicial efficiency and economy are better served by this Court considering, before the case is transferred to the MDL Court, the Motion to Remand."); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) ("For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended [by transferring the case to an MDL court]."). Further, as the removal issue presented herein directly involves the interpretation of *In re Hawaii*, a Ninth Circuit opinion, judicial economy would best be served by allowing a court within the Ninth Circuit to interpret this case law. *See Aetna*, 54 F. Supp. 2d at 1048. Thus, because judicial economy would be undermined by a transfer of this action to MDL No. 875 prior to a resolution of the jurisdictional question by the Central District of California, transfer is inappropriate pursuant to the plain language of 28 U.S.C. § 1407(a).

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Panel Vacate Conditional Transfer Order No. 326 as it relates to Plaintiffs' cause of action, pending a decision by the Honorable Manuel L. Real on Plaintiffs' Motion for Remand to State Court.

Date:   October 7, 2009

Respectfully Submitted,
BARON & BUDD, P.C.
9465 Wilshire Blvd., Suite 460
Beverly Hills, California 90212
Telephone: (310) 860-0476
Facsimile: (310) 860-0480


Jed Borghei, Esq. (SBN 257049)
Counsel for Plaintiffs,
Lilia  Nepomuceno, et al

Denyse F. Clancy, Esq. (SBN 255276)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

Paul Kiesel, Esq.  (SBN 119854)
KIESEL, BOUCHER & LARSON, L.L.P.
8648 Wilshire Blvd.
Beverly Hills, CA 90212
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

OCT − 8 2009

FILED
CLERK'S OFFICE

**MDL No. 875 IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Lilia Nepomuceno, et al. v. A. W. Chesterton., et al.*, C.D. CALIFORNIA, C.A. NO. 2:09-6092

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>LILIA R. NEPOMUCENO Individually and as Successor-In-Interest to EUGENIO NEPOMUCENO, Deceased; EUGENE R. NEPOMUCENO; MICHAEL R. NEPOMUCENO; AND RONALD NEPOMUCENO,<br><br>**Defendants:**<br>A. W. CHESTERTON COMPANY;<br>ALFA LAVAL, INC.;<br>ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST;<br>ARMSTRONG INTERNATIONAL, INC.;<br>AURORA PUMP COMPANY;<br>BUFFALO PUMPS, INC.;<br>CARRIER CORPORATION, individually and as successor-in-interest to Elliott Company, successor-in-interest to Crocker-Wheeler Company; | C. D. California | 2:09-6092 | Hon. Manuel L. Real |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| CBS CORPORATION, f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric Corporation), Individually and as successor-in-interest to B.F. Sturtevant Company; <br><br> CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc.; <br><br> CLEAVER-BROOKS, INC., Individually and f/k/a AQUA-CHEM, Inc., d/b/a Cleaver-Brooks Division (successor-in-interest to Davis Engineering Company) <br><br> CRANE CO., individually and as successor in interest to Chapman Valves; <br><br> CROWN CORK & SEAL COMPANY, INC., Individually and as successor-in-interest to Mundet Cork Company; <br><br> DRESSER-RAND COMPANY, Individually and as successor-in-interest to Terry Steam Turbine and Whiton Machine Company; <br><br> FMC CORPORATION, individually, on behalf of and as successor-in-interest to Peerless Pump Co.; <br><br> FOSTER WHEELER ENERGY CORPORATION; <br><br> GARDNER DENVER NASH, LLC, Individually and as successor-in-interest to The Nash Engineering Co.; | C. D. California | 2:09-6092 | Hon. Manuel Real |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| GARDNER DENVER, INC. f/k/a Gardner Denver Machinery, Inc.; GARLOCK SEALING TECHNOLOGIES, L.L.C. individually and as successor-in-interest to Garlock, Inc.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS INCORPORATED; GRISCOM RUSSELL COMPANY; IMO INDUSTRIES, INC. (individually and as successor-in-interest to De Laval Turbine, Inc.); INGERSOLL-RAND COMPANY individually and as successor-in-interest to The Aldrich Company; INGERSOLL-RAND COMPANY, Individually and as successor-in-interest to Terry Steam Turbine Company and the Whiton Machine Company; JOHNSON CONTROLS, INC.; LESLIE CONTROLS, INC.; MECHANICAL DRIVES & BELTING (f/k/a L.A. Rubber Company); METALCLAD INSULATION CORPORATION; OWENS-ILLINOIS, INC., Individually and as successor-in-interest to Owens-Illinois Glass Company and d/b/a O-I; PENTAIR, INC., individually and as successor-in-interest to Aurora Pump Company; | C. D. California | 2:09-6092 | Hon. Manuel Real |

3

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| SPIRAX SARCO, INC.; <br><br> SPX Corporation, individually and as successor-in-interest to General Signal Corporation (successor-in-interest to Aurora Pump Company); <br><br> THOMAS DEE ENGINEERING CO.; <br><br><br> TRIPLE A MACHINE SHOP, INC. (a/k/a Triple A Shipyard); <br> VELAN STEAM TRAP CORPORATION; <br><br> VELAN VALVE CORPORATION, individually and as successor-in-interest to Velan Steam Trap Corporation; <br><br> UNION CARBIDE CORPORATION; <br><br> WARREN PUMPS, L.L.C., f/k/a Warren Pumps, Inc. (Individually and as successor-in-interest to The Quimby Pump Company); <br><br> WEIR VALVES & CONTROLS USA, INC., Individually and as successor-in-interest to Atwood & Morrill Co., Inc.; <br><br> YARWAY CORPORATION; | C. D. California | 2:09-6092 | Hon. Manuel L. Real |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| YORK INTERNATIONAL CORPORATION, individually and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air Conditioning d/b/a "Keystone" branded products ; and DOES 1-300 | C.D. California | 2:09-6092 | Hon. Manuel Real |

Date: October 7, 2009

Respectfully Submitted,

BARON & BUDD, P.C.

9465 Wilshire Blvd., Suite 460

Beverly Hills, California 90212

Telephone: (310) 860-0476

Facsimile: (310) 860-0480

Jed Borghei, Esq. (SBN 257049)

Counsel for Plaintiffs,

Lilia Nepomuceno, et al

Denyse F. Clancy, Esq. (SBN 255276)

BARON & BUDD, P.C.

3102 Oak Lawn Avenue, Suite 1100

Dallas, Texas 75219

Telephone: (214) 521-3605

Facsimile: (214) 520-1181

Paul Kiesel, Esq. (SBN 119854)
KIESEL, BOUCHER & LARSON, L.L.P.
8648 Wilshire Blvd.
Beverly Hills, CA 90212
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2009

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

**IN RE: Asbestos Products Liability Litigation (No. VI)    MDL No. 875**

***Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.*, C.D. California,**

**C.A. No. 2:09-6092**

Proof of Service

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.  My business address is Baron & Budd, P.C., 9465 Wilshire Blvd., Suite 460, Beverly Hills, CA 90212.

I hereby certify that a copy of the foregoing

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 326**

**PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 326**

**SCHEDULE OF ACTIONS**

and any attachments were served by FEDERAL EXPRESS, postage prepaid, for overnight delivery, to the following:

1

**PLEASE SEE ATTACHED SERVICE LIST**

| X |

VIA  FEDERAL EXPRESS

By delivering the document(s) marked for Next-business day afternoon delivery and by depositing the same for collection at Beverly Hills, California, on the date herein above set forth in this Certificate, in a sealed envelope(s) designated by the Fedex service carrier, with the postage thereon fully prepaid or provided for, addressed as shown below:

I personally delivered such envelope(s) by hand to the offices of the pursuant to CCP § 1011.

| X |

FEDERAL:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on October 7, 2009 Beverly Hills, CA.

Carrie Ardoin

<u>SERVICE LIST</u>

Hon. Manuel L. Real, Courtroom No. 8
c/o Civil Intake at United States District Court
312 N. Spring Street
Los Angeles, CA 90012

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002


Michael H. Bailey
Baker, Keener & Nahra
633 West Fifth Street, Suite 5400
Los Angeles, CA  90071
(213) 241-0900 (Phone)
(213) 241-0990 (Fax)
***Counsel for Defendant(s): JOHNSON CONTROLS, INC., YORK INTERNATIONAL CORPORATION***
> *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
> C.A. No. 2:09-6092

Sonja E. Blomquist
Low, Ball & Lynch
505 Montgomery Street, 7th Floor
San Francisco, CA  94111
(415) 981-6630 (Phone)
(415) 982-1634 (Fax)
***Counsel for Defendant(s): ARMSTRONG INTERNATIONAL, INC.***
> *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
> C.A. No. 2:09-6092

Joseph Duffy
Morgan, Lewis & Bockius, L.L.P.
300 South Grand Avenue, 22nd FLOOR
Los Angeles, CA  90071
(123) 612-2500 (Phone)
(213) 612-2501 (Fax)
***Counsel for Defendant(s): YARWAY CORPORATION***

3

*Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
C.A. No. 2:09-6092

Roberta Nicol Dempster
Schiff Hardin, L.L.P.
One Market, Spear Street Tower
Thiry-Second Floor
San Francisco, CA  94105
(415)901-8700 (Phone)
(415)901-8701 (Fax)
**Counsel for Defendant(s): OWENS-ILLINOIS, INC.**
 *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
 C.A. No. 2:09-6092

David M. Glaspy
Law Offices of Glaspy & Glaspy, Inc.
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA  94596
(925) 947-1300 (Phone)
(925) 947-1594 (Fax)
**Counsel for Defendant(s): *GARLOCK SEALING TECHNOLOGIES, L.L.C.***
 *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
 C.A. No. 2:09-6092

Charles W. Jenkins
Poole & Shaffery, LLP
445 South Figueroa Street, Suite 2520
Los Angeles, CA  90071
(213)439-5390 (Phone)
(213)439-0183 (Fax)
 **Counsel for Defendant(s): *GARDNER DENVER INC.***
 *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
 C.A. No. 2:09-6092

Stephen C. Klausen
Kenneth Prindle
Prindle, Decker & Amaro, L.L.P.
310 Golden Shore, Fourth Floor
Long Beach, CA  90801-5511
(562) 436-3946 (Phone)
(562) 495-0564 (Fax)
**Counsel for Defendant(s):  *ALFA LAVAL, INC.***
 *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
 C.A. No. 2:09-6092

4

A. Scott Goldberg
Selman Breitman, L.L.P.
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025
(310) 445-0800 (Phone)
(310) 473-2525 (Fax)
**Counsel for Defendant(s): SPX CORPORATION, AURORA PUMP COMPANY**
*Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
C.A. No. 2:09-6092

Timothy J. McCaffery
Lombardi, Loper & Conant, L.L.P.
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
(510)433-2600 (Phone)
(510)433-2699 (Fax)
**Counsel for Defendant(s): MECHANICAL DRIVES & BELTING**
*Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
C.A. No. 2:09-6092

Peter B. Langbord
Foley & Mansfield, P.L.L.P.
150 South Los Robles Avenue, Suite 400
Pasadena, CA 91101
(626) 744-9359 (Phone)
(626) 744-1702 (Fax)
**Counsel for Defendant(s): GRISCOM RUSSELL COMPANY**
*Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
C.A. No. 2:09-6092

Michael T. McCall
Walsworth, Franklin, Bevins & McCall, L.L.P.
One City Boulevard West, Fifth Floor
Orange, CA 92868
(714)634-2522 (Phone)
(714)634-0686 (Fax)
**Counsel for Defendant(s): THOMAS DEE ENGINEERING CO**.
*Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
C.A. No. 2:09-6092

Paul C. White
DeHay & Elliston, L.L.P.
800 West 6th Street, Suite 788
Los Angeles, CA  90017
(213) 271-2727 (Phone)
(213) 271-2730 (Fax)
**Counsel for Defendant(s): LESLIE CONTROLS, INC.**
 *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
 C.A. No. 2:09-6092

Lillian Ma
John K. Son
Tucker, Ellis & West, L.L.P.
Forty Second Floor
515 South Flower Street
Los Angeles, CA  90071
(213) 430-3400 (Phone)
(213) 430-3409 (Fax)
**Counsel for Defendant(s): CARRIER CORPORATION**
 *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
 C.A. No. 2:09-6092

Michael J. Pietrykowski
Gordon & Rees, L.L.P.
Embarcadero Center West
Twentieth Floor
275 Battery Street
San Francisco, CA  94111
(415) 986-5900 (Phone)
(415) 986-8054 (Fax)
**Counsel for Defendant(s):, INGERSOLL-RAND COMPANY**
 *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
 C.A. No. 2:09-6092

Previn A. Wick
Frank D. Pond
Pond North, L.L.P.
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071
(213) 617-6170 (Phone)
(213) 623-3594 (Fax)
**Counsel for Defendant(s): CBS CORPORATION (WESTINGHOUSE,VIACOM); FMC
CORPORATION.**

6

*Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
C.A. No. 2:09-6092

Henry D. Rome
Howard, Rome, Martin & Ridley, L.L.P.
1775 Woodside Road, Suite 200
Redwood City, CA  94061-3436
(650) 365-7715 (Phone)
(650) 364-5297 (Fax)
**Counsel for Defendant(s): IMO INDUSTRIES, INC.**
   *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
   C.A. No. 2:09-6092

William J. Sayers
McKenna, Long & Aldridge, L.L.P.
8th Floor
444 South Flower Street
Los Angeles, CA  90071-2901
(213) 688-1000 (Phone)
(213) 243-6330 (Fax)
**Counsel for Defendant(s):, METALCLAD INSULATION CORPORATION, VELAN
STEAM TRAP CORPORATION, VELAN VALVE CORP.**
   *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
   C.A. No. 2:09-6092

Robert E. Thackston
Hawkins, Parnell & Thackston, LLP
Highland Park Place
4514 Cole Avenue, Suite 550
Dallas, TX 75205
(214)780-5100 (Phone)
(214)780-5200 (Fax)
**Counsel for Defendant(s): WARREN PUMPS, L.L.C.**
   *Lilia Nepomuceno, et. al, vs. A. W. Chesterton, et al..,* C.D. California, C.A.
   No. 2:09-6092

Stephen P. Farkas
K&L Gates LLP
10100 Santa Monica Boulevard, Seventh Floor
Los Angeles, CA  90067
(310) 552-5000 (Phone)
(310) 552-5001 (Fax)
**Counsel for Defendant(s): CRANE CO.**
   *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
   C.A. No. 2:09-6092

Charles T. Sheldon
Sedgwick, Detert, Moran & Arnold, L.L.P.
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
(415) 781-7900 (Phone)
(415) 781-2635 (Fax)
   *Counsel for Defendant(s):* **GENERAL ELECTRIC COMPANY**
   *Lilia Nepomuceno, et. al, vs. A. W. Chesterton, et al.,* C.D. California, C.A. No.
   2:09-6092

Douglas C. Purdy
Morris, Polich & Purdy, L.L.P.
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
(213)891-9100 (Phone)
(213)488-1178 (Fax)
*Counsel for Defendant(s):* **CROWN CORK & SEAL COMPANY, INC.**
   *Lilia Nepomuceno, et. al, vs. A. W. Chesterton, et al..,* C.D. California, C.A.
   No. 2:09-6092


Kenneth B. Prindle
Prindle, Decker & Amaro, L.L.P.
310 Golden Shore, Fourth Floor
Long Beach, CA 90801-5511
(562)436-3946 (Phone)
(562)495-0564 (Fax)
*Counsel for Defendant(s):* **TRIPLE A MACHINE SHOP, INC.**
   *Lilia Nepomuceno, et. al, vs. A. W. Chesterton, et al..,* C.D. California, C.A.
   No. 2:09-6092


**ALLIS CHALMERS PRODUCT LIABIILITY TRUST**
3500 Corben Court,
Madison, WI 53704
*Service Agent for Defendant(s):* **ALLIS CHALMERS PRODUCT LIABIILITY TRUST**


**A.W. CHESTERTON COMPANY**
5th Floor
500 Unicorn Park
Woburn, MA 01801
*Service Agent for Defendant(s):* **A.W. CHESTERTON COMPANY**
   *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
   C.A. No. 2:09-6092

**Atwood & Morrill Co., Inc**.
c/o Weir Valves & Controls USA, Inc., individually and as successor-in-interest to Atwood & Morrill, Inc.
29 OLD RIGHT ROAD
IPSWICH , MA 01938-1119
*Service Agent for Defendant(s): Atwood & Morrill Co., Inc*.
> *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California, C.A. No. 2:09-6092

**BUFFALO PUMPS, INC.**
874 Oliver Street
North Tonawanda, NY 14120
*Service Agent for Defendant(s): BUFFALO PUMPS, INC.*
> *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California, C.A. No. 2:09-6092

**CLEAVER-BROOKS, INC. individually and f/k/a AQUA-CHEM, INC., d/b/a CLEAVER-BROOKS DIVISION (successor-in-interest to DAVIS ENGINEERING COMPANY)**
A. Scott Goldberg
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025
*Service Agent for Defendant(s): CLEAVER-BROOKS, INC. individually and f/k/a AQUA-CHEM, INC., d/b/a CLEAVER-BROOKS DIVISION (successor-in-interest to DAVIS ENGINEERING COMPANY)*
> *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California, C.A. No. 2:09-6092

**CLEAVER-BROOKS, INC. (individually f/k/a AQUA-CHEM, INC.)**
11950 West Lake Park Drive
Milwaukee, WI 53224
*Service Agent for Defendant(s): CLEAVER-BROOKS, INC. individually and f/k/a AQUA-CHEM, INC.)*
> *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California, C.A. No. 2:09-6092

**Dresser-Rand Company, individually and as successor-in-interest to Terry Steam Turbine Company and the Whiton Machine Company**
1200 West Sam Houston Pkwy. N.,
Houston, TX 77043
*Service Agent for Defendant(s): Dresser-Rand Company, individually and as successor-in-interest to Terry Steam Turbine Company and the Whiton Machine Company*

9

*Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
C.A. No. 2:09-6092

**FOSTER WHEELER ENERGY CORPORATION**
818 West 7th Street
Los Angeles, CA 90017
*Service Agent for Defendant(s): FOSTER WHEELER ENERGY CORPORATION*
        *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
        C.A. No. 2:09-6092

**Ingersoll-Rand Company, individually and as successor-in-interest to Terry Steam
Turbine Company and the Whiton Machine Company**
Michael J. Pietrykowksi
Gordon & Rees LLP
275 Battery Street, Twentieth Floor
San Francisco, CA 94111
*Service Agent for Defendant(s):* **Ingersoll-Rand Company, individually and as successor-
in-interest to Terry Steam Turbine Company and the Whiton Machine Company**
        *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
        C.A. No. 2:09-6092

**PENTAIR, INC./ PENTAIR PUMP GROUP, INC.**
55 Wayzata Blvd.
Suite 800
Minneapolis, MN 55416
*Service Agent for Defendant(s):* **PENTAIR, INC./ PENTAIR PUMP GROUP, INC.**
        *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
        C.A. No. 2:09-6092

**GOULDS PUMPS INCORPORATED**
818 West 7th Street
Los Angeles, CA 90017
*Service Agent for Defendant(s): GOULDS PUMPS INCORPORATED*
        *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,
        C.A. No. 2:09-6092

***GARNDER DENVER NASH, LLC, ( individually as successor-in-interest to the NASH
ENGINEERING CO.)***
2730 Gateway Oaks Drive
Suite 100
Sacramento, CA 95833
*Service Agent for Defendant(s): GARNDER DENVER NASH, LLC, ( individually as
successor-in-interest to the NASH ENGINEERING CO.)*
        *Lilia Nepomuceno, et al. v. A. W. Chesterton, et al.,* C.D. California,

10

C.A. No. 2:09-6092

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**                                MDL No. 875

**INVOLVED COUNSEL LIST (Excerpted from CTO-326)**

Lilia Nepomuceno, et al. v. A.W. Chesterton Co., et al., C.D. California, C.A. No. 2:09-6092
(Judge Manuel L. Real)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Jed Borghei
BARON & BUDD PC
9465 Wilshire Boulevard, Suite 460
Beverly Hills, CA 90212

Eric L. Brown
BARON & BUDD PC
9465 Wilshire Boulevard, Suite 460
Beverly Hills, CA 90212

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Ave., Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Jennifer Judin
DEHAY & ELLISTON LLP
800 West 6th Strret, Suite 788
Los Angeles, CA 90017

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Ave., Suite 3000
Dallas, TX 75204

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY & MANSFIELD PLLP
150 South Los Robles Avenue
Suite 400
Pasedena, CA 91101

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-326) (Continued)**

Jennie Levin
HAWKINS PARNELL & THACKSON LLP
444 South Flower Street
Suite 1100
Los Angeles, CA 90071

Lillian C. Ma
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
    & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Charles T. Sheldon
SEDGWICK DETERT MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower St., 42nd Floor
Los Angeles, CA 90017-2223

Robert E. Thackston
HAWKINS PARNELL & THACKSTON LLP
4514 Cole Ave., Suite 500
Dallas, TX 75205

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Edward R. Ulloa
HAWKINS PARNELL & THACKSON LLP
444 South Flower Street
Suite 1100
Los Angeles, CA 90071

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY
PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Previn A. Wick
POND NORTH LLP
350 South Grand Avenue
Suite 2850
Los Angeles, CA 90071

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Jed Borghei, Esq. (SBN257049)
Eric Brown, Esq. (SBN226022)
BARON & BUDD, P.C.
9465 Wilshire Blvd., Suite 460, Beverly Hills, CA 90212
TELEPHONE NO.: (310) 860-0476          FAX NO.: (310) 860-0480
ATTORNEY FOR *(Name):* PLAINTIFFS

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FILED
CLERK'S OFFICE

JUL 21 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: LILIA R. NEPOMUCENO Individually and as Successor-In-Interest to
EUGENIO NEPOMUCENO, Deceased; EUGENE R. NEPOMUCENO, MICHAEL R.
NEPOMUCENO, AND RONALD NEPOMUCENO, v. A.W. CHESTERTON , et. al.

CASE NUMBER: BC 418256

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☒ Unlimited ☐ Limited | ☐ Counter ☐ Joinder | JUDGE: |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☒ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

BY FAX

3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary ☐ nonmonetary; declaratory or injunctive relief ☒ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
7.
Date: July 21, 2009

Jed Borghei, Esq.
_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first filed action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19

BY FAX

BC 418256

| SHORT TITLE: LILIA R. NEPOMUCENO, ET AL. VS. A.W. CHESTERTON, ET AL. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 30 ☐ HOURS/ ☑ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage). |
| 3. Location where cause of action arose. |
| 4. Location where bodily injury, death or damage occurred. |
| 5. Location where performance required or defendant resides. |
| 6. Location of property or permanently garaged vehicle. |
| 7. Location where petitioner resides. |
| 8. Location wherein defendant/respondent functions wholly. |
| 9. Location where one or more of the parties reside. |
| 10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☑ A7221   Asbestos – Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice – Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016   Intellectual Property | 2., 3. |

| CIV 109 03-04 (DRAFT Rev. 01/06)<br>LASC Approved | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: LILIA R. NEPOMUCENO, ET AL. VS. A.W. CHESTERTON, ET AL. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (DRAFT Rev. 01/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: LILIA R. NEPOMUCENO, ET AL. VS. A.W. CHESTERTON, ET AL. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>LILIA R. NEPOMUCENO, ET AL. VS. A.W. CHESTERTON, ET AL. | CASE NUMBER | |
|---|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>818 W. 7TH STREET | |
|---|---|---|
| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90017 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___STANLEY MOSK___ courthouse in the ___CENTRAL_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __JULY 21, 2009__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form CIV 109, 03-04 (use latest revision)

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):* WH

A.W. CHESTERTON, ~~ET. AL.~~ (SEE ADDITIONAL PARTIES ATTACHMENT)

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LILIA P. NEPOMUCENO INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO (SEE ATTACHED)

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 27 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

Central District, 111 North Hill Street, Los Angeles, CA 90012
</td><td>

CASE NUMBER:
*(Número del Caso):*

BC 418256
</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jed Borghei, Esq. Baron&Budd, PC, 9465 Wilshire Blvd. Ste. 460, Beverly Hills, CA 90212, ph. 310-860-0476

DATE: JOHN A. CLARKE, CLERK                     , Deputy
*(Fecha)* 1 2009        (Secretario)        M. GARCIA        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | LILIA R.NEPOMUCENO,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO EUGENIO NEPOMUCENO, DECEASED, ET AL. | CASE NUMBER: BC418256 |
|---|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ALFA LAVAL, INC.;
ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST;
ARMSTRONG INTERNATIONAL, INC.;
AURORA PUMP COMPANY;
BUFFALO PUMPS, INC.;
CARRIER CORPORATION, individually and as successor-in-interest to Elliott Company, successor-in-interest to Crocker-Wheeler Company;
CBS CORPORATION, f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric Corporation), individually and as successor-in-interest to B.F. Sturtevant Company;
CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc.;
CLEAVER-BROOKS, INC., individually and f/k/a AQUA-CHEM, Inc., d/b/a Cleaver-Brooks Division (successor-in-interest to Davis Engineering Company);
CRANE CO., individually and as successor in interest to Chapman Valves;
CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to Mundet Cork Company);
DRESSER-RAND COMPANY, individually and as successor-in-interest to Terry Steam Turbine and Whiton Machine Company;
FMC CORPORATION, individually, on behalf of and as successor-in-interest to Peerless Pump Co., John Bean Pumps, Chicago Pumps, Dayton-Dowd Pump Co., Ohio Apex Division, and Link Belt Company;
FOSTER WHEELER ENERGY CORPORATION;
GARDNER DENVER NASH, LLC, individually and as successor-in-interest to The Nash Engineering Co.;
GARDNER DENVER, INC. f/k/a Gardner Denver Machinery, Inc.;
GARLOCK SEALING TECHNOLOGIES, L.L.C., individually and as successor-in-interest to Garlock, Inc.;
GENERAL ELECTRIC COMPANY;
GOULDS PUMPS INCORPORATED;
GRISCOM RUSSELL COMPANY;
IMO INDUSTRIES, INC. (individually and as successor-in-interest to DeLaval Turbine, Inc.);
INGERSOLL-RAND COMPANY individually and as successor-in-interest to the Aldrich Company;
INGERSOLL-RAND COMPANY individually and as successor-in-interest to Terry Steam Turbine Company and the Whiton Machine Company;
JOHNSON CONTROLS, INC.;
LESLIE CONTROLS, INC.;
MECHANICAL DRIVES & BELTING (f/k/a L.A. Rubber Company);

Page **1** of **3**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-200(A)**

| SHORT TITLE: | LILIA R.NEPOMUCENO,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO EUGENIO NEPOMUCENO, DECEASED, ET AL. | CASE NUMBER: BC418256 |
|---|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

METALCLAD INSULATION CORPORATION;
OWENS-ILLINOIS, INC. individually and as successor-in-interest to Owens-Illinois Glass Company and d/b/a O-I;
PENTAIR, INC., individually and as successor-in-interest to Aurora Pump Company;
SPX CORPORATION, individually and as successor-in-interest to General Signal Corp.
(successor-in-interest to Aurora Pump Company);
THOMAS DEE ENGINEERING CO.;
TRIPLE A MACHINE SHOP, INC. (a/k/a Triple A Shipyard);
VELAN STEAM TRAP CORPORATION;
VELAN VALVE CORP., individually and as successor-in-interest to Velan Steam Trap Corporation;
WARREN PUMPS, L.L.C., f/k/a Warren Pumps, Inc. (individually and as successor to The Quimby Pump Company);
WEIR VALVES & CONTROLS USA, INC., individually and as successor-in-interest to Atwood & Morrill Co., Inc.;
YARWAY CORPORATION;
YORK INTERNATIONAL CORPORATION, individually and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central Environmental Systems, Inc.;
York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air Conditioning,
and DOES 1-300

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | LILIA R. NEPOMUCENO, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO EUGENIO NEPOMUCENO, DECEASED, ET AL. | CASE NUMBER: BC418256 |
|---|---|---|

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

EUGENE R. NEPOMUCENO;
MICHAEL R. NEPOMUCENO;
AND RONALD NEPOMUCENO

Page ___3___ of ___3___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC 41825

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Carl J. West*** | **311** | **CCW** |
| Pending Assignment | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

***Class Actions**

All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ .   JOHN A. CLARKE, Executive Officer/Clerk

By _____ , Deputy Clerk

LACIV CCH 190 (Rev. 04-09)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

Page 1 of 2

1  John Langdoc, Esq. (SBN 235509)
   Denyse Clancy, Esq. (SBN 255276)
2  **BARON & BUDD, P.C.**
   3102 Oak Lawn Avenue, Suite 1100
3  Dallas, Texas 75219
   Telephone: 214/521-3605
4  Facsimile: 214/520-1181

5  Jennifer K. Berg, Esq. (SBN 147427)
   Eric Brown, Esq. (SBN 229622)
6  Jed Borghei, Esq. (SBN 257049)
   **BARON & BUDD, P.C.**
7  9465 Wilshire Blvd., Suite 460
   Beverly Hills, CA 90212
8  Telephone: 310/860-0476
   Facsimile: 310/860-0480

9
   Attorneys for Plaintiffs
10

11

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          FOR THE COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION

14                                                        BC 4 1 8 2 5 6

15 LILIA NEPOMUCENO, et al.              )   CASE NO:

16                                        )   **DECLARATION OF LILIA**
           Plaintiff(s),                 )   **NEPOMUCENO**
                                         )
17 vs.                                   )   Trial Date: N/A
                                         )
18 A.W. CHESTERTON, et al.               )
                                         )
19                                       )
                                         )   BY FAX
20                                       )
           Defendants.                   )
21

22

23

24

25

26

27

28
                            C:\Documents and Settings\cardele\Local Settings\Temporary Internet Files\OLK37\Nepomuceno1.wpd

                            DECLARATION OF LILIA NEPOMUCENO

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2 7 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1

2     I, Lilia Nepomuceno, declare as follows:

3

4         1. The decedent's name is Eugenio Nepomuceno.

5

6       2. Eugenio Nepomuceno died on January 21, 2009 in California. Eugenio Nepomuceno

7          died from an asbestos-related disease due to his exposure to asbestos.

8

9       3. I am Decedent's spouse.

10

11      4. I am the decedent's surviving heir and his successor-in-interest (as defined in Section 377.11

12        of the California Code of Civil Procedure) and I succeed to his interest in the instant action.

13

14      5. No other person has a superior right to commence the action or proceeding or to be

15        substituted for the decedent in the pending action or proceeding.

16

17      6. A true and correct certified copy of decedent's death certificate is attached as

18        EXHIBIT "A".

19      I declare under penalty of perjury under the laws of the State of California that the foregoing

20 is true and correct.

21

22 Dated: 3/30/2009          By *Lilia R. Nepomuceno*

23                               Lilia Nepomuceno

24                               Signature of Declarant
                                  Successor in Interest

25

26

27

28

-2-

J:\SII docs\Nepomuceno.wpd

DECLARATION OF LILIA NEPOMUCENO

# EXHIBIT A

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO

CERTIFICATE OF DEATH

3200937001113

| Field | Value |
|---|---|
| NAME - FIRST | EUGENIO |
| MIDDLE | NOCON |
| LAST | NEPOMUCENO |
| DATE OF BIRTH | 11/13/1931 |
| AGE | 77 |
| SEX | M |
| BIRTH STATE/FOREIGN COUNTRY | PHILIPPINES |
| SOCIAL SECURITY NUMBER | 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 |
| EVER IN US ARMED FORCES | X YES |
| MARITAL STATUS | MARRIED |
| DATE OF DEATH | 01/21/2009 |
| HOUR | 1520 |
| EDUCATION | MASTER'S |
| HISPANIC | NO |
| RACE | FILIPINO |
| USUAL OCCUPATION | LIEUTENANT |
| KIND OF BUSINESS OR INDUSTRY | UNITES STATES NAVY |
| YEARS IN OCCUPATION | 30 |
| DECEDENT'S RESIDENCE | 1666 MAX AVENUE |
| CITY | CHULA VISTA |
| COUNTY | SAN DIEGO |
| ZIP CODE | 91911 |
| YEARS IN COUNTY | 40 |
| STATE/FOREIGN COUNTRY | CALIFORNIA |
| INFORMANT'S NAME, RELATIONSHIP | LILIA NEPOMUCENO, WIFE |
| MAILING ADDRESS | 1566 MAX AVENUE, CHULA VISTA, CA 91911 |
| NAME OF SURVIVING SPOUSE - FIRST | LILIA |
| MIDDLE | D. |
| LAST | ROMERO |
| NAME OF FATHER - FIRST | DOMINADOR |
| MIDDLE | P. |
| LAST | NEROMUCENO |
| BIRTH STATE | PI |
| NAME OF MOTHER - FIRST | CANDELARIA |
| MIDDLE | L. |
| LAST | NOCON |
| BIRTH STATE | PI |
| DISPOSITION DATE | 01/28/2009 |
| PLACE OF FINAL DISPOSITION | GLEN ABBEY MEMORIAL PARK, 3838 BONITA ROAD, BONITA, CA 91902 |
| TYPE OF DISPOSITION | BURIAL |
| SIGNATURE OF EMBALMER | J. JENNIFER SCHWAB | LICENSE NUMBER | EMB86687 |
| NAME OF FUNERAL ESTABLISHMENT | GLEN ABBEY MORTUARY | LICENSE NUMBER | FD 1371 | SIGNATURE OF LOCAL REGISTRAR | WILMA J WOOTEN, MD | DATE | 01/26/2009 |
| PLACE OF DEATH | SAN DIEGO HOSPICE |
| CITY | SAN DIEGO |
| FACILITY ADDRESS OR LOCATION | 4311 3RD AVE. |
| COUNTY | SAN DIEGO |

CAUSE OF DEATH:
IMMEDIATE CAUSE: MALIGNANT MESOTHELIOMA OF THE RIGHT LUNG.

| | |
|---|---|
| OTHER SIGNIFICANT CONDITIONS | NONE |
| WAS OPERATION PERFORMED FOR ANY CONDITION | NO |

BIOPSY PERFORMED: WVO9-00473

CERTIFICATION:

| Field | Value |
|---|---|
| DATE | 01/16/2009 - 01/21/2009 |
| SIGNATURE AND TITLE OF CERTIFIER | ANNETTE MELANIE VOLLRATH M.D. |
| LICENSE NUMBER | A80445 |
| DATE | 01/23/2009 |
| TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | ANNETTE MELANIE VOLLRATH M.D., 4311 3RD AVE., SAN DIEGO, CA 92103 |

County of San Diego – Department of Health Services – 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

DATE ISSUED: January 28, 2009

WILMA J. WOOTEN, MD
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

*A02016503*

PLAINTIFF'S EXHIBIT A

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues; alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

>    **Cases for Which Mediation May Be Appropriate**
>    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

>    **Cases for Which Mediation May <u>Not</u> Be Appropriate**
>    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

>    **Cases for Which Arbitration May Be Appropriate**
>    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

>    **Cases for Which Arbitration May <u>Not</u> Be Appropriate**
>    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

>    **Cases for Which Neutral Evaluation May Be Appropriate**
>    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

>    **Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
>    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**   The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**   The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**   The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

```
        L.A.S.C. - FILINGS #32
        111 N. HILL STREET
        LOS ANGELES CA 90012

   DATE PAID:  07/21/09  12:55:57 PM
   RECEIPT #:   CCH478057034


   CIT/CASE: BC418256 LEA/DEF#:

   PAYMENT:  $350.00              0310
   RECEIVED:
            CHECK:      350.00
            CASH:
            CHANGE:
            CARD:
```

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2 1 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1  Denyse Clancy, Esq. (SBN 255276)
   John Langdoc, Esq. (SBN 235509)
2  BARON & BUDD, P.C.
   3102 Oak Lawn Avenue, Suite 1100
3  Dallas, Texas  75219
   Telephone: 214/521-3605
4  Facsimile: 214/520-1181

5  Jennifer K. Berg, Esq. (SBN 147427)
   Eric Brown, Esq. (SBN 229622)
6  Jed Borghei, Esq. (SBN 257049)
   BARON & BUDD, P.C.
7  9465 Wilshire Blvd., Suite 460
   Beverly Hills, CA 90212
8  Telephone: 310/860-0476
   Facsimile: 310/860-0480

9
   Attorneys for Plaintiffs,
10

       SUPERIOR COURT OF THE STATE OF CALIFORNIA
11

       COUNTY OF LOS ANGELES - CENTRAL DISTRICT
12

13                                                    BC 418256

14  LILIA R. NEPOMUCENO Individually and as    )  CASE NO.
    Successor-In-Interest to EUGENIO           )
15  NEPOMUCENO, Deceased;  EUGENE R.           )  **COMPLAINT FOR**
    NEPOMUCENO; MICHAEL R. NEPOMUCENO;         )  **WRONGFUL DEATH**
16  AND RONALD NEPOMUCENO,                     )  **AND SURVIVAL**
                                               )
17          Plaintiffs,                        )
                                               )
18  vs.                                        )      BY FAX
                                               )
19  A. W. CHESTERTON COMPANY;                  )
    ALFA LAVAL, INC.;                          )
20  ALLIS-CHALMERS CORPORATION PRODUCT         )
    LIABILITY TRUST;                           )
21  ARMSTRONG INTERNATIONAL, INC.;             )
    AURORA PUMP COMPANY;                       )
22  BUFFALO PUMPS, INC.;                       )
    CARRIER CORPORATION, Individually and as   )
23  successor-in-interest to Elliott Company and )
    successor-in-interest to Crocker-Wheeler Company; )
24  CBS CORPORATION, f/k/a Viacom, Inc.        )
    (successor-by-merger to CBS Corporation,   )
25  successor-by-merger to Westinghouse Electric )
    Corporation), Individually and as          )
26  successor-in-interest to B.F. Sturtevant Company; )
    CLEAVER-BROOKS, INC., Individually and f/k/a )
27  Aqua-Chem, Inc.;                           )
    CLEAVER-BROOKS, INC., Individually and f/k/a )
28  AQUA-CHEM, Inc., d/b/a Cleaver-Brooks Division )

1   (successor-in-interest to Davis Engineering    )
    Company);                                       )
2   CRANE CO., Individually and as successor-in-   )
    interest to Chapman Valves;                     )
3   CROWN CORK & SEAL COMPANY, INC.,               )
    Individually and as successor-in-interest to Mundet )
4   Cork Company;                                   )
    DRESSER-RAND COMPANY, Individually and as      )
5   successor-in-interest to Terry Steam Turbine and )
    Whiton Machine Company;                         )
6   FMC CORPORATION, Individually, on behalf of    )
    and as successor-in-interest to Peerless Pump Co., )
7   John Bean Pumps, Chicago Pumps, Dayton-Dowd    )
    Pump Co., Ohio Apex Division, and Link Belt     )
8   Company;                                        )
    FOSTER WHEELER ENERGY CORPORATION;             )
9   GARDNER DENVER NASH, LLC, Individually          )
    and as successor-in-interest to The Nash         )
10  Engineering Co.;                                )
    GARDNER DENVER, INC. f/k/a Gardner Denver       )
11  Machinery, Inc.;                                )
    GARLOCK SEALING TECHNOLOGIES, L.L.C.,          )
12  Individually and as successor-in-interest to Garlock, )
    Inc.;                                           )
13  GENERAL ELECTRIC COMPANY;                      )
    GOULDS PUMPS INCORPORATED;                     )
14  GRISCOM RUSSELL COMPANY;                       )
    IMO INDUSTRIES, INC., Individually and as       )
15  successor-in-interest to DeLaval Turbine, Inc.;  )
    INGERSOLL-RAND COMPANY, Individually and        )
16  as successor-in-interest to the Aldrich Company;  )
    INGERSOLL-RAND COMPANY, Individually            )
17  and as successor-in-interest to Terry Steam Turbine )
    Company and the Whiton Machine Company;          )
18  JOHNSON CONTROLS, INC.;                        )
    LESLIE CONTROLS, INC.;                          )
19  MECHANICAL DRIVES & BELTING (f/k/a L.A.        )
    Rubber Company);                                )
20  METALCLAD INSULATION CORPORATION;              )
    OWENS-ILLINOIS, INC., Individually and as       )
21  successor-in-interest to Owens-Illinois Glass     )
    Company and d/b/a O-I;                          )
22  PENTAIR, INC., Individually and as              )
    successor-in-interest to Aurora Pump Company;    )
23  SPX CORPORATION, Individually and as            )
    successor-in-interest to General Signal Corp.     )
24  (successor-in-interest to Aurora Pump Company);  )
    THOMAS DEE ENGINEERING CO.;                    )
25  TRIPLE A MACHINE SHOP, INC. (a/k/a Triple A    )
    Shipyard);                                      )
26  VELAN STEAM TRAP CORPORATION;                  )
    VELAN VALVE CORP., Individually and as          )
27  successor-in-interest to Velan Steam Trap        )
    Corporation;                                    )
28

---

1  WARREN PUMPS, L.L.C., f/k/a Warren Pumps,                    )
2  Inc. (Individually and as successor-in-interest to The       )
   Quimby Pump Company);                                         )
3  WEIR VALVES & CONTROLS USA, INC.,                            )
   Individually and as successor-in-interest to Atwood          )
4  & Morrill Co., Inc.;                                          )
   YARWAY CORPORATION;                                           )
5  YORK INTERNATIONAL CORPORATION,                              )
   Individually and as successor-in-interest to Central         )
6  Environmental Systems, Inc., f/k/a Borg-Warner               )
   Central Environmental Systems, Inc.; York-Luxaire,           )
7  Inc.; Luxaire, Inc., and The C.A. Olsen                      )
   Manufacturing Company and d/b/a "Moncrief                    )
8  Furnaces" d/b/a York Hearing & Air Conditioning,
   and DOES 1-300
9
                    Defendants.
10

11         COME NOW, Plaintiffs  LILIA R. NEPOMUCENO Individually and as Successor-

12  In-Interest to EUGENIO NEPOMUCENO, Deceased,  EUGENE R. NEPOMUCENO,

13  MICHAEL R. NEPOMUCENO, AND RONALD NEPOMUCENO for causes of action

14  against Defendants, and each of them, complain and allege as follows:

15                        GENERAL ALLEGATIONS

16         1.    Lilia R. Nepomuceno appears individually and as Decedent, Eugenio

17  Nepomuceno's, successor-in-interest.  Plaintiffs, Lilia R. Nepomuceno, Eugene R.

18  Nepomuceno , Michael R. Nepomuceno and Ronald Nepomuceno are the heirs at law of

19  Decedent.  At all times mentioned herein, these Plaintiffs have been and are citizens of the

20  United States, residing in the State of California.

21         2.     The true names and/or capacities, whether individual, corporate, associate,

22  governmental, or otherwise, of Defendants, Does 1 through 300, inclusive, are unknown to

23  Plaintiffs at this time; who, therefore, sue said Defendants by such fictitious names; and

24  when the true names and capacities of said Defendants by such fictitious names; and when

25  the true names and capacities of said Defendants have been ascertained, Plaintiffs will

26  amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege

27  that each Defendant designated herein as a DOE is responsible, negligently or in some

28

1   other actionable manner, for the events and happenings hereinafter alleged, either through

2   said Defendant's own conduct or through the conduct of its agents, servants or employees,

3   or due to the ownership, lease or sale of the instrumentality causing the injury, or in some

4   other manner.

5       3.      Plaintiffs are informed and believe, and thereon allege that at all times

6   mentioned herein, that Defendants, and each of them, were the agents, servants, employees

7   and/or joint venturers of their co-Defendants and were, as such, acting within the scope,

8   course, and authority of said agency, employment and/or joint venture, in that each and

9   every Defendant, as aforesaid, when acting as a principal, was negligent in the selection

10  and hiring of each and every other Defendant as the agent, servant, employee and/or joint

11  venturer.

12      4.      Decedent EUGENIO NEPOMUCENO ("Decedent") was a California

13  resident during a substantial period of his asbestos exposure upon which Plaintiffs' claims

14  are based.

15      5.      Plaintiffs are informed and believe, and thereon allege, that at all times

16  mentioned herein, Defendants A. W. CHESTERTON COMPANY; ALFA LAVAL, INC.;

17  ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST; ARMSTRONG

18  INTERNATIONAL, INC.; AURORA PUMP COMPANY; BUFFALO PUMPS, INC.;

19  CARRIER CORPORATION, individually and as successor-in-interest to Elliott

20  Company, successor-in-interest to Crocker-Wheeler Company; CBS CORPORATION,

21  f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to

22  Westinghouse Electric Corporation), individually and as successor-in-interest to B.F.

23  Sturtevant Company; CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem,

24  Inc.; CLEAVER-BROOKS, INC., individually and f/k/a AQUA-CHEM, Inc., d/b/a

25  Cleaver-Brooks Division (successor-in-interest to Davis Engineering Company); CRANE

26  CO., individually and as successor-in-interest to Chapman Valves; CROWN CORK &

27  SEAL COMPANY, INC. (individually and as successor-in-interest to Mundet Cork

28  Company); DRESSER-RAND COMPANY, individually and as successor-in-interest to

1   Terry Steam Turbine and Whiton Machine Company; FMC CORPORATION,

2   individually, on behalf of and as successor-in-interest to Peerless Pump Co., John Bean

3   Pumps, Chicago Pumps, Dayton-Dowd Pump Co., Ohio Apex Division, and Link Belt

4   Company; FOSTER WHEELER ENERGY CORPORATION; GARDNER DENVER

5   NASH, LLC, individually and as successor-in-interest to The Nash Engineering Co.;

6   GARDNER DENVER, INC. f/k/a Gardner Denver Machinery, Inc.; GARLOCK

7   SEALING TECHNOLOGIES, L.L.C., individually and as successor-in-interest to

8   Garlock, Inc.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS

9   INCORPORATED; GRISCOM RUSSELL COMPANY; IMO INDUSTRIES, INC.

10   (individually and as successor-in-interest to DeLaval Turbine, Inc.); INGERSOLL-RAND

11   COMPANY individually and as successor-in-interest to the Aldrich Company;

12   INGERSOLL-RAND COMPANY individually and as successor-in-interest to Terry

13   Steam Turbine Company and the Whiton Machine Company; JOHNSON CONTROLS,

14   INC.; LESLIE CONTROLS, INC.; MECHANICAL DRIVES & BELTING (f/k/a L.A.

15   Rubber Company); METALCLAD INSULATION CORPORATION;

16   OWENS-ILLINOIS, INC. individually and as successor-in-interest to Owens-Illinois

17   Glass Company and d/b/a O-I; PENTAIR, INC., individually and as successor-in-interest

18   to Aurora Pump Company; SPX CORPORATION, individually and as

19   successor-in-interest to General Signal Corp. (successor-in-interest to Aurora Pump

20   Company); THOMAS DEE ENGINEERING CO.; TRIPLE A MACHINE SHOP, INC.

21   (a/k/a Triple A Shipyard); VELAN STEAM TRAP CORPORATION; VELAN VALVE

22   CORP., individually and as successor-in-interest to Velan Steam Trap Corporation;

23   WARREN PUMPS, L.L.C., f/k/a Warren Pumps, Inc. (individually and as successor-in-

24   interest to The Quimby Pump Company); WEIR VALVES & CONTROLS USA, INC.,

25   individually and as successor-in-interest to Atwood & Morrill Co., Inc.; YARWAY

26   CORPORATION; YORK INTERNATIONAL CORPORATION, individually and as

27   successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central

28   Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen

1   Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air

2   Conditioning and DOES 1-300, inclusive, are corporations organized and existing under

3   and by virtue of the laws of the State of California, or the laws of some other state of the

4   United States of America, or some foreign jurisdiction, and that said Defendants were

5   authorized to do and are doing business in the State of California, and that said Defendants

6   have regularly conducted business in the State of California.

7        6.      At all times mentioned above, Defendants, and each of them, were engaged

8   in the business of manufacturing, fabricating, designing, assembling, distributing, leasing,

9   buying, selling, inspecting, servicing, installing, repairing, marketing, warranting, and

10  advertising a certain substance, the generic name of which is asbestos, and other products

11  containing said substance.

12       7.      Decedent EUGENIO NEPOMUCENO was exposed to Defendants' asbestos

13  and asbestos containing products contributing to and causing the development of

14  mesothelioma.   As a result of exposure to Defendants' asbestos and asbestos containing

15  products, asbestos fibers entered his body.  Decedent suffered from mesothelioma and

16  each of defendants asbestos and asbestos containing products that entered his body was a

17  substantial factor in bringing about, prolonging, or aggravating Decedent's mesothelioma

18  and, eventually, Decedent's death.  The asbestos and asbestos containing products

19  decedent was exposed to were manufactured or supplied by a named Defendant.

20       8.      Decedent Eugene R. Nepomuceno and Plaintiff Lilia R. Nepomuceno were

21  married at all times relevant to this action, and had been husband and wife.  Plaintiffs

22  Lilia R. Nepomuceno, Eugene R. Nepomuceno , Michael R. Nepomuceno and Ronald

23  Nepomuceno, are each wrongful death heirs of the Decedent.

24       9.      Prior to Decedent's injuries and eventual death as alleged, Decedent was able

25  and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result

26  thereof, Decedent was unable to perform the necessary duties as a spouse and the work

27  and service usually performed in the care, maintenance and management of the family

28  home, and due to his death, Decedent will be unable to perform such work, service and

1   duties in the future.  As a proximate result thereof, Decedent's spouse, Lilia Nepomuceno

2   has been permanently deprived and will be deprived of the consortium of her spouse,

3   including the performance of duties, all to her damages, in an amount presently unknown

4   to Plaintiffs, but which will be proved at the time of trial.

5        10.    Prior to Decedent's injuries and eventual death as alleged, Plaintiff, Lilia R.

6   Nepomuceno as the Decedent's wife, and Plaintiffs Eugene R. Nepomuceno , Michael R.

7   Nepomuceno and Ronald Nepomuceno, as children of the Decedent, enjoyed love,

8   comfort, society, companionship, solace, and moral support of Decedent.  Due to

9   Decedent's death, and as a proximate result thereof, Plaintiffs Lilia R. Nepomuceno,

10  Eugene R. Nepomuceno , Michael R. Nepomuceno and Ronald Nepomuceno will be

11  deprived of such consortium of Decedent in the future, in an amount presently unknown to

12  Plaintiffs, but which will be proved at the time of trial.

13       11.    Discovery of the cause of Plaintiffs' loss of consortium, as herein alleged,

14  first occurred within one year of the date this complaint was filed.

15       12.    Further, as a direct and proximate result of the acts of Defendants, and each

16  of them, and the severe injuries caused thereby to decedent as set forth in this complaint,

17  Decedent's spouse has suffered, and for a long period of time will continue to suffer loss

18  of consortium, including but not by way of limitation, loss of services, marital relations,

19  society, comfort, companionship, love and affection of said spouse, and has suffered

20  severe mental and emotional distress as a result thereof.

21                          **FIRST CAUSE OF ACTION**

22                              (Negligence)

23                          (Against all Defendants)

24       13.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

25  each and every allegation contained in the General Allegations above.

26       14.    At all times herein mentioned, each of the named Defendants and DOES 1

27  through 300 was the successor, successor in business, successor in product line or a

28  portion thereof, assign, predecessor, predecessor in business, predecessor in product line

1    or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or

2    partial owner of or member in an entity researching, studying, manufacturing, fabricating,

3    designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

4    supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

5    marketing, warranting, re-branding, manufacturing for others, packaging and advertising

6    as certain product, namely asbestos, and other products containing asbestos.  Said entities

7    shall hereinafter collectively be called "Alternate Entities."  Each of the herein named

8    Defendants is liable for the tortious conduct of each successor, successor in business,

9    successor in product line or a portion thereof, assign, predecessor in product line or a

10    portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

11    entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

12    fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for

13    sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

14    marketed, warranted, re-branded, manufactured for others and advertised a certain

15    product, namely asbestos, and other products containing asbestos.  The following

16    Defendants, and each of them, are liable for the acts of each and every "Alternate Entity,"

17    and each of them, in that there has been a virtual destruction of Plaintiff's remedy against

18    each such "Alternate Entity;" Defendants, and each of them, have acquired the assets,

19    product line, or a portion thereof, of each such "Alternate Entity;" such "Alternate Entity;"

20    Defendants, and each of them, caused the destruction of Plaintiff's remedy against each

21    such "Alternate Entity;" each such Defendant has the ability to assume the risk-spreading

22    role of each such "Alternate Entity;" and that each such Defendant enjoys the goodwill

23    originally attached to each such "Alternate Entity."

24

25

26

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CARRIER CORPORATION | individually and as successor-in-interest to Elliott Company, successor-in-interest to Crocker-Wheeler Company |

27

28

| | |
|---|---|
| CBS CORPORATION | f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric Corporation), individually and as successor-in-interest to B.F. Sturtevant Company |
| CLEAVER-BROOKS, INC. | individually and f/k/a Aqua-Chem, Inc. |
| CLEAVER-BROOKS, INC. | individually and f/k/a AQUA-CHEM, Inc., d/b/a Cleaver-Brooks Division (successor-in-interest to Davis Engineering Company) |
| CRANE CO. | individually and as successor-in-interest to Chapman Valves |
| CROWN CORK & SEAL COMPANY, INC. | (individually and as successor-in-interest to Mundet Cork Company) |
| DRESSER-RAND COMPANY | individually and as successor-in-interest to Terry Steam Turbine and Whiton Machine Company |
| FMC CORPORATION | individually, on behalf of and as successor-in-interest to Peerless Pump Co., John Bean Pumps, Chicago Pumps, Dayton-Dowd Pump Co., Ohio Apex Division, and Link Belt Company |
| GARDNER DENVER NASH, LLC | individually and as successor-in-interest to The Nash Engineering Co. |
| GARDNER DENVER, INC. | f/k/a Gardner Denver Machinery, Inc. |
| GARLOCK SEALING TECHNOLOGIES, L.L.C. | individually and as successor-in-interest to Garlock, Inc. |
| IMO INDUSTRIES, INC. | (individually and as successor-in-interest to DeLaval Turbine, Inc.) |
| INGERSOLL-RAND COMPANY | individually and as successor-in-interest to Terry Steam Turbine Company and the Whiton Machine Company |
| MECHANICAL DRIVES & BELTING | (f/k/a L.A. Rubber Company) |
| OWENS-ILLINOIS, INC. | individually and as successor-in-interest to Owens-Illinois Glass Company and d/b/a O-I |
| PENTAIR, INC. | individually and as successor-in-interest to Aurora Pump Company |
| SPX CORPORATION | individually and as successor-in-interest to General Signal Corp. (successor-in-interest to Aurora Pump Company) |
| TRIPLE A MACHINE SHOP, INC. | (a/k/a Triple A Shipyard) |
| VELAN VALVE CORP. | individually and as successor-in-interest to Velan Steam Trap Corporation |
| WARREN PUMPS, L.L.C. | f/k/a Warren Pumps, Inc. (individually and as successor-in-interest to The Quimby Pump Company) |
| WEIR VALVES & CONTROLS USA, INC. | individually and as successor-in-interest to Atwood & Morrill Co., Inc. |

| YORK INTERNATIONAL CORPORATION | individually and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air Conditioning |
|---|---|

15.     Defendants had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe. At all times mentioned herein, Defendants, and each of them, negligently and carelessly researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users and consumers thereof while being used in manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumer, users, or bystanders thereof, and others to whom Defendants owe a duty, including Decedent EUGENIO NEPOMUCENO.

16.     Decedent EUGENIO NEPOMUCENO was a worker who, for a substantial length of time, used, handled, and was otherwise exposed to the asbestos and asbestos containing products manufactured, sold, or distributed by the entities listed in Paragraph 5 above, in a manner that was reasonably foreseeable, through his occupational exposure to asbestos while serving in the United States Navy as a Steward, Machinist Mate, and Engineering Officer from 1953 through 1975 aboard the USS Kearsage; USS General J.C. Breckinridge; USS Watchman; USS Kishwaukee; USS Ticonderoga; USS Ajax; and when stationed at locations including, but not limited to, Todd Shipyard, Seattle, WA; Naval Shipyard, Subic Bay, Philippines; Naval Shipyard, Pearl Harbor, HI; Hunter's Point, San Francisco, CA; Naval Air Station, Pt. Mugu, CA;  Naval Training Center, San Diego, CA; Naval Air Station, Key West, FL; Long Beach Naval Shipyard, Long Beach, CA.  Decedent was also exposed to Defendants' asbestos and asbestos-containing

1   products while working as a ship inspector with the Planning Research Corp., San Diego,

2   CA from 1975 to 1978.  As a result of his exposure to Defendants' asbestos and asbestos

3   containing products, asbestos fibers entered Decedent's body. Decedent suffered from

4   mesothelioma and each of Defendants' asbestos and asbestos containing products that

5   entered his body was a substantial factor in bringing about, prolonging, or aggravating

6   Decedent's mesothelioma and, eventually, Decedent's death. The asbestos and asbestos

7   containing products Decedent was exposed to were manufactured or supplied by a named

8   Defendant.

9        17.     As a direct and proximate result of the above-referenced conduct of the

10   Defendants, and each of them, as aforesaid, said exposure to said asbestos caused severe

11   and permanent injury to Decedent's lungs and body, including, but not limited to the

12   disease mesothelioma.

13        18.     On or about January 21, 2009, Decedent EUGENIO NEPOMUCENO died as

14   a result of his mesothelioma.

15        19.     Plaintiffs are informed and believe, and thereupon allege, that mesothelioma

16   is a vicious, painful and invariably fatal malignancy of the lining of the lung, stomach, or

17   heart and that said disease results from exposure to asbestos and asbestos products over a

18   period of time.  There is no known cure for any form of malignant mesothelioma.

19        20.     As a direct and proximate result of the aforesaid conduct of the Defendants,

20   and each of them, Decedent suffered severe and permanent injuries leading to his eventual

21   death from mesothelioma.

22        21.     As a direct and proximate result of the aforesaid conduct of the Defendants,

23   and each of them, Decedent was compelled to and did employ the services of hospitals,

24   surgeons, physicians, nurses, and the like, to care for and treat him, and did incur medical,

25   hospital and professional incidental expenses, including funeral expenses.  When said

26   amounts are ascertained and calculated, Plaintiffs will allege said amounts.

27        22.     The above-referenced conduct of said Defendants, and each of them, was and

28   is willful, malicious, outrageous and/or in conscious disregard and indifference to the

1    safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

2    Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

3    intended by the Defendants to cause injury to the Decedent or conduct which was carried

4    on by the Defendants with a conscious disregard of the rights or safety of others.

5    Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

6    disregard of his rights and engaged in intentional misrepresentation, deceit, or

7    concealment of a material fact known to the Defendants with the intention on the part of

8    the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

9    otherwise causing injury.  Plaintiffs therefore, for the sake of example and by way of

10   punishing Defendants, seek punitive damages, according to proof.

11        23.    Plaintiffs further allege all of the foregoing portions of this cause of action

12   specifically against those Defendants who supplied asbestos fibers (as pled against those

13   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

14   distributor to manufacturers of the asbestos-containing products to which Plaintiff's

15   Decedent was exposed, as well as any DOE Defendants who may be determined at a later

16   date.

17                            **SECOND CAUSE OF ACTION**

18                                  (Strict Liability)

19                               (Against all Defendants)

20        24.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

21   each and every allegation contained in the First Cause of Action.

22        25.    At all times mentioned herein, Defendants, and each of them, researched,

23   manufactured, tested, designed, labeled, distributed, advertised, marketed, warranted,

24   inspected, repaired, offered for sale, and sold a certain substance, the generic name of

25   which is asbestos, and other products containing said substance which Defendants knew

26   were to be used without inspection for defects and which substance contained design and

27   manufacturing defects, in that same was capable of causing and did, in fact, cause personal

28   injuries to the users, consumers, and bystanders while being used in a reasonably

1   foreseeable manner, thereby rendering same unsafe and dangerous for use by the

2   consumers, users, and bystanders.

3       26.    As a direct and proximate result of the above described conduct by

4   Defendants and each of them, Decedent EUGENIO NEPOMUCENO suffered severe and

5   permanent injuries to his person, as alleged hereinabove.

6       27.    At all times mentioned herein, the asbestos and asbestos products

7   manufactured, sold, or distributed by the Defendants failed to perform as safely as an

8   ordinary consumer would expect when used in an intended or reasonably foreseeable

9   manner, and the risk of danger inherent in this substance and products outweighs the

10  benefits of said substance and products.

11      28.    At all times mentioned herein, the foreseeable use of the asbestos and

12  products containing said substance discussed above involved a substantial danger not

13  readily recognizable to an ordinary user, consumer, or bystander, but which danger was

14  known or knowable to Defendants, and Defendants failed to adequately warn of the

15  substantial danger.

16      29.    As a direct and proximate result of the above described conduct by

17  Defendants, and each of them, Decedent suffered severe and permanent injuries to his

18  person, including his eventual death, as alleged herein above.

19      30.    The above-referenced conduct of said Defendants, and each of them, was and

20  is willful, malicious, outrageous and/or in conscious disregard and indifference to the

21  safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

22  Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

23  intended by the Defendants to cause injury to the Decedent or conduct which was carried

24  on by the Defendants with a conscious disregard of the rights or safety of others.

25  Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

26  disregard of his rights and engaged in intentional misrepresentation, deceit, or

27  concealment of a material fact known to the Defendants with the intention on the part of

28  the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

1   otherwise causing injury.  Plaintiffs therefore, for the sake of example and by way of

2   punishing Defendants, seek punitive damages, according to proof.

3       31.     Plaintiffs further allege all of the foregoing portions of this cause of action

4   specifically against those Defendants who supplied asbestos fibers (as pled against those

5   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

6   distributor to manufacturers of the asbestos-containing products to which Plaintiff's

7   Decedent was exposed, as well as any DOE Defendants who may be determined at a later

8   date.

### THIRD CAUSE OF ACTION

(Breach of Warranty)

(Against all Defendants)·

12      32.     Plaintiffs hereby incorporate by reference, as though fully set forth herein,

13  each and every allegation contained in the First and Second Causes of Action.

14      33.     Defendants, and each of them, expressly and implicitly, warranted that said

15  substance was reasonably fit for its intended use without endangering human life, and that

16  such substance was of interchangeable quality.

17      34.     Defendants, and each of them, breached the above described expressed and

18  implied warranties in that said substance was defective, which defects permitted and/or

19  caused said substance to seriously and permanently cause injury to Decedent EUGENIO

20  NEPOMUCENO including, but not limited to, the disease mesothelioma and other lung

21  damage, while said substance was used in a manner that was reasonably foreseeable.

22      35.     As a direct and proximate result of the above described breaches of

23  warranties by Defendants, and each of them, Decedent suffered severe and permanent

24  injuries to his person, including death, as alleged herein above in this complaint.

25      36.     The above-referenced conduct of said Defendants, and each of them, was and

26  is willful, malicious, outrageous and/or in conscious disregard and indifference to the

27  safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

28  Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

1  intended by the Defendants to cause injury to the Decedent or conduct which was carried

2  on by the Defendants with a conscious disregard of the rights or safety of others.

3  Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

4  disregard of his rights and engaged in intentional misrepresentation, deceit, or

5  concealment of a material fact known to the Defendants with the intention on the part of

6  the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

7  otherwise causing injury.  Plaintiffs therefore, for the sake of example and by way of

8  punishing Defendants, seek punitive damages, according to proof.

9       37.  Plaintiffs further allege all of the foregoing portions of this cause of action

10  specifically against those Defendants who supplied asbestos fibers (as pled against those

11  Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

12  distributor to manufacturers of the asbestos-containing products to which Plaintiff's

13  Decedent was exposed, as well as any DOE Defendants who may be determined at a later

14  date.

15  **FOURTH CAUSE OF ACTION**

16  (False Representation Under Restatement of Torts Section 402-B)

17  (Against All Defendants)

18       38.  Plaintiffs hereby incorporate by reference, as though fully set forth herein,

19  each and every allegation contained in the First through Third Causes of Action.

20       39.  At the aforementioned time when Defendants, their "Alternate Entities," and

21  each of them, researched, manufactured, fabricated, designed, modified, tested or failed to

22  test, inadequately warned or failed to warn, labeled, assembled, distributed, leased,

23  bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for

24  installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged

25  and advertised the said asbestos and asbestos-containing products, as herein above set

26  forth, the Defendants, their "Alternate Entities," and each of them, expressly and impliedly

27  represented to members of the general public, including the purchasers and users of said

28  product, and other "exposed persons," including the Decedent herein and his employers,

1    that asbestos and asbestos-containing products, were of merchantable quality, and safe for

2    the use for which they were intended.

3         40.    The purchasers and users of said asbestos and asbestos-containing products,

4    and other "exposed persons," including the Decedent and his employers, relied upon said

5    representations of Defendants, their "Alternate Entities,"and each of them, in the selection,

6    purchase and use of asbestos and asbestos-containing products.

7         41.    Said representations by Defendants, their "Alternate Entities," and each of

8    them, were false and untrue, and Defendants knew at the time they were untrue, in that the

9    asbestos and asbestos-containing products were not safe for their intended use, nor were

10   they of merchantable quality as represented by Defendants, their "Alternate Entities," and

11   each of them, in that asbestos and asbestos-containing products have very dangerous

12   properties and defects whereby said products cause asbestosis, other lung damages and

13   cancer, and have other defects that cause injury and damage to the users of said products

14   and other "exposed persons," thereby threatening the health and life of said persons

15   including Decedent herein.

16        42.    As a direct and proximate result of said false representations by Defendants,

17   their "Alternate Entities," and each of them, the Decedent suffered severe and permanent

18   injuries to his person, including death, as alleged herein above in this complaint.

19        43.    The above-referenced conduct of said Defendants, and each of them, was and

20   is willful, malicious, outrageous and/or in conscious disregard and indifference to the

21   safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

22   Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

23   intended by the Defendants to cause injury to the Decedent or conduct which was carried

24   on by the Defendants with a conscious disregard of the rights or safety of others.

25   Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

26   disregard of his rights and engaged in intentional misrepresentation, deceit, or

27   concealment of a material fact known to the Defendants with the intention on the part of

28   the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

1     otherwise causing injury. Plaintiffs therefore, for the sake of example and by way of

2     punishing Defendants, seek punitive damages, according to proof.

3         44.     Plaintiffs further allege all of the foregoing portions of this cause of action

4     specifically against those Defendants who supplied asbestos fibers (as pled against those

5     Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

6     distributor to manufacturers of the asbestos-containing products to which Plaintiff's

7     Decedent was exposed, as well as any DOE Defendants who may be determined at a later

8     date.

9                          **FIFTH CAUSE OF ACTION**

10                              (Intentional Tort)

11                        (Against All Defendants)

12         45.     Plaintiffs hereby incorporate by reference, as though fully set forth herein,

13     each and every allegation contained in the First through Fourth Causes of Action.

14         46.     At all times pertinent hereto, the Defendants, their "Alternate Entities," and

15     each of them, owed Decedent a duty, as provided for in Section 1708, 1709 and 1710 of

16     the Civil Code of the State of California, to abstain from injuring the person, property or

17     rights of the Decedent. When a duty to act was imposed, as set forth herein, the

18     Defendants, their "Alternate Entities," and each of them, did do the acts and omissions in

19     violation of that duty, thereby causing injury to the Decedent as is more fully set forth

20     herein. Such acts and omissions consisted of acts falling within Section 1709 (Deceit) and

21     Section 1710 (Fraud) and more specifically, included suggestions of fact which were not

22     true and which Defendants, their "Alternate Entities," and each of them, did not believe to

23     be true; assertions of fact which were not true and which Defendants, their "Alternate

24     Entities," and each of them, had no reasonable ground for believing to be true, and the

25     suppression of fact when a duty existed to disclose it, all as are more fully set forth herein;

26     the violation of any one such duty gave rise to a cause of action for violation of the rights

27     of the Decedent as provided for in the aforementioned Civil Code sections.

28         47.     Since on or before 1930, the Defendants, their "Alternate Entities," and each

1  of them, have known and have possessed the true facts of medical and scientific data and

2  other knowledge which clearly indicated that the asbestos and asbestos-containing

3  products they manufactured, sold, or distributed, to which Decedent was exposed, were

4  and are hazardous to the health and safety of Decedent, and others in Decedent's position

5  working in close proximity with such materials.  The Defendants, their "Alternate

6  Entities," and each of them, have known of the dangerous propensities of other of the

7  aforementioned materials and products since before that time.  With intent to deceive

8  Decedent, and others in Decedent's position, and with intent that he and such others should

9  be and remain ignorant of such facts with intent to induce Decedent and such others to

10  alter his and their positions to his and their injury and/or risk and in order to gain

11  advantages, the following acts occurred:

12       (a)     Defendants, their "Alternate Entities," and each of them, did not label any of

13  the aforementioned asbestos-containing materials and products regarding the hazards of

14  such materials and products to the health and safety of Decedent and others in Decedent's

15  position working in close proximity with such materials until 1964 when certain of such

16  materials were labeled by some, but not all, of Defendants, their "Alternate Entities," and

17  each of them, herein when the knowledge of such hazards was existing and known to

18  Defendants, their "Alternate Entities," and each of them, since on or before 1930.  By not

19  labeling such materials as to their said hazards, Defendants, their "Alternate Entities," and

20  each of them, caused to be suggested as a fact to Decedent that it was safe for Decedent to

21  work in close proximity to such materials when in fact it was not true and Defendants,

22  their "Alternate Entities," and each of them, did not believe it to be true.

23       (b)     Defendants, their "Alternate Entities," and each of them, suppressed

24  information relating the danger of use of the aforementioned materials by requesting the

25  suppression of information to the Decedent and the general public concerning the

26  dangerous nature of the aforementioned materials to workers, by not allowing such

27  information to be disseminated in a manner which would have given general notice to the

28  public and knowledge of the hazardous nature thereof when Defendants, their "Alternate

1    Entities," and each of them, were bound to disclose such information;

2         (c)    Defendants, their "Alternate Entities," and each of them, sold the

3    aforementioned products and materials to Decedent's employer and others without

4    advising Decedent and others of the dangers of use of such materials to persons working

5    in close proximity thereto when Defendants, their "Alternate Entities," and each of them,

6    knew of such dangers, and had a duty to disclose such dangers all as set forth herein.  By

7    said conduct, Defendants, their "Alternate Entities," and each of them, caused to be

8    positively asserted to Decedent that which was not true and that which Defendants, their

9    "Alternate Entities," and each of them, had not reasonable ground for believing to be true,

10   to wit, that it was safe for Decedent to work in close proximity to such materials;

11        (d)    Defendants, their "Alternate Entities," and each of them, suppressed from

12   Decedent medical and scientific data and knowledge of the contents of the Lanza report.

13   Although bound to disclose it, Defendants, their "Alternate Entities," and each of them

14   influenced A.J. Lanza to change his report, the altered version of which was published in

15   Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Decedent and others

16   to be and remain ignorant thereof.  Defendants, there "Alternate Entities," and each of

17   them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of

18   danger, thereby lessening the probability of notice of danger to users thereof;

19        (e)    Defendants, their "Alternate Entities," and each of them, belonged to,

20   participated in, and financially supported the Asbestos Textile Institute and other industry

21   organizations which, for and on behalf of Defendants, their "Alternate Entities," and each

22   of them, actively promoted the suppression of information of danger to users of the

23   aforementioned products and materials, thereby misleading Decedent by the suggestions

24   and deceptions set forth above in this cause of action.  The Dust Control Committee,

25   which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute

26   was specifically enlisted to study the subject of dust control.  Discussions in this

27   committee were held many times regarding the dangers inherent in asbestos and the

28   dangers which arise from the lack of control of dust, and such information was suppressed

1    from public dissemination from 1946 to a date unknown to Decedent at this time;

2         (f)      Commencing in 1930 with the study of mine and mill workers at Asbestos

3    and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan

4    plants in Manheim and Charleston, South Carolina, Defendants, their "Alternate Entities,"

5    and each of them, knew and possessed medical and scientific information of the

6    connection between inhalation of asbestos fibers and asbestosis, which information was

7    disseminated through the Asbestos Textile Institute and other industry organizations to all

8    other Defendants, their "Alternate Entities," and each of them, herein.  Between 1942 and

9    1950, the Defendants, their "Alternate Entities," and each of them suggested to the public

10   as a fact that which is not true and disseminated other facts likely to mislead Decedent.

11   Such facts did mislead Decedent and others by withholding the afore-described medical

12   and scientific data and other knowledge and by not giving Decedent the true facts

13   concerning such knowledge of danger, which Defendants, their "Alternate Entities," and

14   each of them, were bound to disclose;

15        (g)      Defendants, their "Alternate Entities," and each of them, failed to warn

16   Decedent and others of the nature of said materials which were dangerous when breathed

17   and which could cause pathological effects without noticeable trauma, despite the fact that

18   Defendants, their "Alternate Entities," and each of them, possessed knowledge and were

19   under a duty to disclose that said materials were dangerous and a threat to the health of

20   persons coming into contact therewith;

21        (h)      Defendants, their "Alternate Entities," and each of them, failed to provide

22   Decedent with information concerning adequate protective masks and other equipment

23   devised to be used when applying and installing the products of the Defendants, and each

24   of them, despite knowing that such protective measures were necessary, and that they were

25   under a duty to disclose that such materials were dangerous and would result in injury to

26   the Decedent and others applying and installing such material;

27        (i)      Defendants, their "Alternate Entities," and each of them, when under a duty

28   to so disclose, concealed from Decedent the true nature of the industrial exposure of

1    Decedent and knew that Decedent and anyone similarly situated, upon inhalation of

2    asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis

3    and/or cancer.  Defendants, their "Alternate Entities," and each of them, also concealed

4    from Decedent and others that harmful materials to which they were exposed would cause

5    pathological effects without noticeable trauma;

6         (j)    Defendants, their "Alternate Entities," and each of them, failed to provide

7    information of the true nature of the hazards of asbestos materials and that exposure to

8    these materials would cause pathological effects without noticeable trauma to the public,

9    including buyers, users, and physicians employed by Decedent and Decedent's employers

10   so that said physicians could examine, diagnose and treat Decedent and others who were

11   exposed to asbestos, despite the fact that Defendants, their "Alternate Entities," and each

12   of them, were under a duty to so inform and said failure was misleading; and

13        (k)    Defendants, their "Alternate Entities," and each of them, failed to provide

14   adequate information to physicians and surgeons retained by Decedent's employers and

15   their predecessor companies, for purposes of making physical examinations of Decedent

16   and other employees as to the true nature of the risk of such materials and exposure thereto

17   when they in fact possessed such information and had a duty to disclose it.

18        48.    Defendants, their "Alternate Entities," and each of them, willfully failed and

19   omitted to complete and file First Report of Occupational Injury of Illness regarding

20   Decedent's injuries, as required by law, and did willfully fail and omit to file report of

21   injury and occupational disease with the State of California.  Decedent was in the class of

22   persons with respect to whom a duty was owed to file such reports and who would have

23   been protected thereby if the fact of danger from products complained of had become

24   known.

25        49.    Defendants, their "Alternate Entities," and each of them, having such

26   aforementioned knowledge, and the duty to inform Decedent about the true facts, and

27   knowing the Decedent did not possess such knowledge and would breathe such material

28   innocently, acted falsely and fraudulently and with full intent to cause Decedent to remain

---

1   unaware of the true facts and to induce Decedent to work in a dangerous environment, all

2   in violation of sections 1708, 1709 and 1710 of the Civil Code of the State of California.

3       50.    As a direct and proximate result of said intentional torts by Defendants, their

4   "Alternate Entities," and each of them, the Decedent suffered severe and permanent

5   injuries to his person, including death, as alleged herein above in this complaint.

6       51.    The above-referenced conduct of said Defendants, and each of them, was and

7   is willful, malicious, outrageous and/or in conscious disregard and indifference to the

8   safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

9   Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

10   intended by the Defendants to cause injury to the Decedent or conduct which was carried

11   on by the Defendants with a conscious disregard of the rights or safety of others.

12   Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

13   disregard of his rights and engaged in intentional misrepresentation, deceit, or

14   concealment of a material fact known to the Defendants with the intention on the part of

15   the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

16   otherwise causing injury.  Plaintiffs therefore, for the sake of example and by way of

17   punishing Defendants, seek punitive damages, according to proof.

18       52.    Plaintiffs further allege all of the foregoing portions of this cause of action

19   specifically against those Defendants who supplied asbestos fibers (as pled against those

20   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

21   distributor to manufacturers of the asbestos-containing products to which Plaintiff's

22   Decedent was exposed, as well as any DOE Defendants who may be determined at a later

23   date.

24   ### SIXTH CAUSE OF ACTION

25   (Premises Owner/Contractor Liability)

26       53.    Plaintiffs, by this reference, incorporate the allegations contained in the First

27   through Fifth Causes of Action.

28       54.    At all times mentioned herein, the Premises Owner/Contractor Liability

1   Defendants, and each of them, respectively, owned, leased, maintained, managed, and/or

2   controlled the premises where Plaintiff's Decedent was present.  The information provided

3   is preliminary, based on recall over events covering many years and further investigation

4   and discovery may produce more reliable information.  Additionally, Plaintiff's Decedent

5   might have been present at these or other Premises Owner/Contractor Liability

6   Defendants' premises at other locations and on other occasions.

7        55.    Prior to and at said times and places, said Premises Owner/Contractor

8   Liability Defendants, and each of them, respectively, caused certain asbestos-containing

9   insulation, other building materials, products and toxic substances to be constructed,

10   installed, maintained, used, supplied, replaced, repaired and/or removed on each of the

11   aforesaid respective premises, by their own workers and/or by various contractors, and

12   caused the release of dangerous quantities of toxic asbestos fibers and other toxic

13   substances into the ambient air and thereby created a hazardous and unsafe condition to

14   Plaintiff's Decedent and other persons exposed to said asbestos fibers and toxic substances

15   while present at said premises.

16        56.    At all times mentioned herein, said Premises Owner/Contractor Liability

17   Defendants, and each of them, knew or in the exercise of ordinary and reasonable care

18   should have known, that the foregoing conditions and activities created a dangerous,

19   hazardous, and unsafe condition and unreasonable risk of harm and personal injury to

20   Plaintiff's Decedent and other workers or persons so exposed present on each of the

21   aforesaid respective premises.

22        57.    At all times relevant herein, Plaintiff's Decedent entered said premises and

23   used or occupied each of said respective premises as intended and for each of the

24   respective Premises Owner/Contractor Liability Defendants' request and invitation.  In so

25   doing, Plaintiff's Decedent was exposed to dangerous quantities of asbestos fibers and

26   other toxic substances released into the ambient air by the aforesaid hazardous conditions

27   and activities managed, maintained, initiated, and/or otherwise created, controlled, or

28   caused by said Premises Owner/Contractor Liability Defendants, and each of them.

58.     Plaintiff's Decedent at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

59.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, remained in control of the premises where Plaintiff's Decedent was performing his work.

60.     At all times mentioned herein, the Premises Owner/Contractor Liability Defendants, owed to Plaintiff's Decedent and others similarly situated a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as Plaintiff's Decedent to an unreasonable risk of harm and to avoid causing injury to said person.

61.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff's Decedent of, the existence of the aforesaid dangerous conditions and hazards on said premises.

62.     Prior to and at the times and places aforesaid, said Premises Owner/Contractor Liability Defendants, and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff's Decedent.

63.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff's Decedent and others unless special precautions were taken.

64.     In part, Plaintiff's Decedent was exposed to dangerous quantities of asbestos

1  fibers and other toxic substances by reason of such contractors' failure to take necessary

2  precautions.

3      65.     The work of contractors on premises controlled by the Premises

4  Owner/Contractor Defendants created an unsafe premise and an unsafe work place by

5  reason of the release of dangerous quantities of toxic substances including but not limited

6  to asbestos.

7      66.     The unsafe premise or work place was created, in part, by the negligent

8  conduct of the contractors employed by the Premises Owner/Contractor Defendants.  Said

9  negligent conduct includes but is not limited to:

10      a.     Failure to warn of asbestos and other toxic dusts;

11      b.     Failure to suppress the asbestos-containing or toxicdusts;

12      c.     Failure to remove the asbestos-containing and toxic dusts through the use of

13          ventilation or appropriate means;

14      d.     Failure to provide adequate breathing protection, i.e., approved respirators or

15          masks;

16      e.     Failure to inspect and/or test the air;

17      f.     Failure to provide medical monitoring.

18      67.     The Premises Owner/Contractor Defendants' duty to maintain and provide

19  safe premises, a safe place to work, and to warn of dangerous conditions are non-

20  delegable; said duties arise out of common law, Civil Code §1708, and Labor Code §6400,

21  et seq., or Health & Safety Code §40200, et seq., and regulations promulgated thereunder.

22  Therefore, the Premises Owner/Contractor Defendants are responsible for any breach of

23  said duties whether by themselves or others.

24      68.     Prior to and at said times and places, said Premises Owner/Contractor

25  Liability Defendants were subject to certain ordinances, statutes, and other government

26  regulations promulgated by the United States Government, the State of California, and

27  others, including but not limited to the General Industry Safety Orders promulgated

28  pursuant to California Labor Code §6400 and the California Administrative Code under

1   the Division of Industrial Safety, Department of Industrial Relations, including but not

2   limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4105,

3   4106, 4107 and 4108, and Threshold Limit Values as documented for asbestos and other

4   toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California

5   Health & Safety Code §40200, et seq., which empowers the California Air Quality

6   Management Districts to promulgate regulations covering emission standards for

7   hazardous air pollutants.  Such state and federal standards required said Premises

8   Owner/Contractor Liability Defendants to provide specific safeguards or precautions to

9   prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and

10   said Premises Owner/Contractor Liability Defendants failed to provide the required

11   safeguards and precautions.  Defendants' violations of said codes include but are not

12   limited to:

13      (a)   Failing to comply with statutes and allowing ambient levels of airborne

14            asbestos fiber to exceed the permissible/allowable levels with regard to the

15            aforementioned statutes;

16      (b)   Failing to segregate work involving the release of asbestos or other toxic

17            dusts;

18      (c)   Failing to suppress dust using prescribed ventilation techniques;

19      (d)   Failing to suppress dust using prescribed "wet down" techniques;

20      (e)   Failing to warn or educate Plaintiff's Decedent or others regarding asbestos or

21            other toxic substances on the premises;

22      (f)   Failing to provide approved respiratory protection devices;

23      (g)   Failing to ensure "approved" respiratory protection devices were used

24            properly;

25      (h)   Failing to provide for an on-going health and screening program for those

26            exposed to asbestos on the premises;

27      (i)   Failing to provide adequate housekeeping and clean-up of the work place;

28      (j)   Failing to properly warn of the hazards associated with asbestos as required

1    by statute;

2    (k)    Failing to properly report renovation and disturbance of asbestos-containing

3           materials;

4    (l)    Failing to have an asbestos removal supervisor as required by regulation;

5    (m)    Failing to get approval for renovation as required by statutes; and

6    (n)    Failing to maintain records as required by statute.

7    69.    Premises Owner/Contractor Liability Defendants, and each of them, were the

8    "statutory employer" of Plaintiff's Decedent as defined by the California Labor Code and

9    California case law.

10   70.    Plaintiff's Decedent at all times was unaware of the hazardous condition or

11   the risk of personal injury created by Defendants' violation of said regulations, ordinances

12   or statutes.

13   71.    At all times mentioned herein, Plaintiff's Decedent was a member of the class

14   of persons whose safety was intended to be protected by the regulations, statutes or

15   ordinances described in the foregoing paragraphs.

16   72.    At all times mentioned herein, said Premises Owner/Contractor Liability

17   Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care

18   should have known, that the premises that were in their control would be used without

19   knowledge of, or inspection for, defects or dangerous conditions, that the persons present

20   and using said premises would not be aware of the aforesaid hazardous conditions to

21   which they were exposed on the premises, and that such persons were unaware of the

22   aforesaid violations of codes, regulations and statutes.

23   73.    As a legal consequence of the foregoing, Plaintiff's Decedent developed an

24   asbestos-related illness - mesothelioma, which has caused great injury, disability, and

25   death as previously set forth, and Plaintiff's Decedent has suffered damages as herein

26   alleged.

27   74.    The above-referenced conduct of said Defendants, and each of them, was and

28   is willful, malicious, outrageous and/or in conscious disregard and indifference to the

1    safety of users of said asbestos and asbestos products, including Plaintiff's Decedent.

2    Defendants are guilty of oppression, fraud, or malice and engaged in conduct which was

3    intended by the Defendants to cause injury to the Decedent or conduct which was carried

4    on by the Defendants with a conscious disregard of the rights or safety of others.

5    Defendants subjected Plaintiff's Decedent to cruel and unjust hardship in conscious

6    disregard of his rights and engaged in intentional misrepresentation, deceit, or

7    concealment of a material fact known to the Defendants with the intention on the part of

8    the Defendants of thereby depriving Plaintiff's Decedent of property or legal rights or

9    otherwise causing injury.  Plaintiffs therefore, for the sake of example and by way of

10   punishing Defendants, seek punitive damages, according to proof.

11         75.    Plaintiffs further allege all of the foregoing portions of this cause of action

12   specifically against those Defendants who supplied asbestos fibers (as pled against those

13   Defendants who manufactured asbestos products), and any other asbestos fiber supplier or

14   distributor to manufacturers of the asbestos-containing products to which Plaintiff's

15   Decedent was exposed, as well as any DOE Defendants who may be determined at a later

16   date.

17         WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, in

18   and amount to be proved at trial in each individual case, as follows:

19         1.    General damages according to proof;

20         2.    Damages for medical and related expenses, according to proof;

21         3.    Damages for funeral, burial, incidental, and related expenses, according to

22               proof;

23         4.    Damages for the present value of financial contributions which Decedent

24               would have given Plaintiffs had he lived;

25         5.    Damages for the pecuniary value of services which Plaintiffs might have

26               reasonably expected to receive from Decedent;

27         6.    Damages for loss of earning capacity, according to proof;

28         7.    Damages for loss of earning, according to proof;

8.  Damages for Decedent's other economic losses, according to proof;

9.  Exemplary or punitive damages according to proof;

10. Plaintiffs' damages for loss of consortium according to proof;

11. Prejudgment interest, according to proof;

12. Costs of suit incurred herein; and

13. Such other an further relief as this Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. § 998, C.C.P. § 1032 and related provisions of law.

DATED: July 21, 2009                          BARON & BUDD, P.C.


By: _____
                                              JED BORGHEI, ESQ.
                                              Attorneys for Plaintiffs: LILIA R.
                                              NEPOMUCENO,  EUGENE R.
                                              NEPOMUCENO, MICHAEL R.
                                              NEPOMUCENO, AND RONALD
                                              NEPOMUCENO