MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2009

FILED
CLERK'S OFFICE

F. SAUNDERS ALDRIDGE (Georgia Bar No. 008350)
saldridge@huntermaclean.com
R. BATES LOVETT (Georgia Bar No. 459568)
blovett@huntermaclean.com
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
Telephone: (912) 236-0261
Facsimile:  (912) 236-4936

Attorneys for Defendant
INGERSOLL-RAND COMPANY

PLEADING NO. 5955

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | ) MDL DOCKET NO. 875 ) ) |
| ANDERSON L. KELLY | ) **DEFENDANT INGERSOLL-RAND** ) **COMPANY'S RESPONSE TO** |
| v. | ) **PLAINTIFF'S MOTION TO VACATE** ) **CONDITIONAL TRANSFER ORDER** |
| GENERAL ELECTRIC COMPANY A New York Corporation, et al. | ) **(CTO-326)** ) ) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| ANDERSON L. KELLY, | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) 2:09-cv-00134-AAA-JEG |
| | ) |
| vs. | ) Civil Action No. 09CV0411 |
| | ) (Wayne County Superior Court) |
| GENERAL ELECTRIC COMPANY, | ) **DEFENDANT INGERSOLL-RAND** |
| A New York Corporation, et al., | ) **COMPANY'S RESPONSE TO** |
| | ) **PLAINTIFF'S MOTION TO VACATE** |
| Defendants. | ) **CONDITIONAL TRANSFER ORDER** |
| | ) **(CTO-326)** |

OFFICIAL FILE COPY           IMAGED OCT 27 2009

## I. INTRODUCTION

Plaintiff offers no valid arguments supporting a decision to vacate the Conditional Transfer Order ("CTO"). This Panel has the jurisdiction and the congressional mandate to transfer this case to the MDL No. 875 in the Eastern District of Pennsylvania ("MDL"). Accordingly, this Panel should deny Plaintiff's Motion to Vacate the Conditional Transfer Order ("Motion") and should transfer this case to the MDL.

Additionally, Plaintiff offers no evidence to show that the Panel is jurisdictionally or procedurally precluded from transferring this case to the MDL. Rather, Plaintiff endeavors to convince this Panel that his Motion for Remand, filed in District Court justifies a denial of transfer. However, it is not the charge of this Panel to make a determination as to the propriety of a remand Order. As with countless other motions to remand, that Motion is properly heard by the MDL .

Plaintiff's recycled remand arguments can and will be heard and argued before the MDL. This Panel should likewise deny Plaintiff's Motion and transfer this case to the MDL, "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a) (2009).

## II. PROCEDURAL HISTORY

On September 8, 2009, this Panel filed its Conditional Transfer Order (CTO-326) identifying Plaintiff's action as tag-along action, pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Under the Conditional Transfer Order, Plaintiff's action will be transferred to the MDL before the Honorable Eduardo C. Robreno for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407. Plaintiff filed his Motion to Vacate CTO-326 on October 5, 2009.

## III. ARGUMENT

### A. The Panel Has Proper Jurisdiction to Transfer this Action.

Plaintiff offers no argument that the Panel is procedurally or jurisdictionally precluded from transferring this action to the MDL. Their Motion is silent as to any statutory considerations of 28 U.S.C. § 1407 because, indeed, the Panel is not prevented from transferring this action. While admitting that caselaw holds that a Motion to Remand is an insufficient basis to stop transfer ("Plaintiff is mindful that a pending Motion to Remand is not grounds to deny transfer." Moeller v. Garlock Sealing Technologies, LLC, 560 F. Supp. 2d 1367 (2008)"), Plaintiff nevertheless argues that exact point: that the Panel should vacate its CTO because the he has filed a Motion to Remand.

Outstanding jurisdictional issues are insufficient reason to prohibit transfer and do do not defeat transfer by this Panel. See In re Asbestos Prods. Liab. Litig (No. VI.), 170 F. Supp.2d 1348 (J.P.M.L. 2001); accord In re Gypsum Wallboard, 302 F.Supp. 794 (J.P.M.L 1969); In re Ivy, 901 F.2d 7, 9 (2nd Cir. 1990) ("The MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending.")

Thus, Plaintiff's argument that this Panel should vacate its CTO because the District Court may remand is pure speculation. The District Circuit has yet to indicate that it will even consider Plaintiff's Motion. But even if the MDL should rule for remand, Plaintiff's action easily could be sent back to state court from the MDL itself.

## IV. CONCLUSION

This Panel should transfer the instant action under its Conditional Transfer Order (CTO-326) and there is no reason why it should depart from its initial order. Transfer is appropriate because this case is similar to those before MDL No. 875, and moreover,

3

Plaintiff failed to demonstrate any viable reason why they are dissimilar or otherwise should receive preferential treatment. Further, Plaintiff's removal arguments are irrelevant to the issues before this Panel.

DATED: October 26, 2009.

HUNTER, MACLEAN, EXLEY & DUNN, P.C

_____
F. Saunders Aldridge
Georgia Bar No. 008350
R. Bates Lovett
Georgia Bar No. 459568
Attorneys for Defendant Ingersoll-Rand

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261 (telephone)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

OCT 27 2009

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | ) MDL DOCKET NO. 875 <br> ) <br> ) |
| ANDERSON L. KELLY <br><br> v. <br><br> GENERAL ELECTRIC COMPANY <br> A New York Corporation, et al. | ) **DEFENDANT INGERSOLL-RAND** <br> ) **COMPANY'S RESPONSE TO** <br> ) **PLAINTIFF'S MOTION TO VACATE** <br> ) **CONDITIONAL TRANSFER ORDER** <br> ) **(CTO-326)** <br> ) <br> ) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| ANDERSON L. KELLY, <br><br> Plaintiff, <br><br> vs. <br><br> GENERAL ELECTRIC COMPANY, <br> A New York Corporation, et al., <br><br> Defendants. | ) <br> ) Civil Action Number: <br> ) 2:09-cv-00134-AAA-JEG <br> ) <br> ) Civil Action No. 09CV0411 <br> ) (Wayne County Superior Court) <br> ) **DEFENDANT INGERSOLL-RAND** <br> ) **COMPANY'S RESPONSE TO** <br> ) **PLAINTIFF'S MOTION TO VACATE** <br> ) **CONDITIONAL TRANSFER ORDER** <br> ) **(CTO-326)** |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANT INGERSOLL-RAND'S RESPONSE TO VACATE CONDITIONAL TRANSFER ORDER (CTO-326) upon Plaintiff's counsel in this matter by U.S. mail, sufficient postage pre-paid, addressed as follows:

Roger B. Lane
Attorney at Law, P.C.
1601 Reynolds Street
Brunswick, GA  31520

A copy is also being served to all counsel on the attached Involved Counsel List.

This 26th day of October, 2009.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

_____
F. Saunders Aldridge
Georgia Bar No. 008350
R. Bates Lovett
Georgia Bar No. 459568
Attorneys for Defendant Ingersoll-Rand

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261 (telephone)

801550-01

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)    MDL No. 875

**INVOLVED COUNSEL LIST (Excerpted from CTO-326)**

Anderson Kelly v. General Electric Co., et al., S.D. Georgia, C.A. No. 2:09-134
(Judge Anthony A. Alaimo)

F. Saunders Aldridge, III
HUNTER MACLEAN EXLEY & DUNN
P.O. Box 9848
Savannah, GA 31412

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue, Suite 1100
Dallas, TX 75219

Anthony L. Cochran
CHILIVIS COCHRAN LARKINS & BEVER
3127 Maple Drive, N.E.
Atlanta, GA 30305

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street, Suite 3000
Chicago, IL 60602-2415

Allison N. Crawford
NELSON MULLINS RILEY
& SCARBOROUGH LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA 30363

C. Michael Evert, Jr.
EVERT WEATHERSBY & HOUFF LLC
3405 Piedmont Road, N.E., Suite 225
Atlanta, GA 30305-1764

Charles Darrell Gossett
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William D. Harvard
BLASINGAME BURCH GARRARD BRYANT
& ASHLEY
P.O. Box 832
Athens, GA 30603-0832

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS FERNANDEZ ET AL
171 Twelfth Street, Third Floor
Oakland, CA 94607

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-326) (Continued)**

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER
& MAHONEY LTD
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza, 32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ
& TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608