MDL 8 7 5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2009

FILED
CLERK'S OFFICE

**PLEADING NO. 5956**

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) |
| | ) ) MDL No. 875 |
| This document relates to: | ) ) DEFENDANT LOCKHEED SHIPBUILDING |
| *Jacob Fischer v. Saberhagen Holdings, Inc., et al*, United States District Court, Western District of Washington, No. C09-5385 | ) COMPANY'S RESPONSE TO PLAINTIFF ) JACOB FISCHER'S MOTION AND ) MEMORANDUM TO VACATE ) CONDITIONAL TRANSFER ORDER |
| Conditional Transfer Order No. 326 | ) ) |

## I.   **RELIEF REQUESTED**

Defendant Lockheed Shipbuilding Company ("Lockheed Shipbuilding") respectfully asks the Panel to deny Plaintiff Jacob Fischer's ("Plaintiff") Motion to Vacate Conditional Transfer Order No. 326.  Plaintiff has raised a half-hearted opposition to the conditional transfer order in a transparent effort to delay the proceedings so his untimely remand motion can be heard by the transferor court.  Plaintiff utterly fails to address the substance of the conditional transfer, which requires him to show that the transfer would not serve the interests of justice, convenience, or efficiency.  Instead, he simply asks the Panel to assume his motion for remand will be granted and to vacate the conditional transfer for that reason alone, even though this Panel routinely transfers cases in which there is a pending remand motion.

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

OFFICIAL FILE COPY ORIGINAL  IMAGED OCT 27 2009

1    Further, Plaintiff failed to serve his motion to vacate on Lockheed Shipbuilding by the

2    Panel's established deadline.  Even though the Panel explicitly told Plaintiff that the stay would

3    be lifted from the conditional transfer automatically if he failed to file and serve the motion by

4    October 8, 2009, Plaintiff waited until October 9, 2009, to serve it on Lockheed Shipbuilding.

5    On this basis alone, Plaintiff's motion should be denied, the stay should be lifted, and the matter

6    should be transferred to the MDL No. 875 immediately.

7                    **II.    STATEMENT OF RELEVANT FACTS**

8        1.        There is no legitimate dispute that this is an asbestos case that falls squarely

9    within the purview of MDL 875 – *In Re: Asbestos Products Liability Litigation (No. VI)*.

10       2.        Plaintiff alleges that he was exposed to asbestos while working for the U.S. Navy

11   as a hull inspector, during which time his responsibilities were to inspect ships to determine

12   compliance with plans and specifications and to ensure that detailed contracts were being

13   followed.   In part, this work took place aboard naval vessels constructed by Lockheed

14   Shipbuilding Company for and under the supervision of the U.S. Navy. [1]

15       3.        On June 26, 2009, within thirty days of learning that the only alleged exposures

16   on Lockheed's premises occurred during work performed pursuant to federal contracts and under

17   government supervision and control, Lockheed Shipbuilding removed the case to the U.S.

18   District Court for the Western District of Washington.[2]

19       4.        On July 2, 2009, Plaintiff moved the District Court for permission to take

20   expedited depositions of Lockheed Shipbuilding's corporate representative and its naval

21   inspections expert.  Plaintiff represented that his sole purpose for deposing these witnesses was

22   to prepare a motion for remand, to be filed imminently.[3]

---

[1] *See* Plaintiff's Responses to Style Interrogatories, attached as Exhibit 1 to the Declaration of Robert G. André in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order ("André Decl."), at App. A, pp. 3-4; Supplemental Experience and Qualifications Statement for Jacob Fischer, attached as Exhibit 2 to André Decl.

[2] *See* Notice of Removal of Action, attached as Exhibit 3 to André Decl.

[3] *See* Plaintiff's Motion to Seek Leave of Court to Conduct Limited Depositions Prior to Holding a FRCP 26(f) Conference, attached as Exhibit 4 to André Decl.

{APR746729.DOC;1\12060.000016\ }
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

5.     The requested depositions occurred on August 5 and August 11, 2009.[4]

6.     The Panel issued Conditional Transfer Order No. 326 on September 8, 2009.[5]

7.     Plaintiff filed his notice of opposition to the conditional transfer on September 23, 2009, the last possible date allowed under Panel Rule 7.4(c).[6]

8.     The version of Plaintiff's notice of opposition received by Lockheed Shipbuilding was unsigned, in violation of Federal Rule of Civil Procedure 11(a), and, in violation of FRCP 11(b)(3), contained a significant factual misrepresentation regarding the two expedited depositions: "This discovery has not been completed."[7]   In reality, the requested discovery had been completed for well over a month when Plaintiff made this statement.

9.     The Panel then issued an order staying the conditional transfer and requiring Plaintiff to file a motion to vacate by October 8, 2009.[8]

10.     The stay order clarified that "[f]ailure to file *and serve* the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted."[9]

11.     Inexplicably, Plaintiff waited until October 7, 2009, nearly two months after the expedited depositions and one month after the conditional transfer order, to finally bring his motion for remand before the transferor court.[10]

12.     On October 9, 2009, one day after it was due, Plaintiff served on Lockheed Shipbuilding his motion and memorandum to vacate the conditional transfer order.[11]

---

[4] *See* Aug. 5, 2009, Videotaped Deposition of Roger B. Horne and Aug. 11, 2009, Videotaped Deposition of Peter D. Balch, attached as Exhibits A and B to Exhibit B of Plaintiff Jacob Fischer's Motion and Memorandum to Vacate Conditional Transfer Order ("Plaintiff's Motion to Vacate").

[5] *See* Conditional Transfer Order (CTO-326), attached as Exhibit 5 to André Decl.

[6] *See* Plaintiff's Sep. 23, 2009, notice of opposition, attached as Exhibit 6 to André Decl.

[7] *Id.* at p. 1.

[8] *See* Sep. 23, 2009, letter from Clerk of the Panel to Brian Ladenburg, attached as Exhibit 7 to André Decl.

[9] *See id.* at p. 1 (emphasis added).

[10] *See* Plaintiff's Motion for Partial Summary Judgment and Remand, attached as Exhibit A to Plaintiff's Motion to Vacate.

{APR746729.DOC;1\12060.000016\ }
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

### III.   ISSUE PRESENTED

Plaintiff was required to file and serve a motion to vacate, showing that the transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation, by October 8, 2009. Plaintiff served his motion to vacate on Lockheed Shipbuilding on October 9, 2009, and failed to make the required showing. Should the Panel deny the motion to vacate and immediately lift the stay?

### IV.   EVIDENCE RELIED UPON

Plaintiff Jacob Fischer has filed before this Panel a Motion and Memorandum to Vacate Conditional Transfer Order. For its response, Lockheed Shipbuilding relies on Plaintiff's motion and the exhibits attached thereto, the Declaration of Robert G. André in support hereof with attached exhibits, the records on file herein, and the law as set forth below.

### V.   AUTHORITY

Plaintiff has failed to justify his request to vacate the conditional transfer order. In fact, because his motion to vacate was not timely served, the Panel's September 23, 2009, order staying the conditional transfer, by its own terms, should automatically lift the stay. The Panel thus need not reach the merits of the motion. If it chooses to do so, however, it must deny the motion because Plaintiff has failed to show that transfer to MDL No. 875 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.

**A.   The stay should be lifted immediately because the motion to vacate was untimely.**

When a party opposes a conditional transfer order, it must file a motion to vacate "[w]ithin fifteen days of the filing of its notice of opposition." Panel Rule 7.4(d). "All papers filed with the Clerk of the Panel shall be accompanied by proof of *previous or simultaneous service on all other parties*...." Panel Rule 5.2(a) (emphasis added). "Failure to file *and serve* a

---

[11] See electronic mail message dated Oct. 9, 2009, from Diana Linde to Robert G. André, attached as Exhibit 8 to André Decl.

{APR746729.DOC;1\12060.000016\ }
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  motion and brief shall be treated as *withdrawal of the opposition* and the Clerk of the Panel shall

2  *forthwith* transmit the order to the clerk of the transferee district court."  Panel Rule 7.4(d)

3  (emphasis added).

4  Because Plaintiff filed his notice of opposition on September 23, 2009, his motion to

5  vacate was due no later than October 8, 2009.  *See id.*  The Panel expressed this deadline

6  explicitly in its order staying the conditional transfer.  This order plainly warned Plaintiff that

7  "[f]ailure to file *and serve* the required motion and brief within the allotted 15 days will be

8  considered a withdrawal of the opposition and *the stay of the conditional transfer order will be*

9  *lifted.*"[12]

10  And yet, Plaintiff failed to serve his motion to vacate on Lockheed Shipbuilding by the

11  due date.  Indeed, Plaintiff's counsel sent an electronic mail message to Lockheed Shipbuilding's

12  attorney at 3:24pm on October 9, 2009, attaching an electronic version of the motion and stating

13  that "[h]ard copies will be delivered via US Mail and *ABC Legal Messenger (this afternoon)*."[13]

14  Thus, under both Panel Rule 7.4(d) and the terms of its own order, the Panel must lift the stay

15  and immediately transfer the case to MDL No. 875.

16  **B.    Plaintiff has failed to justify his request to vacate.**

17  In addition to being procedurally defective, Plaintiff's motion fails on the merits as well.

18  To successfully oppose a conditional transfer order, Plaintiff must show that transfer "would not

19  serve the convenience of the parties and witnesses or promote the just and efficient conduct of

20  the litigation…."  *In re Richardson-Merrell, Inc. "Bendectin" Prods. Liability Litigation*, 606 F.

21  Supp. 715, 716 (J.P.M.L. 1985); *In re A.H. Robins Co. "Dalkon Shield" IUD Prods. Liability*

22  *Litigation*, 505 F. Supp. 221, 223 (J.P.M.L. 1981).  Plaintiff utterly fails to make this showing.

23

24

---

25  [12] André Decl., Ex. 7 (emphasis added).

26  [13] André Decl., Ex. 8 (emphasis added).

{APR746729.DOC;1\12060.000016\ }
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1        1.      Plaintiff's request fails to promote justice, convenience, or
                 efficiency.

2            Plaintiff's sole argument is that the Panel should assume the success of Plaintiff's motion

3   for remand and vacate the conditional transfer on that basis alone.     The implications of this

4   argument fly in the face of efficiency and convenience.

5            Initially, Plaintiff's argument that it would be more efficient to allow the transferor court

6   to decide the motion for remand is overshadowed by the fact that Plaintiff is, essentially, asking

7   this Panel to read his motion for remand (filed as an exhibit to the motion to vacate) and make its

8   own prima facie determination as to the merits of the remand motion.  Thus, Plaintiff is asking

9   two courts to rule on a motion that would be decided by just one if the matter were transferred to

10  MDL No. 875.

11           Plaintiff's ground is all the more shaky where he created the need for this request through

12  his own dilatory tactics.   As explained above, Plaintiff's requested expedited discovery was

13  completed on August 11, 2009 (notwithstanding the misstatement to the contrary in his notice of

14  opposition to the conditional transfer).  Had Plaintiff bothered to file his motion for remand by

15  the end of the month, it would have been noted for hearing in September and very likely would

16  already have been decided by now.  Instead, Plaintiff waited over three months from the time of

17  removal, filing his remand motion on October 7, 2009.  It is this unreasonable delay that has

18  driven Plaintiff to now burden the Panel with a half-hearted motion to vacate.

19           Finally, Plaintiff has suggested that if the Panel incorrectly accepts Plaintiff's proffered

20  assumption of success, and the remand motion is denied, "Lockheed could notify the Clerk of the

21  Panel that this remains a tag-along action, and seek issuance of another CTO at that time."[14]

22  Between the lines, what Plaintiff is saying is that Lockheed Shipbuilding and this Panel should

23  pay the price for Plaintiff's delays.  Because Plaintiff failed to file his remand motion in time,

24  Lockheed Shipbuilding should be forced to answer, and the Panel should be forced to decide, an

25

26  ----
    [14] Plaintiff's Motion to Vacate at 3:11-12.

{APR746729.DOC;1\12060.000016\ }
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  otherwise unnecessary (and untimely served) motion to vacate.  And then when plaintiff's

2  remand motion is denied, Lockheed Shipbuilding and the Panel can do more work in seeking and

3  issuing a second conditional transfer order.  What Plaintiff proposes is plainly unjust,

4  inconvenient, and inefficient.

              2.     A Pending Jurisdictional Motion is Not Grounds for Delaying Transfer

       As further justification for denying Plaintiff's procedurally barred and unsupported

motion, it is worth pointing out that this Panel and appellate courts reviewing this Panel's

decisions consistently affirm that tag-along cases appropriately are transferred to MDL

proceedings notwithstanding pending jurisdictional motions.  As the Second Circuit explained,

"the sole issue [before the Judicial Panel on Multidistrict Litigation] is the merits of the transfer

viewed against the purposes of the multidistrict statutory scheme, ***whether or not there is a***

***pending jurisdictional objection***."  *In Re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (emphasis added).

"The fact that there [are] pending jurisdictional objections [does] not deprive the MDL panel of

the ability to transfer the case."  *Grispino v. New England Mutual Life Insurance Co.*, 358 F.3d

16, 19 n.3 (1st Cir. 2004).

       Given this Panel's specific and limited focus, every published JPML decision addressing

the propriety of transfer to MDL 875 despite pending remand motions has, not surprisingly,

ordered the transfer of such lawsuits.  For example, in *In Re Asbestos Products Liability*

*Litigation (No. VI)*, 170 F.Supp.2d 1348 (J.P.M.L. 2001), this Panel summarily rejected

plaintiffs' argument that a lawsuit otherwise suitable for MDL 875 should remain in the

transferor district due to a pending motion to remand.  *Id.* at 1349.  The Panel reasoned that

"distinctions [between asbestos personal injury lawsuits] based on such matters as the pendency

of motions or other matters before the transferor court . . . were considered and rejected by us as

grounds for carving out exceptions to transfer in this extraordinary docket."  *Id.*  Indeed, in

{APR746729.DOC; 1\12060.000016\ }
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    specific response to plaintiffs' argument that pending remand motions should preclude transfer,

2    this Panel explained:

3            Certain plaintiffs argue that transfer of their actions should be
4            denied or deferred in order permit the resolution of motions to
         remand the actions to state court. ***There is no need to delay***
5         ***transfer in order to accommodate such an interest*** . . . . [T]hose
         courts wishing to address such motions have adequate time in
6         which to do so, while those courts concluding that such issues
         should be addressed by the transferee judge need not rule on them,
7         and the process of Section 1407 transfer in MDL No. 875 can
         continue without any unnecessary interruption or delay.
8

9    *Id.* at 1349 n.1 (*see also In re Asbestos Products Liability Litigation (No. VI)*, 1996 WL 143826,

10   p. 2 n.2 (J.P.M.L. 1996) (emphasis added).   Just last year, this Panel, using language ***identical*** to

11   its 2001 and 1996 decisions, issued yet another published decision affirming that motions to

12   remand cannot delay transfer to MDL proceedings.   *See In re Asbestos Products Liability*

13   *Litigation (No. VI)*, 560 F.Supp.2d 1367, 1368 n.2 (J.P.M.L. 2008).

14           Here, Plaintiff's motion is based on the same tired argument repeatedly rejected by this

15   Panel; i.e., that transfer should be "denied or deferred" to permit resolution of his motion to

16   remand.  Given this Panel's precedent that there is no "motion to remand exception" to MDL

17   875 transfers, and the undisputed fact that Plaintiff's asbestos lawsuit involves "common

18   questions of fact . . . with actions previously transferred to the Eastern District of Pennsylvania,"

19   Plaintiff's motion must be denied. *See In re Asbestos Products Liability Litigation (No. VI)*, 560

20   F.Supp.2d 1367, 1368 (citing *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp.

21   415 (J.P.M.L. 1991)).

22           3.      Plaintiff's proffered authority is inapposite.

23           Plaintiff has failed to offer any legal support to overcome any of the procedural or merit

24   based hurdles discussed above.  Indeed, Plaintiff relies on three cases that bear virtually no

25   resemblance to the matter at hand.  *See* Plaintiff's Motion to Vacate at p. 3 (citing *Viala v.*

26   *Owens-Corning Fiberglas Corp.*, 1994 WL 139287 (N.D. Cal.) (unpublished); *In re Resource*

{APR746729.DOC;1\12060.000016\ }
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  *Exploration, Inc., Securities Litigation*, 483 F. Supp. 817, 822 (J.P.M.L. 1980); *In re L.E. Lay &*

2  *Co. Antitrust Litigation*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975)).

3        Plaintiff's motion depends almost entirely on an out-of-context opinion expressed in

4  *Viala* as to the role of an MDL judge in the federal judiciary.  Whatever weight the Panel

5  chooses to give to a fifteen-year-old, unpublished decision from the Northern District of

6  California, the circumstances of *Viala* were far different from those here and render the opinion

7  useless in this context.  *Viala* was a motion for remand before the transferor court, not a motion

8  to vacate before this Panel.  The issue was whether the transferor court should decline to decide

9  the motion for remand.  The transferor judge stated that he had discretion to either decide the

10  motion or defer to the transferee court and that he was electing to decide it.  *See Viala, supra* at

11  \*1-2.  Nothing in the opinion states that the Panel should vacate a conditional transfer just

12  because the plaintiff has moved to remand.

13        Plaintiff's reliance on *Resource Exploration* and *L.E. Lay* is likewise misplaced.  Both

14  cases are very different procedurally from the present one, primarily because they involved very

15  different questions raised at the initial formation of multidistrict litigations.

16        *Resource Exploration*, for example, addressed nine separate actions in four different

17  districts.  483 F. Supp. at 818.  The Panel wrestled with several different motions and alternative

18  requests regarding whether to form an MDL, which claims should be included, and which of the

19  four districts should be the consolidated venue.  *See id.* at 820.  Although the Panel decided to

20  form an MDL, it elected to defer transfer of the one claim from Pennsylvania because there was

21  a summary judgment motion pending and "fully submitted" to the transferor judge.  *Id.* at 822.

22        In addition to the very different procedural posture, the present case is distinguishable as

23  well because Plaintiff's motion for remand is not "fully submitted" to the transferor court.

24  Plaintiff has filed the motion to be sure, but no defendant has responded, plaintiff has not replied,

25  and there has been no hearing.  In fact, when plaintiff filed his opposition to the Panel's

26

{APR746729.DOC;1\12060.000016\ }
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 9

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   conditional transfer order, no remand motion had yet been filed.  So the "principles of comity"

2   mentioned in *Resource Exploration* actually favor transfer.

3   *L.E. Lay* is even further afield.  It addressed two cases, one in the Eastern District of

4   Arkansas and one in the Eastern District of Texas, which the Panel had already decided should

5   be consolidated into an MDL.  *See L.E. Lay*, 391 F. Supp. at 1056.  The sole question was

6   whether to consolidate the claims in Arkansas or Texas.  *Id.*  In choosing Texas, the Panel noted

7   that there was already a motion for preliminary injunction pending in the Texas action and

8   mentioned this as one of several factors that favored Texas.  *Id.*  Nothing in *L.E. Lay* supports the

9   notion that the mere fact of a pending motion should dictate the Panel's decision on a motion to

10  vacate.

11          It is telling that Plaintiff has not been able to identify a single case, in the eighteen years

12  since the Panel established the MDL for asbestos claims, in which the Panel vacated a

13  conditional transfer order on the ground that the Plaintiff had filed a motion for remand.  This is

14  hardly surprising given the inherent inefficiencies in Plaintiff's posited procedure of issuing a

15  conditional transfer order, then vacating it, waiting for a decision on the remand motion, and then

16  issuing a new conditional transfer order.  Because Plaintiff has failed to show that the proposed

17  transfer would offend notions of justice, convenience, or efficiency, his motion must be denied.

18                              **VI.    CONCLUSION**

19          Plaintiff's motion to vacate was not timely served and, on this basis alone, must be

20  denied.  Indeed, the late service is grounds for immediately lifting the stay on the conditional

21  transfer.   Further, Plaintiff has failed to articulate any legitimate ground for vacating the

22  conditional transfer.  Thus, Lockheed Shipbuilding respectfully asks the Panel to deny Plaintiff's

23  motion and transfer the matter forthwith to MDL No. 875.

24          //

25          //

26          //

{APR746729.DOC;1\12060.000016\.}
LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO VACATE - 10

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    DATED this 26th day of October, 2009.

2                                      OGDEN MURPHY WALLACE, P.L.L.C.

3

4                            By

5                                      Robert G. Andre, WSBA #13072
                                       Aaron P. Riensche, WSBA #37202
6                                      1601 Fifth Avenue, Suite 2100
                                       Seattle, Washington 98101-1686
7                                      Tel: 206.447.7000/Fax: 206.447.0215

8                                      Attorneys for Defendant Lockheed Shipbuilding
                                       Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

{APR746729.DOC;1\12060.000016\ }

LOCKHEED SHIPBUILDING COMPANY'S RESPONSE TO              OGDEN MURPHY WALLACE, P.L.L.C.
PLAINTIFF'S MOTION TO VACATE - 11                                  1601 Fifth Avenue, Suite 2100
                                                                   Seattle, Washington 98101-1686
                                                                   Tel: 206.447.7000/Fax: 206.447.0215

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 7 2009

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) |
| This document relates to: | ) ) ) |
| *Jacob Fischer v. Saberhagen Holdings, Inc., et al*, United States District Court, Western District of Washington, No. C09-5385 | ) ) ) ) |
| Conditional Transfer Order No. 326 | ) ) ) |

MDL No. 875

DECLARATION OF ROBERT G. ANDRÉ IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

I, ROBERT G. ANDRÉ, declare under penalty of perjury under the laws of the state of Washington as follows:

1.     I am over the age of (18) eighteen and am competent to testify to the matters herein based on my personal knowledge.

2.     I am one of the attorneys representing defendant Lockheed Shipbuilding Company in the above-referenced case and I make this declaration in that capacity.

3.     Attached hereto and incorporated by reference are true and correct copies of the following documents:

       Exhibit 1    Excerpts from Plaintiffs' Responses to Style Interrogatories.

       Exhibit 2    Supplemental Experience and Qualifications Statement for Jacob Fischer, produced by Plaintiff in this litigation.

{APR746041.DOC;1\12060.000016\ }
DECLARATION OF ROBERT G. ANDRÉ IN OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

ORIGINAL

Exhibit 3    Notice of Removal of Action, filed in United States District Court for the Western District of Washington, June 26, 2009.

Exhibit 4    Plaintiff's Motion to Seek Leave of Court to Conduct Limited Depositions Prior to Holding a FRCP 26(f) Conference, filed in the United States District Court for the Western District of Washington, July 2, 2009.

Exhibit 5    Conditional Transfer Order 326, filed September 8, 2009.

Exhibit 6    Plaintiff's notice of opposition, dated September 23, 2009.

Exhibit 7    Order staying conditional transfer, filed September 23, 2009.

Exhibit 8    Electronic mail message from plaintiff's counsel's office to me, dated October 9, 2009.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

_10/26/09 Seattle, WA_        _[signature]_
_____      _____
Date and Place              Robert G. André

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 7 2009

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

On October 26, 2009, I caused to be served true and correct copies of Defendant Lockheed Shipbuilding Company's Response to Plaintiff Jacob Fischer's Motion and Memorandum to Vacate Conditional Transfer Order; and Declaration of Robert G. Andre in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order (w/Exhibits 1-8) on the following:

Attached hereto as exhibit A is a true and correct copy of a letter dated September 23, 2009 from Jakeia Mells to Brian F. Ladenburg regarding proper filing requirements.  This attachment documents service above mentioned documents on Brian Ladenburg and David S. Frockt via ABC Legal Services, and on all other parties via United States Priority Mail.

DATED this 26th day of October 2009, at Seattle, Washington.

s/Robert G. André

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 7 2009

FILED
CLERK'S OFFICE

# EXHIBIT A

RECEIVED

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

SEP 2 8 2009

OGDEN MURPHY WALLACE, PLLC

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

September 23, 2009

Brian F. Ladenburg, Esq.
BERGMAN DRAPER & FROCKT PLLC
614 First Avenue
4th Floor
Seattle, WA 98104

Re: MDL No. 875 -- IN RE: Asbestos Products Liability Litigation (No. VI)

Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al., W.D. Washington, C.A. No. 3:09-5385
(Judge Robert J. Bryan)

Motion and Brief Due on or before: **October 8, 2009**

Dear Mr. Ladenburg:

We have received and filed your Notice of Opposition to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings. In accordance with Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel. You must adhere to the following filing requirements:

1) **Your Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed above.** An **ORIGINAL and FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in Adobe Acrobat (PDF) format, are currently required for filing. **Fax transmission of your motion and brief will not be accepted.** *See* Panel Rule 5.12(d). **Counsel filing oppositions in more than one action are encouraged to consider filing a single motion and brief with an attached schedule of actions.**

2) **Papers must be served on the enclosed Involved Counsel List. Please attach a copy of this list to your certificate of service.** (Counsel who have subsequently made appearances in your action should be added to your certificate of service).

3) **Rule 5.3 corporate disclosure statements are due within 11 days of the filing of the motion to vacate.**

4) **Failure to file and serve the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted.**

- 2 -

Any recent official change in the status of a referenced matter should be brought to the attention of the clerk's office as soon as possible by facsimile at (202) 502-2888.  Your cooperation would be appreciated.


Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Jakeia Mells*
Jakeia Mells
Deputy Clerk

Enclosure

cc:      Involved Counsel List
         Transferee Judge:  Judge Eduardo C. Robreno
         Transferor Judge:  Judge Robert J. Bryan

JPML Form 37

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                                              MDL No. 875

### INVOLVED COUNSEL LIST (Excerpted from CTO-326)

Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al., W.D. Washington, C.A. No. 3:09-5385
(Judge Robert J. Bryan)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Walter E. Barton
KARR TUTTLE & CAMPBELL
1201 3rd Avenue
Suite 2900
Seattle, WA 98101-3028

Kevin C. Baumgardner
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE
1001 4th Avenue
Suite 3900
Seattle, WA 98154-1051

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

David S. Frockt
LAW OFFICES OF MATTHEW BERGMAN
17530 Vashon Highway SW
P.O. Box 2010
Vashon, WA 98070

Richard G. Gawlowski
WILSON SMITH COCHRAN & DICKERSON
1215 4th Avenue
Suite 1700
Seattle, WA 98161-1007

Elizabeth Anne K. Hiller
KNOTT & GLAZIER
601 S. Figueroa Street
Suite 4200
Los Angeles, CA 90017

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-326) (Continued)**

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Brian F. Ladenburg
BERGMAN & FROCKT
614 First Avenue
4th Floor
Seattle, WA 98104

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Kenneth E. Petty
WILLIAMS KASTNER PLLC
601 Union Street
Suite 4100
P.O. Box 21926
Seattle, WA 98111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Aaron P. Riensche
OGDEN MURPHY & WALLACE
1601 5th Avenue
Suite 2100
Seattle, WA 98101

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Timothy Kost Thorson
CARNEY BADLEY SPELLMAN
701 Fifth Avenue
Suite 3600
Seattle, WA 98104-7010

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-326) (Continued)**

Sarah E. Tilstra
CORR CRONIN MICHELSON BAUMGARDNER & PREECE
1001 4th Avenue
Ste. 3900
Seattle, WA 98154-1051

Mark B. Tuvim
GORDON & REES
701 Fifth Ave.
2130
Seattle, WA 98104

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Brian Weinstein
SCHROETER GOLDMARK & BENDER
Central Building
810 Third Avenue
Suite 500
Seattle, WA 98104

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2009

FILED
CLERK'S OFFICE

# EXHIBIT 1

Received
RGA
MAY 2 9 2009
2:20      CM
OGDEN MURPHY WALLACE, PLLC

THE HONORABLE LINDA CJ LEE

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

JACOB EDWARD FISCHER,

        Plaintiff,

        v.

SABERHAGEN HOLDINGS, INC., ET AL.,

        Defendants.

No. 09-2-04547-5

PLAINTIFFS' RESPONSES TO STYLE INTERROGATORIES

<u>INTERROGATORIES</u>

<u>BACKGROUND:</u>

1.    Please provide the following for you <u>and</u> your spouse, if applicable:
    (a)    Full name, including other names by which you have been known, including nicknames, maiden names, and aliases;
    (b)    Date and place of birth, Social Security number, and all addresses at which you have lived during the past 20 years including your current address;
    (c)    Dependents (including names, ages and relationship to you); and
    (d)    Your current height and weight.

<u>ANSWER:</u>

    (a)    Jacob Edward Fischer

    (b)    Date of Birth:    █████ 914
             Place of Birth:    Bremerton, WA
             SSN:    ███████
             Address:    1917 Barnett St, Bremerton, WA 98310

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

the propulsion, power generating, and sub-systems necessary to the operation of other ships systems, including, but not limited to, lubricating systems, heating and cooling systems, and water delivery systems and may offer testimony on these subjects.  Mr. Cooper may testify concerning the operation of boilers, pumps, compressors, turbines, distillers, and many other pieces of equipment used in the operation of a ship.  Mr. Cooper may testify about the repair, maintenance, and overhaul of these various pieces of equipment and the work practices associated with those activities.  Mr. Cooper has knowledge concerning the piping on a ship, various types of valves and connections used in piping, and the repair, maintenance, and overhaul of the valves or connections and may offer testimony in these areas.  Mr. Cooper may testify about the use of insulating materials on board ship, work practices regarding the use of insulation products, and the types of insulation products specified and required on different types of vessels. He is familiar with and may testify concerning the types and quantities of materials used in vessel construction and repair including insulation materials.  Mr. Cooper may also testify regarding documents and materials admitted into evidence, including documents offered by other parties and testimony of the plaintiff, co-workers, or experts and fact witnesses designated by other parties.

Plaintiffs reserve the right to designate additional experts as discovery progresses.

SMOKING HISTORY:

9.     If you have smoked or used tobacco products during your lifetime, please describe your smoking history in detail (e.g., give specific information about the time period you smoked, amount smoked, whether or not you inhaled, type of tobacco product, brand names, etc.)

ANSWER:

Mr. Fischer is a life-long non-smoker.

EMPLOYMENT:

10.    For each employer for whom you have ever worked (including self-employment and part time employment) please identify:
       (a)    In chronological order, the beginning and ending dates of each period of employment;
       (b)    The place of each such employment;
       (c)    The nature of the business for each such employment; and
       (d)    Your particular title or job description or function for each such employment.

ANSWER: 

       (a)    1931-1932
       (b)    Self Employed

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    (c)    Car Mechanic
    (d)    Mechanic

2

    (a)    1932-1933
3    (b)    Foss Electric Co.
    (c)    Electric Company
4    (d)    Laborer

5    (a)    1933-1935
    (b)    Bremerton Electric Co.
6    (c)    Electric Company
    (d)    Laborer

7

    (a)    1936-1939
8    (b)    Boeing Aircraft Co.
    (c)    Aircraft Manufacturer
9    (d)    Metalfitter

10    (a)    1937-1939
    (b)    Self Employed, Bremerton, WA
11    (c)    Auto Body repair
    (d)    Mechanic

12

    (a)    1939-1946
13    (b)    Puget Sound Naval Shipyard
    (c)    Shipyard
14    (d)    Shipfitter

15    (a)    1946-1949
    (b)    US Naval Base, Bangor, WA
16    (c)    Naval Base
    (d)    Auto Mechanic

17

    (a)    1949-1951
18    (b)    Puget Sound Naval Shipyard
    (c)    Shipyard
19    (d)    Shipfitter

20    (a)    1951-1954
    (b)    Puget Sound Naval Shipyard
21    (c)    Shipyard
    (d)    Loftsman

22

    (a)    1955-1961
23    (b)    Puget Sound Naval Shipyard

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1     (c)     Shipyard
          (d)     Analyst, Estimator, Production Scheduler

2

3     (a)     1961-1963
          (b)     US Navy, 13th District
          (c)     US Navy

4     (d)     Hull Inspector

5     (a)     1961-1971
          (b)     Lockheed Shipbuilding

6     (c)     Shipbuilding
          (d)     Hull Inspector, Price Analyst

7

8     (a)     1961-1971
          (e)     Todd Shipyard
          (f)     Shipbuilding

9     (g)     Hull Inspector, Price Analyst

10    (a)     1963-1971
          (b)     US Navy, 13th District

11    (c)     US Navy
          (d)     Price Analyst

12

13    (a)     1972-1979
          (b)     Pacific Electric Co., Bremerton, WA
          (c)     Electric Company

14    (d)     Electrician

15    (a)     1972-1979
          (b)     Harlequin Apartments, Bremerton, WA

16    (c)     Unknown at this time
          (d)     Unknown at this time

17

18    (a)     1972
          (b)     Brem-Air Disposal Inc., Bremerton, WA
          (c)     Disposal Company

19    (d)     Laborer

20    Pursuant to CR 33(c), plaintiff's Social Security records will be furnished to defendants upon receipt.  Investigation and discovery are continuing.

21    ///

22    ///

23

ASBESTOS EXPOSURE/JOB SITES:

11.   Identify each job site or ship (referencing its specific location and the dates of your employment) at which you claim exposure to asbestos-containing products and your occupation or trade at each job site.

ANSWER:

Please see answer to Interrogatory No. 12.

12.   State separately for each job site or ship enumerated in your response to Interrogatory No. 11, the following:

   (a)   The name and address of your employer;
   (b)   The names of each contractor that brought, installed, or used the asbestos or asbestos-containing product on the job site, the date, and the contractor that is related to your exposure;
   (c)   The nature of your exposure to asbestos containing products (include job title, duties performed, and details as to whether exposure occurred during rip-out, repair, new construction, etc.);
   (d)   The names of the manufacturers, sellers, distributors and/or the brand names of the asbestos-containing products to which you were exposed and the dates you claim exposure to each product;
   (e)   The names and addresses of co-workers and supervisors/foremen;
   (f)   The name, address and telephone number of every witness who can identify asbestos-containing product(s) at the site.  For each such witness, also please identify which specific products they will identify at each specific jobsite.  (If you are relying on a deposition of the witness, please identify it.);
   (g)   Whether during the course of that employment you were advised, warned or made aware in any manner that exposure to or inhalation of, asbestos dust and fibers could have an adverse affect on your health.  If so, for each such advice, warning or awareness, state who advised you, where you were advised, when you were advised, how you were advised, and the nature of the advice, warning or awareness that you were given;
   (h)   Whether respiratory safety equipment (e.g., masks, respirators, suckers, blowers, etc.) was either required, made available to you, or recommended by your employer, supervisor or anyone else at the job site;
   (i)   Whether your employer provided showers or separate lockers for work and personal clothing; and
   (j)   Whether company sponsored physical examinations were required or made available to you by each employer, and if so, the nature and frequency of such examinations.  If known, state the names and addresses of the examining doctor or facility.

///

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1  ANSWER:

2      Please see Appendix A.

3

4  13.  If you contend you were exposed to asbestos or asbestos products under circumstances
        outside of your employment, please state the following:
        (a)   The physical location, place and circumstances of this exposure;
5       (b)   The trade name, manufacturer, product type, and product contents to which you
              believe you were exposed;
6       (c)   The dates you contend you came into contact with each such product; and
        (d)   The names and addresses of all persons who have knowledge or witnessed this
7             exposure.

8  ANSWER:

9      All asbestos exposure information, both through plaintiff's employment and otherwise, is
       detailed on Appendix A.
10

11 UNION MEMBERSHIP:

12 14.  If you are currently or ever have been a member of any professional association, labor
        union or other trade, labor or employment organization, please state the following:
13      (a)   The name and address of such union or labor organization, including local
              designation and dates of membership;
14      (b)   The type of work that you are or were authorized to perform by virtue of this
              membership;
15      (c)   Whether you received any newspapers, newsletters or other publications from this
              union or labor organization and if so, the title(s) of the publications, and the time
16            period, including dates during which you received such publications;
        (d)   Whether or not you were ever informed during meetings or through publications
17            offered by the union of possible hazards associated with your job, and specifically
              those hazards associated with exposure to asbestos dust; and
18      (e)   Whether or not there were any medical screening programs offered or encouraged
              by your union, and whether you took part in any such program.  If you took part,
19            list the names of the facilities where the examinations took place and the names of
              the participating physicians, if known.
20

   ANSWER:
21
       Mr. Fischer was not a member of any union.
22

23 RETIREMENT:

1    <u>ANSWER:</u>

2
        Please see Appendix A.
3

4

5        ANSWERS to the FOREGOING INTERROGATORIES were submitted this ___28___
     day of May, 2009.
6
                        BERGMAN DRAPER & FROCKT, PLLC
7

8

9                        Brian F. Ladenburg, WSBA #29531
                        Counsel for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1 | STATE OF WASHINGTON      )
                                  ) ss.

2 | COUNTY OF KITSAP         )

3 |       I, JACOB E. FISCHER, declare under penalty of perjury that I am the above named plaintiff, that I have read the foregoing answers to interrogatories, know the contents thereof, and

4 | believe the same to be true.

5 |

6 |                                 JACOB E. FISCHER

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

Appendix A
**JACOB EDWARD FISCHER**
Asbestos Exposure History

| Job Site & Employer | Exposure Dates | Nature of Exposure | Manufacturers Contractors Suppliers | Coworkers/ Product I.D. Witnesses |
|---|---|---|---|---|
| Puget Sound Naval Shipyard, Bremerton, WA | 1939 - 1961 | Shipfitter<br>Ship Fitter Helper<br>Ship Fitter Analyst<br>Loftsman<br>Planning Estimator—<br><br>Mr. Fischer worked as a ship fitter helper. This was general labor work assisting ship fitter's side by side installing bulkheads, decks, foundations, bulwark and ventilation aboard ships.<br><br>The work also involved welding and fabrication and installation of equipment aboard ships.<br><br>In the course of this work, Mr. Fischer worked with and around others who were using asbestos containing thermal insulation, including machinists, insulators, pipefitters, riggers and others. Mr. Fischer's work was generally performed aboard ship during this interval.<br><br>Mr. Fischer recalls working | Babcock & Wilcox<br>Buffalo Pumps<br>Combustion Engineering<br>Eagle Picher<br>Flexitallic<br>Garlock<br>General Electric<br>Harbison Walker<br>Lightweight Castable #10<br>Ingersoll Rand<br>Goulds Pumps<br>Insulag<br>Kaylo (OCF)<br>Keasby & Mattison<br>Kaylo (Owens Illinois)<br>Mundet<br>Narcolite<br>National Gypsum Crown Coat<br>Phillip Carey<br>Plant<br>Pabco<br>Westinghouse<br>Worthington<br>Yarway | Jacob Fischer |

| Job Site & Employer | Exposure Dates | Nature of Exposure | Manufacturers Contractors Suppliers | Coworkers/ Product I.D. Witnesses |
|---|---|---|---|---|
| | | aboard the following vessels at PSNS during this time:<br><br>USS BON HOMME RICHARD CV-31<br>USS HANCOCK CV-19<br>USS SHANGRI-LA CV-38<br>USS NEW JERSEY CV-62<br>USS PRINCETON CV-37<br>USS ESSEX<br>USS PITTBURG CA-72<br>USS KEARSARG CV-33<br>USS BATAAN CVL-29<br>USS GEORGE DE-697<br>USS MISSOURI<br>USS IOWA BB-61<br>USS CALIFORNIA BB-44<br>USS WEST VIRGINIA BB-48<br>USS ENTERPRISE CV-6<br>USS LEXINGTON CV-16<br>USS REYNOLDS DE-42<br>USS MARYLAND BB-42<br>USS COLORADO BB-45<br>USS MISSISSIPPI BB-41<br>USS SARATOGA CV-3<br>USS YORKTOWN CV-10<br>USS IDAHO BB-42<br>USS INDIANA BB-56<br>USS ALABAMA BB-60<br>USS TICONDEROGA CV-24<br>USS NEW JERSEY BB-62 | | |
| Fischer Family Home at 1917 Barnett Street, Bremerton, WA | 1959 - 1961 | Plasterer and Laying Flooring, resulting in exposure to asbestos containing plaster dusts, joint compounds, and | Armstrong<br>Goldbond<br>Kaiser Gypsum<br>Pabco | Edward Fischer<br>Irene Aylward |

| Job Site & Employer | Exposure Dates | Nature of Exposure | Manufacturers Contractors Suppliers | Coworkers/ Product I.D. Witnesses |
|---|---|---|---|---|
| | | floor tile. | | |
| Supervisor of Shipbuilding and Repair, United States Navy 13th District (fka: Industrial Management)<br><br>PSNS, Todd Shipyard Seattle and Lockheed Shipyard Seattle | 1961 - 1971 | Hull Inspector and Price Analyst for USN 13th District (later renamed "Sup Ship" for Supervisor of Shipbuilding, Conversion and Repair)<br><br>Mr. Fischer worked for the Burea of Ships for the United States Navy. His job required him to monitor shipbuilding and repair at Todd and Lockheed civilian shipyards from 1961-1971. He was regularly aboard the ships during this decade to inspect progress and to monitor shipbuilding and repair, which placed him in proximity to asbestos released from thermal insulation, gaskets, packing, blankets and other materials manufactured or shipped by defendants.<br><br>Mr. Fischer recalls working aboard the following ships at Todd and Lockheed:<br><br>USS TURNER JOY DD-951<br>USS GOLDSBOROUGH DDG-20<br>USS PRESIDENT ROOSEVELT<br>USS RAMSEY FFG-2 | Babcock & Wilcox<br>Buffalo Pumps<br>Combustion Engineering<br>Eagle Picher<br>Flexitallic<br>Garlock<br>General Electric<br>Goulds Pumps<br>Harbison Walker<br>Lightweight Castable #10<br>Ingersoll Rand<br>Insulag<br>Kaylo (OCF)<br>Keasby & Mattison<br>Kaylo (Owens Illinois)<br>Mundet<br>Narcolite<br>National Gypsum Crown Coat<br>Phillip Carey Plant<br>Pabco<br>Westinghouse<br>Worthington<br>Yarway | |

| Job Site & Employer | Exposure Dates | Nature of Exposure | Manufacturers Contractors Suppliers | Coworkers/ Product I.D. Witnesses |
|---|---|---|---|---|
| | | USS PLAINVIEW AG-1 USS DENVER LPD-9 | | |
| Edward Fischer's Home at 1719 Northeast Franklin Avenue, Bremerton, WA. | 1970 | Plasterer, Laying Tile Flooring, Installing Wall Board, and Applying Ceiling Texture as part of a home remodeling project. | Congoleum GAF Georgia Pacific Synkoloid United States Gypsum Zonolite | Irene Aylward Edward Fischer |
| Edward Fischer's Garage at 5460 State Route 303, Bremerton, WA. | 1972 | Plasterer and Floor Tile exposure as part of a home remodeling project. | Beadex Flintkote | Irene Aylward Edward Fischer |

THE HONORABLE LINDA CJ LEE

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

JACOB EDWARD FISCHER,

            Plaintiff,

       v.

SABERHAGEN HOLDINGS, INC., ET AL.,

            Defendants.

NO.  09-2-04547-5

DECLARATION OF SERVICE

I, Travis Mahugh, declare and state as follows:

    1.    I am and at all times herein was a citizen of the United States, a resident of King County, Washington, and am over the age of 18 years.

    2.    On May 28, 2009, I caused to be served true and correct copies, of:

        (1)    Plaintiff's Responses to Style Interrogatories with attached Appendix A; and

        (2)    Declaration of Service, on the following:

**I. Via ABC Legal Messenger – Next Day:**

**Counsel for Asbestos Corp. Ltd. and Ingersoll-Rand**
Mark Tuvim
Sarah Tilstra
CORR CRONIN MICHELSON BAUMGARDNER & PREECE, LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154

DECLARATION OF SERVICE- 1
s:\clients\f\fischer. jacob\fischerj_pleadings_fischerj_pld_tam_dos.doc

1  **Counsel for Lockheed Shipbuilding**
      Robert G Andre
2      OGDEN MURPHY WALLACE, PLLC
      1601 Fifth Avenue, Suite 2100
3      Seattle, WA 98101
   **Counsel for Metropolitan Life Insurance Company**
4      Richard G Gawlowski
      WILSON SMITH COCHRAN DICKERSON
5      1215 Fourth Avenue, Suite 1700
      Seattle, WA 98161
6  **Counsel for Saberhagen Holdings, Inc.**
      Timothy K Thorson
7      CARNEY BADLEY SPELLMAN, PS
      701 Fifth Avenue, Suite 3600
8      Seattle, WA 98104
   **Counsel for Todd Pacific Shipyard and Todd Shipyard**
9      Walter E Barton
      KARR TUTTLE CAMPBELL
10      1201 Third Avenue, Suite 2900
      Seattle, WA 98101

11

12  I declare under penalty of perjury pursuant to the laws of the State of Washington that the
   foregoing is true and correct.

13
      Dated at Seattle, Washington this 28th day of February, 2009.
14
      BERGMAN DRAPER & FROCKT, PLLC
15

16
      Travis Mahugh
17

18

19

20

21

22

23

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

# EXHIBIT 2

STANDARD FORM 58
REVISED MARCH 1961
U.S. CIVIL SERVICE COMMISSION

**SUPPLEMENTAL
EXPERIENCE AND QUALIFICATIONS STATEMENT**

58-104

| | |
|---|---|
| 1. NAME *(First, middle, maiden, if any, last)*<br>JACOB   EDWARD   FISCHER<br><br>2. ADDRESS *(Number, Street, City, Zone, State)*<br>1917 Bernett St., Bremerton, Wash<br><br>3. BIRTH DATE *(Month, day, year)*      4. DATE OF THIS STATEMENT<br>6/27/14                     2/21/64<br><br>5. POSITION APPLIED FOR<br>SHIP SURVEYOR | IMPORTANT.—READ THESE INSTRUCTIONS<br>CAREFULLY BEFORE FILLING OUT<br>THIS FORM<br><br>Typewriter preferred—otherwise, write legibly or print clearly in dark ink.<br><br>Sign the form in ink in the space provided on the reverse. |

THIS FORM HAS THREE PURPOSES:
(1) TO BRING UP TO DATE OR TO SUPPLEMENT AGENCY RECORDS OF YOUR EXPERIENCE AND QUALIFICATIONS:
(2) TO SUPPLEMENT YOUR AGENCY'S REQUEST THAT THE CIVIL SERVICE COMMISSION APPROVE A PROPOSED ACTION
   AFFECTING YOU; AND
(3) TO BRING UP TO DATE THE INFORMATION YOU PREVIOUSLY FILED WITH THE CIVIL SERVICE COMMISSION.
IF YOU ARE FILLING OUT THIS FORM FOR PURPOSE NUMBER (1): List only the experience, education, and examinations taken (items 6, 7, and 8) which the personnel office of your agency does not have on file.
IF YOU ARE FILLING OUT THIS FORM FOR PURPOSE NUMBER (2): Complete all items, but in item 6 you need list only experience (including military) which is pertinent to the position for which you are being proposed.
IF YOU ARE FILLING OUT THIS FORM FOR PURPOSE NUMBER (3): List only the additional experience, education, and examinations taken (items 6, 7, and 8) since you previously filed your application with the Civil Service Commission.
IN COMPLETING ITEM 6, EXPERIENCE, INCLUDE IN THE DESCRIPTION OF YOUR WORK: (a) the number and kind of employees you supervised, if supervision was one of your substantial or important duties, and (b) the average number of hours per week you worked if the employment was part time.

**6. EXPERIENCE** *(Start with your PRESENT position and work back)*

| DATES OF EMPLOYMENT *(month, year)* | EXACT TITLE OF YOUR POSITION | | |
|---|---|---|---|
| FROM 8/4/63                          TO PRESENT TIME | Hull Inspector | | |
| SALARY OR EARNINGS        CLASSIFICATION GRADE<br>STARTING $ 3.58 PER hr      *(if in Federal Service)*<br>FINAL $ 3.83 PER hr             3rd | PLACE OF EMPLOYMENT<br>CITY Seattle,<br>STATE Washington | KIND OF BUSINESS OR ORGANIZATION *(manufacturing, accounting, insurance, etc.)*<br>Ship Building | |
| NAME AND ADDRESS OF EMPLOYER *(firm, organisation, etc.)*<br>A.I.M. SEATTLE  Puget Sound<br>Res. Sup. Ships, Bridge & Dry Dock | NAME AND TITLE OF IMMEDIATE SUPERVISOR<br>Frank Johnson | Associate<br>Supervisor | |

DESCRIPTION OF WORK As a Hull Inspector I inspect ships to determine compliance with plans and specifications, quality of workmanship and general fitness for operation. I daily work with Specs books and standard government plans to see that contract is followed : review X-rays and other standard tests to determine that welds and material are satisfactory; determine and or estimate repair work and alterations to be made. I also witness and conduct mechanical tests as required to determine performance of ships operational gear; and make final compartment checkout of equipment.

| DATES OF EMPLOYMENT *(month, year)* | EXACT TITLE OF YOUR POSITION | |
|---|---|---|
| FROM                     TO | | |
| SALARY OR EARNINGS        CLASSIFICATION GRADE<br>STARTING $ PER      *(if in Federal Service)*<br>FINAL $ PER | PLACE OF EMPLOYMENT<br>CITY<br>STATE | KIND OF BUSINESS OR ORGANIZATION *(manufacturing, insurance, etc.)* |
| NAME AND ADDRESS OF EMPLOYER *(firm, organisation, etc.)* | NAME AND TITLE OF IMMEDIATE SUPERVISOR | |

REASON FOR LEAVING

DESCRIPTION OF WORK

# EXHIBIT 3

RECEIVED

JUN 2 6 2009

BERGMAN DRAPER & FROCKT

_____ FILED          ENTERED
_____ LODGED         RECEIVED

☆   JUN 2 6 2009   ☆

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DS.

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

9

10  JACOB EDWARD FISCHER,

11              Plaintiff,

12      v.

13  SABERHAGEN HOLDINGS, INC., et al.,

14              Defendants.

NO.   **C09-5385**

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1442(a)(1)
[Federal Officer Removal]

Pierce County Superior Court
Cause No. 09-2-04547-5

15
16      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON:

17      PLEASE TAKE NOTICE that defendant Lockheed Shipbuilding Company

18  ("Lockheed"), by and through its undersigned counsel of record, removes the above-entitled

19  action from the Superior Court of the State of Washington, in and for the County of Pierce, to

20  this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

21      This action is a civil action over which this Court has subject matter jurisdiction under 28

22  U.S.C. § 1331, as the action arises under the Constitution, laws, or treaties of the United States

23  within the meaning of 28 U.S.C. § 1331 by virtue of plaintiff's attempt to adjudicate claims with

24  respect to persons acting under an officer of the United States pursuant to 28 U.S.C.

25  § 1442(a)(1).

26      The grounds for removal are as follows:

{APR730589.DOC;1\12060.000016}
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215


COPY

1          1.       On January 9, 2009, plaintiff filed a civil action in the Superior Court of the State

2    of Washington in and for the County of Pierce, entitled *Jacob Fischer v. Saberhagen Holdings,*

3    *Inc., et al.*, Case No. 09-2-04547-5.  Plaintiff's Complaint claims that Lockheed is liable for

4    plaintiff's alleged asbestos-related injuries on theories of negligence and premises liability, and

5    perhaps other grounds.

6          2.       Lockheed was personally served with the Summons and Complaint through its

7    registered agent on January 14, 2009.  Pursuant to 28 U.S.C. § 1446(b), the case stated by the

8    initial Complaint was not removable, since plaintiff did not identify the circumstances of his

9    alleged exposure to asbestos at Lockheed nor, more specifically, did he identify any vessels upon

10   which plaintiff alleges he was exposed to asbestos at Lockheed (see André Decl., Ex. A).

11         3.       Lockheed did not have notice that the case was removable until May 29, 2009,

12   when plaintiff served on Lockheed his responses to style interrogatories, which state that the

13   work he performed at Lockheed, and which forms the basis for his claims in this case against

14   Lockheed, was performed on U.S. Navy ships undergoing repair at Lockheed's Seattle shipyard.

15   Lockheed is therefore filing this Notice of Removal within thirty (30) days after receipt of "an

16   amended pleading, motion, order or other paper from which it may first be ascertained that the

17   case is one which is or has become removable," as required by 28 U.S.C. § 1446(b) (see André

18   Decl., Ex. B):

19              A civil action or criminal prosecution commenced in a State court against
                any of the following may be removed by them to the district court of the
20              United States for the district and division embracing the place wherein it
                is pending:
21
                (1) The United States or any agency thereof or any officer (or any person
22              acting under that officer) of the United States or of any agency thereof,
                sued in an official or individual capacity for any act under color of such
23              office or on account of any right, title or authority claimed under any Act
                of Congress for the apprehension or punishment of criminals or the
24              collection of the revenue.

25         The basis for the removal of this action is that it involves a person — Lockheed — that

26   acted under the authority of officers of the United States or any agency thereof, in this case, the

---

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    United States Navy, within the meaning of 28 U.S.C. § 1442(a)(1). *Mesa v. California*, 489 U.S.

2    121, 124-25; 109 S. Ct. 959 (1989); *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993).

3         4.    In *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1993), the court addressed the

4    propriety of the removal of a case involving the alleged exposure to asbestos while aboard

5    submarines manufactured by General Dynamics. In denying plaintiffs' motion to remand, the

6    Court stated that, to satisfy removal under 28 U.S.C. § 1442(a), General Dynamics must show

7    that, in manufacturing submarines, it: "(1) acted under the direction of a federal officer, (2) raised

8    a federal defense to plaintiffs' claims, and (3) demonstrated a causal nexus between plaintiffs'

9    claims and the acts it performed under color of federal office." *Id.* at 571-72.

10        5.    In the present case, during 1961 to 1971, the relevant time period, Lockheed was

11    involved in the construction and maintenance of vessels for the U.S. Navy. For the purposes of

12    this removal, Lockheed acknowledges having constructed, converted or repaired at its Seattle

13    shipyard facilities vessels for the U.S. Navy. However, such construction, conversion or repair

14    was necessarily performed pursuant to contracts and specifications executed by an officer of the

15    United States — the U.S. Navy.

16        6.    Lockheed's construction, conversion or repair of vessels for the U.S. Navy was

17    performed pursuant to: (a) contracts that mandated adherence to comprehensive and detailed U.S.

18    Navy-created specifications regarding, among other things, the use of asbestos-containing

19    products, and (b) repair oversight by on-site U.S. Navy representatives. Therefore, under the

20    terms of its contracts with the U.S. Navy, Lockheed's construction, conversion or repair of

21    vessels for the U.S. Navy was necessarily performed under the authority and control of an officer

22    of the United States. Thus, during all phases of Lockheed's construction, conversion or repair of

23    vessels for the U.S. Navy, pursuant to U.S. Navy contracts and specifications, Lockheed

24    performed its work under the control and supervision of officers of the U.S. Navy (see Horne

25    Decl.).

26

{APR730689.DOC;R12060.000016}
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    7.    Moreover, Lockheed can and will assert a federal defense to this action. Its work
2  was performed pursuant to contracts with, and under the supervision of, the United States
3  government, and any recovery by plaintiff is barred by the judicially recognized doctrine of
4  immunity conferred upon that contractual relationship and any occurrences arising therefrom,
5  otherwise known as the government contractor defense. *Boyle v. United Technologies Corp.*,
6  487 U.S. 500, 509-11; 108 S. Ct. 2510 (1988); *Niemann v. McDowell Douglas Corp.*, 721 F.
7  Supp. 1019, 1021-23 (S.D. Ill. 1989).

8    8.    Further, Lockheed is entitled to the federal defense of derivative sovereign
9  immunity. *See Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *see also City of
10  Worcester v. HCA Management Co., Inc.*, 753 F. Supp. 31, 37 (D. Mass. 1990).

11    9.    Finally, because Lockheed acted under color of a federal officer or agency in its
12  construction, conversion or repair of any U.S. Navy vessels upon which plaintiff claims to have
13  been aboard at Lockheed and from which plaintiff claims he was exposed to asbestos-containing
14  materials, removal of this civil action pursuant to 28 U.S.C. § 1442(a)(1) is proper. *Durham v.
15  Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006); *Williams v. Brooks*, 945 F.2d 1322, 1325
16  n.2 (5th Cir. 1991); *Ballenger v. AGCO Corp.*, 2007 U.S. Dist. LEXIS 47042 (June 22, 2007
17  N.D. Cal.).

18    10.    Should plaintiff file a motion to remand this case, Lockheed respectfully requests
19  an opportunity to respond more fully in writing, including the submission of affidavits and
20  authorities.

21    11.    As Lockheed was acting under an officer of the United States of America pursuant
22  to 28 U.S.C. § 1442(a)(1), Lockheed is not required to notify and obtain the consent of any other
23  defendant in this action in order to remove plaintiff's action as a whole under 28 U.S.C.
24  § 1442(a)(1). *Ely Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir.
25  1981); *National Audubon Soc. v. Department of Water & Power*, 496 F. Supp. 499, 509 (E.D.
26  Cal. 1980).

{APR.J36689.DOC;1\12060.000016\}
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1        12.    Written notice of the filing of this Notice of Removal will be given to plaintiff and

2    the other defendants in this action, together with a copy of the Notice of Removal to plaintiff and

3    supporting papers with the Superior Court of Washington, County of Pierce, as required by 28

4    U.S.C. § 1446(d).

5        13.    Further, by separate notice, Lockheed is requesting that this case be added as a

6    tag-along case to the Multi-District Litigation No. 875 (MDL-875) (*In re Asbestos Cases*) in the

7    U.S. District Court, Eastern District of Pennsylvania.

8        14.    Venue is proper in this Court because it is the "district and division embracing the

9    place where such action is pending." 28 U.S.C. § 1441(a).

10       15.    This Court is the District Court of the United States for the district and division

11   embracing the place where the state court action was filed and is, therefore, the appropriate court

12   for this removal. 28 U.S.C. § 1441(a).

13       WHEREFORE, Lockheed hereby removes this action to this Court.

14       DATED this 26th day of June, 2009.

15                                s/ Robert G. André

16                        Robert G. André, WSBA #13072
                     Aaron P. Riensche, WSBA #37202

17                        Ogden Murphy Wallace, PLLC
                     1601 Fifth Avenue, Suite 2100

18                        Seattle, Washington 98101-1686
                     Email: randre@omwlaw.com

19                        Tel: 206.447.7000

20                        Fax: 206.447.0215
                     Attorneys for Defendant

21                        Lockheed Shipbuilding Company

22

23

24

25

26

{AFR730689.DOC;1\12060.000046\}
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

## CERTIFICATE OF SERVICE

2        On June 26, 2009, I caused to be served upon counsel of record, at the addresses

3   stated below, via the method(s) of service indicated copies of Defendant Lockheed Shipbuilding

4   Company's Notice of Removal of Action Under 28 U.S.C. § 1442(a)(1).

| | | |
|---|---|---|
| Brian Ladenburg<br>Bergman & Frockt<br>614 First Avenue<br>Third Floor<br>Seattle, Washington 98104<br>**Attorney for Plaintiff** | [ ]<br>[X]<br>[ ]<br>[ ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>**Attorney for Todd Pacific Shipyards Corporation,<br>Todd Shipyards Corporation** | [ ]<br>[ ]<br>[X]<br>[ ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Kevin C. Baumgardner<br>Corr Cronin<br>1001 Fourth Avenue<br>Suite 3900<br>Seattle, Washington 98101<br>**Attorneys for Ingersoll-Rand Company** | [ ]<br>[ ]<br>[X]<br>[ ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161<br>**Attorneys for Metropolitan Life Insurance<br>Company** | [ ]<br>[ ]<br>[X]<br>[ ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |

{APR230689.DOC;1\12060,000016\}
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| Kenneth Petty<br>Williams Kastner & Gibbs<br>601 Union Street<br>Suite 4100<br>P.O. Box 21926<br>Seattle, Washington 98111-3926<br>**Attorneys for CBS Corporation, General Electric Company** | [ ]<br>[ ]<br>[X]<br>[ ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Timothy K. Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington 98104<br>**Attorneys for Saberhagen Holdings, Inc.** | [ ]<br>[ ]<br>[X]<br>[ ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Mark Tuvim<br>Corr Cronin<br>1001 Fourth Avenue<br>Suite 3900<br>Seattle, Washington 98101<br>**Attorneys for Asbestos Corporation Ltd.** | [ ]<br>[ ]<br>[X]<br>[ ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |

DATED this 26th day of June, 2009, at Seattle, Washington.

_Carole Henry_
Carole Henry

{APR730689.DOC;R12060.000016\}
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

# EXHIBIT 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jacob Edward Fischer, | NO. C09-5385 |
| Plaintiff, | PLAINTIFF'S MOTION TO SEEK LEAVE OF COURT TO CONDUCT LIMITED DEPOSITIONS PRIOR TO HOLDING A FRCP 26(F) CONFERENCE. |
| v. | |
| SABERHAGEN HOLDINGS, INC., et al., | |
| Defendant. | NOTE ON MOTION CALENDAR: July 17th, 2009 |

## I.      Relief Requested

Plaintiff respectfully requests leave from the Court to conduct two depositions, which will be limited in scope to addressing Defendant Lockheed Shipbuilding Company's ("Lockheed") asserted grounds for removal of this case, prior to the parties holding a FRCP 26(f) discovery conference.

## II.      Statement of Facts

This is an asbestos-related personal injury case. Mr. Fischer suffers from mesothelioma, an invariably fatal cancer of the lining of the lung. The only known cause of mesothelioma is exposure to asbestos. Typically, mesothelioma victims survive only four to eighteen months from date of diagnosis. (Firnhaber-Baker Decl., Ex. 1, T.A. Sporn & V.L. Roggli,

PLAINTIFF'S MOTION TO SEEK LEAVE OF COURT TO
CONDUCT LIMITED DEPOSITIONS.- 1
No. C09-5385
s:\clients\\fischer, jacob\\fischerj_pleadings\\fischerj_pld_motion for leave to take lockheed deps final.doc

1   Mesothelioma, in Pathology of Asbestos-Associated Diseases, 149 (V.L. Roggli et al., ed.

2   2004).)   While in the Navy, Mr. Fischer worked as a Hull Inspector and Supervisor of Ship

3   Repair and often discharged his duties at Lockheed Shipyard in Tacoma ("Lockheed"). While at

4   Lockheed, Mr. Fischer was exposed to respirable asbestos fibers.

5        Plaintiff filed the instant case on January 9, 2009 in Pierce County Superior Court.  On

6   June 26, 2009 Lockheed filed a Notice of Removal Action Under 28 U.S.C. § 1422(a)(1).

7   (Firnhaber-Baker Decl., Ex. 2 [hereinafter "Notice of Removal"].) Foreseeing Lockheed's

8   removal efforts, Plaintiff filed a Notice of Videotaped 30(b)(6) Deposition of Lockheed to gather

9   evidence to refute its Federal Officer defense and assertion that the Federal courts have subject

10   matter jurisdiction over this case on June 23, 2009. (*See* Firnhaber-Baker Decl., Exs.2 and 3.)

11   Lockheed also notified the Judicial Panel on Multidistrict Litigation that it believes this to be a

12   potential tag-along action that should be transferred to the Eastern District of Pennsylvania for

13   consolidation with the tens of thousands of asbestos-related cases pending in that court's

14   multidistrict litigation (MDL) asbestos docket.  (*See* Firnhaber-Baker Decl. Ex. 4, Def's Notice

15   of Tag-Along Action [hereinafter "Notice of Tag-Along"].)

16                                    **III.   Issue**

17        Whether, pursuant to FRCP 26(d) and 30(a)(2), the Court should grant Plaintiff's request

18   for leave to conduct depositions of Lockheed's corporate representative and its expert, Roger B.

19   Horne, when (1) the scope of the deposition will be limited to ascertaining facts that would refute

20   Lockheed's asserted  "federal officer" or "government contractor" defense; (2) Lockheed relied

21   on a declaration by Roger B. Horne and its own corporate knowledge to support removal; and (3)

22   when motions for remand in cases in the MDL asbestos docket are typically not heard for years.

23

- 2
s:\clients\fischer, jacob\fischer\_pleadings\fischer\_pld\_motion for leave to take lockheed deps final.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

**IV.    The Court Should Grant Plaintiff's Request for Leave to Conduct Depositions of Lockheed's Corporate Representative and Admiral Horne.**

Under FRCP 26(d), a party may not conduct depositions until a discovery conference pursuant to FRCP 26(f) has been held.  However, the Court has wide discretion in managing discovery, which extends to its authority to permit discovery to take place in advance of the discovery conference.  *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988); FRCP 26(d), 30(a)(2).  There is a strong consensus in the Ninth Circuit that the party seeking an expedited deposition need only make a showing of good cause.  *See Semitool, Inc. v. Tokyo Eclectron America, Inc.* 208 F.R.D. 273 (N.D. Calif. 2002) (rejecting a rule that existed prior to the 1993 amendments to the Federal Rules, which required a showing of, inter alia, irreparable injury, and adopting the good cause standard).  *Accord In re Countrywide Financial Corp. Derivative Litigation,* 542 F.Supp.2d 1160, 1179 (C.D. Calif. 2008); *Cartwright v. Viking Indust., Inc.,* 249 F.R.D. 351, 358 (E.D. Calif 2008).[1]  To show "good cause," the proponent of expedited discovery must show merely that her "need for the expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party." *Semitool,* 208 F.R.D. at 276.

In the case at bar, the Court should grant Plaintiff leave to take Lockheed's corporate representative's deposition and the deposition of its expert witness (Admiral Horne) because (1) Plaintiff has a substantial and time-sensitive need to obtain access to information that is only available through these depositions; (2) Lockheed will not be prejudiced by this expedited discovery because it has already relied on the information that Plaintiff seeks; and (3) the

---

[1] There is no published decision addressing this from Washington's districts; however, the District Court of the Western District of Washington at Seattle has cited *Semitool* and applied the "good cause" test. *See Renaud v. Gilick,* 2007 WL 98465 ( WD Wash. 2007).

- 3

s:\clients\fischer, jacob\fischerj_pleadings\fischerj_pld_motion for leave to take lockheed deps final.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    public's interest in the administration of justice will be furthered through the conservation of

2    judicial resources.

3    **A.       Plaintiff has a substantial and time sensitive need for the deposition testimony.**

4    Plaintiff has a very substantial need for these depositions and this need is <u>extremely</u> time

5    sensitive. Lockheed has filed for tag-along jurisdiction for this case. Thus, without an immediate

6    remand from this Court, it will be transferred to the crowded MDL asbestos docket in the Eastern

7    District of Pennsylvania.    In 2008, that court reported that the MDL currently consisted of

8    <u>59,000 cases</u> and some 3.5 million claims.  *In re Asbestos Products Liability Litigation*, 254

9    F.R.D. 266 (E.D. Penn. 2008).    In undersigned counsel's experience and the experience of other

10   counsel representing plaintiffs with asbestos-related injuries, there will be extraordinarily lengthy

11   delays in obtaining a hearing on a motion to remand based on lack of subject matter jurisdiction.

12   These delays will be measured in <u>years not months.</u> Indeed, Washington courts have recognized

13   the extreme delays that occur when a case is transferred to the asbestos MDL docket.  *Sales v.*

14   *Weyerhaeuser Co.,* 138 Wash. App. 222, 156 P.3d 333 (2007) (holding the weight of evidence

15   was in favor of plaintiff's assertion that the MDL is a "procedural black hole where cases

16   languish indefinitely" (internal citations omitted)); *aff'd* by 163 Wash.2d 14, 177 P.3d 1122

17   (2008). *See also In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 374 (D. Maine 1999).[2]

18          For example, in a case in which the plaintiff, James Hammons, a railroad worker, filed

19   his claim in state court, the defendant removed the matter to the Southern District of Mississippi

20   Court. Plaintiff promptly filed a motion to remand, which none of the defendants even responded

21   to. The case was transferred to the asbestos MDL in 2002 before the Mississippi District Court

22   

_____

23   [2] There the court noted that if it remanded the claims to state court "they will proceed to resolution. If they remain in
     federal court they will encounter significant delay upon their transfer through the panel on multi district litigation to
     the Eastern District of Pennsylvania where no asbestos trials or discovery takes place in deference to global
     settlement efforts. This delay is of economic benefit to the defendants and imposes costs on the plaintiffs."
     - 4

s:\clients\Fischer. jacob\fischerj_pleadings\fischerj_pld_motion for leave to take lockheed deps final.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1   ruled on the motion for remand.  Mr. Hammons <u>unopposed</u> motion for remand languished for

2   <u>five years</u> before being heard and granted in 2007.  Unfortunately, Mr. Hammons did not live to

3   see his motion for remand granted nor his day in court; he passed away in 2003. *Hammons v.*

4   *Dana Corp. et al.* Cause No. 1:02-cv-00739-WJG (S.D. Miss. 2002); (Firnhaber-Baker Decl. ¶

5   6.).

6        In the instant case, justice delayed will truly be justice denied given Mr. Fischer's six to

7   eighteen month life expectancy and the realities of the MDL docket.    Accordingly, the Court

8   should grant Plaintiff's request to take these expedited depositions to ensure that remand of this

9   case to state court, if appropriate, is speedily decided.  *See also* FRCP 1 (instructing that the

10  federal rules "shall be construed and administered to secure the just, speedy, and inexpensive

11  determination of every action.")

12        There is no question that Plaintiff has a substantial need to conduct depositions of

13  Lockheed's corporate representative and its expert witness, Admiral Horne.  In Lockheed's

14  Notice of Removal of Action, it baldly asserts that the federal court has subject matter

15  jurisdiction because work done at its shipyards was overseen by Naval officers and done

16  according to government specifications. (Notice of Removal at ¶6.) It is impossible for Plaintiff

17  to refute these assertions unless he is able to ascertain the specific facts that underlie Lockheed's

18  claims.

19        For example, Horne states in his declaration that, "In my experience, it was the Naval

20  Inspectors who exercised primary, frontline control over work performed...in government

21  contract shipyards such as Lockheed in the construction of Navy ships." (Firnhaber-Baker Decl.

22  Ex. 6, June 26, 2009 Declaration of Ret. Adm. Roger B. Horne [hereinafter Horne Decl] at ¶8.)

23  Unless Plaintiff is able to depose Horne regarding (1) the basis for Horne's characterization of

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1   Lockheed as a "government contract shipyard," (2) the basis for his purported knowledge as to

2   the goings-on at the Lockheed Tacoma shipyard during Mr. Fischer's workdays, and (3) what

3   precisely Horne means by "primary control," Plaintiff will have no other means to rebut Horne's

4   declaration.

5        Likewise, Lockheed's assertion of federal subject matter jurisdiction is premised on

6   alleged government agreements that are uniquely within Lockheed's control.   To illustrate,

7   Lockheed bases its removal action in part on its claim that it had contracts with the government

8   that contained exacting specifications. (Notice of Removal at ¶6.)  Without deposing Lockheed's

9   corporate witness on (1) the specific content of those contracts, (2) the actual performance of

10  those contracts, and (3) Lockheed's interpretation of those contracts, Plaintiff again will have no

11  other means to refute Lockheed's claims regarding government specifications.

12  **B.      There is no risk that Lockheed will be prejudiced by expedited depositions.**

13       Granting Plaintiff's motion for leave to conduct limited depositions will not prejudice

14  Defendant Lockheed because it has had ample notice and time to prepare and the depositions'

15  scopes will be tightly circumscribed.

16       First, and perhaps most importantly, Lockheed relied on its expert, Admiral Horne, and

17  its corporate knowledge, going so far as to even producing a detailed declaration by Horne, to

18  support removal demonstrates that it has already done the preparation necessary for these

19  witnesses to be deposed. (*See* Notice of Removal and Horne Decl.)  Horne apparently is already

20  well-versed on the facts of this case and Lockheed has apparently done all the research necessary

21  to assert that it was acting under color of a federal officer during the relevant time; accordingly,

22  Lockheed should have no difficulty presenting these witnesses for deposition in an expedited

23  fashion.

- 6
s:\clients\f\fischer, Jacob\fischerj_pleadings\fischerj_pkl_motion for leave to take lockheed deps final.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    Next, Defendant will not be prejudiced because it has had notice and a great deal of time

2    to prepare for these depositions.  Unlike in a typical pre-26(f) conference case, here Defendant

3    has already received considerable information in the form of Plaintiff's Answers to Style

4    Interrogatories, which were served on Defendants in this case on May 29, 2009.  (Firnhaber

5    Decl. Ex. 7.)  Moreover, defendant has had considerable time to conduct investigation because

6    this case was filed in Pierce County Superior Court six months ago.  (Firnhaber Decl. Ex. 8 Plf.'s

7    Complaint.)  Further, Plaintiff timely served notice of the CR 30(b)(6) deposition  on June 23,

8    2009, prior to Lockheed's notice of removal.  Lockheed should not be permitted to use removal

9    as a tactic to delay the depositions of its corporate representative, particularly when it relies on

10   knowledge uniquely controlled by the corporation to support is removal notice.

11   Finally, Plaintiff is not requesting depositions where the scope is limited only by the

12   bounds of the discovery rules; to the contrary, Plaintiff is merely requesting that he be able to

13   conduct depositions with the tightly circumscribed scope of  discovering only those facts

14   relevant to Lockheed's assertion of federal subject matter jurisdiction.  *Compare Arista Records*

15   *v. Does 1-4*, 589 F.Supp.2d 151 (D. Conn. 2008) (holding that any prejudice to defendant would

16   be outweighed by plaintiff's need for expedited discovery where the scope of the discovery

17   would be limited to preliminary matter of determining identity of other defendants).

18   Consequently, given plaintiff's substantial and extremely time-sensitive need, any slight

19   prejudice to Lockheed is clearly outweighed by Mr. Fischer's interest in limited pre-26(f)

20   conference discovery.

21   **C.    The expedited depositions of Lockheed's witnesses will further the public's interest
             in the prompt and efficient administration of justice.**

22   There is no question that when interpreting and applying the Federal Rules of Civil

23   Procedure, the Court should make decisions calculated to further the goal of a "just, speedy, and

-7

s:\clients\Fischer. jacob\fischerj_pleadings\fischerj_pkl_motion for leave to take lockheed deps final.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9649

1   inexpensive determination of every action." FRCP 1.  In this case, there is no question that

2   Plaintiff will file a motion for remand in this case that a court will have to rule on.  The only

3   question is whether the motion for remand will be heard by this Court or if the case will first be

4   transferred to the asbestos MDL docket, where history suggests the motion will not be heard for

5   years.  Accordingly, Plaintiff urges this court to permit these expedited limited depositions to

6   take place so that the question of whether federal jurisdiction exists in this matter may be

7   determined in a just, speedy, and inexpensive fashion.

## V.   CONCLUSION

9   For the above reasons, Plaintiff respectfully requests that its motion for leave to take limited

10   depositions of Defendant Lockheed's corporate representative and expert witness be granted.

11

12   Dated this _____ 2nd _____ day of July, 2009.

13                                           BERGMAN DRAPER & FROCKT

14

15                                           _____
                                             MATTHEW P. BERGMAN, WSBA #20894

16                                           GLENN S. DRAPER, WSBA #24419
                                             DAVID S. FROCKT, WSBA #28568

17                                           BRIAN F. LADENBURG, WSBA #29531
                                             BRIAN D. WEINSTEIN, WSBA #24497

18                                           ANNA D. KNUDSON, WSBA #37959
                                             BENJAMIN R. COUTURE, WSBA #39304

19                                           VANESSA FIRNHABER-BAKER WSBA #38252
                                             Counsel for Plaintiffs

20

21

22

23

s:\clients\f\fischer, jacob\fischerj_pleadings\fischerj_pld_motion for leave to take lockheed deps final.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

# EXHIBIT 5

# UNITED STATES JUDICIAL PANEL
on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:  [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

September 8, 2009

TO INVOLVED COUNSEL

Re:  MDL No. 875 -- IN RE: Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-326)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter.  This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001).  Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action.  These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.  Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** ____September 23 , 2009____ **(12 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By ___Jakeia Mells___
Jakeia Mells
Deputy Clerk

Attachments

JPML Form 39

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Sep 08, 2009**

**FILED**
**CLERK'S OFFICE**

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (NO. VI)**

MDL No. 875

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-326)**

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 84,834 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Eduardo C. Robreno.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                    MDL No. 875

### SCHEDULE CTO-326 - TAG-ALONG ACTIONS

| DIST. | DIV. | C.A. # | CASE CAPTION |
|-------|------|--------|--------------|

**CALIFORNIA CENTRAL**

| | | | |
|-------|------|--------|--------------|
| CAC | 2 | 09-6092 | Lilia Nepomuceno, et al. v. A.W. Chesterton Co., et al. |

**CALIFORNIA NORTHERN**

| | | | |
|-------|------|--------|--------------|
| CAN | 3 | 09-3786 | John Madden v. A.H. Voss Co., et al. |
| CAN | 3 | 09-3938 | Wayne Hartman v. Leslie Controls, Inc., et al. |
| CAN | 3 | 09-3953 | Paul Simme v. Asbestos Defendants (B-P), et al. |

**CONNECTICUT**

| | | | |
|-------|------|--------|--------------|
| CT | 3 | 09-1093 | Pauline Sanborn, etc. v. Buffalo Pumps, Inc., et al. |

**FLORIDA SOUTHERN**

| | | | |
|-------|------|--------|--------------|
| FLS | 0 | 09-61236 | Lorin Bolton-Munach, etc. v. Anchor Packing Co., Inc., et al. |

**GEORGIA SOUTHERN**

| | | | |
|-------|------|--------|--------------|
| GAS | 2 | 09-134 | Anderson Kelly v. General Electric Co., et al. |

**ILLINOIS NORTHERN**

| | | | |
|-------|------|--------|--------------|
| ILN | 1 | 09-1450 | Cherri B. Farris, etc. v. Chevron Corp., et al. |

**ILLINOIS SOUTHERN**

| | | | |
|-------|------|--------|--------------|
| ILS | 3 | 09-329 | Vashti Murray, et al. v. BNSF Railway Co. |

**INDIANA NORTHERN**

| | | | |
|-------|------|--------|--------------|
| INN | 2 | 09-59 | James H. Johnson, et al. v. A.W. Chesterton Co., et al. |

**INDIANA SOUTHERN**

| | | | |
|-------|------|--------|--------------|
| INS | 1 | 09-1028 | Lola M. Spicer v. Asbestos Corp., Ltd., et al. |
| INS | 1 | 09-1052 | Carolyn Musselman, et al. v. American Standard, Inc., et al. |
| INS | 1 | 09-1053 | E. Joann Fallowfield v. A.W. Chesterton, Inc., et al. |
| INS | 2 | 09-251 | Dennis Crowder, et al. v. Foster Wheeler LLC, et al. |

**LOUISIANA EASTERN**

| | | | |
|-------|------|--------|--------------|
| LAE | 2 | 09-5898 | Betty Najolia Eckerle v. Northrop Grumman Ship Systmes, Inc., et al. |

**MDL No. 875 - Schedule CTO-326 Tag-Along Actions (Continued)**

| DIST. | DIV. | C.A. # | CASE CAPTION |
|-------|------|--------|--------------|

**MAINE**

| | | | |
|------|---|--------|---|
| ME | 1 | 09-367 | Gloria Hogan-Wheeler v. Eckel Industries, Inc., et al. |
| ME | 1 | 09-374 | Erland B. Campbell, et al. v. Metropolitan Life Insurance Co., et al. |

**NORTH CAROLINA MIDDLE**

| | | | |
|-----|---|--------|---|
| NCM | 1 | 09-606 | Joyce Juanita Bryson, etc. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-621 | Joseph Greenlee Hicks, et al. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-626 | Louise H. Isenhour, etc. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-627 | Jackson Wayne Davis, et al. v. A.W. Chesterton Co., et al. |
| NCM | 1 | 09-649 | Peter Perkins Wilson, et al. v. A.W. Chesterton Co., et al. |

**NORTH CAROLINA WESTERN**

| | | | |
|-----|---|--------|---|
| NCW | 1 | 09-259 | Thurston Lionelle Patterson v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-276 | Gary Robert Pearson, et al. v. Alfa Laval, Inc., et al. |
| NCW | 1 | 09-310 | Laura O. Smathers, etc. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-314 | Ronald Harvey Humphries, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-315 | Warren Bryant Singleton v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-317 | Cohen S. Mathews, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-318 | Mozelle J. Howie, etc. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-319 | Mona Lee Almond Wright, etc. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-330 | Kirby Dale Sechrist, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-334 | Nancy Irene Garrison, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-337 | Samuel James June, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-339 | Robert Michael Anthony, et al. v. A.W. Chesterton Co., et al. |
| NCW | 1 | 09-343 | Douglas Franklin Biggs v. A.W. Chesterton Co., et al. |

**SOUTH CAROLINA**

| | | | |
|----|---|---------|---|
| SC | 2 | 09-2163 | Tina Willis, etc. v. BW IP International, Inc., et al. |
| SC | 2 | 09-2219 | Edna Yvonne Grace, etc. v. Bayer Cropscience, Inc., et al. |
| SC | 8 | 09-2311 | James Larry Capell, et al. v. A.W. Chesterton Co., et al. |

**WASHINGTON WESTERN**

| | | | |
|-----|---|---------|---|
| WAW | 2 | 09-1080 | Majorie M. Arnold, et al. v. American Optical Corp. |
| WAW | 3 | 09-5385 | Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al. |

**WISCONSIN WESTERN**

| | | | |
|-----|---|--------|---|
| WIW | 3 | 09-462 | Daryl D. Kelly v. CBS Corp., et al. |

RULE 5.2:     SERVICE OF PAPERS FILED

(a)      All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation.  Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure.  The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each.  If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address.  The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading.  The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service.  After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings.  In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)      The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion.  The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)      Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation.  Only one attorney shall be designated for each party.  Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address.  Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)      In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel.  After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)      If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel.  Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

(a)      Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)      Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)      Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)      Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)      Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)      Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

## RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)      Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)      Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)      Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)      A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)      Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**

MDL No. 875

## INVOLVED COUNSEL LIST (CTO-326)

F. Saunders Aldridge, III
HUNTER MACLEAN EXLEY
& DUNN
P.O. Box 9848
Savannah, GA 31412

Knight S. Anderson
HILL FULWIDER
MCDOWELL FUNK &
MATTHEWS
One Indiana Square
211 North Pennsylvania Street
Suite 2000
Indianapolis, IN 46204-2031

Peter G. Angelos
LAW OFFICES OF PETER G
ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Walter E. Barton
KARR TUTTLE & CAMPBELL
1201 3rd Avenue
Suite 2900
Seattle, WA 98101-3028

Kevin C. Baumgardner
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE
1001 4th Avenue
Suite 3900
Seattle, WA 98154-1051

Frank Moor Bedell
DECUBELLIS & MEEKS
837 N. Garland Ave.
P.O. Box 4976
Orlando, FL 32802-4976

Joshua H. Bennett
BENNETT & GUTHRIE PLLC
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

V. Brian Bevon
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Timothy W. Bouch
LEATH BOUCH &
CRAWFORD
P.O. Box 59
Charleston, SC 29402

Marc Brainich
SEDGWICK DETERT MORAN
& ARNOLD
One Market Plz
Steuart Tower
8th Floor
San Francisco, CA 94105

Eric L. Brown
BARON & BUDD PC
9465 Wilshire Boulevard
Suite 460
Beverly Hills, CA 90212

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Dennis F. Cantrell
CANTRELL STRENSKI &
MEHRINGER LLP
2400 Market Tower
10 West Market Street
Indianapolis, IN 46204

Michael P. Cascino
CASCINO VAUGHAN LAW
OFFICES LTD
220 South Ashland Avenue
Chicago, IL 60607-5308

Daniel A. Casey
K&L GATES LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399

James E. Chellis
CHELLIS & FRAMPTON
P.O. Box 430
Summerville, SC 29484

Denyse Clancy
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

Anthony L. Cochran
CHILIVIS COCHRAN
LARKINS & BEVER
3127 Maple Drive, N.E.
Atlanta, GA 30305

Stuart L. Cohen
BENNETT AIELLO COHEN &
FRIED
The Ingraham Building
25 Southeast Second Avenue
Suite 808
Miami, FL 33131

William David Conner
HAYNSWORTH SINKLER
BOYD PA
P.O. Box 2048
Greenville, SC 29602-2048

**MDL No. 875 - Involved Counsel List (CTO-326) (Continued)**

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

Case A. Dam
FERRARO LAW FIRM
4000 Ponce de Leon Boulevard
Suite 700
Miami, FL 33146-1434

David R. Donadio
BRAYTON PURCELL LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169

Glenn S. Draper
LAW OFFICES OF MATTHEW
BERGMAN
17530 Vashon Highway SW
P.O. Box 2010
Vashon, WA 98070

James H. Elliot
PRITCHARD & ELLIOTT
129 Broad Street
Charleston, SC 29401

C. Michael Evert, Jr.
EVERT WEATHERSBY &
HOUFF LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Kathleen A. Farinas
GEORGE & SIPES LLP
151 North Delaware Street
Suite 1700
Indianapolis, IN 46204

Julie Feigeles
ADORNO & YOSS LLP
2525 Ponce de Leon Blvd.
Suite 400
Miami, FL 33134

Matthew J. Fischer
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473

John A. Franke
GASS WEBER &
MULLINS LLC
309 North Water Street
Milwaukee, WI 53202

David S. Frockt
LAW OFFICES OF MATTHEW
BERGMAN
17530 Vashon Highway SW
P.O. Box 2010
Vashon, WA 98070

Bret Charles Gainsford
AKERMAN SENTERFITT &
EIDSON
420 S. Orange Avenue
Suite 1200
P.O. Box 231
Orlando, FL 32801

James D. Gandy, III
PIERCE HERNS SLOAN &
MCLEOD
P.O. Box 22437
Charleston, SC 29413

John A. Gardner, III
HEDRICK GARDNER
KINCHELOE & GAROFALO
LLP
6000 Fairview Road
Suite 1000
P.O. Box 30397
Charlotte, NC 28230

Richard G. Gawlowski
WILSON SMITH COCHRAN &
DICKERSON
1215 4th Avenue
Suite 1700
Seattle, WA 98161-1007

Charles Darrell Gossett
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William M. Graham
WALLACE & GRAHAM PA
525 North Main Street
Salisbury, NC 28144

Richard L. Haas
SWANSON MARTIN & BELL
LLP
330 North Wabash
Suite 3300
Chicago, IL 60611

Kari H. Halbrook
ICE MILLER LLP - IND/IN
One American Square Suite 2900
Indianapolis, IN 46282-0200

Thomas H. Hart
BRADY HART & JACOBS
Seven Church Street
Christiansted
St. Croix, VI 00820

William D. Harvard
BLASINGAME BURCH
GARRARD BRYANT &
ASHLEY
P.O. Box 832
Athens, GA 30603-0832

Elizabeth Anne K. Hiller
KNOTT & GLAZIER
601 S. Figueroa Street
Suite 4200
Los Angeles, CA 90017

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105

**MDL No. 875 - Involved Counsel List (CTO-326) (Continued)**

George L. Inabinet, Jr.
PIERCE HERNS SLOAN &
MCLEOD
P.O. Box 22437
Charleston, SC 29413

Zandra Lynn Johnson
SMITH MOORE
LEATHERWOOD LLP
P.O. Box 87
Greenville, SC 29602

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue,
N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

Jason L. Kennedy
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Brian P. Kenney
EARLY LUDWICK &
SWEENEY LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866

Douglas B. King
WOODEN &
MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208

Kevin R. Knight
ICE MILLER LLP
One American Square,
Suite 2900
Indianapolis, IN 46282-0200

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Deborah DeRoche Kuchler
KUCHLER POLK SCHELL
WEINER & RICHESON
1615 Poydras Street, Suite 1300
New Orleans, LA 70112

Dan E. LaBelle
HALLORAN & SAGE
315 Post Road, West
Westport, CT 06880

Brian F. Ladenburg
BERGMAN & FROCKT
614 First Avenue, 4th Floor
Seattle, WA 98104

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
LANE & GOSSETT
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY & MANSFIELD PLLP
150 South Los Robles Avenue
Suite 400
Pasedena, CA 91101

Richard M. Lauth
EVERT WEATHERSBY &
HOUFF LLC
3405 Piedmont Road, Suite 200
Atlanta, GA 30305

Daniel M. Long
LOCKE REYNOLDS LLP
201 North Illinois Street
Suite 1000
P.O. Box 44961
Indianapolis, IN 46244-0961

William F. Mahoney
SEGAL MCCAMBRIDGE
SINGER & MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert P. Major
WINDERWEEDLE HAINES
WARD & WOODMAN
390 North Orange Avenue
Suite 1500
P.O. Box 1391
Orlando, FL 32802-1391

Robert C. Malaby
MALABY & BRADLEY
150 Broadway, Suite 600
New York, NY 10038

Jonathan D. Mattingly
BARNES & THORNBURG LLP
11 S. Meridian Street, Suite 1313
Indianapolis, IN 46204-3535

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street, 28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

**MDL No. 875 - Involved Counsel List (CTO-326) (Continued)**

Susan E. Mehringer
LEWIS & WAGNER
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202

Robert O. Meriwether
NELSON MULLINS RILEY &
SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211-0013

Bryna Rosen Misiura
GOVERNO LAW FIRM LLC
260 Franklin Street
Suite 1500
Boston, MA 02110

Thomas Jeffrey Moses
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Kathleen A. Musgrave
LAUDIG GEORGE
RUTHERFORD & SIPES
156 East Market Street,
Suite 600
Indianapolis, IN 46204

Jeffrey A. Musser
ROCAP WITCHGER
6666 East 75th Street
Suite 410
Indianapolis, IN 46250

Steven A. Oldham
DINSMORE & SHOHL LLP -
CIN/OH
255 E Fifth Street Suite 1900
Cincinnati, OH 45202

James R. Oswald
ADLER POLLOCK &
SHEEHAN PC
2300 Bank Boston Plaza
Providence, RI 02903-1345

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Robert E. Paul
PAUL REICH & MYERS
1608 Walnut Street
Suite 500
Philadelphia, PA 19103

Timothy Peck
SMITH MOORE
LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
P.O. Box 21927
Greensboro, NC 27429-1927

Alejandra H. Pennie
HUNTON & WILLIAMS LLP
Mellon Financial Center
1111 Brickell Avenue
Suite 2500
Miami, FL 33131-3136

Kenneth E. Petty
WILLIAMS KASTNER PLLC
601 Union Street, Suite 4100
P.O. Box 21926
Seattle, WA 98111

Steven J. Pugh
RICHARSON PLOWDEN &
ROBINSON PA
P.O. Drawer 7788
Columbia, SC 29202

Marsad A. Quraishi
BICE COLE LAW FIRM PL
999 Ponce De Leon Boulevard
Suite 710
Coral Gables, FL 33134

Mary K. Reeder
RILEY BENNETT &
EGLOFF LLP
One American Square
Box 82035
Indianapolis, IN 46282

Joseph A. Rhodes, Jr.
OGLETREE DEAKINS NASH
SMOAK & STEWART PC
P.O. Box 2757
Greenville, SC 29602

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Aaron P. Riensche
OGDEN MURPHY &
WALLACE
1601 5th Avenue
Suite 2100
Seattle, WA 98101

Peter J. Rubin
BERNSTEIN SHUR
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

Peter A. Santos
NEXSEN PRUET PLLC
201 South Tryon Street
Suite 1200
Charlotte, NC 28202

Linda R. Self
BRASHER LAW FIRM
One Metropolitan Square
211 North Broadway
Suite 2300
St. Louis, MO 63102

Katherine D. Spitz
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5300

Charles Monroe Sprinkle, III
HAYNSWORTH SINKLER
BOYD PA
75 Beattie Place, Eleventh Floor
Greenville, SC 29602-2048

**MDL No. 875 - Involved Counsel List (CTO-326) (Continued)**

Geoffrey Lane Squitiero
MAHER & MURTHA
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT 06601

Melanie T. Stella
BURGESS FITZER
1145 Broadway, Suite 400
Tacoma, WA 98402-3583

Elizabeth G. Stouder
RICHARDSON WHITMAN
LARGE & BADGER
465 Congress St.
P.O. Box 9545
Portland, ME 04112-9545

Kristen M. Streepey
39W321 Mill Creek Circle West
Geneva, IL 60134

Kevin A. Sullivan
SAUTER SULLIVAN ET AL
3415 Hampton Avenue
St. Louis, MO 63139

Frank J. Swarr
LANDRY & SWARR
1010 Common Street, Suite 2050
New Orleans, LA 70112

Jennifer M. Techman
EVERT WEATHERSBY &
HOUFF LLC
3405 Piedmont Road, NE
Suite 225
Atlanta, GA 30305

David A. Temple
DREWRY SIMMONS
VORNEHM LLP
8888 Keystone Crossing
Suite 1200
Indianapolis, IN 46240

Robert E. Thackston
HAWKINS PARNELL &
THACKSTON LLP
4514 Cole Avenue, Suite 500
Dallas, TX 75205

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Timothy Kost Thorson
CARNEY BADLEY
SPELLMAN
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010

Sarah E. Tilstra
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE
1001 4th Avenue, Ste. 3900
Seattle, WA 98154-1051

David G. Traylor, Jr.
NELSON MULLINS RILEY &
SCARBOROUGH LLP
P.O. Box 11070
Columbia, SC 29211

Michael T. Trucco
STAMOS & TRUCCO
One East Wacker Drive
Third Floor
Chicago, IL 60601

Hugh J. Turner, Jr.
AKERMAN SENTERFITT &
EIDSON
350 East Las Olas Blvd.
Suite 1600
Fort Lauderdale, FL 33301-0006

Mark B. Tuvim
GORDON & REES
701 Fifth Ave., 2130
Seattle, WA 98104

Edward R. Ulloa
HAWKINS PARNELL &
THACKSON LLP
444 South Flower Street
Suite 1100
Los Angeles, CA 90071

Christopher N. Wahl
HILL FULWIDER
MCDOWELL FUNK &
MATTHEWS
One Indiana Square
Suite 2000
Indianapolis, IN 46204

Mark Hedderman Wall
ELMORE & WALL
P.O. Box 1200
Charleston, SC 29402

Mona Lisa Wallace
WALLACE & GRAHAM PA
525 North Main Street
Salisbury, NC 28144

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS
KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Brian Weinstein
SCHROETER GOLDMARK &
BENDER
Central Building
810 Third Avenue, Suite 500
Seattle, WA 98104

Previn A. Wick
POND NORTH LLP
350 South Grand Avenue
Suite 2850
Los Angeles, CA 90071

Seth R. Wilson
HUME SMITH GEDDES
GREEN & SIMMONS LLP
54 Monument Circle
Fourth Floor
Indianapolis, IN 46204

C. James Zeszutek
DINSMORE & SHOHL LLP
One Oxford Centre
301 Grant Street, 28th Floor
Pittsburgh, PA 15219-1425

# EXHIBIT 6

A RIENSCHE

1
2
3
4
5
6
7

UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

8

**Received**

IN RE ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI),

MDL NO. 875

9

APO

10

SEP 2 3 2009

11

1/30        ew

OGDEN MURPHY WALLACE, PLLC

12

TO:  CLERK OF COURT, JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

13

AND TO: ALL COUNSEL OF RECORD;

14

Notice is hereby given that Plaintiff Jacob Fischer opposes the conditional transfer order

15

(CTO-326) entered on September 8, 2009.  Mr. Fischer is the plaintiff in the case of *Jacob*

16

*Edward Fischer v. Saberhagen Holdings, Inc., et al.*, No 09-5385 RJB, pending in the United

17

States District Court for the Western District of Washington at Tacoma.

18

Plaintiff believes that the federal courts lack jurisdiction over this case.  Plaintiff opposes

19

transfer of this case so that Judge Robert Bryan of the Western District of Washington can rule

20

on Plaintiff's motion to remand this case to state court.  Judge Bryan granted Plaintiffs leave to

21

conduct early discovery in this case pursuant to Plaintiff's motion.  (That order is attached).  This

22

discovery has not been completed.

23

Accordingly, Jacob Fischer opposes transfer of his case and pursuant to Rule 7.4(d) of the

- 1
No.
c:\documents and settings\emilym.bpf\local settings\temporary internet files\content.outlook\3indbo5g\united
states judicial panel--notice of opposition of transfer.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1    Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff shall file with the

2    Clerk of the Panel a brief in support of its position opposing transfer.

3        This notice is being served on all counsel of record on the panel service list pursuant to

4    Rule 5.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

5

6

7            DATED this 23d Day of September, 2009

8

9        BERGMAN DRAPER & FROCKT

10

11        _____

12        /s/Brian F. Ladenburg, WSBA No. 29531
           ATTORNEY FOR PLAINTIFF JACOB FISCHER

13

14

15

16

17

18

19

20

21

22

23

c:\documents and settings\emilym.bpf\local settings\temporary internet files\content.outlook\3indbo5g\united states judicial panel--notice of opposition of transfer.doc

BERGMAN DRAPER & FROCKT, PLLC
614 FIRST AVENUE, THIRD FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1
2
3
4
5
6
7

8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  JACOB EDWARD FISCHER,

11          Plaintiff,

12      v.

13  SABERHAGEN HOLDINGS, INC., et al.,

14          Defendants.

15

Case No. 09-5385RJB

ORDER GRANTING
PLAINTIFF'S MOTION
TO CONDUCT LIMITED
DEPOSITIONS PRIOR TO
HOLDING AN FRCP 26(f)
CONFERENCE

16      This matter comes before the Court on Plaintiff's Motion to Seek Leave of Court to

17  Conduct Limited Depositions Prior to Holding a FRCP 26(f) Conference (Dkt. 5).  The Court has

18  considered the relevant documents and remainder of the file herein.

19          **I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

20      Plaintiff, Mr. Fischer, suffers from mesothelioma, a cancer of the lining of the lung.  Dkt. 5

21  at 1.  Mr. Fischer worked as a Hull Inspector and Supervisor of Ship Repair and performed some

22  of his duties at the Lockheed Shipyard ("Lockheed") in Tacoma, Washington.  It is alleged that

23  while at Lockheed, Mr. Fischer was exposed to respirable asbestos fibers.  It is the asbestos fibers

24  that are alleged to have caused Mr. Fischer's mesothelioma.

25      On January 9, 2009, the Plaintiff filed a complaint in Pierce County Superior Court

26  alleging, among other things, that the negligence of the Defendants exposed the Plaintiff to

27  asbestos fibers which caused his mesothelioma (Dkt. 4-2).  On June 26, 2009, Lockheed filed a

28

ORDER - 1

1   Notice of Removal (Dkt. 1) pursuant to 28 U.S.C. §1422(a)(1), federal officer removal action.

2   Lockheed also filed Notice of Tag Along action (Dkt. 3) on the same day they filed the Notice of

3   Removal.

4          Plaintiff alleges that they foresaw the removal action by the Defendant, and on June 23,

5   2009, Plaintiff filed a Notice of Videotaped 30(b)(6) Deposition of Lockheed to gather evidence

6   to refute Lockheed's "federal officer" defense and assertion that the Federal courts have subject

7   matter jurisdiction over this case.  However, the case was removed from state court before the

8   deposition could take place.  The Plaintiff now moves to conduct limited depositions prior to

9   holding a FRCP 26(f) conference (Dkt. 5).  Plaintiff is requesting that he be allowed to conduct

10  depositions of Lockheed's corporate representative and its expert, Roger B. Horne, to ascertain

11  whether Lockheed is a "federal officer" or "government contractor."

12                                    **II. DISCUSSION**

13         Even though this case has a pending Notice of Tag Along action, this Court may still rule

14  on motions presented.  *See* JPML RP 1.5 ("The pendency of a motion... before the Panel

15  concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or

16  suspend orders and pretrial proceedings in the district court in which the action is pending and

17  does not in any way limit the pretrial jurisdiction of that court.")

18         "A party may not seek discovery from any source before the parties have conferred as

19  required by Rule 26(f), except... when authorized by these rules, by stipulation, or by court

20  order."  Fed.R.Civ.P. 26(d).  "A party must obtain leave of court, and the court must grant leave

21  to the extent consistent with Rule 26(b)(2)... if the parties have not stipulated to the deposition

22  and... the party seeks to take the deposition before the time specified in Rule 26(d)."

23  Fed.R.Civ.P. 30(a)(2).  The court has wide discretion in managing discovery.  *Little v. City of*

24  *Seattle*, 863 F.2d 681, 685 (9th Cir. 1998).  The district court is given broad discretion in

25  supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a

26  pretrial order.  *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003).

27         The rules of civil procedure should be construed and administered to secure the just,

28  speedy, and inexpensive determination of every action and proceeding.  Fed.R.Civ.P. 1.  Parties

ORDER - 2

1   may obtain discovery regarding any non privileged matter that is relevant to any party's claim or

2   defense.  Fed.R.Civ.P. 26(b)(1).

3         Plaintiff argues that the Court should grant the Plaintiff's request to take the expedited

4   depositions to ensure that remand of his case to state court, if appropriate, is speedily decided.

5   Dkt. 5 at 5.  Plaintiff states that he cannot refute Lockheed's assertion that the Federal court has

6   subject matter jurisdiction without being allowed to ascertain whether Lockheed was in fact a

7   "federal officer."  *Id.*  Plaintiff also alleges that the expedited schedule is necessary because Mr.

8   Fischer has a six to eighteen month life expectancy and that the "crowded MDL asbestos docket"

9   would cause delay.  Dkt. 5 at 4-5.

10         Defendant Lockheed responds that the depositions "would be pointless because they could

11   not overcome the minimal showing required of Lockheed Shipbuilding to establish federal officer

12   jurisdiction under 28 U.S.C. § 1442(a)(1)."  Dkt. 6 at 4.  Defendant also argues that Plaintiff

13   failed to exercise diligence in seeking an expedited deposition of Lockheed's witnesses, and the

14   Plaintiff has unclean hands because he has refused to make himself available for a deposition.

15   Dkt. 6 at 7.

16         The Court is persuaded by the Plaintiff's arguments.  The Plaintiff has shown that the

17   requested depositions are relevant to the issue of subject matter jurisdiction and that an expedited

18   schedule is needed to prevent undue delay in the proceedings.  The Court is unpersuaded by the

19   Defendant's argument that the depositions would be pointless.  The issue is not whether the

20   Plaintiff could overcome federal officer jurisdiction under  28 U.S.C. § 1442(a)(1), which pertains

21   to removal of a case from state court.  The issue is whether the depositions are relevant to

22   arguments that may be presented in a motion for remand, specifically whether Lockheed is in fact

23   a "federal officer," in which case, a resolution of that issue would determine if this Court had

24   subject matter jurisdiction over this matter.  The requested depositions are relevant to the issue of

25   subject matter jurisdiction and there is no reason to delay the taking of the depositions.

26         Defendant also failed to show that Plaintiff failed to exercise diligence in seeking an

27   expedited deposition. The Court, after reviewing the record, is satisfied that the Plaintiff has acted

28   in a diligent manner.  Finally, the Court is unpersuaded by Defendant's argument that Plaintiff's

ORDER - 3

1  request for depositions is prevented by the unclean hands doctrine.  As noted by the Plaintiff,

2  Lockheed did not send a deposition notice, nor did Lockheed file a motion to compel.  The

3  Defendant has not shown that the Plaintiff has acted in an improper manner which would prevent

4  his request for depositions.

5       For the foregoing reasons, the Plaintiff's motion for depositions should be granted.

6                           **III. ORDER**

7       The Court does hereby find and ORDER:

8       The Plaintiff's Motion to Seek Leave of Court to Conduct Limited Depositions Prior to

9  Holding a FRCP 26(f) Conference (Dkt. 5) is **GRANTED**.

10      DATED this 23rd day of July, 2009.

11

12                      *Robert J Bryan*

                   ROBERT J BRYAN

13                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 4

# EXHIBIT 7

# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

RECEIVED

SEP 2 8 2009

OGDEN MURPHY WALLACE, PLLC

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:           [202] 502-2888
http://www.jpml.uscourts.gov

September 23, 2009

Brian F. Ladenburg, Esq.
BERGMAN DRAPER & FROCKT PLLC
614 First Avenue
4th Floor
Seattle, WA 98104

Re:  MDL No. 875 -- IN RE: Asbestos Products Liability Litigation (No. VI)

      Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al., W.D. Washington, C.A. No. 3:09-5385
         (Judge Robert J. Bryan)

Motion and Brief Due on or before:  **October 8, 2009**

Dear Mr. Ladenburg:

    We have received and filed your Notice of Opposition to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings. In accordance with Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel. You must adhere to the following filing requirements:

1)     **Your Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed above. An ORIGINAL and FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in Adobe Acrobat (PDF) format, are currently required for filing. **Fax transmission of your motion and brief will not be accepted.** See Panel Rule 5.12(d). **Counsel filing oppositions in more than one action are encouraged to consider filing a single motion and brief with an attached schedule of actions.**

2)     **Papers must be served on the enclosed Involved Counsel List. Please attach a copy of this list to your certificate of service.** (Counsel who have subsequently made appearances in your action should be added to your certificate of service).

3)     **Rule 5.3 corporate disclosure statements are due within 11 days of the filing of the motion to vacate.**

4)     **Failure to file and serve the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted.**

- 2 -

Any recent official change in the status of a referenced matter should be brought to the attention of the clerk's office as soon as possible by facsimile at (202) 502-2888.  Your cooperation would be appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Jakeia Mells_
Jakeia Mells
Deputy Clerk

Enclosure

cc:   Involved Counsel List
      Transferee Judge:  Judge Eduardo C. Robreno
      Transferor Judge:  Judge Robert J. Bryan

JPML Form 37

Page 1 of 3

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                          MDL No. 875

### INVOLVED COUNSEL LIST (Excerpted from CTO-326)

Jacob Edward Fischer v. Saberhagen Holdings, Inc., et al., W.D. Washington, C.A. No. 3:09-5385
(Judge Robert J. Bryan)

Peter G. Angelos
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Walter E. Barton
KARR TUTTLE & CAMPBELL
1201 3rd Avenue
Suite 2900
Seattle, WA 98101-3028

Kevin C. Baumgardner
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE
1001 4th Avenue
Suite 3900
Seattle, WA 98154-1051

Janet W. Black
WARD BLACK PA
208 West Wendover Avenue
Greensboro, NC 27401-1307

Russell W. Budd
BARON & BUDD PC
3102 Oaklawn Avenue
Suite 1100
Dallas, TX 75219

John D. Cooney
COONEY & CONWAY
120 North LaSalle Street
Suite 3000
Chicago, IL 60602-2415

David S. Frockt
LAW OFFICES OF MATTHEW BERGMAN
17530 Vashon Highway SW
P.O. Box 2010
Vashon, WA 98070

Richard G. Gawlowski
WILSON SMITH COCHRAN & DICKERSON
1215 4th Avenue
Suite 1700
Seattle, WA 98161-1007

Elizabeth Anne K. Hiller
KNOTT & GLAZIER
601 S. Figueroa Street
Suite 4200
Los Angeles, CA 90017

Kevin M. Jordan
BAKER BOTTS LLP
910 Louisiana
One Shell Plaza
Houston, TX 77002-4995

Paul Kalish
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

Steven Kazan
KAZAN MCCLAIN ABRAMS
FERNANDEZ ET AL
171 Twelfth Street
Third Floor
Oakland, CA 94607

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-326) (Continued)**

Peter A. Kraus
WATERS & KRAUS LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Brian F. Ladenburg
BERGMAN & FROCKT
614 First Avenue
4th Floor
Seattle, WA 98104

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

William F. Mahoney
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
233 South Wacker Drive
Suite 5500
Chicago, IL 60606

Robert C. Malaby
MALABY & BRADLEY
150 Broadway
Suite 600
New York, NY 10038

John P. McShea
MCSHEA TECCE PC
Mellon Bank Center
1717 Arch Street
28th Floor
Philadelphia, PA 19103

Philip McWeeny
SCHIFF HARDIN LLP
One Market Plaza
32nd Floor
Spear Street Tower
San Francisco, CA 94105

Thomas A. Packer
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111

Kenneth E. Petty
WILLIAMS KASTNER PLLC
601 Union Street
Suite 4100
P.O. Box 21926
Seattle, WA 98111

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29464

Aaron P. Riensche
OGDEN MURPHY & WALLACE
1601 5th Avenue
Suite 2100
Seattle, WA 98101

Michael P. Thornton
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110

Timothy Kost Thorson
CARNEY BADLEY SPELLMAN
701 Fifth Avenue
Suite 3600
Seattle, WA 98104-7010

**MDL No. 875 - Involved Counsel List (Excerpted from CTO-326) (Continued)**

Sarah E. Tilstra
CORR CRONIN MICHELSON BAUMGARDNER & PREECE
1001 4th Avenue
Ste. 3900
Seattle, WA 98154-1051

Mark B. Tuvim
GORDON & REES
701 Fifth Ave.
2130
Seattle, WA 98104

Walter G. Watkins, Jr.
FORMAN PERRY WATKINS KRUTZ & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

Brian Weinstein
SCHROETER GOLDMARK & BENDER
Central Building
810 Third Avenue
Suite 500
Seattle, WA 98104

# EXHIBIT 8

**Carole S. Henry**

| | |
|---|---|
| **From:** | Diana Linde [Diana@bergmanlegal.com] |
| **Sent:** | Friday, October 09, 2009 3:24 PM |
| **To:** | Robert G. Andre |
| **Subject:** | Fischer v. Saberhagen Holdings, Inc., et al. |
| **Attachments:** | FischerJ_PLD_Motion to Vacate Conditional Transfer Order.pdf; FischerJ_PLD_Motion to Vacate Conditional Transfer Order_DOS.pdf |

Dear Robert:

Enclosed please find our Motion to Vacate Conditional Transfer Order in the *Fischer* matter.  Hard copies will be delivered via US Mail and ABC Legal Messenger (this afternoon).  Please do not hesitate to contact us should you have any questions or concerns.

**Diana Linde**
Paralegal

**Bergman Draper & Frockt**
614 1st Ave, 3rd Floor
Seattle, WA 98104
P: (206) 957-9510
F: (206) 957-9549

www.bergmanlegal.com

Confidential Communication/Attorney-Client Privileged. This e-mail is sent by a law firm and may contain information that is PRIVILEGED or CONFIDENTIAL. If you are not the intended recipient, please delete the e-mail and any attachments and notify our office immediately. Thank you.