MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 29 2009

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN MADDEN,

    Plaintiff,

v.

A.H. VOSS COMPANY, et al.,

    Defendants.

No. C 09-03786 JSW

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND AND (2) DENYING MOTION TO STAY AS MOOT**

    Now before the Court are the motions to remand and to stay this action pending a ruling on a motion to transfer the action by the Judicial Panel on Multidistrict Litigation ("MDL"). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for October 23, 2009 is VACATED. Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court GRANTS the motion to remand and DENIES AS MOOT the motion to stay.

**BACKGROUND**

    On June 30, 2009, Plaintiff John Madden ("Plaintiff") filed this action in San Francisco Superior Court. On August 18, 2009, Plaintiff filed, in state court, a declaration by David R. Donadio in which he states that "Plaintiff's claims against defendant LESLIE CONTROLS, INC. exclude plaintiff's asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels." (Declaration of Richard M. Grant ("Grant Decl."), Ex. A.) On the

MDL- 875 VAC CTU & NO
RECOMMENDED ACTION

Approved/Date: RN  10/29/09

OFFICIAL FILE COPY

IMAGED OCT 29 2009

same date, Plaintiff also filed a request for dismissal in state court "[a]s to LESLIE CONTROLS, INC, only for claims in plaintiff's Complaint at military and federal government jobsites and aboard U.S. Navy vessels." (*Id.*, Ex. B.)

On August 18, 2009, Defendant Leslie Controls, Inc. ("Leslie Controls") removed this matter on the grounds that Plaintiff's alleged occupational exposure to asbestos occurred aboard various United States Naval ships, and that Leslie Controls, in its manufacture and sale of equipment for the United States Navy, was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

Plaintiff now moves to remand this action and Leslie Controls moves to stay this action pending a ruling on a motion to transfer the action by the MDL. Both parties argue that the Court should address their motion first.

## ANALYSIS

"Generally, jurisdiction is a preliminary matter that should be resolved before all others." *Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, *2 (E.D.Cal. Jan. 27, 2006); *see also Villarreal v. Chrysler Corp.,*, 1996 WL 116832, at *1 (N.D.Cal. Mar.12, 1996) ("Judicial economy will best be served by addressing the remand issue [before a party's motion to stay] because a determination on this issue will facilitate litigation in the appropriate forum."). However, some courts have held that "the calculus changes somewhat when deference to a MDL court will further 'the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Leeson*, 2006 WL 3230047, *2 (quoting *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D.Cal.2004)). "In deciding whether to rule on the motion to remand, courts consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court." *Conroy*, 325 F. 2d 1053. Here, Leslie Controls has not even argued, let alone submitted any evidence to demonstrate, that the pending motion to remand has raised issues that are likely to arise in other actions even if the MDL grants the motion to transfer. Therefore, the Court will address the motion to remand first.

2

A.  **Legal Standards Relevant to Removal.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Generally, the removal statute is strictly construed against removal and any doubt as to the right of removal should be resolved in favor of remand. *Gaus*, 980 F.2d at 566. However, that is not the case concerning the federal officer removal statute. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that, because it is important to the federal government to protect federal officers, removal rights under 28 U.S.C. § 1442 are much broader than those under § 1441). Section 1442 is interpreted broadly in favor of removal. *Id.*

B.  **Plaintiff's Motion to Remand.**

Leslie Controls removed this matter pursuant to the federal officer removal statute. Under 28 U.S.C. § 1442(a)(1), "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove to federal court. Removal is proper if the moving party can (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable defense to the plaintiff's claims; and (3) demonstrate a causal nexus between the plaintiff's claims and acts it performed under color of federal office. *Fung v. Abex Corp*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992) (citing *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989)); *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (defense need only be colorable).

Leslie Controls claims that it is shielded from liability by military contractors immunity as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). In *Boyle*, the Court held that "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512. However, before Leslie Controls removed this matter, Plaintiff filed the following waiver in state court: "Plaintiff's claims against defendant LESLIE CONTROLS, INC. exclude plaintiff's asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels." Plaintiff also filed a request for dismissal in state court, requesting dismissal "As to LESLIE CONTROLS, INC., only for claims in plaintiff's complaint at military and federal government jobsites and abroad U.S. Navy vessels." (Grant Decl., Exs. A, B.) Courts have found similar disclaimers sufficient to eviscerate Leslie Controls' grounds for removal. *See Westbrook v. Asbestos Defendants*, 2001 WL 902642, *2-3 (N.D. Cal. July 31, 2001) (finding similar disclaimer waiving claims arising out of work done on federal jobsites and vessels sufficient to warrant remand); *Dobrocke v. Allis-Chalmers Corp. Prod. Liability Trust*, Case No. C 09-01456 CW (N.D. Cal. May 26, 2009) (attached as Exhibit F to Plaintiff's Motion to Remand).

The cases cited to by Leslie Controls in which the courts held that waivers were not sufficient to warrant remand are distinguishable. In those cases, the plaintiffs only waived federal claims, but still intended to bring state law failure to warn claims against the military contractors. *O'Connell v. Fosterwheeler Energy Corp.*, 544 F. Supp. 2d 51 (D. Mass. 2008); *Ballenger v. Agco Corp.*, 2007 U.S. Dist. LEXIS 47042, *4 (N.D. Cal. June 22, 2007) (distinguishing *Westbrook* because plaintiffs did not disclaim in writing any claims arising out of work done on U.S. Navy vessels); (*Jenkins v. Allied Packing & Supply, Inc.*, Case No. 09-cv-0101 DMS (LSP) (S.D. Cal. March 25, 2009) (attached as Exhibit F to Leslie Controls' Opposition); *Oberstar v. CBS Corp.*, CV 08-118 PA (JWJx) (C.D. Cal. Feb. 11, 2008) (attached as Exhibit G to Leslie Controls' Opposition); *Nelson v. Alfa Laval, Inc.*, CV 07-8338 VBF

(Rcx) (C.D. Cal. Feb. 8, 2008) (attached as Exhibit H to Leslie Controls' Opposition); *Wright v. A.W. Chesterton Co. Inc.*, Case No. C07-05403 MJJ (N.D. Cal. Feb. 21, 2008) (attached as Exhibit I to Leslie Controls' Opposition); *Reaser v. Allis Chambers Corp.*, CV 08-1296 SVW (Ssx) (C.D. Cal. June 23, 2008) (attached as Exhibit J to Leslie Controls' Opposition). In those cases, the waivers or disclaimers at issue were not as broad as the waiver filed by Plaintiff in this matter. The Court thus finds that these authorities are inapposite.

Leslie Controls argues that Plaintiff's waiver was not effective. However, as the court held in *Westbrook*, this Court "sees no reason not to hold plaintiff[] to [his] waiver of claims arising out of work done on federal jobsites and vessels" against Leslie Controls. *See Westbrook*, 2001 WL 902642, *3. If Plaintiff subsequently attempts to bring such claims against Leslie Controls, and is allowed to by the state court despite Plaintiff's waiver and dismissal, Leslie Controls can remove this matter at that time. Accordingly, the Court GRANTS Plaintiff's motion to remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED and this matter shall be remanded to the Superior Court for the City and County of San Francisco. Because this Court is remanding the case, Leslie Controls' motion to stay is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: October 21, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE